JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

*Additional Moving Defendants and Counsel Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| This Document Relates to: | Case No. Master File No. 3:07-cv-05944-SC |
| *Office Depot Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276 | MDL NO. 1917 |
| *Interbond Corporation of America d/b/a BrandsMart USA v. Hitachi, Ltd., et al.*, No. 11-cv-06275 | **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON STATE LAW CLAIMS LIMITED TO INTRASTATE ACTIVITY** |
| *Office Depot, Inc. v. Technicolor, et al.*, No. 13-cv-05726 | |
| *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727 | Judge:  Hon. Samuel Conti<br>Date:   February 6, 2015<br>Time:   10:00 a.m.<br>Ctrm:   1, 17th Floor |

**QUESTION PRESENTED**[1]

Whether Office Depot and Interbond's (collectively, Plaintiffs') Florida claims based on indirect purchases are barred where the applicable Florida law only applies to anticompetitive conduct that occurred *within* Florida and Plaintiffs fail to offer any evidence of such conduct?

**INTRODUCTION**

The Court should grant summary judgment on Plaintiffs' Florida state law claims because Plaintiffs cannot identify the intrastate conduct required to pursue their allegations. *See* Fla. Stat. § 501.212. In their opposition, Plaintiffs do not dispute that they fail to identify *any* anticompetitive conduct that took place within Florida. *See* Opp. at 6 (Dkt. No. 3252). Instead, Plaintiffs argue that their indirect purchases of finished products containing CRTs within Florida satisfies any in-state conduct requirement. This position runs afoul of the considerable in-state and on-point authorities presented in Defendants' motion. *See, e.g.*, *Millennium Commc'ns & Fulfillment, Inc. v. Office of Att'y Gen.*, 761 So. 2d 1256, 1262-63 (Fla. Dist. Ct. App. 2000) (holding that the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") applies to unlawful conduct occurring *within* Florida); *Five for Entm't S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1330-31 (S.D. Fla. 2012) (same); *Beaver v. Inkmart, LLC*, No. 12-60028, 2012 WL 4005970, at *3 (S.D. Fla. Sept. 12, 2012) (same); *Carnival Corp. v. Rolls-Royce PLC*, No. 08-23318-CIV, 2009 WL 3861450, at *6 (S.D. Fla. Nov. 17, 2009) (same).

Unable to contradict these authorities, Plaintiffs attempt to confuse the issue by citing to a Florida Supreme Court decision related to personal jurisdiction. *See* Opp. at 1 (citing *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582 (Fla. 2000)). This authority is inapposite, however, where Defendants' motion does not contest personal jurisdiction. The issue here—which was not considered much less ruled upon in *Execu-Tech*—is whether anticompetitive

---

[1] The present motion now relates exclusively to the Florida state law claims alleged by Office Depot, Inc. ("Office Depot") and Interbond Corporation of America d/b/a Brandsmart USA ("Interbond"). Although Kmart initially joined Plaintiffs' Opposition, Joinder at 1 (Dkt. No. 3255), Kmart has since stipulated to dismiss its state law claims. *See* Dkt. No. 3394. Likewise, the remaining DAPs at issue in the opening motion have entered stipulations to dismiss the state law claims addressed therein.

conduct *within* Florida is an element of these states' respective consumer protection laws.  Florida courts have already answered this question in the affirmative and this Court should do the same.

Plaintiffs' failure to identify any anticompetitive conduct within Florida precludes them from pursuing claims under these states' law and summary judgment with respect to these claims therefore should be granted in Defendants' favor.

## ARGUMENT

### I. *Execu-Tech* Is a Personal Jurisdiction Decision with No Bearing on the Present Motion

Plaintiffs present the Florida Supreme Court's decision in *Execu-Tech* as a silver bullet precluding summary judgment.  But *Execu-Tech*—which pre-dates each of the Florida authorities cited in Defendants' motion—concerns personal jurisdiction, not the elements required to state a Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim.  As a result, *Execu-Tech's* holding is neither relevant nor controlling here.

In *Execu-Tech*, a foreign paper manufacturer, New Oji, argued that the court lacked personal jurisdiction over it because New Oji did not maintain an office or any other business presence in Florida.  *See Execu-Tech*, 752 So. 2d at 584.  The Florida Supreme Court disagreed and adopted a broad "steam of commerce" position that Florida could exercise jurisdiction over New Oji because it had placed its paper product into a steam of commerce with the deliberate intention that it would be sold at inflated prices throughout the United States, including in Florida. *See id*. at 585.  Thus, *Execu-Tech* held that Florida's long arm statute permitted an action against New Oji.  *Id*. at 586.  *See also Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 205 F. Supp. 2d 1335, 1346 (S.D. Fla. 2002) (analyzing whether jurisdiction could be asserted over a foreign defendant) (cited Opp. at 5).  Notably, the Florida Supreme Court certified only the narrow question before it and was not asked to, nor did it, consider the elements of FDUTPA.  *See Execu-Tech*, 752 So. 2d at 583-84.

Defendants' motion does not contest jurisdiction with respect to the application of FDUTPA in the Office Depot and Interbond cases.  Accordingly, *Execu-Tech*'s holding that a

Florida court may exercise jurisdiction over a foreign defendant has no bearing on the present motion.

## II. Summary Judgment Should Be Granted Because Plaintiffs Fail to Satisfy the Intrastate Conduct Element of Florida's Consumer Protection Laws

While Plaintiffs' claims may not offend Florida's long-arm statute, they nevertheless must fail because Plaintiffs cannot satisfy the elements of the Florida state law claims they have alleged. Florida's law require a plaintiff to identify unlawful conduct *within* Florida—a mandate that Plaintiffs have conceded they cannot satisfy.

State and federal courts in Florida agree that "the provisions of FDUTPA are applicable to **offending conduct occurring inside Florida**[.]" *Millennium Commc'ns*, 761 So. 2d at 1262-63 (emphasis added). *See also id*. at 1262 (FDUTPA "prohibit[s] unfair, deceptive and/or unconscionable practices which have transpired **within the territorial boundaries of [Florida]**.") (emphasis added); *Five for Entm't S.A.*, 877 F. Supp. 2d at 1330 ("FDUTPA applies only to actions that occurred within the state of Florida."); *Beaver, LLC*, 2012 WL 4005970, at *3 (dismissing FDUTPA claims "[b]ecause none of the alleged misconduct occurred within Florida") (internal quotation marks and citation omitted); *Carnival Corp.*, 2009 WL 3861450, at *6 (noting that "FDUTPA applies only to action that occurred within the state of Florida" and dismissing claims based on actions that occurred outside of Florida). The Florida Jurisprudence treatise likewise concludes that "Florida Deceptive and Unfair Trade Practices Act (FDUTPA) applies only to actions that occurred within the state of Florida." 10A Florida Jurisprudence § 165 (2d Ed. 2014).

Plaintiffs offer no response to these authorities except to contend that *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 SI, 2014 WL 2905131 (N.D. Cal. June 26, 2014), reached a contrary conclusion and that *Millennium* is distinguishable. The *LCD* decision did not address or distinguish the Florida authorities cited here. *See id*. at *3. This Court should do so, consistent with the Ninth Circuit's instruction that federal courts "must predict how [the highest state court] would decide the issue [of state law] using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises and restatements for guidance." *Sinibaldi v.*

*Redbox Automated Retail, LLC*, 754 F.3d 703, 706 (9th Cir. 2014) (citation omitted); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 378 (9th Cir. 1998) ("[T]his Court's duty is to ascertain and apply the existing [state] law, not to predict that [the State] may change its law and then to apply [its] notion of what that change might or ought to be.") (internal quotation marks omitted).

In this case, a Florida appellate decision—since followed by at least three federal courts—leaves no question that a FDUTPA claim requires a plaintiff to identify allegedly unlawful conduct that occurred *within* Florida. The Florida Court of Appeals in *Millennium* concluded that that "the provisions of FDUTPA are applicable to **offending conduct occurring inside Florida**[.]" *Millennium Commc'ns*, 761 So. 2d at 1262-63 (emphasis added). *Millennium* involved an allegedly fraudulent credit card program where the defendants sent deceptive communications from Florida to consumers in other states. Contrary to Plaintiffs' reading,[2] *Millennium* determined that the defendants' conduct satisfied FDUTPA's geographic requirement precisely because "the allegations in [*Millennium*] reflect that the offending conduct occurred entirely within . . . this state [*i.e.*, Florida]." *Id.* at 1262. The court emphasized that the location of the plaintiffs' alleged harms—which occurred entirely outside of Florida—was irrelevant. *Id*. The necessary geographic inquiry under FDUTPA concerns where the allegedly unlawful acts, and not their effects, take place. *Id*. (finding that FDUTPA may be applied "even where those persons affected by the conduct reside outside of the state").

Applying *Millennium*'s analysis to the present case reveals that Plaintiffs attempt to invert the necessary inquiry. Plaintiffs emphasize the location of their alleged harms and ignore that the

---

[2] Plaintiffs' Opposition states, "Because '*Millennium* is a Florida corporation which is licensed by a Nevada company . . . to advertise and promote . . . in all states except Florida. . . ,' the appellate-level court reversed a temporary injunction issued in relation to FDUTPA claims, noting that there were no allegations that the defendant had 'marketed its products to Florida residents or that any Florida consumers had been injured or affected by its alleged activities.'" Opp. at 4 (emphasis omitted) (quoting *Millennium*). These quotes—which appear pages apart in the decision—are unrelated to the *Millennium* court's decision to reverse the temporary injunction. In fact, *Millennium* reversed the temporary injunction because it found that the communications at issue were not deceptive. *See Millennium Commc'ns*, 761 So. 2d at 1264 ("[W]e can discern nothing from the language contained on the postcard which would [be] likely to mislead a consumer. . . .").

1  record is devoid of any evidence that the allegedly unlawful conduct occurred in Florida.

2  *Millennium* rejected this approach and held that the proper inquiry under FDUTPA is not where

3  the alleged injury occurred, but where the allegedly unlawful conduct took place.  *Id*.  Since then,

4  courts in Florida have consistently held that FDUTPA claims may not proceed unless a plaintiff

5  has identified allegedly unlawful conduct that occurred *within* Florida.  *See Five for Entm't S.A.*,

6  877 F. Supp. 2d at 1330, 1331; *Beaver*, 2012 WL 4005970, at *3; *Carnival Corp.*, 2009 WL

7  3861450, at *6.  Thus, in this case the Court should look to the location of the allegedly unlawful

8  conduct—which Plaintiffs concede did not occur in Florida—not the site of Plaintiffs' alleged

9  injuries.

10        For all of these reasons, Plaintiffs cannot satisfy FDUTPA's intrastate conduct

11  requirement.  Accordingly, summary judgment should be granted in Defendants' favor on

12  Plaintiffs' Florida claims.

## CONCLUSION

14        For the foregoing reasons, Defendants respectively request that this Court award partial

15  summary judgment in favor of Defendants with respect to the following claims:

16  1.  Office Depot's Second Claim for Relief under Florida state law; and

17  2.  Interbond's Second Claim for Relief under Florida state law.

19  Dated:  January 23, 2015       Respectfully submitted,

| | |
|---|---|
| 1 | |
| 2 | MUNGER, TOLLES & OLSON LLP |
| 3 | By: */s/ Hojoon Hwang* |
| 4 | JEROME C. ROTH (State Bar No. 159483)<br>jerome.roth@mto.com |
| 5 | HOJOON HWANG (State Bar No. 184950)<br>hojoon.hwang@mto.com |
| 6 | MIRIAM KIM (State Bar No. 238230)<br>miriam.kim@mto.com |
| 7 | **MUNGER, TOLLES & OLSON LLP**<br>560 Mission Street, Twenty-Seventh Floor |
| 8 | San Francisco, California 94105-2907<br>Telephone: (415) 512-4000 |
| 9 | Facsimile: (415) 512-4077 |
| 10 | WILLIAM D. TEMKO (SBN 098858)<br>William.Temko@mto.com |
| 11 | **MUNGER, TOLLES & OLSON LLP**<br>355 South Grand Avenue, Thirty-Fifth Floor |
| 12 | Los Angeles, CA 90071-1560<br>Telephone: (213) 683-9100 |
| 13 | Facsimile: (213) 687-3702 |
| 14 | *Attorneys for Defendant LG Electronics, Inc.* |
| 15 | WINSTON & STRAWN LLP |
| 16 | By: */s/ Jeffrey L. Kessler* |
| 17 | JEFFREY L. KESSLER (*pro hac vice*)<br>JKessler@winston.com |
| 18 | A. PAUL VICTOR (*pro hac vice*)<br>PVictor@winston.com |
| 19 | ALDO A. BADINI (SBN 257086)<br>ABadini@winston.com |
| 20 | EVA W. COLE (*pro hac vice*)<br>EWCole@winston.com |
| 21 | MOLLY M. DONOVAN<br>MMDonovan@winston.com |
| 22 | **WINSTON & STRAWN LLP**<br>200 Park Avenue |
| 23 | New York, NY 10166<br>Telephone: (212) 294-6700 |
| 24 | Facsimile: (212) 294-4700 |
| 25 | STEVEN A. REISS (*pro hac vice*)<br>steven.reiss@weil.com |
| 26 | DAVID L. YOHAI (*pro hac vice*)<br>david.yohai@weil.com |
| 27 | ADAM C. HEMLOCK (*pro hac vice*)<br>adam.hemlock@weil.com |
| 28 | **WEIL, GOTSHAL & MANGES LLP**<br>767 Fifth Avenue |

New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), MT Picture Display Co., Ltd.*


KIRKLAND & ELLIS LLP

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*


SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947


*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia)*

*SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*


By: */s/ John M. Taladay*
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation*


FAEGRE BAKER DANIELS LLP

By: */s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203

- 8 -    3:07-cv-05944-SC; MDL 1917
DEFENDANTS' REPLY IN SUPPORT OF SUMMARY JUDGMENT AGAINST CERTAIN
DIRECT ACTION PLAINTIFFS ON INTRASTATE CONDUCT GROUNDS

Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*
JOEL S. SANDERS (SBN 107234)
jsanders@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
AUSTIN V. SCHWING (SBN 211696)
aschwing@gig@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, California 94105
Tel: (415) 393-8200
Fax: (415) 393-8306

*Attorneys for Defendant Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

SQUIRE PATTON BOGGS (US) LLP

By:  */s/ Nathan Lane, III*
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
E-mail:  nathan.lane@squiresanders.com
E-mail:  mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: /s/ *Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC*