DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
LARA E. VEBLEN TRAGER (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: adam.hemlock@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master Case No.: 3:07-cv-05944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO DAPS' ALLEGED DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO**<br><br>Date: February 6, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th Floor<br>Judge: Hon. Samuel Conti |

1

2

**TABLE OF CONTENTS**

3

**Page**

4

PRELIMINARY STATEMENT.................................................................................................1

I.      ARGUMENT .............................................................................................................2

        a.      The Ownership Or Control Exception Requires That There Be Ownership Or Control During The Conspiracy Period .............................................................2

        b.      *Royal Printing* And *Freeman* Merely Applied The Ownership/Control Exception, And Did Not Create An Independent "Likelihood Of Suit" Exception...........................................................................................................5

        c.      There Is No Risk Of Closing Off Private Enforcement Of The Antitrust Laws ....................................................................................................................8

II.     CONCLUSION ..........................................................................................................8

DEFS.' REPLY ISO MOT. FOR P. SUMM. J. ON DAPS' ALLEGED           MDL No. 1917
DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO     Master No. 3:07-cv-05944-SC

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5
*In re ATM Fee Antitrust Litig.*,
   686 F.3d 741 (9th Cir. 2012)............................................................................. 1, 7

6

*Costco Wholesale Corp. v. AU Optronics Corp.*,
7
   C13-1207RAJ, 2014 WL 4540068 (W.D. Wash. Sept. 11, 2014)........................................ 5

8
*Delaware Valley Surgical Supply Inc. v. Johnson & Johnson*,
   523 F.3d 1116 (9th Cir. 2008)........................................................................ 4, 7, 8
9

*Freeman v. San Diego Ass'n of Realtors*,
10
   322 F.3d 1133 (9th Cir. 2003) ............................................................... 1, 4, 5, 7, 8

11
*Illinois Brick Co. v. Illinois*,
12
   431 U.S. 720 (1977) ................................................................................. 1, 2, 3, 6, 7

13
*Kansas v. Utilicorp United, Inc.*,
   497 U.S. 199 (1990) ...................................................................................... 1, 2, 3, 6
14

*In re Mercedes-Benz Antitrust Litig.*,
15
   225 F.R.D. 498 (D.N.J. 2005) .............................................................................. 5

16
*Royal Printing Co. v. Kimberly Clark Corp.*,
17
   621 F.2d 323 (9th Cir. 1980)................................................................................ 6, 8

18
*Sun Microsystems, Inc. v. Hynix Semiconductor Inc.*,
   608 F. Supp. 2d 1166 (N.D. Cal 2009) ........................................................... 3, 4, 5
19

20
*In re TFT-LCD*,
   No. 11-0058, 2012 WL 7062366 (N.D. Cal. Dec. 26, 2012)..................................... 5

21

**Other Authorities**

22

2A Phillip E. Areeda et al., *Antitrust Law* ¶ 346h.......................................................... 7

23

24

25

26

27

28

DEFS.' REPLY ISO MOT. FOR P. SUMM. J. ON DAPS' ALLEGED                    MDL No. 1917
DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO        Master No. 3:07-cv-05944-SC

ii

**PRELIMINARY STATEMENT**

The Plaintiffs are asking this court to apply the ownership or control exception where no court has applied it before, and in a manner directly contrary to Supreme Court precedent.  There was no ownership between Panasonic and Sanyo at any time during the alleged CRT conspiracy, and for a substantial period of time thereafter.  However, the Supreme Court in *Illinois Brick* and *Utilicorp* made clear that the ownership or control exception applies only when market forces between the conspirator and direct purchaser were superseded *during the conspiracy period*, i.e., when there is no danger of duplicative recoveries and evidentiary complexities in determining overcharge pass-through between the manufacturer and direct purchasers.  *Illinois Brick* held that one situation where market forces may be superseded is when there is an ownership or control relationship between the conspirator and direct purchaser.  However, unless that ownership or control relationship existed during the conspiracy, market forces could not have been superseded, and the dangers of duplicative recoveries and calculating pass-through remain.  Application of the exception here would be unprecedented and inappropriate in light of the reasoning in *Illinois Brick* and *Utilicorp*.

Even in the cases upon which Plaintiffs rely so heavily, *Royal Printing* and *Freeman*, there was complete ownership between the conspirator and the direct purchaser during the conspiracy period, and thus the dangers of duplicative recovery and evidentiary complexity were absent.  Indeed, in *Royal Printing*, the Ninth Circuit expressly relied on the existence of ownership during the conspiracy period and the Supreme Court's concerns about duplicative recoveries and evidentiary complexities in determining pass-through.  The Plaintiffs claim that *Freeman* created a "likelihood of suit" exception to *Illinois Brick*, but the Ninth Circuit clearly stated in *ATM Fee* that "standing existed in *Freeman* based on the control or co-conspirator exceptions."  *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 749 (9th Cir. 2012).  Even if there

were an independent "likelihood of suit" exception, it would not apply here where Sanyo had *two years* after notice of its potential claims to bring an action.  There is also no concern here about Defendants escaping liability for any alleged overcharges in light of the fact that Defendants have been defending against the claims of two purchaser classes and eleven direct purchaser cases.  For these reasons and others, Defendants' motion for summary judgment should be granted.

## I.   ARGUMENT

### a.   The Ownership Or Control Exception Requires That There Be Ownership Or Control During The Conspiracy Period

Plaintiffs state that Defendants now  seek to impose a time limitation on the ownership or control exception to *Illinois Brick.*  Opp'n 1.  This is not correct—the limitation was imposed by the Supreme Court in *Illinois Brick* and *Utilicorp*, and Ninth Circuit decisions have been consistent.  The *Illinois Brick* direct purchaser rule is predicated on the Supreme Court's concerns about multiple liability for defendants and the evidentiary complexities of tracing damages from the direct to the indirect purchaser.  "Permitting the use of pass-on theories under s 4 essentially would transform treble-damages actions into massive efforts to apportion the recovery among all potential plaintiffs that could have absorbed part of the overcharge from direct purchasers to middlemen to ultimate consumers."  *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 737 (1977).  If the concerns about multiple liability and evidentiary complexities of pass-through are present, then *Illinois Brick* requires that the direct purchaser rule be applied and indirect purchasers are barred from recovery.

The Supreme Court established only two narrow exceptions to the direct purchaser rule when it found that potential duplicative recovery and evidentiary complexities would not arise: when there is a preexisting cost plus sales arrangement, and when there is an ownership or control relationship between the conspirator and the direct purchaser.  *Id*. at 736 & n.16.  The Court reasoned that, in these instances, market forces have been superseded in the sales between the

conspirator and direct purchaser. *Id.* In particular, the ownership or control exception applies only to relationships "involving such functional economic or other unity between the direct purchaser and either the defendant or the indirect purchaser that *there effectively has been only one sale*." *Sun Microsystems, Inc. v. Hynix Semiconductor Inc.*, 608 F. Supp. 2d 1166, 1180 (N.D. Cal 2009) (emphasis added). Here, where Panasonic did not own Sanyo during the conspiracy period, market forces were not (and could not have been) superseded at all, and therefore all the complexities and evidentiary challenges underlying the direct purchaser rule are present. *Illinois Brick* dictates that the direct purchaser rule must apply here, and neither of the exceptions articulated by the Supreme Court are applicable.

In *Kansas v. Utilicorp United, Inc.*, the Supreme Court refused to expand the exceptions, finding that even though the problems of multiple liability and evidentiary complexities may be diminished in a particular case, "the need to inquire into the precise operation of market forces would negate the simplicity and certainty . . . ." 497 U.S. 199, 218 (1990). The Court warned against carving out any new exceptions to the direct purchaser rule, even where application of the rule would not further its goals:

> [E]ven assuming that any economic assumptions underlying the *Illinois Brick* rule might be disproved in a specific case, we think it an unwanted and counterproductive exercise to litigate a series of exceptions.

*Id.* at 217. Even under the facts of *Utilicorp*, where 100% of the overcharge may have been passed on to the indirect purchasers, the Supreme Court found it "inconsistent with precedent and imprudent in any event to create an exception . . . ." *Id.* at 208.

The Ninth Circuit has applied the ownership or control exception only when market forces between the conspirator and direct purchaser were suspended during the conspiracy period. Critically, Plaintiffs do not—and cannot—point to a single Ninth Circuit case holding that the ownership or control exception was met on facts where there was no ownership relationship

during the conspiracy period.  In *Royal Printing*, the exception was applied by the Ninth Circuit where the conspirators owned wholesaling divisions/subsidiaries during the conspiracy. Similarly, in *Freeman*, the alleged conspirators owned and controlled the direct purchaser from its creation and throughout the conspiracy period.  In each of these cases, the concerns about duplicative recovery and evidentiary complexities were absent, unlike the instant case.

In *Delaware Valley Surgical Supply Inc. v. Johnson & Johnson*, plaintiffs were purchasers of medical supplies manufactured by defendant Johnson & Johnson.  523 F.3d 1116, 1118 (9th Cir. 2008).  One of the plaintiffs purchased its products from an independent distributor, not owned or controlled by Johnson & Johnson.  *Id*.  Plaintiffs argued that the unique dynamics of hospitals' purchasing through General Purchasing Organizations (GPOs) meant that plaintiff was better positioned than the independent distributor to enforce the antitrust laws, but the court held that *Illinois Brick's* "firm rule does not provide us the leeway to make a policy determination on a case-by-case basis" and was not convinced that the plaintiffs' new exception would eliminate the problems of multiple liability and evidentiary complexities.  *Id*. at 1124.  Complexities existed because the independent distributor was "not a completely irrelevant economic actor in [the] contractual framework" and thus market forces were still at play.  *Id*.

In *Sun Microsystems*, the Northern District reiterated that the ownership or control exception encompasses relationships "involving such functional economic or other unity between the direct purchaser and either the defendant or the indirect purchaser that there effectively has been only one sale."  *Sun Microsystems, Inc.*, 608 F. Supp. 2d at 1180.  Plaintiffs here argue that this language does not require that the unity exist during the conspiracy period, but the court analyzes the ownership/control relationships *in connection with and at the time of the relevant sales*.  The *Sun Microsystems* court considered the "narrower issue whether sufficient control is exercised in connection with *the actual procurement*" of the relevant product, and highlighted that the plaintiff had failed to establish a material dispute of fact as to application of the

ownership or control exception to *Illinois Brick* because the "present case is characterized by a relationship in which traditional market forces remain in play" and governed plaintiffs' payments for the relevant products.  *Id*. at 1180-82 (emphasis added).

In *In re TFT-LCD*, Costco provided evidence of Panasonic's ownership of alleged co-conspirators *both during and after the conspiracy period*, and the court found that evidence sufficient to create a genuine issue of material fact.  *In re TFT-LCD*, No. 11-0058, 2012 WL 7062366, at *5 (N.D. Cal. Dec. 26, 2012).  Finally, although Plaintiffs attempt to minimize the importance of timing, in *Costco* the court recognized that "the timing of control is surely relevant . . . ." *Costco Wholesale Corp. v. AU Optronics Corp.*, C13-1207RAJ, 2014 WL 4540068, at *21 (W.D. Wash. Sept. 11, 2014).[1]

> **b.  Royal Printing And Freeman Merely Applied The Ownership/Control Exception, And Did Not Create An Independent "Likelihood Of Suit" Exception**

Since Plaintiffs cannot meet the requirements of the ownership or control exception to the *Illinois Brick* rule, they endeavor to create and rely exclusively on a non-existent "realistic possibility of suit" exception.  However, Plaintiffs' reliance on *Royal Printing*'s and *Freeman*'s "likelihood of suit" language is misplaced because the Supreme Court has not endorsed any "likelihood of suit" exception, and does not permit exceptions to the "bright line" direct purchaser rule even when the basis for the rule is not furthered in particular circumstances.

The Supreme Court's express method of encouraging private enforcement is to permit only the direct purchaser to recover the entire overcharge.  *Illinois Brick*, 431 U.S. at 746 ("[W]e

---

[1] The *Mercedes Benz* case, addressed at length in Plaintiffs' opposition brief, simply confirms that the ownership relationship *during the conspiracy period* is relevant to whether the ownership or control exception applies.  In determining whether to strike an affidavit in support of a motion for summary judgment on application of the ownership or control exception, the court held that the affidavit was "critical" specifically because it dealt with the relationship of two entities *during the class period*.  *In re Mercedes-Benz Antitrust Litig*., 225 F.R.D. 498, 503, 506-07 (D.N.J. 2005).

conclude that the legislative purpose in creating a group of 'private attorneys general' to enforce the antitrust laws under s 4 is better served by holding direct purchasers to be injured to the full extent of the overcharge . . . ."). (internal citation omitted). The Supreme Court held that by consolidating the potential recovery with only the direct purchaser, it would create the greatest incentive for the direct purchaser to bring claims against the conspirators. *Id.* at 745-46. Plaintiffs argue that the Supreme Court's policy is ineffective here, since Sanyo is now owned by Panasonic and thus is not likely to bring claims for its damages. However, the Supreme Court instructed lower courts not to depart from the rule even when the policies underlying *Illinois Brick* are not necessarily furthered by the rule's application: "the rationales underlying *Hanover Shoe* and *Illinois Brick* will not apply with equal force in all cases" because "[t]he possibility of allowing an exception, even in rather meritorious circumstances, would undermine the rule." *Utilicorp*, 497 U.S. at 216.

In *Royal Printing*, the Ninth Circuit expressly relied upon the principles cited by *Illinois Brick* and *Utilicorp* to find that the ownership or control exception was satisfied, and did not base its decision on any independent "likelihood of suit" exception:

> The role of "private attorneys general" in the antitrust field was restricted by Illinois Brick to direct purchasers, however, because of the twin rationales of danger of multiple liability and complexity of proof. Because Royal Printing's suit would involve neither that danger nor that complexity, we hold that Illinois Brick does not bar an indirect purchaser's suit where the direct purchaser is a division or subsidiary of a co-conspirator.

*Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 326 (9th Cir. 1980). In this regard, *Royal Printing* is consistent in holding that there can be no exception to the direct purchaser rule unless the "danger of multiple liability and complexity of proof" is absent. The danger is not absent here, where Panasonic sold CRT tubes to Sanyo during a period where there was *no* ownership relationship between Panasonic and Sanyo, and regular market forces applied to those sales. *Freeman* also did not create a new exception to the direct purchaser rule, and relied on the

control or co-conspirator exceptions.  *In re ATM Fee Antitrust Litig.*, 686 F.3d at 749 ("[W]e held that standing existed in *Freeman* based on the control or co-conspirator exceptions.") (internal citations omitted).  Notably, the "Supreme Court . . . has thus far been indifferent to the question whether the direct purchaser is likely to sue. . . ."  *Id*. at 749 n.3, 757 (citing 2A Phillip E. Areeda et al., *Antitrust Law* ¶ 346h).  The Ninth Circuit recently echoed the warning against creating new exceptions: "[t]he [Supreme Court's] firm rule does not provide us the leeway to make a policy determination on a case-by-case basis as to whether standing should be recognized."  *Delaware Valley*, 523 F.3d at 1124.

Finally, in this case the indirect purchaser was not restricted from filing a claim.  For two years after the filing of the first complaint in this case, Sanyo was entirely unaffiliated with Panasonic, and had every opportunity to file an action against the Defendants here.  Indeed, in November of 2007 a putative class of direct purchasers (as well as a class of indirect purchasers) filed suit against Panasonic and other defendants.  The fact that Sanyo independently chose not to pursue its claims is immaterial, because the Supreme Court stated in *Illinois Brick* that the bar on indirect purchaser recovery must be applied even when the direct purchaser chooses not to pursue its claims:

> We recognize that direct purchasers sometimes may refrain from bringing a treble-damages suit for fear of disrupting relations with their suppliers. But on balance, and until there are clear directions from Congress to the contrary, we conclude that the legislative purpose in creating a group of "private attorneys general" to enforce the antitrust laws under s 4 is better served by holding direct purchasers to be injured to the full extent of the overcharge paid by them than by attempting to apportion the overcharge among all that may have absorbed a part of it.

*Illinois Brick*, 431 U.S. at 746 (internal citations omitted); *see also Delaware Valley*, 523 F.3d at 1123 (finding that even though the direct purchaser may have had a diminished incentive in suing the conspiring manufacturer, "the [Supreme] Court closed the door on the theory that an end user

who buys from an independent distributor, other than the manufacturer, should have standing because it may be the most efficient enforcer of antitrust laws").

### c. There Is No Risk Of Closing Off Private Enforcement Of The Antitrust Laws

To the extent that Plaintiffs argue that *Royal Printing* and *Freeman* require consideration of the likelihood of suit by direct purchasers, it appears to be predicated on the concern that price-fixing defendants could otherwise escape private suits and liability. There is clearly no such concern here, where the Defendants have been sued by two classes of purchasers and eleven direct action purchasers of CRT tubes, televisions and monitors. Collectively, these Plaintiffs, along with several state governments, are claiming billions of dollars in damages, and are proceeding to trial in less than two months. There is simply no concern here that Defendants have somehow insulated themselves from the threat of private enforcement.

## II. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for summary judgment.


Dated:    January 23, 2015                     By:_____*/s/ Adam C. Hemlock*_____
                                               DAVID L. YOHAI (*pro hac vice*)
                                               E-mail: david.yohai@weil.com
                                               ADAM C. HEMLOCK (*pro hac vice*)
                                               E-mail: adam.hemlock@weil.com
                                               DAVID E. YOLKUT (*pro hac vice*)
                                               E-mail: david.yolkut@weil.com
                                               LARA E. VEBLEN TRAGER (*pro hac vice*)
                                               E-mail:  lara.trager@weil.com
                                               **WEIL, GOTSHAL & MANGES LLP**
                                               767 Fifth Avenue
                                               New York, New York 10153-0119
                                               Telephone:    (212) 310-8000
                                               Facsimile:    (212) 310-8007

                                               BAMBO OBARO (267683)
                                               E-mail: bambo.obaro@weil.com
                                               **WEIL, GOTSHAL & MANGES LLP**
                                               201 Redwood Shores Parkway

Redwood Shores, California 94065-1175
Telephone:      (650) 802-3000
Facsimile:      (650) 802-3100

JEFFREY L. KESSLER *(pro hac vice)*
E-mail:  jkessler@winston.com
A. PAUL VICTOR *(pro hac vice)*
E-mail: pvictor@winston.com
EVA W. COLE *(pro hac vice)*
E-mail: ewcole@winston.com
MOLLY M. DONOVAN *(pro hac vice)*
E-mail:  mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone:      (212) 294-6700
Facsimile:      (212) 294-7400

*Attorneys for Defendants Panasonic Corporation*
*of North America, MT Picture Display Co., Ltd.,*
*and Panasonic Corporation (f/k/a Matsushita*
*Electric Industrial Co., Ltd.)*

By: /s/ *Lucius B. Lau*
CHRISTOPHER M. CURRAN *(pro hac vice)*
Email: ccurran@whitecase.com
LUCIUS B. LAU *(pro hac vice)*
Email: alau@whitecase.com
DANA E. FOSTER *(pro hac vice)*
Email: defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and Toshiba America*
*Electronic Components, Inc.*

By:   /s/ *John M. Taladay*
JOHN M. TALADAY *(pro hac vice)*
john.taladay@bakerbotts.com
JOSEPH OSTOYICH *(pro hac vice)*
joseph.ostoyich@bakerbotts.com
ERIK T. KOONS *(pro hac vice)*
erik.koons@bakerbotts.com
CHARLES M. MALAISE *(pro hac vice)*

DEFS.' REPLY ISO MOT. FOR P. SUMM. J. ON DAPS' ALLEGED                    MDL No. 1917
DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO        Master No. 3:07-cv-05944-SC

9

charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V.*
*and Philips Electronics North America*
*Corporation*

By: */s/ Hojoon Hwang*
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.;*
*LG Electronics USA, Inc.; and LG Electronics*
*Taiwan Taipei Co., Ltd.*

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor

DEFS.' REPLY ISO MOT. FOR P. SUMM. J. ON DAPS' ALLEGED
DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO

MDL No. 1917
Master No. 3:07-cv-05944-SC

San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
KATE WHEATON (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi*
*Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi*
*Asia, Ltd., Hitachi America, Ltd., and Hitachi*
*Electronic Devices (USA), Inc.*

By: /s/ *Gary L. Halling*
GARY L. HALLING (SBN 66087)
Email: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
Email: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH, (SBN 203524)
Email: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947

*Attorneys for Defendants Samsung SDI America,*
*Inc.; Samsung SDI Co., Ltd.; Samsung SDI*
*(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.*
*DE C.V.; Samsung SDI Brasil Ltda.; Shenzen*
*Samsung SDI Co., Ltd. and Tianjin Samsung SDI*
*Co., Ltd.*

By: /s/ *Kathy L. Osborn*
KATHY L. OSBORN (*pro hac vice*)
Email: kathy.osborn@FaegreBD.com
RYAN M. HURLEY (*pro hac vice*)
Email: ryan.hurley@FaegreBD.com
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000

DEFS.' REPLY ISO MOT. FOR P. SUMM. J. ON DAPS' ALLEGED                              MDL No. 1917
DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO        Master No. 3:07-cv-05944-SC

11

1   JEFFREY S. ROBERTS *(pro hac vice)*
    Email: jeff.roberts@FaegreBD.com
2   **FAEGRE BAKER DANIELS LLP**
3   3200 Wells Fargo Center
    1700 Lincoln Street
4   Denver, CO 80203
    Telephone: (303) 607-3500
5   Facsimile: (303) 607-3600

6   STEPHEN M. JUDGE *(pro hac vice)*
7   Email: steve.judge@FaegreBd.com
    **FAEGRE BAKER DANIELS LLP**
8   202 S. Michigan Street, Suite 1400
    South Bend, IN 46601
9   Telephone: (574) 234-4149
    Facsimile: (574) 239-1900
10

11  *Attorneys for Defendants Thomson SA and*
    *Thomson Consumer Electronics, Inc.*
12

13  By: /s/ *Terrence J. Truax*
    Terrence J. Truax *(pro hac vice)*
14  Email: ttruax@jenner.com
    Michael T. Brody *(pro hac vice)*
15  Email: mbrody@jenner.com
    **JENNER & BLOCK LLP**
16  353 North Clark Street
    Chicago, IL 60654-3456
17  Telephone: (312) 222-9350
    Facsimile: (312) 527-0484
18

19  BRENT CASLIN (Cal. Bar. No. 198682)
    Email: bcaslin@jenner.com
20  **JENNER & BLOCK LLP**
    633 West Fifth Street, Suite 3600
21  Los Angeles, California 90071
    Telephone: (213) 239-5100
22  Facsimile: (213) 239-5199

23
    *Attorneys for Defendants Mitsubishi Electric*
24  *Corporation, Mitsubishi Electric US, Inc. and,*
    *Mitsubishi Electric Visual Solutions America, Inc.*
25

26        Pursuant to General Order, § X-B, the filer attests that concurrence in the filing of this

27  document has been obtained from each of the above signatories.

28

---

DEFS.' REPLY ISO MOT. FOR P. SUMM. J. ON DAPS' ALLEGED          MDL No. 1917
DIRECT DAMAGE CLAIMS BASED ON PURCHASES FROM SANYO          Master No. 3:07-cv-05944-SC

12