JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

Additional Moving Defendants and Counsel Listed on Signature Pages

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd., et* | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF JENNIFER M. STEWART IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

*al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*Costco Wholesale Corp. v. Technicolor SA, et al.*, No. 13-cv-05723;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510;

*Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171.

I, Jennifer M. Stewart, declare as follows:

1. I am an attorney with Winston & Strawn LLP, attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*.

2. I submit this declaration pursuant to Civil Local Rule 79-(d) in Support of Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA ("Reply Memorandum"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On January 23, 2015, the Panasonic Defendants filed an Administrative Motion to Seal and lodged conditionally under seal the following documents pursuant to Civil Local Rules 7-11 and 79-5(d):

(a) Portions of the Reply Memorandum that consist of, cite to, and/or identify information from documents and/or deposition testimony designated "Confidential" or "Highly Confidential"; and

(b) Exhibits A and B to the Reply Declaration of Jennifer M. Stewart in Support of Defendants Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA ("Stewart Reply Decl.").

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal portions of the Reply Memorandum and Exhibits A and B to the Stewart Reply Declaration which consist of, cite to, and/or identify information that has been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. Attached as Exhibit A to the Stewart Reply Declaration is the April 15, 2014 Best Buy Expert Report of Dr. Alan S. Frankel, the DAPs' expert witness ("Frankel Report"). The DAPs have designated the Frankel Report as "Highly Confidential" in its entirety under the terms of the Stipulated Protective Order.

6. Upon information and belief, the documents and information referred to in and/or attached to the Frankel Report and its exhibits consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' business practices, and competitive positions. The documents quoted from or summarized in the Frankel Report have been designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7. Attached as Exhibit B to the Stewart Reply Declaration are excerpts from the transcript of the July 10, 2014 deposition of Dr. Alan S. Frankel ("Frankel Transcript"). The DAPs have designated the Frankel Transcript as "Highly Confidential" in its entirety under the terms of the Stipulated Protective Order.

8. Upon information and belief, the documents and information referred to in the Frankel Transcript consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' business practices. The Panasonic Defendants have designated the underlying documents quoted from or summarized in the Frankel Transcript as "Confidential" or "Highly Confidential" under the Protective Order. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9. Defendants' Reply Memorandum consists of, cites to, or identifies confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants'

-2-

1  business practices, pricing practices, sales practices and competitive positions.  Specifically, portions
2  of pages 1, 4, 5, 11, 12, 13, 14, and 15 of the Reply Memorandum describe documents or
3  information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants
4  pursuant to the Stipulated Protective Order, including but not limited to Exhibits A and B to the
5  Stewart Reply Declaration.  As with the exhibits themselves, I understand that the Panasonic
6  Defendants consider any statements in the Reply Memorandum purporting to summarize the exhibits
7  or any other documents or information designated as "Confidential" or "Highly Confidential" by the
8  Panasonic Defendants confidential and proprietary.  I am informed and believe that the Panasonic
9  Defendants have taken reasonable steps to preserve the confidentiality of information of the type
10 contained, identified, or cited to in the Reply Memorandum and Exhibits A and B to the Stewart
11 Reply Declaration.

12         10.     I declare under penalty of perjury under the laws of the United States of America that
13 the foregoing is true and correct.

14 DATED: January 23, 2015                    By:  /s/ *Jennifer M. Stewart*
                                              JEFFREY L. KESSLER (*pro hac vice*)
15                                            ALDO A. BADINI (257086)
                                              EVA W. COLE (*pro hac vice*)
16                                            MOLLY M. DONOVAN (*pro hac vice*)
                                              JENNIFER M. STEWART (*pro hac vice*)
17                                            **WINSTON & STRAWN LLP**
                                              200 Park Avenue
18                                            New York, New York 10166-4193
                                              Telephone: (212) 294-6700
19                                            Facsimile: (212) 294-7400
                                              Email:  jkessler@winston.com
20
21
                                              STEVEN A. REISS (*pro hac vice*)
22                                            DAVID L. YOHAI (*pro hac vice*)
                                              ADAM C. HEMLOCK (*pro hac vice*)
23                                            **WEIL, GOTSHAL & MANGES LLP**
                                              767 Fifth Avenue
24                                            New York, New York 10153-0119
                                              Telephone:  (212) 310-8000
25                                            Facsimile:  (212) 310-8007
                                              Email:  steven.reiss@weil.com
26
27                                            *Attorneys for Defendants Panasonic Corporation (f/k/a*
                                              *Matsushita Electric Industrial Co., Ltd.), Panasonic*
28

-3-

1  
2        *Corporation of North America, and MT Picture Display Co., Ltd.*
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-4-

DECL. OF JENNIFER M. STEWART I/S/O DEFS.' ADMIN. MOT. TO SEAL DOCUMENTS

Case No. 07-5944 SC
MDL No. 1917