1  Brent Caslin (Cal. Bar. No. 198682)
   Jenner & Block LLP
2  633 West Fifth Street
   Suite 3600
3  Los Angeles, California 90071
   Telephone:    213 239-5100
4  Facsimile:    213 239-5199
   bcaslin@jenner.com
5
   Terrence J. Truax (*pro hac vice*)
6  Michael T. Brody (*pro hac vice*)
   Gabriel A. Fuentes (*pro hac vice*)
7  Jenner & Block LLP
   353 N. Clark Street
8  Chicago, Illinois 60654-3456
   Telephone:    312 222-9350
9  Facsimile:    312 527-0484
   ttruax@jenner.com
10 mbrody@jenner.com
   gfuentes@jenner.com
11
12 *Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc.,
   and Mitsubishi Electric Visual Solutions America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | **MITSUBISHI ELECTRIC U.S. DEFENDANTS' REPLY IN SUPPORT OF LG AND MITSUBISHI ELECTRIC SUBSIDIARIES' MOTION FOR SUMMARY JUDGMENT [DKT. 3048.]**<br><br>Date: February 6, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th Floor<br>Judge: Hon. Samuel Conti |

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co., et al. v. Technicolor SA*, No. 13-cv-05262;

*Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, No. 13-cv-02171;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157;

*Siegel v. Technicolor SA, et al.*, No.13-cv-05261;

*Viewsonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No.13-cv-02510.

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................................1

I.  RULE 56(D) CREATES A NARROW EXCEPTION TO THE REQUIREMENT THAT THE PARTY WITH THE BURDEN OF PERSUASION PRESENT FACTS DEMONSTRATING A PRIMA FACIE CASE TO DEFEAT SUMMARY JUDGMENT. ...........1

II. PLAINTIFFS FAIL TO SATISFY THEIR BURDEN UNDER RULE 56(D). ..............................3

    A.  Plaintiffs Are Not Presently Pursuing Any Discovery Against Mitsubishi Electric U.S. Defendants. ..................................................................................................................3

    B.  Plaintiffs Proffer No Basis For Their Belief That Additional Discovery Will Yield Information To Oppose The Motion. ..................................................................................4

CONCLUSION .................................................................................................................................6

Mitsubishi Electric U.S., Inc. ("MEUS") and Mitsubishi Electric Visual Solutions America, Inc. ("MEVSA," and collectively with MEUS, the "Mitsubishi Electric U.S. Defendants"), two subsidiaries of defendant Mitsubishi Electric Corporation, along with two domestic subsidiaries of Defendant LG Electronics, Inc., moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 because the undisputed evidence, even when viewed in the light most favorable to plaintiffs, fails to show that Mitsubishi Electric U.S. Defendants participated in the alleged conspiracy to fix CRT prices or are the alter egos of any other defendants that are alleged to have fixed CRT prices. (Mot. at 1-2 [Dkt. 3048].)[1]

In their response, plaintiffs concede they are "not presently aware of evidence which may be set forth in opposition to the Mitsubishi [Electric] U.S. Defendants' Motion." (Opp. at 1 [Dkt. 3257].) Instead, plaintiffs argue that it is "premature" to render a decision on summary judgment as to these two defendants because there is "the possibility that evidence relevant to the determination whether the Mitsubishi [Electric] U.S. Defendants participated in the conspiracy may yet be adduced," and, thus, a decision on summary judgment should be "denied or deferred pursuant to Fed. R. Civ. P. 56(d)." (*Id.* at 3-4.) Because plaintiffs have failed to sustain their burden to show pending discovery is likely to adduce facts sufficient to sustain plaintiffs' burden to present a prima facie case against the Mitsubishi Electric U.S. Defendants, plaintiffs' Rule 56(d) argument should be rejected and summary judgment entered.

## ARGUMENT

**I.  RULE 56(D) CREATES A NARROW EXCEPTION TO THE REQUIREMENT THAT THE PARTY WITH THE BURDEN OF PERSUASION PRESENT FACTS DEMONSTRATING A PRIMA FACIE CASE TO DEFEAT SUMMARY JUDGMENT.**

Summary judgment protects defendants from the burden and risk of going to trial if there are no disputes of material fact that need to be resolved. *nSight, Inc. v. PeopleSoft*, 296 F. App'x 555, 557-58 (9th Cir. 2008). Summary judgment is particularly important in complex antitrust cases, such as this one, as it allows the simplification of complex disputes and "save[s] the parties and the courts from

---

[1] Mitsubishi Electric U.S. Defendants were joined in this motion by two subsidiaries of LGE, Inc., LG Electronics U.S.A., Inc. ("LGEUSA") and LG Electronics Taiwan Taipei Co., Ltd. ("LGETT"). After the filing of this motion, however, plaintiffs voluntarily stipulated to dismissal of the LG entities. (Dkt. 3237 (Dec. 22, 2014).)

unnecessarily spending the extraordinary resources required for a full-blown antitrust trial." *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991) (affirming summary judgment).

The party bearing the ultimate burden of persuasion on a claim must present evidence, satisfying the requirements of Rule 56(c), which, if credited, is sufficient to sustain that party's burden of persuasion. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). At this stage in the case, plaintiffs must present evidence sufficient to sustain their prima facie burden. Otherwise, summary judgment is proper. *Id*. As courts frequently state, "[s]ummary judgment is . . . the time to 'put up or shut up.'" *E.g., Wright v. Employers Reinsurance Corp.*, 2005 WL 756618, at *8 (N.D. Cal. Mar. 31, 2005); *Rush v. Denco Enters.*, 857 F. Supp. 2d 969, 974 (C.D. Cal. 2012) (collecting cases).

After millions of pages of exchanged documents, thousands of interrogatories, and hundreds of deposition days, it is undisputed that there is not a single shred of evidence to suggest that the Mitsubishi Electric U.S. Defendants had anything to do with the conspiracy alleged in this case. Plaintiffs concede as much in their opposition brief. (Opp. at 1.)

Instead of sustaining their factual burden, plaintiffs assert that, notwithstanding the years they have had to investigate their claims and the millions of documents and other evidence already produced in the case, they are just now on the cusp of discovering unspecified "new evidence" linking the Mitsubishi Electric U.S. Defendants to the case. They rely on Federal Rule of Civil Procedure 56(d), which provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." To avert summary judgment under Rule 56(d), a party must "make '(a) timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *See Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.9 (9th Cir. 2009) (citing *Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-30 (9th Cir. 2004). "The burden is on the party seeking the

additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Id*. (internal quotation marks omitted).

Courts reject requests to delay summary judgment under Rule 56(d) where the plaintiff either has (1) not diligently sought the relevant discovery, or (2) doing so would not yield additional information to oppose the motion. *E.g.*, *Pfingston v. Ronan Eng'g. Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56(f) motion.")[2]; *Ramirez v. Parker*, 2014 WL 7187463, at *4 (D. Or. Dec. 16, 2014) (denying Rule 56(d) motion for lack of diligence and low chance of relevant information). Here, plaintiffs' Rule 56(d) request fails in both respects.

## II.   PLAINTIFFS FAIL TO SATISFY THEIR BURDEN UNDER RULE 56(D).

The Court should grant Mitsubishi Electric U.S. Defendants' motion for summary judgment and reject plaintiffs' request for delay under Rule 56(d) because plaintiffs have failed to satisfy their burden to prove that they have diligently pursued discovery against Mitsubishi Electric U.S. Defendants and, even if they had, additional discovery would provide no basis to oppose the Mitsubishi Electric U.S. Defendants' summary judgment motion.

### A.   Plaintiffs Are Not Presently Pursuing Any Discovery Against Mitsubishi Electric U.S. Defendants.

Plaintiffs are seeking no discovery related to MEUS or MEVSA. As of today, plaintiffs have not sought to depose any MEUS or MEVSA employee. MEUS and MEVSA identified individuals with knowledge of the CRT business in their Rule 26(a)(1) disclosures.[3] Yet, throughout this litigation, plaintiffs did not seek to depose any of them. Plaintiffs are pursuing additional discovery only against

---

[2] Current Rule 56(d) is substantially identical to prior Rule 56(f). Fed. R. Civ. P. 56 amd. 2010 (2014).

[3] On March 27, 2014, Mitsubishi Electric U.S. Defendants identified six employees or former employees in their initial disclosures pursuant to Rule 26(a). Mitsubishi Electric U.S. Defendants completed document production on 9/26/2014 (MEUS) and 11/11/2014 (MEVSA), and plaintiffs still did not seek depositions of their employees.

Mitsubishi Electric Corporation, the Japanese parent.[4] Indeed, plaintiffs identify no open discovery against MEUS or MEVSA in their motion. (Opp. at 1-2.) If plaintiffs had a genuine belief that Mitsubishi Electric's U.S. entities had involvement in the alleged conspiracy, they would be pursuing additional discovery from these defendants.

Where a non-moving party is pursuing no discovery against the party that has moved for summary judgment, that party cannot sustain its burden to show that it is pursuing discovery diligently. The lack of diligence in pursuing discovery against MEUS or MEVSA is an independent basis to deny the plaintiffs' request for delay as to their motion. *Pfingston*, 284 F.3d at 1005.

### B. Plaintiffs Proffer No Basis For Their Belief That Additional Discovery Will Yield Information To Oppose The Motion.

Plaintiffs proffer no factual basis for their belief that additional discovery will yield additional information to oppose the motion. Instead, plaintiffs contend that there is a "possibility that evidence relevant to the determination whether the Mitsubishi [Electric] U.S. Defendants participated in the conspiracy may yet be adduced." (Opp. at 1.) This candid admission reveals there was no basis to sue the Mitsubishi Electric U.S. Defendants at all. Moreover, a mere "possibility" that evidence may come to light does not meet the standard for Rule 56(d) because plaintiffs must proffer a factual basis for the existence of relevant discovery. Plaintiffs sued MEUS and MEVSA in hopes of unearthing some shred of evidence to support their claims, but their fishing has yielded no evidence at all. They should not be permitted to prolong MEUS and MEVSA's involvement in this case based on a mere "possibility."

DAPs concede that the Mitsubishi Electric U.S. Defendants did not manufacture either CRTs, the allegedly price-fixed good, or CRT Products, such as CRT monitors or CRT televisions. (Mot. at 3-4.) Additional discovery will not change this fact. Plaintiffs' theory that the Mitsubishi Electric U.S. Defendants, which purchased CRT Products from other Mitsubishi Electric entities for resale, somehow

---

[4] Plaintiffs note that they plan to depose an additional Mitsubishi Electric Corporation witnesses, Kunihiko Seki. (Opp. at 1.) This witness is not an employee of the Mitsubishi Electric U.S. Defendants, and plaintiffs fail to explain how deposing Mr. Seki is likely to reveal relevant information about the Mitsubishi Electric U.S. Defendants, particularly where none of the four depositions plaintiffs have already taken of Mitsubishi Electric Corporation witnesses have revealed any such information.

conspired to fix the price of the very goods they were purchasing is not only unsupported by the record; it is facially implausible.

The likelihood that more discovery will lead to information bearing on the Mitsubishi Electric U.S. Defendants' motion is, at best, remote. Plaintiffs have deposed more than 250 people in the past two and half years, propounded more than 51 sets of interrogatories, and received millions of pages of documents. Discovery among plaintiffs and seven of the other nine co-defendant groups is now closed, including as to the parties plaintiffs contend conspired directly with Mitsubishi Electric – Samsung SDI and Chunghwa. Despite years of discovery, plaintiffs identify no document, interrogatory response, or witness of any party in the case that even suggests Mitsubishi Electric U.S. Defendants' involvement in the alleged cartel. Plaintiffs cannot even point to a person of interest or suspicious document related to these entities upon which they might reasonably justify their refusal to dismiss these parties from the suit.

Plaintiffs also have deposed five Mitsubishi Electric employees, propounded eight sets of written interrogatories on Mitsubishi Electric entities, and received over 18,000 documents from Mitsubishi Electric. More than 2,000 of these documents are MEUS and MEVSA documents. MEUS and MEVSA completed all document production to plaintiffs by November 2014. Despite the Mitsubishi Electric and Mitsubishi Electric U.S. Defendant discovery, plaintiffs have uncovered no evidence suggesting involvement by MEUS or MEVSA in the alleged CRT cartel.

Although plaintiffs still seek to depose certain Mitsubishi Electric Corporation employees, they make no attempt to explain how their current discovery efforts will result in establishing any evidentiary link between the Mitsubishi Electric U.S. Defendants and the alleged cartel. The Mitsubishi Electric U.S. Defendants should be dismissed from the case because plaintiffs have no evidence – nor can proffer a basis for the existence of such evidence – against them. *See Wright*, 2005 WL 756618, at *8 ("Summary judgment is . . . the time to 'put up or shut up'"). For all of those reasons, the time has come to dismiss the Mitsubishi Electric U.S. Defendants from this case.

## CONCLUSION

For these reasons, Mitsubishi Electric U.S. Defendants respectfully request that this Court grant their Motion for Summary Judgment.

Dated: January 23, 2015

JENNER & BLOCK LLP

By:  /s/ Terrence J. Truax
JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*