Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols *(pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

Attorneys for Defendants
HITACHI DISPLAYS, LTD. (n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL NO. 1917<br><br>**ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-59(d) AND 7-11 RE HITACHI PARTIES' REPLY TO MOTION FOR SUMMARY JUDGMENT BASED UPON THE LACK OF EVIDENCE OF PARTICIPATION IN THE ALLEGED CONSPIRACY** |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-01656-SC;<br><br>*Alfred H. Siegel as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 3:11-cv-05502-SC;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-05513-SC; | |

ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE HITACHI'S REPLY TO MOTION FOR SUMMARY JUDGMENT RE LACK OF EVIDENCE OF PARTICIPATION

CASE NO.: 3:07-cv-05944-SC
MDL NO.: 1917

1  *Sears, Roebuck and Co. and Kmart Corp. v.*
2  *Chunghwa Picture Tubes, Ltd.,* No. 3:11-cv-05514-SC

3  *Interbond Corporation of America, d/b/a*
4  *BrandsMart USA v. Hitachi, et al.,*
   No. 3:11-cv-06275-SC;

5

6  *Office Depot, Inc. v. Hitachi, Ltd., et al.,*
   No. 3:11-cv-06276-SC;

7

8  *CompuCom Systems, Inc. v. Hitachi, Ltd.,*
   *et al.,* No. 3:11-cv-06396-SC;

9  *Costco Wholesale Corporation v. Hitachi,*
   *Ltd., et al.,* No. 3:11-cv-06397-SC;
10

11 *P.C. Richard & Son Long Island Corporation, et*
   *al. v. Hitachi, Ltd., et al.,* No. 3:12-cv-02648-SC;
12

13 *Schultze Agency Services, LLC on behalf of*
   *Tweeter OPCO, LLC and Tweeter Newco, LLC v.*
   *Hitachi, Ltd., et al.,* No. 3:12-cv-02649-SC;
14

15 *Tech Data Corporation, et al. v. Hitachi,*
   *Ltd., et al.,* No. 3:13-cv-00157-SC

16

17

18

19

20

21

22

23

24

25

26

27

28

ADMINISTRATIVE MOTION TO FILE UNDER SEAL re
HITACHI'S REPLY TO MOTION FOR SUMMARY
JUDGMENT re LACK OF EVIDENCE OF PARTICIPATION

CASE NO.: 3:07-cv-05944-SC
MDL NO.: 1917

1	Pursuant to Federal Rule of Civil Procedure 5.2(e) and Civil Local Rules 7-11 and 79-5(d), Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Parties"), by and through their counsel, respectfully request an order permitting the Hitachi Parties to file the following materials under seal: (1) the highlighted portions of the Hitachi Parties' Reply to Motion for Summary Judgment Based Upon the Lack of Evidence Supporting Participation in the Alleged Conspiracy ("Non-Participation Reply"); and (2) Exhibits 27-33 to the Reply Declaration of Eliot Adelson in Support of the Hitachi Parties' Reply to Motion for Summary Judgment Based Upon the Lack of Evidence of Participation in the Alleged Conspiracy ("Adelson Declaration").

This motion is supported by the Declaration of Eliot A. Adelson in Support of Hitachi Parties' Administrative Motion to File Under Seal Pursuant to Civil Local Rules 79-5(d) and 7-11 re Hitachi Parties' Reply to Motion for Summary Judgment Based Upon Lack of Evidence Supporting Participation in the Alleged Conspiracy, dated January 23, 2015 ("Adelson Sealing Declaration"). *See* Civ. L. R. 79-5(d)(1)(A) (stating that an administrative motion to seal must be accompanied by a declaration "establishing that the document sought to be filed under seal . . . [is] sealable.").

Exhibits 27-33 to the Adelson Declaration are documents designated by Hitachi Parties' as "Confidential" or "Highly Confidential" under the terms of the Stipulated Protective Order entered in this case. *See* Dkt. No. 306, No. 07-cv-05944 (N.D. Cal) (amended at Dkt. No. 1142). The highlighted portions of the Non-Participation Reply contain, reference, or summarize confidential information contained in these exhibits. The Hitachi Parties seek to file Exhibits 27-33 to the Adelson Declaration, as well as the highlighted portions of the Non-Participation Reply, under seal because there is a "compelling reason" to do so. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). A party meets the "compelling reasons" standard by presenting "articulable facts" identifying the interests favoring filing a document under seal. *Id*. at 1181. As set forth in the Adelson Sealing Declaration, the Hitachi Parties meet this standard because Exhibits 27-33 to the Adelson Declaration, as well as the highlighted portions of the Non-Participation Reply corresponding thereto, contain confidential, non-public information about the Hitachi Parties' business practices that remain important to the Hitachi Parties' competitive position.

| ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE HITACHI'S REPLY TO MOTION FOR SUMMARY JUDGMENT RE LACK OF EVIDENCE OF PARTICIPATION | 1 | CASE NO.: 3:07-cv-05944-SC<br>MDL NO.: 1917 |
|---|---|---|

1  Pursuant to Civil Local Rule 79-5(d), the Non-Participation Reply and Exhibits 27-33 to the
2  Adelson Declaration will be lodged with the Court for in camera review, served on all parties, and
3  will be e-filed with the Court pending the Court's granting of this Motion to Seal.

5  DATED: January 23, 2015         By: */s/ Eliot A. Adelson*

Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

Attorneys for Defendants
HITACHI DISPLAYS, LTD. (n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC.