Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols *(pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

Attorneys for Defendants
HITACHI DISPLAYS, LTD. (n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC |
| | MDL NO. 1917 |
| This Document Relates to: | **DECLARATION OF ELIOT A. ADELSON IN SUPPORT OF THE ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-59(d) AND 7-11 RE HITACHI PARTIES' REPLY TO MOTION FOR SUMMARY JUDGMENT BASED UPON THE LACK OF EVIDENCE OF PARTICIPATION IN THE ALLEGED CONSPIRACY** |
| *All Indirect Purchaser Actions* | |
| *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-01656-SC; | |
| *Alfred H. Siegel as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 3:11-cv-05502-SC; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-05513-SC; | |

1  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 3:11-cv-05514-SC
2  
3  *Interbond Corporation of America, d/b/a BrandsMart USA v. Hitachi, et al.,* No. 3:11-cv-06275-SC;
4  
5  
6  *Office Depot, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06276-SC;
7  
8  *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06396-SC;
9  
10 *Costco Wholesale Corporation v. Hitachi, Ltd., et al.,* No. 3:11-cv-06397-SC;
11 *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:12-cv-02648-SC;
12 
13 *Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.,* No. 3:12-cv-02649-SC;
14 
15 *Tech Data Corporation, et al. v. Hitachi, Ltd., et al.,* No. 3:13-cv-00157-SC

ADELSON DECLARATION RE HITACHI'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL RE
REPLY TO MOTION FOR SUMMARY JUDGMENT

CASE NO.: 3:07-cv-05944-SC
MDL NO.: 1917

I, Eliot A. Adelson, declare as follows:

1.      I am an attorney licensed to practice in the State of California and the Northern District of California. I am a partner with the firm of Kirkland & Ellis LLP, and counsel for Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Parties"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.      I submit this declaration in support of Hitachi Parties' Administrative Motion to File Under Seal Pursuant to Civil Local Rules 79-5(d) and 7-11. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing Confidential and Highly Confidential information and submitted to the Court in connection with the Hitachi Parties' Reply to Motion for Summary Judgment Based Upon the Lack of Evidence of Participation in the Alleged Conspiracy ("Non-Participation Reply") are sealable.

3.      On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On January 23, 2015, the Hitachi Parties filed an Administrative Motion to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

   a.   Portions of the Non-Participation Reply that contain quotations or information from documents and/or deposition testimony that certain Plaintiffs and Defendants have designated "Confidential" or "Highly Confidential"; and

   b.   Exhibits 27-33 attached to the Reply Declaration of Eliot Adelson in Support of the Hitachi Parties' Reply to Motion for Summary Judgment Based Upon the Lack of Evidence Supporting Participation in the Alleged Conspiracy ("Adelson Declaration") which quote from, summarize, or are documents or deposition testimony that the Hitachi Parties have designated "Confidential" or "Highly Confidential."

4.      Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Hitachi Parties to provide the basis for the Court to maintain under seal certain documents and information

designated by the Hitachi Parties as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Non-Participation Reply.

5. Exhibit 27 to Adelson Declaration is a true and correct copy of excerpts from the deposition of Thomas Schmitt, taken on July 11, 2013 designated by Hitachi Defendants as "Highly Confidential."

6. Exhibit 28 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of Kazumasa Hirai, taken on February 4, 2014 designated by Hitachi Defendants as "Highly Confidential."

7. Exhibit 29 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of L. Thomas Heiser, taken on March 18 and 19, 2014 designated by Hitachi Defendants as "Highly Confidential."

8. Exhibit 30 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of Noboru Toyama, taken on March 11, 2014 designated by Hitachi Defendants as "Highly Confidential."

9. Exhibit 31 to the Adelson Declaration is a true and correct copy of document identification numbers HDP-CRT00056564 - HDP-CRT00056594 designated by Hitachi Defendants as "Highly Confidential."

10. Exhibit 32 to the Adelson Declaration is a true and correct copy of document identification numbers HDP-CRT00030942 - HDP-CRT00030944 designated by Hitachi Defendants as "Confidential."

11. Exhibit 33 to the Adelson Declaration is a true and correct copy of excerpts from the deposition of Dr. Kenneth G. Elzinga, taken on October 15, 2014 designated by Defendants as "Highly Confidential."

12. Upon information and belief, the documents contained in Exhibits 27-33 contain confidential, nonpublic, proprietary and highly sensitive business information about the Hitachi Parties' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and/or competitive positions. These documents describe

relationships with companies that remain important to the Hitachi Parties' competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Parties' business relationships, would cause it harm with respect to its competitors and customers, and would put the Hitachi Parties at a competitive disadvantage.

13. The highlighted portions of the Non-Participation Reply quote from, describe, or contain documents or information designated as "Confidential" or "Highly Confidential" by the Hitachi Parties pursuant to the Stipulated Protective Order, including Exhibits 27-32 to the Adelson Declaration. I understand that the Hitachi Parties consider any statements in the Non-Participation Reply purporting to summarize the exhibits or any other documents or information designated as "Confidential" or "Highly Confidential" by the Hitachi Parties confidential and proprietary. I am informed and believe that the Hitachi Parties have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 27-32, and referenced in the Non-Participation Reply.

14. Exhibit 33 to the Adelson Declaration is a document that has been designated by certain Plaintiffs and Defendants as "Confidential" or "Highly Confidential" under the terms of the Stipulated Protective Order entered in this case. The Hitachi Parties seek to submit this material under seal in good faith in order to comply with the Protective Order and this Court's Local Rules. Because these Plaintiffs and Defendants have designated content in these documents as "Confidential" or "Highly Confidential," it is their burden to establish that the designated material is in fact sealable. Civ. L. R. 79-5(d); *see Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-1180 (9th Cir. 2006). The Hitachi Parties respectfully submit this administrative motion pursuant to the Protective Order and Civil Local Rule 79-5, and, through this submission, hereby notifies the Designating Parties of their burden to establish that the designated material is properly sealable. *See Kamakana*, 447 F.3d at 1178-1180.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: January 23, 2015

By: /s/ Eliot A. Adelson

Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

Attorneys for Defendants
HITACHI DISPLAYS, LTD. (n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., AND HITACHI ELECTRONIC DEVICES (USA), INC.