SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:      415-434-9100
Facsimile:      415-434-3947
E-mail:         ghalling@sheppardmullin.com
                jmcginnis@sheppardmullin.com
                mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

*Additional counsel on signature pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO INDIRECT PURCHASER PLAINTIFFS' AND CERTAIN DIRECT ACTION PLAINTIFFS' STATE LAW CLAIMS ON STATUTE OF LIMITATIONS GROUNDS** |
| INDIRECT PURCHASER ACTIONS | |
| *Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727; | Date:  February 6, 2015 Time:  10:00 a.m. Ctrm:  1 Judge: Hon. Samuel Conti |
| *Interbond Corporation of America v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275; | |
| *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726; | |
| *Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276; | |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................... 1

II.     ARGUMENT ............................................................................................................ 2

        A.      Plaintiffs Do Not Allege—And Cannot Prove—An Equitable Estoppel
                Theory Under Florida Law ........................................................................... 2

        B.      Whether Plaintiffs Have "Sufficiently Pled" Fraudulent Concealment Is
                Irrelevant To This Motion. ........................................................................... 8

III.    CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Allen v. United Fin. Mortg. Corp.*
  2010 WL 1135787 (N.D. Cal. Mar. 22, 2010) ......................................................... 5

*Bell v. Fowler*
  99 F.3d 262 (8th Cir.1996)................................................................................. 4

*Bills v. U.S. Fidelity & Guar. Co.*
  280 F.3d 1231 (9th Cir. 2002)............................................................................ 3

*Carl v. City of Overland Park*
  65 F.3d 866 (10th Cir. 1995).............................................................................. 3

*In re Cathode Ray Tube (CRT) Antitrust Litig.*
  27 F.Supp.3d 1015, 1025 (N.D. Cal. 2014) ....................................................... 2

*Cervantes v. Countrywide Home Loans, Inc.*
  656 F.3d 1034 (9th Cir. 2011)............................................................................ 5

*Easyriders Freedom F.I.G.H.T. v. Hannigan*
  92 F.3d 1486 (9th Cir. 1996).............................................................................. 3

*N.L.R.B. v. O'Neill*
  965 F.2d 1522 (9th Cir. 1992)............................................................................ 4

*Pace v. DiGuglielmo*
  544 U.S. 408 (2005) ........................................................................................... 5

*Point Blank Solutions, Inc. v. Toyobo Am., Inc.*
  2011 WL 1833366 (S.D. Fla. May 13, 2011) ............................................. 1, 3, 4

*Wade v. Emcasco Insurance Co.*
  483 F.3d 657 (10th Cir. 2007)............................................................................ 4

*Wasco Prods. v. Southwall Techs., Inc.*
  435 F.3d 989 (9th Cir.2006)............................................................................... 5

## State Cases

*Butler University v. Bahssin*
  892 So.2d 1087 (Fla. 2d DCA 2004) ................................................................. 3

*Davis v. Monahan*
  832 So.2d 708 (Fla. 2002).................................................................................. 6

*Fla. Dep't of Health & Rehab. Servs. v. S.A.P.*
  835 So. 2d 1091 (Fla. 2003) ("*S.A.P.*")........................................................... 5, 6

*Hearndon v. Graham*
    767 So.2d 1179 (Fla. 2000) ..................................................................... 3

*Major League Baseball v. Morsani*
    790 So.2d 1071 (Fla. 2001) ..................................................................... 5

*Ryan v. Lobo De Gonzalez*
    841 So.2d 510 (Fla. 4th DCA 2003) ("*Ryan I*") .................................. 4, 7

*Ryan v. Lobo De Gonzalez*
    921 So.2d 572 (Fla. 2005) ("*Ryan II*") .............................................. 4, 7

**State: Statutes, Rules, Regulations, Constitutional Provisions**

Fla. Stat.
    § 95.051 ............................................................................................. 1, 2

**Other Authorities**

BLACK'S LAW DICTIONARY (2d Ed.) .................................................................. 4

# I.

## INTRODUCTION

The parties agree that the remaining issue on this motion is narrowly framed.[1]  Plaintiffs concede that Florida law precludes them from relying on a "class action" or "government action" argument for tolling the FDUTPA's four-year statute of limitations.  As a result, their only possible remaining argument—and the only remaining basis for tolling alleged in their complaints—is the doctrine of fraudulent concealment.  If this Court concludes that the Florida Supreme Court likely would not allow this argument under Florida law, then Plaintiffs' FDUTPA claims, to the extent based on purchases made more than four years before Plaintiffs filed their original complaints, are untimely and must be dismissed.

Plaintiffs do not and cannot dispute that fraudulent concealment is not among the exclusive list of tolling theories available under Florida law.  *See* Fla. Stat. §95.051.  Instead, they rely entirely on an argument anticipated and rebutted in Defendants' opening brief:  that fraudulent concealment, despite being regarded by a majority of Florida case law as a tolling theory and alleged as such in Plaintiffs' complaints, is in fact synonymous under Florida law with a non-tolling doctrine known as "equitable estoppel."  Contrary to Plaintiffs' assertion, however, Florida courts have regarded these as distinct theories requiring polar opposite factual showings.  Under Florida law, "equitable estoppel presupposes that the plaintiff *knows of the facts underlying the cause of action* but delayed filing suit because of the defendant's conduct."  *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, 2011 WL 1833366 at *6 (S.D. Fla. May 13, 2011) (emphasis added).  Plaintiffs do not come close to alleging, much less proving, such a theory.  Indeed, they allege exactly the opposite:  that they *did not know* of the alleged conspiracy during the limitations period because Defendants "fraudulently concealed" it.  *That* is a fraudulent concealment tolling

---

[1] Defendants agree that the recent withdrawal of (1) Sears' and Kmart's claims under Mississippi and Florida law; (2) Electrograph's claim under New York law; and (3) Costco's claim under Florida law, to the extent those claims are now to be regarded as dismissed with prejudice, moots Defendants' motion with respect to those claims.  This motion continues to apply, however, to the FDUTPA claims asserted by the Indirect Purchaser Plaintiffs, Interbond, and Office Depot (collectively "Plaintiffs").

1  argument, and as such, its exclusion from Florida's statutory list of available tolling theories is

2  dispositive.

3        Plaintiffs also appear to argue that, because they claim to have sufficiently alleged

4  fraudulent concealment until November 14, 2007, and filed their original complaints no more than

5  four years after that date, "no tolling of any type is necessary" for *all of their claims* to be timely.

6  But that simply ignores the issue at hand.  The issue here is not whether Plaintiffs have adequately

7  alleged—or even proved—fraudulent concealment as to any particular date.  The purely legal

8  issue is whether fraudulent concealment is a viable tolling theory as a matter of Florida law.

9  Because it is not, and because Plaintiffs have alleged no other viable tolling theory with respect to

10  their FDUTPA claims, the statute of limitations bars their claims based on purchases made more

11  than four years before they filed their original complaints.  A viable tolling theory is thus clearly

12  "necessary" for these claims to be timely, and Plaintiffs' lack of such a theory is fatal.

**II.**

**ARGUMENT**

**A.**     **Plaintiffs Do Not Allege—And Cannot Prove—An Equitable Estoppel Theory Under Florida Law.**

        Plaintiffs do not dispute that there is an exhaustive statutory list of tolling theories

available under Florida law, and that fraudulent concealment is not among them.  *See In re*

*Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F.Supp.3d 1015, 1025 (N.D. Cal. 2014) ("Defendants

are right that Section 95.051(1) provides an exclusive list of Floridian tolling doctrines"); *see also*

Report and Recommendations Regarding Defs.' Mot. to Dismiss the Compl. of the State of

Florida at 6, Nov. 16, 2012 (ECF No. 1451) ("There is substantial authority that those stated types

of tolling are exclusive, and [] no other tolling doctrine may be applied to Florida's claims").

Thus, despite alleging only "fraudulent concealment" and "tolling" in their complaints, Plaintiffs'

only hope for maintaining the FDUTPA claims at issue is to convince this Court that they have

alleged and can prove a distinct, non-tolling "equitable estoppel" theory under Florida law.

        In deciding whether Plaintiffs have alleged and proved an equitable estoppel theory, this

Court's sole objective is to predict how the Florida Supreme Court would decide that question

today in light of all indications provided by that Court to date, including relevant *dicta*.  *See Bills v. U.S. Fidelity & Guar. Co.*, 280 F.3d 1231, 1234 n. 2 (9th Cir. 2002); *see also Carl v. City of Overland Park*, 65 F.3d 866, 872 (10th Cir. 1995) (state supreme court "*dicta*, which represents that court's own comment on the development of [state] law, is an appropriate source from which this prediction may be made.").  In addition, to the extent consistent with state supreme court precedent, "a federal court is obligated to follow the decisions of the state's intermediate courts." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 n. 4 (9th Cir. 1996).

While Plaintiffs are correct that some courts, most of them outside Florida, have not been rigorous in their use of the terms "fraudulent concealment" and "equitable estoppel," the Florida courts that have directly addressed the issue have recognized that these are entirely distinct theories.  The most fundamental difference is that fraudulent concealment is a *tolling* doctrine and equitable estoppel (as the name implies) is an *estoppel* doctrine.  *See* Defendants' Op. Brief at 7-8 (collecting Florida authorities recognizing fraudulent concealment as a tolling doctrine).  As explained in Defendants' opening brief, these two types of theories have very different effects on a statute of limitations.  A tolling doctrine *delays the running* of a statute of limitations, preventing it from expiring so long as the requirements of the doctrine are met.  An estoppel doctrine, by contrast, applies only after a statute of limitations *has already expired*, to preclude the defendant from asserting the untimeliness as a defense.  *See, e.g., Point Blank,* 2011 WL 1833366 at *6 (explaining distinction between equitable estoppel and tolling); *Hearndon v. Graham*, 767 So.2d 1179, 1184-1185 (Fla. 2000) (discussing unique effect of tolling doctrine); *Butler University v. Bahssin*, 892 So.2d 1087, 1091 n. 3 (Fla. 2d DCA 2004) (comparing fraudulent concealment tolling to other ways of avoiding a statute of limitations).

This basic distinction demonstrates why fraudulent concealment is properly regarded as a tolling doctrine—while the requirements of the doctrine are met, the limitations period does not run; when the requirements of the doctrine *cease* to be met, the limitations period begins running. *See N.L.R.B. v. O'Neill*, 965 F.2d 1522, 1526 (9th Cir. 1992) ("Where there is fraudulent concealment, the limitations period begins to run when the charging party knows or should have known of the concealed facts.").  That is the hallmark of a *tolling* theory, not an estoppel theory

-3-

1    that may be invoked only after the limitations period has expired.  *See* BLACK'S LAW DICTIONARY,

2    (2d Ed.), p. 712 ("toll," with respect to a statutory time period, means "to stop the running of; to

3    abate").

4            Consistent with this fundamental difference between the two theories, Florida courts have

5    recognized that fraudulent concealment and equitable estoppel require different—indeed,

6    contradictory—factual showings.  While fraudulent concealment requires proof of fraudulent

7    conduct that prevented the plaintiff from discovering the wrongful conduct during the limitations

8    period, equitable estoppel applies where the plaintiff ***did know*** about the wrongful conduct during

9    the limitations period, but delayed filing suit in reliance on the defendant's conduct—*e.g.*, a false

10   promise to compensate.  *See, e.g., Point Blank*, 2011 WL 1833366 at * 6 ("equitable estoppel

11   presupposes that the plaintiff knows of the facts underlying the cause of action but delayed filing

12   suit because of the defendant's conduct."); *Ryan v. Lobo De Gonzalez*, 841 So.2d 510, 518 (Fla.

13   4th DCA 2003) ("*Ryan I*") (same); *Bell v. Fowler*, 99 F.3d 262, 266 n. 2 (8th Cir.1996) (same).

14           There is no split of authority on this issue under Florida law.  As recently summarized by

15   Justice Cantero of the Florida Supreme Court:  "***Every case*** that has applied the [equitable

16   estoppel] doctrine to avoid a statute of limitations defense involved plaintiffs who knew of their

17   cause of action and were induced to forebear from filing suit."  *Ryan v. Lobo De Gonzalez*, 921

18   So.2d 572, 576 (Fla. 2005) ("*Ryan II*") (Cantero, J., dissenting from discharge of jurisdiction)

19   (emphasis added).  Plaintiffs make no serious attempt to address these authorities.  Contrary to

20   Plaintiffs' assertion, these decisions are not "unreported" or "out-of-state"; they are directly on

21   point, uncontradicted decisions by Florida courts and federal district courts applying Florida law.

22   *See Wade v. Emcasco Insurance Co.*, 483 F.3d 657, 665-666 (10th Cir. 2007) ("district court

23   decisions interpreting the law of the state in question" are relevant to resolving issue of state law).

24           It is beyond dispute that a plaintiff must properly allege every theory it claims affects the

25   normal operation of the statute of limitations and, in the case, of equitable estoppel based on

26   fraudulent conduct, must do so with "particularity."  *See, e.g., Wasco Prods. v. Southwall Techs.,*

27   *Inc.*, 435 F.3d 989, 991 (9th Cir.2006) ("plaintiffs seeking to toll the statute of limitations on

28   various grounds must have included the allegation in their pleadings.") (collecting authorities);

1   *Allen v. United Fin. Mortg. Corp.*, 2010 WL 1135787, at *1 (N.D. Cal. Mar. 22, 2010) (Conti, J.)

2   (same); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045-46 (9th Cir. 2011)

3   (plaintiffs failed to demonstrate basis for equitable tolling or fraudulent concealment); *see also*

4   *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that plaintiff bears burden of

5   establishing basis for tolling).

6         Here, Plaintiffs do not come close to alleging, much less proving, an equitable estoppel

7   theory as defined under Florida law.  Each of the Plaintiffs alleges only that the statute of

8   limitations was "tolled" due to Defendants' "fraudulent concealment"—*i.e.*, that Defendants

9   engaged in "deceptive practices" during the alleged relevant period that prevented Plaintiffs from

10  discovering the alleged conspiracy at an earlier date.[2]  There is no allegation whatsoever that the

11  statute of limitations expired before Plaintiffs filed their complaints, but that Defendants are

12  nonetheless *estopped* (under the doctrine of equitable estoppel or on any other basis) from

13  asserting the statute of limitations as a defense.  Nor could Plaintiffs' complaints somehow be read

14  to imply an equitable estoppel theory because, as noted, such a theory would directly contradict

15  the allegations that they do make—*i.e.*, that they did not know of the alleged conspiracy during the

16  limitations period.  Plaintiffs' failure to allege equitable estoppel is dispositive.

17        Even if Plaintiffs' straightforward and dispositive pleading deficiencies could simply be

18  ignored (which they cannot) Plaintiffs are also wrong that Florida courts have recently conflated

19  the doctrines of fraudulent concealment and equitable estoppel.  As predicted, Plaintiffs rely

20  virtually entirely on the *LCD* court's decision, which in turn relies virtually entirely on two

21  decisions of the Florida Supreme Court, *Fla. Dep't of Health & Rehab. Servs. v. S.A.P.*, 835 So.

22  2d 1091 (Fla. 2003) ("*S.A.P.*"), and *Major League Baseball v. Morsani*, 790 So.2d 1071, 1080

23  (Fla. 2001) ("*Morsani*").  As set forth in Defendants' opening brief, however, neither *S.A.P.* nor

24  *Morsani* purport to overrule the traditional definition of equitable estoppel under Florida law as

25  applying where, unlike here, a plaintiff claims to have become aware of its cause of action during

26

27  _____
    [2] *See, e.g.,* Interbond First Amended Complaint (ECF No. 1974), ¶¶ 210-225; Office Depot First

28  Amended Complaint (ECF No. 1977), ¶¶ 221-236; Indirect Purchaser Plaintiffs' Fourth
    Consolidated Complaint (ECF No. 1526), ¶ 296.

1   the limitations period—and indeed, both decisions are fully consistent with that requirement.

2   Perhaps most importantly, more recent Florida authority—which Plaintiffs all but ignore—

3   expressly rejects the interpretation of *S.A.P.* and *Morsani* that Plaintiffs now urge the Court to

4   adopt.

5       *Morsani* stands for the unremarkable proposition, on which the parties agree, that equitable

6   estoppel is not a tolling doctrine, but an estoppel theory.  790 So.2d at 1080.  The decision goes no

7   further:  the Court expressly refused to address the scope of the doctrine or whether it applied to

8   any given set of facts.  *Id.*  Even so, the decision is replete with citations to authorities (none of

9   which the Court purports to overrule or criticize) confirming the traditional understanding of the

10  doctrine.  And the facts of *Morsani* involve a classic equitable estoppel scenario—*i.e.*, the plaintiff

11  knew it had a cause of action but decided to delay suit based on the defendant's fraudulent

12  promise to compensate it after the limitations period had expired.  *Id.* at 1073.  Of course, that fact

13  pattern bears no resemblance to Plaintiffs' fraudulent concealment allegations here.

14      In *S.A.P.* the Florida Supreme Court did allow the plaintiff, who alleged child sexual

15  abuse, to assert an equitable estoppel theory despite the fact that she did not learn of the cause of

16  action until after the limitations period had expired.  835 So. 2d at 1095-96 & n.7.  The Court left

17  open the question of whether this holding applied beyond its facts.

18      As an initial matter, there is nothing unusual about the Florida Supreme Court extending a

19  theory beyond its traditional application under Florida law to benefit a narrow and specific class of

20  plaintiffs, in particular victims of child sexual abuse.  It has done so before.  As discussed in

21  Defendants' opening brief, a year after deciding *S.A.P.* the Court issued a similar decision with

22  respect to the distinct "delayed discovery" doctrine, holding that it applied under Florida law only

23  in specified malpractice, products liability, and child abuse cases.  *See Davis v. Monahan*, 832

24  So.2d 708, 710 (Fla. 2002).  Plaintiffs concede that this authority cannot be used to further expand

25  the delayed discovery doctrine to apply to this antitrust case.  But that is exactly what they attempt

26  to do with *S.A.P.* and the equitable estoppel doctrine.

27      The most recent Florida authority addressing these doctrines, which Plaintiffs do not

28  meaningfully address, is the Florida Court of Appeal's decision in *Ryan I*, which expressly rejects

-6-

1    Plaintiffs' arguments here.  First, the *Ryan I* court rejected Plaintiffs' and the *LCD* Court's reliance

2    on *Morsani*.  *See* 841 So.2d at 518 (*Morsani* does not authorize use of equitable estoppel outside

3    the context of a "wrongdoer prevail[ing] upon the other [party] to forego enforcing his right until

4    the statutory time has lapsed.").  Next, the court rejected Plaintiffs' and the *LCD* Court's reliance

5    on *S.A.P.  See, e.g., id.* at 525 ("The question is whether the supreme court in *S.A.P.* has expanded

6    the doctrine of equitable estoppel to apply to all situations where a defendant's conduct prevents a

7    plaintiff from even being aware of a cause of action….[We] conclude that *S.A.P.* is not an

8    extension of the law, but a case that is limited to the unique cause of action there at issue."); *id.* at

9    520.  Instead, *Ryan I*, backed by a long line of Florida case law, reaffirms the proposition that,

10   outside the limited context of sexual child abuse at issue in *S.A.P.*, a plaintiff seeking to establish

11   equitable estoppel under Florida law must allege and prove that it *knew of its cause of action*

12   *during the limitations period*, but was convinced to defer filing suit in reliance on a false promise

13   to compensate or similar conduct by the defendant.

14         *Ryan I*, as a decision of an intermediate Florida appellate court that has not been criticized,

15   much less overturned, by the Florida Supreme Court in the twelve years since it was issued, is

16   binding on this Court.  Indeed, the Florida Supreme Court refused to hear an appeal of *Ryan I*,

17   and, in the only written opinion included with that order, Justice Cantero agreed with the appellate

18   court's decision and the long line of Florida authority on which it was based, opining that *S.A.P.*

19   was limited to cases of sexual child abuse and "did not intend to announce a broad ruling

20   modifying the traditional requirements for equitable estoppel."  *Ryan II*, 921 So.2d at 573.  No

21   other member of the Court has ever opined otherwise.

22         A significant majority of Florida courts and federal courts applying Florida law,

23   culminating in the most recent *Ryan I* and *Ryan II* decisions, confirms that equitable estoppel is a

24   limited doctrine that Plaintiffs did not allege and cannot prove.  Plaintiffs' argument to the

25   contrary relies ultimately on a single authority, the *S.A.P.* decision, which more recent case law,

26   including the most recent behavior from the Florida Supreme Court, confirms has no application

27   to this antitrust case.

28

**B.    Whether Plaintiffs Have "Sufficiently Pled" Fraudulent Concealment Is Irrelevant To This Motion.**

Finally, Plaintiffs repeatedly argue that they should be found to have "sufficiently pled" fraudulent concealment until November 14, 2007—as this Court has found with respect to two other DAPs—and that this somehow renders all of their FDUTPA claims timely.  But the issue on this motion is not whether Plaintiffs' allegations are sufficient to invoke the doctrine of fraudulent concealment, but whether that doctrine *is even available under Florida law*.  Because the Florida Supreme Court would not permit Plaintiffs' fraudulent concealment tolling argument, the fact that Plaintiffs may have otherwise adequately pled such an argument is irrelevant.

### III.

### CONCLUSION

For the foregoing reasons, and the reasons articulated in Defendants' opening brief, the Court should grant partial summary judgment in Defendants' favor on statute of limitations grounds as to:  (1) Interbond and Office Depot's FDUTPA claims based on purchases made before November 14, 2007; and (2) the Indirect Purchaser Plaintiffs' FDUTPA claims based on purchases made before November 13, 2003.

Respectfully submitted:

January 23, 2014

By:    */s/ Michael W. Scarborough*

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Cal. Bar No. 66087
James L. McGinnis, Cal. Bar No. 95788
Michael W. Scarborough, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
E-mail:    ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

| | |
|---|---|
| 1 | By: /s/ Jeffrey L. Kessler |
| 2 | WINSTON & STRAWN LLP |
| | Jeffrey L. Kessler (*pro hac vice*) |
| 3 | A. Paul Victor (*pro hac vice*) |
| | Aldo A. Badini Cal. Bar No. 257086 |
| 4 | Eva W. Cole (*pro hac vice*) |
| | Molly M. Donovan (*pro hac vice*) |
| 5 | 200 Park Avenue |
| | New York, NY 10166 |
| 6 | Telephone:    (212) 294-4692 |
| | Facsimile:    (212) 294-4700 |
| 7 | Email: jkessler@winston.com |
| 8 |         abadini@winston.com |
| |         pvictor@winston.com |
| 9 |         ewcole@winston.com |
| |         mmdonovan@winston.com |
| 10 | |
| 11 | WEIL, GOTSHAL & MANGES LLP |
| | Steven A. Reiss (*pro hac vice*) |
| 12 | David L. Yohai (*pro hac vice*) |
| | Adam C. Hemlock (*pro hac vice*) |
| 13 | 767 Fifth Avenue |
| | New York, NY 10153-0119 |
| 14 | Telephone:    (212) 310-8000 |
| | Facsimile:    (212) 310-8007 |
| 15 | Email: steven.reiss@weil.com |
| 16 |         david.yohai@weil.com |
| |         adam.hemlock@weil.com |
| 17 | |
| 18 | *Attorneys for Defendants Panasonic Corporation* |
| | *(f/k/a Matsushita Electric Industrial Co., Ltd.),* |
| 19 | *Panasonic Corporation of North America, and MT* |
| | *Picture Display Co., Ltd.* |
| 20 | |
| 21 | BAKER BOTTS LLP |
| 22 | By: /s/ John M. Taladay |
| | JOHN M. TALADAY (*pro hac vice*) |
| 23 | john.taladay@bakerbotts.com |
| | JOSEPH OSTOYICH (*pro hac vice*) |
| 24 | joseph.ostoyich@bakerbotts.com |
| | ERIK T. KOONS (*pro hac vice*) |
| 25 | erik.koons@bakerbotts.com |
| | CHARLES M. MALAISE (*pro hac vice*) |
| 26 | charles.malaise@bakerbotts.com |
| 27 | BAKER BOTTS LLP |
| | 1299 Pennsylvania Ave., N.W. |
| 28 | Washington, DC 20004-2400 |

-9-

| 1 | Telephone: (202) 639-7700 |
|---|---|
| 2 | Facsimile: (202) 639-7890 |

Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V.,*
*Philips Electronics North America Corporation,*
*Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

By: */s/ Eliot A. Adelson*

KIRKLAND & ELLIS LLP
Eliot A. Adelson (Cal. Bar. No. 205284)
James Maxwell Cooper (Cal. Bar No. 284054)
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone:     (415) 439-1413
Facsimile:     (415) 439-1500
Email: Eadelson@kirkland.com
            Max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi*
*Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi*
*Asia, Ltd., Hitachi America, Ltd., and Hitachi*
*Electronic Devices (USA), Inc.*

By: */s/ Lucius B. Lau*
WHITE & CASE LLP
Christopher M. Curran (*pro hac vice*)
Lucius B. Lau (*pro hac vice*)
Dana E. Foster (*pro hac vice*)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Telephone:     (202) 626-3600

-10-

Facsimile:    (202) 639-9355
Email: ccurran@whitecase.com
          alau@whitecase.com
          defoster@whitecase.com

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

By: */s/ Rachel S. Brass*
GIBSON, DUNN & CRUTCHER LLP
Joel S. Sanders Cal. Bar. No. 107234
Rachel S. Brass Cal. Bar. No. 219301
Austin V. Schwing Cal. Bar. No. 211696
555 Mission Street, Suite 3000
San Francisco, CA 94105-2933
Telephone:    (415) 393-8200
Facsimile:    (415) 393-8306
Email: jsanders@gibsondunn.com
          rbrass@gibsondunn.com
          aschwing@gibsondunn.com

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) SDN. BHD.*

By: *    /s/ Kathy L. Osborn*
FAEGRE BAKER DANIELS LLP
Kathy L. Osborn (pro hac vice)
Ryan M. Hurley (pro hac vice)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone:  (317) 237-0300
Facsimile:  (317) 237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone:  (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

By: */s/ Hojoon Hwang*
JEROME C. ROTH (State Bar No. 159483)
Jerome.roth@mto.com

-11-

1    HOJOON HWANG (State Bar No. 184950)
     Hojoon.hwang@mto.com
2    MIRIAM KIM (State Bar No. 238230)
     Miriam.kim@mto.com
3    MUNGER, TOLLES & OLSON LLP
     560 Mission Street
4    Twenty-Seventh Floor
     San Francisco, California 94105-2907
5    Facsimile: (415) 512-4077

6

7    WILLIAM D. TEMKO (State Bar No. 098858)
     William.temkomto.com
8    MUNGER, TOLLES & OLSON LLP
     355 South Grand Avenue, Thirty-Fifth Floor
9    Los Angeles, CA 90071-1560
     Telephone: (213) 683-9100
10   Facsimile: (213) 687-3702

11   *Attorneys for Defendants LG Electronics, Inc.; LG
     Electronics U.S.A., Inc.; and LG Electronics Taiwan*
12   *Taipei Co., Ltd.*

13   By: */s/ Michael T. Brody*
     JENNER&BLOCK LLP
14   Terrence J. Truax (*pro hac vice*)
     Michael T. Brody (*pro hac vice*)
15   353 North Clark Street
     Chicago, Illinois 60654-3456
16   Telephone: (312) 222-9350
     Facsimile: (312) 527-0484
17   ttruax@jenner.com
     mbrody@jenner.com
18

19   Brent Caslin (Cal. Bar. No. 198682)
     JENNER&BLOCK LLP
20   633 West Fifth Street, Suite 3600
     Los Angeles, California 90071
21   Telephone: (213) 239-5100
     Facsimile: (213) 239-5199
22   bcaslin@jenner.com

23

24   *Attorneys for Defendants Mitsubishi Electric
     Corporation, Mitsubishi Electric US, Inc.*
25   *and, Mitsubishi Electric Visual Solutions
     America, Inc.*
26

27       Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this

28   document has been obtained from each of the above signatories.

-12-