SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398
E-mail:       heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 11-cv-05502;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 11-cv-06396;<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;<br><br>*Dell Inc. and Dell Products L.P., v. Hitachi, Ltd., et al,* No. 13-cv-02171; | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF SDI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |

1  *Electrograph Systems, Inc. and Electrograph Technologies Corp., v. Hitachi, Ltd., et al.*, No. 11-cv-01656;

2  *Interbond Corporation of America v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

3  *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;

4  *P.C. Richard & Son Long Island Corp., Marta Coooperative of Am., Inc., ABC Appliance, Inc. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

5  *Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

6  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

7  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

8  *Tech Data Corp and Tech Data Product Management, Inc., v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

9  *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-02510.

I, Helen C. Eckert, declare as follows:

1.       I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI").  I submit this declaration pursuant to Civil Local Rule 79-5(d) to establish that SDI Defendants' Reply in Support of Their Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics ("Reply") reflects, contains, or analyzes information designated "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order, and should therefore be maintained under seal.  Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2.       SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306).

3.       On January 23, 2015, SDI filed an Administrative Motion to Seal and lodged SDI's Reply under seal pursuant to Civil Local Rules 7-11 and 79-5(d) and (e).

4.       Pursuant to Civil Local Rule 79-5(d), I make this declaration on SDI's behalf to provide the basis for the Court to maintain SDI's Reply, which reflects, contains, or analyzes certain documents and information designated by SDI and other parties as "Confidential" or "Highly Confidential" pursuant to the Protective Order,  under seal.

5.       Specifically, SDI's Reply reflects, contains, or refers to the following documents or information designated as "Confidential" or "Highly Confidential" pursuant to the Protective Order:

    a.       Exhibit 1 to the November 7, 2014 Declaration of James L. McGinnis submitted in support of SDI's Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from

-1-

1  Samsung Electronics ("McGinnis Declaration") which is the April 15, 2014 expert report of Dr.
2  Stephan Haggard, the Direct Action Plaintiffs' expert witness ("Haggard Report").  The entirety of
3  the Haggard Report has been designated "Highly Confidential" under the Protective Order.  The
4  Haggard Report reflects, contains, or analyzes confidential information concerning SDI's business
5  practices, corporate structure and governance, component cost information, sales strategy,
6  customer relationships and employment histories of top personnel.  I am informed and believe that
7  public disclosure of this sensitive information presents a risk of undermining SDI's business
8  relationships, causing SDI harm with respect to its competitors and customers, and/or
9  competitively disadvantaging SDI.

10        b.      The Haggard Report also reflects, contains, or analyzes materials produced
11 in this action which SDI designated "Confidential" or "Highly Confidential," including excerpts
12 from the transcript of the deposition of Jae In Lee, whom SDI designated as a Fed. R. Civ. P.
13 30(b)(6) witness.  SDI designated these excerpts of the deposition transcript "Highly Confidential"
14 under the Protective Order.  These excerpts contain, cite and/or identify confidential information
15 concerning SDI's business practices, sales strategies and sales volume to specific customers,
16 customer relationships, and CRT component cost information.  I am informed and believe that
17 SDI treats such information as highly confidential and has taken reasonable measures to safeguard
18 it from disclosure outside the company.  I am informed and believe that public disclosure of this
19 highly sensitive information presents a risk of undermining SDI's business relationships, causing
20 SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.
21 The Court previously sealed excerpts from this deposition when they were submitted as exhibits to
22 the Declaration of Eva W. Cole in Support of Defendants' Opposition to Motion of Indirect-
23 Purchaser Plaintiffs for Class Certification and Motion to Strike (Dkt. No. 1512) and the
24 Declaration of Mona Solouki in Support of Defendants' Opposition to Direct Purchaser Plaintiffs'
25 Motion for Class Certification (Dkt. No. 1946).
26        c.      The Haggard Report also reflects, contains, or analyzes SDI's Responses to
27 Dell Plaintiffs' Second Set of Requests for Admissions ("SDI's RFA Responses"), designated by
28 SDI as "Confidential" under the Protective Order.  SDI's RFA Responses include confidential,

1  nonpublic, and sensitive business information about SDI's management structure, as well as the
2  nonpublic employment histories of certain individuals at SDI.  I am informed and believe that this
3  is sensitive information, and public disclosure of this information presents a risk of undermining
4  SDI's business relationships, causing SDI harm with respect to its competitors and customers,
5  and/or competitively disadvantaging SDI.  SDI has previously moved to seal the Haggard Report.
6  (SDI's Administrative Motions to Seal (Dkt. Nos. 2980 and 3168); Declarations of Helen C.
7  Eckert in support of Dell Plaintiffs' Administrative Motions to Seal (Dkt. Nos. 3292 and 3414)).

8        d.  Exhibit 37 to the December 22, 2014 Declaration of Debra D. Bernstein
9  submitted in support of Direct Action Plaintiffs' Response in Opposition to SDI Defendants'
10 Motion for Partial Summary Judgment ("Bernstein Decl.") which is a copy of a "Full Network of
11 Samsung Intra-Group Shareholdings (1998, 2002, 2007)."  Exhibit 37 was originally attached as
12 supporting material to the Haggard Report.  The entirety of the Haggard Report, including Exhibit
13 37 has been designated "Highly Confidential" under the Protective Order.  Exhibit 37 contains,
14 cites and/or identifies  commercially-sensitive information regarding SDI's corporate structure and
15 governance, and its ownership interest in other Samsung affiliates.  I am informed and believe that
16 public disclosure of Exhibit 37 and references thereto would likely harm SDI in its commercial
17 relationships.  SDI has previously moved to seal Exhibit 37.  (Declarations of Helen C. Eckert in
18 support of Dell Plaintiffs' Administrative Motion to Seal (Dkt. No. 3292 and 3414)).

19       e.  Sealed portions of the Direct Action Plaintiffs' Response in Opposition to
20 SDI Defendants' Motion for Partial Summary Judgment which in turn reflects, contains, or
21 analyzes a number of documents designated by various parties as "Confidential" or "Highly
22 Confidential" under the Protective Order, including but not limited to the following documents
23 designated by SDI as "Confidential" or "Highly Confidential":

24       i.  Exhibit 2 to the Bernstein Declaration which is a copy of the July
25 10, 2014 deposition of Dr. Stephan Haggard.  SDI designated the deposition transcript "Highly
26 Confidential" under the Protective Order.  The deposition identifies sensitive information
27 concerning SDI's business practices, strategies, corporate structure, corporate governance, and
28 customer relationships.  It also identifies sensitive information concerning Dr. Haggard's

-3-

1  methodology in analyzing purported corporate relationships between SDI, Samsung Electronics
2  Co., Ltd. ("SEC"), and the "Samsung Group."  I am informed and believe that public disclosure of
3  this sensitive and confidential information would present a risk of undermining SDI's business
4  relationships, causing SDI harm with respect to its competitors and customers, and/or
5  competitively disadvantaging SDI.  SDI has previously moved to seal Exhibit 2.  (SDI's
6  Administrative Motions to Seal (Dkt. Nos. 2980 and 3168); Declarations of Helen C. Eckert in
7  support of Dell Plaintiffs' Administrative Motions to Seal (Dkt. Nos. 3292 and 3414)).

8        ii.      Exhibit 9 to the Bernstein Declaration which is a copy of excerpts
9  from the March 28, 2013 deposition of Deok-Yun Kim, which SDI designated "Highly
10  Confidential" under the Protective Order.  These excerpts consist of, cite to and/or identify
11  confidential, non-public information, including annual sales information for Samsung-affiliated
12  companies.  I am informed and believe that public disclosure of this information would likely
13  harm SDI in its commercial relationships.  SDI has previously moved to seal Exhibit 9.
14  (Declaration of Helen C. Eckert in support of Dell Plaintiffs' Administrative Motion to Seal (Dkt.
15  No. 3292)).

16        iii.      Exhibit 13 to the Bernstein Declaration which is a copy of SDI's
17  Responses to Dell Plaintiffs' Second Set of Requests for Admissions, designated by SDI as
18  "Confidential" under the Protective Order.  SDI's RFA Responses include confidential, nonpublic,
19  and/or sensitive business information about SDI's management structure, employment histories of
20  certain individuals at SDI, as well as information relating to SDI's credit guarantees.  I am
21  informed and believe that public disclosure of this information presents a risk of undermining
22  SDI's business relationships, causing SDI harm with respect to its competitors and customers,
23  and/or competitively disadvantaging SDI.  SDI has previously moved to seal Exhibit 13.
24  (Declarations of Helen C. Eckert in support of Dell Plaintiffs' Administrative Motions to Seal
25  (Dkt. Nos. 3292 and 3414)).

26        iv.      Exhibit 21 to the Bernstein Declaration which is a copy of excerpts
27  from the June 6-7, 2012 Rule 30(b)(6) deposition of Jae In Lee, which SDI designated "Highly
28  Confidential" under the Protective Order.  These excerpts contain, cite and/or identify non-public,

1  confidential information concerning SDI's business practices, sales strategies and sales volume to
2  specific customers, customer relationships, and CRT component cost information.  I am informed
3  and believe that SDI treats such information as highly confidential and has taken reasonable
4  measures to safeguard it from disclosure outside the company.  I am informed and believe that
5  public disclosure of this highly sensitive information presents a risk of undermining SDI's
6  business relationships, causing SDI harm with respect to its competitors and customers, and/or
7  competitively disadvantaging SDI.  The Court previously sealed excerpts from this deposition
8  when they were submitted as exhibits to the Declaration of Eva W. Cole in Support of Defendants'
9  Opposition to Motion of Indirect-Purchaser Plaintiffs for Class Certification and Motion to Strike
10 (MDL Dkt. No. 1512) and the Declaration of Mona Solouki in Support of Defendants' Opposition
11 to Direct Purchaser Plaintiffs' Motion for Class Certification (MDL Dkt. No. 1946).  SDI has also
12 previously moved to seal excerpts of Exhibit 21.  (SDI's Administrative Motions to Seal (Dkt.
13 Nos. 2980 and 3168); Declaration of Helen C. Eckert in support of Dell Plaintiffs' Administrative
14 Motion to Seal (MDL Dkt. No. 3292)).

15         v.      Exhibit 22 to the Bernstein Declaration which is a copy of excerpts
16 from the July 26, 2012 deposition of Jae In Lee, which SDI designated as "Highly Confidential"
17 under the Protective Order.  These excerpts contain, cite and/or identify non-public, confidential
18 information concerning SDI's business practices, sales strategies and sales trends to specific
19 customers, as well as non-public, confidential information about customers and SDI's
20 relationships with specific customers.  I am informed and believe that SDI treats such information
21 as highly confidential and has taken reasonable measures to safeguard it from disclosure outside
22 the company.  I am informed and believe that public disclosure of this highly sensitive information
23 presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its
24 competitors and customers, and/or competitively disadvantaging SDI.  SDI has also previously
25 moved to seal excerpts of Exhibit 22.  (Declaration of Helen C. Eckert in support of Dell
26 Plaintiffs' Administrative Motion to Seal (MDL Dkt. No. 3292)).

27         vi.     Exhibit 23 to the Bernstein Declaration which is a copy of excerpts
28 from the March 22, 2013 deposition of Sang Kyu Park, which SDI designated "Highly

1  Confidential" under the Protective Order.  These excerpts contain, cite and/or identify non-public,
2  confidential information concerning SDI's business practices, sales strategies and sales trends to
3  specific customers, as well as non-public, confidential information about the structure and
4  practices of SDI's sales teams.  I am informed and believe that SDI treats such information as
5  highly confidential and has taken reasonable measures to safeguard it from disclosure outside the
6  company.  I am informed and believe that public disclosure of this highly sensitive information
7  presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its
8  competitors and customers, and/or competitively disadvantaging SDI.  SDI has previously moved
9  to seal excerpts of Exhibit 23.  (Declaration of Helen C. Eckert in support of Dell Plaintiffs'
10 Administrative Motion to Seal (MDL Dkt. No. 3292)).

11              vii.     Exhibit 28 to the Bernstein Declaration which is a copy of a SDI
12 PowerPoint Presentation titled "CDT Business Status" and dated September 12, 2002, produced
13 by SDI in this action as SDCRT-00767736.  SDI designated Exhibit 28 as "Highly Confidential"
14 under the Protective Order.  Exhibit 28 contains, cites and/or identifies non-public, highly
15 sensitive, confidential information regarding SDI's analyses of display markets; competitive
16 positions; business strategies; prices; sales, sales volume, and sales strategies to specific
17 customers, and SDI's sales forecast.  I am informed and believe that SDI treats such information
18 as highly confidential and has taken reasonable measures to safeguard it from disclosure outside
19 the company.  I am informed and believe that public disclosure of this highly sensitive information
20 presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its
21 competitors and customers, and/or competitively disadvantaging SDI.  SDI has previously moved
22 to seal Exhibit 28.  (Declaration of Helen C. Eckert in support of Dell Plaintiffs' Administrative
23 Motion to Seal (MDL Dkt. No. 3292)).

24              viii.    Exhibit 41 to the Bernstein Declaration which is a copy of a
25 "Samsung SDI Personnel Profiles Summary (1998-2007)" originally attached as supporting
26 material to the April 15, 2014 Haggard Report.  The entirety of the Haggard Report, including
27 Exhibit 41 has been designated "Highly Confidential" under the Protective Order.  Exhibit 41
28 contains, cites, identifies and/or compiles sensitive, private information regarding detailed

1  employment histories of SDI employees.  I am informed and believe that public disclosure of
2  Exhibit 41 would likely invade the legitimate privacy rights and interests of these SDI employees.
3  SDI has previously moved to seal Exhibit 41.  (Declarations of Helen C. Eckert in support of Dell
4  Plaintiffs' Administrative Motions to Seal (Dkt. Nos. 3292 and 3414)).

5              ix.     Exhibit 42 to the Bernstein Declaration which is a copy of a
6  "Summary of Long Term Supply Contracts (1998-2001)" originally attached as supporting
7  material to the April 15, 2014 Haggard Report.  The entirety of the Haggard Report, including
8  Exhibit 41 has been designated "Highly Confidential" under the Protective Order.  Exhibit 42
9  contains, cites, identifies and/or compiles commercially-sensitive information about SDI's
10 contracts with specific customers, including sales volumes and percentages.  I am informed and
11 believe that public disclosure of Exhibit 42 would likely harm SDI in its commercial relationships.
12 SDI has previously moved to seal Exhibit 42.  (Declaration of Helen C. Eckert in support of Dell
13 Plaintiffs' Administrative Motion to Seal (Dkt. No. 3292)).

14             x.      Exhibit 43 to the Bernstein Declaration which is a copy of a SDI's
15 "Samsung Electronics: 2003 Sales Strategy" dated September 12, 2002, produced by SDI in this
16 action as SDCRT-00767736.  SDI designated Exhibit 43 as "Highly Confidential" under the
17 Protective Order.  Exhibit 43 contains, cites and/or identifies non-public, highly sensitive,
18 confidential information regarding SDI's sales strategy with respect to specific customer(s),
19 competitive positions, prices, sales trends and performance, and production volumes.  I am
20 informed and believe that SDI treats such information as highly confidential and has taken
21 reasonable measures to safeguard it from disclosure outside the company.  I am informed and
22 believe that public disclosure of this highly sensitive information presents a risk of undermining
23 SDI's business relationships, causing SDI harm with respect to its competitors and customers,
24 and/or competitively disadvantaging SDI.  SDI has previously moved to seal Exhibit 43.
25 (Declaration of Helen C. Eckert in support of Dell Plaintiffs' Administrative Motion to Seal (Dkt.
26 No. 3292)).

27             xi.     Exhibit 44 to the Bernstein Declaration which is a copy of SDI's
28 Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5,

1  designated by SDI as "Confidential" under the Protective Order.  Exhibit 44 is a voluminous

2  eighty-nine (89) page document which contains confidential, nonpublic, proprietary and highly

3  sensitive business information about SDI's sales processes, business practices, negotiating tactics

4  and competitive positions, including as to relationships with companies that remain important to

5  SDI's competitive position.  I am informed and believe that public disclosure of this highly

6  sensitive information presents a risk of undermining SDI's business relationships, causing SDI

7  harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.

8  The Court previously sealed Exhibit 44.  (*See* Order Granting Direct Purchaser Plaintiffs'

9  Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (MDL

10  Dkt. No. 1120)).

11             xii.     Exhibit 45 to the Bernstein Declaration which is a copy of SDI's

12  Responses to Dell Plaintiffs' First Set of Interrogatories, designated by SDI as "Confidential"

13  under the Protective Order.  Exhibit 45 is detailed, twenty-seven (27) page document which

14  contains confidential, nonpublic, proprietary and highly sensitive business information about

15  SDI's sales processes, business practices, negotiating tactics and competitive positions, including

16  its relationships with companies that remain important to SDI's competitive position.  I am

17  informed and believe that public disclosure of this highly sensitive information presents a risk of

18  undermining SDI's business relationships, causing SDI harm with respect to its competitors and

19  customers, and/or competitively disadvantaging SDI.  SDI has previously moved to seal Exhibit

20  45.  (Declaration of Helen C. Eckert in support of Dell Plaintiffs' Administrative Motion to Seal

21  (Dkt. No. 3292)).

22             xiii.    Exhibit 46 to the Bernstein Declaration which is a copy of SDI's

23  Responses to Dell Plaintiffs' First Set of Requests for Admission, designated by SDI as

24  "Confidential" under the Protective Order.  Exhibit 46 is a voluminous ninety-four (94) page

25  document which contains confidential, nonpublic, proprietary and highly sensitive business

26  information about SDI's sales processes, business practices, negotiating tactics and competitive

27  positions, including as to relationships with companies that remain important to SDI's competitive

28  position.  I am informed and believe that public disclosure of this highly sensitive information

-8-

-9-

1  presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its
2  competitors and customers, and/or competitively disadvantaging SDI.  SDI has previously moved
3  to seal Exhibit 46.  (Declaration of Helen C. Eckert in support of Dell Plaintiffs' Administrative
4  Motion to Seal (Dkt. No. 3292)).

5          f.      Sealed portions of the SDI Defendants' Motion for Partial Summary
6  Judgment which in turn reflects, contains, or analyzes documents designated by various parties as
7  "Confidential" or "Highly Confidential" under the Protective Order, including but not limited to
8  the above-referenced exhibits.

9      6.    In addition, SDI's Reply also reflects, contains, or analyzes certain documents and
10 information designated by Direct Action Plaintiffs or SEC as "Confidential" or "Highly
11 Confidential" under the Protective Order.

12     7.    Accordingly, all references in SDI's Reply to the above-referenced documents and
13 information should be maintained under seal.

14     I declare under penalty of perjury under the laws of the United States of America
15 that the foregoing is true and correct.

16     Executed this 23rd day of January 2015 in Los Angeles, California.

                                    */s/ Helen C. Eckert*
                                    Helen C. Eckert