Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Koninklijke Philips N.V., Philips*
*Electronics North America Corporation, Philips Taiwan*
*Limited, and Philips do Brasil Ltda.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-SC |
|  | MDL No. 1917 |
| This Document Relates to: | **KONINKLIJKE PHILIPS N.V.'S, PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S, PHILIPS TAIWAN LIMITED'S, AND PHILIPS DO BRASIL LTDA.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST INDIRECT PURCHASER PLAINTIFFS WHO ARE NATURAL PERSONS RESIDING IN CALIFORNIA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| *All Indirect Purchaser Actions* |  |
|  | Date:        February 6, 2015 |
|  | Time:        10:00 a.m. |
|  | Place:       Courtroom 1 |
|  | Hon. Samuel P. Conti |

1

2                            **TABLE OF CONTENTS**

3                                                                            **Page**

4    INTRODUCTION ...................................................................................................1

5    ARGUMENT ........................................................................................................3

6        I.    THE CARTWRIGHT ACT PRECLUDES THIS ACTION. ..........................................3

7        II.   PLAINTIFFS' ARGUMENTS ARE INACCURATE AND
              MISPLACED. ...................................................................................................4
8
              A.    Plaintiffs' Argument that this Motion is Unripe is Incorrect. ..............................4
9
              B.    Plaintiffs Introduce Irrelevant Arguments Concerning the
10                   Scope and Fairness of the Settlement. ..................................................4

11            C.    Plaintiffs' Arguments Concerning the Need for the
                   California State Courts to Address Opt-Out Issues or Other
12                  Issues are Irrelevant to this Motion. ......................................................5

13            D.    The AG's Position Regarding the Scope of the Release in
                   Her Action is Irrelevant Here .............................................................6
14
              E.    Plaintiffs' Cases are Off Point ............................................................7
15
         III.  THE PHILIPS DEFENDANTS' POSITION IS FULLY
16              CONSISTENT WITH FUNDAMENTAL FAIRNESS. ...............................................8

17       IV.   THE PHILIPS DEFENDANTS ARE ENTITLED TO SUMMARY
              JUDGMENT AS TO PLAINTIFFS' CALIFORNIA CLAIMS IN
18             THIS ACTION. .................................................................................................9

19   CONCLUSION ...................................................................................................10

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*California v. IntelliGender,*
    LLC, 771 F.3d 1169 (9th Cir. 2014) ....................................................................8

*Corbett v. Superior Court,*
    101 Cal. App. 4th 649 (2002) .............................................................................8

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ...........................................................................5

*Harrott v. County of Kings,*
    25 Cal. 4th 1138 (2001) .....................................................................................6

*Highland Ranch v. Agricultural Labor Relations Bd.,*
    29 Cal. 3d 838 (1981) ........................................................................................6

*Payne v. Nat'l Collection Systems, Inc.,*
    91 Cal. App. 4th 1037 (2001) ............................................................................7

*People v. Pacific Land Research Co.,*
    20 Cal. 3d 10 (1977) ..........................................................................................7

*State of California v. Chunghwa Picture Tubes Ltd.,*
    No. CGC-11-515786 (Cal. Supr. Ct. San Francisco December 5, 2013) ...............8

*United States v. Borden Co.,*
    347 U.S. 514 (1954) ...........................................................................................7

*Washington v. Chimei Innolux Corp.,*
    659 F.3d 842 (9th Cir. 2001) .............................................................................7

STATUTES

Cal. Bus. & Prof. Code § 16760(a)(1)....................................................................3, 8

Cal. Bus. & Prof. Code § 16760(b)(1)........................................................................3

Cal. Bus. & Prof. Code § 16760(b)(2)....................................................................3, 8

Cal. Bus. & Prof. Code § 16760(b)(3)........................................................................3

Cal. Bus. & Prof. Code § 17200 *et seq.*...................................................................7

Cal. Bus. & Prof. Code § 17203 ................................................................................7

1

2  **OTHER AUTHORITIES**

3  Assembly Committee on Judiciary, <u>Bill Digest</u>, AB 1162 ............................................................. 3

4  House Rep. No. 94-499(I) (1975) ........................................................................................... 4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**INTRODUCTION**

4    The issue presented by this motion is whether, pursuant to the express language of the

5    Cartwright Act, the California legislature envisioned that natural persons residing in California may

6    maintain a state antitrust action after the California Attorney General ("AG") has exercised her option

7    to pursue that person's state antitrust claim in *parens patriae* and the person declines to opt out of the

8    AG's action.  The Philips defendants'[1] Memorandum of Law demonstrates that the natural person

9    residing in California may not, and Plaintiffs do not even engage, let alone refute, that point.  Indeed,

10   there is no discussion whatsoever in the Opposition regarding the language of the Cartwright Act upon

11   which the Philips defendants base their motion.  That Act clearly contemplates that once the AG

12   exercises her authority to bring a *parens patriae* action on behalf of a natural person residing in

13   California, that person's claim for redress will be brought by the AG unless the person opts out of the

14   AG's action.  It does not endorse what Plaintiffs wish to be the case here: that after the AG brings a

15   plaintiff's claim, the same plaintiff can decline to opt out of the state court action, but nonetheless

16   maintain the identical claim in a separate action in another court.

17   Plaintiffs' answer to the Philips defendants' argument is a series of miscellaneous points, none

18   of which refute it:

19   • Plaintiffs argue that the Philips defendants' argument is an end-run around res judicata,

20      which does not yet bar Plaintiffs' claims.  The Philips defendants expressly

21      acknowledge that res judicata will apply only after their settlement with the AG is

22      upheld on appeal in state court, but their motion is based on entirely independent

23      grounds to which the question of res judicata is irrelevant.

24   • Plaintiffs argue that the AG has suggested that she does not believe that her settlement

25      releases the Indirect Purchaser Plaintiff class claims in this action.  However, the AG's

26

27   _____

[1] The Philips defendants are Koninklijke Philips N.V., Philips Electronics North America Corporation,

28   Philips Taiwan Limited, and Philips do Brasil Ltda.

1

2    views are plainly not controlling as to the effect of a settlement entered in a case in

3    which she acted as the Plaintiffs' representative.  Moreover, the issue of whether the

4    settlement in the AG's action purports to release this action is irrelevant to the point the

5    Philips defendants raise on this motion: that a plaintiff may not maintain his or her own

6    state antitrust action identical to an action brought on the plaintiff's behalf by the AG as

7    *parens patriae* if he or she does not opt out of the AG's action.

8        • Plaintiffs argue that there is a question about the fairness of the AG settlement, and also

9          that no funds recovered in that settlement went to Plaintiffs.  But the Philips defendants'

10         argument is that under the clear language of the Cartwright Act, a putative plaintiff that

11         does not opt out of an AG's *parens patriae* action may not maintain a simultaneous

12         action.  The fairness of the settlement – which is in any event judicially determined in

13         the separate proceeding – is irrelevant to the legal question raised in this motion, as are

14         terms upon which the AG settles the claims.

15       • Plaintiffs argue that there is a question about who has opted out of the state *parens*

16         *patriae* action.  The Philips defendants maintain that there is no such question, and in

17         any event believe that this Court is not the appropriate forum for resolution of that

18         question.  However, they ask only for an order at this time that summary judgment be

19         granted as to any plaintiffs who did not opt out.

20       • Finally, Plaintiffs cite a number of cases ostensibly for the proposition that *parens*

21         *patriae* actions may be maintained simultaneously with class actions.  However, in none

22         of Plaintiffs' cases was a California natural person who did not opt out of a Cartwright

23         Act *parens patriae* action permitted to bring a separate identical suit, nor do any of

24         Plaintiffs' cases stand for such a proposition.

25    In fact, Plaintiffs' action here may not be maintained, and summary judgment in the Philips

26    defendants' favor should be granted.

27

28

1

2                                    **ARGUMENT**

3      **I.      THE CARTWRIGHT ACT PRECLUDES THIS ACTION.**

4            As explained in the Philips defendants' memorandum of law, and not directly challenged by

5      Plaintiffs, the Cartwright Act precludes Indirect Purchaser Plaintiffs ("IPP"s) who are natural persons

6      residing in California from maintaining this action.

7            The State of California may bring suit as *parens patriae* for alleged overcharges on behalf of

8      natural persons residing in California who have been injured by Cartwright Act violations.  Cal. Bus.

9      & Prof. Code § 16760(a)(1).  Injured purchasers are not required to have claims asserted on their

10     behalf by the AG.  The law requires the AG to provide notice of its *parens patriae* action, and all

11     putative plaintiffs are allowed to opt out of having their claims for monetary relief adjudicated in that

12     action if they so choose by filing notice of that election.  *Id.* § 16760(b)(1)–(2).  Thus, if a putative

13     plaintiff does not opt out of the *parens patriae* action, his or her claim for monetary relief will be

14     adjudicated in the *parens patriae* action.

15           Once the California AG acts in her *parens patriae* capacity, the forum court implements the

16     procedures that determine who remains in the action, and who has opted out of the action: a person

17     may elect to exclude their claim "by filing notice of that election with ***the*** court within the time

18     specified in ***the*** notice given . . . ."  *Id.* § 16760(b)(2) (emphasis added).  By statute, the *parens patriae*

19     action will have preclusive effect on the claim of the person.  *Id.* § 16760(b)(3).  Thus, the statute

20     provides that would-be plaintiffs must opt out if they do not want their claims adjudicated, and once

21     adjudicated, they may not reassert them in another action.

22           The legislative history of the Cartwright Act fully supports the Philips defendants position,

23     indicating that "[a]ny person who does not exclude his or her claim from the [*parens patriae*] action is

24     precluded from bringing his or her own action at a later date."  John J. Miller, Chairman, Assembly

25     Committee on Judiciary, Bill Digest, AB 1162 (1977).  Further, legislative history of the federal statute

26     on which the Cartwright Act is based makes clear that duplicative actions are impermissible.

27           "The [*parens patriae* legislation] creates no new substantive liability. . . . It authorizes
             State attorneys general to sue for damages on behalf of injured persons, subject to the
28           other provisions of the bill, namely, (1) the right of individuals to opt out under section
             4C(d), **(2) the extinction of the individual's right to maintain his own suit if he does**

1

2      **not opt out**, and (3) the right of the individual to receive his appropriate share of any
       recovery."

3

4    Hart-Scott-Rodino Antitrust Improvements Act of 1976, H.R. Rep. No. 94-499(I) (1975), *reprinted in*

5    1976 U.S.C.C.A.N. 2572, 2578–79, 1975 WL 12520 (emphasis added).; *see also id.* at 2579 ("The

6    establishment of an alternative [*parens patriae*] remedy does not increase any defendant's liability.  To

7    the extent an antitrust violator was liable to an individual, H.R. 8532 would make the violator liable to

8    **either** the individual **or** the State.") (emphasis added).  And an opposite reading would yield an

9    untenable result:  plaintiffs could simultaneously litigate in a private action the identical claims to

10   those asserted on their behalf in an ongoing *parens patriae* action which they had elected not to opt out

11   of.

12          These points remain valid and essentially unchallenged by defendants.

13   **II.    PLAINTIFFS' ARGUMENTS ARE INACCURATE AND MISPLACED.**

14          Each of Plaintiffs' arguments, if not plainly incorrect, is misplaced.

15          **A.    Plaintiffs' Argument that this Motion is Unripe is Incorrect.**

16          Plaintiffs contend that this motion is unripe, since res judicata cannot apply until after a final

17   judgment.  Although it is true that res judicata will apply once the settlement is upheld on appeal, this

18   motion is not based on res judicata.  Rather, it is based on the plain statutory language and construction

19   of the Cartwright Act's *parens patriae* provisions.  The Cartwright Act directly supports the Philips

20   defendants' motion irrespective of Plaintiffs' red herring res judicata objection.

21

22          **B.    Plaintiffs Introduce Irrelevant Arguments Concerning the Scope and
                    Fairness of the Settlement.**

23          Plaintiffs make several contentions around the "scope and fairness" of the settlement that they

24   contend necessitate denial of this motion.  But the scope and fairness of the settlement are irrelevant.

25   First, Plaintiffs contend that there is some question about whether the actions are truly duplicative.

26   This is a specious position.  The Philips defendants demonstrated the actions to be substantively

27   identical (MOL at 3–4), to which Plaintiffs' only response is that there is some disagreement over the

28   exact scope of the release included in the settlement agreement, a point which is not relevant to this

motion.[2]  Rather, the key point is that the Attorney General has asserted dominion over the claims of natural persons residing in California under the Cartwright Act.  It is the Cartwright Act and the assertion of *parens patriae* authority that govern this motion, not the settlement or the scope of the release.

Plaintiffs also argue that the settlement is unfair and did not yield any direct financial recovery to Plaintiffs.  This is similarly irrelevant.  If a plaintiff does not opt out of a *parens patriae* action, he or she necessarily accepts the pursuit and, ultimately, resolution of the matter as pursued by the AG under the supervision and approval of the court in which the AG pursues the action.

### C.   Plaintiffs' Arguments Concerning the Need for the California State Courts to Address Opt-Out Issues or Other Issues are Irrelevant to this Motion.

Plaintiffs contend that there are undecided issues regarding who has opted out of the AG's *parens patriae* action, referring to Mr. Ganz's purported exclusion of an entire class from the *parens patriae* action.  While Mr. Ganz is not able to opt out an entire class, *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1024 (9th Cir. 1998) ("The [due process] right to participate, or to opt-out, is an individual one and should not be made by the class representative or the class counsel."), this Court need not decide this issue since the Philips defendants merely request an order granting summary judgment as to any natural person residing in California who did not opt out of the *parens patriae* action.

Plaintiffs contend also that the state court must determine the scope of the release before this motion can be ruled on.  The Philips defendants, in this motion, make no argument that is dependent on the scope of the release.  The issue the Philips defendants move on simply concerns an interpretation of the Cartwright Act, a statute that Plaintiffs have asked this Court to interpret by

---

[2] Plaintiffs also erroneously assert that "the AG as *parens patriae* has not sued to obtain compensatory damages for private individuals." Resp. Opp'n 10.  The amended complaint in the California action, however, alleges that "natural persons residing in the State of California were injured in their business and property" and "on behalf of natural persons residing in this state . . . seeks treble damages."  Am. Cal. Cplt. ¶ 211.

1   bringing suit here.  The Court need merely find that the statute precludes parties that have not opted

2   out of a Cartwright Act *parens patriae* action from maintaining a separate action and dismiss those

3   claims from this action.

4

5            **D.      The AG's Position Regarding the Scope of the Release in Her Action is
6                      Irrelevant Here**

7           Plaintiffs make much of some comments from the AG regarding the scope of the release

8   included in the settlement of the AG's action that they view as supporting their position.  The AG's

9   position as to the scope of her release on other actions is not relevant here.  As an initial matter, it is for

10  the courts, not law enforcement executives, to make the relevant determination.  Here, the AG is

11  actually the lawyer bringing claims on behalf of plaintiffs in state court, most if not all of whom are

12  plaintiffs in this action as well.  In other words, Plaintiffs are asking the Court to defer to the AG's

13  interpretation of the effect of a settlement entered in a case in which she acted as the Plaintiffs'

14  representative.[3]  This is clearly an issue for the court.[4]

15          Further, the Philips defendants' argument on this motion – that a plaintiff may not maintain his

16  or her own state antitrust action after declining to opt out of an identical action brought on his or her

17  behalf by the AG as *parens patriae* – is a different question than the scope of any claims released in

18  the AG's settlement of her action.  The latter question, as noted above in Section B, is irrelevant to this

19  motion.

20

_____

21  [3] Plaintiffs attempt to support their argument by citing *Harrott v. County of Kings*, 25 Cal. 4th 1138,
22  1154–55 (2001).  There, the court, noting the AG's amicus brief filed in that case, deferred to the AG
    as to which guns were prohibited pursuant to particular legislation, as articulated by official
23  promulgations from the AG's office about that legislation.  As explained by the court, "'[t]he
    construction of a statute by the officials charged with its administration must be given great weight.'"
24  *Id.* (quoting *Highland Ranch v. Agricultural Labor Relations Bd.*, 29 Cal. 3d 838, 859 (1981)).  That is
25  a far cry from the instant scenario, where the AG is not promulgating an official interpretation of a
    statute, but rather expressing a view as to the scope of a release that she has entered into on behalf of
26  natural persons residing in California on whose behalf she has brought suit as *parens patriae*.

27  [4] To further illustrate the point, suppose the AG filed an action on behalf of the state seeking damages
    against a contractor.  Certainly in that lawsuit, the AG's position on every question of law would not
28  be entitled to deference; rather, the AG would be afforded the same rights as any litigant.

1

2                    **E.     Plaintiffs' Cases are Off Point**

3          Plaintiffs imply that the cases they cite corroborate their position that a private Cartwright Act

4   action may be maintained after not opting out of a *parens patriae* action.  They do not.  Indeed, none

5   of Plaintiffs' cases remotely considers the issue presented by this motion, and several actually support

6   the Philips defendants' position.

7          *Washington v. Chimei Innolux Corp.* merely held that *parens patriae* actions are not class

8   actions under the Class Action Fairness Act and therefore not removable as such.  659 F.3d 842, 846

9   (9th Cir. 2011).  The Court in *United States v. Borden Co.* held that when a plaintiff had obtained an

10  injunction under the Clayton Act, the government was not foreclosed from also seeking an injunction

11  in an enforcement action for the same conduct thereunder, noting that a private plaintiff might not seek

12  to enforce the injunction if it were not to its interest so to do.  347 U.S. 514, 518–19 (1954).  It has

13  nothing to do with *parens patriae* suits.  In *People v. Pacific Land Research Co.*, 20 Cal. 3d 10, 16–21

14  (1977), the court held that an action brought by the State in the name of the People under various

15  provisions of California law – but not the Cartwright Act – was not a class action, and therefore a

16  determination of issues regarding the suitability of the representative action and the composition of the

17  class prior to a determination of a motion for preliminary injunction was not required as it might be in

18  a class action.  This has no relevance to the express and specific statutory authority of the AG to pursue

19  a *parens patriae* claim under the Cartwright Act.

20         Finally, the claims at issue in *Payne v. Nat'l Collection Systems, Inc.*, 91 Cal. App. 4th 1037

21  (2001), concerned a very different statute than the Cartwright Act.  *Payne* concerns the preclusive

22  effect of an enforcement action brought by the AG under California's Unfair Competition Law

23  ("UCL"),  Cal. Bus. & Prof. Code § 17200 *et seq.*, and holds that a resolved state claim does not

24  necessarily preclude a subsequent private claim where no recovery was obtained on the later plaintiff's

25  behalf.  While the UCL does permit the State (or so-called private attorneys general) to bring actions

26  predicated on injury to the public, and even to recover restitution, *see* Cal. Bus. & Prof. Code § 17203,

27  no part of the statute (a) provides that the AG is acting as *parens patriae* on behalf of individual

28  persons, or (b) permits would-be plaintiffs to opt out of UCL claims brought by the AG.  Unlike the

1

2   UCL, the Cartwright Act plainly provides (a) that the AG may bring a *parens patriae* action on behalf

3   of individuals, and (b) that would-be plaintiffs may opt out of such actions if they prefer to bring their

4   own claims.  *See* Cal. Bus. & Prof. Code § 16760(a)(1), (b)(2).  This marked contrast highlights

5   precisely the merits of this motion.[5]

6

7       **III.     THE PHILIPS DEFENDANTS' POSITION IS FULLY CONSISTENT WITH
                    FUNDAMENTAL FAIRNESS.**

8          Contrary to Plaintiffs' suggestion, the Philips defendants' position is not an "end run" around

9   the state court, nor an effort to deny Plaintiffs the rights to which they are entitled in federal court, nor

10  in any way unjust or unfair.  Rather, fairness considerations tilt the other way.  It is Plaintiffs that are

11  seeking remedies against the Philips defendants under state law in this court when the identical state

12  law claims are being pursued in state court by the AG on Plaintiffs' behalf.  Both fairness and judicial

13  economy dictate that the claims being pursued by the Plaintiffs in this action be dismissed.

14  There is nothing surprising or duplicitous about the Philips defendants' position.  Indeed, Plaintiffs

15  have been well-aware of the likely significant impact of the state court action on this action and have

16  anticipated it for a long time.  Plaintiffs' counsel has acknowledged that the AG settlement will result

17  in "my claims hav[ing] been given up in the District Court in the MDL case."  Declaration of Erik T.

18  Koons in Support of PENAC's Memorandum Regarding Parallel State Litigation Ex. 1, Final

19  Approval Hrg. Tr. at 71:12–15, *State of California v. Chunghwa Picture Tubes Ltd.*, No. CGC-11-

20  515786 (Cal. Supr. Ct. San Francisco December 5, 2013) [Dkt. No. 2861-2]; *see also id.* at 41:11-14

21  ("Judge Conti is going to look at Your Honor's order, at the face of the order, and he's going to say

22  this is what the order says, Mr. Alioto, your claims are barred.").

23

24  ――――――――――――

25  [5] Also of note, under the UCL, class actions may be brought (where individual claims are
    incorporated), but only where the class action requirements are met.  *See Corbett v. Superior Court*,

26  101 Cal. App. 4th 649, 653-73 (2002) (holding that a trial court trial court may certify a Section 17200
    claim as a class action when the statutory requirements for class actions are met).  UCL class actions

27  do have preclusive effects on subsequent state actions seeking to recover restitution for individuals
    whose claims have been brought as class actions.  *See California v. IntelliGender*, LLC, 771 F.3d 1169

28  (9th Cir. 2014).

1

2        Moreover, the Opposition seems to acknowledge that the state court action will have preclusive

3   effect as res judicata once it is final.  Plaintiffs' principal argument therefore appears to be that they

4   believe they should be allowed to maintain a duplicative action after declining to opt out of a state

5   court action that ultimately will have preclusive effect.  The Philips defendants believe that should no

6   longer be sanctioned.

7

8        **IV.    THE PHILIPS DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT
             AS TO PLAINTIFFS' CALIFORNIA CLAIMS IN THIS ACTION.**

9        The Philips defendants move for judgment as to all of Plaintiffs' California claims in this

10  action.  For all the reasons described in this reply and in the MOL, judgment should be granted in the

11  Philips defendants' favor as to Plaintiffs' California claims.  The Cartwright Act is express on this

12  point.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                    **CONCLUSION**

3          Judgment as a matter of law as to the IPP claims of natural persons residing in California who

4    did not opt out of the AG's action should be granted as to the Philips defendants.

5
     Dated: January 23, 2015                      By:  /s/ Erik T. Koons
6                                                 Erik T. Koons (*pro hac vice*)
                                                  John M. Taladay (*pro hac vice*)
7                                                 Charles M. Malaise (*pro hac vice*)
                                                  BAKER BOTTS LLP
8                                                 1299 Pennsylvania Ave., N.W.
                                                  Washington, DC 20004-2400
9                                                 Telephone: (202) 639-7700
                                                  Facsimile: (202) 639-7890
10                                                Email: john.taladay@bakerbotts.com
                                                  Email: erik.koons@bakerbotts.com
11                                                Email: charles.malaise@bakerbotts.com

12
                                                  Jon V. Swenson (SBN 233054)
13                                                BAKER BOTTS LLP
                                                  620 Hansen Way
14                                                Palo Alto, CA 94304
                                                  Telephone: (650) 739-7500
15                                                Facsimile: (650) 739-7699
                                                  Email: jon.swenson@bakerbotts.com
16

17                                                *Attorneys for Defendants Koninklijke Philips N.V.,*
                                                  *Philips Electronics North America Corporation, Philips*
18                                                *Taiwan Limited, and Philips do Brasil Ltda.*

19

20

21

22

23

24

25

26

27

28