1  JEFFREY L. KESSLER (*pro hac vice*)
   Email: JKessler@winston.com
2  ALDO A. BADINI (SBN 257086)
   Email: ABadini@winston.com
3  EVA W. COLE (*pro hac vice*)
   Email: EWCole@winston.com
4  MOLLY M. DONOVAN (*pro hac vice*)
   Email: MMDonovan@winston.com
5  **WINSTON & STRAWN LLP**
   200 Park Avenue
6  New York, NY 10166
   Telephone: (212) 294-6700
7  Facsimile: (212) 294-4700

8  STEVEN A. REISS (*pro hac vice*)
   steven.reiss@weil.com
9  DAVID L. YOHAI (*pro hac vice*)
   Email: david.yohai@weil.com
10 ADAM C. HEMLOCK (*pro hac vice*)
   Email: adam.hemlock@weil.com
11 **WEIL, GOTSHAL & MANGES LLP**
   767 Fifth Avenue
12 New York, New York 10153-0119
   Telephone: (212) 310-8000
13 Facsimile: (212) 310-8007

14 *Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and Panasonic Corporation of North America*
15

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL. No. 1917 |
| This Document Relates to: | **DECLARATION OF SOFIA ARGUELLO IN SUPPORT OF DEFENDANTS PANASONIC CORPORATION OF NORTH AMERICA AND PANASONIC CORPORATION'S (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| ALL INDIRECT-PURCHASER ACTIONS | |
| *Sharp Electronics Corp., et. al. v. Hitachi Ltd., et al.*, No. 13-cv-01173 | |
| *Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |
| *Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724; | |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |

- 1 -

1  *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

2

3  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

4  *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

5

6  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

7  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

8

9  *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

10  *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

11

12  *Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

13  *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

14

15  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

16  *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

17

18  *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

19  *P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

20

21  *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

22  *Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

23

24  *Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

25  *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157

26

27

28

DECL. OF SOFIA ARGUELLO I/S/O DEFS PNA AND
PANASONIC CORP.' MOT. TO SEAL DOCUMENTS

Case No. 07-5944 SC
MDL No. 1917

1  I, Sofia Arguello, declare as follows:

2      1.    I am an attorney with Winston & Strawn LLP, attorneys for Defendants Panasonic Corporation of North America ("PNA"), MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) ("Panasonic Corp.") (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*.

    2.    I submit this declaration pursuant to Civil Local Rule 79-5(d) in Support of the Administrative Motion to File Under Seal PNA and Panasonic Corp.'s Reply in Support of Motion for Summary Judgment (the "Reply"). Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

    3.    On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

    4.    On January 23, 2015, Defendants PNA and Panasonic Corp. filed an Administrative Motion to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

    (a) Portions of the Reply that contain quotations or information from documents and/or deposition testimony designated "Confidential" or "Highly Confidential;" and

    (b) Exhibits 1 through 6 to the Declaration of Sofia Arguello in Support of the Reply ("Arguello Decl.").

    5.    Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Reply.

    6.    Specifically, the Panasonic Defendants request that the following excerpts be maintained under seal: (i) Exhibit 1 to the Arguello Decl. (excerpts from the transcript of the deposition of Michael Hsu, who was a percipient witness for the Panasonic Defendants); (ii) Exhibit

- 3 -

1  2 to the Arguello Decl. (excerpts from the transcript of the deposition of Tatsuo Tobinaga, who was
2  designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants); (iii) Exhibit 3 to the
3  Arguello Decl. (excerpts from the transcript of the deposition of Takashi Nakano, who was
4  designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants); (iv) Exhibit 4 to the
5  Arguello Decl. (excerpts from the transcript of the deposition of Allen Chang, who was a percipient
6  witness for the Panasonic Defendants); and (v) all references to information designated
7  "Confidential" or "Highly Confidential" by the parties in the above captioned actions in the Reply.

8        7.      Attached as Exhibit 1 to the Arguello Decl. are excerpts from the transcript of
9  the deposition of Michael Hsu, a percipient witness for the Panasonic Defendants.

10        8.      Upon information and belief, the transcript excerpts in Exhibit 1 to the
11  Arguello Decl. contain, cite, identify and/or analyze confidential, nonpublic, proprietary and highly
12  sensitive information about the Panasonic Defendants' business practices, internal practices, and
13  competitive positions. I am informed and believe that this is sensitive information and public
14  disclosure of this information presents a risk of undermining the Panasonic Defendants' business
15  relationships, would cause it harm with respect to its competitors and customers, and would put the
16  Panasonic Defendants at a competitive disadvantage.

17        9.      Attached as Exhibit 2 to the Arguello Decl. are excerpts from the transcript of
18  the deposition of Tatsuo Tobinaga, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the
19  Panasonic Defendants.

20        10.      Upon information and belief, the transcript excerpts in Exhibit 2 to the
21  Arguello Decl. consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly
22  sensitive business information about the Panasonic Defendants' business practices, internal
23  practices, and competitive positions. I am informed and believe that this is sensitive information and
24  public disclosure of this information presents a risk of undermining the Panasonic Defendants'
25  business relationships, would cause it harm with respect to its competitors and customers, and would
26  put the Panasonic Defendants at a competitive disadvantage.

27
28

- 4 -

11.     Attached as Exhibit 3 to the Arguello Decl. are excerpts from the transcript of the deposition of Takashi Nakano, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for the Panasonic Defendants.

12.     Upon information and belief, the transcript excerpts in Exhibit 3 to the Arguello Decl. consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

13.     Attached as Exhibit 4 to the Arguello Decl. are excerpts from the transcript of the deposition of Allen Chang, a percipient witness for the Panasonic Defendants.

14.     Upon information and belief, the transcript excerpts in Exhibit 4 to the Arguello Decl. consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' business practices, internal practices, and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

15.     The highlighted portions of pages 1 through 14 of the Reply and Appendix A quote from or describe documents or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants, including but not limited to Exhibits 1 through 4. As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Reply purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 1 through 4, and referenced in the Reply and Appendix A.

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct.

3   DATED: January 23, 2015                By:  /s/ *Sofia Arguello*

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
SOFIA ARGUELLO (*pro hac vice*)
Email: sarguello@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and Panasonic Corporation of North America*