JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and Panasonic Corporation of North America*

Additional Counsel Listed on Signature Pages

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**DEFENDANTS PANASONIC CORPORATION OF NORTH AMERICA AND PANASONIC CORPORATION'S (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| This Document Relates to:<br><br>INDIRECT-PURCHASER ACTIONS | |
| *Sharp Electronics Corp., et. al. v. Hitachi Ltd., et al.*, No. 13-cv-01173<br><br>*Electrograph Sys., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, | Judge: Hon. Samuel P. Conti<br>Court: Courtroom 1, 17th Floor<br>Date:  February 6, 2015 10 a.m.<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

No. 11-cv-05513;

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck & Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06396;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157

ii

1

## TABLE OF CONTENTS

2                                                                                      Page

3   PRELIMINARY STATEMENT ................................................................................................. 1

4   ARGUMENT......................................................................................................................... 4

5         I.      Plaintiffs Have Produced No Direct Evidence That Panasonic Corp. Or
               PNA Participated In The "Massive, Decade-Long Global Conspiracy To
6              Fix CRT Prices" That Is Alleged.............................................................................. 5

7         II.     Plaintiffs Have Also Failed to Come Forward With Sufficient
               Circumstantial Evidence Capable Of Supporting A Jury Verdict That
8              Panasonic Corp. Or PNA Participated In The Alleged CRT Conspiracy ............. 11

9   CONCLUSION ..................................................................................................................... 14

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS PNA AND PANASONIC CORP.'S                                    Case No. 07-5944 SC
REPLY I/S/O MOT. FOR SUMMARY JUDGMENT                              MDL NO. 1917

1

## TABLE OF AUTHORITIES

2

Page(s)

3

CASES

4

*AD/SAT, Div. of Skylight, Inc. v. Associated Press,*
   181 F.3d 216 (2d Cir. 1999) ...................................................................................4, 5

5

*Bowoto v. Chevron Texaco Corp.,*
   312 F. Supp. 2d 1229 (N.D. Cal. 2004)........................................................................9

6

7

*Canada v. Blain's Helicopters, Inc.,*
   831 F.2d 920 (9th Cir. 1987) .......................................................................................12

8

9

*Clark v. Cnty. of Tulare,*
   755 F. Supp. 2d 1075 (E.D. Cal. 2010) ......................................................................12

10

*De Jesus v. Sears Roebuck & Co.,*
   87 F.3d 65 (2d Cir. 1996)..............................................................................................9

11

12

*E. & J. Gallo Winery v. EnCana Energy Servs., Inc.,*
   No. CV F 03-5412 AWI LJO, 2008 WL 2220396 (E.D. Cal. May 27, 2008) ...................9, 10

13

14

*Fed. Agr. Mortg. Corp. v. It's a Jungle Out There, Inc.,*
   No. C 03-3721 VRW, 2005 WL 3325051 (N.D. Cal. Dec. 7, 2005) .....................................14

15

*In re Baby Food Antitrust Litig.,*
   166 F.3d 112 (3d Cir. 1999) .................................................................................7, 12, 13

16

17

*In re Citric Acid Litig. ("Citric Acid I"),*
   996 F. Supp. 951 (N.D. Cal. 1998), aff'd, 191 F.3d 1090 (9th Cir. 1999) .................2, 4, 5, 13

18

*In re Citric Acid Litig. ("Citric Acid II"),*
   191 F.3d 1090 (9th Cir. 1999) ..................................................................................7, 13

19

20

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,*
   No. 4:02-md-01486-PJH (N.D. Cal. Feb. 20, 2007) ..............................................6, 9, 10, 11

21

22

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986) ...................................................................................................4, 14

23

*Rudledge v. Elec. Hose & Rubber Co.,*
   327 F. Supp. 1267 (C.D. Cal. 1971) ............................................................................12

24

25

*Shoppin' Bag of Pueblo, Inc. v. Dillon Cos., Inc.,*
   783 F.2d 159 (10th Cir. 1986) .......................................................................................6

26

27

*United States v. Bestfoods,*
   524 U.S. 51 (1998) .....................................................................................................6, 9

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States v. Esparza,*
   876 F.2d 1390 (9th Cir. 1989) ............................................................................. 12

*United States v. Melchor-Lopez,*
   627 F.2d 886 (9th Cir. 1980) ............................................................................... 12

*United States v. Penagos,*
   823 F.2d 346 (9th Cir. 1987) ............................................................................... 12

*United States v. U.S. Gypsum Co.,*
   438 U.S. 422 (1978) ......................................................................................... 4, 5

v

## PRELIMINARY STATEMENT

Courts have repeatedly held that where plaintiffs, after having engaged in extensive discovery, fail to produce sufficient probative evidence in support of their allegations, summary judgment is appropriate.  It is therefore telling that, despite the extensive discovery conducted by indirect purchaser plaintiffs ("IPPs") and direct action plaintiffs ("DAPs") (collectively, "Plaintiffs") over more than seven years in this case, ███████████████████████████████████████ in their opposition as the purported basis for tying these two defendants to the alleged 12-year CRT conspiracy (PNA, together with Panasonic Corp., the "Panasonic Defendants").  As shown below, the record evidence ██████████████████████████████████████ – does not come close to raising a genuine issue of material fact that Panasonic Corp. or PNA participated in the claimed conspiracy.

Moreover, in opposing Panasonic Corp. and PNA's motion for summary judgment (the "Motion"), Plaintiffs misapply the Ninth Circuit's standard for summary judgment in antitrust cases, misstate what constitutes an illegal price-fixing agreement under the Sherman Act, and – most disingenuously – mischaracterize the paltry evidence they cited.[1]  When the governing law and evidentiary record are considered, it is respectfully submitted that summary judgment in favor of Panasonic Corp. and PNA, which have never been charged or implicated by the Department of Justice in the CRT investigation, is warranted.

---

[1] *See* Appendix A, which reviews the three pieces of purported direct evidence and eleven pieces of circumstantial evidence, out of the vast discovery in this case, which have been identified by Plaintiffs as purportedly raising a genuine issue of material fact that Panasonic Corp. and PNA joined the alleged conspiracy.  As plainly set forth in the chart, none of this evidence *relates in any way to PNA or provides a basis for finding that Panasonic Corp. participated in the alleged 12-year CRT conspiracy.*  To the contrary, all of this evidence ███████████████████████████ ██████████████████ is clearly insufficient, taken separately or together, to stave off this summary judgment motion because this evidence is at least as consistent with an inference that the Panasonic Defendants did not participate in the alleged conspiracy as any contrary inference.

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See In re Citric*

3 *Acid Litig.*, 996 F. Supp. 951, 956 (N.D. Cal. 1998), *aff'd*, 191 F.3d 1090 (9th Cir. 1999) ("*Citric*

4 *Acid I*"). But Plaintiffs are grossly overreaching in their attempt to include Panasonic Corp. and

5 PNA in that alleged conspiracy. Indeed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In an effort to manufacture a genuine issue of

9 material fact against Panasonic Corp. and PNA, Plaintiffs instead focus on the direct evidence

10 against *other defendants*, point to a handful of bilateral information exchanges, and make broad

11 generalizations about the alleged conspiracy. But none of this is sufficient to loop Panasonic

12 Corp. or PNA into the conspiracy alleged.

13    For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to support this proposition. But the cited evidence,

16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17 ▮▮▮▮▮▮▮▮▮▮▮▮ have *nothing* to do with Panasonic Corp. or PNA, and Plaintiffs have

18 done nothing to establish a probative link between this evidence and the two Panasonic

19 Defendants. Indeed, Plaintiffs disingenuously omit ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This

21 absence of any probative evidence to support a claim specifically against the Panasonic

22 Defendants requires that summary judgment be entered in their favor. *See, e.g.*, *Citric Acid I*, 996

23 F. Supp. at 955, 962 (finding "[m]ost persuasive" "direct testimonial evidence" by admitted co-

24 conspirator that defendant never attended multilateral cartel meetings in granting summary

25 judgment against Sherman Act conspiracy claim).

26 ───────────────

27 [2] Declaration of Eva Cole, dated Nov. 7, 2014 ("Cole Decl."), Ex. 4, Liu Tr. 530:22-531:1 ▮▮▮

28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1         Nor can Plaintiffs meet their burden on summary judgment to come forward with

2    significant probative evidence to support their conspiracy claims against the Panasonic

3    Defendants by simply mischaracterizing or ignoring the record evidence. For example, Plaintiffs

4    rely heavily on the following arguments, none of which are supported by the actual evidence in

5    the case:

6    •

7

8

9

10

11    •

12

13

14

15

16

17

18

19

20

21    •

22

23    ³ Exhibit Declaration of Philip J. Iovieno in Supp. of Pls.' Opp. to Panasonic's Mot. for Summ.
     Judg. ("Iovieno Decl."), Ex. 3, Liu Tr. 91:21-92:4.
24
     ⁴ *Id.*, Liu Tr. 92:17-93:8.
25
     ⁵ Cole Decl., Ex. 16, Chang Tr. 116:9-13; 221:8-11.
26
     ⁶ *Id.*, Chang Tr. 219:21-25.
27
     ⁷ Iovieno Decl., Ex. 6, CHU00028755.
28

3

DEFS PNA AND PANASONIC CORP.'S                                                    Case No. 07-5944 SC
REPLY I/S/O MOT. FOR SUMMARY JUDGMENT                                            MDL NO. 1917

1

███████████████████████████████████████████ Mot. at 5-6.

2

3       In sum, Plaintiffs' opposition to this Motion is based on evidence against some of the

4   other defendants – but not Panasonic Corp. or PNA – or mischaracterizations and omissions of the

5   evidentiary record against Panasonic Corp. and PNA.   This is simply not sufficient.   Indeed,

6   liability under the antitrust laws "c[an] only be predicated on the *knowing involvement of each*

7   *defendant, considered individually*, in the conspiracy charged."   *United States v. U.S. Gypsum*

8   *Co.*, 438 U.S. 422, 463 (1978) (emphasis added); *AD/SAT, Div. of Skylight, Inc. v. Associated*

9   *Press*, 181 F.3d 216, 234 (2d Cir. 1999) (per curiam) ("There must . . . be some evidence of actual

10   knowledge of, *and participation in*, the illegal scheme in order to establish a violation of the

11   antitrust laws by a particular association member.") (emphasis in original).   Plaintiffs' failure to

12   produce such evidence here for Panasonic Corp. and PNA requires that summary judgment be

13   entered in their favor and that the trial only proceed against those defendants for which Plaintiffs

14   can present probative evidence to at least raise genuine issues of material fact in support of their

15   claims.

16                                    **ARGUMENT**

17       Plaintiffs distort the controlling antitrust conspiracy summary judgment standard as

18   articulated in *Citric Acid* and other Ninth Circuit cases.   Where, as here, there is no direct

19   evidence that either of the Panasonic Defendants participated in the alleged conspiracy, Plaintiffs

20   must identify circumstantial evidence of Panasonic Corp.'s and PNA's involvement in the

21   conspiracy that is more consistent with an inference of participation in the alleged conspiracy than

22   with an inference of independent or competitive behavior.   *See Matsushita Elec. Indus. Co. v.*

23   *Zenith Radio Corp.*, 475 U.S. 574, 588 (1986) (holding that plaintiffs "must present evidence that

24   tends to exclude the possibility that the alleged conspirators acted independently") (internal

25   quotation marks omitted).   Here, the undisputed facts establish that Plaintiffs cannot meet this

26   burden as the circumstantial evidence they cite against the Panasonic Defendants is at least as

27   consistent with the inference that Panasonic Corp. and PNA were engaging in independent

28   competitive behavior rather than participating in the alleged conspiracy.   Plaintiffs thus cannot

DEFS PNA AND PANASONIC CORP.'S                                           Case No. 07-5944 SC
REPLY I/S/O MOT. FOR SUMMARY JUDGMENT                                    MDL NO. 1917

1  satisfy the "special rule" governing the use of circumstantial evidence in antitrust conspiracy

2  cases. *Citric Acid I*, 996 F. Supp. at 954.

3  **I.  Plaintiffs Have Produced No Direct Evidence That Panasonic Corp. Or PNA
4  Participated In The "Massive, Decade-Long Global Conspiracy To Fix CRT Prices"
   That Is Alleged**

5  ███████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████

7  ████████  *See Citric Acid I*, 996 F. Supp. at 956.  But critically, Plaintiffs have produced no

8  such direct evidence of conspiratorial participation by Panasonic Corp. or PNA.  *Gypsum*, 438

9  U.S. at 463 (holding that liability for price-fixing "c[an] only be predicated on the *knowing*

10 *involvement of each defendant, considered individually*, in the conspiracy charged") (emphasis

11 added).

12     Plaintiffs' purported direct evidence against Panasonic Corp. and PNA boils down to the

13 following: ████████████████████████████████████████████████████

14 ██████████████████████  (2) SDI's guilty plea to a limited conspiracy involving certain

15 CDTs and certain competitors (but not the Panasonic Defendants); and (3) ████████████

16 ████████████████████████████████████████████████████████████████

17 █████████████████████████████  Opp'n at 4-6.  The first category of purported

18 direct evidence against the Panasonic Defendants is nothing more than a smokescreen.  It is well-

19 settled that Plaintiffs need to show evidence specifically implicating Panasonic Corp. and PNA –

20 not other defendants – ██████████████████████████████████████████████

21 ███████████████████████████████  let alone direct evidence, against

22 Panasonic Corp. or PNA.  *See AD/SAT*, 181 F.3d at 234; *Gypsum*, 438 U.S. at 463.

23 ████████████████████████████████████████████████████████████████

24 ███████████████

25     The second category of purported direct evidence against Panasonic Corp. and PNA cited

26 by Plaintiffs – SDI's plea agreement – similarly fails against the Panasonic Defendants.  SDI's

27 plea agreement, which is limited to certain CDT customers during the period from January 1997

28

1  through March 2006, does not directly implicate Panasonic Corp. or PNA in any way.  Mot. at 7

2  n.22. ████████████████████████████████████████████████████████████

3  ████████████████████  and there is no evidence in the record to make the SDI plea any form of

4  direct evidence against Panasonic Corp. or PNA, neither of whom have ever been charged or

5  implicated by the Department of Justice in the CRT investigation.  *See* Order Grant. Summ. J. In

6  Part and Den. Summ. J. In Part at 25, *In re Dynamic Random Access Memory (DRAM) Antitrust*

7  *Litig.*, No. 4:02-md-01486-PJH (N.D. Cal. Feb. 20, 2007), Dkt. 1360 ("*DRAM*") (explaining that

8  it is improper to accept evidence of a co-defendant's guilty plea as evidence tending to support an

9  inference against another defendant who is not implicated by that plea).[8]

10       This leaves just the third category of purported "direct evidence" against the Panasonic

11  Defendants:



19

<hr>

[8] Plaintiffs also cite to certain foreign government decisions relating to CRTs.  Opp'n at 4.  But
20  such foreign proceedings are wholly irrelevant to this litigation since they relate to different
foreign conduct under different legal rules and would not even be admissible in this case.  *See*
21  *Shoppin' Bag of Pueblo, Inc. v. Dillon Cos., Inc.*, 783 F.2d 159, 165 (10th Cir. 1986) (upholding
exclusion of evidence of FTC investigation as irrelevant, prejudicial, and risked confusing and
22  misleading the jury).  The decisions cited are also subject to appeals in foreign tribunals and are
not final.
23
[9] Ioviento Decl., Ex. 6, CHU00028755.
24
[10] See Cole Decl., Ex. 6, PC-0020552.
25
[11] Moreover, it is well-settled that a corporate relationship alone is *not* sufficient to impose
26  liability on a parent company for any wrongful acts of its subsidiaries.  *See United States v.*
*Bestfoods*, 524 U.S. 51, 60 n.7, 61 (1998) ("It is a general principle of corporate law . . . that a
27  parent corporation (so-called because of control through ownership of another corporation's
stock) is not liable for the acts of its subsidiaries.").
28

DEFS PNA AND PANASONIC CORP.'S                                    Case No. 07-5944 SC
REPLY I/S/O MOT. FOR SUMMARY JUDGMENT                            MDL NO. 1917



No reasonable fact-finder would conclude that this constitutes "direct evidence" that Panasonic Corp. or PNA participated in a price-fixing agreement, ███████████████████████████ let alone the massive 12-year conspiracy involving both CPTs and CDTs that Plaintiffs have alleged against the Panasonic Defendants.

Nor can Plaintiffs fill this complete absence of direct evidence against the Panasonic Defendants by trying to characterize the ███████████████████ ██████████████████ . as purported direct evidence of participation in the alleged conspiracy. *See* Opp'n at 17. Direct evidence is evidence that "establishes, *without requiring any inferences*, that [the defendant] participated in the . . . conspiracy." *In re Citric Acid Litig.*, 191 F.3d 1090, 1093-94 (9th Cir. 1999) ("*Citric Acid II*") (emphasis added); *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 118 (3d Cir. 1999). None of the documents and testimony cited by Plaintiffs in their opposition ██████████████████ establish without requiring any inferences that Panasonic Corp. or PNA participated in any conspiracy to fix CRT prices, especially regarding the United States. To the contrary, ████████████████████ ████████████████

---

[12] Cole Decl., Ex. 16, Chang Tr. 116:9-13; 221:8-11.

[13] *Id.*, Chang Tr. 219:21-25.

[14] Iovieno Decl., Ex. 6, CHU00028755.

[15] *Id.*

DEFS PNA AND PANASONIC CORP.'S
REPLY I/S/O MOT. FOR SUMMARY JUDGMENT

Case No. 07-5944 SC
MDL NO. 1917

1   ███████ *See generally*, Appendix A.

2   For example, ████████████████████████████

3   ████████████████████████████████████████████

4   ████████████████████████████████████████████

5   ████████████████████████████████████████████

6   ████████████████████████████████████████████

7   ████████████████████████████████████████████

8   ████████████████████████████████████████████ is

9   circumstantial, at best, and insufficient to raise a genuine issue of material fact to support any

10  conspiracy claim against the Panasonic Defendants.[18] See *infra*, Section II.

11      Nor can Plaintiffs overcome this absence of direct evidence against Panasonic Corp. and

12  PNA ████████████████████████████████████████

13  ████████████████████████████████████████████

14  ████████████████████████████████████████████

15  [16] Iovieno Decl., Ex. 18, CHU00028505 (emphasis added).

16  [17] *Id.*, Ex. 4, CHU00028503. ████████████████████

17  ████████████████████████████████ *Id.*

18  [18] ████████████████████████████████████████

19  ████████████████████████████████████████████

20  ████████████████████████████████████████████

21  ████████████████████████████████████████████

22  ████████████████████████████████████████████

23  ████████████████████████████████████████████

24  ████████████████████████████████████████████

25  ████████████████████████████████████████████

26  ████████████████████████████████████████████

27  ████████████████████████████████████████████

28  ████████████████████████████████████████████

8

1

2

3

4

5   *See Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1248 (N.D. Cal. 2004).  Panasonic

6   Corp. and MTPD are separately incorporated entities with entirely distinct legal existences.  A

7   parent corporation is responsible for its own violations of the antitrust laws, but it is well settled

8   that barring any "unusual circumstances," a corporate relationship alone is *not* sufficient to

9   impose liability on a parent company for any wrongful acts of its subsidiaries. *See Bestfoods*, 524

10  U.S. at 51, 60 n.7, 61; *De Jesus v. Sears Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996).  Here,

11  Plaintiffs have failed to identify any "unusual circumstance" to hold Panasonic Corp. liable for

12  any alleged conspiratorial or wrongful acts of MTPD.  *See E. & J. Gallo Winery v. EnCana*

13  *Energy Servs., Inc.*, No. CV F 03-5412 AWI LJO, 2008 WL 2220396, at *5 (E.D. Cal. May 27,

14  2008) (citing *Bowoto*, 312 F. Supp. 2d at 1234-35).

15       *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* is instructive.  In

16  *DRAM*, a Taiwanese manufacturer of DRAM and its wholly-owned subsidiary in the United

17  States were both alleged to have participated in a price-fixing conspiracy.  The subsidiary was the

18  U.S. sales entity of the parent company.  Plaintiffs offered evidence of the subsidiary's allegedly

19  unlawful conduct in an attempt to create a genuine issue of material fact in support of its claim

20  that the parent company also participated in the alleged conspiracy.  The evidence relied upon by

21  Plaintiffs for imposing liability revealed that: (i) the parent company had full operational control

22  over the subsidiary; (ii) certain of the subsidiary's officers reported directly to the parent; (iii) two

23  of the three directors on the subsidiary's board of directors were from the parent company; (iv)

24  subsidiary executives had orders not to deviate from pricing policies set by the parent company;

25  and (v) the parent company set pricing policies that drove the subsidiary's prices.

26  Notwithstanding this evidence, the *DRAM* court held that it was legally insufficient to hold the

27  parent liable for the conspiratorial acts of its subsidiary.  *See DRAM*, at 8-10 (holding that the

28  "[parent company's] participation in the alleged overarching conspiracy must be *independently*

9

DEFS PNA AND PANASONIC CORP.'S
REPLY I/S/O MOT. FOR SUMMARY JUDGMENT

Case No. 07-5944 SC
MDL NO. 1917

1  proven . . . .") (emphasis added); *see also E. & J. Gallo Winery*, 2008 WL 220396, at *10

2  ("[p]roof that the parent corporation appoints members to the subsidiary's board of directors . . . is

3  also not sufficient to establish a principal/agent relationship").

4      The reasoning of *DRAM* applies *a fortiori* to Plaintiffs' claim here that ███████

5  ████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████

17 ██████████████████

18 [19] *E. & J. Gallo Winery*, 2008 WL 2220396, at *10 (To hold a parent liable, the control the principal exerts over the subsidiary must be "more than the supervision of finance and capital

19 budget decisions and responsibility for the setting of general policies and procedures for the subsidiary." (internal quotations and citations omitted)).

20 [20] Arguello Decl., Ex. 2, Tobinaga Tr. 28:13-21 ████████████████████████████████

21 ████████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████████

23 ████████████████████████

24 [21] *Id.*, Tobinaga Tr. 26:23-27:6 ██████████████████████████████████████

25 ████████████████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████████████

27 ██████████████████████████

28 [22] Arguello Decl., Ex. 3, Nakano Tr. 72:6-12 ████████████████████████████████

DEFS PNA AND PANASONIC CORP.'S                Case No. 07-5944 SC
REPLY I/S/O MOT. FOR SUMMARY JUDGMENT        MDL NO. 1917

1    And critically, unlike in *DRAM,* ███████████████████████████

2  ████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████

4  ███████████████████████████████████████████████    As for PNA, it is

5  undisputed that it had no ownership relationship with MTPD at all.[24]

6  **II.    Plaintiffs Have Also Failed to Come Forward With Sufficient Circumstantial
         Evidence Capable Of Supporting A Jury Verdict That Panasonic Corp. Or PNA
7        Participated In The Alleged CRT Conspiracy**

8        Plaintiffs mischaracterize the circumstantial evidence in this case against Panasonic Corp.

9  and PNA in a futile effort to resist summary judgment. *See* Appendix A. For example, ████████

10 ████████████████████████████████████████████████████████████████

11 ████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████████

21

22 ─────────────────────────────────────────────────

23 ████████████ *Id.,* Ex. 2, Tobinaga Tr. 28:22–29:18 ███████████████████

24 ████████████

25  [23] Cole Decl., Ex. 5, TSB-CRT-00018162, at Art. 28(1).

26  [24] *Id.,* Ex. 6, PC-0020552

27  [25] Ioveino Decl., Ex. 3, Liu Tr. 92:17 – 93:8.

28  [26] Arguello Decl., Ex. 4, Chang Tr. 64:11-19.

11

[REDACTED] . *See United States v. Esparza*, 876 F.2d 1390, 1391-92 (9th Cir. 1989); *see also United States v. Penagos*, 823 F.2d 346, 348 (9th Cir. 1987) (conviction requires evidence of action in furtherance of conspiracy); *United States v. Melchor-Lopez*, 627 F.2d 886, 891 (9th Cir. 1980) ("[I]t is clear that mere association with members of a conspiracy, the existence of an opportunity to join a conspiracy, or simple knowledge, approval of, or acquiescence in the object or purpose of the conspiracy without an intention and agreement to accomplish a specific illegal objective, is not sufficient to make one a conspirator.").

[REDACTED] [28] *See, e.g., Baby Food*, 166 F.3d at 126 ("[C]ommunications between competitors do not permit an inference of an agreement to fix prices unless "those communications rise to the level of an agreement, tacit or otherwise."); *Rudledge v. Elec. Hose & Rubber Co.*, 327 F. Supp. 1267, 1271 (C.D. Cal. 1971) ("Absent an agreement to fix prices, there is nothing unlawful about competitors meeting and exchanging price information or discussing problems common in their industry, or even exchanging information as to the cost of

[27] *Id.*, Ex. 1, Hsu Tr. 99:14-16; 112:4-10; 124:18-21. [REDACTED] . *Id.*, Ex. 1, Hsu Tr. 83:12-24.

[28] [REDACTED]

DEFS PNA AND PANASONIC CORP.'S
REPLY I/S/O MOT. FOR SUMMARY JUDGMENT

Case No. 07-5944 SC
MDL NO. 1917



1   their product.").

2                                                                        29

3        Further,

4

5

6

7                                    . *See* Appendix A.

8

9                                  .  Opp'n at 1.

10                                                     . is thus similar to

11  the evidence that was held to be insufficient to ward off summary judgment in favor of Cargill in

12  the *Citric Acid* litigation. *See Citric Acid I*, 966 F. Supp at 956, 958-959.

13

14

15                          *Citric Acid II*, 191 F.3d at 1105 (evidence of some bilateral price

16  exchanges "is neither sufficient to survive summary judgment under *Baby Food* nor probative of

17  the industry-wide conspiracy alleged . . . .").

18        Finally, the

19

20                                                      , which is more consistent with the

21  inference that the Panasonic Defendants did not participate in the alleged conspiracy as any

22  29

23

24

25

26

27

28

13

1   contrary inference.  In fact, ████████████████████████████████████

2   ████████████████████████████████████████████████████████

3   ████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████

7   ████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████

10  ██████████████████████████████ *See Matsushita*, 475 U.S. at 588

11  ("conduct as consistent with permissible competition as with illegal conspiracy does not, standing

12  alone, support an inference of antitrust conspiracy"); *see also Fed. Agr. Mortg. Corp. v. It's a*

13  *Jungle Out There, Inc.*, No. C 03-3721 VRW, 2005 WL 3325051, at *26 (N.D. Cal. Dec. 7, 2005)

14  (same).  ████████████████████████████████████████████

15  ██████████████████████████████████ further confirms that the

16  circumstantial evidence in the record, like the purported direct evidence, does not raise a genuine

17  issue of material fact to support any conspiracy claim against the Panasonic Defendants.

18                                  **CONCLUSION**

19          For all of the foregoing reasons, this Court should grant Panasonic Corp.'s and PNA's

20  motion for summary judgment.

21  Dated: January 23, 2015              By:   */s/ Jeffrey L. Kessler*

22                                       JEFFREY L. KESSLER (*pro hac vice*)
                                         Email: jkessler@winston.com
23                                       A. PAUL VICTOR (*pro hac vice*)
                                         Email: pvictor@winston.com
24                                       ALDO A. BADINI (257086)
                                         Email: abadini@winston.com
25  _____

26  [30] Cole Decl., Ex. 1, Williams Report, ¶ 54 n.50, ¶ 111, Exs. 7B, 18B.

27  [31] *Id.*, Williams Report, Exs. 12A, 13A.

28  [32] *Id.*, Williams Report, Exs. 23, 24.

                                  14

EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-4692
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
E-mail: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
E-mail: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
E-mail: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and Panasonic Corporation of North America*

15