1  Jon V. Swenson (SBN 233054)
   BAKER BOTTS LLP
2  620 Hansen Way
   Palo Alto, CA 94304
3  Telephone: (650) 739-7500
4  Facsimile: (650) 739-7699
   Email: jon.swenson@bakerbotts.com
5
   John M. Taladay (*pro hac vice*)
6  Erik T. Koons (*pro hac vice*)
   Charles M. Malaise (*pro hac vice*)
7  BAKER BOTTS LLP
   1299 Pennsylvania Ave., N.W.
8  Washington, DC 20004-2400
9  Telephone: (202) 639-7700
   Facsimile: (202) 639-7890
10 Email: john.taladay@bakerbotts.com
   Email: erik.koons@bakerbotts.com
11 Email: charles.malaise@bakerbotts.com

12 *Defendant Philips Electronics North America Corporation,
   Philips Taiwan Limited, and Philips do Brasil Ltda.*
13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-SC <br> MDL No. 1917 <br> **PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S, PHILIPS TAIWAN LIMITED'S, AND PHILIPS DO BRASIL LTDA.'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| This Document Relates to: | |
| *Electrograph Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-01656; | |
| *Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724; | |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | Date: February 6, 2015 <br> Time: 10:00 a.m. <br> Place: Courtroom No. 1 |
| *Siegel v. Technicolor SA*, No. 13-cv-05261; | Hon. Samuel Conti |
| *Best Buy Co., Inc. v. Hitachi, Ltd.*, No. 11-cv-05513; | |
| *Best Buy Co., Inc. v. Technicolor SA*, | |

| | | |
|---|---|---|
| 1 | No. 13-cv-05264; | ) |
| 2 | | ) |
|  | *Interbond Corp. of Am. v. Hitachi, Ltd.*, | ) |
| 3 | No. 11-cv-06275; | ) |
|  | | ) |
| 4 | *Interbond Corp. of Am. v. Technicolor SA*, | ) |
|  | No. 13-cv-05727; | ) |
| 5 | | ) |
|  | *Office Depot, Inc. v. Hitachi, Ltd.*, | ) |
| 6 | No. 11-cv-06276; | ) |
|  | | ) |
| 7 | | ) |
|  | *Office Depot, Inc. v. Technicolor SA*, | ) |
| 8 | No. 13-cv-05726; | ) |
|  | | ) |
| 9 | *CompuCom Sys., Inc. v. Hitachi, Ltd.*, | ) |
|  | No. 11-cv-06396; | ) |
| 10 | | ) |
| 11 | *P.C. Richard & Son Long Island Corp. v.* | ) |
|  | *Hitachi, Ltd.*, | ) |
| 12 | No. 12-cv-02648; | ) |
|  | | ) |
| 13 | *P.C. Richard & Son Long Island Corp. v.* | ) |
|  | *Technicolor SA*, | ) |
| 14 | No. 13-cv-05725; | ) |
|  | | ) |
| 15 | | ) |
|  | *Schultze Agency Servs., LLC v. Hitachi, Ltd.*, | ) |
| 16 | No. 12-cv-02649; | ) |
|  | | ) |
| 17 | *Schultze Agency Servs., LLC v. Technicolor SA*, | ) |
|  | No. 13-cv-05668; | ) |
| 18 | | ) |
| 19 | *Tech Data Corp. v. Hitachi, Ltd.*, | ) |
|  | No. 13-cv-00157; | ) |
| 20 | | ) |
|  | *Sears, Roebuck and Co. and Kmart Corp. v.* | ) |
| 21 | *Technicolor SA*, | ) |
|  | No. 13-cv-05262 | ) |
| 22 | | ) |
| 23 | *Sears, Roebuck and Co. and Kmart Corp. v.* | ) |
|  | *Chunghwa Picture Tubes, Ltd.*, | ) |
| 24 | No. 11-cv-05514 | ) |
|  | | ) |
| 25 | *Sharp Electronics Corp. v. Hitachi Ltd.*, | ) |
|  | Case No. 13-cv-1173 SC | ) |
| 26 | | ) |
| 27 | *Sharp Electronics Corp. v. Koninklijke Philips* | ) |
|  | *Elecs., N.V.*, | ) |
| 28 | Case No. 13-cv-2776 SC | ) |
|  | | ) |

-1-
PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S, PHILIPS TAIWAN LIMITED'S, AND PHILIPS DO BRASIL LTDA.'S
ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

| | |
|---|---|
| 1 | *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*,  ) |
| 2 | Case No. 14-cv-2510 SC  ) |
| 3 | *All Indirect Purchaser Actions*  ) |
| 4 |   ) |
| 5 |   ) |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants Philips Electronics North America Corporation ("PENAC"), Philips Taiwan Limited ("PTL"), and Philips do Brasil, Ltda. ("PDBL") (collectively, the "Philips Subsidiaries"), by and through its counsel, respectfully request an order permitting the Philips Subsidiaries to file the following documents under seal:

1. Portions of the Philips Subsidiaries' Reply in Support of Motion for Partial Summary Judgment ("Reply") that contain quotations or information from documents that PENAC and Koninklijke Philips N.V. ("KPNV") have designated either "Confidential" or "Highly Confidential;"

2. Exhibits 1-6 to the Declaration of Tiffany B. Gelott in Support of the Philips Subsidiaries' Reply in Support of Motion for Partial Summary Judgment that contain quotations or information from documents that PENAC and KPNV have designated "Confidential" or "Highly Confidential."

This motion is supported by the Declaration of Tiffany B. Gelott in Support of the Philips Subsidiaries' Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(d), dated January 23, 2015 ("Gelott Declaration").

Civil Local Rule 79-5 governs the filing under seal of an entire document upon a request that establishes that the document, or portions thereof, "is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(a). This Court's General Order No. 62 sets forth procedures applicable to the filing of sealed documents in civil cases. Civil Local Rule 79-5(c)(1) provides that if a party wishes to file portions of a document under seal, he or she must "[f]ile and serve an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11 accompanied by a declaration establishing that a portion of the document is sealable." The Ninth Circuit has articulated two standards for evaluating a sealing request: (1) a "good cause" standard applied to non-dispositive motions, and (2) a "compelling reasons" standard for dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Because the documents at issue here relate to the Reply, "'compelling reasons' must be shown to seal judicial records attached to [this] dispositive motion." *Id.*

In the Gelott Declaration, the Philips Subsidiaries have set forth that PENAC's and KPNV's documents at issue meet the sealing requirements. PENAC's and KPNV's documents listed above consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information, including, among other commercially sensitive business information and strategies, confidential information about the Philips Subsidiaries' sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and competitive positions. This information is confidential commercial information, the disclosure of which would prejudice the Philips Subsidiaries both in their commercial relationships with customers and suppliers and in their competitive efforts. The Ninth Circuit and several courts in this district have found the types of information contained within PENAC's and KPNV's documents constitute sealable "trade secrets" in the context of a dispositive motion such as summary judgment. *See Apple, Inc. v. Samsung Electronics Co.,* No. 11-CV-01846-LHK, 2012 WL 5505068, at *1 (N.D. Cal. Nov. 13, 2012) ( "'[C]ompelling reasons' may exist if sealing is required to prevent judicial documents from being used as sources of business information that might harm a litigant's competitive standing."); Order Resolving Motions to Seal Related to Plaintiffs' Motion for Class Certification, at 5, *Rainbow Bus. Solutions v. Merch. Servs.,* No. C 10-1993 CW (N.D. Cal. May 10, 2013), ECF No. 505 (determining that there are compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangements"); Order Granting the Joint Motion to File Documents Under Seal, at 5, *Algarin v. Maybelline LLC,* No. 12-cv-3000 AJB (DHB) (S.D. Cal. Feb. 21, 2014), ECF No. 62 (finding that "[p]ublic disclosure of [] confidential business material, marketing strategies, [and] product development plans could result in improper use by business competitors seeking to replicate [the moving party's] business practices and circumvent the time and resources necessary in developing their own practices and strategies.").

For these reasons, the Philips Subsidiaries respectfully submit this motion pursuant to Civil Rule 79-5 to establish that PENAC's and KPNV's documents listed above and the relevant portions of the Reply, which cite those documents, are sealable.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | DATED: January 23, 2015 | BAKER BOTTS LLP |

By: /s/ *Erik T. Koons*
ERIK T. KOONS (*pro hac vice*)
Email: erik.koons@bakerbotts.com
JOHN M. TALADAY (*pro hac vice*)
Email: john.taladay@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890