Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil Ltda.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DEFENDANTS PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S, PHILIPS TAIWAN LIMITED'S, AND PHILIPS DO BRASIL LTDA.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)**<br><br>Date: February 6, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 1, 17th Floor<br><br>Hon. Samuel P. Conti |
| This Document Relates to:<br><br>*Electrograph Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-01656;<br><br>*Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724;<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc. v. Hitachi, Ltd.*, No. 11-cv-05513;<br><br>*Best Buy Co., Inc. v. Technicolor SA*, | |

| | |
|---|---|
| 1 | No. 13-cv-05264; |
| 2 | *Interbond Corp. of Am. v. Hitachi, Ltd.*, |
| 3 | No. 11-cv-06275; |
| 4 | *Interbond Corp. of Am. v. Technicolor SA*, No. 13-cv-05727; |
| 5 | |
| 6 | *Office Depot, Inc. v. Hitachi, Ltd.*, No. 11-cv-06276; |
| 7 | |
| 8 | *Office Depot, Inc. v. Technicolor SA*, No. 13-cv-05726; |
| 9 | *CompuCom Sys., Inc. v. Hitachi, Ltd.*, |
| 10 | No. 11-cv-06396; |
| 11 | *P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*, No. 12-cv-02648; |
| 12 | |
| 13 | *P.C. Richard & Son Long Island Corp. v. Technicolor SA*, No. 13-cv-05725; |
| 14 | *Schultze Agency Servs., LLC v. Hitachi, Ltd.*, |
| 15 | No. 12-cv-02649; |
| 16 | *Schultze Agency Servs., LLC v. Technicolor SA*, No. 13-cv-05668; |
| 17 | |
| 18 | *Tech Data Corp. v. Hitachi, Ltd.*, No. 13-cv-00157; |
| 19 | |
| 20 | *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262 |
| 21 | *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, |
| 22 | No. 11-cv-05514 |
| 23 | *Sharp Electronics Corp. v. Hitachi Ltd.*, |
| 24 | No. 13-cv-1173 SC |
| 25 | *Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.*, No. 13-cv-2776 SC |
| 26 | |
| 27 | *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-2510 SC |
| 28 | *All Indirect Purchaser Actions* |

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PHILIPS SUBSIDIARIES' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d))

I, Tiffany B. Gelott, declare and state as follows:

1. I am an attorney with Baker Botts LLP, counsel for Philips Electronics North America Corporation ("PENAC"), Philips Taiwan Limited ("PTL"), and Philips do Brasil, Ltda. ("PDBL") (collectively, the "Philips Subsidiaries") in the above-captioned action. I am a member of the bar of the District of Columbia and have been admitted to practice before this Court on this matter *pro hac vice*. I make this declaration pursuant to Civil Local Rule 79-5(d) to establish that certain documents containing "Confidential" or "Highly Confidential" information that have been submitted to the Court in connection with the Philips Subsidiaries' Reply in Support of Motion for Partial Summary Judgment (the "Reply") are sealable. Except for those matters stated on information and belief, about which I am informed and believe to be true, I have personal knowledge of the facts stated herein and, if called as witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. No. 306) (the "Protective Order"). On January 23, 2015, the Philips Subsidiaries filed an Administrative Motion to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to Civil Local Rules 7-11 and 79-5(d):

- Portions of the Reply that contain information from documents that the PENAC and Koninklijke Philips N.V. ("KPNV") have designated "Confidential" or "Highly Confidential;" and

- Exhibits 1-6 to the Declaration of Tiffany B. Gelott in Support of Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips do Brasil Ltda.'s Reply in Support of Motion for Partial Summary Judgment ("Gelott Declaration").

3. The documents or portions of the documents submitted under seal contain either (a) material designated by PENAC and KPNV pursuant to the Stipulated Protective Order (Dkt. 306, June 18, 2008) as "Confidential" or "Highly Confidential," or (b) an analysis of, references to, or information taken directly from material designated by PENAC and KPNV pursuant to the Stipulated Protective Order as "Confidential" or "Highly Confidential."

4. Therefore, pursuant to Civil Local Rule 79-5(d), I also make this declaration on behalf of the Philips Subsidiaries to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Subsidiaries as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Reply and the exhibits to the Gelott Declaration.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following Exhibits to the Gelott Declaration should be maintained under seal:

   a. Attached as <u>Exhibit 1</u> to the Gelott Declaration is a true and correct copy of excerpts of the Deposition of Jim Smith (12/12/2013) ("Smith Dep."), that PENAC and KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

   b. Attached as <u>Exhibit 2</u> to the Gelott Declaration is a document produced by PENAC and KPNV in this litigation with the bates number, PHLP-CRT-148288, that PENAC and KPNV designated as "Confidential" pursuant to the Stipulated Protective Order;

   c. Attached as <u>Exhibit 3</u> to the Gelott Declaration is a document produced by PENAC and KPNV in this litigation with the bates numbers, PHLP-CRT-150976 through PHLP-CRT-150977, that PENAC and KPNV designated as "Confidential" pursuant to the Stipulated Protective Order;

   d. Attached as <u>Exhibit 4</u> to the Gelott Declaration is a document produced by PENAC and KPNV in this litigation with the bates numbers, PHLP-CRT-149177 through PHLP-CRT-149179, that PENAC and KPNV designated as "Confidential" pursuant to the Stipulated Protective Order;

   e. Attached as <u>Exhibit 5</u> to the Gelott Declaration is a document produced by PENAC and KPNV in this litigation with the bates numbers, PHLP-CRT-064967 through PHLP-CRT-064968, that PENAC and KPNV designated as "Confidential" pursuant to the Stipulated Protective Order; and

   f. Attached as Exhibit 6 to the Gelott Declaration is a true and correct copy of excerpts of the Deposition of Jan De Lombaerde (10/9/2014) ("Lombaerde Dep."), that PENAC and KPNV designated as "Highly Confidential" pursuant to the to the Stipulated Protective Order.

7. Upon information and belief, the documents and testimony contained within Exhibits 1-6 to the Gelott Declaration were designated by PENAC and KPNV as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order because they contain confidential, nonpublic, and highly sensitive business information about the Philips Subsidiaries' sales practices, business and supply agreements, and competitive positions. The documents and testimony describe relationships with companies (including customers and vendors) that remain important to the Philips Subsidiaries' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Subsidiaries' relationships, would cause harm with respect to the Philips Subsidiaries' customers, and would put Philips Subsidiaries at a competitive disadvantage.

8. The highlighted portions of the Reply that quote from, describe, or contain documents or information designated as "Confidential" or "Highly Confidential" by PENAC and KPNV pursuant to the Stipulated Protective Order, including Exhibits 1-6 to the Gelott Declaration. I understand that the Philips Subsidiaries consider any statements in the Reply that summarize the exhibits and other documents or information designated as "Confidential" or "Highly Confidential" by the Philips Subsidiaries is confidential and proprietary. I am informed and believe that reasonable steps have been taken to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 1-6, and referenced in the Reply.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed on January 23, 2015 in Washington, D.C.

             /s/ Tiffany B. Gelott
             Tiffany B. Gelott