Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) Case No. 07-5944-SC ) ) ) MDL No. 1917 ) |
| This Document Relates to: | ) ) **DECLARATION OF TIFFANY B. GELOTT** |
| *Electrograph Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-01656; | ) **IN SUPPORT OF KONINKLIJKE PHILIPS** ) **N.V.'S ADMINISTRATIVE MOTION TO** ) **FILE DOCUMENTS UNDER SEAL** ) **PURSUANT TO CIVIL LOCAL RULES 7-11** ) **AND 79-5(d)** |
| *Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724; | ) ) ) |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | ) Date:        February 6, 2015 ) Time:        10:00 a.m. ) Place:        Courtroom No. 1, 17th Floor ) |
| *Siegel v. Technicolor SA*, No. 13-cv-05261; | ) Hon. Samuel Conti ) ) |
| *Best Buy Co., Inc. v. Hitachi, Ltd.*, No. 11-cv-05513; | ) ) ) |
| *Best Buy Co., Inc. v. Technicolor SA,* | ) |

No. 13-cv-05264;

*Interbond Corp. of Am. v. Hitachi, Ltd.*,
No. 11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA*,
No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd.*,
No. 11-cv-06276;

*Office Depot, Inc. v. Technicolor SA*,
No. 13-cv-05726;

*CompuCom Sys., Inc. v. Hitachi, Ltd.*,
No. 11-cv-06396;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*,
No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp. v. Technicolor SA*,
No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*,
No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA*,
No. 13-cv-05668;

*Tech Data Corp. v. Hitachi, Ltd.*,
No. 13-cv-00157;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*,
No. 13-cv-05262

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*,
No. 11-cv-05514

*Sharp Electronics Corp. v. Hitachi Ltd.*,
No. 13-cv-1173 SC

*Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.*,
No. 13-cv-2776 SC

-1-

1

*ViewSonic Corp. v. Chunghwa Picture Tubes,*
*Ltd.,*
2    No. 14-cv-2510 SC

3
*All Indirect Purchaser Actions*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF KONINKLIJKE PHILIPS N.V.'S ADMINISTRATIVE MOTION TO FILE
DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)

1    I, Tiffany B. Gelott, declare and state as follows:

2    1.    I am an attorney with Baker Botts LLP, counsel for Koninklijke Philips N.V. ("KPNV")

3    in the above-captioned action.  I am a member of the bar of the District of Columbia and have been

4    admitted to practice before this Court on this matter *pro hac vice*.  I make this declaration pursuant to

5    Civil Local Rule 79-5(d) to establish that certain documents containing "Confidential" or "Highly

6    Confidential" information that have been submitted to the Court in connection with KPNV's Reply in

7    Support of Motion for Summary Judgment ("Reply") are sealable.  Except for those matters stated on

8    information and belief, about which I am informed and believe to be true, I have personal knowledge

9    of the facts stated herein and, if called as witness, I could and would competently testify thereto.

10    2.    On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter

11    (Dkt. No. 306) (the "Protective Order"). On January 23, 2015, KPNV filed an Administrative Motion

12    to Seal, and lodged conditionally under seal, the following documents, or portions thereof, pursuant to

13    Civil Local Rules 7-11 and 79-5(d):

14    • Portions of the Reply that contain information from documents that KPNV has

15        designated "Confidential" or "Highly Confidential;" and

16    • Exhibits 1-4 to the Declaration of Tiffany B. Gelott in Support of Koninklijke Philips

17        N.V.'s Reply in Support of Motion for Summary Judgment ("Gelott Declaration").

18    3.   The documents or portions of the documents submitted under seal contain either (a) material

19    designated by KPNV pursuant to the Stipulated Protective Order (Dkt. 306, June 18, 2008) as

20    "Confidential" or "Highly Confidential," or (b) an analysis of, references to, or information taken

21    directly from material designated by KPNV pursuant to the Stipulated Protective Order as

22    "Confidential" or "Highly Confidential."

23    4.    Therefore, pursuant to Civil Local Rule 79-5(d), I also make this declaration on behalf

24    of KPNV to provide the basis for the Court to maintain under seal certain documents and information

25    designated by KPNV as "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective

26    Order, and all references to those documents and information in the Reply and the exhibits to the

27    Gelott Declaration.

28

5.   Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, the following Exhibits to the Gelott Declaration should be maintained under seal:

    a.   Attached hereto as <u>Exhibit 1</u> are excerpts of the Deposition of Jan De Lombaerde (10/9/2014) ("Lombaerde Dep."), that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

    b.   Attached as <u>Exhibit 2</u> to the Gelott Declaration are excerpts of the Deposition of Franciscus Spaargaren (11/5/2014) ("Spaargaren Dep."), who was designated as a Fed. R. Civ. P. 30(b)(6) witness for KPNV, that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order;

    c.   Attached as <u>Exhibit 3</u> to the Gelott Declaration are excerpts of the Deposition of Jim Smith (12/12/2013) ("Smith Dep.") that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order; and

    d.   Attached as <u>Exhibit 4</u> to the Gelott Declaration are excerpts of the Deposition of Roger De Moor (7/31/2012) ("De Moor Dep."), who was designated as a Fed. R. Civ. P. 30(b)(6) witness for KPNV, that KPNV designated as "Highly Confidential" pursuant to the Stipulated Protective Order.

6.   Upon information and belief, the testimony contained within Exhibits 1-4 to the Gelott Declaration was designated by KPNV as "Highly Confidential" pursuant to the Stipulated Protective Order because it contains confidential, nonpublic, and highly sensitive business information about KPNV's sales practices, business and supply agreements, and competitive positions.  The testimony describes relationships with companies (including customers and vendors) that remain important to KPNV's and its direct or indirect subsidiaries' competitive positions.  Publicly disclosing this sensitive information presents a risk of undermining KPNV's  and its direct or indirect subsidiaries' relationships, would cause harm with respect to customers, and would put KPNV and its direct or indirect subsidiaries at a competitive disadvantage.

7.   The highlighted portions of the Reply that quote from or describe documents or information designated as either "Confidential" or "Highly Confidential" by KPNV pursuant to the Stipulated Protective Order,  including Exhibits 1-4 to the Gelott Declaration.  I understand that KPNV considers any statements in the Reply that summarize the exhibits and other documents or information designated as either "Confidential" or "Highly Confidential" by KPNV is confidential and proprietary. I am informed and believe that KPNV has taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits 1-3, and referenced in the Reply.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

Executed on January 23, 2015 in Washington, D.C.


   /s/ Tiffany Gelott
Tiffany Gelott