JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.*

*Additional Moving Defendants and Counsel
Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-sc<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Costco Wholesale Corp. v. Hitachi,* Ltd., et al., No. 3:11-cv-06397-SC;<br><br>*Costco Wholesale Corp. v. Technicolor SA, et al.,* Individual Case no. 13-cv-05723;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* Individual Case No. 11-cv-06396;<br><br>*Office Depot Inc. v. Hitachi Ltd., et al.,* Individual Case No. 11-cv-06276 | **DEFENDANTS' JOINT REPLY TO COSTCO'S OPPOSITION [ECF NO. 3265],  TO (1) DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS [ECF NO. 3029] AND (2) DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS [ECF NO. 2997]**<br><br>Judge:     Honorable Samuel Conti<br>Date:      February 6, 2015<br>Time:      10:00 AM<br>Crtrm.:    1, 17th Floor |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

3:07-cv-05944-SC

# TABLE OF CONTENTS

**Page**

INTRODUCTION .......................................................................................................... 1

ARGUMENT .............................................................................................................. 2

I. Choice of Law Principles Bar Costco's California Claim ........................................ 2

    A. The Undisputed Facts Show That Washington Was the Place of Costco's Injury ................................................................................... 3

    B. Virtually All the Alleged Misconduct Occurred Outside California ............ 5

    C. Neither Costco nor the Vast Majority of Defendants Are in California ......................................................................................... 5

    D. Any Relationship Between Costco and Defendants Was Centered in Washington ................................................................................. 7

    E. This Court Need Not Weigh the States' Competing Interests, but Doing so Favors the Application of Washington Law ................................. 8

II. Applying California Law to LGEI and the Hitachi Defendants Violates Due Process ................................................................................................. 9

    A. Costco Identifies No Anticompetitive Conduct by LGEI or the Hitachi Defendants in California ................................................................ 9

        1. LGEI Lacks Sufficient Contacts with California ............................. 9

            (i) Costco Waived Its Argument That LGEI Is Liable for the Acts of Its Subsidiary, LPD .......................................... 10

            (ii) Costco's Attempt to Attribute LPD's Contacts to LGEI Violates Basic Principles of Corporate Separateness ....................................................................... 10

        2. The Hitachi Defendants Lack Sufficient Contacts with California ......................................................................................... 15

    B. California Lacks Sufficient Contacts with the Transactions at Issue Because Costco's Negotiations and Decisions to Purchase CRT Products Occurred Exclusively at Its Washington Headquarters ................ 17

CONCLUSION .......................................................................................................... 19

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

# <u>TABLE OF AUTHORITIES</u>

**Page**

**FEDERAL CASES**

*Allstate Ins. Co. v. Hague*,
   449 U.S. 302 (1981) ........................................................................ 2, 11, 20

*AT&T Mobility LLC v. AU Optronics Corp.*,
   707 F.3d 1106 (9th Cir. 2013) ................................................................ *passim*

*Blaylock v. First Am. Title Ins. Co.*,
   2008 WL 8741396 (W.D. Wash. Nov. 7, 2008) ................................................ 10

*Classic Concepts, Inc. v. Linen Source, Inc.*,
   2006 WL 4756377 (C.D. Cal. Apr. 27, 2006) ................................................. 21

*Dean Foods Co. v. Brancel*,
   187 F.3d 609 (7th Cir. 1999) ................................................................... 21

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) ............................................................... 12, 13

*Hickory Travel Sys., Inc. v. TUI AG*,
   213 F.R.D. 547 (N.D. Cal. 2003) ........................................................ 12, 14, 15

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   2013 WL 4505701 (N.D. Cal. Aug. 21, 2013) .................................................. 21

*In re Intel Corp. Microprocessor Antitrust Litig.*,
   2010 WL 8591815 (D. Del. July 28, 2010) .................................................... 10

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   2011 WL 3809767 (N.D. Cal. Aug. 29, 2011) ................................................. 2, 9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   2011 WL 5922966 (N.D. Cal. Nov. 28, 2011) ................................................. 4, 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   2014 WL 2905105 (N.D. Cal. June 26, 2014) .................................................. 21

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   2014 WL 2905131 (N.D. Cal. June 26, 2014) .................................................. 21

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   MDL No. 1827, 2012 WL 3727221 (N.D. Cal. Aug. 27, 2012) ................................. 4, 5

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770 (1984) ........................................................................... 12

*Kelley v. Microsoft Corp.*,
   251 F.R.D. 544 (W.D. Wash. 2008) ............................................................. 8

*Kingray, Inc. v. NBA, Inc.*,
   188 F. Supp. 2d 1177 (S.D. Cal. 2002) ....................................................... 12

*Martinez v. Manheim Cent. California*,
   2011 WL 1466684 (E.D. Cal. Apr. 18, 2011) .................................................. 14

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

# TABLE OF AUTHORITIES

Page

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012) ................................................................. 10

*NuCal Foods, Inc. v. Quality Egg LLC*,
   887 F. Supp. 2d 977 (E.D. Cal. 2012) ................................................... 17

*Orr v. Bank of Am., NT & SA*,
   285 F.3d 764 (9th Cir. 2002) ..................................................... 15, 16, 18

*United States v. Bestfoods*,
   524 U.S. 51 (1998) .................................................................... 12, 13, 14

*Waggoner v. Snow, Becker, Kroll, Klaris & Krauss*,
   991 F.2d 1501 (9th Cir. 1993) ............................................................. 10

STATE CASES

*Blewett v. Abbott Labs.*,
   86 Wash. App. 782 (1997) ..................................................................... 9

*Johnson v. Spider Staging Corp.*,
   87 Wash. 2d 577 (1976) ......................................................................... 9

STATUTES AND RULES

Fed. R. Evid. 802 ......................................................................... 15, 16, 18

Fed. R. Evid. 901 ......................................................................... 15, 16, 18

TREATISES

Restatement § 145 ............................................................................. 3, 7, 8

Restatement § 145(2)(a) .......................................................................... 3

Restatement § 145(2)(b) .......................................................................... 5

Restatement § 145(2)(c) .......................................................................... 6

Restatement § 145(2)(d) .......................................................................... 8

-iii-          3:07-cv-05944-SC

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

# INTRODUCTION

Nothing in the Opposition justifies Costco's attempt to forum shop for a jurisdiction that would allow its indirect purchaser claims—claims that are unavailable in its home state of Washington where Costco negotiated the purchases of products containing CRTs. The undisputed facts show that Costco's California claims are barred on both choice of law and due process grounds, either of which is an independent basis for granting summary judgment against Costco.

The issues before the Court have narrowed since defendants filed their initial summary judgment motions.  Costco, CompuCom, and Office Depot have stipulated to the dismissal of all of their state-law claims subject to those motions except for Costco's California law claim and have dismissed their claims against all LG defendants other than LG Electronics, Inc. ("LGEI").[1]  This reply therefore addresses only Costco's California law claim and explains why Washington choice of law rules and due process bar those claims.[2]

Costco concedes that Washington choice of law rules apply here.  Under those rules, Washington law, not the law of California, should apply.  Washington is the only state where Costco was headquartered, made decisions to purchase the products at issue, and directed the issuance of purchase orders.  Given these undisputed facts, Washington has the "most significant relationship" to the parties and the case.  The Northern District in the analogous *LCD* litigation rejected the same choice of law arguments Costco raises here.  That court found that Washington law, not California law, applied because "Costco's negotiations for the purchase of" the allegedly price-fixed products were done in its "headquarters in Washington."[3]

---

[1]    Except for Costco's California claim, this Court dismissed the state claims subject to these motions that were brought by Costco (ECF No. 3181), CompuCom, and Office Depot (ECF No. 3226). This Court also dismissed all claims against LG Electronics U.S.A., Inc., and LG Electronics Taiwan Taipei Co., Ltd. (ECF No. 3387).

[2]    This consolidated Reply responds to Costco's consolidated Opposition (ECF No. 3265), which addresses: (1) Defendants' Joint Motion for Partial Summary Judgment Against Costco On Choice of Law Grounds (ECF No. 2997) ("Choice of Law Motion"), and (2) Defendants' Joint Motion for Partial Summary Judgment Against Certain Direct Action Plaintiffs on Due Process Grounds (ECF No. 3029) ("Due Process Motion").

[3]    *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 3809767, at *4-5 (N.D. Cal. Aug. 29, 2011).

1   As to due process, Costco has failed to show that LGEI or the Hitachi Defendants[4]

2   (collectively, "Defendants") had sufficient contacts with California related to Costco's alleged

3   injuries to support the application of California law.  Unable to identify *any* anticompetitive

4   contacts with California by LGEI, Costco urges the Court to consider LGEI vicariously

5   responsible for the contacts of its subsidiary, LPD.  Costco expressly waived this vicarious

6   liability theory long ago.  But even if it had not, Costco has failed to satisfy the high bar necessary

7   to established an agency relationship between LGEI and LPD.  Costco also identifies no

8   anticompetitive activity in California by four of the Hitachi Defendants and has failed to create a

9   question of fact as to whether a fifth entity—HEDUS—had anything more than "slight and

10  casual" contacts with California.[5]  Nor can Costco show that the "occurrence or transaction"

11  giving rise to Costco's claims—sales of allegedly price fixed CRTs—occurred within California.[6]

12  Rather, the undisputed facts show that Costco never purchased the products at issue in California,

13  and neither Costco nor the vast majority of defendants are domiciled in California.

14  Accordingly, this Court should award partial summary judgment in favor of

15  Defendants with respect to Costco's Second Claim for Relief under California law.

16  ## ARGUMENT

17  **I.    Choice of Law Principles Bar Costco's California Claim**

18  The undisputed evidence shows that Washington's choice of law principles bar

19  Costco's California claim.  Costco agrees that Washington choice of law rules apply and that this

20  Court must consider the four-factor test set forth in the Restatement (Second) of Conflict of Laws

21  § 145.[7]  These factors all show that Washington, not California, has the most significant

22  relationship to Costco and its claims.  And, even if the four factors were inconclusive and this

23

24

25  [4]   "Hitachi Defendants" refers to Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. n/k/a Japan Display Inc. ("HDD"),
26  Hitachi America, Ltd. ("HAL"), Hitachi Asia, Ltd. ("HAS"), and Hitachi Electronic Devices (USA), Inc. ("HEDUS").

[5]   *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1113 (9th Cir. 2013).

27  [6]   *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981).

28  [7]   Opp'n at 18.

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

Court had to resort to weighing each state's competing interests, Washington law would still apply because its interests outweigh those of California.

### A.   The Undisputed Facts Show That Washington Was the Place of Costco's Injury

The undisputed facts[8] show that Washington was "the place where [Costco's] injury occurred"[9] because it was the *only* state where Costco made purchasing decisions and negotiations[10] and the "primary spot" from which Costco issued purchase orders for its CRT products.[11]   These facts are sufficient to show that Washington is the exclusive site of Costco's alleged injuries because, as the Northern District in the *LCD* litigation explained in finding that Washington, not California, law applied to Costco's claims,[12] plaintiffs bringing antitrust claims "are deemed to be injured in the states where they *agreed* to pay inflated prices for products."[13]

Costco does not dispute that, just as it did for TFT-LCD products, it negotiated and made decisions to purchase CRT products out of its *Washington* headquarters.[14]   Costco's attempts to avoid these inescapable and dispositive facts fail.  Costco's contention that title passed to it in California because that is where it received CRT products is irrelevant to the first choice of law factor.  The Northern District rejected this exact argument because the relevant inquiry is where Costco "*agreed* to pay inflated prices for products, *not the states where they merely received products*."[15]  The only state where Costco agreed to pay allegedly inflated prices is where

---

8   Choice of Law Mot. at 6:2-6.

9   Restatement § 145(2)(a).

10   Laura K. Lin Declaration ISO ("Lin Decl.") (ECF No. 3029) Ex. 9 (Geoffrey Shavey (Costco) Dep.) at 58:14-17; *see also id*. at 46:7-16.

11   *Id.* at 45:25-46:6.

12   *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 5922966, at *1-2 (N.D. Cal. Nov. 28, 2011).

13   *See In re TFT-LCD (Flat Panel) Antitrust Litig*., MDL No. 1827, 2012 WL 3727221, at *3 (N.D. Cal. Aug. 27, 2012) *reconsidered on other grounds*, 2013 WL 1891367 (N.D. Cal. May 6, 2013).

14   Lin Decl. (ECF No. 3029) Ex. 9 (Geoffrey Shavey (Costco) Dep.) at 58:14-17; *see also id*. at 46:7-16.

15   *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 3727221, at *2-4 (emphasis added) (rejecting argument that "injury occurred in California where it received shipments because it did not purchase the [allegedly price-fixed] products until title passed to Costco, and that Costco's standard terms provided that title passed to Costco only after Costco received and accepted merchandise at its distribution center in California.").

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

1    Costco negotiated and made purchasing decisions—which Costco did exclusively in

2    Washington.[16]

3           Second, it is also irrelevant that Costco purportedly made "substantial . . .

4    purchases of CRT products from California-based vendors"[17] and "purchased and sold more such

5    CRT products from [Costco's] California warehouses and the depots that serviced them than in

6    any other state."[18]  Costco has produced no evidence that any of these CRT products it claims to

7    have purchased in California contained CRTs from LGEI or the Hitachi Defendants.  Nor has

8    Costco cited any authority for the proposition it can attain its desired choice of law outcome by

9    bootstrapping sales of products from other vendors, including sales by *non-parties* that Costco

10   *does not even contend contained price-fixed CRTs*.

11          Finally, Costco's argument that some of its offices outside California "transmitted

12   purchase orders"[19] is irrelevant to where Costco agreed to pay allegedly inflated prices.  As

13   Defendants explained[20] and Costco does not dispute, Costco's regional offices issued purchase

14   orders only upon receiving directions from the corporate headquarters in Washington.[21]  As the

15   Northern District has recognized, because Washington was where Costco "negotiated purchases,

16   and is headquartered," Washington has stronger connections with Costco's claims "than states

17   from which plaintiff merely *issued purchase orders* or received product shipments and in which

18   defendants have a presence."[22]

19

20

---

21   [16]   Lin Decl. (ECF No. 3029) Ex. 9 (Geoffrey Shavey (Costco) Dep.) at 58:14-17; *see also id.* at 46:7-16.

22   [17]   Opp'n at 19:16-17.

23   [18]   Geoffrey Shavey Declaration ISO Costco's Opp'n ("Shavey Decl.") ¶ 6 (ECF No. 3264-1).  While Costco cites
     Shavey's Declaration for the proposition that "Costco purchased and sold more of *Defendants' price-fixed goods* in
24   California than in any other state" (Opp'n at 19:11-12 (emphasis added)), in fact Shavey's Declaration says nothing
     about whether *any* of the CRT products that Costco purchased in California contained CRTs from LGEI, the Hitachi
25   Defendants, or any other defendant.

26   [19]   Opp'n at 19:17-18.

     [20]   Choice of Law Mot. at 6:3-5.

27   [21]   Lin Decl. (ECF No. 3029) Ex. 9 (Geoffrey Shavey (Costco) Dep.) at 57:23-58:2, 59:5-6.

28   [22]   *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 3727221, at *3.

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

**B.      Virtually All the Alleged Misconduct Occurred Outside California**

As to the second Restatements factor—"the place where the conduct causing the injury occurred"[23]—Costco acknowledges that the alleged conspiratorial conduct "occurred worldwide," [24] and it is undisputed that, of the thousands of allegedly anticompetitive meetings, only twenty-five took place in California.[25]  Yet, without citing to the record, Costco argues this factor favors California because "LG and Hitachi" purportedly "maintained corporate offices" in that state[26] and "several" unspecified "Defendants also colluded in California."[27]  But Costco has offered *no evidence* that LGEI had an office in California (it did not), nor does that allegation square with Costco's characterization of LGEI as conspiring "from its offices abroad."[28]  Regardless, given the global scope of the alleged misconduct, Costco's stray allegations cannot establish a substantial relationship with California.

**C.      Neither Costco nor the Vast Majority of Defendants Are in California**

As to the third Restatements factor—"the domicile, residence, nationality, place of incorporation and place of business of the parties"[29]—Costco does not dispute that it is domiciled in Washington and that thirty-three of the thirty-six Defendants in this individual action, including LGEI and the Hitachi Defendants, are domiciled outside California.[30]  Costco's arguments to avoid these facts have been rejected by both the Northern District and Washington courts.

First, the Northern District rejected Costco's argument[31] that "[m]any headquarters functions continued in California for years after the merger" with Price Club in 1993 and "that the

---

23   Restatement § 145(2)(b).

24   Opp'n at 19:23.

25   *See* Choice of Law Mot. at 6:17-19.

26   Opp'n at 19:23-24.

27   Opp'n at 20:1-2.

28   Opp'n at 12:15-16.

29   Restatement § 145(2)(c).

30   *See* Choice of Law Mot. at 7:6-9; Costco First Am. Compl. ¶¶ 17-59 (ECF No. 1982).

31   Opp'n at 20:17-19.

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

two companies were not fully integrated until after 1999."[32]  The Northern District recognized that these California activities were irrelevant because they were not "related to the purchasing process" and because "decisions relating to Costco's purchase of [allegedly price-fixed] Products were made from its headquarters in Washington."[33]

Second, Costco cannot rely on allusions to some unidentified California "subsidiary and joint-venture corporations" of LGEI and the Hitachi Defendants to make up for the lack of California-based defendants.[34]  The location of non-party subsidiaries is beside the point.  The plain text of the Restatements and its comments make clear that the choice of law analysis deals only with "the parties."[35]  And as discussed in more detail below,[36] Costco's repeated attempts to conflate LGEI and the Hitachi Defendants with their subsidiaries conflict with fundamental principles of corporate separateness.

Finally, Costco asserts that a plaintiff's "place of business" is more important than domicile if the interest affected "is a business or financial one,"[37] but the Restatements make clear that if the alleged "injury occurs in two or more states"—as Costco alleges here[38]—a "plaintiff's domicile . . . is the single most important contact for determining the state of the applicable law."[39] This rule applies even in a "multistate" tort that "causes him financial injury."[40]  Washington courts have followed this rule to give great weight to a plaintiff's Washington domicile when

---

[32]   *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 5922966, at *1 (considering the location of some Price Club headquarter operations in California and Costco's volume of sales in California and nevertheless concluding that Washington, not California, had most significant relationship to Costco's claims).

[33]   *Id.* at *2.

[34]   Opp'n at 20:17-18.

[35]   Restatement § 145.

[36]   *See* Section II.A.1(ii).

[37]   Opp'n at 20:12-14.

[38]   Costco First Am. Compl. ¶¶ 14, 68, 109, 119 (alleging conspiratorial conduct throughout the "United States").

[39]   Restatement § 145 cmt. e.

[40]   *Id.*

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

conducting a choice of law analysis as to multistate claims based on unfair or deceptive conduct.[41]

### D.   Any Relationship Between Costco and Defendants Was Centered in Washington

In addressing the fourth Restatement factor—"the place where the relationship, if any, between the parties is centered"[42]—Costco repeats the same arguments it made as to the first factor, namely, that it issued some purchase orders from California and bought CRT products from California (though not necessarily from LGEI or the Hitachi Defendants).[43]  These arguments are no more persuasive the second time around.

Washington courts have given little weight to this fourth factor when the parties did not contract with one another.[44]  As Defendants explained[45] and Costco does not dispute, Costco did not contract with LGEI or the Hitachi Defendants regarding the purchase of the CRTs at issue in Costco's state law claims.  Furthermore, as the Northern District held in the *LCD* litigation, any relevant relationship between the parties is "centered in Washington" because "Costco is headquartered in Washington" and "Costco's negotiations for the purchase of [the allegedly price-fixed] Products" were done in its "headquarters in Washington."[46]  Similarly here, Costco's purchasing decisions and negotiations—the source of any relationship between Costco and Defendants—either occurred in Washington[47] or were directed from Washington throughout the relevant time period.[48]

---

[41]   *See, e.g., Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 552 (W.D. Wash. 2008) (holding under Washington choice of law analysis that Washington law applied where "Washington is the domicile of one of the named Plaintiffs" and defendant had "contacts with all 50 states").

[42]   Restatement § 145(2)(d).

[43]   Opp'n at 21:1-7.

[44]   *Kelley*, 251 F.R.D. at 552 ("[T]he parties' relationship is not centered in any particular place because the parties did not contract with one another.").

[45]   Choice of Law Mot. at 7:16-25.

[46]   *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 3809767, at *4-5.

[47]   Lin Decl. (ECF No. 3029) Ex. 9 (Geoffrey Shavey (Costco) Dep.) at 58:14-17; *see also id.* at 46:7-16.

[48]   *Id.* at 45:25-46:16, 57:23-58:2, 58:14-17, 59:5-6.

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

**E.   This Court Need Not Weigh the States' Competing Interests, but Doing so Favors the Application of Washington Law**

Because the Restatement's four-factor test conclusively shows that Washington has the most substantial relationship to the parties and the allegations, the Court need not reach the next step of the analysis and weigh each state's competing interests.[49]  Nonetheless, this step likewise supports applying Washington law.

Washington has a strong interest in attracting business by enacting limitations on recovery so as "to protect defendants from excessive financial burdens."[50]  Washington's bar on recovery based on indirect purchases reflects the legislature's intent to "avoid subjecting Washington businesses to divergent regulatory approaches to the same conduct" by "minimiz[ing] conflict between the enforcement of state and federal antitrust laws."[51]  This intent is consistent with Washington's "practice" of "uniformly follow[ing] federal precedent" in interpreting Washington's antitrust law in deference to the "collectively greater experience of federal courts in adjudicating antitrust suits."[52]  Thus, for almost two decades, Washington law has "consistently been interpreted to … exclude indirect" purchasers.[53]  Such limitations on liability reflect a "valid interest in shielding out-of-state businesses from what the state may consider to be excessive litigation."[54]

In one footnote, Costco concedes that its only argument for why California's interest should trump those of Washington is that "California has expressly permitted" Costco's recovery for indirect purchases, whereas Washington does not.  The Ninth Circuit has repeatedly rejected this argument, explaining that the "mere fact that California laws are more favorable to

---

[49]   *See Johnson v. Spider Staging Corp.*, 87 Wash. 2d 577, 582 (1976).

[50]   *See id.* at 582-83.

[51]   *Blewett v. Abbott Labs.*, 86 Wash. App. 782, 788 (1997).

[52]   *Id.* at 787-89 (dismissing Washington antitrust claim under *Illinois Brick*).

[53]   *Blaylock v. First Am. Title Ins. Co.*, No. C06-1667RAJ, 2008 WL 8741396, at *9 (W.D. Wash. Nov. 7, 2008) (applying *Illinois Brick* and dismissing plaintiffs' claims for lack of standing).

[54]   *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 592 (9th Cir. 2012) (vacating district court decision applying California' law for failure to recognize state's interest in attracting business by reducing defendants' liability).

1 [plaintiff's] claim . . . cannot make California law controlling."[55]  Thus, "California has no greater

2 interest in applying its antitrust laws … than any other state."[56]

3       In sum, Defendants are entitled to summary judgment on Costco's California

4 claims because all four Restatement factors favor the application of Washington law and, even if

5 they were inconclusive, Washington's greater interest in the application of its laws dictate that

6 Washington law must apply.

7 **II.    Applying California Law to LGEI and the Hitachi Defendants Violates Due Process**

8

9       Applying California law to LGEI and the Hitachi Defendants violates their due

10 process rights because the undisputed evidence shows that LGEI and the Hitachi Defendants'

11 contacts with California related to Costco's alleged injuries were, at most, merely "slight and

12 casual."[57]  Costco has identified no anticompetitive conduct by LGEI or the Hitachi Defendants in

13 California.  Nor can Costco show that the "occurrence or transaction" giving rise to Costco's

14 claims—sales of allegedly price fixed CRTs—occurred within California.[58]

15 **A.    Costco Identifies No Anticompetitive Conduct by LGEI or the Hitachi Defendants in California**

16       As the Ninth Circuit has explained, in determining whether due process permits a

17 claim against an out-of-state defendant, a court must assess each defendant "individually" to

18 determine whether its own conduct (as opposed to the conduct of an affiliated entity or co-

19 defendant) creates the necessary contact with the state whose law a plaintiff seeks to apply.[59]

20 Costco cannot establish the necessary contacts as to either LGEI or the Hitachi Defendants.

21 **1.    LGEI Lacks Sufficient Contacts with California**

22

23

---

24 [55]  *Waggoner v. Snow, Becker, Kroll, Klaris & Krauss*, 991 F.2d 1501, 1507-08 (9th Cir. 1993).

25 [56]  *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 05-1717 (JJF), 2010 WL 8591815, at *57-59 (D. Del. July 28, 2010).

26 [57]  *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1113 (9th Cir. 2013).

27 [58]  *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981).

28 [59]  *AT&T Mobility*, 707 F.3d at 1113 n.15 ("[T]he requirements of the Due Process Clause must be satisfied individually with respect to each defendant in a case.").

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

1   　　　　After years of discovery, Costco has identified *no* evidence of LGEI engaging in

2   anticompetitive conduct in California to fix CRT prices.  Costco argues instead that LGEI should

3   be held responsible for purported conspiratorial conduct by employees of LPD—a joint venture

4   between LGEI and Koninklijke Philips Electronics N.V. ("Philips")—on the theory that "LPD

5   acted as LGE's agent in implementing the conspiracy."[60]  This argument fails for two reasons:  (1)

6   Costco waived it long ago; and (2) even excusing the waiver, Costco has put forth no admissible

7   evidence that could satisfy the high bar or showing that LPD acted as LGE's agent.  Accordingly,

8   applying California law to LGEI based solely on LPD's contacts with that state would violate

9   LGEI's due process rights.

10   　　　　　　　　　**(i)**　　　**Costco Waived Its Argument That LGEI Is Liable for the Acts of Its Subsidiary, LPD**

11

12   　　　　Costco waived any argument to this effect when it told this Court that it did "not

13   assert that Philips and LG are liable under a vicarious liability theory based on their ownership of

14   LPD."[61]  Having expressly disclaimed a vicarious liability theory when opposing LGEI's motion

15   to dismiss, Costco cannot now resurrect it after discovery has closed.[62]  Having relied upon

16   Costco's waiver of this theory, LGEI has not had the opportunity to develop facts in discovery to

17   refute it.  To allow Costco to revive this theory now, as trial looms mere weeks away, would

18   grossly prejudice LGEI.

19   　　　　　　　　　**(ii)**　　　**Costco's Attempt to Attribute LPD's Contacts to LGEI Violates Basic Principles of Corporate Separateness**

20   　　　　Even if Costco's waiver could be excused, Costco has put forth no admissible

21   evidence to justify disregarding the well-established "principle of corporate law deeply ingrained

22   in our economic and legal systems" that a subsidiary and its parent corporation are distinct entities

23

24

25   _____

[60]   Opp'n at 12:17-18.

26   [61]   DAPs' Reply Br. Supp. Objections to Special Master's R&R Re: Philips' and LG's Mot. to Dismiss DAPs'
Compls. at 6 n.4, July 26, 2013 (ECF. No. 1800).

27   [62]   *Kingray, Inc. v. NBA, Inc.*, 188 F. Supp. 2d 1177, 1193 n.6 (S.D. Cal. 2002) (antitrust plaintiffs "waived" a

28   "theory" of liability disclaimed in their opposition to a motion to dismiss).

that cannot be held liable for each other's acts.[63]   As this Court has recognized, "courts have generally respected corporate efforts to maintain separate identities."[64]   The "agency" doctrine is a narrow exception to this rule that requires a plaintiff to show that a subsidiary is so "indispensable" that its parent "could not carry on its own business—not just that it would lose the business of those [subsidiaries]—in those [subsidiaries'] absence."[65]   Costco contends that LGEI created LPD and owned LPD shares, transferred employees to LPD, and transferred its CRT business to LPD.   But those facts do not remotely amount to an agency relationship under the law.

First, LGEI's formation of LPD as a joint venture with Philips in 2001[66] and retention of a minority stake in LPD[67] falls far short of the requisite showing that a subsidiary is so indispensable to its parent that the latter must "directly control[] the day-to-day activities of the California" subsidiary.[68]   The law is clear that a parent company's ownership of stock in a subsidiary does not amount to such control and that a parent can be substantially more involved with a subsidiary than just stock ownership without creating an agency relationship.[69]   Indeed, the Supreme Court has recognized that a parent's involvement can include "monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and

---

[63]   *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal quotation marks omitted); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) ("[N]or does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned subsidiary.  Each defendant's contacts with the forum State must be assessed individually.").

[64]   *Hickory Travel Sys., Inc. v. TUI AG*, 213 F.R.D. 547, 553-54 (N.D. Cal. 2003) (Conti, J.).

[65]   *Id.*; *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001).

[66]   *See* Opp'n at 13:10-14:1; David J. Burman Declaration ISO Costco's Opp'n ("Burman Decl.") (ECF No. 3264-2) Ex. 1 (Joint Venture Agreement) at 1.  Contrary to Costco's misleading quotation (Opp'n at 13:10), the Joint Venture Agreement does not state that LPD was formed to "substitute" for LGEI.

[67]   While Costco describes LGEI's stock ownership as a "50% stake" in LPD (Opp'n at 13:19-24), in fact, LGEI was a minority shareholder in LPD because Philips received fifty percent of LPD's shares plus one share, while LGE received the remaining shares.  *See* Cathleen H. Hartge Declaration ("Hartge Decl.") (ECF No. 3089) Ex. 10 (Spaargaren Dep. Ex. 6000 (Joint Venture Agreement), authenticated at Spaargaren Dep. 25:14-25) at Art 2.1, Ex. 23 (Young Bae Na (LGEI) Dep.) at 38:9-25.

[68]   *Unocal Corp.*, 248 F.3d at 930.

[69]   *Id.* (parent's ownership of a subsidiary's stock "does not, without more, convert these two corporations into general agents").

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

1   articulation of general policies and procedures," none of which provide a basis for disregarding

2   corporate separateness.[70]

3           Second, LGEI's transfer of six employees to LPD did not create an agency

4   relationship.[71]  Rather, it is "entirely appropriate" and "normal" for a parent and subsidiary to

5   transfer employees or even to "have identical directors and officers" at the same time.[72]  Six

6   employee transfers falls far short of an agency showing.

7           Third, LGEI's transfer of its CRT manufacturing function to LPD[73] does not

8   establish an agency relationship because there is no evidence that LGEI "could not carry on its

9   own business" in LPD's absence.[74]  To the contrary, once LGEI transferred that function to LPD,

10  LGEI began to purchase CRTs from LPD *and several other companies*.[75]  Thus, LGEI plainly

11  could carry on its business in LPD's absence by drawing on other suppliers for CRTs.

12          In *Hickory Travel Sys., Inc. v. TUI AG*, this Court held that there was no agency

13  relationship between a parent (TUI AG) and its wholly-owned California manufacturing

14  subsidiary (Feralloy Corporation) even though the plaintiff there had much stronger evidence of a

15  close parent-subsidiary relationship than Costco offers here.[76]  In *Hickory Travel*, the parent

16  referred to its wholly-owned subsidiaries "as divisions and not separate companies, report[ed]

17  their earnings in annual statements, boast[ed] of corporate integration, and … made decisions

18  about restructuring the businesses of some of those subsidiaries."[77]  The plaintiff argued that this

19  showed an agency relationship "because in those divisions' absence [the parent] would have to use

---

[70]  *Bestfoods*, 524 U.S. at 72.

[71]  Opp'n at 5 n.3.

[72]  *Bestfoods*, 524 U.S. at 69; *Martinez v. Manheim Cent. Cal.*, No. 1:10-cv-01511-SKO, 2011 WL 1466684, at *5-6 (E.D. Cal. Apr. 18, 2011) (agency relationship not shown by parent and subsidiary sharing director).

[73]  Opp'n at 5:9-10, 14:12-15.

[74]  *Hickory Travel Sys., Inc.*, 213 F.R.D. at 554.

[75]  Jan. 23, 2015, Duk Chul Ryu Declaration ("1/23/15 Ryu Decl.") ISO LGEI's Reply ISO Mot. for Partial Summ. J. on Withdrawal Grounds ¶ 3, After LG.Philips Displays ("LPD") was formed in 2001, LGE regularly purchased CRTs from suppliers other than LPD."); Nov. 6, 2014, Duk Chul Ryu Declaration ("11/6/14 Ryu Decl.") ISO LGEI's Mot. for Partial Summ. J. ¶¶ 3, 5 (ECF No. 3095).

[76]  213 F.R.D. at 549, 554.

[77]  *Id.* at 554.

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

its own employees to carry on the substantial amounts of business that those divisions provide."[78] This Court rejected that argument because to "show agency," a plaintiff "must show that [the parent] TUI AG could not carry on its own business—not just that it would lose the business of those divisions—in those divisions' absence."[79]  This is because a "parent corporation may even direct some of the activities of the subsidiary, and report the subsidiary's income as its own, without having separate corporate identities be disregarded."[80]

Costco generally asserts that LGEI "continued to direct" and "endorse LPD's anticompetitive conduct occurring in California from its offices abroad."[81]  But this allegation is not germane to the specific test for establishing an agency relationship, namely, that LGEI "could not carry on its own business" without LPD.[82]  Even if this allegation were relevant, Costco does not provide admissible evidence to back up its rhetoric.  The two documents Costco cites for this proposition are unauthenticated hearsay statements,[83] and, even if they were admissible, Costco mischaracterizes them.  In one, Costco uses an ellipses to misattribute to LGEI a statement about ████████████████████████████████████████████,"[84] which LGEI could not have made because, as the document itself makes clear, LGEI was not present at the meeting.[85]  In the other, Costco selectively quotes from a ████████████████████████████████████████ ████████████████████████████████████████████████████████

---

[78]  *Id.* at 554-55.

[79]  *Id.* at 554.

[80]  *Id.* at 553.

[81]  Opp'n 13:20-22.

[82]  *Hickory Travel Sys., Inc.*, 213 F.R.D. at 554.

[83]  LGEI objects to Burman Decl. (ECF No. 3264-2) **Exhibits 4 and 5** under **Federal Rules of Evidence 802 and 901**.  *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777 (9th Cir. 2002) (upholding exclusion of exhibit that "purports to be a letter" attached to declaration of plaintiff's attorney in opposition to summary judgment because it was "not authenticated" given that plaintiff "failed to submit an affidavit or deposition testimony from [the declarant] stating that he wrote the letter"); William W. Schwarzer, et al., Cal. Practice Guide: Federal Civil Procedure Before Trial ¶ 14:162.10, p. 14-E, (The Rutter Group) ("A proper foundation must be established for documents used to support or oppose summary judgment motions.").

[84]  Opp'n at 14:2-15.

[85]  *See* Burman Decl. (ECF No. 3264-2) Ex. 4 (CHU00020660) ████████████████████ ████████████████████████████████████████████

1  ███████████████████████████████; it is natural and appropriate that LPD would discuss

2  finished product manufacturers—in other words, its own customers—in a business presentation to

3  shareholders.[86]

4        Costco devotes several paragraphs[87] to one individual[88]—Kyu In Choi—who

5  purportedly participated in CRT cartel meetings in Asia while employed by LGEI and also "after

6  transferring to" LPD.[89]  This "evidence" is irrelevant.  Mr. Choi's conduct in *Asia* does not

7  establish any LGEI contacts with *California*.  Nor can his conduct as an *LPD* employee in

8  California be attributed to LGEI absent an agency relationship between those two companies—

9  which Costco has failed to establish.

10        Costco's final argument is likewise irrelevant to the agency test.  Costco focuses on

11  an ambiguity[90] in the testimony of an SDI witness, Woong Rae Kim, as to whether he had a

12  "December 2003 meeting in San Diego" with an employee of LPD or LGEI.[91]  Neither possibility

13  advances Costco's argument.  A meeting with an LPD employee cannot be attributed to LGEI

14  given Costco's failure to establish an agency relationship between those two companies.  And a

15  meeting in 2003 between an LGEI employee and SDI does not constitute conspiratorial conduct

16  because by then LGEI had ceased manufacturing CRTs and instead began purchasing them from

17

18  _____

19  [86]   *See* Burman Decl. (ECF No. 3264-2) Ex. 5 (PHLP-CRT-048827).

20  [87]   Opp'n at 6:13-23, 14:18-24.

   [88]   While Costco vaguely alludes to multiple former "employees" of LGEI who engaged in purportedly
21  conspiratorial conduct at LPD, Mr. Choi is Costco's *only* example.  Opp'n at 5:1-6:4.  The only other supposed "LG-
   LPD employee Jae in Lee" who attended an allegedly conspiratorial meeting (Opp'n at 6:12-13) was not employed by
22  either of those entities.  *See* Declaration of James Maxwell Cooper ("Cooper Decl.") Ex. 1 (7/24/2013 Jae In Lee
   Dep., Vol I) at 14:18-15:1 ████████████████████████████████████████████
23  ████████████████████████████  The remaining evidence Costco submits to show a
   "core set of employees" (Opp'n at 5:10) from LPD engaged in conspiratorial conduct—Burman Decl. (ECF No. 3264-
24  2) **Exhibits 3, 6-15, 17, 19-25**—is unauthenticated hearsay statements to which LGEI objects under **Federal Rules of
   Evidence 802 and 901**.  *See Orr*, 285 F.3d at 777; Cal. Practice Guide: Federal Civil Procedure Before Trial ¶
25  14:162.10, p. 14-E, ("A proper foundation must be established for documents used to support or oppose summary
   judgment motions.").

26  [89]   Opp'n 5:15-19.

   [90]   *See* Burman Decl. (ECF No. 3264-2) Ex. 18 (Woong Rae Kim (SDI) Dep.) at 398:18-20 ("████████████
27  ██████████████████████████████████████████████████████████

28  [91]   Opp'n at 15:6-23.

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

1  LPD and other suppliers, including SDI.[92]  Thus, by 2003, LGEI had become a "customer" of SDI,

2  not a competitor[93]—a point Defendants raised in their Motion[94] and which Costco does not

3  dispute.[95]  Costco's reliance on this *one* meeting that *might* have involved LGEI and a *non-*

4  *competitor*—after years of discovery into allegedly thousands of conspiratorial meetings—is the

5  quintessential example of a contact that is too "slight and casual" to subject LGEI to California

6  law.[96]

7        In sum, Costco has no admissible evidence that LGEI "could not carry on its own

8  business" without LPD, which is required to establish an agency relationship between LGEI and

9  LPD.  Absent such a relationship, LPD's contacts with California cannot be attributed to LGEI,

10  and thus applying California law to LGEI violates its due process rights.[97]

11                **2.        The Hitachi Defendants Lack Sufficient Contacts with**
                           **California**

12

13        Costco's opposition does not simply mischaracterize facts regarding the Hitachi

14  entities' activity in California—it gets them flat wrong.  Costco relies on assertions unsupported

15  by the record, and has (1) failed to identify ***a single*** instance where HTL, HAS, HAL, or HDP

16  conducted activity in California in furtherance of any alleged conspiracy, and (2) failed to create a

17  question of fact that HEDUS's activity in California was more than slight and casual.

18        Even though due process requires Costco to present evidence "with respect to each

19  Defendant" *individually*, Costco provides zero evidence to support its claim that HAS, HAL, or

20

21

---

22  [92]  1/23/15 Ryu Decl. ¶ 3 ("In 2003, Samsung SDI was one of the suppliers from whom LGE purchased CRTs.");
     11/6/14 Ryu Decl. ¶¶ 3, 5 (ECF No. 3095).

23

24  [93]  Lin Decl. (ECF No. 3029) Ex. 14 (Woong Rae Kim (SDI) Dep., Vol. 2) at 399:3-24.

     [94]  Due Process Mot. at 10.

25  [95]  Opp'n at 15:5-23.

26  [96]  *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1113 (9th Cir. 2013).

27  [97]  *See, e.g.*, *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 995-96 (E.D. Cal. 2012) (no agency
     relationship where plaintiff had not "adduced evidence that [California subsidiary's] sale and delivery of the eggs . . .
     was of such fundamental importance that had [subsidiary] not performed this function, the [non-Californian]
     defendants would have.").

28

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

1  HDP engaged in anticompetitive actions in California during the Relevant Period.[98]  Because

2  Costco does not cite a single fact that connects these entities to anti-competitive actions California,

3  applying California state law against HAS, HAL, or HDP would violate due process.

4          For HTL, Costco argues that due process is satisfied because an alleged HTL

5  employee, Tom Heiser, received pricing information allegedly obtained in California in 2001.[99]

6  The one document Costco cites for this proposition is unauthenticated and contains inadmissible

7  hearsay.[100]  Even if Costco had provided admissible evidence, the undisputed facts show that ▮▮▮▮

8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[101]  Without any evidence reflecting conspiratorial activity

9  by HTL in California, Costco's claim fails to satisfy due process.

10         Factual errors pervade Costco's arguments concerning HEDUS as well.  Costco

11  tries to connect legitimate HEDUS business at a trade show in California with an alleged price-

12  fixing conspiracy in Asia.  To this end, Costco claims that an in-person anticompetitive exchange

13  of information between Kazumasa Hirai (HEDUS) and Hirokazu Nishiyama (Panasonic) took

14  place at an October 2001 trade show in La Quinta, California.[102]  The record contradicts Costco's

15  assertion.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17  ▮▮▮▮▮▮▮▮▮▮▮▮[103]

18

19

[98]   *AT&T Mobility*, 707 F.3d at 1114.  Costco's attempt to impute an action by one Hitachi company in California to all other Hitachi entities fails for the reasons explained in the preceding Section II.A.1(i) *supra*.

[99]   Opp'n at 16.

[100]   HTL objects to Burman Decl. (ECF No. 3264-2) **Ex. 28** under **Federal Rules of Evidence 802 and 901**.  *See Orr*, 285 F.3d at 777 (upholding exclusion of exhibit that "purports to be a letter" attached to declaration of plaintiff's attorney in opposition to summary judgment because it was "not authenticated" given that plaintiff "failed to submit an affidavit or deposition testimony from [the declarant] stating that he wrote the letter"); Cal. Practice Guide: Federal Civil Procedure Before Trial ¶ 14:162.10, p. 14-E, ("A proper foundation must be established for documents used to support or oppose summary judgment motions.")

[101]  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1    In any event, the facts provide no reasonable basis to argue that HEDUS engaged in

2  any conspiratorial activity in California.  Perhaps in recognition of this evidentiary hole, Costco

3  points to testimony about an alleged in-person information exchange between **Samsung and**

4  **Panasonic** that took place at a trade show in **Las Vegas, Nevada**.[104]  Similarly, Costco tries to

5  foist impropriety upon a legitimate internal HEDUS email from June 2000 by citing to a wholly

6  unrelated Samsung expense report for a trip to Malaysia taken by a Korean Samsung employee **six**

7  **months** after the HEDUS email.[105]  Evidence that concerns neither HEDUS nor California cannot

8  support Costco's proposition that HEDUS was involved in anti-competitive conduct in California.

9    Finally, even if the record did not contradict Costco's claims, Costco has still failed

10  to establish even a question of fact that HEDUS's actions in California have anything more than a

11  "slight and casual" relationship to this case.[106]  Costco argues that HEDUS's allegedly

12  conspiratorial activity in California was "routine[]" and "substantial."[107]  The record shows that it

13  was anything but.  Costco alleges over 2,200 instances of purported anti-competitive.  It claims

14  only four that involve HEDUS in California: less than 0.2% of all alleged anti-competitive actions.

15  Viewing the evidence in the light most favorable to Costco, HEDUS's actions in California bear

16  only a slight and casual relationship—if any—to this case.

**B.    California Lacks Sufficient Contacts with the Transactions at Issue Because Costco's Negotiations and Decisions to Purchase CRT Products Occurred Exclusively at Its Washington Headquarters**

19    There is no dispute that Washington was the *only* state where Costco negotiated for

20  and made purchasing decisions about CRT products[108]; that Washington was the "primary spot"

21  from which Costco issued purchase orders for its CRT products[109]; and that Costco issued

---

[104] Opp'n at 18.

[105] *Id.* at 7.

[106] *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1113 (9th Cir. 2013).

[107] Opp'n at 1, 7, 16.

[108] Lin Decl. (ECF No. 3029) Ex. 9 (Geoffrey Shavey (Costco) Dep.) at 58:14-17; *see also id.* at 46:7-16.

[109] *Id.* at 45:25-46:6.

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

1  purchase orders from other states' offices only at the direction of the Washington headquarters.[110]

2  As Defendants explained,[111] these facts show that the "occurrence or transaction" giving rise to

3  Costco's claims—sales of allegedly price fixed CRTs—occurred outside of California and thus

4  applying California law to LGEI and the Hitachi Defendants would violate their due process

5  rights.[112]

6          Costco resorts to U.C.C. principles for its argument that the sale of CRT products

7  should be deemed to have occurred where Costco *received* these products.[113]  But these U.C.C.

8  principles cannot create the contacts necessary to satisfy due process.  The two Northern District

9  decisions cited by Costco held due process to be satisfied *only* when the state whose laws the

10  plaintiff sought to invoke was also the state where "all . . . plaintiffs were headquartered" and

11  "[a]ll negotiations [and] purchasing decisions" for the allegedly price-fixed products took place.[114]

12  The two other cases cited by Costco do not even mention due process, much less address how to

13  determine which contacts are sufficient to satisfy it.[115]

14          Nor can Costco survive summary judgment by invoking this Court's prior denial of

15  Defendants' motion to dismiss.  As this Court explained, its ruling merely held that Costco need

16  not allege "detailed, defendant-by-defendant allegations of anticompetitive conduct" in each

17  state.[116]  This Court emphasized that its ruling "does not mean that future due process challenges

---

18

19  [110]  *Id.* at 57:23-58:2, 59:5-6.

20  [111]  Due Process Mot. at 8-9.

    [112]  *See Allstate Ins. Co. v. Hague*, 449 U.S. 302, 308 (1981).

21  [113]  Opp'n at 10:7-18, 19:11-25.

22  [114]  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2014 WL 2905131, at *3 (N.D. Cal. June 26, 2014);
    *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2014 WL 2905105, at *3 (N.D. Cal. June 26, 2014)

23  (same).

24  [115]  *See Classic Concepts, Inc. v. Linen Source, Inc.*, No. CV 04-8088 GPS (MANX), 2006 WL 4756377 (C.D. Cal.
    Apr. 27, 2006); *Dean Foods Co. v. Brancel*, 187 F.3d 609 (7th Cir. 1999).  In *Dean Foods Co. v. Brancel*, for
    example, the Court discussed the U.C.C. definition of a sale as part of its "statutory interpretation" analysis to

25  determine if a Wisconsin statute regulated sales of milk outside the state.  187 F.3d at 614.  In conducting this
    analysis, the court reasoned that a milk seller's other "contacts" with Wisconsin, such as leasing property and

26  maintaining employees—contacts that could be relevant to a due process analysis—"do not appear relevant to our
    inquiry."  *Id.* at 618.

27  [116]  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2013 WL 4505701, at *6 (N.D. Cal. Aug. 21,

28  2013).

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

1   are foreclosed, pending the discovery of additional facts."[117]  The full discovery record now shows

2   that Costco's purchasing decisions and negotiations occurred exclusively in its Washington

3   headquarters, and that any contacts with California are merely incidental.  Thus, applying

4   California law to LG and the Hitachi Defendants violates their due process rights.

<u>**CONCLUSION**</u>

6          For the foregoing reasons, Defendants respectfully request that this Court award

7   partial summary judgment against Costco on either choice of law or due process grounds with

8   respect to Costco's Second Claim for Relief under California law.

10   DATED:  January 23, 2015                    Respectfully submitted,

11                                              **MUNGER, TOLLES & OLSON LLP**

12                                              By: */s/ Jerome C. Roth*_____

13                                              JEROME C. ROTH (State Bar No. 159483)
                                                Jerome.roth@mto.com
14                                              HOJOON HWANG (State Bar No. 184950)
                                                Hojoon.hwang@mto.com
15                                              MIRIAM KIM (State Bar No. 238230)
                                                Miriam.kim@mto.com
16                                              **MUNGER, TOLLES & OLSON LLP**
17                                              560 Mission Street, Twenty-Seventh Floor
                                                San Francisco, California 94105-2907
18                                              Telephone:     (415) 512-4000
                                                Facsimile:     (415) 512-4077
19

20                                              WILLIAM D. TEMKO (State Bar No. 098858)
                                                William.temko@mto.com
21                                              **MUNGER, TOLLES & OLSON LLP**
22                                              355 South Grand Avenue, Thirty-Fifth Floor
                                                Los Angeles, CA 90071-1560
23                                              Telephone:     (213) 683-9100
                                                Facsimile:     (213) 687-3702

24                                              *Attorneys for Defendants LG Electronics, Inc.*

25

26

27   _____

28   [117]  *Id.* at *7.

KIRKLAND & ELLIS LLP

By: */s/ James Maxwell Cooper*

ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Telephone:      (415) 439-1400
Facsimile:       (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
BARACK S. ECHOLS (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Nathan Lane, III*

Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:    (415) 954-0200
Facsimile:    (415) 393-9887
E-mail: nathan.lane@squiresanders.com
E-mail: mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone:  + 1 602 528 4005
Facsimile:  +1 602 253 8129
Email: donald.wall@squirepb.com

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

1

*Attorneys for Defendant Technologies Displays Americas LLC*

2

3

WHITE & CASE

4

 By: */s/   Christopher M. Curran*

5

Christopher M. Curran (pro hac vice)
Lucius B. Lau (pro hac vice)

6

Charise Naifeh
Dana Foster (pro hac vice)

7

**WHITE & CASE**

8

701 Thirteenth Street N.W.
Washington, DC 20005

9

Telephone:    202-626-3600
Fax:           202-639-9355

10

ccurran@whitecase.com
alau@whitecase.com

11

cnaifeh@whitecase.com
dfoster@whitecase.com

12

13

*Counsel for Toshiba Corporation; Toshiba America, Inc.; Toshiba America Consumer Products, L.L.C.;*

14

*Toshiba America Electronics Components, Inc.; Toshiba America Information Systems, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS

1

2

By: */s/ Terrence J. Truax*

JENNER & BLOCK LLP

3

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)

4

Gabriel A. Fuentes (*pro hac vice*)
353 N. Clark Street

5

Chicago, Illinois 60654-3456
Telephone: (312) 222-9350

6

Facsimile: (312) 527-0484
ttruax@jenner.com

7

mbrody@jenner.com
gfuentes@jenner.com

8

9

Brent Caslin (Cal. Bar. No. 198682)

10

JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600

11

Los Angeles, California 90071
Telephone: (213) 239-5100

12

Facsimile: (213) 239-5199
bcaslin@jenner.com

13

14

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' JOINT REPLY TO COSTCO WHOLESALE CORP.S' OPPOSITION TO (1) PARTIAL
SUMMARY JUDGMENT AGAINST CERTAIN DIRECT ACTION PLAINTIFFS ON DUE PROCESS GROUNDS
AND (2) PARTIAL SUMMARY JUDGMENT AGAINST COSTCO ON CHOICE OF LAW GROUNDS