JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:    (415) 512-4000
Facsimile:    (415) 512-4077

WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3707

*Attorneys for Defendants LG Electronics Inc.*

*Additional Moving Defendants and
Counsel Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-sc (N.D.Cal) MDL No. 1917 |
| This Document Related to: Individual Case No. 3:13-cv-2171 (SC) *Dell Inc.; Dell Products L.P., v. Philips Electronics North America Corporation et al.,* Individual Case No. 3:13-cv-01173-SC, *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.,* Individual Case No. 3:13-cv-2776 SC, *Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs., N.V. et al.,* | **DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS – Redacted** Judge:   Hon. Samuel Conti Date:    February 6, 2015 Time:    10:00 a.m. Crtrm.:  1, 17th Floor |

3:07-cv-05944-SC; MDL No. 1917

DEFENDANTS' REPLY ISO JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND
SHARP PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 4

    A.    Dell Knew The Facts Underlying Its Claims Before November 23, 2007 ............... 4

    B.    Dell Had Sufficient Information To Be Put On Notice Of Its Claims ..................... 5

    C.    Evidence Does Not Indicate A Diligent Investigation By Dell As To The Existence Of A Conspiracy ......................................................................................... 7

    D.    Sharp Takes The Position That "Three Pieces Of Paper" Is Insufficient To Establish Inquiry; Sharp Argued The Opposite In *LCD* ......................................... 7

    E.    Sharp's Assertion That Sharp Corporation Is A Separate, Non-Party Entity Is Irrelevant Considering Sharp Had Actual And Constructive Notice Of The Alleged Conspiracy ............................................................................................. 8

    F.    Sharp Has Refused To Provide A Key Witness Regarding Exhibit 3620 ............. 10

    G.    Exhibits 3621 And 3622 Show Sharp's Constructive Knowledge Of Alleged Conspiratorial Behavior .......................................................................................... 11

III.  CONCLUSION ................................................................................................. 13

3:07-cv-05944-SC; MDL No. 1917

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................ 6

*Baughman v. Walt Disney World Co.*,
   685 F.3d 1131 (9th Cir. 2012) ........................................................................... 8

*Braxton–Secret v. A.H. Robins Co.*,
   769 F.2d 528 (9th Cir. 1985) ........................................................................... 12

*Brown v. St. Paul Travelers Companies*,
   331 Fed. Appx. 68 (2nd Cir. 2009) ............................................................. 6, 11

*Caliber One Indem. Co. v. Wade Cook Fin. Corp.*,
   491 F.3d 1079 (9th Cir. 2007) ......................................................................... 12

*Conmar Corp. vs. Mitsui & Co.*,
   858 F.2d 499 (9th Cir. 1988) ........................................................................ 5, 11

*Dickey v. Baptist Mem'l Hosp.*,
   146 F.3d 262 (5th Cir. 1998) ............................................................................. 6

*GO Computer, Inc. v. Microsoft Corp.*,
   508 F.3d 170 (4th Cir. 2007) ............................................................................. 5

*Hexcel Corp. v. Ineos Polymers, Inc.*,
   681 F.3d 1055 (9th Cir. 2012) ..................................................................... 5, 6, 7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   Case No. 3:07-md-01827-SI (N.D. Cal. Aug. 17, 2012), ECF No. 6497 ............... 8

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   Case No. 3:07-md-01827-SI (N.D. Cal. Sept. 14, 2012), ECF No. 6748 ......... 2, 3

*Maple Flooring Mfrs.' Ass'n v. United States*,
   268 U.S. 563 (1925) ......................................................................................... 13

*Marks v. United States*,
   578 F.2d 261 (9th Cir. 1978) ............................................................................. 6

*Robnett v. Blodgett*,
   No. 91-35397, 1992 WL 280980 (9th Cir. 1992) ............................................. 6

*Tinder v. Pinkerton Sec.*,
   305 F.3d 728 (7th Cir. 2002) ............................................................................. 6

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

*Woodson v. Am. Med. Ass'n,*
   No. 97 C 2169, 1998 WL 778075 (N.D. Ill. Nov. 2, 1998) ................................................. 5, 6

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

I.     **INTRODUCTION**

        The evidence outlined in Defendants' opening brief demonstrates that long before November 27, 2003, Dell and Sharp knew or should have known the facts they allege in support of their current claims.

        From 1998 to 2003, dozens of internal Dell emails and documents reflect Dell's

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

        These contemporaneous documents render untenable Dell's argument that it did not discover, and could not have discovered, the alleged conspiracy until November 2007, when the Department of Justice (DOJ) publicly announced an investigation.  Dell seeks to minimize the documentary record by arguing that, when its employees discussed a "cartel," they did not mean to refer to potential price fixing.  *See* Dell Opp. at 13.  This claim is foreclosed by the documents themselves and contradicted by witness testimony.

        Dell also asserts that because Dell witnesses testified that they did not know of or suspect any collusion or cartels, that Dell therefore cannot have been on constructive notice of the facts giving rise to the claims it now asserts.  Dell's own business records – ██████████████

██████████████████████████████████████████████████  show clearly that there were ample "red flags" that *should have* raised Dell's suspicions and put Dell on constructive notice.  That some of these Dell employees now, years later, ████████████████████

██████████████████████  is irrelevant to the inquiry of constructive notice.  Finally, Dell argues that Defendants fraudulently concealed the alleged conspiracy.  But again the documents show that Dell had actual and constructive knowledge of the alleged price-fixing

3:07-cv-05944-SC; MDL No. 1917

1  conspiracy.  The evidence cited by Dell actually ███████████████████

2  ██████████████████████████████████████████████████████████

3  ████████████████████████████████  The Dell employees Dell claims were

4  "diligently investigating" were not trying to ascertain the existence of potential collusion; rather,

5  they clearly understood collusion to be a potential problem to Dell's business and were trying to

6  combat the problem or use that information to Dell's advantage.

7       Sharp also asserts that it did not have any knowledge whatsoever regarding the

8  alleged CRT conspiracy prior to the public announcement of the CRT investigation, Sharp points

9  to no facts to support this position.  The documents cited by the Defendants in the opening brief

10 establish Sharp's corporate knowledge.  That Sharp can point to *certain employees* who deny

11 knowledge does not rebut the documents.  Sharp cannot create a genuine issue of material fact by

12 citing two witnesses who testified that they themselves had no knowledge — or, more accurately,

13 that they don't recall having knowledge — when the documents stand as unrebutted evidence of

14 Sharp's corporate knowledge of information sufficient to prompt the inquiry of a reasonable

15 person.

16       Sharp's other arguments should also be rejected.  First, remarkably, Sharp refers to

17 a decision in the LCD case where Judge Illston denied summary judgment on statute-of-

18 limitations grounds when the evidence — as Sharp now characterizes it — was "minimal."  *See*

19 Sharp Opp. at 15-16.  Sharp fails to mention that *Sharp itself* was one of the defendants that filed

20 that unsuccessful summary judgment motion.  In that briefing, Sharp argued that "a grand total of

21 three Best Buy documents" was "unquestionably" sufficient to put one of Sharp's now co-

22 plaintiffs, Best Buy, on notice of a "panel cartel."  Declaration of Claire Yan in Support of

23 Defendants' Reply in Support of Joint Motion for Partial Summary Judgment Against Dell and

24 Sharp Plaintiffs on Statute of Limitations Grounds ("Yan Suppl. Decl.") Ex. 3 (Defendants' Reply

25 in Support of Joint Motion for Partial Summary Judgment Dismissing Best Buy's (1) Pre-October

26 8, 2006 Claims as Time Barred and (2) Post-May 2003 Claims for Failure to Mitigate Damages, *In*

27

28

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

*re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal. Sept. 14, 2012), ECF No. 6748) at 2-3 (signed by Sharp, represented by the same counsel as here).[1]

Second, Sharp's emphasis that documents cited as evidence of its knowledge of the conspiracy were drafted by individuals from non-party Sharp Corporation, *see* Sharp Opp. at 2, 6, 7, is irrelevant in light of the facts surrounding the documents cited as evidence of Sharp's knowledge and witness testimony that Sharp Corporation was involved in the procurement of CRTs.  In addition, this court has already found that the Sharp Plaintiffs' claims in this case are based partly on its corporate relationship with Sharp Corporation.

Third, Sharp claims that its executives "testified unequivocally that they did not suspect any unlawful concerted activity among defendants."  Sharp Opp. at 3.   Regarding one of the specific documents at issue, however, Sharp only offers the testimony of a single executive who did not have a specific recollection regarding the language suggesting Sharp's knowledge of the alleged cartel.

Fourth, Sharp takes yet another inconsistent position when it argues that CRT supply information that it received from one of the defendants likely came from a public source. *See* Sharp Opp. at 13-14.  Sharp makes this argument while simultaneously including that information as evidence of anticompetitive behavior in its discovery responses.  *See* Defs. Mot. at 15-16.  Sharp cannot be allowed to take such inconsistent positions; either the evidence indicates Sharp's knowledge of the conspiracy or it is public information which cannot be characterized as allegedly anticompetitive competitor communication between defendants.

In sum, Dell and Sharp cannot establish the requirements for tolling under a fraudulent concealment theory and Defendants' summary judgment motion should be granted.

---

[1] For the avoidance of doubt, Plaintiff Sharp Electronics Corp. was one of the defendants who moved for summary judgment.  *Id.*

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

1  **II.    ARGUMENT**

16    Dell argues that its employees were merely investigating possible price fixing and

17  were not expressing beliefs that price fixing ███████████████████████

18  ████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████

21  ███  This is not mere "investigation," as ███████████████████████

22  ████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████

24  ███████████████████████████████  that demonstrates a belief that cartel conduct is

25  *ongoing,* not a mere suspicion to be investigated.  ████████████████████████

26    Further, even if this Court were to credit Dell's strained interpretation of the term

27  "cartel," ████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

1 ████████████████████████████████████████████████████

2 ████████████████████████████ These documents are not "ambiguous" as Dell

3 claims.  Dell Opp. at 10, 14-16.  These contemporaneous emails ████████████████

4 ████████████████████████████████████████████████████

5 ████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████

10 ████████████████

11       **B.**     **Dell Had Sufficient Information To Be Put On Notice Of Its Claims**

12       As the documents show, Dell's knowledge was not merely superficial. ████

13 ████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████

16 ██████████████████████████████████ These communications clearly

17 indicate that Dell, at a minimum, was on constructive notice of its claims.  For there to be

18 constructive knowledge, "[a]ny fact that should excite [a plaintiff's] suspicion is the same as

19 actual knowledge of his entire claim." *Conmar Corp. vs. Mitsui & Co.*, 858 F.2d 499, 502 (9th

20 Cir. 1988).  As Defendants' moving papers show, there were ample "red flags" in the documents

21 that should have put Dell on notice of its claims.  *See Hexcel Corp. v. Ineos Polymers, Inc.*, 681

22 F.3d 1055, 1063 (9th Cir. 2012);  *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 172 (4th

23 Cir. 2007).

24 ████████████████████████████████████████████████████

25 ████████████████████████████████████████████████████

26 ████████████████████████████████████████████████████

27 ██████████████████████████████ statement that a witness does not recall a

28 particular incident is not the same as a statement that it did not happen.  *Woodson v. Am. Med.*

1   *Ass'n, No. 97* C 2169, 1998 WL 778075, at *3 (N.D. Ill. Nov. 2, 1998).  Courts routinely hold that

2   a party's lack of recollection cannot create a genuine issue of material fact in such circumstances.

3   *See, e.g., Brown v. St. Paul Travelers Companies,* 331 Fed. Appx. 68, 70 (2nd Cir. 2009) ("We

4   agree with the District Court that '[p]laintiff's statement, that she has no recollection or record of

5   receiving the employee handbook and arbitration policy, despite the fact that it was distributed on

6   at least six occasions during her employment, is ... not sufficient to raise a genuine issue of

7   material fact.'"); *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735–36 (7th Cir. 2002) (plaintiff's

8   testimony that she "does not recall seeing or reviewing" a brochure "does not raise a genuine issue

9   of material fact" in light of affidavits that the brochure was sent to her); *Dickey v. Baptist Mem'l*

10  *Hosp.*, 146 F.3d 262, 266 n.1 (5th Cir. 1998) ("The mere fact that Dr. Washington does not

11  remember the alleged phone conversation, however, is not enough, by itself, to create a genuine

12  issue of material fact [as to whether it occurred.]"); *Robnett v. Blodgett*, No. 91-35397, 1992 WL

13  280980, at *2 (9th Cir. 1992) ("A current lack of recollection" does not create a genuine issue of

14  material fact, because "[a]bsence of proof is not proof of absence").

15      Dell does not and cannot dispute that these witnesses wrote and received these

16  contemporaneous emails and business documents documenting and discussing possible collusion

17  and cartel-like behavior.  Nowhere in their opposition does Dell argue that the documents cited by

18  Defendants lack authenticity. That Dell's witnesses cannot now, many years later, recall receiving

19  these clear "red flags" is of no relevance to Dell's state of constructive knowledge at the time of

20  those emails and documents.  *See Hexcel,* 681 F.3d at 1063-64 (holding that district court, on

21  summary judgment, did not err in rejecting declarations containing "general denials of Hexcel's

22  knowledge of its claim"); *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978) ("Conclusory

23  allegations unsupported by factual data will not create a triable issue of fact" allowing a party to

24  survive a summary judgment motion); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986)

25  ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be

26  insufficient.").

27

28

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

**C.   Evidence Does Not Indicate A Diligent Investigation By Dell As To The Existence Of A Conspiracy**

Dell argues at length that Defendants sought to fraudulently conceal the alleged conspiracy.  But the documentary record of Dell's knowledge demonstrates that Dell employees were on notice of sufficient facts to support Dell's claims.  To establish fraudulent concealment, the plaintiff must not only show facts that defendant affirmatively misled it, but also that "the plaintiff had neither actual nor constructive knowledge of the facts giving rise to its claim despite its diligence in trying to uncover those facts."  *Hexcel*, 681 F.3d at 1060.  The "diligence" required is an effort to *uncover the facts behind plaintiff's claims*.

Contrary to Dell's assertion, the actual evidence cited by Dell and in Defendants' opening brief show that Dell employees clearly knew about and were very concerned with the ████████████████████████████ Dell's business. ████████████████████████████ ████████ These "investigation efforts" were not efforts to investigate whether a "cartel" existed, but rather efforts by Dell's employees to counter the effects ████████████████████ ████████████████████████████████████████████████████████ ████

As noted in Defendants' moving papers, what Dell characterizes as efforts to investigate the existence of a cartel was actually Dell employees using their understanding and knowledge of how they perceived the cartel to operate to Dell's advantage, including trying to get lower prices for Dell. ████████████████████████████ ████████████████████████████████████████ ████████ These documents demonstrate that Dell was on sufficient notice of its claims to defeat any argument that the statute of limitations should be tolled based on alleged fraudulent concealment.

**D.   Sharp Takes The Position That "Three Pieces Of Paper" Is Insufficient To Establish Inquiry; Sharp Argued The Opposite In *LCD***

In arguing that the amount of evidence presented by the Defendants is insufficient to put Sharp on inquiry notice of the alleged CRT conspiracy, Sharp is taking a position directly opposite to the one it took in *LCD*.

-7-                                    3:07-cv-05944-SC; MDL No. 1917

1     In the Opposition, Sharp characterizes the "three pieces of paper" that Defendants

2  cite as evidence as "scant," "thin," and "limited."  Sharp Opp. at 9, 15.  In support, it cites to a

3  decision in the *LCD* case where Sharp itself, among other defendants, moved for summary

4  judgment on precisely the same grounds that the Defendants move here.  *See id.* at 15-16.  In the

5  LCD case, the plaintiff was Sharp's now co-plaintiff Best Buy. In its motion against Best Buy,

6  Sharp argued that Best Buy had notice of the alleged *LCD* conspiracy three years before the LCD

7  investigation became public based on "a grand total of three Best Buy documents" that refer to a

8  "Panel Cartel."  Yan Suppl. Decl. Ex. 1  at 4-6.  Sharp's co-plaintiff, in that case, Best Buy, made

9  the exact same argument in opposition that Sharp does here, claiming that a "single conclusory

10  'panel cartel' comment does not come close to establishing that Best Buy had actual knowledge of

11  Defendants' conspiracy."   Yan Suppl. Decl. Ex. 2 (Best Buy's Opposition to Defendants' Joint

12  Motion for Partial Summary Judgment Dismissing Best Buy's (1) Pre-October 8, 2006 Claims as

13  Time Barred and (2) Post-May 2003 Claims for Failure to Mitigate Damages, *In re TFT-LCD*

14  *(Flat Panel) Antitrust Litig.*, Case No. 3:07-md-01827-SI (N.D. Cal. Aug. 17, 2012), ECF No.

15  6497) at 12.  In reply, Sharp argued that "[t]here is no volume or quantity requirement applicable

16  to the disclosure of information sufficient to put a plaintiff on notice of the existence of a claim."

17  Yan Suppl. Decl. Ex. 3 at 2-3.

18     Sharp cannot now assert that a small number of documents are insufficient to

19  warrant inquiry notice when it previously took the opposite position in *LCD*.  Sharp should be

20  estopped from making this argument.  *See Baughman v. Walt Disney World Co.*, 685 F.3d 1131,

21  1133 (9th Cir. 2012) (finding that judicial estoppel prevents a party from changing its position in a

22  legal proceeding in order "to protect the integrity of the judicial process by 'prohibiting parties

23  from deliberately changing positions according to the exigencies of the moment,'" *citing New*

24  *Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)).

25  **E.     Sharp's Assertion That Sharp Corporation Is A Separate, Non-Party Entity Is**
    **Irrelevant Considering Sharp Had Actual And Constructive Notice Of The**
26  **Alleged Conspiracy**

27     Sharp repeatedly argues that some of the evidence cited by the Defendants

28  ██████████████████████████ and this somehow inoculates Sharp ███████████████

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS



This argument is irrelevant in the analysis of Sharp's actual and constructive knowledge of the facts underlying claims it now asserts.

Additionally,

Finally, this Court has already found that "Sharp's claims are based partly on its corporate relationship with Sharp Corporation," Dkt. No. 2435 at 8.  In the order, this Court held that Sharp's claims were subject to the forum selection clause contained in the Basic Transaction Agreement (the "BTA"), a contract governing transactions between Sharp Corporation and Toshiba Corporation, because Sharp's claims against the Toshiba Defendants were tied to Sharp Corporation's contractual relationship with Toshiba Corporation.  *See id.* at 6-7 ("In this case, because any relationship between the Sharp Plaintiffs and Toshiba took place 'as part of the larger contractual relationship' between the two parent companies, the BTA and its forum-selection clause should be read to apply to the subsidiaries.").

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

For these reasons, Sharp's attempt to deny knowledge of the alleged conspiracy by distinguishing itself from Sharp Corporation fails.

**F.      Sharp Has Refused To Provide A Key Witness Regarding Exhibit 3620**

Sharp argues that ███████████ did not place it on inquiry notice of a CRT conspiracy.  *See* Sharp Opp. at 11-12.  Sharp is wrong; the documents cited by the Defendants' establish Sharp's corporate knowledge sufficient to arouse an inquiry in a reasonable person; moreover, Sharp fails to mention that they have refused to produce for deposition a key witness.

Sharp claims that the ██████████████████████████ — Toshihito Nakanishi — ████████████████████████████████ ████████████████████████████████ ████████████████████████████████████ ██████████ ████████████████████████████ ██████████████████████████████████ ████████████████████████████ ████████████████████████████████ ██████████████████████████ ██████████████████████████████ ██████████████████████████████████ ████████████████████████████████████ Because ██████████████ ███████████████████████ his remaining testimony as to how the document was interpreted at Sharp, has no evidentiary value – it is merely speculative.  *See, e.g.,*

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

1   *St. Paul Travelers Companies,* 331 Fed. Appx. at 70 (finding that a lack of recollection is not

2   sufficient to raise a genuine issue of material fact.).

3         Importantly 

4

5

6

7                                                                      , Sharp has refused to

8   produce ▮▮▮▮ for deposition. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And he will not be at trial.

10        Sharp's statement that Mr. Nakanishi is "the only witness with any knowledge of

11  the document" simply ignores Mr. Harada — at the time *the President of Plaintiff SEMA.*  That the

12  president of SEMA (1) received information that two of its suppliers were possibly "conspiring,"

13  and (2) SEMA took actions in response to this information, *i.e.*, it decided to "concentrate

14  purchase orders" to a different supplier, evince facts that would "excite the inquiry of a reasonable

15  person." *Conmar Corp.,* 858 F.2d at 504.

16

17        **G.      Exhibits 3621 And 3622 Show Sharp's Constructive Knowledge Of Alleged
              Conspiratorial Behavior**

18        Sharp argues that ▮▮▮▮▮▮▮▮ did not put them on notice of the alleged

19  conspiracy because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20  ▮▮▮▮▮▮▮▮▮▮▮. *See* Sharp Opp. at 7-8, 13-14.  Sharp's

21

22  assertion fails on both fronts.

23        As to Sharp's assertion that ▮▮▮▮▮▮▮▮▮▮, constructive

24  knowledge can be attributed to Sharp based on several evidentiary factors.  First, ▮▮▮▮

25

26  ────────────────────

27  [2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████████

5 ██████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████████

7 ███████████

8        Second, ███████████████████████████████████████████████

9 █████████████████████████████████  *See* Defs. Mot. at 15-16.  Sharp has repeatedly asserted in

10 this litigation that Sharp in NAFTA is SEC and SEMA.

11        Finally, Sharp is the "wholly owned U.S. sales and marketing subsidiary of Osaka-

12 based Sharp Corporation." Sharp Second Amended Complaint ¶ 20, whose claims in this case

13 have been found to be based "partly on its corporate relationship with Sharp Corporation."  Dkt.

14 No. 2435 at 8.

15 

16        Based on these factors, the only reasonable inference is that Sharp had constructive

17 knowledge of the U.S.-related information contained in Exhibits 3621 and 3622.  *See Caliber One*

18 *Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1085 (9th Cir. 2007) (holding that

19 "[s]ummary judgment is appropriate where . . . the undisputed evidence supports only one

20 reasonable inference") (citation omitted);  *Braxton–Secret v. A.H. Robins Co.*, 769 F.2d 528, 531

21 (9th Cir. 1985) (holding that when the "palpable facts are substantially undisputed" as to "whether

22 a party knew or should have known of a particular condition," that "such issues can become

23 questions of law which may be properly decided by summary judgment.") (citations omitted).

24 

25        Remarkably, Sharp also denies that ████████████████ put it on inquiry notice

26 because ████████████████████████████████████████████████████████

27 ██████████████████████████████████████████████

28

1  ████████████████████████████████████████████████████████████

2  Sharp Opp. at 13 (emphasis added).  Displaying additional duplicity, Sharp has characterized the

3  very same information as a ██████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████████

5  ████████████████████    Defs. Mot. at 15.  Again, Sharp cannot have it both ways.   Either it

6  must concede that the information in these documents is public and thus not evidence of

7  

8  competitor communications, or Sharp's possession of this information puts it on notice that ████

9  ██████████████████████████████████████

10 Sharp's claim that the SDI document containing substantially similar information

11 as Exhibits 3621 and 3622 is "direct evidence of conspiratorial activity" (Sharp Opp. at 14)

12 directly contradicts Sharp's position on the document.  Even if the SDI document includes

13 "Matsushita" as its source, based on Sharp's assertion that ██████████████████████████

14 ██████████████████████████, any exchange of such information between any

15 

16 CRT supplier would be an exchange of  publicly available information, not "direct evidence of

17 conspiratorial conduct."  *See, e.g., Maple Flooring Mfrs.' Ass'n v. United States,* 268 U.S. 563,

18 582-83 (1925) (stating that information exchanges among competitors can be beneficial when they

19 permit companies to "avoid the waste which inevitably attends the unintelligent conduct of

20 economic enterprise" and that "[c]ompetition does not become less free merely because the

21 conduct of commercial operations becomes more intelligent through the free distribution of

22 knowledge of all the essential factors entering into the commercial transaction.").

23 

24 **III.    CONCLUSION**

25 For all of these reasons, and those set forth in Defendants' moving brief,

26 Defendants respectfully request that the Court grant Defendants' motion and award partial

27 summary judgment in favor of the Defendants as to Dell's and Sharp's Sherman Act claims

28 relating to conduct before November 2003.

1   Respectfully submitted:  January 23, 2015

2

3                                          By:    /s/ Hojoon Hwang
                                           MUNGER, TOLLES & OLSON LLP
4                                          Hojoon Hwang (SBN 184950)
                                           William D. Temko (SBN 98858)
5                                          560 Mission Street, 27th Floor
                                           San Francisco, CA 94105-2907
6                                          Telephone:    (415) 512-4000
                                           Facsimile:    (415) 512-4077
7                                          *Hojoon.Hwang@mto.com*
                                           *William.Temko@mto.com*
8
                                           *Attorneys For Defendants LG Electronics, Inc.*
9

10                                         By:    /s/ Michael W. Scarborough
                                           SHEPPARD MULLIN RICHTER & HAMPTON
11                                         LLP
                                           Gary L. Halling (SBN 66087)
12                                         James L. McGinnis (SBN 95788)
                                           Michael W. Scarborough (SBN 203524)
13                                         Four Embarcadero Center, 17th Floor
                                           San Francisco, CA 94111-4109
14                                         Telephone:    (415) 434-9100
                                           Facsimile:    (415) 434-3947
15                                         *ghalling@sheppardmullin.com*
                                           *jmcginnis@sheppardmullin.com*
16                                         *mscarborough@sheppardmullin.com*

17                                         *Attorneys for Defendants Samsung SDI America,*
                                           *Inc.; Samsung SDI Co., Ltd.; Samsung SDI*
18                                         *(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.*
                                           *DE C.V.; Samsung SDI Brasil Ltda.; Shenzen*
19                                         *Samsung SDI Co., Ltd. and Tianjin Samsung SDI*
                                           *Co., Ltd.*
20

21

22          *The following Defendant(s) join only as to the portions of the motion relating to the Dell*
            *Plaintiffs:*
23

24                                         By:    /s/ Terrence J. Truax
25                                         JENNER&BLOCK LLP
                                           Terrence J. Truax (*pro hac vice*)
26                                         Michael T. Brody (*pro hac vice*)
                                           353 North Clark Street
27                                         Chicago, IL 60654-3456
                                           Telephone:    (312) 222-9350
28                                         Facsimile:    (312) 527-0484

DEFENDANTS' REPLY ISO JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND
SHARP PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

1

*ttruax@jenner.com*
*mbrody@jenner.com*

2

3

Brent Caslin (Cal. Bar. No. 198682)
JENNER&BLOCK LLP
633 West Fifth Street, Suite 3600

4

Los Angeles, CA 90071
Telephone:    (213) 239-5100

5

Facsimile:    (213) 239-5199
*bcaslin@jenner.com*

6

7

*Attorneys for Defendants Mitsubishi Electric*
*Corporation, Mitsubishi Electric US, Inc. and,*
*Mitsubishi Electric Visual Solutions America, Inc.*

8

9

10

*The following Defendant(s) join only as to the portions of the motion relating to the Sharp*
*Plaintiffs:*

11

By: ____*/s/ Kathy L. Osborn*_____

12

FAEGRE BAKER DANIELS LLP
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)

13

300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204

14

Telephone:    (317) 237-0300
Facsimile:    (317) 237-1000

15

*kathy.osborn@FaegreBD.com*
*ryan.hurley@FaegreBD.com*

16

17

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP

18

1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279

19

Telephone:    (650) 324-6700
Facsimile:    (650) 324-6701
*calvin.litsey@FaegreBD.com*

20

21

*Attorneys for Defendants Thomson SA and Thomson*
*Consumer Electronics, Inc.*

22

23

By: ____*/s/ David L. Yohai*_____
WEIL, GOTSHAL & MANGES LLP

24

David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
David E. Yolkut (*pro hac vice*)

25

767 Fifth Avenue
New York, NY 10153-0119

26

Telephone:    (212) 310-8000
Facsimile:    (212) 310-8007

27

*david.yohai@weil.com*
*adam.hemlock@weil.com*

28

*david.yolkut@weil.com*

-2-                    3:07-cv-05944-SC; MDL No. 1917

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

1

2   WINSTON & STRAWN LLP
    Jeffrey L. Kessler (*pro hac vice*)
3   Eva W. Cole (*pro hac vice*)
    Molly M. Donovan (*pro hac vice*)
4   200 Park Avenue
    New York, NY 10166
5   Telephone:    (212) 294-6700
    Facsimile:    (212) 294-7400
6   jkessler@winston.com
    ewcole@winston.com
7   mmdonovan@winston.com

8   *Attorneys for Defendants Panasonic Corporation of*
    *North America, MT Picture Display Co., Ltd., and*
9   *Panasonic Corporation (f/k/a Matsushita Electric*
    *Industrial Co., Ltd.)*

10  By:    /s/ Lucius B. Lau
    WHITE & CASE LLP
11  Christopher M. Curran (*pro hac vice*)
    Lucius B. Lau (*pro hac vice*)
12  Dana E. Foster (*pro hac vice*)
    701 Thirteenth Street, N.W.
13  Washington, D.C. 20005
    Telephone:    (202) 626-3600
14  Facsimile:    (202) 639-9355
    ccurran@whitecase.com
15  alau@whitecase.com
    defoster@whitecase.com

16
    *Attorneys for Defendants Toshiba Corporation,*
17  *Toshiba America, Inc., Toshiba America Information*
    *Systems, Inc., Toshiba America Consumer Products,*
18  *L.L.C., and Toshiba America Electronic Components,*
    *Inc.*

19
    By:    /s/ John M. Taladay
20  BAKER BOTTS LLP
    John M. Taladay (*pro hac vice*)
21  Joseph Ostoyich (*pro hac vice*)
    Erik T. Koons (*pro hac vice*)
22  Charles M. Malaise (*pro hac vice*)
    1299 Pennsylvania Ave., N.W.
23  Washington, DC 20004-2400
    Telephone:    (202) 639-7700
24  Facsimile:    (202) 639-7890
    john.taladay@bakerbotts.com
25  joseph.ostoyich@bakerbotts.com
    erik.koons@bakerbotts.com
26  charles.malaise@bakerbotts.com

27  Jon V. Swenson (SBN 233054)
    BAKER BOTTS LLP
28  1001 Page Mill Road

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS

1                         Building One, Suite 200

Palo Alto, CA 94304

2                         Telephone:     (650) 739-7500

Facsimile:     (650) 739-7699

3                         *jon.swenson@bakerbotts.com*

4                         *Attorneys for Defendants Koninklijke Philips N.V.*

*and Philips Electronics North America Corporation*

DEFENDANTS' REPLY ISO MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DELL AND SHARP
PLAINTIFFS ON STATUTE OF LIMITATIONS GROUNDS