GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. AND
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14-cv-02510-SC | **DEFENDANT CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S NOTICE OF MOTION AND MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**<br><br>Date: March 6, 2015<br>Time: 10 a.m.<br>Judge: Hon. Samuel Conti |

CHUNGHWA'S MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE - MASTER CASE NO. 07-CV-5944 SC

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 6, 2015 or as soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa") will and hereby do move for an order under Federal Rule of Civil Procedure 37(c)(1) excluding untimely disclosed evidence submitted by ViewSonic Corporation in connection with its Opposition to Chunghwa's Motion for Partial Summary Judgment For Lack of Standing as to ViewSonic Corporation.

This motion is based on this Notice of Motion; the following Memorandum of Points and Authorities; the accompanying Declaration of Austin V. Schwing; the files in these actions; argument of counsel; and such other matters as the Court may consider.

DATED: January 23, 2015

GIBSON, DUNN & CRUTCHER LLP

By:     /s/Rachel S. Brass
           Rachel S. Brass

Attorneys for Defendants

CHUNGHWA PICTURE TUBES, LTD. and CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa") have moved for partial summary judgment against ViewSonic Corporation's ("ViewSonic") Sherman Act claim to the extent it is based on purchases from Tatung Company ("TCO") or Jean Company, Ltd. ("Jean") because indirect purchaser claims are prohibited under federal law ("Summary Judgment Motion").  In response, ViewSonic has argued that its indirect purchaser claim is not barred because the *Royal Printing* exception, which allows an indirect purchaser to bring a Sherman Act claim when it purchased the price-fixed product from an entity owned or controlled by a price-fixing conspirator, applies.  *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 326 (9th Cir. 1980).  In making this argument, ViewSonic improperly relies on several sources of evidence, both documents and a witness, that it failed to identify in its discovery responses, despite discovery requests from Chunghwa that required ViewSonic to identify all evidence in support of its *Royal Printing* argument.  ViewSonic's failure to identify this evidence is unjustified and unduly prejudicial to Chunghwa and therefore this evidence should be stricken under Federal Rule of Procedure 37(c)(1).[1]

**II.     BACKGROUND**

Early in this litigation, ViewSonic indicated that it intended to seek damages under Section 1 of the Sherman Act related to its purchases of finished products from non-conspirators, Compl. ¶¶ 52-54, despite *Illinois Brick's* bar on indirect purchaser claims.  Accordingly, on August 25, 2014, Chunghwa served several interrogatories requesting that ViewSonic identify all facts, documents, and witnesses relating to its ownership and control contentions:

- If You contend that CPT or CPTM is a subsidiary of any entity from which You purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that support Your contention.

---

[1] In its trial witness list, ViewSonic also identified another witness regarding ownership and control issues that was never identified in its discovery responses.  Chunghwa will seek to exclude testimony by that witness in a separate motion *in limine*.

- If you contend that CPT or CPTM was owned or controlled by any entity from which You purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that support Your contention.

- If You contend that any entity from which You purchased CRTs or CRT Products directly is a subsidiary of CPT or CPTM, identify all facts, witnesses, and Documents that support Your contention.

- If you contend that any entity from which You purchased CRTs or CRT Products directly was owned or controlled by CPT or CPTM, identify all facts, witnesses, and Documents that support Your contention.

Decl. of Austin V. Schwing ("Schwing Decl."), Ex. A (CPT First Set of Interrogs. Nos. 5-8). ViewSonic served its responses on October 13, 2014, identifying certain documents. *Id.*, Ex. B. ViewSonic did not identify any witnesses. *Id.* ¶ 5. ViewSonic did not supplement these responses, and discovery closed on November 7, 2014. *Id.* ¶ 6.

On November 14, 2014, Chunghwa filed its Summary Judgment Motion on the ground that ViewSonic's claim is foreclosed by *Illinois Brick*, to the extent that ViewSonic's claim is based on its purchases from TCO and Jean. Case No. 07-cv5944, ECF No. 3102. Specifically, Chunghwa argued that ViewSonic's claim does not qualify for the *Royal Printing* exception as to any purchases from those companies. *Id.*

On December 23, 2014, ViewSonic filed an opposition and supporting exhibits. Case No. 07-cv-5944, ECF No. 3261. Several of the documents and a witness supplying a declaration had not previously been disclosed to Chunghwa despite Chunghwa's discovery requests:

- Heaven Decl., Exhibit 2 (TCO 2014 Annual Meeting of Shareholders Handbook)
- Heaven Decl., Exhibit 5 (Chunghwa Corporate Governance document)
- Heaven Decl., Exhibit 7 (Declaration of Ernest Huang)
- Heaven Decl., Exhibit 10 (Tatung Corporate Milestones)

*Id.* ¶ 7. These documents and the declaration of Mr. Huang were submitted in support of ViewSonic's contention that an ownership or control relationship existed between Chunghwa, TCO, and Jean. *Id.* ¶ 8. For example, ViewSonic cites a statement in Exhibit 2 (TCO 2014 Annual Meeting of Shareholders Handbook) that TCO "arranged (for) Chunghwa Picture Tubes Co. Ltd. to purchase the shares of Giantplus Technology Co., Ltd." as evidence of TCO's purported control over

Chunghwa. *Id.*; Opp'n at 10, 19.  As another example, ViewSonic cites a statement from Exhibit 5 (Chunghwa Corporate Governance document) regarding the responsibilities of Chunghwa's CEO as evidence that the Lin family "wield[s] significant power" over Chunghwa, TCO, and Jean.  Schwing Decl. ¶ 8; Opp'n at 5, 5 n.15.  And ViewSonic submits Exhibit 7, the Declaration of Ernest Huang, to establish family relationships between various board members and executives of Chunghwa, TCO, and Jean in support of its argument that the companies are "controlled by" the Lin family.  Decl. ¶ 8; Opp'n at *e.g.*, 3 n.3, 5 n.13 & 18.  Because ViewSonic did not timely disclose documents and Mr. Huang, Chunghwa did not have the opportunity to depose Mr. Huang, or to ask any ViewSonic witness in deposition about the documents upon which ViewSonic relies.  *Id.* ¶ 9.

### III.   ARGUMENT

ViewSonic should be prevented from using its undisclosed evidence in opposition to summary judgment, or at trial.  The above-referenced documents and witness were directly responsive to Chunghwa's interrogatories seeking identification of all facts, documents, and witnesses supporting ViewSonic's ownership and control contentions, yet ViewSonic failed to identify this evidence in its responses.  ViewSonic's failure to disclose the documents and witness identified above during discovery also violated Federal Rule of Civil Procedure 26(e)(1)(A), which requires timely supplementation of discovery responses:

> A party who has . . . responded to an interrogatory. . . —must supplement or correct its disclosure or response:  (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. Proc. 26(e)(1)(A).

Rule 37(c)(1) governs this precise situation, and precludes ViewSonic from using this evidence:  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), *the party is not allowed to use that information or witness to supply evidence on a motion*, at a hearing, *or at a trial*, unless the failure was substantially justified or is harmless."  Fed. R. Civ. Proc. 37(c)(1) (emphasis added); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008) (affirming exclusion of evidence of damages calculation under Rule 37(c) as sanction for nondisclosure); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1059-62 (9th Cir.

2005) (affirming exclusion of opinions and other evidence from experts submitted in support of plaintiff's opposition to motion for summary judgment as sanction under Rule 37(c) for nondisclosure, and granting summary judgment).

The Ninth Circuit has described Rule 37(c)(1) as a "self-executing, automatic sanction to provide[] a strong inducement for disclosure of material." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. Proc. 37 advisory committee's note (1993)) (internal citations omitted); *see also id.* (noting that the implementation of this rule in the 1993 amendments "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule"). And "[c]ourts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Id.* The Court is not required to make a finding of willfulness or bad faith to exclude undisclosed evidence. *Hoffman*, 541 F.3d at 1180.

ViewSonic bears the burden to demonstrate that the exceptions to Rule 37(c)(1) sanctions apply—i.e., that its failure to comply with Rule 26(e) was "substantially justified" or "harmless." *See Yeti*, 259 F.3d at 1106-07 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); Fed. R. Civ. Proc. 37(c)(1). ViewSonic cannot meet that burden. The identity of these documents and witness was directly responsive to Chunghwa's interrogatories and there is no justification for ViewSonic's failure to disclose them.

Further, Chunghwa has been prejudiced by the inability to depose Mr. Huang, or to ask any ViewSonic witness in deposition about the documents upon which ViewSonic relies. That is particularly problematic given that Chunghwa's discovery was directed at the very issue upon which it moved for summary judgment. ViewSonic has known that this is a central issue in this case since its inception. Finally, given the proximity of the summary judgment rulings and trial, exclusion of this evidence is the only remedy that makes sense here. If the Court were to allow ViewSonic to cure its violation by re-opening discovery, "the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well." *Wong*, 410 F.3d at 1062. "Disruption to the schedule of the court and other parties in that manner is not harmless." *Id.*

Accordingly, exclusion of the evidence as a sanction under Rule 37(c)(1) is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Chunghwa requests that the Court exclude Heaven Declaration, Exhibits 2, 5, 7, and 10 from the summary judgment record, and that ViewSonic be precluded from attempting to use these documents in any trial.

DATED: January 23, 2015

GIBSON, DUNN & CRUTCHER LLP

By:       /s/Rachel S. Brass
                Rachel S. Brass

Attorneys for Defendants

CHUNGHWA PICTURE TUBES, LTD. and CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

# DECLARATION OF SERVICE

I, Christine Fujita, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On the date below, I served the within:

**DEFENDANT CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S NOTICE OF MOTION AND MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**

**DECLARATION OF AUSTIN V. SCHWING IN SUPPORT OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**

**[PROPOSED] ORDER GRANTING DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on January 23, 2015. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on January 23, 2015, at San Francisco, California.

                                                  /s/Christine Fujita
                                                  Christine Fujita

101866013.5