GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. AND
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14-cv-02510-SC | **DECLARATION OF AUSTIN V. SCHWING IN SUPPORT OF DEFENDANT CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**<br><br>Date:  March 6, 2015<br>Time:  10 a.m.<br>Judge:  Hon. Samuel Conti |

I, Austin V. Schwing, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "Chunghwa"), in the above-referenced action.

2. I submit this declaration in support of Chunghwa's Motion to Exclude Late-Disclosed Evidence Under Federal Rule of Civil Procedure 37(c)(1). Unless otherwise indicated, I have personal knowledge of the matters set forth in this declaration and could and would testify to the same if called as a witness in this matter.

3. Attached as **Exhibit A** is a true and correct copy of Chunghwa's First Set of Interrogatories to ViewSonic Corporation ("ViewSonic"), served on August 25, 2014.

4. Chunghwa's Interrogatories 5-8 request that ViewSonic identify all facts, documents, and witnesses relating to ViewSonic's ownership and control contentions:

- "If You contend that CPT or CPTM is a subsidiary of any entity from which You purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that support Your contention. If You make no such contention, indicate that You do not make such a contention." (Interrog. No. 5)

- "If you contend that CPT or CPTM was owned or controlled by any entity from which You purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that support Your contention. If You make no such contention, please so indicate." (Interrog. No. 6)

- "If You contend that any entity from which You purchased CRTs or CRT Products directly is a subsidiary of CPT or CPTM, identify all facts, witnesses, and Documents that support Your contention. If You make no such contention, indicate that You do not make such a contention." (Interrog. No. 7)

- "If you contend that any entity from which You purchased CRTs or CRT Products directly was owned or controlled by CPT or CPTM, identify all facts, witnesses, and Documents that support Your contention. If You make no such contention, please so indicate." (Interrog. No. 8)

5. Attached as **Exhibit B** is a true and correct copy of ViewSonic's responses to Chunghwa's First Set of Interrogatories, served on October 13, 2014. ViewSonic's responses to Interrogatories Nos. 5-8 identified certain documents. The responses did not identify any witnesses (only an attorney's declaration from a different litigation).

6. ViewSonic did not supplement its responses to Interrogatories 5-8.

1

7. On December 23, 2014, ViewSonic filed an opposition to Chunghwa's Motion for Partial Summary Judgment for Lack of Standing and supporting exhibits. The documents and witness supplying a declaration, listed below, had not previously been disclosed to Chunghwa despite Chunghwa's discovery requests:

- Heaven Decl., Exhibit 2 (TCO 2014 Annual Meeting of Shareholders Handbook)
- Heaven Decl., Exhibit 5 (Chunghwa Corporate Governance document)
- Heaven Decl., Exhibit 7 (Declaration of Ernest Huang)
- Heaven Decl., Exhibit 10 (Tatung Corporate Milestones)

8. As indicated in the chart below, these documents and the declaration of Mr. Huang were submitted in support of ViewSonic's contention that an ownership or control relationship existed between Chunghwa, Tatung Company ("TCO"), and Jean Company, Ltd. ("Jean").

| Exhibit | Citations in Support of Ownership/Control Contentions |
|---|---|
| Heaven Decl., Exhibit 2 (TCO 2014 Annual Meeting of Shareholders Handbook) | • Opp'n at 5, 5 n.15 (citing Exhibit 2 as evidence that, as Chairmen, the Lins "wield significant power" over Chunghwa, TCO, and Jean: "Tatung's Articles of Incorporation confirm that the Chairman must 'represent the Company externally and take overall charge of all business operation[s] internally'")<br>• Opp'n at 10, 19 (citing statement that TCO "arranged (for) Chunghwa Picture Tubes Co. Ltd. to purchase the shares of Giantplus Technology Co., Ltd." as evidence of TCO's purported control over Chunghwa)<br>• Opp'n at 20, 20 n. 69 (citing Exhibit 2 as evidence that Chunghwa is a "fellow member of the 'Lin family enterprise' that Tatung views as its own 'subsidiary,' and that Tatung has acknowledged to its shareholders is important for its 'vertical integration' and 'competitiveness'")<br>• Opp'n at 21, 21 n. 75 (citing Exhibit 2 as evidence that the Lin family controls TCO and Chunghwa: "Tatung's Shareholder Handbook confirms that the Chairman is supposed to be periodically elected by fellow board members") |
| Heaven Decl., Exhibit 5 (Chunghwa Corporate Governance document) | • Opp'n at 5, 5 n.15 (citing statements in Exhibit 5 regarding the responsibilities of Chunghwa's CEO and the board of directors as evidence that the Lin family "wield[s] significant power" over Chunghwa, TCO, and Jean)<br>• Opp'n at 7, n.29 (citing "Chunghwa Corporate Governance |

| | |
|---|---|
| | Document identifying Wen Yen K. Lin as a Chunghwa board member and as President of Tatung" as evidence that the Lin family controls TCO and Chunghwa) |
| Heaven Decl., Exhibit 7 (Declaration of Ernest Huang) | • Opp'n at 3 n.3; 4 n.9, 11, 12; 5 n.13, 18; 6 n.22, 25 (establishing family relationships between various board members and executives of Chunghwa, TCO, and Jean in support of ViewSonic's argument that the companies are "controlled by" the Lin family) |
| Heaven Decl., Exhibit 10 (Tatung Corporate Milestones) | • Opp'n at 3 n.3, 4 (citing Exhibit 10 as evidence of the "history of the company" in support of ViewSonic's argument that the companies are "controlled by" the Lin family) |

9. Because ViewSonic did not timely disclose documents and Mr. Huang, Chunghwa did not have the opportunity to depose Mr. Huang, or to ask any ViewSonic witness in deposition about the documents upon which ViewSonic relies.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of January 2015, at San Francisco, California.

By: _____
Austin V. Schwing

101866298.2