# Exhibit A

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br>Individual Case No. 3:14-cv-02510 SC<br><br>VIEWSONIC CORPORATION<br><br>        Plaintiff<br><br>   v.<br><br>CHUNGHWA PICTURE TUBES, LTD.;<br>CHUNGHWA PICTURE TUBES<br>(MALAYSIA); (MALAYSIA) SDN. BHD.<br><br>       Defendants. | CASE NO. 3:07-CV-5944 SC<br><br>MDL NO. 1917<br><br>**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF VIEWSONIC CORPORATION** |

**PROPOUNDING PARTY:**      Defendants Chunghwa Picture Tubes, Ltd. and
                             Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

**RESPONDING PARTY:**        ViewSonic Corporation

**SET NO.:**                 ONE

     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Chunghwa

Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. hereby request that Plaintiff

-1-

Gibson, Dunn &
Crutcher LLP

DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF VIEWSONIC CORPORATION

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 3:14-CV-02510 SC

ViewSonic Corporation ("Plaintiff") in the above-captioned action respond to the following first set of interrogatories (the "Interrogatories").    Plaintiff is directed to serve verified answers in conformance with the above-cited rules at the offices of Gibson, Dunn & Crutcher LLP, 555 Mission St. Suite 3000, San Francisco, CA 94105-2933 (or at such other place as may be agreed upon by the parties), within thirty (30) days after the date of the service hereof.

## DEFINITIONS

For the purposes of these Interrogatories, the following definitions apply:

A.    "All" shall be construed as all, each, any, and every.

B.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all information that might otherwise be construed to be outside of their scope.

C.    "Complaint" means Plaintiff's Complaint in the above-captioned action, filed in the United States District Court for the Northern District of California on May 30, 2014.

D.    "CPT" means Chunghwa Picture Tubes, Ltd.

E.    "CPTM" means Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

F.    "CRTs" means cathode ray tubes.

G.    "CRT Product(s)" means products containing CRTs.

H.    "Document(s)" has the broadest possible meaning permissible under the Federal Rules of Civil Procedure and/or applicable precedent, including but not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets, brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronically stored information, electronic mail messages, telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or

-2-

transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, product labels, maintenance or service records, appointment books, diaries, billing records, checks, bank account statements, invoices, photographs, microfilms, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, printouts, other data compilations (in any form) from which information can be obtained, recordings made through data processing techniques and the written information necessary to understand and use such materials, and any other documents discoverable under the Federal Rules of Civil Procedure.

I.      "JEAN" means JEAN Group.

J.      "Person" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

K.      "Relevant Period" has the definition assigned to it in the Complaint.

L.      "Tatung" means Tatung Company.

M.      "TUS" means Tatung Company of America, Inc.

N.      "You" and "Your" means ViewSonic Corporation, its predecessors in interest, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all Persons acting or purporting to act on its behalf.  "You" or "Your" includes, but is not limited to, all entities who assigned their claims to You.

O.      The singular form of any noun or pronoun includes the plural, and vice versa.

P.      Terms in the present tense include terms in the past tense, and terms in the past tense include terms in the present tense.

## GENERAL INSTRUCTIONS

1.      Answers to these Interrogatories are to be based upon all knowledge or information available to Plaintiff, including, but not limited to, all information or knowledge derivable from business or other records, and all knowledge or information possessed by any Person, including but not limited to any employee, agent, attorney, expert witness, consultant, representative or other advisor, subject to the instruction, direction or control of Plaintiff.

Gibson, Dunn & Crutcher LLP

-3-

DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S FIRST SET OF INTERROGATORIES                    MASTER FILE NO. 3:07-CV-5944 SC
TO PLAINTIFF VIEWSONIC CORPORATION                                                          INDIVIDUAL CASE NO. 3:14-CV-02510 SC

2.      Each Interrogatory is to be answered separately and in order.

3.      Plaintiff should answer each Interrogatory fully, unless it is objected to, in which event the reasons for the objection should be specifically and separately stated.

4.      The answers are to be signed by Plaintiff and the objections, if any, are to be signed by the attorney making them.

5.      Where a complete answer to a particular Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given, together with the identity of any Documents or sources from which more complete information is obtainable.

6.      With respect to any Interrogatory that Plaintiff may allege that Plaintiff is unable to answer due to insufficient knowledge, Plaintiff is requested to specify the nature of the inquiries made in an attempt to enable Plaintiff to answer the Interrogatory, including the identity of any Person communicated with in an attempt to enable Plaintiff to respond fully to the Interrogatory.

7.      If, in answering these Interrogatories, Plaintiff claims any ambiguity in interpreting either a particular Interrogatory or a definition or instruction, such claim shall not be utilized as a basis for refusing to answer.  Instead, Plaintiff shall set forth as part of the answer the language deemed to be ambiguous and the interpretation utilized in the response to the Interrogatory.

8.      When referring to a person, "identify" means to state the person's full name, present or last known address, telephone number, present or last known place of employment, and present or last known title at that place of employment.  Once a person has been identified in accordance with this paragraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of the person.

9.      When referring to a purchase, "identify" means to identify each person involved in negotiating the purchase, the place(s) of purchase negotiation, the date and place of purchase, size, model, type (color picture tube or color display tube), sales price, quantity, seller and manufacturer of each CRT purchased, each Person involved in the purchase and the time period and nature of each Person's involvement, and any Documents or other evidence of the purchase.

Gibson, Dunn &
Crutcher LLP

-4-

10.     If You elect to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), You shall specifically identify the portion(s) of the business record You produced or will produce that are responsive to the Interrogatory.  You shall produce the business records as they are kept in the usual course of business or shall organize and label them to correspond with the Interrogatory.  For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify all purchases of CRTs or CRT Products for which You contend You suffered actual damages attributable to the commerce done by CPT and CPTM within the meaning of Section 213(a) of the Antitrust Criminal Penalty Enhancement and Reform Act of 2004.

**Interrogatory No. 2:**

Identify all purchases of CRTs and CRT Products from CPT or CPTM for which You contend You are entitled to recover damages or other relief pursuant to Section 1 of the Sherman Act (15 U.S.C. § 1).

**Interrogatory No. 3:**

If You contend that You purchased CRTs or CRT Products from CPT or CPTM during the Relevant Period, identify all facts, witnesses, and Documents that support Your contention.  If You make no such contention, indicate that You do not make such a contention.

**Interrogatory No. 4:**

If You contend that You received offers for the sale of CRTs or CRT Products from CPT or CPTM during the Relevant Period, identify all facts, witnesses, and Documents that support Your contention.  If You make no such contention, indicate that You do not make such a contention.

**Interrogatory No. 5:**

If You contend that CPT or CPTM is a subsidiary of any entity from which You purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that support Your contention.  If You make no such contention, indicate that You do not make such a contention.

Gibson, Dunn & Crutcher LLP

**Interrogatory No. 6:**

If you contend that CPT or CPTM was owned or controlled by any entity from which You purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that support Your contention.  If You make no such contention, please so indicate.

**Interrogatory No. 7:**

If You contend that any entity from which You purchased CRTs or CRT Products directly is a subsidiary of CPT or CPTM, identify all facts, witnesses, and Documents that support Your contention.  If You make no such contention, indicate that You do not make such a contention.

**Interrogatory No. 8:**

If you contend that any entity from which You purchased CRTs or CRT Products directly was owned or controlled by CPT or CPTM, identify all facts, witnesses, and Documents that support Your contention.  If You make no such contention, please so indicate.

**Interrogatory No. 9:**

Identify all of Your purchases of CRTs and CRT Products from Tatung during the Relevant Period that You contend contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**Interrogatory No. 10:**

Identify all facts, Documents and testimony demonstrating that the CRTs or CRT Products You purchased from Tatung contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**Interrogatory No. 11:**

If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any purchase(s) identified in response to Interrogatory No. 9, state the basis of Your contention, including the basis of Your contention, if You so contend, that the purchase qualifies for an exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on indirect purchases.

Gibson, Dunn & Crutcher LLP

DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF VIEWSONIC CORPORATION

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 3:14-CV-02510 SC

**Interrogatory No. 12:**

Identify all of Your purchases of CRTs and CRT Products from TUS during the Relevant Period that You contend contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**Interrogatory No. 13:**

Identify all facts, Documents and testimony demonstrating that the CRTs or CRT Products You purchased from TUS contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**Interrogatory No. 14:**

If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any purchase(s) identified in response to Interrogatory No. 12, state the basis of Your contention, including the basis of Your contention, if You so contend, that the purchase qualifies for an exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on indirect purchases.

**Interrogatory No. 15:**

Identify all of Your purchases of CRTs and CRT Products from JEAN during the Relevant Period that You contend contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**Interrogatory No. 16:**

Identify all facts, Documents and testimony demonstrating that the CRTs or CRT Products You purchased from JEAN contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**Interrogatory No. 17:**

If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any purchase(s) identified in response to Interrogatory No. 15, state the basis of Your contention, including the basis of Your contention, if You so contend, that the purchase qualifies for an exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on indirect purchases.

**Interrogatory No. 18:**

If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any other of Your purchases of CRTs and CRT Products that contained color display tubes or color picture tubes manufactured by CPT or CPTM, state the basis of Your contention, including the basis of Your contention, if You so contend, that the purchase qualifies for an exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on indirect purchases.

DATED: August 25, 2014

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS
RACHEL S. BRASS
AUSTIN V. SCHWING

By: /s/ Joel S. Sanders

Joel S. Sanders (SBN 107234)
Rachel S. Brass (SBN 219301)
Austin Schwing (SBN 211696)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393.8200 (Phone)
(415) 393.8306 (Facsimile)
*jsanders@gibsondunn.com*

Attorneys for Defendant
CHUNGHWA PICTURE TUBES, LTD.

DEFENDANT CHUNGHWA PICTURE TUBES, LTD.'S FIRST SET OF INTERROGATORIES
TO PLAINTIFF VIEWSONIC CORPORATION

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 3:14-CV-02510 SC

**CERTIFICATE OF SERVICE**

I, Christine Fujita, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California 94105, in said County and State.  On the date indicated below, I served the within:

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF VIEWSONIC CORPORATION**

to each of the persons named below, in the manner described below:

Jason C. Murray
E-mail: jmurray@crowell.com
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690

*Counsel for Plaintiff ViewSonic Corporation*

Jerome A. Murphy
E-mail: jmurphy@crowell.com
Astor H.L. Heaven
E-mail: aheaven@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116

*Counsel for Plaintiff ViewSonic Corporation*

Philip J. Iovieno
E-mail: piovieno@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP

*Liaison Counsel for Direct Action Plaintiffs*

Guido Saveri
E-mail: guido@saveri.com
SAVERI & SAVERI, INC.

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

Mario N. Alioto
E-mail: malioto@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

*Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

Emilio Varanini
E-mail: emilio.varanini@doj.ca.gov
STATE OF CALIFORNIA

*Counsel for the State of California*

All Defense Counsel

☑   **BY ELECTRONIC MAIL**:  On the date shown below, a true copy PDF version of the above-referenced document was automatically e-mailed to the e-mail addresses of each party indicated on the service list.

Gibson, Dunn & Crutcher LLP

1

2

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document was printed on recycled paper, and that this Certificate of Service was executed by me on August 25, 2014, at San Francisco, California.

3

4

/s/ Christine Fujita
Christine Fujita

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

-2-

CERTIFICATE OF SERVICE

MASTER FILE NO. 3:07-CV-5944 SC
INDIVIDUAL CASE NO. 3:14-CV-02510 SC