# Exhibit B

1  Jason C. Murray (CA Bar No. 169806)
   Robert B. McNary (CA Bar No. 253745)
2  CROWELL & MORING LLP
   515 South Flower St., 40th Floor
3  Los Angeles, CA 90071
   Telephone: 213-443-5582
4  Facsimile: 213-622-2690
   Email: jmurray@crowell.com
5         rmcnary@crowell.com

6  Jerome A. Murphy (*pro hac vice*)
   Astor H.L. Heaven (*pro hac vice*)
7  CROWELL & MORING LLP
   1001 Pennsylvania Avenue, N.W.
8  Washington, D.C. 20004
   Telephone: 202-624-2500
9  Facsimile: 202-628-5116
   Email: jmurphy@crowell.com
10        aheaven@crowell.com

11 *Counsel for Plaintiff ViewSonic Corporation*

12

13                  **UNITED STATES DISTRICT COURT**

14        **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

15

16 | IN RE CATHODE RAY TUBE (CRT) | Master File No. 3:07-cv-05944-SC |
   | ANTITRUST LITIGATION | |

17 This Document Relates To:                 MDL No. 1917

18 *ViewSonic Corporation v. Chunghwa*        Individual Case No. 3:14-cv-02510
   *Picture Tubes, Ltd., et al.,* Case No.
19 3:14-cv-02510                             **PLAINTIFF VIEWSONIC**
                                             **CORPORATION'S RESPONSES AND**
20                                           **OBJECTIONS TO DEFENDANTS**
                                             **CHUNGHWA PICTURE TUBES, LTD.**
21                                           **AND CHUNGHWA PICTURE TUBES**
                                             **(MALAYSIA) SDN. BHD.'S FIRST SET OF**
22                                           **INTERROGATORIES**

23 PROPOUNDING PARTY:    Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture

24                       Tubes (Malaysia) Sdn. Bhd.

25 RESPONDING PARTY:     Plaintiff ViewSonic Corporation

26 SET NO.:              ONE

27        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff ViewSonic

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

Corporation ("ViewSonic") hereby responds and objects to the First Set of Interrogatories to Plaintiff ViewSonic ("Interrogatories") served by counsel for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("Defendants") in the above-captioned matter. For the reasons specified below, ViewSonic objects generally and specifically to all specifications in the Interrogatories. ViewSonic reserves the right to supplement the objections and responses set forth below.

## GENERAL OBJECTIONS

ViewSonic asserts the following General Objections to the Interrogatories, which are incorporated by reference in each specific response as though set forth fully therein:

1.      ViewSonic objects to the Interrogatories to the extent that they are overbroad, burdensome, and seek information that is outside the scope of any allowable discovery by the Federal Rules of Civil Procedure, the Local Rules of the District Court for the Northern District of California, or any Order of this Court. ViewSonic specifically objects to the instruction to serve verified answers at the offices of Gibson, Dunn & Crutcher LLP, 555 Mission St. Suite 3000, San Francisco, CA 94105-2933 within thirty (30) days after the date of service. ViewSonic does not agree to undertake any obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.      ViewSonic objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege and/or attorney work-product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation. Such information will not be produced; any production thereof is inadvertent and not a waiver of any applicable privilege or protection against disclosure.

3.      ViewSonic objects to the Interrogatories to the extent that they seek information not currently in ViewSonic's possession, custody, or control.

4.      ViewSonic objects to the Interrogatories to the extent that they seek information already in the possession, custody or control of Defendants.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

5.     ViewSonic objects to the Interrogatories to the extent that they seek information, or purport to impose duties or obligations, beyond those set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court.  ViewSonic does not agree to undertake any obligations beyond those required by those rules.

6.     ViewSonic objects to the Interrogatories to the extent that they are unreasonable, oppressive, unintelligible, vague, ambiguous, and unduly burdensome and for which the acquisition of information responsive to each would cause ViewSonic undue annoyance and expense.

7.     ViewSonic objects to the Interrogatories to the extent that they seek information not related to the claims or defenses of any party in this matter or are not reasonably calculated to lead to the discovery of admissible evidence.

8.     ViewSonic objects to the Interrogatories to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from a source other than ViewSonic that is more convenient, less burdensome, or less expensive.  ViewSonic also objects to the Interrogatories to the extent that they seek information that can be more easily obtained by Defendants from public sources.

9.     ViewSonic objects to the Interrogatories to the extent that they contain terms that are vague or ambiguous.  ViewSonic also objects to Defendants' definitions of words to the extent they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases.  By responding to an Interrogatory containing such a definition, ViewSonic does not adopt definitions of terms propounded by Defendants. Instead, ViewSonic expressly reserves its right to narrow the scope of the purported definition.

10.     ViewSonic objects to the definitions of "all," "and", "or," "document(s)", "you," "your," and "identify" to the extent that such definitions make the Interrogatories overly broad, unduly burdensome, or seek information that is not relevant to the subject matter of this litigation and, therefore, render the Interrogatories not reasonably calculated to lead to the discovery of admissible evidence.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

11.     ViewSonic objects to the Interrogatories to the extent that they call for disclosure of information containing trade secrets or proprietary, sensitive, or other confidential business information.

12.     ViewSonic objects to the Interrogatories to the extent that they seek legal conclusions and supporting facts that are not reasonably ascertainable or available at this stage of the litigation.

13.     ViewSonic objects to the Interrogatories to the extent that they call for expert testimony.  ViewSonic will provide expert disclosures as provided by the Federal Rules of Civil Procedure or by order of the Court, and at the appropriate time.

14.     ViewSonic objects to the Interrogatories to the extent that they would require ViewSonic to disclose information that would cause ViewSonic to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

15.     ViewSonic objects to the Interrogatories to the extent that they are premature.  In responding to such Interrogatories, ViewSonic in no way concedes their relevance to the merits and expressly reserves other objections to those Interrogatories.

16.     ViewSonic has not completed its discovery and preparation in this matter, and ViewSonic's investigation of this case is ongoing.  ViewSonic's responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to ViewSonic.  Further investigation and discovery may result in the identification of additional information or contentions, and ViewSonic reserves the right to modify its responses.  ViewSonic's responses should not be construed to prejudice ViewSonic's right to conduct further investigation in this case, or to limit ViewSonic's use of any additional evidence that may be developed.

17.     Documents produced by ViewSonic in this litigation shall be deemed produced in response to these Interrogatories, subject to the responses and objections contained herein.  The burden of identifying specific information or documents responsive to these Interrogatories from documents produced in the course of this litigation is substantially the same for either party, and

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

ViewSonic is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

18.     ViewSonic objects to General Instruction #2 as overly broad, unduly burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil Procedure, particularly in that it purports to require separate responses that do not reference any other discovery regardless of whether a particular Interrogatory is duplicative of previously served discovery.  ViewSonic does not agree to undertake any obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

19.     ViewSonic objects to General Instruction #4 as overly broad, unduly burdensome, oppressive in that it purports to require Plaintiff to sign any answers or responses.  ViewSonic does not agree to undertake any obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

20.     ViewSonic objects to General Instruction #5 as overly broad, unduly burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil Procedure to the extent that it purports to require ViewSonic to respond to vague, ambiguous or otherwise unintelligible Interrogatories that make it impossible for ViewSonic to determine the content of the request and in turn may result in vague or ambiguous responses.

21.     ViewSonic objects to General Instruction #6 as overly broad, unduly burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil Procedure to the extent that it purports to require ViewSonic to describe its process for responding to Interrogatories.  ViewSonic further objects to General Instruction #6 to the extent that it purports to require information protected by the attorney-client privilege and/or attorney work-product doctrine, the joint prosecution privilege, or any other privilege or doctrine of confidentiality provided by law, or that otherwise constitutes information prepared for or in anticipation of litigation.  ViewSonic further objects to General Instruction #6 to the extent it purports to require ViewSonic to fully respond to Interrogatories that are premature.

22.     ViewSonic objects to General Instruction #7 as overly broad, unduly burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil Procedure to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

VIEWSONIC CORPORATION'S RESPONSES AND OBJECTIONS TO CHUNGHWA'S INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

the extent that it purports to require ViewSonic to respond to vague, ambiguous or otherwise unintelligible Interrogatories that make it impossible for ViewSonic to determine the content of the request and in turn may result in vague or ambiguous responses.

23. ViewSonic objects to General Instruction #10 as overly broad, unduly burdensome, oppressive, and outside the scope of discovery allowed by the Federal Rules of Civil Procedure, particularly in that it purports to require ViewSonic to specifically identify and certify portions of business records. Documents produced by ViewSonic in this litigation shall be deemed produced in response to these Interrogatories, subject to the responses and objections contained herein. The burden of identifying specific information or documents responsive to these Interrogatories from documents produced in the course of this litigation is substantially the same for either party, and ViewSonic is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure. ViewSonic does not agree to undertake any obligations beyond those required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all purchases of CRTs or CRT Products for which You contend You suffered actual damages attributable to the commerce done by CPT and CPTM within the meaning of Section 213(a) of the Antitrust Criminal Penalty Enhancement and Reform Act of 2004.

**RESPONSE TO INTERROGATORY NO. 1:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DCACTIVE-29325038.3

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

Defendants' possession, custody, or control, or equally available to Defendants. ViewSonic further objects that the phrase "actual damages" is vague and ambiguous.

Subject to and without waiving any of the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002 and to the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials. ViewSonic's discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 2:**

Identify all purchases of CRTs and CRT Products from CPT or CPTM for which You contend You are entitled to recover damages or other relief pursuant to Section 1 of the Sherman Act (15 U.S.C. § 1).

**RESPONSE TO INTERROGATORY NO. 2:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002 and to the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials. ViewSonic's discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-7-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

**INTERROGATORY NO. 3:**

If You contend that You purchased CRTs or CRT Products from CPT or CPTM during the Relevant Period, identify all facts, witnesses, and Documents that support Your contention. If You make no such contention, indicate that You do not make such a contention.

**RESPONSE TO INTERROGATORY NO. 3:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery. ViewSonic further objects to this Interrogatory on the grounds that it is duplicative of interrogatories served by other Defendants. ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002 and to the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials. ViewSonic's discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 4:**

If You contend that You received offers for the sale of CRTs or CRT Products from CPT or CPTM during the Relevant Period, identify all facts, witnesses, and Documents that support Your contention. If You make no such contention, indicate that You do not make such a contention.

**RESPONSE TO INTERROGATORY NO. 4:**

ViewSonic refers to and incorporates its General Objections as though set forth fully

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

herein.  ViewSonic further objects that whether ViewSonic received offers for the sale of CRTs or CRT products from CPT or CPTM is not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery.  ViewSonic further objects to this Interrogatory on the ground that it is duplicative of interrogatories served by other Defendants.  ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, ViewSonic states that its claims against Chunghwa are based on the "ownership or control" relationship exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. 1470).  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic further refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002 and to the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials.  ViewSonic's discovery and investigation is ongoing.  ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 5:**

If You contend that CPT or CPTM is a subsidiary of any entity from which You purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that support Your contention.  If You make no such contention, indicate that You do not make such a contention.

**RESPONSE TO INTERROGATORY NO. 5:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery. ViewSonic further objects to this Interrogatory on the grounds that it is duplicative of interrogatories served by other Defendants. ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, ViewSonic states that its claims against Chunghwa are based on the "ownership or control" relationship among Chunghwa on the one hand and Tatung or Jean Co. Ltd on the other pursuant to the exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. 1470). Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the following documents and evidence:

- Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s Response to Plaintiff ViewSonic Corporation's First Set of Interrogatories (September 29, 2014);

- Chunghwa Picture Tubes, Ltd.'s Annual Reports/Audit Reports from 1995 to present, to the extent such documents exist;

- Tatung Company's Annual Reports from 1995 to present, to the extent such documents exist;

- Jean Co., Ltd's Annual Reports from 1995 to present, to the extent such documents exist;

CROWELL
& MORING LLP
ATTORNEYS AT LAW

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

- The expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials;

- *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Declaration of Philip J. Iovieno In Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment for Lack of Standing under *Illinois Brick* and *ATM Fee* (N.D. Cal. Aug. 20, 2012) (Docket No. 6493-1); and

- *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Order Denying Defendants' Joint Motion and Toshiba's Separate Motion for Partial Summary Judgment for Lack of Standing Under *Illinois Brick* and *In re ATM Fee* (N.D. Cal. Nov. 19, 2012) (Docket No. 7188).

ViewSonic's discovery and investigation is ongoing.  ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 6:**

If you contend that CPT or CPTM was owned or controlled by any entity from which You purchased CRTs or CRT Products directly, identify all facts, witnesses, and Documents that support Your contention.  If You make no such contention, please so indicate.

**RESPONSE TO INTERROGATORY NO. 6:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery.  ViewSonic further objects to this Interrogatory on the grounds that it is duplicative of interrogatories served by other Defendants.  ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, ViewSonic hereby refers

CROWELL
& MORING LLP
ATTORNEYS AT LAW

VIEWSONIC CORPORATION'S RESPONSES AND OBJECTIONS TO CHUNGHWA'S INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1    to and incorporates its response to Interrogatory No. 5. ViewSonic's discovery and investigation

2    is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this

3    Interrogatory as appropriate.

4    **INTERROGATORY NO. 7:**

5        If You contend that any entity from which You purchased CRTs or CRT Products directly

6    is a subsidiary of CPT or CPTM, identify all facts, witnesses, and Documents that support Your

7    contention. If You make no such contention, indicate that You do not make such a contention.

8    **RESPONSE TO INTERROGATORY NO. 7:**

9        ViewSonic refers to and incorporates its General Objections as though set forth fully

10    herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly

11    burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

12    every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects

13    to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its

14    case" in response to written discovery. ViewSonic further objects to this Interrogatory on the

15    grounds that it is duplicative of interrogatories served by other Defendants. ViewSonic also

16    objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.

17    ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is

18    already in Defendants' possession, custody, or control, or equally available to Defendants.

19        Subject to and without waiving any of the foregoing objections, ViewSonic hereby refers

20    to and incorporates its response to Interrogatory No. 5. ViewSonic's discovery and investigation

21    is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this

22    Interrogatory as appropriate.

23    **INTERROGATORY NO. 8:**

24        If you contend that any entity from which You purchased CRTs or CRT Products directly

25    was owned or controlled by CPT or CPTM, identify all facts, witnesses, and Documents that

26    support Your contention. If You make no such contention, please so indicate.

27    **RESPONSE TO INTERROGATORY NO. 8:**

28        ViewSonic refers to and incorporates its General Objections as though set forth fully

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-12-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1    herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly

2    burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

3    every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

4    to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its

5    case" in response to written discovery.  ViewSonic further objects to this Interrogatory on the

6    grounds that it is duplicative of interrogatories served by other Defendants.  ViewSonic also

7    objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.

8    ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is

9    already in Defendants' possession, custody, or control, or equally available to Defendants.

10       Subject to and without waiving any of the foregoing objections, ViewSonic hereby refers

11   to and incorporates its response to Interrogatory No. 5.  ViewSonic's discovery and investigation

12   is ongoing.  ViewSonic reserves the right to supplement and/or revise its response to this

13   Interrogatory as appropriate.

14   **<u>INTERROGATORY NO. 9</u>:**

15       Identify all of Your purchases of CRTs and CRT Products from Tatung during the

16   Relevant Period that You contend contained color display tubes or color picture tubes

17   manufactured by CPT or CPTM.

18   **<u>RESPONSE TO INTERROGATORY NO. 9</u>:**

19       ViewSonic refers to and incorporates its General Objections as though set forth fully

20   herein.  ViewSonic further objects to this Interrogatory on the grounds that it is unduly

21   burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

22   every CRT in every CRT Product it purchased over a twelve-year period.  ViewSonic also objects

23   to this Interrogatory to the extent it is duplicative of other discovery.  ViewSonic also objects to

24   this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion.  ViewSonic

25   further objects to this Interrogatory on the grounds that it seeks information that is already in

26   Defendants' possession, custody, or control, or equally available to Defendants.

27       Subject to and without waiving any of the foregoing objections, and pursuant to Rule

28   33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-13-

DCACTIVE-29325038.3

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials. ViewSonic's discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 10:**

Identify all facts, Documents and testimony demonstrating that the CRTs or CRT Products You purchased from Tatung contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**RESPONSE TO INTERROGATORY NO. 10:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery. ViewSonic also objects to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials. ViewSonic's discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DCACTIVE-29325038.3

-14-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

**INTERROGATORY NO. 11:**

If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any purchase(s) identified in response to Interrogatory No. 9, state the basis of Your contention, including the basis of Your contention, if You so contend, that the purchase qualifies for an exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on indirect purchases.

**RESPONSE TO INTERROGATORY NO. 11:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, ViewSonic has Sherman Act standing to bring a claim against CPT and CPTM for certain of ViewSonic's purchases pursuant to the "ownership or control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. 1470). Specifically, ViewSonic is entitled to recover damages pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C., for its purchases of CRTs based on the ownership or control relationship among CPT, CPTM, the Tatung entities, and the Jean entities, and other entities. ViewSonic further refers Defendants to the following evidence supporting this contention:

- Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s Response to Plaintiff ViewSonic Corporation's First Set of

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DCACTIVE-29325038.3

-15-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

Interrogatories (September 29, 2014);

- Chunghwa Picture Tubes, Ltd.'s Annual Reports/Audit Reports from 1995 to present, to the extent such documents exist;

- Tatung Company's Annual Reports from 1995 to present, to the extent such documents exist;

- Jean Co., Ltd's Annual Reports from 1995 to present, to the extent such documents exist;

- The expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials;

- *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Declaration of Philip J. Iovieno In Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment for Lack of Standing under *Illinois Brick* and *ATM Fee* (N.D. Cal. Aug. 20, 2012) (Docket No. 6493-1); and

- *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Order Denying Defendants' Joint Motion and Toshiba's Separate Motion for Partial Summary Judgment for Lack of Standing Under *Illinois Brick* and *In re ATM Fee* (N.D. Cal. Nov. 19, 2012) (Docket No. 7188).

ViewSonic's discovery in this matter is ongoing, and ViewSonic reserves the right to supplement and/or revise this response as appropriate.

**INTERROGATORY NO. 12:**

Identify all of Your purchases of CRTs and CRT Products from TUS during the Relevant Period that You contend contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**RESPONSE TO INTERROGATORY NO. 12:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DCACTIVE-29325038.3

-16-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

1    to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to

2    this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic

3    further objects to this Interrogatory on the grounds that it seeks information that is already in

4    Defendants' possession, custody, or control, or equally available to Defendants.

5            Subject to and without waiving any of the foregoing objections, and pursuant to Rule

6    33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

7    data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

8    of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

9    of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials. ViewSonic's

10   discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise

11   its response to this Interrogatory as appropriate.

12   **INTERROGATORY NO. 13:**

13           Identify all facts, Documents and testimony demonstrating that the CRTs or CRT Products

14   You purchased from TUS contained color display tubes or color picture tubes manufactured by

15   CPT or CPTM.

16   **RESPONSE TO INTERROGATORY NO. 13:**

17           ViewSonic refers to and incorporates its General Objections as though set forth fully

18   herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly

19   burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

20   every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects

21   to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its

22   case" in response to written discovery. ViewSonic also objects to this Interrogatory to the extent

23   it is duplicative of other discovery. ViewSonic also objects to this Interrogatory to the extent it

24   requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory

25   on the grounds that it seeks information that is already in Defendants' possession, custody, or

26   control, or equally available to Defendants.

27           Subject to and without waiving any of the foregoing objections, and pursuant to Rule

28   33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-17-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1  data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

2  of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

3  of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials. ViewSonic's

4  discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise

5  its response to this Interrogatory as appropriate.

6  **INTERROGATORY NO. 14:**

7  If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any

8  purchase(s) identified in response to Interrogatory No. 12, state the basis of Your contention,

9  including the basis of Your contention, if You so contend, that the purchase qualifies for an

10  exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on

11  indirect purchases.

12  **RESPONSE TO INTERROGATORY NO. 14:**

13  ViewSonic refers to and incorporates its General Objections as though set forth fully

14  herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly

15  burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

16  every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects

17  to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to

18  this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic

19  further objects to this Interrogatory on the grounds that it seeks information that is already in

20  Defendants' possession, custody, or control, or equally available to Defendants.

21  Subject to and without waiving any of the foregoing objections, ViewSonic refers to and

22  incorporates its response to Interrogatory No. 11. ViewSonic's discovery in this matter is

23  ongoing, and ViewSonic reserves the right to supplement and/or revise this response as

24  appropriate.

25  **INTERROGATORY NO. 15:**

26  Identify all of Your purchases of CRTs and CRT Products from JEAN during the

27  Relevant Period that You contend contained color display tubes or color picture tubes

28  manufactured by CPT or CPTM.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-18-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

**RESPONSE TO INTERROGATORY NO. 15:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory on the grounds that it seeks information that is already in Defendants' possession, custody, or control, or equally available to Defendants.

Subject to and without waiving any of the foregoing objections, and pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials. ViewSonic's discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise its response to this Interrogatory as appropriate.

**INTERROGATORY NO. 16:**

Identify all facts, Documents and testimony demonstrating that the CRTs or CRT Products You purchased from JEAN contained color display tubes or color picture tubes manufactured by CPT or CPTM.

**RESPONSE TO INTERROGATORY NO. 16:**

ViewSonic refers to and incorporates its General Objections as though set forth fully herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects to this Interrogatory as improperly requiring ViewSonic to marshal all evidence and "state its case" in response to written discovery. ViewSonic also objects to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to this Interrogatory to the extent it

CROWELL
& MORING LLP
ATTORNEYS AT LAW

DCACTIVE-29325038.3

1   requires ViewSonic to draw a legal conclusion. ViewSonic further objects to this Interrogatory

2   on the grounds that it seeks information that is already in Defendants' possession, custody, or

3   control, or equally available to Defendants.

4         Subject to and without waiving any of the foregoing objections, and pursuant to Rule

5   33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

6   data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

7   of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

8   of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials. ViewSonic's

9   discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise

10  its response to this Interrogatory as appropriate.

11  **INTERROGATORY NO. 17:**

12        If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any

13  purchase(s) identified in response to Interrogatory No. 15, state the basis of Your contention,

14  including the basis of Your contention, if You so contend, that the purchase qualifies for an

15  exception to the rule in *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on

16  indirect purchases.

17  **RESPONSE TO INTERROGATORY NO. 17:**

18        ViewSonic refers to and incorporates its General Objections as though set forth fully

19  herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly

20  burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

21  every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects

22  to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to

23  this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic

24  further objects to this Interrogatory on the grounds that it seeks information that is already in

25  Defendants' possession, custody, or control, or equally available to Defendants.

26        Subject to and without waiving any of the foregoing objections, ViewSonic has Sherman

27  Act standing to bring a claim against CPT and CPTM for certain of ViewSonic's purchases

28  pursuant to the "ownership or control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-20-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

(1977), as articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980) and its progeny, including the Court's November 29, 2012 Order Granting in Part and Denying in Part Defendants' Joint Motion for Summary Judgment (Dkt. 1470).  Specifically, ViewSonic is entitled to recover damages pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 4 of the Clayton Act, 15 U.S.C., for its purchases of CRTs based on the ownership or control relationship among CPT, CPTM, the Tatung entities,  and the Jean entities, and other entities.   ViewSonic further refers Defendants to the following evidence supporting this contention:

- Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s Response to Plaintiff ViewSonic Corporation's First Set of Interrogatories (September 29, 2014);

- Chunghwa Picture Tubes, Ltd.'s Annual Reports/Audit Reports from 1995 to present, to the extent such documents exist;

- Tatung Company's Annual Reports from 1995 to present, to the extent such documents exist;

- Jean Co., Ltd's Annual Reports from 1995 to present, to the extent such documents exist;

- The expert report of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials;

- *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Declaration of Philip J. Iovieno In Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment for Lack of Standing under *Illinois Brick* and *ATM Fee* (N.D. Cal. Aug. 20, 2012) (Docket No. 6493-1); and

- *In re TFT-LCD Antitrust Litigation*, Case 3:07-md-01827-SI, Order Denying Defendants' Joint Motion and Toshiba's Separate Motion for Partial Summary Judgment for Lack of Standing Under *Illinois Brick* and *In re ATM Fee* (N.D. Cal. Nov. 19, 2012) (Docket No. 7188)

ViewSonic's discovery in this matter is ongoing, and ViewSonic reserves the right to

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-21-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

1  supplement and/or revise this response as appropriate.

2  **INTERROGATORY NO. 18:**

3       If You contend that Section 1 of the Sherman Act (15 U.S.C. § 1) applies to any other of

4  Your purchases of CRTs and CRT Products that contained color display tubes or color picture

5  tubes manufactured by CPT or CPTM, state the basis of Your contention, including the basis of

6  Your contention, if You so contend, that the purchase qualifies for an exception to the rule in

7  *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), barring claims based on indirect purchases.

8  **RESPONSE TO INTERROGATORY NO. 18:**

9       ViewSonic refers to and incorporates its General Objections as though set forth fully

10  herein. ViewSonic further objects to this Interrogatory on the grounds that it is unduly

11  burdensome and oppressive, particularly in that it calls for ViewSonic to specifically identify

12  every CRT in every CRT Product it purchased over a twelve-year period. ViewSonic also objects

13  to this Interrogatory to the extent it is duplicative of other discovery. ViewSonic also objects to

14  this Interrogatory to the extent it requires ViewSonic to draw a legal conclusion. ViewSonic

15  further objects to this Interrogatory on the grounds that it seeks information that is already in

16  Defendants' possession, custody, or control, or equally available to Defendants. ViewSonic

17  further objects that the phrase "any other of Your purchases" is vague, ambiguous, and overbroad.

18       Subject to and without waiving any of the foregoing objections, and pursuant to Rule

19  33(d) of the Federal Rules of Civil Procedure, ViewSonic refers Defendants to the transactional

20  data produced in this litigation as VIEW_CRT00000001-VIEW_CRT00000002, the expert report

21  of Dr. Alan S. Frankel dated June 6, 2014 and its accompanying materials, and the expert report

22  of Dr. Kenneth G. Elzinga dated June 5, 2014 and its accompanying materials. ViewSonic's

23  discovery and investigation is ongoing. ViewSonic reserves the right to supplement and/or revise

24  its response to this Interrogatory as appropriate.

25  //
  //
26  //
  //
27  //
  //
28  //

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-22-

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3

//
DATED: October 13, 2014

By:   */s/ Astor H.L. Heaven*
          Jason C. Murray (CA Bar No. 169806)
          Robert B. McNary (CA Bar No. 253745)
          CROWELL & MORING LLP
          515 South Flower St., 40th Floor
          Los Angeles, CA  90071
          Telephone:  213-443-5582
          Facsimile:  213-622-2690
          Email: jmurray@crowell.com
                rmcnary@crowell.com

          Jerome A. Murphy (*pro hac vice*)
          Astor H.L. Heaven (*pro hac vice*)
          CROWELL & MORING LLP
          1001 Pennsylvania Avenue, N.W.
          Washington, D.C. 20004
          Telephone:  202-624-2500
          Facsimile:  202-628-5116
          Email: jmurphy@crowell.com
                aheaven@crowell.com

          *Counsel for ViewSonic Corporation*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

VIEWSONIC CORPORATION'S RESPONSES AND
OBJECTIONS TO CHUNGHWA'S
INTERROGATORIES; CASE NO. 3:14-CV-02510-SC

DCACTIVE-29325038.3