GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. AND
CHUNGHWA PICTURES TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To: | **[PROPOSED] ORDER GRANTING DEFENDANT CHUNGHWA PICTURE TUBES, LTD. CHUNGHWA PICTURES TUBES (MALAYSIA) SDN. BHD.'S MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)** |
| *ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14-cv-02510-SC | |
| | Date:       March 6, 2015<br>Time:        10 a.m.<br>Judge:      Hon. Samuel Conti |

On March 6, 2015, the Court held a hearing on Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s (collectively, "Chunghwa") Motion To Exclude Late-Disclosed Evidence Under Federal Rule Of Civil Procedure 37(c)(1).  The Court having considered all papers filed in support of and in opposition to said Motion, and having entertained argument of counsel, and good cause appearing, HEREBY ORDERS that the Motion is GRANTED in its entirety.

On August 25, 2014, Chunghwa served several interrogatories requesting that ViewSonic Corporation ("ViewSonic") identify all facts, documents, and witnesses relating to its ownership and control contentions under the *Royal Printing* exception, which allows an indirect purchaser to bring a Sherman Act claim when it purchased the price-fixed product from an entity owned or controlled by a price-fixing conspirator.  ViewSonic served its responses on October 13, 2014, identifying certain documents.  ViewSonic did not identify any witnesses.  ViewSonic did not supplement these responses, and discovery closed on November 7, 2014.

On November 14, 2014, Chunghwa moved for partial summary judgment against ViewSonic's Sherman Act claim to the extent it is based on purchases from Tatung Company or Jean Company, Ltd. because indirect purchaser claims are prohibited under federal law.  In response, ViewSonic argued that its indirect purchaser claim is not barred because the *Royal Printing* exception applies.  In making this argument, ViewSonic relied on documents and a witness that it failed to identify in its discovery responses, despite discovery requests from Chunghwa that required ViewSonic to identify all evidence in support of its *Royal Printing* argument:

- Heaven Decl., Exhibit 2 (TCO 2014 Annual Meeting of Shareholders Handbook)
- Heaven Decl., Exhibit 5 (CPT Corporate Governance document)
- Heaven Decl., Exhibit 7 (Declaration of Ernest Huang)
- Heaven Decl., Exhibit 10  (Tatung Corporate Milestones)

These documents and the declaration of Mr. Huang were submitted in support of ViewSonic's contention that an ownership or control relationship existed between Chunghwa, Tatung, and Jean, and should have been disclosed in response to Chunghwa's discovery requests.  ViewSonic's failure

1

to disclose the documents and witness identified above during discovery also violated Federal Rule of

Civil Procedure 26(e)(1)(A), which requires timely supplementation of discovery responses.

Under Rule 37(c)(1), ViewSonic is precluded from using this evidence:  "If a party fails to

provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to

use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the

failure was substantially justified or is harmless."  Fed. R. Civ. Proc. 37(c); *see also Hoffman v.*

*Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179-80 (9th Cir. 2008) (affirming exclusion of

evidence of damages calculation under Rule 37(c) as sanction for nondisclosure); *Wong v. Regents of*

*Univ. of Cal.*, 410 F.3d 1052, 1059-62 (9th Cir. 2005) (affirming exclusion of opinions and other

evidence from experts submitted in support of plaintiff's opposition to motion for summary judgment

as sanction under Rule 37(c) for nondisclosure, and granting summary judgment).

The Ninth Circuit has described Rule 37(c)(1) as a "self-executing, automatic sanction to

provide[] a strong inducement for disclosure of material."  *Yeti by Molly, Ltd. v. Deckers Outdoor*

*Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. Proc. 37 advisory committee's note

(1993)) (internal citations omitted); *see also id.* (noting that the implementation of this rule in the

1993 amendments "clearly contemplates stricter adherence to discovery requirements, and harsher

sanctions for breaches of this rule").  And "[c]ourts have upheld the use of the sanction even when a

litigant's entire cause of action or defense has been precluded."  *Id.*  The Court is not required to

make a finding of willfulness or bad faith to exclude undisclosed evidence.  *Hoffman*, 541 F.3d at

1180.

ViewSonic has not met its burden to demonstrate that the exceptions to Rule 37(c)(1)

sanctions apply—i.e., that its failure to comply with Rule 26(e) was "substantially justified" or

"harmless."  *See Yeti*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party

facing sanctions to prove harmlessness.");  Fed. R. Civ. Proc. 37(c)(1).  The identity of these

documents and witness was directly responsive to Chunghwa's interrogatories and there is no

justification for ViewSonic's failure to disclose them.   Further, Chunghwa has been prejudiced by

the inability to depose Mr. Huang, or to ask any ViewSonic witness in deposition about the

documents upon which ViewSonic relies.  That is problematic given that Chunghwa's discovery was

2

directed at the very issue upon which it moved for summary judgment.  Finally, given the proximity of the summary judgment rulings and trial, exclusion of this evidence is the only appropriate remedy. If ViewSonic were allowed to cure its violation by re-opening discovery, "the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well." *Wong*, 410 F.3d at 1062.  "Disruption to the schedule of the court and other parties in that manner is not harmless." *Id.*

Accordingly, exclusion of the evidence as a sanction under Rule 37(c) is appropriate. The Court hereby excludes Heaven Declaration, Exhibits 2, 5, 7, and 10 from the summary judgment record.  The Court further orders that ViewSonic is precluded from using these documents at trial.

**IT IS SO ORDERED.**

DATED: _____        _____
                                                            Honorable Samuel Conti
                                                            U.S. District Judge