GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. AND
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14-cv-02510-SC | **DEFENDANT CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO SHORTEN TIME FOR MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**<br><br>[Declaration of Austin V. Schwing and Proposed Order filed concurrently herewith] |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Local Rule 6-3 Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa") will and hereby do move for an order shortening the time within which the Court may hear Chunghwa's Motion to Exclude Late-Disclosed Evidence Under Federal Rule of Civil Procedure 37(c)(1).

This motion is based on this Notice of Motion; the following Memorandum of Points and Authorities; the accompanying Declaration of Austin V. Schwing; the files in these actions; argument of counsel; and such other matters as the Court may consider.

DATED:  January 23, 2015        GIBSON, DUNN & CRUTCHER LLP

By:     /s/Rachel S. Brass
            Rachel S. Brass

Attorneys for Defendants

CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa") have moved for partial summary judgment against ViewSonic Corporation's ("ViewSonic") Sherman Act claim to the extent it is based on purchases from certain non-conspirators because indirect purchaser claims are prohibited under federal law ("Summary Judgment Motion").  In response, ViewSonic has argued that its indirect purchaser claim is not barred because the *Royal Printing* exception, which allows an indirect purchaser to bring a Sherman Act claim when it purchased the price-fixed product from an entity owned or controlled by a price-fixing conspirator, applies.  *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 326 (9th Cir. 1980). In making this argument, ViewSonic improperly submitted with its opposition brief several sources of evidence, both documents and a witness, that it failed to identify in its discovery responses, despite discovery requests from Chunghwa that required ViewSonic to identify all evidence in support of its *Royal Printing* argument.

On January 23, 2015, Chunghwa filed a Motion to Exclude Late-Disclosed Evidence Under Federal Rule of Civil Procedure 37(c)(1) ("Motion to Exclude"), requesting that the Court strike the untimely-disclosed evidence from the summary judgment record for failure to disclose the evidence in response to discovery and to timely supplement discovery requests as required by Federal Rule of Civil Procedure 26(e)(1)(A).[1]  Decl. of Austin V. Schwing ("Schwing Decl.") ¶ 3.

Chunghwa's Summary Judgment Motion is currently set to be heard on February 6, 2015. The Motion to Exclude is currently set to be heard a month later, on March 6, 2015, the week before trial in this case begins.  Chunghwa requests that the Court shorten the time for hearing on the Motion to Exclude to allow it to be heard simultaneously with the Summary Judgment Motion on February 6, 2015.  *Id.* ¶ 7.  Substantial harm and prejudice would result if the Court considered, and potentially ruled, on the Motion for Summary Judgment before hearing Chunghwa's Motion to Exclude ViewSonic's late-disclosed evidence submitted with its opposition.  *Id.* ¶ 9.  It makes sense and is

---

[1] Chunghwa has also raised its objection to the late-disclosed evidence in its reply brief.

more efficient for the Court to consider both motions at the same time. The requested time modification will not affect any other outstanding scheduled deadlines. *Id.* ¶ 8.

Chunghwa has met and conferred with ViewSonic regarding the issues underlying the Motion to Exclude in compliance with Local Rule 37-1(a). *Id.* ¶¶ 4-5. Chunghwa informed ViewSonic of its intent to file a motion to exclude the late-disclosed evidence, and ViewSonic declined to withdraw the evidence. *Id.* Chunghwa further requested that ViewSonic agree to have the motions heard simultaneously, but ViewSonic did not agree to stipulate to a shortened schedule. *Id.* ¶ 6.

Accordingly, Chunghwa requests that the Court shorten the time for hearing on Chunghwa's Motion to Exclude to allow the motion to be heard at the Summary Judgment Motion hearing on February 6, 2015. Chunghwa further proposes that ViewSonic be ordered to file its opposition to the Motion to Exclude by January 29, 2015, and Chunghwa be ordered to file its reply by February 3, 2015.

DATED:  January 23, 2015               GIBSON, DUNN & CRUTCHER LLP

By:      /s/Rachel S. Brass
                Rachel S. Brass

Attorneys for Defendants

CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.