| | |
|---|---|
| 1 | Eliot A. Adelson (SBN 205284) |
| 2 | James Maxwell Cooper (SBN 284054)<br>KIRKLAND & ELLIS LLP |
| 3 | 555 California Street, 27th Floor<br>San Francisco, CA 94104 |
| 4 | Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500 |
| 5 | Email: max.cooper@kirkland.com<br>Email: eadelson@kirkland.com |

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols *(pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*All Direct Purchaser Actions* | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF THE PANASONIC DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d) [ECF 3432, 3438]** |

I, James Maxwell Cooper, declare as follows:

1. I am an attorney licensed to practice in the State of California and the Northern District of California. I am an associate with Kirkland & Ellis LLP, and counsel for Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

3. On June 18, 2008 the Court approved a "Stipulated Protective Order" in this matter (ECF No. 0306).

4. The Hitachi Defendants have disclosed or produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d) and the Stipulated Protective Order, I make this declaration on behalf of the Hitachi Defendants to provide the Court with a basis to maintain under seal certain documents that quote from, contain, reflect, describe, or are documents or information designated by Hitachi Defendants as "Confidential" or "Highly Confidential."

6. On January 23, 2015, Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. filed their Reply Memorandum in Support of Their Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA (ECF No. 3442, "Panasonic Reply"), the Reply Declaration of Jennifer M. Stewart in Support of Defendants' Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA (ECF No. 3438, "Stewart Declaration"), and the Defendants' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (ECF No. 3432).

7. Exhibit A to the Stewart Declaration, a copy of the Expert Report of Alan S. Frankel, Ph.D., dated April 15, 2014, cites to or quotes from documents that the Hitachi Defendants

have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

8. I am informed and believe that Exhibit A to the Stewart Declaration, consists of, quotes from, and/or contains confidential, non-public, proprietary, and highly sensitive business information. The documents contain confidential, non-public information about the Hitachi Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies that remain important to the Hitachi Defendants' competitive positions. Upon information and belief, the public disclosure of this sensitive information presents a risk of undermining the Hitachi Defendants' relationships and would put the Hitachi Defendants at a competitive disadvantage.

9. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibit A to the Stewart Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of January at San Francisco, California.

*/s/ James Maxwell Cooper*
James Maxwell Cooper