Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
       rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
Matthew J. McBurney (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
       aheaven@crowell.com
       mmcburney@crowell.com

*Counsel for ViewSonic Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917<br>The Honorable Samuel Conti |
| This Document Relates to:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd. et al.,* No. 14-cv-02510 | Individual Case No. 3:14-cv-02510<br><br>**VIEWSONIC CORPORATION'S OPPOSITION TO CHUNGHWA'S ADMINISTRATIVE MOTION TO SHORTEN TIME FOR CHUNGHWA'S MOTION TO EXCLUDE EVIDENCE** |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

VIEWSONIC'S OPPOSITION TO CHUNGHWA'S
ADMIN. MOTION TO SHORTEN TIME
MASTER FILE NO. 3:07-CV-05944-SC

ViewSonic Corporation ("ViewSonic") opposes Chunghwa Picture Tubes, Ltd.'s and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s (collectively "Chunghwa") Administrative Motion to Shorten Time (MDL Dkt. No. 3474) (the "Motion to Shorten").  Chunghwa provides no valid justification for modifying the current briefing schedule.[1]  Its Motion to Shorten is based on a flawed interpretation of the Federal Rules of Civil Procedure, and the proposed schedule would unfairly impact ViewSonic.  The Court should deny Chunghwa's Motion to Shorten.

On December 23, 2014, ViewSonic filed its Opposition to Chunghwa's Motion for Summary Judgment ("Opposition") (MDL Dkt. No. 3263) in which it presented evidence supporting its argument that Tatung Company ("Tatung") owns or controls Chunghwa pursuant to the ownership/control exception articulated in *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980).  The evidence included among other things (i) publicly available documents posted by Chunghwa and Tatung to their own websites, and (ii) a declaration from a former Tatung employee attesting to family relationships regarding Chunghwa's Chairman,[2] the same relationships that were also described in the numerous annual reports that ViewSonic used as exhibits.  Declaration of Astor H.L. Heaven ("Heaven Decl.") ¶ 3.  The documents also provide publicly available information on the companies' board membership and corporate history, the roles and responsibilities of the companies' Chairmen, and information on corporate strategy – information that is undoubtedly relevant to the ownership/control analysis.  *Id*.  Indeed, Chunghwa was either aware of the information in the documents, created the documents, or actually posted the documents to its website.  Chunghwa was therefore not prejudiced, and there is no valid basis for excluding such documents from evidence.  As a result, there is also no valid basis for modifying the briefing schedule to address these documents, nor does Chunghwa provide any.

Moreover, ViewSonic is currently responding to defendants' recent trial submissions, and

---

[1] ViewSonic must serve its opposition to Chunghwa's Motion to Exclude by February 6, 2015, and Chunghwa must serve its reply by February 13, 2015.

[2] Tatung and Chunghwa share a Chairman.  *See* Heaven Decl. ¶ 3.

restricting its time to respond to Chunghwa's Motion to Exclude would unfairly hamstring ViewSonic's own trial preparation. Chunghwa's proposed expedited briefing schedule provides four full business days for ViewSonic to respond to the Motion to Exclude, but four business days is insufficient in light of ViewSonic's numerous other pretrial tasks. For example, ViewSonic is currently working on (i) responding with other plaintiffs to the 240 volumes of deposition testimony and 1,500 exhibits cited in defendants' pretrial disclosures served on January 22, 2015,[3] and (ii) an expedited production of documents and written discovery responses resulting from the Special Master's decision on ViewSonic competitive intelligence discovery.[4] Given the importance of the underlying exhibits to ViewSonic's Opposition, ViewSonic should not be subject to abbreviated briefing on the Motion to Exclude and should be afforded the full briefing schedule under the local rules to adequately respond to Chunghwa's Motion to Exclude.

In addition to unfairly constricting ViewSonic trial preparation, the Motion to Shorten's proposed schedule is untenable. The local rules provide ViewSonic 4 days to oppose the Motion to Shorten (by Tuesday, January 27, 2015). Civ. L.R. 6-3(b). Assuming an immediate ruling in Chunghwa's favor, that provides only two days for ViewSonic to respond to the Motion to Exclude (Thursday, January 29, 2015). This is neither fair nor equitable given ViewSonic's pre-trial schedule.

Also, though Chunghwa claimed that it met and conferred with ViewSonic regarding the Motion to Exclude (*see* Motion to Shorten at 3), the "meet-and-confer" consisted of a single letter on January 15, 2015, in which Chunghwa requested that ViewSonic withdraw the exhibits. *See* Heaven Decl. ¶ 4. Citing a lack of prejudice, ViewSonic declined, but invited further discussions to resolve the dispute. *Id*. ¶ 5. Chunghwa never responded to ViewSonic's invitation to engage in discussions, and instead waited until Friday, January 23, 2015 at 5:10 p.m. to confirm via email that it intended to file the Motion to Exclude, and for the first time, to request that ViewSonic

---

[3] Defendants served these pretrial disclosures on January 22, 2015, and ViewSonic's responses are due on February 13, 2015. Heaven Decl. ¶ 7.

[4] Heaven Decl. ¶ 8.

stipulate to a shortened briefing schedule. *Id*. ¶ 6.

The Court should deny Chunghwa's Motion to Shorten, and should require the parties to adhere to the briefing schedule articulated in the Local Civil Rules.

Dated: January 27, 2015

Respectfully Submitted,

*/s/ Jason C. Murray*
Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email: jmurray@crowell.com
         rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
Matthew J. McBurney (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email: jmurphy@crowell.com
         aheaven@crowell.com
         mmcburney@crowell.com

*Counsel for ViewSonic Corporation*

-3-

VIEWSONIC'S OPPOSITION TO CHUNGHWA'S
ADMIN. MOTION TO SHORTEN TIME
MASTER FILE NO. 3:07-CV-05944-SC

CROWELL
& MORING LLP
ATTORNEYS AT LAW