# Exhibit A

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Rachel S. Brass
Direct: +1 415.393.8293
Fax: +1 415.374.8429
RBrass@gibsondunn.com

January 15, 2015

VIA ELECTRONIC MAIL

Jerome A. Murphy
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Re:   In re Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917) - ViewSonic

Dear Jerry:

I am writing regarding certain late-identified evidence relating to ViewSonic Corporation's ("ViewSonic") claim against Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s (collectively, "CPT").

On December 5, 2014, we received DAPs' draft witness list, which identifies Sean Chen for the first time as a potential witness. We understand from the parties' meet-and-confer discussions that Sean Chen is expected to testify regarding ownership/control issues relating to ViewSonic's claim against CPT. ViewSonic did not disclose Mr. Chen during discovery, although his identity was directly responsive to CPT's interrogatories seeking identification of all facts, documents, *and witnesses* supporting ViewSonic's ownership/control contentions. *See* CPT First Set of Interrogs. Nos. 5-8. Nor did ViewSonic timely supplement its responses to identify Mr. Chen, as required by Federal Rule of Civil Procedure 26(e)(1)(A). CPT was therefore deprived of the opportunity to depose him.

In addition, on December 23, 2014, ViewSonic submitted previously-undisclosed documents and a declaration from a ViewSonic employee (Ernest Huang) in connection with its Opposition to CPT's Motion for Partial Summary Judgment for Lack of Standing ("Opposition"). *See, e.g.*, Opp'n Exs. 2, 5, 7, 10. These documents and witness were used as evidence supporting ViewSonic's ownership/control contentions, and their identity was also responsive to CPT's interrogatories. And, as with Mr. Chen, CPT was deprived of the opportunity to depose Mr. Huang, or to ask any ViewSonic witness in deposition about the documents upon which ViewSonic relies yet did not timely disclose.

ViewSonic's untimely disclosures have prejudiced CPT. If you will not withdraw the improperly withheld information from the summary judgment record and the pretrial witness list, CPT will seek to exclude Mr. Chen as a witness and will move to strike evidence

**GIBSON DUNN**

January 15, 2015
Page 2

submitted in support of its Opposition. This is an appropriate remedy. *See* Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless."). If we are mistaken that ViewSonic did not previously disclose these documents or witnesses or if you have reason to believe that ViewSonic was not required to disclose them in connection with CPT's unambiguous interrogatories, please let us know.

Sincerely,

Rachel S. Brass

RSB/smm

101864535.1