# Exhibit B

1001 Pennsylvania Avenue, N.W., Washington, DC  20004-2595 ■ p202 624-2500 ■ f202 628-5116



**Astor Henry Lloyd Heaven**
**(202) 624-2599**
**aheaven@crowell.com**

January 20, 2015

**VIA E-MAIL**

Rachel S. Brass
Gibson, Dunn & Crutcher
555 Mission Street
Suite 3000
San Francisco, CA  94105-0921

Re:   In re Cathode Ray Tube (CRT) Antitrust Litigation - MDL 1917

Dear Rachel:

I write in response to your letter of January 15, 2015 in which you identify purported issues regarding certain evidence relied upon by ViewSonic Corporation ("ViewSonic") in its case against Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT").  We disagree with your assertions regarding the evidence.

First, as we explained on the December 30, 2014 call among the parties going to trial in March, Sean Chen will serve as a summary witness at trial.  Mr. Chen works for the Blackpeak Group, and pursuant to Fed. R. Evid. 1006, Mr. Chen will summarize voluminous documents that cannot conveniently be examined in Court regarding CPT's ownership/control structure.  The underlying documents are all included on the Direct Action Plaintiffs' Trial Exhibit List, or will be included on the supplemental exhibit list.  Mr. Chen is not a fact or expert witness, so there is no need to depose him.

Second, CPT was not prejudiced by ViewSonic relying on the documents and information identified in your letter in its Opposition to CPT's summary judgment motion.  The documents are all public, all derive from either CPT's or Tatung's own websites, and were all placed on the websites by CPT or Tatung.  Similarly, the information in Mr. Huang's declaration is not in dispute, and is in fact supported by the publicly available documents used as exhibits.  With respect to both categories, it is unclear how CPT could be prejudiced by ViewSonic discovering information that was posted by or already known by CPT.  *See Maharaj v. Cal. Bank & Trust*, 288 F.R.D. 458, 462 (E.D. Cal. 2013) (permitting the use of previously undisclosed evidence where the "information was within [d]efendant's possession"); *Lam v. City & County of San Francisco*, 565 Fed. App'x 641, 642 (9th Cir. 2014) (permitting the use of previously undisclosed evidence where the information was "cumulative" of other evidence in the record).

Rachel S. Brass
January 20, 2015
Page 2

Moreover, ViewSonic only discovered this evidence shortly before serving its Opposition to CPT's summary judgment motion, and was therefore unable to supplement its responses prior to the close of discovery.

ViewSonic declines your request to withdraw the exhibits and the Huang declaration. We are available for a call to discuss.

        Best regards,

        */s/ Astor H.L. Heaven*

        Astor H.L. Heaven

cc:  Jerome A. Murphy
     Andrew Slade
     Joel Sanders
     Christine Fujita