KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE
Senior Assistant Attorney General
State Bar No. 65819
EMILIO VARANINI
Deputy Attorney General
State Bar No. 163952
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5908
 Fax:  (415) 703-5480
 E-mail:  Emilio.Varanini@doj.ca.gov

*Attorneys for the State of California et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**ADMINISTRATIVE MOTION FOR ORDER TRANSFERRING THE HAGUE EVIDENCE CONVENTION PROCESS CONCERNING LEO MINK'S DEPOSITION TO THE CALIFORNIA SUPERIOR COURT OR IN THE ALTERNATIVE, EXTENDING THE TIME FOR COMPLETION BY THE DUTCH COURT IN THIS FORUM** |
| This Documents Relates To:<br><br>ALL ACTIONS | |

1

Pursuant to Civil Local Rule 7.11, the Attorney General of the State of California on behalf of the State of California Plaintiffs hereby respectfully move this Court for an order transferring the process concerning Mr. Leo Mink's deposition pursuant to the Hague Convention on the Taking of Evidence in Civil and Commercial Matters ("Hague Evidence Convention") to the San Francisco Superior Court. The Attorney General is litigating her antitrust case in that court and has a trial date set of July 2016. In the alternative, should the Court decide it will be continuing the MDL trial, then Plaintiffs would request a corresponding extension of time. This administrative motion is related to the previously filed administrative motions and orders concerning Mr. Mink's deposition. *See* Docket Nos. 2780 and 2877.

The Attorney General respectfully submits that the requested time extension is necessary so that the relevant authorities in the Netherlands, specifically the presiding Court of Oost-Brabant, can complete the execution of this process and the Attorney General can have the opportunity to acquire testimony she has reason to believe is important to her law enforcement action in state court. Declaration of Emilio E. Varanini ("Varanini Decl.") at ¶ 3. The subject deponent, Mr. Leo Mink, is a Dutch national residing in the Netherlands, and a former employee of a non-defendant subsidiary of Defendant Koninklijke Philips N.V. ("KPNV"). *Id*.

The Philips defendants in this action, KPNV and Philips Electronics North America Corporation, do not object to this request. *Id*. A proposed order accompanies this request.

**FACTUAL BACKGROUND SUPPORTING THIS REQUEST**

On May 20, 2014, the relevant authorities in the Netherlands granted this Court's Request for International Judicial Assistance in connection with Mr. Mink's deposition and transferred the request to the Court of Oost-Brabant for execution pursuant to the Hague Evidence Convention. *See* Docket Nos. 2780 and 2877. On September 12, 2014, this Court extended the time for execution of the request and in particular, so that the Court of Oost-Brabant would have the time necessary to appoint a new Commissioner to commence Mr. Mink's examination, as required by Article 17 of the Hague Evidence Convention. *Id*. Since receiving this Court's extension order, the Attorney General and her staff have contacted the Court of Oost-Brabant several times

concerning the required next steps in this permitted process. Varanini Decl. at ¶ 4. While the Court of Oost-Brabant has not yet appointed a new Commissioner, that court also has not declined to conduct the examination itself and is considering next steps insofar as the Attorney General is aware. *Id*. Therefore, the Attorney General has reasons to believe that additional time is needed for comity to continue to take its course (*ibib*), and comity supports respect for the Dutch authorities' desire to effectuate this process. *See In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010); *see also Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 547 (1987) ("American courts should therefore take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state.") In fact, to withdraw this request, the Netherlands require the submission of a formal request for withdrawal from the requesting authority. *See* the Netherlands' statement on the practical operation of this process at http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/netherlands.html. Given that more than adequate time remains until the state trial in July 2016, and the importance of the expected testimony, the Attorney General respectfully submits that withdrawal is not required at this juncture.

The Attorney General understands, however, that the trial of the federal cases is quickly approaching and that further treatment of this Hague Evidence Convention process by this Court may not be convenient. Varanini Decl. at ¶ 5. Accordingly, the Attorney General respectfully requests the transfer of this process to the San Francisco Superior Court, where the Attorney General's suit resides, or in the alternative, if the trial of the federal cases will be continued and the Court retains the process, then this Court should grant additional time in the MDL for the Court of Oost-Brabant to effectuate this process. *Id*.

The Attorney General understands that her law enforcement action is not governed by the multidistrict litigation statute, 28 U.S.C. § 1407, under which this Court has the power to effectuate such a transfer as a statutory matter. *Id*. However, the Attorney General's suit came to this Court under similar auspices because the San Francisco Superior Court determined that

3

ADMINISTRATIVE MOTION FOR ORDER RE HAGUE EVIDENCE CONVENTION
PROCESS CONCERNING LEO MINK'S DEPOSITION
(Master File No. CV-07-5944-SC)

coordination of the Attorney General's suit and the federal cases would be helpful. *Id*. Thus, just as this Court has remanded the cases filed outside of the Northern District back to the courts from which they were transferred, the Attorney General's Hague Evidence Convention process can and should be similarly remanded. *See* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 20.133.

Because the state trial will not occur until July 2016, the requested transfer would not be disruptive to the state or federal schedules in this case nor otherwise work an injustice as to any party in the state or federal cases in preparing for dispositive motions or for trial.[1] Varanini Decl. at ¶ 6; *cf. SEC v. Sandifur*, 2006 WL 3693611, *4-5 (W.D. Wash. No. C05-1636 C Dec. 11, 2006) (analyzing whether resorting to Hague Convention processes was impractical given trial schedule). Rather, the requested transfer will ensure that Mr. Mink's examination would be completed before the trial of the Attorney General's suit commences in the Superior Court next year. *Id*. In the meantime, the Attorney General submits that no motion or other event need be stayed pending Mr. Mink's examination. *Id*.

The formal withdrawal of the pending Hague Evidence Convention process, and the required re-starting of this process from scratch in the state court with all of the confusion that would be engendered would not only frustrate settlement benefits obtained by the Attorney General but also would prevent the Attorney General from acquiring information important to her law enforcement case. *Id*. at ¶ 7. In particular, in defending her settlement with the Philips Defendants, the Attorney General publicly acknowledged the value of their cooperation in her ongoing investigation and prosecution of the remaining defendants, leading her to pursue Mr. Mink's testimony abroad. *Id*. In turn, the Provisional Decision that the European Commission made available to the Attorney General on December 23, 2014 (and later published on January 5, 2015) confirms the importance of testimony offered by Philips's current and former employees. *See CASE AT.39437—TV and computer monitor tubes*, Comm'n Decision (December 5, 2014), available at http://ec.europa.eu/competition/antitrust/cases/dec_docs/39437/39437_6784_3.pdf.

---

[1] If the trial of the Attorney General's suit were to proceed, it likely would involve only on the Samsung SDI Defendants. Other than the Samsung SDI Defendants, and the Irico Defendants on whom the Attorney General ultimately will seek a default judgment, the Attorney General has reached a settlement-in-principle (or agreement) with every other defendant in her suit. Varanini Decl. ¶ 6.

1  Thus, a portion of the Attorney General's examination of Mr. Mink will focus on the European
2  Commission's rulings concerning the Glass Meetings in Europe for both Color Picture Tubes in
3  televisions (CPTs) and Color Display Tubes in computers (CDTs) and any links those meetings
4  may have with the worldwide market for CPTs and CDTs.  *See ibid*; *see also* Varanini Decl. at ¶
5  7.  As this Court is aware, the Attorney General has been in contact with the European
6  Commission.  *See* Docket No. 3133.  Thus, the cooperation obtained by the Attorney General
7  from Philips, and the publication of this decision from the European Commission, underscore the
8  need to let comity take its course in the pursuit of the CRT makers who have been fined for
9  antitrust violations worldwide, including those remaining defendants in the Attorney General's
10 suit.  *Id*.  Indeed, in coordinating the Attorney General's law enforcement action with the federal
11 cases, the Superior Court did specifically contemplate the return of issues unique to the law
12 enforcement action and consistent with this plan, the Superior Court recently issued an order
13 affirming the Attorney General's right to continue conducting discovery to corroborate proffered
14 information obtained pursuant to various cooperation provisions in various settlements with
15 various Settled Defendants such as Philips and Chunghwa.  *Id*. at ¶ 8.  The remaining defendants
16 in the Attorney General's law enforcement case, including the Samsung SDI Defendants, are
17 aware of this order.  *Id.*

## CONCLUSION

For the reasons stated, the requested order should be granted so that comity could be perfected with respect to this Court's formal Request for International Judicial Assistance in obtaining Mr. Mink's testimony pursuant to the Hague Evidence Convention.

Dated:  January 29, 2015                          Respectfully submitted,

                                                  KAMALA D. HARRIS
                                                  Attorney General of California


                                                  */s/ Emilio Varanini*
                                                  EMILIO VARANINI
                                                  Deputy Attorney General
                                                  *Attorneys for the State of California*

5

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. | Master File No. 3:07-cv-05944-SC |

I hereby certify that on <u>January 29, 2015</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ADMINISTRATIVE MOTION FOR ORDER TRANSFERRING THE HAGUE EVIDENCE CONVENTION PROCESS CONCERNING LEO MINK'S DEPOSITION TO THE CALIFORNIA SUPERIOR COURT OR IN THE ALTERNATIVE, EXTENDING THE TIME FOR COMPLETION BY THE DUTCH COURT IN THIS FORUM**

**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION FOR ORDER TRANSFERRING THE HAGUE EVIDENCE CONVENTION PROCESS CONCERNING LEO MINK'S DEPOSITION TO THE CALIFORNIA SUPERIOR COURT OR IN THE ALTERNATIVE, EXTENDING THE TIME FOR COMPLETION BY THE DUTCH COURT IN THIS FORUM**

**DECLARATION OF EMILIO E. VARANINI IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER TRANSFERRING THE HAGUE EVIDENCE CONVENTION PROCESS CONCERNING LEO MINK'S DEPOSITION TO THE CALIFORNIA SUPERIOR COURT OR IN THE ALTERNATIVE, EXTENDING THE TIME FOR COMPLETION BY THE DUTCH COURT IN THIS FORUM**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>January 29, 2015</u>, at San Francisco, California.

| Ryan Lau | /s/ Ryan Lau |
|---|---|
| Declarant | Signature |

41193434.doc