KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN FOOTE
Senior Assistant Attorney General
EMILIO VARANINI
Deputy Attorney General
State Bar No. 163952
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5908
  Fax:  (415) 703-5480
  E-mail:  Emilio.Varanini@doj.ca.gov

*Attorneys for the State of California, et al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,**<br><br>**This Document Relates To:**<br>**ALL ACTIONS** | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF EMILIO E. VARANINI IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR ORDER TRANSFERRING THE HAGUE EVIDENCE CONVENTION PROCESS CONCERNING LEO MINK'S DEPOSITION TO THE CALIFORNIA SUPERIOR COURT OR IN THE ALTERNATIVE, EXTENDING THE TIME FOR COMPLETION BY THE DUTCH COURT IN THIS FORUM** |

1

VARANINI DECL. ISO ADMINISTRATIVE MOTION FOR ORDER RE HAGUE EVIDENCE CONVENTION PROCESS CONCERNING LEO MINK'S DEPOSITION (Master File No. CV-07-5944-SC)

I, EMILIO E. VARANINI, declare as follows:

1. I am a Deputy Attorney General with the California Attorney General's Office and am lead counsel for the California Attorney General in the state court case of *State of California et. al. v. Samsung SDI, Co., Ltd.,* Case No. 11-51584 (California Superior Court, San Francisco). This case has been coordinated with this Court's MDL No. 1917 for purposes of fact and expert discovery as well as mediation and settlement. I am admitted to this Court and could, if called as a witness, testify competently to the matters set forth herein. I make this declaration under penalty of perjury under the laws of the United States and the State of California.

2. Besides this case, I have led other international price-fixing and unfair competition cases involving the State of California. I also have an extensive background on international antitrust and related issues involving the European Union and China. I have also been appointed to the position of American Bar Association, Section of Antitrust Law, Member, International Task Force.

3. The present administrative motion is related to the previously filed administrative motions and orders concerning the deposition of Mr. Leo Mink (*see* Docket Nos. 2780 and 2877). By and through the present administrative motion, the Attorney General of the State of California on behalf of the State of California Plaintiffs respectfully moves this Court for an order transferring the process concerning Mr. Leo Mink's deposition pursuant to the Hague Convention on the Taking of Evidence in Civil and Commercial Matters ("Hague Evidence Convention") to the San Francisco Superior Court. The Attorney General is litigating her antitrust case in that court and has a trial date set of July 2016. In the alternative, should the Court decide it will be continuing the MDL trial, then the Attorney General would request a corresponding extension of time. Mr. Mink is a Dutch national residing in the Netherlands, and a former employee of a non-defendant subsidiary of Koninklijke Philips N.V. ("KPNV"). The Philips defendants in this action, KPNV and Phillips Electronics North America Corporation, do not object to this request.

4. Since receiving this Court's September 12, 2014 Order granting the Plaintiffs' previous motion for time extension, Docket No. 2877, the Attorney General and her staff have contacted the Court of Oost-Brabant several times concerning the required next steps in this

permitted process.  The Court of Oost-Brabant has not yet appointed a new Commissioner, but that court also has not declined to conduct the examination itself and is considering next steps insofar as the Attorney General is aware.  Therefore, the Attorney General has reasons to believe that additional time is needed for comity to continue to take its course

5. The Attorney General understands that the trial of the federal cases is quickly approaching and that further treatment of this Hague Evidence Convention process by this Court may not be convenient.   While the Attorney General understands that her law enforcement action is not governed by the multidistrict litigation statute, 28 U.S.C. § 1407, her suit came to this Court under similar auspices because the San Francisco Superior Court determined that coordination of the Attorney General's suit and the federal cases would be helpful.  Accordingly, the Attorney General respectfully requests that Mr. Mink's Hague Evidence Convention process, which was initiated by the Attorney General, be transferred to the San Francisco Superior Court, where the Attorney General's suit resides, or in the alternative, if the trial of the federal cases will be continued and the Court retains the process, then this Court should grant additional time in the MDL for the Court of Oost-Brabant to effectuate this process.  The Attorney General respectfully submits that just as this Court has remanded the cases filed outside of the Northern District back to the courts from which they were transferred the Attorney General's Hague Evidence Convention process can and should be similarly remanded.

6. Because the trial of the Attorney General's law enforcement suit will not occur until July 2016, the requested transfer would not be disruptive to the state or federal schedules in this case nor otherwise work an injustice as to any party in the state or federal cases in preparing for dispositive motions or for trial.  Rather, the requested transfer will ensure that Mr. Mink's examination would be completed before the trial of the Attorney General's suit commences in the Superior Court next year.  In the meantime, the Attorney General submits that no motion or other event need be stayed pending Mr. Mink's examination.  Moreover, even if the trial of the Attorney General's suit were to proceed, it likely would involve only on the Samsung SDI Defendants.  Other than the Samsung SDI Defendants, and the Irico Defendants on whom the Attorney General ultimately will seek a default judgment, the Attorney General has reached a

1  settlement-in-principle (or agreement) with every other defendant in her suit.

2        7.    The Attorney General has reasons to believe that the formal withdrawal of the
3  pending Hague Evidence Convention process, and the required re-starting of this process from
4  scratch in the state court with all of the confusion that would be engendered would not only
5  frustrate settlement benefits she obtained from the Settling Defendants, including Philips and
6  Chunghwa, but also would prevent her from acquiring information important to her law
7  enforcement case.  In fact, in defending her settlement with the Philips Defendants, the Attorney
8  General publicly acknowledged the value of their cooperation in her ongoing investigation and
9  prosecution of the remaining defendants, leading her to pursue Mr. Mink's testimony abroad.
10 The Attorney General believes that the Provisional Decision that the European Commission made
11 available to the Attorney General on December 23, 2014 (and later published on January 5, 2015)
12 confirms the importance of testimony offered by Philips's current and former employees.  *See*
13 *CASE AT.39437—TV and computer monitor tubes*, Comm'n Decision (December 5, 2014),
14 available at http://ec.europa.eu/competition/antitrust/cases/dec_docs/39437/39437_6784_3.pdf.
15 Thus, a portion the Attorney General examination of Mr. Mink will focus on the European
16 Commission's Rulings and concerning the Glass Meetings in Europe for both Color Picture
17 Tubes in televisions (CPTs) and Color Display Tubes in computers (CDTs) and any links those
18 meetings may have with the worldwide market for CPTs and CDTs.  *See id.*  Thus, the Attorney
19 General respectfully submits that the cooperation she obtained from Philips, and the publication
20 of this decision from the European Commission, underscore the need to let comity take its course
21 in the pursuit of the CRT makers who have been fined for antitrust violations worldwide,
22 including those remaining defendants in the Attorney General's suit.

23       8.    Indeed, in coordinating the Attorney General's law enforcement action with the
24 federal cases, the Superior Court did specifically contemplate the return of issues unique to the
25 law enforcement action and consistent with this plan, the Superior Court recently issued an order
26 affirming the Attorney General's right to continue conducting discovery to corroborate proffered
27 information obtained pursuant to various cooperation provisions in various settlements with
28 various Settled Defendants such as Philips and Chunghwa.  The remaining defendants in the

1  Attorney General's law enforcement case, including the Samsung SDI Defendants, are aware of
2  this order.
3       I declare under penalty of perjury under the laws of the United States and of the State of
4  California that the foregoing is true and correct and that this declaration was executed on January
5  28, 2015 in San Francisco, California.
6  Dated:  January 29, 2015                  Respectfully submitted,
7                                                          KAMALA D. HARRIS
                                                        Attorney General of California

                                                        EMILIO VARANINI
                                                        Deputy Attorney General
                                                        *Attorneys for Plaintiffs*

SF2011203501
41192692.doc