Brent Caslin (Cal. Bar. No. 198682)
Jenner & Block LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:      213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:      312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc.,*
*and Mitsubishi Electric Visual Solutions America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>_____<br><br>*Crago, d/b/a/ Dash Comp., Inc. et al. v. Mitsubishi Elec. Corp. et al.*, No. 14-CV-02058 SC | Master Case No. 3:07-cv-5944-SC<br>MDL No. 1917<br><br>**MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO MODIFY DIRECT PURCHASER PLAINTIFF CLASS CERTIFICATION SCHEDULING ORDER [DKT. 3184]**<br><br>[Proposed Order filed herewith]<br><br>[Declaration of Shaun M. Van Horn in support of the motion filed herewith]<br><br>Judge:  Hon. Samuel P. Conti<br>Court:  Courtroom 1, 17th Floor<br>Date and Time: February 6, 2015 at 10:00am. |

## NOTICE OF MOTION AND MOTION

To all parties and their attorneys of record:

Please take notice that on February 6, 2015 at 10:00 a.m. or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, Senior U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc, and Mitsubishi Electric Visual Solutions America, Inc. ("Mitsubishi Electric") hereby moves this Court, pursuant to Federal Rule of Civil Procedure 16, for modification of the pre-trial scheduling order for direct purchaser plaintiff class certification (Dkt. 3184).

This Motion is based upon this Notice and Motion, the Statement of Facts and Argument, below, the declaration of Shaun M. Van Horn, attached, argument of counsel and such other matters as the Court may consider.

Mitsubishi Electric Corporation, Mitsubishi Electric U.S., Inc., and Mitsubishi Electric Visual Solutions America, Inc., (collectively, "Mitsubishi Electric") respectfully move the Court to modify the class certification scheduling order, (Dkt. 3184), to provide two additional months of time for the presently-set deadlines.[1]

In support of this motion, Mitsubishi Electric states the following:

## STATEMENT OF FACTS

1.    On November 26, 2007, a putative class of direct purchaser plaintiffs ("DPPs") filed a lawsuit in this Court, alleging a price-fixing conspiracy involving cathode ray tubes (CRTs). *Crago, Inc. v. Chunghwa Picture Tubes, Ltd*., No. 07-cv-05944 [Dkt.1].  No Mitsubishi Electric entity was named as a defendant in that suit.

2.    On November 7, 2011, DPPs and Mitsubishi Electric entered a tolling agreement with respect to the claims raised in the DPPs' lawsuit.

3.    On May 5, 2014, DPPs filed the Direct Purchaser Plaintiffs' Complaint Against Mitsubishi And Thomson, No. 14-CV-02058-SC [Dkt.1], alleging that Mitsubishi Electric as well as various Thomson Consumer Electronics ("Thomson") entities and Technologies Displays Americas LLC ("TDA") also participated in the CRT conspiracy alleged in the 2007 complaint. On June 11, 2014, DPPs filed the First Amended Direct Purchaser Plaintiffs' Class Action Complaint Against Mitsubishi And Thomson, No. 14-CV-02058 SC. [Dkt. 34.]

4.    The Court has not entered a pre-trial schedule for the DPP lawsuit against Mitsubishi Electric and TDA other than, as addressed below, related to the motion for class certification.

5.    On November 7, 2014, DPPs filed a motion for class certification. (Dkt. 2969.)

6.    On December 8, 2014, the Court entered the Stipulation And Modified Order Regarding Scheduling Of Direct Purchaser Plaintiff Class Certification Motions (Dkt. 3184 ("Scheduling Order").)  The Scheduling Order set forth the following deadlines:

---

[1] Defendant TDA joins in the request for the relief requested in this Motion.

- The Direct Purchaser Plaintiffs shall make their class certification expert available for deposition on or before **January 31, 2015**;

- Defendants Mitsubishi Electric, Thomson, and TDA may serve their opposition to the class certification motion, and any expert report on the issue of class certification, on or before **February 27, 2015**;

- Defendants shall make available for deposition any expert submitted in opposition to class certification on or before **March 27, 2015**; and

- Plaintiffs may submit a reply in support of class certification on or before **April 17, 2015**.

7.     Based on its current information, Mitsubishi Electric believes that the DPPs reached a settlement in principle with Defendant Thomson after the establishment of the December 8 schedule [Dkt. 3184].

8.     Mitsubishi Electric has also continued to respond to discovery requests served by counsel for the DPPs, and has scheduled depositions of its employees.  One such deposition, of a Mitsubishi Electric employee now stationed in Vietnam, who will travel to the United States, is scheduled for February 24-25, 2015.

9.     In addition to the instant DPP lawsuit, Mitsubishi Electric is a named defendant in six related direct action purchaser ("DAP") cases which are scheduled to begin trial in this Court on March 9, 2015.  Mitsubishi Electric continues to devote significant time and substantial resources to preparing for those related DAP cases.

10.     In light of the ongoing discovery, the apparent Thomson settlement, and the related DAP cases set for trial in March, Mitsubishi Electric requested that DPPs stipulate to an extension of the deadlines set forth in the Scheduling Order.  However, DPPs did not agree to stipulate to any change in the existing class certification schedule.

**ARGUMENT**

11.     Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir.1992). The Court has the power to modify a scheduling order upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b) provides that a district court's scheduling order may be modified upon a showing of 'good cause,' and inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Services*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). Assuming that the movant has been reasonably diligent, the prejudice to the nonmoving party also is a relevant consideration. *Johnson*, 975 F.2d at 609.

12.     Here, the Court should modify the Scheduling Order by providing two additional months of time for each deadline because Mitsubishi Electric has been reasonably diligent, there is good cause for modifying the schedule, and because the DPPs will suffer no prejudice form Mitsubishi Electric's proposed modification.

13.     First, Mitsubishi Electric has been reasonably diligent. Mitsubishi Electric has continued to engage in ongoing discovery with DPPs on an expedited timeline over the past eight months, and has met with DPPs to discuss resolution of the dispute on multiple occasions. During that time, Mitsubishi Electric has also continued to engage in ongoing discovery and motion practice with the DAPs in connection with the related litigation, now scheduled for trial before this Court in March 2015.

14.     Second, good cause exists for the brief extension Mitsubishi Electric now seeks. Despite Mitsubishi Electric's reasonable diligence, the existing scheduling order places an undue burden on Mitsubishi Electric and potentially wastes considerable resources. Mitsubishi Electric is currently in the midst of preparing for trial in the six related DAP cases scheduled to begin in March 2015. Trial preparation for the DAP cases has commanded all of Mitsubishi Electric's resources, including extensive coordination with personnel and business units located in Japan.

The current Scheduling Order requires Mitsubishi Electric to file its opposition to the class certification motion on the eve of trial in the DAP cases.

15.     In addition, the apparent settlement between DPPs and the Thomson entities has shifted the burden of all class certification tasks onto Mitsubishi Electric, and this additional burden, which must be undertaken promptly absent an extension of time, will exist contemporaneously with Mitsubishi Electric's substantial ongoing discovery duties, and trial preparation for the DAP cases set to begin in March 2015.

16.     Third, Mitsubishi Electric brings this motion with sufficient advance notice such that DPPs would not be prejudiced by an extension of time.  Indeed, modifying the schedule will not prejudice DPPs in any way.  DPPs waited nearly seven years from the time they initially filed suit in 2007 until May 2014, when they sued Mitsubishi Electric and Thomson.  DPPs further waited an additional six months, until November 2014, before filing a motion for class certification, even though DPPs had filed essentially the same motion for class certification, using the same expert, a year earlier.  A two-month extension of the current class certification schedule will have no material impact on a potential future recovery by DPPs nor otherwise affect the DPP case.  DPPs will still be free to take discovery during the additional two months, and even under the modified schedule, Mitsubishi Electric would be required to depose the DPPs' class certification expert before March 28, 2015.

17.     For all of the foregoing reasons, Mitsubishi Electric respectfully requests that the Court modify the deadlines set forth in the Scheduling Order as follows:

|  | *Previous Deadline* | *Proposed Deadline* |
|---|---|---|
| Direct Purchaser Plaintiffs to make their class certification expert available for deposition | On or before January 31, 2015 | On or before March 28, 2015 |

| | | |
|---|---|---|
| Defendants may serve their opposition to the class certification motion, and any expert report on the issue of class certification | On or before February 27, 2015 | On or before April 27, 2015 |
| Defendants shall make available for deposition any expert submitted in opposition to class certification | On or before March 27, 2015 | On or before May 22, 2015 |
| Plaintiffs may submit a reply in support of class certification | April 17, 2015 | June 12, 2015 |

\*        \*        \*

THEREFORE, Defendants respectfully request that the Court modify the DPP class certification scheduling order, (Dkt. 3184), to provide two additional months of time for each existing deadline.  Deadlines consistent with a two-month extension are reflected in the proposed order attached to this motion.

Dated:  January 29, 2015

JENNER & BLOCK LLP

By:   */s/ Terrence J. Truax*
JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*