Brent Caslin (Cal. Bar. No. 198682)
Jenner & Block LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:     213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:     312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Case No. 3:07-cv-5944-SC**<br>**MDL No. 1917** |
| This Document Relates to:<br><br>*Crago, d/b/a/ Dash Comp., Inc. et al. v. Mitsubishi Elec. Corp. et al.*, No. 14-CV-02058 SC | **DECLARATION OF SHAUN M. VAN HORN IN SUPPORT OF MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO MODIFY DIRECT PURCHASER PLAINTIFF CLASS CERTIFICATION SCHEDULING ORDER [DKT. 3184]** |

**DECLARATION OF SHAUN M. VAN HORN**

I, Shaun M. Van Horn, declare as follows:

1.     I am an attorney licensed to practice law in the State of Illinois, and I am an associate at the law firm of Jenner & Block LLP, and attorney of record for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual

1. Solutions America, Inc. (collectively, the "Mitsubishi Electric Defendants"). Pursuant to Local Rule 6-3 for the Northern District of California, I submit this declaration in support of the Mitsubishi Electric Defendants' Motion to Modify Direct Purchaser Plaintiff ("DPP") Class Certification Scheduling Order (the "Motion"). I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to such facts under oath.

2. As set forth more fully in the Motion, the Mitsubishi Electric Defendants seek to modify the Direct Purchaser Plaintiff Class Certification Scheduling Order, (Dkt. 3184), because trial in the six related direct action purchaser ("DAP") cases is scheduled to begin in this Court on March 9, 2015, and all of the resources of the Mitsubishi Electric Defendants are currently dedicated to trial preparation. The Mitsubishi Electric Defendants will continue to devote significant time and substantial resources to preparing for the related DAP cases, and for the trial set in March. (*See* Local Rule No. 6-3(a)(1).)

3. Counsel for the Mitsubishi Electric Defendants requested that DPPs stipulate to an extension of the deadlines set forth in the Scheduling Order. However, DPPs did not agree to stipulate to any change in the existing class certification schedule. (*See* Local Rule No. 6-3(a)(2).)

4. I am not aware of any substantial harm or prejudice that would occur as a result of the Court granting the Mitsubishi Electric Defendants' request for an extension. However, if an extension is not granted, all of the Mitsubishi Electric Defendants' resources will be stretched and drained as the Mitsubishi Electric Defendants will be forced to actively litigate separate cases on two different fronts: by participating as defendants in the DAP trial, and opposing the DPP request for class certification. (*See* Local Rule No. 6-3(a)(3).)

5.      On November 21, 2014, the parties submitted a stipulation and proposed order (Dkt. 3145 ("Stipulation")) in which they proposed the deadlines that are currently set forth in the class certification scheduling order, (Dkt. 3184).  Other than by operation of Federal Rule of Civil Procedure, Local Rule, Court Order, or by entry of the Stipulation, there have been no further time modifications made to the DPP class certification schedule.  This is the first request for a modification of the class certification schedule by the Mitsubishi Electric Defendants.  (*See* Local Rule No. 6-3(a)(5).)

6.      Extending the deadlines by two months will not affect the schedule for the case, as there is currently no trial date scheduled on the DPP's claims.  In addition, providing an additional two months would not limit or otherwise hinder the DPPs' ability to continue seeking and taking discovery.  For example, the deposition of a Mitsubishi Electric employee now stationed in Vietnam, who will travel to the United States, is scheduled for February 24-25, 2015.  In view of the foregoing, neither the case schedule nor discovery would be affected by the extension requested by the Mitsubishi Electric Defendants in the Motion.  (*See* Local Rule No. 6-3(a)(6).)

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 29th day of January, 2015 at Chicago, Illinois.

**[SIGNATURE PAGE FOLLOWS]**

3

DECLARATION OF SHAUN M. VAN HORN IN SUPPORT OF MITSUBISHI ELECTRIC DEFENDANTS'
MOTION TO MODIFY DPP CLASS CERTIFICATION SCHEDULING ORDER
Case No. 3:07-cv-5944-SC; MDL No. 1917

Dated:  January 29, 2015

JENNER & BLOCK LLP

By:   /s/ Shaun M. Van Horn
JENNER & BLOCK LLP
Terrence J. Truax (pro hac vice)
Michael T. Brody (pro hac vice)
Gabriel A. Fuentes (pro hac vice)
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*