Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp.,* et al. v. *Hitachi Ltd.*, et al., Case No. 13-cv-1173 SC;<br><br>*Sharp Electronics Corp.,* et al. v. *Koninklijke Philips Elecs., N.V.*, et al., Case No. 13-cv-2776 SC. | **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OBJECTION TO REPLY EVIDENCE**<br><br>DATE:  February 6, 2015<br>TIME:   10:00 a.m.<br>PLACE: Courtroom 1, 17th Floor<br>JUDGE: Hon. Samuel Conti |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") respectfully submit this Objection to Reply Evidence, pursuant to Local Rule 7-3(d)(1), regarding Defendants' Reply in Support of Joint Motion for Partial Summary Judgment Against Dell and Sharp Plaintiffs on Statute of Limitations Grounds (MDL Dkt. No. 3472).

Defendants improperly cite new evidence in their reply brief. Litigation is not supposed to be about ambushing the other side, and introducing new evidence in a reply is inappropriate where, as here, the evidence could and should have been raised in the initial brief. *Roe v. Doe*, No. C 09-0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal. June 30, 2009) ("It is well accepted that raising of new issues and submission of new facts in a reply brief is improper." (citations omitted)). Defendants "knew that [their] reply evidence was pertinent to this dispute and should have presented it earlier, providing Plaintiffs with an opportunity to respond." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013) (order withdrawn on other grounds). Defendants' new evidence should be stricken or, alternatively, SEC and SEMA should be given an opportunity to respond to it. *See, e.g.*, *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (striking as improper new information presented for the first time in a reply brief); *Roe*, 2009 WL 1883752, at *5; *Wallace v. Countrywide Home Loans, Inc.*, No. SACV 08-1463 AG (MLGx), 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) (listing cases).

We discuss the new evidence below.

**1. New Evidence Regarding Sharp Corporation**

Defendants cite new evidence purporting to show that non-party Sharp Corporation's "knowledge" should be attributed to SEC and SEMA for purposes of the statute of limitations because the "Sharp Plaintiffs' claims in this case are based partly on its corporate relationship with Sharp Corporation." (Reply Br. at 3.)

Any evidence on this point should have been submitted before. Defendants' entire motion hinged on the argument that three documents – Exhibits 3620, 3621, and 3622 – contained

information that, as a matter of law, put SEC and SEMA on notice of the CRT conspiracy. (*See* Mot. at 14-17, 22-23.) Defendants knew that Exhibit 3620 "was produced by the Global Procurement Group at Sharp Corporation in Japan to describe CRT price trends." (Mot. at 15.) In their opposition brief, SEC and SEMA contested that Exhibit 3620 showed, as a matter of law, knowledge (or reasonable suspicion) on the part of SEC or SEMA of the alleged conspiracy, because a SEMA witness testified that Exhibit 3620 had been drafted by people at non-party Sharp Corporation whose speculation that there might be a conspiracy stemmed only from a misunderstanding of U.S. CRT prices. (Opp. at 7.) SEC and SEMA also noted that Exhibits 3621 and 3622 (containing information purportedly from a Mr. Kinoshita from Panasonic/MTPD) were produced from the custodial files of an individual outside the U.S. who never worked for SEC or SEMA and that there was no evidence that SEC or SEMA ever received Exhibits 3621 and 3622. As such, SEC and SEMA explained, there was at a minimum a dispute over whether those documents could possibly have put SEC or SEMA on notice of the CRT conspiracy. (Opp. at 7-8.) None of these arguments was new when SEC and SEMA made them in their opposition; they had all been developed through the evidentiary record, and Defendants were well aware of them before they filed their initial brief. (*See* Opp. at 6-8 (citing the June 25, 2014 deposition testimony of Vincent Sampietro and July 29-30, 2014 deposition testimony of Toshihito Nakanishi).)

Nonetheless, in reply, Defendants now reference, for the first time, an order that this Court issued nearly a year ago and suggest that it reflects, as a factual matter, a close connection between Sharp Corporation, SEC and SEMA.[1] Defendants also cite deposition testimony purporting to establish a close relationship between SEC/SEMA and Sharp Corporation and new testimony by Panasonic/MTPD employee Ayumu Kinoshita. (Defs.' Reply Ex. 6 (Feb. 6, 2013 deposition testimony of Ayumu Kinoshita); Reply Ex. 7 (June 25, 2014 deposition testimony of Vincent Sampietro); Reply Ex. 8 (July 29, 2014 deposition testimony of Toshihito Nakanishi); Reply Ex. 9 (July 30, 2014 deposition testimony of Toshihito Nakanishi).)

---

[1] The Court did not, in fact, make any finding about the nature of the relationship between Sharp Corporation, on the one hand, and SEC and SEMA, on the other hand.

References to this evidence should be stricken. All of it – the Court's March 13, 2014 Order and Reply Exhibits 6-9 – was available months before the Defendants filed their motion for partial summary judgment and, if relevant, should have been included in the Defendants' initial brief so that SEC and SEMA could respond to it. If the evidence is be considered at all, SEC and SEMA respectfully request that they be given an opportunity to respond to explain why the evidence does not eliminate genuine factual disputes.

**2. New Evidence Regarding A Discovery Dispute**

Defendants also raise for the first time a long-pending discovery dispute surrounding retired Sharp Corporation employee Nobuo Harada.[2] They argue that their motion should be granted, in part, because "Sharp has refused to provide a key witness regarding Exhibit 3620." (Reply Br. at 10.)

This, too, is improper new evidence. The dispute regarding Mr. Harada was pending at the time the Defendants' initial brief was filed and should have been included there, if it were material at all. (Defs.' Reply Ex. 4 (Mot. to Compel filed Sep. 3, 2014).)[3] SEC and SEMA respectfully submit that Defendants' Reply Exhibits 4 and 5 relating to this argument should be stricken, or that SEC and SEMA should be given an opportunity to respond to explain why, even considering the existence of that dispute, Defendants' request for summary judgment still fails.

**3. New Evidence Regarding Estoppel**

Defendants also cite new evidence from the *TFT-LCD Litigation* that Defendants use to make a new argument that positions taken by the defendants in the separate *TFT-LCD Litigation* "estop" plaintiff SEC from arguing against summary judgment in this case. (Defs.'

---

[2] The dispute remains pending, in large part, because the Defendants did not notice the deposition of the non-party witness in question until the month before discovery closed and did not file any motion until two days before the discovery period closed on September 5, 2014.

[3] The discussion is a red herring anyhow: Mr. Harada has not worked for SEC or SEMA at any point during this litigation, and the Special Master already denied a motion to compel his testimony, finding no precedent suggesting that SEC or SEMA had any obligation to produce him, and finding that Defendants had failed to make a showing that SEC or SEMA had any control over him. (Defs.' Reply Ex. 5.) Nonetheless, SEC and SEMA have committed that, if he comes within their control, they will make him available for deposition. (*Id.*)

Reply Exs. 1-3.)[4]  This new evidence is improper.  Defendants were well aware of the *TFT-LCD Litigation* at the time they authored their initial brief; if their position was that SEC was estopped from opposing them here, they should have presented that evidence and argument in their opening brief so SEC could respond.[5]

*   *   *

For all these reasons, SEC and SEMA respectfully request that the Court strike the new evidence Defendants presented for the first time on reply, including Defendants' Reply Exhibits 1-9 and reference to the Court's March 13, 2014 Order, or, alternatively, grant SEC and SEMA an opportunity to respond to this new evidence.

---

[4] SEMA was not a party to the *TFT-LCD Litigation*. (*See* Defs.' Reply Ex. 3 at 18 (reply brief signed on behalf of SEC and Sharp Corporation, not SEMA).)  Defendants cite no authority to suggest SEMA could be estopped on the basis of arguments made in a litigation in which it was not a party or in privity to a party.

[5] Of course, the judicial estoppel doctrine only applies if the party is *successful* in the prior matter. *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) ("'[W]here a party assumes a certain position in a legal proceeding, *and succeeds in maintaining that position,* he may not thereafter, simply because his interests have changed, assume a contrary position . . . .'" (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)) (emphasis added)).  Defendants were *unsuccessful* in their position in the *TFT-LCD Litigation*. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, Nos. M 07-1827 SI, 10-4572 SI, 2012 WL 6126144, at *1 (N.D. Cal. Dec. 10, 2012).

| | | |
|---|---|---|
| 1 | DATED: January 30, 2015 | By: */s/ Craig A. Benson* |

                                                Kenneth A. Gallo (*pro hac vice*)
                                                Joseph J. Simons (*pro hac vice*)
                                                Craig A. Benson (*pro hac vice*)
                                                PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                                                2001 K Street, NW
                                                Washington, DC 20006
                                                Telephone: (202) 223-7300
                                                Facsimile: (202) 223-7420
                                                Email: kgallo@paulweiss.com
                                                Email: jsimons@paulweiss.com
                                                Email: cbenson@paulweiss.com

                                                Stephen E. Taylor (SBN 058452)
                                                Jonathan A. Patchen (SBN 237346)
                                                TAYLOR & COMPANY LAW OFFICES, LLP
                                                One Ferry Building, Suite 355
                                                San Francisco, California 94111
                                                Telephone: (415) 788-8200
                                                Facsimile: (415) 788-8208
                                                Email: staylor@tcolaw.com
                                                Email: jpatchen@tcolaw.com

                                                *Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**CERTIFICATE OF SERVICE**

On January 30, 2015, I caused a copy of **SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OBJECTION TO REPLY EVIDENCE** to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

DATED:  January 30, 2015          By: */s/ Craig A. Benson*
                                             Craig A. Benson