1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  TYLER M. CUNNINGHAM, Cal. Bar No. 243694
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4106
   Telephone:     415-434-9100
6  Facsimile:     415-434-3947
   E-mail:        ghalling@sheppardmullin.com
7                 jmcginnis@sheppardmullin.com
                  mscarborough@sheppardmullin.com
8                 tcunningham@sheppardmullin.com

9  Attorneys for Defendants
   SAMSUNG SDI AMERICA, INC.,
10 SAMSUNG SDI CO., LTD.,
   SAMSUNG SDI (MALAYSIA) SDN. BHD.,
11 SAMSUNG SDI MEXICO S.A. DE C.V.,
   SAMSUNG SDI BRASIL LTDA.,
12 SHENZEN SAMSUNG SDI CO., LTD. and
   TIANJIN SAMSUNG SDI CO., LTD.

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                SAN FRANCISCO DIVISION

17 In re: CATHODE RAY TUBE (CRT)        | Master File No. 3:07-cv-5944-SC
   ANTITRUST LITIGATION
18                                       | MDL No. 1917

19 This Document Relates to:            | **SAMSUNG SDI DEFENDANTS'
                                          OPPOSITION TO CALIFORNIA
20 ALL ACTIONS                            ATTORNEY GENERAL'S
                                          ADMINISTRATIVE MOTION FOR
21                                        ORDER TRANSFERRING THE
                                          HAGUE EVIDENCE CONVENTION
22                                        PROCESS CONCERNING LEO
                                          MINK'S DEPOSITION TO THE
23                                        CALIFORNIA SUPERIOR COURT OR
                                          IN THE ALTERNATIVE, EXTENDING
24                                        THE TIME FOR COMPLETION BY
                                          THE DUTCH COURT IN THIS FORUM**
25

26

27

28

SAMSUNG SDI DEFS.' OPP. TO CALIFORNIA ATT'Y GENERAL'S
                                    MOT. FOR ORDER TRANSFERRING HAGUE PROCESS

**I.**

**INTRODUCTION**

In their fourth administrative motion seeking to depose Dutch national Leo Mink (Dkt. No. 3500) ("Motion"), the California Attorney General on behalf of the California Plaintiffs ("Plaintiffs") seek an ill-defined order transferring Mr. Mink's deposition "process" to San Francisco Superior Court.  But the deadline to complete Mr. Mink's deposition has passed, and the requested transfer is thus moot.  Moreover, Plaintiffs provide no authority authorizing the transfer of a deposition process – initiated in federal court pursuant to federal rules, and purportedly partially executed in a foreign country pursuant to international treaty – to a state court.  Nor do Plaintiffs provide any details about how such a transfer would work.

Plaintiffs move in the alternative for a further extension of the deadline to complete Mr. Mink's deposition, but only if the Court continues the federal trial in this matter scheduled for March 9, 2015.  To the extent that the Court considers Plaintiffs' request for a further extension, it should be denied because Plaintiffs fail to meet their burden of showing that they have diligently pursued Mr. Mink's deposition.

**II.**

**FACTUAL BACKGROUND**

Plaintiffs announced their intention to depose Mr. Mink in October 2013.  Dkt. No. 2006.  In January 2014, Plaintiffs moved this Court, pursuant to Federal Rule of Civil Procedure 28(b)(1) and the Hague Convention on the Taking of Evidence, for an order issuing a letter of request to the relevant authorities in the Netherlands.  Dkt. No. 2328. The Court granted the motion.  Dkt. No. 2362.  Both the letter of request and the accompanying subpoena were clear that any deposition would be conducted pursuant to the federal rules.

In April 2014, Plaintiffs moved this Court for a second letter of request to depose Mr. Mink, arguing that administrative difficulties prevented the parties from completing

1   the deposition on time.  Dkt. No. 2518.  The Court granted that order.  Dkt. No. 2530.

2          In September 2014, Plaintiffs moved this Court for relief from the operative

3   scheduling order (which set the close of fact discovery on September 5, 2014) to permit

4   Plaintiffs to complete Mr. Mink's deposition by January 30, 2015.  Dkt. No. 2780.

5   Plaintiffs argued that difficulties in appointing a commissioner had delayed the process,

6   but that they had "good reasons to believe that the actual examination will occur by

7   January 30, 2015."  *Id*. at 2-3.  The Court granted the motion.  Dkt. No. 2877.

8          Plaintiffs filed the instant motion on January 29, 2015, the day before expiration of

9   their deadline to complete Mr. Mink's deposition.  The Motion seeks an order "transferring

10  the process concerning Mr. Leo Mink's deposition pursuant to the Hague Convention ….

11  to the San Francisco Superior Court."  Mot. at 2.  In the alternative, "should the Court

12  decide it will be continuing the MDL trial, then Plaintiffs would request a corresponding

13  extension of time."  *Id*.

**III.**

**ARGUMENT**

16  A.   **Plaintiffs' Motion to "Transfer the Hague Evidence Convention Process" to**

17       **Superior Court Should Be Denied as Untimely, Moot and Unsupported by Any**

18       **Authority.**

19         Plaintiffs' Motion to "transfer the Hague Evidence process" should be denied for

20  several reasons.  The simplest of these is that the deadline to complete Mr. Mink's

21  deposition has passed.  The Court ordered that September 5, 2014 would be the "[c]lose of

22  fact discovery" as to Plaintiffs.  Dkt. No. 2459, at 2.  The Court granted Plaintiffs a limited

23  extension of this deadline to "permit the deposition of Mr. Leo Mink ***to be completed by***

24  ***January 30, 2015*** …." Dkt. No. 2877, at 11 (emphasis added).  Plaintiffs move to further

25  extend this deadline, but do so only in the alternative to their transfer motion.  *See* Mot. at

26  2, 3.  Thus, if the Court were to grant Plaintiffs' transfer motion, sending the Hague

27  "process" to the superior court, Plaintiffs' deadline to complete Mr. Mink's deposition

28

1   would remain unchanged, and expired.  The transfer motion is thus moot.

2           Plaintiffs' Motion to transfer should also be denied because Plaintiffs provide no

3   authority supporting it.  Plaintiffs fail to cite a single rule, statute or case allowing transfer

4   of a discovery process under the Hague Convention – or indeed any transfer of any

5   "process" – to state court.  Plaintiffs' analogy to remand under 28 U.S.C. Section 1407 is

6   inapt because that statute authorizes the judicial panel on multidistrict litigation to remand

7   an entire action to the federal court where it originated.  By contrast, Plaintiffs here seek a

8   district court order sending a discovery process, initiated in federal court and purportedly

9   partially executed in a foreign country, to a state court wholly unfamiliar with it.

10          Indeed, it is unclear what the proposed transfer would entail, for the parties, the

11  Superior Court, the Dutch court, or Mr. Mink.  Would the deposition proceed under federal

12  rules, as noticed?  If so, would the superior court be enlisted to resolve disputes under

13  those rules?  Would the superior court be empowered to enforce a federal subpoena that

14  issued from this Court?  Would California's rules for taking evidence abroad play any

15  role?  Such questions suggest that Plaintiffs' proposed transfer will further complicate a

16  discovery process that has already been plagued by delays and administrative snafus.  To

17  the extent that the Court has discretion to deny the Motion, this likelihood of confusion and

18  further delay is a persuasive reason to do so.  *See, e.g.*, Fed. R. Civ. P. 1 (federal rules

19  "should be construed and administered to secure the just, speedy, and inexpensive

20  determination of every action and proceeding.").

21  B.    **The Court Should Deny Plaintiffs' Motion in the Alternative To Extend Time.**

22          In the alternative, and only if the Court decides to continue the MDL trial, Plaintiffs

23  move for an order extending the time to complete Mr. Mink's deposition.  Mot. at 2.  Thus,

24  if the Court grants Plaintiffs' motion to transfer, or if the Court has not decided to continue

25  the March 9 trial date, it need not consider Plaintiffs' motion to extend time.

26          Even if those two criteria are satisfied, however, the Court should still deny

27  Plaintiffs' motion for an extension.  A scheduling order "may be modified only for good

28

-3-

cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party seeking to extend the deadline bears the burden of proving good cause. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The pretrial schedule may be modified if "it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Plaintiffs fail to show that that they have diligently pursued Mr. Mink's deposition in the four months since the Court last extended their deadline. In seeking that earlier extension, Plaintiffs cited administrative problems and delays in appointing a new commissioner, but said that they had "good reasons to believe that the actual examination will occur by January 30, 2015." *See generally* Dkt. No. 2780; *see also* Dkt. 2780-1, at ¶ 8. This Motion once again cites difficulties in appointing a commissioner, but Plaintiffs provide no further explanation for the additional delay. Plaintiffs state that the "Attorney General and her staff have contacted the Court of Oost-Brabant several times concerning the required next steps," Admin. Mot. at 2, but offer no details about any effort to facilitate Mr. Mink's deposition. Plaintiffs provide no evidence of any attempt to expedite the Hague process, and no copies of actual communications with the Dutch court, Mr. Mink's counsel, or any other relevant authority. This scant record simply does not support the conclusion that Plaintiffs have diligently pursued Mr. Mink's deposition over the past four months.

Plaintiffs argue that their request for an extension is supported by comity concerns, because "comity supports respect for the Dutch authorities' desire to effectuate this process." Mot. at 3. But Plaintiffs provide no evidence that Dutch authorities have any "desire to effectuate this process." Moreover, the *Urethane* case that Plaintiffs cite in support of their comity argument concerns a "largely unopposed" motion for letters of

1   request, not a motion to modify a scheduling order, and does not discuss comity.  *See In re*

2   *Urethane Antitrust Litig.*, 267 F.R.D. 361 (D. Kan. 2010).  Plaintiffs' quotation from the

3   *Aerospatiale* case is also inapposite, as Plaintiffs identify no "special problem confronted

4   by [any] foreign litigant" nor any "sovereign interest expressed by a foreign state."  Mot. at

5   3 (quoting *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S.

6   522, 547 (1987)).

## IV.

## CONCLUSION

9          Plaintiffs' request to transfer the Hague Process to state court is vague, untimely,

10  moot, and wholly unsupported by any authority.  To the extent the Court considers

11  Plaintiffs' motion, in the alternative, to extend the deadline to depose Mr. Mink, that

12  motion should be denied because Plaintiffs have failed to show that they diligently pursued

13  Mr. Mink's deposition over the past four months.

14

15  Dated:  February 2, 2015             Respectfully submitted,

16                                       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17

18                                       By    _____
                                                    */s/ Tyler M. Cunningham*
19                                               TYLER M. CUNNINGHAM

20                                            Attorneys for Defendants
                                           SAMSUNG SDI AMERICA, INC.,
21                                           SAMSUNG SDI CO., LTD.,
                                        SAMSUNG SDI (MALAYSIA) SDN. BHD.,
22                                       SAMSUNG SDI MEXICO S.A. DE C.V.,
                                            SAMSUNG SDI BRASIL LTDA.,
23                                      SHENZEN SAMSUNG SDI CO., LTD. and
                                         TIANJIN SAMSUNG SDI CO., LTD.
24

25

26

27

28