Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
       rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
Matthew J. McBurney (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
       aheaven@crowell.com
       mmcburney@crowell.com

*Counsel For ViewSonic Corporation*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917<br><br>The Honorable Samuel Conti |
| This Document Relates to:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd. et al.,* No. 14-cv-02510 | Individual Case No. 3:14-cv-02510<br><br>**DECLARATION OF ASTOR H. L. HEAVEN IN SUPPORT OF VIEWSONIC CORPORATION'S OPPOSITION TO CHUNGHWA PICTURE TUBES, LTD.'S AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S MOTION TO EXCLUDE EVIDENCE** |

I, Astor H.L. Heaven, hereby declare as follows:

1. I am an attorney with the law firm of Crowell & Moring LLP, which represents ViewSonic Corporation ("ViewSonic") in the above-captioned action currently pending in the United States District Court for the Northern District of California. I am a member in good standing of the District of Columbia and Maryland bars, and am admitted to appear in this Court *pro hac vice* in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944-SC, MDL No. 1917. The matters stated herein are true to my own personal knowledge, and, if called as a witness, I could and would competently testify thereto.

2. I submit this declaration to set forth facts in support of ViewSonic's Opposition to the Motion to Exclude Evidence (MDL Dkt No. 3473) (the "Motion to Exclude") filed by Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa").

3. On October 13, 2014, ViewSonic responded to Chunghwa's discovery requests, which requested the documents that ViewSonic intended to use to support its ownership/control allegations. ViewSonic conducted a diligent search for responsive documents in all publicly available files, both domestic and international, and in doing so, was able to identify relevant Chunghwa, Tatung Company ("Tatung"), and Jean Co. Ltd. annual reports. ViewSonic cited those documents in its response.

4. Discovery closed on November 7, 2014, and Chunghwa filed a Motion for Summary Judgment shortly thereafter, on November 14, 2014, challenging ViewSonic's ownership/control allegations.

5. On December 23, 2014, ViewSonic filed its Opposition to Chunghwa's Motion for Summary Judgment ("Opposition"). Shortly before filing its Opposition, ViewSonic was able to find additional information regarding the Chunghwa/Tatung ownership/control relationship. ViewSonic included the additional information in Exhibits 2, 5, 7, and 10 to its Opposition. It also included as exhibits the annual reports identified in its discovery responses.

6. Three of the documents came from Chunghwa's and Tatung's websites, and one document was a declaration from a former Tatung employee regarding the family relationships

among W.S. Lin (Chunghwa's and Tatung's Chairman) and his family members. ViewSonic did not have possession, custody or control of the website documents and only discovered the documents after conducting additional research just prior to serving its Opposition. ViewSonic also only identified the declarant shortly before it filed its Opposition.

7.  Attached hereto as Attachment A is a true and correct copy of Exhibit 2 to the Opposition. The exhibit is the 2014 Annual Meeting of Shareholders Handbook and is publicly available on Tatung's website. It describes a transaction in which Tatung arranged for Chunghwa to purchase shares of an unrelated third party. It also describes Tatung's Chairman's responsibilities. Notably, Tatung and Chunghwa have the same Chairman.

8.  Attached hereto as Attachment B is a true and correct copy of Exhibit 5 to the Opposition. The exhibit is a description of Chunghwa's corporate governance structure. It describes the operation of both the Board of Directors and the Audit Committee, and identifies all of Chunghwa's board members and their qualifications. The document is available on Chunghwa's website in the Investor Relations portal.

9.  Attached hereto as Attachment C is a true and correct copy of Exhibit 7. The exhibit is a declaration summarizing the family relationships of Chunghwa's Chairman, Lin Wei-shan ("W.S. Lin"). The information in the declaration is publicly available and widely known to Chunghwa and Tatung employees. The majority of these family relationships are also included in the annual reports that ViewSonic identified in response to Chunghwa's discovery requests and that were included as exhibits to the Opposition.

10. Attached hereto as Attachment D is a true and correct copy of Exhibit 10. The exhibit is a description of Tatung's corporate milestones that include a history of Tatung, including a note on Chunghwa's founder, Lin Ting-sheng ("T.S. Lin"), who is W.S. Lin's father. At least one Chunghwa deponent testified to T.S. Lin's extensive history with Chunghwa. The document is publicly available and is posted on Tatung's website

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 6th day of February, 2015, in Orlando, Florida.

　　　　　　　　　　　　　　　　　　　　　*/s/ Astor H.L. Heaven*
　　　　　　　　　　　　　　　　　　　　　　Astor H.L. Heaven