Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent, Esq. (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Fax: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: Individual Cases:<br><br>*Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171;<br><br>*Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Hitachi, Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Koninklijke Philips Electronics N.V., et al.*, No. 13-cv-2776; | **REPLY IN SUPPORT OF MOTION TO PARTIALLY EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DESIGNATED EXPERT DANIEL L. RUBINFELD**<br><br>Date:   February 27, 2015<br>Time:   10:00 a.m.<br>Courtroom:   1<br>Judge:  Honorable Samuel Conti<br><br>**[FILED UNDER SEAL]** |

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-01656;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.,* No. 3:13-cv-05724;

*CompuCom Sys., Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06396;

*Interbond Corp. of Am. v. Hitachi, Ltd. et al.,* No. 3:11-cv-06276-SC

*Interbond Corp. of America v. Technicolor SA, et al.*, No. 3:13-cv-05727;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;

*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;

*Siegel v. Technicolor SA,* No. 13-cv-05261;

*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA,* No. 13-cv-05686;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 14-cv-02510;

*Office Depot, Inc. v. Hitachi, Ltd. et al,* No. 3:11-cv-06276-SC

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 3:13-cv-05726;

*P.C. Richard & Son Long Island Corp., et al., v. Hitachi, Ltd., et al.¸* No. 3:12-cv-02648;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05725;

*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649;

*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Technicolor SA., et al.*, No. 3:13-cv-05668;

---

REPLY ISO MOTION TO EXCLUDE CERTAIN OPINIONS OF DANIEL L. RUBINFELD

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 │ IND. CASE NO. 3:13-cv

*Tech Data Corporation; Tech Data Product Management, Inc.; v. AU Optronics Corp., et al.,* No. 13-cv-00157

**TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ...................................................................................................................1

II.    ARGUMENT .........................................................................................................................2

    A.    Professor Rubinfeld's Textual Analysis of SDI's Guilty Plea Should Be Excluded ...................................................................................................................2

    B.    Professor Rubinfeld's Opinions Regarding the "Potential Impact of SDI's Conduct on Prices and Output Sold to U.S. Customers" Should Be Excluded ...................................................................................................................7

III.    CONCLUSION ......................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Andrews v. Metro N. Commuter R.R. Co.*,
   882 F.2d 705 (2d Cir. 1989) ................................................................................................2

*Aventis Envtl. Sci. USA LP v. Scotts Co.*,
   383 F. Supp. 2d 488 (S.D.N.Y. 2005) ................................................................................7, 8

*Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*,
   509 U.S. 209 (1993) ...............................................................................................................4

*Carapellucci v. Town of Winchester*,
   707 F. Supp. 611 (D. Mass. 1989) .........................................................................................8

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) ...............................................................................................................4

*In re Scrap Metal Antitrust Litig.*,
   527 F.3d 517 (6th Cir. 2008) .................................................................................................3

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
   No. 07-md-01819 CW, 2010 WL 5071694 (N.D. Cal. Dec. 7, 2010) ....................................3

*J. Truett Payne Co., Inc. v. Chrysler Motors Corp.*,
   451 U.S. 557 (1981) ...............................................................................................................5

*Justice* v. *Carter*,
   972 F.2d 951 (8th Cir. 1992) .............................................................................................7, 8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ...............................................................................................................5

*MySpace, Inc. v. Graphon Corp.*,
   756 F. Supp. 2d 1218 (N.D. Cal. 2010), *aff'd*, 672 F.3d 1250 (Fed. Cir. 2012) ....................6

*Primiano v. Cook*,
   598 F.3d 558 (9th Cir. 2010) .................................................................................................2

*United States v. Binder,*
   769 F.2d 595 (9th Cir. 1985) .................................................................................................2

**RULES**

Fed. R. Evid. 702 ......................................................................................................................2, 6, 8

**STATUTES**

Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a ............................................................. 6

I.  INTRODUCTION

SDI has pled guilty to conspiring to fix CRT prices. To avoid the consequences of its admission, it has now retained economist, Professor Daniel L. Rubinfeld, to say that the Plea Agreement does not mean what it says. Plaintiffs seek to partially exclude the purported expert opinions of Professor Rubinfeld on two limited grounds. *First*, Professor Rubinfeld should not be permitted to offer interpretative opinions of a legal document – SDI's Guilty Plea. The terms of SDI's Guilty Plea are generally plain, unambiguous, and undisputed. Such plain and unambiguous terms do not require an economist's opinion to understand them.

Professor Rubinfeld also seeks to offer opinions on matters that are not specifically addressed by SDI's Plea. For example, although not a single customer is identified in SDI's Guilty Plea, Professor Rubinfeld intends to opine that the Plea applies only to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉[1] As set forth below, such speculative opinions cannot be squared with the plain language of SDI's Guilty Plea or SDI's transactional data, and moreover, are premised on a fundamental misunderstanding of United States antitrust law.[2] ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

*Second*, Professor Rubinfeld should not be permitted to speculate about the "potential impact" of SDI – [a single conspirator's conduct] – ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ Specifically, Professor Rubinfeld intends to opine that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[1] Expert Report of Daniel L. Rubinfeld dated August 5, 2014 at ¶10 (attached as Exhibit A to the Declaration of Debra Bernstein filed with Motion, hereinafter "Report").

[2] As explained below, these opinions are based on an overly-narrow reading of the Foreign Trade Antitrust Improvement Act, whereby Dr. Rubinfeld assumes that SDI's Plea only includes customers to whom CRTs were "actually delivered" in the United States. Dr. Rubinfeld cannot possibly be correct. The Plea states that SDI's ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, yet SDI only "actually delivered" $13.9 million in CDTs to customers in the United States. Accordingly, the Plea necessarily took into account customers that were billed in the United States, even if SDI did not ship CDTs to those customers.

1

REPLY ISO MOTION TO EXCLUDE CERTAIN            MASTER FILE NO. 3:07-CV-05944-SC
OPINIONS OF DANIEL L. RUBINFELD                MDL NO. 1917 | IND. CASE NO. 3:13-cv

[REDACTED] In reaching his conclusion, Professor Rubinfeld did not study relevant industry conditions, the market structure, the cartel behavior as a whole, comparable cartels, or perform any sort of in-depth economic analysis whatsoever.[4] Professor Rubinfeld's vague conjectures about the potential "impact of **SDI's conduct** on prices to U.S. customers" would not help the jury understand anything about the likely effectiveness of the *overall* conspiracy alleged by Plaintiffs. *See* Fed. R. Evid. 702.

## II.   ARGUMENT

### A.   Professor Rubinfeld's Textual Analysis of SDI's Guilty Plea Should Be Excluded

Defendants argue that Professor Rubinfeld should be allowed to give opinions related to the terms of SDI's Guilty Plea. For example, if permitted, Professor Rubinfeld will opine that SDI's Plea is "limited in its scope as compared to the massive scope of Plaintiffs' claims. . . ." Response at 7. Such testimony would not assist the jury and should not be permitted at trial. The terms of SDI's Guilty Plea are plain, unambiguous and undisputed. Expert testimony is not admissible where, as here, it is directed "to lay matters which a jury is capable of understanding and deciding without the expert's help." *Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989); *see United States v. Binder,* 769 F.2d 595, 602 (9th Cir. 1985); *Primiano v. Cook,* 598 F.3d 558, 563 (9th Cir. 2010) (quoting Fed. R. Evid. 702).

Defendants contend that Professor Rubinfeld should be permitted to opine on "the Plea's Monitor Tube Limitation," and specifically, the fact that SDI's Plea only pertains to the CDTs and not CPTs. Response at 5. However, the fact that SDI's plea only involves CDTs is clear from the face of the Plea itself.[5] As Defendants acknowledge, Plaintiffs' experts "all agree that the plea relates to CDTs alone," and no Plaintiff has contended otherwise. Response at 6. Accordingly, superfluous testimony from Professor Rubinfeld would not assist the jury in any way. In Dell's case, moreover, it would be

---

[3] Report at ¶11.

[4] Even SDI's designated damages expert, Dr. Dennis Carlton, acknowledges that determining the effect of alleged price-fixing " [REDACTED] (attached as Exhibit C to the Declaration of Debra Bernstein filed with Motion, hereinafter "Carlton Report").

[5] SDI Guilty Plea, Case No. CR 11-0162, Dkt. No. 29 at ¶4(d), filed May, 17, 2011 (attached as Exhibit B to the Declaration of Debra Bernstein filed with Motion, hereinafter "SDI Guilty Plea").

2

REPLY ISO MOTION TO EXCLUDE CERTAIN             MASTER FILE NO. 3:07-CV-05944-SC
OPINIONS OF DANIEL L. RUBINFELD                 MDL NO. 1917 | IND. CASE NO. 3:13-cv

1  particularly confusing – and wholly irrelevant – since Dell is seeking damages only in connection with
2  CDTs.
3      Defendants also contend that Professor Rubinfeld should be permitted to opine on "[t]he Plea's
4  Limited Period." Response at 7. Per its plain and unambiguous terms, SDI's Plea covers the "period
5  from at least as early as January 1997, until at least as late as March 2006."[6] Contrary to Defendants'
6  misapprehension of Plaintiffs' Motion (and mischaracterization of Dr. Rubinfeld's opinion), Plaintiffs
7  do **not** "take issue with Professor Rubinfeld's understanding of the plea's conspiracy period as
8  *encompassing* January 1997 through March 2006." Response at 7 (emphasis added). Rather, Plaintiffs
9  take issue with Professor Rubinfeld's suggestion that the conspiracy was strictly **limited** to the time
10 period from January 1997 through March 2006. The Guilty Plea explicitly acknowledges that the
11 conspiracy could have started some time before January 1997 and ended some time after March 2006.
12 *See* Guilty Plea at ¶4(a) (stating that the conspiracy lasted "from **at least as early as** January 1997,
13 until **at least as late as** March 2006"). *Compare* [REDACTED]
14 [REDACTED]
15 [REDACTED]
16 [REDACTED]
17 [REDACTED] *See In re Static Random Access Memory (SRAM) Antitrust Litig.*,
18 No. 07-md-01819 CW, 2010 WL 5071694, at *4 (N.D. Cal. Dec. 7, 2010) (citing *In re Scrap Metal*
19 *Antitrust Litig.*, 527 F.3d 517, 531 (6th Cir. 2008)) (noting that the district court must determine
20 whether expert opinion "rests upon a reliable foundation, as opposed to, say, unsupported
21 speculation.").
22     Having Professor Rubinfeld opine on dates, which are **plainly stated in SDI's Guilty Plea**,
23 would not help the jury "understand the evidence or to determine a fact in issue" in any way. The jury
24 can read SDI's Guilty Plea for itself, and Professor Rubinfeld has admitted that the Plea does not
25 purport to set hard beginning and end dates for the conspiracy. Notably, Plaintiffs have never taken

---

[6] SDI Guilty Plea at ¶4(d).

3

REPLY ISO MOTION TO EXCLUDE CERTAIN                MASTER FILE NO. 3:07-CV-05944-SC
OPINIONS OF DANIEL L. RUBINFELD                    MDL NO. 1917 | IND. CASE NO. 3:13-cv

the position that SDI's Guilty Plea offers conclusive proof of a longer conspiracy period.[7] The relevance and evidentiary value of SDI's Guilty Plea is a legal issue, and will be addressed through jury instructions, not dueling economists. Although Defendants argue that Professor Rubinfeld's opinions can be addressed through cross-examination, the Supreme Court has made clear that expert testimony that would not help the jury "understand the evidence or to determine a fact in issue" should not be admitted in the first instance. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993).[8]

Professor Rubinfeld also intends to provide opinions that go beyond the explicit terms of SDI's Guilty Plea. For example, although the Plea is silent with respect to the identity of U.S. customers, Professor Rubinfeld intends to offer opinions on "what customers and sales were implicated by the plea." Response at 9. Professor Rubinfeld surmises that, based on his review of SDI's transactional data, the Plea must only apply to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This opinion contradicts the plain terms of SDI's Guilty Plea and is premised on a blatant misapplication of the United States antitrust law.

Although the Plea does not identify any customers, SDI admitted that its ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ SDI Guilty Plea at ¶4(d). Conversely, SDI's sales to the four customers Professor Rubinfeld identified were not even close to **$89 million**, and totaled a mere **$13.9 million**. *See* Report at ¶28, fn. 21, and Ex. 5A to the Report. Thus, there is no question that the Department of Justice ("DOJ") included SDI's CDT sales to other customers as part of the Guilty Plea. *See Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) (rejecting expert opinion "when indisputable

---

[7] Plaintiffs certainly have not hired an economist to opine on whether the Plea can be used to prove a longer or shorter conspiracy period.

[8] The jury does not need Dr. Rubinfeld to tell them that Plaintiffs have alleged a longer conspiracy period than the period covered by SDI's Guilty Plea. That difference is readily apparent from the face of the Guilty Plea without the help of an expert witness. In any event, no Plaintiffs contend that the Guilty Plea, without more, proves a longer conspiracy period. The jury will be given jury instructions on the evidentiary impact of SDI's guilty.

[9] Report at ¶10.

[10] SDI Guilty Plea at ¶4(d).

4

REPLY ISO MOTION TO EXCLUDE CERTAIN                    MASTER FILE NO. 3:07-CV-05944-SC
OPINIONS OF DANIEL L. RUBINFELD                         MDL NO. 1917 | IND. CASE NO. 3:13-cv

1  record facts contradict or otherwise render the opinion unreasonable") (citing *J. Truett Payne Co., Inc.
2  v. Chrysler Motors Corp.*, 451 U.S. 557, 564-65 (1981)); *Matsushita Elec. Indus. Co. v. Zenith Radio
3  Corp.*, 475 U.S. 574, 594 n.19 (1986) (affirming district court's finding that expert report was
4  inadmissible because it contained assumptions that were "both implausible and inconsistent with the
5  record evidence").

6  Defendants make much of the fact that Professor Rubinfeld previously served as an economist
7  for the DOJ. Defendants claim that "in his role as a Deputy Assistant Attorney General with the
8  Antitrust Division, [Professor Rubinfeld] 'was involved in discussions of prosecutions of criminal
9  cases. . . .'" Response at 10. However, as Professor Rubinfeld himself concedes, being ▮▮▮
10  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ does not make Professor Rubinfeld qualified to opine on
11  the meaning of SDI's Guilty Plea. Rubinfeld Dep. at 134:18-20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. He
13  was an economist, not a lawyer. And he had absolutely no involvement in negotiating SDI's Guilty
14  Plea. He admitted that he does not really know what customers were included in SDI's Guilty Plea,
15  and thus has no basis to speculate on who those customers were at trial: ▮▮▮▮▮▮▮▮▮▮▮▮
16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17  ▮▮▮▮▮ *See* Rubinfeld Dep. at 132:16-20 (emphasis added).

18  Professor Rubinfeld's opinion is not only inconsistent with the record evidence, but is premised
19  on a plainly erroneous application of the Foreign Trade Antitrust Improvement Act ("FTAIA").
20  Professor Rubinfeld's opinion that SDI's Plea only involved ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23  Response at 9; *see also* Report at ¶28 and Ex. 5A to Report. Defendants acknowledge that ▮▮▮
24  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25  ▮▮▮▮▮▮ FTAIA, but claim that Professor Rubinfeld should nevertheless be allowed to give
26  opinions premised on his narrow-reading of the FTAIA. *See* Response at 10.

---

[11] Report at ¶10.

5

REPLY ISO MOTION TO EXCLUDE CERTAIN　　　　　　　　　　　MASTER FILE NO. 3:07-CV-05944-SC
OPINIONS OF DANIEL L. RUBINFELD　　　　　　　　　　　　　MDL NO. 1917 | IND. CASE NO. 3:13-cv

Defendants do not cite a single case to support the novel proposition that the FTAIA limits the application of United States antitrust laws to transactions where products were "actually delivered" to the United States.  To the extent CDTs were "actually delivered" to the United States, those sales would constitute import commerce, and would not even be subject to the FTAIA.  The FTAIA's domestic effects exception makes clear that United States antitrust laws also apply to foreign conduct that *does not* involve "import commerce" as long as it: (1) has a "direct, substantial, and reasonably foreseeable effect" on American domestic or import commerce, and (2) that effect gives rise to the plaintiff's Sherman Act claim.  Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

Professor Rubinfeld's narrow interpretation of the FTAIA cannot be squared with the language of the FTAIA or the terms of SDI's Guilty Plea.  There is no question that the DOJ applied a different standard to determine which of SDI's sales to U.S. customers were "directly affected by the conspiracy" and actionable under United States antitrust laws.  Although SDI only ███████████████████████████████████████████████████████████████████████████████████████████ SDI Guilty Plea at ¶4(d).  Thus, the DOJ must have included other sales, such as sales that were "billed to" customers in the United States, but that were shipped to a foreign country.

Defendants contend that even if Professor Rubinfeld applied the wrong legal standard, his opinions should be allowed because Plaintiffs have access to the billing and shipment data on which Professor Rubinfeld's opinions are based.  *See* Response at 10 ("Should the Court or the jury – as appropriate—ultimately side with Plaintiffs, Professor Rubinfeld has provided the necessary analysis of SDI's 'billed or shipped to U.S.' sales, which also identify the relevant additional customers.").[12]  However, "[t]he proponent of expert testimony has the burden of proving admissibility pursuant to Rule 702 by a preponderance of the evidence." *MySpace, Inc. v. Graphon Corp.*, 756 F. Supp. 2d 1218, 1234 (N.D. Cal. 2010), *aff'd*, 672 F.3d 1250 (Fed. Cir. 2012).  Expert testimony that is premised

---

[12] This, too, is an overly narrow reading of the FTAIA because it assumes that the DOJ would have only considered sales that were billed or shipped directly to customers in the United States.  The FTAIA is not so inflexible.  The DOJ may have also considered instances where SDI sold to its foreign affiliates over which it exercised ownership and control, and those foreign affiliates sold to customers in the United States.

on the wrong legal standard would not assist the jury, regardless of whether underlying data may be available. *See Aventis Envtl. Sci. USA LP v. Scotts Co.*, 383 F. Supp. 2d 488, 516 (S.D.N.Y. 2005) ("At trial, Dr. Ordover must testify in a manner that does not run . . . the risk of confusing the jury as to the appropriate legal tests."); *Justice* v. *Carter*, 972 F.2d 951, 956 (8th Cir. 1992) ("The district court did not abuse its discretion in not admitting expert testimony which was based upon an inapplicable interpretation of the law."). Professor Rubinfeld's opinions are premised on a plain misunderstanding of the relevant legal standard and should not be admitted.

      **B.**    **Professor Rubinfeld's Opinions Regarding the "Potential Impact of SDI's Conduct on Prices and Output Sold to U.S. Customers" Should Be Excluded**

The Court should also preclude Professor Rubinfeld from giving speculative opinions about the "potential impact" of SDI—[a single conspirator's conduct]— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Contrary to Defendants' argument, Plaintiffs do not contend that an economist must always prepare an econometric model to opine on the likely impact of an alleged cartel. However, as SDI's damages expert, Dr. Dennis Carlton, acknowledges, opining on the effects of a price-fixing conspiracy cannot be answered by simply reviewing documents; it requires "deeper economic analysis." *See* Carlton Report at ¶58. Professor Rubinfeld did not engage in any sort of deeper economic analysis. Unlike Dr. Elzinga, he did not study the structure or conditions of the CRT industry. He did not review economic literature related to cartels. Although he did review some documents, he was not looking at the behavior of the cartel as a whole, but rather, focused solely on the "potential impact" of SDI's conduct.

The jury will not be asked to decide what effect SDI's conduct had on prices to U.S. customers. Instead, the jury will be asked to consider what effect the ***overall conspiracy*** "among major CDT producers" had on particular Plaintiffs' prices. In an effort to save Professor Rubinfeld's opinions, Defendants argue that because "SDI was one of the largest CRT manufacturers during the alleged conspiracy period," the "factors that lessened the impact of SDI's conduct on prices and output . . . would also tend to lessen the 'effectiveness of the alleged cartel.'" Response at 12. However,

Professor Rubinfeld admitted that these were two different inquiries. He did not study the effectiveness of the alleged cartel as a whole[13]:

[redacted] Professor Rubinfeld's speculation [redacted] Moreover, allowing Professor Rubinfeld to suggest that SDI's conduct had a limited or temporary effect, while ignoring the impact of the SDI's co-conspirators' conduct, would obfuscate the appropriate legal standard and confuse and mislead the jury. *See Aventis Envtl. Sci.* 383 F. Supp. 2d at 515 ("At trial, Dr. Ordover must testify in a manner that does not run . . . the risk of confusing the jury as to the appropriate legal tests."); *Justice,* 972 F.2d at 956 ("The district court did not abuse its discretion in not admitting expert testimony which was based upon an inapplicable interpretation of the law."); *Carapellucci v. Town of Winchester*, 707 F. Supp. 611, 619-620 (D. Mass. 1989) (refusing to consider an expert's opinion, which was based on a "faulty legal premise"). Accordingly, his opinions would not assist the jury and should be excluded. Fed. R. Evid. 702.

### III. CONCLUSION

For the reasons set forth above, Professor Rubinfeld should not be permitted to give expert testimony at trial regarding the scope of SDI's Guilty Plea or "[t]he impact of SDI's conduct on prices to U.S. customers."

---

[13] Dr. Elzinga considered the structure and conditions of the CRT industry as a whole as well as documentary and economic evidence of various alleged conspirators. Dr. Elzinga opines on the anticipated impact of the overall conspiracy based on his economic analysis – not the anticipated impact of one conspirator's conduct.

Respectfully submitted,

By: */s/ Debra D. Bernstein*
Michael P. Kenny, Esq. (*pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (*pro hac vice*)
debra.bernstein@alston.com
Rodney J. Ganske, Esq. (*pro hac vice*)
rod.ganske@alston.com
Matthew D. Kent, Esq. (*pro hac vice*)
matthew.kent@alston.com
Elizabeth Helmer, Esq. (*pro hac vice*)
elizabeth.helmer@alston.com

**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*


*/s/ Kenneth A. Gallo*
Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

          */s/ Jason C. Murray*
          Jason C. Murray (CA Bar No. 169806)
          Robert B. McNary (CA Bar No. 253745)
          **CROWELL & MORING LLP**
          515 South Flower St., 40th Floor
          Los Angeles, CA  90071
          Telephone:  213-443-5582
          Facsimile:  213-622-2690
          jmurray@crowell.com
          rmcnary@crowell.com

          Jerome A. Murphy (*pro hac vice*)
          Matthew J. McBurney (*pro hac vice*)
          Astor H.L. Heaven *(pro hac vice)*
          **CROWELL & MORING LLP**
          1001 Pennsylvania Avenue, N.W.
          Washington, D.C. 20004
          Telephone:  202-624-2500
          Facsimile:  202-628-5116
          jmurphy@crowell.com
          mmcburney@crowell.com
          aheaven@crowell.com

*Counsel for Plaintiffs Target Corporation and ViewSonic Corporation*

          */s/ Samuel J. Randall*
          Richard Alan Arnold
          William J. Blechman
          Kevin J. Murray
          Samuel J. Randall
          **KENNY NACHWALTER, P.A.**
          201 S. Biscayne Blvd., Suite 1100
          Miami, FL 33131
          Tel: 305-373-1000
          Fax: 305-372-1861
          Email: rarnold@knpa.com
          Email: wblechman@knpa.com
          Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp*

|  |  |
|---|---|
| 1 | |
| 2 | By: /s/ Kenneth S. Marks |
| 3 | Kenneth S. Marks<br>Jonathan J. Ross |
| 4 | Johnny W. Carter<br>David M. Peterson |
| 5 | John P. Lahad<br>SUSMAN GODFREY L.L.P. |
| 6 | 1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002 |
| 7 | Telephone: (713) 651-9366<br>Facsimile: (713) 654-6666 |
| 8 | Email: kmarks@susmangodfrey.com |

By: /s/ Kenneth S. Marks

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
       jross@susmangodfrey.com
       jcarter@susmangodfrey.com
       dpeterson@susmangodfrey.com
       jlahad@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
       rblack@susmangodfrey.com
       jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/ Philip J. Iovieno
Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
       anardacci@bsfllp.com

11

REPLY ISO MOTION TO EXCLUDE CERTAIN              MASTER FILE NO. 3:07-CV-05944-SC
OPINIONS OF DANIEL L. RUBINFELD                  MDL NO. 1917 | IND. CASE NO. 3:13-cv

William A. Isaacson
Kyle Smith
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email: wisaacson@bsfllp.com
Email: ksmith@bsfllp.com

Stuart Singer
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

/s/  Scott N. Wagner
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
**BILZIN SUMBERG MAENA PRICE & AXELROD   LLP**
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel:  305-374-7580
Fax:  305-374-7593
Email:   rturken@bilzin.com
              swagner@bilzin.com
              mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

12