Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent, Esq. (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| This Document Relates to: Individual Cases: No. 13-cv-2171 (SC); 11-cv-5502 (SC)<br><br>*Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171.<br><br>*Best Buy Co. v. Hitachi, Ltd.*, No. 11-cv-05513;<br><br>*Best Buy Co. v. Technicolor SA*, No. 13-cv-05264;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514-SC; | **PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO PARTIALLY EXCLUDE THE EXPERT REPORT AND OPINIONS OF JANUSZ A. ORDOVER, PH.D.**<br><br>Date: February 27, 2015<br>Time: 10:00am<br>Courtroom: 1<br>Judge: Honorable Samuel Conti<br><br>**[REDACTED]** |

1 | *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;

2 | *Siegel v. Technicolor SA,* No. 13-cv-05261

3 | *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

4 |

5 | *Target Corp. v. Technicolor SA,* No. 13-cv-05686;

6 | *ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.*, No. 14-cv-2510

7 |

8 | *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656-SC

9 | *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05724-SC

10 |

11 | *CompuCom Sys., Inc. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06396-SC

12 | *Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276-SC

13 |

14 | *Interbond Corp. of America v. Technicolor SA, et al.*, No. 3:13-cv-05727-SC

15 | *Office Depot, Inc. v. Hitachi, Ltd. et al,* No. 3:11-cv-06276-SC

16 |

17 | *Office Depot, Inc. v. Technicolor SA, et al.*, No. 3:13-cv-05726-SC

18 | *P.C. Richard & Son Long Island Corp., et al., v. Hitachi, Ltd., et al.¸* No. 3:12-cv-02648-SC

19 |

20 | *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05725-SC

21 |

22 | *Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649-SC

23 |

24 | *Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Technicolor SA., et al.*, No. 3:13-cv-05668-SC

25 |

26 | *Tech Data Corporation; Tech Data Product Management, Inc.; v. AU Optronics Corp., et al.*, No. 13-cv-00157

27 |

28 |

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.     MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT AND CITATION TO AUTHORITIES..........................................................2

    A. The Court Should Grant Plaintiffs' Motion Because Defendants Concede [Filed Under Seal] ...........................................................................2

    B. Dr. Ordover [Filed Under Seal] .............................................................................4

    C. Defendants Mischaracterize Plaintiffs' Objections to Dr. Ordover's [Filed Under Seal] ...5

CONCLUSION .......................................................................................................................7

i

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.          MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

# TABLE OF AUTHORITIES

**CASES**

*1st Source Bank v. First Res. Fed. Credit Union*,
   167 F.R.D. 61 (N.D. Ind. 1996) .................................................................................................. 3

*Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*,
   738 F.3d 960 (9th Cir. 2013) ..................................................................................................... 6

*Boucher v. U.S. Suzuki Motor Corp.*,
   73 F.3d 18 (2d Cir. 1996) .......................................................................................................... 6

*Estate of Cape v. United States*,
   No. 11-cv-0357, 2013 WL 4522933 (E.D. Wis. Aug. 27, 2013) ................................................ 4

*General Electric Co. v. Joiner*,
   522 U.S. 136 (1997) ................................................................................................................... 5

*Ky. Speedway, LLC v. Nat'l Assoc. of Stock Car Auto Racing, Inc.*,
   588 F.3d 908 (6th Cir. 2009) ..................................................................................................... 3

*Mercedes-Benz USA, Inc. v. Coast Auto. Grp., Ltd.*,
   362 Fed. App'x 332 (3d Cir. 2010) ........................................................................................... 3

*Thales Avionics v. Matsushita Avionics Sys. Corp.*, SACV 04-454-JVS (MLGx) (C.D. Cal.
   Mar. 30, 2006) ........................................................................................................................... 3

*Tunis Bros. Co. v. Ford Motor Co.*,
   124 F.R.D. 95 (E.D. Pa. 1989) .................................................................................................. 4

**RULES**

Fed. R. Evid. 702 .................................................................................................................... 1, 4

ii

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.                    MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

## INTRODUCTION

Defendants' Opposition makes three unpersuasive arguments to rebut Plaintiffs' Motion to Partially Exclude Dr. Ordover's testimony.

***First,*** Defendants insincerely contend that their experts are under no obligation to come [Filed Under Seal] his opinion testimony must meet the requirements of Fed. R. Evid. 702 and *Daubert*. And Defendants may not elide those evidentiary standards by referring to Dr. Ordover's testimony [Filed Under Seal] Indeed, Defendants cite no authority for this legally meaningless distinction. This is not surprising because the law is clear that an expert's opinion must be excluded [Filed Under Seal]

***Second,*** Dr. Ordover's Report and opinions that purport to [Filed Under Seal]

---

[1] As noted in the Motion, additional Plaintiffs joined the Motion to the extent Dr. Ordover applied the same analysis in his reports concerning those cases. *See* Motion at 2 n.1. Those Plaintiffs also join this Reply Brief. *See* August 5, 2014 Expert Report of Janusz Ordover in *Siegel v. Hitachi, Ltd.,* Case No. 3:11-cv-05502-SC, at 5-6; August 5, 2014 Expert Report of Janusz A. Ordover, Ph.D. in *CompuCom Sys., Inc. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06396-SC at ¶¶ 48-51; ¶¶ 58-61; August 5, 2014 Expert Report of Janusz A. Ordover, Ph.D. in *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656-SC and *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05724-SC at ¶¶ 48-51; ¶¶ 58-61; August 5, 2014 Expert Report of Janusz A. Ordover, Ph.D. in *Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276-SC and *Interbond Corp. of America v. Technicolor SA, et al.*, No. 3:13-cv-05727-SC at ¶¶ 48-51; ¶¶ 58-61; August 5, 2014 Expert Report of Janusz A. Ordover, Ph.D. in *Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276-SC and *Office Depot, Inc. v. Technicolor SA, et al.*, No. 3:13-cv-05726-SC at ¶¶ 48-51; ¶¶ 58-61; August 5, 2014 Expert Report of Janusz A. Ordover, Ph.D. in P.*C. Richard & Son Long Island Corp., et al., v. Hitachi, Ltd., et al.*, No. 3:12-cv-02648-SC and *P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05725-SC at ¶¶ 48-51; ¶¶ 58-61; August 5, 2014 Expert Report of Janusz A. Ordover, Ph.D. in *Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649-SC and *Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Technicolor SA., et al.*, No. 3:13-cv-05668-SC at ¶¶ 48-51; ¶¶ 53-56; August 5, 2014 Expert Report of Janusz A. Ordover, Ph.D. in *Tech Data Corporation; Tech Data Product Management, Inc.; v. AU Optronics Corp., et al.*, No. 13-cv-00157 at ¶¶ 48-51; ¶¶ 53-56. Finally, Plaintiffs Target Corp. and Viewsonic Corp. also joined the Motion (and join this Reply) to the extent Dr. Ordover applies the same analysis in his reports concerning those cases.

1

1  *Finally,* Defendants' Opposition does nothing to save Dr. Ordover's Report and opinions on
2  the [Filed Under Seal]
3  [Filed Under Seal] Defendants' only response is to mischaracterize Dr. Ordover's Report and argue that Dr.
4  Ordover's analytical leap from industry-wide data to Dell specifically [Filed Under Seal]
5  [Filed Under Seal], and, in any event, the U.S.
6  Supreme Court has made clear that an expert may not offer an opinion supported by only his *ipse dixit*.
7  Because Dr. Ordover's Report and opinions [Filed Under Seal]
8  [Filed Under Seal], the Court
9  should exclude these portions of Dr. Ordover's Report and opinions.

## ARGUMENT AND CITATION TO AUTHORITIES

**A.  The Court Should Grant Plaintiffs' Motion Because Defendants** [Filed Under Seal][2]
[Filed Under Seal]

Defendants do not dispute that: (1) [Filed Under Seal]
[Filed Under Seal]
[Filed Under Seal] *See, e.g.*, Opp. at 3 [Filed Under Seal]
[Filed Under Seal]
[Filed Under Seal] Instead, Defendants argue that Dr. Ordover's Report
and opinions are admissible based on the false premise that he is only offering a [Filed Under Seal]
[Filed Under Seal] *Id.* at 8.
Defendants' argument fails as a matter of fact and law.

Defendants are wrong that [Filed Under Seal]
[Filed Under Seal] Opp. at 8.  Dr. Ordover expressly states in his
Report that part of his assignment is [Filed Under Seal]
[Filed Under Seal] *See* Exhibit B to

---

[2] Defendants argue that Dell has not identified the specific portions of Dr. Ordover's Report and opinions Dell seeks to exclude. *See* Opp. at 3 n.1.  Although it is clear from Plaintiffs' Notice of Motion and Motion, for purposes of further clarity Dell seeks to exclude [Filed Under Seal]
[Filed Under Seal]

1  the Declaration of Debra D. Bernstein in Support of Plaintiffs' Motion to Partially Exclude the Expert
2  Report and Opinions of Janusz Ordover, Ph.D. ("Bernstein Decl."), Dkt. Entry No. 3170-1, at ¶ 5. Dr.
3  Ordover completed his assignment and included in his Report [Filed Under Seal]
4  For instance, in contrast to Dr. Rao's [Filed Under Seal]
5  [Filed Under Seal]
6  [Filed Under Seal] *See id.* fig. 12.[3]
7  Defendants cite no authority for their phony distinction that Dr. Ordover's [Filed Under Seal]
8  [Filed Under Seal]
9  [Filed Under Seal] Opp. at 7-9. There is no such distinction in the law.[4] Rather, the law is clear that an expert's
10 opinion must be excluded when [Filed Under Seal] *See Thales*
11 *Avionics v. Matsushita Avionics Sys. Corp.*, SACV 04-454-JVS (MLGx) (C.D. Cal. Mar. 30, 2006),
12 Minute Order at 2-3 (ECF No. 481) (excluding opinion of antitrust damages expert who "literally
13 wrote the book on antitrust damages" because the expert relied on another expert's opinion which had
14 been previously excluded) (minute order); *Mercedes-Benz USA, Inc. v. Coast Auto. Grp., Ltd.*, 362
15 Fed. App'x 332, 334-35 (3d Cir. 2010) (affirming exclusion of expert testimony because it was based
16 on opinions of another expert whose opinion had been excluded); *Ky. Speedway, LLC v. Nat'l Assoc.*
17 *of Stock Car Auto Racing, Inc.*, 588 F.3d 908, 918 (6th Cir. 2009) (affirming district court's exclusion
18 of expert testimony based on opinions of another expert whose analysis had been found unreliable.)
19 Defendants do not even attempt to distinguish these cases in their Opposition.
20 Accordingly, the Court should hold Defendants to their concession that [Filed Under Seal]
21 [Filed Under Seal] and exclude Dr. Ordover's Report and opinions [Filed Under Seal]

---

[3] Filed Under Seal

[4] The cases Defendants cite stand only for the proposition that a rebuttal expert is not required to come forward with an alternative damages model but may limit his opinions to critiques and criticisms. *See, e.g., 1st Source Bank v. First Res. Fed. Credit Union*, 167 F.R.D. 61, 65-66 (N.D. Ind. 1996) (rebuttal expert not required to offer alternative calculations).

3

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.    MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1  Filed Under Seal

2

3  **B.**  Filed Under Seal

4

5

6

7  They try instead to write

8  out the relevant portions of Dr. Ordover's Report by arguing that he had no incentive to Filed Under Seal

9

10

11  Filed Under Seal Opp. at 10.  Defendants even go so far as to contend that Dr. Ordover Filed Under Seal

12

13

14

15

16  Ex. B to Bernstein Decl. ("Ordover Report") at p. 27 (emphasis added).  Filed Under Seal

17

18  *In re Rezulin*

19  *Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 550 (S.D.N.Y. 2004) (excluding portions of proffered expert

20  testimony that "endorse[s] opinions" expressed by another expert under Fed. R. Evid. 702 and 403).

21  *See Estate of Cape v. United States*, No. 11-cv-0357, 2013 WL 4522933, at *2 (E.D. Wis. Aug. 27,

22  2013) ("Although an expert may rely on another expert's report in arriving at an opinion, the expert

23  cannot vouch for the truth of what another expert told him."); *Tunis Bros. Co. v. Ford Motor Co.*, 124

24  F.R.D. 95, 98 (E.D. Pa. 1989) (holding testimony by one expert to vouch for another experts'

25  testimony is "inappropriate" as "[i]t will be up to the jury to determine the reliability").

26  Defendants also miss their mark by arguing that Dr. Ordover Filed Under Seal

27

28  . *See* Opp. at 10-11.  First, Dr.

4

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.          MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

1. Ordover [Filed Under Seal]
2. [Filed Under Seal]
3. [Filed Under Seal] Ordover Report ¶ 43 & p. 27. Second, Defendants gloss over the glaring
4. distinction here that, unlike certain Plaintiffs' experts and the cases Defendants rely upon, Dr.
5. Ordover's [Filed Under Seal]
6. [Filed Under Seal] As discussed above in
7. Section A, *supra*, the law is clear that, under these circumstances Dr. Ordover's Report and opinions
8. are inadmissible. Accordingly, Dr. Ordover's opinion that [Filed Under Seal]
9. [Filed Under Seal] should be
10. excluded.
11.    [Filed Under Seal]
12.    Plaintiffs do not challenge for purposes of their Motion that an expert may reach reliable
13. industry-wide opinions based on industry-wide data. What Plaintiffs challenge is Dr. Ordover's
14. attempt to opine on [Filed Under Seal]
15. [Filed Under Seal]
16. [Filed Under Seal]
17. [Filed Under Seal]
18. [Filed Under Seal] *See* Ordover Report ¶ 53 [Filed Under Seal]
19. [Filed Under Seal]
20. [Filed Under Seal]
21. [Filed Under Seal]
22.    Defendants' only response is that [Filed Under Seal]
23. [Filed Under Seal] Opp. at 14. But this is precisely what the Supreme

---

[5] Defendants state in their Opposition that Dr. Ordover does not [Filed Under Seal] [Filed Under Seal] [Filed Under Seal] *See* Ex. D to Bernstein Decl., Transcript of the September 4-5, 2014, Deposition of Janusz A. Ordover, Ph.D. ("Ordover Dep. Tr.") at 221:23-222:2.

5

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.          MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC

1  Court warned against in *General Electric Co. v. Joiner*, 522 U.S. 136 (1997), where it noted that
2  "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion
3  evidence that is connected to existing data only by the *ipse dixit* of the expert." *Id.* at 146.[6]
4  Defendants go on to argue that Dr. Ordover " Filed Under Seal
5  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
6  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■" Opp. at 14.
7  But the point is that Dr. Ordover lacked any factual basis to make these assumptions. By this logic, the
8  assumption that Filed Under Seal
9  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Dr.
10 Ordover's only basis for assuming the former scenario over the latter is his own conjecture – not facts
11 – and cannot support an expert opinion. Filed Under Seal
12 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
13 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ *See* Ordover Dep. Tr. at 223:10-19.

14        None of the cases Defendants cite support a different result. For instance, in *Alaska Rent-A-*
15 *Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960 (9th Cir. 2013), the expert was required to calculate
16 damages by addressing a "hypothetical world that never existed" and as part of the analysis made
17 assumptions and comparisons. *Id.* at 968. Not only did the expert explain the bases for these
18 assumptions and comparisons, the District Court also satisfied itself that the requirements of *Daubert*
19 had been met by conducting a lengthy *voir dire* of the expert to probe the "facts and data underlying"
20 his conclusions. *Id.* at 967-69. Here, Dell's procurement is not hypothetical Filed Under Seal
21 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ – and, unlike the expert in *Alaska Rent-A-Car*, Filed Under Seal
22 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
23 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Similarly, *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d
24 18 (2d Cir. 1996), supports excluding Dr. Ordover's Report and opinion, not admitting them. In that
25 case the Second Circuit held that the District Court abused its discretion by admitting testimony
26 regarding future earnings capacity that, just like here, was "not accompanied by a sufficient factual

---

28 [6] Indeed, Dr. Ordover's deposition makes clear Filed Under Seal ■■■■■■■■■■■■■■■■■■■■■■■■■■■

6

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.                    MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1  foundation." *Id.* at 22 (internal quotation marks and citations omitted).  Remarkably, Defendants go on
2  to assert that the extensive case law relied upon by Dell is inapplicable to rebuttal experts but cite no
3  authority for the proposition that a rebuttal expert may rely upon unsupported assumptions, let alone
4  assumptions directly contrary to the evidence, which is the case here.
5        Defendants' Opposition also does nothing to [Filed Under Seal]
6  [Filed Under Seal]
7  [Filed Under Seal]
8  [Filed Under Seal] Opp. at 16.  Of course such a gatekeeping function is for the Court, not an opposing
9  expert, and expert testimony is not required to establish that Dell bears the burden of proving damages.
10 Similarly, [Filed Under Seal]
11 [Filed Under Seal] because it is rank speculation and would serve
12 only to confuse and mislead the jury.

13 **CONCLUSION**

14       For the reasons set forth above, the Court should grant Dell's Motion and exclude the Report
15 and opinions of Dr. Ordover: [Filed Under Seal]
16 [Filed Under Seal]

17 Date:  February 9, 2015

19       Respectfully submitted,

20 By: */s/ Debra D. Bernstein*
   Michael P. Kenny, Esq. (GA Bar No. 415064)
21 mike.kenny@alston.com
   Debra D. Bernstein, Esq. (GA Bar No. 054998)
22 debra.bernstein@alston.com
   Rodney J. Ganske, Esq. (GA Bar No. 283819)
23 rod.ganske@alston.com
   Matthew D. Kent, Esq. (GA Bar No. 526272)
24 matthew.kent@alston.com
   Elizabeth Helmer, Esq. (GA Bar No. 415161)
25 elizabeth.helmer@alston.com
   **ALSTON & BIRD LLP**
26 1201 West Peachtree Street
   Atlanta, Georgia  30309-3424
27 Tel: (404) 881-7000
   Facsimile: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**Kerr & Wagstaffe LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

*/s/ Samuel J. Randall*
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
Samuel J. Randall
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp*

*/s/ Jason C. Murray*
Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email:  jmurray@crowell.com
            rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Matthew J. McBurney (*pro hac vice*)
Astor H.L. Heaven *(pro hac vice)*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
Email:  jmurphy@crowell.com
            mmcburney@crowell.com
            aheaven@crowell.com

*Counsel for Plaintiffs Target Corporation and ViewSonic Corporation*

8

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.               MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

*/s/ Kenneth S. Marks*
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
John P. Lahad
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
   jross@susmangodfrey.com
   jcarter@susmangodfrey.com
   dpeterson@susmangodfrey.com
   jlahad@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
   rblack@susmangodfrey.com
   jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

*/s/ Philip J. Iovieno*
Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
   anardacci@bsfllp.com

William A. Isaacson
Kyle Smith
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727

9

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.       MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

|   |   |
|---|---|
| 1 | Facsimile:  (202) 237-6131 |
|   | Email: wisaacson@bsfllp.com |
| 2 | Email: ksmith@bsfllp.com |
| 3 | Stuart Singer |
|   | BOIES, SCHILLER & FLEXNER LLP |
| 4 | 401 East Las Olas Blvd., Suite 1200 |
|   | Fort Lauderdale, FL 33301 |
| 5 | Telephone:  (954) 356-0011 |
|   | Facsimile:   (954) 356-0022 |
| 6 | Email:  ssinger@bsfllp.com |

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

<u>/s/ Scott Wagner</u>
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel:  305-374-7580
Fax: 305-374-7593
Email:  rturken@bilzin.com
           swagner@bilzin.com
           mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

<u>/s/ Roman M. Silberfeld</u>
Roman M. Silberfeld
Bernice Conn
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800
Email:  rmsilberfeld@rkmc.com
          dmartinez@rkmc.com

10

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.                    MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

jscasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:  (612) 349-8500
Facsimile:   (612) 339-4181
Email:  eskaplan@rkmc.com
kcwildfang@rkmc.com
lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

11

PLAINTIFFS' REPLY IN FURTHER SUPPORT OF
MOT. TO EXCLUDE JANUSZ A. ORDOVER, PH.D.                    MDL NO. 1917 │ IND. CASE NO. 3:13-cv-02171-SC