SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:         ghalling@sheppardmullin.com
                  jmcginnis@sheppardmullin.com
                  mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398
E-mail:         heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 11-cv-05502;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 11-cv-06396;<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;<br><br>*Dell Inc. and Dell Products L.P., v. Hitachi, Ltd., et al,* No. 13-cv-02171; | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF SDI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |

1  *Electrograph Systems, Inc. and Electrograph Technologies Corp., v. Hitachi, Ltd., et al.*, No. 11-cv-01656;
2  
3  *Interbond Corporation of America v. Hitachi, Ltd., et al.*, No. 11-cv-06275;
4  
5  *Office Depot, Inc. v. Hitachi Ltd., et al.*, No. 11-cv-06276;
6  *P.C. Richard & Son Long Island Corp., Marta Coooperative of Am., Inc., ABC Appliance,
7  Inc. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;
8  *Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC
9  v. Hitachi, Ltd., et al.*, No. 12-cv-02649;
10 *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-
11 cv-05514;
12 *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;
13 
14 *Tech Data Corp and Tech Data Product Management, Inc., v. Hitachi, Ltd., et al.*, No. 13-cv-00157;
15 
16 *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-02510.

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration pursuant to Civil Local Rule 79-5(d) to establish that documents which reflect, contain, or analyze information designated "Confidential" and "Highly Confidential" pursuant to the Stipulated Protective Order and submitted to the Court in connection with SDI's Reply in Support of Their Motion to Exclude Expert Testimony of Dr. Stephan Haggard are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306).

3. On February 9, 2015, SDI filed an Administrative Motion to Seal and lodged the following documents under seal pursuant to Civil Local Rules 7-11 and 79-5(d) and (e):

    a. SDI's Reply in Support of Their Motion to Exclude Expert Testimony of Dr. Stephan Haggard ("Reply"); and

    b. Exhibits A-C of the February 9, 2015 Declaration of James L. McGinnis in Support of SDI's Reply ("McGinnis Declaration").

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on SDI's behalf to provide the basis for the Court to maintain under seal certain documents and information designated by SDI as "Confidential" or "Highly Confidential" pursuant to the Protective Order, and all references to those documents and information in SDI's Reply.

5. Specifically, SDI requests the following documents to be maintained under seal: (1) Exhibit A to the McGinnis Declaration (Dr. Haggard's "SDI Personnel Profiles 1998-2007

1  Workbook"); (2) Exhibit B to the McGinnis Declaration (Dr. Haggard's "SDI-SEC Long Term
2  Supply Contract, 1998-2001 Workbook"); and (c) SDI's Reply.
3     6.   Exhibit A to the McGinnis Declaration is a copy of Dr. Haggard's "SDI Personnel
4  Profiles 1998-2007 Workbook," which was originally included as supporting material to the April
5  15, 2014 expert report of Dr. Haggard.  The entirety of the Haggard Report, including Exhibit A,
6  has been designated "Highly Confidential" under the Protective Order.  Exhibit A contains, cites,
7  identifies and/or compiles sensitive, private information regarding detailed employment histories
8  of SDI employees.  I am informed and believe that public disclosure of Exhibit A would likely
9  invade the legitimate privacy rights and interests of these SDI employees.  The Court previously
10 sealed Exhibit A.  (*See* Order Granting Administrative Motions For Leave to File Under Seal)
11 (MDL Dkt. No. 3498) (granting administrative motions to seal, Dkt. Nos. 3407 and 3243).
12    7.   Exhibit B to the McGinnis Declaration is a copy of Dr. Haggard's "SDI-SEC Long
13 Term Supply Contract, 1998-2001 Workbook," which was originally attached as supporting
14 material to the April 15, 2014 expert report of Dr. Haggard.  The entirety of the Haggard Report,
15 including Exhibit B has been designated "Highly Confidential" under the Protective Order.
16 Exhibit B contains, cites, identifies and/or compiles commercially-sensitive information about
17 SDI's contracts with specific customers, including sales volumes and percentages.  I am informed
18 and believe that public disclosure of Exhibit B would likely harm SDI in its commercial
19 relationships.  The Court previously sealed Exhibit B.  (*See* Order Granting Administrative
20 Motions For Leave to File Under Seal) (MDL Dkt. No. 3498) (granting administrative motions to
21 seal, Dkt. Nos. 3243).
22    8.   SDI's Reply reflects, contains, or refers to documents or information designated as
23 "Confidential" or "Highly Confidential" by SDI pursuant to the Protective Order, including but
24 not limited to Exhibits A-B of the McGinnis Declaration.  In addition, SDI's Reply also reflects,
25 contains, or refers to the following documents or information designated as "Confidential" or
26 "Highly Confidential" pursuant to the Protective Order:
27    a.   Exhibit 1 to the December 5, 2014 Declaration of James L. McGinnis
28 submitted in support of SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard which

-2-

1  is the April 15, 2014 expert report of Dr. Haggard ("Haggard Report").  The entirety of the
2  Haggard Report has been designated "Highly Confidential" under the Protective Order.  The
3  Haggard Report reflects, contains, or analyzes confidential information concerning SDI's business
4  practices, corporate structure and governance, component cost information, sales strategy,
5  customer relationships and employment histories of top personnel.  The Haggard Report also
6  includes excerpts from the transcript of the deposition of Jae In Lee, whom SDI designated as a
7  Fed. R. Civ. P. 30(b)(6) witness.  SDI designated these excerpts of the Jae In Lee deposition
8  transcript "Highly Confidential" under the Protective Order, and these excerpts contain, cite and/or
9  identify confidential information concerning SDI's business practices, sales strategies and sales
10 volume to specific customers, customer relationships, and CRT component cost information.  The
11 Haggard Report also reflects, contains, or analyzes  SDI's Responses to Dell Plaintiffs' Second
12 Set of Requests for Admissions ("SDI's RFA Responses"), designated by SDI as "Confidential"
13 under the Protective Order.  SDI's RFA Responses include confidential, nonpublic, and sensitive
14 business information about SDI's management structure, as well as the nonpublic employment
15 histories of certain individuals at SDI.   I am informed and believe that the above is highly
16 sensitive information, public disclosure of which presents a risk of undermining SDI's business
17 relationships, causing SDI harm with respect to its competitors and customers, and/or
18 competitively disadvantaging SDI.  The Court previously sealed the Haggard Report.  (*See* Order
19 Granting Administrative Motions For Leave to File Under Seal) (MDL Dkt. No. 3498) (granting
20 administrative motions to seal, Dkt. Nos. 2980, 3168, 3243, 3407).
21         b.      Exhibit 2 to the December 5, 2014 Declaration of James L. McGinnis
22 submitted in support of SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard which
23 consists of excerpts from the July 10, 2014 deposition of Dr. Stephan Haggard.  SDI designated
24 these excerpts of the deposition transcript "Highly Confidential" under the Protective Order.
25 These excerpts identify sensitive information concerning SDI's business practices, strategies,
26 corporate structure, corporate governance, and customer relationships.  They also identify
27 sensitive information concerning Dr. Haggard's methodology in analyzing purported corporate
28 relationships between SDI, Samsung Electronics Co., Ltd., and the "Samsung Group."  I am

-3-

informed and believe that public disclosure of this sensitive and confidential information would present a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  The Court previously sealed these excerpts from the July 10, 2014 deposition of Dr. Haggard.  (*See* Order Granting Administrative Motions For Leave to File Under Seal) (MDL Dkt. No. 3498) (granting administrative motions to seal, Dkt. Nos. 2980, 3168, and 3243).

        c.     SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard, which in turn reflects, contains or refers to confidential information designated "Confidential" or "Highly Confidential" under the Protective Order, including the Haggard Report and excerpts of the July 10, 2014 deposition of Dr. Haggard described above.  The Court previously sealed SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard.  (*See* Order Granting Administrative Motions For Leave to File Under Seal) (MDL Dkt. No. 3498) (granting administrative motion to seal, Dkt. No. 3168).

        d.     Sealed portions of the Direct Action Plaintiffs' Response in Opposition to SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard, which in turn reflects, contains or refers to confidential information designated "Confidential" or "Highly Confidential" under the Protective Order, including but not limited to the Haggard Report, excerpts of the July 10, 2014 deposition of Dr. Haggard, and Exhibit A to the McGinnis Declaration described above.  The Court previously sealed these portions of the Direct Action Plaintiffs' Response in Opposition to SDI's Motion to Exclude Expert Testimony of Dr. Stephan Haggard.  (*See* Order Granting Administrative Motions For Leave to File Under Seal) (MDL Dkt. No. 3498) (granting administrative motion to seal, Dkt. No. 3407).

        e.     Sealed portions of the Direct Action Plaintiffs' Response in Opposition to SDI's Motion for Partial Summary Judgment for Lack of Standing as to their Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics, which in turn reflects, contains or refers to confidential information designated "Confidential" or "Highly Confidential" under the Protective Order, including but not limited to the Haggard Report, excerpts of the July 10, 2014 deposition of Dr. Haggard, and Exhibits A and B to the McGinnis

1  Declaration described above.  The Court previously sealed these portions of the Direct Action
2  Plaintiffs' Response in Opposition to SDI's Motion for Partial Summary Judgment for Lack of
3  Standing as to their Sherman Act Damage Claims Based on CRT Product Purchases from
4  Samsung Electronics.  (*See* Order Granting Administrative Motions For Leave to File Under Seal)
5  (MDL Dkt. No. 3498) (granting administrative motion to seal, Dkt. No. 3243).

6         f.     As with the exhibits themselves, I understand that SDI considers any
7  statements in SDI's Reply summarizing the exhibits or any other documents or information
8  designated as "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary,
9  and that public disclosure of such information presents a risk of undermining SDI's business
10 relationships, causing SDI harm with respect to its competitors and customers, and/or
11 competitively disadvantaging SDI.  Accordingly, SDI's Reply should be maintained under seal.

12      9.     In addition, Exhibit C to the McGinnis Declaration is a copy of Supplemental
13 Attachment A to Certain Direct Action Plaintiffs' Responses to Various Interrogatories, dated
14 September 5, 2014, which was designated "Confidential" by certain Direct Action Plaintiffs.

16         I declare under penalty of perjury under the laws of the United States of America
17 that the foregoing is true and correct.
18         Executed this 9th day of February 2015 in Los Angeles, California.

                                    */s/ Helen C. Eckert*
                                       Helen C. Eckert