Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and Toshiba America
Electronic Components, Inc.*

Additional Counsel On Signature Pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05513 *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05264 *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396 *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06397 | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR KENNETH ELZINGA** **ORAL ARGUMENT REQUESTED** Date:   February 20, 2015 Time:   10:00 a.m. Judge:  Hon. Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2 *Dell Inc., et al. v. Hitachi, Ltd., et al.*, Case
3 No. 13-cv-02171

4 *Electrograph Systems, Inc., et al. v. Hitachi,*
*Ltd., et al.*, Case No. 3:11-cv-01656
5

6 *Electrograph Systems, Inc., et al. v.*
*Technicolor SA, et al.*, Case No. 3:13-cv-
7 05724

8 *Interbond Corp. of America v. Hitachi, Ltd., et*
9 *al.*, Case No. 3:11-cv-06275

10 *Interbond Corp. of America v. Technicolor*
*SA, et al.*, Case No. 3:13-cv-05727
11

12 *Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case
No. 3:11-cv-06276
13

14 *Office Depot, Inc. v. Technicolor SA, et al.*,
Case No. 3:13-cv-05726
15

16 *P.C. Richard & Son Long Island Corp., et al.*
*v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-
02648
17

18 *P.C. Richard & Son Long Island Corp., et al.*
*v. Technicolor SA, et al.*, Case No. 3:13-cv-
19 05725

20 *Sears, Roebuck & Co. and Kmart Corp. v.*
*Chunghwa Picture Tubes, Ltd., et al.*, Case
21 No. 3:11-cv-05514

22 *Tech Data Corp., et al. v. Hitachi, Ltd.,*
23 *et al.*, Case No. 3:13-cv-00157

24 *Viewsonic Corporation v. Chunghwa*
25 *Picture Tubes, Ltd., et al.*, Case No.
3:14-cv-002510
26

27

28

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT ...................................................................................................... 2

        A.      Professor Elzinga's Fact Narratives Are Not Connected To Any
                Disclosed Application Of Economic Theory ........................................ 2

                1.      The Fact That Professor Elzinga Offers An Analysis Does
                        Not Make All Facts In The Report Admissible ..................................... 3

                2.      The Narratives Are Not Facts That Form The Bases Of Any
                        Disclosed Opinion ................................................................ 4

        B.      Professor Elzinga Cannot Make Embedded Conclusions And
                Inferences Regarding Non-Economic Motive And Intent ................................ 7

                1.      Professor Elzinga's Embedded Conclusions Regarding
                        "Agreements" Are Inadmissible. ............................................. 8

                2.      Professor Elzinga's Inferences Of Subjective Motive And
                        Intent Are Inadmissible ..................................................... 10

        C.      Plaintiffs Cannot Refer To Unspecified Documents To Either
                Support Professor Elzinga Or Delay Decision On The Motion ...................... 11

III.    CONCLUSION ................................................................................................ 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                          <u>Page(s)</u>

## FEDERAL CASES

*Andrews v. Metro N. Commuter R.R.*,
    882 F.2d 705 (2d Cir. 1989) .................................................................................. 9

*Boyd v. United Transp. Union Ins. Ass'n*,
    No. C05-1413, 2006 WL 581025 (W.D. Wash. Mar. 7, 2006) ........................... 12

*Canon v. Wells Fargo Bank, N.A.*,
    952 F. Supp. 2d 1 (D.D.C. 2013) ........................................................................ 7

*FreeLife Int'l, Inc. v. Am. Educ. Music Publ'ns*,
    2010 WL 1252568 (D. Ariz. Mar. 25, 2010) ...................................................... 6

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997) ........................................................................................ 5-6

*Hangarter v. Provident Life and Accident Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004) ............................................................................. 8

*Highland Capital Mgmt. L.P. v. Schneider*,
    379 F. Supp. 2d 461 (S.D.N.Y. 2005) ........................................................ 3,4,12

*Holiday Wholesale Grocery Co. v. Philip Morris, Inc.*,
    231 F. Supp. 2d 1253 (W.D. Ga. 2002) ............................................................. 9

*Hygh v. Jacobs*,
    961 F.2d 359 (2d Cir. 1992) ............................................................................ 10

*Johns v. Bayer Corp.*,
    No. 09-cv-1935, 2013 WL 1498965 (S.D. Cal. Apr. 10, 2013) .......................... 3

*Kidder Peabody & Co., Inc. v. IAG Int'l Acceptance Group NV*,
    14 F. Supp. 2d 391 (S.D.N.Y. 1998) ................................................................ 12

*Linkco, Inc. v. Fujitsu Ltd.*,
    00-cv-7242, 2002 U.S. Dist. LEXIS 12975 (S.D.N.Y. July 16, 2002) ................ 6

*Lopez v. I-Flow, Inc.*,
    No. 08-cv-1063, 2011 WL 1897548 (D. Ariz. Jan. 26, 2011)...................... 4,6,12

*Ohio v. Louis Trauth Dairy, Inc.*,
    925 F. Supp. 1247 (S.D. Ohio 1996) ................................................................. 9

*In re Rezulin Prods. Liab. Litig.*,
   309 F. Supp. 2d 531 (S.D.N.Y. 2004) ............................................................. 3,4

*Sega Enters. Ltd. v. Maphia*,
   948 F. Supp. 923 (N.D. Cal. 1996) ................................................................... 6

*Taylor v. Evans*,
   No. 94-cv8425, 1997 U.S. Dist. LEXIS 3907 (S.D.N.Y. Apr. 1, 1997) ................. 4

*U.S. Info Sys. Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*,
   313 F. Supp. 2d 213 (S.D.N.Y. 2004) ................................................. 9,10,11,12

*United States v. Saya*,
   961 F. Supp. 1395 (D. Haw. 1996) ................................................................. 10

*United States v. U.S. Gypsum Co.*,
   438 U.S. 422 (1978) ..................................................................................... 12

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ......................................................................... 5

**RULES**

F.R.C.P. 37(c)(1) ..................................................................................................5

F.R.C.P. 26(a)(2)(B)(i) ......................................................................................5,6

Fed. R. Evid. 704, 1972 advisory cmte. note .........................................................9

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
vi

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## I.      INTRODUCTION

Defendants' motion concerns two discrete portions of Professor Elzinga's expert reports: (1) pages 79-151 of his April 15, 2014 report; and (2) pages 37-62 of his September 26, 2014 reply report.  In their opposition, Plaintiffs are long on rhetoric regarding the general admissibility of expert testimony, but short on meeting their burden of proving the admissibility of the portions of Professor Elzinga's reports that are challenged by the Defendants.  Specifically, Plaintiffs fail to resurrect Professor Elzinga's reports with respect to the three key issues raised in the motion to exclude:

1.      <u>Professor Elzinga May Not Present A Factual Narrative To The Jury</u>. Although an expert may rely upon facts or data in formulating an expert opinion, no expert may simply present a factual narrative to the jury divorced from that analysis.    Plaintiffs make a generalized argument that Professor Elzinga's narrative provides the factual bases for his opinions, but do not (and cannot) point to any disclosed opinion that relies upon the challenged portions of Professor Elzinga's reports.  Their failure to do so only reinforces the conclusion that Professor Elzinga seeks to present an impermissible factual narrative to the jury.

2.      <u>Professor Elzinga May Not Opine On The Existence Of "Agreements" Because He Is Not Qualified To Make Embedded Legal Conclusions</u>.    In his reports, Professor Elzinga makes repeated references to the existence of "agreements" among Defendants.    As demonstrated in the motion, expert testimony cannot be explicitly or implicitly used to provide legal meaning or interpretation.  This principle applies with much greater force here given that the field of economics contains no concept of "agreement." According to the Plaintiffs, expert testimony is inadmissible only when offered as a "true" or "perfunctory" legal conclusion.  This assertion however, is squarely rejected by the authorities cited in the motion, none of which are addressed by the Plaintiffs.

3.      <u>Professor Elzinga May Not Opine On Defendants' Motive And Intent</u>.  No expert may offer opinions regarding a defendant's subjective intent, motive, or state of mind, but that is precisely what Professor Elzinga does when describing facts.    Such

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

characterizations are unreliable and unhelpful to the jury and Plaintiffs do not claim to the contrary.

Where, as here, the scope of the testimony and the conclusions are fully laid out in the expert report, courts can and should avoid unnecessarily prolonging and interrupting the presentation of expert testimony at trial and decide questions of admissibility prior to trial. For the reasons set forth in the motion and this reply, Defendants' motion should be granted and Professor Elzinga prevented from presenting this particular unhelpful and unreliable testimony.

## II.   ARGUMENT

### A.   Professor Elzinga's Fact Narratives Are Not Connected To Any Disclosed Application Of Economic Theory

Plaintiffs devote the majority of their opposition to the premise that Professor Elzinga, as an economist, may apply facts to theory and testify as to the factual bases of the conclusions thereby reached.  Opp. at 1-10.  According to Plaintiffs, "Defendants complain that Section VII of Professor Elzinga's Expert Report (which sets forth the underlying factual basis for his expert economic analysis) is *too detailed* and provides *too much evidence*, supposedly making it a 'narrative.'" Opp. at 5 (emphasis in original).  Plaintiffs argue that, because Professor Elzinga's general methodology is scientifically reliable, both the case law and Rule 702 of the Federal Rules of Evidence require that Professor Elzinga provide the facts identified by Defendants at trial.  *Id.*

Defendants' motion, however, is not a general attack on Professor Elzinga's methodology.  To the contrary, the motion quite clearly states that Defendants do not as a general matter dispute Professor Elzinga's reliance on the documentary record as relevant to his application of economic theory to the facts of the case.  Mot. at 8.  As stated there and in the economic authorities cited by Plaintiffs, including the authority of Professor Dennis Carlton (Defendants' own expert in this case), the field of economics encompasses the exercise of applying fundamental economic principles and lessons from historical cartels to case facts for purposes of drawing inferences about economic behavior.  *See id.*; Opp. at 8-9.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   The motion also clearly specifies that Defendants do not challenge the entirety of

2   Section VII of Professor Elzinga's opening report, some of which contains Professor

3   Elzinga's application of facts to theory.  Mot. at 2.  Rather, Defendants challenge as narrative

4   ████████████████████████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████████████████████████

7   ██████████        █████████            Such narrative recitations of facts without analysis have no

8   place in expert testimony.  *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 538

9   (S.D.N.Y. 2004) (recitations of facts do not bring "the fact-finder specialized knowledge or

10  expertise that would be helpful in resolving the issues of fact presented by the lawsuit;" the

11  law does not permit experts to "lend their credentials and reputations to the party who calls

12  them in this manner"); *see also Johns v. Bayer Corp.*, No. 09-cv-1935, 2013 WL 1498965, at

13  *28 (S.D. Cal. Apr. 10, 2013); *Highland Capital Mgmt. L.P. v. Schneider,* 379 F. Supp. 2d

14  461, 469 (S.D.N.Y. 2005).

15              **1.    The Fact That Professor Elzinga Offers An Analysis**
16                      **Does Not Make All Facts In The Report Admissible**

17          Relying upon *Highland Capital*, Plaintiffs assert that Professor Elzinga's narrative is

18  nonetheless admissible because it is included ███████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████████████████

20  ███████    Opp. at 10.  From there they leap to the conclusion that the narrative is admissible

21  because Professor Elzinga is not offered "solely" for purposes of presenting the narrative.  *See*

22  Opp. at 7-8 & n.6 (discussing fact that the expert in *Johns v. Bayer Corp.*, 2013 WL 1498965,

23  at *28 had no admissible analysis).  ██████████████████████████████████████████████████

24  ███████████████████████████████████████, stating only in a footnote that the issue is the

25  "same."  Opp. at 5 n.4.

26          To the extent that Plaintiffs argue that a narrative is admissible merely because the

27  expert has some admissible analysis, Plaintiffs stretch the language of *Highland Capital* too

28  far.  There, the expert was not offered "solely" for purposes of constructing a factual

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

narrative.  379 F. Supp. at 468-69.  As here, the expert in *Highland Capital* had a report that applied facts to theory.  *Id.*  As here, that expert provided a summary of facts compiled by the expert from the complaints, pleadings, depositions, and deposition exhibits.  *Id.*  As here, the expert's narrative in *Highland Capital* was not connected to his conclusions by any disclosed application of those facts.  *See id.*  The court, examining the narrative section alone, held it inadmissible because the challenged *section* consisted "solely" of a narrative.  *See id.* ("Because the 'Facts' section of the [expert report] contains a factual narrative of the case and addresses 'lay matters which the jury is capable of understanding and deciding without the expert's help, it is inadmissible.") (citation omitted).

The fact that Professor Elzinga's "facts" are not contained in a separate "facts" section does not distinguish his report from that addressed in *Highland Capital.*  His narrative exists under a stand-alone header separate from the analysis.  In any event, numerous courts have rejected the narrative portions, even individual paragraphs, of an expert's report inadmissible at trial while at the same time leaving other portions containing analysis undisturbed.  *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d at 551 (rejecting specific paragraphs of expert report in narrative form) (*citing inter alia Taylor v. Evans*, No. 94-cv-8425, 1997 U.S. Dist. LEXIS 3907, at *2 (S.D.N.Y. Apr. 1, 1997) (rejecting narrative portions of expert report)); *Lopez v. I-Flow, Inc.*, No. 08-cv-1063, 2011 WL 1897548, at *10 (D. Ariz. Jan. 26, 2011) (addressing specific paragraphs in report).  *Rezulin* and other cases squarely contradict any assertion that facts presented in a report are transformed into admissible testimony merely because they were reviewed and cited by an expert who otherwise has admissible testimony.

### 2.    The Narratives Are Not Facts That Form The Bases Of Any Disclosed Opinion

Plaintiffs recognize that, in order to be admissible, the economist must present a "detailed explanation of how economic principles are applied to the facts present in this case." Opp. at 9.  But their assertion that the challenged narrative consists of the "exacting" or "excruciating" detail that forms the bases of Professor Elzinga's opinions (Opp. at 13) rings hollow.  In the first place, Plaintiffs do not show any application by Professor Elzinga of the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    facts in his narratives to economic theory.  Indeed, elsewhere in the opposition, Plaintiffs

2    affirmatively identify ████████████████████████████████████████████████████████

3    ███████████████████████████████████████████████████████████████████████████████████

4    ███████████████████████████████████        ███████████████   ████████████████████████

5    ███████████████████████████████████████████████████████████████████████████████████

6    ████████████████████████████████

7            Second, Plaintiffs' assertion is contradicted by their own expert, who did not purport

8    to rely on the challenged factual narrative for purposes of the preceding conclusions.  In his

9    own words, ██████████████████████████████████████████████████████████████████████

10   ███████████████████████████████████████████████████████████████████████████████████

11   ███████████████████████████████████████████████████████████████████████████████████

12   ███████████████████████████████████████████████████████████████████████████████████

13   ███████████████████████████████████████████████   ████████████████████████████████

14   ██████████████████████    As described in the motion, having applied selected facts to theory for

15   purposes of concluding the likely cartel, there is no place for Professor Elzinga to provide a

16   further narrative description divorced from that analysis.  Mot. at 8.  Rule 702 of the Federal

17   Rules of Evidence simply does not allow the presentation of narrative facts by experts in this

18   manner.

19          Finally, even setting aside the actual structure of the report and Professor Elzinga's

20   own words, the narratives are inadmissible because the connection between those facts and

21   any of Professor Elzinga's conclusions are not disclosed.  Plaintiffs are simply wrong to

22   conclude that as the factual bases for his opinions, Professor Elzinga's narratives are in full

23   compliance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  *See* Opp. at 10.

24   To be admissible at trial, the expert's opinion must be disclosed within an expert report.  Fed.

25   R. Civ. P. 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

26   Cir. 2001).  The expert report "must contain…a *complete* statement of all opinions the witness

27   will express and the *basis and reasons* for them."  Fed. R. Civ. P. 26 (a)(2)(B)(i) (emphasis

28   added).  "Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

It is not enough for an expert to lay out facts, offer conclusions, and summarily state that facts were considered for purposes of the opinion.  An expert who presents a narrative "of events and quotations and then leaps to a conclusion without sufficient explanation" in an expert report cannot present that narrative as the basis for opinions at trial. *Lopez*, 2011 WL 1897548, at *10; *see also Sega Enters. Ltd. v. Maphia*, 948 F. Supp. 923, 929-30 & n. 3 (N.D. Cal. 1996) (striking expert declaration that was merely factual narrative interspersed with unfounded opinions); *FreeLife Int'l, Inc. v. Am. Educ. Music Publ'ns*, 2010 WL 1252568, at *3 n.5 (D. Ariz. Mar. 25, 2010) ("Experts will not be permitted to express opinions or to provide bases or reasons for the opinions that are not in their reports."); *Linkco, Inc. v. Fujitsu Ltd.*, No. 00-cv-7242, 2002 U.S. Dist. LEXIS 12975, at *13-14 (S.D.N.Y. July 16, 2002) (rejecting expert narratives and stating "If experts are permitted to testify on an issue of fact, they must provide some explanation for their conclusions, rather than referring generally to their experience.  Without good explanations, courts cannot assess the reliability of any conclusion drawn by an expert, even if he possesses relevant experience.").

The only connection between Professor's Elzinga's descriptions in the sections of his reports ███████████████████████████████████████████████ and any conclusions is the *ipse dixit* of his prior analysis.  That is not the admissible analysis of an expert economist applying facts to theory.  To the contrary, it is the work of "conspiracy-ology" — the practice of inferring conspiracy and a practice that Professor Elzinga purports to condemn. Mot. at 9.  Notably, Plaintiffs do not show how or where any of the facts in the narratives were applied by Professor Elzinga in any analysis.  Lacking any such analysis, Professor Elzinga's narratives are indistinguishable from those excluded in *Highland Capital* and other cases and should be similarly excluded.

Plaintiffs cite to no case allowing the presentation of narrative facts, claiming only that Judge Illston in *In Re: TFT-LCD (Flat Panel) Antitrust Litigation* "rejected identical arguments."  Opp. at 2, 6-7.  Plaintiffs' characterization of that order is incorrect and their

reliance therefore misplaced. Judge Illston in the LCD matter addressed the expert testimony in the context of a short motion in limine. She did not reject the arguments. She instead denied the motion without prejudice to arguments to be made at trial. Ex. 2 to Bernstein Decl. (*In re: TFT-LCD (Flat Panel) Antitrust Litig.*, Final Pretrial Scheduling Order at 6, No. 07-md-1827 (N.D. Cal. May 4, 2012), ECF No. 5597). Second, the arguments there were not identical to those made here. Plaintiffs assert generally that the Defendants to the LCD motion *in limine* tried to exclude an expert from presenting the factual bases for the opinion, but make no effort to explain what the expert there was offering or how it is analogous to Professor Elzinga. *See* Opp. at 6-7. Among other things, the LCD expert did not present a 70-page factual narrative of the type offered by Professor Elzinga. The question of the presentation of facts divorced from an analysis was also not before the LCD Court. As described above the challenged narrative portions of Professor Elzinga's testimony are demonstrably analogous to those offered in *Highland Capital*. The narratives and testimony offered there were excluded before trial and should be excluded here as well.

## B. Professor Elzinga Cannot Make Embedded Conclusions And Inferences Regarding Non-Economic Motive And Intent

Plaintiffs argue generally that Professor Elzinga's embedded legal conclusions and intent testimony are admissible, but without any reference or argument directed to the specific inferences or conclusions as actually drawn by Professor Elzinga. Plaintiffs do not address Defendants' argument that Professor Elzinga has no basis to present his opinion ███████ ██████████████████████████ Mot. at 10. Plaintiffs bear the burden of proving the admissibility of this testimony, and thereby concede this point. *See Cannon v. Wells Fargo Bank, N.A.*, 952 F. Supp. 2d 1, 11 (D.D.C. 2013) (where brief did not address certain arguments raised by the opposing party those matters were deemed conceded). Moreover, Plaintiffs do not directly address the propriety of Professor Elzinga's use of the term "agreements" or his attribution of non-economic and subjective motive and intent to Defendants. As described in the motion and below, neither form of testimony is admissible in this case.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1.   Professor Elzinga's Embedded Conclusions Regarding "Agreements" Are Inadmissible.

Plaintiffs do not deny that Professor Elzinga draws inferences from the record regarding the existence of "agreements," including from the third-party industry newsletters and other sources identified in the motion.   Nor do Plaintiffs dispute that the word "agreement" is a legal term within the context of this case.   Plaintiffs do not dispute that Professor Elzinga lacks any special expertise to identify the existence of agreements, whether used in a legal or any other sense.   Finally, Plaintiffs do not dispute that inferences and conclusions of "agreement" are to be made by the jury in this case.   *See* Opp. at 15 n.12.

According to Plaintiffs, Professor Elzinga's inferences and conclusions regarding agreements are admissible because they are not offered as "true" or "perfunctory" legal conclusions.   Opp. at 13.   In support, Plaintiffs claim that the Ninth Circuit rejected Defendants' "very argument" in *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016-17 (9th Cir. 2004).   Opp. at 13.   *Hangarter,* however, did not address an economist drawing inferences of "agreement" from the record in a conspiracy case.   It involved an accounting expert who testified in a litigation regarding disability benefits that the defendant insurer had departed from insurance industry norms in denying certain benefits to the plaintiff.   *Hangarter*, 373 F.3d at 1016-17.   During the testimony, the expert referenced a law governing insurance claims adjustments.   The Ninth Circuit held this testimony admissible even though the expert relied in part on his understanding of the requirements of that law.   The expert did not improperly instruct the jury as to the applicable law or usurp its role because the law referenced was not at issue in the litigation and was ultimately "ancillary to the ultimate issue of bad faith" in the case.   *Id.* at 1017.   Similarly, Plaintiffs' reference to certain trial testimony and rulings by Judge Illston and the LCD case is misplaced.   Opp. at 6-7.   The question addressed in the excerpts cited by Plaintiffs was whether the expert could properly draw inferences from legal documents such as interrogatory responses (as compared to contemporaneous business records).   *See id.* (citing selected rulings at trial).   The LCD expert moreover did not purport to offer a narrative "record of agreements."

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    In this case, the question of the existence of agreements is in no way "ancillary" to

2 ultimate issues the jury will be called upon to decide. It is indisputably the first issue the jury

3 will be called upon to decide. Moreover, unlike the claims adjuster in *Hangarter*, Professor

4 Elzinga's profession does not require or enable him to work with the application of the law.

5 As explained in the motion, experts in antitrust cases may not opine whether an illegal

6 conspiracy or agreement actually existed. Mot. at 11-12 (citing *U.S. Info. Sys., Inc. v. Int'l*

7 *Bhd. of Electric Workers Local Union No. 3*, 313 F. Supp. 2d 213, 239-40 (S.D.N.Y. 2004);

8 *Holiday Wholesale Grocery Co. v. Philip Morris, Inc.*, 231 F. Supp. 2d 1253, 1322 (W.D. Ga.

9 2002)). In *U.S. Info. Systems,* the expert was precluded from testifying as to whether the

10 defendants "did or did not engage in anticompetitive conduct" as part of his general

11 application of facts to theory. *Id.* at 240-241. According to the court, such "embedded legal

12 conclusions"—whether intended as such or not—were inadmissible. *Id.* Although the expert

13 there could testify as to factors which make behavior anticompetitive, he could not present to

14 the jury the inference that it *was* anticompetitive, which is for the jury to decide. *Id.*; *see also*

15 *Ohio v. Louis Trauth Dairy*, 925 F. Supp. 1247, 1254 (S.D. Ohio 1996) (holding that,

16 although experts' antitrust analysis is admissible, conclusions as to existence of conspiracy as

17 based on that analysis improperly embraced a legal conclusions and were inadmissible); *cf.*

18 *Andrews v. Metro N. Commuter R.R.*, 882 F.2d 705, 709 (2d Cir. 1989) (deeming expert use

19 of the term "negligent" in railroad accident case inadmissible). Such testimony "merely tell[s]

20 the jury what result to reach" and is therefore inadmissible. Fed. R. Evid. 704, 1972 advisory

21 cmte. note. Professor Elzinga would go even further than the expert in *U.S. Information*

22 *Systems* who testified as to anticompetitive "conduct" and offer conclusions of

23 anticompetitive "agreements." Professor Elzinga indisputably has no qualifications to make

24 such conclusions and his testimony presents no expertise that can provide assistance to the

25 trier of fact in that regard.

26    Plaintiffs' only response directed to Professor Elzinga's actual testimony is to say that

27 Professor Elzinga is not offering the existence of "agreements" as legal opinion. Opp. at 13.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   As explained in the motion, it does not matter whether Professor Elzinga intends to offer a

2   "true" legal conclusion:  "the risk that a jury, confronted with a credentialed expert, would be

3   confused or give undue deference to the expert's implicit characterization of the evidence is

4   simply too great."  Mot. at 12 (citing *Hygh v. Jacobs*, 961 F. Supp. 359, 363 (2d Cir. 1992);

5   *United States v. Saya*, 961 F. Supp. 1395, 1397 (D. Haw. 1996); *U.S. Info. Sys.,* 313 F. Supp.

6   at 241 ("recognizing that the ultimate determination of what did or did not happen in this case

7   is left to the finder of fact" and that an expert in an antitrust case could hypothesize that if

8   certain conduct did occur, the market would react a certain way, but could not testify that such

9   conduct did in fact occur)).  Professor Elzinga ████████████████████████████████████████

10  ██████████████████████████████████████████████  ████████████████████████  ██

11  ████████████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████████████

13  ███████████████████████████  ██████████████████████████████████████

14  ███████████████████████████████████  Mot. at 3-5.  Even setting aside the

15  questionable veracity of Plaintiffs' assertion that Professor Elzinga never purports to express

16  an opinion regarding any Defendants' participation in the alleged cartel, it is impossible to see

17  how any juror hearing Professor Elzinga draw inferences and testify that the record shows a

18  history of "agreements" would not be confused as to the nature of Professor Elzinga's opinion

19  or otherwise give Professor Elzinga special deference in this regard.  *See, e.g.*, *U.S. Info. Sys.,*

20  313 F. Supp. 2d at 240; *Hygh*, 961 F.2d at 364 (deeming expert testimony that Defendants'

21  conduct was not "justified under the circumstances" and not "warranted under the

22  circumstances" inadmissible).  There is simply no basis to allow Professor Elzinga to draw

23  these inferences about or usurp the role of the jury directly or indirectly by characterizing

24  facts as "agreements."

25              **2.      Professor Elzinga's Inferences Of Subjective Motive**
                         **And Intent Are Inadmissible.**
26

27      In the motion, Defendants identified numerous examples of Professor Elzinga

28  attributing subjective motive and intent to Defendants' actions.  Plaintiffs in a footnote offer

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    the non-sequitur that "economists commonly evaluate how rational economic actors make
2    choices." Opp. at 6 n. 5.  Defendants do not dispute Professor Elzinga's qualifications to draw
3    economic inferences from the record.  Instead, Defendants seek to exclude Professor
4    Elzinga's further opinions regarding defendants' subjective intent, motive or state of mind that
5    have nothing to do with economic intent.  These inferences are not Professor Elzinga's
6    interpretations of facts as an economist, but his characterization of what was "recognized,"
7    "clear" or otherwise meant by Defendants subjectively.  Mot. at 4.  Plaintiffs' position that the
8    testimony is admissible because Professor Elzinga is not improperly "weighing conflicting
9    testimonial evidence" (Opp. at 11) misses the point.  Certainly, Professor Elzinga cannot
10   weigh conflicting testimonial evidence.  The issue here is whether an expert can infer
11   subjective motive and intent.  It is well-established no "expert testimony is []relevant if the
12   expert is offering a personal evaluation of the testimony and credibility of others *or the*
13   *motivations of the parties*." *U.S. Info. Sys.,* 313 F. Supp. 2d at 226 (emphasis added).

14        Plaintiffs address none of the authorities cited in the motion on this point and offer
15   nothing to the contrary. They provide no examples of Professor Elzinga drawing what they
16   would consider to be proper inferences of motive and intent of any kind. They are moreover
17   silent on ████████████████████████████████████████████████████████████
18   ████████████████████████████████████████ Mot. at 4.  Here again, their reliance
19   on the LCD trial is misplaced and unaccompanied by attempt to explain the circumstances of
20   that case as potentially applicable here.  Opp. at 7.   Among other things, the LCD expert did
21   not claim to possess an "intellectual filter" of any kind to enable him to interpret the meaning
22   of language.  Professor Elzinga's approach was squarely rejected in *U.S. Info. Sys.* and no
23   different result is warranted here.

24        **C.    Plaintiffs Cannot Refer To Unspecified Documents To Either**
25              **Support Professor Elzinga Or Delay Decision On The Motion**

26        Plaintiffs' incredible suggestion that Professor Elzinga does not engage in any kind of
27   "interpretation" or "speculation" because unspecified documents in this case "show[] these
28   intentions without question" and with "complete clarity" (Opp. at 15) is worth no

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    consideration by this Court.  Plaintiffs do not even offer a single document from the purported

2    "mountain" of conspiracy communications to support this suggestion.  A court necessarily

3    cannot consider an argument based on facts not before it.  *See, e.g.*, *Boyd v. United Transp.*

4    *Union Ins. Ass'n*, No C05-1413, 2006 WL 581025, at *4 (W.D. Wash. Mar. 7, 2006) (refusing

5    to consider argument on conflict of interest where doing so would require the court to

6    consider facts not presented to it).

7          Plaintiffs' argument is moreover both factually and legally erroneous.  ███████

8    ████████████████████████████████████████████  ██████████  ██████████

9    ████████████████████████  ████████████████████████████████████████

10   ████████████████████████████████        *see, e.g.*,

11   *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 441 n.16 (1978) ("The exchange of price

12   data and other information among competitors does not invariably have anticompetitive

13   effects; indeed such practices can in certain circumstances increase economic efficiency and

14   render markets more, rather than less competitive.").  Professor Elzinga has already

15   acknowledged that he draws inferences of agreement and other motive and intent from

16   ambiguous documents, ████████████████████████████████████████████████

17   ████████████████████████████████████  Mot. at -5.

18         By their opposition, Plaintiffs argue that the admissibility of Professor Elzinga's

19   testimony can be deferred and later reviewed "within the context of the evidence adduced at

20   trial."  Opp. at 1-2 & nn. 1 & 2.  Defendants disagree.  Courts, acting in their role of

21   gatekeeper of expert testimony, routinely address and decide questions of narratives,

22   embedded legal conclusions, and subjective motive and intent *before* trial.  Where, as here,

23   the scope of the testimony and the conclusions are fully laid out in the expert report, courts

24   can and should decide questions of admissibility prior to trial.  *See Lopez*, 2014 WL 1897548,

25   at *11; *Highland Capital,* 379 F. Supp. 2d at 474 (finding no need to defer to trial decisions

26   on what is clearly inadmissible testimony); *Kidder, Peabody & Co. v. IAG Int'l Acceptance*

27   *Group NV*, 14 F. Supp. 2d 391, 404 (S.D.N.Y. 1998) (holding that "the detailed reasoning

28   contained in the report makes it unnecessary to defer this conclusion until his deposition has

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  been taken or the trial has begun"); *e.g.*, *U.S. Info Sys.*, 313 F. Sup. 2d at 240-41 (deciding

2  before trial that expert in antitrust case would be allowed to testify at trial regarding factors

3  tending to show anticompetitive conduct as applied to industry, but not to narrative portion of

4  report or to suggest fact of actual anticompetitive behavior or other intent).

5       Defendants have specified the exact pages which contain Professor Elzinga's improper

6  narrative.   Moreover, Defendants have identified Professor Elzinga's use of the word

7  "agreements" and attributions of subjective motive and intent and explained that he has no

8  basis to offer those conclusions under any circumstances.  The Court needs nothing more to

9  decide the motion.  Plaintiffs offer nothing to support their implied assertion that there might

10 be circumstances at trial that nonetheless would impact this Court's consideration of Professor

11 Elzinga's testimony as already disclosed.   Of equal importance, they do not present any

12 argument as to why this Court *cannot* decide this motion now and thus avoid the inevitable

13 objections, sidebars and other distractions that will necessarily accompany any decision to

14 defer this decision until trial.  For example, each time Professor Elzinga testifies as to a fact

15 relied on Plaintiffs would be obligated to demonstrate that the fact was contained in the

16 analysis and not the narrative sections of his reports.  This Court should instead decide the

17 motion now and in Defendants' favor, precluding Professor Elzinga from presenting at trial a

18 narrative, inferences about the existence of "agreements," and inferences about Defendants'

19 motive and intent.

20 **III.    CONCLUSION**

21      For these reasons and the reasons contained in our initial motion, the Court should

22 preclude Professor Elzinga from presenting at trial the testimony contained on pages 79-151

23 of the April 15, 2014 Expert Report of Professor Kenneth G. Elzinga and pages 37-62 of the

24 September 26, 2014 Reply Expert Report of Professor Kenneth G. Elzinga.

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2  Dated:  February 9, 2014

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**WHITE & CASE** LLP

By: _/s/ Lucius B. Lau_
    Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
    Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
    Dana E. Foster (*pro hac vice*)
    defoster@whitecase.com
    701 Thirteenth Street, N.W.
    Washington, DC  20005
    tel.: (202) 626-3600
    fax: (202) 639-9355

    *Counsel to Defendants Toshiba Corporation,*
    *Toshiba America, Inc., Toshiba America*
    *Information Systems, Inc., Toshiba America*
    *Consumer Products, L.L.C., and Toshiba*
    *America Electronic Components, Inc.*

    (With respect to all of the above-captioned
    cases except for *Dell Inc., et al. v. Hitachi,*
    *Ltd., et al.*, No. 13-cv-0271)

    BAKER BOTTS LLP

By: _/s/ John M. Taladay_
    JOHN M. TALADAY (*pro hac vice*)
    john.taladay@bakerbotts.com
    JOSEPH OSTOYICH (*pro hac vice*)
    joseph.ostoyich@bakerbotts.com
    ERIK T. KOONS (*pro hac vice*)
    erik.koons@bakerbotts.com
    CHARLES M. MALAISE (*pro hac vice*)
    Charles.malaise@bakerbotts.com
    BAKER BOTTS LLP
    1299 Pennsylvania Avenue, N.W.
    Washington DC 20004-2400
    Telephone:  (202) 639-7700
    Facsimile:  (202) 639-7890

1

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone:  (650) 739-7500
Facsimile:  (650) 739-7699
E-mail:  jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips
N.V., Philips Electronics North America
Corporation, Philips Taiwan Ltd., and
Philips do Brasil, Ltda.*

By: */s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice*)
A. Paul Victor (*pro hac vice*)
Aldo A. Badini Cal. Bar No. 257086
Eva W. Cole (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:(212) 294-4692
Facsimile: (212) 294-4700
Email:    jkessler@winston.com
          abadini@winston.com
          pvictor@winston.com
          ewcole@winston.com
          mmdonovan@winston.com

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEIL, GOTSHAL & MANGES LLP
Steven A. Reiss (*pro hac vice*)
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:(212) 310-8000
Facsimile: (212) 310-8007
Email:    steven.reiss@weil.com
          david.yohai@weil.com
          adam.hemlock@weil.com

*Attorneys for Defendants Panasonic
Corporation (f/k/a Matsushita Electric
Industrial Co., Ltd.), Panasonic Corporation
of North America, and MT Picture Display
Co., Ltd.*

(With respect to all of the above-captioned
cases except for *Dell Inc., et al. v. Hitachi,
Ltd., et al.*, No. 13-cv-0271, and *Costco
Wholesale Corp. v. Hitachi, Ltd., et al.*, No.
3:11-cv-06397)

By: */s/ Michael W. Scarborough*
    SHEPPARD MULLIN RICHTER &
    HAMPTON LLP
    Gary L. Halling, Cal. Bar No. 66087
    James L. McGinnis, Cal. Bar No. 95788
    Michael W. Scarborough, Cal. Bar No.
    203524
    Four Embarcadero Center, 17th Floor
    San Francisco, CA  94111-4109
    Telephone:(415) 434-9100
    Facsimile: (415) 434-3947
    E-mail: ghalling@sheppardmullin.com
            jmcginnis@sheppardmullin.com
            mscarborough@sheppardmullin.com

*Attorneys for Defendants Samsung SDI
America, Inc.; Samsung SDI Co., Ltd.;
Samsung SDI (Malaysia) SDN. BHD.;
Samsung SDI Mexico S.A. DE C.V.; Samsung*

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
16

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

By: */s/ Eliot A. Adelson*
KIRKLAND & ELLIS LLP
Eliot A. Adelson Cal. Bar. No. 205284
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email:   eadelson@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

By: */s/ Rachel S. Brass*
GIBSON, DUNN & CRUTCHER LLP
Rachel S. Brass Cal. Bar. No. 219301
Joel S. Sanders Cal. Bar. No. 107234
Austin V. Schwing Cal. Bar. No. 211696
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
Email:   rbrass@gibsondunn.com
         jsanders@gibsondunn.com
         aschwing@gibsondunn.com

FARMER BROWNSTEIN JAEGER LLP
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104

1  Telephone 415.962.2876
2  Facsimile: 415.520.5678

3  *Attorneys for Defendants Chunghwa Picture*
   *Tubes, Ltd. and Chunghwa Picture Tubes*
4  *(Malaysia)*

5

6  By: */s/ Kathy L. Osborn*
   FAEGRE BAKER DANIELS LLP
7  Kathy L. Osborn (*pro hac vice*)
   Ryan M. Hurley (*pro hac vice*)
8  300 N. Meridian Street, Suite 2700
   Indianapolis, IN 46204
9  Telephone: (317) 237-0300
10 Facsimile: (317) 237-1000
11 kathy.osborn@FaegreBD.com
   ryan.hurley@FaegreBD.com
12
13 Calvin L. Litsey (SBN 289659)
   Faegre Baker Daniels LLP
14 1950 University Avenue, Suite 450
   East Palo Alto, CA 94303-2279
15 Telephone: (650) 324-6700
   Facsimile: (650) 324-6701
16 calvin.litsey@FaegreBD.com
17
18 *Attorneys for Defendants Thomson SA and*
   *Thomson Consumer Electronics, Inc.*
19
20
21 By: */s/ Michael T. Brody*
   JENNER&BLOCK LLP
22 Terrence J. Truax (*pro hac vice*)
   Michael T. Brody (*pro hac vice*)
23 353 North Clark Street
   Chicago, Illinois 60654-3456
24 Telephone: (312) 222-9350
25 Facsimile: (312) 527-0484
26 ttruax@jenner.com
   mbrody@jenner.com
27
28 Brent Caslin (Cal. Bar. No. 198682)

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
18

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

JENNER&BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric
Corporation, Mitsubishi Electric US, Inc.
and, Mitsubishi Electric Visual Solutions
America, Inc.*

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Nathan Lane, III*
    Mark Dosker
    Nathan Lane, III
    275 Battery Street, Suite 2600
    San Francisco, CA  94111
    Telephone:  415.954.0200
    Facsimile:  415.393.9887
    Email:  mark.dosker@squirepb.com
    nathan.lane@squirepb.com

Donald A. Wall (*Pro Hac Vice*)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone:  602.528.4000
Facsimile:  602.253.8129
Email:  donald.wall@squirepb.com

*Attorneys for Defendant Technologies
Displays Americas LLC with respect to all
cases except Office Depot, Inc. v.
Technicolor SA, et al. and Sears, Roebuck
and Co., et al v. Technicolor SA, et al.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/  Jeffrey I. Zuckerman*
    Jeffrey I. Zuckerman (Pro Hac Vice)
    Ellen Tobin (Pro Hac Vice)
    101 Park Avenue
    New York, New York 10178
    Telephone: 212.696.6000
    Facsimile: 212.697.1559
    Email:  jzuckerman@curtis.com
    etobin@curtis.com

    Arthur Gaus (SBN 289560)
    DILLINGHAM & MURPHY, LLP
    601 California Street, Suite 1900
    San Francisco, California 94108
    Telephone: 415.397.2700
    Facsimile: 415.397-3300
    Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co. et al. v. Technicolor SA, et al.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MUNGER, TOLLES & OLSON LLP

By: */s/ Hojoon Hwang*

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
HOJOON HWANG (State Bar No. 184950)
hojoon.hwang@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendants LG Electronics,*
*Inc., LG Electronics USA, Inc., LG*
*Electronics Taiwan Taipei Co., Ltd.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On February 9, 2014, I caused a copy of "DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR KENNETH ELZINGA" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:  */s/ Lucius B. Lau*
Lucius B. Lau (*pro hac vice*)