Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and Toshiba America*
*Electronic Components, Inc.*

Additional Counsel On Signature Pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-05513<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, Case No. 13-cv-05264<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06396<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, Case No. 3:11-cv-06397 | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR KENNETH ELZINGA**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:    February 20, 2015<br>Time:    10:00 a.m.<br>Judge:  Hon. Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2    *Dell Inc., et al. v. Hitachi, Ltd., et al.*, Case
3    No. 13-cv-02171

4    *Electrograph Systems, Inc., et al. v. Hitachi,
     Ltd., et al.*, Case No. 3:11-cv-01656
5

6    *Electrograph Systems, Inc., et al. v.
     Technicolor SA, et al.*, Case No. 3:13-cv-
7    05724

8    *Interbond Corp. of America v. Hitachi, Ltd., et
     al.*, Case No. 3:11-cv-06275
9

10   *Interbond Corp. of America v. Technicolor
     SA, et al.*, Case No. 3:13-cv-05727
11

12   *Office Depot, Inc. v. Hitachi, Ltd., et al.*, Case
     No. 3:11-cv-06276
13

14   *Office Depot, Inc. v. Technicolor SA, et al.*,
     Case No. 3:13-cv-05726
15

16   *P.C. Richard & Son Long Island Corp., et al.
     v. Hitachi, Ltd., et al.*, Case No. 3:12-cv-
     02648
17

18   *P.C. Richard & Son Long Island Corp., et al.
     v. Technicolor SA, et al.*, Case No. 3:13-cv-
19   05725

20   *Sears, Roebuck & Co. and Kmart Corp. v.
     Chunghwa Picture Tubes, Ltd., et al.*, Case
21   No. 3:11-cv-05514

22   *Tech Data Corp., et al. v. Hitachi, Ltd.,
     et al.*, Case No. 3:13-cv-00157
23

24

25   *Viewsonic Corporation v. Chunghwa
     Picture Tubes, Ltd., et al.*, Case No.
26   3:14-cv-002510

27

28

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................... 1

II.   ARGUMENT ................................................................................................. 2

      A.   Professor Elzinga's Fact Narratives Are Not Connected To Any
           Disclosed Application Of Economic Theory........................................ 2

           1.   The Fact That Professor Elzinga Offers An Analysis Does
                Not Make All Facts In The Report Admissible .................................... 3

           2.   The Narratives Are Not Facts That Form The Bases Of Any
                Disclosed Opinion .................................................................. 4

      B.   Professor Elzinga Cannot Make Embedded Conclusions And
           Inferences Regarding Non-Economic Motive And Intent ................................. 7

           1.   Professor Elzinga's Embedded Conclusions Regarding
                "Agreements" Are Inadmissible. ............................................. 8

           2.   Professor Elzinga's Inferences Of Subjective Motive And
                Intent Are Inadmissible.................................................... 10

      C.   Plaintiffs Cannot Refer To Unspecified Documents To Either
           Support Professor Elzinga Or Delay Decision On The Motion ....................... 11

III.  CONCLUSION................................................................................ 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                                              **<u>Page(s)</u>**

## FEDERAL CASES

*Andrews v. Metro N. Commuter R.R.*,
  882 F.2d 705 (2d Cir. 1989) ................................................................................. 9

*Boyd v. United Transp. Union Ins. Ass'n*,
  No. C05-1413, 2006 WL 581025 (W.D. Wash. Mar. 7, 2006) ........................... 12

*Canon v. Wells Fargo Bank, N.A.*,
  952 F. Supp. 2d 1 (D.D.C. 2013) .......................................................................... 7

*FreeLife Int'l, Inc. v. Am. Educ. Music Publ'ns*,
  2010 WL 1252568 (D. Ariz. Mar. 25, 2010) ........................................................ 6

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) .......................................................................................... 5-6

*Hangarter v. Provident Life and Accident Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004) ................................................................................ 8

*Highland Capital Mgmt. L.P. v. Schneider*,
  379 F. Supp. 2d 461 (S.D.N.Y. 2005) ........................................................... 3,4,12

*Holiday Wholesale Grocery Co. v. Philip Morris, Inc.*,
  231 F. Supp. 2d 1253 (W.D. Ga. 2002) ................................................................. 9

*Hygh v. Jacobs*,
  961 F.2d 359 (2d Cir. 1992) ............................................................................... 10

*Johns v. Bayer Corp.*,
  No. 09-cv-1935, 2013 WL 1498965 (S.D. Cal. Apr. 10, 2013) ........................... 3

*Kidder Peabody & Co., Inc. v. IAG Int'l Acceptance Group NV*,
  14 F. Supp. 2d 391 (S.D.N.Y. 1998) ................................................................... 12

*Linkco, Inc. v. Fujitsu Ltd.*,
  00-cv-7242, 2002 U.S. Dist. LEXIS 12975 (S.D.N.Y. July 16, 2002) ................. 6

*Lopez v. I-Flow, Inc.*,
  No. 08-cv-1063, 2011 WL 1897548 (D. Ariz. Jan. 26, 2011) ....................... 4,6,12

*Ohio v. Louis Trauth Dairy, Inc.*,
  925 F. Supp. 1247 (S.D. Ohio 1996) ..................................................................... 9

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917

v

*In re Rezulin Prods. Liab. Litig.*,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004) .......................................................... 3,4

*Sega Enters. Ltd. v. Maphia*,
    948 F. Supp. 923 (N.D. Cal. 1996).............................................................. 6

*Taylor v. Evans*,
    No. 94-cv8425, 1997 U.S. Dist. LEXIS 3907 (S.D.N.Y. Apr. 1, 1997) ................ 4

*U.S. Info Sys. Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*,
    313 F. Supp. 2d 213 (S.D.N.Y. 2004) ................................................ 9,10,11,12

*United States v. Saya*,
    961 F. Supp. 1395 (D. Haw. 1996)............................................................ 10

*United States v. U.S. Gypsum Co.*,
    438 U.S. 422 (1978) .............................................................................. 12

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ................................................................... 5

**RULES**

F.R.C.P. 37(c)(1) ......................................................................................5

F.R.C.P. 26(a)(2)(B)(i) ..............................................................................5,6

Fed. R. Evid. 704, 1972 advisory cmte. note..................................................9

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**I.      INTRODUCTION**

Defendants' motion concerns two discrete portions of Professor Elzinga's expert reports: (1) pages 79-151 of his April 15, 2014 report; and (2) pages 37-62 of his September 26, 2014 reply report.  In their opposition, Plaintiffs are long on rhetoric regarding the general admissibility of expert testimony, but short on meeting their burden of proving the admissibility of the portions of Professor Elzinga's reports that are challenged by the Defendants.  Specifically, Plaintiffs fail to resurrect Professor Elzinga's reports with respect to the three key issues raised in the motion to exclude:

1.      <u>Professor Elzinga May Not Present A Factual Narrative To The Jury</u>. Although an expert may rely upon facts or data in formulating an expert opinion, no expert may simply present a factual narrative to the jury divorced from that analysis.    Plaintiffs make a generalized argument that Professor Elzinga's narrative provides the factual bases for his opinions, but do not (and cannot) point to any disclosed opinion that relies upon the challenged portions of Professor Elzinga's reports.  Their failure to do so only reinforces the conclusion that Professor Elzinga seeks to present an impermissible factual narrative to the jury.

2.      <u>Professor Elzinga May Not Opine On The Existence Of "Agreements" Because He Is Not Qualified To Make Embedded Legal Conclusions</u>.    In his reports, Professor Elzinga makes repeated references to the existence of "agreements" among Defendants.    As demonstrated in the motion, expert testimony cannot be explicitly or implicitly used to provide legal meaning or interpretation.  This principle applies with much greater force here given that the field of economics contains no concept of "agreement." According to the Plaintiffs, expert testimony is inadmissible only when offered as a "true" or "perfunctory" legal conclusion.  This assertion however, is squarely rejected by the authorities cited in the motion, none of which are addressed by the Plaintiffs.

3.      <u>Professor Elzinga May Not Opine On Defendants' Motive And Intent</u>.  No expert may offer opinions regarding a defendant's subjective intent, motive, or state of mind, but that is precisely what Professor Elzinga does when describing facts.    Such

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

characterizations are unreliable and unhelpful to the jury and Plaintiffs do not claim to the contrary.

Where, as here, the scope of the testimony and the conclusions are fully laid out in the expert report, courts can and should avoid unnecessarily prolonging and interrupting the presentation of expert testimony at trial and decide questions of admissibility prior to trial. For the reasons set forth in the motion and this reply, Defendants' motion should be granted and Professor Elzinga prevented from presenting this particular unhelpful and unreliable testimony.

## II.    ARGUMENT

### A.    Professor Elzinga's Fact Narratives Are Not Connected To Any Disclosed Application Of Economic Theory

Plaintiffs devote the majority of their opposition to the premise that Professor Elzinga, as an economist, may apply facts to theory and testify as to the factual bases of the conclusions thereby reached.  Opp. at 1-10.  According to Plaintiffs, "Defendants complain that Section VII of Professor Elzinga's Expert Report (which sets forth the underlying factual basis for his expert economic analysis) is *too detailed* and provides *too much evidence*, supposedly making it a 'narrative.'" Opp. at 5 (emphasis in original).  Plaintiffs argue that, because Professor Elzinga's general methodology is scientifically reliable, both the case law and Rule 702 of the Federal Rules of Evidence require that Professor Elzinga provide the facts identified by Defendants at trial.  *Id.*

Defendants' motion, however, is not a general attack on Professor Elzinga's methodology.  To the contrary, the motion quite clearly states that Defendants do not as a general matter dispute Professor Elzinga's reliance on the documentary record as relevant to his application of economic theory to the facts of the case.  Mot. at 8.  As stated there and in the economic authorities cited by Plaintiffs, including the authority of Professor Dennis Carlton (Defendants' own expert in this case), the field of economics encompasses the exercise of applying fundamental economic principles and lessons from historical cartels to case facts for purposes of drawing inferences about economic behavior.  *See id.*; Opp. at 8-9.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

The motion also clearly specifies that Defendants do not challenge the entirety of Section VII of Professor Elzinga's opening report, some of which contains Professor Elzinga's application of facts to theory. Mot. at 2. Rather, Defendants challenge as narrative ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████   ████████████   Such narrative recitations of facts without analysis have no place in expert testimony. *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 538 (S.D.N.Y. 2004) (recitations of facts do not bring "the fact-finder specialized knowledge or expertise that would be helpful in resolving the issues of fact presented by the lawsuit;" the law does not permit experts to "lend their credentials and reputations to the party who calls them in this manner"); *see also Johns v. Bayer Corp.*, No. 09-cv-1935, 2013 WL 1498965, at *28 (S.D. Cal. Apr. 10, 2013); *Highland Capital Mgmt. L.P. v. Schneider,* 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005).

### 1. The Fact That Professor Elzinga Offers An Analysis Does Not Make All Facts In The Report Admissible

Relying upon *Highland Capital*, Plaintiffs assert that Professor Elzinga's narrative is nonetheless admissible because it is included ███████████████████████████████ ████████████████████████████████████████████████████████████ ████████   Opp. at 10. From there they leap to the conclusion that the narrative is admissible because Professor Elzinga is not offered "solely" for purposes of presenting the narrative. *See* Opp. at 7-8 & n.6 (discussing fact that the expert in *Johns v. Bayer Corp.*, 2013 WL 1498965, at *28 had no admissible analysis). ████████████████████████████████████ ████████████████████████████████████, stating only in a footnote that the issue is the "same." Opp. at 5 n.4.

To the extent that Plaintiffs argue that a narrative is admissible merely because the expert has some admissible analysis, Plaintiffs stretch the language of *Highland Capital* too far. There, the expert was not offered "solely" for purposes of constructing a factual

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   narrative.  379 F. Supp. at 468-69.  As here, the expert in *Highland Capital* had a report that

2   applied facts to theory.  *Id.*  As here, that expert provided a summary of facts compiled by the

3   expert from the complaints, pleadings, depositions, and deposition exhibits.  *Id.*  As here, the

4   expert's narrative in *Highland Capital* was not connected to his conclusions by any disclosed

5   application of those facts.  *See id.*  The court, examining the narrative section alone, held it

6   inadmissible because the challenged *section* consisted "solely" of a narrative.  *See id.*

7   ("Because the 'Facts' section of the [expert report] contains a factual narrative of the case and

8   addresses 'lay matters which the jury is capable of understanding and deciding without the

9   expert's help, it is inadmissible.") (citation omitted).

10      The fact that Professor Elzinga's "facts" are not contained in a separate "facts" section

11   does not distinguish his report from that addressed in *Highland Capital*.  His narrative exists

12   under a stand-alone header separate from the analysis.  In any event, numerous courts have

13   rejected the narrative portions, even individual paragraphs, of an expert's report inadmissible

14   at trial while at the same time leaving other portions containing analysis undisturbed.  *See,*

15   *e.g.*, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d at 551 (rejecting specific paragraphs of

16   expert report in narrative form) (*citing inter alia Taylor v. Evans*, No. 94-cv-8425, 1997 U.S.

17   Dist. LEXIS 3907, at *2 (S.D.N.Y. Apr. 1, 1997) (rejecting narrative portions of expert

18   report)); *Lopez v. I-Flow, Inc.*, No. 08-cv-1063, 2011 WL 1897548, at *10 (D. Ariz. Jan. 26,

19   2011) (addressing specific paragraphs in report).  *Rezulin* and other cases squarely contradict

20   any assertion that facts presented in a report are transformed into admissible testimony merely

21   because they were reviewed and cited by an expert who otherwise has admissible testimony.

22              **2.      The Narratives Are Not Facts That Form The Bases Of**

23                        **Any Disclosed Opinion**

24      Plaintiffs recognize that, in order to be admissible, the economist must present a

25   "detailed explanation of how economic principles are applied to the facts present in this case."

26   Opp. at 9.  But their assertion that the challenged narrative consists of the "exacting" or

27   "excruciating" detail that forms the bases of Professor Elzinga's opinions (Opp. at 13) rings

28   hollow.  In the first place, Plaintiffs do not show any application by Professor Elzinga of the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  facts in his narratives to economic theory.  Indeed, elsewhere in the opposition, Plaintiffs

2  affirmatively identify ████████████████████████████████████████████████████



7          Second, Plaintiffs' assertion is contradicted by their own expert, who did not purport

8  to rely on the challenged factual narrative for purposes of the preceding conclusions.  In his

9  own words, ██████████████████████████████████████████████████████████████████

14 ████████████████          As described in the motion, having applied selected facts to theory for

15 purposes of concluding the likely cartel, there is no place for Professor Elzinga to provide a

16 further narrative description divorced from that analysis.  Mot. at 8.  Rule 702 of the Federal

17 Rules of Evidence simply does not allow the presentation of narrative facts by experts in this

18 manner.

19         Finally, even setting aside the actual structure of the report and Professor Elzinga's

20 own words, the narratives are inadmissible because the connection between those facts and

21 any of Professor Elzinga's conclusions are not disclosed.  Plaintiffs are simply wrong to

22 conclude that as the factual bases for his opinions, Professor Elzinga's narratives are in full

23 compliance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  *See* Opp. at 10.

24 To be admissible at trial, the expert's opinion must be disclosed within an expert report.  Fed.

25 R. Civ. P. 37(c)(1); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

26 Cir. 2001).  The expert report "must contain…a *complete* statement of all opinions the witness

27 will express and the *basis and reasons* for them."  Fed. R. Civ. P. 26 (a)(2)(B)(i) (emphasis

28 added).  "Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the

2  expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

3      It is not enough for an expert to lay out facts, offer conclusions, and summarily state

4  that facts were considered for purposes of the opinion.  An expert who presents a narrative "of

5  events and quotations and then leaps to a conclusion without sufficient explanation" in an

6  expert report cannot present that narrative as the basis for opinions at trial. *Lopez*, 2011 WL

7  1897548, at *10; *see also Sega Enters. Ltd. v. Maphia*, 948 F. Supp. 923, 929-30 & n. 3 (N.D.

8  Cal. 1996) (striking expert declaration that was merely factual narrative interspersed with

9  unfounded opinions); *FreeLife Int'l, Inc. v. Am. Educ. Music Publ'ns*, 2010 WL 1252568, at

10 *3 n.5 (D. Ariz. Mar. 25, 2010) ("Experts will not be permitted to express opinions or to

11 provide bases or reasons for the opinions that are not in their reports."); *Linkco, Inc. v. Fujitsu

12 Ltd.*, No. 00-cv-7242, 2002 U.S. Dist. LEXIS 12975, at *13-14 (S.D.N.Y. July 16, 2002)

13 (rejecting expert narratives and stating "If experts are permitted to testify on an issue of fact,

14 they must provide some explanation for their conclusions, rather than referring generally to

15 their experience.  Without good explanations, courts cannot assess the reliability of any

16 conclusion drawn by an expert, even if he possesses relevant experience.").

17      The only connection between Professor's Elzinga's descriptions in the sections of his

18 reports █████████████████████████████████████████████████████

19 and any conclusions is the *ipse dixit* of his prior analysis.  That is not the admissible analysis

20 of an expert economist applying facts to theory.  To the contrary, it is the work of

21 "conspiracy-ology" — the practice of inferring conspiracy and a practice that Professor

22 Elzinga purports to condemn. Mot. at 9.  Notably, Plaintiffs do not show how or where any of

23 the facts in the narratives were applied by Professor Elzinga in any analysis.  Lacking any

24 such analysis, Professor Elzinga's narratives are indistinguishable from those excluded in

25 *Highland Capital* and other cases and should be similarly excluded.

26      Plaintiffs cite to no case allowing the presentation of narrative facts, claiming only that

27 Judge Illston in *In Re: TFT-LCD (Flat Panel) Antitrust Litigation* "rejected identical

28 arguments."  Opp. at 2, 6-7.  Plaintiffs' characterization of that order is incorrect and their

reliance therefore misplaced.  Judge Illston in the LCD matter addressed the expert testimony in the context of a short motion in limine.  She did not reject the arguments.  She instead denied the motion without prejudice to arguments to be made at trial.  Ex. 2 to Bernstein Decl. (*In re:  TFT-LCD (Flat Panel) Antitrust Litig.*, Final Pretrial Scheduling Order at 6, No. 07-md-1827 (N.D. Cal. May 4, 2012), ECF No. 5597).  Second, the arguments there were not identical to those made here.  Plaintiffs assert generally that the Defendants to the LCD motion *in limine* tried to exclude an expert from presenting the factual bases for the opinion, but make no effort to explain what the expert there was offering or how it is analogous to Professor Elzinga.  *See* Opp. at 6-7.  Among other things, the LCD expert did not present a 70-page factual narrative of the type offered by Professor Elzinga.  The question of the presentation of facts divorced from an analysis was also not before the LCD Court.  As described above the challenged narrative portions of Professor Elzinga's testimony are demonstrably analogous to those offered in *Highland Capital*.  The narratives and testimony offered there were excluded before trial and should be excluded here as well.

**B.    Professor Elzinga Cannot Make Embedded Conclusions And Inferences Regarding Non-Economic Motive And Intent**

Plaintiffs argue generally that Professor Elzinga's embedded legal conclusions and intent testimony are admissible, but without any reference or argument directed to the specific inferences or conclusions as actually drawn by Professor Elzinga.  Plaintiffs do not address Defendants' argument that Professor Elzinga has no basis to present his opinion ████ ████████████████████████████████  Mot. at 10.  Plaintiffs bear the burden of proving the admissibility of this testimony, and thereby concede this point.  *See Cannon v. Wells Fargo Bank, N.A.*, 952 F. Supp. 2d 1, 11 (D.D.C. 2013) (where brief did not address certain arguments raised by the opposing party those matters were deemed conceded).  Moreover, Plaintiffs do not directly address the propriety of Professor Elzinga's use of the term "agreements" or his attribution of non-economic and subjective motive and intent to Defendants.  As described in the motion and below, neither form of testimony is admissible in this case.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### 1.   Professor Elzinga's Embedded Conclusions Regarding "Agreements" Are Inadmissible.

Plaintiffs do not deny that Professor Elzinga draws inferences from the record regarding the existence of "agreements," including from the third-party industry newsletters and other sources identified in the motion.   Nor do Plaintiffs dispute that the word "agreement" is a legal term within the context of this case.   Plaintiffs do not dispute that Professor Elzinga lacks any special expertise to identify the existence of agreements, whether used in a legal or any other sense.   Finally, Plaintiffs do not dispute that inferences and conclusions of "agreement" are to be made by the jury in this case.   *See* Opp. at 15 n.12.

According to Plaintiffs, Professor Elzinga's inferences and conclusions regarding agreements are admissible because they are not offered as "true" or "perfunctory" legal conclusions.   Opp. at 13.   In support, Plaintiffs claim that the Ninth Circuit rejected Defendants' "very argument" in *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016-17 (9th Cir. 2004).   Opp. at 13.   *Hangarter,* however, did not address an economist drawing inferences of "agreement" from the record in a conspiracy case.   It involved an accounting expert who testified in a litigation regarding disability benefits that the defendant insurer had departed from insurance industry norms in denying certain benefits to the plaintiff. *Hangarter*, 373 F.3d at 1016-17.   During the testimony, the expert referenced a law governing insurance claims adjustments.   The Ninth Circuit held this testimony admissible even though the expert relied in part on his understanding of the requirements of that law.   The expert did not improperly instruct the jury as to the applicable law or usurp its role because the law referenced was not at issue in the litigation and was ultimately "ancillary to the ultimate issue of bad faith" in the case.   *Id.* at 1017.   Similarly, Plaintiffs' reference to certain trial testimony and rulings by Judge Illston and the LCD case is misplaced.   Opp. at 6-7.   The question addressed in the excerpts cited by Plaintiffs was whether the expert could properly draw inferences from legal documents such as interrogatory responses (as compared to contemporaneous business records).   *See id.* (citing selected rulings at trial).   The LCD expert moreover did not purport to offer a narrative "record of agreements."

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    In this case, the question of the existence of agreements is in no way "ancillary" to

2 ultimate issues the jury will be called upon to decide.  It is indisputably the first issue the jury

3 will be called upon to decide.  Moreover, unlike the claims adjuster in *Hangarter*, Professor

4 Elzinga's profession does not require or enable him to work with the application of the law.

5 As explained in the motion, experts in antitrust cases may not opine whether an illegal

6 conspiracy or agreement actually existed.  Mot. at 11-12 (citing *U.S. Info. Sys., Inc. v. Int'l*

7 *Bhd. of Electric Workers Local Union No. 3*, 313 F. Supp. 2d 213, 239-40 (S.D.N.Y. 2004);

8 *Holiday Wholesale Grocery Co. v. Philip Morris, Inc.*, 231 F. Supp. 2d 1253, 1322 (W.D. Ga.

9 2002)).  In *U.S. Info. Systems*, the expert was precluded from testifying as to whether the

10 defendants "did or did not engage in anticompetitive conduct" as part of his general

11 application of facts to theory.  *Id.* at 240-241.  According to the court, such "embedded legal

12 conclusions"—whether intended as such or not—were inadmissible.  *Id.*  Although the expert

13 there could testify as to factors which make behavior anticompetitive, he could not present to

14 the jury the inference that it *was* anticompetitive, which is for the jury to decide.  *Id.*; *see also*

15 *Ohio v. Louis Trauth Dairy*, 925 F. Supp. 1247, 1254 (S.D. Ohio 1996) (holding that,

16 although experts' antitrust analysis is admissible, conclusions as to existence of conspiracy as

17 based on that analysis improperly embraced a legal conclusions and were inadmissible); *cf.*

18 *Andrews v. Metro N. Commuter R.R.*, 882 F.2d 705, 709 (2d Cir. 1989) (deeming expert use

19 of the term "negligent" in railroad accident case inadmissible).  Such testimony "merely tell[s]

20 the jury what result to reach" and is therefore inadmissible.  Fed. R. Evid. 704, 1972 advisory

21 cmte. note.  Professor Elzinga would go even further than the expert in *U.S. Information*

22 *Systems* who testified as to anticompetitive "conduct" and offer conclusions of

23 anticompetitive "agreements."  Professor Elzinga indisputably has no qualifications to make

24 such conclusions and his testimony presents no expertise that can provide assistance to the

25 trier of fact in that regard.

26    Plaintiffs' only response directed to Professor Elzinga's actual testimony is to say that

27 Professor Elzinga is not offering the existence of "agreements" as legal opinion.  Opp. at 13.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   As explained in the motion, it does not matter whether Professor Elzinga intends to offer a

2   "true" legal conclusion:  "the risk that a jury, confronted with a credentialed expert, would be

3   confused or give undue deference to the expert's implicit characterization of the evidence is

4   simply too great."  Mot. at 12 (citing *Hygh v. Jacobs*, 961 F. Supp. 359, 363 (2d Cir. 1992);

5   *United States v. Saya*, 961 F. Supp. 1395, 1397 (D. Haw. 1996); *U.S. Info. Sys.,* 313 F. Supp.

6   at 241 ("recognizing that the ultimate determination of what did or did not happen in this case

7   is left to the finder of fact" and that an expert in an antitrust case could hypothesize that if

8   certain conduct did occur, the market would react a certain way, but could not testify that such

9   conduct did in fact occur)).  Professor Elzinga ██████████████████████████████████████

10  ██████████████████████████████████████████████   ███████████████████████   ██

11  ████████████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████████████

13  ████████████████████████████   ██████████████████████████████████████████████

14  ███████████████████████████████████   Mot. at 3-5.  Even setting aside the

15  questionable veracity of Plaintiffs' assertion that Professor Elzinga never purports to express

16  an opinion regarding any Defendants' participation in the alleged cartel, it is impossible to see

17  how any juror hearing Professor Elzinga draw inferences and testify that the record shows a

18  history of "agreements" would not be confused as to the nature of Professor Elzinga's opinion

19  or otherwise give Professor Elzinga special deference in this regard.  *See, e.g.*, *U.S. Info. Sys.,*

20  313 F. Supp. 2d at 240; *Hygh*, 961 F.2d at 364 (deeming expert testimony that Defendants'

21  conduct was not "justified under the circumstances" and not "warranted under the

22  circumstances" inadmissible).  There is simply no basis to allow Professor Elzinga to draw

23  these inferences about or usurp the role of the jury directly or indirectly by characterizing

24  facts as "agreements."

25          **2.     Professor Elzinga's Inferences Of Subjective Motive
                     And Intent Are Inadmissible.**

26

27          In the motion, Defendants identified numerous examples of Professor Elzinga

28  attributing subjective motive and intent to Defendants' actions.  Plaintiffs in a footnote offer

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    the non-sequitur that "economists commonly evaluate how rational economic actors make

2    choices." Opp. at 6 n. 5.  Defendants do not dispute Professor Elzinga's qualifications to draw

3    economic inferences from the record.   Instead, Defendants seek to exclude Professor

4    Elzinga's further opinions regarding defendants' subjective intent, motive or state of mind that

5    have nothing to do with economic intent.   These inferences are not Professor Elzinga's

6    interpretations of facts as an economist, but his characterization of what was "recognized,"

7    "clear" or otherwise meant by Defendants subjectively.  Mot. at 4.  Plaintiffs' position that the

8    testimony is admissible because Professor Elzinga is not improperly "weighing conflicting

9    testimonial evidence" (Opp. at 11) misses the point.   Certainly, Professor Elzinga cannot

10    weigh conflicting testimonial evidence.  The issue here is whether an expert can infer

11    subjective motive and intent.  It is well-established no "expert testimony is []relevant if the

12    expert is offering a personal evaluation of the testimony and credibility of others *or the*

13    *motivations of the parties.*" *U.S. Info. Sys.,* 313 F. Supp. 2d at 226 (emphasis added).

14          Plaintiffs address none of the authorities cited in the motion on this point and offer

15    nothing to the contrary. They provide no examples of Professor Elzinga drawing what they

16    would consider to be proper inferences of motive and intent of any kind. They are moreover

17    silent on ███████████████████████████████████████████████████████████

18    ██████████████████████████████████████ Mot. at 4.  Here again, their reliance

19    on the LCD trial is misplaced and unaccompanied by attempt to explain the circumstances of

20    that case as potentially applicable here.  Opp. at 7.   Among other things, the LCD expert did

21    not claim to possess an "intellectual filter" of any kind to enable him to interpret the meaning

22    of language.  Professor Elzinga's approach was squarely rejected in *U.S. Info. Sys.* and no

23    different result is warranted here.

24         **C.**    **Plaintiffs Cannot Refer To Unspecified Documents To Either**

25             **Support Professor Elzinga Or Delay Decision On The Motion**

26          Plaintiffs' incredible suggestion that Professor Elzinga does not engage in any kind of

27    "interpretation" or "speculation" because unspecified documents in this case "show[] these

28    intentions without question" and with "complete clarity" (Opp. at 15) is worth no

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  consideration by this Court.  Plaintiffs do not even offer a single document from the purported

2  "mountain" of conspiracy communications to support this suggestion.  A court necessarily

3  cannot consider an argument based on facts not before it.  *See, e.g.*, *Boyd v. United Transp.*

4  *Union Ins. Ass'n*, No C05-1413, 2006 WL 581025, at *4 (W.D. Wash. Mar. 7, 2006) (refusing

5  to consider argument on conflict of interest where doing so would require the court to

6  consider facts not presented to it).

7        Plaintiffs' argument is moreover both factually and legally erroneous.  █████

8  ████████████████████████████████████████████  ████████  ████████

9  ████████████████████  ████████████████████████████████

10  ████████████████████████████  ████████████████████  *see, e.g.*,

11  *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 441 n.16 (1978) ("The exchange of price

12  data and other information among competitors does not invariably have anticompetitive

13  effects; indeed such practices can in certain circumstances increase economic efficiency and

14  render markets more, rather than less competitive.").  Professor Elzinga has already

15  acknowledged that he draws inferences of agreement and other motive and intent from

16  ambiguous documents, ████████████████████████████████████████████

17  ████████████████████████████████████  Mot. at -5.

18        By their opposition, Plaintiffs argue that the admissibility of Professor Elzinga's

19  testimony can be deferred and later reviewed "within the context of the evidence adduced at

20  trial."  Opp. at 1-2 & nn. 1 & 2.  Defendants disagree.  Courts, acting in their role of

21  gatekeeper of expert testimony, routinely address and decide questions of narratives,

22  embedded legal conclusions, and subjective motive and intent *before* trial.  Where, as here,

23  the scope of the testimony and the conclusions are fully laid out in the expert report, courts

24  can and should decide questions of admissibility prior to trial.  *See Lopez*, 2014 WL 1897548,

25  at *11; *Highland Capital,* 379 F. Supp. 2d at 474 (finding no need to defer to trial decisions

26  on what is clearly inadmissible testimony); *Kidder, Peabody & Co. v. IAG Int'l Acceptance*

27  *Group NV*, 14 F. Supp. 2d 391, 404 (S.D.N.Y. 1998) (holding that "the detailed reasoning

28  contained in the report makes it unnecessary to defer this conclusion until his deposition has

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   been taken or the trial has begun"); *e.g.*, *U.S. Info Sys.*, 313 F. Sup. 2d at 240-41 (deciding

2   before trial that expert in antitrust case would be allowed to testify at trial regarding factors

3   tending to show anticompetitive conduct as applied to industry, but not to narrative portion of

4   report or to suggest fact of actual anticompetitive behavior or other intent).

5       Defendants have specified the exact pages which contain Professor Elzinga's improper

6   narrative.   Moreover, Defendants have identified Professor Elzinga's use of the word

7   "agreements" and attributions of subjective motive and intent and explained that he has no

8   basis to offer those conclusions under any circumstances.  The Court needs nothing more to

9   decide the motion.  Plaintiffs offer nothing to support their implied assertion that there might

10  be circumstances at trial that nonetheless would impact this Court's consideration of Professor

11  Elzinga's testimony as already disclosed.   Of equal importance, they do not present any

12  argument as to why this Court *cannot* decide this motion now and thus avoid the inevitable

13  objections, sidebars and other distractions that will necessarily accompany any decision to

14  defer this decision until trial.  For example, each time Professor Elzinga testifies as to a fact

15  relied on Plaintiffs would be obligated to demonstrate that the fact was contained in the

16  analysis and not the narrative sections of his reports.  This Court should instead decide the

17  motion now and in Defendants' favor, precluding Professor Elzinga from presenting at trial a

18  narrative, inferences about the existence of "agreements," and inferences about Defendants'

19  motive and intent.

20  **III.    CONCLUSION**

21      For these reasons and the reasons contained in our initial motion, the Court should

22  preclude Professor Elzinga from presenting at trial the testimony contained on pages 79-151

23  of the April 15, 2014 Expert Report of Professor Kenneth G. Elzinga and pages 37-62 of the

24  September 26, 2014 Reply Expert Report of Professor Kenneth G. Elzinga.

25

26

27

28

1

2   Dated:  February 9, 2014

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**WHITE & CASE** LLP

By:  */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and Toshiba
America Electronic Components, Inc.*

(With respect to all of the above-captioned
cases except for *Dell Inc., et al. v. Hitachi,
Ltd., et al.*, No. 13-cv-0271)

BAKER BOTTS LLP

By:  */s/ John M. Taladay*
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
Charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Avenue, N.W.
Washington DC 20004-2400
Telephone:  (202) 639-7700
Facsimile:  (202) 639-7890

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone:  (650) 739-7500
Facsimile:  (650) 739-7699
E-mail:  jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips
N.V., Philips Electronics North America
Corporation, Philips Taiwan Ltd., and
Philips do Brasil, Ltda.*

By: */s/ Jeffrey L. Kessler*
WINSTON & STRAWN LLP
Jeffrey L. Kessler (*pro hac vice*)
A. Paul Victor (*pro hac vice*)
Aldo A. Badini Cal. Bar No. 257086
Eva W. Cole (*pro hac vice*)
Molly M. Donovan (*pro hac vice*)
200 Park Avenue
New York, NY 10166
Telephone:(212) 294-4692
Facsimile: (212) 294-4700
Email:    jkessler@winston.com
abadini@winston.com
pvictor@winston.com
ewcole@winston.com
mmdonovan@winston.com

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WEIL, GOTSHAL & MANGES LLP
Steven A. Reiss (*pro hac vice*)
David L. Yohai (*pro hac vice*)
Adam C. Hemlock (*pro hac vice*)
767 Fifth Avenue
New York, NY 10153-0119
Telephone:(212) 310-8000
Facsimile: (212) 310-8007
Email:    steven.reiss@weil.com
              david.yohai@weil.com
              adam.hemlock@weil.com

*Attorneys for Defendants Panasonic
Corporation (f/k/a Matsushita Electric
Industrial Co., Ltd.), Panasonic Corporation
of North America, and MT Picture Display
Co., Ltd.*

(With respect to all of the above-captioned
cases except for *Dell Inc., et al. v. Hitachi,
Ltd., et al.*, No. 13-cv-0271, and *Costco
Wholesale Corp. v. Hitachi, Ltd., et al.*, No.
3:11-cv-06397)

By: */s/ Michael W. Scarborough*
        SHEPPARD MULLIN RICHTER &
        HAMPTON LLP
        Gary L. Halling, Cal. Bar No. 66087
        James L. McGinnis, Cal. Bar No. 95788
        Michael W. Scarborough, Cal. Bar No.
        203524
        Four Embarcadero Center, 17th Floor
        San Francisco, CA  94111-4109
        Telephone:(415) 434-9100
        Facsimile: (415) 434-3947
        E-mail: ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com

*Attorneys for Defendants Samsung SDI
America, Inc.; Samsung SDI Co., Ltd.;
Samsung SDI (Malaysia) SDN. BHD.;
Samsung SDI Mexico S.A. DE C.V.; Samsung*

*SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

By: /s/ Eliot A. Adelson
    KIRKLAND & ELLIS LLP
    Eliot A. Adelson Cal. Bar. No. 205284
    555 California Street, 27th Floor
    San Francisco, CA 94104
    Telephone:(415) 439-1400
    Facsimile: (415) 439-1500
    Email:   eadelson@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display, Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

By: /s/ Rachel S. Brass
    GIBSON, DUNN & CRUTCHER LLP
    Rachel S. Brass Cal. Bar. No. 219301
    Joel S. Sanders Cal. Bar. No. 107234
    Austin V. Schwing Cal. Bar. No. 211696
    555 Mission Street, Suite 3000
    San Francisco, CA 94105
    Telephone:(415) 393-8200
    Facsimile: (415) 393-8306
    Email:   rbrass@gibsondunn.com
            jsanders@gibsondunn.com
            aschwing@gibsondunn.com

    FARMER BROWNSTEIN JAEGER LLP
    WILLIAM S. FARMER, SBN 46694
    WFarmer@FBJ-law.com
    DAVID BROWNSTEIN, SBN 141929
    DBrownstein@FBJ-law.com
    JACOB ALPREN, SBN 235713
    JAlpren@FBJ-law.com
    235 Montgomery Street, Suite 835
    San Francisco California 94104

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

Telephone 415.962.2876
Facsimile: 415.520.5678

3

4

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia)*

5

6

By: /s/ Kathy L. Osborn

7

FAEGRE BAKER DANIELS LLP
Kathy L. Osborn (*pro hac vice*)

8

Ryan M. Hurley (*pro hac vice*)
300 N. Meridian Street, Suite 2700

9

Indianapolis, IN 46204
Telephone: (317) 237-0300

10

Facsimile: (317) 237-1000

11

kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

12

13

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP

14

1950 University Avenue, Suite 450

15

East Palo Alto, CA 94303-2279
Telephone: (650) 324-6700

16

Facsimile: (650) 324-6701

17

calvin.litsey@FaegreBD.com

18

*Attorneys for Defendants Thomson SA and*

19

*Thomson Consumer Electronics, Inc.*

20

21

By: /s/ Michael T. Brody

22

JENNER&BLOCK LLP
Terrence J. Truax (*pro hac vice*)

23

Michael T. Brody (*pro hac vice*)
353 North Clark Street

24

Chicago, Illinois 60654-3456

25

Telephone: (312) 222-9350
Facsimile: (312) 527-0484

26

ttruax@jenner.com

27

mbrody@jenner.com

28

Brent Caslin (Cal. Bar. No. 198682)

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
18

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   JENNER&BLOCK LLP
2   633 West Fifth Street, Suite 3600
    Los Angeles, California 90071
3   Telephone: (213) 239-5100
    Facsimile: (213) 239-5199
4   bcaslin@jenner.com
5
6   *Attorneys for Defendants Mitsubishi Electric*
    *Corporation, Mitsubishi Electric US, Inc.*
7   *and, Mitsubishi Electric Visual Solutions*
    *America, Inc.*
8
9   SQUIRE PATTON BOGGS (US) LLP
10
    By: */s/ Nathan Lane, III*
11       Mark Dosker
         Nathan Lane, III
12       275 Battery Street, Suite 2600
         San Francisco, CA  94111
13       Telephone:  415.954.0200
         Facsimile:  415.393.9887
14       Email:  mark.dosker@squirepb.com
15              nathan.lane@squirepb.com
16
17       Donald A. Wall (*Pro Hac Vice*)
         SQUIRE PATTON BOGGS (US) LLP
18       1 East Washington Street, Suite 2700
         Phoenix, Arizona 85004
19       Telephone:  602.528.4000
         Facsimile:  602.253.8129
20       Email:  donald.wall@squirepb.com
21
22       *Attorneys for Defendant Technologies*
         *Displays Americas LLC with respect to all*
23       *cases except Office Depot, Inc. v.*
         *Technicolor SA, et al. and Sears, Roebuck*
24       *and Co., et al v. Technicolor SA, et al.*
25
26
27
28

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR ELZINGA
Case No. 07-5944 SC, MDL No. 1917
19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/  Jeffrey I. Zuckerman*
    Jeffrey I. Zuckerman (Pro Hac Vice)
    Ellen Tobin (Pro Hac Vice)
    101 Park Avenue
    New York, New York 10178
    Telephone: 212.696.6000
    Facsimile: 212.697.1559
    Email:  jzuckerman@curtis.com
    etobin@curtis.com

    Arthur Gaus (SBN 289560)
    DILLINGHAM & MURPHY, LLP
    601 California Street, Suite 1900
    San Francisco, California 94108
    Telephone: 415.397.2700
    Facsimile: 415.397-3300
    Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co. et al. v. Technicolor SA, et al.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

701 Thirteenth Street, NW
Washington, DC 20005
White & Case LLP

1    MUNGER, TOLLES & OLSON LLP

2    By: */s/ Hojoon Hwang* _____

3

4    JEROME C. ROTH (State Bar No. 159483)
     jerome.roth@mto.com
5    HOJOON HWANG (State Bar No. 184950)
     hojoon.hwang@mto.com
6    MIRIAM KIM (State Bar No. 238230)
     miriam.kim@mto.com
7    MUNGER, TOLLES & OLSON LLP
8    560 Mission Street, Twenty-Seventh Floor
9    San Francisco, California 94105-2907
     Telephone: (415) 512-4000
10   Facsimile: (415) 512-4077

11

12   WILLIAM D. TEMKO (SBN 098858)
     William.Temko@mto.com
13   MUNGER, TOLLES & OLSON LLP
     355 South Grand Avenue, Thirty-Fifth Floor
14   Los Angeles, CA 90071-1560
     Telephone: (213) 683-9100
15   Facsimile: (213) 687-3702

16

17   *Attorneys for Defendants LG Electronics,*
     *Inc., LG Electronics USA, Inc., LG*
18   *Electronics Taiwan Taipei Co., Ltd.*

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

On February 9, 2014, I caused a copy of "DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE CERTAIN EXPERT TESTIMONY OF PROFESSOR KENNETH ELZINGA" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: _/s/ Lucius B. Lau_

Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005