Guido Saveri (22349)
   *guido@saveri.com*
R. Alexander Saveri (173102)
   *rick@saveri.com*
Geoffrey C. Rushing (126910)
   *grushing@saveri.com*
Travis L. Manfredi (281779)
   *travis@saveri.com*
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | **DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO MODIFY DIRECT PURCHASER CLASS CERTIFICATION SCHEDULING ORDER [DKT. 3184]**<br><br>Date:  TBD<br>Time:  TBD<br>Judge:  Hon. Samuel Conti<br>Court:  Courtroom 1, 17th Floor |

1  I, R. Alexander Saveri, declare:

2      1. I am a partner with Saveri & Saveri, Inc., Interim Lead Counsel for Direct Purchaser Plaintiffs in this litigation. I am a member of the Bar of the State of California and an attorney admitted to practice in the Northern District of California. I make this Declaration in Support of Direct Purchaser Plaintiffs' Opposition to Mitsubishi Electric Defendants' Motion to Modify Direct Purchaser Class Certification Scheduling Order [Dkt. 3184]. Except as otherwise stated, I have personal knowledge of the facts stated below.

    2. On November 25, 2014, I emailed counsel for Mitsubishi and offered to make Dr. Leitzinger available for deposition on January 8, 2015 and January 23, 2015. A true and correct copy of this email is attached hereto as <u>Exhibit 1</u>.

    3. Mitsubishi has never sought to take Dr. Leitzinger's deposition. It has never served a deposition notice, and did not respond to my email offering deposition dates, except that during the last week of January, 2015—after the proffered dates had passed—Mitsubishi requested an additional extension of time. Even then, however, Mitsubishi did not seek to schedule Dr. Leitzinger's deposition.

    4. On May 14, 2013, DPPs filed a Motion for Class Certification (Dkt. No. 1674) against the Samsung SDI and Hitachi defendants. That motion was made on similar grounds to the instant motion and was also supported by an expert report authored by Dr. Leitzinger. The principal conclusions of Dr. Leitzinger's report then, as now, were that (1) harm to the class resulting from the alleged price-fixing conspiracy could be proved on a class-wide basis using common proof; and (2) that a methodology existed to determine the amount of damages suffered by class members. The defendants deposed Dr. Leitzinger on August 22, 2013.

    5. The Samsung SDI and Hitachi Defendants filed an opposition to DPPs' first class motion under seal on September 11, 2013. Dkt. No. 1945 (filed September 20, 2013 after sealing order entered). Their 40 page opposition included an extensive critique of Dr. Leitzinger's report, and was supported by a 176 page report by another expert, Dr. Robert Willig. Dr. Willig's report addressed virtually every aspect of Dr. Leitzinger's report.

6. DPPs filed their reply brief on November 11, 2013. Dr. Leitzinger prepared another report rebutting Dr. Willig in support of DPPs' reply brief.

7. The principal questions raised by DPPs' class motion—(1) whether harm to Direct Purchasers of CRTs and finished products containing CRTs could be proven on a classwide basis and (2) whether damage methodologies exist—were also extensively litigated in connection with the class certification motion filed by the Indirect Purchaser Plaintiffs ("IPPs"). The IPPs motion, filed on October 1, 2012 (Dkt. No. 1388), addressed these issues in detail. The IPPs' expert economist, Dr. Janet Netz, also analyzed them in her 262 page report submitted in support of IPPs' motion. Defendants' opposition brief contained an extensive critique of Dr. Netz' work, and relied on a report from Dr. Willig. The IPPs reply brief, filed on February 15, 2013, was also supported by another report by Dr. Netz.

8. DAPs have served over fifteen damage reports utilizing damage models similar to Dr. Leitzinger's.

9. I negotiated a settlement in principle with Thomson in the last few days of December, 2014. I understand that counsel for Thomson notified the other defendants of the settlement pursuant to a joint defense agreement.

10. DPPs have filed two motions to compel due to Mitsubishi's failure to fulfill its discovery obligations.

Executed the 12th day of February, 2015, in San Francisco, California.

                                             */s/ R. Alexander Saveri*
                                                 R. Alexander Saveri

# EXHIBIT 1

# Rick Saveri

| | |
|---|---|
| **From:** | Rick Saveri |
| **Sent:** | Tuesday, November 25, 2014 6:07 PM |
| **To:** | 'Brody, Michael T.'; Fuentes, Gabriel A.; Kathy L. Osborn (kathy.osborn@FaegreBD.com); Wall, Donald A. |
| **Cc:** | Geoff Rushing |
| **Subject:** | CRT |

Pursuant to the stipulation entered into by the parties, class plaintiffs are making prof. Leitzinger available for deposition in January 2015. The professor has January 9 or January 23 available. Please let me know what day works for defendants so we can reserve it in advance.

Regards

Rick

---

R. Alexander Saveri
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813