# Exhibit A

HIGHLY CONFIDENTIAL

Page 1

1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3

4    IN RE:  CATHODE RAY TUBE    ) No. 3:07-cv-05944-SC

     (CRT) ANTITRUST LITIGATION  ) MDL No. 1917

5                                )

     _____)

6                                )

     This Document Relates to:   )

7                                )

     ALL ACTIONS                 )

8    _____)

9

10

11

12              HIGHLY CONFIDENTIAL

13

14    VIDEOTAPED DEPOSITION OF ALAN S. FRANKEL, Ph.D.

15              Los Angeles, California

16              Thursday, July 10, 2014

17

18

19

20

21   Reported by:

22   SHANDA GABRIEL

23   CSR No. 10094

24

25

HIGHLY CONFIDENTIAL

Page 2

1          UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3

4     IN RE:  CATHODE RAY TUBE     ) No. 3:07-cv-05944-SC

      (CRT) ANTITRUST LITIGATION  ) MDL No. 1917

5                                  )

      _____)

6                                  )

      This Document Relates to:    )

7                                  )

      ALL ACTIONS                  )

8     _____)

9

10

11

12

13          Videotaped deposition of ALAN S. FRANKEL,

14    Ph.D., taken on behalf of the Defendants at

15    2049 Century Park East, Los Angeles, California,

16    commencing at 9:07 a.m., Thursday, July 10, 2014,

17    before SHANDA GABRIEL, CSR No. 10094.

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 3

1   APPEARANCES:

2

3   FOR BEST BUY:

4        ROBINS, KAPLAN, MILLER & CIRESI LLP

5        BY:  ROMAN M. SILBERFELD, ESQ.

6             DAVID MARTINEZ, ESQ.

7        2049 Century Park East

8        Suite 3400

9        Los Angeles, California  90067-3208

10       (310) 552-0130

11       rmsilberfeld@rkmc.com

12       dmartinez@rkmc.com

13

14   FOR THE PLAINTIFFS TARGET CORPORATION AND VIEWSONIC

15   CORPORATION:

16       CROWELL MORING

17       BY:  ROBERT McNARY, ESQ.

18       515 South Flower Street

19       40th Floor

20       Los Angeles, California  90071-2258

21       (213) 443-5590

22       rmcnary@crowell.com

23

24

25

HIGHLY CONFIDENTIAL

Page 4

1    APPEARANCES (CONTINUED):

2

3    FOR THE PLAINTIFFS ABC APPLIANCE, INC., COMPUCOM

4    SYSTEMS, INC., INTERBOND CORPORATION OF AMERICA,

5    MARTA COOPERATIVE OF AMERICA, INC., ELECTROGRAPH

6    SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP.,

7    TECH DATA CORP. AND TECH DATA PRODUCT MANAGEMENT,

8    INC., SCHULTZE AGENCY SERVICES, LLC ON BEHALF OF

9    TWEETER NEWCO, LLC AND TWEETER OPCO, LLC, P.C.

10   RICHARD & SON LONG ISLAND CORPORATION, OFFICE DEPOT,

11   INC.:

12           BOISE, SCHILLER & FLEXNER LLP

13           BY:  KYLE SMITH, ESQ.

14           30 South Pearl Street

15           11th Floor

16           Albany, New York  12207

17           (518) 434-0600

18           ksmith@bsfllp.com

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

```
1    APPEARANCES (CONTINUED):

2

3    FOR THE PLAINTIFFS SEARS AND KMART:

4         KENNY NACHWALTER

5         BY:  RICHARD ALAN ARNOLD, ESQ.

6         1100 Miami Center

7         201 South Biscayne Boulevard

8         Miami, Florida 33131

9         (305) 373-1000

10

11   FOR THE PHILIPS DEFENDANTS:

12        BAKER BOTTS LLP

13        BY:  CHARLES A. LOUGHLIN, ESQ.

14             JOHN M. TALADAY, ESQ.

15             TIFFANY GELOTT, ESQ.

16        1299 Pennsylvania Avenue, NW

17        Washington, D.C. 20004-2400

18        (202) 639-1104

19        charles.loughlin@bakerbotts.com

20        john.taladay@bakerbotts.com

21        tiffany.gelott@bakerbotts.com

22

23

24

25
```

HIGHLY CONFIDENTIAL

Page 6

1    APPEARANCES (CONTINUED):

2

3    FOR THE PANASONIC DEFENDANTS:

4         WINSTON & STRAWN

5         BY:  MATTHEW R. DALSANTO, Ph.D., ESQ.

6         35 W. Wacker Drive

7         Chicago, Illinois  60601

8         (312) 558-6211

9         mdalsanto@winston.com

10

11        WINSTON & STRAWN

12        BY:  MOLLY M. DONOVAN, ESQ.

13        200 Park Avenue

14        New York, New York  10166

15        mmdonovan@winston.com

16        (212) 294-4692

17

18   FOR CHUNGHWA PICTURE TUBES, LTD:

19        GIBSON, DUNN & CRUTCHER LLP

20        BY:  RACHEL S. BRASS, ESQ.

21        555 Mission Street

22        San Francisco, California  94105-0921

23        (415) 393-8200

24        rbrass@gibsondunn.com

25

HIGHLY CONFIDENTIAL

Page 7

1    APPEARANCES (CONTINUED):

2

3    FOR HITACHI LIMITED, HITACHI ASIA, HITACHI DISPLAYS,

4    HITACHI AMERICA, HITACHI ELECTRONIC DEVICES US:

5            KIRKLAND & ELLIS LLP

6            BY:  ELIOT A. ADELSON, ESQ.

7            555 California Street

8            San Francisco, California  94104

9            (415) 439-1413

10           eliot.adelson@kirkland.com

11

12   FOR THE LG DEFENDANTS:

13           MUNGER, TOLLES & OLSON LLP

14           BY:  HOJOON HWANG, ESQ.

15           33 New Montgomery Street

16           Nineteenth Floor

17           San Francisco, California  94105-9781

18           (415) 512-4009

19           hwanghx@mto.com

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 8

1   APPEARANCES (CONTINUED):

2

3   FOR THE SAMSUNG SDI DEFENDANTS:

4        SHEPPARD MULLIN RICHTER & HAMPTON LLP

5        BY:  MONA SOLOUKI, ESQ.

6             NADEZHDA NIKONOVA, ESQ.

7        Four Embarcadero Center

8        17th Floor

9        San Francisco, California  94111

10        (415) 434-9100

11        msolouki@sheppardmullin.com

12        nnikonova@sheppardmullin.com

13

14   FOR AL SIEGEL AS TRUSTEE OF THE CIRCUIT CITY

15   LIQUIDATING TRUST:

16        KLEE, TUCHIN, BOGDANOFF & STERN LLP

17        BY:  KATHRYN ZWICKER, ESQ.

18        1999 Avenue of the Stars

19        Thirty-Ninth Floor

20        Los Angeles, California  90067

21        (310) 407-4076

22        kzwicker@ktsblaw.com

23

24

25

HIGHLY CONFIDENTIAL

Page 9

1   APPEARANCES (CONTINUED):

2

3   FOR AL SIEGEL AS TRUSTEE OF THE CIRCUIT CITY
4   LIQUIDATING TRUST:
5           SUSMAN GODFREY LLP
6           BY:  KENNETH S. MARKS, ESQ.
7           1000 Louisiana Street
8           Suite 5100
9           Houston, Texas  77002
10          (713) 653-7854
11          kmarks@susmangodfrey.com
12

13  FOR THE TOSHIBA DEFENDANTS:
14          WHITE & CASE LLP
15          BY:  KRISTEN J. McAHREN, ESQ.
16          701 13th Street, NW
17          Washington DC  20005-3807
18          (202) 626-3706
19          kmcahren@whitecase.com
20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 10

```
 1   APPEARANCES (CONTINUED):

 2

 3   FOR THE STATE OF CALIFORNIA:

 4          CALIFORNIA DEPARTMENT OF JUSTICE

 5          BY:  MICHAEL WAYNE JORGENSON

 6          (APPEARING TELEPHONICALLY)

 7          455 Golden Gate Avenue

 8          Suite 1100

 9          San Francisco, California  94012-7004

10          (415) 703-5629

11          michael.jorgenson@doj.ca.gov

12

13   FOR THE DEFENDANTS THOMSON CONSUMER ELECTRONICS,

14   INC. AND THOMSON SA:

15          FAEGRE BAKER DANIELS LLP

16          BY:  RYAN M. HURLEY, ESQ.

17          (APPEARING TELEPHONICALLY)

18          300 N. Meridian Street

19          Suite 2700

20          Indianapolis, Indiana 46204

21          (317) 237-1144

22          Ryan.Hurley@faegrebd.com

23

24

25
```

HIGHLY CONFIDENTIAL

Page 11

1   APPEARANCES (CONTINUED):

2

3   FOR MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI

4   ELECTRIC VISUAL SOLUTIONS AMERICA, INC., MITSUBISHI

5   ELECTRIC US, INC:

6           JENNER & BLOCK LLP

7           BY:  SHAUN M. VAN HORN, ESQ.

8           (APPEARING TELEPHONICALLY)

9           353 N. Clark Street

10          Chicago, Illinois  60654-3456

11          (312) 840-8896

12          svanhorn@jenner.com

13

14

15  ALSO PRESENT:

16           JULIAN SHINE, VIDEOGRAPHER

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 276



```
10                    EXAMINATION                    17:48:53

11   BY MS. BRASS:                                   17:48:53

12        Q.   Hi.   I'm Rachel Brass for the Chunghwa   17:48:54

13   Picture Tubes defendants.                       17:48:58

14        A.   Hello.                                17:48:58

15        Q.   Dr. McClave did not separately compute any   17:48:59

16   overcharge for the CPT defendants, correct?    17:49:04

17        A.   I don't know what you mean.   He separately   17:49:08

18   calculated a CPT overcharge separate from a CDT   17:49:12

19   overcharge.                                     17:49:16

20        Q.   Let me rephrase.                      17:49:16

21             He computed one overcharge for all    17:49:18

22   defendants, correct, for CPT and for CDT?      17:49:21

23        A.   For all defendants for all CDT sales was my   17:49:25

24   understanding.                                  17:49:32

25        Q.   Correct.   And he didn't attempt to   17:49:32
```

HIGHLY CONFIDENTIAL

Page 277

| | | |
|---|---|---|
| 1 | separately calculate an overcharge for the Chunghwa | 17:49:34 |
| 2 | Picture Tubes defendants, correct? | 17:49:38 |
| 3 | A.   That's my understanding. | 17:49:42 |
| 4 | Q.   And you did not attempt to separately | 17:49:43 |
| 5 | calculate an overcharge for the Chunghwa Picture | 17:49:44 |
| 6 | Tubes defendants, correct? | 17:49:47 |
| 7 | A.   I didn't separately calculate an overcharge | 17:49:47 |
| 8 | for anybody. | 17:49:51 |
| 9 | Q.   Great. | 17:49:51 |
| 10 | Did you make any attempt to identify the | 17:49:56 |
| 11 | specific size of tubes that Chunghwa Picture Tubes | 17:49:57 |
| 12 | sold? | 17:50:00 |
| 13 | A.   No.  Well -- no, I did not. | 17:50:00 |
| 14 | Q.   And you testified that you did not attempt | 17:50:03 |
| 15 | to determine which of the plaintiffs you wrote a | 17:50:08 |
| 16 | report for bought CRT products containing CRT tubes | 17:50:11 |
| 17 | manufactured by Chunghwa Picture Tubes, correct? | 17:50:17 |
| 18 | A.   Just in the aggregate allocation method | 17:50:20 |
| 19 | that we discussed earlier today. | 17:50:22 |
| 20 | Q.   Did you do any specific analysis of whether | 17:50:23 |
| 21 | any of the direct vendors appearing in Exhibit 15 of | 17:50:29 |
| 22 | any of your reports actually sold to any plaintiffs | 17:50:33 |
| 23 | any products containing either color display tubes | 17:50:37 |
| 24 | or color picture tubes manufactured by Chunghwa | 17:50:41 |
| 25 | Picture Tubes? | 17:50:45 |

HIGHLY CONFIDENTIAL

Page 278

1      A.  Well, I haven't numerically analyzed that     17:50:45

2    question.  But as a qualitative matter, there's a    17:51:09

3    high likelihood if Chunghwa was manufacturing tubes   17:51:15

4    that were incorporated into CRT products in the       17:51:19

5    world, that among the tens of millions of such        17:51:24

6    products that the plaintiffs collectively bought for  17:51:28

7    which I've written reports, that some of those had    17:51:32

8    Chunghwa tubes.  But I haven't made any attempt to    17:51:35

9    identify them.                                         17:51:37

10     Q.  You've made no quantitative analysis of          17:51:38

11   that question, correct?                                17:51:40

12     A.  Just in the market share sense that I've        17:51:41

13   talked about.                                          17:51:43

14     Q.  Okay.  I'll ask you about that in a minute.     17:51:43

15        Did you take into account, for example,           17:51:45

16   that there's no evidence that Chunghwa sold CRTs of    17:51:48

17   any kind, color picture tubes or color display        17:51:54

18   tubes, to any Mitsubishi entity listed in the direct  17:51:56

19   vendor names in, say, Exhibit 15 of the Best Buy       17:52:00

20   report related to Best Buy -- I mean, sorry, to        17:52:05

21   Mitsubishi or NEC or Packard Bell NEC.                 17:52:08

22        Did you examine that at all?                       17:52:14

23        MR. SMITH:  Objection.  Form.                      17:52:15

24        THE WITNESS:  No, I didn't.  I did not.            17:52:16

25   BY MS. BRASS:                                           17:52:18

HIGHLY CONFIDENTIAL

Page 279

1        Q.   Do you know if CPT sold tubes to any Zenith   17:52:18
2    entity?                                                17:52:21
3        A.   I do not know.                                17:52:21
4        Q.   Do you know which entities Chunghwa Picture   17:52:22
5    Tubes sold tubes to?                                   17:52:24
6        A.   No, I have not done that analysis.            17:52:26
7        Q.   Turning then to the market share             17:52:29
8    adjustments that you made, do you know what Chunghwa   17:52:30
9    Picture Tubes' market share was in the U.S. for        17:52:36
10   picture tubes over 21 inches?                          17:52:40
11       A.   I do not.                                     17:52:44
12       Q.   Did you take its market share in various      17:52:47
13   sizes of tubes into account in your qualitative or     17:52:50
14   quantitative analysis?                                 17:52:56
15       A.   I don't believe I've seen data on their       17:52:57
16   market shares by size, so I did not.                   17:53:02
17       Q.   Do you know what their share of tube --        17:53:04
18   picture tubes over 22 inches worldwide was during      17:53:10
19   the period that you computed damages for?              17:53:14
20       A.   No.                                           17:53:15
21       Q.   And did you separately compute pass-through   17:53:17
22   for tubes -- never mind.  We'll strike that.           17:53:24
23            Did you attempt to break out Chunghwa's CDT   17:53:32
24   market share distinct from other CRT manufacturers     17:53:35
25   in any way?                                            17:53:39

HIGHLY CONFIDENTIAL

Page 280

| | | |
|---|---|---|
| 1 | A.  I'm sorry.  I guess I don't understand what | 17:53:39 |
| 2 | you mean. | 17:53:54 |
| 3 | Q.  Did you -- did you compute Chunghwa's CDT | 17:53:54 |
| 4 | market share for finished monitor products | 17:54:09 |
| 5 | separately for Chunghwa Picture Tubes? | 17:54:12 |
| 6 | A.  I -- I have data on their CDT market share | 17:54:14 |
| 7 | and I used that in the way I've described.  I didn't | 17:54:22 |
| 8 | allocate damages numbers pro rata according to these | 17:54:25 |
| 9 | market shares in any way.  But you -- you said | 17:54:30 |
| 10 | finished products.  I'm not quite sure what you | 17:54:33 |
| 11 | mean. | 17:54:36 |
| 12 | Q.  Do you know what percentage of monitors | 17:54:36 |
| 13 | contained Chunghwa -- did you compute what | 17:54:40 |
| 14 | percentage of monitors contained Chunghwa CDTs? | 17:54:43 |
| 15 | A.  I computed the -- the -- it's in this | 17:54:47 |
| 16 | table.  So I computed the share of CDT's units | 17:54:52 |
| 17 | accounted for by Chunghwa.  But I didn't multiply | 17:54:58 |
| 18 | the percentages by the total number of units to -- | 17:55:03 |
| 19 | to calculate that out. | 17:55:07 |
| 20 | Q.  Okay.  And did you offer a separate damages | 17:55:09 |
| 21 | calculation for any specific defendant?  Any -- | 17:55:12 |
| 22 | A.  That may be a legal question. | 17:55:20 |
| 23 | There's -- as I said before, Exhibit 20b | 17:55:24 |
| 24 | to -- to most of my reports breaks out some of the | 17:55:27 |
| 25 | damages totals by certain parties that are | 17:55:33 |

HIGHLY CONFIDENTIAL

Page 281

| | | |
|---|---|---|
| 1 | affiliated with certain defendants.  Beyond that, I | 17:55:35 |
| 2 | didn't try to allocate damages to particular CRT | 17:55:39 |
| 3 | manufacturers. | 17:55:42 |
| 4 | Q.  Okay.  And you did not offer any specific | 17:55:43 |
| 5 | opinion in any of your reports as to damages | 17:55:46 |
| 6 | attributable to Chunghwa Picture Tubes, correct? | 17:55:50 |
| 7 | A.  Well, I think that's -- that involves a | 17:55:56 |
| 8 | legal issue about joint and several liability | 17:55:59 |
| 9 | because I haven't tried to -- if you're asking what | 17:56:01 |
| 10 | component, what dollar amount Chunghwa owes of the | 17:56:07 |
| 11 | total that I've computed, I haven't tried to do | 17:56:11 |
| 12 | that. | 17:56:14 |
| 13 | Q.  That's not actually what I'm asking, but I | 17:56:14 |
| 14 | think your answer is fine. | 17:56:18 |
| 15 | If Chunghwa were not joint and severely -- | 17:56:21 |
| 16 | jointly and severely liable, if that were my | 17:56:24 |
| 17 | hypothetical, you have not offered any specific | 17:56:27 |
| 18 | opinion as to damages attributable to Chunghwa | 17:56:31 |
| 19 | sales, correct? | 17:56:34 |
| 20 | A.  Are you asking if Chunghwa is not liable at | 17:56:36 |
| 21 | all? | 17:56:38 |
| 22 | Q.  Joint and severely liable for -- as you | 17:56:38 |
| 23 | understood the term, since you introduced it. | 17:56:45 |
| 24 | A.  Well, so if -- if -- well, what I -- I | 17:56:48 |
| 25 | haven't done that math.  I'd have to think about | 17:57:00 |

HIGHLY CONFIDENTIAL

Page 282

| | | |
|---|---|---|
| 1 | whether I have enough information to do that math. | 17:57:03 |
| 2 | I might. | 17:57:05 |
| 3 | Q.  But it's not presently in any report or | 17:57:05 |
| 4 | supplemental report you've served in -- you've | 17:57:07 |
| 5 | written in this -- in any of the CRT cases in which | 17:57:09 |
| 6 | you've offered a report, correct? | 17:57:14 |
| 7 | A.  As I sit here, I think it would be a simple | 17:57:16 |
| 8 | calculation of taking the ratio of, for example, | 17:57:18 |
| 9 | 16.3 percent to 88.5 in a particular quarter that | 17:57:20 |
| 10 | I'm looking at and multiplying it out.  But I | 17:57:24 |
| 11 | haven't done that calculation yet. | 17:57:27 |
| 12 | Q.  And you haven't looked at any specific | 17:57:29 |
| 13 | sizes that Chunghwa manufactured or a specific | 17:57:31 |
| 14 | pass-through rate for Chunghwa, you'd have to assume | 17:57:36 |
| 15 | that it was a common pass-through, right?  I mean -- | 17:57:39 |
| 16 | sorry.  Strike that. | 17:57:41 |
| 17 | You would have to assume is that there was | 17:57:42 |
| 18 | a common overcharge, correct?  You would not have a | 17:57:44 |
| 19 | specific Chunghwa overcharge to use for that | 17:57:46 |
| 20 | analysis? | 17:57:48 |
| 21 | A.  Can you ask again because the -- I'm not | 17:57:52 |
| 22 | sure which part of the first part of your question | 17:57:55 |
| 23 | is still there. | 17:57:56 |
| 24 | Q.  We'll start totally over. | 17:57:57 |
| 25 | A.  Thank you. | 17:57:58 |

HIGHLY CONFIDENTIAL

Page 283

1        Q.   If you were to do that, you would use        17:57:59

2    Dr. McClave's existing overcharge analysis, correct?  17:58:01

3        A.   Yes, the -- the feedstock to my analysis is   17:58:05

4    the dollars-per-tube overcharge as I've computed       17:58:08

5    from the two pieces I got from him.                     17:58:12

6        Q.   Okay.  Great.  Thank you.                      17:58:13

7        A.   Thank you.                                     17:58:16

HIGHLY CONFIDENTIAL

Page 292

1                          DECLARATION

2

3

4

5

6          I hereby declare I am the deponent in the

7    within matter; that I have read the foregoing

8    deposition and know the contents thereof, and I

9    declare that the same is true of my knowledge except

10   as to the matters which are therein stated upon my

11   information or belief, and as to those matters, I

12   believe it to be true.

13         I declare under the penalties of perjury of

14   the State of California that the foregoing is true

15   and correct.

16         Executed on the _____ day of

17   _____ 2014, at

18   _____,

19   California.

20

21

22

23

24         _____

25                    ALAN S. FRANKEL

HIGHLY CONFIDENTIAL

Page 293

1   STATE OF CALIFORNIA      )

                            )   ss.

2   COUNTY OF LOS ANGELES   )

3

4           I, Shanda Gabriel, Certified Shorthand

5   Reporter, Certificate No. 10094, for the State of

6   California, hereby certify:

7           I am the deposition officer that

8   stenographically recorded the testimony in the

9   foregoing deposition;

10          Prior to being examined the witness was by

11  me first duly sworn;

12          The foregoing transcript is a true record

13  of the testimony given.

14          Before completion of the deposition, review

15  of the transcript was [] was not [X] requested.  If

16  requested, any changes made by the deponent (and

17  provided to the reporter) during the period allowed

18  are appended hereto.

19  Dated July 22, 2014.

20

21

22

23

24               SHANDA GABRIEL

25                 CSR 10094