| | |
|---|---|
| 1 | Eliot A. Adelson (SBN 205284) |
| 2 | James Maxwell Cooper (SBN 284054)<br>KIRKLAND & ELLIS LLP |
| 3 | 555 California Street, 27th Floor<br>San Francisco, CA 94104 |
| 4 | Telephone:  (415) 439-1400<br>Facsimile:   (415) 439-1500 |
| 5 | Email: eadelson@kirkland.com<br>Email: max.cooper@kirkland.com |
| 6 | James H. Mutchnik, P.C. (*pro hac vice*) |
| 7 | Barack Echols (*pro hac vice*)<br>KIRKLAND & ELLIS LLP |
| 8 | 300 North LaSalle<br>Chicago, IL 60654 |
| 9 | Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200 |
| 10 | Email: jmutchnik@kirkland.com<br>Email: bechols@kirkland.com |
| 11 | Attorneys for Defendants |
| 12 | HITACHI, LTD., HITACHI DISPLAYS, LTD.<br>(n/k/a JAPAN DISPLAY INC.), HITACHI |
| 13 | AMERICA, LTD., HITACHI ASIA, LTD., and<br>HITACHI ELECTRONIC DEVICES (USA), INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL NO. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,*<br>No. 3:11-cv-05513-SC; | **HITACHI DEFENDANTS' MOTION IN LIMINE TO COMPEL PLAINTIFFS TO REFER TO DEFENDANT SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD. BY ITS SPECIFIC, INDIVIDUAL CORPORATE ENTITY NAME OR AS "SEG"**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:    None Set<br>Time:    None Set<br>Before:  Hon. Samuel Conti |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, Hitachi, Ltd. ("HTL"), Hitachi Displays, Ltd. ("HDP"), Hitachi Asia, Ltd. ("HAS"), Hitachi America, Ltd. ("HAL") and Hitachi Electronic Devices (USA), Inc. ("HED(US)") (collectively, the "Hitachi Defendants") will and hereby do move the Court, under Rules 401, 402, 403, 611 and 804(b) of the Federal Rules of Evidence, for an Order to compel Plaintiffs and their witnesses to refer to Defendant Shenzhen SEG Hitachi Color Display Devices, Ltd. ("SEG") by its specific, individual corporate entity name and to preclude characterizations or references to SEG as "Hitachi" or as part of "Hitachi"—an entity that does not legally exist for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities in support thereof, the declaration of Eliot A. Adelson, any materials attached thereto or otherwise found in the record, along with the argument of counsel and such other matters as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

This motion in limine seeks to compel Plaintiffs and their witnesses to refer to Defendant Shenzhen SEG Hitachi Color Display Devices, Ltd. ("SEG") by its specific, individual corporate entity name or as "SEG" to preclude characterizations or references to SEG as "Hitachi" or as part of "Hitachi"—an entity that does not legally exist.

*First*, unlike the Hitachi Defendants,[1] who have participated in these proceedings from the outset, SEG was never served, has not appeared in this case, will offer no evidence before the jury, and will not be represented at trial. In addition, whereas each of the Hitachi Defendants is a wholly owned subsidiary of HTL or one of its subsidiaries, SEG has never been majority-owned or controlled by *any* Hitachi Defendant: ███████████████████████

---

[1] The Hitachi Defendants join in Defendants' General MIL No. 6, and further maintain that Plaintiffs should be required to refer to each of the five Hitachi corporate entity defendants by their specific legal names as appropriate.

| HITACHI DEFENDANTS' MOTION IN LIMINE RE SEG | 1 | CASE NO.: 3:11-cv-05513-SC<br>MDL NO.: 1917 |
|---|---|---|

[REDACTED] Allowing Plaintiffs to refer to SEG as "Hitachi" would run contrary not only to the well-settled law establishing that corporate separateness among entities must be respected, but also to the longstanding rule that Plaintiffs have the burden of proving participation in the alleged conspiracy by *each individual defendant* they have sued.

*Second*, there is *no* probative value to permitting Plaintiffs to conflate SEG with any of the Hitachi Defendants in presenting evidence to the jury. Any "evidence" Plaintiffs might offer with respect to SEG is irrelevant to Plaintiffs' efforts to prove an alleged conspiracy involving the Hitachi Defendants. The *only* possible result from allowing Plaintiffs to refer to SEG as "Hitachi," therefore, is "unfair prejudice [to the Hitachi Defendants], confusing the issues, [and] misleading the jury," in direct contravention of Rule 403. FED. R. EVID. 403. Plaintiffs should not be allowed to try to persuade the jury to improperly impute acts of SEG to any of the Hitachi Defendants by treating these separate, individual corporate defendants as one and the same, when applicable law states that they are not.

I.  **Plaintiffs Should Not Be Permitted to Refer to SEG as "Hitachi."**

Each of the five Hitachi Defendants is or was a wholly-owned subsidiary of HTL or one of its subsidiaries. SEG is not. Each of the five Hitachi Defendants has appeared in this case, is represented in this matter, and has participated in discovery and all other proceedings. SEG—which was never served—has not.

SEG is not, and never has been, majority-owned by any of the Hitachi Defendants. [REDACTED]



HTL held a 25 percent ownership stake in SEG from January 1, 1995 to September 30, 2002, and that interest was

1  transferred to HDP on October 1, 2002. Adelson Decl. Ex. 3 (Barrett Dep. 28:10-29:21, Nov. 4,
2  2014). HDP held that same minority stake until November 7, 2007, when it was sold. (*Id.*).
3        This limited stake came with no control over SEG's operations. HDP (and HTL before it)
4  had no authority to appoint or remove SEG's officers, to hire or fire SEG employees, or to make
5  operational decisions for SEG. Their role was limited to appointing a minority—three of the seven
6  members—of SEG's board of directors. *Id.* (Barrett Dep. 30:14-32:3).
7        The law is well settled that parent, subsidiary and affiliated corporations—even when they
8  share common ownership—must be treated separately as individual, independent entities, including
9  with respect to assigning potential liability.[2] This rule is no different when it comes to assessing
10 antitrust liability: Plaintiffs still must adduce evidence demonstrating "that each individual
11 defendant joined the conspiracy and played some role in it because, at the heart of an antitrust
12 conspiracy is an agreement and a conscious decision by each defendant to join it." *In re Optical
13 Disk Drive Antitrust Litig.*, 10-md-2143, 2012 WL 1366718, at *7 (N.D. Cal. Apr. 19, 2012)
14 (internal quotations omitted). Parents and subsidiaries cannot be considered a single enterprise in an
15 antitrust action unless there is "evidence that both were involved in the challenged
16 conduct." *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 857 (10th Cir. 1999).[3]
17       That distinction is even more relevant here, where SEG has never been a subsidiary of *any*
18 Hitachi Defendant. Instead, as a matter of law, the type of minority stock ownership involved does
19 not make HTL or HDP the equivalent of SEG for any purpose because there was no "[c]ontrol over
20 day-to-day operations or general corporate policies." *Spanish Broadcasting System of Florida, Inc.
21 v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1075 (11th Cir. 2004); *see also In re
22 Alstrom SA*, 406 F. Supp. 2d 433, 492 (S.D.N.Y. 2005) ("Minority stock ownership and the ability to

---

[2] *See Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1234 (N.D. Cal. 2004) ("Only in unusual circumstances will the law permit a parent corporation to be held either directly or indirectly liable for the acts of its subsidiary."); *see also E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*, Civ. No. 03-5412 AWI LJO, 2008 WL 2220396, at *5 (E.D. Cal. May 27, 2008).

[3] *See also Reynolds Metals Co. v. Columbia Gas Sys.*, 669 F. Supp. 744, 750 (E.D. Va. 1987) ("ownership alone is insufficient to disregard the corporate identity" in an antitrust action); *RSM Prod. Corp. v. Petroleos de Venezuela Societa Anonima (PDVSA)*, 338 F. Supp. 2d 1208, 1216 (D. Colo. 2004) ("fact that [company] is a wholly-owned subsidiary of [defendant parent], without more, does not subject [it] to liability on any basis").

appoint a minority of the board do not create power to direct management and policies."). Indeed, in circumstances involving much closer corporate relationships than here, including where related companies shared supervision over operational decision-making, courts have found there still is no basis for finding even an agency relationship between the companies. *See Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d 890, 901 (N.D. Cal. 2009) ("[t]he fact[s] that [the companies] shared two board members, or that [they] shared some supervision of finance and pricing decisions—do not justify any inference of agency as a matter of law.")

II.     **Allowing Plaintiffs to Refer to SEG as "Hitachi" Will Confuse and Mislead the Jury.**

The Hitachi Defendants have the right to ensure that the jury is able fairly and impartially to assess the evidence that applies to them specifically without being misled or confused by a litigation strategy that obscures the relevant issues and evidence. FED. R. EVID. 403 (evidence should be excluded if value "is substantially outweighed by a danger of ... confusing the issues [or] misleading the jury"); FED. R. EVID. 611 ("The court should exercise reasonable control over the mode ... of ... presenting evidence so as to: (1) make those procedures effective for determining the truth"). The Hitachi Defendants seek to prevent Plaintiffs and their witnesses from characterizing the facts and evidence of this case in a manner that is intended to, and will, confuse and mislead the jury as to which, if any, of the Hitachi Defendants evidence relates. Here, there are no grounds for finding SEG "evidence" relevant to Plaintiffs' claims against the Hitachi Defendants. It will be undeniably prejudicial if the jury cannot distinguish between evidence pertaining only to SEG—a separate company owned and controlled by non-defendants that has never even appeared in this case—and evidence that properly pertains to a Hitachi Defendant. *See United States v. Coward*, 630 F.2d 229, 231 (4th Cir. 1980) (remanding for separate trials because the trial "was often confusing" and the jury expressed confusion as to what evidence related to each defendant).

At the end of this trial the jury will be charged with determining whether Plaintiffs have met their burden of proving that *each* of the individual Hitachi Defendants participated in the alleged conspiracy. SEG will not present any evidence, and will have no attorney in the courtroom representing it during trial. It would be improper and erroneous for the jury to mistake SEG for any of the Hitachi Defendants or purported "evidence" relating to SEG as relating to the Hitachi

Defendants. This likely mistake is avoidable if the Court imposes appropriate guidelines governing how Plaintiffs must present this evidence. *See* FED. R. EVID. 611.

Accordingly, the Hitachi Defendants respectfully request that this Court prohibit Plaintiffs from referring to SEG as "Hitachi" or as part of "Hitachi" and require them to refer to "SEG" by its proper corporate entity name—"Shenzhen SEG Hitachi Color Display Devices, Ltd." or as "SEG" during the course of the trial.

DATED: February 13, 2015

By: */s/ Eliot A. Adelson*

Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone:  (415) 439-1400
Facsimile:   (415) 439-1500
Email:  eadelson@kirkland.com
Email:  max.cooper@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD. (n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD., HITACHI ASIA, LTD., and HITACHI ELECTRONIC DEVICES (USA), INC.