MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1:** |
| | **TO PRECLUDE REFERENCE TO DUPLICATIVE RECOVERY** |
| | Hearing Date: February 27, 2015 |
| | Time: None set |
| | Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1:**

**TO PRECLUDE REFERENCE
TO DUPLICATIVE RECOVERY**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015 or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to or argument about duplicative recovery.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support of thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude reference to duplicative recovery.

## I. ARGUMENT

Plaintiffs anticipate that, at trial, Defendants might attempt to argue to the jury that there is a risk of an improper duplicative recovery. Specifically, Defendants may argue that the Direct Purchaser Class Plaintiffs are seeking damages (in the form of overcharges) under the Clayton Act, while Plaintiffs are seeking damages (in the form of passed-on overcharges) under State laws, and that as a result, two parties are seeking to recover the same damages from Defendants. That issue should not be argued to the jury at trial, for two reasons.

First, such arguments are incorrect as a matter of law. As held by the United States Supreme Court in *California v. ARC America Corp.*, a direct purchaser damages remedy under the Clayton Act does not preempt a separate damages remedy for indirect purchasers under State antitrust law. 490 U.S. 93, 105-106 (1989), *rev'g In re Cement and Concrete Antitrust Litig.*, 817 F.2d 1435 (9th Cir. 1987). In *ARC America*, the Supreme Court expressly rejected the Ninth Circuit's conclusion that indirect purchasers are barred from recovering under state law because such claims "might subject antitrust defendants to multiple liability." *Id.* at 105. Instead, the Supreme Court held that, with respect to antitrust law, there was no federal policy against States imposing liability "in addition to" that imposed by the Clayton Act. *Id.*

Second, this entire issue is not for the jury. The supposed "duplicative recovery" issue turns on: (i) the interplay between the State law damages remedies and the Clayton Act damages remedy; (ii) whether there is a risk of improper duplicative recovery when two separate plaintiff groups each pursue their rights under different statutes; and (iii) if so, what to do about that risk. Those are not questions of fact. Instead, they are purely legal issues that should be decided by the

Court, not the jury. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("Resolving doubtful questions of law is the distinct and exclusive province of the trial judge.") (internal quotation marks and citation omitted). Indeed, arguing these issues to the jury could lead to confusion, and cannot possibly help the jury to decide the issues properly before them.

Accordingly, the Defendants should be barred from arguing to the jury – either directly or obliquely – that Plaintiffs' State law claims present a risk of improper duplicative recovery.

## II.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude reference to duplicative recovery.

Dated:  February 13, 2015             By:  */s/ Mario N. Alioto*
                                      Mario N. Alioto (56433)
                                      Lauren C. Capurro (241151)
                                      TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                      2280 Union Street
                                      San Francisco, CA 94123
                                      Telephone:     (415) 563-7200
                                      Facsimile:     (415) 346-0679
                                      Email:  malioto@tatp.com
                                      Email:  laurenrussell@tatp.com

                                      *Lead Counsel for Indirect Purchaser Plaintiffs*

                                      *On the brief:*

                                      Donald L. Perelman
                                      Gerard A. Dever
                                      Matthew Duncan
                                      Fine, Kaplan and Black, R.P.C.
                                      One South Broad Street, 23rd Floor
                                      Philadelphia, PA 19107
                                      Telephone:  (215) 567-6565
                                      Facsimile:  (215) 568-5872
                                      Email:  gdever@finekaplan.com

                                      *Counsel for Indirect Purchaser Plaintiffs*