MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2:** |
| | **TO PRECLUDE REFERENCE TO TREBLE DAMAGES, FEES, AND COSTS** |
| | Hearing Date: February 27, 2015<br>Time: None set<br>Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2:**

**TO PRECLUDE REFERENCE**
**TO TREBLE DAMAGES, FEES, AND COSTS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015 or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to or argument about treble damages, fess and costs.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support of thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE TREBLE DAMAGES
Master File No. 3:07-cv-5944 SC

## MEMORANDUM OF POINTS AND AUTHORITIES

Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude reference to treble damages, fees, and costs.

**I.    ARGUMENT**

Plaintiffs request that the Court order Defendants not to refer to or introduce any evidence at trial regarding Plaintiffs' ability to recover treble damages or attorneys' fees and costs. Any such evidence is irrelevant, would improperly interfere with the jury's fact-finding role, and would unfairly prejudice the Plaintiffs.

It is hornbook law that a plaintiff's entitlement to treble damages is inadmissible in a jury trial. *See, e.g., In re Exxon Valdez*, 229 F.3d 790, 799 (9th Cir. 2000) ("Juries are also not to be told of statutory caps on damages, or, in antitrust and RICO cases, that damages will eventually be trebled." (collecting cases); *In re Tableware Antitrust Litig.*, No. C 04 3514 VRW, 2007 WL 781960, at *3 (N.D. Cal. Mar. 13, 2007) ("In antitrust actions, 'courts have uniformly concluded that mentioning treble damages and attorney[ ] fees to the jury is improper.'" (collecting cases) (quoting *HBE Leasing Corp. v. Frank*, 22 F.3d 41 (2d Cir. 1994) (noting the "cornucopia of caselaw" establishing that treble damages and attorney fees should not be disclosed to the jury)).

The reason for this is twofold. First, such evidence is irrelevant and therefore inadmissible under Federal Rule of Evidence 402. The function of the jury is to determine if the defendant is liable and then to assess damages accordingly – without being influenced by what the defendants will ultimately pay and what the plaintiffs will ultimately receive. *See In re Exxon Valdez*, 229 F.3d at 798 ("[A] jury should assess damages but not determine how much defendants should 'actually' pay or how much plaintiffs should 'actually' receive."); *Brooks v. Cook*, 938 F.2d 1048, 1052 (9th Cir. 1991) ("'[I]t is not for the jury to determine the amount of a *judgment*. Its function is to compute the amount of *damages*.'") (quoting *Pollock & Riley, Inc. v. Pearl Brewing*

*Company,* 498 F.2d 1240, 1243 (5th Cir. 1974) (holding that jury should not be informed of the Clayton Act's trebling damages provision), *cert. denied,* 420 U.S. 992 (1975)) (emphases in original).

Second, reference to the availability of treble damages could confuse the jury or result in unfair prejudice, and it is therefore inadmissible under Federal Rule of Evidence 403. As explained by the Ninth Circuit, "the fear is that a jury, informed of plaintiff's right to additional funds, will view the money as a windfall and take steps to offset it." *Brooks*, 938 F.2d at 1052; *accord In re Exxon Valdez,* 229 F.3d at 798. *See also HBE Leasing Corp.*, 22 F.3d at 45 ("Reference to treble damages and attorneys fees is irrelevant to the jury questions of liability and damages and may tend to confuse or prejudice a jury into reducing its eventual award, thus frustrating Congress's goal of deterring improper conduct by assessing treble damages and attorneys fees.").

Likewise the case law has established that just as the treble damages award is an issue outside the province of the jury, so too is the attorneys' fees determination. *See Brooks*, 938 F.2d at 1051 ("In a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award."); *In re Tableware Antitrust Litig.*, No. C 04 3514 VRW, 2007 WL 781960, at *3-4 (holding that "clear precedent" establishes that mentioning attorneys' fees to the jury is improper).

Courts within this District have granted similar motions *in limine* in recent litigation involving similar antitrust claims. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-MD-1827-SI, Doc. No. 5597 (N.D. Cal. May 4, 2012) (granting motion *in limine* to exclude reference to treble damages, attorneys' fees and costs); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010)

(granting motion *in limine* to exclude reference to treble damages and attorneys' fees).

## II.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude arguments or references to treble damages, fees, and costs.

Dated:  February 13, 2015          By:  */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:     (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:  (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*