MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5:** |
| | **TO PRECLUDE REFERENCE TO RELATIONSHIPS BETWEEN LAWYERS AND PLAINTIFFS** |
| | Hearing Date: February 27, 2015<br>Time: None set<br>Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

## NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5:

## TO PRECLUDE ARGUMENTS OR REFERENCE TO RELATIONSHIPS BETWEEN LAWYERS AND PLAINTIFFS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015 or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to relationships between lawyers and Plaintiffs.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support of thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Class Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude reference to, or evidence regarding, any relationship or fee agreement between the Named Plaintiffs and their counsel.

## I.  ARGUMENT

Plaintiffs anticipate that Defendants may attempt to introduce evidence that the class representatives and class counsel have familial or business relationships, and then attempt to use those relationships as a means of impeaching the credibility of the class representatives at trial. But, "[t]he mere fact of the plaintiffs' familial and business relationships [with counsel] does not create a *per se* presumption of impropriety or conflict." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 595 (N.D. Cal. 2010) *amended in part,* No. M 07-1827 SI, 2011 WL 3268649 (N.D. Cal. July 28, 2011).  *See also In re Static Random Access Memory ("SRAM I") Antitrust Litig.*, 264 F.R.D. 603, 609 (N.D. Cal. 2009) (rejecting argument that social or familial relationships, by themselves could create a conflict that would prevent the class representative adequately representing the class).  It therefore cannot be used to impeach the credibility of the class representative at trial.

Moreover, evidence of a class representative's familial or business relationships is not relevant to the issues of this case, *i.e.,* whether there was an agreement to fix the prices for CRT, whether Defendants participated, and whether the agreement caused damages to Plaintiffs' business or property.  Such evidence should therefore be excluded under Federal Rule of Evidence 402.

Defendants may argue that evidence of relationships between Named Plaintiffs and their counsel is relevant to the issue of whether those Named Plaintiffs are adequate class representatives.  That argument is flawed for several reasons.  First, it is recognized that mere

social and professional relationships between class representatives and counsel are not relevant in a class action; a relationship, by itself, does not create a conflict that would interfere with the adequacy of a class representative. *See In re Google AdWords Litig.*, No. C08-03369 JW HRL, 2010 WL 4942516, at *5 (N.D. Cal. Nov. 12, 2010) ("[T]here is not a conflict simply because a plaintiff knows another plaintiff's counsel."). Second, "[t]he adequacy of the class representatives is not a jury question." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *3 (N.D. Cal. Dec. 16, 2010). Such evidence is therefore irrelevant and inadmissible under Federal Rule of Evidence 402.

The Court also should preclude Defendants from directly or indirectly referring to the fee relationships between Named Plaintiffs and class counsel because the evidence is irrelevant to any issue the jury will have to decide. *See In re Google AdWords Litig.*, 2010 WL 4942516, at *3-5 (holding that "documents concerning the payment of any fees or costs or the funding of [the class] action" were irrelevant). Even if such evidence could be construed as relevant, whatever probative value it might have is substantially outweighed by the danger of unfair prejudice to the plaintiffs. Evidence concerning the named plaintiff's fee arrangements with it lawyers, or that lawyers are advancing the costs of litigation, for example, would likely "infec[t] the jury's ability to make an unbiased assessment" of relevant evidence, *United States v. Lawrence*, 189 F.3d 838, 843 (9th Cir. 1999), and could arouse irrational prejudices, causing them to draw "perfectly logical—though mistaken – inferences," *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992).

Courts within this District have granted similar motions *in limine* in recent litigation involving similar antitrust claims. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-MD-1827-SI, Dkt. No. 5597 (N.D. Cal. May 4, 2012) (granting motion *in limine* to exclude reference to plaintiffs' relationships, including fee relationships, with class counsel); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2010 WL 10086747, at *2, 3 (excluding reference to or

evidence of fee arrangements; excluding reference to or evidence of any indirect purchaser class representative's alleged inadequacy as a class representative due to relationships with counsel). *See also Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974) (holding that the appropriate time for inquiry into fee arrangements is after judgment under Rule 69 of the Federal Rules of Civil Procedure).

## II.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude reference to any relationship or fee agreement between Named Plaintiffs and their counsel.

Dated:  February 13, 2015

By:  */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:   (415) 563-7200
Facsimile:     (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*