MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6:** |
| | **TO PRECLUDE REFERENCE TO PLAINTIFFS' ATTENDANCE OR NON-ATTENDANCE AT TRIAL** |
| | Hearing Date: February 27, 2015 Time: None set Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6:**

**TO PRECLUDE REFERENCE TO PLAINTIFFS'
<u>ATTENDANCE OR NON-ATTENDANCE AT TRIAL</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015 or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to Plaintiffs' attendance or non-attendance at trial.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support of thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to prevent Defendants from making any reference to a class representative's or other class member's attendance or lack of attendance at trial.  Such references have no relevance to the matters at issue in this dispute and would unfairly prejudice Plaintiffs.  Accordingly, any such references should be precluded under Federal Rules of Evidence 401, 402, and 403.

## I.   ARGUMENT

Defendants should be precluded from making any reference to the presence or absence of class representatives or class members during part or all of the trial under Federal Rules of Evidence 401, 402, and 403.

The issues in this case are whether Defendants conspired to fix prices and to what extent Plaintiffs were damaged by that conspiracy.  The attendance of a class member or representative, therefore, has absolutely no relevance to the matters at issue in this case.  *See, e.g., Dunkin v. Dorel Asia SRL*, No. 5:10-CV-00004 JWS, 2012 WL 1033563, at *2 (D. Alaska Mar. 27, 2012) ("[R]eference to a party's absence during trial is irrelevant.").  Indeed, the very purpose of the class action device is to consolidate the claims of thousands of individuals whose availability and distance from the place of trial may render attendance exceedingly difficult.  *See, e.g., Phillips Petroleum Co. v. Shutts*, 105 S. Ct. 2965, 2973 (1985) (holding that absent class members "need not hire counsel or appear").  Accordingly, a class member's presence or absence at trial should not be used to impugn Plaintiffs' case.  *See In re Urethane (Polyether Polyol) Antitrust Litig.*, Case No. 04-1616-JWL (D. Kan. Feb. 19, 2013) Jury Instruction No.11 *available at* http://www.americanbar.org/content/dam/aba/publications/antitrust_law/at325050_urethane_jury.authcheckdam.pdf (last visited January 30, 2015) ("You should not hold the physical absence of any class member against Class Plaintiffs."); *In re High Pressure Laminates Antitrust Litig.*, MDL

No. 1368, (S.D.N.Y. May 23, 2006) Trial Transcript at pp. 2312-13 *available at*

http://apps.americanbar.org/antitrust/at-committees/at-trial/pdf/jury-

instructions/DOC_00000027.pdf (last visited January 30, 2015) ("You shouldn't construe the

absence of any Class member in any way as a lack of concern or interest on his or her part in the

outcome of the litigation.  It is the purpose of this Class action procedure to avoid having to bring

in a large number of people from all over, and their absence is not to be considered by you in

reaching your verdict."); *In re Vitamins Antitrust Litig.*, MDL No. 1285, Misc. No. 99-197 (D.D.C.

June 13, 2003), Jury Instruction No.2 *available at* http://apps.americanbar.org/antitrust/at-

committees/at-trial/pdf/jury-instructions/vita.pdf (giving similar instruction).

Furthermore, any reference to a class member's or class representative's presence or

absence at trial would be unfairly prejudicial to Class Plaintiffs, and, therefore, should be

prohibited under Federal Rule of Evidence 403.  Defendants should not be permitted to argue or

imply that a class member's or class representative's absence in any way indicates that the class is

uninterested or lacks dedication to or belief in its allegations.  Such reference would be unfairly

prejudicial because it may cause the jury to decide that case on an "improper basis" – for example,

that the Class Plaintiffs' claims are meritless because the Class Plaintiffs' absence from trial

indicates that they do not believe in their case, which is certainly untrue.  Fed. R. Evid. 403,

Advisory Committee Notes.  Moreover, any such reference contradicts the purpose of class

actions, as explained above.

## II.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their

motion *in limine* to preclude reference to any Named Plaintiffs' attendance or non-attendance at

trial.

Dated:  February 13, 2015

By:  _/s/ Mario N. Alioto_____

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:     (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:  (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE PLAINTIFFS' ATTENDANCE AT TRIAL
Master File No. 3:07-cv-5944 SC