MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 7:** |
| | **TO PRECLUDE REFERENCE TO OR ARGUMENT ABOUT HOW PLAINTIFFS BECAME INVOLVED IN THIS CASE OR THAT THE CASE IS "LAWYER-DRIVEN"** |
| | Hearing Date: February 27, 2015<br>Time: None set<br>Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 7:**

**TO PRECLUDE REFERENCE TO OR ARGUMENT ABOUT HOW
PLAINTIFFS BECAME INVOLVED IN THIS CASE
OR THAT THE CASE IS "LAWYER-DRIVEN"**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015 or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to or argument about how Plaintiffs became involved in this case or that the case is "lawyer-driven."

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support of thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude reference to or argument about how Plaintiffs became involved in this litigation or that this case is "lawyer-driven."  Such evidence and argument are not relevant to the claims and defenses at issue and can only serve to prejudice the jury against Plaintiffs.

**I.  ARGUMENT**

Defendants should be prohibited under Rules 401 and 402 from referring to the manner in which any Plaintiff became involved in or asserted claims in this litigation.  That issue is not relevant to any of the claims or defenses in this case.  Fed. R. Evid. 401 & 402.  Relevant evidence must have some "tendency to make the existence of a [material] fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  "[E]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Here, evidence of how Plaintiffs decided to participate in this lawsuit is of no probative value to any of the disputed issues and presents significant danger of wasting valuable time during the trial.

For the same reasons, the Court should preclude Defendants from referring to this case as being lawyer-driven or making any similar characterization of the case before the jury (*e.g.*, references to attorneys' fees, rates, wealth, or motives).  None of these issues pertaining to Plaintiffs' counsel is relevant to the claims and defenses being presented to the jury.  Accordingly, such references should be precluded under Federal Rule of Evidence 402.

In addition, these types of references (*i.e.*, the manner in which the named plaintiffs became involved in this litigation and characterizations of the case as "lawyer-driven") are unfairly prejudicial under Rule 403 because they could evoke pejorative feelings about class actions or cause the jury to reach a verdict on an improper basis.  *See* Fed. R. Evid. 403.

Accordingly, the Court should preclude counsel from referencing the manner in which

Plaintiffs became involved in this litigation and from characterizing this litigation as "lawyer-driven." *See, e.g., In re Urethanes Antitrust Litig.,* No. 04-1616 (Dkt. No. 2961) (D. Kan. Jan. 9, 2013) (granting similar motions) (attached hereto as Exhibit A); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *3 (N.D. Cal. Dec. 16, 2010) (granting similar motion); *In re High Pressure Laminates Antitrust Litig.*, MDL No. 1368 (S.D.N.Y.), Trial Transcript, available at http://apps.americanbar.org/antitrust/at-committees/at-trial/pdf/jury-instructions/DOC_00000027.pdf  (pp. 2312-13) (last visited Jan. 27, 2015) ("The fact that this case is being brought on behalf of a Class of purchasers should play no part in your deliberations or decisions as to what the outcome of the case should be or what the facts are in the case...").

## II.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude Defendants from referencing how Plaintiffs became involved in this litigation and from suggesting that this case is "lawyer-driven."

Dated:  February 13, 2015          By:  */s/ Mario N. Alioto*
                                   Mario N. Alioto (56433)
                                   Lauren C. Capurro (241151)
                                   TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                   2280 Union Street
                                   San Francisco, CA 94123
                                   Telephone:     (415) 563-7200
                                   Facsimile:     (415) 346-0679
                                   Email:  malioto@tatp.com
                                   Email:  laurenrussell@tatp.com

                                   *Lead Counsel for Indirect Purchaser Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
Facsimile: (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*