MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 9:** |
| | **TO PRECLUDE REFERENCE TO OR ARGUMENT ABOUT PLAINTIFFS' FAILURE TO MITIGATE DAMAGES** |
| | Hearing Date: February 27, 2015 |
| | Time: None set |
| | Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 9:**

**TO PRECLUDE REFERENCE TO OR ARGUMENT ABOUT
PLAINTIFFS' FAILURE TO MITIGATE DAMAGES**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015 or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to or argument about Plaintiffs' purported failure to mitigate their damages.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support of thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude reference to or argument about Plaintiffs' purported failure to mitigate their damages. Such references are not relevant to the claims and defenses at issue and can only serve to prejudice the jury against Plaintiffs.

## I. ARGUMENT

Plaintiffs move the Court to exclude evidence purporting to show that Plaintiffs failed to mitigate their damages. In horizontal price-fixing cases, plaintiffs generally are not required to mitigate their damages. *See, e.g., In re Airline Ticket Comm'n Antitrust Litig.*, 918 F. Supp. 283, 286 (D. Minn. 1996) ("[i]n a horizontal price-fixing case, . . . mitigation and offset generally do not affect the ultimate measure of damages.").[1]

Such a rule makes both logical and practical sense. Mitigation of damages by an antitrust plaintiff is impossible, where, as here, an unlawful price-fixing conspiracy is intentionally concealed by the defendants, and plaintiffs do not know that they are paying inflated prices until the conspiracy is revealed. Put another way, an antitrust plaintiff cannot mitigate or otherwise offset damages that it does not know it is incurring. *See, e.g., Dell Inc. v. AU Optronics Corp.*, No. C10-1064, 2012 WL 6000154, at *3 (N.D. Cal. Nov. 30, 2012) (considering authority and denying partial summary judgment because "a victim of horizontal price-fixing does not have this option" of mitigating damages); *Ford Motor Credit Co. v. Hairston*, 2006 WL 2850615, at *4 (W.D. Va. 2006) ("It would be an absurd misapplication of the rule for mitigation of damages to expect the

---

[1] *See also Westman Comm'n Co. v. Hobart Corp.*, 541 F. Supp. 307, 314-15 (D. Colo. 1982) ("argument that [plaintiff] failed to mitigate its damages…is ridiculous. This argument implicitly assumes that [defendant] was guilty of a continuing violation of the antitrust laws, yet attempts to place the onus of stopping that violation on [plaintiff]….[A] defendant [cannot] claim immunity from damages caused by its illegal actions because a plaintiff could have stopped them….").

Plaintiff to minimize injury before the discovery of the breach.").[2]

Given these facts, the Court should not permit Defendants to refer to or attempt to offer evidence regarding Plaintiffs' alleged failure to mitigate their damages. This Court granted similar motions *in limine* in the *LCD* and *SRAM* price-fixing cases. *See In re TFT-LCD Antitrust Litig.*, No. M 07-1827, (N.D. Cal. May 4, 2012) (Dkt. No. 5597 at p.5) (granting similar motion); *Dell Inc. v. AU Optronics Corporation*, No. 10-1064 (N.D. Cal. Nov. 30, 2012) (Dkt. No. 7276) (same); *Best Buy v. AU Optronics Corporation*, No. 10-4572, (N.D. Cal. Dec. 10, 2012) (Dkt. No. 7317 at p.3) (same); *In re Static Random Access Memory (SRAM) Antitrust Litig.,* No. 07-MD-01819 CW, 2010 WL 10086747, at *3 (N.D. Cal. Dec. 16, 2010) (granting unopposed *in limine* motion on mitigation of damages).

## II.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude reference to or argument about Plaintiffs' purported failure to mitigate their damages.

Dated:  February 13, 2015          By:  /s/ Mario N. Alioto
                                   Mario N. Alioto (56433)
                                   Lauren C. Capurro (241151)
                                   TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                   2280 Union Street
                                   San Francisco, CA 94123
                                   Telephone:    (415) 563-7200
                                   Facsimile:    (415) 346-0679
                                   Email:  malioto@tatp.com
                                   Email:  laurenrussell@tatp.com

                                   *Lead Counsel for Indirect Purchaser Plaintiffs*

---

[2] *See also Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1329 (9th Cir. 1995) ("[T]he duty to mitigate damages does not arise until the party upon whom the duty is impressed is aware of facts making the duty to mitigate necessary.") (internal citation omitted); *Best Buy v. AU Optronics Corp.*, No. 10-4572, 2012 WL 6126144, at *2 (N.D. Cal. Dec. 10, 2012) (denying partial summary judgment; "the Court declines to hold that defendants may assert mitigation as a defense to Best Buy's horizontal price-fixing claim").

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*