MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 10:** |
| | **TO EXCLUDE THE TESTIMONY OF WITNESSES NOT DESIGNATED PURSUANT TO THE COURT'S SCHEDULING ORDERS** |
| | Hearing Date: February 27, 2015
Time: None set
Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 10:**

**TO EXCLUDE THE TESTIMONY OF WITNESSES NOT DESIGNATED PURSUANT TO THE COURT'S SCHEDULING ORDERS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015, or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California, 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order excluding the testimony of witnesses not disclosed as required by this Court's scheduling orders.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

Indirect Purchaser Plaintiffs ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* to exclude the testimony of expert and percipient witnesses who were not timely designated pursuant to the Court's Scheduling Order.

## I. ARGUMENT

Federal Rule of Civil Procedure 26(a) sets forth the requirements and timeline for the disclosure of witnesses by parties to litigation. Here, as contemplated by Fed. R. Civ. P. 26(a), the parties set "different time[s]" for witness disclosure by entry of scheduling orders. *See* Fed. R. Civ. P. 26(a)(1)(C); 26(a)(2)(D); 26(a)(3)(B) (permitting dates for disclosures to be set by stipulation or order). *See also* Fed. R. Civ. P. 16(b)(3)(B)(i) (permitting the Court's scheduling order to alter the timing of disclosures under Rule 26). Plaintiffs ask the Court to exclude the testimony of any witnesses not properly designated in conformance with these Orders.

While the decision to exclude testimony from witnesses that were not timely disclosed is left to the discretion of the court, *see, e.g., R.B. Matthews, Inc. v. Transamerica Transp. Services, Inc.*, 945 F.2d 269, 272 (9th Cir. 1991) (determination to exclude testimony reviewed for abuse of discretion), the Ninth Circuit has explained that Federal Civil Procedure "Rule 37(c)(1) gives teeth" to the disclosure requirements "by forbidding the use at trial of any information" not timely or "properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "[E]ven absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *Id.*[1]

---

[1] *See also Hill v. U.S. Dept. of Homeland Security*, 570 Fed.Appx. 667, 669 (9th Cir. 2014) (district court acted within its discretion in excluding plaintiffs' six percipient witnesses for plaintiffs' failure timely to comply with the requirements to disclose witnesses); *Henderson v. Frank*, Case No. 99-CV-2268 W(CGA), 2001 WL 36167596, *2 (S.D.Cal. Sept. 17, 2001) (granting motion *in limine* to exclude expert not timely designated); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (district court did not abuse its discretion in disregarding untimely designation and report of plaintiff's expert).

The Advisory Committee Notes to the 1993 Amendment to Fed. R. Civ. P. 37 state that this is an "automatic," "self-executing sanction." *See also* Fed. R. Civ. P. 16(f)(1)(C) (empowering court to "issue any just order" including sanctions, for failure "to obey a scheduling or other pretrial order").

"A party that does not timely identify a witness under Rule 26 may not use that witness to supply evidence at a trial 'unless the failure was substantially justified or is harmless.'" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (quoting Fed. R. Civ. P. 37(c)(1)). Moreover, "the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly*, 259 F.3d at 1107. In *Ollier*, the Ninth Circuit upheld the trial court's exclusion of 38 witnesses that were disclosed after the date specified in the operative scheduling order "and less than a year before trial." *Ollier,* 768 F.3d at 862.

Here, Defendants' failure to identify witnesses in a timely manner is neither substantially justified nor harmless. Failure to comply with scheduling orders "impairs the ability of every trial court to manage its docket." *Id.* at 863. "Nor…[is] the tardy identification…harmless, even though the ultimate trial date [is] still some months away." *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005).

## II.  CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court grant their motion *in limine* to exclude any witness, expert or percipient, who was not timely and properly designated pursuant to the Federal Rules of Civil Procedure or this Court's scheduling orders.

| | | |
|---|---|---|
| 1 | Dated: February 13, 2015 | By:  /s/ Mario N. Alioto |
| 2 | | Mario N. Alioto (56433) |
| | | Lauren C. Capurro (241151) |
| 3 | | TRUMP, ALIOTO, TRUMP & PRESCOTT LLP |
| | | 2280 Union Street |
| 4 | | San Francisco, CA 94123 |
| | | Telephone:    (415) 563-7200 |
| 5 | | Facsimile:    (415) 346-0679 |
| | | Email: malioto@tatp.com |
| 6 | | Email: laurenrussell@tatp.com |

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*