MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC <br><br> MDL No. 1917 |
| This Document Relates to: <br><br> Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 11:** <br><br> **TO PRECLUDE ARGUMENT AND EXCLUDE EVIDENCE REGARDING POSSIBLE EFFECTS OF A LARGE DAMAGE AWARD** <br><br> Hearing Date: February 27, 2015 <br> Time: None set <br> Courtoom: One, 17th Floor <br><br> The Honorable Samuel Conti |

# NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 11:

## TO PRECLUDE ARGUMENT AND EXCLUDE EVIDENCE REGARDING POSSIBLE EFFECTS OF A LARGE DAMAGE AWARD

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015, or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California, 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order excluding evidence regarding possible effects of a large damage award.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* to preclude argument and exclude evidence concerning the possible effect of a large damage award levied against Defendants. Such references are not relevant to the claims and defenses at issue and can only serve to prejudice the jury against Plaintiffs.

### I.   ARGUMENT

Defendants may attempt to argue that a large judgment against them will negatively impact their current businesses. Defendants may also suggest that a large judgment against them will cause them to charge higher prices in the future, thereby injuring Defendants' customers and other downstream purchasers, including Plaintiffs. But neither the financial impact on Defendants nor any purported effects on the downstream market are relevant evidence.

Here, the trial will focus exclusively on Defendants' anticompetitive conduct and how Plaintiffs were damaged by that conduct. The focus will be on Defendants' past conduct, not the hypothetical future consequences for Defendants or their customers. The antitrust damages inquiry in this case is limited to "the price the plaintiff paid and the price he would have paid absent the violation." *In re Nasdaq Market-Makers Antitrust Litig*, 169 F.R.D. 493, 521 (S.D.N.Y. 1996) (quotation omitted). *See also Clayworth v. Pfizer*, Inc., 49 Cal. 4th 758, 787, 233 P.3d 1066, 1086 (2010) ("in an antitrust price-fixing case, the presumptive measure of damages is the amount of the overcharge paid by the plaintiff").

Evidence or argument relating to the future financial impact on Defendants of a large judgment has no bearing on the measure of damages in this case and thus is "not relevant and would only appeal to the sympathy of the jury." *Rebolledo v. Herr-Voss Corp.*, 101 F. Supp. 2d

1034, 1036-37 (N.D. Ill. 2000) ("*Rebolledo*").[1]  This Court has granted a similar motion in analogous circumstances.  In *Redwood Christian Schools v. County of Alameda*, No. C 01-4282, 2007 WL 214317, at *2 (N.D. Cal. Jan. 26, 2007) (Conti, J.), the Court granted a motion *in limine* precluding as "irrelevant" any statement that taxpayers would ultimately bear the costs of any damage award levied against the defendant municipality.  There, as here, the purported impact of a judgment against the defendant had no relevance to any of the issues being presented at trial.

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude argument and exclude evidence concerning the possible effect of a large damage award levied against Defendants.

Dated: February 13, 2015          By: */s/ Mario N. Alioto*
                                  Mario N. Alioto (56433)
                                  Lauren C. Capurro (241151)
                                  TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                  2280 Union Street
                                  San Francisco, CA 94123
                                  Telephone:    (415) 563-7200
                                  Facsimile:    (415) 346-0679
                                  Email: malioto@tatp.com
                                  Email: laurenrussell@tatp.com

                                  *Lead Counsel for Indirect Purchaser Plaintiffs*

---

[1] *See id.* (granting motion *in limine* to exclude argument by defendant that an adverse judgment would cause financial harm to the defendant, the jury, or any other person or entity); *Wilson v. Keske*, No. 09 Civ. 8063, 2012 WL 266186, at *2 (N.D. Ill. Jan. 27, 2012) (excluding argument that "any damages award would burden taxpayers"); *Shaffer & Sons Constr., Inc. v. Alter Trading Corp.*, No. 08-3007, 2010 WL 5138479, at *2 (C.D. Ill. Dec. 10, 2010) (granting as unopposed a motion *in limine* to preclude defendant from arguing that a damage award might cause it financial hardship); *Walker v. Casey's General Stores, Inc.*, No. 07-3229, 2009 WL 4923385, at *4 (C.D. Ill. Dec. 9, 2009) (excluding any argument that damage award would cause hardship to defendant).

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*