MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC <br><br> MDL No. 1917 <br><br> **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 12:** <br><br> **TO EXCLUDE PERCIPIENT WITNESSES, EXCEPT FOR ONE PARTY REPRESENTATIVE, FROM THE COURTROOM UNLESS THEY ARE TESTIFYING** <br><br> Hearing Date: February 27, 2015 <br> Time: None set <br> Courtoom: One, 17th Floor <br><br> The Honorable Samuel Conti |
| This Document Relates to: <br><br> Indirect-Purchaser Class Action | |

# NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 12:

## TO EXCLUDE PERCIPIENT WITNESSES, EXCEPT FOR ONE PARTY REPRESENTATIVE, FROM THE COURTROOM UNLESS <u>THEY ARE TESTIFYING</u>

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015, or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California, 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order excluding percipient witnesses, except for one party representative, from the courtroom unless they are testifying.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") respectfully submit this memorandum in support of their motion *in limine* to exclude percipient witnesses from the courtroom except when they are testifying. Plaintiffs likewise request that the Court allow each party to have only one party representative at trial.

I.   ARGUMENT

Plaintiffs ask that the Court enforce the plain language of Rule 615 of the Federal Rules of Evidence and enter an order directing that all percipient witnesses be excluded from the courtroom when they are not testifying. Rule 615 states, in pertinent part, that, upon the request of a party, "the court must order witnesses excluded so that they cannot hear other witnesses' testimony." *Id.*; *see also Larson v. Palmateer,* 515 F.3d 1057, 1065 (9th Cir. 2008) ("Federal Rules of Evidence…require a federal district court to exclude witnesses upon the motion of a party"). "This process serves both to reduce the danger that a witness's testimony will be influenced by hearing the testimony of other witnesses, and to increase the likelihood that the witness's testimony will be based on her own recollections." *United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir. 1994) (citing *Perry v. Leeke*, 488 U.S. 272, 281-82 (1989) and 3 Jack B. Weinstein & Margaret A. Berger, 3 *Weinstein's Evidence*, ¶ 615[01], at 615-1 (1994)); *see also Taylor v. United States*, 388 F.2d 786, 788 (9th Cir. 1967) ("The exclusion of witnesses from the courtroom during trial is a time-honored practice designed to prevent the shaping of testimony by hearing what other witnesses say."). In other words, the requirement that percipient witnesses be excluded from the courtroom except when testifying is designed to prevent "testimony that is less than candid." *Geders v. United States,* 425 U.S. 80, 87 (1976). The Court should thus enter an order excluding percipient witnesses from the courtroom except when those witnesses are testifying.

Plaintiffs also request that the Court enter an order precluding percipient witnesses from

reading daily transcripts of the court proceedings, as "[t]he opportunity to shape testimony is as great with a witness who reads trial testimony as with one who hears the testimony in open court. The harm may be even more pronounced with a witness who reads trial transcript than with one who hears the testimony in open court, because the former need not rely on his memory of the testimony but can thoroughly review and study the transcript in formulating his own testimony." *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981) (upholding exclusion of expert testimony where expert witness, who had not been designated as essential to the party's case under a previous iteration of Rule 615(c), read daily trial transcripts).  However, to be clear, Plaintiffs specifically request that the Court's ruling on this motion *not* be extended to exclude expert witnesses from the trial or to bar them from reviewing trial transcripts.

Finally, Plaintiffs ask that the Court allow the parties to designate no more than one party representative to attend the trial.  Rule 615 permits the presence at trial of "an officer or employee of a party which is not a natural person designated as its representative by its attorney."  The parties do not need more than one party representative to attend the trial.  Allowing more than one party representative would undercut the rule that percipient witnesses should not be present in the courtroom.

For the Court's reference, an order identical in all material respects to what Plaintiffs seek in this Motion *In Limine* was entered in this Court in the *TFT-LCD (Flat Panel) Antitrust Litigation*.  *See* Order dated May 4, 2012 in 3:07-MD-01827-SI (N.D. Cal.) (Doc. 5597, p. 5, No. 23: "To exclude non-expert, percipient witnesses during trial: GRANTED, except as to that party's designated representative.").

## II.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to exclude percipient witnesses, except for one party representative, from the

courtroom and preclude percipient witnesses from reading trial transcripts. This request does not seek the exclusion of expert witnesses from the courtroom during trial, nor does it seek to preclude experts from reading trial transcripts.

Dated: February 13, 2015

By: /s/ Mario N. Alioto
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:   (415) 563-7200
Facsimile:    (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*