1   MARIO N. ALIOTO, ESQ. (56433)
    LAUREN C. CAPURRO, ESQ. (241151)
2   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
    2280 Union Street
3   San Francisco, CA 94123
    Telephone: (415) 563-7200
4   Facsimile: (415) 346-0679
    E-mail: malioto@tatp.com
5   laurenrussell@tatp.com

6   *Lead Counsel for the Indirect-Purchaser Plaintiffs*

7

8

9

10                   **UNITED STATES DISTRICT COURT**

11                   **NORTHERN DISTRICT OF CALIFORNIA**

12                   **SAN FRANCISCO DIVISION**

13   IN RE CATHODE RAY TUBE (CRT)        )   Master File No. 3:07-cv-5944 SC
     ANTITRUST LITIGATION                )
14   _____ )   MDL No. 1917
                                         )
15   This Document Relates to:           )   **INDIRECT PURCHASER PLAINTIFFS'**
                                         )   **NOTICE OF MOTION AND MOTION**
16   Indirect-Purchaser Class Action     )   ***IN LIMINE* NO. 13:**
                                         )
17                                       )
                                         )   **TO PRECLUDE LIVE TESTIMONY OF**
18                                       )   **DEFENDANTS' WITNESSES WHO ARE**
                                         )   **NOT MADE AVAILABLE TO TESTIFY**
19                                       )   **LIVE IN PLAINTIFFS' CASE-IN-CHIEF**
                                         )
20                                       )   Hearing Date: February 27, 2015
                                         )   Time: None set
21                                       )   Courtoom: One, 17th Floor
                                         )
22                                       )   The Honorable Samuel Conti
                                         )
23   _____ )

24

25

26

27

28

---

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE LIVE TESTIMONY
Master File No. 3:07-cv-5944 SC

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 13:**

**TO PRECLUDE LIVE TESTIMONY OF DEFENDANTS' WITNESSES WHO ARE NOT <u>MADE AVAILABLE TO TESTIFY LIVE IN PLAINTIFFS' CASE-IN-CHIEF</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015, or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California, 94102, Indirect Purchaser Class Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order precluding live testimony by Defendants' witnesses who are not made available to testify live during Plaintiffs' case-in-chief.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE LIVE TESTIMONY
Master File No. 3:07-cv-5944 SC

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs anticipate that several individuals who are current or former employees of Defendants will be on the witness lists of both the Indirect Purchaser Plaintiffs ("Plaintiffs") and one or more of the Defendants.  These individuals are not under the control of Plaintiffs and are beyond the Court's subpoena power.  Plaintiffs will request that some witnesses who Defendants indicate they will be calling live in their case also be made available for live testimony during Plaintiffs' case-in-chief.  In the event that Defendants refuse to produce such witnesses, the Court should preclude those witnesses from testifying live during Defendants' presentation of evidence. Allowing the Defendants to keep their witnesses away during Plaintiffs' case-in-chief but then allowing those witnesses to appear live during Defendants' case-in-chief would create an unduly prejudicial imbalance in the presentation of evidence.

## I.    ARGUMENT

It is not uncommon for a defendant to attempt to refuse to produce a witness for live testimony during the plaintiff's case even though the defendant intends to bring the very same witness to testify live during their own presentation of evidence.  Courts, including the Ninth Circuit, recognize this as "gamesmanship" and refuse to condone such behavior.  *R.B. Matthews, Inc. v. Transamerica Transport Services, Inc.*, 945 F.2d 269, 273 (9th Cir. 1991).  Indeed, in *Matthews*, the Ninth Circuit affirmed this Court's ruling that precluded the introduction of live testimony by the defendants for any witness that was not made available if requested for live testimony during the plaintiffs' case-in-chief:

> By denying RBM's requests to produce Reed and White as live witnesses, TTS engaged in gamesmanship, forcing RBM to rely on depositions. The district court did not abuse its discretion when it forced TTS to rely on deposition testimony as well.  If TTS had truly wished to present the live testimony of White and Reed, it could have done so by making those witnesses available when RBM requested that they be produced.

*Matthews*, 945 F.2d at 273 (affirming Conti, J.).  The same rule should be applied here.  If Plaintiffs request that a defense witness appear for live testimony during their case-in-chief and Defendants do not produce the witness, that witness should be precluded from testifying live during Defendants' case-in-chief.[1]

   Here, as in *Matthews*, Plaintiffs should have the option of presenting live testimony during their own case-in-chief instead of being forced to read deposition testimony into the record or play spliced together video excerpts of depositions.  Forcing Plaintiffs to rely on depositions while Defendants have the option of live testimony is an "inequitable result" owing to the "the inherent disparity between depositions and live testimony."  *Iorio v. Allianz Life Ins. Co. of N. Am.*, No. 05CV633 JLS (CAB), 2009 WL 3415689, at *5-6 (S.D. Cal. Oct. 21, 2009) (discussing *Matthews*).  Accordingly, numerous courts have followed the example of *Matthews* by requiring defendants either to produce witnesses for live testimony during the plaintiffs' case, or, like the plaintiffs, rely only on deposition testimony when presenting their own case-in-chief.  *Id.*[2]

## II.   CONCLUSION

   For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude the live testimony in Defendants' case of any witness who is not made available to testify in open court as part of the Plaintiffs' presentation of their case-in-chief.

---

[1] This ruling should apply only to witnesses that Defendants refuse to produce.  In the event, for example, that Plaintiffs do not request the attendance at trial by a witness (and instead opt to introduce deposition testimony) Plaintiffs do not suggest that Defendants should be precluded from bringing the witness to testify in person during their own case.

[2] *See also Buchwald v. Renco Grp., Inc.*, No. 13-CV-7948 AJN, 2014 WL 4207113, at *1 (S.D.N.Y. Aug. 25, 2014) ("To prevent unfairness and avoid wasting time, numerous courts have held that a party may not limit a witness that the party intends to call at trial from testifying only during its own case in chief.  Instead, the party must either permit its opponent to directly examine the witness, so that both parties may elicit the witness's live testimony during their cases in chief, or rely itself on the witness's deposition testimony, so that neither party may elicit the witness's live testimony during its case in chief.") (citing *Matthews*).

1

2    Dated:  February 13, 2015          By:   /s/ Mario N. Alioto

3                                       Mario N. Alioto (56433)
                                        Lauren C. Capurro (241151)
4                                       TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                        2280 Union Street
5                                       San Francisco, CA 94123
                                        Telephone:    (415) 563-7200
6                                       Facsimile:    (415) 346-0679
                                        Email:  malioto@tatp.com
7                                       Email:  laurenrussell@tatp.com

8                                       *Lead Counsel for Indirect Purchaser Plaintiffs*

9                                       *On the brief:*

10                                      Donald L. Perelman
                                        Gerard A. Dever
11                                      Matthew Duncan
                                        Fine, Kaplan and Black, R.P.C.
12                                      One South Broad Street, 23rd Floor
                                        Philadelphia, PA 19107
13                                      Telephone:  (215) 567-6565
                                        Facsimile:  (215) 568-5872
14                                      Email:  gdever@finekaplan.com

15                                      *Counsel for Indirect Purchaser Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE LIVE TESTIMONY
Master File No. 3:07-cv-5944 SC