MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 14:** |
| | **TO LIMIT DEFENDANTS' DEPOSITION DESIGNATIONS PRESENTED IN PLAINTIFFS' CASE TO REASONABLE CROSS AND TO EXCLUDE UNRELATED DESIGNATIONS** |
| | Hearing Date: February 27, 2015<br>Time: None set<br>Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 14:**

**TO LIMIT DEFENDANTS' DEPOSITION DESIGNATIONS PRESENTED IN PLAINTIFFS' CASE TO REASONABLE CROSS AND <u>TO EXCLUDE UNRELATED DESIGNATIONS</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015, or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California, 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order to limit Defendants' deposition designations presented in Plaintiffs' case to reasonable cross and to exclude unrelated designations.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to limit Defendants' deposition designations presented in Plaintiffs' case to reasonable cross and to exclude unrelated designations from Plaintiffs' case-in-chief.

## I. ARGUMENT

At trial, Plaintiffs intend to present a significant portion of their evidence through video depositions. For a number of witnesses, Plaintiffs and Defendants have made initial designations of deposition testimony of a given witness, and, in response to each other's initial designations also have prepared counter-designations. During their case-in-chief, Plaintiffs are prepared to present Defendants' counter-designations that are within the scope of Plaintiffs' initial designations. Defendants, however, take the position that the jury should hear from a witness only once, and thus, insist that all of the material designated by Defendants—including even their *initial* designations that do not relate to the testimony being introduced by Plaintiffs—must be played during Plaintiffs' case-in-chief. Significantly, for a number of these witnesses, Defendants' have initially designated far more testimony than Plaintiffs. Requiring Plaintiffs to include in their *own* case-in-chief all of Defendants' unrelated designations is at odds with Fed. R. Evid. 611(b), will unfairly compromise the Plaintiffs' ability to present their case in the manner they deem appropriate, is likely to confuse the jury, will unduly lengthen the video portion of Plaintiffs' presentation, and will prejudice the jury against Plaintiffs.

### A. Plaintiffs Should Be Permitted to Present Their Case as They See Fit

Defendants propose to insert the entirety of their affirmative designations into Plaintiffs' case-in-chief. Permitting Defendants to do this would violate "[t]he presumption … that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses." *Hoffman v. Ford Motor Co.*, No. Civ. 07-cv-00081REBC, 2009 WL 763356, at *1 (D. Colo. Mar.

16, 2009) (citation omitted).  As noted by the court in a recent price-fixing trial in the District of Kansas, "the court can, and should, be cognizant of the order of presentation of proof by which the party who bears the burden of persuasion also enjoys the advantage of primacy in presenting its evidence."  *In re Urethane Antitrust Litig.*, Case No. 04-1616 (D. Kan. Jan. 9, 2013), Transcript of Motion *in Limine* Conference (attached hereto as Exhibit A to Declaration of Gerard A. Dever ("Dever Decl.")) at 85:19-22.  *See also Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431 SBA(EDL), 2006 WL 1646110, at *2-3 (N.D. Cal. June 12, 2006) (holding that it was proper for the party who bore the burden of proving "the most critical issue in this case" "to present its evidence first at trial"; refusing to change the standard order of proof at trial after considering factors of efficiency and potential juror confusion).

To the extent that Defendants wish to present their own initial deposition designations to the jury, they should do so during their own case-in-chief.  Defendants should not be allowed to muck up the Plaintiffs' presentation of evidence by inserting evidence that is plainly meant to support Defendants' case.  *See, e.g., Argentine v. United Steelworkers of Am., AFL-CIO*, 287 F.3d 476, 486 (6th Cir. 2002) (holding that district court did not abuse its discretion when it did not allow defendant to cross-examine a witness who was called during plaintiff's case-in-chief; court concluded that witness was "essentially" defendant's witness, cross-examination proposed by defendant would be "in form only and not in fact," and defendant should recall the witness one week later to testify during defendant's case-in-chief).

**B. Allowing Defendants to Present Unlimited Testimony During Plaintiffs' Case-in-Chief Will Confuse the Jury and Prejudice It Against Plaintiffs**

In addition to undermining the Plaintiffs' right to present their case in the manner they choose, allowing Defendants to play unrelated deposition testimony during Plaintiffs' case would obscure Plaintiffs' presentation of evidence and confuse the jury.  *Clark v. Allen*, Nos. 95-2487,

96-1116, 96-1276, 1998 WL 110160, at *2-3 (4th Cir. Mar. 13, 1998) (holding it was not an abuse of discretion to curtail the presentation of deposition testimony where an "unrestricted reading of the deposition" which had already consumed "nearly a day" of trial resulted in "jurors complain[ing] that they found the presentation confusing"); *see In re Urethane Antitrust Litig.*, Transcript of Motion *in Limine* Conference, Dever Decl., Ex. A at 86:1-2 (noting that when presenting videotaped testimony to a jury, counter-designations could be "lengthy and potentially confusing in the context of the plaintiff's presentation"). If Plaintiffs' and Defendants' designations are combined in the manner that Defendants advocate, it will be extremely difficult, if not impossible, for the jury to understand Plaintiffs' evidence, and the jury will have no ability to discern which portions of a lengthy video were offered by Plaintiffs and which portions were offered by Defendants. For clarity, the jury should know which party is the proponent of a piece of evidence.

Allowing Defendants to play their initial designations during Plaintiffs' case also will materially lengthen Plaintiffs' case-in-chief, potentially antagonizing the jurors towards the Class for subjecting them to extended and hard-to-follow video presentations. *See M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991) ("Noting counsel's lack of jury trial experience, the district judge indicated that she was adversely affecting her client's case by her extended examination."); *United States v. Warner*, 506 F.3d 517, 524 (7th Cir. 2007) ("The longer the trial, … [t]he jurors become bored, impatient, irritated …"). If permitted, Defendants will substantially lengthen the presentation of Plaintiffs' case, and will enjoy the additional benefit of reducing the length of their own case.

Plaintiffs expect that Defendants will argue that the video testimony of all or most witnesses is so "intertwined" that the initial designations cannot or should not be separated into their respective cases-in-chief. That argument is simply untrue. The witnesses at issue here have

testified on numerous discrete issues, which are easily separated for presentation at trial. There are neither legal nor practical justifications for presenting all of Defendants' deposition designations during Plaintiffs' case-in-chief.

### C. Cross-Examination Should Be Limited to the Scope of the Direct

Instead, the Court should limit cross-examination as contemplated by the Federal Rules of Evidence. The Rules are explicit: "Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b); *United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (limiting cross-examination of a witness to the scope of his testimony on direct). That Defendants' cross-examination is being undertaken via deposition designations does not in any way lessen the force of Rule 611(b). *See In re Urethane Antitrust Litig.*, Transcript of Motion *in Limine* Conference, Dever Decl. Ex. A at 86:6-8 (granting plaintiffs' motion *in limine* to exclude from plaintiffs' case-in-chief any counter-designations that went beyond the scope of testimony presented in initial designation; noting that "[t]he out-of-scope testimony is available to be presented in the parties' case-in-chief").[1]

Moreover, when considering counter-designations, courts are *more* conservative, not less, in interpreting whether the material is "within the scope" of the direct testimony than they are in determining whether cross-examination of a live witness is "within the scope" of the direct examination. *See, e.g., In re Urethane Antitrust Litig.*, Transcript of Motion *in Limine* Conference, Dever Decl., Ex. A at 86:15-19 ("With a live witness I may be more liberal in my view about what is beyond the scope, … but with these deposition transcripts I think that's a different issue."). That

---

[1] *See also United States v. Cook*, No. CR05-424Z, 2007 WL 130326, at *6 (W.D. Wash. Jan. 16, 2007) (declining to admit counter-designated deposition testimony that was "unrelated" to the statement designated by the government and constituted an attempt by defendants "to introduce substantive evidence in support of a defense"); *id.* at *9 (further declining to admit exculpatory counter-designations that were "unrelated (or only loosely related) to the testimony designated by the Government"); *Adams v. United States*, No. CV-03-49-E-BLW, 2009 WL 1705694, at *1 (D. Idaho June 15, 2009) (excluding counter-designation containing irrelevant testimony).

is because "the momentary potential for effective discrediting [of a videotaped witness] is not lost in the same way as a live witness." *Id.* at 86:8-10.

Here, Defendants have designated an excessive and overbroad amount of cross-examination testimony. For a witness testifying live at trial, it is highly unlikely that Defendants would be permitted such a disproportionate and far-reaching amount of cross-examination. The deposition testimony should be handled with the same principles of scope and proportionality. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Products Liab. Litig.*, No. 3:09-md-10012-DRH, 2011 WL 6740391, at *19 (S.D. Ill. Dec. 22, 2011) ("[T]he Court will follow Rule 32(a)(6), however, as the rule reads *only* so much counter designation will be read as is necessary to allow for a *fair* reading of the testimony.") (emphasis in original).

## II.   CONCLUSION

For the reasons stated above, Class Plaintiffs respectfully request that this Court grant their motion *in limine* to limit Defendants' deposition designations that are presented in Plaintiffs' case-in-chief to reasonable cross-examination.

Dated:  February 13, 2015

By:  */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:      (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

One South Broad Street, 23rd Floor  
Philadelphia, PA 19107  
Telephone:  (215) 567-6565  
Facsimile:   (215) 568-5872  
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*