MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 15:** |
| | **TO PRECLUDE REFERENCE TO THE FACT, TERMS OR AMOUNTS OF PRIOR SETTLEMENTS** |
| | Hearing Date:  February 27, 2015<br>Time: None set<br>Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

# NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 15:

# TO PRECLUDE REFERENCE TO THE FACT, TERMS OR AMOUNTS OF PRIOR SETTLEMENTS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015, or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California, 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order precluding reference to the fact, terms or amounts of prior settlements in this or related litigation.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("IPPs" or "Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude reference to the fact, terms or amounts of prior settlements between Defendants' former co-defendants and IPPs or between Defendants' former co-defendants and the direct purchaser class plaintiffs ("DPPs") or the direct action plaintiffs ("DAPs") – pursuant to Federal Rules of Evidence 402, 408, and 403.

## I.   ARGUMENT

### A.   The Settlements and Their Terms Are Irrelevant under Rule 402.

The existence and terms of the prior settlements and the amounts paid by Defendants' former co-defendants to IPPs, DPPs and DAPs shed no probative light on whether Defendants conspired with their competitors to fix prices and the amount of damages that the conspiracy caused the class and thus, are inadmissible under Rule of Evidence 402. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). The fact, terms and amounts of the prior settlements are irrelevant "because numerous factors, apart from the value of the claim, go into the determination to settle, so that the [settlement] actually says little or nothing about the value of [the plaintiff's] claim." *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 144 (N.D. Iowa 2003). For example, "'the [settlement] offer may be motivated by desire for peace rather than from any concession of weakness of position.'" *Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213 (9th Cir. 1990) (quoting Fed. R. Evid. 408 Advisory Committee Note). *See also McDevitt v. Guenther*, 522 F. Supp. 2d 1272, 1285 (D. Haw. 2007) ("[M]any considerations which had nothing to do with [a remaining defendant's] involvement may have entered into the determination of the settlement amount paid by [a settling defendant]."). Thus, in this instance, the fact, terms and amount of settlements have no probative value and should be excluded under Rule 402.

**B. The Settlements Cannot Be Used to Contest Liability or Amount of Damages under Rule 408.**

The fact, terms and amounts of settlements are inadmissible under Rule of Evidence 408. Rule 408 prevents the introduction of evidence of a party "furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim" for the purpose of proving or disproving the validity or amount of a claim. Fed. R. Evid. 408(a)(1). This rule holds true even if the party seeking to introduce the terms or amount of the settlement was not a party to the settlement agreement. *See Hudspeth*, 914 F.2d at 1213 ("Rule 408 does apply to situations where the party seeking to introduce evidence of a compromise was not involved in the original compromise."); *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ("Federal Rule of Evidence 408 excludes complete compromises with third parties and prior defendants.").

Rule 408 prevents litigants from wasting trial time to conduct an irrelevant side-show that would invite the jury to draw improper inferences. For example, a jury might conclude based on the pre-existing settlements that the settling defendants were the parties primarily, or entirely, responsible for Plaintiffs' injury. *See In re Tenet Healthcare Corp. Sec. Litig.*, No. CV 02-8462-RSWL (RZX), 2007 WL 5673884, at *2 (C.D. Cal. Dec. 5, 2007) ("[T]he settling party may be motivated by desire for peace. However, the fact-finder may be unduly swayed by the fact that [a defendant] settled for a large amount of money."). A jury also might give weight to the amounts that the settling defendants paid in determining the damages that Plaintiffs suffered or in determining how much Defendants should pay. *See Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207 RAJ, 2014 WL 4674390, at *5 (W.D. Wash. Sept. 17, 2014) ("[T]here is significant risk that disclosure of the settlement amounts would anchor or buoy the jury's

consideration of Costco's damages, which is among the reasons that settlement discussions are presumptively inadmissible."). None of these inferences would be remotely proper, and they all show how the settlement terms could be used to Plaintiffs' detriment.[1]

In sum, any attempt by Defendants to use the fact, terms or amounts of any prior settlement to dispute the validity of Plaintiffs' claims would be improper, as courts have held time and time again.[2] This court should do the same.

### C. Reference to the Fact, Terms and Amounts of Settlements Would Be Unfairly Prejudicial, Would Confuse the Jury, and Would Cause Undue Delay under Rule 403.

Even if the fact, terms and amounts of the prior settlements were admissible under Rules 402 and 408, which they are not, the Court should prohibit reference to them under Rule 403.

---

[1] The *fact* of settlement may be relevant to issues of credibility when a witness is cooperating with Plaintiffs as required by a settlement agreement. But this is a limited circumstance and will arise only in the context of Defendants' cross-examination of certain witnesses. The admission into evidence or reference to the existence of a settlement for purposes of cross-examination should be evaluated on a case by case basis by the Court. *See, e.g., In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *3 (N.D. Cal. Dec. 16, 2010) (granting motion *in limine*; "References to settlements are excluded. The settlement amounts are excluded. However, evidence of the cooperation clauses may be relevant to impeach a witness's credibility."). Moreover, even if the Court decides to permit the jury to learn of the *fact* of settlement, the *details* of a settlement with former co-defendants, including the settlement amount, are not admissible. *See Costco,* 2014 WL 4674390, at *6 (allowing defendants to elicit testimony demonstrating fact of settlement, but barring defendants from inquiring as to the amount paid); *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) (allowing disclosure of the fact of settlement in order to avoid jury confusion, but disallowing disclosure of amount of settlement). In instances where the jury is informed of the *fact* of settlement, courts have suggested that the jury be specifically instructed to disregard the settlement amount when considering the claims being brought against the remaining defendants. *Costco,* 2014 WL 4674390, at *6 ("If necessary, the court will consider an instruction to the jury that it should not speculate about the amount of any settlement or consider the settlements for purposes of assessing Costco's damages"). In sum, "[d]isclosing the amount of settlement ha[s] no proper purpose in the circumstances of this case and therefore it violate[s] Rule 408." *Kennon,* 794 F.2d at 1070 (reversing judgment and remanding for a new trial after finding that the trial court had committed prejudicial error in disclosing the amount of the settlement to the jury).

[2] *See, e.g., Costco,* 2014 WL 4674390, at *6 (excluding amount of settlement); *In re Homestore.com, Inc.,* 2011 WL 291176, at *1 ("[E]vidence of the amount of prior settlements is not relevant here and is prejudicial."); *Tenet Healthcare*, 2007 WL 5673884, at *2 (precluding admission of settlement agreement with third party); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-MD-1827-SI, Doc. No. 5597 (N.D. Cal. May 4, 2012) (granting motion *in limine* to exclude amount or terms of settlement agreement); *SRAM,* 2010 WL 10086747, at *3 (same).

Under this Rule, evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Thus, the district judge must weigh the prejudicial effect of evidence against its relevance when determining whether evidence related to a settlement agreement is admissible under Rule 403. *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 980 (9th Cir. 2009) ("[E]ven if [settlement demand] were of limited relevance, it should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice....") (internal quotation marks and citation omitted).

Here, in comparison, reference to the fact, terms and amounts of settlements are irrelevant as explained above, and would unfairly prejudice Plaintiffs because it could lead the jury to improperly adjust its analysis in order to account for irrelevant facts. Indeed, their reference "will invite a 'mini-trial' on similarities and differences in the facts regarding the 'same' claims against the other defendants to determine what, if any, light the [prior settlement] sheds on the value of the claim against [the remaining defendant]." *Pioneer Hi-Bred*, 219 F.R.D. at 144-45. Such a detour would waste the time and resources of everyone involved, as well as confuse a jury already being forced to attend a complex and lengthy trial. *See In re Homestore.com, Inc.*, 2011 WL 291176, at *1; *Tenet Healthcare*, 2007 WL 5673884, at *2 (excluding settlement information as "unfairly prejudicial under Rule 403 because a settlement is not a reliable indicator of misconduct"). Accordingly, the Court also should bar reference to the fact, terms or amounts of the settlements under Rule 403.

II.   **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude reference to the fact, terms or amounts of prior settlements.

| | | |
|---|---|---|
| 1 | Dated: February 13, 2015 | By: */s/ Mario N. Alioto* |
| 2 | | Mario N. Alioto (56433) |
| | | Lauren C. Capurro (241151) |
| 3 | | TRUMP, ALIOTO, TRUMP & PRESCOTT LLP |
| | | 2280 Union Street |
| 4 | | San Francisco, CA 94123 |
| | | Telephone: (415) 563-7200 |
| 5 | | Facsimile: (415) 346-0679 |
| | | Email: malioto@tatp.com |
| 6 | | Email: laurenrussell@tatp.com |

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
Facsimile: (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*