MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 16:** |
| | **TO PRECLUDE REFERENCE TO AND EXCLUDE EVIDENCE OF OTHER CRT LITIGATIONS** |
| | Hearing Date: February 27, 2015<br>Time: None set<br>Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 16:**

**TO PRECLUDE REFERENCE TO AND EXCLUDE EVIDENCE
OF OTHER CRT LITIGATIONS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015 or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to and exclude evidence of other CRT litigations.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support of thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

In addition to this action brought by Indirect Purchaser Plaintiffs ("IPPs" or "Plaintiffs"), a number of other cases arising from Defendants alleged price fixing of cathode ray tubes ("CRT") have been filed. The existence of cases brought by Direct Purchaser Plaintiffs ("DPPs"), Direct Action Plaintiffs ("DAPs") and the various states attorneys general ("AGs") does not tend to make any fact at issue in the IPP case more or less probable and is thus irrelevant. Moreover, the existence of other litigations relating to the same conduct is likely to confuse the jury and prejudice it against Plaintiffs. Accordingly, Plaintiffs ask the Court to preclude any reference to or evidence of the other CRT actions as inadmissible under Fed. R. Evid. 402 and 403.[1]

## I.  ARGUMENT

Nothing about the existence of other CRT litigation makes the disputed issues in *this* litigation more or less probable. This trial will be about whether Defendants conspired to fix the prices of CRT and thereby injured the IPPs. The fact that differently situated and distinct plaintiffs with claims arising under different laws also are suing Defendants will not assist the jury in resolving the *IPPs'* claims. Accordingly, courts routinely grant motions *in limine* to exclude as irrelevant references to other pending civil cases arising from a common course of conduct or government investigation.[2]

---

[1] Plaintiffs have requested that this Court permit the IPP case to be tried separately from the DPPs and DAPs. *See* Dkt. No. 2897. This Court separated the trials in the SRAM litigation and Plaintiffs request that a similar procedure be followed here. Order on Pre-Trial Preparation (Dkt. No. 1285)], *In re Static Random Access (SRAM) Antitrust Litig.*, No. 07-md-1819 (CW) (N.D. Cal.) (Jan. 25, 2011) ("SRAM Scheduling Order"). In the event that the Court grants IPPs request for a separate trial, Defendants should be precluded from referencing any other CRT litigation. In the event that the Court requires the IPPs to proceed to trial jointly with any other plaintiff—which the IPPs oppose—Defendants should be precluded from referencing any litigation not before the jury.

[2] *See, e.g., Johnson v. Ford Motor Co.*, 988 F.2d 573, 579-80 (5th Cir. 1993) (upholding exclusion of other lawsuits against Ford Motor Co. involving allegedly defective vehicles); *Lee v. National R.R. Passenger Corp.*, No. 3:10–CV–00392–CWR–LRA, 2012 WL 130267 at *3 (S.D. Miss. Jan. 17, 2012) (excluding evidence of other lawsuits arising out of same crash); *Illano v. H & R Block Eastern Enterprises*, No. 09–22531–CIV, 2011 WL 1897431, at *1 (S.D. Fla. May 18,

Indeed, the most likely effect of allowing reference to and evidence of the various cases against Defendants will be to confuse the jury. Here, the DPPs and DAPs, which are asserting claims under the Sherman Act, are entitled to the full amount of the overcharge caused by Defendants' price fixing. *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968). Permitting the jury to learn that Defendants already are being sued by direct purchasers for the same overcharge that IPPs seek to recover will, at a minimum, be confusing. Moreover, requiring the jury to navigate and reconcile federal and state antitrust law claims as well as the substantive and procedural differences between the IPPs', DPPs' and DAPs' claims, will create a hornets' nest of confusion.

In addition, informing the jury that there are lawsuits by parties that transacted directly with Defendants and paid the overcharge in the first instance is likely to prejudice the jury against the IPPs. The jury—whether consciously or unconsciously—may improperly adjust its estimation of damages in the IPP case to account for the fact that the DPPs and DAPs also can recoup damages for the same overcharge. Thus, the existence of the other CRT litigations has an "undue tendency to suggest decision on an improper basis," and constitutes "unfair prejudice" within the meaning of Rule 403. *See* Fed. R. Evid. 403, Advisory Committee Notes.

Given the tendency of the multiplicity of litigations to confuse the jury and lead to a tempering of damages, Defendants may wish to present this information to the jury. But the sole purpose of doing so would be to raise the inference that Defendants have been punished enough. This is improper and courts reject such abuse of the evidentiary process. *See, e.g., In re Static*

---

2011) (excluding evidence of other lawsuits against H & R Block); *Robinson v. Hartzell Propeller, Inc.*, Civ. No. 01-5420, 2008 WL 4679248, at *3 (E.D. Pa. Aug. 11, 2008) (conditionally granting motion to exclude references to other lawsuits arising from the same accident); *Acands, Inc. v. AON Risk Services*, Civ. A. No. 01-3277, 2004 WL 2601035, at *2 n.3 (E.D. Pa. Nov. 10, 2004) (excluding evidence of related AG investigation); *Blue Cross & Blue Shield of N.J., Inc., v. Philip Morris, Inc.*, No. 98 CV 3287(JBW), 2000 WL 1805359 at *2 (E.D.N.Y. Dec. 11, 2000) (excluding evidence of other lawsuits and governmental investigations relating to hazards of the smoking of cigarettes).

*Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 CW, 2010 WL 10086747, *3 (N.D. Cal. Dec. 16, 2010) (granting motion *in limine* to exclude evidence of other cases and settlements); *Young v. Verson Allsteel Press Co.,* 539 F. Supp. 193, 195 (E.D. Pa. 1982) ("It is difficult to understand how [defendant] is not . . . seeking to introduce such evidence to mitigate the amount of any possible jury award by informing the jurors that plaintiff has already received a measure of compensation for his injuries.").

## II.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their motion *in limine* to preclude reference to or evidence of other CRT litigation.

Dated: February 13, 2015

By: /s/ Mario N. Alioto
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:   (415) 563-7200
Facsimile:    (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
Facsimile:  (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*