MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 17:** |
| | **TO (1) PRECLUDE ARGUMENT THAT THE SAMSUNG SDI GUILTY PLEA INCLUDES DOJ FINDINGS OF FACT; (2) EXCLUDE EVIDENCE OF THE VOLUME OF AFFECTED SALES IN THE GUILTY PLEA; (3) EXCLUDE EVIDENCE OF THE FACT AND AMOUNT OF THE CRIMINAL FINE; AND (4) EXCLUDE ANY STATEMENT BY THE DOJ CHARACTERIZING THE CRT CONSPIRACY** |
| | Hearing Date: February 27, 2015<br>Time: None set<br>Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 17:**

**TO (1) PRECLUDE ARGUMENT THAT THE SAMSUNG SDI GUILTY PLEA INCLUDES DOJ FINDINGS OF FACT; (2) EXLUDE EVIDENCE OF THE VOLUME OF AFFECTED SALES IN THE GUILTY PLEA; (3) EXCLUDE EVIDENCE OF THE FACT AND AMOUNT OF THE CRIMINAL FINE; AND (4) EXCLUDE ANY STATEMENT BY THE DOJ CHARACTERIZING THE CRT CONSPIRACY**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015 or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to (1) preclude argument that the Samsung SDI guilty plea includes DOJ Findings of Fact; (2) exclude evidence of the volume of affected sales in the guilty plea; (3) exclude evidence of the fact and amount of the criminal fine; and (4) exclude any statement by the DOJ characterizing the CRT conspiracy.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support of thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude Defendants from arguing that the Department of Justice ("DOJ") made findings of fact or otherwise concluded that the CRT conspiracy was limited to the scope of the conspiracy admitted to by Samsung SDI Company, Ltd. ("Samsung") in its guilty plea. Plaintiffs also seek to exclude evidence of the volume of affected sales identified in the Samsung plea agreement and the fact and amount of the criminal fine imposed on Samsung. Finally, Plaintiffs move to exclude any statements by the DOJ that characterize the CRT conspiracy. Such arguments and evidence have no probative value in this civil proceeding and could mislead the jury into believing that the DOJ concluded that the CRT price-fixing conspiracy was limited to the facts admitted by Samsung in its plea agreement.

### I.    ARGUMENT

In its plea agreement with the DOJ, Samsung admits that "from at least as early as January 1997, until at least as late as March 2006":

> [Samsung] participated in a conspiracy among major CDT producers, the primary purpose of which was to fix prices, reduce output, and allocate market shares of CDTs sold in the United States and elsewhere. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of other major CDT producers. During these discussions and meetings, agreements were reached to fix prices, reduce output, and allocate market shares of CDTs to be sold in the United States and elsewhere.

*U.S. v. Samsung SDI Co., Ltd.*, No. CR 11-0162 (WHA), (N.D. Cal. Aug. 8, 2011) (Dkt. No. 40-1) (Samsung Amended Plea Agreement at 3). Samsung further admitted that approximately $89 million of sales to customers in the United States were directly affected by the conspiracy. *Id.* at 4. A criminal fine of $32 million was imposed on Samsung. *Id.* at 5.

### A.   The Samsung Guilty Plea Does Not Include DOJ Factual Findings

The Samsung plea agreement is probative and admissible evidence for a number of issues that will be presented to the jury.[1] Plaintiffs anticipate that Defendants, in an effort to undermine and minimize this evidence, will improperly characterize the plea agreement as factual findings by the DOJ, as opposed to what they are: factual admissions by Samsung.  Defendants, for example, might argue that the ***DOJ determined*** that CPT were not included in the conspiracy (or were part of a separate and distinct conspiracy), that ***DOJ determined*** the conspiracy only existed between January 1997 and March 2006, or that ***DOJ determined*** the conspiracy involved only $89 million of sales.  But the DOJ did not make any such factual findings and Defendants should be precluded from suggesting that it did.

As a substantive matter, courts have recognized that a "guilty plea establishes the existence of the conspiracy, but does not set boundaries confining the scope or time frame." *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2014 WL 1746121, at *7 (E.D. Mich. Apr. 30, 2014). For example, in the *LCD* case in this District, Judge Illston rejected at summary judgment the defendants' argument that the dates of the conspiracy were limited to the dates specified in the relevant guilty pleas.[2]  Judge Illston also rejected the *LCD* defendants' efforts to limit the products

---

[1] For example, as to Samsung, the guilty plea provides *prima facie* evidence of Samsung's culpability for the price fixing of CDT between January 1997 and March 2006.  15 U.S.C. § 16(a); *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 560 (1951).  As to the other Defendants, the guilty plea is probative evidence of the existence of a CDT conspiracy among major CDT producers between January 1997 and March 2006.  *See, e.g., Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207RAJ, 2014 WL 4674390, at *10 (W.D. Wash. Sept. 17, 2014) (admitting evidence of co-conspirator criminal convictions as probative evidence of the conspiracy plaintiff hoped to prove at trial against defendant).  In addition, to the extent that the Court determines the FTAIA to be applicable to Plaintiffs' claims, Samsung also admits that the price-fixed CRT "substantially affected" U.S. commerce.  Plea Agreement at 4.

[2] *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1185 (N.D. Cal. 2009) ("[T]here are any number of plausible reasons why the criminal guilty pleas would cover the 2001–2006 time period while still allowing for civil liability during the 1996–2001 period, such as criminal statutes of limitation and higher burdens of proof in criminal cases.").

included in the conspiracy to those identified in the guilty pleas.[3]

There is sound logic behind these holdings. Criminal guilty pleas are usually the product of negotiation and compromise. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 71 (1977) ("the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system"). The Samsung guilty plea is no exception, and includes only those facts that Samsung was willing to admit.[4] Moreover, the decision to accept Samsung's plea fell within the DOJ's prosecutorial discretion, which "take[s] into account many other factors not relevant in a civil suit." *Am. Home Assur. Co.*, 753 F.2d at 325.

Here, even by its own terms, the Samsung plea agreement leaves open the possibility of a broader conspiracy than is admitted by Samsung; for example, the plea agreement specifies that the conspiracy began "*at least* as early as January 1997" and lasted "*at least* as late as March 2006." Plea Agreement at 3 (emphasis added). As such, the plea agreement does not purport to include the full scope of what the DOJ investigation uncovered. Nor does it reveal what the DOJ could have proven at trial, much less what could be proven under the lesser evidentiary burden that is applicable in this civil trial.[5]

None of this is to say that Defendants cannot contest the length of the conspiracy, the

---

[3] *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-4997 SI, 2012 WL 6035547, at *1 (N.D. Cal. Dec. 4, 2012) (denying summary judgment and rejecting defendants' argument that conspiracy should be limited, as in the criminal guilty pleas, to notebook and computer monitors).

[4] *See, e.g., U.S. v. Samsung*, No. CR 11-0162 (WHA), (N.D. Cal. April 15, 2011) (Dkt. No. 15 at 4) (memorandum filed by government indicating that Samsung counsel "negotiate[d]" the terms of the disposition and spent "significant time engaged in plea negotiations").

[5] *See In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 309192, at *14 (N.D. Cal. Jan. 21, 2014) ("The argument rests on an unsound premise, namely, that the scope of criminal plea agreements establishes the scope of civil liability. The government operates under a different burden of proof than do private litigants. The reasonable doubt standard faced by the government makes criminal guilty pleas in antitrust cases like this one at once a strong indicator of the existence of a conspiracy but a weak indicator of the scope of that conspiracy.").

products included, the amount of sales impacted, or any other fact admitted by Samsung.[6] Indeed they can, and that is what the trial will be about. But Defendants should not be permitted to suggest to the jury that the government investigated the CRT industry and concluded that the conspiracy was different or smaller or shorter-lived than is alleged by Plaintiffs. This is simply untrue—these are Samsung admissions, not DOJ findings—and thus such arguments should be precluded as irrelevant. Fed. R. Evid. 402. Moreover, such arguments should be precluded for the additional reason that they are likely to mislead the jury and prejudice it against Plaintiffs. Fed. R. Evid. 403.

  **B.**  **The Volume of Affected Sales Included in the Plea Agreement and the Fact and Amount of the Criminal Fine Are Not Relevant**

Recently, in the *Costco* trial arising out of the LCD price-fixing litigation, the court addressed the use of co-conspirator criminal guilty pleas in ruling on the parties' motions *in limine*. *Costco,* 2014 WL 4674390, at *8-10. Although the court determined that co-conspirator criminal convictions were relevant and admissible, *id.* at 10 ("Costco can use those convictions as part of its effort to show that the conspiracy that those convictions establish is part of the conspiracy it hopes to prove at trial"), it concluded that certain facts within the plea and sentencing agreements should be excluded; "there are some facts that…are not relevant: the amount of the fine imposed on any Defendant [and] the volume of United States commerce that the pleading Defendants admitted for sentencing purposes." *Id.* at *9. These facts are also irrelevant in this case and should be excluded.

  **1.**  **The Volume of Affected Sales Is Not Relevant**

Here, the volume of affected sales identified in the Samsung plea agreement ($89 million)

---

[6] Samsung, however, is estopped from contesting the scope of liability included in its plea agreement.

is, at best, only tangentially related to Plaintiffs' claims and is likely to mislead the jury.  This sales figure was negotiated by Samsung as a term of the Plea Agreement and is limited to sales made "directly…to customers in the United States" between January 1997 and March 2006.  Plea Agreement at 4.  Plaintiffs, of course, are indirect purchasers and the relevant sales in this case are different and much larger than the sales specified in the Plea Agreement.  As recognized by the DOJ in its sentencing memorandum that accompanied the Samsung Plea Agreement, the criminal proceeding simply did not take into account "indirect purchasers," like Plaintiffs, who do not even "qualify as victims" within the meaning of federal antitrust and sentencing laws.  *U.S. v. Samsung SDI Co., Ltd.*, No. CR 11-0162 (WHA), (N.D. Cal. Aug. 8, 2011) (Dkt. No. 40) (U.S. Sentencing Memo at 8).

Here, the only reason Defendants would seek to introduce the amount of affected sales included in the Plea Agreement—which does not even purport to capture the volume of affected indirect sales—is to suggest to the jury that Plaintiffs' evidence of affected sales is unreasonable and contradicted by the DOJ's findings.  Again, this is simply untrue, and, at a minimum, Defendants should be precluded from arguing that the DOJ made any factual findings about the volume of affected sales.  Plaintiffs further request that the Court exclude altogether the amount of affected sales under Fed. R. Evid. 402 & 403.[7]

### 2. The Fact and Amount of the Criminal Fine Is Not Relevant

Here, as in *Costco*, the fact and amount of the criminal fine is not probative of any issue

---

[7] In *Costco*, the defendants sought to exclude the volume of affected commerce from the trial.  There, the opt-out plaintiff, Costco, had relevant purchases that accounted for only a small subset of the nationwide sales included in the plea agreements.  *Costco*, 2014 WL 4674390, at *9 ("There is no question that the impact on Costco is much smaller than the nationwide VOC figures underlying each Defendant's sentence.").  The Court concluded that Costco sought to introduce the volume of commerce from the plea agreement in order to make its alleged injury seem relatively small by comparison.  *Id.*  Here, the roles are reversed; Plaintiffs seek to exclude the volume of affected commerce in the Plea Agreement because it is much smaller than the amount covered by Plaintiffs' claims.  But the same principle articulated in *Costco* holds: the affected sales figure in

before the jury and should be excluded under Fed. R. Evid. 402. Such evidence does not make any defendant's culpability more or less probable, nor does it provide any relevant information relating to damages in this case. *Costco*, 2014 WL 4674390, at *9 ("The jury will not know the amount of the criminal fines. Indeed, the jury will not know that Defendants were assessed fines unless Costco can demonstrate the relevance of that information."). Moreover, admission of the fact and amount of the criminal fine carries a risk of confusing the jury by suggesting that Defendants already have been punished, or by suggesting that the criminal fine accepted by the DOJ is an appropriate amount to redress Defendants' misconduct, neither of which is true. Accordingly, the fact and amount of the criminal fine also should be excluded under Fed. R. Evid. 403.

### C. Statements by the DOJ Are Inadmissible

Defendants also should be precluded from introducing or referring to statements by the DOJ, *e.g.*, press releases, attorney statements, pleadings filed in the criminal case. "These statements are hearsay. They are statements that the declarants did 'not make while testifying at the current trial,' and they are offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). No hearsay exception applies." *Costco*, 2014 WL 4674390, at *11. Accordingly, the *Costco* court excluded DOJ statements. *Id.* at *11-12 ("That Costco wishes to use some criminal judgments as a building block in proving a larger conspiracy is no reason to admit hearsay statements of the prosecutor extraneous to the criminal judgments…. No party may introduce evidence of any DOJ attorney's statements in connection with the prosecutions of Defendants, the Japanese manufacturers, or anyone else."). Judge Illston granted similar motions *in limine* in the *LCD* trials. *See, e.g., In re TFT-LCD Antitrust Litig.*, (N.D.Cal. May 4, 2012) (Dkt. No. 5597 at p.5) (excluding statements by the DOJ suggesting that there were several distinct

---

the plea agreement has very little to do with the claims at issue and admitting it as evidence could confuse and mislead the jury.

conspiracies in the LCD market and that it did not believe that some of the defendants joined the larger conspiracy alleged by the class plaintiffs). This Court also should exclude DOJ statements, which are inadmissible hearsay.

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to (1) preclude Defendants from arguing that the DOJ made findings of fact or otherwise concluded that the CRT conspiracy was limited to the scope of the conspiracy admitted to by Samsung; (2) exclude evidence of the amount of affected sales as stated in the Samsung Plea Agreement; (3) exclude evidence of the fact and amount of the criminal fine imposed on Samsung; and (4) exclude any statements by the DOJ that characterize the CRT conspiracy.

Dated: February 13, 2015

By:  /s/ Mario N. Alioto
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:   (415) 563-7200
Facsimile:   (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:  (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*