MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Master File No. 3:07-cv-5944 SC<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 18:**<br><br>**TO PRECLUDE ARGUMENT THAT PRICE FIXING WAS PRO-COMPETITIVE OR NECESSARY**<br><br>Hearing Date: February 27, 2015<br>Time: None set<br>Courtoom: One, 17th Floor<br><br>The Honorable Samuel Conti |
|---|---|---|
| This Document Relates to:<br><br>Indirect-Purchaser Class Action | | |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 18:**

**TO PRECLUDE ARGUMENT THAT PRICE FIXING WAS
<u>PRO-COMPETITIVE OR NECESSARY</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015, or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California, 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order to preclude argument that price fixing was pro-competitive or necessary.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude argument that Defendants' alleged price fixing was pro-competitive, necessary or otherwise excusable. Such arguments are not relevant to the claims and defenses at issue and can only serve to confuse the jury.

## I.   ARGUMENT

Collusion is the "supreme evil" of antitrust, *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko*, LLP, 540 U.S. 398, 408 (2004), and "horizontal price fixing and market allocation, are thought so inherently anticompetitive that each is illegal *per se* without inquiry into the harm it has actually caused." *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768 (1984). "[B]ecause of their pernicious effect on competition and lack of any redeeming virtue," price-fixing agreements "are conclusively presumed to be unreasonable and therefore illegal without elaborate inquiry as to the precise harm they have caused or the business excuse for their use." *N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 5 (1958).[1] In other words, there are no excuses for price fixing, and Defendants should be precluded from offering any.

Price-fixing conspiracies "are not evaluated in terms of their purpose, aim or effect in the elimination of so-called competitive evils." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 228 (1940). Courts and juries are not left to determine "whether or not particular price-fixing schemes are wise or unwise, healthy or destructive," and defendants are "not permitted the age-old cry of ruinous competition and competitive evils to be a defense to price-fixing conspiracies." *Id.*

---

[1] *See, e.g., People v. Rattenni*, 81 N.Y.2d 166, 171-72, 613 N.E.2d 155, 158 (1993) ("[S]ome activities are deemed so pernicious to competition that they are found to be *per se* unreasonable. Among these are price fixing and division of markets.") (citations omitted); *Mailand v. Burckle*, 20 Cal. 3d 367, 376, 572 P.2d 1142, 1147 (1978) ("Certain violations of the antitrust laws are deemed to constitute an illegal restraint of trade as a matter of law, and among these are price fixing.").

at 221. Thus, arguments that Defendants' alleged price fixing was pro-competitive, reasonable, well-intentioned, necessary owing to market conditions, or otherwise excusable are not relevant under Fed. R. Evid. 401 and should be precluded under Fed. R. Evid. 402. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 743 F. Supp. 2d 827, 870 (N.D. Ill. 2010) ("While Defendants frequently refer to their financial constraints as an element in their defense, an unforgiving market offers no excuse for violating antitrust laws.").[2]

## II.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude argument or characterizations by Defendants that the alleged price fixing was pro-competitive, necessary or otherwise excusable.

Dated:  February 13, 2015                    By:  /s/ Mario N. Alioto
                                               Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:     (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107

---

[2] *See also United States v. Nu-Phonics, Inc.*, 433 F. Supp. 1006, 1012 (E.D. Mich. 1977) ("Once it has been determined that a particular course of action was a price-fixing conspiracy …there is virtually no defense. The reasonableness of the price fixed is immaterial, as is any benevolent or constructive motivation for the scheme.").

| | |
|---|---|
| 1 | |
| 2 | Telephone:  (215) 567-6565 |
| 3 | Facsimile:   (215) 568-5872<br>Email:  gdever@finekaplan.com |
| 4 | *Counsel for Indirect Purchaser Plaintiffs* |

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE PROCOMPETITIVE CARTEL
Master File No. 3:07-cv-5944 SC