MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 19:**<br><br>**TO EXCLUDE CHARACTER EVIDENCE**<br><br>Hearing Date: February 27, 2015<br>Time: None set<br>Courtoom: One, 17th Floor<br><br>The Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 19:**

**TO EXCLUDE CHARACTER EVIDENCE**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2015 or as soon thereafter as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to exclude character evidence.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support of thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude argument and exclude evidence concerning Defendant corporations' or employees purported good character or reputation. Such arguments are not relevant to the claims and defenses at issue and can only serve to confuse the jury. Alternatively, in the event that the Court permits Defendants to introduce character evidence, the Court should also permit Plaintiffs to introduce evidence of prior bad acts to rebut Defendants' claims of good character.

## I. ARGUMENT

Plaintiffs anticipate that Defendants will attempt to present themselves in a favorable light to the jury by offering evidence and argument of purported good character. For example, Defendants might suggest that they are good corporate citizens, are good employers, are market leaders, create innovative and cutting edge products, make the world a better place, *etc.* The sole purpose of such evidence is to curry favor with the jury and to persuade it that the Defendants are "good" companies that could not have done what Plaintiffs allege. Such "propensity" evidence is irrelevant and prejudicial and should be excluded. *See, e.g., Newill v. Campbell Transp. Co.*, No. 2:12-CV-1344, 2015 WL 267879, at *2 (W.D. Pa. Jan. 14, 2015) (finding that parties "will not be permitted to testify on these matters [of character]. It is propensity evidence, plain and simple.").

The Federal Rules of Evidence are explicit on this point: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404. Although some exceptions in criminal cases permit the introduction of character evidence, "in a civil case evidence of a person's character is ***never admissible*** to prove that the person acted in conformity with the character trait." Fed. R. Evid. 404, Advisory Cmte. Notes, 2006 Amen. (emphasis added).

This case is about whether Defendants fixed the prices of CRT. Whether Defendants are "good" companies has no bearing on this question and allowing such character evidence "carries serious risks of prejudice, confusion and delay." Fed. R. Evid. 404, Advisory Committee Notes, 2006 Amendments. *See also Michelson v. United States*, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding such evidence…is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.").

Accordingly, courts frequently grant motions *in limine* to preclude argument and exclude evidence about the purported good character of corporate defendants and witnesses. *See, e.g., Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *4 (M.D. Fla. July 22, 2004) (granting motion *in limine* to preclude as "irrelevant and potentially prejudicial" argument and evidence of Ford's "good acts," including its status as a "leading car company[y]," and Ford's vehicle safety innovations and expenditures).[1]

Alternatively, in the event that Defendants "open the door" by suggesting to the jury that they are good companies, Plaintiffs should be allowed to introduce evidence of Defendants' prior bad acts. *See, e.g., PSN Illinois, LLC v. Abbott Labs.*, No. 09 C 5879, 2012 WL 5381278, at *8 (N.D. Ill. Oct. 31, 2012) (granting motion *in limine* to preclude reference to other litigation unless defendant "opens the door" by arguing that "it is a good company that always engages in ethical practices"). For example, if Samsung or Toshiba offers evidence of purported good character, Plaintiffs should be allowed to introduce evidence that Samsung entered the DOJ amnesty program

[1] *See also Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 4206871, at *5 (E.D. Mich. Aug. 25, 2014) (granting motion *in limine* to preclude as irrelevant testimony about the quality of defendant's products and company reputation); *Shaffer & Sons Const., Inc. v. Alter Trading Corp.*, No. 08-3007, 2010 WL 5138479, at *3 (C.D. Ill. Dec. 10, 2010) (granting motion *in limine* to preclude evidence or argument that defendant was "a civic-minded corporation which does many good charitable works"); *Kruszka v. Novartis Pharm. Corp.*, No. CIV. 07-2793 DWF/JJK, 2014 WL 2986673, at *7 (D. Minn. July 1, 2014) (excluding expert testimony that defendant as a "good company").

and admitted to fixing the prices of TFT-LCD screens, or that a jury, after trial, found that Toshiba had fixed the prices of TFT-LCD screens.

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to exclude character evidence, or, in the alternative, permit Plaintiffs to introduce evidence of Defendants' prior bad acts.

Dated: February 13, 2015

By: *\/s/ Mario N. Alioto*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
Facsimile: (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*