```
GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
jsanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
aschwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

FARMER BROWNSTEIN JAEGER LLP
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.
```

[*Additional counsel listed on signature pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*All Indirect Purchaser Actions*<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs. N.V., et al.*, No. 13-cv-02776; [*continued on next page*] | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DEFENDANTS' MOTION IN LIMINE #3: TO EXCLUDE ALL EVIDENCE AND REFERENCE AT TRIAL TO THE U.S. DEPARTMENT OF JUSTICE'S CRIMINAL INVESTIGATIONS OF THE CATHODE RAY TUBE INDUSTRY**<br><br>Judge:       Hon. Samuel Conti<br>Date:         None Set<br>Courtroom: 1, 17th Floor |

i

DEFENDANTS' MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY
MASTER CASE NO. 07-CV-5944 SC

1
2  *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;

3  *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

4  *Best Buy Co., et al. v. Hitachi, Ltd., et al.*,
   No. 11-cv-05513;
5

6  *Best Buy Co., et al. v. Technicolor SA, et al.*, No.
   13-cv-05264;

7
8  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

9  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;
10

11 *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;
12

13 *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;
14

15 *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510.

16
17
18
19
20
21
22
23
24
25
26
27
28

ii

DEFENDANTS' MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY
MASTER CASE NO. 07-CV-5944 SC

**NOTICE OF MOTION AND MOTION**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned defendants ("Defendants")[1] will and hereby do move the Court, under Rules 401, 402, 403 and 802 of the Federal Rules of Evidence, to exclude all evidence and reference at trial to the U.S. Department of Justice's criminal investigations of the cathode ray tube industry, including any indictments resulting from those investigations and related DOJ press releases, for the reasons set forth in the accompanying Memorandum of Points and Authorities.[2]

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants move in limine for an order excluding all evidence and reference at trial to the U.S. Department of Justice's ("DOJ") criminal investigations of the cathode ray tube ("CRT") industry, including any indictments resulting from those investigations and related DOJ press releases. Under Rules 401, 402, 403 and 802 of the Federal Rules of Evidence, this evidence is irrelevant, hearsay, and unduly prejudicial, misleading, and confusing.

First, evidence of a DOJ investigation relating to the CRT industry is irrelevant because it does not make it more probable that the alleged conduct occurred. Fed. R. Evid. 401 & 402; *see*, *e.g.*, *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D. Cal. 2007) (the fact of a DOJ investigation "carries no weight" and "is a non-factor" in establishing a civil antitrust conspiracy claim). Similarly, the indictments returned against six former employees of certain Defendants and alleged co-conspirators—which vary substantially from one another and from the

---

[1] Each Defendant moves only as to the cases in which it remains active.

[2] This Motion does not address the guilty plea of Defendant Samsung SDI Company, Ltd., which is the subject of a separate concurrently filed motion in limine (Defendants' Motion in Limine #4).

1

DEFENDANTS' MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY
MASTER CASE NO. 07-CV-5944 SC

alleged conspiracy in this case as to time period and which CRT products were covered by the conspiracy—are irrelevant.³ Fed. R. Evid. 401 & 402; *see, e.g.*, *United States v. Cox*, 536 F.2d 65, 72 (5th Cir. 1976) ("It is hornbook law that indictments cannot be considered as evidence . . . ."); *In re Knerr*, 361 B.R. 858, 862 (Bankr. N.D. Ohio 2007) (holding that "an indictment is not evidence of any kind . . . ." (citation and quotation omitted)); *Scholes v. African Enter., Inc.*, 854 F. Supp. 1315, 1324 (N.D. Ill. 1994) (indictment contains only allegations and has no probative value), *aff'd*, 56 F.3d 750 (7th Cir. 1995). And indictments still lack any probative value when they charge employees of the corporations that are defendants in civil litigation. *See, e.g.*, *In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV 3288 DLC, 2005 WL 375315, at *9 (S.D.N.Y. Feb. 17, 2005) (excluding criminal indictments of WorldCom executives in a civil class action proceeding against WorldCom, Inc., observing: "The Government cannot rely on an indictment to prove its case at trial, and the parties here cannot rely on the Government's indictment to prove theirs.").

Second, the DOJ's investigations and related evidence should be excluded as unduly prejudicial, confusing, and misleading. Fed. R. Evid. 403. Even though the existence of the investigation and indictments have no probative value, the jury may impermissibly conclude that the Defendants engaged in culpable conduct because the government investigated the CRT industry and indicted a handful of individuals. *See, e.g.*, *Baxter Health Care Corp. v. Spectramed Inc.*, No. SA CV 89-131 AHS (RWRx), 1992 WL 340763, at *3 (C.D. Cal. Aug. 27, 1992) ("[R]eference to the indictment or to the fact that [the witness] has been charged . . . would cause a substantial degree of prejudice that outweighs its probative value.").

Third, the fact and language of an indictment are also inadmissible hearsay. Fed. R. Evid. 802; *see* 3A WIGMORE ON EVIDENCE § 980a (Chadbourn rev. 1970) ("[A] mere *arrest* or *indictment* will not be allowed to be inquired after; since the fact of arrest or indictment is quite consistent with innocence, and since the reception of such evidence is merely the reception of somebody's hearsay

---

³ The DOJ obtained indictments for Cheng Yuan "C.Y." Lin, Wen Jun "Tony" Cheng, Chung Cheng "Alex" Yeh, Seung-Kyu "Simon" Lee, Yeong-Ug "Albert" Yang, a.k.a. Yeong-Wook Yang, a.k.a. Yong-Shu Yang, a.k.a. Yong-Shu Liang, a.k.a. Young-Uk Yang, a.k.a. Yeong-Eug Yang, and Jae-Sik Kim.

assertion as to the witness' guilt.  To admit this would involve a violation both of the hearsay rule and of the rule forbidding extrinsic testimony of misconduct." (emphasis in original)); *see, e.g., Ruffalo's Trucking Serv. v. Nat'l Ben-Franklin Ins. Co. of Pittsburgh*, 243 F.2d 949, 953 (2d Cir. 1957) ("The indictment, since it was only hearsay, was clearly inadmissible for any purpose."); *In re Knerr*, 361 B.R. at 862 (striking indictment from evidence on the ground that "it is inadmissible hearsay and has not resulted in any plea or conviction"); *Scholes*, 854 F. Supp. at 1324 (indictment inadmissible in part because it "contains only hearsay").

For the same reasons, any press releases or other government statements concerning investigations or indictments should be excluded.  They too constitute inadmissible hearsay, Fed. R. Evid. 802, and no exceptions or exclusions permit their introduction into evidence.  *See In re Worldcom*, 2005 WL 375315, at *8-9 (rejecting argument that indictment could be used to show state of mind or was admissible under any other exception to hearsay rule).  Government assertions contained in self-serving documents are not "public records" under Rule 803(8) because they lack the requisite indicia of trustworthiness.  Such documents are typically designed to increase the stature of the issuing agency and not to reflect a complete factual treatment of an investigation.  Further, these documents are likely to convey to the jury a misplaced sense of authority and conclusiveness.

For the foregoing reasons, Defendants respectfully request that this Court grant this motion in limine.

DATED:  February 13, 2015

Respectfully submitted,

By:   /s/ *Rachel S. Brass*
Rachel S. Brass

**GIBSON, DUNN & CRUTCHER LLP**
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

3

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: */s/ Leo D. Caseria*

GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

LEO D. CASERIA (SBN 240323)
lcaseria@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

4

DEFENDANTS' MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY
MASTER CASE NO. 07-CV-5944 SC

**MUNGER, TOLLES & OLSON LLP**

By: /s/ Miriam Kim
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

**WINSTON & STRAWN LLP**

By: /s/ Jeffrey L. Kessler
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
MMDonovan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

5

DEFENDANTS' MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY
MASTER CASE NO. 07-CV-5944 SC

**WEIL, GOTSHAL & MANGES LLP**
STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

**WHITE & CASE LLP**
By: */s/ Lucius B. Lau*
CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**BAKER BOTTS LLP**

By: */s/ John M. Taladay*

JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400

6

Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

**FAEGRE BAKER DANIELS LLP**

By:   */s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**SQUIRE PATTON BOGGS (US) LLP**

By: */s/ Nathan Lane, III*

7

DEFENDANTS' MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY
MASTER CASE NO. 07-CV-5944 SC

Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
E-mail:  nathan.lane@squiresanders.com
E-mail:  mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: /s/ ___Jeffrey I. Zuckerman_____

Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397.3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co.,  et al. v. Technicolor SA, et al.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

8

DEFENDANTS' MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY
MASTER CASE NO. 07-CV-5944 SC

# DECLARATION OF SERVICE

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On the date below, I served the within:

**DEFENDANTS' MOTION IN LIMINE #3: TO EXCLUDE ALL EVIDENCE AND REFERENCE AT TRIAL TO THE U.S. DEPARTMENT OF JUSTICE'S CRIMINAL INVESTIGATIONS OF THE CATHODE RAY TUBE INDUSTRY**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on February 13, 2015. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on February 13, 2015, at San Francisco, California.

                                            /s/ *Joseph Hansen*
                                            Joseph Hansen

101802020.9

9

DEFENDANTS' MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY
MASTER CASE NO. 07-CV-5944 SC