# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | **Case No. 07-5944 SC** |
| | **MDL No. 1917** |
| *Electrograph Sys., Inc. v. Hitachi, Ltd.*, No. 11-cv-01656; | **Highly Confidential** |
| | **Subject to Protective Order** |
| *Electrograph Sys., Inc. v. Technicolor SA*, No. 13-cv-05724; | |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | |
| *Siegel v. Technicolor SA*, No. 13-cv-05261; | |
| *Best Buy Co., Inc. v. Hitachi, Ltd.*, No. 11-cv-05513; | |
| *Best Buy Co., Inc. v. Technicolor SA*, No. 13-cv-05264; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514; | |
| *Target Corp. v. Technicolor SA*, No. 13-cv-05686; | |
| *Interbond Corp. of Am. v. Hitachi, Ltd.*, No. 11-cv-06275; | |
| *Interbond Corp. of Am. v. Technicolor SA*, No. 13-cv-05727; | |
| *Office Depot, Inc. v. Hitachi, Ltd.*, No. 11-cv-06276; | |
| *Office Depot, Inc. v. Technicolor SA*, No. 13-cv-05726; | |

**Expert Rebuttal Report of Dr. Kenneth G. Elzinga**
**Robert C. Taylor Professor of Economics**
**University of Virginia**
**September 26, 2014**

*CompuCom Sys., Inc. v. Hitachi, Ltd.*,
No. 11-cv-06396;

*Costco Wholesale Corp. v. Hitachi, Ltd.*,
No. 11-cv-06397;

*Costco Wholesale Corp. v. Technicolor SA,*
No. 13-cv-05723;

*P.C. Richard & Son Long Island Corp. v. Hitachi, Ltd.*, No. 12-cv-02648;

*P.C. Richard & Son Long Island Corp. v. Technicolor SA,* No. 13-cv-05725;

*Schultze Agency Servs., LLC v. Hitachi, Ltd.*,
No. 12-cv-02649;

*Schultze Agency Servs., LLC v. Technicolor SA,*
No. 13-cv-05668;

*Tech Data Corp. v. Hitachi, Ltd,*
No. 13-cv-00157;

*Dell Inc. v. Hitachi Ltd.*,
No. 13-cv-02171;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 13-cv-05262

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd. et al.,* No. 14-cv-02510

**Expert Rebuttal Report of Dr. Kenneth G. Elzinga**
**Robert C. Taylor Professor of Economics**
**University of Virginia**
**September 26, 2014**

**HIGHLY CONFIDENTIAL**
**Subject to Protective Order**

control analyst examines a sample of 100 of them, and finds that 10 are defective, the analyst can draw a statistical inference about the number of defects in the other 900 units: maybe 90, give or take a few.  But imagine how difficult the problem would be if someone knowingly removed a bunch of defective widgets from the analyst's sample.

If some of the bad widgets had been intentionally removed, that does not mean one cannot draw any sound conclusions about how many defective widgets were produced.  One knows, in fact, that any inference drawn from the sample (from which some bad widgets have been withdrawn) will lead to an underestimate of the number of defective widgets.  The parallel here I trust is apparent.

If we take the defendants at their word, we know that they were, in general,[728] instructed not to make notes of their concerted conduct and they were not to keep records of their collusive endeavors.  To the extent these instructions were followed, then to that extent the evidence of cartel activity is reduced.  Because I cannot tell how many documents, spread sheets, notes, memoranda, correspondence, telephonic records, and emails were destroyed or not created in the first place, I cannot make a statistical inference as to how much greater would be the evidence of the cartel's robustness.  But one can conclude: *it would be greater.*

Assume that only 50% of these records never saw the light of day by appearing in the record of this case.  That would mean the record in this case could be twice as long as it is, and it's very long already.

---

[728] Chunghwa appears to have been something of an exception – institutionalizing a systematic practice of documenting the meetings in which its personnel participated and circulating those reports through the "chain of command" (C. C. Liu (Chunghwa) Deposition, p. 68).  But even with Chunghwa one cannot be certain that it preserved a record of *every* exchange in which they participated.

**HIGHLY CONFIDENTIAL**
**Subject to Protective Order**



| | |
|---|---|
| _Kenneth G. Elzinga_ | September 26, 2014 |
| Kenneth G. Elzinga | Date |