SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:     415-434-9100
Facsimile:     415-434-3947
E-mail:          ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO.: 3:07-CV-05944-SC |
| | MDL NO.: 1917 |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.,* No. 13-cv-1173;<br><br>*Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.,* No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd.,* No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.,* No. 13-cv-05261;<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.,* | **SDI DEFENDANTS' MOTION *IN LIMINE* TO PROHIBIT PLAINTIFFS FROM CONFLATING SDI WITH NON-PARTIES, INCLUDING BUT NOT LIMITED TO, SAMSUNG ELECTRONICS CO., LTD.**<br><br>**[SDI'S MIL NO. 1]**<br><br>Date:   TBD<br>Time:   TBD<br>Place:   Courtroom 1, 17th Floor<br>Hon. Samuel Conti |

1  No. 11-cv-05513;

2  *Best Buy Co., et al. v. Technicolor SA, et al.,* No. 13-
3  cv-05264;

4  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514;
5

6  *Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686;

7
   *Sears, Roebuck and Co. and Kmart Corp. v.
8  Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;

9  *Sears, Roebuck and Co. and Kmart Corp. v.
   Technicolor SA,* No. 13-cv-05262;
10

11 *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE THAT** on a date and time to be set by the United States District Court for the Northern District of California, San Francisco Division, before the Honorable Samuel Conti, Defendants Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Samsung SDI (Malaysia) Sdn. Bhd.; Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively "SDI" or "SDI Defendants") will and hereby do move the Court for an order prohibiting Plaintiffs from offering evidence or argument conflating SDI Defendants with non-parties, including but not limited to Samsung Electronics Co., Ltd. ("SEC"), or referring to SDI Defendants and non-parties, including but not limited to SEC interchangeably by the same name pursuant to Federal Rule of Evidence 403.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the declaration of James L. McGinnis submitted concurrently herewith ("McGinnis Decl."), the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF THE ISSUE PRESENTED**

Whether the Court should prohibit Plaintiffs from offering evidence or argument conflating SDI Defendants with non-parties, including but not limited to SEC.

**ARGUMENT**

The Court should prohibit Plaintiffs from offering evidence or testimony conflating SDI Defendants with non-parties, including but not limited to SEC; or referring to SDI Defendants and non-parties, including but not limited to SEC interchangeably by the same name. SDI and non-party SEC, for example, are indisputably two separate companies, and any efforts to conflate the two impermissibly seeks to: (1) recover damages for indirect purchases from SEC without establishing the ownership-or-control exception to *Illinois Brick*; and (2) justify Plaintiffs' enormous damages claims by referencing one of the largest, most recognized brands in the world.

Despite having stipulated to SEC's dismissal years ago, Plaintiffs continue to conflate it with defendant SDI by deliberately referring to them individually and/or collectively as "Samsung."  For example, certain Plaintiffs' damages expert, Alan Frankel, systematically conflates SEC and SDI throughout his reports, and Plaintiffs likely intend to elicit similar testimony at trial:

- referring to Dr. Rubinfeld, as "*Samsung*'s" expert when in fact referring to SDI's expert;[1]

- describing testimony from "*Samsung* executives" when in fact referring to SEC executives;[2]

- noting "lower price *Samsung* CRTs" when in fact referring to SDI's prices;[3]

- listing "*Samsung*" among "CRT Product manufacturers" when in fact referring to SEC;[4] and

- classifying Plaintiffs' purchases of CRT finished products as "direct" purchases from "*Samsung*" when in fact referring to indirect purchases from SEC.[5]

To state the obvious, SDI and SEC are separate entities, each separately publicly-traded, with separate shareholders and separate boards.  SDI manufacturers only standalone CRTs, while SEC only manufacturers CRT finished products such as TVs and monitors.  SDI is a defendant in this case, alleged to have participated in the conspiracy to fix prices of standalone CRTs.  SEC is not, but

---

[1] McGinnis Decl., Ex. 1 (Frankel's September 26, 2014 Rebuttal Report for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Frankel's *Circuity City* Rebuttal Rpt.")), ¶ 22 (emphasis added).  Frankel's expert reports for other Direct-Action-Plaintiffs are substantively identical with respect to references to SEC and/or SDI as "Samsung."  For ease of reference, we refer to Frankel's reports for Direct-Action-Plaintiff Circuity City.

[2] *Id.* ¶ 25 (emphasis added).

[3] *Id.* (emphasis added).

[4] *Id.* ¶ 26 (emphasis added).

[5] Ex. 2 (Frankel's June 30, 2014 Supplemental Report for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Frankel's *Circuity City* Supp. Rpt.")), Exhibit 20b (emphasis added).

instead a customer who purchased standalone CRTs from SDI and other CRT manufacturers.[6] The fact that SDI and SEC are separate entities is all the more confirmed by Plaintiffs' voluntary dismissal of SEC back in 2013.[7]

### A.  Conflating SDI With SEC Has No Probative Value, And Is Prohibited Under Rule 403

Conflating the two has no place in this trial. What little probative value it can possibly have (and there is none) is substantially outweighed by the danger of unfair prejudice, confusing and misleading the jury, and having to needlessly waste time clarifying Plaintiffs' improper use of the term "Samsung" or any other misleading references to SDI and non-parties, including but not limited to SEC, interchangeably by the same name.

By conflating SDI with, for example, SEC, Plaintiffs impermissibly try to: (1) predetermine applicability of the ownership-or-control exception by presenting the notion that SDI and SEC are one and the same; (2) sidestep the ownership-or-control exception altogether by pretending that it purchased directly from SDI, an alleged conspirator; and/or (3) justify Plaintiffs' enormous damage claims on grounds other than the merits, by constant references to "Samsung," one of the largest, most recognized brands in the world that makes smart phones, TVs, appliances, and other high-end consumer products.

Whatever their motivation may be, Plaintiffs must be prohibited from deliberately conflating SDI Defendants with non-parties, including but not limited to SEC.

---

[6] *See, e.g.,* Report and Recommendations Regarding Defendants' Motions to Dismiss Direct Action Complaints, May 2, 2013 (MDL Dkt. No. 1664), at 16 (granting SEC's motion to dismiss given that plaintiffs only allege a conspiracy to fix prices of CRT tubes and SEC never made tubes, and explaining that SDI and SEC are separate entities); Stipulation and Order of Dismissal of Defendants Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc., June 7, 2013 (MDL Dkt. No. 1720) (dismissing SEC pursuant to the May 2, 2013 Report and Recommendation).

[7] Stipulation and Order of Dismissal of Defendants Samsung Electronics Company, Ltd. and Samsung Electronics America, Inc., June 7, 2013 (MDL Dkt. No. 1720).

# CONCLUSION

For these reasons, the Court should grant this motion and prohibit Plaintiffs from offering evidence or argument conflating SDI Defendants with non-parties, including but not limited to SEC; and also prohibit Plaintiffs from referring to SDI Defendants and non-parties, including but not limited to SEC interchangeably by the same name.

Dated:  February 13, 2015

Respectfully submitted,

By:   /s/  James L. McGinnis

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Esq.
James L. McGinnis, Esq.
Michael W. Scarborough, Esq.
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:  415-434-9100
Facsimile:  415-434-3947
ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

Counsel for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.