JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

BRAD D. BRIAN (State Bar no. 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
E. MARTIN ESTRADA (State Bar No. 223802)
martin.estrada@mto.com
CLAIRE YAN (State Bar No. 268521)
claire.yan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

*Attorneys for Defendants LG Electronics, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No. Master File No. 3:07-md-05944-sc |
| This Document Relates to: | MDL No. 1917 |
| *All Indirect Purchaser Actions* | **DEFENDANT LG ELECTRONICS, INC.'S ADMINISTRATIVE MOTION TO SEAL IN CONNECTION WITH DEFENDANTS' MOTION IN LIMINE # 8** |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513 | [Declaration of Claire Yan and [Proposed] Order filed concurrently herewith] |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264 | Judge:  Hon. Samuel Conti<br>Date:    None Set<br>Ctrm:    1, 17th Floor |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262 | |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514 | |

*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173

*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs., N.V., et al.*, No. 13-cv-2776

*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502

*Siegel v. Technicolor SA*, No. 13-cv-05261

*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514

*Target Corp. v. Technicolor SA*, No. 13-cv-05686

*ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.*, No. 14-cv-2510

1   Pursuant to Federal Rule of Civil Procedure 5.2(e) and Civil Local Rules 7-11 and 79-5(d),
2   Defendant LG Electronics, Inc. ("LGE"), by and through its counsel, respectfully requests an
3   Order permitting it to file under seal Defendants' Motion *In Limine* No 8 to Exclude Evidence or
4   Argument Relating to Damages From "Spillover" or "Ripple" Effects of Foreign Price-Fixing
5   Activities on U.S. Prices and the exhibits to the Declaration of Claire Yan.

   This motion is supported by the Declaration of Claire Yan in Support of Defendants LG's
Administrative Motion to File Under Seal.

   Specifically, LGE request that certain portions be sealed:

   1.   The highlighted portions of the sealed version of Defendants' Motion *In Limine* No. 8 to Exclude Evidence or Argument Relating to Damages From "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices.

   2.   Exhibits 2 and 3 to the Declaration of Claire Yan In Support of Defendants' Motion *In Limine* No. 8 to Exclude Evidence or Argument Relating to Damages From "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices.

   LGE requests that portions of the motion and the entirety of exhibits listed above be filed under seal because those documents are or contain discussion, analysis, or references to documents or information that other parties to this litigation (the "Designating Parties") have designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Stipulated Protective Order (Dkt. No. 306), as set forth in the Declaration of Claire Yan in support of LGE's Administrative Motion to File under Seal.  N.D. Cal. Civil Local Rule 79-5 provides that if a party wishes to file a document that has been designated confidential by another party, or if a party wishes to refer in a memorandum to information so designated by another party, the submitting party must file an administrative motion to seal and the designating party must file a declaration within four days of filing the administrative motion to seal establishing that the designated material is sealable.  N.D. Cal. Civ. L.R. 79-5(e).  It is the designating party's burden to establish that the designated information is sealable. Civil L.R. 79-5(d); *see Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-1180 (9th Cir. 2006).

25772193.1                                                    -3-                                             3:07-md-05944-sc; MDL 1917
ADMINISTRATIVE MOTION TO SEAL IN CONNECTION WITH DEFS' MOTION IN LIMINE #8: TO
EXCLUDE SPILLOVER EFFECTS ON THE U.S. MARKET

1   Thus, LGE respectfully submits this administrative motion pursuant to the Protective
2   Order and Civil Local Rule 79-5 and hereby notifies the parties of their burden to establish that the
3   designated material is sealable.

5   A proposed order granting this application is enclosed.

7   DATED:  February 13, 2015          Respectfully submitted,

8                                      MUNGER, TOLLES & OLSON LLP
                                              CLAIRE YAN

12                                     By:    /s/ Claire Yan
                                              CLAIRE YAN
13                                     Attorney for LG Electronics, Inc.