JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

BRAD D. BRIAN (State Bar no. 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
E. MARTIN ESTRADA (State Bar No. 223802)
martin.estrada@mto.com
CLAIRE YAN (State Bar No. 268521)
claire.yan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

*Additional Opposing Defendants and Counsel Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262 | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL NO. 1917<br><br>**DEFENDANTS' MOTION IN LIMINE # 8: TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO DAMAGES FROM "SPILLOVER" OR "RIPPLE" EFFECTS OF FOREIGN PRICE-FIXING ACTIVITIES ON U.S. PRICES - Redacted**<br><br>Judge: Hon. Samuel Conti<br>Date:  None Set<br>Ctrm:  1, 17th Floor |

25765960.2

3:07-cv-05944-SC; MDL 1917

DEFS' MOTION IN LIMINE #8: TO EXCLUDE SPILLOVER EFFECTS ON THE U.S. MARKET

1  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514

2  

3  *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173

4  

5  *Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs., N.V., et al.,* No. 13-cv-2776

6  

7  *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502

8  *Siegel v. Technicolor SA,* No. 13-cv-05261

9  *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514

10  

11  *Target Corp. v. Technicolor SA,* No. 13-cv-05686

12  

13  *ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.*, No. 14-cv-2510

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25765960.2                                                               3:07-cv-05944-SC; MDL 1917

DEFS' MOTION IN LIMINE #8: TO EXCLUDE SPILLOVER EFFECTS ON THE U.S. MARKET

## NOTICE OF MOTION AND MOTION

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned defendants ("Defendants")[1] will and hereby do move the Court to exclude all evidence and argument at trial relating to the "spillover" or "ripple" of foreign price-fixing activities on U.S. prices for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Claire Yan ("Yan Decl."), the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

Under the FTAIA, the Sherman Act does not apply to conduct occurring in foreign countries (other than conduct involving import commerce) unless the conduct has a "direct, substantial, and reasonably foreseeable effect on domestic commerce." *United States v. LSL Biotechnologies*, 379 F.3d 672, 678 (9th Cir. 2004). To recover damages based on their domestic purchases of televisions and monitors containing CRTs whose prices were allegedly the subject of foreign price fixing, Plaintiffs have the burden to prove that this domestic effects test is satisfied. *See id.*; *United States v. Hui Hsiung*, -- F.3d. --, 2015 WL 400550, at *16-17 (9th Cir. Jan. 30, 2015). As discussed below, however, it is well established that the FTAIA's domestic effects test cannot be satisfied merely by showing that foreign sales or price impacts abroad had a spillover or ripple effect in the United States market. Plaintiffs should therefore be precluded from arguing that the FTAIA is satisfied merely based on evidence of price increases of CRTs in the global market on the assumption that global price increases must have impacted prices of the products the Plaintiffs purchased in the U.S. market. Such argument would relieve Plaintiffs of their burden

---

[1] Each Defendant moves only as to the cases in which it remains active.

1  under the FTAIA, is in direct contravention of clear case law, and would confuse the jury.  It
2  should be excluded.
3      To recover damages, Plaintiffs must prove that conspiracy resulted in a direct effect on
4  prices of the products Plaintiffs purchased in the U.S. market, and not just that allegedly price-
5  fixed sales of CRTs abroad in foreign markets caused "spillover" or "ripple" effects on prices in
6  the U.S. market for CRTs or for finished products containing CRTs.  This requirement is well
7  established by case law.  *See, e.g.*, *LSL Biotechnologies*, 379 F.3d at 680-81 (conduct has a direct
8  effect only "if it follows as an immediate consequence of the defendant[s'] activity"; it cannot
9  depend on "uncertain intervening developments"); *In re Intel Corp. Microprocessor Antitrust*
10  *Litig.*, 452 F. Supp. 2d 555, 561 (D. Del. 2006) ("FTAIA prevents the Sherman Act from reaching
11  such 'ripple effects'"); *Eurim-Pharm GmbH v. Pfizer, Inc.*, 593 F. Supp. 1102, 1106-07
12  (S.D.N.Y.1984) ("spillover effect" on domestic commerce not enough to defeat FTAIA bar); *Lotes*
13  *Co. v. Hon Hai Precision Indus. Co.*, No. 12 Civ. 7465 (SAS), 2013 WL 2099227, at *7-8
14  (S.D.N.Y. May 14, 2013), *aff'd on other grounds sub nom.*, 753 F.3d 395 (2d Cir. 2014) (finding
15  "ripple effects" on markets in the United States "insufficient to allow application of the Sherman
16  Act under the standards articulated in the FTAIA" where there is a "disconnect" between the
17  effect on the U.S. market for finished computer goods and the foreign market which the
18  Defendants were allegedly attempting to monopolize).
19      The Ninth Circuit, in fact, recently reaffirmed this requirement, holding that conduct has a
20  "direct" effect for purposes of the FTAIA, only "'if it follows as an immediate consequence of the
21  defendant[s'] activity'" and does not "'depend[] on . . . uncertain intervening developments.'"
22  *Hsuing*, 2015 WL 400550, at *17 (quoting *LSL Biotechnologies*, 379 F.3d at 680-81). The Ninth
23  Circuit recognized that the domestic effects test is not satisfied when an "'action in a foreign
24  country filters through many layers and finally causes a few ripples in the United States.'"  *Id.* at
25  *18 (quoting *Minn-Chem, Inc. v. Agrium, Inc*., 683 F.3d 845, 860 (7th Cir. 2012)).
26      This motion seeks to preclude Plaintiffs from trying to avoid their burden to show direct
27  effects of the alleged price-fixing by arguing those effects are proven based on the theory that
28  CRTs are sold into a "global market" and that therefore agreements to fix prices of CRTs sold

1  abroad would have ultimately impacted prices of other CRTs sold in the U.S.  For example,

2  Plaintiffs have indicated that they intend to introduce testimony from C.C. Liu, an executive at

3  Chunghwa, that the agreements allegedly reached with respect to CDTs sold to customers in Asia

4  "would have impact to the whole world.  Our considerations were the global market."

5  (Declaration of Claire Yan ("Yan Decl."), Ex. 1 (C.C. Liu Dep. at 300:23-301:13; *see also id.* at

6  301:15-302:23 (testifying that agreements allegedly reached with respect to CPTs "would have a

7  global impact").)  Plaintiffs have also indicated that they intend to introduce an email from Patrick

8  Canavan, a LG Philips Display sales director for the Americas ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs' use of lay opinion testimony and stray

13 statements in the documentary record to suggest that foreign sales must have "global" impact on

14 U.S. prices is insufficient to satisfy their burden to prove that the direct effect of the conspiracy

15 was to raise the prices of CRTs sold in the U.S. market.

16       Plaintiffs should be precluded from arguing that their burden is satisfied based only on this

17 characterization of the CRT market as "basically a global business" in which alleged agreements

18 to set prices abroad must have had spillover effects on domestic prices of CRTs or products

19 containing CRTs.  *E.g.*, *Eurim-Pharm GmbH*, 593 F. Supp. at 1106-07 (the "spillover effect" of

20 higher U.S. drug prices caused by price fixing and market allocation in Europe was not a direct,

21 substantial, and reasonably foreseeable domestic effect);  *In re Intel Corp. Microprocessor*

22 *Antitrust Litig.*, 452 F. Supp. 2d 555 (D. Del. 2006) (allegation that company "engaged in a world-

23 wide market" was not sufficient to satisfy FTAIA direct effects test without evidence of a

24 "substantial, direct effects on the domestic market").

25       Meeting the "domestic exception" under the FTAIA requires more than merely asserting

26 that Defendants' alleged price-fixing conduct abroad filtered into the United States and caused

27 some effect on prices of CRTs or CRT finished products.  *See, e.g., United Phosphorous, Ltd. v.*

28 *Angus Chem. Co.*, 131 F. Supp. 2d 1003, 1014 (N.D. Ill. 2001), *aff'd*, 322 F.3d 942 (7th Cir.

1  2003), *overruled in part on other grounds by Minn-Chem*, 683 F.3d at 848 ("spillover effects"

2  from foreign conduct are not actionable under the FTAIA because the "FTAIA explicitly bars

3  antitrust actions alleging restraints in foreign markets for inputs . . . that are used abroad to

4  manufacture downstream products . . . that may later be imported into the United States," and so

5  "[c]learly, the domestic effects in such a case, if any, would obviously not be 'direct,' much less

6  'substantial' and 'reasonably foreseeable'"); *In re Intel Corp. Antitrust Litig.*, 476 F. Supp. 2d 452,

7  456 (D. Del. 2007) (the FTAIA "explicitly bars antitrust actions alleging restraints in foreign

8  markets for inputs ... that are used abroad to manufacture downstream products . . . that may later

9  be imported into the United States") (internal citations and quotations omitted).

10      Because Plaintiffs cannot satisfy their burden under the FTAIA based on a "spillover" or

11  "ripple" effects theory, the Court should grant Defendants' motion to exclude arguments by

12  Plaintiffs that the FTAIA's domestic effects test is satisfied based on the theory that price

13  increases of CRTs in the global market eventually impacted prices in the U.S. market.

14

15  Dated:  February 13, 2015                    Respectfully submitted,

16
                                                **MUNGER, TOLLES & OLSON LLP**
17
                                                By: */s/Miriam Kim*_____
18                                                             MIRIAM KIM
                                                JEROME C. ROTH (SBN 159483)
19                                              jerome.roth@mto.com
                                                MIRIAM KIM (SBN 238230)
20                                              miriam.kim@mto.com
                                                **MUNGER, TOLLES & OLSON LLP**
21                                              560 Mission Street, Twenty-Seventh Floor
                                                San Francisco, California 94105-2907
22                                              Telephone: (415) 512-4000
                                                Facsimile: (415) 512-4077
23
                                                BRAD D. BRIAN (SBN 079001)
24                                              brad.brian@mto.com
                                                WILLIAM D. TEMKO (SBN 098858)
25                                              william.temko@mto.com
                                                E. MARTIN ESTRADA (SBN 223802)
26                                              martin.estrada@mto.com
                                                **MUNGER, TOLLES & OLSON LLP**
27                                              355 South Grand Avenue, Thirty-Fifth Floor
                                                Los Angeles, CA 90071-1560
28                                              Telephone: (213) 683-9100

1  Facsimile: (213) 687-3702

2  *Attorneys for Defendant LG Electronics, Inc.*

3
4  **WINSTON & STRAWN LLP**

5  By: */s/ Jeffrey L. Kessler*
   JEFFREY L. KESSLER (*pro hac vice*)
   JKessler@winston.com
6  A. PAUL VICTOR (*pro hac vice*)
   PVictor@winston.com
7  ALDO A. BADINI (SBN 257086)
   ABadini@winston.com
8  EVA W. COLE (*pro hac vice*)
   EWCole@winston.com
9  MOLLY M. DONOVAN
   MMDonovan@winston.com
10 **WINSTON & STRAWN LLP**
   200 Park Avenue
11 New York, NY 10166
   Telephone: (212) 294-6700
12 Facsimile: (212) 294-4700

13 STEVEN A. REISS (*pro hac vice*)
   steven.reiss@weil.com
14 DAVID L. YOHAI (*pro hac vice*)
   david.yohai@weil.com
15 ADAM C. HEMLOCK (*pro hac vice*)
   adam.hemlock@weil.com
16 **WEIL, GOTSHAL & MANGES LLP**
   767 Fifth Avenue
17 New York, New York 10153-0119
   Telephone: (212) 310-8000
18 Facsimile: (212) 310-8007

19 *Attorneys for Defendants Panasonic Corporation
   (f/k/a Matsushita Electric Industrial Co., Ltd.),*
20 *Panasonic Corporation of North America, and MT
   Picture Display Co., Ltd.*
21

22 **KIRKLAND & ELLIS LLP**

23 By: */s/ Eliot A. Adelson*
   ELIOT A. ADELSON (SBN 205284)
24 JAMES MAXWELL COOPER (SBN 284054)
   **KIRKLAND & ELLIS LLP**
25 555 California Street, 27th Floor
   San Francisco, California 94104
26 Telephone: (415) 439-1400
   Facsimile: (415) 439-1500
27 Email: eadelson@kirkland.com
   Email: max.cooper@kirkland.com
28

| | |
|---|---|
| 1 | JAMES H. MUTCHNIK, P.C. (*pro hac vice*) |
| | BARACK ECHOLS (*pro hac vice*) |
| 2 | **KIRKLAND & ELLIS LLP** |
| | 300 North LaSalle |
| 3 | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| 4 | Facsimile: (312) 862-2200 |
| | Email: jmutchnik@kirkland.com |
| 5 | Email: bechols@kirkland.com |
| 6 | *Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |
| 9 | **SHEPPARD MULLIN RICHTER & HAMPTON LLP** |
| 11 | By: */s/ Gary L. Halling* |
| | GARY L. HALLING (SBN 66087) |
| | ghalling@sheppardmullin.com |
| 12 | JAMES L. MCGINNIS (SBN 95788) |
| | jmcginnis@sheppardmullin.com |
| 13 | MICHAEL W. SCARBOROUGH (SBN 203524) |
| | mscarborough@sheppardmullin.com |
| 14 | **SHEPPARD MULLIN RICHTER & HAMPTON LLP** |
| 15 | Four Embarcadero Center, 17th Floor |
| | San Francisco, California 94111 |
| 16 | Telephone: (415) 434-9100 |
| | Facsimile: (415) 434-3947 |
| 18 | *Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.* |
| 20 | **WHITE & CASE LLP** |
| 22 | By: */s/ Lucius B. Lau* |
| | CHRISTOPHER M. CURRAN (*pro hac vice*) |
| | Email: ccurran@whitecase.com |
| 23 | LUCIUS B. LAU (*pro hac vice*) |
| | Email: alau@whitecase.com |
| 24 | DANA E. FOSTER (*pro hac vice*) |
| | Email: dfoster@whitecase.com |
| 25 | **WHITE & CASE LLP** |
| | 701 Thirteenth Street, N.W. |
| 26 | Washington, DC 20005 |
| | Telephone: (202) 626-3600 |
| 27 | Facsimile: (202) 639-9355 |
| 28 | *Attorneys for Defendants Toshiba Corporation, Toshiba* |

*America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**FAEGRE BAKER DANIELS LLP**

By: <u>*/s/ Kathy L. Osborn*</u>

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**GIBSON, DUNN & CRUTCHER LLP**

By: <u>*/s/ Rachel S. Brass*</u>
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

FARMER BROWNSTEIN JAEGER LLP
WILLIAM S. FARMER, SBN 46694

| | |
|---|---|
| 1 | WFarmer@FBJ-law.com |
| | DAVID BROWNSTEIN, SBN 141929 |
| 2 | DBrownstein@FBJ-law.com |
| | JACOB ALPREN, SBN 235713 |
| 3 | JAlpren@FBJ-law.com |
| | 235 Montgomery Street, Suite 835 |
| 4 | San Francisco California 94104 |
| | Telephone (415) 962-2876 |
| 5 | Facsimile: (415) 520-5678 |
| 6 | *Attorneys for Defendants Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.* |
| 7 | |
| | **BAKER BOTTS LLP** |
| 8 | |
| | By: */s/ John M. Taladay* |
| 9 | JOHN M. TALADAY (*pro hac vice*) |
| | john.taladay@bakerbotts.com |
| 10 | JOSEPH OSTOYICH (*pro hac vice*) |
| | joseph.ostoyich@bakerbotts.com |
| 11 | ERIK T. KOONS (*pro hac vice*) |
| | erik.koons@bakerbotts.com |
| 12 | CHARLES M. MALAISE (*pro hac vice*) |
| | charles.malaise@bakerbotts.com |
| 13 | BAKER BOTTS LLP |
| | 1299 Pennsylvania Ave., N.W. |
| 14 | Washington, DC 20004-2400 |
| | Telephone: (202) 639-7700 |
| 15 | Facsimile: (202) 639-7890 |
| 16 | JON V. SWENSON (SBN 233054) |
| | jon.swenson@bakerbotts.com |
| 17 | BAKER BOTTS LLP |
| | 1001 Page Mill Road |
| 18 | Building One, Suite 200 |
| | Palo Alto, CA 94304 |
| 19 | Telephone: (650) 739-7500 |
| | Facsimile: (650) 739-7699 |
| 20 | Email: jon.swenson@bakerbotts.com |
| 21 | *Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.* |
| 22 | |
| 23 | |
| | **SQUIRE PATTON BOGGS (US) LLP** |
| 24 | |
| | By: */s/ Nathan Lane, III* |
| 25 | Nathan Lane, III (CA Bar No. 50961) |
| | Mark C. Dosker (CA Bar No. 114789) |
| 26 | SQUIRE PATTON BOGGS (US) LLP |
| | 275 Battery Street, Suite 2600 |
| 27 | San Francisco, California 94111 |
| | Telephone: (415) 954-0200 |
| 28 | Facsimile: (415) 393-9887 |

| | |
|---|---|
| 1 | Email: nathan.lane@squiresanders.com |
| | Email: mark.dosker@squiresanders.com |
| 2 | |
| | Donald A. Wall (*Pro Hac Vice*) |
| 3 | SQUIRE PATTON BOGGS (US) LLP |
| | 1 East Washington Street, Suite 2700 |
| 4 | Phoenix, Arizona 85004 |
| | Telephone: (602) 528-4005 |
| 5 | Facsimile: (602) 253-8129 |
| | Email: donald.wall@squirepb.com |

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: */s/ Jeffrey I. Zuckerman*

Jeffrey I. Zuckerman (*Pro Hac Vice*)
Ellen Tobin (*Pro Hac Vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**JENNER & BLOCK LLP**

By: */s/ Gabriel A. Fuentes*

JENNER & BLOCK LLP
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350

|   |   |
|---|---|
| 1 | Facsimile: (312) 527-0484 |
|   | csklarsky@jenner.com |
| 2 | ttruax@jenner.com |
|   | mbrody@jenner.com |
| 3 | gfuentes@jenner.com |
| 4 | Brent Caslin (Cal. Bar. No. 198682) |
|   | JENNER & BLOCK LLP |
| 5 | 633 West Fifth Street, Suite 3600 |
|   | Los Angeles, California 90071 |
| 6 | Telephone: (213) 239-5100 |
|   | Facsimile: (213) 239-5199 |
| 7 | bcaslin@jenner.com |
| 8 | *Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and,* |
| 9 | *Mitsubishi Electric Visual Solutions America, Inc* |

11    Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this

12 document has been obtained from each of the above signatories.