JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

BRAD D. BRIAN (State Bar No. 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
E. MARTIN ESTRADA (State Bar No. 223802)
martin.estrada@mto.com
GREGORY J. WEINGART (State Bar No. 157997)
gregory.weingart@mto.com
JESSICA BARCLAY-STROBEL (State Bar No. 280361)
jessica.barclay-strobel@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

ROBERT E. FREITAS (State Bar No. 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone:     (650) 593-6300
Facsimile:      (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

*Additional Moving Defendants and Counsel
Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC<br>MDL NO. 1917 |
| This Document Relates to:<br>*All Indirect Purchaser Actions*<br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513 | **DEFENDANTS' MOTION IN LIMINE #12: TO EXCLUDE PLAINTIFFS' "PRICE LADDER" THEORY OF RECOVERY**<br><br>Judge:  Hon. Samuel Conti<br>Date:    None Set<br>Ctrm:   1, 17th Floor |

*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514

*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173

*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs., N.V., et al.,* No. 13-cv-2776

*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502

*Siegel v. Technicolor SA,* No. 13-cv-05261

*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514

*Target Corp. v. Technicolor SA,* No. 13-cv-05686

*ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.*, No. 14-cv-2510

**NOTICE OF MOTION AND MOTION**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned defendants ("Defendants")[1] will and hereby do move the Court to exclude all evidence and argument at trial that agreements to raise prices for certain cathode ray tube ("CRT") sizes could have had the effect of raising prices for other sizes that were not the subject of any agreements, for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs should be precluded from arguing that certain CRT sizes were price-fixed based on the theory that agreements to set prices for *other* CRT sizes had the *effect* of raising prices for CRT sizes for which there were *no* agreements. Plaintiffs intend to rely on this argument to support their claim for damages for *every* CRT size sold by Defendants from 1995 through 2007. But they lack any proof that Defendants agreed to fix prices on most CRT sizes. In lieu of such proof, the DAPs are advancing a "price ladder" theory to argue that alleged price agreements on just a few CRT sizes resulted in increased prices on *every* CRT size. To this end, the DAPs have designated lay opinion testimony hypothesizing that, for example, a Defendant "could not raise the price of 15-inch tubes without also rising the price of 17-inch tubes," (a larger tube higher on the CRT price ladder). (Declaration of Jessica Barclay-Strobel, Ex. 1 (C.C. Liu Dep. at 296:3-297:5).) They also intend to introduce expert opinion testimony that alleged agreements to raise prices for certain CRT sizes could have had the effect of raising prices for other sizes.

This type of "price ladder" theory should be excluded. Price fixing requires proof of an agreement to fix prices on the product at issue. *United States v. Socony-Vacuum Oil Co.*, 310 U.S.

---

[1] Each Defendant moves only as to the cases in which it remains active.

150, 222 (1940) (prices "are fixed because they are agreed upon").  The Supreme Court has made clear that "[n]ot all arrangements among actual or potential competitors that have an *impact* on price are per se violations of the Sherman Act or even unreasonable restraints."  *Broad. Music, Inc. v. Columbia Broad. Sys., Inc.*, 441 U.S. 1, 23 (1979) (emphasis added).  Accordingly, Plaintiffs have the burden to show an actual agreement "formed *for the purpose <u>and</u> with the effect* of raising, depressing, fixing, pegging, or stabilizing the price of a commodity."  *Socony-Vacuum Oil*, 310 U.S. at 223 (emphasis added); *accord Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 48 (1990).

      Plaintiffs should not be allowed to avoid these bedrock antitrust principles by introducing evidence and arguing only that the purpose or effect of alleged price fixing of certain sized CRT panels was to increase prices for other sizes of CRTs.  This argument ignores the other half of the equation:  Plaintiffs must prove that Defendants reached an *agreement* with *both* the purpose and the effect of raising prices.  *Palmer*, 498 U.S. at 48 (when there is no specific agreement as to price of a particular product, to prove price-fixing plaintiff must show some specific agreement was nevertheless formed for the purpose and the effect of fixing prices for that particular product).  Testimony from C.C. Liu or others goes, at most, to their lay opinion of the effect that, for example, raising the price of a 15 inch tube would allegedly have on the price of a 17 inch tube.  That is not a sufficient evidentiary foundation to support a price-fixing allegation for 17 inch tubes because there is no evidence that there was an agreement to fix prices for the 15 inch tube *for the purpose* of also raising prices for the 17 inch tube.  Plaintiffs should be precluded from arguing to the jury that these alleged price effects are enough to prove price fixing absent an agreement among the conspiring parties to do so.[2]

      Courts have rejected this sort of effects theory in related contexts.  For example, the Ninth Circuit and other courts have rejected as "unacceptably speculative" antitrust theories seeking

---

[2] This court previously denied a motion to strike the report of IPP expert Janet Netz, filed in connection with class certification briefing.  (Dkt. No. 1950.)  That report includes, among many other things, the theory that alleged agreements to fix prices for certain CRT sizes allegedly effect the price of other CRT sizes.  Nothing in the Court's order, however suggests this "price ladder" theory is admissible at trial, let alone sufficient to establish an antitrust violation.

recovery for products that were not themselves the subject of price-fixing agreements, but whose prices allegedly increased as a "result of" other products' price-fixing agreements. *In re Coordinated Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1339, 1341 (9th Cir. 1982) (rejecting "umbrella theory" damages, where plaintiffs argued defendants had "creat[ed] a market situation" that resulted in higher prices of products that were not subject to price agreements); *Mid-West Paper Prods. Co. v. Cont'l Grp., Inc.*, 596 F.2d 573, 584-85, 587 (3d Cir. 1979) (rejecting "umbrella" damages theory and refusing to attribute to defendants in price-fixing cases damages caused by price increases by non-conspirator competitors of defendants as a result of defendants' alleged price fixing). These cases have recognized that derivative effects on prices from allegedly anticompetitive conduct are not actionable because proof of an antitrust injury requires a "direct relation between the injury asserted and the injurious conduct alleged." *Or. Laborers–Emp'rs Health & Welfare Trust Fund v. Philip Morris Inc.*, 185 F.3d 957, 963 (9th Cir. 1999). An antitrust injury is not established if the harm is merely "derivative" or "secondary, consequential, or remote." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1004 (9th Cir. 2008). This requirement is derived from the Clayton Act, which allows private plaintiffs such as Plaintiffs to recover damages only for antitrust injuries "*by reason of* anything forbidden in the antitrust laws." 15 U.S.C. § 15(a) (emphasis added); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584 n.7 (1986) (private antitrust plaintiffs "must show that the conspiracy caused them an injury for which the antitrust laws provide relief").

   Plaintiffs should not be allowed to avoid their burden of proof and contravene well-established principles of antitrust causation by arguing that they should be allowed to recover for CRT sizes for which there is no evidence of agreements to fix prices without evidence that the parties *agreed* that the purpose and effect of agreements on certain CRT sizes was to increase prices on other CRT sizes. Without such evidence of agreement on the other CRT sizes, any such "price ladder" argument should be excluded.

| | | |
|---|---|---|
| 1 | Dated: February 13, 2015 | Respectfully submitted, |

MUNGER, TOLLES & OLSON LLP

By: */s/ Miriam Kim*
MIRIAM KIM
JEROME C. ROTH (SBN 159483)
jerome.roth@mto.com
MIRIAM KIM (SBN 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
william.temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
JESSICA BARCLAY-STROBEL (SBN 280361)
jessica.barclay-strobel@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com

|   |   |
|---|---|
| 1 | DAVID L. YOHAI (*pro hac vice*) |
|   | david.yohai@weil.com |
| 2 | ADAM C. HEMLOCK (*pro hac vice*) |
|   | adam.hemlock@weil.com |
| 3 | **WEIL, GOTSHAL & MANGES LLP** |
|   | 767 Fifth Avenue |
| 4 | New York, New York 10153-0119 |
|   | Telephone: (212) 310-8000 |
| 5 | Facsimile: (212) 310-8007 |

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

KIRKLAND & ELLIS LLP

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200
Email: jutchnik@kirkland.com
Email: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**

**LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

FAEGRE BAKER DANIELS LLP

By: /s/ *Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
**Faegre Baker Daniels LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
**Faegre Baker Daniels LLP**
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
**Faegre Baker Daniels LLP**
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

BAKER BOTTS LLP

By: /s/ *John M. Taladay*
JOHN M. TALADAY (pro hac vice)
john.taladay@bakerbotts.com
JOSEPH OSTOYICH (pro hac vice)
joseph.ostoyich@bakerbotts.com

|   |   |
|---|---|
| 1 | ERIK T. KOONS (pro hac vice) |
|   | erik.koons@bakerbotts.com |
| 2 | CHARLES M. MALAISE (pro hac vice) |
|   | charles.malaise@bakerbotts.com |
| 3 | **BAKER BOTTS LLP** |
|   | 1299 Pennsylvania Ave., N.W. |
| 4 | Washington, DC 20004-2400 |
|   | Telephone: (202) 639-7700 |
| 5 | Facsimile: (202) 639-7890 |

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*


**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ *Rachel S. Brass*

JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Nathan Lane, III*
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
E-mail:  nathan.lane@squiresanders.com
E-mail:  mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: /s/ __*Jeffrey I. Zuckerman*__

Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
**DILLINGHAM & MURPHY, LLP**
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co.,  et al. v. Technicolor SA, et al.*

| | |
|---|---|
| 1 | **WHITE & CASE LLP** |
| 2 | By: */s/ Lucius B. Lau* |
| 3 | CHRISTOPHER M. CURRAN (*pro hac vice*) |
| | ccurran@whitecase.com |
| 4 | LUCIUS B. LAU (*pro hac vice*) |
| | alau@whitecase.com |
| 5 | DANA E. FOSTER (*pro hac vice*) |
| | defoster@whitecase.com |
| 6 | **WHITE & CASE LLP** |
| | 701 Thirteenth Street, N.W. |
| 7 | Washington, DC 20005 |
| | Telephone: (202) 626-3600 |
| 8 | Facsimile: (202) 639-9355 |

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**JENNER & BLOCK LLP**

By: */s/ Gabriel A. Fuentes*

JENNER & BLOCK LLP
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
**JENNER & BLOCK LLP**
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.