SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone:    213-620-1780
Facsimile:    213-620-1398
E-mail:       heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**SDI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>**[RE DEFENDANTS' MIL NO. 6]** |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.,* No. 13-cv-1173;<br><br>*Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.,* No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd.,* No. 11-cv-05502; | |

1  *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

2

3  *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

4

5  *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

6

7  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

8  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

9

10  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

11

12  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 13-cv-05262;

13

14  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to the Civil Local Rules of the United States District Court, Northern District of California 7-11 and 79-5(d) and (e), Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI") hereby bring this administrative motion to file the following documents or portions of documents under seal:

1. Defendants' Joint Motion *In Limine* To Exclude Improper Characterizations Or References To Defendants And Alleged Co-Conspirators ("Defendants' MIL No. 6"); and

2. Exhibit 3 of the Declaration of James L. McGinnis in Support of Defendants' MIL No. 6 ("McGinnis Declaration").

SDI seeks to file these documents under seal as they reflect, contain or analyze material SDI has designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306). Civil Local Rule 79-5(d)(1) provides that if a party wishes to file a document under seal, the party must file an administrative motion to file under seal in conformance with Civil L.R. 7-11, accompanied by a declaration establishing that the document sought to be filed under seal is sealable. SDI's administrative motion is supported by the accompanying declaration of Helen C. Eckert ("Eckert Declaration").

As set forth in the Eckert Declaration, these documents reflect, contain or analyze material that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." N.D. Cal. Civ. L.R. 79-5(b). The documents listed above consist of, cite to, and/or identify confidential, nonpublic, proprietary, and highly sensitive business information, including, among other commercially sensitive business information and strategies, confidential information concerning SDI's business practices, corporate structure and governance, component cost information, sales strategy, customer relationships and employment histories of top personnel at SDI. This information is confidential commercial information, the disclosure of which would prejudice SDI both in its commercial relationships with customers and suppliers and in its competitive efforts. Accordingly, good cause exists for these documents or portions of documents

to remain under seal.

Because Civil Local Rule 79-5(d)(1)(A) prohibits the sealing of documents by agreement of the parties, the parties are unable to enter into such as stipulation.  *See* N.D. Cal. Civ. L.R. 7-11 (requiring explanation for why a stipulation could not be obtained in lieu of the administrative motion to seal).

Dated:  February 13, 2015

Respectfully submitted,

By:   */s/  Helen C. Eckert*

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Helen C. Eckert, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:        213-620-1780
Facsimile: 213-620-1398
E-mail:     heckert@sheppardmullin.com

*Counsel for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.*