1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. MCGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
5  Telephone:      415-434-9100
   Facsimile:      415-434-3947
6  E-mail:         ghalling@sheppardmullin.com
                   jmcginnis@sheppardmullin.com
7                  mscarborough@sheppardmullin.com

8  HELEN C. ECKERT, Cal. Bar No. 240531
   333 South Hope Street, 43rd Floor
9  Los Angeles, California  90071-1448
   Telephone:      213-620-1780
10 Facsimile:      213-620-1398
   E-mail:         heckert@sheppardmullin.com
11
   Attorneys for Defendants
12 SAMSUNG SDI CO., LTD.,
   SAMSUNG SDI AMERICA, INC.,
13 SAMSUNG SDI (MALAYSIA) SDN. BHD.,
   SAMSUNG SDI MEXICO S.A. DE C.V.,
14 SAMSUNG SDI BRASIL LTDA.,
   SHENZHEN SAMSUNG SDI CO., LTD. and
15 TIANJIN SAMSUNG SDI CO., LTD.

16
                    UNITED STATES DISTRICT COURT
17
                   NORTHERN DISTRICT OF CALIFORNIA
18
                        SAN FRANCISCO DIVISION
19

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.,* No. 13-cv-1173;<br><br>*Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.,* No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd.,* No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.,* No. 13-cv- | **DECLARATION OF HELEN C. ECKERT IN SUPPORT OF SDI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>**[RE DEFENDANTS' MIL NO. 6]** |

05261;

*Best Buy Co., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513;

*Best Buy Co., et al. v. Technicolor SA, et al.,* No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 13-cv-05262;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.

I, Helen C. Eckert, declare as follows:

1. I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI"). I submit this declaration pursuant to Civil Local Rule 79-5(d) to establish that documents or portions of documents containing "Confidential" and "Highly Confidential" information pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) and submitted to the Court in connection with Defendants' Joint Motion *In Limine* To Exclude Improper Characterizations Of Or References To Defendants And Alleged Co-Conspirators ("Defendants' MIL No. 6") are sealable. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein and could and would testify competently to each of them.

2. SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306).

3. On February 13, 2015, SDI filed an Administrative Motion to Seal and lodged the following documents pursuant to Civil Local Rules 7-11 and 79-5(d) and (e):

    a. Defendants' MIL No. 6; and

    b. Exhibit 3 of the Declaration of James L. McGinnis in Support of Defendants' MIL No. 6 ("McGinnis Declaration").

4. Pursuant to Civil Local Rule 79-5(d), I make this declaration on behalf of SDI to provide the basis for the Court to maintain under seal certain documents and information designated by SDI as "Confidential" or "Highly Confidential" pursuant to the Protective Order, and all references to those documents and information in Defendants' MIL No. 6 and Exhibit 3 to the McGinnis Declaration.

5. Specifically, SDI requests the following documents and excerpts of documents to be maintained under seal: (a) Exhibit 3 to the McGinnis Declaration (the April 15, 2014 expert

-1-

1 report of Dr. Stephan Haggard, the direct action plaintiffs' expert witness); and (b) references to
2 Exhibit 3 to the McGinnis Decl. in Defendants' MIL No. 6.

3       6.     Exhibit 3 to the McGinnis Declaration are excerpts from the April 15, 2014 expert
4 report of Dr. Stephan Haggard, the direct action plaintiffs' expert witness ("Haggard Report").
5 The entirety of the Haggard Report has been designated "Highly Confidential" under the
6 Protective Order.  The Haggard Report reflects, contains or refers to  confidential information
7 concerning SDI's business practices, corporate structure and governance, component cost
8 information, sales strategy, customer relationships and employment histories of top personnel.  I
9 am informed and believe that public disclosure of this sensitive information presents a risk of
10 undermining SDI's business relationships, causing SDI harm with respect to its competitors and
11 customers, and/or competitively disadvantaging SDI.

12       7.     The Haggard Report also reflects, contains or refers to  materials produced in this
13 action which SDI designated "Confidential" or "Highly Confidential," including excerpts from the
14 transcript of the deposition of Jae In Lee, whom SDI designated as a Fed. R. Civ. P. 30(b)(6)
15 witness.  SDI designated these excerpts of the deposition transcript "Highly Confidential" under
16 the Protective Order.  These excerpts contain, cite and/or identify confidential information
17 concerning SDI's business practices, sales strategies and sales volume to specific customers,
18 customer relationships, and CRT component cost information.  I am informed and believe that
19 SDI treats such information as highly confidential and has taken reasonable measures to safeguard
20 it from disclosure outside the company.  I am informed and believe that public disclosure of this
21 highly sensitive information presents a risk of undermining SDI's business relationships, causing
22 SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.

23       8.     The Haggard Report also reflects, contains or refers to  SDI's Responses to Dell
24 Plaintiffs' Second Set of Requests for Admissions ("SDI's RFA Responses"), designated by SDI
25 as "Confidential" under the Protective Order.  SDI's RFA Responses include confidential,
26 nonpublic, and sensitive business information about SDI's management structure, as well as the
27 nonpublic employment histories of certain individuals at SDI.  I am informed and believe that this
28 is sensitive information, and public disclosure of this information presents a risk of undermining

SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  The Court previously sealed the Haggard Report (*See* Order Granting Administrative Motions for Leave to File Under Seal) (MDL Dkt. No. 3498) (granting administrative motions to seal, Dkt. Nos. 2980, 3168, 3243, 3407).  Accordingly, Exhibit 2 should be maintained under seal.

9. Redacted portions of Defendants' MIL No. 6 reflect, contain or refer to Exhibit 3 of the McGinnis Declaration.  As with the exhibit itself, I understand that SDI considers any statements in Defendants' MIL No. 6 purporting to summarize the exhibit or any other documents or information designated as "Confidential" or "Highly Confidential" by SDI to be confidential and proprietary, and that public disclosure of such information presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantaging SDI.  Accordingly, redacted portions of Defendants' MIL No. 6 should be maintained under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of February 2015 in Los Angeles, California.

*/s/ Helen C. Eckert*
Helen C. Eckert