JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

BRAD D. BRIAN (State Bar No. 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
GREGORY J. WEINGART (State Bar No. 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (State Bar No. 223802)
martin.estrada@mto.com
JESSICA BARCLAY-STROBEL (State Bar No. 280361)
jessica.barclay-strobel@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

ROBERT E. FREITAS (State Bar No. 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

*Additional Moving Defendants and Counsel
Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, | Case No. Master File No. 3:07-cv-05944-SC<br><br>MDL NO. 1917<br><br>**DEFENDANTS' MOTION IN LIMINE #4: TO EXCLUDE LCD AND OTHER NON-CRT PRODUCT CONSPIRACIES**<br><br>Judge:  Hon. Samuel Conti<br>Date:   None Set<br>Ctrm:   1, 17th Floor |

1 | No. 13-cv-05264

2 | *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262

3 |

4 | *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514

5 |

6 | *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 13-cv-1173

7 |

8 | *Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs., N.V., et al.,* No. 13-cv-2776

9 |

10 | *Siegel v. Hitachi, Ltd.,* No. 11-cv-05502

11 | *Siegel v. Technicolor SA,* No. 13-cv-05261

12 | *Target Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514

13 |

14 | *Target Corp. v. Technicolor SA,* No. 13-cv-05686

15 |

16 | *ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.,* No. 14-cv-2510

1   **NOTICE OF MOTION AND MOTION**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned defendants ("Defendants")[1] will and hereby do move the Court, under Rules 401, 402, 403 and 804(b) of the Federal Rules of Evidence, to exclude all evidence and reference at trial to Defendants' participation in conspiracies involving products other than cathode ray tubes ("CRTs") for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This motion seeks to exclude all evidence or reference at trial to Defendants' participation in conspiracies involving products other than CRTs, such as convictions, guilty pleas or plea agreements by non-parties, Defendants, or their former employees for conspiracies involving Liquid Crystal Display ("LCD") panels. CRTs are the only product at issue in this antitrust litigation. Evidence about criminal convictions for LCD conspiracies or any other evidence about non-CRT conspiracies is irrelevant and unduly prejudicial under Rules 401, 402, and 403, and impermissible character and prior acts evidence under Rule 404(b). Nor can this inadmissible evidence be introduced by Plaintiffs to impeach their own witnesses. *United States v. Crouch*, 731 F.2d 621, 623 (9th Cir. 1984).

---

[1] Each Defendant moves only as to the cases in which it remains active. The following Defendants join in this motion only as to Section II, which seeks to exclude evidence of conspiracies that involve neither LCDs nor CRTs: Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., Philips do Brasil, Ltda, Thomson SA, Thomson Consumer Electronics, Inc., Mitsubishi Electric Corporation, Mitsubishi Electric U.S., Inc., and Mitsubishi Electric Visual Solutions America, Inc.

## I. CONSPIRACIES REGARDING LCDS SHOULD BE EXCLUDED

### A. Conspiracies Regarding Products Not at Issue Are Irrelevant and Unduly Prejudicial Under FRE 401, 402, and 403

Conspiracies regarding products not at issue are wholly irrelevant and any probative value is outweighed by the danger of "unfair prejudice, confusing the issues, [and] misleading the jury." *See* Fed. R. Evid. 403, 401, 402.  In the LCD cases pending in this same district, the court has already rejected an attempt by antitrust plaintiffs to bolster their claim of a conspiracy regarding LCDs with allegations of the very CRT conspiracy that Plaintiffs allege here.  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2010 WL 2629728, at *6 (N.D. Cal. June 29, 2010). The same logic applies here: Plaintiffs should not be permitted to bolster their claim of a conspiracy regarding *CRTs* with evidence of a conspiracy to fix the prices of *LCDs*.

Courts routinely reject such "attempts at cross-fertilization," that is, efforts to bolster an antitrust claim involving one market by relying on violations in another market.  *See In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 647 F. Supp. 2d 1250, 1257-58 (W.D. Wash. 2009).  In *In re Hawaiian*, for example, the court found that allegations that shipping companies fixed prices on Hawaiian and Guamanian trade routes were not supported by guilty pleas by executives of one of the defendants to fixing prices on Puerto Rican trade routes.  *Id.* at 1258. Likewise, in *In re Elevator Antitrust Litigation*, the court held that "anticompetitive wrongdoing in Europe – absent any evidence of linkage between such foreign conduct and conduct here" was inadmissible, as it simply asserts "that 'if it happened there, it could have happened here.'"  502 F.3d 47, 52 (2d Cir. 2007).

Plaintiffs admit that such evidence is severely prejudicial and not relevant.  In this very case, Plaintiffs have stated that they would oppose any attempt to introduce evidence of *Plaintiffs'* participation in a conspiracy involving LCDs, such as Sharp Corporation's guilty plea, because it has "enormous prejudicial value" and "zero probative value."  IPPs' & DPP's Mot. for Separate Trials at 5 n.10 (Oct. 3, 2014), ECF No. 2897.  That principle applies equally to evidence of Defendants' participation in a conspiracy involving LCDs or other non-CRT products, including the guilty pleas by Defendant Hitachi Displays Ltd. and non-party LG Display Co., Ltd. and LG

1  Display America, Inc.  *See United States v. Hitachi Displays Ltd.*, No. CR 09-0247 SI; *United
2  States v. LG Display Co.*, No. CR 08-0803 SI.  Allowing evidence about LCDs into this trial
3  would severely prejudice the defendants, and it would create enormous additional complexity in
4  what is already going to be a complicated trial because the Defendants would have to counter
5  Plaintiffs' evidence with evidence to explain the differences between the LCD and CRT markets,
6  the different facts involved in the CRT cases, and the different entities involved those cases.

7  **B.  Conspiracies Regarding Products Not at Issue Are Impermissible Character Evidence Under FRE 404(b)**
8

9  Evidence regarding Defendants' participation in an LCD conspiracy is propensity evidence
10 that is inadmissible under Federal Rule of Evidence 404(b).  *United States v. Hill*, 953 F.2d 452,
11 456 (9th Cir. 1991) ("Evidence of specific wrongful conduct is not admissible . . . to show [a
12 person] acted in conformity therewith."); *see* Fed. R. Evid. 404(b)(1) ("Evidence of a crime,
13 wrong, or other act is not admissible to prove a person's character in order to show that on a
14 particular occasion the person acted in accordance with the character.").  Such impermissible
15 "character" evidence will only confuse the jury and will "protract an already prolonged trial with
16 an inquiry into collateral issues" regarding the other products and alleged misconduct.  *City of
17 New York v. Pullman, Inc.*, 662 F.2d 910, 915 (2d Cir. 1981); *Duran v. City of Maywood*, 221 F.3d
18 1127, 1133 (9th Cir. 2000) (affirming exclusion of evidence that would have required a "full-
19 blown trial within this trial").

20 This principle applies to antitrust cases.  For instance, citing to Rule 404(b), the Seventh
21 Circuit in *In re High Fructose Corn Syrup Antitrust Litigation*, explained that "evidence of past
22 crimes, or of other bad acts committed in the past, is inadmissible to prove that the defendant
23 probably is guilty of whatever he is now being charged with, merely because he has demonstrated
24 a propensity to violate the law."  295 F.3d 651, 664 (7th Cir. 2002).  The court determined that
25 evidence that a corporate defendant previously conspired to fix the price of lysine "cannot be used
26 as evidence that it participated in a conspiracy to fix the price of [high fructose corn syrup]."  *Id.*
27 Evidence about LCD conspiracies here would likewise be classic propensity evidence, barred by
28 Rule 404(b).

C. **<u>Otherwise Inadmissible Evidence of LCD Conspiracies Cannot Be Admitted by Plaintiffs Impeaching Witnesses on Their Witness List</u>**

Plaintiffs cannot evade these rules by introducing evidence of conspiracies regarding products not at issue by impeaching the witnesses that Plaintiffs call to testify at trial. It is well established that a party "must not knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony." *United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir. 1990) (internal quotation marks omitted). As the Ninth Circuit has made clear, "impeachment is not permitted where it is 'employed as a guise for submitting to the jury substantive evidence that is otherwise unavailable.'" *United States v. Crouch*, 731 F.2d 621, 623 (9th Cir. 1984).

For example, Plaintiffs are not permitted to introduce otherwise inadmissible and irrelevant facts in the LCD plea agreement of Chih-Chun "C.C." Liu—a former employee of Chunghwa Picture Tubes, Ltd., who Plaintiffs will call to testify at trial—under the guise of "impeaching" their own witness, Mr. Liu. *See United States v. Chih-Chun "C.C." Liu*, No. CR 09-0045 SI. Nor can Plaintiffs rely on the rule applicable in criminal cases by which the government is permitted to introduce the "truth-telling" provisions of a cooperation plea agreement after the witness's credibility has been attacked. *See United States v. Kats*, 871 F.2d 105, 107 (9th Cir. 1989) (per curiam). Plaintiffs are not a party to Mr. Liu's plea agreement. The "truth-telling" provisions of Mr. Liu's cooperation plea agreement are irrelevant: The plea agreement imposed no obligations on Mr. Liu as to Plaintiffs.

For all the reasons stated above, Plaintiffs should not be permitted to introduce as evidence or reference at trial Defendants' participation in conspiracies regarding products other than CRTs.

II. **CONSPIRACIES REGARDING OTHER NON-CRT PRODUCTS SHOULD BE EXCLUDED**

For the same reasons, evidence of certain Defendants' involvement in conspiracies involving any other non-CRT products—for example, DRAM, compressors, batteries, projection tubes, and auto parts—should be excluded. Such evidence is completely irrelevant to this action and would be highly prejudicial because it involves different products and wholly separate

conduct.  *See* Fed. R. Evid. 401, 402, 403; *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2010 WL 2629728, at *6 (rejecting plaintiffs' argument that "allegations of a price-fixing conspiracy involving *STN-LCDs* are made plausible" by investigations of an alleged *cathode ray tubes* conspiracy) (emphases added).  The only possible use of this evidence would be to suggest that Defendants had a "propensity" to fix prices, which is improper under Rule 404(b).  *See Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1335 (9th Cir. 1985); *In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 664 (7th Cir. 2002).  Nor can this inadmissible evidence be introduced by Plaintiffs to impeach their own witnesses.  *United States v. Crouch*, 731 F.2d 621, 623 (9th Cir. 1984).

Dated:  February 13, 2015                     Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Miriam Kim*
         MIRIAM KIM
JEROME C. ROTH (SBN 159483)
jerome.roth@mto.com
MIRIAM KIM (SBN 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
william.temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
JESSICA BARCLAY-STROBEL (SBN 280361)
jessica.barclay-strobel@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

| | |
|---|---|
| 1 | |
| 2 | WINSTON & STRAWN LLP |
| 3 | By: */s/ Jeffrey L. Kessler*<br>JEFFREY L. KESSLER (*pro hac vice*) |
| 4 | JKessler@winston.com<br>ALDO A. BADINI (SBN 257086) |
| 5 | ABadini@winston.com<br>EVA W. COLE (*pro hac vice*) |
| 6 | EWCole@winston.com<br>MOLLY M. DONOVAN |
| 7 | MMDonovan@winston.com<br>**WINSTON & STRAWN LLP** |
| 8 | 200 Park Avenue<br>New York, NY 10166 |
| 9 | Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700 |
| 10 | STEVEN A. REISS (*pro hac vice*) |
| 11 | steven.reiss@weil.com<br>DAVID L. YOHAI (*pro hac vice*) |
| 12 | david.yohai@weil.com<br>ADAM C. HEMLOCK (*pro hac vice*) |
| 13 | adam.hemlock@weil.com<br>**WEIL, GOTSHAL & MANGES LLP** |
| 14 | 767 Fifth Avenue<br>New York, New York 10153-0119 |
| 15 | Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 |
| 16 | *Attorneys for Defendants Panasonic Corporation* |
| 17 | *(f/k/a Matsushita Electric Industrial Co., Ltd.),*<br>*Panasonic Corporation of North America, and MT* |
| 18 | *Picture Display Co., Ltd.* |
| 19 | KIRKLAND & ELLIS LLP |
| 20 | By: */s/ Eliot A. Adelson*<br>ELIOT A. ADELSON (SBN 205284) |
| 21 | JAMES MAXWELL COOPER (SBN 284054)<br>**KIRKLAND & ELLIS LLP** |
| 22 | 555 California Street, 27th Floor<br>San Francisco, California 94104 |
| 23 | Tel: (415) 439-1400<br>Facsimile: (415) 439-1500 |
| 24 | E-mail: eadelson@kirkland.com<br>E-mail: max.cooper@kirkland.com |
| 25 | |
| 26 | James H. Mutchnik, P.C. (*pro hac vice*)<br>Barack Echols (*pro hac vice*) |
| 27 | **KIRKLAND & ELLIS LLP**<br>300 North LaSalle |
| 28 | Chicago, Illinois 60654<br>Tel: (312) 862-2000 |

Facsimile: (312) 862-2200
Email: jutchnik@kirkland.com
Email: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

FAEGRE BAKER DANIELS LLP

By: */s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
**Faegre Baker Daniels LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
**Faegre Baker Daniels LLP**
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

| | |
|---|---|
| 1 | |
| 2 | Stephen M. Judge (*pro hac vice*)<br>Email: steve.judge@FaegreBd.com |
| 3 | **Faegre Baker Daniels LLP**<br>202 S. Michigan Street, Suite 1400 |
| 4 | South Bend, IN 46601<br>Telephone: (574) 234-4149 |
| 5 | Facsimile: (574) 239-1900 |
| 6 | *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.* |
| 7 | |
| 8 | BAKER BOTTS LLP |
| 9 | By: /s/ *John M. Taladay*<br>JOHN M. TALADAY (pro hac vice) |
| 10 | john.taladay@bakerbotts.com<br>JOSEPH OSTOYICH (pro hac vice) |
| 11 | joseph.ostoyich@bakerbotts.com<br>ERIK T. KOONS (pro hac vice) |
| 12 | erik.koons@bakerbotts.com<br>CHARLES M. MALAISE (pro hac vice) |
| 13 | charles.malaise@bakerbotts.com<br>**BAKER BOTTS LLP** |
| 14 | 1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004-2400 |
| 15 | Telephone: (202) 639-7700<br>Facsimile: (202) 639-7890 |
| 16 | JON V. SWENSON (SBN 233054) |
| 17 | jon.swenson@bakerbotts.com<br>**BAKER BOTTS LLP** |
| 18 | 1001 Page Mill Road<br>Building One, Suite 200 |
| 19 | Palo Alto, CA 94304<br>Telephone: (650) 739-7500 |
| 20 | Facsimile: (650) 739-7699<br>E-mail: jon.swenson@bakerbotts.com |
| 21 | *Attorneys for Defendants Koninklijke Philips N.V.,* |
| 22 | *Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.* |
| 23 | |
| 24 | **GIBSON, DUNN & CRUTCHER LLP** |
| 25 | By: /s/ *Rachel S. Brass* |
| 26 | JOEL S. SANDERS, SBN 107234<br>JSanders@gibsondunn.com |
| 27 | RACHEL S. BRASS, SBN 219301<br>RBrass@gibsondunn.com |
| 28 | AUSTIN SCHWING, SBN 211696<br>ASchwing@gibsondunn.com |

555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

**SQUIRE PATTON BOGGS (US) LLP**

By:  */s/ Nathan Lane, III*
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
E-mail:  nathan.lane@squiresanders.com
E-mail:  mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: /s/ __*Jeffrey I. Zuckerman*__

Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue

|   |   |
|---|---|
| 1 | New York, New York 10178 |
|   | Telephone: 212.696.6000 |
| 2 | Facsimile: 212.697.1559 |
|   | Email: jzuckerman@curtis.com |
| 3 | etobin@curtis.com |
| 4 | Arthur Gaus (SBN 289560) |
|   | **DILLINGHAM & MURPHY, LLP** |
| 5 | 601 California Street, Suite 1900 |
|   | San Francisco, California 94108 |
| 6 | Telephone: 415.397.2700 |
|   | Facsimile: 415.397-3300 |
| 7 | Email: asg@dillinghammurphy.com |

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**JENNER & BLOCK LLP**

By: /s/ *Gabriel A. Fuentes*

JENNER & BLOCK LLP
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.