Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

Case No. 07-5944 SC
MDL No. 1917

This Document Relates to:

*The Indirect Purchaser Action*

**THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING DAMAGES ALLEGEDLY SUFFERED BY THE NEW YORK INDIRECT PURCHASER PLAINTIFF CLASS PRIOR TO DECEMBER 23, 1998**

**ORAL ARGUMENT REQUESTED**

Date: August 7, 2015
Time: 10:00 a.m.
Before: Hon. Samuel Conti

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# TABLE OF CONTENTS

| | Page |
|---|---|
| NOTICE OF MOTION AND MOTION | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| I. STATEMENT OF THE ISSUE | 1 |
| II. INTRODUCTION | 1 |
| III. ARGUMENT | 2 |
| A. New York Law Does Not Permit Indirect Purchasers To Bring Antitrust Claims For Purchases Made Before December 23, 1998 | 2 |
| B. IPPs Should Be Precluded From Introducing Evidence To Support Damages Claims By The New York IPP Class That Are Barred As A Matter Of Law | 2 |
| IV. CONCLUSION | 4 |

THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING DAMAGES ALLEGEDLY SUFFERED BY THE NEW YORK IPP CLASS PRIOR TO DECEMBER 23, 1998
Case No. 07-5944 SC, MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abromson v. Am. Pac. Corp.*, 114 F.3d 898 (9th Cir. 1997) .......... 3

*Dittrich v. Seeds*, No. 03-cv-6128, 2005 WL 2436648 (E.D. Pa. Sept. 28, 2005) .......... 4

*Goldman v. Healthcare Mgmt. Sys.*, 559 F. Supp. 2d 853 (W.D. Mich. 2008) .......... 3, 4

*State ex rel. Spitzer v. Daicel Chem. Indus.*, 840 N.Y.S.2d 8 (App. Div. 2007) .......... 2

**Federal Rules**

Fed. R. Evid. 401 .......... 3

Fed. R. Evid. 402 .......... 3

Fed. R. Evid. 403 .......... 3

**Other Authorities**

1998 N.Y. Laws 3657 .......... 2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 7, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Division, Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc. and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants") will and hereby do move the Court for an order precluding the Indirect Purchaser Plaintiffs ("IPPs") from introducing evidence or argument regarding damages allegedly suffered by the New York IPP Class prior to December 23, 1998, the date that New York law was amended to permit indirect purchaser claims.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF THE ISSUE

Whether the IPPs should be prohibited from introducing evidence of damages as to the New York IPP Class for purchases before December 23, 1998 because indirect purchasers are barred from recovering for such purchases under New York law.

## II. INTRODUCTION

The New York IPP Class certified by this Court includes persons that purchased CRT Products on or after March 1, 1995, through November 25, 2007. New York, however, did not permit indirect purchasers to bring antitrust claims until December 23, 1998, and does not apply its law retroactively to permit suit based on indirect purchases prior to that date. As a result, evidence regarding damages purportedly suffered by the New York IPP Class from March 1, 1995, until December 23, 1998, is irrelevant. Furthermore, whatever probative value such evidence may have is substantially outweighed by the risk of unfair prejudice to the Toshiba Defendants, confusion of the issues at trial, and the likelihood that such evidence

would mislead the jury. The Toshiba Defendants therefore request an order prohibiting the IPPs from introducing evidence of damages allegedly suffered by the New York IPP Class prior to December 23, 1998, including in any damages estimates offered by the IPPs' experts.

## III. ARGUMENT

### A. New York Law Does Not Permit Indirect Purchasers To Bring Antitrust Claims For Purchases Made Before December 23, 1998

The New York IPP Class brings claims only under New York's Donnelly Act, General Business Law § 340, *et seq*. *See* IPPs' Fourth Consol. Am. Compl. ¶ 271 (N.D. Cal. Jan. 10, 2013), ECF No. 1526. The relevant period for the New York IPP Class certified by this Court is March 1, 1995 through November 25, 2007. Report & Recommendation Regarding IPPs' Mot. for Class Cert. at 45 (N.D. Cal. June 20, 2013), ECF No. 1742 (defining and recommending certification of the New York IPP Class); *see also* Order Adopting Special Master's Report & Recommendation on Defendants' Mot. to Exclude Expert Testimony & IPPs' Mot. for Class Cert. (N.D. Cal. Sept. 24, 2013), ECF No. 1950 (certifying the classes identified in the Report & Recommendation, including the New York IPP Class). The Donnelly Act, however, did not permit claims based on indirect purchases until it was amended on December 23, 1998. *State ex rel. Spitzer v. Daicel Chem. Indus.*, 840 N.Y.S.2d 8, 11 (App. Div. 2007); *see also* 1998 N.Y. Laws 3657. The amendment permitting indirect purchaser claims was not retroactive. *Daicel*, 840 N.Y.S.2d at 11 (holding that the amendment to the Donnelly Act "may not be given retroactive application"). Accordingly, the New York IPP Class is prohibited as a matter of law from recovering damages for indirect purchases made from March 1, 1995, until December 23, 1998. *See id.* (affirming dismissal of claims brought on behalf of indirect purchasers who made their purchases prior to the effective date of the amendment).

### B. IPPs Should Be Precluded From Introducing Evidence To Support Damages Claims By The New York IPP Class That Are Barred As A Matter Of Law

Any evidence regarding the amount of damages allegedly suffered by the New York IPP Class prior to the effective date of the amendment to the Donnelly Act is irrelevant and

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

should be excluded. Such evidence is not "of consequence in determining" any of the issues remaining in the IPP action. Fed. R. Evid. 401. It is therefore irrelevant and inadmissible. Fed. R. Evid. 402.

To the extent that this Court finds that evidence of indirect purchases in New York prior to December 23, 1998, may have some marginal relevance as to non-damages issues, such evidence should nevertheless be excluded because its minimal relevance is substantially outweighed by the danger that its admission would unfairly prejudice the Toshiba Defendants, confuse the issues, and mislead the jury. *See* Fed. R. Evid. 403. The admission of any evidence regarding pre-December 23, 1998 purchases by the New York IPP Class would create an impermissible risk that the jury may award damages even though the New York IPP Class is prohibited from recovering them under New York law. It would also confuse the relevant issues and create a significant danger of misleading the jury by suggesting that pre-December 23, 1998 damages claimed by the New York IPP Class are recoverable when they are not.

"The district court must formulate jury instructions so that they fairly and adequately cover the issues presented, *correctly state the law*, and are not misleading." *Abromson v. Am. Pac. Corp.*, 114 F.3d 898, 902 (9th Cir. 1997) (emphasis added). Thus, this Court should properly instruct the jury that the New York IPP Class is prohibited from recovering damages for any purchases made prior to December 23, 1998. In fact, if evidence regarding such purchases is admitted at trial, this Court would likely need to issue additional, curative jury instructions so that the jury is not misled into believing that it may award damages for such purchases. As a result, permitting the IPPs to introduce any evidence regarding such purchases — or damages allegedly suffered due to such purchases — would unnecessarily delay the trial and lengthen the already voluminous jury instructions required in this case.

The better course is to preclude the IPPs from introducing evidence regarding any pre-December 23, 1998 purchases by the New York IPP Class. Indeed, courts routinely grant motions *in limine* to preclude plaintiffs from introducing damages evidence regarding claims or portions of claims that are barred as a matter of law. *See, e.g.*, *Goldman v. Healthcare*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Mgmt. Sys.*, 559 F. Supp. 2d 853, 862-63 (W.D. Mich. 2008) (granting motion *in limine* to bar plaintiff and his expert from presenting damages calculations that included damages from alleged infringements that occurred outside of the statute of limitations); *Dittrich v. Seeds*, No. 03-cv-6128, 2005 WL 2436648, at *9-11 (E.D. Pa. Sept. 28, 2005) (granting motion *in limine* to preclude plaintiffs from pursuing a claim for punitive damages under federal law because, under plaintiffs' theory of the case, defendants were acting in their official capacities and therefore punitive damages were barred under federal law). The same result is warranted here.

## IV. CONCLUSION

For these reasons, the Toshiba Defendants respectfully request that this Court preclude the IPPs from introducing any evidence or argument concerning damages purportedly suffered by the New York IPP Class prior to December 23, 1998.

Respectfully submitted,

Dated: February 13, 2015

WHITE & CASE LLP

By: */s/ Lucius B. Lau*

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING DAMAGES ALLEGEDLY SUFFERED BY THE NEW YORK IPP CLASS PRIOR TO DECEMBER 23, 1998
Case No. 07-5944 SC, MDL No. 1917
4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On February 13, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING DAMAGES ALLEGEDLY SUFFERED BY THE NEW YORK INDIRECT PURCHASER PLAINTIFF CLASS PRIOR TO DECEMBER 23, 1998" to be served via ECF on the other parties in this action.

*/s/ Lucius B. Lau*
Lucius B. Lau

THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE REGARDING DAMAGES ALLEGEDLY SUFFERED BY THE NEW YORK IPP CLASS PRIOR TO DECEMBER 23, 1998
Case No. 07-5944 SC, MDL No. 1917