Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation*

Additional Counsel on Signature Page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-01173;* | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**JOINT DEFENSE MOTION IN LIMINE #10 - NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:     None set<br>Time:     10:00 a.m.<br>Place:    Courtroom No. 1<br><br>Hon. Samuel Conti |

JOINT DEFENSE MOTION IN LIMINE #10 - NOTICE OF MOTION AND MOTION TO EXCLUDE
EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

*Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.,* No. 13-cv-2776 SC;

*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514

*Target Corp. v. Technicolor SA,* No. 13-cv-05686.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................... 1

    I.     STATEMENT OF THE ISSUE ................................................................................... 1

    II.    INTRODUCTION ....................................................................................................... 1

    III.   ARGUMENT .............................................................................................................. 2

          A.    Any evidence of an alleged CDT price-fixing conspiracy is irrelevant to Sharp's case ............................................................................ 2

          B.    Admission of evidence regarding an alleged CDT conspiracy would be more prejudicial than probative ................................................................. 2

    IV.   CONCLUSION ........................................................................................................... 4

i

JOINT DEFENSE MOTION IN LIMINE #10 - NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Coursen v. A.H. Robins Co.*,
 764 F.2d 1329 (9th Cir. 1985) .................................................................................................. 3

*United States v. Dean*,
 980 F.2d 1286 (9th Cir. 1992) .................................................................................................. 2

*United States v. Dhingra*,
 371 F.3d 557 (9th Cir. 2004) .................................................................................................... 3

**OTHER AUTHORITIES**

Fed. R. Evid. 401 ........................................................................................................................... 2

Fed. R. Evid. 402 ........................................................................................................................... 2

Fed. R. Evid. 403 ........................................................................................................................... 2

Fed. R. Evid. 404(b) .................................................................................................................. 1, 3

ii

JOINT DEFENSE MOTION IN LIMINE #10 - NOTICE OF MOTION AND MOTION TO EXCLUDE
EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned defendants ("Defendants") will and hereby do move the Court, under Rules 401, 402, 403, and 404(b) of the Federal Rules of Evidence, to exclude Sharp Electronics Corporation and Sharp electronics Manufacturing Company of America, Inc. (collectively, "Sharp") from introducing any evidence or mention of an alleged color display tube ("CDT") price-fixing conspiracy for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Tiffany B. Gelott and related exhibits, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   STATEMENT OF THE ISSUE**

Whether Sharp should be precluded from introducing any evidence or testimony concerning any alleged CDT price-fixing conspiracy at trial.

**II.   INTRODUCTION**

This motion seeks to exclude Sharp from introducing at trial any evidence of alleged anticompetitive conduct relating to CDTs that were incorporated into monitors. In its joint submission with the other Direct Action Plaintiffs ("DAPs"), Sharp designated: (1) exhibits of various meeting minutes concerning alleged misconduct regarding CDTs; and (2) deposition testimony regarding the CDT industry and alleged anticompetitive conduct regarding CDTs. Sharp, however, never purchased CDTs or CDT Products from any Defendant. Thus, any evidence relating to CDTs and any alleged misconduct regarding CDTs is irrelevant to Sharp's

1

JOINT DEFENSE MOTION IN LIMINE #10 - NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

claims and would mislead the jury, confuse the issues, and foster undue delay.[1] Therefore, the Court should preclude Sharp from introducing any evidence of alleged anticompetitive conduct regarding CDTs under Rules 401, 402, 403, and 404(b).[2]

### III. ARGUMENT

#### A. Any evidence of an alleged CDT price-fixing conspiracy is irrelevant to Sharp's case

Evidence related to an alleged CDT conspiracy is irrelevant to Sharp's claims because Sharp's claims are based *entirely* on its purchase of color picture tubes ("CPTs") that Sharp used to manufacture televisions. "For evidence to be relevant, it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) (internal citations and quotations omitted). Sharp solely seeks damages for its CPT purchases.[3] Because alleged misconduct regarding CDTs is not at issue, evidence regarding CDTs does not have "any tendency" to make the existence of an alleged CPT conspiracy or whether Sharp was injured as a result of that alleged conspiracy "more or less probable." Fed. R. Evid. 401. Thus, evidence regarding CDTs should be excluded.

#### B. Admission of evidence regarding an alleged CDT conspiracy would be more prejudicial than probative

Even if evidence relating to the CDT industry had any relevance to the CPT industry (it does not), evidence regarding CDTs should be excluded because "its probative value is substantially outweighed by [the] danger" of "mislead[ing] the jury" and fostering "undue

---

[1] While this motion focuses on Sharp's claims, this argument applies equally to any other DAPs that only purchased one sort of finished product, such as Target and Kmart, which only purchased CRT televisions.

[2] Sharp should also be precluded from introducing evidence relating to SDI's plea agreement, which only concerns CDTs, for the same reasons.

[3] *See* Ex. 1, Expert Report of Jerry Hausman, dated April 15, 2014 ("Hausman Report"), at ¶5 ▮▮▮▮. All exhibits in this motion refer to exhibits to the accompanying Declaration of Tiffany B. Gelott.

1  delay." Fed. R. Evid. 403.  CDTs and CPTs are not interchangeable and they operate in distinct
2  and separate markets. Sharp concedes this point: ███████████████
3  ████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████
6  ████████████████████████████"[4]  Therefore, the Court should preclude Sharp from offering
7  evidence and argument regarding alleged anticompetitive conduct related to products
8  unconnected to Sharp's claims.

9        Any purported value of the CDT evidence also does not outweigh the danger of
10  misleading the jury by confusing the issues between the alleged CDT and alleged CPT
11  conspiracies.  Evidence of alleged misconduct regarding CDTs "may not be admitted to show a
12  propensity or proclivity to commit bad acts" and therefore suggest that Defendants behaved
13  similarly in the CPT market. *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1335 (9th Cir. 1985);
14  *see also* Fed. R. Evid. 404(b).  Evidence regarding CDTs would likely mislead the jury in its
15  evaluation of Defendants' alleged liability and its determination of Sharp's purported damages.
16  The jury may inflate any damage award by conflating the two alleged conspiracies and any
17  imagined harm. *United States v. Dhingra*, 371 F.3d 557, 565-66 (9th Cir. 2004) (internal
18  quotations and citations omitted) ("The measure of undue prejudice is whether admission of the
19  evidence created an undue tendency to suggest decision on an improper basis, commonly,
20  though not necessarily, an emotional one.").

21        Finally, the introduction of evidence relating to CDTs would waste the time of the jury
22  and Court and substantially delay these proceedings.  To rebut plaintiffs' CDT evidence,
23  Defendants will have to spend significant time introducing further evidence and calling

---

[4] Ex. 2, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s First Supp. Resp. and Obj. to Defendants Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories (February 26, 2014), pg. 16, Response to Interrogatory No. 12 (emphasis added); *see also* Ex. 1, Hausman Report at ¶12 ████████████████████████████████████████████████████ .

additional fact and expert witnesses to isolate and distinguish the distortive evidence relating to CDTs, a product which Sharp never purchased and which is not relevant to their claim.

## IV.  CONCLUSION

For these reasons, the Court should grant Defendants' motion and preclude Sharp from introducing any evidence or testimony regarding any alleged CDT price-fixing conspiracy.

Date: February 13, 2015

By: */s/ Erik T. Koons*
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., and Philips Electronics North America Corporation*

FAEGRE BAKER DANIELS LLP

By: */s/ Kathy L. Osborn*
FAEGRE BAKER DANIELS LLP
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kathy.osborn@FaegreBD.com

|    |    |
|----|----|
| 1  | ryan.hurley@FaegreBD.com |
| 2  | Calvin L. Litsey (SBN 289659) |
| 3  | Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450 |
| 4  | East Palo Alto, CA 94303-2279<br>Telephone: (650) 324-6700 |
| 5  | Facsimile: (650) 324-6701<br>calvin.litsey@FaegreBD.com |
| 6  |    |
| 7  | *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.* |
| 8  |    |
| 9  |    |
| 10 | SQUIRE PATTON BOGGS (US) LLP |
| 11 | By: */s/ Donald A. Wall*<br>Mark Dosker |
| 12 | Nathan Lane, III |
| 13 | 275 Battery Street, Suite 2600<br>San Francisco, CA  94111 |
| 14 | Telephone:  415.954.0200<br>Facsimile:  415.393.9887 |
| 15 | Email:  mark.dosker@squirepb.com<br>nathan.lane@squirepb.com |
| 16 |    |
| 17 | Donald A. Wall (*Pro Hac Vice*)<br>SQUIRE PATTON BOGGS (US) LLP |
| 18 | 1 East Washington Street, Suite 2700<br>Phoenix, Arizona 85004 |
| 19 | Telephone:  602.528.4000<br>Facsimile:  602.253.8129 |
| 20 | Email:  donald.wall@squirepb.com |
| 21 | *Attorneys for Defendant Technologies Displays* |
| 22 | *Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and* |
| 23 | *Sears, Roebuck and Co., et al v. Technicolor SA, et al.* |
| 24 |    |
| 25 | CURTIS, MALLET-PREVOST, COLT & MOSLE LLP |
| 26 |    |
| 27 | By: */s/  Jeffrey I. Zuckerman*<br>Jeffrey I. Zuckerman (Pro Hac Vice) |
| 28 | Ellen Tobin (Pro Hac Vice)<br>101 Park Avenue |

5

JOINT DEFENSE MOTION IN LIMINE #10 - NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

| | |
|---|---|
| 1 | New York, New York 10178 |
| 2 | Telephone: 212.696.6000 |
| | Facsimile: 212.697.1559 |
| 3 | Email:  jzuckerman@curtis.com |
| | etobin@curtis.com |
| 4 | |
| 5 | Arthur Gaus (SBN 289560) |
| | DILLINGHAM & MURPHY, LLP |
| 6 | 601 California Street, Suite 1900 |
| | San Francisco, California 94108 |
| 7 | Telephone: 415.397.2700 |
| | Facsimile: 415.397-3300 |
| 8 | Email: asg@dillinghammurphy.com |
| 9 | |
| | *Attorneys for Defendant Technologies Displays* |
| 10 | *Americas LLC with respect to Office Depot, Inc. v.* |
| | *Technicolor SA, et al. and Sears, Roebuck and Co.* |
| 11 | *et al. v. Technicolor SA, et al.* |
| 12 | MUNGER, TOLLES & OLSON LLP |
| 13 | |
| 14 | By: */s/ Miriam Kim*_____ |
| | JEROME C. ROTH (State Bar No. 159483) |
| 15 | jerome.roth@mto.com |
| | MIRIAM KIM (State Bar No. 238230) |
| 16 | miriam.kim@mto.com |
| | MUNGER, TOLLES & OLSON LLP |
| 17 | 560 Mission Street, Twenty-Seventh Floor |
| | San Francisco, California 94105-2907 |
| 18 | Telephone: (415) 512-4000 |
| 19 | Facsimile: (415) 512-4077 |
| 20 | BRAD D. BRIAN (SBN 079001) |
| | brad.brian@mto.com |
| 21 | WILLIAM D. TEMKO (SBN 098858) |
| | William.Temko@mto.com |
| 22 | GREGORY J. WEINGART (SBN 157997) |
| 23 | gregory.weingart@mto.com |
| | E. MARTIN ESTRADA (SBN 223802) |
| 24 | martin.estrada@mto.com |
| | MUNGER, TOLLES & OLSON LLP |
| 25 | 355 South Grand Avenue, Thirty-Fifth Floor |
| | Los Angeles, CA 90071-1560 |
| 26 | Telephone: (213) 683-9100 |
| 27 | Facsimile: (213) 687-3702 |
| 28 | ROBERT E. FREITAS (SBN 80948) |

rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*


WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), MT Picture Display Co., Ltd.*

**WHITE & CASE**LLP

By: _/s/ Lucius B. Lau_
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _/s/ James L. McGinnis_
James L. McGinnis, Esq.
Gary L. Halling, Esq.
Michael W. Scarborough, Esq.
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:  415-434-9100
Facsimile:  415-434-3947
ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

Counsel for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.