Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc.,*
*Toshiba America Information Systems, Inc.,*
*Toshiba America Consumer Products, LLC,*
*and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| | **THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE IPP ALTER EGO THEORIES OF LIABILITY AT TRIAL** |
| This Document Relates to: | **ORAL ARGUMENT REQUESTED** |
| *The Indirect Purchaser Action* | Date:       August 7, 2015 Time:       10:00 a.m. Before:     Hon. Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

**TABLE OF CONTENTS**

2
Page

3 NOTICE OF MOTION AND MOTION ....................................................................................... 1

4 MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

5 I.      STATEMENT OF THE ISSUE................................................................................... 1

6 II.     INTRODUCTION ...................................................................................................... 1

7 III.    ARGUMENT .............................................................................................................. 2

8        A.      An Alter Ego Theory of Liability Must Be Specifically Pleaded In
                 The Complaint ................................................................................................. 2
9
         B.      The IPPs Did Not Assert An Alter Ego Theory of Liability In Their
10               Complaint ......................................................................................................... 3

11 IV.    CONCLUSION........................................................................................................... 4

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
ALTER EGO THEORIES OF LIABILITY AT TRIAL
Case No. 07-5944 SC
MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# TABLE OF AUTHORITIES

PAGE

## CASES

*Hokama v. E.F. Hutton & Co.*,
  566 F. Supp. 636 (C.D. Cal 1983)....................................................................... 2, 3

*Neilson v. Union Bank of Cal.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003).................................................................. 3

*No Cost Conference, Inc. v. Windstream Commc'n*,
  940 F. Supp. 2d 1285 (S.D. Cal. 2013).................................................................. 3

*Seymour v. Hull & Moreland Engineering*,
  605 F.2d 1105 (9th Cir. 1979)............................................................................... 2

*United States v. Bestfoods*,
  524 U.S. 51 (1998)................................................................................................ 2

*Wady v. Provident Life and Accident Ins. Co. of Am.*,
  216 F. Supp. 2d 1060 (C.D. Cal. 2002)............................................................... 2, 3

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 7, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Division, the Toshiba Defendants will and hereby do move the Court for an order precluding Indirect Purchaser Plaintiffs from introducing evidence regarding "alter ego" theories of liability.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF THE ISSUE

Whether the Indirect Purchaser Plaintiffs should be precluded from introducing evidence at trial relating to an alter ego theory of liability where such theory was not pleaded in the Indirect Purchaser Plaintiffs' Complaint and the Toshiba Defendants were never put on notice that they would be required to defend against an alter ego theory of liability at trial.

## II.    INTRODUCTION

The Indirect Purchaser Plaintiffs ("IPPs") have indicated in pre-trial disclosures, including proposed jury instructions, that they intend to assert an alter ego theory of liability. *See, e.g.*, Indirect Purchaser Plaintiffs' Second Proposed Final Jury Instructions, No. 20, *Shareholder Liability* ("One corporation is the "alter ego" of the other. A corporation is an alter ego where there is such unity of interest and ownership that the separate personalities of the corporation and its owner cease to exist, and to observe the corporate form would work an injustice.")  The IPPs, however, did not plead any alter ego theory of liability in their Fourth Consolidated Amended Complaint ("FCAC").

Pursuant to Ninth Circuit law, alter ego theories of liability must be specifically pleaded in the complaint.  The IPPs did not do so.  Thus, the Court should enter an order

THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
ALTER EGO THEORIES OF LIABILITY AT TRIAL
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

precluding the IPPs from setting forth any evidence in support of a theory of alter ego liability at trial.

**III.    ARGUMENT**

Nowhere in the one-hundred-four page FCAC do the IPPs even mention the words "alter ego."  The word shareholder appears *once*.  *See* IPP FCAC ¶ 62 (alleging that "SEC is a major shareholder" of Samsung SDI).  In the FCAC, the IPPs merely make a conclusory statement that, with respect to many identified subsidiaries, the parent corporation "dominated and controlled" that subsidiary's finances.  *See, e.g.*, FCAC ¶ 62 ("Defendant SEC dominated and controlled the finances, policies, and affairs of Samsung SDI relating to the antitrust violations alleged in this Complaint.").  These allegations are insufficient to assert an alter ego theory of liability.

**A.    An Alter Ego Theory of Liability Must Be Specifically Pleaded In The Complaint**

To assert a claim based on alter ego theories of liability, the law requires more than mere statements in the complaint that a parent company owns or controls a subsidiary.  *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another's corporate stock) is not liable for the acts of its subsidiaries.").  Before a court may disregard the separateness of corporate entities, a plaintiff must establish "that there is such a unity of interest and ownership between the corporation and the shareholder that the two no longer exist as separate entities" and that "failure to disregard the corporation would result in fraud or injustice."  *Seymour v. Hull & Moreland Engineering*, 605 F.2d 1105, 1111 (9th Cir. 1979).

Moreover, to pursue an alter ego theory of liability, "a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each."  *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).  Where a plaintiff fails to adequately plead both elements of the alter ego theory of liability, the claim must be dismissed.  *See id.* (dismissing alter ego theory claims where plaintiff failed to plead second

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

element in its complaint); *Hokama v. E.F. Hutton & Co.*, 566 F. Supp. 636, 647 (C.D. Cal 1983) (stating that conclusory allegations of alter ego liability in the complaint are insufficient to maintain a claim); *Wady v. Provident Life and Accident Ins. Co. of Am.*, 216 F. Supp. 2d 1060, 1068 (C.D. Cal. 2002) (concluding that, without specific allegations regarding the elements of alter ego theory in the complaint, the issue is not adequately raised); *No Cost Conference, Inc. v. Windstream Commc'n*, 940 F. Supp. 2d 1285, 1298 (S.D. Cal. 2013) (dismissing claims based upon alter ego theory where plaintiff failed to allege in its complaint that "fraud or injustice would result" if corporate structure were not disregarded).

**B.     The IPPs Did Not Assert An Alter Ego Theory of Liability In Their Complaint**

The IPPs failure to plead an alter ego theory of liability is fatal to any attempt to introduce evidence regarding such theory at trial.   *Neilson*, 290 F. Supp. 2d at 1116. Conclusory allegations of control such as those put forth by the IPPs in ¶ 62 of their FCAC regarding Samsung SDI are insufficient to allege "such unity of interest and ownership that the separate personalities of the corporation and its owner cease to exist" as required by the first element of the alter ego theory.   *See id.* ("the mere fact that it [the parent] owns the stock of the subsidiary will not suffice to prove that the two entities are alter egos of one another"); *Hokama*, 566 F. Supp. at 647.   Nowhere in FCAC do the IPPs allege that failure to disregard the corporation would result in fraud or injustice.   The IPPs, thus, have also failed to allege the second element of the alter ego theory.   *Neilson*, 290 F. Supp. 2d at 1116.   Because IPPs failed to plead an alter ego theory in their FCAC, the Toshiba Defendants did not receive adequate notice that this was a theory against which it should be prepared to defend.   *Wady*, 216 F. Supp. 2d at 1068.   Therefore, any attempt to introduce evidence related to an alter ego theory at trial should be precluded.

1    **IV.**      **CONCLUSION**

2         For these reasons, the Court should grant this motion and preclude the Indirect

3 Purchaser Plaintiffs from introducing evidence or otherwise pursuing any alter ego theory of

4 liability at trial.

5

6                              Respectfully submitted,

7 Dated:  February 13, 2015          **WHITE & CASE** LLP

8

9                      By: */s/ Lucius B. Lau*

10                          Christopher M. Curran (*pro hac vice*)
                         ccurran@whitecase.com

11                          Lucius B. Lau (*pro hac vice*)
                         alau@whitecase.com

12                          Dana E. Foster (*pro hac vice*)
                         defoster@whitecase.com

13                          701 Thirteenth Street, N.W.

14                          Washington, DC  20005

15                          tel.: (202) 626-3600
                         fax: (202) 639-9355

16

17                          *Counsel to Defendants Toshiba*
                         *Corporation, Toshiba America, Inc.,*

18                          *Toshiba America Information Systems, Inc.,*

19                          *Toshiba America Consumer Products, LLC,*
                         *and Toshiba America Electronic*

20                          *Components, Inc.*

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## CERTIFICATE OF SERVICE

2          On February 13, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS'

3   MOTION IN LIMINE TO PRECLUDE IPP ALTER EGO THEORIES OF LIABILITY AT

4   TRIAL" to be served via ECF on the other parties in this action.

5

6                                                          */s/ Lucius B. Lau*
                                                          Lucius B. Lau
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
ALTER EGO THEORIES OF LIABILITY AT TRIAL
Case No. 07-5944 SC
MDL No. 1917