Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-1173-SC (N.D. Cal.)<br><br>*Sharp Electronics Corporation; Sharp Electronics Manufacturing Company Of America, Inc.*,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>*Hitachi, Ltd., et al.*,<br><br>　　　　　　Defendants. | **THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:　August 7, 2015<br>Time:　10:00 a.m.<br>Judge:　Hon. Samuel Conti |

**TABLE OF CONTENTS**

<u>**Page**</u>

NOTICE OF MOTION AND MOTION ...................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .........................................................1

I.     STATEMENT OF THE ISSUE..................................................................................1

II.    ARGUMENT...............................................................................................................1

      A.     Evidence Related To Sharp's Purchases From Toshiba Should Be Excluded Because It Is Irrelevant, Contradicts The Law Of The Case, And Invites Jury Confusion .......................................................................1

III.   CONCLUSION............................................................................................................4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Case No. 07-5944 SC
MDL No. 1917

# TABLE OF AUTHORITIES

**Case**                                                                                                                  **Page(s)**

*United States v. Dean*,
    980 F.2d 1286 (9th Cir. 1992) ............................................................................................... 2


**Rules**

Fed R. Evid. 401 ............................................................................................................................. 2

Fed. R. Evid. 403 ............................................................................................................................ 2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 **NOTICE OF MOTION AND MOTION**

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3 PLEASE TAKE NOTICE that on August 7, 2015, at 10:00 a.m., or as soon as the
4 matter may be heard thereafter, in the United States District Court for the Northern District of
5 California, located at 450 Golden Gate Avenue, Courtroom 1, 17th Floor, San Francisco,
6 California before the Honorable Samuel Conti Defendants Toshiba Corporation, Toshiba
7 America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic
8 Components, Inc. (collectively, the "Toshiba Defendants") will and hereby do move the Court
9 for an order precluding the Plaintiffs from introducing evidence and argument related to the
10 Sharp Plaintiffs' (including any affiliate of the Sharp Plaintiffs) purchase of CRTs from the
11 Toshiba Defendants (including any affiliates of the Toshiba Defendants).

12 This motion is based upon this Notice of Motion, the accompanying Memorandum of
13 Points and Authorities in support thereof, the complete files and records in this section, oral
14 argument of counsel, and such other and further matters as this Court may consider.

15 **MEMORANDUM OF POINTS AND AUTHORITIES**

16 **I.    STATEMENT OF THE ISSUE**

17 Whether the Sharp Plaintiffs should be precluded from providing evidence or
18 argument at trial regarding Sharp's purchases of CRTs from Toshiba, as well as any evidence
19 or argument regarding Sharp's alleged damages resulting from those purchases given that:
20 (1) the Court has already determined that litigation related to such purchases must be
21 adjudicated in Japan; and (2) the Sharp Plaintiffs have withdrawn all of their claims against all
22 Defendants that are based upon their CRT purchases from Toshiba.

23 **II.   ARGUMENT**

24    **A.   Evidence Related To Sharp's Purchases From Toshiba Should Be
           Excluded Because It Is Irrelevant, Contradicts The Law Of The Case,**
25         **And Invites Jury Confusion**

26 In light of the Court's determination that Sharp's purchases from Toshiba must be
27 litigated in Japan, the Sharp Plaintiffs dropped not only their direct claims against Toshiba,
28 but also their joint-and-several liability claims against *all defendants* that are based upon

THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1 Sharp's purchases from Toshiba.  Accordingly, Sharp's purchases from Toshiba bear no relevance in this litigation and allowing evidence regarding those purchases, as well as any evidence or argument regarding Sharp's alleged damages from those purchases, would only serve to contradict the law of the case, confuse and distract the jury, and unfairly prejudice Toshiba and the other defendants.

Rule 402 of the Federal Rules provides that "[i]rrelevant evidence is not admissible." In order to be relevant, the evidence must "be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992); *see also* Fed R. Evid. 401.  Even if determined to be relevant, evidence may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court, in its March 13, 2014 Order Granting Toshiba's Motion to Dismiss, determined that the Sharp Plaintiffs' claims were subject to the forum-selection clause contained in the Basic Transaction Agreement ("BTA"), the contract governing transactions (including the sale of CRTs and LCDs) between Sharp Corporation and Toshiba Corporation. The Court held that the Sharp Plaintiffs' claims are governed by the BTA because "any relationship between the Sharp Plaintiffs and Toshiba took place 'as part of the larger contractual relationship' between the two parent companies." Dkt. 2435, at 6-7 (internal citations omitted).  Accordingly, in dismissing the Sharp Plaintiffs' complaint against Toshiba, the Court held that any "litigation related to purchase orders under the BTA was to be conducted in Japan." Order Granting Sharp's Motion for Leave to Amend, Dkt. 2612, at 2-3 (discussing the Court's order dismissing Sharp's complaint against Toshiba).

Moreover, the Sharp Plaintiffs, in their Second Amended Complaint ("SAC"), repeatedly state that they are not pursuing claims based upon Sharp's purchases from Toshiba. *See* Sharp SAC ¶¶ 62-68, 254, 264, and 273 ("Sharp seeks no damages from any defendant on commerce between Toshiba and Sharp or any Sharp affiliate.").  In doing so, the Sharp

1   Plaintiffs not only dropped their direct claims against Toshiba ("We fully understand that the
2   Court dismissed all damages claims on sales between any Toshiba company and any Sharp
3   Company"), but also their joint-and-several liability claims against "***any*** defendant based on
4   sales made by any Toshiba entity to any Sharp entity." Sharp's Motion for Leave to Amend,
5   Dkt. 2520, at 2 (emphasis added).

6      As a result of the Court's dismissal of Sharp's complaint against Toshiba, the law of
7   the case is clear: Sharp's purchases from Toshiba bear no relevance to this litigation.

8      Accordingly, evidence of Toshiba's sales to Sharp is irrelevant because there is no
9   active claim where proof of such transactions is probative to the determination of this action.
10  Allowing the introduction of such evidence at trial would only serve to contradict the law of
11  the case, confuse or mislead the jury as to the importance of Toshiba's sales to Sharp, and
12  prejudice the Toshiba Defendants and other defendants.

\*   \*   \*

### III. CONCLUSION

For these reasons, the Court should grant this motion and preclude Plaintiffs from offering evidence or argument regarding the Sharp Plaintiffs' purchase of CRTs from Toshiba, as well as any evidence or argument regarding Sharp's alleged damages resulting from those purchases.

Dated: February 13, 2015

Respectfully submitted,

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

**CERTIFICATE OF SERVICE**

On February 13, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION" to be served via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

                                                */s/ Lucius B. Lau*
                                                Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005