SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:     415-434-9100
Facsimile:     415-434-3947
E-mail:        ghalling@sheppardmullin.com
               jmcginnis@sheppardmullin.com
               mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:     213-620-1780
Facsimile:     213-620-1398
E-mail:        heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

*Additional Moving Defendants and Counsel Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | **DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES** |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 11-cv-05502; | **[DEFENDANTS' MIL NO. 7]** |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA.,* No. 13-cv-05261; | Date: None Set Time: None Set Place: Courtroom 1, 17th Floor Hon. Samuel Conti |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513; | |

1

2 *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

3

4 *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

5

6 *Sears, Roebuck & Co. and Kmart Corp. v. Technicolor SA.*, No. 3:13-cv-05262;

7 *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

8

9 *Target Corp. v. Technicolor SA*, Case No. 13-cv-05686;

10 *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-02510.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on a date and time to be determined by the United States District Court for the Northern District of California, San Francisco Division, before the Honorable Samuel Conti, Senior District Judge, the undersigned Defendants will and hereby do move this Court for an order excluding certain Direct Action Plaintiffs' inflation adjusted damages. This motion is made pursuant to Clayton Act § 4(a) on the grounds that inflation adjusted damages as sought by Plaintiffs are indistinguishable from prejudgment interest barred by the Clayton Act. 15 U.S.C. §15(a).

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of James L. McGinnis in support of the Motion *in Limine* ("McGinnis Decl.") and exhibits thereto, the complete files and records in these consolidated actions, and such arguments and authorities as may be presented at or before the hearing.

## STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiffs may introduce or otherwise refer at trial to evidence of inflation adjusted damages that are tantamount to unrecoverable prejudgment interest.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Certain DAPs[1] claim they are entitled to increase their damages figures by a collective total of $865 million to account for inflation, which they say compensates them for the passage of time. *See* McGinnis Decl. Ex. 1 (Expert Report of Alan S. Frankel (April 15, 2014)) at 18, 22-23; McGinnis Decl. Ex. 2 (Rebuttal Reports of Alan S. Frankel (Sept. 26, 2014)) at Exhibit 1 (compare damages "before inflation adjustment" and "after inflation adjustment"); McGinnis Decl. Ex. 3 (Deposition of Alan S. Frankel (July 10, 2014)) at 217:8-14.  The DAPs' expert, Dr. Alan S. Frankel, is the only expert in this multidistrict litigation to have made an inflation adjustment.  Dr. Frankel was previously retained by Plaintiffs to the separate LCD matter—he did not adjust damages for inflation in any of the LCD cases.  *See* McGinnis Decl. Ex. 3 (Deposition of Alan S. Frankel (July 10, 2014)) at 217:18-25.  Indeed, courts have rejected this opportunity cost argument as nothing more than a disguised attempt to seek prejudgment interest, which is barred  by the express terms of the Clayton Act.  This Court should reach the same conclusion, and exclude at trial any expert damages analysis that purports to account for inflation or opportunity costs.

The Clayton Act prohibits antitrust plaintiffs from recovering prejudgment interest except in cases where the defendants engaged in bad faith litigation tactics.  15 U.S.C. §15(a).  This rule exists because the mandatory treble damages available in civil antitrust cases are deemed more than sufficient to compensate an antitrust plaintiff for the full extent of its economic injuries.  *See Pacific Gas and Electric Co. v. Howard P. Foley Co., Inc.*, 1993 WL 299219, *2 (N.D. Cal. July 27, 1993) ("because damages are trebled, a plaintiff who prevails under either of these statutes is not permitted to recover prejudgment interest"); *Trans World Airlines v. Hughes*, 449 F.2d 51, 80 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973) ("treble damages will more than adequately compensate [Plaintiff] for its injuries" and "adequately serve[] the penal and remedial purposes of the antitrust laws.").

Plaintiffs do not dispute that they are barred from recovering prejudgment interest.  *See* McGinnis Decl. Ex. 3 (Deposition of Alan S. Frankel (July 10, 2014)) at 216:22-217:14.  Instead, they argue that opportunity cost damages are somehow distinguishable from prejudgment interest.

---

[1] The DAPs at issue are ABC Warehouse, Best Buy, Circuit City, CompuCom, Costco, Electrograph, Interbond, Kmart, MARTA, Office Depot, PC Richard, Sears, Target, Tech Data, Tweeter, and ViewSonic.  Only the Best Buy, Circuit City, Kmart, Sears, Target and ViewSonic actions are scheduled to proceed to trial in the Northern District of California.

They are wrong.  Courts routinely exclude civil antitrust plaintiffs from recovering opportunity cost damages, recognizing that prejudgment interest and opportunity cost are conceptually the same.  *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 42, 64-66 (E.D. Pa. 2007) (granting motion for summary judgment because "recoupment of opportunity cost damages is equivalent to recovery of prejudgment interest, which is not warranted in this case."); *Locklin v. Day-Glo Color Corp.*, 429 F.2d 873, 876 (7th Cir. 1970) (affirming trial court's refusal to account for "inflationary shrinkage"); *Auraria Student Housing at the Regency v. Campus Village Apartments*, 2014 WL 4651643, *4 (D. Colo. Sept. 18, 2014) ("The Court … finds that the experts' calculations of 'discount rates', 'opportunity cost', and 'present value of past economic harm' are in substance nothing other than calculations of prejudgment interest employing different nomenclature. Such interest may not be awarded in the instant case without a showing of bad faith, which has not been alleged here.").

The leading antitrust treatise recognizes that the Clayton Acts' "prohibition of pre-judgment interest as a matter of course provides an incentive to disguise prejudgment interest as something else."  Philip E. Areeda & Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and Their Application ¶392a, at 493-94 (2nd ed. 2003).  Echoing that concern, courts have ruled explicitly that a plaintiff "cannot circumvent the general rule [that antitrust plaintiffs may not recover prejudgment interest] by engaging in semantic subterfuge."  *Pacific Gas and Electric Co. v. Howard P. Foley Co., Inc.*, 1993 WL 299219, *2 (N.D. Cal. July 27, 1993), citing *Library of Congress v. Shaw*, 478 U.S. 310, 321-22 (1986) ("the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution").

In this case, Dr. Frankel tries to disguise his inflated damages under the cloak of economic theory.  But the Court should not be "misled by the fact that the plaintiff made an economic argument rather than a transparent claim for statutory or common law prejudgment interest."  Areeda & Hovenkamp ¶392a.  Dr. Frankel's adjustment of economic harm to present value through an interest calculation is simply unrecoverable prejudgment interest by a different name. *See In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 65-66 ("The difference between 'present value' damages and pre-judgment interest is one of terminology rather than substance"); Areeda & Hovenkamp ¶392a (opportunity cost damages "may seem fair" but are "nonetheless equivalent to an award of prejudgment interest").  No other expert or party in the MDL has attempted to seek recovery for so-called lost opportunity damages.  The remaining DAPs' attempt to inflate their damages claims to reflect lost opportunity costs is barred by the Clayton Act and should be

1    excluded at trial.

2    Dated:  February 13, 2015                    Respectfully submitted,

3                                                 By:    _/s/  James L. McGinnis_____

4                                                 SHEPPARD MULLIN RICHTER & HAMPTON
5                                                 LLP
     Gary L. Halling, Esq.
6    James L. McGinnis, Esq.
     Michael W. Scarborough, Esq.
7    Four Embarcadero Center, 17th Floor
     San Francisco, California  94111-4106
8    Telephone:  415-434-9100
     Facsimile:  415-434-3947
9    ghalling@sheppardmullin.com
10   jmcginnis@sheppardmullin.com
     mscarborough@sheppardmullin.com
11

12                                                Counsel for Defendants Samsung SDI Co., Ltd.,
13                                                Samsung SDI America, Inc., Samsung SDI
                                                  (Malaysia) SDN. BHD., Samsung SDI Mexico S.A.
14                                                de C.V., Samsung SDI Brasil Ltda., Shenzen
                                                  Samsung SDI Co., Ltd., and Tianjin Samsung SDI
15                                                Co., Ltd.

16

17                                                KIRKLAND & ELLIS LLP
                                                  By:    _/s/ Eliot A. Adelson_____
18                                                Eliot A. Adelson
                                                  James Maxwell Cooper
19                                                **KIRKLAND & ELLIS LLP**
20                                                555 California Street, 27th Floor
                                                  San Francisco, CA  94104
21                                                Telephone: (415) 439-1400
                                                  Facsimile: (415) 439-1500
22                                                Email: eadelson@kirkland.com
                                                  Email: max.cooper@kirkland.com
23

24                                                James H. Mutchnik, P.C. (*pro hac vice*)
                                                  Barack Echols (*pro hac vice*)
25                                                KIRKLAND & ELLIS LLP
                                                  300 North LaSalle
26                                                Chicago, Illinois 60654
                                                  Tel: (312) 862-2000
27                                                Facsimile: (312) 862-2200
                                                  Email: jmutchnik@kirkland.com
28                                                Email: bechols@kirkland.com

                                                  -4-

1

2

*Attorneys for Defendants Hitachi, Ltd., Hitachi
Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi
America, Ltd., Hitachi Asia, Ltd., and Hitachi
Electronic Devices (USA), Inc.*

3

4

5

6

**MUNGER, TOLLES & OLSON LLP**

7

By: */s/ Miriam Kim_____
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

8

9

10

11

12

13

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

14

15

16

17

18

19

20

21

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

22

23

24

25

26

*Attorneys for Defendant LG Electronics, Inc.*

27

WINSTON & STRAWN LLP

28

By: /s/ Jeffrey L. Kessler

JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

WEIL, GOTSHAL & MANGES LLP

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

**WHITE & CASE**LLP

By: /s/ Lucius B. Lau

CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.

-6-

Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

BAKER BOTTS LLP

By: */s/ John M. Taladay*

JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com
*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*

JOEL S. SANDERS (SBN 107234)

-7-

jsanders@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com
AUSTIN V. SCHWING (SBN 211696)
aschwing@gig@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, California 94105
Tel: (415) 393-8200
Fax: (415) 393-8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendant Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

**JENNER & BLOCK LLP**

By: /s/ *Gabriel A. Fuentes*

JENNER & BLOCK LLP

Charles B. Sklarsky (*pro hac vice*)

Terrence J. Truax (*pro hac vice*)

Michael T. Brody (*pro hac vice*)

Gabriel A. Fuentes (*pro hac vice*)

353 North Clark Street

Chicago, Illinois 60654-3456

Telephone: (312) 222-9350

Facsimile: (312) 527-0484

csklarsky@jenner.com

ttruax@jenner.com

SMRH:436351326.2                    DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE INFLATION DAMAGES

1   mbrody@jenner.com

2   gfuentes@jenner.com

3   Brent Caslin (Cal. Bar. No. 198682)

4   JENNER & BLOCK LLP

5   633 West Fifth Street, Suite 3600

6   Los Angeles, California 90071

    Telephone: (213) 239-5100

7   Facsimile: (213) 239-5199

8   bcaslin@jenner.com

9   *Attorneys for Defendants Mitsubishi Electric*

10  *Corporation, Mitsubishi Electric US, Inc. and,*
    *Mitsubishi Electric Visual Solutions America, Inc.*

11

12  FAEGRE BAKER DANIELS LLP

13  By:    */s/ Kathy L. Osborn*

14  Kathy L. Osborn (*pro hac vice*)
    Ryan M. Hurley (*pro hac vice*)

15  Faegre Baker Daniels LLP
    300 N. Meridian Street, Suite 2700

16  Indianapolis, IN  46204
    Telephone: +1-317-237-0300

17  Facsimile: +1-317-237-1000
    kathy.osborn@FaegreBD.com

18  ryan.hurley@FaegreBD.com

19
    Jeffrey S. Roberts (*pro hac vice*)

20  Email: jeff.roberts@FaegreBD.com
    Faegre Baker Daniels LLP

21  3200 Wells Fargo Center
    1700 Lincoln Street

22  Denver, CO 80203
    Telephone: (303) 607-3500

23  Facsimile: (303) 607-3600

24
    Stephen M. Judge (*pro hac vice*)

25  Email: steve.judge@FaegreBd.com

26  Faegre Baker Daniels LLP
    202 S. Michigan Street, Suite 1400

27  South Bend, IN 46601
    Telephone: (574) 234-4149

28  Facsimile: (574) 239-1900

-9-

1

2 *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

3

4 SQUIRE PATTON BOGGS (US) LLP

5 By: */s/ Nathan Lane, III*

6 Nathan Lane, III (CA Bar No. 50961)
7 Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
8 275 Battery Street, Suite 2600
San Francisco, California 94111
9 Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
10 E-mail:  nathan.lane@squiresanders.com
E-mail:  mark.dosker@squiresanders.com
11

12 Donald A. Wall (Pro Hac Vice)
**SQUIRE PATTON BOGGS (US) LLP**
13 1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
14 Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
15 Email: donald.wall@squirepb.com

16 *Attorneys for Defendant Technologies Displays*
17 *Americas LLC with respect to all cases except*
*Office Depot, Inc. v. Technicolor SA, et al. and*
18 *Sears, Roebuck and Co., et al. v. Technicolor SA, et*
*al.*
19

20

21 CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

22 By: /s/   *Jeffrey I. Zuckerman*

23 Jeffrey I. Zuckerman (Pro Hac Vice)
24 Ellen Tobin (Pro Hac Vice)
101 Park Avenue
25 New York, New York 10178
Telephone: 212.696.6000
26 Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
27 etobin@curtis.com

28

-10-

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

-11-