Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

Case No. 07-5944 SC
MDL No. 1917

This Document Relates to:

*The Indirect Purchaser Action*

*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;

*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

**DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY**

**ORAL ARGUMENT REQUESTED**

Date: August 7, 2015
Time: 10:00 a.m.
Before: Hon. Samuel Conti

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*Sears, Roebuck and Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;

*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs., N.V., et al.*, No. 13-cv-2776;

*ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14cv-02510.

DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ... 1

MEMORANDUM OF POINTS AND AUTHORITIES ... 1

I. STATEMENT OF THE ISSUES ... 1

II. INTRODUCTION ... 1

III. ARGUMENT ... 3

A. Common Witnesses On Both Sides' Witness Lists Should Be Required To Appear Only Once During The Trial ... 3

1. Rule 611 Gives The Court Wide Latitude To Control The Order Of Witnesses And Courts Allow Full Examination Of Common Witnesses During Plaintiffs' Case-in-Chief ... 3

2. Defendants Should Be Allowed To Conduct A Complete Examination Of Common Witnesses During Plaintiffs' Case-in-Chief For The Convenience Of The Witnesses And To Promote Judicial Efficiency And Jury Comprehension ... 3

B. For Witnesses Appearing Live, The Court Should Limit The Playing Of Deposition Testimony To Impeach While The Witness Is On The Stand Testifying ... 4

IV. CONCLUSION ... 6

DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Obrey v. England*, 215 Fed. Appx. 621, 2006 WL 3825350 (9th Cir. Dec. 26, 2006) ..... 4

*In Re: TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-md-01827 (N.D. Cal. May 4, 2012) ..... 2

*In Re: TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-cv-01827-SI (N.D. Cal. July 11, 2013) ..... 2

*Lis v. Robert Packer Hosp.*, 579 F.2d 819 (3d Cir. 1978) ..... 3

*United States v. Yida*, 498 F.3d 945 (9th Cir. 2007) ..... 4

*Young & Assocs. Public Relations, LLC v. Delta Airlines, Inc.*, 216 F.R.D. 521 (D. Utah 2003) ..... 4-5

**Rules**

Fed. R. Civ. P. 32 ..... 4

Fed. R. Evid. 611 ..... 2, 3

Fed. R. Evid. 804 ..... 4

**Other Authorities**

Kenneth S. Broun, et al., *McCormick on Evidence* (6th ed. 2006) ..... 4

Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* (3d ed. 2011) ..... 3

Charles A. Wright, Victor J. Gold & Michael H. Graham, *Federal Practice and Procedure* Evidence (1st ed. 2011) ..... 3

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 10:00 a.m. on August 7, 2015 or soon thereafter as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned defendants ("Defendants") will and hereby do move the Court, under Rules 611 and 804 of the Federal Rules of Evidence, for an order allowing the full defense examination of common witnesses during the Plaintiffs' case-in-chief and to limit the use of deposition testimony for impeachment purposes.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF THE ISSUES

1. Whether any common witnesses called to testify live during the Plaintiffs' case-in-chief should be fully examined by both parties at that time.

2. Whether the deposition testimony of witnesses testifying live should be used only for impeachment purposes during trial.

## II. INTRODUCTION

The Plaintiffs have indicated in a pre-trial meet and confer that they intend to call certain employees of the Defendants to testify at trial during the Plaintiffs' case-in-chief. The Defendants intend to call some of these same witnesses. Because the witness lists overlap in this way (and to the extent that live witnesses are available), Defendants would be willing to make their employees available as live witnesses in the Plaintiffs' case-in-chief, but ask that the Court allow full examination of the witnesses, by both sides, at that time. The alternative of piecemeal appearances over the course of several weeks would be unduly burdensome for the witnesses (many of whom will be traveling from overseas), wasteful of the Court's resources, and unnecessarily confusing for the jury.

DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

The same is true for Plaintiffs' witnesses who appear on both the Plaintiffs' and the Defendants' witness lists. For the convenience of these witnesses, the Defendants believe that both sides should proceed with a full examination of these witnesses once, so that the witnesses do not have to appear multiple times and the jury does not have to assimilate piecemeal testimony of a single witness.

Allowing both sides to complete their examinations of the common witnesses during the Plaintiffs' case is permitted under Rule 611 of the Federal Rules of Evidence, which gives the Court wide latitude to control the sequence of witnesses for the efficient presentation of the evidence. Presumably recognizing the efficiencies gained by having common witnesses appear only once during the trial, Judge Illston granted a substantially similar motion *in limine* during the Direct Purchaser Plaintiff ("DPP") trial allowing the Toshiba Defendants to fully examine defense witnesses called during DPPs' case-in-chief. Final Pretrial Scheduling Order at 6, *In Re: TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-md-01827 (N.D. Cal. May 4, 2012), Dkt. 5597. Additionally, in another LCD trial with Best Buy, the parties stipulated to this approach and implemented it smoothly during trial. Final Pretrial Scheduling Order- Phase 1 DAP Trial at 7, *In Re: TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-cv-01827-SI (N.D. Cal. July 11, 2013), Dkt. 8298.

The Indirect Purchaser Plaintiffs also indicated during a pre-trial meet and confer that they intend to use deposition testimony in their case-in-chief even if the witness will be appearing live in the Defendants' case-in-chief. Such use of deposition testimony for a live witness would undermine the strong preference for live testimony, break up the proceedings, and cause delays. The Court should also enter an order limiting the use of deposition testimony from witnesses that are scheduled to appear live at trial. If a witness testifies live, his or her deposition testimony should be used only for impeachment while that witness is on the stand testifying.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## III. ARGUMENT

### A. Common Witnesses On Both Sides' Witness Lists Should Be Required To Appear Only Once During The Trial

#### 1. Rule 611 Gives The Court Wide Latitude To Control The Order Of Witnesses And Courts Allow Full Examination Of Common Witnesses During Plaintiffs' Case-in-Chief

Rule 611 of the Federal Rules of Evidence provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." The advisory committee's notes to Rule 611 confirm that a court's control extends to "the order of calling witnesses and presenting evidence." In exercising its discretion under Rule 611, a court has the authority to allow witnesses to be called out of turn and provide testimony during the plaintiff's case-in-chief. *See Lis v. Robert Packer Hosp.*, 579 F.2d 819, 823 (3d Cir. 1978) ("If convinced that practical reasons justify calling a witness out of turn and that the testimony will not produce undue confusion in the minds of the jurors, experienced trial courts will permit the practice. If it is the product of an informed discretion, the decision will not be disturbed.").

#### 2. Defendants Should Be Allowed To Conduct A Complete Examination Of Common Witnesses During Plaintiffs' Case-in-Chief For The Convenience Of The Witnesses And To Promote Judicial Efficiency And Jury Comprehension

For the convenience of witnesses and in the interests of efficiency and jury comprehension, the Court should permit the Defendants to conduct a complete examination of common witnesses during the Plaintiffs' case-in-chief. *See* 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:61 (3d ed. 2011) ("Perhaps most often courts control the order of proof and depart from ordinary sequences in efforts to accommodate witnesses or see to it that the stories of the various litigants are presented in an understandable way."). It is needlessly burdensome to have witnesses testify during the Plaintiffs' case and then require them to wait to be recalled during the Defendants' case. This disruption will be detrimental to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

each party's business interests and to the witnesses' lives. Providing for successive examinations of common witnesses scheduled to be called during both the Plaintiffs' and the Defendants' cases will help lessen the burden on the witnesses.

The relief sought here will also promote judicial efficiency. *See* 28 Charles A. Wright, Victor J. Gold & Michael H. Graham, *Federal Practice and Procedure* Evidence § 6164 (1st ed. 2011) ("The courts frequently have exercised their discretion under Rule 611(a) to permit deviations from th[e] conventional order of proof where deviation can save time . . ."). Courts in this circuit have recognized the efficiencies gained by having common witnesses appear only once during the course of a single trial. *See, e.g.*, Order, *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 (N.D. Cal. Dec. 16, 2010) ("Absent unusual circumstances, each witness should be called to testify only once in the conspiracy phase of the first trial. The parties are to devise a plan for presenting witnesses in an order that is efficient and assists the jury in understanding the facts of the case."). Making witnesses appear twice requires repetition of background information and foundational testimony and makes it harder for the jury to follow. Having the witness appear only once will help aid the jury comprehend and integrate the relevant witnesses' testimony.

**B. For Witnesses Appearing Live, The Court Should Limit The Playing Of Deposition Testimony To Impeach While The Witness Is On The Stand Testifying**

The Ninth Circuit has a "preference for live testimony" over testimony taken earlier in a case. *See U.S. v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007) (recounting longstanding preference for live testimony before the jury); *see also Obrey v. England*, 215 Fed. App'x 621, 2006 WL 3825350, at *1 (9th Cir. Dec. 26, 2006) (expressing the Ninth Circuit's "strong preference for oral testimony in open court"). That preference is in accord with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, both of which permit the substitution of deposition testimony for live testimony in only limited situations. Rule 32(a)(4) of the Federal Rules of Civil Procedure, which stresses "the importance of live testimony in open court" and governs the use of deposition testimony during trial generally, provides that the court should first determine that the witness is unavailable. A witness who is

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

produced to testify live during trial is not "unavailable." And even for witnesses whose deposition testimony the court may allow to be played notwithstanding that the witnesses are available, the usual rules of the court's having discretion to avoid cumulative testimony and otherwise control the flow of the trial continue to apply.

Rule 804 of the Federal Rules of Evidence also permits the use of deposition testimony when a witness is unavailable to testify live at trial. Like Rule 32(a)(4), Rule 804 requires a party seeking to use a deposition transcript to show "an inability to procure declarant's attendance (a) by process or (b) by other reasonable means." Kenneth S. Broun, et al., *McCormick on Evidence* (6th ed. 2006) § 253. This standard is clearly not satisfied where the witness is to be made available to testify live. *See, e.g.*, *Young & Assocs. Public Relations, LLC v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 524 (D. Utah 2003) (prohibiting use of videotaped deposition of defendant's employees where defendant agreed to make deponents available live at trial). Allowing use of recorded deposition testimony in lieu of live testimony for witnesses who are appearing live would subvert the preference for live testimony and all of the reasoning underlying that preference. Accordingly, the Court should limit the use of deposition testimony for available witnesses scheduled to appear at trial and permit such use only for impeachment while the witness is on the stand.

* * *

**IV. CONCLUSION**

For these reasons, the Court should grant this motion and allow the Defendants to conduct a full examination of any common witnesses called to testify in the Plaintiffs' case-in-chief, immediately following the conclusion of the Plaintiffs' examination of that witness. The Court should also limit the use of deposition testimony to impeachment purposes when witnesses are testifying on the stand.

Respectfully submitted,

Dated: February 13, 2015

WHITE & CASE LLP

By: */s/ Lucius B. Lau*

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

(With respect to the IPP, Best Buy, Sears, and Sharp actions only)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917
6

By: */s/ Rachel S. Brass*
Rachel S. Brass
**GIBSON, DUNN & CRUTCHER LLP**
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: /s/ Leo D. Caseria

GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

LEO D. CASERIA (SBN 240323)
lcaseria@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**KIRKLAND & ELLIS LLP**

By: */s/ Eliot A. Adelson*

Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.*

**MUNGER, TOLLES & OLSON LLP**

By: */s/ Miriam Kim*

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

**WINSTON & STRAWN LLP**

By: */s/ Jeffrey L. Kessler*

JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

**WEIL, GOTSHAL & MANGES LLP**
STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**BAKER BOTTS LLP**

By: */s/ John M. Taladay*
    JOHN M. TALADAY (*pro hac vice*)
    john.taladay@bakerbotts.com
    JOSEPH OSTOYICH (*pro hac vice*)
    joseph.ostoyich@bakerbotts.com
    ERIK T. KOONS (*pro hac vice*)
    erik.koons@bakerbotts.com
    CHARLES M. MALAISE (*pro hac vice*)
    charles.malaise@bakerbotts.com
    BAKER BOTTS LLP
    1299 Pennsylvania Ave., N.W.
    Washington, DC 20004-2400
    Telephone: (202) 639-7700
    Facsimile: (202) 639-7890

    JON V. SWENSON (SBN 233054)
    jon.swenson@bakerbotts.com
    BAKER BOTTS LLP
    1001 Page Mill Road
    Building One, Suite 200
    Palo Alto, CA 94304
    Telephone: (650) 739-7500
    Facsimile: (650) 739-7699
    E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

**JENNER & BLOCK LLP**

By: /s/ *Gabriel A. Fuentes*

    JENNER & BLOCK LLP
    Charles B. Sklarsky (*pro hac vice*)
    Terrence J. Truax (*pro hac vice*)
    Michael T. Brody (*pro hac vice*)
    Gabriel A. Fuentes (*pro hac vice*)
    353 North Clark Street

Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

**FAEGRE BAKER DANIELS LLP**

By: */s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917
13

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**SQUIRE PATTON BOGGS (US) LLP**

By: */s/ Nathan Lane, III*
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
E-mail: nathan.lane@squiresanders.com
E-mail: mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917
14

By: /s/ Jeffrey I. Zuckerman
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On February 13, 2015, I caused a copy of "DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY" to be served via ECF on the other parties in this action.

*/s/ Lucius B. Lau*
Lucius B. Lau