ROBINS KAPLAN LLP
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
Jill S. Casselman, Bar No. 266085
JSCasselman@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY
PURCHASING LLC; BEST BUY
ENTERPRISE SERVICES, INC.; BEST BUY
STORES, L.P.; and BESTBUY.COM, L.L.C.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No.: 3:07-cv-05944-SC<br>MDL No. 1917<br><br>[Honorable Samuel Conti]<br><br>**DECLARATION OF JILL S. CASSELMAN IN SUPPORT OF PLAINTIFFS ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |
| This document relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264-SC<br><br>*Target Corp. v. Chunghwa Pictures Tubes, Ltd., et al.,* No. 3:07-cv-05514-SC<br><br>*Target Corp. v. Technicolor SA, et al.,* Case No. 3:11-cv-05514-SC<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 11-cv-05502-SC<br><br>*Sears, Roebuck and Co., et. al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-5514 | |

60945520.1

*Sharp Electronics Corporation, et al. v. Hitachi, Ltd., et al., No. 13-cv-01173-SC*

*Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al., No. 13-cv-2776 SC*

*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al., No. 14-cv-02510*

1. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts recited in this declaration and, if called upon to do so, I would competently testify under oath thereto.

2. I am an attorney at the law firm of Robins Kaplan LLP, counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing L.L.C., Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and BestBuy.com, L.L.C. (collectively "Best Buy") in the above-captioned action. I submit this declaration pursuant to L.R. 79-5 in support of Plaintiffs'[1] Administrative Motion to File Documents Under Seal. The statements made herein are based on my personal knowledge.

3. Through this Motion, Plaintiffs seek permission to file under seal the entirety of Exhibits A, E, and I ("Designated Exhibits") to the Declaration of Jill S. Casselman filed in support of Plaintiffs' Motions *in Limine*.

4. The Designated Exhibits contain excerpts from and/or statements derived from documents and testimony which have been designated "confidential" or "highly confidential" pursuant to the Stipulated Protective Order governing the *CRT Antitrust MDL*, which was entered by Judge Samuel Conti on June 18, 2008 (Dkt 306). The confidential/highly confidential designations were made by certain defendants in the *CRT Antitrust MDL*. To qualify as confidential or highly confidential under the Stipulated Protective Order, the information must contain trade secrets or other confidential research, development or commercial information or

---

[1] For purposes to this Declaration, "Plaintiffs" refers to Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P. and Bestbuy.com, L.L.C., Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust, Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc., Sears, Roebuck and Co., and Kmart Corporation, Target Corp., and ViewSonic Corp.

60945520.1                          - 2 -

1  private or competitively sensitive information. (¶1).

2  5. The Stipulated Protective Order requires that a party may not file any confidential
3  material in the public record (¶10). The Stipulated Protective Order further provides that any
4  party seeking to file any confidential material under seal must comply with Civil Local Rule 79-5
5  (¶¶1, 10.).

6  6. The Designated Exhibits contain such confidential material and, pursuant to Local
7  Rule 79-5(e), Plaintiffs seek to submit the above material under seal in good faith in order to
8  comply with the Protective Order in the *CRT Antitrust MDL* and the applicable Local Rules.
9  Specifically:

10  7. Exhibit A to the Casselman Declaration is a true and correct copy of excerpts from
11  the deposition of Brian Stone taken on December 2, 2012, and designated as "Highly
12  Confidential."

13  8. Exhibit E to the Casselman Declaration is a true and correct copy of excerpts from
14  the deposition of James Smith taken on July 11, 2014, and designated as "Highly Confidential."

15  9. Exhibit I to the Casselman Declaration is a true and correct copy of Defendants'
16  June 2, 2014 Opposition to Best Buy's Motion for a Protective Order and Cross-Motion to
17  Compel Interrogatory Responses, designated as "Highly Confidential," and which contains and/or
18  reflect information that has been designated as "Confidential" or "Highly Confidential" pursuant
19  to the Stipulated Protective Order.

20  I declare under penalty of perjury under the laws of the United States and the State of
21  California that the foregoing is true and correct.

22  Executed on this 13th day of February 2015, at Los Angeles, California.

24                                  /s/ Jill S. Casselman
                                    Jill S. Casselman