# EXHIBIT "F"

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Elliot S. Kaplan, Bar No. 53624 (*pro hac vice*)
ESKaplan@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:    612-349-8500
Facsimile:    612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM,
L.L.C.; and MAGNOLIA HI-FI, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| | THE HONORABLE SAMUEL CONTI |
| This Document Relates To: | |
| ALL ACTIONS. | **BEST BUY'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FRCP RULE 30(B)(6) DEPOSITION NOTICE** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, in response to Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd) Notice of FRCP Rule 30(b)(6) Deposition served on April 18, 2014 ("Notice"), Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, LLC, and Magnolia Hi-Fi, LLC. (collectively "Best Buy") hereby set forth their responses and objections, as follows:

## GENERAL OBJECTIONS

Best Buy asserts and incorporates by reference the following General Objections to each deposition topic. Reference to these General Objections in any specific topic shall not waive or otherwise limit the applicability of these General Objections to each and every topic.

1. Best Buy construes the Notice as served on behalf of all defendants named in the Complaint ("Defendants") and responds and objects accordingly.

2. Best Buy objects to Defendants' "Definitions" to the extent that they impose burdens and obligations on Best Buy greater than or different from those authorized under the Federal Rules of Civil Procedure and the Local Rules of this Court, and to the extent they purport to give meanings to words different from their ordinary English meaning or definitions set forth in the applicable statutes or rules.

3. Best Buy objects to each topic to the extent that it calls for testimony or information protected by the attorney-client privilege or that may be protected by any other privilege, such as a joint defense or common interest privilege. Such testimony will not be given. Where the applicability of this General Objection is readily apparent on its face from the text of the topic, Best Buy may also make a specific objection (hereinafter, an objection on the ground of "Privilege") pursuant to this paragraph, although the failure to make such a specific objection shall not be deemed to be a waiver of the General Objection.

4. Best Buy objects to each topic to the extent that it seeks testimony that pertains to work product information or documents prepared by Best Buy or its representatives or in furtherance of any joint defense or common interest in anticipation of litigation or for trial.

Testimony pertaining to such information or documents will not be given. Where the applicability of this General Objection is readily apparent on its face from the text of the topic, Best Buy may also make a specific objection (hereinafter, an objection on the ground of "Work Product") pursuant to this paragraph, although the failure to make such a specific objection shall not be deemed to be a waiver of the General Objection.

5.     Best Buy objects to each topic to the extent that it seeks testimony or information not relevant to the claim or defense of any party to this litigation, or that it is not reasonably calculated to lead to the discovery of admissible evidence. Where the applicability of this General Objection is readily apparent on its face from the text of the topic, Best Buy may also make a specific objection (hereinafter, an objection on the ground of "Relevance" and/or "Overbreadth") pursuant to this paragraph, although the failure to make such a specific objection shall not be deemed to be a waiver of the General Objection.

6.     Best Buy objects to each topic to the extent that it seeks testimony or information that is vexatious or unduly burdensome to obtain. Where the applicability of this General Objection is readily apparent on its face from the text of the topic, Best Buy may also make a specific objection (hereinafter, an objection on the ground of "Undue Burden") pursuant to this paragraph, although the failure to make such a specific objection shall not be deemed to be a waiver of the General Objection.

7.     Best Buy objects to each topic to the extent that it is ambiguous, vague, and incomprehensible and/or fails to set forth with reasonable particularity the testimony or information requested. Best Buy also objects to each topic as ambiguous, vague, and/or incomprehensible to the extent that it fails to describe with reasonable particularity the matters for examination as required by Fed. R. Civ. P. 30(b)(6). Where the applicability of this General Objection is readily apparent on its face from the text of the topic, Best Buy may also make a specific objection (hereinafter, an objection on the ground of "Vagueness") pursuant to this paragraph, although the failure to make such a specific objection shall not be deemed to be a waiver of the General Objection.

8.     Best Buy objects to each topic to the extent that it is overbroad and/or repetitious,

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

and to the extent that it seeks duplicative and/or cumulative testimony or information. Where the applicability of this General Objection is readily apparent on its face from the text of the topic, Best Buy may also make a specific objection (hereinafter, an objection on the ground of "Overbreadth") pursuant to this paragraph, although the failure to make such a specific objection shall not be deemed to be a waiver of the General Objection.

9. Best Buy objects to each topic to the extent that it seeks testimony or information that is private, confidential, trade secret, or proprietary information of itself or third parties. Best Buy agrees to provide such testimony or information, subject to the other objections stated herein, with the consent of or after an agreement has been made with interested third parties, or if such consent or agreement cannot be obtained, after the entry of an order from the Court directing Best Buy to release such information. Where the applicability of this General Objection is readily apparent on its face from the text of the topic, Best Buy may also make a specific objection (hereinafter, an objection on the ground of "Proprietary Information") pursuant to this paragraph, although the failure to make such a specific objection shall not be deemed to be a waiver of the General Objection.

10. Best Buy objects to each topic to the extent that it seeks information that is already in the possession, custody, or control of Defendants and/or their counsel, or to the extent that it seeks information that is available to Defendants from other sources with equivalent ease and expense.

11. Best Buy further objects to the extent that the topics call for information that Best Buy does not track or keep in the ordinary course of business, or that is not in Best Buy's possession, custody, or control.

12. Best Buy objects to the extent that any topic prematurely seeks expert testimony and/or contention discovery.

13. The fact that Best Buy has objected to or has agreed to provide a witness for a particular topic shall not be interpreted as implying either that supporting documents exist, that Best Buy is aware of any supporting documents or information, or that Best Buy acknowledges the propriety of that topic. Best Buy's objections or testimony shall not be construed as an

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

admission of the relevance or admissibility of any testimony, or as a waiver of any applicable privilege.

14.     Any statement during any deposition that Best Buy may produce documents from which the response to a topic may be ascertained does not constitute a representation that Best Buy possesses any such documents or that such documents exist at all, and is not to be construed as an admission with respect to any issue in this action.

15.     The inadvertent or mistaken disclosure of information subject to the protection of the attorney-client privilege, work-product doctrine or other privilege shall not be deemed to constitute a waiver of such privilege or protection. In the event such inadvertent or mistaken disclosure of information occurs during the deposition, all such inadvertently and/or mistakenly provided testimony or information shall promptly be stricken from the record.

16.     If any objection below is mistakenly construed as a response, it is subject to all objections as to competence, relevance, materiality, admissibility, or any and all other objections that would require the exclusion of any statement contained herein, including if such statement were made by a witness during deposition or present and testifying in court. All such objections and grounds are reserved and may be interposed in any motion, at any hearing, at any deposition, or at the time of trial.

17.     Best Buy reserves the right to designate the appropriate witness for each topic and further reserves the right to change the designation of witnesses and/or topics to which they will provide testimony. Best Buy further reserves the right to amend and/or supplement its General and Specific Objections.

18.     Best Buy objects to the extent that the topics seek testimony regarding CRTs as Best Buy is not making a claim for purchases of CRTs that are not incorporated into CRT Products, and therefore interprets the topics as applying to CRT Products.

19.     The General and Specific Objections found herein in no way limit the ability of Best Buy's counsel to state objections on the record during the actual taking of the deposition.

1

# SPECIFIC OBJECTIONS

2
**Topic No. 1**

3      Your overall corporate structure, including, the identification of departments within Best

4   Buy responsible for the purchase, sale, pricing, marketing or distribution of CRTs and/or CRT

5   Finished Products and their functions and the identification of any individuals that had managerial

6   responsibility for the purchase, sale, pricing, marketing or distribution of CRTs and/or CRT

7   Finished Products..

8   **Objection**

9      Best Buy objects on grounds of Undue Burden, Overbreadth and Relevance. Best Buy

10   specifically objects to this topic on the grounds of Overbreadth to the extent this topic is

11   duplicative of Defendants' First Set of Interrogatories. Subject to and without waiving these

12   objections, Best Buy will produce a witness to testify at a general level regarding this topic.

13   **Topic No. 2**

14
        The location of Best Buy's purchasing operations for CRT or CRT Finished Products,
15
    including the location of price negotiations.
16
    **Objection**
17
        Best Buy objects to this topic on the grounds of Overbreadth and Undue Burden. Subject
18
    to and without waiving these objections, Best Buy will produce a witness to testify at a general
19
    level regarding this topic.
20
    **Topic No. 3**
21

22      The identity and general description of the CRTs and/or CRT Finished Products Best Buy

23   purchased, sold, marketed or distributed.

24   **Objection**

25      Best Buy objects to this topic on the grounds of Overbreadth and Undue Burden. Subject

26   to and without waiving these objections, Best Buy will produce a witness to testify at a general

27   level regarding this topic.

28

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC, 07-CV-05944 SC

**Topic No. 4**

The identity of the Defendants from whom you purchased CRTs and/or CRT Finished Products, and the general and relative volume of CRTs and/or CRT Finished Products You purchased from them, including any changes over the Relevant Period.

**Objection**

Best Buy objects on grounds of Undue Burden and Overbreadth, as this information is reflected in Best Buy's transactional data already produced in these proceedings. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 5**

The identity of any non-Defendant manufacturers, producers or distributors from whom you purchased CRTs and/or CRT Finished Products, and the general and relative volume of CRTs and/or CRT Finished Products You purchased from them, including any changes over the Relevant Period.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 6**

Best Buy's purchase or acquisition of CRTs or CRT Finished Products, including: (a) whether Best Buy made any purchases for internal use; (b) whether Best Buy purchased any refurbished products; (c) whether and when Best Buy took physical possession of the purchased CRTs or CRT Finished Products; and (d) whether and when transfer of title to Best Buy occurred.

**Objection**

Best Buy objects on grounds of Undue Burden and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 7**

The factors Best Buy considered in determining (a) from which Defendant(s) and/or non-Defendant(s) to purchase CRTs and/or CRT Finished Products, and (b) which CRTs and/or CRT Finished Products to purchase from particular Defendants and non-Defendants.

**Objection**

Best Buy objects on grounds of Undue Burden and Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 8**

The process by which You negotiated, entered into, approved or ratified purchase agreements or contracts for CRT Finished Products, including: (a) Your policies and practices regarding the negotiation of terms and conditions of such sales contracts; (b) use of standardized sales or purchase contracts; (c) use of "MFN" (Most Favored Nation) or "MFC" (Most Favored Company) clauses or similar price-protection clauses; and (d) the identity and location of documents that relate to the matters specified in this topic.

**Objection**

Best Buy objects on grounds of Undue Burden and Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 9**

Your participation in any discounts, promotions, rebates or advertising cooperative programs provided or sponsored by any Defendant or non-Defendant from whom You purchased CRT Finished Products.

**Objection**

Best Buy objects on grounds of Relevance, Undue Burden and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 10**

Best Buy's sales of CRTs or CRT Finished Products, including any sales by any person or entity purchasing or incorporating such CRTs or CRT Finished Products into other CRT Finished Products on Best Buy's behalf.

**Objection**

Best Buy objects on grounds of Vagueness, Undue Burden and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 11**

Your policies and practices for setting the price at which You sold CRT Finished Products to Your customers, including consideration or use of the following:

(a) commission costs;

(b) average costs;

(c) why pay prices;

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

(d) meet-comping;

(e) alternative distribution channels;

(f) the percentage of price attributable to CRTs contained in CRT Finished Products sold;

(g) any increase of price that Best Buy quoted or charged to any customer that was

attributable to Best Buy's alleged overpayment of CRTs;

(h) below-cost pricing;

(i) bundled product or services pricing;

(j) most favored nation pricing;

(k) sale pricing;

(l) market development funds or demo budgets;

(m) advertising funds;

(n) non-price consideration;

(o) loss-leader pricing;

(p) early-pay discounts;

(q) "min sell prices";

(r) "closest thing to wholesale" prices;

(s) builder prices;

(t) spiffs or spivs; and

1   (u) if and how these policies, procedures, practices, methods, formulas, or factors vary by

2   purchaser.

3   **Objection**

4   Best Buy objects on grounds of Undue Burden and Overbreadth. Best Buy objects to the

5   extent that the topic calls for information that Best Buy does not track or keep in the ordinary

6   course of business. Subject to and without waiving these objections, Best Buy will produce a

7   witness to testify at a general level regarding this topic.

8   **Topic No. 12**

9
10   How Best Buy's CRT Finished Products were marketed for sale, including whether
11   factors other than price were evidenced in the marketing materials and how the marketing
12   strategy was determined and implemented for the CRT Finished Products sold.

13   **Objection**

14   Best Buy objects on grounds of Undue Burden and Overbreadth. Subject to and without
15   waiving these objections, Best Buy will produce a witness to testify at a general level regarding
16   this topic.

17   **Topic No. 13**

18   Your use of rebates in connection with the sale of CRT Finished Products to Your

19   customers.

20   **Objection**

21   Best Buy objects on grounds of Undue Burden and Overbreadth. Subject to and without

22   waiving these objections, Best Buy will produce a witness to testify at a general level regarding

23   this topic.

24   **Topic No. 14**

25
26   Other products that Your Company believed were viewed by Your customers as
27   alternatives to CRT Finished Products, including: (a) products other than CRT Finished Products;
28   (b) the reasons that You believe purchasers viewed such products to be alternatives to the CRT

11

Finished Products You purchased from the Defendants; (c) the extent to which these products had any effect on Your pricing decisions; and (d) the identity and location of Documents that relate to the matters specified in this topic.

**Objection**

Best Buy objects on grounds of Undue Burden and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 15**

Your policies and practices relating to Your decision to give priority to the promotion, advertising or sale of certain Defendants' CRT Finished Products over other Defendants' CRT Finished Products; to promote Defendants' CRT Finished Products over non-Defendants' CRT Finished Products; or to promote non-Defendants' CRT Finished Products over Defendants' CRT Finished Products.

**Objection**

Best Buy objects on grounds of Undue Burden and Overbreadth. Best Buy objects as vague as to "give priority to the promotion, advertising or sale" and as to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 16**

All contracts or any other agreements relating to CRTs or CRT Finished Products between Best Buy and any entity, including the terms and conditions of any such contracts or agreements, including the scope of the agreement, choice of law, and forum selection.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy further objects as vague as to "agreements relating to." Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 17**

Whether the CRTs contained in each of the CRT Finished Products on which Best Buy bases its claims were first shipped-to or billed-to a location outside the United States or inside the United States, and an explanation of how Best Buy made or would make that determination.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 18**

The identity of the manufacturer of the CRT contained in each of the CRT Finished Products on which Best Buy bases its claims, and an explanation of how Best Buy has made or would make that identification.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 19**

Your practices, policies and procedures concerning Your market monitoring activity for CRT Finished Products including, but not limited to the following: (a) Your competitive intelligence activities; (b) Your use of third-party data sources and market share/data analyses;

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

1   and (c) Your knowledge, use, and tracking of Your competitors pricing for CRT Finished

2   Products during the Relevant Time Period.

3   **Objection**

4   Best Buy objects on grounds of Vagueness, Undue Burden, and Overbreadth. Best Buy

5   further objects on relevance as this topic is not reasonably calculated to lead to the discovery of

6   admissible evidence. For the foregoing reasons, Best Buy will not produce a witness on this topic.

7   **Topic No. 20**

8
9   Best Buy's suspicions or beliefs that any manufacturer of CRTs was engaged in any

10  anticompetitive conduct relating to CRTs and the circumstances (including dates) surrounding,

11  and reasons for and sources of, such suspicions or beliefs, and any formal or informal

12  investigations conducted by Best Buy to confirm or deny such suspicions or beliefs.

13  **Objection**

14  Best Buy objects on grounds of Privilege, Work Product, Undue Burden, and

15  Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does

16  not track or keep in the ordinary course of business. Subject to and without waiving these

17  objections, Best Buy will produce a witness to testify at a general level regarding this topic.

18  **Topic No. 21**

19  The identification, description, date, location, source, and persons involved in all

20  statements that Best Buy read, heard, or otherwise became aware of upon which Best Buy bases

21  its contention that Defendants fraudulently concealed the alleged conspiracy from Best Buy,

22  including a description of Best Buy's reliance on any such statements.

23  **Objection**

24  Best Buy objects on grounds of Vagueness, Overbreadth, Work Product and Privilege and

25  improper contention discovery. Best Buy further objects to the extent that the topic calls for

26  information that is known to the Defendants and not Best Buy and/or that Best Buy does not track

27  or keep in the ordinary course of business. Best Buy will not produce a witness to testify on this

28  topic.

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

**Topic No. 22**

The method(s) used by Your Company to track inventory levels, link returns and sales, and monitor product margins of CRT Finished Products You sold.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 23**

Your standards and practices with regard to tracking the purchases and sales of CRT Finished Products for determining the profitability of sales, and for financial reporting purposes, including the nature of the financial data available, the location of such data, and the names of individuals responsible for maintaining such data.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 24**

Your policies and practices related to the retention and deletion of all Documents and data (including any of Your electronic databases) related to the purchases and sales listed in Topics 6 and 11.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 25**

The extent to which Best Buy passed on its costs in purchasing or acquiring CRTs or CRT Finished Products to its customers, including pricing practices and timing of price increases, but not including precise figures or total amounts of price margins.

**Objection**

Best Buy objects on grounds of Undue Burden, and Overbreadth. Best Buy objects to the extent that the topic calls for information that Best Buy does not track or keep in the ordinary course of business. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 26**

The assignment of any claims asserted in the Complaint, including the identification of the assignees, the identification of the assignors, the mechanism or form of said assignments, the consideration received for any such assignment, and any agreements or plans for the distribution of damages or settlement proceeds recovered in this action to the assignors.

**Objection**

Subject to and without waiving the General objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 27**

Best Buy's search for, production of, and all efforts to preserve any documents that are potentially relevant to this or any other litigation or investigation concerning CRTs or CRT Finished Products.

**Objection**

Best Buy objects on grounds of Privilege, Work Product, Undue Burden, and Overbreadth. Subject to and without waiving these objections, Best Buy will produce a witness to testify at a general level regarding this topic.

**Topic No. 28**

Identification, location, last known address, telephone number, and e-mail address of any person having or believed to have any information regarding the foregoing topics or facts underlying these topics.

**Objection**

Best Buy objects on grounds of Relevance, Undue Burden, and Overbreadth. Best Buy also specifically objects to this topic on the grounds of Undue Burden because such information is obtainable by less intrusive means. Best Buy believes this topic can be resolved through an interrogatory or the informal exchange of information relevant to Best Buy's data production, as is already occurring between the parties. For the foregoing reasons, Best Buy will not produce a witness on this topic.

**Topic No. 29**

Identification, location, last known address, telephone number, and e-mail address of any person having or believed to have any documents or other electronic or non-electronic files regarding the foregoing topics or facts underlying these topics, including any person having or believed to have information regarding each of the fields contained in such files and the means by which those fields were constructed.

**Objection**

Best Buy objects on grounds of Relevance, Undue Burden, and Overbreadth. Best Buy also specifically objects to this topic on the grounds of Undue Burden because such information is obtainable by less intrusive means. Best Buy believes this topic can be resolved through an interrogatory or the informal exchange of information relevant to Best Buy's data production, as is already occurring between the parties. For the foregoing reasons, Best Buy will not produce a witness on this topic.

RESPONSES AND OBJECTIONS TO
FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
11-CV-05513 SC; 07-CV-05944 SC

1   DATED: April 25, 2014            ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2

3                                    By:    /s/ David Martinez
                                            Roman M. Silberfeld
                                            David Martinez
4                                           Laura E. Nelson
                                            Jill Casselman
5
                                     **ATTORNEYS FOR PLAINTIFFS**
6                                    **BEST BUY CO., INC.; BEST BUY PURCHASING**
                                     **LLC; BEST BUY ENTERPRISE SERVICES, INC.;**
7                                    **BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.;**
                                     **MAGNOLIA HI-FI, LLC**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            18                  RESPONSES AND OBJECTIONS TO
                                                            FRCP RULE 30(B)(6) DEPOSITION NOTICE Case No.
                                                               11-CV-05513 SC; 07-CV-05944 SC

# EXHIBIT "G"

Honorable Vaughn R Walker (Ret)
Law Office of Vaughn R Walker
Four Embarcadero Center, Ste 2200
San Francisco, CA  94111
T:  (415) 871-2888
F:  (415) 871-2890

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Case No:  07-cv-5944-SC<br>MDL No 1917 |
| BEST BUY, | |
| Plaintiff, | |
| v | **ORDER RE BEST BUY'S MOTION FOR PROTECTIVE ORDER** |
| PANASONIC, | |
| Defendant. | |

On June 23, 2014, the undersigned conducted a telephone conference with counsel for Best Buy (David Martinez of Robbins Kaplan Miller & Ciresi, LLP) and counsel for Panasonic who was also speaking for the other defendants in the above litigation (Eva Cole of Winston & Strawn, LLP). The conference addressed Best Buy's motion for a protective order directed to: (1) Panasonic's FRCP 30(b)(6) deposition notice to Best Buy dated November 20, 2012; and (2) Interrogatory Nos 16 and 17 of Panasonic's Third Set of Interrogatories. As a result of the conference and pursuant to FRCP 53 and the order of reference herein, the undersigned directed, that the motion for protective order be denied as to (1) and granted as to (2).

The parties' dispute arises from defendants' effort to seek discovery related to Best Buy's practice of "competitive intelligence" about its competitors' pricing practices. Best Buy attacks the relevance of Panasonic's discovery on this topic and, in any event, argues that this discovery is precluded by the Kiefer-Stewart Co v Joseph E Seagram & Sons, Inc, 340 US 211 (1951) line of cases dealing with discovery of an antitrust plaintiff's practices, including evidence of contact with competitors. The undersigned rejects Best Buy's argument that this discovery is not relevant to the issues herein. Discovery directed to the setting of prices for finished products charged by Best Buy and other retailers could well lead to the discovery of relevant evidence concerning the extent to which, if at all, alleged overcharges were passed on by Best Buy and/or by entities above Best Buy in the distribution channels for products containing CRTs as well as both the fact of damages and their amounts, if any.

More persuasively, Best Buy argues that the burden and expense of having fully to answer the challenged interrogatories likely exceeds the value of the information that would be produced. Interrogatory No 16, for example, asks Best Buy to identify all "executives, employees and agents" who participated in so-called "competitive monitoring activity," "market share/data analyses," "knowledge, use or tracking" of competitors' prices and promotions and suppliers' prices. Obviously, thorough and complete responses to these questions would likely identify a great many persons scattered throughout the Best Buy organization as well as Best Buy's "agents," which presumably could embrace third parties that Best Buy uses to compile information of this kind. Compiling thorough and complete responses to Interrogatory Nos 16 and 17 would entail a significant

amount of attorney time and that of Best Buy personnel, as well. Finally, Interrogatory No 16 contains a subpart (g) which seeks to have Best Buy identify its "executives', employees' and agents' participation in any meetings with" competitors. This line of inquiry seems foreclosed by the <u>Keifer-Stewart</u> line of cases.

The value of the level of detail called for by Interrogatory Nos 16 and 17 seems particularly questionable when Panasonic should be able to obtain a substantially complete picture of Best Buy's "competitive intelligence" practices from the Rule 30(b)(6) deponent whose deposition Panasonic has noticed. To be sure, this assumes that the deponent will be truly knowledgeable, having made a diligent effort to obtain a comprehensive picture of Best Buy's "competitive intelligence" program. Good faith on the part of counsel and the parties herein is presumed and, it is hoped, will be realized.

Hence, the undersigned ORDERS that Best Buy's motion for protective order be GRANTED as to Interrogatory Nos 16 and 17 of Panasonic's Third Set of Interrogatories and otherwise DENIED.

IT IS SO ORDERED.

Dated: June 23, 2014

By: _____

Vaughn R Walker
United States District Judge (Ret)

# EXHIBIT "H"

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER DENYING BEST BUY'S OBJECTIONS TO THE SPECIAL MASTER'S ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER |
| Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al., No. 11-cv-05513-SC; | |
| Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264-SC | |

## I.  **INTRODUCTION**

Now before the Court is Direct Action Plaintiffs ("DAPs") the Best Buy entities'[1] ("Best Buy") objection to the Special Master's[2] Order ("Order") granting in part and denying in part Best Buy's motion for protective order.  ECF No. 2689 ("Objection") (filed

---

[1] The Best Buy entities are Best Buy Co, Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., BestBuy.Com, LLC, and Magnolia Hi-Fi, LLC.  ECF No. 2689 ("Objection") at 1 n.1.

[2] On December 17, 2013 the Court appointed the Honorable Vaughn R. Walker, United States District Judge (Retired), as a Special Master to assist the Court with discovery matters.  ECF No. 2272.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

under seal).[3]  Defendants oppose Best Buy's objection, and argue

the Court should deny the objection and affirm the Special Master's

order.  ECF No. 2685 ("Response").  Although Best Buy requests the

Court order a hearing and set a briefing schedule as permitted by

Local Rule 72-2, the Court finds neither is necessary.  See Civ.

L.R. 72-2 ("Unless otherwise ordered by the assigned District

Judge, no response need be filed and no hearing will be held

concerning the motion.  The District Judge may deny the motion by

written order at any time . . . .").  As a result, Best Buy's

objection is ripe for disposition without oral argument.  Civ. L.R.

7-1(b).  As set forth below, the Court AFFIRMS the Special Master

and DENIES the objection.

## II.  BACKGROUND

The parties are familiar with the factual and procedural

background of the case, so an exhaustive review is unnecessary.

The facts relevant to the motion are set forth below.  Defendants

are allegedly manufacturers of cathode ray tubes ("CRTs") and, in

some cases, of finished products as well.  Best Buy, along with the

other DAPs, alleges that Defendants conspired to fix prices for

CRTs.  The DAPs do not allege that Defendants conspired to fix the

---

[3] Best Buy previously filed an objection to the Special Master's
order that exceeded the five page limit under Civil Local Rule 72-
2.  ECF No. 2677.  After Defendants pointed out the issue, Best Buy
filed an amended version.  ECF No. 2689.  The Court's order
appointing the discovery master sets forth the procedure for
objections to the Special Master's orders and incorporates the
procedures (including page limits) contained in Civil Local Rule
72-2.  ECF No. 2272, at 4-5.  Accordingly, Best Buy's earlier
objection is STRICKEN except for the accompanying Declaration of
David Martinez and exhibits containing the record necessary for the
Court's review of the Special Master's order.  ECF No. 2677-1
(filed under seal).

**United States District Court**
For the Northern District of California

prices of products containing CRTs.  Each DAP alleges that it

bought at least one CRT product from a defendant or an entity owned

or operated by a defendant.

On May 16, 2014, Best Buy filed a motion for a protective

order barring discovery into Best Buy's competitive intelligence

practices before the Special Master.  ECF No. 2677-1 ("Martinez

Decl.") Ex. 1 ("Mot.") at 1 (filed under seal).  The competitive

intelligence practices are a part of Best Buy's broader price match

guarantee program, by which Best Buy agrees to match any lower

prices offered by their competitors.  Mot. at 2.  These practices

amount to: (1) contacting competitors to confirm customers'

pricing, (2) monitoring competitor advertisements and other records

publicly displaying pricing information, and (3) subscribing to

industry analyst reports and attending analyst calls.  Id.

Defendants seek two forms of discovery into Best Buy's

competitive intelligence practices.  First, they seek to depose

Best Buy's Rule 30(b)(6) designee regarding Best Buy's:

> [P]ractices, policies and procedures concerning Your
> market monitoring activities for CRT Finished Products
> including, but not limited to the following: (a) Your
> competitive intelligence activities; (b) Your use of
> third-party data sources and market share/data analyses;
> and (c) Your knowledge, use and tracking of Your
> competitor's [sic] pricing for CRT Finished Products
> during the Relevant Time Period . . . .

Objection at 2-3.  Second, Defendants propounded two

interrogatories also seeking information regarding the competitive

intelligence practices, including (1) the participation of Best

Buy's executives in the competitive intelligence practices or other

market monitoring activities, and (2) Best Buy's "executives',

1 employees', or agents' participation in any meetings with [Best

2 Buy's] competitors."  Id. at 3.

3      In the briefing before the Special Master, Best Buy argued

4 that the information sought in these requests was irrelevant under

5 Supreme Court precedent and subsequent case law, and, even if

6 relevant, the burden of ordering discovery outweighed any potential

7 benefit.  Mot. at 4-9.  Defendants disagreed, arguing that the

8 information sought was both relevant and discoverable.  Martinez

9 Decl. Ex. 2 ("Opp'n") at 2 (filed under seal).  After a telephone

10 conference on June 23, 2014 at which both Best Buy and Defendants'

11 counsel were heard, the Special Master issued an order denying Best

12 Buy's motion as to the Rule 30(b)(6) deposition and granting a

13 protective order as to the interrogatories.  On July 7, 2014, Best

14 Buy filed an objection with the Court seeking review of the Special

15 Master's order.  ECF No. 2677.

16

17 **III.  LEGAL STANDARDS**

18      **A.   Review of Orders by the Special Master**

19      The Court reviews the Special Master's factual findings for

20 clear error, his legal conclusions de novo, and his procedural

21 decisions for abuse of discretion.  Fed. R. Civ. P. 53(f)(3)-(5);

22 ECF No. 302 (appointing the initial special master).

23      **B.   Motion for Protective Order**

24      Federal Rule of Civil Procedure 26(c) permits the Court, upon

25 a showing of good cause, to "issue an order to protect a party or

26 person from annoyance, embarrassment, oppression, or undue burden

27 or expense."  The Court must undertake a two-step inquiry in

28 deciding whether the information sought is discoverable.  First,

**United States District Court**
For the Northern District of California

the Court must determine if the material sought is "relevant to any party's claim or defense." Id. at (b)(1). Such evidence need not be clearly admissible at trial so long as the request is "reasonably calculated to lead to the discovery of admissible evidence." Id. Second, the Court must weigh the burden of the discovery sought against its likely benefit. Id. at (b)(2)(C)(iii).

## IV. DISCUSSION

While Best Buy's objection dices the issues differently, their objection challenges the Special Master's answers to two key questions. First, is evidence of how Best Buy's competitive intelligence practices function relevant, particularly given the Supreme Court's decision in Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc., 340 U.S. 211 (1951) and subsequent case law? Second, if such evidence is relevant, does the burden of discovery outweigh its likely benefit? The Court reviews the Special Master's decisions on both questions de novo.

### A. Relevance of the Competitive Intelligence Program

First, Best Buy argues, citing the Supreme Court's decision in Kiefer-Stewart and subsequent cases, that the evidence sought is irrelevant because "[i]t is black letter law that evidence of an antitrust plaintiff's own conduct is irrelevant and cannot excuse the defendants' conspiratorial conduct." Mot. at 5 (citing Perma Life Mufflers v. Int'l Parts Corp., 392 U.S. 134, 139-40 (1968); Kiefer-Stewart, 340 U.S. at 214, overruled on other grounds, Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 781-82 (1984); Memorex Corp. v. IBM Corp., 555 F.2d 1379, 1381-82 (9th

**United States District Court**
For the Northern District of California

1   Cir. 1977); Wilk v. Am. Med. Ass'n, 719 F.2d 207, 232 (7th Cir.

2   1983)).  Anticipating some of Defendants' arguments in opposition,

3   Best Buy cites cases from other district courts rejecting several

4   arguments as to the relevance of a plaintiff's communications with

5   third parties or sales practices.  See, e.g., In re Polyester

6   Staple Antitrust Litig., No. 3:03CV1516, 2005 WL 6457181, at *4

7   (W.D.N.C. May 9, 2005) (rejecting relevance argument based on the

8   need to "rebut any inference that communication amongst competitors

9   necessarily means the parties are engaging in an illegal

10  conspiracy"); In re Auto. Refinishing Paint Antitrust Litig., No.

11  MDL 1426, 2006 WL 1479819, at *8 (E.D. Pa. May 26, 2006) (casting

12  aside the contention that discovery might show, inter alia, the

13  highly competitive nature of the relevant industry, and the prices

14  that "Defendants may have charged in a 'but for' world"); In re

15  Aspartame Antitrust Litig., No. 2:06-CV-1732-LDD, 2008 WL 2275528,

16  at *4 (E.D. Pa. Apr. 8, 2008) (denying a motion to compel as to

17  plaintiffs' communications with third parties despite the argument

18  such communications were relevant to show "buying power, market

19  position and demand elasticity").  Finally, Best Buy argues that

20  the policy concerns underlying the antitrust laws would be

21  undermined by permitting discovery into downstream activities.

22  Mot. at 7 (citing Meijer, Inc. v. Abbott Labs., 251 F.R.D. 431,

23  433-34 (N.D. Cal. 2008)).

24      In opposition, Defendants offer three reasons why the

25  discovery they seek is relevant.  First, Defendants argue that

26  discovery into the competitive intelligence program is relevant

27  because it shows how Best Buy and their competitors priced their

28  products.  Opp'n at 2.  This is likely to lead to the discovery of

United States District Court
For the Northern District of California

admissible evidence here, Defendants contend, because the indirect

purchaser plaintiffs ("IPPs") claim that Best Buy and other

retailers passed on 100 percent of the conspiratorial CRT

overcharges and because Best Buy is likely to be an important

third-party witness in the IPPs' case. Id. Second, Defendants

claim that discovery into the competitive intelligence program is

relevant to Best Buy's ability to show injury-in-fact. Id. at 10-

11. Finally, Defendants contend that the discovery sought is

relevant as it will enable them to rebut charges by Best Buy (or

other plaintiffs) that competitor contacts and price monitoring is

indicative of a conspiracy. Id. at 11-13. In support of these

arguments Defendants rely principally on two cases. First, they

cite to Judge Illston's orders, also involving Best Buy's

competitive intelligence practices, in the In re TFT-LCD Flat Panel

Antitrust Litigation, No. 07-MD-1827 (N.D. Cal.). In the TFT

cases, Best Buy submitted to discovery on their competitive

intelligence practices, the Court denied a motion in limine to

exclude evidence obtained regarding those practices, and the

evidence was admitted in both the direct purchaser trial and

individual opt-out trials. Opp'n at 11-12, n.38 (citing 07-MD-1827

(N.D. Cal.) ECF Nos. 5776, 8298). Second, Defendants argue that In

re Urethane Antitrust Litigation, No. 04-MD-1616-JWL, 2010 WL

5287675 (D. Kan. Dec. 17, 2010) is "precisely on point." Opp'n at

12. In Urethane, the Magistrate Judge granted a motion to compel

responses to discovery requests seeking information related to

plaintiffs' communications with competitors, finding that the

information sought was potentially relevant to "refute plaintiffs'

claims that similar conduct by defendants is indicative of

**United States District Court**
For the Northern District of California

collusion." Id. at *5; see also In re Urethane Antitrust Litig.,
No. 04-1616-JWL, 2011 WL 1327988, at *5-6 (D. Kan. Apr. 5, 2011)
(affirming the Magistrate's decision).

In his order, the Special Master rejected Best Buy's argument
that the discovery sought was irrelevant. Specifically, the
Special Master found that:

> Discovery directed to the settling of prices for finished
> products charged by Best Buy and other retailers could
> well lead to discovery of relevant evidence concerning
> the extent to which, if at all, alleged overcharges were
> passed on by Best Buy and/or by entities above Best Buy
> in the distribution channels for products containing CRTs
> as well as both the fact of damages and their amounts, if
> any.

Order at 1. In doing so, the Special Master disagreed with Best
Buy's reliance on Kiefer-Stewart and other cases discussing
discovery into an antitrust plaintiff's practices and competitor
contacts. Id. Nonetheless, the Special Master did remark that
subpart (g) of Interrogatory No. 16, which requests Best Buy
identify its "executives', employees' and agents' participation in
any meetings with" competitors, "seems foreclosed by the Keifer-
Stewart line of cases." Id. at 2.

The Court agrees with the Special Master in every relevant
respect.[4]  Here, the discovery sought is relevant for three

---

[4] The Court does question the Special Master's conclusion that the
type of inquiry in Interrogatory No. 16(g) would be barred by the
Kiefer-Stewart line of cases. The Court would agree with this view
were it to find, as it seems the Special Master did, that discovery
into Best Buy's competitive intelligence practices is relevant only
as to the issues of pass-through and damages. However the Court
goes a step further than the Special Master and finds that the
discovery sought by Defendants is also relevant to rebut any
charges that competitive contacts and price monitoring are
circumstantial evidence of an illegal conspiracy. See Urethane,
2011 WL 1327988, at *6. Nonetheless, as discussed infra, the Court
concurs with the Special Master's weighing of the burdens and
benefits of Defendant's interrogatories. Therefore, the Special

**United States District Court**
For the Northern District of California

1   reasons.

2         First, the Court concurs with the Special Master's conclusion

3   that <u>Kiefer-Stewart</u> and its progeny do not bar all discovery into

4   an antitrust plaintiff's activities.  Specifically, <u>Kiefer-Stewart</u>

5   concluded that antitrust violations by a plaintiff cannot immunize

6   defendants from liability for their own violations.  340 U.S. at

7   214.  While the subsequent cases cited by Best Buy apply various

8   aspects of that principle to the discovery context, Best Buy has

9   not offered any support for the blanket contention that an

10  antitrust plaintiff's activities are always irrelevant and outside

11  the scope of discovery.  To the contrary, as one of Best Buy's

12  cases concluded, information about plaintiffs' activities is

13  relevant in cases, such as this one, where the amount of any pass-

14  through to indirect purchasers is likely to be an issue.  <u>See,

15  e.g.</u>, <u>Polyester Staple</u>, 2005 WL 6457181, at *4-5 (concluding that

16  discovery into downstream activities by plaintiffs was potentially

17  relevant to the amount of any pass-through).  Simply because

18  Defendants cannot claim that Best Buy's activities immunize them

19  from liability does not mean the information sought cannot be

20  relevant for other purposes.

21        Second, and relatedly, Best Buy's argument that "the policy

22  precluding discovery into an antitrust plaintiff's conduct bars

23  Defendants' discovery irrespective of any relevance" also fails.

24  Objection at 4.  It may be true that the policy underlying the

25  antitrust laws militates against permitting broad discovery against

26  antitrust plaintiffs where, for instance, the discovery sought

27

28  Master's decision granting in part and denying in part the motion
    need not be disturbed.

United States District Court
For the Northern District of California

1   would simply enable the defendant to shift attention away from an

2   otherwise illegal and actionable scheme or assert an improper pass-

3   on defense.  However such a policy is not implicated in this case.

4   Unlike the situation at issue in the cases cited by Best Buy, here

5   discovery about the downstream pricing activities of Best Buy is

6   not being sought to allege a price fixing conspiracy by Best Buy.

7   Accordingly, permitting discovery here does not run the risk of

8   chilling private enforcement of the antitrust laws, as in the cases

9   offered by Best Buy.  See, e.g., Perma Life Mufflers, 392 U.S. at

10  139-40; Meijer, 251 F.R.D. at 433-34.  Instead, Defendants are

11  seeking the instant discovery because it is directly relevant to

12  the question of how, and in what amount, any potential overcharges

13  were passed through to other plaintiffs.

14       Best Buy dedicates much of its reply brief and objection to

15  two remaining points.  First, Best Buy contends that discovery into

16  the results of the competitive intelligence practices, which they

17  concede might be relevant, would simply be duplicative given the

18  extent of previous discovery on pass-through.  Second, Best Buy

19  argues that the court should distinguish between this allegedly

20  completed discovery on pass-through and discovery into "how Best

21  Buy obtained competitor information," which they argue is wholly

22  irrelevant.  The Court is unmoved.  First, Best Buy's complaints

23  about having already submitted to discovery into its pricing

24  practices and their relevance to the pass-through issue go to the

25  Court's weighing of the benefits and burdens of discovery -- not to

26  the relevance issue.  Second, even if the distinction between the

27  pass-through itself and "how" the competitive intelligence program

28  works were a meaningful one, that distinction would only undermine

**United States District Court**
For the Northern District of California

1    Defendants' arguments as to pass-through and damages.  Evidence of

2    how the competitive intelligence program operates might still be

3    admissible (or at least lead to the discovery of admissible

4    evidence) at trial to rebut allegations that competitor contacts

5    and price monitoring are indicative of the existence of a

6    conspiracy as they were in <u>TFT</u>.  <u>See also</u> <u>Urethane</u>, 2011 WL

7    1327988, at *6.

8         As a result the Court concurs with the Special Master's

9    findings as to the relevance of the discovery sought here.  The

10   discovery sought by Defendants is relevant to the issues of pass-

11   through, injury, and to rebut any argument that competitor

12   communications and price monitoring are indicative of an improper

13   conspiracy.

14        **B.   <u>Weighing the Burdens and Benefits of Discovery</u>**

15        Next, the Court must weigh the burden of discovery against its

16   likely benefits.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  In doing so,

17   the Court considers "the needs of the case, the amount in

18   controversy, the parties' resources, the importance of the issues

19   at stake in the action, and the importance of discovery in

20   resolving those issues."  <u>Id.</u>

21        In Best Buy's briefing before the Special Master, it argued

22   that because it has already submitted to prior discovery on the

23   issue of pass-through and competitive contacts, the burden of

24   discovery is greater than its likely benefit.  Specifically, Best

25   Buy points to a 2012 document production and prior 30(b)(6)

26   deposition involving information relevant to Best Buy's pricing and

27   "the competitive landscape," as rendering the current requests

28   duplicative and burdensome.  Mot. at 2-3.  Further, they complain

**United States District Court**
For the Northern District of California

that the 30(b)(6) deposition at issue involves 26 topics, including "dozens of sub-topics." Id. at 9. Defendants counter, noting the enormous financial stakes in this case, and contending that Best Buy mischaracterized the extent of discovery already taken in this case. Opp'n at 2-3, 14. Specifically, they note that "[t]here is nothing extraordinary or burdensome about requiring a corporate plaintiff to submit to a deposition, even if it involves multiple days or deponents, particularly where, as here, a discovery protocol explicitly allows just such a scenario." Id. at 14. Furthermore, Best Buy complains that in the time since the Special Master's order, Defendants have noticed four more depositions which they apparently intend to take between now and September 5, 2014. Objection at 3.

The Special Master concluded that while the burden of responding to Defendants' interrogatories outweighed the benefits, the same was not true with regard to the 30(b)(6) deposition. The Court agrees. First, and most importantly, as the Court has already concluded, the discovery sought here is relevant and important not just to parties' claims or defenses, but to one of the most central remaining issues in the litigation -- the question of pass-through. Given the centrality of this issue to the case, the Court is loath to deny discovery on the issue to any party. Second, as mentioned above, the amount in controversy in this case is enormous, and, as in any complex multidistrict litigation, the parties have all submitted to and propounded extensive discovery. Third, the parties are all sophisticated, well-advised by able (and expensive) lawyers, and certainly not lacking in resources.

Finally, additional factors convince the Court that the

Special Master appropriately weighed the burden of discovery.
First, the objected deposition topic on the competitive
intelligence program is only one of 26 topics to be covered at the
30(b)(6) deposition -- the remainder of which Best Buy does not
object to.  Furthermore, as Defendants state (and Best Buy does not
dispute), the parties understood that Defendants would take further
30(b)(6) deposition testimony once Best Buy completed document
discovery.  Particularly when compared to the level of detail
required by Interrogatories Nos. 16 and 17, examination on this
issue in a 30(b)(6) deposition would entail significantly less
expenditure of time, money, and effort.  Further militating in
favor of the deposition and against the interrogatories, the Court
shares the Special Master's concern that requiring answers to the
interrogatories may require Best Buy to go through a lengthy and
expensive process of reviewing its competitive intelligence
program's records to identify what may well be a large number of
individuals who participated in the program.  It seems unlikely
that this inquiry, if completed would lead to the discovery of
significant evidence above that gained in the 30(b)(6) deposition.

**IV.  <u>CONCLUSION</u>**

As a result, the Court AFFIRMS the Special Master's order
granting in part and denying in part Best Buy's motion for a
protective order and DENIES Best Buy's objection.


IT IS SO ORDERED.


Dated: July 28, 2014

_____
UNITED STATES DISTRICT JUDGE