Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc.,*
*Toshiba America Consumer Products, LLC,*
*Toshiba America Information Systems, Inc.,*
*and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to:<br><br>*The Indirect Purchaser Action*<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | **DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:   August 7, 2015<br>Time:   10:00 a.m.<br>Before:  Hon. Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

*Sears, Roebuck and Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;

*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs., N.V.*, et al., No. 13-cv-2776; and

*ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14cv-02510.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR TESTIMONY
PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.      STATEMENT OF THE ISSUE..................................................................... 1

II.     INTRODUCTION ........................................................................................ 1

III.    ARGUMENT ............................................................................................... 2

    A.     Evidence Concerning Foreign Investigations Is Irrelevant And Inadmissible Under Rules 401 And 402 ............................................ 2

    B.     Evidence of Foreign Investigations Is Inadmissible Pursuant To Rules 403 and 404 ................................................................................ 4

    C.     Evidence Relating To Foreign Investigations Is Inadmissible Hearsay And Incapable Of Being Authenticated By A Knowledgeable Witness ...................................................................... 6

IV.     CONCLUSION............................................................................................. 8

## <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

## <u>CASES</u>

*Beachy v. Boise Cascade Corp.*,
   191 F.3d 1010 (9th Cir. 1999) ................................................................................ 5

*Bright v. Firestone Tire & Rubber Co.*,
   756 F.2d 19 (6th Cir. 1984) .................................................................................... 6

*Coleman v. Home Depot, Inc.*,
   306 F.3d 1333 (3d Cir. 2002) ................................................................................ 5

*Hall v. W. Prod. Co.*,
   988 F.2d 1050 (10th Cir. 1993) ............................................................................. 6

*Kramas v. Security Gas & Oil Inc.*,
   672 F.2d 766 (9th Cir. 1982) ................................................................................. 5

*Lewis v. City of Chicago*,
   590 F.3d 427 (7th Cir. 2009) ................................................................................. 5

*Rambus, Inc. v. Infineon Tech. AG*,
   222 F.R.D. 101 (E.D. Va. 2004) ............................................................................ 6

*Shoppin' Bag of Pueblo, Inc. v. Dillon Companies, Inc.*
   783 F.2d 159 (10th Cir. 1986) ............................................................................... 5

*Sugar Ass'n v. McNeil-PPC, Inc.*,
   No. 04-cv-10077, 2008 WL 4755611 (C.D. Cal. Jan. 7, 2008) ......................... 3, 5

*United States v. Hill*,
   953 F.2d 452 (9th Cir. 1991) ................................................................................. 5

## <u>RULES</u>

Fed. R. Evid. 401 .................................................................................................. 1, 2, 4

Fed. R. Evid. 402 ......................................................................................................... 4

Fed. R. Evid. 403 ............................................................................................... 2, 4, 5, 6

Fed. R. Evid. 404 ................................................................................................. 3, 5, 6

Fed. R. Evid. 801 .................................................................................................... 2, 6

Fed. R. Evid. 802 ......................................................................................................... 7

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Fed. R. Evid. 803 ............................................................................................................ 6, 7

Fed. R. Evid. 902 ............................................................................................................7, 2

## OTHER AUTHORITIES

Council Regulation (EC) No 1/2003 of December 16, 2002 on the
    Implementation of the Rules on Competition Laid Down in Articles 81
    and 82 of the Treaty, OJ [2003] L 1/1 .................................................................... 2

F. Castillo de la Torre, "Evidence, Proof and Judicial Review in Cartel
    Cases," [2009] 32 WC 505 ....................................................................................... 3

*KME and Others v. Commission*, C-272/09 P, EU:C:2011:810 ................................... 3

*Kone Oyj and Others v. European Commission*, C-510/11 P,
    EU:C:2013:696 ........................................................................................................ 3

*T-Mobile Netherlands and Others*, C-8/08, EU:C:2009:110 ...................................... 3

Treaty on the Functioning of the European Union ............................................... 2, 3

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005

1

<u>**NOTICE OF MOTION AND MOTION**</u>

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE that on August 7, 2015, at 10:00 a.m. or as soon thereafter

4  as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San

5  Francisco, California, before the Honorable Samuel Conti, the undersigned defendants

6  ("Defendants") will and hereby do move the Court, under Rules 401, 402, 403, 404, 801, 802,

7  803, and 902 of the Federal Rules of Evidence, to exclude all evidence or mention of any

8  antitrust investigations in foreign jurisdictions for the reasons set forth in the accompanying

9  Memorandum of Points and Authorities.

10  This motion is based upon this Notice of Motion, the accompanying Memorandum of

11  Points and Authorities in support thereof, the complete files and records in this action, oral

12  argument of counsel, and such other and further matters as this Court may consider.

13  <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

14  **I.   STATEMENT OF THE ISSUE**

15  Whether evidence or testimony concerning foreign-government investigations relating

16  to CRTs should be excluded from trial.

17  **II.   INTRODUCTION**

18  Certain foreign governmental authorities — including authorities in Japan, Taiwan,

19  South Korea, Hungary and the European Union — have conducted investigations into alleged

20  price fixing by various companies in the CRT industry, including certain Defendants.

21  Defendants move *in limine* for an order barring Plaintiffs from referring to or offering any

22  evidence or testimony referencing investigations or decisions rendered by any authority

23  outside of the United States relating to allegations of competition violations in the CRT

24  industry, including statements made by Defendants regarding those investigations or

25  decisions.  The fact that any Defendant is or was being investigated in other countries has no

26  bearing upon any issue to be tried in this case and presents an obvious risk of unfair prejudice.

27  First, the evidence would be irrelevant and thus inadmissible pursuant to Rules 401

28  and 402 of the Federal Rules of Evidence.  Second, any minimal probative value such

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  evidence might have is substantially outweighed by the danger of unfair prejudice, confusion

2  of issues, and waste of time.  These foreign investigations raise many collateral issues that

3  would need to be explained to the jury and would create a distracting side show.  For example,

4  these investigations are in foreign jurisdictions that are governed by different substantive

5  antitrust laws, different rules of evidence, and different proceedings that might not abide by

6  due process.  Admission of evidence relating to these investigations would require Defendants

7  to explain all of these differences and circumstances to the jury.  Moreover, the investigations

8  in some of these foreign jurisdictions are not final and pending appeal, and other

9  investigations have resulted in varying outcomes and vindicated Defendants in some

10 instances.  All of this will be very confusing to the jury.  Therefore, the evidence is

11 inadmissible pursuant to Rule 403.

12      There is also a significant risk that the jury will interpret investigations in other

13 jurisdictions as evidence suggesting the Defendants had a propensity to fix prices, which is

14 impermissible "character" evidence under Rule 404(b).

15      Finally, Defendants expect that some of the evidence that Plaintiffs will seek to offer

16 relating to foreign investigations — foreign agency press releases or similar statements from

17 foreign enforcement officials — is inadmissible hearsay under Rules 801 through 803 and

18 incapable of being authenticated by a knowledgeable witness under Rule 902.

19 **III.    ARGUMENT**

20      **A.    Evidence Concerning Foreign Investigations Is Irrelevant And**
21      **Inadmissible Under Rules 401 And 402**

22      Foreign investigations are based upon procedural and substantive laws that differ in

23 significant ways from the laws governing U.S. proceedings.  For example, the European

24 Commission has the responsibility for enforcing EU competition laws.  It is not concerned

25 with conduct affecting the United States, and will investigate and sanction conduct having the

26 object or effect of restricting competition in the European Union.  *See* Article 101 of the

27 Treaty on the Functioning of the European Union.  Further, unlike the DOJ, the European

28 Commission is an administrative authority combining investigative and decision-making

powers.  *See* Council Regulation (EC) No 1/2003 of December 16, 2002 on the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

Implementation of the Rules on Competition Laid Down in Articles 81 and 82 of the Treaty, OJ [2003] L 1/1.  Targets of an investigation do not benefit from certain guarantees of due process, such as the possibility to examine witnesses.  *See, e.g.*, F. Castillo de la Torre, "Evidence, Proof and Judicial Review in Cartel Cases," [2009] 32 WC 505 (explaining the rules of evidence in Europe).  Nor can targets be heard by an independent judge before an adverse decision is taken against them.  *See, e.g.*, Opinion of Advocate General Sharpston in *KME and Others v. Commission*, C-272/09 P, EU:C:2011:810, ¶ 68 (". . . there may be cogent grounds for taking the view that the Commission is not, in that regard, an 'independent and impartial tribunal established by law' . . . .").  Access to an independent judge is available only on appeal before European Courts.  *See Kone Oyj and Others v. European Commission*, C-510/11 P, EU:C:2013:696.  Such appeals are still pending in the European CRT case.

Moreover, the substantive antitrust laws in foreign jurisdictions are significantly different from U.S. federal and state antitrust laws.  For example, the European Union treats mere information exchanges very differently from the United States.  The European Commission considers information exchanges between competitors of data regarding intended future prices or quantities to be a restriction of competition "by object," which is akin to *per se* infringement in the United States.  *See* Communication from the Commission — Guidelines on the Applicability of Article 101 of the Treaty on the Functioning of the European Union to Horizontal Cooperation Agreements, OJ C 11, 14.1.2011, at 1-17, § 74) (stating that "private exchanges between competitors of their individualised intentions regarding future prices or quantities would normally be considered and fined as cartels because they generally have the object of fixing prices or quantities"); *see also* European Court of Justice in *T-Mobile Netherlands and Others*, C-8/08, EU:C:2009:110 § 43 (ruling that an "exchange of information between competitors is tainted with an anti-competitive object if the exchange is capable of removing uncertainties concerning the intended conduct of the participating undertakings").

Here, Plaintiffs' claims are all under U.S. federal or state laws; none are under foreign law.  Thus, the existence and results of an investigation outside the United States or a finding

of a violation of foreign law does not have a tendency to make any consequential fact more or less probable in this case.  *See Sugar Ass'n v. McNeil-PPC, Inc.*, No. 04-cv-10077, 2008 WL 4755611 (C.D. Cal. Jan. 7, 2008) (excluding foreign judgments under Rules 402 because the proponent of the evidence could not demonstrate that foreign law was similar to American law).

### B. Evidence of Foreign Investigations Is Inadmissible Pursuant To Rules 403 and 404

Rule 403 of the Federal Rules of Evidence (providing that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence") bars any and all evidence regarding foreign investigations.

Admission of evidence concerning foreign investigations would require a lengthy excursion into the substantive details of the competition laws and due process procedures of Japan, Taiwan, South Korea, Hungary and the European Union, including the applicable standards of proof before each of these foreign competition commissions (and any others raised by the Plaintiffs) as well as the circumstances of each foreign investigation.  As explained above, the laws of these foreign jurisdictions differ in significant ways from each other and from the federal and state antitrust laws in the United States.

If evidence relating to foreign investigations were admitted at trial, the Defendants would be forced to present evidence explaining the scope of the investigations, the outcome of such investigations (including any situations in which foreign governments found no violations), and all the procedural and substantive differences in the law between the foreign jurisdictions and the law in this Court, including, for example, how the foreign proceedings may not be compatible with Defendants' due process rights.  All of these issues would need to be explained to the jury, and these mini-trials will waste valuable trial time and needlessly add to the issues the jury must consider.  Courts often exclude such evidence on these grounds. *See, e.g.*, *Kramas v. Security Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir. 1982) (affirming

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

exclusion of SEC enforcement proceeding because, *inter alia*, admission of the evidence "would have opened large areas of proof of collateral matters"); *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1339 (3d Cir. 2002) (explaining that the court should consider "whether time spent during the trial will be unduly lengthened if the report is admitted and the defendants must introduce evidence to expose the weaknesses in the report"); *Shoppin' Bag of Pueblo, Inc. v. Dillon Companies, Inc.* 783 F.2d 159, 165 (10th Cir. 1986) (upholding exclusion of evidence of FTC investigation as irrelevant, prejudicial, and risked confusing and misleading the jury).

The jury would wind up hopelessly confused about what issue or issues they are expected to decide.  *See Sugar Ass'n*, 2008 WL 4755611 (excluding foreign judgments under Rule 403 because the "dangers of unfair prejudice or confusing or misleading the jury substantially outweigh any probative value").  At worst, there would be a serious risk that the jury would conclude that if several public authorities investigated the Defendants elsewhere, then Defendants here must have done something wrong.  There is also a serious risk that the jury will defer to the earlier result in the investigations and effectively decide a case on evidence not before it.  *See Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015 (9th Cir. 1999) (finding a risk of unfair prejudice "because a jury might find it difficult to evaluate independently evidence  . . . after being informed of the investigating agency's final results"); *Lewis v. City of Chicago*, 590 F.3d 427, 442 (7th Cir. 2009) (affirming exclusion of evidence of prior investigations related to the same facts because of "the substantial risk that the jury would adopt the earlier conclusions").

Any use of the evidence to suggest that Defendants had a propensity to fix prices and consequently must have done so in this case, is impermissible "character" evidence.  Fed. R. Evid. 404(b).  "Evidence of specific wrongful conduct is not admissible . . . to show [a person] acted in conformity therewith."  *United States v. Hill*, 953 F.2d 452, 456 (9th Cir. 1991).  The jury is unlikely to be able to distinguish impermissible propensity inferences from other possible uses of the evidence.  Therefore, both Rules 403 and 404 preclude admission of evidence relating to foreign investigations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1      Moreover, any evidence of foreign investigations is cumulative of the extensive

2  discovery in this case relating to the alleged conspiratorial conduct.  "[A]ll the evidentiary

3  matter before the [foreign antitrust enforcers] could be presented to the jury in some other

4  form or fashion, and therefore, the only purpose to be served by admitting into evidence the

5  [investigations and resulting decisions] would be to suggest to the jury that it should reach the

6  same conclusion."  *Hall v. W. Prod. Co.*, 988 F.2d 1050, 1058 (10th Cir. 1993) (affirming

7  exclusion of state agency report); *Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19, 23 (6th

8  Cir. 1984) (affirming exclusion of House of Representatives subcommittee investigative

9  report because, *inter alia*, the case "could really be argued on the basis of what's already in

10  evidence and on reasonable inferences that might be drawn from those facts").

11      The risk of unfair prejudice, confusion and misleading the jury, impermissible

12  inferences, delay, and waste of time greatly outweigh any minimal-to-nonexistent probative

13  value the evidence might have.  Therefore, exclusion under Rules 403 and 404 is required.

14      **C.      Evidence Relating To Foreign Investigations Is Inadmissible Hearsay And
           Incapable Of Being Authenticated By A Knowledgeable Witness**

15

16      The decisions resulting from foreign investigations are also inadmissible hearsay.  Fed.

17  R. Evid. 801.  Plaintiffs may argue that this evidence is admissible under the "public records"

18  exception for "factual findings from a legally authorized investigation."  Fed. R. Evid.

19  803(8)(A)(iii).  The Court, however, has discretion to exclude the decisions or whatever

20  portions it deems to be untrustworthy.  Fed. R. Evid. 803(8)(B).  Here, there are a host of

21  factors that point towards the decisions' untrustworthiness:  the significant gap in time

22  between the conduct and the investigation, the lack of finality of the decisions (some of which

23  are still pending appeal from agency proceedings), the fact that many Defendants were not

24  subject to and thus had no opportunity to participate in the proceedings, the underlying

25  information considered by the foreign antitrust enforcer, whether the evidence underlying the

26  decision would be admissible in this Court, and whether the Court and parties have access to

27  the entire report without redactions.  *See, e.g.*, *Rambus, Inc. v. Infineon Tech. AG*, 222 F.R.D.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    101, 108-09 (E.D. Va. 2004) (excluding initial decision of Federal Trade Commission

2    administrative law judge as hearsay).

3        Moreover, Defendants anticipate that Plaintiffs will seek to offer evidence of these

4    foreign investigations, fines, or decisions by means of antitrust enforcement agency press

5    releases or similar statements from enforcement officials.  For example, DAP Plaintiffs have

6    identified a press release from the Korea Fair Trade Commission dated January 27, 2011 on

7    their initial exhibit list.  But even assuming that the substance of such statements were

8    relevant and more probative than unduly prejudicial, confusing, and misleading — and they

9    are not, for all the reasons discussed above in Sections I.A. and I.B — the press releases

10    constitute hearsay, as they are out-of-court statements offered by Plaintiffs for the truth of the

11    matter asserted.  Fed. R. Evid. 802.  Nor do such documents qualify for any hearsay

12    exception.  Because agency press releases are primarily designed to promote the reputation

13    and stature of the issuing agency, rather than soberly setting out a complete and balanced set

14    of "factual findings from a legally authorized investigation," they lack basic indicia of

15    trustworthiness, and thus do not qualify as public records under Rule 803(8).  As such, these

16    documents should be excluded.

17        Further, in the absence of extrinsic, foundational evidence, such as the testimony of a

18    knowledgeable witness, Plaintiffs will not be able to satisfy their burden of authenticating

19    these foreign agency press releases.  Foreign public documents are only self-authenticating if

20    "signed or attested by a person who is authorized by a foreign country's law to do so . . . and

21    accompanied by a final certification that certifies the genuineness of the signature and official

22    position of the signer or attestor."  Fed. R. Evid. 902(3).  None of the foreign press releases

23    Plaintiffs identified in their exhibit lists satisfy this requirement.  Because Plaintiffs cannot

24    authenticate these documents, they must be barred from admission for this reason as well.

25

26                 \*     \*     \*

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## IV.    CONCLUSION

For these reasons, the Court should grant this motion and exclude evidence or testimony concerning foreign investigations from trial.


Respectfully submitted,

Dated:  February 13, 2015          **WHITE & CASE** LLP


By:   ___/s/ Lucius B. Lau_____
      Christopher M. Curran (*pro hac vice*)
      ccurran@whitecase.com
      Lucius B. Lau (*pro hac vice*)
      alau@whitecase.com
      Dana E. Foster (*pro hac vice*)
      defoster@whitecase.com
      701 Thirteenth Street, N.W.
      Washington, DC  20005
      tel.: (202) 626-3600
      fax: (202) 639-9355

      *Counsel to Defendants Toshiba Corporation,*
      *Toshiba America, Inc., Toshiba America Consumer*
      *Products, LLC, Toshiba America Information*
      *Systems, Inc., and Toshiba America Electronic*
      *Components, Inc.*

      (With respect to the IPP, Best Buy, Sears, and Sharp
      actions only)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

By: ___/s/ *Rachel S. Brass*_____

Rachel S. Brass

**GIBSON, DUNN & CRUTCHER LLP**

JOEL S. SANDERS, SBN 107234

JSanders@gibsondunn.com

RACHEL S. BRASS, SBN 219301

RBrass@gibsondunn.com

AUSTIN SCHWING, SBN 211696

ASchwing@gibsondunn.com

555 Mission Street, Suite 3000

San Francisco, California 94105-2933

Telephone: 415.393.8200

Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**

WILLIAM S. FARMER, SBN 46694

WFarmer@FBJ-law.com

DAVID BROWNSTEIN, SBN 141929

DBrownstein@FBJ-law.com

JACOB ALPREN, SBN 235713

JAlpren@FBJ-law.com

235 Montgomery Street, Suite 835

San Francisco California 94104

Telephone 415.962.2876

Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

3

By:  __/s/ Leo D. Caseria_____

4

GARY L. HALLING (SBN 66087)

ghalling@sheppardmullin.com

5

JAMES L. MCGINNIS (SBN 95788)

jmcginnis@sheppardmullin.com

6

MICHAEL W. SCARBOROUGH (SBN 203524)

7

mscarborough@sheppardmullin.com

SHEPPARD MULLIN RICHTER & HAMPTON LLP

8

9

Four Embarcadero Center, 17th Floor

San Francisco, California 94111

10

Telephone: (415) 434-9100

11

Facsimile: (415) 434-3947

12

13

LEO D. CASERIA (SBN 240323)

lcaseria@sheppardmullin.com

SHEPPARD MULLIN RICHTER & HAMPTON LLP

14

15

333 South Hope Street, 43rd Floor

Los Angeles, California  90071-1448

16

Telephone: (213) 620-1780

17

Facsimile: (213) 620-1398

18

*Attorneys for Defendants Samsung SDI America, Inc.;*

19

*Samsung SDI Co., Ltd.; Samsung SDI (Malaysia)*

20

*SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.;*

*Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co.,*

21

*Ltd. and Tianjin Samsung SDI Co., Ltd.*

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

**MUNGER, TOLLES & OLSON LLP**

2

By:____/s/ Miriam Kim_____

3

JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com

4

MIRIAM KIM (State Bar No. 238230)

5

miriam.kim@mto.com

6

MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor

7

San Francisco, California 94105-2907
Telephone: (415) 512-4000

8

Facsimile: (415) 512-4077

9

10

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com

11

WILLIAM D. TEMKO (SBN 098858)

12

William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)

13

gregory.weingart@mto.com

14

E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com

15

MUNGER, TOLLES & OLSON LLP

16

355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560

17

Telephone: (213) 683-9100
Facsimile: (213) 687-3702

18

19

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com

20

FREITAS ANGELL & WEINBERG LLP

21

350 Marine Parkway, Suite 200
Redwood Shores, California 94065

22

Telephone: (650) 593-6300
Facsimile: (650) 593-6301

23

24

*Attorneys for Defendant LG Electronics, Inc.*

25

26

27

28

DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR TESTIMONY
PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917

**WINSTON & STRAWN LLP**

By:   */s/ Jeffrey L. Kessler*
         JEFFREY L. KESSLER (*pro hac vice*)
         JKessler@winston.com
         ALDO A. BADINI (SBN 257086)
         ABadini@winston.com
         EVA W. COLE (*pro hac vice*)
         EWCole@winston.com
         MOLLY M. DONOVAN (*pro hac vice*)
         MMDonovan@winston.com
         **WINSTON & STRAWN LLP**
         200 Park Avenue
         New York, NY 10166
         Telephone: (212) 294-6700
         Facsimile: (212) 294-4700

         STEVEN A. REISS (*pro hac vice*)
         steven.reiss@weil.com
         DAVID L. YOHAI (*pro hac vice*)
         david.yohai@weil.com
         ADAM C. HEMLOCK (*pro hac vice*)
         adam.hemlock@weil.com
         **WEIL, GOTSHAL & MANGES LLP**
         767 Fifth Avenue
         New York, New York 10153-0119
         Telephone: (212) 310-8000
         Facsimile: (212) 310-8007

         *Attorneys for Defendants Panasonic Corporation*
         *(f/k/a Matsushita Electric Industrial Co., Ltd.),*
         *Panasonic Corporation of North America, MT*
         *Picture Display Co., Ltd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR TESTIMONY
PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917

**BAKER BOTTS LLP**

By:    /s/ John M. Taladay
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
JOSEPH OSTOYICH (*pro hac vice*)
joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V.,
Philips Electronics North America Corporation,
Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**FAEGRE BAKER DANIELS LLP**

2

By:    */s/ Kathy L. Osborn*

3
Kathy L. Osborn (*pro hac vice*)

Ryan M. Hurley (*pro hac vice*)

4
Faegre Baker Daniels LLP

5
300 N. Meridian Street, Suite 2700

Indianapolis, IN  46204

6
Telephone: +1-317-237-0300

7
Facsimile: +1-317-237-1000

kathy.osborn@FaegreBD.com

8
ryan.hurley@FaegreBD.com

9

Jeffrey S. Roberts (*pro hac vice*)

10
Email: jeff.roberts@FaegreBD.com

11
Faegre Baker Daniels LLP

3200 Wells Fargo Center

12
1700 Lincoln Street

13
Denver, CO 80203

Telephone: (303) 607-3500

14
Facsimile: (303) 607-3600

15

Stephen M. Judge (*pro hac vice*)

16
Email: steve.judge@FaegreBd.com

17
Faegre Baker Daniels LLP

202 S. Michigan Street, Suite 1400

18
South Bend, IN 46601

19
Telephone: (574) 234-4149

Facsimile: (574) 239-1900

20

21
*Attorneys for Defendants Thomson SA and*

22
*Thomson Consumer Electronics, Inc.*

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    **SQUIRE PATTON BOGGS (US) LLP**

2    By:  */s/ Nathan Lane, III*

3

4    Nathan Lane, III (CA Bar No. 50961)
     Mark C. Dosker (CA Bar No. 114789)
5    SQUIRE PATTON BOGGS (US) LLP
     275 Battery Street, Suite 2600
6    San Francisco, California 94111
     Telephone:  (415) 954-0200
7    Facsimile:  (415) 393-9887
     E-mail:  nathan.lane@squiresanders.com
8    E-mail:  mark.dosker@squiresanders.com

9

10   Donald A. Wall (Pro Hac Vice)
11   SQUIRE PATTON BOGGS (US) LLP
     1 East Washington Street, Suite 2700
12   Phoenix, Arizona 85004
     Telephone: + 1 602 528 4005
13   Facsimile: +1 602 253 8129
     Email: donald.wall@squirepb.com
14

15

16   *Attorneys for Defendant Technologies Displays*
     *Americas LLC with respect to all cases except Office*
17   *Depot, Inc. v. Technicolor SA, et al. and Sears,*
     *Roebuck and Co., et al. v. Technicolor SA, et al.*
18

19   **CURTIS, MALLET-PREVOST, COLT &**
     **MOSLE LLP**
20

21   By: /s/  *Jeffrey I. Zuckerman*

22

23   Jeffrey I. Zuckerman (Pro Hac Vice)
     Ellen Tobin (Pro Hac Vice)
24   101 Park Avenue
     New York, New York 10178
25   Telephone: 212.696.6000
     Facsimile: 212.697.1559
26   Email: jzuckerman@curtis.com
     etobin@curtis.com
27

28

DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR TESTIMONY
PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917
2

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On February 13, 2015, I caused a copy of "DEFENDANTS' MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS" to be served via ECF on the other parties in this action.

> */s/ Lucius B. Lau*
> Lucius B. Lau

DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR TESTIMONY
PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917