Exhibit F

```
1                UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
2                 (SAN FRANCISCO DIVISION)

3                                    )
   IN RE:  CATHODE RAY TUBE (CRT)    )
4  ANTITRUST LITIGATION              )    Case No.
   _____)     07-5944 SC
5                                    )
   THIS DOCUMENT RELATES TO:         )    MDL No. 1917
6                                    )
   INDIRECT PURCHASER ACTIONS        )
7  _____)

8
        SUPERIOR COURT OF THE STATE OF CALIFORNIA
9            CITY AND COUNTY OF SAN FRANCISCO
   _____
10                                   )
   STATE OF CALIFORNIA, et al.,      )
11                                   )
              Plaintiffs,            )
12                                   )    Case No.
   vs.                               )    CGC-11-51584
13                                   )
   SAMSUNG SDI, INC., CO., LTD.,     )
14 et al.,                           )
                                     )
15            Defendants.            )
   _____)
16

17 VIDEOTAPED
   DEPOSITION OF:          DAVID RANDALL ROOKS
18
   TAKEN ON BEHALF OF:     TOSHIBA DEFENDANTS
19
   DATE TAKEN:             FRIDAY, NOVEMBER 30, 2012
20
   TIME:                   9:10 A.M. - 2:57 P.M.
21
   PLACE:                  20 NORTH ORANGE AVENUE
22                         SUITE 1600
                           ORLANDO, FLORIDA  32801
23
   TAKEN BEFORE:           NINETTE LONG, RPR, FPR, CLR
24                         AND NOTARY PUBLIC

25
```

1

**BARKLEY**
Court Reporters

1    perhaps the most expensive television you looked at?

2         A.   For a 31-inch CRT television, it would be my

3    guess that, yes, it probably was.  And that's why I

4    struggled with it.

5         Q.   Do you remember how much more your television

6    was than the other brands?

7         A.   No, I don't.

8         Q.   Did a user guide or manual come with your

9    product?

10        A.   Yes, it did.

11        Q.   Do you still have that?

12        A.   No, I don't.

13             (CRT Exhibit 593 was marked for

14        Identification.)

15   BY MS. NAIFEH:

16        Q.   I'd like to mark this as 593.  I represent

17   that I obtained this document from Panasonic's website.

18   Can you please tell me what this document is?

19        A.   Yeah.  It looks like -- it appears to be the

20   Panasonic color television operating instructions.

21        Q.   Okay.  Does it look familiar to you?

22        A.   It looks -- it looks familiar.

23        Q.   Does it look like the owner's manual that came

24   with your television?

25        A.   I don't know.

48

BARKLEY
Court Reporters

1     Q.   You don't know.

2     A.   Yeah.  I don't know.

3     Q.   Okay.  Can you identify the model number of

4 the television you purchased?

5     A.   If it's on the invoice.  That's the only way

6 I'd be able to identify it, the model number.

7     Q.   Okay.  So is that the only document you have

8 that would refresh your recollection?

9     A.   Yes.

10     Q.   Do you still have the Panasonic television?

11     A.   No.

12     Q.   Mr. Rooks, I'm going to hand you a document

13 that has been already marked as Exhibit 373.  So if you

14 could turn to the second page of this document where it

15 says Samsung Exhibit B34 at the top.

16     A.   Uh-huh.

17     Q.   Does this document look familiar to you?

18     A.   Yes.

19     Q.   Under No. 1, where it says CRT Product,

20 Panasonic Television Model CT36HX41, is that the model

21 number of your Panasonic television?

22     A.   If that's what it says on the invoice.

23     Q.   Okay.  Let's take a look at the invoice.

24     MS. NAIFEH:  So we don't have the copies yet,

25     do we, from --

49

BARKLEY
Court Reporters

1       foundation.

2            Can I have a standing objection, lacks

3       foundation, to any questions based on 596?

4   BY MS. NAIFEH:

5       Q.   Does this document refresh your recollection

6   that your television was a 36-inch television?

7            MR. GRALEWSKI:  Object to the form.  Lacks

8       foundation.

9            Counsel, can I have a standing objection to

10      any questions based on 596 as lack of foundation?

11           MS. NAIFEH:  Okay.

12           MR. GRALEWSKI:  Thank you.

13           You can answer the question.

14           THE WITNESS:  Okay.  That's a possibility.

15  BY MS. NAIFEH:

16      Q.   It's possible that it was a 36-inch

17  television.

18      A.   It's possible.  I don't recall.

19      Q.   Okay.

20      A.   I just know it was heavy.

21      Q.   But you stated that you -- you no longer own

22  the television?

23      A.   No, I don't.

24      Q.   And you never measured it, so it's possible

25  that it could be a 36-inch television.

73

BARKLEY
Court Reporters

1        Q.    Okay.  Were you concerned about -- what would

2   happen after the extended warranty expired?

3        A.    No.

4        Q.    Okay.  Why not?

5        A.    At that point in time, if we're talking about

6   four years, you're talking about an average of $500 a

7   year for a television set.  I was comfortable at that

8   point in time with that.  And then if after four or five

9   years I needed to get a new television set, then that

10  was fine.

11       Q.    Was the size of the television important?

12       A.    Yes.

13       Q.    Why?

14       A.    Bigger picture.

15       Q.    Were there other larger TVs you could have

16  bought?

17       A.    Yes.

18       Q.    And why didn't you buy those?

19       A.    Price.

20       Q.    Was the manufacturer of the cathode ray tube

21  important?

22       A.    No.

23       Q.    Do you know who manufactured the cathode ray

24  tube inside your television?

25       A.    No.

82

DAVID RANDALL ROOKS

BARKLEY
Court Reporters