GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. AND
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, No. 3:14-cv-02510-SC | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DEFENDANT CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE LATE-DISCLOSED EVIDENCE UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(c)(1)**<br><br>Date:     February 20, 2015<br>Time:    10 a.m.<br>Judge:   Hon. Samuel Conti |

## I. INTRODUCTION

ViewSonic Corporation ("ViewSonic") does not dispute many of the points made in Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s (collectively, "Chunghwa") Motion to Exclude Late-Disclosed Evidence.  Chunghwa filed a motion for partial summary judgment against ViewSonic's Sherman Act claim to the extent it is based on purchases from Tatung Company or Jean Company, Ltd. because indirect purchaser claims are prohibited under federal law and ViewSonic's purchases do not qualify for the ownership or control exception to the bar on indirect purchaser claims ("Summary Judgment Motion").  ViewSonic does not deny that it failed to timely disclose certain evidence it relies upon in its opposition to Chunghwa's Summary Judgment Motion or that the evidence was directly responsive to Chunghwa's interrogatories for all facts, documents, and witnesses supporting ViewSonic's ownership and control contentions.  Nor does ViewSonic deny that it violated Federal Rule of Civil Procedure 26(e)(1)(A) by failing to supplement its discovery responses and that the evidence relates to a "central issue" in the case.

Rather, ViewSonic's primary response is that the violation is harmless.  But that fact compounds the error here.  ViewSonic has no justification for failing to identify documents that it acknowledges are publicly available and could have found earlier with minimal diligence.  And Chunghwa cannot be expected to know which public information ViewSonic might use to advance its claims in this case; that is a purpose of discovery.  Nor can Chunghwa be expected to intuit that a witness would be produced on a central issue in this case when one was never timely identified.  Chunghwa has been prejudiced by the inability to depose the late-identified witness, Mr. Huang, or to ask any ViewSonic witness in deposition about the late-disclosed documents.

As explained in the Motion, Federal Rule of Civil Procedure 37(c)(1) governs this precise situation and precludes ViewSonic from "us[ing] that information [and] witness to supply evidence on a motion," because they were not timely disclosed as required by Rule 26(e).  Fed. R. Civ. Proc. 37(c)(1). ViewSonic fails to meet its burden to demonstrate that the exceptions to Rule 37(c)(1) sanctions apply—i.e., that its failure to comply with Rule 26(e) was "substantially justified" or "harmless."  *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir.

2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); Fed. R. Civ. Proc. 37(c)(1).  This evidence should be stricken under Rule 37(c)(1).

## II.   ARGUMENT

### A.   ViewSonic Has Failed to Demonstrate That the Late Disclosure Was "Substantially Justified" or "Harmless"

ViewSonic has failed to meet its burden to show that its violation of the discovery rules was "substantially justified" or "harmless" so as to avoid the consequences of Rule 37(c)(1), which the Ninth Circuit has described as a "self-executing, automatic sanction to provide[] a strong inducement for disclosure of material." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. Proc. 37 advisory committee's note (1993)) (internal citations omitted); *see also id.* (noting that the implementation of this rule in the 1993 amendments "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule").  Each of the factors cited by ViewSonic weighs in favor of excluding the evidence.  Opp. at 4.  These factors are: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 5:11-cv-03786-PSG, 2013 WL 6070414 (N.D. Cal. Nov. 18, 2013) (quoting *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011)).

*First*, ViewSonic has no justification for its failure to disclose the evidence earlier. ViewSonic does not dispute that the evidence was directly responsive to Chunghwa's discovery requests.  ViewSonic agrees with Chunghwa that the ownership and control inquiry is a "central issue" in this case, given that all of its purchases are indirect, and does not deny that it has known of this issue from the beginning of the case.  Opp. at 9.  None of the explanations offered by ViewSonic explains why it did not timely supplement its discovery responses, or indicate that there is some kind of exception to discovery obligations for information that is in the public sphere.  Litigation is not a game of guess work; the very purpose of discovery is to allow parties to understand the facts and evidence in the case so that each side can litigate fairly.  *See United States v. Procter & Gamble Co.*,

356 U.S. 677, 682 (1958) ("Modern instruments of discovery . . . . together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."). Regarding the late-disclosed witness, ViewSonic's only defense is that they found Mr. Huang after the close of discovery. But that too is no answer; the discovery rules were implemented to avoid this very type of "surprise" after the close of discovery. *Id.* This factor weighs in favor of excluding the evidence.

*Second*, Chunghwa was surprised by this new evidence disclosed for the first time in ViewSonic's opposition to Chunghwa's Summary Judgment Motion because it believed ViewSonic had previously disclosed all of the evidence and witnesses it intended to rely upon for its *Royal Printing* arguments. As explained in the Motion, in August 2014, Chunghwa served several interrogatories requesting that ViewSonic identify all facts, documents, and witnesses relating to its ownership and control contentions. Schwing Decl. in Supp. of Mot., Ex. A. In response, ViewSonic identified primarily annual reports and did not identify the documents at issue or Mr. Huang. *Id.*, Ex. B. ViewSonic does not deny that these documents and witness were not previously disclosed or identified to Chunghwa.

ViewSonic argues that "Chunghwa cannot legitimately claim to have been surprised" by publicly available information about Chunghwa's own business and operations. Opp. at 5. But this argument misunderstands the nature of the surprise that Rule 37 seeks to prevent—the surprise was that Chunghwa did not know that ViewSonic would rely upon this evidence in support of its ownership and control claim. *See Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004) (imposing sanctions under Rule 37 for failure to produce information because "[e]ven assuming [plaintiff] already had some of the information . . . or could have obtained it from other sources, this does not excuse [defendants'] failure to respond to the discovery requests"). "An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed . . . and which facts must be resolved at trial." *Id.* And ViewSonic's argument is also factually false: two of the late-disclosed documents are from the website of Tatung Company, a wholly separate company from Chunghwa.

The cases that ViewSonic cites in support of its "lack of surprise" argument are inapposite, because they involve situations where the late-disclosed evidence was already in the record, previously identified in initial disclosures, or involved simple mathematical computations based on information already in the party's possession. *See* Opp. at 6-7; *Lam v. City & Cnty. of San Francisco*, 565 F. App'x 641, 642-43 (9th Cir. 2014) (failure to disclose a witness was harmless where the testimony was cumulative of documents "*already in the record*") (emphasis added); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1119-20 (N.D. Cal. 2011) (failure to disclose a witness declaration was harmless because the "declaration merely authenticated" records already *identified in the initial disclosures*); *Maharaj v. California Bank & Trust*, 288 F.R.D. 458, 462-64 (E.D. Cal. 2013) (late disclosure of plaintiff employee's computations of damages based on lost wages and benefits was harmless because defendant employer possessed records of the wages and benefits paid to Plaintiff and therefore "the information on which these damages are calculated is already in Defendant's possession"). These cases are not instructive here. This factor also weighs in favor of excluding the evidence.

*Third*, it is not possible to cure the surprise caused by the late disclosure because ViewSonic relies on the evidence in its Opposition to the Summary Judgment Motion, and Chunghwa did not have the opportunity to ask any ViewSonic witness in deposition about the documents or depose Mr. Huang.[1] Chunghwa disputes the many inferences that ViewSonic attempts to draw from these documents in its Opposition.[2] For example, as explained in Chunghwa's Reply in support of the Summary Judgment Motion, ViewSonic's assertion that a one-sentence statement from Tatung's 2014 Annual Meeting of Shareholders Handbook that Tatung "arranged Chunghwa Picture Tubes Co. Ltd. to purchase the shares of Giantplus Technology Co. Ltd" is not evidence of any control by Tatung over Chunghwa. Case No. 07-cv-5944, ECF No. 3476 ("Reply"), at 5. Had Chunghwa known that ViewSonic intended to rely on this document, it may have, for example, sought discovery

---

[1] No other ViewSonic witness testified regarding ownership and control issues.

[2] ViewSonic incorrectly states in its Opposition that Chunghwa did not dispute any of the translations of the annual reports. Opp. at 6 n. 2. Chunghwa's in its Reply, however, objected to ViewSonic's translations of certain of Chunghwa's annual reports. Reply at 14 n.12.

1 related to the statement from Tatung.  But it had no reason to consider that, when ViewSonic did not mention it in any discovery response.  This factor also weighs in favor of excluding the evidence.[3]

*Fourth*, although the original trial date has been vacated, re-opening discovery to alleviate the prejudice to Chunghwa would disrupt the "schedule laid out by the court months in advance, and understood by the parties." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005). Discovery closed long ago, and the parties are well into the trial preparation process.  As the Ninth Circuit has explained, "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Id.*  This factor weighs at least slightly in favor of excluding the evidence.

*Finally*, the late-disclosed evidence is not important to ViewSonic's ownership and control claim, and the Court can still address ViewSonic's claim on the merits without considering this evidence.  If any of this evidence was truly important, ViewSonic would have conducted a diligent search and found the publicly available documents and identified a witness on the ownership and control issue earlier.  Indeed, ViewSonic does not even claim that the evidence is necessary for its ownership and control claim.  This final factor therefore weighs in favor of excluding the evidence.

Thus, ViewSonic fails to demonstrate that its discovery violation was substantially justified or harmless.

//
//
//
//
//
//
//
//

---

[3] ViewSonic argues that Chunghwa itself relied on two of the late-disclosed documents, and therefore Chunghwa's surprise has somehow been cured. Opp. at 4, 8. But the fact that Chunghwa pointed to language in the documents that controverts ViewSonic's arguments does not cure the surprise, and Chunghwa is still prejudiced for the reasons described.

### III. CONCLUSION

For the foregoing reasons, Chunghwa requests that the Court exclude Heaven Declaration, Exhibits 2, 5, 7, and 10 from the summary judgment record, and that ViewSonic be precluded from attempting to use these documents in any trial.

DATED: February 13, 2015                GIBSON, DUNN & CRUTCHER LLP

By:   /s/Rachel S. Brass
         Rachel S. Brass

Attorneys for Defendants

CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA) SDN.

101878691.4