Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc.,
Toshiba America Consumer Products, LLC,
Toshiba America Information Systems, Inc.,
and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*The Indirect Purchaser Action* | **THE TOSHIBA DEFENDANTS' MOTION FOR AN ORDER TO DIRECT CERTAIN INDIRECT PURCHASER CLASS REPRESENTATIVES TO TESTIFY LIVE AT TRIAL**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:   August 7, 2015<br>Time:   10:00 a.m.<br>Judge:  Hon. Samuel Conti |

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I.    STATEMENT OF THE ISSUE ....................................................................................... 1

II.   INTRODUCTION ............................................................................................................ 1

III.  ARGUMENT .................................................................................................................... 2

IV.  CONCLUSION ................................................................................................................. 4

THE TOSHIBA DEFENDANTS' MOTION FOR AN ORDER TO DIRECT CERTAIN INDIRECT
PURCHASER CLASS REPRESENTATIVES TO TESTIFY LIVE AT TRIAL
Case No. 07-5944 SC
MDL No. 1917

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Garcia–Martinez v. City and County of Denver*,
  392 F.3d 1187 (10th Cir. 2004) ........................................................................................... 3

*In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colo., on Nov. 15, 1987*,
  720 F. Supp. 1493 (D.Colo. 1989) ....................................................................................... 3

*Napier v. Bossard*,
  102 F.2d 467 (2d Cir. 1939) ................................................................................................. 3

*Obrey v. England*,
  215 Fed. Appx. 621, 2006 WL 3825350 (9th Cir. Dec. 26, 2006) ....................................... 3

*Thomas v. Cook County Sheriff's Dept.*,
  604 F.3d 293 (7th Cir. 2009) ................................................................................................ 2

*United States v. Yida*,
  498 F.3d 945 (9th Cir. 2007) ................................................................................................ 3

*VIIV Healthcare Co. v. Mylan, Inc.*,
  No. 12–cv–1065 RGA, 2014 WL 2195082 (D.Del. May 23, 2014) ............................... 2, 3

**Rules**

Fed. R. Civ. P. 32 ......................................................................................................................... 2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' MOTION FOR AN ORDER TO DIRECT CERTAIN INDIRECT
PURCHASER CLASS REPRESENTATIVES TO TESTIFY LIVE AT TRIAL
Case No. 07-5944 SC
MDL No. 1917
ii

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants") will and hereby do move the Court, under Rule 32 of the Federal Rules of Civil Procedure, for an order compelling the live testimony of the Indirect Purchaser Class Representatives at trial.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF THE ISSUE**

Whether the named class representatives of the IPP classes should be excused from testifying live at trial and, instead, be permitted to appear through the replay or reading of deposition testimony.

**II.   INTRODUCTION**

The IPPs have indicated in pre-trial disclosures that they do not intend to bring all of their named class representatives to testify live at trial during the IPPs' case-in-chief. Instead, the IPPs plan on calling only the California class representatives as live witnesses. The IPPs have also indicated that they intend to use deposition testimony for the remaining class representatives.

The IPPs' refusal to bring all of the class representatives to testify live at trial is unjustified and undermines the law's strong preference for live testimony. Furthermore, it deprives the Toshiba Defendants of the opportunity to test the credibility of the representatives live. Consequently, the Court should order the IPPs to bring to trial those class representatives as designated by the Toshiba Defendants.

## III. ARGUMENT

Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure provides that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition . . . ." Courts have read this rule as requiring a party to make reasonable efforts to bring a witness to trial before that party may use a deposition in lieu of live testimony. For example, in *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 308 (7th Cir. 2009), the Seventh Circuit stated as follows with respect to Rule 32(a)(4)(B): "Implicit in this rule is an obligation to use reasonable diligence to secure the witness's presence, and the district court has broad discretion to determine whether the proponent has satisfied this requirement."

In other words, "Rule 32(a)(4) is not an automatic mechanism for granting deposition testimony in lieu of live testimony." *VIIV Healthcare Co. v. Mylan, Inc.*, No. 12–cv–1065 RGA, 2014 WL 2195082, at *1 (D. Del. May 23, 2014) ("Other cases hold that the mere fact a party is more than 100 miles from the courthouse does not require the district court to automatically admit a party's deposition") (quoting *Garcia–Martinez v. City and County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004)).

Furthermore, federal courts have a strong preference for live testimony, dating back to Judge Learned Hand, who stated: "The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939). The Ninth Circuit has articulated this "preference for live testimony" over testimony taken earlier in a case because it "gives the jury the opportunity to observe the demeanor of the witness while testifying." *U.S. v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007) (recounting longstanding preference for live testimony before the jury); *see also Obrey v. England*, 215 Fed. App'x 621, 2006 WL 3825350, at *1 (9th Cir. Dec. 26, 2006) (expressing the Ninth Circuit's "strong preference for oral testimony in open court"). That preference is in accord with Rule 32(a)(4)(E) of the Federal Rules of Civil Procedure, which stresses "the importance of live testimony in open court."

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

"The preference for a witness's attendance at trial is axiomatic . . . This is especially true when the witness is the plaintiff." *Garcia-Martinez*, 392 F.3d at 1191-92 (citing 7 James Wm. Moore, *et al.*, Moore's Federal Practice § 32.24[5] (3d ed. 2003)). Indeed, "courts must consider *all* the relevant circumstances in determining whether to admit deposition testimony in lieu of live testimony." *VIIV Healthcare*, 2014 WL 2195082, at *1 (holding that, although the two witnesses both resided over 100 miles from the courthouse, the plaintiffs "failed to show why they [were] unable to procure them for trial, let alone that they . . . made any attempt at doing so.") (emphasis added); *see also In re Air Crash Disaster at Stapleton Int'l Airport, Denver, Colo., on Nov. 15, 1987*, 720 F. Supp. 1493, 1501–02 (D. Colo. 1989) (holding that the "mere inconvenience" to the witness who lived outside the 100 mile radius established by Rule 32 did not outweigh the substantial need to evaluate the demeanor of that witness in person).

These authorities establish that the IPPs have an obligation to use reasonable diligence to secure the presence of the class representatives at trial, especially considering that these class representatives are plaintiffs. Given that the class representatives all reside in the United States and have obligated themselves to prosecuting this action on behalf of a class, there is no reason why the class representatives should be excused from testifying live at trial. And the authorities establish that such live testimony is highly favored over the replaying or reading of depositions.

In this action, the live appearance of the class representatives is particularly warranted, as their credibility is crucial. Most of the class representatives do not have any documentary evidence of their alleged purchases of CRT finished products. The IPPs rely upon the testimony of the class representatives to establish the alleged purchase as well as the price, location, and timing of the alleged purchase. These facts are essential, because each class representative must establish that he or she purchased the relevant product and did so in the appropriate location and period called for in the definition of the class he or she purports to represent. Furthermore, not all class representatives' depositions were recorded by video, making it even more difficult for the jury to assess those individuals' demeanor and

1  credibility. With credibility so crucial, the jury should be able to size up each class
2  representative live and in person.

3  **IV.    CONCLUSION**

4        For these reasons, the Court should grant this motion and allow the Toshiba
5  Defendants to conduct an examination of the IPPs' class representatives live at trial.

                                        Respectfully submitted,

Dated:  February 13, 2015        **WHITE & CASE** LLP

                                By:   */s/ Lucius B. Lau*
                                     Christopher M. Curran (*pro hac vice*)
                                     ccurran@whitecase.com
                                     Lucius B. Lau (*pro hac vice*)
                                     alau@whitecase.com
                                     Dana E. Foster (*pro hac vice*)
                                     defoster@whitecase.com
                                   701 Thirteenth Street, N.W.
                                   Washington, DC  20005
                                   tel.: (202) 626-3600
                                   fax: (202) 639-9355

                                   *Counsel to Defendants Toshiba Corporation,*
                                   *Toshiba America, Inc., Toshiba America Consumer*
                                   *Products, LLC, Toshiba America Information*
                                   *Systems, Inc., and Toshiba America Electronic*
                                   *Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CERTIFICATE OF SERVICE**

On February 13, 2015, I caused a copy of "TOSHIBA DEFENDANTS MOTION FOR AN ORDER TO DIRECT CERTAIN INDIRECT PURCHASER CLASS REPRESENTATIVES TO TESTIFY LIVE AT TRIAL'" to be served via ECF on the other parties in this action.

  */s/ Lucius B. Lau*
  Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' MOTION FOR AN ORDER TO DIRECT CERTAIN INDIRECT PURCHASER CLASS REPRESENTATIVES TO TESTIFY LIVE AT TRIAL
Case No. 07-5944 SC
MDL No. 1917