JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

BRAD D. BRIAN (State Bar no. 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
E. MARTIN ESTRADA (State Bar No. 223802)
martin.estrada@mto.com
GREGORY J. WEINGART (State Bar No. 157997)
gregory.weingart@mto.com
JESSICA BARCLAY-STROBEL (State Bar No. 280361)
jessica.barclay-strobel@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

ROBERT E. FREITAS (State Bar No. 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

*Additional Moving Defendants and Counsel Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC<br>MDL NO. 1917 |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, | **DEFENDANTS' MOTION IN LIMINE # 5: TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION**<br><br>Judge:   Hon. Samuel Conti<br>Date:    None Set<br>Ctrm:   1, 17th Floor |

3:07-cv-05944-SC; MDL 1917

DEFS' MOT. IN LIMINE #5: TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION

1  No. 13-cv-05264

2  *Sears, Roebuck and Co. and Kmart Corp. v.*
3  *Technicolor SA,* No. 3:13-cv-05262

4
   *Sears, Roebuck and Co. and Kmart Corp. v.*
5  *Chunghwa Picture Tubes, Ltd.,* No. 11-cv-
   05514
6
7  *Sharp Electronics Corp., et al. v. Hitachi*
   *Ltd., et al.*, No. 13-cv-1173
8
   *Sharp Electronics Corp., et al. v. Koninklijke*
9  *Philips Elecs., N.V., et al.,* No. 13-cv-2776

10 *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502

11 *Siegel v. Technicolor SA,* No. 13-cv-05261

12 *Target Corp. v. Chunghwa Picture Tubes,*
13 *Ltd.*, No. 11-cv-05514

14 *Target Corp. v. Technicolor SA,* No. 13-cv-
   05686
15
16 *ViewSonic Corporation v. Chunghwa*
   *Picture*
17 *Tubes Ltd.*, No. 14-cv-2510

18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned defendants ("Defendants")[1] will and hereby do move the Court, under Rules 401, 402, 403 and 802 of the Federal Rules of Evidence, to exclude the guilty plea by Defendant Samsung SDI Company, Ltd. ("SDI") or, alternatively, to provide a limiting instruction as required by Rule 105 of the Federal Rules of Evidence, for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

This motion seeks to exclude the guilty plea by Defendant Samsung SDI Company, Ltd. ("SDI") regarding price-fixing of color display tubes ("CDTs") against any party other than SDI and to limit its use against SDI. The SDI guilty plea cannot be admitted against SDI's codefendants because "the guilty plea or conviction of a codefendant may not be offered . . . as substantive evidence of the guilt of those on trial." *United States v. Halbert,* 640 F.2d 1000, 1004 (9th Cir. 1981). If the SDI plea is admitted against SDI, the jury must be given a limiting instruction that the plea cannot be considered for any purpose with respect to any other Defendant and can be used against SDI only to establish facts "necessarily decided" in the criminal action. *United States v. Real Prop. Located at Section 18*, 976 F.2d 515, 519 (9th Cir. 1992); Fed. R. Evid. 105.

**I.   The SDI Plea Agreement Is Not Admissible As To Non-Pleading Defendants**

SDI's plea agreement should not be admitted with respect to any SDI codefendant. The Ninth Circuit has instructed that "[a]s a principle of general acceptance, the guilty plea or

---

[1] Each Defendant moves only as to the cases in which it remains active.

conviction of a codefendant may not be offered . . . as substantive evidence of the guilt of those on trial." *Halbert,* 640 F.2d at 1004; *United States v. Newman,* 490 F.2d 139, 143 (3d Cir. 1974) ("[G]uilty pleas and convictions of codefendants are not admissible to demonstrate the guilt of defendants yet to be convicted."). As such, "both trial and reviewing courts have responsibility to insure that evidence of the plea is being offered by the prosecutor and used by the jury only for a permissible purpose." *Halbert,* 640 F.2d at 1005. Courts admit plea agreements against another party only if that party has an agency relationship with the party pleading guilty. *See e.g.*, *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995) (admissions in guilty plea agreement of Ponzi scheme principal admissible under Rule 803(22) in civil action against persons other than principal).

Furthermore, the SDI plea should be excluded as to codefendants because it is inadmissible hearsay. Fed. R. Evid. 801. A guilty plea does not qualify for the co-conspirator exception because it is not a statement "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Nor can Plaintiffs rely on Rule 804(b)(3)'s exception for "statements against interest" unless they can demonstrate that the pleading entity or individual was unavailable to testify at trial. Fed. R. Evid. 804(a)(5(B).

Here, no defendant has pled guilty to a conspiracy to fix prices for CDTs other than SDI, and no defendant has pled guilty to the alleged conspiracy to fix prices for color picture tubes ("CPTs"). No other defendant is mentioned in the SDI plea agreement. (*See* Declaration of Jessica Barclay-Strobel ("Barclay-Strobel Decl."), Ex. A (May 12, 2011, SDI plea agreement) at 3-4.) Nor is there any agency relationship alleged between SDI and any codefendant. Therefore, the SDI plea agreement must not be admitted to any of the other defendants.

## II. The Plea Can Be Admitted Against SDI Only To Establish The Facts Necessarily Decided In The Criminal Action

Even with respect to SDI, the guilty plea can be used only to establish facts "necessarily decided" in the criminal action. *See Real Prop. Located at Section 18*, 976 F.2d at 519; *see also In re Homestore.com, Inc.*, No. CV 01-11115 RSWL (CWx), 2011 WL 291176 *3 (C.D. Cal. Jan. 25, 2011) (requiring "cautionary jury instructions" that the defendant's guilty plea for securities

violations did not establish civil liability for securities claims because plea agreement "did not address all the required elements in Plaintiff's [civil] 10b-5 claim, such as reliance or economic loss").

Here, the SDI plea agreement involves facts that are far more narrow than Plaintiffs' claim in this case. While Plaintiffs allege a broad, worldwide conspiracy that lasted from March 1995 to November 2007, covering both CDTs and CPTs (*see, e.g.* Best Buy Complaint ¶181, [Case No. 3:07-cv-05944-SC, ECF No. 1978] )—the SDI plea agreement is restricted to activity during a narrower time period from "January 1997" to "March 2006," and covers a small subset of CDTs—not CPTs—that were sold "to customers in the United States and elsewhere." (*See* Barclay-Strobel Decl., Ex. A at 2-3 (Factual Basis). None of SDI's U.S. CDT customers are Plaintiffs in this litigation. (SDCRT-0083118.)

Therefore, to the extent that the plea may be admitted against SDI, it would only be as to establish this narrower set of facts.

### III.   Limiting Instructions Are Necessary If The SDI Plea Agreement Is Admitted

If the SDI plea agreement is admitted as to SDI, the Court should give the jury limiting instructions. The Ninth Circuit has explained that "adequate cautionary instructions" that "the plea could be used only for a limited purpose" are needed to avoid the "danger" of the jury using the plea for an improper purpose. *Halbert,* 640 F.2d at 1006; Fed. R. Evid. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly."). The "most effective practice" is to "instruct the jury when the evidence of the plea is admitted, and again in final instructions." *Halbert,* 640 F.2d at 1006-07 (reversing defendant's conviction "for want of appropriate instructions to the jury on the limited purpose for which the pleas could be used").

An "acceptable" limiting instruction "must address the purpose for which the evidence may be considered and exclude from the jury's mind" any improper purposes. *Id.* at 1006-07.

1    If the SDI plea agreement is admitted against SDI, Defendants propose that the Court
2 provide the following instruction to the jury at the time the plea is admitted and again at the end of
3 the trial:

4     Some evidence may be admitted for a limited purpose only.

5     When I instruct you that an item of evidence has been admitted for a limited
6     purpose, you must consider it only for that limited purpose and for no other
7     purpose.

8     You are about to hear [have heard] evidence that one defendant, Samsung
9     SDI Company, Ltd., pled guilty and was convicted based on that guilty plea of
10     price fixing certain CDT Monitor Tubes during the period of January 1997 through
11     March 2006.

12     The guilty plea by Samsung SDI Company, Ltd. is evidence only of facts
13     admitted in the guilty plea.  Therefore, you may consider this guilty plea only for
14     the limited purpose of determining the specific facts admitted in the plea and you
15     may not consider the plea as evidence of any other facts.

16     Also, you may consider this plea as evidence only against Samsung. SDI
17     Company, Ltd., and not as to any other defendant in this case. Guilty pleas may not
18     be considered by you to prove a disposition to commit crimes, and may not be used
19     as evidence that any other defendant is liable or  participated in a conspiracy.  No
20     defendant other than Samsung SDI Company, Ltd. has pled guilty or otherwise
21     been charged or convicted with regard to a conspiracy involving CDT Monitor
22     Tubes.

23 *See Ninth Circuit Manual of Model Civil Jury Instructions*, No. 1.8 (2014 ed.) (Evidence for
24 Limited Purpose) (modified).

25     For the foregoing reasons, Defendants respectively request that this Court grant their
26 motion *in limine* to exclude the SDI plea as to non-pleading defendants and to limit its use even
27 against SDI to establish the facts necessarily decided by the plea.  If the plea is admitted, the jury
28

should be provided a limiting instruction at the time that the plea is introduced into evidence and in the Court's final instructions at the conclusion of the trial.

Dated:  February 13, 2015               Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By: */s/ Miriam Kim*
MIRIAM KIM
JEROME C. ROTH (SBN 159483)
jerome.roth@mto.com
MIRIAM KIM (SBN 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
william.temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
JESSICA BARCLAY-STROBEL (SBN 280361)
jessica.barclay-strobel@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue

|   |   |
|---|---|
| 1 | New York, NY 10166 |
|   | Telephone: (212) 294-6700 |
| 2 | Facsimile: (212) 294-4700 |
| 3 | STEVEN A. REISS (*pro hac vice*) |
|   | steven.reiss@weil.com |
| 4 | DAVID L. YOHAI (*pro hac vice*) |
|   | david.yohai@weil.com |
| 5 | ADAM C. HEMLOCK (*pro hac vice*) |
|   | adam.hemlock@weil.com |
| 6 | **WEIL, GOTSHAL & MANGES LLP** |
|   | 767 Fifth Avenue |
| 7 | New York, New York 10153-0119 |
|   | Telephone: (212) 310-8000 |
| 8 | Facsimile: (212) 310-8007 |
| 9 | *Attorneys for Defendants Panasonic Corporation* |
|   | *(f/k/a Matsushita Electric Industrial Co., Ltd.),* |
| 10 | *Panasonic Corporation of North America, and MT* |
|   | *Picture Display Co., Ltd.* |
| 11 |   |
| 12 | KIRKLAND & ELLIS LLP |
| 13 | By: */s/ Eliot A. Adelson* |
|   | ELIOT A. ADELSON (SBN 205284) |
| 14 | JAMES MAXWELL COOPER (SBN 284054) |
|   | **KIRKLAND & ELLIS LLP** |
| 15 | 555 California Street, 27th Floor |
|   | San Francisco, California 94104 |
| 16 | Tel: (415) 439-1400 |
|   | Facsimile: (415) 439-1500 |
| 17 | E-mail: eadelson@kirkland.com |
|   | E-mail: max.cooper@kirkland.com |
| 18 |   |
|   | James H. Mutchnik, P.C. (*pro hac vice*) |
| 19 | Barack Echols (*pro hac vice*) |
|   | **KIRKLAND & ELLIS LLP** |
| 20 | 300 North LaSalle |
|   | Chicago, Illinois 60654 |
| 21 | Tel: (312) 862-2000 |
|   | Facsimile: (312) 862-2200 |
| 22 | Email: jutchnik@kirkland.com |
|   | Email: bechols@kirkland.com |
| 23 |   |
|   | *Attorneys for Defendants Hitachi, Ltd., Hitachi* |
| 24 | *Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi* |
|   | *America, Ltd., Hitachi Asia, Ltd., and Hitachi* |
| 25 | *Electronic Devices (USA), Inc.* |
| 26 |   |
|   | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 27 |   |
|   | By: */s/ Gary L. Halling* |
| 28 | GARY L. HALLING (SBN 66087) |

```
                                    ghalling@sheppardmullin.com
                                    JAMES L. MCGINNIS (SBN 95788)
                                    jmcginnis@sheppardmullin.com
                                    MICHAEL W. SCARBOROUGH (SBN 203524)
                                    mscarborough@sheppardmullin.com
```
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

FAEGRE BAKER DANIELS LLP

By: */s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
**Faegre Baker Daniels LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
**Faegre Baker Daniels LLP**
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
**Faegre Baker Daniels LLP**
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

BAKER BOTTS LLP

By: /s/ *John M. Taladay*
JOHN M. TALADAY (pro hac vice)
john.taladay@bakerbotts.com
JOSEPH OSTOYICH (pro hac vice)
joseph.ostoyich@bakerbotts.com
ERIK T. KOONS (pro hac vice)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (pro hac vice)
charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

**GIBSON, DUNN & CRUTCHER LLP**

By: /s/ *Rachel S. Brass*

JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104

8  3:07-cv-05944-SC; MDL 1917
DEFS' MOT. IN LIMINE #5: TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION

```
 1                                  Telephone 415.962.2876
                                    Facsimile: 415.520.5678
 2
                                    Attorneys for Defendants Chunghwa Picture Tubes, Ltd
 3                                  and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

 4
                                    SQUIRE PATTON BOGGS (US) LLP
 5
                                    By:  /s/ Nathan Lane, III
 6                                  Nathan Lane, III (CA Bar No. 50961)
                                    Mark C. Dosker (CA Bar No. 114789)
 7                                  SQUIRE PATTON BOGGS (US) LLP
                                    275 Battery Street, Suite 2600
 8                                  San Francisco, California 94111
                                    Telephone:  (415) 954-0200
 9                                  Facsimile:  (415) 393-9887
                                    E-mail:  nathan.lane@squiresanders.com
10                                  E-mail:  mark.dosker@squiresanders.com

11                                  Donald A. Wall (Pro Hac Vice)
                                    SQUIRE PATTON BOGGS (US) LLP
12                                  1 East Washington Street, Suite 2700
                                    Phoenix, Arizona 85004
13                                  Telephone: + 1 602 528 4005
                                    Facsimile: +1 602 253 8129
14                                  Email: donald.wall@squirepb.com

15                                  Attorneys for Defendant Technologies Displays
                                    Americas LLC with respect to all cases except Office
16                                  Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck
                                    and Co., et al. v. Technicolor SA, et al.
17
                                    CURTIS, MALLET-PREVOST, COLT & MOSLE
18                                  LLP

19                                  By: /s/    Jeffrey I. Zuckerman

20                                  Jeffrey I. Zuckerman (Pro Hac Vice)
                                    Ellen Tobin (Pro Hac Vice)
21                                  101 Park Avenue
                                    New York, New York 10178
22                                  Telephone: 212.696.6000
                                    Facsimile: 212.697.1559
23                                  Email: jzuckerman@curtis.com
                                    etobin@curtis.com
24
                                    Arthur Gaus (SBN 289560)
25                                  DILLINGHAM & MURPHY, LLP
                                    601 California Street, Suite 1900
26                                  San Francisco, California 94108
                                    Telephone: 415.397.2700
27                                  Facsimile: 415.397.3300
                                    Email: asg@dillinghammurphy.com
28
```

DEFS' MOT. IN LIMINE #5: TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-
PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**WHITE & CASE LLP**

By: */s/ Lucius B. Lau*

CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**JENNER & BLOCK LLP**

By: /s/ *Gabriel A. Fuentes*

JENNER & BLOCK LLP
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric*

1
2
*Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

3   Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this
4 document has been obtained from each of the above signatories.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28