Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation*

Additional Counsel on Signature Page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;<br><br>*Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.,* No. 13-cv-2776 SC. | Case No. 07-5944 SC<br><br>**JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:       None set<br>Time:       10:00 a.m.<br>Place:       Courtroom No. 1<br><br>Hon. Samuel Conti |

**REDACTED VERSION OF THE DOCUMENT SOUGHT TO BE SEALED**

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................... 1
MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1
    I.    STATEMENT OF THE ISSUE ................................................................................ 1
    II.    INTRODUCTION ..................................................................................................... 1
    III.    ARGUMENT ............................................................................................................. 2
        A.    Sharp purports to bring a rule of reason claim that it did not allege in its complaint .......................................................................................... 2
        B.    Sharp should be precluded from introducing evidence related to a rule of reason violation that it did not plead ................................................. 4
        C.    Rule 403 requires exclusion of rule-of-reason evidence because the probative value is substantially outweighed by the risk of unfair prejudice ........................................................................................................... 5
    IV.    CONCLUSION .......................................................................................................... 5

i

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bhan v. NME Hosps., Inc.*,
   929 F.2d 1404 (9th Cir. 1991)................................................................................................ 3

*Big Bear Lodging Ass'n v. Snow Summit, Inc.*,
   182 F.3d 1096 (9th Cir. 1999)................................................................................................ 3

*Dream Games of Arizona, Inc. v. PC Onsite*,
   561 F.3d 983 (9th Cir. 2009).................................................................................................. 4

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
   602 F.3d 237 (3d Cir. 2010)................................................................................................... 4

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
   523 F.3d 1051 (9th Cir. 2008)................................................................................................ 5

*Massey v. Helman*,
   196 F.3d 727 (7th Cir. 2000).................................................................................................. 4

*Parker v. Joe Lujan Enters, Inc.*,
   848 F.2d 118 (9th Cir. 1988).................................................................................................. 5

*Tanaka v. Univ. of S. California*,
   252 F.3d 1059 (9th Cir. 2001)................................................................................................ 3

*Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*,
   875 F.2d 1369 (9th Cir. 1989)................................................................................................ 5

*Todd v. Exxon Corp.*,
   275 F.3d 191 (2d Cir. 2001)................................................................................................... 3

*U.S. v. U.S. Gypsum Co.*,
   438 U.S. 422 (1978)............................................................................................................... 3

*Wall Data Inc. v. Los Angeles County Sheriff's Dep't*,
   447 F.3d 769 (9th Cir. 2006).................................................................................................. 5

**OTHER AUTHORITIES**

Fed. R. Evid. 403 ........................................................................................................................ 1

ii

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel Conti, the undersigned defendants ("Defendants") will and hereby do move the Court, under Rule 403 of the Federal Rules of Evidence, to exclude Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") from introducing any evidence introducing evidence related to a violation of the antitrust laws under a rule of reason analysis for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Tiffany B. Gelott and related exhibits, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATEMENT OF THE ISSUE**

Whether Sharp should be precluded from introducing evidence related to a violation of the antitrust laws under a rule of reason at trial.

**II.   INTRODUCTION**

The Court should exclude any evidence presented by Sharp that relates to a violation of the antitrust laws under a rule of reason analysis. Sharp's complaint alleged an express agreement among the Defendants to fix the prices of CRTs -- a *per se* violation of Section 1 of the Sherman Act. Now, however, Sharp's draft verdict forms and jury instructions show that it purports to bring an alternative claim under the antitrust rule of reason, arguing that an alleged information exchange alone had an anticompetitive effect on the market for CPTs in North America. That alternative rule-of-reason claim is nowhere in any of Sharp's three complaints, and Sharp should be precluded from introducing evidence related it.

1

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

In particular, Sharp should be precluded from introducing at trial any evidence -- including documents, testimony, and expert opinions -- that support a separate rule of reason claim based on a purported "information exchange," as opposed to evidence related to a *per se* price-fixing conspiracy.  Sharp should be precluded from introducing documents related to information exchange concerning, *inter alia*, historic or future capacity or production, historic or future views of market supply or demand, anticipated launches or decisions not to launch new products, or changes to production lines.  In addition, Sharp should be precluded from introducing any evidence related to any information exchanges pertaining to CDTs or to markets outside North America, because Sharp is only alleging a conspiracy to fix prices of CPTs in North America.  Finally, Sharp should be precluded from introducing any evidence from its economic expert, Dr. Jerry Hausman, because Dr. Hausman's opinions relate solely to defining the relevant market and to the alleged anticompetitive effects of information exchanges, both of which are relevant only to Sharp's non-pleaded rule of reason claim.

### III.  ARGUMENT

#### A. Sharp purports to bring a rule of reason claim that it did not allege in its complaint

In all three versions of its complaint, Sharp alleged that Defendants engaged in a price-fixing conspiracy in violation of Section 1 of the Sherman Act.  *See, e.g.*, Sharp 2nd Am. Compl. at ¶¶ 248-54, June 13, 2014  [Dkt. No.  2030].  Thus, in paragraph 250, Sharp expressly alleged that Defendants "combined and conspired to raise, fix, maintain or stabilize the prices of CRTs sold in the United States" -- a claim of a *per se* antitrust violation.  Sharp's allegations regarding the exchange of information were that Defendants "exchang[ed] competitive (*sic*) sensitive information in order to facilitate their conspiracy."  Second Am. Compl.  ¶ 253f.

Now, however, Sharp seeks to present evidence of an additional claim.  Sharp's proposed jury instructions and verdict forms suggest that, in addition to evidencing a price-fixing conspiracy, Defendants' information exchanges *alone and by themselves* constitute an independent violation of Section 1.  A claim that the exchange of competitively sensitive information itself had an anticompetitive effect on the relevant market -- separate and apart from

any price-fixing claim -- is analyzed under the rule of reason. *See Todd v. Exxon Corp.*, 275 F.3d 191, 198-99 (2d Cir. 2001) ("There is a closely related but analytically distinct type of claim, also based on § 1 of the Sherman Act, where the violation lies in the information exchange itself—as opposed to merely using the information exchange as evidence upon which to infer a price-fixing agreement. This exchange of information is not illegal *per se,* but can be found unlawful under a rule of reason analysis.").

An "information exchange" claim is analyzed under the rule of reason because information exchanges can be procompetitive; they help firms analyze market conditions and engage in better, more efficient business planning. *See U.S. v. U.S. Gypsum Co.,* 438 U.S. 422, 441 n. 16 (1978) ("The exchange of price data and other information among competitors does not invariably have anticompetitive effects; indeed such practices can in certain circumstances increase economic efficiency and render markets more, rather than less, competitive. For this reason, we have held that such exchanges of information do not constitute a per se violation of the Sherman Act.").

*Per se* violations and rule of reason violations are distinct antitrust claims with different pleading requirements. In order to properly allege a rule of reason violation, a Plaintiff must "identify the relevant geographic and product markets in which Plaintiffs and Defendants compete and allege facts demonstrating that Defendants' conduct has an anticompetitive effect on those markets." *Tanaka v. Univ. of S. California*, 252 F.3d 1059, 1063 (9th Cir. 2001); *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1104-05 (9th Cir. 1999). By contrast, *per se* cases "do not require evidence of any actual effects on competition." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1410, 1413 (9th Cir. 1991). None of Sharp's three complaints identified a relevant market or alleged that Defendants' "information exchanges" reduced competition in that relevant market.[1] As a result, Sharp failed to plead a rule of reason claim.

---

[1] Any rule-of reason claim in Sharp's current complaint would have been subject to dismissal for failure to state a claim; Sharp did not plead a relevant market or actual harm to competition within that relevant market. *Tanaka*, 252 F.3d at1065 (dismissing rule of reason claim for failing to allege relevant market).

1
2
### B. Sharp should be precluded from introducing evidence related to a rule of reason violation that it did not plead

3    Because Sharp never alleged a rule of reason violation in any of the three versions of its
4 complaint, it should be precluded from introducing evidence related to that claim at trial. *See*
5 *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 995 (9th Cir. 2009) (rejecting newly
6 asserted claim because not pleaded in complaint); *Howard Hess Dental Labs. Inc. v. Dentsply*
7 *Int'l, Inc.*, 602 F.3d 237, 257 (3d Cir. 2010) (rejecting alternative antitrust theory not pleaded in
8 complaint because "Plaintiffs are bound by the four corners of their amended complaint").

9    Plaintiffs may respond that their supplemental interrogatory responses -- directed only to
10 two Defendants -- in February 2014 put all Defendants on notice of their rule-of-reason claim.
11 *See, e.g.*, Ex. 1 to the Declaration of Tiffany B. Gelott in Support of Joint Defense Motion In
12 Limine #15: Motion to Exclude Evidence Related to a Violation of the Antitrust Laws Under a
13 Rule of Reason Analysis, Plaintiffs Sharp Electronics Corporation and Sharp Electronics
14 Manufacturing Company of America, Inc.'s First Supp. Resp. and Obj. to Defendants Hitachi
15 Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories
16 (February 26, 2014), pg. 15, Supplemental Response to Interrogatory No. 12 ████████
17 ████████████████████████████████████████████████
18 ████████████████████████████████████████
19 ████████████████████████████████████. That argument
20 fails because Sharp subsequently filed its Second Amended Complaint in June 2014, and again
21 pleaded only a *per se* price-fixing claim. That is fatal because it is Plaintiffs' latest complaint that
22 controls. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000) ("[W]hen a plaintiff files an
23 amended complaint, the new complaint supersedes all previous complaints and controls the case
24 from that point forward" and the new complaint "wipes away prior pleadings").

25    Defendants would be prejudiced if Sharp's new rule-of-reason claim is allowed.
26 Defendants have not conducted discovery on the rule of reason issue or had an opportunity to
27 develop their defenses, and would "be forced to prepare [their] case for trial on an entirely
28

different factual theory of liability." *Parker v. Joe Lujan Enters, Inc*. 848 F.2d 118, 121 (9th Cir. 1988).[2]

### C. Rule 403 requires exclusion of rule-of-reason evidence because the probative value is substantially outweighed by the risk of unfair prejudice

Sharp also should be precluded from introducing evidence related to its rule of reason claim under Fed. R. Evid. 403. Rule 403 requires exclusion of evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." *Nationwide Transp. Fin. v. Cass Info. Sys.*, Inc., 523 F.3d 1051, 1060 (9th Cir. 2008); *Wall Data Inc. v. Los Angeles County Sheriff's Dep't*, 447 F.3d 769, 782–83 (9th Cir. 2006).

A jury could easily be misled into viewing evidence related solely to an "information exchange" as evidence of a *per se* violation. As a result, any evidence related solely to Sharp's purported "information exchange" claim under the rule of reason must be excluded. *See, e.g.*, *Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc*., 875 F.2d 1369, 1380 (9th Cir. 1989) (excluding evidence of conduct by the defendant that was "ambiguously anticompetitive" because the jury may have been "strongly influenced" to use that evidence as a basis to form its opinion on another element of the claim).

## IV. CONCLUSION

For these reasons, the Court should grant Defendants' motion and preclude Sharp from introducing evidence related to a violation of the antitrust laws under a rule of reason analysis.

Date: February 13, 2015

By: */s/ Erik T. Koons*
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.

---

[2] Nor could Defendants move to dismiss a rule of reason claim that Sharp did not plead in its complaint. *See* n.1, *supra*.

5
JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

| | |
|---|---|
| 1 | Washington, DC 20004-2400 |
| | Telephone: (202) 639-7700 |
| 2 | Facsimile: (202) 639-7890 |
| 3 | JON V. SWENSON (SBN 233054) |
| | jon.swenson@bakerbotts.com |
| 4 | BAKER BOTTS LLP |
| | 1001 Page Mill Road |
| 5 | Building One, Suite 200 |
| | Palo Alto, CA 94304 |
| 6 | Telephone: (650) 739-7500 |
| | Facsimile: (650) 739-7699 |
| 7 | E-mail: jon.swenson@bakerbotts.com |

*Attorneys for Defendants Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**WHITE & CASE LLP**

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ James L. McGinnis*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Cal. Bar No. 66087
James L. McGinnis, Cal. Bar No. 95788
Michael W. Scarborough, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:     (415) 434-9100

6
JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

| | |
|---|---|
| 1 | Facsimile: (415) 434-3947 |
| | E-mail: ghalling@sheppardmullin.com |
| 2 | jmcginnis@sheppardmullin.com |
| | mscarborough@sheppardmullin.com |
| 3 | |
| 4 | *Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.* |
| 5 | |
| 6 | |
| 7 | |
| 8 | FAEGRE BAKER DANIELS LLP |
| 9 | By: */s/ Kathy L. Osborn* |
| | FAEGRE BAKER DANIELS LLP |
| 10 | Kathy L. Osborn (*pro hac vice*) |
| | Ryan M. Hurley (*pro hac vice*) |
| 11 | 300 N. Meridian Street, Suite 2700 |
| | Indianapolis, IN 46204 |
| 12 | Telephone: (317) 237-0300 |
| 13 | Facsimile: (317) 237-1000 |
| | kathy.osborn@FaegreBD.com |
| 14 | ryan.hurley@FaegreBD.com |
| 15 | Calvin L. Litsey (SBN 289659) |
| 16 | Faegre Baker Daniels LLP |
| | 1950 University Avenue, Suite 450 |
| 17 | East Palo Alto, CA 94303-2279 |
| | Telephone: (650) 324-6700 |
| 18 | Facsimile: (650) 324-6701 |
| | calvin.litsey@FaegreBD.com |
| 19 | |
| 20 | *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.* |
| 21 | |
| 22 | SQUIRE PATTON BOGGS (US) LLP |
| 23 | By: */s/ Donald A. Wall* |
| 24 | Mark Dosker |
| | Nathan Lane, III |
| 25 | 275 Battery Street, Suite 2600 |
| | San Francisco, CA 94111 |
| 26 | Telephone: 415.954.0200 |
| 27 | Facsimile: 415.393.9887 |
| | Email: mark.dosker@squirepb.com |
| 28 | nathan.lane@squirepb.com |

7
JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

|   |   |
|---|---|
| 1 |   |
| 2 | Donald A. Wall (*Pro Hac Vice*) |
|   | SQUIRE PATTON BOGGS (US) LLP |
| 3 | 1 East Washington Street, Suite 2700 |
|   | Phoenix, Arizona 85004 |
| 4 | Telephone:  602.528.4000 |
|   | Facsimile:  602.253.8129 |
| 5 | Email:  donald.wall@squirepb.com |

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al v. Technicolor SA, et al.*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/  Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email:  jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co. et al. v. Technicolor SA, et al.*


MUNGER, TOLLES & OLSON LLP


By: */s/ Miriam Kim*
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com

8

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.