1  Jon V. Swenson (SBN 233054)
   BAKER BOTTS LLP
2  620 Hansen Way
   Palo Alto, CA 94304
3  Telephone: (650) 739-7500
   Facsimile: (650) 739-7699
4  Email: jon.swenson@bakerbotts.com
5
   John M. Taladay (*pro hac vice*)
6  Erik T. Koons (*pro hac vice*)
   Charles M. Malaise (*pro hac vice*)
7  BAKER BOTTS LLP
   1299 Pennsylvania Ave., N.W.
8  Washington, DC 20004-2400
   Telephone: (202) 639-7700
9  Facsimile: (202) 639-7890
   Email: john.taladay@bakerbotts.com
10 Email: erik.koons@bakerbotts.com
   Email: charles.malaise@bakerbotts.com
11
12 *Attorneys for Defendants Koninklijke Philips N.V. and*
   *Philips Electronics North America Corporation*
13
14 Additional Counsel on Signature Page
15
                    **UNITED STATES DISTRICT COURT**
16                  **NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN FRANCISCO DIVISION**
17

18 **In re: CATHODE RAY TUBE (CRT)**          Case No. 07-5944 SC
   **ANTITRUST LITIGATION**
19
   This Document Relates to:                  **JOINT DEFENSE MOTION IN LIMINE**
20                                            **#15 - MOTION TO EXCLUDE**
                                              **EVIDENCE RELATED TO A**
21 *Sharp Electronics Corp., et al. v. Hitachi, Ltd.,*  **VIOLATION OF THE ANTITRUST**
   *et al., No. 13-cv-01173;*                 **LAWS UNDER A RULE OF REASON**
22                                            **ANALYSIS**
   *Sharp Electronics Corp. v. Koninklijke Philips*
23 *Elecs., N.V.,  No. 13-cv-2776 SC.*        **ORAL ARGUMENT REQUESTED**
24                                            Date:        None set
                                              Time:        10:00 a.m.
25                                            Place:       Courtroom No. 1
26                                            Hon. Samuel Conti
27
           **REDACTED VERSION OF THE DOCUMENT SOUGHT TO BE SEALED**
28

   JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
   VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

1

## **TABLE OF CONTENTS**

2

**Page**

3

NOTICE OF MOTION AND MOTION ................................................................................................ 1

4

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

5

      I.      STATEMENT OF THE ISSUE ................................................................. 1

      II.     INTRODUCTION ...................................................................................... 1

6

      III.    ARGUMENT ............................................................................................... 2

7

            A.     Sharp purports to bring a rule of reason claim that it did not allege
in its complaint ................................................................................. 2

8

            B.     Sharp should be precluded from introducing evidence related to a
rule of reason violation that it did not plead ................................ 4

9

            C.     Rule 403 requires exclusion of rule-of-reason evidence because the
probative value is substantially outweighed by the risk of unfair

10

                prejudice ............................................................................................. 5

11

      IV.    CONCLUSION ........................................................................................... 5

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

*Bhan v. NME Hosps., Inc.*,
    929 F.2d 1404 (9th Cir. 1991)..................................................................................................... 3

5

6

*Big Bear Lodging Ass'n v. Snow Summit, Inc.*,
    182 F.3d 1096 (9th Cir. 1999)..................................................................................................... 3

7

*Dream Games of Arizona, Inc. v. PC Onsite*,
    561 F.3d 983 (9th Cir. 2009)....................................................................................................... 4

8

9

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
    602 F.3d 237 (3d Cir. 2010)........................................................................................................ 4

10

11

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
    523 F.3d 1051 (9th Cir. 2008)..................................................................................................... 5

12

*Massey v. Helman*,
    196 F.3d 727 (7th Cir. 2000)....................................................................................................... 4

13

14

*Parker v. Joe Lujan Enters, Inc.*,
    848 F.2d 118 (9th Cir. 1988)....................................................................................................... 5

15

16

*Tanaka v. Univ. of S. California*,
    252 F.3d 1059 (9th Cir. 2001)..................................................................................................... 3

17

*Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*,
    875 F.2d 1369 (9th Cir. 1989)..................................................................................................... 5

18

19

*Todd v. Exxon Corp.*,
    275 F.3d 191 (2d Cir. 2001)........................................................................................................ 3

20

*U.S. v. U.S. Gypsum Co.*,
    438 U.S. 422 (1978) .................................................................................................................... 3

21

22

*Wall Data Inc. v. Los Angeles County Sheriff's Dep't*,
    447 F.3d 769 (9th Cir. 2006)....................................................................................................... 5

23

24

**OTHER AUTHORITIES**

25

Fed. R. Evid. 403 ............................................................................................................................... 1

26

27

28

ii

1    **NOTICE OF MOTION AND MOTION**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that as soon as the matter may be heard, in Courtroom 1,

4    17th  Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Samuel

5    Conti, the undersigned defendants ("Defendants") will and hereby do move the Court, under

6    Rule 403 of the Federal Rules of Evidence, to exclude Sharp Electronics Corporation and Sharp

7    Electronics Manufacturing Company  of America, Inc. (collectively, "Sharp") from introducing

8    any evidence introducing evidence related to a violation of the antitrust laws under a rule of

9    reason analysis for the reasons set forth in the accompanying Memorandum of Points and

10   Authorities.

11       This motion is based upon this Notice of Motion, the accompanying Memorandum of

12   Points and Authorities in support thereof, the Declaration of Tiffany B. Gelott and related

13   exhibits, the complete files and records in this action, oral argument of counsel, and such other

14   and further matters as this Court may consider.

15   **MEMORANDUM OF POINTS AND AUTHORITIES**

16   **I.    STATEMENT OF THE ISSUE**

17       Whether Sharp should be precluded from introducing evidence related to a violation of

18   the antitrust laws under a rule of reason at trial.

19   **II.   INTRODUCTION**

20       The Court should exclude any evidence presented by Sharp that relates to a violation of

21   the antitrust laws under a rule of reason analysis.  Sharp's complaint alleged an express

22   agreement among the Defendants to fix the prices of CRTs -- a *per se* violation of Section 1 of the

23   Sherman Act.  Now, however, Sharp's draft verdict forms and jury instructions show that it

24   purports to bring an alternative claim under the antitrust rule of reason, arguing that an alleged

25   information exchange alone had an anticompetitive effect on the market for CPTs in North

26   America.  That alternative rule-of-reason claim is nowhere in any of Sharp's three complaints,

27   and Sharp should be precluded from introducing evidence related it.

28

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

1    In particular, Sharp should be precluded from introducing at trial any evidence --

2  including documents, testimony, and expert opinions -- that support a separate rule of reason

3  claim based on a purported "information exchange," as opposed to evidence related to a *per se*

4  price-fixing conspiracy.  Sharp should be precluded from introducing documents related to

5  information exchange concerning, *inter alia*, historic or future capacity or production, historic or

6  future views of market supply or demand, anticipated launches or decisions not to launch new

7  products, or changes to production lines.  In addition, Sharp should be precluded from introducing

8  any evidence related to any information exchanges pertaining to CDTs or to markets outside

9  North America, because Sharp is only alleging a conspiracy to fix prices of CPTs in North

10  America.  Finally, Sharp should be precluded from introducing any evidence from its economic

11  expert, Dr. Jerry Hausman, because Dr. Hausman's opinions relate solely to defining the relevant

12  market and to the alleged anticompetitive effects of information exchanges, both of which are

13  relevant only to Sharp's non-pleaded rule of reason claim.

14  **III.    ARGUMENT**

15          **A. Sharp purports to bring a rule of reason claim that it did not allege in its**
16              **complaint**

17    In all three versions of its complaint, Sharp alleged that Defendants engaged in a price-

18  fixing conspiracy in violation of Section 1 of the Sherman Act.  *See, e.g.*, Sharp 2nd Am. Compl.

19  at ¶¶ 248-54, June 13, 2014  [Dkt. No.  2030].  Thus, in paragraph 250, Sharp expressly alleged

20  that Defendants "combined and conspired to raise, fix, maintain or stabilize the prices of CRTs

21  sold in the United States" -- a claim of a *per se* antitrust violation.  Sharp's allegations regarding

22  the exchange of information were that Defendants "exchang[ed] competitive (*sic*) sensitive

23  information in order to facilitate their conspiracy."  Second Am. Compl.  ¶ 253f.

24    Now, however, Sharp seeks to present evidence of an additional claim.  Sharp's proposed

25  jury instructions and verdict forms suggest that, in addition to evidencing a price-fixing

26  conspiracy, Defendants' information exchanges *alone and by themselves* constitute an

27  independent violation of Section 1.  A claim that the exchange of competitively sensitive

28  information itself had an anticompetitive effect on the relevant market -- separate and apart from

2

1   any price-fixing claim -- is analyzed under the rule of reason.  *See Todd v. Exxon Corp.*, 275 F.3d

2   191, 198-99 (2d Cir. 2001) ("There is a closely related but analytically distinct type of claim, also

3   based on § 1 of the Sherman Act, where the violation lies in the information exchange itself—as

4   opposed to merely using the information exchange as evidence upon which to infer a price-fixing

5   agreement. This exchange of information is not illegal *per se,* but can be found unlawful under a

6   rule of reason analysis.").

7         An "information exchange" claim is analyzed under the rule of reason because

8   information exchanges can be procompetitive; they help firms analyze market conditions and

9   engage in better, more efficient business planning.  *See U.S. v. U.S. Gypsum Co.,* 438 U.S. 422,

10   441 n. 16  (1978) ("The exchange of price data and other information among competitors does not

11   invariably have anticompetitive effects; indeed such practices can in certain circumstances

12   increase economic efficiency and render markets more, rather than less, competitive.  For this

13   reason, we have held that such exchanges of information do not constitute a per se violation of the

14   Sherman Act.").

15         *Per se* violations and rule of reason violations are distinct antitrust claims with different

16   pleading requirements.  In order to properly allege a rule of reason violation, a Plaintiff must

17   "identify the relevant geographic and product markets in which Plaintiffs and Defendants

18   compete and allege facts demonstrating that Defendants' conduct has an anticompetitive effect on

19   those markets." *Tanaka v. Univ. of S. California*, 252 F.3d 1059, 1063 (9th Cir. 2001); *Big Bear*

20   *Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1104-05 (9th Cir. 1999).  By contrast, *per se*

21   cases "do not require evidence of any actual effects on competition."  *Bhan v. NME Hosps., Inc.*,

22   929 F.2d 1404, 1410, 1413 (9th Cir. 1991).  None of Sharp's three complaints identified a

23   relevant market or alleged that Defendants' "information exchanges" reduced competition in that

24   relevant market.[1]  As a result, Sharp failed to plead a rule of reason claim.

25

26         [1] Any rule-of reason claim in Sharp's current complaint would have been subject to
dismissal for failure to state a claim; Sharp did not plead a relevant market or actual harm to
27   competition within that relevant market.  *Tanaka*, 252 F.3d at1065 (dismissing rule of reason
claim for failing to allege relevant market).

28

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

**B. Sharp should be precluded from introducing evidence related to a rule of reason violation that it did not plead**

Because Sharp never alleged a rule of reason violation in any of the three versions of its complaint, it should be precluded from introducing evidence related to that claim at trial.  *See Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 995 (9th Cir. 2009) (rejecting newly asserted claim because not pleaded in complaint); *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 257 (3d Cir. 2010) (rejecting alternative antitrust theory not pleaded in complaint because "Plaintiffs are bound by the four corners of their amended complaint").

Plaintiffs may respond that their supplemental interrogatory responses -- directed only to two Defendants -- in February 2014 put all Defendants on notice of their rule-of-reason claim. *See, e.g.*, Ex. 1 to the Declaration of Tiffany B. Gelott in Support of Joint Defense Motion In Limine #15: Motion to Exclude Evidence Related to a Violation of the Antitrust Laws Under a Rule of Reason Analysis, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.'s First Supp. Resp. and Obj. to Defendants Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories (February 26, 2014), pg. 15, Supplemental Response to Interrogatory No. 12 ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████. That argument fails because Sharp subsequently filed its Second Amended Complaint in June 2014, and again pleaded only a *per se* price-fixing claim.  That is fatal because it is Plaintiffs' latest complaint that controls.  *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward" and the new complaint "wipes away prior pleadings").

Defendants would be prejudiced if Sharp's new rule-of-reason claim is allowed. Defendants have not conducted discovery on the rule of reason issue or had an opportunity to develop their defenses, and would "be forced to prepare [their] case for trial on an entirely

4

1    different factual theory of liability."  *Parker v. Joe Lujan Enters, Inc*. 848 F.2d 118, 121 (9th Cir.

2    1988).[2]

### C.  Rule 403 requires exclusion of rule-of-reason evidence because the probative value is substantially outweighed by the risk of unfair prejudice

5        Sharp also should be precluded from introducing evidence related to its rule of reason

6    claim under Fed. R. Evid. 403.  Rule 403 requires exclusion of evidence "if its probative value is

7    substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading

8    the jury."  *Nationwide Transp. Fin. v. Cass Info. Sys.*, Inc., 523 F.3d 1051, 1060 (9th Cir. 2008);

9    *Wall Data Inc. v. Los Angeles County Sheriff's Dep't*, 447 F.3d 769, 782–83 (9th Cir. 2006).

10       A jury could easily be misled into viewing evidence related solely to an "information

11   exchange" as evidence of a *per se* violation.  As a result, any evidence related solely to Sharp's

12   purported "information exchange" claim under the rule of reason must be excluded.  *See, e.g.*,

13   *Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc*., 875 F.2d 1369, 1380 (9th Cir. 1989) (excluding

14   evidence of conduct by the defendant that was "ambiguously anticompetitive" because the jury

15   may have been "strongly influenced" to use that evidence as a basis to form its opinion on another

16   element of the claim).

## IV.    CONCLUSION

18       For these reasons, the Court should grant Defendants' motion and preclude Sharp from

19   introducing evidence related to a violation of the antitrust laws under a rule of reason analysis.

22   Date: February 13, 2015                    By: */s/ Erik T. Koons*
                                                ERIK T. KOONS (*pro hac vice*)
23                                              erik.koons@bakerbotts.com
                                                JOHN M. TALADAY (*pro hac vice*)
24                                              john.taladay@bakerbotts.com
                                                CHARLES M. MALAISE (*pro hac vice*)
25                                              charles.malaise@bakerbotts.com
                                                BAKER BOTTS LLP
26                                              1299 Pennsylvania Ave., N.W.

27       [2] Nor could Defendants move to dismiss a rule of reason claim that Sharp did not plead in its complaint.  *See* n.1, *supra*.

28

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**WHITE & CASE**LLP

By:  */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ James L. McGinnis*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Cal. Bar No. 66087
James L. McGinnis, Cal. Bar No. 95788
Michael W. Scarborough, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:     (415) 434-9100

6

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

1

Facsimile:    (415) 434-3947
E-mail:    ghalling@sheppardmullin.com

2

jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

3

4

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A.*

5

*DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI*

6

*Co., Ltd.*

7

FAEGRE BAKER DANIELS LLP

8

9

By: */s/ Kathy L. Osborn*
FAEGRE BAKER DANIELS LLP

10

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)

11

300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204

12

Telephone: (317) 237-0300

13

Facsimile: (317) 237-1000
kathy.osborn@FaegreBD.com

14

ryan.hurley@FaegreBD.com

15

Calvin L. Litsey (SBN 289659)

16

Faegre Baker Daniels LLP
1950 University Avenue, Suite 450

17

East Palo Alto, CA 94303-2279
Telephone: (650) 324-6700

18

Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

19

20

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

21

22

SQUIRE PATTON BOGGS (US) LLP

23

By: */s/ Donald A. Wall*

24

Mark Dosker
Nathan Lane, III

25

275 Battery Street, Suite 2600
San Francisco, CA 94111

26

Telephone: 415.954.0200

27

Facsimile: 415.393.9887
Email: mark.dosker@squirepb.com

28

nathan.lane@squirepb.com

7

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

1

2
Donald A. Wall (*Pro Hac Vice*)
SQUIRE PATTON BOGGS (US) LLP

3
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004

4
Telephone:  602.528.4000
Facsimile:  602.253.8129

5
Email:  donald.wall@squirepb.com

6
*Attorneys for Defendant Technologies Displays*

7
*Americas LLC with respect to all cases except*
*Office Depot, Inc. v. Technicolor SA, et al. and*

8
*Sears, Roebuck and Co., et al v. Technicolor SA, et*
*al.*

9

10
CURTIS, MALLET-PREVOST, COLT & MOSLE
LLP

11

12
By: */s/  Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)

13
101 Park Avenue
New York, New York 10178

14
Telephone: 212.696.6000

15
Facsimile: 212.697.1559
Email:  jzuckerman@curtis.com

16
etobin@curtis.com

17
Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP

18
601 California Street, Suite 1900

19
San Francisco, California 94108
Telephone: 415.397.2700

20
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

21

22
*Attorneys for Defendant Technologies Displays*
*Americas LLC with respect to Office Depot, Inc. v.*

23
*Technicolor SA, et al. and Sears, Roebuck and Co.*
*et al. v. Technicolor SA, et al.*

24

25
MUNGER, TOLLES & OLSON LLP

26

27
By: */s/ Miriam Kim*
JEROME C. ROTH (State Bar No. 159483)

28
jerome.roth@mto.com

8

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

21

22

        Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this
document has been obtained from each of the above signatories.

23

24

25

26

27

28

9

JOINT DEFENSE MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A
VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS