Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions* | **TOSHIBA DEFENDANTS' MOTION TO STRIKE CLASS REPRESENTATIVES WITH INADEQUATE PROOF OF THEIR INDIVIDUAL PURCHASES OF TELEVISIONS OR MONITORS**<br><br>Oral Argument Requested<br><br>Date: August 7, 2015<br>Time: 10:00 a.m.<br>Judge: Hon. Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TABLE OF CONTENTS**

Page(s)

NOTICE OF MOTION AND MOTION .......... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

I. STATEMENT OF THE ISSUE .......... 1

II. INTRODUCTION .......... 1

III. FACTS .......... 2

IV. ARGUMENT .......... 4

A. The Fourteen Class Representatives Cannot Sufficiently Prove The Most Basic Elements Of A Price-Fixing Claim: The Purchase Of The Relevant Product In The Relevant State In The Class Period .......... 4

B. Courts Strike Class Representatives That Lack Standing Or Cannot Adequately Represent The Interests Of Their Class .......... 7

V. CONCLUSION .......... 9

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TABLE OF AUTHORITIES


Cases — Page(s)

*Arizona Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436 (2011) ..... 5

*Calvert v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 WL 1668980 (N.D. Cal. May 11, 2012) ..... 7

*Carrera v. Bayer Corporation*, 727 F.3d 300 (3d Cir. 2012) ..... 5, 6

*Gratz v. Bollinger*, 539 U.S. 244 (2003) ..... 6

*Gray v. Shell Oil Co.*, 469 F.2d 743 (9th Cir. 1972) ..... 4

*In re Flash Memory Antitrust Litig.*, Civ. No. 07-86, 2010 WL 2465329 (N.D. Cal. June 10, 2010) ..... 7

*In re Polypropylene Carpet Antitrust Litig.*, 178 F.R.D. 603 (N.D. Ga. 1997) ..... 4, 7, 8

*In re Motor Fuel Temperature Sales Practices Litig.*, No. 07–1840–KHV, 2012 WL 1672994 (D. Kan. May 14, 2012) ..... 4, 7

*Jenson v. IPEX USA, Inc.*, No. C08-0016MJP, 2008 WL 5062657 (W.D. Wash. Oct. 27, 2008) ..... 7

*Jewel v. NSA*, 673 F.3d 902 (9th Cir. 2011) ..... 8

*Nielson v. Sports Authority*, Civ. No. 11-4724, 2013 WL 3388534 (N.D. Cal. July 8, 2013) ..... 7

*Sethavanish v. ZonePerfect Nutrition Co.*, No. 12-2907-SC, 2014 WL 580696 (N.D. Cal. Feb. 13, 2014) ..... 6

*Shurkin v. Golden State Vintners Inc.*, 471 F. Supp. 2d 998, 1023 (N.D. Cal. 2006) *aff'd*, 303 F. App'x 431 (9th Cir. 2008) ..... 6

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ..... 4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Miscellaneous

Proof of Claim, *In re TFT-LCD (Flat Panel) Antitrust Litig*. (N.D. Cal. July 31, 2012) (No. 11-711), Dkt. No. 186-1 .......... 8

Proof of Claim, *In re Rubber Chems. Antitrust Litig*. (N.D. Cal. Jan. 31, 2007) (No. 04-1648), Dkt. No. 463 .......... 8

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 7, 2015, at 10:00 a.m., or as soon as the matter may be heard thereafter, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 1, 17th Floor, San Francisco, California before the Honorable Samuel Conti, Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants") will and hereby do move the Court for an order striking the IPPs' class representatives who have provided inadequate proof of their individual purchases of televisions or monitors.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this section, oral argument of counsel, and such other and further matters as this Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF THE ISSUE

Whether the Court should strike fourteen IPP class representatives who assert their claims for antitrust injury without receipts or adequate proof of purchase of the CRT televisions or monitors on which they base their claims.

## II. INTRODUCTION

In this action, the IPPs allege themselves to be indirect purchasers of CRTs, meaning that they allege that they purchased finished products — televisions and computer monitors — containing CRTs. The IPPs include at least fourteen class representatives who, after extended discovery, have not provided sufficient proof of their alleged purchases of the CRT monitors or televisions underlying their claims. These IPPs lack sufficient evidence of their alleged purchases to assert a claim in any post-trial claims process and they are certainly inadequate class representatives. In light of these inadequacies, the Court should strike these individuals as class representatives.

## III. FACTS

The IPPs have one or more class representative for each of their twenty-two state damages classes. Most of the designated class representatives do not have a receipt or other adequate documentation of their purchases. For example:

- **Albert Sidney Crigler**, the sole class representative for the state of Tennessee, alleges that he bought a Gateway computer monitor and a Sharp television during the relevant period, but: (1) can provide no documentary support of any kind for these purchases (Declaration of Lucius B. Lau, dated February 13, 2015 Ex. A ("Toshiba Ex.") (Crigler Dep. Tr. 47:4-13, 75:10-76:6)); (2) cannot document (or recall) the price or date of either alleged purchase (*id*.); (3) cannot document or specifically recall the place of purchase, offering only a "guess" (*id*. at 48:8-19, 49:2-3); (4) states that he purchased his computer monitor as part of an overall bundle, but does not know the price he paid for the monitor itself (*id*. at 82:23-83:12, 85:10-18); (5) admits that he purchased the Gateway monitor while living as a student in Alabama, not in Tennessee (*id*. at 10:8-12, 12:9-18, 80:3-19, 81:1-11); and (6) is no longer in possession of the Gateway monitor (*id*. at 85:25-86:13);
- **Lisa Reynolds**, the sole class representative for the state of Michigan, alleges that she bought three JVC televisions during the relevant period, but: (1) provides no receipts for any of those alleged transactions ((Toshiba Ex. B (Reynolds Dep. Tr. 34:19-21, 42:20-43:8, 54:11-15)); (2) for two of the televisions, she cannot provide any specific details as to the price or date of purchase (Toshiba Ex. B (Reynolds Dep. Tr. 44:4-15, 55:22-56:4)); and (3) for the third, she relies on a nondescript, unannotated carbon copy of a check as evidence of purchase (Toshiba Ex. C (Deposition Exhibit 85)), fails to provide any objective documentary evidence that the check actually was used to purchase a television (Toshiba Ex. B, Reynolds Dep. Tr. 34:11-16, 58:23-59:5)), and provides no details about the size, features, or model number of that television;
- **Brigid Terry**, the sole class representative for the state of Wisconsin, alleges that she bought a Toshiba television during the relevant period, but: (1) can provide no receipt

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

or documentary support for her alleged purchase (Toshiba Ex. D (Terry Dep. Tr. 39:2-14)); (2) said in her sworn interrogatory responses that the "price" was "not available" (Toshiba Ex. E (Deposition Ex. 425 at 2)); (3) now offers a wide and speculative estimate — perhaps "between $600 and a thousand dollars" though "it could have been more than a thousand, but I don't know for sure" — as to the price she allegedly paid (Toshiba Ex. D (Terry Dep. Tr. 36:21-37:1, 39:8-9, 57:9-12); and (4) is not sure which year she bought the television (Toshiba Ex. E (Deposition Ex. 425 at 2)); and

- **Lawyer's Choice Suites**, the sole class representative for the District of Columbia, alleges that it bought a Dell monitor during the relevant period, but: (1) purchased the monitor as part of a discounted bundle package including, among other items, a computer, keyboard, mouse, speakers, memory, and a Dell services and support plan (Toshiba Ex. F (Lawyers' Choice Dep. Tr. 66:25-67:12; 99:2-17, 101:6-25), Toshiba Ex. G (Deposition Exhibit 367 at 2)); (2) provides only an order confirmation and two shipping labels, none of which specifies the price of the monitor or the effect of the $100 discount it received on the monitor price (Toshiba Ex. G (Deposition Exhibit 367), Toshiba Ex. H (Deposition Exhibits 368 and 369)); (3) cannot confirm that it made the purchase in Washington, D.C. (Toshiba Ex. F (Lawyers' Choice Dep. Tr. 115:11-23)); and (4) is no longer in possession of the Dell monitor (*id*. at 87:10-25).

*See also* **California** (Toshiba Ex. I (Figone Dep. Tr. 51:4-12, 76:24-77:13, 98:7-16, 114:8-19, 130:12-20), **Iowa** (Toshiba Ex. J (Burau Dep. Tr. 45:11-46:46:15)), **Minnesota** (Toshiba Ex. K (Norby Dep. Tr. 29:4-24, 35:6-18), Toshiba Ex. L (Kushner Dep. Tr. 30:21-23) (admitting he has no receipt for one of his alleged purchases)), **Mississippi** (Toshiba Ex. M (Jenkins Dep. Tr. 36:16-19, 58:17-22 )), **Nevada** (Toshiba Ex. N (Comeaux Dep. Tr. 68:14-20)), **New Mexico** (Toshiba Ex. O, Stephenson Dep. Tr. 42:2-15)), **North Dakota** (Toshiba Ex. P (Hanson Dep. Tr. 29:21-30:25, 36:20-37:20, 43:12-44:21), **South Dakota** (Toshiba Ex. Q (Speaect Dep. Tr. 37:3-15, 38:1-18, 47:21-48:13)), and **Vermont** (Toshiba Ex. R (Slagle Dep. Tr. 47:15-48:25, 52:7-53:5, 64:13-20)).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

In all, at least fourteen class representatives provide inadequate proof of their individual purchases of the televisions and monitors on which they base their claims.

## IV. ARGUMENT

### A. Fourteen Class Representatives Cannot Prove The Most Basic Element of a Price-Fixing Claim: Documentation of Purchase

"Needless to say, one of the essential elements for recovery under the anti-trust laws is that the claimant be injured or damaged." *See Gray v. Shell Oil Co.*, 469 F.2d 742, 748-749 (9th Cir. 1972) (affirming lower court's directed verdict on plaintiffs/appellants' price-fixing claims because they failed "to produce evidence of injury"). In an antitrust price-fixing case, a claimant establishes injury by presenting sufficient evidence of its purchase of the allegedly price-fixed good, in the relevant location, during the relevant period. *See id; In re Polypropylene Carpet Antitrust Litig.*, 178 F.R.D. 603, 609 (N.D. Ga. 1997) ("The Court agrees that, in order for Plaintiffs to possess standing to act as class representatives, Plaintiffs must adduce evidence showing they purchased carpet from the named Defendants or their co-conspirators during the alleged conspiracy period"); *see also In re Motor Fuel Temperature Sales Practices Litig.*, No. 07–1840–KHV, 2012 WL 1672994, *1, *5 (D. Kan. May 14, 2012) (in a consumer-protection action, holding that plaintiff lacked standing because he provided insufficient evidence that he purchased fuel from the defendant). Moreover, class representatives face no less of a burden of proof than any class member in asserting their claims. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) ("a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members") (internal citations omitted)).

The fourteen class representatives at issue have not provided adequate evidence to prove the purchase element of their claim. Each class representative has to be able to establish a complete case by establishing, among other things, purchases of products containing CRTs, in the state they are representing, in the relevant period. *See In re Motor Fuel Temperature Sales Practices Litig.,* 2012 WL 1672994, at *3 fn. 6 ("In this 'era of frequent litigation, class actions . . . courts must be more careful to insist on the formal rules

of standing, not less so.'" (quoting *Arizona Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1449 (2011)). Reliance on uncorroborated testimony is insufficient to state a claim. *See Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir. 2013) ("A plaintiff may not merely propose a method of ascertaining a class without any evidentiary support that the method will be successful.").

Photographs of finished products or of CRTs prove nothing more than mere current possession. Photographs of finished products or of CRTs are not sufficient proof because they do not prove how the class representatives obtained the televisions or monitors (whether by purchase, gift, inheritance or otherwise), or provide the crucial terms of any purchase (date of purchase, time of purchase, price, discounts, means of purchase, state of purchase, method of purchase: retailer/sales channel, etc.).

The deposition of Mr. Crigler (the Tennessee class representative) demonstrated how little evidence of purchase is provided by a mere photograph:

> **Q**: Do you have any documents that would show when you purchased this TV?
>
> **A**: I do not.
>
> **Q**: Other than the photos that we looked at, do you have any documents related to this purchase at all?
>
> **A**: I don't.
>
> **Q**: You don't have any receipts or invoices?
>
> **A**: No.
>
> **Q**: You don't have a packing slip?
>
> **A**: No.
>
> **Q**: You don't have an owner's manual?
>
> **A**: Not that I'm aware of. Not that I could find.
>
> **Q**: You don't have any credit card statements that reflect the amount that you paid?
>
> **A**: I sure don't.

Toshiba Ex. A (Crigler Dep. Tr. 47:4-18).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

This is a case about alleged overcharges on purchases. The first paragraph of the operative IPP complaint sets forth the gravamen of the case: "Because of Defendants' unlawful conduct, Plaintiffs and other Class Members ***paid artificially inflated prices*** for CRT Products and have suffered antitrust injury to their business or property." IPPs' Fourth Consolid. Am. Compl., Case No. 07-5944, Dkt. No. 1526, ¶ 1 (emphasis added). The nature of IPPs' claims unavoidably means that each class representative (and member) must be able to prove that he or she purchased, and paid too much for, specific CRT televisions and monitors during the relevant period. Thus, quite apart from the failure of the IPPs to establish any tracing mechanism to connect particular finished products to the Defendants' alleged price-fixing activity (*see* Toshiba Mot. To Decertify The IPP Statewide Classes for Damages, Dkt. No. 3585), and quite apart from the danger involved in removing the back panel of a television (*id*. at 9-10), the absence of purchase documentation means that all of the alleged purchase price terms are fully obscured to Toshiba and are incapable of testing and confrontation. *See Carrera*, 727 F.3d at 307 ("A defendant in a class action has a due process right to raise individual challenges and defenses to claims, and a class action cannot be certified in a way that eviscerates this right or masks individual issues"); *Sethavanish v. ZonePerfect Nutrition Co*., No. 12-2907-SC, 2014 WL 580696, at *5 (N.D. Cal. Feb. 13, 2014) (Conti, J.) (following *Carrera*).

Moreover, the class representatives' failure to present sufficient evidence cannot be saved by relying on the claims of absent class members. *See Gratz v. Bollinger*, 539 U.S. 244, 289 (2003) (named plaintiff "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent"). Indeed, the class representatives' failure to provide sufficient evidence underscores their inability to represent the interests of the class. *See Shurkin v. Golden State Vintners Inc*., 471 F. Supp. 2d 998, 1023 (N.D. Cal. 2006), *aff'd*, 303 F. App'x 431 (9th Cir. 2008) (stating that before a "lead plaintiff can assert claims on behalf of a class of plaintiffs similarly situated, he must first establish standing in his own right").

Here, the fourteen class representatives at issue cannot establish a basis for their own claims, let alone establish a basis for being adequate class representatives.

**B. Courts Strike Class Representatives That Lack Standing Or Cannot Adequately Represent The Interests Of Their Class**

In *Jenson v. IPEX USA, Inc.*, No. C08-0016MJP, 2008 WL 5062657, at *3 (W.D. Wash. Oct. 27, 2008), the Court granted the defendants' motion to strike the two class representatives named in a products-liability class action for two reasons: (1) lack of standing; and (2) failure to meet the prerequisites of Rule 23 of the Federal Rules of Civil Procedure. *Id.* at *6; *see also Calvert v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 WL 1668980, at *7 (N.D. Cal. May 11, 2012) (granting defendants' motion to disqualify because the class representative could not adequately represent the class). The fourteen class representatives at issue here have similar inadequacies.

In *Jenson*, the Court determined that the class representative lacked standing because he provided no evidence that he was actually injured. *See id.* at *5 (holding that a declaration without proof of actual injury does not support standing). To establish standing here, the fourteen class representatives must provide evidentiary proof of an actual purchase of the product at issue, through a receipt or some other admissible proof of purchase. *See In re Flash Memory Antitrust Litig.*, Civ. No. 07-86, 2010 WL 2465329, at *3 (N.D. Cal. June 10, 2010) (denying leave to amend to plaintiff who did not purchase flash memory product at issue, and ordering plaintiff to show cause why case should not be dismissed for lack of jurisdiction); *In re Polypropylene Carpet Antitrust Litig.*, 178 F.R.D. at 609 (stating that affidavits, with attached receipts, would allow plaintiffs to establish their purchases and possess standing); *In re Motor Fuel Temperature Sales Practices Litig.*, 2012 WL 1672994, at *5 (holding that an affidavit, by itself, was insufficient for plaintiff to prove standing on damages claims). The class representatives have provided no receipts, but rely on unsupported say-so statements. Such self-serving evidence is insufficient to establish actual injury. *See Nielson v. Sports Authority*, Civ. No. 11-4724, 2013 WL 3388534, at *4-5 (N.D. Cal. July 8, 2013) (dismissing action for lack of standing where record was devoid of "any

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

evidence" that Plaintiff was injured, and holding that Plaintiff's affidavit did not meet Plaintiff's burden of establishing actionable injury); *Jewel v. NSA*, 673 F.3d 902, 911 (9th Cir. 2011) (noting that plaintiff "may face procedural, evidentiary and substantive barriers" to Article III standing after the pleading stage); *In re Polypropylene Carpet Antitrust Litig*., 178 F.R.D. at 609 (requiring plaintiffs to produce affidavits, with receipts, attesting to their purchase of allegedly price-fixed polypropylene carpets from defendants in order to prove standing).

Moreover, standard claim forms commonly require class members to present, or retain for verification purposes, receipts when they seek payment on their claim. *See, e.g.*, Proof of Claim, *In re TFT-LCD (Flat Panel) Antitrust Litig*. (Indirect Purchasers) (N.D. Cal. July 31, 2012) (No. 11-711), Dkt. No. 186-1 (requiring claimants to retain proof of purchase that may be requested by claims administrator to verify claims); Proof of Claim, *In re Rubber Chems. Antitrust Litig*. (N.D. Cal. Jan. 31, 2007) (No. 04-1648), Dkt. No. 463 (requiring claimant to identify purchases from each Defendant, by year and amount, and requiring documentation of same from Defendants' sales data or claimant's records). Here, the inability of the fourteen class representatives to establish their own membership in the classes they purport to represent makes them wholly inadequate representatives.

* * *

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**V. CONCLUSION**

For these reasons, the Court should grant the Toshiba Defendants' Motion and strike the following class representatives: (1) Albert Sidney Crigler (Tennessee); (2) Lisa Reynolds (Michigan); (3) Brigid Terry (Wisconsin); (4) Lawyer's Choice Suites (Washington, D.C.); (5) Jeffrey Figone (California); (6) Barry Kushner (Minnesota) (to the extent he bases his claim on his inadequately documented purchase of a 32″ Toshiba television); (7) David Norby (Minnesota); (8) Travis Burau (Iowa); (9) Charles Jenkins (Mississippi); (10) Gloria Comeaux (Nevada); (11) Craig Stephenson (New Mexico); (12) Jeff Speaect (South Dakota); (13) Jeff Hanson (North Dakota); and (14) Margaret Slagle (Vermont).

Respectfully submitted,

Dated: February 13, 2015

WHITE & CASE LLP

By: /s/ Lucius B. Lau

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On February 13, 2015, I caused a copy of the "TOSHIBA DEFENDANTS' MOTION TO STRIKE CLASS REPRESENTATIVES WITH INADEQUATE PROOF OF THEIR INDIVIDUAL PURCHASES OF TELEVISIONS OR MONITORS" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: *_/s/ Lucius B. Lau_*
Lucius B. Lau (*pro hac vice*)