Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:   213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:   312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-05944-SC |
| This Document Relates to: | MDL No. 1917 |
| *All Indirect Purchaser Actions* | **MITSUBISHI ELECTRIC'S NOTICE OF MOTION AND MOTIONS *IN LIMINE* NOS. 1-3** |
| *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | **ORAL ARGUMENT REQUESTED** |
| *Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs. N.V., et al.*, No. 13-cv-02776; | Judge:  Hon. Samuel P. Conti<br>Court:  Courtroom 1, 17th Floor<br>Date:    None Set |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510.

## **REDACTED VERSION SOUGHT TO BE FILED UNDER SEAL**

**TABLE OF CONTENTS**

I.  MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 1 TO EXCLUDE THE SDI INTERROGATORY RESPONSE..................................................................................................1

   A. The SDI Response Is Inadmissible Hearsay. ...................................................................1

   B. The SDI Response Bears No Indicia Of Reliability, And Mitsubishi Electric Cannot Cross-Examine Any Witness About Its Allegations. ..............................................2

   C. The SDI Response Should Be Excluded Under Rule 403. .................................................3

II. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 2 TO EXCLUDE UNAVAILBLE WITNESSES' DEPOSITION TESTIMONY........................................................................3

III. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY REFERENCE AT TRIAL TO ANY PARTY'S PARTICIPATION IN THE EIAJ AND EIAJ ACTIVITIES..................................................................................................6

   A. Admission Of The EIAJ Evidence Violates Evidence Rule 404(b). ..................................6

   B. Admission Of The EIAJ Evidence Would Violate Rule 403. ............................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*AD/SAT v. Associated Press,*
  181 F.3d 216 (2d Cir. 1999) ...........................................................................................8

*Bank Melli Iran v. Pahlavi,*
  58 F.3d 1406 (9th Cir. 1995) ..........................................................................................2

*Bruton v. United States,*
  391 U.S. 123 (1968) ........................................................................................................3

*Costco Wholesale Corp. v. AU Optronics Corp.,*
  2014 U.S. Dist. LEXIS 132145 (W.D. Wash. Sept. 18, 2014) .......................................5

*In re Screws Antitrust Litig.,*
  526 F. Supp. 1316 (D. Mass. 1981) ................................................................................5

*Kirk v. Raymark Indus., Inc.,*
  61 F.3d 147 (3d Cir. 1995) ..............................................................................................1

*Maric v. St. Agnes Hosp. Corp.,*
  65 F.3d 310 (2d Cir. 1995) ..............................................................................................7

*Moore v. Am. Family Mut. Ins. Co.,*
  2007 U.S. Dist. LEXIS 69013 (D. Ariz. Sept. 14, 2007) ................................................4

*Moore v. Boating Indus. Ass'n,*
  819 F.2d 693 (7th Cir. 1987) ......................................................................................7, 8

*Taylor v. List,*
  880 F.2d 1040 (9th Cir. 1989) ........................................................................................2

*United Mine Workers v. Pennington,*
  381 U.S. 657 (1965) ........................................................................................................7

*United States v. Geiger,*
  263 F.3d 1034 (9th Cir. 2001) ........................................................................................5

*Zenith Radio Corp. v. Matsushita Elec. Indus., Co.,*
  505 F. Supp. 1190 (E.D. Pa. 1980) .................................................................................5

**OTHER AUTHORITIES**

23 Am. Jur. 2d, Depositions and Discovery, § 131 .................................................................1

Fed. R. Evid. 403 ...................................................................................................................3, 6, 9

Fed. R. Evid. 404(b)................................................................................................................6, 8, 9

Fed. R. Evid. 602 ..........................................................................................................................2

Fed. R. Evid. 801(c).......................................................................................................................1

Fed. R. Evid. 802 ...........................................................................................................................1

Fed. R. Evid. 804(b)(1) ...............................................................................................................4, 5

## NOTICE OF MOTION AND MOTIONS IN LIMINE

To all parties and their attorneys of record:

Please take notice that on such a date as the Court deems fit this matter may be heard before the Honorable Samuel P. Conti, Senior U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Fl., 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi Electric"), move this Court to bar evidence and argument on the following topics:

- **Motion in Limine No. 1** – the Direct Action Plaintiffs ("DAPs") may not introduce, seek to introduce, argue, or refer in any way to the interrogatory answer of Samsung SDI Co., Ltd. as evidence against Mitsubishi Electric.

- **Motion in Limine No. 2** – the DAPs may not introduce, seek to introduce, argue, or refer in any way to deposition testimony predating September 26, 2013 as evidence against Mitsubishi Electric.

- **Motion in Limine No. 3** – the DAPs may not introduce, seek to introduce, argue, or refer in any way to any party's participation in the Electronic Industries Association of Japan (the "EIAJ"), or exchanges of production information between participants in the EIAJ.

This Motion is based upon this Notice and Motions, the accompanying Memorandum of Points and Authorities, argument of counsel, and other matters the Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 1 TO EXCLUDE THE SDI INTERROGATORY RESPONSE**

Mitsubishi Electric moves *in limine* to exclude an ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* Ex. 1, Pl.s' Dep. Ex. 6101 (SDI's Responses to Dell Plaintiffs' First Set of Interrogatories) (hereinafter, "the SDI Response").) The SDI Response should be excluded because: (1) it is inadmissible hearsay, and no exception to the hearsay rule applies; (2) in the absence of any evidence to corroborate the SDI Response or any witness who could testify about its allegations, the Court is left with no indicia of the SDI Response's reliability, and Mitsubishi Electric is left with no ability to cross-examine; and (3) the risk of unfair prejudice from admission of the SDI Response vastly outweighs its probative value.

**A.    The SDI Response Is Inadmissible Hearsay.**

"[A] statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted" is not admissible unless a hearsay exception applies. *See* Fed. R. Evid. 802. Interrogatory answers are hearsay. "Although an answer to an interrogatory is admissible against the party answering the interrogatory, it ordinarily is not admissible in evidence against anyone else, including a codefendant." 23 Am. Jur. 2d, Depositions and Discovery, § 131 (collecting cases); *see Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 167-68 (3d Cir. 1995) (response to interrogatory cannot be admitted on basis that interrogatory was signed and sworn under penalty of perjury). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As an out of court statement submitted for the truth of its contents, the SDI Response is classic hearsay, not subject to any applicable exception, and is therefore not admissible at trial. Fed. R. Evid. 801(c).

### B. The SDI Response Bears No Indicia Of Reliability, And Mitsubishi Electric Cannot Cross-Examine Any Witness About Its Allegations.

The discovery record contains no evidence or testimony corroborating the statements about Mitsubishi Electric in the SDI Response. There is no basis to believe that any witness will testify from personal knowledge to the SDI Response's allegations regarding Mitsubishi Electric, no basis for the Court to conclude that those allegations have any indicia of reliability, and no opportunity for Mitsubishi Electric to test those allegations through cross-examination.

Any such testimony must be from personal knowledge in order to be admissible. Fed. R. Evid. 602. ▮▮▮▮▮▮▮▮▮▮ (*See* Ex. 2, Yongtae Kim's Verification to Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories.) As hearsay evidence not based on personal knowledge, it should be afforded "no weight." *See Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (giving no weight, on review of summary judgment, to "information and belief" declarations not based on personal knowledge); *Taylor v. List,* 880 F.2d 1040, 1046 n.3 (9th Cir. 1989) (requiring that affidavit relied on to avoid summary judgment be rooted in personal knowledge, and citing Rule 56(e)). ▮▮▮▮▮▮▮▮▮▮ (Ex. 3, D. Bernstein 8/27/14 Letter at 4; *see also id.* ▮▮▮▮▮▮▮▮▮▮ (*Id.*)

Because no witness will testify from personal knowledge to the content of Samsung SDI's statement that the company allegedly conspired with Mitsubishi Electric, the SDI Response is hearsay, without any indicia of reliability, and not subject to any cross-examination.

1  Admission of the Samsung SDI Response would contravene thoroughly the rationale and judicial
2  policies underlying the hearsay rule.

### C. The SDI Response Should Be Excluded Under Rule 403.

Any probative value of the SDI Response about Mitsubishi Electric is more than substantially outweighed by its unfair prejudice, and its introduction would violate Rule 403. ███████████████████████████████████████████████████████████████████ In fact, in criminal cases, that influence is so powerful that juries are not allowed to hear the confessions of co-conspirators who implicate other defendants *unless* the co-conspirators are available for cross-examination about those statements. *See Bruton v. United States*, 391 U.S. 123, 126-27 (1968). ███████████████████████████████████████████████████████████████████ In view of the foregoing, the SDI Response should also be excluded from trial under Rule 403 of the Federal Rules of Evidence.

## II. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 2 TO EXCLUDE UNAVAILBLE WITNESSES' DEPOSITION TESTIMONY

Mitsubishi Electric moves to exclude deposition testimony taken prior to September 26, 2013, the date Mitsubishi Electric received its first deposition notice. The deposition testimony of an unavailable witness is inadmissible unless it meets the requirements of the unavailable witness hearsay exception. To be admissible under Federal Rule of Evidence 804(b)(1), lawful

deposition testimony must be offered against a party – or that party's predecessor in interest – who had "opportunity and similar motive to develop it by direct, cross-, or redirect examination."

Mitsubishi Electric does not dispute that the testimony from witnesses now unavailable for trial was taken at "lawful" depositions. *See* Fed. R. Evid. 804(b)(1)(A). However, to admit testimony under Rule 804(b)(1), the party (or its predecessor in interest) must have had a meaningful "opportunity or similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(B). If the party was absent from the case when the witness testified, it had no opportunity, let alone a meaningful one, to challenge or question the witness. *Moore v. Am. Family Mut. Ins. Co.*, 2007 U.S. Dist. LEXIS 69013, at *7 (D. Ariz. Sept. 14, 2007) (holding that Rule 804(b)(1) does not apply to a party who was not party to the previous litigation). Any deposition testimony taken ***before*** Mitsubishi Electric's inclusion in discovery thus fails the second requirement of Fed. R. Evid. 804(b)(1), as neither Mitsubishi Electric nor any predecessor in interest had an opportunity to cross-examine or otherwise examine those witnesses. *See* Fed. R. Evid. 804(b)(1)(B). Here, there can be no dispute that Mitsubishi Electric did not have an "opportunity" to examine the witnesses deposed before it received its first deposition notice on September 26, 2013. By that date, at least 51 defendant depositions (now designated by the DAPs)[1] had already been taken.

Moreover, Mitsubishi Electric had no "predecessors in interest" that had a meaningful opportunity to examine the witnesses deposed before Mitsubishi Electric received its first deposition notice on September 26, 2013. All of Mitsubishi Electric's co-defendants – many of whom participated in the depositions – are separate corporations with different motives and interests from Mitsubishi Electric, and cannot be considered "predecessors in interest."

Co-defendants in antitrust cases often have competing self-interests, even when defending against common allegations. In *Zenith Radio Corp. v. Matsushita Elec. Indus., Co.*,

---

[1] The DAPs have currently designated 51 depositions taken prior to September 26, 2013. (*See* Ex. 4, Chart of pre-September 26, 2013 Depositions Designated by DAPs.) Mitsubishi Electric seeks to exclude all depositions taken prior to September 26, 2013, even those not currently designated by the DAPs.

1  for example, the court held that the co-defendants in an alleged antitrust cartel case were not
2  predecessors in interest under Rule 804(b)(1), because the case involved "co-defendants with
3  potentially conflicting interests" and there were too many "dangers inherent in admitting
4  testimony developed by one co-defendant against another." 505 F. Supp. 1190, 1292 (E.D. Pa.
5  1980), *rev'd on other grounds*, 723 F.2d 238, 285 (3d Cir. 1983); *see also Costco Wholesale*
6  *Corp. v. AU Optronics Corp.*, 2014 U.S. Dist. LEXIS 132145, at *23 (W.D. Wash. Sept. 18,
7  2014) ("the bare fact that plaintiffs . . . also wished to hold Defendants or their conspirators liable
8  for price fixing is not nearly enough to establish applicability of [the predecessor in interest]
9  exception"); *In re Screws Antitrust Litig.*, 526 F. Supp. 1316, 1319 (D. Mass. 1981) (in area of
10 antitrust, "a defendant in a criminal trial may be motivated in its defense to protect itself against
11 liability by implicating other defendants" and " it would be against [Rule 804(b)(1)'s] plain
12 language and meaning . . . to find . . . that earlier criminal defendants were 'predecessors in
13 interest' of later civil defendants."). Even if co-defendants could conceivably be considered
14 predecessors, for the prior deposition to be admitted, the predecessor must have "had a like
15 motive to develop testimony about the same material." *Zenith,* 505 F. Supp. at 1292. Mitsubishi
16 Electric's co-defendants did not.  Here, as in *Zenith*, Mitsubishi Electric's co-defendants had
17 their own motives and interests – not Mitsubishi Electric's.  In such situations, any shared
18 interest in defending against common allegations is no substitute for each defendant's need to
19 protect its own interests. *Id*.
20      For all of those reasons, Mitsubishi Electric's co-defendants were not its predecessors in
21 interest under Rule 804(b)(1).  Because no other exception to the rule against hearsay applies, the
22 Court should bar DAPs' from using deposition testimony predating September 26, 2013.

### III. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY REFERENCE AT TRIAL TO ANY PARTY'S PARTICIPATION IN THE EIAJ AND EIAJ ACTIVITIES.[2]

Mitsubishi Electric moves to exclude any reference to a party's participation in the Electronic Industries Association of Japan (the "EIAJ"), a prominent Japanese nonprofit national trade organization,[3] as well as reference to any exchanges of production information among EIAJ members. Since the EIAJ's founding in 1948, members occasionally met to discuss a broad array of topics related to electronics, including topics related to CRT production and marketing trends. The Japanese CRT companies – Mitsubishi Electric, Hitachi, Toshiba, and Panasonic (as well as Sony and NEC, who have never been implicated in any CRT case) – participated in the EIAJ meetings and follow-up communications about production information.

The DAPs should not be permitted to refer to any party's participation in the EIAJ or exchanges of production information among EIAJ members (collectively, the "EIAJ evidence"), as this evidence will be taken by the jury for the impermissible inference of propensity of Mitsubishi Electric and other Japan-based parties to engage in price-fixing, in clear contravention of Rules 403 and 404(b).

#### A. Admission Of The EIAJ Evidence Violates Evidence Rule 404(b).

Under Rule 404(b), any "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." ███████████████████████████████████████████

---

[2] Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi Asia, Ltd. and Panasonic Corporation, MT Picture Display Co., Ltd., and Panasonic Corporation of North America also join in Mitsubishi's Motion in Limine No. 3.

[3] In or around 2000, the EIAJ and the Japan Electronic Industries Development Association were merged to create the Japan Electronics and Information Technology Industries Association ("JEITA"), the current Japanese trade organization for the electronics and IT industries. As of 2011, JEITA had more than 435 active members. (*See* Ex. 5, JEITA Members, http://www.jeita.or.jp/english/member/list/index.htm (last visited February 13, 2015).)

[redacted] Participation in a trade association is "not illegal, either standing alone *or as part of a broader scheme itself* violative of the Sherman Act." *United Mine Workers v. Pennington*, 381 U.S. 657, 670 (1965) (emphasis added). The reason is clear: allowing a mere "opportunity to conspire" to suffice as an "actual conspiracy," would automatically transform any innocent trade association activity to a springboard for price-fixing jury trials. *See Maric v. St. Agnes Hosp. Corp.*, 65 F.3d 310, 313 (2d Cir. 1995) ("The mere opportunity to conspire does not by itself support the inference that such an illegal combination actually occurred. A plaintiff must prove the defendants illegally conspired."). [redacted]

---

4 [redacted]

1 ▮▮▮ *Moore v. Boating Indus. Ass'n,* 819

2 F.2d 693, 712 (7th Cir. 1987). DAPs have identified nothing to suggest anything other than

3 normal trade association activities at the EIAJ, and have thus failed to identify "evidence of

4 actual knowledge of, and participation in, an illegal scheme in order to establish a violation of

5 the antitrust laws by a particular association member." *Id.*; *see AD/SAT v. Associated Press*, 181

6 F.3d 216, 234 (2d Cir. 1999) ("[A]n antitrust plaintiff must present evidence tending to show that

7 association members, in their individual capacities, consciously committed themselves to a

8 common scheme designed to achieve an unlawful objective.").



2335327.10

**B.     Admission Of The EIAJ Evidence Would Violate Rule 403.**

In addition to the greatly increased risk of juror confusion as to whether one or two separate alleged conspiracies existed, the evidence poses too great a potential for the jury to hear impermissible character evidence that overwhelms the relatively low probative value. The impermissible

1  inference of propensity is the far more powerful of the two inferences, and so the evidence must
2  be excluded under Rule 403.

4  DATED:  February 13, 2015       **JENNER & BLOCK LLP**

By: /s/ *Terrence J. Truax*
JENNER & BLOCK LLP
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

**WINSTON & STRAWN LLP**

By: /s/ *Jeffrey L. Kessler*

JEFFREY L. KESSLER (*pro hac vice*)
Email: JKessler@winston.com
ALDO A. BADINI (SBN 257086)
Email: ABadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: EWCole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*
(***JOINING ONLY MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3***)

**KIRKLAND & ELLIS LLP**

By:      */s/ Eliot A. Adelson*
Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.*
(***JOINING ONLY MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3***)