Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**

This Document Relates to:

*Sharp Electronics Corp.*, et al. *v. Hitachi, Ltd.*, et al., Case No. 13-cv-1173 SC

and

*Sharp Electronics Corp.*, et al. *v. Koninklijke Philips Electronics N.V.*, et al., Case No. 13-cv-2776 SC

Case No. 07-cv-5944 SC
MDL No. 1917

**PLAINTIFFS SHARP ELECTRONICS CORPORATION & SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THE ROLE OF SHARP COMPANIES IN THE TFT-LCD ANTITRUST LITIGATIONS**

Date: To Be Determined
Time: To Be Determined
Place: Courtroom One, 17th Floor

Honorable Samuel Conti

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp Plaintiffs") hereby move this Court to exclude evidence of or reference to non-party Sharp Corporation's ("Sharp Corp.") guilty plea related to TFT-LCDs, as well as evidence of or reference to the role of any Sharp companies in the events underlying the *In re TFT-LCD (Flat Panel) Antitrust Litigation* matter, No. 07-md-1827 (N.D. Cal.) (Illston, J.) (collectively, the "*TFT-LCD* litigations"), including reference to the expert report of Dr. Jerry Hausman in the *TFT-LCD* litigations and Sharp companies' retention of Dr. Hausman in the *TFT-LCD* litigations.

**INTRODUCTION**

Plaintiffs SEC and SEMA respectfully submit this motion *in limine* to exclude evidence of or reference to non-party Sharp Corp.'s guilty plea related to TFT-LCDs, as well as evidence of or reference to the role of Sharp companies in the events underlying the *In re TFT-LCD (Flat Panel) Antitrust Litigation* matter. Exhaustive discovery in this case has revealed no link between any Sharp company's purported role in an alleged TFT-LCD conspiracy on one hand and the CRT conspiracy on the other that would render such evidence relevant in any way to SEC's and SEMA's claims or Defendants' defenses here, and accordingly, it should be excluded from trial as lacking probative value under Federal Rule of Evidence 402. Despite Defendants' insinuations that the Sharp Plaintiffs here must have known about the CRT conspiracy because of the role of Sharp companies in the alleged TFT-LCD conspiracy, the record is undisputed that the Sharp Plaintiffs were unaware of the CRT conspiracy until it was publicized as the result of government raids in November 2007. This should come as no surprise to Defendants, who took extensive measures to conceal their conspiracy from their customers.

Defendants nonetheless seek to introduce evidence of non-party Sharp Corp.'s guilty plea, and the other TFT-LCD evidence regarding Sharp companies, because they are banking on the highly inflammatory nature of the evidence. Allowing jurors to hear that a non-party with

"Sharp" in its name pled guilty to a conspiracy might encourage them to discount SEC's and SEMA's claims here. Rule 403, however, prohibits the use of such unduly prejudicial evidence. Moreover, the introduction of evidence or argument regarding Sharp companies' roles in the conduct underlying the *TFT-LCD* litigations would waste time and burden an already-complicated trial, because SEC and SEMA would then be required to explain and rebut the evidence. Ultimately, only delay, confusion, distraction, and unfair prejudice to the Sharp Plaintiffs would result.

Accordingly, the Sharp Plaintiffs move *in limine* to exclude this evidence.

**STATEMENT OF FACTS**

Plaintiffs SEC and SEMA purchased CRTs (specifically, CPTs) from the Defendants and their co-conspirators, and allege that Defendants engaged in a long-running conspiracy to reduce competition by fixing, raising, maintaining, or stabilizing the price of CRTs; limiting the production of CRTs; allocating customers or market shares; and/or exchanging information which had the purpose of and resulted in CRTs being priced higher than they otherwise would have been. Because of Defendants' illegal conduct, the Sharp Plaintiffs paid higher prices for CRTs than they otherwise would have. In the United States, the Sharp Plaintiffs spent over $1.3 billion purchasing CRTs from Defendants and their co-conspirators from 1997 to 2007, and, according to their damages expert, paid over $146 million in overcharges. Neither SEC nor SEMA manufactured CRTs, nor did any other Sharp affiliate.

That is the CRT conspiracy that underlies this case. There was a separate antitrust matter filed in the Northern District, relating to TFT-LCD panels. In 2007, SEC and non-party Sharp Corp., among many others, were sued as part of the *TFT-LCD Litigation*, related to alleged overcharges by SEC and Sharp Corp. on TFT-LCD panels they sold. *See In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-1827 (N.D. Cal.). That MDL litigation is ongoing. In December 2008, non-party Sharp Corp. – not SEC or SEMA – pled guilty to participating in a criminal conspiracy in violation of the Sherman Act related to the TFT-LCD market: (1) from on or about April 1, 2001 to on or about December 1, 2006, related to the prices of TFT-LCDs sold to Dell for use in <u>computer monitors and laptops</u>; (2) from on or about September 1, 2005 to on

or about December 1, 2006, related to the prices of TFT-LCDs sold to Apple for use in iPod portable music players; and (3) from the fall of 2005 to the middle of 2006, related to the prices of TFT-LCDs sold to Motorola for use in Razr mobile phones. None of the TFT-LCDs for which Sharp Corp. pled guilty was ever used in televisions, and the CRT televisions at issue in this litigation never used TFT-LCDs of any type. Sharp Corp. is not a party to this lawsuit, and none of the Sharp entities that are party to this lawsuit pled guilty to conduct related to TFT-LCDs.

Defendants have vigorously pursued discovery relating to the Sharp companies' role in the *TFT-LCD* litigations, ultimately gaining access in this case not only to those documents in the Sharp Plaintiffs' possession that related to both LCD and CRTs, but also to an enormous volume of documents produced in the *TFT-LCD* MDL, including by non-party Sharp Corp. Defendants have also questioned each of SEC's and SEMA's witnesses about the LCD conspiracy. This voluminous discovery has confirmed that, as the Sharp Plaintiffs have long maintained, there is no link between Sharp companies' alleged conduct related to TFT-LCDs and the Sharp Plaintiffs' acquisition of CRTs and the manufacture and sale of CRT televisions. SEC's and SEMA's witnesses have testified consistently and unequivocally that individuals involved in the Sharp Plaintiffs' CRT activities had no relationship to TFT-LCDs during the relevant time period in this case. SEC 30(b)(6) witness Vincent Sampietro testified that SEC's Memphis, Tennessee CRT television manufacturing facility (of SEC division Sharp Manufacturing Company of America or SMCA) never made LCD televisions. (Ex. A, Dep. of Vincent Sampietro at 45:24.) Mr. Sampietro testified that he investigated whether anyone at SEC or at SEMA involved in the procurement of CRTs was also involved in the sale of LCDs, and that there were no overlap in personnel. (Ex. A, Sampietro Dep. at 288:22-289:3.) Mr. Sampietro also testified that during the relevant time period, nobody at SEMA or SEC had any knowledge or belief that CRT manufacturers were exchanging information or meeting together about CRTs, or that the prices offered by CRT manufacturers to the Sharp Plaintiffs were not the result of vigorous competition. (Ex. A, Sampietro Dep. at 265:13-267:6.) Likewise, Toshihito Nakanishi, who was involved in CRT purchasing at both SEC and SEMA during the relevant

time period, testified that during the time he was negotiating for CRT purchases, he had no reason to believe the defendants were conspiring. (Ex. B, Dep. of Toshihito Nakanishi at 354:3-8, 355:22-356:14.)

Despite the lack of evidence, Defendants appear set to make the *TFT-LCD* litigations the centerpiece of their defense to the Sharp Plaintiffs' claims. For example, of the 111 documents produced by the Sharp Plaintiffs listed on Defendants' preliminary exhibit list, 80 of them (over 70%) are documents related exclusively to the TFT-LCD case, including the plea agreement and plea hearing of non-party Sharp Corp. in that case, exhibits used in depositions in that case, and no fewer than 10 complete deposition transcripts from the *TFT-LCD* matter.[1] None of the *TFT-LCD* deponents Defendants identify were deposed in this case, and none appears on any party's preliminary witness list in this case. Only two of these documents make even a passing reference to CRTs, neither of note: one exhibit is deposition testimony from the *TFT-LCD* matter noting the uncontroversial point that "Sharp" used to manufacture television sets with CRTs in them and now manufactures television sets with TFT-LCDs in them (SHARP-CRT-00257770), and the other is a document that refers to CRT computer monitors, which are not at issue in the Sharp Plaintiffs' claims in this case (SHARP-CRT-00251157). Through their questioning of the Sharp Plaintiffs' expert Dr. Jerry Hausman during his deposition in this case, Defendants also signaled that they may seek to argue at trial that the jury should consider Dr. Hausman's opinions on behalf of Sharp companies in the *TFT-LCD* litigations as evidence relevant to his opinions here. (Ex. C, Dep. of Jerry Hausman at 151:13-154:16, 213:15-215:6.)

---

[1] The documents Defendants identified begin with the following Bates numbers: SHARP-CRT-00251066; -251090; -251123; -251157; -251172; -251177; -251182; -251185; -251199; -251249; -251264 ; -251269; -251277; -251396; -251422; -251448; -251522; -251586; -251635; -251640; -251723; -251744; -251749; -251755; -251757; -251759; -251795; -251799; -251854; -251855; -251915; -251918; -251951; -252116; -252125; -252127; -252131; -252132; -252533; -252539; -252912 -252929; -252935; -253048; -253057; -253383; -256897; -256899; -257022; -257238; -257257; -257346; -257408; -257461; -257606; -257644; -257674; -257760; -257838; -258004; -258044; -258082; -258245; -258554; -258717; -259713; -259752; -259790; -260469; -260502; -260508; -260513; -260516; -260567; -260586; -260588; -260594; -260597; -260598; -260601.

## ARGUMENT

### A. Evidence of the Actions of Sharp Companies in the *TFT-LCD* Litigations Is Inadmissible Under Federal Rule of Evidence 402 as Irrelevant

Evidence of the role of Sharp companies in the alleged TFT-LCD conspiracy is irrelevant and inadmissible because it is not probative of any element of any claim or defense. *See* Fed. R. Evid. 401; *United States v. Dean*, 980 F.2d 1286, 1288 (9th Cir. 1992) ("For evidence to be relevant it must be probative of the proposition it is offered to prove, and . . . the proposition to be proved must be one that is of consequence to the determination of the action.") (quotation marks omitted). As such, pursuant to Rule 402, it is "not admissible." Fed. R. Evid. 402.

First, as this Court has previously noted, "antitrust violations by a plaintiff cannot immunize defendants from liability for their own violations." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 301 F.R.D. 449, 453 (N.D. Cal. 2014) (citing *Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211, 214 (1951)); *see Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 138-40 (1968) (holding that the *in pari delicto* defense is not available in private antitrust suits), *overruled on other grounds by Copperweld Corp. v. Independence Tube Corp.*, 340 U.S. 211 (1984). That is, Defendants may not use an alleged antitrust violation on the part of SEC "to shift attention away from an otherwise illegal and actionable scheme." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 301 F.R.D. at 454; *see also Memorex Corp. v. Int'l Bus. Machs. Corp.*, 555 F.2d 1379, 1382 (9th Cir. 1977) ("A wrongful act committed against one who violates the antitrust laws must not become a shield in the violator's hands against operation of the antitrust laws."). And of course, Sharp Corp. – the only Sharp company to plead guilty in the *TFT-LCD* litigations – is not a party to this case, nor is SEMA a party to the *TFT-LCD* litigations.

Thus, to the extent that Defendants had hoped to avoid blame for their conduct by suggesting to the jury that the Sharp Plaintiffs are not deserving of compensation, the law provides a clear answer: that evidence is not relevant, and so inadmissible. *See, e.g., Saint Alphonsus Med. Ctr. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, No. 12-cv-00560, 2013 WL 5488904, at *1 (D. Id. Sept. 30, 2013) (granting in part motion *in limine* to exclude evidence of

plaintiff's conduct because "[t]he main purpose of this evidence . . . is to excuse St. Luke's conduct on the ground that St. Al's was trying to do the same thing. That is a classic 'unclean hands' defense, and the Supreme Court has rejected that defense in antitrust cases. Thus, St. Luke's evidence is irrelevant if its purpose is to show St. Al's had unclean hands") (citation omitted); *Pinto Trucking Serv., Inc. v. Motor Dispatch, Inc.*, 649 F.2d 530, 534 n.5 (7th Cir. 1981) (noting that evidence of plaintiff's unrelated unlawful conduct "would have been inadmissible on relevancy grounds"); *see also Kiefer-Stewart Co.*, 340 U.S. at 214; *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 301 F.R.D. at 453; Fed. R. Evid. 402.

Second, although Defendants may attempt to seize on some of the areas of overlap between the LCD conspiracy and the CRT conspiracy, none of the actions of any Sharp companies in the *TFT-LCD* litigations is relevant to the Sharp Plaintiffs' claims for damages resulting from their purchases, for use in CRT-TVs, of price-fixed CRTs. The record evidence makes clear that no one at SEC or SEMA involved in the purchase of CRTs was aware of the alleged LCD conspiracy. Non-party Sharp Corp.'s guilty plea does not change this fact. The TFT-LCD documents and testimony that Defendants have listed on their preliminary exhibit list do not relate to CRTs, other than in trivial ways. That is because there is no link between the conduct of any Sharp company in the events underlying the *TFT-LCD* litigations and the Sharp Plaintiffs' purchase of CRTs, or any other fact or contention that is relevant to the claims and defenses in this matter, as is confirmed by the immense discovery record in this case. Accordingly, the evidence that Defendants seek to introduce relating to the role of Sharp companies in the *TFT-LCD* litigations is irrelevant, and therefore inadmissible. *See* Fed. R. Evid. 401, 402.

Third, to the extent that Defendants seek to introduce the fact of the civil *TFT-LCD* litigation, or use documents or testimony in a way that makes clear the existence of that litigation, such evidence of "other litigations" is routinely excluded as irrelevant (and, as discussed below, as unduly prejudicial and confusing). *See, e.g.*, *Hill v. Novartis Pharm. Corp.*, 944 F. Supp. 2d 943, 953 (E.D. Cal. 2013) ("As a general proposition . . . for most purposes, reference to, and evidence of other litigation is excluded," both "because it is irrelevant, *see* Fed.

R. Evid. 401, 402, and because, assuming *arguendo* it is relevant, it would be confusing, *see* Fed. R. Evid. 403."); *see also, e.g.*, *Gribben v. United Parcel Service, Inc.*, 528 F.3d 1166, 1172 (9th Cir. 2008); *In re Homestore.com, Inc.*, No. CV 01-11115, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011); *Kakkis v. Provident Mut. Life Ins. Co. of Phil.*, No. CV 00-08297, 2002 WL 34357203, at *1 (C.D. Cal. Oct. 7, 2002). There is no reason to depart from this general rule here.

### B. Evidence of the Actions of Sharp Companies in the *TFT-LCD* Litigations Is Inadmissible Under Rule 403 as Unfairly Prejudicial and Likely to Lead to Confusion and Waste of Time

Even assuming that the actions of any Sharp companies in the *TFT-LCD* litigations had some minimal relevance to this case, the probative value of that evidence would be substantially outweighed by the unfair prejudice to the Sharp Plaintiffs, and the likelihood of confusion and delay, and so should be excluded. *See* Fed. R. Evid. 403.

First, there can be no question that evidence of or reference to non-party Sharp Corp.'s guilty plea would be highly prejudicial to the Sharp Plaintiffs. "Evidence is prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action.'" *United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995) (quoting 1 *Weinstein's Evidence* § 403[3]); *see also* Fed. R. Evid. 403 advisory committee's notes (explaining that "unfair prejudice," for purposes of Rule 403, "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"). Though it is difficult even to guess at what purportedly relevant purpose Defendants will offer to justify their efforts to introduce into evidence non-party Sharp Corp.'s plea, the effect of any such evidence would be to provoke an emotional response in the jury, or suggest that Sharp Corp.'s affiliates SEC and SEMA should be "punished" by the rejection of their claims – all improper considerations. "Guilt by association is just what Fed. R. Evid. 403 was intended to exclude." *United States v. Wassner*, 141 F.R.D. 399, 405 (S.D.N.Y. 1992); *see also, e.g.*, *Wood v. Mont. Dep't of Revenue*, No. CV 10-13-H-DWM, 2011 WL 4348301, at *1 (D. Mont. Sept. 16, 2011) (stating that courts "must take great care to limit evidence of" criminal convictions due to its prejudicial nature) (internal quotation marks omitted).

Second, other evidence regarding the involvement of Sharp companies in the events underlying the *TFT-LCD* litigations, aside from Sharp Corp.'s guilty plea, is also unduly prejudicial. Again, the primary effect – if not the primary purpose for which Defendants seek to introduce such evidence – is to poison the well against the Sharp Plaintiffs, and to suggest that the Sharp Plaintiffs do not deserve to recover, or recovery fully, for the harm caused by the Defendants' overcharged CRT sales.

Rule 403 requires the exclusion of this evidence. Consider, for example, the many complete *TFT-LCD* deposition transcripts included by Defendants as exhibits. None of the generic information contained within these transcripts relating to CRTs could justify the prejudice the Sharp Plaintiffs would sustain from admitting them into evidence. This is particularly so where, as here, Defendants have had the opportunity to take numerous depositions of the Sharp Plaintiffs in this case, and have designated much of that testimony for use at trial. Similarly, with respect to the Sharp companies' retention of Dr. Hausman in the *TFT-LCD* litigations, any questioning regarding Dr. Hausman's expert qualifications and his prior work can be done without the need to disclose that the litigation involved parties in this case or that Dr. Hausman was retained by Sharp companies in the *TFT-LCD* litigations. Indeed, courts routinely exclude evidence arising out of prior litigations. *See, e.g.*, *Gribben*, 528 F.3d at 1172 (affirming exclusion of prior consent decree "because it was irrelevant and would have been unduly prejudicial, confusing, and misleading"); *In re Homestore.com, Inc.*, 2011 WL 291176, at *1 ("[R]eference to or evidence of Plaintiff's involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice."); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905, 2008 WL 504096, at *2 (N.D. Cal. Feb. 19, 2008) (excluding as substantially more prejudicial than probative evidence that would require explaining a separate litigation, "which the court has already ordered kept out of evidence absent good cause"); *Rondor Music Int'l Inc. v. TVT Records LLC*, No. CV 05-2909-JTL, 2006 WL 5105272, at *10 (C.D. Cal. Aug. 21, 2006) (holding that reference to a prior unrelated case "is unnecessary and would potentially result in unfair prejudice to plaintiffs or confusion of the issues"); *see also Ritten v. Lapeer Reg'l Med. Ctr.*, No. 07-10265, 2010 WL 374163, at *8-9 (E.D. Mich. Jan. 25,

2010) (excluding evidence of plaintiff's prior litigations as "wholly unrelated" and because "the prejudicial effect of introducing evidence of these prior actions would substantially outweigh any possible probative value"); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144, 2006 WL 988143, at *10 (S.D.N.Y. April 13, 2006) (precluding defendants from referring to plaintiff's previous litigation by name or in argument, because it was "highly prejudicial").

Third, the high likelihood of juror confusion and delay counsels in favor of excluding evidence concerning the activities of any Sharp companies in the *TFT-LCD* litigations. For instance, that the Sharp Plaintiffs here, as buyers of CRTs, were harmed by some of the defendants that Sharp companies are alleged to have conspired with in the *TFT-LCD* litigations may lead jurors to speculate – without evidence – about whether the Sharp Plaintiffs knew about the CRT conspiracy. Moreover, introducing evidence of the involvement of Sharp companies in the events underlying the *TFT-LCD* litigations would likely necessitate a "mini trial." The Sharp Plaintiffs will be forced to explain and rebut the evidence of the Sharp companies' alleged role in the *TFT-LCD* litigations (including the limited nature of Sharp Corp.'s plea and its exclusion of TVs), and further explain that unlike the Sharp companies, the Defendants in the *TFT-LCD* litigations who are also Defendants in this case sold both LCDs and CRTs. The likelihood of such a "mini trial" is itself a basis to exclude evidence under Rule 403. *See, e.g., Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001). "This action involves complicated facts and there is no need to confuse the jury with unrelated facts," particularly when evidence of a prior litigation could "'poison the well.'" *Fidelity Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg*, No. 09-cv-140, 2014 WL 1286392, at *8 (S.D. Cal. Mar. 28, 2014).

A recent decision from the Central District encapsulates the concern (referring to evidence relating to charges brought against Plaintiff IV Solutions by the California Board of Pharmacy):

> Furthermore, the Court notes that Rule 403 also warns against the use of evidence that would tend to confuse the jury or would result in delay and the undue consumption of court time. Here evidence from the Board proceedings would risk doing both. The jury would surely wonder why it

> is hearing evidence of a series of events and transactions that have nothing to do with the relationship between and among United, IV Solutions and three plan participants. Moreover, if the Court permitted the presentation of evidence regarding the allegations made before the Board, fairness would require that IV Solutions be permitted to respond to those allegations. The Court would then be mired in a trial within a trial on matters having no direct bearing on the disputed transactions that are the focus of this litigation.

*IV Solutions, Inc. v. United Healthcare Servs., Inc.*, No. CV-12-4887, 2014 WL 5817224, at *3 (C.D. Cal. Nov. 10, 2014). Each of these concerns applies equally here should evidence of the Sharp companies' alleged role in the *TFT-LCD* litigations be introduced.

## CONCLUSION

For these reasons, the Court should enter an order excluding evidence of or reference to non-party Sharp Corp.'s guilty plea related to TFT-LCDs, as well as evidence of or reference to the role of Sharp companies in the events underlying the *TFT-LCD* litigations.

DATED: February 13, 2015 By: /s/ *Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America, Inc.*

**Civil Local Rule 5-1(i)(3) Attestation**

I, Jonathan Patchen, am the ECF user whose ID and password are being used to file the above **PLAINTIFFS SHARP ELECTRONICS CORPORATION & SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THE ROLE OF SHARP COMPANIES IN THE TFT-LCD ANTITRUST LITIGATIONS**. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each listed counsel above has concurred in this filing.

/s/ Jonathan Patchen