1  Calvin L. Litsey (SBN 289659)
   FAEGRE BAKER DANIELS LLP
2  1950 University Avenue, Suite 450
   East Palo Alto, CA  94303-2279
3  Telephone: +1 650-324-6700
   Facsimile: +1 650-324-6701
4  calvin.litsey@FaegreBD.com

5  Kathy L. Osborn (*pro hac vice*)
   Ryan M. Hurley (*pro hac vice*)
6  FAEGRE BAKER DANIELS LLP
   300 N. Meridian Street, Suite 2700
7  Indianapolis, IN  46204
   Telephone: +1 317-237-0300
8  Facsimile: +1 317-237-1000
   kathy.osborn@FaegreBD.com
9  ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

10  ***Attorneys for Defendants Thomson***
    ***Consumer Electronics, Inc.***

11

12              **UNITED STATES DISTRICT COURT**

13            **NORTHERN DISTRICT OF CALIFORNIA**

14                **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 15  IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC MDL No. 1917 |
| 16 | |
| 17  This Document Relates to: | **DECLARATION OF JEFFREY S. ROBERTS IN SUPPORT OF** |
| 18  *Electrograph Systems, Inc. et al. v.* | **ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND REPLY IN** |
| 19  *Technicolor SA, et al., No. 13-cv-05724;* | **SUPPORT OF THOMSON CONSUMER'S MOTION FOR** |
| 20  *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v.* | **SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT** |
| 21  *Technicolor SA, et al., No. 13-cv-05261;* | |
| 22  *Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;* | |
| 23 | |
| 24  *Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;* | |
| 25 | |
| 26  *Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;* | |
| 27 | |
| 28  *Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;* | |

1     *P.C. Richard & Son Long Island*
2     *Corporation, et al. v. Technicolor SA, et al.,*
      *No. 31:cv-05725;*

3
4     *Schultze Agency Services, LLC, o/b/o*
      *Tweeter Opco, LLC, et al. v. Technicolor SA,*
      *Ltd., et al., No. 13-cv-05668;*
5
6     *Sears, Roebuck and Co. and Kmart Corp. v.*
      *Technicolor SA, No. 3:13-cv-05262;*

7
8     *Target Corp. v. Technicolor SA, et al., No.*
      *13-cv-05686*

9     *Tech Data Corp., et al. v. Hitachi, Ltd., et*
      *al., No. 13-cv-00157*
10
11    *Dell Inc. v. Hitachi Ltd.,*
      *No. 13-cv-02171;*

12    *Sharp Electronics Corp., et al. v. Hitachi,*
      *Ltd., et. al., No. 13-cv-01173*
13
14    *ViewSonic Corporation v. Chunghwa Corp.,*
      *et al., No. 14-cv-02510*

15

16    I, Jeffrey S. Roberts, hereby declare as follows:

17       1.     I am currently an attorney with the law firm Faegre Baker Daniels LLP, counsel

18 for Defendants, Thomson SA and Thomson Consumer Electronics, Inc. ("Thomson Consumer")

19 (collectively, "Thomson Defendants"). I am an active member in good standing of the bar of the

20 State of Colorado and am admitted to practice *pro hac vice* before the United States District Court

21 for the Northern District of California. I make this declaration in support of Reply In Support of

22 Thomson Consumer's Motion for Summary Judgment and Partial Summary Judgment ("Reply")

23 and the Thomson Defendants' Administrative Motion to File Under Seal portions of and certain

24 exhibits attached to that Reply. The statements contained in this declaration are based on my

25 personal knowledge and, if called as a witness, I could competently testify to the following facts.

26       2.     Since discovery against the Thomson Defendants in these actions began, the

27 Thomson Defendants have produced to the Plaintiffs over 283,000 bates labeled pages of

28 documents. Because many of these documents were produced in native format with a single

bates number and many of these native files are twenty pages or longer, the Thomson Defendants have likely produced over 1 million pages of documents.

3.      Since discovery against the Thomson Defendants in these actions began, the plaintiffs have deposed the following current or former employees of Thomson Consumer: (1) Mr. Jack Brunk; (2) Mr. Tom Carson; (3) Mr. J.P. Hanrahan; (4) Mr. Alex Hepburn; (5) Mr. Jack Hirschler; and (6) Ms. Jackie Taylor-Boggs.

4.      Attached hereto as **Exhibit 33** are true and accurate copies of excerpts from the January 8-9, 2015 Rule 30(b)(6) deposition of the Thomson Defendants.

5.      Attached hereto as **Exhibit 34** is a true and accurate copy of a document produced by Thomson Consumer in this litigation bearing bates numbers TCE-CRT 0026360-TCE-CRT 0026361.

6.      Attached hereto as **Exhibit 35** are true and accurate copies of excerpts from the August 29, 2014 deposition of Thomson Consumer employee Ms. Jackie Taylor-Boggs.

7.      Attached hereto as **Exhibit 36** is a true and accurate copy of a document produced in this litigation bearing bates numbers TSA-CRT 00157524-00157527.

8.      Attached hereto as **Exhibit 37** is a true and accurate copy of a document produced in this litigation bearing bates numbers MTPD-0570796-MTPD-00570802.  A certified English language translation of this document is attached hereto as **Exhibit 37E**.

9.      Attached hereto as **Exhibit 38** is a true and accurate copy of a document produced by Thomson Consumer in this litigation bearing bates numbers TCE-CRT 0021804-TCE-CRT 0021806.

10.      Attached hereto as **Exhibit 39** is a true and accurate copy of the metadata associated with a document produced by Thomson Consumer in this litigation bearing bates numbers TCE-CRT 0012393-TCE-CRT 0012394.

11.      Attached hereto as **Exhibit 40** is a true and accurate copy of the metadata associated with a document produced by Thomson Consumer in this litigation bearing bates numbers TCE-CRT 0012517-TCE-CRT 0012520.

12.     Attached hereto as **Exhibit 41** is a true and accurate copy of the metadata associated with a document produced by Thomson Consumer in this litigation bearing bates numbers TCE-CRT 0012622-TCE-CRT 0012623.

13.     Attached hereto as **Exhibit 42** is a true and accurate copy of the metadata associated with a document produced by Thomson Consumer in this litigation bearing bates numbers TCE-CRT 0012505-TCE-CRT 0012507.

14.     Attached hereto as **Exhibit 43** is a true and accurate copy of the metadata associated with a document produced by Thomson Consumer in this litigation bearing bates numbers TCE-CRT 0012530-TCE-CRT 0012531.

15.     On June 18, 2008, the Court entered a "Stipulated Protective Order" in this matter [Dkt. No. 306] (the "Protective Order").  On February 16, 2015 the Thomson Defendants filed an Administrative Motion to Seal and lodged under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents or portions thereof, that contain and/or reference information from documents or testimony the Thomson Defendants or other parties in this action have designated "Confidential" or "Highly Confidential":

    a.     Exhibits 33, 34, 35, 36, 37, 37E and 38 to Thomson Consumer's Reply;

    b.     The highlighted portions of Thomson Consumer's Reply, which discuss or reference documents or testimony the Court has previously ordered sealed.  *See* Order Granting Administrative Motions for Leave to File Under Seal [Dkt. 3498].

16.     In accordance with Civil Local Rules 7-11 and 79-5(d) and the Stipulated Protective Order the following should be maintained under seal:

    a.     Exhibits 33, 34, 35, 36, and 38 to Thomson Consumer's Reply; and

    b.     The highlighted portion of Thomson Consumer's Reply.

17.     Upon information and belief, the documents and/or testimony contained Exhibits 33, 34, 35, 36, and 38 were designated as "Confidential" or "Highly Confidential" by the Thomson Defendants because they contain confidential, non-public, highly sensitive business information about the Thomson Defendants' business practices, customers, strategies, and supplier relationships.  Publically disclosing this sensitive information risks undermining the Thomson

Defendants' business relationships and harming its suppliers and customers and putting the Thomson Defendants at a competitive disadvantage.

18.     I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this 16th day of February 2015, at Denver, Colorado.


/s/ Jeffrey S. Roberts