DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: adam.hemlock@weil.com

BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*The Indirect Purchaser Action* | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**<br><br>**[re Panasonic Documents in Dkt. 3584]** |

I, Adam C. Hemlock, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in this action. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a Stipulated Protective Order in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On February 13, 2015, Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants") filed an Administrative Motion to Seal (Dkt. 3584) and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

   a. Portions of Toshiba Defendants' Motion to Decertify the IPP Statewide Classes for Damages ("Motion to Decertify"); and

   b. Certain exhibits to the Declaration of J. Frank Hogue in Support of the Toshiba Defendants' Motion to Decertify ("Hogue Declaration").

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Protective Order. Specifically, the Panasonic Defendants request that the following documents be maintained under

- 1 -

DECL. OF ADAM C. HEMLOCK I/S/O TOSHIBA DEFENDANTS' ADMIN. MOT.   Case No. 07-5944 SC
TO SEAL MOT. TO DECERTIFY IPP STATEWIDE CLASSES FOR DAMAGES   MDL No. 1917

seal: (i) Exhibits B, C, and D to the Hogue Declaration and (ii) all references to information in Toshiba Defendants' Motion to Decertify designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of the Protective Order.

5. Attached as Exhibit B to the Hogue Declaration is the Declaration of Janet S. Netz, Ph.D., in Support of Motion of Indirect-Purchaser Plaintiffs for Class Certification, that the IPPs have previously submitted under seal because it contains information designated "Confidential" and/or "Highly Confidential."

6. Upon information and belief, Exhibit B to the Hogue Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. This Exhibit contains, cites, and/or identifies confidential information about the Panasonic Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7. Attached as Exhibit C to the Hogue Declaration is the Expert Report of Janet S. Netz, Ph.D. (dated April 15, 2014), designated as "Highly Confidential" by the IPPs under the Protective Order.

8. Upon information and belief, the expert report appearing in Exhibit C to the Hogue Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The report contains, cites, and/or identifies confidential information about the Panasonic Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business

relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9. Attached as Exhibit D to the Hogue Declaration is the Rebuttal Expert Report of Janet S. Netz, Ph.D. (dated September 26, 2014), designated as "Highly Confidential" by the IPPs under the Protective Order.

10. Upon information and belief, the rebuttal expert report appearing in Exhibit D to the Hogue Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The rebuttal report contains, cites, and/or identifies confidential information about the Panasonic Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

11. I understand that the Panasonic Defendants consider any statements in Toshiba Defendants' Motion to Decertify purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in Exhibits B, C, and D to the Hogue Declaration and referenced in Toshiba Defendants' Motion to Decertify.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17, 2015 at New York, New York.

By: */s/ Adam C. Hemlock*
     ADAM C. HEMLOCK

- 3 -