1  Eliot A. Adelson (SBN 205284)
   James Maxwell Cooper (SBN 284054)
2  KIRKLAND & ELLIS LLP
   555 California Street, 27th Floor
3  San Francisco, CA 94104
   Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500
   Email: max.cooper@kirkland.com
5  Email: eadelson@kirkland.com

6  James H. Mutchnik, P.C. (*pro hac vice*)
   Barack Echols *(pro hac vice)*
7  KIRKLAND & ELLIS LLP
   300 North LaSalle
8  Chicago, IL  60654
   Telephone: (312) 862-2000
9  Facsimile: (312) 862-2200
   Email: jmutchnik@kirkland.com
10 Email: bechols@kirkland.com

11 Attorneys for Defendants
   HITACHI, LTD., HITACHI DISPLAYS, LTD.
12 (n/k/a JAPAN DISPLAY INC.), HITACHI
   AMERICA, LTD., HITACHI ASIA, LTD.,
13 AND HITACHI ELECTRONIC DEVICES
   (USA), INC.

14

15                   **UNITED STATES DISTRICT COURT**

16                   **NORTHERN DISTRICT OF CALIFORNIA**

17                        **SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC |
| | MDL NO. 1917 |
| This Document Relates to: *All Indirect Purchaser Actions* *All Direct Purchaser Actions* | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL [ECF 3584]** |

I, James Maxwell Cooper, declare as follows:

1. I am an attorney licensed to practice in the State of California and the Northern District of California. I am an associate with Kirkland & Ellis LLP, and counsel for Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

3. On June 18, 2008 the Court approved a "Stipulated Protective Order" in this matter (ECF No. 0306).

4. The Hitachi Defendants have disclosed or produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On February 13, 2015, Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc. (collectively, the "Toshiba Defendants") filed an Administrative Motion to Seal (ECF 3584) and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

   a. Portions of Toshiba Defendants' Motion to Decertify the IPP Statewide Classes for Damages ("Motion to Decertify"); and

   b. Certain exhibits to the Declaration of J. Frank Hogue in Support of the Toshiba Defendants' Motion to Decertify ("Hogue Declaration").

6. Pursuant to Civil Local Rules 7-11 and 79-5(d) and the Stipulated Protective Order, I make this declaration on behalf of the Hitachi Defendants to provide the Court with a basis to maintain under seal certain documents that quote from, contain, reflect, describe, or are documents or information designated by Hitachi Defendants as "Confidential" or "Highly Confidential."

7. Attached as Exhibit B to the Hogue Declaration is the Declaration of Janet S. Netz, Ph.D., in Support of Motion of Indirect-Purchaser Plaintiffs for Class Certification, that the IPPs

1  have previously submitted under seal because it contains information designated "Confidential"
2  and/or "Highly Confidential."

3  8.  Upon information and belief, Exhibit B to the Hogue Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. This Exhibit contains, cites, and/or identifies confidential information about the Hitachi Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Hitachi Defendants at a competitive disadvantage.

9.  Attached as Exhibit C to the Hogue Declaration is the Expert Report of Janet S. Netz, Ph.D. (dated April 15, 2014), designated as "Highly Confidential" by the IPPs under the Protective Order.

10. Upon information and belief, the expert report appearing in Exhibit C to the Hogue Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The report contains, cites, and/or identifies confidential information about the Hitachi Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Hitachi Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Hitachi Defendants at a competitive disadvantage.

11. Attached as Exhibit D to the Hogue Declaration is the Rebuttal Expert Report of Janet S. Netz, Ph.D. (dated September 26, 2014), designated as "Highly Confidential" by the IPPs under the Protective Order.

12. Upon information and belief, the rebuttal expert report appearing in Exhibit D to the Hogue Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. The rebuttal report contains, cites, and/or identifies confidential information about the Hitachi Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and

1  public disclosure of this information presents a risk of undermining the Hitachi Defendants' business
2  relationships, would cause it harm with respect to its competitors and customers, and would put the
3  Hitachi Defendants at a competitive disadvantage.

4        13.    I understand that the Hitachi Defendants consider any statements in Toshiba
5  Defendants' Motion to Decertify purporting to summarize the exhibits or any other documents or
6  information designated "Confidential" or "Highly Confidential" by the Hitachi Defendants
7  confidential and proprietary.  I am informed and believe that the Hitachi Defendants have taken
8  reasonable steps to preserve the confidentiality of information of the type contained, identified, or
9  cited to in Exhibits B, C, and D to the Hogue Declaration and referenced in Toshiba Defendants'
10 Motion to Decertify.

11      I declare under penalty of perjury under the laws of the United States of America that the
12 foregoing is true and correct.

13      Executed this 17th day of February at San Francisco, California.

                                         */s/ James Maxwell Cooper*
                                          James Maxwell Cooper