1  BAKER BOTTS L.L.P.
   Jon V. Swenson (SBN 233054)
2  1001 Page Mill Road
   Building One, Suite 200
3  Palo Alto, CA 94304-1007
   Telephone: (650) 739-7500
4  Facsimile: (650) 739-7699
   Email: jon.swenson@bakerbotts.com
5
   BAKER BOTTS L.L.P.
6  John M. Taladay (*pro hac vice*)
   Erik T. Koons (*pro hac vice*)
7  Charles M. Malaise (*pro hac vice*)
   1299 Pennsylvania Avenue, N.W.
8  Washington, D.C. 20004-2400
   Telephone: (202) 639-7700
9  Facsimile: (202) 639-7890
   Email: john.taladay@bakerbotts.com
10 Email: erik.koons@bakerbotts.com
   Email: charles.malaise@bakerbotts.com
11
   *Attorneys for Defendant Koninklijke Philips N.V.,*
12 *Philips Electronics North America Corporation,*
   *Philips Taiwan Limited, and Philips do Brasil, Ltda.*
13

14                    **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
15                         **SAN FRANCISCO DIVISION**

16

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| This Document Relates to: | MDL No. 1917 |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513; | **DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF DEFENDANTS LG ELECTRONICS, INC.'S ADMINISTRATIVE MOTION TO SEAL IN CONNECTION WITH DEFENDANTS' MOTION IN LIMINE #8** |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264; | |
| *Sears, Roebuck & Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514; | |
| *Sears, Roebuck & Co., et al. v. Technicolor SA, et al.,* No. 13-cv-05262; | |
| *Sharp Elecs. Corp. v. Hitachi, Ltd.,* No. 13-cv- | |

*1173 SC;*

*Sharp Elecs. Corp. v. Koninklijke Philips Elecs., N.V.*, No. 13-cv-2776 SC;

*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510.

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil, Ltda. (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice*.

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On February 13, 2015, Defendant LG Electronics, Inc. ("LGE") filed an Administrative Motion to Seal (Dkt. 3563), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents or portions thereof that contain information that the Philips Defendants have designated "Confidential:"

   a. Portions of Defendants' Motion *In Limine* No. 8 to Exclude Evidence or Argument Relating to Damages From "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices ("Motion"); and

   b. Exhibit 3 to the Declaration of Claire Yan in Support of Defendants' Motion *In Limine* No. 8 to Exclude Evidence or Argument Relating to Damages From "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices ("Yan Declaration"), a document produced by the Philips Defendants in this litigation bearing bates numbers, PHLP-CRT-007891 ("Exhibit 3").

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as "Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Motion and Exhibit 3.

5. Exhibit 3 should be maintained under seal in its entirety because it is a document

produced the Philips Defendants in this litigation that was designated as "Confidential" pursuant to the Stipulated Protective Order.

6. Upon information and belief, Exhibit 3 to the Yan Declaration, and the portions of the Motion that discuss and cite Exhibit 3, were designated by the Philips Defendants as "Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 18, 2015 in Washington, D.C.

\_\_/s/ Tiffany B. Gelott_____
Tiffany B. Gelott