Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:  213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:  312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | Master Case No. 07-cv-05944-SC<br>Case No. 14-cv-2058-SC<br>MDL No. 1917<br><br>**REPLY IN SUPPORT OF MITSUBISHI ELECTRIC DEFENDANTS' MOTION TO MODIFY DIRECT PURCHASER PLAINTIFF CLASS CERTIFICATION SCHEDULING ORDER**<br><br>Judge:  Hon. Samuel P. Conti<br>Court:  Courtroom 1, 17th Floor |

In their opposition, the Direct Purchaser Plaintiffs ("DPPs") do not offer any explanation of how a two-month extension of the DPP Class Certification Scheduling Order, (Dkt. 3184 ("Scheduling Order")), would prejudice DPPs in any way. Nor do the DPPs refute Mitsubishi Electric's argument that a short extension would aid in alleviating case management issues in an otherwise complex multi-party litigation with many moving parts. Instead, the DPPs contend that Mitsubishi Electric has not shown good cause exists for a modest, two-month extension of the Scheduling Order because Mitsubishi Electric has allegedly "fail[ed] to demonstrate diligence." (Dkt. 3525 ("Opp.") at 4.) As set forth below, Mitsubishi Electric has been diligent with the DPPs (and also with the Direct Action Plaintiffs ("DAPs"), with whom the DPPs have coordinated discovery). Indeed, since the Scheduling Order was first entered on December 8, 2014, Mitsubishi Electric has engaged in ongoing discovery with both DPPs and DAPs, while simultaneously preparing for a multi-week trial that was scheduled to begin on March 9, 2015.

"[T]he focus of the [good cause] inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As set forth in its opening brief, (Dkt. 3501), Mitsubishi Electric's reasons for seeking modification of the Scheduling Order constitute good cause. Further, because there is no allegation that DPPs would suffer any prejudice as a result of a two-month extension to the Scheduling Order, and because Mitsubishi Electric exercised diligence prior to seeking an extension, the Court should grant Mitsubishi Electric's reasonable request for a two-month extension of the Scheduling Order.

## ARGUMENT

The advisory committee notes to Rule 16(b) provide that a "court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) (Advisory Committee Notes (1983)). This is a lower standard that is considered "more appropriate than a 'manifest injustice' or 'substantial hardship' test." *Id.* Generally, "[i]n examining a request to amend a scheduling order, a court should examine four factors: (1) degree of prejudice or surprise to the opposing party if the court modifies the order; (2) the opposing party's ability to cure the prejudice; (3) the proposed

modification's impact on the orderly and efficient conduct of the trial; and (4) the moving party's willfulness or bad faith." *Park v. CAS Enters., Inc.*, 2009 WL 4057888, at *3 (S.D. Cal. Nov. 19, 2009) (citing *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005)).  Each of these factors weighs in favor of granting Mitsubishi Electric's request for a modest extension of the Scheduling Order in this case.

### A. DPPs Have Not Alleged Any Prejudice Or Surprise That Would Result From Mitsubishi Electric's Requested Two-Month Extension.

The first two factors to consider in connection with a request to amend a scheduling order go to prejudice – namely, the "degree of prejudice or surprise to the opposing party if the court modifies the order," and the ability to cure such prejudice. *Park*, 2009 WL 4057888, at *3. Here, not once in the DPPs' opposition is there any mention of prejudice or surprise. There is no allegation or suggestion that a two-month extension of the schedule would affect DPPs' interests, ability to take discovery, or ability to proceed in this case as a class.

The other factors also weigh in favor of granting an extension, as it would not affect the trial date or the parties' ability to conduct the trial, and there is no allegation of willfulness or bad faith on the part of Mitsubishi Electric. Here, there is no trial date set in the DPP case, and the Court has not yet entered a full pre-trial schedule for the DPP lawsuit (the Scheduling Order only included class certification-related deadlines). DPPs simply have not, and indeed cannot, point to any prejudice that would result from granting the requested extension. In addition, DPPs' strenuous opposition to Mitsubishi Electric's requested extension falls flat in view of DPPs' own delay in suing Mitsubishi Electric (seven years from initially filing the suit in 2007 until May 2014), and in filing the Class Motion (an additional six months, from May 2014 until November 2014).

In sum, because the DPPs have not even identified any prejudice or surprise that would result from granting Mitsubishi Electric's requested extension, their opposition should be rejected, and Mitsubishi Electric's request for a modest two-month extension of the Scheduling Order should be granted.

### B.     Mitsubishi Electric Exercised Diligence Prior To Seeking An Extension.

The DPPs' opposition fails to demonstrate that Mitsubishi Electric has not shown good cause for the requested extension based on Mitsubishi Electric's exercise of diligence in connection with the Class Motion.

First, DPPs contend that an extension is not warranted because "Mitsubishi's motion is devoid of any mention of what, if anything, it has done to prepare its opposition to the Class Motion." (Opp. at 4.)  This argument misses the point.  Mitsubishi Electric's request for an extension is not predicated on the state of its efforts to respond to the Class Motion[1] – rather, Mitsubishi Electric need only show that good cause exists for a modification of the Scheduling Order.  Here, good cause exists because Mitsubishi Electric has exercised diligence in both the DPP and related DAP cases, including extensive trial preparation and discovery (long after the DAP discovery deadline had passed).

Indeed, until only very recently, the majority of Mitsubishi Electric's resources were focused on preparing for trial in the six related DAP cases, which was set to begin on March 9, 2015.[2]  Mitsubishi Electric's diligence was not limited to trial preparation, however – it extended to significant discovery in the time period following the Court's entry of the Scheduling Order on December 8, 2014.  Indeed, while DPPs assert that discovery in the DAP cases "closed" in September 2014, (Opp. at 6), Mitsubishi Electric continued to provide extensive discovery (to both DAPs and DPPs) throughout December 2014 and January 2015, including, but not limited to: (1) the deposition of Mitsubishi Electric witness Koji Murata (December 8-9, 2014) (Declaration of Gabriel A. Fuentes in Support of Reply in Support of Mitsubishi Electric Defendants' Motion to Modify Direct Purchaser Plaintiff Class Certification Scheduling Order

---

[1]  For example, DPPs contend, with no basis but their own speculation, that "a fair inference from Mitsubishi's motion is that it has done nothing." (Opp. at 4.)  Mitsubishi Electric has, in fact, already dedicated significant time and effort to preparing its response to the DPPs' class certification motion.  However, whether good cause exists to modify the Scheduling Order is not – and should not be – contingent on Mitsubishi Electric's efforts in that regard.  The focus of that determination should be, as the Ninth Circuit has made clear, on the "reasons for seeking modification." *Johnson,* 975 F.2d at 609.

[2]  On February 9, 2015, the Court vacated the trial date in the DAP cases.  (Dkt. 3515.)

4

MITSUBISHI ELECTRIC'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY
DIRECT PURCHASER PLAINTIFF CLASS CERTIFICATION SCHEDULING ORDER
Case No. 14-cv-2058-SC; MDL No. 1917

("Fuentes Decl.") ¶ 2); (2) the deposition of Mitsubishi Electric witness Masahiko Konishi (December 10-11, 2014) (Fuentes Decl. ¶ 3); and (3) Mitsubishi Electric's Second Supplemental Response to DAPs' First Set of Interrogatories (January 9, 2015) (Fuentes Decl. ¶ 4).[3] Mitsubishi Electric was also diligent in providing additional requested discovery to DPPs during the same time period. For example, on January 16, 2015, Mitsubishi Electric provided DPPs with a nearly 200-page Supplemental Response to DPPs' First Set of Interrogatories. (Fuentes Decl. ¶ 5.) And on January 20, 2015, Mitsubishi Electric provided DPPs with responses to Direct Purchaser Plaintiff Wettstein and Sons, Inc.'s First Set of Interrogatories and First Set of Requests for Documents. (Fuentes Decl. ¶ 6.) Furthermore, Mitsubishi Electric has also continued to respond to other discovery requests served by counsel for the DPPs, including by scheduling the deposition of another Mitsubishi Electric employee currently stationed in Vietnam, who will travel to the United States to be deposed by DPPs – and the DAPs – on February 24 and 25, 2015. (Fuentes Decl. ¶ 7.) Accordingly, during the short window of time between entry of the Scheduling Order and Mitsubishi Electric's Motion seeking an extension of that schedule, Mitsubishi Electric has diligently prepared for trial, engaged in extensive discovery, and has made every effort to satisfy its many obligations in the DPP and the DAP litigation. Mitsubishi Electric's diligence cannot be in question.

Second, DPPs' argument that the parties' failure to coordinate a date for the deposition of Dr. Jeffrey Leitzinger (DPPs' class expert) "preclude[s] any finding of diligence" ignores the fact the two dates DPPs offered for Dr. Leitzinger fell upon other important deadlines in both the DPP and DAP cases. (*See* Opp. at 4.) As DPPs themselves admit, on the Tuesday before Thanksgiving, DPPs offered only two specific dates for the deposition in January 2015: January 9, 2015, and January 23, 2015. The first of these dates, January 9, 2015, fell on the same date that Mitsubishi Electric's Response Brief to DPPs' Motion to Compel (filed on December 18,

---

[3] The DPPs' assertion that discovery in the DAP cases "closed on September 5, 2014" is particularly misleading in light of the fact that counsel for DPPs has actively played a role in ongoing discovery in the DAP cases – indeed, attorneys for DPPs and DAPs participated in the depositions of Messrs. Murata and Konishi, which clearly occurred well after DPPs wrongly assert discovery "closed."

2014) was due. The second of these dates, January 23, 2015, was the deadline for Mitsubishi Electric's Reply Briefs in support of its three Motions for Summary Judgment in the DAP cases. These deadlines, of course, also coincided with ongoing and extensive discovery that Mitsubishi Electric was engaged in throughout the end of 2014 and early 2015. With the trial date in the DAP cases now postponed, a modest two-month extension would provide Mitsubishi Electric with the additional time needed to coordinate dates for Dr. Leitzinger's deposition, and complete necessary briefing on the Class Motion. Mitsubishi Electric's request is reasonable.

Third, DPPs' argument that even if Mitsubishi Electric's resources had been stretched thin by ongoing discovery in both the DAP and DPP cases, trial preparation, and preparing a response to the DPPs' class certification motion, "Mitsubishi could have hired another firm" (Opp. at 5), presumes too much. That argument also ignores the significant cost implications of engaging "another firm," not to mention the fact that engaging additional counsel would ordinarily cause significant additional delay. Here, Mitsubishi Electric has only sought a short, two-month extension of the Scheduling Order, a far more reasonable approach than taking the substantial added time and resources to retain additional counsel. DPPs also claim "[t]he issues that remained stemmed primarily from Mitsubishi's efforts to avoid discovery and have not been overwhelming." (Opp. at 6.) But again, Mitsubishi Electric's task in the DAP and DPP litigation have been substantial: As set forth above, in December 2014 and January 2015, most of Mitsubishi Electric's resources were dedicated to preparing for trial, completing summary judgment briefing, responding to various discovery-related briefing, and conducting and coordinating extensive additional discovery (including depositions that required the preparation of overseas, non-English speaking witnesses).

Finally, DPPs' contention that "inasmuch as the Court has vacated the trial date, the impending DAP trial is now a moot point," ignores entirely the fact that up until February 9, 2015, when the Court vacated the DAP trial date, Mitsubishi Electric's resources remained primarily focused on trial preparation. That formed the basis of Mitsubishi Electric's original Motion for a Modification of the Scheduling Order, and that basis still applies today.

## C. Good Cause Exists For A Two-Month Extension Of The Scheduling Order.

The central inquiry for the Court is whether good cause exists for Mitsubishi Electric's request to amend the Scheduling Order. That request should be granted because such good cause does exist. The "focus" of the good cause inquiry is "upon the moving party's reasons for seeking modification." *Johnson,* 975 F.2d at 609. Here, Mitsubishi Electric's reasons are valid, reasonable and sound: Mitsubishi Electric was focused on preparing for the scheduled March 9 trial in the DAP cases while the DAPs and DPPs pressed for ongoing discovery that is continuing well into late February, and while the current Scheduling Order required Mitsubishi Electric to file its opposition to the class certification motion on the eve of trial in the DAP cases. Counsel for Mitsubishi Electric attempted in good faith to negotiate a short extension with DPPs before filing the instant Motion, but was unable to obtain any extension of the schedule. (Fuentes Decl. ¶ 8.) There is no bad faith and no prejudice to the DPPs associated with Mitsubishi Electric's request for an extension, which would appropriately allow the parties to further coordinate class-related discovery within a reasonable time.[4]

## CONCLUSION

For all of the foregoing reasons, Mitsubishi Electric respectfully requests that the Court modify the DPP class certification scheduling order, (Dkt. 3184), to provide two additional months of time for each existing deadline.

---

[4] DPPs cite *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080 (9th Cir. 2002), but a comparison of that case with this one only underscores the reasonableness of Mitsubishi Electric's two-month extension request. In *Zivkovic*, the plaintiff had "moved to modify the scheduling order to extend discovery by almost ten months, postpone the trial date for almost five months," and contended that the district court's failure to so modify the scheduling order constituted an abuse of discretion. *Id.* at 1087. In addition, the plaintiff in *Zivkovic* had routinely shown a lack of diligence by failing to comply with the dates set by the district court. *Id.* at 1087-88. By contrast, Mitsubishi Electric has met all deadlines and complied with all dates set by the Court's various scheduling orders (the instant Motion was filed before the deadline for taking Dr. Leitzinger's deposition). In addition, unlike the plaintiff in *Zivkovic*, Mitsubishi Electric's request here is for a modest, two-month extension that would not impact the trial date (which has not yet been set) or the remainder of the pre-trial schedule.

| | |
|---|---|
| DATED:  February 19, 2015 | **JENNER & BLOCK LLP**<br><br>By: /s/ *Terrence J. Truax*<br>JENNER & BLOCK LLP<br>Terrence J. Truax (*pro hac vice*)<br>Michael T. Brody (*pro hac vice*)<br>Gabriel A. Fuentes (*pro hac vice*)<br>353 North Clark Street<br>Chicago, Illinois 60654-3456<br>Telephone: (312) 222-9350<br>Facsimile: (312) 527-0484<br>ttruax@jenner.com<br>mbrody@jenner.com<br>gfuentes@jenner.com<br><br>Brent Caslin (Cal. Bar. No. 198682)<br>JENNER & BLOCK LLP<br>633 West Fifth Street, Suite 3600<br>Los Angeles, California 90071<br>Telephone: (213) 239-5100<br>Facsimile: (213) 239-5199<br>bcaslin@jenner.com<br><br>*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.* |