Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard
Suite 1100
Miami, Florida 33131
Tel:    (305) 373-1000
Fax:    (305) 372-1861
E-mail:rarnold@knpa.com
        wblechman@knpa.com
        kmurray@knpa.com
        srandall@knpa.com
***Counsel for Plaintiff Sears Roebuck and Co.
and Kmart Corp.***

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  **CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-5944 SC |
| This Document Relates to: | MDL No. 1917 |
| *Siegel v. Hitachi, Ltd.,* No. 11-cv-05502; | |
| *Best Buy Co., Inc. v. Hitachi, Ltd.,* No. 11-cv-05513;| **DIRECT ACTION PLAINTIFFS'** [1] |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514; | **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO LCD** |
| *Sears, Roebuck and Co., & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514-SC; | **[DEFENDANTS' MIL #4, Dkt. 3572]** |
| *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261; | The Honorable Samuel Conti |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264; | |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262; | |

---

[1]    The Direct Action Plaintiffs that parties to this Motion are Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C.; Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Sears, Roebuck and Co.; Kmart Corporation; Target Corp.; and Viewsonic Corporation.

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510

Defendants Hitachi Displays, Ltd., and Chunghwa Picture Tubes, Ltd., and LG Display Co., Ltd., (the joint venture of Defendants LG Electronics, Inc., and Koninklijke Philips N.V.), and potential trial witness Chih-Chun Liu all pled guilty to felony violations of the Sherman Act for their roles in the LCD conspiracy. Because evidence of this parallel conspiracy is highly probative to defenses that have been raised by Defendants in this litigation, the admission of this extrinsic but related cartel is relevant to Plaintiffs' case. Accordingly, Defendants' *in limine* motion seeking exclusion of this evidence should be denied.

**A.    Evidence of the LCD Cartel Is Relevant to Issues in the CRT Trial**

As the Plaintiffs have detailed extensively in their summary judgment opposition briefs, there is substantial evidence in this case that Defendants planned and attended a web of group and bilateral meetings for the purpose of fixing the prices of CRTs.

In response to this evidence, Defendants have offered numerous defenses, including that their intent in attending these meetings was not to fix prices,[2] and that any agreements that may have been reached did not have a foreseeable effect on commerce in the United States.[3] This is where the evidence of the LCD conspiracy becomes highly probative.

In their plea agreements with the United States, both Chunghwa and LG Display admitted that between 2001 and 2006:

---

[2] All Defendants have denied Plaintiffs' allegations relating to their intent to fix prices. *See, e.g.,* Samsung SDI Co. Ltd.'s Answer to IPPs' Consolidated Amended Complaint, ¶¶ 244-249, Dkt. 687; Hitachi Defendants' Answer to Sears and Kmart's Second Amended Complaint, ¶¶231-235, Dkt. 2117.

[3] *See, e.g.,* Samsung SDI Co. Ltd.'s Answer to IPPs' Consolidated Amended Complaint, at 38, Nineteenth Affirmative Defense (FTAIA), Dkt. 687; Hitachi Defendants' Answer to Sears and Kmart's Second Amended Complaint, at 49, Twenty-Seventh Affirmative Defense (FTAIA), Dkt. 2117.

> In furtherance of the conspiracy, the defendants, through their officers and employees, engaged in discussions and attended meetings, including group meetings commonly referred to by the participants as "crystal meetings," with representatives of other major TFT-LCD producers. During these discussions and meetings, agreements were reached to fix the price of TFT-LCD to be sold in the United States and elsewhere.

Chunghwa Plea Agreement, ¶4(c), Exhibit 1; LG Display Plea Agreement, ¶4(c) Exhibit 4.

Similarly, Hitachi Displays admitted in its plea agreement that:

> In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in telephone discussions and attended bilateral meetings with representatives of other major TFT-LCD producers. During these discussions and meetings, agreements were reached to fix the price of TFT-LCD sold to Dell for use in notebook computers. . . The business activities of the defendant and its coconspirators in connection with the production and sale of TFT-LCD affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

Hitachi Displays Plea Agreement, ¶ 4(c)-(d), Exhibit 7.

Substitute "CRT" for "TFT-LCD", and the conduct admitted to in this Court by Chunghwa, Hitachi Displays, and LG Displays is the same pattern of conduct that Plaintiffs will prove took place in the CRT conspiracy. For that reason, the judgments from this Court establishing that the LCD meetings were held for the purpose of fixing prices on U.S. products is highly probative as to whether the CRT meetings were similarly intended, and whether the domestic effects of the CRT meetings were reasonably foreseeable to the conspirators. Also, courts have held that in a multi-defendant civil trial a co-conspirator's "guilty plea may be admitted under Rule 803(22) against all defendants as long as the plea [is] admitted 'to prove any fact essential to sustain the judgment.'" *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 892 (D.C. Cir. 2010) (quoting Fed. R. Evid. 803(22)); *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995) (in a Ponzi scheme civil case, it was proper on summary judgment to admit the guilty plea of the mastermind under Rule 803(22) to establish the civil liability of other defendants).

**B.      Plaintiffs Seek to Admit Only the Four LCD Guilty Pleas**

Defendants claim that the admission of the LCD evidence would be an attempt by Plaintiffs to re-litigate that case. But Plaintiffs seek to proffer only the LCD convictions of Mr. Liu, Hitachi, LG Display, and Chunghwa, along with other court documents intrinsic to these convictions (*i.e.*, the plea agreements, transcripts of in-court statements by Defendants during the plea colloquies, and the judgments of conviction). *See* Declaration of Samuel Randall (listing the specific LCD-related evidence Plaintiffs seek to admit).

The proffered LCD evidence is both narrow and irrefutable and would not lead to the re-litigation of the LCD case. The admission of these 11 specific court records will take a matter of minutes, and the impact of these convictions cannot be disputed. Hitachi, LG,[4] and Chunghwa cannot dispute that the entities in question participated in the LCD conspiracy for which they were convicted. *See Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 885 (9th Cir. 2000) (holding that collateral estoppel applies when: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding."). And the parties not implicated by a conviction in LCD are free to comment on the absence of this evidence. Accordingly, there is no basis to conclude that the evidence of LCD convictions would lead to a trial within a trial, as Defendants argue in their motion.

---

[4] LG Electronics is in privity with LG Display, given LG Electronics' ownership interest in LG Display, and the close relationships between the parent and subsidiary corporations. *See In re Imperial Corp. of America,* 92 F.3d 1503, 1507 (9th Cir. 1996) (collecting cases and recognizing that ownership conclusively establishes privity in any collateral estoppel analysis); Stipulation re Ownership or Control, Dkt. 599, Case No. 13-1207, W.D. Wash. 2014 (describing LG Electronics' ownership interest in, and ability to appoint officers for, LG Display over time).

**C.     Rule 404(b) Supports the Admission of the LCD Conspiracy to Prove Defendants' State of Mind**

Defendants contend that evidence of the LCD conspiracy is inadmissible propensity evidence that is excluded by Rule 404(b). But the Defendants' motion in limine makes no attempt to address the applicable inquiry necessary to determine the admissibility of extrinsic misconduct.

As the Supreme Court has recognized, evidence of extrinsic misconduct is "critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *See Huddleston v. United States*, 485 U.S. 681, 685 (1988). The Ninth Circuit has held that extrinsic acts evidence is admissible under Rule 404(b) if "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Cherer,* 513 F.3d 1150, 1157 (9th Cir.2008) (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)).

The evidence of the LCD conspiracy easily satisfies each of the Ninth Circuit's criteria. Both Chunghwa and LG Display admit in their plea agreements that the LCD conspiracy operated at least between 2001 and 2006, which is contemporaneous with the CRT cartel.[5] Nor can Defendants seriously contest the materiality of the LCD conspiracy or its similarly to the CRT cartel. As discussed above, both conspiracies involved group and bilateral meetings of the primary component for televisions and computer monitors. The corporate participants overlapped across the two conspiracies, as did the geographic region of the meetings. *See United States v. Ramirez,* 426 F.3d 1344, 1354 (11th Cir. 2005) (highlighting the "highly probative nature" of

---

[5] The Ninth Circuit has expressly rejected any requirement that the extrinsic conduct occur prior to the conduct at issue at trial. *See United States v. Bibo–Rodriguez*, 922 F.2d 1398, 1400–01 (9th Cir. 1991).

404(b) evidence to establish defendant's intent where there exists "[a] similarity between the other act and a charged offense.").

Instead of engaging in this analysis, Defendants advance a straw man argument that "Plaintiffs should not be permitted to bolster their claim of a conspiracy regarding *CRTs* with evidence of a conspiracy to fix the prices of *LCDs*." *See* Defendants' Mot. at 2. Plaintiffs do not rely on the LCD conspiracy merely to bolster the already substantial evidence of the CRT conspiracy. Instead, Plaintiffs rely on the LCD evidence for the purposes expressly contemplated by Rule 404(b).

The LCD conspiracy evidence relates directly to Defendants' knowledge and state of mind in attending meetings with their competitors. The guilty pleas conclusively establish the intent of the Chunghwa, Hitachi, and LG Display, when they attended LCD-related meetings, as well as the foreseeable effect of these meetings on the United States market. Defendants' admission that they intended to fix prices of LCDs when they attended the LCD meetings referenced in their plea agreements bears directly on whether they possessed the same intent in attending group and bilateral covering CRT products. And because it was reasonably foreseeable to Chunghwa, Hitachi, and LG Display that the crystal meetings held in Asia would have a reasonably foreseeable and direct effect on LCD prices in the United States, it tends to prove that the a domestic effect was reasonably foreseeable to the glass meeting attendants as well. Thus Plaintiffs rely on the LCD conspiracy evidence for the limited, narrow, and highly material purpose of proving Defendants' state of mind, as allowed by Rule 404(b).

Several circuit courts have upheld the admission of evidence of a defendant's prior anti-competitive conduct to prove the defendant's state of mind in proceedings concerning subsequent antitrust violations. *See, e.g., United States v. Andreas*, 216 F.3d 645, 664-66 (7th Cir. 2000) (evidence of prior antitrust conspiracies is relevant because they "were closely related parts of a master plan to control prices and product supply through collusion with competitors"); *United*

*States v. Sw. Bus. Sales, Inc.*, 20 F.3d 1449, 1455 (8th Cir. 1994) (holding that evidence of Defendant's involvement in a parallel conspiracy was relevant to the issue of intent, motive, and lack of mistake); *United States v. Dynalectric Co.*, 859 F.2d 1559, 1580-81 (11th Cir. 1988) (holding evidence of an earlier price-fixing conspiracy involving the same set of conspirators was admissible to show intent); *Smith Grading & Paving,* 760 F.2d 527, 531 (4th Cir. 1985) (finding that defendant's "other bid rigging was probative of his knowledge of entering a bid rigging conspiracy").

### D.     Courts Routinely Admit Evidence Far More Prejudicial than the LCD Guilty Pleas

Any prejudice to Defendants that would occur due to the admission of evidence of the LCD conspiracy is outweighed by the highly probative effect on issues material to the trial. As the district court in Costco's LCD trial recognized in denying Defendants' motion to exclude evidence of other antitrust violations– such as the CRT conspiracy– this is not the type of *unfair* prejudice contemplated by Rule 403:

> Although there is some danger that the jury will be influenced by evidence showing that Defendants or their conspirators engaged in other wrongdoing, that danger is necessary in light of the probative value of the evidence. Defendants cannot avoid this evidence where it is intertwined with evidence of indisputable relevance to the conspiracy at issue.

*Costco Wholesale Corp. v. AU Optronics Corp.,* No. 13-1207, 2014 WL 4674390, *4 (W.D. Wash. Sept. 18, 2014).

In fact, courts across the country routinely admit evidence that is far more prejudicial than prior white-collar criminal activity when that evidence is relevant to an issue contemplated by Rule 404(b). The potential impact of Defendants' involvement in a prior price-fixing conspiracy does not come close to the hugely prejudicial effect of topics like street gang membership, prison gang membership, and child pornography possession, all of which were deemed properly admitted at trial by the Ninth Circuit. *See United States v. Hardrick*, 766 ZF.3d 1051, 1055 (9th

Cir. 2014) (holding that district court properly admitted in child pornography prosecution evidence that Defendant previously possessed additional uncharged depictions of child pornography, in order to demonstrate defendant's state of mind); *United States v. Rodriguez*, 766 F.3d 970, 986–87 (9th Cir. 2014) (holding district court properly admitted evidence of membership in a prison gang in order to demonstrate motive); *United States v. Major*, 676 F.3d 803, 810 (9th Cir. 2012) (holding that evidence of street gang affiliation is relevant to motive); *see also United States v. Lewis*, 910 F.2d 1367, 1372 (7th Cir. 1990) (collecting cases admitting evidence of membership in a criminal street gang when the evidence relates to state of mind or otherwise provides context for instant charges).

Further, this is clearly a case where a limiting instruction would be sufficient to alleviate the concerns raised by Defendants' motion *in limine. See, e.g., Dubria v. Smith*, 224 F.3d 995, 1002 (9th Cir. 2000) ("Ordinarily, a cautionary instruction is presumed to have cured prejudicial impact.") (citing *United States v. Merino-Balderrama*, 146 F.3d 758, 764 (9th Cir. 1998)). Accordingly, Defendants' cries of unfair prejudice should be rejected.

### E.    Sharp's LCD Conviction Is Inadmissible

Plaintiffs anticipate that Defendants will seek to drive a wedge between the retailer DAPs and Sharp by seeking to introduce Sharp's guilty plea from LCD. As Plaintiffs previously noted in their motion for separate trials, and as Defendants bring up here, the admission of Sharp's LCD guilty plea would be unfairly prejudicial to Sharp because it would distract from the issues to be tried in this case (*i.e.*, whether Defendants price-fixed CRTs).

Sharp is a plaintiff in this case, not a defendant. There is no allegation that it engaged in any wrongdoing with respect to CRTs, and for that reason any inquiry into its misconduct with respect to LCDs enters an arena expressly foreclosed by the Supreme Court in antitrust cases:

> The purposes of the antitrust laws are best served by insuring that the private action will be an ever-present threat to deter anyone contemplating business behavior in violation of the antitrust laws. The plaintiff who reaps the reward of

> treble damages may be no less morally reprehensible than the defendant, but the law encourages his suit to further the overriding public policy in favor of competition. A more fastidious regard for the relative moral worth of the parties would only result in seriously undermining the usefulness of the private action as a bulwark of antitrust enforcement. And permitting the plaintiff to recover a windfall gain does not encourage continued violations by those in his position since they remain fully subject to civil and criminal penalties for their own illegal conduct.

*Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 139 (1968). *In pari dilecto* and "unclean hands" are not defenses to antitrust actions, and evidence of Plaintiffs' own misconduct is not relevant to any issue in an antitrust trial. *See Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, Inc.*, 340 U.S. 211, 214 (1951) (evidence of an antitrust plaintiff's anticompetitive conduct is irrelevant and cannot excuse the defendant's conduct); *Calnetics Corp. v. Volkswagen of Am. Inc.*, 532 F.2d 674, 688-89 (9th Cir. 1976) (noting that any attempt to discuss at trial an antitrust plaintiffs' own bad acts would violate the rule in *Perma Life*). Indeed, Judge Walker recognized that any inquiry at trial into anticompetitive conduct by any plaintiffs "seems foreclosed by the Kiefer-Stewart line of cases." Special Master's Order at 1, Ex. G to Casselman Dec., Dkt. 3580-9, at page 23.

**F.      Conclusion**

Evidence that the same Defendants (or their affiliates, in the case of Philips and LG) engaged in a parallel conspiracy using the same pattern of conduct to fix the prices of the product that ultimately supplanted CRTs in the market is highly probative to prove Defendants' intent to fix prices of CRTs. Accordingly, the Court should deny Defendants' motion and permit the introduction of proffered evidence relating to the LCD conspiracy.

/s/ *Samuel J. Randall*
Richard Alan Arnold (*pro hac vice*)
William J. Blechman (*pro hac vice*)
Kevin J. Murray (*pro hac vice*)
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Telephone:    (305) 373-1000
Facsimile:    (305) 372-1861
Email: rarnold@knpa.com
         wblechman@knpa.com
         kmurray@knpa.com

***Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.***

/s/  *David Martinez*
Roman M. Silberfeld
Bernice Conn
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Email:  rmsilberfeld@rkmc.com
          dmartinez@rkmc.com
          jscasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: eskaplan@rkmc.com
         kcwildfang@rkmc.com
         lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

*/s/  Kenneth S. Marks*
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email:  lgodfrey@sumangodfrey.com
             kmarks@susmangodfrey.com
             jross@susmangodfrey.com
             jcarter@susmangodfrey.com
             dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

*/s/  Jason C. Murray*

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone: 213-443-5582
Facsimile:  213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  202-624-2500
Facsimile:   202-628-5116
E-mail:  jmurphy@crowell.com
          aheaven@crowell.com

**Counsel for Target Corp. and ViewSonic Corp.**

## CERTIFICATE OF SERVICE

I, Samuel Randal, declare that on February 27, 2015, I caused a true and correct copy of the above-styled document to be filed on CM/ECF, effecting service on all counsel of record in the above-captioned matter.

*s/Samuel J. Randall*