Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com
*Attorneys for plaintiff Alfred H. Siegel, solely
in his capacity as Trustee of the Circuit City
Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to: | |
| *All Indirect Purchaser Actions*; | |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | **DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 7 [D.E. 3578] TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES** |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262; | Judge: The Honorable Samuel Conti |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture tubes, Ltd.*, No. 11-cv-05514; | Court: Courtroom No. 1, 17th Floor<br>Date: None Set |
| *Sharp Electronics Corp. v. Hitachi, Ltd.*, No. 13-cv-01173; | |
| *Sharp Electronics Corp. v. Koninklijke Philips Electronics, N.V., et al.*, No. 13-cv-02776; | |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv- | |

1

3571654v1/012325

05261;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 13-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510.

Certain Direct Action Plaintiffs' (DAP's) complete damages are properly stated as the present value of their damages, especially considering that the DAPs have been damaged by a conspiracy which commenced twenty years ago. Defendants attempt through their MIL to change this measure of the DAPs' complete damages, relying on the undisputed fact that the antitrust laws do not allow for an award of prejudgment interest.  The statutory exclusion of prejudgment interest[1] does not change what is the true measure of the DAPs' damages.  Defendants' MIL should be denied.

## I.     "Present Value" Does Not Equate to Prejudgment Interest"

The DAPs are entitled to their complete damages under federal antitrust principles.  *See Illinois Brick Co. v. Illinois*, 431 U.S. 720, 748 (1977) (noting the "broad objectives" of damages in antitrust law "to compensate victims of antitrust violations and to deter future violations").  In order to achieve that, plaintiff's must be allowed to present evidence of the present value of their claim, rather than simply the nominal dollar amounts by which defendants' overcharges deprived the DAPs.  The present value of damages suffered years (in this case, decades) in the past may be reflected by the use of an appropriate inflation rate.  That is precisely what the DAPs economist, Dr. Alan Frankel, has done, and what defendants wish to keep from the jury.

---

[1] *See* 15 U.S.C. § 15(a).

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 7 [D.E. 3578] TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES – C-11-05502 SC
MDL No. 1917

3571654v1/012325

Defendants assert that Dr. Frankel's calculation of the present value of plaintiffs' damages is a mere substitute for prejudgment interest, which is not available to antitrust plaintiffs. Defendants are wrong, both as a matter of economics and law.  Interest is a measure of the time value of money.  It reflects that over time, one's inability to use one's money should be compensated.  Thus if a bank loans $50, it will charge an interest rate that reflects the bank's loss of the ability to otherwise use that money while the loan remains outstanding.

Inflation, however, is an entirely different concept.  Inflation addresses the change in the buying power of money.  For example, it may cost more for the bank to buy a building for its headquarters today than it did twenty years ago due to inflation.  Or it may cost less (due to deflation).  Or it may cost exactly the same: the passage of time that the bank waited to purchase its building is irrelevant.  It is this measure, not interest, that allows Dr. Frankel to calculate the present value of the DAPs' damages.

Thus properly understood, the inflation rate utilized by Dr. Frankel in computing the DAPs' present value damages is completely different than the prejudgment interest, and does not run afoul of any prohibition on the award of prejudgment interest.  It should not come as a surprise that courts which have studied this question have so found.

## II.     The Circuit Courts and Most District Courts to Consider the Question Agree: Recovery for Present Value Is Not Akin to An Award of Prejudgment Interest

The only two circuit courts to consider this issue found that a plaintiff in an antitrust action may recover the present value of their loss, and that the present value recovery was not the same as non-recoverable prejudgment interest.  The Fifth Circuit has repeatedly upheld this distinction.  *See Multiflex v. Samuel Moore & Co.*, 709 F.2d 980, 996-97 (5th Cir. 1983) (allowing recovery for net present value of harm), *abrogated on other grounds*, *Deauville Corp.*

3

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 7 [D.E. 3578]
TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES – C-11-05502 SC
MDL No. 1917

3571654v1/012325

*v. Federated Dep't Stores*, 756 F.2d 1183 (5th Cir. 1985); *Heatransfer Corp. v. Volkswagenwerk, A.G.*, 553 F.2d 964, 987 n.20 (5th Cir. 1977) (affirming award for interest on lost capital as of the date of the trial).  The Eighth Circuit has followed suit.  *See H.J., Inc. v. Int'l Tel. & Tel. Corp.*, 867 F.2d 1531, 1549 (8th Cir. 1989) (holding the appropriate measure of damages in an attempted monopolization case to be the present value of profits lost as a result of the unlawful conduct, specifically the defendant's predatory pricing).

The Fifth Circuit has made clear that the use of the phrase "interest" is irrelevant in determining if a present value award runs afoul of the statutory prohibition against awarding prejudgment interest.  In *Multiflex*, the plaintiff's damages estimate included "the interest that might have been earned on the funds if placed in alternative investments."  709 F.2d at 996.  The court affirmed this portion of the award because "the claims were made to reflect what the asserted lost profits would have earned in an open investment market, not as a statutory claim for prejudgment interest."  *Id.* at 997.

District courts which have considered the issue largely unite behind the holdings of the Fifth and Eighth Circuits.  *See, e.g., Law v. Nat'l Collegiate Athletic Ass'n*, 185 F.R.D. 324, 345-49 (D. Kan. 1999) (granting inflation-adjusted damages); *Concord Boat Corp. v. Brunswick Corp.*, 21 F. Supp. 2d 923, 935-36 (E.D. Ark. 1998) (permitting plaintiff to use present value calculations), *rev'd on other grounds*, 207 F.3d 1039 (8th Cir. 2000); *Lovett v. General Motors Corp.*, 769 F. Supp. 1506, 1522 (D. Minn. 1991) (upholding jury award which included "the present value of plaintiffs' lost profits"), *rev'd in part on other grounds*, 998 F.2d 575 (8th Cir. 1993).  Thus, most courts have construed the term 'prejudgment interest' in the federal antitrust statutes quite narrowly and literally.  If an antitrust plaintiff makes a claim for any form of

compensatory damages other than 'prejudgment interest' – even if such damages are meant to compensate for the time value of money – courts allow recovery.

For instance, in *Law*, the court found that interest and inflation were conceptually distinct, noting that "[t]he function of the CPI adjustment is to reflect changing purchasing power of a dollar over time. Interest, on the other hand, is a function of the balance between the supply and demand for loanable funds . . . ." 185 F.R.D. at 346 (internal quotations omitted); *see also Lovett*, 769 F. Supp. at 1522 (upholding jury's award of interest because "[t]he interest included was not prejudgment interest but rather an amount that reflected what JPMI's alleged lost profits would have earned if such funds had been invested and adjusted for inflation.").[2]  Simply put, the vast majority view is that an antitrust plaintiff's present value damages are recoverable.

### III.   This Court Should Reject the Minority View

Defendants rely on an Eastern District of Pennsylvania case for the minority view that present value damages are not recoverable due to the prejudgment interest rule.   In *In re Linerboard Antitrust Litigation*, 504 F. Supp. 2d 38 (E.D. Pa. 2007), the court rejected the line of cases discussed in the previous section, simply stating that "these cases were decided erroneously."  *Id.* at 66.  The Court did not cite any cases directly on point that supported its view; instead it cited dicta from one case, and the "implicit recognition" (rather than explicit actual holdings) in other cases that "prejudgment interest and opportunity cost are conceptually akin."  *Id.* at 65.

---

[2]  Note that this is precisely how Dr. Frankel went about making his present value calculations, though Dr. Frankel used the Producer Price Index rather than the Consumer Price Index used by the expert in *Law*.  Dr. Frankel specifically chose the PPI due to its capturing price movements prior to the retail level.  *See* Rebuttal Report of Alan S. Frankel, Ph.D., September 26, 2014, at ¶ 64.

The one case whose dicta was cited by the *In re Linerboard* Court was *Pacific Gas and Electric Co. v. Howard P. Foley Co., Inc.*, 1993 WL 299219, at *2 (N.D. Cal. July 27, 1993). The *Pacific Gas* Court stated that "a plaintiff cannot circumvent the general rule by engaging in semantic subterfuge," language which the court lifted from a U.S. Supreme Court case involving a Title VII employment discrimination case.  The Supreme Court case was addressing whether there was a substantive distinction between "interest" and a "delay factor" in an entirely different context.  *See Library of Congress v. Shaw*, 478 U.S. 310, 322 (1986).[3]  And, most important, the dicta in *Pacific Gas* proved to be irrelevant to its ruling: that court held that the plaintiff's claim for its cost of capital was ***not*** the same as a claim for prejudgment interest and denied defendants' motion for summary judgment on that claim.

The only other case which defendants cite is an unpublished District of Colorado case, which simply follows *In re Linerboard* without analysis.  *See Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*, 2014 WL 4651643, *4 (D. Colo. Sept. 18, 2014).   In short, the defendants' entire argument is supported by one district court case that rejected, without analysis, thirty years of jurisprudence.   This Court should not be led down defendant's rickety path.

### Conclusion

For the reasons detailed above, the Court should reject defendants' Motion in Limine No. 7.

---

[3] *Shaw*'s inapplicability to the question raised by defendants' motion is seen both by the courts that have distinguished it (*e.g.*, *Concord Boat*, 21 F. Supp. 2d at 935-36), and the Eighth Circuit's post-*Shaw* decision in *H.J.*, 867 F.2d 1531, which did not cite to it.

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 7 [D.E. 3578]
TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES – C-11-05502 SC
MDL No. 1917

Dated: February 27, 2015

By:  */s/ Kenneth S. Marks*

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
Robert S. Safi
David M. Peterson
Brian M. Gillett
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email:  kmarks@susmangodfrey.com
jross@susmangodfrey.com
jcarter@susmangodfrey.com
rsafi@susmangodfrey.com
dpeterson@susmangodfrey.com
bgillett@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as  Trustee of the Circuit City Stores, Inc. Liquidating Trust*

By:  */s/ David Martinez*

Roman M. Silberfeld
Bernice Conn
David Martinez
Laura Nelson
Jill Casselman
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400

7

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 7 [D.E. 3578]
TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES – C-11-05502 SC
MDL No. 1917

3571654v1/012325

1

2

Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800

3

4

Email:  rsilberfeld@robinskaplan.com
dmartinez@ robinskaplan.com
bconn@robinskaplan.com
lnelson@robinskaplan.com
jcasselman@robinskaplan.com

5

6

7

8

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy
Purchasing LLC, Best Buy Enterprise Services, Inc., Best
Buy Stores, L.P., and Bestbuy.com, L.L.C.*

9

10

By:  /s/ *Jason Murray*

11

12

Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

13

14

15

16

17

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
Email aheaven@crowell.com

18

19

20

21

22

23

*Attorneys for Target Corp. and Viewsonic Corp.*

24

25

By:  /s/ *Richard Arnold*

26

Richard Alan Arnold

27

8

28

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 7 [D.E. 3578]
TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES – C-11-05502 SC
MDL No. 1917

William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

By: */s/ Philip J. Iovieno*

Stuart Singer
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email:    ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email:    piovieno@bsfllp.com
Email:    anardacci@bsfllp.com

*Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P. C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC, Tweeter Newco, LLC, Tech Data Corporation, and Tech Data Product Management, Inc.*

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 7 [D.E. 3578]
TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES – C-11-05502 SC
MDL No. 1917

3571654v1/012325

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ David J. Burman*
David J. Burman
Cori G. Moore
Nicholas H. Hesterberg
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email:    dburman@perkinscoie.com
Email:    cgmoore@perkinscoie.com
Email:    nhesterberg@perkinscoie.com

Jordan S. Bass (Cal. Bar No. 208143)
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344.7000
Facsimile: (415) 344.7050
Email:    jbass@perkinscoie.com

*Attorneys for Plaintiff Costco Wholesale Corporation*

10

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 7 [D.E. 3578]
TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES – C-11-05502 SC
MDL No. 1917

3571654v1/012325