# EXHIBIT 1

NIALL E. LYNCH (State Bar No. 157959)
MICHAEL L. SCOTT (State Bar No. 165452)
HEATHER S. TEWKSBURY (State Bar No. 222202)
ALEXANDRA J. SHEPARD (State Bar No. 205143)
DAVID J. WARD (State Bar No. 239504)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.  CR |
| v. | |
| CHUNGHWA PICTURE TUBES, LTD., | |
| Defendant. | |

## PLEA AGREEMENT

The United States of America and CHUNGHWA PICTURE TUBES, LTD.,

("defendant"), a corporation organized and existing under the laws of Taiwan, Republic of

China, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the

Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1.      The defendant understands its rights:

(a)     to be represented by an attorney;

(b)     to be charged by Indictment;

(c)     as a corporation organized and existing under the laws of Taiwan,

Republic of China, to decline to accept service of the Summons in this case, and to

PLEA AGREEMENT - CHUNGHWA - PAGE 1

1  contest the jurisdiction of the United States to prosecute this case against it in the United

2  States District Court for the Northern District of California;

3  (d)  to plead not guilty to any criminal charge brought against it;

4  (e)  to have a trial by jury, at which it would be presumed not guilty of the

5  charge and the United States would have to prove every essential element of the charged

6  offense beyond a reasonable doubt for it to be found guilty;

7  (f)  to confront and cross-examine witnesses against it and to subpoena

8  witnesses in its defense at trial;

9  (g)  to appeal its conviction if it is found guilty; and

10  (h)  to appeal the imposition of sentence against it.

11  ## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

12

13  2.  The defendant knowingly and voluntarily waives the rights set out in

14  Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case,

15  and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case

16  against it in the United States District Court for the Northern District of California. The

17  defendant also knowingly and voluntarily waives the right to file any appeal, any collateral

18  attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. §

19  3742, that challenges the sentence imposed by the Court if that sentence is consistent with or

20  below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how

21  the sentence is determined by the Court. This agreement does not affect the rights or

22  obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c). Nothing in this

23  paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it may

24  otherwise have on appeal or collateral attack respecting claims of ineffective assistance of

25  counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will

26  waive indictment and plead guilty at arraignment to a one-count Information to be filed in the

27  United States District Court for the Northern District of California. The Information will

28  charge the defendant with participating in a conspiracy to suppress and eliminate competition

PLEA AGREEMENT - CHUNGHWA - PAGE 2  

1   by fixing the prices of thin-film transistor liquid crystal display panels ("TFT-LCD") sold in

2   the United States and elsewhere, from on or about September 14, 2001, to on or about

3   December 1, 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

4         3.   The defendant, pursuant to the terms of this Plea Agreement, will plead guilty

5   to the criminal charge described in Paragraph 2 above and will make a factual admission of

6   guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

7   **FACTUAL BASIS FOR OFFENSE CHARGED**

8         4.   Had this case gone to trial, the United States would have presented evidence

9   sufficient to prove the following facts:

10         (a)   For purposes of this Plea Agreement, the "relevant period" is that period from

11   on or about September 14, 2001, to on or about December 1, 2006. During the relevant

12   period, Chunghwa Picture Tubes, Ltd. ("CPT"), a corporation organized and existing under

13   the laws of Taiwan, Republic of China, sold TFT-LCD into various markets, including the

14   U.S. The defendant has its headquarters and principal place of business in Taoyuan, Taiwan,

15   Republic of China. During the relevant period, the defendant was a producer of TFT-LCD,

16   was engaged in the sale of TFT-LCD in the United States and elsewhere, and employed 5,000

17   or more individuals.

18         (b)   TFT-LCD are glass panels composed of an array of tiny pixels that are

19   electronically manipulated in order to display images. TFT-LCD are manufactured in a broad

20   range of sizes and specifications for use in televisions, notebook computers, desktop

21   monitors, mobile devices and other applications.

22         (c)   During the relevant period, the defendant, through its officers and employees,

23   including high-level personnel of the defendant, participated in a conspiracy among major

24   TFT-LCD producers, the primary purpose of which was to fix the price of TFT-LCD sold in

25   the United States and elsewhere. In furtherance of the conspiracy, the defendant, through its

26   officers and employees, engaged in discussions and attended meetings, including group

27   meetings commonly referred to by the participants as "crystal meetings," with representatives

28   of other major TFT-LCD producers. During these discussions and meetings, agreements

PLEA AGREEMENT - CHUNGHWA - PAGE 3  

1    were reached to fix the price of TFT-LCD to be sold in the United States and elsewhere.

2            (d)     During the relevant period, TFT-LCD sold by one or more of the conspirator

3    firms, and equipment and supplies necessary to the production and distribution of TFT-LCD,

4    as well as payments for TFT-LCD, traveled in interstate and foreign commerce. The business

5    activities of the defendant and its coconspirators in connection with the production and sale

6    of TFT-LCD affected by this conspiracy were within the flow of, and substantially affected,

7    interstate and foreign trade and commerce.

8            (e)     Acts in furtherance of this conspiracy were carried out within the Northern

9    District of California. TFT-LCD affected by this conspiracy was sold by one or more of the

10    conspirators to customers in this District.

11                       **POSSIBLE MAXIMUM SENTENCE**

12          5.      The defendant understands that the statutory maximum penalty that may be

13    imposed against it upon conviction for a violation of Section One of the Sherman Antitrust

14    Act is a fine in an amount equal to the greatest of:

15            (a)     $100 million (15 U.S.C. § 1);

16            (b)     twice the gross pecuniary gain the conspirators derived from the crime

17    (18 U.S.C. § 3571(c) and (d)); or

18            (c)     twice the gross pecuniary loss caused to the victims of the crime by the

19    conspirators (18 U.S.C. § 3571(c) and (d)).

20          6.      In addition, the defendant understands that:

21            (a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of

22    probation of at least one year, but not more than five years;

23            (b)     pursuant to § 8B1.1 of the United States Sentencing Guidelines

24    ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or

25    3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

26            (c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order

27    the defendant to pay a $400 special assessment upon conviction for the charged crime.

28    / / /

PLEA AGREEMENT - CHUNGHWA - PAGE 4

1

### SENTENCING GUIDELINES

2      7.     The defendant understands that the Sentencing Guidelines are advisory, not

3  mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing,

4  along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing

5  sentence. The defendant understands that the Guidelines determinations will be made by the

6  Court by a preponderance-of-the-evidence standard. The defendant understands that,

7  although the Court is not ultimately bound to impose a sentence within the applicable

8  Guidelines range, its sentence must be reasonable based upon consideration of all relevant

9  sentencing factors set forth in 18 U.S.C. § 3553(a).

10

### SENTENCING AGREEMENT

11      8.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant

12  agree that the appropriate disposition of this case is, and agree to recommend jointly that the

13  Court impose, a sentence requiring the defendant to pay to the United States a criminal fine

14  of $65 million, payable in installments as set forth below with interest accruing under 18

15  U.S.C. § 3612(f)(1)-(2) ("the recommended sentence"). The parties agree that there exists no

16  aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

17  consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines

18  justifying a departure pursuant to U.S.S.G. § 5K2.0. The parties agree not to seek or support

19  any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason

20  that is not set forth in this Plea Agreement. The parties further agree that the recommended

21  sentence set forth in this Plea Agreement is reasonable.

22           (a)     The United States and the defendant agree to recommend, in the

23      interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. § 8C3.2(b), that

24      the fine be paid in the following installments:  within thirty (30) days of imposition of

25      the sentence -- $11 million (plus any accrued interest); at the one-year anniversary of

26      imposition of sentence ("anniversary") -- $11 million (plus any accrued interest); at

27      the two-year anniversary -- $11 million (plus any accrued interest); at the three-year

28      anniversary -- $11 million (plus any accrued interest); at the four-year anniversary --

PLEA AGREEMENT - CHUNGHWA - PAGE 5    

1    $11 million (plus any accrued interest); and at the five-year anniversary -- $10 million

2    (plus any accrued interest); provided, however, that the defendant shall have the

3    option at any time before the five-year anniversary of prepaying the remaining balance

4    (plus any accrued interest) then owing on the fine.

5          (b)    The defendant understands that the Court will order it to pay a $400

6    special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine

7    imposed.

8          (c)    Both parties will recommend that no term of probation be imposed, but

9    the defendant understands that the Court's denial of this request will not void this

10   Plea Agreement.

11         (d)    The United States and the defendant jointly submit that this Plea

12   Agreement, together with the record that will be created by the United States and the

13   defendant at the plea and sentencing hearings, and the further disclosure described in

14   Paragraph 10, will provide sufficient information concerning the defendant, the crime

15   charged in this case, and the defendant's role in the crime to enable the meaningful

16   exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United

17   States and the defendant agree to request jointly that the Court accept the defendant's

18   guilty plea and impose sentence on an expedited schedule as early as the date of

19   arraignment, based upon the record provided by the defendant and the United States,

20   under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. § 6A1.1, and Rule

21   32-1(b) of the U.S.D.C. N.D. California Criminal Local Rules. The Court's denial of

22   the request to impose sentence on an expedited schedule will not void this Plea

23   Agreement.

24   9.    The United States and the defendant agree that the applicable Guidelines fine

25   range exceeds the fine contained in the recommended sentence set out in Paragraph 8 above.

26   Subject to the full and continuing cooperation of the defendant, as described in Paragraph 13

27   of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it

28   will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward departure from the

PLEA AGREEMENT - CHUNGHWA - PAGE 6   林 勝 鶤

1    Guidelines fine range and will request that the Court impose the recommended sentence set

2    out in Paragraph 8 of this Plea Agreement because of the defendant's substantial assistance in

3    the government's investigation and prosecutions of violations of federal criminal law in the

4    TFT-LCD industry.

5          10.      Subject to the ongoing, full, and truthful cooperation of the defendant

6    described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the

7    United States will fully advise the Court and the Probation Office of the fact, manner, and

8    extent of the defendant's cooperation and its commitment to prospective cooperation with the

9    United States' investigation and prosecutions, all material facts relating to the defendant's

10   involvement in the charged offense, and all other relevant conduct.

11         11.      The United States and the defendant understand that the Court retains

12   complete discretion to accept or reject the recommended sentence provided for in Paragraph

13   8 of this Plea Agreement.

14               (a)      If the Court does not accept the recommended sentence, the United

15         States and the defendant agree that this Plea Agreement, except for Paragraph 11(b)

16         below, shall be rendered void.

17               (b)      If the Court does not accept the recommended sentence,

18         the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and

19         (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty

20         plea, and any statement made in the course of any proceedings under Fed. R. Crim. P.

21         11 regarding the guilty plea or this Plea Agreement or made in the course of plea

22         discussions with an attorney for the government shall not be admissible against the

23         defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R.

24         Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea

25         pursuant to this subparagraph of the Plea Agreement, the statute of limitations period

26         for any offense referred to in Paragraph 15 of this Plea Agreement will be tolled for

27         the period between the date of the signing of the Plea Agreement and the date the

28         defendant withdrew its guilty plea or for a period of sixty (60) days after the date of

PLEA AGREEMENT - CHUNGHWA - PAGE 7    

1    the signing of the Plea Agreement, whichever period is greater.

2         12.    In light of the civil class action cases filed against the defendant, including *In*

3    *re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M:07-1827 SI, MDL No. 1827, in the

4    United States District Court, Northern District of California, which potentially provide for a

5    recovery of a multiple of actual damages, the United States agrees that it will not seek a

6    restitution order for the offense charged in the Information.

7                            **DEFENDANT'S COOPERATION**

8         13.    The defendant and its subsidiaries engaged in the sale or production of TFT-

9    LCD (collectively, "related entities") will cooperate fully and truthfully with the United

10   States in the prosecution of this case, the conduct of the current federal investigation of

11   violations of federal antitrust and related criminal laws involving the manufacture or sale of

12   TFT-LCD in the United States and elsewhere, any other federal investigations resulting

13   therefrom, and any litigation or other proceedings arising or resulting from any such

14   investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full,

15   and truthful cooperation of the defendant shall include, but not be limited to:

16             (a)    producing to the United States all non-privileged documents,

17        information, and other materials, wherever located, in the possession, custody, or

18        control of the defendant or any of its related entities, requested by the United States in

19        connection with any Federal Proceeding; and

20             (b)    using its best efforts to secure the ongoing, full, and truthful

21        cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and

22        former directors, officers, and employees of the defendant or any of its related

23        entities, as may be requested by the United States – but excluding Chieng-Hon

24        "Frank" Lin, Chieng-Yuan (C.Y.) Lin, Chih-Chun (C.C.) Liu, Hsueh-Lung "Brian"

25        Lee, Wen-Chun "Tony" Cheng, Chung-Cheng "Alex" Yeh, and Ling-Yuan "Yvonne"

26        Yun – including making these persons available in the United States and at other

27        mutually agreed-upon locations, at the defendant's expense, for interviews and the

28        provision of testimony in grand jury, trial, and other judicial proceedings in

PLEA AGREEMENT - CHUNGHWA - PAGE 8    

1    connection with any Federal Proceeding.

2        14.     The ongoing, full, and truthful cooperation of each person described in

3    Paragraph 13(b) above will be subject to the procedures and protections of this paragraph,

4    and shall include, but not be limited to:

5            (a)     producing in the United States and at other mutually agreed-upon

6    locations all non-privileged documents, including claimed personal documents, and

7    other materials, wherever located, requested by attorneys and agents of the United

8    States;

9            (b)     making himself or herself available for interviews in the United States

10   and at other mutually agreed-upon locations, not at the expense of the United States,

11   upon the request of attorneys and agents of the United States;

12           (c)     responding fully and truthfully to all inquiries of the United States in

13   connection with any Federal Proceeding, without falsely implicating any person or

14   intentionally withholding any information, subject to the penalties of making false

15   statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

16           (d)     otherwise voluntarily providing the United States with any non-

17   privileged material or information not requested in (a) - (c) of this paragraph that he

18   or she may have that is related to any Federal Proceeding;

19           (e)     when called upon to do so by the United States in connection with any

20   Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the

21   United States fully, truthfully, and under oath, subject to the penalties of perjury (18

22   U.S.C. § 1621), making false statements or declarations in grand jury or court

23   proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of

24   justice (18 U.S.C. § 1503, *et seq.*); and

25           (f)     agreeing that, if the agreement not to prosecute him or

26   her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of

27   limitations period for any Relevant Offense as defined in Paragraph 16(a) will be

28   tolled as to him or her for the period between the date of the signing of this Plea

PLEA AGREEMENT - CHUNGHWA - PAGE 9          林 膡 鵠

1    Agreement and six (6) months after the date that the United States gave notice of its

2    intent to void its obligations to that person under the Plea Agreement.

3    **GOVERNMENT'S AGREEMENT**

4    15.    Upon acceptance of the guilty plea called for by this Plea Agreement and the

5    imposition of the recommended sentence, and subject to the cooperation requirements of

6    Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further

7    criminal charges against the defendant or any of its related entities for any act or offense

8    committed before the date of this Plea Agreement that was undertaken in furtherance of an

9    antitrust conspiracy involving the manufacture or sale of TFT-LCD in the United States and

10   elsewhere, or undertaken in connection with any investigation of such a conspiracy. The

11   nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any

12   violation of the federal tax or securities laws, or to any crime of violence.

13   16.    The United States agrees to the following:

14   (a)    Upon the Court's acceptance of the guilty plea called for by this Plea

15   Agreement and the imposition of the recommended sentence and subject to the

16   exceptions noted in Paragraph 16(c), the United States will not bring criminal charges

17   against any current or former director, officer, or employee of the defendant or its

18   related entities for any act or offense committed before the date of this Plea

19   Agreement and while that person was acting as a director, officer, or employee of the

20   defendant or its related entities that was undertaken in furtherance of an antitrust

21   conspiracy involving the manufacture or sale of TFT-LCD in the United States and

22   elsewhere, or undertaken in connection with any investigation of such a conspiracy

23   ("Relevant Offense"), except that the protections granted in this paragraph shall not

24   apply to Chieng-Hon "Frank" Lin, Chieng-Yuan (C.Y.) Lin, Chih-Chun (C.C.) Liu,

25   Hsueh-Lung "Brian" Lee, Wen-Chun "Tony" Cheng, Chung-Cheng "Alex" Yeh, and

26   Ling-Yuan "Yvonne" Yun;

27   (b)    Should the United States determine that any current or former director,

28   officer, or employee of the defendant or its related entities may have information.

PLEA AGREEMENT - CHUNGHWA - PAGE 10    

1     relevant to any Federal Proceeding, the United States may request that person's

2     cooperation under the terms of this Plea Agreement by written request delivered to

3     counsel for the individual (with a copy to the undersigned counsel for the defendant)

4     or, if the individual is not known by the United States to be represented, to the

5     undersigned counsel for the defendant;

6           (c)     If any person requested to provide cooperation under Paragraph 16(b)

7     fails to comply with his or her obligations under Paragraph 14, then the terms of this

8     Plea Agreement as they pertain to that person, and the agreement not to prosecute that

9     person granted in this Plea Agreement, shall be rendered void;

10          (d)     Except as provided in Paragraph 16(e), information provided by a

11    person described in Paragraph 16(b) to the United States under the terms of this Plea

12    Agreement pertaining to any Relevant Offense, or any information directly or

13    indirectly derived from that information, may not be used against that person in a

14    criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false

15    statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18

16    U.S.C. § 1503, *et seq.*);

17          (e)     If any person who provides information to the United States under this

18    Plea Agreement fails to comply fully with his or her obligations under Paragraph 14

19    of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information

20    or any information directly or indirectly derived from it against that person in a

21    criminal case shall be rendered void;

22          (f)     The nonprosecution terms of this paragraph do not apply to civil

23    matters of any kind, to any violation of the federal tax or securities laws, or to any

24    crime of violence; and

25          (g)     Documents provided under Paragraphs 13(a) and 14(a) shall be

26    deemed responsive to outstanding grand jury subpoenas issued to the defendant or any

27    of its related entities.

28    17.     The United States agrees that when any person travels to the United States for

PLEA AGREEMENT - CHUNGHWA - PAGE 11

1  interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or

2  for meetings with counsel in preparation therefor, the United States will take no action, based

3  upon any Relevant Offense, to subject such person to arrest, detention, or service of process,

4  or to prevent such person from departing the United States.  This paragraph does not apply to

5  an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18

6  U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings

7  (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C.

8  §§ 401-402) in connection with any testimony or information provided or requested in any

9  Federal Proceeding.

10      18.    The defendant understands that it may be subject to administrative action by

11  federal or state agencies other than the United States Department of Justice, Antitrust

12  Division, based upon the conviction resulting from this Plea Agreement, and that this Plea

13  Agreement in no way controls whatever action, if any, other agencies may take.  However,

14  the United States agrees that, if requested, it will advise the appropriate officials of any

15  governmental agency considering such administrative action of the fact, manner, and extent

16  of the cooperation of the defendant and its related entities as a matter for that agency to

17  consider before determining what administrative action, if any, to take.

18                         **REPRESENTATION BY COUNSEL**

19      19.    The defendant has been represented by counsel and is fully satisfied that its

20  attorneys have provided competent legal representation.  The defendant has thoroughly

21  reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of

22  the charge, any possible defenses to the charge, and the nature and range of possible

23  sentences.

24                              **VOLUNTARY PLEA**

25      20.    The defendant's decision to enter into this Plea Agreement and to tender a

26  plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances,

27  promises, or representations other than the representations contained in this Plea Agreement.

28  The United States has made no promises or representations to the defendant as to whether the

PLEA AGREEMENT - CHUNGHWA - PAGE 12   

1   Court will accept or reject the recommendations contained within this Plea Agreement.

2   **VIOLATION OF PLEA AGREEMENT**

3        21.    The defendant agrees that, should the United States determine in good faith,

4   during the period that any Federal Proceeding is pending, that the defendant or any of its

5   related entities have failed to provide full and truthful cooperation, as described in Paragraph

6   13 of this Plea Agreement, or have otherwise violated any provision of this Plea Agreement,

7   the United States will notify counsel for the defendant in writing by personal or overnight

8   delivery or facsimile transmission, and may also notify counsel by telephone, of its intention

9   to void any of its obligations under this Plea Agreement (except its obligations under this

10   paragraph), and the defendant and its related entities shall be subject to prosecution for any

11   federal crime of which the United States has knowledge, including, but not limited to, the

12   substantive offenses relating to the investigation resulting in this Plea Agreement. The

13   defendant may seek Court review of any determination made by the United States under this

14   paragraph to void any of its obligations under the Plea Agreement. The defendant and its

15   related entities agree that, in the event that the United States is released from its obligations

16   under this Plea Agreement and brings criminal charges against the defendant or its related

17   entities for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of

18   limitations period for such offense will be tolled for the period between the date of the

19   signing of this Plea Agreement and six (6) months after the date the United States gave notice

20   of its intent to void its obligations under this Plea Agreement.

21        22.    The defendant understands and agrees that in any further prosecution

22   of it or its related entities resulting from the release of the United States from its obligations

23   under this Plea Agreement, because of the defendant's or its related entities' violation of the

24   Plea Agreement, any documents, statements, information, testimony, or evidence provided by

25   it or its related entities, or current or former directors, officers, or employees of it or its

26   related entities to attorneys or agents of the United States, federal grand juries, or courts, and

27   any leads derived therefrom, may be used against it or its related entities in any such further

28   prosecution. In addition, the defendant unconditionally waives its right to challenge the use

PLEA AGREEMENT - CHUNGHWA - PAGE 13 

1  of such evidence in any such further prosecution, notwithstanding the protections of Fed. R.

2  Evid. 410.

3  ## ENTIRETY OF AGREEMENT

4        23.    This Plea Agreement constitutes the entire agreement between the

5  United States and the defendant concerning the disposition of the criminal charge in this case.

6  This Plea Agreement cannot be modified except in writing, signed by the United States and

7  the defendant.

8        24.    The undersigned is authorized to enter this Plea Agreement on behalf of the

9  defendant as evidenced by the Resolution of the Board of Directors of the defendant attached

10  to, and incorporated by reference in, this Plea Agreement.

11        25.    The undersigned attorneys for the United States have been authorized

12  by the Attorney General of the United States to enter this Plea Agreement on behalf of the

13  United States.

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

PLEA AGREEMENT - CHUNGHWA - PAGE 14

1    26.    A facsimile signature shall be deemed an original signature for the purpose of

2    executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of

3    executing this Plea Agreement.

4

5    AGREED

6    BY:

7    Terng.Yaw Lin
     Vice President

8    Chunghwa Picture Tubes, Ltd.
     No. 1127, Heping Road

9    Bade City, Taoyuan
     Taiwan 334, Republic of China

10   DATED: November 10, 2008

11

12   BY:

13   Gary R. Sprattling, CA No. 51628
     Gibson, Dunn & Crutcher LLP

14   One Montgomery Street
     San Francisco, CA 94104

15   Tel: (415) 393-8200
     Fax: (415) 374-8439

16   Counsel for Chunghwa Picture Tubes, Ltd.

17   DATED: November 10 2008

18

BY: _____
Niall E. Lynch, CA No. 157959
Michael L. Scott, CA No. 165452
Heather S. Tewksbury, CA No. 222202
Alexandra J. Shepard, CA No. 205143
David J. Ward, CA No. 239504
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Tel: (415) 436-6660
Fax: (415) 436-6687

DATED: November 14, 2008

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT - CHUNGHWA - PAGE 15

NOV 1 0 2008

ANTITRUST DIVISION
SAN FRANCISCO OFFICE



**Chunghwa Picture Tubes, Ltd.**

RESOLUTION OF THE BOARD OF DIRECTORS
Dated as of _November 7_, 2008

The Board of Directors of Chunghwa Picture Tubes, Ltd., a Taiwanese company (the "Company"), do hereby consent and agree that the following resolutions are adopted and shall be valid and effective at this date:

WHEREAS the Company desires to enter into a Plea Agreement with the United States Department of Justice (the "Plea Agreement"), in substantially the same form as the draft document which has been delivered previously to the Directors (provided, however, that this Resolution contemplates the Company agreeing to pay a fine of approximately $65,000,000.00 (Sixty-Five Million US Dollars));

WHEREAS the Directors of the Company consider the Plea Agreement in the best interests of the Company;

**THEREFORE, it is hereby resolved:**

1. That the Directors affirm and approve the execution, delivery, and performance by the Company of the Plea Agreement and of each other related agreement or document, and hereby authorizes the Company to carry out its obligations thereunder;

2. That Vice President Terng-Yaw Lin, or any other Executive Officer of the Company, or Mr. Gary R. Spratling, a partner of the firm Gibson, Dunn & Crutcher LLP (the "Law Firm"), or Mr. Joel S. Sanders, also a partner of the Law Firm, are authorized to execute and deliver the Plea Agreement and any other related agreements or documents, and such execution and delivery by such individual is hereby approved; and

3. That Vice President Terng-Yaw Lin or any other Executive Officer of the Company is authorized, for and in the name and on behalf of the Company, to cause the Company to perform its obligations under the Plea Agreement and any other related agreements or documents, and all actions taken in connection therewith are hereby approved; and

4. That Vice President Terng-Yaw Lin, or any other Executive Officer of the Company, or Mr. Gary R. Spratling, a partner of the Law Firm, or Mr. Joel S. Sanders, also a partner of the Law Firm, are authorized, empowered, and directed to perform the following acts on behalf of the Corporation:

    a. agree to a disposition of the charges against the Company, brought in United States of America v. Chunghwa Picture Tubes, Ltd., in the form and substance of the Plea Agreement between the United States of America and Chunghwa Picture Tubes, Ltd. which was presented to and approved by the Board; and

    b. represent the Company at any hearing in order to waive indictment and plead guilty in accordance with the provisions of the Plea Agreement, and make

statements on behalf of the Company in any judicial or related proceeding involving the Plea Agreement; and

c.  waive the preparation of a presentence report and proceed immediately to sentencing, provide information to the Court in conjunction with sentencing, and represent the Company at any sentencing hearing; and

d.  enter a plea of guilty on behalf of the Company upon the terms and conditions set forth in the aforementioned Plea Agreement; and

e.  take any and all actions reasonably required or appropriate in order to carry out the intent and purpose of the preceding resolutions.

[Signatures]

_____
Chairman
Lin  Wei-Shan  林蔚山

2