# EXHIBIT 4

NIALL E. LYNCH (State Bar No. 157959)
MICHAEL L. SCOTT (State Bar No. 165452)
HEATHER S. TEWKSBURY (State Bar No. 222202)
ALEXANDRA J. SHEPARD (State Bar No. 205143)
DAVID J. WARD (State Bar No. 239504)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. CR 08-0803 SI |
| v. | |
| LG DISPLAY CO., LTD. and<br>LG DISPLAY AMERICA, INC., | |
| Defendants. | |

## PLEA AGREEMENT

The United States of America and LG DISPLAY CO., LTD., formerly known as LG.Philips LCD Co., Ltd., a corporation organized and existing under the laws of the Republic of Korea ("Korea"), and LG DISPLAY AMERICA, INC., formerly known as LG.Philips LCD America, Inc., a corporation organized and existing under the laws of the State of California, (hereinafter referred to collectively as "defendants") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANTS

1.  The defendants understand their rights:

    (a)  to be represented by an attorney;

PLEA AGREEMENT – LG DISPLAY CO., LTD., ET AL. – PAGE 1

(b) to be charged by Indictment;

(c) as to LG DISPLAY CO., LTD., a corporation organized and existing under the laws of Korea, to decline to accept service of the Summons in this case, and to contest the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Northern District of California;

(d) to plead not guilty to any criminal charge brought against them;

(e) to have a trial by jury, at which they would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for them to be found guilty;

(f) to confront and cross-examine witnesses against them and to subpoena witnesses in their defense at trial;

(g) to appeal their conviction if they are found guilty; and

(h) to appeal the imposition of sentence against them.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2. The defendants knowingly and voluntarily waive the rights set out in Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agree voluntarily to consent to the jurisdiction of the United States to prosecute this case against them in the United States District Court for the Northern District of California. The defendants also knowingly and voluntarily waive the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c). Nothing in this paragraph, however, shall act as a bar to the defendants perfecting any legal remedies they may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendants will

PLEA AGREEMENT – LG DISPLAY CO., LTD., ET AL. – PAGE 2

waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Northern District of California. The Information will charge the defendants with participating in a conspiracy to suppress and eliminate competition by fixing the prices of thin-film transistor liquid crystal display panels ("TFT-LCD") sold in the United States and elsewhere, from on or about September 21, 2001, to on or about June 1, 2006, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3. The defendants, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

### FACTUAL BASIS FOR OFFENSE CHARGED

4. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a) For purposes of this Plea Agreement, the "relevant period" is that period from on or about September 21, 2001, to on or about June 1, 2006. During the relevant period, LG.Philips LCD Co., Ltd., a joint venture between LG Electronics and Philips Electronics, and a corporation organized and existing under the laws of Korea, and LG.Philips LCD America, Inc., a corporation organized and existing under the laws of the State of California, sold TFT-LCD into various markets, including the U.S. Effective March 4, 2008, LG.Philips LCD Co., Ltd., changed its name to LG DISPLAY CO., LTD., and effective March 6, 2008, LG.Philips LCD America, Inc. changed its name to LG DISPLAY AMERICA, INC., the named defendants in this Plea Agreement. LG DISPLAY CO., LTD. has its headquarters and principal place of business in Seoul, Korea, and LG DISPLAY AMERICA, INC. has its headquarters and principal place of business in San Jose, California. During the relevant period, the defendants were engaged in the sale of TFT-LCD in the United States and elsewhere, and employed 5,000 or more individuals.

(b) TFT-LCD are glass panels composed of an array of tiny pixels that are electronically manipulated in order to display images. TFT-LCD are manufactured in

a broad range of sizes and specifications for use in televisions, notebook computers, desktop monitors, mobile devices and other applications.

(c)   During the relevant period, the defendants, through their officers and employees, including high-level personnel of the defendants, participated in a conspiracy among major TFT-LCD producers, the primary purpose of which was to fix the price of TFT-LCD sold in the United States and elsewhere. In furtherance of the conspiracy, the defendants, through their officers and employees, engaged in discussions and attended meetings, including group meetings commonly referred to by the participants as "crystal meetings," with representatives of other major TFT-LCD producers. During these discussions and meetings, agreements were reached to fix the price of TFT-LCD to be sold in the United States and elsewhere.

(d)   During the relevant period, TFT-LCD sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of TFT-LCD, as well as payments for TFT-LCD, traveled in interstate and foreign commerce. The business activities of the defendants and their co-conspirators in connection with the production and sale of TFT-LCD that were the subjects of the conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

(e)   Acts in furtherance of this conspiracy were carried out within the Northern District of California. TFT-LCD that were the subjects of the conspiracy were sold by one or more of the conspirators to customers in this District.

## POSSIBLE MAXIMUM SENTENCE

5.   The defendants understand that the statutory maximum penalty that may be imposed against them upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)   $100 million (15 U.S.C. § 1);

(b)   twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

6. In addition, the defendants understand that:

(a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) pursuant to § 8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order them to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order each defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7. The defendants understand that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendants understand that the Guidelines determinations will be made by the Court by a preponderance-of-the-evidence standard. The defendants understand that, although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, their sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Under U.S.S.G. § 1B1.8, the United States agrees that self-incriminating information that the defendants provide to the United States under this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendants or in determining the defendants' applicable Guidelines range, except to the extent provided in U.S.S.G. § 1B1.8(b).

## SENTENCING AGREEMENT

8. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendants agree that the appropriate disposition of this case is, and agree to recommend jointly that the

Court impose, a sentence requiring payment to the United States of a single criminal fine of $400 million, pursuant to 18 U.S.C. § 3571(d), payable in installments as set forth below, with interest accruing under 18 U.S.C. § 3612(f)(1)-(2) ("the recommended sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

    (a)    The United States and the defendants agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. § 8C3.2(b), that the fine be paid in the following installments: within six months of imposition of the sentence – $20 million (plus any accrued interest); within eighteen months of imposition of the sentence – $76 million (plus any accrued interest); within thirty months of imposition of the sentence – $76 million (plus any accrued interest); within forty-two months of imposition of the sentence – $76 million (plus any accrued interest); within fifty-four months of imposition of the sentence – $76 million (plus any accrued interest); within sixty months of imposition of the sentence – $76 million (plus any accrued interest); provided, however, that the defendants shall have the option at any time before sixty months after imposition of the sentence of prepaying the remaining balance (plus any accrued interest) then owing on the fine.

    (b)    The defendants understand that the Court will order them each to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

    (c)    The United States and the defendants will recommend that no term of probation be imposed, but the defendants understand that the Court's denial of this request will not void this Plea Agreement.

    (d)    The United States and the defendants jointly submit that this Plea

PLEA AGREEMENT – LG DISPLAY CO., LTD., ET AL. – PAGE 6

Agreement, together with the record that will be created by the United States and the defendants at the plea and sentencing hearings, and the further disclosure described in Paragraph 10, will provide sufficient information concerning the defendants, the crime charged in this case, and the defendants' role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. This further record includes a Joint Sentencing Memorandum, which is mutually agreed to and executed by the United States and the defendants. The United States and the defendants agree to request jointly that the Court accept the defendants' guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendants and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. § 6A1.1, and Rule 32-1(b) of the U.S.D.C. N.D. California Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

9. The United States and the defendants agree that the applicable Guidelines fine range exceeds the fine contained in the recommended sentence set out in Paragraph 8 above. Subject to the full and continuing cooperation of the defendants, as described in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward departure from the Guidelines fine range and will request that the Court impose the recommended sentence set out in Paragraph 8 of this Plea Agreement because of the defendants' substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the TFT-LCD industry.

10. Subject to the ongoing, full, and truthful cooperation of the defendants described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendants' cooperation and their commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendants' involvement in the charged offense, and all other relevant conduct.

11. The United States and the defendants understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea Agreement.

(a) If the Court does not accept the recommended sentence, the United States and the defendants agree that this Plea Agreement, except for Paragraph 11(b) below, shall be rendered void.

(b) If the Court does not accept the recommended sentence, the defendants will be free to withdraw their guilty plea (Fed. R. Crim. P. 11 (c)(5) and (d)). If the defendants withdraw their plea of guilty, this Plea Agreement, the guilty plea, the Joint Sentencing Memorandum, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the defendants in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendants agree that, if they withdraw their guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement will be tolled for the period between the date of the signing of the Plea Agreement and the date the defendants withdrew their guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

12. In light of the civil class action cases filed against the defendants, including *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M:07-1827 SI, MDL No. 1827, in the United States District Court, Northern District of California, which potentially provide for a recovery of a multiple of actual damages, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

## DEFENDANTS' COOPERATION

13. The defendants and their subsidiaries engaged in the sale or production of TFT-LCD (collectively, "related entities") will cooperate fully and truthfully with the United States

PLEA AGREEMENT – LG DISPLAY CO., LTD., ET AL. – PAGE 8

in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of TFT-LCD in the United States and elsewhere, any other federal investigations resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendants shall include, but not be limited to:

    (a)    producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendants or any of their related entities, requested by the United States in connection with any Federal Proceeding; and

    (b)    using their best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and former directors, officers, and employees of the defendants or any of their related entities, as may be requested by the United States – but excluding Duk Mo Koo, Bock Kwon, Chan Sik Shin, and Chang Suk Chung – including making these persons available in the United States and at other mutually agreed-upon locations, at the defendants' expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

14.    The ongoing, full, and truthful cooperation of each person described in Paragraph 13(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

    (a)    producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States in connection with any Federal Proceeding;

    (b)    making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any

PLEA AGREEMENT – LG DISPLAY CO., LTD., ET AL. – PAGE 9

Federal Proceeding;

    (c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

    (d) otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

    (e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

    (f) agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 16(a) will be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of their intent to void their obligations to that person under the Plea Agreement.

## <u>GOVERNMENT'S AGREEMENT</u>

15.    Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendants or any of their related entities for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of TFT-LCD in the United States and elsewhere, or undertaken in connection with any investigation of such a conspiracy. The

PLEA AGREEMENT – LG DISPLAY CO., LTD., ET AL. – PAGE 10

nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

16. The United States agrees to the following:

(a) Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the defendants or their related entities for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendants or their related entities that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of TFT-LCD in the United States and elsewhere, or undertaken in connection with any investigation of such a conspiracy ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to Duk Mo Koo, Bock Kwon, Chan Sik Shin, and Chang Suk Chung;

(b) Should the United States determine that any current or former director, officer, or employee of the defendants or their related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendants) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendants;

(c) If any person requested to provide cooperation under Paragraph 16(b) fails to comply with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d) Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or

indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

  (e) If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

  (f) The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

  (g) Documents provided under Paragraphs 13(a) and 14(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendants or any of their related entities.

  17. The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

  18. The defendants understand that they may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea

PLEA AGREEMENT – LG DISPLAY CO., LTD., ET AL. – PAGE 12

Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendants and their related entities as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

19. The defendants have been represented by counsel and are fully satisfied that their attorneys have provided competent legal representation. The defendants have thoroughly reviewed this Plea Agreement and acknowledge that counsel has advised them of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

20. The defendants' decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the defendants as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21. The defendants agree that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendants or any of their related entities have failed to provide full and truthful cooperation, as described in Paragraph 13 of this Plea Agreement, or have otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendants in writing by personal or overnight delivery or facsimile transmission, and may also notify counsel by telephone, of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendants and their related entities shall be subject to prosecution for any federal crime of which the United States has knowledge, including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendants may seek Court review of any determination made by the United States under this

PLEA AGREEMENT – LG DISPLAY CO., LTD., ET AL. – PAGE 13

paragraph to void any of its obligations under the Plea Agreement. The defendants and their related entities agree that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendants or their related entities for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22. The defendants understand and agree that in any further prosecution of them or their related entities resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendants' or their related entities' violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by them or their related entities, or current or former directors, officers, or employees of them or their related entities to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against them or their related entities in any such further prosecution. In addition, the defendants unconditionally waive their right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23. This Plea Agreement constitutes the entire agreement between the United States and the defendants concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendants.

24. The undersigned is authorized to enter this Plea Agreement on behalf of the defendants as evidenced by the Resolution of the Board of Directors of the defendants attached to, and incorporated by reference in, this Plea Agreement.

25. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

26. A facsimile signature shall be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

AGREED

BY: _____
Jong Taig Hong
Head of Legal Department
LG Display Co., Ltd.
West Tower, LG Twin Towers
20 Yoido-dong, Youngdungpo-gu
Seoul, Republic of Korea 150-721

DATED: November 12, 2008

BY: _____
Jong Taig Hong
On behalf of LG Display America, Inc.
150 E Brokaw Rd.
San Jose, CA 95112

DATED: November 12, 2008

BY: _____
Michael R. Lazerwitz, DC No. 430605
Cleary Gottlieb Steen & Hamilton LLP
2000 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-1801
Tel: (202) 974-1500
Fax: (202) 974-1999

Counsel for LG Display Co., Ltd. and
LG Display America, Inc.

DATED: November 12, 2008

BY: _____
Niall E. Lynch, CA No. 157959
Michael L. Scott, CA No. 165452
Heather S. Tewksbury, CA No. 222202
Alexandra J. Shepard, CA No. 205143
David Ward, CA No. 239504
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Tel: (415) 436-6660
Fax: (415) 436-6687

DATED: November 17, 2008

PLEA AGREEMENT – LG DISPLAY CO., LTD., ET AL. – PAGE 15

RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
LG DISPLAY CO., LTD.

November 12, 2008

A meeting of the Board of Directors (the "Board") of LG DISPLAY CO., LTD. (the "Company") was held on November 12, 2008 at the Company's registered office having its address at LG Twin Towers (West Tower), 20 Yoido-dong, Youngdungpo-gu, Seoul, Korea.

The following Directors ("Directors") were present and constituted a quorum:

Young Soo Kwon
Simon (Shin Ik) Kang
James (Hoyoung) Jeong
Paul Verhagen
Dongwoo Chun
Ingoo Han
William Y. Kim
Bruce I. Berkoff

The following resolutions are hereby adopted by the Board of Company in accordance with the Commercial Laws of the Republic of Korea:

WHEREAS, it is deemed in the best interest of the Company to enter a plea agreement with United States Department of Justice;

NOW, THEREFORE, be it

RESOLVED, that execution, delivery and performance of a plea agreement, by and among the Company, LG Display America, Inc., and the United States Department of Justice, in substantially the form made available to the Board ("Agreement"), is hereby approved; and

FURTHER RESOLVED, that Mr. Jong Taig Hong, Head of Legal Department of the Company is hereby fully authorized to execute the Agreement and any other related documents on behalf of the Company and take all necessary actions including representing the Company at any hearing in order to waive any and all rights of the

1:2

Company referred to in the Agreement and to plead guilty on behalf of the Company according to the terms of the Agreement.

_____
Young Soo Kwon

_____
James (Hoyoung) Jeong

_____
Dongwoo Chun

_____
William Y. Kim

_____
Simon (Shin Ik) Kang

_____
Paul Verhagen

_____
Ingoo Han

_____
Bruce I. Berkoff

LG DISPLAY AMERICA, INC.

## UNANIMOUS WRITTEN CONSENT
## OF THE
## BOARD OF DIRECTORS

The undersigned, being all of the directors of LG DISPLAY AMERICA, INC., a California corporation (the "Corporation"), pursuant to authority to act without a meeting in accordance with Section 307 (b) of the California Corporations Code and Section 3.13 of the bylaws of the Corporation, consent to taking of the following actions and adopt the resolutions set our below. This Unanimous Written Consent of the Board of Directors is in lieu of a special meeting of the Board of Directors of the Corporation. All of the actions taken in this consent shall have the same force and effect as if they were taken and adopted at a special meeting of the Board of Directors of the Corporation.

> WHEREAS, it is deemed in the best interest of the Corporation to enter a plea agreement with United States Department of Justice;
>
> NOW, THEREFORE, be it
>
> RESOLVED, that execution, delivery and performance of a plea agreement, by and among LG Display Co., Ltd., Corporation, and the United States Department of Justice, in substantially the form made available to the Board of Directors ("Agreement"), is hereby approved; and
>
> FURTHER RESOLVED, that Mr. Jong Taig Hong, Head of Legal Department of LG Display Co., Ltd. is hereby fully authorized to execute the Agreement and any other related documents on behalf of the Corporation and take all necessary actions including representing the Corporation at

Page 1

Unanimous Written Consent of the Board of Directors
LG DISPLAY AMERICA, INC.

any hearing in order to waive any and all rights of the Corporation referred to in the Agreement and to plead guilty on behalf of the Corporation according to the terms of the Agreement.

IN WITNESS WHEREOF, the undersigned directors have executed this written consent as of November 11, 2008, and direct that it be filed in the minute book of the Corporation.

_____
Seok Hwa Lee, Director

_____
Yoong Ki Min, Director

_____
Bong Joon Kim, Director

Page 2

Unanimous Written Consent of the Board of Directors
LG DISPLAY AMERICA, INC.