# EXHIBIT 7

1  NIALL E. LYNCH (State Bar No. 157959)
   MICHAEL L. SCOTT (State Bar No. 165452)
2  DAVID J. WARD (State Bar No. 239504)
   HEATHER S. TEWKSBURY (State Bar No. 222202)
3  ALEXANDRA J. SHEPARD (State Bar No. 205143)
   Antitrust Division
4  U.S. Department of Justice
   450 Golden Gate Avenue
5  Box 36046, Room 10-0101
   San Francisco, CA 94102
6  Telephone: (415) 436-6660

7  Attorneys for the United States

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11

12  UNITED STATES OF AMERICA            )    Case No.  CR 09-0247 SI
                                        )
13                                      )
                   v.                   )
14                                      )
    HITACHI DISPLAYS LTD.,              )
15                                      )
                   Defendant.           )
16  _____  )

17                  **PLEA AGREEMENT**

18

19      The United States of America and HITACHI DISPLAYS LTD. ("defendant"), a

20  corporation organized and existing under the laws of Japan, hereby enter into the following Plea

21  Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R.

22  Crim. P."):

23                  **RIGHTS OF DEFENDANT**

24      1.      The defendant understands its rights:

25              (a)      to be represented by an attorney;

26              (b)      to be charged by Indictment;

27              (c)      as a corporation organized and existing under the laws of Japan to decline

28  to accept service of the Summons in this case, and to contest the jurisdiction of the United

    PLEA AGREEMENT -- HITACHI        - 1-

1    States to prosecute this case against it in the United States District Court for the Northern

2    District of California;

3            (d)     to plead not guilty to any criminal charge brought against it;

4            (e)     to have a trial by jury, at which it would be presumed not guilty of the

5    charge and the United States would have to prove every essential element of the charged

6    offense beyond a reasonable doubt for it to be found guilty;

7            (f)     to confront and cross-examine witnesses against it and to subpoena

8    witnesses in its defense at trial;

9            (g)     to appeal its conviction if it is found guilty; and

10           (h)     to appeal the imposition of sentence against it.

11                          **AGREEMENT TO PLEAD GUILTY**
                            **AND WAIVE CERTAIN RIGHTS**

12

13           2.      The defendant knowingly and voluntarily waives the rights set out in

14   Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case,

15   and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case

16   against it in the United States District Court for the Northern District of California. The

17   defendant also knowingly and voluntarily waives the right to file any appeal, any collateral

18   attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. §

19   3742, that challenges the sentence imposed by the Court if that sentence is consistent with or

20   below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how

21   the sentence is determined by the Court. This agreement does not affect the rights or

22   obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c). Nothing in this

23   paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it may

24   otherwise have on appeal or collateral attack respecting claims of ineffective assistance of

25   counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will

26   waive indictment and plead guilty at arraignment to a one-count Information to be filed in the

27   United States District Court for the Northern District of California. The Information will

28   charge the defendant with participating in a conspiracy to suppress and eliminate competition

PLEA AGREEMENT -- HITACHI       - 2-

by fixing the prices of thin-film transistor liquid crystal display panels ("TFT-LCD") sold to Dell Inc. or its subsidiaries ("Dell") for use in desktop monitors and notebook computers, from on or about April 1, 2001 to on or about March 31, 2004, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.      The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## FACTUAL BASIS FOR OFFENSE CHARGED

4.      Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)      For purposes of this Plea Agreement, the "relevant period" is that period from on or about April 1, 2001 to on or about March 31, 2004. During the relevant period, Hitachi Displays Ltd. ("Hitachi") was a corporation organized and existing under the laws of Japan. Prior to 2002, the defendant was a division of Hitachi Ltd. The defendant has its headquarters and principal place of business in Chiba, Japan. During the relevant period, the defendant was a producer of TFT-LCD, was engaged in the sale of TFT-LCD in the United States and elsewhere, and employed between 1,000 and 5,000 individuals.

(b)      TFT-LCD are glass panels composed of an array of tiny pixels that are electronically manipulated in order to display images. TFT-LCD are manufactured in a broad range of sizes and specifications for use in televisions, notebook computers, desktop monitors, mobile devices, and other applications.

(c)      From on or about April 1, 2001 to on or about March 31, 2004, the defendant, through its officers and employees, participated in a conspiracy with other major TFT-LCD producers, the primary purpose of which was to fix the price of TFT-LCD sold to Dell for use in notebook computers. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in telephone discussions and attended bilateral meetings with representatives of other major TFT-LCD producers. During these discussions and meetings, agreements were reached to fix the price of TFT-LCD sold to Dell for use in

PLEA AGREEMENT -- HITACHI       - 3-

1    notebook computers.

2            (d)    During the relevant period, TFT-LCD sold by one or more of the

3    conspirator firms, and equipment and supplies necessary to the production and distribution of

4    TFT-LCD, as well as payments for TFT-LCD, traveled in interstate and foreign trade and

5    commerce. The business activities of the defendant and its coconspirators in connection with

6    the production and sale of TFT-LCD affected by this conspiracy were within the flow of, and

7    substantially affected, interstate and foreign trade and commerce.

8            (e)    Acts in furtherance of this conspiracy were carried out within the

9    Northern District of California. TFT-LCD affected by this conspiracy were sold by one or

10   more of the conspirators to customers in this District.

11                              **POSSIBLE MAXIMUM SENTENCE**

12        5.    The defendant understands that the statutory maximum penalty that may be

13   imposed against it upon conviction for a violation of Section One of the Sherman Antitrust

14   Act is a fine in an amount equal to the greatest of:

15           (a)    $10 million (15 U.S.C. § 1);

16           (b)    twice the gross pecuniary gain the conspirators derived from the crime

17   (18 U.S.C. § 3571(c) and (d)); or

18           (c)    twice the gross pecuniary loss caused to the victims of the crime by the

19   conspirators (18 U.S.C. § 3571(c) and (d)).

20        6.    In addition, the defendant understands that:

21           (a)    pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of

22   probation of at least one year, but not more than five years;

23           (b)    pursuant to § 8B1.1 of the United States Sentencing Guidelines

24   ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or

25   3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

26           (c)    pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order

27   the defendant to pay a $400 special assessment upon conviction for the charged crime.

28   //

     PLEA AGREEMENT -- HITACHI      - 4-

## SENTENCING GUIDELINES

7.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance-of-the-evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Under U.S.S.G. § 1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States under this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. § 1B1.8(b).

## SENTENCING AGREEMENT

8.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $31 million, pursuant to 18 U.S.C. § 3571(d) ("the recommended sentence"), payable in full before the fifteenth (15th) day after the date of judgment. The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

PLEA AGREEMENT -- HITACHI       - 5-

(b)     Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(c)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 10, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and the defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. § 6A1.1, and Rule 32-1(b) of the U.S.D.C. N.D. California Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

9.     The United States and the defendant agree that the applicable Guidelines fine range exceeds the fine contained in the recommended sentence set out in Paragraph 8 above. Subject to the full and continuing cooperation of the defendant, as described in Paragraph 13 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. § 8C4.1, for a downward departure from the Guidelines fine range and will request that the Court impose the recommended sentence set out in Paragraph 8 of this Plea Agreement because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the TFT-LCD industry.

10.     Subject to the ongoing, full, and truthful cooperation of the defendant described in Paragraph 13 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and

PLEA AGREEMENT -- HITACHI     - 6-

1     extent of the defendant's cooperation and its commitment to prospective cooperation with the

2     United States' investigation and prosecutions, all material facts relating to the defendant's

3     involvement in the charged offense, and all other relevant conduct.

4        11.     The United States and the defendant understand that the Court retains

5     complete discretion to accept or reject the recommended sentence provided for in Paragraph

6     8 of this Plea Agreement.

7            (a)     If the Court does not accept the recommended sentence, the United

8     States and the defendant agree that this Plea Agreement, except for Paragraph 11(b)

9     below, shall be rendered void.

10          (b)     If the Court does not accept the recommended sentence, the defendant

11     will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the

12     defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any

13     statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding

14     the guilty plea or this Plea Agreement or made in the course of plea discussions with

15     an attorney for the government shall not be admissible against the defendant in any

16     criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In

17     addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this

18     subparagraph of the Plea Agreement, the statute of limitations period for any offense

19     referred to in Paragraph 15 of this Plea Agreement will be tolled for the period

20     between the date of the signing of the Plea Agreement and the date the defendant

21     withdrew its guilty plea or for a period of sixty (60) days after the date of the signing

22     of the Plea Agreement, whichever period is greater.

23        12.     In light of the civil class action cases filed against the defendant, including *In*

24     *re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M:07-1827 SI, MDL No. 1827, in the

25     United States District Court, Northern District of California, which potentially provide for a

26     recovery of a multiple of actual damages, the United States agrees that it will not seek a

27     restitution order for the offense charged in the Information.

28

PLEA AGREEMENT -- HITACHI     - 7-

## DEFENDANT'S COOPERATION

13.     The defendant, Hitachi Displays Ltd., Hitachi Ltd., and any Hitachi Ltd. subsidiary engaged in the sale or production of TFT-LCD (collectively, "related entities") will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of TFT-LCD in the United States and elsewhere, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a)     producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant or any of its related entities, requested by the United States in connection with any Federal Proceeding; and

(b)     using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 14 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant or any of its related entities, as may be requested by the United States – but excluding Hajime Wakabayashi and Sakae Someya – including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

14.     The ongoing, full, and truthful cooperation of each person described in Paragraph 13(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States;

PLEA AGREEMENT -- HITACHI     - 8-

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 16(a) will be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

15.     Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 13 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant or any of its related entities for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an

PLEA AGREEMENT -- HITACHI     - 9-

1    antitrust conspiracy involving the manufacture or sale of TFT-LCD in the United States and

2    elsewhere. The nonprosecution terms of this paragraph do not apply to civil matters of any

3    kind, to any violation of the federal tax or securities laws, or to any crime of violence.

4         16.    The United States agrees to the following:

5              (a)    Upon the Court's acceptance of the guilty plea called for by this Plea

6         Agreement and the imposition of the recommended sentence and subject to the

7         exceptions noted in Paragraph 16(c), the United States will not bring criminal charges

8         against any current or former director, officer, or employee of the defendant or its

9         related entities for any act or offense committed before the date of this Plea

10        Agreement and while that person was acting as a director, officer, or employee of the

11        defendant or its related entities that was undertaken in furtherance of an antitrust

12        conspiracy involving the manufacture or sale of TFT-LCD in the United States and

13        elsewhere ("Relevant Offense"), except that the protections granted in this paragraph

14        shall not apply to Hajime Wakabayashi and Sakae Someya.

15             (b)    Should the United States determine that any current or former director,

16        officer, or employee of the defendant or its related entities may have information

17        relevant to any Federal Proceeding, the United States may request that person's

18        cooperation under the terms of this Plea Agreement by written request delivered to

19        counsel for the individual (with a copy to the undersigned counsel for the defendant)

20        or, if the individual is not known by the United States to be represented, to the

21        undersigned counsel for the defendant.

22             (c)    If any person requested to provide cooperation under Paragraph 16(b)

23        fails to comply with his or her obligations under Paragraph 14, then the terms of this

24        Plea Agreement as they pertain to that person, and the agreement not to prosecute that

25        person granted in this Plea Agreement, shall be rendered void.

26             (d)    Except as provided in Paragraph 16(e), information provided by a

27        person described in Paragraph 16(b) to the United States under the terms of this Plea

28        Agreement pertaining to any Relevant Offense, or any information directly or

PLEA AGREEMENT -- HITACHI      - 10-

1    indirectly derived from that information, may not be used against that person in a

2    criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false

3    statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18

4    U.S.C. § 1503, *et seq.*).

5              (e)      If any person who provides information to the United States under this

6    Plea Agreement fails to comply fully with his or her obligations under Paragraph 14

7    of this Plea Agreement, the agreement in Paragraph 16(d) not to use that information

8    or any information directly or indirectly derived from it against that person in a

9    criminal case shall be rendered void.

10             (f)      The nonprosecution terms of this paragraph do not apply to civil

11   matters of any kind, to any violation of the federal tax or securities laws, or to any

12   crime of violence.

13             (g)      Documents provided under Paragraphs 13(a) and 14(a) shall be

14   deemed responsive to outstanding grand jury subpoenas issued to the defendant or any

15   of its related entities.

16       17.      The United States agrees that when any person travels to the United States for

17   interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or

18   for meetings with counsel in preparation therefor, the United States will take no action, based

19   upon any Relevant Offense, to subject such person to arrest, detention, or service of process,

20   or to prevent such person from departing the United States. This paragraph does not apply to

21   an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18

22   U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings

23   (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C.

24   §§ 401-402) in connection with any testimony or information provided or requested in any

25   Federal Proceeding.

26       18.      The defendant understands that it may be subject to administrative action by

27   federal or state agencies other than the United States Department of Justice, Antitrust

28   Division, based upon the conviction resulting from this Plea Agreement, and that this Plea

PLEA AGREEMENT -- HITACHI      - 11-

1   Agreement in no way controls whatever action, if any, other agencies may take. However, the

2   United States agrees that, if requested, it will advise the appropriate officials of any

3   governmental agency considering such administrative action of the fact, manner, and extent of

4   the cooperation of the defendant and its related entities as a matter for that agency to consider

5   before determining what administrative action, if any, to take.

6                          **REPRESENTATION BY COUNSEL**

7       19.    The defendant has been represented by counsel and is fully satisfied that its

8   attorneys have provided competent legal representation. The defendant has thoroughly

9   reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of

10  the charge, any possible defenses to the charge, and nature and range of possible sentences.

11                              **VOLUNTARY PLEA**

12      20.    The defendant's decision to enter into this Plea Agreement and to tender a plea

13  of guilty is freely and voluntarily made and is not the result of force, threats, assurances,

14  promises, or representations other than the representations contained in this Plea Agreement.

15  The United States has made no promises or representations to the defendant as to whether the

16  Court will accept or reject the recommendations contained within this Plea Agreement.

17                     **VIOLATION OF PLEA AGREEMENT**

18      21.    The defendant agrees that, should the United States determine in good faith,

19  during the period that any Federal Proceeding is pending, that the defendant or any of its related

20  entities have failed to provide full and truthful cooperation, as described in Paragraph 13 of this

21  Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United

22  States will notify counsel for the defendant in writing by personal or overnight delivery or

23  facsimile transmission, and may also notify counsel by telephone, of its intention to void any of

24  its obligations under this Plea Agreement (except its obligations under this paragraph), and the

25  defendant and its related entities shall be subject to prosecution for any federal crime of which

26  the United States has knowledge, including, but not limited to, the substantive offenses relating

27  to the investigation resulting in this Plea Agreement. The defendant may seek Court review of

28  any determination made by the United States under this Paragraph to void any of its obligations

PLEA AGREEMENT -- HITACHI      - 12-

1    under the Plea Agreement. The defendant and its related entities agree that, in the event that

2    the United States is released from its obligations under this Plea Agreement and brings criminal

3    charges against the defendant or its related entities for any offense referred to in Paragraph 15

4    of this Plea Agreement, the statute of limitations period for such offense will be tolled for the

5    period between the date of the signing of this Plea Agreement and six (6) months after the date

6    the United States gave notice of its intent to void its obligations under this Plea Agreement.

7        22.    The defendant understands and agrees that in any further prosecution of it or its

8    related entities resulting from the release of the United States from its obligations under this

9    Plea Agreement, because of the defendant's or its related entities' violation of the Plea

10   Agreement, any documents, statements, information, testimony, or evidence provided by it or

11   its related entities, or current or former directors, officers, or employees of it or its related

12   entities to attorneys or agents of the United States, federal grand juries, or courts, and any

13   leads derived therefrom, may be used against it or its related entities in any such further

14   prosecution. In addition, the defendant unconditionally waives its right to challenge the use of

15   such evidence in any such further prosecution, notwithstanding the protections of Fed. R.

16   Evid. 410.

17                              **ENTIRETY OF AGREEMENT**

18       23.    This Plea Agreement constitutes the entire agreement between the

19   United States and the defendant concerning the disposition of the criminal charge in this case.

20   This Plea Agreement cannot be modified except in writing, signed by the United States and the

21   defendant.

22       24.    The undersigned is authorized to enter this Plea Agreement on behalf of the

23   defendant as evidenced by the Resolution of the Board of Directors of the defendant, attached

24   to, and incorporated by reference in, this Plea Agreement.

25       25.    The undersigned attorneys for the United States have been authorized

26   by the Attorney General of the United States to enter this Plea Agreement on behalf of the

27   United States.

28       26.    A facsimile signature shall be deemed an original signature for the purpose of

     PLEA AGREEMENT -- HITACHI      - 13-

1    executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of

2    executing this Plea Agreement.

3

4    <u>AGREED</u>

5

6    BY:_____        BY:_____
     Yoshiyuki Imoto                      Niall E. Lynch, CA No. 157950
     President and Chief Executive Officer   Michael L. Scott, CA No. 165452
7    Hitachi Displays Ltd.                David J. Ward, CA No. 239504
     3300, Hayano, Mobara-shi             Heather S. Tewksbury, CA No. 222202
8    Chiba-ken, 297-8622, Japan           Alexandra J. Shepard, CA No. 205143
                                          Trial Attorneys
9    DATED: March __, 2009                U.S. Department of Justice
                                          Antitrust Division
10   BY:_____         450 Golden Gate Avenue
     John H. Hemann                       Box 36046, Room 10-0101
11   Lisa Tenorio-Kutzkey                        San Francisco, CA 94102
     Rebecca A. Falk                      Tel: (415) 436-6660
12   Courtney L. Landis                   Fax: (415) 436-6687
     Michelle M. Kim
13   Morgan Lewis & Bockius LLP           DATED: May 15, 2009
     One Market, Spear Street Tower
14   San Francisco, CA 94105-1596
     Tel: (415) 442-1000
15   Fax: (415) 442-1001

16   Counsel for Hitachi Displays Ltd.

17   DATED: May __, 2009

18

19

20

21

22

23

24

25

26

27

28

     PLEA AGREEMENT -- HITACHI      - 14-

1     executing this Plea Agreement. Multiple signature pages are authorized for the purpose of

2     executing this Plea Agreement.

3

4     AGREED

5

6     BY:_____                    BY:_____
      Yoshiyuki Imoto                                Niall E. Lynch, CA No. 157959
7     President and Chief Executive Officer          Michael L. Scott, CA No. 165452
      Hitachi Displays Ltd.                          David J. Ward, CA No. 239504
8     3300, Hayano, Mobara-shi                       Heather S. Tewksbury, CA No. 222202
      Chiba-ken, 297-8622, Japan                     Alexandra J. Shepard, CA No. 205143
                                                     Trial Attorneys
9     DATED: March 5, 2009                           U.S. Department of Justice
                                                     Antitrust Division
10    BY:_____                    450 Golden Gate Avenue
      John H. Hemann                                 Box 36046, Room 10-0101
11    Lisa Tenorio-Kutzkey                           San Francisco, CA 94102
      Rebecca A. Falk                                Tel: (415) 436-6660
12    Courtney L. Landis                             Fax: (415) 436-6687
      Michelle M. Kim
13    Morgan Lewis & Bockius LLP                     DATED: March ___, 2009
      One Market, Spear Street Tower
14    San Francisco, CA 94105-1596
      Tel: (415) 442-1000
15    Fax: (415) 442-1001

16    Counsel for Hitachi Displays Ltd.

17    DATED: March ___, 2009

18

19

20

21

22

23

24

25

26

27

28

      PLEA AGREEMENT -- HITACHI      - 14-

### HITACHI DISPLAYS, LTD.
### RESOLUTIONS OF THE BOARD OF DIRECTORS

At the meeting of the Board of Directors of Hitachi Displays, Ltd., held on February 24, 2009, the Board,

RESOLVED, that the execution, delivery and performance of that certain Plea Agreement, by and between Hitachi Displays, Ltd. (the "Corporation") and the United States Department of Justice, in substantially the form made available to the Board (the "Plea Agreement"), is hereby approved;

RESOLVED, that Mr. Yoshiyuki Imoto, President and Chief Executive Officer of Hitachi Displays, Ltd., is hereby authorized, empowered, and directed, for and on behalf of the Corporation, to execute and deliver the Plea Agreement;

RESOLVED, that Mr. Kazuo Hatanaka, Executive Managing Director, is hereby authorized, empowered, and directed, for and on behalf of the Corporation, to prepare and deliver or cause to be prepared and delivered and to execute all documents and take or cause to be taken such further actions, including to appear in United States District Court on behalf of the Corporation, as he may deem necessary, appropriate or advisable to fully effectuate the intent of the foregoing resolutions and to comply with the provisions of any of the documents or instruments approved or authorized hereby.

### CERTIFICATE

I, Keizaburo Shimizu, Senior Manager, Legal Department, Hitachi Displays, Ltd., a company organized and existing under the laws of Japan, does hereby certify, as the person responsible for keeping the minutes of the Board of Directors meeting, that the foregoing resolutions adopted by the Board of Directors of Hitachi Displays, Ltd., at its meeting held on February 24, 2009, are true, correct and complete and that said resolutions have not been amended, modified or repealed, and remain in full force and effect, as of the date hereof.

Signed at Tokyo this 27th day of February 2009 by

Keizaburo Shimizu
Keizaburo Shimizu
Seinior Manager, Legal Department
Hitachi Displays, Ltd.