**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: **CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725<br><br>*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;<br><br>*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;<br><br>*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510. | **DECLARATION OF BRIAN M. GILLETT IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THEIR RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5**<br><br>The Honorable Samuel Conti |

I, Brian M. Gillett hereby declare as follows:

1. I am attorney and counsel for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust.

2. I submit this declaration in support of Direct Action Plaintiffs' Administrative Motion to Seal Portions of Their Response in Opposition to Mitsubishi Electric's Motions in Limine Nos. 1–3 Pursuant to Civil Local Rules 7-11 and 79-5(d).

3. Portions of Direct Action Plaintiffs' Opposition contain excerpts from and/or statements derived from documents and testimony which have been designated "confidential" or "highly confidential" pursuant to the Stipulated Protective Order governing this litigation [D.E. 306, June 18, 2008] ("Stipulated Protective Order").  The confidential/highly confidential designations were made by certain defendants in this litigation.  To qualify as confidential or highly confidential under the Stipulated Protective Order, information must contain trade secrets or other confidential research, development, or commercial information or private or commercially sensitive information. Stipulated Protective Order ¶ 1.

4. The Stipulated Protective Order requires that a party may not file any confidential material in the public record.  Stipulated Protective Order ¶ 10.  The Stipulated Protective Order further provides that any party seeking to file any confidential material under seal must comply with Civil Local Rule 79-5. Stipulated Protective Order at ¶¶ 1, 10.

5. The highlighted portions of Plaintiffs' Opposition contain such material.

6. Therefore, Direct Action Plaintiffs respectfully request an order sealing portions of Direct Action Plaintiffs' Opposition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 27th day of February, 2015 at Houston, Texas.

DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Master File No. 3:07-cv-5944 SC

1
2                                                                                          */s/ Brian M. Gillett*
                                                                                            Brian M. Gillett
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28