Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com
*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*;<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture tubes, Ltd.*, No. 11-cv-05514;<br><br>*Sharp Electronics Corp. v. Hitachi, Ltd.*, No. 13-cv-01173; | **DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION**<br><br>Judge: The Honorable Samuel Conti<br>Court: Courtroom No. 1, 17th Floor<br>Date: None Set |

1

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325

*Sharp Electronics Corp. v. Koninklijke Philips Electronics, N.V., et al.*, No. 13-cv-02776;

*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 13-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510.

Defendants are not entitled to exclude the guilty plea by Defendant Samsung SDI Company, Ltd. ("Samsung SDI") or to their requested instruction limiting the import of that plea.

**I.  Samsung SDI's Guilty Plea Is Admissible Against All Defendants.**

Samsung first argues that "the guilty plea or conviction of a codefendant may not be offered . . . as substantive evidence of the guilt of those on trial." Defs.' MIL #5 at 1–2 (ellipsis in original) (quoting *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981), and citing *United States v. Newman*, 490 F.2d 139, 143 (3d Cir. 1974)). The key word in the quotation is "guilt," which is what must be established in a ***criminal*** case. The rule, by its own terms, has no application to determining ***liability*** in this ***civil*** case, and Defendants have not cited any civil cases applying that rule.

Indeed, in the only civil case that Defendants cite in their discussion of this proposition, the court ***admitted*** the guilty pleas against persons other than the confessor. *See* Defs.' MIL #5 at 2 (citing *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995)). Defendants claim that the *Scholes* case stands for the proposition that there must be an "agency relationship" between the

2

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325

confessor and the other person, *id.*, but that case makes no such statement of law. Instead, it provides that the guilty plea ***established on summary judgment*** the fraudulent-transfer liability of dummy corporations formed to effectuate a Ponzi scheme, and were ***admissible*** against the schemer's ex-wife, who may or may not have had knowledge of the scheme:

> Taken together, the facts just recited, most of which come right out of Douglas's plea agreement, which was admissible though hearsay, and of which the district court properly took judicial notice under Fed. R. Evid. 201, established the defendants' liability (with the partial exception of the ex-wife).

*Scholes*, 56 F.3d at 762 (internal citations omitted).

The *Scholes* case admitted the guilty plea through application of the hearsay exception in Federal Rule of Evidence 803(22). The text of that rule further confirms that the standard in *Halbert* and *Newman* has no application to a civil case. Rule 803(22) provides that "[e]vidence of a final judgment of conviction" is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness," if four elements are satisfied. The fourth element requires that "when [the conviction is] offered by the prosecutor ***in a criminal case*** for a purpose other than impeachment, the judgment was against the defendant." Fed. R. Evid. 803(22)(D) (emphasis added). The upshot to this rule is that if the judgment of conviction is offered against a defendant in a *non*-criminal case, then *it need not be a plea by the defendant*.[1] As the D.C. Circuit has explained:

> Because this case is not a criminal prosecution, the rule does not preclude introduction of the plea documents as evidence of the

---

[1] A second upshot, unnecessary in the civil context, is that the judgment of conviction is still admissible in a trial against a person other than the confessor for purposes of impeachment. That exception was recognized in *Halbert*, which discussed at length the admissibility of a codefendant's guilty plea when the codefendant is testifying against a defendant. *See* 640 F.2d at 1005 ("It is manifestly apparent that evidence of the plea is relevant to credibility regardless whether government or defendant initiates inquiry about it.").

3561035v1/012325

judgment "against persons other than the accused" (i.e., the other defendants) for reasons other than impeachment. That is, because this is a civil case, BIE's guilty plea may be admitted under Rule 803(22) against all the defendants as long as the plea was admitted "to prove any fact essential to sustain the judgment."

*United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 892 (D.C. Cir. 2010); *accord Strauss v. Crédit Lyonnaise, S.A.*, 925 F. Supp. 2d 414, 447 (E.D.N.Y. 2013) ("Rule 803(22)(d) specifically prevents using a previous conviction in a criminal case for purposes other than impeachment, unless the judgment was against the defendant. This carve out would be unnecessary if judgments always were inadmissible against a non-party." (internal citation omitted)). Here, Samsung SDI's guilty plea and conviction are admissible against all Defendants.[2]

The defendants in *In re: TFT-LCD (Flat Panel) Antitrust Litigation* also moved in limine to exclude "all evidence of or comment about guilty pleas," and Judge Illston denied those motions. *See* Ex. 1, Final Pretrial Scheduling Order – Phase 1 DAP Trial, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal. July 11, 2013) (D.E. 8298) ("No. 1: To exclude all evidence of or comment about guilty pleas: DENIED, without prejudice to specific objections to specific questions at trial.")[3]; Ex. 2, Final Pretrial Scheduling Order, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal. May 4, 2012) (D.E. 5597) (No. 7: To exclude evidence of guilty pleas by Japanese manufacturers: DENIED, without prejudice to specific objection at trial."); *see also* Ex. 3, Order re Best Buy's Trial Brief re (1) FRE 1006 Summary Witness and (2) Dr. McClave, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-

---

[2]   As discussed in Section II below, the plea is not only admissible against all Defendants, but against Samsung SDI, it is conclusive.

[3]   Exhibits are attached to the accompanying Affidavit of Brian M. Gillett.

4
DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325

md-01827-SI (N.D. Cal. Aug. 8, 2013) (D.E. 8428) ("The Court concludes that the documents [summarizing guilty pleas and judgments] are admissible pursuant to FRE 803(22) . . . .").

## II. Samsung SDI's Guilty Plea Is Conclusive as to Samsung SDI.

Defendants next argue that the guilty plea may be admitted against Samsung SDI only to establish the "narrower set of facts" listed in Samsung SDI's guilty plea and therefore "necessarily decided" in the criminal action. Defendants are confusing two distinct issues—the question of what admitted evidence means, and the separate question of whether that evidence is admissible in the first instance.

As to what the evidence means, Defendants mistakenly cite an asset forfeiture case for the proposition that Samsung SDI's "guilty plea can be used only to establish facts 'necessarily decided' in the criminal action." Defs.' MIL #5 at 2 (quoting *United States v. Real Prop. Located at Section 18*, 976 F.2d 515, 519 (9th Cir. 1992)). But that is not an accurate quotation from the case. What the case actually says is that "a guilty plea may be used to establish issue preclusion in a subsequent civil suit" such that "matters necessarily decided in the prior [criminal] action are **barred from relitigation by collateral estoppel**." *Real Prop. Located at Section 18*, 976 F.2d at 519 (emphasis added). The case thus places restrictions on what a defendant may say about its guilty plea (and facts necessarily decided in that guilty plea), and not a restriction on what the Plaintiffs may say about Samsung SDI's guilty plea here.

The other case that Defendants cite, *In re Homestore.com, Inc. Securities Litigation*, is no different. In that case, the defendant had previously pleaded guilty to securities fraud, and the plaintiff sought to collaterally estop the defendant from denying civil liability. 2011 WL 291176, at *3 (C.D. Cal. Jan. 25, 2011). The court held that the defendant's guilty plea to a violation of

5
DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325

Section 10(b) did not conclusively establish liability for civil violation of Rule 10b-5 because "the plea agreement and conviction did not address all the required elements in Plaintiff's 10b-5 claim, such as reliance or economic loss." *Id.* As to the "cautionary jury instruction" that Defendants quote, that was related to a *different* motion in limine in that case, one by the defendant requesting that the guilty plea be excluded as confusing and prejudicial. *Id.* at *9. The court rejected that argument, noting that "the risk of prejudice here is not substantial," that the defendant would have the opportunity at trial to argue that the guilty plea did not establish all elements of the civil claim, and that "cautionary jury instructions *can* be used to counter these concerns." *Id.* (emphasis added)." But, notably the court did *not* hold that the defendant was entitled to such an instruction.

As to the question of whether the evidence is admissible in the first instance, the answer is addressed by the text of Federal Rule of Evidence 803(22)(C). That subsection provides that evidence of a final judgment of conviction is not barred by hearsay, regardless of the declarant's availability, if "the evidence is admitted to prove any fact essential to the judgment." Fed. R. Evid. 803(22)(C). Those facts are recited in the guilty plea's Factual Basis for Offense Charged, and DAPs are entitled to submit those facts to the jury, whether or not Samsung SDI is available to testify at trial.

III.   **Defendants Are Not Entitled to Their Requested Limiting Instruction.**

Nor are Defendants entitled to their requested limiting instruction. A limiting instruction is proper only when evidence "is admissible against a party or for a purpose—but not against another party or for another purpose." Fed. R. Evid. 105. As explained above, Samsung SDI's guilty plea is admissible against all Defendants pursuant to Rule 803(22), and that rule sets out

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325

the only four limitations on Plaintiffs' use of Samsung SDI's guilty plea. The first two limitations—requiring that "judgment was entered after a trial or guilty plea" and "the conviction was for a crime punishable by death or by imprisonment for more than a year"—are not disputed. Fed R. Evid. 803(22)(A), (B). The fourth limitation precludes a *prosecutor* from offering a third party's guilty plea for purposes other than impeachment, and by its terms does not apply in this non-criminal action. Fed. R. Evid. 803(22)(D).

That leaves only the third limitation—that "the evidence is offered to prove any fact essential to the judgment." Fed. R. Evid. 803(22)(C). Plaintiffs agree that this provides a limitation on the purpose for which Samsung SDI's guilty plea may be used. To that extent, if the Court deems a limiting instruction in order, then DAPs do not oppose one as follows:



DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325

[redacted]

This proposed instruction, unlike Defendants' proposed instruction, specifies what facts Samsung SDI's guilty plea are evidence of, and admonishes what they are not evidence of, consistent with Rule 803(22)(C). By contrast, Defendant's proposed instruction is overbroad, in that it would prevent this evidence from being considered with respect to the other Defendants. Moreover, Samsung SDI's guilty plea is *not* "[e]vidence of [the other Defendants'] character or character trait," Fed. R. Evid. 404(a)(1), so there is no basis for an instruction that would cover that wholly inapplicable rule of evidence.[4] Moreover, the guilty plea is not being offered as evidence that Samsung SDI "acted in accordance with the [bad] character or trait" and committed some other wrongful act; it is being offered as evidence that Samsung SDI committed the very

---

[4] Plaintiffs also submit that Defendants have waived any argument relating to character evidence by failing to brief it.

8

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325

wrongful acts confessed in the guilty plea. Fed. R. Evid. 404(a)(1). Also, Defendants are not entitled to an instruction that no other Defendant was charged, convicted, or pled guilty in a CDT conspiracy. Samsung SDI's guilty plea does not assert to the contrary, and the jury is already being instructed that Samsung SDI's guilty plea is evidence only of the facts it recites. Having the Court emphasize what is already apparent from Samsung SDI's guilty plea is not required by the rules of evidence, and it would only unfairly prejudice the DAPs.[5]

## IV. Conclusion.

Defendants are not entitled to exclude Samsung SDI's guilty plea at trial, and they are not entitled to their overbroad requested limiting instruction. The Court should deny Defendants motion and, if the Court deems a limiting instruction appropriate, use the one suggested above.

Dated: February 27, 2015.

---

[5] This is also particularly true where Defendants are simultaneously seeking to bar Plaintiffs from raising the fact or circumstances of any investigation by the Department of Justice. See Defendants' Motion in Limine #3: To exclude All Evidence and Reference at Trial to the U.S. Department of Justice's Criminal Investigations of the Cathode Ray Tube Industry (D.E. 3556). Defendants would ask the Court to say what Defendants want to say about the results of the DOJ investigation, but prohibit the Plaintiffs from making any contrary statement.

Moreover, such a statement would be misleading in light of the fact that individual executives, including some employed by Defendant Chunghwa Picture Tubes Ltd., were, in fact, indicted. See http://www.justice.gov/opa/pr/former-executive-indicted-his-role-two-cathode-ray-tube-price-fixing-conspiracies; http://www.justice.gov/opa/pr/former-taiwanese-executive-indicted-color-display-tube-price-fixing-conspiracy; http://www.justice.gov/opa/pr/three-former-executives-indicted-color-display-tube-price-fixing-conspiracy.

3561035v1/012325

By: /s/ Kenneth S. Marks
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
Robert S. Safi
David M. Peterson
Brian M. Gillett
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
jross@susmangodfrey.com
jcarter@susmangodfrey.com
rsafi@susmangodfrey.com
dpeterson@susmangodfrey.com
bgillett@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

By: /s/ Craig A. Benson

3561035v1/012325

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America*


By: /s/ *David Martinez*

Roman M. Silberfeld
Bernice Conn
David Martinez
Laura Nelson
Jill Casselman
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Email: rsilberfeld@robinskaplan.com
dmartinez@robinskaplan.com
bconn@robinskaplan.com

11
DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325

lnelson@robinskaplan.com
jcasselman@robinskaplan.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and Bestbuy.com, L.L.C.*

By: /s/ *Jason Murray*

Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
Email aheaven@crowell.com

*Attorneys for Target Corp. and Viewsonic Corp.*

By: /s/ *Richard Arnold*

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861

12
DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325

Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

By: /s/ Philip J. Iovieno

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email:    ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email:    piovieno@bsfllp.com
Email:    anardacci@bsfllp.com

*Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P. C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC, Tweeter Newco, LLC, Tech Data Corporation, and Tech Data Product Management, Inc.*

13
DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325


By: /s/ David J. Burman
David J. Burman
Cori G. Moore
Nicholas H. Hesterberg
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email:   dburman@perkinscoie.com
Email:   cgmoore@perkinscoie.com
Email:   nhesterberg@perkinscoie.com

Jordan S. Bass (Cal. Bar No. 208143)
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344.7000
Facsimile: (415) 344.7050
Email:   jbass@perkinscoie.com

*Attorneys for Plaintiff Costco Wholesale Corporation*

14
DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE # 5 [D.E. 3589] TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR, ALTERNATIVELY, TO PROVIDE A LIMITING INSTRUCTION – C-11-05502 SC
MDL No. 1917

3561035v1/012325