# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br>_____/<br><br>This Order Relates To:<br><br>*Best Buy v. AU Optronics Corp., et al.,* Case No. 10-CV-4572;<br><br>*Best Buy v. Toshiba Corp., et al.,* Case No. 12-CV-4114;<br><br>*Eastman Kodak Company v. Epson Imaging Devices Corp., et al.,* Case No. 10-CV-5452;<br><br>*Target Corp, et al.*, v. *AU Optronics Corp., et al.,* Case No. 10-CV-4945.<br>_____/ | MDL No. 1827<br><br>No. C 10-4572 SI<br>No. C 12-4114 SI<br>No. C 10-5452 SI<br>No. C 10-4945 SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER - PHASE 1 DAP TRIAL** |

On July 9, 2013, the Court held a Pretrial Conference on this matter, which is scheduled for jury trial beginning July 22, 2013. All parties were represented by counsel. Based on that conference, the following matters have been resolved:

**1.** **Parties**: The three trial plaintiffs are the Best Buy plaintiffs; the Target plaintiffs (including Target; Sears, Roebuck; Kmart; RadioShack; OldComp/CompUSA; Newegg; and Good Guys); and Eastman Kodak Company. The four defendants are AU Optronics; HannStar Display; LG Display; and Toshiba. Unless otherwise specified, all plaintiffs constitute one side, and all defendants constitute another side.

2. **Number of jurors and challenges**: There shall be a jury of 10 members. Each side shall have up to five peremptory challenges.

2. **Voir dire**: The parties shall provide the Jury Administrator with 55 copies of the approved jury questionnaire by 4 p.m. on Wednesday, July 17, 2013. The Jury Administrator will distribute the blank questionnaires to potential jurors on Thursday, July 18, 2013, and counsel will obtain and copy the completed questionnaires thereafter. The parties shall provide the Court with a set of the completed jury questionnaires by noon Friday, July 19, 2013. If the parties jointly agree to any dismissals/challenges for cause based on the questionnaire answers of any potential jurors, they should inform the Court and the Jury Administrator of the names of such jurors by 3 p.m. on Friday, July 19, 2013. Voir dire will be conducted on Monday, July 22, 2013, beginning at 8:30 a.m. The Court anticipates that counsel will have reviewed and considered the completed questionnaires in advance of voir dire. Counsel for each party may have 5 minutes to provide a neutral, non-argumentative statement of the case, prior to commencement of oral voir dire by the Court. The Court will conduct general voir dire, and counsel for each side shall have up to 40 minutes total to question the panel.

3. **Jury instructions**: The parties shall submit jointly requested preliminary instructions, to be provided to the jury at the commencement of the case, no later than July 18, 2013. The parties' final submission of instructions to the Court shall be filed in hard copy and also submitted to the court in digital format suitable for reading by WordPerfect (*wpd file), on a date to be designated by the Court after trial commences. The Court will undertake to resolve the parties' disputes concerning the pass-on instructions prior to July 22, 2013.

4. **Trial exhibits**: Counsel may set up the courtroom for trial during the week of July 15, 2013.

5. **Timing of trial**: The trial has been scheduled for approximately 6 weeks, commencing July 22, 2013. Based on this schedule, each party shall have up to 25 minutes for opening statements;

2

each side shall have 50 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each party shall have up to 45 minutes for closing argument. As noted at the pretrial conference, this time allocation is substantial and cannot practicably be expanded. If any party engages in dilatory or unreasonable conduct which unnecessarily delays the proceedings, then the Court may revise the time allocations accordingly.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30-45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. The Court will be unavailable on August 22, 2013, and August 26-27, 2013.

7. **Motions in limine**: The parties filed approximately 42 motions in limine. All were discussed at the Pretrial Conference. Some have been mooted by stipulation; the balance are resolved as follows:

**Plaintiffs' Motions**:

No. 1: To exclude evidence of unrelated litigation: GRANTED.

Nos. 2: To exclude references to plaintiffs' purported "market power": DENIED as overbroad, without prejudice to specific objections to specific questions at time of trial.

No. 3: To exclude evidence of IPP class settlement: The parties represented that they will stipulate to resolution of this issue; DENIED as moot.

No. 4: To exclude evidence that Toshiba's products sold to plaintiffs did not contain Toshiba panels: DENIED.

No. 5: To exclude evidence that Best Buy engaged in communications with competitors: DENIED.

No. 6: To exclude references to Special Master Quinn's order striking portions of Prof. SDL's rebuttal opinions: GRANTED, as to any references to this (or any other) order of the Special Master. Plaintiffs represent that they do not intend to ask Prof. SDL any questions concerning the

3

stricken rebuttal material. If defendants wish to cross-examine or otherwise inquire about the substance of the rebuttal report, they may seek leave to Court to do so.

No. 7: To admit corporate disclosure statements filed in non-related cases pursuant to Rule 807: DENIED.

No. 8: To exclude evidence concerning Eric Koran and Dell's alleged knowledge of defendants' conspiracy: GRANTED, absent offer of proof demonstrating that Koran's or Dell's knowledge is relevant to plaintiffs' state of mind.

No. 9: To exclude evidence related to Best Buy's alleged knowledge of the conspiracy from use against Kodak and Target plaintiffs: DENIED. The Court will give an appropriate limiting instruction upon request.

No. 10. To exclude reference to and evidence of the ability of plaintiffs to seek treble damages and attorneys' fees and costs: GRANTED.

No. 11. To exclude references or arguments regarding other actions and settlements in this MDL: The parties represented that they will stipulate to resolution of this issue; DENIED as moot.

No. 12. To exclude references to the current financial condition of any of the named plaintiffs (brought by all plaintiffs except Kodak): GRANTED, absent offer of proof demonstrating relevance of evidence. Kodak agrees not to argue that its bankruptcy is related to defendants' conduct in this action, but may seek leave to explain that various of its business units are not functioning and therefore could not provide witnesses at trial.

No. 13. Motion to exclude references to statements made by DO officials regarding multiple conspiracies: GRANTED, absent further Court order based on offer of proof.

No. 14. To exclude any reference to the DO's Rule 12-4 disclosures in the related criminal actions: GRANTED.

No. 15. To preclude argument that plaintiffs' claims are barred because they arise from foreign commerce: GRANTED as to argument. If and to the extent that factual predicates must be established at trial re FTAIA issues, those will be submitted to the jury for determination.

No. 16. To preclude evidence regarding "pass on" in connection with Best Buy's and Target plaintiffs' claims: DENIED; pass on evidence is relevant to state law indirect purchaser claims.

4

No. 17: To exclude evidence regarding plaintiffs' alleged failure to mitigate damages: GRANTED, absent further order on offer of proof regarding relevance. The Court has already ruled that failure to mitigate is not a defense to damages claims.

No. 18: To exclude live witnesses from testifying in defendants' case in chief who were not made available for live testimony in plaintiffs' case in chief: The parties represented that they will stipulate to resolution of this issue; DENIED as moot.

No. 19: To exclude percipient witnesses, except for party representatives, from courtroom unless testifying: The parties represented that they will stipulate to resolution of this issue; DENIED as moot.

No. 20: To preclude expert witness testimony on incomplete pass-on of overcharges through affiliate entities: GRANTED as to damage claims under Sherman Act ; DENIED as to damage claims based on indirect purchases under state laws.

No. 21: To admit evidence that certain witnesses may have invoked the Fifth Amendment privilege against self incrimination: The Court will not allow reference to the Fifth Amendment invocation of witnesses who thereafter withdrew the invocation and testified, or of Ms. Caperton. Reference to the invocation, and application of any adverse inferences therefrom, as to any other witnesses will be considered on a case by case basis. DENIED as framed, subject to offers of proof at trial. See also defendants' motions in limine Nos. 2, 3 and 19.

No. 22: Motion for pretrial ruling on the admissibility of documents: DENIED as overbroad and premature.

No. 23: Motion for pretrial ruling on summary witness testimony reflecting conspiracy meetings and communications: DENIED as premature. Summary witnesses may be allowed if documents summarized are in evidence and testimony relates only to compiling voluminous documents into a neutral chart.

**Defendants' Motions**:

No. 1: To exclude all evidence of or comment about guilty pleas: DENIED, without prejudice to specific objections to specific questions at trial.

No.2: To adopt orders on motions in limine regarding Fifth Amendment invocations:

See ruling on plaintiffs' motion No. 21.

No. 3: Motion for pre-instructions to jury: GRANTED, to this extent: If the parties present the Court with agreed-upon preliminary instructions on the substantive claims, the Court will preinstruct.

No. 4: To redact all documents stamped as "grand jury material" or with other designations that refer to criminal proceedings: GRANTED as to "grand jury material"; DENIED as to balance, without prejudice to specific objections to specific documents

No. 5: To exclude evidence or testimony pertaining to unrelated antitrust investigations: DENIED as overbroad, without prejudice to specific objections to specific questions at trial.

No. 6: To exclude evidence pertaining to unrelated antitrust investigations: DENIED as overbroad, without prejudice to specific objections to specific questions at trial.

No. 7: To exclude evidence and arguments related to "gross gains" finding in AUO criminal trial: The parties represented that they will stipulate to resolution of this issue; DENIED as moot.

No. 8: To exclude discovery responses by non-parties: DENIED as overbroad, without prejudice to specific objections to specific questions at trial.

No. 9: To exclude evidence relating to stereotyping of foreign companies: DENIED, for same reasons as and to same extent as in order on *Daubert* motions.

No. 10: To exclude evidence related to investigations and indictments: DENIED as overbroad, without prejudice to specific objections to specific questions at trial.

No. 11: To exclude evidence pertaining to employment issues related to employees who have pled guilty: DENIED.

No. 12: To exclude presentations of "full consideration damages": WITHDRAWN.

No. 13: To preclude evidence of invocations of the Fifth Amendment: See ruling on plaintiffs' motion No. 21.

No. 14: See separate order concerning choice of law.

No. 15: To exclude evidence of the vacated verdict from the DPP trial: The parties represented that they will stipulate to resolution of this issue; DENIED as moot.

<u>No. 16: To admit DisplaySearch reports</u>: DENIED as overbroad; admissibility will be considered on a case by case basis.

<u>No. 17: To allow full defense examination fo common witnesses during plaintiffs' case-in-chief and limit use of deposition testimony</u>: The parties represented that they will stipulate to resolution of this issue; DENIED as moot.

<u>No. 18: To request limiting instruction regarding jury verdicts in AUO criminal trials</u>: DENIED as framed. Appropriate portions of indictment may be used to identify scope of guilty verdicts.

<u>No. 19: To exclude David Joe's testimony</u>: See ruling on plaintiffs' motion No. 21.

**8.** **<u>Miscellaneous:</u>** The parties are encouraged to enter reasonable stipulations concerning authenticity, business record status and admissibility of documents, and concerning corporate relationships among subsidiaries and affiliates. The parties are ordered to provide each other 48 hours' advanced notice of the witnesses to be called. If parties intend to call adverse witnesses who live abroad,

they should provide adequate notice to the other side to facilitate attendance.

Dated: July 11, 2013

SUSAN ILLSTON
United States District Judge

7