Kenneth S. Marks
Jonathan J. Ross
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
kmarks@susmangodfrey.com
jross@susmangodfrey.com
*Attorneys for plaintiff Alfred H. Siegel, solely
in his capacity as Trustee of the Circuit City
Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*;<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture tubes, Ltd.*, No. 11-cv-05514;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | **DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601]**<br><br>Judge: The Honorable Samuel Conti<br>Court: Courtroom No. 1, 17th Floor<br>Date: None Set |

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC

MDL No. 1917

3562071v1/012325

1
2    *Target Corp. v. Chunghwa Picture Tubes,*
     *Ltd., et al.*, No. 13-cv-05514;
3    *Target Corp. v. Technicolor SA, et al.*, No.
     13-cv-05686;
4
     *Viewsonic Corp. v. Chunghwa Picture Tubes,*
5    *Ltd.*, No. 14-cv-02510.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
        MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC
                                                                    MDL No. 1917

# TABLE OF CONTENTS

Table of Contents .................................................................................................... i

Table of Authorities ................................................................................................ ii

I.     Samsung SDI's interrogatory response naming Mitsubishi Electric as a
       participant in conspiracy meetings is admissible against Mitsubishi
       Electric. ........................................................................................................ 1

       A.     Samsung SDI's interrogatory response is admissible pursuant to a
              ruling by the Special Master. ............................................................ 2

       B.     Lack of cross-examination does not foreclose the admission of
              evidence in a civil case. ................................................................... 3

       C.     Samsung SDI's interrogatory responses are not unfairly prejudicial
              under Rule 403. ................................................................................ 5

II.    Mitsubishi Electric is not entitled to exclude deposition testimony taken
       before September 26, 2013. .......................................................................... 6

       A.     The Court's case management order precludes Mitsubishi Electric
              from objecting now to the earlier depositions. ................................. 6

       B.     The depositions are admissible as former testimony under Rule
              804(b)(1). ........................................................................................ 10

III.   Evidence of Mitsubishi Electric's participation in EIAJ meetings is
       admissible. .................................................................................................. 13

       A.     The EIAJ meetings are not being offered as character evidence
              under Rule 404(b). ........................................................................... 13

       B.     Evidence of participation in the EIAJ meetings is not unfairly
              prejudicial. ...................................................................................... 15

IV.    Conclusion. ................................................................................................. 15

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC

MDL No. 1917

3562071v1/012325

**TABLE OF AUTHORITIES**

**CASES**

*Bank Melli Iran v. Pahlavi*, 58 F.3d 1406 (9th Cir. 1995)..................................................... 5

*Bowoto v. Chevron Corp.*, 621 F.3d 1116 (9th Cir. 2010).................................................... 6

*Bruton v. United States*, 391 U.S. 123 (1968)................................................................. 4

*Crawford v. Washington*, 541 U.S. 36 (2004) ................................................................ 4

*Culver v. Asbestos Defendants (BP)*,
    2010 WL 5094698 (N.D. Cal. Dec. 8, 2010) ......................................................... 12, 13

*Fresenius Medical Care Holdings, Inc. v. Baxter International, Inc.*,
    2006 WL 1646113 (N.D. Cal. June 12, 2006) .............................................................. 7

*Great American Insurance Co. of New York v. Vegas Construction Co.*,
    251 F.R.D. 534 (D. Nev. 2008)............................................................................. 3

*Hub v. Sun Valley Co.*, 682 F.2d 776 (9th Cir. 1982) ...................................................... 13

*Hynix Semiconductor Inc. v. Rambus Inc.*,
    250 F.R.D. 452 (N.D. Cal. 2008)................................................................. 9, 11, 12, 13

*In re IBM Peripheral Devices Antitrust Litigation*,
    444 F. Supp. 110 (N.D. Cal. 1978............................................................................ 13

*Johnson v. Mammoth Recreation, Inc.*,
    975 F.2d 604 (9th Cir. 1992).............................................................................. 11

*Kelly v. Provident Life & Accident Insurance Co.*,
    2011 WL 2448276 (S.D. Cal. June 20, 2011)................................................................ 3

*Kesey, LLC v. Francis*, 2009 WL 909530 (D. Or. Apr. 3, 2009)......................................... 5

*Landmark Screens, LLC v. Morgan, Lewis & Brokius LLP*,
    2010 WL 3221859 (N.D. Cal. Aug. 13, 2010)............................................................... 3

*Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179 (3d Cir. 1978)............................. 12, 13, 14

*Michelson v. United States*, 335 U.S. 469 (1948) ......................................................... 15

*Murphy v. Owens-Illinois*, 779 F.2d 340 (6th Cir. 1985)................................................. 13

*Nelson v. Fibreboard Corp.*, 912 F.2d 469,
    1990 WL 125341 (9th Cir. 1990)............................................................................ 13

*New England Mutual Life Insurance Co. v. Anderson*,
    888 F.2d 646 (10th Cir. 1989).............................................................................. 13

ii

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC

MDL No. 1917

3562071v1/012325

*Rule v. International Association of Bridge, Structural &*
    *Ornamental Ironworkers*, 568 F.2d 558 (8th Cir. 1977) .................................................. 13

*Shepherd v. American Broadcasting Cos., Inc.*,
    62 F.3d 1469 (D.C. Cir. 1995) ........................................................................................ 5

*Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989) ............................................................................ 5

*U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275 (11th Cir. 2001) ....................................................... 5

*United States ex rel. O'Connell v. Chapman University*,
    245 F.R.D. 646 (C.D. Cal. 2007) .................................................................................... 6

*United States v. Alexander*, 106 F.3d 874 (9th Cir. 1997) ............................................................. 4

*United States v. Blitz*, 151 F.3d 1002 (9th Cir. 1998) ............................................................ 6, 17

*United States v. Littlesun*, 444 F.3d 1196 (9th Cir. 2006) ............................................................ 5

*United States v. Perry*, 550 F.2d 524 (9th Cir. 1977) .................................................................. 17

*United States v. Zucker*, 161 U.S. 475 (1896) ............................................................................. 4

*Zenith Radio Corp v. Matsushita Electric Industrial Co.*
    505 F. Supp. 1190 (E.D. Pa. 1980) ............................................................................... 14

**RULES**

Fed. R. Civ. P. 16 ........................................................................................................ 9

Fed. R. Civ. P. 30(b)(6) .......................................................................................... 2, 3

Fed. R. Civ. P. 32 ........................................................................................................ 9

Fed. R. Civ. P. 33 ........................................................................................................ 5

Fed. R. Evid. 403 ........................................................................................................ 6

Fed. R. Evid. 404(b) ............................................................................................ 15, 16

Fed. R. Evid. 804(b)(1) ..................................................................................... passim

iii

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC

MDL No. 1917

3562071v1/012325

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECONDARY SOURCES

2 McCormick, Handbook of the Law of Evidence § 256 (2d ed. 1972) ................................. 10

Federal Judicial Center, Manual for Complex Litigation Fourth § 11.453 .................. 6, 9

Jones et al., Federal Civil Trials & Evidence ¶ 8:3061
        (Rutter Group Practice Guide) ....................................................................... 10

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. VI ....................................................................................................... 3

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC

MDL No. 1917

3562071v1/012325

The Court should deny Mitsubishi Electric's[1] motions in limine nos. 1–3 to exclude relevant, admissible evidence against it and other Defendants.[2]  First, Samsung SDI's interrogatory response is admissible against Mitsubishi Electric to show its participation in the alleged conspiracy.  Second, Mitsubishi Electric has waived any right to exclude deposition testimony from before its entry into the case, and that deposition testimony is independently admissible under the prior-testimony exception to hearsay.  Third, the meetings of the Electronic Industries Association of Japan are neither character evidence nor unfairly prejudicial, but instead are relevant context evidence framing this very conspiracy.

## I. Samsung SDI's interrogatory response naming Mitsubishi Electric as a participant in conspiracy meetings is admissible against Mitsubishi Electric.[3]

Samsung SDI Co., Ltd. ("Samsung SDI"), pled guilty

In response to an interrogatory requesting that it identify

Samsung SDI stated:

---

[1]     "Mitsubishi Electric" refers to Defendants Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc.; and Mitsubishi Electric Visual Solutions America, Inc.

[2]     Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") have not sued Mitsubishi Electric.  Mitsubishi Electric's motions in limine 1-3 appear to have been erroneously filed in Sharp's cases.

[3]     Mitsubishi Electric also argued for exclusion of the interrogatory response in its motion for summary judgment.  (D.E. 3037.)  That argument should be denied here for the reasons articulated in Direct Action Plaintiffs' Opposition to Defendant Mitsubishi Electric Corporation's Motion for Summary Judgment Based Upon Absence of Evidence of Liability (D.E. 3271), which DAPs incorporate by reference.

[4]     Samsung SDI's interrogatory responses are attached as Exhibit 1 to Mitsubishi Electric's motions in limine nos. 1–3.

1

3562071v1/012325

Mitsubishi Electric may prefer that the jury not receive this direct evidence ████████████ ████████████████████████████ but its hearsay objection lacks merit.

### A.    Samsung SDI's interrogatory response is admissible pursuant to a ruling by the Special Master.

Mitsubishi Electric incorrectly argues that statements made during the briefing of Samsung SDI's motion for protection against a Rule 30(b)(6) deposition support Mitsubishi Electric's efforts to exclude Samsung SDI's interrogatory responses. To the contrary, the Special Master's ruling actually establishes the admissibility of Samsung SDI's interrogatory responses.

The Rule 30(b)(6) deposition notice requested Samsung SDI to designate a witness to testify on several topics, including the following:



Ex. 2 (Sept. 15, 2014 Interim Order of the Special Master), at 2. Samsung SDI argued, and the Special Master agreed, that "a FRCP 30(b)(6) deposition would be unreasonably cumulative or duplicative," *id.* at 5, because "SDI's prior discovery responses have adequately supplied the information that a FRCP 30(b)(6) deposition would furnish," *id.* at 4. Because Samsung SDI's prior discovery responses were deemed to be an adequate and complete substitute for a deposition, the Special Master granted Samsung SDI's motion for protection from designating a witness to testify regarding the identity of the companies that participated in the ████████ ████████████████████████████████████████████ *See id.* at 6 ("[T]he DAPs have engaged in and obtained substantial discovery ████████████████████████████████. The DAPs are now in a position to use that evidence affirmatively . . . .").

2

3562071v1/012325

To do justice to the Special Master's ruling, Samsung SDI's interrogatory response must be usable to DAPs in the same way that a Rule 30(b)(6) deposition of Samsung SDI would be. Depositions are a "favored" form of discovery because "the deposition process provides a means to obtain more complete information." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008); *accord Kelly v. Provident Life & Accident Ins. Co.*, 2011 WL 2448276, at *3 (S.D. Cal. June 20, 2011). For that reason, and because testimony is more easily used before the jury than written discovery, "in responding to a Rule 30(b)(6) notice or subpoena, a corporation may not take the position that its documents state the company's position." *Landmark Screens, LLC v. Morgan, Lewis & Brokius LLP*, 2010 WL 3221859, at *5 (N.D. Cal. Aug. 13, 2010) (internal quotation marks omitted). Here, the Special Master held that Samsung SDI's interrogatory responses fulfilled the role that a Rule 30(b)(6) deposition would fill, suggesting that those interrogatory responses are usable to the same extent as deposition testimony would be.

To the extent that the Court disagrees with this interpretation of the Special Master's order, then DAPs respectfully submit that their inability to present Samsung SDI's interrogatory responses, when coupled with their inability to depose Samsung SDI on the subject, would result in a "manifest injustice" such that reconsideration of the Special Master's order is warranted. *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (recognizing exception to the law-of-the-case doctrine where "a manifest justice would otherwise result").

### B. Lack of cross-examination does not foreclose the admission of evidence in a civil case.

Mitsubishi Electric argues at length that it did not have the opportunity to cross-examine a Samsung SDI witness about the interrogatory responses. This is a red herring. Only in criminal

3

3562071v1/012325

actions are defendants guaranteed the right to cross-examine declarants before their out-of-court statements may be admitted. *See* U.S. CONST. amend. VI ("In all **criminal prosecutions**, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." (emphasis added)); *Crawford v. Washington*, 541 U.S. 36, 68 (2004) (holding that the Confrontation Clause bars admission of testimonial hearsay against a criminal defendant unless the witness is unavailable and the accused had a prior opportunity for cross-examination). That Sixth Amendment concern was what motivated the Supreme Court's decision in *Bruton v. United States*, 391 U.S. 123, 126 (1968) ("[A] major reason underlying the constitutional confrontation rule is to give a defendant **charged with crime** an opportunity to cross-examine the witnesses against him." (emphasis added) (internal quotation marks omitted)). Mitsubishi Electric does not cite a single case other than *Bruton* for this point, because there is none: There is *no such requirement* in the civil context. *See United States v. Zucker*, 161 U.S. 475, 482 (1896) ("But it does not follow that the defendants can demand of right, in this civil action, not directly involving their personal security, that they shall be confronted at the trial with the witnesses who testify in behalf of the government."); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001) ("Of course, the Confrontation Clause is not applicable to civil cases . . . ."); *Kesey, LLC v. Francis*, 2009 WL 909530, at *13 (D. Or. Apr. 3, 2009) ("The Confrontation Clause, which originates from the Sixth Amendment, applies only to criminal matters. Thus, Defendants' Confrontation Clause objection to hearsay evidence admitted in this, a civil case, is overruled." (internal citations omitted)); *cf.* Fed. R. Evid. 804(b)(1)(B) (certain out-of-court statements admissible against a civil defendant that would inadmissible against a criminal defendant); *see*

4

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC
MDL No. 1917

3562071v1/012325

*also United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006) (holding that the Confrontation Clause does not apply to sentencing hearings).[5]

### C.   Samsung SDI's interrogatory responses are not unfairly prejudicial under Rule 403.

Finally, based primarily on its arguments that it did not have the opportunity to cross-examine a Samsung SDI witness about the interrogatory response in question, Mitsubishi Electric argues that this evidence is unfairly prejudicial and excludible under Rule 403. This argument must be rejected because any prejudice arising from the interrogatory response is entirely outweighed by the probative value of this evidence. *See United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir. 1998) (noting that "all unfavorable evidence about a defendant" will "result[] in some prejudice"); *see also* Fed. R. Evid. 403 (permitting exclusion of relevant evidence only "if its probative value is ***substantially outweighed*** by a danger of . . . unfair prejudice" (emphasis added)).

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[5]    Mitsubishi Electric's reliance on *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406 (9th Cir. 1995), and *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989), is misplaced. In *Bank Melli*, the court granted summary judgment where the only evidence submitted in opposition consisted of "information and belief declarations from [plaintiffs'] counsel." 58 F.3d at 1412. In *Taylor*, the only evidence of a prison guard's deprivation of a prisoner's civil rights was "a statement [in an interrogatory response] to the effect that the affiant was informed and believed that [the guard] was involved in" the deprivation. 880 F.2d at 1045 n.3. Those were therefore properly considered sham affidavits, rather than interrogatory responses mustering all knowledge available to a corporate defendant.

By contrast, Samsung SDI's interrogatory responses consist of "information available to" Samsung SDI, Fed. R. Civ. P. 33(b)(1)(B), and were properly verified by Mr. Yongtae Kim on behalf of the company. As a result, Mitsubishi Electric's objection to Mr. Yongtae Kim's verification is without basis. *See Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995) ("Federal Rule of Civil Procedure 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by furnishing such information as is available *to the party*." (internal quotation marks and brackets omitted) (emphasis in original)); *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("[A]n individual party is treated differently than a party that is a business entity; the former must answer interrogatories based on personal knowledge, whereas the latter may answer interrogatories based on available information.").

5

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC
MDL No. 1917

3562071v1/012325

The Samsung SDI interrogatory response is not unfairly prejudicial to the extent that it contradicts Mitsubishi Electric's story on a central issue in dispute. *See Bowoto v. Chevron Corp.*, 621 F.3d 1116, 1130 (9th Cir. 2010) ("The district court did not abuse its discretion in allowing Chevron to rebut Plaintiffs' story on a key issue."); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2006 WL 1646113, at *4 (N.D. Cal. June 12, 2006) (refusing to exclude evidence that was "highly relevant" to issues in dispute where the evidence would not have led the jury to base a decision on an improper basis, such as emotion).

II.   **Mitsubishi Electric is not entitled to exclude deposition testimony taken before September 26, 2013.**

Mitsubishi Electric may not exclude all evidence from depositions taken before September 26, 2013, for at least two independent reasons. First, the Court's case management order permits DAPs to use all depositions against Mitsubishi Electric, regardless of whether they were taken before Mitsubishi Electric was added to the case. Mitsubishi Electric could have diligently sought relief from the case management order, but instead did nothing and thereby waived its objections. Second, consistent with Federal Rule of Evidence 804(b)(1) and the cases interpreting it, the depositions are admissible over Mitsubishi Electric's hearsay objection because the other Defendants are Mitsubishi Electric's predecessors in interest.

A.   **The Court's case management order precludes Mitsubishi Electric from objecting now to the earlier depositions.**

Mitsubishi Electric is mistaken when it assumes that Federal Rule of Evidence 804(b)(1) is the exclusive way for the earlier depositions to be admitted against it. The Manual for Complex Litigation advises courts to "provide for the use of depositions against persons who may

6

3562071v1/012325

become parties to the litigation by later amendment of the pleadings or the filing, removal, or transfer of related cases." FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION FOURTH § 11.453; *accord id.* § 22.84 ("Consider instituting procedures to facilitate the use of depositions against similarly situated parties later added to the litigation."). The polestar for these case management provisions is efficiency:

> Limiting repetitive depositions of some witnesses promotes efficiency .... Parties with different interests must be allowed fair discovery, but discovery that has already been competently conducted need not be reopened for later-added parties, absent a showing of a specific need.

*Id.* § 22.84.

Consistent with these recommendations, on April 3, 2012, the Court entered its Order re Discovery and Case Management Protocol. (D.E. 1128 (the "Case Management Order").) The Case Management Order expressly provides for the cross-use of depositions across all actions and parties: "depositions taken by any Party pursuant to this Deposition Protocol may be made available and used in all CRT Cases." (Case Management Order at 13.) In addition, the Case Management Order contains provisions seeking to limit the need for repetitive deposition discovery. (Case Management Order at 13 ("In any CRT Case or substantially similar case where a deposition transcript of a witness is made available for use, the witness may not be deposed again on the topics addressed in the deposition ...."), 14 ("All CRT Plaintiffs' counsel and Defendants' counsel shall engage in their best efforts to conduct discovery efficiently and without duplication.").) At no time has Mitsubishi Electric moved for relief from the Case Management Order or requested the opportunity to question any of the witnesses previously examined.[6] Only now, after discovery has closed, is Mitsubishi Electric raising this issue for the very first time.

---

[6] Indeed, when the Court ordered ViewSonic and the Defendants to meet and confer

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC
MDL No. 1917

3562071v1/012325

A similar situation existed in *Hynix Semiconductor Inc. v. Rambus Inc.*, 250 F.R.D. 452 (N.D. Cal. 2008).   There, as here, the court entered a case management order providing for the cross-use of depositions across actions.   *Id.* at 454–55.   At trial, eleven months after the case management order was entered, certain manufacturer parties objected that deposition testimony from related actions was inadmissible hearsay.   *Id.* at 455.   The court ruled that the hearsay objection was foreclosed by operation of the case management order's provisions permitting cross-use of testimony and barring reexamination:

> The provision, under the heading "Cross–Use of Discovery," is plainly intended to permit the parties to make joint use of prior testimony at trial to reduce expenses in this sprawling litigation by obviating the need to depose various witnesses again.  Indeed, both parties proposed, and the court ordered, that no witness be reexamined on prior lines of questioning.   This bar on reexamination would be unworkable (and mischievous) if a witness could not be reexamined on a particular subject because previously deposed in a related action on that subject but then the testimony could not be used at trial. . . .

*Id.* at 456.

The *Hynix* court reasoned that its case management order trumped any issues relating to deposition use that might arise under the Federal Rule of Civil Procedure 32 or Federal Rule of Evidence 804(b)(1):

> In this case, the court filed a Rule 16 case management order to deal with the myriad complexities of this litigation, and in so doing, issued an order under Rule 16 that may conflict with Rule 32 and FRE 804(b)(1).   Nonetheless, once a Rule 16 scheduling order is in place, it shall control the subsequent course of the action unless modified for good cause.

---

regarding a schedule (D.E. 2671), Mitsubishi Electric disagreed with certain other Defendants and affirmatively sought to place that action on the same trial schedule applicable to the actions brought by other DAPs (D.E. 2686).   The Court adopted the position espoused by Mitsubishi Electric.   (D.E. 2711.)

3562071v1/012325

*Id.* at 457 (quotation marks and internal citation omitted).   The court explained that the

manufacturer parties had waived their objections through a lack of diligence:

> [T]he court believes that the Manufacturers have failed to be diligent in seeking relief from the case management order, failed to show good cause to modify the court's scheduling order and have waived any objections to the cross-use provision.
>
> . . .   In complex litigation, a case management order is the case's constitution; it is the single most important document governing the conduct of the parties.   Failing to review the case management order's plain text, consider the order's implications, or raise a timely objection ensures later chaos.   To be sure, had the Manufacturers voiced their concerns at any point during discovery, or apprised the court of their concern before trial began, the issue could have been addressed.   At this point, however, the court considers any objection to the provision of the order treating some depositions as though they were taken in this case waived and the Manufacturers have not shown good cause for relief.

*Id.* at 457–48 (internal citation omitted).

Mitsubishi Electric's objection here is no different from that of the manufacturers in

*Hynix*.   On December 30, 2013, nearly 14 months ago, Mitsubishi Electric moved to dismiss

certain complaints as untimely.   (D.E. 2299.)   In its motion, Mitsubishi Electric specifically

noted, "As of the date of this filing, Mitsubishi Electric is informed that 98 depositions have taken

place.   Mitsubishi Electric has not participated in any of these depositions, nor has it had any

access to the transcripts until recently."   (D.E. 2299 at 9.)   The Court denied Mitsubishi's motion

as to the DAPs' federal claims on March 13, 2014.   (D.E. 2439.)   At that point, Mitsubishi

Electric could have requested relief, such as "the resumption of earlier depositions to questioning

relevant to [it as a] new part[y]."   MANUAL FOR COMPLEX LITIGATION § 11.453.   But Mitsubishi

Electric did not ask for any relief.

3562071v1/012325

"[T]he *sine qua non* of relief from prejudice caused by a case management order is diligence." *Hynix*, 250 F.R.D. at 457 (citing *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).  Mitsubishi Electric has not exercised diligence, but instead has lain behind the log.  The Court should reject this blatant attempt at sandbagging and deny Mitsubishi Electric's motion in limine no. 2.

### B.  The depositions are admissible as former testimony under Rule 804(b)(1).

Even if the Case Management Order did not foreclose Mitsubishi Electric's hearsay objection, the earlier deposition testimony is still admissible as prior testimony under Federal Rule of Evidence 804(b)(1).  That exception provides that testimony is "not excluded by the rule against hearsay if the declarant is unavailable as a witness" and the testimony:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

> (B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1).  Mitsubishi Electric does not dispute that the testimony it seeks to exclude was given at lawful deposition.  Mitsubishi MIL No. 2 at 4.[7]  Instead, Mitsubishi Electric focuses on whether it or a predecessor in interest had an opportunity and similar motive to develop the subject testimony.

The test for making this determination "does not require privity between the current party and the party who participated in the prior proceeding." *Hynix*, 250 F.R.D. at 458.  Instead, "'A previous party having like motive to develop the testimony about the same material facts is a

---

[7]     Mitsubishi Electric also does not argue that its motion in limine has any impact on witnesses who are available.  Presumably, Mitsubishi Electric recognizes that if a witness is available, then any party may call that witness live, and Mitsubishi Electric will have precisely the "opportunity to cross-examine or otherwise examine those witnesses" that it laments it has not had.  Mitsubishi MIL #2 at 4.

3562071v1/012325

predecessor in interest to the present party.'" *Id.* (quoting JONES ET AL., FEDERAL CIVIL TRIALS & EVIDENCE ¶ 8:3061 (Rutter Group Practice Guide)).   In 1978, the Third Circuit adopted an interpretation of "predecessor in interest" as follows:

> "if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party."

*Lloyd v. Am. Export Lines, Inc.*, 580 F.2d 1179, 1187 (3d Cir. 1978) (quoting 2 MCCORMICK, HANDBOOK OF THE LAW OF EVIDENCE § 256 (2d ed. 1972)).   In addition to *Hynix*, the *Lloyd* formulation was adopted by another court in this district.   *See Culver v. Asbestos Defendants (BP)*, 2010 WL 5094698, at *4 (N.D. Cal. Dec. 8, 2010) ("It does not appear that any circuit court has expressly disavowed [the Third Circuit's] interpretation of Rule 804.  Accordingly, the Court adopts this interpretation."); *see also New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 651 (10th Cir. 1989) (applying the standard set out in *Lloyd*); *Murphy v. Owens-Illinois*, 779 F.2d 340, 343 (6th Cir. 1985) ("[A] previous party having like motive to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party." (internal quotation marks omitted)); *Rule v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers*, 568 F.2d 558, 569 (8th Cir. 1977) ("Under the general rule, however, a party to the second suit need not have been a party to the prior suit if the interest of the objecting party in the prior suit was calculated to induce as thorough a cross-examination as the interest of the present opponent.").[8]

---

[8]   As the *Hynix* court noted, the Ninth Circuit has not decided this issue. *See* 250 F.R.D. at 458 n.8 (citing *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982)); *see also Nelson v. Fibreboard Corp.*, 912 F.2d 469, 1990 WL 125341, at *3 (9th Cir. 1990) (unpublished table decision) (pretermitting decision of the issue).

However, this Court has previously considered the issue and reached a contrary conclusion to the cases cited above. *See In re IBM Peripheral Devices Antitrust Litig.*, 444 F.

11

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC
MDL No. 1917

3562071v1/012325

Mitsubishi Electric asserts in conclusory fashion that its codefendants are not its predecessors in interest for purposes of the depositions because they "are separate corporations with different motives and interests." Mitsubishi MIL No. 2 at 4; *accord id.* at 5 ("Mitsubishi Electric's co-defendants had their own motives and interests – not Mitsubishi Electric's."). Mitsubishi Electric does not explain what those motives and interests are or how theirs differ in any material way from those of the other Defendants.

To the extent that Defendants' "motives and interests" are not identical, they are "similar," which is all that Rule 804(b)(1)(B) requires. *See Lloyd*, 580 F.2d at 1185 (requiring only "a sufficient community of interest").[10]

Finally, Mitsubishi Electric objects that it did not have an "opportunity to cross-examine or otherwise examine those witnesses." Mitsubishi MIL No. 2 at 4. But the gravamen of Rule

---

Supp. 110, 113 (N.D. Cal. 1978 (Conti, J.). DAPs respectfully submit that supervening decisions, including the *Hynix* and *Culver* decisions, warrant reconsidering *In re IBM Peripheral Devices* and applying the *Lloyd* standard here.

[9]

onspiracy existed.

[10]     Nor does *Zenith Radio Corp v. Matsushita Electric Industrial Co.*, 505 F. Supp. 1190 (E.D. Pa. 1980), compel a contrary result. There, depositions from a prior proceeding before the Japanese Fair Trade Commission ("JFTC") were held inadmissible against defendants to a later civil claim under U.S. antitrust law. *Id.* at 1287, 1291. However, the court based its finding on the lack of evidence of a community of interest between the six Japanese parties to the JFTC proceeding and the dozen additional defendants to the U.S. proceeding. *Id.* at 1292. Mitsubishi Electric has not even attempted to argue how its interests diverge from those of its fellow Defendants with respect to the conspiracy alleged or the participation of any particular Defendant.

3562071v1/012325

804(b)(1) is that a party in civil litigation may be required to confront testimony that was developed by others.[11]  The Court should deny Mitsubishi Electric's motion in limine no. 2.

### III.  Evidence of Mitsubishi Electric's participation in EIAJ meetings is admissible.

The Court should deny Mitsubishi Electric's motion in limine no. 3 to exclude evidence of meetings of the Electronic Industries Association of Japan (the "EIAJ"), which is neither character evidence nor unfairly prejudicial to Mitsubishi Electric, the Hitachi Defendants,[12] MTPD,[13] or the Panasonic Defendants.[14]

### A.  The EIAJ meetings are not being offered as character evidence under Rule 404(b).

Mitsubishi Electric argues that the EIAJ meetings are inadmissible under Rule 404(b). That rule provides:  "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."   Fed. R. Evid. 404(b).   Mitsubishi Electric relies on an erroneous interpretation of the exclusion of character evidence and of the probative value of the EIAJ meetings.

The common law rule regarding character evidence was intended "to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt." *Michelson v. United States*, 335 U.S. 469, 475 (1948).  This was based on the fear

---

[11]   Mitsubishi Electric does not attempt to articulate how any lines of questioning or resulting testimony may have been different had Mitsubishi Electric taken the deposition.   Further, if Mitsubishi Electric believed that it had been prejudiced by not being able to conduct examination during the prior depositions, then it should have immediately requested appropriate relief, such as reopening those depositions to permit additional questioning specific to Mitsubishi Electric.

[12]   Hitachi, Ltd.; Hitachi Displays, Ltd.; Hitachi America, Ltd.; Hitachi Electronic Devices (USA), Inc.; and Hitachi Asia, Ltd.

[13]   MT Picture Display Co., Ltd.

[14]   Panasonic Corporation and Panasonic Corporation of North America.

13

3562071v1/012325

that the jury would "prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Id.* at 476.   Accordingly, Rule 404(b) prevents a party from using past misdeeds to prove present misdeeds, and instead requires evidence of present misdeeds to prove present misdeeds.

In reality, Mitsubishi Electric's argument is self-defeating. Mitsubishi Electric repeatedly asserts that the EIAJ meetings were entirely lawful. *See* Mitsubishi MIL No. 3 at 7–8. But if that is true, then no negative views of Mitsubishi Electric's character can be drawn, and there is no basis to exclude this evidence under Rule 404(b).

---

[15]   The evidence concerning the EIAJ meetings is discussed at length in Direct Action Plaintiffs' Opposition to Defendant Mitsubishi Electric Corporation's Motion for Summary Judgment Based Upon Absence of Evidence of Liability (D.E. 3271), at pages 15–18.

14
DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC
MDL No. 1917

3562071v1/012325

1

2

3

4
                                                      *See United States v. Perry*,

5
550 F.2d 524, 532–33 (9th Cir. 1977) ("the jury could find that there were several different

6
agreements involving the defendants, all of which would then connect the defendants to the

7
general overall conspiracy . . . ."). That question is appropriately left to the jury, after they have

8
received the evidence.

9
         **B.**     **Evidence of participation in the EIAJ meetings is not unfairly prejudicial.**

10

11

12

13

14

15

16
                                                            In that case, any

17
prejudice is entirely fair and provides no basis for exclusion. *See Blitz*, 151 F.3d at 1009 (noting

18
that "all unfavorable evidence about a defendant" will "result[] in some prejudice").

19
**IV.**    **CONCLUSION.**

20
        Mitsubishi Electric's motions in limine nos. 1–3 should be denied.

21

22
Dated: February 27, 2015.

23

24

25

26

27

28
15

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC
MDL No. 1917

3562071v1/012325

1

2   By: /s/ Kenneth S. Marks
        Kenneth S. Marks
3       Jonathan J. Ross
        Johnny W. Carter
        Robert S. Safi
4       David M. Peterson
        Brian M. Gillett
5       SUSMAN GODFREY L.L.P.
        1000 Louisiana Street, Suite 5100
6       Houston, Texas 77002
        Telephone: (713) 651-9366
7       Facsimile: (713) 654-6666
        Email: kmarks@susmangodfrey.com
8              jross@susmangodfrey.com
               jcarter@susmangodfrey.com
9              rsafi@susmangodfrey.com
               dpeterson@susmangodfrey.com
10             bgillett@susmangodfrey.com

11      Parker C. Folse III
        Rachel S. Black
12      Jordan Connors
        SUSMAN GODFREY L.L.P.
13      1201 Third Avenue, Suite 3800
        Seattle, Washington 98101-3000
14      Telephone: (206) 516-3880
        Facsimile: (206) 516-3883
15      Email: pfolse@susmangodfrey.com
               rblack@susmangodfrey.com
16             jconnors@susmangodfrey.com

17      *Attorneys for plaintiff Alfred H. Siegel, solely in his
        capacity as Trustee of the Circuit City Stores, Inc.
18      Liquidating Trust*

19

20  By: /s/ David Martinez

21      Roman M. Silberfeld
        Bernice Conn
22      David Martinez
        Laura Nelson
23      Jill Casselman
        **ROBINS KAPLAN LLP**
24      2049 Century Park East, Suite 3400
        Los Angeles, CA 90067-3208
25      Telephone: (310) 552-0130
        Facsimile: (310) 229-5800
26

27                              16

28

3562071v1/012325

Email:  rsilberfeld@robinskaplan.com
        dmartinez@ robinskaplan.com
        bconn@robinskaplan.com
        lnelson@robinskaplan.com
        jcasselman@robinskaplan.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy
Purchasing LLC, Best Buy Enterprise Services, Inc., Best
Buy Stores, L.P., and Bestbuy.com, L.L.C.*


By: /s/ *Jason Murray*


Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
Email aheaven@crowell.com

*Attorneys for Target Corp. and Viewsonic Corp.*


By: /s/ *Richard Arnold*


Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131

17

3562071v1/012325

Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

By: */s/ Philip J. Iovieno*

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email:   ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email:   piovieno@bsfllp.com
Email:   anardacci@bsfllp.com

*Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Compucom Systems, Inc., Interbond Corporation of
America, P. C. Richard & Son Long Island Corporation,
Marta Cooperative of America, Inc., ABC Appliance, Inc.,
Schultze Agency Services LLC on behalf of Tweeter Opco,
LLC, Tweeter Newco, LLC, Tech Data Corporation, and
Tech Data Product Management, Inc.*

18

DIRECT ACTION PLAINTIFFS' RESPONSE IN OPPOSITION TO
MITSUBISHI ELECTRIC'S MOTIONS IN LIMINE NOS. 1–3 [D.E. 3601] – C-07-005944 SC
MDL No. 1917

3562071v1/012325

By: /s/ David J. Burman

David J. Burman
Cori G. Moore
Nicholas H. Hesterberg
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email:    dburman@perkinscoie.com
Email:    cgmoore@perkinscoie.com
Email:    nhesterberg@perkinscoie.com

Jordan S. Bass (Cal. Bar No. 208143)
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344.7000
Facsimile: (415) 344.7050
Email:    jbass@perkinscoie.com

*Attorneys for Plaintiff Costco Wholesale Corporation*

19

3562071v1/012325