MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Indirect-Purchaser Class Action* | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE* NO. 1:** |
| *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | **FOR PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS UNDER FED.R.E. 801(d)(2)(E)** |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776; | |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | Hearing Date: None |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | Time: None
Courtoom: |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | The Honorable Samuel Conti |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514; | |

| | |
|---|---|
| *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | ) ) ) |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514; | ) ) ) ) |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262; | ) ) ) |
| *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510. | ) ) |

## I. INTRODUCTION

Defendants move the Court to order "Plaintiffs to disclose the statements they intend to offer into evidence as co-conspirator statements" and to hold a pretrial evidentiary hearing to determine their admissibility. Defendants' Motion *In Limine* No. 1 at 4.

The Ninth Circuit has long recognized that a trial court does not need to "hold a separate evidentiary hearing." *United States v. Tamez,* 941 F.2d 770, 775 (9th Cir. 1991). Instead, it "may conditionally admit coconspirator statements subject to a later motion to strike." *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1349 (9th Cir. 1981).

As explained below, given the complexities involved in this case, the need for an orderly presentation of a significant quantity of evidence, the fact that many of the statements may be admissible for other reasons, and the fact that the detailed evidence of a conspiracy here demonstrates the admissibility of co-conspirator's statements, the Court should follow this Circuit's longstanding practice and conditionally admit co-conspirator statements.

## II. ARGUMENT

### A. A Pretrial Evidentiary Hearing is Not Required or Efficient

Although the Court has the discretion to hold a pretrial hearing to assess the admissibility of co-conspirator statements under Rule 801(d)(2)(E),[1] that is neither required nor necessary here. "The Ninth Circuit has made clear that a district court may admit co-conspirator statements before the existence of a conspiracy is established, with the statements to be stricken from the evidence if the Government ultimately fails to satisfy the foundational requirements." *United States v. Clason*, 2007 WL 1063169, at *4 (D. Ariz. April 5, 2007) (denying request for pretrial hearing). *See also United States v. Chaudhry*, 2008 WL 2128197, at *15 (N.D. Cal. May 20, 2008) (denying request for pretrial hearing).

---

[1] The procedures outlined by the Defendants (Defs.' Brf. at 5) that were used in the *Static Random Access Memory (SRAM) Antitrust Litig.,* No. 4:07-md-01819-CW (N.D. Cal. Dec. 16, 2010) (proffer of co-conspirator statements one week before trial followed by pretrial hearing) and *Sun Microsystems*, No. 4:06-cv-01665-PJH (proffer of co-conspirator statements one business day before use at trial, followed by arguments and rulings the following day) are within this Court's discretion. However, these procedures are not the most efficient and appropriate as will be explained below.

1
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 1
FOR PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS
Master File No. 3:07-cv-5944 SC

For example, in *United States v. Zemek*, 634 F.2d 1159 (9th Cir. 1980), the Ninth Circuit rejected the notion that pretrial hearings are necessary or should be preferred over other procedures. *Id.* at 1169. *See also United States v. Tamez*, 941 F.2d 770, 775 (9th Cir. 1991) (holding that there is no requirement that "a court must hold a separate evidentiary hearing"). Instead, the Court determined that trial courts could rule on the admissibility of co-conspirator statements when the evidence is presented at trial. *Zemek*, 634 F.2d at 1169-70. If the existence of the conspiracy is not proven during the course of a trial, then the co-conspirator's statements can be stricken from evidence without unduly prejudicing the jury. *Id.* at 1169, n.13. In upholding the provisional admission of alleged co-conspirator statements, the *Zemek* Court noted the "practicality of a pretrial determination [was] questionable" in that case given the complexity of the RICO conspiracy and the many actors and actions involved. *Id. See also Miranda-Uriarte*, 649 F.2d at 1349 ("The order of proof is within the sound discretion of the trial judge, who may conditionally admit coconspirator statements subject to a later motion to strike.").[2]

So too here, the Court need not expend its resources conducting a pretrial hearing. In light of the number of parties, the complexity of the case and the various ways the statements at issue may be used, a hearing would be inefficient. Rather than conduct a pretrial hearing, this Court should conditionally admit the co-conspirators' statements.

### B. Many of the Statements Will Be Admissible Under Rules Other Than Rule 801(d)(3)

A pretrial hearing would be particularly inefficient here where many of the statements may be admissible under other Rules in addition to Rule 801(d)(2)(E). Defendants' proposed procedure would require Plaintiffs to identify all co-conspirator statements in dozens of depositions and hundreds of documents chronicling in great detail the conspiracy and actions taken in furtherance of the conspiracy. The Court would then need to rule whether each statement was admissible under Rule 801(d)(2)(E).

---

[2] Notably, even in circuits where a pretrial hearing is preferred in criminal cases, district courts in civil cases have broader discretion in declining to hold pretrial hearings because "any possible prejudice to a party from the admission of evidence later determined to be inadmissible is not as strong in the civil context." *Park v. El Paso Bd. of Realtors*, 764 F.2d 1053, 1064-1065 (5th Cir. 1985) (holding that it was not erroneous to provisionally admit coconspirator statements).

Yet, many of these statements may be admissible under other Rules. The Court can more efficiently determine all the admissibility questions in the context of the actual trial. One way certain statements may be admissible is as an admission of a party opponent under Rule 801(d)(2)(A). Of course, which statements will be admissible as admissions of party opponents depends on who is a party. Who the parties will be in any trial in this case is currently uncertain particularly since there may be separate trials for DAPs and IPPs. In short, there is no reason for the Court to make Rule 801(d)(2)(E) co-conspirator statement rulings for statements that may ultimately be admissible as admissions of party opponents.

Additionally, many of the statements that would qualify for admission under Rule 801(d)(2)(E) are not hearsay at all including what the Defendants describe as "hundreds of 'minutes' from the so-called 'Glass Meetings,' or other group meetings, and hundreds of 'minutes' from bilateral information exchanges among various groups and sub-groups of Defendants and alleged co-conspirators." Defs.' Br. at 1.

"[W]hen a witness is present at a meeting between a group of conspirators, and they orally, in his presence, agree upon the conspiracy, its objectives, and its modus operandi, the witness' testimony about what each of them said is not hearsay. It is not offered to prove that what the conspirators said is true, but to prove their verbal acts in saying it. This does not violate the hearsay rule." *United States v. Wolfson*, 634 F.2d 1217, 1219 (9th Cir. 1980). *See also United States v. Lim*, 984 F.2d 331, 336 (9th Cir. 1993) ("These statements are not hearsay; they are verbal acts admissible to show that a conspiratorial agreement existed between [co-conspirators] for the illegal transportation of drugs."). "In other words, a conspiracy may be proved by evidence of inculpatory assertions made by the conspirators, regardless of their truth." David F. Binder, Hearsay Handbook § 2.08 (3d ed. 1991).

Again, there is no reason for the Court to expend resources on a pretrial hearing to determine whether hundreds or perhaps thousands of statements made by conspirators are admissible under Rule 801(d)(2)(E) where many of the statements may be otherwise admissible

anyway. Instead, the statements should be conditionally admitted as is routinely done in the Ninth Circuit.

### C. The Requirements of Rule 801(d)(2)(E) Will Be Satisfied Here

A pretrial statement-by-statement analysis is also inefficient where, as here, there is overwhelming evidence that the vast majority of the statements will qualify for admission under Rule 801(d)(2)(E).

For statements to be admissible under Rule 801(d)(2)(E), "a court must find by a preponderance of the evidence that (1) there was a conspiracy (2) involving the declarant and the nonoffering party, and (3) the statement was made 'during the course and in furtherance of the conspiracy.'" *Chaudhry*, 2008 WL 2128197, at *15. In making this determination, the court may consider "any evidence it wishes, unhindered by considerations of admissibility." *Bourjaily v. United States*, 483 U.S. 171, 176-79 (1987). The court may consider the co-conspirator statement itself, in addition to all other non-privileged evidence. *See id.* at 178. However, the party seeking to introduce the statement may not rely solely on the statement to prove "the preliminary facts of the conspiracy and the defendant's involvement in it." *Tamez*, 941 F.2d at 774-75.

The record here easily satisfies these standards. Samsung pled guilty. Numerous witnesses described the conspiracy and its actors and actions in detail in their depositions. And as Defendants acknowledge in their brief, there are hundreds of documents detailing conspiratorial meetings. In fact, there is so much evidence here that most of the Defendants did not even move for summary judgment on the grounds that there was insufficient evidence.

Moreover, Defendants' arguments that not all Defendants attended "Glass Meetings" and that participants at those meetings changed over time does not justify the pretrial hearing that they are seeking. Defs' Br. at 2. Indeed, these arguments are likely to be irrelevant to the co-conspirator analysis for two reasons.

First, "[a] defendant need not have been aware of particular transactions within the conspiracy for statements in furtherance of those transactions to be admissible against him or her." 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 801.34[3][a] (Joseph

M. McLaughlin, ed., Matthew Bender 2d ed. 2014).  Thus, statements made at a meeting are admissible against all members of the conspiracy not just those who attended the particular meeting.

Second, "[s]tatements by earlier-joined conspirators are usually admitted against members who joined later, based on the theory that the newcomer assumes the risk for what has already happened." *Id.* at § 801.34[4][a].  Thus, for purposes of determining whether a statement is admissible as a co-conspirator statement, "it is irrelevant when the defendant joined the conspiracy, so long as he joined it at some point."  *United States v. Handlin*, 366 F.3d 584, 590 (7th Cir. 2004).  Consequently, it does not matter if a particular statement or meeting happened before the Defendant joined the conspiracy for purposes of Rule 801(d)(2)(E) analysis.

Finally, whether a Defendant withdrew from the conspiracy before the statement was made would be relevant to the co-conspirator statement analysis.  However, a separate pretrial hearing relating to withdrawal and its impact on the admission of co-conspirator statements is again unnecessary and inefficient.  The Defendants have filed summary judgment motions relating to withdrawal and the Plaintiffs have responded.  The summary judgment record provides a more than adequate record upon which this Court can determine whether there has been any withdrawal that impacts the admissibility of co-conspirator statements.  *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 906 F.2d 432, 459 (9th Cir. 1990) (relying in part on summary judgment ruling in determining admissibility of co-conspirator statements).[3]

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that this Court should deny Defendants' Motion *In Limine* No. 1 and allow Class Plaintiffs to conditionally admit the out of court statements of Defendants' co-conspirators.

---

[3] As outlined in Plaintiffs' summary judgment responses, Defendants will not be able to demonstrate that they withdrew from the conspiracy.  Defendants asserting a withdrawal defense bear a heavy burden: "[w]ithdrawal from a conspiracy requires a disavowal of the conspiracy or an affirmative action that would have defeated the purpose of the conspiracy, or 'definitive, decisive and positive' steps to show that the conspirator's disassociation from the conspiracy is sufficient." *United States v. Smith*, 623 F.2d 627, 631 (9th Cir. 1980) (internal citation omitted).

Dated: February 27, 2015   By: */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:       (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiff*