MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Indirect-Purchaser Class Action* | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 3:** |
| *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | **TO EXCLUDE ALL EVIDENCE AND REFERENCE AT TRIAL TO THE U.S. DEPARTMENT OF JUSTICE'S CRIMINAL INVESTIGATIONS OF THE CATHODE RAY TUBE INDUSTRY** |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776; | |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | Hearing Date: None |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | Time: None<br>Courtoom: |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | The Honorable Samuel Conti |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514; | |

1  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;    )
2                                                                )
3  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;   )
4                                                                )
5  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;   )
6  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd*. No. 14-cv-02510.   )
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in response to Defendants' Motion *In Limine* No. 3 (Dkt. No. 3556), which seeks to exclude all evidence and argument relating to the Department of Justice ("DOJ") criminal investigation of the cathode ray tube ("CRT") industry. Specifically, Defendants' motion seeks to exclude reference to or evidence of: (1) the existence of the DOJ investigation of the CRT industry; (2) criminal indictments of CRT companies or individuals arising from that investigation; and (3) government press releases or other statements about the CRT investigation.

## I.   ARGUMENT

By and large, Plaintiffs agree with the relief sought in Defendants' motion. Evidence relating to criminal indictments—including the absence of indictments—is not relevant and should be excluded. *See* IPP Motion *In Limine* No. 8 (Dkt No. 3544) (seeking to exclude evidence of non-indictment). Government statements and press releases relating to the CRT investigation are inadmissible hearsay and also should be excluded. *See* IPP Motion *In Limine* No. 17 (Dkt. No. 3553) (seeking, *inter alia*, to exclude DOJ press releases, attorney statements, pleadings filed in the criminal case). Because, however, the Samsung SDI guilty plea is relevant and admissible evidence against all Defendants, Plaintiffs believe that limited reference to the fact of the DOJ investigation may be necessary to put the Samsung guilty plea in context.[1]

### A.   All Evidence and Argument Relating to Indictments Should Be Excluded

In contrast to "guilty pleas[s]," which "are admissions [that] bind a party" and include "veracity safeguards," *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995), criminal indictments contain "mere allegations" by the government. *Scholes v. African Enter., Inc.*, 854 F. Supp. 1315, 1324 (N.D. Ill. 1994). A decision whether or not to indict "is highly discretionary and demonstrates nothing more than the opinion of the prosecutor…[which] has no probative value." *J.W. v. City of Oxnard*, No. CV 07-06191, 2008 WL 4810298, at *22 (C.D. Cal. Oct. 27, 2008). Moreover, evidence of a prosecutor's decision about whether or not to indict, creates a "possibility

---

[1] *See* IPP Motion *In Limine* No. 17 (Dkt. No. 3553) (addressing use of the Samsung SDI guilty plea); IPP Response to Defendants' Motion *In Limine* No. 5 (filed contemporaneously herewith) (addressing admissibility of the Samsung SDI guilty).

that jurors unfamiliar with the judicial process might be misled," *id.* at *22, and is "highly prejudicial." *Am. Home Assur. Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985).

Thus, Plaintiffs agree with Defendants that evidence and argument relating to indictments should be excluded. In the interest of fairness, however, the exclusion must be complete; to the extent that Defendants are permitted to present argument or evidence that they were not indicted, Plaintiffs should be permitted to introduce evidence of those participants in the CRT conspiracy who were indicted.

### B.  Statements by the Government Are Inadmissible Hearsay

Plaintiffs also agree with Defendants that statements by the DOJ, *e.g.*, press releases, attorney statements, pleadings filed in the criminal case should be excluded. "These statements are hearsay. They are statements that the declarants did 'not make while testifying at the current trial,' and they are offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). No hearsay exception applies." *Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207RAJ, 2014 WL 4674390, at *11 (W.D. Wash. Sept. 17, 2014). *See also In re TFT-LCD Antitrust Litig.*, (N.D.Cal. May 4, 2012) (Dkt. No. 5597 at p.5) (excluding statements by the DOJ). This Court also should exclude DOJ statements.

## II.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court exclude all evidence and argument relating to the existence or absence of criminal indictments arising from the DOJ investigation of the CRT industry. Plaintiffs further request that this Court exclude all reference to and evidence of DOJ statements relating to the CRT investigation.

| | |
|---|---|
| Dated:  February 27, 2015 | By:  /s/ Mario N. Alioto  <br>Mario N. Alioto (56433)<br>Lauren C. Capurro (241151)<br>TRUMP, ALIOTO, TRUMP & PRESCOTT LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>Telephone:     (415) 563-7200<br>Facsimile:      (415) 346-0679<br>Email: malioto@tatp.com<br>Email: laurenrussell@tatp.com<br><br>*Lead Counsel for Indirect Purchaser Plaintiffs*<br><br>*On the brief:*<br><br>Donald L. Perelman<br>Gerard A. Dever<br>Matthew Duncan<br>Fine, Kaplan and Black, R.P.C.<br>One South Broad Street, 23rd Floor<br>Philadelphia, PA 19107<br>Telephone:  (215) 567-6565<br>Facsimile:   (215) 568-5872<br>Email: gdever@finekaplan.com<br><br>*Counsel for Indirect Purchaser Plaintiffs* |

3

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 3
RE DOJ INVESTIGATIONS
Master File No. 3:07-cv-5944 SC