MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Indirect-Purchaser Class Action*<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;<br><br>*Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 4:**<br><br>**TO EXCLUDE LCD AND OTHER NON-CRT PRODUCT CONSPIRACIES**<br><br>Hearing Date: None<br>Time: None<br>Courtoom:<br><br>The Honorable Samuel Conti |

| | |
|---|---|
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | ) ) ) |
| | ) |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514; | ) ) |
| | ) |
| *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | ) ) |
| | ) |
| *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510. | ) ) |

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in response to Defendants' motion *in limine* to exclude evidence or argument pertaining to the LCD price-fixing conspiracy, or any other price-fixing conspiracy in which these Defendants (or related corporate entities) were implicated.  Plaintiffs do not intend to introduce evidence of the LCD and other conspiracies as substantive evidence of Defendants' guilt.  That said, evidence of the LCD and other conspiracies may be relevant to the credibility of witnesses or to rebut any claims of good character by Defendants.  At present, Plaintiffs do not anticipate that such evidence will be necessary for these purposes, but the Court need not make a blanket ruling at this time.  Instead, the Court should address this issue if and when it arises at trial.[1]

I.   ARGUMENT

In the event that Plaintiffs propose to introduce at trial evidence relating to the LCD or other conspiracies to address witness credibility or to rebut character arguments by Defendants, the Court should rule on admissibility at that time, in the proper context.

   A.   **The Jury Should Not Be Deprived of Relevant Credibility Evidence**

Defendants speculate that Plaintiffs might attempt to introduce otherwise inadmissible evidence "under the guise of 'impeaching' their own witness," Chih-Chun "C.C." Liu, and urge the Court to issue a blanket exclusion of evidence, even if relevant to the credibility of Mr. Liu (or any other witness).  Defs' Mot. at 4.  There is no legal basis for Defendants' request, and the cases they cite are wholly inapt.  Defendants make two arguments.

*First*, Defendants invoke a line of criminal cases that stand for the proposition that "'*the*

---

[1] Plaintiffs understand that the Direct Action Plaintiffs ("DAPs") plan to introduce evidence of the LCD conspiracy to help prove Defendants' state of mind.  The DAPs have different claims and different issues, and are proceeding against different Defendants.  This is another example of why separate trials of the direct and indirect cases are crucial.  *See* Indirect Purchaser Plaintiffs' Omnibus Response to Direct Action Plaintiffs' Motions *In Limine* (filed concurrently herewith).

*government* must not knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony.'" *United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir. 1990) (quoting *United States v. Whitson*, 587 F.2d 948, 952–53 (9th Cir. 1978) (emphasis added)). This, of course, is not a criminal case and Fed. R. Evid. 607 expressly provides that "[a]ny party, including the party that called the witness, may attack the witness's credibility." In any event, even in the criminal context, the rule invoked by Defendants only applies where a witness is called for "the ***primary*** purpose of placing before the jury substantive evidence which is not otherwise admissible." *Gomez-Gallardo*, 915 F.2d at 555 (emphasis in original).[2] Here, in contrast, C.C. Liu is a central witness in the CRT conspiracy and will provide extensive testimony that is highly probative of the core issues in this litigation. In no circumstance can the calling of C.C. Liu to testify be characterized as a subterfuge to facilitate the introduction of the LCD conspiracy into evidence. Moreover, should the LCD conspiracy become relevant to Mr. Liu's credibility, Plaintiffs (or Defendants) should not be precluded from using—and the jury should not be deprived of considering—the LCD or other conspiracy evidence for that purpose.

*Second*, Defendants assert that the "provisions of Mr. Liu's cooperation plea agreement are irrelevant" because that agreement "imposed no obligations on Mr. Liu as to Plaintiffs." Defs' Mot. at 4. Defendants do not cite a single case in support of their argument. Neither case law nor the Federal Rules of Evidence impose an additional requirement of privity to establish the relevance of plea agreements or other credibility evidence under Rule 401. Depending on the course of Mr. Liu's examination and cross-examination at trial, it may turn out to be relevant to his credibility that, under threat of sanction pursuant to federal law for his conduct relating to LCD, he

---

[2] *See also United States v. Crouch*, 731 F.2d 621, 624 (9th Cir. 1984) ("[T]he government elicited her [testimony] for the purpose of admitting the hearsay statement of the FBI agent. There was little else of relevance in her testimony.").

entered into a plea agreement with the government and promised to provide truthful testimony.[3] Whether it will be appropriate and necessary to introduce this evidence will best be decided in the context of the trial.[4]

**B. Plaintiffs Agree that *All* Character Evidence Should Be Excluded**

"[I]n a civil case evidence of a person's character is *never admissible* to prove that the person acted in conformity with the character trait." Fed. R. Evid. 404, Advisory Committee Notes, 2006 Amen. (emphasis added). Defendants, however, seek to exclude only specific instances of bad character evidence, namely, their own (or their corporate affiliate's) participation in various other price-fixing conspiracies. Plaintiffs, in contrast, believe that all character evidence—good and bad—should be excluded and have requested that the Court enter an order to that effect. *See* IPP Motion *In Limine* No. 19 (Dkt No. 3555).[5] However, in the event that Defendants "open the door" by suggesting to the jury that they are "good" companies, Plaintiffs should be allowed to introduce evidence of Defendants' prior bad acts, including, for example, the LCD and other price-fixing conspiracies.[6]

---

[3] Indeed, there is a mountain of case law that makes this clear. *See, e.g., United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981) ("Admissibility of the plea turns on the purpose for which it is offered. When that purpose is to further the jury's difficult task of evaluating credibility, it is relevant and admissible ***without reference to the identity of the offering party***.") (emphasis added).

[4] It bears mention that if Defendants' rule requiring privity were correct, Defendants would be precluded from cross-examining witnesses about cooperation provisions in settlements with Plaintiffs; those agreements "impose no obligations…as to" Defendants and are otherwise inadmissible. *See* IPP Motion *In Limine* No. 15 (Dkt. No. 3551) (seeking to exclude evidence of settlements).

[5] *See, e.g., Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545-FTM-29DNF, 2004 WL 4054843, at *4 (M.D. Fla. July 22, 2004) (granting motion *in limine* to preclude as "irrelevant and potentially prejudicial" argument and evidence of Ford's "good acts," including its status as a "leading car compan[y]," and Ford's vehicle safety innovations and expenditures).

[6] *See, e.g., PSN Illinois, LLC v. Abbott Labs.*, No. 09 C 5879, 2012 WL 5381278, at *8 (N.D. Ill. Oct. 31, 2012) (granting motion *in limine* to preclude reference to other litigation unless defendant "opens the door" by arguing that "it is a good company that always engages in ethical practices").

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Defendants' Motion *In Limine* No. 4.

Dated: February 27, 2015
By: */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:    (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*