1  Kenneth S. Marks
2  Jonathan J. Ross
   SUSMAN GODFREY LLP
3  1000 Louisiana Street, Suite 5100
   Houston, Texas 77002-5096
4  Telephone: (713) 651-9366
   Facsimile: (713) 654-6666
5  kmarks@susmangodfrey.com
   jross@susmangodfrey.com
6  *Attorneys for plaintiff Alfred H. Siegel, solely
   in his capacity as Trustee of the Circuit City*
7  *Stores, Inc. Liquidating Trust*
   [additional counsel listed on signature page]

8

9              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
10                  SAN FRANCISCO DIVISION

11 IN RE: CATHODE RAY TUBE (CRT)          Master File No. 07-5944 SC
   ANTITRUST LITIGATION
12                                        MDL No. 1917

13

14 This Document Relates to:

   *All Indirect Purchaser Actions*;          **DIRECT ACTION PLAINTIFFS'**
15                                              **RESPONSE IN OPPOSITION TO**
   *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No.  **DEFENDANTS' MOTION IN LIMINE**
16 11-cv-05513;                                **NO. 12 [D.E. 3568]**

17 *Best Buy Co., et al. v. Technicolor SA, et al.*,
   No. 13-cv-05264;                         Judge:  The Honorable Samuel Conti
18                                           Court:  Courtroom No. 1, 17th Floor
   *Sears, Roebuck and Co. and Kmart Corp. v.*  Date:   None Set
19 *Technicolor SA*, No. 13-cv-05262;

20 *Sears, Roebuck and Co. and Kmart Corp. v.*
   *Chunghwa Picture tubes, Ltd.*, No. 11-cv-
21 05514;

22 *Sharp Electronics Corp. v. Hitachi, Ltd.*, No.
   13-cv-01173;
23
   *Sharp Electronics Corp. v. Koninklijke*
24 *Philips Electronics, N.V., et al.*, No. 13-cv-
   02776;
25
   *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-
26 05502;

27 *Siegel v. Technicolor SA, et al.*, No. 13-cv-
   05261;
28

*Target Corp. v. Chunghwa Picture Tubes,
Ltd., et al.*, No. 13-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No.
13-cv-05686;

*Viewsonic Corp. v. Chunghwa Picture Tubes,
Ltd.*, No. 14-cv-02510.

In this case alleging the illegal price-fixing of CRTs, the jury should be presented with evidence of how defendants set the prices for the various CRTs they manufactured. But Defendants seek to exclude evidence and argument relevant to that issue, and on a matter of common sense: manufacturers will price different sizes of the same product in relationship to each other. Citing no authority that is in any way relevant to that simple proposition, defendants seek to deprive the jury of their own witnesses' testimony and contemporaneous documents that speak to this simple truth. Because the jury is entitled to consider this evidence, as well as expert testimony and argument regarding this evidence, defendants' motion must be denied.

## I.    The Evidence Demonstrates that Price Agreements on One Size CRT Had Effects on the Pricing of Other Size CRTs

As defendants point out in their motion, their own witnesses have testified that in agreeing to supra-competitive pricing on one model of CRT, the conspirators necessarily had to set their prices on other sizes accordingly. ▮▮▮▮▮▮▮▮ made this explicitly clear in his testimony:



███████████████████████████████████████

██████████████████ attached to Declaration of
Jonathan J. Ross ("Ross Dec.") as Ex. A).

Defendants' contemporaneous documents also demonstrate this correlation between the

pricing of different size tubes. *See. e.g.,* Exs. 1229 & 1142 ████████████████

███████ attached to Ross Dec. as Exs. B & C. ████████████████

█████████████████ comports with the common sense notion that

prices for different size products move in tandem, in either direction. *See, e.g.*, Ex. 2019 ██████

████████████████████████████████████████

████████████████████████████████████████

████████ attached to Ross Dec. as Ex. D.  The evidence shows that the cartel's

goals were generalized: to use price collaboration to prevent prices from dropping for the full

range of CRTs, including large sized CRTs. *See, e.g.*, SDCRT-0002520 ████████

██████████████████████████████████████ attached to Ross

Dec. as Ex. E.

The cartel's reliance on price differentials for sizes is similar to its reliance on geographic

price differentials, which is also demonstrated by contemporaneous documents and defense

witness testimony. *See, e.g.,* Ex. 710, attached to Ross Dec. as Ex. F; Deposition Testimony of

████████████████████████████████████████

█████████████████ attached to Ross Dec. as Ex. A.  Plaintiffs will

also present evidence that the cartel believed that ████████████████

████████████████ *See* CHU00029171 ████████

██████████████████████████ attached to Ross Dec. as Ex.

G.  Defendants may, of course, attempt to counter this evidence, if they believe that evidence to the contrary exists in the record.  What they may not do, of course, is prevent the jury from considering this evidence in the first place.

## II.   Defendants Present No Case Law Holding or Even Implying that Evidence of Price Correlation Is Inadmissible

Defendants' motion lacks citation to even one case that supports their contention.  Instead, defendants rely (in what they call a "related context") on cases which discuss the antitrust concept known as the "umbrella theory" of damages.  Defendants' reliance is misplaced: these cases take issue with the contention that plaintiffs can recover damages for products sold by companies other than defendants on the theory that the defendants' price fixing raised prices throughout the industry.  *See, e.g., In re Coordinated Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335 (9th Cir. 1982) (finding umbrella theory of damages inapplicable); *Mid-West Paper Prods. Co. v. Cont'l Grp., Inc.*, 596 F.2d 573 (3d Cir. 1979) (direct purchasers from competitors not entitled to sue on a theory that defendants' anticompetitive behavior made it possible for their competitors to charge higher prices); *Or. Laborers-Emp'rs Health & Welfare Trust Fund v. Philip Morris Inc.*, 185 F.3d 957 (9th Cir. 1999) (finding no direct link between tobacco companies' selling cigarettes and health plans paying for medical treatment of smokers).  One of the cases cited actually upholds the plaintiff's causation theory.  *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991 (9th Cir. 2008) (finding plaintiff's claimed antitrust injury to be a direct result of defendant's antitrust violation).

As the Ninth Circuit has explained, "the umbrella theory is essentially a consequential damages theory" which "seeks to hold price-fixers liable for harm allegedly flowing from the illegal conduct even though the price-fixing defendants received none of the illegal gains and were uninvolved in their competitors' pricing decisions."  *In re Coordinated Proceedings in*

*Petroleum Prods.*, 691 F.2d at 1339.  Here, by contrast, Plaintiffs are not seeking damages for products sold by companies unaffiliated with defendants on an umbrella damages theory.  Rather, the DAPs seek damages for overcharges they paid on price-fixed CRTs or CRT Finished Products sold to them by defendants and their affiliated companies.  The umbrella damages theory is simply irrelevant to the question of whether plaintiffs may present evidence of defendants' own pricing practices for CRTs purchased from defendants and their affiliates.

Defendants also cite to a few cases for the proposition that the plaintiffs have to show actual agreements to fix prices on the products at issue.  However, none of those cases address (much less preclude) the type of evidence that defendants seek to exclude from the jury's consideration here: evidence that the cartel conducted its pricing using differentials and other means to ensure that all products were covered.  *See, e.g., United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 223-34 (1940) (holding that "the machinery employed by a combination for price-fixing is immaterial" such that any "combination formed for the purpose and with the effect of raising, depressing, fixing, pegging or stabilizing" price is "illegal *per se*"; *Palmer v. BRG of Ga. Inc.*, 498 U.S. 46, 48 (1990) (reaffirming *Socony-Vacuum* and emphasizing that antitrust conspiracy liability can be established "even though there was no direct agreement on . . . actual prices.") *Id.*

Defendants simply have no legal authority supporting their radical view that would usurp the jurors' role in considering the evidence and making their own determinations of what that evidence proves.

## III.   Conclusion

Defendants' motion in limine no. 12 should be denied.

Dated: February 27, 2015.

By: /s/ Kenneth S. Marks

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
Robert S. Safi
David M. Peterson
Brian M. Gillett
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
        jross@susmangodfrey.com
        jcarter@susmangodfrey.com
        rsafi@susmangodfrey.com
        dpeterson@susmangodfrey.com
        bgillett@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email: pfolse@susmangodfrey.com
        rblack@susmangodfrey.com
        jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his*
*capacity as  Trustee of the Circuit City Stores, Inc.*
*Liquidating Trust*

By: /s/ Craig A. Benson

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Co. of America*

By: /s/ *David Martinez*
_____

Roman M. Silberfeld
Bernice Conn
David Martinez
Laura Nelson
Jill Casselman
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:  (310) 229-5800

Email:  rsilberfeld@robinskaplan.com
            dmartinez@ robinskaplan.com
            bconn@robinskaplan.com
            lnelson@robinskaplan.com
            jcasselman@robinskaplan.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and Bestbuy.com, L.L.C.*

By: /s/ *Jason Murray*

Jason C. Murray (CA Bar No. 169806)
**CROWELL & MORING LLP**
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
**CROWELL & MORING LLP**
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
Email aheaven@crowell.com

*Attorneys for Target Corp. and Viewsonic Corp.*

By: /s/ *Richard Arnold*

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com

Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and
Kmart Corp.*

By: */s/ Philip J. Iovieno*

Stuart Singer
**BOIES, SCHILLER & FLEXNER LLP**
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email:   ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email:   piovieno@bsfllp.com
Email:   anardacci@bsfllp.com

*Attorneys for Plaintiffs Electrograph Systems, Inc.,
Electrograph Technologies, Corp., Office Depot, Inc.,
Compucom Systems, Inc., Interbond Corporation of
America, P. C. Richard & Son Long Island Corporation,
Marta Cooperative of America, Inc., ABC Appliance, Inc.,
Schultze Agency Services LLC on behalf of Tweeter Opco,
LLC, Tweeter Newco, LLC, Tech Data Corporation, and
Tech Data Product Management, Inc.*

By: */s/ David J. Burman*
David J. Burman
Cori G. Moore
Nicholas H. Hesterberg
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
Email:   dburman@perkinscoie.com
Email:   cgmoore@perkinscoie.com
Email:   nhesterberg@perkinscoie.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jordan S. Bass (Cal. Bar No. 208143)
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415) 344.7000
Facsimile: (415) 344.7050
Email:    jbass@perkinscoie.com

*Attorneys for Plaintiff Costco Wholesale Corporation*