1  MARIO N. ALIOTO, ESQ. (56433)
   LAUREN C. CAPURRO, ESQ. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2280 Union Street
3  San Francisco, CA 94123
   Telephone: (415) 563-7200
4  Facsimile: (415) 346-0679
   E-mail: malioto@tatp.com
5  laurenrussell@tatp.com

6  *Lead Counsel for the Indirect-Purchaser Plaintiffs*

7

8

9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                **SAN FRANCISCO DIVISION**

13

14 | IN RE CATHODE RAY TUBE (CRT)                ) | Master File No. 3:07-cv-5944 SC
   | ANTITRUST LITIGATION                        ) |
15 |                                             ) | MDL No. 1917
   | _____        ) |
16 | This Document Relates to:                   ) |
   |                                             ) | **INDIRECT PURCHASER PLAINTIFFS'**
17 | Indirect-Purchaser Class Action             ) | **RESPONSE TO DEFENDANTS'**
   |                                             ) | **MOTION *IN LIMINE* NO. 5:**
18 | *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et* ) |
   | *al.*, No. 11-cv-05513                       ) | **TO EXCLUDE PLEA BY SAMSUNG SDI**
19 |                                             ) | **COMPANY, LTD. AS TO NON-**
   | *Best Buy Co., et al. v. Technicolor SA, et al.*, ) | **PLEADING DEFENDANTS, OR,**
20 | No. 13-cv-05264                              ) | **ALTERNATIVELY, TO PROVIDE A**
   |                                             ) | **LIMITING INSTRUCTION**
21 | *Sears, Roebuck and Co. and Kmart Corp. v.* ) |
22 | *Technicolor SA*, No. 3:13-cv-05262          ) | Hearing Date:   None
   |                                             ) | Time:  None
23 | *Sears, Roebuck and Co. and Kmart Corp. v.* ) | Courtoom:
   | *Chunghwa Picture Tubes, Ltd.,* No. 11-cv-   ) |
24 | 05514                                        ) | The Honorable Samuel Conti
   |                                             ) |
25 | *Sharp Electronics Corp., et al. v. Hitachi* ) |
26 | *Ltd., et al.*, No. 13-cv-1173               ) |
   |                                             ) |
27 | *Sharp Electronics Corp., et al. v. Koninklijke* ) |
   | *Philips Elecs., N.V., et al.*, No. 13-cv-2776 ) |
28

1  *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502        )
                                                      )
2  *Siegel v. Technicolor SA,* No. 13-cv-05261       )
                                                      )
3  *Target Corp. v. Chunghwa Picture Tubes,*          )
   *Ltd.*, No. 11-cv-05514                            )
4                                                     )
                                                      )
5  *Target Corp. v. Technicolor SA,* No. 13-cv-       )
   05686                                              )
6                                                     )
                                                      )
7  *ViewSonic Corporation v. Chunghwa Picture*        )
   *Tubes Ltd.,* No. 14-cv-2510                       )
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in response to

2    Defendants' Motion *In Limine* No. 5 (Dkt. No. 3589), which seeks to exclude the guilty plea of

3    Samsung SDI Company, Ltd. ("Samsung") against any party other than Samsung, or, in the

4    alternative, to provide a limiting instruction that the guilty plea cannot be considered as evidence

5    for any purpose with respect to any other Defendant.  Plaintiffs oppose Defendants' motion

6    because the guilty plea is relevant and admissible evidence against all Defendants.  Plaintiffs agree

7    that a limiting instruction should be given to the jury, but disagree with Defendants' proposed

8    instruction, which contains a number of legal errors.

9    **I.    ARGUMENT**

10    The Samsung guilty plea is relevant and admissible as substantive evidence against all

11    Defendants.  Although the plea is not admissible to prove the liability of Defendants other than

12    Samsung, it is admissible to prove the existence of the conspiracy that Samsung admitted to

13    joining and which Plaintiffs allege the other Defendants also joined.  The guilty plea also will

14    permit the jury to assess the credibility of witnesses at trial and to evaluate whether Plaintiffs have

15    satisfied the requirements of the Foreign Trade Antitrust Improvements Act ("FTAIA"), should the

16    Court deem it applicable to Plaintiffs' claims.[1]  Admission of the guilty plea for these purposes is

17    not unduly prejudicial to Defendants.

18    A limiting instruction pursuant to Fed. R. Evid. 105 would be appropriate in these

19    circumstances.  The jury should be informed that the guilty plea is an admission by Samsung as to

20    the specific facts in the plea.[2]  The jury also should be informed that the plea may be considered as

21    evidence of the existence of the conspiracy as defined in the plea, but that it does not establish that

22    any Defendant other than Samsung joined the conspiracy.  It would be incorrect, however, to

23    instruct the jury (as requested by Defendants) that it can only consider the guilty plea as evidence

24    _____

25    [1] Plaintiffs dispute the applicability of the FTAIA to their claims because the FTAIA is a substantive amendment of the Sherman Act that does not pre-empt Plaintiffs' state law claims.  *See* Dkt. No. 3287 (IPP opposition to motion for partial summary judgment on FTAIA grounds).

26    [2] There are certain facts within the Samsung Plea that are irrelevant and prejudicial, which Plaintiffs have requested the Court to exclude.  *See* IPP Motion *In Limine* No. 17 (Dkt. No. 3553) (seeking, *inter alia*, to exclude the amount of affected sales identified in the plea and to exclude the fact and amount of the criminal fine levied against Samsung).

against Samsung.

A.      **The Samsung Guilty Plea Is Relevant to All Defendants**

The guilty plea provides *prima facie* evidence of Samsung's culpability for the price fixing of CDT between January 1997 and March 2006.  *See U.S. v. Samsung SDI Co., Ltd.*, No. CR 11-0162, (N.D. Cal. Aug. 8, 2011) (Doc. 40-1) (Samsung Amended Plea Agreement); 15 U.S.C. § 16(a); *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 560 (1951).  And Defendants appear to concede that the plea is admissible at trial against Samsung for this purpose.  Defendants argue, however, that the plea is inadmissible against any other Defendant.  This is simply incorrect.  Defendants premise their motion on inapposite criminal case law, where it is well-established that the guilty plea of a co-defendant cannot be used to establish the guilt of the defendant on trial.  *See, e.g.,* Defs' Mot. at 2 (citing *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981)).  But this is not a criminal case, and Plaintiffs will not be offering the Samsung guilty plea to establish the guilt of the other Defendants.

1.      **The Guilty Plea Is Relevant to the Existence of the Alleged Conspiracy**

The guilty plea is an admission by Samsung that there was a price-fixing conspiracy in the CDT market during the relevant time frame.  In other words, the plea is highly probative evidence of a central disputed fact in this litigation: the existence of a conspiracy.  Plaintiffs will be offering the Samsung plea—in conjunction with many other pieces of evidence—to establish the existence and scope of the conspiracy they have alleged.  Other courts confronted with this issue, including in this District, have admitted into evidence co-defendant criminal convictions and guilty pleas for this purpose.

Recently, in *Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207RAJ, 2014 WL 4674390 (W.D. Wash. Sept. 17, 2014), the court addressed a nearly identical motion *in limine*.  Defendant AU Optronics, a Taiwanese manufacturer of TFT-LCD screens, sought to exclude from evidence the price-fixing convictions of various Japanese TFT-LCD manufacturers.  The Japanese manufacturers were not present at the trial, but the direct action plaintiff, Costco, nonetheless sought to introduce their criminal convictions into evidence against AU Optronics.  The court

denied AU Optronics' motion to exclude because the Japanese convictions clearly were relevant and probative evidence of the existence of the conspiracy alleged by Costco.  The court recognized: "Costco can use those convictions as part of its effort to show that the conspiracy that those convictions establish is part of the conspiracy it hopes to prove at trial."  *Id.* at *10.

In another TFT-LCD case that went to trial in this District, Toshiba filed a motion *in limine* seeking to preclude the direct purchaser class plaintiffs from introducing argument or evidence at trial relating to the criminal convictions of absent co-defendants.  Judge Illston denied the motion and the convictions were admitted into evidence at trial against Toshiba.  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, (N.D. Cal. May 4, 2012) (Dkt. No. 5597) (Final Pretrial Order at 6).  Similarly, in the *SRAM* price-fixing litigation, Judge Wilken denied the defendants' motion *in limine* that sought to exclude co-defendant guilty pleas from the related DRAM price-fixing investigation.  *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *3 (N.D. Cal. Dec. 16, 2010).

In *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 608 F.3d 871 (D.C. Cir. 2010), the court confronted a similar circumstance on appeal of a *qui tam* verdict arising from a violation of the Sherman Act.  In the civil *qui tam* action, the trial court admitted into evidence a criminal guilty plea by one defendant against his co-defendants.  The D.C. Circuit determined that the trial court correctly "conclude[d]" that the plea was "evidence of the factual admissions therein, and were therefore 'relevant pieces of evidence that are admissible against all defendants.'"  *Harbert*, 608 F.3d at 891 (quoting trial court; internal citation omitted).

Here, as in *Costco*, *TFT-LCD*, *SRAM* and *Harbert*, Plaintiffs should be permitted to use the Samsung guilty plea against all Defendants to help establish the existence of the alleged conspiracy.[3]

---

[3] Defendants argue that the Samsung guilty plea is "far more narrow" than the conspiracy alleged by Plaintiffs.  Defs' Mot. at 3.  While true, this has no bearing on the question of admissibility.  Toshiba raised the same argument to no avail in *TFT-LCD*.  *See TFT-LCD* Dkt. No. 5140 (Toshiba Motion *In Limine* at 1) (seeking to exclude convictions because, *inter alia*, they involved a narrower set of facts and different customers).  The *Costco* court also rejected similar arguments by AU Optronics.  *Costco*, 2014 WL 4674390, at *8 (rejecting defendant's argument that conviction should be excluded because it "covered fewer years" and involved only a few, specific customers).  In *TFT-LCD* and *Costco*, the courts recognized that a piece of evidence need

3

### 2.    The Guilty Plea Is Relevant to Witness Credibility

In addition to being highly probative of the existence of the alleged conspiracy, the Samsung guilty plea also is relevant to questions of witness credibility.  For example, the jury will be presented with testimony from witnesses who work (or worked) for Samsung.  Regardless of whether those witnesses admit or deny culpability in the price-fixing conspiracy, the Samsung plea agreement will bear directly on their credibility.[4]  Even in the criminal context—including in the cases centrally relied upon by Defendants—evidence of a guilty plea is presumptively admissible because "[i]t is manifestly apparent that evidence of the plea is relevant to credibility regardless [of which party] initiates inquiry about it."  *Halbert*, 640 F.2d at 1004.  Accordingly, "evidence of a guilty plea may be elicited…on direct examination so that the jury may assess the credibility of the witnesses."  *Id.*[5]

In addition, the guilty plea can serve to challenge the credibility and rebut statements of witnesses who assert that the CRT market was competitive or that industry meetings never involved agreements to fix prices, reduce output or allocate markets.  *See, e.g., United States v. Samsung SDI Company, Ltd.*, No. CR 11-0162 (N.D. Cal.) (Dkt. No. 40-1) (Samsung Plea Agreement at 3) (admitting that "during these [industry] discussions and meetings, agreements were reached to fix prices, reduce output, and allocate market shares of CDTs to be sold in the

---

not establish every fact alleged in order to be admissible.  Here, the Samsung plea is relevant and highly probative evidence of some (though not all) of the facts alleged by Plaintiffs and the jury should be permitted to consider it.

[4] A corporate guilty plea is admissible in connection with evaluating the credibility of a witness employed by that corporation. *See, e.g., United States v. Portac, Inc.*, 869 F.2d 1288, 1296-97 (9th Cir. 1989) ("government was entitled, however, to disclose the terms of the plea agreements of those two companies in order for the jury to assess the credibility of their two officers").

[5] *See also United States v. Curtin*, 489 F.3d 935, 940-41 (9th Cir. 2007) (recognizing that evidence of a guilty plea may be introduced in direct examination to pre-empt any attack on the witness' credibility).

United States and elsewhere").  For example, Plaintiffs should be permitted to challenge any expert who testifies that the CRT conspiracy did not occur, was ineffective, or was limited to Asia and Europe to square such testimony with Samsung's admissions to the contrary.[6]

### 3. The Guilty Plea Is Relevant to the FTAIA

In its plea, Samsung admits that "[t]he business activities of [Samsung] and its co-conspirators in connection with the production and sale of CDTs that were the subjects of this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce."  *U.S. v. Samsung SDI Co., Ltd.*, No. CR 11-0162, (N.D. Cal.) (Doc. 40-1) (Plea Agreement at 4).  This admission is directly relevant and highly probative of whether Plaintiffs satisfy the requirements of the FTAIA, which, should the Court deem the FTAIA applicable here (which Plaintiffs dispute), will be relevant to Plaintiffs' claims against all Defendants.

### B. The Samsung Guilty Plea Is Admissible Against All Defendants

As detailed above, the Samsung guilty plea is relevant to Plaintiffs' claims against all Defendants.  The plea also is admissible against all Defendants.

### 1. The Guilty Plea Is Admissible Hearsay

Defendants discuss a number of exceptions to the hearsay rule that are inapplicable to the Samsung guilty plea, but conspicuously omit the exception that obviously applies: Fed. R. Evid. 803(22), which provides an exception to the rule against hearsay for "a final judgment of conviction…entered after a trial or guilty plea."

---

[6] *See, e.g., United States v. Gaev*, No. CRIM. 92-457, 1993 WL 147186, at *2 (E.D. Pa. May 5, 1993) (quoting *Petree v. Victor Fluid Power, Inc.*, 887 F.2d 34, 42 (3d Cir. 1989)) ("'It is too well settled even to require citation that the law permits wide latitude in cross-examination of expert witnesses, including impeachment.'  In this case, the introduction of evidence regarding the guilty pleas of price-fixing in the east central region and the steel drum market in that region was a proper means of testing the defense expert's opinion and the bases from which he derived that opinion.  The prosecution's cross-examination was probative to this point and was not outweighed by the potential prejudice of an inference that since a price fixing conspiracy existed in the east central region, one existed in the eastern region as well.").

In *Scholes v. Lehman,* 56 F.3d 750, 762 (7th Cir. 1995), the Seventh Circuit recognized that "guilty pleas[s]," which "are admissions [that] bind a party" and include "veracity safeguards," are even more reliable and trustworthy than deposition testimony.  Accordingly, although "plea agreement[s]" are "hearsay," they are "admissible…[under] Fed.R.Evid. 803(22)").  *Id.*[7]  Thus, as explained by the D.C. Circuit, "because this is a civil case, [a co-defendant's] guilty plea may be admitted under Rule 803(22) against all the defendants as long as the plea was admitted 'to prove any fact essential to sustain the judgment.'"  *Harbert*, 608 F.3d at 892 (quoting Fed. R. Evid. 803(22)).  Indeed, "Rule 803(22) itself expressly contemplates" that "one defendant's guilty plea" can be "admitted against co-defendants in a subsequent civil trial."  *Miller v. Holzmann*, 563 F. Supp. 2d 54, 84 (D.D.C. 2008), *aff'd in relevant part*, *Harbert*, 608 F.3d at 892.

In sum, as expressly contemplated by Fed. R. Evid. 803(22), the Samsung guilty plea is admissible into evidence against all Defendants.

## 2.   The Guilty Plea Is Non-Hearsay for Credibility Purposes

In addition to being admissible evidence under Rule 803(22)'s exception to the rule against hearsay, the Samsung guilty plea is admissible non-hearsay evidence.  When the plea is used to address the credibility of witnesses, and not "to prove the truth of the matter asserted," it is not hearsay.  Fed. R. Evid. 801.  As noted by the Ninth Circuit, "[a]dmissibility of the plea turns on the purpose for which it is offered."  *Halbert*, 640 F.2d at 1004.   Here, the Samsung guilty plea "may properly be considered by the jury in evaluating witness credibility."  *Id.*

[7] Defendants attempt to distinguish *Scholes* by asserting that it stands for the proposition that a guilty plea is only admissible "against another party if that party has an agency relationship with the party pleading guilty." Defs. Mot. at 2.  But there is no basis for this assertion.  Nowhere in its decision does the Seventh Circuit mention agency or agents.  Nor is there any mention of agency in the underlying trial court decisions.  *See Scholes v. African Enter.*, Inc., 854 F. Supp. 1315, 1317 (N.D. Ill. 1994); *Scholes v. Ames*, 850 F. Supp. 707 (N.D. Ill. 1994).  Indeed, the defendants against whom the guilty plea was used in *Scholes* were beneficiaries of a fraudulent Ponzi scheme and included the pleading defendant's ex-wife, various churches, religious entities

### 3.    The Guilty Plea Is Not Unduly Prejudicial

Notably, Defendants do not argue that admission of the guilty plea would be prejudicial.[8]

In any event, it would not be, and courts that have confronted this issue agree.  *See, e.g., Costco*,

2014 WL 4674390, at *10 ("find[ing] no danger of undue prejudice flowing from the admission of

the criminal convictions"); *Harbert*, 608 F.3d at 892 ("Nor was the admission of [defendant]'s

guilty plea improper under Rule 403."); *Gaev*, 1993 WL 147186, at *2 (finding guilty plea "was

probative…was not outweighed by the potential prejudice").  *See also TFT-LCD*, No. M 07-1827 SI,

(Dkt. No. 5597) (Final Pre Trial Order at 6) (admitting guilty plea); *SRAM*, 2010 WL 10086747, at

*3 (same).  "[P]roperly admitted but potentially incriminating evidence does not equate to unfairly

prejudicial evidence that must be excluded."  *Harbert*, 608 F.3d at 892.  Here, the probative value

of the Samsung guilty plea far outweighs any prejudice that might arise.

### C.    A Limiting Instruction Should Be Given to the Jury

Plaintiffs agree with Defendants that a limiting instruction and a final instruction should be

given to the jury about the Samsung guilty plea.  The Defendants' proposed limiting instruction,

however, incorporates a number of legal errors.  First, as explained above, it is fully appropriate

for the jury to consider the facts admitted by Samsung as evidence ***against all Defendants***.  The

jury, however, should be instructed in clear terms that the Samsung plea is not evidence of any

other Defendant's guilt.  Second, Defendants attempt to smuggle into their proposed instruction

the irrelevant and highly prejudicial information that "[n]o defendant other than Samsung SDI

Company, Ltd. has…been charged or convicted with regard to a conspiracy involving CDT

---

and investors, none of whom was likely to have an agency relationship with the individual who
pleaded guilty.

    [8] Defendants invoke Fed. R. Evid. 403 in their Notice of Motion but do not devote a single
word in their memorandum to that Rule nor do they identify any purported prejudicial effect that
might arise from admission of the Samsung Plea.

Monitor Tubes." Defs' Mot. at 4. As explained in Plaintiffs' Motion *In Limine* No. 8 (Dkt. No. 3544), "evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges." *Goffstein v. State Farm Fire & Casualty Co.*, 764 F.2d 522, 524 (8th Cir. 1985) (citation omitted).[9]

Plaintiffs suggest the following instruction, which is adapted from the Defendants' proposed instruction and corrects the errors described above. Additions to Defendants' instruction appear in underline; deletions appear as stricken:

> Some evidence may be admitted for a limited purpose only.
>
> When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.
>
> You are about to hear [have heard] evidence that one defendant, Samsung SDI Company, Ltd., pled guilty to violating the federal antitrust laws and was convicted based on that guilty plea of price fixing certain CDT Monitor Tubes during the period of January 1997 through March 2006.
>
> The Samsung SDI Company, Ltd. guilty plea is not evidence of any other defendant's guilt. The guilty plea by Samsung SDI Company, Ltd. is evidence only of the facts admitted in the guilty plea. Therefore, you may consider this guilty plea only for the limited purpose of determining the specific facts admitted in the plea and yYou may not consider the plea as evidence of any other facts. You may consider the facts in the guilty plea, along with all of the other evidence

---

[9] Defendants have filed a motion *in limine* seeking to exclude evidence of the government's CRT investigation and related indictments. (Dkt. No. 3556). This cannot be reconciled with Defendants' attempt to have favorable information about the government investigation included here. Evidence of indictments (or the lack thereof) should be excluded.

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 5
TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD.
Master File No. 3:07-cv-5944 SC

1   presented to you, in determining whether any defendant joined the conspiracy

2   alleged by the plaintiffs.

3           ~~Also, you may consider this plea as evidence only against Samsung SDI~~

4   ~~Company, Ltd., and not as to any other defendant in this case.~~ The ~~G~~guilty pleas

5   may not be considered by you to prove a disposition to commit crimes~~, and may~~

6   ~~not be used as evidence that any other defendant is liable or participated in a~~

7   ~~conspiracy~~. No defendant other than Samsung SDI Company, Ltd. has pled guilty

8   ~~or otherwise been charged or convicted with regard~~ to a conspiracy involving

9   CDT Monitor Tubes.

10   Of course, the Court need not decide now, in connection with the instant motion *in limine*, the

11   content of the limiting or final instructions.  Instead, the Court can determine the appropriate

12   language for those instructions when it takes up the issue of jury instructions generally.

13   **II.      CONCLUSION**

14           For the reasons stated above, Plaintiffs respectfully request that this Court deny

15   Defendants' Motion *In Limine* No. 5.  The Samsung guilty plea is admissible against all

16   Defendants.

Dated:  February 27, 2015          By:   */s/ Mario N. Alioto*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:      (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:   gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 5
TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD.
Master File No. 3:07-cv-5944 SC