Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard
Suite 1100
Miami, Florida 33131
Tel:   (305) 373-1000
Fax:   (305) 372-1861
E-mail: rarnold@knpa.com
        wblechman@knpa.com
        kmurray@knpa.com
        srandall@knpa.com

*Counsel for Plaintiff Sears Roebuck and Co.
and Kmart Corp.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Siegel v. Hitachi, Ltd.,* No. 11-cv-05502; | |
| *Best Buy Co., Inc. v. Hitachi, Ltd.,* No. 11-cv-05513; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514; | **DECLARATION OF SAMUEL J. RANDALL IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 79-5(e) AND 7-11** |
| *Sears, Roebuck and Co., & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514-SC; | |
| *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261; | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264; | The Honorable Samuel Conti |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262; | |
| *Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686; | |
| *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 14-cv-02510 | |

1. I am a member in good standing of the State of Florida.

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts recited in this declaration and, if called upon to do so, I would competently testify under oath thereto.

3. I am an attorney at the law of Kenny Nachwalter, P.A., counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp. in the above-captioned action. I submit this declaration pursuant to L.R. 79-5 in support of Direct Action Plaintiffs'[1] Administrative Motion to File Documents Under Seal. The statements made herein are based on my personal knowledge.

Through this Motion, Plaintiffs seek permission to file under seal the following documents that contain information that has been designated confidential or highly confidential ("Designated Documents"):

- Exhibit 1 to the Declaration of Samuel Randall in Support of Direct Action Plaintiffs' Response in Opposition to Defendants' Motion in *Limine* to Exclude Evidence of "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices, consisting of excerpts of Rebuttal Expert Report of Dr. Kenneth G. Elzinga dated September 26, 2014; and

- Exhibit 2 to the Declaration of Samuel Randall in Support of Direct Action Plaintiffs' Response in Opposition to Defendants' Motion in *Limine* to Exclude Evidence of "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices, consisting of excerpts of Rebuttal Report of Dr. James T. McClave dated September 26, 2014.

4. The Designated Documents contain excerpts from and/or statements derived from expert reports, documents and testimony that have been designated "confidential" or "highly

---

[1] The Direct Action Plaintiffs that parties to this Motion are Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C.; Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Sears, Roebuck and Co.; Kmart Corporation; Target Corp.; and Viewsonic Corporation.

confidential" pursuant to the Stipulated Protective Order governing the *CRT Antitrust MDL*, which was entered by Judge Samuel Conti on June 18, 2008 (Dkt. 306). The confidential/highly confidential designations were made by certain defendants in the *CRT Antitrust MDL*. To qualify as confidential or highly confidential under the Stipulated Protective Order, the information must contain trade secrets or other confidential research, development or commercial information or private or competitively sensitive information (¶1).

5. The Stipulated Protective Order requires that a party may not file any confidential material in the public record (¶10). The Stipulated Protective Order further provides that any party seeking to file any confidential material under seal must comply with Civil Local Rule 79-5 (¶¶ 1, 10).

6. The Designated Documents contain such confidential material and, pursuant to Local Rule 79-5(e), Plaintiffs seek to submit the above material under seal in good faith in order to comply with the Protective Order in the *CRT Antitrust MDL* and the applicable Local Rules.

I declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct.

Executed on this 27th day of February 2015, at Miami, Florida.

/s/ Samuel J. Randall
Samuel J. Randall

## CERTIFICATE OF SERVICE

On February 27, 2015, I caused a copy of the foregoing document to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:   /s/ Samuel J. Randall
       Samuel J. Randall