Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard
Suite 1100
Miami, Florida 33131
Tel:    (305) 373-1000
Fax:   (305) 372-1861
E-mail: rarnold@knpa.com
         wblechman@knpa.com
         kmurray@knpa.com
         srandall@knpa.com

*Counsel for Plaintiff Sears Roebuck and Co.
and Kmart Corp.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: ALL DIRECT ACTION PURCHASER ACTIONS | |
| *Siegel v. Hitachi, Ltd.,* No. 11-cv-05502; | **DIRECT ACTION PLAINTIFFS'[1] RESPONSE IN OPPOSITION TO SAMSUNG SDI'S MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF PLAINTIFFS' TRIAL EXHIBIT, BATES STAMPED TSA-CRT00077732** |
| *Best Buy Co., Inc. v. Hitachi, Ltd.,* No. 11-cv-05513; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514; | |
| *Sears, Roebuck and Co., & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514-SC; | **[SAMSUNG'S MIL # 2, Dkt. 3565]** |
| *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-cv-01173; | The Honorable Samuel Conti |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776 | |

---

[1] The Direct Action Plaintiffs that are parties to this Motion are Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C.; Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Sears, Roebuck and Co.; Kmart Corporation; Target Corp.; Sharp Electronics Corp.; and Viewsonic Corporation.

1
2    *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;
3    *Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;
4
5    *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;
6    *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;
7
8    *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510

9       With their proposed redactions to TSA-CRT0007732 ("the Exhibit"), Defendants seeks to
10   hide from the jury evidence that LG.Philips, and Samsung SDI attended a conspiracy meeting in
11
12   Europe with Thomson. Because the majority of the evidence in the Exhibit is plainly relevant to
13   the conspiracy and involves no unfair prejudice, the Defendants' overbroad redactions should be
14   rejected. Instead, the Court should simply redact references in the Exhibit to ▮▮▮▮▮▮ on
15   the part of the unnamed meeting attendants (to which Plaintiffs already agreed), and allow the
16
17   jury to view the remainder of the Exhibit.

**Defendants' Proposed Redactions Would Mislead the Jury**

18
19   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
25
26   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This final
28   line, when divorced from the context of the ▮▮▮▮▮▮▮▮▮, permits an unfair inference about Thomson's motives for reducing its participation in the glass meetings. Accordingly, if

Thomson wants the final paragraph of the email to come in to evidence, then the entire document should be shown to the jury to permit appropriate context about Thomson's employee's frustration with the meeting. Defendants cannot selectively redact what they claim to be "prejudicial" evidence in order to present potentially mitigating evidence to the jury in a misleading context. Because it is apparent in context that the Thomson employee's frustration with the glass meetings derives from the  of its participants, this background is essential to the jury's understanding of the basis for those sentiments.

**Defendants' Proposed Redactions Go Too Far**

The Defendants also seek to redact the following sentence, which would conceal from the jury which companies attended the glass meeting:

(emphasis added). Defendants claim that this sentence is unduly prejudicial and should be excluded under Rule 403. But this redaction would conceal the only evidence in the document about which companies attended the meeting. To that end, Plaintiffs agreed to redact the sentence if the defendants would stipulate to the attendants at the meeting. Defendants refused to agree. Thus, Defendants take the position that they should benefit from the fact that their employees engaged in extracurricular misconduct in the midst of attending a conspiracy meeting intended to fix the prices of CRTs.

Although discussion of the ▇▇▇ does not cast the employees of LG.Philips, and Samsung[2] in a positive light, there is no basis to conclude that it is *unduly* prejudicial, when balanced against the probative value of evidence that proves which companies attended this glass

---

[2] In context, the plural reference to the "Koreans" can only mean at least two out of Samsung LG, and Orion, and Samsung is already identified as a meeting participant. Because the meeting was held after the formation of the LG.Philips joint venture, logic dictates that either an Orion employee or a former LG employee (or both) attended the meeting in addition to Samsung.

meeting. Indeed, ███████████████████████████████████████

███████████████████████.

Moreover, this discussion of ███████████████ is a part of the story of what happened at the conspiracy meetings; it is inextricably intertwined with evidence of Defendants' liability. *See Costco Wholesale Corp. v. AU Optronics Corp.,* No. 13-1207, 2014 WL 4674390, *4 (W.D. Wash. Sept. 18, 2014) (denying motion *in limine* to exclude evidence of other bad acts that was intertwined with evidence of the LCD conspiracy).

**The Court Should Accept Plaintiffs' Redactions, Or Admit the Document in Full**

Plaintiffs attempted to meet and confer with Defendants and agree to redactions that would conceal the prejudicial comments about ████████ while preserving the probative evidence offered in the Exhibit, but Defendants would not agree to reasonable redactions. Accordingly, Plaintiffs provide their own proposed redactions to the Court, which are in red in Exhibit 1 to the Declaration of Samuel Randall.

If Defendants object to these reasonable redactions, then the Court should admit the document in full. Rule 403 is intended to exclude evidence that unfairly prejudices any party, but it is not a license to mislead the jury.

For these reasons, Samsung SDI's Motion in Limine No. 2 should be denied.

Dated:  February 27, 2015            Respectfully submitted,

/s/  *Samuel J. Randall*
Richard Alan Arnold (*pro hac vice*)
William J. Blechman (*pro hac vice*)
Kevin J. Murray (*pro hac vice*)
Samuel J. Randall (*pro hac vice*)
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL  33131
Telephone:     (305) 373-1000
Facsimile:      (305) 372-1861
Email: rarnold@knpa.com
           wblechman@knpa.com
           kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/  David Martinez
Roman M. Silberfeld
Bernice Conn
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800

Email:  rmsilberfeld@rkmc.com
            dmartinez@rkmc.com
            jscasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:  (612) 349-8500
Facsimile:   (612) 339-4181
Email: eskaplan@rkmc.com
            kcwildfang@rkmc.com
            lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

/s/  Kenneth S. Marks
H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666
Email:  lgodfrey@sumangodfrey.com
            kmarks@susmangodfrey.com
            jross@susmangodfrey.com
            jcarter@susmangodfrey.com
            dpeterson@susmangodfrey.com

Parker C. Folse III

Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
rblack@susmangodfrey.com
jconnors@susmangodfrey.com

***Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust***

 /s/  *Jason C. Murray* 

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:   213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (*pro hac vice)*
Astor H.L. Heaven *(pro hac vice)*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  202-624-2500
Facsimile:   202-628-5116
E-mail:  jmurphy@crowell.com
             aheaven@crowell.com

***Counsel for Target Corp. and ViewSonic Corp.***


 */s/ Craig A. Benson* 
Craig A. Benson
Joseph J. Simons
Kenneth A. Gallo
PAUL WEISS LLP
2001 K Street NW
Washington, DC 20006
Telephone: (202) 223-7343
Email: CBenson@paulweiss.com
           jsimons@paulweiss.com
           kgallo@paulweiss.com

***Attorneys for Plaintiff Sharp Electronics Corp.***

**CERTIFICATE OF SERVICE**

     I, Samuel J. Randall, declare that on February 27, 2015, I caused a true and correct copy of the above-styled document to be filed on CM/ECF, effecting service on all counsel of record in the above-captioned matter.

                                        *s/Samuel J. Randall*