MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Indirect-Purchaser Class Action*<br><br>*Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514; | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 11:**<br><br>**TO EXCLUDE REFERENCES TO DOCUMENTS OR BEHAVIOR NOT IN EVIDENCE**<br><br>Hearing Date: None<br>Time: None<br>Courtoom:<br><br>The Honorable Samuel Conti |

| | |
|---|---|
| 1 | *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; )
| 2 | )
| 3 | *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514; )
| 4 | )
| 5 | *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262; )
| 6 | *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510. )

Defendants move *in limine* to exclude "all references by Plaintiffs and their experts regarding supposed conspirator conduct not otherwise in evidence, including any theory that the documents produced in discovery reflect only a portion of the alleged conspiratorial conduct." Defendants' Motion *In Limine* No. 11 at 1.  However, other than a discussion of some remarks on page 145 of the rebuttal report of expert Dr. Kenneth Elzinga, who is not an expert retained by the IPPs and will not be called by the IPPs at trial, nor will the IPPs be introducing testimony of or a report of Dr. Elzinga, it cannot be ascertained what evidence in particular defendants wish to have the Court order excluded.  (The IPPs understand that Dr. Elzinga was retained by certain of the Direct Action Plaintiffs.)  The named plaintiffs representing the IPP class do not intend to testify regarding "supposed conspirator conduct not otherwise in evidence." *Id.*  Nor do counsel for the IPPs intend to argue to the jury matters that are not in evidence.

With respect to the evidence that is intended to be introduced by the IPPs, certainly there will be time to introduce only a small sample of the vast number of documents generated by Defendants evidencing the hundreds of conspiratorial meetings and other communications among them regarding price fixing, capacity reductions, customer allocation, market shares, and other improper information exchanges.  And some of that evidence created by Defendants discloses on its face that the conspirators made efforts to keep their communications secret and to minimize the written record of their conspiracy, and were instructed to not keep records of their conspiratorial activity.  There will also be testimony from Defendant witnesses of their concern with keeping their conspiracy a secret and the intent not to create written records of the conspiracy.  This is not speculation but rather written evidence or testimony of Defendants.

It is the proper function of the jury to consider the evidence presented to it, including circumstantial evidence and the reasonable inferences that may be drawn from it.  *See, e.g.,* Ninth Circuit Manual of Model Jury Instructions, Civil, No. 1.9 (circumstantial evidence is proof of one fact from which jury can find another fact; jury should consider both direct and circumstantial evidence, and the law makes no distinction between weight to be given either direct or circumstantial evidence); *Poppell v. City of San Diego*, 149 F.3d 951, 954 (9th Cir. 1998)

(inference permits trier of fact to infer one fact from proof of another).  Moreover, jurors do not leave their everyday experience and common sense at the door, nor should they.  *See, e.g.*, Ninth Circuit Manual of Model Jury Instructions, Civil, No. 1.9 (in deciding whether fact has been proved by circumstantial evidence, jury "must consider all the evidence in light of reason, experience, and common sense").  It will be up to the jury to weigh the evidence, including that of the Defendant witnesses and their documents, and the jury may, within its province, consider that, as a result of the Defendants' efforts to conceal their conspiratorial activities and not create written records, more evidence of the conspiracy existed that is no longer available or more records would have been created absent such instructions not to create them.  Such a conclusion would be drawn from the evidence presented at trial, however, not "references by Plaintiffs . . . regarding supposed conspirator conduct not otherwise in evidence."

The IPPs do not intend to reference matters not in evidence.  And unless Defendants can identify particular evidence from a particular witness sought to be offered that would be "regarding supposed conspirator conduct not otherwise in evidence," the Court does not have a basis on which to rule on Defendants' inchoate request.  For these reasons, Defendants' motion should be denied.

Dated: February 27, 2015

By:  */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:      (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

|   |   |
|---|---|
| 1 | *On the brief:* |
| 2 | Diane Pritchard |
| 3 | Vogl Meredith Burke LLP |
|   | 456 Montgomery Street, 20th Floor |
| 4 | San Francisco, CA  94104 |
|   | Telephone: 415-398-0200 |
| 5 | Facsimile: 415-398-2820 |
| 6 | Email: dpritchard@vmbllp.com |

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiff*