Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com
        rmcnary@crowell.com

Jerome A. Murphy (*pro hac vice*)
Matthew J. McBurney (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email: jmurphy@crowell.com
        mmcburney@crowell.com
        aheaven@crowell.com

*Counsel for Target Corp. and
ViewSonic Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917<br><br>The Honorable Samuel Conti<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 16** |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262<br><br>*Sears, Roebuck and Co. and Kmart* Corp. *v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514 | |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 16
MASTER FILE NO. 3:07-CV-05944-SC

1  *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502

2  *Siegel v. Technicolor SA,* No. 13-cv-05261

3  *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514

4

5  *Target Corp. v. Technicolor SA,* No. 13-cv-05686

6  *ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd. et al.,* No. 14-cv-02510

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 16
MASTER FILE NO. 3:07-CV-05944-SC

Plaintiffs[1] have filed a series of motions *in limine* seeking to exclude certain evidence and argument relating to upstream pass-on and Plaintiffs' purported market power as irrelevant, unduly prejudicial, and misleading.[2] Defendants' sixteenth motion *in limine* – although unclear as to the exact relief requested – appears to broadly seek to admit all such evidence, claiming that it is necessary to (1) establish that Plaintiffs fail to satisfy the requirements of the FTAIA's "domestic effects exception," (2) attack Plaintiffs' damages calculations, and (3) show that Plaintiffs have not suffered a cognizable antitrust injury.  Those arguments are, however, simply a guise for presenting evidence at trial that should be excluded from this case, as discussed below.

First, as set forth in Plaintiffs' tenth motion *in limine*, Defendants should not be permitted to introduce evidence or argument about any alleged incomplete pass-through of overcharges between the conspirators and their finished product affiliates, including Plaintiffs' efforts to obtain lower prices from those affiliates.  *See* DAP MIL at 33.  Plaintiffs seek to recover overcharges on finished CRT products that they purchased from affiliates owned or controlled by – or that themselves owned or controlled – a conspirator.  Under these circumstances, Plaintiffs are permitted to sue as direct purchasers and to seek the *entire* overcharge caused by the conspirators' illegal activities.  *See Royal Printing v. Kimberly Clark Corp.*, 621 F.2d 323, 327 (9th Cir. 1980) ("Determining what portion of the illegal overcharge was 'passed on' to [plaintiff] and what part was absorbed by the middlemen would involve all the evidentiary and economic complexities that *Illinois Brick* clearly forbade").  In turn, permitting evidence or argument regarding incomplete pass-through of overcharges through those affiliates at trial is not appropriate.  *See Costco Wholesale Corp. v. AU Optronics Corp.*, No. 13-1207, 2014 WL

---

[1] This opposition is submitted jointly by the following plaintiffs:  Best Buy Co., Inc.; Best Buy Purchasing, LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, LLC; Sears, Roebuck and Co.; Kmart Corporation; Alfred H. Siegel, as Trustee of the Circuit Stores, Inc. Liquidating Trust; Target Corporation; and ViewSonic Corporation (hereinafter "Plaintiffs").

[2] *See* Plaintiffs' Notice of Motions and Motions *in Limine* (Nos. 1-18) (Dkt. No. 3558), No. 4 (seeking exclusion of evidence of Plaintiffs' purported market power), No. 8 (seeking exclusion of evidence of Plaintiffs' alleged failure to mitigate damages), and No. 10 (seeking exclusion of evidence regarding alleged incomplete pass-through between Defendants and their finished product affiliates) ("DAP MIL").

4674390, at *3 (W.D. Wash. Sept. 17, 2014) ("To use pass-through evidence (including evidence of Costco's bargaining power) to dispute Dr. Bernheim's calculation of an overcharge rate that applies [to] purchasers of finished products would be to offer the pass-through argument that *Royal Printing* rejects.").

Second, as set forth in Plaintiffs' fourth motion *in limine*, Defendants should not be permitted to introduce evidence or argument regarding Plaintiffs' purported "market power." *See* DAP MIL at 22. "Market power" is defined in antitrust jurisprudence as the power "to force a purchaser to do something that he would not do in a competitive market." *See Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451, 464 (1992). As such, "market power" may give rise to claims for violations of the Sherman Act. *See, e.g.*, *Oracle Am., Inc. v. Cedarcrestone, Inc.*, No.12-4626, 2013 U.S. Dist. LEXIS 48538, at *18 (N.D. Cal. Apr. 3, 2013) (addressing whether plaintiff had properly alleged "market power" in support of a tying arrangement in violation of the Sherman Act). In turn, the inclusion of such evidence at trial may improperly suggest that Plaintiffs somehow engaged in wrongful conduct.

Third, as set forth in Plaintiffs' eighth motion *in limine*, Defendants should not be permitted to introduce evidence or argument regarding Plaintiffs' alleged failure to mitigate their damages. *See* DAP MIL at 30. The "mitigation of damages" theory has been widely rejected in Sherman Act cases, such as these. *See, e.g.*, *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 489 (1968); *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323, 327 (9th Cir. 1980) (a price-fixing plaintiff is "allowed to recover its 'full' damages even though it 'mitigated' its damages by passing part of the excessive costs to its customers"); *see also* Final Pretrial Order, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.) (Dkt. No. 5597) (excluding from trial as irrelevant evidence of plaintiffs' supposed failure to mitigate). In turn, such evidence is irrelevant and its inclusion at trial would unfairly prejudice Plaintiffs.

For these reasons, Defendants' sixteenth motion *in limine* should be denied at least with respect to the evidence relating to upstream pass-on and Plaintiffs' purported market power discussed above.

Dated:  February 27, 2015

/s/  *Jason C. Murray*

Jason C. Murray
Robert B. McNary
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email:  jmurray@crowell.com
            rmcnary@crowell.com

Jerome A. Murphy
Matthew J. McBurney
Astor H.L. Heaven
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
Email:  jmurphy@crowell.com
            mmcburney@crowell.com
            aheaven@crowell.com

*Counsel for Target Corp. and ViewSonic Corp.*

/s/  *Roman M. Silberfeld*

Roman M. Silberfeld
Bernice Conn
David Martinez
Laura Nelson
Jill Casselman

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800

Email:  rsilberfeld@robinskaplan.com
            dmartinez@ robinskaplan.com
            bconn@robinskaplan.com
            lnelson@robinskaplan.com
            jcasselman@robinskaplan.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and Bestbuy.com, L.L.C.*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 16
MASTER FILE NO. 3:07-CV-05944-SC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/  *William J. Blechman*

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel:       305-373-1000
Fax:       305-372-1861
Email:   rarnold@knpa.com
             wblechman@knpa.com
             kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/  *Kenneth S. Marks*

H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:   (713) 654-6666
Email:   lgodfrey@sumangodfrey.com
             kmarks@susmangodfrey.com
             jross@susmangodfrey.com
             jcarter@susmangodfrey.com
             dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:   (206) 516-3883
Email:   pfolse@susmangodfrey.com
             rblack@susmangodfrey.com
             jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 16
MASTER FILE NO. 3:07-CV-05944-SC