MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC <br><br> MDL No. 1917 |
| This Document Relates to: <br><br> *Indirect-Purchaser Class Action* <br><br><br> *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173; <br><br> *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776; | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO JOINT DEFENSE MOTION *IN LIMINE* NO. 15:** <br><br> **TO EXCLUDE EVIDENCE RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS** <br><br> Hearing Date: None <br> Time: None <br> Courtoom: <br><br> The Honorable Samuel Conti |

In their Motion *in Limine* No. 15, Defendants ask the Court to "exclude any evidence presented by Sharp that relates to a violation of the antitrust laws under a rule of reason analysis." MIL No. 15 at 1. Both Sharp's rule-of-reason claim and Defendants' related motion underscore the need for the Indirect Purchaser Plaintiff Class ("IPP") to have a separate trial from the Direct Action Plaintiffs ("DAPs") in general and Sharp in particular.

If Sharp pursues claims other than *per se* violations of Section 1 of the Sherman Act at a joint trial, it will lead to jury confusion and prejudice to the IPPs. Under a rule of reason analysis, "plaintiffs must demonstrate that a particular contract or combination is in fact unreasonable and anticompetitive before it will be found unlawful." *Texaco Inc. v. Dagher*, 547 U.S. 1, 5 (2006). Analysis of such claims is notoriously difficult. *See United States v. Topco Associates, Inc.*, 405 U.S. 596, 610 & n.10 (1972) (noting "difficult economic problems" presented by rule-of-reason claims). *Per se* liability, on the other hand, "is reserved for only those agreements that are so plainly anticompetitive that no elaborate study of the industry is needed to establish their illegality." *Dagher*, 547 U.S. at 5 (omitting internal quotations and citation). Evidence of competitors exchanging information (particularly information relating to future prices and production) is strong circumstantial evidence of a *per se* unlawful price-fixing agreement. *In re Flat Glass Antitrust Litig.*, 385 F.3d 350, 368-69 (3d Cir. 2004) (when upper level executives with pricing authority have secret conversations about price, such discussions support an inference of conspiracy); *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 520930, at *10 (N.D. Ohio Feb. 9, 2015) (same); *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1144 (N.D. Cal. 2009) (routine exchange of "highly sensitive competitive information, including pricing and production data," support an inference of conspiracy). But if Sharp is allowed to pursue its "stand-alone." rule-of-reason information-exchange claim, the jury will be asked to perform a virtually impossible task – to weigh and consider a rule of reason analysis, including a potential "ramble through the wilds of economic theory" (*Topco Associates*, 405 U.S. at 610 n.10), together with the IPPs' much more straightforward claims, which are based on *per se* antitrust violations. Juror confusion is certain to follow, despite any attempts to demand that jurors cabin

1  the evidence in their own minds and consider the same evidence separately under the rubric of two
2  very different analyses.
3      In any event, regardless of the Court's resolution of this Motion as between Sharp and the
4  Defendants, the IPPs are entitled to introduce whatever relevant and admissible evidence they
5  chose to prove their *per se* price-fixing claim, including several categories of evidence that
6  Defendants seek to exclude from Sharp's case, such as documents memorializing Defendants'
7  discussions of "historic or future capacity or production, historic or future views of market supply
8  or demand . . ." Defs' Br. at 2.

Dated: February 27, 2015                By:  /s/ Mario N. Alioto
                                                     Mario N. Alioto (56433)
                                                     Lauren C. Capurro (241151)
                                                     TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                                     2280 Union Street
                                                     San Francisco, CA 94123
                                                     Telephone:     (415) 563-7200
                                                     Facsimile:      (415) 346-0679
                                                     Email:  malioto@tatp.com
                                                     Email:  laurenrussell@tatp.com

                                                     *Lead Counsel for Indirect Purchaser Plaintiffs*

                                                     *On the brief:*

                                                     Joseph Goldberg
                                                     Vincent Ward
                                                     FREEDMAN BOYD HOLLANDER GOLDBERG URIAS & WARD P.A.
                                                     20 First Plaza, Suite 700
                                                     Albuquerque, NM 87102
                                                     Telephone:  (505) 842-9960
                                                     Facsimile:  (505) 842-0761
                                                     Email: jg@fbdlaw.com
                                                     Email:  vjw@fbdlaw.com

|   |   |
|---|---|
| 1 | Donald L. Perelman |
| 2 | Gerard A. Dever |
|   | Matthew Duncan |
| 3 | Fine, Kaplan and Black, R.P.C. |
|   | One South Broad Street, 23rd Floor |
| 4 | Philadelphia, PA 19107 |
|   | Telephone:  (215) 567-6565 |
| 5 | Facsimile:   (215) 568-5872 |
|   | Email:  gdever@finekaplan.com |

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiff*

---

3
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 15 TO
EXCLUDE EVIDENCE RELATED TO VIOLATION OF THE ANTITRUST LAWS UNDER RULE OF REASON
Master File No. 3:07-cv-5944 SC