MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO SDI DEFENDANTS' MOTION *IN LIMINE* NO. 1:** |
| *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | **TO PROHIBIT PLAINTIFFS FROM CONFLATING SDI WITH NON-PARTIES INCLUDING BUT NOT LIMITED TO, SAMSUNG ELECTRONICS CO., LTD**. |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776; | |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | Hearing Date: None<br>Time: None<br>Courtoom: |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | The Honorable Samuel Conti |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514; | |

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO SDI DEFENDANTS' MOTION *IN LIMINE*
NO. 1 TO PROHIBIT PLAINTIFFS FROM CONFLATING SDI WITH NON-PARTIES INCLUDING
BUT NOT LIMITED TO, SAMSUNG ELECTRONICS CO., LTD.
Master File No. 3:07-cv-5944 SC

1
2  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;
3
4  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;
5
6  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;
7  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO SDI DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO PROHIBIT PLAINTIFFS FROM CONFLATING SDI WITH NON-PARTIES INCLUDING BUT NOT LIMITED TO, SAMSUNG ELECTRONICS CO., LTD.
Master File No. 3:07-cv-5944 SC

The undersigned Indirect Purchaser Plaintiffs ("IPPs") hereby submit this Opposition to SDI Defendants' Motion *In Limine* to Prohibit Plaintiffs From Conflating SDI With Non-Parties, Including But Not Limited To, Samsung Electronics Co., Ltd. ("SDI Defendants' MIL No. 1") [Dkt. No. 3561].

## I. ARGUMENT

The SDI Defendants' MIL No. 1 has no relevance to the IPP case and should be denied as to the Indirect Purchaser Class Actions. The arguments and evidence cited therein relate only to the Direct Action Plaintiffs ("DAPs") and make no reference to the IPPs. Nonetheless, for the sake of a complete record, IPPs oppose the motion on the following grounds.

The SDI Defendants offer two arguments in support of their motion asking the Court to prohibit the plaintiffs from "conflating" the SDI Defendants with non-party Samsung Electronics Co., Ltd. Both arguments are meritless.

*First*, they claim that so-called "conflating" would allow the plaintiffs to recover damages for indirect purchases from Samsung Electronics Co., Ltd. without first establishing the ownership-or-control exception to *Illinois Brick*. This argument only applies to the DAPs, who are pursuing direct-purchaser claims under the Sherman Act, and whose claims are subject to *Illinois Brick* and its progeny. It is undisputed that *Illinois Brick* has no application to the IPPs' state law claims. *See generally In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1023 (N.D. Cal. 2010). Accordingly, the perceived risk articulated in the SDI Defendants' MIL No. 1 is wholly absent from the Indirect Purchaser Class Actions.

*Second*, the SDI Defendants argue that the plaintiffs may seek to conflate the SDI Defendants and Samsung Electronics Co., Ltd. so as to "justify Plaintiffs' enormous damages claims by referencing one of the largest, most recognized brands in the world"; therefore, the Court should enter an Order precluding "Plaintiffs and their witnesses" from "referring to SDI Defendants and … Samsung Electronics Co., Ltd., interchangeably by the same name." Proposed Order, Dkt. No. 3561-2.

This argument flies in the face of the facts and all manner of practical considerations. There is no basis for completely disassociating the so-called "SDI Defendants" – *i.e.*, **Samsung** SDI Co., Ltd.; **Samsung** SDI America, Inc.; **Samsung** SDI (Malaysia) Sdn. Bhd.; **Samsung** SDI Mexico S.A. de C.V.; **Samsung** SDI Brasil Ltda.; Shenzen **Samsung** SDI Co., Ltd.; and Tianjin **Samsung** SDI Co., Ltd. – from their major shareholder, **Samsung** Electronics Co., Ltd.  It would be disingenuous at best to present the jury with a mandatory, fictional construct – enforced by a Court Order – where the SDI Defendants are never known or referred to as "Samsung."  Such an approach would wreak havoc on immutable deposition testimony and trial exhibits that refer to Samsung.  It also would run counter to abundant evidence demonstrating that participants in the CRT price-fixing conspiracy often did not distinguish between various corporate entities, but instead represented themselves, and perceived their co-conspirators, as dealing on behalf of a corporate family.  *See* IPPs' Opp. to Defs' MIL No. 6 (filed contemporaneously herewith).  A Court Order seeking to undo that reality is impractical and will only serve to confuse the jury.  It also would deprive Plaintiffs of their right to argue to the jury that such evidence supports the reasonable inference that all members of the Samsung corporate family joined the alleged conspiracy.

If and when a distinction must be made between the various Samsung entities, the parties or the Court can do so efficiently and without upending the voluminous record and confusing the jury in the process.

## II.     CONCLUSION

For the reasons stated above, IPPs respectfully request that this Court deny the SDI Defendants' MIL No. 1.

| | |
|---|---|
| Dated: February 27, 2015 | By:  */s/ Mario N. Alioto* |
| | Mario N. Alioto (56433) |
| | Lauren C. Capurro (241151) |
| | TRUMP, ALIOTO, TRUMP & PRESCOTT LLP |
| | 2280 Union Street |
| | San Francisco, CA 94123 |
| | Telephone:     (415) 563-7200 |
| | Facsimile:      (415) 346-0679 |
| | Email:  malioto@tatp.com |
| | Email:  laurenrussell@tatp.com |

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiff*