MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Indirect-Purchaser Class Action* | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO TOSHIBA DEFENDANTS' MOTION *IN LIMINE*:** |
| *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | **FOR AN ORDER TO DIRECT CERTAIN INDIRECT PURCHASER CLASS REPRESENTATIVES TO TESTIFY LIVE AT TRIAL** |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776; | |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | Hearing Date: None |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | Time: None
Courtroom: |
| | The Honorable Samuel Conti |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514; | |

| | |
|---|---|
| *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686; | ) ) ) |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514; | ) ) ) ) |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262; | ) ) ) |
| *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510. | ) ) |

The Indirect Purchaser Plaintiffs ("Plaintiffs" or "IPPs") submit this memorandum in response to the Toshiba Defendants' ("Toshiba") Motion *In Limine* seeking an order to compel live testimony by the Plaintiffs' Class Representatives. Toshiba seeks to compel 22 Class Representatives—who reside all over the country, produced documents, sat for lengthy depositions, and have little if any relevant testimony to offer—to travel to San Francisco in order to testify live at trial. Federal Rule of Civil Procedure 32(a)(4)(B) expressly allows Plaintiffs to offer the deposition testimony of any Class Representative who is not located within 100 miles of the courthouse. There is no good reason to deviate from this Rule. The Court should deny Toshiba's motion.

I.    SUMMARY OF ARGUMENT AND RELEVANT FACTS

There is no compelling reason to require live attendance of 22 Class Representatives in this case, all but one of whom live more than 100 miles from the court house. The Class Representatives are competent to testify on a single relevant issue: their purchase of a CRT product during the class period. In all cases, this issue was fully explored during the Class Representatives' respective, lengthy depositions. And, as will be discussed in the IPPs' opposition to the Toshiba Defendants' Motion to Strike Class Representatives With Inadequate Proof Of Their Individual Purchases Of Televisions Or Monitors (Dkt No. 3595) ("Motion to Strike"), there is not even a reasonable dispute as to the Class Representatives' purchases, which further exposes Toshiba's true agenda with this motion.[1]

The Table below ("Table A") shows for each Class Representative (except California), the name, location, number of pages of deposition testimony, and distance from San Francisco:

---

[1] Toshiba's Motion to Strike is really a mislabeled, out of time summary judgment motion. It is telling, however, that whereas Toshiba challenges the evidence of purchases for 14 of the Class Representatives, it seeks here to compel the attendance even of those whose purchase evidence it does not challenge.

1

| CLASS REPRESENTATIVE | PAGES IN DEPO. | RESIDENCE | APPROX. MILES FROM SAN FRANCISCO, CA |
|---|---|---|---|
| Andrew, Patricia | 114 | Sherrills Ford, NC (10:5-11) | 2,301 |
| Burau, Travis | 91 | Rockwall, TX (10:11-16) | 1,512 |
| Comeaux, Gloria | 161 | Las Vegas, NV (16:5-8) | 410 |
| Crigler, Albert Sydney | 120 | Franklin, TN (9:5-6) | 1,980 |
| Fink, Steven | 145 | Omaha, NE (11:22-25) | 1,439 |
| Hall, Kerry Lee | 280 | Scarborough, ME (18:1-3) | 2,743 |
| Hanson, Gary | 94 | West Fargo, ND (8:13-15) | 1,451 |
| Jenkins, Charles | 110 | Calcedonia, MS (9:20-22) | 1,938 |
| Larch, John | 91 | Weirton, WV (9:7-10) | 2,250 |
| Lawyer's Choice Suites | 223 | Washington, D.C. (31:21-24) | 2,463 |
| Luscher, Brian | 120 | Chandler, AZ (11:3-6) | 658 |
| Norby, David | 69 | St. Paul, MN (10:19-21) | 1,605 |
| Reynods, Lisa | 101 | Walker, MI (8:6-9) | 1,967 |
| Riebow, Daniel | 104 | Honolulu, HI (13:2-3) | 2,390 |
| Rooks, David | 178 | Lake Mary, FL (14:6-9) | 2,454 |
| Slagle, Margaret | 145 | South Burlington, VT (8:12-15) | 2,592 |
| Southern Office Supply | 149 | Liberal, KS (8:4-5) | 1,183 |
| Speaect, Jeffrey | 88 | Pierre, SD (9:19-21) | 1,251 |
| Stephenson, Craig | 106 | Albuquerque, NM (13:7-9) | 893 |
| Terry, Brigid | 84 | Janesville, WI (9:17-18) | 1,802 |
| Wood, Louise | 164 | New York, NY (12:24-13:2) | 2,593 |

The Class Representatives have no percipient knowledge on the core, contested issues in this highly complex antitrust matter, nor would they be expected to have such knowledge. The Class Representatives' only contact with this conspiracy is their purchase of a consumer product whose retail price was elevated as a result of the conspiracy. The only relevant matter of which they could be expected to have personal knowledge is, as stated, the fact of their respective purchases.[2] Any other inquiry would be an irrelevant, time-consuming sideshow, which is, in all likelihood, the aim of Toshiba's motion.[3]

Finally, there is a clear policy underlying Rule 32(a)(4)(B) and that is to avoid undue burden.[4] There is no compelling reason for the Court to deviate from this Rule.

For all of these reasons, Toshiba's Motion seeking to require all Class Representatives on its trial witness list to testify live should be denied.

## II.  ARGUMENT

"A party may use for any purpose the deposition of a witness, ***whether or not a party***, if the court finds . . . that the witness is more than 100 miles from the place of hearing or trial." Fed. R. Civ. P. 32(a)(4)(B) (emphasis added). A plain reading of the Rule makes clear that the only limitation on Plaintiffs' ability to offer deposition testimony of Class Representatives who live

---

[2] Toshiba acknowledges as much as the only substantive argument that Toshiba makes in support of this Motion is that it needs to test the credibility of the Class Representatives' testimony about their purchases. Toshiba Motion at 3-4. Toshiba and all the other Defendants had hours of deposition time to test this credibility and, with knowledge of the relevant Federal Rule, knew that might be their only opportunity to do so. Demonstrating that Defendants knew this, they videotaped all of the Class Representatives' depositions except two. The choice not to videotape those two depositions was their own.

[3] Defendants, including Toshiba, have designated pages and pages of patently irrelevant Class Representative testimony to which the IPPs have objected. Naturally, Toshiba wishes to avoid rulings on the admissibility of these designations, force the IPPs to assert relevance objections in front of the jury, and sow confusion on tangential points unduly prolonging the trial.

[4] *See United States v. Int'l Bus. Machines Corp.*, 90 F.R.D. 377, 380 (S.D.N.Y. 1981) ("The drafters [of (current) Rule 32(a)(4)(B)] presumably felt that it would be too burdensome to require a deponent beyond the distance of 100 miles to appear at trial.")

3

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO TOSHIBA DEFENDANTS' MOTION *IN LIMINE*
FOR AN ORDER TO DIRECT CERTAIN IPP CLASS REPRESENTATIVES TO TESTIFY LIVE AT TRIAL
Master File No. 3:07-cv-5944 SC

more than 100 miles away from the trial is if their absence was "procured by the party offering the deposition." *Id.*; *see also Richmond v. Brooks*, 227 F.2d 490 (2d Cir. 1955) (permitting party who was more than 100 miles from trial venue to offer her own deposition as her sole proof at trial in the absence of proof that she had deliberately avoided the trial); *Houser v. Snap-On Tools Corp.*, 202 F.Supp. 181, 189 (D. Md. 1962) ("the mere absence of the deponent from the 100 mile area is sufficient"); Wright & Miller, 8A *Fed. Prac. & Proc.* Civ. § 2147 (3d ed.) ("Rule 32(a)(4) says quite clearly that, if one of the conditions there set out is satisfied, the deposition of a witness, 'whether or not a party,' may be admitted.").

Toshiba does not dispute that the Class Representatives whose testimony IPPs intend to offer live more than 100 miles away from the trial. Nor does Toshiba argue (for good reason) that Plaintiffs somehow "procured" the Class Representatives' absence to avoid trial testimony.

### A.  Rule 32(a)(4)(B) Does Not Require Reasonable Diligence to Secure Witnesses' Presence

Toshiba's insistence that Plaintiffs must use "reasonable diligence" to secure the live testimony of the Class Representatives is unsupported. Toshiba is attempting to impose additional limitations on application of the Rule that simply do not exist. *See Richmond*, 227 F.2d at 492 (permitting plaintiff to appear at trial via deposition testimony and observing "we can find no occasion to add something to the rule which is not there and which effectually distorts its purpose and utility.") There is no such requirement in Rule 32(a)(4)(B), and Toshiba's reliance on *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293 (7th Cir. 2009) is misplaced. *Thomas*, and the case it cites, *Griman v. Makousky,* 76 F.3d 151 (7th Cir.1996), are inapposite as both apply a different Rule, Rule 32(a)(4)(D)[5], for the proposition that, "[f]or a party to be 'unable' to procure a

---

[5] Former Fed. R. Civ. P. 32(a)(3)(D).

4

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO TOSHIBA DEFENDANTS' MOTION *IN LIMINE* FOR AN ORDER TO DIRECT CERTAIN IPP CLASS REPRESENTATIVES TO TESTIFY LIVE AT TRIAL
Master File No. 3:07-cv-5944 SC

witness's attendance at trial *by subpoena* implies that the party used reasonable diligence to get him to attend." *Griman*, 76 F.3d at 154 (emphasis added). *See also Thomas,* 604 F.3d at 308.[6]

Because Rule 32(a)(4)(D) is not the relevant rule, Toshiba's reliance on these cases and their assertion that IPPs are required to use "reasonable diligence" in order to have Class Representatives testify live at trial fails. Rule 32(a)(4)(B) is the operative rule and has no such requirement. "[T]he mere absence of the deponent from the 100 mile area is sufficient, and the party attempting to submit the deposition into evidence need not proffer an excuse for the failure of the deponent to appear in court." *Houser*, 202 F. Supp. at 189. *See also Frazier v. Forgione*, 881 F. Supp. 879, 880-81 (W.D.N.Y. 1995) (noting that in several cases depositions of missing plaintiffs have been permitted where the plaintiffs offered proof that they were more than 100 miles away); *Clarendon Trust v. Dwek*, 970 F.2d 990, 995 (1st Cir. 1992) ("A deposition may be used by any party if the witness is more than 100 miles from trial unless it appears that the absence was procured by the party offering the deposition") (internal quote and citation omitted).

Further, the application of Rule 32(a)(4)(B) is not dependent on the court's subpoena power. *IBM,* 90 F.R.D. 377 is illustrative. There, the defendant sought permission to admit designated portions of depositions of witnesses who were more than 100 miles from the place of trial for use in its direct case. The plaintiff argued that Rule 32(a)(3)(B)[7] does not apply when the deponents are subject to the court's subpoena power under 15 U.S.C. §23, which permits a witness to be subpoenaed nationwide in antitrust suits brought by the United States. The Court ultimately

---

[6] Interestingly, Judge Posner in the *Griman* case noted that, "Since Memphis is more than 100 miles from South Bend, subsection B provided a possible basis for the admission of Hunt's deposition . . . [but] plaintiff's counsel . . . did not pursue the matter. . ." *Griman*, 76 F.3d at 153.

[7] The predecessor to Fed. Rule Civ. Proc. Rule 32 (a)(4)(B).

held that "***admissibility of depositions under the 100 mile provision of Rule 32 is not dependent on the subpoena power of the court***." *IBM,* at 380 (emphasis added). The Court explained that to argue the 100 mile rule does not apply on the grounds that the court has nationwide subpoena power is a position built on "a faulty foundation." *Id.* "The deposition of a witness who is beyond the 100 mile limit but within the district can be used at trial, although the deponent is subject to the subpoena power of the court." *Id.*

Because Rule 32(a)(4)(B) governs, if Plaintiffs choose to present the testimony of certain Class Representatives in their direct case by deposition, they may do so in any situation where the witness is not located within 100 miles of the place of trial regardless of the Court's subpoena power.[8] In fact, as shown in Table A above, all but one of the Class Representatives on Toshiba's trial witness list are more than 100 miles from the courthouse and their distant residences certainly were not "procured by" the IPPs. IPPs are not required to provide an excuse for the witnesses' unavailability (aside from being more than 100 miles away) nor do IPPs need to show that they used reasonable diligence or subpoenaed the witnesses in an attempt to provide live testimony.[9]

---

[8] "In fact, the drafters of the rule permitting deposition use rejected a proposed version which tracked the language of the trial subpoena provision. The Preliminary Draft of Rule 26(d) (April, 1936), the predecessor of Rule 32(a)(3)(B), would have precluded use if the deponent was within 100 miles of the place of trial or within the district. The rule as adopted permits use if the witness is at a greater distance than 100 miles from the courthouse, thus indicating an intention that deposition use was not to be contingent on a witness being beyond the subpoena power of the court. The drafters apparently had two related objectives in designing the 100 mile rule as it now stands. One was to permit deposition use when a witness was beyond the subpoena power of the court. The other was to permit deposition use when the deponent would be unduly inconvenienced by requiring his presence at trial, even if the deponent was subject to subpoena power. The drafters presumedly [sic] felt that it would be too burdensome to require a deponent beyond the distance of 100 miles to appear at trial. Thus, the court holds that ***admissibility of depositions under the 100 mile provision of Rule 32 is not dependent on the subpoena power of the court.***" *IBM*, at 380 (internal citations omitted) (emphasis added).

[9] *See IBM* at 380 n.5 ("Further, the 'party attempting to submit the deposition into evidence need not proffer an excuse for the failure of the deponent to appear in court.' *Houser*, 202 F. Supp. at 189 (reasoning that procuring absence and doing nothing to facilitate presence are quite different things and that it is doubtful the Federal Rules require a party to subpoena a deponent, and concluding that, as a matter of tactics, it was understandable that subpoenas were not issued).

Defendants cite to one case, an unreported decision from Delaware, *VIIV Healthcare Co. v. Mylan, Inc.*, No. 12-cv-1065 RGA, 2014 WL 2195082, at *1 (D. Del. May 23, 2014), for the proposition that "Rule 32(a)(4) is not an automatic mechanism for granting deposition testimony…" This case is unpersuasive. The court cited no authority for the proposition that, although "[p]arties are not required to take active steps to procure witnesses who would otherwise not be within 100 miles of the location of the trial . . . this failure to procure may be taken into account when courts exercise their discretion regarding whether to admit the deposition testimony." *Id.* (internal citation omitted). Further, it cited to *Garcia-Martinez v. City and County of Denver,* 392 F.3d 1187 (10th Cir. 2004) which dealt with a witness who procured his own absence and purposefully left the forum, an exception to Rule 32(a)(4)(D) which is clearly inapplicable to the witnesses at issue here. Finally, the Delaware court was chiefly concerned that the depositions to be offered were not based on personal knowledge. *Id.* at *2. In the case at hand, the limited relevant issue of which the Class Representatives have personal knowledge—*i.e.*, their respective purchases of CRT products—is well-defined and was or should have been fully explored at their lengthy depositions.[10]

### B. There Is No Compelling Reason for All Class Representatives to Provide Live Testimony

Even if there were discretion to depart from the clear provisions of the Rule, there is no compelling reason to do so here. The sole reason Toshiba proffers for compelling the live testimony of 22 Class Representatives is to determine their "credibility" regarding the single issue of which they have personal knowledge: their purchases of the products at issue. Toshiba's Motion at 3. There is simply no reason the jury cannot determine their credibility relating to the

---

[10] For this reason, Defendants' reliance on *In re Air Crash Disaster at Stapleton Int'l Airport, Denver Colo., on Nov. 15, 1987* is also misplaced. That case considered a situation with

fact of purchase by watching the videotaped depositions of the Class Representatives. *See Forrester Envtl. Servs., Inc. v. Wheelabrator Technologies, Inc.*, No. 10-CV-154-JL, 2012 WL 1161125, at *2 (D.N.H. Apr. 6, 2012) ("Where a deposition has been videotaped, however, and it is the video recording of the deposition that is offered—as is the case here—any advantage to live testimony is diminished, as the finder of fact will still have the opportunity to observe the witness's body language and to hear the spoken testimony."). Parading 22 witnesses onto the stand to testify about their television and computer monitor purchases so that the jury can determine their "credibility" would be not only unnecessary but would unduly prolong and complicate the trial.[11]

At bottom, even assuming some perceived preference for live testimony, the Federal Rules have explicitly carved out exceptions and one of those is plainly applicable to this case: Rule 32(a)(4)(B). There is no compelling reason to depart from the clear provisions of that Rule even assuming there is discretion to do so.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Toshiba Defendants' Motion and allow

---

an expert "witness presenting controversial testimony of questionable relevance." 720 F. Supp. 1493, 1502 (D. Colo. 1989).

[11] Toshiba's other cases do not support its requested relief, either. *Napier v. Bossard*, 102 F.2d 467, 468 (2d Cir. 1939) was decided under Section 304 of the N.Y. Civil Practice Act and recognized that even under that Rule a deposition could be read if the witness was outside the state. The additional two cases cited by Defendants for this general preference can easily be distinguished from this case as well. In *U.S. v. Yida,* 498 F.3d 945 (9th Cir. 2007), the Government deported the witness whose prior testimony they sought to admit in place of live testimony; they were not arguing for admission, then, under Rule 32(a)(4)(B) since they procured his absence. Instead, that case dealt with the Federal Rules of Evidence's "unavailability" and the 6th Amendment. Further, *Obrey v. England,* 215 Fed. App'x 621 (9th Cir. 2006) deals with a situation where a trial court refused to allow witnesses to testify pursuant to Federal Rules of Evidence 403 (excluding evidence because its probative value was judged to be outweighed by undue delay, waste of time, or needless presentation of cumulative evidence). Moreover, pursuant to 9th Cir. R. 36-3, the *Obrey* opinion is not precedent and, because it was issued before January 1, 2007, may not be cited.

the Plaintiffs to introduce such deposition testimony as it elects for those Class Representatives who meet the requirements of Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure.

Dated:  February 27, 2015

By:  /s/ Mario N. Alioto
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:      (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Robert J. Gralewski, Jr.
California Bar No. (#196410)
KIRBY McINERNEY LLP
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619-398-4340
Facsimile: 212-751-2540
Email: bgralewski@kmllp.com

Dennis Stewart
HULETT HARPER STEWART LLP
225 Broadway, Suite 1350
San Diego, CA 92101
Telephone: 619-338-1133
Facsimile: 619-338-1139
Email: dstewart@hulettharper.com

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*