# Exhibit 1

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Indirect-Purchaser Class Action* | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 13:** |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | **TO ALLOW DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY** |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514; | |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514; | Hearing Date: None<br>Time: None<br>Courtoom: |
| *Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173; | The Honorable Samuel Conti |
| *Sharp Electronics Corp., et al. v. Koninjlijke Philips Elecs., N.V., et al.*, No. 13-cv-2776; | |
| *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd*. No. 14-cv-02510. | |

---

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 13
TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES
Master File No. 3:07-cv-5944 SC

## I. INTRODUCTION

In their Joint Motion *In Limine* No. 13 (Dkt. No. 3579), Defendants seek a blanket ruling that they be permitted to conduct a full direct examination of any common witnesses in Plaintiffs' case-in-chief. It is well-settled that Plaintiffs are allowed to present their case in the manner that they choose and that Defendants' examination of witnesses in Plaintiffs' case should be limited by the scope of Plaintiffs' direct examination. Although courts have discretion to modify the general rules in certain circumstances, such circumstances are not present here.

Defendants also seek to prohibit Plaintiffs from using deposition testimony of any witness appearing live except for impeachment purposes. The ruling that Defendants seek is overbroad and unnecessary. The Indirect Purchaser Plaintiffs respectfully submit that the more appropriate course is for the Court to deny Defendants' Joint Motion *In Limine* No. 13 and order that Defendants are precluded from presenting live testimony of *any* witness not made available to testify live in Plaintiffs' case-in-chief. *See* Indirect Purchaser Plaintiffs' Motion *in Limine* No. 13 (Dkt. No. 3549). After these rulings are made and a trial date is set, Defendants can notify Plaintiffs which overlapping witnesses are willing to appear live in both Plaintiffs' case-in-chief and Defendants' case-in-chief.

## II. ARGUMENT

### A. Plaintiffs Should Be Permitted to Present Their Case As They See Fit

As a treatise cited by Defendants explains, "[g]enerally the plaintiff sets the agenda and controls the course of proof during this phase, in what is called his case-in-chief. Part of this control comes from the fact that he selects witnesses and has considerable freedom in deciding the sequence of presentation. Part of it comes from the fact that ordinarily cross by other parties is confined to the scope of direct and impeachment." 3 Christopher B. Mueller & Laird C.

1
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 13
TO ALLOW FULL EXAMINATION OF COMMON WITNESSES
Master File No. 3:07-cv-5944 SC

Kirkpatrick, *Federal Evidence* § 6:61 (4th ed. 2014).

Defendants' request to "conduct a complete examination of common witnesses during the Plaintiffs' case-in-chief" is an effort to undermine Plaintiffs' case-in-chief and should be rejected. Defs' Br. at 3. As noted by the court in a recent price-fixing trial in the District of Kansas, "the court can, and should, be cognizant of the order of presentation of proof by which the party who bears the burden of persuasion also enjoys the advantage of primacy in presenting its evidence." *In re Urethane Antitrust Litig.*, Case No. 04-1616 (D. Kan. Jan. 9, 2013), Transcript of Motion *in Limine* Conference (attached hereto as Exhibit A to Declaration of Gerard A. Dever ("Dever Decl.")) at 85:19-85:22. *See also Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431 SBA(EDL), 2006 WL 1646110, at *2-3 (N.D. Cal. June 12, 2006) (holding that it was proper for the party who bore the burden of proving "the most critical issue in this case" "to present its evidence first at trial"; refusing to change the standard order of proof at trial after considering factors of efficiency and potential juror confusion); *Hoffman v. Ford Motor Co.*, No. Civ. 07-cv-00081REB-CBS, 2009 WL 763356, at *1 (D. Colo. Mar. 16, 2009) (citation omitted) ("the plaintiff, in a typical case, should be allowed to present her case in the order she chooses." ).

Defendants do not even attempt to demonstrate why their request to examine their own witnesses fully in Plaintiffs' case-in-chief is warranted by some particular or special circumstances. Instead, without any explanation whatsoever, they claim it is burdensome and "detrimental to each party's business interests and to the witnesses' lives." Defs' Br. at 4.[1] Yet,

---

[1] Stipulations that parties other than the IPPs have entered into in this or other cases should not impact the Court's decision here. *See In re Urethane Antitrust Litig.*, Case No. 04-1616 (D. Kan. Dec. 7, 2012), Transcript of Telephone Conference (attached hereto as Exhibit B to Declaration of Gerard A. Dever ("Dever Decl.")) at 17:6-17:14 ("I think the primary objective should be to permit the plaintiffs to have their day in court, so to speak, to present their evidence the way they want to present it, and not have that coopted by the defendants being permitted to cross examine beyond the scope of the direct, as I say, except upon agreement of the parties to accommodate a witness or to deal with whatever other justification you all come to by yourselves.

2
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 13
TO ALLOW FULL EXAMINATION OF COMMON WITNESSES
Master File No. 3:07-cv-5944 SC

Defendants seek this ruling for all witnesses even those who may be sitting in the courtroom through the whole trial as the parties' representative. If there are particular circumstances relating to particular witnesses, those circumstances should be identified and can be addressed once a trial date is set. However, Plaintiffs should not lose their right to put on their case as they see fit because a handful of Defendants' executives or former executives may have to travel twice to San Francisco to testify in this significant trial. *See U.S. v.* Furr, 528 F.2d 578, 579 (5th Cir. 1976) (holding that it was not abuse of discretion to allow government to present its direct case through FBI agent and require defendant to "develop the allegedly exculpatory matter by recalling the agent as an adverse witness."); *In re Urethane Antitrust Litig.*, Case No. 04-1616 (D. Kan. Dec. 7, 2012), Transcript of Telephone Conference (attached hereto as Exhibit B to Declaration of Gerard A. Dever ("Dever Decl.")) at 14:10-14:15 ("[I]f the parties jointly are able to come to an accommodation for Fischer to testify live, I will certainly honor that accommodation, but that accommodation will require that he testify live during the plaintiffs' case-in-chief as well as the defendants' case."); 15:10-15:14 ("So what I am directing Dow to do on this point is, in your dealings with Mr. Beitel, I want to impress upon him that we appreciate his willingness to come but that he needs to make himself available, perhaps, twice.").

### B. Federal Rule of Evidence 611 Provides that Defendants' Examination Should Be Limited By the Scope of Direct

Defendants also cite Federal Rule of Evidence 611 as support for their request, but that Rule further demonstrates why Defendants' motion should be denied. Federal Rule of Evidence 611(b) provides that "Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility. The court may allow inquiry into

---

But when push comes to shove, if there's a disagreement, I'm going to lean to the side of allowing plaintiffs to try their case the way they want to.").

additional matters as if on direct examination." F.R.E. 611(b). "The phrasing of the rule suggests that the scope-of-direct limit is ordinarily observed, absent special circumstances suggesting a reason to depart from the usual practice . . . . In short, Rule 611 is not an invitation to adopt a blanket rule authorizing unrestricted cross-examination on all relevant issues in particular courtrooms, or before particular judges, or in particular classes of cases." 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:70 (4th ed. 2014). *See also Lis v. Robert Packer Hospital*, 579 F.2d 819, 823 (3d Cir. 1978) ("Simply stated, the Rule does not confer upon a federal judge 'the right to permit inquiry beyond the scope of the direct . . . in every case.' Rather, the general prescription is precisely the opposite.").

Again, Defendants do not demonstrate the "special circumstances" required to deviate from the general rule that defense examination in Plaintiffs' case-in-chief should be limited by the scope of direct examination.

### C. Defendants' Request for a Ruling that Deposition Testimony Should be Precluded for Any Live Witness is Overbroad and Unnecessary

Defendants also seek a ruling limiting "the use of deposition testimony for available witnesses scheduled to appear at trial and permit such use only for impeachment while the witness is on the stand." Defs.' Br. at 5. The proposed ruling is overbroad, unnecessary and should be rejected.

Defendants mistakenly rely on Federal Rule of Evidence 804 as support for their requested ruling. That Rule requires a party seeking to use deposition testimony at trial to show that they have not been able to procure declarant's attendance "by process or by other reasonable means." F.R.E. 804. *See also* Kenneth S. Brown, et al., *McCormick on Evidence* §253 (7th ed. 2013). In civil cases such as this one, "inability to procure the declarant's attendance by reasonable means is equivalent to inability to serve a subpoena." 5 Jack B. Weinstein & Margaret A. Berger,

4
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 13
TO ALLOW FULL EXAMINATION OF COMMON WITNESSES
Master File No. 3:07-cv-5944 SC

*Weinstein's Federal Evidence*, § 804.03[6][a] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2014). Thus, as a general rule, any witnesses that Plaintiffs do not have the ability to subpoena (*i.e.*, those who live outside of 100 mile radius) are unavailable and Plaintiffs should be able to present their testimony via video deposition.

Significantly, in their motion, Defendants have conditioned their proposed production of witnesses for Plaintiffs' case-in-chief upon being able to conduct a full examination of such witnesses in Plaintiffs' case. Defs.' Br. at 5. Furthermore, Defendants propose only to make their "employees" available – not all the witnesses they intend to call live. *Id.* In light of the conditions Defendants are seeking to impose, the Court should deny Defendants' request for a ruling to preclude Plaintiffs' use of deposition testimony of any witness who may appear live.

As outlined above, the Court should not permit Defendants to put their case on in Plaintiffs' case through unlimited examination. And the Court should exclude any witness (regardless of current employment status) from testifying live in Defendants' case if they do not make themselves available to testify in Plaintiffs' case as well. *See* Indirect Purchaser Plaintiffs' Motion *in Limine* No. 13 (Dkt. No. 3549); *R.B. Matthews, Inc. v. Transamerica Transportation Services, Inc.*, 945 F.2d 269, 273 (9th Cir. 1991) (affirming this Court's ruling that precluded the introduction of live testimony by the defendants for any witness that was not made available if requested for live testimony during the plaintiffs' case-in-chief); *Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 806-07 (N.D. Ill. 2002) (finding that "[c]ontrol over the witnesses is not dispositive" in deciding whether to allow a witness to testify live during defendants' case-in-chief when the witness refused to appear and testify during plaintiffs' case-in-chief*); Maran Coal Corp. v. Societe Generale De Surveillance S.A.*, No. 92 CIV. 8728(DLC), 1996 WL 11230, at *2 (S.D.N.Y. Jan. 10, 1996) (precluding defendants from presenting the live testimony of a former consultant and an

employee of its subsidiary in India in it is own case, even though they were foreign nationals outside the court's subpoena power, unless such witnesses were made available for plaintiff's case-in-chief).

After those rulings are made and a trial date is set, Defendants can notify Plaintiffs which witnesses are willing to appear to testify live at trial.[2] Until such time, Plaintiffs should presumptively have the right to call any witness who is outside of subpoena range through video deposition.

## III. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Defendants' Motion *In Limine* No. 13 to Allow Full Defense Examination of Common Witnesses During Plaintiffs' Case-In-Chief and Limit Use of Deposition Testimony.

Dated: February 27, 2015
By: */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:   (415) 563-7200
Facsimile:   (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

---

[2] Defendants have already shown in this case that they are capable of shifting positions on the availability of witnesses depending on the circumstances. Transcript of Telephone Conference Before Honorable Judge Walker dated July 30, 2014 at 48:2-48:5 (attached hereto as Exhibit C to Declaration of Gerard A. Dever ("Dever Decl.")) ("You are creating the impression that you and your client are playing a cat-and-mouse game with respect to the location of these individuals . . . .").

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone: (215) 567-6565
Facsimile: (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiff*