MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE TOSHIBA DEFENDANTS' MOTION *IN LIMINE*:** |
| Indirect-Purchaser Class Action | |
| | **TO PRECLUDE EVIDENCE REGARDING DAMAGES SUFFERED BY THE NEW YORK INDIRECT PURCHASER PLAINTIFF CLASS PRIOR TO DECEMBER 23, 1998** |
| | Hearing Date: None |
| | Time: None |
| | Courtoom: |
| | The Honorable Samuel Conti |

---

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE TOSHIBA DEFENDANTS' MOTION
*IN LIMINE* TO PRECLUDE EVIDENCE RE NEW YORK INDIRECT PURCHASER PLAINTIFF CLASS
Master File No. 3:07-cv-5944 SC

## I. INTRODUCTION

The Toshiba Defendants move to preclude evidence of New York indirect purchaser damages suffered between March 1, 1995 (the beginning of the class period) and December 23, 1998 (the date upon which certain amendments expressly allowing indirect purchaser claims under New York's Donnelly Act became effective). This motion should be denied for three reasons:

1. The motion does not present an evidentiary issue. Instead, it presents a substantive issue that should have been filed by the dispositive motion deadline of November 7, 2014;

2. Aside from damages, evidence regarding New York indirect purchaser damages are also probative and relevant to a number of other contested issues in the case, and should remain admissible for those purposes; and

3. The intermediate New York appellate precedent upon which Toshiba relies is wrongly decided and in clear contravention of the statutory language enacted by the New York state legislature which provided a cause of action to indirect purchasers who "sustained" (*past tense*) damages.

## II. ARGUMENT

### A. Toshiba's Motion Raises a Substantive Legal Issue Not Appropriately Raised As a Motion *In Limine*.

In its motion, Toshiba seeks a dispositive adjudication from the Court on the applicability of New York's Donnelly Act to claims for indirect purchaser damages prior to the effective date of an amendment expressly allowing such claims. In seeking such relief, Toshiba seeks a partial summary judgment determination on a substantive legal principle of New York state antitrust law, not an evidentiary ruling.

 The deadline for raising such issues via a proper summary judgment motion (November 7, 2014) has already passed. Stipulation and Order Regarding Scheduling, Mar. 21, 2014, Dkt.

1
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE TOSHIBA DEFENDANTS' MOTION
*IN LIMINE* TO PRECLUDE EVIDENCE RE NEW YORK INDIRECT PURCHASER PLAINTIFF CLASS
Master File No. 3:07-cv-5944 SC

No. 2459.  Toshiba was fully aware of this deadline, as evidenced by the thirteen summary judgment motions they joined or filed at the deadline.[1]  The current motion is nothing more than a belated attempt by Toshiba to file yet another partial summary judgment motion after the deadline.  This is improper. "[C]aselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases." 21 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, FEDERAL PRACTICE AND PROCEDURE §5037.18, 819 (2d ed. 2005).

In *Marlow LLC v. Bellsouth Telecomms., Inc.,* No. 2:10cv135-KS-MTP, 2013 WL 125900 (S.D. Miss. Jan. 9, 2013), a federal court exposed a similar motion *in limine* for what it was – a transparent attempt to skirt the court's case management order deadlines.  The opposing party in that case identified the motion *in limine* as "an inappropriate vehicle for raising a statute of limitations defense" and the court agreed, noting that the "dispositive deadline in this case has long since passed" and denying the motion as untimely.  *Id.* at *9-10; *accord* 75 AMERICAN JURISPRUDENCE 2d TRIAL § 44 (West 2009) (stating that the "use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as . . . motions for summary judgment or motions to dismiss . . . [or] to perform the function of a directed verdict").

Toshiba's motion for summary judgment, masquerading as a motion *in limine*, should similarly be denied as untimely.

**B.    The Evidence Which Toshiba Attempts to Exclude Is Relevant to More Than Merely the New York IPP Damage Claim.**

In its motion to exclude, Toshiba also recognizes that "evidence of indirect purchases in New York prior to December 23, 1998, may have some marginal relevance as to non-damages issues" but argues that such relevance is outweighed by the danger of prejudice to Toshiba.

---

[1] Dkt. Nos. 2963, 2972, 2973, 2976, 2977, 2981, 2983, 2995, 3001, 3027, 3029, 3034, 3040.

Toshiba Motion at 3. Notably, in other motions, Toshiba has raised the applicability of the Foreign Trade Antitrust Improvements Act ("FTAIA") and argued that plaintiffs will have to satisfy the domestic effects exception in order to prevail at trial. In order to establish that domestic commerce was impacted, and that consumers ultimately bore the brunt of Toshiba's illegal price-fixing conspiracy, the IPPs will present evidence at trial of how indirect purchases of CRT Products in New York, and other states, were impacted, including purchases that occurred prior to December of 1998.[2] The prejudicial effect of excluding this evidence for purposes of rebutting Toshiba's FTAIA and related jurisdictional arguments is potentially significant. Toshiba's requested exclusionary ruling may also unfairly impair Plaintiffs' presentation of causation and injury evidence to the jury. Toshiba's attempts to hamstring Plaintiffs' presentation on these issues is prejudicial to Plaintiffs' case and would give Toshiba an unfair advantage.

### C. New York's Highest Appellate Court Would Rule That the Donnelly Act Should Apply to Indirect Purchases That Occurred Prior to December of 1998.

In making its argument that evidence of New York indirect purchases that occurred prior to December 23, 1998 should be excluded, Toshiba relies upon a single ruling from an intermediate appellate court in New York, *State ex rel. Spitzer v. Daicel Chem Indus.*, 840 N.Y.S.2d 8 (App. Div. 2007). New York's highest court has never ruled on this issue. This court should find that, if it were to address the question, New York's highest court would likely overrule *Daicel* due to the plain language of the Donnelly Act, as amended in 1998.

Indeed, "[t]he starting point in any case of statutory interpretation must, of course, always be the language itself, giving effect to its plain meaning. A court cannot amend a statute by adding words that are not there." *Am. Transit Ins. Co. v. Sartor*, 3 N.Y.3d 71, 76 (N.Y.

---

[2] The IPPs are not conceding applicability of FTAIA to their claims for purposes of responding to this motion *in limine*. *See* Dkt. No. 3287 (IPP opposition to motion for partial summary judgment on FTAIA grounds).

3
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO THE TOSHIBA DEFENDANTS' MOTION
*IN LIMINE* TO PRECLUDE EVIDENCE RE NEW YORK INDIRECT PURCHASER PLAINTIFF CLASS
Master File No. 3:07-cv-5944 SC

2004). Toshiba relies heavily on New York appellate precedent which is in clear contravention of the statutory language enacted by the New York state legislature. In fact, there is no need to determine whether to apply the Donnelly Amendment retroactively or prospectively because the plain language of the amendment as enacted by the New York legislature uses the past tense: "any person who **has sustained** damages by reason of violation of this section . . . ." N.Y. GEN. BUS. LAW § 340(6) (emphasis added). This language is broad enough that, read literally, it affords relief to all persons whose injuries had already occurred at the time of the Amendment's enactment. Retroactive application of the "has sustained" language is further buttressed by the fact that, when enacted on December 23, 1998, the statute was given immediate effect.[3] Although not dispositive of the issue, the New York Court of Appeals (New York's highest appellate court) has noted that enactments which are enacted with immediate effect "evince a sense of urgency," which further supports retroactive application. *Brothers v. Florence,* 95 N.Y.2d 290, 299 (N.Y. 2000).

Moreover, Federal courts applying state law should apply the law unless the "state's highest court has not decided the applicable law, then the federal court must ascertain the state law from 'all relevant data.'" *In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-md-02042, 2013 WL 1431756, at *9 (E.D. Mich. Apr. 9, 2013) (citations omitted); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 4955377, at *8 (N.D. Cal. Oct. 2, 2014).

Recently, this Court in *Lithium Ion Batteries* outlined the framework for ascertaining state law:

> Because the ultimate object of the Court's inquiry is determining state law, if a state statute speaks directly to the issue at hand, it controls. Similarly, if the state's highest court, as the ultimate arbiter of what state statutes mean, has decided the issue, this Court's inquiry into the content of the state law ends.

---

[3] *See* 1998 N.Y. Laws 653 amending N.Y. Gen. Bus. Law § 340. "This Act shall take effect immediately."

1   Where the state high court has not so decided, however, the matter becomes more
2   difficult. In such circumstances, the federal court's task is to predict how the state court would rule.

3  *Id.* The *Lithium Ion Batteries* Court went on to warn that "the Court should not treat the

4  decisions of a state's lower courts as definitive pronouncements of that state's law simply by

5  virtue of the fact that they emanated from within the borders of that state. Rather, the Court

6  must regard the decisions of lower state courts as it believes the high court would . . . ." *Id.*

7       Accordingly, without further guidance from New York's highest court, the plain

8  language of the Amendment clearly demonstrates that the New York legislature intended to

9  include indirect purchases which occurred prior to December 23, 1998. And the Legislature's

10 passage of the Donnelly Act amendment—with immediate effect—further buttresses retroactive

11 application under New York Court of Appeals authority. *See Brothers,* 95 N.Y.2d 290. For this

12 additional reason, Toshiba's motion should be denied.

DATED:   February 27, 2015

By:  */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP &  PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Paul Novak
MILBERG LLP
One Kennedy Square
777 Woodward Avenue, Suite 890
Detroit, Michigan 48226
Telephone: 313-309-1763
Facsimile: 313-447-2038
Email: pnovak@milberg.com


Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com