MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO TOSHIBA DEFENDANTS' MOTION *IN LIMINE*:** |
| Sharp Electronics Corporation; Sharp Electronics Manufacturing Company of America, Inc. v. Hitachi, Ltd., et al., No. 13-cv-1173 | **TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION** |
| | Hearing Date: None<br>Time: None<br>Courtroom: |
| | The Honorable Samuel Conti |

In its Motion, the Toshiba Defendants ("Toshiba") move to exclude evidence of Toshiba's sales to Sharp entities. Toshiba argues that it is now "the law of the case" that sales by Toshiba to Sharp entities are irrelevant. This is true, according to Toshiba's motion, because the Court has determined that Sharp's purchases from Toshiba are subject to a forum-selection clause in the contracts between Toshiba and Sharp that requires disputes related to those sales to be litigated in Japan. Motion at 1-2. Toshiba asserts that, as a consequence of this ruling, the Sharp plaintiffs are no longer pursuing recovery as a result of those sales and, accordingly, such sales have become irrelevant in that case. *Id*.

Whatever may be the merits of Toshiba's Motion in the Direct Purchaser case, it should not apply in the Indirect Purchaser litigation. The Indirect Purchasers who paid inflated prices are not parties to the forum selection clauses between Sharp and Toshiba. A third party cannot be bound to a forum selection clause to which it is not a party unless the third party has a relationship to the contracting parties that is sufficiently close that the law will impose the clause on the third party. In general, for a third party to be bound to a forum-selection clause, the third party must be sufficiently close to the contracting parties and the contract to "reasonably foresee being bound." *Medtronic, Inc. v. Endologix, Inc.,* 530 F. Supp. 2d 1054, 1057 (D. Minn. 2008), and *see Holland Am. Line, Inc. v. Wartsila N. Am., Inc.,* 485 F.3d 450, 456 (9th Cir. 2007). Non-signatories to an agreement containing a forum selection clause that have been found to be sufficiently "closely related" to the contracting parties to be bound have included parent corporations to the contracting party, *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 510–11 (9th Cir. 1988); spousal guarantors of the contracting party, *Lipcon v.Underwriters at Lloyd's, London,* 148 F.3d 1285, 1299 (11th Cir. 1998); directors of the contracting party**,** *Marano Enters. of Kansas v. Z-Teca Restaurants, L.P.,* 254 F.3d 753, 757 (8th Cir. 2001); corporations controlled by the contracting party**,** *Hugel v. Corporation of Lloyd's,* 999 F.2d 206, 210 (7th Cir. 1993); agents of the

2
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO "THE TOSHIBA DEFENDANTS" MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Master File No. 3:07-cv-5944 SC

contracting party, *Bonny v. Society of Lloyd's,* 3 F.3d 156, 162 (7th Cir. 1993); successor corporations to the contracting party, *Aguas Lenders Recovery Group LLC v. Suez, S.A.,* 585 F.3d 696, 701 (2d Cir. 2009); and corporations affiliated with the contracting party, *Holland Am. Line,* 485 F.3d at 456. The relationship of indirect purchasers of products containing CRTs does not fall into any similar category and Toshiba has made no claim that it does.

Thus, as to the Indirect Purchaser class, the Court should deny Toshiba's motion *in limine* to exclude its sales to Sharp entities. There is no legal basis – nor has Toshiba suggested that there is any – to preclude the use of that evidence by the Indirect Purchaser class. The Indirect Purchaser class should be able to recover damages for all conspiratorial overcharges that they paid regardless of whether the CRT incorporated into their product was sold from Toshiba to Sharp. The Indirect Purchaser Class takes no position on the merits of the motion as to Sharp.

WHEREFORE, Indirect Purchaser Plaintiffs respectfully request that the Court deny Toshiba's Motion *In Limine* as to them.

Dated: February 27, 2015

By: */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:    (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Joseph Goldberg
Vincent Ward
FREEDMAN BOYD HOLLANDER GOLDBERG
URIAS & WARD P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
Telephone:  (505) 842-9960
Facsimile:  (505) 842-0761
Email:  jg@fbdlaw.com
Email:  vjw@fbdlaw.com

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28