Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**

This Document Relates to:

*Sharp Electronics Corp.*, et al. *v. Hitachi, Ltd.*, et al., Case No. 13-cv-1173 SC;

and

*Sharp Electronics Corp.*, et al. *v. Koninklijke Philips Electronics N.V.*, et al., Case No. 13-cv-2776 SC.

Case No. 07-cv-5944 SC
MDL No. 1917

**PLAINTIFFS SHARP ELECTRONICS CORPORATION & SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 16 TO PERMIT EVIDENCE AND ARGUMENT REGARDING UPSTREAM PASS-ON AND PLAINTIFFS' BARGAINING POWER**

Hearing Date: None set
Judge: Hon. Samuel Conti

Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively "Sharp") respectfully submit this separate opposition to Defendants' Motion *In Limine* No. 16 to permit evidence and argument regarding upstream pass-on and plaintiffs' bargaining power.[1]

**INTRODUCTION**

Defendants acknowledge in their Motion *In Limine*: "All but one of the Plaintiffs never purchased any 'cathode ray tubes' ('CRTs'), the components that are the focus of this case and that Plaintiffs allege were price-fixed." (Mot. at 1 (emphasis added).) Though they do not say so expressly, Sharp is that one Plaintiff. All of Sharp's claims are for purchases of CRTs, not finished products. The so-called "upstream" evidence that is the focus of Defendants' motion is downstream as to television maker Sharp. As a result, of the "four separate grounds" of alleged relevance argued by Defendants (Mot. at 2), none even arguably apply to Sharp. Sharp bought price-fixed CRTs from the Defendants and their co-conspirators in the United States, and no element of Sharp's claims involve pass-through calculations or assumptions, nor does Sharp rely on the damages expert, Dr. Frankel, who performed those calculations for other Plaintiffs. In short, Defendants' motion on its face does not apply to Sharp's claims – and yet Defendants filed their motion not only in the cases brought by the retailer plaintiffs, but also in the Sharp cases.

Defendants' motion highlights the unique position of Sharp in any trial that involves pass-on evidence that is upstream to the retailer plaintiffs. By repeatedly distinguishing the claims of the retailer plaintiffs from the claims of a purchaser of CRTs – and arguing in favor of the admissibility of pass-on evidence based on that distinction – Defendants have conceded that the evidence they now seek to admit is entirely irrelevant to Sharp. As already explained in Plaintiffs' Motion *In Limine* No. 2 (MDL Dkt. No. 3558 at 13-20), evidence of downstream pass-through is irrelevant to federal antitrust claims by direct purchasers, such as Sharp, and must be excluded. *Hawaii v. Standard Oil Co. of California*, 405 U.S. 251, 262 n.14 (1972); *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 494 (1968). To prevail on its

[1] All other plaintiffs have opposed Defendants' Motion *In Limine* No. 16 in a separate opposition.

claims, Sharp only needs to prove that it paid an overcharge on the CRTs it purchased because of Defendants' anticompetitive conduct, and Defendants cannot assert as a defense to Sharp's Sherman Act claim that Sharp passed on its overcharges to downstream customers. *Royal Printing Co. v. Kimberly-Clark Corp.*, 621 F.2d 323, 327 (9th Cir. 1980). And yet Defendants propose to introduce evidence of that very type of pass-on. Surely, the jurors will wonder how that evidence relates to Sharp's claim for damages, leaving Sharp uniquely prejudiced by this evidence.

For these reasons, Sharp opposes Defendants' motion to permit pass-on evidence. Further, Sharp reserves the right, as trial approaches and the contours of the case become clearer in terms of the parties and claims remaining to be tried, to move for a separate trial of Sharp's claims, to ensure that no retailer "upstream" pass-on evidence – downstream as to Sharp – is admitted in a trial of Sharp's claims.

## ARGUMENT

### I. Pass-on Evidence Is Irrelevant To A Trial Of Sharp's Claims

Unlike the other Plaintiffs, Sharp brings its claims under Section One of the Sherman Act based upon purchases of inflated-price CRTs directly from Defendants and co-conspirators. Sharp claims that Defendants and co-conspirators conspired to fix prices, limit production, allocate customers and markets, and exchange information, which raised CRT prices and constituted a *per se* violation of the Sherman Act. Sharp also claims that Defendants' and co-conspirators' information exchanges raised prices and were themselves an unreasonable restraint on trade that violated the Sherman Act under the rule of reason.

As such, Sharp is differently situated from both the retailer plaintiffs and the indirect purchaser plaintiff class (IPPs). The Supreme Court precedent discussed in Plaintiffs' Motion *In Limine* No. 2 makes plain that pass-through of overcharges to customers downstream of Sharp is wholly irrelevant to Sharp's claims or any of Defendants' permissible defenses in this case. (Plaintiffs' Motion *In Limine* No. 2 (MDL Dkt. No. 3558) at 14-16, citing *Hanover Shoe*, 392 U.S. at 494 and *Royal Printing*, 621 F.2d at 327.) The Supreme Court explained in *Hanover Shoe* that federal antitrust law requires defendants to be held liable for the full amount of the

overcharge that results from their anticompetitive behavior. *Hanover Shoe*, 392 U.S. at 491. The Ninth Circuit thus has consistently held that no pass-on defense is permitted where direct purchasers bring Sherman Act claims. *See Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1049 (9th Cir. 2008); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1339 n.3 (9th Cir. 1982); *Royal Printing*, 621 F.2d at 327. Accordingly, courts in the Ninth Circuit have excluded evidence that overcharges were passed on to a Sherman Act plaintiff's customers. *See*, *e.g.*, Final Pretrial Scheduling Order, at 5, *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI (N.D. Cal. May 4, 2012), ECF No. 5597 at 5 (granting motion *in limine* to "exclude evidence/argument re plaintiffs' ability to pass on overcharges").

Defendants argue that evidence of pass-on is relevant as to "Plaintiffs" for four grounds: (1) proving the elements of a Sherman Act claim in light of the FTAIA; (2) addressing pass-through assumptions made by Dr. Alan Frankel (who was not retained by counsel for Sharp); (3) contesting the retailer plaintiffs' claims of antitrust injury; and (4) contesting Plaintiff Best Buy's Minnesota state law claim. (Mot. at 2.) None of these grounds is relevant to Sharp's claims or defenses to Sharp's claims. For instance, Defendants stated that "[t]he parties have filed numerous motions for summary judgment regarding issues governed by the FTAIA." (Mot. at 3.) None of these motions was filed in Sharp's case. Sharp did not retain Plaintiffs' expert Dr. Alan Frankel. (Mot. at 5-6.) Defendants filed a motion for summary judgment regarding antitrust injury, again against plaintiffs other than Sharp. (Mot. at 8.) And only Plaintiff Best Buy asserts Minnesota state law claims. All of this information is irrelevant as to Sharp, and in their Motion *In Limine* No. 16, the defendants do not argue otherwise. Pass-on evidence should be excluded from a trial of Sharp's claims.

## II. Admitting Pass-On Evidence In A Trial Of Sharp's Claims Would Cause Unfair Prejudice, Delay, and Confusion That Substantially Outweighs Any Probative Value

In addition to being wholly irrelevant to any of Sharp's claims or defense to those claims, pass-on evidence should be excluded due to the danger of unfairly prejudicing Sharp, misleading the jury, confusing the issues, causing undue delay, and wasting time. *See* Fed. R. Evid. 403.

Placing pass-on evidence before the jury presents the risk of the jury deciding Sharp's claims by improperly reducing Sharp's damages in spite of the legal principle that direct-purchaser plaintiffs are entitled to recover all overcharges they incurred. *See Illinois Brick Co. v. Illinois,* 431 U.S. 720, 746 (1977) (antitrust laws are "better served by holding direct purchasers to be injured to the full extent of the overcharge paid by them").

Evidence of any pass-through by Sharp is inadmissible precisely because it would run counter to the Supreme Court's reasoning in *Hanover Shoe*, 392 U.S. at 491-94. The Supreme Court recognized that presentation of an argument on pass-through would "often require additional long and complicated proceedings involving massive evidence and complicated theories." *Id.* at 493. Indeed, the Supreme Court was concerned that defensive pass-on would diminish the "deterrent power of the private antitrust suit" and therefore held that a direct purchaser may recover the entirety of the overcharge incurred. *Royal Printing Co.,* 621 F.2d at 325 n.3. Admitting any evidence of pass-through from Sharp to its customers, even if ostensibly for the sole purpose of calculating damages for retailer plaintiffs or IPPs, would constitute an end-around on *Hanover Shoe* that would result in the same impermissible diminution of Sharp's recovery and undue complexity that the Supreme Court sought to prevent.

As a manufacturer, Sharp is uniquely vulnerable to all pass-through evidence, whether it is from manufacturer to retailer or retailer to consumer. Pass-through evidence may be introduced in connection with the claims of the other Plaintiffs in this litigation, whether related to the pass-through between finished-product manufacturers (other than Sharp) to retailers (as relevant to retailer plaintiffs' claims) or between retailers and end consumers (as relevant to IPP claims).[2] There is a real danger that a jury that has been educated to consider pass-through for other Plaintiffs' claims will naturally question whether Sharp was damaged by the full amount of the CRT overcharges or instead passed through some portion of the overcharges to Sharp's customers for CRT finished products (televisions). There is too great a risk that such speculation

[2] Best Buy has moved to exclude pass-through evidence with respect to its Minnesota state-law claim because Minnesota law does not recognize a pass-through defense. *See* Plaintiffs' Motion In Limine 2 (MDL Dkt. No. 3558). To the extent the Court should find that pass-through is relevant to the Minnesota claim, however, Sharp would be further prejudiced by the introduction of downstream pass-through evidence related to that claim.

would impermissibly reduce the amount of Sharp's recovery. Therefore, the jury deciding Sharp's claims should not hear arguments or evidence regarding pass-through, and a limiting instruction would not cure the prejudice to Sharp. *United States v. Prescott*, 581 F.2d 1343, 1352 (9th Cir. 1978) (When the facts in issue "are so readily subject to misinterpretation by a jury . . . a curative or protective instruction [is] of dubious value."). Limiting Sharp's ability to recover would run counter to the Supreme Court's admonition in *Hanover Shoe* that the measure of damages for a direct purchaser in a Sherman Act case is treble the entire overcharge amount. *Hanover Shoe*, 392 U.S. at 494. The Court should not permit defendants to retain any of their "ill-gotten gain" by permitting pass-through evidence against Sharp. *Royal Printing Co.*, 621 F.2d at 325 n.3.

## III. Sharp May Move At The Appropriate Time For A Separate Trial

Sharp respectfully submits that if the Court determines that pass-through is relevant to the claims of other Plaintiffs, the best and most efficient way to avoid the unique prejudice such evidence would present to Sharp would be for Sharp to receive a separate trial. *See* Order Selecting Initial Trial, Requiring Party Mediation, and Revising Remaining Deadlines, *In re Polyurethane Foam Antitrust Litigation*, No. 1:10-md-02196-JZ, Dkt. No. 1272 at 3 (N.D. Oh. July 3, 2014) (ordering separate trials of direct and indirect purchasers to avoid prejudice, including with respect to "passthrough issues"). In such a trial, pass-on evidence could be excluded altogether without any effect on the claims of other Plaintiffs.

On February 9, 2015, the Court denied with leave to refile a motion for separate trials and scheduled a hearing to discuss trial structure. (MDL Dkt. No. 3515.) In light of the Court's order, Sharp may at an appropriate time move for a trial separate and apart from all other plaintiffs. A separate trial would allow Sharp to pursue its claims without the risk of irreparable harm that might otherwise result.

**CONCLUSION**

For the foregoing reasons, Sharp respectfully requests that the Court deny Defendants' Motion *In Limine* No. 16.

DATED: February 27, 2015 By: /s/ *Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*