

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc.,*
*Toshiba America Information Systems, Inc.,*
*Toshiba America Consumer Products, LLC,*
*and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
|---|---|
| This Document Relates to: *The Indirect Purchaser Action* | **THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINITIFFS' MOTION *IN LIMINE* NO. 1: MOTION TO PRECLUDE REFERENCE TO DUPLICATIVE RECOVERY** |

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3      I.      INTRODUCTION ................................................................................................. 1

4      II.     ARGUMENT ......................................................................................................... 1

5              A.      IPPs Are Not Entitled to Duplicative Recovery ................................... 2

6              B.      *ARC* Does Not Permit Duplicative Recovery ....................................... 3

7              C.      IPPs' MIL No. 1 Seeks To Exclude Relevant Evidence Of A
                       Required Element Of Their Claim ......................................................... 4

8      III.    CONCLUSION ...................................................................................................... 5

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO.1
Case No. 07-5944 SC
MDL No. 1917

1

**TABLE OF AUTHORITIES**

2
Page(s)

3

*Bateman v. Am. Multi-Cinema, Inc.,*

4
 623 F.3d 708, 715 (9th Cir. 2010) ....................................................... 2, 3

5

*California v. ARC America Corp.,*

6
490 U.S. 93 (1989) ............................................................................. 1, 3

7
*Clayworth v. Pfizer, Inc.,*
49 Cal. 4th 758 (2010) ....................................................................... 1, 2

8

*Hanover Shoe, Inc. v. United States Machinery Corp.,*

9
392 U.S 481 (1968) ........................................................................... 2, 3

10
*Illinois Brick Co. v. Illinois,*
431 U.S. 720 (1977) .............................................................................. 3

11

*In re Graphics Processing Units Antitrust Litig.,*

12
 253 F.R.D. 478 (N.D. Cal. 2008) ........................................................... 1

13
*In re Optical Disk Drive Antitrust Litig.,*
 303 F.R.D. 311 (N.D. Cal. 2014) ........................................................... 4

14

*Sakamoto v. Duty Free Shoppers Ltd.,*

15
 764 F.2d 1285, 1288 (9th Cir. 1985) ..................................................... 3

16
*State Farm Mutual Automobile Insurance Co. v. Campbell,*
 538 U.S. 408 (2003) .............................................................................. 2

17

18
*W. Union Tel. Co. v. Commonwealth of Penn.,*
 368 U.S. 71 (1961) ................................................................................ 2

19

20
**Statutes**

21
D.C. Code § 28-4509(c) ........................................................................ 1, 3

22
Haw. Rev. Stat. § 480- 13(c)(5) ................................................................ 3

23
Miss. Code Ann. § 75-21-9 ....................................................................... 3

24
N.D. Cent. Code Ann. § 51-08.1-08(4) ..................................................... 3

25
N.M. Stat. Ann. § 57-1-3(C) ..................................................................... 3

26
N.Y. Gen. Bus. Law § 340(6) .................................................................... 3

27
S.D. Codified Laws § 37-1-25 ................................................................... 3

28
Vt. Stat. Ann. tit. 9, § 2465(b) .................................................................. 3

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## I.     INTRODUCTION

By their motion *in limine* number 1, the IPPs seek to bar Toshiba from arguing to the jury about the risk of improper duplicative recovery — "either directly or obliquely" (IPPs' MIL No.1 at 3) — but such argument is directly relevant under the very state antitrust statutes that the IPPs invoke in their claims.  Furthermore, excluding such arguments would violate Toshiba's due process right to be free from duplicative damages.  Thus the Court should deny the motion.

## II.     ARGUMENT

The state statutes under which the IPPs bring their claims require that duplicative recovery for the same alleged overcharge be avoided.  *See, e.g.*, D.C. Code § 28-4509(c) ("a defendant shall be entitled to prove as a partial or complete defense to a claim for damages that the illegal overcharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of damages"); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) ("In instances were multiple levels of purchasers have sued . . . defendants may assert a pass-on defense as needed to avoid duplication in the recovery of damages").  The IPPs, however, mistakenly rely entirely upon *California v. ARC America Corp.*, 490 U.S. 93 (1989) ("*ARC*"), a case that never considered (much less resolved) whether multiple damages awards against a defendant for the same alleged overcharge, the sum of which exceed the overcharge, violates due process and whether damages must be allocated among indirect purchasers, each suing under state law, to avoid such a result.  As shown below, the IPPs' overbroad, blanket ban on any mention of duplicative recovery before the jury would omit necessary evidence.  In fact, it would exclude the very pass-through evidence required by the IPPs to prove their injury.  *See In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 499 (N.D. Cal. 2008) ("[IPPs] must demonstrate that defendants overcharged their direct purchasers . . . and that those direct purchasers passed on the overcharges to plaintiffs.")  Indeed, IPP's damages expert devotes eighteen pages of her opening expert report alone to the issue of pass-through.  In short, the information the IPPs seek to exclude

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    must be provided and explained to the jury, not hidden from them, so that they jury can

2    effectively and efficiently allocate the damages, if any.

3        **A.    IPPs Are Not Entitled To Duplicative Recovery**

4        No plaintiff, including the IPPs, is entitled to recover damages that duplicate the

5    recovery of other plaintiffs, consistent with the laws under which the IPPs have sued and the

6    Toshiba Defendants' right to due process.

7        First, the state statutes invoked by the IPPs themselves preclude the IPPs from

8    obtaining recovery that would duplicate any award to other claimants.  Pursuant to California

9    antitrust law, for example, the California Supreme Court has held that the limitation on the

10   pass-on defense set forth in *Hanover Shoe, Inc. v. United States Machinery Corp.*, 392 U.S

11   481, 489-94 (1968), "necessarily be lifted" in order to avoid duplicative recovery.  *See*

12   *Clayworth,* 49 Cal. 4th at 787.  Many of the state statutes under which IPPs bring claims

13   prohibit duplicative recovery.  *See, e.g.*, N.Y. Gen. Bus. Law § 340(6) ("the court shall take

14   all steps necessary to avoid duplicative liability"); D.C. Code § 28-4509(c); N.M. Stat. Ann. §

15   57-1-3(C); Haw. Rev. Stat. § 480- 13(c)(5); Miss. Code Ann. § 75-21-9; N.D. Cent. Code

16   Ann. § 51-08.1-08(4); S.D. Codified Laws § 37-1-25; Vt. Stat. Ann. tit. 9 § 2465(b).

17       Second, the Supreme Court has consistently held that subjecting a defendant to

18   duplicative liability violates due process.  *See W. Union Tel. Co v. Commonwealth of Penn.*,

19   368 U.S. 71, 76-77 (1961) (holding that forcing a defendant "to pay a single debt more than

20   once" is a taking of property "without due process of law").

21       Third, apportionment of damages by the jury is required to prevent damage awards

22   across all of the cases from rising to the level of excessive punitive damages in violation of

23   due process.  *See State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408,

24   429 (2003) (holding that excessive punitive damages awards violate defendant's Due Process

25   rights).  Here, the Toshiba Defendants  face not only the prospect of duplicative recovery, but

26   the possibility of multiple treble-damages awards for the same alleged overcharge.  This

27   Circuit has noted that treble damages serve the same purpose as punitive damages.  *See*

28   *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 715 (9th Cir. 2010) ("[T]he treble damages

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    provisions in the Clayton and Sherman Acts act as statutory punitive measures in which two
2    thirds of the recovery is not remedial and inevitably presupposes a punitive purpose.")
3    (internal quotation marks omitted).  Treble damage awards are, therefore, subject to the same
4    due process restraints as traditional punitive damages awards.  Consequently, allowing
5    multiple recoveries of the same alleged overcharge, which would then be trebled, subjects the
6    Toshiba Defendants to excessive punitive damages in violation of their Due Process rights.

7            **B.    *ARC* Does Not Permit Duplicative Recovery**

8            Contrary to the IPPs' position, *ARC* does not resolve the duplicative recovery
9    question.  In fact, the Supreme Court has consistently been concerned with the problem of
10   duplicative recovery.  *See Illinois Brick, Co. v. Illinois*, 431 U.S. 720, 731 n.11 (1977)
11   (finding the risk of duplicative recovery unacceptable).  The *ARC* court was neither presented
12   with nor considered the question whether imposition of multiple liability for the same
13   overcharge would violate due process.  Instead, the question presented in *ARC* was whether
14   state antitrust statutes conferring indirect purchaser standing were preempted by Section 4 of
15   the Clayton Act and the federal policy underlying *Hanover Shoe* and *Illinois Brick Co.*, 431
16   U.S. 720, 729-30.

17           Indeed, the *ARC* court endeavored to "first make it clear *exactly what the issue is*
18   *before us*," namely whether "the *Sherman Act* also prevents indirect purchasers from
19   recovering damages flowing from violations of state law."  *ARC*, 490 U.S. at 100 (emphases
20   added).  The *ARC* court did not consider whether the Due Process Clause precludes the
21   imposition of multiple awards for the same overcharge under the combined operation of the
22   Sherman Act and the state statutes.  *ARC* cannot control because it did not consider
23   defendants' Due Process rights.  The words "due process" do not even appear in the opinion.

24           The IPPs appear to assume that, because some abstract potential for multiple recovery
25   is inherent in permitting indirect purchasers to sue, the *ARC* court must have considered all
26   legal grounds that might have been arrayed against the possibility, including due process
27   concerns.  This assumption is incorrect.  A case is not precedent for issues that *could* have
28   been addressed but were not expressly presented by the parties and resolved by the court.  *See*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   *Sakamoto v. Duty Free Shoppers Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985) (issues "never

2   raised or discussed . . . are not precedential holdings binding future decisions").

3         **C.     IPPs' MIL No. 1 Seeks To Exclude Relevant Evidence Of A Required**

4         **Element Of Their Claim**

5         The IPPs' contention that the jury may not hear instructions, arguments or evidence

6   regarding duplicative recovery is also without merit. The IPPs' blanket prohibition on any

7   reference to or evidence regarding duplicative recovery would necessarily exclude testimony

8   and evidence related to pass through. There must be findings about the amount of overcharge,

9   if any, at each level of distribution of CRT Tubes and CRT Products. In fact, the IPPs' case

10   relies upon the jury making the determination that an overcharge was passed through from

11   DAPs to IPPs. *See In re Optical Disk Drive Antitrust Litig.*, 303 F.R.D. 311, 324 (N.D. Cal.

12   2014) (IPPs' "burden is two-fold. Not only must they show that all or nearly all of the

13   original direct purchasers . . . bought at inflated prices, they must also show those overcharges

14   were passed through all stages of the distribution chain."). Without such evidence of pass

15   through, IPPs cannot establish injury in fact. Such findings are unquestionably the province

16   of the jury.

17                                 \*   \*   \*

18

19

20

21

22

23

24

25

26

27

28

**III.     CONCLUSION**

For these reasons, the Court should deny the IPPs' motion *in limine* number 1.

Respectfully submitted,

Dated:  February 27, 2015                  **WHITE & CASE** LLP

By:  */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba*
*Corporation, Toshiba America, Inc.,*
*Toshiba America Information Systems, Inc.,*
*Toshiba America Consumer Products, LLC,*
*and Toshiba America Electronic*
*Components, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

On February 27, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS MOTION *IN LIMINE* NO. 1: MOTION TO PRECLUDE REFERENCE TO DUPLICATIVE RECOVERY" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: */s/ Lucius B. Lau*
Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS MOTION *IN LIMINE* NO.1 TO PRECLUDE
REFERENCE TO DUPLICATIVE RECOVERY
Case No. 07-5944 SC
MDL No. 1917