Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and Toshiba America*
*Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: *The Indirect Purchaser Action* | **THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 4:  MOTION TO PRECLUDE REFERENCE TO OTHER LAWSUITS FILED BY ANY OF THE NAMED PLAINTIFFS** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT ............................................................................................................... 1

       A.     Evidence of Prior Litigation May Be Relevant For Purposes Of
              Impeachment ................................................................................................. 1

       B.     Categorical Exclusion Of Class Representatives' Prior Litigation Is
              Improper ........................................................................................................ 2

III.   CONCLUSION ............................................................................................................ 4

1

White & Case LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005

# TABLE OF AUTHORITIES

2

**Cases**          **Page(s)**

3

4

5

*Actuate Corp. v. Aon Corp.,*
No. C 10-05750 WHA, 2012 WL 2285187
(N.D. Cal. June 18, 2012) ........................................................................................... 2

6

7

*Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.,*
No. CV 08-8525PSGPJWX, 2010 WL 2035800
(C.D. Cal. May 19, 2010) ............................................................................................ 4

8

9

*Engman v. City of Ontario*
No. EDCV 10-284 CAS (PLAx), 2011 WL 2463178
(C.D. Cal. June 20, 2011) ............................................................................................ 4

10

11

*Gastineau v. Fleet Mortgage Corp.,*
137 F.3d 490 (7th Cir. 1998) ....................................................................................... 2

12

13

*In re Homestore.com, Inc.,*
No. CV 01–11115 RSWL, Dkt. No. 1220
(C.D. Cal. Jan. 12, 2011) ............................................................................................. 3

14

15

16

*In re Homestore.com, Inc.,*
No. CV 01–11115 RSWL, 2011 WL 291176
(C.D. Cal. Jan. 25, 2011) ............................................................................................. 3

17

18

*In re Static Random Access Memory (SRAM) Antitrust Litigation,*
No. 07–md–01819 CW, 2010 WL 10086747
(N.D. Cal. Dec. 16, 2010) ............................................................................................ 3

19

20

*In re Tableware Antitrust Litig.,*
No. C-04-3514 VRW, 2007 WL 781960
(N.D. Cal. Mar. 13, 2007) ....................................................................................... 2, 4

21

22

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
No. 07-MD-1827-SI, Dkt. No. 5597 (N.D. Cal. May 4, 2012) ................................... 3

23

24

*Ortega v. Regents of Univ. of California,*
No. C 11-4031 PSG, 2013 WL 621702
(N.D. Cal. Feb. 15, 2013) ............................................................................................ 4

25

26

*Outley v. City of N.Y.,*
837 F.2d 587 (2d Cir. 1988) ........................................................................................ 3

27

28

*S. California Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n,*
No. CV 04-2716 CBM(JTX), 2005 WL 3954722
(C.D. Cal. Nov. 16, 2005) ........................................................................................ 3-4

*Seals v. Mitchell,*
    No. CV 04–3764 NJV, 2011 WL 1399245
    (N.D. Cal. Apr. 13, 2011) ................................................................................................ 3

*Yates v. Sweet Potato Enterprises, Inc.,*
    No. C 11-01950 SBA, 2013 WL 4067783
    (N.D. Cal. Aug. 1, 2013) ................................................................................................. 2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## I.      INTRODUCTION

The IPPs' motion *in limine* number 4 seeks to categorically preclude any reference to other lawsuits brought by any of the class representatives.  However, courts routinely hold that prior litigation can be used for impeachment purposes, specifically to address a witness's bias, credibility, or inconsistent positions.  Separately, IPPs' motion fails to specify any class representatives or any prior litigation, rendering a meaningful response by the Toshiba Defendants impossible.  The Court should deny this motion.

## II.     ARGUMENT

### A.      Evidence of Prior Litigation May Be Relevant For Purposes Of Impeachment

Contrary to the IPPs' claim that the class representatives' prior litigation is inadmissible, courts do admit such evidence for purposes of impeachment.  *See, e.g.*, *Yates v. Sweet Potato Enterprises, Inc.*, No. C 11-01950 SBA, 2013 WL 4067783, at *3 (N.D. Cal. Aug. 1, 2013) (holding evidence of prior lawsuits admissible for impeachment).  The weight of authority holds that prior litigation can be relevant for purposes of addressing a witness's bias, credibility, or inconsistent positions.  *See, e.g.*, *Yates*, 2013 WL 4067783, at *3 (holding evidence of prior lawsuits admissible to challenge plaintiff's credibility); *Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2012 WL 2285187, at *1 (N.D. Cal. June 18, 2012) (denying plaintiff's motion to exclude testimony of other lawsuits because such evidence "may be admissible to show financial bias for [plaintiff's] witnesses who received or will receive a commission based on the outcome of this and other lawsuits" and may also be relevant if plaintiff has taken inconsistent positions on similar legal issues); *In re Tableware Antitrust Litig.*, No. C-04-3514 VRW, 2007 WL 781960, at *2 (N.D. Cal. Mar. 13, 2007) (denying plaintiffs' motion to exclude evidence because "class representatives' relationships with counsel, involvement in previous litigation and fee agreements with class counsel may be admissible for the purpose of impeachment"); *see also Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 495-96 (7th Cir. 1998) (affirming admission of evidence relating to prior

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   litigation); *Outley v. City of N.Y.*, 837 F.2d 587, 591-92 (2d Cir. 1988) (evidence of prior
2   lawsuits may be admissible where prior suits shown to be fraudulent).

3       The IPPs' cited cases do not contest this authority.  *See Seals v. Mitchell*, No. CV 04–
4   3764 NJV, 2011 WL 1399245, at *5 (N.D. Cal. Apr. 13, 2011) (identifying other purposes for
5   which prior litigation could be admitted); *S. California Hous. Rights Ctr. v. Los Feliz Towers*
6   *Homeowners Ass'n*, No. CV 04-2716 CBM(JTX), 2005 WL 3954722, at *1 (C.D. Cal. Nov.
7   16, 2005) (finding prior disability rights lawsuits "not relevant *here*" and addressing
8   prejudicial value specifically as to civil rights plaintiffs) (emphasis added); *see also In re*
9   *TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-MD-1827-SI, Dkt. No. 5597 (N.D. Cal. May 4,
10  2012) (allowing for future submission of other litigation based on showing of relevance); *In re*
11  *Static Random Access Memory (SRAM) Antitrust Litigation*, No. 07–md–01819 CW, 2010
12  WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010) (same).  Additionally, the IPPs' citation of *In*
13  *re Homestore.com, Inc.*, No. CV 01–11115 RSWL, 2011 WL 291176 (C.D. Cal. Jan. 25,
14  2011), is inapposite in that the plaintiffs' motion *in limine* in that case argued that prior
15  litigation should be excluded because in a Private Securities Litigation Reform Act
16  ("PSLRA") case, the policy of finding other litigation irrelevant and prejudicial "is especially
17  pertinent because the PSLRA effectively establishes a preference for institutional investors as
18  lead plaintiffs in securities class actions."  *In re Homestore.com, Inc.*, No. CV 01–11115
19  RSWL, Dkt. No. 1220, at *1 (C.D. Cal. Jan. 12, 2011).  Further, to the extent Plaintiffs
20  oppose Defendants' Motion in Limine No. 4 to Exclude LCD and Other Non-CRT Product
21  Conspiracies (Defs.' MIL No. 4), they concede that not all mentions of prior litigation are
22  irrelevant or inadmissible.

23      **B.    Categorical Exclusion Of Class Representatives' Prior**
24          **Litigation Is Improper**

25      In their motion, the IPPs cite cases where the motion sought exclusion of specific prior
26  litigation against *specific* plaintiffs.  *See Seals v. Mitchell*, No. CV 04–3764 NJV, 2011 WL
27  1399245, at *5 (N.D. Cal. Apr. 13, 2011) (moving to exclude reference to "approximately 70–
28  100 prison grievances as an inmate and approximately fourteen lawsuits"); *S. California*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  *Hous. Rights Ctr.*, 2005 WL 3954722, at *1 (addressing disability rights lawsuits filed by
2  plaintiff).   Although Defendants' similar motion identifies specific prior litigation that is
3  irrelevant and inadmissible (Defs.' MIL No. 4, at 2, 4-5), the IPPs' current motion is an
4  improper request for a blanket exclusion of such evidence without proper specification of any
5  specific class representatives or any particular prior litigation.   This approach is contrary to
6  caselaw.  *See generally Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-
7  8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine*
8  must identify the evidence at issue and state with specificity why such evidence is
9  inadmissible.").   It is impossible to respond meaningfully to a motion that lacks such
10  specificity and the Court should not rule on this issue in the abstract.   A blanket exclusion will
11  deprive the Toshiba Defendants from presenting evidence that goes directly to the
12  circumstances that gave rise to the filing of these cases.  *See generally Colton Crane*, 2010
13  WL 2035800, at *1 ("[M]otions *in limine* should rarely seek to exclude broad categories of
14  evidence, as the court is almost always better situated to rule on evidentiary issues in their
15  factual context during trial.").

16      Due to the possibility that this evidence may at least be relevant for impeachment,
17  "categorical exclusion under plaintiffs' motion is inappropriate." *In re Tableware*, 2007 WL
18  781960, at *2.  Unless and until particular evidence is specified by the IPPs or offered by the
19  Toshiba Defendants, the motion is premature and should be denied.  *See Ortega v. Regents of*
20  *Univ. of California*, No. C 11-4031 PSG, 2013 WL 621702, at *2 (N.D. Cal. Feb. 15, 2013)
21  (finding exclusion of all prior lawsuits overbroad and inviting further objections when
22  evidence can be specifically identified); *Engman v. City of Ontario*, No. EDCV 10-284 CAS
23  (PLAx), 2011 WL 2463178, at *1 (C.D. Cal. June 20, 2011) (finding motion in limine
24  regarding prior litigation to be premature).

25                      *  *  *

26

27

28

1

III.     **CONCLUSION**

2

For these reasons, the Court should deny the IPPs' motion *in limine* number 4.

3

4

Respectfully submitted,

5

Dated:  February 27, 2015                           **WHITE & CASE** LLP

6

7

By: */s/ Lucius B. Lau*

8

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com

9

Lucius B. Lau (*pro hac vice*)
alau@whitecase.com

10

Dana E. Foster (*pro hac vice*)

11

defoster@whitecase.com
701 Thirteenth Street, N.W.

12

Washington, DC  20005

13

tel.: (202) 626-3600
fax: (202) 639-9355

14

15

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*

16

*Information Systems, Inc., Toshiba America*

17

*Consumer Products, L.L.C., and Toshiba*
*America Electronic Components, Inc.*

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

On February 27, 2015, I caused a copy of the "TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 4: MOTION TO PRECLUDE REFERENCE TO OTHER LAWSUITS FILED BY ANY OF THE NAMED PLAINTIFFS" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:    /s/ Lucius B. Lau
Lucius B. Lau (*pro hac vice*)

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 4
Case No. 07-5944 SC
MDL No. 1917