Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and Toshiba America
Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*The Indirect Purchaser Action* | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 5:  MOTION TO PRECLUDE REFERENCE TO RELATIONSHIPS BETWEEN LAWYERS AND PLAINTIFFS** |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

III. CONCLUSION .................................................................................................................... 5

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TABLE OF AUTHORITIES**

**Cases**                                                           **Page**

*Behler v. Hanlon*,
   199 F.R.D. 553 (D. Md. 2001) .................................................................................................. 3

*Cardiovention, Inc. v. Medtronic, Inc.*,
   483 F. Supp. 2d 830 (D. Minn. 2007) ....................................................................................... 2

*Colton Crane Co. v. Terex Cranes Wilmington, Inc.*,
   No. 08-cv-8525, 2010 WL 2035800 (C.D. Cal. May 19, 2010) ........................................... 4, 5

*Crowe v. Bolduc*,
   334 F.3d 124 (1st Cir. 2003) ..................................................................................................... 2

*Douglas v. Owens*,
   50 F.3d 1226 (3d. Cir. 1995) ..................................................................................................... 1

*Harris v. United States*,
   371 F.2d 365 (9th Cir. 1967) ................................................................................................. 1, 2

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   267 F.R.D. 583 (N.D. Cal. 2010) .............................................................................................. 4

*In re Google Adwords Litig.*,
   No. 08-cv-03369, 2010 WL 4942516 (N.D. Cal. Nov. 12, 2010) ............................................ 4

*In re Static Random Access Memory ("SRAM I") Antitrust Litig.*,
   264 F.R.D. 603 (N.D. Cal. 2009) .............................................................................................. 4

*In re Tableware Antitrust Litig.*,
   No. 04-cv-3514, 2007 WL 781960 (N.D. Cal. Mar. 13, 2007) ................................................. 3

*Newsome v. Penske Truck Leasing Corp.*,
   437 F. Supp. 2d 431 (D. Md. 2006) .......................................................................................... 1

*SEC v. Sabhlok*,
   No. 08-cv-4238, 2010 WL 211326 (N.D. Cal. Jan. 12, 2010) .................................................. 2

*Sperberg v. Goodyear Tire & Rubber Co.*,
   519 F.2d 708 (6th Cir. 1975) ................................................................................................. 4, 5

*United States v. Abel*,
   469 U.S. 45 (1984) ................................................................................................................ 1, 3

*United States v. Canales*,
   744 F.2d 413 (5th Cir. 1984) ..................................................................................................... 2

*United States v. Robinson*,
   530 F.2d 1076 (D.C. Cir. 1976) ................................................................................................ 3

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Other Authorities

1 Kenneth S. Broun, McCormick on Evidence, § 39 (7th ed. 2013) .......................................3

Roger Park & Tom Lininger, The New Wigmore: A Treatise on Evidence: Impeachment and Rehabilitation, § 6.1 (2014) ......................................................................................3

3A Wigmore on Evidence § 949 (Chadbourn rev. 1970) .........................................................2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## I. INTRODUCTION

The IPPs' motion *in limine* number 5 seeks to exclude any reference to or evidence regarding any relationship or fee agreement between the class representatives and their counsel. This evidence, however, may be properly used by the Toshiba Defendants to impeach the class representatives' credibility on cross-examination by showing the existence of bias, interest, or prejudice. The Court should therefore deny this motion.

## II. ARGUMENT

The blanket ban sought by the IPPs by their motion is improper because it precludes admissible impeachment testimony relevant to the class representatives' potential bias, interest, or prejudice. *See, e.g.*, *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 435 (D. Md. 2006) (stating that impeachment by establishing "bias, prejudice, interest in the litigation or motive to testify in a particular fashion" is proper). In fact, the Supreme Court has admonished "that a trial court must allow some cross-examination of a witness to show bias." *United States v. Abel*, 469 U.S. 45, 50 (1984); *see also Douglas v. Owens*, 50 F.3d 1226, 1230 (3d Cir. 1995) ("To properly evaluate a witness, a jury must have sufficient information to make a discriminating appraisal of a witness's motives and bias. It is an abuse of discretion for a district judge to cut off cross-examination if the opportunity to present this information is not afforded.") (internal citation omitted).

In *Abel*, the Supreme Court explained that, although the Federal Rules of Evidence do not explicitly provide for impeachment to establish bias, the ability to impeach for bias is nevertheless provided for in those same Rules. *See id.* at 51 ("We think the lesson to be drawn from all of this is that it is permissible to impeach a witnesses by showing his bias under the Federal Rules of Evidence just as it was permissible to do so before their adoption."). The Supreme Court also noted that bias may be induced "by the witness' self-interest." *Id.* at 52. And, the Supreme Court further explained that "[p]roof of bias is almost always relevant because the jury as the finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *Id.*; *see also Harris v. United States*, 371 F.2d 365, 367 (9th Cir. 1967)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  ("Cross-examination of the witness on matters pertinent to his credibility ought to be given
2  the largest possible scope.  A witness's possible financial stake in the particular case is highly
3  relevant.") (internal citation and quotes omitted).

4        Evidence of a witness's financial stake in the litigation, such as a class representative's
5  fee agreement with counsel or success fee, is "classic evidence of bias, which is routinely
6  permitted on cross-examination."  *Crowe v. Bolduc*, 334 F.3d 124, 132 (1st Cir. 2003).  In
7  *Crowe*, the First Circuit ruled that the trial court's grant of a motion *in limine* excluding
8  evidence of a testifying witness's financial stake in the litigation under Federal Rule Evidence
9  403 was an error of law.  *Id.* at 131-32; *see also Harris*, 371 F.2d at 367 ("If the court had
10 denied appellant the right to cross-examine [the witness] as to his possible financial interest,
11 reversal would be required."); *Cardiovention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830,
12 835-36 (D. Minn. 2007) (denying motion *in limine* to exclude evidence regarding witnesses'
13 financial interest in outcome of litigation and stating that such evidence is relevant to the
14 witnesses' credibility at trial); *SEC v. Sabhlok*, No. 08-cv-4238, 2010 WL 211326, at *2 (N.D.
15 Cal. Jan. 12, 2010) (finding that the fee agreement of an expert witness is relevant to bias).

16       Evidence of a business, familial, or other types of relationships with counsel or a party
17 is also relevant for establishing bias.  *See, e.g.*, *United States v. Canales*, 744 F.2d 413, 425
18 (5th Cir. 1984) (concluding that the trial court properly admitted testimony on cross-
19 examination regarding the witness's relationship with counsel because such testimony was
20 relevant to show bias).  According to the *Canales* Court:

21       Among the commoner sorts of circumstances [admissible to show
22       a witness' bias] are all those involving some intimate family
23       relationship to one of the parties . . . or some such relationship to
24       a person, other than a party, who is involved on one or the other
25       side of the litigation . . . .  The relation of employment . . . by one
26       of the parties, is also usually relevant.

27 *Id.* (alteration in original) (quoting 3A WIGMORE ON EVIDENCE § 949 (Chadbourn rev. 1970)).
28 Several IPP class representatives have already testified that they have longstanding personal

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 5
Case No. 07-5944 SC
MDL No. 1917
2

and business relationships with class counsel. *See, e.g.*, J. Figone Dep. Tr. 142:11-145:9 (Oct. 19, 2012) (testifying that he has worked "on and off" for Alioto's No. 8, a restaurant for which Mario Alioto is a part owner/shareholder, for the last 25 years and has known Mr. Alioto that entire time period). Other courts have similarly held that evidence of a witness's relationship with a party or counsel is relevant on cross-examination to show bias. *See, e.g.*, *United States v. Robinson*, 530 F.2d 1076, 1079-80 (D.C. Cir. 1976) (concluding that testimony regarding the witness's prior business relationship with the defendant was relevant to demonstrate bias); *see also* 1 Kenneth S. Broun, MCCORMICK ON EVIDENCE, § 39 (7th ed. 2013) (stating that family or business relationships are common sources of bias).

Moreover, evidence of bias or prejudice is not collateral and therefore may be proved both by examination of a witness and by introduction of extrinsic evidence. *Behler v. Hanlon*, 199 F.R.D. 553, 557 (D. Md. 2001); *see also Abel*, 469 U.S. at 52 ("The 'common law of evidence' allowed the showing of bias by extrinsic evidence, while requiring the cross-examiner to 'take the answer of the witness' with respect to less favored forms of impeachment."); 1 Kenneth S. Broun, MCCORMICK ON EVIDENCE, § 39 (7th ed. 2013) ("Yet, if the witness on cross-examination denies or does not fully admit the facts claimed to show bias, the attacker has a legitimate need to prove those facts by extrinsic evidence. In courtroom parlance, facts showing bias are considered so highly probative of credibility that they are never deemed 'collateral.'"). Nor does a witness need to first "open the door" before testimony on bias may be elicited during cross-examination. *See* Roger Park & Tom Lininger, THE NEW WIGMORE: A TREATISE ON EVIDENCE: IMPEACHMENT AND REHABILITATION, § 6.1 (2014) ("Cross-examination may inquire into the alleged bias of a witness even if the proponent of the witness did not first broach the subject or otherwise 'open the door' to a discussion of bias. The mere fact that a witness is testifying justifies an inquiry into possible bias.").

Indeed, this Court has previously rejected similar attempts by a plaintiff to categorically exclude testimony regarding class representatives' fee agreements and relationships with class counsel. *See In re Tableware Antitrust Litig.*, No. 04-cv-3514, 2007

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 5
Case No. 07-5944 SC
MDL No. 1917
3

WL 781960, at *2 (N.D. Cal. Mar. 13, 2007). In *Tableware*, Chief Judge Walker rejected an almost identical motion *in limine* by class counsel. *See id.* ("Because referencing the class representatives' relationships with counsel, involvement in previous litigation and fee agreements with class counsel may be admissible for the purpose of impeachment, categorical exclusion under plaintiffs' motion is inappropriate.").

Here, the IPPs urge a categorical exclusion of any reference to or evidence regarding any fee agreements or relationship with class counsel without ever addressing such evidence's admissibility for impeachment purposes. Further, the caselaw cited by the IPPs is wholly inapposite to the admissibility of such evidence for the purposes of impeachment. Instead, the IPPs rely (IPP MIL No. 5 at 2-3) upon caselaw related to the adequacy of the class representatives. *See In re Google Adwords Litig.*, No. 08-cv-03369, 2010 WL 4942516 (N.D. Cal. Nov. 12, 2010) (addressing at the class certification stage whether certain documents subject to a motion to compel were relevant to the court's class certification decision); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 594-95 (N.D. Cal. 2010) (addressing at the class certification stage whether a class representative's familial relationship with counsel impacted the court's adequacy determination); *In re Static Random Access Memory ("SRAM I") Antitrust Litig.*, 264 F.R.D. 603, 609 (N.D. Cal. 2009) (addressing at the class certification stage whether a class representative's familial or business relationship with counsel impacted court's adequacy determination). But none of these cases stands for the proposition that evidence regarding a class representative's financial stake in the litigation or familial or business relationship with IPP counsel is irrelevant or inadmissible at trial to demonstrate bias.

The Toshiba Defendants should not be subject to a blanket prohibition concerning any reference to or evidence regarding any relationship or fee agreement that any witness may have with IPP counsel. Further, the circumstances for which such testimony by be relevant at trial cannot be foreseen. For example, a witness may give the impression to the jury that they have no relationship with IPP counsel or have little financial interest in the case. The Toshiba Defendants would certainly be allowed to cross-examine the witness or introduce extrinsic

evidence to the contrary in those circumstances. That a witness's testimony cannot be predicted prior to trial is exactly why such broad motions to exclude evidence as the one the IPPs have put forth here are disfavored and should be denied. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, No. 08-cv-8525, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010).

### III. CONCLUSION

For these reasons, the Court should deny the IPPs' motion *in limine* number 5.

Respectfully submitted,

Dated: February 27, 2015

**WHITE & CASE LLP**

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CERTIFICATE OF SERVICE**

On February 27, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE NO. 5: MOTION TO PRECLUDE REFERENCE TO RELATIONSHIPS BETWEEN LAWYERS AND PLAINTIFFS" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: */s/ Lucius B. Lau*
Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 5
Case No. 07-5944 SC
MDL No. 1917