MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Indirect-Purchaser Class Action* | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 6:** |
| *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | **TO EXCLUDE IMPROPER CHARACTERIZATIONS OF OR REFERENCES TO DEFENDANTS AND ALLEGED CO-CONSPIRATORS** |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776; | |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | Hearing Date: None<br>Time: None |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | Courtoom: One, 17th Floor |
| | The Honorable Samuel Conti |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514; | |

1  
2  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;  
3  
4  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;  
5  
6  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;  
7  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.

The undersigned Indirect Purchaser Plaintiffs ("Plaintiffs") hereby submit this Response to Defendants' Joint Motion *in Limine* to Exclude Improper Characterizations of or References to Defendants and Alleged Co-Conspirators ("Defendants' MIL No. 6") [Dkt. No. 3569].

## I.   ARGUMENT

Defendants' MIL No. 6 seeks to exclude purported "improper characterizations of or references to Defendants and their alleged co-conspirators." Plaintiffs do not oppose Part II of the motion, which seeks to preclude "negative stereotyping of Asian firms and Asian business culture." For the reasons set forth below, Part I and Part III of the motion should be denied.

### A.   The Court Should Deny Defendants' Motion as to "Inflammatory Rhetoric."

Part I of Defendants' MIL No. 6 seeks to exclude four specific phrases from the upcoming trial – namely, "convicted criminals," "felons," "admitted price-fixers" and "cartelists." It also seeks to exclude other, undefined "rhetoric" that someone may deem "inflammatory."

The latter aspect of the motion, seeking an order precluding the use of "inflammatory rhetoric," should be denied for failure to identify the precise relief sought. "[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co. v. Terex Cranes Wilmington, Inc.,* No. CV 08-8525 PSG PJWx, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (citation omitted). Other than the four specific terms identified in the motion, Defendants fail to define what they believe to be objectionable "inflammatory rhetoric." The imprecise relief sought by Defendants would result in a vague, ambiguous, and problematic pretrial Order. *See, e.g., Robinson v. HD Supply, Inc.,* No. 2:12-CV-00604-GEB-AC, 2014 WL 585416, at *3 (E.D. Cal. Feb. 14, 2014) (denying motion *in limine* "[s]ince it is unclear precisely what evidence Defendant seeks to exclude"); *Engman v. City of Ontario*, No. EDCV 10-284 CAS PLAX, 2011 WL 2463178, at *3 (C.D. Cal. June 20, 2011) (denying motion *in limine* "[b]ecause defendants have not identified any particular statement that they seek to preclude").

"[M]otions *in limine* should rarely seek to exclude broad categories of evidence, as the

1

1  court is almost always better situated to rule on evidentiary issues in their factual context during
2  trial." *Colton Crane*, 2010 WL 2035800, at *1 (citations omitted).  Entry of the overbroad Order
3  sought by Defendants only would invite unwarranted objections at trial whenever Plaintiffs
4  characterize Defendants as bad actors – even where the abundant evidence of their unlawful price-
5  fixing activities plainly supports such characterizations.  No such Order is necessary to ensure that
6  Plaintiffs avoid improper rhetoric and present their case with appropriate care and decorum.  *See*
7  N.D. Cal. Civil L.R. 11-4(a)(4).

8  Defendants also object to four specific terms – "convicted criminals," "felons," "admitted
9  price-fixers" and "cartelists" – claiming they are "[i]nappropriate epithets" that would improperly
10  "smear" the Defendants and "mislead" the jury.  Plaintiffs have no intention of using such terms or
11  their equivalents where they are unsupported by the evidence.  Yet, these phrases are entirely
12  accurate as to Defendant Samsung SDI Company, Ltd., which pled guilty and was convicted of
13  violating the Sherman Antitrust Act by participating in a conspiracy among major CDT producers
14  to fix prices, reduce output, and allocate market shares.[1]

15  A company that has admitted its participation in an unlawful price-fixing cartel and pled
16  guilty to a felony violation of 15 U.S.C. § 1 is, in fact, a "convicted criminal," a "felon," an
17  "admitted price-fixer" and a "cartelist."  Far from being misleading or abusive, as Defendants
18  suggest, describing Defendant Samsung SDI Company, Ltd. in this manner is true and correct.  It
19  is difficult to conceive how any purported danger of unfair prejudice or confusion could
20  "*substantially outweigh*" the probative value of accurately describing the Samsung SDI criminal
21  conviction.  Fed. R. Evid. 403 (emphasis added).  A pretrial Order precluding the use of
22  unimpeachable factual statements is unwarranted.  *Cf. Tunnell v. Ford Motor Co.,* No. 4:03-CV-
23  00074, 2005 WL 3776353, at *2 (W.D. Va. Apr. 18, 2005) ("[T]he Court agrees with Ford's
24  argument that no legal authority exists for the Court to censor in advance the words Ford is

---

[1] *See United States v. Samsung SDI Company, Ltd.*, No. 3:11-cr-00162-WHA, Amended Plea Agreement, Dkt. 40-1, at ¶¶ 4(a), 4(c), and Judgment, Dkt. 56 (N.D. Cal. Aug. 8, 2011) (Samsung SDI Company, Ltd.).

ultimately permitted to use in describing the evidence that it presents at trial when it is not yet clear whether the evidence will support those descriptions.  As the evidence unfolds during trial, both parties will have ample opportunity to object to descriptions that mischaracterize that evidence.").

For these reasons, Defendants' MIL No. 6 should be denied as to "inflammatory rhetoric."

### B. The Court Should Not Compel Plaintiffs to Refer to Defendants and Their Alleged Co-Conspirators by Their Specific, Individual Corporate Entity Names.

In Part III of their motion, Defendants ask the Court to "compel Plaintiffs and their witnesses to refer to Defendants and their alleged co-conspirators by their specific, legal corporate entity names," and to prohibit generic references to corporate family names such as "Hitachi," Philips," or "Panasonic."  The motion should be denied.[2]

It bears emphasis that Defendants do *not* seek any relief regarding "the introduction of evidence."  Defendants' MIL No. 6 at 10.  Therefore, Defendants seek no relief as to the innumerable instances in which the documents, deposition testimony and other evidence will show that during the conspiracy Defendants and their co-conspirators used generic company names to describe themselves and other members of the conspiracy.[3]  Besides being impractical, modifying the documents and testimony to superimpose Defendants' "specific, legal corporate entity names" whenever their names are mentioned would greatly distort the evidence. Therefore, Defendants' motion should be denied insofar as it may pertain to any documents, deposition testimony, or other

---

[2] The Hitachi Defendants filed a similar motion *in limine* addressed to one of their related entities, though their motion states that it applies only to the *Best Buy* plaintiffs' case, and not the Indirect Purchaser Class Actions. *See* Dkt. No. 3536 (Hitachi Defendants' Motion in Limine re SEG). At all events, Plaintiffs oppose the Hitachi Defendants' motion for substantially the same reasons stated herein.

[3] *See, e.g.*, Ex. A (HDPCRT00048694E-95E) (meeting summary referring generally to "Samsung," "LG," "Toshiba," "Chunghwa," "Philips," "CPT," "Orion" and "SDI,"); Ex. B (CHU00028755.01E—28756.02E) (minutes from meeting, identifying meeting attendees' company affiliations generally as "Samsung," "LG," "Daewoo," "Philips," "Hitachi," and "Matushita"); Ex. C (SDCRT-0086690) (Philips letter of introduction, signed as "President & CEO" of "Philips Components Asia Pacific," and not as employee of a specific subsidiary).

immutable evidence.

On the last page of their motion, Defendants make clear that their primary concern is how Plaintiffs' counsel and witnesses may "discuss and characterize the evidence." Defendants' MIL No. 6 at 10. According to Defendants, Plaintiffs "hope" that by using "generic references" to describe the members of the conspiracy, they can "confuse and mislead the jury" into reaching conclusions "regardless of the law and actual facts" (*id*. at 7-8); "obscure" a variety of "potentially dispositive issues" (*id*. at 9); and ultimately "eliminate" or "end run" their evidentiary burden (*id*. at 7, 9). The "only way" to avoid this purported scheme, Defendants argue, is to prevent the use of generic names altogether. *Id*. at 9.

Defendants' hyperbole provides no basis for the requested relief. As Plaintiffs alleged early in the case, Defendants' "employees engaged in conspiratorial meetings on behalf of members of their corporate families"; during such meetings the "participants did not always know the corporate affiliation of their counterparts and did not distinguish between the entities within a corporate family"; and meeting participants "'entered into agreements on behalf of, and reported these meetings and discussions to, their respective corporate families. As a result, the entire corporate family was represented in meetings and discussions by their agents and was a party to the agreements reached in them.'" *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1019 (N.D. Cal. 2010) (denying motion to dismiss and quoting ¶ 188 of the Plaintiffs' complaint, Dkt. No. 437, now ¶ 191 of the operative Plaintiffs' complaint, Dkt. No. 1526). As noted above, the evidence to be presented at trial will amply support those allegations.

If Defendants' own documents and witnesses use "generic" company names such as "Toshiba" and "Samsung," there is no valid basis for a blanket prohibition against Plaintiffs and their witnesses doing the same. Indeed, imposing such a prohibition would infringe on Plaintiffs' right to argue to the jury that the evidence supports the reasonable inference that all members of the referenced corporate family joined the alleged conspiracy. Were Plaintiffs to accurately describe or cite such evidence in this manner, in no way would it be part of an effort to "end run"

4

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT
MOTION *IN LIMINE* NO. 6 TO EXCLUDE IMPROPER CHARACTERIZATIONS
OF OR REFERENCES TO DEFENDANTS AND ALLEGED CO-CONSPIRATORS
Master File No. 3:07-cv-5944 SC

any evidentiary burden.  Nor would doing so be "misleading" or "confusing" for the jury; to the contrary, it would be eminently *more* confusing were the jury to receive evidence using generic corporate names, such as "Toshiba," but Plaintiffs' counsel and witnesses were required to use different monikers at all times, such as "Toshiba America Electronics."

If and when a distinction must be made between the various Defendant-entities, the parties or the Court can do so efficiently and effectively without a Court order approving only a limited set of approved names to be used at trial.  If Defendants believe witness testimony is inaccurate or vague as to corporate identity, they can make that point on cross-examination.  If they believe Plaintiffs' counsel are presenting a case lacking sufficient evidence to show that certain Defendants joined the conspiracy, Defendants' counsel can argue that point to the jury.  And the parties already have agreed that the jury should be instructed before and after the evidence is presented that "[a]rguments and statements by lawyers are not evidence" – a standard instruction that protects both parties against unsupported advocacy. *See* NINTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS, No. 1.7 ("What Is Not Evidence?").

There is no need for an Order mandating that on every occasion a Defendant is referenced, the "specific, individual corporate entity names" be identified in full or by some shorthand preferred by Defendants.[4]  If it arises at all, this issue can and should be resolved by competent trial counsel through advocacy, based on the specific facts and evidence at issue, and not by the instant motion.

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court deny Part I and Part III of Defendants' MIL No. 6.

---

[4] In a footnote, Defendants "propose reaching an agreement with Plaintiffs" regarding how they want to be described, but Defendants have initiated no such discussion with Plaintiffs. *Id*. at 7 n.10.

5

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT
MOTION *IN LIMINE* NO. 6 TO EXCLUDE IMPROPER CHARACTERIZATIONS
OF OR REFERENCES TO  DEFENDANTS AND ALLEGED CO-CONSPIRATORS
Master File No. 3:07-cv-5944 SC

| | |
|---|---|
| Dated: February 27, 2015 | By:  /s/ Mario N. Alioto |

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:     (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email: gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*

6

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT
MOTION IN LIMINE  NO. 6 TO EXCLUDE IMPROPER CHARACTERIZATIONS
OF OR REFERENCES TO  DEFENDANTS AND ALLEGED CO-CONSPIRATORS
Master File No. 3:07-cv-5944 SC

6

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT
MOTION *IN LIMINE*  NO. 6 TO EXCLUDE IMPROPER CHARACTERIZATIONS
OF OR REFERENCES TO  DEFENDANTS AND ALLEGED CO-CONSPIRATORS
Master File No. 3:07-cv-5944 SC