Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 6:  MOTION TO PRECLUDE REFERENCE TO PLAINTIFFS' ATTENDANCE OR NON-ATTENDANCE AT TRIAL** |
| This Document Relates to:<br><br>*The Indirect Purchaser Action* | |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ....................................................................................................................... 1

III. CONCLUSION .................................................................................................................... 4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 6
Case No. 07-5944 SC,
MDL No. 1917
i

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Page(s)**

*Dunkin v. Dorel Asia SRL*,
  No. 5:10-CV-00004 JWS, 2012 WL 1033563
  (D. Alaska Mar. 27, 2012) ................................................................................................. 2

*Murray v. Sevier*,
  156 F.R.D. 235 (D. Kan. 1994) ......................................................................................... 2

*Obrey v. England*,
  215 Fed. App'x 621, 2006 WL 3825350 (9th Cir. Dec. 6, 2006) ...................................... 1

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ........................................................................................................... 2

*United States v. Yida*,
  498 F.3d 945 (9th Cir. 2007) ............................................................................................. 1

*Weikel v. Tower Semiconductor Ltd.*,
  183 F.R.D. 377 (D.N.J. 1998) ........................................................................................... 3

## I. INTRODUCTION

The Toshiba Defendants do not intend to comment at trial on the absence of IPP class members or on any intermittent absence of the Plaintiffs who are IPP class representatives. But the Toshiba Defendants do intend to comment upon the outright failure of any class representative to appear to testify at trial. The class representatives are parties in the case — Plaintiffs asserting claims against the Toshiba Defendants — and a failure by them to appear and be available for live testimony at trial prejudices the Toshiba Defendants and is fair ground for comment.

Counsel for the IPPs have indicated during pretrial evidentiary exchanges that they intend to provide live testimony at trial from only two of the twenty-five Plaintiffs who are class representatives, these two being the class representative Plaintiffs residing in California. Counsel for the IPPs apparently intend to keep the remaining twenty-three Plaintiffs away from court. This strategy insulates the overwhelming majority of these IPP Plaintiffs from live cross-examination in front of the jury. Such live cross-examination could be important in this case because there are important questions about the credibility of these Plaintiffs, most of whom do not have any evidence corroborating their assertions that they bought CRT products in the relevant states and in the relevant period. If the IPP counsel pursue a strategy of depriving the jury of an opportunity to assess the credibility of these Plaintiffs, then the Toshiba Defendants are entitled to comment on that strategy. These Plaintiffs are not mere witnesses and are not beyond the control of the IPPs; they are parties themselves who are electing to avoid the courthouse.

## II. ARGUMENT

The Ninth Circuit has expressed a "preference for live testimony" over testimony taken earlier in a case because it "gives the jury the opportunity to observe the demeanor of the witness while testifying." *United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007) (recounting longstanding preference for live testimony before the jury); *see also Obrey v. England*, 215 Fed. App'x 621, 2006 WL 3825350, at *1 (9th Cir. Dec. 26, 2006) (expressing the Ninth Circuit's "strong preference for oral testimony in open court"). That preference is

in accord with Rule 32(a)(4)(E) of the Federal Rules of Civil Procedure, which stresses "the importance of live testimony in open court." Having the jury assess the credibility of the IPP class representatives is crucial here given the contested nature of the facts surrounding the alleged purchases by these class representatives. Limiting the jurors' full assessment of credibility to only the California class representatives would undermine the preference for live testimony because each statewide class is asserting claims under distinct state laws. Having twenty-one statewide classes proceed at trial without a live witness whose credibility could be weighed would prevent the jurors from making a fully-informed determination of liability under each state's law.

The IPPs cite to *Dunkin v. Dorel Asia SRL*, No. 5:10-CV-00004 JWS, 2012 WL 1033563 (D. Alaska Mar. 27, 2012), in support of their argument that any reference to the absence of class representatives at trial would be irrelevant (IPP MIL No. 6 at 2), but in *Dunkin*, one or both of the plaintiffs expected to be absent for only "portions of the trial." *Dunkin*, 2012 WL 1033563, at *2. This is a far cry from the IPPs' strategy of having class representatives from twenty-one of twenty-two state classes absent from the entirety of trial. And the *Dunkin* court specifically left open the question of whether the defendants should be foreclosed from commenting on the failure of the plaintiffs to call particular witnesses and denied the plaintiffs' motion on that point. *Id.* Because the absence of the class representatives at trial is directly linked to the IPPs' failure to call them as live witnesses, the Court, to extent it is inclined to follow *Dunkin* at all, should similarly deny the IPPs' motion. The IPPs' other cited case, *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797 (1985), centered on whether Kansas law conflicted with the Due Process Clause and says nothing about a defendants' right to comment on the absence of class representatives at trial.

The IPPs also cite to jury instructions from other cases that limit the jurors' ability to hold the absence of *class members* against the class plaintiffs or to construe the absence of *class members* as a lack of concern or interest on their part. IPP MIL No. 6 at 2-3. Those jury instructions are not germane to the IPPs' request because they say nothing about whether references to the absence of **Plaintiff class representatives** at trial is permissible under the

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 6
Case No. 07-5944 SC,
MDL No. 1917

1  Federal Rules of Evidence.  Plaintiff class representatives stand on different footing than
2  mere class members.  And again, the Toshiba Defendants do not intend to comment on the
3  absence of class members as distinct from the Plaintiff class representatives.
4     The IPPs' motion seems to rest on a broad assumption that the class representatives'
5  absence from trial is inconsequential or unimportant.  This assumption is false, not only
6  under the circumstances here, but more broadly.  In other cases, the *potential* absence of a
7  class representative from trial has led courts to rule that the class representative is inadequate.
8  *See, e.g.*, *Weikel v. Tower Semiconductor Ltd.*, 183 F.R.D. 377, 397 (D.N.J. 1998) (class
9  representative was inadequate when he required six to seven weeks' notice before he could
10 attend trial); *see also Murray v. Sevier*, 156 F.R.D. 235, 257 (D. Kan. 1994) (approving
11 transfer of class action and stating that, "it is reasonable to assume that [class representative]
12 will have to be present" for at least portions of the trial).  In light of the recognized
13 importance of class representatives' attendance and participation at trial, the Toshiba
14 Defendants should be permitted to comment on their unexplained absence.  If the Toshiba
15 Defendants were wrongly foreclosed from commenting on the IPP class representatives' self-
16 imposed exile from trial, jurors may well conclude that they absence of these parties was no
17 choice or fault of their own, and the jurors may excuse a failure of adequate proof.  There is,
18 in short, no basis under Rule 403 or otherwise to prohibit the Toshiba Defendants from
19 accurately informing the jury that the IPP class representatives are parties who chose not to
20 appear and testify at trial.

           \*   \*   \*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### III. CONCLUSION

For these reasons, the Court should deny the IPPs' motion *in limine* number 6.

Dated: February 27, 2015

Respectfully submitted,

**WHITE & CASE** LLP

By:  */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 6
Case No. 07-5944 SC,
MDL No. 1917
4

**CERTIFICATE OF SERVICE**

On February 27, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 6: MOTION TO PRECLUDE REFERENCE TO PLAINTIFFS' ATTENDANCE OR NON-ATTENDANCE AT TRIAL" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:    */s/ Lucius B. Lau*
       Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 6
Case No. 07-5944 SC,
MDL No. 1917