Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 7: MOTION TO PRECLUDE REFERENCE TO OR ARGUMENT ABOUT HOW PLAINTIFFS BECAME INVOLVED IN THIS CASE OR THAT THE CASE IS "LAWYER DRIVEN"** |
| This Document Relates to:<br><br>*The Indirect Purchaser Action* | |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION .................................................................................................... 1

II.  ARGUMENT .......................................................................................................... 1

    A.    Evidence Regarding How A Plaintiff Became Involved In The Case May Be Relevant For Impeachment Or Other Purposes ........................... 1

    B.    The IPPs' Request To Preclude References To Its Case Being "Lawyer-Driven" Or Similar Characterization Is Overly-Broad And Vague .................................................................................................................. 3

III. CONCLUSION ....................................................................................................... 4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO THE IPPS' MOTION *IN LIMINE* NO. 7
Case No. 07-5944 SC,
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Colton Crane Co. v. Terex Cranes Wilmington, Inc.*,
  No. 08-8525, 2010 WL 2035800 (C.D. Cal. May 19, 2010) .......................................................3

*Feezor v. Golden Bear Restaurant Group, Inc.*,
  No. 09-03324, 2012 WL 2873353 (E.D. Cal. July 12, 2012) ......................................................3

*In re High Pressure Laminates Antitrust Litig.*,
  MDL No. 1368 (S.D.N.Y.) ..........................................................................................................2

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
  No. 07-01819, 2010 WL 10086747 (N.D. Cal. Dec. 16, 2010) .................................................2

*In re Tableware Antitrust Litig.*,
  No. C-04-3514 VRW, 2007 WL 781960 (N.D. Cal. Mar. 13, 2007) .........................................1

**FEDERAL RULES**

Fed. R. Evid. 403 ................................................................................................................................2

**OTHER AUTHORITIES**

McCormick, Evidence § 185 (7th ed. 2013) .....................................................................................1

## I. INTRODUCTION

The jury has a right to know background information on witnesses to assess their credibility. How the plaintiffs became involved in the case may also be an appropriate subject for inquiry for impeachment purposes. Because the IPPs' motion *in limine* number 7 seeks to preclude such evidence and comment, it should be denied. Furthermore, the IPPs' request to preclude reference to the case as "lawyer-driven" or similar characterizations is too vague to determine exactly what evidence is sought to be precluded, which provides another reason the motion should be denied.

## II. ARGUMENT

### A. Evidence Regarding How A Plaintiff Became Involved In The Case May Be Relevant For Impeachment Or Other Purposes

The IPPs' motion seeks a blanket prohibition on inquiries and arguments about how the class representatives became involved in the case. A blanket prohibition will deprive the Toshiba Defendants from presenting evidence that goes directly to the circumstances that gave rise to the filing of these cases. The jury should know the factual context of the case before it and the motives of the class plaintiffs and witnesses. *See* 1 McCormick, Evidence § 185 (7th ed. 2013) (courts permit considerable leeway in admitting facts that "fill in the background of the narrative and give it interest, color, and lifelikeness"). When a class representative became aware of the alleged conspiracy and what he or she did after learning about the conspiracy (*i.e.*, whether he or she kept buying Defendants' products) is also relevant. More importantly, references to these issues "may be admissible for the purpose of impeachment." *In re Tableware Antitrust Litig.*, No. C-04-3514 VRW, 2007 WL 781960, at *2 (N.D. Cal. Mar. 13, 2007). It may be that direct testimony by the individual class representatives or other evidence offered by the IPPs will open the door and make it appropriate for the Toshiba Defendants to offer evidence on subjects related to the individuals' personal circumstances. At this time, the Toshiba Defendants simply do not know what the IPPs' witnesses will testify to at trial. Due to the possibility that this

impeachment evidence may be relevant, "categorical exclusion under plaintiffs' motion is inappropriate." *Id*.

Certain of the cases that the IPPs rely upon do not support the blanket prohibition that the IPPs seek here. For example, in *SRAM*, plaintiffs sought to exclude "reference to or evidence of any IP class representative's alleged inadequacy as a class representative due to relationships with counsel." No. 07-01819, 2010 WL 10086747, at *3 (N.D. Cal. Dec. 16, 2010). The Court had previously held that adequacy of the class representatives was not a jury question. *Id*. Therefore, the Court found that evidence going to the issue of the adequacy of the class representative due to relationship with counsel was irrelevant. *Id*. Nevertheless, in granting the motion, the court left open the door for introduction of evidence as to the relationship with counsel if it became relevant. *Id*. ("If there is a development that suggests a need for such evidence, counsel are to make a request to the Court before proffering the evidence."). Here, the IPPs' motion is not limited to precluding this evidence to challenge the adequacy of the class representative, but rather seeks blanket preclusion of all evidence related to how the plaintiff became involved in the case for any reason. Aside from issues related to adequacy of the class representative, this evidence may properly be used by the Toshiba Defendants to impeach the class representatives' credibility on cross-examination by showing the existence of bias, interest, or prejudice. Another authority cited by the IPPs in support of this motion (*i.e.*, the jury instruction from *In re High Pressure Laminates Antitrust Litig.*, MDL No. 1368 (S.D.N.Y.) (IPP MIL No. 7 at 3)), consists of jury instructions to the effect that the decision to use the procedural vehicle of a class action should not determine the outcome of a case, which is an unremarkable proposition that has no bearing upon the issues raised in this motion.

The IPPs assert that the use of such evidence at trial would be "unfairly prejudicial" (IPP MIL No. 7 at 2), but the IPPs make no attempt to actually demonstrate how they would be unfairly prejudiced. The IPPs fail to explain what it is about the manner in which the plaintiffs became involved in the litigation that would "evoke pejorative feelings about class actions." *Id*. Without knowing the specific use of the evidence related to the plaintiffs'

involvement in the case, it is impossible to complete the balancing test under Rule 403 to determine whether the probative value is "substantially outweighed" by unfair prejudice. Fed. R. Evid. 403. Accordingly, the Court should defer making evidentiary rulings on these issues until it becomes clear at trial how the class representative will testify and, therefore, what information the defendants may properly use to impeach that testimony.

### B.     The IPPs' Request To Preclude References To Its Case Being "Lawyer-Driven" Or Similar Characterization Is Overly-Broad And Vague

The IPPs argue that "the Court should preclude Defendants from referring to this case as being lawyer-driven or making any similar characterization of the case before the jury (*e.g.*, references to attorneys' fees, rates, wealth, or motives)." IPP MIL No. 7 at 2. Yet, the IPPs do not elaborate about what "similar characterizations" they seek to exclude, instead providing a list of vague, non-exhaustive examples. Courts should deny motions *in limine* where the specific evidence sought to be excluded is not properly defined in the motion. *See Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, No. 08-8525, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (citation omitted) ("Motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial."). In *Feezor*, the plaintiff sought to prevent defense counsel "from making disparaging remarks against the plaintiff, his counsel, their motives, or ADA litigation in general in the presence of the jury." *Feezor v. Golden Bear Restaurant Group, Inc.*, No. 09-03324, 2012 WL 2873353, at *1 (E.D. Cal. July 12, 2012). The court denied the motion as it could not determine with specificity what evidence was involved in the motion. *Id.* Similarly here, the IPPs request to preclude any disparaging remarks about the case being "lawyer-driven" or similar characterizations is too vague to determine exactly what type of evidence is sought to be excluded. As such, the Court should decline to grant the categorical relief sought by the IPPs and, instead, address the issue at trial in response to specific objections.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   Furthermore, some of the plaintiffs' lawyers in this case have inserted themselves into the facts by having possession of the CRT products at issue and taking photographs of the CRTs within the products to determine the CRT manufacturer.  *See, e.g.*, Declaration of Zsolt Tolgyesi, Dkt. 1654-5 (Feb. 6, 2013) (Ex. 4 to the Reply Brief in Support of Indirect-Purchaser Plaintiffs' Motion for Class Certification), at ¶ 4 (declaration of class counsel indicating that counsel had possession of client's CRT television at issue in the litigation and removed the back of the product to take photographs of the CRT within the television).  It is essential to plaintiffs' claims to be able to show that the manufacturer of the CRT in the product at issue is among the alleged conspirators.  It may be necessary to elicit how the plaintiff learned of the manufacturer of the CRT in its product and the fact that a lawyer determined the identity of the CRT manufacturer should not be excluded under the IPPs' overbroad motion.

### III.   CONCLUSION

For these reasons, the Court should deny the IPPs' motion *in limine* number 7.

Respectfully submitted,

Dated:  February 27, 2015                    **WHITE & CASE** LLP

By*:   /s/ Lucius B. Lau*
    Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
    Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
    Dana E. Foster (*pro hac vice*)
    defoster@whitecase.com
    701 Thirteenth Street, N.W.
    Washington, DC  20005
    tel.: (202) 626-3600
    fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**CERTIFICATE OF SERVICE**

On February 27, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE NO. 7: MOTION TO PRECLUDE REFERENCE TO OR ARGUMENT ABOUT HOW PLAINTIFFS BECAME INVOLVED IN THIS CASE OR THAT THE CASE IS 'LAWYER DRIVEN'" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: */s/ Lucius B. Lau*
 Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005