Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates to: | |
| *Sharp Electronics Corp.,* et al. *v. Hitachi, Ltd.,* et al., Case No. 13-cv-1173 SC | **PLAINTIFFS SHARP ELECTRONICS CORPORATION & SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 8** |
| and | |
| *Sharp Electronics Corp.,* et al. *v. Koninklijke Philips Electronics N.V.,* et al., Case No. 13-cv-2776 SC. | [REDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL] |
| | Hearing Date:   None set<br>Judge:          Hon. Samuel Conti |

Defendants' Motion in Limine No. 8 purports to be directed to plaintiffs who seek "[t]o recover damages based on their domestic purchases of televisions and monitors containing CRTs whose prices were allegedly the subject of foreign price fixing . . . ."  Defs.' Mot. in Limine No. 8 (MDL Dkt. No. 3563) at 1.  Sharp[1] does not fall into this category; Sharp's claims for damages here are based entirely on purchases of CRTs bought in the United States – not purchases of televisions and monitors containing CRTs.  Sharp's Second Amended Complaint (MDL Dkt. No. 2621) at ¶¶ 1, 25-27.  Accordingly, to the extent that Defendants' brief relates to spillover effect through CRT finished products, it is irrelevant to Sharp.[2]

With respect to U.S. CRT prices, the evidence in the case suggests far more than a mere "spillover" effect on U.S. CRT prices from information exchanges or price-fixing occurring elsewhere.  Numerous communications and information exchanges involved information about or relating to the North American market, irrespective of where the communication took place.

---

[1]    "Sharp" refers to Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

[2]    Notably, presumably for this reason, Defendants excluded Sharp from their summary judgment motions in which they sought summary judgment against the plaintiffs for lack of cognizable antitrust injury under the FTAIA.  (MDL Dkt. Nos. 3006, 3008, & 3032.)

1

2

3

4

5

6

7

8  ████████████████████████████████████████████.

9        Sharp's fact witness, Toshihito Nakanishi, also stated that there was a relationship

10  between the Asian CRT prices and NAFTA CRT prices, which varied based only on costs of

11  shipments, tariffs, and duties.  Benson Decl., Ex. C, Deposition of Toshihito Nakanishi (July 30,

12  2014) at 357:6-358:20.

13        Likewise, Dr. Hausman, Sharp's economic expert, opined that

14

15        [I]nformation exchanges pertaining to the rest of the world can still have an effect
      on North American CPT prices.  As discussed above, while U.S. prices were
16      typically higher, both CPTs and finished televisions were imported into North
      America.  This opportunity to substitute imported CPTs and televisions limits the
17      extent to which prices can increase above competitive levels in North America.
      However, it also means that if prices in the rest of the world increase (due to
18      information exchanges in the rest of the world), the amount by which prices in
      North American can be increased above competitive levels due to information in
19      exchanges in North America also increases.

20  Expert Report of Dr. Jerry Hausman (April 15, 2014) at ¶ 29, Benson Decl., Ex. D.

21

22                                   **CONCLUSION**

23        For the foregoing reasons, Sharp respectfully requests that the Court deny

24  defendants' Motion in Limine No. 8.

25

26

27

DATED:  February 27, 2015        By:  /s/ *Craig A. Benson*

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*