Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*The Indirect Purchaser Action* | Case No. 07-5944 SC<br>MDL No. 1917<br><br>**THE TOSHIBA DEFENDANTS' RESPONSE TO IPPS' MOTION *IN LIMINE* NO. 10: MOTION TO EXCLUDE THE TESTIMONY OF WITNESSES NOT DESIGNATED PURSUANT TO THE COURT'S SCHEDULING ORDERS** |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................... 1

    A. The IPPs Have Not Identified Any Witnesses To Exclude Or Deadlines Missed ................................................................................................ 1

    B. Even If Some Witnesses Were Not Timely Disclosed, The IPPs Have Not Provided Sufficient Evidence For The Court To Grant The Motion *In Limine* ................................................................................................ 3

    C. The Caselaw Cited By The IPPs Undermines Their Request For Exclusion ........................................................................................................... 3

III. CONCLUSION ................................................................................................................. 5

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' RESPONSE TO IPPS' *MOTION IN LIMINE* NO. 10
Case No. 07-5944 SC
MDL No. 1917

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*,
  No. CV 08-8525 PSG (PJWx), 2010 WL 20358001 (C.D. Cal.
  May 19, 2010) ................................................................................................................. 1

*Galentine v. Holland Am. Line-Westours, Inc.*,
  333 F. Supp. 2d 991 (W.D. Wash. 2004) ........................................................................ 3

*Henderson v. Frank*,
  Case No. 99-CV-2268 W(CGA), 2001 WL 36167596 (S.D. Cal.
  Sept. 17, 2001) ................................................................................................................ 3

*Hill v. U.S. Dept. of Homeland Security*,
  570 Fed.Appx. 667 (9th Cir. 2014) ................................................................................. 4

*Ollier v. Sweetwater Union High Sch. Dist.*,
  768 F.3d 843, 861 (9th Cir. 2014) ............................................................................... 3,4

*Quevedo v. Trans-Pacific Shipping, Inc.*,
  143 F.3d 1255 (9th Cir. 1998) ........................................................................................ 4

*U.S. v. Cline*,
  188 F. Supp. 2d 1287 (D. Kan. 2002) ............................................................................. 1

*Wong v. Regents of the Univ. of California*,
  410 F.3d 1052 (9th Cir. 2005) ........................................................................................ 4

*Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*,
  259 F.3d 1101 (9th Cir. 2001) .................................................................................... 3, 4

**Rules**

Rule 26 ......................................................................................................................................... 1

Rule 26(a) .................................................................................................................................... 4

Rule 26(a)(1) ............................................................................................................................... 2

Rule 26(a)(2) ............................................................................................................................... 4

Rule 37(c)(1) ........................................................................................................................... 1, 3

## I. INTRODUCTION

The Court should deny the IPPs' motion *in limine* number 10 because it is vague, lacks sufficient particularity, and, at the very least, is premature. Although the IPPs rely upon the disclosure obligations of Rule 26 and the exclusionary sanction of Rule 37(c)(1), the IPPs do not specify the particular witnesses who they seek to exclude, much less identify which scheduling order the Toshiba Defendants allegedly failed to abide by in identifying their expert or percipient witnesses.

## II. ARGUMENT

### A. The IPPs Have Not Identified Any Witnesses To Exclude Or Deadlines Missed

The IPPs, in their cursory request for exclusion of witnesses not designated pursuant to the Court's scheduling orders, do not identify the witnesses they seek to exclude or the scheduling order they claim the Toshiba Defendants did not abide by. Moreover, the IPPs do not provide any specific reasons why any witnesses should be excluded. Without such evidence, it is impossible for the parties to address whether there actually was prior failure to disclose and, if so, for the Court to determine whether the failure was improper and merits the sanction of exclusion. *See Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("[M]otions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible.") (citing *United States v. Cline*, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002)).

The IPPs cite Rules 26 and 37 of the Federal Rules of Civil Procedure as the basis for their request that unnamed expert and percipient witnesses be excluded from testifying at trial. IPP MIL No. 10 at 2-3. Despite relying upon Rule 26 (*id.* at 2), the IPPs do not discuss the orders already issued in this case regarding the application of that rule. On June 3, 2010, the Court approved and adopted Special Master Legge's May 20, 2010 Report and Recommendation Regarding Case Management Conference, which states that "discovery now going on between the parties should supersede the necessity for also making Rule 26 disclosures." Dkt. No. 724, at 3; *see also* Stipulation and Order Regarding Service of

THE TOSHIBA DEFENDANTS' RESPONSE TO IPPS' *MOTION IN LIMINE* NO. 10
Case No. 07-5944 SC
MDL No. 1917

1 Complaints and Applicability of Prior Discovery Orders, Dkt. No. 1178, at 2 (waiving initial disclosure obligations for Defendants and DAPs). Accordingly, the Court, in assessing whether a witness was timely disclosed, cannot simply rely upon the issuance of Rule 26(a)(1) initial disclosures, but must consider whether the plaintiffs were sufficiently made aware of witnesses over the course of discovery.

The IPPs also vaguely reference witnesses who were not disclosed pursuant to the "Court's Scheduling Order." IPP MIL No. 10 at 2. The Court has issued a number of scheduling orders in this case, but the IPPs fail to identify which scheduling order they claim the Toshiba Defendants violated. The governing scheduling order, until it was vacated on February 9, 2015 (Dkt. No. 3515, at 1), was approved by the Court on December 8, 2014. Stipulation and Order Regarding Scheduling ("Scheduling Order"), Dkt. No. 3182. In that order, the Court directed the Defendants to "exchange . . . witness lists" by January 22, 2015. *Id*. at 3. The Defendants met this deadline. *See* Declaration of Lucius B. Lau, dated February 27, 2015, Ex. A (Defendants' Witness List, dated January 22, 2015). The Scheduling Order also required the "parties to exchange . . . witness lists" on February 13, 2015 (Dkt. 3182, at 4), but this outstanding deadline was vacated by the Court on February 9, 2015. Dkt. No. 3515, at 1 ("[T]he trial date, pre-trial conference, and ***all outstanding pre-trial deadlines*** are hereby VACATED" (emphasis added)). Given the history of the case, the IPPs' reliance upon the Court's Scheduling Order as a means to identify unnamed witnesses that they seek to exclude is puzzling because the final deadline to identify trial witnesses has yet to expire. Moreover, because the Plaintiffs are continuing to serve deposition notices and take discovery, additional relevant trial witnesses may still be identified.

The IPPs, in filing their motion *in limine* to preclude the Toshiba Defendants from rightfully amending their witness list, ignore the fact that the IPPs themselves have ***never*** served Rule 26(a)(1) initial disclosures, yet still identified 115 individuals in their initial witness list. Toshiba Ex. B (IPPs' Witness List, dated December 5, 2014). The Toshiba Defendants may have concerns about the timeliness and propriety of the IPPs' witness

selection, but are cognizant that contesting such selections now would be premature and unproductive.

### B. Even If Some Witnesses Were Not Timely Disclosed, The IPPs Have Not Provided Sufficient Evidence For The Court To Grant The Motion *In Limine*

Even assuming that the IPPs' are correct that some unnamed witnesses were not timely designated, the IPPs have not provided sufficient evidence for the Court to grant their motion.

Caselaw is clear that courts, in determining whether to exclude a witness that was not timely identified, consider whether the timing was "'substantially justified or harmless.'" *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (quoting Fed. R. Civ. P. 37(c)(1)). Importantly, witnesses that are deemed as not timely disclosed are still allowed to testify if a party proves the delay meets the "substantially justified or harmless" standard. Fed. R. Civ. P. 37(c)(1); *see also Galentine v. Holland Am. Line-Westours, Inc.*, 333 F. Supp. 2d 991, 993 (W.D. Wash. 2004) ("Rule 37(c)(1) establishes an either/or standard in determining whether non-disclosed information is admissible: the non-disclosed information may be admissible if the failure to disclose was either substantially justified or harmless.") (citing *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001)). Accordingly, the IPPs' failure to provide the names of the witnesses they seek to exclude renders the Court's assessment of the claimed delay impossible.

### C. The Caselaw Cited By The IPPs Undermines Their Request For Exclusion

The caselaw cited by the IPPs is inapposite and also undermines their request for exclusion of unnamed witnesses. Each of the cases cited by the IPPs in support of their motion describes instances where parties sought to exclude specifically named witnesses that were identified in the litigation after a designated deadline had expired. *See Henderson v. Frank*, Case No. 99-CV-2268 W(CGA), 2001 WL 36167596, at *1 (S.D. Cal. Sept. 17, 2001) ("Defendant seeks to bar Plaintiff's proposed expert witnesses Brittain, Koeller and Shao because they were not timely designated while the expert discovery period was still open.");

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  *Hill v. U.S. Dept. of Homeland Security*, 570 Fed.Appx. 667, 669 (9th Cir. 2014) (affirming district court's decision to preclude six lay witnesses identified after Rule 26(a) disclosure deadline); *Ollier*, 768 F.3d at 862 (affirming district court's decision to preclude 38 witnesses that were not identified by Rule 26(a) disclosure or discovery deadlines); *Quevedo v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (affirming exclusion of expert report not disclosed by Rule 26(a)(2) expert disclosure deadline); *Wong v. Regents of the Univ. of California*, 410 F.3d 1052, 1059, 1060 (9th Cir. 2005) (affirming the exclusion of expert opinion and evidence from two doctors that were identified after the deadline established in pre-trial order); *Yeti By Molly, Ltd.*, 259 F.3d 1101, 1105 (9th Cir. 2001) (affirming district court's exclusion of expert witness because, although timely designated, his expert report was delayed two-and-a-half years).

The lack of caselaw supporting the IPPs' request for a blanket exclusion of unnamed witnesses not subject to a defined deadline reinforces the conclusion that the IPPs' motion is vague and, if anything, premature.

\*     \*     \*

THE TOSHIBA DEFENDANTS' RESPONSE TO IPPS' *MOTION IN LIMINE* NO. 10
Case No. 07-5944 SC
MDL No. 1917
4

### III. CONCLUSION

For these reasons, the Court should deny the IPPs' motion *in limine* number 10.

Dated: February 27, 2015

Respectfully submitted,

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' RESPONSE TO IPPS' *MOTION IN LIMINE* NO. 10
Case No. 07-5944 SC
MDL No. 1917
5

**CERTIFICATE OF SERVICE**

On February 27, 2015, I caused a copy of the "THE TOSHIBA DEFENDANTS' RESPONSE TO IPPS' MOTION *IN LIMINE* NO. 10: MOTION TO EXCLUDE THE TESTIMONY OF WITNESSES NOT DESIGNATED PURSUANT TO THE COURT'S SCHEDULING ORDERS" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: ___*/s/ Lucius B. Lau*___
Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005