Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 14:  MOTION TO LIMIT DEFENDANTS' DEPOSITION DESIGNATIONS PRESENTED IN PLAINTIFFS' CASE TO REASONABLE CROSS AND TO EXCLUDE UNRELATED DESIGNATIONS** |
| This Document Relates to:<br><br>*The Indirect Purchaser Action* | |

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Playing The Videotaped Deposition Testimony Of A Witness Only Once Is Less Likely To Confuse The Jury And Promotes Judicial Efficiency ............................................................................................................ 1

    B. IPPs Ignore The Practical Circumstances Of Trial That Will Resolve Their Concerns ......................................................................................... 4

    C. IPPs' Request Concerning Deposition Designations Is Not Ripe For Review ..................................................................................................................... 5

III. CONCLUSION ............................................................................................................... 6

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 14
Case No. 07-5944 SC
MDL No. 1917

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Beech Aircraft Corp. v. Rainey*,
    488 U.S. 153 (1988)..................................................................................................................2

*People of Territory of Guam v. Atoigue,*
    36 F.3d 1103 (9th Cir. 1994) ....................................................................................................1

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
    No. 07-md-01819 (N.D. Cal. Dec. 16, 2010) ...........................................................................1

*In Re: TFT-LCD (Flat Panel) Antitrust Litig.*,
    3:07-cv-01827-SI (N.D. Cal. July 11, 2013) ............................................................................4

*Westinghouse Electric Corporation v. Wray Equipment Corporation, C.A.*
    286 F.2d 491 (1st Cir. 1961)......................................................................................................2

*In re Yasmin and Yaz*,
    Case No. 3:09-cv-10012-DRH-PMF, 2011 WL 6740391 (S.D. Ill. Dec. 22, 2011) ...............3

### FEDERAL RULES

Fed. R. Civ. P. 32...........................................................................................................................3

Fed. R. Evid. 106 ....................................................................................................................2, 3

Fed. R. Evid. 403 ...........................................................................................................................3

Fed. R. Evid. 611 ...........................................................................................................................1

### MISCELLANEOUS

Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 1.17 (3d ed. 2011) ...........2

Weinstein, Federal Evidence § 106.02 .........................................................................................4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## I. INTRODUCTION

Playing a witness's video deposition only once is far less likely to confuse the jury, avoids wasting time and is not prejudicial to IPPs. IPPs by their motion *in limine* number 14, propose that witnesses appear by video multiple times during trial — first in the IPPs' case, then in the Toshiba Defendants' case and later presumably in IPPs' rebuttal case. Balkanizing the presentation of video witness testimony would be confusing and inefficient. Further, IPPs' request to broadly limit Defendants' designations is not ripe for review. Relevance objections to specific designations and specific witness testimony should be made once designations have been finalized and are presented to the Court for rulings.

## II. ARGUMENT

### A. Playing The Videotaped Deposition Testimony Of A Witness Only Once Is Less Likely To Confuse The Jury And Promotes Judicial Efficiency

Under Rule 611(a) of the Federal Rules of Evidence, the Court has reasonable control over the mode and order of presenting evidence, including the presentation of videotaped deposition testimony, so as to make those procedures effective for determining the truth and avoid wasting time. *See People of Territory of Guam v. Atoigue,* 36 F.3d 1103, at *9 (9th Cir. 1994) (finding district court did not abuse its discretion under Fed R. Evid 611(a) by allowing defense expert to testify affirmatively during plaintiffs' case-in-chief). Having witnesses appear only once is customary. *See* Order, *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 (N.D. Cal. Dec. 16, 2010) (ECF No. 1206) (order on motions *in limine* and for pre-trial preparation) ("Absent unusual circumstances, each witness should be called to testify only once in the conspiracy phase of the first trial. The parties are to devise a plan for presenting witnesses in an order that is efficient and assists the jury in understanding the facts of the case.").

Playing a witness's video deposition only once is less likely to confuse the jury because it will present the testimony in the context in which it was said. IPPs suggest that combining the designations will confuse the jury as to which party is the proponent of a piece of evidence. IPP MIL No. 14 at 4. But IPPs miss the mark. The question is not whether the

jury can determine which party is proffering evidence. The question is whether the jury can understand the facts and evidence as it is presented. Telling the jury who designated which testimony is not only unnecessary, but it would add confusion because the questioning attorney at the deposition could be from the non-designating party. Playing all designations together and sequentially for each witness leaves the testimony in its proper context and flow, rather than splicing it out of order and playing it days or even weeks later. Splicing and delaying testimony of a witness makes it much more difficult for the jury to understand that testimony. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, at 172 (1988) (out-of-context statement "may create such prejudice that it is impossible to repair by a subsequent presentation"); *Westinghouse Electric Corporation v. Wray Equipment Corporation, C.A.* 286 F.2d 491, 494 (1st Cir. 1961) (vacating and remanding case for new trial after finding the "wide separation" of more than 1,000 pages of trial testimony between the deposition testimony introduced by the plaintiff and the context testimony sought by the defendant to be introduced to "unduly impede[] the orderly consideration of the deposition testimony even in a non-jury case."); *see also* Notes of Advisory Committee on Proposed Rules for Federal Rule of Evidence 106 (acknowledging that the rule of completeness is founded on two principles: (1) matters out of context can create misleading impressions; and (2) delayed introduction of that context may be inadequate to repair such damage); 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 1.17 (3d ed. 2011) ("sometimes waiting until later is just not good enough, and contextual data is more easily understood if it is provided in the first instance."). In a case with multiple foreign witnesses, who testified through translators (sometimes with competing translations or with improper English), context to the witness's deposition testimony is crucial, and multiple appearances would only further confuse the jury.

Playing all designations at once also promotes judicial efficiency. Especially in a lengthy and complex trial, by waiting to play certain of Defendants' designations until Defendants' case-in-chief, there is likely to be overlap of the video testimony and wasted time. To understand the context of the witness testimony, the jurors will need be re-reminded of who the witness is, what company they work for, what they do and at least some of their

1  background. For example, if a witness is giving testimony as to how product prices were
2  determined, it is important for the jury to understand what role that witness has at the
3  company, whether they have pricing authority and to what degree they have involvement in
4  pricing decisions. Pursuant to IPPs' proposal, much of that background testimony likely
5  would have been played the first time the video was shown during IPPs' case-in-chief,
6  perhaps weeks earlier. It would need to be replayed during Defendants' case-in-chief (and
7  potentially again in IPPs' rebuttal case) to refresh the jurors' recollection and put the
8  designated testimony into context. Although necessary, playing this testimony twice would
9  be cumulative, a waste of time, and would only further lengthen trial.

10  The IPPs do not deny that the rules permit Defendants to present some of the same
11  witness testimony when IPPs introduce their designated testimony, and IPPs concede that they
12  will play "Defendants' counter-designations that are within the scope of IPPs' initial
13  designations" during their case-in-chief. IPP MIL No. 14 at 2. But Rule 106 of the Federal
14  Rules of Evidence and Rule 32(a)(6) of the Federal Rules of Civil Procedure are not limited to
15  the introduction of only "reasonable counter-designations" or designations "within the scope"
16  of IPPs' direct exam. Even Judge Lungstrum in *In re Urethane* notes that he was not using
17  the term "beyond the scope" literally in his exclusion of testimony, but rather using it as
18  "shorthand for a combination of reasons… [including] also Rule 403 considerations of
19  confusion, delay and cumulativeness and the court's inherent power to control the
20  presentation of evidence." *In re Urethane Antitrust Litig.*, Transcript of Motion *in Limine*
21  Conference, Dever Decl., Ex. A at 85:9-14.

22  Both Rule 106 and Rule 32(a)(6), call for the *contemporaneous* introduction of any
23  "other parts" of a deposition or other writing or recorded statement that should be considered
24  "in fairness." Fed. R. Evid. 106; Fed. R. Civ. P. 32(a)(6); *see also In re Yasmin and Yaz*,
25  Case No. 3:09-cv-10012-DRH-PMF, 2011 WL 6740391, at *19 (S.D. Ill. Dec. 22, 2011)
26  (noting that Rule 32(a)(6) allows the adverse party to introduce other parts of the deposition
27  "at the time the designated testimony is introduced"). The standard of "fairness" is far
28  broader than what IPPs propose and it "gives courts enormous discretion to determine whether

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 a proponent should be required to introduce the whole (or all relevant parts) of a [writing or recorded statement]." Weinstein, Federal Evidence § 106.02. Many of Defendants' so-called "affirmative" designations from testimony that will be introduced by IPPs will be very short. The bulk of Defendants' designations of IPP witnesses, if not all, will be so-called "counter-designations." Requiring Defendants to play these snippets of affirmative designations weeks later during their case-in-chief, and out of context from the rest of that witness's testimony, would be inherently unfair to Defendants in addition to being inefficient and confusing for the jury.

### B. IPPs Ignore The Practical Circumstances Of Trial That Will Resolve Their Concerns

The IPPs' main complaint seems to be that they will be prejudiced by Defendants' designations and playing such testimony during their case-in-chief will "lengthen" and "muck up" IPPs' presentation. IPP MIL No. 14 at 3-4. IPPs, however, ignore the fact that between now and trial, deposition designations will be substantially shortened during meet-and-confer efforts and through the natural course of trial preparation. Both sides initially designated far more testimony than ever could be played during a six to eight week trial. In some instances, IPPs designated nearly every line from a witness's testimony. Because both sides will likely be under time constraints, playing one video for seven hours (even during the other side's case-in-chief) is not a strategic benefit as both sides are cognizant of spending their precious trial time elsewhere.

The IPPs are concerned that "if permitted, Defendants will substantially lengthen the presentation of IPPs' case, and will enjoy the additional benefit of reducing the length of their own case." IPP MIL No. 14 at 4. We disagree. The Toshiba Defendants were permitted to play affirmative designations during the plaintiffs' case-in-chief in both the DPP and the Best Buy trial and in neither instance was the plaintiffs' presentation substantially lengthened. In both LCD trials, the parties were limited to fifty hours of trial time to be used throughout the trial and to be allotted as the parties chose. Final Pretrial Scheduling Order at 3, *In Re: TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-md-01827 (N.D. Cal. May 4, 2012), Dkt. 5597; Final

1   Pretrial Scheduling Order- Phase 1 DAP Trial at 3, *In Re: TFT-LCD (Flat Panel) Antitrust Litig.*,
2   3:07-cv-01827-SI (N.D. Cal. July 11, 2013), Dkt. 8298.  Such "chess clock" timing imposed
3   discipline on both sides to spend their time wisely and ultimately created fairness as both sides
4   were given equal time and equal opportunity to use their time strategically.  In those trials,
5   video depositions were played only once and the videos included both plaintiff and defendant
6   deposition designations.  There was no distinction between "counters" or "affirmatives," there
7   was no indication whose designations were being played at which time and there was no
8   indication to the jury of how much time from each video was allocated to the plaintiffs and
9   how much was allocated to the defendants.  Yet still, in both LCD trials, the single video
10  playback did not overly lengthen the plaintiffs' presentation of evidence.  For example, in the
11  DPP trial DPPs played six and a half hours of video during their case-in-chief.  Only one and
12  a half hours of that time was allocated to the Defendants for all Defendant designations for
13  those witnesses (and that time was charged against the Defendants' total allotted time).  There
14  is no strategic benefit for Defendants to spend all of their time on video depositions during
15  IPPs' case-in-chief when Defendants need to save time for their own case-in-chief, their own
16  witnesses, and their own presentation of evidence.

17  Even if IPPs were able to adequately articulate a "prejudice" against them, any slight
18  prejudice to IPPs would not outweigh the harm caused by confusing the jury and wasting
19  time.  Additionally, because Defendants also would be required to play IPP affirmative
20  designations during Defendants' case-in-chief, any negligible prejudice to IPPs would be
21  negated by equal prejudice to the Defendants.

22      **C.      IPPs' Request Concerning Deposition Designations Is Not Ripe
23               For Review**

24  Even if this Court were to find there was some merit to IPPs' motion, the issue is
25  certainly not ripe for ruling at this time.  The IPPs seek a blanket ruling limiting "Defendants'
26  deposition designations presented in Plaintiffs' case to reasonable cross" and excluding
27  "unrelated designations from the Plaintiffs' case-in-chief."  IPP MIL No. 14 at 2.  As noted
28  above, designated testimony will be culled substantially between now and trial.  It is

1  impossible to determine which designated testimony is "unrelated" or what is considered
2  "reasonable cross" without looking at specific testimony that IPPs find objectionable. The
3  proper procedure for excluding such testimony is to make objections to specific testimony
4  after meet and confer efforts have concluded and to submit those objections to the Court for
5  rulings prior to playing the video for the jury. The IPPs rely heavily on *In re Urethane* to
6  support their position, but even there, Judge Lungstrum did not make his rulings on the
7  relevance or the order of deposition designations until *after* the designations were submitted to
8  him for rulings on specific testimony. *See In re Urethane Antitrust Litig.*, Transcript of
9  Motion *in Limine* Conference, Dever Decl., Ex. A at 84:9-11 ("I have reviewed all of the
10 deposition transcripts that were provided to me, and I am prepared to rule on the objections
11 made.").

## III.  CONCLUSION

For these reasons, the Court should deny the IPPs' motion *in limine* number 14.

Respectfully submitted,

Dated:  February 27, 2015                  **WHITE & CASE** LLP

By*:   /s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

## **CERTIFICATE OF SERVICE**

On February 27, 2015, I caused a copy of the "THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 14: MOTION TO LIMIT DEFENDANTS' DEPOSITION DESIGNATIONS PRESENTED IN PLAINTIFFS' CASE TO REASONABLE CROSS AND TO EXCLUDE UNRELATED DESIGNATIONS" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: */s/ Lucius B. Lau*
Lucius B. Lau (*pro hac vice*)