# EXHIBIT 25

Volume 14

Pages 1832 - 2054

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE SUSAN ILLSTON

In Re: TFT-LCD (Flat Panel) )
Antitrust Litigation. )
_____) No. M. 07-01827 SI
San Francisco, California
Wednesday
June 13, 2012
8:37 a.m.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For Direct**            Lieff, Cabraser, Heimann & Bernstein
**Purchaser**              275 Battery Street, 30th Floor
**Plaintiffs**           San Francisco, CA 94111
                           (415) 956-1000
                           (415) 956-1008 (fax)
               **BY: RICHARD HEIMANN**
                    **BRENDAN GLACKIN**

**For Direct**            Pearson, Simon, Warshaw & Penny, LLP
**Purchaser**              44 Montgomery Street
**Plaintiffs**           Suite 2450
                           San Francisco, CA 94104
                           (415) 433-9000
                           (415) 433-9008 (fax)
                **BY: BRUCE LEE SIMON**
                    **AARON SHEANIN**
                    **ROBERT G. RETANA**
                    **VERONICA W. GLAZE**

(Appearances continued on next page)

Lydia Zinn, CSR #9223, and Belle Ball, CSR #8785
Official Reporters - U.S. District Court
(415) 531-6587

Case 4:07-cv-05944-JST Document 3681-26 Filed 02/27/15 Page 3 of 9
Case 3:07-md-01827-SI Document 5897-26 Filed 06/13/12 Page 12 of 224
PROCEEDINGS
1958

```
 1            THE COURT:  No.  That -- I'm going to leave that to
 2   the jury.
 3            MR. GIDLEY:  Thank you, your Honor.
 4            MR. TOTO:  Your Honor, we do have one more
 5   housekeeping measure.  Apologies.  Hopefully, this will be
 6   quick.  As you know, we're back to Dr. Flamm now.  He testified
 7   at some length about the Samsung interrogatory responses.
 8            THE COURT:  Yes.
 9            MR. TOTO:  And your Honor said I obviously am
10   entitled to cross-examine him on those.
11            THE COURT:  Yes.
12            MR. TOTO:  And the interrogatory responses, as you
13   will recall, produced by Samsung, who is protected from treble
14   damages under the ACPERA statute that we talked about the other
15   day --
16            THE COURT:  I know all about that.
17            MR. TOTO:  You know all about that.  You know the
18   name now.
19            THE COURT:  Yeah.
20            MR. TOTO:  So we think it's within our rights at this
21   point to question Dr. Flamm about the de-trebling provisions of
22   ACPERA, because it goes to Samsung's motives and its bias in
23   coöperating with Plaintiffs and preparing those interrogatory
24   responses.  So we just want to make sure it's fair game.  I
25   know there was a motion in limine on this.  So that's our
```

Case 4:07-cv-05944-JST Document 3681-26 Filed 02/27/15 Page 4 of 9
Case 3:07-md-01827-SI Document 5846 Filed 06/13/12 Page 129 of 224
PROCEEDINGS                                        1959

1  request, your Honor.

2         **MR. SIMON:**  We absolutely oppose it.

3         It's a different way of avoiding the motion *in
4  limine*.  And the jury is not allowed to know about trebling at
5  all, so to talk about de-trebling or anything having to do with
6  that would be --

7         **THE COURT:**  Well, is it true that the treble-damage
8  aspect of the statute is a punitive thing?

9         **MR. TOTO:**  That's my understanding, your Honor.

10        **THE COURT:**  Right.  So how about if you were to ask
11 him, "Well, is it a way to avoid any punitive addition to the
12 damages?" or something like that, without talking about
13 trebling?

14        **MR. SIMON:**  Well --

15        **MR. TOTO:**  Well --

16        **MR. SIMON:**  I don't think that it -- it's a very
17 black and white issue that the jury is not supposed to know
18 about the treble damages.  There's just no question about that.
19 That's why the motion *in limine* was granted.

20        The Samsung interrogatory responses were served on
21 March 7, 2011.  They've been in play for a long time.  And that
22 this issue is coming up now all of a sudden because of
23 something that Dr. Flamm supposedly said on the stand is
24 disingenuous, because this issue has been on the table since
25 this report came out; since there's been discussion in

Case 4:07-cv-05944-JST Document 3681-26 Filed 02/27/15 Page 5 of 9
Case 3:07-md-01827-SI Document 5846 Filed 06/13/12 Page 129 of 224
PROCEEDINGS
1960

1  deposition about the responses.  Even their own experts were
2  presented with the Samsung interrogatory responses in their
3  depositions.
4           **MR. TOTO:**  Your Honor -- sorry to interrupt.
5           **THE COURT:**  You know, I think it is fair that the
6  motivation of Samsung at the time that the interrogatory
7  answers were provided is appropriate for bias or for
8  examination.
9           And if -- part of it is they get to stay out of jail.
10 That's a pretty big motivator right there.
11          **MR. TOTO:**  Right.
12          **THE COURT:**  But the other part of it is they get to
13 avoid some of the other negative consequences of antitrust
14 violations, including treble damages.
15          **MR. TOTO:**  By two thirds, your Honor, and joint and
16 several liability.
17          **THE COURT:**  That could be -- you know, maybe that's a
18 way you want to say it.  Then you wouldn't have to talk about
19 treble or not treble; but it's a way to reduce the damages you
20 might otherwise be responsible for by two thirds.  You could
21 say something like that, which wouldn't --
22          **MR. SIMON:**  I think anything that is a fraction of
23 the trebling or suggests trebling is probably going to create
24 speculation, and probably go over the line of the black-letter
25 law about the jury not knowing about treble, however --

Case 4:07-cv-05944-JST Document 3681-26 Filed 02/27/15 Page 6 of 9
Case 3:07-md-01827-SI Document 5998 Filed 06/13/12 Page 130 of 224
PROCEEDINGS                                                    1961

1    **THE COURT:** You want to just say reduce the damages
2 they might be subject to --
3    **MR. TOTO:** By two thirds.
4    **THE COURT:** Well, just reduce them. How about that?
5 Just if there's a way to reduce the damages.
6    **MR. TOTO:** Well, we think it's significant that it's
7 not just some small reduction; some small discount. This is a
8 gigantic reduction: Two thirds.
9    **THE COURT:** All right. A two-thirds reduction.
10   **MR. TOTO:** Yes.
11   **THE COURT:** That would be fine. And they don't they
12 don't need to know one way or another.
13   **MR. SIMON:** Well, it's a fine line. And I'd just --
14 I don't know what Counsel intends to ask. I think he could get
15 there without even going to that point. And if he crosses the
16 line, and Dr. Flamm or him, in talking to each other, it comes
17 out that there's some sort of trebling, we can't take that
18 back.
19   **THE COURT:** Well, then, we'll just have to give a
20 curative instruction.
21   **MR. TOTO:** I don't to violate your instruction here,
22 your Honor.
23   **MR. GLACKIN:** It's --
24   **MR. TOTO:** It seems pretty clear to me.
25       Just so it's clear, by the way, the Samsung

Case 4:07-cv-05944-JST Document 3681-26 Filed 02/27/15 Page 7 of 9
Case 3:07-md-01827-SI Document 5921-26 Filed 06/13/12 Page 139 of 224
PROCEEDINGS                                                    1962

1  interrogatory responses, themselves, refer to the ACPERA
2  statute.  And they say, "We are operating under ACPERA."
3  Samsung says that.  So just so it's clear.
4          **MR. SIMON:**  Well, they do refer to it; but there's --
5  I think you can get there by talking about the Corporate
6  Leniency Program, and what, you know, ACPERA is, without
7  getting into the trebling issue.  We've already read an
8  instruction to them yesterday which talks about it, so there's
9  a way to skin the cat, without --
10         **THE COURT:**  Which talks about what?
11         **MR. SIMON:**  We had the description of Samsung being
12 the leniency applicant in the guilty-plea instruction that you
13 read to them yesterday, so they know it under terms that it's a
14 "Corporate Leniency Program."
15         To the extent he wants to go into that with
16 Dr. Flamm, he can.
17         The extent that he wants to use the --
18         **THE COURT:**  Well, I'll allow you to ask him.  And we
19 should somehow get this to Dr. Flamm, also, in case -- because
20 he probably knows about trebling.  Say, "And you can reduce
21 your damages to a third of what they might be, or reduce them
22 by two thirds."
23         **MR. GLACKIN:**  I'll --
24         **MR. TOTO:**  Okay.
25         **MR. GLACKIN:**  -- instruct him not to blurt out

Case 4:07-cv-05944-JST Document 3681-26 Filed 02/27/15 Page 8 of 9
Case 3:07-md-01827-SI Document 5917 Filed 06/13/12 Page 139 of 224
PROCEEDINGS
1963

```
 1  anything about trebling.
 2          THE COURT:  Okay.  All right.
 3          MR. GLACKIN:  Shall I bring him in?
 4          THE COURT:  Yeah.  Are you ready?
 5          MR. TOTO:  Yes.
 6          THE COURT:  And, Mr. Glackin, he's truly feeling all
 7  right?
 8          MR. GLACKIN:  He's feeling great.  Thank you for
 9  asking.
10          THE COURT:  Okay.
11          (Jury in at 1:10 p.m.)
12          THE COURT:  Do we have a witness?
13          (Witness resumes stand)
14          THE COURT:  All right.  Mr. Toto, you may proceed.
15          And, Dr. Flamm, you're still under oath from this
16  morning, sir.
17          MR. TOTO:  Thank you, your Honor.
18                   CROSS-EXAMINATION RESUMED
19  BY MR. TOTO
20  Q.   Welcome back, Dr. Flamm.
21  A.   Thank you.
22  Q.   I would like to turn back to Exhibit 228 that we were
23  talking about before lunch, which is a meeting between Sharp
24  and Toshiba's PC company.  Do you have that in front of you?
25  A.   Sure.  I think this is it right here.
```

## CERTIFICATE OF REPORTER

We, LYDIA ZINN, and BELLE BALL, Official Reporters for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in M. 07-1827 SI, *In Re: TFT-LCD (Flat Panel) Antitrust Litigation*, were reported by us, certified shorthand reporters, and were thereafter transcribed under our direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by us at the time of filing.

The validity of the reporters' certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

/s/ Lydia Zinn, CSR 9223

_____

/s/ Belle Ball, CSR 8785

Wednesday, June 13, 2012