1  Christopher M. Curran (*pro hac vice*)
   ccurran@whitecase.com
2  Lucius B. Lau (*pro hac vice*)
   alau@whitecase.com
3  Dana E. Foster (*pro hac vice*)
   defoster@whitecase.com
4  White & Case LLP
5  701 Thirteenth Street, N.W.
   Washington, DC  20005
6  Telephone:  (202) 626-3600
7  Facsimile:  (202) 639-9355
8

9  *Counsel to Defendants Toshiba Corporation,*
   *Toshiba America, Inc., Toshiba America*
10 *Consumer Products, LLC, Toshiba America*
11 *Information Systems, Inc., and Toshiba*
   *America Electronic Components, Inc.*
12

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

13              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
14                  (SAN FRANCISCO DIVISION)
15

16 | IN RE: CATHODE RAY TUBE (CRT) | Case No. 07-5944 SC |
17 | ANTITRUST LITIGATION | MDL No. 1917 |
18

19 This Document Relates to:

20 *The Indirect Purchaser Action*

**THE TOSHIBA DEFENDANTS'**
**OPPOSITION TO INDIRECT**
**PURCHASER PLAINTIFFS' MOTION**
*IN LIMINE* **NO. 17: MOTION TO (1)**
**PRECLUDE ARGUMENT THAT THE**
**SAMSUNG SDI GUILTY PLEA**
**INCLUDES DOJ FINDINGS OF FACT;**
**(2) EXCLUDE EVIDENCE OF THE**
**VOLUME OF AFFECTED SALES IN**
**THE GUILTY PLEA; (3) EXCLUDE**
**EVIDENCE OF THE FACT AND**
**AMOUNT OF THE CRIMINAL FINE;**
**AND (4) EXCLUDE ANY**
**STATEMENT BY THE DOJ**
**CHARACTERIZING THE CRT**
**CONSPIRACY**

21
22
23
24
25
26
27
28

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 17
Case No. 07-5944 SC
MDL No. 1917

1

## TABLE OF CONTENTS

2
Page

3  I.    INTRODUCTION ......................................................................................... 1

4  II.   ARGUMENT................................................................................................. 1

5       A.   The SDI Plea Is Inadmissible ................................................................ 1

6       B.   The IPPs' Motion Is Premature ............................................................. 2

7       C.   If The Court Finds That The SDI Plea Is Admissible Against the
             Toshiba Defendants, Then The Entire Plea Is Admissible Because
8            The IPPs Cannot Cherry-Pick Only The Facts In The Plea That
9            Advance Their Case................................................................................ 3

10      D.   The Toshiba Defendants Agree That DOJ Statements About The
             CRT  Investigation Are  Inadmissible For The Same Reason The
11           SDI Plea Is Inadmissible........................................................................ 5

12  III.  CONCLUSION.............................................................................................. 6

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 17
Case No. 07-5944 SC
MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Costco Wholesale Corp. v. AU Optronics Corp.*,
    No. C13-1207 RAJ, 2014 WL 4674390 (W.D. Wash. Sep. 18, 2014)……………........ 2

*Engman v. City of Ontario*,
    No. EDCV 10-284 CAS, 2011 WL 2463178 (C. D. Cal. June 20, 2011) ...........................3

*Indiana Ins. Co. v. General Electric Co.*,
    326 F. Supp. 2d 824 (N.D. Ohio 2004) ...............................................................................3

*Nguyen v. Southwest Leasing and Rental, Inc.*,
    282 F.3d 1061 (9th Cir. 2002) ............................................................................................5

*United States v. Griffin*,
    778 F.2d 707 (11th Cir. 1985) ............................................................................................5

*United States v. Halbert*,
    640 F.2d 1000 (9th Cir. 1981) ............................................................................................2

*United States v. Segall*,
    833 F.2d 144 (9th Cir. 1987) ..............................................................................................5

*United States v. Whitworth*,
    856 F.2d 1268 (9th Cir. 1988) ............................................................................................5

### FEDERAL RULES

Fed. R. Evid. 801 (d)(2)(E)...................................................................................................2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**I.      INTRODUCTION**

The IPPs' motion *in limine* number 17 seeks the limitation and exclusion of certain facts surrounding the Department of Justice's investigation in the CRT industry, which resulted in a single plea agreement by Samsung SDI (the "SDI Plea").  Although the Toshiba Defendants agree that certain DOJ statements regarding the CRT investigation should be excluded, the remainder of the IPPs' motion should be denied.

First, as the Toshiba Defendants and other defendants have indicated in their joint motion *in limine* number 5 for the DAP cases (Docket No. 3589), the SDI Plea itself is inadmissible against the Toshiba Defendants.  Second, even if this Court were to find the SDI Plea admissible, the IPPs' motion is premature and better suited to be addressed during trial.  Third, the IPPs seek to exclude certain facts surrounding the SDI Plea while admitting other facts.  This is an improper attempt by the IPPs to cherry-pick the contents of the SDI Plea.  Admitting only some facts regarding the SDI Plea while excluding others would be unfairly prejudicial, confusing and inequitable.  Either the entire SDI Plea, including all of its contents, must be allowed to be presented as evidence, or the entire plea must be excluded, including its existence.  Finally, as discussed in the Defendants' motion *in limine* number 3 (Docket No. 3556), all references to the DOJ's investigation (including DOJ statements) are inadmissible.

**II.      ARGUMENT**

### A.      The SDI Plea Is Inadmissible

As the Defendants noted in their joint motion *in limine* number 5, the SDI Plea should be excluded from evidence.  Moreover, as to the Toshiba Defendants, the SDI Plea is inadmissible because "the guilty plea or conviction of a codefendant may not be offered… as substantive evidence of the guilt of those on trial."  *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981).

The IPPs' reference to the pretrial determinations in the *Costco* case (IPP MIL No. 17 at 5-7) is easily distinguishable from the Toshiba Defendants' situation in this case.  In *Costco*, all of the defendants were also investigated by the DOJ and were eventually convicted or pleaded guilty.  *Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207 RAJ, 2014

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   WL 4674390, at *9 (W.D. Wash. Sep. 18, 2014).  Thus, the guilty pleas and convictions were

2   appropriately admissible as "evidence of the guilt of those on trial."  *Halbert*, 640 F.2d at

3   1004.  Here, the Toshiba Defendants were not a subject of the DOJ's earlier criminal

4   investigations or involved in any way with the SDI Plea, making that plea inadmissible as to

5   the Toshiba Defendants.  The SDI Plea does not qualify for the co-conspirator exception

6   because it is not a statement "made by the party's coconspirator during and in furtherance of

7   the conspiracy."  Fed. R. Evid. 801 (d)(2)(E).  The Toshiba Defendants are not mentioned in

8   the SDI Plea and they have no agency relationship at all with SDI.  Hence, there is no basis

9   for the admission of the SDI Plea against the Toshiba Defendants.

10          **B.      The IPPs' Motion Is Premature**

11          Even if this Court were to find that the SDI Plea is admissible, this motion is

12  premature.  The IPPs assume that the Toshiba Defendants will attempt to characterize the SDI

13  Plea as "factual findings by the DOJ" at trial and seek an instruction that the Toshiba

14  Defendants not characterize the contents of the SDI Plea as such.  IPP MIL No. 17 at 3.  The

15  Toshiba Defendants, however, have not indicated in any way that they intend to even raise the

16  SDI Plea as part of their case.  Indeed, as mentioned above, the Toshiba Defendants have

17  moved to exclude the entire SDI Plea from being presented to the jury.  If the Toshiba

18  Defendants were to raise the issue of the SDI Plea at all, it would be in response to the IPPs'

19  presentation of the SDI Plea.  The Toshiba Defendants might seek then to properly

20  characterize the limits of the SDI Plea compared to the IPPs' allegations of a broader

21  conspiracy so that the jury is not left with an incorrect impression that the parameters of the

22  SDI Plea and the IPPs' allegations are similar.  Thus, any limiting instruction on Toshiba's

23  characterization of the SDI Plea should be provided if and when Toshiba makes such a

24  presentation.

25          The IPPs' attempt to exclude certain portions of the SDI Plea (IPP MIL No. 17 at 5-7)

26  is similarly premature and overbroad.  It is entirely possible that the volume of commerce and

27  the fact and amount of the fine in the SDI Plea will become relevant depending upon the

28  testimony and evidence that the IPPs present to the jury.  For example, these facts may

1    become necessary for impeachment purposes in challenging the credibility of SDI witnesses.

2    Until the proper context arises, it is entirely premature to assume that these facts are

3    irrelevant.  *See Indiana Ins. Co. v. General Electric Co.*, 326 F. Supp. 2d 824, 846-47 (N.D.

4    Ohio 2004) (finding that unless the evidence is inadmissible on all grounds, "evidentiary

5    rulings should be deferred until trial so that questions of foundation, relevancy and potential

6    prejudice may be resolved in the proper context."); *Engman v. City of Ontario*, No. EDCV 10-

7    284 CAS, 2011 WL 2463178, at *1 (C.D. Cal. June 20, 2011) (finding that because the

8    plaintiffs have not indicated any intent to introduce certain evidence, the defendants' motion

9    *in limine* to exclude such evidence was premature).

10         **C.**      **If The Court Finds That The SDI Plea Is Admissible Against The Toshiba**

11                   **Defendants, Then The Entire Plea Is Admissible Because The IPPs Cannot**

12                   **Cherry-Pick Only The Facts In The Plea That Advance Their Case**

13         Should the Court find that the SDI Plea is admissible, the Toshiba Defendants seek the

14   inclusion of the entire SDI Plea as evidence, not the selective portions that the IPPs advocate.

15         Through IPP motion *in limine* number 17, the IPPs now try to distance themselves

16   from the very same government investigations to which they have hitched their wagons

17   throughout this case.  The investigations by the DOJ and the government authorities in Japan,

18   Korea and the European Union have long been a centerpiece of the IPPs' allegations, as

19   evidenced in their complaint and dispositive motions.  *See* Indirect Purchaser Plaintiffs'

20   Fourth Consolidated Amended  Complaint ¶¶ 206-216 (Jan. 10, 2013) ("IPP Fourth Amended

21   Compl."); IPPs' Memorandum of Points and Authorities in Opposition to Defendants'

22   Separate and Joint Motions to Dismiss the Indirect Purchaser Consolidated Amended

23   Complaint at 14 -15 (Aug. 4, 2009) Dkt. No. 536  (noting that IPPs' allegations of a CRT

24   Product conspiracy are "probable" based on the "government investigations into price fixing

25   activity in the CRT industry by antitrust authorities in the United States, Europe, Japan, and

26   Hungary). The DOJ's theories of the case were also once important to and relied on by the

27   IPPs and their expert.  *See, e.g.*, IPP Fourth Amended Compl. ¶ 206 ("Defendants' conspiracy

28   … is demonstrated by a multinational investigation commenced by the [DOJ] and others in

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   November 2007"); *see also* Decl. of Lucius B. Lau, Ex. A, Rebuttal Expert Report of Janet S.

2   Netz, Ph.D, at 18 (Sept. 26, 2014) (discussing the SDI Plea and DOJ investigations).

3        The IPPs, however, now seek to cherry pick: entering only the existence of the SDI

4   Plea and other limited facts that benefit their case, while excluding facts that support the

5   Toshiba Defendants' defense.   *See, e.g.*, IPP MIL No. 17 at 3, n.1 (noting that SDI's

6   admission that the price-fixed CRTs "substantially affected" U.S. commerce should also be

7   admitted in the event the Court determines the FTAIA applicable to the IPPs' claims),

8   *compare with id.* at 5-7 (seeking to exclude the volume of affected sales and the fact and

9   amount of the criminal fine in the SDI Plea).  The IPPs cannot be permitted to advance their

10  selective version of the facts by attempting to exclude facts that are unfavorable to them.

11       The Toshiba Defendants should be allowed to introduce any evidence regarding the

12  SDI Plea if that plea were to be entered into evidence by the IPPs.  By introducing or referring

13  to the SDI Plea, the IPPs would be "opening the door" on a subject that could easily mislead

14  or confuse the jury and the Toshiba Defendants must have the opportunity to rebut the false

15  impressions that would be raised by such evidence.  *See Nguyen v. Southwest Leasing and*

16  *Rental, Inc.*, 282 F.3d 1061, 1067 (9th Cir. 2002) ("Under the rule of curative admissibility, or

17  the 'opening the door' doctrine, the introduction of inadmissible evidence by one party allows

18  an opponent, at the court's discretion, to introduce evidence on the same issue to rebut any

19  false impression that might have resulted from the earlier admission."); *United States v.*

20  *Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988) (same); *United States v. Segall*, 833 F.2d

21  144, 148 (9th Cir. 1987) (finding that the district court did not abuse its discretion in

22  permitting testimony, when defendant's attorney "opened the door" to the testimony by

23  introducing on cross-examination evidence which created a false impression).   Permitting

24  merely the introduction of the SDI Plea alone would be unfairly prejudicial, creating the risk

25  that the jury would conclude that SDI pleaded guilty to the same conspiracy as defined by the

26  IPPs, thus incorrectly believing that the DOJ's investigation was consistent with the IPPs'

27  characterization of the conspiracy.  *See United States v. Griffin*, 778 F.2d 707, 711 (11th Cir.

28  1985) ("Courts must be especially vigilant to ensure that defendants are not convicted on the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   theory that guilty 'birds of a feather are flocked together.'") (citing *Krulewitch v. United*

2   *States*, 336 U.S. 440, 454 (1949) (Jackson, J., concurring)).  The jury must be able to consider

3   and weigh the SDI Plea in its entirety.

4           As a prime example of their attempt to cherry-pick the contents of the SDI Plea, the

5   IPPs seek to specifically exclude as irrelevant the volume of affected sales and the fact and

6   amount of Samsung's fine.  IPP MIL No. 17 at 5-7.  The IPPs, however, make the volume of

7   commerce relevant by indicating in the motion itself of their intent to introduce SDI's

8   admission in the Plea that U.S. commerce was "substantially affected" in order to counter any

9   FTAIA arguments by the Defendants.  IPP MIL No. 17 at 3, n.1 ("…to the extent that the

10  Court determines the FTAIA to be applicable to Plaintiffs' claims, Samsung also admits that

11  the price-fixed CRT 'substantially affected' U.S. commerce.").  Presenting to the jury that the

12  commerce to which SDI pleaded guilty had a "substantial effect" in the United States could

13  create a false impression as to what "substantial" would mean.  The Toshiba Defendants

14  should be permitted to provide perspective as to what "substantial" means by introducing the

15  volume of U.S. commerce at issue in the SDI Plea.

16          **D.      The Toshiba Defendants Agree That DOJ Statements About The CRT**
17          **Investigation Are Inadmissible For The Same Reason The SDI Plea Is**
            **Inadmissible**
18

19          The IPPs seek to exclude statements made by the DOJ related to the CRT

20  investigation, noting that these statements are hearsay.  IPP MIL No. 17 at 7.  Not only are the

21  DOJ statements hearsay, but as noted above in Section A, the SDI Plea is also inadmissible as

22  hearsay.  The Toshiba Defendants, along with other defendants, have filed a motion *in limine*

23  seeking to exclude the DOJ's criminal investigation and the DOJ's statements related to the

24  investigation as inadmissible hearsay.  *See* Joint Defendants' MIL No. 3 (Docket No. 3556).

25  The IPPs, however, argue that these DOJ statements should be excluded, but the SDI Plea and

26  certain facts surrounding the Plea should be allowed in.  IPP MIL No. 17 at 7.  Again, this is

27  an attempt at improper cherry-picking and should not be permitted.  Should the Court find the

28  SDI Plea admissible, DOJ statements and other facts surrounding the investigation should be

1    admitted. This would include non-prosecution agreements, the DOJ's decision to not indict

2    certain defendants, and the DOJ's correspondence with any of the defendants related to the

3    investigation. *See generally*, Defendants' Joint Opposition to Direct Action Plaintiffs'

4    Motions in Limine Nos. 1-18 and Indirect Purchaser Plaintiffs' Motions in Limine Nos. 2, 3,

5    8, 9, 13, 15, & 16 (opposition to DAP MIL No. 14).

6    **III.    CONCLUSION**

7            For these reasons, the Court should deny the IPPs' motion *in limine* number 17 except

8    as to the exclusion of statements by the DOJ characterizing the CRT conspiracy.

9

10                                           Respectfully submitted,

11   Dated:  February 27, 2015              **WHITE & CASE**LLP

12

13                                    By: */s/ Lucius B. Lau*

                                          Christopher M. Curran (*pro hac vice*)
14                                        ccurran@whitecase.com

                                          Lucius B. Lau (*pro hac vice*)
15                                        alau@whitecase.com

16                                        Dana E. Foster (*pro hac vice*)
                                          defoster@whitecase.com
17                                        701 Thirteenth Street, N.W.

18                                        Washington, DC  20005
                                          tel.: (202) 626-3600
19                                        fax: (202) 639-9355

20

21                                        *Counsel to Defendants Toshiba*
                                          *Corporation, Toshiba America, Inc.,*
22                                        *Toshiba America Consumer Products, LLC,*

                                          *Toshiba America Information Systems, Inc.,*
23                                        *and Toshiba America Electronic*

24                                        *Components, Inc.*

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 17
Case No. 07-5944 SC
MDL No. 1917

**CERTIFICATE OF SERVICE**

On February 27, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 17: MOTION TO (1) PRECLUDE ARGMENT THAT THE SAMSUNG SDI GUILTY PLEA INCLUDES DOJ FINDINGS OF FACT; (2) EXCLUDE EVIDENCE OF THE VOLUME OF AFFECTED SALES IN THE GUILTY PLEA; (3) EXCLUDE EVIDENCE OF THE FACT AND AMONT OF THE CRIMINAL FINE; AND (4) EXCLUDE ANY STATEMENT BY THE DOJ CHARACTERIZING THE CRT CONSPIRACY" to be served via ECF on the other parties in this action.

                                               */s/ Lucius B. Lau*
                                               Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 17
Case No. 07-5944 SC
MDL No. 1917