Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*The Indirect Purchaser Action* | **THE TOSHIBA DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 19:  MOTION TO EXCLUDE CHARACTER EVIDENCE** |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. The IPPs' Motion Seeks To Exclude Evidence That Is Not Character Evidence Under The Federal Rules of Evidence ............................... 1

    B. The IPPs' Motion Prematurely Seeks To Exclude Evidence Without The Proper Context Of Trial ................................................................ 2

    C. To The Extent The IPPs Seek To Introduce Evidence Regarding TAEC's Compliance Policies, TAEC Can Address Its Compliance Efforts ................................................................................................................ 3

    D. Given That The Toshiba Defendants Were Completely Vindicated In Two Separate LCD Trials, There Is Simply No "Prior Bad Act" That The IPPs Could Present At Trial .................................................................. 4

III. CONCLUSION ................................................................................................................ 5

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Page(s)**

*Education Logistics, Inc. v. Laidlaw Transit, Inc.*,
   No. CV 07-06-M-DWM, 2012 WL 1142513 (D. Mont. April 4, 2012) .............................. 3

*Engman v. City of Ontario*,
   No. EDCV 10-284 CAS, 2011 WL 2463178 (C. D. Cal. June 20, 2011) ........................... 3

*Kruszka v. Novartis Pharm. Corp.*,
   No. CIV. 07-2793 DWF/JJK, 2014 WL 2986673 (D. Minn. July 1, 2014) ........................ 2

*Linear Grp. Servs., LLC v. Attica Automation, Inc.*,
   No. 13-10108, 2014 WL 4206871 (E.D. Mich. Aug. 25, 2014) ......................................... 2

*McCluskey v. Allstate Insurance Co.*,
   No. CV 04–191–M–LBE, 2006 WL 6853110 (D. Mont. Feb. 10, 2006) .......................... 3

*Miller ex rel Miller v. Ford Motor Co.*,
   No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843 (M.D. Fla. July 22, 2004) ................ 2

*Newill v. Campbell Transportation Co.*,
   No. 2:12-cv-1344, 2015 WL 267879 (W.D. Pa. Jan. 14, 2015) .......................................... 2

*Occidental Fire & Cas. Of North Carolina v. Intermatic Inc.*,
   No. 2:09-cv-2207, 2013 WL 4499005 (D. Nev. Aug. 15, 2013) ......................................... 3

*Shaffer & Sons Const., Inc. v. Alter Trading Corp.*,
   No. 08-3007, 2010 WL 5138479 (C.D. Ill. Dec. 10, 2010) ................................................. 2

*Spellbound Development Group v. Pacific Handy Cutter, Inc.*,
   No. SACV 09–0951 DOC, 2012 WL 8748801 (C.D. Cal. Feb. 24, 2012) .......................... 1

*350 W.A. LLC. v. Chubb Group of Ins.*,
   No. 05-cv-75, 2007 WL 4365502 (S.D. Cal. Dec. 5, 2007) ................................................ 2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## I. INTRODUCTION

The IPPs' motion *in limine* number 19 improperly and prematurely seeks to exclude any evidence of the Toshiba Defendants' corporate citizenry and status as employers and "market leaders [that] create innovative and cutting edge products" by mischaracterizing such evidence as "character evidence." IPP MIL No. 19 at 2. The IPPs' motion seeks a blanket exclusion of potentially relevant evidence without taking into account the purpose for (and the context in which) the Toshiba Defendants might choose to introduce such evidence. Accordingly, the Court should deny the motion.

## II. ARGUMENT

### A. The IPPs' Motion Seeks To Exclude Evidence That Is Not Character Evidence Under The Federal Rules of Evidence

The Toshiba Defendants do not intend to violate Federal Rule of Evidence 404(a) by introducing character evidence for the purpose of proving that they acted in conformity therewith on a particular occasion. The IPPs' motion *in limine*, however, seeks to bar evidence beyond the confines of Rule 404(a). For example, the IPPs mischaracterize as "character evidence" any evidence of the Toshiba Defendants as "market leaders [that] create innovative and cutting edge products." IPP MIL No. 19 at 2. Such evidence is not character evidence. *See Spellbound Development Group v. Pacific Handy Cutter, Inc.*, No. SACV 09–0951 DOC, 2012 WL 8748801, at *4 (C.D. Cal. Feb. 24, 2012) (denying motion *in limine* to exclude "character evidence" and holding that the evidence was "not character evidence because it is not introduced to show character," but rather was substantive evidence relevant to the claims). Similarly here, the evidence that the IPPs attempt to exclude is relevant to many of the issues that will be tried to the jury. For example, for the jury to understand the Toshiba Defendants' unique position in the market (and different incentives in terms of setting prices for their products) they would need to understand how the Toshiba Defendants innovate and create high-end and cutting-edge products, which target different regional markets and command different prices than commodity tubes sold by certain other CRT manufacturers. Such probative evidence cannot properly be excluded in a motion *in limine* and does not (as

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  IPPs suggest) "open the door" to evidence about alleged price-fixing by other companies or
2  unrelated products.  *See 350 W.A. LLC. v. Chubb Group of Ins.*, No. 05-cv-75, 2007 WL
3  4365502, at *3-4 (S.D. Cal. Dec. 5, 2007) (denying motion *in limine* seeking to exclude
4  evidence as irrelevant to the litigation and unfairly prejudicial because such evidence was
5  "relevant to a number of issues which will be tried to the jury").

6        The cases that the IPPs cite to support their argument are distinguishable because those
7  cases involve attempts to introduce character evidence to prove conformity therewith.  *See*
8  *Newill v. Campbell Transportation Co.*, No. 2:12-cv-1344, 2015 WL 267879, at *2 (W.D. Pa.
9  Jan. 14, 2015) (holding that testimony to show that "because Plaintiff was careless in the past,
10  he must have been acting carelessly on the date in question" qualified as character evidence);
11  *Miller ex rel Miller v. Ford Motor Co.*, No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843,
12  at *4 (M.D. Fla. July 22, 2004) (excluding all character evidence seeking to show that Ford
13  was a "good" or "bad" company).  As stated above, the Toshiba Defendants do not intend to
14  introduce any such character evidence, so the IPPs' cited cases do not apply here.

15        The IPPs' remaining cited cases involve entirely different situations that have no
16  bearing on the current case.  *See Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 13-
17  10108, 2014 WL 4206871, at *5 (E.D. Mich. Aug. 25, 2014) (patent infringement case
18  examining opinion testimony under Federal Rules of Evidence 401, 402, and 403); *Shaffer &*
19  *Sons Const., Inc. v. Alter Trading Corp.*, No. 08-3007, 2010 WL 5138479, at *3 (C.D. Ill.
20  Dec. 10, 2010) (uncontested motion *in limine* in which the Defendant did not intend to present
21  evidence the plaintiffs sought to exclude); *Kruszka v. Novartis Pharm. Corp.*, No. CIV. 07-
22  2793 DWF/JJK, 2014 WL 2986673, at *7 (D. Minn. July 1, 2014) (pharmaceutical case
23  examining admissibility of expert opinion).

24        **B.**    **The IPPs' Motion Prematurely Seeks To Exclude Evidence Without The**
25             **Proper Context Of Trial**

26        The IPPs' motion prematurely attempts to exclude evidence that would be admissible
27  at trial.  Motions *in limine* "should be granted only if the evidence is clearly not admissible for
28  any purpose.  If there is any question on the issue, rather than barring the evidence before

trial, the Court should reserve ruling on questions of admissibility until they actually arise, in the context of the trial." *McCluskey v. Allstate Insurance Co.*, No. CV 04–191–M–LBE, 2006 WL 6853110, at *1 (D. Mont. Feb. 10, 2006) (quoting *Boim v. Quranic Literacy Institute,* 349 F. Supp. 2d 1097, 1102 (N.D. Ill. 2004)). The evidence that the IPPs seek to exclude cannot be said to be inadmissible on all potential grounds, so any evidentiary ruling should be deferred until trial "so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *McCluskey*, 2006 WL 6853110, at *1 (quoting *Indiana Ins. Co. v. General Electric Co.,* 326 F. Supp. 2d 824, 846–47 (N.D. Ohio 2004)).

Even assuming that the IPPs' motion has any merit, their request to exclude "evidence about, or arguing that, the purported good character, acts, or reputation of the Defendant corporations or their employees" is too vague and sweeps too broadly without the context of specific evidence. Thus, the IPPs' motion is not ripe for a decision. *See, e.g.*, *Educ. Logistics, Inc. v. Laidlaw Transit, Inc.*, No. CV 07-06-M-DWM, 2012 WL 1142513, at *1 (D. Mont. April 4, 2012) ("the Court does not yet know the context in which the evidence [of earlier litigation] will be introduced and, thus, it reserves its ruling on this issue until trial"); *Engman v. City of Ontario*, No. EDCV 10-284 CAS, 2011 WL 2463178, at *1 (C.D. Cal. June 20, 2011) (denying motion *in limine* because there was no indication that the plaintiffs intended to introduce the evidence at issue during trial and holding that it would be "premature to issue a blanket ruling" on the motion *in limine*); *Occidental Fire & Cas. Of North Carolina v. Intermatic Inc.*, No. 2:09-cv-2207, 2013 WL 4499005, at *3 (D. Nev. Aug. 15, 2013) (denying motion *in limine* and holding that the evidence that plaintiffs sought to exclude "can be probative" and that defendants could attempt to lay a proper foundation for the evidence at trial).

**C.    To The Extent The IPPs Seek To Introduce Evidence Regarding TAEC's Compliance Policies, TAEC Can Address Its Compliance Efforts**

The IPPs have identified on their exhibit list two documents relating to TAEC's antitrust compliance policy: the policy itself (TAEC-CRT-00008902) and a presentation discussing this policy (TAEC-CRT-00133124). To the extent the IPPs seek to introduce those

documents at trial, TAEC should be free to address its compliance efforts at trial without violating Rule 404(a).  *See United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988) ("Under the rule of curative admissibility, or the 'opening the door' doctrine, the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission.").

### D. Given That The Toshiba Defendants Were Completely Vindicated In Two Separate LCD Trials, There Is Simply No "Prior Bad Act" That The IPPs Could Present At Trial

The IPPs argue in the alternative that they should be able to introduce evidence of the Toshiba Defendants' "prior bad acts" if the Toshiba Defendants suggest to the jury that they are good companies.  IPP MIL No. 19 at 3-4.  First, the IPPs' assertion that the Toshiba Defendants committed "prior bad acts" with respect to TFT-LCD screens is demonstrably false.  In the DPP LCD case, the jury verdict was vacated while the Toshiba Defendants' post-trial motions were pending and is "null and void and without any force or effect."  Order Granting Final Approval of Settlement and Entering Final Judgment of Dismissal With Prejudice as to Defendants Toshiba Corporation; Toshiba Mobile Display Co., Ltd.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc., *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M:07-cv-01827-si (N.D. Cal. Dec. 14, 2012).  In the Best Buy trial, the jury found no culpability at all and that the Toshiba Defendants were not liable for the claims asserted by Best Buy, resulting in a trial that "achieved nothing." Special Master's Report and Recommendation re Best Buy's Motion for Fees and Costs and HannStar's Objection to bill of Costs, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M:07-cv-01827-si (N.D. Cal. Feb. 3, 2014), ECF No. 8875 (stating that "Best Buy couldn't prove its claim against Toshiba at all").

Second, the IPPs' interpretation of the well-established "opening the door" principle is wildly off base.  According to the IPPs, if the Toshiba Defendants were to introduce evidence about creating innovative CRT products, the IPPs should be able to introduce evidence of the completely unrelated topics of the LCD trials or even Samsung's LCD pleas.  This

1  interpretation far exceeds what the law allows, which is "to introduce evidence on the same
2  issue." *Whitworth*, 856 F.2d at 1285 (9th Cir. 1988).
3        Finally, the IPPs' argument is purely speculative and based on a hypothetical situation,
4  so a ruling on it would be untimely.  Furthermore, *PSN Illinois, LLC v. Abbott Labs.*, the case
5  upon which the IPPs rely to support this argument, is immaterial.  That case merely holds that
6  the court would consider revisiting its ruling at a later time if the moving party raised
7  arguments at trial that would render the excluded evidence relevant.  No. 09 C 5879, 2012 WL
8  5381278, at *8 (N.D. Ill. Oct. 31, 2012).

### III.  CONCLUSION

For these reasons, the Court should deny the IPPs' motion *in limine* number 19.

Respectfully submitted,

Dated:  February 27, 2015

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
    Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
    Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
    Dana E. Foster (*pro hac vice*)
    defoster@whitecase.com
    701 Thirteenth Street, N.W.
    Washington, DC  20005
    tel.: (202) 626-3600
    fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

**CERTIFICATE OF SERVICE**

On February 27, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION IN LIMINE NO. 19: MOTION TO EXCLUDE CHARACTER EVIDENCE" to be served via ECF on the other parties in this action.

*/s/ Lucius B. Lau*
Lucius B. Lau

THE TOSHIBA DEFENDANTS' OPPOSITION TO IPPS' MOTION *IN LIMINE* NO. 19
Case No. 07-5944 SC
MDL No. 1917