# EXHIBIT 1
# [Highly Confidential – Filed Under Seal]

# EXHIBIT 2
# [Highly Confidential – Filed Under Seal]

# EXHIBIT 3
# [Confidential and Highly Confidential – Filed Under Seal]

# EXHIBIT 4
# [Confidential – Filed Under Seal]

# EXHIBIT 5

Pages 1-28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. CV-11-00162 WHA |
| | ) |
| SAMSUNG SDI CO. LTD., | ) |
| | ) SAN FRANCISCO, CA |
| Defendants. | ) TUESDAY, MAY 17, 2011 |
| | ) 3:20 p.m. |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**For the Plaintiff:**
                    **UNITED STATES DEPARTMENT OF JUSTICE**
                    ANTITRUST DIVISION
                    SAN FRANCISCO FIELD OFFICE
                    450 Golden Gate Avenue - Rm. 10-0101
                    San Francisco, CA 94102
                    **BY: MAY LEE HEYE, ESQ.**

**For Defendants:**
                    **SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP**
                    Four Embarcadero Center- 4th Floor
                    San Francisco, CA 94111
                    (415)434-9100
                    **BY: GARY L. HALLING, ESQ.**
                    and **JAMES L. McGINNIS, ESQ.**

*REPORTED BY: MARGARET "MARGO" GURULE, CCR*
            *Pro Tem Court Reporter - USDC*

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 7 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page2 of 29

2

| | |
|---|---|
| 1 | **May 17, 2011**                                    **3:20 p.m.** |

2             o0o

3          **P R O C E E D I N G S**

4     **THE COURT:**  Welcome.  Please be seated.

5      Just to report the good news that Ed Chen has just been

6 sworn in as the new U.S. District Judge.  I was down -- I had

7 the honor to attend that little ceremony.

8      So we're now ready to go.  Let's call the next case.

9     **THE CLERK:**  Calling Criminal 11-00162, United States vs.

10 Samsung SDI Corporation.

11     **MR. HALLING:**  Good afternoon, Your Honor.  Gary Halling

12 and Jim McGinnis for Samsung SDI.

13      Also here is our official corporate representative,

14 Mr. Sang Soo Noh.  And with him is Mr. Stephen Bong-Han Kim of

15 the Samsung SDI Legal Department.

16     **THE COURT:**  Okay.  Welcome to all of you.

17     **MS. HEYE:**  May Lee Heye for the United States.

18     **THE COURT:**  All right.  Welcome to you.

19     **MS. HEYE:**  Thank you.

20     **THE COURT:**  So what is our plan for the case?

21     **MR. HALLING:**  Well, Your Honor, we have submitted an

22 amended plea agreement, and we are prepared to enter a plea

23 today.

24     **THE COURT:**  All right.  So we will take the plea, send it

25 out for the presentence report, come back for a sentencing

1     hearing in about 90 days.

2          That's what you want to do?

3          **MR. HALLING:**  That's correct, Your Honor.

4          **THE COURT:**  All right.  Good.  So are there any -- let's

5     just go over what the proposed deal is.  So Ms. May Lee Heye,

6     right?

7          **MS. HEYE:**  Yes, Your Honor.

8          **THE COURT:**  All right.  Tell me what the deal is here so I

9     can have that in mind as we go through this.

10         **MS. HEYE:**  Sure, Your Honor.

11         Samsung SDI's plea agreement is being entered pursuant to

12    Rule 11(c)(1)(C).

13         Samsung SDI agrees to plead guilty to a one count

14    information charging a violation of 15 U.S.C. Section 1 for

15    fixing prices, reducing output, and allocating market shares.

16    It will pay a criminal fine of $32 million.

17         Would you like me to go through the cooperation

18    provisions?

19         **THE COURT:**  Well, there were some things about who you

20    would not prosecute and so forth.  So tell me what that is.

21         **MS. HEYE:**  Certainly, Your Honor.  On page 8 in paragraph

22    12b. there are certain individuals that have been identified in

23    the plea agreement.  There are four individuals.  Those

24    individuals are carved out of the plea agreement.

25         However, the United States has agreed that it will not

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 9 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page4 of 29

4

1  file further criminal charges against Samsung SDI or its

2  related entities or current or former employees, excluding the

3  individuals I just referred to for their participation in any

4  conspiracy involving CDTs or CPTs prior to the date of the plea

5  agreement.

6       We have also agreed not to seek restitution pending the

7  civil cases related to this matter, and we have also agreed to

8  recommend that Samsung SDI be given no term of probation.

9       **THE COURT:**  That they be given what?  That they be given a

10  term of probation?

11      **MS. HEYE:**  That they be given no term of probation, Your

12  Honor.

13      **THE COURT:**  Well, I mean, we can't put a corporation in

14  jail, so what else is there other than paying a fine?

15      **MS. HEYE:**  They pay the fine and the special assessment,

16  Your Honor.

17      **THE COURT:**  All right.  And these individuals that you

18  have carved out --

19      **MS. HEYE:**  Yes, Your Honor.

20      **THE COURT:**  -- what will become of them?  What is their

21  status going to be?

22      **MS. HEYE:**  Their status has not yet been determined, but

23  the government is continuing its investigation.  We will handle

24  them individually.  They will not be covered by the protections

25  of the plea agreement.

5

1    **THE COURT:**  The maximum fine is how much under the

2    statutes?

3    **MS. HEYE:**  I'm sorry?

4    **THE COURT:**  The maximum fine is $100 million, right?

5    **MS. HEYE:**  Yes, Your Honor.

6    **THE COURT:**  So $32 million versus $100 million.  Okay.  So

7    if the Court were to decide that $32.5 million is the right

8    fine, then would the defendant have the right to withdraw from

9    the plea agreement?

10   **MS. HEYE:**  Yes, they would, Your Honor.  This is a (C)

11   deal.

12   **THE COURT:**  So I don't know the answer to that.  I haven't

13   got a clue what the right answer here is.

14   Tell me the part about restitution.

15   **MS. HEYE:**  Your Honor, we -- the United States has agreed

16   not to seek restitution.  As you know, there are pending civil

17   cases before Judge Conti, and we have agreed that that is part

18   of the recommended sentence.

19   So as Your Honor has indicated, you would like to accept

20   the guilty plea, get a presentence report, educate yourself on

21   the issues.  And at that point, you, I think, indicated that

22   you would give the parties an opportunity to address any other

23   concerns that you had.

24   If you felt that no restitution was appropriate, then

25   obviously we would proceed.  If you did not accept that, then

Case 4:07-cv-05944-JST   Document 3068-2   Filed 05/24/14   Page 14 of 62

6

1   we would not have a deal.

2       THE COURT:  All right.  Well, does this agreement call for

3   anybody to give speeches?

4       MS. HEYE:  It does not, Your Honor.

5       THE COURT:  Why wouldn't that be a good idea?

6       MS. HEYE:  Since it's a deal with a corporation, it's just

7   not something we had discussed.

8       THE COURT:  The corporation could call some of its

9   top-ranking people to go speak to groups and say, "Here's how I

10  almost went to prison."

11      MS. HEYE:  I guess that is certainly something that we

12  could do.  It is not something we negotiated in this instance.

13      THE COURT:  All right.  Well, maybe that's -- I don't know

14  whether that's a good idea or not.  But okay.  The order of

15  business today is -- and we will save all those other issues of

16  what is the right answer for a future day --

17      MS. HEYE:  Yes, Your Honor.

18      THE COURT:  -- and we'll just do the plea here today.  So

19  who is going to actually speak for the corporation?

20      MR. HALLING:  Mr. Sang Soo Noh is the person who has been

21  authorized to speak.  He's present.  He was authorized by the

22  Board.

23      And attached to the plea agreement is the formal

24  authorization from the Samsung SDI Board of Directors

25  authorizing Mr. Noh to sign the plea agreement and to enter a

```
1    plea.
2         THE COURT:  Okay.  All right.  So I'll ask him about that.
3    So he's knowledgeable about all of that?
4         MR. HALLING:  He is knowledgeable to some extent, that's
5    correct, Your Honor.
6         THE COURT:  All right.  Well, we will see.  So let's ask
7    him -- has the interpreter been sworn in this matter?
8         THE INTERPRETER:  Yes, Your Honor.
9         THE COURT:  You have already last time?
10        THE INTERPRETER:  Yes, Your Honor.
11        THE COURT:  Okay.  So let's ask Mr. Noh to please stand in
12   the middle and raise your right hand and take an oath to tell
13   the truth.
14             (Defendant Representative placed under oath.)
15        MR. NOH:  Yes.
16        THE CLERK:  Please state your full name for the record.
17        MR. NOH:  Sang Soo Noh.
18        THE COURT:  All right.  Welcome to the Court.
19   How are you today?
20        MR. NOH:  I'm fine, Your Honor.
21        THE COURT:  Good.
22   All right.  How old are you?
23        MR. NOH:  I'm 48 years old.
24        THE COURT:  How far did you go in school?
25        MR. NOH:  I graduated from the university.
```

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 13 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page7 of 29

7

1   plea.

2       **THE COURT:**  Okay.  All right.  So I'll ask him about that.

3   So he's knowledgeable about all of that?

4       **MR. HALLING:**  He is knowledgeable to some extent, that's

5   correct, Your Honor.

6       **THE COURT:**  All right.  Well, we will see.  So let's ask

7   him -- has the interpreter been sworn in this matter?

8       **THE INTERPRETER:**  Yes, Your Honor.

9       **THE COURT:**  You have already last time?

10      **THE INTERPRETER:**  Yes, Your Honor.

11      **THE COURT:**  Okay.  So let's ask Mr. Noh to please stand in

12   the middle and raise your right hand and take an oath to tell

13   the truth.

14             *(Defendant Representative placed under oath.)*

15      **MR. NOH:**  Yes.

16      **THE CLERK:**  Please state your full name for the record.

17      **MR. NOH:**  Sang Soo Noh.

18      **THE COURT:**  All right.  Welcome to the Court.

19   How are you today?

20      **MR. NOH:**  I'm fine, Your Honor.

21      **THE COURT:**  Good.

22   All right.  How old are you?

23      **MR. NOH:**  I'm 48 years old.

24      **THE COURT:**  How far did you go in school?

25      **MR. NOH:**  I graduated from the university.

1      THE COURT:  Okay.  And in what country was that?

2      MR. NOH:  In Korea.

3      THE COURT:  Okay.  And what kind of degree do you have?

4      MR. NOH:  B.A.

5      THE COURT:  Okay.  And how do you make your living?

6      MR. NOH:  I'm a vice-president of the financial

7  department.

8      THE COURT:  Of what?

9      MR. NOH:  Financial division.

10     THE COURT:  Of Samsung SDI Company?

11     MR. NOH:  Yes, Your Honor.

12     THE COURT:  Okay.  And are you thinking clearly today?

13     MR. NOH:  Yes, Your Honor.

14     THE COURT:  Are under the influence of any medicine,

15  alcohol or narcotic?

16     MR. NOH:  No, Your Honor.

17     THE COURT:  Are you mentally ill or being treated for any

18  mental illness?

19     MR. NOH:  No, I am not.

20     THE COURT:  Okay.  And are you an officer of Samsung SDI

21  Company, Limited?

22     MR. NOH:  Yes, I am.

23     THE COURT:  And again, tell us what officer you are.

24     MR. NOH:  Vice-president of finance.

25     THE COURT:  Okay.  And is the Board of Directors of

1    Samsung SDI Company, Limited, authorized to authorize you to

2    enter into a plea of guilty to the charge brought against

3    Samsung SDI Company in this case?

4        **MR. NOH:**  Yes.

5        **THE COURT:**  And has the board of directors, in fact,

6    authorized you to enter such a plea?

7        **MR. NOH:**  Yes.

8        **THE COURT:**  And have you -- do you, yourself, understand

9    what the charges are in this case against Samsung SDI Company,

10   Limited?

11       **MR. NOH:**  Yes, I'm aware of that.

12       **THE COURT:**  All right.  And has -- have you and others in

13   the company discussed with counsel, meaning the attorneys, all

14   of the ways to defend against this case?

15       **MR. NOH:**  Yes.

16       **THE COURT:**  And are the officers and directors of Samsung

17   SDI Company, Limited, fully satisfied with the advice of

18   counsel that they have received in this case?

19       **MR. NOH:**  Yes.

20       **THE COURT:**  Is Samsung SDI Company, Limited, financially

21   able to pay the fine that is agreed upon in your amended plea

22   agreement?

23       **MR. NOH:**  Yes.

24       **THE COURT:**  All right.  I understand that your willingness

25   to plead guilty, meaning Samsung, SDI Company, Limited's,

1   willingness to plead guilty is a result of discussions between

2   your lawyers and the government lawyers that led up to this

3   amended plea agreement.  Is that true?

4       **MR. NOH:**  Yes.

5       **THE COURT:**  All right.  And did you -- did they read this

6   agreement to you in Korean?

7       **MR. NOH:**  Yes.

8       **THE COURT:**  Did you understand it?

9       **MR. NOH:**  Yes, I did.

10      **THE COURT:**  Did you discuss it with your attorneys?

11      **MR. NOH:**  Yes, we did.

12      **THE COURT:**  And does this agreement contain all of your

13  complete agreement with the U.S. Government?

14      **MR. NOH:**  Yes.

15      **THE COURT:**  All right.  So let's see, this is a Section 1

16  case.  So I guess the elements of the count are not summarized

17  here anywhere, are they?  I think I know them.

18      **MS. HEYE:**  I'm happy to read them, Your Honor, if you

19  would like.

20      **THE COURT:**  Let's just see.  Do you have the information

21  with you?

22      **MS. HEYE:**  Um-hum.

23      **THE COURT:**  Could I see that?

24      **MS. HEYE:**  Yes.

25      **THE COURT:**  All right.  Under this agreement, your --

1    Samsung SDI Company, Limited, would be pleading guilty to a

2    count of violating Section 1 of the Sherman Act.  And basically

3    that is it makes illegal conspiring to -- conspiring with some

4    other company to restrain trade in foreign or domestic

5    commerce.  And the particular things that are charged in this

6    case basically go to what?  Tell me -- tell us what they are in

7    summary form, you, the government, please --

8        MS. HEYE:  Well, the elements of the Sherman --

9        THE COURT:  -- Ms. Heye.

10       MS. HEYE:  Sure.  The elements of the Sherman Act Section

11   1 are first that the defendant entered into a conspiracy.  The

12   conspiracy was an unreasonable restraint of trade.  And the

13   conspiracy affected interstate commerce in the United States.

14       THE COURT:  All right.  And what, was it price fixing?

15       MS. HEYE:  It was price -- I am prepared to read a factual

16   basis, Your Honor, if that would be helpful.

17       THE COURT:  Well, how long is that?

18       MS. HEYE:  One page.

19       THE COURT:  Okay.  Why don't you go ahead and do that, and

20   then I'll -- is that the same one that's in the agreement?

21       MS. HEYE:  Yes, Your Honor.

22       THE COURT:  Okay.  I'm going to come to that.

23       MS. HEYE:  Okay.

24       THE COURT:  So you don't have to do that.

25       MS. HEYE:  Okay.  But it is price-fixing, reduction of

1   output, and market share allegations.

2       THE COURT:   Okay.  So those are the things that the

3   government is accusing Samsung of agreeing with some other

4   company to restrain trade, and that affects the commerce in the

5   United States.  That's the basic claim, and that breaks down

6   into price-fixing and restricting output.  What was the third

7   thing?

8       MS. HEYE:   Market share allegations.

9       THE COURT:   Market share allegations, all of which are per

10  se violations under Section 1.

11      Do you understand that?

12      MR. NOH:   Yes.

13      THE COURT:   Okay.  Now -- so if you were to plead guilty

14  to that -- and we will come to that in a minute -- under the

15  statute, the individual people go to prison when they do this.

16  But in this case, we don't have individual people.  It's a

17  company, and you can't put a company in prison.  So they just

18  get to pay a fine.

19      And the statute authorizes a fine up to $100 million, plus

20  there is a special assessment of $100, right?

21      MS. HEYE:   It's actually $400, Your Honor.

22      THE COURT:   $400.  So $400 is mandatory.  And then there

23  is a fine of anywhere from zero to $100 million.

24      Do you understand that part?

25      MR. NOH:   Yes.

1       THE COURT:  All right.  In addition, even though the

2   government has said they won't seek it, the Court could require

3   restitution.  I'll come to the affect of your agreement on that

4   in a minute.

5       But under the statute, restitution is a possibility.  Do

6   you understand that part?

7       MR. NOH:  Yes.

8       THE COURT:  All right.  And then is there supervised

9   release under the statute?

10      MS. HEYE:  A term of probation is also part of the

11  maximum -- potential maximum penalty.

12      THE COURT:  And that would be -- what does the statute

13  authorize?

14      MS. HEYE:  It is at least one year but no more than five

15  years.

16      THE COURT:  Okay.  So also the judge could impose -- must

17  impose, it sounds like, one year, right?

18      MS. HEYE:  Under a maximum penalty.

19      THE COURT:  And then up to five years of probation in

20  addition to the fine.

21      Do you understand?

22      MR. NOH:  Yes.

23      THE COURT:  Good.  All right.  So this is also a felony

24  that Samsung will be pleading guilty to.

25      Do you understand that part?

1     **MR. NOH:**  Yes.

2     **THE COURT:**  So I guess it's fair to say -- and tell me if

3     I'm wrong -- but this plea could be entered in the -- with

4     collateral consequences in the civil litigation, right?

5     Couldn't they just put this in evidence as the evidence

6     directly against Samsung?

7     **MR. HALLING:**  There is a provision, Your Honor, of the

8     Clayton Act that addresses the affect of a conviction.  And so

9     the answer -- the short answer is yes, it's pursuant to the

10    terms of a particular statute.  It's part of the Clayton Act.

11    **THE COURT:**  Okay.  So do you understand that at least

12    there is a risk that, by pleading guilty, Samsung will be

13    prejudicing itself in the civil litigation by making it easier

14    to prove that Samsung engaged in a conspiracy.

15    Do you understand?

16    **MR. NOH:**  Yes.

17    **THE COURT:**  Okay.  All right.  And then let me go through

18    what the procedure we would follow would be.  After you plead

19    guilty, assuming you do, then I would refer Samsung to the

20    probation department, and a presentence report would be

21    prepared.  That's going to take us about 90 days.  Then we come

22    back here in about 90 days and have a sentencing hearing.

23    And at the sentencing hearing, the purpose is to decide on

24    the lowest, in this case, fine, that would carry out the

25    sentencing objectives of Congress such as the need for

1     deterrence, the need to reflect the seriousness of the offense

2     and so forth.

3           You would have the right to be heard.  The lawyers would

4     have the right to be heard.  And then the judge would have to

5     make a decision on what is the right answer.  And the

6     presentence report is a very important document in that

7     process, so you would participate in its preparation.  You

8     would have the right to comment on its accuracy and to make

9     objections to it if you thought it was inaccurate.  We would

10    then have that hearing.

11          I don't know the answer.  It could be that I think

12    $32 million is too much.  It could be that I think $32 million

13    is too little.  It could be that I think $32 million is close

14    enough and let's just go with that.  I don't know.  That's why

15    we have the hearing.

16          But here is the good part for you:  If I or the judge

17    decides that it should be more than $32 million, then fine,

18    then Samsung has the option to either take the higher amount.

19    I don't know what it could be, but whatever it is, take the

20    higher fine and just pay it, or say, "No, that's not right, we

21    don't like that deal," and withdraw your guilty plea, which you

22    would have the right to do under this agreement, and take your

23    chances at trial.

24          That would be your right, to do either one of those two.

25    So you could either take the higher amount and pay that or ask

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 22 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page16 of 29

16

1    to withdraw your guilty plea.  That would, of course, be

2    granted.  Then you would go to trial and you would take your

3    chances at trial.

4         Do you understand?

5         **MR. NOH:**  Yes.

6         **THE COURT:**  Okay.  Good.

7         All right.  Now, again, I want to emphasize, I don't have

8    any idea what the right answer here is.  And we just have to

9    wait and see, go through the process and find out.

10        But you do have an important measure of protection, given

11   that this is a plea agreement that your lawyers have gotten you

12   this additional advantage of being able to withdraw the plea of

13   guilty if it turns out that you don't like -- if the sentence

14   is higher than $32 million.

15        On the other hand, if I were to sentence Samsung to pay

16   the $32 million, you would be stuck with that, meaning Samsung

17   would be stuck with its guilty plea and could not get out of

18   that.

19        Do you understand that?

20        **MR. NOH:**  Yes.  Yes, I do.

21        **THE COURT:**  All right.  I want to change the subject for a

22   minute and explain the rights to go to trial.

23        Has Samsung fully discussed with counsel its right to go

24   to trial and its right to make the government prove the case

25   against it?

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 23 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page17 of 29

17

1      **MR. NOH:**  Yes, they did.

2      **THE COURT:**  Let's go over what those rights are.  Under

3   our system, no matter how guilty Samsung is, you have the

4   perfect right to say to the government, "Okay, prove it," and

5   make the government prove the case against you.

6          And sometimes even though somebody is guilty, the

7   government just doesn't have the proof to prove it.

8          So that is a very important right, and you would be giving

9   that right up.

10         Under our system, the burden of proof is always on -- the

11  burden of proof is always on the government.  It's never, never

12  on the defendant, and the government has to call witnesses.

13         Samsung has a right to be here with its representatives,

14  to see and hear all of the testimony offered against it, and

15  work with the lawyers for the best possible cross-examination

16  of all of those witnesses.

17         The government, after it rests its case, Samsung would

18  have a right to put on a defense.  There is no corporation

19  fifth Amendment, is there?  I don't think so.

20     **MS. HEYE:**  I don't believe so.

21     **THE COURT:**  All right.  So Samsung would have a right to

22  put on a defense, call witnesses on its behalf, and we would

23  subpoena those witnesses as necessary to make them show up and

24  testify.

25         We would obligate them to tell the truth by putting them

18

1   under oath.

2        Now, when all of the evidence was before the jury, the

3   jury would have to decide whether the government has carried

4   its burden of proof.  That means all 12 people on the jury

5   would have to agree that the government had proven beyond a

6   reasonable doubt each and every element of the offense.  That's

7   Section 1 of the Sherman Act.

8        And if the jury said yes, the government had done that,

9   then the jury would be obligated to return a guilty verdict.

10  On the other hand, if even one member of the 12-person jury

11  thought that the government had fallen short on even one

12  element of its proof, that jury would not be allowed to convict

13  Samsung.

14       Do you understand that?

15       **MR. NOH:**  Yes.  Yes, I understand.

16       **THE COURT:**  Very well.  Then after -- if Samsung was

17  convicted, in addition, Samsung would have the right to appeal

18  both the verdict, as well as the amount of any fine or terms of

19  probation that were placed upon it.

20       Do you understand?  Or restitution for that matter.

21       Do you understand?

22       **MR. NOH:**  Yes, I'm aware of that.

23       **THE COURT:**  All right.  Now, here's the deal:  If you

24  plead guilty today, if Samsung pleads guilty today, then

25  Samsung will be giving up all of those rights.

1      Do you understand that?

2          **MR. NOH:**  Yes, I understand.

3          **THE COURT:**  All right.  And does Samsung want to do that

4    freely and voluntarily?

5          **MR. NOH:**  Yes.

6          **THE COURT:**  Is anyone putting pressure on Samsung to plead

7    guilty?

8          **MR. NOH:**  No.

9          **THE COURT:**  All right.  So let's see what it is that

10   Samsung did wrong.  I'm going to read from your agreement here,

11   and then I'll paraphrase.  I won't get it exactly right.  But

12   I'm taking it out of this agreement, so you tell me if it's

13   right.

14       From as early as January of '97 until as late as March of

15   '06, Samsung SDI Company, Limited, was a corporation organized

16   and existing under the laws of Korea with its principal place

17   of business in Kiheung, Republic of Korea.   True?

18         **MR. NOH:**  That is correct, Your Honor.

19         **THE COURT:**  During that relative -- during that period,

20   Samsung SDI Company, Limited, was a producer of CDTs.

21   Cathode -- what does that stand for?

22         **MS. HEYE:**  Color display tubes, Your Honor.

23         **THE COURT:**  Color display tubes.  All right.  It was a

24   producer of color display tubes; was engaged in the sale of

25   color display tubes in the USA and elsewhere; and employed over

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 26 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page20 of 29

20

1    5,000 individuals.  All true?

2        **MR. NOH:**  Yes, Your Honor.

3        **THE COURT:**  CDTs, meaning color display tubes, are a type

4    of cathode ray tube.  True?

5        **MR. NOH:**  Yes.  Yes, true.

6        **THE COURT:**  Cathode ray tubes consist of evacuated glass

7    envelopes that contain an electron gun and a phosphorescent

8    screen.  True?

9        **MR. NOH:**  Yes.

10        **THE COURT:**  When electrons strike the screen, light is

11    emitted, creating an image on the screen.  True?

12        **MR. NOH:**  Yes.

13        **THE COURT:**  CDTs are the specialized cathode ray tubes

14    manufactured for use in computer monitors and other products

15    with similar technological requirements.

16        CDTs are distinguished from another type of specialized

17    cathode ray tubes, while color picture tubes, CPTs, which are

18    manufactured for use in televisions.  True?

19        **MR. NOH:**  Yes.

20        **THE COURT:**  During this period, which, again, is '97 to

21    '06, Samsung SDI Company, Limited, through its officers and

22    employees, including high-level personnel, participated in a

23    conspiracy among major CDT producers, the primary purpose of

24    which was to fix prices, reduce output and allocate market

25    shares of CDTs sold in the USA and elsewhere.  True?

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 27 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page21 of 29

21

1   **MR. NOH:**  Yes.

2   **THE COURT:**  In furtherance of the conspiracy, the

3   defendant, through its officers and employees, engaged in

4   discussions and attended meetings with representatives of other

5   major CDT producers.

6   During these discussions and meetings, agreements were

7   reached to fix prices, reduce output, and allocate market

8   shares of CDTs to be sold in the USA and elsewhere.  True?

9   **MR. NOH:**  Yeah.

10  **THE COURT:**  During the relevant period, meaning '97 to

11  '06, CDTs sold by one or more of the conspirator firms and

12  equipment and supplies necessary to the production and

13  distribution of CDTs, as well as payment for CDTs, traveled in

14  interstate and foreign commerce.  True?

15  **MR. NOH:**  Yes.

16  **THE COURT:**  The business activities of the defendant,

17  meaning Samsung SDI Company, Limited, and its co-conspirators,

18  in connection with the production and sale of CDTs that were

19  subjects of this conspiracy, were within the flow-up and

20  substantially affected interstate and foreign trade-in

21  commerce.  True?

22  **MR. NOH:**  Yes.

23  **THE COURT:**  During the relevant period, the defendant CDT

24  sales directly affected by the conspiracy to customers in the

25  USA totaled approximately $89 million.  True?

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 28 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page22 of 29

22

1    MR. NOH:  Yes, true.

2    THE COURT:  Finally, acts in furtherance of this

3    conspiracy were carried out within the Northern District of

4    California.  CDTs that were the subject of this conspiracy were

5    transported by one or more of the co-conspirators through this

6    district.  True?

7    MR. NOH:  Yes.

8    THE COURT:  All right.  I just want to go back to one

9    other thing.  It looks like in your agreement that the maximum

10   fine is the greatest of $100 million or twice the gross

11   pecuniary gain the conspirators derived from the crime or twice

12   the gross pecuniary loss caused to the victims of the crime by

13   the conspirators.

14   Have I said that right?

15   MS. HEYE:  Yes, Your Honor.

16   THE COURT:  Do you understand that part?

17   MR. NOH:  Yes.

18   THE COURT:  Okay.  So I ask Ms. Heye -- I'm sorry if I --

19   am I saying it right?

20   MS. HEYE:  You're getting it, um-hum.

21   THE COURT:  -- Ms. Heye if I need to ask anything more or

22   anything more that should be put on the record?

23   MS. HEYE:  That's sufficient, Your Honor.

24   I would like to go through what the defendant's

25   cooperation obligations were in response to your earlier

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 29 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page23 of 29

23

1  question about the material terms.

2      THE COURT:  Oh, yes, the cooperation.

3      Yes, please do that, Ms. Heye.

4      MS. HEYE:  Sure.  The defendant agrees to provide full

5  cooperation with the government's ongoing criminal

6  investigation into anticompetitive activity in the CDT and CPT

7  industry, including providing documents we request from both

8  overseas and the United States.

9      This cooperation also includes using Samsung SDI's best

10  efforts to secure the ongoing, full and truthful corporation of

11  all current and former officers, employees and directors of the

12  company, except the individuals who have been carved out of

13  both the obligations and protections of the plea agreement.

14      THE COURT:  All right.  So do you understand that part?

15      MR. NOH:  Yes.  Yes, I do.

16      THE COURT:  All right.  And if there is a violation of

17  that, what does the government get to do?

18      MS. HEYE:  Your Honor, then the government may seek to

19  void the plea agreement.

20      THE COURT:  Void the plea or void the -- in other words,

21  what happens to the guilty plea if you seek to do that?

22      MS. HEYE:  If they violate the plea agreement, then they

23  shall be subject to prosecution for any federal crime,

24  including the substantive offenses relating to the

25  investigation resulting in this plea agreement.

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 30 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page24 of 29

24

1    THE COURT:  Is that right?

2    MR. HALLING:  Your Honor, if the terms are violated, the

3 agreement can be voided and the government can prosecute,

4 correct?

5    THE COURT:  But does the guilty plea go away at that

6 point?

7    MR. HALLING:  I believe so.

8    THE COURT:  Where does it say that?

9    MS. HEYE:  Well, because of the -- because the plea

10 agreement -- because we're voiding our obligation under this

11 plea agreement, I think that then the company would not be held

12 to the plea agreement anymore.

13    MR. HALLING:  It would be as though the plea agreement

14 never occurred.

15    THE COURT:  All right.  Paragraph 20 covers this?

16    MS. HEYE:  Um-hum.

17    THE COURT:  Let me just look at it.

18    Okay.  Anything more that needs to be said on that

19 subject?

20    MS. HEYE:  No, Your Honor.

21    THE COURT:  All right.  Is there anything the defense

22 counsel wish for me to go over?

23    MR. HALLING:  No, Your Honor.

24    THE COURT:  So, Mr. Sang Soo Noh, any questions you have?

25    MR. NOH:  No, I do not, Your Honor.

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 31 of 62
Case3:11-cr-00162-WHA   Document35   Filed05/24/11   Page25 of 29

25

1      THE COURT:  Okay.  All right.  And do you wish to go

2   forward now, or do you want more time to think about it?

3      MR. NOH:  I would like to go ahead now, Your Honor.

4      THE COURT:  All right.  So I will now ask you the official

5   question, and that is:  How does Samsung SDI Company, Limited,

6   a defendant in this case, plead to the information filed

7   against it in this case charging it with criminal violation of

8   Section 1 of the Sherman Act, conspiracy and restraint of

9   trade?

10      Does Samsung SDI Company, Limited, plead guilty or not

11   guilty?

12      MR. NOH:  Guilty.

13      THE COURT:  All right.  So, Mr. Sang Soo Noh, I'm going to

14   do what you have asked me to do.  I will find that you and

15   Samsung are fully competent and capable of entering an informed

16   plea; that you are aware, and Samsung is aware of the nature of

17   the charges and the possible consequences of pleading guilty;

18   that Samsung's plea of guilty is supported by a factual basis;

19   that it is voluntary and informed.

20      So the Court will accept your plea of guilty on behalf of

21   Samsung SDI Company, Limited, and adjudge Samsung SDI Company,

22   Limited, convicted of violating Section 1 as charged in the

23   Sherman Act.  So that important step is behind Samsung SDI

24   Company, Limited.

25      Now the Court will refer you to the probation department

1    for preparation of the presentence report, and then we will

2    come back here later on to determine what the sentence ought to

3    be or whether to accept your proposed agreement.

4         Now, ordinarily we'd come back in 90 days, but you may

5    want time for your cooperation to run.

6         I'll do whatever you want to do that on that.

7         MS. HEYE:  I think we'd like to come back in 90 days, Your

8    Honor.

9         MR. HALLING:  We would like to come back in 90 days, Your

10   Honor.

11        THE COURT:  In 90 days.  Fine.  Set it for 90 days out.

12        THE CLERK:  August 16th at 2:00.

13        THE COURT:  All right.

14        MS. HEYE:  Would you like the original plea?

15        THE COURT:  Yes.  Please give Tony the original plea, and

16   you keep that, Tony.  I don't need to see that.  Just make

17   sure -- let me just see if it's been properly signed.

18        Has it been signed by everyone?

19        MS. HEYE:  Yes, Your Honor, it has.

20        THE COURT:  All right.  Here you are.

21        All right.  Anything more I can do for you today?

22        MS. HEYE:  Just in an abundance of caution, can we confirm

23   and put on the record that time between now and the sentencing

24   hearing shall be excluded from the Speedy Trial Act on the

25   basis that -- for a delay resulting from consideration by the

1    Court of our proposed plea agreement.

2        **THE COURT:**  Okay.  Well, I'll do that if everyone wants me

3    to, but I think since the guilty plea has been accepted, the --

4    whether or not -- you see, the plea has been accepted.

5        **MS. HEYE:**  Um-hum.

6        **THE COURT:**  If I were to exceed the $32 million here, for

7    some reason, then you would have a right to make a motion to

8    withdraw the guilty plea.

9        I don't think what you're asking for is necessary, but out

10   of caution, we will do that.

11       Is there any objection?

12       **MR. HALLING:**  No, Your Honor.

13       **THE COURT:**  All right.  For the reasons stated by counsel,

14   the time between today and August 16th will be excluded from

15   the speedy trial calculation.

16       The Court finds the need for the continuance outweighs the

17   need for the public and the defendant in a speedy trial.

18       Please do a written stipulation.

19       Would you do that?

20       **MS. HEYE:**  Yes, Your Honor.

21       **THE COURT:**  Okay.  Anything more today?

22       **MS. HEYE:**  No, Your Honor, that's it.

23       **MR. HALLING:**  No, Your Honor.

24       **THE COURT:**  Great.  Thank you all.

25       **MR. HALLING:**  Thank you, Your Honor.

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 34 of 62
Case 3:11-cr-00162-WHA   Document 35   Filed 05/24/11   Page 28 of 29

28

1       **THE COURT:**  Have a good day.

2       **THE CLERK:**  Court is in recess.

3                    (Proceedings concluded at 4:00 p.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATE OF REPORTER

1

2        I, the undersigned, hereby certify that the foregoing

3   proceedings were reported by me, a certified shorthand

4   reporter, and were thereafter transcribed under my direction

5   into typewriting; that the foregoing is a full, complete and

6   true record of said proceedings.

7        I further certify that I am not of counsel or attorney for

8   either or any of the parties in the foregoing proceedings and

9   caption named, or in any way interested in the outcome of the

10  cause named in said caption.

11       The fee charged and the page format for the transcript

12  conform to the regulations of the judicial conference.

13       Furthermore, I certify the invoice does not contain

14  charges for the court reporter's certification page.

15       IN WITNESS WHEREOF, I have hereunto set my hand this 24th

16  day of May 2011.

17

18                              /s/ Margaret Gurule

19                              _____

20                              MARGARET "MARGO" GURULE, CSR

21

22

23

24

25

# EXHIBIT 6

1  LIDIA MAHER (CSBN 222253)
   MAY LEE HEYE (CSBN 209366)
2  TAI S. MILDER (CSBN 267070)
   Antitrust Division
3  U.S. Department of Justice
   450 Golden Gate Avenue
4  Box 36046, Room 10-0101
   San Francisco, CA  94102
5  Telephone:  (415) 436-6660

6  Attorneys for the United States

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11                                         )   Case No. CR 11-0162 (WHA)
   UNITED STATES OF AMERICA                )
12                                         )
                v.                         )
13                                         )
   SAMSUNG SDI COMPANY, LTD.,              )
14                                         )
                      Defendant.           )
15                                         )

16                    **AMENDED PLEA AGREEMENT**

17       The United States of America and Samsung SDI Company, Ltd. ("defendant"), a

18  corporation organized and existing under the laws of the Republic of Korea, hereby enter into the

19  following Amended Plea Agreement ("Plea Agreement") pursuant to Rule 11(c)(1)(C) of the

20  Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

21                    **RIGHTS OF DEFENDANT**

22       1.   The defendant understands its rights:

23            (a)    to be represented by an attorney;

24            (b)    to be charged by Indictment;

25            (c)    as a corporation organized and existing under the laws of the Republic of

26  Korea, to decline to accept service of the Summons in this case, and to contest the

27  jurisdiction of the United States to prosecute this case against it in the United States

28  District Court for the Northern District of California;

   PLEA AGREEMENT - SAMSUNG SDI - PAGE 1

1         (d)     to plead not guilty to any criminal charge brought against it;

2         (e)     to have a trial by jury, at which it would be presumed not guilty of the

3 charge and the United States would have to prove every essential element of the charged

4 offense beyond a reasonable doubt for it to be found guilty;

5         (f)     to confront and cross-examine witnesses against it and to subpoena

6 witnesses in its defense at trial;

7         (g)     to appeal its conviction if it is found guilty; and

8         (h)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

11      2.     The defendant knowingly and voluntarily waives the rights set out in Paragraph

12 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees

13 voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in

14 the United States District Court for the Northern District of California. The defendant also

15 knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other

16 writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the

17 sentence imposed by the Court if that sentence is consistent with or below the recommended

18 sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by

19 the Court. This agreement does not affect the rights or obligations of the United States as set

20 forth in 18 U.S.C. § 3742(b) and (c). Nothing in this paragraph, however, shall act as a bar to the

21 defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack

22 respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to

23 Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a

24 one-count Information to be filed in the United States District Court for the Northern District of

25 California. The Information will charge the defendant with participating in a conspiracy to

26 suppress and eliminate competition by fixing prices, reducing output, and allocating market

27 shares of color display tubes ("CDTs") sold in the United States and elsewhere, from at least as

28 early as January 1997, until at least as late as March 2006, in violation of the Sherman Antitrust

PLEA AGREEMENT - SAMSUNG SDI - PAGE 2

1   Act, 15 U.S.C. § 1.

2       3.      The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to

3   the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to

4   the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

5                      **FACTUAL BASIS FOR OFFENSE CHARGED**

6       4.      Had this case gone to trial, the United States would have presented evidence

7   sufficient to prove the following facts:

8       (a)     For purposes of this Plea Agreement, the "relevant period" is that period from at

9   least as early as January 1997, until at least as late as March 2006.  During the relevant period,

10  the defendant was a corporation organized and existing under the laws of the Republic of Korea.

11  The defendant has its principal place of business in Giheung, Republic of Korea.  During the

12  relevant period, the defendant was a producer of CDTs, was engaged in the sale of CDTs in the

13  United States and elsewhere, and employed over 5,000 individuals.

14      (b)     CDTs are a type of cathode ray tube.  Cathode ray tubes consist of evacuated glass

15  envelopes that contain an electron gun and a phosphorescent screen.  When electrons strike the

16  screen, light is emitted, creating an image on the screen.  CDTs are the specialized cathode ray

17  tubes manufactured for use in computer monitors and other products with similar technological

18  requirements.  CDTs are distinguished from another type of specialized cathode ray tube product,

19  color picture tubes ("CPTs"), which are manufactured for use in televisions.

20      (c)     During the relevant period, the defendant, through its officers and employees,

21  including high-level personnel of the defendant, participated in a conspiracy among major CDT

22  producers, the primary purpose of which was to fix prices, reduce output, and allocate market

23  shares of CDTs sold in the United States and elsewhere.  In furtherance of the conspiracy, the

24  defendant, through its officers and employees, engaged in discussions and attended meetings

25  with representatives of other major CDT producers.  During these discussions and meetings,

26  agreements were reached to fix prices, reduce output, and allocate market shares of CDTs to be

27  sold in the United States and elsewhere.

28      (d)     During the relevant period, CDTs sold by one or more of the conspirator firms,

PLEA AGREEMENT – SAMSUNG SDI – PAGE 3

1 | and equipment and supplies necessary to the production and distribution of CDTs, as well as

2 | payments for CDTs, traveled in interstate and foreign commerce. The business activities of the

3 | defendant and its co-conspirators in connection with the production and sale of CDTs that were

4 | the subjects of this conspiracy were within the flow of, and substantially affected, interstate and

5 | foreign trade and commerce. During the relevant period, the defendant's CDT sales, directly

6 | affected by the conspiracy, to customers in the United States totaled approximately $89 million.

7 |      (e)     Acts in furtherance of this conspiracy were carried out within the Northern

8 | District of California. CDTs that were the subject of this conspiracy were transported by one or

9 | more of the conspirators through this District.

10 | **POSSIBLE MAXIMUM SENTENCE**

11 |      5.     The defendant understands that the statutory maximum penalty which may be

12 | imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is

13 | a fine in an amount equal to the greatest of:

14 |      (a)     $100 million (15 U.S.C. § 1);

15 |      (b)     twice the gross pecuniary gain the conspirators derived from the crime (18

16 | U.S.C. § 3571(c) and (d)); or

17 |      (c)     twice the gross pecuniary loss caused to the victims of the crime by the

18 | conspirators (18 U.S.C. § 3571(c) and (d)).

19 |      6.     In addition, the defendant understands that:

20 |      (a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of

21 | probation of at least one year, but not more than five years;

22 |      (b)     pursuant to §8B1.1 of the United States Sentencing Guidelines

23 | ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or

24 | 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

25 |      (c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the

26 | defendant to pay a $400 special assessment upon conviction for the charged crime.

27 | ///

28 | ///

PLEA AGREEMENT - SAMSUNG SDI - PAGE 4

## SENTENCING GUIDELINES

7.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence within the applicable Guidelines range requiring the defendant to pay to the United States a criminal fine of $32 million, and no order of restitution ("the recommended sentence").  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.  The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)     The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b)     Both parties will recommend that no term of probation be imposed, but the

PLEA AGREEMENT – SAMSUNG SDI – PAGE 5

1   defendant understands that the Court's denial of this request will not void this Plea

2   Agreement.

3       (c)     The United States and the defendant jointly submit that this Plea

4   Agreement, together with the record that will be created by the United States and the

5   defendant at the plea and sentencing hearings, and the further disclosure described in

6   Paragraph 9, will provide sufficient information concerning the defendant, the crime

7   charged in this case, and the defendant's role in the crime to enable the meaningful

8   exercise of sentencing authority by the Court under 18 U.S.C. § 3553.  The United States

9   and defendant agree to request jointly that the Court accept the defendant's guilty plea

10   and impose sentence on an expedited schedule as early as the date of arraignment, based

11   upon the record provided by the defendant and the United States, under the provisions of

12   Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. §6A1.1, and Rule 32-1(b) of the Criminal

13   Local Rules.  The Court's denial of the request to impose sentence on an expedited

14   schedule will not void this Plea Agreement.

15       9.     Subject to the ongoing, full, and truthful cooperation of the defendant described in

16   Paragraph 12 of this Plea Agreement, and before sentencing in the case, the United States will

17   fully advise the Court of the fact, manner, and extent of the defendant's cooperation and its

18   commitment to prospective cooperation with the United States' investigation and prosecutions,

19   all material facts relating to the defendant's involvement in the charged offense, and all other

20   relevant conduct.

21       10.    The United States and the defendant understand that the Court retains complete

22   discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea

23   Agreement.

24       (a)     If the Court does not accept the recommended sentence, the United States

25   and the defendant agree that this Plea Agreement, except for Paragraph 10(b) below, shall

26   be rendered void.

27       (b)     If the Court does not accept the recommended sentence, the defendant will

28   be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant

PLEA AGREEMENT - SAMSUNG SDI - PAGE 6

1   withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made

2   in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or

3   this Plea Agreement or made in the course of plea discussions with an attorney for the

4   government shall not be admissible against the defendant in any criminal or civil

5   proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant

6   agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea

7   Agreement, the statute of limitations period for any offense referred to in Paragraph 16 of

8   this Plea Agreement shall be tolled for the period between March 10, 2011 and the date

9   the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of

10  the signing of the Plea Agreement, whichever period is greater.

11      11.    In light of the civil class action cases filed against the defendant, including *In re*

12  *Cathode Ray Tube (CRT) Antitrust Litigation*, No. C07-5944 SC, MDL No. 1917, in the United

13  States District Court, Northern District of California, which potentially provide for a recovery of

14  a multiple of actual damages, and the opportunity for potential victims to pursue damages

15  through non-class claims in the multidistrict litigation and other proceedings, the United States

16  and the defendant agree that the recommended sentence provided for in Paragraph 8 of this Plea

17  Agreement does not include a restitution order for the offense charged in the Information.

18                          **DEFENDANT'S COOPERATION**

19      12.    The defendant, its subsidiaries, and related corporate entities engaged in the sale

20  or production of any cathode ray tube products, including CDTs and CPTs (collectively, "related

21  entities") will cooperate fully and truthfully with the United States in the prosecution of this case,

22  the conduct of the current federal investigation of violations of federal antitrust and related

23  criminal laws involving the manufacture or sale of CDTs and CPTs in the United States and

24  elsewhere, any other federal investigation resulting therefrom, and any litigation or other

25  proceedings arising or resulting from any such investigation to which the United States is a party

26  ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall

27  include, but not be limited to:

28              (a)    producing to the United States all non-privileged documents, information,

PLEA AGREEMENT - SAMSUNG SDI - PAGE 7

1   and other materials wherever located, in the possession, custody, or control of the

2   defendant or any of its related entities, requested by the United States in connection with

3   any Federal Proceeding; and

4         (b)    using its best efforts to secure the ongoing, full, and truthful cooperation,

5   as defined in Paragraph 13 of this Plea Agreement, of the current and former directors,

6   officers, and employees of the defendant or any of its related entities as may be requested

7   by the United States -- but excluding Jae-Sik Kim, Seung-Kyu Park, a.k.a. Sang-Kyu

8   Park, a.k.a. Sky Park, Duck-Yun Kim, a.k.a. Deok-Yun Kim, a.k.a. Deok-Yeon Kim, and

9   Hoo-Mok Ha, a.k.a. Hu-Mok Ha -- including making these persons available in the

10   United States and at other mutually agreed-upon locations, at the defendant's expense, for

11   interviews and the provision of testimony in grand jury, trial, and other judicial

12   proceedings in connection with any Federal Proceeding.

13       13.    The ongoing, full, and truthful cooperation of each person described in Paragraph

14   12(b) above will be subject to the procedures and protections of this paragraph, and shall include,

15   but not be limited to:

16         (a)    producing in the United States and at other mutually agreed-upon locations

17   all non-privileged documents, including claimed personal documents, and other materials,

18   wherever located, requested by attorneys and agents of the United States;

19         (b)    making himself or herself available for interviews in the United States and

20   at other mutually agreed-upon locations, not at the expense of the United States, upon the

21   request of attorneys and agents of the United States;

22         (c)    responding fully and truthfully to all inquiries of the United States in

23   connection with any Federal Proceeding, without falsely implicating any person or

24   intentionally withholding any information, subject to the penalties of making false

25   statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

26         (d)    otherwise voluntarily providing the United States with any non-privileged

27   material or information not requested in (a) - (c) of this paragraph that he or she may have

28   that is related to any Federal Proceeding;

PLEA AGREEMENT - SAMSUNG SDI - PAGE 8

1       (e)     when called upon to do so by the United States in connection with any

2  Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the

3  United States fully, truthfully, and under oath, subject to the penalties of perjury (18

4  U.S.C. § 1621), making false statements or declarations in grand jury or court

5  proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of

6  justice (18 U.S.C. § 1503, *et seq.*); and

7       (f)     agreeing that, if the agreement not to prosecute him or her in this Plea

8  Agreement is rendered void under Paragraph 15(c), the statute of limitations period for

9  any Relevant Offense as defined in Paragraph 15(a) shall be tolled as to him or her for the

10  period between the date of the signing of this Plea Agreement and six (6) months after the

11  date that the United States gave notice of its intent to void its obligations to that person

12  under the Plea Agreement.

**GOVERNMENT'S AGREEMENT**

14     14.    Upon acceptance of the guilty plea called for by this Plea Agreement and the

15  imposition of the recommended sentence, and subject to the cooperation requirements of

16  Paragraph 12 of this Plea Agreement, the United States agrees that it will not bring further

17  criminal charges against the defendant or any of its related entities for any act or offense

18  committed before the date of this Plea Agreement that was undertaken in furtherance of an

19  antitrust conspiracy involving the manufacture or sale of any cathode ray tube products, including

20  CDTs and CPTs, in the United States and elsewhere. The nonprosecution terms of this

21  paragraph do not apply to civil matters of any kind, to any violation of the federal tax or

22  securities laws, or to any crime of violence.

23     15.    The United States agrees to the following:

24       (a)    Upon the Court's acceptance of the guilty plea called for by this Plea

25  Agreement and the imposition of the recommended sentence and subject to the

26  exceptions noted in Paragraph 15(c), the United States will not bring criminal charges

27  against any current or former director, officer, or employee of the defendant or its related

28  entities for any act or offense committed before the date of this Plea Agreement and while

PLEA AGREEMENT - SAMSUNG SDI - PAGE 9

1    that person was acting as a director, officer, or employee of the defendant or its related

2    entities that was undertaken in furtherance of an antitrust conspiracy involving the

3    manufacture or sale of any cathode ray tube products, including CDTs and CPTs, in the

4    United States and elsewhere ("Relevant Offense"), except that the protections granted in

5    this paragraph shall not apply to Jae-Sik Kim, Seung-Kyu Park, a.k.a. Sang-Kyu Park,

6    a.k.a. Sky Park, Duck-Yun Kim, a.k.a. Deok-Yun Kim, a.k.a. Deok-Yeon Kim, and Hoo-

7    Mok Ha, a.k.a. Hu-Mok Ha;

8            (b)      Should the United States determine that any current or former director,

9    officer, or employee of the defendant or its related entities may have information relevant

10   to any Federal Proceeding, the United States may request that person's cooperation under

11   the terms of this Plea Agreement by written request delivered to counsel for the

12   individual (with a copy to the undersigned counsel for the defendant) or, if the individual

13   is not known by the United States to be represented, to the undersigned counsel for the

14   defendant;

15           (c)      If any person requested to provide cooperation under Paragraph 15(b) fails

16   to comply with his or her obligations under Paragraph 13, then the terms of this Plea

17   Agreement as they pertain to that person, and the agreement not to prosecute that person

18   granted in this Plea Agreement, shall be rendered void;

19           (d)      Except as provided in Paragraph 15(e), information provided by a person

20   described in Paragraph 15(b) to the United States under the terms of this Plea Agreement

21   pertaining to any Relevant Offense, or any information directly or indirectly derived from

22   that information, may not be used against that person in a criminal case, except in a

23   prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration

24   (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

25           (e)      If any person who provides information to the United States under this

26   Plea Agreement fails to comply fully with his or her obligations under Paragraph 13 of

27   this Plea Agreement, the agreement in Paragraph 15(d) not to use that information or any

28   information directly or indirectly derived from it against that person in a criminal case

PLEA AGREEMENT - SAMSUNG SDI - PAGE 10

1    shall be rendered void;

2    (f)    The nonprosecution terms of this paragraph do not apply to civil matters of

3    any kind, to any violation of the federal tax or securities laws, or to any crime of violence;

4    and

5    (g)    Documents provided under Paragraphs 12(a) and 13(a) shall be deemed

6    responsive to outstanding grand jury subpoenas issued to the defendant or any of its

7    related entities.

8    16.    The United States agrees that when any person travels to the United States for

9    interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for

10   meetings with counsel in preparation therefor, the United States will take no action, based upon

11   any Relevant Offense, to subject such person to arrest, detention, or service of process, or to

12   prevent such person from departing the United States.  This paragraph does not apply to an

13   individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. §

14   1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. §

15   1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in

16   connection with any testimony or information provided or requested in any Federal Proceeding.

17   17.    The defendant understands that it may be subject to administrative action by

18   federal or state agencies other than the United States Department of Justice, Antitrust Division,

19   based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in

20   no way controls whatever action, if any, other agencies may take.  However, the United States

21   agrees that, if requested, it will advise the appropriate officials of any governmental agency

22   considering such administrative action of the fact, manner, and extent of the cooperation of the

23   defendant and its related entities as a matter for that agency to consider before determining what

24   administrative action, if any, to take.

25                              **REPRESENTATION BY COUNSEL**

26.  18.    The defendant has been represented by counsel and is fully satisfied that its

27   attorneys have provided competent legal representation.  The defendant has thoroughly reviewed

28   this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge,

PLEA AGREEMENT - SAMSUNG SDI - PAGE 11

1  any possible defenses to the charge, and the nature and range of possible sentences.

2  **VOLUNTARY PLEA**

3  19.   The defendant's decision to enter into this Plea Agreement and to tender a plea of

4  guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,

5  or representations other than the representations contained in this Plea Agreement.  The United

6  States has made no promises or representations to the defendant as to whether the Court will

7  accept or reject the recommendations contained within this Plea Agreement.

8  **VIOLATION OF PLEA AGREEMENT**

9  20.   The defendant agrees that, should the United States determine in good faith,

10 during the period that any Federal Proceeding is pending, that the defendant or any of its related

11 entities have failed to provide full and truthful cooperation, as described in Paragraph 12 of this

12 Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United

13 States will notify counsel for the defendant in writing by personal or overnight delivery or

14 facsimile transmission and may also notify counsel by telephone of its intention to void any of its

15 obligations under this Plea Agreement (except its obligations under this paragraph), and the

16 defendant and its related entities shall be subject to prosecution for any federal crime of which

17 the United States has knowledge including, but not limited to, the substantive offenses relating to

18 the investigation resulting in this Plea Agreement.  The defendant may seek Court review of any

19 determination made by the United States under this Paragraph to void any of its obligations under

20 the Plea Agreement.  The defendant and its related entities agree that, in the event that the United

21 States is released from its obligations under this Plea Agreement and brings criminal charges

22 against the defendant or its related entities for any offense referred to in Paragraph 14 of this Plea

23 Agreement, the statute of limitations period for such offense shall be tolled for the period

24 between the date of the signing of this Plea Agreement and six (6) months after the date the

25 United States gave notice of its intent to void its obligations under this Plea Agreement.

26 21.   The defendant understands and agrees that in any further prosecution

27 of it or its related entities resulting from the release of the United States from its obligations

28 under this Plea Agreement, because of the defendant's or its related entities' violation of the Plea

PLEA AGREEMENT - SAMSUNG SDI - PAGE 12

1    Agreement, any documents, statements, information, testimony, or evidence provided by it, its

2    related entities, or current or former directors, officers, or employees of it or its related entities to

3    attorneys or agents of the United States, federal grand juries, or courts, and any leads derived

4    therefrom, may be used against it or its related entities in any such further prosecution.  In

5    addition, the defendant unconditionally waives its right to challenge the use of such evidence in

6    any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

7                            **ENTIRETY OF AGREEMENT**

8           22.    This Plea Agreement constitutes the entire agreement between the

9    United States and the defendant concerning the disposition of the criminal charge in this case.

10   This Plea Agreement cannot be modified except in writing, signed by the United States and the

11   defendant.

12          23.    The undersigned is authorized to enter this Plea Agreement on behalf of the

13   defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to,

14   and incorporated by reference in, this Plea Agreement.

15          24.    The undersigned attorneys for the United States have been authorized

16   by the Attorney General of the United States to enter this Plea Agreement on behalf of the United

17   States.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

PLEA AGREEMENT - SAMSUNG SDI - PAGE 13

1      25.    A facsimile or PDF signature shall be deemed an original signature for the

2  purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the

3  purpose of executing this Plea Agreement.

4                                                        Respectfully submitted,

5

6  BY: _____        BY: _____

7      Sang Soo Noh                       Lidia Maher
    Vice President                     May Lee Heye

8      Samsung SDI Company, Ltd.        Tai S. Milder
    428-5 Gongse-dong              Attorneys

9      Giheung-gu, Yongin-si         U.S. Department of Justice
    Gyeonggi-do, 446-577           Antitrust Division

10      Republic of Korea               450 Golden Gate Avenue
                                    Box 36046, Room 10-0101
    DATED: _5/12/2011_          San Francisco, California 94102

11                                      Tel: (415) 436-6660

12                                      Fax: (415) 436-6687

13                                    DATED: May 12, 2011

14

15  BY: _____

16      Gary L. Halling, Esq.
    Counsel for Samsung SDI Company, Ltd.

17      Sheppard Mullin Richter & Hampton LLP
    Four Embarcadero Center, 17th Floor

18      San Francisco, California 94111
    Tel: (415) 434-9100

19      Fax: (415) 434-3947

20      DATED: _May 12, 2011_

21

22

23

24

25

26

27

28

PLEA AGREEMENT - SAMSUNG SDI - PAGE 14

# EXHIBIT 7

1    GIBSON, DUNN & CRUTCHER LLP
      JOEL S. SANDERS, SBN 107234
2    JSanders@gibsondunn.com
      RACHEL S. BRASS, SBN 219301
3    RBrass@gibsondunn.com
      AUSTIN SCHWING, SBN 211696
4    ASchwing@gibsondunn.com
      555 Mission Street, Suite 3000
5    San Francisco, California 94105-2933
      Telephone: 415.393.8200
6    Facsimile: 415.393.8306

7    Attorneys for Defendants
      CHUNGHWA PICTURE TUBES, LTD. and
8    CHUNGHWA PICTURE TUBES (MALAYSIA)
      SDN. BHD.

9

10              UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

| | |
|---|---|
| 14   IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC MDL No. 1917 |
| 15 | |
| This Document Relates To: | **DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S NOTICE OF LIMITATION OF DAMAGES PURSUANT TO ANTITRUST CRIMINAL PENALTY ENHANCEMENT AND REFORM ACT OF 2004** |
| 16 *Best Buy Co. Inc. et al. v. Hitachi, Ltd. et al.*, No. 3:11-cv-05513-SC | |
| 17 | |
| 18 *Sears, Roebuck and Co. et al. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC | |
| 19 | |
| 20 *Target Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC | |
| 21 *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd. et al.*, No. 3:14-cv-02510-SC | |
| 22 | |

23

24

25

26

27

28

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that in connection with the trial currently scheduled to commence on March 9, 2015 in this matter, Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "CPT"), will and hereby do assert the protections offered under the Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237, 118 Stat. 661, § 213(a) ("ACPERA") that limit any recovery from CPT to "actual damages sustained by" a plaintiff that are "attributable to the commerce done by" CPT.

CPT self-reported conduct related to cathode ray tubes to the U.S. Department of Justice and obtained amnesty from criminal prosecution pursuant to the Antitrust Division's Leniency Program. *See* Decl. of Rachel Brass in Support of Notice, Ex. A (leniency agreement). ACPERA relieves a successful leniency applicant, here CPT, from exposure to treble damages and joint-and-several liability in any civil action:

> [I]n any civil action alleging a violation of section 1 or 3 of the Sherman Act, or alleging a violation of any similar State law, based on conduct covered by a currently effective antitrust leniency agreement, *the amount of damages recovered* by or on behalf of a claimant from an antitrust leniency applicant who satisfies the [cooperation] requirements of subsection (b), together with the amounts so recovered from cooperating individuals who satisfy such requirements, *shall not exceed that portion of the actual damages sustained by such claimant which is attributable to the commerce done by the applicant in the goods or services affected by the violation.*

ACPERA § 213(a) (emphasis added).  CPT intends to demonstrate that it has satisfied its statutory cooperation obligations and is therefore entitled to the benefits of ACPERA.  Accordingly, any damages that Direct Action Plaintiffs seek to recover from CPT must be limited to "actual damages" they can prove they "sustained" that are directly "attributable to the commerce done by" CPT.

DATED: January 15, 2015                    GIBSON, DUNN & CRUTCHER LLP


                                           By:    /s/ Joel S. Sanders
                                                  Joel S. Sanders

                                           Attorneys for Defendants
                                           CHUNGHWA PICTURE TUBES, LTD and
                                           CHUNGHWA PICTURE TUBES (MALAYSIA) SDN.
                                           BHD.

1

**DECLARATION OF SERVICE**

2

I, Joseph Hansen, declare as follows:

3

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State.  On the date below, I served the within:

4

5

6

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S NOTICE OF LIMITATION OF DAMAGES PURSUANT TO ANTITRUST CRIMINAL PENALTY ENHANCEMENT AND REFORM ACT OF 2004**

7

8

to all named counsel of record as follows:

9

10

☑  **BY ECF (ELECTRONIC CASE FILING):**  I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on January 15, 2015.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

11

12

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on January 15, 2015, at San Francisco, California.

13

14

_/s/ Joseph Hansen_____
Joseph Hansen

15

16

17

101863726.3

18

19

20

21

22

23

24

25

26

27

28

2

1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234
2  jsanders@gibsondunn.com
   RACHEL S. BRASS, SBN 219301
3  rbrass@gibsondunn.com
   AUSTIN SCHWING, SBN 211696
4  aschwing@gibsondunn.com
   555 Mission Street, Suite 3000
5  San Francisco, CA 94105
   Telephone: (415) 393-8200
6  Facsimile: (415) 986-5309

7  Attorneys for Defendants
   CHUNGHWA PICTURE TUBES, LTD. and
8  CHUNGHWA PICTURE TUBES (MALAYSIA)
   SDN. BHD.

9

10                    UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14  IN RE: CATHODE RAY TUBE (CRT)          Master File No. 3:07-CV-5944 SC
    ANTITRUST LITIGATION                   MDL No. 1917
15

16  This Document Relates To:             **DECLARATION OF RACHEL S. BRASS**
                                          **IN SUPPORT OF DEFENDANTS**
17  *Best Buy Co. Inc. et al. v. Hitachi, Ltd. et al.*, No.   **CHUNGHWA PICTURE TUBES, LTD.**
    3:11-cv-05513-SC                      **AND CHUNGHWA PICTURE TUBES**
18                                        **(MALAYSIA) SDN. BHD.'S NOTICE OF**
                                          **LIMITATION OF DAMAGES PURSUANT**
19  *Sears, Roebuck and Co. et al. v. Chunghwa*   **TO ANTITRUST CRIMINAL PENALTY**
    *Picture Tubes, Ltd. et al.*, No. 3:11-cv-05514-SC   **ENHANCEMENT AND REFORM ACT OF**
20                                        **2004**
    *Target Corp. v. Chunghwa Picture Tubes, Ltd. et*
21  *al.*, No. 3:11-cv-05514-SC

22  *ViewSonic Corp. v. Chunghwa Picture Tubes,*
    *Ltd. et al.*, No. 3:14-cv-02510-SC
23

24

25

26

27

28

I, Rachel S. Brass, hereby declare as follows:

1.      I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. ("CPT") and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("CPTM") in the above-referenced action.

2.      I submit this declaration in support of Defendants CPT and CPTM's Notice of Limitation of Damages Pursuant to Antitrust Criminal Penalty Enhancement and Reform Act of 2004.  Unless otherwise indicated, I have personal knowledge of the foregoing and could and would testify to the same if called as a witness in this matter.

3.      Attached as **Exhibit A** is a true and correct copy of the leniency agreement entered into between Chunghwa Picture Tubes, Ltd. and its subsidiaries (including CPTM) and the Antitrust Division of the U.S. Department of Justice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of January 2015, at San Francisco, California.


By:   */s/ Rachel S. Brass*
         Rachel S. Brass

101864531.1

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF CPT AND CPTM'S NOTICE OF ACPERA BENEFITS
MASTER CASE NO. 07-CV-5944 SC

# EXHIBIT A

**U. S. Department of Justice**

Antitrust Division

*Office of the Deputy Assistant Attorney General*          *950 Pennsylvania Ave., NW, Suite 3218*

*Washington, D.C. 20530-0001*

Gary R. Spratling
Gibson, Dunn & Crutcher, LLP
One Montgomery Street
Suite 3100
San Francisco, California 94104

Dear Mr. Spratling:

    This letter sets forth the terms and conditions of an agreement between the Antitrust Division of the United States Department of Justice and Chunghwa Picture Tubes, Ltd., and its subsidiaries (collectively "Chunghwa"), in connection with possible price-fixing, market-allocation, and output-restriction activity, or other conduct violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, in the cathode ray tube ("CRT") industry, including such conduct involving color display tubes and color picture tubes, in the United States and elsewhere. This Agreement is conditional and depends upon Chunghwa satisfying the conditions set forth below. After all of these conditions are met, the Division will notify Chunghwa in writing that the application has been granted. It is further agreed that disclosures made by counsel for Chunghwa in furtherance of the leniency application will not constitute a waiver of the attorney-client privilege or the work-product privilege.

## AGREEMENT

    1. **Representations:** Chunghwa desires to report to the Antitrust Division possible price-fixing, market-allocation, and output-restriction activity, or other conduct violative of the Sherman Act in the CRT industry in the United States and elsewhere ("the anticompetitive activity being reported"). Chunghwa represents to the Antitrust Division that, in connection with the anticompetitive activity being reported, it:

        (a)    took prompt and effective action to terminate its part in the anticompetitive activity being reported upon discovery of the activity; and

        (b)    did not coerce any other party to participate in the activity and was not the leader in, or the originator of, the anticompetitive activity being reported.

    2. **Cooperation:** Chunghwa agrees to provide full, continuing and complete cooperation to the Antitrust Division in connection with the anticompetitive activity being reported, including, but not limited to, the following:

CONFIDENTIAL                                                    CHWA00260891

(a)    providing a full exposition of all facts known to Chunghwa relating to the anticompetitive activity being reported;

(b)    providing promptly, and without requirement of subpoena, all documents or other items in its possession, custody or control, wherever located, requested by the Antitrust Division in connection with the anticompetitive activity being reported, to the extent not already produced;

(c)    using its best efforts to secure the ongoing, full and truthful cooperation of the current directors, officers and employees of Chunghwa, former Chairman and Chief Executive Officer of Chunghwa Picture Tubes, Ltd., C.H. "Frank" Lin, and former President of CPTF Optronics Co., Ltd., a subsidiary of Chunghwa Picture Tubes, Ltd., Jason Lu (collectively "covered employees"), and encouraging such persons voluntarily to provide the Antitrust Division with any information they may have relevant to the anticompetitive activity being reported;

(d)    facilitating the ability of covered employees to appear for such interviews or testimony in connection with the anticompetitive activity being reported as the Antitrust Division may require at the times and places designated by the Antitrust Division;

(e)    using its best efforts to ensure that covered employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported respond completely, candidly and truthfully to all questions asked in interviews and grand jury appearances and at trial;

(f)    using its best efforts to ensure that covered employees who provide information to the Antitrust Division relevant to the anticompetitive activity being reported make no attempt either falsely to protect or falsely to implicate any person or entity; and

(g)    making all reasonable efforts, to the satisfaction of the Antitrust Division, to pay restitution pursuant to United States law to any person or entity injured as a result of the anticompetitive activity being reported, in which Chunghwa was a participant.

     3. **Corporate Leniency:** Subject to verification of Chunghwa's representations in paragraph 1 above, and subject to its full, continuing and complete cooperation, as described in paragraph 2 above, the Antitrust Division agrees conditionally to accept Chunghwa into Part A of the Corporate Leniency Program, as explained in an Antitrust Division policy statement dated August 10, 1993 (attached). Pursuant to that policy, the Antitrust Division agrees not to bring any

-2-

Case 4:07-cv-05944-JST   Document 3686-2   Filed 02/27/15   Page 60 of 62
AUG-28-2007  18:18       ATR_OCE                       202 307 9978    P.006
Case3:07-cv-05944-SC   Document3395-2   Filed01/15/15   Page4 of 6

criminal prosecution against Chunghwa for any act or offense it may have committed prior to the date of this letter in connection with the anticompetitive activity being reported. The commitments in this paragraph are binding only upon the Antitrust Division, although, upon request of Chunghwa, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. If the Antitrust Division at any time determines that Chunghwa has violated this Agreement, this Agreement shall be void, and the Antitrust Division may revoke the conditional acceptance of Chunghwa into the Corporate Leniency Program. Should the Antitrust Division revoke the conditional acceptance of Chunghwa into the Corporate Leniency Program, the Antitrust Division may thereafter initiate a criminal prosecution against Chunghwa in connection with the anticompetitive activity being reported, without limitation. Should such a prosecution be initiated, the Antitrust Division may use any documents, statements, or other information provided by Chunghwa or by any of its current or former directors, officers, or employees to the Antitrust Division pursuant to this Agreement against Chunghwa, directly or indirectly, in any such prosecution.

4. **Non-Prosecution Protection For Corporate Directors, Officers And Employees:** Subject to Chunghwa's full, continuing and complete cooperation, the Antitrust Division agrees that covered employees who admit their knowledge of, or participation in, and fully and truthfully cooperate with the Antitrust Division in its investigation of the anticompetitive activity being reported, shall not be prosecuted criminally by the Antitrust Division for any act or offense committed during their period of employment at Chunghwa prior to the date of this letter in connection with the anticompetitive activity being reported. Such full and truthful cooperation of covered employees shall include, but not be limited to:

   (a)   producing in the United States all documents and records, including personal documents and records, and other materials requested by attorneys and agents of the United States in connection with the anticompetitive activity being reported;

   (b)   making himself or herself available for interviews in the United States upon the request of attorneys and agents of the United States in connection with the anticompetitive activity being reported;

   (c)   responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported, without falsely implicating any person or intentionally withholding any information;

   (d)   otherwise voluntarily providing the United States with any materials or information, not requested in (a) - (c) of this paragraph, that he or she may have relevant to the anticompetitive activity being reported; and

   (e)   when called upon to do so by the United States, testifying in trial and grand jury or other proceedings in the United States, fully, truthfully and under

-3-

CONFIDENTIAL                                                    CHWA00260893

oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402) and obstruction of justice (18 U.S.C. § 1503), in connection with the anticompetitive activity being reported.

The commitments in this paragraph are binding only upon the Antitrust Division, although, upon the request of Chunghwa, the Antitrust Division will bring this Agreement to the attention of other prosecuting offices or administrative agencies. In the event a covered employee fails at any time to comply fully with his or her obligations hereunder, this Agreement as it pertains to such individual shall be void, and any leniency, immunity or non-prosecution granted to such individual under this Agreement may be revoked by the Antitrust Division. Should any leniency, immunity or non-prosecution granted be revoked, the Antitrust Division may thereafter prosecute such person criminally in connection with the anticompetitive activity being reported and may use any documents, statements, or other information provided by Chunghwa or by any of its current or former directors, officers, or employees, including such person, to the Antitrust Division pursuant to this Agreement against him or her, directly or indirectly, in such prosecution.

5. **Thin Film Transistor-Liquid Crystal Display Panel Investigation:** Chunghwa acknowledges that it is the target of a separate investigation into possible price-fixing, market-allocation, and output-restriction activity, or other conduct violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, and related statutes, in the Thin Film Transistor-Liquid Crystal Display Panel ("TFT-LCD Panel") industry in the United States and elsewhere and that some of Chunghwa's current and former directors, officers, or employees are, or may become, subjects, targets, or defendants in that separate investigation. Nothing in this Agreement limits the United States from initiating a criminal prosecution against Chunghwa or any of its current or former directors, officers, or employees in connection with the TFT-LCD Panel investigation. The status of Chunghwa or any of its current or former directors, officers, or employees as a subject, target, or defendant in the TFT-LCD Panel investigation does not abrogate or affect Chunghwa's cooperation obligations under paragraph 2 above, including its obligation to use its best efforts to secure the ongoing, full, and truthful cooperation of covered employees, or the cooperation obligations of covered employees under paragraph 4 above. A failure of a covered employee to comply fully with his or her obligations described in paragraph 4 above includes, but is not limited to, regardless of any past or proposed cooperation, not making himself or herself available in the United States for interviews and testimony in trials and grand jury or other proceedings upon the request of attorneys and agents of the United States in connection with the anticompetitive activity being reported because he or she has been, or anticipates being, charged, indicted, or arrested in the United States for violations of federal antitrust and related statutes involving the TFT-LCD Panel industry. Such failure also includes, but is not limited to, not responding fully and truthfully to all inquiries of the United States in connection with the anticompetitive activity being reported because his or her responses may also relate to, or tend to incriminate him or her in, the TFT-LCD Panel investigation. Failure to comply fully with his or her cooperation obligations further includes, but is not limited to, not producing in the United

-4-

CONFIDENTIAL

CHWA00260894

States all documents, including personal documents and records, and other materials requested by attorneys and agents of the United States in connection with the anticompetitive activity being reported because those documents may also relate to, or tend to incriminate him or her in, the TFT-LCD Panel investigation. The cooperation obligations of Paragraph 4 above do not apply to requests by attorneys and agents of the United States directed at price-fixing, market-allocation, or output-restriction activity in the TFT-LCD Panel industry if such requests are not, in whole or in part, made in connection with the anticompetitive activity being reported. The Antitrust Division may use any documents, statements, or other information provided by Chunghwa or by any of its current or former directors, officers, or employees to the Antitrust Division pursuant to this Agreement against Chunghwa or any of its current or former directors, officers, or employees, directly or indirectly, in any prosecution arising out of the TFT-LCD Panel investigation.

6. **Entire Agreement**: This letter constitutes the entire agreement between the Antitrust Division and Chunghwa, and supersedes all prior understandings, if any, whether oral or written, relating to the subject matter herein.

7. **Authority And Capacity**: The Antitrust Division and Chunghwa represent and warrant each to the other that the signatories to this Agreement on behalf of each party hereto have all the authority and capacity necessary to execute this Agreement and to bind the respective parties hereto.

The signatories below acknowledge acceptance of the foregoing terms and conditions.

Sincerely yours,

Date: 8/28/07

Scott D. Hammond
Deputy Assistant Attorney General
Antitrust Division

Yu Sheng Chen

Chunghwa Picture Tubes, Ltd.

Date: 8/28/07

Gary Spratling
Gibson, Dunn & Crutcher LLP
Counsel for Chunghwa Picture Tubes, Ltd.

Date: 8-28-07

-5-

TOTAL P.008

CONFIDENTIAL

CHWA00260895