1   ROBINS KAPLAN LLP
    Roman M. Silberfeld, Bar No. 62783
2   RMSilberfeld@rkmc.com
    David Martinez, Bar No. 193183
3   DMartinez@rkmc.com
    Laura E. Nelson, Bar No. 231856
4   LENelson@rkmc.com
    Jill S. Casselman, Bar No. 266085
5   JSCasselman@rkmc.com
    2049 Century Park East, Suite 3400
6   Los Angeles, CA 90067-3208
    Telephone:    310-552-0130
7   Facsimile:    310-229-5800

8   Attorneys for Plaintiffs
    BEST BUY CO., INC.; BEST BUY
9   PURCHASING LLC; BEST BUY
    ENTERPRISE SERVICES, INC.; BEST BUY
10  STORES, L.P.; and BESTBUY.COM, L.L.C.

11  [Additional counsel listed on signature page]

12                  **UNITED STATES DISTRICT COURT**

13                 **NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN FRANCISCO DIVISION**

15

16  IN RE: CATHODE RAY TUBE (CRT)          Master Case No.: 3:07-cv-05944-SC
17  ANTITRUST LITIGATION                   MDL No. 1917

18                                         [Honorable Samuel Conti]

19  This document relates to:              **PLAINTIFFS' OPPOSITION TO
                                           DEFENDANTS' MOTION *IN LIMINE*
20  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,*   **NO. 3 TO EXCLUDE ALL EVIDENCE
    *No. 11-cv-05513-SC*                   AND REFERENCE AT TRIAL TO THE
21                                         U.S. DEPARTMENT OF JUSTICE'S
    *Best Buy Co., Inc., et al. v. Technicolor SA, et*   CRIMINAL INVESTIGATIONS OF
22  *al., No. 13-cv-05264-SC*              THE CATHODE RAY TUBE
                                           INDUSTRY**
23  *Target Corp. v. Chunghwa Pictures Tubes,*
    *Ltd., et al., No. 3:07-cv-05514-SC*
24                                         Date:    TBD
    *Target Corp. v. Technicolor SA, et al.,* Case   Time:    TBD
25  No. 3:11-cv-05514-SC                   Ctrm:    Courtroom 1, 17th Floor

26  *Alfred H. Siegel, as Trustee of the Circuit City*
    *Stores, Inc. Liquidating Trust v. Hitachi, Ltd.,*
27  *et al., No. 11-cv-05502-SC*

28  60948391.1

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

*Sears, Roebuck and Co., et. al. v. Chunghwa Picture Tubes, Ltd., et al., No. 11-cv-5514*

*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al., No. 14-cv-02510*

Plaintiffs[1] hereby submit their Opposition to Defendants Motion *in Limine* No. 3 to Exclude All Evidence or Reference at Trial to the U.S. Department of Justice's Criminal Investigations of the Cathode Ray Tube Industry, as follows.

Respectfully submitted,

Dated:  February 27, 2015          **ROBINS KAPLAN LLP**

By:    /s/ Roman M. Silberfeld
        Roman M. Silberfeld
        David Martinez

Attorneys For Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, L.L.C.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

---

[1] For purposes of this Opposition, "Plaintiffs" refers collectively to Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and BestBuy.com, LLC, ("Best Buy"); Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City"); Sears, Roebuck and Co., and Kmart Corporation (collectively "Sears and Kmart"); Target Corporation, ( "Target"); and ViewSonic Corporation ("ViewSonic").

60948391.1                                    2

**Table of Contents**

**Page**

I. INTRODUCTION ......................................................................................................... 1

II. DEFENDANTS' MOTION *IN LIMINE* NO. 3 SHOULD BE DENIED. .................................. 1

    A.    The Motion is Fatally Overbroad. .......................................................................... 1

    B.    Evidence of the DOJ Investigation of the CRT Industry is Not Unduly Prejudicial. ........................................................................................................ 3

    C.    Evidence of the DOJ Investigation of the CRT Industry is Not Inadmissible Hearsay. ........................................................................................................... 4

III. CONCLUSION ......................................................................................................... 6

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**Table of Authorities**

**Cases**

*Baxter Health Care Corp. v. Spectramed, Inc.*,
   1992 U.S. Dist. LEXIS 19769 (C.D. Cal. Aug. 27, 1992) ........................................................ 3

*Bridgeway Corp. v. Citibank*,
   201 F.3d 134 (2d Cir. 2000) ........................................................ 4

*Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*,
   448 F. Supp. 2d 1172 (C.D. Cal. 2006) ........................................................ 5

*Engman v. City of Ont.*,
   2011 U.S. Dist. LEXIS 66128, 2011 WL 2463178 (C.D. Cal. June 20, 2011) ........................ 1

*Gentile v. County of Suffolk*,
   926 F.2d 142 (2d Cir. 1991) ........................................................ 4

*Guillermety v. Gonzales*,
   491 F. Supp. 2d 199 (D.P.R. 2006) ........................................................ 6

*Hall v. City of Fairfield*,
   2012 U.S. Dist. LEXIS 48616, 2012 WL 1155666 (E.D. Cal. Apr. 4, 2012) ........................ 1

*In re Graphics Processing Units Antitrust Litig.*,
   527 F. Supp. 2d 1011 (N.D. Cal. 2007) ........................................................ 2

*In re Knerr*,
   361 B.R. 858 (Bankr. N.D. Ohio 2007) ........................................................ 2

*In re Slatkin*,
   525 F.3d 805 (9th Cir. 2008) ........................................................ 6

*Jarvis v. JP Morgan Chase Bank, N.A.*,
   2010 U.S. Dist. LEXIS 84958 (C.D. Cal. July 23, 2010) ........................................................ 5

*Lego v. Stratos Int'l, Inc.*,
   2004 U.S. Dist. LEXIS 31317, 2004 WL 5518162 (N.D. Cal. Nov. 4, 2004) ........................ 1

*Mike's Train House, Inc. v. Lionel, L.L.C.*,
   472 F.3d 398 (6th Cir. 2006) ........................................................ 6

*Scholes v. African Enter., Inc.*,
   854 F. Supp. 1315 (N.D. Ill. 1994) ........................................................ 2

*Scholes v. Lehmann*,
   56 F.3d 750 (7th Cir. 1995) ........................................................ 5

*Simmons v. Morgan Stanley Smith Barney, LLC*,
 2014 U.S. Dist. LEXIS 23926 (S.D. Cal. Feb. 25, 2014) ........................................... 1

*United States EEOC v. E.I. duPont de Nemours & Co.*,
 2004 U.S. Dist. LEXIS 20753 (E.D. La. Oct. 18, 2004)........................................... 5

*United States ex rel. Dingle v. BioPort Corp.*
 270 F. Supp. 2d 968 (W.D. Mich. 2003) ........................................... 4

*United States ex rel. Miller v. Bill Harber International Construction, Inc.*,
 608 F.3d 871 (D.C. Cir. 2010) ........................................... 5

*United States v. 47 mm Cannon*,
 95 F. Supp. 2d 545 (E.D. Va. 2000)........................................... 5

*United States v. Cox*,
 536 F.2d 65 (5th Cir. 1976)........................................... 2

*United States v. Cruz-Garcia*,
 344 F.3d 951 (9th Cir. 2003)........................................... 3

*United States v. Mende*,
 43 F.3d 1298 (9th Cir. 1995)........................................... 3

*United States v. W.R. Grace*,
 504 F.3d 745 (9th Cir. 2007)........................................... 3

**Rules**

Fed. R. Evid. 11 ........................................... 5

Fed. R. Evid. 403 ........................................... 3

Fed. R. Evid. 803 ........................................... 4

Fed. R. Evid. 803(22) ........................................... 5, 6

Fed. R. Evid. 803(8) ........................................... 4, 5

Fed. R. Evid. 803(8)(A)(iii) ........................................... 4

Fed. R. Evid. 803(8)(C) ........................................... 4

Fed. R. Evid. 807 ........................................... 6

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Master Case No. 3:07-5944-SC

PLAINTIFFS' OPP TO DEFENDANTS' MIL NO. 3

ROBINS KAPLAN LLP

TTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**I.**
**INTRODUCTION**

Defendants' Motion *in Limine* No. 3, which seeks to exclude any and all evidence or reference to the Department of Justice ("DOJ") investigation of the CRT industry, is fatally overbroad. If granted, it would require this Court exclude evidence which is relevant, probative, non-prejudicial, and necessary to contextualize the testimony of various defendant witnesses whose companies have applied for amnesty or pleaded guilty to price-fixing charges.[2] Defendants cite no authority that supports an order of the sweeping breadth they seek. While evidence of an investigation or indictment may not establish guilt, Defendants have not met their burden of showing that such evidence ought to be excluded en masse and for every conceivable purpose. Accordingly, the Court should deny Defendants' motion.

**II.**
**DEFENDANTS' MOTION *IN LIMINE* NO. 3 SHOULD BE DENIED.**

**A.      The Motion is Fatally Overbroad.**

Courts routinely deny overbroad *in limine* motions. *See, e.g.*, *Simmons v. Morgan Stanley Smith Barney*, LLC, 2014 U.S. Dist. LEXIS 23926, 24 (S.D. Cal. Feb. 25, 2014) (denying motions to prohibit ad hominem attacks, non-disclosed witnesses, and references to prior arbitration as overbroad); *Engman v. City of Ont*., 2011 U.S. Dist. LEXIS 66128, 3, 2011 WL 2463178 (C.D. Cal. June 20, 2011) (denying motion to exclude references to other litigation as premature and overbroad); *Lego v. Stratos Int'l, Inc.*, 2004 U.S. Dist. LEXIS 31317, 4, 2004 WL 5518162 (N.D. Cal. Nov. 4, 2004) (denying motion to exclude evidence of Defendants' financial condition and board of directors meetings as vague and overbroad); *Hall v. City of Fairfield*, 2012 U.S. Dist. LEXIS 48616, 26, 2012 WL 1155666 (E.D. Cal. Apr. 4, 2012) (denying motion to exclude evidence or witnesses not produced or disclosed in discovery as overbroad.).

Defendants' Motion is substantially overbroad because, if granted, it would require exclusion of admissible, non-prejudicial evidence.

---

[2] Although Defendants state in a footnote that the Motion does not address the guilty plea of Defendant Samsung SDI Company, Ltd. (Motion at 1 n. 2), Defendants fail to account for the effect upon Plaintiffs' ability to reference or examine witnesses about the guilty plea if this Motion were granted.

1   For example, the jury in this case will hear evidence from Defendant Chunghwa Picture

2   Tubes' ("Chunghwa") employee witnesses about their company's application for amnesty in

3   response to the DOJ investigation.  These witnesses will testify about their duty to cooperate as a

4   part of Chunghwa's amnesty deal, and about the evidence Chunghwa provided to the DOJ and

5   Plaintiffs as a part of that cooperation.  This testimony would be highly confusing if divorced

6   from the context of the DOJ investigation.   Even if Plaintiffs were to avoid asking about the DOJ

7   investigation directly, the jury will need to understand why Chunghwa came forward when it did.

8   Defendants' Motion, if granted, would unfairly forbid Plaintiffs from offering that context.

9        Similarly, the jury will hear evidence of Defendant Samsung SDI, Ltd.'s ("Samsung

10   SDI") guilty plea (*see* Plaintiffs' Opp. to Defendants' MIL No. 5), which necessarily implies that

11   there was an investigation.  The guilty plea is clearly admissible, at least to demonstrate the

12   credibility of Samsung employee witnesses. Other defense witnesses were also asked about their

13   awareness of or involvement with the DOJ investigation.

14        No case cited by Defendants holds that Plaintiffs may not put such evidence before the

15   jury.  Rather, the cases Defendants rely upon merely hold that neither investigations nor

16   indictments in themselves are evidence of guilt.  *See United States v. Cox*, 536 F.2d 65, 72 (5th

17   Cir. 1976) (holding it was reversible error in drug importation case to admit F.B.I. "rap sheet"

18   listing defendant's prior convictions alongside her arrest for the present charges.); *In re Knerr*,

19   361 B.R. 858, 862 (Bankr. N.D. Ohio 2007) (striking evidence of state court indictment offered to

20   prove defendant's modus operandi); *Scholes v. African Enter., Inc*., 854 F. Supp. 1315, 324 (N.D.

21   Ill. 1994) (declining to rely upon indictment as substantive evidence at summary judgment.); *In re*

22   *Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D. Cal. 2007) (holding

23   that mere fact of a grand jury investigation, which has not yet resulted in indictments or

24   convictions, and which may not cover the alleged conduct, does not carry weight in pleading

25   antitrust conspiracy claim).

26        Here, Plaintiffs do not seek to admit evidence of DOJ investigations or indictments *for the*

27   *purposes of proving that Defendants committed the offenses that were investigated or charged.*

28   Instead, evidence of the DOJ's investigation is relevant, at a minimum, to contextualize Samsung

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

SDI's guilty plea and Chunghwa's request for amnesty and subsequent proffer. Defendants'

attempt to exclude this evidence is unworkable and baseless.

**B.**   **Evidence of the DOJ Investigation of the CRT Industry is Not Unduly Prejudicial.**

Defendants also argue that the any evidence of the DOJ investigation or indictments

should be excluded under Rule 403 as being unduly prejudicial, confusing, or misleading.

Motion at 2. However, particularly in the context of Chunghwa's amnesty application or

Samsung SDI's guilty plea, such evidence is not unduly prejudicial.

As the Ninth Circuit has explained, "Rule 403 . . . is an extraordinary remedy to be used

sparingly because it permits the trial court to exclude otherwise relevant evidence. Under the

terms of the rule, the danger of prejudice must not merely outweigh the probative value of the

evidence, but substantially outweigh it." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir.

1995) (internal quotations and citation omitted). "Unfair prejudice" means "the undue tendency

to suggest decision on an improper basis, commonly . . . an emotional one." *United States v.

W.R. Grace*, 504 F.3d 745, 759 n.6 (9th Cir. 2007) (internal quotations omitted). "That evidence

may decimate an opponent's case is no ground for its exclusion under [Rule] 403. The rule

excludes only evidence where the prejudice is 'unfair' -- that is, based on something other than its

persuasive weight." *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003).

Here, the evidence of the DOJ investigation or the indictments of Samsung SDI are not

unduly prejudicial because they will not suggest to the jury that the Chunghwa or Samsung SDI

Defendants are guilty of an offense which they do not admit. Thus, this case is distinguishable

from *Baxter Health Care Corp. v. Spectramed, Inc.,* 1992 U.S. Dist. LEXIS 19769, 9-10, (C.D.

Cal. Aug. 27, 1992), relied upon by Defendants, which involved a motion to exclude evidence of

an expert witness's indictments for fraud, which the expert witness denied. By contrast, Samsung

SDI and Chunghwa have admitted to engaging in criminal conduct. Moreover, in *Baxter*,

although the court declined to admit the indictment itself, it permitted evidence of the facts

underlying the indictment which it found to be relevant.

Here, the DOJ indictments and investigation will be referenced at trial in connection with

amnesty applicant witnesses and guilty plea witnesses.

1    In short, there is no cognizable, let alone substantially countervailing prejudice under Rule

2   403.

3   **C.**    **Evidence of the DOJ Investigation of the CRT Industry is Not Inadmissible Hearsay.**

4    Defendants further argue that indictments and other evidence of the DOJ investigation are

5   inadmissible hearsay. Motion at 2-3.  Again, Defendants are incorrect.  While an indictment may

6   in some cases be excluded as hearsay, the same reasons do *not* apply to "any press releases or

7   other government statements concerning investigations or indictments." *Id.* at 3. Federal Rule of

8   Evidence 803(8) provides an exception to the hearsay rule for public records resulting from a

9   legally authorized government investigation, including press releases.  Federal Rule of Evidence

10   803 states:

> The following are not excluded by the rule against hearsay, regardless of whether
> the declarant is available as a witness:
> (8) **Public Records**. A record or statement of a public office if:
> (A) it sets out:
>  (iii) **in a civil case or against the government in a criminal case, factual
> findings from a legally authorized investigation**; and
> (B) the opponent does not show that the source of information or other
> circumstances indicate a lack of trustworthiness.

Fed. R. Evid. 803(8)(A)(iii) (emphasis added).  To be admissible under Rule 803(8)(C), "the

evidence must (1) contain factual findings, and (2) be based upon an investigation made pursuant

to legal authority."  *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (2d Cir. 2000).

 "Rule 803(8) 'is based upon the assumption that public officers will perform their duties,

that they lack motive to falsify, and that public inspection to which many such records are subject

will disclose inaccuracies.'"  *Id.* (citation omitted).  The admissibility of evidence covered under

Rule 803(8)(C) "is generally favored" and presumed.  *Gentile v. County of Suffolk*, 926 F.2d 142,

148 (2d Cir. 1991).

 Here, the DOJ undertook an investigation of price-fixing in the CRT industry pursuant to

authority granted it by law.  Defendants have offered (and can offer) no evidence suggesting that

any DOJ issued press release lacks trustworthiness.  Their argument that government statements

like press releases are "self-serving documents" (Opp. at 3) is entirely unsupported by fact or law.

*See, e.g.*, *United States ex rel. Dingle v. BioPort Corp.*,270 F. Supp. 2d 968, 971 (W.D. Mich.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1   2003) ("Public records and government documents are generally considered not to be subject to

2   reasonable dispute. . . .  This includes public records and government documents available from

3   reliable sources on the Internet."); *United States EEOC v. E.I. duPont de Nemours & Co.*, 2004

4   U.S. Dist. LEXIS 20753, 3 (E.D. La. Oct. 18, 2004) (same); *Jarvis v. JP Morgan Chase Bank,*

5   *N.A.*, 2010 U.S. Dist. LEXIS 84958, 4 (C.D. Cal. July 23, 2010) (same).   Thus, any press release

6   or other official documentation evidencing the DOJ's investigation comes within the purview of

7   Rule 803(8) and may be admitted.

8   　　　Moreover, the Samsung SDI guilty plea and other documents underlying judgments in

9   criminal proceedings are admissible under Rule 803(22).[3]  In *United States ex rel. Miller v. Bill*

10  *Harber International Construction, Inc.*, 608 F.3d 871 (D.C. Cir. 2010), the D.C. Circuit held that

11  a co-defendant's plea agreement and Rule 11 memorandum are admissible under Rule 803(22):

12  > That is, because this is a civil case, [the co-defendant's] guilty plea may be
    > admitted under Rule 803(22) against all the defendants as long as the plea was
13  > admitted "to prove any fact essential to sustain the judgment" . . . [T]he Rule 11
    > memorandum clearly states more than the bare conclusion that [the co-defendant]
14  > was guilty. Instead, it asserts the several facts already mentioned: that [the co-
    > defendant] and others submitted bids and made payments as part of a bid-rigging
15  > conspiracy . . . Each of those facts is essential to sustain the legal conclusion of
    > [the co-defendant's] guilt under Section 1 of the Sherman Act, and therefore fell
16  > within the scope of the rule.

17  *Id.*, at 892. Other courts have reached the same conclusion. *See, e.g., Scholes v. Lehmann*, 56 F.3d

18  750, 762 (7th Cir. 1995) (plea agreement of Ponzi scheme ringleader was admissible under Rule

19  803(22) against other defendants in subsequent civil fraudulent conveyance action); *Bulletin*

20  *Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1184 (C.D. Cal. 2006)

21  (plea agreement admissible under Rule 803(22) and not barred by hearsay rule); *United States v.*

22  ────────────────

23  [3] Rule 803(22) provides in pertinent part:
    > The following are not excluded by the rule against hearsay, regardless of whether
24  > the declarant is available as a witness:
    > **(22) Judgment of a Previous Conviction**. Evidence of a final judgment of
25  > conviction if:
    > (A) **the judgment was entered after a** trial or **guilty plea**, but not a nolo
26  > contendere plea;
    > (B) the conviction was for a crime punishable by death or by imprisonment for
27  > more than a year;
    > (C) the evidence is admitted to prove any fact essential to the judgment…

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

*47 mm Cannon*, 95 F. Supp. 2d 545, 548 (E.D. Va. 2000) (Rule 803(22) permitted the government to use a plea agreement to prove the elements required in a civil forfeiture proceeding); *Guillermety v. Gonzales*, 491 F. Supp. 2d 199, 201 (D.P.R. 2006) (one defendant's guilty plea was admissible under Rule 803(22) to establish all defendants' liability).

In fact, reflecting the broad scope of the Rule 803(22) exception, courts have also admitted into evidence foreign indictments under Rule 803(22). *See, e.g.*, *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 412 (6th Cir. 2006) (holding that Korean court records, including indictments, were admissible under Rule 803(22)). Thus, evidence of the co-conspirator and individual employee guilty pleas is admissible under Rule 803(22).[4]

**III.**
**CONCLUSION**

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion *in Limine* No. 3 in its entirety.

Respectfully submitted,

Dated: February 27, 2015

/s/ *Roman M. Silberfeld*

Roman M. Silberfeld
Bernice Conn
David Martinez
Laura Nelson
Jill Casselman

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Email: rsilberfeld@robinskaplan.com
        dmartinez@ robinskaplan.com
        bconn@robinskaplan.com
        lnelson@robinskaplan.com
        jcasselman@robinskaplan.com

---

[4] Even if Rule 803(22) did not apply to co-conspirator and individual guilty plea evidence (and it does), this evidence would still be admissible under the Fed. R. Evid. 807 residual exception. *See In re Slatkin*, 525 F.3d 805, 811-13 (9th Cir. 2008) (holding that plea agreement was admissible under Rule 807).

60948391.1

Master Case No. 3:07-5944-SC                    PLAINTIFFS' OPP TO DEFENDANTS' MIL NO. 3

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

1

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and Bestbuy.com, L.L.C.*

2

3

4

/s/  William J. Blechman

5

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel:      305-373-1000
Fax:      305-372-1861
Email:   rarnold@knpa.com
            wblechman@knpa.com
            kmurray@knpa.com

6

7

8

9

10

11

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

12

/s/  Kenneth S. Marks

13

H. Lee Godfrey
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email:  lgodfrey@sumangodfrey.com
            kmarks@susmangodfrey.com
            jross@susmangodfrey.com
            jcarter@susmangodfrey.com
            dpeterson@susmangodfrey.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883


Email:  pfolse@susmangodfrey.com
        rblack@susmangodfrey.com
        jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  Jason C. Murray

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (pro hac vice)
Astor H.L. Heaven (pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
E-mail:  jmurphy@crowell.com
         aheaven@crowell.com

*Counsel for Target Corp. and ViewSonic Corp.*

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

60948391.1

8

Master Case No. 3:07-5944-SC

PLAINTIFFS' OPP TO DEFENDANTS' MIL NO. 3