ROBINS KAPLAN LLP
Roman M. Silberfeld, Bar No. 62783
RSilberfeld@robinskaplan.com
Bernice Conn, Bar No. 161594
BConn@robinskaplan.com
David Martinez, Bar No. 193183
DMartinez@robinskaplan.com
Lucas A. Messenger, Bar No. 217645
LMessenger@robinskaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co. Inc. et al. v. Hitachi, Ltd. et al.*, No. 3:11-cv-05513-SC | The Honorable Samuel Conti<br><br>**PLAINTIFFS' OPPOSITION TO HITACHI DEFENDANTS' MOTION *IN LIMINE* TO COMPEL PLAINTIFFS TO REFER TO DEFENDANT SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD. BY ITS SPECIFIC, INDIVIDUAL CORPORATE ENTITY NAME OR AS "SEG"** |

Defendant Hitachi's motion *in limine* seeks to impose an arbitrary and counterfactual restriction on Plaintiffs'[1] trial presentation that would only serve to confuse the jury and waste time. The full legal name of the entity at the heart of the motion, SEG Hitachi Shenzhen Color Display Devices Company, Limited, requires 21 syllables to pronounce. If Hitachi's wishes are heeded, Plaintiffs would be forced into a Hobson's choice between using all 21 syllables to refer to the entity, or using a shorthand – "SEG" – that severs any reference to Hitachi. The Court should reject Hitachi's request for several reasons.[2]

First, members of the conspiracy, including Hitachi employees, invariably referred to SEG Hitachi Shenzhen Color Display Devices Company, Limited, by some term other than its full legal name. Often, the company was referred to as "Hitachi Shenzhen." *See, e.g.*, Burman Decl. Ex. 39 (HDP-CRT00026086E).[3] On other occasions, the company was referred to as "SEG Hitachi." *See, e.g.*, Burman Decl. Ex. 17 (HEDUS-CRT00001714); Burman Decl. Ex. 14 at 22 (BMCC-CRT000209947E); and Burman Decl. Ex. 54 (CHU00047658E). Thus, Hitachi seeks to compel Plaintiffs to reference the entity in question with a nickname of its own strategic choosing that differs from the shorthand actually used by Hitachi employees and other members of the conspiracy and that removes any reference to a connection to "Hitachi."

Second, Hitachi's motion seeks to confuse the jury about the relevance at trial of SEG Hitachi Shenzhen Color Display Devices Company, Limited. Hitachi claims that it withdrew from the conspiracy because it purportedly stopped manufacturing and selling CRTs by April 2003. *See* Hitachi's Motion for Summary Judgment Based Upon Withdrawal and the Statute of Limitations (Dkt. No. 2972). But as Plaintiffs have noted, Hitachi's relationship with SEG

---

[1] Hitachi appears to have filed this motion *in limine* only in Plaintiff Best Buy's case. To the extent it was meant to apply more broadly, the other Plaintiffs join this opposition.

[2] The arguments raised by Defendants in this motion *in limine* are duplicative of those raised in Defendants' sixth motion *in limine* (Dkt. No. 3571), where all Defendants seek similar relief. Plaintiffs incorporate by reference here the arguments raised in their opposition to that motion *in limine*, as well as the arguments raised by the Indirect Purchaser Plaintiffs in their opposition to Defendants' sixth motion *in limine*.

[3] This and all subsequent citations to the "Burman Decl." refer to the Declaration of David J. Burman in Support of Plaintiffs' Opposition to the Hitachi Defendants' Motion for Summary Judgment Based Upon Withdrawal and the Statutes of Limitations (MDL Dkt. No. 3268-1). The cited exhibits were filed under seal pursuant to this Court's order dated January 29, 2015.

1  Hitachi Shenzhen Color Display Devices Company, Limited after 2003 precludes its withdrawal
2  defense (among other reasons). *See* Plaintiffs' Opposition to Hitachi's Motion for Summary
3  Judgment Based Upon Withdrawal and the Statute of Limitations (Dkt. No. 3268).  If Hitachi
4  asserts this affirmative defense at trial, the jury must know that Hitachi continued to participate in
5  the CRT industry and profit from SEG Hitachi Shenzhen Color Display Devices Company,
6  Limited's involvement in the conspiracy after 2003.  For this reason, any reference to SEG
7  Hitachi Shenzhen Color Display Devices Company that eliminates "Hitachi" would obfuscate the
8  company's relevance at trial.

9   Third, Hitachi fails to cite any authority that supports the relief they are requesting here.
10  Contrary to what Hitachi implies, *United States v. Coward*, 630 F.2d 229 (4th Cir. 1980), is
11  inapposite.  That case involved the government improperly joining two defendants with similar
12  names in a criminal conspiracy case involving drug charges.  *Id*. at 231.  The trial in the case was
13  deemed "confusing" because there was a fundamental mismatch between the charge of a joint
14  conspiracy and evidence at trial "show[ing] unrelated conspiracies," not because the parties had
15  similar names.  *Id*. at 230-31.  In fact, a number of courts have rejected the notion that a defendant
16  is entitled to unilaterally restrict how plaintiffs refer to it at trial.  *See United States v. Branham*,
17  No. 86-63-JRR, 1987 U.S. Dist. LEXIS 4821, at *12 (D. Del. June 5, 1987) (refusing to sever the
18  criminal cases of two defendants with identical names – a father and son – in favor of the court
19  making "the jury aware of which evidence is admissible against each defendant"); *see also United*
20  *States v. Bainbridge Mgmt.*, No. 01-469, 2002 U.S. Dist. LEXIS 16686, at *3 (N.D. Ill. Sept. 5,
21  2002) (denying the defendants' motion *in limine* to restrict use of a generic name for multiple
22  defendants and instead endorsing a mutually agreed-upon naming convention).

23   Moreover, the cases cited by Hitachi relating to corporate veil piercing and the need to
24  establish liability for each individual member of a conspiracy have no bearing on the issue
25  presented here.  *See* Motion at 3-4.  Those cases do not address limitations on the naming
26  conventions used at trial.  And they certainly do not address a situation, such as this one, where a
27  defendant seeks to prevent plaintiffs from using the same terminology it and its co-conspirators
28

regularly used.

Fourth, Hitachi's motion would impose an unnecessary burden on Plaintiffs in advance of trial. At the beginning of trial, the jury will be instructed about the various parties at issue in the case. If the naming conventions used by Plaintiffs ever become an issue during trial, the Court has the ability to address the issue then and instruct the jury appropriately.

For these reasons, Hitachi's motion *in limine* seeking to dictate how Plaintiffs refer to SEG Hitachi Shenzhen Color Display Devices Company, Limited should be denied.

Dated:  February 27, 2015

/s/  *Roman M. Silberfeld*

Roman M. Silberfeld
Bernice Conn
David Martinez
Laura Nelson
Jill Casselman

ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800

Email:  rsilberfeld@robinskaplan.com
        dmartinez@robinskaplan.com
        bconn@robinskaplan.com
        lnelson@robinskaplan.com
        jcasselman@robinskaplan.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and Bestbuy.com, L.L.C.*