# Exhibit B

```
 1                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
 2


 3      IN RE:


 4


 5      URETHANE ANTITRUST LITIGATION        CASE NO. 04-1616


 6


 7


 8              TRANSCRIPT OF TELEPHONE CONFERENCE
                             before
 9              HONORABLE JOHN W. LUNGSTRUM
                               on
10                      DECEMBER 7, 2012


11
                            APPEARANCES
12
        For the Class
13      Plaintiffs:              Joseph Goldberg
                                 Freedman, Boyd, Hollander, Goldberg
14                               & Ives PA
                                 20 First Plaza, Suite 700
15                               Albuquerque, NM 87102

16                               Donald L. Perelman
                                 Fine, Kaplan and Black, RPC
17                               One South Broad Street, Suite 2300
                                 Philadelphia, PA 19107
18
                                 Robert W. Coykendall
19                               Morris, Laing, Evans, Brock &
                                 Kennedy, Chtd.
20                               300 N. Mead St., Suite #200
                                 Wichita, KS 67202-2745
21
                                 Michael J. Guzman
22                               Kellogg, Huber, Hansen, Todd, Evans
                                 & Figel, PLLC
23                               Sumner Square
                                 1615 M Street, NW, Suite 400
24                               Washington, DC 20036-3209

25
```

```
 1                    THE COURT:  Without objection -- and I hope
 2          we can do this -- I'm going to take up Document
 3          No. 2568, which has not been responded to, which
 4          dealt with those two witnesses, and tell you here is
 5          what I want you to do.  That is, with regard to
 6          Fischer, I want to make this clear.  As of now what I
 7          understand the situation is is that Dow has told the
 8          plaintiff that Fischer does not appear to be
 9          available live; therefore, he will be called by
10          videotaped deposition.  However, if the parties
11          jointly are able to come to an accommodation for
12          Fischer to testify live, I will certainly honor that
13          accommodation, but that accommodation will require
14          that he testify live during the plaintiffs'
15          case-in-chief as well as the defendants' case.  Is
16          that clear with regard to Fischer?
17                    MR. GUZMAN:  It is.  Thank you, your Honor.
18                    THE COURT:  Is that clear to you, Mr. Loeb?
19                    MR. LOEB:  I think so, your Honor.  Thank
20          you.
21                    THE COURT:  Beitel's situation, clarify
22          that for me, if you would a little bit.  I have lost
23          a little bit of track here.  Is he under your
24          control, or is he a former also?
25                    MR. LOEB:  He's not.  He's a former
```

```
 1    employee who left Dow in 2004, but we are in contact

 2    with him, and he is planning to appear.  So we don't

 3    have control, but we do have some contact, and we

 4    have that information about his willingness.

 5              THE COURT:  All right.  Now, I have no idea

 6    what the circumstances may be with regard to Beitel's

 7    availability, but I tend to agree with the plaintiffs

 8    that he should -- these witnesses should be in a

 9    position to testify live in both sides' cases if at

10    all possible.  So what I am directing Dow to do on

11    this point is, in your dealings with Mr. Beitel, I

12    want to impress upon him that we appreciate his

13    willingness to come but that he needs to make himself

14    available, perhaps, twice.  The first time, of

15    course, would be at the plaintiffs' expense, not at

16    Dow's expense, but through your good offices in

17    brokering his attendance.  But I'm inclined to

18    enforce the notion that he would need to testify live

19    in both cases or by video in both cases.  All right?

20              MR. LOEB:  Your Honor, I understand the

21    direction and the ruling.  The comment I would make

22    on this is two-fold:  One is, we will certainly use

23    our contacts with Mr. Beitel to assure that he's as

24    available, according to the court's wishes and

25    schedule, as possible.  Secondly, it's our very
```

```
 1        present their case as they feel they need to present
 2        it.  While it's good to be able to keep somebody from
 3        having to make a second trip, and it's good in some
 4        respects, less confusing in editing videotapes and so
 5        forth, perhaps, to have some continuity in the
 6        testimony; nonetheless, I think the primary objective
 7        should be to permit the plaintiffs to have their day
 8        in court, so to speak, to present their evidence the
 9        way they want to present it, and not have that
10        coopted by the defendants being permitted to cross
11        examine beyond the scope of the direct, as I say,
12        except upon agreement of the parties to accommodate a
13        witness or to deal with whatever other justification
14        you all come to by yourselves.  But when push comes
15        to shove, if there's a disagreement, I'm going to
16        lean to the side of allowing the plaintiffs to try
17        their case the way they want to.  So that's not a
18        ruling; that's simply a guidance of where this will
19        come down when the case -- when I have to make a
20        ruling on that subject.
21             All right.  Anything else that we ought to do
22        here today?  Thank you very much for your
23        appearances, and we will be in touch with you as
24        things develop.  We're in recess.
25                      (The telephone conference was adjourned.)
```