# Exhibit A

```
                                                                    1

 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF KANSAS

 3
       IN RE:
 4

 5     URETHANE ANTITRUST LITIGATION        CASE NO. 04-1616

 6

 7
              TRANSCRIPT OF MOTION IN LIMINE CONFERENCE
 8                              before
                     HONORABLE JOHN W. LUNGSTRUM
 9                               on
                          JANUARY 9, 2013
10

11                          APPEARANCES

12     For the Class
       Plaintiffs:          Joseph Goldberg
13                          Freedman, Boyd, Hollander, Goldberg
                            & Ives PA
14                          20 First Plaza, Suite 700
                            Albuquerque, NM 87102
15

16                          Roberta D. Liebenberg
                            Fine, Kaplan and Black, RPC
17                          One South Broad Street, Suite 2300
                            Philadelphia, PA 19107
18

19                          Michael J. Guzman
                            Kellogg, Huber, Hansen, Todd, Evans
20                          & Figel, PLLC
                            Sumner Square
21                          1615 M Street, NW, Suite 400
                            Washington, DC 20036-3209
22

23                          Kit A. Pierson
                            Cohen, Milstein, Sellers & Toll
24                          West Tower - Ste. 500
                            1100 New York Ave., N.W.
25                          Washington, DC 20005-3934

                    REBECCA S. RYDER, CCR, RMR
                    UNITED STATES COURT REPORTER
                            913-735-2334
```

1    blah.  We're going to put on evidence of -- there's
2    nothing wrong with any of that.  It's just you're not
3    going to tell them, by the way, members of the jury,
4    they aren't here because they paid us some money.
5              MR. GUZMAN:  We had intended to say things
6    along the lines of, we allege this conspiracy that
7    involves these other companies.  They are not here.
8    This case is against Dow and Dow only.
9              THE COURT:  I have no problem with that.
10             MR. GUZMAN:  Thank you, your Honor.
11             THE COURT:  Yeah.  All right.  Anything
12   further?  All right.  Let's turn to the deposition
13   objections.  Let me say as a first preliminary that
14   there was a lot of skirmishing about the way in which
15   the deposition excerpts were presented to me.  I
16   disregarded both the transmittal letter with the last
17   section of depositions and the letter sent to me by
18   Dow questioning the contents of that transmittal
19   letter.  I threw them both in the trash, actually,
20   the recycling, to be more precise, but I didn't need
21   the further help that whoever was trying to give me.
22   I do want to say this though because I know that is a
23   cumbersome process.  This whole deposition objection
24   thing is a pain in the neck for everybody, and I want
25   to thank and congratulate both sides on an excellent

```
 1    job in your own ways, either printed in or
 2    handwritten in, on making very clear to me what your
 3    objections were and why; and tabbing those pages for
 4    me saved my staff a considerable amount of effort and
 5    me a considerable amount of time.  I read all this
 6    stuff, and it really helps me to have you have done
 7    it the way you did it.  So thank you for your
 8    efforts.
 9         Now, I have reviewed all of the deposition
10    transcripts that were provided to me, and I am
11    prepared to rule on the objections made.  There are a
12    couple of questions I want to ask about a couple of
13    objections, but, generally speaking, I am prepared to
14    simply tell you my rulings.  I will make a few
15    preliminary comments and then proceed to read to you
16    the rulings.  I am sorry I have not had the time to
17    prepare my rulings in written form, so please listen
18    carefully and ask me to repeat or clarify, and feel
19    free to order a transcript, if you wish.  This is
20    going to be painful for all of us.  This is one of
21    the things I think the court reporter hates more than
22    anything else, when we get down to this, trying to
23    follow all the numbers and lines and everything else.
24         For your guidance, when I state that objections
25    on certain pages or on ranges of pages are overruled,
```

1   I mean that all objections are overruled unless I
2   specifically state otherwise.  In other words, there
3   may have been multiple objections raised.  If I say
4   overruled, I'm not going to deal with each one of
5   them separately.  When I sustain an objection as --
6   this is the term I will use, beyond the scope, I'm
7   using that phrase as shorthand for a combination of
8   reasons for sustaining objections which plaintiffs
9   style as outside the scope.  Those reasons include
10  not only literal determinations of outside the scope
11  of direct examination by plaintiffs but also Rule 403
12  considerations of confusion, delay, and
13  cumulativeness and the court's inherent power to
14  control the presentation of evidence.  But beyond the
15  scope is my shorthand for that.
16      While there is no exact rule of thumb that
17  either requires or helps to determine proportionality
18  between direct and cross examination, I do think that
19  the court can, and should, be cognizant of the order
20  of presentation of proof by which the party who bears
21  the burden of persuasion also enjoys the advantage of
22  primacy in presenting its evidence.  With deposition
23  testimony, unlike live testimony, the party who seeks
24  to present evidence which might arguably fall within
25  the scope of direct if liberally defined but which is