Exhibit B

```
 1                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
 2

 3   IN RE:

 4

 5   URETHANE ANTITRUST LITIGATION         CASE NO. 04-1616

 6

 7

 8              TRANSCRIPT OF TELEPHONE CONFERENCE
                            before
 9             HONORABLE JOHN W. LUNGSTRUM
                              on
10                    DECEMBER 7, 2012

11
                          APPEARANCES
12
     For the Class
13   Plaintiffs:              Joseph Goldberg
                              Freedman, Boyd, Hollander, Goldberg
14                            & Ives PA
                              20 First Plaza, Suite 700
15                            Albuquerque, NM 87102

16                            Donald L. Perelman
                              Fine, Kaplan and Black, RPC
17                            One South Broad Street, Suite 2300
                              Philadelphia, PA 19107
18
                              Robert W. Coykendall
19                            Morris, Laing, Evans, Brock &
                              Kennedy, Chtd.
20                            300 N. Mead St., Suite #200
                              Wichita, KS 67202-2745
21
                              Michael J. Guzman
22                            Kellogg, Huber, Hansen, Todd, Evans
                              & Figel, PLLC
23                            Sumner Square
                              1615 M Street, NW, Suite 400
24                            Washington, DC 20036-3209

25
```

REBECCA S. RYDER, CCR, RMR
UNITED STATES COURT REPORTER
913-735-2334

```
 1              THE COURT:  Without objection -- and I hope

 2      we can do this -- I'm going to take up Document

 3      No. 2568, which has not been responded to, which

 4      dealt with those two witnesses, and tell you here is

 5      what I want you to do.  That is, with regard to

 6      Fischer, I want to make this clear.  As of now what I

 7      understand the situation is is that Dow has told the

 8      plaintiff that Fischer does not appear to be

 9      available live; therefore, he will be called by

10      videotaped deposition.  However, if the parties

11      jointly are able to come to an accommodation for

12      Fischer to testify live, I will certainly honor that

13      accommodation, but that accommodation will require

14      that he testify live during the plaintiffs'

15      case-in-chief as well as the defendants' case.  Is

16      that clear with regard to Fischer?

17              MR. GUZMAN:  It is.  Thank you, your Honor.

18              THE COURT:  Is that clear to you, Mr. Loeb?

19              MR. LOEB:  I think so, your Honor.  Thank

20      you.

21              THE COURT:  Beitel's situation, clarify

22      that for me, if you would a little bit.  I have lost

23      a little bit of track here.  Is he under your

24      control, or is he a former also?

25              MR. LOEB:  He's not.  He's a former
```

15

1    employee who left Dow in 2004, but we are in contact

2    with him, and he is planning to appear.  So we don't

3    have control, but we do have some contact, and we

4    have that information about his willingness.

5             THE COURT:  All right.  Now, I have no idea

6    what the circumstances may be with regard to Beitel's

7    availability, but I tend to agree with the plaintiffs

8    that he should -- these witnesses should be in a

9    position to testify live in both sides' cases if at

10   all possible.  So what I am directing Dow to do on

11   this point is, in your dealings with Mr. Beitel, I

12   want to impress upon him that we appreciate his

13   willingness to come but that he needs to make himself

14   available, perhaps, twice.  The first time, of

15   course, would be at the plaintiffs' expense, not at

16   Dow's expense, but through your good offices in

17   brokering his attendance.  But I'm inclined to

18   enforce the notion that he would need to testify live

19   in both cases or by video in both cases.  All right?

20            MR. LOEB:  Your Honor, I understand the

21   direction and the ruling.  The comment I would make

22   on this is two-fold:  One is, we will certainly use

23   our contacts with Mr. Beitel to assure that he's as

24   available, according to the court's wishes and

25   schedule, as possible.  Secondly, it's our very

```
 1          present their case as they feel they need to present

 2          it.  While it's good to be able to keep somebody from

 3          having to make a second trip, and it's good in some

 4          respects, less confusing in editing videotapes and so

 5          forth, perhaps, to have some continuity in the

 6          testimony; nonetheless, I think the primary objective

 7          should be to permit the plaintiffs to have their day

 8          in court, so to speak, to present their evidence the

 9          way they want to present it, and not have that

10          coopted by the defendants being permitted to cross

11          examine beyond the scope of the direct, as I say,

12          except upon agreement of the parties to accommodate a

13          witness or to deal with whatever other justification

14          you all come to by yourselves.  But when push comes

15          to shove, if there's a disagreement, I'm going to

16          lean to the side of allowing the plaintiffs to try

17          their case the way they want to.  So that's not a

18          ruling; that's simply a guidance of where this will

19          come down when the case -- when I have to make a

20          ruling on that subject.

21              All right.  Anything else that we ought to do

22          here today?  Thank you very much for your

23          appearances, and we will be in touch with you as

24          things develop.  We're in recess.

25                     (The telephone conference was adjourned.)
```