Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Indirect-Purchaser Class Action* | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* NO. 8:** |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | **TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO DAMAGES FROM "SPILLOVER" OR "RIPPLE" EFFECTS OF FOREIGN PRICE-FIXING ACTIVITIES ON U.S. PRICES** |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262; | Hearing Date: None
Time: None
Courtoom: None |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514; | The Honorable Samuel Conti |
| *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776; | |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |

| | |
|---|---|
| 1 | |
| 2 | *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, )<br>et al., No. 11-cv-05514;                    )<br>                                                 ) |
| 3 | *Target Corp. v. Technicolor SA, et al.*, No. 13- )<br>cv-05686;                                      ) |
| 4 |                                                 ) |
| 5 | *Viewsonic Corp. v. Chunghwa Picture Tubes,*    )<br><u>*Ltd*. No. 14-cv-02510.</u>                          ) |

In their Motion *in Limine* No. 8, Defendants seek to preclude the Indirect Purchaser Plaintiffs ("Plaintiffs") from satisfying the FTAIA's "domestic effects" test through argument and evidence that price increases of CRTs in the global market affected prices in the U.S. market. *See* Defs.' Mot. at 4. Even assuming that the FTAIA applies,[1] Defendants' arguments are misplaced for the reasons set forth below. Defendants' motion should be denied.

I.   ARGUMENT

*First,* if the FTAIA applies, the "domestic effects" test requires factfinding about whether—and the extent to which—Defendants' conduct affected U.S. commerce. *See* Dkt. No. 3287 at 19-25 (IPPs' opposition to defendants' summary judgment brief on FTAIA issues). Defendants' Motion is little more than an improper attempt to bar Plaintiffs from presenting evidence that is plainly relevant and admissible to prove that their claims meet the FTAIA's "domestic effects" test. As Defendants note, because the FTAIA is now deemed to be an element of a Sherman Act claim, Plaintiffs have the burden of proof. *See United States v. Hui Hsiung*, --F.3d.--, 2015 WL 400550, at *10 (9th Cir. Jan. 30, 2015) ("*Hsiung*") (FTAIA is "a component of the merits of a Sherman Act claim involving nonimport trade or commerce with foreign nations"). Yet, Defendants ask the Court to exclude the very evidence Plaintiffs would use to demonstrate that Defendants' foreign conduct had a "direct, substantial and reasonably foreseeable effect"

---

[1] The FTAIA does not apply, for two reasons. First, the FTAIA does not govern state law claims. *See* Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment on Indirect Purchaser Claims Based on Foreign Sales, Dkt. No. 3287 (filed December 23, 2014) at 20-21 ("Opp. to MSJ"), at 10-16. Second, the conduct at issue here is conduct involving import commerce, expressly excluded from the reach of the FTAIA. *See* 15 U.S.C. §6a (the FTAIA bars Sherman Act claims based on foreign conduct *other* than conduct involving import commerce). *See also* Dkt. No. 3287, Opp. to MSJ, at 16-18; *United States v. Hui Hsiung*, -- F.3d. --, 2015 WL 400550, at *13 n.8 (9th Cir. Jan. 30, 2015) (where "at least a portion of the transactions there involve[d] the heartland situation of the direct importation of foreign goods into the United States," the conduct was import trade); *In re TFT-LCD Antitrust Litig.,* MDL No. 1827, 2014 WL 4652126, at *3 (N.D. Cal. Sept. 18, 2014) (same).

1

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 8:
TO EXCLUDE SPILLOVER EFFECTS ON THE U.S. MARKET
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917

on U.S. commerce. *See* 15 U.S.C. § 6a. It would be error to prevent Plaintiffs from presenting evidence on this issue. *See Hartford Fire*, *Ins. v. California*, 509 U.S. 764, 796 (1993) (it is "well established" that U.S. antitrust laws apply "to foreign conduct that was meant to produce and did in fact produce some substantial effects in the United States"); *In re TFT-LCD*, 822 F. Supp. 2d at 963-964 ("adopting a definition of 'direct' under which only the first sale of a product could satisfy the standard would exclude from the Sherman Act's reach a significant amount of anticompetitive conduct that has real consequences for American consumers").

Defendants' sole basis for excluding evidence of this nature is their faulty *presumption* that the cartel had only a "spillover or ripple effect in the United States market." Mot. at 1. But this Court has already determined that extensive evidence shows otherwise. For example, in ruling on Plaintiffs' motion for class certification, the Special Master discussed Plaintiffs' evidence that Asia-based target prices impacted the U.S. He concluded: "there is no dispute that most of the CRTs sold to class members were manufactured in Asia and then sold into the United States in finished televisions and monitors. *The CRT cartel target pricing for sales of tubes to Asian manufacturers, therefore, is relevant—indeed critically important—to the analysis*." June 20, 2013 Report and Recommendation Regarding Indirect Purchaser Plaintiffs' Motion for Class Certification, at 35 (Dkt. 1742), adopted September 24, 2013 (Dkt. 1950) (emphasis added).

Plaintiffs also marshaled a mountain of evidence relevant to these FTAIA "domestic effect" issues in their recent summary judgment filings. Dkt. No. 3287 at 19-25. All such evidence is relevant and admissible at trial.

*Second,* Defendants are wrong on the law in asserting that foreign sales of CRTs were too far removed to constitute a "direct" effect on U.S. commerce. The Ninth Circuit's recent decision in *Hsiung*, 2015 WL 400550, as well as other recent decisions in the *LCD* cases, establish unequivocally that Defendants' conduct in the global arena had

direct consequences for the U.S. market.

In *Hsiung,* the Ninth Circuit discussed the meaning of an "immediate consequence" of a defendant's activity for purposes of satisfying the FTAIA's domestic effects exception. *See Hsiung,* 2015 WL 40050, at *17. The court concluded that the LCD conspiracy's "impact on the United States market was direct and followed 'as an immediate consequence' of the price-fixing," noting that the defendants had targeted the U.S. market. *Id.* The court concluded: "The direct connection was *neither speculative nor insulated by multiple disconnected layers of transactions*." *Id.* (emphasis added).

Likewise, the District Court in *LCD* concluded that foreign conduct has a "direct, substantial, and reasonably foreseeable effect" in the United States where an international cartel "colluded to increase the prices of . . . a major component in electronic products that are imported into the United States," causing "prices of the finished products in the United States to increase." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 822 F. Supp. 2d 953, 965-66 (N.D. Cal. 2011). "If this effect is not 'direct,' it is difficult to imagine what would be."[2] *Id.*

Here, as in *LCD,* the evidence of Defendants' targeting of the U.S., and of their global setting of supra-competitive CRT prices, is overwhelming and relevant to establish that Defendants' conduct had a direct effect on the U.S. market.[3]

*Finally*, because the Motion is meritless, there is no basis to exclude the three exhibits challenged by Defendants. These exhibits are highly probative of the link between Defendants' global conduct and its effect in the United States:

---

[2] *See also TFT-LCD,* 822 F. Supp. 2d at 964 (an effect does not become indirect simply because of a "complex manufacturing process." Where "the nature of the effect does not change in any substantial way before it reaches the United States consumer, the effect is an "immediate consequence" of the defendant's anticompetitive behavior."); *Costco Wholesale Corp. v. AU Optronics Corp.,* No. C13-1207RAJ, 2014 WL 4718358, at *5-7 (W.D. Wash. Sept. 22, 2014) (same); Opp. to MSJ, Dkt. No. 3287 at 21-24 (refuting Defendants' argument that "direct" effects are limited to the first point of sale).

[3] *See, e.g.,* Opp. to MSJ at 5-9 (Dkt. No. 3287) (summarizing evidence).

1. The C.C. Liu deposition testimony (Yan Decl. Ex. 1) is an admission that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

2. The Canavan email (*Id.* Ex. 2) expressly ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

3. The other Canavan email (*Id.* Ex. 3) likewise ▬▬▬▬▬▬▬▬▬▬▬▬▬

## II. CONCLUSION

For the foregoing reasons, the motion *in limine* should be denied. Plaintiffs should be permitted to argue that all aspects of Defendants' foreign conduct—including price increases of CRTs in the global market—had direct, substantial and foreseeable effects on U.S. commerce. Plaintiffs should also be permitted to submit evidence of such effects, including without limitation: (1) the testimony of C.C. Liu ▬▬▬▬▬▬▬▬▬▬▬▬ (Yan Decl. Ex. 1); and (2) email correspondence from Patrick Canavan ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*Id.* Ex. 2-3).

Dated: February 27, 2015         By:  */s/ Mario N. Alioto*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:   (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Sylvie K. Kern
KAG Law Group
P.o. Box 210135
San Fransisco, CA  94121
Telephone:  (415) 221-5763
www.antitrustglobal.com

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiff*