Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp.,* et al. *v. Hitachi, Ltd.,* et al., Case No. 13-cv-1173 SC;<br><br>and<br><br>*Sharp Electronics Corp.,* et al. *v. Koninklijke Philips Electronics N.V.,* et al., Case No. 13-cv-2776 SC. | **PLAINTIFFS SHARP ELECTRONICS CORPORATION & SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION**<br><br>**[REDACTED VERSION]** |

1       Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing

2   Company of America, Inc. (collectively, "Sharp" or the "Sharp Plaintiffs") respectfully submit

3   this opposition to the Toshiba Defendants'[1] Motion *in Limine* to exclude evidence of Toshiba's

4   sales to the Sharp Plaintiffs.

5   <u>**INTRODUCTION**</u>

6       To the extent that Toshiba's motion is not moot, it is overbroad, and so should be

7   denied.   The bulk of the motion concerns arguments that Sharp will not be making and

8   evidence that Sharp will not be offering – that it seeks damages here based on purchases from

9   Toshiba.  Following this Court's orders concerning the effect of a Basic Transaction

10  Agreement ("BTA") between the entities now known as Sharp Corporation and Toshiba

11  Corporation (MDL Dkt. Nos. 2435, 2612), Sharp amended its complaint to remove allegations

12  that Sharp seeks redress here based on its purchases from Toshiba, and instead alleged that

13  Toshiba is "jointly and severally liable for the damages caused to Sharp due to the activities of

14  the other Defendants and co-conspirators in the conspiracy."  (MDL Dkt. No. 2621.)  Sharp

15  further expressly alleged that "Sharp seeks no damages related to any transactions between any

16  Sharp entity and any Toshiba entity."  (*Id.*)

17      If Toshiba had sought only an order confirming that Sharp may not argue to the jury

18  that it was harmed based on its purchases from Toshiba, this motion *in limine* would be

19  entirely moot, because Sharp will not make that argument.  Toshiba, however, seeks broader

20  relief: a declaration that "Sharp's purchases from Toshiba bear no relevance to this litigation."

21  (Mot. at 3.)  Neither the law nor the facts supports this overbroad request.  Because the context

22  in which evidence will be proffered is often critical, vague overbroad motions – like Toshiba's

23  – are frequently rejected as premature.  That should be the case here.  Sharp's purchases from

24  Toshiba are relevant or potentially relevant to a number of issues that remain in the case.  For

25  instance, co-conspirator communications that refer to Sharp as a customer of Toshiba are

26  highly probative evidence of Toshiba's participation in a far-reaching conspiracy, and so help

27  _____

28  [1] The Toshiba Defendants are Toshiba Corporation; Toshiba America, Inc.; Toshiba America Electronic Components, Inc.; and Toshiba America Information Systems, Inc. (collectively, "Toshiba").

1

SHARP'S OPPOSITION TO TOSHIBA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP
CASE NOS. 07-CV-5944 (MDL NO. 1917); 13-CV-1173; 13-CV-2776

to establish that Toshiba is jointly and severally liable for Sharp's damages based on CRT purchases from Toshiba's co-conspirators.  Sharp's purchases from Toshiba may also come up in connection with the purchase data that Sharp's expert Dr. Jerry Hausman considered for purposes of determining the actual prices that Sharp paid for CRTs and calculating the corresponding overcharge rate on CRT purchases.  Again, Sharp has no intention of arguing from such evidence that the jury should consider, or award damages on, that portion of the total sales that are from Toshiba to Sharp.  But as a part of the overall data set, those sales are relevant – particularly under the Federal Rules' liberal standard for relevance.  Sharp's purchases from Toshiba may also be relevant to rebut any mischaracterization or argument by the defendants about the validity of Dr. Hausman's overcharge calculations, or to prove an interest by Toshiba in CRT prices in North America and thus an incentive to participate in information exchanges focused on North America.  And these are only some of the possible permissible uses for evidence that Toshiba sold CRTs to Sharp.

Although Toshiba's brief mentions the word "prejudice" and cites Rule 403, Toshiba does not explain why the jury would be confused by knowing that Sharp was one of Toshiba's customers, which is an indisputable fact.  Toshiba cannot satisfy the high standard under Federal Rule of Evidence 403 where it points to no reason why it will be prejudiced by the jury being made aware that Sharp was Toshiba's customer.

Accordingly, Toshiba's overbroad and premature motion should be denied.

## ARGUMENT

### A.  Evidence of Sharp's Purchases from Toshiba May Be Relevant for Permissible Purposes

At trial, Sharp will not seek to admit into evidence documents or testimony seeking to prove that Sharp was damaged by purchases from Toshiba.  Because Sharp is not pursuing claims against any defendant based on Sharp's commerce with Toshiba, evidence offered for that purpose would not be relevant to the litigation.  However, evidence concerning Sharp's commerce with Toshiba may be relevant for other purposes.

1   Evidence is relevant if "it has any tendency to make a fact more or less probable than it

2   would be without the evidence" and that "fact is of consequence in determining the action."

3   Fed. R. Evid. 401.  The relevance standard is "liberal," *Friedman v. Medjet Assistance, LLC*,

4   No. CV 09-07585, 2010 WL 9081271, at *8 (C.D. Cal. Nov. 8, 2010), and defined "broadly,"

5   *Onyx Pharm., Inc. v. Bayer Corp.*, 863 F. Supp. 2d 894, 900 (N.D. Cal. 2011).  Moreover,

6   "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a

7   relation between an item of evidence and a matter properly provable in the case."

8   *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387-88 (2008) (quoting Fed. R. Evid.

9   401 advisory committee's note).  Thus, in analyzing whether evidence is relevant to this

10  litigation, this Court should consider not only the evidence a party is seeking to admit, but also

11  the purpose for which that evidence will be admitted.

12          That necessary context is entirely lacking from Toshiba's motion.  Sharp agrees that

13  any evidence offered for the purpose of proving that it was damaged by its purchases from

14  Toshiba is irrelevant.  But Toshiba ignores the fact that evidence of its sales to Sharp may be

15  relevant for other purposes, and to the extent Toshiba's motion seeks to exclude evidence of

16  Sharp's purchases from Toshiba <u>for any purpose</u>, it is both overbroad and premature.  Thus,

17  while Sharp cannot at this stage of the litigation provide an exhaustive list of reasons why it

18  may seek to introduce certain evidence of its purchases from Toshiba, there are at least several

19  relevant uses for such evidence.

20          <u>First</u>, the fact that Sharp was one of Toshiba's CRT customers during the relevant

21  period will be relevant at trial because some of the evidence that will be offered to prove

22  Toshiba's participation in the conspiracy – which makes it jointly and severally liable for

23  Sharp's damages based on CRT purchases from other defendants and co-conspirators – also

24  reflects a customer-supplier relationship between Toshiba and an affiliate of the Sharp

25  Plaintiffs.  For instance, ███████████████████████████████

26  ████████████████████████████████████████████████

27  ████████████████████████████████████████████████

28  █████████████████████████████████████████

3



It is unclear from Toshiba's motion whether it seeks to preclude such documents.  If so, Toshiba's argument should be rejected because conspiratorial communications are plainly relevant to whether Toshiba participated in the global CRT conspiracy, and so is jointly and severally liable for the damages the conspiracy caused.

Second, to prove that Sharp was damaged by overcharges on purchases from non-Toshiba defendants and co-conspirators (and to establish Toshiba's joint-and-several liability for that commerce), Sharp will offer evidence of its overall CRT purchase data, which Dr. Hausman had to consider in order to determine the actual prices Sharp paid for CRTs and to calculate the overcharge rate on tubes Sharp purchased from defendants and co-conspirators other than Toshiba.  The prices Sharp actually paid for CRTs from all sellers – including entities like Toshiba from whom Sharp is not seeking damages in this litigation – were a necessary input into Dr. Hausman's econometric model.

Third, evidence of Toshiba's sales to Sharp is relevant for the purpose of showing that Toshiba made sales in the United States and had an interest in the North American CPT market.  Evidence or testimony that Sharp purchased from Toshiba may be introduced in anticipation of or to counter any argument made by the defendants seeking to minimize the impact of the conspiracy's effects in the United States or to suggest that Toshiba would not have an incentive to participate in such a conspiracy.  Such evidence would be relevant to whether the cartel participants intended their conspiratorial conduct to impact prices charged in the United States.  Regardless of whether Sharp seeks damages on the purchases, the fact that Toshiba sold CRTs in the United States is relevant and beyond dispute.

Whether and how Sharp will introduce this evidence – and whether there will be additional relevant and permissible uses for evidence of Toshiba's sales to Sharp – will depend upon a wide variety of factors, including the arguments presented by defendants at trial, the other evidence introduced into the case, and an examination of the precise evidence in question.  At the appropriate time, Sharp will offer, and the Court should consider, the reasons why Sharp intends to introduce such evidence.  Now, months before trial, without knowing whether and why Sharp will need to introduce evidence of its purchases from Toshiba, is not the appropriate time to consider this issue.  *See, e.g.*, *Colton Crane Co. v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (explaining that in order to be used to exclude inadmissible or prejudicial evidence before it is actually offered, "motions *in limine* must identify the evidence at issue and state with specificity why such evidence is inadmissible"); *Server Tech., Inc. v. Am. Power Conversion Corp.*, No. 3:06-cv-698, 2014 WL 1308617, at *6 (D. Nev. Mar. 31, 2014) ("[T]he court finds APC's motion in limine # 6 to be premature. At this time the court doesn't know the context in which the evidence will be proffered . . . ."); *Liberal v. Estrada*, No. C 07-0024, 2011 WL 3956068, at *5 (N.D. Cal. Sept. 7, 2011) ("At this juncture, it is not clear what evidence or testimony the Plaintiff intends to elicit regarding his or the Defendants' 'character,' as Defendants have identified none.  In any event, such evidence and/or testimony, and any

5

SHARP'S OPPOSITION TO TOSHIBA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP
CASE NOS. 07-CV-5944 (MDL NO. 1917); 13-CV-1173; 13-CV-2776

objection thereto, must be considered in the context in which it is being presented and the purpose for which it is being offered.").

**B.  Evidence of Sharp's Purchases from Toshiba Should Not Be Excluded Under Rule 403**

Toshiba also asserts that introducing "evidence of Toshiba's sales to Sharp" will "confuse or mislead the jury" and "prejudice the Toshiba Defendants and other defendants." (Mot. at 3.)  But that is not the test for exclusion.  "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403."  *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1560 (11th Cir. 1983)); *see also, e.g.*, *Durham v. Cnty. of Maui*, 742 F. Supp. 2d 1121, 1131 (D. Haw. 2010).  Toshiba has not and cannot meet this standard of showing prejudice.  The evidence could potentially lead the jury to believe that Sharp was Toshiba's customer (which is true), but this would not confuse the jury; it would be made clear through Sharp's evidence on damages and instructions to the jury that it is not to consider Sharp's commerce with Toshiba in calculating damages. Nor would such evidence prejudice Toshiba or the other defendants.  Although Sharp seeks no damages based on its commerce with Toshiba, it is not unfairly prejudicial for the jury to be made aware that Sharp was Toshiba's customer.  Toshiba has not articulated any "improper basis" on which the jury will be tempted to render a verdict if it is aware that Sharp was one of Toshiba's customers, and Sharp submits that none exists.[2]

### CONCLUSION

For the foregoing reasons, Sharp respectfully requests that the Court deny the Toshiba Defendants' Motion *in Limine* to Exclude Evidence of Toshiba's Sales to Sharp Corporation.

---

[2] Furthermore, any possible risk that the jury would seek to award damages to Sharp based on its commerce with Toshiba can be eliminated with proper jury instructions and a verdict form that make clear that the jury should not include any such damages in its calculation.  *See, e.g., Galaxy Computer Servs., Inc. v. Baker*, 325 B.R. 544, 551-52 (E.D. Va. 2005) (finding that any potential prejudice resulting from evidence of indemnification agreement between defendants could be mitigated by instructing jury not to consider agreement when calculating damages).

6

SHARP'S OPPOSITION TO TOSHIBA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP
CASE NOS. 07-CV-5944 (MDL NO. 1917); 13-CV-1173; 13-CV-2776

1

2   DATED:  February 27, 2015        By: */s/ Craig A. Benson*

3                                    Kenneth A. Gallo (*pro hac vice*)
                                     Joseph J. Simons (*pro hac vice*)
4                                    Craig A. Benson (*pro hac vice*)
                                     **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
5                                    2001 K Street, NW
                                     Washington, DC  20006
6                                    Telephone: (202) 223-7300
                                     Facsimile: (202) 223-7420
7                                    kgallo@paulweiss.com
                                     jsimons@paulweiss.com
8                                    cbenson@paulweiss.com

9                                    Stephen E. Taylor (SBN 058452)
10                                   Jonathan A. Patchen (SBN 237346)
                                     **TAYLOR & COMPANY LAW OFFICES, LLP**
11                                   One Ferry Building, Suite 355
                                     San Francisco, California 94111
12                                   Telephone:  (415) 788-8200
                                     Facsimile:  (415) 788-8208
13                                   Email: staylor@tcolaw.com
                                     Email: jpatchen@tcolaw.com
14

15                                   *Attorneys for Plaintiffs Sharp Electronics Corporation and*
                                     *Sharp Electronics Manufacturing Co. of America, Inc.*
16

17

18

19

20

21

22

23

24

25

26

27

28

SHARP'S OPPOSITION TO TOSHIBA'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP
CASE NOS. 07-CV-5944 (MDL NO. 1917); 13-CV-1173; 13-CV-2776