# EXHIBIT F

```
                                                    Volume 19

                                                    Pages 2897 - 3052

              UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

       BEFORE THE HONORABLE SUSAN ILLSTON, JUDGE

IN RE: TFT-LCD (FLAT-PANEL)       )
ANTITRUST LITIGATION.             )    NO. C 07-MDL-1827 SI


San Francisco, California              Individual Cases:
Monday                                 CASE NO. 10-CV-4572
August 26, 2013                        CASE NO. 12-CV-4114
8:58 a.m.

              TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Best Buy Plaintiffs:
                ROBINS, KAPLAN, MILLER & CIRESI LLP
                2049 Century Park East
                Suite 3400
                Los Angeles, California  90067
          BY:   ROMAN M. SILBERFELD, ESQ.
                DAVID MARTINEZ, ESQ.
                LAURA E. NELSON, ESQ.
                BERNICE CONN, ESQ.
                MICHAEL A. GEIBELSON, ESQ.


For Defendant HannStar Display Corporation:
                FREITAS TSENG & KAUFMAN, LLP
                100 Marine Parkway
                Suite 200
                Redwood Shores, California  94065
          BY:   ROBERT E. FREITAS, ESQ.
                JASON SHEFFIELD ANGELL, ESQ.
                JESSICA NICOLE LEAL, ESQ.


 (Appearances continued, next page)
```

```
APPEARANCES, CONTINUED:

For Toshiba Defendants:
                    WHITE & CASE LLP
                    701 Thirteenth Street, N.W.
                    Washington, D.C.  20005
               BY:  CHRISTOPHER M. CURRAN, ESQ.
                    JOHN H. CHUNG, ESQ.
                    J. MARK GIDLEY ESQ.
                    MICHAEL HAMBURGER, ESQ.
                    HEATHER BURKE, ESQ.
                    MARTIN TOTO, ESQ.

Also Present:       Naomi Kusakabe
                    Alex Tsai
                    Paul Chiu
                    William Johnson
                    Julius Christensen

Reported by:   BELLE BALL, CSR #8785, CRR, RDR
               CONNIE KUHL, CSR #13173, RMR, CRR
               Official Reporters, U.S. District Court
```

1  o'clock.  I have no idea about the cross.  But I don't have
2  another witness until Dr. Bernheim comes tomorrow morning at
3  8:30, largely because of the change of the schedule that we
4  had.
5           **THE COURT:**  All right.
6           **MR. SILBERFELD:**  I just wanted to point that out.
7           **MR. CURRAN:**  That could be a problem, your Honor,
8  because we all -- I think we all want to conclude by the end
9  of the day tomorrow.  And if there's a gap, that could
10 threaten that situation.  I don't know what the change of the
11 schedule Mr. Silberfeld was referring to, but....
12          **MR. SILBERFELD:**  We were supposed to be dark these
13 two days and we planned around this, and when those days came
14 back on the calendar -- that's the schedule I'm talking about.
15          **THE COURT:**  All right.  We'll just see how it goes.
16          **MR. CURRAN:**  Okay.
17    (Recess taken from 12:01 to 12:50 p.m.)
18          **DEPUTY CLERK:**  Come to order.
19          **THE COURT:**  You may be seated.
20    Is it correct that as to the motion concerning damage
21 figures, defendant's trial brief to exclude Best Buy's experts
22 from testifying to new damage figures on rebuttal -- there's
23 been no written opposition to that, right?
24          **MR. SILBERFELD:**  Right.  That was filed this morning.
25          **THE COURT:**  Okay.  As to the one, Best Buy's motion

```
 1  to allow evidence related to duplicative discovery by the
 2  consumer class under the Minnesota Antitrust Act, the Court's
 3  ruling will be that Mr. Frankel cannot testify to the jury
 4  about any of these things.  I will give instructions at the
 5  end of the trial, together with all the other instructions,
 6  about damages.  And if and to the extent it's appropriate
 7  after trial that you take further evidence from him, we can
 8  talk about it.
 9           MR. SILBERFELD:  Okay.
10           THE COURT:  So that's that.
11      Now, with respect to the damage figures, what do you
12  propose that I do about that?
13           MR. SILBERFELD:  Well, the objection, as I understand
14  it, is that the damage figures are different.
15           THE COURT:  Right.
16           MR. SILBERFELD:  And they are different.
17           THE COURT:  And they are different.
18           MR. SILBERFELD:  They are different.  They are lower.
19  They are lower, for two principal reasons:
20      One, the Court ruled -- and I don't recall the exact
21  date -- about various NEC entities.  Those NEC entities were
22  in the direct purchase claim.  They came out of there.  So
23  Dr. Bernheim's figures went from about $285 million to about
24  282, or 283.
25           THE COURT:  That already happened.
```

1           **MR. SILBERFELD:**  That already happened.  Those

2    damages then become indirect in nature.  And they were added

3    in to Dr. Frankel's damage figures, causing those damage

4    figures to go up slightly.  But the total damage figure

5    doesn't change as between the two claims.

6       The other thing that happened is that there were, I think,

7    five very, very small firms where the linking up, if you will,

8    of their role in the conspiracy did not happen in the course

9    of our case in chief.  And we instructed both Dr. Bernheim and

10   Dr. Frankel to remove any damages associated with those firms

11   from their damage figures.

12          **THE COURT:**  Which they are prepared to do, but have

13   not yet done?

14          **MR. SILBERFELD:**  Have done.

15          **THE COURT:**  Have they done it in trial here?

16   Already?

17          **MR. SILBERFELD:**  No.

18          **THE COURT:**  No, but they're --

19          **MR. SILBERFELD:**  They're about to.

20          **THE COURT:**  Yes.  Okay.

21          **MR. SILBERFELD:**  And the Court may recall the

22   testimony of both Bernheim and Frankel to the effect that:

23   It's an easy mechanical thing to do.  Does not change the

24   model; does not change the program.

25          **THE COURT:**  Yes.

1       **MR. SILBERFELD:** And we provided not only the new
2  figures, but the backup information as to how to run the
3  various models to check the result, if you will.  And I
4  believe we've provided that to counsel last Thursday.
5       **MR. GIDLEY:** If I may, your Honor?
6       **THE COURT:** Briefly, yes.
7       **MR. GIDLEY:** Your Honor, it's not a matter of mere
8  addition.  Dr. Bernheim's number went down 5 million.  But
9  Dr. Frankel's number goes up 6.2 million.  So they're not
10 dollar-for-dollar.  This isn't just a row from a chart.
11 Dr. Frankel, we're talking about four or five different
12 computer programming runs that you have to do.  For
13 Dr. Bernheim, when we asked for the backup, this is what we
14 got, Saturday night at 8:00 p.m. -- I can hand it up if you
15 want to see it.  I know you've got three feet with you of
16 paper, but it's another foot -- another inch of paper with
17 various computer program runs.
18    For Dr. Bernheim, it's 30 different programming changes,
19 so it's not mere arithmetic.  For Dr. Frankel, Dr. Frankel's
20 backup is something like four or five different computer runs.
21    Our point is very simple.  We're in rebuttal.  It's not in
22 their report.  If you got all of this dumped on you in
23 discovery, you'd want a deposition.  That's the only way to
24 cut through all this.  There's something fishy when
25 Dr. Bernheim gets rid of NEC and gives it over to Dr. Frankel

```
 1   and it's not dollar-for-dollar.
 2           THE COURT:  Yes, and what you're doing now is
 3   arguing, and that's fine.  There's going to be plenty of time
 4   to argue.  I understand your argument.  I might even be
 5   persuaded by it, but I don't think it's a reason to disallow
 6   the testimony.  So the motion to keep it out, if that's what
 7   it was, is denied; or the motion to let it in, if that's what
 8   it was, is granted.
 9      But you may fully explore all of the things you just
10   talked about with the witness.
11           MR. GIDLEY:  Thank you, your Honor.
12           THE COURT:  All right.  Thank you.
13      Are we ready?
14           MR. SILBERFELD:  Ready to go.
15      (The jury enters the courtroom)
16      (The following proceedings were held in the presence of
17   the Jury)
18           THE COURT:  Welcome back, ladies and gentlemen.  You
19   may all be seated.
20      All right.  Plaintiffs may call their next witness.
21           MR. SILBERFELD:  Thank you, your Honor.  Plaintiff
22   recalls Dr. Alan Frankel.
23           THE COURT:  Okay.
24           MR. CURRAN:  Your Honor, Mr. Toto will handle this
25   witness for Toshiba.
```

**CERTIFICATE OF REPORTERS**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/  Belle Ball

Monday, August 26, 2013


I, CONNIE KUHL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/  Connie Kuhl

Monday, August 26, 2013