# EXHIBIT 1

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** _____ This Document Relates to: *Sharp Electronics Corporation, Sharp Electronics Manufacturing Company of America, Inc. v. Hitachi, Ltd. et al.*, Case No. 13-cv-1173 SC. | Case No. 07-cv-5944-SC MDL NO. 1917 **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS HITACHI ELECTRONIC DEVICES (USA), INC. AND SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTIES:** Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.

**RESPONDING PARTY:** Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO.:** ONE

SHARP'S FIRST SUPPLEMENTAL RESPONSES TO HITACHI ELECTRONIC DEVICES (USA), INC. AND SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES

Case No. 13-cv-1173-SC
Master File No. 07-cv-5944, MDL No. 1917

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Supplemental Response to Interrogatory No. 11:**

Subject to and without waiving the foregoing Objections, Sharp refers Defendants to Sharp's Supplemental Response to Interrogatory No. 3.

**Interrogatory No. 12:**

State with specificity the factual basis (including each Document, Person or other evidentiary sources upon which You rely) for Your allegation that each of the Defendants conspired, combined and contracted to fix, raise, maintain, and stabilize the price at which CRTs were sold, as alleged in, *inter alia*, Paragraph 5 of the Complaint.

**Response to Interrogatory No. 12**

Sharp refers to and incorporates its General Objections as though set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Finally, Sharp objects to the extent this request calls for information that is equally available to Defendants.  Subject to and without waiving its foregoing objections, Sharp refers Defendants to:

- Samsung SDI Defendants' Responses (including any supplemental responses) to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.
- Panasonic Corp. of North America, MT Picture Display Co., Ltd., and Panasonic Corp. (F/K/A Matsushita Electric Industrial Co., Ltd) Defendants' Responses (including any supplemental responses) to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.
- Beijing Matsushita Color CRT Co., Ltd.'s Responses (including any supplemental responses) to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.
- LG Electronics, Inc.'s Responses (including any supplemental responses) to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.
- Hitachi Displays. Ltd.'s Responses (including any supplemental responses) to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.

SHARP'S FIRST SUPPLEMENTAL RESPONSES TO HITACHI ELECTRONIC DEVICES (USA), INC. AND SAMSUNG SDI AMERICA, INC.'S FIRST SET OF INTERROGATORIES

Case No. 13-cv-1173-SC
Master File No. 07-cv-5944, MDL No. 1917

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Electronic Devices (USA), Inc.'s Responses (including any supplemental responses) to Direct Purchaser Plaintiffs' First Set of Interrogatories, Nos. 4 and 5.
- Indictment of C.Y. Lin, *United States v. Cheng Yuan Lin*, No. 3:09-cr-00131 (N.D. Cal. Feb. 10, 2009).
- Indictment of Wen Jun Cheng, *United States v. Wen Jun Cheng*, No. 3:09-cr-00836 (N.D. Cal. Aug. 18, 2009).
- Indictment of C.C. Yeh, *United States v. Chung Cheng Yeh*, No. 3:10-cv-00231 (N.D. Cal. Mar. 30, 2010).
- Indictment of Seung-Kyu Lee, Yeong-Ug Yang, and Jae-Sik Kim, *United States v. Seung-Kyu Lee,* et al., No. 3:10-cr-00817 (N.D. Cal. Nov. 9, 2010).
- The Department of Justice's announcement of Samsung SDI's guilty plea and criminal fine. *See* Press Release, Dep't of Justice, "Samsung SDI Agrees to Plead Guilty in Color Display Tube Price-Fixing Conspiracy" (Mar. 18, 2011), *available at* http://www.justice.gov/opa/pr/2011/March/11-at-350.html.
- Samsung SDI's Amended Plea Agreement, *United States v. Samsung SDI Co., Ltd.*, No. 3:11-cr-00162-WHA, Dkt. 40-1.
- European Commission announcement of fine of producers of cathode ray tubes. European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at*, http://europa.eu/rapid/press-release_IP-12-1317_en.htm.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Supplemental Response to Interrogatory No. 12**

Subject to and without waiving the foregoing Objections, Sharp further states that Defendants and their Co-Conspirators conspired, combined or contracted to fix, raise, maintain and stabilize the price at which CRTs were sold in the United States, constituting a *per se* violation of antitrust law, and/or to exchange competitively sensitive information which caused prices for CRTs sold in the United States to be at anticompetitive levels, constituting a violation of antitrust law under a rule of reason analysis. Sharp states that the relevant product market in

- 15 -

SHARP'S FIRST SUPPLEMENTAL RESPONSES TO HITACHI
ELECTRONIC DEVICES (USA), INC. AND SAMSUNG SDI
AMERICA, INC.'S FIRST SET OF INTERROGATORIES

Case No. 13-cv-1173-SC
Master File No. 07-cv-5944, MDL No. 1917

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

this case is CPTs.  During the Relevant Period, there was no economically viable functional substitute for CPTs.  CDTs and CPTs are not functional substitutes for one another because, among other things, CPTs are designed to provide a bright image while CDTs are designed to provide a high resolution image.  Television manufacturers do not use CDTs instead of CPTs when building a television.  Other technologies used in televisions, like liquid crystal displays and plasma display panels, were not economic substitutes for television manufacturers who purchased CPTs, because a manufacturer designing a CPT television cannot substitute a LCD or PDP without redesigning the television.  During the Relevant Period, LCD and PDP televisions remained significantly more expensive than CPT televisions.

The relevant geographic market is at least North America.  During the Relevant Period (as defined in Sharp's First Amended Complaint), Defendants and their Co-Conspirators collectively controlled a vast majority of the market for CPTs, both globally and in North America.  Transportation and other costs of moving CPTs between countries in North America were such that CPTs were regularly shipped in significant volumes from Mexico to the United States.  CPTs were also commonly shipped from South America and Asia to the United States and other countries around the world.

In addition to the documents and information referred to above, Sharp additionally refers Defendants to Sharp Electronics Corporation's Responses to Samsung SDI America, Inc.'s First Set of Interrogatories (dated February 18, 2014), No. 3.  Moreover, additional evidence will be provided in Sharp's expert reports.  Discovery is ongoing, and Sharp specifically reserves its right to supplement or modify this response.

**Interrogatory No. 13:**

State with specificity the factual basis (including each Document, Person or other evidentiary sources upon which You rely) for Your allegation that each of the Defendants agreed to allocate market shares and customers of CRTs, as alleged in, *inter alia*, Paragraph 6 of the Complaint.

- 16 -

SHARP'S FIRST SUPPLEMENTAL RESPONSES TO HITACHI
ELECTRONIC DEVICES (USA), INC. AND SAMSUNG SDI
AMERICA, INC.'S FIRST SET OF INTERROGATORIES

Case No. 13-cv-1173-SC
Master File No. 07-cv-5944, MDL No. 1917

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | DATED:  February 26, 2014 | By:  /s/   *Craig A. Benson* |

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

*Attorneys for Plaintiffs*

- 20 -

SHARP'S FIRST SUPPLEMENTAL RESPONSES TO HITACHI
ELECTRONIC DEVICES (USA), INC. AND SAMSUNG SDI
AMERICA, INC.'S FIRST SET OF INTERROGATORIES

Case No. 13-cv-1173-SC
Master File No. 07-cv-5944, MDL No. 1917