# EXHIBIT 2

1  BAKER BOTTS L.L.P.
   Jon V. Swenson (SBN 233054)
2  1001 Page Mill Road
   Building One, Suite 200
3  Palo Alto, CA 94304-1007
   Telephone: (650) 739-7500
4  Facsimile:  (650) 739-7699
   Email: jon.swenson@bakerbotts.com
5
   BAKER BOTTS L.L.P.
6  John M. Taladay (*pro hac vice*)
   Joseph Ostoyich  (*pro hac vice*)
7  Erik T. Koons (*pro hac vice*)
   Charles M. Malaise (*pro hac vice*)
8  1299 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004-2400
9  Telephone: (202) 639-7700
   Facsimile:  (202) 639-7890
10 Email: john.taladay@bakerbotts.com
   Email: joseph.ostoyich@bakerbotts.com
11 Email: erik.koons@bakerbotts.com
   Email: charles.malaise@bakerbotts.com
12
   *Attorneys for Defendant Koninklijke Philips N.V.*

13

14              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15                   **SAN FRANCISCO DIVISION**

16

| 17 | In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE No. 13-cv-02776 |
|---|---|---|
| 18 | | |
| 19 | | Master File No. 07-5944 SC |
| 20 | This Document Relates To Individual Case No. 13-cv-02776 | MDL No. 1917 |
| 21 | | |
| 22 | SHARP ELECTRONICS CORPORATION; and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC., | **ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT** |
| 23 | | |
| 24 | Plaintiffs, vs. | |
| 25 | | |
| 26 | KONINKLIJKE PHILIPS ELECTRONICS N.V., a/k/a ROYAL PHILIPS ELECTRONICS; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN) LTD.; PHILIPS ELECTRONICS | |
| 27 | | |

28

NORTH AMERICA CORPORATION; PHILIPS CONSUMER ELECTRONICS CO.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; and ORION ENGINEERING & SERVICE, INC.,

Defendants.

Defendant Koninklijke Philips N.V. ("KPNV"), by and through its undersigned counsel of record, answers Sharp Electronics Corporation's and Sharp Electronics Manufacturing Company of America, Inc.'s ("Plaintiffs") Complaint (the "Complaint") and alleges additional or affirmative defenses as follows. KPNV denies each and every allegation in the Complaint's section headings asserted herein and in all portions of the Complaint not contained in numbered paragraphs. To the extent that the Complaint's allegations concern persons and/or entities other than KPNV, KPNV denies that such allegations support any claim for relief against KPNV. KPNV denies any allegations not explicitly admitted herein.

## I. INTRODUCTION[1]

1. To the extent that the allegations in Paragraph 1 state legal contentions, no response is required. To the extent that the allegations in Paragraph 1 are definitional, no response is required. To the extent that the allegations in Paragraph 1 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 1 relate to KPNV, KPNV denies all of the allegations.

2. To the extent that the allegations in Paragraph 2 state legal contentions, no response is required. To the extent that the allegations in Paragraph 2 are definitional, no response is required. To the extent that the allegations in Paragraph 2 relate to other defendants, KPNV lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 2 relate to KPNV, KPNV denies all of the allegations.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Complaint.

1  MDL 1917

ANSWER OF KONINKLIJKE PHILIPS N.V. TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

### FOURTH AFFIRMATIVE DEFENSE
### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible. KPNV avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit KPNV to ascertain what other defenses may exist. KPNV therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unilateral Action)

Plaintiffs' claims are barred, in whole or in part, because the actions or practices of KPNV that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of KPNV's independent interests, and were not the product of any contract, combination or conspiracy between KPNV and any other person or entity.

### EIGHTH AFFIRMATIVE DEFENSE
### (Rule of Reason)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV

that are the subject of the Complaint were adopted in furtherance of legitimate business interests of KPNV and do not unreasonable restrain competition.

## NINTH AFFIRMATIVE DEFENSE
### (Competition)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of KPNV that are the subject of the Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

## TENTH AFFIRMATIVE DEFENSE
### (Non-actionable or Governmental Privilege)

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of KPNV that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Act of KPNV)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have not been injured in its business or property by reason of any action of KPNV.

## TWELFTH AFFIRMATIVE DEFENSE
### (Intervening Conduct)

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of KPNV and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (*Ultra Vires*)

To the extent that any actionable conduct occurred, Plaintiffs' claims against KPNV are

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Other Defenses Incorporated by Reference)

KPNV adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extent that KPNV may share in such affirmative defenses.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

KPNV has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. KPNV further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, KPNV prays as follows:

1. That Plaintiffs take nothing by way of the Complaint and the Second Complaint be dismissed with prejudice;

2. That judgment be entered in favor of KPNV and against Plaintiffs on each and every claim for relief set forth in the Complaint;

3. That KPNV recover its costs of suit and attorneys' fees incurred herein; and

4. That KPNV be granted such other and further relief as the Court deems just and proper.

Dated: March 26, 2014                    Respectfully Submitted:

By: /s/ Jon V. Swenson
Jon V. Swenson (SBN 233054)
BAKER BOTTS L.L.P.

*Attorney for Defendant Koninklijke Philips N.V.*