# EXHIBIT 3

BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: joseph.ostoyich@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Philips Electronics North America Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE No. 13-cv-02776 |
| | Master File No. 07-5944 SC |
| This Document Relates To Individual Case No. 13-cv-02776 | MDL No. 1917 |
| SHARP ELECTRONICS CORPORATION; and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC., <br><br> Plaintiffs, <br> vs. <br><br> KONINKLIJKE PHILIPS ELECTRONICS N.V., a/k/a ROYAL PHILIPS ELECTRONICS; PHILIPS ELECTRONICS INDUSTRIES (TAIWAN) LTD.; PHILIPS ELECTRONICS | **ANSWER OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT** |

MDL 1917

ANSWER OF PENAC TO SHARP ELECTRONICS CORPORATION'S and SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S COMPLAINT

|   |   |
|---|---|
| 1<br>2<br>3<br>4 | NORTH AMERICA CORPORATION; PHILIPS CONSUMER ELECTRONICS CO.; PHILIPS DA AMAZONIA INDUSTRIA ELECTRONICA LTDA.; and ORION ENGINEERING & SERVICE, INC.,<br><br>                      Defendants. |

      Defendant Philips Electronics North America Corporation ("PENAC"), by and through its undersigned counsel of record, answers Sharp Electronics Corporation's and Sharp Electronics Manufacturing Company of America, Inc.'s ("Plaintiffs") Complaint (the "Complaint") and alleges additional or affirmative defenses as follows. PENAC denies each and every allegation in the Complaint's section headings asserted herein and in all portions of the Complaint not contained in numbered paragraphs. To the extent that the Complaint's allegations concern persons and/or entities other than PENAC, PENAC denies that such allegations support any claim for relief against PENAC. PENAC denies any allegations not explicitly admitted herein.

## I.    INTRODUCTION[1]

    1.    To the extent that the allegations in Paragraph 1 state legal contentions, no response is required. To the extent that the allegations in Paragraph 1 are definitional, no response is required. To the extent that the allegations in Paragraph 1 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 1 relate to PENAC, PENAC denies all of the allegations.

    2.    To the extent that the allegations in Paragraph 2 state legal contentions, no response is required. To the extent that the allegations in Paragraph 2 are definitional, no response is required. To the extent that the allegations in Paragraph 2 relate to other defendants, PENAC lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them. To the extent that the allegations in Paragraph 2 relate to PENAC, PENAC denies all of the allegations.

---

[1] For ease of reference, the headings in this Answer correspond to the headings in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Vagueness of Claims)

Plaintiffs' claims should be dismissed for uncertainty and vagueness and because its claims are ambiguous and/or unintelligible. PENAC avers that Plaintiffs' claims do not describe the events or legal theories with sufficient particularity to permit PENAC to ascertain what other defenses may exist. PENAC therefore reserves the right to amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer and/or defenses upon the discovery of more definitive facts upon the completion of its investigation and discovery.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unilateral Action)

Plaintiffs' claims are barred, in whole or in part, because the actions or practices of PENAC that are the subject of the Complaint were undertaken unilaterally for legitimate business reasons and in pursuit of PENAC's independent interests, and were not the product of any contract, combination or conspiracy between PENAC and any other person or entity.

## EIGHTH AFFIRMATIVE DEFENSE

### (Rule of Reason)

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Complaint were adopted in furtherance of legitimate business interests of PENAC and do not unreasonable restrain competition.

**NINTH AFFIRMATIVE DEFENSE**

**(Competition)**

Plaintiffs' claims are barred, in whole or in part, because any acts or practices of PENAC that are the subject of the Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

**TENTH AFFIRMATIVE DEFENSE**

**(Non-actionable or Governmental Privilege)**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of PENAC that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Act of PENAC)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, because Plaintiffs have not been injured in its business or property by reason of any action of PENAC.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Intervening Conduct)**

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of PENAC and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(*Ultra Vires*)

To the extent that any actionable conduct occurred, Plaintiffs' claims against PENAC are barred because all such conduct would have been committed by individuals acting *ultra vires*.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

PENAC has not knowingly or intentionally waived any applicable defenses and explicitly reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. PENAC further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, PENAC prays as follows:

1. That Plaintiffs take nothing by way of the Complaint and the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of PENAC and against Plaintiffs on each and every claim for relief set forth in the Complaint;

3. That PENAC recover its costs of suit and attorneys' fees incurred herein; and

4. That PENAC be granted such other and further relief as the Court deems just and proper.

Dated: March 26, 2014                           Respectfully Submitted:

                                                By: /s/ Jon V. Swenson
                                                Jon V. Swenson (SBN 233054)
                                                BAKER BOTTS L.L.P.

                                                *Attorney for Defendant Philips Electronics North America Corporation*