# EXHIBIT 10

ROBINS KAPLAN LLP
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:     310-552-0130
Facsimile:     310-229-5800

ROBINS KAPLAN LLP
Elliot S. Kaplan, Bar No. 53624
ESKaplan@rkmc.com
K. Craig Wildfang (*Pro Hac Vice*)
KCWildfang@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone:     612-349-8500
Facsimile:     612-339-4181

Attorneys for Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; and BESTBUY.COM, L.L.C.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No.: 3:07-cv-05944-SC |
| | [Honorable Samuel Conti] |
| This document relates to: | **JOINT PRETRIAL CONFERENCE STATEMENT** |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513-SC | |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al.,* No. 13-cv-05264-SC | |

DCACTIVE-30663392.1

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

1  *Sears, Roebuck and Co., et al. v.*
2  *Technicolor SA*, No. 13-cv-05262

3  *Sears, Roebuck and Co. and Kmart Corp. v.*
   *Chunghwa Picture Tubes, Ltd.*, No. 3:11-cv-
4  05514-SC

5  *Alfred H. Siegel as Trustee of the Circuit City*
   *Stores, Inc. Liquidating Trust v. Hitachi, Ltd.,*
6  *et al.*, No. 3:11-cv-05502-SC

7  *Siegel v. Technicolor SA, et al.*, No.13-cv-
8  05261

9  *Sharp Electronics Corp., et al. v. Hitachi Ltd.,*
   *et al.*, No. 13-cv-1173 SC
10

11 *Sharp Electronics Corp., et al. v. Koninklijke*
   *Philips Elecs., N.V., et al.*, No. 13-cv-2776 SC.
12

13 *Target Corp, et al. v. Chunghwa Picture Tubes,*
   *Ltd., et al.*, No. 3:11-cv-05514-SC

14 *Target Corp. v. Technicolor SA, et al.*, No.
15 13-cv-05686

16 *Viewsonic Corporation v. Chunghwa*
   *Picture Tubes Ltd., et al.*, No.13-cv-02510
17

18

19  Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services,
20 Inc., Best Buy Stores, L.P., and BestBuy.com, LLC, ("Best Buy"); Alfred H. Siegel, solely in his
21 capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City"); Sharp
22 Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.
23 ("Sharp"); Sears, Roebuck and Co., and Kmart Corporation (collectively "Sears and Kmart");
24 Target Corp., ( "Target"); and ViewSonic ("ViewSonic"), and defendants [insert current
25 defendants] hereby submit this Joint Pretrial Conference Statement.

26 **I.      The Action**
27          **A.      Substance of the Action**
28                   **1.      Plaintiffs' Statement**

- 2 -

1  The Plaintiffs have brought federal antitrust claims against various manufacturers of Cathode Ray Tubes ("CRT") and CRT products, alleging that defendants and their co-conspirators engaged in a long-running conspiracy to reduce competition by fixing, raising, maintaining, or stabilizing the price of CRTs; limiting the production of CRTs; allocating customers or market shares; and/or exchanging information which had the purpose of and resulted in CRTs being priced higher than they otherwise would have been. Because of defendants' illegal conspiracy, plaintiffs paid higher prices for CRTs and CRT products than they would have but for the conspiracy, thereby suffering damages. Best Buy has also brought the same claim under the Minnesota Antitrust Act.  Sharp additionally contends that the defendants and their co-conspirators exchanged competitively sensitive information for the purpose of causing prices for CRTs sold in the United States to be at anticompetitive levels during the relevant period, evidencing a per se violation of federal antitrust law and/or a violation of federal antitrust law under a rule of reason analysis.  The relevant product market for this rule of reason analysis is CPTs.  The relevant geographic market for this rule of reason analysis is at least North America.

Defendant Samsung SDI pled guilty to price-fixing before this Court, and paid a $32 million dollar fine. Chunghwa was afforded amnesty by the Department of Justice under ACPERA.

On December 5, 2012, the European Commission ("EC") issued a Provisional Decision finding that certain defendants participated in meetings and other competitor contacts with the aim of fixing CRT prices worldwide, allocating market shares and customers, and restricting output. The parties to the proceeding were Chunghwa Picture Tubes, Co., Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., CPTF Optronics Co., Ltd., Samsung SDI Co., Ltd., Samsung SDI Germany GmbH, Samsung SDI (Malaysia) Berhad, Koninklijke Philips Electronics N.V., LG Electronics, Inc., Technicolor S.A. (formerly known as Thomson S.A.), Panasonic Corporation (formerly known as Matsushita Corporation), Toshiba Corporation, and MT Picture Display Co., Ltd. ("MTPD"). After a multi-year investigation, the EC found the existence of a CDT cartel and a CPT cartel, running from at least October 1996 until until November 2006 . The EC found that each of the named defendants had participated in the cartels for CDTs, CPTs, or both, and, with

1  the exception of Chunghwa, as the immunity applicant, fined them substantial sums. The
2  Samsung entities were fined € 69,418,000 for their participation in the CDT cartel, and
3  € 81,424,000 for their participation in the CPT cartel. (This figure reflects a 40% reduced fine as
4  a result of their cooperation pursuant to a Leniency Notice.) Panasonic Corporation was fined
5  € 157,478,000 for its participation in the CPT cartel prior to the formation of the MTPD joint
6  venture with Toshiba, € 86,738,000 for the joint venture period (jointly and severally with MTPD
7  and Toshiba), and € 7,885,000 for the joint venture period (jointly and severally with MTPD).
8  Toshiba Corporation was fined € 28,048,000 for its participation in the CPT cartel prior to the
9  formation of the MTPD joint venture with Panasonic, and € 86,738,000 for the joint venture
10 period (jointly and severally with MTPD and Panasonic). MTPD was fined € 86,738,000 (jointly
11 with Toshiba and Panasonic) and € 7,885,000 (jointly with Panasonic) for its participation in the
12 CPT cartel. Koninklijke Philips Electronics N.V. was fined € 69,048,000 for its participation in
13 the CDT cartel and € 322,892,000 for its participation in the CPT cartel. (This figure reflects a
14 30% reduced fine as a result of its cooperation pursuant to a Leniency Notice.) LG Electronics,
15 Inc. was fined € 29,593,000 for its participation in the CDT cartel and € 138,383,000 for its
16 participation in the CPT cartel. Technicolor SA was also fined for its participation in the CPT
17 cartel.
18     Plaintiffs contend that the conspiracy included the remaining defendants, the former
19 defendants, and other identified co-conspirators. The conspirators included companies
20 headquartered in France, Japan, South Korea, and Taiwan, nearly all of which had U.S.
21 subsidiaries that were also involved in the conspiracy. The conspiracy directly targeted customers
22 in the United States.

23     **2.  Defendants' Statement**
24 [TO BE INSERTED BY DEFENDANTS]

25     **B.  Relief Prayed**
26        **1.  Best Buy's Statement**
27     Best Buy seeks to recover the overcharges it paid to the conspirators and their affiliated or
28 controlled companies as direct damages under the Sherman Act. Its damages expert, Dr. Alan

- 4 -

DCACTIVE-30663392.1

1  market overall and for certain CDT customers; (e) issued price quotations and reduced output in
2  accordance with the agreements reached; and (f) exchanged information on sales, production,
3  market share, and pricing of CDTs, for the purpose of monitoring and enforcing adherence to the
4  agreed-upon prices, output reduction, and market share allocation.

5        3.      Several of the entities that sold CRT finished products to plaintiffs were owned or
6  controlled by members of the conspiracy, or in turn owned or controlled members of the
7  conspiracy.

### 2. Defendants' Statement

[DEFENDANTS TO INSERT]

### B. Disputed Factual Issues

#### 1. Plaintiffs' Statement

There is a factual dispute about the membership, scope, and duration of the conspiracy. The Retailer Plaintiffs and Viewsonic contend that the global conspiracy began at least by 1995, and the Sharp Plaintiffs contend that the conspiracy involving information exchanges specifically on or about the North American CPT market began at least by 1997. All plaintiffs contend that the conspiracies included more conspirators than merely those who were charged criminally or received amnesty. Plaintiffs contend that there was a single conspiracy that affected the prices of CRTs. Additional disputed issues include:

- Whether the anticompetitive conduct of defendants and their co-conspirators caused prices of CRTs to be increased, maintained, or stabilized above competitive levels;
- Whether the conspirators agreed to and in fact limited the supply of CRTs;
- Whether defendants and co-conspirators fraudulently concealed the existence of price-fixing conspiracy;
- Whether plaintiffs were injured by the conduct of defendants and their co-conspirators;
- The quantum of damages suffered by plaintiffs; and
- The degree of ownership or control the sellers of CRT Products had over the conspirators, and the degree of ownership or control the conspirators had over the sellers of CRT products.

DCACTIVE-30663392.1