# EXHIBIT 11

1
2
Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sharp Electronics Corp.,* et al. *v. Hitachi Ltd.,* et al., Case No. 13-cv-1173 (SC) | **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC.'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**   Defendants Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.)

20.     Sharp objects to the definition of "any" to include "all" and vice versa as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language. Sharp further objects to the definition of "any" and "all" as not reasonably limited in scope or time. Sharp uses "any" and "all" according to their ordinary meanings.

21.     Any information provided in response to the Interrogatories or documents produced in connection herewith will be subject to the Stipulated Protective Order entered in this action (Dkt. No. 306).

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Request No. 1:**

IDENTIFY all PERSONS who provided information to answer these Interrogatories.

**Response No. 1:**

Subject to and without waiving the foregoing General Objections, Sharp refers Thomson to its responses to Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories, No. 1 (dated July 22, 2013).

**Request No. 2:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson Consumer participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**Response No. 2:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp further objects to the extent this request calls for

- 5 -

SHARP'S OBJECTIONS AND RESPONSES TO                                                Case No. 13-cv-1173
THOMSON'S FIRST SET OF INTERROGATORIES                           Master File No. 3:07-cv-5944 SC, MDL No. 1917

expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further objects to the extent this request calls for information that is equally available to Thomson.  Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following discovery:

- Sharp's Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated July 22, 2013);
- Sharp Electronics Corporation's Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated February 18, 2014);
- Sharp's First Supplemental Responses to Hitachi Electronic Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, No. 12 (dated February 26, 2014); and
- Sharp Electronics Corporation's First Supplemental Responses to Samsung SDI America, Inc.'s First Set of Interrogatories, No. 3 (dated June 18, 2014).

Sharp also refers the Defendants to any response referencing Thomson or its personnel in the following discovery:

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated October 17, 2011);
- Second Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated November 2, 2011);
- Third Supplemental Responses and Objections of Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) to Direct Purchaser Plaintiffs' First Set of Interrogatories (dated December 23, 2011);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);
- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (dated February 10, 2012);
- Defendant Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);
- Defendant Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory Nos. 4 and 5 (dated February 10, 2012);
- Responses and Objections of Defendant Koninklijke Philips Electronics N.V. to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated March 21, 2012);
- Responses and Objections of Defendants Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated July 18, 2012);
- Defendant Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 12, 2013);
- Defendant Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (dated April 26, 2013); and
- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (dated November 25, 2013);

Sharp expressly incorporates these responses here by reference.

- 7 -

  Subject to and without waiving the foregoing objections, Sharp refers the Defendants to the findings of the European Commission regarding the CRT antitrust conspiracy and the involvement of Thomson SA in that conspiracy, including the fine assessed against Thomson SA, only a summary of which is publicly available at this time.  *See* European Commission, "Antitrust: Commission fines producers of TV and computer monitor tubes € 1.47 billion for two decade-long cartels" (Dec. 5, 2012), *available at* http://europa.eu/rapid/press-release_IP-12-1317_en.htm.  Sharp also refers the Defendants to the admissions of participation in the CRT antitrust conspiracy made by Technicolor SA in its 2011 and 2012 Annual Reports to shareholders.  *See* Technicolor Annual Report 2011, *available at* file:///C:/Users/06520/Downloads/technicolor_annual_report_2011%20(1).pdf; Technicolor Annual Report 2012, *available at* file:///C:/Users/06520/Downloads/technicolor_annual_report_2012%20(2).pdf.

  Subject to and without waiving the foregoing objections, Sharp also refers the Defendants to materials produced in this litigation at Bates Nos. TDA00355; CHU00022689; HDP-CRT00055626; HDP-CRT00055593; HDP-CRT00055190; HEDUS-CRT00126627; HDP-CRT00055091; HDP-CRT00055172; SDCRT-0002526; CHU00123746; SDCRT-0086490; SDCRT-0086500; SDCRT-0086496; SDCRT-0086506; SDCRT-0086508; SDCRT-0086511; SDCRT-0086514; SDCRT-0086233; TDA00705; SDCRT-0087301; SDCRT-0002506; SDCRT-0087334; SDCRT-0002488; HEDUS-CRT00164814; HEDUS-CRT00164816; HEDUS-CRT00168774; SDCRT-0087336; SDCRT-0087662; HEDUS-CRT00188826; SDCRT-0087340; CHU00121161; SDCRT-0087667; CHU00031136; SDCRT-0002582; SDCRT-0087664; SDCRT-0087609; HDP-CRT00026209; SDCRT-0087670; PHLP-CRT-095826; JLJ-00004807; HDP-CRT00004413; SDCRT-0087705; LPD_00042916; MTPD-0223790; PHLP-CRT-010790; PHLP-CRT-087372; TDA02994; SDCRT-0006632; SDCRT-0088604; TDA01365; SDCRT-0006903; SDCRT-0088713; SDCRT-0007239; MTPD-0013872; MTPD-0011066; TDA01360; MTPD-0035375; SDCRT-0007173; MTPD-0426070; MTPD-0576483; MTPD-0314102; MTPD-0184084; MTPD-0426066; SDCRT-0088629; SDCRT-0005709; SDCRT-0088635; SDCRT-0088661; MTPD-0026563; MTPD-0043577; MTPD-0014992;

- 8 -

SHARP'S OBJECTIONS AND RESPONSES TO   Case No. 13-cv-1173
THOMSON'S FIRST SET OF INTERROGATORIES   Master File No. 3:07-cv-5944 SC, MDL No. 1917

MTPD-0573840; SDCRT-0090077; SDCRT-0090098; SDCRT-0090100; CHU00123358.1; MTPD-0580871; CHU00030040; PHLP-CRT-022741; SDCRT-0090144; PHLP-CRT069798; PHLP-CRT069800; SDCRT-0002998; SDCRT-0002984; HEDUS-CRT00161054; CHU00125257; PHLP-CRT-062325; PHLP-CRT-062493; PHLP-CRT-037654; PHLP-CRT-037940; SDCRT-0016638; MTPD-0410018; MTPD-0410020; SDCRT-0007240; MTPD-0479599; MTPD-0468623; MTPD-0479681; MTPD-0479670; SDCRT-0091871; SDCRT-0091875; CHU00033243; CHU00734336; CHU00032940.

Finally, Sharp refers the Defendants to the responses of all other plaintiffs, including the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs, and all other Direct Action Plaintiffs, to the same or substantially similar interrogatories propounded by the Thomson Defendants and/or by all other defendants in the consolidated *Cathode Ray Tube (CRT) Antitrust Litigation*.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 3:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegation that Thomson SA participated in a conspiracy with the DEFENDANTS and/or other CONSPIRATORS to fix the price and/or reduce the output of CRTs sold in the United States during the RELEVANT PERIOD.

**Response No. 3:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is

- 9 -

Subject to and without waiving the foregoing objections, Sharp states that all actions of Thomson SA in furtherance of the CRT antitrust conspiracy, including unlawful exchanges with competitors of price, production, and capacity information and illegal agreements with competitors regarding prices, production, capacity, and customer allocation, were taken in secret and deliberately concealed from customers, consumers, and interested regulatory agencies, including the United States Department of Justice and the European Commission. Further, all public announcements regarding the prices or changes in prices of CRTs by Thomson SA during the CRT antitrust conspiracy were misleading and concealed the antitrust conspiracy and its impact on the prices of CRTs and CRT Products.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its response to Interrogatory No. 6. Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 8:**

IDENTIFY all DOCUMENTS and EVIDENCE that form the basis of YOUR allegations against the Thomson Defendants contained in paragraphs 196 and 197 of YOUR COMPLAINT.

**Response No. 8:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.[1] Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects that this Interrogatory is premature given that Thomson first produced documents in response to Sharp's discovery requests on June 25, 2014. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp

---

[1] Sharp notes that the Thomson Defendants' Interrogatory Request No. 8 refers to paragraphs 196 and 197 of Sharp's First Amended Complaint, filed on October 28, 2013 (Dkt. No. 2030). These allegations are now contained in paragraphs 194 and 195 of Sharp's Second Amended Complaint, filed on June 13, 2014 (Dkt. No. 2621).

- 15 -

also objects to this Interrogatory as duplicative of other discovery propounded by defendants in this case. Finally, Sharp objects to the extent this request calls for information that is equally available to Defendants.

Subject to and without waiving the foregoing objections, Sharp states that information responsive to this Interrogatory is contained in the following discovery:

- Sharp Electronics Corporation's Objections and Responses to Samsung SDI America, Inc.'s First Set of Interrogatories (dated February 18, 2014); and

- Plaintiff Sharp Electronics Corporation's First Supplemental Responses and Objections to Defendant Samsung SDI America, Inc.'s First Set of Interrogatories (dated June 18, 2014).

With respect to the specific examples of the Thomson Defendants' participation in the CRT conspiracy set forth in paragraphs 196 and 197 of the Complaint, Sharp refers the Defendants to the following materials produced in this litigation at Bates Nos. SDCRT-0002526-2528; SDCRT-0086490-6492; SDCRT-0086503; SDCRT-0086508-6510; SDCRT-0086511; SDCRT-0002488-2489; HEDUS-CRT00168774-8775; SDCRT-0087662-7663; SDCRT-0087340-7342; SDCRT-0087664-7666; SDCRT-0087670-7672; SDCRT-0087705-7707; MTPD-0223790-3792; SDCRT-0006632-6633; TDA02994; SDCRT-0006903-6904; SDCRT-0007239; SDCRT-0007173; MTPD-0576483; SDCRT-0088635-8660; SDCRT-0088661-8674; PHLP-CRT-022741-2744; TDA01365; TDA01360-61.

Discovery is ongoing, and Sharp reserves its right to supplement or modify this response.

**Request No. 9:**

IDENTIFY each PERSON employed or controlled by YOU who negotiated and/or approved YOUR purchase of CRTs from the Thomson Defendants during the RELEVANT PERIOD.

**Response No. 9:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and oppressive, particularly in that it seeks the identity of every person employed by Sharp over an