# EXHIBIT 12

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sharp Electronics Corp.*, et al. *v. Hitachi Ltd.*, et al., Case No. 13-cv-1173 (SC) | **PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS MT PICTURE DISPLAY CO., LTD. AND LG ELECTRONICS USA, INC.'S SECOND SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:** Defendants MT Picture Display Co., Ltd. and LG Electronics USA, Inc.

**RESPONDING PARTIES:** Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO.:** Two

0087007, SDCRT-0087790, SDCRT-0088014, SDCRT-0089426, SDCRT-0201772, and SDCRT-0207491.

Discovery is ongoing, and Sharp reserves its right to supplement or amend this response.

**Request No. 17:**

Separately Identify each meeting or competitor communication which You contend resulted in an agreement "to fix prices" for CRTs, as alleged in paragraph 253(b) of the Complaint.

**Response No. 17:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to Defendants. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its response to Interrogatory No. 16. Further, Sharp states that information responsive to this Interrogatory is contained in Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 and 8 (July 10, 2014).

Discovery is ongoing, and Sharp reserves its right to supplement or amend this response.

**Request No. 18:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory No. 17, Identify all evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to fix "target prices and price guidelines" for CRTs, including:

(a) Each Document that You contend suggests that an agreement to fix target prices or price guidelines for CRTs was reached;

(b) All Persons with knowledge suggesting that an agreement to fix target prices or price guidelines for CRTs was reached;

(c) The date of each meeting or competitor communication which You contend resulted in an agreement to fix target prices and price guidelines for CRTs;

(d) The Location of each alleged meeting, if applicable;[1]

(e) The names of each specific corporate entity that You contend directly participated in each meeting or competitor communication; and

(f) The names of the individuals that You contend participated in each meeting or competitor communication.

**Response No. 18:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to

[1] Sharp notes that it has corrected a clerical error for this Interrogatory to properly list (a)-(f).

Defendants. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its responses to Interrogatories Nos. 16 and 17.

Discovery is ongoing, and Sharp reserves its right to supplement or amend this response.

**Request No. 19:**

Separately Identify each meeting or competitor communication which you contend resulted in an agreement to "maintain or lower production capacity" for CRTs, as alleged in paragraph 253(g) of the Complaint.

**Response No. 19:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to Defendants. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its responses to Interrogatories Nos. 16 and 17.

Discovery is ongoing, and Sharp reserves its right to supplement or amend this response.

**Request No. 20:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory No. 19, Identify all evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to "maintain or lower production capacity" for CRTs, including:

(a) Each Document that You contend suggests that an agreement to maintain or lower production capacity for CRTs was reached;

(b) All Persons with knowledge suggesting that an agreement to maintain or lower production capacity for CRTs was reached;

(c) The date of each meeting or competitor communication which You contend resulted in an agreement to maintain or lower production capacity for CRTs;

(d) The Location of each alleged meeting, if applicable;

(e) The names of each specific corporate entity that You contend directly participated in each meeting or competitor communication; and

(f) The names of the individuals that You contend participated in each meeting or competitor communication.

**Response No. 20:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to Defendants. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its responses to Interrogatories Nos. 16 and 17.

Discovery is ongoing, and Sharp reserves its right to supplement or amend this response.

**Request No. 21:**

Separately Identify each entity that You contend participated in the conspiracy that You allege in the Complaint. If any such entity comprises individual members, Identify each individual member that You contend participated in the conspiracy that You allege in the Complaint.

**Response No. 21:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.

Subject to and without waiving these objections, Sharp states that the participants in the conspiracy include those entities named as defendants, agents, or coconspirators in its Complaint filed in the above-captioned case or in the complaint filed in *Sharp v. Koninklijke Philips Electronics N.V. et al.*, Case No. 13-cv-2776 SC; the entities identified in the reports or decisions of the European Commission or the South Korean Fair Trade Commission regarding the CRT antitrust conspiracy; those entities and individuals indicted by a United States federal grand jury for participation in the CRT antitrust conspiracy; and those entities listed in footnote one of the Expert Report of Jerry A. Hausman, dated April 15, 2014.

Subject to and without waiving the foregoing objections, Sharp refers to the following:

- Hitachi, Ltd.
- Hitachi Displays, Ltd.

- IRICO Group Corporation
- IRICO Group Electronics Co., Ltd.
- IRICO Display Devices Co., Ltd.
- Samtel Color, Ltd.
- Thai CRT Company, Ltd.
- Orion Electric Company
- Display Orion Mexicana, S.A. de C.V.
- Orion Engineering & Service, Inc.
- Technologies Displays Mexicana, S.A. de C.V.
- Samsung Display Devices, Inc.
- Samsung Display, Inc.
- Thomson Multimedia, Inc.
- Mitsubishi Electric Japan
- Mitsubishi Electric USA
- Mitsubishi Digital

**Request No. 22:**

Separately for each entity that You contend participated in the alleged conspiracy in response to Interrogatory No. 21, Identify all evidence upon which You intend to rely to prove such participation, including:

(a) Each Document that You contend suggests that entity was a co-conspirator;

(b) All persons with knowledge suggesting that entity was a co-conspirator;

(c) The date of each meeting or competitor communication in which You contend the entity participated;

(d) The Location of each alleged meeting, if applicable;

(e) The names of each specific corporate entity that directly participated in each meeting or competitor communication;

(f) The names of the individuals that You allege participated in each meeting or competitor communication; and

(g) The names of any other individual that has knowledge concerning the meeting or competitor communication.

**Response No. 22:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is a premature contention interrogatory, as well as overly broad and unduly burdensome. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further objects to the extent this request calls for information that is equally available to Defendants. Finally, Sharp objects to this Interrogatory as duplicative of other discovery taken in this case.

Subject to and without waiving the foregoing objections, Sharp refers to and incorporates its responses to Interrogatories Nos. 16, 17, and 21.

Discovery is ongoing, and Sharp reserves its right to supplement or amend this response.

DATED: July 28, 2014 By: /s/ Craig A. Benson

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kgallo@paulweiss.com
jsimons@paulweiss.com
cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)