# EXHIBIT 13

1  Kenneth A. Gallo (*pro hac vice*)
2  Joseph J. Simons (*pro hac vice*)
3  Craig A. Benson (*pro hac vice*)
   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
   2001 K Street, NW
4  Washington, DC  20006-1047
   Telephone:  (202) 223-7300
5  Facsimile:  (202) 223-7420
   Email: kgallo@paulweiss.com
6  Email: jsimons@paulweiss.com
7  Email: cbenson@paulweiss.com

8
   Stephen E. Taylor (SBN 058452)
9  Jonathan A. Patchen (SBN 237346)
   TAYLOR & COMPANY LAW OFFICES, LLP
10 One Ferry Building, Suite 355
   San Francisco, California 94111
11 Telephone:  (415) 788-8200
   Facsimile:  (415) 788-8208
12 Email: staylor@tcolaw.com
13 Email: jpatchen@tcolaw.com

14 *Attorneys for Plaintiffs Sharp Electronics Corporation and*
   *Sharp Electronics Manufacturing Company of America, Inc.*
15

16                UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
17                     SAN FRANCISCO DIVISION

18 | | |
   |---|---|
   | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-5944-SC<br>MDL NO.: 1917 |
   | This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.* | INDIVIDUAL CASE: 3:13-cv-01173-SC<br><br>**RESPONSE TO HITACHI AMERICA, LTD.'S FIRST SET OF INTERROGATORIES TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**PROPOUNDING PARTY:** Defendant Hitachi America, Ltd.

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the Northern District of California, Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp") hereby respond to Hitachi America, Ltd.'s First Set of Interrogatories, dated July 2, 2014 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Sharp's responses ("Responses") to each and every interrogatory contained in the Interrogatories. No Response to any interrogatory shall be deemed a waiver of Sharp's General Objections.

1. Sharp objects to the Interrogatories and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2. Sharp objects to the Interrogatories on the grounds that they are improperly being used as a discovery device, are oppressive, unduly burdensome and violate the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

3. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from public sources.

4. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5. Sharp objects to the Interrogatories to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Further, these Responses and Objections are without prejudice to, and not a waiver of,

1  Sharp's right to contend at trial or otherwise in this action that such information is irrelevant,
2  immaterial, inadmissible, or not a proper basis for discovery, nor any objection by Sharp to any
3  future use of such information.
4  6.　　Sharp objects to the Interrogatories to the extent that they are unintelligible, vague,
5  ambiguous, overly broad, unduly burdensome, and oppressive.
6  7.　　Sharp objects to the Interrogatories to the extent that they seek or call for information not
7  in Sharp's possession, custody, or control.
8  8.　　Documents produced by Sharp in this litigation shall be deemed produced in response to
9  these Interrogatories, subject to the Responses and Objections contained herein.  The burden of
10 identifying specific information or documents responsive to these Interrogatories from documents
11 produced in the course of this litigation is substantially the same for either party, and Sharp is
12 entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal
13 Rules of Civil Procedure.
14 9.　　Sharp objects to the Interrogatories to the extent that they seek or call for information or
15 documents protected from disclosure by the attorney-client privilege, the attorney work product
16 doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any
17 information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the
18 contrary reserving and intending to reserve, each of these privileges, protections, or immunities.
19 Any accidental disclosure of privileged information or material shall not be deemed a waiver of
20 the applicable privilege, protection, or immunity.
21 10.　  Sharp objects to the Interrogatories to the extent that they are duplicative and/or
22 cumulative, either internally of themselves or of discovery previously propounded to Sharp by
23 other defendants in this matter.  Each such Interrogatory violates Section XV, subsections D and
24 E, of the Court's "Order Re Discovery and Case Management Protocol," entered on April 3,
25 2012.  Order Re: Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust*
26 *Litigation*, Case No. 07-cv-05944-SC, MDL No. 1917 (N.D. Cal. Apr. 3, 2012) (MDL Dkt. No.
27 1128).
28

11. Sharp objects to the Interrogatories, including the instructions and definitions, on the grounds that Sharp will incur substantial expense in complying with them.

12. Sharp objects to the Interrogatories to the extent that they prematurely call for expert testimony and states that Sharp will provide expert disclosures as provided by the Federal Rules of Civil Procedure and the orders of the court.

13. Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

14. Sharp objects to the Interrogatories to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions.  Such Interrogatories are premature, Sharp has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Sharp.  Further investigation and discovery may result in the identification of additional information or contentions, and Sharp reserves the right to supplement and modify its responses. Sharp's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Sharp's use of any additional evidence that may be developed.

15. Sharp objects to, and expressly disclaims, any need or intent to prove any facts listed herein as a prerequisite to proving its claims at trial.

16. Sharp reserves its right to try its case as it determines is best at trial.  This includes by not using facts or information stated herein or using facts or information in addition to those stated therein.

17. Sharp's responses will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

18. Sharp objects to the Interrogatories to the extent they contain any incidental or implied admission of fact or law. Sharp's responses to all or any part of any Interrogatory should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Sharp accepts or admits an express or implied assumption of fact set forth in or assumed by the Interrogatory; (ii)

Sharp accepts or admits any express or implied assumption of law set forth in or assumed by the Interrogatory; (iii) Sharp has in its possession, custody or control documents or information responsive to that Interrogatory; or (iv) documents or information responsive to that Interrogatory exist.

19. Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

20. Sharp reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs provide in response to these Interrogatories.

21. Sharp objects to the extent the Interrogatories misrepresent Sharp's allegations and the opinions expressed by Sharp's expert(s) in this case.

22. Sharp objects to the definition of "CRT" to the extent that it mischaracterizes Sharp's Complaint. Sharp interprets the term "CRTs" as defined in its complaint as "CPTs and CDTs of all sizes."

23. Sharp objects to the definitions of "CDT PRODUCT," "CPT PRODUCT," and "CRT PRODUCT" to the extent that they mischaracterize and are inconsistent with the definition of CRT Products in the Complaint. For purposes of these responses only, Sharp shall use the terms "CDT PRODUCT," "CPT PRODUCT," and "CRT PRODUCT" to mean electronic devices containing CDTs (such as monitors) and CPTs (such as televisions).

24. Sharp objects to the definition of "'DOCUMENT' or 'DOCUMENTS'" as vague, ambiguous, and unreasonably broad and, depending upon Defendants' meaning may call for a legal conclusion. Sharp also objects to the definition of "'DOCUMENT' or 'DOCUMENTS'" to the extent that it calls for documents that are subject to the attorney-client privilege, the work product doctrine, other applicable privilege, or are not in Sharp's possession, custody or control.

25. Sharp objects to the definition of "IDENTIFY" because it is overly broad, unduly burdensome, and oppressive insofar as it requires that Sharp identify and locate numerous individuals involved in thousands of discrete purchases made over the course of more than 12

1  years, dating back to 1995. Sharp also objects to the definition of "IDENTIFY" with respect to
2  identifying persons and identifying events or occurrences to the extent that it calls for information
3  beyond Sharp's possession, custody or control. Moreover, virtually all of the individuals
4  responsive to these requests are current or former employees of the Hitachi Defendants or their
5  co-conspirators, and that information is therefore fully known to Hitachi or is otherwise
6  discoverable by less burdensome methods.

7  26.  Sharp objects to the definition of "YOU," "YOUR," and "YOURSELF" as overbroad,
8  vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In
9  responding to the Interrogatories directed to "YOU" or "YOUR," Sharp will respond for the
10  Plaintiffs SEC and SEMA and persons acting on their behalf.

11  27.  Sharp objects to Instruction No. 1 to the extent that it calls for information that is the
12  subject of the attorney-client privilege, the work product doctrine, or any other applicable
13  privilege, or is not in Plaintiffs' possession, custody or control.

14  28.  Sharp objects to Instruction No. 7 because the construction of "and" to include "or" and
15  vice versa is vague, ambiguous, and confusing, and likely to create multiple, contradictory
16  meanings from the same language.  Sharp uses "and" and "or" according to their ordinary
17  meanings.

18  29.  Sharp objects to Instruction No. 8 because it is vague, ambiguous, and confusing and
19  likely to create multiple, contradictory meanings from the same language.  Sharp refers to
20  singular and plural nouns according to their ordinary meanings.

21  30.  Sharp objects to Instruction No. 9 because it is vague, ambiguous, and confusing and
22  likely to create multiple, contradictory meanings from the same language.  Sharp uses the present
23  and past tenses according to their ordinary meanings.

24  31.  Sharp objects to Instruction No. 10 because the construction of "any" to include "all" and
25  vice versa is vague, ambiguous, and confusing, and likely to create multiple, contradictory
26  meanings from the same language.  Sharp further objects to the definition of "any" and "all" as
27  not reasonably limited in scope or time.  Sharp uses "any" and "all" according to their ordinary
28  meanings.

1  Interrogatory on the grounds that it seeks to impose an undue burden on Sharp to state its entire
2  case on an incomplete record and review and analyze all information obtained in discovery thus
3  far at this stage of this litigation. Sharp further objects to this Interrogatory on the grounds that it
4  is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that
5  it is cumulative and duplicative of other discovery propounded in this case, and is therefore in
6  violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case
7  Management (MDL Dkt. No. 1727, May 3, 2010). Sharp also objects to the extent that this
8  request calls for information that is covered by attorney-client privilege or the work product
9  protection. Sharp further states that it has not completed its discovery and preparation in this
10 matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement
11 or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

12    Subject to and without waiving the foregoing objections, Sharp states that a portion of its
13 claims are based on CPTs that were ordered, purchased, paid for, and owned in the United States
14 by SEMA that were delivered to SEMA's subsidiary maquiladora company Sharp Electronica
15 Mexico, S.A. de C.V. ("SEMEX") in Rosarita, Mexico. At all times the CPTs shipped to
16 SEMEX in Mexico were owned by SEMA in the United States. The vast majority of CPTs
17 shipped to SEMEX in Mexico were incorporated into televisions sold by SEC in the United
18 States. Sharp further states that it claims injury based on its own purchases of CRT Products
19 through intercompany transactions, which contained CRTs that Sharp Roxy Electronics
20 Corporation in Malaysia purchased directly from Hitachi High-Technologies Hong Kong
21 Limited. Sharp refers the Defendants to materials produced in this litigation at SHARP-CRT-
22 00000666.

23 **Request No. 4:**
24    If YOU contend that HITACHI is liable to YOU on any factual or legal theory not specifically set forth in the COMPLAINT, DESCRIBE each theory, IDENTIFY each
25 DOCUMENT that YOU contend supports each theory, and IDENTIFY each PERSON who has knowledge concerning each theory.
26
27
28

RESPONSE TO HITACHI AMERICA, LTD.'S FIRST　　　　　　　　　　CASE NO.: 3:07-cv-05944-SC
SET OF INTERROGATORIES TO SHARP　　　　　　　　　　INDIVIDUAL CASE NO.: 3:13-cv-01173-SC

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Response to Request No. 4:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp further objects to this Interrogatory on the ground that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010). Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp refers the Defendants to Sharp's First Supplemental Responses to Hitachi Electronics Devices (USA), Inc. and Samsung SDI America, Inc.'s First Set of Interrogatories, Supplemental Response No. 12; the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials; the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials; demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014; and the response to the expert report of Vandy Howell and accompanying materials to be served on August 5, 2014.