# EXHIBIT 16

| | |
|---|---|
| 1 | Kenneth A. Gallo (*pro hac vice*) |
| 2 | Joseph J. Simons (*pro hac vice*) |
|   | Craig A. Benson (*pro hac vice*) |
| 3 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
|   | 2001 K Street, NW |
| 4 | Washington, DC  20006-1047 |
|   | Telephone:  (202) 223-7300 |
| 5 | Facsimile:  (202) 223-7420 |
|   | Email: kgallo@paulweiss.com |
| 6 | Email: jsimons@paulweiss.com |
| 7 | Email: cbenson@paulweiss.com |

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-5944-SC<br>MDL NO.: 1917 |
| This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.* | INDIVIDUAL CASE: 3:13-cv-01173-SC<br><br>**RESPONSE TO HITACHI, LTD.'S FIRST SET OF INTERROGATORIES TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**PROPOUNDING PARTY:** Defendant Hitachi, Ltd.

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the Northern District of California, Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp") hereby respond to Hitachi, Ltd.'s First Set of Interrogatories, dated July 2, 2014 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Sharp's responses ("Responses") to each and every interrogatory contained in the Interrogatories. No Response to any interrogatory shall be deemed a waiver of Sharp's General Objections.

1. Sharp objects to the Interrogatories and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2. Sharp objects to the Interrogatories on the grounds that they are improperly being used as a discovery device, are oppressive, unduly burdensome and violate the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

3. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from public sources.

4. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5. Sharp objects to the Interrogatories to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Further, these Responses and Objections are without prejudice to, and not a waiver of,

1  Sharp's right to contend at trial or otherwise in this action that such information is irrelevant,
2  immaterial, inadmissible, or not a proper basis for discovery, nor any objection by Sharp to any
3  future use of such information.
4  6.     Sharp objects to the Interrogatories to the extent that they are unintelligible, vague,
5  ambiguous, overly broad, unduly burdensome, and oppressive.
6  7.     Sharp objects to the Interrogatories to the extent that they seek or call for information not
7  in Sharp's possession, custody, or control.
8  8.     Documents produced by Sharp in this litigation shall be deemed produced in response to
9  these Interrogatories, subject to the Responses and Objections contained herein.  The burden of
10 identifying specific information or documents responsive to these Interrogatories from documents
11 produced in the course of this litigation is substantially the same for either party, and Sharp is
12 entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal
13 Rules of Civil Procedure.
14 9.     Sharp objects to the Interrogatories to the extent that they seek or call for information or
15 documents protected from disclosure by the attorney-client privilege, the attorney work product
16 doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any
17 information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the
18 contrary reserving and intending to reserve, each of these privileges, protections, or immunities.
19 Any accidental disclosure of privileged information or material shall not be deemed a waiver of
20 the applicable privilege, protection, or immunity.
21 10.    Sharp objects to the Interrogatories to the extent that they are duplicative and/or
22 cumulative, either internally of themselves or of discovery previously propounded to Sharp by
23 other defendants in this matter.  Each such Interrogatory violates Section XV, subsections D and
24 E, of the Court's "Order Re Discovery and Case Management Protocol," entered on April 3,
25 2012.  Order Re: Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust*
26 *Litigation*, Case No. 07-cv-05944-SC, MDL No. 1917 (N.D. Cal. Apr. 3, 2012) (MDL Dkt. No.
27 1128).
28

1  11.   Sharp objects to the Interrogatories, including the instructions and definitions, on the
2  grounds that Sharp will incur substantial expense in complying with them.
3  12.   Sharp objects to the Interrogatories to the extent that they prematurely call for expert
4  testimony and states that Sharp will provide expert disclosures as provided by the Federal Rules
5  of Civil Procedure and the orders of the court.
6  13.   Sharp objects to the Interrogatories to the extent that they call for speculation or call for a
7  conclusion on an issue of law.
8  14.   Sharp objects to the Interrogatories to the extent they seek information about contentions
9  or call for all evidence or all information in support of allegations or contentions.  Such
10 Interrogatories are premature, Sharp has not completed its discovery and preparation in this
11 matter, and its investigation of this case is ongoing.  These responses are being made after
12 reasonable inquiry into the relevant facts, and are based only upon the information and
13 documentation that is presently known to Sharp.  Further investigation and discovery may result
14 in the identification of additional information or contentions, and Sharp reserves the right to
15 supplement and modify its responses. Sharp's responses should not be construed to prejudice its
16 right to conduct further investigation in this case, or to limit Sharp's use of any additional
17 evidence that may be developed.
18 15.   Sharp objects to, and expressly disclaims, any need or intent to prove any facts listed
19 herein as a prerequisite to proving its claims at trial.
20 16.   Sharp reserves its right to try its case as it determines is best at trial.  This includes by not
21 using facts or information stated herein or using facts or information in addition to those stated
22 therein.
23 17.   Sharp's responses will be subject to the Stipulated Protective Order entered in this action
24 (MDL Dkt. No. 306).
25 18.   Sharp objects to the Interrogatories to the extent they contain any incidental or implied
26 admission of fact or law. Sharp's responses to all or any part of any Interrogatory should not be
27 taken as an incidental or implied admission, agreement, or concurrence that: (i) Sharp accepts or
28 admits an express or implied assumption of fact set forth in or assumed by the Interrogatory; (ii)

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Sharp accepts or admits any express or implied assumption of law set forth in or assumed by the Interrogatory; (iii) Sharp has in its possession, custody or control documents or information responsive to that Interrogatory; or (iv) documents or information responsive to that Interrogatory exist.

19.     Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

20.     Sharp reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs provide in response to these Interrogatories.

21.     Sharp objects to the extent the Interrogatories misrepresent Sharp's allegations and the opinions expressed by Sharp's expert(s) in this case.

22.     Sharp objects to the definition of "CRT" to the extent that it mischaracterizes Sharp's Complaint. Sharp interprets the term "CRTs" as defined in its complaint as "CPTs and CDTs of all sizes."

23.     Sharp objects to the definitions of "CDT PRODUCT," "CPT PRODUCT," and "CRT PRODUCT" to the extent that they mischaracterize and are inconsistent with the definition of CRT Products in the Complaint. For purposes of these responses only, Sharp shall use the terms "CDT PRODUCT," "CPT PRODUCT," and "CRT PRODUCT" to mean electronic devices containing CDTs (such as monitors) and CPTs (such as televisions).

24.     Sharp objects to the definition of "'DOCUMENT' or 'DOCUMENTS'" as vague, ambiguous, and unreasonably broad and, depending upon Defendants' meaning may call for a legal conclusion. Sharp also objects to the definition of "'DOCUMENT' or 'DOCUMENTS'" to the extent that it calls for documents that are subject to the attorney-client privilege, the work product doctrine, other applicable privilege, or are not in Sharp's possession, custody or control.

25.     Sharp objects to the definition of "IDENTIFY" because it is overly broad, unduly burdensome, and oppressive insofar as it requires that Sharp identify and locate numerous individuals involved in thousands of discrete purchases made over the course of more than 12

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

years, dating back to 1995. Sharp also objects to the definition of "IDENTIFY" with respect to identifying persons and identifying events or occurrences to the extent that it calls for information beyond Sharp's possession, custody or control. Moreover, virtually all of the individuals responsive to these requests are current or former employees of the Hitachi Defendants or their co-conspirators, and that information is therefore fully known to Hitachi or is otherwise discoverable by less burdensome methods.

26. Sharp objects to the definition of "YOU," "YOUR," and "YOURSELF" as overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Interrogatories directed to "YOU" or "YOUR," Sharp will respond for the Plaintiffs SEC and SEMA and persons acting on their behalf.

27. Sharp objects to Instruction No. 1 to the extent that it calls for information that is the subject of the attorney-client privilege, the work product doctrine, or any other applicable privilege, or is not in Plaintiffs' possession, custody or control.

28. Sharp objects to Instruction No. 7 because the construction of "and" to include "or" and vice versa is vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language. Sharp uses "and" and "or" according to their ordinary meanings.

29. Sharp objects to Instruction No. 8 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language. Sharp refers to singular and plural nouns according to their ordinary meanings.

30. Sharp objects to Instruction No. 9 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language. Sharp uses the present and past tenses according to their ordinary meanings.

31. Sharp objects to Instruction No. 10 because the construction of "any" to include "all" and vice versa is vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language. Sharp further objects to the definition of "any" and "all" as not reasonably limited in scope or time. Sharp uses "any" and "all" according to their ordinary meanings.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

If YOUR response to any of Hitachi, Ltd.'s First Set of Requests for Admission To Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. was anything other than an unqualified admission, separately for each Request for Admission:[1]

    a.    state the number of the request for admission;

    b.    state all facts upon which YOU base YOUR response;

    c.    IDENTIFY all EVIDENCE upon which YOU intend to rely to support YOUR response; and

    d.    IDENTIFY each PERSON who has knowledge of the facts upon which YOU base YOUR response.

**Response to Interrogatory No. 1:**

**Requests for Admission Nos. 1 through 25:** Sharp refers to and incorporates its General Objections to these Interrogatories, as well as its specific objections to Requests for Admission Nos. 1 through 20, as if fully restated here. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory, in combination with the accompanying Requests for Admission served simultaneously, on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.Sharp further objects to the Interrogatory on the grounds that it is vague,

---

[1] *See* Special Master Martin Quinn's Order re Rules For Responding to Reciprocal Written Discovery Requests Regarding The Parties' Contentions, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (Dkt. No. 2576) (filed March 21, 2011) (ordering direct purchaser plaintiffs to "respond now . . . based on the information and analysis presently available to them" to an interrogatory seeking the bases for plaintiffs' denials of requests for admission).

Case 4:07-cv-05944-JST   Document 3701-27   Filed 02/27/15   Page 9 of 12

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010). Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Hitachi entity when all of the Hitachi entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of Hitachi, Ltd. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by Defendants, co-conspirators, and third parties in MDL No. 1917. The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or Hitachi Ltd.

Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;

RESPONSE TO HITACHI, LTD.'S FIRST SET OF
INTERROGATORIES TO SHARP

CASE NO.: 3:07-cv-05944-SC
INDIVIDUAL CASE NO.: 3:13-cv-01173-SC

7

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);
- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);
- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);
- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);
- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);
- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);
- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);
- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;
- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

RESPONSE TO HITACHI, LTD.'S FIRST SET OF
INTERROGATORIES TO SHARP

CASE NO.: 3:07-cv-05944-SC
INDIVIDUAL CASE NO.: 3:13-cv-01173-SC

9

1
2
- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014); and

3
4
5
- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those responses (July 28, 2014).

Sharp further states that additional individuals with knowledge of the issues raised in Requests for Admission Nos. 1 through 25 that have not been previously mentioned, include, but are not limited to, all individuals referenced in documents introduced as exhibits during any deposition in MDL No. 1917, but who Plaintiffs have not been able to depose at this time.

**Requests for Admission Nos. 26 through 69:** In addition to the specific objections stated above, with respect to this Interrogatory as applied to Requests for Admission 20 through 66, Sharp further objects because it exceeds the limit set forth by Fed. R. Civ. P. 33. Interrogatories that ask the "responding party to state the facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admissions" should be construed as containing a subpart for each request for admission. *See Safeco Ins. Co. of Am. v. Rawstron,* 181 F.R.D. 441, 447 (C.D. Cal. 1998) ("Allowing service of an interrogatory which requests disclosure of all information on which the denials of each of 50 requests for admission were based . . . essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a)."); *see also* Local Rules 33-2 and 36-2.