# EXHIBIT 18

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-5944-SC<br>MDL NO.: 1917 |
| This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.* | INDIVIDUAL CASE: 3:13-cv-01173-SC<br><br>**RESPONSE TO PANASONIC CORPORATION OF NORTH AMERICA'S FIRST SET OF INTERROGATORIES TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

**PROPOUNDING PARTY:** Panasonic Corporation of North America

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the Northern District of California, Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp") hereby respond to Defendant Panasonic Corporation of North America's First Set of Interrogatories dated July 17, 2014 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Sharp's responses ("Responses") to each and every interrogatory contained in the Interrogatories. No Response to any interrogatory shall be deemed a waiver of Sharp's General Objections.

1. Sharp objects to the Interrogatories and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2. Sharp objects to the Interrogatories on the grounds that they are improperly being used as a discovery device, are oppressive, unduly burdensome and violate the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

3. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from public sources.

4. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from others.

5. Sharp objects to the Interrogatories to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Further, these Responses and Objections are without prejudice to, and not a waiver of,

Sharp's right to contend at trial or otherwise in this action that such information is irrelevant, immaterial, inadmissible, or not a proper basis for discovery, nor any objection by Sharp to any future use of such information.

6.  Sharp objects to the Interrogatories to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

7.  Sharp objects to the Interrogatories to the extent that they seek or call for information not in Sharp's possession, custody, or control.

8.  Documents produced by Sharp in this litigation shall be deemed produced in response to these Interrogatories, subject to the Responses and Objections contained herein. The burden of identifying specific information or documents responsive to these Interrogatories from documents produced in the course of this litigation is substantially the same for either party, and Sharp is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

9.  Sharp objects to the Interrogatories to the extent that they seek or call for information or documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

10. Sharp objects to the Interrogatories to the extent that they are duplicative and/or cumulative, either internally of themselves or of discovery previously propounded to Sharp by other defendants in this matter. Each such Interrogatory violates Section XV, subsections D and E, of the Court's "Order Re Discovery and Case Management Protocol," entered on April 3, 2012. Order Re: Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC, MDL No. 1917 (N.D. Cal. Apr. 3, 2012) (MDL Dkt. No. 1128).

11. Sharp objects to the Interrogatories, including the instructions and definitions, on the grounds that Sharp will incur substantial expense in complying with them.

12. Sharp objects to the Interrogatories to the extent that they prematurely call for expert testimony and states that Sharp will provide expert disclosures as provided by the Federal Rules of Civil Procedure and the orders of the Court.

13. Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

14. Sharp objects to the Interrogatories to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions. Such Interrogatories are premature, Sharp has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing. These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Sharp. Further investigation and discovery may result in the identification of additional information or contentions, and Sharp reserves the right to supplement and modify its responses. Sharp's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Sharp's use of any additional evidence that may be developed.

15. Sharp objects to, and expressly disclaims, any need or intent to prove any facts listed herein as a prerequisite to proving its claims at trial.

16. Sharp reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or using facts or information in addition to those stated therein.

17. Sharp's responses will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

18. Sharp objects to the Interrogatories to the extent they contain any incidental or implied admission of fact or law. Sharp's responses to all or any part of any Interrogatory should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Sharp accepts or admits an express or implied assumption of fact set forth in or assumed by the Interrogatory; (ii)

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Sharp accepts or admits any express or implied assumption of law set forth in or assumed by the Interrogatory; (iii) Sharp has in its possession, custody or control documents or information responsive to that Interrogatory; or (iv) documents or information responsive to that Interrogatory exist.

19. Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

20. Sharp reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs provide in response to these Interrogatories.

21. Sharp objects to the extent the Interrogatories misrepresent Sharp's allegations and the opinions expressed by Sharp's expert(s) in this case.

22. Sharp objects to the definition of "CRT" to the extent that it mischaracterizes Sharp's Complaint. Sharp interprets the term "CRTs" as defined in its complaint as "CPTs and CDTs of all sizes."

23. Sharp objects to the definition of "CRT Product" to the extent that it mischaracterizes and is inconsistent with the definition of CRT Products in the Complaint.

24. Sharp objects to the definition of "Document(s)" as vague, ambiguous, and unreasonably broad and, depending upon Defendant's meaning may call for a legal conclusion. Sharp also objects to the definition of "Document(s)" to the extent that it calls for documents that are subject to the attorney-client privilege, the work-product doctrine, other applicable privilege, or are not in Sharp's possession, custody or control.

25. Sharp objects to the definition of "Identify" because it is overly broad, unduly burdensome, and oppressive insofar as it requires that Sharp identify and locate numerous individuals involved in thousands of discrete purchases made over the course of more than 12 years, dating back to 1995. Sharp also objects to the definition of "Identify" with respect to identifying persons and identifying events or occurrences to the extent that it calls for information beyond Sharp's possession, custody or control.

1  26.     Sharp objects to the definition of "You" and "Your" as overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Interrogatories directed to "You" or "Your" Sharp will respond for the Plaintiffs SEC and SEMA and persons acting on their behalf.

27.     Sharp objects to Instruction A to the extent that it calls for information that is the subject of the attorney-client privilege, the work-product doctrine, or any other applicable privilege, or is not in Plaintiffs' possession, custody or control.

28.     Sharp objects to Definition A because the construction of "all" to include "all, each, any, and every" and is vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language. Sharp further objects to the definition of "any" as not reasonably limited in scope or time. Sharp uses "any" according to its ordinary meaning.

29.     Sharp objects to Definition B because the construction of "and" to include "or" and vice versa is vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language. Sharp uses "and" and "or" according to their ordinary meanings.

30.     Sharp objects to Definition K because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language. Sharp refers to singular and plural nouns according to their ordinary meanings.

31.     Sharp objects to Definition L because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language. Sharp uses the present and past tenses according to their ordinary meanings.

## RESPONSES TO INTERROGATORIES

**Request No. 1:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that between 1996 and 2003, Panasonic participated in the alleged conspiracy either directly or through Panasonic Corporation, Matsushita Malaysia, PT.MT Picture Display and MTPD, as alleged in paragraph 183 of the Complaint.

**Response to Request No. 1:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010). Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work-product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its

1  right to supplement or amend its response to this Request consistent with Federal Rule of Civil
2  Procedure 26(e).
3      Subject to and without waiving the foregoing objections, Sharp states that information
4  responsive to this Interrogatory is contained in the following, which are incorporated here by
5  reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);
- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);
- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);
- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);
- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);
- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);
- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);
- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);
- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);
- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);
- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp, No. 15 (August 4, 2014);
- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp, No. 15 (August 4, 2014);
- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp, No. 15 (August 4, 2014); and
- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp, No. 15 (August 4, 2014).