# EXHIBIT 19

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-5944-SC<br>MDL NO.: 1917 |
| This Document Relates To: | INDIVIDUAL CASE: 3:13-cv-02776-SC |
| *Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al.* | **RESPONSE TO KONINKLIJKE PHILIPS N.V.'S FIRST SET OF INTERROGATORIES TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**PROPOUNDING PARTY:** Defendant Koninklijke Philips N.V.

**RESPONDING PARTIES:** Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** One

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the Northern District of California, Plaintiff Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp") hereby respond to Defendant Koninklijke Philips N.V.'s ("KPNV") First Set of Interrogatories, dated July 21, 2014 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

      The following general objections ("General Objections") are incorporated in Sharp's responses ("Responses") to each and every interrogatory contained in the Interrogatories. No Response to any interrogatory shall be deemed a waiver of Sharp's General Objections.

1.     Sharp objects to the Interrogatories and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2.     Sharp objects to the Interrogatories on the grounds that they are improperly being used as a discovery device, are oppressive, unduly burdensome and violate the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

3.     Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from public sources.

4.     Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5.     Sharp objects to the Interrogatories to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence. Further, these Responses and Objections are without prejudice to, and not a waiver of,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  Sharp's right to contend at trial or otherwise in this action that such information is irrelevant,

2  immaterial, inadmissible, or not a proper basis for discovery, nor any objection by Sharp to any

3  future use of such information.

4  6.      Sharp objects to the Interrogatories to the extent that they are unintelligible, vague,

5  ambiguous, overly broad, unduly burdensome, and oppressive.

6  7.      Sharp objects to the Interrogatories to the extent that they seek or call for information not

7  in Sharp's possession, custody, or control.

8  8.      Documents produced by Sharp in this litigation shall be deemed produced in response to

9  these Interrogatories, subject to the Responses and Objections contained herein.  The burden of

10  identifying specific information or documents responsive to these Interrogatories from documents

11  produced in the course of this litigation is substantially the same for either party, and Sharp is

12  entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal

13  Rules of Civil Procedure.

14  9.      Sharp objects to the Interrogatories to the extent that they seek or call for information or

15  documents protected from disclosure by the attorney-client privilege, the attorney work product

16  doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any

17  information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the

18  contrary reserving and intending to reserve, each of these privileges, protections, or immunities.

19  Any accidental disclosure of privileged information or material shall not be deemed a waiver of

20  the applicable privilege, protection, or immunity.

21  10.     Sharp objects to the Interrogatories to the extent that they are duplicative and/or

22  cumulative, either internally of themselves or of discovery previously propounded to Sharp by

23  other defendants in this matter.  Each such Interrogatory violates Section XV, subsections D and

24  E, of the Court's "Order Re Discovery and Case Management Protocol," entered on April 3,

25  2012.  Order Re: Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust*

26  *Litigation*, Case No. 07-cv-05944-SC, MDL No. 1917 (N.D. Cal. Apr. 3, 2012) (MDL Dkt. No.

27  1128).

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

11.     Sharp objects to the Interrogatories to the extent they violate orders of the Court or the Special Master in this case, including the Special Master's Report and Recommendation on the Defendants' Motion to Compel, dated August 18, 2014.

12.     Sharp objects to the Interrogatories, including the instructions and definitions, on the grounds that Sharp will incur substantial expense in complying with them.

13.     Sharp objects to the Interrogatories to the extent that they prematurely call for expert testimony and states that Sharp will provide expert disclosures as provided by the Federal Rules of Civil Procedure and the orders of the Court.

14.     Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

15.     Sharp objects to the Interrogatories to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions.  Such Interrogatories are premature; Sharp has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Sharp.  Further investigation and discovery may result in the identification of additional information or contentions, and Sharp reserves the right to supplement and modify its responses. Sharp's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Sharp's use of any additional evidence that may be developed.

16.     Sharp objects to, and expressly disclaims, any need or intent to prove any facts listed herein as a prerequisite to proving its claims at trial.

17.     Sharp reserves its right to try its case as it determines is best at trial.  This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

18.     Sharp's responses will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

19.     Sharp objects to the Interrogatories to the extent they contain any incidental or implied admission of fact or law. Sharp's responses to all or any part of any Interrogatory should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Sharp accepts or admits an express or implied assumption of fact set forth in or assumed by the Interrogatory; (ii) Sharp accepts or admits any express or implied assumption of law set forth in or assumed by the Interrogatory; (iii) Sharp has in its possession, custody or control documents or information responsive to that Interrogatory; or (iv) documents or information responsive to that Interrogatory exist.

20.     Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

21.     Sharp reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs provide in response to these Interrogatories.

22.     Sharp objects to the extent the Interrogatories misrepresent Sharp's allegations and the opinions expressed by Sharp's expert(s) in this case.

23.     Sharp objects to the Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

24.     Sharp objects to the definition of "All" because the construction of "All" to include "all, each, any, and every" is vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.  Sharp further objects to the definition of "All" as not reasonably limited in scope or time.  Sharp uses "all" according to its ordinary meaning.

25.     Sharp objects to Definition No. 2 because the construction of "'and' and 'or'" is vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.  Sharp uses "and" and "or" according to their ordinary meanings.

26.     Sharp objects to the definition of "DOCUMENT(S)" as vague, ambiguous, and unreasonably broad and, depending upon Defendants' meaning, may call for a legal conclusion.  Sharp also objects to the definition of "DOCUMENTS" to the extent that it calls for documents

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

that are subject to the attorney-client privilege, the work product doctrine, other applicable privilege, or are not in Sharp's possession, custody or control.

27.     Sharp objects to the definition of "IDENITFY" because it is overly broad, unduly burdensome, and oppressive insofar as it requires that Sharp identify and locate numerous individuals involved in thousands of discrete purchases made over the course of more than 12 years, dating back to 1995.  Sharp also objects to the definition of "IDENTIFY" with respect to identifying persons and identifying events or occurrences to the extent that it calls for information beyond Sharp's possession, custody or control.  Moreover, virtually all of the individuals responsive to these requests are current or former employees of the KPNV Defendants or their co-conspirators, and that information is therefore fully known to KPNV or is otherwise discoverable by less burdensome methods.

28.     Sharp objects to the definition of "YOU" and "YOUR" as overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to the Interrogatories directed to "YOU" or "YOUR," Sharp will respond for the Plaintiffs SEC and SEMA and persons acting on their behalf.

29.     Sharp objects to Definition No. 14 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.  Sharp refers to singular and plural nouns according to their ordinary meanings.

30.     Sharp objects to Definition No. 15 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.  Sharp uses the present and past tenses according to their ordinary meanings.

31.     Sharp objects to Instruction No. 1 to the extent that it calls for information that is the subject of the attorney-client privilege, the work product doctrine, or any other applicable privilege, or is not in Plaintiffs' possession, custody or control.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014); and

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014).

**Request No. 6:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Royal Philips was an active participant in the alleged conspiracy, as alleged in paragraph 194 of the Complaint.

**Response to Request No. 6:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Philips entity when all of the Philips entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of KPNV.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699

2   (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir.

3   1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly

4   liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance

5   of the conspiracy is, in law, the action of all. *Id.*  Sharp further objects to the extent this request

6   calls for expert testimony.  Sharp also objects to the extent that this request calls for information

7   that is covered by attorney-client privilege or the work product protection.  Sharp further states

8   that it has not completed its discovery and preparation in this matter and that its investigation of

9   the case is ongoing, and Sharp reserves its right to supplement or amend its response to this

10  Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

11          Subject to and without waiving the foregoing objections, Sharp states that the response to

12  this Interrogatory may include the transactional data and documents produced by defendants, co-

13  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

14  responsive to this Interrogatory from review of the documents and data identified in this response

15  is substantially the same for either Sharp or KPNV.  Sharp further states that information

16  responsive to this Interrogatory is contained in the following, which are incorporated here by

17  reference:

18      •   Exhibit A to these Responses;

19      •   Attachment A to these Responses;

20      •   the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

21          materials;

22      •   the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

23          materials;

24      •   the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

25          accompanying materials;

26      •   Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

27      •   Korean Fair Trade Commission Report on the CRT Conspiracy;

28      •   The European Commission Report on the CRT Conspiracy;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

**Request No. 7:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Royal Philips participated in the alleged conspiracy through PEIL, as alleged in paragraph 194 of the Complaint.

**Response to Request No. 7:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010). Sharp additionally objects to the Interrogatory as requiring the attribution of a particular

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   action to a specific Philips entity when all of the Philips entities named as defendants were owned

2   and controlled and acted pursuant to the overall strategy and direction of KPNV.  Sharp also

3   objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal

4   principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at

5   it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699

6   (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir.

7   1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly

8   liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance

9   of the conspiracy is, in law, the action of all. *Id.*  Sharp further objects to the extent this request

10  calls for expert testimony.  Sharp also objects to the extent that this request calls for information

11  that is covered by attorney-client privilege or the work product protection.  Sharp further states

12  that it has not completed its discovery and preparation in this matter and that its investigation of

13  the case is ongoing, and Sharp reserves its right to supplement or amend its response to this

14  Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

15        Subject to and without waiving the foregoing objections, Sharp states that the response to

16  this Interrogatory may include the transactional data and documents produced by defendants, co-

17  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

18  responsive to this Interrogatory from review of the documents and data identified in this response

19  is substantially the same for either Sharp or KPNV.  Sharp further states that information

20  responsive to this Interrogatory is contained in the following, which are incorporated here by

21  reference:

22  • Exhibit A to these Responses;

23  • Attachment A to these Responses;

24  • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

25    materials;

26  • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

27    materials;

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and,

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

**Request No. 8:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Philips America participated in the alleged conspiracy through Royal Philips and PEIL, as alleged in paragraph 194 of the Complaint.

**Response to Request No. 8:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  in responses to written discovery, but particularly while discovery is ongoing and in advance of

2  the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further

3  objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly

4  burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other

5  discovery propounded in this case, and is therefore in violation of the Special Master's Order

6  Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3,

7  2010).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular

8  action to a specific Philips entity when all of the Philips entities named as defendants were owned

9  and controlled and acted pursuant to the overall strategy and direction of KPNV.  Sharp also

10  objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal

11  principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at

12  it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699

13  (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir.

14  1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly

15  liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance

16  of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this request

17  calls for expert testimony.  Sharp also objects to the extent that this request calls for information

18  that is covered by attorney-client privilege or the work product protection.  Sharp further states

19  that it has not completed its discovery and preparation in this matter and that its investigation of

20  the case is ongoing, and Sharp reserves its right to supplement or amend its response to this

21  Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

22        Subject to and without waiving the foregoing objections, Sharp states that the response to

23  this Interrogatory may include the transactional data and documents produced by defendants, co-

24  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

25  responsive to this Interrogatory from review of the documents and data identified in this response

26  is substantially the same for either Sharp or KPNV.  Sharp further states that information

27  responsive to this Interrogatory is contained in the following, which are incorporated here by

28  reference:

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Exhibit A to these Responses;

- Attachment A to these Responses;

- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

**Request No. 9:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Royal Philips participated in the alleged conspiracy through LP Displays (f/k/a LGPD), as alleged in paragraph 194 of the Complaint.

**Response to Request No. 9:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Philips entity when all of the Philips entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of KPNV.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or KPNV.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Korean Fair Trade Commission Report on the CRT Conspiracy;
- The European Commission Report on the CRT Conspiracy;
- Deposition of Roger de Moor (July 31-August 1, 2012);
- Deposition of Pil Jae Lee (July 16-17, 2013);
- Deposition of Jim Smith (December 12-13, 2013);
- Deposition of Wiebo Vaartjes (December 18-19, 2013);
- Deposition of Patrick Canavan (January 30-31, 2014);
- Deposition of Robert O'Brien (March 20-21, 2014);
- Deposition of Joseph Killen (May 15, 2014);
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);
- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1 • Philips Electronics North America Corporation's Responses to Direct Action

2 Plaintiffs' First Set of Interrogatories (July 10, 2014);

3 • Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of

4 Interrogatories (May 12, 2010);

5 • Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'

6 First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

7 • Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser

8 Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

9 • Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories

10 (November 25, 2013);

11 • Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for

12 Admission (November 25, 2013);

13 • Toshiba America Electronic Components, Inc.'s Supplemental Objections and

14 Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of

15 Interrogatories (February 10, 2012);

16 • Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos.

17 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

18 • Sharp's Responses to Thomson SA and Thomson Consumer's First Set of

19 Interrogatories, Nos. 2 & 8 (July 10, 2014);

20 • Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG

21 Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to

22 those Responses (July 28, 2014);

23 • Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of

24 Interrogatories to Sharp (August 4, 2014);

25 • Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4,

26 2014);

27 • Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of

28 Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

**Request No. 10:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Philips America participated in the alleged conspiracy through LP Displays (f/k/a LGPD), as alleged in paragraph 194 of the Complaint.

**Response to Request No. 10:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Philips entity when all of the Philips entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of KPNV.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1    it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699

2    (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir.

3    1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly

4    liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance

5    of the conspiracy is, in law, the action of all. *Id.*  Sharp further objects to the extent this request

6    calls for expert testimony.  Sharp also objects to the extent that this request calls for information

7    that is covered by attorney-client privilege or the work product protection.  Sharp further states

8    that it has not completed its discovery and preparation in this matter and that its investigation of

9    the case is ongoing, and Sharp reserves its right to supplement or amend its response to this

10   Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

11          Subject to and without waiving the foregoing objections, Sharp states that the response to

12   this Interrogatory may include the transactional data and documents produced by defendants, co-

13   conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

14   responsive to this Interrogatory from review of the documents and data identified in this response

15   is substantially the same for either Sharp or KPNV.  Sharp further states that information

16   responsive to this Interrogatory is contained in the following, which are incorporated here by

17   reference:

18   •    Exhibit A to these Responses;

19   •    Attachment A to these Responses;

20   •    the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

21        materials;

22   •    the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

23        materials;

24   •    the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

25        accompanying materials;

26   •    Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

27   •    Korean Fair Trade Commission Report on the CRT Conspiracy;

28   •    The European Commission Report on the CRT Conspiracy;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Deposition of Roger de Moor (July 31 – August 1, 2012);

- Deposition of Pil Jae Lee (July 16-17, 2013);

- Deposition of Jim Smith (December 12-13, 2013);

- Deposition of Wiebo Vaartjes (December 18-19, 2013);

- Deposition of Patrick Canavan (January 30-31, 2014);

- Deposition of Robert O'Brien (March 20-21, 2014);

- Deposition of Joseph Killen (May 15, 2014);

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

**Request No. 11:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Philips America was an active, knowing participant in the alleged conspiracy, as alleged in paragraph 195 of the Complaint.

**Response to Request No. 11:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information

obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory

improperly requires Sharp to marshal all evidence in support of its case, including all testimony,

in responses to written discovery, but particularly while discovery is ongoing and in advance of

the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further

objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly

burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other

discovery propounded in this case, and is therefore in violation of the Special Master's Order

Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3,

2010).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular

action to a specific Philips entity when all of the Philips entities named as defendants were owned

and controlled and acted pursuant to the overall strategy and direction of KPNV.  Sharp also

objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal

principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at

it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699

(1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir.

1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly

liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance

of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this request

calls for expert testimony.  Sharp also objects to the extent that this request calls for information

that is covered by attorney-client privilege or the work product protection.  Sharp further states

that it has not completed its discovery and preparation in this matter and that its investigation of

the case is ongoing, and Sharp reserves its right to supplement or amend its response to this

Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to

this Interrogatory may include the transactional data and documents produced by defendants, co-

conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

responsive to this Interrogatory from review of the documents and data identified in this response

is substantially the same for either Sharp or KPNV.  Sharp further states that information

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   responsive to this Interrogatory is contained in the following, which are incorporated here by

2   reference:

3   • Exhibit A to these Responses;

4   • Attachment A to these Responses;

5   • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

6   materials;

7   • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

8   materials;

9   • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

10   accompanying materials;

11   • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

12   • Korean Fair Trade Commission Report on the CRT Conspiracy;

13   • The European Commission Report on the CRT Conspiracy;

14   • Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First

15   Set of Interrogatories, No. 5 (February 10, 2012);

16   • Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to

17   Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12,

18   2013);

19   • Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser

20   Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

21   • Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct

22   Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

23   • Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser

24   Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

25   • Koninklijke Philips Electronics N.V. and Philips Electronics North America

26   Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of

27   Interrogatories Nos. 4 and 5 (July 18, 2012);

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

**Request No. 12:**

Separately Identify each meeting or communication with a competitor or competitors, including the Royal Philips employee(s) associated with each meeting or communication, in which you contend Royal Philips participated between 1996 and 2007, as alleged in paragraph 194 of the Complaint.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Response to Request No. 12:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Philips entity when all of the Philips entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of KPNV.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1    the case is ongoing, and Sharp reserves its right to supplement or amend its response to this

2    Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

3         Subject to and without waiving the foregoing objections, Sharp states that the response to

4    this Interrogatory may include the transactional data and documents produced by defendants, co-

5    conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

6    responsive to this Interrogatory from review of the documents and data identified in this response

7    is substantially the same for either Sharp or KPNV  Sharp further states that information

8    responsive to this Interrogatory is contained in the following, which are incorporated here by

9    reference:

10        • Exhibit A to these Responses;

11        • Attachment A to these Responses;

12        • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

13            materials;

14        • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

15            materials;

16        • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

17            accompanying materials;

18        • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

19        • Korean Fair Trade Commission Report on the CRT Conspiracy;

20        • The European Commission Report on the CRT Conspiracy;

21        • Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First

22            Set of Interrogatories, No. 5 (February 10, 2012);

23        • Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to

24            Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12,

25            2013);

26        • Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser

27            Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

**Request No. 13:**

Separately Identify each meeting or communication with a competitor or competitors, including the Philips America employee(s) associated with each meeting or communication, in which you contend Philips America participated between 1996 and 2007, as alleged in paragraph 194 of the Complaint.

**Response to Request No. 13:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010). Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Philips entity when all of the Philips entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of KPNV. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or KPNV.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Korean Fair Trade Commission Report on the CRT Conspiracy;
- The European Commission Report on the CRT Conspiracy;
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

## Request No. 14:

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 12 and 13, Identify All evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to establish "target prices, 'bottom' prices, prices ranges, and price guidelines" for CRTs, as alleged in paragraph 176(i) of the Complaint, including:

    a) All Persons with knowledge suggesting that an agreement to fix target prices, floor prices and prices ranges for CRTs was reached;

    b) The date of each meeting or competitor communication which You contend resulted in an agreement to fix target prices, floor prices and prices ranges for CRTs;

    c) The location of each alleged meeting, if applicable;

    d) The entities that you contend agreed to the target price, floor price or price range;

    e) The names of the individuals that You contend participated in each meeting or competitor communication;

    f) The date of the agreement;

    g) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the target price, floor price or price range applied;

    h) The effective date(s) of the target price, floor price or price range;

    i) The customer(s) to whom the target price, floor price or price range applied;

    j) The geographic area to which the target price, floor price or price range applied; and

    k) All evidence upon which You intend to rely to prove such target price, floor price or price range (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

## Response to Request No. 14:

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the

possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010). Sharp objects to the Interrogatory on the grounds that it violates the Special Master's Report and Recommendation on the Defendants' Motion to Compel, dated August 18, 2014. Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Philips entity when all of the Philips entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of KPNV. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp also objects to this that this is a compound interrogatory consisting of eleven distinct subparts, each of which is a separate interrogatory, and therefore is overbroad and unduly burdensome. Sharp further states that it has

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  not completed its discovery and preparation in this matter and that its investigation of the case is

2  ongoing, and Sharp reserves its right to supplement or amend its response to this Request

3  consistent with Federal Rule of Civil Procedure 26(e).

4         Subject to and without waiving the foregoing objections, Sharp states that the response to

5  this Interrogatory may include the transactional data and documents produced by defendants, co-

6  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

7  responsive to this Interrogatory from review of the documents and data identified in this response

8  is substantially the same for either Sharp or KPNV.  Sharp further states that information

9  responsive to this Interrogatory is contained in the following, which are incorporated here by

10  reference:

11     • Exhibit A to these Responses;

12     • Attachment A to these Responses;

13     • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

14        materials;

15     • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

16        materials;

17     • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

18        accompanying materials;

19     • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

20     • Korean Fair Trade Commission Report on the CRT Conspiracy;

21     • The European Commission Report on the CRT Conspiracy;

22     • Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First

23        Set of Interrogatories, No. 5 (February 10, 2012);

24     • Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to

25        Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12,

26        2013);

27     • Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser

28        Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

**Request No. 15:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 12 and 13, Identify all Evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to maintain or lower production capacity for CRTs, as alleged in paragraph 253(g) of the Complaint, including:

a) All persons with knowledge suggesting that an agreement to maintain or lower production capacity for CRTs was reached;

b) The date of each meeting or competitor communication which You contend resulted in an agreement to maintain or lower production capacity for CRTs;

c) The location of each alleged meeting, if applicable;

d) The entities who you contend agreed to maintain or lower production capacity for CRTs;

e) The names of the individuals that You contend participated in each meeting or competitor communication;

f) The date of the agreement;

g) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the agreement applied;

h) The effective date(s) of the agreement to maintain or lower production capacity for CRTs;

i) The geographic area to which the agreement to maintain or lower production capacity for CRTs applied; and

j) All evidence upon which You intend to rely to prove that an agreement to maintain or lower production capacity for CRTs was reached (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**Response to Request No. 15:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

obtained in discovery thus far at this stage of this litigation. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010). Sharp objects to the Interrogatory on the grounds that it violates the Special Master's Report and Recommendation on the Defendants' Motion to Compel, dated August 18, 2014. Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Philips entity when all of the Philips entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of KPNV. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp also objects that this is a compound interrogatory consisting of ten distinct subparts, each of which is a separate interrogatory, and therefore is overbroad and unduly burdensome. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or KPNV.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Korean Fair Trade Commission Report on the CRT Conspiracy;
- The European Commission Report on the CRT Conspiracy;
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);
- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);
- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);
- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Request No. 16:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 12 and 13, Identify all Evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to allocate either overall market shares or share of a particular customer's purchases, as alleged in paragraph 176(viii) of the Complaint, including:

    a) All persons with knowledge suggesting that an agreement to allocate either overall market share or share of a particular customer's purchases;

    b) The date of each meeting or competitor communication which You contend resulted in an agreement to allocate either overall market share or share of a particular customer's purchases;

    c) The location of each alleged meeting, if applicable;

    d) The entities who you contend agreed to allocate either overall market share or share of a particular customer's purchases;

    e) The names of the individuals that You contend participated in each meeting or competitor communication;

    f) The date of the agreement;

    g) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the agreement applied;

    h) The effective date(s) of the agreement to allocate either overall market share or share of a particular customer's purchases;

    i) The geographic area to which the agreement to allocate either overall market share or share of a particular customer's purchases; and

    j) All evidence upon which You intend to rely to prove that an agreement to allocate either overall market share or share of a particular customer's purchases was reached (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**Response to Request No. 16:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp objects that this Interrogatory

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Special Master's Order Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3, 2010). Sharp objects to the Interrogatory on the grounds that it violates the Special Master's Report and Recommendation on the Defendants' Motion to Compel, dated August 18, 2014. Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Philips entity when all of the Philips entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of KPNV. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp also objects that this is a compound interrogatory consisting of ten distinct subparts, each of which is a separate interrogatory, and therefore is overbroad and unduly burdensome. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1    Subject to and without waiving the foregoing objections, Sharp states that the response to

2    this Interrogatory may include the transactional data and documents produced by defendants, co-

3    conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

4    responsive to this Interrogatory from review of the documents and data identified in this response

5    is substantially the same for either Sharp or KPNV.  Sharp further states that information

6    responsive to this Interrogatory is contained in the following, which are incorporated here by

7    reference:

8    • Exhibit A to these Responses;

9    • Attachment A to these Responses;

10   • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

11      materials;

12   • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

13      materials;

14   • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

15      accompanying materials;

16   • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

17   • Korean Fair Trade Commission Report on the CRT Conspiracy;

18   • The European Commission Report on the CRT Conspiracy;

19   • Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First

20      Set of Interrogatories, No. 5 (February 10, 2012);

21   • Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to

22      Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12,

23      2013);

24   • Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser

25      Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

26   • Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct

27      Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014); and

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Request No. 17:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 12 and 13, Identify all Evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to allocate customers, as alleged in paragraph 176(ix) of the Complaint, including:

    a)  All persons with knowledge suggesting that an agreement to allocate customers;

    b)  The date of each meeting or competitor communication which You contend resulted in an agreement to allocate customers;

    c)  The location of each alleged meeting, if applicable;

    d)  The entities who you contend agreed to allocate customers;

    e)  The names of the individuals that You contend participated in each meeting or competitor communication;

    f)  The date of the agreement;

    g)  The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the agreement applied;

    h)  The effective date(s) of the agreement to allocate customers;

    i)  The geographic area to which the agreement to allocate customers; and

    j)  All evidence upon which You intend to rely to prove that an agreement to allocate customers was reached (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**Response to Request No. 17:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1    burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other

2    discovery propounded in this case, and is therefore in violation of the Special Master's Order

3    Regarding Individual Action Plaintiffs and Case Management (MDL Dkt. No. 1727, May 3,

4    2010). Sharp objects to the Interrogatory on the grounds that it violates the Special Master's

5    Report and Recommendation on the Defendants' Motion to Compel, dated August 18, 2014.

6    Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to

7    a specific Philips entity when all of the Philips entities named as defendants were owned and

8    controlled and acted pursuant to the overall strategy and direction of KPNV. Sharp also objects to

9    this Interrogatory on the grounds that it seeks, in contravention to well-established legal

10   principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at

11   it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699

12   (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir.

13   1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly

14   liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance

15   of the conspiracy is, in law, the action of all. *Id.* Sharp further objects to the extent this request

16   calls for expert testimony. Sharp also objects to the extent that this request calls for information

17   that is covered by attorney-client privilege or the work product protection. Sharp also objects that

18   this is a compound interrogatory consisting of ten distinct subparts, each of which is a separate

19   interrogatory, and therefore is overbroad and unduly burdensome. Sharp further states that it has

20   not completed its discovery and preparation in this matter and that its investigation of the case is

21   ongoing, and Sharp reserves its right to supplement or amend its response to this Request

22   consistent with Federal Rule of Civil Procedure 26(e).

23         Subject to and without waiving the foregoing objections, Sharp states that the response to

24   this Interrogatory may include the transactional data and documents produced by defendants, co-

25   conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

26   responsive to this Interrogatory from review of the documents and data identified in this response

27   is substantially the same for either Sharp or KPNV.  Sharp further states that information

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;

- Attachment A to these Responses;

- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  • Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for
2     Admission (November 25, 2013);

3  • Toshiba America Electronic Components, Inc.'s Supplemental Objections and
4     Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of
5     Interrogatories (February 10, 2012);

6  • Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos.
7     4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

8  • Sharp's Responses to Thomson SA and Thomson Consumer's First Set of
9     Interrogatories, Nos. 2 & 8 (July 10, 2014);

10 • Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG
11    Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to
12    those Responses (July 28, 2014);

13 • Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of
14    Interrogatories to Sharp (August 4, 2014);

15 • Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4,
16    2014);

17 • Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of
18    Interrogatories to Sharp (August 4, 2014);

19 • Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August
20    4, 2014); and

21 • Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp
22    (August 4, 2014).