# EXHIBIT 20

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com


Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-5944-SC<br>MDL NO.: 1917 |
| This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 3:13-cv-01173-SC<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al.,* No. 3:13-cv-02776-SC | **RESPONSE TO TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S FIRST SET OF INTERROGATORIES TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**PROPOUNDING PARTY:** Toshiba America Information Systems, Inc.

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the Northern District of California, Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp") hereby respond to Defendant Toshiba America Information Systems, Inc.'s ("TAIS") First Set of Interrogatories dated August 1, 2014 (the "Interrogatories") as follows:

## **<u>GENERAL OBJECTIONS</u>**

The following general objections ("General Objections") are incorporated in Sharp's responses ("Responses") to each and every interrogatory contained in the Interrogatories. No Response to any interrogatory shall be deemed a waiver of Sharp's General Objections.

1. Sharp objects to the Interrogatories and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2. Sharp objects to the Interrogatories on the grounds that they are improperly being used as a discovery device, are oppressive, unduly burdensome and violate the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

3. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from public sources.

4. Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from others.

5. Sharp objects to the Interrogatories to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

evidence.  Further, these Responses and Objections are without prejudice to, and not a waiver of, Sharp's right to contend at trial or otherwise in this action that such information is irrelevant, immaterial, inadmissible, or not a proper basis for discovery, nor any objection by Sharp to any future use of such information.

6.      Sharp objects to the Interrogatories to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

7.      Sharp objects to the Interrogatories to the extent that they seek or call for information not in Sharp's possession, custody, or control.

8.      Documents produced by Sharp in this litigation shall be deemed produced in response to these Interrogatories, subject to the Responses and Objections contained herein.  The burden of identifying specific information or documents responsive to these Interrogatories from documents produced in the course of this litigation is substantially the same for either party, and Sharp is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

9.      Sharp objects to the Interrogatories to the extent that they seek or call for information or documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

10.     Sharp objects to the Interrogatories to the extent that they are duplicative and/or cumulative, either internally of themselves or of discovery previously propounded to Sharp by other defendants in this matter.  Each such Interrogatory violates Section XV, subsections D and E, of the Court's "Order Re Discovery and Case Management Protocol," entered on April 3, 2012.  Order Re: Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC, MDL No. 1917 (N.D. Cal. Apr. 3, 2012) (MDL Dkt. No. 1128).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

11.     Sharp objects to the Interrogatories to the extent that they call for expert testimony and states that Sharp will provide expert disclosures as provided by the Federal Rules of Civil Procedure and the orders of the Court.

12.     Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

13.     Sharp objects to the Interrogatories to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions.  Such Interrogatories are premature, Sharp has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Sharp.  Further investigation and discovery may result in the identification of additional information or contentions, and Sharp reserves the right to supplement and modify its responses.  Sharp's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Sharp's use of any additional evidence that may be developed.

14.     Sharp objects to, and expressly disclaims, any need or intent to prove any facts listed herein as a prerequisite to proving its claims at trial.

15.     Sharp reserves its right to try its case as it determines is best at trial.  This includes by not using facts or information stated herein or using facts or information in addition to those stated therein.

16.     Sharp's responses will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

17.     Sharp objects to the Interrogatories to the extent they contain any incidental or implied admission of fact or law.  Sharp's responses to all or any part of any Interrogatory should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Sharp accepts or admits an express or implied assumption of fact set forth in or assumed by the Interrogatory; (ii) Sharp accepts or admits any express or implied assumption of law set forth in or assumed by the Interrogatory; (iii) Sharp has in its possession, custody or control documents or information

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

responsive to that Interrogatory; or (iv) documents or information responsive to that Interrogatory exist.

18.     Sharp reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs provide in response to these Interrogatories.

19.     Sharp objects to the extent the Interrogatories misrepresent Sharp's allegations and the opinions expressed by Sharp's expert(s) in this case.

20.     Sharp objects to Definition A because the construction of "all" to include "all, each, any, and every" and is vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.

21.     Sharp objects to Definition B because the construction of "and" to include "or" and vice versa is vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.  Sharp uses "and" and "or" according to their ordinary meanings.

22.     Sharp objects to Definition G to the extent that it mischaracterizes Sharp's Complaint. Sharp interprets the term "CRTs" as defined in its complaint as "CPTs and CDTs of all sizes."

23.     Sharp objects to Definition H to the extent that it mischaracterizes and is inconsistent with the definition of CRT Products in the Complaint.

24.     Sharp objects to Definition I as vague, ambiguous, and unreasonably broad and, depending upon Defendant's meaning may be potentially calling for a legal conclusion.  Sharp also objects to Definition I to the extent that it calls for documents that are subject to the attorney-client privilege, the work-product doctrine, other applicable privilege, or are not in Sharp's possession, custody or control.

25.     Sharp objects to Definition K because it is overly broad, unduly burdensome, and oppressive insofar as it requires that Sharp identify and locate numerous individuals involved in thousands of discrete purchases made over the course of more than 12 years, dating back to 1995. Sharp also objects to Definition K with respect to identifying persons and identifying events or

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

occurrences to the extent that it calls for information beyond Sharp's possession, custody or control.

26.     Sharp objects to definition FF as overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to the Interrogatories directed to "You" or "Your" Sharp will respond for the Plaintiffs SEC and SEMA and persons acting on their behalf.

27.     Sharp objects to Definition GG because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.  Sharp refers to singular and plural nouns according to their ordinary meanings.

28.     Sharp objects to Definition HH because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.  Sharp uses the present and past tenses according to their ordinary meanings.

29.     Sharp objects to Instruction 1 to the extent that it calls for information that is the subject of the attorney-client privilege, the work-product doctrine, or any other applicable privilege, or is not in Plaintiffs' possession, custody or control.

30.     Sharp objects to Instruction 8 as overbroad and unduly burdensome.  Sharp uses the term "identify" according to its ordinary meaning.

## RESPONSES TO INTERROGATORIES

**Request No. 1:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Chunghwa PT and Chunghwa Malaysia each participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

**Response to Request No. 1:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects

that this Interrogatory improperly requires Sharp to marshal evidence in support of its case,

including all testimony, in responses to written discovery, but particularly while discovery is

ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial

information.  Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature,

and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete

record and review and analyze all information obtained in discovery thus far at this stage of this

litigation.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and

duplicative of other discovery propounded in this case.  Sharp also objects to this Interrogatory on

the grounds that it seeks, in contravention to well-established legal principles, to dismember the

overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

*Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

*Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

*States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because

Defendants and co-conspirators concealed the conspiracy by various means and methods,

including concealing the existence and nature of their conspiratorial activities and issuing regular

instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

calls for information that is covered by attorney-client privilege or the work-product protection.

Sharp further states that it has not completed its discovery and preparation in this matter and that

its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to

this Interrogatory may include the transactional data and documents produced by defendants, co-

conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or TAIS.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- Deposition of C.C. Liu (February 19-21, 2013);
- Deposition of J.S. Lu (February 27-28, 2013);
- Deposition of S.J. Yang (February 22-26, 2013);
- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Korean Fair Trade Commission Report on the CRT Conspiracy;
- The European Commission Report on the CRT Conspiracy;
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);
- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);
- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);
- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Orion, Orion Engineering, and Domex each participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

**Response to Request No. 2:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

2  *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

3  *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

4  *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

5  co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

6  law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because

7  Defendants and co-conspirators concealed the conspiracy by various means and methods,

8  including concealing the existence and nature of their conspiratorial activities and issuing regular

9  instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

10  the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

11  calls for information that is covered by attorney-client privilege or the work-product protection.

12  Sharp further states that it has not completed its discovery and preparation in this matter and that

13  its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

14  response to this Request consistent with Federal Rule of Civil Procedure 26(e).

15  Subject to and without waiving the foregoing objections, Sharp states that the response to

16  this Interrogatory may include the transactional data and documents produced by defendants, co-

17  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

18  responsive to this Interrogatory from review of the documents and data identified in this response

19  is substantially the same for either Sharp or TAIS.  Sharp further states that information

20  responsive to this Interrogatory is contained in the following, which are incorporated here by

21  reference:

22  • Exhibit A to these Responses;

23  • Attachment A to these Responses;

24  • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

25  materials;

26  • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

27  materials;

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 3:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that IGC, IGE, and IDDC each participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Response to Request No. 3:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work-product protection.  Sharp further states that it has not completed its discovery and preparation in this matter and that

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

2   response to this Request consistent with Federal Rule of Civil Procedure 26(e).

3        Subject to and without waiving the foregoing objections, Sharp states that the response to

4   this Interrogatory may include the transactional data and documents produced by defendants, co-

5   conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

6   responsive to this Interrogatory from review of the documents and data identified in this response

7   is substantially the same for either Sharp or TAIS.  Sharp further states that information

8   responsive to this Interrogatory is contained in the following, which are incorporated here by

9   reference:

10  - Exhibit A to these Responses;

11  - Attachment A to these Responses;

12  - the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

13    materials;

14  - the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

15    materials;

16  - the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

17    accompanying materials;

18  - Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

19  - Korean Fair Trade Commission Report on the CRT Conspiracy;

20  - The European Commission Report on the CRT Conspiracy;

21  - Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First

22    Set of Interrogatories, No. 5 (February 10, 2012);

23  - Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to

24    Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12,

25    2013);

26  - Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser

27    Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 4:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that LG Electronics Taiwan participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

**Response to Request No. 4:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   duplicative of other discovery propounded in this case.  Sharp also objects to this Interrogatory on

2   the grounds that it seeks, in contravention to well-established legal principles, to dismember the

3   overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

4   *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

5   *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

6   *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

7   co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

8   law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because

9   Defendants and co-conspirators concealed the conspiracy by various means and methods,

10   including concealing the existence and nature of their conspiratorial activities and issuing regular

11   instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

12   the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

13   calls for information that is covered by attorney-client privilege or the work-product protection.

14   Sharp further states that it has not completed its discovery and preparation in this matter and that

15   its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

16   response to this Request consistent with Federal Rule of Civil Procedure 26(e).

17           Subject to and without waiving the foregoing objections, Sharp states that the response to

18   this Interrogatory may include the transactional data and documents produced by defendants, co-

19   conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

20   responsive to this Interrogatory from review of the documents and data identified in this response

21   is substantially the same for either Sharp or TAIS.  Sharp further states that information

22   responsive to this Interrogatory is contained in the following, which are incorporated here by

23   reference:

24   •   Exhibit A to these Responses;

25   •   Attachment A to these Responses;

26   •   the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

27       materials;

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 5:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that LG.Philips Displays, LG.Philips Shuguang, LG.Philips Singapore, and PT.LP Indonesia

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

**Response to Request No. 5:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities. Sharp further objects to the extent this request calls for expert testimony. Sharp also objects to the extent that this request

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

calls for information that is covered by attorney-client privilege or the work-product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or TAIS.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Korean Fair Trade Commission Report on the CRT Conspiracy;
- The European Commission Report on the CRT Conspiracy;
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);
- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 6:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Mitsubishi Electric Japan, Mitsubishi Electric USA, Mitsubishi Digital participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 46 of the Complaint.

**Response to Request No. 6:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  litigation.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous,

2  overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and

3  duplicative of other discovery propounded in this case.  Sharp also objects to this Interrogatory on

4  the grounds that it seeks, in contravention to well-established legal principles, to dismember the

5  overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

6  *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

7  *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

8  *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

9  co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

10  law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because

11  Defendants and co-conspirators concealed the conspiracy by various means and methods,

12  including concealing the existence and nature of their conspiratorial activities and issuing regular

13  instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

14  the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

15  calls for information that is covered by attorney-client privilege or the work-product protection.

16  Sharp further states that it has not completed its discovery and preparation in this matter and that

17  its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

18  response to this Request consistent with Federal Rule of Civil Procedure 26(e).

19  Subject to and without waiving the foregoing objections, Sharp states that the response to

20  this Interrogatory may include the transactional data and documents produced by defendants, co-

21  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

22  responsive to this Interrogatory from review of the documents and data identified in this response

23  is substantially the same for either Sharp or TAIS.  Sharp further states that information

24  responsive to this Interrogatory is contained in the following, which are incorporated here by

25  reference:

26  •  Exhibit A to these Responses;

27  •  Attachment A to these Responses;

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Request No. 7:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that MTPD America participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

**Response to Request No. 7:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   Defendants and co-conspirators concealed the conspiracy by various means and methods,

2   including concealing the existence and nature of their conspiratorial activities and issuing regular

3   instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

4   the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

5   calls for information that is covered by attorney-client privilege or the work-product protection.

6   Sharp further states that it has not completed its discovery and preparation in this matter and that

7   its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

8   response to this Request consistent with Federal Rule of Civil Procedure 26(e).

9         Subject to and without waiving the foregoing objections, Sharp states that the response to

10   this Interrogatory may include the transactional data and documents produced by defendants, co-

11   conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

12   responsive to this Interrogatory from review of the documents and data identified in this response

13   is substantially the same for either Sharp or TAIS.  Sharp further states that information

14   responsive to this Interrogatory is contained in the following, which are incorporated here by

15   reference:

16   • Exhibit A to these Responses;

17   • Attachment A to these Responses;

18   • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

19        materials;

20   • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

21        materials;

22   • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

23        accompanying materials;

24   • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

25   • Korean Fair Trade Commission Report on the CRT Conspiracy;

26   • The European Commission Report on the CRT Conspiracy;

27   • Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First

28        Set of Interrogatories, No. 5 (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 8:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Samsung Elektronische Bauelemente participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

**Response to Request No. 8:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete

record and review and analyze all information obtained in discovery thus far at this stage of this

litigation.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and

duplicative of other discovery propounded in this case.  Sharp also objects to this Interrogatory on

the grounds that it seeks, in contravention to well-established legal principles, to dismember the

overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See

Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel

Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United

States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because

Defendants and co-conspirators concealed the conspiracy by various means and methods,

including concealing the existence and nature of their conspiratorial activities and issuing regular

instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

calls for information that is covered by attorney-client privilege or the work-product protection.

Sharp further states that it has not completed its discovery and preparation in this matter and that

its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to

this Interrogatory may include the transactional data and documents produced by defendants, co-

conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

responsive to this Interrogatory from review of the documents and data identified in this response

is substantially the same for either Sharp or TAIS.  Sharp further states that information

responsive to this Interrogatory is contained in the following, which are incorporated here by

reference:

- Exhibit A to these Responses;

- Attachment A to these Responses;

- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Request No. 9:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Samtel participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

**Response to Request No. 9:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work-product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or TAIS.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Korean Fair Trade Commission Report on the CRT Conspiracy;
- The European Commission Report on the CRT Conspiracy;
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 10:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Technologies Displays Mexicana participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

**Response to Request No. 10:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete

record and review and analyze all information obtained in discovery thus far at this stage of this

litigation.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous,

overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and

duplicative of other discovery propounded in this case.  Sharp also objects to this Interrogatory on

the grounds that it seeks, in contravention to well-established legal principles, to dismember the

overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

*Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

*Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

*States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because

Defendants and co-conspirators concealed the conspiracy by various means and methods,

including concealing the existence and nature of their conspiratorial activities and issuing regular

instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

calls for information that is covered by attorney-client privilege or the work-product protection.

Sharp further states that it has not completed its discovery and preparation in this matter and that

its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to

this Interrogatory may include the transactional data and documents produced by defendants, co-

conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

responsive to this Interrogatory from review of the documents and data identified in this response

is substantially the same for either Sharp or TAIS.  Sharp further states that information

responsive to this Interrogatory is contained in the following, which are incorporated here by

reference:

- Exhibit A to these Responses;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Attachment A to these Responses;

- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1     •   Toshiba America Electronic Components, Inc.'s Supplemental Objections and
2        Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of
3        Interrogatories (February 10, 2012);

4     •   Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos.
5        4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

6     •   Sharp's Responses to Thomson SA and Thomson Consumer's First Set of
7        Interrogatories, Nos. 2 & 8 (July 10, 2014);

8     •   Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG
9        Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to
10       those Responses (July 28, 2014);

11     •   Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of
12       Interrogatories to Sharp (August 4, 2014);

13     •   Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4,
14       2014);

15     •   Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of
16       Interrogatories to Sharp (August 4, 2014);

17     •   Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August
18       4, 2014);

19     •   Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp
20       (August 4, 2014);

21     •   Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp
22       (August 21, 2014);

23     •   Sharp's Response to Panasonic Corporation of North America's First Set of
24       Interrogatories to Sharp (August 21, 2014); and

25     •   Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp
26       (August 25, 2014).

27

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Request No. 11:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Thai CRT participated as a co-conspirator in the violations alleged and "may have performed acts and made statements in furtherance thereof," as alleged in paragraph 79 of the Amended Complaint.

**Response to Request No. 11:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work-product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Request consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or TAIS.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Korean Fair Trade Commission Report on the CRT Conspiracy;
- The European Commission Report on the CRT Conspiracy;
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);
- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and
- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 12:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Chunghwa PT "manufactured, sold and/or distributed CRT products either directly or through its subsidiaries or affiliates (such as Fuzhou subsidiary) throughout the United States," as alleged in paragraph 94 of the Amended Complaint.

**Response to Request No. 12:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Accordingly, Sharp objects to this Interrogatory on the grounds that it is premature,