**EXHIBIT 22**

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc*.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp, et al. v. Hitachi Ltd, et al.* | **RESPONSE TO TIANJIN SAMSUNG SDI CO., LTD'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

**PROPOUNDING PARTY:** Defendant Tianjin Samsung SDI Co., Ltd.

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** One

*Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360-1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Sharp further objects to the extent this Interrogatory calls for expert testimony. Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp refers to its response to Interrogatory No. 1.

**Interrogatory No. 3:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 1 and 2, Identify All evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to fix "target prices, floor prices and prices ranges" for CRTs, as alleged in paragraph 253(b) of the Complaint, including:

   a)   All Persons with knowledge suggesting that an agreement to fix target prices, floor prices and prices ranges for CRTs was reached;

   b)   The date of each alleged meeting or competitor communication which You contend resulted in an agreement to fix target prices, floor prices and prices ranges for CRTs;

   c)   The location of each alleged meeting, if applicable;

   d)   The entities that You contend agreed to the target price, floor price or price range;

   e)   The names of the individuals that You contend participated in each meeting or competitor communication;

   f)   The date of the alleged agreement;

   g)   The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which You contend the target price, floor price or price range applied;

   h)   The effective date(s) of the alleged target price, floor price or price range;

   i)   The customer(s) to whom the alleged target price, floor price or price range applied;

- 12 -

  j)  The geographic area to which the alleged target price, floor price or price range applied; and

  k)  All evidence upon which You intend to rely to prove such target price, floor price or price range (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**Response to Interrogatory No. 3:**

  Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962);

*Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360-1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Moreover, Sharp contends that information exchanges between Defendants and co-conspirators affected prices and thus constitute an antitrust violation under the rule of reason, even in the absence of an express agreement to fix prices.  Sharp further objects to the extent this Interrogatory calls for expert testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp refers to its response to Interrogatory No. 1.

**Interrogatory No. 4:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 1 and 2, Identify all Evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to maintain or lower production capacity for CRTs, as alleged in paragraph 253(g) of the Complaint, including:

a) All persons with knowledge suggesting that an agreement to maintain or lower production capacity for CRTs was reached;

b) The date of each alleged meeting or competitor communication which You contend resulted in an agreement to maintain or lower production capacity for CRTs;

c) The location of each alleged meeting, if applicable;

d) The entities who You contend agreed to maintain or lower production capacity for CRTs;

e) The names of the individuals that You contend participated in each meeting or competitor communication;

f) The date of the alleged agreement;