# EXHIBIT 23

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Sharp Electronics Corp, et al. v. Hitachi Ltd, et al.* | Master File No. 3:07-cv-05944-SC<br>MDL No. 1917<br><br>**RESPONSE TO THOMSON SA'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

**PROPOUNDING PARTY:** Defendant Thomson SA (n/k/a Technicolor SA)

**RESPONDING PARTIES:** Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** Two

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Civil Rules of the Northern District of California, Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp") hereby respond to Defendant Thomson SA's Second Set of Interrogatories dated August 1, 2014 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Sharp's responses ("Responses") to each and every interrogatory contained in the Interrogatories. No Response to any interrogatory shall be deemed a waiver of Sharp's General Objections.

1.   Sharp objects to the Interrogatories and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2.   Sharp objects to the Interrogatories on the grounds that they are improperly being used as a discovery device, are oppressive, unduly burdensome and violate the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

3.   Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from public sources.

4.   Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant from others.

5.   Sharp objects to the Interrogatories to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.  Further, these Responses and Objections are without prejudice to, and not a waiver of, Sharp's right to contend at trial or otherwise in this action that such information is irrelevant, immaterial, inadmissible, or not a proper basis for discovery, nor any objection by Sharp to any future use of such information.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

6. Sharp objects to the Interrogatories to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

7. Sharp objects to the Interrogatories to the extent that they seek or call for information not in Sharp's possession, custody, or control.

8. Documents produced by Sharp in this litigation shall be deemed produced in response to these Interrogatories, subject to the Responses and Objections contained herein. The burden of identifying specific information or documents responsive to these Interrogatories from documents produced in the course of this litigation is substantially the same for either party, and Sharp is entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

9. Sharp objects to the Interrogatories to the extent that they seek or call for information or documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

10. Sharp objects to the Interrogatories to the extent that they are duplicative and/or cumulative, either internally of themselves or of discovery previously propounded to Sharp in this matter. Each such Interrogatory violates Section XV, subsections D and E, of the Court's "Order Re Discovery and Case Management Protocol," entered on April 3, 2012. Order Re: Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC, MDL No. 1917 (N.D. Cal. Apr. 3, 2012) (MDL Dkt. No. 1128).

11. Sharp objects to the Interrogatories, including the instructions and definitions, on the grounds that Sharp will incur substantial expense in complying with them.

12. Sharp objects to the Interrogatories to the extent that they call for expert testimony and states that Sharp will provide expert disclosures as provided by the Federal Rules of Civil Procedure and the orders of the court.

- 3 -

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

13. Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

14. Sharp objects to the Interrogatories to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions. Such Interrogatories are premature, particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters. Sharp has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing. These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Sharp. Further investigation and discovery may result in the identification of additional information or contentions, and Sharp reserves the right to supplement and modify its responses. Sharp's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Sharp's use of any additional evidence that may be developed.

15. Sharp objects to, and expressly disclaims, any need or intent to prove any facts listed herein as a prerequisite to proving its claims at trial.

16. Sharp reserves its right to try its case as it determines is best at trial. This includes by not using facts or information stated herein or using facts or information in addition to those stated therein.

17. Sharp's Responses will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

18. Sharp objects to the Interrogatories to the extent they contain any incidental or implied admission of fact or law. Sharp's Responses to all or any part of any Interrogatory should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Sharp accepts or admits an express or implied assumption of fact set forth in or assumed by the Interrogatory; (ii) Sharp accepts or admits any express or implied assumption of law set forth in or assumed by the Interrogatory; (iii) Sharp has in its possession, custody or control documents or information responsive to that Interrogatory; or (iv) documents or information responsive to that Interrogatory exist.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

19. Sharp reserves its right to object to and/or challenge any evidence on grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs provide in response to these Interrogatories.

20. Sharp objects to the extent the Interrogatories misrepresent Sharp's allegations and the opinions expressed by Sharp's expert(s) in this case.

21. Sharp objects to the definition of "You," "Your," and "Yourself" as overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. In responding to the Interrogatories directed to "You," "Your," or "Yourself" Sharp will respond for the Plaintiffs SEC and SEMA and persons acting on their behalf.

22. Sharp objects to the definition of "Documents" as vague, ambiguous, and unreasonably broad and, depending upon Defendant's meaning, potentially calling for a legal conclusion. Sharp also objects to the definition of "Documents" to the extent that it calls for documents that are subject to the attorney-client privilege, the work-product doctrine, other applicable privilege, or are not in Sharp's possession, custody or control.

23. Sharp objects to the definition of "Identify" because it is overly broad, unduly burdensome, and oppressive insofar as it requires that Sharp identify and locate numerous individuals involved in thousands of discrete purchases made over the course of more than 12 years, dating back to 1995. Sharp also objects to the definition of "Identify" with respect to identifying persons and identifying events or occurrences to the extent that it calls for information beyond Sharp's possession, custody or control.

24. Sharp objects to the construction of "and" and "or" disjunctively or conjunctively as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language. Sharp uses "and" and "or" according to their ordinary meanings.

25. Sharp objects to Definition No. 10 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language. Sharp uses singular and plural pronouns according to their ordinary meanings.

26.     Sharp objects to Definition No. 11 because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.  Sharp uses the present and past tenses according to their ordinary meanings.

27.     Sharp objects to the construction of "any" to include "all" and vice versa as vague, ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same language.  Sharp further objects to the definition of "any" as not reasonably limited in scope or time.  Sharp uses "any" and "all" according to their ordinary meanings.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:**

If You contend that the statute of limitations on the claims in Your Complaint were tolled under any tolling agreement between Thomson SA, Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) ("Thomson Consumer"), and the Direct Purchaser Plaintiffs in Case No. 3:07-cv-5944, MDL No. 1917, describe in detail and in narrative form (including by Identifying each Document, Person, or other evidentiary source that You rely upon) the factual basis for your contention, including:

   a.   The dates on which You contend tolling began and ended;

   b.   Any period during which You contend You were a member of the putative Direct Purchaser Plaintiff Class (the "Class"); and

   c.   Any communications with counsel for the Class, Defendants, or alleged Conspirators regarding your intention to opt out of the Class with regard to any settlement or litigation Class involving any Defendant or alleged Conspirator.

**Response to Interrogatory No. 1:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the claims in its complaint were tolled for a number of reasons, including those set forth in Sharp's

- 6 -

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014); and

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those responses (July 28, 2014).

**Interrogatory No. 5:**

Separately Identify each meeting or communication with a competitor or competitors, including the Thomson SA employee(s) associated with each meeting or communication, in which You contend Thomson SA participated between 1995 and 2005, as alleged in paragraph 196 of the Complaint, including but not limited to the meetings alleged in paragraphs 196 and 197.

**Response to Interrogatory No. 5:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently,

- 14 -

RESPONSE TO THOMSON SA'S SECOND
SET OF INTERROGATORIES TO SHARP

MASTER FILE NO. 3:07-cv-05944-SC

and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360-1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Moreover, Sharp contends that information exchanges between Defendants and co-conspirators affected prices and thus constitute an antitrust violation under the rule of reason, even in the absence of an express agreement to fix prices. Sharp further objects to the extent this Interrogatory calls for expert testimony. Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that

- 15 -

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by Defendants, co-conspirators, and third parties in MDL No. 1917. The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or Thomson SA.

Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Exhibit B to these Responses;
- The public filings and other evidence described in Sharp's Second Amended Complaint;
- The transcript of and exhibits introduced during the deposition of James P. Hanrahan, August 27, 2014;
- The transcript of and exhibits introduced during the deposition of Jacquelyn Taylor-Boggs, August 29, 2014;
- The transcript of and exhibits introduced during the deposition of Alex Hepburn, September 3, 2014;
- The transcript of and exhibits introduced during the deposition of Jack Brunk, September 5, 2014;
- The transcript of and exhibits introduced during the deposition of Shinichi Iwamoto, February 7-8, 2013;
- The transcript of and exhibits introduced during the deposition of Masaki Sanogawaya, July 31, 2013;
- The transcript of and exhibits introduced during the deposition of Nobuaki Ito, May 22-24, 2013;
- The transcript of and exhibits introduced during the deposition of Patrick Canavan, January 30-31, 2014;

- 16 -

- The transcript of and exhibits introduced during the deposition of Robert O'Brien, March 20-21, 2014;

- The transcript of and exhibits introduced during the deposition of Jae In Lee, July 24-26, 2013;

- The transcript of and exhibits introduced during the deposition of Michael Son, February 5-6, 2013;

- The transcript of and exhibits introduced during the deposition of Woong Rae Kim, July 1-3, 2014;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014); and

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those responses (July 28, 2014).

**Interrogatory No. 6:**

Separately Identify each meeting or communication with a competitor or competitors, including the Thomson Consumer employee(s) associated with each meeting or communication, in which You contend Thomson Consumer participated between 1995 and 2005, as alleged in paragraph 197 of the Complaint, including but not limited to the meetings alleged in paragraphs 196 and 197.

**Response to Interrogatory No. 6:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

discovery propounded in this case. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360-1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Moreover, Sharp contends that information exchanges between Defendants and co-conspirators affected prices and thus constitute an antitrust violation under the rule of reason, even in the absence of an express agreement to fix prices. Sharp further objects to the extent this Interrogatory calls for expert testimony. Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp refers to its response to Interrogatory No. 5.

**Interrogatory No. 7:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 5 and 6, Identify All evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to fix "target prices, floor prices and prices ranges" for CRTs, as alleged in paragraph 253(b) of the Complaint, including:

a) All Persons with knowledge suggesting that an agreement to fix target prices, floor prices and prices ranges for CRTs was reached;

b) The date of each meeting or competitor communication which You contend resulted in an agreement to fix target prices, floor prices and prices ranges for CRTs;

c) The location of each alleged meeting, if applicable;

d) The entities that you contend agreed to the target price, floor price or price

e) The names of the individuals that You contend participated in each meeting or competitor communication;

- 20 -
RESPONSE TO THOMSON SA'S SECOND
SET OF INTERROGATORIES TO SHARP

MASTER FILE NO. 3:07-cv-05944-SC

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

|   |   |   |
|---|---|---|
| f) | The date of the agreement; |
| g) | The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the target price, floor price or price range applied; |
| h) | The effective date(s) of the target price, floor price or price range; |
| i) | The customer(s) to whom the target price, floor price or price range applied; |
| j) | The geographic area to which the target price, floor price or price range applied; and |
| k) | All evidence upon which You intend to rely to prove such target price, floor price or price range (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention). |

**Response to Interrogatory No. 7:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case. Sharp also objects to this Interrogatory on the grounds that it

seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360-1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Moreover, Sharp contends that information exchanges between Defendants and co-conspirators affected prices and thus constitute an antitrust violation under the rule of reason, even in the absence of an express agreement to fix prices. Sharp further objects to the extent this Interrogatory calls for expert testimony. Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp refers to its response to Interrogatory No. 5.

**Interrogatory No. 8:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 5 and 6, Identify all Evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to maintain or lower production capacity for CRTs, as alleged in paragraph 253(g) of the Complaint, including:

a) All persons with knowledge suggesting that an agreement to maintain or lower production capacity for CRTs was reached;

b) The date of each meeting or competitor communication which You contend resulted in an agreement to maintain or lower production capacity for CRTs;

c) The location of each alleged meeting, if applicable;

d) The entities who you contend agreed to maintain or lower production capacity for CRTs;

e) The names of the individuals that You contend participated in each meeting or competitor communication;

f) The date of the agreement;

g) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the agreement applied;

h) The effective date(s) of the agreement to maintain or lower production capacity for CRTs;

i) The geographic area to which the agreement to maintain or lower production capacity for CRTs applied; and

j) All evidence upon which You intend to rely to prove that an agreement to maintain or lower production capacity for CRTs was reached (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**Response to Interrogatory No. 8:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy

to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360-1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Moreover, Sharp contends that information exchanges between Defendants and co-conspirators affected prices and thus constitute an antitrust violation under the rule of reason, even in the absence of an express agreement to fix prices. Sharp further objects to the extent this Interrogatory calls for expert testimony. Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp refers to its response to Interrogatory No. 5.

**Interrogatory No. 9:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 5 and 6, Identify all Evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to allocate either overall market shares or share of a particular customer's purchases, as alleged in paragraph 173(i) of the Complaint, including:

a) All persons with knowledge suggesting that an agreement to allocate either overall market share or share of a particular customer's purchases;

b) The date of each meeting or competitor communication which You contend resulted in an agreement to allocate either overall market share or share of a particular customer's purchases;

c) The location of each alleged meeting, if applicable;

d) The entities who you contend agreed to allocate either overall market share or share of a particular customer's purchases;

e) The names of the individuals that You contend participated in each meeting or competitor communication;

f) The date of the agreement;

- 24 -

RESPONSE TO THOMSON SA'S SECOND
SET OF INTERROGATORIES TO SHARP

MASTER FILE NO. 3:07-cv-05944-SC

g) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the agreement applied;

h) The effective date(s) of the agreement to allocate either overall market share or share of a particular customer's purchases;

i) The geographic area to which the agreement to allocate either overall market share or share of a particular customer's purchases; and

j) All evidence upon which You intend to rely to prove that an agreement to allocate either overall market share or share of a particular customer's purchases was reached (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**Response to Interrogatory No. 9:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, particularly insofar as Thomson SA has, to this point, refused to produce a single document from France, the site of its headquarters. Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions. Sharp objects that this Interrogatory improperly requires Sharp to marshal all evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities. Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case. Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy

to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360-1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.* Moreover, Sharp contends that information exchanges between Defendants and co-conspirators affected prices and thus constitute an antitrust violation under the rule of reason, even in the absence of an express agreement to fix prices. Sharp further objects to the extent this Interrogatory calls for expert testimony. Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

      Subject to and without waiving the foregoing objections, Sharp refers to its response to Interrogatory No. 5.