# EXHIBIT 24

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com


Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.: 3:07-cv-5944-SC<br>MDL NO.: 1917 |
| | Case No. 13-cv-01173 SC<br>Case No. 13-cv-02776 SC |
| This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al.* | **RESPONSE TO PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S FIRST SET OF INTERROGATORIES TO SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.** |

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**PROPOUNDING PARTY:** Defendant Philips Electronics North America Corporation

**RESPONDING PARTIES:** Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

**SET NO:** One

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules of the Northern District of California, Plaintiffs Sharp Electronics Corporation ("SEC") and Sharp Electronics Manufacturing Company of America, Inc. ("SEMA") (collectively, "Sharp") hereby respond to Defendant Philips Electronics North America Corporation's ("PENAC") First Set of Interrogatories, dated August 1, 2014 (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Sharp's responses ("Responses") to each and every interrogatory contained in the Interrogatories. No Response to any interrogatory shall be deemed a waiver of Sharp's General Objections.

1.      Sharp objects to the Interrogatories and the instructions therein to the extent that they seek to impose obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of the Court.

2.      Sharp objects to the Interrogatories on the grounds that they are improperly being used as a discovery device, are oppressive, unduly burdensome and violate the rule of proportionality embodied in Federal Rule of Civil Procedure 26(b)(2)(C).

3.      Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from public sources.

4.      Sharp objects to the Interrogatories to the extent that they seek or call for information that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5.      Sharp objects to the Interrogatories to the extent that they seek information that is neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  evidence.  Further, these Responses and Objections are without prejudice to, and not a waiver of,

2  Sharp's right to contend at trial or otherwise in this action that such information is irrelevant,

3  immaterial, inadmissible, or not a proper basis for discovery, nor any objection by Sharp to any

4  future use of such information.

5  6.      Sharp objects to the Interrogatories to the extent that they are unintelligible, vague,

6  ambiguous, overly broad, unduly burdensome, and oppressive.

7  7.      Sharp objects to the Interrogatories to the extent that they seek or call for information not

8  in Sharp's possession, custody, or control.

9  8.      Documents produced by Sharp in this litigation shall be deemed produced in response to

10  these Interrogatories, subject to the Responses and Objections contained herein.  The burden of

11  identifying specific information or documents responsive to these Interrogatories from documents

12  produced in the course of this litigation is substantially the same for either party, and Sharp is

13  entitled to elect the option to produce business records pursuant to Rule 33(d) of the Federal

14  Rules of Civil Procedure.

15  9.      Sharp objects to the Interrogatories to the extent that they seek or call for information or

16  documents protected from disclosure by the attorney-client privilege, the attorney work product

17  doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any

18  information disclosed pursuant to the Interrogatories will be disclosed without waiving, but on the

19  contrary reserving and intending to reserve, each of these privileges, protections, or immunities.

20  Any accidental disclosure of privileged information or material shall not be deemed a waiver of

21  the applicable privilege, protection, or immunity.

22  10.     Sharp objects to the Interrogatories to the extent that they are duplicative and/or

23  cumulative, either internally of themselves or of discovery previously propounded to Sharp by

24  other defendants in this matter.  Each such Interrogatory violates Section XV, subsections D and

25  E, of the Court's "Order Re: Discovery and Case Management Protocol," entered on April 3,

26  2012.  Order Re: Discovery and Case Management Protocol, *In re Cathode Ray Tube Antitrust*

27  *Litigation*, Case No. 07-cv-05944-SC, MDL No. 1917 (N.D. Cal. Apr. 3, 2012) (MDL Dkt. No.

28  1128).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

11.     Sharp objects to the Interrogatories to the extent they violate orders of the Court or the Special Master in this case, including the Special Master's Report and Recommendation on the Defendants' Motion to Compel, dated August 18, 2014.

12.     Sharp objects to the Interrogatories to the extent that they call for expert testimony and states that Sharp will provide expert disclosures as provided by the Federal Rules of Civil Procedure and the orders of the Court.

13.     Sharp objects to the Interrogatories to the extent that they call for speculation or call for a conclusion on an issue of law.

14.     Sharp objects to the Interrogatories to the extent they seek information about contentions or call for all evidence or all information in support of allegations or contentions.  Such Interrogatories are premature; Sharp has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Sharp.  Further investigation and discovery may result in the identification of additional information or contentions, and Sharp reserves the right to supplement and modify its responses.  Sharp's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Sharp's use of any additional evidence that may be developed.

15.     Sharp objects to, and expressly disclaims, any need or intent to prove any facts listed herein as a prerequisite to proving its claims at trial.

16.     Sharp reserves its right to try its case as it determines is best at trial.  This includes by not using facts or information stated herein or using facts or information in addition to those stated herein.

17.     Sharp's responses will be subject to the Stipulated Protective Order entered in this action (MDL Dkt. No. 306).

18.     Sharp objects to the Interrogatories to the extent they contain any incidental or implied admission of fact or law. Sharp's responses to all or any part of any Interrogatory should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Sharp accepts or

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1 admits an express or implied assumption of fact set forth in or assumed by the Interrogatory; (ii)

2 Sharp accepts or admits any express or implied assumption of law set forth in or assumed by the

3 Interrogatory; (iii) Sharp has in its possession, custody or control documents or information

4 responsive to that Interrogatory; or (iv) documents or information responsive to that Interrogatory

5 exist.

6 19.      Sharp reserves its right to object to and/or challenge any evidence on grounds of

7 competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or

8 proceeding with respect to any admissions sought by the Interrogatories and all answers Plaintiffs

9 provide in response to these Interrogatories.

10 20.      Sharp objects to the Interrogatories to the extent that they are compound and/or contain

11 discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

12 21.      Sharp objects to Definition A because the construction of "All" to include "all, each, any,

13 and every" is vague, ambiguous, and confusing, and likely to create multiple, contradictory

14 meanings from the same language.  Sharp further objects to the definition of "All" as not

15 reasonably limited in scope or time.  Sharp uses "all" according to its ordinary meaning.

16 22.      Sharp objects to Definition B because the construction of "'and' and 'or'" is vague,

17 ambiguous, and confusing, and likely to create multiple, contradictory meanings from the same

18 language.  Sharp uses "and" and "or" according to their ordinary meanings.

19 23.      Sharp objects to Definition H to the extent that it mischaracterizes and is inconsistent with

20 the definition in the Complaint.  For purposes of these responses only, Sharp shall use the term

21 "CRT Product(s)" to mean electronic devices containing CDTs (such as monitors) and containing

22 CPTs (such as televisions).

23 24.      Sharp objects to Definition I as vague, ambiguous, and unreasonably broad and,

24 depending upon Defendants' meaning, potentially calling for a legal conclusion.  Sharp also

25 objects to Definition I to the extent that it calls for documents that are subject to the attorney-

26 client privilege, the work product doctrine, other applicable privilege, or are not in Sharp's

27 possession, custody or control.

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

25.     Sharp objects to Definition L because it is overly broad, unduly burdensome, and oppressive insofar as it requires that Sharp identify and locate numerous individuals involved in thousands of discrete purchases made over the course of more than 12 years, dating back to 1995. Sharp also objects to Definition L with respect to identifying persons and identifying events or occurrences to the extent that it calls for information beyond Sharp's possession, custody or control.  Moreover, virtually all of the individuals responsive to these requests are current or former employees of PENAC or its affiliates and co-conspirators, and that information is therefore fully known to PENAC or is otherwise discoverable by less burdensome methods.

26.     Sharp objects to Definition FF as overly broad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.  In responding to the Interrogatories directed to "You" or "Your," Sharp will respond for the Plaintiffs SEC and SEMA and persons acting on their behalf.

27.     Sharp objects to Definition No. GG because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.  Sharp refers to singular and plural nouns according to their ordinary meanings.

28.     Sharp objects to Definition No. HH because it is vague, ambiguous, and confusing and likely to create multiple, contradictory meanings from the same language.  Sharp uses the present and past tenses according to their ordinary meanings.

29.     Sharp objects to Instruction No. 1 to the extent that it calls for information that is the subject of the attorney-client privilege, the work product doctrine, or any other applicable privilege, or is not in Plaintiffs' possession, custody or control.

## **RESPONSES TO INTERROGATORIES**

**Request No. 1:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that LGEI "dominated and/or controlled the finances, policies and affairs of LGETT relating to the antitrust violations alleged," as alleged in paragraph 80 of the Amended Complaint.

---

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Response to Request No. 1:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory on the grounds that it is vague and ambiguous because the acronyms "LGEI" and "LGETT" are not defined in the Interrogatories.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific LG entity when all of the LG entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of LG Electronics, Inc.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert testimony.  Sharp also objects to the

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917. The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC. Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- the transcript of and exhibits introduced during the deposition of Choong Ryul Park (July 9, 2012);
- the transcript of and exhibits introduced during the deposition of Mok Hyeon Seong (July 9, 2012);
- the transcript of and exhibits introduced during the deposition of Yun Sok Lee (July 11, 2012);
- the transcript of and exhibits introduced during the deposition of Kyung Tae Kwon (July 13, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the transcript of and exhibits introduced during the deposition of Pil Jae Lee (July 16-17, 2013);

- the transcript of and exhibits introduced during the deposition of Jin Kang Chung (July 19-20, 2013);

- the transcript of and exhibits introduced during the deposition of Duk Chul Ryu (January 15-17, 2014); and

- LG Electronics, Inc. and LG Electronics U.S.A., Inc.'s Objections and Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014).

**Request No. 2:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that MTPD "dominated and/or controlled the finances, policies and affairs of MTPD relating to the antitrust violations alleged," as alleged in paragraph 81 of the Amended Complaint.

**Response to Request No. 2:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp objects to this Interrogatory on the grounds that it is unintelligible, vague, and ambiguous because it asks Sharp to describe the factual basis for an allegation that ***MTPD*** "dominated and/or controlled the finances, policies, and affairs of MTPD," which mischaracterizes the allegations in paragraph 81 of the Complaint.

**Request No. 3:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Samsung SDI Co., Ltd. "dominated and/or controlled the finances, policies and affairs of Samsung Elektronische Baulemente relating to the antitrust violations alleged," as alleged in paragraph 82 of the Amended Complaint.

**Response to Request No. 3:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   possession, custody, or control of Defendants, or that can equally or more readily, conveniently,

2   and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this

3   Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on

4   Sharp to state its entire case on an incomplete record and review and analyze all information

5   obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this

6   Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects

7   that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in

8   response to written discovery, but particularly while discovery is ongoing and in advance of the

9   applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects

10  to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome,

11  and oppressive, and on the grounds that it is cumulative and duplicative of other discovery

12  propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case

13  Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as

14  requiring the attribution of a particular action to a specific Samsung entity when all of the

15  Samsung entities named as co-conspirators were owned and controlled and acted pursuant to the

16  overall strategy and direction of Samsung SDI Co., Ltd.  Sharp also objects to this Interrogatory

17  on the grounds that it seeks, in contravention to well-established legal principles, to dismember

18  the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

19  *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

20  *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

21  *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

22  co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

23  law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert

24  testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is

25  covered by attorney-client privilege or the work product protection.  Sharp further states that it

26  has not completed its discovery and preparation in this matter and that its investigation of the case

27  is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory

28  consistent with Federal Rule of Civil Procedure 26(e).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;

- Attachment A to these Responses;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- the transcript of and exhibits introduced during the deposition of Jae In Lee (June 7, 2012; July 24-26, 2013);

- the transcript of and exhibits introduced during the deposition of In Hwan Song (December 12-14, 2012);

- the transcript of and exhibits introduced during the deposition of Dae Eui Lee (January 16-18, 2013);

- the transcript of and exhibits introduced during the deposition of Michael Son (February 5-6, 2013);

- the transcript of and exhibits introduced during the deposition of Hun Sul Chu (February 11-13, 2013);

- the transcript of and exhibits introduced during the deposition of Sang Kyu Park (March 20-22, 2013);

- the transcript of and exhibits introduced during the deposition of Deok-Yun Kim (March 27-29, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the transcript of and exhibits introduced during the deposition of Hoon Choi (June 19-21, 2013);

- the transcript of and exhibits introduced during the deposition of Jun Yeol Youn (September 11-12, 2013);

- the transcript of and exhibits introduced during the deposition of Kyung Chul Oh (November 19-22, 2013);

- the transcript of and exhibits introduced during the deposition of Sung Kook Sung (March 18-20, 2014);

- the transcript of and exhibits introduced during the deposition of W.R. Kim (July 2, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013); and

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013).

**Request No. 4:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that LG.Philips Displays Holding B.V. "dominated and/or controlled the finances, policies and affairs of LG.Philips Displays relating to the antitrust violations alleged," as alleged in paragraph 90 of the Amended Complaint.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Response to Request No. 4:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific LPD entity when all of the LPD entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of LG.Philips Displays.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- the transcript of and exhibits introduced during the deposition of Choong Ryul Park (July 9, 2012);
- the transcript of and exhibits introduced during the deposition of Mok Hyeon Seong (July 9, 2012);
- the transcript of and exhibits introduced during the deposition of Yun Sok Lee (July 11, 2012);
- the transcript of and exhibits introduced during the deposition of Kyung Tae Kwon (July 13, 2012);
- the transcript of and exhibits introduced during the deposition of Pil Jae Lee (July 16-17, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the transcript of and exhibits introduced during the deposition of Jin Kang Chung (July 19-20, 2013);

- the transcript of and exhibits introduced during the deposition of Duk Chul Ryu (January 15-17, 2014);

- the transcript of and exhibits introduced during the deposition of Roger de Moor (July 31-August 1, 2012);

- the transcript of and exhibits introduced during the deposition of Pil Jae Lee (July 16-17, 2013);

- the transcript of and exhibits introduced during the deposition of Jim Smith (December 12-13, 2013);

- the transcript of and exhibits introduced during the deposition of Wiebo Vaartjes (December 18-19, 2013);

- the transcript of and exhibits introduced during the deposition of Patrick Canavan (January 30-31, 2014);

- the transcript of and exhibits introduced during the deposition of Robert O'Brien (March 20-21, 2014);

- the transcript of and exhibits introduced during the deposition of Joseph Killen (May 15, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014); and

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Philips Electronics North America Corporation's Responses to Direct Action

    Plaintiffs' First Set of Interrogatories (July 10, 2014).

**Request No. 5:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that LG.Philips Displays Holding B.V. "dominated and/or controlled the finances, policies and affairs of LG.Philips Shuguang relating to the antitrust violations alleged," as alleged in paragraph 91 of the Amended Complaint.

**Response to Request No. 5:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific LPD entity when all of the LPD entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of LG.Philips Displays.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Deposition of Choong Ryul Park (July 9, 2012);
- Deposition of Mok Hyeon Seong (July 9, 2012);
- Deposition of Yun Sok Lee (July 11, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the transcript of and exhibits introduced during the deposition of Kyung Tae Kwon (July 13, 2012);

- the transcript of and exhibits introduced during the deposition of Pil Jae Lee (July 16-17, 2013);

- the transcript of and exhibits introduced during the deposition of Jin Kang Chung (July 19-20, 2013);

- the transcript of and exhibits introduced during the deposition of Duk Chul Ryu (January 15-17, 2014);

- the transcript of and exhibits introduced during the deposition of Roger de Moor (July 31-August 1, 2012);

- the transcript of and exhibits introduced during the deposition of Pil Jae Lee (July 16-17, 2013);

- the transcript of and exhibits introduced during the deposition of Jim Smith (December 12-13, 2013);

- the transcript of and exhibits introduced during the deposition of Wiebo Vaartjes (December 18-19, 2013);

- the transcript of and exhibits introduced during the deposition of Patrick Canavan (January 30-31, 2014);

- the transcript of and exhibits introduced during the deposition of Robert O'Brien (March 20-21, 2014);

- the transcript of and exhibits introduced during the deposition of Joseph Killen (May 15, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);
- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014); and
- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014).

**Request No. 6:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that LG.Philips "dominated and/or controlled the finances, policies and affairs of LG.Philips Singapore relating to the antitrust violations alleged," as alleged in paragraph 92 of the Amended Complaint.

**Response to Request No. 6:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   requiring the attribution of a particular action to a specific LPD entity when all of the LPD

2   entities named as co-conspirators were owned and controlled and acted pursuant to the overall

3   strategy and direction of LG.Philips Displays.  Sharp also objects to this Interrogatory on the

4   grounds that it seeks, in contravention to well-established legal principles, to dismember the

5   overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

6   *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

7   *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

8   *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

9   co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

10   law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert

11   testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is

12   covered by attorney-client privilege or the work product protection.  Sharp further states that it

13   has not completed its discovery and preparation in this matter and that its investigation of the case

14   is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory

15   consistent with Federal Rule of Civil Procedure 26(e).

16        Subject to and without waiving the foregoing objections, Sharp states that the response to

17   this Interrogatory may include the transactional data and documents produced by defendants, co-

18   conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

19   responsive to this Interrogatory from review of the documents and data identified in this response

20   is substantially the same for either Sharp or PENAC.  Sharp further states that information

21   responsive to this Interrogatory is contained in the following, which are incorporated here by

22   reference:

23        • Exhibit A to these Responses;

24        • Attachment A to these Responses;

25        • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

26          materials;

27        • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

28          accompanying materials;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- the transcript of and exhibits introduced during the deposition of Choong Ryul Park (July 9, 2012);

- the transcript of and exhibits introduced during the deposition of Mok Hyeon Seong (July 9, 2012);

- the transcript of and exhibits introduced during the deposition of Yun Sok Lee (July 11, 2012);

- the transcript of and exhibits introduced during the deposition of Kyung Tae Kwon (July 13, 2012);

- the transcript of and exhibits introduced during the deposition of Pil Jae Lee (July 16-17, 2013);

- the transcript of and exhibits introduced during the deposition of Jin Kang Chung (July 19-20, 2013);

- the transcript of and exhibits introduced during the deposition of Duk Chul Ryu (January 15-17, 2014);

- the transcript of and exhibits introduced during the deposition of Roger de Moor (July 31-August 1, 2012);

- the transcript of and exhibits introduced during the deposition of Pil Jae Lee (July 16-17, 2013);

- the transcript of and exhibits introduced during the deposition of Jim Smith (December 12-13, 2013);

- the transcript of and exhibits introduced during the deposition of Wiebo Vaartjes (December 18-19, 2013);

- the transcript of and exhibits introduced during the deposition of Patrick Canavan (January 30-31, 2014);

- the transcript of and exhibits introduced during the deposition of Robert O'Brien (March 20-21, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the transcript of and exhibits introduced during the deposition of Joseph Killen (May 15, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014); and

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014).

**Request No. 7:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that LG.Philips Displays International B.V. "dominated and/or controlled the finances, policies and affairs of PT.LP Indonesia relating to the antitrust violations alleged," as alleged in paragraph 93 of the Amended Complaint.

**Response to Request No. 7:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants. Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Sharp further objects to this

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific LPD entity when all of the LPD entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of LG.Philips Displays.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC.  Sharp further states that information

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- the transcript of and exhibits introduced during the deposition of Choong Ryul Park (July 9, 2012);
- the transcript of and exhibits introduced during the deposition of Mok Hyeon Seong (July 9, 2012);
- the transcript of and exhibits introduced during the deposition of Yun Sok Lee (July 11, 2012);
- the transcript of and exhibits introduced during the deposition of Kyung Tae Kwon (July 13, 2012);
- the transcript of and exhibits introduced during the deposition of Pil Jae Lee (July 16-17, 2013);
- the transcript of and exhibits introduced during the deposition of Jin Kang Chung (July 19-20, 2013);
- the transcript of and exhibits introduced during the deposition of Duk Chul Ryu (January 15-17, 2014);
- the transcript of and exhibits introduced during the deposition of Roger de Moor (July 31-August 1, 2012);
- the transcript of and exhibits introduced during the deposition of Pil Jae Lee (July 16-17, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the transcript of and exhibits introduced during the deposition of Jim Smith (December 12-13, 2013);

- the transcript of and exhibits introduced during the deposition of Wiebo Vaartjes (December 18-19, 2013);

- the transcript of and exhibits introduced during the deposition of Patrick Canavan (January 30-31, 2014);

- the transcript of and exhibits introduced during the deposition of Robert O'Brien (March 20-21, 2014);

- the transcript of and exhibits introduced during the deposition of Joseph Killen (May 15, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014); and

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014).

**Request No. 8:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Chunghwa PT "dominated and/or controlled the finances, policies and affairs of Chunghwa Malaysia relating to the antitrust violations alleged," as alleged in paragraph 95 of the Amended Complaint.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Response to Request No. 8:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Chunghwa entity when all of the Chunghwa entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of Chunghwa Picture Tubes, Ltd.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection.  Sharp

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1    further states that it has not completed its discovery and preparation in this matter and that its

2    investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

3    response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

4         Subject to and without waiving the foregoing objections, Sharp states that the response to

5    this Interrogatory may include the transactional data and documents produced by defendants, co-

6    conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

7    responsive to this Interrogatory from review of the documents and data identified in this response

8    is substantially the same for either Sharp or PENAC.  Sharp further states that information

9    responsive to this Interrogatory is contained in the following, which are incorporated here by

10   reference:

11        • Exhibit A to these Responses;

12        • Attachment A to these Responses;

13        • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

14          materials;

15        • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

16          accompanying materials;

17        • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

18        • the transcript of and exhibits introduced during the deposition of Chih Chun-Liu

19          (February 19-21, 2013);

20        • the transcript of and exhibits introduced during the deposition of Sheng-Jen Yang

21          (February 22-24, 2013); and

22        • the transcript of and exhibits introduced during the deposition of Jing Song Lu

23          (February 27-28, 2013).

24   **Request No. 9:**

25        Describe in detail and in narrative form (including by Identifying each Document, Person

26   or other evidentiary source that You rely upon) the factual basis for your allegation that IGC

27   "dominated and/or controlled the finances, policies and affairs of IGE relating to the antitrust

28   violations alleged," as alleged in paragraph 98 of the Amended Complaint.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Response to Request No. 9:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Irico entity when all of the Irico entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of Irico Group Corporation.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  has not completed its discovery and preparation in this matter and that its investigation of the case

2  is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory

3  consistent with Federal Rule of Civil Procedure 26(e).

4      Subject to and without waiving the foregoing objections, Sharp states that the response to

5  this Interrogatory may include the transactional data and documents produced by defendants, co-

6  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

7  responsive to this Interrogatory from review of the documents and data identified in this response

8  is substantially the same for either Sharp or PENAC.  Sharp further states that information

9  responsive to this Interrogatory is contained in the following, which are incorporated here by

10  reference:

11      • Exhibit A to these Responses;

12      • Attachment A to these Responses;

13      • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

14        materials;

15      • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

16        accompanying materials; and

17      • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15,

18        2014.

19  **Request No. 10:**

20      Describe in detail and in narrative form (including by Identifying each Document, Person

21  or other evidentiary source that You rely upon) the factual basis for your allegation that IGC

22  "dominated and/or controlled the finances, policies and affairs of IDDC relating to the antitrust

23  violations alleged," as alleged in paragraph 99 of the Amended Complaint.

24  **Response to Request No. 10:**

25      Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp

26  also objects to this Interrogatory to the extent that it calls for information that is already in the

27  possession, custody, or control of Defendants, or that can equally or more readily, conveniently,

28  and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on

2   Sharp to state its entire case on an incomplete record and review and analyze all information

3   obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this

4   Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects

5   that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in

6   response to written discovery, but particularly while discovery is ongoing and in advance of the

7   applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects

8   to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome,

9   and oppressive, and on the grounds that it is cumulative and duplicative of other discovery

10  propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case

11  Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as

12  requiring the attribution of a particular action to a specific Irico entity when all of the Irico

13  entities named as co-conspirators were owned and controlled and acted pursuant to the overall

14  strategy and direction of Irico Group Corporation.  Sharp also objects to this Interrogatory on the

15  grounds that it seeks, in contravention to well-established legal principles, to dismember the

16  overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

17  *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

18  *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

19  *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

20  co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

21  law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert

22  testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is

23  covered by attorney-client privilege or the work product protection.  Sharp further states that it

24  has not completed its discovery and preparation in this matter and that its investigation of the case

25  is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory

26  consistent with Federal Rule of Civil Procedure 26(e).

27          Subject to and without waiving the foregoing objections, Sharp states that the response to

28  this Interrogatory may include the transactional data and documents produced by defendants, co-

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;

- Attachment A to these Responses;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials; and

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014.

**Request No. 11:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Orion "dominated and/or controlled the finances, policies and affairs of Domex relating to the antitrust violations alleged," as alleged in paragraph 104 of the Amended Complaint.

**Response to Request No. 11:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects

2  to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome,

3  and oppressive, and on the grounds that it is cumulative and duplicative of other discovery

4  propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case

5  Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as

6  requiring the attribution of a particular action to a specific Orion entity when all of the Orion

7  entities named as co-conspirators were owned and controlled and acted pursuant to the overall

8  strategy and direction of Orion Electric Company.  Sharp also objects to this Interrogatory on the

9  grounds that it seeks, in contravention to well-established legal principles, to dismember the

10  overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

11  *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

12  *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

13  *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

14  co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

15  law, the action of all.  *Id.*  Sharp further objects to the extent this Interrogatory calls for expert

16  testimony.  Sharp also objects to the extent that this Interrogatory calls for information that is

17  covered by attorney-client privilege or the work product protection.  Sharp further states that it

18  has not completed its discovery and preparation in this matter and that its investigation of the case

19  is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory

20  consistent with Federal Rule of Civil Procedure 26(e).

21      Subject to and without waiving the foregoing objections, Sharp states that the response to

22  this Interrogatory may include the transactional data and documents produced by defendants, co-

23  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

24  responsive to this Interrogatory from review of the documents and data identified in this response

25  is substantially the same for either Sharp or PENAC.  Sharp further states that information

26  responsive to this Interrogatory is contained in the following, which are incorporated here by

27  reference:

28      • Exhibit A to these Responses;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Attachment A to these Responses;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials; and

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014.

**Request No. 12:**

Describe in detail and in narrative form (including by Identifying each Document, Person or other evidentiary source that You rely upon) the factual basis for your allegation that Thomson SA and then Videocon and TDA "dominated and/or controlled the finances, policies and affairs of Technologies Displays Mexicana relating to the antitrust violations alleged," as alleged in paragraph 107 of the Amended Complaint.

**Response to Request No. 12:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendants, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendants.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp further objects to this Interrogatory on the grounds that it calls for legal argument or legal conclusions.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case in response to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  requiring the attribution of a particular action to Technologies Displays Mexicana when it was

2  owned and controlled and acted pursuant to the overall strategy and direction of Thomson SA,

3  and then Videocon and TDA.  Sharp also objects to this Interrogatory on the grounds that it seeks,

4  in contravention to well-established legal principles, to dismember the overall conspiracy to focus

5  on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union*

6  *Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans.*

7  *Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544

8  (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of

9  any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Sharp

10 further objects to the extent this Interrogatory calls for expert testimony.  Sharp also objects to the

11 extent that this Interrogatory calls for information that is covered by attorney-client privilege or

12 the work product protection.  Sharp further states that it has not completed its discovery and

13 preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its

14 right to supplement or amend its response to this Interrogatory consistent with Federal Rule of

15 Civil Procedure 26(e).

16      Subject to and without waiving the foregoing objections, Sharp states that the response to

17 this Interrogatory may include the transactional data and documents produced by defendants, co-

18 conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

19 responsive to this Interrogatory from review of the documents and data identified in this response

20 is substantially the same for either Sharp or PENAC.  Sharp further states that information

21 responsive to this Interrogatory is contained in the following, which are incorporated here by

22 reference:

23      • Exhibit A to these Responses;

24      • Attachment A to these Responses;

25      • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

26         materials;

27      • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

28         accompanying materials;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1    • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

2    • Statement of Albino Bessa Re Technologies Displays Americas, LLC (April 18,

3       2014);

4    • Technologies Displays Americas LLC's Responses to Sharp Electronics Corporation

5       and Sharp Electronics Manufacturing Company of America, Inc.'s First Set of

6       Interrogatories (October 8, 2013);

7    • Answer of Thomson Consumer Electronics, Inc. to Sharp's First Amended Complaint

8       (April 25, 2014);

9    • Answer of Thomson SA to Sharp's First Amended Complaint (April 25, 2014);

10   • Answer of Technologies Displays Americas, LLC to First Amended Complaint of

11      Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of

12      America, Inc. (May 23, 2014); and

13   • Sharp's Objections and Responses to Thomson SA and Thomson Consumer's First

14      Set of Interrogatories (July 10, 2014).

15   **Request No. 13:**

16   Separately Identify each meeting or communication with a competitor or competitors in

17   which you contend Chunghwa PT or Chunghwa Malaysia participated in between 1995 and 2007.

18   **Response to Request No. 13:**

19   Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp

20   also objects to this Interrogatory to the extent that it calls for information that is already in the

21   possession, custody, or control of Defendant, or that can equally or more readily, conveniently,

22   and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this

23   Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on

24   Sharp to state its entire case on an incomplete record and review and analyze all information

25   obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory

26   improperly requires Sharp to marshal evidence in support of its case, including all testimony, in

27   responses to written discovery, but particularly while discovery is ongoing and in advance of the

28   applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Chunghwa entity when all of the Chunghwa entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of Chunghwa Picture Tubes, Ltd.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*  Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC.  Sharp further states that information

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;

- Attachment A to these Responses;

- the transcript of and exhibits introduced during the deposition of Chih Chun-Liu (February 19-21, 2013);

- the transcript of and exhibits introduced during the deposition of Sheng-Jen Yang (February 22-24, 2013);

- the transcript of and exhibits introduced during the deposition of Jing Song Lu (February 27-28, 2013);

- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 14:**

Separately Identify each meeting or communication with a competitor or competitors in which you contend Orion, Orion Engineering, or Domex participated in between 1995 and 2007.

**Response to Request No. 14:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Orion entity when all of the Orion entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of Orion Electric Co.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

2   *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

3   *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

4   *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

5   co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

6   law, the action of all. *Id.*  Moreover, the documentary record is necessarily incomplete because

7   Defendants and co-conspirators concealed the conspiracy by various means and methods,

8   including concealing the existence and nature of their conspiratorial activities and issuing regular

9   instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

10  the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

11  calls for information that is covered by attorney-client privilege or the work product protection.

12  Sharp further states that it has not completed its discovery and preparation in this matter and that

13  its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

14  response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

15      Subject to and without waiving the foregoing objections, Sharp states that the response to

16  this Interrogatory may include the transactional data and documents produced by defendants, co-

17  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

18  responsive to this Interrogatory from review of the documents and data identified in this response

19  is substantially the same for either Sharp or PENAC.  Sharp further states that information

20  responsive to this Interrogatory is contained in the following, which are incorporated here by

21  reference:

22  • Exhibit A to these Responses;

23  • Attachment A to these Responses;

24  • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

25      materials;

26  • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

27      materials;

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);
- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);
- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);
- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and
- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 15:**

Separately Identify each meeting or communication with a competitor or competitors in which you contend IGC, IGE, or IDDC participated in between 1995 and 2007.

**Response to Request No. 15:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this

2   Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on

3   Sharp to state its entire case on an incomplete record and review and analyze all information

4   obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory

5   improperly requires Sharp to marshal evidence in support of its case, including all testimony, in

6   responses to written discovery, but particularly while discovery is ongoing and in advance of the

7   applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects

8   to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome,

9   and oppressive, and on the grounds that it is cumulative and duplicative of other discovery

10  propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case

11  Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as

12  requiring the attribution of a particular action to a specific Irico entity when all of the Irico

13  entities named as co-conspirators were owned and controlled and acted pursuant to the overall

14  strategy and direction of Irico Group Corporation.  Sharp also objects to this Interrogatory on the

15  grounds that it seeks, in contravention to well-established legal principles, to dismember the

16  overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

17  *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

18  *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

19  *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

20  co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

21  law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because

22  Defendants and co-conspirators concealed the conspiracy by various means and methods,

23  including concealing the existence and nature of their conspiratorial activities and issuing regular

24  instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

25  the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

26  calls for information that is covered by attorney-client privilege or the work product protection.

27  Sharp further states that it has not completed its discovery and preparation in this matter and that

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

2   response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

3          Subject to and without waiving the foregoing objections, Sharp states that the response to

4   this Interrogatory may include the transactional data and documents produced by defendants, co-

5   conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

6   responsive to this Interrogatory from review of the documents and data identified in this response

7   is substantially the same for either Sharp or PENAC.  Sharp further states that information

8   responsive to this Interrogatory is contained in the following, which are incorporated here by

9   reference:

10   • Exhibit A to these Responses;

11   • Attachment A to these Responses;

12   • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

13     materials;

14   • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

15     materials;

16   • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

17     accompanying materials;

18   • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

19   • Korean Fair Trade Commission Report on the CRT Conspiracy;

20   • The European Commission Report on the CRT Conspiracy;

21   • Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First

22     Set of Interrogatories, No. 5 (February 10, 2012);

23   • Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to

24     Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12,

25     2013);

26   • Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser

27     Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 16:**

Separately Identify each meeting or communication with a competitor or competitors in which you contend LG Electronics Taiwan participated in between 1995 and 2007.

**Response to Request No. 16:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific LG entity when all of the LG entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1    and direction of LG Electronics, Inc.  Sharp also objects to this Interrogatory on the grounds that

2    it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy

3    to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v.*

4    *Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air*

5    *Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S.

6    525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the

7    action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*

8    Moreover, the documentary record is necessarily incomplete because Defendants and co-

9    conspirators concealed the conspiracy by various means and methods, including concealing the

10   existence and nature of their conspiratorial activities and issuing regular instructions to destroy

11   documents relating to the conspiratorial activities.  Sharp further objects to the extent this request

12   calls for expert testimony.  Sharp also objects to the extent that this request calls for information

13   that is covered by attorney-client privilege or the work product protection.  Sharp further states

14   that it has not completed its discovery and preparation in this matter and that its investigation of

15   the case is ongoing, and Sharp reserves its right to supplement or amend its response to this

16   Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

17          Subject to and without waiving the foregoing objections, Sharp states that the response to

18   this Interrogatory may include the transactional data and documents produced by defendants, co-

19   conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

20   responsive to this Interrogatory from review of the documents and data identified in this response

21   is substantially the same for either Sharp or PENAC.  Sharp further states that information

22   responsive to this Interrogatory is contained in the following, which are incorporated here by

23   reference:

24      •   Exhibit A to these Responses;

25      •   Attachment A to these Responses;

26      •   the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

27          materials;

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 17:**

Separately Identify each meeting or communication with a competitor or competitors in which you contend LG.Philips Displays, LG.Philips Shuguang, LG.Philips Singapore, and PT.LP Indonesia participated in between 1995 and 2007.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

**Response to Request No. 17:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific LPD entity when all of the LPD entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of LG.Philips Displays.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole. *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*  Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1  the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

2  calls for information that is covered by attorney-client privilege or the work product protection.

3  Sharp further states that it has not completed its discovery and preparation in this matter and that

4  its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

5  response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

6          Subject to and without waiving the foregoing objections, Sharp states that the response to

7  this Interrogatory may include the transactional data and documents produced by defendants, co-

8  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

9  responsive to this Interrogatory from review of the documents and data identified in this response

10  is substantially the same for either Sharp or PENAC.  Sharp further states that information

11  responsive to this Interrogatory is contained in the following, which are incorporated here by

12  reference:

13      • Exhibit A to these Responses;

14      • Attachment A to these Responses;

15      • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

16          materials;

17      • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

18          materials;

19      • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

20          accompanying materials;

21      • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

22      • Korean Fair Trade Commission Report on the CRT Conspiracy;

23      • The European Commission Report on the CRT Conspiracy;

24      • Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First

25          Set of Interrogatories, No. 5 (February 10, 2012);

26      • Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to

27          Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12,

28          2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 18:**

Separately Identify each meeting or communication with a competitor or competitors in which you contend Mitsubishi Electric Japan, Mitsubishi Electric USA, Mitsubishi Digital participated in between 1995 and 2007.

**Response to Request No. 18:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp objects to this Interrogatory on the grounds that it is unintelligible, vague, and ambiguous because it Sharp does not make any specific allegations against Mitsubishi Electric Japan, Mitsubishi Electric USA, or Mitsubishi Digital in the Complaint.  Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on

2   the grounds that it is cumulative and duplicative of other discovery propounded in this case, and

3   is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL

4   Dkt. No. 1128).  Sharp also objects to this Interrogatory on the grounds that it seeks, in

5   contravention to well-established legal principles, to dismember the overall conspiracy to focus

6   on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union*

7   *Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans.*

8   *Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544

9   (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of

10  any of the conspirators in furtherance of the conspiracy is, in law, the action of all.  *Id.*  Moreover,

11  the documentary record is necessarily incomplete because Defendants and co-conspirators

12  concealed the conspiracy by various means and methods, including concealing the existence and

13  nature of their conspiratorial activities and issuing regular instructions to destroy documents

14  relating to the conspiratorial activities.  Sharp further objects to the extent this request calls for

15  expert testimony.  Sharp also objects to the extent that this request calls for information that is

16  covered by attorney-client privilege or the work product protection.  Sharp further states that it

17  has not completed its discovery and preparation in this matter and that its investigation of the case

18  is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory

19  consistent with Federal Rule of Civil Procedure 26(e).

20  **Request No. 19:**

21      Separately Identify each meeting or communication with a competitor or competitors in

22  which you contend MTPD America participated in between 1995 and 2007.

23  **Response to Request No. 19:**

24      Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp

25  also objects to this Interrogatory to the extent that it calls for information that is already in the

26  possession, custody, or control of Defendant, or that can equally or more readily, conveniently,

27  and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this

28  Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   Sharp to state its entire case on an incomplete record and review and analyze all information

2   obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory

3   improperly requires Sharp to marshal evidence in support of its case, including all testimony, in

4   responses to written discovery, but particularly while discovery is ongoing and in advance of the

5   applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects

6   to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome,

7   and oppressive, and on the grounds that it is cumulative and duplicative of other discovery

8   propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case

9   Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as

10  requiring the attribution of a particular action to a specific Panasonic entity when all of the

11  Panasonic entities named as co-conspirators were owned and controlled and acted pursuant to the

12  overall strategy and direction of Panasonic Corporation.  Sharp also objects to this Interrogatory

13  on the grounds that it seeks, in contravention to well-established legal principles, to dismember

14  the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

15  *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

16  *Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

17  *States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

18  co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

19  law, the action of all. *Id.*  Moreover, the documentary record is necessarily incomplete because

20  Defendants and co-conspirators concealed the conspiracy by various means and methods,

21  including concealing the existence and nature of their conspiratorial activities and issuing regular

22  instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

23  the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

24  calls for information that is covered by attorney-client privilege or the work product protection.

25  Sharp further states that it has not completed its discovery and preparation in this matter and that

26  its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

27  response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   Subject to and without waiving the foregoing objections, Sharp states that the response to

2   this Interrogatory may include the transactional data and documents produced by defendants, co-

3   conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

4   responsive to this Interrogatory from review of the documents and data identified in this response

5   is substantially the same for either Sharp or PENAC.  Sharp further states that information

6   responsive to this Interrogatory is contained in the following, which are incorporated here by

7   reference:

8   • Exhibit A to these Responses;

9   • Attachment A to these Responses;

10  • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

11     materials;

12  • the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

13     materials;

14  • the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

15     accompanying materials;

16  • Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

17  • Korean Fair Trade Commission Report on the CRT Conspiracy;

18  • The European Commission Report on the CRT Conspiracy;

19  • Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First

20     Set of Interrogatories, No. 5 (February 10, 2012);

21  • Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to

22     Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12,

23     2013);

24  • Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser

25     Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

26  • Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct

27     Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 20:**

Separately Identify each meeting or communication with a competitor or competitors in which you contend Samsung Elektronische Bauelemente participated in between 1995 and 2007.

**Response to Request No. 20:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to a specific Samsung entity when all of the Samsung entities named as co-conspirators were owned and controlled and acted pursuant to the overall strategy and direction of Samsung SDI Co., Ltd.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

*Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

*Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

*States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

law, the action of all. *Id.*  Moreover, the documentary record is necessarily incomplete because

Defendants and co-conspirators concealed the conspiracy by various means and methods,

including concealing the existence and nature of their conspiratorial activities and issuing regular

instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

calls for information that is covered by attorney-client privilege or the work product protection.

Sharp further states that it has not completed its discovery and preparation in this matter and that

its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to

this Interrogatory may include the transactional data and documents produced by defendants, co-

conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

responsive to this Interrogatory from review of the documents and data identified in this response

is substantially the same for either Sharp or PENAC.  Sharp further states that information

responsive to this Interrogatory is contained in the following, which are incorporated here by

reference:

- Exhibit A to these Responses;

- Attachment A to these Responses;

- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying
  materials;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying
  materials;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);
- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);
- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);
- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);
- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and
- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 21:**

Separately Identify each meeting or communication with a competitor or competitors in which you contend Samtel participated in between 1995 and 2007.

**Response to Request No. 21:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently,

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this

Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on

Sharp to state its entire case on an incomplete record and review and analyze all information

obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory

improperly requires Sharp to marshal evidence in support of its case, including all testimony, in

responses to written discovery, but particularly while discovery is ongoing and in advance of the

applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects

to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome,

and oppressive, and on the grounds that it is cumulative and duplicative of other discovery

propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case

Management Protocol (MDL Dkt. No. 1128).  Sharp also objects to this Interrogatory on the

grounds that it seeks, in contravention to well-established legal principles, to dismember the

overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See*

*Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel*

*Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United*

*States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their

co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in

law, the action of all.  *Id.*  Moreover, the documentary record is necessarily incomplete because

Defendants and co-conspirators concealed the conspiracy by various means and methods,

including concealing the existence and nature of their conspiratorial activities and issuing regular

instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to

the extent this request calls for expert testimony.  Sharp also objects to the extent that this request

calls for information that is covered by attorney-client privilege or the work product protection.

Sharp further states that it has not completed its discovery and preparation in this matter and that

its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its

response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to

this Interrogatory may include the transactional data and documents produced by defendants, co-

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;

- Attachment A to these Responses;

- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 22:**

Separately Identify each meeting or communication with a competitor or competitors in which you contend Technologies Displays Mexicana participated in between 1995 and 2007.

**Response to Request No. 22:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp additionally objects to the Interrogatory as requiring the attribution of a particular action to Technologies Displays Mexicana when it was owned and controlled and acted pursuant to the overall strategy and direction of Thomson SA, and then Videocon and TDA.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans.*

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   *Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544

2   (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of

3   any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*  Moreover,

4   the documentary record is necessarily incomplete because Defendants and co-conspirators

5   concealed the conspiracy by various means and methods, including concealing the existence and

6   nature of their conspiratorial activities and issuing regular instructions to destroy documents

7   relating to the conspiratorial activities.  Sharp further objects to the extent this request calls for

8   expert testimony.  Sharp also objects to the extent that this request calls for information that is

9   covered by attorney-client privilege or the work product protection.  Sharp further states that it

10  has not completed its discovery and preparation in this matter and that its investigation of the case

11  is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory

12  consistent with Federal Rule of Civil Procedure 26(e).

13          Subject to and without waiving the foregoing objections, Sharp states that the response to

14  this Interrogatory may include the transactional data and documents produced by defendants, co-

15  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

16  responsive to this Interrogatory from review of the documents and data identified in this response

17  is substantially the same for either Sharp or PENAC.  Sharp further states that information

18  responsive to this Interrogatory is contained in the following, which are incorporated here by

19  reference:

20      •   Exhibit A to these Responses;

21      •   Attachment A to these Responses;

22      •   the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

23          materials;

24      •   the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying

25          materials;

26      •   the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and

27          accompanying materials;

28      •   Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

1   • Korean Fair Trade Commission Report on the CRT Conspiracy;

2   • The European Commission Report on the CRT Conspiracy;

3   • Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First
4   Set of Interrogatories, No. 5 (February 10, 2012);

5   • Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to
6   Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12,
7   2013);

8   • Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser
9   Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

10  • Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct
11  Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

12  • Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser
13  Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

14  • Koninklijke Philips Electronics N.V. and Philips Electronics North America
15  Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of
16  Interrogatories Nos. 4 and 5 (July 18, 2012);

17  • Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set
18  of Interrogatories (July 10, 2014);

19  • LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First
20  Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

21  • LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs'
22  First Set of Interrogatories, Interrogatories Nos. 4 and 5;

23  • Panasonic Corporation of North America, MT Picture Display Co., Ltd., and
24  Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second
25  Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of
26  Interrogatories (November 2, 2011);

27  • Panasonic Corporation of North America, MT Picture Display Co., Ltd., and
28  Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

• Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

• Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

• Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

• Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

• Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

• Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

• Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

• Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

• Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

• Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

• Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

• Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 23:**

Separately Identify each meeting or communication with a competitor or competitors in which you contend Thai CRT participated in between 1995 and 2007.

**Response to Request No. 23:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*  Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to the extent this request calls for expert testimony.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection. Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;

- Attachment A to these Responses;

- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1    • LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First
2    Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

3    • LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs'
4    First Set of Interrogatories, Interrogatories Nos. 4 and 5;

5    • Panasonic Corporation of North America, MT Picture Display Co., Ltd., and
6    Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second
7    Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of
8    Interrogatories (November 2, 2011);

9    • Panasonic Corporation of North America, MT Picture Display Co., Ltd., and
10   Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third
11   Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of
12   Interrogatories (December 23, 2011);

13   • Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of
14   Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

15   • Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of
16   Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

17   • Philips Electronics North America Corporation's Responses to Direct Action
18   Plaintiffs' First Set of Interrogatories (July 10, 2014);

19   • Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of
20   Interrogatories (May 12, 2010);

21   • Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs'
22   First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

23   • Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser
24   Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

25   • Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories
26   (November 25, 2013);

27   • Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for
28   Admission (November 25, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 24:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 13 - 23, Identify All evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to "manipulate prices and supply of CRTs sold in the United States", as alleged in paragraph 253(c) of the Complaint and the Amended Complaint, including:

    (a) All Persons with knowledge suggesting that an agreement to fix target prices, floor prices and price ranges for CRTs was reached;

    (b) The date of each meeting or competitor communication which You contend resulted in an agreement to fix target prices, floor prices and price ranges for CRTs;

    (c) The location of each alleged meeting, if applicable;

    (d) The entities that You contend agreed to the target price, floor price or price range;

    (e) The names of the individuals that You contend participated in each meeting or competitor communication;

    (f) The date of the agreement;

    (g) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the target price, floor price or price range applied;

    (h) The effective date(s) of the target price, floor price or price range;

    (i) The customer(s) to whom the target price, floor price or price range applied;

    (j) The geographic area to which the target price, floor price or price range applied; and

    (k) All evidence upon which You intend to rely to prove such target price, floor price or price range (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**Response to Request No. 24:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the extent this interrogatory mischaracterizes the allegations in paragraph 253(c) of the Complaint.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp objects to the Interrogatory on the grounds that it violates the Special Master's Report and Recommendation on the Defendants' Motion to Compel, dated August 18, 2014.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962); *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*  Moreover, the documentary record is necessarily incomplete because Defendants and co-conspirators concealed the conspiracy by various means and methods, including concealing the existence and nature of their conspiratorial activities and issuing regular instructions to destroy documents relating to the conspiratorial activities.  Sharp further objects to the extent this request calls for expert testimony.  Moreover, Sharp contends that information exchanges between Defendants and co-conspirators affected prices and thus constitute an antitrust violation under the rule of reason, even in the absence of an express

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

agreement to fix prices.  Sharp also objects to the extent that this request calls for information that is covered by attorney-client privilege or the work product protection.  Sharp further states that it has not completed its discovery and preparation in this matter and that its investigation of the case is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory consistent with Federal Rule of Civil Procedure 26(e).

Subject to and without waiving the foregoing objections, Sharp states that the response to this Interrogatory may include the transactional data and documents produced by defendants, co-conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents responsive to this Interrogatory from review of the documents and data identified in this response is substantially the same for either Sharp or PENAC.  Sharp further states that information responsive to this Interrogatory is contained in the following, which are incorporated here by reference:

- Exhibit A to these Responses;
- Attachment A to these Responses;
- the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying materials;
- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;
- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;
- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;
- Korean Fair Trade Commission Report on the CRT Conspiracy;
- The European Commission Report on the CRT Conspiracy;
- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);
- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

**Request No. 25:**

Separately for each meeting or competitor communication that You Identified in response to Interrogatory Nos. 13 - 23, Identify all evidence upon which You intend to rely to prove that such a meeting or competitor communication resulted in an agreement to "maintain or lower production capacity" for CRTs, as alleged in paragraph 253(g) of the Complaint and the Amended Complaint, including:

(a) All Persons with knowledge suggesting that an agreement to maintain or lower production capacity for CRTs was reached;

(b) The date of each meeting or competitor communication which You contend resulted in an agreement to maintain or lower production capacity for CRTs;

(c) The location of each alleged meeting, if applicable;

(d) The entities that You contend agreed to maintain or lower production capacity for CRTs;

(e) The names of the individuals that You contend participated in each meeting or competitor communication;

(f) The date of the agreement;

(g) The type (i.e., CDT or CPT) and model (flat, curved, ITC, bare) of CRT to which the agreement applied;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

(h)   The effective date(s) of the agreement to maintain or lower production capacity for CRTs;

(i)   The geographic area to which the agreement to maintain or lower production capacity for CRTs applied; and

(j)   All evidence upon which You intend to rely to prove that an agreement to maintain or lower production capacity for CRTs was reached (including the Bates number of each Document and/or citation to specific deposition testimony that You claim supports Your contention).

**Response to Request No. 25:**

Sharp refers to and incorporates its General Objections as if set forth fully herein. Sharp also objects to this Interrogatory to the extent that it calls for information that is already in the possession, custody, or control of Defendant, or that can equally or more readily, conveniently, and in a less burdensome fashion be obtained by Defendant.  Sharp further objects to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Sharp to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation.  Sharp objects that this Interrogatory improperly requires Sharp to marshal evidence in support of its case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information.  Sharp further objects to the extent this interrogatory mischaracterizes the allegations in paragraph 253(g) of the Complaint.  Sharp further objects to the Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and oppressive, and on the grounds that it is cumulative and duplicative of other discovery propounded in this case, and is therefore in violation of the Order Regarding Discovery and Case Management Protocol (MDL Dkt. No. 1128).  Sharp objects to the Interrogatory on the grounds that it violates the Special Master's Report and Recommendation on the Defendants' Motion to Compel, dated August 18, 2014.  Sharp also objects to this Interrogatory on the grounds that it seeks, in contravention to well-established legal principles, to dismember the overall conspiracy to focus on its separate parts, instead of looking at it as a

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1   whole.  *See Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962);

2   *Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980)

3   (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)).  All conspirators are jointly liable for

4   the acts of their co-conspirators and the action of any of the conspirators in furtherance of the

5   conspiracy is, in law, the action of all.  *Id.*  Moreover, the documentary record is necessarily

6   incomplete because Defendants and co-conspirators concealed the conspiracy by various means

7   and methods, including concealing the existence and nature of their conspiratorial activities and

8   issuing regular instructions to destroy documents relating to the conspiratorial activities.  Sharp

9   further objects to the extent this request calls for expert testimony.  Moreover, Sharp contends

10  that information exchanges between Defendants and co-conspirators affected prices and thus

11  constitute an antitrust violation under the rule of reason, even in the absence of an express

12  agreement to fix prices.  Sharp also objects to the extent that this request calls for information that

13  is covered by attorney-client privilege or the work product protection.  Sharp further states that it

14  has not completed its discovery and preparation in this matter and that its investigation of the case

15  is ongoing, and Sharp reserves its right to supplement or amend its response to this Interrogatory

16  consistent with Federal Rule of Civil Procedure 26(e).

17          Subject to and without waiving the foregoing objections, Sharp states that the response to

18  this Interrogatory may include the transactional data and documents produced by defendants, co-

19  conspirators, and third parties in MDL No. 1917.  The burden of identifying specific documents

20  responsive to this Interrogatory from review of the documents and data identified in this response

21  is substantially the same for either Sharp or PENAC.  Sharp further states that information

22  responsive to this Interrogatory is contained in the following, which are incorporated here by

23  reference:

24      • Exhibit A to these Responses;

25      • Attachment A to these Responses;

26      • the expert report of Dr. Michael D. Whinston dated August 5, 2014 and accompanying

27          materials;

28

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- the expert report of Dr. Jerry A. Hausman dated April 15, 2014 and accompanying materials;

- the supplemental report of Dr. Jerry A. Hausman dated July 3, 2014 and accompanying materials;

- Demonstrative Exhibit 1 to the expert report of Jerry A. Hausman dated July 15, 2014;

- Korean Fair Trade Commission Report on the CRT Conspiracy;

- The European Commission Report on the CRT Conspiracy;

- Hitachi Displays, Ltd.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, No. 5 (February 10, 2012);

- Hitachi Displays, Ltd.'s (n/k/a Japan Display Inc.) Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 12, 2013);

- Hitachi Electronic Devices (USA), Inc.'s Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (February 10, 2012);

- Hitachi Electronic Devices (USA), Inc.'s Second Supplemental Response to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatory No. 5 (April 26, 2013);

- Koninklijke Philips Electronics N.V.'s Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (March 21, 2012);

- Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (July 18, 2012);

- Koninklijke Philips Electronics N.V.'s Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- LG Electronics, Inc.'s Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (Feb. 10, 2012);

- LG Electronics, Inc.'s Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5;

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Second Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (November 2, 2011);

- Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation's (f/k/a Matsushita Electric Industrial Co., Ltd.) Third Supplemental Responses and Objections to Direct Purchaser Plaintiffs' First Set of Interrogatories (December 23, 2011);

- Philips' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (March 21, 2012);

- Philips' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, Interrogatories Nos. 4 and 5 (July 18, 2012);

- Philips Electronics North America Corporation's Responses to Direct Action Plaintiffs' First Set of Interrogatories (July 10, 2014);

- Samsung SDI Defendants' Responses to Direct Action Plaintiffs' First Set of Interrogatories (May 12, 2010);

- Samsung SDI Defendants' Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (October 17, 2011);

- Samsung SDI Defendants' Second Supplemental Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories Nos. 4 and 5 (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Interrogatories (November 25, 2013);

- Samsung SDI Co., Ltd.'s Responses to Dell Plaintiffs' First Set of Requests for Admission (November 25, 2013);

- Toshiba America Electronic Components, Inc.'s Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

- Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Nos. 4 and 5 of Direct Purchaser Plaintiffs' First Set of Interrogatories (February 10, 2012);

- Sharp's Responses to Thomson SA and Thomson Consumer's First Set of Interrogatories, Nos. 2 & 8 (July 10, 2014);

- Sharp's Objections and Responses to MT Picture Display Co., Ltd. and LG Electronics USA, Inc.'s Second Set of Interrogatories, Nos. 16 & 17 and Exhibit A to those Responses (July 28, 2014);

- Sharp's Response to Hitachi Electronic Devices (USA), Inc.'s Second Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Displays, Ltd.'s (N/K/A Japan Display Inc.) First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi Asia, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to Hitachi America, Ltd.'s First Set of Interrogatories to Sharp (August 4, 2014);

- Sharp's Response to LG Electronics U.S.A., Inc.'s First Set of Interrogatories to Sharp (August 21, 2014);

- Sharp's Response to Panasonic Corporation of North America's First Set of Interrogatories to Sharp (August 21, 2014); and

- Sharp's Response to Koninklijke Philips N.V.'s First Set of Interrogatories to Sharp (August 25, 2014).

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

1

2      DATED:  September 5, 2014      By:  /s/ Craig A. Benson

3                                          Kenneth A. Gallo (*pro hac vice*)
                                           Joseph J. Simons (*pro hac vice*)
4                                          Craig A. Benson (*pro hac vice*)
                                           PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
5                                          2001 K Street, NW
                                           Washington, DC  20006
6                                          Telephone: (202) 223-7300
                                           Facsimile: (202) 223-7420
7                                          Email: kgallo@paulweiss.com
                                           Email: jsimons@paulweiss.com
8                                          Email: cbenson@paulweiss.com

9

10                                         Stephen E. Taylor (SBN 058452)
                                           Jonathan A. Patchen (SBN 237346)
11                                         TAYLOR & COMPANY LAW OFFICES, LLP
                                           One Ferry Building, Suite 355
12                                         San Francisco, California 94111
                                           Telephone:  (415) 788-8200
13                                         Facsimile:  (415) 788-8208
                                           Email: staylor@tcolaw.com
14                                         Email: jpatchen@tcolaw.com

15

16                                         *Attorneys for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28