MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| *Indirect-Purchaser Class Action* | **INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |
| *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173; | |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776; | **[RE IPP RESP. TO DEFS.' MIL NO. 12]** |
| *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502; | |
| *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264; | |
| *Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514; | |

1  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;   )
2                                                               )
3  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;   )
4                                                               )
5  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;   )
6  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd*. No. 14-cv-02510.   )

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL
Master File No. 3:07-cv-5944 SC

Pursuant to the Civil Local Rules of the United States District Court, Northern District of California 7-11 and 79-5(d) and (e), Indirect Purchaser Plaintiffs ("Plaintiffs or IPPs") hereby bring this administrative motion to file under seal Exhibits 1 - 3 and Indirect Purchaser Plaintiffs' Response to Defendants' Motion *In Limine* No. 12 to Exclude Plaintiffs' "Price Ladder" Theory of Recovery.  This Administrative Motion is supported by the Declaration of Gerard A. Dever filed contemporaneously herewith.

Plaintiffs request that Exhibits 1 - 3 and their response be filed under seal pursuant to Civil Local Rule 79-5(d) because they contain (a) material that has been designated "Confidential" or "Highly Confidential" and (b) confidential research, development or commercial information or other private or competitively sensitive information taken directly from material designated confidential pursuant to the Stipulated Protective Order entered in this litigation [Dkt. 306, June 18, 2008].

The confidential/highly confidential designations have been made by certain of the defendants in this litigation.  To qualify under the Stipulated Protective Order as "confidential" or "highly confidential," information must contain trade secrets or other confidential research, development or commercial information or other private or competitively sensitive information.  Stipulated Protective Order at ¶ 1.

Plaintiffs seek to file the above material under seal in good faith in order to comply with the Stipulated Protective Order in this action and the applicable Local Rules.  Because certain defendants contend that the material they have designated is confidential in nature, it is their burden to establish that the designated information is sealable.  Civil L.R. 79-5(e); *see Kamakana v. City of Honolulu,* 447 F.3d 1172, 1178-80 (9th Cir. 2006).  Plaintiffs leave it to this Court's discretion to determine whether the above material should be filed under seal.  Courts have repeatedly emphasized that a party must make a "particularized showing of good cause" and show a "compelling reason" to justify the sealing of motions and papers filed with a court.  *See Foliz v. State Farm Mutual Auto. Ins. Co.,* 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing a lower court's sealing of records because there was no "compelling reason to justify sealing" under the protective order).  As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is that they "often contain

provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1193.

WHEREFORE, Plaintiffs respectfully submit this administrative motion pursuant to the Stipulated Protective Order and Civil Local Rule 79-5 and hereby notifies the parties of their burden to establish that the designated material is sealable.

Dated: February 27, 2015

By: */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:     (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

*On the brief:*

Donald L. Perelman
Gerard A. Dever
Matthew Duncan
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
Telephone:  (215) 567-6565
Facsimile:   (215) 568-5872
Email:  gdever@finekaplan.com

*Counsel for Indirect Purchaser Plaintiffs*