# Exhibit A

# (Filed Under Seal)

# Exhibit B

# (Filed Under Seal)

# Exhibit C

# (Filed Under Seal)

# Exhibit D



1 of 1 DOCUMENT

Model Jury Instructions in Civil Antitrust Cases, 2005 Edition
Copyright © 2005 American Bar Association. All rights reserved.

ABA Section of Antitrust Law

F. CAUSATION AND DAMAGES
DAMAGES

*ABA Model Jury Instructions in Civ. Antitrust Cases F-18*

Instruction 4: Causation and Disaggregation

If you find that defendant violated the antitrust laws and that plaintiff was injured by that violation, plaintiff is entitled to recover for such injury that was the direct and proximate result of the unlawful acts of defendant. Plaintiff is not entitled to recover for injury that resulted from other causes. [*Describe potential causes of injury other than alleged unlawful conduct of defendant. Some examples follow.*]

[*Where plaintiff is a purchaser claiming injury from an alleged overcharge.*] Plaintiff claims that it suffered injury because it paid increased prices for [*product X*] as a result of defendant's alleged antitrust violation. In the normal course of business activity, prices might rise for a variety of factors that have nothing to do with the antitrust laws. For example, prices may rise because producers' costs rose, demand for a product increased, changing technology made a product more valuable to consumers, the sellers engaged in lawful follow-the-leader pricing behavior, or the marketplace otherwise changed to allow producers to raise prices independent of any antitrust violation [*expand or contract list as appropriate*].

[*Where plaintiff is a competitor.*] Plaintiff claims that it suffered injury because it lost sales and profits as a result of defendant's antitrust violation. In the normal course of competitive business activity, competitors will lose sales to each other, and to third parties, for various causes that have nothing to do with antitrust law violations; and businesses can be unprofitable for causes that have nothing to do with the antitrust laws. Plaintiff may not recover for lost sales if it lost those sales because of the superior business acumen or salesmanship of a competitor, because a competitor offered a superior product, or because of lawful competition from defendant or other competitors. Plaintiff also may not recover if it lost profits as a result of causes that had nothing to do with defendant's alleged unlawful conduct, such as changes in demand, increased competition from new competitors, changes in product technology, changes in market conditions, poor management or missed opportunities by plaintiff, or other factors [*expand or contract list as appropriate*].

Plaintiff bears the burden of showing that its injuries were caused by defendant's alleged antitrust violation - as opposed to any other factors, such as those that I just described to you. If you find that plaintiff's alleged injuries were caused by factors other than defendant's alleged antitrust violation, then you must return a verdict for defendant. If you find that plaintiff's alleged injuries were caused in part by defendant's alleged antitrust violation and in part by other factors, then you may award damages only for that portion of plaintiff's alleged injuries that were caused by defendant's alleged antitrust violation. Plaintiff bears the burden of proving damages with reasonable certainty, including

ABA Model Jury Instructions in Civ. Antitrust Cases F-18

apportioning damages between lawful and unlawful causes. If you find that there is no reasonable basis to apportion plaintiff's alleged injury between lawful and unlawful causes, or that apportionment can only be accomplished through speculation or guesswork, then you may not award any damages at all. If you find that plaintiff has proven with reasonable certainty the amount of damage caused by defendant's alleged antitrust violation, then you must return a verdict for the plaintiff.

# Exhibit E

# (Filed Under Seal)

# Exhibit F

# (Filed Under Seal)

# Exhibit G

# (Filed Under Seal)