Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:     213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:     312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc.,*
*and Mitsubishi Electric Visual Solutions America, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No. 3:07-cv-5944-SC<br>Individual Case No. 14-cv-2058-SC<br>MDL No. 1917 |
| This Document Relates to: | |
| ALL DIRECT PURCHASER ACTIONS | **DECLARATION OF GABRIEL A. FUENTES IN SUPPORT OF MITSUBISHI ELECTRIC'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

## DECLARATION OF GABRIEL A. FUENTES

I, Gabriel A. Fuentes, declare as follows:

1.      I am an attorney licensed to practice law in the State of Illinois, and I am a Partner at the law firm of Jenner & Block LLP, and attorney of record for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi Electric").  I submit this declaration in support of Mitsubishi Electric's Administrative Motion to File Documents Under Seal (the "Motion").  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently to such facts under oath.

2.      On June 18, 2008, this Court signed the stipulated Protective Order (Case No. 3:07-cv-05944-SC, Dkt. No. 306), that allows a party to designate a document or deposition testimony "Confidential" or "Highly Confidential" when that party believes the document or testimony contains "trade secrets, or other confidential research, development, or commercial information, within the meaning of Fed. R. Civ. P. 26(c); or other private or competitively sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted." *See id.* at 1-6.

3.      When litigation materials are designated confidential pursuant to the Protective Order, "a Party may not file [them] in the public record." A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5." *Id.* at 11.

4.      Upon information and belief, the documents contained in Exhibits **1, 4-5, and 7-10** to the Declaration of Shaun M. Van Horn in Support of Mitsubishi Electric's Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification ("Opposition") have been designated by certain Plaintiffs and Defendants as "Confidential" or "Highly Confidential" under the terms of the Stipulated Protective Order entered in this case.  Mitsubishi Electric seeks to submit this material under seal in good faith in order to comply with the Protective Order and this Court's

1   Local Rules. Because these Plaintiffs and Defendants have designated content in these

2   documents as "Confidential" or "Highly Confidential," it is their burden to establish that the

3   designated material is in fact sealable. Civ. L. R. 79-5(d).

4       5.      **Exhibits 3 and 6** to the Declaration of Shaun M. Van Horn in Support of the

5   Opposition are expert reports and deposition testimony that contain confidential, nonpublic,

6   proprietary, and highly sensitive information about Mitsubishi Electric's sales processes,

7   business practices, internal practices, and confidential business and/or competitive positions. I

8   am informed and believe that this is sensitive information and public disclosure of this

9   information presents a risk of undermining Mitsubishi Electric's business relationships, would

10  cause it harm with respect to its competitors and customers, and would put Mitsubishi Electric at

11  a competitive disadvantage.

12      I declare under penalty of perjury under the laws of the State of California and the United

13  States that the foregoing is true and correct.

14      Executed this 27th day of February, 2015 at Chicago, Illinois.

15

16                          JENNER & BLOCK LLP

17                          *By:*   /s/ Gabriel A. Fuentes

18

19

20

21

22

23

24

25

26

27

28