SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:   415-434-9100
Facsimile:   415-434-3947
E-mail:   ghalling@sheppardmullin.com
          jmcginnis@sheppardmullin.com
          mscarborough@sheppardmullin.com
          tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF VARIOUS MOTIONS TO SEAL [DKT NOS. 3648, 3650, 3698, 3701, 3705, 3708]** |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS<br><br>ALL INDIRECT PURCHASER ACTIONS<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs. N.V., et al.*, No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261; | |

1  *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

2  *Best Buy Co., et al. v. Technicolor SA, et al.,* No. 13-cv-05264;

3  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

4  *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

5  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

6  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514-SC;

7  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510

I, TYLER M. CUNNINGHAM, do declare and state as follows:

1. I am a member of the bar of the State of California and an associate with Sheppard, Mullin, Richter & Hampton LLP, counsel of record for defendants Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively "SDI") in these actions. I make this declaration in support of the following motions:

- Direct Action Plaintiffs' Administrative Motion to Seal Portions of their Response in Opposition to Defendants' Motion in Limine # 12 (Dkt. No. 3648);
- Direct Action Plaintiffs' Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 79-5(e) and 7-11 (Dkt. No. 3650);
- Plaintiffs' Administrative Motion to File Documents Under Seal Pursuant to Civil Local Rules 7-11 and 79-5 (Dkt. No. 3698);
- Sharp Plaintiffs' Administrative Motion to File Documents Related to Sharp Electronics Corporation & Sharp Electronics Manufacturing Company of America, Inc.'s Opposition to Defendants' Motions in Limine Nos. 9 and 15 Under Seal Pursuant to Civil Local Rules 7-11, 79-5(b), and 79-5(e) (Dkt. No. 3701);
- Thomson Defendants' Administrative Motion to File Under Seal Portions of Response of Defendants Thomson S.A., Thomson Consumer Electronics, Inc., Koninklijke Philips N.V., Philips Electronics North America Corporation, and the Toshiba Defendants in Opposition to Sharp's Motion in Limine to Exclude Evidence Related to the Role of Sharp Companies in the TFT-LCD Antitrust Litigations (Dkt. No. 3705); and
- Mitsubishi Electric Defendants' Administrative Motion to File Documents Under Seal (Dkt. No. 3708).

2. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

3.     SDI has disclosed or produced to the parties in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008 (Dkt. No. 306) ("Protective Order").

4.     On February 27, 2015, Direct Action Plaintiffs filed a Response in Opposition to Defendants' Motion in Limine # 12 (Dkt. 3648-3) and the supporting Declaration of Jonathan J. Ross ("Ross Declaration"). Ross Declaration Exhibit E is a document designated "Highly Confidential" by SDI, bearing Bates No. SDCRT-0002520 to SDCRT-0002522.

5.     On February 27, 2015, Direct Action Plaintiffs filed a Response in Opposition to Defendants' Motion in Limine to Exclude Evidence of "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices (Dkt. No. 3658) and the supporting Declaration of Samuel Randall ("Randall Declaration"). I am informed and believe that Randall Declaration Exhibit 1 describes, cites to or quotes documents or deposition testimony that SDI has designated "Confidential" or "Highly Confidential" pursuant to the Protective Order.

6.     On February 27, 2015, Plaintiffs Best Buy and ViewSonic filed their Opposition to Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s Motion in Limine to Exclude Opinions Regarding Actual Damages Attributable to the Chunghwa Defendants (Dkt. No. 3698-3) and the supporting Declaration of Lucas A. Messenger ("Messenger Declaration"). I am informed and believe that Messenger Declaration Exhibits L and M describe, cite to or quote documents, deposition testimony, data or information that SDI has designated "Confidential" or "Highly Confidential" pursuant to the Protective Order.

7.     On February 27, 2015, the Sharp Plaintiffs filed their Opposition to Defendants' Motions in Limine Nos. 9 and 15 (Dkt. No. 3701-4) and the supporting Declaration of Craig A. Benson ("Benson Declaration"). I am informed and believe that Benson Declaration Exhibit 4 describes, cites to or quotes documents or deposition testimony that SDI has designated "Confidential" or "Highly Confidential" pursuant to the Protective Order.

8.     On February 27, 2015, certain Thomson, Philips and Toshiba Defendants filed their Opposition to Sharp's Motion in Limine to Exclude Evidence Related to the Role of Sharp Companies in the TFT-LCD Antitrust Litigations (Dkt. No. 3706) ("Opposition"). I am

-2-

1  informed and believe that Exhibits E, F and G to the Opposition describe, cite to or quote
2  documents or deposition testimony that SDI has designated "Confidential" or "Highly
3  Confidential" pursuant to the Protective Order.
4         9.     On February 27, 2015, Defendants Mitsubishi Electric Corporation,
5  Mitsubishi Electric U.S., Inc. and Mitsubishi Electric Visual Solutions America, Inc. filed their
6  Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification (Dkt. No. 3709) and the
7  Declaration of Shaun M. Van Horn in support thereof ("Van Horn Declaration"). I am informed
8  and believe that Van Horn Declaration Exhibit 1 describes, cites to or quotes documents or
9  deposition testimony that SDI has designated "Confidential" or "Highly Confidential" pursuant to
10 the Protective Order.
11        10.    I am informed and believe that the documents described in Paragraphs 4
12 through 9 consist of, quote from, cite to and/or contain confidential, non-public and highly
13 sensitive business information concerning SDI's sales, pricing, business and supply practices
14 and/or competitive positions. Upon information and belief, disclosure of this information would
15 risk undermining SDI's business relationships and would place SDI at a competitive disadvantage.
16        11.    I am informed and believe that SDI considers any statements in any
17 memorandum or brief purporting to describe or summarize these exhibits to be confidential, and
18 that public disclosure of that information would risk undermining SDI's business relationships and
19 would place SDI at a competitive disadvantage.
20        12.    Accordingly, SDI requests that the Court maintain under seal the following
21 documents and excerpts:
22  - Ross Declaration Exhibit E and all references thereto in Direct Action
23    Plaintiffs' Response in Opposition to Defendants' Motion in Limine # 12;
24  - Randall Declaration Exhibit 1 and all references thereto in Direct Action
25    Plaintiffs' Response in Opposition to Defendants' Motion in Limine to
26    Exclude Evidence of "Spillover" or "Ripple" Effects of Foreign Price-
27    Fixing Activities on U.S. Prices;
28  - Messenger Declaration Exhibits L and M and all references thereto in

-3-

1 | Plaintiffs Best Buy and ViewSonic's Opposition to Chunghwa Picture
2 | Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.'s Motion in
3 | Limine to Exclude Opinions Regarding Actual Damages Attributable to the
4 | Chunghwa Defendants;

- Benson Declaration Exhibit 4 and all references thereto in Sharp Plaintiffs' Opposition to Defendants' Motions in Limine Nos. 9 and 15;
- Exhibits E, F and G to certain Thomson, Philips and Toshiba Defendants' Opposition to Sharp's Motion in Limine to Exclude Evidence Related to the Role of Sharp Companies in the TFT-LCD Antitrust Litigations, and all references thereto in the Opposition;
- Van Horn Declaration Exhibit 1 and all references thereto in Defendants Mitsubishi Electric Corporation, Mitsubishi Electric U.S., Inc. and Mitsubishi Electric Visual Solutions America, Inc.'s Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on March 3, 2015 at San Francisco, California.

*/s/ Tyler M. Cunningham*
TYLER M. CUNNINGHAM