1 | DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
2 | DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
3 | 767 Fifth Avenue
New York, New York 10153-0119
4 | Telephone: (212) 310-8000
Facsimile: (212) 310-8007
5 | E-mail: adam.hemlock@weil.com

6 | BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
7 | 201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
8 | Telephone: (650) 802-3000
Facsimile: (650) 802-3100
9 | E-mail: bambo.obaro@weil.com

10 | JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
11 | EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
12 | **WINSTON & STRAWN LLP**
200 Park Avenue
13 | New York, New York 10166-4193
Telephone: (212) 294-6700
14 | Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

15

16 | *Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF DAPS' ADMINISTRATIVE MOTION TO SEAL**<br><br>**[re Panasonic Documents in Dkt. 3650]** |
| This Document Relates to:<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;<br><br>*Best Buy Co., Inc. v. Hitachi, Ltd.*, No. 11-cv-05513;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;<br><br>*Sears, Roebuck and Co., & Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514-SC; | |

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*View sonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510

I, Adam C. Hemlock, hereby declare as follows:

1. I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in this action. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a Stipulated Protective Order in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3. On February 27, 2015, certain of the Direct Action Plaintiffs ("DAPs")[1] filed an Administrative Motion to Seal (Dkt. 3650) and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

    a. Certain exhibits to the Declaration of Samuel Randall ("Randall Declaration") in Support of DAPs' Response in Opposition to Defendants' Motion in Limine to Exclude "Spillover" or "Ripple" Effect of Foreign Price-Fixing Activities on U.S. Prices ("DAPs' Opposition to Defendants' MIL No. 8").

---

[1] The Direct Action Plaintiffs that are parties to this Motion are Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C.; Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Sears, Roebuck and Co.; Kmart Corporation; Target Corp.; and Viewsonic Corporation.

- 1 -

4. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Protective Order. Specifically, the Panasonic Defendants request that the following document be maintained under seal: Exhibit 1 to the Randall Declaration.

5. Attached as Exhibit 1 to the Randall Declaration are excerpts of the Rebuttal Expert Report of Dr. Kenneth G. Elzinga dated September 26, 2014, designated as "Highly Confidential" by the DAPs.

6. Upon information and belief, Exhibit 1 to the Randall Declaration consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information. Exhibit 1 contains, cites, and/or identifies confidential information and documents about the Panasonic Defendants' internal practices, sales practices, business practices and competitive position. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7. I understand that the Panasonic Defendants consider any statements in DAPs' Opposition to Defendants' MIL No. 8 purporting to summarize the exhibits or any other documents or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the exhibit sought to be sealed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 3, 2015 at New York, New York.

By: _/s/ Adam C. Hemlock_
ADAM C. HEMLOCK

- 2 -

DECL. OF ADAM C. HEMLOCK I/S/O DAPS' ADMIN. MOT. TO SEAL DAPs' OPP. TO DEFs' MIL No. 8

Case No. 07-5944 SC
MDL No. 1917