DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
DAVID E. YOLKUT (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: adam.hemlock@weil.com

BAMBO OBARO (267683)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
E-mail: bambo.obaro@weil.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-7400
E-mail: jkessler@winston.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF ADAM C. HEMLOCK IN SUPPORT OF DAPS' ADMINISTRATIVE MOTION TO SEAL**<br><br>**[re Panasonic Documents in Dkt. 3695]** |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, Case No. 13-cv-1173 SC;<br><br>and<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V.*, et al., Case No. 13-cv-2776 SC. | |

1     I, Adam C. Hemlock, hereby declare as follows:

2     1.     I am an attorney with Weil, Gotshal & Manges LLP, counsel for Defendants Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, the "Panasonic Defendants") in this action.  I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*.  Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.     On June 18, 2008, the Court approved a Stipulated Protective Order in this matter (No. 07-cv-05944, Dkt. No. 306, amended at Dkt. No. 1142) (the "Protective Order").

3.     On February 27, 2015, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp") filed an Administrative Motion to Seal (Dkt. 3695) and filed conditionally under seal, pursuant to Civil Local Rule 7-11, the following documents:

    a.     Portions of Sharp's Opposition to the Toshiba Defendants' Motion in Limine to Exclude Evidence of Toshiba's Sales to Sharp Corporation ("Sharps' Opposition to Toshiba's MIL to Exclude Sales to Sharp").

    b.     Certain exhibits to the Declaration of Craig A. Benson in Support of Sharps' Opposition to Toshiba's MIL to Exclude Sales to Sharp ("Benson Declaration").

4.     Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal certain documents and information quoted from, described, or otherwise summarized that have been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Protective Order. Specifically, the Panasonic Defendants request that the following documents be maintained under seal: (i) Exhibit 1 to the Benson Declaration; (ii) Exhibit 4 to the Benson Declaration; and (iii) all references to information in Sharps' Opposition to Toshiba's MIL to Exclude Sales to Sharp

- 1 -

1  designated "Confidential" or "Highly Confidential" by the Panasonic Defendants under the terms of
2  the Protective Order.

3       5.     Attached as Exhibit 1 to the Benson Declaration is document MTPD-0024384,
4  designated as "Confidential" by the Panasonic Defendants.

5       6.     Upon information and belief, the document in Exhibit 1 to the Benson Declaration
6  consists of, and/or identifies confidential, nonpublic, proprietary and highly sensitive business
7  information. The document contains and/or identifies confidential information about the Panasonic
8  Defendants' internal practices, sales practices, business practices and competitive position. I am
9  informed and believe that this is sensitive information and public disclosure of this information
10 presents a risk of undermining the Panasonic Defendants' business relationships, would cause it
11 harm with respect to its competitors and customers, and would put the Panasonic Defendants at a
12 competitive disadvantage.

13      7.     Attached as Exhibit 4 to the Benson Declaration is a true and correct copy of a
14 relevant excerpt from the deposition of Dr. Jerry A. Hausman, dated July 23, 2014, designated as
15 "Confidential" by Sharp.

16      8.     Upon information and belief, the document in Exhibit 4 to the Benson Declaration
17 consists of, and/or identifies confidential, nonpublic, proprietary and highly sensitive business
18 information. The documents contain and/or identify confidential information about the Panasonic
19 Defendants' internal practices, sales practices, business practices and competitive position. I am
20 informed and believe that this is sensitive information and public disclosure of this information
21 presents a risk of undermining the Panasonic Defendants' business relationships, would cause it
22 harm with respect to its competitors and customers, and would put the Panasonic Defendants at a
23 competitive disadvantage.

24      9.     I understand that the Panasonic Defendants consider any statements in Sharps'
25 Opposition to Toshiba's MIL to Exclude Sales to Sharp purporting to summarize the exhibits or any
26 other documents or information designated "Confidential" or "Highly Confidential" by the
27 Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic

28

- 2 -

DECL. OF ADAM C. HEMLOCK I/S/O SHARP'S ADMIN. MOT.       Case No. 07-5944 SC
TO SEAL OPP. TO MIL RE SALES TO SHARP       MDL No. 1917

1  Defendants have taken reasonable steps to preserve the confidentiality of information of the type
2  contained, identified, or cited to in the documents sought to be sealed.
3      I declare under penalty of perjury that the foregoing is true and correct.
4      Executed on March 3, 2015 at New York, New York.

By:   */s/ Adam C. Hemlock*
       ADAM C. HEMLOCK

- 3 -

DECL. OF ADAM C. HEMLOCK I/S/O SHARP'S ADMIN. MOT.     Case No. 07-5944 SC
TO SEAL OPP. TO MIL RE SALES TO SHARP     MDL No. 1917