JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513-SC;<br><br>*ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510-SC. | Case No. 07-5944 SC<br><br>MDL. No. 1917<br><br>**DECLARATION OF JENNIFER M. STEWART IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 21 TO EXCLUDE OPINIONS REGARDING ACTUAL DAMAGES ATTRIBUTABLE TO THE CHUNGHWA DEFENDANTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** |

I, Jennifer M. Stewart, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On February 27, 2015, Plaintiffs filed an Administrative Motion to Seal (Dkt. 3698), and lodged conditionally under seal the following documents pursuant to Civil Local Rules 7-11 and 79-5(d):

   (a) Portions of Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 21 to Exclude Opinions Regarding Actual Damages Attributable to the Chunghwa Defendants ("Opposition");

   (b) Portions of the Declaration of Alan S. Frankel filed in support of the Opposition (the "Frankel Declaration"); and

   (c) Exhibits A-C and G-M attached to the Declaration of Lucas A. Messenger filed in Support of Plaintiffs' Opposition ("Messenger Declaration").

3. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal Exhibits A and B to the Frankel Declaration, and Exhibit C to the Messenger Declaration, which consist of, cite to, and/or identify information that has been designated by the Panasonic Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

4. Attached as Exhibit A to the Frankel Declaration is a true and correct copy of Table 1 reflecting alleged damages attributable to Chunghwa, which is designated by Plaintiffs as "Highly

- 1 -

Confidential." Exhibit A contains and/or reflects information that has been designated by Panasonic Defendants as "Highly Confidential" or "Confidential."

5. Attached as Exhibit B to the Frankel Declaration is a true and correct copy of Table 2 reflecting alleged indirect purchases of televisions attributable to Chunghwa, which is designated by Plaintiffs as "Highly Confidential." Exhibit B contains and/or reflects information that has been designated by Panasonic Defendants as "Highly Confidential" or "Confidential."

6. Upon information and belief, Exhibits A and B consist of, cite to, and/or identify confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' business practices and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

7. Attached as Exhibit C to the Messenger Declaration is a true and correct copy of the Rebuttal Report of Dr. McClave ("McClave Report"), dated September 26, 2014 and designated by Plaintiffs as "Highly Confidential." The McClave Report consists of, cites to, quotes from, and/or otherwise summarizes the Expert Report of Dr. Darrell Williams designated by Panasonic Defendants as "Highly Confidential."

8. Upon information and belief, Exhibit C consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information about the Panasonic Defendants' business practices and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining the Panasonic Defendants' business relationships, would cause it harm with respect to its competitors and customers, and would put the Panasonic Defendants at a competitive disadvantage.

9. As with the exhibits themselves, I understand that the Panasonic Defendants consider any statements in the Opposition and Frankel Declaration purporting to summarize the Exhibits or any other documents or information designated as "Highly Confidential" or "Confidential" by Panasonic Defendants confidential and proprietary. I am informed and believe that the Panasonic

Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in the Opposition, Frankel Declaration, Exhibits A and B to the Frankel Declaration, and Exhibit C to the Messenger Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  March 3, 2015                                By:  /s/ *Jennifer Stewart*
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
JENNIFER M. STEWART (*pro hac vice*)
Email:  jstewart@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*