Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: max.cooper@kirkland.com
Email: eadelson@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols *(pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC |
| | MDL NO. 1917 |
| This Document Relates to: *All Indirect Purchaser Actions* *All Direct Purchaser Actions* | **DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF VARIOUS PARTIES' ADMINISTRATIVE MOTIONS TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d) [ECF 3672, 3682, 3690, 3698, 3701, 3705]** |

I, James Maxwell Cooper, declare as follows:

1. I am an attorney licensed to practice in the State of California and the Northern District of California. I am an associate with Kirkland & Ellis LLP, and counsel for Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

3. On June 18, 2008 the Court approved a "Stipulated Protective Order" in this matter (ECF No. 0306).

4. The Hitachi Defendants have disclosed or produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d) and the Stipulated Protective Order, I make this declaration on behalf of the Hitachi Defendants to provide the Court with a basis to maintain under seal certain documents that quote from, contain, reflect, describe, or are documents or information designated by Hitachi Defendants as "Confidential" or "Highly Confidential."

6. On February 27, 2015 the Indirect Purchaser Plaintiffs filed their Response to Defendants' Joint Motion *in Limine* No. 6: To Exclude Improper Characterizations of or References to Defendants and Alleged Co-Conspirators (ECF No. 3673, "IPP Response to Defendants' MIL No. 6"), the Declaration of Gerard A. Dever in Support of the IPP Response to Defendants' MIL No. 6 (ECF No. 3673-1, "Dever Declaration"), and the Indirect Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5 re IPP Response to Defendants' MIL No. 6 (ECF No. 3672). I am informed and believe that Exhibit A to the Dever Declaration, a true and correct copy of a Hitachi email (HDP-CRT00048694E-695E), was designated by the Hitachi Defendants as "Highly Confidential" pursuant to the Stipulated Protective Order.

7. On February 27, 2015, Sharp Electronics Corporation and Sharp Electronics

1  Manufacturing Company of America, Inc. filed their Opposition to Defendants' Motion in Limine
2  Nos. 9 and 15 (ECF No. 3701-4, "Sharp's Opposition to Defendants' MILs No. 9 and 15"), the
3  Declaration of Craig A. Benson in Support of Sharp's Opposition to Defendants' MILs No. 9 and 15
4  (ECF No. 3701-5, "Benson Declaration re MILs No. 9 and 15"), and the Sharp Plaintiffs'
5  Administrative Motion to File Documents Related to Sharp's Opposition to Defendants' MILs No. 9
6  and 15 Under Seal Pursuant to Civil Local Rules 7-11, 79-5(b), and 79-5(e) (ECF No. 3701).   I am
7  informed and believe that the following documents cite to or quote from documents that the Hitachi
8  Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated
9  Protective Order:

      a.   Exhibit 4 to the Benson Declaration re MILs No. 9 and 15, a true and correct copy of the Expert Report of Jerry A. Hausman, dated July 23, 2014; and

      b.   Exhibit 9 to the Benson Declaration re MILs No. 9 and 15, a true and correct copy of the Rebuttal Expert Report of Jerry A. Hausman, dated September 26, 2014.

14       8.     On February 27, 2015, Best Buy Co. Inc., Best Buy Purchasing LLC, Best Buy
15  Enterprise Services, Inc., Best Buy Stores L.P., and Bestbuy.com, LLC filed their Opposition to
16  Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) SDN. BHD.'s Motion *in*
17  *Limine* to Exclude Opinions Regarding Actual Damages Attributable to the Chunghwa Defendants
18  (ECF No. 3700, "Best Buy's Opposition to Chunghwa's MIL"), the Declaration of Lucas A.
19  Messenger in Support of Best Buy's Opposition to Chunghwa's MIL (ECF No. 3700-5, "Messenger
20  Declaration"), and the Plaintiffs' Administrative Motion to File Under Seal Pursuant to Civil Local
21  rules 7-11 and 79-5 (ECF No. 3698).   I am informed and believe that the following documents cite
22  to or quote from documents that the Hitachi Defendants have designated as "Confidential" or
23  "Highly Confidential" pursuant to the Stipulated Protective Order:

      a.   Pages 3:26-27; 4:6-12; 4:19-5-5; 5:6-7 of Best Buy's Opposition to Chunghwa's MIL;

      b.   Exhibit C to the Messenger Declaration, a true and correct copy of Dr. McClave's rebuttal report dated September 26, 2014;

      c.   Exhibit G to the Messenger Declaration, a true and correct copy of Dr. Frankel's

1  expert report on behalf of Best Buy dated April 15, 2014; and

2      d. Exhibit I to the Messenger Declaration, a true and correct copy of Dr. Frankel's expert report on behalf of ViewSonic, dated June 6, 2014.

9. On February 27, 2015, Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. filed their Opposition to Joint Defense Motion *in Limine* No. 10 – Motion to Exclude Evidence of Any Alleged CDT Price-Fixing Conspiracy (ECF No. 3690-4, "Sharp's Opposition to Defendants' MIL No. 10"), the Declaration of Craig A. Benson in Support of Sharp's Opposition to Defendants' MIL No. 10 (ECF No. 3690-5, "Benson Declaration re MIL No. 10"), and Sharp's Administrative Motion to File Documents Related to Sharp's Opposition to Joint Defense Motion *in Limine* No. 10 Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(b) (ECF No. 3690).   I am informed and believe that the following documents cite to or quote from documents that the Hitachi Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order:

    a. Pages 4:20-5:5 of Sharp's Opposition to Defendants' MIL No. 10; and

    b. Exhibit D to the Benson Declaration re MIL No. 10, a true and correct copy of HDP-CRT00025646.

10. On February 27, 2015, Best Buy Co. Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores L.P., and Bestbuy.com, LLC filed Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 11 to Exclude References to Documents or Behavior Not in Evidence (ECF No. 3686, "Best Buy's Opposition to Defendants' MIL No. 11"), the Declaration of Jill S. Casselman in Support of Best Buy's Opposition to Defendants' MIL No. 11 (ECF No. 3686-1, "Casselman Declaration"), and the Plaintiffs' Administrative Motion to File Under Seal Pursuant to Civil Local rules 7-11 and 79-5 (ECF No. 3682).   I am informed and believe that the following documents cite to or quote from documents that the Hitachi Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order:

    a. Pages 2:19-3:7; 5:5-16; 6:24-7:1; 8:5-10 of Best Buy's Opposition to Defendants' MIL No. 10;

    b. Exhibit 2 to the Casselman Declaration, a true and correct copy of selections from the

Expert Rebuttal Report of Dr. Kenneth G. Elzinga, dated September 26, 2014; and

    c.    Exhibit 3 to the Casselman Declaration, a true and correct copy of E-Mail Communications cited in the Elzinga Rebuttal Report.

11.    On February 27, 2015, Thomson S.A. and Thomson Consumer Electronics, Inc. filed the Response of Defendants' Thomson S.A., Thomson Consumer Electronics, Inc., Koninklijke Philips N.V., Philips Electronics North America Corporation, and the Toshiba Defendants in Opposition to Sharp's Motion *in Limine* to Exclude Evidence Related to the Role of Sharp Companies in the TFT-LCD Antitrust Litigations (ECF No. 3706, "Thomson's Opposition to Sharp's MIL"), the Declaration of Steven M. Judge in Support of Thomson's Opposition to Sharp's MIL (ECF No. 3713, "Judge Declaration"), and the Thomson Defendants' Administrative Motion to File Under Seal Portions of Thomson's Opposition to Sharp's MIL (ECF No. 3705).   I am informed and believe that the following documents cite to or quote from documents that the Hitachi Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order:

    a.    Page 6:8-21 of Thomson's Opposition to Sharp's MIL;

    b.    Exhibit E to the Judge Declaration, a true and correct copy of the Expert Report of Kenneth G. Elzinga, dated April 15, 2014;

    c.    Exhibit F to the Judge Declaration, a true and correct copy of the Reply Expert Report of Kenneth G. Elzinga, dated August 5, 2014; and

    d.    Exhibit G to the Judge Declaration, a true and correct copy of the Expert Report of Janet S. Netz, dated April 15, 2014.

12.    I am informed and believe that the documents described in paragraphs six through eleven, and subparts thereto, consist of, quote from, and/or contain confidential, non-public, proprietary, and highly sensitive business information.  The documents contain confidential, non-public information about the Hitachi Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies that remain important to the Hitachi Defendants' competitive positions. Upon information and belief, the public disclosure of this sensitive information presents a risk of undermining the Hitachi Defendants'

relationships and would put the Hitachi Defendants at a competitive disadvantage

13. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in paragraphs six through eleven, and subparts thereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of March at San Francisco, California.

                   */s/ James Maxwell Cooper*
                   James Maxwell Cooper