GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Indirect-Purchaser Class Action*<br><br>*Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.*, No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd.*, et al., No. 11-cv-05514;<br><br>*Target Corp. v. Technicolor SA, et al.*, No. 13-cv- | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>**[RE IPP RESPONSE TO DEFS.' MIL NO. 6]** |

05686;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 11-cv-05514;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced actions.

2. I submit this declaration in support of the Indirect Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5 [Re IPP Response to Defs.' MIL No. 6] (Case No. 07-cv-05944, Dkt. No. 3672) to provide the basis to maintain under seal the document identified below.

3. I have reviewed the following document submitted under seal to the Court in connection with the Indirect Purchase Plaintiffs' Response to Defendants' Joint Motion *In Limine* to Exclude Improper Characterizations or References to Defendants and Alleged Co-Conspirators ("Response"):

- CPT document CHU00028755E – CHU00028756, internal report of March 12, 1997 meeting (Declaration of Gerard A. Dever in Support of Response, Ex. B).

4. The document identified in paragraph 3 of this declaration is designated as "Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-05944, Dkt. No. 306). CPT designated this document as "Confidential" because it is an internal report prepared by CPT employees for review and analysis by CPT supervisors.

5. The CPT document identified in paragraph 3 of this declaration is a report that was prepared by CPT employees strictly for internal purposes. It consists of confidential, nonpublic,

proprietary and sensitive business information. It contains recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management.

6. On information and belief, disclosure of the document identified in paragraph 3 would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of March 2015, at San Francisco, California.

By:     /s/ *Rachel S. Brass*
           Rachel S. Brass