GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN V. SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*All Indirect Purchaser Actions*;<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture tubes, Ltd.*, No. 11-cv-05514;<br><br>*Sharp Electronics Corp. v. Hitachi, Ltd.*, No. 13-cv-01173;<br><br>*Sharp Electronics Corp. v. Koninklijke Philips Electronics, N.V., et al.*, No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261 | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DIRECT ACTION PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THEIR RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #12 [D.E. 3568] PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 13-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510.

I, Rachel S. Brass, hereby declare as follows:

1. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively "CPT") in the above-referenced actions.

2. I submit this declaration in support of Direct Action Plaintiffs' Administrative Motion to Seal Portions of Their Response in Opposition to Defendants' Motion in Limine #12 [D.E. 3568] Pursuant to Civil Local Rules 7-11 and 79-5(d) (Case No. 07-cv-05944, Dkt. No. 3648) to provide the basis to maintain under seal the documents identified below.

3. I have reviewed the following documents submitted under seal to the Court in connection with Direct Action Plaintiffs' Response in Opposition to Defendants' Motion in Limine No. 12 [D.E. 3568] ("Response"):[1]

- CPT document CHU00028768.01E – CHU00028770E, internal report of January 28, 1997 meeting (Declaration of Jonathan J. Ross in Support of Response ("Ross Decl."), Ex. B).

- CPT document CHU00029235 – CHU00029237, internal report of April 15, 1999 meeting (Ross Decl., Ex. C).

- CPT document CHU00029131E – CHU00029137E, internal report of May 25, 2000 meeting (Ross Decl., Ex. F).

---

[1] DAPs' motion to seal only seeks to seal the unredacted opposition brief, but these documents were also submitted under seal in connection with the Response and should remain under seal. The Court previously granted motions to seal these same documents. ECF No. 3498 (granting ECF Nos. 3261 and 3262).

2

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL,
CASE NO. 3:07-cv-5944 SC, MDL No. 1917

- CPT document CHU00029171E – CHU00029174E, internal report of October 27, 1999 meeting (Ross Decl., Ex. G).

4. The documents identified in paragraph 3 of this declaration are designated as "Confidential" pursuant to the Stipulated Protective Order entered in this case (Case No. 07-cv-05944, Dkt. No. 306). CPT designated these documents as "Confidential" because they are internal reports prepared by CPT employees for review and analysis by CPT supervisors.

5. The CPT documents identified in paragraph 3 of this declaration are reports that were prepared by CPT employees strictly for internal purposes. They consist of confidential, nonpublic, proprietary and sensitive business information. They contain recommendations and analysis of sales, pricing, and customer conditions that CPT employees submitted for consideration by senior management.

6. On information and belief, disclosure of the documents identified in paragraph 3 would undermine CPT's business relationships, cause it harm with respect to its competitors and customers, and put CPT at a competitive disadvantage.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 3rd day of March 2015, at San Francisco, California.

By: _____/s/ *Rachel S. Brass*_____
Rachel S. Brass

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL,
CASE NO. 3:07-cv-5944 SC, MDL No. 1917