Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Electronic Components, Inc.*, *and Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 SC<br>MDL No. 1917<br><br>**DECLARATION OF DANA E. FOSTER IN SUPPORT OF THOMSON DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF RESPONSE OF DEFENDANTS THOMSON S.A., THOMSON CONSUMER ELECTRONICS, INC., KONINKLIJKE PHILIPS N.V., PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, AND THE TOSHIBA DEFENDANTS IN OPPOSITION TO SHARP'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THE ROLE OF SHARP COMPANIES IN THE TFT-LCD ANTITRUST LITIGATIONS** |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al.*, No. 13-cv-01173;<br><br>*Sharp Electronics Corp. et al. v. Koninklijke Philips Electronics, N.V.*, No. 13-cv-2776. | |

I, Dana E. Foster, hereby declare as follows:

1. I am an attorney with the law firm of White & Case LLP, attorneys for Defendants Toshiba Corporation ("Toshiba Corp."), Toshiba America, Inc., Toshiba America Consumer Products, L.L.C. ("TACP"), Toshiba America Electronic Components, Inc. ("TAEC"), and Toshiba America Information Systems, Inc. (collectively, the "Toshiba Defendants"). I make this declaration in support of the Thomson Defendants' Administrative Motion To File Under Seal Portions Of Response Of Defendants Thomson S.A., Thomson Consumer Electronics, Inc., Koninklijke Philips N.V., Philips Electronics North America Corporation, and The Toshiba Defendants In Opposition To Sharp's Motion In Limine To Exclude Evidence Related To The Role Of Sharp Companies In The TFT-LCD Antitrust Litigations (Dkt. No. 3705) (the "Motion to Seal").

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Toshiba Defendants have produced in this action certain documents and testimony designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. On February 27, 2015, Thomson Consumer, Inc. and Thomson S.A. (the "Thomson Defendants") filed the Motion to Seal, and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), portions of certain Defendants' Response In Opposition To Sharp's Motion In Limine To Exclude Evidence Related To The Role Of Sharp Companies In The TFT-LCD Antitrust Litigations (Dkt. Nos. 3705-3) (the "Opposition") and exhibits thereto.

6. On February 27, 2015, the Thomson Defendants filed the Declaration of Stephen M. Judge in Support of the Motion to Seal (Dkt. No. 3705-1), which states that

the redacted portions of the Opposition and the sealed exhibits thereto contain excerpts from, or statements derived from documents and testimony that have been designated as "Confidential" or "Highly Confidential" under the Stipulated Protective Order.

7. Pursuant to Civil Local Rules 7-11 and 79-5, and the Stipulated Protective Order, the following materials should be maintained under seal:

    a. Exhibit E to the Opposition, which is the Expert Report of Dr. Kenneth G. Elzinga, dated April 15, 2014, that:

        i. On page 17, describes or summarizes testimony from the transcript of the depositions of Jay Alan Heinecke, Koji Kurosawa, and Richard Huber that the Toshiba Defendants have designated as "Highly Confidential" under the Stipulated Protective Order;

        ii. On pages 13, 97-98, 100-01, and 105, describes or summarizes testimony from the transcript of the deposition of Kazuhiro Nishimaru that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

        iii. On pages 13, 96, 100, and 118, describes or summarizes testimony from the transcript of the deposition of Yasuki Yamamoto that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

        iv. On pages 69-71, quotes from, describes, or summarizes a translation of a document Bates-labeled TSB-CRT-00035348 – TSB-CRT-00035349 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

        v. On pages 111-12, describes or summarizes a translation of a document Bates-labeled TSB-CRT-00042493 – TSB-CRT-00042495 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

    vi.  On pages 111-12, quotes from, describes, or summarizes a translation of a document Bates-labeled TSB-CRT-00041870 – TSB-CRT-00041871 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

    vii.  On pages 111 and 118, describes or summarizes a translation of a document Bates-labeled TSB-CRT-00041721 – TSB-CRT-00041724 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

    viii.  On page 111, quotes from, describes, or summarizes a translation of a document Bates-labeled TSB-CRT-00041746 – TSB-CRT-00041749 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

    ix.  On page 166, quotes from, describes, or summarizes a translation of a document Bates-labeled TSB-CRT-00041862 – TSB-CRT-00041863 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

    x.  On pages 112-13 and 117, quotes from, describes, or summarizes a document Bates-labeled TAEC-CRT-00088054 – TAEC-CRT-00088055 that TAEC has designated as "Confidential" under the Stipulated Protective Order;

    xi.  On pages 112-13 and 116-17, quotes from, describes, or summarizes a document Bates-labeled TAEC-CRT-00088715 – TAEC-CRT-00088716 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

    xii.  On pages 112-13 and 117, describes or summarizes a document Bates-labeled TAEC-CRT-00089968 – TAEC-CRT-00089969 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

xiii. On pages 111-12, quotes from, describes, or summarizes a translation of a document Bates-labeled TSB-CRT-00039414 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

xiv. On pages 111-12, quotes from, describes, or summarizes a translation of a document Bates-labeled TSB-CRT-00039415 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

xv. On pages 112-13 and 117, describes or summarizes a document Bates-labeled TAEC-CRT-00090127 – TAEC-CRT-00090128 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

xvi. On pages 112-13 and 118, describes or summarizes a document Bates-labeled TAEC-CRT-00087223 – TAEC-CRT-00087224 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

xvii. On pages 112-13, 115-16, and 120, quotes from, describes, or summarizes a document Bates-labeled TAEC-CRT-00088432 – TAEC-CRT-00088434 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

xviii. On pages 112-13 and 119, describes or summarizes a document Bates-labeled TAEC-CRT-00089342 – TAEC-CRT-00089344 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

xix. On pages 112-13 and 120, describes or summarizes a document Bates-labeled TAEC-CRT-00093312 – TAEC-CRT-00093313 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

xx. On pages 112-13 and 120, describes or summarizes a document Bates-labeled TAEC-CRT-00096166 – TAEC-CRT-00096168, that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

xxi. On pages 112-13 and 120, describes or summarizes a document Bates-labeled TAEC-CRT-00096935 – TAEC-CRT-00096937 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

xxii. On pages 112-13 and 120, describes or summarizes a document Bates-labeled TAEC-CRT-00091750 – TAEC-CRT-00091751 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order; and

xxiii. On pages 112-13 and 120, describes or summarizes a document Bates-labeled TAEC-CRT-00095236 – TAEC-CRT-00095237 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order; and

b. Exhibit G to the Opposition, which is the Expert Report of Janet S. Netz, Ph.D, dated April 15, 2014, that:

i. On pages 11, 14, 15, 22, and 95, quotes from, describes, or summarizes portions of the transcript of the deposition of Jay Alan Heinecke that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

ii. On page 20, quotes from, describes, or summarizes a document Bates-labeled TAEC-CRT-00065484 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

iii. On page 20, quotes from, describes, or summarizes a document Bates-labeled TET-CRT-00003403 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

    iv.  On page 20, quotes from, describes, or summarizes a document Bates-labeled TAEC-CRT-00018123 that TAEC has designated as "Confidential" under the Stipulated Protective Order;

    v.  On page 51, quotes from, describes, or summarizes a document Bates-labeled TSB-CRT-00035348 – TSB-CRT-00035349 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

    vi.  On pages 63-64, quotes from, describes, or summarizes a document Bates-labeled TSB-CRT-00042440 – TSB-CRT-00042443 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

    vii.  On page 64, quotes from, describes, or summarizes a document Bates-labeled TSB-CRT-00041746 – TSB-CRT-00041749 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

    viii.  On pages 77-78, quotes from, describes, or summarizes a document Bates-labeled TSB-CRT-00039194 – TSB-CRT-00039196 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

    ix.  On pages 79 and 81, quotes from, describes, or summarizes portions of the transcript of the deposition of Kazuhiro Nishimaru that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

    x.  On page 81, quotes from, describes, or summarizes a document Bates-labeled TAEC-CRT-00084530 that TAEC has designated as "Confidential" under the Stipulated Protective Order;

    xi.  On page 109, quotes from, describes, or summarizes portions of the transcript of the Rule 30(b)(6) deposition of Toshiba Corporation and

DECLARATION OF DANA E. FOSTER IN SUPPORT OF THOMSON
DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS
OF DEFENDANTS' OPPOSITION TO SHARP'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
RELATED TO THE ROLE OF SHARP COMPANIES IN THE TFT-LCD ANTITRUST LITIGATIONS
Case No. 07-5944 SC, MDL No. 1917

TACP that Toshiba Corporation has designated as "Highly Confidential" under the Stipulated Protective Order;

xii. In Exhibit 53, quotes from, describes, or summarizes a document Bates-labeled TET-CRT-00002966 – TET-CRT-00002988 that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

xiii. In Exhibit 53, quotes from, describes, or summarizes portions of the transcript of the Rule 30(b)(6) deposition of Toshiba Corporation and TACP that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

xiv. On page 1 of Exhibit 54, quotes from, describes, or summarizes portions of the transcript of the Rule 30(b)(6) deposition of Toshiba Corporation and TACP that Toshiba Corp. has designated as "Highly Confidential" under the Stipulated Protective Order;

xv. On page 2 of Exhibit 59, quotes from, describes, or summarizes documents Bates-labeled TAEC-CRT-00055069 – TAEC-CRT-00055130, TAEC-CRT-00010351 – TAEC-CRT-00010410, and TAEC-CRT-00070348 – TAEC-CRT-00070353 that TAEC has designated as "Highly Confidential" under the Stipulated Protective Order;

xvi. On page 3 of Exhibit 64, quotes from, describes, or summarizes a document Bates-labeled TSB-CRT-00061306 – TSB-CRT-00061317 that Toshiba Corp. has designated as "Confidential" under the Stipulated Protective Order; and

xvii. On page 3 of Exhibit 64, quotes from, describes, or summarizes documents Bates-labeled TAEC-CRT-00016371 and TAEC-CRT-00016373 that TAEC has designated as "Confidential" under the Stipulated Protective Order.

8. The materials listed in paragraph 7 contain confidential, non-public, proprietary, and highly sensitive business information. The documents and testimony concern confidential, non-public information about the Toshiba Defendants' sales practices, business and supply agreements, and competitive positions. They describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants' relationships, would cause harm with respect to the Toshiba Defendants' competitors and customers, and would put the Toshiba Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of March, 2015, in Washington, D.C.

_____
Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

## CERTIFICATE OF SERVICE

On March 6, 2015, I caused a copy of "DECLARATION OF DANA E. FOSTER IN SUPPORT OF THOMSON DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF RESPONSE OF DEFENDANTS THOMSON S.A., THOMSON CONSUMER ELECTRONICS, INC., KONINKLIJKE PHILIPS N.V., PHILIPS ELECTRONICS NORTH AMERICA CORPORATION, AND THE TOSHIBA DEFENDANTS IN OPPOSITION TO SHARP'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO THE ROLE OF SHARP COMPANIES IN THE TFT-LCD ANTITRUST LITIGATIONS" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

Dana E. Foster