BAKER BOTTS L.L.P.
Jon V. Swenson (SBN 233054)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendant Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.,* Case No. 13-cv-1173 SC; and<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al.,* Case No. 13-cv-2776 SC. | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF PLAINTIFFS SHARP ELECTRONICS CORPORATION AND SHARP ELECTRONICS MANUFACTURING COMPANY OF AMERICA, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS RELATED TO THEIR OPPOSITION TO THE TOSHIBA DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11, 79-5(b), AND 79-5(e)** |

MDL 1917

DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF SHARP PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11, 79-5(B), AND 79-5(E)

I, Tiffany B. Gelott, hereby declare as follows:

1. I am an associate with the law firm of Baker Botts L.L.P., counsel for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation (collectively, the "Philips Defendants"). I am a member of the bar of the District of Columbia and I am admitted to practice before this Court *pro hac vice.*

2. I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order"). On February 27, 2015, Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp Plaintiffs") filed an Administrative Motion to Seal (Dkt. 3695), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the following documents or portions thereof that contain information that the Philips Defendants have designated "Confidential:"

   a. Portions of Plaintiffs Sharp Electronics Corporation & Sharp Electronics Manufacturing Company of America, Inc.'s Opposition to the Toshiba Defendants' Motion in Limine to Exclude Evidence of Toshiba's Sales to Sharp Corporation ("Opposition"); and

   b. Exhibit 2 to the Declaration of Craig A. Benson in Support of Plaintiffs Sharp Electronics Corporation & Sharp Electronics Manufacturing Company of America, Inc.'s Opposition to the Toshiba Defendants' Motion in Limine to Exclude Evidence of Toshiba's Sales to Sharp Corporation ("Benson Declaration"), a document produced by the Philips Defendants in this litigation bearing bates numbers, PHLP-CRT-014272 ("Exhibit 2").

4. Pursuant to Civil Local Rules 7-11 and 79-5(d), this Court's General Order No. 92, Electronic Filing of Documents Under Seal, effective May 10, 2010, and the Stipulated Protective Order, I make this declaration on behalf of the Philips Defendants to provide the basis for the Court to maintain under seal certain documents and information designated by the Philips Defendants as

1

"Confidential" pursuant to the Stipulated Protective Order, and all references to those documents and information in the Opposition and Exhibit 2.

5. Exhibit 2 should be maintained under seal in its entirety because it is a document that the Philips Defendants produced in this litigation and designated as "Confidential" pursuant to the Stipulated Protective Order.

6. Upon information and belief, Exhibit 2 to the Benson Declaration, and the portions of the Opposition, which discuss and cite Exhibit 2, were designated by the Philips Defendants as "Confidential" pursuant to the Stipulated Protective Order because the documents contain confidential, nonpublic, and highly sensitive business information about the Philips Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies (including customers and vendors) that remain important to the Philips Defendants' competitive positions. Publicly disclosing this sensitive information presents a risk of undermining the Philips Defendants' relationships, would cause harm with respect to the Philips Defendants' customers, and would put the Philips Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 6, 2015 in Washington, D.C.

\_\_/s/ Tiffany B. Gelott_____
Tiffany B. Gelott

2
DECLARATION OF TIFFANY B. GELOTT IN SUPPORT OF SHARP PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11, 79-5(B), AND 79-5(E)