GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
jsanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
aschwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

FARMER BROWNSTEIN JAEGER LLP
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513<br><br>*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510 | **DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d) DOCUMENTS RELATED TO CHUNGHWA'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINIONS OR CALCULATIONS REGARDING ACTUAL DAMAGES ATTRIBUTABLE TO THE CHUNGHWA DEFENDANTS**<br><br>Judge:   Hon. Samuel Conti<br>Date:    None Set<br>Courtroom: 1, 17th Floor |

**NOTICE OF MOTION AND MOTION**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 5.2(e) and Civil Local Rules 7-11 and 79-5(c), Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa") submit this Administrative Motion regarding Chunghwa's Reply in Support of Motion in Limine to Exclude Opinions or Calculations Regarding Actual Damages Attributable to the Chunghwa Defendants (the "Reply") to respectfully request an order permitting Defendants to file the following materials under seal: (a) the highlighted portions of the concurrently-filed Reply; (b) the highlighted portions of the concurrently-filed Declaration of Rachel S. Brass in Support of the Reply; and (c) Exhibits 1, 2, 3, 4, 6, and the highlighted portions of Exhibit 5 to the concurrently-filed Declaration of Rachel S. Brass in Support of the Reply.

This Administrative Motion is supported by the Declaration of Austin Schwing in Support of Defendants' Administrative Motion to File Under Seal Pursuant to Civil Local Rules 7-11 and 79-5(d) Documents Related to Chunghwa's Reply in Support of Motion in Limine to Exclude Opinions or Calculations Regarding Actual Damages Attributable to the Chunghwa Defendants (the "Schwing Sealing Declaration"), dated March 6, 2015. *See* Civ. L. R. 79-5(d)(1)(A).

On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (ECF No. 306, amended at ECF No. 1142) (the "Protective Order").

As set forth in the Schwing Sealing Declaration, the standard for filing under seal is met in the present case with respect to the documents and information designated "Confidential" or "Highly Confidential" by Chunghwa in these actions. The documents and information designated "Confidential" or "Highly Confidential" by Chunghwa consists of, cites to, and/or identifies confidential, nonpublic, proprietary and highly sensitive business information, including, among other commercially sensitive business information and strategies, confidential information about Chunghwa's sales processes, business practices, internal practices, negotiating tactics, confidential business and supply agreements and/or competitive positions. This information is confidential commercial information, the disclosure of which would prejudice Chunghwa both in its commercial relationships with customers and suppliers and in its competitive efforts. Accordingly, compelling

1  reasons exist for these documents to remain under seal.  *See*, *e.g.*, *Kamakana v. City of Honolulu*, 447
2  F.3d 1172, 1180 (9th Cir. 2006).

3      Chunghwa also submits this Administrative Motion because it wishes to attach and reference
4  documents in its Reply that contain material Plaintiffs have designated as "Confidential" or "Highly
5  Confidential."  Chunghwa takes no position on whether those designated documents satisfy the
6  requirements for sealing, but it seeks to submit its Reply and those documents under seal in good
7  faith to comply with the Protective Order and this Court's Local Rules.  Although the request of
8  Chunghwa is narrowly tailored to include only the information that may require confidentiality, it is
9  the burden of the relevant Plaintiffs to show compelling reasons for sealing the designated documents
10 by submitting a declaration showing good cause within four days after the lodging of the designated
11 documents.  *See* Civil Local Rule 79-5(e).  Through this submission, Chunghwa notifies the
12 designating parties of their burden to establish that the designated material is properly sealable.  *See*
13 *Kamakana*, 447 F.3d at 1178-80.

14     Because Civil Local Rule 79-5(b) prohibits the sealing of documents by agreement of the
15 parties, the parties are unable to enter into such a stipulation.  *See* Civil Local Rule 7-11 (requiring
16 explanation for lack of stipulation). Pursuant to Civil Local Rule 79-5(d), a copy of the Reply and all
17 related exhibits will be lodged with the Court for in camera review, served on all parties, and will be
18 e-filed with the Court pending the Court's granting of this Motion to Seal.

19 DATED:  March 6, 2015        Respectfully submitted,

20             By:    /s/ *Rachel S. Brass*
21                  Rachel S. Brass

22            **GIBSON, DUNN & CRUTCHER LLP**
23            JOEL S. SANDERS, SBN 107234
              JSanders@gibsondunn.com
24            RACHEL S. BRASS, SBN 219301
              RBrass@gibsondunn.com
25            AUSTIN SCHWING, SBN 211696
              ASchwing@gibsondunn.com
26            555 Mission Street, Suite 3000
27            San Francisco, California 94105-2933
              Telephone: 415.393.8200
28            Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

**DECLARATION OF SERVICE**

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On the date below, I served the within:

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d) DOCUMENTS RELATED TO CHUNGHWA'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE OPINIONS OR CALCULATIONS REGARDING ACTUAL DAMAGES ATTRIBUTABLE TO THE CHUNGHWA DEFENDANTS**

to all named counsel of record as follows:

☑  **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on March 6, 2015. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on March 6, 2015, at San Francisco, California.

                                        /s/ *Joseph Hansen*
                                          Joseph Hansen

101891097.1