Jon V. Swenson (SBN 233054)
BAKER BOTTS L.L.P.
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation*

Additional Counsel on Signature Page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173 SC;<br><br>*Sharp Electronics Corp. v. Koninklijke Philips Elecs.*, N.V., No. 13-cv-2776 SC. | Case No. 07-5944 SC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:      None set<br>Time:      10:00 a.m.<br>Place:     Courtroom No. 1<br><br>Hon. Samuel Conti |

# **TABLE OF CONTENTS**

**Page**

I.    ARGUMENT .................................................................................................................. 1

II.   CONCLUSION ............................................................................................................. 4

i

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE
RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Big Bear Lodging Ass'n v. Snow Summit, Inc.*,
    182 F.3d 1096 (9th Cir. 1999) ............................................................................................. 1

*Edwards v. County of San Diego*,
    124 Fed. Appx. 547 (9th Cir. 2005) ..................................................................................... 2

*Foster Med. Corp. Employees' Pension Plan v. Healthco, Inc.*,
    753 F.2d 194 (1st Cir. 1985) ................................................................................................ 2

*Hollymatic Corp. v. Daniels Food Equip., Inc.*,
    2001 WL 76410 (N.D. Ill. Jan. 26, 2001) ............................................................................ 2

*Kinesoft Dev. Corp. v. Softbank Holdings Inc.*,
    139 F. Supp. 2d 869 (N.D. Ill. 2001) .................................................................................... 2

*National Sur. Corp. v. Carter & Co.*,
    539 F.2d 450 (5th Cir. 1976) ................................................................................................ 2

*Planmatics, Inc. v. Showers*,
    137 F. Supp. 2d 616 (D. Md. 2001) ..................................................................................... 2

*Tanaka v. Univ. of S. California*,
    252 F.3d 1059 (9th Cir. 2001) .............................................................................................. 1

*Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*,
    875 F.2d 1369 (9th Cir. 1989) .............................................................................................. 1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 ........................................................................................................................ 1

Fed. R. Civ. P. 12 ...................................................................................................................... 1

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004) ................................................................................................................................. 1

ii

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE
RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

1   Defendants' Motion in Limine #15 seeks to preclude Sharp from introducing evidence
2   related to an antitrust violation under a rule of reason analysis. Sharp should be precluded from
3   introducing evidence related to a rule of reason violation it did not plead.

4   **I.   ARGUMENT**

5   Defendants' opening brief showed that Sharp should be precluded from introducing
6   evidence related to a stand-alone "information exchange" claim under the rule of reason because
7   Sharp did not plead such a claim in its complaints. Such evidence would be prejudicial because it
8   would mislead jurors into thinking it supports Sharp's alleged *per se* claim. *See, e.g.*, *Thurman*
9   *Indus., Inc. v. Pay 'N Pak Stores, Inc.*, 875 F.2d 1369, 1380 (9th Cir. 1989) (excluding evidence
10  of conduct by the defendant that was "ambiguously anticompetitive" because the jury may have
11  been "strongly influenced" to use that evidence as a basis to form its opinion on another element
12  of the claim).

13  Sharp's opposition does not address that argument; instead, Sharp argues that it should be
14  allowed to present evidence supporting its unpleaded rule of reason claim because Sharp's
15  discovery responses and expert report gave Defendants "notice" of its rule of reason claim. Sharp
16  Opp. at 8-9.

17  But notice of a plaintiff's claims is to be provided in a *complaint*. Fed. R. Civ. P. 8.
18  Nowhere do any of Sharp's complaints disclose an antitrust claim brought under the rule of
19  reason. As Sharp itself concedes, a rule of reason claim has specific elements—different from a
20  *per se* claim—that must be pleaded to state a claim, such as the relevant geographic and product
21  markets, and harm in the relevant market. *See* Sharp Opp. at 1; *see also Tanaka v. Univ. of S.*
22  *California*, 252 F.3d 1059, 1063 (9th Cir. 2001); *Big Bear Lodging Ass'n v. Snow Summit, Inc.*,
23  182 F.3d 1096, 1104-05 (9th Cir. 1999). But the term "relevant market" is not found anywhere in
24  any of Sharp's complaints. And courts do not simply infer claims "that a plaintiff has not spelled
25  out in the complaint." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
26  § 1286 (3d ed. 2004).

27  Apparently, Sharp believes it can shield its claim from the scrutiny of a Rule 12 motion by
28  asserting its claim in discovery responses rather than a complaint. Fed. R. Civ. P. 12. Sharp's

1  cases do not support that odd proposition.  At page 8 of its opposition, Sharp cites *National Sur.*
2  *Corp. v. Carter & Co.* for the proposition that a claim may be adequately set forth in an
3  interrogatory answer.  But the claim at issue in *National Surety* was set forth as an *affirmative*
4  *defense* in the defendants' *answer* and in third-party *complaints* seeking indemnification by
5  insurance companies.  539 F.2d 450, 452 (5th Cir. 1976).  At trial, no party argued that the
6  negligence claim was not at issue.  *Id.* at 458.

7       Sharp also cites *Planmatics, Inc. v. Showers* for the proposition that a claim may be pleaded
8  in an interrogatory response, but in *Planmatics*, the claim at issue was plainly alleged in the
9  complaint.  137 F. Supp. 2d 616, 625 (D. Md. 2001).  The court simply noted that "discovery
10 served its function of flushing out the factual underpinnings of Plaintiff's claim for breach of
11 fiduciary duties," not that the discovery responses themselves pleaded the claim.  *Id.*[1]

12      Sharp cites the Ninth Circuit's decision in *Edwards v. County of San Diego* for the
13 proposition that a party need not plead specific legal *theories* in its complaint.  *Edwards v. County*
14 *of San Diego*, 124 Fed. Appx. 547 (9th Cir. 2005).  But again, in *Edwards* the plaintiff's claim
15 was set forth in the complaint.  *Id.* at 548-49.  Noting the particularly liberal pleading rules for
16 civil rights complaints, the court found the plaintiff's allegations sufficient to state a claim.  *Id.*
17 But that is not the case here.  Nowhere is a rule of reason claim pleaded in any of Sharp's
18 complaints.

19      Sharp argues that because it disclosed its alternative rule of reason claim in supplemental
20 discovery responses, it was not required to amend its complaint to assert its rule of reason claim.
21 Sharp Opp. at 13.  But Sharp *did* amend its complaint—twice—yet still failed to allege its rule of

---

[1] Sharp also argues that a claim may be pleaded in opposition to summary judgment. Sharp Opp. at 9 n.14 (citing *Foster Med. Corp. Employees' Pension Plan v. Healthco, Inc.*, 753 F.2d 194 (1st Cir. 1985). But in *Foster*, the *claim* was set forth in plaintiff's complaint; the court simply noted that the plaintiffs' *argument* as to how defendant breached its duty also was clearly spelled out in plaintiffs' summary judgment opposition. *Id.* at 196-97. Sharp also asserts that a claim may be asserted in a pretrial order. Sharp Opp. at 9 n.14. But in *Kinesoft Dev. Corp. v. Softbank Holdings Inc.*, the claim was pleaded in the complaint; the specific theory at issue and the evidence underlying that theory was spelled out in the pretrial order. 139 F. Supp. 2d 869, 896 n.11 (N.D. Ill. 2001). Moreover, a "jointly tendered final pretrial order" is treated "as the equivalent of a pleading." *Hollymatic Corp. v. Daniels Food Equip., Inc.,* 2001 WL 76410 at *1 (N.D. Ill. Jan. 26, 2001). The parties here have not agreed to any joint final pretrial order, and Sharp's discovery responses are not "pleadings."

reason claim. Had Sharp actually asserted a rule of reason claim in an amended complaint, it would have been subject to dismissal for failing to plead the required elements of such a claim. Sharp should not be rewarded for shielding its claim from a Rule 12 motion by being allowed to introduce evidence related to its unpleaded claim now.[2]

Sharp weakly argues that its complaint indicates that Sharp "intended" to pursue both an "information exchange" claim under the rule of reason and a *per se* price-fixing claim. Sharp Opp. at 9. But Sharp merely pleaded information exchange as a part of Defendants' overall conduct that was part of, or facilitated, a *per se* unlawful price-fixing conspiracy:

> With respect to CRTs, Defendants and co-conspirators or their agents agreed, inter alia, to: (a) fix target prices and price guidelines; (b) exchange pertinent information on, inter alia, shipments, prices, production, and customer demand; (c) coordinate public statements regarding available capacity and supply; (d) resolve issues created by asymmetrical vertical integration among some of the co-conspirators; (e) keep their collusive meetings secret; (f) expose cheating on the agreements and discuss the reconciliation of accounts; (g) allocate market share of overall sales; (h) limit competition for certain key customers; (i) allocated customers; (j) allocate each producer's share of certain key customers' sales; and (k) restrict output.

Sharp Compl. ¶ 6. *See also id*. ¶ 253(f) (alleging that Defendants "exchang[ed] competitive (*sic*) sensitive information *in order to facilitate* their conspiracy") (emphasis added). Other plaintiffs also made "information exchange" allegations, but are unambiguously asserting only *per se* unlawful price-fixing claims. *Compare*, e.g., Sharp Compl. ¶ 125 *with* IPPs' Fourth Am. Compl. ¶ 125 (similar "Information Sharing" allegations); IPPs' Response to Motion in Limine No. 15, at 1 (noting that IPPs are bringing only "straightforward" per se unlawful price fixing claims).

Sharp also suggests that its complaints contained allegations regarding the relevant product and geographic markets by pointing to general allegations regarding what CRTs do and how they work, and to allegations that CRTs were the "dominant" display technology at the time. Sharp

---

[2] Moreover, Sharp would have needed the Court's permission to amend its complaint to include its rule of reason claim. Given that no other Plaintiff is asserting a rule of reason claim, this Court should have been given the opportunity to decide whether to allow Sharp to bring a new claim into this multidistrict litigation at such a late date.

1  Opp. at 2.  But *all* the Plaintiffs made such generalized allegations about the CRT industry, and
2  they are bringing only *per se* price-fixing claims.  *See, e.g.*, IPPs' Fourth Am. Compl. ¶¶ 119-23
3  (describing CRTs generally and noting that they were the "dominant technology" during relevant
4  period).  Sharp argues that the relevant market need not "be pled with specificity."  Sharp Opp. at
5  14.  But *nowhere* do any of Sharp's complaints even use the term "relevant market," let alone
6  plead one.  Sharp's complaints have not identified a relevant market at all.

7  Sharp has not pleaded a stand-alone "information exchange case" under the rule of reason,
8  and should be precluded from introducing evidence related to such a claim at trial.  Thus, Sharp
9  should be precluded from introducing evidence of information exchanges concerning, *inter alia*,
10 historic or future capacity or production, historic or future views of market supply or demand,
11 anticipated launches or decisions not to launch new products, or changes to production lines.
12 Sharp also should be precluded from introducing any evidence from its economic expert, Dr.
13 Jerry Hausman, because Dr. Hausman's opinions relate solely to defining the relevant market and
14 to the alleged anticompetitive effects of information exchanges, both of which are relevant only to
15 Sharp's non-pleaded rule of reason claim.  And Sharp should be precluded from introducing any
16 evidence related to any information exchanges pertaining to CDTs or to markets outside North
17 America.

18 Defendants would be prejudiced by Sharp's introduction of its new claim at this stage in
19 litigation.  First, Defendants were not able to move for summary judgment on a claim that was
20 never pleaded.  Second, as stated in Defendants' opening brief, Defendants did not fully take
21 discovery on this issue.  Dozens of depositions of Defendants' employees occurred before Sharp
22 ever alluded to its rule of reason claim.  Moreover, as the IPPs themselves point out, the danger of
23 jury confusion from such evidence is high.  IPPs' Response to Motion in Limine No. 15, at 1-2.
24 The risk of unfair prejudice substantially outweighs the probative value of the evidence.

25 **II.    CONCLUSION**

26 The Court should grant Defendants' motion and preclude Sharp from introducing evidence
27 related to a violation of the antitrust laws under a rule of reason analysis.

28

| | | |
|---|---|---|
| 1 | | |
| 2 | Date: March 6, 2015 | By: */s/ Erik T. Koons* |
| | | ERIK T. KOONS (*pro hac vice*) |
| 3 | | erik.koons@bakerbotts.com |
| | | JOHN M. TALADAY (*pro hac vice*) |
| 4 | | john.taladay@bakerbotts.com |
| | | CHARLES M. MALAISE (*pro hac vice*) |
| 5 | | charles.malaise@bakerbotts.com |
| | | BAKER BOTTS L.L.P. |
| 6 | | 1299 Pennsylvania Ave., N.W. |
| | | Washington, DC 20004-2400 |
| 7 | | Telephone: (202) 639-7700 |
| | | Facsimile: (202) 639-7890 |

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., and Philips Electronics North America Corporation*

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

5
DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE
RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

| | |
|---|---|
| 1 | |
| 2 | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 3 | |
| 4 | By: */s/ James L. McGinnis*<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 5 | Gary L. Halling, Cal. Bar No. 66087<br>James L. McGinnis, Cal. Bar No. 95788 |
| 6 | Michael W. Scarborough, Cal. Bar No. 203524<br>Four Embarcadero Center, 17th Floor |
| 7 | San Francisco, CA  94111-4109<br>Telephone:     (415) 434-9100 |
| 8 | Facsimile:      (415) 434-3947<br>E-mail:      ghalling@sheppardmullin.com |
| 9 | jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com |
| 10 | |
| 11 | *Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI* |
| 12 | *(Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen* |
| 13 | *Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.* |
| 14 | |
| 15 | FAEGRE BAKER DANIELS LLP |
| 16 | By: */s/ Kathy L. Osborn*<br>FAEGRE BAKER DANIELS LLP |
| 17 | Kathy L. Osborn (*pro hac vice*)<br>Ryan M. Hurley (*pro hac vice*) |
| 18 | 300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204 |
| 19 | Telephone: (317) 237-0300<br>Facsimile: (317) 237-1000 |
| 20 | kathy.osborn@FaegreBD.com |
| 21 | ryan.hurley@FaegreBD.com |
| 22 | Calvin L. Litsey (SBN 289659) |
| 23 | Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450 |
| 24 | East Palo Alto, CA 94303-2279<br>Telephone: (650) 324-6700 |
| 25 | Facsimile: (650) 324-6701<br>calvin.litsey@FaegreBD.com |
| 26 | |
| 27 | *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.* |
| 28 | |

6

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #15 - MOTION TO EXCLUDE EVIDENCE
RELATED TO A VIOLATION OF THE ANTITRUST LAWS UNDER A RULE OF REASON ANALYSIS

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Donald A. Wall*
Mark Dosker
Nathan Lane, III
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone:  415.954.0200
Facsimile:  415.393.9887
Email:  mark.dosker@squirepb.com
nathan.lane@squirepb.com

Donald A. Wall (*Pro Hac Vice*)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone:  602.528.4000
Facsimile:  602.253.8129
Email:  donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al v. Technicolor SA, et al.*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/ Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email:  jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co. et al. v. Technicolor SA, et al.*

MUNGER, TOLLES & OLSON LLP

By: */s/ Miriam Kim*
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.