1  JEROME C. ROTH (State Bar No. 159483)
   jerome.roth@mto.com
2  MIRIAM KIM (State Bar No. 238230)
   miriam.kim@mto.com
3  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
4  Twenty-Seventh Floor
   San Francisco, California 94105-2907
5  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
6
   BRAD D. BRIAN (State Bar no. 079001)
7  brad.brian@mto.com
   WILLIAM D. TEMKO (State Bar No. 98858)
8  william.temko@mto.com
   E. MARTIN ESTRADA (State Bar No. 223802)
9  martin.estrada@mto.com
   CLAIRE YAN (State Bar No. 268521)
10 claire.yan@mto.com
   MUNGER, TOLLES & OLSON LLP
11 355 South Grand Avenue
   Thirty-Fifth Floor
12 Los Angeles, CA 90071-1560
   Telephone:    (213) 683-9100
13 Facsimile:    (213) 687-3702

14 *Attorneys for Defendant LG Electronics, Inc.*
   *Additional Opposing Defendants and Counsel*
15 *Listed on Signature Pages*

16                UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                  SAN FRANCISCO DIVISION

| | |
|---|---|
| 19  In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No. 07-5944 SC |
| 20 | MDL No. 1917 |
| 21 | **DEFENDANTS' REPLY TO DAPS' OPPOSITION TO MOTION *IN LIMINE* TO EXCLUDE DR. FRANKEL'S INFLATION ADJUSTED DAMAGES** |
| This Document Relates to: | |
| 22 | |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | **[DEFENDANTS' MIL NO. 7]** |
| 23 | |
| 24 | Date:  None Set |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA.*, No. 13-cv-05261; | Time: None Set |
| 25 | Place: Courtroom 1, 17th Floor |
| 26 | Hon. Samuel Conti |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |
| 27 | |
| 28 | |
| *Best Buy Co., et al. v. Technicolor SA, et* | |

*al.*, No. 13-cv-05264;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck & Co. and Kmart Corp. v. Technicolor SA.*, No. 3:13-cv-05262;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA*, Case No. 13-cv-05686;

*ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-02510.

Plaintiffs argue that Dr. Frankel's "present value" damages[1] should be recoverable because they are "completely different" from prejudgment interest. Though Plaintiffs bifurcate their response into separate economic and legal arguments, the recent economic and legal authorities are in complete agreement with Defendants' noncontroversial position that present value damages are nothing more than a disguised attempt to seek prejudgment interest.

*First*, Plaintiffs argue that because interest is not a "mere substitute" for inflation, prejudgment interest and present value damages must be "completely different." Opp'n at 3 (Dkt. 3641). But Plaintiffs admit, and economic analysis confirms, that both prejudgment interest and Dr. Frankel's present value damages compensate them for the time value of money. Plaintiffs thus engage in semantics to make substantially identical concepts appear different.

*Second*, Plaintiffs argue that this Court should not be persuaded by the most recent holding in *Linerboard* because it rejects "without analysis" a handful of cases that allow recovery of opportunity cost damages. Opp'n at 6. In fact, *Linerboard* is the most on-point case available, and the court conducted extensive analysis before holding that opportunity cost damages are a disguised attempt to seek prejudgment interest. The remaining cases Plaintiffs cite are inapposite.

**I. Prejudgment Interest And Business Opportunity Loss Serve An Identical Purpose No Matter What Label Is Used**

Plaintiffs claim that "the inflation rate utilized by Dr. Frankel in computing the DAPs' present value damages is *completely different* than the prejudgment interest." Opp'n at 3 (emphasis added). Plaintiffs advocate this unsupported conclusion by arguing that the definition of interest ("a measure of the time value of money") is not identical to the definition of inflation ("the change in the buying power of money").[2] *Id.*

Plaintiffs' quasi-economic analysis is directly refuted by the preeminent antitrust and economics scholars Areeda and Hovenkamp, who conclude that prejudgment interest and present value damages are so similar that they should be treated the same under the Clayton Act, 15 U.S.C. § 15(a) (prohibiting prejudgment interest in private antitrust cases). *See* Philip E. Areeda

---

[1] The parties use the terms "present value" damages, "inflation-adjusted" damages, and "opportunity cost" damages interchangeably.

[2] Interest and inflation are actually closely related economic concepts as interest rates already account for inflation. *See* Stephen G. Cecchetti & Kermit L. Schoenholtz, *Money, Banking, and Financial Markets* 87-88 (3d ed. 2011) ("economists think of the nominal interest rate as having two parts, the real interest rate and expected inflation … [t]his is called the Fisher equation").

& Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and Their Application ¶392a, at 492-94 (2d ed. 2003).  Courts routinely praise Areeda and Hovenkamp's treatise as the leading authority in the antitrust arena.  *See, e.g.*, *Cal. ex rel. Harris v. Safeway, Inc.*, 651 F.3d 1118, 1130 (9th Cir. 2011) (en banc) (citing Areeda & Hovenkamp more than a dozen times and praising them as "perceptive antitrust law commentator[s]");  *Covad Comms. Co. v. Bell Atlantic Corp.*, 398 F.3d 666, 673 (D.C. Cir. 2005) (recognizing Areeda & Hovenkamp as "a leading treatise");  *Covad Comms. Co. v. BellSouth Corp.*, 314 F.3d 1282, 1288 (11th Cir. 2002) (Areeda & Hovenkamp are "the leading antitrust scholars"); Thomas G. Hungar and Ryan G. Koopmans*, Appellate Advocacy in Antitrust Cases: Lessons from the Supreme Court*, 23 Antitrust No. 2, 53, 55 (Spring 2009) ("there is a remarkably high degree of correlation between the Areeda-Hovenkamp treatise (and other writings by Professor Hovenkamp) and the [Supreme] Court's decisions. Justice Breyer has written that 'practitioners would prefer to have two paragraphs of [the Areeda-Hovenkamp] treatise on their side than three Courts of Appeals or four Supreme Court Justices.'").

According to Areeda and Hovenkamp, prejudgment interest is typically calculated by using the following "compound interest formula":

$$\text{Compensatory Award}^3 = (\text{nominal damages})(1+\text{interest})^{\text{time}}$$

*Id.* at 493.  This formula compensates the plaintiff for the time that passed between when the injury occurred and when nominal damages were awarded—*i.e.*, the time value of money.  Since the Clayton Act bans prejudgment interest by name, plaintiffs have "an incentive to disguise pre-judgment interest as something else."  *Id.*  One common way to compensate the plaintiff for the passage of time without explicitly calling it prejudgment interest is to "convert its past actual damages to current dollars."  *Id.*

> This conversion can be accomplished by using price indices. If the circumstances of the case warrant it, the plaintiff may use the Producer Price Index (PPI). The plaintiff can convert its past damages into current dollars by dividing the PPI at the time of trial ($\text{PPI}_t$) by the PPI at the time of the injury ($\text{PPI}_i$) and then multiplying by the actual damage.

*Id.*  The formula becomes:

$$\text{Compensatory Award}^4 = (\text{nominal damages})(\text{PPI}_t/\text{PPI}_i)$$

---

[3] The award is equal to the nominal damages multiplied by one plus the interest rate to the power of the number of years since the injury.

[4] The award is equal to the nominal damages multiplied by the ratio of the current Producer Price Index and the Producer Price Index at the time of the injury.

Dr. Frankel uses this *exact* methodology.[5]  The formulas may look somewhat different in form, but they achieve the *exact same* end result—compensating the plaintiff for the time value of money.  Areeda and Hovenkamp's conclusion is thus equally applicable to Dr. Frankel:

> Because of inflation … [1995] dollars simply are not worth as much as [2014] dollars.  As a result, the plaintiff[s] would want to adjust the [1995] damage to [2014] dollars … While this may seem 'fair,' it is nonetheless equivalent to an award of pre-judgment interest.

*Id.* at 494.

Both economic theory and mathematics thus confirm that Dr. Frankel's present value damages and prejudgment interest are closely related concepts that compensate the plaintiff for the time value of money.  Tellingly, Plaintiffs fail to address Areeda and Hovenkamp's thorough economic analysis of prejudgment interest and unequivocal conclusion that it is akin to the type of damages calculated by Dr. Frankel.

Plaintiffs admit that unrecoverable prejudgment interest and Dr. Frankel's present value damages compensate them for the time value of money.  *Compare* Opp'n at 3 ("Interest is a measure of the time value of money") *with* Opp'n at 2 (Dr. Frankel's present value reflects "damages suffered years (in this case, decades) in the past").  According to plaintiffs, "[i]f an antitrust plaintiff makes a claim for *any form* of compensatory damages other than 'prejudgment interest'—even if such damages are meant to compensate for the *time value of money*—courts allow recovery."  Opp'n at 4-5 (emphasis added).  At its core, Plaintiffs' argument is one of form over substance.  But different nomenclature does not change the fact that "present value" or "opportunity costs" measure substantially identical kinds of loss as prejudgment interest—the time value of money.

## II.  The Court In *Linerboard* Correctly Determined That Opportunity Cost Damages Are Tantamount To Prejudgment Interest

Modern courts and the best reasoned decisions agree that present value damages should be barred as prejudgment interest.  Not surprisingly, they find Areeda and Hovenkamp's analysis persuasive.

---

[5] Dr. Frankel used PPI to convert DAPs' 1995 nominal damages into 2014 dollars.  Opp'n at 5 ("Dr. Frankel used the Producer Price Index"); McGinnis Decl. Ex. 1 (Dkt. 3575), Expert Report of Alan S. Frankel dated April 15, 2014, p. 17-18 ("I alternatively account for inflation since 1995 by adjusting the dollar overcharges to express damages in constant February 2014 dollars").  The result for all DAPs is an extra $865 million of damages.  *See* Dkt. 3575-3.

First, the court in *Linerboard* noted that it is not bound by the handful of early decisions on this issue.[6]  *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 66 (E.D. Pa 2007).  The same is true in this case—the Ninth Circuit has not addressed the issue.

The court in *Linerboard* then considered the three most important cases Plaintiffs rely on[7] and found that they "were decided erroneously" because the courts were "misled by the fact that the plaintiff made an economic argument rather than a transparent claim for statutory or common law prejudgment interest. This would seem to be error."  *In re Linerboard Antitrust Litig.*, 504 F. Supp. 2d 38, 63-67, n. 14-17 (citing Areeda & Hovenkamp at 494).  Indeed, the court found that "a number of courts in other circuits have implicitly recognized that prejudgment interest and opportunity cost are conceptually akin."  *Id.* at 65 (citing to and quoting from ten other cases). After a detailed evaluation of the plaintiff's expert's calculation, the language of 15 U.S.C. § 15(a), plaintiff's arguments, and the available case law, the court excluded the opportunity cost damages because they are "the same concept" as prejudgment interest "using different terminology."  *Id.* at 63-65.  The court's holding thus rests on solid economic theory and rigorous legal analysis.  *See Auraria Student Housing at the Regency, LLC v. Campus Village Apartments, LLC*, 2014 WL 4651643, *4 (D. Colo. Sept. 18, 2014) (collecting authorities and agreeing with *Linerboard*).

## III.  All Of The Cases Plaintiffs Cite Are Readily Distinguishable

The six outdated cases Plaintiffs rely on all make the same basic mistake:  they fail to identify prejudgment interest when it is referred to by another name.  These cases were decided before Areeda and Hovenkamp showed that prejudgment interest and present value are in substance the same.

Half of the cases Plaintiffs cite do not involve the type of present value damages based on PPI that Dr. Frankel calculated.  *Heatransfer Corp. v. Volkswagenwerk, A.G.*, 553 F.2d 964, 987 n. 20 (5th Cir. 1977) (calculating a "reasonable return on the capital loss value"); *Multiflex v. Samuel Moore & Co.*, 709 F.2d 980, 996 (5th Cir. 1983) ("the interest that might have been earned on the funds if placed in alternative investments"); *H.J., Inc. v. Int'l Tel. & Tel. Corp.*, 867 F.2d

---

[6] Plaintiffs claim that *Linerboard* rejects "thirty years of jurisprudence," but they only cite six prior cases, with the most recent cases mimicking the analysis of the earlier ones.

[7] *Multiflex v. Samuel Moore & Co.*, 709 F.2d 980 (5th Cir. 1983); *Concord Boat Corp. v. Brunswick Corp.*, 21 F. Supp. 2d 923 (E.D. Ark. 1998); *Law v. Nat'l Collegiate Athletic Ass'n*, 185 F.R.D. 324 (D. Kan. 1999).

1531, 1549 (8th Cir. 1989) ("present value of profits"); *Lovett v. General Motors Corp.*, 769 F. Supp. 1506, 1522 (D. Minn. 1991) (amount "lost profits would have earned if such funds had been invested").  Either way, "the amount that the lost profit would have earned" on the open market is "clearly equivalent to interest."  Areeda & Hovenkamp at 494; *see also id.* ("The [*Multiflex*] court seems to have been misled by the fact that the plaintiff made an economic argument rather than a transparent claim for statutory or common law pre-judgment interest.").

The issue in *Concord Boat Corp. v. Brunswick Corp.* was whether the plaintiff was making a transparent claim for "interest" or calculating present value instead.  21 F. Supp. 2d 923, 935-36 (E.D. Ark. 1998).  The district court applied the incorrect Eighth Circuit law that prohibits naked interest but allows other calculations based on economic theory.  *Id.*  Once the court determined that the expert was using present value damages, it ruled for the plaintiff without conducting further analysis.  *Id.*

Plaintiff's reliance on *Law v. Nat'l Collegiate Athletic Ass'n* is also misplaced because the decision was based exclusively on plaintiff's expert's testimony during an evidentiary hearing "that the proposed adjustment is not the same as interest."  185 F.R.D. 324, 344 n. 4 (D. Kan. 1999) ("No other witnesses testified at the hearing.").  The court was misled by the plaintiff's disguised economic argument redefining prejudgment interest as something else.

In short, prejudgment interest and present value measure substantially identical kinds of loss—the time value of money—no matter what you call it and no matter how you tweak the formulas that calculate the numbers.  Areeda and Hovenkamp, among the most highly respected antitrust commentators, made by far the most thorough analysis of this issue, reached exactly this conclusion and for that reason also made clear that the antitrust laws forbid recovery of these kinds of damages.  The Sherman Act already provides for treble damages, and the Clayton Act forbids piling on the extra hundreds of millions of dollars that Dr. Frankel and the Plaintiffs seek to add. This Court should follow *Linerboard* and exclude Dr. Frankel's disguised prejudgment interest.

### Conclusion

For these reasons, Dr. Frankel's inflation-adjusted damages are barred by the Clayton Act and should be excluded at trial.

1

2    Dated:  March 6, 2015                        Respectfully submitted,

3                                                 By:    /s/ Miriam Kim
                                                 JEROME C. ROTH (State Bar No. 159483)
4                                                jerome.roth@mto.com
                                                 MIRIAM KIM (State Bar No. 238230)
5                                                miriam.kim@mto.com
6                                                MUNGER, TOLLES & OLSON LLP
                                                 560 Mission Street, Twenty-Seventh Floor
7                                                San Francisco, California 94105-2907
                                                 Telephone: (415) 512-4000
8                                                Facsimile: (415) 512-4077

9                                                BRAD D. BRIAN (SBN 079001)
10                                               brad.brian@mto.com
                                                 WILLIAM D. TEMKO (SBN 098858)
11                                               William.Temko@mto.com
                                                 GREGORY J. WEINGART (SBN 157997)
12                                               gregory.weingart@mto.com
                                                 E. MARTIN ESTRADA (SBN 223802)
13                                               martin.estrada@mto.com
                                                 MUNGER, TOLLES & OLSON LLP
14                                               355 South Grand Avenue, Thirty-Fifth Floor
15                                               Los Angeles, CA 90071-1560
                                                 Telephone: (213) 683-9100
16                                               Facsimile: (213) 687-3702

17                                               ROBERT E. FREITAS (SBN 80948)
18                                               rfreitas@fawlaw.com
                                                 FREITAS ANGELL & WEINBERG LLP
19                                               350 Marine Parkway, Suite 200
                                                 Redwood Shores, California 94065
20                                               Telephone: (650) 593-6300
                                                 Facsimile: (650) 593-6301
21

22                                               *Attorneys for Defendant LG Electronics, Inc.*

23
                                                 By:    /s/ James L. McGinnis
24

25                                               SHEPPARD MULLIN RICHTER & HAMPTON
26                                               LLP
                                                 Gary L. Halling, Esq.
27                                               James L. McGinnis, Esq.
                                                 Michael W. Scarborough, Esq.
28                                               Four Embarcadero Center, 17th Floor

DEFS' REPLY *RE* MOTION *IN LIMINE* #7:  TO EXCLUDE DR. FRANKEL'S INFLATION DAMAGES

San Francisco, California  94111-4106
Telephone:  415-434-9100
Facsimile:  415-434-3947
ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

Counsel for Defendants Samsung SDI Co., Ltd.,
Samsung SDI America, Inc., Samsung SDI
(Malaysia) SDN. BHD., Samsung SDI Mexico S.A.
de C.V., Samsung SDI Brasil Ltda., Shenzen
Samsung SDI Co., Ltd., and Tianjin Samsung SDI
Co., Ltd.

KIRKLAND & ELLIS LLP

By: ___/s/ Eliot A. Adelson_____
Eliot A. Adelson
James Maxwell Cooper
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi
Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi
America, Ltd., Hitachi Asia, Ltd., and Hitachi
Electronic Devices (USA), Inc.*

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*_____

JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

WEIL, GOTSHAL & MANGES LLP

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation*
*(f/k/a Matsushita Electric Industrial Co., Ltd.),*
*Panasonic Corporation of North America, and*
*MT Picture Display Co., Ltd.*


**WHITE & CASE**LLP

By: */s/ Lucius B. Lau*

CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC 20005

3:07-cv-05944-SC; MDL 1917
DEFS' REPLY *RE* MOTION *IN LIMINE* #7:  TO EXCLUDE DR. FRANKEL'S INFLATION DAMAGES

Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and Toshiba
America Electronic Components, Inc.*


BAKER BOTTS LLP

By: */s/ John M. Taladay*_____

JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com
*Attorneys for Defendants Koninklijke Philips N.V.,
Philips Electronics North America Corporation,
Philips Taiwan Ltd., and Philips do Brasil, Ltda.*


GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*_____

JOEL S. SANDERS (SBN 107234)
jsanders@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
rbrass@gibsondunn.com

AUSTIN V. SCHWING (SBN 211696)
aschwing@gig@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, California 94105
Tel: (415) 393-8200
Fax: (415) 393-8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendant Chunghwa Picture Tubes,*
*Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn.*
*Bhd.*

**JENNER & BLOCK LLP**


By: */s/ Gabriel Fuentes* _____


JENNER & BLOCK LLP

Charles B. Sklarsky (*pro hac vice*)

Terrence J. Truax (*pro hac vice*)

Michael T. Brody (*pro hac vice*)

Gabriel A. Fuentes (*pro hac vice*)

353 North Clark Street

Chicago, Illinois 60654-3456

Telephone: (312) 222-9350

Facsimile: (312) 527-0484

csklarsky@jenner.com

ttruax@jenner.com

mbrody@jenner.com

gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)

JENNER & BLOCK LLP

633 West Fifth Street, Suite 3600

Los Angeles, California 90071

Telephone: (213) 239-5100

Facsimile: (213) 239-5199

bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric
Corporation, Mitsubishi Electric US, Inc. and,
Mitsubishi Electric Visual Solutions America, Inc.*

FAEGRE BAKER DANIELS LLP

By: ___*/s/ Kathy L. Osborn*_____
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and
Thomson Consumer Electronics, Inc.*

DEFS' REPLY *RE* MOTION *IN LIMINE* #7:  TO EXCLUDE DR. FRANKEL'S INFLATION DAMAGES

1

2          SQUIRE PATTON BOGGS (US) LLP

3          By: /s/ Nathan Lane, III

4          Nathan Lane, III (CA Bar No. 50961)
           Mark C. Dosker (CA Bar No. 114789)
5          **SQUIRE PATTON BOGGS (US) LLP**
           275 Battery Street, Suite 2600
6          San Francisco, California 94111
           Telephone:  (415) 954-0200
7          Facsimile:  (415) 393-9887
           E-mail:  nathan.lane@squiresanders.com
8          E-mail:  mark.dosker@squiresanders.com

9

10         Donald A. Wall (Pro Hac Vice)
           **SQUIRE PATTON BOGGS (US) LLP**
11         1 East Washington Street, Suite 2700
           Phoenix, Arizona 85004
12         Telephone: + 1 602 528 4005
           Facsimile: +1 602 253 8129
13         Email: donald.wall@squirepb.com

14         *Attorneys for Defendant Technologies Displays*
           *Americas LLC with respect to all cases except*
15         *Office Depot, Inc. v. Technicolor SA, et al. and*
           *Sears, Roebuck and Co., et al. v. Technicolor SA, et*
16         *al.*

17

18         CURTIS, MALLET-PREVOST, COLT & MOSLE
           LLP
19

20         By: /s/ Jeffrey I. Zuckerman

21         Jeffrey I. Zuckerman (Pro Hac Vice)
           Ellen Tobin (Pro Hac Vice)
22         101 Park Avenue
           New York, New York 10178
23         Telephone: 212.696.6000
           Facsimile: 212.697.1559
24         Email: jzuckerman@curtis.com
           etobin@curtis.com
25

26         Arthur Gaus (SBN 289560)
27         DILLINGHAM & MURPHY, LLP
           601 California Street, Suite 1900
28         San Francisco, California 94108

DEFS' REPLY *RE* MOTION *IN LIMINE* #7:  TO EXCLUDE DR. FRANKEL'S INFLATION DAMAGES

Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

Dated:  March 6, 2015

Respectfully submitted,

By: */s/ Miriam Kim*
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

DEFS' REPLY *RE* MOTION *IN LIMINE* #7:  TO EXCLUDE DR. FRANKEL'S INFLATION DAMAGES