Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to<br>Case No. 13-cv-1173-SC (N.D. Cal.)<br><br>*Sharp Electronics Corporation; Sharp Electronics Manufacturing Company Of America, Inc.*,<br><br>Plaintiffs,<br><br>v.<br><br>*Hitachi, Ltd., et al.*,<br><br>Defendants. | **THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:   August 7, 2015<br>Time:  10:00 a.m.<br>Judge: Hon. Samuel Conti |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Case No. 07-5944 SC
MDL No. 1917

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ....................................................................................................................... 1

    A.  Sharp Should Be Precluded From Presenting Evidence That Circumvents The Court's March 13, 2014 Order ............................................... 1

    B.  The Unfair Prejudice Of Allowing Evidence Regarding Sharp's Purchases From Toshiba Far Outweighs Any Corresponding Probative Value ................................................................................................ 4

III. CONCLUSION .................................................................................................................... 6

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Case No. 07-5944 SC
MDL No. 1917

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Brodit v. Cambra*,
    350 F.3d 985 (9th Cir. 2003) ............................................................................................... 1

*Colton Crane Company, LLC v. Terex Cranes Wilmington, Inc., et al.*,
    2010 WL 2035800 (C.D. Cal. May 19, 2010) ................................................................. 1, 5

*Galaxy Computer Servc., Inc. v. Baker*,
    325 B.R. 544 (E.D. Va. 2005) ............................................................................................ 4

*Hill v. Novartis Pharm. Corp.*,
    944 F. Supp. 2d 943 (E.D. Cal. 2013) ................................................................................ 3

*Keytrack, Inc., v. Key Register, LLC,*
    2004 WL 2944043 (N.D. Cal. Mar. 30, 2004) ................................................................... 3

*Liberal v. Estrada*,
    2011 WL 3956068 (N.D. Cal. Sept. 7, 2011) ..................................................................... 5

*Server Tech., Inc. v. Am. Power Conversion Corp.*,
    2014 WL 1308617 (D. Nev. Mar. 31, 2014) ...................................................................... 5

*United States v. Hankey*,
    2013 F.3d 1160 (9th Cir. 2000) .......................................................................................... 4

**Rules**

Fed. R. Evid. 403 .......................................................................................................................... 4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Case No. 07-5944 SC
MDL No. 1917
ii

## I. INTRODUCTION

In its opposition, Sharp admits that it is precluded from offering evidence or argument that it suffered damages from its purchases of CRTs from the Toshiba Defendants, but Sharp nonetheless maintains that it should be able to present evidence at trial that such purchases by Sharp from Toshiba took place. Sharp's Opposition ("Opp."), Dkt. No. 3695, at 1. This contortion is a thinly veiled attempt to circumvent the Court's March 13, 2014 Order holding that claims related to purchases under the BTA must be litigated in Japan (Dkt. No. 2435). Allowing such evidence at trial would undermine the BTA, confuse the jury, and unfairly prejudice the Toshiba Defendants. Accordingly, the Court should grant the Toshiba Defendants' motion *in limine* and preclude Sharp from offering evidence or argument regarding Sharp's purchases of CRTs from the Toshiba Defendants, as well as any evidence or argument regarding Sharp's alleged damages resulting from those purchases.

## II. ARGUMENT

### A. Sharp Should Be Precluded From Presenting Evidence That Circumvents The Court's March 13, 2014 Order

In its opposition, Sharp asserts that there are various scenarios that may develop at trial that may require Sharp to provide evidence to the jury that it purchased CRTs from the Toshiba Defendants. Opp. at 3-5. None of these reasons justifies denying the Toshiba Defendants' motion *in limine,* let alone undermining the Court's March 13, 2014 Order.

The purpose of a motion *in limine* is to "avoid the futile attempt of 'unringing the bell' when jurors have seen or heard inadmissible evidence, even when stricken from the record." *Colton Crane Company, LLC v. Terex Cranes Wilmington, Inc., et al.*, No. CV 08-8525 PSG (PJWX), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (quoting *Brodit v. Cambra*, 350 F.3d 985, 1004-5 (9th Cir. 2003)). Allowing Sharp to present evidence regarding its purchases from the Toshiba Defendants, regardless of the pretense under which Sharp asserts such evidence can be presented, will "ring the bell" for the jurors regarding issues the Court has already determined must be litigated in Japan (*i.e.*, whether Sharp's purchases from the Toshiba Defendants were affected by the alleged cartel and whether Sharp should be

THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Case No. 07-5944 SC
MDL No. 1917

1 compensated for the Toshiba Defendants' alleged wrongdoing based upon those purchases). *See* Order Granting Sharp's Motion for Leave to Amend, Dkt. 2612, at 2-3 ("litigation related to purchase orders under the BTA [is] to be conducted in Japan").

***First***, Sharp asserts that it may need to provide evidence showing that it was a customer of the Toshiba Defendants because such evidence can also purportedly show that the Toshiba Defendants participated in the alleged cartel, an element that Sharp must substantiate in order to prove its joint-and-several liability claims against the Toshiba Defendants. *See* Opp. at 3. Sharp identifies three documents that it would propose to use (Benson Decl. Ex. 1-3), but ignores that presenting any of those documents would undermine the Court's March 13, 2014 Order because showing the jury that Sharp purchased CRTs from Toshiba also implicitly introduces questions as to whether Sharp was injured by those purchases. *See* Dkt. No. 2435; *see also* Dkt. No. 2612, at 2-3.

Moreover, Sharp seemingly asserts that it if the Court prevents Sharp from introducing these documents then it will be unable to establish its joint-and-several liability claims against the Toshiba Defendants. But, by Sharp's own admission, evidence reflecting Sharp's customer-supplier relationship with the Toshiba Defendants only constitutes as "***some***" of the evidence available to Sharp to prove the Toshiba Defendants' participation in the alleged conspiracy. Opp. at 3 (emphasis added). Given that Sharp claims that the Toshiba Defendants participated in over fifty bilateral and group meetings in furtherance of the alleged cartel (Sharp Second Am. Compl., Dkt. No. 2621, ¶191), it has no need to rely on the subset of such purported evidence that specifically refers to the Sharp-Toshiba relationship.

***Second***, Sharp argues that it may need to present evidence of the Toshiba Defendants' sales to Sharp in order to prove that Sharp was damaged by overcharges on purchases from non-Toshiba defendants and co-conspirators. Opp. at 4. More specifically, Sharp states that it may need to present such evidence in order to: (1) explain Dr. Hausman's overcharge calculations; and (2) defend Dr. Hausman's damages calculations. *Id*. at 4-5.

Regarding Dr. Hausman's overcharge calculations, Sharp states that it will "offer evidence of its overall CRT purchase data," but does not specify why doing so justifies

THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   presenting evidence of the Toshiba Defendants' sales to Sharp.  Opp. at 4.  Indeed, Sharp
2   states that Dr. Hausman's purchase data includes the prices that Sharp paid in purchasing
3   CRTs from "*all* sellers — including entities *like* Toshiba from whom Sharp is not seeking
4   damages in this litigation . . . ."  *Id*. (emphasis added).  Because Sharp can present evidence
5   on other sellers that are similarly situated as the Toshiba Defendants, there is no need for
6   Sharp to present evidence of its purchases from the Toshiba Defendants to substantiate and
7   explain the scope and meaning of Dr. Hausman's CRT purchase data.  Nowhere does Sharp
8   contend that Dr. Hausman's inclusion of data regarding the Toshiba Defendants' sales to
9   Sharp in his model requires him to specifically refer to that data in his testimony.

14  ████████████████████████████████████ does not justify denying the Toshiba
15  Defendants' motion *in limine* now.  Indeed, Courts consistently grant motions *in limine* with
16  the caveat that subsequent actions or arguments at trial may render the precluded evidence
17  admissible.  *See Keytrack, Inc. v. Key Register, LLC*, No. C 03-00870 WHA, 2004 WL
18  2944043, at *1 (N.D. Cal. Mar. 30, 2004) ("If evidence has been excluded, counsel should
19  take care to avoid 'opening the door' at trial as to allow the evidence."); *Hill v. Novartis*
20  *Pharm. Corp.*, 944 F. Supp. 2d 943, 948 (E.D. Cal. 2013) (explaining that the exclusion of
21  evidence does not preclude the court from reconsidering the issue based on a showing of new
22  circumstances).  If Sharp's scenario arises at trial, Sharp should raise its arguments then.

23          ***Third***, Sharp argues that the customer-supplier relationship between Sharp and the
24  Toshiba Defendants is relevant in order to show that the Toshiba Defendants made sales in the
25  United States and had an interest in the North American CPT market.  Opp. at 5.  This
26  argument is also deficient because the record is replete with evidence substantiating the fact
27  that the Toshiba Defendants sold CRTs in the United States.  There is simply no need for
28

THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Case No. 07-5944 SC
MDL No. 1917
3

Sharp to rely upon cumulative documents revealing sales *between* the Toshiba Defendants and Sharp in violation of the Court's March 13, 2014 Order.

### B. The Unfair Prejudice Of Allowing Evidence Regarding Sharp's Purchases From Toshiba Far Outweighs Any Corresponding Probative Value

Sharp also makes a cursory argument that evidence of Sharp's purchases from the Toshiba Defendants should not be excluded under Rule 403 of the Federal Rules of Evidence. Opp. at 6. Contrary to Sharp's position, the introduction of evidence regarding Sharp's purchases from the Toshiba Defendants would confuse the jury as to the significance of the relationship between the two companies and unfairly prejudice the Toshiba Defendants by creating the very real risk they will be assigned liability for claims asserted by Sharp that the Court has already dismissed. *See* Fed. R. Evid. 403 ("The court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury . . . ."); *see also United States v. Hankey*, 2013 F.3d 1160, 1172 (9th Cir. 2000) ("Relevant evidence may be excluded under Rule 403 only if its probative value is substantially outweighed by one or more of the articulated dangers or considerations."). Accordingly, it is clear that any limited probative value provided by evidence of Sharp's purchases from Toshiba is substantially outweighed by the unfair prejudice of exposing Toshiba to claims and damages that must be adjudicated in Japan.

Sharp acknowledges that there is a risk of the jury awarding damages to Sharp based upon evidence of its commerce with the Toshiba Defendants. Opp. at 6 n.2. According to Sharp, the risk of improper damages being assigned to Toshiba can be remedied by jury instructions or verdict forms, but the authority relied upon by Sharp (*id.*) does not support this argument. In *Galaxy Computer Services, Inc. v. Baker*, 325 B.R. 544, 551-52 (E.D. Va. 2005), the court held that jury instructions were sufficient to address concerns over the allocation of damages when the probative value of the evidence at issue is ***not*** substantially outweighed by its prejudicial effect. Here, as discussed, the evidence of Sharp's purchases

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 from Toshiba should be excluded under Rule 403. Accordingly, Sharp's proposal of introducing jury instructions or verdict forms to remedy concerns of unfair prejudice should be disregarded.

Sharp also argues that the Toshiba Defendants' motion is vague and premature because the Court will be in a better position later in the litigation to assess the probative and prejudicial value of evidence regarding Sharp's purchases of CRTs from the Toshiba Defendants. Opp. at 5. This argument, once again, misconstrues the March 13, 2014 Order. The Court has already determined, with the assistance of extensive briefing by the parties, that Sharp may not litigate its CRT purchases from the Toshiba Defendants in this jurisdiction. Accordingly, the Toshiba Defendants, through their motion *in limine*, seek a timely and targeted order precluding Sharp from presenting evidence at trial that will raise the very issues that the Court has already determined must be litigated in Japan. Accordingly, the Toshiba Defendants' motion does not analogize to the improperly vague (*Colton*, 2010 WL 2035800, at \*1), broad (*Liberal v. Estrada*, 2011 WL 3956068, at \*5 (N.D. Cal. Sept. 7, 2011)), or premature (*Server Tech., Inc. v. Am. Power Conversion Corp.*, 2014 WL 1308617, at \*6 (D. Nev. Mar. 31, 2014)), motions discussed in the caselaw relied on by Sharp.

\* \* \*

## III. CONCLUSION

For these reasons and the reasons set forth in the Toshiba Defendants' motion *in limine*, the Court should grant the motion *in limine* and preclude the Sharp Plaintiffs from offering evidence or argument regarding Sharp's purchase of CRTs from the Toshiba Defendants, as well as any evidence or argument regarding Sharp's alleged damages resulting from those purchases.

Dated: March 6, 2015

Respectfully submitted,

**WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On March 6, 2015, I caused a copy of "THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION" to be served via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Lucius B. Lau*
　　　　　　　　　　　　　　　　　　　　　　　　Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

THE TOSHIBA DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF TOSHIBA'S SALES TO SHARP CORPORATION
Case No. 07-5944 SC
MDL No. 1917