JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

BRAD D. BRIAN (State Bar no. 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (State Bar No. 98858)
william.temko@mto.com
E. MARTIN ESTRADA (State Bar No. 223802)
martin.estrada@mto.com
CLAIRE YAN (State Bar No. 268521)
claire.yan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:     (213) 683-9100
Facsimile:      (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

*Additional Opposing Defendants and Counsel Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC |
| | MDL NO. 1917 |
| This Document Relates to: | **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE # 8: TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO DAMAGES FROM "SPILLOVER" OR "RIPPLE" EFFECTS OF FOREIGN PRICE-FIXING ACTIVITIES ON U.S. PRICES** |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513 | |
| *Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264 | |
| *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262 | **Redacted** |
| | Judge: Hon. Samuel Conti<br>Date:   None Set<br>Ctrm:   1, 17th Floor |
| *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514 | |

1
2   *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173
3
4   *Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs., N.V., et al.,* No. 13-cv-2776
5   *Siegel v. Hitachi, Ltd.,* No. 11-cv-05502
6   *Siegel v. Technicolor SA,* No. 13-cv-05261
7   *Target Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514
8
9   *Target Corp. v. Technicolor SA,* No. 13-cv-05686
10
11  *ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.,* No. 14-cv-2510
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants' motion seeks to preclude Plaintiffs from shortcutting their burden at trial to satisfy the requirement of the FTAIA by making improper *arguments* that selling CRT component parts in a "global market" equates to a "direct" effect on the price of finished consumer goods sold in the United States.  In opposition, Plaintiffs[1] make two flawed arguments: (1) the motion is inconsistent with the Ninth Circuit's recent decision in *United States v. Hsiung* and (2) Defendants were aware or had knowledge that price-fixed CRT components would eventually be incorporated into finished goods and sold in the United States.  *See* DAP Opp'n. at 1-3.  The first argument is wrong.  This motion is fully consistent with and supported by *Hsiung*.  The second argument is irrelevant because awareness or knowledge has no bearing on the "directness" of effect.

Plaintiffs also exaggerate the scope of this motion.  *See* DAP Opp'n at 2, 4.  This motion does not seek to preclude evidence or argument as to CRT components directly imported into the United States.  Defendants make no argument in this motion *in limine* based on the FTAIA's "import commerce" exemption, which the Ninth Circuit confirmed applies only to direct imports of the price-fixed component.  *United States v. Hsiung*, -- F.3d --, 2015 WL 400550, at *13-14 & n.8 (9th Cir. Jan. 30, 2015) (considering only evidence of direct imports of price-fixed LCD panels, not finished LCD products, under the import commerce exception and declining to apply the exception to any other type of conduct).  Nor does this motion seek to bar Plaintiffs from introducing concrete and admissible evidence of how and when the conspiracy allegedly affected prices of finished products purchased by the Plaintiffs in the United States.  On the contrary, if, as Plaintiffs claim, they have an "abundance of evidence" to show that the conspiracy had a "direct" effect under the FTAIA, *see* DPP Opp'n at 3, they must present such evidence at trial.  In fact, the

---

[1] Direct Action Plaintiffs (DAPs), Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively "Sharp"), and the Indirect Purchaser Plaintiffs (IPPs) each filed oppositions to Defendants' Joint Motion in Limine No. 8.  *See* ECF Nos. 3658, 3678, 3694.  In this Reply, the Defendants jointly respond to the DAP and Sharp oppositions.  The Toshiba Defendants will be separately responding to the IPP opposition.  Each undersigned Defendant joins this Reply only as to the cases in which it remains active.

purpose of this motion is to ensure that Plaintiffs have to meet their FTAIA burden with concrete evidence, not with improper argument about inter-connected global markets.

Plaintiffs do not and cannot dispute that they have the statutory burden of actually proving that Defendants' conduct had a "direct effect" under the FTAIA's "domestic effects" exception. *See United States v. LSL Biotechnologies*, 379 F.3d 672, 678 (9th Cir. 2004); *Hsiung*, 2015 WL 400550 at *16-17. It is also well established that the FTAIA's domestic effects test cannot be satisfied when "action in a foreign country filters through many layers and finally causes a few ripples in the United States." *Id.* at * 18 (quoting *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 860 (7th Cir. 2012)); *see also* Defs. Motion *in Limine* No. 8 at 2-3. This motion is addressed to that crucial distinction established by Ninth Circuit law: Plaintiffs should not be allowed to shortcut their burden to prove that the alleged conspiracy on CRT components had a "direct" effect on prices of finished products Plaintiffs purchased in the American market by arguing the FTAIA is satisfied by the *rippling* effects of agreements to fix prices abroad.

***First*, Ninth Circuit law precludes Plaintiffs from shortcutting their burden under the FTAIA.** In *Hsiung*, the Ninth Circuit reaffirmed the standard in *LSL Biotechnologies*, that conduct has a "direct" effect under the FTAIA only "'if it follows as an immediate consequence of the defendant[s'] activity'" and does not "'depend[] on . . . uncertain intervening developments.'" 2015 WL 400550 at *17 (quoting *LSL Biotechnologies*, 379 F.3d at 680-81). *Hsiung* then examined whether the government's evidence had been sufficient to satisfy this standard, and held that, "[l]ooking at the conspiracy as a whole," a rational jury "could have found" that the conspiracy had a direct effect on U.S. commerce. *Id*. at *16-17.

The standard that *Hsiung* applied to the DOJ's criminal enforcement action is different than the standard applicable to civil suits for damages. In this case, unlike in the DOJ's case, it is not enough to prove that *some* transactions satisfy the FTAIA, such as direct imports of allegedly price-fixed CRTs. Instead, Plaintiffs' damages claims are barred unless they prove that direct effects gave rise to *all* of their claims for damages. *See F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 174 (2004) (holding that the "gives rise to" prong of the exception requires that the necessary effect on U.S. commerce gives rise to "the plaintiff's claim" or "the claim at

issue"); *see also Motorola Mobility LLC v. AU Optronics Corp.*, -- F.3d --, 2015 WL 137907, at *1-3, *10, *12 (7th Cir. Jan. 12, 2015) (holding that even though Motorola "has a solid claim" for LCD panels imported into the United States, its claims based on U.S. purchases of finished products from its foreign subsidiaries that bought LCD panels abroad were barred by the FTAIA); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819, 2010 WL 5477313, at *4 (N.D. Cal. Dec. 31, 2010) (rejecting plaintiffs' argument that the FTAIA should be evaluated by looking to "the complaint . . . as a whole" because to do so would make FTAIA-barred claims "justiciable simply by being combined under the rubric of a single claim," and holding that "if necessary, a portion of the claims may be dismissed from the lawsuit").

The *Hsiung* decision is not surprising when considering "the conspiracy as a whole." One of the first pieces of evidence cited by the Ninth Circuit was that the foreign cartel meetings resulted in agreements on prices that were applied to LCD panels the conspirators "imported directly into the United States." *Hsiung*, 2015 WL 400550 at *17. Directly importing price-fixed components would have a direct effect on U.S. commerce, so it is no wonder the Ninth Circuit found the domestic injury exception was satisfied based on these imports. But Defendants' motion *in limine* is not directed at direct imports of the allegedly price-fixed components here, CRTs, so *Hsiung* is inapposite.

In addition to the direct imports, the *Hsiung* court also discussed evidence about how panels were incorporated into finished products, how panels go from plants into a product, and how based on specific data price-fixed panels ended up in finished consumer goods in the United States. *Id*. at *16-17. The *Hsiung* court did not hold that generalized or theoretical expert opinions about interconnected global markets were sufficient to satisfy the FTAIA's direct effects test. *Id*. at *17. To the contrary, *Hsiung* specifically acknowledged that claims would fail as a matter of law where the effect on U.S. commerce was "insulated by multiple disconnected layers of transactions." *Id*. It then held that the DOJ's evidence was sufficient to establish some effect on domestic commerce not insulated by such multiple layers of transactions when considering "the conspiracy as a whole." *Id*.

The distinction between DOJ enforcement actions and private suits for damages demonstrates why the DOJ's criminal action could be supported by "[l]ooking at the conspiracy as a whole," while the damages claims brought by Plaintiffs cannot. The DOJ itself expressly acknowledged this distinction in amicus briefs it filed with the Seventh Circuit in *Motorola Mobility*. 2015 WL 137907, at *10-11 (noting that even though the DOJ successfully prosecuted AUO for the same conduct at issue in *Motorola Mobility*, the DOJ "does not suggest that the defendants' conduct gave rise to an antitrust damages remedy for Motorola"). So did the Seventh Circuit, which noted that the DOJ was capable of "addressing the concerns raised by [foreign nations] about an unduly expansive application of U.S. law that they claim would undermine principles of international comity." *Id.* (internal quotation marks and citation omitted). In contrast, "comity considerations with private plaintiffs are quite different. Private plaintiffs . . . often are unwilling to exercise the degree of self-restraint and consideration of foreign governmental sensibilities exercised by the U.S. Government." *Id.* (internal quotation marks and citation omitted).[2]

It is in part due to the different posture of actions brought by the DOJ and private plaintiffs that the DOJ "was successful in its criminal prosecution against AU Optronics for conduct that Motorola seeks, improperly we believe, to recover damages for in [its] case." *Motorola Mobility*, 2015 WL 137907, at *10. Unlike the DOJ, Plaintiffs here must prove that all of their claims satisfy the FTAIA by establishing that their damages were proximately caused by direct, substantial, and reasonably foreseeable domestic effects of Defendants' foreign CRT sales. They cannot meet this burden through evidence of "ripple[]" effects or on the basis of expert testimony

---

[2] The Seventh Circuit was right to be concerned about private plaintiffs ignoring the considerations of foreign nations, as demonstrated by Best Buy's belief that the FTAIA imposes no limits whatsoever on its state law claims. As explained in more detail in Defendants' Motion for Partial Summary Judgment on Plaintiffs' Indirect Purchaser Claims Based on Foreign Sales (ECF No. 3006), which is currently pending before the Court, this argument has been squarely rejected by every other court to consider the issue. *See, e.g., In re SRAM*, 2010 WL 5477313, at *4 (N.D. Cal. Dec. 31, 2010) (rejecting this argument as "unpersuasive"); *In re Intel Corp. Microprocessor Antitrust Litig.* 476 F. Supp. 2d 452, 457 (D. Del. 2007) (ruling that the FTAIA applied to claims under state antitrust law because Congress's intent "would be subverted if state antitrust laws were interpreted to reach conduct which the federal law could not").

that such effects were purportedly transmitted through "multiple disconnected layers of transactions." *Hsiung*, 2015 WL 400550, at *17-18. Defendants' motion *in limine* should be granted to preclude such evidence and argument from trial.

*Second*, **Plaintiffs' argument that Defendants were aware that their products may end up in the United States is irrelevant.** The relevant standard to satisfy the "domestic effects" prong of the FTAIA is whether a defendant's conduct had "a direct, substantial, and reasonably foreseeable effect" on United States commerce. Plaintiffs' opposition confuses the "reasonably foreseeable" requirement with the "directness" requirement. While subjective awareness of the requisite effect may be relevant to foreseeability, it has no relevance as to directness under the FTAIA.[3] By conflating these requirements, Plaintiffs' arguments would absolve them of their burden to prove directness, and render null that statutory requirement. *See Corley v. United States*, 556 U.S. 303, 314 (2009) ("a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous") (internal quotation marks and citation omitted).

*Finally*, **Plaintiffs' citation to abstract testimony from their experts in their oppositions highlights the need for this motion to be granted.** Plaintiffs' opposition quotes their expert, Dr. Elzinga, opining at a general level that "a cartel would function more effectively … on a global basis" and that participants in this alleged cartel "recognized the interconnections between the various regions of the world in which CRTs were sold." *See* DAP Opp'n at 4-5. Sharp's expert, Dr. Hausman (quoted in Sharp's Opposition) makes the same type of generalization: "[I]f prices in the rest of the world increase . . . the amount by which prices in North America can be increased  . . . also increases." *See* Sharp Opp'n at 3. Regardless of whether these sorts of arguments are supported by economic theory, they do not satisfy the law. Plaintiffs cannot rely on such theoretical connections between markets to satisfy their burden of

---

[3] As the language of the FTAIA makes clear, the relevant inquiry under the "foreseeability" prong is whether the effect on domestic commerce was foreseeable, not whether entry of the product into the U.S. market was foreseeable. *See* 15 U.S.C. § 6a.

1  proving that the alleged agreements to fix prices in Asia had a "direct" effect on the United States
2  market.
3        Plaintiffs claim that Dr. Elzinga goes on to cite evidence that the cartel members were
4  aware that their anticompetitive agreement directly affected CRT prices in the United States.  DAP
5  Opp'n at 4.  But, in fact, in the portions of the expert report cited by Plaintiffs, Dr. Elzinga points
6  ████████████████████████████████████████ – the very type of "spillover"
7  or "ripple" effect that courts have held to be insufficient to meet the FTAIA bar.  For example, Dr.
8  Elzinga ████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████ *See*
10 Declaration of Samuel Randall ("Randall Decl.") Ex. 1 (Rebuttal Expert Report of Dr. Kenneth G.
11 Elzinga, September 26, 2014 at 80, ECF No. 3667-5 (emphasis added).  In another example, Dr.
12 Elzinga cites ████████████████████████████████████████
13 ████████████████████████████ (emphasis added).
14       Congress enacted the FTAIA to respond to concerns about the broad reach of the U.S.
15 antitrust law and to limit such law to conduct that had, among other things, a direct and substantial
16 impact on the United States.  *Hsiung*, 2015 WL 400550 at *9.  General testimony about the
17 interconnectedness of global markets and that cartels work more effectively on a global basis
18 could apply to almost any product market today.  Allowing such generalized evidence to satisfy
19 the FTAIA requirements would directly contravene the congressionally mandated limits on U.S.
20 antitrust law imposed by the FTAIA, and therefore should not be permitted.
21       \* \* \*
22       Rather than put forth concrete evidence of a "direct" and "substantial" effect, Plaintiffs
23 have indicated that they intend to put forth generalized testimony that, as a matter of abstract
24 economic theory, price increases of CRTs sold into a globally interconnected market could have
25 impacted prices of finished consumer goods sold in America.  Such generalizations are insufficient
26 under the law to establish a "direct" effect under the FTAIA.  As such, the Court should grant
27 Defendants' motion *in limine* to preclude such improper arguments.
28

| | |
|---|---|
| Dated:  March 6, 2015 | Respectfully submitted, |

**MUNGER, TOLLES & OLSON LLP**

By: */s/Miriam Kim*
MIRIAM KIM
JEROME C. ROTH (SBN 159483)
jerome.roth@mto.com
MIRIAM KIM (SBN 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
william.temko@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

**WINSTON & STRAWN LLP**

By: */s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
A. PAUL VICTOR (*pro hac vice*)
PVictor@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com

| | |
|---|---|
| 1 | ADAM C. HEMLOCK (*pro hac vice*) |
| | adam.hemlock@weil.com |
| 2 | **WEIL, GOTSHAL & MANGES LLP** |
| | 767 Fifth Avenue |
| 3 | New York, New York 10153-0119 |
| | Telephone: (212) 310-8000 |
| 4 | Facsimile: (212) 310-8007 |

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**KIRKLAND & ELLIS LLP**

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
BARACK ECHOLS (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: */s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

**WHITE & CASE LLP**

By: /s/ *Lucius B. Lau*
CHRISTOPHER M. CURRAN (*pro hac vice*)
Email: ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
Email: alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
Email: defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**FAEGRE BAKER DANIELS LLP**

By: /s/ *Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

|   |   |
|---|---|
| 1 | Stephen M. Judge (*pro hac vice*) |
| 2 | Email: steve.judge@FaegreBd.com<br>Faegre Baker Daniels LLP |
| 3 | 202 S. Michigan Street, Suite 1400<br>South Bend, IN 46601 |
| 4 | Telephone: (574) 234-4149<br>Facsimile: (574) 239-1900 |

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Rachel S. Brass*
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

FARMER BROWNSTEIN JAEGER LLP
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone (415) 962-2876
Facsimile: (415) 520-5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

**BAKER BOTTS LLP**

By: */s/ John M. Taladay*
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

**SQUIRE PATTON BOGGS (US) LLP**

By: */s/ Nathan Lane, III*
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
Email:  nathan.lane@squiresanders.com
Email:  mark.dosker@squiresanders.com

Donald A. Wall (*Pro Hac Vice*)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4005
Facsimile: (602) 253-8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: */s/ Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (*Pro Hac Vice*)
Ellen Tobin (*Pro Hac Vice*)
101 Park Avenue
New York, New York 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**JENNER & BLOCK LLP**

By: /s/ *Gabriel A. Fuentes*

JENNER & BLOCK LLP
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc*

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.