Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc.,*
*Toshiba America Consumer Products, LLC,*
*Toshiba America Information Systems, Inc.,*
*and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY** |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | **ORAL ARGUMENT REQUESTED** |
| *Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | Date:       August 7, 2015 Time:       10:00 a.m. Before:    Hon. Samuel Conti |
| *Sears, Roebuck and Co., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514; | |

*Text in left margin (vertical):* White & Case LLP / 701 Thirteenth Street, NW / Washington, DC 20005

1

2    *Sharp Electronics Corp., et al. v. Hitachi, Ltd.,*
     *et al.*, No. 13-cv-01173;
3

4    *Sharp Electronics Corp., et al. v. Koninklijke*
     *Philips Elecs., N.V., et al.*, No. 13-cv-2776;
5

6    *ViewSonic Corporation, v. Chunghwa Picture*
     *Tubes, Ltd., et al.*, No. 3:14cv-02510.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION *IN LIMINE* NO. 13
TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS'
CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ....................................................................................... 1

    A.   Common Live Witnesses Should Only Have To Testify Once To Minimize Burden and Maximize Efficiency ........................................ 1

    B.   The Plaintiffs Have Abandoned Their Argument That They Be Permitted To Use Deposition Testimony For All Purposes For Those Witnesses Who Testify Live ..................................................... 4

II.   CONCLUSION........................................................................................... 5

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION *IN LIMINE* NO. 13
TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS'
CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917

**TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                           <u>**Page(s)**</u>

*Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.,*
    No. C 03-01431 SBA (EDL), 2006 WL 1646110 (N.D. Cal. June 12, 2006)......................3

*Hoffman Motor v. Ford Motor Co.,*
    Civ. 07-cv-00081 REB-CBS, 2009 WL 763356 (D. Colo. Mar. 16, 2009) ........................3

*In Re: TFT-LCD (Flat Panel) Antitrust Litig.,*
    3:07-md-01827 (N.D. Cal. May 4, 2012) ...............................................................2

*In Re: TFT-LCD (Flat Panel) Antitrust Litig.,*
    3:07-cv-01827-SI (N.D. Cal. July 11, 2013) .........................................................2

*In re Urethane Antitrust Litig.,*
    Case No. 04-1616 (D. Kan. Jan. 9, 2013) ..............................................................3


<u>**Rules**</u>

Fed. R. Civ. P. 32(a)(3)...................................................................................4

Fed. R. Evid. 611 ....................................................................................1, 2

Fed. R. Evid. 611(b) .......................................................................................1

Fed. R. Evid. 803 .........................................................................................4


<u>**Other Authorities**</u>

Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:70 (4th ed. 2014) ........2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    **I.       INTRODUCTION**

2          In their oppositions, the Plaintiffs characterize the Defendants' motion *in limine*

3    number 13 as an attempt to "undermine" or "hijack" the Plaintiffs' case-in-chief.  IPP Opp. at

4    2 (Dkt. No. 3655); DAP Opp. at 1 (Dkt. No. 3662).  That is not the case.  Rather, the

5    Defendants merely advocate a commonly-employed process to present live witnesses at trial

6    that is efficient for the Court and the parties, convenient for the witnesses, and least likely to

7    confuse the jury.  This sensible procedure was ordered by Judge Illston in the 2012 LCD trial

8    involving the DPPs and stipulated by the parties in the 2013 LCD trial involving Best Buy.

9    The Defendants' proposal is fully authorized by Rule 611 of the Federal Rules of Evidence,

10   which specifically provides that the Court "may allow inquiry into additional matters" on

11   cross-examination "as if on direct examination."

12         The Defendants' motion *in limine* also seeks a limitation on the use of deposition

13   testimony for witnesses who testify live.  Defendants seek this relief because certain Plaintiffs

14   indicated during a pre-trial meet and confer that they intended to use deposition testimony in

15   an unlimited fashion during their case-in-chief, even for those witnesses who are willing to

16   appear and testify live.  The Plaintiffs have abandoned this extreme position in the oppositions

17   that they have filed to this motion *in limine*.

18   **II.      ARGUMENT**

19        **A.       Common Live Witnesses Should Only Have To Testify Once
                     To Minimize Burden and Maximize Efficiency**
20

21         By their oppositions, the Plaintiffs assert that Rule 611 of the Federal Rules of

22   Evidence supports denial of the Defendants' motion *in limine*.  IPP Opp. at 3-4; DAP Opp. at

23   1.  However, the second sentence of Rule 611 explicitly states that "the court may allow

24   inquiry into additional matters *as if on direct examination*."  Fed. R. Evid. 611(b) (emphasis

25   added).  The Advisory Committee Notes to this rule indicates that:

26                 [T]he provision of the second sentence, that the judge may in the
                   interests of justice limit inquiry into new matters on cross-
27                 examination, is designed for those situations in which the result
                   otherwise would be confusion, complication, or protraction of the
28

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION *IN LIMINE* NO. 13
TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS'
CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

case, not as a matter of rule but as demonstrable in the actual development of the particular case.

Fed. R. Evid. 611 advisory committee's note (1972 proposed rule).  The two recent LCD trials in this district, where common live witnesses were fully examined during the plaintiffs' case-in-chief, have clearly demonstrated that the full examination of such witnesses during the Plaintiffs' case-in-chief avoids confusion, complication, or protraction of the case.  None of the plaintiffs in either LCD trial noted any prejudice arising from this procedure.  *See* Final Pretrial Scheduling Order at 6, *In Re: TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-md-01827 (N.D. Cal. May 4, 2012), Dkt. No. 5597; *In Re: TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-cv-01827-SI (N.D. Cal. July 11, 2013), Dkt. No. 8298.

This is not surprising. A broader examination during the Plaintiffs' case-in-chief "encourages the search for truth by letting the parties bring to light at the outset all the witness knows," while restricting the scope of cross-examination "encourages the proponent to control the witness to reveal only part of the truth and prevents the adversary from setting things right."  3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:70 (4th ed. 2014).  The procedure proposed by the Defendants is also "easy to administer."  *Id.* Conversely, limiting the scope of the cross-examination, as suggested by the Plaintiffs, is "perhaps unworkable because of its imprecision."  *Id.*

The IPPs assert that "Defendants do not even attempt to demonstrate why their request to examine their own witnesses fully in Plaintiffs' case-in-chief is warranted by some particular or special circumstances" (IPP Opp. at 2), but the Defendants have clearly expressed the significant burden that would be placed upon their witnesses that reside overseas, at long distances from San Francisco, or for former employees.  Despite the Plaintiffs' attempt to downplay the burden to individual witnesses of traveling overseas to testify before foreign court proceedings in a language not their own (IPP Opp. at 3), there is no denying the great additional burden in lost time and productivity, inefficiency, and cost that having to attend the trial multiple times would have on these witnesses.  *See* Defendants' Joint Oppositions to Direct Action Plaintiffs' Motions in Limine Nos. 1-18 and Indirect

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   Purchaser Plaintiffs' Motions in Limine Nos. 2, 3, 8, 9, 12, 13, 15, 16, & 18, at 45 (Dkt. No.

2   3681).  Indeed, simply overcoming the significant time zone differences in order to be alert

3   and prepared on multiple occasions is a meaningful burden.  Moreover, requiring even a

4   domestic witness to travel across the country multiple times to San Francisco, prepare to

5   testify multiple times, and deal with the uncertainties of trial scheduling is simply not

6   reasonable.  It is especially important to limit this burden because many of the witnesses are

7   not parties to this case and would be traveling to testify voluntarily.  All of those burdens can

8   be alleviated by simply allowing these witnesses to testify once, during the Plaintiffs' case-in-

9   chief.  A single appearance by common witnesses will also allow the trial to proceed more

10  efficiently, significantly reduce the length of trial, and avoid jury confusion.

11         The cases upon which the IPPs rely provide no support for their position.  There is no

12  indication that any of the cases involved special circumstances where witnesses would have to

13  travel long distances or require translation for their testimony.  *See In re Urethane Antitrust*

14  *Litig.*, No. 04-1616 (D. Kan. Dec. 7, 2012), Transcript of Telephone Conference at 14:10 –

15  15:19; *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431 SBA (EDL),

16  2006 WL 1646110, at *2-3 (N.D. Cal. June 12, 2006); *Hoffman Motor v. Ford Motor Co.*,

17  Civ. 07-cv-00081 REB-CBS, 2009 WL 763356 (D. Colo. Mar. 16, 2009).

18         The IPPs argue that the Defendants' proposed procedure should be denied because it

19  would apply to "all witnesses even those who may be sitting in the courtroom through the

20  whole trial as the parties' representative," but is only needed for a handful of overseas

21  witnesses.  IPP Opp. at 3.  As a preliminary matter, the Plaintiffs are merely speculating that

22  the parties' in-court representatives would be testifying witnesses.  This is rather unlikely.

23  Additionally, there is no doubt that the majority of the evidence in this case originated

24  overseas and that the majority (if not the vast majority) of the common witnesses will be

25  foreign-based.  In order to maintain consistency in the presentation of the witnesses, all

26  common witnesses should be subject to the same procedure.  Allowing some witnesses to

27  complete their testimony in the Plaintiffs' case-in-chief while requiring others to testify

28  multiple times would only cause confusion to the jury.  The Plaintiffs have not explained how

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    this procedure would be prejudiced against them beyond the vague notion that they should be

2    allowed to "put on their case as they see fit."  IPP Opp. at 3.

3        The process advocated by the Defendants can also apply to the Defendants' case-in-

4    chief, such that any witness first called in the Defendants' case-in-chief can be fully examined

5    by the Plaintiffs, thereby obviating any need for the Plaintiffs to recall such witness in their

6    rebuttal case.  The Defendants are willing to follow this procedure despite any concern that

7    the Plaintiffs could "hijack" the witnesses they call.

8        **B.      The Plaintiffs Have Abandoned Their Argument That They
                 Be Permitted To Use Deposition Testimony For All Purposes
9                For Those Witnesses Who Testify Live**

10       During a pre-trial meet and confer, certain Plaintiffs had suggested that they would use

11   deposition testimony for all purposes in their case-in-chief, even for those witnesses who are

12   available to testify live.  It was for this reason that the Defendants requested in their motion *in*

13   *limine* number 13 that the Court should only permit deposition testimony to be used to

14   impeach those witnesses who testify live.  Def. MIL No. 13 at 4.

15       In their respective opposition briefs, none of the Plaintiffs now argue that they should

16   have unbridled freedom to use deposition testimony for those witnesses who testify live.  Nor

17   do the Plaintiffs question (or even address) the Ninth Circuit's preference for live testimony, a

18   principle that was prominently displayed in our motion *in limine*.  *Id.* at 4; *see also*

19   Defendants' Joint Oppositions to Direct Action Plaintiffs' Motions in Limine Nos. 1-18 and

20   Indirect Purchaser Plaintiffs' Motions in Limine Nos. 2, 3, 8, 9, 12, 13, 15, 16, & 18, at 46-47

21   (Dkt. No. 3681).  Rather, relying upon Rule 32(a)(3) of the Federal Rules of Civil Procedure

22   and Rule 803 of the Federal Rules of Evidence, the DAPs assert that there might be

23   permissible uses of deposition testimony (other than impeachment) for those witnesses who

24   testify live at trial.  DAP Opp. at 1.  To the extent that the applicable rules authorize these

25   additional uses of deposition testimony, the Court can address the applicability of such rules if

26   and when the issue arises during trial.  At the present time, the Court need only issue a ruling

27

28

that the use of deposition testimony for those witnesses who testify live at trial is restricted to impeachment (or any other use permitted by the rules).

## II.    CONCLUSION

For these reasons and for the reasons stated in the Defendants' joint motion *in limine* number 13, the Court should (1) allow the Defendants to conduct a full examination of any common witnesses called to testify in the Plaintiffs' case-in-chief, immediately following the conclusion of the Plaintiffs' examination of that witness; and (2) limit the use of deposition testimony to impeachment purposes (or any other use permitted by the rules) when a live witness is testifying on the stand.

Respectfully submitted,

Dated:  March 6, 2015        **WHITE & CASE**LLP

By: */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America Consumer*
*Products, LLC, Toshiba America Information*
*Systems, Inc., and Toshiba America Electronic*
*Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2          By: */s/ Rachel S. Brass*
               Rachel S. Brass
3          **GIBSON, DUNN & CRUTCHER LLP**
               JOEL S. SANDERS, SBN 107234
4              JSanders@gibsondunn.com
               RACHEL S. BRASS, SBN 219301
5              RBrass@gibsondunn.com
               AUSTIN SCHWING, SBN 211696
6              ASchwing@gibsondunn.com
               555 Mission Street, Suite 3000
7              San Francisco, California 94105-2933
               Telephone: 415.393.8200
8              Facsimile: 415.393.8306
9

10             **FARMER BROWNSTEIN JAEGER LLP**
               WILLIAM S. FARMER, SBN 46694
11             WFarmer@FBJ-law.com
               DAVID BROWNSTEIN, SBN 141929
12             DBrownstein@FBJ-law.com
               JACOB ALPREN, SBN 235713
13             JAlpren@FBJ-law.com
               235 Montgomery Street, Suite 835
14             San Francisco California 94104
               Telephone 415.962.2876
15             Facsimile: 415.520.5678
16

17

18             *Attorneys for Defendants Chunghwa Picture Tubes,*
               *Ltd and Chunghwa Picture Tubes (Malaysia) Sdn.*
19             *Bhd.*
20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION *IN LIMINE* NO. 13
TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS'
CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917

701 Thirteenth Street, NW
Washington, DC 20005
White & Case LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: */s/ Leo D. Caseria*
    GARY L. HALLING (SBN 66087)
    ghalling@sheppardmullin.com
    JAMES L. MCGINNIS (SBN 95788)
    jmcginnis@sheppardmullin.com
    MICHAEL W. SCARBOROUGH (SBN 203524)
    mscarborough@sheppardmullin.com
    SHEPPARD MULLIN RICHTER & HAMPTON LLP
    Four Embarcadero Center, 17th Floor
    San Francisco, California 94111
    Telephone: (415) 434-9100
    Facsimile: (415) 434-3947

    LEO D. CASERIA (SBN 240323)
    lcaseria@sheppardmullin.com
    SHEPPARD MULLIN RICHTER & HAMPTON LLP
    333 South Hope Street, 43rd Floor
    Los Angeles, California  90071-1448
    Telephone: (213) 620-1780
    Facsimile: (213) 620-1398

    *Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION *IN LIMINE* NO. 13
TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS'
CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917
7

1

2                                  **KIRKLAND & ELLIS LLP**

3                          By: */s/ Eliot A. Adelson*
                               Eliot A. Adelson
4                              James Maxwell Cooper
5                              KIRKLAND & ELLIS LLP
                               555 California Street, 27th Floor
6                              San Francisco, CA  94104
7                              Telephone: (415) 439-1400
                               Facsimile: (415) 439-1500
8                              Email: eadelson@kirkland.com
9                              Email: max.cooper@kirkland.com

10                             James H. Mutchnik, P.C. (*pro hac vice*)
                               Barack Echols (*pro hac vice*)
11                             KIRKLAND & ELLIS LLP
12                             300 North LaSalle
                               Chicago, Illinois 60654
13                             Tel: (312) 862-2000
14                             Facsimile: (312) 862-2200
                               Email: jmutchnik@kirkland.com
15                             Email: bechols@kirkland.com

16
                               *Attorneys for Defendants Hitachi, Ltd., Hitachi*
17                             *Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi*
                               *America, Ltd., Hitachi Asia, Ltd., and Hitachi*
18                             *Electronic Devices (USA), Inc.*
19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2 **MUNGER, TOLLES & OLSON LLP**

3

4 By: */s/ Miriam Kim*

JEROME C. ROTH (State Bar No. 159483)
5 jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
6 miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
7 560 Mission Street, Twenty-Seventh Floor
8 San Francisco, California 94105-2907
Telephone: (415) 512-4000
9 Facsimile: (415) 512-4077

10

11 BRAD D. BRIAN (SBN 079001)
12 brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
13 William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
14 gregory.weingart@mto.com
15 E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
16 MUNGER, TOLLES & OLSON LLP
17 355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
18 Telephone: (213) 683-9100
19 Facsimile: (213) 687-3702

20

21 ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
22 FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
23 Redwood Shores, California 94065
Telephone: (650) 593-6300
24 Facsimile: (650) 593-6301

25

26 *Attorneys for Defendant LG Electronics, Inc.*

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**WINSTON & STRAWN LLP**

By: */s/ Jeffrey L. Kessler*
       JEFFREY L. KESSLER (*pro hac vice*)
       Email:  JKessler@winston.com
       ALDO A. BADINI (SBN 257086)
       Email:  ABadini@winston.com
       EVA W. COLE (*pro hac vice*)
       Email:  EWCole@winston.com
       MOLLY M. DONOVAN
       Email:  MMDonovan@winston.com
       **WINSTON & STRAWN LLP**
       200 Park Avenue
       New York, NY 10166
       Telephone: (212) 294-6700
       Facsimile: (212) 294-4700

       STEVEN A. REISS (*pro hac vice*)
       Email:  steven.reiss@weil.com
       DAVID L. YOHAI (*pro hac vice*)
       Email:  david.yohai@weil.com
       ADAM C. HEMLOCK (*pro hac vice*)
       Email:  adam.hemlock@weil.com
       **WEIL, GOTSHAL & MANGES LLP**
       767 Fifth Avenue
       New York, New York 10153-0119
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       *Attorneys for Defendants Panasonic Corporation*
       *(f/k/a Matsushita Electric Industrial Co., Ltd.),*
       *Panasonic Corporation of North America, and MT*
       *Picture Display Co., Ltd.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**BAKER BOTTS LLP**

By: */s/ John M. Taladay*
      JOHN M. TALADAY (*pro hac vice*)
      john.taladay@bakerbotts.com
      ERIK T. KOONS (*pro hac vice*)
      erik.koons@bakerbotts.com
      CHARLES M. MALAISE (*pro hac vice*)
      charles.malaise@bakerbotts.com
      BAKER BOTTS LLP
      1299 Pennsylvania Ave., N.W.
      Washington, DC 20004-2400
      Telephone: (202) 639-7700
      Facsimile: (202) 639-7890

      JON V. SWENSON (SBN 233054)
      jon.swenson@bakerbotts.com
      BAKER BOTTS LLP
      1001 Page Mill Road
      Building One, Suite 200
      Palo Alto, CA 94304
      Telephone: (650) 739-7500
      Facsimile: (650) 739-7699
      E-mail: jon.swenson@bakerbotts.com

      *Attorneys for Defendants Koninklijke Philips N.V.,*
      *Philips Electronics North America Corporation,*
      *Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**JENNER & BLOCK LLP**

By: /s/ *Gabriel A. Fuentes*

JENNER & BLOCK LLP
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric
Corporation, Mitsubishi Electric US, Inc. and,
Mitsubishi Electric Visual Solutions America, Inc.*

**FAEGRE BAKER DANIELS LLP**

By:  */s/ Kathy L. Osborn*
     Kathy L. Osborn (*pro hac vice*)
     Ryan M. Hurley (*pro hac vice*)
     Faegre Baker Daniels LLP
     300 N. Meridian Street, Suite 2700
     Indianapolis, IN  46204
     Telephone: +1-317-237-0300
     Facsimile: +1-317-237-1000
     kathy.osborn@FaegreBD.com
     ryan.hurley@FaegreBD.com

     Jeffrey S. Roberts (*pro hac vice*)
     Email: jeff.roberts@FaegreBD.com
     Faegre Baker Daniels LLP
     3200 Wells Fargo Center
     1700 Lincoln Street
     Denver, CO 80203
     Telephone: (303) 607-3500
     Facsimile: (303) 607-3600

     Stephen M. Judge (*pro hac vice*)
     Email: steve.judge@FaegreBd.com
     Faegre Baker Daniels LLP
     202 S. Michigan Street, Suite 1400
     South Bend, IN 46601
     Telephone: (574) 234-4149
     Facsimile: (574) 239-1900

     *Attorneys for Defendants Thomson SA and*
     *Thomson Consumer Electronics, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION *IN LIMINE* NO. 13
TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS'
CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY
Case No. 07-5944 SC
MDL No. 1917
13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**SQUIRE PATTON BOGGS (US) LLP**

By: */s/ Nathan Lane, III*
     Nathan Lane, III (CA Bar No. 50961)
     Mark C. Dosker (CA Bar No. 114789)
     SQUIRE PATTON BOGGS (US) LLP
     275 Battery Street, Suite 2600
     San Francisco, California 94111
     Telephone:  (415) 954-0200
     Facsimile:  (415) 393-9887
     E-mail:  nathan.lane@squiresanders.com
     E-mail:  mark.dosker@squiresanders.com

     Donald A. Wall (Pro Hac Vice)
     SQUIRE PATTON BOGGS (US) LLP
     1 East Washington Street, Suite 2700
     Phoenix, Arizona 85004
     Telephone: + 1 602 528 4005
     Facsimile: +1 602 253 8129
     Email: donald.wall@squirepb.com

     *Attorneys for Defendant Technologies Displays*
     *Americas LLC with respect to all cases except Office*
     *Depot, Inc. v. Technicolor SA, et al. and Sears,*
     *Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP**

By: */s/ Jeffrey I. Zuckerman*
     Jeffrey I. Zuckerman (Pro Hac Vice)
     Ellen Tobin (Pro Hac Vice)
     101 Park Avenue
     New York, New York 10178
     Telephone: 212.696.6000
     Facsimile: 212.697.1559
     Email: jzuckerman@curtis.com
     etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397.3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays
Americas LLC with respect to Office Depot, Inc. v.
Technicolor SA, et al. and Sears, Roebuck and Co.,
et al. v. Technicolor SA, et al.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

Each of the above-listed Defendants join this Reply only as to the cases in which it remains active.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On March 6, 2015, I caused a copy of "DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION *IN LIMINE* NO. 13 TO ALLOW FULL DEFENSE EXAMINATION OF COMMON WITNESSES DURING PLAINTIFFS' CASE-IN-CHIEF AND LIMIT USE OF DEPOSITION TESTIMONY" to be served via ECF on the other parties in this action.

*/s/ Lucius B. Lau*
Lucius B. Lau