Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone:     (415) 439-1400
Facsimile:      (415) 439-1500
Email:  eadelson@kirkland.com
Email:  max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:  jmutchnik@kirkland.com
Email:  bechols@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD., and
HITACHI ELECTRONIC DEVICES (USA), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC |
| | MDL NO. 1917 |
| This Document Relates to: | **HITACHI DEFENDANTS' REPLY TO MOTION IN LIMINE TO COMPEL PLAINTIFFS TO REFER TO DEFENDANT SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD. BY ITS SPECIFIC, INDIVIDUAL CORPORATE ENTITY NAME OR AS "SEG"** |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-05513-SC | |
| | <u>ORAL ARGUMENT REQUESTED</u> |
| | Date:     None set<br>Time:     None set<br>Before:   Hon. Samuel Conti |

Plaintiffs'[1] Opposition proves why the Hitachi Defendants' motion *in limine* requiring Plaintiffs and their witnesses to refer to Defendant Shenzhen SEG Hitachi Color Display Devices, Ltd. by its proper, individual corporate entity name or as "SEG," rather than as "Hitachi" or part of "Hitachi," is entirely necessary and appropriate.[2] Plaintiffs themselves cannot keep straight the companies that are defendants here, and those that are not.

*First*, Plaintiffs' arguments highlight the risk of of confusion to the jury—even Plaintiffs fail to ascribe evidence to the proper parties. Plaintiffs assert that SEG was often referred to as both "Hitachi Shenzhen" and "SEG Hitachi." (*See* Opp. at 1). But this is incorrect. In fact, the document on which Plaintiffs rely to support its position that "Hitachi Shenzhen" refers to SEG does no such thing. Rather than refer to SEG, that document (Burman Decl. Ex. 39[3]) relates to a completely separate company: Shenzhen Hitachi Displays, Co., Ltd.—an entity that is not a defendant in this case and that does not even manufacture CRTs. (*See* http://www.hitachi.com/New/cnews/E/2001/0517a/0517.pdf). Plaintiffs' inability to distinguish these companies in their own briefing underscores why SEG should be referred to by its full corporate name, or by a clearly distinguishable name like "SEG" at trial. If not, then the jury will do just what Plaintiffs did here: conflate SEG—and potentially other entities—with some or all of the Hitachi Defendants, causing confusion and prejudicial harm to the Hitachi Defendants.

*Second*, Plaintiffs' argument that the Motion "seeks to confuse the jury about the relevance at trial of SEG" with respect to the Hitachi Defendants' withdrawal defense is entirely off point. (*See* Opp. at 1-2). Plaintiffs state that "the jury must know that Hitachi continued to participate" in the alleged conspiracy after 2003. (Opp. at 2). This alleged continued participation is not a fact,

---

[1] The Hitachi Defendants filed this Motion only in Plaintiff Best Buy's case because Best Buy is the only Plaintiff with active claims that will be tried in the Northern District of California against any of the Hitachi Defendants. The Court's order should apply to all parties in any trial that involves Best Buy and the Hitachi Defendants.

[2] To the extent Plaintiffs rely on the arguments raised in opposition to Defendants' General Motion *in Limine* No. 6, the Hitachi Defendants join and incorporate any arguments raised in Defendants General Reply to Motion *in Limine* No. 6.

[3] The Burman Declaration refers to the Declaration of David J. Berman in Support of Plaintiffs' Opposition to the Hitachi Defendants' Motion for Summary Judgment Based Upon Withdrawal and the Statutes of Limitations (ECF No. 3268-1). The cited exhibit was filed under seal pursuant to this Court's order dated January 29, 2015 (ECF No. 3498).

however, but rather a disputed issue in this case.  Plaintiffs apparently hope to avoid the necessity of proving that the Hitachi Defendants continued to participate in the CRT industry by leading the jury to assume it without evidentiary proof.   Nothing in this motion prevents Plaintiffs from arguing SEG's supposed relevance at trial.  If Plaintiffs are able to prove through *evidence* that SEG participated in the conspiracy after 2003, and that there is no corporate separateness between the Hitachi Defendants and an entity in which none of them ever had a majority interest, then requiring Plaintiffs to use the abbreviation "SEG" is not prejudicial.  Moreover, if including "Hitachi" in SEG's name is as important as Plaintiffs believe, then Plaintiffs can refer to SEG by its full corporate name.  Plaintiffs should not be released from their burden of disproving the corporate separateness by being permitted to conflate SEG with the Hitachi Defendants in order to confuse the jury at trial.

*Third*, Plaintiffs mischaracterize the case law and do not refute the relevant authorities the Hitachi Defendants cite that support the separate naming of SEG here.  While part of the confusion in *United States v. Coward*, 630 F.2d 229 (4th Cir. 1980) resulted from a mismatch between charges and evidence, the court there specifically noted that confusion also arose from an attorney mistakenly referring to the party "Coffey" where he should have named "Coward." 630 F.2d at 231.  Even though it was corrected with a clarification, the jury remained confused.  *See id.*  This is the very type of jury confusion likely to arise if Plaintiffs are permitted improperly to treat SEG and the Hitachi Defendants as a single entity.  Plaintiffs' reliance on *United States v. Bainbridge Mgmt., L.P.*, No. 01 CR 469-1, 2002 WL 31006135 (N.D. Ill. Sept. 5, 2002) is likewise misplaced.[4]  Contrary to Plaintiffs' suggestion that requiring separate naming of entities is inappropriate, the court in *Bainbridge* specifically *endorses* the use of a generic name (like SEG) in an instance like this. (Opp. at 2).  In *Bainbridge*, defendants sought a limiting instruction to prevent the jury from confusing "Bainbridge Management L.P." and "Bainbridge Management, Inc." 2002 WL 31006135, at *1.  The court agreed that the jury would need help differentiating between the two entities and

---

[4] Plaintiffs' reliance on *United States v. Branham*, No. CR. 86-63-JRR, 1987 WL 12252 (D. Del. June 5, 1987) is inapposite.  The *Branham* court recognized that "[t]he similarity of the names could pose another problem" but found that severing the case was not warranted in light of other significant factors weighing against severance.  *Id.* at *4.  A motion *in limine* does not require the same balancing of factors as a motion to sever, and thus, *Branham*'s analysis is not applicable here.

therefore approved of using the suggested generic names of "Bainbridge L.P." and "Management, Inc." *Id.* Notably, the court did not find it necessary for both of the generic names to include "Bainbridge." *See id.* Similarly, the Hitachi Defendants' suggested use of "SEG" will aid the jury in differentiating between SEG and each of the Hitachi Defendants.

*Fourth*, Plaintiffs fail to identify any burden, let alone a substantial burden, that they purportedly would suffer in advance of trial by being required to use SEG's proper corporate entity name. There is no such burden—and certainly not one that could outweigh the prejudice to the Hitachi Defendants. In contrast, as set forth in the Hitachi Defendants' original motion, it will be undeniably prejudicial if the jury cannot distinguish between evidence pertaining only to SEG—a separate company that was principally owned and controlled and operated by parties that have never even appeared in this case—and evidence that properly pertains to one of the Hitachi Defendants.

Accordingly, the Hitachi Defendants respectfully request that this Court prohibit Plaintiffs from referring to SEG as "Hitachi" or as part of "Hitachi" and require them to refer to SEG by its proper corporate entity name—"Shenzhen SEG Hitachi Color Display Devices, Ltd.," or as "SEG"—during the course of the trial.

DATED: March 6, 2015

By: */s/ Eliot A. Adelson*

Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone:     (415) 439-1400
Facsimile:      (415) 439-1500
Email:  eadelson@kirkland.com
Email:  max.cooper@kirkland.com

Attorneys for Defendants
*Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.*