1  Eliot A. Adelson (SBN 205284)
   James Maxwell Cooper (SBN 284054)
2  KIRKLAND & ELLIS LLP
   555 California Street, 27th Floor
3  San Francisco, CA 94104
   Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500
   Email: eadelson@kirkland.com
5  Email: max.cooper@kirkland.com

6  James H. Mutchnik, P.C. (*pro hac vice*)
   Barack S. Echols (*pro hac vice*)
7  KIRKLAND & ELLIS LLP
   300 North LaSalle
8  Chicago, IL 60654
   Telephone: (312) 862-2000
9  Facsimile: (312) 862-2200
   Email: jmutchnik@kirkland.com
10 Email: bechols@kirkland.com

11 Attorneys for Defendants,
   HITACHI, LTD., HITACHI DISPLAYS, LTD.
12 (n/k/a JAPAN DISPLAY INC.), HITACHI
   AMERICA, LTD., HITACHI ASIA, LTD., AND
13 HITACHI ELECTRONIC DEVICES (USA), INC.

14 *Additional Moving Defendants and Counsel Listed on Signature Pages*

15                 **UNITED STATES DISTRICT COURT**

16                 **NORTHERN DISTRICT OF CALIFORNIA**

17                    **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 18  IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | )  Master File No. 3:07-cv-05944-SC )  )  MDL No.  1917 |
| 19 | |
| 20  _____ | )  )  **DEFENDANTS' REPLY IN SUPPORT OF** |
| This Document Relates To: | )  **DEFENDANTS' MOTION IN LIMINE #4:** |
| 21 | )  **TO EXCLUDE LCD AND OTHER NON-** |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et* | )  **CRT PRODUCT CONSPIRACIES** |
| 22  *al.,* No. 11-cv-05513 | )  )  Judge:       Hon. Samuel Conti |
| 23  *Best Buy Co., Inc. et al. v. Technicolor SA, et al.,* No. 13-cv-05264 | )  Date:        None Set )  Courtroom:   1, 17th Floor )  |
| 24 | ) |
| *Sears, Roebuck and Co. et al., and Kmart* | ) |
| 25  *Corp. v. Technicolor SA, et al.,*  No. 13-cv-05262 | ) ) |
| 26 | ) |
| *Sears, Roebuck and Co. and Kmart Corp. v.* | ) |
| 27  *Chunghway Picture Tubes, Ltd., et al.,* No. 11-cv-05514 | ) ) |
| 28  _____ | ) |

1  *Sharp Electronics Corp., et al. v. Hitachi*   )
   *Ltd., et al.,* No. 13-cv-01173   )
2  )
   *Sharp Electronics Corp., et al. v.*   )
3  *Koninklijke Philips Electronics., N.V., et al.,*   )
   No. 13-cv-02776   )
4  )
   *Siegel v. Hitachi, Ltd., et al.,* No. 11-cv-   )
5  05502   )
   )
6  *Siegel v. Technicolor SA, et al.,* No. 13-cv-   )
   05261   )
7  )
   *Target Corp. v. Chunghwa Picture Tubes,*   )
8  *Ltd., et al.,* No. 11-cv-05514   )
   )
9  *Target Corp. v. Technicolor SA, et al.,* No.   )
   13-cv-05686   )
10 )
   *ViewSonic Corporation v. Chunghwa*   )
11 *Picture Tubes Ltd., et al.,* No. 14-cv-02510   )

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION

Undersigned defendants' ("Defendants") Motion in Limine No. 4 moved to exclude all evidence or reference at trial to Defendants' participation in conspiracies involving any non-CRT products as irrelevant, unduly prejudicial, and impermissible character evidence.  In their Opposition, the Direct Action Plaintiffs ("Plaintiffs") argue only for the admissibility of LCD conspiracy evidence.  By failing to address Defendants' argument that any other non-CRT conspiracy evidence should be excluded (*e.g.*, DRAM, batteries, projection tubes, and auto parts) Plaintiffs concede that it is inadmissible.  *See, e.g.*, *Mariscal v. Graco, Inc.*, No. 13-CV-02548-TEH, 2014 WL 2919520, at *7 (N.D. Cal. June 26, 2014) (holding that plaintiff's failure to address defendant's arguments in opposition brief conceded those claims).

As to evidence of two Defendants' (Chunghwa Picture Tubes, Ltd., Hitachi Displays, Ltd.) and one non-party's (LG Display Co., Ltd.) involvement in the LCD conspiracy, which began in 2001, Plaintiffs claim such evidence is somehow relevant to *all* Defendants' earlier state of mind in the CRT conspiracy, which they allege began in 1995.  But Plaintiffs make no effort to explain how evidence about two Defendants' later-acquired knowledge in the LCD conspiracy could possibly be probative of Defendants' knowledge or intent in a conspiracy ***about a different product*** that allegedly began ***six years earlier***.  Nor do Plaintiffs have any authority for the proposition that a *non-party*'s involvement in a later conspiracy regarding different products than those at issue can be introduced to show *Defendants*' intent or knowledge.  This nonsensical argument is nothing more than a poorly disguised attempt to suggest that Defendants had a "propensity" to fix prices, which is improper under Rule 404(b).  Even if LCD evidence had any minimal probative value, it would be far outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury and should be excluded under Rule 403.  For these reasons, several cases cited by Defendants—which Plaintiffs tellingly fail to address—hold that evidence of violations in one market are inadmissible to prove antitrust claims in another market.  *See In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 647 F. Supp. 2d 1250, 1257-58 (W.D. Wash. 2009); *In re Elevator Antitrust Litigation*, 502 F.3d 47, 52 (2d Cir. 2007).

1   **II.     LCD CONSPIRACY EVIDENCE IS BARRED BY FRE 404(B)**

2          Evidence of certain Defendants' participation in the LCD conspiracy is classic propensity

3   evidence barred by Rule 404(b).  *United States v. Hill*, 953 F.2d 452, 456 (9th Cir. 1991) ("Evidence

4   of specific wrongful conduct is not admissible . . . to show [a person] acted in conformity

5   therewith."); *see* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible

6   to prove a person's character in order to show that on a particular occasion the person acted in

7   accordance with the character.").  Plaintiffs nevertheless claim that evidence of a later, separate

8   conspiracy in another market (involving only some of the Defendants) is admissible under Rule

9   404(b) to prove *all* of the Defendants' "state of mind," specifically (a) their knowledge that the CRT

10  conspiracy would have a foreseeable and direct effect on the prices of CRTs in the United States,

11  and (b) their intent in meeting with competitors.  *See* Opp. at 6.  Plaintiffs' argument fails, and LCD

12  evidence should be barred, because an "incantation of the proper uses of [extrinsic act] evidence . . .

13  does not magically transform inadmissible evidence into admissible evidence."  *United States v.*

14  *Caldwell*, 760 F.3d 267, 276 (3rd Cir. 2014) (citation omitted).

15         Plaintiffs make no attempt to meet their burden of showing that the LCD pleas are probative

16  of anything besides propensity.  The Ninth Circuit has stated that "extrinsic acts evidence is not

17  looked upon with favor."  *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).  To admit

18  extrinsic acts evidence under Rule 404(b), Plaintiffs must prove that: "(1) the evidence tends to

19  prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to

20  support a finding that defendant committed the other act; and (4) (in cases where knowledge and

21  intent are at issue) the act is similar to the offense charged."  *Id.*; *United States v. Arambula–Ruiz,*

22  987 F.2d 599, 602 (9th Cir. 1993) ("The [proponent of the disputed evidence] has the burden of

23  proving that the evidence meets all of the above requirements [of Rule 404(b)].").  To satisfy these

24  requirements, Plaintiffs "must articulate precisely the evidential hypothesis by which a fact of

25  consequence may be inferred from the other acts evidence."  *Mayans*, 17 F.3d at 1181.  In other

26  words, Plaintiffs must "explain how it fits into a chain of inferences — a chain that connects the

27  evidence to a proper [evidentiary] purpose, no link of which is a forbidden propensity inference."

28  *Caldwell*, 760 F.3d at 277 (emphasis added).   "[T]he proffered evidence ***must*** be excluded if the

1    proponent neglects or is unable to articulate this chain of inferences, and failure to exclude such

2    evidence constitutes reversible error." *Id.* (emphasis added).  Plaintiffs' "state of mind" arguments

3    fail this test.

4              Plaintiffs have not shown that evidence of *one* non-party's and *two* Defendants' involvement

5    with the LCD conspiracy is at all probative of *any* Defendants' prior knowledge and intent in the

6    alleged CRT conspiracy.  The guilty pleas in LCD were limited in scope:  LG Display Co., Ltd.,

7    which is not a party to the present litigation,[1] as well as one Chunghwa entity, Chunghwa Picture

8    Tubes, Ltd., admitted that "agreements were reached to fix the price of TFT-LCD to be sold in the

9    United States and elsewhere," (Opp. Ex. 1, Chunghwa Picture Tubes, Ltd. Plea Agreement, ¶ 4(c);

10   Opp. Ex. 4, LG Display Co., Ltd. Plea Agreement, ¶ 4(c)), and one Hitachi entity, Hitachi Displays,

11   Ltd., admitted that LCDs affected by the conspiracy were sold in the Northern District of California

12   (*See* Opp. Ex. 7, Hitachi Displays, Ltd. Plea Agreement, ¶ 4(e)).  Moreover, the plea period in the

13   LCD conspiracy did not begin until 2001, six years *after* the alleged CRT price-fixing conspiracy.

14             Common sense suggests that Defendants' knowledge of the CRT conspiracy's effectiveness

15   cannot be shown by proof that, six years later, a subset of the Defendants were involved with an

16   entirely separate conspiracy concerning a completely distinct product that affected the United States.

17   *See United States v. Boyd*, 595 F.2d 120, 126 (3d Cir. 1978) ("The logic of showing prior intent or

18   knowledge by proof of subsequent activity escapes us.").  Courts have recognized that subsequent

19   acts are unlikely to be probative of a defendant's prior state of mind, particularly where, as here, the

20   subsequent acts are "substantially separated in time" from the instant offense.  *See United States v.*

21   *Betts*, 16 F.3d 748, 758 (7th Cir. 1994) *abrogated on other grounds by United States v. Mills*, 122

22   F.3d 346 (7th Cir. 1997) ("Subsequent [] activity, on the other hand, particularly conduct that is

23   substantially separated in time from the charged offense, is far less likely to illuminate the

24   defendant's state of mind on an earlier occasion.").

25             Furthermore, Plaintiffs offer no basis for admitting evidence that a non-party, LG Display

26   Co., Ltd., was involved in a conspiracy regarding LCDs six years after the advent of the alleged

27

28

---

[1]   LG Display Co., Ltd., is not the same company as LG. Philips Displays ("LPD"), the joint venture formed in 2001 that acquired the CRT assets of Defendants LG Electronics, Inc., and Koninklijke Philips Electronics N.V.

CRT conspiracy that is the subject of the present litigation.  In a footnote, Plaintiffs argue that this evidence is somehow admissible because LG Display Co., Ltd., is "in privity" with Defendant LG Electronics, Inc.  Opp. at 3, n. 4.  The sole case Plaintiffs cite discussed privity in the context of claim preclusion and had nothing to do with the admissibility of evidence to prove antitrust claims. *In re Imperial Corp. of Am.*, 92 F.3d 1503, 1504 (9th Cir. 1996) (barring government agency from bringing mismanagement claims against company's directors).  That case does not stand for the nonsensical proposition that subsequent acts by a non-party can be introduced as evidence of intent by a defendant under Rule 404(b).  Given that LG Display Co., Ltd., and LG Electronics, Inc. are not the same party, but rather separate corporate entities, admitting evidence of the former's plea or involvement in the LCD conspiracy would be severely prejudicial to LG Electronics, Inc.

Rather than explain how these limited LCD pleas are probative of Defendants' state of mind in the CRT case, Plaintiffs simply assert that they are probative.  With respect to knowledge, Plaintiffs flatly state that the LCD pleas prove "it was reasonably foreseeable to Chunghwa, Hitachi, and LG Display that the [LCD] crystal meetings held in Asia would have a reasonably foreseeable and direct effect on LCD prices in the United States," and that this evidence "tends to prove that [] a domestic effect was reasonably foreseeable to the [CRT] glass meeting attendants as well," (Opp. at 6), but make no effort to explain why this is so.  With respect to intent, Plaintiffs assert that "Defendants' admission that they intended to fix prices of LCDs when they attended the LCD meetings referenced in their plea agreements bears directly on whether they possessed the same intent in attending group and bilateral [meetings] covering CRT products," (Opp. at 6), but make no attempt to articulate how this can be inferred without drawing an impermissible propensity inference.

Nor do the cases cited by Plaintiffs support admission of the LCD pleas.  Plaintiffs have not cited a single case where evidence of a later conspiracy was admitted to show prior knowledge of the Defendants' prior intent regarding a product not at issue.  *See United States v. Smith Grading & Paving*, 760 F.2d 527 (4th Cir. 1985) (addressing admissibility of **prior** bid rigging activities); *United States v. Dynalectric Co.*, 859 F.2d 1559, 1580-81 (11th Cir. 1988) (addressing admissibility of evidence about **prior** antitrust conspiracy); *United States v. Sw. Bus. Sales, Inc.*, 20 F.3d 1449,

1455 (8th Cir. 1994) (addressing admissibility of evidence about concurrent conspiracies to fix prices and rig bids on identical product (school buses) in different states); *United States v. Andreas,* 216 F.3d 645, 664-66 (7th Cir. 2000) (admitting evidence of separate conspiracy to avoid "confusion or leav[ing] an unexplainable gap in the narrative of the crime.").  In fact, Plaintiffs can muster only one case where evidence of subsequent extrinsic misconduct was admitted to show a prior state of mind.  There, the defendant was charged with transporting narcotics, but contended he had been "duped into carrying it across the border." *United States v. Bibo-Rodriguez*, 922 F.2d 1398, 1400 (9th Cir. 1991).  The district court admitted evidence that the defendant was arrested only nine weeks later for transporting narcotics across the border and the Ninth Circuit affirmed, finding the evidence admissible to show that the defendant "was not duped during the [earlier] transaction and therefore he must have known that he was carrying cocaine." *Id.* at 1401-1402.  Here, no Defendant contends it was "duped" into an alleged antitrust violation, and the logic of *Bibo-Rodriguez* does not apply.  *See Betts*, 16 F.3d at 759 (finding the logic of *Bibo-Rodriguez* is inapplicable where evidence of subsequent misconduct is offered against a defendant who does not contend his involvement in a conspiracy was unwitting).

Absent an explanation of the "chain of inferences . . . connecting the evidence to a proper [evidentiary] purpose," Plaintiffs' argument for admitting LCD conspiracy evidence boils down to nothing more than four forbidden propensity inferences: (1) Chunghwa Picture Tubes, Ltd., Hitachi Displays, Ltd., and LG Display Co., Ltd. met with competitors to fix prices for LCDs, so they must have intended to fix prices when they met with competitors about CRTs; (2) Chunghwa Picture Tubes, Ltd., Hitachi Displays, Ltd., and LG Display Co., Ltd. agreed to fix prices for LCDs sold in the United States, so they must have agreed to fix prices for CRTs sold in the United States; (3) because Chunghwa Picture Tubes, Ltd., Hitachi Displays, Ltd., and LG Display Co., Ltd. met with competitors to fix prices for LCDs, all of the other Defendants must have intended to fix prices when they met with competitors about CRTs; and (4) because Chunghwa Picture Tubes, Ltd., Hitachi Displays, Ltd., and LG Display Co., Ltd. agreed to fix prices for LCDs sold in the United States, all other Defendants must have agreed to fix prices for CRTs sold in the United States.  *See U.S. v. Miller*, 673 F.3d 688, 699 (7th Cir. 2012) ("Unless there is a persuasive and specific answer to the

question, 'How does this evidence prove intent?' then the real answer is almost certainly that the evidence is probative only of propensity."); *Caldwell*, 760 F.3d at 282 ("The question the prosecution must answer is this: 'How, exactly, do Caldwell's two prior convictions for unlawful firearm possession suggest he knowingly possessed this gun on this occasion?' Hard as we try, we see only one answer to that question: If Caldwell knowingly possessed firearms in the past, he was more likely to have knowingly possessed the firearm this time. This is precisely the propensity-based inferential logic that Rule 404(b) forbids."); *United States v. Hinshaw*, 91 CR 0163, 2002 WL 31870561 at *5 (N.D. Ill. Dec. 24, 2002) (denying government's motion to admit evidence of subsequent conviction because "[w]ithout any clear indication of how the 1997 possession and conviction goes to [the defendant's] intent, knowledge or opportunity, [the proponent's argument] is nothing more than a 'poorly disguised propensity argument, and that is exactly what Rule 404(b) prohibits.'").

Thus, Plaintiffs' failure to explain *how* the LCD pleas "tend to prove" anything about Defendants' knowledge or intent with respect to their alleged participation in the CRT conspiracy is fatal to their argument and warrants exclusion of the LCD pleas. *See Mayans,* 17 F.3d at 1184 (reversing and remanding due to "serious doubts that the requisite link between knowledge gained [through the extrinsic acts] and knowledge at issue was established" by the proponent); *Caldwell,* 760 F.3d at 277 ("The proffered evidence ***must*** be excluded if the proponent neglects or is unable to articulate this chain of inferences….") (emphasis added).

## III.   ANY PURPORTED PROBATIVE VALUE OF THE LCD CONSPIRACY EVIDENCE IS FAR OUTWEIGHED BY ITS PREJUDICIAL EFFECT

The Ninth Circuit has "specifically incorporated Rule 403's probative value/unfair prejudice balancing requirement into the Rule 404(b) inquiry." *Mayans*, 17 F.3d at 1183. "[T]he district court's job is not complete [if] it finds the proponent has shown that the evidence is relevant for a proper, non-propensity purpose." *Caldwell*, 760 F.3d at 277. The Court must then conduct an analysis under Rule 403 and determine whether the probative value of other acts is substantially outweighed by its prejudicial effect. *See Arambula-Ruiz*, 987 F.2d at 602. This analysis requires

1    "great care on the part of the district court, 'because few categories of evidence bring greater risk of

2    prejudice to the accused'" than evidence of extrinsic misconduct. *Caldwell*, 760 F.3d at 277.

3             Plaintiffs do not dispute that evidence about some Defendants' participation in the LCD

4    conspiracy is prejudicial, but argue that admitting such evidence would not be unfair to Defendants

5    because of its probative value, relying on a district court decision in the Costco LCD trial.  *See* Opp.

6    at 7 (citing *Costco Wholesale Corp. v. AU Optronics Corp.,* No. 13-1207, 2014 WL 4674390, at *4

7    (W.D. Wash. Sept. 18, 2014)).  Plaintiffs' reliance on *Costco* is misplaced and highlights the

8    inadequacy of their claim that LCD conspiracy evidence has any probative value in an antitrust

9    litigation where the only products at issue are CRTs.

10            In *Costco*, the court declined to exclude evidence of other price-fixing conspiracies because,

11   in contrast to Plaintiffs here, specific evidence was identified by plaintiffs showing that price-fixing

12   in markets for other products was "intertwined with" and had "a direct link to the [LCD] conspiracy

13   at issue." *Id.* at *4.  For example, the Court cited evidence put forth by Costco involving a witness

14   who explained she "prefers communicating orally about TFT-LCD panel production figures and

15   excluding [the defendant's] legal department from those communications because of lawsuits

16   involving price-fixing of dynamic random access memory products," as well as "other evidence in

17   which Defendants or their alleged conspirators consider lessons learned from other products when

18   discussing their efforts to influence the TFT-LCD panel market." *Id.*

19            Unlike *Costco*, Plaintiffs here have not identified any evidence that Defendants' alleged

20   CRT price-fixing was directly linked, intertwined, or somehow influenced by their ***subsequent***

21   conduct involving LCDs.  In fact, Plaintiffs cannot do so.  They have represented to this Court that

22   they "seek to admit only the four LCD guilty pleas" and related court records (Opp. at 4), none of

23   which show any link at all between these Defendants' LCD conduct and their alleged CRT price-

24   fixing activities (to say nothing of the alleged CRT price-fixing activities of the other Defendants),

25   much less the "direct link" required by *Costco*.  *See Costco*, 2014 WL 4674390 at *4.

26            Given Plaintiffs' failure to show that LCD conspiracy evidence has any probative value, they

27   should not be permitted to bolster their CRT conspiracy claims with irrelevant evidence that would

28

1  severely prejudice the Defendants and needlessly complicate an already complex trial.[2]  Even if

2  LCD evidence had any slight probative value, such value is far outweighed by the danger of "unfair

3  prejudice, confusing the issues, [and] misleading the jury."  *See* Fed. R. Evid. 403.  Courts routinely

4  exclude evidence otherwise admissible under a Rule 404(b) exception because it is unfairly

5  prejudicial under Rule 403.  *See United States v. Calhoun*, 604 F.2d 1216 (9th Cir. 1979) (admission

6  of evidence connecting "bait bills" taken in robbery to a different bank robbery for which defendant

7  had not been charged was improper and unfairly prejudicial under Rule 403, even though the

8  evidence was admissible under Rule 404(b)); *United States v. Loza*, 764 F. Supp. 2d 55 (D.D.C.

9  2011) (finding that other crime evidence offered to show intent, knowledge, and absence of mistake

10  may be probative under Rule 404(b), but such probative value was substantially outweighed by the

11  danger of unfair prejudice).[3]

12  **IV.   CONCLUSION**

13         For the foregoing reasons, Plaintiffs should not be permitted to introduce as evidence or

14  reference at trial any Defendant's participation (or the participation of non-party LG Display Co.,

15  Ltd.) in the LCD conspiracy or any other conspiracies regarding products other than CRTs.

16

17

18

19

---

20  [2]   None of the criminal cases cited by Plaintiffs compel a contrary conclusion. *See* Opp. at 7-8. Citing a handful of
      cases about the admissibility of prior act evidence to show subsequent motive or state of mind in the criminal
21    context, Plaintiffs argue that courts "routinely admit evidence that is far more prejudicial than prior white-collar
      criminal activity when that evidence is relevant to an issue contemplated by Rule 404(b)." Opp. at 7-8 (citing *United
22    States v. Hardrick,* 766 F.3d 1051, 1055 (9th Cir. 2014) (evidence that Defendant previously possessed additional
      depictions of child pornography admissible to demonstrate defendant's state of mind); *United States v. Rodriguez*,
23    766 F.3d 970, 986-87 (9th Cir. 2014) (evidence of prior membership in a prison gang admissible to demonstrate
      motive); *United States v. Major*, 676 F.3d 803, 810 (9th Cir. 2012) (evidence of prior gang affiliation admissible to
24    prove identity and motive); *United States v. Lewis*, 910 F.2d 1367, 1372 (7th Cir. 1990) (evidence of prior gang
      membership admissible to show identity and constructive ownership of a firearm)). The criminal cases cited by
25    Plaintiffs miss the mark. While courts have admitted ***prior*** act evidence to demonstrate subsequent intent or state of
      mind, Plaintiffs do not cite any cases supporting the admissibility of ***subsequent*** conspiratorial conduct to show
26    intent or state of mind in a prior conspiracy as Plaintiffs seek to do here.

27  [3]   With respect to Plaintiffs' argument that evidence of Sharp's participation in the LCD conspiracy is admissible
      (Opp. at 8-9), Defendants refer the Court to their opposition to Sharp's motion to exclude such evidence (ECF No.
28    3705).

DATED:  March 6, 2015

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

/s/ Eliot A. Adelson

Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack S. Echols (*pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

Attorneys for Defendants,
*Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan
Display Inc.), Hitachi America, Ltd., Hitachi Asia,
Ltd., and Hitachi Electronic Devices (USA), Inc.*

**MUNGER, TOLLES & OLSON LLP**

/s/ Miriam Kim

JEROME C. ROTH (SBN 159483)
jerome.roth@mto.com
MIRIAM KIM (SBN 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
william.temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
JESSICA BARCLAY-STROBEL (SBN 280361)

Defendants' Reply in Support of Defendants'
Motion in Limine #4                    9                    Case No.: 3:07-cv-05944-SC
                                                            MDL No. 1917

jessica.barclay-strobel@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (State Bar No. 80948)
rfreitas@fawlaw.com
**FREITAS ANGELL & WEINBERG LLP**
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

**WINSTON & STRAWN LLP**

*/s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation
(f/k/a Matsushita Electric Industrial Co., Ltd.),*

*Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

*/s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.;Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Rachel S. Brass*
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835

San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes,*
*Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Nathan Lane, III*
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
E-mail: nathan.lane@squiresanders.com
E-mail: mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays*
*Americas LLC with respect to all cases except*
*OfficeDepot, Inc. v. Technicolor SA, et al. and Sears,*
*Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE**
**LLP**

*/s/ Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)

**DILLINGHAM & MURPHY, LLP**
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays*
*Americas LLC with respect to Office Depot, Inc. v.*
*Technicolor SA, et al. and Sears, Roebuck and Co., et*
*al. v. Technicolor SA, et al.*

**JENNER & BLOCK LLP**

/s/ Gabriel A. Fuentes
**JENNER & BLOCK LLP**
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
**JENNER & BLOCK LLP**
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric*
*Corporation, Mitsubishi Electric US, Inc. and,*
*Mitsubishi Electric Visual Solutions America, Inc.*

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.