1  Eliot A. Adelson (SBN 205284)
   James Maxwell Cooper (SBN 284054)
2  KIRKLAND & ELLIS LLP
   555 California Street, 27th Floor
3  San Francisco, CA 94104
   Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500
   Email: eadelson@kirkland.com
5  Email: max.cooper@kirkland.com

6  James H. Mutchnik, P.C. (*pro hac vice*)
   Barack S. Echols (*pro hac vice*)
7  KIRKLAND & ELLIS LLP
   300 North LaSalle
8  Chicago, IL 60654
   Telephone: (312) 862-2000
9  Facsimile: (312) 862-2200
   Email: jmutchnik@kirkland.com
10 Email: bechols@kirkland.com

11 Attorneys for Defendants,
   HITACHI, LTD., HITACHI DISPLAYS, LTD.
12 (n/k/a JAPAN DISPLAY INC.), HITACHI
   AMERICA, LTD., HITACHI ASIA, LTD., AND
13 HITACHI ELECTRONIC DEVICES (USA), INC.

14 *Additional Moving Defendants and Counsel Listed on Signature Pages*

15                    **UNITED STATES DISTRICT COURT**

16                   **NORTHERN DISTRICT OF CALIFORNIA**

17                          **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 18  IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| 19 | MDL No. 1917 |
| 20  _____ | **DEFENDANTS' REPLY TO DEFENDANTS' MOTION IN LIMINE #5 TO EXCLUDE PLEA BY SAMSUNG SDI COMPANY, LTD. AS TO NON-PLEADING DEFENDANTS OR ALTERNATIVELY TO PROVIDE A LIMITING INSTRUCTION** |
| 21  This Document Relates To: | |
| 22  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513 | |
| 23  *Best Buy Co. Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264 | Judge:  Hon. Samuel Conti |
| 24 | Date:   None Set |
| 25  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262 | Ctrm:   1, 17th Floor |
| 26  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514 | |
| 27 | |

28                **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

| | |
|---|---|
| 1  | *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-01173 )
| 2  | )
| 3  | *Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics., N.V., et al.*, No. 13-cv-02776 )
| 4  | )
| 5  | *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502 )
| 6  | *Siegel v. Technicolor SA, et al.*, No. 13-cv-05261 )
| 7  | )
| 8  | *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514 )
| 9  | *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686 )
| 10 | )
| 11 | *ViewSonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No. 14-cv-02510 )

In their Opposition, the Direct Action Plaintiffs ("DAPs") seek the improper admission of the guilty plea by Defendant Samsung SDI Company, Ltd. ("SDI") regarding price-fixing of CDTs against the other Defendants in this action. Each of DAPs' arguments regarding the relevance and admissibility of the plea is fatally flawed. (*See* DAP Opp. at 2-6).[1]

*First*, the SDI plea is not admissible against all Defendants; rather, it may potentially be admitted only against SDI to establish those specific facts necessarily decided in the criminal action against SDI. (*See* Mot. at 2-3). DAPs rely on Fed. R. Evid. 803(22) as their basis for admitting the SDI plea as to non-pleading Defendants, citing the generic principle that evidence of a criminal conviction or plea *may* be admissible in a related civil action. (*See* DAP Opp. at 3-4). But the cases they rely on are either inapposite or support, rather than undercut, Defendants' position here that admission of the SDI plea as against SDI's co-defendants would be improper.

The first, *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871 (D.C. Cir. 2010) involved a claim of bid-rigging relating to a discrete number of government contracts involving identifiable parties, unlike the broad, non-specific conspiracy allegations Plaintiffs allege here. And even there, the D.C. Circuit Court of Appeals held that the admission of one defendant's guilty plea in the civil case against other defendants was proper only because: (1) the trial court took steps to mitigate any prejudice by striking and redacting any references to other defendants' names in the relevant plea documents and, significantly, (2) instructing the jury *twice* that the "fact that [one defendant] pleaded guilty *may not in any respect be considered against any other defendants, nor may any inference be drawn against them* by reason of [the defendant's] plea of guilty." *Miller*, 608 F.3d at 893.

The other case DAPs cite is entirely inapposite. It did not involve admission of evidence at trial at all or the potential use of a limiting instruction; it pertained to a trial court's treatment of evidence on summary judgment and involved the use of verdicts from foreign trial proceedings to establish the identity of terrorist organizations involved in foreign terrorist attacks. *Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414 (E.D.N.Y. 2013). It could hardly be less relevant to the

---

[1] Each undersigned Defendant joins this Reply only as to the cases in which it remains active.

1  circumstances of this case.  Here, DAPs seek to use the SDI plea against Defendants who dispute
2  that they participated in or benefited from the alleged conspiracy.  Moreover, the specific facts that
3  SDI admitted in its plea agreement may be wholly inapplicable, but certainly extremely prejudicial,
4  to the other Defendants.  Therefore, the SDI plea must not be admitted as to any of the other
5  Defendants.

6  *Second*, if the SDI plea is admitted against SDI, a limiting instruction is necessary "to avoid
7  the 'danger' of the jury using the plea for an improper purpose." (Mot. at 3 (quoting *United States v.*
8  *Halbert*, 640 F.2d 1000, 1006 (9th Cir. 1981)).  The Federal Rules make clear that a court "must
9  restrict" evidence admissible against a party or for a limited purpose "to its proper scope and instruct
10 the jury accordingly." Fed. R. Evid. 105.

11  As explained in the Advisory Committee Notes, "[a] close relationship exists between [Rule
12 105] and Rule 403 which requires exclusion when 'probative value is substantially outweighed by
13 the danger of unfair prejudice, confusion of the issues, or misleading the jury.'"  Fed. R. Evid. 105
14 Advisory Committee's Note (quoting Fed. R. Evid. 403).  "Because evidence of a co-conspirator's
15 guilty plea is extremely prejudicial to the defendant on trial absent such an instruction, compliance
16 with the mandatory duty imposed by Fed. R. Evid. 105 . . . is particularly important." *United States*
17 *v. Maliszewski*, 161 F.3d 992, 1004 (6th Cir. 1998) (internal quotations omitted); *see also United*
18 *States v. Prawl*, 168 F.3d 622, 626 (2d Cir. 1999) ("Such an instruction is necessary because
19 admission of a co-defendant's guilty plea can be extremely prejudicial to the defendant, given the
20 natural human tendency to assume that if an aider and abettor is guilty, the principal must also be
21 guilty." (internal quotations omitted)).  The extreme risk of prejudice to the other Defendants here
22 requires careful specification of the particular purposes for which the SDI plea may be admitted and
23 an appropriate limiting instruction for the jury if the SDI plea is admitted against SDI.  *See* Mot. at 4
24 (proposed limiting instruction).

25  *Third*, the limiting instruction Defendants propose is appropriate under the circumstances.
26 The DAPs agree with Defendants that Fed. R. Evid. 803(22)(C) "provides a limitation on the
27 purpose for which Samsung SDI's guilty plea may be used" but propose a wholesale revision of the
28 instruction. (DAP Opp. at 7).  The DAPs' proposed changes to the limiting instruction are improper

1  and unduly prejudicial to Defendants and, therefore, inconsistent with the Federal Rules of Evidence.
2  The DAPs propose to depart from any type of standard form of jury instruction and instead suggest a
3  lengthy recitation that they claim "specifies what facts Samsung SDI's guilty plea are [sic] evidence
4  of." (DAP Opp. at 8). Their proposed limitation, however, egregiously includes "factual"
5  information beyond what is set forth in the SDI Plea. ████████████████████████████
6  ████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████    (*Compare*
8  DAP Opp. at 7 *with* Ex. A to Barclay-Stobel Declaration). The flaws in the DAPs' proposal make
9  clear that Defendants' proposed limiting instruction, as described in the underlying motion, hews
10 closest to the Rules and is appropriate to avoid undue prejudice under the circumstances.

11       For the foregoing reasons, Defendants respectfully request that this Court grant their motion
12 *in limine* to exclude the SDI plea as to non-pleading defendants and to limit its use against SDI only
13 to establishing those specific facts necessarily decided by the plea. If the plea is admitted,
14 Defendants respectfully submit that the jury should be provided a limiting instruction—similar in
15 form and substance to Defendants' proposal—both at the time that the plea is introduced into
16 evidence and in the Court's final instructions at the conclusion of the trial.

18 DATED: March 6, 2015                    Respectfully submitted,
                                           **KIRKLAND & ELLIS LLP**

20                                         */s/ Eliot A. Adelson*
                                           Eliot A. Adelson (SBN 205284)
21                                         James Maxwell Cooper (SBN 284054)
                                           555 California Street, 27th Floor
22                                         San Francisco, CA 94104
                                           Telephone: (415) 439-1400
23                                         Facsimile: (415) 439-1500
                                           Email: eadelson@kirkland.com
24                                         Email: max.cooper@kirkland.com

25                                         James H. Mutchnik, P.C. (*pro hac vice*)
                                           Barack S. Echols (*pro hac vice*)
26                                         300 North LaSalle
                                           Chicago, IL 60654
27                                         Telephone: (312) 862-2000
                                           Facsimile: (312) 862-2200
28                                         Email: jmutchnik@kirkland.com

Email: bechols@kirkland.com

*Attorneys for Defendants,*
*Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.*

**MUNGER, TOLLES & OLSON LLP**

*/s/ Miriam Kim*
JEROME C. ROTH (SBN 159483)
jerome.roth@mto.com
MIRIAM KIM (SBN 238230)
miriam.kim@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
william.temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
JESSICA BARCLAY-STROBEL (SBN 280361)
jessica.barclay-strobel@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (State Bar No. 80948)
rfreitas@fawlaw.com
**FREITAS ANGELL & WEINBERG LLP**
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

**WINSTON & STRAWN LLP**

*/s/ Jeffrey L. Kessler*

DEFENDANTS' REPLY TO MOTION *IN LIMINE* #5 TO
EXCLUDE SDI PLEA AS TO NON-PLEADING DEFENDANTS      6                                3:07-cv-05944-SC; MDL 1917

| | |
|---|---|
| 1 | |
| 2 | JEFFREY L. KESSLER (*pro hac vice*) |
|   | JKessler@winston.com |
| 3 | ALDO A. BADINI (SBN 257086) |
|   | ABadini@winston.com |
| 4 | EVA W. COLE (*pro hac vice*) |
|   | EWCole@winston.com |
| 5 | MOLLY M. DONOVAN |
|   | MMDonovan@winston.com |
| 6 | **WINSTON & STRAWN LLP** |
|   | 200 Park Avenue |
| 7 | New York, NY 10166 |
|   | Telephone: (212) 294-6700 |
| 8 | Facsimile: (212) 294-4700 |

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

*/s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

DEFENDANTS' REPLY TO MOTION *IN LIMINE* #5 TO                                  3:07-cv-05944-SC; MDL 1917
EXCLUDE SDI PLEA AS TO NON-PLEADING DEFENDANTS         7

*Attorneys for Defendants Samsung SDI America, Inc.;Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

**GIBSON, DUNN & CRUTCHER LLP**

/s/ *Rachel S. Brass*
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

**SQUIRE PATTON BOGGS (US) LLP**

/s/ *Nathan Lane, III*
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
E-mail: nathan.lane@squiresanders.com

E-mail: mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except OfficeDepot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

/s/ *Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
**DILLINGHAM & MURPHY, LLP**
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**WHITE & CASE LLP**

/s/ *Lucius B. Lau*
CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)

alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**JENNER & BLOCK LLP**

/s/ *Gabriel A. Fuentes*
**JENNER & BLOCK LLP**
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
**JENNER & BLOCK LLP**
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.