Case 4:07-cv-05944-JST   Document 3764   Filed 03/06/15   Page 1 of 12

GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
jsanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
aschwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

FARMER BROWNSTEIN JAEGER LLP
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

[*Additional counsel listed on signature pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs. N.V., et al.*, No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; [*continued on next page*] | **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #3: TO EXCLUDE ALL EVIDENCE AND REFERENCE AT TRIAL TO THE U.S. DEPARTMENT OF JUSTICE'S CRIMINAL INVESTIGATIONS OF THE CATHODE RAY TUBE INDUSTRY**<br><br>Judge:      Hon. Samuel Conti<br>Date:       None Set<br>Courtroom:  1, 17th Floor |

i

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY - MASTER CASE NO. 07-cv-5944 SC

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510.

ii

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY - MASTER CASE NO. 07-CV-5944 SC

Defendants' Motion in Limine No. 3 ("Motion 3") seeks to exclude, under Rules 401, 402, 403 and 802 of the Federal Rules of Evidence, all evidence and reference at trial to the U.S. Department of Justice's ("DOJ") criminal investigations of the cathode ray tube ("CRT") industry, including any indictments resulting from those investigations and related DOJ press releases. In their oppositions, plaintiffs do not dispute many of the arguments made in the Motion. Indeed, the IPPs agree "[b]y and large with the relief sought in Defendants' motion" and join Defendants' request to exclude evidence of indictments and press releases. IPPs' Opp'n at 1. Motion 3 should be granted.[1]

First, as explained in Motion 3, the DOJ's investigations and related evidence are irrelevant because they do not make it more probable that the alleged conduct being investigated occurred. Mot. at 1-2 (citing cases). Indeed, plaintiffs do not dispute that the indictments relating to the CRT investigations vary substantially not only from one to another, but from the conspiracy alleged in this case. For example, the indictment of Alex Yeh is limited to the period January 1997 to March 2006 and to certain types of color display tubes ("CDTs"), while this case alleges that the conspiracy period included three additional years and all cathode ray tubes (i.e., CDTs and color picture tubes). *Compare* Schwing Decl. Ex. A (indictment) and Best Buy Am. Compl. ¶¶ 1-2. Nor do DAPs suggest that indictments would be admissible to show that any Defendant committed any particular offense. *See, e.g.*, DAPs' Opp'n at 2.

Rather, DAPs argue that some evidence of the DOJ's investigations, including evidence of indictments of certain Samsung SDI and Chunghwa employees, is necessary to provide context for Samsung SDI's guilty plea and Chunghwa's leniency applicant status. DAPs' Opp'n at 2-3. Defendants agree that some limited reference to the DOJ's investigations for context is necessary, to the extent the Court permits evidence of Samsung SDI's guilty plea (which is the subject of Defendants' Motion in Limine No. 5). Specific determinations regarding the proper scope of that evidence can be made at trial. Any suggestion, however, that the indictments provide context for Chunghwa's leniency application is simply false. *See In re WorldCom, Inc. Sec. Litig.*, No. 02 CIV

---

[1] To the extent that DAPs' brief in opposition addresses Defendant Samsung SDI Company, Ltd.'s ("Samsung SDI") guilty plea and plea agreement (DAPs' Opp'n at 5-6), that issue is the subject of Defendants' Motion in Limine No. 5 (ECF No. 3589), so it is not addressed here.

1

3288 DLC, 2005 WL 375315, at *8-9 (S.D.N.Y. Feb. 17, 2005) (excluding indictments because, *inter alia*, they "are unnecessary to place the pleas in context"). That document speaks for itself. *See* Leniency Agreement (ECF No. 3395-2). And there is no valid reason to admit evidence regarding indictments that were sometimes issued years after Chunghwa obtained that leniency status to provide context for the leniency agreement itself.

Second, evidence relating to the DOJ's investigations has no probative value and should be excluded as unduly prejudicial, confusing, and misleading. *See* Fed. R. Evid. 403. Such evidence would permit the jury to impermissibly conclude that Defendants engaged in culpable conduct because the government investigated the CRT industry and indicted a handful of individuals. *See, e.g.*, *Baxter Health Care Corp. v. Spectramed Inc.*, No. SA CV 89-131 AHS (RWRx), 1992 WL 340763, at *3 (C.D. Cal. Aug. 27, 1992) (excluding evidence of indictments because such evidence "would cause a substantial degree of prejudice that outweighs its probative value" and cause the jury to be "misled"). DAPs argue in their opposition that Samsung SDI and Chunghwa will not be unduly prejudiced because they have admitted to certain conduct. DAPs' Opp'n at 3. But those admissions again speak for themselves. There is no need to pile on. And, in any event, that argument assumes incorrectly that there is perfect alignment between the specific conduct to which Samsung SDI and Chunghwa have admitted and whatever conclusions result from the DOJ's broader investigations (indictments) or any statements the DOJ makes regarding its investigations or indictments (press releases). Further, DAPs' argument entirely ignores the fact that admission of this evidence will unfairly prejudice the other Defendants, which outweighs the probative value of this evidence. *See* Defs.' Mot. in Limine No. 5 (ECF No. 3589).

Third, the indictments are inadmissible hearsay and no hearsay exceptions apply. Mot. at 2-3. DAPs argue that indictments fall within the hearsay exception in Federal Rule of Evidence 803(22) for a "judgment of previous conviction." Fed. R. Evid. 803(22); DAPs' Opp'n at 5-6. But Rule 803(22) is inapplicable because "[t]hat exception addresses judgments of conviction, not indictments or charging instruments." *In re WorldCom, Inc. Sec. Litig.*, 2005 WL 375315, at *8-9; *see also Scholes v. African Enter., Inc.*, 854 F. Supp. 1317, 1324 (N.D. Ill. 1994), *aff'd*, 56 F.3d 750 (7th Cir. 1995) (excluding evidence of indictment resulting in conviction as hearsay).

The DOJ press releases relating to the investigations are similarly inadmissible hearsay. Mot. at 3. The only purpose for this evidence would be to prove the truth of the matter asserted. For example, plaintiffs no doubt seek to introduce a statement by the DOJ in a February 10, 2009 press release that the alleged conspiracy "harmed countless Americans who purchased computers and televisions using cathode ray tubes sold at fixed prices" for the purpose of proving that the alleged conspiracy harmed consumers by raising prices. This is hearsay and it is not within the hearsay exception for "public records." DAPs' Opp'n at 4. As two different *LCD* courts have recognized, government assertions in self-serving documents such as press releases with an eye toward litigation are generally not "public records" setting forth "factual findings from a legally authorized investigation"; they lack the requisite indicia of trustworthiness. Fed. R. Evid. 803(8)(A)(iii); *see Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207RAJ, 2014 WL 4674390, at *11 (W.D. Wash. Sept. 17, 2014) (excluding evidence of DOJ statements to the media); *In re TFT-LCD Antitrust Litig.*, 07-md-1827, ECF No. 5597 at 5 (N.D. Cal. May 4, 2012) (excluding statements by the DOJ). Plaintiffs point to no cases involving the application of the public records exception to such documents.[2]

For the foregoing reasons, Defendants respectfully request that this Court grant this motion in limine.

DATED:  March 6, 2015

Respectfully submitted,

By:  /s/ *Rachel S. Brass*
      Rachel S. Brass

**GIBSON, DUNN & CRUTCHER LLP**

---

[2] Indeed, the cases cited by plaintiffs themselves demonstrate the important differences between actual public records and press releases. *See* DAPs' Opp'n at 4-5 (citing *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (2d Cir. 2000) (State Department Country Reports); *Gentile v. County of Suffolk*, 926 F.2d 142, 148 (2d Cir. 1991) (Commission investigatory report); *United States EEOC v. E.I. duPont de Nemours & Co.*, No. 03-1605, 2004 U.S. Dist. LEXIS 20753, at *3 (E.D. La. Oct. 18, 2004) (table of employment data from United States Census Bureau); *United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 971 (W.D. Mich. 2003) (request for judicial notice of congressional reports); *Jarvis v. JP Morgan Chase Bank, N.A.*, No. CV-10-4184-GHK (FMOx), 2010 U.S. Dist. LEXIS 84958, at *4 (C.D. Cal. July 23, 2010) (Office of Thrift Supervision's Order appointing the FDIC as Receiver)).

JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306


**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*


**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: */s/ Leo D. Caseria*

GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

LEO D. CASERIA (SBN 240323)
lcaseria@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

4
DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY - MASTER CASE NO. 07-CV-5944 SC

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

**MUNGER, TOLLES & OLSON LLP**

By: */s/ Miriam Kim*
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

**WINSTON & STRAWN LLP**

By: */s/ Jeffrey L. Kessler*
JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)

5

MMDonovan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

**WEIL, GOTSHAL & MANGES LLP**
STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*


**WHITE & CASE LLP**
By: */s/ Lucius B. Lau*
CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*


**BAKER BOTTS LLP**

By: */s/ John M. Taladay*

JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)

charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

**FAEGRE BAKER DANIELS LLP**

By:   */s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**SQUIRE PATTON BOGGS (US) LLP**

By: /s/ *Nathan Lane, III*

Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887
E-mail: nathan.lane@squiresanders.com
E-mail: mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: /s/ *Jeffrey I. Zuckerman*

Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

1  Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has
2  been obtained from each of the above signatories.

9

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #3: EXCLUDE REFERENCES TO DOJ'S CRIMINAL INVESTIGATIONS OF CRT INDUSTRY - MASTER CASE NO. 07-CV-5944 SC

# DECLARATION OF SERVICE

I, Christine Fujita, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On the date below, I served the within:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #3: TO EXCLUDE ALL EVIDENCE AND REFERENCE AT TRIAL TO THE U.S. DEPARTMENT OF JUSTICE'S CRIMINAL INVESTIGATIONS OF THE CATHODE RAY TUBE INDUSTRY**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on March 6, 2015. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on March 6, 2015, at San Francisco, California.

                                                              /s/ *Christine Fujita*
                                                                 Christine Fujita

101888498.4