GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
jsanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
aschwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

FARMER BROWNSTEIN JAEGER LLP
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

[*Additional counsel listed on signature pages*]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs. N.V., et al.*, No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br>[*continued on next page*] | **DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #11: TO EXCLUDE REFERENCES TO DOCUMENTS OR BEHAVIOR NOT IN EVIDENCE**<br><br>Judge:      Hon. Samuel Conti<br>Date:       None Set<br>Courtroom: 1, 17th Floor |

i

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #11: EXCLUDE REFERENCES TO DOCUMENTS OR BEHAVIOR NOT IN EVIDENCE - MASTER CASE NO. 07-CV-5944 SC

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510.

ii

DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #11: EXCLUDE REFERENCES TO DOCUMENTS OR BEHAVIOR NOT IN EVIDENCE - MASTER CASE NO. 07-CV-5944 SC

Defendants' Motion in Limine No. 11 ("Motion 11") seeks to exclude all references by plaintiffs and their experts to supposed conspiratorial conduct not otherwise in evidence, including any theory that the documents produced in discovery reflect only a portion of the alleged conspiratorial conduct. As explained in their opposition, DAPs argue that their expert Professor Kenneth Elzinga should be allowed to testify that "the record in this case is just a small fraction of the cartel activity that took place," despite the lack of any supporting evidence in the record. DAPs' Opp'n at 9. In other words, Professor Elzinga proposes to opine about supposed antitrust violations for which there is no evidence. Such testimony should be excluded because it is speculative, lacks foundation, is inadmissible expert testimony, is irrelevant, threatens to mislead the jury, and is unfairly prejudicial. Fed. R. Evid. 104, 401, 402, 403, 602, 702, 703.

As an initial matter, Defendants' Motion 11 properly challenges the admissibility of Professor Elzinga's testimony. DAPs incorrectly assert that Motion 11 is a "disguised *Daubert* motion that is both untimely and improper" because Defendants did not raise this issue in their December 5, 2014 *Daubert* motion regarding Professor Elzinga. DAPs' Opp'n at 1, 1 n. 2. To the contrary, Defendants raised this issue in that motion, but DAPs failed to address it. ECF No. 3174 at 10 (*Daubert* Mot.) ("[Professor Elzinga's] opinion on what should exist [in the litigation record] is speculative and inadmissible."); ECF No. 3522 at 7 (Reply in Supp. of *Daubert* Mot.) ("Plaintiffs do not address Defendants' argument that Professor Elzinga has no basis to present his opinion" regarding the completeness of the litigation record).

In any event, Motion 11 is directed at the narrow issue of whether plaintiffs and their experts should be permitted to testify regarding evidence that is not in the record. As explained in Motion 11, expert testimony about what documents *may* have existed but are *not* in the record, and about how Defendants *might* have acted, when lacking in evidentiary support, constitutes inadmissible and foundationless speculation. Mot. at 1 (citing Fed. R. Evid. 104, 602).

Critically, DAPs do not dispute the general rule that expert testimony must be based on "sufficient facts or data" and that testimony not based on facts or data in the record is speculation. *Id.* at 2 (citing Fed. R. Evid. 702(b) & 703 and cases); DAPs' Opp'n at 7-9. Instead, they argue that Professor Elzinga's opinion that a "significant amount of conspiratorial [conduct] may not be

documented" is not speculation because Defendants produced some documents containing "destroy after reading" notations and because Defendants Samsung SDI and Chunghwa have admitted to certain conduct. DAPs' Opp'n at 4, 6. This elucidation of the purported "evidence" supporting Professor Elzinga's opinion proves Defendants' point. None of this is actual evidence that some greater universe of conspiratorial documents exists. Unlike the cases cited by DAPs in their opposition, there is no evidence in the record supporting this type of "tip of the iceberg" testimony. *Id.* at 7 (citing *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99-C-1174, 2004 U.S. Dist. LEXIS 13443, at *8-9 (N.D. Ill. 2004) ("RJR presented . . . . the testimony of Nancy Montgomery that these [customer complaints] represented the proverbial tip of the iceberg, in that in her experience only a percentage of unhappy customers will take the time to call or write the company."); *Harris v. Angelina Cnty Tex.*, 31 F.3d 331, 334 (5th Cir. 1994) ("Evidence indicated that the reported incidents [of abuse and other results of jail overcrowding] represented only the 'tip of the iceberg' of the total incidents" in prisoner civil rights case). Further, Professor Elzinga's opinion is directly contradicted by evidence in the record that it was attendees' practice and custom to take detailed meeting notes in all alleged meetings and the fact that Defendants, in fact, produced documents containing "destroy after reading" notations, which were obviously not destroyed. Mot. at 2.

In addition, Professor Elzinga's testimony should be excluded because his expertise "in the field of antitrust economics and cartel behavior" (DAPs Opp'n at 7) is not the type that would enable him to opine as to the extent to which any alleged conspiracy was or was not documented. Mot. at 2 (citing cases). It does not enable him to opine as to the extent of hypothetical documents or conduct not in the record.

Finally, Professor Elzinga's testimony would be irrelevant, mislead the jury, unduly consume time in the trial, and unfairly prejudice Defendants. Mot. at 2 (citing Fed. R. Evid. 401, 402, 403). Cross-examination and careful instruction is not an adequate remedy where, as here, the proposed testimony is prejudicial and otherwise inadmissible. *See, e.g., Reed v. City of Chi.*, No. 01-C-7865, 2006 WL 1543928, at *3 (N.D. Ill. June 1, 2006) ("while it is true that '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional

and appropriate means of attacking shaky but admissible evidence,' such safeguards are not a basis for admitting otherwise inadmissible evidence").

With respect to the IPPs, they concede in their opposition that it would be improper to "reference matters not in evidence." IPPs' Opp. at 2. They represent that neither named plaintiffs representing the IPP class nor IPP counsel intends to reference such matters and that, as such, Defendants' Motion In Limine No. 11 is "inchoate." *Id.* at 1-2. However, the IPPs fail to address the possibility that Dr. Janet Netz may testify as to such matters. Like Dr. Elzinga, Dr. Netz speculates that there is evidence of conspiratorial conduct that is not in the record. *See, e.g.*, Expert Report of Janet S. Netz, 63 & n.205 (Apr. 15, 2014) ("There are several possible reasons I did not observe more target prices. Cartel members understood that setting target prices was illegal and indicated attempts to conceal such activity."). For the same reasons that Dr. Elzinga's conjectures are inappropriate and inadmissible, so are those of Dr. Netz.

For the foregoing reasons, Defendants respectfully request that this Court grant Motion 11.

DATED:  March 6, 2015

Respectfully submitted,

By:  /s/ *Rachel S. Brass*
         Rachel S. Brass

**GIBSON, DUNN & CRUTCHER LLP**
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com

235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: */s/ Leo D. Caseria*

GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

LEO D. CASERIA (SBN 240323)
lcaseria@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1448
Telephone: (213) 620-1780
Facsimile: (213) 620-1398

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

**KIRKLAND & ELLIS LLP**

By:   */s/ Eliot A. Adelson*

Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (pro hac vice)

4

Barack Echols (pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.*

**MUNGER, TOLLES & OLSON LLP**

By: */s/ Miriam Kim*
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

**WINSTON & STRAWN LLP**

By: */s/ Jeffrey L. Kessler*

JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
MMDonovan@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

**WEIL, GOTSHAL & MANGES LLP**
STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

**WHITE & CASE LLP**

By: */s/ Lucius B. Lau*

CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
WHITE & CASE LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products,*

|   |   |
|---|---|
| 1 | *L.L.C., and Toshiba America Electronic Components, Inc.* |
| 2 |   |
| 3 | **BAKER BOTTS LLP** |
| 4 | By: */s/ John M. Taladay* |
| 5 | JOHN M. TALADAY (*pro hac vice*)<br>john.taladay@bakerbotts.com |
| 6 | ERIK T. KOONS (*pro hac vice*)<br>erik.koons@bakerbotts.com |
| 7 | CHARLES M. MALAISE (*pro hac vice*)<br>charles.malaise@bakerbotts.com |
| 8 | BAKER BOTTS LLP<br>1299 Pennsylvania Ave., N.W. |
| 9 | Washington, DC 20004-2400<br>Telephone: (202) 639-7700 |
| 10 | Facsimile: (202) 639-7890 |
| 11 | JON V. SWENSON (SBN 233054)<br>jon.swenson@bakerbotts.com |
| 12 | BAKER BOTTS LLP<br>1001 Page Mill Road |
| 13 | Building One, Suite 200<br>Palo Alto, CA 94304 |
| 14 | Telephone: (650) 739-7500<br>Facsimile: (650) 739-7699 |
| 15 | E-mail: jon.swenson@bakerbotts.com |
| 16 | *Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.* |
| 17 |   |
| 18 |   |
| 19 | **JENNER & BLOCK LLP** |
| 20 | By: */s/ Gabriel A. Fuentes* |
| 21 | JENNER & BLOCK LLP<br>Charles B. Sklarsky (*pro hac vice*) |
| 22 | Terrence J. Truax (*pro hac vice*)<br>Michael T. Brody (*pro hac vice*) |
| 23 | Gabriel A. Fuentes (*pro hac vice*)<br>353 North Clark Street |
| 24 | Chicago, Illinois 60654-3456<br>Telephone: (312) 222-9350 |
| 25 | Facsimile: (312) 527-0484<br>csklarsky@jenner.com |
| 26 | ttruax@jenner.com<br>mbrody@jenner.com |
| 27` | gfuentes@jenner.com |
| 28 | Brent Caslin (Cal. Bar. No. 198682)<br>JENNER & BLOCK LLP<br>633 West Fifth Street, Suite 3600 |

| | |
|---|---|
| 1 | Los Angeles, California 90071<br>Telephone: (213) 239-5100 |
| 2 | Facsimile: (213) 239-5199<br>bcaslin@jenner.com |
| 3 | |
| 4 | *Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.* |
| 5 | |
| 6 | **FAEGRE BAKER DANIELS LLP** |
| 7 | By:    */s/ Kathy L. Osborn*                          |
| 8 | Kathy L. Osborn (*pro hac vice*)<br>Ryan M. Hurley (*pro hac vice*) |
| 9 | Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700 |
| 10 | Indianapolis, IN  46204<br>Telephone: +1-317-237-0300 |
| 11 | Facsimile: +1-317-237-1000<br>kathy.osborn@FaegreBD.com |
| 12 | ryan.hurley@FaegreBD.com |
| 13 | Jeffrey S. Roberts (*pro hac vice*)<br>Email: jeff.roberts@FaegreBD.com |
| 14 | Faegre Baker Daniels LLP<br>3200 Wells Fargo Center |
| 15 | 1700 Lincoln Street<br>Denver, CO 80203 |
| 16 | Telephone: (303) 607-3500<br>Facsimile: (303) 607-3600 |
| 17 | Stephen M. Judge (*pro hac vice*) |
| 18 | Email: steve.judge@FaegreBd.com<br>Faegre Baker Daniels LLP |
| 19 | 202 S. Michigan Street, Suite 1400<br>South Bend, IN 46601 |
| 20 | Telephone: (574) 234-4149<br>Facsimile: (574) 239-1900 |
| 21 | *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.* |
| 22 | |
| 23 | **SQUIRE PATTON BOGGS (US) LLP** |
| 24 | By: */s/ Nathan Lane, III*                          |
| 25 | Nathan Lane, III (CA Bar No. 50961)<br>Mark C. Dosker (CA Bar No. 114789) |
| 26 | SQUIRE PATTON BOGGS (US) LLP<br>275 Battery Street, Suite 2600 |
| 27` | San Francisco, California 94111<br>Telephone:  (415) 954-0200 |
| 28 | Facsimile:  (415) 393-9887<br>E-mail:  nathan.lane@squiresanders.com |

|   |   |
|---|---|
| 1 | E-mail: mark.dosker@squiresanders.com |
| 2 | Donald A. Wall (Pro Hac Vice) |
|   | SQUIRE PATTON BOGGS (US) LLP |
| 3 | 1 East Washington Street, Suite 2700 |
|   | Phoenix, Arizona 85004 |
| 4 | Telephone: + 1 602 528 4005 |
|   | Facsimile: +1 602 253 8129 |
| 5 | Email: donald.wall@squirepb.com |

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: /s/ __Jeffrey I. Zuckerman__

Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

**DECLARATION OF SERVICE**

I, Christine Fujita, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State. On the date below, I served the within:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION IN LIMINE #11: TO EXCLUDE REFERENCES TO DOCUMENTS OR BEHAVIOR NOT IN EVIDENCE**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on March 6, 2015. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on March 6, 2015, at San Francisco, California.

                                                            */s/ Christine Fujita*
                                                              Christine Fujita

101888501.4