SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:     415-434-3947
E-mail:          ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com

HELEN C. ECKERT, Cal. Bar No. 240531
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:    213-620-1780
Facsimile:     213-620-1398
E-mail:          heckert@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**SDI DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>**[RE REPLY IN SUPPORT OF SDI'S MIL NO. 1]** |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.,* No. 13-cv-1173;<br><br>*Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.,* No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd.,* No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.,* No. 13-cv-05261; | |

*Best Buy Co., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513;

*Best Buy Co., et al. v. Technicolor SA, et al.,* No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 13-cv-05262;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.

1    Pursuant to the Civil Local Rules of the United States District Court, Northern District of
2 California 7-11 and 79-5(d) and (e), Defendants Samsung SDI America, Inc.; Samsung SDI Co.,
3 Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI
4 Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively,
5 "SDI") hereby bring this administrative motion to file under seal Exhibit A of the Declaration of
6 James L. McGinnis in Support of SDI's Reply Brief In Support Of Its Motion *In Limine* To
7 Prohibit Plaintiffs From Conflating SDI With Non-Parties, Including But Not Limited To
8 Samsung Electronics Co., Ltd. ("Exhibit A").

9    SDI seeks to file Exhibit A under seal as it reflects, contains or refers to material SDI has
10 designated as "Confidential" pursuant to the Stipulated Protective Order entered on June 18, 2008
11 (Dkt. No. 306).  Civil Local Rule 79-5(d)(1) provides that if a party wishes to file a document
12 under seal, the party must file an administrative motion to file under seal in conformance with
13 Civil L.R. 7-11, accompanied by a declaration establishing that the document sought to be filed
14 under seal is sealable.  SDI's administrative motion is supported by the declaration of Helen C.
15 Eckert ("Eckert Declaration").

16    As set forth in the Eckert Declaration, Exhibit A reflects, contains or refers to material that
17 is "privileged, protectable as a trade secret or otherwise entitled to protection under the law."  N.D.
18 Cal. Civ. L.R. 79-5(b).  Exhibit A reflects, contains or refers to confidential, nonpublic,
19 proprietary and highly sensitive business information, including commercially sensitive business
20 information and strategies with respect to negotiations with SDI's customers, and information
21 about SDI's capacity, material costs, and pricing.  This information is confidential commercial
22 information, the disclosure of which would prejudice SDI both in its commercial relationships
23 with customers and suppliers and in its competitive efforts.  Accordingly, good cause exist for
24 Exhibit A to remain under seal.

Because Civil Local Rule 79-5(d)(1)(A) prohibits the sealing of documents by agreement of the parties, the parties are unable to enter into such as stipulation.  *See* N.D. Cal. Civ. L.R. 7-11 (requiring explanation for why a stipulation could not be obtained in lieu of the administrative motion to seal).

Dated:  March 6, 2015

Respectfully submitted,

By:   */s/  Helen C. Eckert*

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Helen C. Eckert, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone:         213-620-1780
Facsimile:213-620-1398
E-mail:    heckert@sheppardmullin.com

*Counsel for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.*