JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

Additional Moving Defendants and Counsel Listed on Signature Pages

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: **CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs. N.V., et al.*, No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, | **Case No. 07-5944 SC**<br><br>**MDL No. 1917**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION IN *LIMINE* NO. 1: MOTION FOR PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)**<br><br>Oral Argument Requested<br><br>Judge:  Hon. Samuel Conti<br>Date:   None Set<br>Place:  Courtroom 1, 17th Floor |

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

1   No. 13-cv-05264;

2   *Target Corp. v. Chunghwa Picture Tubes,*
3   *Ltd., et al.*, No. 11-cv-05514;

4   *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

5

6   *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No.
7   11-cv-05514;

8   *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

9

10  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR
PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF
CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................1

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5802

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

# TABLE OF AUTHORITIES

**CASES**     **PAGE(S)**

*Flintkote Co. v. Lysfjord*,
 246 F.2d 368 (9th Cir. 1957) ..................................................................................................2

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
 No. 4:07-md-01819-CW (N.D. Cal. Dec. 16, 2010)..................................................................2

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
 No. M 07-1827 SI (N.D. Cal. May 4, 2012)..............................................................................2

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*,
 No. 4:06-cv-01665-PJH (N.D. Cal. May 20, 2009)...................................................................3

*United States v. AU Optronics Corp.*,
 No. CR 09-0110 SI, 2012 U.S. Dist. LEXIS 3967 (N.D. Cal. Jan. 11, 2012) ...........................2

*United States v. Silverman*,
 861 F.2d 571 (9th Cir. 1988) .................................................................................................1, 2

*United States v. Swanson*,
 No. CR 06-0692 PJH (N.D. Cal. Jan. 22, 2008) .......................................................................3

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*,
 513 F.Supp. 1100 (E.D. Pa. 1981) ............................................................................................1

**OTHER AUTHORITIES**

Fed. R. Evid. 801(d)(2)(E) ...........................................................................................................1, 2

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

ii

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR
PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF
CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

## I.  INTRODUCTION

Direct action plaintiffs ("DAPs" or "Plaintiffs") ask the Court to forego a pretrial evidentiary hearing and, instead, to conditionally admit co-conspirator statements "subject to a later connection." DAPs' Opp'n at 1. But given the complexities of this case and the significant risk of severe prejudice, Defendants respectfully request that the Court exercise its discretion here by ordering Plaintiffs to disclose in advance of trial the statements they intend to offer into evidence as co-conspirator statements under Federal Rule of Evidence ("FRE") 801(d)(2)E) and against which Defendants, as is often done in complex cartel cases such as this one.

## II.  ARGUMENT

As explained in Defendants' Motion in *Limine* No. 1 (the "Motion"), Plaintiffs have designated on their Joint Exhibit List *hundreds* of documents involving *thousands* of statements purportedly made by *dozens* of alleged co-conspirators that they intend to use at trial. But besides listing the hundreds of documents on their Joint Exhibit List, Plaintiffs have provided no indication of how they intend to satisfy the foundational requirements for admission of co-conspirator statements by *independent evidence*, as required under FRE 801(d)(2)(E). *See United States v. Silverman*, 861 F.2d 571, 577 (9th Cir. 1988) (abandoning independent evidence requirement would "eliminate one of the few safeguards of reliability that this exemption from the hearsay definition possesses"); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 513 F. Supp. 1100, 1179 (E.D. Pa. 1981) ("unless plaintiffs can show by independent evidence . . . that *the conspiracy they have pleaded* exists and that the declarants and the defendant against whom the statement is offered are members of *that conspiracy*, the hearsay statements of alleged coconspirators are inadmissible") (emphases added).

The conditional admission of any co-conspirator statements subject to later motions to strike does not guard against the risk of mistrial, particularly here given the severely prejudicial effect of the statements in question and the lack of indication as to whether Plaintiffs will be able to lay the proper foundation for those statements. Because the co-conspirator statements at issue will undoubtedly make up the bulk of the evidence presented by Plaintiffs at trial, striking the statements at a later time will be insufficient to undo the highly prejudicial effect any such statements likely will

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR
PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF
CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1  have on the jury. *See, e.g.*, *Silverman*, 861 F.2d at 580 (admission of alleged co-conspirator's statement identifying defendant was "undoubtedly the bases" for jury's conclusion that defendant was guilty of conspiracy, and therefore was prejudicial error requiring new trial).

Because of the substantial risk of severe prejudice in cartel cases such as this one, courts in other antitrust cases have required pretrial disclosure of alleged co-conspirator statements. *See* Mot. at 4-5 (citing *United States v. AU Optronics Corp.*, No. CR 09-0110 SI, 2012 U.S. Dist. LEXIS 3967, at *3-7 (N.D. Cal. Jan. 11, 2012); Order on Motions in Limine and For Pre-Trial Preparation at 4-5, *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 4:07-md-01819-CW (Dkt. 1206) (N.D. Cal. Dec. 16, 2010)); *see also* Final Pretrial Scheduling Order at 6, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (Dkt. 5597) (N.D. Cal. May 4, 2012) (rejecting plaintiffs' attempt to avoid pretrial disclosure of alleged co-conspirator statements by asking court to issue, as part of its *in limine* ruling, an express finding that foundation existed to admit statements under Rule 801(d)(2)(E)).

Plaintiffs' reliance on *Flintkote Co. v. Lysfjord* is misplaced, and indeed *Lysfjord* supports Defendants' position. 246 F.2d 368 (9th Cir. 1957). There, the district court conditionally admitted "*three* conversations" that included alleged co-conspirator statements. *Id.* at 380 (emphasis added). Notably, on appeal, the Ninth Circuit held that it was error to have permitted the introduction of that hearsay evidence without any foundation, given the statements' prejudicial effect on the jury. *Id.* at 386 (noting that "full effect of this evidence on the jurors' minds cannot be measured with precision," but "[t]o deny that it influenced th[e] jury's verdict in a material manner is to ignore reality"). As the court explained, "[w]hile much latitude is allowed in the order of proof establishing a conspiracy . . . the proponent of the evidence *must still lay a proper foundation*." *Id.* at 386-87 (explaining further that proponent must establish existence of conspiracy by "*independent evidence before statements of alleged co-conspirator showing the existence and operations of the conspiracy are admissible*," because if rule were otherwise, persons would be "held liable in damages solely on hearsay evidence which they had no opportunity to impeach or refute") (emphasis added). The risk

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

2

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR
PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF
CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

of prejudicial error is much greater here, where there are not just three, but *hundreds* of alleged co-conspirator statements that could materially influence the jury.

As for Plaintiffs' suggestion that Defendants are seeking a "complicated and lengthy hearing" to obtain a "free preview of Plaintiffs' trial strategy," that is simply not true. DAPs' Opp'n at 2. As noted in the Motion, although Defendants respectfully request a pretrial evidentiary hearing, Defendants have proposed alternatives to the Court, including the trial procedure adopted by the court in *Sun Microsystems*, which addressed admissibility on the business day prior to the introduction of any given alleged co-conspirator statement. *See* Final Pretrial Order at 8, *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, No. 4:06-cv-01665-PJH (Dkt. 710) (N.D. Cal. May 20, 2009) (ordering parties wishing to rely on co-conspirator statements at trial to provide certain information about statements on business day prior to introducing statement, and ruling on admissibility of such statements following morning before trial).[1]

Notably, the Northern District adopted the same approach in *United States v. Swanson*, another case cited by Plaintiffs. *See* DAPs' Opp'n at 1. There, the court first adopted a hybrid approach whereby (i) the government— prior to trial— was required to provide the court with a summary of the large number of co-conspirator statements that it planned to offer at trial; and (ii) the court then reviewed the summaries and determined which statements the government would be permitted to conditionally introduce at trial. Later, when trial was near, and it became clear the government had not "sufficiently pinpointed the co-conspirator statements, nor identified the declarants in a manner that enable[d] it to rule on the introduction of statements," the court ordered the government to comply with the same procedures followed in the *Sun Microsystems* trial. *See* Third Addendum to Final Pretrial Order at 5-7, *United States v. Swanson*, No. CR 06-0692 PJH (Dkt. 283) (N.D. Cal. Jan. 22, 2008). In short, the procedures advocated by Defendants have one common purpose: to guard against the risk of mistrial through the admission of co-conspirator

---

[1] As for Plaintiffs' suggestion that the procedure proposed by Defendants is "unfair to Plaintiffs" given the vast number of documents allegedly reflecting conspiratorial communications (DAPs' Opp'n at 2), that is absurd. The volume of documents that Plaintiffs will present at trial is within their *sole* discretion. Plaintiffs cannot hide behind their voluminous exhibit list to avoid the foundational requirements of the FRE, particularly when they now have several months to reduce their unmanageable exhibit list to a more appropriate size.

3

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR
PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF
CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1 statements without proper foundation. In contrast, Plaintiffs' approach seeks to circumvent the FRE
2 and to risk potential mistrial.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

4
DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR
PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF
CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

| | | |
|---|---|---|
| 1 | DATED: March 6, 2015 | Respectfully submitted, |
| 2 | | By: /s/ *Jeffrey L. Kessler* |
| 3 | | JEFFREY L. KESSLER (*pro hac vice*) |
| | | Email: JKessler@winston.com |
| 4 | | ALDO A. BADINI (SBN 257086) |
| | | Email: ABadini@winston.com |
| 5 | | EVA W. COLE (*pro hac vice*) |
| | | Email: EWCole@winston.com |
| 6 | | MOLLY M. DONOVAN (*pro hac vice*) |
| | | Email: MMDonovan@winston.com |
| 7 | | **WINSTON & STRAWN LLP** |
| | | 200 Park Avenue |
| 8 | | New York, NY 10166 |
| | | Telephone: (212) 294-6700 |
| 9 | | Facsimile: (212) 294-4700 |
| 10 | | STEVEN A. REISS (*pro hac vice*) |
| | | Email: steven.reiss@weil.com |
| 11 | | DAVID L. YOHAI (*pro hac vice*) |
| | | Email: david.yohai@weil.com |
| 12 | | ADAM C. HEMLOCK (*pro hac vice*) |
| | | Email: adam.hemlock@weil.com |
| 13 | | **WEIL, GOTSHAL & MANGES LLP** |
| | | 767 Fifth Avenue |
| 14 | | New York, NY 10153-0119 |
| | | Telephone: (212) 310-8000 |
| 15 | | Facsimile: (212) 310-8007 |

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

**WHITE & CASE**LLP

By: /s/ *Lucius B. Lau*
CHRISTOPHER M. CURRAN (*pro hac vice*)
Email: ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
Email: alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
Email: defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components,*

5

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

*Inc.*

**MUNGER, TOLLES & OLSON LLP**

By: */s/ Miriam Kim*
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
William.Temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

KIRKLAND & ELLIS LLP

By:     */s/ Eliot A. Adelson*

Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

6

Barack Echols (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.*

BAKER BOTTS LLP


By: /s/ *John M. Taladay*
JOHN M. TALADAY (*pro hac vice*)
Email: john.taladay@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
Email: erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
Email: charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
Email: jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

SHEPPARD MULLIN RICHTER & HAMPTON

By: /s/ *Gary L. Halling*
GARY L. HALLING (SBN 66087)
Email: ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
Email: jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH, (SBN 203524)
Email: mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON**

7

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR
PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF
CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Rachel S. Brass*
**GIBSON, DUNN & CRUTCHER LLP**
JOEL S. SANDERS, SBN 107234
JSanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
RBrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
ASchwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, California 94105-2933
Telephone: 415.393.8200
Facsimile: 415.393.8306

**FARMER BROWNSTEIN JAEGER LLP**
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*

FAEGRE BAKER DANIELS LLP

By: /s/ *Kathy L. Osborn*
KATHY L. OSBORN (*pro hac vice*)
Email: kathy.osborn@FaegreBD.com
RYAN M. HURLEY (*pro hac vice*)
Email: ryan.hurley@FaegreBD.com
**FAEGRE BAKER DANIELS LLP**
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300

8

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR
PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF
CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

Facsimile: (317) 237-1000

JEFFREY S. ROBERTS (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
**FAEGRE BAKER DANIELS LLP**
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

STEPHEN M. JUDGE (*pro hac vice*)
Email: steve.judge@FaegreBd.com
**FAEGRE BAKER DANIELS LLP**
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

JENNER & BLOCK LLP

By: /s/ *Gabriel A. Fuentes*

JENNER & BLOCK LLP
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and,*

9

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

*Mitsubishi Electric Visual Solutions America, Inc.*

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Nathan Lane, III*
MARK C. DOSKER
Email: mark.dosker@squirepb.com
NATHAN LANE, III
Email: nathan.lane@squirepb.com
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

DONALD A. WALL (*pro hac vice*)
Email: donald.wall@squirepb.com
**SQUIRE PATTON BOGGS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: /s/ *Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (*pro hac vice*)
Ellen Tobin (*pro hac vice*)
101 Park Avenue
New York, NY 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
**DILLINGHAM & MURPHY, LLP**
601 California Street, Suite 1900
San Francisco, CA 94108
Telephone: (415) 397-2700
Facsimile: (415) 397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co.,  et al. v. Technicolor SA, et al.*

10

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR
PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF
CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.

11

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917

# DECLARATION OF SERVICE

I, Sofia Arguello, declare as follows:

I declare that I am employed with the law firm of Winston & Strawn LLP, 200 Park Avenue, New York, New York 10166. I am not a party to the within cause, and I am over the age of eighteen years. I further declare that on March 6, 2015, I served a copy of:

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION IN *LIMINE* NO. 1: MOTION FOR PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)**

to all named counsel of record as follows:



**BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on March 6, 2015. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on March 6, 2015, at San Francisco, California.

/s/ *Sofia Arguello*
Sofia Arguello

---

12

DEFS' REPLY I/S/O DEFS' MOTION IN *LIMINE* NO. 1: MOTION FOR PRETRIAL PROFFER AND RULING ON ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS UNDER FED. R. E. 801(d)(2)(E)

Case No. 07-5944 SC
MDL NO. 1917