SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO.: 3:07-CV-05944-SC <br><br> MDL NO.: 1917 |
| This Document Relates to: <br><br> *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.,* No. 13-cv-1173; <br><br> *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.,* No. 13-cv-02776; <br><br> *Siegel v. Hitachi, Ltd.,* No. 11-cv-05502; <br><br> *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261; <br><br> *Best Buy Co., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513; | **SDI DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PROHIBIT PLAINTIFFS FROM CONFLATING SDI WITH NON-PARTIES, INCLUDING BUT NOT LIMITED TO, SAMSUNG ELECTRONICS CO., LTD.** <br><br> **[REPLY BRIEF IN SUPPORT OF SDI'S MIL NO. 1]** <br><br> Date:    TBD <br> Time:    TBD <br> Place:   Courtroom 1, 17th Floor <br> Hon. Samuel Conti |

1  *Best Buy Co., et al. v. Technicolor SA, et al.,* No. 13-cv-05264;

2  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514;

3  *Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686;

4  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;

5  *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 13-cv-05262;

6  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.

I.   **Because Plaintiffs Do Not Dispute That SDI And SEC Are Separate Entities, They Have No Basis To Oppose SDI's Motion**

SDI's MIL No. 1 makes a simple, straightforward request: Plaintiffs should not refer to SDI and Samsung Electronics, Inc. ("SEC") interchangeably by the same exact name as if they were one and the same.  This issue is sufficiently obvious that a motion should not have been necessary, except for the fact that even after dismissing SEC from the case years ago, Plaintiffs' experts – as shown in the many examples cited in SDI's Motion (Mtn. at 2) – continue to use the term "Samsung" without distinction to mean SDI in some instances, while in other instances to mean SEC.  Conflating two separate, distinct corporate entities – one of which *sells* CRTs while the other *buys* CRTs – has no probative value.  Conflating the two instead only serves to confuse and mislead the jury in what is already set to be a complicated trial involving dozens of corporate entities.

Notably, Plaintiffs' Opposition does not dispute – because they cannot – the critical fact that SDI and SEC are separate corporate entities.  Plaintiffs also do not try to justify or correct their experts' confusing and misleading use of the name "Samsung" to refer to SDI in some instances while referring to SEC in others.  Plaintiffs accordingly have no basis to oppose SDI's Motion.

II.  **SDI's Motion Must Be Granted To Avoid Confusion**

Having no response to the critical fact that SDI and SEC are separate entities, Plaintiffs remaining arguments each fail.

*First*, Plaintiffs point to no instance where SDI uses the name "Samsung" to refer to both SDI and SEC interchangeably, as if they were one.  In truth, SDI uses the "Samsung" logo in conjunction with the "Samsung SDI" logo:

[1]

SDI's emails include an unmistakable electronic signature identifying that they are from SDI.  *E.g.,* Ex. A to the McGinnis Decl., at 2 (SDCRT-0005947E which clearly indicates in the electronic signature: "SAMSUNG SDI MEXICO.")  Indeed, Exhibit 1 is an email sent by a SDI employee who carefully distinguishes between SDI and SEC by referring to SDI Mexico as "SDIM" and its

---

[1] Declaration of James L. McGinnis submitted concurrently herewith ("McGinnis Decl."), ¶ 2 (snapshot of SDI's homepage).

customer, SEC, as "SEC HQ." *Id.* at 1.

*Second*, Plaintiffs mischaracterize SDI's Motion as "nothing more than an attempt to sever any connection between it and the larger Samsung group in advance of trial." (Opp. at 1.) If SDI's summary judgment motion regarding Plaintiffs' lack of standing is denied, Plaintiffs are free to try to establish the ownership-or-control exception to *Illinois Brick* with admissible evidence as to SEC's supposed control over SDI. What Plaintiffs may *not* do is sidestep their burden on the ownership-or-control exception altogether by deliberately referring to SDI and SEC by the same name, as if they were a single entity. While Plaintiffs complain of an "additional roadblock" should SDI's Motion be granted, Plaintiffs do not explain what that roadblock may be. In truth, requiring Plaintiffs to distinguish between SEC and SDI in their efforts to prove that SEC controls SDI is hardly an additional, unfair roadblock to them; it is essential to avoid hopeless confusion.

*Third,* the cases Plaintiffs cite actually support the relief SDI seeks. *United States v. Branham*, 1987 U.S. Dist. LEXIS 4821 (D. Del. June 5, 1987), involved two defendants: father and son. To avoid confusion, the court referred to the father as "Mr. Branham" and to the son as "Danny." *E.g., id.* at *2. The court also agreed to "make every effort to make the jury aware of which evidence is admissible against each defendant." *Id.* at *12.

Likewise, *United States v. Bainbridge Mgmt, L.P.*, 2002 U.S. Dist. LEXIS 16686 (N.D. Ill. Sept. 3, 2002) involved two related entities: Bainbridge Management L.P. and Bainbridge Management, Inc. *Id.* at *1. To avoid confusion and aid the jury in differentiating between these two entities, the court ordered the parties to refer to one as "Bainbridge, L.P." and to the other as "Management, Inc." *Id.* at *4. The parties were also free to use each defendant's full legal names. *Id.* The parties, however, were prohibited from using the generic name "Bainbridge" or "Bainbridge Management." *See id.* The relief SDI seeks here is precisely what these other courts have ordered, as is dictated by common sense when dealing with multiple entities with similar names.[2]

---

[2] To the extent the Indirect Purchaser Plaintiffs raised additional arguments in opposition to SDI's Motion not addressed herein, SDI will address them separately at a later date in light of the Stipulation and [Proposed] Order Regarding Briefing for Motions *In Limine* Filed by the Indirect Purchaser Plaintiffs, The Toshiba Defendants, and the Samsung SDI Defendants. MDL Dkt. No. 3732 (Mar. 4, 2015).

### III. CONCLUSION

For these reasons, the Court should grant this motion and prohibit Plaintiffs from offering evidence or argument conflating SDI with other companies, including but not limited to SEC; and also prohibit Plaintiffs from referring to SDI and other companies, including but not limited to SEC interchangeably by the same name.

Dated:  March 6, 2015

Respectfully submitted,

By:   */s/  James L. McGinnis*

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Esq.
James L. McGinnis, Esq.
Michael W. Scarborough, Esq.
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:  415-434-9100
Facsimile:  415-434-3947
ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

Counsel for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.