JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
william.temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorneys for Defendant LG Electronics, Inc.*

*Additional Moving Defendants and Counsel Listed on Signature Pages*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513<br><br>*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd.,* | Case No. Master File No. 3:07-md-05944-SC<br><br>MDL NO. 1917<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE #16: TO PERMIT EVIDENCE AND ARGUMENT REGARDING UPSTREAM PASS-ON AND PLAINTIFFS' BARGAINING POWER**<br><br>Judge: Hon. Samuel Conti<br>Date:   None Set<br>Ctrm:  1, 17th Floor |

1  *et al.*, No. 13-cv-1173

2  *Sharp Electronics Corp., et al. v. Koninklijke*
3  *Philips Elecs., N.V., et al.,* No. 13-cv-2776

4  *Siegel v. Hitachi, Ltd.*, No. 11-cv-05502

5  *Siegel v. Technicolor SA,* No. 13-cv-05261

6  *Target Corp. v. Chunghwa Picture Tubes,*
   *Ltd.*, No. 11-cv-05514
7

8  *Target Corp. v. Technicolor SA,* No. 13-cv-05686

9
   *ViewSonic Corporation v. Chunghwa Picture*
10 *Tubes Ltd.*, No. 14-cv-2510

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. Introduction

Plaintiffs do not meaningfully respond to Defendants' arguments in support of admitting upstream pass-on evidence. Instead, they cite irrelevant motions *in limine* and *Royal Printing Co. v. Kimberly Clark Corp.*, 621 F.2d 323 (9th Cir. 1980). But in so doing, Plaintiffs ignore the fact that *Royal Printing* does not bar upstream pass-on evidence where such evidence is admissible on independent grounds, including when necessary to prove the elements of a Sherman Act claim imposed by the Foreign Trade Antitrust Improvements Act ("FTAIA").[1] Under the FTAIA, Plaintiffs are *required* to present upstream pass-on evidence – that is, evidence that any overcharges were passed on to them – in order to show that Defendants' conduct had an "effect" on them. Contrary to Plaintiffs' suggestion, *Royal Printing* does not relieve Plaintiffs of this requirement. Indeed, *Royal Printing* did not at all address the type of conduct at issue here, foreign sales, much less the FTAIA, which did not even *exist* at the time that *Royal Printing* was decided.

Because Plaintiffs do not, and cannot, rebut Defendants' showing that upstream pass-on evidence is relevant and admissible, the Court should grant Defendants' motion to admit upstream pass-on evidence.

## II. Upstream Pass-On Evidence Is Relevant and Admissible in this Case

Plaintiffs fail to respond to Defendants' separate and independent grounds for admitting evidence of upstream pass-on, including the fact that, under the FTAIA, this evidence *must be* admitted. Plaintiffs, except for Sharp (*see infra* Section IV), never purchased any CRTs, but instead purchased finished products that contained CRT components. The initial sales of those CRT components involved foreign conduct. As such, under the FTAIA, Plaintiffs must prove that Plaintiffs' conduct had a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce in order to satisfy the FTAIA's "domestic effects" exception. *See* 15 U.S.C. § 6a(1). Evidence of

---

[1] As detailed in Defendants' motion, evidence about upstream pass-on is also relevant and admissible for purposes of (1) challenging express findings of overcharge pass-through made by Plaintiffs' damages expert; (2) contesting whether Plaintiffs have established a viable antitrust injury; and (3) rebutting damages figures for Plaintiff Best Buy's claims under Minnesota law.

1  about upstream pass-on—*i.e.*, evidence showing the extent to which any alleged CRT overcharge
2  was passed on in the prices of finished products—is directly relevant to whether Plaintiffs can
3  satisfy the FTAIA's "domestic effects" exception.  If any CRT overcharge was not passed on by
4  the television and monitor manufacturers to affect the prices that Plaintiffs paid for the finished
5  televisions and monitors, there would be no "effect" on domestic commerce.  Defendants are
6  entitled to defend themselves under the FTAIA by showing, among other things, that pricing
7  decisions were uncertain due to competitiveness in the finished product market and that Plaintiffs'
8  bargaining power, which allowed them to fend off overcharges, caused any "effect" to be indirect
9  and insubstantial.

10      Likewise, Plaintiffs are obligated to present evidence of upstream pass-on to demonstrate
11  antitrust injury, *i.e.*, that they were actually injured by Defendants' conduct, in order to proceed on
12  their claims.  Because Plaintiffs did not purchase CRTs, and therefore did not operate in the "same
13  market" as Defendants, *see Bhan v. NME Hosps., Inc.*, 772 F.2d 1467, 1470 (9th Cir. 1985),
14  Plaintiffs must introduce upstream pass-on evidence – that is, evidence of how and whether
15  overcharges on CRTs affected prices of the finished products they purchased – to establish that
16  overcharges on CRTs "affect[ed] prices" paid by Plaintiffs for finished products.  *See In re TFT-*
17  *LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1122-23 (N.D. Cal. 2008).  Defendants,
18  of course, are entitled to rebut Plaintiffs' showing of antitrust injury.

19      Additionally, under applicable Minnesota law, it is well-settled that pass-on evidence is
20  admissible with respect to Plaintiff Best Buy's indirect purchaser claim.

21      In sum, because Plaintiffs (other than Sharp) did not purchase CRTs, and because the vast
22  majority of the sales at issue involving foreign conduct, this trial necessarily requires evidence
23  about whether and how overcharges were passed on to Plaintiffs.  Because Plaintiffs' motion fails
24  to address any of the independent grounds for admitting upstream pass-on evidence, the motion
25  should be granted.

26
27
28

### III. *Royal Printing* Does Not Bar Admission of Upstream Pass-On Evidence on Independent Grounds

Instead of addressing Defendants' arguments for admitting upstream pass-on evidence, Plaintiffs cite *Royal Printing* and related cases. But *Royal Printing* did not create a blanket rule barring upstream pass-on evidence. Rather, *Royal Printing* held that indirect purchasers were permitted to sue and capture the entire overcharge amount where they purchased the actual price-fixed goods from "wholly-owned subsidiaries" of the defendants. *See Royal Printing*, 621 F.2d at 324, 327 (explaining that plaintiffs, "relatively small retail" paper businesses, could sue paper manufacturers for price-fixing where plaintiffs did not buy the paper directly from the manufacturers, but rather from the manufacturers' "wholesaling divisions or wholly-owned subsidiaries"). Moreover, the Ninth Circuit has cautioned against any further extension of *Royal Printing*'s exception. *See In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 757 (9th Cir. 2012) (declining to extend *Royal Printing* exception "to situations where the seller does not own or control the direct purchasers").

*Royal Printing* has no bearing on the FTAIA's additional "substantive elements" for establishing a Sherman Act claim when the claim involves foreign conduct. *See United States v. Hsiung*, ---F.3d----, 2015 WL 400550, at *11 (9th Cir. Jan. 30, 2015). Unlike this case, *Royal Printing* did not involve any foreign conduct and was decided *before* Congress enacted the FTAIA in 1982. A plaintiff seeking to prove a Sherman Act violation involving foreign conduct must satisfy the FTAIA's "domestic effects" exception by showing that the foreign conduct had "a direct, substantial, and reasonably foreseeable effect" on U.S. commerce, and (2) such effect "gives rise" to a plaintiff's claim. *See* 15 U.S.C. § 6a (1)(2). Plaintiffs cannot prove these requirements merely by pointing to an overcharge on CRTs sold abroad; rather, they must prove that the foreign conduct had the requisite effect on U.S. commerce. If upstream pass-through evidence is excluded at trial, then Plaintiffs cannot carry their burden of proof and all claims involving foreign CRT sales must be dismissed. *See Hsiung*, 2015 WL 400550 at *17 (stating that a "rational trier of fact" could have found a "direct" effect on U.S. commerce based upon testimony that if the component prices rose, those increases would be passed on in the prices of

the finished product, causing "inflation of prices in finished products imported to the United States").

Because the FTAIA independently requires evidence of upstream pass-on when plaintiffs sue based on foreign conduct, *Royal Printing* does not prevent admission of upstream pass-on evidence in a case such as this one where foreign conduct and the FTAIA will be central issues. *See United States v. Abel*, 469 U.S. 45, 56 (1984) ("[T]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case."); *United States v. Green*, 648 F.2d 587, 596 (9th Cir. 1981) (per curiam) (evidence that would be improper impeachment of credibility by extrinsic evidence may be properly admitted for another purpose).

Similarly, since upstream pass-on evidence must be admitted in this case under the FTAIA, regardless of *Royal Printing*, Plaintiffs' citation to *Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207RAJ, 2014 WL 4674390, at *1 (W.D. Wa. Sept. 18, 2014), is also unavailing. The district court in *Costco Wholesale* relied solely on *Royal Printing* to hold that evidence of "upstream pass-through" and "downstream pass-through" would not be admitted at trial. *Id.* The district court made no mention of the significance of foreign conduct and did not address the FTAIA's independent requirement that upstream pass-on of overcharges be proven to establish an "effect" on U.S. commerce; nor did the district court discuss the defendants' right to use evidence about upstream pass-on to show the lack of any "direct" or "substantial" effect for purposes of the FTAIA. Hence, *Costco Wholesale* has no bearing on the FTAIA argument made in this case,[2] and, to the extent that it could be used to suggest that upstream pass on evidence is irrelevant to the FTAIA, it would be wrongly decided and should not be followed. *See Batts v. Cnty. of Santa Clara*, No. C 08-00286 JW, 2010 WL 147965, at *2 (N.D. Cal. Jan. 12, 2010) (declining to follow

---

[2] Although it did not consider the FTAIA in refusing to admit "pass-through" evidence, the district court in *Costco Wholesale* did leave open the possibility that "pass-through" evidence could be admissible for reasons independent of *Royal Printing*. *See Costco Wholesale*, 2014 WL 4674390 at *2 (stating that if plaintiff were to claim at trial that it is "the champion of its customers" then "the court will consider admitting downstream pass-through evidence or taking other curative measures").

1  plaintiff's cited cases, which were "out-of-jurisdiction district court decisions, and as such are not
2  binding authority").

3  Furthermore, to prove antitrust injury at trial, Plaintiffs will have to prove they suffered an
4  economic injury.  That requires Plaintiffs to show that they actually paid an overcharge, or, in
5  other words, that overcharges for CRTs were passed on to them by television and monitor
6  manufacturers.  *Royal Printing* does not hold that a plaintiff in this situation may *assume* antitrust
7  injury, nor does it hold that a defendant is barred from presenting evidence to rebut a claim of
8  antitrust injury.  To hold that Defendants are barred from introducing upstream pass-on evidence,
9  or from showing that particular Plaintiffs exercised sufficient bargaining power such that they paid
10 no overcharge at all, would effectively preclude Defendants from mounting an important prong of
11 their defense.  *Royal Printing* does not compel this result, which would raise serious due process
12 concerns by precluding a defense as to Plaintiffs' standing to bring an antitrust claim under the
13 Clayton Act.

14 Finally, Plaintiffs completely ignore the fact that Plaintiff Best Buy has maintained its
15 claim for indirect damages under Minnesota state law. (S*ee* Best Buy First Am. Compl., Oct. 3,
16 2013, ECF No. 1978, ¶¶ 243-49 (citing Minnesota Antitrust Act of 1971, Stat. § 326D.52, *et*
17 *seq*.).)  *Royal Printing* does not govern such claims, and cannot bar evidence relevant to such
18 claims.  *See Lorix v. Crompton Corp.*, 736 N.W.2d 619, 628 (Minn. 2007) ("By expressly
19 permitting indirect purchaser suits, our legislature has rejected the notion that Minnesota courts are
20 not to be burdened with the complex apportionment inherent in those suits."); *In re TFT-LCD*
21 *(Flat Panel) Antitrust Litig.*, 2012 WL 6709621, at *7  ("allowing a pass-on defense is consistent
22 with the Minnesota Antitrust Act because plaintiffs will recover their 'actual damages
23 sustained.'") (citation omitted).

24 Accordingly, *Royal Printing* does not bar admissibility of upstream pass-on evidence
25 here.[3]

---

[3] Plaintiffs also cite to two of their motions *in limine* on other topics, but both are irrelevant.  First, Plaintiffs' "market power" motion is inapposite, since Defendants have no intention of suggesting that Plaintiffs violated the Sherman Act, and instead intend to address Plaintiffs' market power to

### IV. Plaintiff Sharp's Concerns Can Be Adequately Addressed by a Limiting Instruction

Plaintiff Sharp similarly fails to contest Defendants' four independent bases for admitting pass-on evidence, but instead argues that those bases do not apply to it because, unlike the other Plaintiffs, it actually purchased CRTs rather than finished products (for which there is no claim of price fixing) that contained CRTs. Although upstream pass-on evidence may not apply to Sharp's claims, it certainly applies to Sharp's co-plaintiffs and should therefore be admitted. Sharp's asserted concerns of prejudice can be effectively addressed by a limiting instruction to the jury. *See Evans v. Michigan*, --- U.S. ----, 133 S. Ct. 1069, 1080 (2013) ("[A] jury is presumed to follow its instructions.") (internal citation omitted); *Dubria v. Smith,* 224 F.3d 995, 1002 (9th Cir. 2000) ("Ordinarily, a cautionary instruction is presumed to have cured prejudicial impact"). Indeed, in the context of far more prejudicial evidence—prior instances of bad conduct under Federal Rule of Evidence 404(b) —courts have routinely admitted such evidence, notwithstanding its prejudicial nature, where accompanied by an appropriate limiting instruction. *See e.g.*, *United States v. Khan*, 993 F.2d 1368, 1377-78 (9th Cir. 1993) (government's introduction of evidence regarding defendant's prior drug trip was not unfairly prejudicial when accompanied by limiting instruction); *United States v. Hadley*, 918 F.2d 848, 851-52 (9th Cir. 1990) (holding that although admission of prior instances of sexual molestation were "obviously prejudicial," the "prejudicial effect was limited by the instruction given by the district court").

While Sharp cites to *United States v. Prescott*, 581 F.2d 1343 (9th Cir. 1978), to support its argument that a limiting instruction would be insufficient, that case involved an attempt to introduce "irrelevant" and "inadmissible" evidence that impinged a defendant's constitutional rights. *Id.* at 1352 (finding that evidence of the defendant's refusal of an officer's search demand absent a warrant was inadmissible). Here, by contrast, the upstream evidence that Defendants seek to admit is entirely relevant and does not touch upon Sharp's constitutional rights. As such,

---

show the lack of upstream pass-on (thus rebutting the elements of Plaintiffs' claim). (*See* Defendants' Joint Opp'n to DAPs' Motions *in Limine*, ECF No. 3676 at 23-25.) Second, Plaintiffs' motion *in limine* to exclude argument regarding failure to mitigate pertains to the admissibility of *downstream* pass-on evidence, not upstream pass-on. (*Id.* at 40-43.) Also, both precedent and policy hold that Defendants should be able to introduce evidence that Plaintiffs—particularly Sharp—failed to mitigate their damages. (*Id.*)

Sharp's argument that a limiting instruction is insufficient is meritless, and the Court should admit evidence of upstream pass-on as to Plaintiffs even if Sharp is a party to the same proceedings.

## V. Conclusion

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' motion *in limine* #16 to permit evidence and argument regarding upstream pass-on and Plaintiffs' bargaining power.

Dated:  March 6, 2015                                     Respectfully submitted,

**MUNGER, TOLLES & OLSON LLP**

By: */s/ Miriam Kim*
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

BRAD D. BRIAN (SBN 079001)
brad.brian@mto.com
WILLIAM D. TEMKO (SBN 098858)
william.temko@mto.com
GREGORY J. WEINGART (SBN 157997)
gregory.weingart@mto.com
E. MARTIN ESTRADA (SBN 223802)
martin.estrada@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

ROBERT E. FREITAS (SBN 80948)
rfreitas@fawlaw.com
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, California 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301

*Attorneys for Defendant LG Electronics, Inc.*

|   |   |
|---|---|
| 1 | WINSTON & STRAWN LLP |
| 2 | By: */s/ Jeffrey L. Kessler* |
|   | JEFFREY L. KESSLER (*pro hac vice*) |
| 3 | JKessler@winston.com |
|   | A. PAUL VICTOR (*pro hac vice*) |
| 4 | PVictor@winston.com |
|   | ALDO A. BADINI (SBN 257086) |
| 5 | ABadini@winston.com |
|   | EVA W. COLE (*pro hac vice*) |
| 6 | EWCole@winston.com |
|   | MOLLY M. DONOVAN |
| 7 | MMDonovan@winston.com |
|   | **WINSTON & STRAWN LLP** |
| 8 | 200 Park Avenue |
|   | New York, NY 10166 |
| 9 | Telephone: (212) 294-6700 |
|   | Facsimile: (212) 294-4700 |

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), MT Picture Display Co., Ltd.*

KIRKLAND & ELLIS LLP

By: */s/ Eliot A. Adelson*
ELIOT A. ADELSON (SBN 205284)
JAMES MAXWELL COOPER (SBN 284054)
**KIRKLAND & ELLIS LLP**
555 California Street, 27th Floor
San Francisco, California 94104
Tel: (415) 439-1400
Facsimile: (415) 439-1500
E-mail: eadelson@kirkland.com
E-mail: max.cooper@kirkland.com

JAMES H. MUTCHNIK, P.C. (*pro hac vice*)
Barack Echols (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000

Facsimile: (312) 862-2200
E-mail: jmutchnik@kirkland.com
E-mail: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Gary L. Halling*
GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com
JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (SBN 203524)
mscarborough@sheppardmullin.com
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: (415) 434-9100
Facsimile: (415) 434-3947

*Attorneys for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd. and Tianjin Samsung SDI Co., Ltd.*

FAEGRE BAKER DANIELS LLP

By: */s/ Kathy L. Osborn*

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Email: jeff.roberts@FaegreBD.com
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

Stephen M. Judge (*pro hac vice*)
Email: steve.judge@FaegreBd.com
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*


BAKER BOTTS LLP

By: /s/ *John M. Taladay*
JOHN M. TALADAY (pro hac vice)
john.taladay@bakerbotts.com
ERIK T. KOONS (pro hac vice)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (pro hac vice)
charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*


SQUIRE PATTON BOGGS (US) LLP

By:  /s/ *Nathan Lane, III*
Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
**SQUIRE PATTON BOGGS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
E-mail:  nathan.lane@squiresanders.com
E-mail:  mark.dosker@squiresanders.com

| | |
|---|---|
| 1 | |
| 2 | Donald A. Wall (Pro Hac Vice)<br>**SQUIRE PATTON BOGGS (US) LLP**<br>1 East Washington Street, Suite 2700 |
| 3 | Phoenix, Arizona 85004<br>Telephone: + 1 602 528 4005 |
| 4 | Facsimile: +1 602 253 8129<br>Email: donald.wall@squirepb.com |
| 5 | |
| 6 | *Attorneys for Defendant Technologies Displays Americas LLC* |
| 7 | |
| 8 | By:  /s/ *Brent Caslin*<br>Brent Caslin (Cal. Bar. No. 198682) |
| 9 | **Jenner & Block LLP**<br>633 West Fifth Street<br>Suite 3600 |
| 10 | Los Angeles, California 90071<br>Telephone: 213 239-5100 |
| 11 | Facsimile: 213 239-5199<br>bcaslin@jenner.com |
| 12 | |
| 13 | Terrence J. Truax (pro hac vice)<br>Michael T. Brody (pro hac vice) |
| 14 | **Jenner & Block LLP**<br>353 N. Clark Street |
| 15 | Chicago, Illinois 60654-3456<br>Telephone: 312 222-9350 |
| 16 | Facsimile: 312 527-0484<br>ttruax@jenner.com<br>mbrody@jenner.com |
| 17 | |
| 18 | *Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.* |
| 19 | |
| 20 | **GIBSON, DUNN & CRUTCHER LLP** |
| 21 | By: /s/ *Rachel S. Brass* |
| 22 | JOEL S. SANDERS, SBN 107234<br>JSanders@gibsondunn.com |
| 23 | RACHEL S. BRASS, SBN 219301<br>RBrass@gibsondunn.com |
| 24 | AUSTIN SCHWING, SBN 211696<br>ASchwing@gibsondunn.com |
| 25 | 555 Mission Street, Suite 3000<br>San Francisco, California 94105-2933 |
| 26 | Telephone: 415.393.8200<br>Facsimile: 415.393.8306 |
| 27 | |
| 28 | **FARMER BROWNSTEIN JAEGER LLP**<br>WILLIAM S. FARMER, SBN 46694 |

- 11 -   3:07-cv-05944-SC; MDL 1917
REPLY ISO DEFS' MOT. IN LIMINE #16: TO PERMIT EVIDENCE AND ARGUMENT REGARDING
UPSTREAM PASS-ON AND PLAINTIFFS' BARGAINING POWER

WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

*Attorneys for Defendants Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd*

Pursuant to Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the above signatories.


# DECLARATION OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, declare that I am over 18 years of age and not a party to the within action. I am employed by Munger, Tolles & Olson LLP in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Thirty-Fifth Floor, Los Angeles, CA 90071-1560.

On March 6, 2015, I served the following document described as:

**REPLY IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE #16: TO PERMIT EVIDENCE AND ARGUMENT REGARDING UPSTREAM PASS-ON AND PLAINTIFFS' BARGAINING POWER**

to all named counsel of record as follows:

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the above described document(s) by utilizing the United States District Court, Northern District of California's mandated CM/ECF (Electronic Case Filing) filing system. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 6, 2015, at Los Angeles, California.

*Beth L. Licari*
_____
Beth L. Licari