Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V. and
Philips Electronics North America Corporation*

Additional Counsel on Signature Page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.,* No. 13-cv-01173;* | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:          None set<br>Time:          10:00 a.m.<br>Place:          Courtroom No. 1<br><br>Hon. Samuel Conti |

259319142

1   *Sharp Electronics Corp. v. Koninklijke Philips*
    *Elecs., N.V.,  No. 13-cv-2776 SC*;

2

3   *Target Corp. v. Chunghwa Picture Tubes, Ltd.*,
    No. 11-cv-05514

4

5   *Target Corp. v. Technicolor SA,* No. 13-cv-
    05686.

6

7

8

9

10

11

12          **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE
OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ....................................................................................................... 1

    A.   Sharp's overbroad allegations do not dictate what is admissible at trial ............................................................................................................ 1

    B.   Sharp's expert, Dr. Hausman, undermines any claim as to the relevance of CDTs .................................................................................. 3

    C.   The cases Sharp relies upon are inapposite ............................................. 4

    D.   Sharp misconstrues Defendants' request to exclude irrelevant evidence ................................................................................................... 5

III. CONCLUSION .................................................................................................... 6

259319914.2

i

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Hickman v. Taylor,*
    329 U.S. 495 (1947)...................................................................................................................... 2

*In re Vitamins Antitrust Litigation,*
    *209 F.R.D. 251 (D.D.C. 2002)*...................................................................................................... *4*

*Univac Dental Company v. Dentsply International, Inc.,*
    268 F.R.D. 190 (M.D. Pa. 2010)............................................................................................... *4, 5*

*Whited v. Motorists Mut. Ins. Co.,*
    No. 08-10653, 2009 WL 1406632 (E.D. Mich. May 19, 2009).................................................. 3

OTHER AUTHORITIES

Fed. R. Evid. 401 ............................................................................................................................ 1

Fed. R. Evid. 404(b)........................................................................................................................ 4

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE
OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

1

2    **I.      INTRODUCTION**

3           Defendants' motion in Limine #10 seeks to exclude Sharp[1] from introducing at trial

4    evidence that relates exclusively to any alleged color display tube ("CDT") conspiracy.   In its

5    opposition, Sharp fails to demonstrate how evidence that solely relates to any alleged CDT

6    conspiracy is relevant to its claims that relate solely to color picture tubes ("CPTs"), or why that

7    evidence should be admitted at trial.   Sharp does not deny that it brings no claims relating to

8    CDTs.    Instead, Sharp spends most of the opposition wrongfully accusing Defendants of

9    "improperly re-characterizing" its allegations.    Sharp's opposition also  evades the clear

10   testimony of its own expert Dr. Hausman's analysis of Sharp's claim and alleged damages.

11   None of these protestations alter the fact that Sharp seeks to use evidence that is wholly

12   irrelevant to its CPT claim, and the probative value of that evidence is substantially outweighed

13   by the danger of confusing the issues and fostering undue delay. The Court should grant

14   Defendants' motion to exclude Sharp from introducing any evidence that solely relates to an

15   alleged CDT conspiracy.

16   **II.     ARGUMENT**

17                **A. Sharp's overbroad allegations do not dictate what is admissible at trial**

18           Defendants do not dispute that Sharp pled that there was a single CRT conspiracy.

19   Defendants, instead, contend that Sharp's complaint is not the litmus test of admissibility at trial.

20   _____

21        [1]Although Defendants' motion *in limine* focuses mainly on Sharp and the fact that its purchases were limited to CPTs alone, the reasoning therein applies equally to any Plaintiff that bought only one type of CRT products.  Such a Plaintiff should not be allowed to introduce evidence wholly irrelevant to their damages.  Both Target and Kmart purchased only CPT finished products (rather than both CPT and CDT finished products).  *See* Ex. 1 to the Declaration of Tiffany B. Gelott in Support of Joint Defense Reply In Support Of Motion In Limine #10 - Motion To Exclude Evidence Of Any Alleged CDT Price-Fixing Conspiracy ("Gelott Decl."), the Expert Report of Alan S. Frankel, dated April 15, 2014, regarding Sears and Kmart, Exhibits 17c, 20a; Ex. 2 to the Gelott Decl., the Expert Report of Alan S. Frankel, dated April 15, 2014, regarding Target, Exhibits 17, 20.  Federal law dictates, then, that both Target and Kmart should be excluded from presenting evidence that pertains solely to CDTs or finished products containing CDTs, as it is irrelevant to their cases and more prejudicial than probative.  *See* Joint Defense Motion *in Limine* No. 10, February 13, 2015, pp.2-4.  Additionally, the jury should be given a limiting instruction that any evidence pertaining solely to CDTs or CDT finished products introduced by Kmart and Sears' joint counsel should be construed only as to Sears and not as to Kmart.

22

23

24

25

26

27

28

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE
OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

1   The mere fact that Sharp's complaint alleges a single CRT conspiracy does not control whether

2   Sharp can introduce evidence that solely relates to CDTs or CDT Products, neither of which

3   Sharp itself purchased.  Rather, evidence is only admissible at trial if it has "any tendency to

4   make a fact more or less probable"  and "the fact is of consequence in determining the action."

5   Fed. R. Evid. 401.

6       Although Sharp alleged that there was a single CRT conspiracy, it never claimed any injury

7   related to CDTs or demonstrated the relevance of CDTs to the injury it claims.  Rather, a review

8   of Sharp's complaint—filed almost two years ago—demonstrates that Sharp framed its claim so

9   broadly that it neglected to specify even basic facts that Sharp knew at that time it filed its

10  complaint.   For example, in its complaint Sharp alleged that it purchased CRT Products but never

11  alleged that it purchased CRTs themselves, and solely CPTs, as Sharp clearly knew.[2]

12      Of course, Sharp could not have been expected to know all relevant facts then, given that it

13  filed the original complaint  before conducting discovery, a process which generally serves "to

14  narrow and clarify the basic issues between the parties, and  . . . ascertain[] the facts."[3]  But after

15  years of extensive discovery including millions of pages of documents, hundreds of depositions,

16  and several rounds of expert reports, the record  has developed extensively and, in that course of

17  events, Sharp has expressly narrowed the scope of its claim.  Sharp's own interrogatory responses

18  and expert report reflect the admission of a more narrow claim that does not include CDTs.

19  Sharp conceded that "█████████████████████████████████████████████

20  ██████████████████████████████████████."[4]  Therefore, Sharp cannot claim

21  that the allegations within its complaint accurately convey the current scope of its claim and the

22  _____
    [2] *See generally* Sharp Second Am. Compl. MDL Dkt. No. 2621.

23  [3] *Hickman v. Taylor*, 329 U.S. 495, 501(1947).

24  [4] Ex. 3 to the Gelott Decl., Sharp's First Set of Interrogatories (February 26, 2014), pg. 16,
    Response to Interrogatory No. 12.  Contrast this, for example, ████████████████████

25  ████████████████████████████████████████████████████████████

26  ██████████████████ *See* Ex. 4 to the Gelott Decl., Deposition of Jerry Hausman, July 23,

27  2014, at 232:15-233:13, 236:116-238:4 ("███████████████████████████████████

    █████████████████████████████████

28

facts that are admissible at trial in support of that claim.[5]

**B. Sharp's expert, Dr. Hausman, undermines any claim as to the relevance of CDTs**

Sharp argues that Defendants both "improperly re-characterize the plaintiffs' allegations" and "seek to exclude evidence on the basis that they do not agree with those allegations," but these arguments are no more than red herrings. Opp at 1-2. Sharp's early sweeping allegation of a single CRT conspiracy is unmade by the detailed report of its expert, Dr. Hausman, who—based on instructions of Sharp's counsel—framed Sharp's claims and damages solely within the context of CPTs and CPT Finished Products.[6] Therefore, in moving to exclude evidence that solely relates to CDTs, Defendants only are directly reflecting Sharp's own formulation of its claims, as communicated by their expert, Dr. Hausman. This is reinforced by Dr. Hausman's assessment of potential damages as solely relating to CPTs, not CDTs.

The limited references to CDTs within Dr. Hausman's expert report all run in one direction: they emphasize that any evidence regarding the alleged CDT conspiracy is irrelevant to Sharp's claim and the determination of whether Sharp is entitled to any damages. Indeed, within his report, Dr. Hausman only addresses CDTs twice— ███████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████"[7] Thus, contrary to Sharp's argument, "evidence regarding Defendants' misconduct with respect to CDTs" is ***not*** "evidence of the very conspiracy Sharp alleged." Opp. at 6. It is instead evidence relating to a product that has no relevance to Sharp's injury. The sole use of CDT evidence, therefore, would

---

[5] *See Whited v. Motorists Mut. Ins. Co.*, No. 08-10653, 2009 WL 1406632, at *3 (E.D. Mich. May 19, 2009) ("Properly conducted, discovery narrows and clarifies issues in dispute.").

[6] Ex. 5 to the Gelott Decl., Expert Report of Jerry Hausman, dated April 15, 2014 ("Hausman Report"), at ¶5 ███████████████████████████████████████████████

████████████████████

[7] *Id.* at ¶12 (emphasis added).

be to show "other bad acts" to imply that Defendants behaved similarly in the alleged CPT

conspiracy.  *See* Fed. R. Evid. 404(b).  Such evidence is not admissible and should be excluded.

### C.  The cases Sharp relies upon are inapposite

In an effort to establish the relevance of any CDT evidence, Sharp relies on both  *In re*

*Vitamins Antitrust Litigation* ("In re Vitamins")[8] and *Univac Dental Company v. Dentsply*

*International, Inc.* ("Univac").[9]  Both cases are inapposite and should not govern the Court's

ruling on Defendants' motion.

*In re Vitamins* is inapposite for several reasons.  First, *In re Vitamins* concerns a class of

direct purchaser plaintiffs, some of whom  claimed injury relating to all products in the class,

while this motion concerns one Plaintiff group, Sharp, which does not claim injury related to

CDTs.[10]  Second, the members of the Vitamin Products Class alleged a single conspiracy to fix

the prices of multiple vitamins and vitamin products, but they did not all purchase one type of or

the same vitamin.  Members of the Vitamin Product class were comprised of "all person or

entities who directly purchased vitamins A, C, E, B1, B2, B3, B5, B6, B12, H, beta carotene,

astaxanthin, canthaxanthin, and/or vitamin premixes for delivery in the United States."[11]   Sharp,

on the other hand, alleged a single CRT conspiracy, but it only purchased and is only seeking

damages for one type of CRT, CPTs.  Therefore, the "court's rejection of defendants attempting

to divide the single vitamin products conspiracies into multiple separate conspiracies" in *In re*

*Vitamins* should have no bearing on Defendants' argument here.[12]   Note that defendants here do

not seek to apply this motion to the DPP or IPP classes because the same relevance factors do not

apply to the class setting where some class members claim injury for CDT products.  Thus, *In re*

*Vitamins* is of no relevance here.

Sharp's reliance on *Univac* is also misplaced.  In *Univac*, the Court refused to exclude

---

[8] 209 F.R.D. 251 (D.D.C. 2002).

[9] 268 F.R.D. 190 (M.D. Pa. 2010).

[10] 209 F.R.D. 251 (D.D.C. 2002).

[11] *Id.* at 256.

[12] Opp. at 3, citing *In re Vitamins,* 209 F.R.D. at 265.

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE
OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

evidence that related to the actual product that the plaintiffs purchased, dentures.  Thus, the evidence at issue ran to the scope of the alleged practices as they related to the products the plaintiff **actually purchased**, not to products that were irrelevant to the plaintiffs' claim, as CDTs are irrelevant to Sharp's claim.[13]  The ruling in *Univac* should not govern Defendants' request to now exclude evidence regarding products that Sharp never purchased.

### D.  Sharp misconstrues Defendants' request to exclude irrelevant evidence

Finally, Sharp exaggerates the scope of Defendants' motion.   Defendants do not seek to exclude all evidence containing any reference to CDTs from trial, but rather seek to prevent Sharp from introducing evidence that relates *exclusively* to CDTs rather than CPTs.  Indeed, Defendants recognize that Sharp intends to provide evidence, such as Sharp's Exhibits A- L,[14] that discuss both CPTs and CDTs, and Defendants do not seek to exclude those documents here.  But the fact that Sharp intends to offer some documents that mention both CPTs and CDTs does not justify the wholesale introduction by Sharp of evidence wholly unrelated to the product for which it actually seeks damages: CPTs.[15]

While Sharp identified documents that may require scrutiny before they are admitted at trial, there are *hundreds* of documents that solely relate to CDTs and should be excluded with regard to Sharp.   For example, Sharp should be precluded from introducing the SDI Plea Agreement because it only covers a small subset of CDTs—not CPTs.[16]  In addition, Sharp's exhibit list contains many other documents that only discuss or pertain solely to CDTs and/or

---

[13] *Id.*

[14] *See* Exhibits A-L to the Declaration of Craig A. Benson in Support of Plaintiffs Sharp Electronics Corporation & Sharp Electronics Manufacturing Company Of America, Inc.'s Opposition To Joint Defense Motion In Limine No. 10 – Motion To Exclude Evidence Of Any Alleged Cdt Price-Fixing Conspiracy.

[15] Consideration of the admissibility of documents with references to both CPTs and CDTs, if relevant, can properly be made at trial.

[16] Ex.  6 to the Gelott Decl., at 2-4 (May 12, 2011, SDI plea agreement).  Note that this evidence might also be excludable on the basis that it relates solely to Samsung SDI and no other party to the litigation. *See* Defendants' Motion in Limine #5: To Exclude Plea By Samsung SDI Company, Ltd. As To Non-Pleading Defendants Or, Alternatively, To Provide A Limiting Instruction.

the CDT market.[17]  These have no relevance to Sharp's claims.

The probative value of such documents is also substantially outweighed by the risk of misleading the jury by confusing the issues and causing undue delay.  Defendants would be required to continually distinguish these irrelevant documents and introduce further evidence and elicit additional testimony from both fact and expert witnesses in an attempt to neutralize the introduction of the irrelevant CDT evidence.  At a minimum, evidence that relates solely to CDTs should be excluded at trial.

## III.     CONCLUSION

For the foregoing reasons, the Court should grant Joint Defense Motion in Limine No. 10 and preclude Sharp from introducing any evidence regarding any alleged CDT price-fixing conspiracy.

Date:  March 6, 2015

By: */s/ Erik T. Koons*
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304

---

[17] *See* Ex. 7 to the Gelott Decl., (CHU00028521), █████████████████████████████████████████; Ex. 8 to the Gelott Decl., (CHU00028558E) ██████████████████████████████████████████████████████████████████; Ex.  9 to the Gelott Decl., (CHU00031111E), a██████████████████████████████████████████████████████████████████

6

1   Telephone: (650) 739-7500
    Facsimile: (650) 739-7699
2   E-mail: jon.swenson@bakerbotts.com

3   *Attorneys for Defendants Koninklijke Philips N.V.,*
    *and   Philips   Electronics   North   America*
4   *Corporation*

5

6   FAEGRE BAKER DANIELS LLP

7   By: */s/ Kathy L. Osborn*
8   FAEGRE BAKER DANIELS LLP
    Kathy L. Osborn (*pro hac vice*)
9   Ryan M. Hurley (*pro hac vice*)
    300 N. Meridian Street, Suite 2700
10  Indianapolis, IN 46204
    Telephone: (317) 237-0300
11  Facsimile: (317) 237-1000
12  kathy.osborn@FaegreBD.com
    ryan.hurley@FaegreBD.com
13
    Calvin L. Litsey (SBN 289659)
14  Faegre Baker Daniels LLP
    1950 University Avenue, Suite 450
15  East Palo Alto, CA 94303-2279
    Telephone: (650) 324-6700
16  Facsimile: (650) 324-6701
17  calvin.litsey@FaegreBD.com

18  *Attorneys   for   Defendants   Thomson   SA   and*
    *Thomson Consumer Electronics, Inc.*
19

20

21  SQUIRE PATTON BOGGS (US) LLP

22  By: */s/ Donald A. Wall*
    Mark Dosker
23  Nathan Lane, III
24  275 Battery Street, Suite 2600
    San Francisco, CA  94111
25  Telephone:  415.954.0200
    Facsimile:  415.393.9887
26  Email:  mark.dosker@squirepb.com
27  nathan.lane@squirepb.com

28  Donald A. Wall (*Pro Hac Vice*)

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE
OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

1  SQUIRE PATTON BOGGS (US) LLP
   1 East Washington Street, Suite 2700
2  Phoenix, Arizona 85004
   Telephone:  602.528.4000
3  Facsimile:  602.253.8129
   Email:  donald.wall@squirepb.com
4

5  *Attorneys for Defendant Technologies Displays
   Americas LLC with respect to all cases except*
6  *Office Depot, Inc. v. Technicolor SA, et al. and
   Sears, Roebuck and Co., et al v. Technicolor SA, et*
7  *al.*

8  CURTIS, MALLET-PREVOST, COLT & MOSLE
   LLP
9

10 By: */s/  Jeffrey I. Zuckerman*_____
   Jeffrey I. Zuckerman (Pro Hac Vice)
11 Ellen Tobin (Pro Hac Vice)
   101 Park Avenue
12 New York, New York 10178
   Telephone: 212.696.6000
13 Facsimile: 212.697.1559
   Email:  jzuckerman@curtis.com
14 etobin@curtis.com

15

16 Arthur Gaus (SBN 289560)
   DILLINGHAM & MURPHY, LLP
17 601 California Street, Suite 1900
   San Francisco, California 94108
18 Telephone: 415.397.2700
   Facsimile: 415.397-3300
19 Email: asg@dillinghammurphy.com

20
   *Attorneys for Defendant Technologies Displays
21 Americas LLC with respect to Office Depot, Inc. v.
   Technicolor SA, et al. and Sears, Roebuck and Co.
22 et al. v. Technicolor SA, et al.*

23

24
   MUNGER, TOLLES & OLSON LLP
25

26
   By: */s/ Miriam Kim*_____
27 JEROME C. ROTH (State Bar No. 159483)
   jerome.roth@mto.com
28 MIRIAM KIM (State Bar No. 238230)
                              8

1      miriam.kim@mto.com
         MUNGER, TOLLES & OLSON LLP
2      560 Mission Street, Twenty-Seventh Floor
         San Francisco, California 94105-2907
3      Telephone: (415) 512-4000
         Facsimile: (415) 512-4077
4

5      BRAD D. BRIAN (SBN 079001)
         brad.brian@mto.com
6      WILLIAM D. TEMKO (SBN 098858)
         William.Temko@mto.com
7      GREGORY J. WEINGART (SBN 157997)
         gregory.weingart@mto.com
8      E. MARTIN ESTRADA (SBN 223802)
         martin.estrada@mto.com
9      MUNGER, TOLLES & OLSON LLP
         355 South Grand Avenue, Thirty-Fifth Floor
10     Los Angeles, CA 90071-1560
         Telephone: (213) 683-9100
11     Facsimile: (213) 687-3702

12

13     ROBERT E. FREITAS (SBN 80948)
         rfreitas@fawlaw.com
14     FREITAS ANGELL & WEINBERG LLP
         350 Marine Parkway, Suite 200
15     Redwood Shores, California 94065
         Telephone: (650) 593-6300
16     Facsimile: (650) 593-6301

17

18     *Attorneys for Defendant LG Electronics, Inc.*

19     WINSTON & STRAWN LLP
         By: */s/ Jeffrey L. Kessler*
20     JEFFREY L. KESSLER (*pro hac vice*)
         JKessler@winston.com
21     A. PAUL VICTOR (*pro hac vice*)
         PVictor@winston.com
22     ALDO A. BADINI (SBN 257086)
         ABadini@winston.com
23     EVA W. COLE (*pro hac vice*)
         EWCole@winston.com
24     MOLLY M. DONOVAN
         MMDonovan@winston.com
25     **WINSTON & STRAWN LLP**
         200 Park Avenue
26     New York, NY 10166
         Telephone: (212) 294-6700
27     Facsimile: (212) 294-4700

28     STEVEN A. REISS (*pro hac vice*)

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE
OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation*
*(f/k/a Matsushita Electric Industrial Co., Ltd.), MT*
*Picture Display Co., Ltd.*

**WHITE & CASE LLP**

By: _/s/ Lucius B. Lau_
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America Consumer*
*Products, LLC, Toshiba America Information*
*Systems, Inc., and Toshiba America Electronic*
*Components, Inc.*

SHEPPARD MULLIN RICHTER & HAMPTON
LLP

By: __/s/ James L. McGinnis__
James L. McGinnis, Esq.
Gary L. Halling, Esq.
Michael W. Scarborough, Esq.
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:  415-434-9100
Facsimile:  415-434-3947
ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE
OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

1

2
    *Counsel for Defendants Samsung SDI Co., Ltd.,*
*Samsung SDI America, Inc., Samsung SDI*
3
    *(Malaysia) SDN. BHD., Samsung SDI Mexico S.A.*
*de C.V., Samsung SDI Brasil Ltda., Shenzen*
4
    *Samsung SDI Co., Ltd., and Tianjin Samsung SDI*
*Co., Ltd.*
5

6

7
    Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this

8
document has been obtained from each of the above signatories.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE
OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY