Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

**REDACTED VERSION SOUGHT TO BE FILED UNDER SEAL**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**REPLY IN SUPPORT OF MITSUBISHI ELECTRIC'S MOTIONS *IN LIMINE* NOS. 1-3**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Judge:  Hon. Samuel P. Conti<br>Court:  Courtroom 1, 17th Floor<br>Date:    None Set |
| This Document Relates to:<br><br>*All Indirect Purchaser Actions*<br><br>*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173;<br><br>*Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs. N.V., et al.*, No. 13-cv-02776;<br><br>*Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Best Buy Co., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;

*Best Buy Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, et al.*, No. 13-cv-05262;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-cv-02510.

**TABLE OF CONTENTS**

I. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 1 SHOULD BE GRANTED AND THE SDI INTERROGATORY RESPONSE SHOULD NOT BE ADMITTED AGAINST MITSUBISHI ELECTRIC. ....................................................................................1

   A. DAPs Do Not Dispute That The SDI Response Is Inadmissible Hearsay Not Subject To Any Hearsay Exception. ...................................................................................1

   B. DAPs Do Not Dispute That The SDI Response Is Not Based On Personal Knowledge And Bears No Indicia Of Reliability. .............................................................3

   C. The SDI Response Is Inadmissible Under Rule 403............................................................4

II. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 2 SHOULD BE GRANTED AND ALL DEPOSITION TESTIMONY TAKEN BEFORE MITSUBISHI ELECTRIC WAS NAMED A DEFENDANT SHOULD NOT BE ADMITTED AGAINST MITSUBISHI ELECTRIC. .......................................................................................5

   A. The Case Management Order Does Not Permit The Admission Of Deposition Testimony That Does Not Satisfy Federal Rule Of Evidence 804(b)(1).............................5

   B. Mitsubishi Electric's Co-Defendants Are Not Its "Predecessors In Interest." ....................7

III. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3 SHOULD BE GRANTED AND ALL REFERENCES TO ANY PARTY'S EIAJ ACTIVITIES SHOULD BE EXCLUDED. ..............................................................................................................................8

CONCLUSION................................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Affinity Labs. of Tex., LLC v. Apple, Inc.*,
    2011 U.S. Dist. LEXIS 9718 (N.D. Cal. Jan. 24, 2011) ............................................................7

*Costco Wholesale Corp. v. AU Optronics Corp.*,
    2014 U.S. Dist. LEXIS 132145 (W.D. Wash. Sept. 18, 2014) .................................................8

*Garside v. Osco Drug, Inc.*,
    895 F.2d 46 (1st Cir. 1990) ......................................................................................................4

*HTC Corp. v. Tech. Props.*,
    2013 U.S. Dist. LEXIS 129263 (N.D. Cal. Sept. 6, 2013) ......................................................11

*Hynix Semiconductor, Inc. v. Rambus, Inc.*,
    250 F.R.D. 452 (N.D. Cal. 2008) .............................................................................................6

*In re Screws Antitrust Litig.*,
    526 F. Supp. 1316 (D. Mass. 1981) .........................................................................................8

*S & S Logging Co. v. Barker*,
    366 F.2d. 617 (9th Cir. 1966) ..................................................................................................4

*United States v. Blakey*,
    960 F.2d 996 (11th Cir. 1992) .................................................................................................8

*Zenith Radio Corp. v. Matsushita Elec. Indus., Co.*,
    505 F. Supp. 1190 (E.D. Pa. 1980), *rev'd on other grounds*, 723 F.2d 238 (3d Cir.
    1983) ........................................................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Evid. 801(d)((2)(E) ................................................................................................................8

Fed. R. Evid. 804(b)(1) ...........................................................................................................5, 6, 7

Michael H. Graham, *Modern State and Federal Evidence: A Comprehensive Reference
    Text* 78 (National Institute of Trial Advocacy 1989) ..............................................................3

Fed. R. Civ. P. Rule 30(b)(6) ..............................................................................................1, 2, 11

Fed. R. Evid. Rule 403 ...............................................................................................4, 5, 10, 11

Fed. R. Evid. Rule 404(b) ...............................................................................................9, 10

Sixth Amendment ........................................................................................................................3

Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi Electric"), moved to bar evidence and argument on the following topics:

- **Motion in Limine No. 1** – the interrogatory answer of Samsung SDI Co., Ltd. against Mitsubishi Electric (Ex. 1, hereinafter, "the SDI Response");

- **Motion in Limine No. 2** – deposition testimony predating September 26, 2013 against Mitsubishi Electric ; and

- **Motion in Limine No. 3** – any party's participation in the Electronic Industries Association of Japan (the "EIAJ"), or exchanges of production information between participants in the EIAJ.

Mitsubishi Electric submits this Reply in further support of Mitsubishi Electric's Motions in Limine Nos. 1-3. For the reasons set forth below, and in Mitsubishi Electric's opening brief (Dkt. 3601), Mitsubishi Electric's motions in limine should be granted in their entirety.

## I. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 1 SHOULD BE GRANTED AND THE SDI INTERROGATORY RESPONSE SHOULD NOT BE ADMITTED AGAINST MITSUBISHI ELECTRIC.

In its Motion in Limine No. 1, Mitsubishi Electric established that the Samsung SDI Response should be excluded because it is inadmissible hearsay, not based on personal knowledge, nor supported by any corroborating evidence or supporting testimony, and poses a risk of unfair prejudice that far exceeds its nominal probative value.

### A. DAPs Do Not Dispute That The SDI Response Is Inadmissible Hearsay Not Subject To Any Hearsay Exception.

The Direct Action Plaintiffs ("DAPs") do not deny the SDI Response is hearsay, nor do they argue it is subject to a hearsay exception. Rather, they contend this Court should ignore the Federal Rules of Evidence "[t]o do justice" to the Special Master's order denying DAPs' request to conduct a Rule 30(b)(6) deposition of SDI. (DAPs' Response in Opposition to Mitsubishi Electric's Motions in Limine Nos. 1-3 ("Opp.") at 3.) The DAPs assert that the Special Master's

1  order constituted a tacit ruling that the SDI Response "must be usable to DAPs in the same way

2  that a Rule 30(b)(6) deposition of Samsung SDI would be." (*Id*. at 3.) The DAPs' argument is

3  incorrect.

4  First, the DAPs' argument finds no support in the Special Master's ruling. Among the

5  many reasons for rejecting DAPs' Rule 30(b)(6) deposition request, the Special Master found

6  that a Rule 30(b)(6) deposition of SDI would be needlessly duplicative of "SDI's prior discovery

7  responses," which "adequately supplied the information that a FRCP 30(b)(6) deposition would

8  furnish." (Opp. Ex. B, Sept. 15, 2014 Interim Order of the Special Master at 4.) This statement

9  did not suggest that the SDI Response – let alone, all of "SDI's prior discovery responses" –

10 should be admissible, as that issue was not before the Special Master. The Special Master only

11 decided a motion requesting an additional deposition, and narrowly ruled that a Rule 30(b)(6)

12 deposition would be duplicative discovery. Had the Special Master intended to rule on

13 admissibility, an issue not before him, he would have done so expressly, rather than "suggesting"

14 it, as DAPs now contend.

15 Second, the DAPs' argument ignores that the DAPs themselves recognized the many

16 evidentiary defects in the SDI Response. [redacted]

17 [redacted]

18 [redacted]

19 [redacted]

20 [redacted]

21

22

23

24

25

26

27

28

1
2
3

[redacted]

4  The DAPs' statements underscore the complete lack of reliability of the SDI Response, and
5  demonstrate why the Court should not admit wholly inadmissible hearsay statements in which
6  one CRT producer asserts that another participated in a conspiracy.  The DAPs cannot seek to
7  admit the SDI Response as trial evidence after they so emphatically told the Court that the
8  statements in the SDI Response were not credible, and were inadmissible.

9   **B.    DAPs Do Not Dispute That The SDI Response Is Not Based On Personal Knowledge And Bears No Indicia Of Reliability.**
10

11  Mitsubishi Electric established in its Motion in Limine that in addition to being
12  inadmissible hearsay, the SDI Response should also be excluded because it is not based on
13  personal knowledge, and the discovery record in this case contains no evidence corroborating the
14  statements about Mitsubishi Electric in the SDI Response.  In opposition, DAPs refer to the Sixth
15  Amendment right of confrontation and assert that "[o]nly in criminal actions are defendants
16  guaranteed the right to cross-examine declarants before their out-of-court statements may be
17  admitted."  (Opp. at 3-4.)  In so arguing, the DAPs miss the doctrinal underpinning of the
18  hearsay rule:

19
20
21
22

> Hearsay is excluded on the ground that the trier of fact is not in a position to assess the accuracy of the statement, and with it the weight to be assigned to the matter asserted as true in the out-of-court statement: the hearsay statement was not made by the witness under oath, in the presence of the trier of fact observing the witness' demeanor, ***subject to contemporaneous cross-examination.***

23  Michael H. Graham, *Modern State and Federal Evidence:  A Comprehensive Reference Text* 78
24  (National Institute of Trial Advocacy 1989) (emphasis added).

25  While the DAPs are correct that the Confrontation Clause applies in criminal cases, they
26  fail to respond to Mitsubishi Electric's reasoning why the SDI Response is inadmissible.  The
27  Confrontation Clause serves to provide a useful illustration of the utter unreliability of the
28  hearsay statements, such as those in the SDI Response, as well as the patent unfairness in

allowing Mitsubishi Electric's jury to hear them. The SDI Response should be excluded because it is "accorded no probative force where [it is] not based upon personal knowledge." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 49 (1st Cir. 1990) (party "cannot expect the court, in considering answers to interrogatories, to give weight to averments not made upon personal knowledge or those which are in a form patently inadmissible at trial.").

[redacted] The SDI Response presents a textbook case for exclusion under the hearsay rule.

### C.   The SDI Response Is Inadmissible Under Rule 403.

[redacted]

---

[1] The fact that the verification to the SDI Response is "sworn" is of no consequence in light of the fact that it is not based on personal knowledge. *See S & S Logging Co. v. Barker,* 366 F.2d. 617, 624 n.7 (9th Cir. 1966) ("The [interrogatory] answers here in question were sworn to but are wholly insufficient because there is a complete failure to show that the person answering had personal knowledge or was competent to testify to any of the matters stated.")


1   ▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰
2   ▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰

The "probative value" of the SDI Response, in the sense that term is used in the Rules of Evidence, including Rule 403, is quite low here, given that the statements in the SDI Response is hearsay, there is no corroboration for the statements, and no witnesses who would testify from personal knowledge about them. ▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰ The DAPs seek to imply that, at the very least, Mitsubishi Electric is guilty by association. Admission of the SDI Response could not be more unfair.

## II. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 2 SHOULD BE GRANTED AND ALL DEPOSITION TESTIMONY TAKEN BEFORE MITSUBISHI ELECTRIC WAS NAMED A DEFENDANT SHOULD NOT BE ADMITTED AGAINST MITSUBISHI ELECTRIC.

### A. The Case Management Order Does Not Permit The Admission Of Deposition Testimony That Does Not Satisfy Federal Rule Of Evidence 804(b)(1).

The DAPs' argue that Section XIV of this Court's Order re Discovery and Case Management Protocol, (Dkt. 1128 (the "Order")), forecloses Mitsubishi Electric from asserting its rights under Federal Rule of Evidence 804(b)(1). The DAPs' argument misses the mark.

First, the Order does not address the use of prior deposition testimony against newly added parties, and therefore does not bar the operation of a fundamental rule of evidence. Section XIV of the Order states that "[t]he depositions taken by any Party pursuant to this Deposition Protocol may be made available and used in all CRT Cases" and that "[a] witness may not be deposed again on the topics addressed in the deposition." (Order at 13). Section XIV allows the parties to cross-use depositions in the MDL so that each plaintiff would not have to repeat the same questioning, but the Order says nothing about using prior deposition testimony against defendants who were not present for those depositions, had no notice of them, and thus had no opportunity to cross-examine. The DAPs fail to identify any portion of the Order that provides depositions could be offered in evidence or used at trial, in derogation of Rule 804(b)(1), against parties added to the case after the adoption of the Order.

1  Had the Court or the then-existing parties wished to address this issue, they could have sought to do so. The Manual for Complex Litigation, which the DAPs cite, supports this point. The Manual explains that "[t]he pretrial order may state that all previously taken depositions will be deemed binding on new parties unless, *within a specific period after their appearance in the litigation*, the new parties show cause to the contrary." Federal Judicial Center, Manual for Complex Litigation Fourth § 11.453 (emphasis added). A sample case management order in the Manual for Complex Litigation provides further support for Mitsubishi Electric's point. The sample order explicitly states that prior depositions may be used against later-added parties "who fail[] to show just cause why such deposition should not be usable" within a specified time period. *Id.* § 40.29 at 760. Here, no similar provisions exists.

Absent any provision in the Order, there is no reason to assume that this Court intended to limit parties' rights under the Federal Rules of Evidence. In fact, Section XVII of the Order clarifies that the parties do not "waive[] . . . any defense or right not specifically addressed [in the Order]." (Order at 19.) Mitsubishi Electric agrees that the Order attempted to alleviate case management problems by allowing parties to cross-use depositions in the MDL. But it is clear that the Order did not abrogate a newly added party's right to object to the admission of prior deposition testimony under the Federal Rules of Evidence.

Second, the DAPs' argument that Mitsubishi Electric is somehow precluded from invoking Rule 804(b)(1) or has somehow "lain behind the log," (Opp. at 10), is meritless. The DAPs cite *Hynix Semiconductor, Inc. v. Rambus, Inc.*, 250 F.R.D. 452 (N.D. Cal. 2008), but in *Hynix*, the Court refused to grant plaintiffs' motion to exclude prior deposition testimony, in part because plaintiffs had not been diligent in requesting relief from the case management order. The plaintiffs first objected after they had rested their case at trial. *Id.* At 457. The court clarified that "to be sure, had the [Plaintiffs] voiced their concerns at any point during discovery, or apprised the court of their concern before trial began, the issue could have been addressed." *Id.* at 458. In contrast, here, Mitsubishi Electric timely raised the issue in advance of trial in its

1  Motion in Limine No. 2, and that trial now has been postponed to a date to be scheduled not
2  before August 7, 2015, five months from now.

3        The DAPs' assertion that the Court might have allowed Mitsubishi Electric to re-open
4  depositions if it had requested relief sooner is also of no avail.  A court in this district clarified
5  after *Hynix* that "[i]t is irrelevant that discovery would allow for subsequent examination of the
6  witness in a civil action because the rule itself requires that the opportunity have existed with
7  respect to the testimony that the proponent seeks to admit." *Affinity Labs. of Tex., LLC v. Apple,*
8  *Inc.*, 2011 U.S. Dist. LEXIS 9718, at *5 (N.D. Cal. Jan. 24, 2011).  That is precisely the point
9  here:  Rule 804(b)(1) requires that Mitsubishi Electric have the opportunity to cross-examine at
10 the time of the testimony.  As to the depositions in question, it never did.  The DAPs' attempt to
11 claim that Mitsubishi Electric somehow forfeited its ability to invoke an important rule of
12 evidence should be dismissed out of hand.

13     **B.**    **Mitsubishi Electric's Co-Defendants Are Not Its "Predecessors In Interest."**

14       Mitsubishi Electric's co-defendants are not its predecessors in interest under Rule
15 804(b)(1).  As numerous courts have held, a common motive to deny the alleged conspiracy (as
16 DAPs claim existed here) is not enough to make an alleged co-conspirator a predecessor in
17 interest.  *See Zenith Radio Corp. v. Matsushita Elec. Indus., Co.*, 505 F. Supp. 1190, 1292 (E.D.
18 Pa. 1980), *rev'd on other grounds*, 723 F.2d 238, 285 (3d Cir. 1983), is directly on point.  In
19 *Zenith*, the court agreed with the defendants that alleged co-conspirators could not qualify as
20 predecessors in interest.  The court stated:

21  > The six respondents had no motive to inquire about the participation of
22  > their present co-defendants in the conspiracy charged by the JFTC. To
     > permit the testimony into evidence against the eighteen co-defendants
23  > would be to risk unfair prejudice to them merely because the plaintiffs
     > have joined them with the six JFTC respondents in the present litigation.
24  > Apart from the allegation of conspiracy, there is no evidence of a
     > 'community of interest' between the six respondents in the JFTC
25  > proceedings and the eighteen defendants in this case.

26 *Id.*

27
28

The holding and reasoning in *Zenith* apply equally well here.  Mitsubishi Electric's co-defendants had "no motive to inquire" about Mitsubishi Electric's participation in the alleged conspiracy.  That, by itself, is enough to foreclose the predecessor in interest exception.  *See also Costco Wholesale Corp. v. AU Optronics Corp.*, 2014 U.S. Dist. LEXIS 132145, at *23 (W.D. Wash. Sept. 18, 2014) ("the bare fact that plaintiffs . . . also wished to hold Defendants or their conspirators liable for price fixing is not nearly enough to establish applicability of [the predecessor in interest] exception"); *In re Screws Antitrust Litig.*, 526 F. Supp. 1316, 1319 (D. Mass. 1981) (in area of antitrust, "a defendant in a criminal trial may be motivated in its defense to protect itself against liability by implicating other defendants" and " it would be against [Rule 804(b)(1)'s] plain language and meaning . . . to find . . . that earlier criminal defendants were 'predecessors in interest' of later civil defendants.").  The DAPs' argument that Mitsubishi Electric's co-defendants were its "predecessors in interest" under the rule is contrary to the weight of authority.[2]

### III. MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3 SHOULD BE GRANTED AND ALL REFERENCES TO ANY PARTY'S EIAJ ACTIVITIES SHOULD BE EXCLUDED.[3]

In Motion in Limine No. 3, Mitsubishi Electric demonstrated that reference to any party's participation in the Electronic Industries Association of Japan (the "EIAJ"), a Japanese trade organization, is inadmissible propensity evidence that should be excluded from trial under both

---

[2] Mitsubishi Electric's position is consistent with the co-conspirator hearsay rule, which permits statements made "during and in furtherance of the conspiracy," but not statements made after the conspiracy has concluded.  The drafters of the rule recognize that once the matter is in litigation, even alleged co-conspirators have inconsistent interests, such that they may no longer be implicated by each others' actions or statements.  Fed. R. Evid. 801(d)(2)(E); *United States v. Blakey*, 960 F.2d 996, 998-99 (11th Cir. 1992) (holding that statements intended to shift blame to co-conspirators do not meet Rule 801(d)(2)(E)'s "in furtherance" requirement because "at the time the statement was made, the coconspirator had every incentive to point the finger at the defendant in order to shift the focus of the investigation away from himself.").

[3] Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi Asia, Ltd. and Panasonic Corporation, MT Picture Display Co., Ltd., and Panasonic Corporation of North America also joined in Mitsubishi Electric's Motion in Limine No. 3, (Dkt. 3601), and also join in this Reply in Support of Mitsubishi Electric's Motion in Limine No. 3.

1    Rule 404(b) and Rule 403. The DAPs' response offers no ground on which this evidence could
2    be admitted.
3        Rule 404(b)'s prohibition of inadmissible character or propensity evidence does not
4    become inapplicable because, as DAPs argue, ███████████████████████████████████
5    ████████████████████████████████████████████████████████████████████████████
6    ██████████████████ Taken to its logical conclusion, this argument is no more than a claim
7    that because Mitsubishi Electric allegedly did it before, it must have done it this time – and that
8    is pure propensity evidence. ████████████████████████████████████████████████
9    ████████████████████████████████████████████████████████████████████████████
10   ████████████████████████████████████████████████████████████████████████████
11   despite no evidence whatsoever to support that claim. Mitsubishi Electric is not sure what that
12   argument can mean, except that it sounds like a transparent attempt to manufacture a ground for
13   the admission of propensity evidence. Whatever DAPs' "context" argument is, it is not identity,
14   motive, lack of mistake or accident, or any of the grounds recognized for admission of "other
15   acts" evidence under Rule 404(b). The DAPs' purpose obviously is to suggest to this jury that a
16   party involved in EIAJ meetings was more likely to be involved in the separate alleged Glass
17   Meeting conspiracy. That is the very definition of inadmissible propensity evidence.
18       The DAPs then try an end run around the rule by arguing that if the EIAJ meetings were
19   lawful, then Mitsubishi Electric would not need to be concerned about jurors drawing negative
20   inferences about its propensity to engage in unlawful conduct – but the "lawfulness" of the other
21   acts evidence has nothing to do with how Rule 404(b) operates. Put simply, the Rule bars the
22   DAPs from offering evidence of some other act the DAPs claim is wrongful (i.e., Mitsubishi
23   Electric's having met with other Japanese CRT makers at EIAJ meetings) to prove that
24   Mitsubishi Electric participated in the alleged Glass Meetings conspiracy that is at the heart of
25   the complaint here. Virtually all propensity evidence, if "lawful," might be less likely to
26   generate a "negative view" of the party against whom it is offered, but Rule 404(b) bars
27   propensity evidence because its very nature is to suggest that the party acted badly in accordance
28

with its bad "character" as shown by the other act. Here, the DAPs will not advise the jury that the EIAJ meetings were "lawful." They will point to the EIAJ meetings as evidence that Mitsubishi Electric conspired with other Japan-based CRT manufacturers (though the connection between that alleged conspiracy and the alleged Glass Meetings conspiracy will not be established by any evidence now in the discovery record) and argue or imply that the jury should conclude from the EIAJ evidence that Mitsubishi Electric and other Japan-based defendants joined the alleged Glass Meetings conspiracy.[4]

Admitting the EIAJ evidence on the grounds asserted by the DAPs would reduce Rule 404(b) to a nullity. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rule 404(b) exists to insulate juries from the type of evidence that could too easily serve as a substitute for determining what "actually happened." Fed. R. Evid. 404(b) Advisory Committee Note ("Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion.") The DAPs' response to Motion in Limine No. 3 has made clear that the DAPs are offering the EIAJ evidence to show propensity, or that propensity is the impermissible inference the jury inevitably would draw from the evidence. Accordingly, the EIAJ evidence is inadmissible under Rule 404(b), and should be excluded.

The EIAJ evidence should also be excluded under Rule 403. In their opposition, the DAPs argue that evidence of any party's participation in EIAJ meetings would not be unfairly prejudicial because if the meetings are not connected to the alleged Glass Meetings conspiracy –

---

[4] The DAPs already have done so. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  and there is no record evidence or testimony to suggest such a connection exists – "Mitsubishi
2  Electric should have no difficulty demonstrating through examination that the EIAJ meetings are
3  not connected to the conspiracy alleged." (Opp. at 15.)  In other words, the DAPs are asking the
4  Court to admit the propensity evidence because Mitsubishi Electric and the other Japanese
5  defendants would somehow have an opportunity to argue against the impermissible inference.
6  That argument misses both the point and the purpose of Rule 403, which is to exclude evidence
7  when there is a "*risk* of unfair prejudice." *See, e.g., HTC Corp. v. Tech. Props.*, 2013 U.S. Dist.
8  LEXIS 129263, at *6 (N.D. Cal. Sept. 6, 2013) (emphasis added).

9  [redacted]
10 [redacted]
11 [redacted]
12 [redacted]
13 [redacted]
14 [redacted]
15 [redacted] With the probative value
16 of this evidence so low, the risk of unfair prejudice from the inference of Mitsubishi Electric's
17 propensity to have conspired to fix prices – because Mitsubishi Electric and the other Japan-
18 based defendants had met with each other before – *substantially* outweighs any probative value
19 of the EIAJ evidence, which should be excluded under Rule 403.

20                                    **CONCLUSION**
21        For all of the above reasons, and all the reasons set forth in Mitsubishi Electric's opening
22 brief, Mitsubishi Electric's Motions in Limine Nos. 1-3, (Dkt. 3601), should be granted.

| | | |
|---|---|---|
| 1 | DATED:  March 6, 2015 | **JENNER & BLOCK LLP** |
| 2 | | By: /s/ *Terrence J. Truax* |
| 3 | | JENNER & BLOCK LLP |
| | | Terrence J. Truax (*pro hac vice*) |
| 4 | | Michael T. Brody (*pro hac vice*) |
| 5 | | Gabriel A. Fuentes (*pro hac vice*) |
| | | 353 North Clark Street |
| 6 | | Chicago, Illinois 60654-3456 |
| 7 | | Telephone: (312) 222-9350 |
| | | Facsimile: (312) 527-0484 |
| 8 | | ttruax@jenner.com |
| | | mbrody@jenner.com |
| 9 | | gfuentes@jenner.com |
| 10 | | Brent Caslin (Cal. Bar. No. 198682) |
| | | JENNER & BLOCK LLP |
| 11 | | 633 West Fifth Street, Suite 3600 |
| | | Los Angeles, California 90071 |
| 12 | | Telephone: (213) 239-5100 |
| 13 | | Facsimile: (213) 239-5199 |
| | | bcaslin@jenner.com |
| 14 | | |
| 15 | | *Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.* |
| 16 | | |
| 17 | | **WINSTON & STRAWN LLP** |
| 18 | | By: /s/ *Jeffrey L. Kessler* |
| 19 | | JEFFREY L. KESSLER (*pro hac vice*) |
| 20 | | Email: JKessler@winston.com |
| | | ALDO A. BADINI (SBN 257086) |
| 21 | | Email: ABadini@winston.com |
| | | EVA W. COLE (*pro hac vice*) |
| 22 | | Email: EWCole@winston.com |
| | | MOLLY M. DONOVAN (*pro hac vice*) |
| 23 | | Email: MMDonovan@winston.com |
| | | **WINSTON & STRAWN LLP** |
| 24 | | 200 Park Avenue |
| | | New York, NY 10166 |
| 25 | | Telephone: (212) 294-6700 |
| | | Facsimile: (212) 294-4700 |
| 26 | | |
| 27 | | STEVEN A. REISS (*pro hac vice*) |
| | | Email: steven.reiss@weil.com |
| 28 | | DAVID L. YOHAI (*pro hac vice*) |
| | | Email: david.yohai@weil.com |

ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*
(***JOINING ONLY MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3, AND IN THE REPLY IN SUPPORT OF MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3***)

**KIRKLAND & ELLIS LLP**

By:   */s/ Eliot A. Adelson*
Eliot A. Adelson
James Maxwell Cooper
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

*Attorneys for Defendants Hitachi, Ltd.,*
*Hitachi Displays, Ltd. (n/k/a Japan Display Inc.),*
*Hitachi America, Ltd., Hitachi Asia, Ltd., and*
*Hitachi Electronic Devices (USA), Inc.*
(***JOINING ONLY MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3, AND IN THE REPLY IN SUPPORT OF MITSUBISHI ELECTRIC'S MOTION IN LIMINE NO. 3***)