Jon V. Swenson (SBN 233054)
BAKER BOTTS LLP
620 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
Email: jon.swenson@bakerbotts.com

John M. Taladay (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com
Email: charles.malaise@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation*

Additional Counsel on Signature Page

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates to:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.,* No. 13-cv-01173; | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:     None set<br>Time:     10:00 a.m.<br>Place:    Courtroom No. 1<br><br>Hon. Samuel Conti |

25931914.2

*Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.,* No. 13-cv-2776 SC;

*Target Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514

*Target Corp. v. Technicolor SA,* No. 13-cv-05686.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

25931914.2                                                           i

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1
II. ARGUMENT ................................................................................................................... 1
    A. Sharp's overbroad allegations do not dictate what is admissible at trial .................................................................................................................... 1
    B. Sharp's expert, Dr. Hausman, undermines any claim as to the relevance of CDTs ............................................................................................... 3
    C. The cases Sharp relies upon are inapposite ..................................................... 4
    D. Sharp misconstrues Defendants' request to exclude irrelevant evidence ............................................................................................................ 5
III. CONCLUSION ............................................................................................................... 6

25931914.2

i

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ................................................................................................................ 2

*In re Vitamins Antitrust Litigation*,
  209 F.R.D. 251 (D.D.C. 2002) ................................................................................................ 4

*Univac Dental Company v. Dentsply International, Inc.*,
  268 F.R.D. 190 (M.D. Pa. 2010) ......................................................................................... *4, 5*

*Whited v. Motorists Mut. Ins. Co.*,
  No. 08-10653, 2009 WL 1406632 (E.D. Mich. May 19, 2009) .............................................. 3

**OTHER AUTHORITIES**

Fed. R. Evid. 401 ............................................................................................................................ 1

Fed. R. Evid. 404(b) ....................................................................................................................... 4

25931914.2

ii

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

## I. INTRODUCTION

Defendants' motion in Limine #10 seeks to exclude Sharp[1] from introducing at trial evidence that relates exclusively to any alleged color display tube ("CDT") conspiracy. In its opposition, Sharp fails to demonstrate how evidence that solely relates to any alleged CDT conspiracy is relevant to its claims that relate solely to color picture tubes ("CPTs"), or why that evidence should be admitted at trial. Sharp does not deny that it brings no claims relating to CDTs. Instead, Sharp spends most of the opposition wrongfully accusing Defendants of "improperly re-characterizing" its allegations. Sharp's opposition also evades the clear testimony of its own expert Dr. Hausman's analysis of Sharp's claim and alleged damages. None of these protestations alter the fact that Sharp seeks to use evidence that is wholly irrelevant to its CPT claim, and the probative value of that evidence is substantially outweighed by the danger of confusing the issues and fostering undue delay. The Court should grant Defendants' motion to exclude Sharp from introducing any evidence that solely relates to an alleged CDT conspiracy.

## II. ARGUMENT

### A. Sharp's overbroad allegations do not dictate what is admissible at trial

Defendants do not dispute that Sharp pled that there was a single CRT conspiracy. Defendants, instead, contend that Sharp's complaint is not the litmus test of admissibility at trial.

---

[1] Although Defendants' motion *in limine* focuses mainly on Sharp and the fact that its purchases were limited to CPTs alone, the reasoning therein applies equally to any Plaintiff that bought only one type of CRT products. Such a Plaintiff should not be allowed to introduce evidence wholly irrelevant to their damages. Both Target and Kmart purchased only CPT finished products (rather than both CPT and CDT finished products). *See* Ex. 1 to the Declaration of Tiffany B. Gelott in Support of Joint Defense Reply In Support Of Motion In Limine #10 - Motion To Exclude Evidence Of Any Alleged CDT Price-Fixing Conspiracy ("Gelott Decl."), the Expert Report of Alan S. Frankel, dated April 15, 2014, regarding Sears and Kmart, Exhibits 17c, 20a; Ex. 2 to the Gelott Decl., the Expert Report of Alan S. Frankel, dated April 15, 2014, regarding Target, Exhibits 17, 20. Federal law dictates, then, that both Target and Kmart should be excluded from presenting evidence that pertains solely to CDTs or finished products containing CDTs, as it is irrelevant to their cases and more prejudicial than probative. *See* Joint Defense Motion *in Limine* No. 10, February 13, 2015, pp.2-4. Additionally, the jury should be given a limiting instruction that any evidence pertaining solely to CDTs or CDT finished products introduced by Kmart and Sears' joint counsel should be construed only as to Sears and not as to Kmart.

1  The mere fact that Sharp's complaint alleges a single CRT conspiracy does not control whether
2  Sharp can introduce evidence that solely relates to CDTs or CDT Products, neither of which
3  Sharp itself purchased.  Rather, evidence is only admissible at trial if it has "any tendency to
4  make a fact more or less probable" and "the fact is of consequence in determining the action."
5  Fed. R. Evid. 401.

6  Although Sharp alleged that there was a single CRT conspiracy, it never claimed any injury
7  related to CDTs or demonstrated the relevance of CDTs to the injury it claims.  Rather, a review
8  of Sharp's complaint—filed almost two years ago—demonstrates that Sharp framed its claim so
9  broadly that it neglected to specify even basic facts that Sharp knew at that time it filed its
10 complaint.   For example, in its complaint Sharp alleged that it purchased CRT Products but never
11 alleged that it purchased CRTs themselves, and solely CPTs, as Sharp clearly knew.[2]

12 Of course, Sharp could not have been expected to know all relevant facts then, given that it
13 filed the original complaint before conducting discovery, a process which generally serves "to
14 narrow and clarify the basic issues between the parties, and . . . ascertain[] the facts."[3]  But after
15 years of extensive discovery including millions of pages of documents, hundreds of depositions,
16 and several rounds of expert reports, the record has developed extensively and, in that course of
17 events, Sharp has expressly narrowed the scope of its claim.  Sharp's own interrogatory responses
18 and expert report reflect the admission of a more narrow claim that does not include CDTs.
19 Sharp conceded that "███████████████████████████████████████████
20 ██████████████████████████████████████."[4]  Therefore, Sharp cannot claim
21 that the allegations within its complaint accurately convey the current scope of its claim and the

---

[2] See generally Sharp Second Am. Compl. MDL Dkt. No. 2621.

[3] Hickman v. Taylor, 329 U.S. 495, 501(1947).

[4] Ex. 3 to the Gelott Decl., Sharp's First Set of Interrogatories (February 26, 2014), pg. 16, Response to Interrogatory No. 12.  Contrast this, for example, ███████████████████████████████████████████████████████████████████████████████████████████████████████████ See Ex. 4 to the Gelott Decl., Deposition of Jerry Hausman, July 23, 2014, at 232:15-233:13, 236:116-238:4 ("████████████████████████████████████████

facts that are admissible at trial in support of that claim.[5]

### B. Sharp's expert, Dr. Hausman, undermines any claim as to the relevance of CDTs

Sharp argues that Defendants both "improperly re-characterize the plaintiffs' allegations" and "seek to exclude evidence on the basis that they do not agree with those allegations," but these arguments are no more than red herrings. Opp at 1-2. Sharp's early sweeping allegation of a single CRT conspiracy is unmade by the detailed report of its expert, Dr. Hausman, who—based on instructions of Sharp's counsel—framed Sharp's claims and damages solely within the context of CPTs and CPT Finished Products.[6] Therefore, in moving to exclude evidence that solely relates to CDTs, Defendants only are directly reflecting Sharp's own formulation of its claims, as communicated by their expert, Dr. Hausman. This is reinforced by Dr. Hausman's assessment of potential damages as solely relating to CPTs, not CDTs.

The limited references to CDTs within Dr. Hausman's expert report all run in one direction: they emphasize that any evidence regarding the alleged CDT conspiracy is irrelevant to Sharp's claim and the determination of whether Sharp is entitled to any damages. Indeed, within his report, Dr. Hausman only addresses CDTs twice—███████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████"[7] Thus, contrary to Sharp's argument, "evidence regarding Defendants' misconduct with respect to CDTs" is **not** "evidence of the very conspiracy Sharp alleged." Opp. at 6. It is instead evidence relating to a product that has no relevance to Sharp's injury. The sole use of CDT evidence, therefore, would

---

[5] *See Whited v. Motorists Mut. Ins. Co.*, No. 08-10653, 2009 WL 1406632, at *3 (E.D. Mich. May 19, 2009) ("Properly conducted, discovery narrows and clarifies issues in dispute.").

[6] Ex. 5 to the Gelott Decl., Expert Report of Jerry Hausman, dated April 15, 2014 ("Hausman Report"), at ¶5 ████████████████████████████████████████████████████████████████ ████████████████████████

[7] *Id.* at ¶12 (emphasis added).

1  be to show "other bad acts" to imply that Defendants behaved similarly in the alleged CPT

2  conspiracy. *See* Fed. R. Evid. 404(b). Such evidence is not admissible and should be excluded.

### C. The cases Sharp relies upon are inapposite

In an effort to establish the relevance of any CDT evidence, Sharp relies on both *In re Vitamins Antitrust Litigation* ("In re Vitamins")[8] and *Univac Dental Company v. Dentsply International, Inc.* ("Univac").[9] Both cases are inapposite and should not govern the Court's ruling on Defendants' motion.

*In re Vitamins* is inapposite for several reasons. First, *In re Vitamins* concerns a class of direct purchaser plaintiffs, some of whom claimed injury relating to all products in the class, while this motion concerns one Plaintiff group, Sharp, which does not claim injury related to CDTs.[10] Second, the members of the Vitamin Products Class alleged a single conspiracy to fix the prices of multiple vitamins and vitamin products, but they did not all purchase one type of or the same vitamin. Members of the Vitamin Product class were comprised of "all person or entities who directly purchased vitamins A, C, E, B1, B2, B3, B5, B6, B12, H, beta carotene, astaxanthin, canthaxanthin, and/or vitamin premixes for delivery in the United States."[11] Sharp, on the other hand, alleged a single CRT conspiracy, but it only purchased and is only seeking damages for one type of CRT, CPTs. Therefore, the "court's rejection of defendants attempting to divide the single vitamin products conspiracies into multiple separate conspiracies" in *In re Vitamins* should have no bearing on Defendants' argument here.[12] Note that defendants here do not seek to apply this motion to the DPP or IPP classes because the same relevance factors do not apply to the class setting where some class members claim injury for CDT products. Thus, *In re Vitamins* is of no relevance here.

Sharp's reliance on *Univac* is also misplaced. In *Univac*, the Court refused to exclude

---

[8] 209 F.R.D. 251 (D.D.C. 2002).

[9] 268 F.R.D. 190 (M.D. Pa. 2010).

[10] 209 F.R.D. 251 (D.D.C. 2002).

[11] *Id.* at 256.

[12] Opp. at 3, citing *In re Vitamins,* 209 F.R.D. at 265.

4

JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

evidence that related to the actual product that the plaintiffs purchased, dentures. Thus, the evidence at issue ran to the scope of the alleged practices as they related to the products the plaintiff *actually purchased*, not to products that were irrelevant to the plaintiffs' claim, as CDTs are irrelevant to Sharp's claim.[13] The ruling in *Univac* should not govern Defendants' request to now exclude evidence regarding products that Sharp never purchased.

### D. Sharp misconstrues Defendants' request to exclude irrelevant evidence

Finally, Sharp exaggerates the scope of Defendants' motion. Defendants do not seek to exclude all evidence containing any reference to CDTs from trial, but rather seek to prevent Sharp from introducing evidence that relates *exclusively* to CDTs rather than CPTs. Indeed, Defendants recognize that Sharp intends to provide evidence, such as Sharp's Exhibits A- L,[14] that discuss both CPTs and CDTs, and Defendants do not seek to exclude those documents here. But the fact that Sharp intends to offer some documents that mention both CPTs and CDTs does not justify the wholesale introduction by Sharp of evidence wholly unrelated to the product for which it actually seeks damages: CPTs.[15]

While Sharp identified documents that may require scrutiny before they are admitted at trial, there are *hundreds* of documents that solely relate to CDTs and should be excluded with regard to Sharp. For example, Sharp should be precluded from introducing the SDI Plea Agreement because it only covers a small subset of CDTs—not CPTs.[16] In addition, Sharp's exhibit list contains many other documents that only discuss or pertain solely to CDTs and/or

---

[13] *Id.*

[14] *See* Exhibits A-L to the Declaration of Craig A. Benson in Support of Plaintiffs Sharp Electronics Corporation & Sharp Electronics Manufacturing Company Of America, Inc.'s Opposition To Joint Defense Motion In Limine No. 10 – Motion To Exclude Evidence Of Any Alleged Cdt Price-Fixing Conspiracy.

[15] Consideration of the admissibility of documents with references to both CPTs and CDTs, if relevant, can properly be made at trial.

[16] Ex. 6 to the Gelott Decl., at 2-4 (May 12, 2011, SDI plea agreement). Note that this evidence might also be excludable on the basis that it relates solely to Samsung SDI and no other party to the litigation. *See* Defendants' Motion in Limine #5: To Exclude Plea By Samsung SDI Company, Ltd. As To Non-Pleading Defendants Or, Alternatively, To Provide A Limiting Instruction.

the CDT market.[17]  These have no relevance to Sharp's claims.

The probative value of such documents is also substantially outweighed by the risk of misleading the jury by confusing the issues and causing undue delay.  Defendants would be required to continually distinguish these irrelevant documents and introduce further evidence and elicit additional testimony from both fact and expert witnesses in an attempt to neutralize the introduction of the irrelevant CDT evidence.  At a minimum, evidence that relates solely to CDTs should be excluded at trial.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant Joint Defense Motion in Limine No. 10 and preclude Sharp from introducing any evidence regarding any alleged CDT price-fixing conspiracy.

Date:  March 6, 2015

By: */s/ Erik T. Koons*
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304

---

[17] *See* Ex. 7 to the Gelott Decl., (CHU00028521), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Ex. 8 to the Gelott Decl., (CHU00028558E) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; Ex. 9 to the Gelott Decl., (CHU00031111E), a▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., and Philips Electronics North America Corporation*

FAEGRE BAKER DANIELS LLP

By: */s/ Kathy L. Osborn*
FAEGRE BAKER DANIELS LLP
Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: (650) 324-6700
Facsimile: (650) 324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

SQUIRE PATTON BOGGS (US) LLP

By: */s/ Donald A. Wall*
Mark Dosker
Nathan Lane, III
275 Battery Street, Suite 2600
San Francisco, CA 94111
Telephone: 415.954.0200
Facsimile: 415.393.9887
Email: mark.dosker@squirepb.com
nathan.lane@squirepb.com

Donald A. Wall (*Pro Hac Vice*)

7
JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

|   |   |
|---|---|
| 1 | SQUIRE PATTON BOGGS (US) LLP |
| 2 | 1 East Washington Street, Suite 2700 |
|   | Phoenix, Arizona 85004 |
| 3 | Telephone:  602.528.4000 |
|   | Facsimile:  602.253.8129 |
| 4 | Email:  donald.wall@squirepb.com |

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al v. Technicolor SA, et al.*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/  Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email:  jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co. et al. v. Technicolor SA, et al.*

MUNGER, TOLLES & OLSON LLP

By: */s/ Miriam Kim*
JEROME C. ROTH (State Bar No. 159483)
jerome.roth@mto.com
MIRIAM KIM (State Bar No. 238230)

8
JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

| | |
|---|---|
| 1 | miriam.kim@mto.com |
| 2 | MUNGER, TOLLES & OLSON LLP |
| | 560 Mission Street, Twenty-Seventh Floor |
| 3 | San Francisco, California 94105-2907 |
| | Telephone: (415) 512-4000 |
| 4 | Facsimile: (415) 512-4077 |
| 5 | BRAD D. BRIAN (SBN 079001) |
| | brad.brian@mto.com |
| 6 | WILLIAM D. TEMKO (SBN 098858) |
| 7 | William.Temko@mto.com |
| | GREGORY J. WEINGART (SBN 157997) |
| 8 | gregory.weingart@mto.com |
| | E. MARTIN ESTRADA (SBN 223802) |
| 9 | martin.estrada@mto.com |
| 10 | MUNGER, TOLLES & OLSON LLP |
| | 355 South Grand Avenue, Thirty-Fifth Floor |
| 11 | Los Angeles, CA 90071-1560 |
| | Telephone: (213) 683-9100 |
| 12 | Facsimile: (213) 687-3702 |
| 13 | ROBERT E. FREITAS (SBN 80948) |
| 14 | rfreitas@fawlaw.com |
| | FREITAS ANGELL & WEINBERG LLP |
| 15 | 350 Marine Parkway, Suite 200 |
| | Redwood Shores, California 94065 |
| 16 | Telephone: (650) 593-6300 |
| | Facsimile: (650) 593-6301 |
| 17 | |
| 18 | *Attorneys for Defendant LG Electronics, Inc.* |
| 19 | WINSTON & STRAWN LLP |
| | By: */s/ Jeffrey L. Kessler* |
| 20 | JEFFREY L. KESSLER (*pro hac vice*) |
| | JKessler@winston.com |
| 21 | A. PAUL VICTOR (*pro hac vice*) |
| | PVictor@winston.com |
| 22 | ALDO A. BADINI (SBN 257086) |
| | ABadini@winston.com |
| 23 | EVA W. COLE (*pro hac vice*) |
| | EWCole@winston.com |
| 24 | MOLLY M. DONOVAN |
| | MMDonovan@winston.com |
| 25 | **WINSTON & STRAWN LLP** |
| | 200 Park Avenue |
| 26 | New York, NY 10166 |
| | Telephone: (212) 294-6700 |
| 27 | Facsimile: (212) 294-4700 |
| 28 | STEVEN A. REISS (*pro hac vice*) |

| | |
|---|---|
| 1 | steven.reiss@weil.com |
| | DAVID L. YOHAI (*pro hac vice*) |
| 2 | david.yohai@weil.com |
| | ADAM C. HEMLOCK (*pro hac vice*) |
| 3 | adam.hemlock@weil.com |
| | **WEIL, GOTSHAL & MANGES LLP** |
| 4 | 767 Fifth Avenue |
| | New York, New York 10153-0119 |
| 5 | Telephone: (212) 310-8000 |
| | Facsimile: (212) 310-8007 |
| 6 | |
| 7 | *Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), MT Picture Display Co., Ltd.* |
| 8 | |
| 9 | |
| 10 | **WHITE & CASE LLP** |
| 11 | By:  /s/ Lucius B. Lau |
| | Christopher M. Curran (*pro hac vice*) |
| 12 | ccurran@whitecase.com |
| | Lucius B. Lau (*pro hac vice*) |
| 13 | alau@whitecase.com |
| | Dana E. Foster (*pro hac vice*) |
| 14 | defoster@whitecase.com |
| | 701 Thirteenth Street, N.W. |
| 15 | Washington, DC  20005 |
| | tel.: (202) 626-3600 |
| 16 | fax: (202) 639-9355 |
| 17 | |
| 18 | *Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC, Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.* |
| 19 | |
| 20 | |
| 21 | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 22 | |
| 23 | By:    /s/  James L. McGinnis |
| | James L. McGinnis, Esq. |
| 24 | Gary L. Halling, Esq. |
| | Michael W. Scarborough, Esq. |
| 25 | Four Embarcadero Center, 17th Floor |
| | San Francisco, California  94111-4106 |
| 26 | Telephone:  415-434-9100 |
| | Facsimile:  415-434-3947 |
| 27 | ghalling@sheppardmullin.com |
| | jmcginnis@sheppardmullin.com |
| 28 | mscarborough@sheppardmullin.com |

10
JOINT DEFENSE REPLY IN SUPPORT OF MOTION IN LIMINE #10 - MOTION TO EXCLUDE EVIDENCE
OF ANY ALLEGED CDT PRICE-FIXING CONSPIRACY

|   |   |
|---|---|
| 1 |   |
| 2 | *Counsel for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.* |

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.