1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  JAMES L. McGINNIS, Cal. Bar No. 95788
   MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111-4106
5  Telephone:    415-434-9100
   Facsimile:    415-434-3947
6  E-mail:       ghalling@sheppardmullin.com
                 jmcginnis@sheppardmullin.com
7                mscarborough@sheppardmullin.com

8  Attorneys for Defendants
9  SAMSUNG SDI AMERICA, INC.,
   SAMSUNG SDI CO., LTD.,
10 SAMSUNG SDI (MALAYSIA) SDN. BHD.,
   SAMSUNG SDI MEXICO S.A. DE C.V.,
11 SAMSUNG SDI BRASIL LTDA.,
   SHENZEN SAMSUNG SDI CO., LTD. and
12 TIANJIN SAMSUNG SDI CO., LTD.

13 *Additional counsel on signature pages*

14

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17                           **SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | CASE NO.: 3:07-CV-05944-SC |
| | MDL NO.: 1917 |
| This Document Relates to: | **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND HIGHLY PREJUDICIAL PORTIONS OF PLAINTIFFS' TRIAL EXHIBIT, BATES STAMPED TSA-CRT00077732** |
| *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.,* No. 13-cv-1173; | |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.,* No. 13-cv-02776; | **[REPLY IN SUPPORT OF SDI'S MIL NO. 2]** |
| *Siegel v. Hitachi, Ltd.,* No. 11-cv-05502; | |
| *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261; | Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 1, 17th Floor<br>Hon. Samuel Conti |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.,* | |

1 | No. 11-cv-05513;

2 | *Best Buy Co., et al. v. Technicolor SA, et al.,* No. 13-
3 | cv-05264;

4 | *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514;
5 |

6 | *Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686;

7 |
8 | *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;

9 | *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 13-cv-05262;
10 |

11 | *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.
12 |

**REDACTED VERSION OF DOCUMENT SUBMITTED UNDER SEAL**

**I.   Plaintiffs' Opposition Establishes The Necessity Of A Pre-Trial Order Precluding References To Irrelevant And Highly Prejudicial Portions Of TSA-CRT00077732**

Throughout their Opposition, Plaintiffs[1] demonstrate why irrelevant and highly-prejudicial statements in TSA-CRT00077732 (the "Exhibit") should be excluded.  At every opportunity, they accuse unidentified employees of certain Defendants of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Opp. at 1, 2.)  Their characterizations of the Exhibit and what it purportedly proves – couched as if they were established facts – confirm the necessity of a pre-trial order prohibiting Plaintiffs from making these same arguments before the jury.  Allowing Plaintiffs to do so would only surely inflame the jury to prejudge Defendants' liability on grounds other than the merits of the case, which is precisely what Rule 403 prohibits.  *E.g.,* Rule 403, 1972 Advisory Committee Note (evidence which may induce improper decision on a purely emotional basis must be excluded under Rule 403); *U.S. v. Basham*, 561 F.3d 302, 327 (4th Cir. 2009) (unfair prejudice occurs when evidence lures "the factfinder into declaring guilt on a ground different from proof specific to the offense charged").  In short, Plaintiffs have already made clear what they plan to do, and the unfairly prejudicial effect of proclaiming the ▮▮▮▮▮▮▮▮▮▮▮▮ before the jury (Opp. at 1, 2), is clearly not something that can be erased with objections and limiting instructions.

Plaintiffs' arguments as to why Defendants' proposed redactions would mislead the jury or go too far are each without merit.

*First,* Plaintiffs complain that Defendants' redactions would permit an "unfair inference" as to why Thomson wanted to stop attending the meetings referenced in the Exhibit.[2]  (Opp. at 1-2.) But the reason why Thomson wanted to stop attending the meetings is clearly set forth in the document and have not been redacted by Defendants: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (McGinnis Decl., Ex. 1 (Plaintiffs'

---

[1] The Indirect Purchaser Plaintiffs do not oppose SDI's Motion.

[2] Tellingly, Plaintiffs fail to explain what this "unfair inference" would be.  (Opp. at 2.)

1   Certified Translation of TSA-CRT00077732) (ellipses in original)).[3]  Moreover, whatever the
2   context of Thomson's reasoning, the outcome is the same.  Thomson was inclined to stop attending
3   alleged competitor meetings and that outcome is what is relevant to the central issue of whether or
4   not Defendants conspired to fix CRT prices.  Defendants are not, as Plaintiffs argue, selectively
5   redacting what is prejudicial to them while leaving in what is potentially mitigating.  Rather, the
6   difference between what Defendants do and do not redact is simply one of relevance.

7   *Second,* Plaintiffs complain that included within Defendants' redactions of highly prejudicial
8   and irrelevant statements are the words ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which, according to
9   Plaintiffs, "proves which companies attended this glass meeting."  (Opp. at 2.)  But Plaintiffs then
10  extrapolate – without support from the record – that the term ▮▮▮▮ must mean that individual(s)
11  from the "LG.Philips joint venture" must have attended, and that the term ▮▮▮▮ must mean that
12  at least two individuals from SDI, LG and/or Orion also attended.  (*Id.*)  Defendants could not
13  stipulate to such unfounded leaps from the document, and Plaintiffs refused to enter into a stipulation
14  without them.

15  *Lastly*, *Costco Wholesale Corp. v. AU Optronics Corp.,* 2014 WL 4674390 (W.D. Wash.
16  Sept. 18, 2014) provides no support for Plaintiffs' claim that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ must
17  come in because they are "inextricably intertwined with evidence of Defendants' liability."  (Opp. at
18  3.)  In *Costco*, the court declined to exclude evidence of price-fixing of products other than LCD
19  panels where documents showed that alleged conspirators discussed lessons learned with respect to
20  communications about other products when allegedly discussing efforts to control LCD prices.
21  *Costco,* 2014 WL 4674390 at *4.  Such inextricably intertwined, "other bad acts" are worlds apart
22  from the kind of irrelevant and highly prejudicial statements Plaintiffs intend to use to smear
23  Defendants' reputations before the jury.

24  Plaintiffs must be precluded from referencing such irrelevant and highly prejudicial
25  statements at trial.  Allowing these kinds of scandalous hearsay statements to be heard by the jury

---

[3] All references to the "McGinnis Decl." refer to the February 13, 2015 Declaration of James L. McGinnis submitted in support of the opening brief in support of SDI's MIL No. 2 (MDL Dkt. No. 3564).

would only inflame them to prejudge Defendants' liability on grounds other than the merits, as well as needlessly distract the jury's attention from the real issues at hand.

## II. CONCLUSION

For these reasons, the Court should grant this motion and exclude evidence or argument relating to the certified translation of irrelevant and highly prejudicial portions of TSA-CRT00077732, as reflected in Defendants' Proposed Order and Exhibit 1 to the McGinnis Declaration.

Dated:  March 6, 2015

Respectfully submitted,

By:   /s/  James L. McGinnis

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Esq.
James L. McGinnis, Esq.
Michael W. Scarborough, Esq.
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:  415-434-9100
Facsimile:  415-434-3947
ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

Counsel for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.

**JENNER & BLOCK LLP**

By: /s/ Gabriel A. Fuentes

JENNER & BLOCK LLP
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350

Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

-4-