SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL SCARBOROUGH, Cal. Bar No. 203524
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     415-434-9100
Facsimile:      415-434-3947
Email:            ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC., SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C. V.,
SAMSUNG SDI BRASIL LTDA., SHENZEN SAMSUNG SDI CO., LTD. and TIANJIN SAMSUNG SDI CO., LTD.

*Additional counsel on signature pages*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | CASE NO.: 3:07-CV-05944-SC <br><br> MDL NO.: 1917 <br><br> **DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION *IN LIMINE* TO EXCLUDE IMPROPER CHARACTERIZATIONS OF OR REFERENCES TO DEFENDANTS AND ALLEGED CO-CONSPIRATORS** <br><br> **[REPLY BRIEF IN SUPPORT OF DEFENDANTS' MIL NO. 6]** <br><br> **ORAL ARGUMENT REQUESTED** <br><br> Date:    TBD <br> Time:   TBD <br> Place:   Courtroom 1, 17th Floor <br> Hon. Samuel Conti |
| This Document Relates to: | |
| *Sharp Electronics Corp., et a. v. Hitachi Ltd., et al.,* No. 13-cv-1173; | |
| *Sharp Elecs. Corp. v. Koninklijke Philips Elecs. N.V.,* No. 13-cv-02776; | |
| *Siegel v. Hitachi, Ltd.,* No. 11-cv-05502; | |
| *Siegel v. Technicolor SA, et al.,* No. 13-cv-05261; | |
| *Best Buy Co., et al. v. Hitachi, Ltd., et al.,* No. 11-cv-05513; | |

1
2   *Best Buy Co., et al. v. Technicolor SA, et al.,* No. 13-cv-05264;

3
4   *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.,* No. 11-cv-05514;

5   *Target Corp. v. Technicolor SA, et al.,* No. 13-cv-05686;
6
7   *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;
8
9   *Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 13-cv-05262;

10  *Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.* No. 14-cv-02510.
11

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ............................................................................................................................... 1

I.   Plaintiffs Offer No Basis For The Use Of Inflammatory Rhetoric, Which Serves No Legitimate Purpose, As Opposed To Admissible Evidence ......................................... 1

II.  The Court Should Exclude Evidence And Argument Relating To Stereotyping Of Asian Firms and Asian Business Culture ..................................................................... 3

   A.  Plaintiffs' Opposition Only Confirms That They Intend To Improperly Rely On Asian Stereotypes At Trial ................................................................................ 3

III. Defendants' Motion To Compel Plaintiffs To Refer To Defendants And Their Alleged Co-Conspirators By Specific Corporate Entity Names Is Narrowly Tailored 5

   A.  The Requested Relief Is Clear And Narrow .......................................................... 5

   B.  Allowing Plaintiffs To Use Generic Names Would Prejudice Defendants, Shift The Burden Of Proof, And Distort The Role Of The Jury .................................. 6

   C.  Defendants' Request Is Legitimate And Essential To Ensure The Jury Can Make Individualized Findings As To Each Defendant ..................................................... 7

CONCLUSION ............................................................................................................................ 8

**TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Costa v. Desert Palace, Inc.*
  299 F.3d 838 (9th Cir. 2002) aff'd, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84
  (2003) ................................................................................................................................ 6

*Engman v. City of Ontario*
  No. EDCV 10-284 CAS PLAX, 2011 WL 2463178 (C.D. Cal. June 20, 2011) ...................... 2

*Jinro Am. Inc. v. Secure Invs., Inc.*
  266 F.3d 993 (9th Cir. 2001) ............................................................................................ 3, 4

*Rakhra v. Emmino*
  No. C 95-20125 EAI, 1995 WL 456341 (N.D. Cal. July 24, 1995) ......................................... 6

*Sandisk Corp. v. STMicroelectronics, Inc.*
  No. C 04-4379JF(RS), 2008 WL 4615605 (N.D. Cal. Oct. 17, 2008) ..................................... 6

*In re Static Random Access Memory (SRAM) Antitrust Litig.*
  580 F. Supp. 2d 896 (N.D. Cal. 2008) .................................................................................. 6

*Sunstar, Inc. v. Alberto-Culver Co., Inc.*
  2004 WL 1899927 (N.D. Ill. Aug. 23, 2004) .................................................................... 3, 4

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
  2013 WL 2950065 (N.D. Cal. June 14, 2013) ....................................................................... 4

*In re TFT-LCD (Flat Panel) Antitrust Litig.*
  No. 07-md-01827 (N.D. Cal. May 4, 2012 ...................................................................... 2, 4

*United States v. Coward*
  630 F.2d 229 (4th Cir. 1980) ................................................................................................. 5

*United States v. Hubbard*
  4 F.3d 987 (4th Cir. 1993) ..................................................................................................... 5

Other Authorities

*Merriam.Webster.com,* www.merriam-webster.com ................................................................. 3

# INTRODUCTION

Plaintiffs and their witnesses must be precluded from making certain improper characterizations of or improper references to Defendants and their alleged co-conspirators, and Plaintiffs' arguments in Opposition are without merit.

*First,* inflammatory rhetoric serves no legitimate purpose, regardless of context, and Plaintiffs' claim such inappropriate epithets as "convicted criminals" are "apt characterizations" underscores the need for an order prohibiting such pejorative rhetoric before the jury.

*Second,* the Ninth Circuit has expressly condemned the use of ethnic or cultural stereotyping at trial, and Plaintiffs' generalizations, for instance, that Asian firms or *chaebols* have weak corporate governance and are dominated by a controlling family, is just that.

*Third*, the use of generic corporate names at trial would only confuse the jury and allow Plaintiffs to avoid their evidentiary burden.  Therefore, Plaintiffs and their witnesses must refer to Defendants by their specific, legal corporate entity names to ensure Plaintiffs' burden is not shifted improperly to Defendants and to enable the jury to make individualized findings as to each Defendant.

# ARGUMENT

**I.    Plaintiffs Offer No Basis For The Use Of Inflammatory Rhetoric, Which Serves No Legitimate Purpose, As Opposed To Admissible Evidence**

Defendants' first request is simply that plaintiffs be prohibited from using the type of inflammatory rhetoric—such as "convicted criminals," "felons," "admitted price-fixers," or "cartelists"—that serves no legitimate purpose.  Quite apart from whether evidence of other proceedings against certain defendants is admissible at trial, the subject of several other motions *in limine*, Plaintiffs should not be allowed use of inappropriate epithets to incite the jury to substitute a blanket association of criminality for a careful analysis of the merits of Plaintiffs' claims in this case.

Plaintiffs'[1] only arguments in response to this request are (1) to suggest that Defendants' request is "uncertain" because particular circumstances may warrant the use of such inflammatory rhetoric and (2) to argue that such epithets are "apt" in this case.  First, there is nothing "uncertain" about the type of rhetoric that defendants wish to exclude, and the examples provided are never appropriate, regardless of context.[2]  Exclusion of such inflammatory language is hardly uncommon, and Judge Illston granted the same motion *in limine* in the *LCD* trial.  *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-md-01827 (N.D. Cal. May 4, 2012), Dkt. 5597 at 7.  Second, Plaintiffs' argument that these sweeping epithets reflect "apt characterizations" of the Defendants underscores the need for an order prohibiting such pejorative and inflammatory rhetoric before the jury: just *one* defendant has pleaded guilty to a limited subset of the conduct that plaintiffs must prove, and the findings of foreign government agencies relate to conduct directed at other markets under differing competition laws.  Whether that evidence is admissible at trial is the subject of other motions, but the inflammatory phrases themselves have no value at all save to smear the character of the Defendants and confuse the jury.  *See Engman v. City of Ontario*, No. EDCV 10-284 CAS PLAX, 2011 WL 2463178, at *4 (C.D. Cal. June 20, 2011) (permitting argument regarding facts but prohibiting "pejorative terminology" regarding police practices).  The Court should not permit Plaintiffs to suggest to the jury that a single criminal

---

[1] Direct Action Plaintiffs (DAPs) and the Indirect Purchaser Plaintiffs (IPPs) each filed oppositions to Defendants' Joint MIL No. 6 ("MIL"), except that the IPPs did not oppose Part II of the MIL.  MDL Dkt Nos. 3792, 3673 (Feb. 27, 2015).  The Defendants jointly respond to both oppositions in this Reply and each undersigned Defendant joins this Reply only as to the cases in which it remains active, except for SDI and Toshiba who have entered into a stipulation with the IPPs to extend the time to file replies as they pertain to the IPPs until March 16, 2015.  Stipulation and [Proposed] Order Regarding Briefing for Motions In Limine Filed By The Indirect Purchaser Plaintiffs, The Toshiba Defendants and the Samsung SDI Defendants.  MDL Dkt. No. 3732 (March 4, 2015).

[2] Plaintiffs' citations, which stand for the uncontroversial proposition that requests to exclude "broad and unspecific" categories of evidence are not favored, are inapposite: with this motion *in limine*, Defendants are not seeking to exclude any "category of evidence," simply inflammatory and unnecessarily prejudicial terminology that adds nothing to the merits of the case and serves only to distract and confuse. Thus, Plaintiffs' arguments and citations regarding the purported relevance of the guilty plea, amnesty agreement, and foreign investigations are similarly inapposite to this motion, which targets inflammatory rhetoric, not the underlying evidence.

1 conviction plea or unrelated foreign investigations mean that Plaintiffs need not prove that each
2 and every Defendant joined the alleged conspiracy and that actual harm was caused by that alleged
3 conspiracy.

4 **II.     The Court Should Exclude Evidence And Argument Relating To Stereotyping Of**
5 **        Asian Firms and Asian Business Culture**
6 **        A.     Plaintiffs' Opposition Only Confirms That They Intend To Improperly Rely**
7 **               On Asian Stereotypes At Trial**

8 Although Plaintiffs' Opposition leads with the heading that "Professor Haggard's Expert
9 Testimony Does Not Stereotype Asian Firms and Business Culture," (DAP's Opposition to MIL
10 ("DAP Opp.") at 3:17-18), Plaintiffs' arguments in support only confirm that Dr. Haggard
11 intends to do just that.  In Plaintiffs' own words, Dr. Haggard will testify generally to "the weak
12 corporate governance of Korean *chaebols* and the familial control often associated with these
13 organizations" in an effort to "assist the jury in understanding the relationship between Samsung
14 Electronics and Samsung SDI."  (*Id.* at 4.)  That is precisely, by definition, a stereotype.  *E.g.,*
15 *Merriam.Webster.com,* www.merriam-webster.com (Mar. 3, 2015) ("stereotype" is to "to believe
16 unfairly that all people or things with a particular characteristic are the same").

17 The Ninth Circuit has explicitly condemned the use of ethnic or cultural stereotyping at
18 trial.  *E.g., Jinro Am. Inc. v. Secure Invs., Inc.,* 266 F.3d 993, 1007 (9th Cir. 2001), *quoting Bird*
19 *v. Glacier Elec. Coop., Inc.,* 255 F.3d 1136, 1151 (9th Cir. 2001).  Plaintiffs' attempt to
20 distinguish *Jinro* solely on grounds that the *Jinro* expert was unqualified and failed to cite
21 supporting material is beside the point.  The *Jinro* court was indeed unimpressed with the
22 qualifications and methodology of the so-called "expert" in that case, but more importantly, the
23 Ninth Circuit made clear – as highlighted in Defendants' opening brief which Plaintiffs ignore
24 entirely in opposition – that "[a]llowing an expert witness in a civil action to generalize that most
25 Korean businesses are corrupt, and not to be trusted…is tantamount to ethnic or cultural
26 stereotyping, inviting the jury to assume the Korean litigant fits the stereotype."  *Jinro*, 266 F.3d
27 at 1007.
28

1    Plaintiffs likewise try to distinguish *Sunstar, Inc. v. Alberto-Culver Co., Inc.,* 2004 WL 1899927 (N.D. Ill. Aug. 23, 2004), by knocking down a straw man, (DAPs' Opp. at 5 n.9), but tellingly fail to address the pertinent holding in *Sunstar* that "[t]estimony that 'either directly or indirectly seeks to link a defendant's conduct to that which is said to be typical of a particular racial, ethnic group or nationality' is excludable under Rule 403's balancing test."  In that case, the court rejected the improper reference that because Japanese businesses generally disregard terms of written contracts, the particular Japanese defendant in *Sunstar* must have disregarded the disputed contract terms at issue.

Plaintiffs cite a single case in affirmative support of their position to allow cultural stereotyping, *In re TFT-LCD (Flat Panel) Antitrust Litig.,* 2013 WL 2950065 (N.D. Cal. June 14, 2013), but that LCD case had a critical distinction not applicable here.  In *In re TFT-LCD*, testimony of plaintiffs' expert regarding business practices of Asian companies were <u>*in specific response to similar generalizations first proffered by defendants' experts.*</u>  *Id.* at *2 (plaintiff expert's opinions were "specific responses to defense experts' assumptions concerning Defendants' motives and business conduct.").  Under those specific circumstances not present here, Judge Illston held that, on balance, the probative value of the testimony outweighed the prejudice.  *Id.*  But even then, Judge Illston was careful to be "cognizant of the risk of the prejudicial effect of cultural stereotyping," when holding that on balance, "the probative value outweighed the prejudice.  *Id.*

Simply put, Plaintiffs are free to present admissible evidence and argument as to what specific Defendants or entities in this case did or did not do.  They should not, however, be allowed to present their case as to any Defendant by resorting to ethnic or cultural stereotypes and generalizations -- for instance, how Korean businesses or *chaebols* generally behaved.  Allowing Plaintiffs to present such generalizations is, as the Ninth Circuit has made clear, "tantamount to ethnic or cultural stereotyping, inviting the jury to assume the Korean litigant fits the stereotype."  *Jinro,* 266 F.3d at 1007.

1  **III.    Defendants' Motion To Compel Plaintiffs To Refer To Defendants And Their Alleged**
2  **Co-Conspirators By Specific Corporate Entity Names Is Narrowly Tailored**

3  In their Opposition, Plaintiffs misstate the scope of Defendants' request for the Court to
4  compel Plaintiffs and their witnesses to use Defendants' "specific, legal corporate entity names"
5  instead of generic corporate names.  Plaintiffs blatantly embellish Defendants' request in an
6  attempt to show that the request would hamper Plaintiffs' ability to present their case.  In reality,
7  however, Defendants' request is narrow and necessary to ensure that Plaintiffs do not intentionally
8  confuse the jury and avoid their evidentiary burden.  The request is essential to ensure that the jury
9  can accurately make individualized findings as to each Defendant in order to determine whether
10 Plaintiffs have met their burden of proof as to each Defendant.

11 **A.    The Requested Relief Is Clear And Narrow**

12 Despite Plaintiffs' contention that Defendants' request is "somewhat unclear," Defendants
13 have clearly articulated their narrow request in their opening motion.  Defendants have requested
14 that the Court compel Plaintiffs and their witnesses to refer to Defendants by their "legal corporate
15 entity names" and preclude the use of general corporate names or "generic references to purported
16 corporate entities that do not legally exist."  (MIL at 7.)   Defendants have never requested nor did
17 they ever intend for their request to encompass documents or deposition testimony that make
18 generic references to corporate family names.[3]   (*See* DAP Opp. at 7; IPP's Opposition to
19 Defendants' MIL ("IPP Opp.") at 3.)   There is no effort, as Plaintiffs insinuate, to "distort the
20 evidence, effectively rewriting history."  *Id.*   To the contrary, Defendants' request is necessary to
21 avoid jury confusion and ensure that the evidence is ***not*** distorted by permitting the Plaintiffs to
22 blur critical lines between individual Defendants.

23 The logic of Defendants' request also is clear when placed in a separate context.  For
24 example, if the Court were presiding over a criminal trial where four brothers named "Smith" were

---

[3] However, to the extent that the deposition testimony contains vague questions with generic references to Defendants, objections were timely made to preserve Defendants' right for the jury to receive clear and unambiguous testimony and instruction that would allow a separate determination of liability for each named Defendant in the litigation.

1  all on trial for a crime (some of whom were at the scene and some of whom weren't), the court
2  presumably would require clarification from a prosecutor or witness who simply said "Smith was
3  there and he did it!"  Justice would not be served absent a clarification as to "which Smith?"
4  Defendants are asking for no more than that.

5  **B.    Allowing Plaintiffs To Use Generic Names Would Prejudice Defendants, Shift
6  The Burden Of Proof, And Distort The Role Of The Jury**

7  The mere fact that some documents may refer to Defendants by a generic corporate name
8  does not legitimize Plaintiffs' own efforts to intentionally introduce confusion by failing to specify
9  the defendant that they are talking about. *See United States v. Coward*, 630 F.2d 229, 231 (4th
10 Cir. 1980); *United States v. Hubbard*, 4 F.3d 987 (4th Cir. 1993) ("jury confusion can rise to the
11 level of actual prejudice").  Indeed, Plaintiffs' argument to the contrary demonstrates their
12 intention to blur legally separate entities in order to unjustly taint the least culpable of these
13 entities with the most culpable evidence that Plaintiffs can offer as to any defendant entity.
14 Plaintiffs also attempt to justify the use of generic names by stating that Defendants' own
15 documents support such generic references and the following broad allegations within their
16 complaints: "employees engaged in conspiratorial meetings on behalf of their corporate families"
17 and "participants did not always know the corporate affiliation of their counterparts and did not
18 distinguish between the entities within a corporate family."  (DAP Opp. at 7;  IPP Opp. at 4.)
19 This argument only demonstrates Plaintiffs' intention from the start to conflate the real evidence in
20 favor of innuendo.  Indeed, Plaintiffs' own characterization of the evidence is irrelevant.  It cannot
21 possibly overwhelm the strong presumption of corporate separateness or extinguish Plaintiffs'
22 burden to prove liability as to each Defendant.  *See Rakhra v. Emmino,* No. C 95-20125 EAI, 1995
23 WL 456341, at *3 (N.D. Cal. July 24, 1995) ("It is the plaintiff's burden to overcome the
24 presumption of the separate existence of the corporate entity.").  It also does not negate the role of
25 the jury as the ultimate decision maker regarding the potential liability of each legally separate
26 corporate entity that Plaintiffs individually sued.  *See Sandisk Corp. v. STMicroelectronics, Inc.*,
27 No. C 04-4379JF(RS), 2008 WL 4615605, at *4 (N.D. Cal. Oct. 17, 2008) ("Determining
28 credibility, the weighing of evidence, and drawing conclusions from the facts are functions of the

1  jury"); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 851 (9th Cir. 2002) aff'd, 539 U.S. 90, 123 S.

2  Ct. 2148, 156 L. Ed. 2d 84 (2003) ("the jury determines the ultimate question of liability").

3  Plaintiffs should not be permitted to circumvent their burden as to each Defendant entity by

4  obscuring the facts with the use of generic corporate names in an attempt to impute liability to one

5  defendant from another.

6        **C.**      **Defendants' Request Is Legitimate And Essential To Ensure The Jury Can**

7                **Make Individualized Findings As To Each Defendant**

8        Plaintiffs' Oppositions characterize Defendants' request as an "artificial constraint" that

9  would "unfairly hinder Plaintiffs' right to argue to the jury in support of their allegations that the

10 evidence supports the reasonable inference that all members of the referenced corporate family

11 joined the alleged conspiracy."  (DAP Opp. at 8;  IPP Opp. at 5.)  Nothing could be further from

12 the truth.   Plaintiffs'  "cart before the horse" argument highlights the need for Defendants'

13 requested relief.  Plaintiffs seek a "reasonable inference" of corporate family liability without any

14 showing to overcome the bedrock presumption of corporate separateness.  See *Rakhra,* 1995 WL

15 456341, at *3.  Indeed, only if Defendants' motion is granted will the jury be able to hear the

16 evidence as to whether, as the law requires, ***each*** member of the corporate family joined the

17 conspiracy.  *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896,

18 904 (N.D. Cal. 2008) ("Plaintiffs will need to provide evidence of *each Defendant's* participation

19 in the conspiracy.") (emphasis added).

20       Defendants' request is legitimate because the use of generic corporate names, when it can

21 be avoided, would "further complicate the jury's job by forcing them to unscramble imprecise

22 references to the very Defendants that the jury will be asked to render verdict upon."  (Mtn. at 10.)

23 Furthermore, this legitimate request does not hinder Plaintiffs in any way from eliciting testimony

24 or arguing that "all members of the referenced corporate family joined the alleged conspiracy."

25 Defendants' request merely requires Plaintiffs to be clear and to articulate to the jury which

26 specific Defendant or Defendants they are discussing at any given time during the trial.

27       Because of all the concerns listed above and in the opening motion, there is a need for an

28 Order compelling Plaintiffs and their witnesses to refer to Defendants by their "specific, individual

1  corporate entity names" in their arguments or statements concerning the participants in the alleged
2  conspiracy.  If Plaintiffs are permitted to default to referring to specific Defendants by a generic
3  corporate name - as their opposition suggests they will, Defendants will be unfairly prejudiced and
4  the burden of corporate separateness will wrongly be shifted to Defendants.

5  For the foregoing reasons, the Court should compel Plaintiffs and their witnesses to clearly
6  articulate to the jury which Defendant they are referring to and prohibit the use of generic
7  corporate names to infer broad participation of multiple legal entities in the alleged conspiracy.

## CONCLUSION

The Court should grant this Motion and exclude improper characterizations of or references to Defendants and/or their alleged co-conspirators relating to inflammatory rhetoric, and stereotyping of Asian firms and Asian business culture.  The Court should also compel Plaintiffs to refer to Defendants and their alleged co-conspirators by their specific corporate entity names.

Dated:  March 6, 2015

Respectfully submitted,

By:  ___/s/  James L. McGinnis_____

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Gary L. Halling, Esq.
James L. McGinnis, Esq.
Michael W. Scarborough, Esq.
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:  415-434-9100
Facsimile:  415-434-3947
ghalling@sheppardmullin.com
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

Counsel for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd.

|   |   |
|---|---|
| 1 | KIRKLAND & ELLIS LLP |
| 2 | By:  */s/ Eliot A. Adelson* |
| 3 | Eliot A. Adelson |
|   | James Maxwell Cooper |
| 4 | **KIRKLAND & ELLIS LLP** |
|   | 555 California Street, 27th Floor |
| 5 | San Francisco, CA  94104 |
|   | Telephone: (415) 439-1400 |
| 6 | Facsimile: (415) 439-1500 |
|   | Email: eadelson@kirkland.com |
| 7 | Email: max.cooper@kirkland.com |
| 8 | James H. Mutchnik, P.C. (*pro hac vice*) |
|   | Barack Echols (*pro hac vice*) |
| 9 | KIRKLAND & ELLIS LLP |
|   | 300 North LaSalle |
| 10 | Chicago, Illinois 60654 |
|   | Tel: (312) 862-2000 |
| 11 | Facsimile: (312) 862-2200 |
|   | Email: jmutchnik@kirkland.com |
| 12 | Email: bechols@kirkland.com |
| 13 | *Attorneys for Defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc.* |
| 14 |   |
| 15 |   |
| 16 | MUNGER, TOLLES & OLSON LLP |
| 17 |   |
| 18 | By: */s/ Miriam Kim*_____ |
|   | JEROME C. ROTH (State Bar No. 159483) |
| 19 | jerome.roth@mto.com |
|   | MIRIAM KIM (State Bar No. 238230) |
| 20 | miriam.kim@mto.com |
|   | MUNGER, TOLLES & OLSON LLP |
| 21 | 560 Mission Street, Twenty-Seventh Floor |
|   | San Francisco, California 94105-2907 |
| 22 | Telephone: (415) 512-4000 |
|   | Facsimile: (415) 512-4077 |
| 23 |   |
|   | BRAD D. BRIAN (SBN 079001) |
| 24 | brad.brian@mto.com |
|   | WILLIAM D. TEMKO (SBN 098858) |
| 25 | William.Temko@mto.com |
|   | GREGORY J. WEINGART (SBN 157997) |
| 26 | gregory.weingart@mto.com |
|   | E. MARTIN ESTRADA (SBN 223802) |
| 27 | martin.estrada@mto.com |
|   | MUNGER, TOLLES & OLSON LLP |
| 28 | 355 South Grand Avenue, Thirty-Fifth Floor |
|   | Los Angeles, CA 90071-1560 |

|   |   |
|---|---|
| 1 | Telephone: (213) 683-9100 |
| 2 | Facsimile: (213) 687-3702 |
| 3 | ROBERT E. FREITAS (SBN 80948) |
|   | rfreitas@fawlaw.com |
| 4 | FREITAS ANGELL & WEINBERG LLP |
|   | 350 Marine Parkway, Suite 200 |
| 5 | Redwood Shores, California 94065 |
|   | Telephone: (650) 593-6300 |
| 6 | Facsimile: (650) 593-6301 |

*Attorneys for Defendant LG Electronics, Inc.*

WINSTON & STRAWN LLP

By: */s/ Jeffrey L. Kessler*

JEFFREY L. KESSLER (*pro hac vice*)
JKessler@winston.com
ALDO A. BADINI (SBN 257086)
ABadini@winston.com
EVA W. COLE (*pro hac vice*)
EWCole@winston.com
MOLLY M. DONOVAN
MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

WEIL, GOTSHAL & MANGES LLP

STEVEN A. REISS (*pro hac vice*)
steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.*

**WHITE & CASE LLP**

By: /s/ Lucius B. Lau

CHRISTOPHER M. CURRAN (*pro hac vice*)
ccurran@whitecase.com
LUCIUS B. LAU (*pro hac vice*)
alau@whitecase.com
DANA E. FOSTER (*pro hac vice*)
defoster@whitecase.com
**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

BAKER BOTTS LLP

By: /s/ John M. Taladay

JOHN M. TALADAY (*pro hac vice*)
john.taladay@bakerbotts.com
ERIK T. KOONS (*pro hac vice*)
erik.koons@bakerbotts.com
CHARLES M. MALAISE (*pro hac vice*)
charles.malaise@bakerbotts.com
**BAKER BOTTS LLP**
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

JON V. SWENSON (SBN 233054)
jon.swenson@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

GIBSON, DUNN & CRUTCHER LLP

| | |
|---|---|
| 1 | |
| 2 | By: /s/ Rachel S. Brass |
| 3 | JOEL S. SANDERS (SBN 107234)<br>jsanders@gibsondunn.com |
| 4 | RACHEL S. BRASS (SBN 219301)<br>rbrass@gibsondunn.com |
| 5 | AUSTIN V. SCHWING (SBN 211696)<br>aschwing@gig@gibsondunn.com |
| 6 | **GIBSON, DUNN & CRUTCHER LLP**<br>555 Mission Street, Suite 3000 |
| 7 | San Francisco, California 94105<br>Tel: (415) 393-8200 |
| 8 | Fax: (415) 393-8306 |
| 9 | **FARMER BROWNSTEIN JAEGER LLP**<br>WILLIAM S. FARMER, SBN 46694 |
| 10 | WFarmer@FBJ-law.com<br>DAVID BROWNSTEIN, SBN 141929 |
| 11 | DBrownstein@FBJ-law.com<br>JACOB ALPREN, SBN 235713 |
| 12 | JAlpren@FBJ-law.com<br>235 Montgomery Street, Suite 835 |
| 13 | San Francisco California 94104<br>Telephone 415.962.2876 |
| 14 | Facsimile: 415.520.5678 |
| 15 | *Attorneys for Defendant Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.* |
| 16 | |
| 17 | |
| 18 | JENNER & BLOCK LLP |
| 19 | By: /s/ *Terrence J. Truax* |
| 20 | JENNER & BLOCK LLP<br>Terrence J. Truax (*pro hac vice*) |
| 21 | Michael T. Brody (*pro hac vice*)<br>353 North Clark Street |
| 22 | Chicago, Illinois 60654-3456<br>Telephone: (312) 222-9350 |
| 23 | Facsimile: (312) 527-0484<br>ttruax@jenner.com |
| 24 | mbrody@jenner.com |
| 25 | Brent Caslin (Cal. Bar. No. 198682)<br>JENNER & BLOCK LLP |
| 26 | 633 West Fifth Street, Suite 3600<br>Los Angeles, California 90071 |
| 27 | Telephone: (213) 239-5100<br>Facsimile: (213) 239-5199 |
| 28 | bcaslin@jenner.com |

|   |   |
|---|---|
| 1 | *Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and,* |
| 2 | *Mitsubishi Electric Visual Solutions America, Inc.* |
| 3 |   |
| 4 | FAEGRE BAKER DANIELS LLP |
| 5 | By:   */s/ Kathy L. Osborn* |
| 6 | Kathy L. Osborn (*pro hac vice*) |
|   | Ryan M. Hurley (*pro hac vice*) |
| 7 | Faegre Baker Daniels LLP |
|   | 300 N. Meridian Street, Suite 2700 |
| 8 | Indianapolis, IN  46204 |
|   | Telephone: +1-317-237-0300 |
| 9 | Facsimile: +1-317-237-1000 |
|   | kathy.osborn@FaegreBD.com |
| 10 | ryan.hurley@FaegreBD.com |
| 11 | Jeffrey S. Roberts (*pro hac vice*) |
|   | Email: jeff.roberts@FaegreBD.com |
| 12 | Faegre Baker Daniels LLP |
|   | 3200 Wells Fargo Center |
| 13 | 1700 Lincoln Street |
|   | Denver, CO 80203 |
| 14 | Telephone: (303) 607-3500 |
|   | Facsimile: (303) 607-3600 |
| 15 |   |
|   | Stephen M. Judge (*pro hac vice*) |
| 16 | Email: steve.judge@FaegreBd.com |
|   | Faegre Baker Daniels LLP |
| 17 | 202 S. Michigan Street, Suite 1400 |
|   | South Bend, IN 46601 |
| 18 | Telephone: (574) 234-4149 |
|   | Facsimile: (574) 239-1900 |
| 19 |   |
|   | *Attorneys for Defendants Thomson SA and* |
| 20 | *Thomson Consumer Electronics, Inc.* |
| 21 |   |
|   | SQUIRE PATTON BOGGS (US) LLP |
| 22 |   |
|   | By: */s/ Nathan Lane, III* |
| 23 |   |
|   | Nathan Lane, III (CA Bar No. 50961) |
| 24 | Mark C. Dosker (CA Bar No. 114789) |
|   | **SQUIRE PATTON BOGGS (US) LLP** |
| 25 | 275 Battery Street, Suite 2600 |
|   | San Francisco, California 94111 |
| 26 | Telephone:  (415) 954-0200 |
|   | Facsimile:  (415) 393-9887 |
| 27 | E-mail:  nathan.lane@squiresanders.com |
|   | E-mail:  mark.dosker@squiresanders.com |
| 28 |   |

| | |
|---|---|
| 1 | Donald A. Wall (Pro Hac Vice) |
| | **SQUIRE PATTON BOGGS (US) LLP** |
| 2 | 1 East Washington Street, Suite 2700 |
| | Phoenix, Arizona 85004 |
| 3 | Telephone: + 1 602 528 4005 |
| | Facsimile: +1 602 253 8129 |
| 4 | Email: donald.wall@squirepb.com |

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: /s/ ___*Jeffrey I. Zuckerman*_____

Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

JENNER & BLOCK LLP

By: /s/ *Gabriel A. Fuentes*_____

**JENNER & BLOCK LLP**
Charles B. Sklarsky (*pro hac vice*)
Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654-3456

Telephone: (312) 222-9350
Facsimile: (312) 527-0484
csklarsky@jenner.com
ttruax@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

Brent Caslin (Cal. Bar. No. 198682)
**JENNER & BLOCK LLP**
633 West Fifth Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199
bcaslin@jenner.com

*Attorneys for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc. and, Mitsubishi Electric Visual Solutions America, Inc.*

WINSTON & STRAWN LLP

By: /s/ *Jeffrey L. Kessler*

JEFFREY L. KESSLER (*pro hac vice*)
Email: JKessler@winston.com
ALDO A. BADINI (SBN 257086)
Email: ABadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: EWCole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: MMDonovan@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.),*

1 | *Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

2

3

4

5      Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of

6 this document has been obtained from each of the above signatories.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28