Eliot A. Adelson (SBN 205284)
James Maxwell Cooper (SBN 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: max.cooper@kirkland.com
Email: eadelson@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack Echols *(pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD.,
AND HITACHI ELECTRONIC DEVICES
(USA), INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br>_____<br>This Document Relates to:<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.,* No. 13-cv-01173;<br><br>*Sharp Electronics Corp. v. Koninklijke Philips Elecs., N.V.,*  No. 13-cv-02776 SC;<br><br>*Target Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514;<br><br>*Target Corp. v. Technicolor SA,* No. 13-cv-05686. | Case No. 3:07-cv-05944-SC<br><br>MDL NO. 1917<br><br>**DECLARATION OF JAMES MAXWELL COOPER IN SUPPORT OF KONINKLIJKE PHILIPS N.V.'S AND PHILIPS ELECTRONICS NORTH AMERICA CORPORATION'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d) [ECF 3771]** |

I, James Maxwell Cooper, declare as follows:

1. I am an attorney licensed to practice in the State of California and the Northern District of California. I am an associate with Kirkland & Ellis LLP, and counsel for Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Hitachi Electronic Devices (USA), Inc. (collectively, the "Hitachi Defendants").

2. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the matters set forth herein, and could and would testify competently to each of them.

3. On June 18, 2008 the Court approved a "Stipulated Protective Order" in this matter (ECF No. 0306).

4. The Hitachi Defendants have disclosed or produced in this action certain documents and information designated as either "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

5. Pursuant to Civil Local Rules 7-11 and 79-5(d) and the Stipulated Protective Order, I make this declaration on behalf of the Hitachi Defendants to provide the Court with a basis to maintain under seal certain documents that quote from, contain, reflect, describe, or are documents or information designated by Hitachi Defendants as "Confidential" or "Highly Confidential."

6. On March 6, 2015 Defendants Koninklijke Philips N.V. and Philips Electronics North America Corporation filed the Joint Defense Reply in Support of Motion in Limine #10 - Motion to Exclude Evidence of Any Alleged CDT Price-Fixing Conspiracy (ECF No. 3775, "Joint Defense Reply"), the Declaration of Tiffany B. Gelott in Support of the Joint Defense Reply, (ECF No. 3771-5, "Gelott Declaration"), and Koninklijke Philips N.V.'s and Philips Electronics North America Corporation's Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (ECF No. 3771).   I am informed and believe that the following documents cite to or quote from documents that the Hitachi Defendants have designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order:

    a. Exhibit 1 to the Gelott Declaration, the Expert Report of Alan S. Frankel, dated April 15, 2014, regarding Sears and Kmart; and

   b. Exhibit 2 to the Gelott Declaration, the Expert Report of Alan S. Frankel, dated April 15, 2014, regarding Target.

  7. I am informed and believe that the documents described in paragraph six, and subparts thereto, consist of, quote from, and/or contain confidential, non-public, proprietary, and highly sensitive business information. The documents contain confidential, non-public information about the Hitachi Defendants' sales practices, business and supply agreements, and competitive positions. The documents describe relationships with companies that remain important to the Hitachi Defendants' competitive positions. Upon information and belief, the public disclosure of this sensitive information presents a risk of undermining the Hitachi Defendants' relationships and would put the Hitachi Defendants at a competitive disadvantage

  8. I am informed and believe that the Hitachi Defendants have taken reasonable steps to preserve the confidentiality of information of the type contained, identified, or cited to in paragraph six, and subparts thereto.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed this 10th day of March at San Francisco, California.

                */s/ James Maxwell Cooper*
                James Maxwell Cooper