# EXHIBIT 3

# DECISIONS

## DECISION OF THE PRESIDENT OF THE EUROPEAN COMMISSION

### of 13 October 2011

### on the function and terms of reference of the hearing officer in certain competition proceedings

(Text with EEA relevance)

(2011/695/EU)

THE PRESIDENT OF THE EUROPEAN COMMISSION,

Having regard to the Treaty on European Union,

Having regard to the Treaty on the Functioning of the European Union,

Having regard to the Agreement on the European Economic Area,

Having regard to the Rules of Procedure of the Commission ([1]), and in particular Article 22 thereof,

Whereas:

(1) Under the system for competition law enforcement established under the Treaty on the Functioning of the European Union (hereinafter 'the Treaty'), the Commission investigates and decides on cases by administrative decision, subject to judicial review by the Court of Justice of the European Union (hereinafter 'the Court of Justice').

(2) The Commission has to conduct its competition proceedings fairly, impartially and objectively and must ensure respect of the procedural rights of the parties concerned as set out in Council Regulation (EC) No 1/2003 of 16 December 2002 on the implementation of the rules on competition laid down in Articles 81 and 82 of the Treaty ([2]), Council Regulation (EC) No 139/2004 of 20 January 2004 on the control of concentrations between undertakings (the EC Merger Regulation) ([3]), Commission Regulation (EC) No 773/2004 of 7 April 2004 relating to the conduct of proceedings by the Commission pursuant to Articles 81 and 82 of the EC Treaty ([4]), and Commission Regulation (EC) No 802/2004 of 7 April 2004 implementing Council Regulation (EC) No 139/2004 on the control of concentrations between undertakings ([5]), as well as in the relevant case-law of the Court of Justice. In particular, the right of the parties concerned to be heard before the adoption of any individual decision adversely affecting them is a fundamental right of European Union law recognised by the Charter of Fundamental Rights, and in particular Article 41 thereof ([6]).

(3) In order to ensure the effective exercise of the procedural rights of the parties concerned, other involved parties within the meaning of Article 11(b) of Regulation (EC) No 802/2004 (hereinafter 'other involved parties'), complainants within the meaning of Article 7(2) of Regulation (EC) No 1/2003 (hereinafter 'complainants') and persons other than those referred to in Articles 5 and 11 of Regulation (EC) No 773/2004 and third persons within the meaning of Article 11 of Regulation (EC) No 802/2004 (hereinafter 'third persons') involved in competition proceedings, responsibility for safeguarding the observance of such rights should be entrusted to an independent person experienced in competition matters who has the integrity necessary to contribute to the objectivity, transparency and efficiency of those proceedings.

(4) The Commission created the function of hearing officer for these purposes in 1982, revised it in Commission Decision 94/810/ECSC, EC of 12 December 1994 on the terms of reference of hearing officers in competition procedures before the Commission ([7]) and in Commission Decision 2001/462/EC, ECSC of 23 May 2001 on the terms of reference of hearing officers in certain competition proceedings ([8]). It is now necessary to clarify and further strengthen the role of the hearing officer and to adapt the terms of reference of the hearing officer in the light of developments in Union competition law.

(5) The function of the hearing officer has been generally perceived as an important contribution to the competition proceedings before the Commission due to the independence and expertise that hearing officers have brought to these proceedings. In order to ensure the

---

([1]) OJ L 308, 8.12.2000, p. 26.
([2]) OJ L 1, 4.1.2003, p. 1.
([3]) OJ L 24, 29.1.2004, p. 1.
([4]) OJ L 123, 27.4.2004, p. 18.
([5]) OJ L 133, 30.4.2004, p. 1.

([6]) OJ C 303, 14.12.2007, p. 1.
([7]) OJ L 330, 21.12.1994, p. 67.
([8]) OJ L 162, 19.6.2001, p. 21.

(6) continued independence of the hearing officer from the Directorate-General for Competition, he or she should be attached, for administrative purposes, to the member of the Commission with special responsibility for competition.

(6) The hearing officer should be appointed in accordance with the rules laid down in the Staff Regulations of Officials and the Conditions of Employment of Other Servants of the European Union. In accordance with those rules, consideration may also be given to candidates who are not officials of the Commission. Transparency as regards the appointment, termination of appointment and transfer of hearing officers should be ensured.

(7) The Commission may appoint one or more hearing officers and should provide for their supporting staff. Where the hearing officer perceives a conflict of interests in the performance of his or her functions, the hearing officer should cease from acting on a case. If the hearing officer is unable to act, his or her role should be carried out by another hearing officer.

(8) The hearing officer should operate as an independent arbiter who seeks to resolve issues affecting the effective exercise of the procedural rights of the parties concerned, other involved parties, complainants or interested third persons where such issues could not be resolved through prior contacts with the Commission services responsible for the conduct of competition proceedings, which must respect these procedural rights.

(9) The terms of reference of the hearing officer in competition proceedings should be framed in such a way as to safeguard the effective exercise of procedural rights throughout proceedings before the Commission pursuant to Articles 101 and 102 of the Treaty and Regulation (EC) No 139/2004, in particular the right to be heard.

(10) In order to strengthen this role, the hearing officer should be attributed with the function of safeguarding the effective exercise of procedural rights of undertakings and associations of undertakings in the context of the Commission's powers of investigation under Chapter V of Regulation (EC) No 1/2003, as well as pursuant to Article 14 of Regulation (EC) No 139/2004 which empowers the Commission to impose fines on undertakings and associations of undertakings. The hearing officer should also be attributed with specific functions during this investigative phase in relation to claims for legal professional privilege, the privilege against self-incrimination, deadlines for replying to decisions requesting information pursuant to Article 18(3) of Regulation (EC) No 1/2003, as well as with regard to the right of undertakings and associations of undertakings subject to an investigative measure by the Commission under Chapter V of Regulation (EC) No 1/2003 to be informed of their procedural status, namely whether they are subject to an investigation and, if so, the subject matter and purpose of that investigation. In assessing claims made in relation to privilege against self-incrimination, the hearing officer may consider whether undertakings make clearly unfounded claims for protection merely as a delaying tactic.

(11) The hearing officer should be able to facilitate the resolution of claims that a document is covered by legal professional privilege. To this end, if the undertaking or association of undertakings making the claim agrees, the hearing officer will be allowed to examine the document concerned and make an appropriate recommendation, referring to the applicable case-law of the Court of Justice.

(12) The hearing officer should be responsible for deciding whether a third person shows a sufficient interest to be heard. Consumer associations that apply to be heard should be generally regarded as having a sufficient interest, where the proceedings concern products or services used by end-consumers or products or services that constitute a direct input into such products or services.

(13) The hearing officer should decide whether to admit complainants and interested third persons to the oral hearing, taking into account the contribution they can make to the clarification of the relevant facts of the case.

(14) The right of the parties concerned to be heard before a final decision adversely affecting their interests is taken is guaranteed through their right to reply in writing to the preliminary position of the Commission, as set out in the statement of objections and their right to develop their arguments, if they so request, at the oral hearing. In order to exercise these rights effectively, parties to whom a statement of objections has been addressed have the right of access to the Commission's investigation file.

(15) In order to safeguard the effective exercise of the rights of defence of parties to whom a statement of objections has been addressed, the hearing officer should be responsible for ensuring that disputes about access to the file or about the protection of business secrets and other confidential information between those parties and the Commission's Directorate-General for Competition are resolved. In exceptional circumstances, the hearing officer may suspend the running of the time period in which an addressee of a statement of objections should reply to that statement until a dispute about access to file has been resolved, if the addressee would not be in a position to reply within the deadline granted and an extension would not be an adequate solution at that point in time.

(16) In order to safeguard the effective exercise of procedural rights while respecting the legitimate interests of confidentiality, the hearing officer should, where appropriate, be able to order specific measures for access to the Commission's file. In particular, the hearing officer should have the power to decide that parts of the file are made accessible to the party requesting access in a restricted manner, for example by limiting the number or category of persons having access, and the use of the information being accessed.

(17) The hearing officer should be responsible for deciding on requests for the extension of time limits set for the reply to a statement of objections, a supplementary statement of objections or a letter of facts or time limits within which other involved parties, complainants or interested third persons may make comments, in case of disagreement between any such person and the Directorate-General for Competition.

(18) The hearing officer should promote the effectiveness of the oral hearing, by, inter alia, taking all appropriate preparatory measures, including the circulation, in due time before the hearing, of a provisional list of participants and a provisional agenda.

(19) The oral hearing allows the parties to whom the Commission has addressed a statement of objections and other involved parties to further exercise their right to be heard by developing their arguments orally before the Commission, which should be represented by the Directorate-General for Competition as well as other services that contribute to the further preparation of a decision to be taken by the Commission. It should provide an additional opportunity to ensure that all relevant facts – whether favourable or unfavourable to the parties concerned, including the factual elements relating to the gravity and duration of the alleged infringement – are clarified as much as possible. The oral hearing should also allow the parties to present their arguments as to the matters that may be of importance for the possible imposition of fines.

(20) To ensure the effectiveness of oral hearings, the hearing officer may allow the parties to whom a statement of objections has been addressed, other involved parties, complainants, other persons invited to the hearing, the Commission services and the authorities of the Member States to ask questions during the hearing. The oral hearing should not be public so as to guarantee that all participants can express themselves freely. Therefore, information disclosed during the oral hearing should not be used for a purpose other than judicial and/or administrative proceedings for the application of Articles 101 and 102 of the Treaty. Where justified to protect business secrets and other confidential information, the hearing officer should be able to hear persons in a closed session.

(21) Parties to the proceedings which offer commitments pursuant to Article 9 of Regulation (EC) No 1/2003, as well as parties which engage in settlement procedures in cartel cases pursuant to Article 10a of Regulation (EC) No 773/2004, should be able to call upon the hearing officer in relation to the effective exercise of their procedural rights.

(22) The hearing officer should report on the respect for the effective exercise of procedural rights throughout competition proceedings. Moreover, and separately from his or her reporting function, the hearing officer should also be able to make observations on the further progress and objectivity of the proceedings and thereby contribute to ensuring that competition proceedings are concluded on the basis of a sound assessment of all relevant facts.

(23) When disclosing information about natural persons, the hearing officer should have regard, in particular, to Regulation (EC) No 45/2001 of the European Parliament and of the Council of 18 December 2000 on the protection of individuals with regard to the processing of personal data by the Community institutions and bodies and on the free movement of such data ([1]).

(24) Decision 2001/462/EC, ECSC should be repealed,

HAS DECIDED AS FOLLOWS:

CHAPTER 1

ROLE, APPOINTMENT AND DUTIES OF THE HEARING OFFICER

Article 1

The Hearing Officer

1. There shall be one or more hearing officers for competition proceedings, whose powers and functions are laid down in the present decision.

2. The hearing officer shall safeguard the effective exercise of procedural rights throughout competition proceedings before the Commission for the implementation of Articles 101 and 102 of the Treaty, and under Regulation (EC) No 139/2004 (hereinafter 'competition proceedings').

Article 2

Appointment, Termination of Appointment and Deputising

1. The Commission shall appoint the hearing officer. The appointment shall be published in the *Official Journal of the European Union*. Any interruption, termination or transfer of the hearing officer shall be the subject of a reasoned decision of the Commission. That decision shall be published in the *Official Journal of the European Union*.

---

([1]) OJ L 8, 12.1.2001, p. 1.

2. The hearing officer shall be attached, for administrative purposes, to the member of the Commission with special responsibility for competition (hereinafter 'the competent member of the Commission').

3. Where the hearing officer is unable to act, his or her role shall be carried out by another hearing officer. If no hearing officer is able to act, the competent member of the Commission, where appropriate after consultation of the hearing officer, shall designate another competent Commission official, who is not involved in the case in question, to carry out the hearing officer's duties.

4. In case of an actual or potential conflict of interests, the hearing officer shall refrain from acting on a case. Paragraph 3 shall apply.

*Article 3*

**Method of Operation**

1. In exercising his or her functions, the hearing officer shall act independently.

2. In exercising his or her functions, the hearing officer shall take account of the need for effective application of the competition rules in accordance with Union legislation in force and the principles laid down by the Court of Justice.

3. In exercising his or her functions, the hearing officer shall have access to any files relating to competition proceedings.

4. The hearing officer shall be kept informed by the director responsible for investigating the case in the Directorate-General for Competition (hereinafter 'the director responsible') about the development of the procedure.

5. The hearing officer may present observations on any matter arising out of any Commission competition proceeding to the competent member of the Commission.

6. If the hearing officer makes reasoned recommendations to the competent member of the Commission or takes decisions as foreseen in this decision, the hearing officer shall provide a copy of these documents to the director responsible and the Legal Service of the Commission.

7. Any issue regarding the effective exercise of the procedural rights of the parties concerned, other involved parties within the meaning of Article 11(b) of Regulation (EC) No 802/2004 (hereinafter 'the other involved parties'), complainants within the meaning of Article 7(2) of Regulation (EC) No 1/2003 (hereinafter 'complainants') and interested third persons within the meaning of Article 5 of this Decision involved in such proceedings shall first be raised by those persons with the Directorate-General for Competition. If the issue is not resolved, it may be referred to the hearing officer for independent review. Requests related to a measure for which a time limit applies must be made in due time, within the original time limit.

CHAPTER 2

**INVESTIGATION**

*Article 4*

**Procedural rights in the investigation phase**

1. The hearing officer shall safeguard the effective exercise of procedural rights which arise in the context of the exercise of the Commission's powers of investigation under Chapter V of Regulation (EC) No 1/2003 and in proceedings that can result in the imposition of fines pursuant to Article 14 of Regulation (EC) No 139/2004.

2. In particular, the hearing officer shall have the following functions, subject to Article 3(7):

(a) The hearing officer may be asked by undertakings or associations of undertakings to examine claims that a document required by the Commission in the exercise of powers conferred on it pursuant to Article 18, 20 or 21 of Regulation (EC) No 1/2003, in inspections pursuant to Article 13 of Regulation (EC) No 139/2004 or in the context of investigatory measures in proceedings that can result in the imposition of fines pursuant to Article 14 of Regulation (EC) No 139/2004 and which was withheld from the Commission is covered by legal professional privilege, within the meaning of the case-law of the Court of Justice. The hearing officer may only review the matter if the undertaking or association of undertakings making the claim consent to the hearing officer viewing the information claimed to be covered by legal professional privilege as well as related documents that the hearing officer considers necessary for his or her review. Without revealing the potentially privileged content of the information, the hearing officer shall communicate to the director responsible and the undertaking or association of undertakings concerned his or her preliminary view, and may take appropriate steps to promote a mutually acceptable resolution. Where no resolution is reached, the hearing officer may formulate a reasoned recommendation to the competent member of the Commission, without revealing the potentially privileged content of the document. The party making the claim shall receive a copy of this recommendation.

(b) Where the addressee of a request for information pursuant to Article 18(2) of Regulation (EC) No 1/2003 refuses to reply to a question in such a request invoking the privilege against self-incrimination, as determined by the case-law of the Court of Justice, it may refer the matter, in due time following the receipt of the request, to the hearing officer. In appropriate cases, and having regard to the need to avoid undue delay in proceedings, the hearing officer may make a reasoned recommendation as to whether the privilege against self-incrimination applies and inform the director

responsible of the conclusions drawn, to be taken into account in case of any decision taken subsequently pursuant to Article 18(3) of Regulation (EC) No 1/2003. The addressee of the request shall receive a copy of the reasoned recommendation.

(c) Where the addressee of a decision requesting information pursuant to Article 18(3) of Regulation (EC) No 1/2003 considers that the time limit imposed for its reply is too short, it may refer the matter to the hearing officer, in due time before the expiry of the original time limit set. The hearing officer shall decide on whether an extension of the time limit should be granted, taking account of the length and complexity of the request for information and the requirements of the investigation.

(d) Undertakings or associations of undertakings subject to an investigative measure by the Commission under Chapter V of Regulation (EC) No 1/2003 shall have the right to be informed of their procedural status, namely whether they are subject to an investigation and, if so, the subject matter and purpose of that investigation. If such an undertaking or association of undertakings considers that it has not been properly informed by the Directorate-General for Competition of its procedural status, it may refer the matter to the hearing officer for resolution. The hearing officer shall take a decision that the Directorate-General for Competition will inform the undertaking or association of undertakings that made the request of their procedural status. This decision shall be communicated to the undertaking or association of undertakings that made the request.

CHAPTER 3

APPLICATIONS TO BE HEARD

Article 5

**Interested third persons**

1. Applications to be heard from persons other than those referred to in Articles 5 and 11 of Regulation (EC) No 773/2004 and third persons within the meaning of Article 11 of Regulation (EC) No 802/2004 (hereinafter 'third persons') shall be made in accordance with Article 13(1) of Regulation (EC) No 773/2004 and Article 16 of Regulation (EC) No 802/2004. Applications shall be submitted in writing and explain the applicant's interest in the outcome of the procedure.

2. The hearing officer shall decide as to whether third persons are to be heard after consulting the director responsible. In assessing whether a third person shows a sufficient interest, the hearing officer shall take into account whether and to what extent the applicant is sufficiently affected by the conduct which is the subject of the competition proceedings or whether the applicant fulfils the requirements of Article 18(4) of Regulation (EC) No 139/2004.

3. Where the hearing officer considers that an applicant has not shown a sufficient interest to be heard, he or she shall inform the applicant in writing of the reasons thereof. A time limit shall be fixed within which the applicant may make known its views in writing. If the applicant makes known its views in writing within the time limit set by the hearing officer and the written submission does not lead to a different assessment, that finding shall be stated in a reasoned decision which shall be notified to the applicant.

4. The hearing officer shall inform parties to competition proceedings as from the initiation of proceedings pursuant to Article 11(6) of Regulation (EC) No 1/2003 or Article 6(1)(c) of Regulation (EC) No 139/2004 of the identities of interested third persons to be heard, unless such disclosure would significantly harm a person or undertaking.

Article 6

**Right to an oral hearing; participation of complainants and third persons in the oral hearing**

1. At the request of parties to whom the Commission has addressed a statement of objections or other involved parties, the hearing officer shall conduct an oral hearing so that such parties can further develop their written submissions.

2. The hearing officer may, where appropriate and after consulting the director responsible, decide to afford complainants and interested third persons within the meaning of Article 5 the opportunity to express their views at the oral hearing of the parties to which a statement of objections has been issued, provided they so request in their written comments. The hearing officer may also invite representatives from competition authorities from third countries to attend the oral hearing as observers in accordance with agreements concluded between the Union and third countries.

CHAPTER 4

ACCESS TO FILE, CONFIDENTIALITY AND BUSINESS SECRETS

Article 7

**Access to File and Access to Documents and Information**

1. Where a party which has exercised its right of access to the file has reason to believe that the Commission has in its possession documents which have not been disclosed to it and that those documents are necessary for the proper exercise of the right to be heard, it may make a reasoned request for access to these documents to the hearing officer, subject to Article 3(7).

2. Subject to Article 3(7), other involved parties, complainants and interested third persons within the meaning of Article 5 may make a reasoned request to the hearing officer in the circumstances listed hereafter:

(a) Other involved parties who have reason to believe that they have not been informed of the objections addressed to the notifying parties in accordance with Article 13(2) of Regulation (EC) No 802/2004.

(b) A complainant who has been informed by the Commission of its intention to reject a complaint pursuant to Article 7(1) of Regulation (EC) No 773/2004 and has reason to believe that the Commission has in its possession documents which have not been disclosed to it and that those documents are necessary for the proper exercise of its rights in accordance with Article 8(1) of Regulation (EC) No 773/2004.

(c) A complainant who considers that it has not received a copy of the non-confidential version of the statement of objections in accordance with Article 6(1) of Regulation (EC) No 773/2004 or that the non-confidential version of the statement of objections has not been established in a manner which enables it to exercise its rights effectively, with the exception of cases where the settlement procedure applies.

(d) An interested third person within the meaning of Article 5 of this Decision who has reason to believe that it has not been informed of the nature and subject matter of a procedure in accordance with Article 13(1) of Regulation (EC) No 773/2004 and Article 16(1) of Regulation (EC) No 802/2004. The same applies to a complainant in a case to which the settlement procedure applies who has reason to believe that it has not been informed of the nature and subject matter of the procedure in accordance with Article 6(1) of Regulation (EC) No 773/2004.

3. The hearing officer shall take a reasoned decision on a request addressed to him or her under paragraph 1 or 2 and communicate such decision to the person that made the request and to any other person concerned by the procedure.

*Article 8*

**Business secrets and other confidential information**

1. Where the Commission intends to disclose information which may constitute a business secret or other confidential information of any undertaking or person, the latter shall be informed in writing of this intention and the reasons thereof by the Directorate-General for Competition. A time limit shall be fixed within which the undertaking or person concerned may submit any written comments.

2. Where the undertaking or person concerned objects to the disclosure of the information it may refer the matter to the hearing officer. If the hearing officer finds that the information may be disclosed because it does not constitute a business secret or other confidential information or because there is an overriding interest in its disclosure that finding shall be stated in a reasoned decision which shall be notified to the undertaking or person concerned. The decision shall specify the date after which the information will be disclosed. This date shall not be less than 1 week from the date of notification.

3. Paragraphs 1 and 2 shall apply *mutatis mutandis* to the disclosure of information by publication in the *Official Journal of the European Union*.

4. Where appropriate in order to balance the effective exercise of a party's rights of defence with legitimate interests of confidentiality, the hearing officer may decide that parts of the file which are indispensable for the exercise of the party's rights of defence will be made accessible to the party requesting access in a restricted manner, the details of which shall be determined by the hearing officer.

CHAPTER 5

**EXTENSION OF TIME LIMITS**

*Article 9*

**Requests for extension of time limits**

1. If an addressee of a statement of objections considers that the time limit imposed for its reply to the statement of objections is too short, it may seek an extension of that time limit by means of a reasoned request addressed to the director responsible. Such a request must be made in due time before the expiry of the original time limit in proceedings pursuant to Articles 101 and 102 of the Treaty and at least 5 working days before the expiry of the original time limit in proceedings under Regulation (EC) No 139/2004. If such a request is not granted or the addressee of the statement of objections making the request disagrees with the length of the extension granted, it may refer the matter to the hearing officer for review before the expiry of the original time limit. After hearing the director responsible, the hearing officer shall decide on whether an extension of the time limit is necessary to allow the addressee of a statement of objections to exercise its right to be heard effectively, while also having regard to the need to avoid undue delay in proceedings. In proceedings pursuant to Articles 101 and 102 of the Treaty, the hearing officer shall take into account, among others, the following elements:

(a) the size and complexity of the file;

(b) whether the addressee of the statement of objections making the request has had prior access to information;

(c) any other objective obstacles which may be faced by the addressee of the statement of objections making the request in providing its observations.

For the purposes of assessing point (a) of the first subparagraph, the number of infringements, the alleged duration of the infringement(s), the size and number of documents and the size and complexity of expert studies may be taken into consideration.

2. If other involved parties, a complainant or an interested third person within the meaning of Article 5 considers that the time limit to make its views known is too short, it may seek an extension of that time limit by means of a reasoned request addressed to the director responsible in due time before the expiry of the original time limit. If such a request is not granted or the other involved party, complainant or interested third person disagrees with this decision, it may refer the matter to the hearing officer for review. After hearing the director responsible, the hearing officer shall decide on whether an extension of the time limit should be granted.

CHAPTER 6

THE ORAL HEARING

*Article 10*

**Organisation and function**

1. The hearing officer shall organise and conduct the hearings provided for in the provisions implementing Articles 101 and 102 of the Treaty and Regulation (EC) No 139/2004.

2. The oral hearing shall be conducted by the hearing officer in full independence.

3. The hearing officer shall ensure that the hearing is properly conducted and shall contribute to the objectivity of the hearing itself and of any decision taken subsequently.

4. The hearing officer shall ensure that the oral hearing provides addressees of the statement of objections, other involved parties, as well as complainants and interested third persons within the meaning of Article 5 which have been admitted to the oral hearing, with sufficient opportunity to develop their views as to the preliminary findings of the Commission.

*Article 11*

**Preparation of the oral hearing**

1. The hearing officer shall be responsible for the preparation of the oral hearing and shall take all appropriate measures in that regard. In order to ensure the proper preparation of the oral hearing, the hearing officer may, after consulting the director responsible, supply in advance to the persons invited to the hearing a list of questions on which they are invited to make known their views. The hearing officer may also indicate to the persons invited to the hearing the focal areas for debate, having regard, in particular, to the facts and issues that the addressees of a statement of objections who have requested an oral hearing want to raise.

2. For this purpose, after consulting the director responsible, the hearing officer may hold a meeting with the persons invited to the hearing and, where appropriate, the Commission services, in order to prepare for the hearing itself.

3. The hearing officer may also ask for prior written notification of the essential contents of the intended statements of persons invited to the hearing.

4. The hearing officer may set a time limit for all persons invited to the oral hearing to provide a list of participants who will attend on their behalf. The hearing officer shall make this list available to all persons invited to the oral hearing in due time before the date of the hearing.

*Article 12*

**Timing and conduct**

1. After consulting the director responsible, the hearing officer shall determine the date, the duration and the place of the hearing. Where a postponement is requested, the hearing officer shall decide whether or not to allow it.

2. The hearing officer shall decide whether new documents should be admitted during the hearing and which persons should be heard on behalf of a party.

3. The hearing officer may allow the parties to whom a statement of objections has been addressed, other involved parties, complainants, other persons invited to the hearing, the Commission services and the authorities of the Member States to ask questions during the hearing. To the extent that, exceptionally, a question cannot be answered in whole or in part at the oral hearing, the hearing officer may allow the reply to be given in writing within a set time limit. Such written reply shall be distributed to all participants in the oral hearing, unless the hearing officer decides otherwise in order to protect the rights of defence of an addressee of a statement of objections or the business secrets or other confidential information of any person.

4. Where required by the need to ensure the right to be heard, the hearing officer may, after consulting the director responsible, afford the parties concerned, other involved parties, complainants or interested third persons within the meaning of Article 5 the opportunity to submit further written comments after the oral hearing. The hearing officer shall fix a date by which such submissions may be made. The Commission shall not be obliged to take into account written comments received after that date.

*Article 13*

**Protection of business secrets and confidentiality at the oral hearing**

Each person shall normally be heard in the presence of all other persons invited to attend the oral hearing. The hearing officer may also decide to hear persons separately in a closed session, having regard to their legitimate interest in the protection of their business secrets and other confidential information.

L 275/36 EN Official Journal of the European Union 20.10.2011

CHAPTER 7

**INTERIM REPORT AND RIGHT TO MAKE OBSERVATIONS**

*Article 14*

**Interim report and observations**

1. The hearing officer shall submit an interim report to the competent member of the Commission on the hearing and the conclusions he or she draws with regard to the respect for the effective exercise of procedural rights. The observations in this report shall concern procedural issues including the following:

(a) disclosure of documents and access to the file;

(b) time limits for replying to the statement of objections;

(c) the observance of the right to be heard;

(d) the proper conduct of the oral hearing.

A copy of the report shall be given to the Director-General for Competition, to the director responsible and to the other competent services of the Commission.

2. In addition to, and separately from, the report referred to in paragraph 1, the hearing officer may make observations on the further progress and impartiality of the proceedings. In so doing, the hearing officer shall seek to ensure in particular that, in the preparation of draft Commission decisions, due account is taken of all the relevant facts, whether favourable or unfavourable to the parties concerned, including the factual elements relevant to the gravity and duration of any infringement. Such observations may relate to, inter alia, the need for further information, the withdrawal of certain objections, the formulation of further objections or suggestions for further investigative measures pursuant to Chapter V of Regulation (EC) No 1/2003.

The Director-General for Competition, the director responsible and the Legal Service shall be informed of such observations.

CHAPTER 8

**COMMITMENTS AND SETTLEMENTS**

*Article 15*

**Commitments and settlements**

1. Parties to the proceedings which offer commitments to meet the concerns expressed to them by the Commission in its preliminary assessment pursuant to Article 9 of Regulation (EC) No 1/2003 may call upon the hearing officer at any stage in the procedure pursuant to Article 9, in order to ensure the effective exercise of their procedural rights.

2. Parties to proceedings in cartel cases which engage in settlement discussions pursuant to Article 10a of Regulation (EC) No 773/2004 may call upon the hearing officer at any stage during the settlement procedure in order to ensure the effective exercise of their procedural rights.

CHAPTER 9

**FINAL REPORT**

*Article 16*

**Content and transmission prior to the adoption of a decision**

1. The hearing officer shall, on the basis of the draft decision to be submitted to the Advisory Committee in the case in question, prepare a final report in writing on the respect for the effective exercise of procedural rights, as referred to in Article 14(1), at any stage of the proceedings. That report will also consider whether the draft decision deals only with objections in respect of which the parties have been afforded the opportunity of making known their views.

2. The final report shall be submitted to the competent member of the Commission, the Director-General for Competition, the director responsible and the other competent services of the Commission. It shall be communicated to the competent authorities of the Member States and, in accordance with the provisions on cooperation laid down in Protocols 23 and 24 of the EEA Agreement, to the EFTA Surveillance Authority.

*Article 17*

**Submission to the Commission and publication**

1. The hearing officer's final report shall be presented to the Commission together with the draft decision submitted to it, in order to ensure that, when it reaches a decision on an individual case, the Commission is fully apprised of all relevant information as to the course of the procedure and that the effective exercise of procedural rights has been respected throughout the proceedings.

2. The final report may be modified by the hearing officer in the light of any amendments to the draft decision prior to its adoption by the Commission.

3. The Commission shall communicate the hearing officer's final report, together with the decision, to the addressees of the decision. It shall publish the hearing officer's final report in the *Official Journal of the European Union*, together with the decision, having regard to the legitimate interest of undertakings in the protection of their business secrets.

CHAPTER 10

**FINAL PROVISIONS**

*Article 18*

**Repeal and transitional provision**

1. Decision 2001/462/EC, ECSC is repealed.

2. Procedural steps already taken under Decision 2001/462/EC, ECSC shall continue to have effect. In relation to investigatory measures that were taken before the entry into force of this Decision, the hearing officer may decline to exercise his or her powers pursuant to Article 4.

20.10.2011 | EN | Official Journal of the European Union | L 275/37

In cases where the initiation of proceedings pursuant to Article 11(6) of Regulation (EC) No 1/2003 or the initiation of proceedings pursuant to Article 6(1)(c) of Regulation (EC) No 139/2004 took place before the entry into force of the present Decision, the interim report pursuant to Article 14 of the present Decision and the final report pursuant to Article 16 shall not cover the investigation phase, unless the hearing officer decides otherwise.

*Article 19*

**Entry into force**

This Decision shall enter into force on the day following its publication in the *Official Journal of the European Union*.

Done at Brussels, 13 October 2011.

*For the Commission*
*The President*
José Manuel BARROSO