# EXHIBIT 5

GUIDO SAVERI (22349)
   guido@saveri.com
R. ALEXANDER SAVERI (173102)
   rick@saveri.com
GEOFFREY C. RUSHING (126910)
   grushing@saveri.com
CADIO ZIRPOLI (179108)
   cadio@saveri.com
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*


# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To: | **DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| ALL DIRECT PURCHASER ACTIONS | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request that each Defendant respond to each of the following requests for production of Documents, and produce all responsive Documents for inspection and copying within 30 days.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if Defendants, their directors, officers, Employees, agents, representatives or any person acting, or purporting to act, on behalf of any Defendant, discover any Document(s) requested or required to be produced, Defendants shall make such Document(s) available.

## DEFINITIONS

As used herein, the following terms are defined as follows:

1. "All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

2. "Any" shall be construed to mean "any and all."

3. "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

4. "Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

5. "Defendant" means any company, organization, entity or person presently or subsequently named as a Defendant in this litigation.

6. "Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports,

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of Meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

7.      "Electronic Data" includes, without limitation, the following:

a.      activity listings of electronic mail receipts and/or transmittals;

b.      output resulting from the use of any software program, including, without limitation, word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

c.      any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.*, Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all Documents requested herein.

8.      "Employee" means, without limitation, any current or former officer, director, executive, manager, secretary, staff member, messenger, agent or other person who is or was employed by a Defendant.

9.      "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the request in any way.

10.      "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS; Master File No. 07-5944 SC

11.     "Or" and "and" should be construed so as to require the broadest possible response. If, for example, a request calls for information about "A or B" or "A and B," You should produce all information about A and all information about B, as well as all information about A and B collectively.  In other words, "or" and "and" should be read as "and/or."

12.     "Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

13.     "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts:  discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

14.     "CRT" means cathode ray tube(s) and "CRT Products" means products containing cathode ray tubes.

15.     "You," "Your," or "Your Company" mean the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, Employees, agents, representatives or any persons acting or purporting to act on behalf of the responding Defendant.

## INSTRUCTIONS

1.     Unless otherwise noted, the Relevant Time Period for these Document requests is January 1, 1995 through the present (the "Relevant Time Period").  These Document requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

2.     To the extent Documents responsive to any of these Document requests have already been produced to plaintiffs, there is no need to produce those Documents a second time.  Instead, please provide the bates numbers of any responsive Documents already produced.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

3.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these requests, You shall promptly make any such Document available to plaintiffs.

4.      In producing Documents and other materials, You are to furnish all Documents or things in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

5.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of Your business.  All Documents shall be produced in the file folder, envelope or other container in which the Documents are kept or maintained.  If for any reason the container cannot be produced, You should produce copies of all labels or other identifying marks which may be present on the container.

6.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document(s) custodian(s).

7.      Documents attached to one another should not be separated.  If any portion of any Document is responsive to any portion of the Document requests below, then the entire Document must be produced.

8.      If a Document once existed and subsequently has been lost, destroyed or is otherwise missing, You should provide sufficient information to identify the Document and state, in writing, the details, including whether the Document:

      a.      is lost or missing;

      b.      has been destroyed and, if so, by whom at whose request;

      c.      has been transferred or delivered, voluntarily or involuntarily, to another person or entity and at whose request; and/or

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

d.      has been otherwise disposed of.

9.      In each instance in which a Document once existed and subsequently is lost, missing, destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the Document, including, but not limited to:

a.      the identity of the Person or entity who last possessed the Document;

b.      the date or approximate date of the Documents disposition; and

c.      the identity of all Persons who have or had knowledge of the Document's contents.

10.     If any Document responsive to any of these requests is privileged, and the Document or any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and all facts relied upon in support of that claim, including the following information:

a.      the reason for withholding the Document;

b.      the date of such communication;

c.      the medium of such communication;

d.      the general subject matter of such communication (such description shall not be considered a waiver of Your claimed privilege);

e.      the identity of any Document that was the subject of such communication and the present location of any such Document;

f.      the identity of the Persons involved in such communication;

g.      the identity of any Document which records, refers, or relates to such communication and present location of any such Document;

h.      the paragraph or paragraphs of these requests for production of Documents to which such information is responsive.

11.     Each Document requested herein should be produced in its entirety and without deletion, redaction or excisions, except as qualified by Instruction 10 above, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these Document

5

requests.  If You have redacted any portion of a Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted.  Any redactions to Documents produced should be identified in accordance with Instruction 10 above.

12.     All Documents produced in paper form should be Bates numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

13.     Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), the responding party must produce any electronically stored information ("ESI") in its native format. If ESI in its native format can only be accessed by proprietary or legacy software, or is password protected, or encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the receiving party shall receive all information and software necessary to access the ESI.

## DOCUMENT REQUESTS

**Request No. 1**

Documents sufficient to show Your corporate structure or organization throughout the relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**Request No. 2**

As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents, affiliates and joint ventures, Documents sufficient to identify each executive or Employee with managerial authority who had responsibilities or duties with respect to each of the following:

(a)     the manufacturing or production of CRT or CRT Products;

(b)     the marketing of CRT or CRT Products;

(c)     the pricing of CRT or CRT Products;

(d)     the sale or distribution of CRT or CRT Products;

(e)     maintaining any electronic database(s), including archives, of e-mail or other electronic Documents relating to CRT or CRT Products.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 3**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period January 1, 1991 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**Request No. 4**

Documents sufficient to show the manner in which You have maintained records relating to CRT or CRT Products during the period January 1, 1991 through the present, including Documents sufficient to describe all electronic data processing systems, programs and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United States.

**Request No. 5**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

     a)    customer names, customer billing addresses, and customer ship-to addresses;

     b)    sales terms;

     c)    sales dates and shipment dates;

     d)    product type, class, category, description, and respective use;

     e)    sales volumes;

     f)    unit price information, gross price, and actual net prices;

     g)    discounts, credits, and rebates;

     h)    shipping charges and terms;

     i)    any other related charges; and

     j)    amounts paid, dates paid, invoice numbers, and purchase order numbers.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

7

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 6**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5, including all record laYouts, field codes or other descriptions.

**Request No. 7**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRT or CRT Products.

**Request No. 8**

All Documents relating to any published prices for CRT or CRT Products during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States.

**Request No. 9**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**Request No. 10**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a) capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b) any proposed or actual change in the capacity to produce CRT or CRT Products;

c) any reason for changes in each facility's actual production of CRT or CRT Products;

d) the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e) each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

f)     any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g)     any projected production forecasts;

h)     any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**Request No. 11**

Documents sufficient to describe the processes for producing CRT or CRT Products, including but not limited to, any industry standards.

**Request No. 12**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing CRT or CRT Products during the period January 1, 1991 through the present.

**Request No. 13**

Documents sufficient to show Your inventory levels of CRT or CRT Products for each month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

**Request No. 14**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of CRT or CRT Products between You and any of Your affiliates, or between You and any other producer of CRT or CRT Products, and the price or any other consideration involved in every such sale, swap, trade, purchase or transfer.

**Request No. 15**

All Documents relating to any relationship between prices for CRT or CRT Products and any costs of producing, marketing, selling, or distributing CRT or CRT Products during the period January 1, 1991 through the present.

**Request No. 16**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRT or CRT Products.

9

**Request No. 17**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRT or CRT Products.

**Request No. 18**

Documents sufficient to show the identity of all other producers and sellers of CRT or CRT Products during any portion of the relevant period.

**Request No. 19**

All Documents relating to Your percentage or share of industry production, capacity, sales or shipments of CRT or CRT Products, or the percentage or share of industry production, capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time during the period January 1, 1991 through the present.

**Request No. 20**

All Documents showing the dollar volume or quantity of sales or shipments of CRT or CRT Products (by type or category, if available) by You or by other producers or sellers of CRT or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991 through the present.

**Request No. 21**

All Documents that compare or contrast each type, class, or category of CRT or CRT Products produced or sold by You with that of any other producer or seller of CRT or CRT Products and all Documents that relate to any industry standards regarding types, classes, or categories of CRT or CRT Products.

**Request No. 22**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 23**

All Documents relating to conditions of supply or demand for CRT or CRT Products, including, but not limited to, any market studies or industry reports during the period January 1, 1991 through the present.

**Request No. 24**

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRT or CRT Products during the Relevant Time Period.

**Request No. 25**

All Documents relating to any communications between You and any parent, subsidiary, affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or distribution of CRT or CRT Products.

**Request No. 26**

All Documents relating to communications regarding CRT or CRT Products between or among manufacturers of CRT or CRT Products, including Defendants.

**Request No. 27**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRT or CRT Products during which there was any communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products, including, but not limited to the notes of any such Meetings.

**Request No. 28**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of CRT or CRT Products:

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS; Master File No. 07-5944 SC

a.      all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

b.      all copies of trip and travel logs, records or other supporting Documents;

c.      all copies of expense reports or other supporting Documents;

d.      all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

e.      all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

f.      all Documents relating to membership in any trade association or industry group; and

g.      the complete personnel file for that Employee.

**Request No. 29**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRT or CRT Products of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**Request No. 30**

All Documents relating to Meetings of each trade association and each of its committees or subcommittees relating to CRT or CRT Products, including all Documents relating to any such Meeting attended by You and any other CRT or CRT Products manufacturer and Documents sufficient to identify individuals from Your company who attended, the dates of attendance, and the subject matters discussed.

**Request No. 31**

All studies, analyses, communications, presentations or other Documents that You have submitted to or received from any trade association regarding CRT or CRT Products.

**Request No. 32**

All statements, announcements, disclosures or press releases issued by You or any of Your competitors relating to CRT or CRT Products.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 33**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and compliance with Your antitrust compliance policy.

**Request No. 34**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products. This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**Request No. 35**

All Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced or were seized by any foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary, Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

**Request No. 36**

Copies of all subpoenas or requests for production of Documents issued by any foreign governmental or legislative investigative body referring or relating to CRT or CRT Products during the relevant period.

DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; Master File No. 07-5944 SC

**Request No. 37**

All Documents relating to, prepared for, submitted to, or received by You as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, price manipulation or manipulation of production or capacity of CRT or CRT Products.

**Request No. 38**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

**Request No. 39**

All Documents referring to or relating to plaintiffs in this litigation.

**Request No. 40**

All Documents that You claim would have been available to the plaintiffs or any purchaser of CRT or CRT Products prior to November 2007, which should have caused the plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the United States.

DATED:  March 12, 2010

Respectfully submitted,
SAVERI & SAVERI, INC.

By _____
Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
706 Sansome Street
San Francisco, CA  94111-5619
Phone:  (415) 217-6810
Fax:  (415) 217-6813

**Direct Purchaser Plaintiffs' Interim Lead Counsel**

crt.250

14

Electronically Received
ZHVM
May 14, 2010
File No. #: 3-396-0001

STEVEN A. REISS (*Admitted Pro Hac Vice*)
DAVID L. YOHAI (*Admitted Pro Hac Vice*)
DAVID YOLKUT (*Admitted Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
A. PAUL VICTOR (*Admitted Pro Hac Vice*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
Email: jkessler@dl.com

**Attorneys for Defendant Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.: M-07-5944 SC MDL NO. 1917 |
| This Document Relates to: | Judge: Hon. Samuel Conti Special Master: Hon. Charles A. Legge (Ret.) |
| DIRECT PURCHASER ACTION | **OBJECTIONS AND RESPONSES OF DEFENDANT PANASONIC CORPORATION (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.) TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Panasonic Corporation, f/k/a Matsushita Electric Industrial Co., Ltd. ("Panasonic"), hereby makes the following objections and responses to the Direct Purchaser Plaintiffs' ("Plaintiffs") Second Set of Requests for Production of Documents, dated March 12, 2010 (the "Second Requests").

## GENERAL OBJECTIONS

Each and every one of the following general objections is incorporated into the specific responses below as if set forth in full therein:

1. Panasonic objects to the Second Requests to the extent they seek information or seek to impose burdens and requirements upon Panasonic that exceed or differ from the requirements of the Federal Rules of Civil Procedure.

2. Panasonic objects to the Second Requests to the extent they seek information not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

3. Panasonic objects to the Second Requests to the extent that they are overly broad and unduly burdensome.

4. Panasonic objects to the Second Requests to the extent that they are needlessly duplicative.

5. Panasonic objects to the Second Requests to the extent that they are vague, ambiguous or susceptible to more than one interpretation.

6. Panasonic objects to the Second Requests to the extent they seek information or documents that reflect, refer to, or relate to the ongoing criminal grand jury investigation concerning CRTs in contravention of the Court's Order to Extend Limited Discovery Stay, dated January 30, 2010.

7. Panasonic objects to the Second Requests to the extent that they seek any information or any document that is subject to attorney-client privilege, work product protection, joint defense or common interest privilege, or any other applicable doctrine, privilege, protection

or immunity from production.  The inadvertent or mistaken provision of any documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production, and does not put in issue or constitute affirmative use of the advice of counsel defense or of any privileged communications.

8.     Panasonic objects to the Second Requests to the extent they seek documents that are publicly available, already in Plaintiffs' possession or more readily available from other sources.

9.     Panasonic objects to the Second Requests on the ground that they require Panasonic to produce documents that are not in its possession, custody or control.  Panasonic also objects to the extent that any request seeks information from a non-party, such as, but not limited to, any of Panasonic's subsidiary, affiliate or sibling corporations or companies.

10.     Panasonic objects to the Second Requests on the ground that they seek information or documents about CRTs and CRT products involved in transactions outside the United States, which is unduly burdensome and irrelevant to this pending action as Plaintiffs' proposed class definition in their Consolidated Amended Complaint is confined to "all persons . . . who directly purchased a Cathode Ray Tube Product . . . in the United States."  See Cplt ¶ 1.

11.     Panasonic objects to the Second Requests to the extent that the laws or procedures of a foreign country prohibit the production of documents responsive to such requests.

12.     Panasonic objects to the Second Requests to the extent they seek the production of documents that have been provided already to Plaintiffs.

13.     Panasonic reserves the right to assert additional general and specific objections to the production of information or documents as appropriate and to supplement these objections and responses.  Panasonic also reserves the right to assert additional general and specific objections arising from matters discovered during the course of this litigation.

14.     By responding to the Second Requests and/or stating that it is providing responsive, non-privileged documents in its possession, custody or control, Panasonic does not

make any representation as to whether documents responsive to any of the categories set forth below exist or are in its possession, custody or control.  No objection or limitation, or lack thereof, made in the responses and objections herein shall be deemed an admission by Panasonic as to the existence or nonexistence of documents or information.

15.     Panasonic's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of the Second Requests should not be construed as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of Panasonic's general objections or the objections asserted in response to specific document requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

16.     Panasonic objects to the definition of the term "Defendant" as vague and incomprehensible to the extent it purports to include unidentified companies, organizations, entities and persons who may be named as a defendant in this litigation at some unspecified date in the future.

17.     Panasonic objects to the definition of the term "Document" to the extent it seeks to impose requirements that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure or any other applicable laws or rules.

18.     Panasonic objects to the definition of the term "Electronic data" as overly broad, unduly burdensome, and seeking information that is not likely to lead to the discovery of admissible evidence.  Panasonic further objects to this definition to the extent it seeks to impose requirements that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure or any other applicable laws or rules.

19.     Panasonic objects to the definition of "CRT products" on the grounds that it is vague, ambiguous, and subject to overbreadth.  Moreover, any discovery as to "CRT products" that is not reasonably related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims regarding "CRT products" to justify the enormous burden that Plaintiffs

seek to impose on Panasonic by pursuing discovery as to all such products (the "Products Objection").

20.     Panasonic objects to the definitions of "You," "Your," and "Your company" as overly broad.  When coupled with other definitions and the requests themselves, this definition requests information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  For example, Panasonic objects because the definition, on its face, seeks to require Panasonic to provide documents and information not within its possession, custody or control.  Further, Panasonic objects to the inclusion of "agents and all other persons acting or purporting to act on behalf of it" within this definition to the extent it purports to encompass information that is protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity from production.

21.     Panasonic objects to the definition of the "relevant time period" in Instruction No. 1 as overbroad and unduly burdensome prior to the time that the statute of limitations issues are resolved in this case.  Judge Conti has directed the parties to Judge Legge to develop procedures for the early resolution of statute of limitations issues and to reduce the burden in connection therewith.  Panasonic believes it is premature for it to have to produce any documents from prior to the statute of limitations period until Judge Legge considers this issue and determines the proper scope of that burden (the "Relevant Time Period Objection").

22.     Panasonic objects to Instruction No. 6 on the ground that producing documents "in such fashion as to identify the department, branch or office in whose possession they were located and . . . the natural person in whose possession they were found and the business address of each document(s) custodian(s)" is not required under the Federal Rules of Civil Procedure.  Panasonic further objects to this instruction as inappropriate for this type of discovery request as it is in the nature of an interrogatory.

23.     Panasonic objects to Instruction Nos. 8 and 9 on the ground that it is impossible to identify, describe, and further explain the circumstances regarding every document that ever "once existed and subsequently has been lost, destroyed, or is otherwise missing."  To the extent

that it is even possible to identify, describe, and explain the circumstances regarding such documents, this investigation would impose a unique, time-consuming and unreasonable burden upon Panasonic.

24.     Panasonic objects to Instruction No. 10 on the ground that it requires more information than is necessary or required for a privilege log, and is beyond the scope of Rule 26(b)(5) of the Federal Rules of Civil Procedure.  For example, stating the general subject matter of a privileged communication is sufficient for the purposes of a privilege log.

## RESPONSES TO THE SECOND REQUESTS

**REQUEST NO. 1**

Documents sufficient to show Your corporate structure or organization throughout the relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**RESPONSE TO REQUEST NO. 1:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.  For example, Request No. 1 seeks documents sufficient to show departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that have no relation whatsoever to the manufacture, marketing, sale or distribution of CRTs.  Panasonic also objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs both on November 14, 2008 and March 8, 2010.  *See*, for example, the documents bearing bates

numbers PAN0000517, MTPD-0020728 and MTPD-0020733.  Subject to the foregoing

objections, and to the extent not duplicative of earlier productions, Panasonic will produce non-

privileged documents in its possession, custody or control sufficient to show the corporate

structure or organization of Panasonic with regard to its departments, divisions, parents,

subsidiaries, joint ventures, affiliates, or other sub-units responsible for the manufacture,

marketing, sale or distribution of CRTs and CRT Products to the United States, subject to the

Relevant Time Period Objection, if any.

**REQUEST NO. 2**

As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents,

affiliates and joint ventures, Documents sufficient to identify each executive or Employee with

managerial authority who had responsibilities or duties with respect to each of the following:

       (a)     the manufacturing or production of CRT or CRT Products;

       (b)     the marketing of CRT or CRT Products;

       (c)     the pricing of CRT or CRT Products;

       (d)     the sale or distribution of CRT or CRT Products;

       (e)     maintaining any electronic database(s), including archives, of e-mail or

              other electronic Documents relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Objections, which are incorporated here by reference, Panasonic

objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome and seeks

documents that are not reasonably calculated to lead to the discovery of admissible evidence.  For

example, Request No. 2 seeks information regarding "each Employee with managerial authority"

having "responsibilities or duties" with respect to various broadly described activities.  Panasonic

also objects to this request to the extent it seeks the production of documents that have been

1  produced already to Plaintiffs both on November 14, 2008 and March 8, 2010. *See*, for example,

2  the documents bearing bates numbers PAN0000517, MTPD-0020728 and MTPD-0020733.

3  Subject to the foregoing objections, and to the extent not duplicative of earlier productions,

4  Panasonic will produce non-privileged documents in its possession, custody or control sufficient

5  to identify executives or Employees with managerial authority, as to each of the departments,

6  divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of Panasonic

7  responsible for the manufacture, marketing, pricing, sale or distribution of CRTs and CRT

8  Products to the United States that were directly involved in the activities listed in subparts (a)

9  through (e) of Request No. 2, subject to the Relevant Time Period Objection, if any.

10 **REQUEST NO. 3**

11         Documents sufficient to describe Your policies or practices with respect to the retention or

12 destruction of Documents during the period January 1, 1991 through the present, and, if such

13 policy or practice has been different with respect to any category of Documents or over different

14 times, Documents sufficient to identify each such category or time period and to describe Your

15 retention policy or practice with respect to each such category or time period.

16 **RESPONSE TO REQUEST NO. 3:**

17         In addition to its General Objections, which are incorporated here by reference, Panasonic

18 will produce non-privileged documents in its possession, custody or control sufficient to describe

19 the document retention policies of Panasonic's departments, divisions, or affiliates responsible for

20 the manufacture, marketing, pricing, sale or distribution of CRTs and CRT Products to the United

21 States, subject to the Relevant Time Period Objection, if any.

22 **REQUEST NO. 4**

23         Documents sufficient to show the manner in which You have maintained records relating

24 to CRT or CRT Products during the period January 1, 1991 through the present, including

25

26

27

28

---

MDL NO. 1917                              PANASONIC'S OBJECTIONS AND RESPONSES TO
                                          DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
                                          REQUESTS FOR PRODUCTION OF DOCUMENTS

Documents sufficient to describe all electronic data processing systems, programs and outputs used to record, store, compute, analyze or retrieve electronically stored information relating to Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United States.

**RESPONSE TO REQUEST NO. 4:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 4 as vague, ambiguous, overbroad, and unduly burdensome as it seeks, without specificity or particularity, "all electronic data processing systems." Subject to the foregoing objections, Panasonic will produce non-privileged documents in its possession, custody or control sufficient to show the manner in which Panasonic maintained records concerning the pricing, production, distribution, marketing or sale of CRTs and CRT Products to the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 5**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

    a)       customer names, customer billing addresses, and customer ship-to addresses;

    b)       sales terms;

    c)       sales dates and shipment dates;

    d)       product type, class, category, description, and respective use;

    e)       sales volumes;

    f)       unit price information, gross price, and actual net prices;

    g)       discounts, credits, and rebates;

    h)       shipping charges and terms;

    i)       any other related charges; and

PANASONIC'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

j)        amounts paid, dates paid, invoice numbers, and purchase order numbers.

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your

business or are otherwise not available in electronic form, please produce such data in hard copy.

**RESPONSE TO REQUEST NO. 5:**

In addition to its General Objections, which are incorporated here by reference, Panasonic

objects to Request No. 5 as overly broad, unduly burdensome and as seeking documents that are

not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls

for foreign (i.e. non-United States) sales of CRTs, made by foreign (i.e. non-United States)

departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of

Panasonic.  Panasonic also objects to this request to the extent it seeks the production of

documents that have been produced already to Plaintiffs both on November 14, 2008 and March

8, 2010.  *See*, for example, the documents bearing bates numbers PAN0000011-516 and MTPD-

0021208.  Subject to the foregoing objections, and to the extent not duplicative of earlier

productions, Panasonic will produce additional non-privileged documents in its possession,

custody or control sufficient to show the requested information as to sales of CRTs and CRT

Products to the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 6**

All software instructions, programs, manuals, or other Documents necessary to operate,

run or understand any of the programs maintained on the computer-related equipment or system

utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5,

including all record laYouts [*sic*], field codes or other descriptions.

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Objections, which are incorporated here by reference, Panasonic

objects to this request as overbroad, unduly burdensome and seeking information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections, Panasonic is willing to meet and confer with Plaintiffs about what they are seeking and whether any of the information sought by Request No. 6 is fully relevant to this action.

**REQUEST NO. 7**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRT or CRT Products.

**RESPONSE TO REQUEST NO. 7:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 7 as calling for some information that is more easily sought by other means of discovery, such as by deposition.  Panasonic further objects to this request as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for foreign (i.e. non-United States) pricing policies of CRTs, made by foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of Panasonic.  Panasonic also objects to this request on the grounds that it is vague and ambiguous in its use of the term "relating to" as this term renders the request unlimited in scope in that it does not describe with reasonable particularity the category of documents to be produced.  Subject to the foregoing objections, Panasonic will produce non-privileged electronic documents in its possession, custody or control sufficient to show Panasonic's pricing policies for CRTs and CRT Products sold in the United States, subject to the Relevant Time Period Objection, if any.

---

MDL NO. 1917

PANASONIC'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 8**

All Documents relating to any published prices for CRT or CRT Products during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States.

**RESPONSE TO REQUEST NO. 8:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 8 on the grounds that it is vague and ambiguous in its use of the term "relating to" as this term renders the request unlimited in scope in that it does not describe with reasonable particularity the category of documents to be produced.  Moreover, Panasonic objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs on March 8, 2010.  *See*, for example, the document bearing bates number MTPD-0003949.  Subject to the foregoing objections, and to the extent not duplicative of earlier productions, Panasonic will produce non-privileged electronic documents in its possession, custody or control sufficient to show Panasonic's published prices for CRTs and CRT Products sold in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 9**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 9:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 9 on the grounds that it is vague and ambiguous in its use of the term "relating to" as this term renders the request unlimited in scope in that it does not describe with reasonable particularity the category of documents to be produced.  Panasonic also objects to the terms "offers" and "proposals" as vague and unduly

burdensome.  Subject to the foregoing objections, Panasonic will produce non-privileged documents in its possession, custody or control sufficient to show Panasonic's contracts for CRTs sold in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 10**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a)      capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b)      any proposed or actual change in the capacity to produce CRT or CRT Products;

c)      any reason for changes in each facility's actual production of CRT or CRT Products;

d)      the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e)      each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

f)      any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g)      any projected production forecasts;

h)      any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**RESPONSE TO REQUEST NO. 10:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 10 as unduly burdensome and

PANASONIC'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

overbroad to the extent it requests "any proposed" change in the capacity to produce CRT or CRT

Products and "any reason" for the change in each facility's production of CRT or CRT Products.

Panasonic also objects to this request to the extent it seeks documents relating to changes in

production or the reasons for the changes in production as unduly burdensome and not reasonably

calculated to lead to the discovery of admissible evidence.  Panasonic further objects to this

request as unduly burdensome and as seeking documents that are not reasonably calculated to

lead to the discovery of admissible evidence to the extent that it calls for documents relating to

foreign facilities (i.e. non-United States) that produce CRTs.  Moreover, MTPD objects to this

request to the extent it seeks the production of documents that have been produced already to

Plaintiffs both on November 14, 2008 and March 8, 2010.  *See*, for example, the documents

bearing bates numbers PAN0000028-29 and MTPD-0013193.  Subject to the foregoing

objections, and to the extent not duplicative of earlier productions, Panasonic will produce non-

privileged documents in its possession, custody or control sufficient to show, for each of

Panasonic's CRT production facilities in the United States, the capacity, rated capacity,

production, capacity utilization, actual changes in capacity, any reasons for such changes, types of

CRTs produced, and the openings and closings of plants or production lines, subject to the

Relevant Time Period Objection, if any.

**REQUEST NO. 11**

Documents sufficient to describe the processes for producing CRT or CRT Products,

including but not limited to, any industry standards.

**RESPONSE TO REQUEST NO. 11:**

In addition to its General Objections, which are incorporated here by reference, including

the Products Objection, Panasonic objects to this request insofar as it seeks documents that

describe the "processes for producing CRT or CRT Products," as the phrase is vague and poorly

defined.  Panasonic further objects to this request as calling for information concerning

"processes for producing CRT or CRT Products" that is more easily sought by other means of

discovery, such as by deposition.  Subject to the foregoing objections, Panasonic will produce

non-privileged documents in its possession, custody or control sufficient to show any industry

standards for producing CRTs, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 12**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing

CRT or CRT Products during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 12:**

In addition to its General Objections, which are incorporated here by reference, Panasonic

objects to this request as overbroad to the extent it seeks all documents relating to the cost of

"marketing" CRTs.  Panasonic also objects to Request No. 12 as unduly burdensome and as

seeking documents that are not reasonably calculated to lead to the discovery of admissible

evidence to the extent that it calls for the costs of manufacturing, marketing, selling, and

distributing foreign (i.e. non-United States) CRTs, made by foreign (i.e. non-United States)

departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of

Panasonic.  Panasonic also objects to this request to the extent it seeks the production of

documents that have been produced already to Plaintiffs both on November 14, 2008 and March

8, 2010.  *See*, for example, the documents bearing bates numbers PAN0000011-27 and MTPD-

0021208.  Subject to the foregoing objections, and to the extent not duplicative of earlier

productions, Panasonic will produce non-privileged documents in its possession, custody or

control sufficient to show the costs of manufacturing, marketing, selling, and distributing CRTs

and CRT Products in the United States, subject to the Relevant Time Period Objection, if any.

---

PANASONIC'S OBJECTIONS AND RESPONSES TO
                                         DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
                                         REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 13**

Documents sufficient to show Your inventory levels of CRT or CRT Products for each

month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 13:**

In addition to its General Objections, which are incorporated here by reference, Panasonic

objects to Request No. 13 on the grounds that it is overly broad and unduly burdensome as

seeking documents that are not reasonably calculated to lead to the discovery of admissible

evidence to the extent that it calls for the inventory levels of foreign (i.e. non-United States)

CRTs, made by foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint

ventures, affiliates, or other sub-units of Panasonic.  Subject to the foregoing objections,

Panasonic will produce non-privileged documents in its possession, custody or control sufficient

to show inventory levels of CRTs and CRT Products in the United States, subject to the Relevant

Time Period Objection, if any.

**REQUEST NO. 14**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or

transfers of CRT or CRT Products between You and any of Your affiliates, or between You and

any other producer of CRT or CRT Products, and the price or any other consideration involved in

every such sale, swap, trade, purchase or transfer.

**RESPONSE TO REQUEST NO. 14:**

In addition to its General Objections, which are incorporated here by reference, including

the Products Objection, Panasonic objects to this request as vague and ambiguous to the extent it

purports to call for documents relating to "swaps" and/or "trades," the meaning of which is

unintelligible in this context.  Panasonic further objects to Request No. 14 as unduly burdensome

and as seeking documents that are not reasonably calculated to lead to the discovery of admissible

PANASONIC'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

evidence to the extent that it calls for inter-company transfers of CRTs with foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of Panasonic.  Subject to the foregoing objections, Panasonic will produce non-privileged documents in its possession, custody or control sufficient to show intercompany transfers of CRTs between Panasonic and its affiliates in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 15**

All Documents relating to any relationship between prices for CRT or CRT Products and any costs of producing, marketing, selling, or distributing CRT or CRT Products during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 15:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 15 insofar as it seeks documents that relate to "any relationship" between the prices and costs of manufacturing CRT or CRT Products as the phrase is vague and poorly defined.  Panasonic also objects to Request No. 15 as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for foreign (i.e. non-United States) prices and sales of CRTs, made by foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of Panasonic.  Subject to the foregoing objections, Panasonic refers Plaintiffs to its response to Request No. 8 concerning the prices of CRTs and CRT Products and to its response to Request No. 12 concerning the costs of manufacturing CRTs and CRT Products.

**REQUEST NO. 16**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 16:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 16 to the extent it calls for the production of documents that are publicly available.  Panasonic further objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs both on November 14, 2008 and March 8, 2010.  *See*, for example, the documents bearing bates numbers PAN0000001-27.  Subject to the foregoing objections, and to the extent not duplicative of earlier productions, Panasonic will produce non-privileged financial statements in its possession, custody or control relating to CRTs, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 17**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 17:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 17 on the grounds that it is overly broad and unduly burdensome as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for the business plans of foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of Panasonic.  Panasonic also objects to this request to the extent it seeks the production

of documents that have been produced already to Plaintiffs both on November 14, 2008 and

March 8, 2010.  *See*, for example, the documents bearing bates numbers MTPD-0006847-55 and

MTPD-0006960-68.  Subject to the foregoing objections, and to the extent not duplicative of

earlier productions, Panasonic will produce non-privileged documents in its possession, custody

or control relating to CRT business plans in the United States, subject to the Relevant Time

Period Objection, if any.

**REQUEST NO. 18**

Documents sufficient to show the identity of all other producers and sellers of CRT or

CRT Products during any portion of the relevant period.

**RESPONSE TO REQUEST NO. 18:**

In addition to its General Objections, which are incorporated here by reference, Panasonic

objects to Request No. 18 as calling for some information that is more easily obtained from

markets studies and by other means of discovery, such as by depositions or interrogatories.

Panasonic further objects to this request to the extent that it seeks information easily accessible by

Plaintiffs through other means.  Subject to the foregoing objections, Panasonic will produce

formal market studies in its possession, custody or control sufficient to show the identify of U.S.

sellers of CRTs, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 19**

All Documents relating to Your percentage or share of industry production, capacity, sales

or shipments of CRT or CRT Products, or the percentage or share of industry production,

capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time

during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 19:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 19 on the grounds that it is overly broad and unduly burdensome as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for the share of industry production of CRTs by foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of Panasonic.  Panasonic also objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs on March 8, 2010.  *See*, for example, the documents bearing bates numbers MTPD-0004296-4310.  Subject to the foregoing objections, and to the extent not duplicative of earlier productions, Panasonic will produce any formal studies in its possession, custody or control relating to its share of industry production, capacity and sales of CRTs and CRT Products to the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 20**

All Documents showing the dollar volume or quantity of sales or shipments of CRT or CRT Products (by type or category, if available) by You or by other producers or sellers of CRT or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 20:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 20 to the extent it calls for the production of documents in the possession of third parties not under Panasonic's control.  Panasonic further objects to this request to the extent it is duplicative of Request No. 5, and specifically incorporates by reference its response to Request No. 5 as if such response were fully set forth herein.

---

MDL NO. 1917

PANASONIC'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 21**

All Documents that compare or contrast each type, class, or category of CRT or CRT Products produced or sold by You with that of any other producer or seller of CRT or CRT Products and all Documents that relate to any industry standards regarding types, classes, or categories of CRT or CRT Products.

**RESPONSE TO REQUEST NO. 21:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 21 as overbroad and unduly burdensome in its use of the word "all" as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Panasonic further objects to this request as not relevant to any claims in this action to the extent it seeks "any industry standards regarding types, classes, or categories of CRT or CRT Products." Panasonic also objects to this request as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for documents that compare or contrast each type, class, or category of CRTs made by foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of Panasonic. Subject to the foregoing objections, Panasonic will produce published materials in its possession, custody or control documents that compare or contrast CRT types, classes, or categories produced or sold by Panasonic in the United States with that of other U.S. sellers of CRTs, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 22**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

---

PANASONIC'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 22:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 22 to the extent it is duplicative of Request No. 5, and specifically incorporates by reference its response to Request No. 5 as if such response were fully set forth herein. Subject to the foregoing objections, Panasonic will produce non-privileged documents in its possession, custody or control relating to the regions in which it sold CRTs and CRT Products in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 23**

All Documents relating to conditions of supply or demand for CRT or CRT Products, including, but not limited to, any market studies or industry reports during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 23:**

In addition to its General Objections, which are incorporated here by reference, Panasonic will produce pre-existing formal market studies or industry reports in its possession, custody or control relating to conditions of supply or demand for CRTs and CRT Products in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 24**

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRT or CRT Products during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 24:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 24 as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Panasonic further objects that requiring Panasonic to produce the documents requested in Request No. 24 would impose an undue burden, which would far outweigh its likely benefit under Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

**REQUEST NO. 25**

All Documents relating to any communications between You and any parent, subsidiary, affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or distribution of CRT or CRT Products.

**RESPONSE TO REQUEST NO. 25:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 25 as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Panasonic further objects that requiring Panasonic to produce the documents requested in Request No. 25 would impose an undue burden, which would far outweigh its likely benefit under Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

**REQUEST NO. 26**

All Documents relating to communications regarding CRT or CRT Products between or among manufacturers of CRT or CRT Products, including Defendants.

**RESPONSE TO REQUEST NO. 26:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 26 to the extent it seeks "all"

---

MDL NO. 1917

PANASONIC'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

communications regarding CRT or CRT Products between Panasonic and other manufacturers of CRT or CRT Products.  Panasonic also objects to this request as overly broad and on the grounds that it is vague and ambiguous in its use of the term "relating to" as this term renders the request unlimited in scope in that it does not describe with reasonable particularity the category of documents to be produced.  Subject to the foregoing objections, Panasonic will produce non-privileged documents in its possession, custody or control documents relating to communications between Panasonic and other manufacturers of CRTs regarding the sales and/or pricing of CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 27**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRT or CRT Products during which there was any communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products, including, but not limited to the notes of any such Meetings.

**RESPONSE TO REQUEST NO. 27:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 27 as overly broad and to the extent it calls for the production of documents in the possession of third parties not under Panasonic's control.  Subject to the foregoing objections, Panasonic will produce non-privileged documents in its possession, custody or control documents relating to any meeting attended by Panasonic or any other Defendant during which there were communications concerning the production, marketing, pricing, distribution, inventory levels or sale of CRTs in the United States, subject to the Relevant Time Period Objection, if any.

---

MDL NO. 1917

PANASONIC'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 28**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of CRT or CRT Products:

a.      all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

b.      all copies of trip and travel logs, records or other supporting Documents;

c.      all copies of expense reports or other supporting Documents;

d.      all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

e.      all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

f.      all Documents relating to membership in any trade association or industry group; and

g.      the complete personnel file for that Employee.

**RESPONSE TO REQUEST NO. 28:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 28 as overbroad to the extent it seeks certain documents from Panasonic's Employees who had "any non-clerical responsibility for recommending, reviewing, setting or approving prices" for the sale of CRT or CRT Products. Subject to the foregoing objections, Panasonic is willing to meet and confer with Plaintiffs to narrow the scope of this request by limiting the number of relevant Employees.

**REQUEST NO. 29**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRT or CRT Products of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**RESPONSE TO REQUEST NO. 29:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 29 as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents about trade associations located outside the United States.  Subject to the foregoing objections, Panasonic will produce non-privileged documents in its possession, custody or control sufficient to show the requested information about trade associations relating to CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 30**

All Documents relating to Meetings of each trade association and each of its committees or subcommittees relating to CRT or CRT Products, including all Documents relating to any such Meeting attended by You and any other CRT or CRT Products manufacturer and Documents sufficient to identify individuals from Your company who attended, the dates of attendance, and the subject matters discussed.

**RESPONSE TO REQUEST NO. 30:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 30 as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible

---

PANASONIC'S OBJECTIONS AND RESPONSES TO
                                                    DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
                                                    REQUESTS FOR PRODUCTION OF DOCUMENTS

evidence to the extent it seeks documents about trade associations located outside the United

States.  Subject to the foregoing objections, Panasonic will produce non-privileged documents in

its possession, custody or control sufficient to show information about any meeting of a trade

association attended by Panasonic in the United States relating to CRTs, subject to the Relevant

Time Period Objection, if any.

**REQUEST NO. 31**

All studies, analyses, communications, presentations or other Documents that You have

submitted to or received from any trade association regarding CRT or CRT Products.

**RESPONSE TO REQUEST NO. 31:**

In addition to its General Objections, which are incorporated here by reference, including

the Products Objection, Panasonic objects to Request No. 31 as unduly burdensome and as

seeking documents that are not reasonably calculated to lead to the discovery of admissible

evidence to the extent it seeks certain documents submitted to or received from trade associations

located outside the United States.  Subject to the foregoing objections, Panasonic will produce

non-privileged formal studies, analyses, communications, and presentations in its possession,

custody or control regarding CRTs submitted to or received from trade associations in the United

States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 32**

All statements, announcements, disclosures or press releases issued by You or any of

Your competitors relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 32:**

In addition to its General Objections, which are incorporated here by reference, including

the Products Objection, Panasonic objects to Request No. 32 to the extent it calls for the

production of documents that are publicly available and are in the possession of third parties not

---

MDL NO. 1917

under Panasonic's control.  Panasonic also objects to this request as overly broad and to the extent it seeks "all" statements, announcements, disclosures or press releases relating to CRT Products. Subject to the foregoing objections, Panasonic will produce non-privileged statements, announcements, disclosures or press releases in its possession, custody or control issued by Panasonic relating to CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 33**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and compliance with Your antitrust compliance policy.

**RESPONSE TO REQUEST NO. 33:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 33 on the grounds that it is vague and ambiguous in its use of the term "relating to" as this term renders the request unlimited in scope in that it does not describe with reasonable particularity the category of documents to be produced.  Subject to the foregoing objections, Panasonic will produce non-privileged documents in its possession, custody or control sufficient to show Panasonic's policy or practice directed toward compliance with United States antitrust laws for CRTs and CRT Products, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 34**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign

PANASONIC'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products.  This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**RESPONSE TO REQUEST NO. 34:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 34 to the extent that the laws or procedures of a foreign country prohibit the production of documents responsive to such requests. Panasonic also objects to this request as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks certain documents submitted and received from foreign governmental and legislative investigative bodies relating to the foreign (i.e. non-United States) production, sale, marketing, pricing or distribution of CRTs.

**REQUEST NO. 35**

All Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced or were seized by any foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary, Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

**RESPONSE TO REQUEST NO. 35:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 35 as overbroad, unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as the documents sought are constrained by no subject matter limitation.  Panasonic also objects to this

request to the extent that the laws or procedures of a foreign country prohibit the production of

documents responsive to such requests.  Panasonic further objects to this request as unduly

burdensome and as seeking documents that are not reasonably calculated to lead to the discovery

of admissible evidence to the extent it seeks certain documents submitted to or seized by

particular foreign governmental agencies relating to the foreign (i.e. non-United States)

production, sale, marketing, pricing or distribution of CRTs.

**REQUEST NO. 36**

Copies of all subpoenas or requests for production of Documents issued by any foreign

governmental or legislative investigative body referring or relating to CRT or CRT Products

during the relevant period.

**RESPONSE TO REQUEST NO. 36:**

In addition to its General Objections, which are incorporated here by reference, Panasonic

objects to Request No. 36 as overbroad, unduly burdensome and as seeking information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Panasonic also objects to this request to the extent that the laws or procedures of a foreign country

prohibit the production of documents responsive to such requests.

**REQUEST NO. 37**

All Documents relating to, prepared for, submitted to, or received by You as a result of

any investigation or research conducted either internally or by an outside entity with respect to

price fixing, price manipulation or manipulation of production or capacity of CRT or CRT

Products.

**RESPONSE TO REQUEST NO. 37:**

In addition to its General Objections, which are incorporated here by reference, Panasonic

objects to Request No. 37 as it seeks documents subject to attorney-client privilege, work product

---

PANASONIC'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

protection, joint defense or common interest privilege, or any other applicable doctrine, privilege, protection or immunity from production.  Panasonic further objects to the extent it seeks information or documents that reflect, refer to, or relate to the ongoing criminal grand jury investigation concerning CRTs in contravention of the Court's Order to Extend Limited Discovery Stay, dated January 30, 2010.  Panasonic also objects to this request to the extent that the laws or procedures of a foreign country prohibit the production of documents responsive to such requests.

**REQUEST NO. 38**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

**RESPONSE TO REQUEST NO. 38:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 38 as overbroad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it relates to CRT Products.  Panasonic further objects that requiring Panasonic to produce all documents responsive to this request would impose an undue burden, which would far outweigh its likely benefit under Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.  Panasonic also objects to this request to the extent it seeks documents subject to attorney-client privilege, work product protection, joint defense or common interest privilege, or any other applicable doctrine, privilege, protection or immunity from production.

**REQUEST NO. 39**

All Documents referring to or relating to plaintiffs in this litigation.

**RESPONSE TO REQUEST NO. 39:**

In addition to its General Objections, which are incorporated here by reference, Panasonic objects to Request No. 39 as overbroad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Panasonic further objects to this request to the extent it seeks documents subject to attorney-client privilege, work product protection, joint defense or common interest privilege, or any other applicable doctrine, privilege, protection or immunity from production.  Subject to the foregoing objections, Panasonic will produce non-privileged documents in its possession, custody or control relating to Plaintiffs in this action, if any.

**REQUEST NO. 40**

All Documents that You claim would have been available to the plaintiffs or any purchaser of CRT or CRT Products prior to November 2007, which should have caused the plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the United States.

**RESPONSE TO REQUEST NO. 40:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, Panasonic objects to Request No. 40 as inappropriately propounded as a document request because it seeks information more easily obtainable through other means and/or as to which Plaintiffs bear the burden of proof.  Panasonic further objects to this request to the extent it purports to seek information that should be in Plaintiffs' possession.  Subject to the foregoing objections, Panasonic will produce public documents in its possession, custody or control responsive to this request relating to prices and sales of CRTs to the United States, subject to the Relevant Time Period Objection, if any.

1    Dated: May 12, 2010                 By:  ___/s/ David L. Yohai_____

2                                             STEVEN A. REISS (*pro hac vice*)
                                              Email: steven.reiss@weil.com
3                                             DAVID L. YOHAI (*pro hac vice*)
                                              Email: david.yohai@weil.com
4                                             DAVID E. YOLKUT (*pro hac vice*)
                                              Email: david.yolkut@weil.com
5                                             **WEIL, GOTSHAL & MANGES LLP**
                                              767 Fifth Avenue
6                                             New York, New York 10153-0119
                                              Telephone:  (212) 310-8000
7                                             Facsimile:  (212) 310-8007

8
                                              GREGORY D. HULL (57367)
9                                             Email: greg.hull@weil.com
                                              **WEIL, GOTSHAL & MANGES LLP**
10                                            201 Redwood Shores Parkway
                                              Redwood Shores, California 94065-1175
11                                            Telephone: (650) 802-3000
                                              Facsimile: (650) 802-3100
12

13                                            JEFFREY L. KESSLER (*pro hac vice*)
                                              Email: jkessler@dl.com
14                                            A. PAUL VICTOR (*pro hac vice*)
                                              Email: pvictor@dl.com
15                                            **DEWEY & LEBOEUF LLP**
                                              1301 Avenue of the Americas
16                                            New York, NY 10019
                                              Telephone: (212) 259-8000
17                                            Facsimile: (212) 259-7013

18
                                              ***Attorneys for Defendant Panasonic Corporation***
19                                            ***(f/k/a Matsushita Electric Industrial Co., Ltd.)***

20

21

22

23

24

25

26

27

28
     _____
     MDL NO. 1917                             PANASONIC'S OBJECTIONS AND RESPONSES TO
                                              DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
                                              REQUESTS FOR PRODUCTION OF DOCUMENTS

1   KENT M. ROGER, State Bar No. 95987
    DIANE L. WEBB, State Bar No. 197851
2   MICHELLE PARK CHIU, State Bar No. 248421
    MORGAN, LEWIS & BOCKIUS LLP
3   One Market, Spear Street Tower
    San Francisco, California  94105-1126
4   Telephone:    415.442.1000
    Facsimile:    415.442.1001
5   E-mail:   kroger@morganlewis.com
              dwebb@morganlewis.com
6             mchiu@morganlewis.com

7   Attorneys for Defendant
    HITACHI, LTD.
8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12  IN RE CATHODE RAY TUBE (CRT)          Case No. C07-5944 SC
13  ANTITRUST LITIGATION
                                          **MDL NO. 1917**
14
                                          Judge: Hon. Samuel Conti
15
                                          Special Master: Hon. Charles A. Legge (Ret.)
16
                                          **DEFENDANT HITACHI, LTD.'S**
17  This Document Relates To:             **RESPONSE TO SECOND SET OF**
                                          **REQUESTS FOR PRODUCTION OF**
18  DIRECT PURCHASER ACTION               **DOCUMENTS FROM DIRECT**
                                          **PURCHASER PLAINTIFFS**
19

20

21  PROPOUNDING PARTY:        DIRECT PURCHASER PLAINTIFFS

22  RESPONDING PARTIES:       HITACHI, LTD.

23  SET NUMBER:               SECOND (Nos. 1-40 [sic] 6-45)

24       Defendant Hitachi, Ltd. ("Responding Party") hereby timely objects and responds to

25  Direct Purchaser Plaintiffs' ("Plaintiffs" or "Requesting Party") Second Set of Requests for the

26  Production of Documents ("Document Requests") served on March 12, 2010, and each document

27  request set forth therein ("Responses"), as follows.

28

MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
 SAN FRANCISCO

**GENERAL OBJECTIONS**

1.      Responding Party's responses are based upon information and writings available to and located by Responding Party as of the date of service of these Responses.  Responding Party has not completed its investigation of the facts relating to the Document Requests, and all of the information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to Responding Party as of the date of service of its response.

2.      No express, incidental or implied admissions are intended by these Responses. The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as an admission that Responding Party accepts or admits the existence of any such information set forth in or assumed by such request, or that any such information and/or document constitutes admissible evidence.  The fact that Responding Party agrees to provide information in response to a particular request is not intended and shall not be construed as a waiver by Responding Party of any part of any objection to such request or any part of any general objection made herein.

3.      Responding Party reserves the right to change, amend, or supplement its objections at a later date.  If Plaintiffs assert an interpretation of any aspect of the Document Requests or any of the requests therein that is different from that made by Responding Party, Responding Party reserves the right to supplement its objections if such interpretations made by Plaintiffs are held to be applicable.

4.      Responding Party objects to the Document Requests, and each request therein, to the extent they are vague, ambiguous, or contain terms that are insufficiently defined.

5.      Responding Party objects to the Document Requests, and each request therein, as overly broad, unduly burdensome, oppressive and beyond the proper scope of discovery.

6.      If multiple, identical copies of any document are responsive to the requests herein, only one representative copy will be produced.  Producing more than one identical copy is unduly burdensome and oppressive.

7.      Responding Party objects to the Document Requests, and each request therein, to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                          -2-                                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

the extent they seek documents and materials on matters not relevant to the subject matter of this action, not admissible in evidence, and not reasonably calculated to lead to the discovery of admissible evidence.

8. Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

9. Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations inconsistent with, or not authorized under, the Local Rules of the United States District Court in and for the Northern District of California (the "Local Rules").

10. Responding Party objects to the Document Requests, and to each request therein, to the extent they seek to impose on it discovery obligations exceeding the scope of the Stipulation and Order to Extend Limited Discovery Stay that the Court entered on January 5, 2010 (the "Stay Order").

11. Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents and information that are beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.

12. Responding Party objects to the Document Requests, and each request therein, to the extent they fail to describe the documents and things sought with a reasonable degree of specificity.

13. Responding Party shall attempt to construe the terms and phrases used by Plaintiffs in a way to give those terms and phrases a meaning which will result in the production of relevant information or information designed to lead to the discovery of admissible evidence.

14. Responding Party objects to the Document Requests, and each request therein, to the extent they seek the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

15.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents, including but not limited to electronic documents, the disclosure of which is prohibited by a law, regulation, or order of a court or other authority of a foreign jurisdiction in which the documents are located.

16.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek documents that are no longer active or readily accessible on Responding Party's database but might exist in electronic archives or back-up files.  Responding Party will not rebuild these electronic archives and back-up files in order to search for documents that may be responsive to the Document Requests.  Based on the dates of the information sought, a portion of Responding Party's potential responsive data will likely not be on active databases.

17.     Responding Party objects to the Document Requests, and each request therein, to the extent they seek to impose on Responding Party an obligation to investigate or discover information or materials from third parties or sources who are equally accessible to Plaintiffs.

18.     Responding Party objects to the Document Requests and each request therein, to the extent they contain duplicative requests, in whole or in part.  To the extent responsive documents have previously been produced, they will not be produced again.

19.     Responding Party objects to the Document Requests, and each request therein, to the extent that they purport to call for Responding Party to engage in an investigation or to obtain information and/or documents not in its personal possession, custody or control.  In addition, Responding Party objects to the extent the Document Requests require Responding Party to respond and/or produce documents on behalf of any person or entity other than itself.

20.     Responding Party objects to the Document Requests, and each request therein, to the extent that they seek documents that are in the public record or which are equally accessible to the Plaintiffs as to Responding Party.

21.     Responding Party objects to the Document Requests, and each request therein, to the extent that they attempt and/or purport to call for production of any information and/or documents that are privileged, including, but not limited to, documents and materials that were prepared in anticipation of litigation, ADR, or for trial, that reveal communications between

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -4-                                         MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party and its legal counsel, and/or that otherwise constitute attorney-work product,

2   joint defense or common interest privilege, or by any other applicable doctrine or privilege, or

3   that are otherwise privileged or immune from discovery.  Inadvertent testimony, production, or

4   disclosure of any such information and/or document is not intended to and shall not constitute a

5   waiver of any privilege or any other ground for objecting to discovery with respect to such

6   testimony, information, and/or document, or with respect to the subject matter thereof.  Nor shall

7   such inadvertent production or disclosure waive Responding Party's right to object to the use of

8   any such testimony, information, and/or document during this action or in any other or

9   subsequent proceeding.  Hence, Responding Party objects to each request to the extent each seeks

10  testimony, documents, and information that are protected by the attorney-client privilege and/or

11  the attorney work product doctrine.

12          22.     No response herein should be deemed or construed as a representation that

13  Responding Party agrees with or acquiesces in the characterization of any fact, assumption or

14  conclusion of law contained in or implied by the Document Requests.

15          23.     Responding Party objects to the Document Requests, and each request therein, to

16  the extent they seek information and/or documents that would disclose proprietary information,

17  trade secrets or other confidential research, development, or other confidential information

18  protected by the Uniform Trade Secrets Act, among others, any and all rights of privacy under the

19  United States Constitution or Article I of the Constitution of the State of California, or any other

20  applicable law or state constitution, or that is otherwise prohibited from disclosure because to do

21  so would cause Responding Party to violate legal and/or contractual obligations to any other

22  persons or entities.  Where applicable, Responding Party's Responses to the Document Requests

23  are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18,

24  2008 (the "Protective Order").  Responding Party's Responses are hereby designated

25  "Confidential" in accordance with the provisions of the Protective Order.

26          24.     By representing that it will or will not produce documents, Responding Party does

27  not represent that such documents exist.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -5-                          MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

25.     Subject to and without waving any of the foregoing objections, each of which is expressly incorporated into each individual response below as if fully stated therein, Responding Party expressly reserves the following rights:

a.     Any and all testimony and information provided and/or documents produced by Responding Party in response to the Document Requests are and will remain subject to all objections as to relevance, materiality, propriety, and admissibility, as well as to any and all other objections on any grounds that would require the exclusion of the testimony, information, and/or document or any portion thereof if such testimony, information, and/or document was offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of any written discovery, deposition, or at or before any hearing, arbitration or trial in this matter;

b.     The right to object on any ground whatsoever at any time to any demand for further responses to the Document Requests or any other discovery procedures involving or relating to the subject matter of the Document Requests; and

c.     The right to supplement the documents produced, or otherwise to supplement, revise or explain the information contained therein in light of information gathered through further investigation and discovery.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

**DEFINITION NO. 1:**

"All" should be construed to include the collective as well as the singular and shall mean "each," "any," and "every."

**OBJECTION TO DEFINITION NO. 1:**

No objection.

**DEFINITION NO. 2:**

"Any" shall be construed to mean "any and all."

**OBJECTION TO DEFINITION NO. 2:**

No objection.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -6-                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**DEFINITION NO. 3:**

"Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face Meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

**OBJECTION TO DEFINITION NO. 3:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

**DEFINITION NO. 4:**

"Date" means the exact day, month and year, if ascertainable, or the best available approximation, including any relationship to other known events (designate whether exact or approximate).

**OBJECTION TO DEFINITION NO. 4:**

No objection.

**DEFINITION NO. 5:**

"Defendant" means any company, organization, entity or person presently or subsequently named as a defendant in this litigation.

**OBJECTION TO DEFINITION NO. 5:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -7-                          MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

Responding Party objects to this definition to the extent it seeks information and documents that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such documents an/or information only pursuant to the Protective Order in this action.

Responding Party objects to this definition to the extent that it attempts or purports to call for the production of any information and/or documents that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or common interest privilege, or that are otherwise privileged or immune from discovery.

Responding Party objects to this definition to the extent it is intended to include persons or entities other than Responding Party.  To the extent and in the context a request uses the term "Defendant," Responding Party understands that the request and its obligations only extend to information and/or documents within Responding Party's possession, custody or control.

Responding Party objects to this definition to the extent that it calls for documents or information beyond Responding Party's knowledge.  In addition, Responding Party objects to this definition to the extent that it requires Responding Party to respond and/or produce documents or information on behalf of any person or entity other than itself.

Responding Party will respond on behalf of Hitachi, Ltd. only.

**DEFINITION NO. 6:**

"Document" means without limitation, the original and all non-identical copies of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure.  This definition includes, without limitation, letters, correspondence, memoranda, legal pleadings, calendars,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8     -8-     MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

diaries, travel records, summaries, records of telephone conversations, telegrams, notes, reports, compilations, notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings, sketches, photographs, videotapes, audiotapes, film and sound reproductions, e-mails, internal or external web sites, compact discs, computer files and disks, sales, advertising and promotional literature, agreements, stored recordings, minutes or other records of meetings, all written or graphic records or representations of any kind, and all mechanical or electronic data, records or representations of any kind.

**OBJECTION TO DEFINITION NO. 6:**

Responding Party objects to this definition to the extent that it seeks to expand the scope of Rule 34 of the Federal Rules of Civil Procedure.

Responding Party also objects to this definition as overly broad to the extent it seeks documents and/or information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

**DEFINITION NO. 7:**

"Electronic data" includes, without limitation, the following:

      a.     activity listings of electronic mail receipts and/or transmittals;

      b.     output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger™ (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment;

      c.     any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or in any other vehicle for digital data storage and/or transmittal, such as, but not limited to, a personal digital assistant, *e.g.,* Palm Pilot, R.I.M., Blackberry, or similar device, and file folder tabs, and/or containers and labels appended to, or relating to, any physical storage device associated with each original and/or copy of all

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   documents requested herein.

2   **OBJECTION TO DEFINITION NO. 7:**

3       Responding Party objects to this definition to the extent it attempts to impose obligations

4   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5   the Federal Rules of Civil Procedure.

6       Responding Party also objects to this definition as overly broad to the extent it seeks

7   documents and/or information that are not relevant to the subject matter of this action, not

8   admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence,

9   and unduly burdensome to search for and produce.

10      Responding Party objects to this definition to the extent it seeks documents that are no

11  longer active or readily accessible on Responding Party's database but might exist in electronic

12  archives or back-up files.  Responding Party will not rebuild these electronic archives and back-

13  up files in order to search for documents that may be responsive to the Document Requests.

14  Based on the dates of the information sought, a portion of Responding Party's potential

15  responsive data will likely not be on active databases.

16  **DEFINITION NO. 8:**

17      "Employee" means, without limitation, any current or former officer, director, executive,

18  manager, secretary, staff member, messenger, agent or other person who is or was employed by a

19  defendant.

20  **OBJECTION TO DEFINITION NO. 8:**

21      Responding Party objects to this definition to the extent it attempts to impose obligations

22  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

23  the Federal Rules of Civil Procedure.

24      Responding Party objects to this definition on the ground it calls for a legal conclusion.

25      Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

26  broad to the extent it seeks documents and information that are not relevant to the subject matter

27  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

28  admissible evidence, and unduly burdensome to search for and produce.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this definition to the extent it seeks information and

2   documents that would disclose Responding Party's or a third party's respective trade secrets or

3   other confidential research, development, or confidential information protected by the Uniform

4   Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

5   One of the Constitution of the State of California, or any other applicable state constitution or

6   law, or which is otherwise prohibited from disclosure because to do so would cause Responding

7   Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

8   appropriate to do so and with adequate protections and limitations, Responding Party expressly

9   reserves the right to provide such information and/or documents only pursuant to the Protective

10  Order in this action.

11  Responding Party objects to this definition to the extent that it attempts or purports to call

12  for the production of any documents and/or information that are privileged, that were prepared in

13  anticipation of litigation or trial, that reveal communications between Responding Party and its

14  legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or

15  immune from discovery.

16  Responding Party objects to this definition to the extent it is intended to include persons

17  or entities other than Responding Party.  To the extent and in the context a request uses the term

18  "Defendant," Responding Party understands that the request and its obligations only extend to

19  documents and/or information within Responding Party's possession, custody or control.

20  Responding Party objects to this definition to the extent that it calls for documents and/or

21  information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

22  definition to the extent that it requires Responding Party to respond and/or produce documents

23  and/or information on behalf of any person or entity other than itself.

24  Responding Party will respond on behalf of Hitachi, Ltd. only.

25  **DEFINITION NO. 9:**

26  "Including" is used to emphasize certain types of documents requested and should not be

27  construed as limiting the request in any way.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**OBJECTION TO DEFINITION NO. 9:**

No objection.

**DEFINITION NO. 10:**

"Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

**OBJECTION TO DEFINITION NO. 10:**

No objection.

**DEFINITION NO. 11:**

"Or" and "and" should be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A or B" or "A and B," you should produce all information about A and all information about B, as well as all information about A and B collectively. In other words, "or" and "and" should be read as "and/or."

**OBJECTION TO DEFINITION NO. 11:**

No objection.

**DEFINITION NO. 12:**

"Person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

**OBJECTION TO DEFINITION NO. 12:**

Responding Party objects to this definition to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this definition on the ground it calls for a legal conclusion.

Responding Party objects to this definition as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

Responding Party objects to this definition to the extent it seeks information and documents that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Responding Party objects to this definition to the extent that it attempts or purports to call for the production of any documents and/or information that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, or that are otherwise privileged or immune from discovery.

Responding Party objects to this definition to the extent it is intended to include persons or entities other than Responding Party.  To the extent and in the context a request uses the term "Person," Responding Party understands that the request and its obligations only extend to documents and/or information within Responding Party's possession, custody or control.

Responding Party objects to this definition to the extent that it calls for documents and/or information beyond Responding Party's knowledge.  In addition, Responding Party objects to this definition to the extent that it requires Responding Party to respond and/or produce document and/or information on behalf of any person or entity other than itself.

Responding Party will respond on behalf of Hitachi, Ltd. only.

**DEFINITION NO. 13:**

"Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording,

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

2   **OBJECTION TO DEFINITION NO. 13:**

3       Responding Party objects to this definition to the extent it attempts to impose obligations

4   on Responding Party and/or seeks documents, beyond those required to be produced pursuant to

5   the Federal Rules of Civil Procedure.

6       Responding Party objects to the expressions "relating to," "referring to," "regarding," or

7   "with respect to" to the extent they mean more than comprising, or on its face discusses, pertains

8   to or is connected with a well-defined, unambiguous and identifiable topic or subject matter.

9       Responding Party objects to this definition because responding to such overly broad,

10  vague and ambiguous requests would be unduly burdensome and oppressive.

11  **DEFINITION NO. 14:**

12      "CRT" means cathode ray tube(s) and "CRT products" means products containing

13  cathode ray tubes.

14  **OBJECTION TO DEFINITION NO. 14:**

15      Responding Party objects to this definition to the extent it attempts to impose obligations

16  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

17  the Federal Rules of Civil Procedure.

18      Responding Party objects to this definition on the ground the term "CRT Products" is

19  vague, ambiguous, unintelligible, and overly broad to the extent it seeks documents and

20  information that are not relevant to the subject matter of this action, not admissible in evidence,

21  not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome

22  to search for and produce.  Moreover, any discovery as to "CRT Products" that is not reasonably

23  related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature

24  and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims

25  regarding "CRT Products" to justify the enormous burden that Plaintiffs seek to impose on

26  Responding Party by pursuing discovery as to all such products.

27  **DEFINITION NO. 15:**

28      "You," "Your," or "Your company" mean the responding Defendant, its predecessors,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8        -14-        MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  successors, subsidiaries, departments, divisions, and/or affiliates, including without limitation any

2  organization or entity which the responding Defendant manages or controls, together with all

3  present and former directors, officers, Employees, agents, representatives or any persons acting or

4  purporting to act on behalf of the responding defendant.

5  **<u>OBJECTION TO DEFINITION NO. 15</u>:**

6      Responding Party objects to this definition to the extent it attempts to impose obligations

7  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

8  the Federal Rules of Civil Procedure.

9      Responding Party objects to this definition on the ground it calls for a legal conclusion.

10      Responding Party objects to this definition as vague, ambiguous, unintelligible, overly

11  broad to the extent it seeks documents and information that are not relevant to the subject matter

12  of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of

13  admissible evidence, and unduly burdensome to search for and produce.

14      Responding Party objects to this definition to the extent it seeks documents and

15  information that would disclose Responding Party's or a third party's respective trade secrets or

16  other confidential research, development, or confidential information protected by the Uniform

17  Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

18  One of the Constitution of the State of California, or any other applicable state constitution or

19  law, or which is otherwise prohibited from disclosure because to do so would cause Responding

20  Party to violate legal or contractual obligations to any other persons or entities.  Where it may be

21  appropriate to do so and with adequate protections and limitations, Responding Party expressly

22  reserves the right to provide such information and/or documents only pursuant to the Protective

23  Order in this action.

24      Responding Party objects to this definition to the extent that it attempts or purports to call

25  for the production of any documents and/or information that are privileged, that were prepared in

26  anticipation of litigation or trial, that reveal communications between Responding Party and its

27  legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or

28  common interest privilege, or that are otherwise privileged or immune from discovery.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                                 -15-                                                      MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this definition to the extent it is intended to include persons

2    or entities other than Responding Party.  To the extent and in the context a request uses the term

3    "You," "Your," or "Your Company," Responding Party understands that the request and its

4    obligations only extend to documents and/or information within Responding Party's possession,

5    custody or control.

6    Responding Party objects to this definition to the extent that it calls for documents and/or

7    information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

8    definition to the extent that it requires Responding Party to respond and/or produce documents

9    and/or information on behalf of any person or entity other than itself.

10   Responding Party will respond on behalf of Hitachi, Ltd. only.

11   **INSTRUCTION NO. 1:**

12   Unless otherwise noted, the Relevant Time Period for these document requests is January

13   1, 1995 through the present (the "Relevant Time Period").  These Document requests seek all

14   responsive Documents created or generated during the Relevant Time Period, as well as

15   responsive Documents created or generated outside the Relevant Time Period, but which contain

16   information concerning the Relevant Time Period.

17   **OBJECTION TO INSTRUCTION NO. 1:**

18   Responding Party objects to this instruction on the grounds it is vague, ambiguous,

19   unintelligible, over broad and seeks information or materials on matters not relevant to the subject

20   matter of this action, not admissible in evidence, and not reasonably calculated to lead to the

21   discovery of admissible evidence.

22   The "Relevant Time Period" as defined in this instruction exceeds the putative class

23   period, which begins on January 1, 1995 and ends on November 25, 2007 (Direct Purchaser

24   Plaintiffs' Consolidated Amended Complaint ¶ 1), and seeks documents and information beyond

25   the statute of limitations.  Judge Conti has directed the parties to Judge Legge to develop

26   procedures for the early resolution of statute of limitations issues and to reduce the burden in

27   connection therewith.  Responding Party believes it is premature for it to have to produce any

28   documents from prior to the statute of limitations period until Judge Legge considers this issue

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    and determines the proper scope of that burden.

2           For purposes of responding to these Document Requests, Responding Party will interpret

3    "Relevant Time Period" to mean November 26, 2003 through November 25, 2007 (the

4    "Limitations Period").

5    **INSTRUCTION NO. 2:**

6           To the extent Documents responsive to any of these Document requests have already been

7    produced to plaintiffs, there is no need to produce those Documents a second time.  Instead,

8    please provide the bates numbers of any responsive Documents already produced.

9    **OBJECTION TO INSTRUCTION NO. 2:**

10          Responding Party objects to this instruction to the extent it attempts to impose obligations

11   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

12   the Federal Rules of Civil Procedure.

13          Responding Party objects to this instruction on the ground it is unduly burdensome and

14   oppressive.

15   **INSTRUCTION NO. 3:**

16          Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Document requests

17   are continuing in nature so that if You subsequently discover or obtain possession, custody, or

18   control of any Document covered by these requests, You shall promptly make any such

19   Document available to plaintiffs.

20   **OBJECTION TO INSTRUCTION NO. 3:**

21          Responding Party objects to this instruction to the extent it attempts to impose obligations

22   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

23   the Federal Rules of Civil Procedure.

24   **INSTRUCTION NO. 4:**

25          In producing documents and other materials, you are to furnish all Documents or things in

26   Your possession, custody or control, regardless of whether such documents or materials are

27   possessed directly by You or Your Employees, agents, parent company(ies), subsidiaries,

28   affiliates, investigators or by Your attorneys or their Employees, agents or investigators.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                   -17-                                      MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**OBJECTION TO INSTRUCTION NO. 4:**

Responding Party objects to this instruction to the extent it attempts to impose obligations on Responding Party and/or seeks documents beyond those required to be produced pursuant to the Federal Rules of Civil Procedure.

Responding Party objects to this instruction on the ground it calls for a legal conclusion.

Responding Party objects to this instruction as vague, ambiguous, unintelligible, overly broad to the extent it seeks documents and information that are not relevant to the subject matter of this action, not admissible in evidence, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to search for and produce.

Responding Party objects to this instruction to the extent it seeks documents and information that would disclose Responding Party's or a third party's respective trade secrets or other confidential research, development, or confidential information protected by the Uniform Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article One of the Constitution of the State of California, or any other applicable state constitution or law, or which is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal or contractual obligations to any other persons or entities.  Where it may be appropriate to do so and with adequate protections and limitations, Responding Party expressly reserves the right to provide such information and/or documents only pursuant to the Protective Order in this action.

Responding Party objects to this instruction to the extent that it attempts or purports to call for the production of any documents and/or information that are privileged, that were prepared in anticipation of litigation or trial, that reveal communications between Responding Party and its legal counsel, that otherwise constitute attorney work product, are subject to the joint defense or common interest privilege, or that are otherwise privileged or immune from discovery.

Responding Party objects to this instruction to the extent it is intended to include persons or entities other than Responding Party.  To the extent and in the context a request uses the term "Defendant," Responding Party understands that the request and its obligations only extend to documents and/or information within Responding Party's possession, custody or control.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8 -18- MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this instruction to the extent that it calls for documents and/or

2    information beyond Responding Party's knowledge.  In addition, Responding Party objects to this

3    instruction to the extent that it requires Responding Party to respond and/or produce documents

4    and/or information on behalf of any person or entity other than itself.

5    Responding Party will respond on behalf of Hitachi, Ltd. only.

6 **INSTRUCTION NO. 5:**

7    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, all Documents shall be

8    produced in the same order as they are kept or maintained by You in the ordinary course of Your

9    business.  All Documents shall be produced in the file folder, envelope or other container in

10    which the Documents are kept or maintained.  If for any reason the container cannot be produced,

11    You should produce copies of all labels or other identifying marks which may be present on the

12    container.

13 **OBJECTION TO INSTRUCTION NO. 5:**

14    Responding Party objects to this instruction to the extent it attempts to impose obligations

15    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16    the Federal Rules of Civil Procedure.

17 **INSTRUCTION NO. 6:**

18    Documents shall be produced in such fashion as to identify the department, branch or

19    office in whose possession they were located and, where applicable, the natural person in whose

20    possession they were found and the business address of each Document(s) custodian(s).

21 **OBJECTION TO INSTRUCTION NO. 6:**

22    Responding Party objects to this instruction to the extent it attempts to impose obligations

23    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

24    the Federal Rules of Civil Procedure.

25    Responding Party objects to this instruction on the ground it is unduly burdensome and

26    oppressive.

27 **INSTRUCTION NO. 7:**

28    Documents attached to one another should not be separated.  If any portion of any

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21606649.8    -19-    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  Document is responsive to any portion of the Document requests below, then the entire Document

2  must be produced.

3  **OBJECTION TO INSTRUCTION NO. 7:**

4      Responding Party objects to this instruction to the extent it attempts to impose obligations

5  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

6  the Federal Rules of Civil Procedure.

7  **INSTRUCTION NO. 8:**

8      If a Document once existed and subsequently has been lost, destroyed or is otherwise

9  missing, You should provide sufficient information to identify the Document and state, in writing,

10  the details, including whether the Document:

11          a.    is lost or missing;

12          b.    has been destroyed and, if so, by whom at whose request;

13          c.    has been transferred or delivered, voluntarily or involuntarily, to another

14  person or entity and at whose request; and/or

15          d.    has been otherwise disposed of.

16  **OBJECTION TO INSTRUCTION NO. 8:**

17      Responding Party objects to this instruction to the extent it attempts to impose obligations

18  on Responding Party and/or seeks documents beyond those required to be produced pursuant to

19  the Federal Rules of Civil Procedure.

20      Responding Party objects on the grounds that it is impossible to identify, describe, and

21  further explain the circumstances regarding every document that ever "once existed an

22  subsequently has been lost, destroyed, or is otherwise missing." To the extent that it is even

23  possible to identify, describe, and explain the circumstances regarding such documents, this

24  investigation would impose a unique, time-consuming and unreasonable burden.

25      Responding Party objects to this instruction on the ground it is unduly burdensome and

26  oppressive.

27  **INSTRUCTION NO. 9:**

28      In each instance in which a Document once existed and subsequently is lost, missing,

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21606649.8       -20-       MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    destroyed, or otherwise disposed of, explain the circumstances surrounding the disposition of the

2    Document, including, but not limited to:

3            a.    the identity of the person or entity who last possessed the Document;

4            b.    the date or approximate date of the Documents disposition; and

5            c.    the identity of all Persons who have or had knowledge of the Document's

6    contents.

7    **OBJECTION TO INSTRUCTION NO. 9:**

8            Responding Party objects to this instruction to the extent it attempts to impose obligations

9    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

10   the Federal Rules of Civil Procedure.

11           Responding Party objects to this instruction on the ground it is unduly burdensome and

12   oppressive.

13   **INSTRUCTION NO. 10:**

14           If any Document responsive to any of these requests is privileged, and the Document or

15   any portion of the Document requested is withheld based on a claim of privilege pursuant to Rule

16   26(b)(5) of the Federal Rules of Civil Procedure, provide a statement of the claim of privilege and

17   all facts relied upon in support of that claim, including the following information:

18           a.    the reason for withholding the Document;

19           b.    the date of such communication;

20           c.    the medium of such communication;

21           d.    the general subject matter of such communication (such description shall

22   not be considered a waiver of Your claimed privilege);

23           e.    the identity of any Document that was the subject of such communication

24   and the present location of any such Document;

25           f.    the identity of the Persons involved in such communication;

26           g.    the identity of any Document which records, refers, or relates to such

27   communication and present location of any such Document;

28           h.    the paragraph or paragraphs of these requests for production of Documents

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    to which such information is responsive.

2    **OBJECTION TO INSTRUCTION NO. 10:**

3         Responding Party objects to this instruction to the extent it attempts to impose obligations

4    on Responding Party and/or seeks documents beyond those required to be produced pursuant to

5    the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

6    **INSTRUCTION NO. 11:**

7         Each Document requested herein should be produced in its entirety and without deletion,

8    redaction or excisions, except as qualified by Instruction 10 above, regardless of whether You

9    consider the entire Document or only part of it to be relevant or responsive to these Document

10   requests. If you have redacted any portion of a Document, stamp the word "REDACTED" beside

11   the redacted information on each page of the Document which you have redacted.  Any

12   redactions to Documents produced should be identified in accordance with Instruction 10 above.

13   **OBJECTION TO INSTRUCTION NO. 11:**

14        Responding Party objects to this instruction to the extent it attempts to impose obligations

15   on Responding Party and/or seeks documents beyond those required to be produced pursuant to

16   the Federal Rules of Civil Procedure.

17   **INSTRUCTION NO. 12:**

18        All Documents produced should be Bates numbered sequentially, with a unique number

19   on each page, and with a prefix identifying the party producing the Document.

20   **OBJECTION TO INSTRUCTION NO. 12:**

21        No objection.

22   **INSTRUCTION NO. 13:**

23        Pursuant to Federal Rule of Civil Procedure 34(b)(1 )(C), the responding party must

24   produce any electronically stored information ("ESI") in its native format.  If ESI in its native

25   format can only be accessed by proprietary or legacy software, or is password protected, or

26   encrypted, the responding party must meet and confer with plaintiffs' lead counsel so the

27   receiving party shall receive all information and software necessary to access the ESI.

28

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21606649.8                                    -22-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1

**OBJECTION TO INSTRUCTION NO. 13:**

2

Responding Party objects to this instruction to the extent it attempts to impose obligations

3

on Responding Party and/or seeks documents beyond those required to be produced pursuant to

4

the Federal Rules of Civil Procedure.

5

Responding Party objects to this instruction to the extent it seeks documents and

6

information that would disclose Responding Party's or a third party's respective trade secrets or

7

other confidential research, development, or confidential information protected by the Uniform

8

Trade Secrets Act, any and all rights of privacy under the United States Constitution or Article

9

One of the Constitution of the State of California, or any other applicable state constitution or

10

law, including any copyright or license, or which is otherwise prohibited from disclosure because

11

to do so would cause Responding Party to violate legal or contractual obligations to any other

12

persons or entities.  Where it may be appropriate to do so and with adequate protections and

13

limitations, Responding Party expressly reserves the right to provide such information and/or

14

documents only pursuant to the Protective Order in this action.

15

Each of the foregoing General Objections and Objections to Definitions and Instructions

16

is incorporated into the following specific objections.  Accordingly, each specific objection is

17

made subject to, and without waiver of, the foregoing General Objections and Objections to

18

Definitions and Instructions.  Responding Party incorporates by reference each and every General

19

Objection and Objection to Definitions and Instructions into each and every specific response.

20

From time to time a specific response may repeat a General Objection or Object to the Definitions

21

and Instructions for emphasis or some other reason.  The failure to repeat any General Objection

22

or Objection to the Definitions and Instructions in any specific response shall not be interpreted as

23

a waiver of any General Objection or Objection to the Definitions and Instructions to that

24

response.

25

**SPECIFIC RESPONSES TO DOCUMENT REQUESTS**

26

**REQUEST NO. 1 [SIC] REQUEST NO. 6:**

27

Documents sufficient to show Your corporate structure or organization throughout the

28

relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                          -23-                                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in

2   the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States,

3   including, where applicable, the percentage of any stock or other interests owned by each entity in

4   the chain.

5   **RESPONSE TO REQUEST NO. 1 [SIC] REQUEST NO. 6:**

6         Responding Party reasserts and incorporates each of the General Objections and

7   Objections to Definitions and Instructions set forth above.

8         Responding Party objects to this request on the grounds that it is overly broad, unduly

9   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

10   including to the extent that it seeks the discovery of documents regarding Responding Party's

11   sales outside of the United States and unrelated to United States commerce, as such sales are

12   beyond the scope of this litigation and thereby render the Document Requests overly broad,

13   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

14   evidence.

15         Responding Party objects to this request on the grounds that it seeks production of

16   documents protected by the attorney-client privilege, work product doctrine, joint defense or

17   common interest privilege, or by any other applicable doctrine or privilege.

18         Responding Party objects to this request on the grounds it seeks information and/or

19   documents that would disclose confidential information protected by any and all rights of privacy

20   under the United States Constitution or any other applicable law, or that is otherwise prohibited

21   from disclosure because to do so would cause Responding Party to violate legal and/or

22   contractual obligations to any other persons or entities.

23         Responding Party objects to this request on the grounds that, to the extent it seeks

24   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

25   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

26   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

27   action, and not reasonably calculated to lead to the discovery of admissible evidence.

28         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -24-                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

3   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

4   statute of limitations.

5          Responding Party objects to this request on the grounds that, to the extent it seeks

6   documents not related to CRTs only, this request is overly broad and unduly burdensome and

7   purports to call for information that is not relevant to the claim or defense of any party, not

8   relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

9   discovery of admissible evidence.

10         Responding Party objects to the extent this request seeks documents that are no longer

11  active or readily accessible in electronic form which renders this request overly broad and unduly

12  burdensome.

13         Responding Party objects to this request to the extent this request is duplicative of

14  Document Request No. 3 of Plaintiffs' First Set of Requests for Production of Documents.

15         Subject to and without waiving the general and specific objections stated above,

16  Responding Party responds that it will make reasonable efforts to identify documents responsive

17  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

18  documents.

19  **REQUEST NO. 2 [SIC] REQUEST NO. 7:**

20         As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents,

21  affiliates and joint ventures, Documents sufficient to identify each executive or Employee with

22  managerial authority who had responsibilities or duties with respect to each of the following:

23         (a)     the manufacturing or production of CRT or CRT Products;

24         (b)     the marketing of CRT or CRT Products;

25         (c)     the pricing of CRT or CRT Products;

26         (d)     the sale or distribution of CRT or CRT Products;

27         (e)     maintaining any electronic database(s), including archives, of e-mail or other

28                 electronic Documents relating to CRT or CRT Products.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**RESPONSE TO REQUEST NO. 2 [SIC] REQUEST NO. 7:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

Responding Party objects to this request on the grounds that, to the extent it seeks documents not related to CRTs only, this request is overly broad and unduly burdensome and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects that the term "managerial authority" is vague and ambiguous, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request to the extent this request is duplicative of Document Request No. 4 of Plaintiffs' First Set of Requests for Production of Documents.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 3 [SIC] REQUEST NO. 8:**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period January 1, 1991 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**RESPONSE TO REQUEST NO. 3 [SIC] REQUEST NO. 8:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects to this request on the grounds it seeks information and/or

2   documents that would disclose confidential information protected by any and all rights of privacy

3   under the United States Constitution or any other applicable law, or that is otherwise prohibited

4   from disclosure because to do so would cause Responding Party to violate legal and/or

5   contractual obligations to any other persons or entities.

6   Responding Party objects to this request on the grounds that it seeks production of

7   documents protected by the attorney-client privilege, work product doctrine, joint defense or

8   common interest privilege, or by any other applicable doctrine or privilege.

9   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13   statute of limitations.

14   Responding Party objects to this request on the grounds that, to the extent it seeks

15   documents not related to CRTs only, this request is overly broad and unduly burdensome and

16   purports to call for information that is not relevant to the claim or defense of any party, not

17   relevant to the subject matter involved in this action, and not reasonably calculated to lead to the

18   discovery of admissible evidence

19   Responding Party objects to this request on the grounds that, to the extent it seeks

20   documents not related to the allegations in the Complaint, the request is overly broad and unduly

21   burdensome, and purports to call for information that is not relevant to the claim or defense of

22   any party, not relevant to the subject matter involved in this action, and not reasonably calculated

23   to lead to the discovery of admissible evidence.

24   Subject to and without waiving the objections stated above, Responding Party will

25   produce those non-privileged, responsive documents within the limitations period within its

26   possession, custody or control, to the extent any such documents exist.

27   **REQUEST NO. 4 [SIC] REQUEST NO. 9:**

28   Documents sufficient to show the manner in which You have maintained records relating

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   to CRT or CRT Products during the period January 1, 1991 through the present, including

2   Documents sufficient to describe all electronic data processing systems, programs and outputs

3   used to record, store, compute, analyze or retrieve electronically stored information relating to

4   Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United

5   States.

6   **RESPONSE TO REQUEST NO. 4 [SIC] REQUEST NO. 9:**

7       Responding Party reasserts and incorporates each of the General Objections and

8   Objections to Definitions and Instructions set forth above.

9       Responding Party objects to this request on the grounds that it is overly broad, unduly

10   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

11       Responding Party objects to this request on the grounds that it seeks production of

12   documents protected by the attorney-client privilege, work product doctrine, joint defense or

13   common interest privilege, or by any other applicable doctrine or privilege.

14       Responding Party objects to this request on the grounds it seeks information and/or

15   documents that would disclose confidential information protected by any and all rights of privacy

16   under the United States Constitution or any other applicable law, or that is otherwise prohibited

17   from disclosure because to do so would cause Responding Party to violate legal and/or

18   contractual obligations to any other persons or entities.

19       Responding Party objects to this request on the grounds that, to the extent it seeks

20   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23   action, and not reasonably calculated to lead to the discovery of admissible evidence.

24       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28   statute of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                        -29-                                        MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

Responding Party objects on the grounds that, to the extent this request seeks documents not related to the allegations in the Complaint, this request is overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects that the phrase "manner in which You have maintained records" is vague, ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, Responding Party will produce those non-privileged, responsive documents within the limitations period within its possession, custody or control, to the extent any such documents exist.

**REQUEST NO. 5 [SIC] REQUEST NO. 10:**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

    a)        customer names, customer billing addresses, and customer ship-to addresses;

    b)        sales terms;

    c)        sales dates and shipment dates;

    d)        product type, class, category, description, and respective use;

    e)        sales volumes;

    0        unit price information, gross price, and actual net prices;

    g)        discounts, credits, and rebates;

    h)        shipping charges and terms;

    i)        any other related charges; and

    j)        amounts paid, dates paid, invoice numbers, and purchase order numbers. If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1

**RESPONSE TO REQUEST NO. 5 [SIC] REQUEST NO. 10:**

2

Responding Party reasserts and incorporates each of the General Objections and

3

Objections to Definitions and Instructions set forth above.

4

Responding Party objects to this request on the grounds that it is overly broad, unduly

5

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

6

including to the extent that it seeks the discovery of documents regarding Responding Party's

7

sales outside of the United States and unrelated to United States commerce, as such sales are

8

beyond the scope of this litigation and thereby render the Document Requests overly broad,

9

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

10

evidence.

11

Responding Party objects to this request on the grounds that it seeks production of

12

documents protected by the attorney-client privilege, work product doctrine, joint defense or

13

common interest privilege, or by any other applicable doctrine or privilege.

14

Responding Party objects to this request on the grounds it seeks information and/or

15

documents that would disclose confidential information protected by any and all rights of privacy

16

under the United States Constitution or any other applicable law, or that is otherwise prohibited

17

from disclosure because to do so would cause Responding Party to violate legal and/or

18

contractual obligations to any other persons or entities.

19

Responding Party objects to this request on the grounds that, to the extent it seeks

20

documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21

ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22

relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23

action, and not reasonably calculated to lead to the discovery of admissible evidence.

24

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25

and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26

admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27

class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28

statute of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

-31-

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  Responding Party objects on the grounds that it seeks documents not in existence or not

2  currently in its possession, custody or control.

3  Responding Party objects to the extent this request seeks documents that are no longer

4  active or readily accessible in electronic form which renders this request overly broad and unduly

5  burdensome.

6  Responding Party objects that the terms "respective use" and "related charges" are vague,

7  ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not

8  relevant and not reasonably calculated to lead to the discovery of admissible evidence.

9  Responding Party objects to the extent this request is duplicative of Document Request

10  No. 5 of Plaintiffs' First Set of Requests for Production.

11  Subject to and without waiving the general and specific objections stated above,

12  Responding Party responds that it will make reasonable efforts to identify documents responsive

13  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

14  documents.

15  **REQUEST NO. 6 [SIC] REQUEST NO. 11:**

16  All software instructions, programs, manuals, or other Documents necessary to operate,

17  run or understand any of the programs maintained on the computer-related equipment or system

18  utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5,

19  including all record laYouts [sic], field codes or other descriptions.

20  **RESPONSE TO REQUEST NO. 6 [SIC] REQUEST NO. 11:**

21  Responding Party reasserts and incorporates each of the General Objections and

22  Objections to Definitions and Instructions set forth above.

23  Responding Party objects to this request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25  including to the extent that it seeks the discovery of documents regarding Responding Party's

26  sales outside of the United States and unrelated to United States commerce, as such sales are

27  beyond the scope of this litigation and thereby render the Document Requests overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                               -32-                               MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    evidence.

2        Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5        Responding Party objects to this request on the grounds it seeks information and/or

6    documents that would disclose confidential information protected by any and all rights of privacy

7    under the United States Constitution or any other applicable law, including copyright and

8    licensing agreements, or that is otherwise prohibited from disclosure because to do so would

9    cause Responding Party to violate legal and/or contractual obligations to any other persons or

10   entities.

11       Responding Party objects to this request on the grounds that, to the extent it seeks

12   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

13   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

14   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

15   action, and not reasonably calculated to lead to the discovery of admissible evidence.

16       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

17   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

18   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

19   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

20   statute of limitations.

21       Responding Party objects to the extent this request seeks documents that are no longer

22   active or readily accessible in electronic form which renders this request overly broad and unduly

23   burdensome.

24       Responding Party objects on the grounds that, to the extent this request seeks documents

25   not related to the allegations in the Complaint, this request is overly broad and unduly

26   burdensome, and purports to call for information that is not relevant to the claim or defense of

27   any party, not relevant to the subject matter involved in this action, and not reasonably calculated

28   to lead to the discovery of admissible evidence.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects on the grounds that it seeks documents not in existence or not

2    currently in its possession, custody or control.

3    Responding Party objects that the apparent typographical error "all record laYouts"

4    renders this request ambiguous and unintelligible.

5    Subject to and without waiving the general and specific objections stated above,

6    Responding Party responds that it will make reasonable efforts to identify documents responsive

7    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

8    documents.

9    **REQUEST NO. 7 [SIC] REQUEST NO. 12:**

10   All Documents relating to policies, methods, formulas or factors to be used in

11   determining, computing or quoting prices, including any rebates or discounts, in connection with

12   the sale of CRT or CRT Products.

13   **RESPONSE TO REQUEST NO. 7 [SIC] REQUEST NO. 12:**

14   Responding Party reasserts and incorporates each of the General Objections and

15   Objections to Definitions and Instructions set forth above.

16   Responding Party objects to this request on the grounds that it is overly broad, unduly

17   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18   including to the extent that it seeks the discovery of documents regarding Responding Party's

19   sales outside of the United States and unrelated to United States commerce, as such sales are

20   beyond the scope of this litigation and thereby render the Document Requests overly broad,

21   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22   evidence.

23   Responding Party objects to this request on the grounds that it seeks production of

24   documents protected by the attorney-client privilege, work product doctrine, joint defense or

25   common interest privilege, or by any other applicable doctrine or privilege.

26   Responding Party objects to this request on the grounds it seeks information and/or

27   documents that would disclose confidential information protected by any and all rights of privacy

28   under the United States Constitution or any other applicable law, or that is otherwise prohibited

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                              -34-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    from disclosure because to do so would cause Responding Party to violate legal and/or

2    contractual obligations to any other persons or entities.

3          Responding Party objects to this request on the grounds that, to the extent it seeks

4    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7    action, and not reasonably calculated to lead to the discovery of admissible evidence.

8          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

11   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

12   statute of limitations.

13         Responding Party objects to the extent this request seeks documents that are no longer

14   active or readily accessible in electronic form which renders this request overly broad and unduly

15   burdensome.

16         Responding Party objects to the extent this request seeks documents or information that is

17   not within the possession, custody, or control of Responding Party.

18         Responding Party objects that the phrases "methods, formulas or factors" and

19   "determining, computing or quoting prices" are vague, ambiguous and unintelligible, rendering

20   the request overly broad and unduly burdensome, not relevant and not reasonably calculated to

21   lead to the discovery of admissible evidence.

22         Responding Party objects to this request to the extent it seeks documents or information

23   that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

24         Subject to and without waiving the general and specific objections stated above,

25   Responding Party responds that it will make reasonable efforts to identify documents responsive

26   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

27   documents.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                              -35-                                   MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 8 [SIC] REQUEST NO. 13:**

All Documents relating to any published prices for CRT or CRT Products during the period January 1, 1991 through the present, including price announcements, price lists, price schedules, or price changes communicated to customers in the United States.

**RESPONSE TO REQUEST NO. 8 [SIC] REQUEST NO. 13:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

2   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

3   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

4   statute of limitations.

5        Responding Party objects to the extent this request seeks documents that are no longer

6   active or readily accessible in electronic form which renders this request overly broad and unduly

7   burdensome.

8        Responding Party objects to the extent this request seeks documents or information that is

9   not within the possession, custody, or control of Responding Party.

10        Responding Party objects that the terms "published prices" and "customers" are vague,

11   ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

12   relevant and not reasonably calculated to lead to the discovery of admissible evidence.

13        Responding Party objects that the term "customers in the United States" calls for a legal

14   conclusion.

15        Responding Party objects to the extent this request seeks documents or information that

16   require discovery of information and materials from third parties or sources that are equally if not

17   more accessible to Plaintiffs.

18        Responding Party objects to the extent this request seeks documents or information that

19   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

20        Subject to and without waiving the general and specific objections stated above,

21   Responding Party responds that it will make reasonable efforts to identify documents responsive

22   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

23   documents.

24   **REQUEST NO. 9 [SIC] REQUEST NO. 14:**

25        All Documents relating to contracts, offers or proposals for CRT or CRT Products sales

26   during the period January 1, 1991 through the present.

27   **RESPONSE TO REQUEST NO. 9 [SIC] REQUEST NO. 14:**

28        Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Objections to Definitions and Instructions set forth above.

2    Responding Party objects to this request on the grounds that it is overly broad, unduly

3    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4    including to the extent that it seeks the discovery of documents regarding Responding Party's

5    sales outside of the United States and unrelated to United States commerce, as such sales are

6    beyond the scope of this litigation and thereby render the Document Requests overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9    Responding Party objects to this request on the grounds that it seeks production of

10   documents protected by the attorney-client privilege, work product doctrine, joint defense or

11   common interest privilege, or by any other applicable doctrine or privilege.

12   Responding Party objects to this request on the grounds it seeks information and/or

13   documents that would disclose confidential information protected by any and all rights of privacy

14   under the United States Constitution or any other applicable law, or that is otherwise prohibited

15   from disclosure because to do so would cause Responding Party to violate legal and/or

16   contractual obligations to any other persons or entities.

17   Responding Party objects to this request on the grounds that, to the extent it seeks

18   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21   action, and not reasonably calculated to lead to the discovery of admissible evidence.

22   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

25   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

26   statute of limitations.

27   Responding Party objects to the extent this request seeks documents that are no longer

28   active or readily accessible in electronic form which renders this request overly broad and unduly

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the phrase "contracts, offers or proposals" is vague, ambiguous and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects to the extent this request seeks documents or information that will be the subject of expert discovery, as expert discovery has not commenced in this matter.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 10 [SIC] REQUEST NO. 15:**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

   a)   capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

   b)   any proposed or actual change in the capacity to produce CRT or CRT Products;

   c)   any reason for changes in each facility's actual production of CRT or CRT Products;

   d)   the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

   e)   each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

f)   any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g)   any projected production forecasts;

h)   any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**RESPONSE TO REQUEST NO. 10 [SIC] REQUEST NO. 15:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                  -40-                                  MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

4   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

5   statute of limitations.

6   Responding Party objects to the extent this request seeks documents that are no longer

7   active or readily accessible in electronic form which renders this request overly broad and unduly

8   burdensome.

9   Responding Party objects to the extent this request seeks documents or information that is

10   not within the possession, custody, or control of Responding Party.

11   Responding Party objects that the definition of the term "Your" is vague, ambiguous, and

12   unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

13   reasonably calculated to lead to the discovery of admissible evidence.

14   Responding Party objects that the terms "capacity," "decision-making or supervisory

15   responsibility," and "respective use" are vague, ambiguous and unintelligible, rendering the

16   request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

17   to the discovery of admissible evidence.

18   Responding Party objects to the extent this request is duplicative of Request No. 4 of

19   Plaintiffs' First Set of Requests for Production.

20   Subject to and without waiving the general and specific objections stated above,

21   Responding Party responds that it will make reasonable efforts to identify documents responsive

22   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

23   documents.

24   **REQUEST NO. 11 [SIC] REQUEST NO. 16:**

25   Documents sufficient to describe the processes for producing CRT or CRT Products,

26   including but not limited to, any industry standards.

27   **RESPONSE TO REQUEST NO. 11 [SIC] REQUEST NO. 16:**

28   Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                           -41-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Objections to Definitions and Instructions set forth above.

2         Responding Party objects to this request on the grounds that it is overly broad, unduly

3    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4    including to the extent that it seeks the discovery of documents regarding Responding Party's

5    sales outside of the United States and unrelated to United States commerce, as such sales are

6    beyond the scope of this litigation and thereby render the Document Requests overly broad,

7    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8    evidence.

9         Responding Party objects to this request on the grounds that it seeks production of

10   documents protected by the attorney-client privilege, work product doctrine, joint defense or

11   common interest privilege, or by any other applicable doctrine or privilege.

12        Responding Party objects to this request on the grounds it seeks information and/or

13   documents that would disclose confidential information protected by any and all rights of privacy

14   under the United States Constitution or any other applicable law, or that is otherwise prohibited

15   from disclosure because to do so would cause Responding Party to violate legal and/or

16   contractual obligations to any other persons or entities.

17        Responding Party objects to this request on the grounds that, to the extent it seeks

18   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21   action, and not reasonably calculated to lead to the discovery of admissible evidence.

22        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

25   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

26   statute of limitations.

27        Responding Party objects to the extent this request seeks documents that are no longer

28   active or readily accessible in electronic form which renders this request overly broad and unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  burdensome.

2      Responding Party objects to the extent this request seeks documents or information that is

3  not within the possession, custody, or control of Responding Party.

4      Responding Party objects that the terms "processes for producing" and "industry

5  standards" are vague, ambiguous, and unintelligible, rendering the request overly broad and

6  unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

7  admissible evidence.

8      Responding Party objects to the extent this request seeks documents or information that

9  require discovery of information and materials from third parties or sources that are equally if not

10  more accessible to Plaintiffs.

11      Responding Party objects to the extent this request seeks documents or information that

12  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

13      Subject to and without waiving the general and specific objections stated above,

14  Responding Party responds that it will make reasonable efforts to identify documents responsive

15  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

16  documents.

17  **REQUEST NO. 12 [SIC] REQUEST NO. 17:**

18      All Documents relating to the cost of manufacturing, marketing, selling, and distributing

19  CRT or CRT Products during the period January 1, 1991 through the present.

20  **RESPONSE TO REQUEST NO. 12 [SIC] REQUEST NO. 17:**

21      Responding Party reasserts and incorporates each of the General Objections and

22  Objections to Definitions and Instructions set forth above.

23      Responding Party objects to this request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25  including to the extent that it seeks the discovery of documents regarding Responding Party's

26  sales outside of the United States and unrelated to United States commerce, as such sales are

27  beyond the scope of this litigation and thereby render the Document Requests overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

**DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS**

1    evidence.

2        Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5        Responding Party objects to this request on the grounds it seeks information and/or

6    documents that would disclose confidential information protected by any and all rights of privacy

7    under the United States Constitution or any other applicable law, or that is otherwise prohibited

8    from disclosure because to do so would cause Responding Party to violate legal and/or

9    contractual obligations to any other persons or entities.

10       Responding Party objects to this request on the grounds that, to the extent it seeks

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20       Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23       Responding Party objects to the extent this request seeks documents or information that is

24   not within the possession, custody, or control of Responding Party.

25       Responding Party objects to the extent this request seeks documents or information that

26   require discovery of information and materials from third parties or sources that are equally if not

27   more accessible to Plaintiffs.

28       Responding Party objects to the extent this request seeks documents or information that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -44-                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

2   Subject to and without waiving the general and specific objections stated above,

3   Responding Party responds that it will make reasonable efforts to identify documents responsive

4   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

5   documents.

6   **REQUEST NO. 13 [SIC] REQUEST NO. 18:**

7   Documents sufficient to show Your inventory levels of CRT or CRT Products for each

8   month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

9   **RESPONSE TO REQUEST NO. 13 [SIC] REQUEST NO. 18:**

10   Responding Party reasserts and incorporates each of the General Objections and

11   Objections to Definitions and Instructions set forth above.

12   Responding Party objects to this request on the grounds that it is overly broad, unduly

13   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

14   including to the extent that it seeks the discovery of documents regarding Responding Party's

15   sales outside of the United States and unrelated to United States commerce, as such sales are

16   beyond the scope of this litigation and thereby render the Document Requests overly broad,

17   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

18   evidence.

19   Responding Party objects to this request on the grounds that it seeks production of

20   documents protected by the attorney-client privilege, work product doctrine, joint defense or

21   common interest privilege, or by any other applicable doctrine or privilege.

22   Responding Party objects to this request on the grounds it seeks information and/or

23   documents that would disclose confidential information protected by any and all rights of privacy

24   under the United States Constitution or any other applicable law, or that is otherwise prohibited

25   from disclosure because to do so would cause Responding Party to violate legal and/or

26   contractual obligations to any other persons or entities.

27   Responding Party objects to this request on the grounds that, to the extent it seeks

28   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

2   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

3   action, and not reasonably calculated to lead to the discovery of admissible evidence.

4        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

5   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

6   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

7   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

8   statute of limitations.

9        Responding Party objects to the extent this request seeks documents that are no longer

10  active or readily accessible in electronic form which renders this request overly broad and unduly

11  burdensome.

12       Responding Party objects that the definition of the term "Your" is vague, ambiguous, and

13  unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

14  reasonably calculated to lead to the discovery of admissible evidence.

15       Responding Party objects that the term "inventory levels" is vague, ambiguous, and

16  unintelligible, rendering the request overly broad and unduly burdensome, not relevant, and not

17  reasonably calculated to lead to the discovery of admissible evidence.

18       Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it will make reasonable efforts to identify documents responsive

20  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21  documents.

22  **REQUEST NO. 14 [SIC] REQUEST NO. 19:**

23       Documents sufficient to identify and quantify all swaps, trades, sales, purchases or

24  transfers of CRT or CRT Products between You and any of Your affiliates, or between You and

25  any other producer of CRT or CRT Products, and the price or any other consideration involved in

26  every such sale, swap, trade, purchase or transfer.

27  **RESPONSE TO REQUEST NO. 14 [SIC] REQUEST NO. 19:**

28       Responding Party reasserts and incorporates each of the General Objections and

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Objections to Definitions and Instructions set forth above.

2   Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9   Responding Party objects to this request on the grounds that it seeks production of

10  documents protected by the attorney-client privilege, work product doctrine, joint defense or

11  common interest privilege, or by any other applicable doctrine or privilege.

12  Responding Party objects to this request on the grounds it seeks information and/or

13  documents that would disclose confidential information, third-party confidential information

14  and/or proprietary business information protected by any and all rights of privacy under the

15  United States Constitution or any other applicable law, or that is otherwise prohibited from

16  disclosure because to do so would cause Responding Party to violate legal and/or contractual

17  obligations to any other persons or entities.

18  Responding Party objects to this request on the grounds that, to the extent it seeks

19  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

20  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

21  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

22  action, and not reasonably calculated to lead to the discovery of admissible evidence.

23  Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

24  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

25  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

26  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

27  statute of limitations.

28  Responding Party objects to the extent this request seeks documents that are no longer

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  active or readily accessible in electronic form which renders this request overly broad and unduly

2  burdensome.

3      Responding Party objects that the definition of the terms "You" and "Your" are vague,

4  ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

5  relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

6      Responding Party objects that the terms "affiliates," "swaps," "trades," and "transfers" are

7  vague, ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome,

8  not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

9      Responding Party objects to this request on the grounds that, to the extent it seeks

10  documents related to "purchases," it seeks documents and information not related to the

11  allegations in the Complaint, the request is overly broad and unduly burdensome, and purports to

12  call for information that is not relevant to the claim or defense of any party, not relevant to the

13  subject matter involved in this action, and not reasonably calculated to lead to the discovery of

14  admissible evidence.

15      Subject to and without waiving the general and specific objections stated above,

16  Responding Party responds that it will make reasonable efforts to identify documents responsive

17  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

18  documents.

19  **REQUEST NO. 15 [SIC] REQUEST NO. 20:**

20      All Documents relating to any relationship between prices for CRT or CRT Products and

21  any costs of producing, marketing, selling, or distributing CRT or CRT Products during the

22  period January 1, 1991 through the present.

23  **RESPONSE TO REQUEST NO. 15 [SIC] REQUEST NO. 20:**

24      Responding Party reasserts and incorporates each of the General Objections and

25  Objections to Definitions and Instructions set forth above.

26      Responding Party objects to this request on the grounds that it is overly broad, unduly

27  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

28  including to the extent that it seeks the discovery of documents regarding Responding Party's

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  sales outside of the United States and unrelated to United States commerce, as such sales are

2  beyond the scope of this litigation and thereby render the Document Requests overly broad,

3  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

4  evidence.

5        Responding Party objects to this request on the grounds that it seeks production of

6  documents protected by the attorney-client privilege, work product doctrine, joint defense or

7  common interest privilege, or by any other applicable doctrine or privilege.

8        Responding Party objects to this request on the grounds it seeks information and/or

9  documents that would disclose confidential information protected by any and all rights of privacy

10 under the United States Constitution or any other applicable law, or that is otherwise prohibited

11 from disclosure because to do so would cause Responding Party to violate legal and/or

12 contractual obligations to any other persons or entities.

13       Responding Party objects to this request on the grounds that, to the extent it seeks

14 documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

15 ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

16 relevant to the claim or defense of any party, not relevant to the subject matter involved in this

17 action, and not reasonably calculated to lead to the discovery of admissible evidence.

18       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

19 and not relevant, rendering the request not reasonably calculated to lead to the discovery of

20 admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

21 class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

22 statute of limitations.

23       Responding Party objects to the extent this request seeks documents that are no longer

24 active or readily accessible in electronic form which renders this request overly broad and unduly

25 burdensome.

26       Responding Party objects to the extent this request seeks documents or information that is

27 not within the possession, custody, or control of Responding Party.

28       Responding Party objects that the phrase "relationship between prices" is vague and

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  ambiguous, rendering this request overly broad and unduly burdensome, not relevant and not

2  reasonably calculated to lead to the discovery of admissible evidence.

3       Responding Party objects to the extent this request seeks document relating to "costs of

4  production, marketing, or selling or distributing CRT or CRT Products," it is duplicative of

5  Request No. 12 of the Document Requests.

6       Responding Party objects to the extent this request seeks documents or information that

7  require discovery of information and materials from third parties or sources that are equally if not

8  more accessible to Plaintiffs.

9       Responding Party objects to the extent this request seeks documents concerning the

10  "prices of CRTs" and "costs of producing" CRTs, this request is duplicative of Document

11  Request Nos. 8 and 12 of the Document Requests.

12       Responding Party objects to the extent this request seeks documents or information that

13  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

14       Subject to and without waiving the general and specific objections stated above,

15  Responding Party responds that it will make reasonable efforts to identify documents responsive

16  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

17  documents.

18  **REQUEST NO. 16 [SIC] REQUEST NO. 21:**

19       All of Your internal and public annual, quarterly and monthly financial statements,

20  summaries or analyses, including profit-and-loss statements and comparisons to budget that relate

21  to CRT or CRT Products.

22  **RESPONSE TO REQUEST NO. 16 [SIC] REQUEST NO. 21:**

23       Responding Party reasserts and incorporates each of the General Objections and

24  Objections to Definitions and Instructions set forth above.

25       Responding Party objects to this request on the grounds that it is overly broad, unduly

26  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

27  including to the extent that it seeks the discovery of documents regarding Responding Party's

28  sales outside of the United States and unrelated to United States commerce, as such sales are

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                  -50-                  MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    beyond the scope of this litigation and thereby render the Document Requests overly broad,

2    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3    evidence.

4         Responding Party objects to this request on the grounds that it seeks production of

5    documents protected by the attorney-client privilege, work product doctrine, joint defense or

6    common interest privilege, or by any other applicable doctrine or privilege.

7         Responding Party objects to this request on the grounds it seeks information and/or

8    documents that would disclose confidential information protected by any and all rights of privacy

9    under the United States Constitution or any other applicable law, or that is otherwise prohibited

10   from disclosure because to do so would cause Responding Party to violate legal and/or

11   contractual obligations to any other persons or entities.

12        Responding Party objects to this request on the grounds that, to the extent it seeks

13   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

14   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

15   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

16   action, and not reasonably calculated to lead to the discovery of admissible evidence.

17        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

18   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

19   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

20   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

21   statute of limitations.

22        Responding Party objects to the extent this request seeks documents or information that is

23   not within the possession, custody, or control of Responding Party.

24        Subject to and without waiving the general and specific objections stated above,

25   Responding Party responds that it will make reasonable efforts to identify documents responsive

26   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

27   documents.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -51-                          MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 17 [SIC] REQUEST NO. 22:**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 17 [SIC] REQUEST NO. 22:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                     -52-                     MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

2    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

3    statute of limitations.

4          Responding Party objects to the extent this request seeks documents that are no longer

5    active or readily accessible in electronic form which renders this request overly broad and unduly

6    burdensome.

7          Responding Party objects to the extent this request seeks documents or information that is

8    not within the possession, custody, or control of Responding Party.

9          Responding Party objects that the phrase "business plans, planning analyses, budgets,

10   forecasts, or sales or profit projections" is vague and ambiguous, rendering this request overly

11   broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery

12   of admissible evidence.

13         Responding Party objects to the extent this request seeks documents or information that

14   require discovery of information and materials from third parties or sources that are equally if not

15   more accessible to Plaintiffs.

16         Responding Party objects to the extent this request seeks documents or information that

17   will be the subject of expert discovery, as expert discovery has not commenced in this matter.

18         Subject to and without waiving the general and specific objections stated above,

19   Responding Party responds that it will make reasonable efforts to identify documents responsive

20   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21   documents.

22   **REQUEST NO. 18 [SIC] REQUEST NO. 23:**

23         Documents sufficient to show the identity of all other producers and sellers of CRT or

24   CRT Products during any portion of the relevant period.

25   **RESPONSE TO REQUEST NO. 18 [SIC] REQUEST NO. 23:**

26         Responding Party reasserts and incorporates each of the General Objections and

27   Objections to Definitions and Instructions set forth above.

28         Responding Party objects to this request on the grounds that it is overly broad, unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -53-                                MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

2   including to the extent that it seeks the discovery of documents regarding Responding Party's

3   sales outside of the United States and unrelated to United States commerce, as such sales are

4   beyond the scope of this litigation and thereby render the Document Requests overly broad,

5   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6   evidence.

7       Responding Party objects to this request on the grounds that it seeks production of

8   documents protected by the attorney-client privilege, work product doctrine, joint defense or

9   common interest privilege, or by any other applicable doctrine or privilege.

10      Responding Party also objects on the grounds it seeks information and/or documents that

11  would disclose confidential information protected by any and all rights of privacy under the

12  United States Constitution or any other applicable law, or that is otherwise prohibited from

13  disclosure because to do so would cause Responding Party to violate legal and/or contractual

14  obligations to any other persons or entities.

15      Responding Party objects on the grounds that, to the extent it requests documents

16  regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous,

17  overly broad and unduly burdensome, and purports to call for information that is not relevant to

18  the claim or defense of any party, not relevant to the subject matter involved in this action, and

19  not reasonably calculated to lead to the discovery of admissible evidence.

20      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

23  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

24  statute of limitations.

25      Responding Party objects to the extent this request seeks documents that are no longer

26  active or readily accessible in electronic form which renders this request overly broad and unduly

27  burdensome.

28      Responding Party objects to the extent this request seeks documents or information that is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                -54-                                MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   not within the possession, custody, or control of Responding Party.

2        Responding Party objects that by seeking documents and information regarding "all other

3   producers and sellers of CRT or CRT Products," the request is overly broad and unduly

4   burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible

5   evidence.

6        Responding Party objects to the extent this request seeks documents or information that

7   require discovery of information and materials from third parties or sources that are equally if not

8   more accessible to Plaintiffs.

9        Responding Party objects to the extent this request seeks documents or information that

10  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

11       Subject to and without waiving the general and specific objections stated above,

12  Responding Party responds that it will make reasonable efforts to identify documents responsive

13  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

14  documents.

15  **REQUEST NO. 19 [SIC] REQUEST NO. 24:**

16       All Documents relating to Your percentage or share of industry production, capacity, sales

17  or shipments of CRT or CRT Products, or the percentage or share of industry production,

18  capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time

19  during the period January 1, 1991 through the present.

20  **RESPONSE TO REQUEST NO. 19 [SIC] REQUEST NO. 24:**

21       Responding Party reasserts and incorporates each of the General Objections and

22  Objections to Definitions and Instructions set forth above.

23       Responding Party objects to this request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25  including to the extent that it seeks the discovery of documents regarding Responding Party's

26  sales outside of the United States and unrelated to United States commerce, as such sales are

27  beyond the scope of this litigation and thereby render the Document Requests overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

1    evidence.

2         Responding Party objects to this request on the grounds that it seeks production of

3    documents protected by the attorney-client privilege, work product doctrine, joint defense or

4    common interest privilege, or by any other applicable doctrine or privilege.

5         Responding Party also objects on the grounds it seeks information and/or documents that

6    would disclose confidential information protected by any and all rights of privacy under the

7    United States Constitution or any other applicable law, or that is otherwise prohibited from

8    disclosure because to do so would cause Responding Party to violate legal and/or contractual

9    obligations to any other persons or entities.

10        Responding Party objects to this request on the grounds that, to the extent it requests

11   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14   action, and not reasonably calculated to lead to the discovery of admissible evidence.

15        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19   statute of limitations.

20        Responding Party objects to the extent this request seeks documents that are no longer

21   active or readily accessible in electronic form which renders this request overly broad and unduly

22   burdensome.

23        Responding Party objects to the extent this request seeks documents or information that is

24   not within the possession, custody, or control of Responding Party.

25        Responding Party objects that the phrase "percentage or share of industry production,

26   capacity, sales or shipments" is vague and ambiguous, rendering this request overly broad and

27   unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

28   admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -56-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents or information that

2    require discovery of information and materials from third parties or sources that are equally if not

3    more accessible to Plaintiffs.

4    Responding Party objects to the extent this request seeks documents or information that

5    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

6    Subject to and without waiving the general and specific objections stated above,

7    Responding Party responds that it will make reasonable efforts to identify documents responsive

8    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

9    documents.

10   **REQUEST NO. 20 [SIC] REQUEST NO. 25:**

11   All Documents showing the dollar volume or quantity of sales or shipments of CRT or

12   CRT Products (by type or category, if available) by You or by other producers or sellers of CRT

13   or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991

14   through the present.

15   **RESPONSE TO REQUEST NO. 20 [SIC] REQUEST NO. 25:**

16   Responding Party reasserts and incorporates each of the General Objections and

17   Objections to Definitions and Instructions set forth above.

18   Responding Party objects to this request on the grounds that it is overly broad, unduly

19   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

20   including to the extent that it seeks the discovery of documents regarding Responding Party's

21   sales outside of the United States and unrelated to United States commerce, as such sales are

22   beyond the scope of this litigation and thereby render the Document Requests overly broad,

23   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

24   evidence.

25   Responding Party objects to this request on the grounds that it seeks production of

26   documents protected by the attorney-client privilege, work product doctrine, joint defense or

27   common interest privilege, or by any other applicable doctrine or privilege.

28   Responding Party objects to this request on the grounds it seeks information and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -57-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   documents that would disclose confidential information protected by any and all rights of privacy

2   under the United States Constitution or any other applicable law, or that is otherwise prohibited

3   from disclosure because to do so would cause Responding Party to violate legal and/or

4   contractual obligations to any other persons or entities.

5   Responding Party objects to this request on the grounds that, to the extent it seeks

6   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

7   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

8   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

9   action, and not reasonably calculated to lead to the discovery of admissible evidence.

10   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

11   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

12   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

13   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

14   statute of limitations.

15   Responding Party objects to the extent this request seeks documents that are no longer

16   active or readily accessible in electronic form which renders this request overly broad and unduly

17   burdensome.

18   Responding Party objects to the extent this request seeks documents or information that is

19   not within the possession, custody, or control of Responding Party.

20   Responding Party objects that the phrase "dollar volume" is vague, ambiguous, and

21   unintelligible, rendering the request overly broad and unduly burdensome, not relevant and not

22   reasonably calculated to lead to the discovery of admissible evidence.

23   Responding Party objects to the extent it seeks documents relating to the "quantity of sales

24   or shipments of CRT or CRT Products," this request is duplicative of Document Request No. 5 of

25   Plaintiffs' First Set of Requests for Production of Documents, and Request No. 5 of the

26   Document Requests.

27   Responding Party objects to the extent this request seeks documents or information that

28   require discovery of information and materials from third parties or sources that are equally if not

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  more accessible to Plaintiffs.

2       Responding Party objects to the extent this request seeks documents or information that

3  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

4       Subject to and without waiving the general and specific objections stated above,

5  Responding Party responds that it will make reasonable efforts to identify documents responsive

6  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

7  documents.

8  **REQUEST NO. 21 [SIC] REQUEST NO. 26:**

9       All Documents that compare or contrast each type, class, or category of CRT or CRT

10  Products produced or sold by You with that of any other producer or seller of CRT or CRT

11  Products and all Documents that relate to any industry standards regarding types, classes, or

12  categories of CRT or CRT Products.

13  **RESPONSE TO REQUEST NO. 21 [SIC] REQUEST NO. 26:**

14       Responding Party reasserts and incorporates each of the General Objections and

15  Objections to Definitions and Instructions set forth above.

16       Responding Party objects to this request on the grounds that it is overly broad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

18  including to the extent that it seeks the discovery of documents regarding Responding Party's

19  sales outside of the United States and unrelated to United States commerce, as such sales are

20  beyond the scope of this litigation and thereby render the Document Requests overly broad,

21  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

22  evidence.

23       Responding Party objects to this request on the grounds that it seeks production of

24  documents protected by the attorney-client privilege, work product doctrine, joint defense or

25  common interest privilege, or by any other applicable doctrine or privilege.

26       Responding Party objects to this request on the grounds it seeks information and/or

27  documents that would disclose confidential information protected by any and all rights of privacy

28  under the United States Constitution or any other applicable law, or that is otherwise prohibited

1  from disclosure because to do so would cause Responding Party to violate legal and/or

2  contractual obligations to any other persons or entities.

3      Responding Party objects to this request on the grounds that, to the extent it seeks

4  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

5  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

6  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

7  action, and not reasonably calculated to lead to the discovery of admissible evidence.

8      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

9  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

10  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

11  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

12  statute of limitations.

13      Responding Party objects to the extent this request seeks documents that are no longer

14  active or readily accessible in electronic form which renders this request overly broad and unduly

15  burdensome.

16      Responding Party objects to the extent this request seeks documents or information that is

17  not within the possession, custody, or control of Responding Party.

18      Responding Party objects that the phrases "compare or contrast" and "industry standards"

19  are vague, ambiguous, and unintelligible, rendering this request overly broad and unduly

20  burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

21  evidence.

22      Responding Party objects to the extent this request seeks documents or information that

23  require discovery of information and materials from third parties or sources that are equally if not

24  more accessible to Plaintiffs.

25      Responding Party objects to the extent this request is duplicative of Request No. 5 of the

26  Document Requests.

27      Responding Party objects to the extent this request seeks documents or information that

28  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8    -60-    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Subject to and without waiving the general and specific objections stated above,

2  Responding Party responds that it will make reasonable efforts to identify documents responsive

3  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

4  documents.

5  **REQUEST NO. 22 [SIC] REQUEST NO. 27:**

6    Documents sufficient to show the regions or territories in which each type, class, or

7  category of CRT or CRT Products are sold in the United States.

8  **RESPONSE TO REQUEST NO. 22 [SIC] REQUEST NO. 27:**

9    Responding Party reasserts and incorporates each of the General Objections and

10  Objections to Definitions and Instructions set forth above.

11    Responding Party objects to this request on the grounds that it is overly broad, unduly

12  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

13  including to the extent that it seeks the discovery of documents regarding Responding Party's

14  sales outside of the United States and unrelated to United States commerce, as such sales are

15  beyond the scope of this litigation and thereby render the Document Requests overly broad,

16  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

17  evidence.

18    Responding Party objects to this request on the grounds that it seeks production of

19  documents protected by the attorney-client privilege, work product doctrine, joint defense or

20  common interest privilege, or by any other applicable doctrine or privilege.

21    Responding Party objects to this request on the grounds it seeks information and/or

22  documents that would disclose confidential information protected by any and all rights of privacy

23  under the United States Constitution or any other applicable law, or that is otherwise prohibited

24  from disclosure because to do so would cause Responding Party to violate legal and/or

25  contractual obligations to any other persons or entities.

26    Responding Party objects to this request on the grounds that, to the extent it seeks

27  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

28  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

2   action, and not reasonably calculated to lead to the discovery of admissible evidence.

3        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

4   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

5   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

6   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

7   statute of limitations.

8        Responding Party objects to the extent this request seeks documents that are no longer

9   active or readily accessible in electronic form which renders this request overly broad and unduly

10  burdensome.

11       Responding Party objects to the extent this request seeks documents or information that is

12  not within the possession, custody, or control of Responding Party.

13       Responding Party objects to the extent this request seeks documents or information that

14  require discovery of information and materials from third parties or sources that are equally if not

15  more accessible to Plaintiffs.

16       Responding Party objects to the extent this request seeks documents or information that

17  will be the subject of expert discovery, as expert discovery has not commenced in this matter.

18       Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it will make reasonable efforts to identify documents responsive

20  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21  documents.

22  **REQUEST NO. 23 [SIC] REQUEST NO. 28:**

23       All Documents relating to conditions of supply or demand for CRT or CRT Products,

24  including, but not limited to, any market studies or industry reports during the period January 1,

25  1991 through the present.

26  **RESPONSE TO REQUEST NO. 23 [SIC] REQUEST NO. 28:**

27       Responding Party reasserts and incorporates each of the General Objections and

28  Objections to Definitions and Instructions set forth above.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8     -62-     MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1     Responding Party objects to this request on the grounds that it is overly broad, unduly

2  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

3  including to the extent that it seeks the discovery of documents regarding Responding Party's

4  sales outside of the United States and unrelated to United States commerce, as such sales are

5  beyond the scope of this litigation and thereby render the Document Requests overly broad,

6  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7  evidence.

8     Responding Party objects to this request on the grounds that it seeks production of

9  documents protected by the attorney-client privilege, work product doctrine, joint defense or

10  common interest privilege, or by any other applicable doctrine or privilege.

11     Responding Party objects to this request on the grounds it seeks information and/or

12  documents that would disclose confidential information protected by any and all rights of privacy

13  under the United States Constitution or any other applicable law, or that is otherwise prohibited

14  from disclosure because to do so would cause Responding Party to violate legal and/or

15  contractual obligations to any other persons or entities.

16     Responding Party objects to this request on the grounds that, to the extent it requests

17  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

18  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

19  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

20  action, and not reasonably calculated to lead to the discovery of admissible evidence.

21     Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

22  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

23  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

24  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

25  statute of limitations.

26     Responding Party objects to the extent this request seeks documents that are no longer

27  active or readily accessible in electronic form which renders this request overly broad and unduly

28  burdensome.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents or information that is

2    not within the possession, custody, or control of Responding Party.

3    Responding Party objects that the phrases "relating to conditions of supply and demand"

4    and "market studies or industry reports" are vague, ambiguous, and unintelligible, rendering this

5    request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead

6    to the discovery of admissible evidence.

7    Responding Party objects to the extent this request seeks documents or information that

8    require discovery of information and materials from third parties or sources that are equally if not

9    more accessible to Plaintiffs.

10    Responding Party objects to the extent this request seeks documents or information that

11    will be the subject of expert discovery, as expert discovery has not commenced in this matter.

12    Subject to and without waiving the general and specific objections stated above,

13    Responding Party responds that it will make reasonable efforts to identify documents responsive

14    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

15    documents.

16    **REQUEST NO. 24 [SIC] REQUEST NO. 29:**

17    All Documents relating to any contemplated, proposed, planned, pending or executed

18    purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any

19    other change in ownership of any assets, liabilities, subsidiaries, departments, units or other

20    subdivisions of Your or another company relating to production, distribution, marketing, pricing,

21    sale or resale of CRT or CRT Products during the Relevant Time Period.

22    **RESPONSE TO REQUEST NO. 24 [SIC] REQUEST NO. 29:**

23    Responding Party reasserts and incorporates each of the General Objections and

24    Objections to Definitions and Instructions set forth above.

25    Responding Party objects to this request on the grounds that it is overly broad, unduly

26    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

27    including to the extent that it seeks the discovery of documents regarding Responding Party's

28    sales outside of the United States and unrelated to United States commerce, as such sales are

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21606649.8                                    -64-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   beyond the scope of this litigation and thereby render the Document Requests overly broad,

2   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3   evidence.

4       Responding Party objects to this request on the grounds that it seeks production of

5   documents protected by the attorney-client privilege, work product doctrine, joint defense or

6   common interest privilege, or by any other applicable doctrine or privilege.

7       Responding Party objects to this request on the grounds it seeks information and/or

8   documents that would disclose confidential information protected by any and all rights of privacy

9   under the United States Constitution or any other applicable law, or that is otherwise prohibited

10  from disclosure because to do so would cause Responding Party to violate legal and/or

11  contractual obligations to any other persons or entities.

12      Responding Party objects to this request on the grounds that, to the extent it seeks

13  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

14  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

15  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

16  action, and not reasonably calculated to lead to the discovery of admissible evidence.

17      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

18  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

19  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

20  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

21  statute of limitations.

22      Responding Party objects to the extent this request seeks documents that are no longer

23  active or readily accessible in electronic form which renders this request overly broad and unduly

24  burdensome.

25      Responding Party objects to the extent this request seeks documents or information that is

26  not within the possession, custody, or control of Responding Party.

27      Responding Party objects that the definition of the term "Your" renders the request vague,

28  ambiguous, and unintelligible, overly broad and unduly burdensome, not relevant, and not

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -65-                         MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    reasonably calculated to lead to the discovery of admissible evidence.

2            Responding Party objects that the terms "contemplated," "proposed," "planned,"

3    "pending," "executed" and "another company" are vague, ambiguous, and unintelligible,

4    rendering this request overly broad and unduly burdensome, not relevant and not reasonably

5    calculated to lead to the discovery of admissible evidence.

6            Responding Party objects to the extent this request seeks documents or information that

7    require discovery of information and materials from third parties or sources that are equally if not

8    more accessible to Plaintiffs.

9            Responding Party objects to the extent this request seeks documents and information that

10   would require disclosure of Responding Party's or a third-party's respective trade secrets or other

11   confidential information protected by the Uniform Trade Secrets Act, *et. seq.*, any and all rights

12   of privacy under the United States Constitution, or Article One of the California State

13   Constitution or other state constitutions, or any other applicable law, or which is otherwise

14   prohibited from disclosure because to do so would cause Responding Party to violate legal or

15   contractual obligations to any other persons or entities.

16           Responding Party objects that this request is overly broad and unduly burdensome, and

17   the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule

18   26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

19           Subject to and without waiving the general and specific objections stated above,

20   Responding Party responds that it will make reasonable efforts to identify documents responsive

21   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

22   documents.

23   **REQUEST NO. 25 [SIC] REQUEST NO. 30:**

24           All Documents relating to any communications between You and any parent, subsidiary,

25   affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or

26   distribution of CRT or CRT Products.

27   **RESPONSE TO REQUEST NO. 25 [SIC] REQUEST NO. 30:**

28           Responding Party reasserts and incorporates each of the General Objections and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Objections to Definitions and Instructions set forth above.

2          Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9          Responding Party objects to this request on the grounds that it seeks production of

10   documents protected by the attorney-client privilege, work product doctrine, joint defense or

11   common interest privilege, or by any other applicable doctrine or privilege.

12          Responding Party objects to this request on the grounds it seeks information and/or

13   documents that would disclose confidential information protected by any and all rights of privacy

14   under the United States Constitution or any other applicable law, or that is otherwise prohibited

15   from disclosure because to do so would cause Responding Party to violate legal and/or

16   contractual obligations to any other persons or entities.

17          Responding Party objects to this request on the grounds that, to the extent it seeks

18   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

19   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

20   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

21   action, and not reasonably calculated to lead to the discovery of admissible evidence.

22          Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

23   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

24   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

25   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

26   statute of limitations.

27          Responding Party objects to the extent this request seeks documents that are no longer

28   active or readily accessible in electronic form which renders this request overly broad and unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects that the phrase "affiliated company" is vague, ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects that this request is overly broad and unduly burdensome, and the burden it places on Responding Party far outweighs any likely benefit to Plaintiffs under Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 26 [SIC] REQUEST NO. 31:**

All Documents relating to communications regarding CRT or CRT Products between or among manufacturers of CRT or CRT Products, including Defendants.

**RESPONSE TO REQUEST NO. 26 [SIC] REQUEST NO. 31:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or contractual obligations to any other persons or entities.

Responding Party objects to this request on the grounds that, to the extent it seeks documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and ambiguous, overly broad and unduly burdensome, and purports to call for information that is not relevant to the claim or defense of any party, not relevant to the subject matter involved in this action, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects on the grounds that the "Relevant Time Period" is overly broad and not relevant, rendering the request not reasonably calculated to lead to the discovery of admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the statute of limitations.

Responding Party objects to the extent this request seeks documents that are no longer active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.

Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Responding Party objects that the phrase "relating to" is vague, ambiguous and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                   -69-                                   MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   unintelligible, and renders the request unlimited in scope, overly broad and unduly burdensome,

2   not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

3         Subject to and without waiving the general and specific objections stated above,

4   Responding Party responds that it will make reasonable efforts to identify documents responsive

5   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

6   documents.

7   **REQUEST NO. 27 [SIC] REQUEST NO. 32:**

8         All Documents relating to any Meeting attended by You or any other Defendant or any

9   manufacturer of CRT or CRT Products during which there was any communication concerning

10  the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products,

11  including, but not limited to the notes of any such Meetings.

12  **RESPONSE TO REQUEST NO. 27 [SIC] REQUEST NO. 32:**

13        Responding Party reasserts and incorporates each of the General Objections and

14  Objections to Definitions and Instructions set forth above.

15        Responding Party objects to this request on the grounds that it is overly broad, unduly

16  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

17  including to the extent that it seeks the discovery of documents regarding Responding Party's

18  sales outside of the United States and unrelated to United States commerce, as such sales are

19  beyond the scope of this litigation and thereby render the Document Requests overly broad,

20  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

21  evidence.

22        Responding Party objects to this request on the grounds that it seeks production of

23  documents protected by the attorney-client privilege, work product doctrine, joint defense or

24  common interest privilege, or by any other applicable doctrine or privilege.

25        Responding Party objects to this request on the grounds it seeks information and/or

26  documents that would disclose confidential information protected by any and all rights of privacy

27  under the United States Constitution or any other applicable law, or that is otherwise prohibited

28  from disclosure because to do so would cause Responding Party to violate legal and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                      -70-                   MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   contractual obligations to any other persons or entities.

2       Responding Party objects to this request on the grounds that, to the extent it seeks

3   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

4   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

5   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

6   action, and not reasonably calculated to lead to the discovery of admissible evidence.

7       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

8   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

9   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

10  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

11  statute of limitations.

12      Responding Party objects to the extent this request seeks documents that are no longer

13  active or readily accessible in electronic form which renders this request overly broad and unduly

14  burdensome.

15      Responding Party objects to the extent this request seeks documents or information that is

16  not within the possession, custody, or control of Responding Party.

17      Responding Party objects to the extent this request seeks documents or information that

18  require discovery of information and materials from third parties or sources that are equally if not

19  more accessible to Plaintiffs.

20      Subject to and without waiving the general and specific objections stated above,

21  Responding Party responds that it will make reasonable efforts to identify documents responsive

22  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

23  documents.

24  **REQUEST NO. 28 [SIC] REQUEST NO. 33:**

25      For each of Your Employees who has or had any non-clerical responsibility for

26  recommending, reviewing, setting or approving prices, price increase announcements, bids or

27  quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of

28  CRT or CRT Products:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

a.     all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

b.     all copies of trip and travel logs, records or other supporting Documents;

c.     all copies of expense reports or other supporting Documents;

d.     all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

e.     all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

f.     all Documents relating to membership in any trade association or industry group; and

g.     the complete personnel file for that Employee.

**RESPONSE TO REQUEST NO. 28 [SIC] REQUEST NO. 33:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy under the United States Constitution or any other applicable law, or that is otherwise prohibited from disclosure because to do so would cause Responding Party to violate legal and/or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -72-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    contractual obligations to any other persons or entities.

2        Responding Party objects to this request on the grounds that, to the extent it seeks

3    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

4    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

5    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

6    action, and not reasonably calculated to lead to the discovery of admissible evidence.

7        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

8    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

9    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

10   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

11   statute of limitations.

12       Responding Party objects to the extent this request seeks documents that are no longer

13   active or readily accessible in electronic form which renders this request overly broad and unduly

14   burdensome.

15       Responding Party objects that the phrase "non-clerical responsibility" is vague,

16   ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

17   relevant and not reasonably calculated to lead to the discovery of admissible evidence.

18       Responding Party objects to the extent this request seeks documents or information that

19   require discovery of information and materials from third parties or sources that are equally if not

20   more accessible to Plaintiffs.

21       Subject to and without waiving the general and specific objections stated above,

22   Responding Party responds that it will make reasonable efforts to identify documents responsive

23   to this request within the Limitations Period and, if any, will produce non-privileged, responsive

24   documents.

25   **REQUEST NO. 29 [SIC] REQUEST NO. 34:**

26       Documents sufficient to show the name and address of each trade association (including

27   committees and subcommittees) relating to CRT or CRT Products of which You or any of Your

28   Employees are or have been a member, as well as Documents sufficient to show dates of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   membership and dates of participation in committees or subcommittees.

2   **RESPONSE TO REQUEST NO. 29 [SIC] REQUEST NO. 34:**

3        Responding Party reasserts and incorporates each of the General Objections and

4   Objections to Definitions and Instructions set forth above.

5        Responding Party objects to this request on the grounds that it is overly broad, unduly

6   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

7   including to the extent that it seeks the discovery of documents regarding Responding Party's

8   sales outside of the United States and unrelated to United States commerce, as such sales are

9   beyond the scope of this litigation and thereby render the Document Requests overly broad,

10  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11  evidence.

12       Responding Party objects to this request on the grounds that it seeks production of

13  documents protected by the attorney-client privilege, work product doctrine, joint defense or

14  common interest privilege, or by any other applicable doctrine or privilege.

15       Responding Party objects to this request on the grounds it seeks information and/or

16  documents that would disclose confidential information protected by any and all rights of privacy

17  under the United States Constitution or any other applicable law, or that is otherwise prohibited

18  from disclosure because to do so would cause Responding Party to violate legal and/or

19  contractual obligations to any other persons or entities.

20       Responding Party objects to this request on the grounds that, to the extent it seeks

21  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

22  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

23  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

24  action, and not reasonably calculated to lead to the discovery of admissible evidence.

25       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

26  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

27  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

28  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   statute of limitations.

2        Responding Party objects to the extent this request seeks documents that are no longer

3   active or readily accessible in electronic form which renders this request overly broad and unduly

4   burdensome.

5        Responding Party objects to the extent this request seeks documents or information that is

6   not within the possession, custody, or control of Responding Party.

7        Responding Party objects to the extent this request seeks documents or information that

8   require discovery of information and materials from third parties or sources that are equally if not

9   more accessible to Plaintiffs.

10       Subject to and without waiving the general and specific objections stated above,

11  Responding Party responds that it will make reasonable efforts to identify documents responsive

12  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

13  documents.

14  **REQUEST NO. 30 [SIC] REQUEST NO. 35:**

15       All Documents relating to Meetings of each trade association and each of its committees

16  or subcommittees relating to CRT or CRT Products, including all Documents relating to any such

17  Meeting attended by You and any other CRT or CRT Products manufacturer and Documents

18  sufficient to identify individuals from Your company who attended, the dates of attendance, and

19  the subject matters discussed.

20  **RESPONSE TO REQUEST NO. 30 [SIC] REQUEST NO. 35:**

21       Responding Party reasserts and incorporates each of the General Objections and

22  Objections to Definitions and Instructions set forth above.

23       Responding Party objects to this request on the grounds that it is overly broad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

25  including to the extent that it seeks the discovery of documents regarding Responding Party's

26  sales outside of the United States and unrelated to United States commerce, as such sales are

27  beyond the scope of this litigation and thereby render the Document Requests overly broad,

28  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -75-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  evidence.

2      Responding Party objects to this request on the grounds that it seeks production of

3  documents protected by the attorney-client privilege, work product doctrine, joint defense or

4  common interest privilege, or by any other applicable doctrine or privilege.

5      Responding Party objects to this request on the grounds it seeks information and/or

6  documents that would disclose confidential information protected by any and all rights of privacy

7  under the United States Constitution or any other applicable law, or that is otherwise prohibited

8  from disclosure because to do so would cause Responding Party to violate legal and/or

9  contractual obligations to any other persons or entities.

10      Responding Party objects to this request on the grounds that, to the extent it seeks

11  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

12  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

13  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

14  action, and not reasonably calculated to lead to the discovery of admissible evidence.

15      Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

16  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

17  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

18  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

19  statute of limitations.

20      Responding Party objects to the extent this request seeks documents that are no longer

21  active or readily accessible in electronic form which renders this request overly broad and unduly

22  burdensome.

23      Responding Party objects to the extent this request seeks documents or information that is

24  not within the possession, custody, or control of Responding Party.

25      Responding Party objects to the extent this request seeks documents or information that

26  require discovery of information and materials from third parties or sources that are equally if not

27  more accessible to Plaintiffs.

28      Subject to and without waiving the general and specific objections stated above,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party responds that it will make reasonable efforts to identify documents responsive

2    to this request within the Limitations Period and, if any, will produce non-privileged, responsive

3    documents.

4    **REQUEST NO. 31 [SIC] REQUEST NO. 36:**

5         All studies, analyses, communications, presentations or other Documents that You have

6    submitted to or received from any trade association regarding CRT or CRT Products.

7    **RESPONSE TO REQUEST NO. 31 [SIC] REQUEST NO. 36:**

8         Responding Party reasserts and incorporates each of the General Objections and

9    Objections to Definitions and Instructions set forth above.

10        Responding Party objects to this request on the grounds that it is overly broad, unduly

11   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

12   including to the extent that it seeks the discovery of documents regarding Responding Party's

13   sales outside of the United States and unrelated to United States commerce, as such sales are

14   beyond the scope of this litigation and thereby render the Document Requests overly broad,

15   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16   evidence.

17        Responding Party objects to this request on the grounds that it seeks production of

18   documents protected by the attorney-client privilege, work product doctrine, joint defense or

19   common interest privilege, or by any other applicable doctrine or privilege.

20        Responding Party objects to this request on the grounds it seeks information and/or

21   documents that would disclose confidential information protected by any and all rights of privacy

22   under the United States Constitution or any other applicable law, or that is otherwise prohibited

23   from disclosure because to do so would cause Responding Party to violate legal and/or

24   contractual obligations to any other persons or entities.

25        Responding Party objects to this request on the grounds that, to the extent it seeks

26   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  action, and not reasonably calculated to lead to the discovery of admissible evidence.

2       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

5  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

6  statute of limitations.

7       Responding Party objects to the extent this request seeks documents that are no longer

8  active or readily accessible in electronic form which renders this request overly broad and unduly

9  burdensome.

10       Responding Party objects to the extent this request seeks documents or information that is

11  not within the possession, custody, or control of Responding Party.

12       Responding Party objects that the terms "studies" and "analyses" are vague, ambiguous,

13  and unintelligible, rendering this request overly broad and unduly burdensome, not relevant and

14  not reasonably calculated to lead to the discovery of admissible evidence.

15       Responding Party objects to the extent this request seeks documents or information that

16  require discovery of information and materials from third parties or sources that are equally if not

17  more accessible to Plaintiffs.

18       Subject to and without waiving the general and specific objections stated above,

19  Responding Party responds that it will make reasonable efforts to identify documents responsive

20  to this request within the Limitations Period and, if any, will produce non-privileged, responsive

21  documents.

22  **REQUEST NO. 32 [SIC] REQUEST NO. 37:**

23       All statements, announcements, disclosures or press releases issued by You or any of

24  Your competitors relating to CRT or CRT Products.

25  **RESPONSE TO REQUEST NO. 32 [SIC] REQUEST NO. 37:**

26       Responding Party reasserts and incorporates each of the General Objections and

27  Objections to Definitions and Instructions set forth above.

28       Responding Party objects to this request on the grounds that it is overly broad, unduly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -78-                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

2    including to the extent that it seeks the discovery of documents regarding Responding Party's

3    sales outside of the United States and unrelated to United States commerce, as such sales are

4    beyond the scope of this litigation and thereby render the Document Requests overly broad,

5    unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

6    evidence.

7          Responding Party objects to this request on the grounds that it seeks production of

8    documents protected by the attorney-client privilege, work product doctrine, joint defense or

9    common interest privilege, or by any other applicable doctrine or privilege.

10         Responding Party objects to this request on the grounds it seeks information and/or

11   documents that would disclose confidential information protected by any and all rights of privacy

12   under the United States Constitution or any other applicable law, or that is otherwise prohibited

13   from disclosure because to do so would cause Responding Party to violate legal and/or

14   contractual obligations to any other persons or entities.

15         Responding Party objects to this request on the grounds that, to the extent it seeks

16   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

17   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

18   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

19   action, and not reasonably calculated to lead to the discovery of admissible evidence.

20         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

21   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

22   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

23   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

24   statute of limitations.

25         Responding Party objects that the definition of the terms "You" and "Your" are vague,

26   ambiguous, and unintelligible, rendering the request overly broad and unduly burdensome, not

27   relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

28         Responding Party objects to the extent this request seeks documents that are no longer

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

active or readily accessible in electronic form which renders this request overly broad and unduly burdensome.

Responding Party objects to the extent this request seeks documents or information that is not within the possession, custody, or control of Responding Party.  Responding Party objects to the extent this request seeks documents or information that require discovery of information and materials from third parties or sources that are equally if not more accessible to Plaintiffs.

Subject to and without waiving the general and specific objections stated above, Responding Party responds that it will make reasonable efforts to identify documents responsive to this request within the Limitations Period and, if any, will produce non-privileged, responsive documents.

**REQUEST NO. 33 [SIC] REQUEST NO. 38:**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing, sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and compliance with Your antitrust compliance policy.

**RESPONSE TO REQUEST NO. 33 [SIC] REQUEST NO. 38:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -80-                                    MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1     Responding Party objects to this request on the grounds it seeks information and/or

2 documents that would disclose confidential information protected by any and all rights of privacy

3 under the United States Constitution or any other applicable law, or that is otherwise prohibited

4 from disclosure because to do so would cause Responding Party to violate legal and/or

5 contractual obligations to any other persons or entities.

6     Responding Party objects to this request on the grounds that, to the extent it seeks

7 documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

8 ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

9 relevant to the claim or defense of any party, not relevant to the subject matter involved in this

10 action, and not reasonably calculated to lead to the discovery of admissible evidence.

11     Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

12 and not relevant, rendering the request not reasonably calculated to lead to the discovery of

13 admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

14 class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

15 statute of limitations.

16     Responding Party objects to the extent this request seeks documents that are no longer

17 active or readily accessible in electronic form which renders this request overly broad and unduly

18 burdensome.

19     Responding Party objects to the extent this request seeks documents or information that is

20 not within the possession, custody, or control of Responding Party.

21     Responding Party objects that the phrase "directed toward compliance" is vague,

22 ambiguous, and unintelligible, rendering this request overly broad and unduly burdensome, not

23 relevant and not reasonably calculated to lead to the discovery of admissible evidence.

24     Subject to and without waiving the general and specific objections stated above,

25 Responding Party responds that it will make reasonable efforts to identify documents responsive

26 to this request within the Limitations Period and, if any, will produce non-privileged, responsive

27 documents.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 34 [SIC] REQUEST NO. 39:**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products. This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**RESPONSE TO REQUEST NO. 34 [SIC] REQUEST NO. 39:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks information in excess of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no discovery shall be conducted in this case (including, without limitation, document requests, interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury proceedings concerning CRTs or CRT products, including any party's or witness's communications with the United States, or with any grand jury investigating CRTs or CRT products, except by the order of the Court upon good cause shown and consistent with governing law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1       Responding Party objects to this request on the grounds that it seeks production of

2  documents protected by the attorney-client privilege, work product doctrine, joint defense or

3  common interest privilege, or by any other applicable doctrine or privilege.

4       Responding Party objects to this request on the grounds it seeks information and/or

5  documents that would disclose confidential information protected by any and all rights of privacy

6  under the United States Constitution or any other applicable law, or that is otherwise prohibited

7  from disclosure because to do so would cause Responding Party to violate legal and/or

8  contractual obligations to any other persons or entities.

9       Responding Party objects to this request on the grounds that, to the extent it seeks

10  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13  action, and not reasonably calculated to lead to the discovery of admissible evidence.

14       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18  statute of limitations.

19       Responding Party objects to the extent this request seeks documents that are no longer

20  active or readily accessible in electronic form which renders this request overly broad and unduly

21  burdensome.

22       Responding Party objects to this request on the grounds that discovery of documents and

23  information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

24  thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

25  lead to the discovery of admissible evidence.

26       Subject to and without waiving the objections stated above, Responding Party declines to

27  produce documents that may be responsive to this request.

28

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

**REQUEST NO. 35 [SIC] REQUEST NO. 40:**

All Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced or were seized by any foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary, Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

**RESPONSE TO REQUEST NO. 35 [SIC] REQUEST NO. 40:**

Responding Party reasserts and incorporates each of the General Objections and Objections to Definitions and Instructions set forth above.

Responding Party objects to this request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence including to the extent that it seeks the discovery of documents regarding Responding Party's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and thereby render the Document Requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Responding Party objects to this request on the grounds that it seeks information in excess of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no discovery shall be conducted in this case (including, without limitation, document requests, interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury proceedings concerning CRTs or CRT products, including any party's or witness's communications with the United States, or with any grand jury investigating CRTs or CRT products, except by the order of the Court upon good cause shown and consistent with governing law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

Responding Party objects to this request on the grounds that it seeks production of documents protected by the attorney-client privilege, work product doctrine, joint defense or common interest privilege, or by any other applicable doctrine or privilege.

Responding Party objects to this request on the grounds it seeks information and/or documents that would disclose confidential information protected by any and all rights of privacy

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    under the United States Constitution or any other applicable law, or that is otherwise prohibited

2    from disclosure because to do so would cause Responding Party to violate legal and/or

3    contractual obligations to any other persons or entities.

4         Responding Party objects to this request on the grounds that, to the extent it seeks

5    documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6    ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7    relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8    action, and not reasonably calculated to lead to the discovery of admissible evidence.

9         Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13   statute of limitations.

14        Responding Party objects to the extent this request seeks documents that are no longer

15   active or readily accessible in electronic form which renders this request overly broad and unduly

16   burdensome.

17        Responding Party objects to this request on the grounds that discovery of documents and

18   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

19   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

20   lead to the discovery of admissible evidence.

21        Subject to and without waiving the objections stated above, Responding Party declines to

22   produce documents that may be responsive to this request.

23   **REQUEST NO. 36 [SIC] REQUEST NO. 41:**

24        Copies of all subpoenas or requests for production of Documents issued by any foreign

25   governmental or legislative investigative body referring or relating to CRT or CRT Products

26   during the relevant period.

27   **RESPONSE TO REQUEST NO. 36 [SIC] REQUEST NO. 41:**

28        Responding Party reasserts and incorporates each of the General Objections and

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Objections to Definitions and Instructions set forth above.

2          Responding Party objects to this request on the grounds that it is overly broad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

4   including to the extent that it seeks the discovery of documents regarding Responding Party's

5   sales outside of the United States and unrelated to United States commerce, as such sales are

6   beyond the scope of this litigation and thereby render the Document Requests overly broad,

7   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

8   evidence.

9          Responding Party objects to this request on the grounds that it seeks information in excess

10  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

11  discovery shall be conducted in this case (including, without limitation, document requests,

12  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

13  proceedings concerning CRTs or CRT products, including any party's or witness's

14  communications with the United States, or with any grand jury investigating CRTs or CRT

15  products, except by the order of the Court upon good cause shown and consistent with governing

16  law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

17         Responding Party objects to this request on the grounds that it seeks production of

18  documents protected by the attorney-client privilege, work product doctrine, joint defense or

19  common interest privilege, or by any other applicable doctrine or privilege.

20         Responding Party objects to this request on the grounds it seeks information and/or

21  documents that would disclose confidential information protected by any and all rights of privacy

22  under the United States Constitution or any other applicable law, or that is otherwise prohibited

23  from disclosure because to do so would cause Responding Party to violate legal and/or

24  contractual obligations to any other persons or entities.

25         Responding Party objects to this request on the grounds that, to the extent it seeks

26  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

27  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

28  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                    -86-                                    MDL 1917

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    action, and not reasonably calculated to lead to the discovery of admissible evidence.

2        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

3    and not relevant, rendering the request not reasonably calculated to lead to the discovery of

4    admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

5    class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

6    statute of limitations.

7        Responding Party objects to the extent this request seeks documents that are no longer

8    active or readily accessible in electronic form which renders this request overly broad and unduly

9    burdensome.

10       Responding Party objects to this request on the grounds that discovery of documents and

11   information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

12   thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

13   lead to the discovery of admissible evidence.

14       Subject to and without waiving the objections stated above, Responding Party declines to

15   produce documents that may be responsive to this request.

16   **REQUEST NO. 37 [SIC] REQUEST NO. 42:**

17       All Documents relating to, prepared for, submitted to, or received by You as a result of

18   any investigation or research conducted either internally or by an outside entity with respect to

19   price fixing, price manipulation or manipulation of production or capacity of CRT or CRT

20   Products.

21   **RESPONSE TO REQUEST NO. 37 [SIC] REQUEST NO. 42:**

22       Responding Party reasserts and incorporates each of the General Objections and

23   Objections to Definitions and Instructions set forth above.

24       Responding Party objects to this request on the grounds that it is overly broad, unduly

25   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

26   including to the extent that it seeks the discovery of documents regarding Responding Party's

27   sales outside of the United States and unrelated to United States commerce, as such sales are

28   beyond the scope of this litigation and thereby render the Document Requests overly broad,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                    -87-                         MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

2   evidence.

3        Responding Party objects to this request on the grounds that it seeks information in excess

4   of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

5   discovery shall be conducted in this case (including, without limitation, document requests,

6   interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

7   proceedings concerning CRTs or CRT products, including any party's or witness's

8   communications with the United States, or with any grand jury investigating CRTs or CRT

9   products, except by the order of the Court upon good cause shown and consistent with governing

10  law."  Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

11       Responding Party objects to this request on the grounds that it seeks production of

12  documents protected by the attorney-client privilege, work product doctrine, joint defense or

13  common interest privilege, or by any other applicable doctrine or privilege.

14       Responding Party objects to this request on the grounds it seeks information and/or

15  documents that would disclose confidential information protected by any and all rights of privacy

16  under the United States Constitution or any other applicable law, or that is otherwise prohibited

17  from disclosure because to do so would cause Responding Party to violate legal and/or

18  contractual obligations to any other persons or entities.

19       Responding Party objects to this request on the grounds that, to the extent it seeks

20  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

21  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

22  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

23  action, and not reasonably calculated to lead to the discovery of admissible evidence.

24       Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

25  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

26  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

27  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

28  statute of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                          -88-                          MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to the extent this request seeks documents that are no longer

2    active or readily accessible in electronic form which renders this request overly broad and unduly

3    burdensome.

4    Responding Party objects to this request on the grounds that discovery of documents and

5    information related to foreign antitrust laws are not relevant to the allegations in the Complaint,

6    thus rendering this request overly broad, unduly burdensome, and not reasonably calculated to

7    lead to the discovery of admissible evidence.

8    Subject to and without waiving the objections stated above, Responding Party declines to

9    produce documents that may be responsive to this request.

10   **REQUEST NO. 38 [SIC] REQUEST NO. 43:**

11   All Documents relating to the termination, retirement, discipline, discharge or suspension

12   of any director, officer, or Employee who had any responsibility relating to the production,

13   manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

14   **RESPONSE TO REQUEST NO. 38 [SIC] REQUEST NO. 43:**

15   Responding Party reasserts and incorporates each of the General Objections and

16   Objections to Definitions and Instructions set forth above.

17   Responding Party objects to this request on the grounds that it is overly broad, unduly

18   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

19   including to the extent that it seeks the discovery of documents regarding Responding Party's

20   sales outside of the United States and unrelated to United States commerce, as such sales are

21   beyond the scope of this litigation and thereby render the Document Requests overly broad,

22   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

23   evidence.

24   Responding Party objects to this request on the grounds that it seeks production of

25   documents protected by the attorney-client privilege, work product doctrine, joint defense or

26   common interest privilege, or by any other applicable doctrine or privilege.

27   Responding Party objects to this request on the grounds it seeks information and/or

28   documents that would disclose confidential information protected by any and all rights of privacy

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   under the United States Constitution or any other applicable law, or that is otherwise prohibited

2   from disclosure because to do so would cause Responding Party to violate legal and/or

3   contractual obligations to any other persons or entities.

4        Responding Party objects to this request on the grounds that, to the extent it seeks

5   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

6   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

7   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

8   action, and not reasonably calculated to lead to the discovery of admissible evidence.

9        Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

10  and not relevant, rendering the request not reasonably calculated to lead to the discovery of

11  admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

12  class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

13  statute of limitations.

14       Responding Party objects to the extent this request seeks documents that are no longer

15  active or readily accessible in electronic form which renders this request overly broad and unduly

16  burdensome.

17       Responding Party objects on the grounds that, to the extent this request seeks documents

18  not related to the allegations in the Complaint, this request is overly broad and unduly

19  burdensome, and purports to call for information that is not relevant to the claim or defense of

20  any party, not relevant to the subject matter involved in this action, and not reasonably calculated

21  to lead to the discovery of admissible evidence.

22       Responding Party objects to this request on the grounds that it seeks information in excess

23  of the limited scope of discovery permitted by the Stay Order, as the Stay Order states that "no

24  discovery shall be conducted in this case (including, without limitation, document requests,

25  interrogatories, requests to admit, or depositions) that reflects, refers to, or relates to grand jury

26  proceedings concerning CRTs or CRT products, including any party's or witness's

27  communications with the United States, or with any grand jury investigating CRTs or CRT

28  products, except by the order of the Court upon good cause shown and consistent with governing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                                   -90-                                   MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1  law." Stipulation and Order to Extend Limited Discovery Stay, ¶ 3 (January 5, 2010).

2          Subject to and without waiving the objections stated above, Responding Party declines to

3  produce documents that may be responsive to this request.

4  **REQUEST NO. 39 [SIC] REQUEST NO. 44:**

5          All Documents referring to or relating to plaintiffs in this litigation.

6  **RESPONSE TO REQUEST NO. 39 [SIC] REQUEST NO. 44:**

7          Responding Party reasserts and incorporates each of the General Objections and

8  Objections to Definitions and Instructions set forth above.

9          Responding Party objects to this request on the grounds that it is overly broad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

11  including to the extent that it seeks the discovery of documents regarding Responding Party's

12  sales outside of the United States and unrelated to United States commerce, as such sales are

13  beyond the scope of this litigation and thereby render the Document Requests overly broad,

14  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

15  evidence.

16          Responding Party objects to this request on the grounds that it seeks production of

17  documents protected by the attorney-client privilege, work product doctrine, joint defense or

18  common interest privilege, or by any other applicable doctrine or privilege.

19          Responding Party objects to this request on the grounds it seeks information and/or

20  documents that would disclose confidential information protected by any and all rights of privacy

21  under the United States Constitution or any other applicable law, or that is otherwise prohibited

22  from disclosure because to do so would cause Responding Party to violate legal and/or

23  contractual obligations to any other persons or entities.

24          Responding Party objects to this request on the grounds that, to the extent it seeks

25  documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

26  ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

27  relevant to the claim or defense of any party, not relevant to the subject matter involved in this

28  action, and not reasonably calculated to lead to the discovery of admissible evidence.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21606649.8                              -91-                              MDL 1917
DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

2   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

3   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

4   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

5   statute of limitations.

6   Responding Party objects to the extent this request seeks documents or information that is

7   not within the possession, custody, or control of Responding Party.

8   Responding Party objects to the extent this request seeks documents or information that

9   require discovery of information and materials from third parties or sources that are equally if not

10   more accessible to Plaintiffs.

11   Subject to and without waiving the objections stated above, Responding Party declines to

12   produce documents that may be responsive to this request.

13   **REQUEST NO. 40 [SIC] REQUEST NO. 45:**

14   All Documents that You claim would have been available to the plaintiffs or any

15   purchaser of CRT or CRT Products prior to November 2007, which should have caused the

16   plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise,

17   maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the

18   United States.

19   **RESPONSE TO REQUEST NO. 40 [SIC] REQUEST NO. 45:**

20   Responding Party reasserts and incorporates each of the General Objections and

21   Objections to Definitions and Instructions set forth above.

22   Responding Party objects to this request on the grounds that it is overly broad, unduly

23   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence

24   including to the extent that it seeks the discovery of documents regarding Responding Party's

25   sales outside of the United States and unrelated to United States commerce, as such sales are

26   beyond the scope of this litigation and thereby render the Document Requests overly broad,

27   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

28   evidence.

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Responding Party objects to this request on the grounds that it seeks production of

2    documents protected by the attorney-client privilege, work product doctrine, joint defense or

3    common interest privilege, or by any other applicable doctrine or privilege.

4    Responding Party objects to this request on the grounds it seeks information and/or

5    documents that would disclose confidential information protected by any and all rights of privacy

6    under the United States Constitution or any other applicable law, or that is otherwise prohibited

7    from disclosure because to do so would cause Responding Party to violate legal and/or

8    contractual obligations to any other persons or entities.

9    Responding Party objects to this request on the grounds that, to the extent it seeks

10   documents regarding "CRT Products," as distinguished from "CRTs," this request is vague and

11   ambiguous, overly broad and unduly burdensome, and purports to call for information that is not

12   relevant to the claim or defense of any party, not relevant to the subject matter involved in this

13   action, and not reasonably calculated to lead to the discovery of admissible evidence.

14   Responding Party objects on the grounds that the "Relevant Time Period" is overly broad

15   and not relevant, rendering the request not reasonably calculated to lead to the discovery of

16   admissible evidence as the Complaint does not allege a continuing conspiracy, the end of the

17   class period is November 25, 2007, and claims prior to November 26, 2003, are barred by the

18   statute of limitations.

19   Responding Party objects to the extent this request seeks documents that are no longer

20   active or readily accessible in electronic form which renders this request overly broad and unduly

21   burdensome.

22   Responding Party objects to the extent this request seeks documents or information that is

23   not within the possession, custody, or control of Responding Party.

24   Responding Party objects to the extent this request seeks documents or information that

25   require discovery of information and materials from third parties or sources that are equally if not

26   more accessible to Plaintiffs.

27   Responding Party objects to this request as inappropriately propounded as a document

28   request, as it seeks information more easily obtainable through other means and/or as to which

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

1    Plaintiffs bear the burden of proof.

2           Responding Party objects to the extent this request is argumentative and assumes facts not

3    in evidence.

4           Subject to and without waiving the objections stated above, Responding Party declines to

5    produce documents that may be responsive to this request.

6

7    Dated: May 12, 2010                           MORGAN, LEWIS & BOCKIUS LLP

8

9                                          By _____
                                                  Diane L. Webb
10                                                 Attorneys for Defendant
                                                   HITACHI, LTD.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT HITACHI, LTD.'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS FROM DIRECT PURCHASER PLAINTIFFS

ZHVM

May 14, 2010

**File No. #:** 3-396-0001

STEVEN A. REISS (*Admitted Pro Hac Vice*)
DAVID L. YOHAI (*Admitted Pro Hac Vice*)
DAVID YOLKUT (*Admitted Pro Hac Vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

JEFFREY L. KESSLER (*Admitted Pro Hac Vice*)
A. PAUL VICTOR (*Admitted Pro Hac Vice*)
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013
Email: jkessler@dl.com

**Attorneys for Defendant MT Picture Display Co., Ltd.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | No.:  M-07-5944 SC<br>MDL NO. 1917 |
| This Document Relates to: | Judge: Hon. Samuel Conti<br>Special Master: Hon. Charles A. Legge (Ret.) |
| DIRECT PURCHASER ACTION | **OBJECTIONS AND RESPONSES OF DEFENDANT MT PICTURE DISPLAY CO., LTD. TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant MT Picture Display Co., Ltd. ("MTPD") hereby makes the following objections and responses to the Direct Purchaser Plaintiffs' ("Plaintiffs") Second Set of Requests for Production of Documents, dated March 12, 2010 (the "Second Requests").

## GENERAL OBJECTIONS

Each and every one of the following general objections is incorporated into the specific responses below as if set forth in full therein:

1.    MTPD objects to the Second Requests to the extent they seek information or seek to impose burdens and requirements upon MTPD that exceed or differ from the requirements of the Federal Rules of Civil Procedure.

2.    MTPD objects to the Second Requests to the extent they seek information not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

3.    MTPD objects to the Second Requests to the extent that they are overly broad and unduly burdensome.

4.    MTPD objects to the Second Requests to the extent that they are needlessly duplicative.

5.    MTPD objects to the Second Requests to the extent that they are vague, ambiguous or susceptible to more than one interpretation.

6.    MTPD objects to the Second Requests to the extent they seek information or documents that reflect, refer to, or relate to the ongoing criminal grand jury investigation concerning CRTs in contravention of the Court's Order to Extend Limited Discovery Stay, dated January 30, 2010.

7.    MTPD objects to the Second Requests to the extent that they seek any information or any document that is subject to attorney-client privilege, work product protection, joint defense or common interest privilege, or any other applicable doctrine, privilege, protection or immunity

from production.  The inadvertent or mistaken provision of any documents subject to any such doctrine, privilege, protection or immunity from production shall not constitute a general, inadvertent, implicit, subject-matter, separate, independent or other waiver of such doctrine, privilege, protection or immunity from production, and does not put in issue or constitute affirmative use of the advice of counsel defense or of any privileged communications.

8.     MTPD objects to the Second Requests to the extent they seek documents that are publicly available, already in Plaintiffs' possession or more readily available from other sources.

9.     MTPD objects to the Second Requests on the ground that they require MTPD to produce documents that are not in its possession, custody or control.  MTPD also objects to the extent that any request seeks information from a non-party, such as, but not limited to, any of MTPD's parent subsidiary, affiliate or sibling corporations or companies.

10.     MTPD objects to the Second Requests on the ground that they seek information or documents about CRTs and CRT products involved in transactions outside the United States, which is unduly burdensome and irrelevant to this pending action as Plaintiffs' proposed class definition in their Consolidated Amended Complaint is confined to "all persons . . . who directly purchased a Cathode Ray Tube Product . . . in the United States."  See Cplt ¶ 1.

11.     MTPD objects to the Second Requests to the extent that the laws or procedures of a foreign country prohibit the production of documents responsive to such requests.

12.     MTPD objects to the Second Requests to the extent they seek the production of documents that have been provided already to Plaintiffs.

13.     MTPD reserves the right to assert additional general and specific objections to the production of information or documents as appropriate and to supplement these objections and responses.  MTPD also reserves the right to assert additional general and specific objections arising from matters discovered during the course of this litigation.

14.     By responding to the Second Requests and/or stating that it is providing responsive, non-privileged documents in its possession, custody or control, MTPD does not make any representation as to whether documents responsive to any of the categories set forth below

exist or are in its possession, custody or control.  No objection or limitation, or lack thereof, made in the responses and objections herein shall be deemed an admission by MTPD as to the existence or nonexistence of documents or information.

15.     MTPD's decision, now or in the future, to provide information or documents notwithstanding the objectionable nature of the Second Requests should not be construed as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of MTPD's general objections or the objections asserted in response to specific document requests, or (c) an agreement that requests for similar information will be treated in a similar manner.

16.     MTPD objects to the definition of the term "Defendant" as vague and incomprehensible to the extent it purports to include unidentified companies, organizations, entities and persons who may be named as a defendant in this litigation at some unspecified date in the future.

17.     MTPD objects to the definition of the term "Document" to the extent it seeks to impose requirements that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure or any other applicable laws or rules.

18.     MTPD objects to the definition of the term "Electronic data" as overly broad, unduly burdensome, and seeking information that is not likely to lead to the discovery of admissible evidence.  MTPD further objects to this definition to the extent it seeks to impose requirements that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure or any other applicable laws or rules.

19.     MTPD objects to the definition of "CRT products" on the grounds that it is vague, ambiguous, and subject to overbreadth.  Moreover, any discovery as to "CRT products" that is not reasonably related to Plaintiffs' claims with respect to an alleged conspiracy involving CRTs is premature and overly burdensome until such time as Plaintiffs establish a reasonable basis for their claims regarding "CRT products" to justify the enormous burden that Plaintiffs seek to impose on MTPD by pursuing discovery as to all such products (the "Products Objection").

MTPD'S OBJECTIONS AND RESPONSES TO
                                                             DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
                                                             REQUESTS FOR PRODUCTION OF DOCUMENTS

20.     MTPD objects to the definitions of "You," "Your," and "Your company" as overly broad.  When coupled with other definitions and the requests themselves, this definition requests information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  For example, MTPD objects because the definition, on its face, seeks to require MTPD to provide documents and information not within its possession, custody or control.  Further, MTPD objects to the inclusion of "agents and all other persons acting or purporting to act on behalf of it" within this definition to the extent it purports to encompass information that is protected by attorney-client privilege, work product protection or any other applicable doctrine, privilege, protection or immunity from production.

21.     MTPD objects to the definition of the "relevant time period" in Instruction No. 1 as overbroad and unduly burdensome prior to the time that the statute of limitations issues are resolved in this case.  Judge Conti has directed the parties to Judge Legge to develop procedures for the early resolution of statute of limitations issues and to reduce the burden in connection therewith.  MTPD believes it is premature for it to have to produce any documents from prior to the statute of limitations period until Judge Legge considers this issue and determines the proper scope of that burden (the "Relevant Time Period Objection").

22.     MTPD objects to Instruction No. 6 on the ground that producing documents "in such fashion as to identify the department, branch or office in whose possession they were located and . . . the natural person in whose possession they were found and the business address of each document(s) custodian(s)" is not required under the Federal Rules of Civil Procedure.  MTPD further objects to this instruction as inappropriate for this type of discovery request as it is in the nature of an interrogatory.

23.     MTPD objects to Instruction Nos. 8 and 9 on the ground that it is impossible to identify, describe, and further explain the circumstances regarding every document that ever "once existed and subsequently has been lost, destroyed, or is otherwise missing."  To the extent that it is even possible to identify, describe, and explain the circumstances regarding such

documents, this investigation would impose a unique, time-consuming and unreasonable burden upon MTPD.

24.     MTPD objects to Instruction No. 10 on the ground that it requires more information than is necessary or required for a privilege log, and is beyond the scope of Rule 26(b)(5) of the Federal Rules of Civil Procedure.  For example, stating the general subject matter of a privileged communication is sufficient for the purposes of a privilege log.

## RESPONSES TO THE SECOND REQUESTS

**REQUEST NO. 1**

Documents sufficient to show Your corporate structure or organization throughout the relevant period, including, but not limited to, departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that were engaged during any part of the relevant period in the manufacture, marketing, sale or distribution of CRT or CRT Products in the United States, including, where applicable, the percentage of any stock or other interests owned by each entity in the chain.

**RESPONSE TO REQUEST NO. 1:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 1 on the grounds that it is overly broad, unduly burdensome and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.  For example, Request No. 1 seeks documents sufficient to show departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units that have no relation whatsoever to the manufacture, marketing, sale or distribution of CRTs.  MTPD also objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs both on November 14, 2008 and March 8, 2010.  *See*, for example, the documents bearing bates numbers PAN0000517, MTPD-0020728 and MTPD-0020733.

Subject to the foregoing objections, and to the extent not duplicative of earlier productions, MTPD will produce non-privileged documents in its possession, custody or control sufficient to show the corporate structure or organization of MTPD with regard to its departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units responsible for the manufacture, marketing, sale or distribution of CRTs to the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 2**

As to each of Your divisions, subdivisions, departments, units, subsidiaries, parents, affiliates and joint ventures, Documents sufficient to identify each executive or Employee with managerial authority who had responsibilities or duties with respect to each of the following:

      (a)     the manufacturing or production of CRT or CRT Products;

      (b)     the marketing of CRT or CRT Products;

      (c)     the pricing of CRT or CRT Products;

      (d)     the sale or distribution of CRT or CRT Products;

      (e)     maintaining any electronic database(s), including archives, of e-mail or other electronic Documents relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 2 on the grounds that it is overly broad, unduly burdensome and seeks documents that are not reasonably calculated to lead to the discovery of admissible evidence.  For example, Request No. 2 seeks information regarding "each Employee with managerial authority" having "responsibilities or duties" with respect to various broadly described activities.   MTPD also objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs both on November 14,

2008 and March 8, 2010.  *See*, for example, the documents bearing bates numbers PAN0000517, MTPD-0020728 and MTPD-0020733.  Subject to the foregoing objections, and to the extent not duplicative of earlier productions, MTPD will produce non-privileged documents in its possession, custody or control sufficient to identify executives or Employees with managerial authority, as to each of the departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of MTPD responsible for the manufacture, marketing, pricing, sale or distribution of CRTs to the United States that were directly involved in the activities listed in subparts (a) through (e) of Request No. 2, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 3**

Documents sufficient to describe Your policies or practices with respect to the retention or destruction of Documents during the period January 1, 1991 through the present, and, if such policy or practice has been different with respect to any category of Documents or over different times, Documents sufficient to identify each such category or time period and to describe Your retention policy or practice with respect to each such category or time period.

**RESPONSE TO REQUEST NO. 3:**

In addition to its General Objections, which are incorporated here by reference, MTPD will produce non-privileged documents in its possession, custody or control sufficient to describe the document retention policies of MTPD's departments, divisions, or affiliates responsible for the manufacture, marketing, pricing, sale or distribution of CRTs to the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 4**

Documents sufficient to show the manner in which You have maintained records relating to CRT or CRT Products during the period January 1, 1991 through the present, including Documents sufficient to describe all electronic data processing systems, programs and outputs

used to record, store, compute, analyze or retrieve electronically stored information relating to

Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United

States.

**RESPONSE TO REQUEST NO. 4:**

In addition to its General Objections, which are incorporated here by reference, including

the Products Objection, MTPD objects to Request No. 4 as vague, ambiguous, overbroad, and

unduly burdensome as it seeks, without specificity or particularity, "all electronic data processing

systems."  Subject to the foregoing objections, MTPD will produce non-privileged documents in

its possession, custody or control sufficient to show the manner in which MTPD maintained

records concerning the pricing, production, distribution, marketing or sale of CRTs to the United

States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 5**

All Documents and electronic data relating to Your sales of CRT or CRT Products during

the period January 1, 1991 through the present, including, but not limited to:

    a)      customer names, customer billing addresses, and customer ship-to addresses;

    b)      sales terms;

    c)      sales dates and shipment dates;

    d)      product type, class, category, description, and respective use;

    e)      sales volumes;

    f)      unit price information, gross price, and actual net prices;

    g)      discounts, credits, and rebates;

    h)      shipping charges and terms;

    i)      any other related charges; and

    j)      amounts paid, dates paid, invoice numbers, and purchase order numbers.

MTPD'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your

business or are otherwise not available in electronic form, please produce such data in hard copy.

**RESPONSE TO REQUEST NO. 5:**

In addition to its General Objections, which are incorporated here by reference, including

the Products Objection, MTPD objects to Request No. 5 as overly broad, unduly burdensome and

as seeking documents that are not reasonably calculated to lead to the discovery of admissible

evidence to the extent that it calls for foreign (i.e. non-United States) sales of CRTs, made by

foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures,

affiliates, or other sub-units of MTPD.  MTPD also objects to this request to the extent it seeks

the production of documents that have been produced already to Plaintiffs both on November 14,

2008 and March 8, 2010.  *See*, for example, the documents bearing bates numbers PAN0000011-

516 and MTPD-0021208.  Subject to the foregoing objections, and to the extent not duplicative of

earlier productions, MTPD will produce additional non-privileged documents in its possession,

custody or control sufficient to show the requested information as to sales of CRTs to the United

States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 6**

All software instructions, programs, manuals, or other Documents necessary to operate,

run or understand any of the programs maintained on the computer-related equipment or system

utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5,

including all record laYouts [*sic*], field codes or other descriptions.

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Objections, which are incorporated here by reference, MTPD

objects to this request as overbroad, unduly burdensome and seeking information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to the

MTPD'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

1 | foregoing objections, MTPD is willing to meet and confer with Plaintiffs about what they are
2 | seeking and whether any of the information sought by Request No. 6 is fully relevant to this
3 | action.
4 | **REQUEST NO. 7**
5 |
6 | All Documents relating to policies, methods, formulas or factors to be used in
7 | determining, computing or quoting prices, including any rebates or discounts, in connection with
8 | the sale of CRT or CRT Products.
9 | **RESPONSE TO REQUEST NO. 7:**
10 | In addition to its General Objections, which are incorporated here by reference, including
11 | the Products Objection, MTPD objects to Request No. 7 as calling for some information that is
12 | more easily sought by other means of discovery, such as by deposition.  MTPD further objects to
13 | this request as unduly burdensome and as seeking documents that are not reasonably calculated to
14 | lead to the discovery of admissible evidence to the extent that it calls for foreign (i.e. non-United
15 | States) pricing policies of CRTs, made by foreign (i.e. non-United States) departments, divisions,
16 | parents, subsidiaries, joint ventures, affiliates, or other sub-units of MTPD.  MTPD also objects to
17 | this request on the grounds that it is vague and ambiguous in its use of the term "relating to" as
18 | this term renders the request unlimited in scope in that it does not describe with reasonable
19 | particularity the category of documents to be produced.  Subject to the foregoing objections,
20 | MTPD will produce non-privileged electronic documents in its possession, custody or control
21 | sufficient to show MTPD's pricing policies for CRTs sold in the United States, subject to the
22 | Relevant Time Period Objection, if any.
23 |
24 |
25 |
26 |
27 |
28 |

1    **REQUEST NO. 8**

2         All Documents relating to any published prices for CRT or CRT Products during the

3    period January 1, 1991 through the present, including price announcements, price lists, price

4    schedules, or price changes communicated to customers in the United States.

5    **RESPONSE TO REQUEST NO. 8:**

6

7         In addition to its General Objections, which are incorporated here by reference, including

8    the Products Objection, MTPD objects to Request No. 8 on the grounds that it is vague and

9    ambiguous in its use of the term "relating to" as this term renders the request unlimited in scope

10   in that it does not describe with reasonable particularity the category of documents to be

11   produced.  Moreover, MTPD objects to this request to the extent it seeks the production of

12   documents that have been produced already to Plaintiffs on March 8, 2010.  *See*, for example, the

13   document bearing bates number MTPD-0003949.  Subject to the foregoing objections, and to the

14   extent not duplicative of earlier productions, MTPD will produce non-privileged electronic

15   documents in its possession, custody or control sufficient to show MTPD's published prices for

16   CRTs sold in the United States, subject to the Relevant Time Period Objection, if any.

17

18   **REQUEST NO. 9**

19        All Documents relating to contracts, offers or proposals for CRT or CRT Products sales

20   during the period January 1, 1991 through the present.

21   **RESPONSE TO REQUEST NO. 9:**

22

23        In addition to its General Objections, which are incorporated here by reference, including

24   the Products Objection, MTPD objects to Request No. 9 on the grounds that it is vague and

25   ambiguous in its use of the term "relating to" as this term renders the request unlimited in scope

26   in that it does not describe with reasonable particularity the category of documents to be

27   produced.  MTPD also objects to the terms "offers" and "proposals" as vague and unduly

28

MDL NO. 1917                                    MTPD'S OBJECTIONS AND RESPONSES TO
                                                DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
                                                REQUESTS FOR PRODUCTION OF DOCUMENTS

burdensome.  Subject to the foregoing objections, MTPD will produce non-privileged documents in its possession, custody or control sufficient to show MTPD's contracts for CRTs sold in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 10**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a)      capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b)      any proposed or actual change in the capacity to produce CRT or CRT Products;

c)      any reason for changes in each facility's actual production of CRT or CRT Products;

d)      the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e)      each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

f)      any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g)      any projected production forecasts;

h)      any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**RESPONSE TO REQUEST NO. 10:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 10 as unduly burdensome and overbroad to

the extent it requests "any proposed" change in the capacity to produce CRT or CRT Products and "any reason" for the change in each facility's production of CRT or CRT Products.  MTPD also objects to this request to the extent it seeks documents relating to changes in production or the reasons for the changes in production as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  MTPD further objects to this request as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for documents relating to foreign facilities (i.e. non-United States) that produce CRTs.  Moreover, MTPD objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs both on November 14, 2008 and March 8, 2010.  *See*, for example, the documents bearing bates numbers PAN0000028-29 and MTPD-0013193.  Subject to the foregoing objections, and to the extent not duplicative of earlier productions, MTPD will produce non-privileged documents in its possession, custody or control sufficient to show, for each of MTPD's CRT production facilities in the United States, the capacity, rated capacity, production, capacity utilization, actual changes in capacity, any reasons for such changes, types of CRTs produced, and the openings and closings of plants or production lines, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 11**

Documents sufficient to describe the processes for producing CRT or CRT Products, including but not limited to, any industry standards.

**RESPONSE TO REQUEST NO. 11:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to this request insofar as it seeks documents that describe the "processes for producing CRT or CRT Products," as the phrase is vague and poorly defined. MTPD further objects to this request as calling for information concerning "processes for

MTPD'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

producing CRT or CRT Products" that is more easily sought by other means of discovery, such as by deposition. Subject to the foregoing objections, MTPD will produce non-privileged documents in its possession, custody or control sufficient to show any industry standards for producing CRTs, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 12**

All Documents relating to the cost of manufacturing, marketing, selling, and distributing CRT or CRT Products during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 12:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to this request as overbroad to the extent it seeks all documents relating to the cost of "marketing" CRTs. MTPD also objects to Request No. 12 as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for the costs of manufacturing, marketing, selling, and distributing foreign (i.e. non-United States) CRTs, made by foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of MTPD. MTPD also objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs both on November 14, 2008 and March 8, 2010. *See*, for example, the documents bearing bates numbers PAN0000011-27 and MTPD-0021208. Subject to the foregoing objections, and to the extent not duplicative of earlier productions, MTPD will produce non-privileged documents in its possession, custody or control sufficient to show the costs of manufacturing, marketing, selling, and distributing CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 13**

Documents sufficient to show Your inventory levels of CRT or CRT Products for each month, quarter, calendar year or fiscal year from January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 13:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 13 on the grounds that it is overly broad and unduly burdensome as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for the inventory levels of foreign (i.e. non-United States) CRTs, made by foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of MTPD. Subject to the foregoing objections, MTPD will produce non-privileged documents in its possession, custody or control sufficient to show inventory levels of CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 14**

Documents sufficient to identify and quantify all swaps, trades, sales, purchases or transfers of CRT or CRT Products between You and any of Your affiliates, or between You and any other producer of CRT or CRT Products, and the price or any other consideration involved in every such sale, swap, trade, purchase or transfer.

**RESPONSE TO REQUEST NO. 14:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to this request as vague and ambiguous to the extent it purports to call for documents relating to "swaps" and/or "trades," the meaning of which is unintelligible in this context. MTPD further objects to Request No. 14 as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible

1  evidence to the extent that it calls for inter-company transfers of CRTs with foreign (i.e. non-

2  United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-

3  units of MTPD.  Subject to the foregoing objections, MTPD will produce non-privileged

4  documents in its possession, custody or control sufficient to show intercompany transfers of

5  CRTs between MTPD and its affiliates in the United States, subject to the Relevant Time Period

6

7  Objection, if any.

8  **REQUEST NO. 15**

9        All Documents relating to any relationship between prices for CRT or CRT Products and

10  any costs of producing, marketing, selling, or distributing CRT or CRT Products during the

11  period January 1, 1991 through the present.

12  **RESPONSE TO REQUEST NO. 15:**

13

14        In addition to its General Objections, which are incorporated here by reference, including

15  the Products Objection, MTPD objects to Request No. 15 insofar as it seeks documents that relate

16  to "any relationship" between the prices and costs of manufacturing CRT or CRT Products as the

17  phrase is vague and poorly defined.  MTPD also objects to Request No. 15 as unduly burdensome

18  and as seeking documents that are not reasonably calculated to lead to the discovery of admissible

19  evidence to the extent that it calls for foreign (i.e. non-United States) prices and sales of CRTs,

20  made by foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint

21  ventures, affiliates, or other sub-units of MTPD.  Subject to the foregoing objections, MTPD

22

23  refers Plaintiffs to its response to Request No. 8 concerning the prices of CRTs and to its response

24  to Request No. 12 concerning the costs of manufacturing CRTs.

25

26

27

28

**REQUEST NO. 16**

All of Your internal and public annual, quarterly and monthly financial statements, summaries or analyses, including profit-and-loss statements and comparisons to budget that relate to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 16:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 16 to the extent it calls for the production of documents that are publicly available.  MTPD further objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs both on November 14, 2008 and March 8, 2010.  *See*, for example, the documents bearing bates numbers PAN0000001-27.  Subject to the foregoing objections, and to the extent not duplicative of earlier productions, MTPD will produce non-privileged financial statements in its possession, custody or control relating to CRTs, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 17**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 17:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 17 on the grounds that it is overly broad and unduly burdensome as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for the business plans of foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of MTPD.  MTPD also objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs both on November 14, 2008 and March

8, 2010. *See*, for example, the documents bearing bates numbers MTPD-0006847-55 and MTPD-0006960-68.  Subject to the foregoing objections, and to the extent not duplicative of earlier productions, MTPD will produce non-privileged documents in its possession, custody or control relating to CRT business plans in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 18**

Documents sufficient to show the identity of all other producers and sellers of CRT or CRT Products during any portion of the relevant period.

**RESPONSE TO REQUEST NO. 18:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 18 as calling for some information that is more easily obtained from markets studies and by other means of discovery, such as by depositions or interrogatories. MTPD further objects to this request to the extent that it seeks information easily accessible by Plaintiffs through other means.  Subject to the foregoing objections, MTPD will produce formal market studies in its possession, custody or control sufficient to show the identify of U.S. sellers of CRTs, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 19**

All Documents relating to Your percentage or share of industry production, capacity, sales or shipments of CRT or CRT Products, or the percentage or share of industry production, capacity, sales or shipments of any other producer or seller of CRT or CRT Products at any time during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 19:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 19 on the grounds that it is overly broad and unduly burdensome as

seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent that it calls for the share of industry production of CRTs by foreign (i.e. non-United States) departments, divisions, parents, subsidiaries, joint ventures, affiliates, or other sub-units of MTPD.  MTPD also objects to this request to the extent it seeks the production of documents that have been produced already to Plaintiffs on March 8, 2010.  *See*, for example, the documents bearing bates numbers MTPD-0004296-4310.  Subject to the foregoing objections, and to the extent not duplicative of earlier productions, MTPD will produce any formal studies in its possession, custody or control relating to its share of industry production, capacity and sales of CRTs and CRT Products to the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 20**

All Documents showing the dollar volume or quantity of sales or shipments of CRT or CRT Products (by type or category, if available) by You or by other producers or sellers of CRT or CRT Products by month, quarter, calendar year or fiscal year during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 20:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 20 to the extent it calls for the production of documents in the possession of third parties not under MTPD's control.  MTPD further objects to this request to the extent it is duplicative of Request No. 5, and specifically incorporates by reference its response to Request No. 5 as if such response were fully set forth herein.

**REQUEST NO. 21**

All Documents that compare or contrast each type, class, or category of CRT or CRT Products produced or sold by You with that of any other producer or seller of CRT or CRT

1   Products and all Documents that relate to any industry standards regarding types, classes, or

2   categories of CRT or CRT Products.

3   **RESPONSE TO REQUEST NO. 21:**

4          In addition to its General Objections, which are incorporated here by reference, including

5   the Products Objection, MTPD objects to Request No. 21 as overbroad and unduly burdensome in

6   its use of the word "all" as it seeks information that is not reasonably calculated to lead to the

7   discovery of admissible evidence.  MTPD further objects to this request as not relevant to any

8   claims in this action to the extent it seeks "any industry standards regarding types, classes, or

9   categories of CRT or CRT Products."  MTPD also objects to this request as unduly burdensome

10  and as seeking documents that are not reasonably calculated to lead to the discovery of admissible

11  evidence to the extent that it calls for documents that compare or contrast each type, class, or

12  category of CRTs made by foreign (i.e. non-United States) departments, divisions, parents,

13  subsidiaries, joint ventures, affiliates, or other sub-units of MTPD.  Subject to the foregoing

14  objections, MTPD will produce published materials in its possession, custody or control

15  documents that compare or contrast CRT types, classes, or categories produced or sold by MTPD

16  in the United States with that of other U.S. sellers of CRTs, subject to the Relevant Time Period

17  Objection, if any.

18  **REQUEST NO. 22**

19         Documents sufficient to show the regions or territories in which each type, class, or

20  category of CRT or CRT Products are sold in the United States.

21  **RESPONSE TO REQUEST NO. 22:**

22         In addition to its General Objections, which are incorporated here by reference, including

23  the Products Objection, MTPD objects to Request No. 22 to the extent it is duplicative of Request

24  No. 5, and specifically incorporates by reference its response to Request No. 5 as if such response

were fully set forth herein.  Subject to the foregoing objections, MTPD will produce non-privileged documents in its possession, custody or control relating to the regions in which it sold CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 23**

All Documents relating to conditions of supply or demand for CRT or CRT Products, including, but not limited to, any market studies or industry reports during the period January 1, 1991 through the present.

**RESPONSE TO REQUEST NO. 23:**

In addition to its General Objections, which are incorporated here by reference, MTPD will produce pre-existing formal market studies or industry reports in its possession, custody or control relating to conditions of supply or demand for CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 24**

All Documents relating to any contemplated, proposed, planned, pending or executed purchases, sales, acquisitions, mergers, joint ventures, divestitures, transfers, spin-offs or any other change in ownership of any assets, liabilities, subsidiaries, departments, units or other subdivisions of Your or another company relating to production, distribution, marketing, pricing, sale or resale of CRT or CRT Products during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 24:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 24 as overly broad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  MTPD further objects that requiring MTPD to produce the documents requested in Request No. 24 would impose an undue burden, which would far outweigh its likely benefit under Rule 26(b)(2)(C)(iii) of the Federal

Rules of Civil Procedure.  Notwithstanding these objections, MTPD will produce the MTPD Joint

Venture Agreement and any associated closing documents.

**REQUEST NO. 25**

All Documents relating to any communications between You and any parent, subsidiary,

affiliated company, joint venturer, or partner regarding the production, pricing, marketing, sale or

distribution of CRT or CRT Products.

**RESPONSE TO REQUEST NO. 25:**

In addition to its General Objections, which are incorporated here by reference, MTPD

objects to Request No. 25 as overly broad and seeking information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.  MTPD further objects that

requiring MTPD to produce the documents requested in Request No. 25 would impose an undue

burden, which would far outweigh its likely benefit under Rule 26(b)(2)(C)(iii) of the Federal

Rules of Civil Procedure.

**REQUEST NO. 26**

All Documents relating to communications regarding CRT or CRT Products between or

among manufacturers of CRT or CRT Products, including Defendants.

**RESPONSE TO REQUEST NO. 26:**

In addition to its General Objections, which are incorporated here by reference, including

the Products Objection, MTPD objects to Request No. 26 to the extent it seeks "all"

communications regarding CRT or CRT Products between MTPD and other manufacturers of

CRT or CRT Products.  MTPD also objects to this request as overly broad and on the grounds

that it is vague and ambiguous in its use of the term "relating to" as this term renders the request

unlimited in scope in that it does not describe with reasonable particularity the category of

documents to be produced.  Subject to the foregoing objections, MTPD will produce non-

MTPD'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

privileged documents in its possession, custody or control documents relating to communications between MTPD and other manufacturers of CRTs regarding the sales and/or pricing of CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 27**

All Documents relating to any Meeting attended by You or any other Defendant or any manufacturer of CRT or CRT Products during which there was any communication concerning the production, marketing, pricing, distribution, inventory levels or sale of CRT or CRT Products, including, but not limited to the notes of any such Meetings.

**RESPONSE TO REQUEST NO. 27:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 27 as overly broad and to the extent it calls for the production of documents in the possession of third parties not under MTPD's control. Subject to the foregoing objections, MTPD will produce non-privileged documents in its possession, custody or control documents relating to any meeting attended by MTPD or any other Defendant during which there were communications concerning the production, marketing, pricing, distribution, inventory levels or sale of CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 28**

For each of Your Employees who has or had any non-clerical responsibility for recommending, reviewing, setting or approving prices, price increase announcements, bids or quotes for the sale of CRT or CRT Products, or any other involvement in the marketing or sale of CRT or CRT Products:

a.      all copies of electronic and manual diaries, calendars, appointment books, "to do" lists, day timers or appointment notes;

b.      all copies of trip and travel logs, records or other supporting Documents;

c.      all copies of expense reports or other supporting Documents;

d.      all copies of telephone number logs, directories, notebooks, Rolodex cards or related memoranda;

e.      all bills, statements, records and supporting Documents concerning long distance or cellular telephone calls;

f.      all Documents relating to membership in any trade association or industry group; and

g.      the complete personnel file for that Employee.

**RESPONSE TO REQUEST NO. 28:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 28 as overbroad to the extent it seeks certain documents from MTPD's Employees who had "any non-clerical responsibility for recommending, reviewing, setting or approving prices" for the sale of CRT or CRT Products. Subject to the foregoing objections, MTPD is willing to meet and confer with Plaintiffs to narrow the scope of this request by limiting the number of relevant Employees.

**REQUEST NO. 29**

Documents sufficient to show the name and address of each trade association (including committees and subcommittees) relating to CRT or CRT Products of which You or any of Your Employees are or have been a member, as well as Documents sufficient to show dates of membership and dates of participation in committees or subcommittees.

**RESPONSE TO REQUEST NO. 29:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 29 as unduly burdensome and as seeking

MTPD'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents about trade associations located outside the United States.  Subject to the foregoing objections, MTPD will produce non-privileged documents in its possession, custody or control sufficient to show the requested information about trade associations relating to CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 30**

All Documents relating to Meetings of each trade association and each of its committees or subcommittees relating to CRT or CRT Products, including all Documents relating to any such Meeting attended by You and any other CRT or CRT Products manufacturer and Documents sufficient to identify individuals from Your company who attended, the dates of attendance, and the subject matters discussed.

**RESPONSE TO REQUEST NO. 30:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 30 as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents about trade associations located outside the United States.  Subject to the foregoing objections, MTPD will produce non-privileged documents in its possession, custody or control sufficient to show information about any meeting of a trade association attended by MTPD in the United States relating to CRTs, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 31**

All studies, analyses, communications, presentations or other Documents that You have submitted to or received from any trade association regarding CRT or CRT Products.

**RESPONSE TO REQUEST NO. 31:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 31 as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks certain documents submitted to or received from trade associations located outside the United States.  Subject to the foregoing objections, MTPD will produce non-privileged formal studies, analyses, communications, and presentations in its possession, custody or control regarding CRTs submitted to or received from trade associations in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 32**

All statements, announcements, disclosures or press releases issued by You or any of Your competitors relating to CRT or CRT Products.

**RESPONSE TO REQUEST NO. 32:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 32 to the extent it calls for the production of documents that are publicly available and are in the possession of third parties not under MTPD's control.  MTPD also objects to this request as overly broad and to the extent it seeks "all" statements, announcements, disclosures or press releases relating to CRT Products.  Subject to the foregoing objections, MTPD will produce non-privileged statements, announcements, disclosures or press releases in its possession, custody or control issued by MTPD relating to CRTs in the United States, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 33**

All Documents relating to Your policies or practices directed toward compliance with the United States antitrust laws, including any statements signed by Your Employees with pricing,

sales or marketing responsibility for CRT or CRT Products, acknowledging their receipt of and compliance with Your antitrust compliance policy.

**RESPONSE TO REQUEST NO. 33:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 33 on the grounds that it is vague and ambiguous in its use of the term "relating to" as this term renders the request unlimited in scope in that it does not describe with reasonable particularity the category of documents to be produced. Subject to the foregoing objections, MTPD will produce non-privileged documents in its possession, custody or control sufficient to show MTPD's policy or practice directed toward compliance with United States antitrust laws, subject to the Relevant Time Period Objection, if any.

**REQUEST NO. 34**

All Documents relating to, prepared for, submitted to, or received from any foreign governmental or legislative investigative body, including the Canadian Competition Bureau, the European Commission, any agency or representative body of any foreign country, state or other political subdivision, or any law enforcement agency, authority or commission in any foreign country, relating to the production, sale, marketing, pricing or distribution of CRT or CRT Products. This request includes all Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced to any foreign governmental agency or foreign grand jury, including any Documents produced as part of any plea bargain negotiations or in connection with any application for or grant of amnesty.

**RESPONSE TO REQUEST NO. 34:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 34 to the extent that the laws or procedures of a foreign country prohibit the production of documents responsive to such requests. MTPD

---

MTPD'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

also objects to this request as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks certain documents submitted and received from foreign governmental and legislative investigative bodies relating to the foreign (i.e. non-United States) production, sale, marketing, pricing or distribution of CRTs.

**REQUEST NO. 35**

All Documents relating to proffers, transcripts, notes, summaries, testimony, witness statements, or responses to requests for information that You produced or were seized by any foreign governmental agency in Italy, Canada, the European Union, India, Hong Kong, Hungary, Thailand, Malaysia, Korea, Japan, Singapore, China or Taiwan.

**RESPONSE TO REQUEST NO. 35:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 35 as overbroad, unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as the documents sought are constrained by no subject matter limitation.  MTPD also objects to this request to the extent that the laws or procedures of a foreign country prohibit the production of documents responsive to such requests.  MTPD further objects to this request as unduly burdensome and as seeking documents that are not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks certain documents submitted to or seized by particular foreign governmental agencies relating to the foreign (i.e. non-United States) production, sale, marketing, pricing or distribution of CRTs.

**REQUEST NO. 36**

Copies of all subpoenas or requests for production of Documents issued by any foreign governmental or legislative investigative body referring or relating to CRT or CRT Products during the relevant period.

**RESPONSE TO REQUEST NO. 36:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 36 as overbroad, unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. MTPD also objects to this request to the extent that the laws or procedures of a foreign country prohibit the production of documents responsive to such requests.

**REQUEST NO. 37**

All Documents relating to, prepared for, submitted to, or received by You as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, price manipulation or manipulation of production or capacity of CRT or CRT Products.

**RESPONSE TO REQUEST NO. 37:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 37 as it seeks documents subject to attorney-client privilege, work product protection, joint defense or common interest privilege, or any other applicable doctrine, privilege, protection or immunity from production. MTPD further objects to the extent it seeks information or documents that reflect, refer to, or relate to the ongoing criminal grand jury investigation concerning CRTs in contravention of the Court's Order to Extend Limited Discovery Stay, dated January 30, 2010. MTPD also objects to this request to the extent that the laws or procedures of a foreign country prohibit the production of documents responsive to such requests.

**REQUEST NO. 38**

All Documents relating to the termination, retirement, discipline, discharge or suspension of any director, officer, or Employee who had any responsibility relating to the production, manufacture, distribution, marketing, pricing or sale of CRT or CRT Products.

**RESPONSE TO REQUEST NO. 38:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 38 as overbroad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence to the extent it relates to CRT Products.  MTPD further objects that requiring MTPD to produce all documents responsive to this request would impose an undue burden, which would far outweigh its likely benefit under Rule 26(b)(2)(C)(iii) of the Federal Rules of Civil Procedure.  MTPD also objects to this request to the extent it seeks documents subject to attorney-client privilege, work product protection, joint defense or common interest privilege, or any other applicable doctrine, privilege, protection or immunity from production.

**REQUEST NO. 39**

All Documents referring to or relating to plaintiffs in this litigation.

**RESPONSE TO REQUEST NO. 39:**

In addition to its General Objections, which are incorporated here by reference, MTPD objects to Request No. 39 as overbroad and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  MTPD further objects to this request to the extent it seeks documents subject to attorney-client privilege, work product protection, joint defense or common interest privilege, or any other applicable doctrine, privilege, protection or immunity from production.  Subject to the foregoing objections, MTPD will

produce non-privileged documents in its possession, custody or control relating to Plaintiffs in this action, if any.

**REQUEST NO. 40**

All Documents that You claim would have been available to the plaintiffs or any purchaser of CRT or CRT Products prior to November 2007, which should have caused the plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the United States.

**RESPONSE TO REQUEST NO. 40:**

In addition to its General Objections, which are incorporated here by reference, including the Products Objection, MTPD objects to Request No. 40 as inappropriately propounded as a document request because it seeks information more easily obtainable through other means and/or as to which Plaintiffs bear the burden of proof.  MTPD further objects to this request to the extent it purports to seek information that should be in Plaintiffs' possession.  Subject to the foregoing objections, MTPD will produce public documents in its possession, custody or control responsive to this request relating to prices and sales of CRTs to the United States, subject to the Relevant Time Period Objection, if any.

Dated: May 12, 2010                 By:    /s/ David L. Yohai
                                            STEVEN A. REISS (*pro hac vice*)
                                            Email: steven.reiss@weil.com
                                            DAVID L. YOHAI (*pro hac vice*)
                                            Email: david.yohai@weil.com
                                            DAVID E. YOLKUT (*pro hac vice*)
                                            Email: david.yolkut@weil.com
                                            **WEIL, GOTSHAL & MANGES LLP**
                                            767 Fifth Avenue
                                            New York, New York 10153-0119
                                            Telephone:  (212) 310-8000
                                            Facsimile:  (212) 310-8007

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREGORY D. HULL (57367)
Email: greg.hull@weil.com
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@dl.com
A. PAUL VICTOR (*pro hac vice*)
Email: pvictor@dl.com
**DEWEY & LEBOEUF LLP**
1301 Avenue of the Americas
New York, NY 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-7013

***Attorneys for Defendant MT Picture Display Co., Ltd.***

MTPD'S OBJECTIONS AND RESPONSES TO
DIRECT PURCHASER PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS