IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL ACTIONS | MDL No. 1917<br><br>Case No. C-07-5944-SC<br><br>ORDER GRANTING IN PART AND DENYING IN PART CALIFORNIA ATTORNEY GENERAL'S MOTION TO TRANSFER OR EXTEND TIME FOR HAGUE CONVENTION PROCESS TO DEPOSE LEO MINK |

Now before the Court is the California Attorney General's ("AG") motion to transfer to San Francisco Superior Court the Hague Convention[1] process for obtaining the deposition of Mr. Leo Mink in the Netherlands. ECF No. 3500 ("Mot."). In the alternative, the AG requests an extension of time to complete the process of obtaining Mink's testimony. Samsung SDI opposes. ECF No. 3508 ("Opp'n"). The motion is fully briefed, and for the reasons set forth below it is GRANTED IN PART and DENIED IN PART.

Mink is a Dutch national and former employee of a non-party

---

[1] Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 (codified at 28 U.S.C. § 1780) ("Hague Convention").

subsidiary of Defendant Koninklijke Philips N.V. The AG believes that Mink has information relevant to her suit seeking recompense for California consumers for alleged price fixing in the cathode ray tube market. Matters related to discovery for that case were previously consolidated before this court. ECF No. 3500-2 ("Varanini Decl.") at ¶ 5.

More than a year ago, the AG asked the Court to issue a letter of request to Dutch authorities seeking their aid in obtaining Mink's deposition through the process outlined in the Hague Convention. ECF No. 2328 ("Request"). The Court issued the letter of request. ECF No. 2362. Dutch authorities then misplaced the Court's letter, and asked that a new letter of request be sent, promising to expedite it once it reached the Netherlands. ECF No. 2518 ("Second Request"). The Court issued that letter of request as well. ECF No. 2530. Once that letter was transmitted to the Netherlands, Dutch authorities transferred it to the Court of Oost-Brabant for execution. After Court of Oost-Brabant failed to promptly act on the letter of request and appoint a commissioner to effectuate the deposition, the Court granted an extension of time (over the opposition of Samsung SDI) to permit the deposition to go forward. ECF No. 2877. Since that time, the AG's office has contacted the Dutch court several times seeking to organize the deposition, but the Dutch court's progress has been gradual at best, and the necessary commissioner has still not been appointed. ECF No. 3500-2 ("Varanini Decl.") at ¶ 4.

At the time the AG filed her motion, these cases were set for trial beginning on March 9, 2015 while the state court action was set for trial in July 2016. Pointing to that date and the

potential inconvenience to the Court involved in both trying these complex matters and supervising the AG's discovery efforts in the Netherlands, the AG sought an order transferring this issue to Superior Court.  At the same time, recognizing that the Court might (and in fact did) vacate the trial date, the AG made an alternative request that if the Court vacated the trial date it grant a further extension of time to complete the Hague Convention process. Samsung opposes both requests.

In light of the Court's order vacating the trial date, the Court sees no practical reason to transfer this matter to Superior Court.  As a result, the AG's motion to transfer is DENIED.  The only remaining question is whether the Court should grant another extension of time to allow the discovery to be completed.

Scheduling orders "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  Pretrial scheduling orders may be modified if the dates scheduled "cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The focus of the good cause inquiry is "on the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end."  Id.  As the undersigned has previously observed, "centering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control."  In re Cathode Ray Tube (CRT) Antitrust Litig., No. C-07-5944-SC, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014) (citing Orozco v. Midland Credit Mgmt. Inc., No. 2:12-cv-02585-KJM-CKD, 2013 WL 3941318, at

1 | *3 (E.D. Cal. July 30, 2013)).

2 As with the Court's previous order on the AG's issues with the Dutch Court, the delays at issue here were outside the AG's control and occurred despite the AG's diligence in pursuing Mink's deposition. See id. at *3. Once again, the AG has provided a declaration stating that despite repeated contacts with the Court of Oost-Brabant, the court has still not appointed the commissioner necessary to complete the examination. Varanini Decl. ¶ 4. While the Court cannot imagine why this request is taking Dutch authorities so long, the AG's submissions make clear the delays are not a result of "carelessness" on the AG's part. Johnson, 975 F.2d at 609. The request is straightforward and was made to Dutch authorities with ample time to execute the request. See CRT, 2014 WL 4954634, at *3 & n.2 (citing empirical research demonstrating that "in the vast majority of cases, Hague Convention requests for oral testimony are resolved within six months"). The AG has gone so far as to hire a Dutch agent to seek resolution of the issue, apparently to no avail. Id. at *3. In short, simply because Dutch authorities have not pursued this deposition with the same diligence as the AG's office does not mean the AG's office should be barred from obtaining Mink's testimony.

///
///
///
///
///
///
///

4

1    As a result, the Court finds that good cause exists to extend
2 the relevant deadline, and thus the AG's motion to extend the
3 deadline for completing the Hague Convention process is GRANTED.
4 The relevant deadline shall be extended until 120 days from the
5 signature date of this order.  The AG is further instructed to
6 notify the relevant authorities at the Court of Oost-Brabant of the
7 Court-ordered deadline in the hopes that they will act more quickly
8 in appointing a commissioner and conducting Mink's examination.

10   IT IS SO ORDERED.

12   Dated: March 24, 2015   _____
13                           UNITED STATES DISTRICT JUDGE