IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER DENYING MOTION TO MODIFY DIRECT PURCHASER PLAINTIFF CLASS CERTIFICATION SCHEDULING ORDER |
| Case No. 14-cv-02058 SC | |
| CRAGO, d/b/a Dash Comp., Inc. et al. | |
| Plaintiffs, | |
| v. | |
| MITSUBISHI ELECTRIC CORP., et al., | |
| Defendants. | |

Now before the Court is Defendant Mitsubishi Electric's ("Mitsubishi") motion to modify the schedule for briefing on the Direct Purchaser Plaintiffs' ("DPPs") motion for class certification. ECF No. 3501 ("Mot."). DPPs oppose, ECF No. 3525 ("Opp'n"), and Mitsubishi filed a reply. ECF No. 3618 ("Reply"). The Court finds the motion is appropriate for disposition without oral argument. For the reasons set forth below, the motion is DENIED.

In December, DPPs and Mitsubishi entered into a stipulation

regarding scheduling for briefing on DPPs' motion for class certification. ECF No. 3184 ("Stip."). This stipulation required DPPs to make their class certification expert available for deposition on or before January 31, 2015, oppositions and expert reports to be served on or before February 27, 2015, a reply to be filed on or before April 17, 2015, and a deposition of any opposition experts prior to or on March 27, 2014 (although this is a typo and the parties clearly intended March 27, 201<u>5</u>). <u>Id.</u> Citing the settlement between Thomson and DPPs, ongoing discovery between Mitsubishi and the DPPs, and the trial date for these actions, which was set for March 9, 2015, Mitsubishi sought a stipulation from DPPs to make additional changes to the schedule for the class certification motion. Mot. at ¶¶ 7-10. DPPs refused, and Mitsubishi filed this motion arguing that good cause exists for an approximately two-month extension of the deadlines.

After Mitsubishi filed its opening brief, the Court vacated the March 9, 2015 trial date. ECF No. 3515. In DPPs' view, the elimination of the pressures of trial preparation, coupled with the lack of evidence of diligence or good cause on the part of Mitsubishi either obviates the need to change the schedule or precludes granting the motion. Before the Court could address this motion, Mitsubishi filed its opposition to DPPs' class certification motion according to the existing schedule. ECF No. 3709. While the parties had some scheduling disagreements, the Court also assumes that the deposition of DPPs' class certification expert, Jeffrey Leitzinger, which was supposed to take place on or before January 31, 2015, has already taken place. Nevertheless, Mitsubishi apparently continues to believe an extension is

2

necessary.

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Pretrial scheduling orders may be modified if the dates scheduled "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The focus of the good cause inquiry is "on the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. As the undersigned has previously observed, "centering the good cause analysis on the moving party's diligence prevents parties from profiting from carelessness, unreasonability, or gamesmanship, while also not punishing parties for circumstances outside their control." In re Cathode Ray Tube (CRT) Antitrust Litig., No. C-07-5944-SC, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014) (citing Orozco v. Midland Credit Mgmt. Inc., No. 2:12-cv-02585-KJM-CKD, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)).

The Court finds that the elimination of the pressure of preparing for the now-vacated March 9 trial date ensures that the dates in the existing schedule can now "reasonably be met" with diligence on the part of Mitsubishi. Johnson, 975 F.2d at 609. Confirming that conclusion, Mitsubishi was able to file its opposition to DPPs' class certification motion on time after the Court vacated the trial date.

Moreover, the fact that Mitsubishi already filed its opposition brief means that the only remaining deadlines it asks to alter either apply exclusively to the DPPs (the April 17, 2015 reply deadline) or were not the focus of Mitsubishi's motion (the

1  March 27, 2015 deadline for deposing any Mitsubishi class
2  certification expert).  Yet based on the Court's review of
3  Mitsubishi's class certification opposition and declarations,
4  Mitsubishi appears to rely merely on its economic expert, Dov
5  Rothman, who does not address class certification or DPPs' expert
6  at all.  See generally ECF No. 3708-10 ("Rothman Report").  As a
7  result, it is unclear if Mitsubishi would even have to produce Mr.
8  Rothman for deposition under the parties' stipulated schedule.
9  That means that even if the Court sets aside the parties' dispute
10 over Mitsubishi's diligence, granting the motion would only result
11 in the extension of (1) a deadline for DPPs (who do not seek an
12 extension of time), and (2) a deadline that does not apply to
13 Mitsubishi.  This renders the motion either simply unnecessary or
14 moot.
15     For these reasons, Mitsubishi's motion to modify the class
16 certification scheduling order is DENIED.

18     IT IS SO ORDERED.

20     Dated: March 24, 2015
                                    UNITED STATES DISTRICT JUDGE

4