1  Christopher M. Curran (*pro hac vice*)
2  ccurran@whitecase.com
   Lucius B. Lau (*pro hac vice*)
3  alau@whitecase.com
   Dana E. Foster (*pro hac vice*)
4  defoster@whitecase.com
5  White & Case LLP
   701 Thirteenth Street, N.W.
6  Washington, DC  20005
7  Telephone:  (202) 626-3600
   Facsimile:  (202) 639-9355
8
9  *Counsel to Defendants Toshiba Corporation,*
   *Toshiba America, Inc., Toshiba America*
10 *Information Systems, Inc., Toshiba America*
   *Consumer Products, L.L.C., and Toshiba America*
11 *Electronic Components, Inc.*
12

13            UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
14             (SAN FRANCISCO DIVISION)
15

16 | IN RE: CATHODE RAY TUBE (CRT) | Case No. 07-5944 SC |
17 | ANTITRUST LITIGATION | MDL No. 1917 |
18

19 This Document Relates to:
20
   *Siegel v. Hitachi, Ltd. et. al.,*
21 No. 11-cv-05502;
22
   *Best Buy Co., Inc., et al. v. Hitachi Ltd., et al.,*
23 No 11-cv-05513;
24
   *Target Corp., et al. v. Chunghwa Picture*
25 *Tubes, Ltd., et al.,* No. 11-cv-05514;
26
   *Sears, Roebuck and Co., et al. v. Chunghwa*
27 *Picture Tubes, Ltd., et al.,* No. 11-cv-05514;
28

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS**

**ORAL ARGUMENT REQUESTED**

Date:   August 7, 2015
Time:   10:00 a.m.
Judge:  Hon. Samuel Conti

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  *Sharp Electronics Corp., et al. v. Hitachi, Ltd.
2  et al.*, No. 13-cv-01173;

3  *Sharp Electronics Corp., et al. v. Koninklijke
4  Philips Elecs., N.V., et al.*, No. 13-cv-2776;
   and
5
6  *ViewSonic Corporation v. Chunghwa Picture
   Tubes, Ltd., et al.*, No. 14-cv-02510.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE
EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT ............................................................................................................... 3

      A.    The DAPs Have Not Demonstrated That Evidence Of Foreign
            Investigations Is Relevant Within The Meaning Of Rules 401 And
            402 ............................................................................................................... 3

      B.    Rule 403 And Rule 404 Bar The Foreign Investigation Evidence
            That The DAPs Seek To Present To The Jury ............................................. 4

      C.    Evidence Of Foreign Investigations Is Otherwise Inadmissible ................. 9

III.  CONCLUSION ........................................................................................................... 12

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE
EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Alfadda v. Fenn*,
   966 F. Supp. 1317 (S.D.N.Y. 1997) ................................................................ 6, 7

*Beech Aircraft Corp. v. Rainey*,
   488 U.S. 153 (1988)........................................................................................ 9

*Bradford Trust Co. v. Merrill Lynch Pierce, Fenner, and Smith, Inc.*,
   805 F.2d 49 (2d Cir. 1986) ............................................................................ 9

*Bridgeway Corp. v. Citibank*,
   201 F.3d 134 (2d Cir. 2000) .................................................................... 5, 6, 9

*Coleman v. Home Depot, Inc.*,
   306 F.3d 1333 (3d Cir. 2002) ........................................................................ 8

*F. Hoffman-La Roche, Ltd., v. Empagran S.A.*,
   542 U.S. 155 (2004)........................................................................................ 4

*Gentile v. County of Suffolk*,
   926 F.2d 142 (2d Cir. 1991) .......................................................................... 9

*Hispanic Broad. Corp. v. Educ. Media Found.*,
   No. CV-02-7134 CAS (AJWx), 2003 U.S. Dist. LEXIS 24804 (C.D.
   Cal. Oct. 30, 2003)......................................................................................... 11

*In re Elevator Antitrust Litigation*,
   502 F.3d 47 (7th Cir. 2007) ........................................................................... 81

*In re Ethylene Propylene Diene Monomer (EDPM) Antitrust Litigation*,
   681 F. Supp. 2d 141 (D. Conn. 2010)............................................................ 5

*In re Japanese Electronic Products Antitrust Litigation*,
   723 F.2d 238 (3d Cir. 1982), *rev'd sub nom. Matsushita Elec. Indus.*
   *Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ....................................... 9-10

*In re Sterling Navigation Co.*,
   444 F. Supp. 1043 (S.D.N.Y. 1977) .............................................................. 11

*Kramas v. Security Gas & Oil Inc.*,
   672 F.2d 766 (9th Cir. 1892) ........................................................................ 8

*Maersk, Inc. v. Neewra, Inc.*,
   No. 05 CIV. 4356 (CM), 2010 WL 2836134 (S.D.N.Y. July 9, 2010),
   *aff'd sub nom. Maersk, Inc. v. Sahni*, 450 F. App'x 3 (2d Cir. 2011) ............... 6

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Melridge, Inc. v. Heublein*,
   125 B.R. 825 (D. Ore. 1991) ............................................................................. 9

*Mike's Train House, Inc., v. Lionel, L.L.C.*,
   472 F.3d 398 (6th Cir. 2006) ........................................................................... 11

*Morgan Guar. Trust Co. v. Hellenic Lines Ltd.*,
   621 F.Supp. 198 (S.D.N.Y. 1985) ..................................................................... 9

*Mui Ho v. Toyota Motor Corp.*,
   931 F. Supp. 2d 987 (N.D. Cal. 2013) ............................................................... 7

*Sannes v. Jeff Wyler Chevrolet, Inc.*,
   No. C-1-97-930, 1999 U.S. Dist. LEXIS 21748 (S.D. Ohio Mar. 31,
   1999) ................................................................................................................. 11

*Schaghticoke Tribal Nation v. Kempthorne*,
   587 F. Supp. 2d 389 (D. Conn. 2008) ............................................................. 11

*Shell Oil Co. v. Franco*,
   No. CV 03-8846 NM (PJWx), 2004 WL 5615656 (C.D. Cal. May 18,
   2004) ............................................................................................................... 11

*United States v. Cruz-Garcia*,
   344 F.3d 951 (9th Cir. 2003) ............................................................................. 4

*United States v. Dorsey*,
   677 F.3d 944 (9th Cir. 2012) ......................................................................... 8, 9

*United States EEOC v. E.I. duPont de Nemours & Co.*,
   No. 03-1605, 2004 U.S. Dist. LEXIS 20753 (E.D. La. Oct. 18, 2004) ........... 11

*United States v. Grady*,
   544 F.2d 598 (2d Cir. 1976) ............................................................................. 9

*United States v. Lillard*,
   354 F.3d 850 (9th Cir. 2003) ............................................................................. 8

*United States v. Rizk*,
   660 F.3d 1125 (9th Cir. 2011) ......................................................................8-9

*Williams v. Long*,
   585 F. Supp. 2d 679 (D. Md. 2008) ............................................................... 11

*Zivanic v. Washington Mut. Bank, F.A.*,
   No. 10-737 SC, 2010 WL 2354199 (N.D. Cal. June 9, 2010) ........................... 7

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## **Rules**

Fed. R. Civ. P. 26 ........................................................................................................... 3

Fed. R. Evid. 401 ....................................................................................................... 1, 3

Fed. R. Evid. 401(a)-(b) ................................................................................................. 3

Fed. R. Evid. 401(b) ................................................................................................... 1, 4

Fed. R. Evid. 402 .................................................................................................... 2, 3, 4

Fed. R. Evid. 403 .................................................................................................... 2, 4, 7

Fed. R. Evid. 404 .................................................................................................... 2, 4, 8

Fed. R. Evid. 404(b) ....................................................................................................... 8

Fed. R. Evid. 803(8) ....................................................................................................... 9

Fed. R. Evid. 803(22) ............................................................................................... 10, 11

Fed. R. Evid. 804(b)(1) ................................................................................................... 9

Fed. R. Evid. 804(b)(3) ................................................................................................... 9

Fed. R. Evid. 807 ........................................................................................................... 9

Fed. R. Evid. 902(5) ..................................................................................................... 11

## **Other Authorities**

15 U.S.C. § 15(a) ....................................................................................................... 1, 3

6 Moore's Federal Practice § 26.41[6][a] (Matthew Bender 3d ed.) ........................................ 3

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## I.      INTRODUCTION

Discovery in this case occurred over a three-year period, during which time the Defendants produced millions of documents and almost 300 depositions took place.   The documents produced by the Defendants included all of the documents produced by the Defendants in response to grand jury subpoenas.   On more than one occasion, the DAPs represented to the Court that they have uncovered "overwhelming evidence" in support of their claims. Dkt. No. 3280, at 4; Dkt. No. 3271, at 18; Dkt. 3287, at 6; Dkt. No. 3248, at 1. Now the DAPs argue that it is "imperative" that they be given the opportunity "to put before the jury the fact that Defendants' arguments were rejected by a foreign tribunal applying similar laws." DAP Br. at 6. But all relevant factual evidence has been made available to the DAPs in response to their extensive discovery requests; this motion simply seeks the exclusion of findings made by foreign agencies applying foreign law.   The DAPs claim that the motion *in limine* is broad and overreaching, but they cannot articulate any legitimate reason why evidence of foreign investigations is relevant within the meaning of Rule 401. Thus, a categorical bar of such evidence is warranted.

In order to satisfy the relevancy test of Rule 401, the fact in question must be "of consequence in determining the action." Fed. R. Evid. 401(b).   The evidence concerning foreign investigations that the DAPs seek to admit fails this criterion because the foreign investigations in question adhered to different procedural standards than those applied in the United States, applied substantive law that differs from the federal and state laws at issue in this action, and concerned activity and effects that differs from the activity that the jury will assess. The DAPs believe that foreign investigations are relevant because these investigations purportedly involve "the same global, cross-border cartel activity that is the subject of this litigation."   DAP Br. at 1.   The DAPs, however, may not recover based upon "global, cross-border cartel activity"; rather, pursuant to U.S. law generally and the FTAIA specifically, the DAPs are only permitted to recover for activity involving domestic or import commerce, or conduct involving foreign conduct that has a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce. 15 U.S.C. § 15(a). Evidence concerning foreign investigations is

1   of no consequence in answering this question.  As a result, such evidence and testimony is
2   irrelevant and inadmissible.  Fed. R. Evid. 402.

3       Even if evidence concerning foreign investigations has some marginal relevance to
4   this action, the Court should still exclude such evidence pursuant to Rule 403.  Evidence of
5   foreign investigations would result in unfair prejudice due to the unacceptable danger that the
6   jury would render a verdict merely because foreign authorities have ruled against certain
7   Defendants.  Although the DAPs expend great effort in attempting to explain how their
8   proposed use of foreign investigations would not result in unfair prejudice, they do not
9   address the other factors of Rule 403 that were addressed in the motion *in limine*.  Indeed,
10  allowing the DAPs to present evidence of foreign investigations would confuse and mislead
11  the jury, and create an undue waste of time, all for evidence that is needlessly cumulative.  In
12  particular, allowing evidence of foreign investigations would create major sideshows during
13  the trial, with parties presenting collateral evidence and argument on the different procedural
14  and legal standards of the various investigations, on who was found liable and not liable, and
15  which jurisdictions investigated an alleged conspiracy but did not charge.  Given the DAPs'
16  failure to adequately address these issues, the Court should treat these points as conceded.

17      Evidence of foreign investigations should also be excluded pursuant to Rule 404.
18  Courts have considered and rejected the notion that "if it happened there, it could have
19  happened here," a principle that is codified in Rule 404, which plainly bars the type of
20  propensity evidence that the DAPs seek to introduce.

21      The DAPs also provide a lengthy discussion as to why they believe certain press
22  releases and decisions associated with foreign investigations are self-authenticating and
23  admissible.  Here too the DAPs fall short.  The fact that the press releases and decisions in
24  question originate outside of the United States is a key factor that prevents these documents
25  from being self-authenticated.  The lack of trustworthiness associated with these documents
26  (as demonstrated in our motion *in limine*) is a key factor that prevents these documents from
27  being admissible.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II.      ARGUMENT

### A.      The DAPs Have Not Demonstrated That Evidence Of Foreign Investigations Is Relevant Within The Meaning Of Rules 401 And 402

Although Rule 401 and Rule 402 of the Federal Rules of Evidence were discussed at length in Defendants' motion *in limine* (Def. MIL No. 2, Dkt. No. 3583, at 2-4), the DAPs' opposition only contains one passing reference to Rule 401.  DAP Br. at 4.  Even as to that one reference, the DAPs fail to recognize that Rule 401 contains a two-part test.  That is, evidence is relevant if (a) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (b) "the fact is of consequence in determining the action."  Fed. R. Evid. 401(a)-(b).  In their attempt to explain why evidence of foreign investigations is relevant, the DAPs fail to give meaning to the second part of Rule 401 — that is, the DAPs fail to explain why such evidence is "of consequence" to this action.  Indeed, by their cursory analysis of relevancy, the DAPs seemingly equate the relevancy standard of Rule 401 with the more liberal relevancy standard of Rule 26 of the Federal Rules of Civil Procedure.  The two standards are not equal.  *See* 6 Moore's Federal Practice § 26.41[6][a] (Matthew Bender 3d ed.) (noting the difference between "relevant" in Rule 26 and "relevant evidence" in Rule 401:  "Pretrial discovery is not, however, limited to a search for 'evidence.'"); Fed. R. Civ. P. 26 (1970 advisory committee notes to subdivision (b)(1)) ("Since decisions as to relevance to the subject matter of the action are made for discovery purposes well in advance of trial, a flexible treatment of relevance is required and the making of discovery, whether voluntary or under court order, is not a concession or determination of relevance for purposes of trial.").

Evidence regarding investigations by foreign government agencies is of no consequence in a Sherman Act case limited to seeking damages for conduct involving domestic or import commerce, or conduct involving foreign conduct that has a "direct, substantial, and reasonably foreseeable effect" on U.S. commerce.  15 U.S.C. § 15(a).  Under the elements of the Sherman Act, as modified by the FTAIA, anticompetitive conduct "involving foreign commerce" lies "outside the Sherman Act's reach" unless that conduct "(1)

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE
EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

sufficiently affects American commerce" by having a "direct substantial and reasonably foreseeable effect" on U.S. commerce, and "(2) has an effect of a kind that antitrust law considers harmful." *F. Hoffman-La Roche, Ltd., v. Empagran S.A.*, 542 U.S. 155, 162 (2004). The foreign investigations at issue here concerned effects and injuries that occurred in *foreign* countries, not in the United States, and therefore are irrelevant to the DAPs' claims.

Evidence of foreign investigations is also irrelevant given that foreign government agencies apply different procedural protections, apply different substantive law, and involve facts that differ from those that will be presented to the jury. Defendants explained these differences at length in their opening brief and in their opposition to DAPs' MIL No. 11. *See generally* Def. MIL No. 2, Dkt. No. 3583; Def. Opp. To Pl. Motion *In Limine* No. 11, Dkt. No. 3788, at 10-20 (discussing the European Commission Decision of December 5, 2012). Consequently, such evidence is irrelevant (Fed. R. Evid. 401(b)) and inadmissible. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible").

**B.     Rule 403 And Rule 404 Bar The Foreign Investigation Evidence That The DAPs Seek To Present To The Jury**

Allowing the DAPs to present evidence of foreign investigations would create the risk that the jury would take the results of foreign investigations at face value and gloss over the significant differences between those investigations and this action. Evidence concerning these foreign investigations creates a danger that the jury would afford the results of those investigations undue weight, far beyond their persuasive weight, in assessing the Defendants' liability. *Accord United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) (holding that Rule 403 "excludes only evidence where the prejudice is 'unfair' — that is, based on something *other* than its persuasive weight") (emphasis in original). Contrary to the DAPs' position (DAP Br. at 6), the Defendants are not seeking to "sanitize the record." Conclusions reached by foreign agencies applying foreign law are simply not part of the "record" that the jury should consider.

The DAPs assert that they should be permitted to present the jury with evidence regarding arguments that "were rejected by a foreign *tribunal* applying *similar laws*." DAP

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Br. at 6 (emphasis added).  In so doing, the DAPs inaccurately characterize the foreign

2  agencies (the EC, KFTC, JFTC, and Hungarian and Taiwanese antitrust authorities) whose

3  findings they wish to rely upon.  For instance, as demonstrated in the Defendants' Opposition

4  to Plaintiffs' MIL No. 11 (Dkt. No. 3788, at 7-20), the EC is not a tribunal, does not provide

5  parties similar due process protections as those mandated for defendants in the United States,

6  and only seeks to determine whether an alleged conspiracy affected European purchasers, not

7  U.S. purchasers.

8          Contrary to the DAPs' view, the conduct underlying foreign investigations is not "at

9  issue here."  DAP Br. at 6.  Foreign agencies such as the EC and the KFTC assessed foreign

10 activity with foreign effects — such foreign effects are irrelevant here because they cannot be

11 the subject of the Plaintiffs' claims pursuant to the FTAIA.  Nor does *In re Ethylene*

12 *Propylene Diene Monomer (EDPM) Antitrust Litigation*, 681 F. Supp. 2d 141 (D. Conn.

13 2010), support the DAPs' argument.  There, the court explicitly stated that it was not asked to

14 consider the relevancy and prejudicial value of documents from a foreign antitrust

15 investigation — the very considerations currently before the Court.  *See id*. at 160 ("The []

16 defendants have not challenged the relevance of the SO, nor have they made an argument that

17 its potential prejudice substantially outweighs its probativeness.  My ruling, therefore, does

18 not address those issues . . . .").  The Court, therefore, should disregard the DAPs'

19 unsupported argument.

20         The fact that certain Defendants applied for leniency in the EC and provided evidence

21 to the EC does not diminish the unfair prejudice that these Defendants will suffer should the

22 DAPs be allowed to introduce evidence concerning the EC proceeding.  DAP Br. at 7.  Any

23 suggestion that these Defendants have somehow forfeited their ability to argue unfair

24 prejudice is refuted by a case relied upon by the DAPs, *Bridgeway Corporation v. Citibank*,

25 201 F.3d 134, 137, 141 (2d Cir. 2000), which held that a party is not judicially estopped from

26 challenging the fairness of a foreign judicial system simply because it participated voluntarily

27 in it.  In any event, the question whether certain Defendants violated *EC competition law* is

28 not a question that the jury will be asked to consider.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    The DAPs argue that the Defendants somehow waived their ability to exclude foreign

2    investigation evidence because the Defendants supposedly "stonewalled" the Plaintiffs'

3    discovery requests on this topic (DAP Br. at 10), but this argument ignores the fact that the

4    Defendants, as stated in their discovery responses (Ex. 5 to Casselman Decl.), were barred by

5    the laws and procedures of foreign countries from producing documents or information

6    responsive to such discovery requests.  The Defendants' position on this issue has already

7    been validated by the Court, which twice denied the DAPs' motion to compel the production

8    of the EC Decision.  *See* Dkt. Nos. 2463 (Order Denying Motion to Compel) and 3133 (Order

9    Denying DAPs' Renewed Motion To Compel Production of the European Commission

10   Decision) (both holding that Defendants should not be forced to produce the EC Decision in

11   contravention of EU Law).

12   The DAPs proclaim that the Defendants fail to cite a single case suggesting that the

13   EC's procedural safeguards do not comply with U.S. due process standards (DAP Br. at 12),

14   but courts have consistently refused to recognize decisions of foreign proceedings with

15   procedures that are comparable to those of the EC.  *See, e.g.*, *Maersk, Inc. v. Neewra, Inc.*,

16   No. 05 CIV. 4356 (CM), 2010 WL 2836134, at *13-14 (S.D.N.Y. July 9, 2010) *aff'd sub nom.*

17   *Maersk, Inc. v. Sahni*, 450 F. App'x 3 (2d Cir. 2011) (refusing to recognize a Kuwaiti

18   judgment where "there was no discovery; that there was no testimony under oath by any

19   witness; and that the matter was not tried before a jury"); *Bridgeway Corp. v. Citibank,* 201

20   F.3d 134, 142 (2d Cir. 2000) (affirming district court's refusal to recognize a Liberian

21   judgment because the Liberian judicial system did not provide procedures compatible with the

22   requirements of due process).  For their part, the DAPs have identified no cases holding that

23   EC proceedings satisfy the requirements of due process.

24   Relying upon *Alfadda v. Fenn*, 966 F. Supp. 1317, 1325 (S.D.N.Y. 1997), the DAPs

25   assert that decisions of foreign authorities are admissible if there are "common facts that must

26   be established in each jurisdiction."  DAP Br. at 13.  This argument is readily dismissed.

27   *Alfadda* held that issue preclusion applies to issues decided by "***courts*** of foreign countries."

28   *Id.* at 1325 (emphasis added).  The foreign antitrust authorities at issue here are not courts or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    tribunals.  *See* Def. Opp. to Pl. MIL No. 11, Dkt. No. 3788, at 3-4 (noting that the EC

2    describes itself as a law enforcement agency, not a tribunal).   Further, courts only give

3    preclusive effect if the foreign decision warrants recognition and satisfies the principles of

4    issue preclusion.  *Alfadda*, 966 F. Supp. at 1325.  The DAPs cannot meet these standards for

5    the EC or other foreign antitrust entities.  *See* Def. Opp. to Pl. MIL No. 11, Dkt. No. 3788, at

6    7-20.

7            Although the DAPs expend great energy seeking to rebut the Defendants' unfair

8    prejudice arguments, they largely ignore the Defendants' arguments that evidence of foreign

9    antitrust investigations should be excluded under the other Rule 403 factors, "confusing the

10   issues, misleading the jury," and especially "undue delay, wasting time, [and] needlessly

11   presenting cumulative evidence."  Fed. R. Evid. 403.  Indeed, regarding these factors, the

12   DAPs offer only a cursory rebuttal, unsupported by caselaw, that evidence of foreign antitrust

13   investigations is not cumulative.   DAP Br. at 14.   The DAPs' failure to oppose these

14   arguments, by itself, gives the Court grounds to treat them as conceded.  *See Mui Ho v. Toyota*

15   *Motor Corp.*, 931 F. Supp. 2d 987, 994 (N.D. Cal. 2013) (Conti, J.) (holding that plaintiff

16   "apparently concede[s]" argument raised in defendants' motion to dismiss by failing to

17   address it in his opposition); *Zivanic v. Washington Mut. Bank, F.A.*, No. 10-737 SC, 2010

18   WL 2354199, at *5 (N.D. Cal. June 9, 2010) (Conti, J.) (holding that plaintiff "effectively

19   concedes" point raised by defendants in their motion to dismiss by presenting no argument in

20   her opposition).

21           Allowing the DAPs to present evidence of foreign investigations would require major

22   sideshows at trial where parties not only present collateral evidence as to the substantive

23   details of the competition laws and due process procedures applied in foreign investigations,

24   but also argument as to whether the foreign laws and procedures are compatible with those

25   applied in the United States.  Parties would need to introduce evidence and argument of the

26   scope, outcome, and applicability of those investigations.   Such mini-trials regarding the

27   significance and applicability of foreign investigations would waste valuable trial time as well

28   as overburden, mislead, and confuse the jury.   Courts commonly exclude evidence on such

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    grounds.  *See, e.g.*, *Kramas v. Security Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir. 1892)

2    (affirming exclusion of SEC enforcement proceeding because, *inter alia*, admission of the

3    evidence "would have opened large areas of proof of collateral matters"); *Coleman v. Home*

4    *Depot, Inc.*, 306 F.3d 1333, 1339 (3d Cir. 2002) (explaining that the court should consider

5    "whether time spent during trial will be unduly lengthened if the report is admitted and the

6    defendants must introduce evidence to expose the weaknesses in the report").  In light of these

7    concerns, the Court should not allow the DAPs to create such time-wasting and burdensome

8    diversions, especially given the fact that evidence of foreign investigations is needlessly

9    cumulative of the "overwhelming evidence" the Plaintiffs have repeatedly claimed they can

10   present to prove the existence of the alleged conspiracy.  Dkt. No. 3280, at 4; Dkt. No. 3271,

11   at 18; Dkt. 3287, at 6; Dkt. No. 3248, at 1.

12        The DAPs also argue that Rule 404(b) does not apply because they are purportedly

13   offering such evidence to show the same, not similar, conduct (DAP Br. at 14), but this

14   argument ignores the fact that each of the foreign antitrust authorities was investigating an

15   alleged conspiracy's effect on its home jurisdiction, not on the United States.  Accordingly,

16   the same conduct is not at issue.  Given the extensive discovery that has occurred in this case,

17   it is apparent that the DAPs are offering the evidence of foreign antitrust investigations as

18   propensity evidence, which is expressly barred by Rule 404.  In the antitrust context, courts

19   have regularly rejected the argument that "if it happened there, it could have happened here."

20   *In re Elevator Antitrust Litigation*, 502 F.3d 47, 52 (7th Cir. 2007) (holding that allegations of

21   anticompetitive wrongdoing in Europe are insufficient to establish liability in the United

22   States).  The Court should also reject that argument here as well.

23        Finally, the DAPs' reliance upon *United States v. Rizk*, 660 F.3d 1125, 1131-32 (9th

24   Cir. 2011), and *United States v. Dorsey*, 677 F.3d 944 (9th Cir. 2012) (DAP Br. at 14), is

25   inapposite.  Those cases held that Rule 404(b) does not apply "'where the evidence the

26   government seeks to introduce is directly related to, or inextricably intertwined with, the

27   crime charged in the indictment.'"  *Rizk*, 660 F.3d at 1131 (quoting *United States v. Lillard*,

28   354 F.3d 850, 854 (9th Cir. 2003)).  The principle articulated in *Rizk* is limited to criminal

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   cases, where it is "well established that the government in a conspiracy case may submit proof

2   on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the

3   indictment."  *Id.*  Because this action is not a criminal case, *Rizk* and *Dorsey* are not

4   applicable.

### C.   Evidence Of Foreign Investigations Is Otherwise Inadmissible

6          The DAPs assert that defense witness deposition testimony regarding foreign antitrust

7   investigations would potentially be admissible under the hearsay exceptions provided by

8   Rules 804(b)(1), 804(b)(3), and 807 of the Federal Rules of Evidence (DAP Br. at 15), but

9   they provide no analysis whatsoever in support of this assertion.  In contrast, the Defendants

10  have already demonstrated why testimony concerning foreign investigations is inadmissible.

11  Def. MIL No. 2, Dkt. No. 3583, at 4-6.  Accordingly, the Court should reject the DAPs'

12  unsupported argument.

13         The DAPs, just as they did in their MIL No. 11, argue that documents like the EC and

14  KFTC decisions are admissible under Rule 803(8) of the Federal Rules of Evidence.  DAP Br.

15  at 15.  Nevertheless, the DAPs still cannot prove that the foreign investigation decisions,

16  based upon inadmissible hearsay evidence, are sufficiently trustworthy to qualify under the

17  public records exception.  The inapposite caselaw cited by the DAPs does not prove

18  otherwise.  Many of these cases involve U.S. state or federal agencies, not foreign agencies.

19  *See Bridgeway Corp. v. Citibank*, 201 F.3d 134, 143 (2d Cir. 2000) (State Department);

20  *Bradford Trust Co. v. Merrill Lynch Pierce, Fenner, and Smith, Inc.*, 805 F.2d 49, 54 (2d Cir.

21  1986) (FBI); *Gentile v. County of Suffolk*, 926 F.2d 142, 148 (2d Cir. 1991) (Suffolk County

22  Attorney's Office); *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988) (Navy).  Other

23  cases involve documents that, although produced outside of the United States, were created on

24  a regular basis and provided only a recitation of basic facts.  *See United States v. Grady*, 544

25  F.2d 598, 604 (2d Cir. 1976); *Morgan Guar. Trust Co. v. Hellenic Lines Ltd.*, 621 F. Supp.

26  198, 217 (S.D.N.Y. 1985); *Melridge, Inc. v.  Heublein*, 125 B.R. 825, 829 (D. Ore. 1991).

27  Contrary to the DAPs' position (DAP Br. at 16), *In re Japanese Electronic Products Antitrust*

28  *Litigation*, 723 F.2d 238 (3d Cir. 1983), *rev'd sub nom. Matsushita Elec. Indus. Co. v. Zenith*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   *Radio Corp.*, 475 U.S. 574 (1986), supports the position taken by the Defendants here because

2   the Third Circuit based its ruling on the specific facts before it.   *Id.* at 273.   In our motion *in*

3   *limine*, we set forth several reasons why the facts of this case reveal that the results of the

4   foreign investigations at issue here are untrustworthy, including the lack of finality of those

5   investigations as well as limited due process rights afforded by those investigations.   Def.

6   MIL No. 2, Dkt. No. 3583, at 6.   These points are largely ignored by the DAPs.

7          The DAPs also argue that the burden of proving that the foreign decisions are

8   untrustworthy falls on the Defendants (DAP Br. at 16), but the Defendants have already met

9   this burden here and in their opposition to the DAPs' MIL No. 11.   *See* Dkt. No. 3788, at 8-9,

10   25 (stating that the EC's Decision is untrustworthy because, *inter alia*, the EC relied upon

11   unsworn statements of counsel, which in turn are based upon unsworn statements of non-party

12   witnesses and unauthenticated meeting notes).

13          There is no merit to the DAPs' position that the KFTC and EC decisions are foreign

14   judgments under Rule 803(22) of the Federal Rules of Evidence (DAP Br. at 18) because both

15   decisions were subject to court review.   As detailed in the Defendants' Opposition to the

16   Plaintiffs' Motion *in Limine* No. 11, the EC equates itself to the U.S Department of Justice,

17   not a court.   Dkt. No. 3788, at 8.   Accordingly, the DAPs err in asserting that the decision

18   stemming from the EC's investigation constitutes a judgment, especially when considering

19   that the EC did not conduct a trial before issuing its decision.   *See id*. at 7-8, 17-18; *see also*

20   Fed. R. Evid. 803(22) (stating that a judgment entered "***after a trial*** or guilty plea" is not

21   excluded by the rule against hearsay) (emphasis added).

22          Similarly, the KFTC Decision is not a foreign judgment.   The KFTC describes itself as

23   a "ministerial-level central administrative organization under the authority of the Prime

24   Minister and also functions as a quasi-judiciary body."   *See* Who We Are, Korea Fair Trade

25   Commission, http://eng.ftc.go.kr/about/overview.jsp?pageId=0102 (last visited Mar. 27,

26   2015).   Moreover, the KFTC operates separately from the Korean civil and criminal judicial

27   apparatus.   *See* How We Handle Cases, Korea Fair Trade Commission,

28   http://eng.ftc.go.kr/about/overview3.jsp?pageId=0102 (last visited Mar. 27, 2015) (noting that

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    the KFTC can refer cases for prosecution after rendering their decision).  Accordingly, the

2    DAPs' reliance on *Mike's Train House, Inc., v. Lionel, L.L.C.*, 472 F.3d 398, 412 (6th Cir.

3    2006), is inapposite because the Sixth Circuit affirmed that judgments and indictments related

4    to already adjudicated criminal convictions, not administrative decisions like those issued by

5    the KFTC, meet the Rule 803(22) exception to the hearsay rule.

6           Contrary to the DAPs' view (DAP Br. at 20-21), foreign decisions and press releases

7    are not self-authenticating.  First, each of the cases cited by the DAPs show only that

8    documents posted by U.S. entities to their websites are self-authenticating under Rule 902(5).

9    *See Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389, 397 (D. Conn. 2008)

10   (U.S. congressional office press release); *Sannes v. Jeff Wyler Chevrolet, Inc.*, No. C-1-97-

11   930, 1999 U.S. Dist. LEXIS 21748, at n.3 (S.D. Ohio Mar. 31, 1999) and *Williams v. Long*,

12   585 F. Supp. 2d 679, 689 (D. Md. 2008) (FTC press releases); *United States EEOC v. E.I.*

13   *duPont de Nemours & Co.*, No. 03-1605, 2004 U.S. Dist. LEXIS 20753, at *5 (E.D. La. Oct.

14   18, 2004) (record from the U.S. Census Bureau); *Hispanic Broad. Corp. v. Educ. Media*

15   *Found.*, No. CV-02-7134 CAS (AJWx), 2003 U.S. Dist. LEXIS 24804 (C.D. Cal. Oct. 30,

16   2003) (FCC report); and *Shell Oil Co. v. Franco*, No. CV 03-8846 NM (PJWx), 2004 WL

17   5615656 (C.D. Cal. May 18, 2004) (State Department reports).  Second, unlike the situation

18   described in the DAPs' non-binding precedent (*In re Sterling Navigation Co.*, 444 F. Supp.

19   1043, 1047 (S.D.N.Y. 1977)), the Defendants have not been able to investigate the

20   authenticity and accuracy of the foreign investigation documents.  As described in the

21   Defendants' Opposition to the Plaintiffs' Motion *in Limine* No. 11, the parties involved in the

22   EC decision had limited ability to review the findings of the EC, and no opportunity to

23   discover how other parties responded to the EC's statement of objections.  Dkt. No. 3788, at

24   8-9.   Similar issues were endemic in other foreign investigations.   Accordingly, no

25   presumption of authenticity is warranted for any of the foreign investigation documents.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### III.     CONCLUSION

For these reasons and the reasons contained in the Defendants' motion *in limine* number 2, the Court should grant the motion and exclude evidence or testimony concerning foreign investigations from trial.

Respectfully submitted,

Dated:  March 27, 2015                  **WHITE & CASE** LLP

By:   */s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America Consumer*
*Products, LLC, Toshiba America Information*
*Systems, Inc., and Toshiba America Electronic*
*Components, Inc.*

(With respect to the Best Buy and Sharp actions only)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

By: ___/s/ *Rachel S. Brass*_____
    Rachel S. Brass
    **GIBSON, DUNN & CRUTCHER LLP**
    JOEL S. SANDERS, SBN 107234
    JSanders@gibsondunn.com
    RACHEL S. BRASS, SBN 219301
    RBrass@gibsondunn.com
    AUSTIN SCHWING, SBN 211696
    ASchwing@gibsondunn.com
    555 Mission Street, Suite 3000
    San Francisco, California 94105-2933
    Telephone: 415.393.8200
    Facsimile: 415.393.8306

    **FARMER BROWNSTEIN JAEGER LLP**
    WILLIAM S. FARMER, SBN 46694
    WFarmer@FBJ-law.com
    DAVID BROWNSTEIN, SBN 141929
    DBrownstein@FBJ-law.com
    JACOB ALPREN, SBN 235713
    JAlpren@FBJ-law.com
    235 Montgomery Street, Suite 835
    San Francisco California 94104
    Telephone 415.962.2876
    Facsimile: 415.520.5678

    *Attorneys for Defendants Chunghwa Picture Tubes,*
    *Ltd and Chunghwa Picture Tubes (Malaysia) Sdn.*
    *Bhd.*

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE
EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917
13

1

SHEPPARD MULLIN RICHTER & HAMPTON
LLP

2

3

By: _/s/ Leo D. Caseria_____

4

GARY L. HALLING (SBN 66087)
ghalling@sheppardmullin.com

5

JAMES L. MCGINNIS (SBN 95788)
jmcginnis@sheppardmullin.com

6

MICHAEL W. SCARBOROUGH (SBN 203524)

7

mscarborough@sheppardmullin.com

SHEPPARD MULLIN RICHTER & HAMPTON
LLP

8

9

Four Embarcadero Center, 17th Floor

10

San Francisco, California 94111
Telephone: (415) 434-9100

11

Facsimile: (415) 434-3947

12

13

LEO D. CASERIA (SBN 240323)
lcaseria@sheppardmullin.com

14

SHEPPARD MULLIN RICHTER & HAMPTON
LLP

15

333 South Hope Street, 43rd Floor

16

Los Angeles, California  90071-1448
Telephone: (213) 620-1780

17

Facsimile: (213) 620-1398

18

*Attorneys for Defendants Samsung SDI America, Inc.;*

19

*Samsung SDI Co., Ltd.; Samsung SDI (Malaysia)*

20

*SDN. BHD.; Samsung SDI Mexico S.A. DE C.V.;*
*Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co.,*

21

*Ltd. and Tianjin Samsung SDI Co., Ltd.*

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE
EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917
14

1

**MUNGER, TOLLES & OLSON LLP**

By:    /s/ Miriam Kim
      JEROME C. ROTH (State Bar No. 159483)
      jerome.roth@mto.com
      MIRIAM KIM (State Bar No. 238230)
      miriam.kim@mto.com
      MUNGER, TOLLES & OLSON LLP
      560 Mission Street, Twenty-Seventh Floor
      San Francisco, California 94105-2907
      Telephone: (415) 512-4000
      Facsimile: (415) 512-4077

      BRAD D. BRIAN (SBN 079001)
      brad.brian@mto.com
      WILLIAM D. TEMKO (SBN 098858)
      William.Temko@mto.com
      GREGORY J. WEINGART (SBN 157997)
      gregory.weingart@mto.com
      E. MARTIN ESTRADA (SBN 223802)
      martin.estrada@mto.com
      MUNGER, TOLLES & OLSON LLP
      355 South Grand Avenue, Thirty-Fifth Floor
      Los Angeles, CA 90071-1560
      Telephone: (213) 683-9100
      Facsimile: (213) 687-3702

      ROBERT E. FREITAS (SBN 80948)
      rfreitas@fawlaw.com
      FREITAS ANGELL & WEINBERG LLP
      350 Marine Parkway, Suite 200
      Redwood Shores, California 94065
      Telephone: (650) 593-6300
      Facsimile: (650) 593-6301

      *Attorneys for Defendant LG Electronics, Inc.*

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**White & Case LLP**
701 Thirteenth Street, NW
Washington, DC 20005

**WINSTON & STRAWN LLP**

By:     */s/ Jeffrey L. Kessler*
            JEFFREY L. KESSLER (*pro hac vice*)
            JKessler@winston.com
            ALDO A. BADINI (SBN 257086)
            ABadini@winston.com
            EVA W. COLE (*pro hac vice*)
            EWCole@winston.com
            MOLLY M. DONOVAN (*pro hac vice*)
            MMDonovan@winston.com
            **WINSTON & STRAWN LLP**
            200 Park Avenue
            New York, NY 10166
            Telephone: (212) 294-6700
            Facsimile: (212) 294-4700

            STEVEN A. REISS (*pro hac vice*)
            steven.reiss@weil.com
            DAVID L. YOHAI (*pro hac vice*)
            david.yohai@weil.com
            ADAM C. HEMLOCK (*pro hac vice*)
            adam.hemlock@weil.com
            **WEIL, GOTSHAL & MANGES LLP**
            767 Fifth Avenue
            New York, New York 10153-0119
            Telephone: (212) 310-8000
            Facsimile: (212) 310-8007

            *Attorneys for Defendants Panasonic Corporation*
            *(f/k/a Matsushita Electric Industrial Co., Ltd.),*
            *Panasonic Corporation of North America, MT*
            *Picture Display Co., Ltd.*

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE
EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917
16

**BAKER BOTTS LLP**

By:   */s/ John M. Taladay*
  JOHN M. TALADAY (*pro hac vice*)
  john.taladay@bakerbotts.com
  ERIK T. KOONS (*pro hac vice*)
  erik.koons@bakerbotts.com
  CHARLES M. MALAISE (*pro hac vice*)
  charles.malaise@bakerbotts.com
  BAKER BOTTS LLP
  1299 Pennsylvania Ave., N.W.
  Washington, DC 20004-2400
  Telephone: (202) 639-7700
  Facsimile: (202) 639-7890

  JON V. SWENSON (SBN 233054)
  jon.swenson@bakerbotts.com
  BAKER BOTTS LLP
  1001 Page Mill Road
  Building One, Suite 200
  Palo Alto, CA 94304
  Telephone: (650) 739-7500
  Facsimile: (650) 739-7699
  E-mail: jon.swenson@bakerbotts.com

  *Attorneys for Defendants Koninklijke Philips N.V.,*
  *Philips Electronics North America Corporation,*
  *Philips Taiwan Ltd., and Philips do Brasil, Ltda.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FAEGRE BAKER DANIELS LLP**

By:  ___*/s/ Kathy L. Osborn*_____
        Kathy L. Osborn (*pro hac vice*)
        Ryan M. Hurley (*pro hac vice*)
        Faegre Baker Daniels LLP
        300 N. Meridian Street, Suite 2700
        Indianapolis, IN  46204
        Telephone: +1-317-237-0300
        Facsimile: +1-317-237-1000
        kathy.osborn@FaegreBD.com
        ryan.hurley@FaegreBD.com

        Jeffrey S. Roberts (*pro hac vice*)
        Email: jeff.roberts@FaegreBD.com
        Faegre Baker Daniels LLP
        3200 Wells Fargo Center
        1700 Lincoln Street
        Denver, CO 80203
        Telephone: (303) 607-3500
        Facsimile: (303) 607-3600

        Stephen M. Judge (*pro hac vice*)
        Email: steve.judge@FaegreBd.com
        Faegre Baker Daniels LLP
        202 S. Michigan Street, Suite 1400
        South Bend, IN 46601
        Telephone: (574) 234-4149
        Facsimile: (574) 239-1900

        *Attorneys for Defendants Thomson SA and*
        *Thomson Consumer Electronics, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SQUIRE PATTON BOGGS (US) LLP**

By: */s/ Nathan Lane, III*

Nathan Lane, III (CA Bar No. 50961)
Mark C. Dosker (CA Bar No. 114789)
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:  (415) 954-0200
Facsimile:  (415) 393-9887
E-mail:  nathan.lane@squiresanders.com
E-mail:  mark.dosker@squiresanders.com

Donald A. Wall (Pro Hac Vice)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4005
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

*Attorneys for Defendant Technologies Displays*
*Americas LLC with respect to all cases except Office*
*Depot, Inc. v. Technicolor SA, et al. and Sears,*
*Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP**

By: /s/ *Jeffrey I. Zuckerman*

Jeffrey I. Zuckerman (Pro Hac Vice)
Ellen Tobin (Pro Hac Vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397.3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Office Depot, Inc. v. Technicolor SA, et al. and Sears, Roebuck and Co.,et al. v. Technicolor SA, et al.*

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

The above-referenced defendants join this brief only with respect to those cases in which they remain active.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## CERTIFICATE OF SERVICE

On March 27, 2015, I caused a copy of "DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS " to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.


By:     */s/ Lucius B. Lau*
Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE
EVIDENCE OR TESTIMONY PERTAINING TO FOREIGN ANTITRUST INVESTIGATIONS
Case No. 07-5944 SC
MDL No. 1917