Guido Saveri (22349)
 *guido@saveri.com*
R. Alexander Saveri (173102)
 *rick@saveri.com*
Geoffrey C. Rushing (126910)
 *grushing@saveri.com*
Travis L. Manfredi (281779)
 *travis@saveri.com*
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the
Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | **DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |

I, R. ALEXANDER SAVERI, declare as follows:

1. I am a member in good standing of the State Bar of California and the managing partner at the law firm, Saveri & Saveri, Inc., Interim Lead Counsel for the Direct Purchaser Plaintiffs. I make this declaration, except where noted, of my own personal knowledge, and, if called upon to do so, I could and would testify competently to the facts contained herein.

2. I submit this Declaration in support of Plaintiffs' motion to file the following documents (or portions thereof) under seal pursuant to Civil Local Rules 7-11 and 79-5(d):

- Gray highlighted portions of the Reply Brief in Support of Direct Purchaser Plaintiffs' Motion for Class Certification with Respect to Mitsubishi that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential";

- Gray highlighted portions of the Reply Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential"; and

- Exhibits 150, 153, 155, 162, and 165–168 to the Reply Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification that contain quotations or information from documents that Defendants have designated "Confidential" or "Highly Confidential."

3. On June 18, 2008, the Court approved a "Stipulated Protective Order" ("Protective Order") in this matter.

4. Section 10 of the Protective Order requires that "a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5."

5. Plaintiffs seek to file the documents (or portions thereof) listed above in Paragraph 2 under seal pursuant to certain orders regarding the sealing of documents issued by this Court.

6. Except for Exhibits 150 and 162, discussed below, the documents (or portions thereof) that are identified in Paragraph 2 have been designated as confidential by the SDI Defendants, the Hitachi Defendants, Defendant Chunghwa Picture Tubes, Ltd., the Panasonic Defendants, the Philips Defendants, the Mitsubishi Defendants and the Toshiba Defendants.

7. Exhibits 150 to the Reply Declaration of R. Alexander Saveri in Support of Direct

1  Purchaser Plaintiffs' Motion for Class Certification have been designated as Highly Confidential
2  by class representative Meijer, Inc. and Meijer Distribution, Inc. ("Meijer). Upon information and
3  belief, Exhibit 150 consists of and identifies confidential, nonpublic, proprietary and highly
4  sensitive business information about Meijer's business practices, internal practices and competitive
5  positions. I am informed and believe that this is sensitive information and public disclosure of this
6  information presents a risk of undermining Meijer's business relationships, causing it harm with
7  respect to its competitors and customers, and putting Meijer at a competitive disadvantage.

8.  Exhibits 162 to the Reply Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification have been designated as Highly Confidential by class representative Princeton Display Technologies, Inc. ("Princeton"). Upon information and belief, Exhibit 162 consists of and identifies confidential, nonpublic, proprietary and highly sensitive business information about Princeton's business practices, internal practices and competitive positions. I am informed and believe that this is sensitive information and public disclosure of this information presents a risk of undermining Princeton's business relationships, causing it harm with respect to its competitors and customers, and putting Princeton at a competitive disadvantage.

9.  A stipulation by the parties could not be obtained because under Civil Local Rule 79-5, parties may not stipulate to the filing of any document under seal. See Civil L.R. 7-11(a), 79-5(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2015 in San Francisco, California.

                                               */s/ R. Alexander Saveri*
                                               R. Alexander Saveri