GUIDO SAVERI (22349)
  *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
  *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
  *grushing@saveri.com*
TRAVIS L. MANFREDI (281779)
  *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111-5619
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for*
*Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates To:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | **REPLY DECLARATION OF R. ALEXANDER SAVERI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITH RESPECT TO MITSUBISHI**<br><br>Date:     May 1, 2015<br>Time:    10:00 a.m.<br>Judge:   Honorable Samuel Conti<br>Ctrm:    1, 17th floor |

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

I, R. Alexander Saveri, declare:

1. I am the managing partner of Saveri & Saveri, Inc., which the Court has appointed to act as interim lead counsel on behalf of the Direct Purchaser Plaintiffs ("Plaintiffs" or "DPPs") in this action. I have been involved in almost every aspect of this case since its inception. I submit this declaration in support of the Reply Brief in Support of Direct Purchaser Plaintiffs' Motion for Class Certification with Respect to Mitsubishi. Except as otherwise noted, I make this declaration of my own personal knowledge, and if called upon to do so, could and would testify competently to the facts contained herein.

2. The primary purpose of this declaration is to present evidence supporting Plaintiffs' direct purchases of Cathode Ray Tubes ("CRTs"), CRT monitors and CRT televisions in the United States from any Defendant, conspirator or any subsidiary or affiliate thereof between March 1, 1995 and November 25, 2007 (the "Class Period").

### Plaintiff Crago, d/b/a Dash Computers, Inc. ("Crago")

3. Attached hereto as **Exhibit 141** are true and correct copies of Crago invoices for the purchases of CRT monitors from Hitachi America, Ltd. ("HAL"). These documents were produced in this litigation, bear Bates numbers CRAGO0000001, CRAGO0000002, CRAGO0000003, and were marked as part of Deposition Exhibit 2.

4. Attached hereto as **Exhibit 142** are true and correct copies of pages from the transcript of the deposition of David Allen, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for Crago, taken in this action on June 14, 2013.

5. Attached hereto as **Exhibit 143** is a true and correct copy of the Declaration of Tillie Lim in Support of the Hitachi Defendants' Evidentiary Proffer (Dkt No. 823), which was filed in this action and served upon me via the court's ECF system on December 7, 2010. Ms. Lim avers in paragraph 3 that HAL sold CRT monitors in the United States during the Class Period, including at the time of Crago's purchases.

6. Attached hereto as **Exhibit 144** is a true and correct copy of excerpts from Hitachi, Ltd.'s Form 20-F filed with the United States Securities and Exchange Commission for the year ended March 31, 2002, which was downloaded from the internet at my direction. This document

1
REPLY DECLARATION OF R. ALEXANDER SAVERI ISO DPPS' MOTION FOR CLASS CERTIFICATION WITH RESPECT TO MITSUBISHI —Case No. 07-CV-5944 SC

states that HAL is a wholly owned subsidiary of Hitachi, Ltd.

### **Plaintiff Arch Electronics, Inc. ("Arch")**

7. Attached hereto as **Exhibit 145** are true and correct copies of Arch invoices for the purchases of CRT televisions from Panasonic Consumer Electronics Company ("PCEC"). These documents were produced in this litigation, bear Bates numbers ARCH0000019, ARCH0000042, and were marked as Deposition Exhibits 1656 and 1658.

8. Attached hereto as **Exhibit 146** is a true and correct copy of pages from the transcript of the deposition of Steven R. Nusbaum, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for Arch, taken in this action on June 20, 2013.

9. Attached hereto as **Exhibit 147** is a true and correct copy of excerpts from Defendant Panasonic Corporation's Answer to the Direct Purchaser Plaintiffs' Consolidated Amended Complaint (Dkt. No. 684), which was filed in this action and served upon me via the court's ECF system on April 29, 2010. At paragraph 49, Panasonic Corporation states that PCEC is an unincorporated division of Panasonic Corporation of North America ("PNA"). At paragraph 48, Panasonic Corporation states that PNA is a wholly owned subsidiary of Panasonic Corporation. At paragraph 46, Panasonic Corporation—known as Matsushita Electric Industrial Co., Ltd. ("MEI") prior to October 1, 2008—states that MEI or its affiliates sold some products containing CRTs in the United States during the Class Period. At paragraph 48, Panasonic Corporation states that PNA sold CRT televisions in the United States during the Class Period.

10. Attached hereto as **Exhibit 148** is a true and correct copy of excerpts from Defendant Panasonic Corporation of North America's Answer to the Direct Purchaser Plaintiffs' Consolidated Amended Complaint (Dkt. No. 686), which was filed in this action and served upon me via the court's ECF system on April 29, 2010. At paragraph 49, PNA states that PCEC is an unincorporated division of PNA. At paragraph 48, PNA states that it is a wholly owned subsidiary of Panasonic Corporation. At paragraph 46, PNA states that MEI or its affiliates sold some products containing CRTs in the United States during the Class Period. At paragraph 48, PNA states that it sold CRT televisions in the United States during the Class Period.

11. Attached hereto as **Exhibit 149** is a true and correct copy of excerpts from Panasonic

1  Defendants' Objections and Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories,
2  which was served upon me on or about May 12, 2010. In response to Interrogatory Number 7,
3  Panasonic Corporation and PNA admit that Matsushita Electric Corporation of America ("MECA")
4  is now known as PNA.

**Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. ("Meijer")**

6   12.   Attached hereto as **Exhibit 150** is a true and correct copy of a summary from Meijer's records that lists, *inter alia*, purchases of CRT televisions from Toshiba America Consumer Products, Inc. ("TACPI") and Philips Consumer Electronics Company ("PhCEC"). This document was produced in this litigation, bears Bates numbers MEI CRT 0000001–72, and was marked as part of Deposition Exhibit 1956.

11   13.   Attached hereto as **Exhibit 151** are true and correct copies of pages from the transcript of the deposition of David Demartra, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for Meijer, taken in this action on August 9, 2013.

14   14.   Attached hereto as **Exhibit 152** is a true and correct copy of excerpts of Meijer, Inc.'s and Meijer Distribution, Inc.'s Responses to Defendant Samsung SDI Co., Ltd.'s First Set of Interrogatories, served by my office in this action on July 8, 2010.

17   15.   Attached hereto as **Exhibit 153** is a true and correct copy of excerpts from Toshiba Corporation's Objections and Responses to Direct Action Plaintiffs' First Set of Interrogatories, which was served on me on or about July 10, 2014 in this action and designated as confidential by Toshiba Corporation. ███████████████████████
█████████████████████████

22   16.   Attached hereto as **Exhibit 154** is a true and correct copy of the Rule 7.1 Corporate Disclosure Statement of Toshiba Corporation (Dkt. No. 280), which was filed in this action and served upon me via the court's ECF system on May 8, 2008. This document states that TACPL is a wholly owned subsidiary of Toshiba America, Inc. ("TAI") and that TAI is a wholly owned subsidiary of Toshiba Corporation.

27   17.   Attached hereto as **Exhibit 155** is a true and correct copy of excerpts from Toshiba Corporation's Objections and Responses to Direct Action Plaintiffs' First Set of Requests for

Admission, which was served on me on or about July 10, 2014 in this action and designated as confidential by Toshiba Corporation. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18.     Attached hereto as **Exhibit 156** is a true and correct copy of excerpts from Toshiba Corporation's 2002 Annual Report downloaded from Toshiba Corporation's website at my direction. This document states that TAI is 100% owned by Toshiba Corporation, including at the time of Meijer's purchases.

19.     Attached hereto as **Exhibit 157** is a true and correct copy of excerpts from Philips Electronics North America Corporation's Objections and Responses to Direct Action Plaintiffs' First Set of Interrogatories, which were served on me on or about July 10, 2014 in this action. In response to Interrogatory Number 3, Philips Electronics North America Corporation ("PENAC") states that PhCEC was a division of PENAC.

20.     Attached hereto as **Exhibit 158** is a true and correct copy of excerpts from Koninklijke Philips Electronics N.V. ("KPNV")'s Objections and Responses to Direct Action Plaintiffs' First Set of Interrogatories which were served on me on or about July 10, 2014 in this action. In response to Interrogatory Number 1, KPNV states that PENAC was—as of January 1, 1996—a wholly owned subsidiary of Philips Holding USA Inc. In response to Interrogatory Number 2, KPNV states that Philips Holding USA Inc. was a wholly owned subsidiary of KPNV from 1995 to 2009.

21.     Attached hereto as **Exhibit 159** is a true and correct copy of the excerpts from KPNV's Form 20-F filed with the United States Securities and Exchange Commission for the year ended December 31, 2000, which was downloaded from the internet at my direction. At Exhibit 8, it lists significant subsidiaries, including "Philips Electronics North America Corporation, Delaware, United States of America (100%)."

### Plaintiff Nathan Muchnick, Inc. ("Muchnick")

22.     Attached hereto as **Exhibit 160** is a true and correct copy of a Muchnick invoice for purchases of CRT televisions from PCEC. This document was produced in this litigation, bears

4
REPLY DECLARATION OF R. ALEXANDER SAVERI ISO DPPS' MOTION FOR CLASS CERTIFICATION
WITH RESPECT TO MITSUBISHI —Case No. 07-CV-5944 SC

Bates number NM00001, and was marked as Deposition Exhibit 1736.

23. Attached hereto as **Exhibit 161** are true and correct copy of pages from the transcript of the deposition of Eugene Muchnick who was designated as a Fed. R. Civ. P. 30(b)(6) witness for Muchnick, taken in this action on June 27, 2013.

**Plaintiff Princeton Display Technologies, Inc. ("Princeton")**

24. Attached hereto as **Exhibit 162** is a true and correct copy of a Princeton invoice showing purchases of CRTs from Samsung SDI Sdn (Malaysia) Bhd ("SDI Malaysia"). This document was produced in this litigation, bears Bates number PRINCETON 0000029, and was marked as part of Deposition Exhibit 1816.

25. Attached hereto as **Exhibit 163** are true and correct copies of pages from the transcript of the deposition of Suprasad Baidyaroy, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for Princeton, taken in this action on July 12, 2013.

26. Attached hereto as **Exhibit 164** is a true and correct copy of excerpts from Samsung SDI Co., Ltd. and Subsidiaries Consolidated Financial Statements for December 31, 2011 and 2010, downloaded from the Samsung SDI Co., Ltd. ("Samsung SDI") website at my direction. This document states that SDI Malaysia is a majority-owned subsidiary of Samsung SDI.

27. Attached hereto as **Exhibit 165** is a true and correct copy of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This document was produced in this litigation and designated confidential by Defendant Chunghwa Picture Tubes, Ltd. (CHU00028809–10). It and a certified translation (CHU00028809E–10E) were marked as Deposition Exhibits 688 and 688E and Deposition Exhibits 1325 and 1325E.

28. Attached hereto as **Exhibit 166** is a true and correct copy of pages from the transcript of the deposition of Sang Kyu Park taken in this action on March 20, 2013.

29. Attached hereto as **Exhibit 167** are true and correct copies of pages from the transcript of the deposition of Jing-Song Lu taken in this action on February 28, 2013.

30. Attached hereto as **Exhibit 168** is a true and correct copy of ▮▮▮▮▮▮▮

1  ████████████████████████████████████████████
2  ████████████████████████████████████████████
3  ██████████ This document was produced in this litigation and designated highly confidential by Samsung SDI (SDCRT-0086532–36). It and a certified translation (SDCRT-0086532E–36E) were marked as Deposition Exhibits 1505 and 1505E.

### Plaintiff Radio & TV Equipment, Inc. ("Radio & TV")

31. Attached hereto as **Exhibit 169** is a true and correct copy of a Radio & TV invoice for purchases of CRT televisions from HAL's Home Electronics Division ("HED"). This document was produced in this litigation and bears Bates number RADIO0002259.

32. Attached hereto as **Exhibit 170** is a true and correct copy of a Radio & TV invoice for purchases of CRT televisions from Hitachi Home Electronics (America) Inc. ("HHEA"). This document was produced in this litigation and bears Bates number RADIO0000904.

33. Attached hereto as **Exhibit 171** is a true and correct copy of the Declaration of Daryl Chambers in Support of the Hitachi Defendants' Evidentiary Proffer (Dkt. No. 824), which was filed in this action and served upon me via the co rt's ECF system on December 7, 2010. Mr. Robinson avers in paragraph 3 that the HAL-HED sold CPT televisions during the period April 1999 to 2005. Mr. Robinson avers in paragraph 6 that the HED served as a sales division of HAL.

34. Attached hereto as **Exhibit 172** is a true and correct copy of excerpts of Hitachi, Ltd.'s Annual Report 1999 for the year ending March 31, 1999, which was downloaded from Hitachi, Ltd.'s website at my direction. This document states that HHEA is a major consolidated subsidiary of Hitachi, Ltd.

35. Attached hereto as **Exhibit 173** is a true and correct copy of excerpts from Hitachi, Ltd.'s Form 20-F filed with the United States Securities and Exchange Commission for the year ended March 31, 2008, which was downloaded from the internet at my direction. This document states that HHEA is a wholly owned subsidiary of Hitachi, Ltd.

### Plaintiff Studio Spectrum, Inc. ("Studio Spectrum")

36. Attached hereto as **Exhibit 174** are true and correct copies of Studio Spectrum invoices for purchases of CRT televisions from Panasonic Broadcast & Television Systems

Company ("PBTS"). These documents were produced in this litigation, bear Bates numbers SS0000001, SS0000003, SS0000008, and were marked as part of Deposition Exhibit 1850.

37. Attached hereto as **Exhibit 175** are true and correct copies of pages from the transcript of the deposition of Kenneth Buckowski, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for Studio Spectrum, taken in this action on July 16, 2013.

38. Attached hereto as **Exhibit 176** is a true and correct copy of LexisNexis Corporate Affiliations Report for Panasonic Broadcast & Television Systems Company. This document states that PNA is PBTS's immediate parent and that Panasonic Corporation is its ultimate parent.

### Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's ("Wettstein")

39. Attached hereto as **Exhibit 177** is a true and correct copy of a Wettstein invoice for purchases of CRT televisions from PCEC. This document was produced in this litigation, bears Bates number WET0000029, and was marked as Deposition Exhibit 1809.

40. Attached hereto as **Exhibit 178** are true and correct copies of pages from the transcript of the deposition of Daniel J. Wettstein, who was designated as a Fed. R. Civ. P. 30(b)(6) witness for Wettstein, taken in this action on July 9, 2013.

### Other Exhibits

41. Attached hereto as **Exhibit 179** are true and correct copies of pages from the transcript of a hearing in this action that was held on March 20, 2012 that I attended.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 17, 2015 at San Francisco, California.

/s/ R. Alexander Saveri
R. Alexander Saveri