1  Christopher M. Curran (*pro hac vice*)
2  ccurran@whitecase.com
   Lucius B. Lau (*pro hac vice*)
3  alau@whitecase.com
4  Dana E. Foster (*pro hac vice*)
   defoster@whitecase.com
5  White & Case LLP
   701 Thirteenth Street, N.W.
6  Washington, DC  20005
7  Telephone:  (202) 626-3600
   Facsimile:  (202) 639-9355
8
9  *Counsel to Defendants Toshiba Corporation,*
   *Toshiba America, Inc., Toshiba America*
10 *Consumer Products, L.L.C., Toshiba America*
   *Electronic Components, Inc.*, *and Toshiba*
11 *America Information Systems, Inc.*
12

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

13              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
14                  (SAN FRANCISCO DIVISION)
15

16 | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-cv-05944 SC |
17 |  | MDL No. 1917 |
18 |  |  |
19 | This Document Relates to: | **DECLARATION OF DANA E. FOSTER IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
20 | *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.,* Case No. 14-CV-2058 (SC). |  |

23
24
25
26
27
28

I, Dana E. Foster, hereby declare as follows:

1. I am an attorney with the law firm of White & Case LLP, attorneys for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. (collectively, the "Toshiba Defendants"). I make this declaration in support of the Direct Purchaser Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d) (Dkt. No. 3819) (the "Motion to Seal").

2. Except for those matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

3. On June 18, 2008, the Court issued a Stipulated Protective Order (Dkt. No. 306) (the "Stipulated Protective Order").

4. The Toshiba Defendants have served in this action certain discovery responses designated as "Confidential" pursuant to the Stipulated Protective Order.

5. On April 17, 2015, the Direct Purchaser Plaintiffs filed the Motion to Seal, and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), the Reply Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for Class Certification with Respect to Mitsubishi (the "Saveri Reply Declaration") (Dkt. No. 3819-5) and exhibits thereto (Dkt. Nos. 3819-6 and 3819-7).

6. On April 17, 2015, the Direct Purchaser Plaintiffs filed the Declaration of R. Alexander Saveri in Support of the Motion to Seal (Dkt. No. 3819-1), which states that Exhibits 153 and 155 to the Saveri Reply Declaration contain quotations or information from documents that Defendants have designated "Confidential" under the Stipulated Protective Order.

7. Pursuant to Civil Local Rules 7-11 and 79-5, and the Stipulated Protective Order, the following materials should be maintained under seal:

a. Exhibit 153 to the Saveri Reply Declaration, which consists of excerpts from Toshiba Corp.'s Objections and Responses to Direct Action Plaintiffs' First Set of Interrogatories, dated July 10, 2014, that Toshiba Corp. has designated as "Confidential" under the Stipulated Protective Order;

b. Exhibit 155 to the Saveri Reply Declaration, which consists of excerpts from Toshiba Corp.'s Objections and Responses to Direct Action Plaintiffs' First Set of Requests for Admission, dated July 10, 2014, that Toshiba Corp. has designated as "Confidential" under the Stipulated Protective Order; and

c. The redacted portions of the Saveri Reply declaration that summarize Exhibits 153 and 155.

8. The materials listed in Paragraph 7 contain confidential, non-public, proprietary, and highly sensitive business information. The materials contain confidential, non-public information about the Toshiba Defendants' personnel decisions, business strategy, and competitive positions. They describe relationships with companies — including customers and vendors — that remain important to the Toshiba Defendants' competitive positions. Upon information and belief, publicly disclosing this sensitive information presents a risk of undermining the Toshiba Defendants' relationships, would cause harm with respect to the Toshiba Defendants' competitors and customers, and would put the Toshiba Defendants at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of April, 2015, in Washington, D.C.

_____
Dana E. Foster

**CERTIFICATE OF SERVICE**

On April 24, 2015, I caused a copy of "DECLARATION OF DANA E. FOSTER IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005