Eliot A. Adelson  (SBN 205284)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice)*
Barack S. Echols (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

Attorneys for Defendants,
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI AMERICA, LTD.,
HITACHI ASIA, LTD., AND
HITACHI ELECTRONIC DEVICES (USA), INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC <br><br> MDL No.  1917 <br><br> **HITACHI DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION IN RESPONSE TO THE COURT'S ORDER FILED FEBRUARY 9, 2015** <br><br> Judge:       Hon. Samuel Conti <br> Date:         None Set <br> Courtroom: 1, 17th Floor |
| This Document Relates To: <br><br> DIRECT PURCHASER ACTIONS; <br><br> *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 3:13-cv-01173-SC | |

Pursuant to Rule 53(f)(2) of the Federal Rules of Civil Procedure ("FRCP") and the Order Appointing Special Master for Discovery (ECF No. 2272), defendants Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, "Hitachi") respectfully object to the April 17, 2015 Special Master's Report and Recommendation in Response to the Court's Order Filed February 9, 2015 (ECF No. 3818) (the "Report").[1]  This objection relates to the Report's recommendation that the Court reverse itself and grant Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp") leave to file a motion for reconsideration requesting to opt out of the direct purchaser class ("DPP") settlement with Hitachi.

## I.   ARGUMENT

This Court has already twice rejected Sharp's belated attempts to opt out.  First, in an August 20, 2014 order (ECF No. 2746) ("August Order"), the Court denied Sharp's administrative motion to confirm its opt-out request or to enlarge the time to opt out.  Then, in a September 8, 2014 order (ECF No. 2814) ("September Order" and, with the August Order, the "Prior Orders"), the Court denied Sharp's motion for leave to file a motion for reconsideration of the August Order.  The Report, nevertheless, recommends that the Court now grant leave to Sharp to seek reconsideration of the Prior Orders.

Hitachi objects to the following in the Report:

(1) "The settlements of the class claims against all but one defendant also present a changed circumstance that the court may wish to consider," Report at 4:16-17;

(2) "This changed and practical consideration warrants the court's reconsideration of enlarging the time for Sharp to opt out of the direct purchaser class settlement," Report at 5:8-10;

(3) "[T]he fact of these settlements could not reasonably have been anticipated by Sharp when it sought enlargement of time or reconsideration, much less could Sharp have predicted the timing of any such possibility," Report at 5:14-16; and,

(4) The Report's ultimate recommendation that "[t]he court grant leave to the Sharp entities to seek reconsideration of the prior orders denying enlargement of time for the Sharp entities to opt out of the direct purchaser class settlement and reconsideration of that decision," Report at 6:8-11.

---

[1] Under the FRCP, this Court decides *de novo* all objections to conclusions of law or findings of fact made or recommended by a master.  Fed. R. Civ. P. 53(f)(3)-(4).

As detailed in the September Order, there are only three permissible grounds for granting leave to file a motion for reconsideration. Northern District of California Civil Local Rule 7-9 ("Local Rule 7-9"). This Court found that none of those grounds existed then, and none exists now.

Because the Report does not identify new material facts or a change of law (or Court error) that would warrant a *second* motion by Sharp for leave to seek reconsideration, Hitachi respectfully requests that this Court not adopt that recommendation in the Report.

### A.  Sharp's Threats of Appeal Provide No Basis for Granting Leave to Seek the "Extraordinary Remedy" of Reconsideration

There is no basis to grant leave to Sharp to seek reconsideration of the Prior Orders. "'A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Zepeda v. PayPal, Inc.*, No. C 10-1668 SBA, 2012 WL 6553995, at *1 (N.D. Cal. Dec. 14, 2012) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The Local Rules therefore require that a party first move for leave to file a motion for reconsideration and, in that motion, show:

> (1) That at the time of the motion for leave, *a material difference in fact or law exists from that which was presented to the Court* before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The *emergence of new material facts or a change of law occurring after* the time of such order; or
>
> (3) A *manifest failure by the Court to consider material facts or dispositive legal arguments* which were presented to the Court before such interlocutory order.

Local Rule 7-9(b) (emphases added).

Under Local Rule 7-9(b), "new material facts" exist only if they "give rise to any potential relief" with respect to the reconsideration sought. *Dennis v. Chappell*, No. 5:98-cv-21027-JF, 2014 WL 710102, at *3 (N.D. Cal. Feb. 24, 2014). A fact that existed at the time of the order sought to be reconsidered is not "new." *Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 677 (9th Cir. 2014). And, a fact is not "material" if it does not affect the "ultimate question" decided in the order for which reconsideration is sought. *Jones v. Life Ins. Co. of N. Am.*, No. 08-cv-03971-

RMW, 2015 WL 1433998, at *2 (N.D. Cal. Mar. 30, 2015). Where "the facts that [a movant] presents would not alter the Court's ruling on [the order sought to be reconsidered]," this Court has denied leave to seek reconsideration. *Gonda v. Permanente Med. Grp., Inc.*, No. 13-cv-01063-SC, 2015 WL 628185, at *2 (N.D. Cal. Feb. 12, 2015) (Conti, J.).

The Report does not provide a basis to grant leave to file a motion for reconsideration. Instead, it says that there are "changed circumstances." Report at 5:4. The Report says that "[a]t the time Sharp sought reconsideration in September 2014, . . . the possibility that settlements would be reached in all or virtually all the class actions in this docket would have been entirely speculative." *Id.* at 5:17-19. And, the Report says, "Sharp's appeal of the approval of the [DPP] settlement would delay resolution of the class' claims and increase the expense of prosecuting those claims." *Id.* Yet neither of these is a "new" or "material" fact. Neither addresses, let alone changes, the undisputed facts that led to this Court's two prior orders denying Sharp's late opt-out request.

***First***, at the time of the Prior Orders, Chunghwa, Philips, Panasonic, LG, Toshiba, Samsung SDI, and Hitachi all already had settled, or settled in principle, with the DPPs. (ECF Nos. 1414, 1413, 1509, 1622, 1792, 2430, 2246). Only defendants Thomson and Mitsubishi remained.[2] In the eight months since the August Order, the only change in the DPP case is that Thomson has settled. Mitsubishi, on the other hand, continues to litigate its case against the DPPs. Thus, there was much more than a "possibility" of "all or virtually all" DPP settlements at the time of the Prior Orders, and more settlements should have been expected, not "speculative."

***Second***, Thomson's settlement is not material to whether Sharp failed to meet the opt-out deadline. A motion for reconsideration can be granted only if new, ***material*** facts occur. A material fact is one that could impact the "ultimate question" decided in the August Order. *See Jones*, 2015 WL 1433998, at *2. In the August Order, the Court denied Sharp's request to enlarge the opt-out period because two of the four *Pioneer* factors "weigh strongly against a finding of excusable neglect." August Order at 6:27-28 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Those two factors were, "[f]irst, and most importantly, Sharp has offered

---

[2] Although the Report references "class actions," Report at 5:13, Sharp's request does not impact the indirect purchaser cases, the other DAP actions, or settlements of those matters in any way.

1   no explanation as to why it missed the applicable opt-out deadline . . ." and, second, the length of
2   Sharp's delay. *Id.* at 6:28-7:24.  Neither of these factors is impacted by Thomson's subsequent DPP
3   settlement.

4       ***Third***, whether Sharp will appeal the Prior Orders is irrelevant to whether Sharp should be
5   permitted to request reconsideration again.  As the Report correctly acknowledges, "a party's
6   intention to appeal an adverse ruling affords no ground for reconsideration of that ruling." Report at
7   5:3-4.  Sharp's intent to appeal does not change the material facts underlying this Court's Prior
8   Orders: Sharp's lack of explanation for its failure to timely opt out and its length of delay. Sharp
9   should not be rewarded for its threats to appeal this Court's amply supported Prior Orders.

10
    **B.    Even If the Court Grants Leave to File a Motion for Reconsideration, That Motion Must Fail Once Again Because Nothing Has Changed**
11

12       "Even when leave to file is granted, motions for reconsideration serve a 'very limited
13   purpose' and are appropriate 'only to correct manifest errors of law or fact or to present newly
14   discovered evidence.'" *Johnson v. United States*, No. 13-cv-02405-JD, 2014 WL 2750275, at *1
15   (N.D. Cal. June 11, 2014) (quoting *Fed. Deposit Ins. Corp. v. Jackson–Shaw Partners*, No. 46, Ltd.,
16   850 F. Supp. 839, 845 (N.D. Cal. 1994)).  "To prevail upon a motion to reconsider, a party must set
17   forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision."
18   *Gonda*, 2015 WL 628185, at *1 (internal quotation marks and citation omitted).  "Reconsideration of
19   a court's prior ruling is an 'extraordinary remedy, to be used sparingly.'" *Pac. Coast Fed'n of*
20   *Fishermen's Ass'n v. Locke*, C 10-04790 CRB, 2011 WL 289927, at *1 (N.D. Cal. Jan. 27, 2011)
21   (quoting *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

22       Moreover, Local Rule 7-9(c) prohibits repetition of arguments made by the moving party in
23   support of, or in opposition to, the order for which reconsideration is sought.  Local Rule 7-9(c); *see*
24   *also Edgerly v. City & Cnty. of San Francisco*, No. C 03-02169 WHA, 2005 WL 106790, at *2
25   (N.D. Cal. Jan. 13, 2005) (denying plaintiff's motion for reconsideration that "merely rehashes
26   arguments made in plaintiff's opposition to defendant Schiff's original motion for attorney's fees,"
27   in violation of Local Rule 7-9(c)); *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*,
28   No. C 12-05523 WHA, 2012 WL 6697695, at *5 (N.D. Cal. Dec. 24, 2012) (denying motion for

1  reconsideration where "new" facts and arguments failed to satisfy any of the Local Rule 7-9(b)
2  requirements and concluding motion was "little more than a try for a second bite at the apple and an
3  attempt to lard the record for appeal."). This Court already rejected Sharp's second bite: "Sharp now
4  seeks the proverbial second bite at the apple in an effort to remedy this error, but that is not the
5  purpose of the reconsideration process." September Order at 18:25-27. That principle should apply
6  with even greater force now—Sharp is not entitled to a *third* bite at the apple.

## CONCLUSION

Nothing has changed since this Court's Prior Orders. There are no new material facts and there has been no change in the law. For these reasons, Hitachi objects to the Report's suggestion that "changed circumstances"—*i.e.*, Thomson's settlement and Sharp's intent to appeal—support its recommendation that this Court grant leave for Sharp to seek reconsideration of the Court's Prior Orders. Hitachi respectfully requests that the Court decline to adopt that recommendation.

DATED: April 24, 2015                    Respectfully submitted,

**KIRKLAND & ELLIS LLP**

*/s/ Eliot A. Adelson*

Eliot A. Adelson (SBN 205284)
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Barack S. Echols (*pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirkland.com

Attorneys for Defendants
HITACHI, LTD., HITACHI DISPLAYS, LTD.
(n/k/a JAPAN DISPLAY INC.), HITACHI
AMERICA, LTD., HITACHI ASIA, LTD., AND
HITACHI ELECTRONIC DEVICES (USA), INC.