Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Telephone:  (415) 871-2888
Facsimile:  (415) 871-2890
Email:  vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>Direct Purchaser Plaintiffs v Mitsubishi | **MDL NO 1917**<br><br>**MASTER CASE NO 3:07-CV-05944SC**<br><br>**ORDER RE DIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM MITSUBISHI** |
|---|---|

ORDER RE DPPs' MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES                    Page **1** of **7**

Direct Purchaser Plaintiffs ("DPPs") move to compel the Mitsubishi Defendants[1] (collectively, "Mitsubishi") to supplement their discovery responses. In particular, DPPs seek an order requiring Mitsubishi to (1) serve original Exhibits A and B to its supplemental interrogatory responses, (2) serve complete and verified supplemental responses to Interrogatory No 12, including new information and sales figures, as promised, (3) make deponents Messrs Koji Murata and Masahiko Konishi available for further examination in San Francisco after the verified supplemental responses are served by all three Mitsubishi Defendants, and (4) reopen any deposition of a Mitsubishi employee for which there is new information.

In a nutshell, the DPPs' complaint is that the Mitsubishi Defendants failed to provide promised supplementation of certain deficient interrogatory responses, repeatedly delayed compliance with their discovery obligations, which undermined the DPPs' ability to examine two Mitsubishi employees (Messrs Murata and Konishi) during their depositions and has failed to provide original, verified Exhibits A and B that were referred to in supplemental discovery responses but were inadvertently not produced.

The DPPs' Interrogatory No 12 seeks information about Mitsubishi's total sales of CRTs and CRT Products. According to the DPPs, Mitsubishi provided supplemental responses that were incomplete, late and provided no meaningful information, e g that Mitsubishi was "aware of meetings and or communications referred to in Exhibit B" (which was not attached) and that it had not completed its investigation of facts responsive to this interrogatory. Mitsubishi's supplemental responses to Interrogatories Nos 10 and 11 refer to an "Exhibit A" which was also not provided. Counsel for the DPPs promptly notified Mitsubishi's counsel about the deficiencies and received a response during the second day of Mr Konishi's deposition that they were "looking into this."

---

[1] Mitsubishi Electric Corporation ("MELCO"), Mitsubishi Electric US, Inc ("MEUS") and Mitsubishi Electric Visual Solutions America, Inc ("MEVSA").

After some time, Mitsubishi served updated Exhibits A and B but not the original Exhibits A and B. To date, only MELCO has served supplemental interrogatory responses, but MEUS and MEVSA have not.

Remarkable in their brevity, the Mitsubishi Defendants' two letter responses do not address the substantive issues raised in the motion. The Mitsubishi Defendants' first letter asserts that since they agreed to supplement interrogatory responses from Mitsubishi Electric by a date certain and MEUS and MEVSA have no supplemental information to provide, "the parties' agreement has left the Special Master with no issue to resolve, at least for now." 1/9/15 Fuentes Letter.

The DPPs reply that they never agreed to withdraw their motion to compel, that MELCO's service of supplemental responses does not moot the motion and that the DPPs' willingness to extend Mitsubishi's response deadline did not constitute an agreement to withdraw their motion. 1/16/15 Saveri Letter at 1.

Mitsubishi's sur-reply asserts that because a 12/29/14 email from G Fuentes to R Saveri confirmed that counsel for the DPPs had agreed to "defer a discussion of 're-opening' the depositions of Konishi and Murata," Mitsubishi did not address the issue "out of respect for the need for the parties to attempt to resolve discovery disputes amicably before presenting them to the Special Master." 1/20/15 Fuentes Letter Brief at 1. Accordingly, Mitsubishi Electric requested an opportunity to be heard further on the subject of the DPP's motion to compel further depositions before the Special Master issues a recommendation on that subject.

Having reviewed the parties' submissions, including over 500 pages of documents in support of the letter briefs, the undersigned finds that: (1) the 12/29/14 Fuentes email does not reflect any agreement to moot the DPPs' motion to compel, but merely an agreement to defer discussion of deposing Messrs Konishi and Murata until after the Mitsubishi Defendants properly supplement their discovery responses; (2) it appears that Mitsubishi has repeatedly delayed responding to valid discovery requests,

effectively withholding relevant discovery responses and preventing DPPs' counsel from examining Mitsubishi's witnesses on relevant documents, such as fully responsive discovery responses and Exhibits A and B; (3) only after the DPP-noticed deposition of Mr Koji Murata and on the first day of the deposition of Mr Masahiko Konishi, did one Mitsubishi Defendant, MELCO, email its supplemental discovery response; (4) but this supplemental response provided no meaningful information, referring to meetings and communications listed in a non-existent Exhibit B and other information contained in a non-existent Exhibit A and (5) the DPPs had to take the depositions of Messrs Konishi and Murata without the benefit of full discovery responses and key documents.

**Mitsubishi's Supplemental Responses to DPPs' Interrogatory No 12**

Having reviewed Mitsubishi's responses, it appears to the undersigned that Mitsubishi has not provided adequate responses to the DPPs' Interrogatory No 12, which requests relevant information:

> Interrogatory No 12: Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present. For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

Mitsubishi Electric's original response essentially provided no information, stating that it had not completed its investigation of facts and will identify responsive information or documents responsive to this interrogatory, if any, "as soon as reasonably practicable." 10/6/14 Mitsubishi Electric's Response to Direct Purchaser Plaintiffs' First Set of Interrogatories at 7-8 (citing to Mitsubishi Electric's 6/25/14 Response to DAPs' First Set of Interrogatories, at 6-7); see also 10/6/14 MEUS' Response to DPPs' First Set of Interrogatories at 7-8; 10/6/14 MEVSA's Response at 7-8.

On 12/10/14, Mitsubishi Electric served its Supplemental Response to DPPs' First Set of Interrogatories, and provided no substantive information on No 12, other than

to say it "will identify information or documents responsive to this Interrogatory, if any, as soon as reasonably practicable." 12/10/14 Mitsubishi Electric's Suppl Response at 13. This 12/10/14 Supplemental Response referred to Exhibits A and B, which were not attached and never produced.

On 1/16/15, MELCO served its Supplemental Response to DPPs' First Set of Interrogatories, but MELCO's response to Interrogatory No 12 is very brief, a three-line response citing to certain documents and an expert report. This Supplemental Response did include updated Exhibits A and B but not the original versions cited in the earlier supplemental response. The DPPs complain that this response fails to provide new information, much less sales figures as Mitsubishi's counsel had agreed to provide.

The undersigned finds the Mitsubishi Defendants' supplemental responses deficient and orders that all three Mitsubishi Defendants provide thorough and complete responses to Interrogatory No 12, including new information and sales figures as well as original Exhibits A and B in existence on 12/10/14 in verified supplemental responses served no later than 14 days from the date of this order. Mitsubishi's counsel has asserted that Mitsubishi Electric US, Inc (MEUS) and MEVSA "do not anticipate supplementing as they have no supplemental information to provide." Fuentes 1/9/15 letter at 1. If indeed MEUS and MEVSA have no supplemental information to provide, a verified supplemental response should be served. If the Mitsubishi Defendants require additional time to prepare their supplemental responses, they are invited to submit a letter brief to the undersigned.

**Further depositions of Messrs Konishi and Murata after supplemental responses**

Mitsubishi asserted that since the parties had agreed that "DPPs will defer for now the request in the Motion to re-open certain depositions, with the parties to conduct an appropriate meet-and-confer on that issue on a later date as may be necessary," the parties' agreement leaves no issue resolve, at least for now. Fuentes 1/9/15 letter at 1-2.

The DPPs' Reply asserts that there was no such agreement to defer or withdraw its motion to compel Mitsubishi to make its witnesses available for depositions on the newly provided information.

In Mitsubishi's 1/20/15 sur-reply, Mitsubishi's counsel cites to a December 29, 2014 email from G Fuentes to R Saveri stating: "Thank you for confirming that you will defer a discussion of 're-opening' the depositions of Konishi and Murata." Fuentes 1/20/15 letter at 1.

Rather than addressing the substantive reasons why Mitsubishi opposes the DPPs' motion, Mitsubishi requests "an opportunity to be heard further on the subject of the request to 're-open' these two depositions, before the Special Master issues a recommendation on that subject." 1/20/15 Fuentes letter at 2.

As discussed above, the undersigned does not see any persuasive evidence of an agreement by the DPPs to withdraw its motion to compel the further depositions of Mitsubishi's employees, Messrs Konishi and Murata. Moreover, in light of the findings regarding undue delay in responding adequately to valid discovery, the undersigned is inclined to grant the DPPs' motion to compel further depositions of Messrs Konishi and Murata at the undersigned's offices in San Francisco promptly after the Mitsubishi Defendants serve their supplemental discovery responses.

Mitsubishi had several opportunities to file a substantive opposition to the instant motion but failed to do so, choosing instead to provide two two-page letters essentially stating that no issues need to be resolved and requesting an "opportunity to be heard further" on the DPPs motion to compel further depositions of Messrs Konishi and Murata. The Mitsubishi Defendants may file a supplemental letter brief addressing why they should not be required to make Messrs Konishi and Murata available for further depositions in San Francisco under the supervision of the undersigned. The letter brief is due no later than 14 days from the date of this order.

Accordingly, the DPPs' motion to compel is **GRANTED IN PART**. The Mitsubishi Defendants, including MEVSA and MEUS, are **ORDERED** to produce and serve original Exhibits A and B and complete substantive responses to Interrogatory No 12, including new information and sales figures, no later than 14 days from the date of this order. These supplemental responses must be verified as of the date of service. With respect to making Messrs Konishi and Murata available for deposition in San Francisco, the Mitsubishi Defendants are **GRANTED** the opportunity to address that issue and may serve and submit to the undersigned a supplemental letter brief no later than 14 days from the date of this order. Within 7 days after Mitsubishi's supplemental responses and supplemental brief, the DPPs may submit to the undersigned a reply letter brief.

IT IS SO ORDERED.

Date: April 28, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: April ___, 2015



_____
Honorable Samuel Conti
United States District Judge