Mark C. Dosker (State Bar # 114789)
Nathan Lane III (State Bar # 50961)
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111
Telephone: +1 415 954 0200
Facsimile: +1 415 393 9887
Email: mark.dosker@squirepb.com
nathan.lane@squirepb.com

Attorneys for Defendant
Technologies Displays Americas LLC with respect to all cases
except *Office Depot, Inc. v. Technicolor SA, et al.* and *Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*
(*additional counsel on signature page*)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-CV-5944-SC<br>MDL No. 1917 |
| This Document Relates to<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-005723;<br><br>*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;<br><br>*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;<br><br>*Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*, No. 13-cv-05262;<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;<br><br>*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261. | **DEFENDANT TECHNOLOGIES DISPLAYS AMERICAS LLC'S OBJECTION TO THE SPECIAL MASTER'S APRIL 17, 2015 REPORT AND RECOMMENDATION IN RESPONSE TO THE COURT'S ORDER FILED FEBRUARY 9, 2015**<br><br>Judge:      Hon. Samuel Conti<br>Date:       None Set<br>Courtroom: 1, 17th Floor |

TDA's Objection To The Special Master's April 17, 2015 Report And Recommendation -
Master Case No. 07-CV-5944-SC

Pursuant to Rule 53(f)(2) of the Federal Rules of Civil Procedure ("FRCP") and the Order Appointing Special Master for Discovery [ECF No. 2272], defendant Technologies Displays Americas LLC ("TDA") respectfully objects in part to the April 17, 2015 Special Master's Report and Recommendation in Response to the Court's Order filed on February 9, 2015 [ECF No. 3818] (the "Report").[1] TDA objects only to the Report's recommendation that this Court defer hearing and deciding all pending motions for summary judgment until after final approval or disapproval of class action settlement approval motions, and we object to that recommendation only to the extent that it recommends deferring hearing and deciding TDA's separate, fully briefed motion for summary judgment [ECF No. 2984].

TDA was formed in mid-2005 and acquired a portion of the Thomson CRT business in the fall of 2005. TDA stopped manufacturing CRTs in approximately May 2007, and ended its CRT sales in the spring of 2008. Since that time, TDA's business has been collecting used television and computer monitor glass for recycling. TDA has one employee and one business location, in Calexico, California. TDA was not aware of the CRT antitrust litigation, had not been named a party in any such litigation, had not received discovery requests in connection with such litigation, and had not received any information requests from any United States government agency prior to being served with the complaint in *Sharp Electronics Corp. v. Hitachi, Ltd.*, Case No. 13-CV-01173, in March 2013. Subsequently, numerous other plaintiffs filed similar lawsuits which included TDA.

TDA moved for summary judgment on November 7, 2014, on the basis that there is no evidence that TDA participated in the alleged CRT conspiracy.[2] As detailed in TDA's motion [ECF No. 2984] and reply brief [ECF No. 3430], plaintiffs have asserted a variety of meetings and other communications, primarily in the years prior to TDA's existence, but plaintiffs have not identified a single meeting or other allegedly improper communication involving any TDA employee. In fact, plaintiffs' voluminous "Supplemental Exhibit A to Various Direct Action Plaintiffs' Interrogatory Responses" listed thousands of alleged meetings and other

---

[1] This Court decides *de novo* all objections to conclusions of law or findings of fact made or recommended by a master. FRCP 53(f)(3)-(4).

[2] TDA originally moved to dismiss on the ground that the complaint failed to allege actionable conduct by TDA. That motion was denied on March 13, 2014 [ECF No. 2438].

communications among various defendants, but identified no statement or agreement by any TDA employee and did not even have a column for TDA in the list of alleged conspiratorial communications. Thus, notwithstanding the lack of any evidence whatsoever that TDA engaged in the alleged CRT conspiracy, tiny TDA remains a defendant in multiple cases.

TDA's motion for summary judgment has been fully briefed and is ready for decision. TDA's separate motion applies only to TDA and is based upon the particular facts relevant to it – the total absence of evidence of TDA involvement in the alleged unlawful activities – and does not affect any other motion.[3] Nor are there any changed circumstances relevant to TDA's motion for summary judgment. TDA is not a party in any of the indirect purchaser actions. TDA is included within the direct purchaser plaintiff/Thomson settlement, the motion for approval of which was filed on February 13, 2015. [ECF No. 3562] The June 1, 2015 deadline for class action settlement motions is thus not relevant to TDA.

TDA's separate motion for summary judgment does not raise any issues that affect the claims of other defendants in this litigation, nor will determination of TDA's motion have a material effect on recoveries or exposures of others in this litigation. Nor is the law applicable to TDA's motion in flux. Because there is no evidence that TDA participated in the alleged conspiracy, TDA is entitled to summary judgment in all of these cases.

That most class action allegations have now been settled is not a new and material circumstance with respect to TDA. TDA is a defendant in only one class action – the DPP *Crago* lawsuit, and that matter has been settled between the DPPs and the Thomson entities, with TDA included in that settlement. Nor is Sharp's status regarding the Hitachi/Samsung DPP settlement relevant to TDA's pending motion. TDA's motion is based upon the lack of evidence. If it is granted, judgment will be entered in favor of TDA in all of the remaining cases, and it will not matter whether Sharp is an opt-out plaintiff or not.[4] The reasons for the Special Master's recommendation simply do not apply to TDA.

---

[3] TDA also joined in a number of other motions for summary judgment filed by other defendants pertaining to particular issues, but this objection does not apply to those motions.

[4] The DPP claims against TDA will be dismissed in conjunction with the DPP/Thomson settlement which includes TDA. Target Corporation's claims against TDA have been dismissed. [ECF No. 3798].

TDA's Objection To The Special Master's April 17, 2015 Report And Recommendation –
Master Case No. 07-CV-5994-SC         - 2-

Delaying a ruling on TDA's motion for summary judgment until after final approval or disapproval of all of the class action settlement motions could extend the time during which TDA must remain a party in ten lawsuits by many months, if not years. Unlike the other parties in these lawsuits, TDA is a tiny 1-employee glass collection company with no manufacturing operations of any kind. There is simply no reason to delay ruling on TDA's separate motion and to keep TDA in this litigation. The Court should therefore decline to approve, with respect to TDA only, recommendation number 2 in the Report, which provides: "2. The court defer hearing and deciding any pending motions for summary judgment by defendants until after final approval or disapproval of the motions to approve class action settlements for which preliminary approval was sought on or prior to June 1, 2015."

RESPECTFULLY SUBMITTED this 30th day of April, 2015.

SQUIRE PATTON BOGGS (US) LLP

*/s/ Donald A. Wall*
Mark Dosker
Nathan Lane, III
275 Battery Street, Suite 2600
San Francisco, CA  94111
Telephone: 415.954.0200
Facsimile: 415.393.9887
Email: mark.dosker@squirepb.com
nathan.lane@squirepb.com

Donald A. Wall (*Pro Hac Vice*)
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: + 1 602 528 4000
Facsimile: +1 602 253 8129
Email: donald.wall@squirepb.com

Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except *Office Depot, Inc. v. Technicolor SA, et al.* and *Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

| | |
|---|---|
| 1 | CURTIS, MALLET-PREVOST, COLT & MOSLE LLP |
| 2 | */s/* Jeffrey I. Zuckerman |
| 3 | Jeffrey I. Zuckerman (*Pro Hac Vice*) Ellen Tobin (*Pro Hac Vice*) |
| 4 | 101 Park Avenue New York, New York 10178 |
| 5 | Telephone: 212.696.6000 Facsimile: 212.697.1559 |
| 6 | Email: jzuckerman@curtis.com etobin@curtis.com |
| 7 | Arthur Gaus (SBN 289560) |
| 8 | DILLINGHAM & MURPHY, LLP 601 California Street, Suite 1900 |
| 9 | San Francisco, California 94108 Telephone: 415.397.2700 |
| 10 | Facsimile: 415.397-3300 Email: asg@dillinghammurphy.com |
| 11 | |
| 12 | Attorneys for Defendant Technologies Displays Americas LLC with respect to *Office Depot, Inc. v.* |
| 13 | *Technicolor SA, et al.* and *Sears, Roebuck and Co., et al. v. Technicolor SA, et al.* |

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

TDA's Objection To The Special Master's April 17, 2015 Report And Recommendation – Master Case No. 07-CV-5994-SC                    - 4-

## DECLARATION OF SERVICE

The undersigned certifies and declares as follows:

I am employed in the County of Maricopa, State of Arizona; I am over the age of eighteen years and am not a party to this action; my business address is 1 East Washington Street, Suite 2700, Phoenix, Arizona 85004, in said County and State. On the date below, I served:

**DEFENDANT TECHNOLOGIES DISPLAYS AMERICAS LLC'S OBJECTION TO THE SPECIAL MASTER'S APRIL 17, 2015 REPORT AND RECOMMENDATION IN RESPONSE TO THE COURT'S ORDER FILED FEBRUARY 9, 2015**

to all named counsel of record as follows:

☒ BY ECF (ELECTRONIC CASE FILING): I e-filed the above-detailed document(s) utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on April 30, 2015. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

I certify and declare under penalty of perjury that the foregoing is true and correct.

Executed on April 30, 2015, at Phoenix, Arizona.

/s/ *Sara Ramirez*

---

TDA's Objection To The Special Master's April 17, 2015 Report And Recommendation –
Master Case No. 07-CV-5994-SC              - 5-