Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Tel: (415) 563-7200
Fax: (415) 346-0679
malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

[Additional stipulating parties on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
|---|---|
| This Document Relates to: *The Indirect Purchaser Action* | **THE SAMSUNG SDI DEFENDANTS AND INDIRECT PURCHASER PLAINTIFFS' STIPULATION AND [PROPOSED] ORDER WITHDRAWING PENDING MOTIONS** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd. (collectively, the "Samsung SDI Defendants") and the Indirect Purchaser Plaintiffs (the "IPPs") have conferred by and through their counsel and, subject to the Court's approval, HEREBY STIPULATE AS FOLLOWS:

WHEREAS, at the time of this stipulation, the Samsung SDI Defendants have certain summary judgment motions and motions *in limine* pending against the IPPs;

WHEREAS, at the time of this stipulation, the IPPs have certain motions *in limine* and motions to compel pending against the Samsung SDI Defendants;

WHEREAS, the parties have executed a settlement agreement that would release the IPPs' claims against the Samsung SDI Defendants (the "Settlement Agreement");

WHEREAS, the Settlement Agreement is subject to the approval of the Court and will become final and conclusive only when the Court has entered a final order approving the Settlement Agreement under Federal Rule of Civil Procedure 23(e), a final judgment is entered dismissing the underlying action with prejudice as it relates to IPPs' claims against the Samsung SDI Defendants, and all relevant appeals have been exhausted;

WHEREAS, in light of the Settlement Agreement, the Samsung SDI Defendants seek to withdraw all pending motions solely as they pertain to the IPPs, subject to reinstatement in the event that the Settlement Agreement does not become final and conclusive;

WHEREAS, in light of the Settlement Agreement, the IPPs seek to withdraw all pending motions solely as they pertain to the Samsung SDI Defendants, subject to reinstatement in the event that the Settlement Agreement does not become final and conclusive;

THE SAMSUNG SDI DEFENDANTS AND INDIRECT PURCHASER PLAINTIFFS'
STIPULATION AND [PROPOSED] ORDER WITHDRAWING PENDING MOTIONS
Case No. 07-5944 SC
MDL No. 1917

WHEREAS, the Samsung SDI Defendants and the IPPs do not seek to withdraw any motions to the extent that they pertain to any other plaintiff or any other defendant;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between counsel as follows:

1.  SDI withdraws the following motion with respect to the IPPs:

    a.  SDI Defendants' Motion *In Limine* To Prohibit Plaintiffs From Conflating SDI With Non-Parties, Including But Not Limited To, Samsung Electronics Co., Ltd. [SDI's MIL No. 1] (ECF No. 3561).

2.  The Samsung SDI Defendants withdraw their joinders to the following joint motions with respect to the IPPs:

    a.  Defendants' Motion for Partial Summary Judgment as to Indirect Purchaser Plaintiffs' and Certain Direct Action Plaintiffs' State Law Claims on Statute of Limitations Grounds (ECF No. 2978);

    b.  Defendants' Motion for Partial Summary Judgment on Plaintiffs' Indirect Purchaser Claims Based on Foreign Sales (ECF No. 3006);

    c.  Defendants' Joint Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA (ECF No. 3008);

    d.  Defendants' Joint Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws (ECF No. 3050);

e.   Defendants' Joint Motion *in Limine* No. 1: Motion for Pretrial Proffer and Ruling on Admissibility of Alleged Co-Conspirator Statements Under Fed. R. E. 801(d)(2)(E) (ECF No. 3559);

f.   Defendants' Motion *in Limine* #3: To Exclude All Evidence and Reference at Trial to the U.S. Department of Justice's Criminal Investigations of the Cathode Ray Tube Industry (ECF No. 3556);

g.   Defendants' Motion *in Limine* No. 2 to Exclude Evidence or Testimony Pertaining to Foreign Antitrust Investigations (ECF. No. 3583);

h.   Defendants' Motion in Limine #4: To Exclude LCD And Other Non-CRT Product Conspiracies (ECF No. 3572);

i.   Defendants' Motion *in Limine* #5: To Exclude Plea By Samsung SDI Company, Ltd. as to Non-Pleading Defendants or, Alternatively, to Provide a Limiting Instruction (ECF No. 3589).

j.   Defendants' Joint Motion *in Limine* to Exclude Improper Characterizations of or Reference to Defendants and Alleged Co-Conspirators [Defendants' MIL No. 6] (ECF No. 3571);

k.   Defendants' Motion *in Limine* #8: To Exclude Evidence and Argument Relating to Damages from "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices (ECF No. 3563-3);

l.   Defendants' Motion *in Limine* #11: To Exclude References to Documents or Behavior Not in Evidence (ECF No. 3557);

m.   Defendants' Motion *in Limine* #12: To Exclude Plaintiffs' "Price Ladder" Theory of Recovery (ECF No. 3568); and

n.  Defendants' Joint Motion *in Limine* No. 13 to Allow Full Defense Examination of Common Witnesses During Plaintiffs' Case-in-Chief and Limit Use of Deposition Testimony (ECF No. 3579).

3.  The IPPs withdraw the following motions with respect to the Samsung SDI Defendants:

a.  IPPs' Motion *in Limine* No. 1: To Preclude Reference to Duplicative Recovery (ECF No. 3537).

b.  IPPs' Motion *in Limine* No. 2: To Preclude Reference to Treble Damages, Fees, and Costs (ECF No. 3538).

c.  IPPs' Motion *in Limine* No. 4: To Preclude Reference to Other Lawsuits Filed by Any of the Named Plaintiffs (ECF No. 3540).

d.  IPPs' Motion *in Limine* No. 5: To Preclude Reference to Relationships Between Lawyers and Plaintiffs (ECF No. 3541).

e.  IPPs' Motion *in Limine* No. 6: To Preclude Reference to Plaintiffs' Attendance or Non-Attendance at Trial (ECF No. 3542).

f.  IPPs' Motion *in Limine* No. 7: To Preclude Reference to or Argument About How Class Plaintiffs Became Involved in This Case or That the Case is "Lawyer-Driven" (ECF No. 3543).

g.  IPPs' Motion *in Limine* No. 8: To Preclude Reference to and Exclude Evidence of the Absence of Criminal Indictment, Conviction or Guilty Plea (ECF No. 3544).

h.  IPPs' Motion *in Limine* No. 9: To Preclude Reference to or Argument About Plaintiffs' Failure to Mitigate Damages (ECF No. 3545).

i.  IPPs' Motion *in Limine* No. 10: To Exclude the Testimony of Witnesses Not Designated Pursuant to the Court's Scheduling Orders (ECF No. 3546).

j.  IPPs' Motion *in Limine* No. 12: To Exclude Percipient Witnesses, Except for One Party Representative, from the Courtroom Unless They Are Testifying (ECF No. 3548).

k.  IPPs' Motion *in Limine* No. 13: To Preclude Live Testimony of Defendants' Witnesses Who Are Not Made Available to Testify Live in Plaintiffs' Case-in-Chief (ECF No. 3549).

l.  IPPs' Motion *in Limine* No. 14: To Limit Defendants' Deposition Designations presented in Plaintiffs' Case to Reasonable Cross and to Exclude Unrelated Designations (ECF No. 3550).

m.  IPPs' Motion *in Limine* No. 15: To Preclude Reference to the Fact, Terms or Amounts of Prior Settlements (ECF No. 3551).

n.  IPPs' Motion *in Limine* No. 16: To Preclude Reference to and Exclude Evidence of Other CRT Litigations (ECF No. 3552).

o.  IPPs' Motion *in Limine* No. 17: To (1) Preclude Argument That the Samsung SDI Guilty Plea Includes DOJ Findings of Fact; (2) Exclude Evidence of the Volume of Affected Sales in the Guilty Plea; (3) Exclude Evidence of the Fact and amount of the criminal Fine; and (4) Exclude Any Statement by the DOJ Characterizing the CRT Conspiracy (ECF No. 3553).

p.  IPPs' Motion *in Limine* No. 18: To Preclude Argument That Price Fixing was Pro-Competitive or Necessary (ECF No. 3554).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       q.   IPPs' Motion *in Limine* No. 19: To Exclude Character Evidence (ECF No.

3555).

4.   The IPPs withdraw their joinder to the following joint motion with respect to the

Samsung SDI Defendants:

       a.   Plaintiffs' October 29, 2014 Motion to Compel Responses to Requests for

Admission (submitted to Special Master Walker), and Plaintiffs' related

letter  to Special Master Walker dated November 24, 2014.

5.   The above motions and joinders shall be subject to reinstatement in the event that

the Settlement Agreement does not become final and conclusive.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: _____                _____

                                                 Hon. Samuel Conti
                                               United States District Judge

Respectfully submitted,

Dated: May 1, 2015                    By:      /s/
                                              Mario N. Alioto (56433)
                                              Lauren C. Capurro (241151)
                                              TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                              2280 Union Street
                                              San Francisco, CA 94123
                                              Tel: (415) 563-7200
                                              Fax: (415) 346-0679
                                              malioto@tatp.com
                                              laurenrussell@tatp.com

                                              *Lead Counsel for Indirect Purchaser Plaintiffs*

DATED: May 1, 2015                    SHEPPARD MULLIN RICHTER & HAMPTON
                                      LLP

                                      By: /s/

                                      GARY L. HALLING (SBN 66087)
                                      ghalling@sheppardmullin.com
                                      JAMES L. MCGINNIS (SBN 95788)
                                      jmcginnis@sheppardmullin.com
                                      MICHAEL W. SCARBOROUGH (SBN 203524)
                                      mscarborough@sheppardmullin.com
                                      **SHEPPARD MULLIN RICHTER &
                                      HAMPTON LLP**
                                      Four Embarcadero Center, 17th Floor
                                      San Francisco, California 94111
                                      Telephone: (415) 434-9100
                                      Facsimile: (415) 434-3947

                                      LEO D. CASERIA (SBN 240323)
                                      lcaseria@sheppardmullin.com
                                      **SHEPPARD MULLIN RICHTER &
                                      HAMPTON LLP**
                                      333 South Hope Street, 43rd Floor
                                      Los Angeles, California  90071-1448
                                      Telephone: (213) 620-1780
                                      Facsimile: (213) 620-1398

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co. Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.*

Pursuant to Local Rule 5-1(i)(3), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3        On May 1, 2015, I caused a copy of the "THE SAMSUNG SDI DEFENDANTS

4    AND INDIRECT PURCHASER PLAINTIFFS' STIPULATION AND [PROPOSED]

5    ORDER WITHDRAWING PENDING MOTIONS" to be electronically filed via the

6    Court's Electronic Case Filing System, which constitutes service in this action pursuant to

7    the Court's order of September 29, 2008.

8

9

10                                        By:  _/s/_____

11                                              Lauren C. Capurro (241151)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28