GUIDO SAVERI (22349)
  *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
  *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
  *grushing@saveri.com*
TRAVIS L. MANFREDI (281779)
  *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for
Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC<br><br>MDL No. 1917<br><br>**DIRECT PURCHASER PLAINTIFFS' RESPONSE TO HITACHI DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION IN RESPONSE TO THE COURT'S ORDER FILED FEBRUARY 9, 2015** |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | |

Direct Purchaser Plaintiffs ("DPPs") submit this response to the Hitachi Defendants' Objections to the Special Master's Report and Recommendation in Response to the Court's Order Filed February 9, 2015.

DPPs respectfully submit that the Court should implement the Recommendations of the Special Master. DPPs have always maintained that Sharp should not be included in the Hitachi and Samsung SDI settlement classes, because, *inter alia*, Sharp's tardy opt-out notices caused no harm of any sort to Hitachi or Samsung, and Sharp's inclusion in the settlement classes causes material harm to DPPs. *See* Dkt. Nos. 2715, 3160.

Hitachi's objection ignores the indisputable practical problems created by Sharp's putative inclusion in the Hitachi and Samsung SDI settlement classes and identifies no prejudice to it if the Court reconsiders its prior orders. Its argument is limited to technicalities relating to Sharp's ability to move for reconsideration. This argument ignores, however, that the Court is always free to reconsider previous orders on its own motion. Fed. R. Civ. P. 54 ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Moreover, Hitachi's sweeping assertion that the practical problems created by the denial of Sharp's motions were or should have been evident at the time of the Court's previous orders overstates the parties' and the Court's ability to foresee the context in which these cases would be tried and the extent of the delay and other negative effects that would be suffered by the members of the settlement classes.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

DPPs' RESPONSE TO HITACHI DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S R&R IN RESPONSE TO THE COURT'S ORDER FILED FEBRUARY 9, 2015—Case No. 07-CV-5944 SC

1 | DATED: May 1, 2015                    Respectfully submitted,

2 |                                        /s/ *R. Alexander Saveri*
                                           Guido Saveri (22349)
3 |                                        R. Alexander Saveri (173102)
                                           Geoffrey C. Rushing (126910)
4 |                                        Travis L. Manfredi (281779)
                                           SAVERI & SAVERI, INC.
5 |                                        706 Sansome Street
                                           San Francisco, CA 94111
6 |                                        Telephone:  (415) 217-6810
                                           Facsimile:  (415) 217-6813
7 |
8 |                                        *Interim Lead Counsel for*
                                           *Direct Purchaser Plaintiffs*
9 | crt.657

2

DPPs' RESPONSE TO HITACHI DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S R&R IN RESPONSE TO THE COURT'S ORDER FILED FEBRUARY 9, 2015—Case No. 07-CV-5944 SC