William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and attorneys for the parties listed on signature pages.*

*Additional counsel listed on signature pages.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**DIRECT ACTION PLAINTIFFS' STATEMENT OF RECENT DECISION**<br><br>**Judge: Hon. Samuel P. Conti**<br>**Court: Courtroom 1, 17th Floor** |
| This document relates to:<br><br>DIRECT ACTION PLAINTIFF CASES | |

Pursuant to Rule 7-3(d)(2) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, the undersigned Direct Action Plaintiffs ("DAPs") respectfully submit this Statement of Recent Decision and hereby bring to the Court's attention the recent judicial opinion in *State of Washington v. AU Optronics, et al.*, No. 10-2-29164-4 SEA (King Cty. Superior Ct., Apr. 3, 2015). A copy of the opinion is attached hereto as Exhibit A. The opinion is relevant to the parties' briefing regarding the following motions for summary judgment:

- Defendant Beijing Matsushita Color CRT Co., Ltd.'s Notice of Motion and Motion for Summary Judgment for Failure to Adduce Evidence Sufficient to State a Claim in Light of the FTAIA and for Lack of Standing to Seek Injunctive Relief (N.D. Cal. Nov. 7, 2014), ECF No. 2990;

- Defendants' Joint Notice of Motion and Motion for Summary Judgment Based Upon Plaintiffs' Foreign Transactions Barred by the FTAIA (N.D. Cal. Nov. 7, 2014), ECF No. 3003;

- Defendants' Notice of Motion and Motion for Partial Summary Judgment on Plaintiffs' Indirect Purchaser Claims Based on Foreign Sales (N.D. Cal. Nov. 7, 2014), ECF No. 3006;

- Defendants' Joint Notice of Motion and Motion for Summary Judgment Based upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages under the FTAIA (N.D. Cal. Nov. 7, 2014), ECF No. 3008;

- LGE Defendants' Notice of Motion and Motion for Partial Summary Judgment on FTAIA Grounds; Memorandum of Points and Authorities in Support Thereof (N.D. Cal. Nov. 7, 2014), ECF No. 3032; and

- Defendants' Notice of Motion and Joint Motion for Summary Judgment Against ViewSonic Corporation Based upon Failure to Provide Evidence to Avoid FTAIA Bar on Foreign Commerce (N.D. Cal. Nov. 14, 2014), ECF No. 3108.

Dated: May 20, 2015                     Respectfully submitted,

                                        /s/ Philip J. Iovieno

                                        William A. Isaacson
                                        BOIES, SCHILLER & FLEXNER LLP
                                        5301 Wisconsin Ave. NW, Suite 800
                                        Washington, D.C. 20015
                                        Telephone: (202) 237-2727
                                        Facsimile: (202) 237-6131
                                        Email: wisaacson@bsfllp.com

DIRECT ACTION PLAINTIFFS'
STATEMENT OF RECENT DECISION                1                    Case No. 07-5944
                                                                 MDL No. 1917

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email: ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
Email: anardacci@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corp., MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, Tech Data Corp., and Tech Data Product Management, Inc.*


/s/ Scott N. Wagner

Robert W. Turken
Scott N. Wagner
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL 33131-3456
Tel:    305-374-7580
Fax:    305-374-7593
Email: rturken@bilzin.com
Email: swagner@bilzin.com

*Attorneys for Plaintiffs Tech Data Corp. and Tech Data Product Management, Inc.*


/s/ Roman M. Silberfeld

Roman M. Silberfeld (SBN 62783)
David Martinez (SBN 193183)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208

Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com

*Attorneys For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC*

/s/ Kenneth S. Marks

Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
Email: jross@susmangodfrey.com
Email: jcarter@susmangodfrey.com
Email: dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
Email: rblack@susmangodfrey.com
Email: jconnors@susmangodfrey.com

*Attorneys for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

By: */s/* David. J. Burman

David J. Burman
Cori G. Moore
Nicholas H. Hesterberg
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206) 359-8000
Facsimile:   (206) 359-9000
Email:  DBurman@perkinscoie.com
Email:  CGMoore@perkinscoie.com
Email:  NHesterberg@perkinscoie.com

DIRECT ACTION PLAINTIFFS' STATEMENT OF RECENT DECISION — 3 — Case No. 07-5944 / MDL No. 1917

*Attorneys for Plaintiff Costco Wholesale Corp.*

By: /s/ Jason C. Murray

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: (213) 443-5582
Facsimile: (213) 622-2690
Email: jmurray@crowell.com

*Attorneys for Plaintiff ViewSonic Corp.*

By: /s/ William J. Blechman

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: (305) 373-1000
Fax: (305) 372-1861
Email: kmurray@knpa.com
Email: wblechman@knpa.com
Email: rarnold@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

By: /s/ Debra D. Bernstein

Michael P. Kenny
Debra D. Bernstein
Rodney J. Ganske
Matthew D. Kent
Elizabeth Jordan
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Facsimile: (404) 881-7777
mike.kenny@alston.com
debra.bernstein@alston.com
rod.ganske@alston.com
matthew.kent@alston.com
elizabeth.jordan@alston.com

James M. Wagstaffe, Esq. (SBN 95535)
Kerr & Wagstaffe LLP
101 Mission Street, 18th Floor

San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500
wagstaffe@kerrwagstaffe.com

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

# Exhibit A



FILED
KING COUNTY WASHINGTON
APR 03 2015
SUPERIOR COURT CLERK
BY Rianne Rubright
DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br><br>v.<br><br>AU OPTRONICS, et. al.,<br><br>                Defendants. | Case No. 10-2-29164-4 SEA<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS BASED ON FOREIGN SALES |

## I. BACKGROUND

This matter comes before the Court on defendant Toshiba's motion for summary judgment regarding plaintiff's claims based on foreign sales. The Court has considered the following:

1. Defendant's Motion for Summary Judgment Based on Foreign Sales;
2. Declaration of Jeffery M. Davidson in Support of Motion for Summary Judgment Based on Foreign Sales and accompanying exhibits;
3. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment Based on Foreign Sales and accompanying exhibits;
4. Declaration of David Kerwin in Opposition to Defendant's Motion for Summary Judgment Based on Foreign Sales;
5. Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment Based on Foreign Sales;
6. Defendant's Supplemental Letter dated March 4, 2015;
7. Plaintiff's Supplemental Reply dated March 9, 2015.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1

Hon. Sean P. O'Donnell
King County Superior Court
Department 29
516 Third Avenue
Seattle, WA 98104
206-296-9363

The Court has also considered the cases submitted by counsel and the parties' presentations at oral argument.

This Court's analysis begins with the application of the Foreign Trade Antitrust Improvements Act of 1982 (FTAIA). While the State's arguments regarding Washington's Consumer Protection Act's applicability are persuasive, for the reasons outlined below, this decision is based solely on an analysis of the FTAIA as it relates to the present lawsuit.

The questions under this framework are twofold: 1) has the State provided sufficient evidence to show that Toshiba has engaged in import trade or import commerce, based on its participation in an overarching conspiracy to fix the price of LCD flat panel displays or, alternatively, 2) has the State provided sufficient evidence to show that the conspirators' alleged price-fixing has had "a direct, substantial and reasonably foreseeable effect on domestic commerce" that gives rise to a Sherman Act claim? See 15 USC Sec. 6a(1) and (2).

Because this is a motion for summary judgment, Toshiba must show that there is no genuine issue as to any material fact and that Toshiba is entitled to a judgment as a matter of law. CR 56(c). Should Toshiba meet that burden, the State must then present admissible evidence demonstrating the existence of a material fact. All reasonable inferences must be afforded in a light most favorable to the State, here the non-moving party.

## II. ANALYSIS

The factual background is largely agreed upon with respect to the salient issues presented in this motion. The State concedes that "there is no dispute that the LCD manufacturing process usually involves foreign transactions prior to finished products being sold in the United States." Plaintiff's Brief in Opposition at 2. Toshiba has outlined at least

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

2

Hon. Sean P. O'Donnell
King County Superior Court
Department 29
516 Third Avenue
Seattle, WA 98104
206-296-9363

seven steps that the supply chain followed before its product would arrive in the hands of a Washington consumer. Defendant's Brief at 7. For purposes of the analysis below, the Court accepts the proposition that multiple events, overseas, occurred before the questioned flat panels arrived in the United States.

There also appears to be little dispute that the intended purpose of this alleged overarching conspiracy (which Toshiba insists it played no part in) was for the manufacturers to profit by colluding on the prices they charged for LCD flat panels. Similarly not in dispute was the knowledge among the conspirators that the United States' consumer market was an intended destination for price-fixed flat panels, including finished consumer products.[1] For purposes of this motion, the Court also accepts these propositions as true.

### A. IMPORT TRADE OR IMPORT COMMERCE

The FTAIA provides that the Sherman Act "shall not apply to conduct involving trade or commerce (other than import trade or commerce) with foreign nations..." 15 USC 6a. The question presented here is whether the conspirators' conduct implicated the import trade or import commerce exception.

Toshiba maintains that, even taking the facts alleged in the light most favorable to the State, there is insufficient evidence to support the conclusion that the price-fixed panels fall under FTAIA's import-commerce exclusion. However, if the import trade/commerce exclusion does apply, then Toshiba's motion for summary judgment must fail.

---

[1] See, e.g., Exhibits 5, 6, 922, 22b and 22c to the Kerwin Declaration.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

3

Hon. Sean P. O'Donnell
King County Superior Court
Department 29
516 Third Avenue
Seattle, WA 98104
206-296-9363

The State's evidence outlines a scheme in which the alleged conspirators engaged the US markets in two ways: 1) they directly imported their products to the US, and 2) they sold their products to manufacturers who assimilated the product into consumer goods, which were then sold in the US.

In adopting the Seventh Circuit's definition of "import trade," the Ninth Circuit has defined this term to mean "transactions that are directly between the [US] plaintiff purchaser and the defendant cartel members are the import commerce of the United States." US v. Hui Hsiung, 2015 WL 400550 (Ninth Cir. 2015). Put perhaps another way, import trade can be described as "transactions in which the seller is located abroad, the buyer is domestic, and the good[s] flow into the United States."

Here, the State's evidence sufficiently outlines how members of the alleged overarching price fixing conspiracy directly imported price-fixed LCD panels into the United States. See, e.g., Kerwin Declaration, Exhibit 1. They also sold price fixed flat panels to other companies, usually overseas, which then incorporated them into their final products for sale in the US. See, e.g., Kerwin Declaration, Exhibits 3 and 4. The alleged conspirators recognized the U.S. market as a final destination for both stand-alone LCDs and consumer product components; the products' final destination played a part in the prices the alleged conspirators set for them. In other words, the US market was a target for the alleged conspirators.

Although the Ninth Circuit has not formally adopted the 'targeting' language that the Third Circuit embraces, this Court is persuaded that the Third Circuit's analysis is the correct one when considering whether the alleged conspirators' intent to target the US market implicates the import trade/commerce exception. See Animal Science Prods., Inc. v. China

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

4

Hon. Sean P. O'Donnell
King County Superior Court
Department 29
516 Third Avenue
Seattle, WA 98104
206-296-9363

Minmetals Corp, 654 F.3d 462, 470 (2011). In Animal Science, the Third Circuit evaluated whether Chinese producers engaged in a conspiracy to fix the price of magnesite, a mineral used to melt steel, make cement, and clean wastewater (among other things).

At the heart of the complaint was plaintiff's claim that the defendants had restrained competition and established "limits on export supply in order to maintain and increase prices." Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 853 (D.N.J. 2008). While there were seventeen defendants named, only seven were actually direct importers to the US. The District Court noted that the complaint did "not establish that any Defendant was actually involved [in] trade or commerce with foreign nation[s], since Defendants could merely be producers of Processed Magnesium, producers of any other metals or minerals, sellers of Processed Magnesite in their own domestic market, or even equity holders, advisory entities, etc." Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 869 (D.N.J. 2008). The District Court ultimately dismissed the plaintiff's claims.

On appeal, the Third Circuit confronted the FTAIA's limitations with respect to import trade and commerce. The relevant inquiry to trigger the import trade or commerce exception, the Court concluded, was "whether the defendant's alleged anticompetitive behavior was directed at an import market...". Animal Science Prods., Inc. v. China Minmetals Corp, 654 F.3d at 470.

To avoid a direct targeting analysis, as Toshiba urges here, would allow the alleged defendants to "take shelter in the FTAIA by the simple expedient of having a conspirator incorporate the price-fixed panels into finished products for sale into the United States." Costco

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Hon. Sean P. O'Donnell
King County Superior Court
Department 29
516 Third Avenue
Seattle, WA 98104
206-296-9363

Wholesale Corp. v. AU Optronics Corp., No. C13-1207RAJ, 2014 WL 4718358, at *4 (W.D. Wash. Sept. 22, 2014). The Third Circuit's 'targeting' framework wholly comports with the purpose of the Sherman Act -- namely to protect American consumers and businesses from damages resulting from anticompetitive conduct.

Applied to the facts here, the State has proffered evidence sufficient to show that the alleged conspirators engaged in import trade and commerce, as a major piece of the alleged conspiracy involved targeting the US market with their price fixed products.

## B. DOMESTIC INJURY

To defeat summary judgment under the domestic injury exception to the FTAIA, the State must present sufficient evidence showing that the defendant's foreign conduct (namely, price fixing) had a "direct, substantial, and reasonably foreseeable effect on domestic commerce" and that such an effect "gives rise to a Sherman Act claim." See 15 USC 6a. The primary disputed issue here is whether the conspirators' conduct had a "direct" effect on US commerce.

The parties are in agreement that, in the context of this motion, direct effect means that the effect "follows as an immediate consequence of the defendant's activity." U.S. v. LSL Biotechnologies, 379 F.3d 672, 680 (9th Cir. 2009).

The revised Hui Hsiung decision is particularly instructive on the issue of "direct effect." US v. Hui Hsiung, 778 F.3d 738 (2014). As the Ninth Circuit analyzed the conspiracy at issue in Hui Hsiung, which generally involves the same set of operative facts as here, the Court found that "the constellation of events that surround the conspiracy lead to one conclusion – the impact

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

6

Hon. Sean P. O'Donnell
King County Superior Court
Department 29
516 Third Avenue
Seattle, WA 98104
206-296-9363

on the United States market was direct and followed 'as an immediate consequence of the price fixing.'" US v. Hui Hsiung, 778 F.3d at 759.

In the instant matter, evidence of a direct effect between the alleged overseas conspiracy to fix prices and the impact on US consumers is supported by, among other examples, the deposition testimony of Heon Seong Kim (noting that Dell products such as laptops, computers and monitors would be sold in the US with price-fixed panels) (Kerwin Declaration, Exhibit 3); the January 2009 Sharp Consulting Report (Kerwin Declaration, Exhibit 6); the February 2003 memorandum of Stanley Park (noting that "panel price increase is directly linked to the street price increases in the set") (Kerwin Declaration, Exhibit 7); the deposition of Chang Suk Chung (acknowledging that panel price directly impacts the OEM final product) (Kerwin Declaration, Exhibit 10); and the expert report of Dr. Kenneth Flamm (Kerwin Declaration, Exhibit 2).

The upshot to all of this, to borrow a phrase from the Hui Hsuing decision, is that the conspiracy directly led to higher prices for US consumers. Even taking into account the structure of the market, as outlined by Toshiba, and the disparate nature of the commercial relationships at each stage in the supply chain that brought the flat panels to finished US consumer products, the State's evidence supports a showing of a direct effect on American consumers. Or, as Judge Illston aptly put it, "because the effect of defendants' anticompetitive conduct did not change significantly between the beginning of the process (overcharges for LCD panels) and the end (overcharges for televisions, monitors, and notebook computers), the effect 'proceeded without deviation or interruption' from the LCD manufacturer to the American retail store. No intervening events interrupted its journey." In re TFT-LCD (Flat Panel) Antitrust Litig., 822 F. Supp. 2d 953, 964 (N.D. Cal. 2011).

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

7

Hon. Sean P. O'Donnell
King County Superior Court
Department 29
516 Third Avenue
Seattle, WA 98104
206-296-9363

This Court agrees with the analysis that this lack of a material intervening event between the sale of the price fixed panels to the OEM or systems integrator, and the increased price for the end consumer product, is a "direct" effect that satisfied the domestic injury criteria. See also Lotes v. Hon Hai Precision Indus. Co., 754 F.3d 395, 398 (2d Cir. 2014) ("We further hold that foreign anticompetitive conduct can have a statutorily required 'direct, substantial, and reasonably foreseeable effect' on U.S. domestic or import commerce even if the effect does not follow as an immediate consequence of the defendant's conduct, so long as there is a reasonably proximate causal nexus between the conduct and the effect.").

The State has demonstrated sufficient evidence showing a nexus between the alleged price fixing and the higher prices paid by US consumers to satisfy the "direct" effect requirement.

**III. CONCLUSION**

The State has provided sufficient evidence to survive summary judgment under the import/export exception and the direct effects test of the FTAIA. Toshiba's motion for summary judgment is therefore DENIED.

Dated this 2nd day of April, 2015.

JUDGE SEAN P. O'DONNELL

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

8

Hon. Sean P. O'Donnell
King County Superior Court
Department 29
516 Third Avenue
Seattle, WA 98104
206-296-9363