# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ) <br> ANTITRUST LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ALL INDIRECT-PURCHASER ) <br> ACTIONS ) | Master File No.CV-07-5944 SC <br><br> MDL No. 1917 |

SETTLEMENT AGREEMENT

    This Settlement Agreement ("Agreement") is made and entered into this 26th day of January, 2015 ("Execution Date"), by and between Koninklijke Philips N.V. (f/n/a Koninklijke Philips Electronics N.V.), Philips Electronics North America Corporation, Philips Taiwan Limited (f/n/a Philips Electronics Industries (Taiwan), Ltd.), and Philips do Brasil, Ltda. (f/n/a Philips da Amazonia Industria Electronica Ltda.) (collectively "Philips") and the indirect-purchaser plaintiff class representatives ("Plaintiffs"), both individually and on behalf of a settlement class ("The Class") of indirect purchasers of Cathode Ray Tube (CRT) Products as more particularly defined in paragraphs A.1 and 2 below.

    WHEREAS, Plaintiffs are prosecuting the above *In Re Cathode Ray Tube* (CRT) *Antitrust Litigation*, MDL No. 1917 (N.D. Cal.) (the "Action") on their own behalf and on behalf of the Class against, among others, Philips;

    WHEREAS, Plaintiffs allege that Philips participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of CRT Products at artificially high levels in violation of Section 1 of the Sherman Act and various state statutes;

    WHEREAS, Philips denies Plaintiffs' allegations and has asserted defenses to Plaintiffs' claims;

    WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving claims against Philips according to the terms set forth below is in the best interest of Plaintiffs and the Class;

    WHEREAS, Philips, despite its belief that it is not liable for the claims asserted and has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid

1

further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Philips based on the allegations of the Action, as more particularly set out below;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Philips Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs, the Class, or Philips, subject to the approval of the Court, on the following terms and conditions:

    A.    <u>Definitions</u>.

        1.    For purposes of this Agreement, "the Class" and "Class Period" are defined in Plaintiffs' Fourth Consolidated Amended Complaint or, if that Complaint is amended, the operative complaint at the time this agreement is presented for preliminary approval. The parties to this Agreement hereby stipulate for purposes of this settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied.

        2.    For purposes of this Agreement, "CRT Products" shall have the meaning as defined in the Fourth Consolidated Amended Complaint or, if that Complaint is amended, the operative complaint at the time this agreement is presented for preliminary approval.

        3.    "Philips Releasees" shall refer, jointly and severally, individually and collectively, to the entities that are referred to collectively as "Philips" in paragraph 58 of the Fourth Consolidated Amended Complaint, and to all of its respective past and present, direct and indirect, parents, subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, successors and assigns of any of the above, and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Philips Releasees" does not include any defendant in the Action other than "Philips." For avoidance of doubt, Released Claims include those against Philips Releasees relating to, arising out of, or based on any ownership, agency, management, or financial or other relationship between Philips Releasees, on the one hand, and LP Display International, Ltd. ("LPDI"), LG.Philips Displays Holding B.V. ("LPDH") or any of LPDI's or LPDH's subsidiaries or

2

affiliates, on the other hand.

4. "Class Member" means each member of the Class who has not timely elected to be excluded from the Class.

5. "Releasors" shall refer to the indirect-purchaser plaintiff class representatives and the indirect-purchaser plaintiff Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing.

6. "The Settlement Fund" shall be $175,000,000 as specified in paragraph 16, plus accrued interest on said deposits set forth in paragraph 17.

7. "Class Counsel" shall refer to :

> Mario N. Alioto
> Trump, Alioto, Trump & Prescott LLP
> 2280 Union Street
> San Francisco, CA 94123

B. <u>Approval of this Agreement and Dismissal of Claims Against Philips</u>.

8. Plaintiffs and Philips shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23 (e)) to secure the complete, and final dismissal with prejudice of the Action as to Philips Releasees only.

9. Plaintiffs shall, at such time as they see fit, but without unreasonable delay, submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all Class Members (the "Motion"). If notice to the class is given jointly with a notice of settlement(s) with any other settling defendant, for purposes of paragraph 19 below, the costs of notice and claims administration shall be prorated with any other such defendant based on their respective settlement amounts. The Motion shall include (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and final judgment. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and Philips before submission of the Motion. The Motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice of settlement constitutes valid, due and sufficient notice to the

Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23. The costs and expenses of notice and claims administration shall be paid solely from the Settlement Fund, as provided in paragraph 19(a).

10. Plaintiffs shall seek, and Philips will not object unreasonably to the entry of an order and final judgment, the text of which Plaintiffs and Philips shall agree upon. The terms of that order and the final judgment will include, at a minimum, the substance of the following provisions that:

a. as to the Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

b. as to Philips, directing that the action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

c. reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement to the United States District Court for the Northern District of California; and

d. determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to Philips shall be final.

11. This Agreement shall become final when (i) the Court has entered a final order approving this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to Philips Releasees against all Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Philips Releasees described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to Philips Releasees have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. Upon the Execution Date, Plaintiffs and Philips shall be bound by the terms of this Agreement and this Agreement shall not be rescinded except in accordance with paragraphs 17(h), 24 or 28-29 of this Agreement.

12. Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by Philips (or the Philips Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Philips (or the Philips Releasees), or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed by Plaintiffs in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C. <u>Release, Discharge, and Covenant Not to Sue</u>.

13. In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 11 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraph 16 of this Agreement, into the Settlement Fund, and for other valuable consideration, the Philips Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, including damages based on any joint and several liability basis or theory, liabilities of any kind, including costs or losses of any kind or nature, expenses or penalties, including any treble or enhanced damages of any kind, and the consequences thereof in any way arising out of or relating in any way to any act or omission of the Philips Releasees (or any of them) concerning the manufacture, supply, distribution, sale or pricing of CRT Products up to the date of execution of this Agreement, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in any class action complaints filed in the Action, including those arising under any

federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, or trade practice law, (the "Released Claims"). However, the Released Claims shall only include sales of CRT Products that are subject to the antitrust laws asserted in the Fourth Consolidated Amended Complaint or, if that Complaint is amended, the operative complaint at the time this agreement is presented for preliminary approval and further, the Released Claims shall not preclude Plaintiffs from pursuing any and all claims against other defendants for the sale of CRT Products by those defendants, or their co-conspirators, which contain Philips' CRT Products. Releasors shall not, after the Execution Date, seek to establish liability against any Philips Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims, except that Releasors may continue to assert that Philips participated in the alleged conspiracy for purposes of establishing alleged liability as to defendants other than Philips Releasees. Nothing in this Agreement shall be construed to release any other claims, including but not limited to the claims for product defect or personal injury.

        14.    In addition to the provisions of Paragraph 13 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to §1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of Paragraph 13 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 13 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

        15.    The release, discharge, and covenant not to sue set forth in Paragraph 13 of this Agreement does not include claims by any of the Class Members other than the Released Claims and does not include other claims, such as those solely arising out of product

liability or breach of contract claims in the ordinary course of business not covered by the Released Claims. The Releasors hereby covenant and agree that they shall not, hereafter, sue or otherwise seek to establish liability against any of the Philips Releasees based, in whole or in part, upon any of the Released Claims.

D. Settlement Amount.

16. Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, defendant Philips shall pay the Settlement Amount of $175,000,000 in United States Dollars (the "Settlement Amount"). The Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 17 of this Agreement (the "Escrow Account") thirty (30) days after the Execution Date.

17. Escrow Account.

a. The Escrow Account will be established at Wells Fargo Bank, National Association, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Class Counsel and Philips, such escrow to be administered under the Court's continuing supervision and control.

b. The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates.

c. All funds held in the Escrow Account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

d. Plaintiffs and Philips agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph 17, including the relation-back election (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be

the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

      e.      For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)(l)).  Such returns (as well as the election described in paragraph 17(d)) shall be consistent with paragraph 17(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph 17(f) hereof

      f.      All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Philips or any other Philips Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of paragraphs 17(d) through 17(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph 17(g) ("Tax Expenses")), shall be paid out of the Settlement Fund.

      g.      Neither Philips nor any other Philips Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that maybe required to be withheld under Treas. Reg. §1.468B-2(1)(2)). Neither Philips nor any other Philips Releasee is responsible nor shall they have any liability therefor.  Plaintiffs and Philips agree to cooperate with the Escrow Agent, each other, and their tax attorneys and

accountants to the extent reasonably necessary to carry out the provisions of paragraphs 17(d) through 17(f).

      h.    If this Agreement does not receive final Court approval, or if this Agreement is terminated by Philips pursuant to this Agreement, including but not limited to Paragraphs 28 or 29 hereof, then all amounts paid by Philips into the Settlement Fund (other than notice costs expended in accordance with paragraph 19(a)) shall be returned to Philips from the Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days.

      18.    <u>Withdrawal of Pending Motions and Stay and Dismissal of State Court Proceedings</u>.

      a.    Within five (5) business days after the Execution Date, Philips shall withdraw all pending motions for summary judgment, solely as they relate to the Indirect Purchaser Plaintiffs' claims against Philips, subject to reinstatement in the event this Agreement does not become final.

      b.    The parties understand, agree, and acknowledge that, within five (5) business days after the Execution Date, the parties shall seek a stay of: (1) any objection by the IPP class or any IPP Class member, as to the state court's approval of the settlement between Philips and the Attorney General of California (acting on behalf of the State of California and as *parens patriae*,) in *The State of California, et al. and the City and County of San Francisco, individually, and on behalf of all others similarly situated, v. Chunghwa Picture Tubes, LTD., et al.* (CGC-11-515786) (the "California State Court Action"), as well as (2) any appeal of that settlement approval including the proceedings currently pending before the Superior Court in the California State Court Action, and before the Court of Appeal of the State of California, First Appellate District, Division Five (No. A 140908) (the "Appeal"). The parties shall seek a stay pending the finality of the approval of the Agreement, subject to the lifting of the stay should the approval of this Agreement not become final.

      c.    The parties further understand, agree, and acknowledge that, within ten (10) business days after the approval of the Agreement becomes final, the Appeal shall be dismissed with prejudice and no further objection will be asserted by the IPP Class or any IPP Class member challenging the state court's approval of the settlement between Philips and the Attorney General of California.

19. <u>Payment of Expenses</u>.

    a. Philips agrees to permit use of a maximum of $525,000 of the Settlement Fund towards notice to the class and administration costs. The $525,000 in notice and claims administration expenses are not recoverable if this settlement does not become final. Other than as set forth in this paragraph 19(a), each party shall be liable for its own costs or expenses of the litigation of the Action, including attorneys' fees; fees and expenses of expert witnesses and consultants; and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or the negotiation of other settlements, or for Class administration and costs.

    b. If Class Counsel enter into any other settlements on behalf of the Class before notice of this Agreement is given to the Class, Class Counsel shall use its reasonable efforts to provide a single notice to prospective Class Members of all of the settlements.

E. <u>The Settlement Fund</u>.

20. Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Philips Releasees of all Released Claims, and shall have no other recovery against Philips or any other Philips Releasee.

21. After this Agreement becomes final within the meaning of Paragraph 11, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Philips Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in paragraph 19(a) of this Agreement.

22. Plaintiffs and Plaintiffs' counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. The Philips Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

23. <u>Class Counsel's Attorneys' Fees And Reimbursement of Expenses</u>.

    a. Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund

and Philips shall not oppose such application for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Class Counsel reserve the right to make additional applications for fees and expenses incurred, but in no event shall Philips Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund. In addition, after final approval, Class Counsel may apply to use any amount paid by Philips to the Settlement Fund to pay for past or future expenses of this litigation. In the event the Settlement is reversed on appeal, any Plaintiffs' counsel that received awards of fees and/or reimbursement of costs that are subject to reduction shall, within ten (10) business days from receiving notice of the applicable court order, refund to the Settlement Fund the required amounts. Each such Plaintiffs' counsel's law firm, as a condition of receiving such fees, expenses and costs, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph 23(a).

        b.      The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund. After this Agreement becomes final within the meaning of Paragraph 11, the Fee and Expense Award shall be paid to Class Counsel within ten (10) business days. Class Counsel shall allocate the attorneys' fees among Plaintiffs' counsel in a manner which Class Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

        c.      The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

        d.      Neither Philips nor any other Philips Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Plaintiffs' counsel of any Fee and Expense Award in the Action.

        e.      Neither Philips nor any other Philips Releasee under this

Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Plaintiffs' counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F. Cooperation.

24. In further consideration for the Release, and at Plaintiffs' reasonable request, Philips shall make a good faith effort to provide an affidavit or statement as is reasonably necessary and reasonably possible to assist Plaintiffs in showing that documents produced by Philips in the CRT Litigation bearing the production prefix PENAC, PHLP-CRT, EIN, or PNV are authentic and, to the extent possible, admissible. Plaintiffs shall only seek an affidavit or statement of authenticity and/or admissibility for documents that Plaintiffs reasonably expect they may seek to introduce at any trial against any other defendant(s) in the Action. In no event shall Plaintiffs seek an affidavit or statement of authenticity and/or admissibility from Philips for more than 50 documents. Philips will be afforded a reasonable period of time to respond to Plaintiffs' request for such an affidavit or statement, and in no event shall Philips have fewer than thirty (30) calendar days to respond to any such request.

25. In the event that this Agreement fails to receive final approval by the Court as contemplated in Paragraphs 8-11 hereof, or in the event that it is terminated by either party under any provision herein, the parties agree that neither Plaintiffs nor Plaintiffs' counsel shall be permitted to introduce into evidence, at any hearing, or in support of any motion, opposition or other pleading in this action or in any other federal or state action alleging a violation of any antitrust or unfair competition law relating to the subject matter of this Action, any document authenticated pursuant to the cooperation provisions of Paragraph 24.

26. Except as provided in Paragraph 24 of this Agreement, Philips need not respond to formal discovery from Plaintiffs, or otherwise participate in the Action during the pendency of the Agreement. Neither Philips nor Plaintiffs shall file motions against the other during the pendency of the Agreement. In the event that the Agreement is not approved by the Court, or otherwise terminates, Philips and Plaintiffs will each be bound by and have the benefit of any rulings made in the Action to the extent they would have been applicable to Philips or Plaintiffs had Philips been participating in the Action.

27. Philips agrees that it will not disclose publicly or to any other defendant the terms of this Agreement until this Agreement is submitted to the Court for approval. After execution of this Settlement Agreement by both parties, a Party may disclose solely the fact of the settlement memorialized herein (without referencing terms thereof): (i) to other plaintiffs or

defendants in the MDL Proceedings; or (ii) in responding to any inquiry, investigation or claim by any Party's shareholders. A Party may also disclose the fact of and/or the terms of the Settlement Agreement to the Court or the Special Master. Philips may disclose the fact of and/or the terms of the Settlement Agreement to the extent required by securities laws.

  G. <u>Rescission if this Agreement is Not Approved or Final Judgment is Not Entered</u>

  28. If the Court refuses to approve this Agreement or any part thereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in paragraph 10 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Philips and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety except as provided in paragraph 19(a). Written notice of the exercise of any such right to rescind shall be made according to the terms of paragraph 39. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

  29. In the event that this Agreement does not become final, then any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Philips less only disbursements made in accordance with Paragraph 19 of this Agreement, and thereafter, this Agreement shall be of no force or effect. Philips expressly reserves all of its rights and defenses if this Agreement does not become final. Further, and in any event, Plaintiffs and Philips agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Philips (or the Philips Releasees), or of the truth of any of the claims or allegations contained in the complaint or any other pleading filed by Plaintiffs in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.

  30. This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Philips Releasee as provided in this Agreement.

  31. The parties to this Agreement contemplate and agree that, prior to final

13

approval of the settlement as provided for in Paragraphs 8-11 hereof, appropriate notice 1) of the settlement; and 2) of a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class Members.

    H.    Miscellaneous.

    32.    This Agreement does not settle or compromise any claim by Plaintiffs or any Class Member asserted in the Fourth Consolidated Amended Complaint or, if amended, any subsequent Complaint, against any defendant or alleged co-conspirator other than the Philips Releasees. All rights against such other defendants or alleged co conspirators are specifically reserved by Plaintiffs and the Class. Philips' sales to the Class shall not be removed from the Action. Notwithstanding the foregoing, Plaintiffs expressly release any claims for damages against Philips or any Philips Releasees based on the conduct or alleged conduct of any alleged co-conspirator including, but not limited to, any claim for damages against Philips or any Philips Releasees, based on joint and several liability.

    33.    This Agreement shall not affect whatever rights Releasors or any of them may have (i) to seek damages or other relief in a judicial forum outside the United States of America, under the laws of countries other than the United States, from any person with respect to any CRT Products purchased indirectly from the manufacturer (or any subsidiary or affiliate thereof) outside the United States; (ii) to participate in or benefit from any relief or other recovery as part of a settlement or judgment in any action on behalf of any indirect purchasers of CRT Products so long as such benefit, relief or recovery is not duplicative in whole or part of any Released Claim; (iii) to participate in or benefit from any relief or recovery as part of a judgment or settlement in this action against any other party named as a defendant (other than a Philips Releasee); or (iv) to assert any product liability or breach of contract claims in the ordinary course of business which are not covered by the Released Claims.

    34.    The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Philips. This Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

    35.    This Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and Philips pertaining to the settlement of the Action against

Philips, and supersedes all prior and contemporaneous undertakings of Plaintiffs and Philips in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Philips, and approved by the Court.

36. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Philips. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, Class Counsel or Philips shall be binding upon, respectively, all Class Members, Releasors and Releasees. The Philips Releasees (other than Philips, which is a party hereto) are third party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

37. This Agreement may be executed in counterparts by Plaintiffs and Philips, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

38. Neither Plaintiffs nor Philips shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

39. Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by email, facsimile or letter by overnight delivery to each of the undersigned counsel of record for the party to whom notice is being provided.

40. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: January 26, 2015

*Mario N. Alioto*

Mario N. Alioto
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
malioto@tatp.com

15

*Class Counsel and Attorneys for the Indirect Purchaser Class*

_____
John M. Taladay
Telephone: (202) 639-7909
Facsimile: (202) 639-1165
john.taladay@bakerbotts.com
Baker Botts LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

Erik T. Koons
Telephone: (202) 639-7973
Facsimile: (202 585-1086
erik.kooons@bakerbotts.com
Baker Botts LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004

*Attorneys for Defendants Philips Koninklijke N.V., Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil, Ltda.*