# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC <br><br> MDL No. 1917 |
| This Document Relates to: <br><br> ALL INDIRECT-PURCHASER ACTIONS | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 28th day of January, 2015 (the "Execution Date"), by and between Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd. (collectively "Panasonic") and the indirect-purchaser plaintiff class representatives ("Plaintiffs"), both individually and on behalf of a settlement class of indirect purchasers of Cathode Ray Tube (CRT) Products ("the Class"), as more particularly defined in Paragraph 1 below.

WHEREAS, Plaintiffs are prosecuting the above *In Re Cathode Ray Tube (CRT) Antitrust Litigation,* MDL No. 1917 (N.D. Cal.) (the "Action") on their own behalf and on behalf of the Class against, among others, Panasonic and Beijing Matsushita Color CRT Co., Ltd. ("BMCC");

WHEREAS, Plaintiffs allege that Panasonic and BMCC participated in an unlawful conspiracy to raise, fix, maintain, or stabilize the price of CRTs at artificially high levels in violation of Section 1 of the Sherman Act and various state statutes;

WHEREAS, Panasonic and BMCC deny Plaintiffs' allegations and have asserted defenses to Plaintiffs' claims;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving claims against Panasonic and BMCC according to the terms set forth below is in the best interest of Plaintiffs and the

1

Class;

WHEREAS, Panasonic, despite its belief that it is not liable for the claims asserted and has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment(s) contemplated by this Agreement, and to put to rest with finality all claims that have been or could have been asserted against Panasonic and BMCC, based on the allegations of the Action, as more particularly set out below;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Panasonic Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiffs, the Class, Panasonic or BMCC, subject to the approval of the Court, on the following terms and conditions:

    A.    <u>Definitions.</u>

        1.    For purposes of this Agreement, "the Class" and "Class Period" are defined in Plaintiffs' Fourth Consolidated Amended Complaint or, if that complaint is amended to expand the definition of either term, the operative complaint at the time this Agreement is presented for preliminary approval. The parties to this Agreement hereby stipulate for purposes of this settlement only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied.

        2.    For purposes of this Agreement, "CRT Products" are defined in Plaintiffs' Fourth Consolidated Amended Complaint or, if that complaint is amended to expand the definition of CRT Products, the operative complaint at the time this Agreement is presented for preliminary approval. For purposes of clarity, the term "CRT Products" includes not only cathode ray tubes ("CRTs"), but also electronic devices containing cathode ray tubes, such as televisions and computer monitors.

        3.    "Panasonic Releasees" means Panasonic and all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates, including BMCC, and all of their respective past and present, direct and indirect, parents,

subsidiaries, affiliates, unincorporated entities, divisions, and groups; the predecessors, successors, and assigns of any of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, agents, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Panasonic Releasees" does not include any defendant in the Action other than Panasonic and BMCC.

4. "Class Member" means each member of the Class who has not timely elected to be excluded from the Class.

5. "Releasors" means the indirect-purchaser plaintiff Class representatives and the indirect-purchaser plaintiff Class Members, and all of their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parents, subsidiaries, affiliates, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of any of the foregoing, as well as to anyone claiming by, for, or through the Releasors.

6. "The Settlement Fund" shall be $70,000,000 USD, as specified in Paragraph 16, plus accrued interest on said deposits as set forth in Paragraph 17.

7. "Class Counsel" shall refer to:

Mario N. Alioto
Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123

B. Approval of this Agreement and Dismissal of Claims Against the Panasonic Releasees.

8. Plaintiffs and Panasonic shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the complete and final dismissal with prejudice of the Action, without undue delay, as to the Panasonic Releasees only.

9. Plaintiffs shall, at such time as they see fit, submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment

contemplated by this Agreement to all Class Members (the "Motion"). If notice to the Class is given jointly with a notice of settlement(s) with any other settling defendant, for purposes of Paragraph 18 below, the costs of notice and claims administration shall be prorated with any other such defendant based on their respective settlement amounts. The Motion shall include (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiffs and Panasonic before submission of the Motion. The Motion shall recite and ask the Court to find that the proposed form of and method for dissemination of the notice of settlement constitutes valid, due and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

10. Plaintiffs and Panasonic shall jointly seek the entry of an order and final judgment, the text of which Plaintiffs and Panasonic shall agree upon. The terms of that order and final judgment will include, at a minimum, the substance of the following provisions:

(a) certifying the Class described in Paragraph 1, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this settlement as a settlement class;

(b) as to the Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c) as to the Panasonic Releasees, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(d) reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement, to the United States District Court for the Northern District of California; and

(e) determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to the Panasonic Releasees shall be final.

11. This Agreement shall become final when (i) the Court has

entered a final order certifying the Class described in Paragraph 1 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to Panasonic Releasees against all Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Panasonic Releasees described in item (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to Panasonic Releasees have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times. On the Execution Date, Plaintiffs and Panasonic shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 17(h), 18(a), 27, or 28 of this Agreement.

12. Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by Panasonic (or the Panasonic Releasees) or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Panasonic (or the Panasonic Releasees), or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by any of the settling parties shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.

C. Release, Discharge, and Covenant Not to Sue.

13. In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final as set out in Paragraph 11 of this Agreement, and in consideration of payment of the Settlement

Amount, as specified in Paragraph 16 of this Agreement, and for other good and valuable consideration, the Panasonic Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, judgments, actions, suits, causes of action, whether class, individual, or otherwise (whether or not any Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and consequences thereof in any way arising out of or relating in any way to any act or omission of the Panasonic Releasees (or any of them) or any other entity concerning the manufacture, supply, distribution, sale or pricing of CRT Products up to the date of execution of this Agreement, including but not limited to any conduct alleged, and causes of action asserted or that could have been alleged or asserted, in complaints filed in this Action, including those arising under any federal, state, or foreign antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, unjust enrichment, contract, or trade practice law (the "Released Claims").  However, the Released Claims shall not preclude Plaintiffs from pursuing any and all of their claims against other defendants, except the Panasonic Releasees, for the sale of CRT Products by those other defendants, or any subsidiary or affiliate thereof, or their co-conspirators, including claims against those other defendants for sales of CRT Products manufactured by Panasonic.  Releasors shall not, after the date of this Agreement, sue or otherwise seek to establish liability against any Panasonic Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims, except that Releasors shall continue to assert that Panasonic and BMCC participated in the alleged conspiracy to fix prices and continue to respond to motions filed to date.  In addition, the released claims shall not preclude the California Attorney General from pursuing any and all of her claims against any defendant for the sale of CRT Products.

        14.    In addition to the provisions of Paragraph 13 of this Agreement, Releasors hereby expressly waive and release, upon this Agreement becoming final, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

CERTAIN CLAIMS NOT AFFECTED BY GENERAL
RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO
CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR
SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE
TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
BY HIM OR HER MUST HAVE MATERIALLY AFFECTED
HIS OR HER SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of Paragraph 13 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 13 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15. The release, discharge, and covenant not to sue set forth in Paragraph 13 of this Agreement does not include claims by any of the Class Members other than the Released Claims and does not include other claims, such as those solely arising out of product liability, personal injury, or breach of contract claims not related to the subject matter of the Action in the ordinary course of business not covered by the Released Claims.

D.     Settlement Amount.

16. Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Panasonic shall pay the Settlement Amount of $70,000,000 (the "Settlement Amount"). The Settlement Amount shall be paid into an escrow account in United States Dollars to be administered in accordance with the provisions of Paragraph 17 of this Agreement (the "Escrow Account") within sixty (60) business days after the Execution Date.

17.     Escrow Account.

(a)     The Escrow Account will be established at Wells Fargo Bank, National

Association, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Plaintiffs' Class Counsel and Panasonic, such escrow to be administered under the Court's continuing supervision and control.

(b)  The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then current market rates.

(c)  All funds held in the Escrow Account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)  Plaintiffs and Panasonic agree to treat the Settlement Fund as being at all times a qualified settlement fund within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 17, including the relation-back election (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)  For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in Paragraph 17(d)) shall be consistent with Paragraph 17(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the

Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 17(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Panasonic or any other Panasonic Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 17(d) through 17(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Paragraph 17(f)) ("Tax Expenses"), shall be paid out of the Settlement Fund.

(g)     Neither Panasonic nor any other Panasonic Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). Neither Panasonic nor any other Panasonic Releasee is responsible nor shall they have any liability therefor.  Plaintiffs and Panasonic agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 17(d) through 17(f).

(h)     If this Agreement does not receive final Court approval, including final approval of "the Class" as defined in Plaintiffs' Fourth Consolidated Amended Complaint (or, if that complaint is amended to expand the definition of "the Class," the operative complaint at the time this Agreement is presented for preliminary approval) or if the Action is not certified as a class action for settlement purposes, then

all amounts paid by Panasonic into the Settlement Fund (other than costs expended in accordance with Paragraph 18(a)) shall be returned to Panasonic from the Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days after respective denial of approval or certification as the case may be.

18. <u>Payment of Expenses</u>.

(a) Panasonic agrees to permit use of a maximum of $525,000 of the Settlement Fund towards notice to the class and the costs of administration of the Settlement Fund set forth in Paragraph 17. The $525,000 in notice and administration expenses are not recoverable if this settlement does not become final to the extent such funds are expended for notice and administration costs. Other than as set forth in this Paragraph 18(a), neither Panasonic nor any of the other Panasonic Releasees under this Agreement shall be liable for any of the costs or expenses of the litigation of the Action, including attorneys' fees; fees and expenses of expert witnesses and consultants; and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for Class administration and costs.

(b) If Class Counsel enters into any other settlements on behalf of the Class before notice of this Agreement is given to the Class, Class Counsel shall use its reasonable best efforts to provide a single notice to prospective Class Members of all of the settlements.

E. <u>The Settlement Fund.</u>

19. Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Panasonic Releasees of all Released Claims, and shall have no other recovery against Panasonic or any other Panasonic Releasee.

20. After this Agreement becomes final within the meaning of Paragraph 11, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiffs, subject to approval by the Court. In no event shall any Panasonic Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such

distribution and administration, with the sole exception of the provisions set forth in Paragraph 18(a) of this Agreement. The Panasonic Releasees shall be dismissed from this Action prior to any distribution of this Settlement Fund.

21. Plaintiffs and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. The Panasonic Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs' or the Class' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

22. <u>Class Counsel's Attorneys' Fees And Reimbursement of Expenses.</u>

(a) Class Counsel may submit an application or applications to the Court for payment of attorneys' fees and reimbursement of expenses (the "Fee and Expense Application") for distribution to them from the Settlement Fund. The Panasonic Releasees shall not oppose such application(s) for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred, or to be incurred, in connection with prosecuting the Action, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Class Counsel reserves the right to make additional applications for fees and expenses incurred, but in no event shall Panasonic Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund. In addition, after final approval, Class Counsel may apply to use any amount paid by Panasonic, and to be paid out of the Settlement Fund, to pay the past or future expenses of this litigation.

(b) The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund within five (5) Court days after this Agreement becomes final as set forth in Paragraph 11 of this Agreement. Class Counsel shall allocate the attorneys' fees among class counsel in a manner which he in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action. In the event the Settlement is reversed on appeal or awards of attorneys' fees and reimbursement of costs are reduced on appeal, any Plaintiffs' counsel that received awards of fees and/or reimbursement of costs that are subject to reduction shall, within ten (10) business days from receiving notice of the applicable court order, refund to the

11

Settlement Fund the required amounts. Each such Plaintiffs' counsel's law firm, as a condition of receiving such fees, expenses and costs, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this paragraph 22(b).

(c)     The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(d)     Neither Panasonic nor any other Panasonic Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Plaintiffs' counsel of any Fee and Expense Award in the Action.

(e)     Neither Panasonic nor any other Panasonic Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Plaintiffs' counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F.     <u>Cooperation.</u>

23.     Upon execution of the Agreement, Panasonic shall reasonably cooperate with Class Counsel as set forth specifically below:

(a)     Panasonic agrees to provide a declaration or stipulation to establish, to the best of its ability, where it is possible to do so, authenticity and foundation for up to 25 documents selected by Plaintiffs for trial. Class Counsel may also continue to pursue their pending motion to compel Panasonic to authenticate documents.

(b)     Panasonic will not preclude Class Counsel from any discovery that is ongoing. In addition, Panasonic will not preclude Class Counsel from calling any witness for deposition, and, if necessary at trial, to provide information, to the best of

their ability, with respect to any matter pertinent to the allegations of Plaintiffs' Fourth Amended Complaint, to the extent permitted by Rule 45 of the Federal Rule of Civil Procedure.

24. Except as provided in Paragraphs 13 and 23 of this Agreement, Panasonic and BMCC need not respond to formal discovery from Plaintiffs or otherwise participate in the Action during the pendency of the Agreement. In the event that the Agreement is not approved by the Court, or otherwise terminates, the Panasonic Releasees and Plaintiffs will each be bound by and have the benefit of any rulings made in the Action to the extent they would have been applicable to the Panasonic Releasees or Plaintiffs had the Panasonic Releasees been participating in the Action. Neither Panasonic nor Plaintiffs shall file motions against the other during the pendency of this Agreement. Within five (5) business days after the Execution Date, Panasonic shall withdraw all pending motions for summary judgment, solely as they relate to the Indirect Purchaser Plaintiffs' claims against Panasonic, subject to reinstatement in the event this Agreement does not become final.

25. Panasonic Releasees and Plaintiffs agree not to disclose publicly or to any other defendant or third party the terms of this Agreement until this Agreement is submitted to the Court for approval. Plaintiffs or Panasonic Releasees may, however, disclose the fact and amount of this Settlement to the Special Master or the Court. Panasonic Releasees may disclose the fact that they have settled the claims of the Class to the other defendants in the Action.

G. Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

26. If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify a settlement class in accordance with the specific class definition set forth in Plaintiffs' Fourth Consolidated Amended Complaint (or, if that complaint is amended to expand the definition of the Class, the operative complaint at the time this Agreement is presented for preliminary approval), or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in Paragraph 10 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Panasonic and the Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety, except as

provided in paragraph 18 (a). Written notice of the exercise of any such right to rescind shall be made according to the terms of Paragraph 37. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

27. In the event that this Agreement does not become final, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Panasonic less only disbursements made in accordance with Paragraph 18(a) of this Agreement. Plaintiffs expressly reserve all their claims and Panasonic Releasees expressly reserve all of their rights and defenses if this Agreement does not become final.

28. Further, and in any event, Plaintiffs and Panasonic agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Panasonic (or the Panasonic Releasees), or of the truth of any of the claims or allegations contained in the complaint or any other pleading filed in the Action, or by any person or entity in any other action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.

29. This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Panasonic Releasee as provided in this Agreement.

30. The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in Paragraphs 8-11 hereof, appropriate notice (i) of the settlement; and (ii) of a hearing at which the Court will consider the approval of this Settlement Agreement will be given to Class Members.

H. <u>Miscellaneous</u>

31. This Agreement does not settle or compromise any claim by

Plaintiffs or any Class Member asserted in Plaintiffs' Fourth Consolidated Amended Complaint or, if amended, any subsequent Complaint, against any defendant or alleged co-conspirator other than the Panasonic Releasees. All rights against such other defendants or alleged coconspirators are specifically reserved by Plaintiffs and the Class. Panasonic's sales to the Class shall not be removed from the Action.

32. The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Panasonic. This Agreement shall be governed by and interpreted according to the substantive laws of the State of California without regard to its choice of law or conflict of laws principles.

33. This Agreement constitutes the entire, complete and integrated agreement among Plaintiffs and Panasonic pertaining to the settlement of the Action against Panasonic Releasees, and supersedes all prior and contemporaneous undertakings of Plaintiffs and Panasonic in connection herewith. This Agreement may not be modified or amended except in writing executed by Plaintiffs and Panasonic, and approved by the Court.

34. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Panasonic. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs, Class Counsel or Panasonic shall be binding upon all Class Members, Releasors, and Panasonic. The Panasonic Releasees (other than Panasonic which is a party hereto) are third party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

35. This Agreement may be executed in counterparts by Plaintiffs and Panasonic, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

36. Neither Plaintiffs nor Panasonic (nor any Panasonic Releasee) shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or

might cause any provision to be construed against the drafter of this Agreement.

37. Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by email, facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

38. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

Dated: Jan 26, 2015

_____
Mario N. Alioto

Mario N. Alioto
malioto@tatp.com
Lauren C. Capurro
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200

**Class Counsel and Attorneys for the Class**


Dated: Jan 28, 2015

_____
Jeffrey L. Kessler

Jeffrey L. Kessler (pro hac vice)
Email: Jkessler@winston.com
Eva Cole (pro hac vice)
Email: ewcole@winston.com
WINSTON & STRAWN LLP
200 Park Avenue

16

New York, NY 10166
Telephone: (212)294-6700

**Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, MT Picture Display Co., Ltd.**