Vaughn R Walker
Special Master
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>THIS ORDER RELATES TO:<br>ALL CASES | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE MITSUBISHI'S MOTION TO COMPEL VIEWSONIC PERCIPIENT WITNESS DEPOSITIONS AND COORDINATION OF DISCOVERY** |

An issue of potential concern to all parties has arisen in the context of Mitsubishi's Motion to Compel ViewSonic Percipient Witness Depositions. Since the above-referenced motion was originally filed on behalf of the Mitsubishi Defendants[1] (collectively, "Mitsubishi"), Mitsubishi and ViewSonic have settled their dispute (see Order, Docket No 3846). Now ViewSonic wishes to have the motion withdrawn from consideration.

But counsel for Chunghwa Picture Tubes and LG Electronics, Inc have written to express the view that the Motion to Compel ViewSonic Percipient Witness Depositions remains a live motion as to the remaining defendants. 5/28/15 Brass Ltr at 1. Citing the court's Discovery Protocol, requiring all defendants' counsel to engage in best efforts to coordinate discovery efficiently and without duplication (Dkt 1128), counsel contends that "the Defendants did not – and could not—move independently on these requests and instead understood that the Motion would apply equally to all parties given the consolidated nature of these proceedings." Because the issues concerning ViewSonic's discovery are relevant to the claims against the remaining Defendants, "the Defendants respectfully request that the Court issue a decision on the pending motion." 5/28/15 Brass Ltr at 2.

ViewSonic objects on the grounds that: (1) "neither Chunghwa nor LG Electronics joined Mitsubishi's Motion, nor did either party participate in the extensive meet-and-confer discussions regarding the Motion," and (2) "neither Chunghwa nor LG Electronics signed onto the discovery request." 5/29/15 Heaven Ltr at 1. ViewSonic requests that Mitsubishi's Motion be dismissed as moot.

The court's Discovery Protocol required coordination of "discovery in all actions transferred to this MDL" and that "[a]ll CRT Plaintiffs' counsel and Defendants' counsel shall engage in their best efforts to conduct discovery efficiently and without duplication." 4/3/12 Discovery Protocol, Dkt 1128 at 14. The Protocol also specifies that: "Defendants shall consult

---

[1] Mitsubishi Electric Corporation ("MELCO"), Mitsubishi Electric US, Inc ("MEUS") and Mitsubishi Electric Visual Solutions America, Inc ("MEVSA").

in good faith in an effort to propound joint written discovery requests, but to the extent separate written discovery is served, Defendants shall not duplicate interrogatories, requests for admission, and requests for documents." Id. By requiring that only non-duplicative written discovery be served, the Protocol suggests that Defendants are mandated not to serve independent written discovery unless non-duplicative.

The Protocol further specifies:

> Any discovery requests, including written discovery, deposition notices, or subpoenas served in this MDL proceeding, shall be served on Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect Purchaser Plaintiffs, each State Attorney General, and Liaison Counsel for Individual Action Plaintiffs, who shall be the only individual action plaintiffs' counsel who must be served with discovery requests and responses, and on counsel for each defendant.

By requiring each discovery request be served on Interim Lead Counsel, Liaison Counsel, each State Attorney General and counsel for each Defendant, the Discovery Protocol keeps all parties informed of all discovery requests in an effort to coordinate the extensive discovery involved in this large and complex MDL.

The disposition of the Mitsubishi motion to compel ViewSonic percipient witnesses may implicate the interests of other remaining defendants who may wish to submit a letter brief in support of consideration of the Mitsubishi motion despite Mitsubishi's own withdrawal. Furthermore, counsel for Chunghwa and LG Electronics raise the broader issue of when can a party reasonably depend on the coordination of discovery to rely upon another party's discovery efforts? Did the party need to serve an official notice of joinder? Given the intent of the Discovery Protocol, that may be too strict a requirement. Now that a number of parties have settled and are in the process of withdrawing their discovery motions, the undersigned finds that the interests of justice would be served by allowing counsel for any party to this MDL whose interests may be implicated by the withdrawal of a pending motion by

ORDER RE MITSUBISHI'S MOTION TO COMPEL VIEWSONIC PERCIPIENT WITNESS
DEPOSITIONS AND COORDINATION OF DISCOVERY                                PAGE **3** OF **4**

a settling party to submit a letter brief (no later than July 7, 2015) addressing whether the motion should nonetheless remain pending and the reasons therefor.

IT IS SO ORDERED.

Date: June 8, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge