Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA 94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO 80203
Telephone: +1 303-607-3500
Facsimile: +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

*Attorneys for Defendants Thomson SA and Thomson Consumer*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Crago d/b/a Dash Computers, Inc., et al. v. Technicolor SA, et al., No. 14-cv-02058* | **DECLARATION OF KATHY L. OSBORN REGARDING COMPLIANCE WITH 28 U.S.C. § 1715.**<br><br>Judge: Hon. Samuel Conti |

I, Kathy L. Osborn, hereby declare as follows:

1. I am currently an attorney with the law firm Faegre Baker Daniels LLP, counsel for Defendants Thomson SA and Thomson Consumer Electronics, Inc. ("Thomson"). I am admitted to practice *pro hac vice* before the United States District Court for the Northern District of California. The statements contained in this declaration are based on my personal knowledge and, if called as a witness, I could competently testify to the following facts.

2. I submit this declaration to demonstrate Thomson's compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA").

3. Thomson, Technologies Displays America, LLC ("TDA") and the Direct Purchaser Plaintiffs in the above-captioned action ("DPPs") executed a settlement agreement and filed with the Court a motion for preliminary approval of the settlement [Dkt. No. 3562]. Subsequently, the Court entered an order: (1) directing the parties to provide certain additional information regarding the notice and notice plan and (2) vacating the previously scheduled April 3, 2015 preliminary approval hearing. In response, the DPPs filed a Memorandum in Response to Order re: Preliminary Approval of Class Action Settlements [Dkt. No. 3817] providing the supplemental information requested by the Court. This Court has not yet set a new hearing date for DPPs' motion for preliminary approval of the settlement with Thomson and TDA.

4. On May 21, 2015, Faegre Baker Daniels' attorneys and staff, acting under my direction, served upon the Attorney General of the United States and the appropriate government officials for all fifty states, the District of Columbia, American Samoa, Guam, North Mariana Islands, Puerto Rico and the Virgin Islands, Thomson's CAFA Notice, which consisted of the following:

    a. A letter regarding notice, pursuant to CAFA, of the proposed class action settlement between Thomson and the DPPs in the above-captioned action;

    b. The DPPs' Complaint and First Amended Complaint Against Mitsubishi Electric, Thomson, and TDA;

    c. Copies of the proposed settlement notice and the proposed summary settlement notice that were filed with the DPPs' motion for preliminary approval and, because the proposed notification to class members has not been finalized, for reference, the final class action settlement notices in the above-referenced litigation for prior settlements between the DPPs and Defendants Chunghwa Picture Tubes, Ltd. and related entities, Philips Electronics North America Corporation and related entities, Panasonic Corporation of North America and related entities, LG Electronics, Inc. and related entities, Toshiba Corporation and related entities, Samsung SDI Co. Ltd. and related entities, and Hitachi, Ltd. and related entities;

    d. A fully executed copy of Thomson and TDA's settlement agreement with the DPPs; and

      e. A copy of the Court's March 26, 2015 Order [Dkt. No. 3810] directing the parties to provide additional information regarding the proposed form of notice and notice plan.

5. Service was made by placing true and correct copies of the aforementioned documents on a disk and placing copies of said disk in envelopes for delivery by United States Postal Service Certified Mail, and depositing them within my firm for collection by the United States Postal Service pursuant to my firm's regular practice of collecting and processing envelopes and other matters for mailing.

6. Submitted herewith as **Exhibit A** is the letter served as part of Thomson's CAFA Notice, which includes a list of the names and addresses of the officials upon Thomson served the CAFA Notice.

Executed this 8th day of June 2015, at Indianapolis, Indiana.

                                        /s/ Kathy L. Osborn