Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>Direct Purchaser Plaintiffs v Mitsubishi | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE DIRECT PURCHASER PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RESPONSES FROM MITSUBISHI** |

Direct Purchaser Plaintiffs ("DPPs") moved for an order requiring the Mitsubishi Defendants[1] (collectively, "Mitsubishi") to (1) serve original Exhibits A and B to its supplemental interrogatory responses, (2) serve complete and verified supplemental responses to Interrogatory No 12, including new information and sales figures, (3) make deponents Messrs Koji Murata and Masahiko Konishi available for further examination in San Francisco and (4) reopen any deposition for which there is new information. The undersigned issued an order on April 28, 2015, Dkt 3830, granting the first two requests in the DPPs' motion and granting Mitsubishi the opportunity to address the third request. The fourth request remains pending and may be updated if the parties are unable to reach agreement after further meeting and conferring. On May 26, 2015, Mitsubishi submitted a supplemental letter brief and on June 2, 2015, the DPPs submitted a reply letter brief regarding the outstanding issues.

In the meantime, the undersigned issued an order dated May 28, 2015, Dkt 3859, granting the DPPs' separate motion to compel further testimony and evidence of Mr Murata based on events occurring during the deposition. On June 10, 2015, Mitsubishi submitted a letter requesting consideration of its sur-response, with revised positions on the scope of the Murata deposition and other issues. The parties are now negotiating a late June date for Mr Murata's deposition in San Francisco. Currently at issue and addressed in this order are the further examination of Messrs Murata and Konishi and the adequacy of Mitsubishi's third supplemental response to the DPPs' Interrogatory No 12.

The undersigned has reviewed the parties' supplemental submissions and issues the order that follows.

---

[1] Mitsubishi Electric Corporation ("MELCO"), Mitsubishi Electric US, Inc ("MEUS") and Mitsubishi Electric Visual Solutions America, Inc ("MEVSA").

### I. Further Deposition of Messrs Murata and Konishi

Mitsubishi originally contended that apart from the further deposition order on May 28, there is no need to depose Koji Murata or Masahiko Konishi further because there is no new discovery on which to question them. Mitsubishi asserted that: (1) the original Exhibits A and B were produced to the DPPs in September 2014, three months before the initial Murata and Konishi depositions in December 2014; (2) at their depositions, both Messrs Murata and Konishi were questioned extensively about Exhibit B; and (3) no additional sales data exist on which to question either witness. The DPPs, in Mitsubishi's view, had a full and fair opportunity to question Messrs Murata and Konishi in December and suffered no prejudice that warrants a resumption of their depositions.

According to Mitsubishi, the only discovery that the DPPs lacked when deposing Messrs Murata and Konishi in December 2014 was a revised Exhibit B that was provided to the DPPs on January 16, 2015 as part of Mitsubishi's Second Supplemental Responses. 5/26/15 Fuentes Ltr at 11. Mitsubishi "revised Exhibit B to accommodate the DPPs' broader requests for competitor meetings" since the DPPs' interrogatory was broader than that of the Direct Action Plaintiffs ("DAPs"). Revised Exhibit B identified 22 meetings that were not listed on the original Exhibit B. *Id*. But the DPPs were not prejudiced, according to Mitsubishi, because "every one of these meetings is reflected in the documents Mitsubishi Electric had already produced to the DPPs" and Messrs Murata and Konishi had been asked about meetings that were not on the earlier version of Exhibit B. *Id*.

Finally, Mitsubishi objected to the further depositions, asserting that requiring further depositions of two busy Mitsubishi executives who both live outside the United States, would be "costly and unduly burdensome," that during their depositions, their recollections about meetings with other CRT producers had already been exhausted, and both men are "essential to their respective business units." 5/26/15 Fuentes Ltr at 1.

The DPPs respond that: (1) Mitsubishi's revised Exhibit B and second supplemental response to Interrogatory 5 "identify over 50 new meetings and contacts" on which Messrs Murata and Konishi were not examined during their depositions in December 2014; (2) the DPPs' questions regarding competitor meetings without the benefit of documents do not foreclose the likelihood that additional meaningful testimony could be elicited using information about specific meetings and related documents to refresh the witnesses' recollections; and (3) Mitsubishi's previous production of underlying documents about the additional meetings should not excuse the late production of the January 16, 2015 revised Exhibit B because "there have been millions of pages of documents produced in this action in several different languages."  6/2/15 Saveri Ltr at 2.

Based on the parties' submissions, it appears that the following facts are undisputed:

(1) By the December 2014 depositions of Messrs Murata and Konishi, the DPPs had an original Exhibit B that Mitsubishi had served in response to the DAPS' First Set of Interrogatories in September 2014 ("original Exhibit B").  5/26/14 Fuentes Dec, Ex 2.

(2) On September 17, 2014, in response to the DAPs request, Mitsubishi sent an updated Exhibit B containing Bates numbers of the documentary backup to the information contained in the original Exhibit B ("9/17/2014 updated Exhibit B").  5/26/14 Fuentes Dec, Ex 3-4.

(3) On January 16, 2015, Mitsubishi served its supplemental discovery response including a revised Exhibit B ("1/16/15 revised Exhibit B") responsive to the DPPs' discovery requests that were broader than the DAPs' prior discovery requests for which the original Exhibit B and the September 17, 2014 updated Exhibit B had been prepared.  5/26/15 Fuentes Ltr at 11, 5/26/15 Fuentes Dec, Ex 14.

  (4) The January 16, 2015 revised Exhibit B identified at least 22 additional meetings and their associated documentary backup in the form of Bates numbers that had not been disclosed in the previously produced versions of Exhibit B.  Compare 5/26/14 Fuentes Dec, Ex 14 with Ex 2 and 4.

  (5) By the time of the December 2014 depositions of Messrs Murata and Konishi, the DPPs had the September 17, 2014 updated Exhibit B containing information about 35 meetings, including Bates numbers for their documentary backup.

  (6) The DPPs did not have the January 16, 2015 revised Exhibit B and its entries describing the 22 additional meetings and associated Bates numbers when they deposed Messrs Murata and Konishi in December 2014.

  (7) The parties are negotiating the further deposition of Mr Murata in late June 2015 in response to the May 28, 2015 recommended order of the undersigned (Dkt 3859) to which neither party has objected.  6/10/15 Fuentes Ltr at 1.

  Having carefully considered the supplemental submissions (over 1,500 pages), the undersigned concludes that having the opportunity to question Messrs Murata and Konishi using the original Exhibit B may have been useful to the DPPs but it was not sufficient.  The original Exhibit B had to be supplemented to respond fully to the DPPs' broader discovery requests, as admitted by Mitsubishi.  5/26/15 Fuentes Ltr at 11.

  There is no dispute that the January 16, 2015 revised Exhibit B contained information about an additional 22 meetings with backup documents by Bates numbers.  This missing information is substantial in that the 22 additional meetings with competitors and some number of new contacts may be highly relevant to key issues or may lead to admissible evidence in this MDL.  There is no dispute that evidence about Mitsubishi's meetings with competitors during the class period is relevant.

In weighing the burdens, the undersigned considers that Mitsubishi's delayed production of relevant discovery responses prevented the DPPs from conducting the full scope of their examinations of Messrs Murata and Konishi with information to which they were entitled under the federal discovery rules.  Because Mitsubishi had the DPPs' First Set of Interrogatories by September 4, 2014 and failed to produce a full response with the updated Exhibit B until January 16, 2015, *after* the Murata and Konishi depositions had been conducted in December 2014, it is reasonable to place the burden on Mitsubishi to make Messrs Murata and Konishi available for further deposition in San Francisco.  Any burden of international travel or time away from important corporate responsibilities suffered by Mitsubishi executives should be borne by Mitsubishi for its failure to produce the updated Exhibit B before the Murata and Konishi depositions.  Mitsubishi and its counsel had knowledge of the scope of the DPPs' interrogatories and could have requested a delay in the depositions pending supplementation of discovery or moved for a protective order granting an extension of time.

Moreover, there is no additional burden with respect to Mr Murata since the undersigned has already granted the DPPs' separate motion to compel his deposition in San Francisco.  Mitsubishi's June 10, 2015 Sur-response letter to the undersigned states that it "see[s] no reason why Mr. Murata may not also be asked about the January 16 supplemental interrogatory response, as well as the sales data information" and that counsel for the parties "already have discussed reaching a further agreement on the scope of Mr Murata's deposition in this respect."  6/10/15 Fuentes Ltr at 1.  Mitsubishi requests that after the Murata deposition, the parties be heard and then the undersigned may consider whether requiring Mr Konishi's deposition would be appropriate.

The Mitsubishi proposal seems reasonable.  During Mr Murata's deposition in June 2015, the DPPs may examine him about Mitsubishi's January 16 supplemental interrogatory response and any subsequent Mitsubishi responses, Mitsubishi's sales data information and its search for and disposition of relevant documents.  The Konishi deposition

ORDER RE DPPS' MOTION TO COMPEL DISCOVERY RESPONSES FROM MITSUBISHI          PAGE **6** OF **8**

will be postponed until after the Murata deposition and a hearing before the undersigned at a date to be determined.

## II. Mitsubishi's Supplemental Response to DPPs' Interrogatory No 12

With respect to Mitsubishi's supplemental response to Interrogatory No 12, relating to Mitsubishi's CRT and CRT Product sales, Mitsubishi asserts that it cannot produce information or documents it does not possess.  Mitsubishi asserts that its third supplemental response served on May 26, 2015 clarifies "the specific sales data that it has produced" and confirms that "after completing its investigation, no other data exists." 5/26/15 Fuentes Ltr at 4.  Mitsubishi also explains that the reason for the limited sales data in its possession is due to the following:  (1) Mitsubishi was not a defendant in this MDL until August 2012 (Dkt 1325); (2) the DPPs did not sue Mitsubishi until very recently, May 5, 2014, seven years after the conspiracy was alleged to have ended; (3) Mitsubishi exited the CPT business in 1998, eight years before the end of the class period; and (4) Mitsubishi stopped manufacturing and selling CDTs in the 2004/2005 timeframe. 5/26/15 Fuentes Ltr at 5.

The DPPs assert that:  (1) Mitsubishi's third supplemental response to Interrogatory No 12 is still insufficient because a more informative response can be provided even with the existing documents and (2) Mitsubishi's explanation for why it does not have any other sales data fails to provide any information about its search process or destruction or loss of information.  6/2/15 Saveri Ltr at 3-5.

The undersigned has reviewed Mitsubishi's third supplemental response to the DPPs' Interrogatory No 12 and finds it sparse.  The parties' submissions have raised issues regarding the adequacy of Mitsubishi's document productions, the existence of responsive documents and what happened to responsive documents that no longer exist.  Paragraph 3 of the May 26, 2015 Fuentes Declaration, based solely on information and belief, raises more

questions than it answers.[2]  In light of these circumstances, Mitsubishi may consider whether further supplementation may be appropriate.  If the parties are unable to reach agreement after further conferring, either party may submit a motion and request the undersigned to conduct a hearing.

The DPPs' motion to compel is **granted in part.**  Mitsubishi is ordered to produce Mr Murata for his deposition in San Francisco consistent with the 5/28/15 Order (Dkt 3859) and the scope of his deposition may include topics raised in this motion (e g, the January 16, 2015 Third Supplemental Response, Mitsubishi's sales data information and the disposition of responsive documents).  The deposition of Mr Konishi shall be postponed until after the Murata deposition and after a hearing before the undersigned at a date to be determined.  The parties shall inform the undersigned of their requested hearing dates after the Murata deposition.

IT IS SO ORDERED.

Date: June 12, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge

---

[2] The parties have submitted their letter briefs as highly confidential requiring the undersigned to refer to confidential information in a way that protects the parties' confidentiality designations.  The counsel and court, in any review of this order, should refer to the information in the following documents filed under seal:  Mitsubishi Electric's Notice of Motion and Motions in Limine Nos 1-3 and Exhibit 1 (5/26/15 Fuentes Dec, Ex 19).