Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Class Counsel for the*
*Indirect Purchaser Plaintiffs and*
*Counsel for Brian Luscher*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC; No. CV-13-03234-SC |
| | MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS;<br><br>*Luscher et al. v. Videocon Industries Limited, et al.* | **INDIRECT PURCHASER PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL TO INCLUDE ADDITIONAL SETTLEMENTS; SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  July 31, 2015<br>Time: 10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge:  Honorable Samuel Conti |

# NOTICE OF AMENDED MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 31, 2015 at 10:00 a.m., before the Honorable Samuel Conti, United States District Court for the Northern District of California, 450 Golden Gate Ave., Courtroom 1, 17th Floor, San Francisco, California, the Indirect Purchaser Plaintiffs ("Plaintiffs") will move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for entry of an Order:

1. Certifying a Settlement Class;
2. Preliminarily approving seven class action settlements (the originally proposed five settlements with the Philips, Panasonic, Hitachi, Toshiba, and Samsung SDI Defendants, and additional settlements with Technicolor/Thomson entities and with Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC)) (collectively the "Proposed Settlements");
3. Granting preliminary approval to the proposed plan of distribution and proposed claim form;
4. Approving the proposed notice plan and directing distribution of notice of the Proposed Settlements to the Class, and providing Class Members with opportunity to opt out of or object to the Proposed Settlements;
5. Scheduling final approval of the Proposed Settlements; and
6. Setting a schedule for any motions for an award of attorney's fees, litigation expenses and incentive awards for the named plaintiffs.

The grounds for this amended motion are that the Proposed Settlements are within the range of reasonableness, and the proposed Settlement Class satisfies the certification requirements for such Settlements. This amended motion is based on (1) this Amended Notice of Motion and Motion; (2) the supporting Supplemental Memorandum of Points and Authorities; (3) the Supplemental Declaration of Mario N. Alioto in support thereof; (4) the originally filed (a) Notice of Motion and Motion, (b) supporting Memorandum of Points and Authorities, and (c) accompanying Declarations

1

INDIRECT PURCHASER PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL TO INCLUDE ADDITIONAL SETTLEMENTS
Master File No. CV-07-5944-SC; No. CV-13-03234

of Mario N. Alioto and Joseph Fisher in support thereof; and (5) any further papers filed in support of this motion, the argument of counsel, and all pleadings and records on file in this matter.

2

INDIRECT PURCHASER PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL TO INCLUDE ADDITIONAL SETTLEMENTS
Master File No. CV-07-5944-SC; No. CV-13-03234

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

The Indirect Purchaser Plaintiffs ("Plaintiffs") amend their original motion to seek preliminary approval under Rule 23 of the Federal Rules of Civil Procedure of two more class action settlements (the "Additional Settlements").[1] These are settlements between Plaintiffs and the following two sets of defendants (collectively the "Thomson and TDA" Defendants): (a) Technicolor SA (f/k/a Thomson SA) and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) (collectively "Thomson"); and (b) Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) ("TDA"). These Additional Settlements add to the settlements already reached with the Philips, Panasonic, Hitachi, Toshiba and Samsung SDI Defendants. The seven settlements are collectively referred to as the "Proposed Settlements."

The Additional Settlements are contingent upon provisional certification of a Settlement Class consisting of all indirect purchasers of CRT Products in the United States from March 1, 1995 through November 25, 2007. The Settlement Class is identical to the Settlement Class proposed in Plaintiffs' Motion for preliminary approval of the five other proposed settlements.

The seven Proposed Settlements resolve all federal and state-law claims brought by Plaintiffs against the originally named Settling Defendants and the newly named Thomson and TDA Defendants.[2] The Additional Settlements obligate the Thomson and TDA Defendants to pay a total of Thirteen Million, Seven Hundred Fifty Thousand Dollars ($13,750,000). If approved, the seven Proposed Settlements—along with the two previously-approved settlements[3]—will result in total settlement payments by Defendants of Five Hundred Seventy-six Million, Seven Hundred Fifty

---

[1] The terms of the two Additional Settlements are memorialized in one settlement agreement (the "Additional Settlement Agreement"). It is is attached as Exhibit A to the accompanying Supplemental Declaration of Mario N. Alioto In Support of Amended Motion for Preliminary Approval to Include Additional Settlements ("Suppl. Alioto Decl.").

[2] The Thomson and TDA Defendants are newly named defendants in a parallel indirect-purchaser class action within this MDL. *See Luscher v. Videocon Industries Limited, et al.,* No. CV-13-03234.

[3] The Court granted final approval to settlements with Chunghwa Picture Tubes Ltd. on March 22, 2012 (Dkt. No. 1105) and the LG Electronics Defendants on April 18, 2014 (Dkt. No. 2542).

Thousand Dollars ($576,750,000) to indirect purchasers of Cathode Ray Tubes ("CRTs") and products containing CRTs, such as televisions and computer monitors (hereinafter "CRT Products"), as summarized in the chart below.

| DEFENDANT | TOTAL SETTLEMENT |
|---|---|
| Philips<br>Panasonic<br>Hitachi<br>Toshiba<br>Samsung SDI<br>Thomson and TDA | $ 175,000,000<br>$   70,000,000<br>$   28,000,000<br>$   30,000,000<br>$ 225,000,000<br>$   13,750,000 |
| Total of seven currently proposed settlements | $ 541,750,000 |
| Chunghwa<br>LG | $   10,000,000<br>$   25,000,000 |
| Total of two previously approved settlements | $   35,000,000 |
| Grand total of all settlements | $ 576,750,000 |

This Memorandum focuses solely on the factors favoring preliminary approval of the Additional Settlements. Plaintiffs also rely upon and incorporate by reference the Motion, Memorandum of Points and Authorities, Declarations and other materials supporting their original Motion for Preliminary Approval of the other settlements. (*See* Master File, Dkt. Nos. 3861-3863.)

## II.   PROCEDURAL HISTORY

On July 12, 2013, Plaintiffs filed a Complaint in the United States District Court for the Northern District of California, naming as defendants Videocon Industries Limited; Technologies Displays Americas LLC ("TDA"); and Technologies Displays Mexicana, S.A. de CV ("TDM"). (*See Luscher v. Videocon Industries Limited, et al.,* No. 3-cv-03234 (*"Luscher"*)) (*Luscher* Dkt. No. 1).) This Court subsequently related the action to this MDL. (*Luscher* Dkt. No. 11.)

No defendant has answered or responded to the Complaint. Videocon defaulted. On November 6, 2011 and again on October 30, 2012, Plaintiffs entered into tolling agreements with

1  Thomson.  On November 18, 2013, Plaintiffs entered into a tolling agreement with TDA.  (Suppl.
2  Alioto Decl. ¶ 13.)  On December 4, 2013, Plaintiffs dismissed without prejudice TDA and TDM.
3  (*Luscher* Dkt. No. 18.)  Plaintiffs did not name any Thomson entities as defendants, but named them
4  as co-conspirators in both the main Action (Master File No. CV-07-5944-SC, Dkt. No. 1526) and in
5  *Luscher* (*Luscher* Dkt. No. 1).  During discovery, Plaintiffs and other parties in this MDL obtained
6  documents and deposition testimony relating to the role played by Thomson and TDA in the alleged
7  conspiracy.  The evidence obtained is summarized in the allegations made in the *Luscher* First
8  Amended Complaint filed in conjunction with this amended request for preliminary approval.  (*See*
9  *Luscher* Dkt. No. 25.)

### III. SUMMARY OF SETTLEMENT TERMS

#### A. The Proposed Additional Settlements

Plaintiffs and the Thomson and TDA Defendants entered into settlement agreements on June 10, 2015.  (Suppl. Alioto Decl. Ex. A.)  The Additional Settlements resolve all claims against these defendants for their alleged part in the alleged global conspiracy to fix prices of CRTs.  (*Id*. ¶ 14.)  In exchange for dismissal with prejudice and a release of claims as defined in the Additional Settlement Agreement, the Thomson and TDA Defendants have agreed to pay $13,750,000 in cash, to be deposited in a guaranteed escrow account on July 15, 2015.  (*Id*. ¶ 17.)  When the Additional Settlements become final, Plaintiffs and settlement class members will release their claims against the Thomson and TDA Defendants.  (*See id.* ¶ 3.)  The Additional Settlements also provide that $525,000 from the Settlement Fund may be used to pay for Notice costs and future costs incurred in administration and distribution of proceeds.  (*See id.* ¶ 19.)

The proposed Settlement Class is the same as the Settlement Class proposed for the other settlements.  It consists of a Nationwide Class and Statewide Damages Classes.  (*See* Suppl. Alioto Decl. ¶ 8.)  The Thomson and TDA Defendants have stipulated to the Class defined in Plaintiffs' operative complaint.  (*Id*.)

### B.     Consideration

The Thomson and TDA Defendants will pay Thirteen Million Seven Hundred Fifty Thousand Dollars ($13,750,000) in cash to settle the indirect purchaser claims against them. The Settlement Amount will be deposited into an escrow account and will be invested in United States Treasury bills and other instruments insured or guaranteed by the full faith and credit of the United States. If the settlements are finally approved, any interest earned thereon (together with the Settlement Amounts) will become part of the Settlement Fund. (Alioto Suppl. Decl. Ex. A ¶¶ 17-18.)

### C.     Release

As in the other five settlements,[4] Plaintiffs and class members will release all federal and state-law claims against a Defendant whose settlement becomes final, "concerning the manufacture, supply, distribution, sales or pricing of CRT Products . . . ." (Suppl. Alioto Decl. Ex.¶ A ¶ 14.) The release does not include claims for product defect, personal injury or breach of contract. (*Id.* ¶ 16.)

## IV.    PRELIMINARY APPROVAL OF THE ADDITIONAL SETTLEMENTS IS IN THE BEST INTEREST OF THE MEMBERS OF THIS SETTLEMENT CLASS

For the reasons set forth below and in Plaintiffs' original moving papers, the Additional Settlements are within the range of reasonableness and are in the best interest of the Settlement Class Members.

In assessing whether a proposed settlement meets the standard for preliminary approval, courts have identified the primary factors that should be considered: (1) whether the settlement is a result of arm's-length negotiations; (2) the terms of the settlement in relation to the strength of plaintiff's case; (3) whether sufficient discovery had been conducted at the time of settlement to evaluate the case; and (4) the opinion of experienced counsel.[5] Each of these factors weighs in favor of granting preliminary approval of the Additional Settlements.

---

[4] (*See* Declaration of Mario N. Alioto in Support of Indirect Purchaser Plaintiffs' Motion for Preliminary Approval ("Alioto Decl.") (Dkt. No. 3862), Settlement Agreements, Exs. A-E at ¶¶ 13-15.)

4
INDIRECT PURCHASER PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL TO INCLUDE ADDITIONAL SETTLEMENTS
Master File No. CV-07-5944-SC; No. CV-13-03234

### A. Arm's-Length Negotiations

Plaintiffs entered into settlement negotiations with the Thomson and TDA Defendants following Plaintiffs' settlements with the other five Defendants. The Additional Settlements were reached after the parties engaged in numerous settlement discussions. The negotiations were thorough and hard-fought, contested and conducted at arm's-length in the utmost good faith. (Suppl. Alioto Decl. ¶ 9.) These negotiations continued over several weeks and involved the exchange of information concerning Thomson's financial condition and the collectability of a judgment against Technicolor SA. (*Id.*)

Defendants were represented by the highest caliber counsel with years of experience and success in defending antitrust and class action claims. The Plaintiffs were represented by highly-experienced counsel who engaged in extensive discovery and trial preparation. It cannot be disputed that the Additional Settlements were reached by counsel with extensive knowledge of the strengths and weaknesses of the case.

### B. Settlement Recovery in Relation To the Plaintiffs' Case

The payments under the Proposed Settlements, combined with the payments under the previously-approved settlements, now total nearly $577 million. As discussed in Plaintiffs' original Motion, this result eclipses all indirect-purchaser settlements except the settlement in the LCD indirect purchaser case.

### C. Sufficiency of Discovery

The stage of the proceedings at which the Additional Settlements were reached also favors preliminary approval. The Additional Settlements occurred after more than seven years of litigation and after the case was fully developed for trial. Even though the Thomson Defendants were not originally named as defendants and TDA was dismissed, Plaintiffs had access to full discovery, the exchange of expert reports on liability and damages, the filing of oppositions to defense motions for

---

[5] *In re Mid-Atlantic Toyota Antitrust Litig.,* 564 F. Supp. 1379, 1383-1384 (D. Md. 1983); *see also In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 458 (9th Cir. 2000).

summary judgment, and other comprehensive and fact-intensive motions.  (*See* Suppl. Alioto Decl. ¶¶ 10.)  As noted, over the course of the last seven years, Plaintiffs have reviewed and analyzed millions of documents produced by MDL Defendants and third parties, taken over 100 depositions of defense witnesses, and have conducted extensive economic analyses of the Defendants' and third parties' data.  (*Id.*)  Thus, Plaintiffs were able to negotiate the Additional Settlements with detailed knowledge of the factual and legal issues underlying the claims and defenses in the action, and the strengths and weaknesses of the case.

### D. Opinion of Experienced Counsel

Finally, Plaintiffs' Class Counsel has determined that the Additional Settlements are in the best interest of the class members.  (Suppl. Alioto Decl. ¶ 11.)

Plaintiffs' counsel believes that the Defendants' payment of $13,750,000 is an excellent recovery for the class.  (*Id.*)  In addition, Plaintiffs would have faced substantial obstacles if they would have had to enforce a judgment against Technicolor SA.  (*Id.*)  Technicolor USA, Inc. is not profitable as it is largely a holding company and has no material assets other than its interest in its U.S. subsidiaries.  (*Id.* ¶ 12.)  It has substantial debts.  Enforcement of a judgment in France against Technicolor SA, a French company, would also present obstacles.  Proceedings could last several years, and a French court might refuse to enforce the judgment.  (*Id.*)

Technicolor SA could also seek insolvency protection.  Technicolor SA emerged from French bankruptcy proceedings in July 2014, but it could declare bankruptcy again anytime.  Under French law, Technicolor SA also could file for pre-judgment bankruptcy proceedings.  (*Id.*)

Collection of a judgment against TDA would also be difficult.  It is a small company with few assets and significant debt.  (*Id.*)

For these reasons, the Additional Settlements are within the range of final approval as fair, reasonable, and adequate.  They should be preliminarily approved.

## V. PROPOSED PLAN OF NOTICE AND PLAN OF DISTRIBUTION

Plaintiffs have submitted revised proposed notices and claim form that include notice of the Additional Settlements. (*See* Alioto Suppl. Decl. Exs. B-E.) The previously-filed Declaration of Joseph Fisher of The Notice Company lays out the contemplated notice program.

The Additional Settlements do not alter the Plan of Distribution previously proposed, except to the extent that additional funds will be distributed.

## VI. NOTICE COSTS, LITIGATION EXPENSES AND ATTORNEYS' FEES

The Additional Settlements provide that counsel for the Plaintiffs may apply to the Court for an award of attorneys' fees (not to exceed one-third of the Settlement Fund), and for payment of notice costs and litigation expenses, all of which come out of the Settlement Fund. As explained, the Thomson and TDA Defendants have agreed that a certain amount of the Settlement Fund can be used for notice costs. Also, they will not oppose Plaintiffs' application for attorneys' fees and litigation expenses. (Suppl. Alioto Decl. Ex. A ¶¶ 19, 23.)

The Proposed Notices (Suppl. Alioto Decl. Exs. B-D) advise that the Plaintiffs intend to apply for attorneys' fees (not to exceed one-third of the Settlement Fund), notice costs and litigation expenses. These applications will be heard at the final approval hearing or other date determined by the Court. Additionally, as previously noted the Proposed Notices advise that the Plaintiffs intend to apply for individual incentive awards for the indirect purchaser class representatives, all of whom fully participated in the discovery phase of the case. However, Plaintiffs will not seek additional incentive rewards for putative class representatives in *Luscher*.

These applications will be filed with the Court and posted to the website www.CRTclaims.com at least 14 days in advance of the deadline for objections to give class members an opportunity to review the applications and either support or file objections to them.[6] (Alioto Decl. ¶ 54.)

---

[6] *See In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010).

7

INDIRECT PURCHASER PLAINTIFFS' AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL TO INCLUDE ADDITIONAL SETTLEMENTS
Master File No. CV-07-5944-SC; No. CV-13-03234

## VII. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court: (1) grant preliminary approval of all seven settlements (the five originally proposed settlements, plus the two Additional Settlements); (2) certify the proposed Settlement Class; (3) grant preliminary approval to the proposed plan of distribution and proposed claim form; (4) approve the proposed notice plan as complying with due process and Rule 23, and order that notice of the Proposed Settlements be given to the Class; (5) set a schedule for final approval; and (6) set a schedule for any motions for an award of attorneys' fees, litigation expense and incentive awards.

Dated: June 10, 2015

Respectfully submitted,

/s/ Mario N. Alioto

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Class Counsel for Indirect Purchaser Plaintiffs and Counsel for Brian Luscher*