Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Class Counsel for the*
*Indirect Purchaser Plaintiffs and*
*Counsel for Brian Luscher*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC; No. CV-13-03234-SC <br><br> MDL No. 1917 |
| This Document Relates to: <br><br> ALL INDIRECT PURCHASER ACTIONS; <br><br> *Luscher et al. v. Videocon Industries Limited, et al.* | **SUPPLEMENTAL DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' <u>AMENDED</u> MOTION FOR PRELIMINARY APPROVAL TO INCLUDE ADDITIONAL SETTLEMENTS** <br><br> Hearing Date: July 31, 2015 <br> Time: 10:00 a.m. <br> Courtroom: One, 17th Floor <br> Judge: Honorable Samuel Conti |

I, Mario N. Alioto, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Class Counsel for the Indirect Purchaser Plaintiffs ("Plaintiffs") in the above-captioned action, and as Counsel for Plaintiffs in the *Luscher* action that is also part of this MDL. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. Plaintiffs have entered into additional class action settlements, with (a) the Technicolor (f/k/a/ Thomson) ("Thomson") Defendants; and (b) Technologies Displays Americas (f/k/a Thomson Displays Americas) ("TDA").

3. Attached as Exhibit A is a true and correct copy of the Settlement Agreement (the "Additional Settlement Agreement") with these entities.

4. Attached as Exhibit B is a revised version of the proposed Summary Notice that now includes reference to the additional settlements.

5. Attached as Exhibit C is a revised version of the proposed Detailed Notice that now includes reference to the additional settlements.

6. Attached as Exhibit D is a revised version of the proposed e-mail Notice that now includes reference to the additional settlements.

7. Attached as Exhibit E is a revised version of the proposed Claim Form that now includes reference to the additional settlements.

8. The proposed Settlement Class is the same as the Settlement Class proposed for the other settlements. It consists of a Nationwide Class and Statewide Damages Classes. The Thomson and TDA Defendants have stipulated to the Class defined in Plaintiffs' operative complaint.

9. Plaintiffs entered into settlement negotiations with the Thomson and TDA Defendants following Plaintiffs' settlements with the other five Defendants. The Additional Settlements were reached after the parties engaged in numerous settlement discussions. The negotiations were thorough and hard-fought, contested and conducted at arm's-length in the utmost good faith. These

1

negotiations continued over several weeks and involved the exchange of information concerning Thomson's financial condition and the collectability of a judgment against Technicolor SA.

10. The Additional Settlements occurred after more than seven years of litigation and after the case was fully developed for trial.  Even though the Thomson Defendants were not originally named as defendants and TDA was dismissed, Plaintiffs had access to full discovery, the exchange of expert reports on liability and damages, the filing of oppositions to defense motions for summary judgment, and other comprehensive and fact-intensive motions.  Over the course of the last seven years, Plaintiffs have reviewed and analyzed millions of documents produced by MDL Defendants and third parties, taken over 100 depositions of defense witnesses, and have conducted extensive economic analyses of the Defendants' and third parties' data.  Thus, Plaintiffs were able to negotiate the Additional Settlements with detailed knowledge of the factual and legal issues underlying the claims and defenses in the action, and the strengths and weaknesses of the case.

11. Plaintiffs' Class Counsel has determined that the Additional Settlements are in the best interest of the class members.  I believe that the Defendants' payment of $13,750,000 is an excellent recovery for the class.  In addition, Plaintiffs would have faced substantial obstacles if they would have had to enforce a judgment against Technicolor SA.

12. Technicolor USA, Inc. is not profitable as it is largely a holding company and has no material assets other than its interest in its U.S. subsidiaries.  It has substantial debts.  Enforcement of a judgment in France against Technicolor SA, a French company, would also present obstacles. Proceedings could last several years, and a French court might refuse to enforce the judgment. Technicolor SA could also seek insolvency protection.  Technicolor SA emerged from French bankruptcy proceedings in July 2014, but it could declare bankruptcy again anytime.  Under French law, Technicolor SA also could file for pre-judgment bankruptcy proceedings.  Collection of a judgment against TDA would also be difficult.  It is a small company with few assets and significant debt.

13. On November 6, 2011 and again on October 30, 2012, Plaintiffs entered into tolling agreements with Thomson.  On November 18, 2013, Plaintiffs entered into a tolling agreement with TDA.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 10th day of June, 2015 at San Francisco, California.

*/s/ Mario N. Alioto*
Mario N. Alioto

*Class Counsel for the Indirect Purchaser Plaintiffs and Counsel for Brian Luscher*

3

SUPPLEMENTAL DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY APPROVAL TO INCLUDE ADDITIONAL SETTLEMENTS
Master File No. CV-07-5944-SC; No. CV-13-03234