Michael P. Kenny, Esq. (admitted *pro hac vice*)
mike.kenny@alston.com
Debra D. Bernstein, Esq. (admitted *pro hac vice*)
debra.bernstein@alston.com
Matthew D. Kent, Esq. (admitted *pro hac vice*)
matthew.kent@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

James M. Wagstaffe, Esq. (SBN 95535)
wagstaffe@kerrwagstaffe.com
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Tel: (415) 371-8500
Facsimile: (415) 371-0500

*Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

**[Additional Counsel Listed on Signature Page]**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| This Document Relates to: Individual Cases: No. 13-cv-2171 (SC); 11-cv-5502 (SC)<br><br>*Dell Inc., et al. v. Hitachi Ltd. et al.*, No. 13-cv-02171;<br><br>*Best Buy Co. v. Hitachi, Ltd.*, No. 11-cv-05513;<br><br>*Best Buy Co. v. Technicolor SA*, No. 13-cv-05264;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA,* No. 3:13-cv-05262;<br><br>*Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514-SC; | **DIRECT ACTION PLAINTIFFS' OPPOSITION TO DEFENDANT LG ELECTRONICS, INC.'S JOINDER TO CO-DEFENDANTS' OUTSTANDING MOTIONS FOR SUMMARY JUDGMENT, MOTION TO EXCLUDE EXPERT TESTIMONY, AND MOTIONS IN *LIMINE*** |

*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;

*Siegel v. Technicolor SA,* No. 13-cv-05261;

*ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.*, No. 14-cv-2510;

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.,* No. 3:11-cv-01656-SC;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05724-SC;

*CompuCom Sys., Inc. v. Hitachi, Ltd., et al.,* No. 3:11-cv-06396-SC;

*Interbond Corp. of Am. v. Hitachi, Ltd. et al.,* No. 3:11-cv-06276-SC;

*Interbond Corp. of America v. Technicolor SA, et al.*, No. 3:13-cv-05727-SC;

*Office Depot, Inc. v. Hitachi, Ltd. et al.,* No. 3:11-cv-06276-SC;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 3:13-cv-05726-SC;

*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.,* No. 3:12-cv-02648-SC;

*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05725-SC;

*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649-SC;

*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Technicolor SA., et al.*, No. 3:13-cv-05668-SC;

*Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 13-cv-1173;

*Sharp Electronics Corp., et al. v. Koninkliike Philips Elecs., N.V.,et al.*, No. 13-cv-2776

*Tech Data Corporation; Tech Data Product Management, Inc. v. AU Optronics Corp., et al.,* No. 13-cv-00157

DAPS' OPPOSITION TO LGE'S MOTION TO JOIN DEFENDANTS' OUTSTANDING MOTIONS FOR SUMMARY JUDGMENT, MOTION TO EXCLUDE EXPERT TESTIMONY, AND MOTIONS IN *LIMINE*

MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

1

## INTRODUCTION

2   The deadline for filing dispositive motions was November 7, 2014.  Defendant LG Electronics,

3   Inc. ("LGE") filed twelve motions for summary judgment that day, and it signed onto seven others

4   filed by its Co-Defendants.  (Parties' Joint Filing of Dispositive Motions Chart, MDL Dkt. No. 3484).

5   LGE also made the tactical decision not to join other motions for summary judgment filed by its Co-

6   Defendants.  Now, ***seven months*** after the Court's dispositive motion deadline, LGE without

7   explanation attempts to join twelve motions without seeking leave of the Court.  (Defendant LG

8   Electronics, Inc.'s Joinder to Co-Defendants' Outstanding Motions for Summary Judgment, Motion to

9   Exclude Expert Testimony, and Motions *In Limine*, Dkt. No. 3864 ("LGE's Joinder")).  Similarly, LGE

10  purports to join a *Daubert* motion six months after the December 5, 2014 *Daubert* deadline and four

11  motions in *limine* nearly four months after the February 13, 2015 motion in *limine* deadline.

12  LGE's Joinder should be stricken because it did not establish good cause for its failure to

13  comply with the Court's scheduling order.  Though LGE couches its Joinder as a procedural formality,

14  it would prejudice Plaintiffs.  For example, LGE's Joinder would prejudice Dell by reviving two

15  motions for summary judgment that this Court ordered withdrawn four months ago in February 2015.

16  Because LGE did not seek leave of Court and/or establish good cause for its failure to timely join the

17  summary judgment motions, the Court should deny and strike LGE's tardy request.

18

## ARGUMENT AND CITATION TO AUTHORITIES

19  Pursuant to the Court's Scheduling Order, LGE was required to file any dispositive motions by

20  the Court's November 7, 2014 deadline, *Daubert* motions by December 5, 2014, and motions in *limine*

21  for cases pending in the Northern District of California by February 13, 2015.  (Stipulation and Order

22  Regarding Scheduling, MDL Dkt. No. 2459, at 3; Stipulation and Order Regarding Scheduling, MDL

23  Dkt. No. 3182, at 3).  The Court did not allow additional time for joining summary judgment motions

24  filed by other parties.  (*See id.*).  Nothing in the local rules permits parties to join motions after court-

25  ordered deadlines.  (*See, e.g.,* L.R. 56).  Unless otherwise ordered, motions to join are subject to the

26  same deadlines as the motions themselves.  *See, e.g., Briglia v. Horizon Healthcare Servs., Inc.*, No.

27  03-6033 (NLH), 2007 WL 1959249, at *3-4 (D. N.J. July 3, 2007) (denying motions to join summary

28  judgment motions because request for joinder occurred four weeks after dispositive motion deadline);

1  *Big Top USA, Inc. v. The Wittern Grp.*, 183 F.R.D. 331, 343 (D. Mass. 1998) (highlighting that "motion

2  to join the summary judgments motions of co-defendants" was filed "*late*" when filed "one week after

3  the deadline for dispositive motions").  Courts routinely strike the motions of parties who miss

4  deadlines set forth in scheduling orders.  *See Haney v. Adams*, No. 1:07-cv-01104-AWI-SMS (PC),

5  2012 WL 6097102, at *1-2, *1, n.2 (E.D. Cal. Dec. 7, 2012) (striking summary judgment motion filed

6  seven months after dispositive motion deadline); *Freedman v. United Nat'l Ins.*, No. CV 09-5959 AHM

7  (CTx), 2010 WL 5361782, at *1-2 (C.D. Cal. Dec. 21, 2010) (denying summary judgment motion filed

8  only two months after summary judgment deadline).

9         LGE's Joinder should be denied and stricken because LGE failed to seek the Court's

10  permission to file its untimely Joinder and it made no effort to establish the good cause[1] required for

11  modifying the Court's scheduling order.  *See* Fed. R. Civ. P. 16(b)(4); *Burney v. Woodford*, No. CIV S-

12  05-1849 FCD EFB P, 2009 WL 3246575, at *1 (E.D. Cal. Oct. 6, 2009) (applying Rule 16(b)(4)

13  analysis where party filed summary judgment motion without seeking leave of court).  *See also*

14  *Ammons v. Bakewell*, 481 F. App'x 389, 389 (9th Cir. 2012) (citing *Johnson*, 975 F.2d at 607-9)

15  (affirming district court's striking of summary judgment motion because plaintiff failed to show "good

16  cause"); *Medlock*, 2013 WL 1820297, at *1 (striking untimely motion for summary judgment because

17  defendants failed to show good cause); *Kizzee v. Walmart, Inc.*, No. CV10-0802-PHX-DGC, 2011 WL

18  3566881, at *1 (D. Ariz. Aug. 15, 2011) (denying untimely summary judgment motion because

19  "Plaintiff has failed to explain or establish good cause for the delay").  LGE's failure to seek leave or

20  satisfy its burden of "good cause" for its tardy motion is fatal; the Court should deny and strike LGE's

21  Joinder.[2]

22         Even if LGE had attempted to show good cause, it could not.  LGE cannot show that it failed to

23  "meet the deadline[s] despite exercising due diligence."  *Burney*, 2009 WL 3246575, at *1 (citing

24

---

25  [1] Courts in the Ninth Circuit strictly adhere to this "good cause" requirement because "[a] scheduling
    order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without
26  peril.'"  *Medlock v. Host Int'l, Inc.*, No. 1:12-cv-02024-JLT, 2013 WL 1820297, at *1 (E.D. Cal. Apr.
    20, 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-9 (9th Cir. 1992)).

27  [2] LGE similarly made no effort to show that its seven-month delay was the result of excusable neglect
    under Federal Rule of Civil Procedure 6(b)(1)(B).
28

1    *Johnson*, 975 F.2d at 609).  The Defendants took care in choosing which motions to file as well as

2    against whom and with whom those motions would be filed.  Some motions for summary judgment

3    were filed on behalf of all Defendants, some were filed on behalf of a smaller group of Defendants,

4    some were filed only against a small group of Plaintiffs, and some were filed against all Plaintiffs in all

5    cases.  LGE plainly made a tactical decision not to move for summary judgment on the grounds

6    articulated in the twelve summary judgment motions identified in its late Joinder.  Had LGE desired to

7    join motions for summary judgment, it could have done so in a timely manner, like its co-defendant

8    Toshiba.  *See, e.g.,* MDL Dkt. Nos. 3010, 3011, 3012, 3013, 3015, 3016, 3018, 3019, 3025, 3028,

9    3038, 3042, 3045, 3047 (Toshiba filed timely notices of joinder the day the summary judgment

10   motions were due).  LGE reaffirmed that tactical decision on January 26, 2015, when it filed a chart

11   (MDL Dkt. No. 3484), at the Court's request, identifying which summary judgment motions remained

12   active "and against what parties they remain active."  (Order Regarding Submissions in Support of

13   Dispositive Motions, Dkt. No. 3398, at 2).  LGE made similar tactical decisions by choosing not to

14   sign onto the *Daubert* motion or the four motions in *limine* identified in its Joinder.  LGE's tactical

15   decision to reverse course and sign onto these many motions seven months later is not good cause.  *See*

16   *In re Veritas Software Securities Litig*. No. C-03-0283 MMC, 2006 WL 463509, at *4 (N.D. Cal. Feb.

17   24, 2006) (holding that tactical decisions by counsel do not amount to related-doctrine of "excusable

18   neglect" and rejecting untimely filing of attorneys' fees motion filed only fifteen days late).[3]

19           Additionally, LGE's Joinder is a procedural anomaly because it is not a motion at all.  In

20   contrast to established requirements, it contains no notice of motion, no points and authorities and no

21   citation to any evidence.  (See Local Rules 7-2, 7-4, 7-5, 56-1)  Moreover, LGE's submission provides

22   no opportunity for an opposition on the merits (Local Rule 7-3) nor does it even provide an

23   explanation as to why LGE itself is entitled to judgment as a matter of law.

24
25   [3] Special Master Walker recently entered an order suggesting that the parties need not have filed
     official notices of joinder to discovery motions in order to maintain that discovery motions filed by
26   settling parties. That order does not apply here because it was based on the fact that the Court's
     Discovery Protocol required the parties not to duplicate discovery and the Defendants' belief that
27   discovery motions filed by one Defendant was filed on behalf of all Defendants, without requiring
     joinder.  That reasoning and discovery protocol does not apply here where all parties plainly
28   understood that each Defendant had to file (or sign onto) each individual summary judgment motion.

1       Although Plaintiffs do not need to show that they would be prejudiced by LGE's untimely

2 filing, it is important to note that specific Plaintiffs will in fact be prejudiced if LGE's Joinder is

3 permitted. *See Ammons*, 481 F. App'x at 389 (affirming district court's striking of untimely summary

4 judgment motion for lack of "good cause" without considering prejudice to defendant); *Kizzee*, 2011

5 WL 3566881, at *1 (denying untimely summary judgment motion because "plaintiff failed to explain

6 or establish good cause for the delay" without considering prejudice to defendant).  As this Court

7 recognized in its January 16, 2015 Order Regarding Submissions in Support of Dispositive Motions

8 (Dkt. No. 3398, at 2), settlements can moot Defendants' summary judgment motions as to particular

9 Plaintiffs.  Ten days later, the parties submitted the requested Dispositive Motions Chart, which

10 identified the motions that were entirely moot or no longer asserted against particular Plaintiffs.  By

11 filing its Joinder over four months later, LGE is attempting to unwind this process and prejudice

12 specific Plaintiffs by potentially reviving motions that have long been moot against them.  (Parties'

13 Joint Filing of Dispositive Motions Chart, Dkt. No. 3484).

14       For example, if the Court grants LGE's late-breaking joinder, Dell would be immediately

15 prejudiced because it would revive two summary judgment motions filed by Philips that this Court

16 ordered ***were moot and withdrawn as to Dell.***  *See* Order Granting Dell Plaintiffs' and Philips

17 Defendants' Stipulation of Withdrawal of Pending Motions, Dkt. No. 107 in Case No. 3:13-cv-02171-

18 SC); *see also* Dispositive Motions Chart, MDL Dkt. No. 3484 (reflecting that summary judgment

19 motions at Dkt. No. 3027 and 3040 are no longer active against Dell)).  These Philips Summary

20 Judgment Motions were withdrawn in light of Dell's stipulated dismissal of claims against Philips.  *Id.*

21 The Court should not entertain LGE's efforts to impose additional burden on the Court in ruling on

22 moot motions, particularly when LGE offered no explanation whatsoever—let alone good cause—for

23 its failure to join the summary judgment motions by the Court's dispositive motion deadline.

### CONCLUSION

25       For the reasons set forth above, the Court should deny and strike Defendant LG Electronics,

26 Inc.'s Joinder to Co-Defendants' Outstanding Motions for Summary Judgment, Motion to Exclude

27 Expert Testimony, and Motions *in Limine*.

28

1  Date:  June 17, 2015

2          Respectfully submitted,

3
                                        /s/  *Debra D. Bernstein*
4                                       Michael P. Kenny (admitted *pro hac vice*)
                                        Debra D. Bernstein (admitted *pro hac vice*)
5                                       Matthew D. Kent (admitted *pro hac vice*)
                                        Elizabeth Helmer (admitted *pro hac vice*)
6                                       ALSTON & BIRD LLP
                                        1201 West Peachtree Street
7                                       Atlanta, Georgia 30309-3424
                                        Telephone:  (404)-881-7000
8                                       Facsimile:   (404)-881-7777
9                                       Email:  mike.kenny@alston.com
                                               debra.bernstein@alston.com
10                                              matthew.kent@alston.com
                                               elizabeth.helmer@alston.com
11

12                                      James M. Wagstaffe, Esq. (SBN 95535)
                                        KERR & WAGSTAFFE LLP
13                                      101 Mission Street, 18th Floor
                                        San Francisco, California  94105-1576
14                                      Telephone:  (415)-371-8500
                                        Facsimile:  (415)371-0500
15                                      Email:  wagstaffe@kerrwagstaffe.com
16
                                        *Counsel For Plaintiffs Dell Inc. and Dell Products L.P.*
17
                                        /s/  *Philip J. Iovieno*
18                                      Philip J. Iovieno
                                        Anne M. Nardacci
19                                      BOIES, SCHILLER & FLEXNER LLP
                                        30 South Pearl Street, 11th Floor
20                                      Albany, NY  12207
                                        Telephone:  (518) 434-0600
21                                      Facsimile:  (518) 434-0665
                                        Email:  piovieno@bsfllp.com
22                                             anardacci@bsfllp.com
23                                      William A. Isaacson
24                                      BOIES, SCHILLER & FLEXNER LLP
                                        5301 Wisconsin Ave. NW, Suite 800
25                                      Washington, D.C.  20015
                                        Telephone:  (202) 237-2727
26                                      Facsimile:  (202) 237-6131
                                        Email:  wisaacson@bsfllp.com
27

28
                                            5
─────────────────────────────────────────────────────────────

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL  33301
Telephone:  (954) 356-0011
Facsimile:  (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*


/s/  Scott N. Wagner
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL  33131-3456
Tel:  305-374-7580
Fax: 305-374-7593
Email:   rturken@bilzin.com
              swagner@bilzin.com
              mwidom@bilzin.com

*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

/s/  Roman M. Silberfeld
Roman M. Silberfeld
Bernice Conn
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:  (310) 229-5800
Email:  rmsilberfeld@rkmc.com
              dmartinez@rkmc.com
              jscasselman@rkmc.com


Elliot S. Kaplan
K. Craig Wildfang

6

Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:  (612) 349-8500
Facsimile:   (612) 339-4181
Email:  eskaplan@rkmc.com
           kcwildfang@rkmc.com
           lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy
Purchasing LLC, Best Buy Enterprise Services, Inc.,
Best Buy Stores, L.P., Bestbuy.com, L.L.C., and
Magnolia Hi-Fi, Inc.*

/s/  *David J. Burman*
David J. Burman (*pro hac vice*)
Cori G. Moore (*pro hac vice*)
Eric J. Weiss (*pro hac vice*)
Nicholas H. Hesterberg (*pro hac vice*)
Steven D. Merriman (*pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206)359-8000
Facsimile:   (206)359-9000
Email:  DBurman@perkinscoie.com
           CGMoore@perkinsncoie.com
           EWeiss@perkinscoie.com
           NHesterberg@perkinscoie.com
           SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:  (415)344-7120
Facsimile:   (415)344-7320
Email:  JBass@perkinscoie.com

*Counsel for Plaintiff Costco Wholesale Corporation*

/s/  *Richard Alan Arnold*
Richard Alan Arnold (*pro hac vice*)
William J. Blechman (*pro hac vice*)
Kevin J. Murray (*pro hac vice*)
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL  33131
Tel:  305-373-1000
Fax: 305-372-1861
Email:  rarnold@knpa.com
           wblechman@knpa.com

7

kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

/s/  *Kenneth S. Marks*
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email: kmarks@susmangodfrey.com
         jross@susmangodfrey.com
         jcarter@susmangodfrey.com
         dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington  98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
         rblack@susmangodfrey.com
         jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust*

/s/  *Jason C. Murray*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA  90071
Telephone:  213-443-5582
Facsimile:  213-622-2690
Email:  jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

8

Telephone:  202-624-2500
Facsimile:  202-628-5116
E-mail:  jmurphy@crowell.com
          aheaven@crowell.com

*Counsel for ViewSonic Corp.*

/s/ *Kenneth A. Gallo*
Kenneth A. Gallo *(pro hac vice)*
Joseph J. Simons *(pro hac vice)*
Craig A. Benson *(pro hac vice)*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON  LLP
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Counsel for Plaintiffs Sharp Electronics Corporation
and Sharp Electronics Manufacturing Co. of America,
Inc.*