MARIO N. ALIOTO, ESQ. (56433)
JOSEPH M. PATANE, ESQ. (72202)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Class Counsel for the*
*Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:

All Indirect Purchaser Actions

Master File No. 3:07-cv-05944-SC

MDL No. 1917

**INDIRECT PURCHASER PLAINTIFFS' REPLY RE: MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS; RESPONSE TO CONDITIONAL OBJECTIONS**

Hearing Date: July 31, 2015
Time: 10:00 a.m.
Courtroom: One, 17th Floor
Judge: Honorable Samuel Conti

## I. Introduction

The Indirect Purchaser Plaintiffs' ("IPPs") submit this reply in further support of their motion for preliminary approval of the class action Settlements with the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA Defendants (the "Motion")[1], and in response to the conditional objections to preliminary approval of the Settlements submitted by Messrs. Scarpulla and Cooper (the "Objectors").[2]

The Motion is the first step towards finally compensating members of the indirect purchaser classes for their alleged antitrust injuries. The Motion has nothing to do with attorneys' fees and nothing to do with the allocation of those fees among class counsel. Attorneys' fees will be decided following a separate motion at the *final* approval stage, many months from now. The conditional objections should not be allowed to delay preliminary approval, which will further delay distribution of the settlement funds to class members in this 8-year old case.

Moreover, the objections have no basis in law or in fact. Permitting lead class counsel to allocate a fee award in the first instance is common practice in class actions. Many courts recognize this. Indeed, as demonstrated below, both Mr. Cooper and Mr. Scarpulla have themselves utilized this very same procedure in other cases in which they have served as lead counsel. Significantly, however, the Court remains the ultimate arbiter of the fee award in such cases, and all counsel retain the right to be heard regarding lead counsel's allocation.

In short, the objections are premature and baseless in any event. IPPs respectfully request that the Court overrule the objections and grant preliminary approval of the Settlements.

## II. Permitting Lead Counsel to Allocate the Fee Award in the First Instance is Common Practice in Class Actions

Contrary to the Objectors' claims, it is common practice in class actions for lead counsel to allocate the fee award in the first instance. The previously-approved settlement agreements in this case with defendants Chunghwa Picture Tubes, Ltd. ("Chunghwa") and LG Electronics, Inc.

[1] Dkt. Nos. 3861 and 3875.

[2] Dkt. Nos. 3874 and 3880.

("LG") contain language almost identical to the language objected to here.[3] Messrs. Cooper and Scarpulla did not object to these provisions. These settlements have been approved and the approvals have become final.[4] In addition, all of the direct purchaser class ("DPP") settlements approved in this case contain similar fee allocation language.[5] Those settlements have also been approved and have either become final or will become final shortly.[6]

This language was also contained in the indirect purchaser plaintiffs' settlement agreement with Chunghwa in the *LCD* case.[7] This is even more notable because the signatory on this settlement agreement was Mr. Scarpulla.[8] And Mr. Cooper was counsel of record in *LCD*.[9] Thus, Messrs. Scarpulla and Cooper have themselves adopted the very same procedure they are objecting to here.

Likewise, the fee allocation language is a common feature in orders awarding attorneys' fees in class actions, including orders entered in this District such as the *LCD* fee order and the *DRAM* fee order.[10] The *DRAM* fee order is again notable because Mr. Cooper is lead counsel in

---

[3] *See* Dkt. No. 884-1 (Chunghwa IPP Settlement Agreement, ¶ 23(b): "Lead Counsel shall allocate the attorneys' fees among Class Counsel in a manner which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action."); Dkt. No. 1933-1 (LG IPP Settlement Agreement, ¶ 22(b): "Lead Counsel shall allocate the attorneys' fees among Class Counsel in a manner which he in good faith believe [sic] reflects the contributions of such counsel to the prosecution and settlement of the Action.")

[4] *See* Declaration of Mario N. Alioto In Support of Reply Re: Motion for Preliminary Approval of Class Action Settlements ("Alioto Reply Decl.") ¶ 2.

[5] *See* Dkt. No. 1115-1 (Chunghwa DPP Settlement Agreement, ¶ 23(b)); Dkt No. 1115-1 (Philips DPP Settlement Agreement, ¶ 23(b)); Dkt. No. 1341-1 (LG DPP Settlement Agreement, ¶ 23(b)); Dkt. No. 1252-1 (Panasonic DPP Settlement Agreement, ¶ 23(b)); Dkt. No. 1572-1 (Toshiba DPP Settlement Agreement, ¶ 23(b)); Dkt. No. 2430-1 (Hitachi DPP Settlement Agreement, ¶ 23(b)); Dkt. No. 2430-1 (Samsung SDI DPP Settlement Agreement, ¶ 23(b)); and Dkt. No. 3562-1 (Thomson DPP Settlement Agreement, ¶ 22(b)).

[6] Alioto Reply Decl. ¶ 3.

[7] *See id.* ¶ 4, Ex. 1 (Chunghwa *LCD* Settlement Agreement, ¶ 22).

[8] *See id.*, p. 36.

[9] *See* Alioto Reply Decl. ¶ 5.

[10] *See id.* ¶¶ 6-7, Ex. 2 (*In Re TFT-LCD (Flat Panel) Antitrust Litig.*, 07-md-1827 SI, MDL No. 1827, Dkt. No. 7400, Order Granting Direct Purchaser Class Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Incentive Awards, p. 4 ¶ 11(e)); *id.* ¶ 8, Ex. 3 (*In re*

that case and Mr. Scarpulla serves as liaison counsel.[11]

There are other examples as well. In *SRAM*, the fee order contained the same fee allocation provision.[12] Mr. Scarpulla was lead counsel in *SRAM*. Mr. Cooper was counsel of record.[13]

Finally, in the *Credit/Debit Tying Cases*, the fee order contained the same fee allocation provision.[14] Mr. Scarpulla's former firm, Zelle Hofmann, was lead counsel in the case and Mr. Cooper was counsel of record.[15] Thus, Messrs. Scarpulla and Cooper have not only adopted this procedure in settlement agreements, they have routinely implemented it in various court orders.

Indeed, federal courts consistently endorse this fee allocation procedure in complex class actions such as this, where much of the work took place outside the purview of the court. These courts recognize that lead counsel, who supervised the day-to-day prosecution of the litigation and worked alongside their co-counsel, are much better equipped than the court to evaluate each law firm's respective contribution to the prosecution and settlement of the litigation.[16] This procedure

---

*Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 04-md-1486 PJH, MDL No. 1486, Dkt. No. 2234, Order Granting Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to Plaintiffs; Finally Adopting Report and Recommendations of Special Master Part III; Final Judgment, p. 4 ¶ 11).

[11] *See* Alioto Reply Decl. ¶¶ 9-10.

[12] *See id.* ¶ 11, Ex. 4 (*In re Static Random Access Memory (SRAM) Antitrust Litig.*, 4:07-md-1819 CW, MDL No. 1819, Dkt. No. 1407, Order Granting Award of Attorneys' Fees, Reimbursement of Expenses and for Class Representative Incentive Payments, at p. 3 ¶ E ("The attorneys' fees and expenses shall be allocated among IP Class Counsel by Lead Counsel (Zelle Hofmann Voelbel & Mason LLP) in a manner which, in Lead Counsel's good-faith judgment, reflects each such IP Class Counsel's contribution to the institution, prosecution and resolution of the litigation."))

[13] *See* Alioto Reply Decl. ¶¶ 12-13.

[14] *See id.* ¶ 14, Ex. 5 (*Credit Debit Tying Cases*, J.C.C.P. No. 4335, Order Granting Plaintiffs' Renewed Application for Attorneys' Fees, Expenses and Incentive Awards, p. 3 ¶ 10 ("Lead Counsel Zelle Hofmann Voelbel & Mason LLP is directed to allocate the fees among plaintiffs' counsel in a manner that reasonably reflects the hours expended by, and relative contributions of, each firm.")

[15] *See* Alioto Reply Decl. ¶¶ 15-16.

[16] *See, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.* No. 8:10ML 02151 JVS (FMOx), 2013 U.S. Dist. LEXIS 123298, at *316 (C.D. Cal., July 24, 2013) (approving plan for class counsel to allocate fees "in a manner that they believe, in good faith, reflects the contributions of counsel to the prosecution and settlement of the claims"

also has the advantage of preserving the time and resources of the Court.

Significantly, however, class counsel always retains the right to be heard regarding lead counsel's allocation of the fee award. The Court remains the final arbiter.[17] Here, the IPP settlement agreements make this clear. The fee allocation made by Lead Counsel may be amended by the Court and is subject to Court approval.[18]

No other indirect purchaser class counsel (there are 43 other firms involved) have objected to Lead Counsel allocating any future attorney fee award in the first instance. This is significant given that many of these counsel have far more at stake here than Objectors.

For example, Mr. Scarpulla has not had a major role in this case. Lead Counsel has established a time reporting protocol to monitor attorney time incurred in this case. Mr. Scarpulla has reported only 371.7 hours spent by him on this case in the almost 8 years the case has been

---

because "class counsel are the most familiar with the amount of work actually contributed by each of the 31 firms") (emphasis added); *In re Ampicillin Antitrust Litig.*, 81 F.R.D. 395, 400 (D.D.C. 1978) ("In the context of this litigation, which has extended over an eight-year period, it is virtually impossible for the Court to determine as accurately as can the attorneys themselves the internal distribution of work, responsibility and risk.") (emphasis added); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646 (S.D. Cal. 2011) ("[F]ederal courts routinely affirm the appropriateness of a single fee award to be allocated among counsel and have recognized that lead counsel are better suited than a trial court to decide the relative contributions of each firm and attorney.") (emphasis added); *In re Copley Pharm., Inc.*, 50 F.Supp.2d 1141, 1148 (D. Wyo. 1999) ("[C]lass counsel were there, working side by side, communicating frequently, and can better assess the relative worth of co-counsels' contributions.")

[17] *See In re Copley Pharm.*, 50 F. Supp. 2d at 1150 ("To the extent a stipulation is not possible, allocation of attorneys' fees is left to the discretion of the trial court."); 1 Alba Conte, Attorney Fee Awards §2.17 at 71-72 (2d ed. 1993) ("To the extent that such a stipulation is not possible in whole or in part, the court must make the allocation."); *In re Horizon/CMS Healthcare Corp. Sec. Litig.*, 3 F. Supp. 2d 1208 (D.N.M. 1998) (Recognizing the court's "duty to review the method chosen to allocate attorneys' fees to ensure that each attorney is compensated fairly in relation to the benefit they conferred . . .").

[18] *See, e.g.*, Dkt. No. 3862-4 (Toshiba IPP Settlement Agreement, ¶ 22(a): "Class Counsel shall allocate the attorneys' fees among plaintiffs' counsel in a manner which he in good faith believes reflects the contributions of such counsel . . . *provided that if a court rules otherwise*, Plaintiffs shall not have the right to rescind this Agreement based on that ruling." (Emphasis added); Dkt. No. 3862-5 (Samsung SDI IPP Settlement Agreement, ¶ 23(b) ("Class Counsel shall allocate the attorneys' fees among plaintiffs' counsel in a manner, *subject to the approval of the Court*, which he in good faith believes reflects the contributions of such counsel . . . .") (Emphasis added).

pending.[19]

In sum, the factual and legal grounds for the conditional objections are incorrect. Far from being "completely unprecedented," the fee allocation language in the Settlement Agreements is common practice in this case and many others in this District, is broadly endorsed by federal courts, and has been utilized by Messrs. Scarpulla and Cooper themselves in other cases. Taken together with the fact that there is no question Objectors retain their right to be heard regarding their allocated fee at the appropriate time, it is inexplicable why they have chosen to interpose this objection now and why they have claimed that the fee allocation procedure is "extraordinarily unusual if not completely unprecedented." Finally, there has been no showing of any prejudice to Messrs. Scarpulla or Cooper.

## III. The Objection Should Be Overruled And The Settlements Preliminarily Approved

The whole premise of the conditional objections is that objectors to fee allocations will not have a right to be heard. As shown above, this is not the case. Objectors can make whatever arguments they choose in conjunction with the fee proceedings, which are still many months away. Messrs. Scarpulla and Cooper do not explain why this standard procedure for allocating the attorneys' fee award should not apply here.

The conditional objections should not be allowed to distract from the purpose of this Motion, which has nothing to do with the allocation of attorneys' fees and everything to do with getting the Settlements approved so that the settlement fund can be distributed to consumers. The attorneys' fee award will be dealt with separately in the context of final approval.

## IV. Conclusion

There are no other objections to the motion for preliminary approval. The objections should be overruled and preliminary approval granted so that Lead Counsel can proceed with providing notice of the Settlements to class members and ultimately the return of monies to class members throughout the United States.

---

[19] Alioto Reply Decl. ¶ 17.

Dated: June 19, 2015

Respectfully submitted,

*/s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Class Counsel for Indirect Purchaser Plaintiffs*