IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER REGARDING SUPPLEMENTAL SUBMISSIONS IN SUPPORT OF MOTIONS AND IN PREPARATION FOR THE CASE STATUS CONFERENCE |
| ALL ACTIONS | |

On August 7, 2015, the parties will meet for a case status conference. Numerous parties have settled some or all of their claims, mooting certain motions, delaying others, and causing still others to become ripe for ruling. The Court issues this order to simplify and streamline the parties' submissions, the Court's consideration of those submissions, and maximize the efficiency of the Court and all parties during the status conference.

First, the Court ORDERS parties to identify and jointly file a single list of any tag-along cases presently pending transfer to the Court by the JPMDL or any other known cases related to this MDL known by counsel but not at present subject to a motion to transfer

pursuant to 28 U.S.C. § 1407.  For each such case, include the case name, an ECF or docket number, the jurisdiction in which it is presently pending, and (if applicable) the reason the case is not subject to a motion to transfer.

Second, the Court ORDERS Class Counsel for Direct Purchaser Plaintiffs (DPPs), Class Counsel for Indirect Purchaser Plaintiffs (IPPs), and DAP Liaison Counsel to jointly file a single list of which cases associated with this MDL can be terminated and in which pending motions can be terminated.  This list will help the Court determine which motions remain active in light of the numerous recent settlements and other dismissals.  A list of cases associated with this MDL as generated by ECF is attached to assist in the completion of this list.

Third, the Court ORDERS DAPs' Liaison Counsel to identify all DAP cases that will be subject to remand upon completion of pretrial matters pursuant to 28 U.S.C. § 1407 and the Supreme Court's decision in <u>Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998).  Also <u>note if the parties presently anticipate settling the matter or proceeding to trial</u>.

Fourth, the Court ORDERS all DAP Defendants to jointly file a single list of all DAP cases that will remain for trial within this Judicial District after all pre-trial matters have been resolved.  Cross list by Defendant, the case name, ECF number, and each plaintiff that is asserting a claim against the Defendant.

Fifth, the Court ORDERS that if a case will remain in this district, the parties to such actions shall confer and file a joint, single submission proposing how the parties propose to try the case.  This submission should include a schedule as complete as

possible to maximize the efficiency of all relevant parties at the upcoming case status conference.  Notwithstanding any other deadlines set herein, this list shall be due to the Court not later than 10 days prior to the scheduling conference.

     Sixth, the Court ORDERS the parties to file a single, joint spreadsheet or other document showing, in tabular format, any pending motion that the parties believe to be claim or party dispositive.  This will assist the Court in prioritizing its review of pending motions.  The list should not include motions in limine and other motions related to conduct of any trial.  As an example of the information the Court requests from the parties, a suggestion follows.  In complying with this directive, the parties need not follow the suggested format precisely, but should provide the essential information set forth below.

| ECF No. | Movant | Motion | Adverse Parties | Opp'n ECF No. | Reply ECF No. |
|---|---|---|---|---|---|
| 2976 | Hitachi Parties (joinder by Toshiba, ECF No. 3010) | Motion for Summary Judgment Based on Lack of Evidence of Participation in Alleged Conspiracy | IPPs, Electrograph, Circuit City, Best Buy, Target, Sears, Interbond, Office Depot, CompuCom, Costco, P.C. Richard & Son, Schultze, and Tech Data | 3274 | X |

If for any reason (e.g., settlement) a dispositive motion yet to be decided is in whole or part no longer active against some of the initially adverse parties but remains active against others or requires review for only certain issues, the parties shall include

///

3

the motion and indicate no further review by the Court is required by using ~~strikethrough~~, footnote, or some other means.

As these six lists or submissions will require coordination among different parties and may be more or less readily available, they may be filed together in a single document or as up to six separate documents filed at different times in the manner described below. However, all responsive documents must reference they are in satisfaction of this order and must be filed not later than 20 calendar days prior to the status conference, unless otherwise specified herein.

The document(s) should be submitted via ECF, in electronic format to the Court's proposed order email inbox, SCpo@cand.uscourts.gov, <u>and</u> via a printed courtesy copy to Chambers. The requirements set forth in the Court's January 15, 2015 Order, ECF No. 3398, regarding updates to the local rules with respect to this case remain in effect as applied to all other case filings.

IT IS SO ORDERED.

Dated: June 23, 2015

UNITED STATES DISTRICT JUDGE

Attachment

MDL No. 1917 In Re: Cathode Ray Tube (CRT) Antitrust Litigation
Member cases:

3:08-cv-00178-SC
3:08-cv-00309-SC
3:07-cv-06433-SC
3:07-cv-05981-SC
3:07-cv-06279-SC
3:07-cv-06303-SC
3:07-cv-06331-SC
3:07-cv-06225-SC
3:07-cv-06416-SC
3:08-cv-00494-SC
3:08-cv-01056-SC
3:08-cv-01032-SC
3:08-cv-00337-SC
3:08-cv-01345-SC
3:08-cv-01108-SC
3:08-cv-01364-SC
3:08-cv-01371-SC
3:08-cv-01319-SC
3:08-cv-01621-SC
3:08-cv-01622-SC
3:08-cv-01623-SC
3:08-cv-01624-SC
3:08-cv-01626-SC
3:08-cv-01627-SC
3:08-cv-01721-SC
3:08-cv-00614-SC
3:08-cv-01807-SC
3:08-cv-01559-SC
3:08-cv-01983-SC
3:08-cv-01984-SC
3:08-cv-01985-SC
3:08-cv-02024-SC
3:08-cv-02023-SC
3:08-cv-02204-SC
3:08-cv-02205-SC
3:08-cv-02206-SC

3:08-cv-02980-SC
3:08-cv-03493-SC
3:08-cv-04063-SC
3:08-cv-05521-SC
3:11-cv-01656-SC
3:11-cv-05513-SC
3:11-cv-06275-SC
3:11-cv-06276-SC
3:11-cv-06397-SC
3:11-cv-06396-SC
3:11-cv-05502-SC
3:11-cv-06205-SC
3:11-cv-05381-SC
3:11-cv-05515-SC
3:11-cv-05514-SC
3:12-cv-01998-SC
3:12-cv-02648-SC
3:12-cv-02649-SC
3:13-cv-00157-SC
3:13-cv-02171-SC
3:13-cv-05724-SC
3:13-cv-05723-SC
3:13-cv-01173-SC
3:13-cv-02776-SC
3:13-cv-03234-SC
3:13-cv-05668-SC
3:13-cv-05727-SC
3:13-cv-05726-SC
3:13-cv-05725-SC
3:13-cv-05261-SC
3:13-cv-05262-SC
3:13-cv-05264-SC
3:13-cv-05686-SC
3:14-cv-02058-SC
3:14-cv-02510-SC

Related Case: 3:12-mc-80151-SC        Cases in other courts: 13-80210
                                                              14-16817