| | |
|---|---|
| 1 | BRAD BRIAN (State Bar No. 079001) |
| | brad.brian@mto.com |
| 2 | WILLIAM D. TEMKO (State Bar No. 98858) |
| | william.temko@mto.com |
| 3 | SUSAN E. NASH (State Bar No. 101837) |
| | susan.nash@mto.com |
| 4 | E. MARTIN ESTRADA (State Bar No. 223802) |
| | martin.estrada@mto.com |
| 5 | CLAIRE YAN (State Bar No. 268521) |
| | claire.yan@mto.com |
| 6 | MUNGER, TOLLES & OLSON LLP |
| | 355 South Grand Avenue |
| 7 | Thirty-Fifth Floor |
| | Los Angeles, California 90071-1560 |
| 8 | Telephone:    (213) 683-9100 |
| | Facsimile:    (213) 687-3702 |
| 9 | |
| | MIRIAM KIM (State Bar No. 238230) |
| 10 | miriam.kim@mto.com |
| | LAURA LIN (State Bar No. 28154) |
| 11 | laura.lin@mto.com |
| | CATHLEEN HAMEL HARTGE (State Bar No. 296547) |
| 12 | cathleen.hartge@mto.com |
| | MUNGER, TOLLES & OLSON LLP |
| 13 | 560 Mission Street |
| | Twenty-Seventh Floor |
| 14 | San Francisco, California 94105-2907 |
| | Telephone:    (415) 512-4000 |
| 15 | Facsimile:    (415) 512-4077 |
| 16 | *Attorneys for Defendant LG Electronics, Inc.* |
| 17 | *Additional Defendants and Counsel Listed on Signature Pages* |
| 18 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 21 | IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-md-05944-sc (N.D.Cal) |
| 22 | | MDL No. 1917 |
| 23 | This Document Related to: | **DEFENDANT LG ELECTRONICS, INC.'S RESPONSE TO DIRECT ACTION PLAINTIFFS' OPPOSITION TO LGE'S JOINDER TO OUTSTANDING MOTIONS FOR SUMMARY JUDGMENT, MOTION TO EXCLUDE EXPERT TESTIMONY, AND MOTIONS *IN LIMINE*** |
| 24 | *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513 | |
| 25 | | |
| 26 | *Alfred H. Siegel, As Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.*, Case No. 11-cv-05502 | |
| 27 | | |
| 28 | | Judge:   The Honorable Samuel Conti |

27167975.7

| | |
|---|---|
| 1 | *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*, Individual Case No. 11-cv-06396 |
| 2 | |
| 3 | *Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, Case No. 11-cv-06397 |
| 4 | |
| 5 | *Dell Inc.; Dell Products L.P., v. Philips Electronics North America Corporation et al.*, No. 13-cv-2171 |
| 6 | |
| 7 | *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, Case No. 11-cv-01656 |
| 8 | |
| 9 | *Interbond Corporation of America d/b/a BrandsMart USA v. Hitachi, Ltd., et al.*, Case No. 11-cv-06275 |
| 10 | |
| 11 | *Office Depot Inc. v. Hitachi Ltd., et al.*, Case No. 11-cv-06276 |
| 12 | |
| 13 | *P.C. Richard & Son Long Island Corporation et al. v. Hitachi Ltd., et al.*, Case No. 12-cv-02648 |
| 14 | |
| 15 | *Schultze Agency Services, LLC on behalf of Tweeter OPCO, LLC, et al., v. Technicolor SA, et al.*, Case No. 12-cv-02649 |
| 16 | |
| 17 | *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd.,* No. 11-cv-05514 |
| 18 | |
| 19 | *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-1173 |
| 20 | |
| 21 | *Sharp Electronics Corp., et al. v. Koninklijke Philips Elecs., N.V., et al.*, No. 13-cv-2776 |
| 22 | |
| 23 | *Tech Data Corp., et al. v. Hitachi, LTD., et al.*, Individual Case No. 13-cv-00157 |
| 24 | |
| 25 | *ViewSonic Corporation v. Chunghwa Picture Tubes Ltd.*, No. 14-cv-2510 |
| 26 | |
| 27 | |
| 28 | |

27167975.7

DEF. LG ELECTRONICS, INC.'S RESPONSE TO DAPS' OPPOSITION TO LGE'S JOINDER

# INTRODUCTION

Defendant LG Electronics, Inc. ("LG") submits this response to Direct Action Plaintiffs' ("Plaintiffs" or "DAPs") "opposition" to LG's Notice of Joinder. As demonstrated herein, LG's simple joinder to a number of fully briefed summary judgment motions and motions *in limine* currently pending in this case is routine, timely and permitted under applicable Northern District and Ninth Circuit case law.

# ARGUMENTS AND AUTHORITIES

### A. LG's Routine Notice of Joinder in Fully Briefed Motions Will Streamline Future Proceedings

This action alleges that the named defendants engaged in a price-fixing conspiracy and is premised on joint and several liability. *See, e.g.*, Dell's First Amended Complaint, ECF No. 1726. A summary judgment motion in favor of any one defendant necessarily affects other defendants in equal force with respect to joint and several liability and to damages. Given the complexity of the MDL action, the number of parties, and ongoing settlement efforts, and in order to avoid overly duplicative filings, parties must at times rely upon motion practice initiated by other parties. As Judge Walker recently recognized in an order regarding joinder with respect to discovery motions, the need to serve an official joinder at the time of the original motion is likely "too strict a requirement." *See* ECF No. 3866 at 3.

LG filed a notice of joinder with respect to several pending and fully briefed motions on June 4, 2015. The notice is routine and does not introduce any new facts or arguments. LG has the same interest in the outcome as other defendants. By ruling on the motions LG joined, the Court will very likely simplify and shorten the trial in this matter, eliminating issues that do not need to be resolved by the jury. Should the Court rule on positions favorable to all defendants, it makes no sense to require LG to renew motions that can be disposed of in one sitting. *Cf. City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1004 & n.2 (9th Cir. 2010) (affirming district court's grant of summary judgment, including a sua sponte grant of summary judgment to non-moving defendants, where the claim at issue in other defendants' motion for summary judgment applied to non-moving defendants as well); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309,

311 (9th Cir. 1982) ("[O]verwhelming weight of authority supports the conclusion that if one party moves for summary judgment … the court may sua sponte grant summary judgment to the non-moving party.").

### B. LG's Joinder Is Timely

DAPs' claim that LG's joinder is untimely should be rejected. There is ample precedent supporting LG's ability to file a routine notice of joinder after briefing is completed. *See, e.g.*, *LiveOps, Inc. v. Teleo, Inc.*, No. C05-03773 MJJ, 2006 WL 83058 at *1 n.2 (N.D. Cal. Jan. 6, 2006); *Safe Drain Inc. v. Vito*, No. C–14–01867 DMR, 2014 WL 4088147 at *1 n.1 (N.D. Cal. Aug. 19, 2014). Such a notice calls for no opposition and should be granted as matter of course. Indeed, Plaintiffs point to no authority to the contrary or even permitting them to file a substantive opposition against LG's routine notice to this Court.

In arguing that the joinder is untimely, DAPs have conflated the deadlines for filing substantive briefings of various motions with the timeliness of filing a simple joinder once those motions have been fully briefed. Plaintiffs' claim that "[n]othing in the local rules permits parties to join motions after court-ordered deadlines" is misguided and off point. Opp'n at 1 (citing Local Rule 56). Local Rule 56 governs the substantive briefing required for summary judgment, and does not address routine joinders to such motions.

Neither the Federal Rules of Civil Procedure nor this Court's local rules provide any deadline as to when a party's joinder to another's motion must be filed. To the contrary, the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation suggest that there is no required time period within which such a joinder must be filed. J.P.M.L., Rule 6.1(c), 28 U.S.C. § 1407 (2010). Specifically, Rule 6.1 governs "Motion Practice," and subsection (c) governs "Responses and Joinders." Although Rule 6.1(c) specifically mandates that a "party may file a *response* within 21 days after filing of a motion," it dictates no date requirement for *joinders*. *Id*. (emphasis added). The rule only requires that "[a] joinder in a motion shall not add any action to that motion." *Id*. LG's joinder added no actions or argument; rather, LG sought simply to notify the Court that it was adopting the moving papers of these fully briefed pending motions.

1   Plaintiffs further attempt to justify their position by pointing to two district court cases to
2   claim that "[u]nless otherwise ordered, motions to join are subject to the same deadlines as the
3   motions themselves." *See* Opp'n at 1 (citing *Briglia v. Horizon Healthcare Servs., Inc.*, No. 03-
4   6033 (NLH), 2007 WL 1959249 at *3-4 (D. N.J. July 3, 2007); *Big Top USA, Inc. v. The Wittern*
5   *Grp.*, 183 F.R.D. 331, 343 (D. Mass. 1998)).  The two cited cases are outside this jurisdiction, do
6   not set forth any legal authority in support of this proposition and are based on specific facts not
7   applicable here.  *See Big Top USA*, 183 F.R.D. at 343 (finding that party could not join "summary
8   judgment motions of the others because of the different factual relationship each defendant has
9   with [plaintiff]"); *Briglia*, 2007 WL 1959249 at *3-4 (finding that defendants could not join
10  summary judgment motions where they had no legal interest in the outcome of the motions).
11  DAPs do not even attempt to argue that LG has a different factual relationship with the plaintiffs
12  on the relevant issues or lacks a legal interest in the outcome here.

13  Plaintiffs conveniently omit any citation to cases from within the Northern District of
14  California that hold the contrary and approve joinders of the type filed here.  In *LiveOps, Inc.*,
15  2006 WL 83058, the court noted that a party, Teleo, had filed a joinder to a motion approximately
16  one month after the motion had been filed.  *Id.* at *1 n.2.  That "joinder" included both a
17  notification to the court that the party was adopting the moving papers that it sought to join, but
18  also additional substantive argument.  *Id.*  The court permitted Teleo's joinder to the extent that
19  Teleo "adopt[ed]" the moving papers, but struck the additional "substantive portions of Teleo's
20  joinder." *Id.*; *see also Safe Drain Inc.,* 2014 WL 4088147, at *1 n.1 (citing *LiveOps, Inc.*, 2006
21  WL 83058, at *1 n.2, with approval, and declining to consider the part of a notice of joinder that
22  "attempt[ed] to add argument to the motion").  Under the decisions of judges in this district,
23  where, as here, a notice of joinder does *not* include additional substantive argument, such notices
24  should be granted as a matter of course.

25  **C.    There Is No Good Cause Requirement for a Simple Joinder Adopting the Moving Papers of Other Parties**
26
27  Plaintiffs also incorrectly assert that LG needs to "seek the Court's permission" or
28  "establish . . . good cause" prior to filing this routine joinder.  Opp'n at 2.  In support of this point,

27167975.7

- 3 -

DEF. LG ELECTRONICS, INC.'S RESPONSE TO DAP'S OPPOSITION TO LGE'S JOINDER

Plaintiffs cite inapposite cases where a party has untimely filed entirely new summary judgment motions. *See* Opp'n at 2. LG's notice that it was merely adopting the moving papers of other similarly situated parties in this MDL action is nothing akin to filing an entirely new summary judgment motion. DAPs concede that LG's simple joinder adds no new motions and advances no new arguments. *See* Opp'n at 3 (LG's joinder contains "no points and authorities and no citation to any evidence"). DAPs offer no justification for manufacturing a "good cause" requirement in these circumstances. *See, e.g.*, *LiveOps*, *Inc.*, 2006 WL 83058, at *1 n.2 (approving joinder without any requirement of good cause); *Safe Drain Inc.*, 2014 WL 4088147, at *1 n.1 (no discussion of good cause requirement for joinder).[1]

### D.     Plaintiffs Will Not Be Prejudiced

Plaintiffs' claim that they will be prejudiced by LG's mere joinder to fully briefed motions also fails. LG's joinder was filed more than two months prior to the nearest court hearing, and there is currently no trial date set. Contrary to the DAPs' assertion that Plaintiff Dell would be specifically prejudiced because LG's Joinder would "revive" two summary judgment motions previously filed by the Philips Defendants, LG is not seeking to revive completely moot and withdrawn motions. These two motions are very much alive as against a number of DAPs in this case. As such, a ruling would affect any remaining Defendant in the case, including LG. To the extent that Philips and Dell have stipulated to withdraw these motions as to Dell only, LG does not seek to challenge or revive those arguments as to Dell.

### CONCLUSION

For the reasons set forth above, the Court should deny DAPs' improper request to strike LG's Joinder to Co-Defendants' Outstanding Motions for Summary Judgment, Motion to Exclude Expert Testimony, and Motions *in Limine*.

---

[1] Plaintiffs' position is that LG should have included substantive briefing in its Joinder on "why LGE . . . is entitled to judgment as a matter of law." *See* Opp'n at 3. Such briefing would have been almost entirely duplicative of the moving papers themselves. If, of course, such briefing would be helpful to this Court, LG will provide it upon the Court's request.

| | | |
|---|---|---|
| 1 | Dated: June 26, 2015 | /s/ Claire Yan |
| | | Claire Yan |

Brad D. Brian (SBN 079001)
brad.brian@mto.com
William D. Temko (SBN 98858)
william.temko@mto.com
Susan E. Nash (SBN 101837)
susan.nash@mto.com
E. Martin Estrada (SBN 223802)
martin.estrada@mto.com
Claire Yan (SBN 268521)
claire.yan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Miriam Kim (SBN 238230)
miriam.kim@mto.com
Laura Lin (SBN 28154)
laura.lin@mto.com
Cathleen Hamel Hartge (SBN 296547)
cathleen.hartge@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

*Attorneys For Defendant LG Electronics, Inc.*

| | | |
|---|---|---|
| 18 | Dated: June 26, 2015 | /s/ Kathy L. Osborn |
| | | Kathy L. Osborn |

Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: +1-303-607-3500
Facsimile:  +1-303-607-3600
jeff.roberts@FaegreBD.com

27167975.7

- 5 -

DEF. LG ELECTRONICS, INC.'S RESPONSE TO DAP'S OPPOSITION TO LGE'S JOINDER

Stephen M. Judge (*pro hac vice*)
Faegre Baker Daniels LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*