| | |
|---|---|
| Francis O. Scarpulla | Law Offices |
| ATTORNEY AT LAW | COOPER & KIRKHAM, P.C. |
| AND UNITED KINDOM SOLICITOR | 357 Tehama Street, Second Floor |
| 44 Montgomery Street, Suite 3400 | San Francisco, California  94103 |
| San Francisco, CA  94104 | (415) 788-3030 |
| (415) 788-7210 | Fax:  (415) 882-7040 |
| Telecopier:  (415) 788-0706 | Email:  jdc@coopkirk.com |
| Cellular:  (415) 608-7050 | |
| Email:  fos@scarpullalaw.com | |

June 30, 2015

*Via* ECF

The Honorable Samuel Conti
United States District Court Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:    In re: Cathode Ray Tube (CRT) Antitrust Litigation
                MDL No. 1917
                Master File No.:  3:07-cv-5944 SC

Dear Judge Conti:

This letter responds to Mario Alioto's June 29, 2015 letter to Your Honor regarding the pending Motion for Preliminary Approval of certain settlements.

Mr. Alioto contends that the undersigned's conditional objection to that motion: (1) "has nothing to do with the Motion for Preliminary Approval;" and (2) is based on our "claim that [we] will not have the right to be heard regarding [our] allocated fee," a right that Mr. Alioto "has acknowledged that [we] will have . . . ."  Neither of these statements is correct.

First, the conditional objection was directed to provisions in all of the proposed Settlement Agreements that purport to designate Mr. Alioto to act alone to allocate the fees awarded by this Court among his co-counsel in his sole discretion.  The undersigned objected to the preliminary approval of these provisions insofar as they could be construed to constitute this Court's

The Hon. Samuel Conti
June 30, 2015
Page 2

delegation to Mr. Alioto of its responsibility to award reasonable fees to each class counsel.  We requested that before this Court select any methodology for the apportionment of an aggregate fee award (assuming this Court elects to make an aggregate award), it consider alternatives such as the appointment of a Special Master.

Second, nothing in Mr. Alioto's response to our objection (Dkt. No. 3884) or his letter to Your Honor moots this objection.  His statement that his response acknowledges that we "have the right to be heard regarding [our] allocated fee" is vague, ambiguous and not responsive to our objection.  Although it is not clear what Mr. Alioto intends, whatever this "right to be heard" means, it is apparent that it leaves the allocation of fees to his sole discretion.   Mr. Alioto has never responded to the objection that a provision in a settlement agreement cannot substitute for a reasoned selection by the Court of a fee award methodology on a full record and after counsel have had the opportunity to be heard.

The undersigned have no objection if this Court wishes to vacate the July 31st hearing date and proceed without further argument provided that any order entered either specifies that the grant of preliminary approval does not apply to the paragraphs in the Settlement Agreements authorizing Mr. Alioto alone to allocate fees among all Class Counsel, or states clearly that despite the general grant of preliminary approval of the settlements, the Court is reserving for a future date the determination of an appropriate methodology for awarding and allocating the fees for Class Counsel.

        Respectfully yours,

        /s/ Francis O. Scarpulla
        Francis O. Scarpulla
        *Counsel for Plaintiffs Michael Juetten and Chad Klebs*
        *and Indirect-Purchaser Plaintiffs*

        /s/ Josef D. Cooper
        Josef D. Cooper
        *Counsel for Plaintiff Steven Ganz*
        *and Indirect-Purchaser Plaintiffs*

FOS/JDC/cpc
cc:  All Counsel (*via* ECF)