Vaughn R Walker

Special Master

Law Office of Vaughn R Walker

Four Embarcadero Center, Suite 2200

San Francisco, CA  94111

Tel:  (415) 871-2888

Fax:  (415) 871-2890

vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>Certain DAPs v Defendants | MDL No 1917<br><br>Case No 14-cv-2058-SC<br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE DEFENDANTS' MOTION TO STRIKE PROPOSED EXPERT TESTIMONY OF PROF THOMAS LYS, PHD** |
|---|---|

Pursuant to FRCP 37 (c)(1), defendants move to strike the entire proposed expert report of Professor Thomas Lys, PhD, who submitted an expert report on behalf of certain Direct Action Plaintiffs ("DAPs").[1] Essentially, defendants assert that the DAPs failed under FRCP 26(a)(2)(A) to disclose Dr Lys as an expert in a timely manner because he was not disclosed until his expert rebuttal report was served on September 23, 2014.

To a considerable extent the exigency underlying defendants' contentions in this motion has diminished, if not vanished, due to the postponement of the March 9, 2015 trial date. *See* Doc # 3515. Still, defendants' assertion that the DAPs played fast and loose with the court's pretrial scheduling order to spring an expert rebuttal witness on defendants with little time for them to prepare to meet that witness' proposed testimony warrants addressing this motion.

I

With respect to expert testimony, FRCP 26(a)(2)(A) provides that a party "must disclose to the other parties the *identity* of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705" (emphasis supplied). With respect to a witness, such as all those at issue here, who are "retained or specially employed to provide expert testimony," the foregoing disclosure "must be accompanied by a written report." FRCP 26(a)(2)(B). Such disclosures must be made "at the times and in the sequence that the court orders." FRCP 26(a)(2)(D). On November 17, 2009 and again on March 21 and October 2, 2014,

---

[1] The DAPs opposing this motion are Target Corp, ViewSonic Corp, Costco Wholesale Corp, Liaison Counsel for DAPs (and their Plaintiffs), Best Buy Co, Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc, Best Buy Stores, LP, Bestbuy.com, LLC, and Magnolia Hi-Fi, Inc, Alfred H Siegel, Trustee of the Circuit City Stores, Inc Liquidating Trust, Sears, Roebuck and Co and Kmart Corp. *See* 12/8/14 Certain DAPs' Opposition to Defendants' Motion to Strike the Proposed Expert Testimony of Professor Thomas Lys, Ph.D. ("12/8/14 Certain DAPs' Opposition").

the court upon stipulations of the parties entered orders setting the times and sequences of expert witness disclosures. *See* Doc ## 583, 2459, 2880.[2]

On the date established for serving opening expert reports, both sides disclosed experts and submitted their reports in accordance with the foregoing stipulations and orders. On the date established for serving rebuttal reports, September 23, 2014, the DAPs produced Dr Lys' report. Dr Lys had not previously been identified as a witness. It is that report and the proposed testimony of Dr Lys that is at issue in this motion. Defendants contend that Dr Lys' designation was untimely and prejudicial.

Defendants argue that despite an exchange of several emails negotiating an extension of time to serve rebuttal expert reports, "[a]t no time during these extensive communications did DAPs tell Defendants that they were planning to submit another expert report from a new, previously undisclosed expert * * *." 11/13/14 Defendants' Motion to Strike the Proposed Expert Testimony of Professor Thomas Lys, PhD at 7. Dr Lys thus came as a surprise, say defendants. Defendants continue that the "untimely submission of the Lys Report violates Rule 26(a)(2) and the scheduling orders in this case and is manifestly unfair and unduly prejudicial to Defendants." *Id* at 7-8. Defendants claim that they were "blindsided by the Lys Report and had to scramble to depose a brand-new expert witness and prepare a new sur-

---

[2] The dates thus established were:
April 15, 2014 - Last day for IPPs, DAPs and the California Attorney General to serve opening expert reports on the merits; last day for Defendants to serve opening expert reports on affirmative defenses;
July 3, 2014 - For any depositions noticed, but not yet taken, by April 15, 2014, the Parties may supplement their opening reports to the extent that the supplements are limited to evidence that is elicited during such depositions;
August 5, 2014 - Last day for Defendants to serve opposition expert reports on the merits; last day for IPPs, DAPs and California Attorney General to serve opposition expert reports on affirmative defenses;
September 5, 2014 - Close of fact discovery;
September 23, 2014 - Last day for IPPs, DAPs and California Attorney General to serve rebuttal expert reports on the merits; last day for Defendants to serve rebuttal expert reports on affirmative defenses;
October 31, 2014 - Last day for Defendants to serve sur-rebuttal expert reports on the merits; last day for IPPs, DAPs and California Attorney General to serve sur-rebuttal expert reports on affirmative defenses. *See* Doc # 2459, modified by Doc # 2880 (10/02/14).

rebuttal report in addition to the depositions and sur-rebuttal reports that they were planning to prepare." According to defendants, they were significantly prejudiced by having "less than five weeks in which to investigate and depose Dr Lys, an unfamiliar witness, as well as prepare a separate sur-rebuttal report in addition to the multiple sur-rebuttal reports" already planned and that, concurrently, defendants also faced a deadline for filing dispositive motions.[3]

In opposition, counsel for certain DAPs respond that the September 23, 2014 disclosure of Dr Lys' expert report was timely and consistent with the Stipulation and Order Regarding Scheduling (Doc # 2459) which specified that rebuttal expert reports were due on September 23, 2014. Moreover, DAPs assert that Dr Lys' report was served for the sole purpose of rebutting the opposition reports of Drs. Wu and Carlton on "negative profits," which Dr Lys' finance and accounting expertise made him, unlike the DAPs' previously identified experts, qualified to address. 12/8/14 Certain DAPs' Opposition at 2. The DAPs assert that defendants deposed Dr Lys on October 29, 2014 without requesting additional time and submitted sur-rebuttal expert reports addressing Dr Lys' criticisms on November 6, 2014.

Furthermore, the DAPs claim that, even if untimely, disclosure of Dr Lys' report was harmless and non-prejudicial to defendants in that: (1) Dr Lys' report merely rebuts the new accounting and finance arguments raised in the opposition reports of defendants' experts Drs Wu and Carton; (2) defendants had six weeks to investigate Dr Lys' background and prepare for his deposition; and (3) defendants deposed Dr Lys and submitted sur-reply reports challenging his assertions. The DAPs also contend that Dr Lys' rebuttal expert report will not disrupt the trial schedule and there was no bad faith, only the DAPs' reasonable belief that the scheduling order did not contemplate or require pre-disclosure before September 23, 2014.

---

[3] The parties' papers on this motion were submitted before the court's order vacating the March 9, 2015 trial date. Doc # 3515. In their papers, defendants also argued that the delayed disclosure of Dr Lys threatened to delay the trial and reduced defendants' time to prepare for trial. Obviously, this contention has no force given the trial's postponement.

Finally, the DAPs note that Dr Geert Raaijmaker's expert rebuttal report was submitted on September 23, 2014 on behalf of a defendant and he too had not previously been identified.

In reply, defendants accuse the DAPs of hyper-technical gamesmanship in arguing that identification of Dr Lys and disclosure of his report were timely because he and his report were disclosed on September 23, the date originally set for disclosure of rebuttal experts rather than September 26, the extended date for producing rebuttal reports of the DAPs' initially disclosed experts – Drs McClave, Elzinga, Hausman and Roa.  Principally, defendants focus on the assertion that Dr Lys' report is "inappropriate" because he was not previously identified as an expert and did not serve an opening expert report on the merits.  12/22/14 Defendants' Reply at 1.  The DAPs' enumeration of Drs McClave, Elzinga, Hausman and Roa implies, assert defendants, that there were no additional witnesses.  Defendants point to two cases as support for their argument that "designation of a new expert at the rebuttal stage is inappropriate, regardless of when the new expert's report is served" – *Estate of Vaughan v KIA Motors America, Inc*[4] and *Oracle America, Inc v Google Inc*.[5]  Defendants also criticize the DAPs for relying on "out-of-circuit" authority.[6]  *Id* at 3.

II

In reviewing the parties' submissions and the orders cited, the undersigned does not find any order requiring advance disclosure of a rebuttal expert witness' identity before service of that expert's rebuttal report.  Nor is there binding authority to support defendants' argument in that regard.  12/22/14 Defendants' Reply at 1 ("Regardless of when the Lys Report was served, it is an inappropriate rebuttal report because Dr Lys was not previously identified

---

[4] 2006 WL 1806454 (SD Miss 2006).
[5] 2011 WL 5572835 (ND Cal 2011).
[6] The so-called "out-of-circuit" case is *Laflamme v Safeway, Inc*, 2010 WL 3522378 (D Nev 2010).  Nevada, of course, is in the Ninth Circuit.

as an expert in this case and did not serve an opening expert report on the merits"). Indeed, defendants' contention runs counter to the timing of disclosure envisioned in FRCP 26(a)(2). Paragraph (2) contains five subparagraphs, all dealing with the disclosure of expert testimony. Subparagraph (A), quoted in part above, calls for identification of expert witnesses while subparagraphs (B) and (C) set forth the requirements, respectively, for expert reports and statements of testimony from testifying and non-testifying experts. Subparagraph (D) deals with the timing of these disclosures, but does not divorce the identification of an expert witness from the required report or statement of the expert's testimony.

        The plain reading of the rule, thus connotes that an expert's identification occurs at the same time as the production of the expert's report, absent a stipulation or court order to the contrary. Defendants offer no convincing reason that the parties' stipulations and the court's orders thereon with respect to expert testimony should be read to call for a different sequence. But it is that reading that defendants would have the undersigned adopt. Since the Lys rebuttal expert report was served on September 23, 2014, it appears it was timely served according to the March 21, 2014 Stipulation and Order re Scheduling. *See* Ex 7 to 12/18/14 A Slade Dec, Certificate of Service for Expert Rebuttal Report of Thomas Lys, Ph.D., dated September 23, 2014. The DAPs' disclosure of a new expert, Dr Lys, and his rebuttal expert report on September 23, 2014 did not, therefore, constitute a violation of the expert discovery rules set forth in FRCP 26(a)(2) or in the scheduling orders of this court.

        Apart from a close reading of the Rules and the court's orders, a practical consideration and one of fairness weigh in favor of allowing Dr Lys' report and testimony. It is not always possible for a party fully and accurately to predict the full scope of its adversary's expert testimony. To adopt defendants' interpretation would foreclose the possibility of a party responding to unanticipated expert testimony. That is the case here. Defendants' experts Drs Wu and Carlton opined that the DAPs over-estimated the damages from the CRT cartel because the defendants' overcharge above a competitive price would have resulted in

negative profit margins and driven some defendants from the market.  To address this, DAPs reasonably enough sought a finance and accounting expert to challenge defendants' calculations of profits and margins.  To preclude the DAPs from addressing this issue with an expert qualified to testify regarding finance and accounting matters would work a substantial unfairness and deny the jury a complete picture of the parties' contentions.

To be sure, the undersigned's interpretation of Rule 26(a)(2) could be abused if counsel were to introduce new rather than rebuttal evidence.  But that is not the case here.  Defendants have not asserted that Dr Lys' rebuttal expert report introduces new rather than rebuttal evidence.  In any event, distinguishing between what is new and what is rebuttal is a task best left to trial in the full context of the evidence.  The able and experienced trial judge in these proceedings, undoubtedly having excluded ersatz rebuttal countless times, is fully capable of making this distinction.

The cases defendants cite, when carefully read, offer them scant support.  In *Estate of Vaughan v KIA Motors America*, *Inc*, 2006 WL 1806454 (SD Miss 2006), the court reviewed an objection to a magistrate judge's order denying a request to extend the discovery deadline for designating rebuttal expert witnesses under former FRCP 26(a)(2)(C), the provision that then governed timing of expert disclosures.  *See* FRCP 26, Advisory Committee Notes, 2010 Amendments.  In that case, the court's long-standing practice was to set a deadline for plaintiffs' designation of experts and a deadline thirty days later for defendants' designation of experts.  Finding no reason to allow an extended deadline for designation of a new rebuttal expert witness, the court affirmed the magistrate judge's conclusion that the plaintiffs were not entitled to a second designation of rebuttal experts without leave of court.  The court, however, left the door open to plaintiffs' motion for leave "to designate a new rebuttal witness if such witness is necessary."  2006 WL 1806454 at *2.  Forcing the DAPs here to make such a motion would simply multiply the proceedings with no apparent change in result.

Defendants also rely on *Oracle America Inc v Google Inc*, 2011 WL 5572835 (ND Cal 2011).  In *Oracle*, Judge Alsup granted a motion to strike a reply report to an opposition by a new expert who had not previously been disclosed.  *Oracle* addressed whether a new expert who did not serve an opening report could submit a reply attacking the opposition reports served by the other side.  The situation Judge Alsup faced in *Oracle* was different from that in the present case.  Unlike the DAPs here, Oracle, the party seeking to submit a reply report from a new witness (Dr Serwin) "did not claim that [the original witness] would have been unqualified to make the Serwin reply points.  Nor has Oracle identified any issue raised by Google's opposition reports whose rebuttal might require or be enhanced by some specialty of Dr Serwin."  *Oracle*, 2011 WL 5572835 at *3.  Allowing Oracle to submit Dr Serwin's lengthy reply would thus have permitted "sandbagging" by the party bearing the burden of proof which Judge Alsup took pains to avoid.  Dr Lys' rebuttal report, relying on his expertise in finance and accounting, which was necessary to respond to the new accounting and finance arguments in the opposition reports of Drs Wu and Carlton, does not compare to the facts in Judge Alsup's case.  *See* 12/8/14 Certain DAPs' Opposition at 6.  Defendants' argument that Dr McClave, the DAPs' opening expert, had *staff* members with expertise in accounting and finance which would have qualified him to respond to such arguments, is neither persuasive nor comparable.  *See* 12/22/14 Defendants' Reply at 2.  Staff members to expert witnesses do not take the stand to defend their handiwork.

        Judge Alsup noted that Oracle has not "identified any issue raised by Google's opposition reports whose rebuttal might require or be enhanced by some specialty of Dr. Serwin."  *Oracle*, 2011 WL 5572835 at *3.  Furthermore, in *Oracle*, the new expert submitted two substantial reply reports, comprising a total of 73 pages.  In contrast, the Lys expert report at issue here is 33 pages in length and the DAPs explained that defendants' experts raised issues requiring Dr Lys' finance and accounting expertise.  Finally, the *Oracle* scheduling order,

by requiring designation of experts and not providing for sur-rebuttal reports, differed from the relevant expert scheduling orders here. *Id* at *2-3.

Decisions to exclude expert testimony under FRCP 37 as a discovery sanction are reviewed for abuse of discretion. *Yeti by Molly, Ltd v Deckers Outdoor Corp*, 259 F3d 1101, 1105-1106 (9th Cir 2001). According to the Ninth Circuit in *Yeti by Molly*, FRCP 26(a)(2)(B) requires disclosure of the identify of each expert witness "accompanied by a written report prepared and signed by the witness," which shall be filed "within 30 days after the disclosure" of the evidence that the expert is assigned to rebut. *Id*. Here, the DAPs disclosed the identity of Dr Lys with his written report on September 23, 2014, which was timely after disclosure of the evidence that his report was assigned to rebut. Unlike in *Yeti by Molly*, the undersigned does not find any FRCP 26(a)(2)(B) discovery violation in this case.

Even if non-disclosure of Dr Lys as an expert before September 23, 2014 were a discovery violation, which it is not, the undersigned would find it harmless and non-prejudicial. A district court has wide latitude in determining motions under FRCP 37(c)(1). In the Ninth Circuit, district courts may consider four factors in determining whether a violation of a discovery deadline is "justified or harmless": "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd v Novelty Inc*, 375 Fed Appx 705, 713 (9th Cir 2010); *see also Volterra Semiconductor Corp v Primarion Inc*, 2012 WL 5932733 at *2 (ND Cal 2012).

Applying those factors, the undersigned determines that there are insufficient facts to justify granting this motion. The Defendants' claim of prejudice is essentially that they had only five weeks to investigate a new expert and prepare for his deposition. While the subject matter of Dr Lys' report is complex, the Defendants are represented by a large team of able and experienced counsel for whom five weeks would be adequate to conduct a thorough investigation, prepare for and take Dr Lys' deposition and draft sur-rebuttal reports. Indeed,

defendants cured any prejudice by taking Dr Lys' deposition and submitting sur-rebuttal reports. Since the defendants submitted their sur-rebuttals and examined Dr Lys in a timely fashion, there is no likelihood of disruption of the trial, the date for which has now been extended. Because the DAPs timely submitted Dr Lys' expert rebuttal report and believed that his identity and report were due on the same date, no bad faith or willfulness is apparent here.

## CONCLUSION

Because this record reveals no evidence of a discovery violation under FRCP 26(a)(2) or a basis for discovery sanctions under FRCP 37(c)(1), nor any evidence of harm, prejudice or bad faith, defendants' motion is **DENIED**.

IT IS SO ORDERED.

Date: July 2, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge