1
2
3
4
5
6
7
8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11               **SAN FRANCISCO DIVISION**

12

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC; No. CV-13-03234-SC |
| | MDL No. 1917 |
| | **[PROPOSED] AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH THE PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS** |
| This document relates to: | |
| ALL INDIRECT PURCHASER ACTIONS; | Courtroom: One, 17th Floor Judge:  Honorable Samuel Conti |
| *Luscher et al. v. Videocon Industries Limited, et al.* | |

1      It is hereby ORDERED AND DECREED as follows:

2      The motion of the Indirect Purchaser Plaintiffs ("Plaintiffs") for preliminary approval of

3 the Proposed Settlements with the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson

4 and TDA Defendants (as identified in each of their respective Settlement Agreements and

5 inclusive of named related entities) (collectively "Settling Defendants") is hereby GRANTED.

6      1.    The Proposed Settlements with the Settling Defendants are preliminarily

7 approved, subject to a final approval hearing of the Proposed Settlements (the "Fairness

8 Hearing").

9      2.    For purposes of the Settlements with Settling Defendants, the Court preliminarily

10 finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied

11 with respect to the Settlement Class.  At this preliminary certification phase, and only for

12 purposes of the settlements with Settling Defendants, the Settlement Class is defined as follows:

13

14      NATIONWIDE CLASS:

15 All persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products[1] manufactured and/or sold by

16 the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period from March 1, 1995 through November 25, 2007.

17 Specifically excluded from this Class are claims on behalf of Illinois persons (as defined by 740 ILCS 10/4) for purposes of claims under 740 Ill. Comp. Stat §

18 10/7(2), Oregon natural persons (as defined by ORS 646.705 (2)) for purposes of claims under ORS § 646.775(1), and Washington persons (as defined by RCW

19 19.86.080) for purposes of claims under RCW 19.86.080 (1). Also specifically excluded from this Class are the Defendants; the officers, directors or employees

20 of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also

21 excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her

22 immediate family and judicial staff, and any juror assigned to this action.

23

24

25

26 _____

27 [1] CRT Products are defined in the Settlement Agreements to mean Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and products

28 containing Cathode Ray Tubes.

**[PROPOSED] AMENDED ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

1

INDIRECT PURCHASER STATE CLASSES:

2

3

All persons and or entities in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who or which indirectly purchased for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period from at least March 1, 1995 through November 25, 2007.

4

5

6

7

All persons and entities in Hawaii who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from June 25, 2002 through November 25, 2007.

8

9

10

All persons and entities in Nebraska who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants,  or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from July 20, 2002 through November 25, 2007.

11

12

13

All persons and entities in Nevada who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by  the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from February 4, 1999 through November 25, 2007.

14

15

16

Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

17

18

19

20

21

3.      The Court concludes that, for the sole purpose of the Proposed Settlements with Settling Defendants, and without adjudication on the merits, the Settlement Class is sufficiently well-defined and cohesive to merit preliminary approval.

22

23

24

4.      Pursuant to Rule 23(a) (1), the Court determines that the Settlement Class is so numerous that joinder of all members is impracticable.

25

26

5.      For purposes of preliminary approval, the commonality requirement of Rule 23(a)(2) is satisfied because Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether Settling Defendants violated the Sherman

27

28

**[PROPOSED] AMENDED ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

1 Antitrust Act, 15 U.S.C. § 1, et seq., and the antitrust and/or various other laws of the following

2 states:  Arizona, California, Florida, Hawaii,  Iowa, Kansas,  Maine, Michigan, Minnesota,

3 Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South

4 Dakota, Tennessee, Vermont, West Virginia, Wisconsin and the District of Columbia.

5       6.      Pursuant to Rule 23(a)(3), the Court hereby appoints as Representative Plaintiffs

6 of the Settlement Class all of the individuals identified in the Court's class certification order

7 (Dkt. No. 1950) and the Interim Special Master's Report and Recommendation (Dkt. No. 1742),

8 incorporated herein by reference, and finds that, for settlement purposes only, these

9 Representative Plaintiffs' claims are typical of the claims of the Settlement Class.  The claims of

10 the Representative Plaintiffs and absent class members rely on the same legal theories and arise

11 from the same alleged conspiratorial conduct by Defendants, namely, the agreement to fix, raise,

12 maintain and/or stabilize prices of CRTs sold in the United States.

13       7.      The Court preliminarily finds that the Representative Plaintiffs will fairly and

14 adequately protect the interests of the Settlement Class in satisfaction of the requirements of Rule

15 23(a)(4) because: (1) the interests of the Representative Plaintiffs are consistent with those of the

16 Settlement Class members; (2) there appear to be no conflicts between or among the

17 Representative Plaintiffs and the other Settlement Class members; (3) the Representative

18 Plaintiffs have been and appear to be capable of continuing to be active participants in both the

19 prosecution and the settlement of this litigation; and (4) the Representative Plaintiffs and the

20 Settlement Class members are represented by qualified, reputable counsel who are experienced in

21 preparing and prosecuting large, complicated class action cases, including those concerning

22 violations of antitrust law.

23       8.      The Court preliminarily finds that, for purposes of these Settlements only,

24 questions of law or fact common to members of the Settlement Class predominate over questions

25 affecting only individual members of the Settlement Class under Rule 23(b)(3).  Further, a class

26 action resolution in the manner proposed in the Proposed Settlements would be superior to other

27 available methods for a fair and efficient adjudication of the litigation with respect to Settling

28 Defendants.  In making these preliminary findings, the Court has considered, *inter alia*, (1) the

- 3 -

1   interest of the Settlement Class members in individually controlling the prosecution or defense of

2   separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate

3   actions; (3) the extent and nature of any litigation concerning these claims already commenced;

4   and (4) the desirability of concentrating the litigation of the claims in a particular forum.

5      9.  The Court hereby approves Mario N. Alioto and Trump, Alioto, Trump &

6   Prescott, LLP as Settlement Class Counsel pursuant to Rule 23(g), and finds that this Settlement

7   Class Counsel has and will fairly and adequately protect the interests of the Settlement Class.

8      10.  The Court finds that the Proposed Settlements fall within the range of possible

9   final approval.  The Court further finds that there is a sufficient basis for notifying class members

10  of the Proposed Settlements, and enjoining class members from continuing this litigation against

11  Settling Defendants pending the conclusion of the Fairness Hearing.

12     11.  The Notice Company, Inc. is approved to serve as Settlement Administrator for

13  the Indirect Purchaser Settlement Class.

14     12.  The Court approves the form and content of the Detailed Notice, the Summary

15  Notice and the Email Notice, substantially in the form attached hereto as Exhibits A-C,

16  respectively.

17     13.  The Court finds that notice by publication in various national newspapers,

18  magazines and on the internet, together with direct mail and email notice to potential Class

19  Members, as described in the Declaration of Joseph Fisher filed concurrently with the motion for

20  preliminary approval, constitutes the best notice practicable under the circumstances, is due and

21  sufficient notice to the Indirect Purchaser Settlement Class and complies fully with the

22  requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the

23  Constitution of the United States.

24     14.  The Court preliminarily approves the plan of distribution proposed by the

25  Plaintiffs in the motion for preliminary approval and approves the proposed claim form

26  substantially in the form attached hereto as Exhibit D.

27     15.  Within thirty (30) days from the date of this Order, Settlement Class Counsel is

28  hereby directed to cause the Summary Notice to indirect purchasers, to be published according to

- 4 -

the Notice Plan described in the Declaration of Joseph Fisher, filed concurrently with the motion for preliminary approval.  The Summary Notice shall direct interested parties to a website, www.CRTclaims.com, maintained by the Settlement Administrator, where the Detailed Notice will be provided.

16.     All requests for exclusion from the Settlement Class must be postmarked no later than sixty (60) days from the date of publication of notice, and must otherwise comply with the requirements set forth in the Detailed Notice.

17.     Any class member who does not properly and timely request exclusion from the Proposed Settlements shall, upon final approval of the Proposed Settlements, be bound by the terms and provisions of the Proposed Settlements so approved, including but not limited to the releases, waiver and covenants described in the Proposed Settlements, whether or not such person or entity objected to the Proposed Settlements and whether or not such person or entity makes a claim against the Settlement Fund.

18.     Any member of the Settlement Class who objects to the Proposed Settlements must do so in writing.  The objection must include the caption of this case, be signed, and be submitted to the Court (either by mail or by filing it with the Court) no later than sixty (60) days from the date of publication of notice, and shall otherwise comply with the requirements set forth in the Detailed Notice, including submission of proof of membership in the class. Failure to timely submit a written objection in accordance with the requirements in the Detailed Notice will preclude a class member from objecting to the Proposed Settlements.

19.     The Notices shall inform putative members of the Settlement Classes that the deadline for the submission of Claim Forms is 120 days from the Notice Publication Date.

20.     Any member of the Settlement Class who wishes to speak at the Fairness Hearing must submit a "Notice of Intent to Appear in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917" to the Court no later than sixty (60) days from the date of publication of notice, and shall otherwise comply with the requirements set forth in the Detailed Notice.

21.     The Court will hold a Fairness Hearing on _____ ___, 2015 at _____ ____.m., to determine the fairness, reasonableness, and adequacy of the Proposed Settlements with

1    Settling Defendants.  Any member of the Settlement Class who follows the procedure set forth in

2    the notices may appear and be heard at this hearing.  The Fairness Hearing may be continued

3    without further notice to the Settlement Class.

4         22.      All briefs, memoranda and papers in support of final approval of the Proposed

5    Settlements, including an affidavit or declaration of the person under whose general direction the

6    publication of the Summary Notice and the Detailed Notice were made, showing that publication

7    was made in accordance with this Order, shall be filed no later than twenty-one (21) days before

8    the Fairness Hearing and shall be posted on the internet at www.CRTclaims.com.  Any briefs,

9    memoranda and papers in support of a request for attorneys' fees or reimbursement of litigation

10   expenses shall be filed not later than fourteen (14) days before objections to the Proposed

11   Settlements are due, and shall be posted on the internet at www.CRTclaims.com.

12        23.      The total attorney fee request for all Plaintiffs' counsel in this litigation shall not

13   exceed one-third of the combined Settlement Fund of $576,750,000.

14        24.      The Court approves the establishment of an escrow account, as set forth in the

15   Proposed Settlements, as "Qualified Settlement Funds" pursuant to Treas. Reg. § 1.468B 2(1).

16   The Court retains continuing jurisdiction over any issues regarding the formation or

17   administration of the escrow account.  Settlement Class Counsel and his designees are authorized

18   to expend funds from the escrow accounts to pay Taxes, Tax Expenses and notice and

19   administration costs, as set forth in the Proposed Settlements.

20        25.      The Court grants Plaintiffs' Counsel the right to use the Settlement Fund for

21   payment of the cost of notice(s) to potential members of the Settlement Class regarding the

22   Proposed Settlements and related matters, without the approval of the Court in each instance, so

23   long as (a) the expenses incurred or contracted for are reasonable and necessary to carry out the

24   transactions contemplated by the Proposed Settlements, and (b) counsel for Settling Defendants

25   shall receive from Settlement Class Counsel a full accounting of all expenditures made in the

26   event funds are returned to Settling Defendants under the terms of the Proposed Settlements.

27

28

26.     All litigation between Plaintiffs and the Settling Defendants is hereby stayed except for any actions required to effectuate the Proposed Settlements or that are otherwise permitted by the Proposed Settlements or agreed to by the Plaintiffs and the Settling Defendants.

27.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Proposed Settlements.

SO ORDERED this _____ day of _____, 2015.


_____
Hon. Samuel Conti
United States District Judge

**[PROPOSED] AMENDED ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**Master File No. CV-07-5944-SC**

EXHIBIT A

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought a Cathode Ray Tube (CRT) or a TV or Computer Monitor That Contained a CRT

## *You Could Get Money from Settlements Totaling $576.75 Million.*

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

- <u>Please read this notice carefully. Your legal rights may be affected whether or not you act.</u>

- This is the third legal notice in this case. There are now nine Settlements in this litigation involving alleged overcharges on the price of Cathode Ray Tube ("CRT") Products purchased indirectly from the Defendants. "CRT Products" include CRTs and products containing CRTs, such as televisions and computer monitors. "Indirectly" means that you purchased the CRT Product from someone other than the manufacturer of the CRT Product. For example, you bought a television containing a CRT from a retailer, such as Best Buy or Costco, or a computer monitor containing a CRT from Dell.

- The Court previously approved Settlements with two Defendants, Chunghwa and LG. Settlements have now been reached with seven additional Defendants: Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA ("New Settlements").

- You can make a claim for money if you are a person or business who indirectly purchased CRT Products for your own use and not for resale in Arizona, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia or Wisconsin (the "Statewide Damages Classes"). The purchase must have been made in one of the foregoing states. But you do not have to be a resident of one of these states.

- The New Settlements also release the injunctive relief claims of consumers of CRT Products nationwide (excluding Illinois, Oregon and Washington) (the Nationwide Class). *See* Question 7 in this Notice for specific Class definitions.

- Sony Corporation is **not** a defendant and is **not** alleged to have participated in the alleged CRT conspiracy. Purchases of Sony® branded CRT Products are **not** eligible to be included in claims filed under these Settlements.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **SUBMIT A CLAIM BY _____, 2015** | This is the only way to receive a payment. *See* Question 11. |
| **OBJECT BY _____, 2015** | You can file an objection with the Court (and mail a copy to the Settlement Administrator) explaining why you disagree with the New Settlements, the plan of distribution, the requested attorneys' fees and litigation expenses, and/or the Class Representative awards. *See* Question 17 for specifics. |
| **GO TO THE HEARING ON _____, 2015** | Ask to speak in Court about the Settlements. *See* Questions 18 and 20. |
| **EXCLUDE  YOURSELF BY _____, 2015** | The only option that allows you to individually sue Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson or TDA about the claims in this case. *See* Questions 12 and 13 for specifics. |
| **DO NOTHING** | You will not receive a payment from the Settlements and you will give up any rights you currently have to separately sue Defendants for the conduct that is the subject of the lawsuits. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-xxx-xxxx**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

| WHAT THIS NOTICE CONTAINS | |
|---|---|

**BASIC INFORMATION** ................................................................................... Page 3
1. What is this Notice about?
2. What is a Cathode Ray Tube ("CRT")?
3. What is a CRT Product?
4. What is the lawsuit about?
5. What is a class action?

**WHO IS INCLUDED IN THE LAWSUIT** ........................................................ Page 5
6. Who are the Defendant companies?
7. How do I know if I am in the Settlement Class?

**THE SETTLEMENTS' BENEFITS** ................................................................ Page 7
8. What do the Settlements provide?
9. How much money can I get?
10. When will I get a payment?

**HOW TO GET A PAYMENT** ......................................................................... Page 8
11. How can I get a payment?

**RIGHT TO EXCLUDE YOURSELF** .............................................................. Page 8
12. Who has the right to be excluded?
13. How do I exclude myself from the Settlement Class?

**REMAINING IN THE SETTLEMENT CLASS** ............................................... Page 9
14. What am I giving up if I remain a member of the Settlement Class?

**THE LAWYERS REPRESENTING YOU** ....................................................... Page 9
15. Do I have a lawyer representing me?
16. How will the lawyers be paid?

**OBJECTING OR COMMENTING ON THE NEW SETTLEMENTS, PLAN OF DISTRIBUTION, ATTORNEYS' FEES, LITIGATION EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES** ..................................................................... Page 10
17. How do I object or comment on the Settlements?

**THE FAIRNESS HEARING** ......................................................................... Page 10
18. When and where will the Court consider the New Settlements, the plan of distribution, request for attorneys' fees, litigation expenses and awards to Class Representatives?
19. Do I have to come to the hearing?
20. May I speak at the hearing?

**GET MORE INFORMATION** ......................................................................... Page 11
21. Where can I get more information?

VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-xxx-xxxx
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR

### BASIC INFORMATION

| 1.  What is this Notice about? |
| --- |

This Notice is to inform you about the seven New Settlements that have been reached which may affect your rights, including your right  to file a claim, object to, or exclude yourself from the New Settlements. You have the right to know about the New Settlements and about your legal rights and  options before the Court decides whether to approve the New Settlements.

**Members of the Statewide Damages Class are eligible to file a claim now to get a payment from all nine Settlements (*see* Question 11).**

The Court in charge is the United States District Court for the Northern District of California. The case is called *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917.  The people and businesses that sued are called  the Plaintiffs, and the companies they sued are called the Defendants (*see* Question 6).

| 2.  What is a Cathode Ray Tube ("CRT")? |
| --- |

Cathode Ray Tubes ("CRTs") are a display technology that was widely used in televisions and computer monitors.   Before LCD, Plasma and LED display technologies became popular, CRTs were the main technology used in displays.   There are two main types of CRTs: Color Display Tubes ("CDTs" or "Monitor Tubes"), which were used to manufacture computer monitors, and Color Picture Tubes ("CPTs" or "TV Tubes"), which were used to manufacture televisions.  This is what a CRT looks like:



| 3. What is a CRT Product? |
| --- |

For the purposes of the lawsuit and the Settlements, CRT Products means Cathode Ray Tubes (color display tubes, color picture tubes and monochrome display tubes) and products containing Cathode Ray Tubes, such as televisions and computer monitors.  This is what a CRT Product looks like:

**CRT Monitor:**



**CRT Television:**



**4. What is the lawsuit about?**

The lawsuit claims that the Defendants fixed the prices of CRTs from March 1, 1995 to November 25, 2007, which resulted in overcharges to people and businesses that bought CRTs and products containing CRTs, such as televisions and computer monitors.  The Defendants deny these claims.  The Court has not decided who is right.

On March 22, 2012, the Court approved a Settlement totaling $10,000,000 with Defendant Chunghwa. On April 18, 2014, the Court approved a Settlement totaling $25,000,000 with Defendant LG.  There are now seven New Settlements totaling $541,750,000 with t h e   Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA Defendants.  The Court still has to decide whether to approve the New Settlements. The total amount of all nine Settlements is $576,750,000.

**5. What is a class action?**

In a class action, one or more persons or businesses called class representatives sues on behalf of a group or a "class" of others with similar claims. If the Court determines that a case should proceed as a class action, everyone's claims can be combined into a single proceeding, creating efficiencies for the parties and the courts. In a class action, the court resolves the issues for all class members except those who exclude themselves from the Class.

## WHO IS INCLUDED IN THE LAWSUIT?

**6. Who are the Defendant companies?**

The Defendants are manufacturers and/or sellers of CRTs.

**The Defendant companies are:**

- Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) SDN. BHD ("Chunghwa");

- LG Electronics Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd. ("LG");

- Koninklijke Philips N.V. (f/k/a Koninklijke Philips Electronics N.V.); Philips Electronics North America Corporation; Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.); Philips do Brasil, Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.) ("Philips");

- Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd.; and an affiliate of Panasonic Corporation, Beijing Matsushita Color CRT Co., Ltd. (collectively "Panasonic");

- Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd.; Hitachi America, Ltd. ("Hitachi");

- Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronic Components, Inc. ("Toshiba");

- Samsung SDI Co. Ltd; Samsung SDI America, Inc.; Samsung SDI Brasil, Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd; Samsung SDI Malaysia Sdn. Bhd; Samsung SDI Mexico S.A. de C.V. ("Samsung SDI);

- Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) ("Thomson"); and

- Technologies Displays Americas LLC (f/k/a Thomson Americas LLC) ("TDA") .

There are several other manufacturers and sellers of CRTs that Plaintiffs allege were a part of the alleged conspiracy but who are not currently defendants or have not appeared in the litigation.  The names of these companies are:

- LG.Philips Displays, a/k/a LP Displays International, Ltd.;

- IRICO Group Corporation; IRICO Display Devices Co., Ltd.; and IRICO Group Electronics Co., Ltd.;

- Thai CRT Company, Ltd.;

- Samtel Color, Ltd.;

- Orion Electric Company, Ltd.;

5

- Videocon Industries, Ltd.; and
- Mitsubishi Electric Corporation; Mitsubishi Electric & Electronics USA, Inc.; and Mitsubishi Digital Electronics Americas, Inc.

---

**7. How do I know if I am in the Settlement Class?**

The Settlements have recovered money ("damages") for consumers who purchased CRT Products in 21 states and the District of Columbia (the "Statewide Damages Classes").   These states and the District of Columbia have antitrust and/or consumer protection laws permitting consumers to sue for damages for antitrust violations.

The Settlements also release the injunctive relief claims of consumers of CRT Products nationwide (excluding Illinois, Oregon and Washington) (the "Nationwide Class").

The "Settlement Class" includes:

**Statewide Damages Classes**:

The Statewide Damages Classes include any person or business entity in Arizona, California, District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin that indirectly purchased for their own use and not for resale a CRT Product manufactured or sold by any of the Defendants or their alleged co-conspirators (listed in Question 6).

The purchase must have been made in one of the foregoing states.  But you do not have to be a resident of one of these states.

Class Period: In order to bring a claim, you must have purchased the CRT Product(s) between March 1, 1995 and November 25, 2007.   Because the Hawaii, Nebraska and Nevada laws allowing consumers to bring a claim were enacted after the beginning of the class period, those states have slightly shorter class periods.

- Purchases of CRT Products in Hawaii must have been made between June 25, 2002 and November 25, 2007.
- Purchases of CRT Products in Nebraska must have been made between July 20, 2002 and November 25, 2007.
- Purchases of CRT Products in Nevada must have been made between February 4, 1999 and November 25, 2007.

**Nationwide Class**: The Nationwide Class includes any person or business that, during the period from March 1, 1995 and November 25, 2007, indirectly purchased in the United States (excluding Illinois, Oregon and Washington) for their own use and not for resale, a CRT Product manufactured or sold by any of the Defendants or their co-conspirators (listed in Question 6).

**Exclusions:**

- Specifically excluded from the Statewide Damages Classes and the Nationwide Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.
- Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and members of his/her immediate family and judicial staff, and any juror assigned to this action.
- Sony Corporation is not a defendant and purchases of Sony® branded CRT Products are excluded from the Settlements.

- Residents of Illinois, Oregon and Washington are excluded from the Nationwide Class because the Attorneys General of those states are suing the Defendants on behalf of residents of those states.

The specific class definitions are available at www.CRTclaims.com.

## THE SETTLEMENTS' BENEFITS

**8. What do the Settlements provide?**

The Court has already approved two settlements totaling $35,000,000. The seven New Settlements totaling $541,750,000 are being presented to the Court for approval.

**NEW SETTLEMENTS**

| | |
|---|---|
| **Philips Settlement:** | Philips has paid $175,000,000 into the Settlement Fund |
| **Panasonic Settlement:** | Panasonic has paid $70,000,000 into the Settlement Fund |
| **Hitachi Settlement:** | Hitachi has paid $28,000,000 into the Settlement Fund |
| **Toshiba Settlement:** | Toshiba has paid $30,000,000 into the Settlement Fund |
| **Samsung SDI Settlement:** | Samsung SDI has paid $225,000,000 into the Settlement Fund |
| **Thomson and TDA Settlements:** | Thomson and TDA have paid $13,750,000 into the Settlement Fund |

The combined Settlement Fund totaling $576,750,000 will be used to pay eligible claimants in the states involved in this litigation. Any interest earned will be added to the Settlement Fund. The cost to administer the Settlements as well as attorneys' fees, litigation expenses and payments to the Class Representatives will come out of the combined Settlement Fund (*see* Question 16).

The Settlement Agreements and the papers filed in support of the New Settlements are available for review and download at www.CRTclaims.com, or you can request copies by calling 1-800-xxx-xxxx.

**9. How much money can I get?**

Only members of the Statewide Damages Classes are eligible to receive a payment from the Settlement Fund. A plan has been submitted to the Court explaining how the Settlement Fund will be distributed to the Statewide Damages Class Members. Payments will be determined on a pro rata basis. This means that payment amounts will be based on the number of valid claims filed, as well as on the number and type of CRT Product(s) purchased: Standard CRT Television (screen size of less than 30 inches); Large CRT Television (screen size of 30 inches or larger); or CRT Computer Monitor. Based on data obtained during the course of the litigation, claims for different types of CRT Products will be weighted as follows:

- Claims for purchases of Standard CRT Televisions will be weighted as 1;
- Claims for purchases of Large CRT Televisions will be weighted as 4.3; and
- Claims for purchases of CRT Computer Monitors will be weighted as 3.

At this time, it is unknown how much money each Class Member will recover. It is expected that a minimum

7

payment of $25 will be made to all Statewide Damages Class Members who submit a valid claim. The maximum payment will be three times the estimated money damages for each claimant.

More details about the anticipated distribution of the Settlement Fund are available in the papers filed with the Court in support of settlement approval, which are available on the settlement website, www.CRTclaims.com.

In order to receive a payment you need to file a valid claim (*see* Question 11). The Claim Form provides additional details on how to submit a claim. Further information is available at www.CRTclaims.com or by calling 1-800-xxx-xxxx.

## 10. When will I get a payment?

Payments will be distributed after the Court grants final approval to the New Settlements and after any appeals are resolved. If the Court approves the New Settlements after the hearing on **xxxxxx, 2015**, there may be appeals. We don't know how much time it could take to resolve any appeals that may be filed.

# HOW TO GET A PAYMENT

## 11. How can I get a payment?

If you are a member of the Statewide Damages Classes and you want to make a claim from the Settlement Fund, you must complete and submit a Claim Form. We urge you to submit a claim online at www.CRTclaims.com. If you do not file online, you can also submit a claim by mail.

The Claim Form can be found and completed or downloaded at www.CRTclaims.com, or you can obtain a copy by calling, toll free, 1-800-xxx-xxxx, or by texting "CRTclaims" to XXXXX. If you choose to submit your claim online, you must do so on or before **xxxxx, 2015**. If you choose to submit a Claim Form by mail, it must be postmarked by **xxxxx, 2015**, and mailed to:

CRT Claims
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

# RIGHT TO EXCLUDE YOURSELF

## 12. Who has a right to be excluded?

If you are a Settlement Class Member and you wish to keep your right to sue Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and/or TDA about the claims alleged and settled in this case (*see* Questions 4 and 7), you must exclude yourself. You will not get any money from these Settlements if you exclude yourself. You may not submit a Claim Form if you exclude yourself from the Settlement.

## 13. How do I exclude myself from the Settlement Class?

If you choose to exclude yourself from the Settlement Class and keep your right to sue Defendants on your own, you must send a letter that includes the following:

- Your name, address and telephone number;
- A statement saying that you request exclusion from the Settlement Class and do not wish to participate in

the settlements in In re Cathode Ray Tubes (CRT) Antitrust Litigation, MDL No. 1917; and
- Your signature.

You must mail your exclusion request, postmarked no later than **xxxxx, 2015,** to:

CRT Indirect Exclusions
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

## REMAINING IN THE SETTLEMENT CLASS

### 14. What am I giving up if I stay in the Settlement Class?

If you do not exclude yourself from the Settlement Class, you will have given up your right to sue Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA on your own for the claims alleged and settled in this case (*see* Questions 4 and 7) and will be bound by the settlement and all subsequent proceedings, orders and judgments in the lawsuit. In return for paying the Settlement Amounts (*see* Question 8), the seven Settling Defendants (and certain related entities defined in the Settlement Agreements) will be released from all claims relating to the facts underlying these lawsuits, as more fully described in the Settlement Agreements.

The Settlement Agreements describe the released claims in detail, so read them carefully since those Agreements are binding on you. If you have any questions, you may call the toll-free number and speak to the Settlement Administrator for free. You may also consult your own lawyer at your own expense. The Settlement Agreements and the specific releases are available at www.CRTclaims.com.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer representing me?

The Court has appointed Trump, Alioto, Trump & Prescott LLP, 2280 Union Street, San Francisco, CA 94123, to represent you as "Class Counsel" for the Settlement Class. You do not have to pay Class Counsel separately. The attorneys will seek compensation by asking the Court for a share of the settlement proceeds. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

### 16. How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees and reimbursement of expenses on behalf of all Plaintiffs' counsel who worked on this case. The total attorney fee request for all Plaintiffs' counsel shall not exceed one-third of the combined Settlement Fund of $576,750,000. Class Counsel will also request awards to the Class Representatives who helped the attorneys on behalf of the Classes. Any payment to the attorneys will be subject to Court approval, the attorneys may request less than one-third of the Settlement Fund and the Court may award less than the requested amount. Any award of attorneys' fees, litigation expenses and awards that the Court orders, plus the costs to administer the Settlements, will come out of the Settlement Fund and is subject to Court approval.

The attorneys' motion for fees, litigation expenses and Class Representative awards will be filed on or before **xxxxx, 2015**. The motion will be posted on the website at www.CRTclaims.com. You may register at the

website or by calling 1-800-xxx-xxxx to receive an email when the motion(s) are filed.

**OBJECTING TO OR COMMENTING ON THE NEW SETTLEMENTS,
PLAN OF DISTRIBUTION, ATTORNEYS' FEES AND LITIGATION EXPENSES,
AND AWARDS TO CLASS REPRESENTATIVES**

| |
|---|
| **17. How do I object or comment on the Settlements?** |

You can ask the Court to deny approval by filing an objection to the New Settlements. You can't ask the Court to order a larger settlement; the Court can only approve or deny the Settlements. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the New Settlements in writing. The written objection needs to include the following information:

- Your name, address, telephone number, and if you are being assisted by a lawyer, their name, address and telephone number;
- The case name and number (In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917);
- Proof of membership in the class;
- A brief explanation of your reasons for objecting; and
- Your signature.

The objection must be submitted to the Court either by mailing it to the Class Action Clerk at the address below, or by filing it in person at any location of the United States District Court for the Northern District of California. **The objection must be filed with the Court or postmarked on or before xxxxx, 2015:**

| **COURT** |
|---|
| Class Action Clerk<br>United States District Court for the<br>Northern District of California<br>450 Golden Gate Avenue, 16th Floor<br>San Francisco, CA 94102 |

# THE FAIRNESS HEARING

| |
|---|
| **18. When and where will the Court consider the New Settlements, the plan of distribution, request for attorneys' fees and litigation expenses, and awards to Class Representatives?** |

The Court previously approved the two original settlements with Chunghwa and LG. The Court will hold a Fairness Hearing to consider the New Settlements at **xx:xx a.m.** on **xxxxx, 2015**, at the United States District Court for the Northern District of California, Courtroom One, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The hearing may be moved to a different date or time without additional notice, so you should check the website www.CRTclaims.com for current information.

At this hearing the Court will consider whether each of the New Settlements is fair, reasonable and adequate. The Court will also consider the plan of distribution, and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. If there are objections or comments, the Court will consider them at this

time.  After the hearing, the Court will decide whether to approve each of the seven New Settlements, the plan of distribution and the requests for attorneys' fees, litigation expenses and awards to Class Representatives. We do not know how long these decisions will take.

## 19. Do I have to come to the hearing?

No.  Class Counsel will answer any questions the Court may have.  But you are welcome to come at your own expense.  If you file an objection or comment, you don't have to come  to Court to talk about it. As long as you filed your written objection on time, your objection will be presented to the Court for its consideration.  You may also pay another lawyer to attend on your behalf, but it's not required.

## 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file a "Notice of Intent to Appear in In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917."  Be sure to include your name, address, telephone number and your signature.  Your Notice of Intent to Appear must be submitted to the Court either by mailing it to the Class Action Clerk at the address in Question 17, or by filing it in person at any location of the United States District Court for the Northern District of California  no later than **xxxxx, 2015**.  You cannot speak at the hearing if you excluded yourself from the Settlement Class.


## GET MORE INFORMATION

## 21. Where can I get more information?

This notice summarizes the seven New Settlements.  For the precise terms and conditions of the Settlements, please see the Settlement Agreements available at www.CRTclaims.com.  You can also get more information about the Settlements by:

- Calling 1-800-xxx-xxxx;
- Texting "CRTclaims" to XXXXX;
- Writing to CRT Questions, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043;
- Accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or
- Visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**ALL INQUIRIES CONCERNING THIS NOTICE
SHOULD BE MADE TO THE SETTLEMENT ADMINISTRATOR**


**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE**

11

VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-xxx-xxxx
PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR

# EXHIBIT B

# If You Bought Televisions, Computer Monitors

## or Other Products Containing

## Cathode Ray Tubes

## Get Money from $576.75 Million in Settlements

## Simple Online Claim Form Takes 3-5 Minutes

Class action settlements have been reached involving Cathode Ray Tubes ("CRTs"), a display device that was sold by itself or as the main component in TVs and computer monitors.  The lawsuit claims that the Defendants fixed the prices of CRTs causing consumers to pay more for CRTs and products containing CRTs, such as TVs and computer monitors (collectively "CRT Products").  The Defendants deny Plaintiffs' allegations.

### Who is included in the Settlements?

Individuals and businesses that:

- Purchased a CRT or a product containing a CRT, such as a TV or computer monitor, in the United States (except Illinois, Washington and Oregon) between March 1, 1995 and November 25, 2007;
- For their own use and not for resale.

Purchases made directly from a defendant or alleged co-conspirator are <u>not</u> included (see the list of defendants and alleged co-conspirators at **www.CRTclaims.com** or by calling 1-800-xxx-xxxx).

### What do the Settlements provide?

There are seven new Settlements totaling $541.75 million.  Together with the two previously-approved settlements, the Settlement Fund is $576.75 million.  Only individuals and businesses who purchased CRT Products in AZ, CA, FL, HI, IA, KS, ME, MI, MN, MS, NE, NV, NM, NY, NC, ND, SD, TN, VT, WV, WI, or the District of Columbia, are eligible to file a claim for money.  HI, NE and NV have shorter claims periods.  The purchase must have been made in one of the foregoing states, but you do not have to be a resident of one of these states.  The Settlements release the injunctive relief claims of purchasers of CRT Products nationwide.

The amount of money you will receive depends on the type and quantity of CRT Products you purchased and the total number of claims made.  Eligible individuals and businesses are expected to get a minimum payment of $25.  Large purchasers could recover many thousands of dollars.

### How can I get a payment?

Claim online or by mail by **XXXX xx, 2015**.  The simple online Claim Form only takes 3-5 minutes for most individuals.

### What are my rights?

If you do nothing you will be bound by the Court's decisions.  If you want to keep your right to sue the Defendants, you must exclude yourself from the Settlement Class by XXXX xx, 2015.  If you stay in the Settlement Class, you may object to the Settlements by XXXX xx, 2015.

The Court will hold a hearing on **XXXX xx, 2015 at xx:xx a.m.** to consider whether to approve the Settlements and a request for attorneys' fees plus reimbursement of litigation expenses and awards to Class Representatives.  The total attorney fee request for all Plaintiffs' counsel shall not exceed one-third of the $576.75 million Settlement Fund.  The hearing date may change so please check the website.  You or your own lawyer may appear and speak at the hearing at your own expense.

| | |
|---|---|
| **For More Information:** | **1-800-xxx-xxxx   www.CRTclaims.com**<br>Text: **"CRTclaims"** to **XXXXX** (text messaging rates may apply)<br>**PLEASE DO NOT CONTACT THE COURT** |

EXHIBIT C

# Email Notice

Subject: Important Legal Notice - You Could Get Money from a Settlement Involving TVs and Computer Monitors

A Federal Court authorized this notice. This is not a solicitation from a lawyer.

If You Bought Televisions, Computer Monitors, or Other Products Containing Cathode Ray Tubes, You Could Get Money from Settlements Totaling $576.75 Million.

A Simple Online Claim Form and more detailed notice of the Settlements is available online at www.CRTclaims.com <active link> or by calling toll-free at 1-800-xxx-xxxx.

Please read the notice carefully.  Your legal rights may be affected whether or not you act.

> The deadline to submit a Claim Form is _____, 2015.
> The deadline to object is _____, 2015.
> The deadline to exclude yourself is _____, 2015.

Only individuals and businesses who purchased CRT Products in AZ, CA, FL, HI, IA, KS, ME, MI, MN, MS, NE, NV, NM, NY, NC, ND, SD, TN, VT, WV, WI, or the District of Columbia, are eligible to file a claim for money.  Be sure to check your eligibility by going to www.CRTclaims.com <active link>.

CRT Claims Administrator
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043
1-800-xxx-xxxx
www.CRTclaims.com


-------------- End of Email Notice ---------------

[**Note**:  In order to increase the chances that an email message will be delivered to and opened by the intended recipients, neither the Detailed Notice nor the Summary Notice will be attached to the email.  Some email recipients will automatically delete, without opening, emails containing attachments if the sender is unknown.  In addition, various email servers have implemented the following bounce feature:  "Mail Block - Attachment Detected (MBAD)", which indicates that the recipient's email server will block an email because the message contains an attachment. This may be reported as "552 Disapproved attachment."]

EXHIBIT D

### In Re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL No. 1917)
*(U.S. District Court for the Northern District of California)*

## CATHODE RAY TUBE (CRT) CONSUMER CLAIM FORM
### Deadline for Submission is xxxxx, 2015

### GENERAL INSTRUCTIONS

To get a payment from these settlements totaling $576.75 million, complete all four parts this Claim Form **OR** you may submit your claim online at **www.CRTclaims.com.** It is expected that at least $25.00 will be paid to each eligible Class Member who submits a valid Claim Form. Your claim must be submitted online by, or mailed and postmarked by, **XXXX, 2015**.

Consumers (individual or business) in 21 states and the District of Columbia who indirectly purchased Cathode Ray Tubes (CRT) Products are eligible to receive payment from the Settlements. CRT Products include CRTs and products containing CRTs, such as televisions and computer monitors. "Indirectly" means that you did not buy directly from the manufacturer; instead you purchased the CRT Product from a retail store, supplier, or someone other than the manufacturer of the CRT Product.

**You must answer the Eligibility Questions below, by checking the appropriate boxes, to see if you are eligible.**

<u>**Important Eligibility Note**</u>: Sony® branded televisions and monitors are **<u>NOT</u>** eligible to be included in this case. All other brands of CRT televisions and monitors are eligible.

### PART 1:  ELIGIBILITY QUESTIONS

1. **Did you purchase a CRT Product for your own use and not for resale in the following states**:

    a. Arizona, California, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin or the District of Columbia, between **March 1, 1995,** and **November 25, 2007?**

    ☐ Yes ☐ No

    b. Hawaii between **June 25, 2002, and November 25, 2007?**

    ☐ Yes ☐ No

    c. Nebraska between **July 20, 2002, and November 25, 2007?**

    ☐ Yes ☐ No

    d. Nevada between **February 4, 1999, and November 25, 2007?**

    ☐ Yes ☐ No

2. **Did you purchase a CRT Product from a retail store or someone other than the manufacturer of the CRT Product?**
    For example, if you purchased a CRT television or computer monitor from a retailer like Best Buy or a computer

manufacturer like Dell, then your answer should be "Yes."  If you made no purchases from a retailer or other supplier and you only purchased a CRT television or computer monitor directly from a manufacturer of CRT Products, then your answer should be "No."

☐ Yes ☐ No

**You are eligible for payment only if you answered "Yes" for at least one state listed in Question 1 subparts (a), (b), (c) *or* (d), *AND* Question 2.**    To get a payment you must submit your Claim Form online at **www.CRTclaims.com** or complete Parts 1, 2, 3 and 4 of this Claim Form and mail it to: CRT Claims, c/o The Notice Company, P.O. Box XX, Hingham, MA 02043.

If you have questions about your eligibility to participate or on how the Settlement Fund will be distributed, you should review the Class Notice and other documents at the website.  You may also call 1-XXX-XXX-XXXX if you have any questions.

## PART 2:  PURCHASE INFORMATION

In order to make a valid claim, you must have purchased your CRT Product(s) in an eligible state during the specified time frames ("Claims Periods").   The Claims Period for the eligible states is between March 1, 1995, and November 25, 2007, except for purchases in Hawaii, Nebraska, and Nevada which have slightly shorter Claims Periods.

- Purchases in Hawaii must have been made between **June 25, 2002, and November 25, 2007.**
- Purchases in Nebraska must have been made between **July 20, 2002, and November 25, 2007.**
- Purchases in Nevada must have been made between **February 4, 1999, and November 25, 2007.**

Enter the total number of CRT Products you purchased between **March 1, 1995, and November 25, 2007** *(see modified class period dates above for purchases made in Hawaii, Nebraska, or Nevada)*.  **Only include qualifying products for which you answered "Yes" to the Eligibility Questions in Part 1**:

| Provide the total number of CRT Products purchased during the Claims Periods.  For example, if you bought 3 computer monitors, write "3" in the corresponding space. | |
| --- | --- |
| **Product Type** | **Number Purchased** |
| Standard CRT Television (screen size less than 30 inches): | _____ purchased |
| Large CRT Television (screen size 30 inches or larger): | _____ purchased |
| CRT Computer Monitor: | _____ purchased |
| Other  CRT Product(s) (please specify):<br>_____<br>(Attach additional page(s) if necessary.) | _____ purchased |

<u>**Important Notes**</u>:
*All claims are subject to audit and large claims will require verification*
**<u>Sony®</u> branded televisions and monitors are <u>NOT</u> eligible to be included in this case**
***All claimants should keep any proof of purchase***

## PART 3: CLASS MEMBER INFORMATION

*Type or print neatly in blue or black ink.*

Last Name

First Name

Entity/Business Name

Person to contact if there are questions regarding this claim:

Specify one of the following:

☐ Individual   ☐ Business (1-10 Employees)   ☐ Business (11-50 Employees)   ☐ Business (Greater than 50 Employees)

Mailing Address: Number and Street or P.O. Box

City

State

Zip Code

Telephone Number (Day)

Email Address

**Individuals:** Provide the last 4 digits of your Social Security Number: 
X X X - X X -

Date of Birth (Month and Year): 
/ X X /

**Businesses:** Provide your Federal Taxpayer Identification Number: 
-

Date of Formation or Incorporation: 
/ /

## PART 4: SIGN AND DATE CLAIM FORM

I declare under penalty of perjury under the laws of the United States of America, that the information provided in this Claim Form is true and correct.

_____    ___ ___ / ___ ___ / ___ ___

Signature                                                    Date (MM/DD/YY)

_____    _____

Print Name                                               Title *(if you are filling out this form for a business)*

**Claims may be audited and any false or fraudulent claim is subject to prosecution.**

### REMINDER

Please make sure that you:
1. Complete all four parts of this Claim Form;
2. Sign and date the Claim Form;
3. Submit your Claim Form on or before XXXXXX, 2015, online or by mail to:

    www.CRTclaims.com   **OR**   CRT Claims
                                      c/o The Notice Company
                                        P.O. Box xxx
                                        Hingham, MA 02043

4. Keep a copy of the completed Claim Form for your records;
5. Retain any proof of purchase documentation you may have for CRT Products until your claim is closed.

You will be notified if you are required to provide this documentation during the claim verification process.