

FaegreBD.com                                                                                                USA ▾ UK ▾ CHINA

**Kathy L. Osborn**
*Partner*
kathy.osborn@FaegreBD.com
Direct **+1 317 237 8261**

Faegre Baker Daniels LLP
300 North Meridian Street ▾ Suite 2700
Indianapolis ▾ Indiana 46204-1750
Phone **+1 317 237 0300**
Fax **+1 317 237 1000**

July 13, 2015

*VIA ECF*

The Honorable Samuel P. Conti
United States District Court
Northern District of California
Courtroom No. 1, 17th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *In re CRT Antitrust Litigation*, MDL 1917, Case No. 07-cv-5944 SC (N.D. Cal)

Dear Judge Conti:

    Thomson SA and Thomson Consumer, Inc. (the "Thomson Defendants") respectfully notify the Court of two points of clarification related to the Court's order regarding certification of the Direct Purchaser Plaintiff ("DPP") class. (*See* [Dkt. No. 3902].) First, the order states that "Thomson has settled and stipulated to class certification, pending hearing." (*Id*. at 1-2.) To clarify, the Thomson-DPP Settlement Agreement expressly states the Thomson Defendants stipulated that the proposed DPP class met class certification requirements "for purposes of this settlement only" and the Court's order granting preliminary approval of the settlement with the DPPs provisionally certified "the Settlement Class for settlement purposes only." (DPP-Thomson Settlement Agreement at ¶1, attached as Ex. 1 to ([Dkt. No. 3562-1]; [Dkt. No. 3872] at 2.) The Thomson Defendants did not stipulate to or waive their right to challenge certification of the class for any other purpose should their settlement with DPPs unexpectedly not be finally approved by your Honor. (*Id*.) Accordingly, for the avoidance of any doubt, the Thomson Defendants respectfully submit that the portion of the order quoted above should be amended to include the following underlined language: "Thomson has settled and stipulated to class certification <u>for purposes of settlement</u>, pending hearing."

    Second, in footnote 1, the order states that "[a]llied with Thomson is Defendant Videocon Industries, Ltd. ("Videocon")" – language that appears to have been drawn from footnote two in the DPPs' November 7, 2014 motion for class certification. (*See* [Dkt. No. 2962] at 2, n.2.) Thomson and Videocon were not allies. Unlike some of the other parties in this action, the

```
```

The Hon. Samuel P. Conti                                    -2-                                          July 13, 2015

Thomson Defendants and Videocon did not form a joint venture, are not affiliated and are not co-defending the matters in this litigation. The Thomson Defendants respectfully submit that the language in footnote 1 of the Court's order should be amended to state that "'Videocon' refers to Defendant Videocon Industries, Ltd."

    Thank you for your consideration of these requests.

Respectfully submitted,

/s/ Kathy L. Osborn

Kathy L. Osborn
*Counsel for the Thomson Defendants*