Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>Sears, Kmart v Toshiba | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE TOSHIBA'S MOTION TO COMPEL SUPPLEMENTAL DISCOVERY RE SEARS AND KMART'S PRIVATE LABEL PROGRAMS** |

The Toshiba defendants ("Toshiba") have moved to compel plaintiffs Sears, Roebuck & Co and Kmart Corp ("plaintiffs") to respond more fully to Interrogatory No 9 directed to plaintiffs' private-label program for CRT Finished Products.[1]  Toshiba seeks a "narrative" response to the interrogatory below:

> **INTERROGATORY No 9:**
>
> Describe in detail and in narrative form Your Policies, practices and procedures regarding Your purchase and sale of CRTs or CRT Finished Products during the Relevant Period as part of a private-label program, including but not limited to (a) the brand name(s), including but not limited to "LXI," and application(s) of all CRT Finished Products You purchased or sold as part of a private-label program, and (b) the Identity of the five (5) Persons who had the most responsibility for conducting, implementing or directing Your private-label program.  For the purposes of this interrogatory, "private-label program" is defined as those CRTs or CRT Finished Products that You purchased, ordered, directed to be purchased or ordered, considered purchasing or ordering, or arranged for delivery, for the purpose of manufacturing, producing, assembling, purchasing, or selling CRT Finished Products under Your brand or under an exclusive brand not sold by Your competition or competitors.  If You did not have a private-label program regarding CRTs or CRT Finished Products during the Relevant Period, state so.

Toshiba propounded Interrogatory No 9 as part of its first set of interrogatories on August 1, 2014.  Plaintiffs responded on September 5.  Plaintiffs' objections and responses to the first set of interrogatories omitted objections and responses to Interrogatory Nos 6 through 9.  When Toshiba pointed this out to plaintiffs on September 10, plaintiffs' counsel served corrected responses that included responses to Interrogatory Nos 6 through 9 the next morning on September 11.  *See* Plaintiffs' Ex 7, Plaintiffs' 9/5/14 Corrected Objections and Responses.  Thereafter, on September 26, plaintiffs served supplemental objections and responses to Toshiba's first set of interrogatories.  *See* Plaintiffs' Ex 1, Plaintiffs' 9/26/14

---

[1] *See* Toshiba's September 12, 2014 Motion to Compel Supplemental Discovery Responses from Plaintiffs Sears and Kmart ("Toshiba's Motion to Compel").

Supplemental Objections and Responses. Plaintiffs' supplemental objections and responses referred to their previously produced transactional data, the deposition of Glenna Hess and a list of 186 documents with citation to FRCP 33(d). *See* Plaintiffs' Ex 1, 9/26/14 Plaintiffs' Supplemental Objections and Responses at 5-7.

Toshiba challenged the adequacy of these responses. After the required "meet and confer" process, the parties' dispute regarding the first set of interrogatories boiled down to Interrogatory No 9. The dispute presents two issues: (1) did plaintiffs waive objections to Interrogatory No 9; and if not, (2) did plaintiffs adequately answer Interrogatory No 9?

Toshiba argues, first, that plaintiffs failed timely to respond to Interrogatory No 9 (along with Interrogatory Nos 6-8) and therefore waived any objections. Toshiba's 10/16/14 Reply ("Toshiba's Reply") at 3. Next, Toshiba contends that plaintiffs did not properly rely on Rule 33(d) in providing their list of 186 documents because the list was generated by a mere search for the term "LXI." Toshiba's Reply at 2, 3. And because Sears' transactional and purchase data only go back to 2001, the same year that Sears began phasing out certain LXI models (the only Sears private-label brand of CRT Finished Products), such data are largely not responsive to Interrogatory No 9. *See* Toshiba's Reply at 2. Finally, plaintiffs' witnesses provided insufficient responses to questions about plaintiffs' private-label programs, providing no information about Kmart's private label program. *Id* at 3.

Plaintiffs oppose on the grounds that: (1) they did not waive objections to Interrogatory No 9 because Rule 33(b) authorizes a court to excuse a failure to object timely for "good cause," (2) Toshiba failed to make a *prima facie* showing that plaintiffs' response is insufficient under Rule 33(d), (3) plaintiffs have fully and adequately responded to Interrogatory No 9 and (4) the discovery sought is not relevant. Plaintiffs add that Sears carried only one private-label brand responsive to Interrogatory No 9, known as "LXI" and that Kmart did not carry a private-label brand. 9/29/14 Sears and Kmart's Opposition ("Plaintiffs' Opposition") at 2 and 4. Plaintiffs explain that the "amount of information in Plaintiffs' possession that is responsive to this interrogatory is limited."

### A. Waiver of Objection to Interrogatory No 9

Plaintiffs' timely served original objections and responses omitted any specific objections or responses to Interrogatory Nos 6 - 9. Plaintiffs' counsel explains the omission arose from a word processing error that inadvertently omitted responses to these interrogatories. *See* Randall Dec ¶¶4-5, Plaintiffs' Ex 8. Promptly after discovering the omission, six days late, plaintiffs' counsel served a corrected version of responses and objections to Toshiba's first set of interrogatories, containing the inadvertently omitted text. Randall Dec ¶6.

Toshiba argues that plaintiffs' failure to file timely objections to Interrogatory No 9 constitutes a waiver, citing *Richmark Corp v Timber Falling Consultants*, 959 F2d 1468, 1473 (9th Cir 1992). In *Richmark*, because the responding party failed to raise its justification for its untimely objection as an objection to a discovery request, "or at the very least in response to the motion to compel," its objections to the discovery orders and a contempt adjudication were therefore waived. *Id* at 1474. *Richmark* is distinguishable on its facts. *Richmark* involved a Chinese company that claimed China's secrecy laws prevented its response, an obviously very different situation from plaintiffs' claim that their failure to respond was inadvertent and excusable. Plaintiff's failure to respond was promptly corrected after discovery and is not comparable to the *Richmark* responding party's prolonged failures to respond to discovery.

Next, Toshiba asserts that carelessness does not qualify as good cause, citing *Starlight Intern, Inc v Herlihy*, 181 FRD 494, 497 (D Kan 1998). The *Starlight* responding party failed timely to respond due to a calendaring error after the court had already granted a thirty day extension beyond the original deadline. *Starlight* is distinguishable because the responding party completely missed the deadline, whereas here, plaintiffs timely filed their original objections and responses believing them to be complete, and promptly filed corrected objections and responses as soon as the omissions due to a word processing error were discovered. Moreover, the *Starlight* court excused a "relatively brief" two-day delay attributable solely to the inadvertence of counsel where no intentional wrong-doing was found

with respect to the privilege against self-incrimination. In contrast, here, there is greater evidence of good faith.

Rule 33(b)(4) provides that any ground for objection "not stated in a timely objection is waived, unless the court, for good cause, excuses the failure." Thus, the issue is whether plaintiffs have shown "good cause." Paragraph (4) of Rule 33 (b) was added as part of the 1993 amendments to the federal rules of civil procedure. The undersigned has reviewed the minutes of the Civil Rules Advisory Committee meetings during the time paragraph (4) was under consideration. Nothing is apparent in the publicly available minutes and committee materials to suggest that the committee intended to exclude excusable neglect as a ground for the "good cause" required by paragraph (4). *See* www.uscourts.gov/rules-policies/records-and-archives-rules-committees/meeting-minutes & agenda-books (visited 07/14/2014).

In determining good cause and exercising its discretion to excuse an untimely objection, courts have considered four factors: (1) the length of the delay; (2) the reason for the delay; (3) the existence of bad faith; (4) the prejudice to the party seeking the disclosure; (5) the nature of the request; and (6) the harshness of imposing the waiver. *See Karr v Napolitano*, 2012 WL 1965855 (ND Cal 2012) (excusing a five-day delay due to calendaring error where no prejudice was asserted).

Here, the six-day delay was due to a word processing error omitting the response to Interrogatory No 9 in plaintiffs' original objections and responses to Toshiba's first set of interrogatories. The six-day period is of short duration when compared to the lengthy discovery period herein. There is furthermore no evidence of bad faith as plaintiffs filed their original objections and responses timely, failed to notice the lack of any specific responses to Interrogatory Nos 6 – 9 in the version served on defendants and promptly served corrected objections and responses the morning after learning of the omission. To the contrary, plaintiffs' prompt correction and timely service of original objections and responses support a finding of good faith. Toshiba has not alleged any prejudice based on the six-day delay nor is any prejudice apparent. The nature of the request goes to plaintiffs' private label programs, which

is of marginal relevance in this litigation. *See* 7/9/15 Order re Toshiba's Motion to Compel Discovery re Best Buy's Competitive Intelligence and Private Label Programs at 14-16 (ECF No 3908). The speculative relevance and significance of Toshiba's interrogatory at issue in that motion applies equally to this motion. Not excusing plaintiffs' delay would appear to be unduly harsh under these circumstances. Plaintiffs provided a substantive response to Interrogatory No 9, albeit six days late, and the late objections were due to an inadvertent word processing error that counsel promptly corrected after discovering the error. On balance, the undersigned finds that good cause exists to excuse plaintiffs' untimely objections and responses to Interrogatory No 9 and hence turns to the adequacy of plaintiffs' response.

### B. Adequacy of Plaintiffs' Responses to Interrogatory No 9

In lieu of a narrative response to an interrogatory, Rule 33(d) provides an alternative:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records * * * and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

A requesting party claiming inappropriate use of Rule 33(d) must make a *prima facie* showing that the reliance on Rule 33(d) is inadequate, "whether because the information is not fully contained in the documents or because it is too difficult to extract." *RSI Corp v Int'l Bus Machines Corp*, 2012 WL 3095396 at *1 (ND Cal 2012). Then the burden shifts to the

responding party to show that a review of the documents will actually reveal answers to the interrogatories and the burden of deriving the answer is substantially the same for both parties.

Toshiba's motion maintains as the primary basis for alleging a Rule 33(d) violation that plaintiffs "conceded that they simply ran a search for 'LXI'." Toshiba's Motion to Compel at 3. Based on the parties' submissions, it appears that plaintiffs did not merely run a search for "LXI" but rather reviewed the documents and performed work product in generating the list of 186 documents. *See* Toshiba's Ex D. Toshiba's reply does provide a summary of categories of documents and why they are not helpful. *See* Toshiba's Reply at 3. Notably, Toshiba states that over 90 documents are excel spreadsheets with no information about policies, practices or procedures, over 50 documents are dated 2005 or later, several years after Sears discontinued their LXI brand and none of the documents are dated before 2000. *Id.*

Plaintiffs respond that their practices and procedures for purchase and resale of the LXI TVs are the same as described in prior interrogatory responses detailing purchases of CRT products generally and that their supplemental response to Interrogatory No 9 incorporated those responses providing "substantial detail concerning Plaintiffs' general 'practices and procedures' concerning the purchase and sale of CRT Products (with which Toshiba did not take issue)." Plaintiffs' Opposition at 5-6. Plaintiffs also note that their response was adequate given the breadth of the interrogatory and the lack of relevance of the information sought in that Sears bought finished LXI TVs from manufacturers and did not manufacture TVs itself. *Id* at 5.

On balance, it appears that Toshiba has failed to make a *prima facie* showing and that plaintiffs' supplemental response to Interrogatory No 9 does provide an adequate description of their practices, policies and procedures. Plaintiffs' response incorporates other discovery responses to non-private-label practices, policies and procedures for purchasing CRT products. Furthermore, plaintiffs do not rely solely on Rule 33(d) in its response to Interrogatory No 9 as is often the case. Instead, plaintiffs provide a list of documents under Rule 33(d), refer to deposition testimony of Glenna Hess and refer to their responses to other interrogatories. In light of the marginal relevance of the private-label information sought, the

fact that Sears had only one private-label CRT program and Kmart had none, and that Sears purchased its private label televisions as finished products and engaged in no manufacturing of CRT Finished Products, the undersigned considers plaintiffs' response to Interrogatory No 9 adequate and finds that the burden of providing a narrative description of plaintiffs' private-label program would be substantial. But because it does not appear to be unduly burdensome, plaintiffs should provide the names of the five highest-ranking employees responsible for conducting, implementing or directing Sears' LXI private-label program during the relevant period, as requested in Interrogatory No 9. Due to the limited relevance of the discovery sought, Toshiba is not likely to suffer any prejudice from the denial of the remainder of this motion.

Accordingly, the undersigned ORDERS as follows:

Toshiba's motion to compel is **GRANTED** in part. Plaintiffs are ordered to provide the names of the five highest-ranking employees responsible for conducting, implementing or directing Sears' LXI private-label program during the relevant period. Toshiba's motion is **DENIED** in all other respects.

IT IS SO ORDERED.

Date: July 14, 2015

Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____, 2015

Hon Samuel Conti
United States District Judge