IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 <br><br> Master Case No. CV-07-5944-SC |
| This Order Relates To: <br><br> ALL DIRECT PURCHASER ACTIONS | Individual Case No. CV-14-2058-SC <br><br> AMENDMENTS TO ORDER IN RE CLASS CERTIFICATION WITH RESPECT TO THE THOMSON AND <u>MITSUBISHI DEFENDANTS</u> |

The Court now turns to a request made by Counsel for Thompson in a letter dated July 13, 2015, ECF No. 3913.  In consideration thereof, the Court amends its earlier order dated July 8, 2015, ECF No. 3902 in the following two ways:

First, the relevant portion of footnote 1 is amended as follows:

> As used herein, "Thomson" refers to:  Technicolor SA (f/k/a Thomson SA) ("Thomson SA") and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) ("Thomson Consumer"), and Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) ("TDA").  While DPPs have asserted that Thomson is allied with Defendant Videocon Industries, Ltd. ("Videocon"), Thomson has since clarified that it is not allied with Videocon.  As used herein, "Mitsubishi" refers to: Mitsubishi Electric

Corporation, Mitsubishi Electric US, Inc. (f/k/a Mitsubishi Electric & Electronics USA, Inc.), and Mitsubishi Electric Visual Solutions America, Inc. (f/k/a Mitsubishi Digital Electronics America, Inc.). Thomson and Mitsubishi are referred to collectively herein as "Defendants."

Second, the Court amends the portion of the sentence in the first paragraph that reads, "Thomson has settled and stipulated to class certification, pending hearing" (footnote omitted) to now read: "Thomson has settled and stipulated to class certification for the purposes of settlement, pending hearing" (footnote omitted). The Court makes this latter change both to more accurately reflect the record and as a courtesy upon receipt of a justified, respectful request. However, the Court warns that it will not look favorably on late attempts by counsel to challenge the Court's ruling on class certification absent the normal reasons which justify reconsideration of any other decision of the Court.

The remainder of the order remains unchanged. The filing of these two amendments does not change the original date of the order for any purposes, including calculating any deadlines dependent thereupon. If DPPs' Counsel failed to include Videocon as a Defendant named in its motion in the belief that it was allied with Defendant Thomson, DPPs' Counsel must file notice and alternative proposed language with the Court within 10 days of this order.

IT IS SO ORDERED.

Dated: July 20, 2015

UNITED STATES DISTRICT JUDGE

2