Guido Saveri (22349)
   *guido@saveri.com*
R. Alexander Saveri (173102)
   *rick@saveri.com*
Geoffrey C. Rushing (126910)
   *grushing@saveri.com*
Cadio Zirpoli (179108)
   *cadio@saveri.com*
Travis L. Manfredi (281779)
   *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for the
Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC |
| | MDL No. 1917 |
| This Document Relates to: <br><br> **ALL DIRECT PURCHASER ACTIONS** | **DIRECT PURCHASER PLAINTIFFS' BRIEF RE REVISED [PROPOSED] ORDER APPROVING CLAIM FORM AND DIRECTING NOTICE TO CLASS MEMBERS REGARDING DISTRIBUTION OF SETTLEMENT FUND** <br><br> Judge:  Honorable Samuel Conti |

On July 9, 2015, the Court entered its Order to Update Proposed Orders for Final Approval of Class Action Settlements (Dkt. No. 3907) ("Order"). The Order directs counsel for the Direct Purchaser Class to submit a revised proposed order approving the claim form and directing notice to the class ("Revised Proposed Order"). A Revised Proposed Order with new dates is filed herewith. The Order states that this order "and related orders" will be entered within two days of the filing of the Revised Proposed Order. Direct Purchaser Plaintiffs ("DPPs") understand this to mean that the Court will enter the [Proposed] Order Granting Final Approval of Class Action Settlements with Hitachi and Samsung SDI Defendants (Dkt. No. 2728-6) ("Proposed Final Approval Order") and Final Judgments of Dismissal as to Hitachi and Samsung SDI (Dkt. Nos. 2728-4 & 2728-5) ("Proposed Final Judgments") concurrently with the Revised Proposed Order. The dates in the Revised Proposed Order are predicated on that understanding. For the Court's convenience, copies of the Proposed Final Approval Order and Proposed Final Judgments are attached hereto as Exhibits 1, 2 and 3.

Dated: July 22, 2015

Respectfully submitted,

/s/ *Guido Saveri*
Guido Saveri (22349)
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Cadio Zirpoli (179108)
Travis L. Manfredi (281779)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for the
Direct Purchaser Plaintiffs*

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Bruce L. Simon
Aaron M. Sheanin
PEARSON, SIMON & WARSHAW LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:  (415) 433-9000
Facsimile:  (415) 433-9008


H. Laddie Montague, Jr.
Ruthanne Gordon
Charles P. Goodwin
Candice Enders
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604


Michael P. Lehmann
HAUSFELD LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:  (415) 633-1908
Facsimile:  (415) 358-4980


Gary Specks
KAPLAN FOX
423 Sumac Road
Highland Park, IL 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580


Douglas A. Millen
William H. London
FREED KANNER LONDON & MILLEN
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4519


Eric B. Fastiff
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN P.L.L.P
100 Washington Avenue S
Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

*Attorneys for Plaintiffs*

DPPs' BRIEF RE REVISED [PROPOSED] ORDER APPROVING CLAIM FORM AND DIRECTING NOTICE TO CLASS MEMBERS REGARDING DISTRIBUTION OF SETTLEMENT FUND; Master File No. CV-07-5944-SC

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION <br><br> This Document Relates to: <br><br> **ALL DIRECT PURCHASER ACTIONS** | Master File No. CV- 07-5944-SC <br><br> MDL No. 1917 <br><br> **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH HITACHI AND SAMSUNG SDI DEFENDANTS** <br><br> Date: August 22, 2014 <br> Time: 10:00 a.m. <br> Judge: Honorable Samuel Conti <br> Courtroom: 1 |

On August 1, 2014, Direct Purchaser Plaintiffs filed a Motion for Final Approval of Class Action Settlements with: Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.) ("Hitachi Displays"); Hitachi America, Ltd.; Hitachi Asia, Ltd.; Hitachi Electronic Devices (USA) Inc. (collectively, "Hitachi"); and Samsung SDI Co. Ltd. (f/k/a Samsung Display Devices Co., Ltd.); Samsung SDI America, Inc.; Samsung SDI Brasil, Ltd.; Tianjin Samsung SDI Co., Ltd.; Samsung Shenzhen SDI Co., Ltd.; SDI Malaysia Sdn. Bhd.; SDI Mexico S.A. de C.V. (collectively, "Samsung SDI").  The Court, having reviewed the motion, the settlement agreement between the Plaintiffs and Hitachi ("Hitachi Settlement Agreement") and the settlement agreement between the Plaintiffs and Samsung SDI ("Samsung SDI Settlement Agreement") (collectively the "Settlement Agreements"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement Agreements, including all members of the Class and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreements.

3. Pursuant to Fed. R. Civ. P. 23(g), Lead Counsel, previously appointed by the Court (Saveri & Saveri, Inc.), is appointed as counsel for the Class. Saveri & Saveri, Inc. has and will fairly and competently represent the interests of the Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following settlement class be certified:

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any defendant or subsidiary or affiliate thereof, or any co-conspirator.  Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirator, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

5. CRT Products refers to all forms of Cathode Ray Tubes, as well as to devices that contain CRTs.  It includes CPTs, CDTs, monochrome display tubes, and the finished products that contain them—televisions and monitors.

1

6. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class which predominate over individual issues; (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions.

7. The Court hereby finally approves and confirms the settlements set forth in the Settlement Agreements and finds that said settlements are, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. This Court hereby dismisses on the merits and with prejudice the Action in favor of Hitachi and in favor of Samsung SDI, with each party to bear their own costs and attorneys' fees.

9. The Hitachi Releasees and Samsung SDI Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Settlement Agreements.

10. The notice given to the Class of the settlements was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlements set forth in the Settlement Agreements, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. The Plan of Allocation set forth in the Class notice is, in all respects, fair,

2

adequate, and reasonable. Accordingly, the Court hereby grants final approval of the Plan of Allocation.

12. Without affecting the finality of the Judgments in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of these settlements and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Funds; (c) hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgments contemplated hereby have become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreements.

13. In the event that the settlements do not become effective in accordance with the terms of the Settlement Agreements, then the Judgments shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions *ex ante*.

14. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments should be entered and further finds that there is no just reason for delay in the entry of Judgments, as Final Judgments, as to the parties to the Settlement Agreements. Accordingly, the Clerk is hereby directed to enter Judgments forthwith for Hitachi and Samsung SDI.

IT IS SO ORDERED.

Dated: _____ _____

Hon. Samuel Conti
United States District Judge

3

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH HITACHI AND SAMSUNG SDI—CV-07-5944-SC

# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>**ALL DIRECT PURCHASER ACTIONS** | Master File No. CV- 07-5944-SC<br><br>MDL No. 1917<br><br>**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS HITACHI, LTD.; HITACHI DISPLAYS, LTD. (N/K/A JAPAN DISPLAY INC.); HITACHI AMERICA, LTD; HITACHI ASIA LTD.; AND HITACHI ELECTRONIC DEVICES (USA) INC.** |

1    This matter has come before the Court to determine whether there is any cause why this
2    Court should not approve the settlement with Defendants Hitachi, Ltd.; Hitachi Displays, Ltd.
3    (n/k/a Japan Display Inc.) ("Hitachi Displays"); Hitachi America, Ltd.; Hitachi Asia, Ltd.; and
4    Hitachi Electronic Devices (USA) Inc. (collectively, "Hitachi") set forth in the Settlement
5    Agreement ("Agreement"), dated November 29, 2013, relating to the above-captioned litigation.
6    The Court, after carefully considering all papers filed and proceedings held herein and otherwise
7    being fully informed in the premises, has determined (1) that the Settlement should be approved,
8    and (2) that there is no just reason for delay of the entry of this Final Judgment approving this
9    Agreement.  Accordingly, the Court directs entry of Judgment which shall constitute a final
10   adjudication of this case on the merits as to the parties to the Agreement.  Good cause appearing
11   therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Agreement, including all members of the Class and Defendants.

2. The definitions of terms set forth in the Agreement are incorporated hereby as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. Pursuant to Fed. R. Civ. P. 23(g), Lead Counsel, previously appointed by the Court, Saveri & Saveri, Inc., is appointed as counsel for the Class.  This firm has and will fairly and competently represent the interests of the Class.

5. Those persons/entities identified on Exhibit C to the Declaration of Ross Murray in Support of Final Approval of Class Action Settlements filed on August 1, 2014, who/which have submitted timely requests for exclusion have validly requested exclusion from the Class and, therefore, are excluded.  Such persons/entities are not included in or bound by this Final Judgment.

1  Such persons/entities are not entitled to any recovery of the settlement proceeds obtained through
2  this settlement.
3        6.     This Court hereby dismisses on the merits and with prejudice the Class Action in
4  favor of Hitachi, with each party to bear their own costs and attorneys' fees.
5        7.     All persons and entities who are Releasors are hereby barred and enjoined from
6  commencing, prosecuting or continuing, either directly or indirectly, against the Hitachi Releasees,
7  in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had,
8  have, or in the future may have, arising out of or related to any of the Released Claims as defined
9  in the Agreement.
10       8.     The Hitachi Releasees, are hereby and forever released and discharged with respect
11 to any and all claims or causes of action which the Releasors had or have arising out of or related to
12 any of the settled claims as defined in the Agreement.
13       9.     The notice given to the Class of the settlement set forth in the Agreement and the
14 other matters set forth herein was the best notice practicable under the circumstances, including
15 individual notice to all members of the Class who could be identified through reasonable efforts.
16 Said notice provided due and adequate notice of those proceedings and of the matters set forth
17 therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such
18 notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal
19 Rules of Civil Procedure and the requirements of due process.
20       10.    Without affecting the finality of this Judgment in any way, this Court hereby retains
21 continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class
22 Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund (c) hearing
23 and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the
24 Action until the Final Judgment contemplated hereby has become effective and each and every act
25 agreed to be performed by the parties all have been performed pursuant to the Agreement; (e)
26 hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f)
27 all parties to the Action and Releasors, for the purpose of enforcing and administering the
28

1  Agreement and the mutual releases and other documents contemplated by, or executed in
2  connection with the Agreement.
3       11.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil
4  Procedure, that this Final Judgment should be entered and further finds that there is no just reason
5  for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement.
6  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.
7
8       IT IS SO ORDERED.
9
10
11  Dated: _____      _____
12                           Hon. Samuel Conti
                         United States District Judge

3

FINAL JUDGEMENT OF DISMISSAL WITH PREJUDICE AS TO HITACHI DEFENDANTS—CV-07-5944-SC

# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>**ALL DIRECT PURCHASER ACTIONS** | Master File No. CV- 07-5944-SC<br><br>MDL No. 1917<br><br>**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANTS SAMSUNG SDI CO. LTD. (F/K/A SAMSUNG DISPLAY DEVICES CO., LTD.); SAMSUNG SDI AMERICA, INC.; SAMSUNG SDI BRASIL, LTD.; TIANJIN SAMSUNG SDI CO., LTD.; SAMSUNG SHENZHEN SDI CO., LTD.; SDI MALAYSIA SDN. BHD.; AND SDI MEXICO S.A. DE C.V.** |

1  This matter has come before the Court to determine whether there is any cause why this
2  Court should not approve the settlement with Defendants Samsung SDI Co. Ltd. (f/k/a Samsung
3  Display Devices Co., Ltd.); Samsung SDI America, Inc.; Samsung SDI Brasil, Ltd.; Tianjin
4  Samsung SDI Co., Ltd.; Samsung Shenzhen SDI Co., Ltd.; SDI Malaysia Sdn. Bhd.; and SDI
5  Mexico S.A. de C.V. (collectively, "Samsung SDI") set forth in the Settlement Agreement
6  ("Agreement"), dated February 11, 2014, relating to the above-captioned litigation.  The Court,
7  after carefully considering all papers filed and proceedings held herein and otherwise being fully
8  informed in the premises, has determined (1) that the Settlement should be approved, and (2) that
9  there is no just reason for delay of the entry of this Final Judgment approving this Agreement.
10 Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this
11 case on the merits as to the parties to the Agreement.  Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Agreement, including all members of the Class and Defendants.

2. The definitions of terms set forth in the Agreement are incorporated hereby as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. Pursuant to Fed. R. Civ. P. 23(g), Lead Counsel, previously appointed by the Court, Saveri & Saveri Inc., is appointed as counsel for the Class.  This firm has and will fairly and competently represent the interests of the Class.

5. Those persons/entities identified on Exhibit C to the Declaration of Ross Murray in Support of Final Approval of Class Action Settlements filed on August 1, 2014, who/which have submitted timely requests for exclusion have validly requested exclusion from the Class and, therefore, are excluded.  Such persons/entities are not included in or bound by this Final Judgment.

1  Such persons/entities are not entitled to any recovery of the settlement proceeds obtained through
2  this settlement.
3        6.     This Court hereby dismisses on the merits and with prejudice the Class Action in
4  favor of Samsung SDI, with each party to bear their own costs and attorneys' fees.
5        7.     All persons and entities who are Releasors are hereby barred and enjoined from
6  commencing, prosecuting or continuing, either directly or indirectly, against the Samsung SDI
7  Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which
8  they had, have, or in the future may have, arising out of or related to any of the Released Claims as
9  defined in the Agreement.
10       8.     The Samsung SDI Releasees, are hereby and forever released and discharged with
11 respect to any and all claims or causes of action which the Releasors had or have arising out of or
12 related to any of the settled claims as defined in the Agreement.
13       9.     The notice given to the Class of the settlement set forth in the Agreement and the
14 other matters set forth herein was the best notice practicable under the circumstances, including
15 individual notice to all members of the Class who could be identified through reasonable efforts.
16 Said notice provided due and adequate notice of those proceedings and of the matters set forth
17 therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such
18 notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal
19 Rules of Civil Procedure and the requirements of due process.
20       10.    Without affecting the finality of this Judgment in any way, this Court hereby retains
21 continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class
22 Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund (c) hearing
23 and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the
24 Action until the Final Judgment contemplated hereby has become effective and each and every act
25 agreed to be performed by the parties all have been performed pursuant to the Agreement; (e)
26 hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f)
27 all parties to the Action and Releasors, for the purpose of enforcing and administering the
28

|   |   |
|---|---|
| 1 | Agreement and the mutual releases and other documents contemplated by, or executed in |
| 2 | connection with the Agreement. |
| 3 |     11.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil |
| 4 | Procedure, that this Final Judgment should be entered and further finds that there is no just reason |
| 5 | for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement. |
| 6 | Accordingly, the Clerk is hereby directed to enter Judgment forthwith. |

        IT IS SO ORDERED.


Dated: _____                    _____
                                                Hon. Samuel Conti
                                                United States District Judge