Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>DAPs v Thomson | MDL No 1917<br><br>Case No 14-cv-2058-SC<br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE DAPS' MOTION TO COMPEL RULE 30(b)(6) TESTIMONY OF THOMSON DEFENDANTS** |

The Direct Action Plaintiffs ("DAPs") move for an order compelling Thomson SA and Thomson Consumer Electronics, Inc ("Thomson" or "Thomson Defendants") to produce a Rule 30(b)(6) witness who has been prepared and informed to testify regarding facts learned by Thomson through outside counsel interviews of then and former employees regarding potentially anticompetitive activities involving cathode ray tubes.

The DAPs discovered the fact of the outside counsel interviews and the existence of memoranda memorializing the interviews during the Rule 30(b)(6) deposition of Meggan Ehret, Corporate Secretary and General Counsel, Litigation and Compliance for Technicolor USA Inc, a Thomson affiliate.  But the DAPs were prevented from obtaining information about the underlying facts because Ms Ehret was instructed not to answer certain questions about the interviews and she had not read the interview memoranda.  DAPs' Motion to Compel at 3.

The DAPs request that Thomson be compelled to produce a Rule 30(b)(6) witness to testify about information from the interviews, covering at least the following topics: (1) the identity of each person interviewed; (2) the date of each interview; (3) the attendees at each interview; and (4) the facts discussed in the interview and contained in the memoranda. In this motion, the DAPs seek underlying facts, do not seek production of the interview memoranda but reserve the option to seek production "[p]ending a subsequent deposition of Thomson pursuant to Rule 30(b)(6)."  DAPs' Motion to Compel at 7, n3.  The DAPs also request additional deposition time due to time purportedly wasted during the Thomson Rule 30(b)(6) deposition "as a result of Thomson's failure to prepare Ms. Ehret to testify about the interviews and Thomson's refusal to answer questions about the interviews."  DAPs' Motion to Compel at 7.

Pursuant to Rule 37(a)(5), the DAPs request reimbursement for reasonable expenses, including attorney fees, incurred in preparing this motion and in preparing for and taking the subsequent deposition of Thomson's designated agent. *Id*.

Thomson opposes, stating that it would be "tantamount to compelling production of the privileged witness memoranda," which are protected by the attorney-client privilege and work product doctrine.  Thomson's Opposition at 1.  Thomson maintains that the memoranda are "not verbatim records of the interviews, do not contain any clearly delineated 'fact' sections, and reflect the mental impressions, opinions, and conclusions of the attorneys regarding the interviews, including the legal import of the information the interviewees provided."  Thomson's Opposition at 3.  Thomson's counsel notes that to the extent Ms Ehret possessed information about the topic from any non-privileged source, she was permitted to testify, but she did not testify about the contents of the interview memoranda or her recollection of information learned exclusively through attending certain outside counsel interviews of then current and former Thomson employees.  *Id* at 5.

A.      **Names, Dates and Attendees of Outside Counsel Interviews of Former Employees Are Not Attorney-Client Communications and Are Not Shielded as Attorney Work Product**

The DAPs seek a Thomson Rule 30(b)(6) witness knowledgeable on, *inter alia*, the dates of the interviews of then current and former employees conducted by outside counsel, the names of the employees interviewed and the attendees at each interview.  These underlying facts do not appear to be protected by the attorney-client privilege because they do not reveal the substance of any attorney-client communications.  *See e g, In re Uehling*, 2013 WL 3283212 at *6 (ED Cal 2013) (client's actions are underlying facts not shielded from discovery merely because an attorney observed them); *see also Vasudevan Software v Int'l Bus Machines*, 2011 WL 1599646 (ND Cal 2011) (date, circumstance, general subject matter of a privileged communication are underlying facts routinely disclosed).

Thomson contends, however, that the identity of the individuals interviewed is protected work product and cites *In re MTI Tech Corp Sec Litig II*, 2002 WL 32344347 at *3 (CD Cal 2002); *Mitchell Engg v City and County of San Francisco*, 2010 WL 1853493 at *1 (ND Cal

2010).  Thomson's Opposition at 2, n1.  In those cases, the identities of the individuals interviewed were undiscoverable work product.   But in *In re MTI Tech*, the court acknowledged that the "identity of witnesses is subject to qualified protection and thus opposing counsel may obtain disclosure based upon the requisite showing of need and undue hardship."  2002 WL 32344347, at *3.  The DAPs cite a securities litigation case in this district, in which Judge Chen found that the names of confidential witnesses were not work product.  *See In re Harmonic Sec Litig*, 245 FRD 424, 429 (ND Cal 2007).  The undersigned finds persuasive the reasoning that since the interviewees' names would be revealed ultimately were numerous depositions of former employees conducted, the information is merely fact work product, not opinion work product, and therefore the protections afforded by the work product doctrine are less compelling here.

Information such as this, even if work product, may be disclosed on a showing of need and undue hardship.  The DAPs contend that information about the Thomson Defendants' awareness of CRT activities is crucial to their case and they have no other way to discover this information because they were not afforded "ample opportunity to depose" former employees of Thomson SA in France, as Thomson  claims.  *See* DAPs' Reply at 3.  The DAPs point to their hurdles in obtaining discovery of the Thomson defendants, e g, Thomson opted not to participate in discovery until March 2014, Thomson resisted presenting an informed witness pursuant to Rule 30(b)(6) and the DAPs had to arrange for taking depositions in France where former employees of Thomson SA are located.

The names of interviewees, dates of interviews and attendees are underlying facts that are highly relevant to the DAPs' case because the interviews related to government investigations into potentially anticompetitive activities involving cathode ray tubes.  *See* Thomson's Opposition at 2-3.  It is unclear whether this information can be obtained any other way, so the DAPs would suffer undue hardship if they were not allowed to obtain this relevant, non-privileged information that is within Thomson's possession and control.  Moreover, there is

little burden to Thomson to preparing its Rule 30(b)(6) witness on this information (names, dates and attendees) which is squarely within the scope of the topics in the Rule 30(b)(6) deposition notice.

Accordingly, Thomson should be ordered to prepare and produce a Rule 30(b)(6) witness to provide the dates and attendees of all the outside counsel interviews of then current and former employees and the names of the interviewees.

### B.   Whether Underlying Facts Contained in Outside Counsel's Interview Memoranda Are Protected by the Attorney-Client Privilege

Turning to the contents of the interview memoranda, Thomson contends that its outside counsel's interview memoranda are protected by the attorney-client privilege and are therefore undiscoverable, citing *Upjohn v United States*, 449 US 383, 395-400 (1981) and *Admiral Ins Co v United States District Court for District of Arizona*, 881 F2d 1486, 1492 (9th Cir 1989). Thomson argues that the DAPs may discover the facts by deposing former employees directly instead of seeking a Thomson Rule 30(b)(6) representative to testify about the privileged interview memoranda, citing *Hickman v Taylor*, 329 US 495, 509 (1947); *Admiral Ins*, 881 F2d at 1492. Thomson's Opposition at 6.

According to Thomson, just as the interview memoranda are protected by the attorney-client privilege, so should the underlying facts be protected by the privilege because the underlying facts are so intertwined with the attorney-client privileged communications that it would be impossible to separate them. Thomson points out that the interview memoranda are not verbatim records of the interviews, do not have clearly delineated "facts" sections and reflect the attorneys' mental impressions, opinions, conclusions and legal import of the information provided. Roberts Dec ¶¶5 and 9.

Thomson poses a logical fallacy. If the underlying facts communicated by former employees may be discoverable by deposing the former employees, then those underlying facts are not protected by the attorney-client privilege.

A party asserting the attorney-client privilege bears the burden of establishing its applicability.  *See Weil v Investment/Indicators, Res and Mgmt, Inc*, 647 F2d 18, 25 (9th Cir 1981); *see also Board of Trustees of Leland Stanford Junior University v Roche Molecular Systems, Inc*, 237 FRD 618, 622 (ND Cal 2006).  Here, it does not appear that Thomson has established that the underlying facts contained in the outside counsel interview memoranda are protected by the attorney-client privilege.  It is well-established that the attorney-client privilege does not protect against "disclosure of the underlying facts by those who communicated with the attorney."  *Upjohn Co v United States*, 449 US 383, 395 (1981).  The attorney-client privilege extends to communications and not to facts.  A corporation may not refuse to produce in discovery a relevant fact merely because that fact was communicated by an employee to its attorney.  *Id* at 396.  Indeed, facts discovered by a corporation's counsel during an internal investigation are part of the corporation's knowledge because its employees' knowledge is imputed to the corporation.  *See In re Linerboard Antitrust Litig,* 237 FRD 373, 380 (ED Pa 2006).

A party responding to a Rule 30(b)(6) deposition notice has a duty to educate and prepare its corporate designee to convey all facts responsive to the notice that were known to the corporation.  *Great American Insur Co of New York v Vegas*, 251 FRD 534, 538-39 (D Nev 2008); *In re Vitamins Antitrust Litig*, 217 FRD 229, 234-35 (DDC 2002) (facts known to corporation are discoverable regardless whether memorialized in work product or in counsel's mind).  And even if the organization no longer has an employee knowledgeable on a deposition topic, it still has a duty to prepare a Rule 30(b)(6) designee on that topic.  *Great American Insur Co,* 251 FRD at 539.

Thomson has made a case that its Rule 30(b)(6) corporate designee was thoroughly prepared on topics other than the outside counsel interviews and that its Rule 30(b)(6) designee did not review the interview memoranda.  Thus, the issue here is whether Thomson should be required to educate and prepare its Rule 30(b)(6) witness on the underlying

facts contained in the interview memoranda even though the memoranda may be attorney-client privileged communications.  As discussed above, the answer is yes, to the extent that the underlying facts can be disclosed without revealing attorney-client privileged communications.

Based on the parties' submissions, the undersigned cannot determine whether, as Thomson asserts, it is impossible to separate the underlying facts contained in the interview memoranda from the attorney-client privileged communications through proper education and preparation of the Rule 30(b)(6) designee.  It appears that the best way to resolve the issue is to require Thomson to submit all the interview memoranda to the undersigned for an *in camera* review.  If it appears that underlying facts cannot be separated from the privileged communications, then no Rule 30(b)(6) deposition should be granted on the underlying facts (beyond the names, dates and attendees as discussed above in Section A).  But if it appears that there are underlying facts that can indeed be disclosed without revealing attorney-client communications, then a Rule 30(b)(6) deposition on those underlying facts would be appropriate.

### C.     Whether Facts Contained in Outside Counsel's Interview Memoranda Are Protected Opinion Work Product

Thomson argues that any facts learned by its outside counsel during internal investigations are "so intertwined with" their counsel's mental impressions that they are undiscoverable opinion work product.  And even if the information constitutes fact work product, the DAPs cannot establish a "substantial need" for information otherwise available through depositions of individual fact witnesses.

As discussed above, the issue of whether facts are "so intertwined with" counsel's mental impressions may be addressed by *in camera* review of the interview

memoranda by the undersigned.[1]  And the DAPs have shown a "substantial need" for the information, as outlined above.

### D.      The DAPs' Request for Expenses Pursuant to Rule 37(a)(5)

The DAPs request that Thomson be required to reimburse them for reasonable expenses, including attorney fees, incurred in preparing their motion and in preparing for and taking the further deposition of Thomson's designee.

Pursuant to Rule 37(a)(5)(A), if a motion is granted, a court must require the adverse party to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  But such payment must not be ordered if the moving party filed the motion without first attempting in good faith to obtain the discovery, the opposing party's nondisclosure was "substantially justified," or "other circumstances make an award of expenses unjust."  Rule 37(a)(5)(C), which governs if a motion is granted in part and denied in part, allows a court discretion, after giving an opportunity to be heard, to apportion expenses for the motion.  This motion is currently granted in part and denied in part and the undersigned, seeing a reasonable difference of opinions between able and experienced counsel on both sides, finds no basis for granting an award of expenses.

**CONCLUSION**

The DAPs' motion is **GRANTED in part**.  Thomson shall produce a Rule 30(b)(6) witness prepared to testify on the names of all individuals interviewed by outside counsel, the date(s) of each interview and the names of all attendees at each interview, no later than August 31, 2015.  Thomson shall submit its outside counsel's interview memoranda for *in camera*

---

[1] With respect to Thomson's argument that it should not be compelled to adopt statements of former employees as binding Rule 30(b)(6) testimony, that concern can be addressed using an appropriate objection at trial that will preclude taking any statements out of context.

review by the undersigned no later than July 31, 2015.  This motion remains pending and an

order shall issue on whether Thomson should produce a Rule 30(b)(6) witness on the

underlying facts contained in the interview memoranda after the *in camera* review.

       The DAPs' motion is **GRANTED in part** with respect to their request for additional

deposition time.  The DAPs' motion is **DENIED** with respect to the request for reimbursement of

reasonable expenses.

IT IS SO ORDERED.

Date:   July 23, 2015

_____

Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____

Honorable Samuel Conti
United States District Judge

ORDER RE DAPS' MOTION TO COMPEL RULE 30(B)(6) TESTIMONY OF THOMSON DEFENDANTS        PAGE **9** OF **9**