1  KAMALA D. HARRIS
   Attorney General of California
2  MARK BRECKLER
   Chief Assistant Attorney General
3  KATHLEEN E. FOOTE
   Senior Assistant Attorney General
4  State Bar No. 65819
   EMILIO VARANINI
5  State Bar No. 163952
   ESTHER LA
6  State Bar No. 160706
   PAMELA PHAM
7  State Bar No. 235493
   Deputy Attorneys General
8    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
9    Telephone:  (415) 703-5607
     Fax:  (415) 703-5480
10   E-mail:  Pamela.Pham@doj.ca.gov

11 *Attorneys for the State of California*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**DECLARATION OF PAMELA PHAM IN SUPPORT OF THE STATE OF CALIFORNIA'S MOTION FOR PERMISSIVE INTERVENTION AND INTERVENOR'S MOTION TO RESTORE PUBLIC ACCESS TO 107 COURT RECORDS**<br><br>Hearing Date: August 28, 2015<br>Time:         10:00 A.M.<br>Courtroom:    One, 17th Floor<br>Judge:        Honorable Samuel Conti |
| This Documents Relates To:<br><br>ALL ACTIONS | |

1

I, PAMELA PHAM, declare as follows:

1. I am a Deputy Attorney General with the California Attorney General's Office and a member of the State Bar of California. I am also admitted to this Court. I make this declaration in support of the State of California's Motion For Permissive Intervention Solely For The Limited And Collateral Purpose Of Seeking To Restore Public Access To 107 Court Records That The Samsung SDI Defendants Asked To Be Seale and also in support of the State's accompanying Motion To Restore Public Access To 107 Court Records ("Motions").

2. The information contained herein is based on my own personal knowledge and if called as a witness I could, and would, testify competently that the matters set forth herein are true and accurate to the best of my recollection.

3. These Motions are filed by nonparty the State of California ("the State"), *ex rel.* Kamala D. Harris, Attorney General of the State of California ("the Attorney General"), as the State's Chief Law Officer representing the public's interest in free and open access to court records. The State respectfully submits the motion for permissive intervene on behalf of members of the public so that they may access the court records in the underlying private Multidistrict Litigation ("MDL"). The State does not wish to become a party to this MDL nor to litigate any claim or defense on the merits in this MDL nor to ask the Court to rule on any additional claims. The requested intervention is solely for the purpose of seeking to modify this Court's prior sealing orders in order to restore the public's right of access to court records and proceedings.

4. The documents to be unsealed are identified in the demonstrative chart attached as Exhibit A to this declaration. The Samsung SDI Defendants ("SDI") are the main proponents of sealing these documents. They have submitted over 50 requests for sealing these documents. In addition, they are using this Court's sealing orders to block public access to conspiracy evidence discovered elsewhere as well.

5. For example, in 2011, the California Attorney General filed a civil law enforcement action in state court against the Samsung SDI group and other members of the CRT cartel for engaging in collusive price-fixing activities from 1995 through 2007 in violation of the

2

PHAM DECL. ISO MOTION FOR PERMISSIVE INTERVENTION AND
MOTION TO RESTORE PUBLIC ACCESS TO 107 COURT RECORDS
(Master File No. CV-07-5944-SC)

State's antitrust laws. The Samsung SDI Defendants are the only litigating defendants remaining in the state court action. The State's trial against SDI will commence on July 25, 2016. In preparation for that trial, the Attorney General has been pressing SDI to permit public access to two of SDI's interrogatory responses as well as to the hundreds of documents listed therein.

Specifically, the public should have access to SDI's answers to the below questions, which ask SDI to identify all communications, meetings, and agreements between SDI and its competitors as well as documents concerning those communications, meetings, and agreements:

> Interrogatory No. 4: "Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named defendants in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the relevant time period…."

> Interrogatory No. 5: "Identify "any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales…."

Conceivably, answers to the above questions would establish SDI's culpability in the global CRT price-fixing conspiracy.

While SDI did provide substantive responses to these questions, they have designated both its discovery responses and the documents identified therein as either confidential or highly confidential pursuant to a Stipulated Protective Order, thereby denying public access to this key evidence. Anytime those documents were filed with any pleading in this Court, the SDI Defendants appeared with sealing requests. Indeed, both the discovery responses and the bulk of the documents identified therein have been sealed by this Court.

6. In June 2014, the Attorney General asked SDI to revisit and remove the confidentiality designations given to SDI's discovery responses and the documents listed therein. To date, SDI agreed to de-designate the confidentiality of only sixty-one (61) documents.

7. On February 5, 2015, the Attorney General again asked the Samsung SDI Defendants to de-designate their aforementioned interrogatory responses. On February 16, 2015, they responded as follows:

> [W]e do not agree to de-designate the discovery response. Judge Conti has already

considered this issue and has repeatedly ordered that these responses be sealed.

8. Thereafter, the Attorney General's Office compiled a list of all the court records that SDI asked this Court to seal and that this Court did order be sealed. There are 107 such records, as listed in the attached Exhibit A.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Dated: July 27, 2015                              By:____*/s/ Pamela Pham*____
                                                                                 PAMELA PHAM

4