1    [*Counsel Listed on Signature Pages*]

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7      NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

8

| | |
|---|---|
| 9  IN RE: CATHODE RAY TUBE (CRT)<br>    ANTITRUST LITIGATION<br>10 | Master File No. 3:07-cv-05944-sc (N.D. Cal.)<br><br>MDL No. 1917 |
| 11  This document relates to:<br><br>12  *All Direct Purchaser Actions*<br><br>13  *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.,*<br>14  No. 11-cv-05513-SC<br><br>15  *Best Buy Co., Inc., et al. v. Technicolor SA, et<br>al.,* No. 13-cv-05264-SC<br><br>16  *Alfred H. Siegel as Trustee of the Circuit City<br>17  Stores, Inc. Liquidating Trust v. Hitachi, Ltd.,<br>et al.,* No. 3:11-cv-05502-SC<br><br>18  *Siegel v. Technicolor SA, et al.,* No.13-cv-<br>19  05261<br><br>20  *Sears, Roebuck and Co. and Kmart Corp. v.<br>Chunghwa Picture Tubes, Ltd.,* No. 3:11-cv-<br>21  05514-SC<br><br>22  *Sears, Roebuck and Co., et al. v.<br>Technicolor SA,* No. 13-cv-05262<br><br>23  *Sharp Electronics Corp., et al. v. Hitachi Ltd.,<br>24  et al.,* No. 13-cv-1173 SC<br><br>25  *ViewSonic Corporation v. Chunghwa<br>Picture Tubes Ltd., et al.,* No.13-cv-02510<br>26 | **JOINT CASE STATUS CONFERENCE<br>STATEMENT PURSUANT TO FIFTH<br>REQUEST IN COURT'S ORDER OF<br>JUNE 23, 2015 [ECF NO. 3887]**<br><br>Judge:    Hon. Samuel Conti<br>Date:     August 7, 2015<br>Time:     10:00 a.m.<br>Crtrm.:   1, 17th Floor |

27

28

27575044.1

61061700.2

# TABLE OF CONTENTS

I.  DAP Cases.................................................................................................................... 2

    A.  The DAPs' Proposed Trial and Pretrial Schedule ........................................ 2

    B.  Defendants' Proposed Trial and Pretrial Schedule And Related Issues**Error! Bookmark no**

        1.  Defendants' Proposed Trial Date and Pretrial Schedule ............................... 4

        2.  Determination of Standing/Ownership and Control Issues........................... 8

        3.  Motions *in Limine* and *Daubert* Motions ................................................... 11

II.  Direct Purchaser Class Action............................................................................... 11

    A.  DPPs' Statement...................................................................................... 11

    B.  The Mitsubishi Electric Defendants' Statement...................................... 13

    C.  Certain Other Defendants' Statement ..................................................... 15

        1.  Certain Defendants Believe a Joint Trial Creates Risk of Delay and
            Juror Confusion ......................................................................................... 15

        2.  Certain Defendants Believe A Unified Trial Is Preferable........................... 16

**<u>Fifth Request (Parties' Proposal to Try the Case, Including Schedule)</u>**

The Direct Action Plaintiffs ("DAPs"),[1] Direct Purchaser Plaintiffs ("DPPs"), and Defendants[2] hereby submit this statement pursuant to the Fifth Request in the Court's Order Regarding Supplemental Submissions in Support of Motions and in Preparation for the Case Status Conference, dated June 23, 2015, ECF No. 3887 ("June 23, 2015 Order"), directing that, "if a case will remain [for trial] in this district" after all pre-trial matters are resolved, "the parties to such actions shall confer and file a joint, single submission proposing how the parties propose to try the case." *Id.* at 2.  Pursuant to the June 23, 2015 Order, the submission also includes "a schedule as complete as possible to maximize the efficiency of all relevant parties at the upcoming case status conference." *Id.* at 2-3.[3]

The statement is divided into two sections addressing the DAP and DPP cases remaining for trial within this District after the resolution of all pre-trial matters.  Section I addresses the DAPs' and Defendants' proposals to try the DAP cases.  Section II addresses the DPPs' and Mitsubishi's proposals to try the remaining DPP class action against Mitsubishi.  Because certain Defendants have cooperation obligations relating to the DPP trial, certain other Defendants also submit brief statements relating to the trial of the DPP class action.

---

[1] As of this date, the DAPs involved in cases that will remain within this District are: Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and BestBuy.com, LLC, ("Best Buy"); Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City"); Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp"); Sears, Roebuck and Co., and Kmart Corporation (collectively "Sears and Kmart"); and ViewSonic ("ViewSonic").

[2] As of this date, the following Defendants are involved in cases that will remain within this District after pre-trial matters are resolved:  Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa"); LG Electronics, Inc. ("LG Electronics"); Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. ("MTPD") (collectively, "Panasonic"); Thomson SA and Thomson Consumer Electronics, Inc. ("Thomson"); Toshiba Corporation, Toshiba America Electronic Components, Inc., Toshiba America, Inc., Toshiba America Consumer Products, LLC, and Toshiba America Information Systems Inc. (collectively, "Toshiba"); Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi Electric"); and Technologies Displays Americas LLC. ("TDA").

[3] The parties previously responded to Items 1-4 and 6.  *See* ECF No. 3917, ECF No. 3919, and ECF No. 3920.

27575044.1

-1-

*I.*      **DAP Cases**

There are eight DAP cases that will remain for trial within this Judicial District after all pre-trial matters are resolved ("N.D. Cal. DAP Cases").  *See* Defendants' Joint Statement of DAP Cases, ECF No. 3919.  These eight cases were filed by five DAP corporate families (Best Buy, Circuit City, Sharp, ViewSonic, and Sears/Kmart).  The remaining defendants in those cases are Chunghwa, LG Electronics, Mitsubishi Electric, Panasonic, TDA, Thomson, and Toshiba, with some defendants remaining in several of the cases.[4]

The parties have not agreed on a trial date or duration or pretrial schedule, and therefore submit competing proposals below, including proposals regarding trial dates and pretrial schedules, trial duration, and treatment of ownership and control issues.  The parties will continue to confer on the trial date and report on their progress at the August 7th status conference.

A.      **The DAPs' Proposed Trial and Pretrial Schedule**

When the Court vacated the March 2015 trial date, the parties were within weeks of trial. The DAPs believe that this case can be ready for trial in October, 2015.  The DAPs are mindful that the Court may wish to finalize the class settlements prior to ruling on certain pending motions for summary judgment.  If that is the Court's preference, the DAPs propose that these cases should be tried during in early January, 2016, according to the schedule set forth below.  The DAPs submit that such a schedule provides sufficient time to address the issues left outstanding at the time the March 2015 trial date was vacated, while also preserving momentum.  For that reason, the

---

[4] The Defendants' Joint Statement Regarding Direct Action Plaintiff Cases Remaining for Trial in the Northern District of California, dated July 17, 2015, submitted in response to the June 23, 2015 Order, identifies, among other things, the specific Defendants remaining in each remaining N.D. Cal. DAP Case.  ECF No. 3919 at 2.  The following defendants have settled or settled in principle all cases that will remain with this District after pre-trial matters are resolved:  Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., and Hitachi Asia, Ltd. (collectively "Hitachi"); Koninklijke Philips N.V. (KPNV), Philips Electronics North America Corporation (PENAC), Philips Taiwan Limited (Philips Taiwan), and Philips do Brasil Ltda. (collectively, "Philips"); and Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI").

-2-

Thomson defendants' proposal of a July 2016 trial is particularly concerning, as there is no cause for the trial of this matter to be delayed for an additional full year.

The parties agree that the trial of this action will be (at least in part) a jury trial. The DAPs believe that the trial should consist of 50 hours per side, translating to approximately 4-5 weeks in duration.

Counsel for certain DAPs have scheduling conflicts that render Defendants' proposed March 28, 2016 trial date either impractical or impossible. The attorneys from Paul, Weiss (representing the Sharp plaintiffs) have a trial that begins on February 29, 2015 and is expected to last around 4-6 weeks. The attorneys from Kenny Nachwalter (who represent Sears and Kmart) are already specially set for a trial in the Eastern District of New York in another antitrust case beginning on May 2, 2015. In the event that either Paul, Weiss' trial or the CRT trial run longer than five weeks (Defendants in this case originally proposed a 7-8 week trial), the March 28 trial setting would create a direct conflict. And even if a direct conflict is avoided, the attorneys will be forced to try month-long antitrust cases back-to-back.

As such, the DAPs propose the following pretrial schedules based upon October 2015 and January 2016 trial dates:

| October Trial Date | January Trial Date | Event |
|---|---|---|
| 7/31/15 | 9/11/15 | Defendants' motion for bench trial on ownership and control issues |
| 8/21/15 | 10/2/15 | Plaintiffs' opposition to defendants' motion for bench trial |
| 8/24/15 | 11/3/15 | Simultaneous second exchange of jury instructions and special verdict forms |
| 8/24/15 | 11/3/15 | Plaintiffs' exchange of responsive/counter trial exhibits, deposition excerpts, and witness lists (with objections to Defendants' exhibits/excerpts). |
| 9/1/15 | 11/11/15 | Plaintiffs' draft of the pretrial order |
| 9/4/15 | 11/13/15 | Defendants' reply to their motion for a bench trial |
| 9/8/15 | 11/18/15 | Defendants' draft of the pretrial order |
| 9/14/15 | 11/24/15 | Last day for parties to exchange proposed exhibits and witness lists; file pretrial order, agreed set of jury instructions, and verdict forms |

| 10/5/15 | 12/18/15 | Hearing on motions in limine and other non-dispositive pre-trial motions, and final pre-trial conference |
|---------|----------|-----------------------------------------------------------------------------------------------------------|
| 10/19/15 | 1/11/16 | Trial |

Further, the parties dispute whether the jury trial phase should be the first and only phase of trial.  As set forth below, some Defendants contend that the standing and ownership and control issues in this case should be resolved by the Court in a bench trial prior to the trial of the remaining issues before a jury.  Others apparently do not.  The DAPs oppose this approach, and believe that these issues should be joined with all other issues tried to the jury.  Alternatively, Sharp proposes that if the Court rejects this approach, the issue be tried to the jury or court in a separate phase of the case, only after the jury has rendered a verdict that a conspiracy existed. Defendants initially proposed to brief this issue through motion practice.  Most recently, Defendants proposed that the parties file a joint submission thirty (30) days after the Court decides summary judgment motions.  The DAPs believe that there is no reason to delay a decision on this issue, and propose a briefing schedule above.

   **B.**     **Defendants' Proposed Trial Date and Pretrial Schedule and Related Issues**

           **1.**      **Defendants' Proposed Trial Date and Pretrial Schedule**

Defendants propose that the trial in the N.D. Cal. DAP Cases commence on March 28, 2016, and last for approximately five-to-six weeks.  Defendants propose this early Spring trial date in view of the Special Master's Report and Recommendations in Response to the Court's Order filed February 9, 2015, recommending that the Court "defer hearing and deciding any pending motions for summary judgment by defendants until after final approval or disapproval of the motions to approve class action settlements for which preliminary approval was sought on or prior to June 1, 2015."  ECF No. 3818 at 6.

As of this date, there are twenty-nine (29) pending motions for summary judgment, including twenty-four (24) motions relevant to the trial of the N.D. Cal. DAP Cases.  *See* ECF No.

-4-

3920-1.[5]  As the Special Master acknowledged, "[t]hese motions raise issues that affect the claims of all or virtually all parties in this litigation," and "[t]he determinations made on these motions could have a material effect on the possible recoveries and exposures in this litigation."  ECF No. 3818 at 3-4.  The Special Master explained that "[t]he law that will guide the court's decisions on these motions is in flux," and that the class action settlements "have been negotiated in the face of those uncertainties." *Id.* at 4.  "Because it would be unfair to the parties to alter the balance of factors upon which these settlements have been reached," the Special Master recommended that the Court "defer ruling on these motions until after the class settlement approval process has been concluded and the outstanding settlements [are] either approved or disapproved." *Id.*

The Special Master's reasoning is sound.  On July 9, 2015, the Court granted the Indirect Purchaser Plaintiffs' ("IPPs") motion for preliminary approval of the settlements with each of the Philips, Panasonic, Hitachi, Toshiba, SDI, Thomson, and TDA Defendants, respectively.  *See* ECF No. 3906.  On June 12, 2015, the Court granted the DPPs' motion for preliminary approval of a class action settlement with the Thomson and TDA Defendants.  *See* ECF No. 3872.  By deferring ruling on any of the pending summary judgment motions until after final decision on the class action settlements, the Court will preserve the balance of factors upon which these settlements have been reached.

The DAPs' proposed October 2015 and early January 2016 trial dates disregard the Special Master's recommendation and do not adequately account for: (1) the timing of the class action settlement approval process; (2) the number of pending motions, including 24 of 29 pending motions for summary judgment relevant to the N.D. Cal. DAP Cases, 40 motions *in limine,* and four *Daubert* motions; (3) the impact on finalization of the pending class action settlements of any

---

[5] The DAPs suggest that certain motions for summary judgment are no longer pending against one or more DAPs on the basis that they were filed by defendants who have since settled their claims with the relevant DAPs.  As indicated in the Joint List of Dispositive Motions, LG Electronics, Thomson, and/or Mitsubishi each filed a routine notice of joinder with respect to the fully briefed and pending motions.  *See* ECF No. 3920-1 (referencing ECF Nos. 3864, 3888, & 3898 in "Movant" column).  The DAPs, however, "oppose" the joinders and request that the Court strike them on the basis that they are untimely.  *See, e.g.,* ECF No. 3883.  For the reasons stated in the Response to DAPs' Opposition to LG Electronics' Joinder to Outstanding Motions for Summary Judgment, Motion to Exclude Expert Testimony, and Motions *in Limine*, the DAPs' request to strike should be denied.  *See* ECF No. 3891.

1   rulings on the pending motions; and (4) the impact of any such rulings on ongoing settlement

2   discussions and trial preparations.

3        Indeed, the Court has scheduled two Fairness Hearings *after* the DAPs' proposed October

4   19, 2015 trial date.  The Court has scheduled a Fairness Hearing on October 23, 2015 for the DPP

5   class action settlement with Thomson and TDA, and another Fairness Hearing on November 13,

6   2015 for the IPP class action settlement with the remaining IPP defendants.  Assuming that the

7   Court rules on the motions for final approval before the holidays, Defendants propose that the

8   Court schedule a hearing on January 8, 2016 to address the twenty-four (24) pending summary

9   judgment motions relevant to the N.D. Cal. DAP Cases.  After the scope of trial issues has been

10  narrowed by the Court's rulings on the pending motions, the parties will need time to adjust and

11  confer regarding trial witnesses, trial exhibit lists, deposition designations, and other pretrial

12  requirements in light of the Court's rulings.  The parties may also engage in further settlement

13  negotiations in advance of the March 2016 trial date.

14       Defendants' proposed date also seeks to best accommodate the current scheduling conflicts

15  of trial counsel on both sides, including the February 29 trial of Sharp's trial counsel and a May 2

16  trial of Sears and Kmart's trial counsel, while recognizing that some of the parties will not remain

17  in the case at trial.  In addition to the conflicts noted by the DAPs, the current conflicts of

18  Defendants' trial counsel include: a January 22 trial "trial call date" of LG Electronics' lead trial

19  counsel[6], a February 1 trial of other trial counsel for LG Electronics, and January and early

20  February pre-paid family vacations of Chunghwa trial counsel.  A March 2016 trial date also

21  avoids conflicts with Lunar New Year, which will be celebrated the week of February 8, 2016 in

22  several countries where certain Defendants' client representatives and witnesses are based.

23  Defendants are proposing 50-hour trial time limits per side, plus time for opening statements and

24  closing arguments to be determined closer to trial when the Court knows how many parties will

25  remain for trial.  Defendants' current estimate, depending on the number of parties remaining, is

26  _____

27  [6] Under the rules of the San Diego Superior Court, a Trial Readiness Conference is set for January
    8, 2016, followed by the Trial Call on January 22, 2016.  Assuming these dates are not continued,
28  trial is expected to start on Monday, January 25, 2016.

-6-

that this proposed schedule will result in a trial of approximately five-to-six weeks that best accommodates the conflicting schedules of trial counsel on both sides.[7]

Defendants[8] propose the following pretrial schedule, which they will be prepared to discuss at the August 7th status conference:

| DATE | EVENT |
|------|-------|
| January 8, 2016 | Hearing on pending summary judgment motions |
| January 29, 2016 | Third simultaneous exchange of jury instructions and special verdict forms |
| January 29, 2016 | Plaintiffs serve images of trial exhibits, list of any supplemental trial exhibits, supplemental affirmative deposition designations, counter designations and objections to defendants' affirmative deposition designations, and amended witness list with will or may call designations; *note that the supplemental designations and amended witness lists are scheduled for this date with the intent that summary judgment motions will be decided by then and thus the scope of trial issues will have been narrowed* |
| February 12, 2016 | Defendants serve images of trial exhibits, list of any supplemental trial exhibits, supplemental affirmative deposition designations, counter designations and objections to plaintiffs' supplemental affirmative deposition designations, and amended witness list with will or may call designations; *note that the supplemental designations and amended witness lists are scheduled for this date with the intent that summary judgment motions will be decided by then and thus the scope of trial issues will have been narrowed* |
| February 19, 2016 | Plaintiffs serve counter designations for depositions, objections to defendants' supplemental affirmative deposition designations, and rebuttal designations and objections to counter deposition designations |
| February 26, 2016 | Defendants serve rebuttal designations and objections to counter |

---

[7] Defendants will be prepared to discuss current scheduling conflicts with greater specificity at the upcoming August 7th status conference, if necessary.

[8] For the reasons expressed by the Special Master and outlined above, the Thomson Defendants also believe that the Court should defer ruling on the pending summary judgment motions until after final approval of the class action settlements has been granted.  The Thomson Defendants are concerned, however, that if trial is set for March 2016 (let alone any time before that date), there will not be sufficient time for: (1) the Court to issue opinions on Defendants' 29 outstanding summary judgment motions, 40 motions in limine, and 4 *Daubert* motions before trial, and (2) the parties to confer, modify and prepare the final, streamlined case they will present to the jury in light of those rulings.  Accordingly, to ensure that the Court has the opportunity to rule on all pending motions after final approval of the class action settlements has been granted, but before any jury trial is scheduled to commence, the Thomson Defendants request that the Court schedule trial to begin no earlier than July 2016.

61061700.2

| DATE | EVENT |
|---|---|
|  | deposition designations |
| February 26, 2016 | Last day to meet and confer regarding pre-trial order |
| February 26, 2016 | Last day for parties to meet and confer regarding proposed witness and exhibit lists |
| March 4, 2016 | Last day to file joint pre-trial statement and agreed set of jury instructions and verdict forms |
| March 4, 2016 | Last day to file exhibit and witness lists (will call and may call), designations of depositions, and proposed voir dire questions |
| March 11, 2016 | Final pretrial conference and hearing on motions in limine, *Daubert* motions, and other non-dispositive pre-trial motions |
| 7 calendar days following ruling on motions in limine | Parties exchange revised, remaining, disputed jury instructions |
| March 28, 2016 | **JURY TRIAL**[9] |

## 2.   Determination of Standing/Ownership and Control Issues

As this Court is aware, Plaintiffs, with the exception of Sharp, are indirect purchasers of

CRTs seeking to proceed under the Ninth Circuit's ownership/control exception to *Illinois Brick*,

allowing suit "when a conspiring seller owns or controls the direct purchaser" that served as the

middleman.  *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 749 (9th Cir. 2012).[10]  This Court

previously held that "the Named DPPs have standing to sue for alleged overcharges passed onto

them when they purchased an FP [finished product] containing an allegedly price-fixed CRT from

an entity allegedly owned or controlled by any allegedly conspiring Defendant."  *In re Cathode*

*Ray Tube (CRT) Antitrust Litig.*, 911 F. Supp. 2d 857, 872 (N.D. Cal. 2012).  The Court

"*expresse[d] no view as to whether the Named DPPs will be able to prove what is needed* to win

---

[9] As noted above, LG Electronics, Toshiba, and Chunghwa request a short bench trial on standing immediately before the commencement of the jury trial.

[10] Plaintiff Best Buy brings claims for both direct damages under the federal antitrust laws and indirect damages under Minnesota law.  *See* First Am. Compl., ECF No. 1978 ¶¶ 243-49.  Best Buy's indirect damages claims against Thomson and Mitsubishi have been dismissed by the Court.  *See* ECF Nos. 2439, 2440.

1  relief as indirect purchasers under the ownership and control exception." *Id.* at 872 (emphasis

2  added).

3        The Ninth Circuit made clear in *ATM Fee* that "Standing is a question of law for the

4  district court to decide."  686 F.3d at 747; *see also Jes Props., Inc. v. USA Equestrian, Inc.*, 458

5  F.3d 1224, 1228 (11th Cir. 2006) ("Whether a plaintiff has standing to prosecute an antitrust claim

6  is a question of law.").  The decision to be made by the district court includes the resolution of any

7  "issues of fact necessary to make the standing determination." *ATM Fee*, 686 F.2d at 747.

8  Plaintiffs bear the burden of establishing their standing to proceed under the ownership/control

9  exception with respect to each of these vendors. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555,

10  561 (1992).

11        Plaintiffs nonetheless state that they "oppose" a bench trial and "believe that this issue

12  should be joined with all other issues tried to the jury."  Plaintiffs' proposal would violate the

13  Ninth Circuit's clear directive in *ATM Fee* and unduly complicate the already complex issues that

14  the jury will have to address.

15        Plaintiffs' damages claims are based on alleged purchases of CRT Televisions and

16  Monitors from at least 30 distinct vendors over more than a decade.  Many of these vendors are

17  connected to alleged conspirators—if at all—only by complex and attenuated structures, or

18  minority stock ownership, that do not meet the ownership/control test.  Some of those deficiencies

19  are set out in pending defense motions for summary judgment with respect to certain vendors.[11]

20  Subject to the Special Master's recommendation that rulings be deferred until after the fairness

21

22  _____

23  [11] For example, the SDI Defendants' Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics (the "SDI Defendants' Standing Motion"), *see* ECF No. 2983, argues

24  that Samsung Electronics, a finished products vendor whose sales to Plaintiffs form part of Plaintiffs' direct damages claims, is not owned or controlled by the allegedly conspiring CRT seller, SDI.  *See* ECF No. 2983 at 1-2.  Even though the SDI Defendants have now settled out of

25  all the N.D. Cal. DAP Cases, Defendants respectfully request that the Court still decide the SDI Defendants' Standing Motion before trial because the Court's ruling on that Motion will impact

26  the joint and several liability, if any, of the remaining Defendants in the N.D. Cal. DAP Cases. And other summary judgment motions filed by Defendants are directed at excluding Plaintiffs'

27  purchases from Tatung vendors, Jean Co., Sanyo vendors, NEC vendors, as well as certain

28  purchases from LG vendors.  *See* ECF Nos. 3102, 3014, 3026, & 3053.

1   hearings, Defendants therefore request that the Court prioritize ruling on these pending motions

2   challenging Plaintiffs' standing to recover certain damages.

3        The Court will also need to rule on other alleged conspirator-vendor relationships for

4   which Defendants believe Plaintiffs will be unable to meet their burden of showing the requisite

5   ownership or control.  These issues include, among others, Plaintiffs' standing to recover damages

6   based on alleged purchases from the Daewoo entities,[12] the JVC entities,[13] and entities that ceased

7   manufacturing CRTs partway through the alleged conspiracy, such as the Philips entities (if other

8   Philips motions are denied)[14] and Hitachi.  Once the standing issues implicated by the pending

9   summary judgment motions are addressed, and with the benefit of the Court's guidance on those

10  issues, Defendants anticipate working with Plaintiffs to address the remaining issues, including by

11  stipulating to facts regarding some of the ownership/control relationships and/or by submitting

12  limited declaratory and documentary evidence to the Court where stipulations are not possible.

13       Because resolution of the threshold questions of standing will affect the scope of the case

14  that will be presented to the jury, as well as the respective settlement postures of the parties as the

15  trial gets underway, all Defendants agree that the most efficient plan is for the Court to rule on the

16  remaining standing issues prior to the commencement of the jury trial.  LG Electronics, Toshiba,

17  and Chunghwa propose that this be accomplished by holding a short bench trial immediately

18  before the commencement of the jury trial as to any standing issues that remain following the

19  Court's ruling on the pending summary judgment motions.  *See* Fed. R. Civ. P. 39(a)(2), 42(b).

20       Plaintiffs propose that the parties take an interim step of briefing whether or not the

21  question of standing must be decided by the Court.  Defendants believe that briefing on the issue

22  _____

23  [12] The Daewoo entities include, but are not limited to, Daewoo Electronics America Inc., Wei Hai
    Daewoo Electronics, and Daewoo International America.  Defendants estimate N.D. Cal. DAPs'
24  claimed damages related to these purchases as approximately $20 million.

25  [13] The JVC entities, include, but are not limited to, Victor Company of Japan, Ltd., JVC Americas
    Corp., JVC Company of America, JVC Corporation, and JVC Kenwood Holdings, Inc.
26  Defendants estimate N.D. Cal. DAPs' claimed damages relating to these purchases as
    approximately $90 million.

27  [14] The Philips entities include, but are not limited to, Philips Consumer Electronics, Magnavox,
    and Philips MX.  Defendants estimate N.D. Cal. DAPs' claimed damages based on purchases
28  from these entities after Philips stopped manufacturing CRTs as approximately $62 million.

-10-

1   is unnecessary given the clear directive in *ATM Fee* and that the parties should instead present a

2   proposal for the Court to address the remaining standing issues within 30 days of the Court's

3   ruling on the pending summary judgment motions.  If, however, the Court would like the parties to

4   brief whether the standing issues must be decided by the Court rather than the jury, Defendants

5   will be prepared to discuss a schedule for filing such briefs at the status conference.[15]

6                    **3.        Motions *in Limine* and *Daubert* Motions**

7            There are forty (40) pending motions *in limine* and several pending *Daubert* motions

8   relevant to the trial of the N.D. Cal. DAP Cases.  Defendants propose that, after the final decision

9   on the class action settlements, the parties file a single, joint spreadsheet or other document

10  showing, in tabular format, any pending motions *in limine* or *Daubert* motions.  The list would

11  also indicate which motions, while not dispositive, are material to determining the scope of the

12  issues to be tried and evidence to be presented at trial.

13  *II.*      **Direct Purchaser Class Action**

14           **A.        DPPs' Statement**

15           The Mitsubishi Electric Defendants are the lone remaining defendants in case number 14-

16  cv-2058-SC, the direct purchaser class action.  The Mitsubishi Electric Defendants and DPPs

17  agree that this case should be tried separately from the DAP actions.  They disagree on the trial

18  schedule.  DPPs propose a trial date of June 6, 2016; the Mitsubishi Electric Defendants propose

19  December 1, 2016.  The complete proposed schedules of each side are set forth below.

20           DPPs believe that this schedule provides adequate time for the parties to prepare for trial

21  and that the Mitsubishi Electric Defendants' concerns are overstated.  For example, as to expert

22  witnesses, the schedule provides for expert disclosure several months in advance of trial, which

23  allows ample time for expert depositions, and  DPPs have already presented preliminary damage

24  analyses in connection with their class motions.  As to the discovery cutoff, DPPs propose 75 days

25  of discovery after the August 7, 2015 case management conference, which should be sufficient to

---

[15]  Defendants disagree with Plaintiffs' proposed briefing schedule, which purports to require
Defendants to file a motion for bench trial on July 31, 2015 – *seven days before* the status
conference.  Defendants cannot file a motion for bench trial by July 31 and reserve their right to
file any requested briefing in accordance with any schedule set by the Court.

complete discovery.  After all, discovery in this action has been proceeding for several years.  As to dispositive motions, whatever motions are ultimately filed will undoubtedly be similar, if not essentially identical to motions already on file with regard to the DAP cases.  DPPs expect that the Court's rulings on these motion will at least streamline the resolution of whatever motions are filed, and will likely preclude the filing of many.

The Mitsubishi Electric Defendants' concern that their preparation for the DAP trial will prevent it from working on the DPP trial is also overstated.  First, it presumes that the Mitsubishi Electric Defendants will actually go to trial against the DAPs.  Second, the Defendants' schedule for the DAP trial proposes that almost nothing be done until after the resolution of the pending summary judgment motions in January of next year.  And, of course, even if it does go to trial against the DAPs, the Mitsubishi Electric Defendants and their counsel, Jenner & Block, have the resources to staff these cases adequately.

Finally, DPPs do not understand the Mitsubishi Electric Defendants' assertion that the DAP trial and the DPP/Mitsubishi Electric trial will involve different issues and different proof.  To the contrary, the evidence and issues in the two trials will be very similar.

**DPPs' Proposed Trial Schedule:**

| Event | Date |
|---|---|
| Motion to Send Notice of Litigated Class | Friday, July 31, 2015 |
| Hearing on Motion to Send Notice of Litigated Class | Friday, September 11, 2015 |
| Send Notice to Litigated Class | Two weeks after entry of order or Friday, September 25, 2015 |
| Discovery Cutoff | Thursday, October 22, 2015 |
| Deadline for Class Members to Opt Out of Litigated Class | Forty-five days from Notice or Monday, November 9, 2015 |
| File Opt-Out List | Two weeks after opt-out deadline or Monday, November 23, 2015 |
| DPP Expert Report(s) | Tuesday, December 22, 2015 |
| Mitsubishi Expert Report(s) | Friday, January 22, 2016 |
| DPP Rebuttal Expert Report(s) | Monday, February 22, 2016 |

| Dispositive Motions | Tuesday, March 08, 2016 |
|---|---|
| Opposition to Dispositive Motions | Friday, April 08, 2016 |
| Reply ISO Dispositive Motions | Friday, April 22, 2016 |
| Motions in Limine | Friday, April 22, 2016 |
| M&C re Pretrial Order | Friday, April 29, 2016 |
| Hearing on Dispositive Motions | Friday, May 06, 2016 |
| Witness & Exhibit Lists | Friday, May 06, 2016 |
| File Pretrial Order and Jury Instructions | Friday, May 06, 2016 |
| MIL Oppositions | Friday, May 06, 2016 |
| MIL Replies | Friday, May 13, 2016 |
| MIL Hearing | Friday, May 27, 2016 |
| Final Pretrial Conference | Friday, May 27, 2016 |
| Trial Begins | Monday, June 06, 2016 |

**B.      The Mitsubishi Electric Defendants' Statement**

*DAP Trial.*  The Mitsubishi Electric Defendants fully join the other members of the defense group as to the timing of a Northern District of California trial of the claims of the DAPs.

*DPP Trial.*  The Mitsubishi Electric Defendants are the only defendants in the DPP case. Counsel for the Mitsubishi Electric Defendants and counsel for the DPP class agree that the DPP and DAP cases should be tried separately.

The DPPs propose that the trial of the DPP case quickly follow the trial of the DAP cases. This proposed schedule would unfairly prejudice the Mitsubishi Electric Defendants.  While the Court recently certified a class, much needs to be done in the DPP case, which is far from ready for trial.  The DPPs have not proposed the means or content of class notice, discovery remains ongoing, experts have yet to be identified, expert reports have not been exchanged, experts have not been deposed, and dispositive motions and other trial motions have yet to be filed.  Discovery in the DPP case is ongoing, and there currently is not even a discovery schedule or cut-off in that case.  The Mitsubishi Electric Defendants were not named as defendants in the DPP action until May 5, 2014, and so they have not been involved in discovery in the DPP matter for "several years."  Plaintiffs propose that discovery be completed by October 22, 2015, that expert discovery be compressed, that dispositive motions and motions in limine be filed on an expedited schedule,

-13-

1   and that the case be set for trial on June 6, 2016.  While we agree that the DPP and DAP cases not

2   be tried together, we believe that this schedule is not reasonable.  It would require that the

3   extensive work remaining to be completed in the DPP case be compressed and that it overlap with

4   the DAP cases.  Requiring the Mitsubishi Electric Defendants to engage in expedited pre-trial

5   proceedings at the same time as it is preparing for the trial of the DAP cases, and trying those

6   cases, would be unfair to the Mitsubishi Electric Defendants.  Meanwhile, counsel for the DPP

7   class would have no competing obligations in this case.

8          The Mitsubishi Electric Defendants propose the following schedule for the completion of

9   proceedings in this case:

10          Plaintiffs Motion to Send Notice of Litigated Class          July 31, 2015
            Hearing on Motion to Send Notice of Litigated Class          Sept. 11, 2015
11          Fact Discovery Cutoff                                        Feb. 1, 2016
            DPP Expert Report(s)                                         March 15, 2016
12          Mitsubishi Electric Defendants' Expert Report(s)             May 16, 2016
            DPP Rebuttal Expert Report(s)                                June 15, 2016
13          Dispositive Motions (briefing to be scheduled)               July 15, 2016
            Motions in Limine (briefing to be scheduled)                 August 15, 2016
14          File Pretrial Order and Jury Instructions                    Oct. 17, 2016
            Final Pretrial Conference                                    TBD
15          Trial Begins                                                 Dec. 1, 2016

16          Alternatively, if the Court prefers, the Mitsubishi Electric Defendants suggests that the

17   Court schedule a pretrial conference after the conclusion of expert discovery in June 2016.  At that

18   point, the Court will be able to assess the demands of the cases and the schedule for their

19   completion.

20          If the Court is inclined to consider a joint trial of the DAP and DPP claims, the Mitsubishi

21   Electric Defendants advise that a joint trial would pose practical difficulties that pose a serious risk

22   of prejudicing the Mitsubishi Electric Defendants substantially and unfairly.  The DPP class case

23   and the DAP case involve different plaintiffs, different defendants, and different evidence.  While

24   the DPP plaintiffs have not yet disclosed their experts or their damage theory, we anticipate the

25   damage evidence presented by the DPPs and the DAPs to be very different.  We expect that

26   certain evidence the DAPs may seek to introduce may not be admitted in a case brought by the

27   DPPs.  For these reasons, the Mitsubishi Electric Defendants would oppose trying the DPP case

28   jointly with the DAP case.

If the Court believes the practical and evidentiary impediments to a joint trial can be overcome, and the Court wishes to conduct a joint trial of the DAP and DPP cases, that joint trial will need to take place later than the schedule advocated by the defendants remaining in the DAP cases.

**C.    Certain Other Defendants' Statement**

**1.    Certain Defendants Believe A Joint Trial Creates Risk of Delay and Juror Confusion**

Certain other Defendants[16] agree with the DPPs and the Mitsubishi Electric Defendants' position that the DPPs' remaining claims and the N.D. Cal. DAP Cases should not be incorporated into a single trial and expressly incorporate the Mitsubishi Electric Defendants' statement explaining the issues herein by reference.  Those Defendants further oppose a joint DAP/DPP trial for the following additional reasons:  *First*, trying the DPPs' remaining class claims against a single Defendant group —the Mitsubishi Electric Defendants—in the same trial with the five DAP corporate families' separate class claims against seven Defendant groups in the N.D. Cal. DAP Cases creates a significant risk of juror confusion at trial regarding DPPs' and DAPs' respective claims against Defendants.  *Second*, consolidating the DPPs' remaining class claims against the Mitsubishi Electric Defendants in a single trial with the DAPs' separate class claims would unnecessarily delay and complicate the trial of the N.D. Cal. DAP Cases, which Defendants already estimate will take approximately a month-and-a-half.  Federal courts, including courts in this district, have repeatedly rejected attempts to consolidate two complex actions where, as here, "the likelihood of delay and jury confusion resulting from consolidation of the[] two complex actions outweighs any efficiency that might be achieved through consolidation."  *Sw. Marine, Inc. v. Triple Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989) (denying motion to consolidate two complex actions where consolidation would have resulted in increased delay, juror confusion, and unfair prejudice to defendants); *see also Collins v. City & Cty. of San Francisco*, No. 13–cv–03456–MEJ, No. 13–cv–05286–MEJ, No. 14–cv–01429–MEJ, 2014 WL

---

[16] Chunghwa, LG Electronics, and Panasonic join in the Mitsubishi Electric Defendants' opposition to a joint DAP/DPP trial.

-15-

1  5422177, at *3 (N.D. Cal. Oct. 24, 2014) (same, where proposed consolidation would "cause

2  unfair prejudice and undue burden on Defendants *because the cases [were at substantially*

3  *different stages of preparation*," and finding that  "[t]o consolidate these three actions into one *at*

4  *this late stage in two of the three cases would cause unnecessary delay and potentially prejudice*

5  *Defendants*") (emphasis added); *Sanders v. VeriFone Sys., Inc.*, No. 5:13–CV–01038–EJD, 2013

6  WL 5550435, at *2 (N.D. Cal. Oct. 7, 2013) (same, and finding that "consolidation may result in

7  unfair prejudice" where there were nine more defendants in one action than other action sought to

8  be consolidated).

9  　　　Further, in the event the Court decides to conduct a joint trial of the DAP and DPP cases,

10  Defendants would need more than fifty hours of collective trial time for the presentation of

11  evidence in order to defend against DPPs' claims and evidence, including, among other things,

12  DPPs' likely extensive expert evidence in support of their separate and distinct class claims.

13  　　　　　　**2.** 　　**Certain Defendants Believe A Unified Trial Is Preferable**

14  　　　Consistent with the Defendants' Cross-Motion for Consolidation of Trials; Opposition to

15  Indirect Purchaser Plaintiffs' and Certain Direct Action Plaintiffs' Motion for Separate Trials

16  (ECF. No. 2914), certain other Defendants — Toshiba, Thomson, and TDA — support a unified

17  DPP/DAP trial proposal as a more efficient use of judicial and party resources.

18

19  DATED: July 28, 2015　　　　　　　　**ROBINS KAPLAN LLP**

20

21  　　　　　　　　　　　　　　　　By: */s/ Roman M. Silberfeld*
　　　　　　　　　　　　　　　　　　Roman M. Silberfeld

22  　　　　　　　　　　　　　　　　　Bernice Conn
　　　　　　　　　　　　　　　　　　David Martinez

23  　　　　　　　　　　　　　　　　　Jill S. Casselman
　　　　　　　　　　　　　　　　　　ROBINS KAPLAN LLP

24  　　　　　　　　　　　　　　　　　2049 Century Park East, Suite 3400
　　　　　　　　　　　　　　　　　　Los Angeles, CA 90067-3208

25  　　　　　　　　　　　　　　　　　Telephone: (310) 552-0130
　　　　　　　　　　　　　　　　　　Facsimile: (310) 229-5800

26  　　　　　　　　　　　　　　　　　Email: rsilberfeld@robinskaplan.com
　　　　　　　　　　　　　　　　　　　　　　dmartinez@robinskaplan.com

27  　　　　　　　　　　　　　　　　　　　　　　jcasselman@robinskaplan.com
　　　　　　　　　　　　　　　　　　Elliot S. Kaplan

28  　　　　　　　　　　　　　　　　　K. Craig Wildfang
　　　　　　　　　　　　　　　　　　Laura E. Nelson

ROBINS KAPLAN LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: ekaplan@robinskaplan.com
          kwildfang@robinskaplan.com
          lnelson@robinskaplan.com
*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and Bestbuy.com, L.L.C.*

By: */s/ Jason Murray*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
E-mail: jmurphy@crowell.com
          aheaven@crowell.com

*Counsel for ViewSonic Corp.*

By: */s/ Kenneth Marks*
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
David M. Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
Email: kmarks@susmangodfrey.com
          jross@susmangodfrey.com
          jcarter@susmangodfrey.com
          dpeterson@susmangodfrey.com

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone: (206) 516-3880

-17-

Facsimile: (206) 516-3883
Email: pfolse@susmangodfrey.com
        rblack@susmangodfrey.com
        jconnors@susmangodfrey.com

*Counsel for Plaintiff Alfred H. Siegel, as Trustee*


By: */s/ Richard Arnold*
Richard Alan Arnold (*pro hac vice*)
William J. Blechman (*pro hac vice*)
Kevin J. Murray (*pro hac vice*)
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
        wblechman@knpa.com
        kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

By: */s/ Craig A. Benson*
Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
        jsimons@paulweiss.com
        cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
        jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.*

-18-

61061700.2

1    MUNGER, TOLLES & OLSON LLP

2    By: */s/ Miriam Kim*
     MIRIAM KIM (SBN 238230)
3    miriam.kim@mto.com
     LAURA K. LIN (SBN 281542)
4    laura.lin@mto.com
     MUNGER, TOLLES & OLSON LLP
5    560 Mission Street, Twenty-Seventh Floor
     San Francisco, California 94105-2907
6    Telephone: (415) 512-4000
     Facsimile: (415) 512-4077

7
     BRAD D. BRIAN (SBN 079001)
8    brad.brian@mto.com
     SUSAN E. NASH (SBN 101837)
9    susan.nash@mto.com
     E. MARTIN ESTRADA (SBN 223802)
10   martin.estrada@mto.com
     MUNGER, TOLLES & OLSON LLP
11   355 South Grand Avenue, Thirty-Fifth Floor
     Los Angeles, CA 90071-1560
12   Telephone: (213) 683-9100
     Facsimile: (213) 687-3702

13
     *Attorneys for Defendant LG Electronics, Inc.*
14
15   **WINSTON & STRAWN LLP**

16   By: */s/ Jeffrey L. Kessler*
     JEFFREY L. KESSLER *(pro hac vice)*
17   ALDO A. BADINI (257086)
     EVA COLE *(pro hac vice)*
18   MOLLY M. DONOVAN *(pro hac vice)*
     WINSTON & STRAWN LLP
19   200 Park Avenue
     New York, New York 10166-4193
20   Telephone: (212) 294-6700
     Facsimile: (212) 294-4700
21   Email: jkessler@winston.com

22   STEVEN A. REISS *(pro hac vice)*
     DAVID L. YOHAI *(pro hac vice)*
23   ADAM C. HEMLOCK *(pro hac vice)*
     WEIL, GOTSHAL & MANGES LLP
24   767 Fifth Avenue
     New York, New York 10153-0119
25   Telephone: (212) 310-8000
     Facsimile: (212) 310-8007
26   Email: steven.reiss@weil.com

27   *Attorneys for Defendants Panasonic Corporation*
     *(f/k/a Matsushita Electric Industrial*
28   *Co., Ltd.), Panasonic Corporation of North*

                          -19-

1  *America, and MT Picture Display Co., Ltd.*

2  **JENNER & BLOCK LLP**

3
   By: /s/ *Terrence J. Truax*
4  JENNER & BLOCK LLP
   Terrence J. Truax (*pro hac vice*)
5  Michael T. Brody (*pro hac vice*)
   Gabriel A. Fuentes (*pro hac vice*)
6  353 North Clark Street
   Chicago, Illinois 60654-3456
7  Telephone: (312) 222-9350
   Facsimile: (312) 527-0484
8  ttruax@jenner.com
   mbrody@jenner.com
9  gfuentes@jenner.com

10 Brent Caslin (Cal. Bar. No. 198682)
   JENNER & BLOCK LLP
11 633 West Fifth Street, Suite 3600
   Los Angeles, California 90071
12 Telephone: (213) 239-5100
   Facsimile: (213) 239-5199
13 bcaslin@jenner.com

14 *Attorneys for Defendants Mitsubishi Electric*
   *Corporation, Mitsubishi Electric US, Inc., and*
15 *Mitsubishi Electric Visual Solutions America, Inc.*

16 **WHITE & CASE LLP**

17 By: /s/ *Lucius B. Lau*
   Christopher M. Curran (pro hac vice)
18 ccurran@whitecase.com
   Lucius B. Lau (pro hac vice)
19 alau@whitecase.com
   Dana E. Foster (pro hac vice)
20 defoster@whitecase.com
   701 Thirteenth Street, N.W.
21 Washington, DC  20005
   tel.: (202) 626-3600
22 fax: (202) 639-9355

23 *Attorneys for Defendants Toshiba Corporation,*
   *Toshiba America, Inc., Toshiba America*
24 *Information Systems, Inc., Toshiba America*
   *Consumer Products, L.L.C., and Toshiba America*
25 *Electronic Components, Inc.*

26

27

28

61061700.2

1    **GIBSON, DUNN & CRUTCHER LLP**

2    By: */s/ Rachel S. Brass*
     JOEL S. SANDERS (Cal. Bar. No. 107234)
3    Email: jsanders@gibsondunn.com
     RACHEL S. BRASS (Cal. Bar. No. 219301)
4    Email: rbrass@gibsondunn.com
     AUSTIN V. SCHWING (Cal. Bar. No. 211696)
5    Email: aschwing@gibsondunn.com
     GIBSON, DUNN & CRUTCHER LLP
6    555 Mission Street, Suite 3000
     San Francisco, CA 94105
7    Telephone: (415) 393-8200
     Facsimile: (415) 393-8306
8
     WILLIAM S. FARMER, SBN 46694
9    Email: WFarmer@FBJ-law.com
     DAVID BROWNSTEIN, SBN 141929
10   Email: DBrownstein@FBJ-law.com
     JACOB ALPREN, SBN 235713
11   Email: JAlpren@FBJ-law.com
     FARMER BROWNSTEIN JAEGER LLP
12   235 Montgomery Street, Suite 835
     San Francisco California 94104
13   Telephone (415) 962-2876
     Facsimile: (415) 520-5678
14
     *Attorneys for Defendants Chunghwa Picture Tubes,*
15   *Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn.*
     *Bhd.*
16
     **FAEGRE BAKER DANIELS LLP**
17
     By: */s/ Kathy L. Osborn*
18   KATHY L. OSBORN (pro hac vice)
     Email: kathy.osborn@FaegreBD.com
19   RYAN M. HURLEY (pro hac vice)
     Email: ryan.hurley@FaegreBD.com
20   FAEGRE BAKER DANIELS LLP
     300 N. Meridian Street, Suite 2700
21   Indianapolis, IN 46204
     Telephone: (317) 237-0300
22   Facsimile: (317) 237-1000

23   JEFFREY S. ROBERTS (pro hac vice)
     Email: jeff.roberts@FaegreBD.com
24   FAEGRE BAKER DANIELS LLP
     3200 Wells Fargo Center
25   1700 Lincoln Street
     Denver, CO 80203
26   Telephone: (303) 607-3500
     Facsimile: (303) 607-3600
27
     STEPHEN M. JUDGE (pro hac vice)
28   Email: steve.judge@FaegreBd.com

FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN 46601
Telephone: (574) 234-4149
Facsimile: (574) 239-1900

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**SQUIRE PATTON BOGGS (US) LLP**

By: */s/ Nathan Lane, III*
MARK C. DOSKER
Email: mark.dosker@squirepb.com
NATHAN LANE, III
Email: nathan.lane@squirepb.com
275 Battery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

DONALD A. WALL (pro hac vice)
Email: donald.wall@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: */s/ Jeffrey I. Zuckerman*
Jeffrey I. Zuckerman (pro hac vice)
Ellen Tobin (pro hac vice)
101 Park Avenue
New York, New York 10178
Telephone: 212.696.6000
Facsimile: 212.697.1559
Email: jzuckerman@curtis.com
etobin@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

-22-

61061700.2

1                              *Attorneys for Defendant Technologies Displays*

                              *Americas LLC with respect to Sears, Roebuck and*

2                               *Co., et al. v. Technicolor SA, et al.*

3                               **SAVERI & SAVERI, INC.**

4                               By: */s/ Guido Saveri*

                              Guido Saveri (22349)

5                               R. Alexander Saveri (173102)

                              Geoffrey C. Rushing (126910)

6                               Cadio Zirpoli (179108)

                              Gianna Gruenwald (22896)

7                               SAVERI & SAVERI, INC.

                              706 Sansome Street

8                               San Francisco, California 94111

                              Telephone: (415) 217-6810

9                               Facsimile: (415) 217-6813

10                             *Lead Counsel for the*

                            *Direct Purchaser Plaintiffs*

11

12   Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document

13   has been obtained from each of the above signatories.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

61061700.2