| | |
|---|---|
| Kathy L. Osborn (*pro hac vice*)<br>Ryan M. Hurley (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN  46204<br>Telephone: +1 317-237-0300<br>Facsimile: +1 317-237-1000<br>kathy.osborn@FaegreBD.com<br>ryan.hurley@FaegreBD.com | Jeffrey S. Roberts (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP<br>3200 Wells Fargo<br>1700 Lincoln Street<br>Denver, CO  80203<br>Telephone: +1 303-607-3500<br>Facsimile:  +1 303-607-3600<br>jeff.roberts@FaegreBD.com |
| Calvin L. Litsey (SBN 289659)<br>FAEGRE BAKER DANIELS LLP<br>1950 University Avenue, Suite 450<br>East Palo Alto, CA  94303-2279<br>Telephone: +1 650-324-6700<br>Facsimile: +1 650-324-6701<br>calvin.litsey@FaegreBD.com | Stephen M. Judge (*pro hac vice*)<br>FAEGRE BAKER DANIELS LLP<br>202 S. Michigan Street, Suite 1400<br>South Bend, IN  46601<br>Telephone: +1 574-234-4149<br>Facsimile:  +1 574-239-1900<br>steve.judge@FaegreBd.com |

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al.*, No. 13-cv-05724;<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al.*, No. 13-cv-05261;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727;<br><br>*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, | **THOMSON DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S JULY 22, 2015 RECOMMENDED ORDER**<br><br>JUDGE: Hon. Samuel Conti<br>DATE: None Set<br>TIME: None Set<br>COURTROOM: One, 17th Floor |

*No. 31:cv-05725;*

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al., No. 13-cv-05668;*

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3:13-cv-05262;*

*Target Corp. v. Technicolor SA, et al., No. 13-cv-05686;*

*Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157;*

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173;*

*ViewSonic Corporation v. Chunghwa Corp., et al., No. 14-cv-02510.*

On January 20, 2015, Direct Action Plaintiffs ("DAPs") moved to compel Thomson SA and Thomson Consumer Electronics, Inc. (together "Thomson") to provide Rule 30(b)(6) testimony regarding the details and contents of attorney-client and work-product privileged communications between outside counsel and current and former Thomson employees. (*See* Ex. 1 to Declaration of Stephen M. Judge ("Decl.").) The matter was fully briefed. (*See* Opp'n, Decl. Ex. 2; Reply, Decl. Ex. 3). On July 22, the Special Master issued a Recommended Order directing Thomson to produce a Rule 30(b)(6) witness prepared to testify on the names of individuals interviewed by outside counsel and the dates of and attendees at each interview. *See* Dkt. No. 3930. The Special Master also concluded that the DAPs have a "substantial need" to discover the contents of the interview memoranda and ordered Thomson to submit the memoranda *in camera* so the Special Master can determine whether the "underlying facts" in the memoranda can be disclosed without revealing attorney-client communications or counsel's mental impressions.[1]

Thomson objects to entry of the Recommended Order for two reasons: **First**, the Special Master's conclusions on the discoverability of the contents of the interview memoranda upend well-settled and essential law protecting internal investigations under both the attorney-client privilege and the work-product doctrine. **Second**, the Special Master erred in concluding that DAPs have shown a "substantial need" for the disclosure of protected work-product.

## ARGUMENT

Statements given by current or former employees to Thomson's counsel are unequivocally protected by both the attorney-client privilege and the work-product doctrine. *Upjohn v. United States*, 449 U.S. 383, 395-400 (1981); *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz.*, 881 F.2d 1486, 1492 (9th Cir. 1989). Indeed, counsel's very selection of interviewees is protected work product. *In re MTI Tech. Corp. Sec. Litig. II,* 2002 WL 32344347, at *3 (C.D. Cal. June 13, 2002); *Mitchell Eng'g v City and County of San Francisco,* 2010 WL 1853493, at *1 (N.D. Cal. May 6, 2010). Because the Special Master ignores controlling precedent regarding attorney-client privilege and erroneously concludes that DAPs have shown a substantial need for the disclosure

---

[1] Although it disputes the need for any such review and requests that the Court terminate the *in camera* review, Thomson will comply, subject to these objections, with the July 31 deadline.

THOMSON DEFENDANTS' OBJECTIONS TO
SPECIAL MASTER'S RECOMMENDED ORDER

1

No. 07-5944-SC; MDL No. 1917

1  of attorney work product, the Court should not enter the Recommended Order and should instead
2  deny the Motion.

### I. The Recommended Order Eliminates the Protection Afforded by the Attorney-Client and Work Product Privileges to any Internal Investigation as a Matter of Course.

As explained in the Opposition, the Ninth Circuit agrees statements given by current or former employees to counsel are "protected unequivocally by the attorney client privilege" and allowing discovery of the contents of outside counsel's interviews "would force counsel to warn their clients against communicating sensitive information for fear of subsequent forced disclosure," and "would destroy the privilege or render it so tenuous and uncertain that it would be little better than no privilege at all." *Admiral Ins. Co.* 881 F.2d at 1490, 1493, 1495. *See* Opposition at 5-8. They are also protected opinion work product: "[f]orcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes." *Upjohn Co.*, 449 U.S. at 399-400; *Hickman v. Taylor*, 329 U.S. 495, 513 (1947) ("[A]s to oral statements made by witnesses to [counsel], whether presently in the form of his mental impressions or memoranda, we do not believe that any showing of necessity can be made under the circumstances of this case so as to justify production."). Even the decision of which facts to elicit reflects mental impressions, opinions, and strategy of counsel. *Mitchell Eng'g*, 2010 WL 1853493, at *1. Both of these privileges offer crucial protections to outside counsel's freedom to conduct internal investigations of alleged wrongdoing without worrying that counsel will later be forced to turn over the fruits of those investigations to opposing counsel. The Special Master's conclusion that a corporate defendant may be forced to reveal the "facts" stated by employees in privileged interviews frustrates the very purpose of such investigations and dramatically reduces the freedom and motivation to conduct such investigations in the future.

In reaching this conclusion, the Recommended Order mistakenly accepts two flawed premises. First, it accepts the DAPs' characterization that Thomson is attempting to protect the "underlying facts" from discovery. Recommended Order at 5. But Thomson argues no such thing. DAPs have now deposed ten current or former employees involved in the former CRT business,

1   including depositions in France pursuant to the Hague Convention of four former employees of
2   Thomson SA, all of whom testified under oath to the "facts" as they recall them. *See* Decl. ¶ 4.
3   Thomson has never sought to prevent any of these witnesses from providing information on the
4   basis that the information had also been provided to counsel—it simply refuses to reveal which
5   "facts" were communicated to counsel and recorded in protected memoranda and which
6   individuals were interviewed in furtherance of Thomson's investigation. This is hardly a "logical
7   fallacy," but rather the controlling law of this circuit. *See Admiral Ins. Co*, 881 F.2d at 1943
8   ("[T]ypically the adverse party could discover the information contained in the [interviews] *by*
9   *deposing the employees*" (emphasis added)); *see also Upjohn*, 449 U.S. at 396 (plaintiff "was free
10  to question the employees who communicated with [in-house] and outside counsel" but could not
11  discover the results of the internal investigation).

12       Second, the Recommend Order apparently accepts the DAPs' view that there is a
13  meaningful distinction between turning over the indisputably privileged memoranda and
14  compelling a Rule 30(b)(6) witness to review those memoranda and subject herself to a quiz of
15  her memory. But there is no difference, as in either case it is inescapable that the contents of the
16  communications themselves—*that the witnesses communicated certain purported facts to*
17  *counsel*—must be revealed in the disclosure of which "facts" are contained in the memoranda.
18  *See Admiral Ins. Co.*881 F.2d at 1490; *Mitchell Eng'g*, 2010 WL 1853493, at *1.

19       The Recommended Order thus puts Thomson in an impossible position. Practically
20  speaking, some interview "facts" are more reliable than others. Initial interviews, for example,
21  often employ open-ended questions and elicit imprecise or inaccurate recollections that may be
22  contradicted when memory is refreshed with specific documents. For good reason, Thomson's
23  Rule 30(b)(6) designee is not required to adopt former employees' statements as binding
24  corporate testimony. *See* Opp'n at 12-13. Neither the DAPs nor the Special Master dispute this.
25  *See* Reply at 8 n.6; Order at 8 n.1. But if the designee testifies regarding certain "underlying
26  facts" without identifying the sources of those "facts," Thomson is potentially bound to that
27  testimony. If, on the other hand, the designee attempts to explain that the "facts" in question are
28  the statements of former employees, she will be effectively revealing that those employees made

THOMSON DEFENDANTS' OBJECTIONS TO          3          No. 07-5944-SC; MDL No. 1917
SPECIAL MASTER'S RECOMMENDED ORDER

certain statements to counsel in the course of a privileged communication. And jury members will not have knowledge of the nuances of how and when these interviews occur, how the evolution of discovery impacts the timing of when counsel can show witnesses historical documents to refresh their recollections, and so on. DAPs have been free to subpoena witnesses as they see fit and are not entitled to benefit from how Thomson's lawyers approached and handled its investigation.

## II. DAPs Have Not Demonstrated Substantial Need for Attorney Work Product.

The Special Master correctly found that the identities of individuals interviewed and the statements obtained from those interviews are protected work product (*Id.* at 4), but wrongly concluded that the information DAPs seek is "fact work product," rather than "opinion work product," and that it is discoverable because the DAPs have demonstrated a "substantial need" for the information. *Id.* at 8-9. DAPs have failed to show, as to the identities of the individuals interviewed or the substance of the interviews, (1) that the information is essential to proving their case, and (2) that they cannot obtain substantially equivalent information without incurring an undue burden. *See, e.g.*, *Fletcher v. Union R.R. Co.,* 194 F.R.D. 666, 672 (S.D. Cal. 2000); *AT&T Corp. v. Microsoft Corp.,* 2003 WL 21212614, *6-7 (N.D. Cal. Apr. 18, 2003).

The Recommended Order concludes that the names of individuals interviewed by Thomson's counsel are "highly relevant" because they relate to investigations of the alleged anticompetitive activities central to this litigation and it is "unclear whether this information can be obtained in any other way." Recommended Order at 4. But "unclear" is not the correct legal standard: it is DAPs' burden to establish that they cannot obtain the information in any other way. *See AT&T Corp.* 2003 WL 21212614 at *6-7. And DAPs did not try to, and cannot, show why the names of individuals that outside counsel for Thomson chose to interview are so crucial. Between Thomson's former counsel Sullivan & Cromwell and its current counsel Faegre Baker Daniels, privileged memoranda exist for interviews of 16 former and current employees. Decl. ¶ 2. While DAPs do not know the identity of the 16 former or current employees (nor should they) interviewed, through written discovery responses, initial disclosures, depositions, and documents produced by Thomson alone, the individuals have been identified to DAPs—indeed, the name of each and every individual appears in literally thousands of documents. *Id.* ¶ 5. And the fact that

1  these 16 were interviewed by Thomson's counsel is not relevant to any party's claim or defense
2  and DAPs have not shown a substantial need for this information. It is fundamentally unfair to
3  provide DAPs with this information as it gives them the benefit of attorney-client privileged and
4  attorney work-product information. There is no reason for this.

5  And with regard to the *content* of the interviews, the Recommended Order includes no
6  separate analysis of substantial need or undue hardship. Importantly, the Recommended Order
7  ignores that DAPs have now deposed ten current or former Thomson employees, putting their
8  own questions about the key issues in this case to a supermajority of the individuals interviewed
9  by Thomson's outside counsel. *Id.* ¶ 4. DAPs were not unable to question a single Thomson
10 witness they expressed an interest in deposing. For example, DAPs followed the Hague
11 Convention process to seek the depositions of only four French witnesses and deposed each of
12 those witnesses after their Motion was filed. *Id.* ¶ 6. Moreover, DAPs could have deposed anyone
13 else with relevant knowledge, including others identified to them in the discovery record, if they
14 had deemed it worthwhile. As such, DAPs have been afforded ample opportunity to explore the
15 "underlying facts" by questioning witnesses directly. *See AT&T Corp.* 2003 WL 21212614, *6-7
16 ("failing a showing . . . that the same information is not obtainable through some other means of
17 discovery such as depositions, the documents are privileged."). DAPs cannot plausibly claim that
18 the information they seek is otherwise unavailable and thus have not, and cannot, make the
19 requisite showing of substantial need and undue hardship to obtain the content of privileged
20 interview notes.

21 Finally, even if DAPs could show a substantial need for certain information protected by
22 the work-product doctrine, they cannot show a need for facts they have already addressed in
23 depositions. Thus, to the extent there is a substantial need for any of the information contained in
24 the memoranda, that need must be limited to information unrelated to questions or topics DAPs
25 raised in the depositions they took of current or former Thomson employees.

26 **CONCLUSION**

27 For the foregoing reasons, Thomson objects to the Recommended Order and requests that
28 the Court deny the DAPs' Motion and terminate *in camera* review.

|  |  |
|---|---|
| Dated: July 31, 2015 | FAEGRE BAKER DANIELS LLP |
|  | By: /s/ Kathy L. Osborn |
|  | Kathy L. Osborn (*pro hac vice*)<br>Ryan M. Hurley (*pro hac vice*)<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN  46204<br>Telephone: (317) 237-0300<br>Facsimile: (317) 237-1000<br>kathy.osborn@FaegreBD.com<br>ryan.hurley@FaegreBD.com |
|  | Jeffrey S. Roberts (*pro hac vice*)<br>Faegre Baker Daniels LLP<br>3200 Wells Fargo Center<br>1700 Lincoln Street<br>Denver, CO  80203<br>Telephone: (303) 607-3500<br>Facsimile:  (303) 607-3600<br>jeff.roberts@FaegreBD.com |
|  | Stephen M. Judge (*pro hac vice*)<br>Faegre Baker Daniels LLP<br>202 S. Michigan Street, Suite 1400<br>South Bend, IN  46601<br>Telephone: +1 574-234-4149<br>Facsimile:  +1 574-239-1900<br>steve.judge@FaegreBd.com |
|  | Calvin L. Litsey (SBN 289659)<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo Alto, CA  94303-2279<br>Telephone: (650) 324-6700<br>Facsimile: (650) 324-6701<br>calvin.litsey@FaegreBD.com |
|  | *Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.* |