| | |
|---|---|
| Kathy L. Osborn (*pro hac vice*) | Jeffrey S. Roberts (*pro hac vice*) |
| Ryan M. Hurley (*pro hac vice*) | FAEGRE BAKER DANIELS LLP |
| FAEGRE BAKER DANIELS LLP | 3200 Wells Fargo |
| 300 N. Meridian Street, Suite 2700 | 1700 Lincoln Street |
| Indianapolis, IN  46204 | Denver, CO  80203 |
| Telephone: +1 317-237-0300 | Telephone: +1 303-607-3500 |
| Facsimile: +1 317-237-1000 | Facsimile:  +1 303-607-3600 |
| kathy.osborn@FaegreBD.com | jeff.roberts@FaegreBD.com |
| ryan.hurley@FaegreBD.com | |
| | Stephen M. Judge (*pro hac vice*) |
| Calvin L. Litsey (SBN 289659) | FAEGRE BAKER DANIELS LLP |
| FAEGRE BAKER DANIELS LLP | 202 S. Michigan Street, Suite 1400 |
| 1950 University Avenue, Suite 450 | South Bend, IN  46601 |
| East Palo Alto, CA  94303-2279 | Telephone: +1 574-234-4149 |
| Telephone: +1 650-324-6700 | Facsimile:  +1 574-239-1900 |
| Facsimile: +1 650-324-6701 | steve.judge@FaegreBd.com |
| calvin.litsey@FaegreBD.com | |

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;*<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-05261;*<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;*<br><br>*Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;*<br><br>*Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;*<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;*<br><br>*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.,* | **DECLARATION OF STEPHEN M. JUDGE IN SUPPORT OF THOMSON DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S JULY 22, 2015 RECOMMENDED ORDER**<br><br>Judge: Hon. Samuel Conti |

*No. 31:cv-05725;*

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al., No. 13-cv-05668;*

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3:13-cv-05262;*

*Target Corp. v. Technicolor SA, et al., No. 13-cv-05686;*

*Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157;*

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173;*

*ViewSonic Corporation v. Chunghwa Corp., et al., No. 14-cv-02510.*

I, Stephen M. Judge, hereby declare as follows:

1. I am currently an attorney with the law firm Faegre Baker Daniels LLP, counsel for Defendants Thomson SA and Thomson Consumer Electronics, Inc. (together "Thomson"). I am admitted to practice *pro hac vice* before the United States District Court for the Northern District of California. The statements contained in this declaration are based on my personal knowledge and, if called as a witness, I could competently testify to the following facts.

2. Between Thomson's former counsel Sullivan & Cromwell LLP ("Sullivan") and its current counsel Faegre Baker Daniels LLP ("Faegre"), privileged memoranda exist for interviews of 16 former and current employees.

3. Since discovery against Thomson in these actions began, Thomson has produced to the Plaintiffs over 283,000 bates labeled pages of documents. Because many of these documents were produced in native format with a single bates number and many of these native files are twenty pages or longer, Thomson has likely produced over 1 million pages of documents.

4. Direct Action Plaintiffs ("DAPs") have deposed the following current or former employees of Thomson Consumer or Thomson SA: (1) Mr. Jack Brunk; (2) Mr. Tom Carson; (3) Mr. J.P. Hanrahan; (4) Mr. Alex Hepburn; (5) Mr. Jack Hirschler; (6) Ms. Jackie Taylor-

Boggs; (7) Mr. Emeric Charamel; (8) Mr. Didier Trutt; (9) Mr. Christian Lissorgues; and (10) Ms. Agnes Martin.

5. DAPs have deposed a supermajority of the individuals interviewed by Sullivan or Faegre. With respect to individuals interviewed by Sullivan or Faegre who have not been deposed in this action, based on word searches performed across all discovery responses, documents produced by Thomson, and all depositions taken by DAPs:

    a. The name of each individual appears in at least one interrogatory response;

    b. The name of each individual appears in at least 1,800 documents and in one case more than 10,000 documents; and

    c. The name of each individual except one has been mentioned by an attorney or witness in at least two depositions.

6. DAPs followed the Hague Convention process to seek depositions of four former Thomson SA employees in France. Those depositions occurred in March, after DAPs filed their Motion.

7. Attached hereto as **Exhibit 1**, are true and correct copies of the Direct Action Plaintiffs' Motion to Compel 30(b)(6) Testimony of Thomson SA and Thomson Consumer Electronics, Inc., and Exhibits A–E thereto, which were submitted to the Special Master on January 20, 2015.

8. Attached hereto as **Exhibit 2**, are true and correct copies of the Thomson Defendants' Opposition to Direct Action Plaintiffs' Motion to Compel 30(b)(6) Testimony of Thomson SA and Thomson Consumer Electronics, Inc., and Exhibits 1–3 thereto, which were submitted to the Special Master on January 27, 2015.

9. Attached hereto as **Exhibit 3**, is a true and correct copy of the Reply in Support of Direct Action Plaintiffs' Motion to Compel 30(b)(6) Testimony of Thomson SA and Thomson Consumer Electronics, Inc., which was submitted to the Special Master on February 2, 2015.

10. With their Reply, DAPs' also submitted and "Exhibit F," consisting of the Declaration of David M. Peterson Pursuant to Fed. R. Civ. P. 56(d) in Support of Plaintiffs' Opposition to Thomson Consumer's Motion for Partial Summary Judgment and Exhibits thereto, which was previously filed under seal. To avoid an unnecessary additional sealing motion, Thomson

respectfully directs the Court to Docket No. 3236-6 for an unredacted version of Exhibit F to DAPs' Reply.

Executed this 31th day of July 2015, at South Bend, Indiana.

                                              /s/ Stephen M. Judge