# Exhibit 3

1
2  Kenneth S. Marks
   Jonathan J. Ross
3  SUSMAN GODFREY LLP
   1000 Louisiana Street, Suite 5100
4  Houston, Texas 77002-5096
   Telephone:  (713) 651-9366
5  Facsimile:  (713) 654-6666
   kmarks@susmangodfrey.com
6  jross@susmangodfrey.com
   *Attorneys for plaintiff Alfred H. Siegel, solely*
7  *in his capacity as Trustee of the Circuit City*
   *Stores, Inc. Liquidating Trust*
   [additional counsel listed on signature page]
8
9
10              UNITED STATES DISTRICT COURT
11             NORTHERN DISTRICT OF CALIFORNIA
12
13
14  IN RE:  CATHODE RAY TUBE (CRT)        Master File No. 07-5944 SC
    ANTITRUST LITIGATION
15                                        Case No. C 11-05502 SC
16  This Document Relates to:            MDL No. 1917
17  *Sharp Elecs. Corp. v. Hitachi, Ltd.*, No. 13-
    cv-01173;
18
    *Electrograph Systems, Inc. et al. v.*        **REPLY IN SUPPORT OF DIRECT**
19  *Technicolor SA, et al.*, No. 13-cv-05724;    **ACTION PLAINTIFFS' MOTION TO**
                                                  **COMPEL 30(b)(6) TESTIMONY OF**
20  *Siegel v. Technicolor SA, et al.*, No. 13-cv- **THOMSON SA AND THOMSON**
    05261;                                        **CONSUMER ELECTRONICS, INC.**
21
22  *Best Buy Co., Inc. v. Technicolor SA, et al.*,
    No. 13-cv-05264;                             The Honorable Samuel Conti
23
    *Interbond Corporation of America v.*
24  *Technicolor SA, et al.*, No. 13-cv-05727;
25  *Office Depot, Inc. v. Technicolor SA, et al.*,
    No. 13-cv-05726;
26
    *Costco Wholesale Corporation v. Technicolor*
27  *SA, et al.*, No. 13-cv-05723;
28
1
REPLY IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF
THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. – C-11-05502 SC
MDL No. 1917

3521854v1/012325

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA*, No. 3:13-cv-05262;

*Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Viewsonic Corp. v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510.

Thomson[1] has relevant factual information relayed to it and its agents from its former employees.  But Thomson is playing a shell game by asserting privilege and work product in a desperate attempt to try to keep that information out of the hands of the Direct Action Plaintiffs ("DAPs") before the trial of this matter, which is set for March 9 of this year.  As Thomson admits in its opposition, Meggan Ehret, Thomson's designated witness under Rule 30(b)(6), "did not review in preparation for the deposition and has never read at any other time, the Sullivan and Faegre Memos," Opp. at 4, and "did not testify about: (1) the contents of the Sullivan and Faegre Memos and (2) her recollection of information she learned exclusively through her attendance at some of the Faegre interviews," Opp. at 5.  But because the *factual information* contained in those memoranda is discoverable, within Thomson's possession, and properly within the scope of Rule

---

[1] "Thomson" refers collectively to defendants Thomson SA and Thomson Consumer Electronics, Inc.

2

REPLY IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. – C-11-05502 SC MDL No. 1917

3521854v1/012325

30(b)(6) deposition topics noticed by the DAPs, Thomson is required to prepare a witness pursuant to Rule 30(b)(6) to testify about it.

## I. Thomson Would Delay This Discovery Until After Trial

First, the circumstances are not as Thomson presents.  According to Thomson, it is a simple matter to obtain depositions of former employees of Thomson SA in France, and "DAPs have been afforded ample opportunity to depose such individuals."  Opp. at 13.  This "ample opportunity" would appear to be the present possibility that depositions may go forward in Paris, France, in March 6, 9, and 10, with witness notices that have not even been issued yet.  Opp. at 4. Of course, trial in this action is set for March 9.

In addition, Thomson has hardly afforded DAPs "ample opportunity" to learn the factual information that Thomson is concealing in the memoranda.  As explained in the Peterson Declaration,[2] Thomson did not participate in discovery until March 2014, Peterson Decl. ¶ 2, and actively resisted presenting an informed witness pursuant to Rule 30(b)(6), *id.* ¶ 11.   And Thomson continues to resist, as DAPs' instant motion demonstrates.  Moreover, even if Thomson is correct that "DAPs may discover facts by deposing former employees directly," Opp. at 6–7, that does not excuse Thomson from its existing discovery obligations.  *See Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 541 (D. Nev. 2008) (rejecting argument that availability of alternative forms of discovery excused company's obligation to prepare a Rule 30(b)(6) witness on information that "includ[ed] factual information learned from or through its counsel").

---

[2] The Declaration of David M. Peterson Pursuant to Fed .R. Civ. P. 56(d) in Support of Plaintiffs' Opposition to Thomson Consumer's Motion for Partial Summary Judgment (the "Peterson Declaration"), was attached as Exhibit 1 to the Exhibit Declaration of David M. Peterson in Support of Plaintiffs' Opposition to Defendant Thomson Consumer's Motion for Summary Judgment and Partial Summary Judgment.  For reference, a copy of the Peterson Declaration is attached hereto as Exhibit F.

3

REPLY IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF
THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. – C-11-05502 SC
MDL No. 1917

3521854v1/012325

## II. Thomson Is Attacking a Straw Man

Second, Thomson spends most of its opposition arguing that it should not be required to produce the memoranda. Of course, that is a straw man. DAPs are not requesting the memoranda. *See* Mot. at 3 n.2. They are requesting a Rule 30(b)(6) witness to testify to factual information within Thomson's possession. That the information was written down in memoranda is irrelevant; Rule 30(b)(6) specifically provides for the deposition discovery of corporate knowledge on topics noticed by the deposing party. The information in these memoranda indisputably is within Thomson's knowledge and thus fairly is within the scope on which Thomson's Rule 30(b)(6) witness must have been prepared to testify. For that reason, *Admiral Insurance Co. v. United States District Court for the District of Arizona* is inapposite, because in that case, the issue was whether the written witness statements of two former employees, prepared during an interview by defendant's counsel, should be produced to the plaintiffs. 881 F.2d 1486, 1489 (9th Cir 1989). The decision does not stand for the proposition that Thomson may refuse to present a Rule 30(b)(6) witness to testify about factual information within Thomson's possession.

## III. Thomson Must Present a Rule 30(b)(6) Witness to Testify About the Memoranda

Third, the case law supports requiring a Rule 30(b)(6) witness to become educated and testify about factual information acquired from or through counsel. Thomson's characterizations of *Sprint Communications* and *Great American Insurance* do not change the clear language from those cases—language expressly requiring Rule 30(b)(6) witnesses to familiarize themselves with and testify about information learned from their companies' counsel. *See Great Am. Ins.*, 251 F.R.D. at 541 ("Distinctive Homes was required to educate an appropriate Rule 30(b)(6) designee to provide knowledgeable answers reasonably available to the corporation, . . . including factual

4

REPLY IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF
THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. – C-11-05502 SC
MDL No. 1917

3521854v1/012325

information learned through or from its counsel."); *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 529 (D. Kan. 2006) ("When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through or from corporate lawyers."). Reading these cases in the narrow way that Thomson asks would render those holdings a dead letter, giving the party resisting discovery a free pass simply by incanting the words "internal investigation."

That is not the intent of Rule 30(b)(6), Rule 26, or the cases interpreting them.  To the contrary, courts routinely hold that parties must present Rule 30(b)(6) witnesses to testify about factual information acquired only through the efforts of corporate counsel.

> There is simply nothing wrong with asking for facts from a deponent even though those facts may have been communicated to the deponent by the deponent's counsel.  The courts have consistently held that the work product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the person from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery.

*United States v. Education Management LLC*, 2014 WL 1391105, at *6 (W.D. Pa. Feb. 24, 2014) (internal citations and quotation marks omitted); *see also State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 215-16 (E.D. Pa. 2008) ("To the extent that defense counsel's questions seek relevant, non-privileged facts learned from discussions with counsel, and do not seek counsel for State Farm's 'mental impressions, conclusions, opinions, or legal theories,' those questions must be answered.").  That was the conclusion of the court in the Vitamins Antitrust Litigation, which held that the alleged conspirators must "produce one or more Rule 30(b)(6) witnesses who . . . have been thoroughly educated with respect to any and all facts known to [the

5

REPLY IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. – C–11-05502 SC
MDL No. 1917

3521854v1/012325

defendant] *and its counsel, including all outside counsel*."  *In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 169 (D.D.C. 2003) (emphasis added); *accord In re Vitamins Antitrust Litig.*, 217 F.R.D. 229, 234-35 (D.D.C. 2002) ("Takeda will be compelled 'to produce 30(b)(6) witnesses who have been thoroughly educated about the conspiracy with respect to any and all facts known, respectively, to TCI and TVFU or their counsel, regardless of whether such facts are memorialized in work product protected documents or reside in the mind of counsel.'").  As the case law repeatedly demonstrates, the *facts* about a corporate party are not privileged and are properly discoverable by Rule 30(b)(6), regardless of whether those facts are memorialized in a memorandum written by counsel.

The cases relied on by Thomson do not compel a different outcome.  In *Mitchell Engineering v. San Francisco*, the court declined to permit the individual deposition of an investigator for the City of San Francisco regarding facts uncovered during his investigation, explaining that it would "encroach on the City's litigation strategy in connection with this case and the numerous pending state court lawsuits," and stating without explanation that it would be "unworkable" to "ask him to list the facts he learned during his investigation."  2010 WL 1853493, at *2 (N.D. Cal. May 6, 2010).[3]  But the court made clear that "the facts [the investigator] learned through his investigations are not protected by the work product privilege" and "may be elicited through future discovery on other specific topics."  *Id.*  Such future

---

[3] As explained above, numerous courts have held that parties must present a Rule 30(b)(6) corporate representative to testify to factual information acquired from an attorney for the corporate entity, suggesting that such depositions are generally workable.  *See, e.g.*, *State Farm v. New Horizont*, 250 F.R.D. at 215-16 ("To the extent that defense counsel's questions seek relevant, non-privileged facts learned from discussions with counsel, and do not seek counsel for State Farm's 'mental impressions, conclusions, opinions, or legal theories,' those questions must be answered.").

REPLY IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF
THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. – C-11-05502 SC
MDL No. 1917

3521854v1/012325

discovery on discoverable factual information is precisely what DAPs seek here, through a proper Rule 30(b)(6) deposition of Thomson.

The other cases cited by Thomson are distinguishable.  In *S.E.C. v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992), the court refused to permit a Rule 30(b)(6) investigation of the Securities and Exchange Commission because "all relevant, non-privileged evidence ha[d] been disclosed to the defendants," which led the court to conclude that the deposition was "intended to ascertain how the SEC intends to marshall the facts, documents, and testimony in its possession" at trial.[4]

In *In re Linerboard Antitrust Litigation*, 237 F.R.D. 373, 379 (E.D. Pa. 2006), statements made during employees interviews were not memorialized in memoranda and existed only in the recollection of in-house counsel for the defendant.  The court declined to require the corporation to testify to that information, but was careful to limit its holding to the precise circumstances of the case before it.  *Id.* at 379, 384.  Those circumstances included factors that distinguish it from the circumstances here, including that the plaintiffs "have had available to them *extensive non-privileged sources of the same information* they seek from" the corporate attorney, *id.* at 383, and that the statements existed only in the mind of the corporate attorney, rendering them inseparably intertwined with the corporate attorney's mental impressions, *id.* at 386.  Here, the former employees of Thomson SA will not be deposed until the beginning of trial,[5] and the factual

---

[4] The *Morelli* court noted that the deposition would therefore amount to a disfavored deposition of opposing counsel.  *Id.*  Here, however, DAPs seek only the factual information contained within the memoranda, not any attorney mental impressions; moreover, it was Thomson's decision to present an attorney as its Rule 30(b)(6) witness.  *See Sprint Commc'ns*, 236 F.R.D. at 529 ("It is Sprint's decision who to designate as its representative in the deposition.  Sprint is under no obligation to choose an attorney as its 30(b)(6) designee.").

[5] And that assumes that the depositions go according to the present plan.

information may be distilled from memoranda that are distinct and separate from the recollections of Thomson attorneys.[6]

## IV. Conclusion

This is just the latest example of Thomson trying to frustrate discovery in this case and trying to hide the ball.  It has factual information that will not likely be available to the DAPs before trial through any other mechanism.  The DAPs have complied with all requirements of the Federal Rules to try to seek that discoverable information.  Yet Thomson will not prepare its chosen corporate witness to testify about it.   DAPs therefore request an order compelling Thomson to prepare a Rule 30(b)(6) witness to testify about facts learned during Thomson's interviews of now-former employees of Thomson SA.

Dated: February 2, 2015.

By:  /s/ Kenneth S. Marks
       Kenneth S. Marks
       Jonathan J. Ross
       Johnny W. Carter
       Robert S. Safi
       David M. Peterson
       Brian M. Gillett
       SUSMAN GODFREY L.L.P.
       1000 Louisiana Street, Suite 5100

---

[6] Thomson also argues that statements by its former employees cannot "bind" it, and therefore it should not be required to disclose what those statements are.  But whatever the legal effect of such statements may be, it does not entitle Thomson to refuse to answer questions about it, any more than it would entitle Thomson to refuse to answer questions about what statements by other defendants, or plaintiffs for that matter, simply because it might be nonbinding or hearsay.  *Cf.* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

8

3521854v1/012325

1

2

3

4

5

Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email:  kmarks@susmangodfrey.com
          jross@susmangodfrey.com
          jcarter@susmangodfrey.com
          rsafi@susmangodfrey.com
          dpeterson@susmangodfrey.com
          bgillett@susmangodfrey.com

6

7

8

9

10

11

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email:  pfolse@susmangodfrey.com
          rblack@susmangodfrey.com
          jconnors@susmangodfrey.com

12

13

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as  Trustee of the Circuit City Stores, Inc. Liquidating Trust*

14

15

By: */s/ Craig A. Benson* _____

16

17

18

19

20

21

22

23

24

25

26

27

28

9

REPLY IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF
THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. – C-11-05502 SC
MDL No. 1917

3521854v1/012325

1                                                                                    Kenneth A. Gallo (*pro hac vice*)

Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and
Sharp Electronics Manufacturing Co. of America*

By:  /s/ *David Martinez*
_____

Roman M. Silberfeld, (SBN 62783)
David Martinez, (SBN 193183)
Jill Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: RMSilberfeld@rkmc.com
Email: DMartinez@rkmc.com
Email: jcasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson

10

3521854v1/012325

1

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

2    800 LaSalle Avenue
     2800 LaSalle Plaza

3    Minneapolis, MN 55402
     Telephone: (612) 349-8500

4    Facsimile: (612) 339-4181
     Email: eskaplan@rkmc.com

5    Email: kcwildfang@rkmc.com
     Email: lenelson@rkmc.com

6

7

     *Attorneys For Plaintiffs Best Buy Co., Inc, Best Buy*
8    *Purchasing LLC, Best Buy Enterprise Services, Inc.,*
     *Best Buy Stores, L.P., Bestbuy.com, L.L.C., and*
9    *Magnolia Hi-Fi, Inc.*

10

11
     By:  /s/ *Jason Murray*
12   _____

13   Jason C. Murray (CA Bar No. 169806)
     **CROWELL & MORING LLP**
14   515 South Flower St., 40th Floor

15   Los Angeles, CA 90071
     Telephone: 213-443-5582

16   Facsimile: 213-622-2690
     Email: jmurray@crowell.com

17

18   Jerome A. Murphy (pro hac vice)

19   Astor H.L. Heaven (pro hac vice)
     **CROWELL & MORING LLP**

20   1001 Pennsylvania Avenue, N.W.
     Washington, D.C. 20004

21   Telephone: 202-624-2500
     Facsimile: 202-628-5116

22   E-mail: jmurphy@crowell.com
     Email aheaven@crowell.com

23

24   *Attorneys for Target Corp. and Viewsonic Corp.*

25

26
     By:  /s/ *Richard Arnold*
27   _____

     11
28   ─────────────────────────────────────────
     REPLY IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF
     THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. – C-11-05502 SC
     MDL No. 1917

3521854v1/012325

Richard Alan Arnold
William J. Blechman
Kevin J. Murray
**KENNY NACHWALTER, P.A.**
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Tel: 305-373-1000
Fax: 305-372-1861
Email: rarnold@knpa.com
Email: wblechman@knpa.com
Email: kmurray@knpa.com

*Attorneys for Plaintiff Sears, Roebuck and Co. and Kmart Corp.*

By: */s/ Philip J. Iovieno*

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email:    ssinger@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email:    piovieno@bsfllp.com
Email:    anardacci@bsfllp.com

*Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P. C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC, Tweeter Newco, LLC, Tech Data Corporation, and Tech Data Product Management, Inc.*

REPLY IN SUPPORT OF MOTION TO COMPEL 30(b)(6) TESTIMONY OF
THOMSON SA AND THOMSON CONSUMER ELECTRONICS, INC. – C-11-05502 SC
MDL No. 1917

3521854v1/012325

1

2  By: */s/ David J. Burman*
   David J. Burman

3  Cori G. Moore
   Nicholas H. Hesterberg

4  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900

5  Seattle, WA 98101-3099
   Telephone: (206) 359-8000

6  Facsimile: (206) 359-9000
   Email:    dburman@perkinscoie.com

7  Email:    cgmoore@perkinscoie.com
   Email:    nhesterberg@perkinscoie.com

8

9  Jordan S. Bass (Cal. Bar No. 208143)
   PERKINS COIE LLP

10 Four Embarcadero Center, Suite 2400
   San Francisco, CA 94111-4131

11 Telephone: (415) 344.7000
   Facsimile: (415) 344.7050

12 Email:    jbass@perkinscoie.com

13 *Attorneys for Plaintiff Costco Wholesale Corporation*

14

15

16

17

18

19

20

21

22

23

24

25

26

27                              13

28

3521854v1/012325