1  GUIDO SAVERI (22349)
       *guido@saveri.com*
2  R. ALEXANDER SAVERI (173102)
       *rick@saveri.com*
3  GEOFFREY C. RUSHING (126910)
       *grushing@saveri.com*
4  TRAVIS L. MANFREDI (281779)
       *travis@saveri.com*
5  SAVERI & SAVERI, INC.
6  706 Sansome Street
   San Francisco, CA  94111-5619
7  Telephone:  (415) 217-6810
   Facsimile:  (415) 217-6813
8

9  *Lead Counsel for Direct Purchaser Plaintiffs*

10

11                 **UNITED STATES DISTRICT COURT**

12               **NORTHERN DISTRICT OF CALIFORNIA**

13                   **SAN FRANCISCO DIVISION**

14

15  IN RE: CATHODE RAY TUBE (CRT)          Master File No. 07-5944-SC
    ANTITRUST LITIGATION
16                                          MDL No. 1917

17  _____
                                          **NOTICE OF MOTION AND MOTION
18  This Document Relates To:             TO DISSEMINATE NOTICE OF DIRECT
                                          PURCHASER CLASS CERTIFICATION;
19  *Crago, d/b/a Dash Computers, Inc., et al. v.*   **MEMORANDUM OF POINTS AND
    *Mitsubishi Electric Corporation, et al.*, Case   AUTHORITIES IN SUPPORT THEREOF**
20  No. 14-CV-2058 (SC).
                                          Date:      September 11, 2015
21                                        Time:      10:00 a.m.
                                          Judge:     Honorable Samuel Conti
22                                        Ctrm:      1, 17th floor

23

24

25

26

27

28

_____
NOTICE OF MOTION AND MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS
CERTIFICATION; MEMO OF P&A IN SUPPORT THEREOF—Master File No. 07-CV-5944 SC

1

**NOTICE OF MOTION AND MOTION**

2   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

3   PLEASE TAKE NOTICE that on September 11, 2015, at 10:00 a.m. or as soon thereafter as this

4   matter may be heard, before the Honorable Samuel Conti, Senior United States District Judge of the

5   Northern District of California, located at Courtroom 1, 450 Golden Gate Ave., San Francisco,

6   California, the Direct Purchaser Plaintiffs ("Plaintiffs") will move this Court, pursuant to Rule 23 of

7   the Federal Rules of Civil Procedure ("FRCP"), for entry of an Order:

8
     (i)     approving the manner and form of giving notice of the certification of a litigated class

9
             to class members; and

10
     (ii)    establishing a timetable for publishing class notice and providing an opportunity for

11
             class members to request exclusion from the litigated class;

12   The grounds for this motion are that the form and manner of providing notice regarding the matters

13   set forth above satisfy the requirements of FRCP 23 and due process.

14        This motion is based upon this Notice of Motion and Motion, the following Memorandum of

15   Law, the Declaration of R. Alexander Saveri, the Proposed Order, the complete files and records in

16   this action, and such other written or oral arguments that may be presented to the Court.

17

18

19

20

21

22

23

24

25

26

27

28

i

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), Plaintiffs move this Court for an order approving the dissemination of notice to the class of the Court's certification and providing class members with an opportunity to request exclusion from the litigated class.

**I.     THE CERTIFIED CLASS**

On July 8, 2015, this Court granted plaintiffs' motion for class certification and certified this case as a class action against the only remaining defendant Mitsubishi. *See* Order in re Class Certification with Respect to the Thomson and Mitsubishi Defendants (Dkt. No. 3902) ("Class Certification Order").  The time to request appellate review pursuant to FRCP Rule 23(f) has expired. *See* Fed. R. Civ. P. 23(f).

The Court certified a class of direct purchaser plaintiffs pursuant to Rule 23(b)(3) defined as follows (the "Litigated Class"):

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator or any subsidiary or affiliate thereof. Excluded from the class are defendants, their parent companies, subsidiaries or affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

Class Certification Order, p. 6.

**II.     THE CLASS NOTICE**

The requirements for notice to class members are as follows:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
>> (i)      the nature of the action;
>>
>> (ii)     the definition of the class certified;
>>
>> (iii)    the class claims, issues, or defenses;
>>
>> (iv)     that a class member may enter an appearance through an attorney if the member so desires;

1

1

2

      (v)     that the court will exclude from the class any member who requests exclusion;

3

      (vi)    the time and manner for requesting exclusion; and

4

      (vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

5

Fed. R. Civ. P. 23(c)(2)(B).

6

      **A.**      **Manner of Providing Notice to the Class**

7

     Plaintiffs propose providing notice to the class by (1) directly mailing written notice to each

8

class member whose name was provided to Plaintiffs by the Defendants, (2) publishing notice in

9

two national newspapers, and (3) posting notice on the internet.  This manner of providing Notice to

10

the class was previously approved by the Court in regards to the Thomson settlement.  *See* Order

11

Granting Class Certification and Preliminary Approval of Class Action Settlement with the

12

Thomson and TDA Defendants (June 12, 2015) (Dkt. No. 3872).

13

     Plaintiffs propose that the Long Form Notice ("Notice") in the form attached as Exhibit 1 to

14

the Declaration of R. Alexander Saveri in Support of Motion to Disseminate Notice of DPP Class

15

Certification ("Saveri Decl." or "Saveri Declaration") be given by mail to each class member who

16

may, by reasonable efforts, be identified. In addition, Plaintiffs propose to send the Notice by email

17

to any class member for which an email address has been obtained. Plaintiffs shall use the same

18

class member lists previously provided by the Defendants and used to provide notice to the

19

previously certified settlement classes (supplemented by any requests from class members to be

20

added to the notice list).

21

     In addition, Plaintiffs propose that a Summary Notice in the form attached as Exhibit 2 to

22

the Saveri Declaration be published in the national editions of the *Wall Street Journal* and the *New*

23

*York Times*.

24

     Also, both notices, along with the settlement agreement, will be posted on a website

25

accessible to Class members. This is what was previously done with the previous settlements and is

26

similar to other direct purchaser antitrust cases. Saveri Decl. ¶ 4.

27

     Such notice plans are commonly used in class actions like this one and constitute valid, due

28

2

1  and sufficient notice to class members, and constitute the best notice practicable under the

2  circumstances. *See Moore's Federal Practice* § 23.63[8][a], § 23.63[8][b] (3d ed. 2003). *See also*

3  Saveri Decl. ¶ 4.  This notice program is the same as the notice program approved by the Court with

4  regard to the settlement with Thomson, and nearly the same as the notice programs for the

5  settlements with Chunghwa, Philips, Panasonic, LG, Toshiba, Hitachi, and Samsung SDI.[1] Saveri

6  Decl. ¶ 4.

7    **B.    Form of Notice to the Class**

8    The content of the proposed notices complies with the requirements of Rule 23(c)(2)(B) and

9  is similar to prior notices.  The form of notice is "adequate if it may be understood by the average

10 class member." Conte, Alba & Newberg, Herbert, *Newberg on Class Actions* § 11.53 (4th ed.,

11 2002) ("*Newberg*").  The Notice clearly and concisely explains the nature of the action.  It provides

12 a clear description of who is a member of the Litigated Class and the binding effects of class

13 membership. It explains how to exclude oneself from the Litigated Class, how to obtain copies of

14 papers filed in the case, and how to contact Class counsel. It informs class members that they may

15 hire their own attorney.

16   The Summary Notice also identifies class members and the consequences of class

17 membership. It also explains how to obtain more information about the case. The Summary Notice

18 will be published after the Notice is sent to class members.

19   The Long Form Notice and Summary Notice are similar to the notices previously approved

20 by this Court in connection with settlements with Chunghwa, Philips, Panasonic, LG, Toshiba,

21 Hitachi, Samsung SDI, and Thomson. The principal difference is that the notices explain that the

22 certified class is a litigated class, and, accordingly, does not include an explanation of the settlement

23 approval process. In addition, pursuant to the Class Certification Order, the Notice sets forth a list

24 that specifically identifies the "affiliates and subsidiaries" referred to in the class definition. Class

25 Certification Order, p. 50.

26 ─────────
[1] Pursuant to the Court's Order Re: Preliminary Approval of Class Action Settlements with
27 Thomson and TDA Defendants (Mar. 26, 2015) (Dkt. No. 3810), notice of the Thomson settlement was published in two newspapers, rather than one as was the case for the settlements with
28 Chunghwa, Philips, Panasonic, LG, Toshiba, Hitachi, and Samsung SDI.

1    **C.      Timetable for Sending Notice to the Class**

2         Plaintiffs propose sending Notice to the class two weeks after the Court enters its Order

3    approving plaintiffs Notice to the class. Class members would then have forty-five (45) days to

4    request exclusion from the litigated class. This is the same time allotted for exclusion from the

5    settlement classes previously certified herein, and is within the range specified in the *Manual for*

6    *Complex Litigation*, Fourth, § 21.321. The list of opt-outs will be sent to Mitsubishi and filed with

7    the Court within fourteen days of the opt-out deadline.

8    **III.    CONCLUSION**

9         For the foregoing reasons, Plaintiffs respectfully submit that the Court enter an order: (i)

10   approving the manner and form of giving notice to class members of class certification; and (ii)

11   establishing a timetable for issuing such notice to the Class.

12

13   Dated: July 31, 2015                              Respectfully submitted,

14                                                     /s/ *R. Alexander Saveri*
                                                       Guido Saveri (22349)
15                                                     R. Alexander Saveri (173102)
                                                       Geoffrey C. Rushing (126910)
16                                                     Travis L. Manfredi (281779)
                                                       SAVERI & SAVERI, INC.
17                                                     706 Sansome Street
                                                       San Francisco, CA 94111
18                                                     Telephone:  (415) 217-6810
                                                       Facsimile:  (415) 217-6813
19
20                                                     *Lead Counsel for*
                                                       *Direct Purchaser Plaintiffs*
21

22                                                     Michael P. Lehmann
                                                       HAUSFELD LLP
23                                                     44 Montgomery Street, Suite 3400
                                                       San Francisco, CA 94104
24                                                     Telephone:  (415) 633-1908
                                                       Facsimile:  (415) 358-4980
25

26

27

28

4

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Bruce L. Simon
Aaron M. Sheanin
PEARSON, SIMON & WARSHAW LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:  (415) 433-9000
Facsimile:  (415) 433-9008

H. Laddie Montague, Jr.
Ruthanne Gordon
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604

Gary Specks
KAPLAN FOX
423 Sumac Road
Highland Park, IL 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580

Douglas A. Millen
William H. London
FREED KANNER LONDON & MILLEN
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4519

Eric B. Fastiff
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

5

NOTICE OF MOTION AND MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS
CERTIFICATION; MEMO OF P&A IN SUPPORT THEREOF—Master File No. 07-CV-5944 SC

1

2                             W. Joseph Bruckner
Elizabeth R. Odette

3                             LOCKRIDGE GRINDAL NAUEN P.L.L.P
100 Washington Avenue S

4                             Suite 2200
Minneapolis, MN 55401

5                             Telephone:  (612) 339-6900
Facsimile: (612) 339-0981

6

7                             *Attorneys for Plaintiffs and the Class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS
CERTIFICATION; MEMO OF P&A IN SUPPORT THEREOF—Master File No. 07-CV-5944 SC