GUIDO SAVERI (22349)
  *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
  *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
  *grushing@saveri.com*
CADIO ZIRPOLI (179108)
  *cadio@saveri.com*
TRAVIS L. MANFREDI (281779)
  *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for the Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC <br><br> MDL No. 1917 <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| This Document Relates To: <br><br> *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | |

Pursuant to Civil Local Rules 7-11 and 79-5(d), Plaintiffs hereby move the Court for leave to file portions of the following document under seal:

- **SECOND AMENDED DIRECT PURCHASER PLAINTIFFS' CLASS ACTION COMPLAINT AGAINST MITSUBISHI AND THOMSON**

This motion is supported by the Declaration of R. Alexander Saveri in Support of Plaintiffs' Administrative Motion to Seal Documents Pursuant to Civil Local Rules 7-11 and 79-5(d), dated August 6, 2015. *See* Civ. L. R. 79-5(e).

Civil Local Rule 79-5 governs the filing under seal of entire documents or portions of documents that contain material that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(a)-(e). Civil Local Rule 79-5(d) provides: "A party seeking to file a document, or portions thereof, under seal ("the Submitting Party") must: (1) File an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7-11."

In compliance with Civil Local Rule 79-5(d), Plaintiffs submit this Administrative Motion because they wish to file documents that contain either: (a) material designated by a Defendant pursuant to the Protective Order in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 ("MDL No. 1917") (Dkt. No. 306) (June 18, 2008) (the "MDL Protective Order") as "Confidential" or "Highly Confidential"; or (b) analysis of, references to, or information taken directly from material designated by a Defendant pursuant to the MDL Protective Order as "Confidential" or "Highly Confidential." *See id*.

This case is related to the cases pending in MDL No. 1917, specifically to the cases consolidated in MDL No. 1917 filed by Direct Purchaser Plaintiffs, in that all are filed on behalf of the same class, involve similar facts and similar claims stemming from a multi-year conspiracy by manufacturers of cathode ray tubes ("CRTs") to fix the price of those tubes. The Complaint in this case is a class action by several direct purchasers of CRTs against other participants in the scheme and conspiracy to fix the prices of CRTs.

Plaintiffs seek to file the above material under seal in good faith in order to comply with the Protective Order in MDL No. 1917 and the applicable Local Rules. Because Defendants in MDL

1

PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d); Master File No. 07-cv-5944-SC

1  No. 1917 contend that the material they have designated is confidential in nature, it is their burden
2  to establish that the designated information is sealable. Civil L.R. 79-5(e); see *Kamakana v. City of*
3  *Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). Plaintiffs leave it to this Court's discretion to
4  determine whether the above material should be filed under seal. Courts have repeatedly
5  emphasized that a party must make a "particularized showing of good cause" and show a
6  "compelling reason" to justify the sealing of motions and papers filed with a court. *See Foltz v.*
7  *State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower court's
8  sealing of records because there was no "compelling reason to justify sealing" under the protective
9  order). As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is that they
10 "often contain provisions that purport to put the entire litigation under lock and key without regard
11 to the actual requirements of Rule 26(c)." *Kamakana*, 447 F.3d at 1193. Plaintiffs file this
12 administrative motion in order to comply with the Protective Order entered in MDL No. 1917.
13 WHEREFORE, Plaintiffs respectfully submit this administrative motion pursuant to the Protective
14 Order in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917 (Dkt. No. 306) (June
15 18, 2008) and Civil Local Rule 79-5 and hereby notify the parties of their burden to establish that
16 the designated material is sealable.

17 DATED:  August 6, 2015                              Respectfully Submitted,

                                                      /s/ R. Alexander Saveri
                                                      R. Alexander Saveri
                                                      Guido Saveri
                                                      Geoffrey C. Rushing
                                                      Cadio Zirpoli
                                                      Travis L. Manfredi
                                                      SAVERI & SAVERI, INC.
                                                      706 Sansome Street
                                                      San Francisco, CA 94111
                                                      Telephone:    (415) 217-6810
                                                      Facsimile:    (415) 217-6813

                                                      *Lead Counsel for the Direct Purchaser Plaintiffs*