Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>DAPs v SAMSUNG SDI, HITACHI AND<br><br>PANASONIC | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE DIRECT ACTION PLAINTIFFS'**<br>**MOTIONS TO COMPEL SAMSUNG SDI,**<br>**HITACHI AND PANASONIC TO**<br>**AUTHENTICATE DOCUMENTS** |

Certain Direct Action Plaintiffs ("DAPs") move to compel the Samsung SDI, Hitachi and Panasonic defendants to authenticate documents in response to the plaintiffs' First Set of Requests for Admissions.  *See* DAPs' 11/24/14 and 11/26/14 Motions to Compel.[1]  This order addresses the DAPs' motions to compel with respect to the Samsung SDI, Hitachi and Panasonic defendants with each factual background considered independently.

This dispute arises out of the DAPs' First Set of Requests for Admissions served on defendants, which contain requests for admission that documents identified in Exhibit A satisfy requirements of FRE 803(6) and therefore are business records:

**REQUEST FOR ADMISSION NO. 3**:

Separately for each document identified in Exhibit A, Admit that the document was made at or near the time of the event reflected in the document.

**REQUEST FOR ADMISSION NO. 4**:

Separately for each document identified in Exhibit A, Admit that the document was made by someone with knowledge of the contents or event reflected in the document.

**REQUEST FOR ADMISSION NO. 5**:

Separately for each document identified in Exhibit A, Admit that the document was kept in the course of Your regularly conducted business.

**REQUEST FOR ADMISSION NO. 6**:

Separately for each document identified in Exhibit A, Admit that the document was prepared in the regular course of Your business.

**REQUEST FOR ADMISSION NO. 7**:

---

[1] The DAPs request that the Special Master's ruling on their 10/29/14 motion to compel Toshiba to authenticate documents "be applied to Plaintiffs' identical discovery dispute" with the Samsung SDI, Hitachi and Panasonic defendants.  But since the factual backgrounds are different and the DAPs have filed separate letter briefs with exhibits in support of their motions, the undersigned will treat these motions as distinct from the DAPs' motion to compel Toshiba to authenticate documents.

Separately for each document identified in Exhibit A, Admit that the document satisfies Fed. R. Evid. 803(6).[2]

The DAPs negotiated with the Samsung SDI, Hitachi and Panasonic defendants to resolve their concerns regarding the defendants' responses to the DAPs' First Set of Requests for Admissions ("RFAs").  The parties attempted to reach agreements providing that the DAPs would forego filing motions to compel responses to the RFAs from the Samsung SDI, Hitachi and Panasonic defendants in exchange for the defendants' good faith review of certain documents selected by plaintiffs (usually 150 or less) for authenticity and applicability of the business records exception under FRE 803(6) and stipulations regarding the same.

But after seeing the defendants' stipulations, the DAPs assert that they did not receive the benefit of the defendants' good faith review of their documents for applicability of the business records exception of FRE 803(6).  Samsung SDI offered to stipulate that five of its 122 internal documents and nine documents filed with the Securities and Exchange Commission are business records.  DAPs' 11/24/14 Motion at 1; *see also* Samsung SDI's 12/1/14 Opposition at 6.  Hitachi stipulated that none of its 137 internal documents and ten of its documents filed publicly with the Securities and Exchange Commission are business records.  DAPs' 11/24/14 Motion at 1-2 and 7.  And Panasonic has concluded that all but three of its 95 documents that the DAPs selected "do not meet the rule's stringent requirements." Panasonic's 12/5/14 Opposition at 1-2.

In opposition, Samsung SDI, Hitachi and Panasonic contend:

(1) a motion to compel is an improper mechanism for resolving what is an evidentiary dispute rather than a discovery dispute and the Special Master is not authorized to adjudicate what is essentially an evidentiary dispute that should be addressed by the court in the weeks before trial;

---

[2] *See e.g,* Ex 2 to Hitachi's Opposition to Plaintiffs' Motion to Compel (DAPs' and IPPs' First Set of Requests for Admission to Hitachi Defendants); *see also* Ex B to Panasonic's Opposition (Objections and Responses of Panasonic Defendants to DAPs' and IPPs' First Set of Requests for Admission).

(2) the DAPs' motions are improper because (a) the DAPs agreed to forego the right to file a motion to compel on this topic against Samsung SDI, Hitachi and Panasonic and (b) the defendants complied with their obligations to review their own documents for authenticity and business records exceptions and conducted their analyses in good faith;

(3) the DAPs' motions are procedurally improper "joinders" because (a) the Special Master's order stated that a party may not create a motion by mere reference, (b) each of the defendants' disputes with the DAPs on authentication is based on a different set of facts and therefore joinder is inappropriate, and (c) each defendant should not be bound by rulings related to other defendants on different facts;

(4) the DAPs' motions are untimely because they were not filed by the September 12, 2014 deadline for discovery motions; and

(5) the defendants applied FRE 803(6) properly.  *See e g*, Samsung's 12/1/14 Opposition, Hitachi's 11/26/14 Opposition, Panasonic's 12/5/14 Opposition.

I.     **The DAPs' Motions to Compel Are Procedurally Appropriate**

       **A.  The Motions at Issue are Discovery Motions, Not Evidentiary Motions**

       Characterizing the motions at issue here as evidentiary and therefore outside the scope of the Special Master's authority, the defendants contend that the court should rule on these issues later, a few weeks before trial.  But the DAPs' motions at issue here are essentially motions to compel responses to the DAPs' First Set of Requests for Admissions.

       This order focuses on the proper conduct of discovery, namely defendants' answers to the DAPs' requests for admission.  The defendants' answers to the DAPs' Requests for Admissions are not dispositive as to admissibility and relate only to authenticity and the applicability of the business records exceptions as provided for by FRCP 36.  Hence, the present dispute comes plainly within the province of Title V of the Federal Rules governing disclosures

and discovery and the scope of the undersigned's mandate.  Contrary to the defendants'

assertions, the undersigned here addresses a discovery dispute and does not make an

evidentiary ruling.

Courts have recognized the use of FRCP Rule 36 to request admissions regarding

"the genuineness of any described documents," including the respondent's own documents,

their authenticity and characteristics relevant to the business records exception.  *See e g, Little*

*Hocking Water Ass'n, Inc v E I Dupont de Nemours & Co*, 2013 WL 1791083 (SD Oh 2013).

Rule 36 requires that an answering party's denial "must fairly respond to the

substance of the matter" and if the party denies "only a part of a matter, the answer must

specify the part admitted and qualify or deny the rest."  FRCP 36(a)(4).  Rule 36 further allows

an answering party to assert "lack of knowledge or information as a reason for failing to admit

or deny only if the party states that it has made reasonable inquiry and that the information it

knows or can readily obtain is insufficient to enable it to admit or deny."  If an answer does not

comply with Rule 36, a court may order "either that the matter is admitted or an amended

answer be served."  FRCP 36(a)(6).

Based on a careful review of the parties' submissions, it appears to the

undersigned that the defendants have not complied with the requirements of Rule 36 because

they have simply denied that certain of their documents meet the criteria for the business

records exception under FRE 803(6) when they should have admitted in part and denied in part

with respect to each criterion for the business records exception.  Having reviewed the

submissions, the undersigned further finds that defendants have placed the burden on the

DAPs when Rule 36 places the burden on the defendants to make a reasonable inquiry about

each business records exception criterion relating to each of their documents subject to the

DAPs' RFA.  Defendants have thus failed their discovery obligations.

### B.   The DAPs' Motions Are Not Barred by the Parties' Attempted Discovery Agreements

With respect to the defendants' assertion that the DAPs' motions are improper because the DAPs waived their right to file motions to compel, the undersigned does not agree. The DAPs and the defendants negotiated, met and conferred, and sought to reach agreements to resolve their discovery disputes, but have failed to reach agreements due to their failure to agree on applicable legal standards.  It appears to the undersigned that the parties made agreements based on different understandings of the applicable legal standards and therefore, there was no meeting of the minds.  The DAPs and the defendants assert that the other is using "an incorrect understanding of the business records exception."  *See e g*, Hitachi's Opposition at 7; *see also* Samsung SDI's Opposition at 1 ("That litigation adversaries might have different views on what documents satisfy every component of the business records hearsay exception should hardly be surprising"); Panasonic's Motion at 2 ("in contrast to Plaintiffs, Panasonic Defendants applied Rule 803(6) properly").  Due to the failures of agreement, the DAPs have moved to compel proper responses to their requests for admission.

The undersigned finds that the interests of justice and the advancement of fair and transparent discovery would not be served by recognizing discovery agreements based on basic misunderstandings that preclude actual agreement.  Accordingly, the DAPs' motions to compel discovery responses to the DAPs' Requests for Admission are procedurally appropriate.

### C.   The DAPs' Motions Are Not Improper "Joinders"

The Defendants object to the DAPs' 11/24/14 and 11/26/14 motions on the ground that they are improper joinders to the DAPs' 10/29/14 motion against the Toshiba defendants and that Samsung SDI, Hitachi and Panasonic should not be bound by any ruling against Toshiba because these are not "identical discovery dispute[s]."  *See* Samsung SDI's Opposition at 2; Hitachi's Opposition at 7; Panasonic's Opposition at 1, 8.  The undersigned

agrees that each of the DAPs' motions should be resolved on the merits of the facts applicable

to each defendant and that any ruling with respect to the DAPs' motion to compel the Toshiba

defendants should not be automatically applied to Samsung SDI, Hitachi and Panasonic.

But the undersigned disagrees with defendants' attempt to characterize the

DAPs' motions here as inconsistent with the footnote in the undersigned's order regarding the

deposition of SDI's JS Ahn, ECF No 3130:  "an opposition to a discovery motion is not an

appropriate vehicle for raising a separate and distinct discovery motion.  If a party has a

discovery dispute, it should file its own motion and provide a written submission in support."

The DAPs' motions here are separate and distinct discovery motions supported with written

submissions.

The DAPs' motions at issue here shall not be construed as joinders, since they

are independent motions to compel based on facts specific to each of the defendants.


### D.  Timeliness of the DAPs' Motions to Compel

The Samsung SDI defendants assert that the DAPs' motion to compel is untimely

because it was filed "two and a half months after the September 12, 2014 deadline for motions

to compel."  Samsung's Opposition at 2.

Under the Federal Rules of Civil Procedure and the Northern District of California

Local Rule 37-3, an untimely motion to compel may be excused for good cause shown.  Here,

the undersigned finds that the DAPs attempted in good faith to resolve their discovery dispute

with Samsung SDI, Hitachi and Panasonic, but that any purported agreements reached were

based on a misunderstanding about the applicable law of the business records exception of FRE

803(6).  As noted above, it would be inappropriate to require the DAPs to comply with a non-

agreement from which the DAPs did not receive the benefit of their bargain.  Thus, the DAPs'

failure to file their motions to compel before the September 2014 deadline should be excused

for good cause because the DAPs were attempting to resolve their discovery dispute with

defendants without resort to a motion to compel and reasonably believed that the defendants would provide full reasons for their analysis of the business records exception to each of the specified documents.  The undersigned also finds good cause in excusing the DAPs' delay in filing these motions because resolving this dispute will promote discovery and may facilitate proof at trial.  *See e g, Little Hocking Ass'n*, 2013 WL 1791083 at *4-5.

## II.     Whether the Defendants Complied with Applicable Rules

Federal Rule of Civil Procedure 36 governs requests for admissions.  The scope of requests for admissions includes "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: … (B) the genuineness of any described documents."  Thus, by its language, Rule 36 allows requests to admit the genuineness of documents.  Therefore, the defendants' objection that the DAPs seek to switch the burden of proving admissibility to defendants is unpersuasive and incorrect for at least two reasons:  (1) Rule 36 expressly allows for such requests for admission and (2) such admissions do not prove admissibility of any document because defendants reserved their rights to object to admissibility on other grounds.

Rule 36 requires that a "denial must fairly respond to the substance of the matter; when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."  Therefore, because the defendants are under a discovery obligation to respond to the DAPs' requests for admissions, good faith requires that the defendants' responses to the DAPs' Request No 7 must break down the requirements of FRE 803(6) and specify any parts admitted and those denied for each document identified by the DAPs.

Rule 36 also specifies that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if the party states that it has made reasonable inquiry* and that the information it knows or can readily obtain is insufficient to

ORDER RE DAPs' MOTIONS TO COMPEL SAMSUNG SDI, HITACHI AND PANASONIC
TO AUTHENTICATE DOCUMENTS                                          PAGE **8** OF **13**

enable it to admit or deny" (emphasis added).  Thus, the answering party must make reasonable inquiry as to each document that the DAPs have identified, with respect to each of the requirements of the business records exception of FRE 803(6) before it can assert lack of knowledge or information.  The documents at issue were produced by the defendants, who are in the best position to ascertain information regarding each document.  Thus, each defendant must make reasonable inquiry and state that it has done so before it may assert lack of knowledge or information with respect to each aspect of FRE 803(6) as applied to each document identified by the DAPs.  Given the situation bar, it should be insufficient for defendants merely to recite that they have made a reasonable inquiry; defendants should specify the nature and extent of their inquiry.

To the extent defendants fail to comply with the requirements of Rule 36, the undersigned recommends that the court may order either that the matter be admitted or that an amended answer be served, pursuant to Rule 36(a)(6) and that the DAPs may renew their motion later, if necessary.

### A.  Samsung SDI Defendants

On November 6, 2014, Samsung SDI sent a draft stipulation that they were willing to enter after "having reviewed in good faith the revised lists of documents" provided by plaintiffs.  *See* Scarborough Dec, Ex 5.  The draft Samsung SDI stipulation was based on the parties' "wish to cooperate in developing an efficient means of addressing the authenticity and status as business records of certain documents in the above captioned litigation" and their "wish to avoid the costs and burdens of discovery to establish the authenticity and status as business records of documents."  *Id.*  The draft Samsung SDI stipulation agreed not to object to the admissibility of any document:  (1) listed in Exhibit A on the ground that it is not "authentic" under FRE 901 and 902 or that it is not a "duplicate" of the original, as used in FRE 1001(e) and

1003; and (2) listed in Exhibit B on the ground that it is not a business record pursuant to FRE 803(6). *Id.* Exhibit B contained 14 documents.

Based on the parties' submissions, it does not appear that the plaintiffs and the Samsung SDI defendants reached an agreement on resolving the discovery dispute on the adequacy of Samsung SDI's responses to plaintiffs' First Set of Requests for Admission, Request Nos 3-7. The undersigned finds that there is no evidence that the Samsung SDI defendants complied with the requirements of FRCP Rule 36 and they should therefore be required to serve amended answers to the plaintiffs' First Set of Requests for Admission, Requests Nos 3-7 no later than 30 days from the date of this order. The Samsung SDI defendants' response should address each of the 166 documents selected by the DAPs. *See* Samsung SDI's Opposition, Dec 1, 2014 at 4.

## B.  Hitachi Defendants

In an attempt to resolve the discovery dispute regarding Hitachi's responses to plaintiffs' First Set of Requests for Admission, the plaintiffs decreased the number of documents selected from Hitachi's production to 137 internal Hitachi documents and 11 publicly available Hitachi news releases and SEC filings. *See* Ex 4 to Hitachi's Opposition (9/30/14 Gralewski email to Mitchell re Hitachi RFA Compromise). During the course of negotiations, it appears that the DAPs finally selected 155 documents produced by Hitachi for the Hitachi defendants' review and response. *See* Hitachi's Opposition at 2; Ex 4 to Hitachi's Opposition (Revised Exhibit A to DAPs' First Set of Requests for Admission to the Hitachi Defendants). Ultimately, Hitachi offered to stipulate to waiving authenticity objections for 128 documents and hearsay objections for 10 documents and declined to stipulate to any other documents as authentic under Rules 901 or 902 or as business records under Rule 803(6). Hitachi's Opposition at 2.

A review of Hitachi's draft stipulation discloses that it offered to waive:  (1) any objection to the authenticity under FRE 901 and 902 of the documents listed in Exhibit A and (2) any objection to the admissibility on grounds of hearsay of the documents listed in Exhibit B. *See* Ex 6 to Hitachi's Opposition (11/18/14 Draft Hitachi Defendants' Stipulation re Authenticity and Admissibility).  Exhibit A contains a three-page listing of what appears to be Bates-numbered Hitachi documents.  Exhibit B is a list of ten documents, all of which are publicly available on Hitachi or government websites and are either Hitachi press releases or Hitachi official filings with the Securities and Exchange Commission.

Based on the parties submissions, the undersigned finds that Hitachi has failed to establish that it has complied with the requirements of FRCP 36 in responding to the DAPs' First Set of Requests for Admissions, and therefore should serve amended answers to Requests for Admission Nos 3-7, addressing each of the 155 documents selected by the DAPs no later than 30 days from the date of this order.

### C.  Panasonic Defendants

The Panasonic Defendants submitted the Plaintiffs' 8/1/14 First Set of Requests for Admission and Panasonic's 11/7/14 Responses to Plaintiffs' First Set of Requests for Admission.  Ex A and B to Panasonic's Opposition.  Panasonic's Responses to Requests for Admission addressed 94 documents.  In reviewing Panasonic's Responses, the undersigned finds:

(1)      Panasonic's answer to Request for Admission No 3 (admit that the document was made at or near the time of the event reflected in the document) contains a number of bare admissions, admissions that the document has a certain date and bare denials.  For qualified admissions or partial denials, "the answer must specify the part admitted and qualify or deny the rest."  It appears to the undersigned that the admissions that a document has a certain date is not a meaningful admission and that Panasonic should conduct a reasonable inquiry

into why it cannot admit that such a document was made at or near the time of the event reflected in the document.   Any denials for lack of information or knowledge should be accompanied by an assertion that counsel made a reasonable inquiry as is required by FRCP 36(a)(4).  Any blanket denials should "fairly respond to the substance of the matter" and be accompanied by consideration of whether good faith requires qualifying an answer or denying only a part of a matter.

(2)      Panasonic's answer to Request for Admission No 6 (admit that the document was prepared in the regular course of Your business) provides an itemized list for the 94 documents, but denies each one either with a blanket denial or a denial "for lack of information or knowledge sufficient to admit or deny."  This answer also does not comply with the requirements of FRCP 36(a)(4).

(3)      Panasonic's answer to plaintiff's Request for Admission No 7 comprises only a series of objections, does not admit or deny anything and does not provide an itemized response for any of the 94 documents.  This answer does not comply with FRCP 36(a)(4).

(4)      The Panasonic defendants' answers to Requests for Admission Nos 3-7 do not comply with FRCP 36(a)(4).

Accordingly, the Panasonic defendants should serve amended answers to plaintiffs' Requests for Admission Nos 3-7 no later than 30 days from the date of this order. The Panasonic defendants' response shall address each of the 96 documents identified by the DAPs.  *See* Panasonic's Opposition, n 1.

**CONCLUSION**

The DAPs' motions to compel the Samsung SDI, Hitachi and Panasonic defendants to authenticate documents is **GRANTED.**  The parties shall meet and confer to reach agreement on the appropriate legal standard to apply to each aspect of the business records

1   exception of FRE 803(6).  The Samsung SDI, Hitachi and Panasonic defendants shall serve

2   amended answers to the plaintiffs' First Set of Requests for Admissions, Requests for Admission

3   Nos 3-7, with itemized answers for each of the documents identified by plaintiffs and in full

4   compliance with FRCP 36, no later than 30 days from the date of this order.

5

6   IT IS SO ORDERED.

7

8   Date:  August  6, 2015

9   _____

10                        Vaughn R Walker
                 United States District Judge (Ret)

11

12  The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

13  Date:  _____

14

15                       _____

16                        Honorable Samuel Conti
                  United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28  ORDER RE DAPs' MOTIONS TO COMPEL SAMSUNG SDI, HITACHI AND PANASONIC
    TO AUTHENTICATE DOCUMENTS                                     PAGE **13** OF **13**