KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE
Senior Assistant Attorney General
State Bar No. 65819
EMILIO VARANINI
State Bar No. 163952
ESTHER LA
State Bar No. 160706
PAMELA PHAM
State Bar No. 235493
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5607
  Fax:  (415) 703-5480
  E-mail:  Pamela.Pham@doj.ca.gov

*Attorneys for the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| This Documents Relates To:<br><br>ALL ACTIONS | **NOTICE OF MOTION AND MOTION FOR PERMISSIVE INTERVENTION SOLELY FOR THE LIMITED AND COLLATERAL PURPOSE OF SEEKING TO RESTORE PUBLIC ACCESS TO 107 COURT RECORDS THAT THE SAMSUNG SDI DEFENDANTS ASKED TO BE SEALED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: September 25, 2015<br>Time:            10:00 A.M.<br>Courtroom:   One, 17th Floor<br>Judge:           Honorable Samuel Conti |

1

```
```

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 25, 2015 at 10:00 a.m., before the Honorable Samuel Conti, United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 1, 17th Floor, San Francisco, California, nonparty the State of California, *ex rel.* Kamala D. Harris, Attorney General of the State of California ("the State"), representing the public's interest in free and open access to court records, will move this Court, pursuant to Rules 24(b) and 26(c) of the Federal Rules of Civil Procedure ("FRCP"), Civil Local Rule 79-5(g), as well as this Court's Order Nos. 1512, 3498, 3626, and 3795, for an Order:

1. Granting the State permission to intervene in the underlying action for the very limited and collateral purpose of modifying this Court's previous orders designating 107 court records for sealing at the request of the Samsung SDI Defendants ("SDI");
2. Appointing a Special Master to review the 107 court records to be unsealed; and
3. Unsealing and restoring public access those 107 court records.

The State's motion to intervene is based on the provisions for permissive intervention set forth at FRCP Rule 24(b). The accompanying request to unseal court records is based on the federal common law right of access and on FRCP Rule 26(c). In addition, these requests are made pursuant to this Court's Order Nos. 1512, 3498, 3626, and 3795, which all state that "the Court will look favorably upon motions to intervene filed by members of the public who wish to access the sealed documents." Order No. 1512 further states that "[i]f such motions are filed, the Court will not hesitate to appoint a Special Master to review the documents to be unsealed, whose fee shall be paid directly by the party seeking to preserve confidentiality."

The State's motion for permissive intervention and its accompanying request to unseal court records are further supported by this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the accompanying Declaration of Pamela Pham, the accompanying [Proposed] Intervenor State of California's Motion To Unseal And Restore Public Access To 107 Court Records, any further papers filed in support of these requests, the argument of counsel, and all pleadings and records on file in this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Pursuant to this Court's Order Nos. 1512, 3498, 3626, and 3795, as well as Rule 24(b) of the Federal Rules of Civil Procedure ("FRCP"), nonparty the State of California ("the State"), *ex rel.* Kamala D. Harris, Attorney General of the State of California ("the Attorney General""), as the State's Chief Law Officer representing the public's interest in free and open access to court records, respectfully submits this motion to intervene on behalf of members of the public so that they may access the court records in the underlying private Multidistrict Litigation ("MDL"). The State does not wish to become a party to this MDL nor to litigate any claim or defense on the merits in this MDL nor to ask the Court to rule on any additional claims. The requested intervention is solely for the purpose of seeking to modify this Court's prior sealing orders in order to restore the public's right of access to court records and proceedings. "The public interest at issue has a venerable heritage rooted in the need for openness in a democratic society." *See California ex rel. Lockyer v. Safeway, Inc.*, 355 F.Supp.2d 1111, 1124 (2005).

Throughout the course of this MDL, various parties have lodged conditionally under seal hundreds of pleadings and motions as well as their attachments. But those documents contain key information concerning the activities of certain Cathode Ray Tube ("CRTs") companies between 1995 and 2007, and also discuss whether those activities violate federal and state antitrust laws. The defendants have been quick to seek this Court's orders sealing those documents. While this Court has ordered the requested sealing, in four separate omnibus sealing orders, the Court also *sua sponte* reserved the public's right of access and invited members of the public to submit intervention motions to access those sealed documents:

> **ECF No. 1512:** ". . . The Court observes that many of the documents that have been designated as sealable are of less than recent vintage and relate to business practices centered on an obsolete technology. Accordingly, the Court will look favorably upon motions to intervene filed by members of the public who wish to access the sealed documents. If such motions are filed, the Court will not hesitate to appoint a Special Master to review the documents to be unsealed, whose fee shall be paid directly by the party seeking to preserve confidentiality."

In addition, on January 29, 2015, February 25, 2015, and March 24, 2015, the Court issued the following the omnibus sealing orders, respectively:

3

NOTICE OF MOTION AND MOTION FOR PERMISSIVE INTERVENTION TO RESTORE PUBLIC ACCESS
TO 107 SEALED COURT RECORDS                                                      (Master File No. CV-07-5944-SC)

> **ECF No. 3498:** "These documents are voluminous, and the Court simply lacks the capacity to conduct a thorough review of all parties' submissions and their claims of sealability. Accordingly, as the Court has done previously, the motions are GRANTED with the proviso that 'the Court will look favorably upon motions to intervene filed by members of the public who wish to access the sealed documents.' ECF No. 1512, at 1."
>
> **ECF No. 3626:** "As the Court has ordered previously, the motions are GRANTED with the proviso that 'the Court will look favorably upon motions to intervene filed by members of the public who wish to access these sealed documents.' ECF No. 1512, at 1."
>
> **ECF No. 3795:** "As the Court has ordered previously, the motions are GRANTED with the proviso that 'the Court will look favorably upon motions to intervene filed by members of the public who wish to access these sealed documents.' ECF No. 1512, at 1."

Indeed, this intervention motion is being brought on behalf of members of the public so that they may access court records and participate in the administration of justice should they so desire. As the Chief Law Officer of the State of California, the Attorney General is charged not only with enforcing the State's laws but she also must protect the public's interests in all respects, including ensuring that court trials take place under the public eye. *California ex rel. Lockyer v. Safeway, Inc.*, 355 F.Supp.2d 1111, 1124-1125 (2005). The public has a particularly strong interest in seeking to modify the sealing orders in this action because the Samsung SDI Defendants ("SDI") in this action are using this Court's sealing orders also to block public access to key documents in the Attorney General's parallel law enforcement action in state court. "In this country it is a first principle that the people have right to know what is done in their courts." *See In re Shortridge*, 34 P. 227, 99 Cal. 526 (1893). As long as key documents remain sealed in this MDL, the Attorney General's ability to ensure free and open access to the trial of her law enforcement action will be impacted.

Inasmuch as this Court retains the power to modify its sealing orders, the instant motion for permissive intervention is warranted and should be granted. Indeed, the Ninth Circuit widely approves and "permits limited intervention for the purpose of challenging a protective order," such as a sealing order. *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). "The right of access to court documents belongs to the public, and the [parties in the MDL] were in no position to bargain that right away." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d

4

NOTICE OF MOTION AND MOTION FOR PERMISSIVE INTERVENTION TO RESTORE PUBLIC ACCESS
TO 107 SEALED COURT RECORDS                                    (Master File No. CV-07-5944-SC)

1096, 1100 (9th Cir. 1999).

## II. FACTUAL BACKGROUND

While the public should have access to evidence concerning SDI's participation in the CRT price-fixing cartel, they do not because the Samsung SDI Defendants are using this Court's sealing orders to block public access to conspiracy evidence discovered elsewhere as well. For example, in 2011, the California Attorney General filed a civil law enforcement action in state court against the Samsung SDI group and other members of the CRT cartel for engaging in collusive price-fixing activities from 1995 through 2007 in violation of the State's antitrust laws. (Declaration of Pamela Pham ("Pham Decl.") ¶ 3-5.) Except for the Samsung SDI Defendants, all of the defendants in the state action have settled with the California Attorney General. (Pham Decl. ¶ 5.) The State's trial against SDI will commence on July 25, 2016. (Pham Decl. ¶ 5.) In preparation for that trial, the Attorney General has been pressing SDI to permit public access to two of their interrogatory responses as well as to the hundreds of documents listed therein. (Pham Decl. ¶ 5.)

Specifically, the public should have access to SDI's answers to the below questions, which ask these defendants to identify all communications, meetings, and agreements between them and their competitors as well as to identify the documents concerning those communications, meetings, and agreements ("Interrogatory Nos. 4 and 5"):

> Interrogatory No. 4: "Identify each actual or proposed agreement between You and any producer of CRT and/or CRT Products, including the named defendants in this coordinated proceeding, relating to prices, pricing, production or inventory levels of CRT and/or CRT Products during the relevant time period…."
>
> Interrogatory No. 5: "Identify "any meeting or communication between You and other producers of CRT and/or CRT Products during the Relevant Time Period, including the named Defendants in this coordinated proceeding, regarding CRT and/or CRT Product pricing, price increase announcements, terms or conditions of sales, profit margins or market share, production levels, inventory, customers, auctions, reverse auctions, dynamic bidding events, or sales…."

(Pham Decl. ¶ 5.)

Conceivably, answers to Interrogatory Nos. 4 and 5 would establish SDI's culpability in the global CRT price-fixing conspiracy. While SDI did provide substantive responses to these interrogatories, they also have designated those discovery responses and the documents identified

therein as either confidential or highly confidential pursuant to a Stipulated Protective Order, thereby denying public access to this key evidence. (Pham Decl. ¶ 5.) SDI did not stop there, however. Anytime those discovery responses and the documents listed therein were filed with any pleading in this Court, SDI appeared with sealing requests. (Pham Decl. ¶ 4-5, Ex. A.) Indeed, the bulk of these documents have been sealed by this Court. (Pham Decl. ¶ 4-5, Ex. A.)

In June 2014, the Attorney General asked SDI to revisit and remove the confidentiality designations given to the responses to Interrogatory Nos. 4 and 5 and also to the documents listed therein. (Pham Decl. ¶ 6.) To date, SDI agreed to de-designate the confidentiality of sixty-one (61) of those documents. (Pham Decl. ¶ 6.) The public continues to be denied access to SDI's interrogatory responses as well as the hundreds of other documents listed therein.

On February 5, 2015, the Attorney General again asked SDI to de-designate their responses to Interrogatory Nos. 4 and 5. (Pham Decl. ¶ 7.) On February 16, 2015, they responded as follows:

> [W]e do not agree to de-designate the discovery response. Judge Conti has already considered this issue and has repeatedly ordered that these responses be sealed.

(Pham Decl. ¶ 7.)

Thereafter, the Attorney General's Office compiled a list of all the court records that SDI asked this Court to seal and that this Court did order be sealed. (Pham Decl. ¶ 8.) There are 107 such records. (Pham Decl. ¶ 4 and 8, Ex. A.)

## III. ARGUMENT

In this circuit, permissive intervention is the "proper method" for seeking to modify a sealing order. *Beckman*, *supra*, 966 F.2d at 473; *San Jose Mercury News*, *supra*, 187 F.3d at 1100. The State's intervention motion is proper and should be granted.

Generally, permissive intervention under FRCP Rule 24(b) requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman*, *supra*, 966 F.2d at 473 (citing *Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990), *cert. denied*, 112 L. Ed. 2d 673, 111 S. Ct. 681 (1991)). In addition, Rule 24(c) requires that the moving party file an

6

intervention motion "accompanied by a pleading setting forth the claim or defense for which intervention is sought." *Id.* But when intervention is sought solely for the collateral purpose of modifying a protective order, the Ninth Circuit held as follows:

- The first requirement "is not required because intervenors do not seek to litigate a claim on the merits" or "to become parties to the action" or "ask the district to rule on additional claims." *Id.* at 473. "They ask the court only to exercise that power which it already has, *i.e.,* the power to modify the protective order." *Id.*

- With respect to the timeliness requirement, the Ninth Circuit explained that "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News*, *supra*, 187 F.3d at 1100.

- Regarding third requirement, "[t]here is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Beckman*, *supra*, 966 F.2d at 474. Accordingly, a lower court has found that the importance of ensuring free and open access to court records supplies the required nexus for permissive intervention. *See California ex rel. Lockyer*, *supra*, 355 F.Supp.2d at 1124-1125.

- With respect to the Rule 24(c) requirement, the Ninth Circuit reiterated that "Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion," such as when "the petition fully stated the legal and factual grounds for intervention." *Beckman*, *supra*, 966 F.2d at 474.

Based on *Beckman*, *San Jose Mercury News*, and *California ex rel. Lockyer*, the State request's for permissive intervention should be granted for the following reasons:

- The first requirement is met because the State does not wish to become a party to this MDL, litigate any claim or defense on the merits, or ask this Court to rule on any additional claims. (Pham Decl ¶ 3.)

- The second requirement is met because the State timely filed this motion within only a few months of after becoming apprised of SDI's reliance on this Court's sealing orders

7

1       to deny public access to certain documents in the State's action.  (Pham Decl ¶ 5-8.)

2   • The third requirement is met because there is a sufficiently strong nexus between the
3       state action and this MDL in that in order for the State to ensure free and open access
4       to its upcoming trial against SDI in state court, where the State intends to admit into
5       evidence certain documents produced by SDI, this Court's sealing orders pertaining to
6       those documents must necessarily be modified.  *See Beckman*, *supra*, 966 F.2d at 474
7       ["the importance of access to documents prepared for similar litigation involving the
8       same parties satisfied the commonality requirement" because "[t]he issue of
9       interpretation of the policy supplies a sufficiently strong nexus between the district
10      court action and the state actions."].

11  • The last requirement, as set forth in Rule 24(c), is also met here because the
12      accompanying [Proposed] Intervenor's Motion To Unseal And Restore Public Access
13      To 107 Court Records fully states the legal and factual grounds for intervention.

## IV. CONCLUSION

For the reasons stated above, the Court should grant this intervention motion.

Dated:  August 12, 2015                                 Respectfully submitted,

                                                        KAMALA D. HARRIS
                                                        Attorney General of California

                                                         _____/s/ Pamela Pham_____
                                                        PAMELA PHAM
                                                        Deputy Attorney General
                                                        *Attorneys for the State of California*

8

NOTICE OF MOTION AND MOTION FOR PERMISSIVE INTERVENTION TO RESTORE PUBLIC ACCESS
TO 107 SEALED COURT RECORDS                                    (Master File No. CV-07-5944-SC)