KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE
Senior Assistant Attorney General
State Bar No. 65819
EMILIO VARANINI
State Bar No. 163952
ESTHER LA
State Bar No. 160706
PAMELA PHAM
State Bar No. 235493
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5607
 Fax:  (415) 703-5480
 E-mail:  Pamela.Pham@doj.ca.gov

*Attorneys for the State of California et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,<br><br>This Documents Relates To:<br><br>ALL ACTIONS | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**INTERVENOR THE STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO RESTORE PUBLIC ACCESS TO 107 COURT RECORDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: TBD<br>Time:         TBD<br>Courtroom:    One, 17th Floor<br>Judge:        Honorable Samuel Conti |

1

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at a date, time, and location to be determined by the Court upon granting permissive intervention to the State of California, *ex rel.* Kamala D. Harris, Attorney General of the State of California ("the State"), the State will move this Court, pursuant to the federal common law right of access, Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), Civil Local Rule 79-5(g), and this Court's Order Nos. 1512, 3498, 3626, and 3795, for an Order unsealing and restoring public access to 107 court records that this Court previously designated for sealing at the request of the Samsung SDI Defendants ("SDI").

The State's motion to restore public access to court records is supported by this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the accompanying Declaration of Pamela Pham, any further papers filed in support of these requests, the argument of counsel, and all pleadings and records on file in this matter.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

Pursuant to this Court's Order permitting the State of California ("the State"), *ex rel.* Kamala D. Harris, Attorney General of the State of California ("the Attorney General""), to intervene in this action to access sealed documents on behalf of members of the public, the State respectfully submits this motion for an order restoring public access to 107 court records that this Court previously designated for sealing at the request of the Samsung SDI Defendants ("SDI"). The 107 documents to be unsealed are identified in demonstrative chart attached as Exhibit A to the Declaration of Pamela Pham.

While these documents were ordered sealed, they were only sealed in the interest of judicial economy:

> These documents are voluminous, and the Court simply lacks the capacity to conduct a thorough review of all parties' submissions and their claims of sealability. Accordingly, as the Court has done previously, the motions are GRANTED with the proviso that 'the Court will look favorably upon motions to intervene filed by members of the public who wish to access the sealed documents.'

ECF No. 3498; *see also* ECF Nos. 3626 and 3795. In addition, the Court noted that the basis for sealing these documents appears lacking:

> This review requires the Court and its limited staff to sift through thousands of pages of documents. The Court observes that many of the documents that have been designated as sealable are of less than recent vintage and relate to business practices centered on an obsolete technology. Accordingly, the Court will look favorably upon motions to intervene filed by members of the public who wish to access the sealed documents. If such motions are filed, the Court will not hesitate to appoint a Special Master to review the documents to be unsealed, whose fee shall be paid directly by the party seeking to preserve confidentiality.

ECF No. 1512.

The 107 records in question should be unsealed because the proponents of sealing, namely the Samsung SDI Defendants, failed to satisfy this circuit's sealing requirements and because none of these records actually contains sealable information. The defendants in this action should not be to permitted to hide behind a sealing order for the purpose of saving face.

## II. LAW AND POLICY SUPPORT UNSEALING THE 107 RECORDS AT ISSUE

### A. This Circuit's Standard for Sealing Judicial Records

"In this circuit, we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). This is because "[i]n this country it is a first principle that the people have right to know what is done in their courts." *See California ex rel. Lockyer*, 355 F.Supp.2d 1111, 1125 (2005) (quoting *In re Shortridge*, 34 P. 227, 99 Cal. 526 (1893)). This strong presumption in favor of access extends from the federal common law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Hagestad*, *supra,* 49 F.3d at 1434 (expressly recognizing the right of access to pretrial documents filed in civil trials); *Phillips v. GMC*, 307 F.3d 1206, 1210 (9th Cir. 2002) (recognizing also the right of access "to litigation documents and information produced during discovery . . . ."). This "strong presumption in favor of access" can only be "overcome by sufficiently important countervailing interests." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

Proponents of sealing judicial records have a heavy burden to bear. They must "articulate" with specificity the countervailing interests sufficient to override the public's right of access to judicial records. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135). In other words, they bear the burden "of showing that specific prejudice or harm will result" from public disclosure. *Id.*; *see also San Jose Mercury News*, *supra*, 187 F.3d at 1102 ("particularized showing" is required). Moreover, they must do so by "provid[ing] specific demonstrations of fact, supported where possibly by affidavits and concrete examples, rather than broad conclusory allegations of potential harm." *Foltz*, *supra*, 331 F.3d at 1130. With respect to the required showing of prejudice or harm resulting from disclosure, this circuit requires that the proponent "allege specific prejudice or harm now." *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). This must done "for each particular document" they seek to seal." *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test" for sealing documents. *Id.* This is

because a sealing order must be based on "articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad*, *supra,* 49 F.3d at 1434.  Courts have unsealed records on the basis "we would have to speculate" the harm, where the sealing request "requires us to make an impermissibly long chain of inferences based on conjecture that is otherwise unsupported by the facts in the records." *See California ex rel. Lockyer*, *supra*, 355 F.Supp.2d at 1117 ("We decline to engage in such speculation.")

**B.     The Sealing Requirements Have Not Been Satisfied For Continued Sealing**

Here, the Samsung SDI Defendants were most active in asserting confidentiality claims over the 107 documents in question.  SDI submitted over 50 requests to seal and bar public access to these documents.  But none of SDI's sealing requests is companied by the required "specific demonstrations of fact, supported where possibly by affidavits and concrete examples" of prejudice or harm resulting from public disclosure such that the strong presumption of right of access to judicial records could be overcome. (Pham Decl. ¶ {}, Ex. A, identifying the following sealing requests made by SDI:  ECF Nos. 1076, 1394, 1495, 1680, 1715, 1847, 1921, 2036, 2226, 2287, 2296, 2337, 2345, 2357, 2364, 2393, 2394, 2413, 2526, 2624, 2813, 2980, 3063, 3168, 3186, 3291, 3292, 3293, 3294, 3295, 3296, 3297, 3298, 3300, 3301, 3302, 3303, 3303, 3304, 3305, 3306, 3408, 3413, 3414, 3453, 3519, 3560, 3564, 3569, 3575, 3610, 3714, 3766, 3773, and 3822).  Instead, they contain only broad allegations and conclusory statements concerning potential harm. (*Id.*)  Below is a sampling of those broad allegations:

- "I am informed and believe that disclosure of [this information] would irreparably harm the Samsung SDI Defendants if disclosed to the public."  ECF No. 1076.
- "[A] substantial probability exists that the Samsung SDI Defendants would be competitively harmed if the materials were publicly disclosed."  ECF No. 1394.
- "I am informed and believe that public disclosure of [this information] presents a risk of undermining SDI's business relationships, causing SDI harm with respect to its competitors and customers, and/or competitively disadvantage SDI."  ECF Nos. 2980-1 and 3298.
- "Upon information and belief, disclosure of this information would risk undermining

5

1    SDI's business relationships and would place SDI at a competitive disadvantage."
2    ECF No. 3714.

3  - "[P]ublic disclosure would likely harm SDI with respect to its competitors and
4    customers, and would put SDI at a competitive disadvantage." ECF No. 3822.

5    Every one of SDI's sealing requests contains similarly conclusory statements that
6  irreparable harm would result from public disclosure of its allegedly confidential data.  Not once
7  has SDI "alleged specific or harm now."   SDI's filings all require this Court to impermissibly
8  speculate exactly what harm will result from public disclosure of the 107 judicial records in
9  question.  This Court should decline to do so and instead unseal the 107 records in question.

10       **C.       None Of The Records At Issue Actually Contains Confidential Information**

11    SDI's own descriptions of the allegedly confidential information contained in the sealed
12  documents further support the need to unseal them:

13    First, the Samsung SDI Defendants claim that the sealed records all contain information
14  that they "treat" as confidential or highly confidential and that they have taken measures to
15  protect such information from disclosure.  *See* ECF Nos. 1076, 1394, 1495, 1680, 1715, 1847,
16  1921, 2036, 2226, 2287, 2296, 2337, 2345, 2357, 2364, 2393, 2394, 2413, 2526, 2624, 2813,
17  2980, 3063, 3168, 3186, 3291, 3292, 3293, 3294, 3295, 3296, 3297, 3298, 3300, 3301, 3302,
18  3303, 3303, 3304, 3305, 3306, 3408, 3413, 3414, 3453, 3519, 3560, 3564, 3569, 3575, 3610,
19  3714, 3766, 3773, and 3822.  But the required explanation concerning the continued usefulness of
20  the information they seek to protect and the safeguards they have put in place to protect such
21  information are tellingly missing from each and every affidavit submitted by SDI.  *See California*
22  *ex rel. Lockyer*, *supra*, 355 F.Supp.2d at 1116-1120 (requiring specification of the "continued
23  usefulness" of the information to be sealed and assurance it not "already known" to
24  "competitors").

25    Second, regarding the content of the sealed records, SDI make the following claims:
26  - Two records describe private information belong to SDI's employees (Pham Decl. ¶
27    {}, Ex. A, Nos. 56 and 57)
28  - Fifty-three records describe information concerning SDI's CRTs business, including

6

1           SDI's annual sales, corporate governance, management structure, and credit
2           guarantees (Pham Decl. ¶ {}, Ex. A, Nos. 1-53 and 57);
3   • Two records describe information produced by the Thomson Defendants and that the
4           produced information reveal allegedly confidential information concerning SDI's CRT
5           business (Pham Decl. ¶ {}, Ex. A, Nos. 54-55);
6   • Fifty records describe information that SDI designated confidential or highly
7           confidential pursuant to the Stipulated Protective Order entered in this action (Pham
8           Decl. ¶ {}, Ex. A, Nos. 58-107).

    Except for allegedly private personnel information, none of the other categories of information can be considered confidential. Regarding the private information of SDI's employees, "[s]imply redacting the identifying information of third parties (e.g., their names, addresses, telephone numbers, and social security numbers) from these records and disclosing the remaining information would not injure the third parties." *See Foltz*, *supra*, 331 F.3d at 1135.

    Turning to SDI's CRT business information that SDI produced and that the Thomson Defendants produced (Pham Decl. ¶ {}, Ex. A, Nos. 1-55 and 57), presumably that is nothing more than stale business information from 1995-2007, i.e., the relevant time period of the underlying action, concerning an allegedly obsolete technology. The courts have ruled there is little to no harm in disclosing stale information. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F.Supp. 866, 891 (1981) (a claim of competitive disadvantage "might be undermined if the information sought to be protected were stale."); *see also In re Coordinated Pretrial Proceedings in Petroleum Product Antitrust Litig.*, 101 F.R.D. 34, 44 (C.D. Cal. 1984) (in a price-fixing action involving an international oil cartel, business information dating back 10 years old or more was stale and had little or no competitive value); *United States v. Int'l Bus. Mach. Corp.*, 67 F.R.D. 40 (S.D.N.Y. 1975) (business information two to fifteen years old was not entitled to continued to protection because "[n]one of the data is current" and "reveals [] little, if anything," about the operations of the party seeking sealing).

    In any event, since SDI's CRT information has already been disclosed to competitors, as set forth in SDI's responses to two interrogatories (*see* Pham Decl. ¶ {} and {}, Ex. A, No. 37

concerning ECF Nos. 1056, 1057, 1527-1533, 1730, 1731, 1835, 2327, 2328, 2339, 2340, 2378, 2968, 2969, 3243, 3244, 3271, 3281, 3286, and 3287), there is no good reason to continue barring public access to such information.  It is well-settled that information exchange amongst competitor extinguishes confidentiality.  *See Ruckelhaus v. Monanto Co.*, 467 U.S. 986, 1002 (1984) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished."); s*ee also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983) (information shared with competitors cannot be confidential); *see also In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 304 (2002) (disclosure to a third party "is fatal to the existence of a trade secret") (citing *Ruckelhaus v. Monanto Co.*, 467 U.S. 986, 1002 (1984).  Thus, such distribution extinguishes any claim that the documents contain business secrets.  Accordingly, Defendants are unable to make a continued showing of good cause justifying modification of the protective order.

Regarding the remaining fifty records that SDI designated confidential or highly confidential pursuant to the Stipulated Protective Order in this action (Pham Decl. ¶ {}, Ex. A, Nos. 58-107), the Stipulated Protective Order states that the Order itself "does not confer blanket protections" and "creates no entitlement to file confidential information under seal." ECF No. 306, at 1.  Thus, simply describing the information as having been designated as confidential under the Stipulated Protective Order is no basis for sealing.  *See Foltz, supra*, 331 F.3d at 1137 (proponents of sealing cannot rely on a blanket protective order obtained "without making a particularized showing of good cause with respect to any individual document")

Because SDI failed to satisfy the requirements for sealing the aforementioned 107 judicial records, this Court should unseal and restore public access to those records.

### D.      Public Policy Also Strongly Favors Unsealing The Judicial Records At Issue

"[T]he public has an interest in learning of the factual and legal contentions" underpinning this MDL as well as in the State's law enforcement action against the Samsung SDI Defendants. *See In re Petroleum*, 101 F.R.D. at 38–39 (acknowledging the public interest in an open trial in a price-fixing case due to economic harm caused the public).  Moreover, the State intends to host

an open trial in which the public may learn of the collusive conduct of the CRTs companies in these matters. Justice Oliver Wendell Holmes once observed:

> It is desirable that the trial of [civil] causes should take place under the public eye, not because the controversies of one citizen with another are of public concern, but because it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed.

*Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884).

### III.  CONCLUSION

For the reasons stated above, the Court should grant this motion to unseal and restore public access to the 107 judicial records identified in Exhibit A to the Pham Declaration.

Dated:  August 12, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California


_____/s/ Pamela Pham_____
PAMELA PHAM
Deputy Attorney General
*Attorneys for the State of California*