Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>STATE OF CALIFORNIA v SAMSUNG SDI CO, LTD, No 11-515784 | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE SAMSUNG SDI'S MOTION TO ENFORCE SCHEDULING ORDERS AND STRIKE CALIFORNIA ATTORNEY GENERAL'S SUPPLEMENTAL EXPERT REPORT** |

The decision on this motion is one committed to the sound discretion of the court. *See Yeti by Molly, Ltd v Deckers Outdoor Corp*, 259 F3d 1101, 1106 (9th Cir 2001) (discovery sanction under Rule 37(c )(1) involving exclusion of expert testimony for late disclosure is reviewed for abuse of discretion and given "wide latitude").  If the action to which this motion relates were pending in this court, the court could grant or deny the motion, confident that it would be acting within its discretion.  As explained herein, substantial grounds would warrant granting Samsung SDI's motion.  The Discovery Protocol upon which Samsung SDI[1] relies is one with which the California Attorney General ("California AG") voluntarily consented to comply in return for the benefit of coordinating her discovery with that of the parties proceeding in federal court.  Having obtained the benefit of that coordination, it would be well within the court's discretion to hold the California AG to the limitations and deadlines of the Discovery Protocol and scheduling orders in this case.  A contrary decision, however, would hardly abuse the court's discretion.  The supplemental expert report that the California AG has served addresses new matter (although it is questionable whether this new matter should not have been anticipated or really changes things) and any surprise or prejudice to Samsung SDI could be addressed by a further deposition of Dr Comanor, the California AG's expert, and a further submission by Samsung SDI's expert.

In any event, however, this court will not be making the final and decisive call on the issue at bar.  That decision rests with the superior court in which the California AG's action is pending.[2]  Hence, this court's decision on the present motion would be advisory and while possibly persuasive, hardly binding on the superior court judge.  The undersigned thus recommends that the court take no action on this motion, unless the state court judge indicates

---

[1] "Samsung SDI" includes all Samsung SDI defendants.

[2] *See* Manual for Cooperation Between State and Federal Courts, Federal Judicial Center (1997) at 26 ("in the context of joint proceedings in multijurisdictional litigation, it is entirely appropriate for federal judges to defer to the judgment and expertise of their state court peers.").

that it would be helpful to have this court's further guidance on interpretation of the Discovery Protocol and scheduling orders in this MDL. To explain this recommendation – and possibly to assist the state court judge – the undersigned describes the parties' position and arguments.

At issue is the Samsung SDI Defendants' motion for an order enforcing the court's scheduling orders striking the Supplemental Expert Report of William S Comanor ("supplemental expert report") served by the California AG and precluding the California AG[3] from offering into evidence the information in the supplemental expert report. Samsung SDI contends that the California AG served the supplemental expert report more than six months after the applicable multi-district litigation ("MDL") deadline, without leave of court, and therefore violated this court's scheduling orders and the disclosure requirements of FRCP 26(a)(2). Samsung SDI further asserts that the report is not substantially justified because it is based on information the California AG knew of or should have anticipated before the close of the MDL discovery and that Samsung SDI will be severely prejudiced by having to take further expert discovery and present a rebuttal expert report.

The California AG opposes on the grounds that: (1) the California AG's case is pending in California superior court where discovery continues notwithstanding the passage of the federal MDL discovery deadline (September 2014), (2) the California AG agreed to coordinate discovery with MDL litigation "solely to simplify discovery and avoid duplication where the [California AG's] state court case overlapped with the MDL litigation"; (3) this court's Discovery Protocol (ECF No 1128) acknowledges that the California AG may seek state court discovery in state court; and (4) even if the supplemental expert report is governed by the discovery procedures laid down by this court (Discovery Protocol and scheduling orders), the

---

[3] The California AG represents the California plaintiffs, including for example, the State of California, the People of the State of California, ex rel Kamala D Harris, Attorney General of the State of California, as *parens patriae* on behalf of natural persons residing in the state; Sacramento County and other California state plaintiffs.

supplemental expert report is (a) substantially justified because it was based on new evidence available after the close of discovery in the MDL litigation and is harmless and (b) not prejudicial to Samsung SDI because the state court trial is not set to start until July 25, 2016, both parties have been "vigorously pursuing state court discovery," and the California AG has offered to make Dr Comanor available for deposition on the issues in his supplemental expert report well in advance of the state court trial.

**I.**

In November 2011, the California AG filed her action in San Francisco Superior Court. *State of California v Samsung SDI Co, Ltd*, No CGC-11-515784. *See* ECF No 2205. Thereafter, the California AG stipulated to participate in this MDL for purposes of discovery and settlement. *Id,* ECF No 2272.

On April 3, 2012, this court issued its Order re Discovery and Case Management Protocol (ECF No 1128, "Discovery Protocol"), which contains a section (XV) on coordination of discovery. While the Discovery Protocol requires coordination of discovery "in all actions transferred to this MDL proceeding," it also recognizes the California AG's state court action is a "substantially similar case not part of this proceeding"[4] and contemplates additional discovery occurring in the state court action.[5] Moreover, the Discovery Protocol specifically preserves defenses and rights not specifically addressed: "Any Party's agreement to and appearance on this stipulation does not constitute a waiver of any defense or right not specifically addressed."[6]

---

[4] ECF No 1128 at 13-14.

[5] *Id* at 12-13 ("the California Attorney General shall have the right to take additional depositions of those witnesses who have asserted the Fifth Amendment, even if those witnesses have not revoked that assertion, if she chooses to grant compulsory immunity. * * * Any such depositions, or any objections to said depositions, shall be handled under the auspices of the state court rather than in these proceedings").

[6] *Id* at 19.

On January 17, 2014, the California AG signed a stipulation filed in this multi-district litigation stating that its "state court action is coordinated with this action for purposes only of fact and expert discovery" and agreeing with Defendants to modify the expert discovery schedule. ECF No 2332 at 1. The schedule provided new deadlines for the California AG "to serve opening expert reports on the merits" and "opposition expert reports on affirmative defenses" and new deadlines for the Defendants "to serve opening expert reports on affirmative defenses" and "opposition expert reports on the merits." *Id* at 2.

On March 21, 2014, the California AG joined in a stipulation with the Individual Purchaser Plaintiffs, the Direct Action Plaintiffs and the Defendants in this MDL to modify the schedules for expert reports, stating that it "joins in this stipulation, but only insofar as it concerns the close of fact and expert discovery on Defendants and the date of expert reports." ECF No 2459 at 2, n 1.

On October 10, 2014, the California AG entered into another Stipulation and Order regarding expert reports in this MDL, setting the last day for the California AG to serve rebuttal expert reports to September 26, 2014 and to serve backup material accompanying the report on October 1, 2014. ECF No 2910 at 1.

On January 16, 2015, one of the Samsung SDI defendants served its First Set of Special Interrogatories in the state court proceedings on the California AG, requesting identification of evidence supporting claims for penalties and restitution. Varanini Dec, Ex 2.

On February 13, 2015, another of the Samsung SDI defendants served its First Set of Special Interrogatories in the state court proceedings on the California AG, requesting the evidence in support of claims for injunctive relief. Varanini Dec, Ex 3.

On March 24, 2015, Judge Curtis Karnow, presiding over the state court proceedings, heard oral argument and said "next time we get together, we are going to want to sort of think through when expert discovery is going to be done." Varanini Dec, Ex 6 at 45. At the hearing, the California AG informed Judge Karnow that she would offer "a supplemental

expert report on liability to cover the EC opinion and what the implications of that are for liability purposes" and "a supplemental report on civil penalties and restitution as well as one particular aspect of injunctive relief, which is disgorgement of profits." *Id* at 45-46.  The California AG asserted that "expert discovery should be completed by the fall." *Id*.  Counsel for Samsung SDI expressed the view that expert discovery had already closed in the state court proceeding "based on the federal MDL scheduling order as well as statements by counsel." *Id* at 47.  Judge Karnow said "I don't have an opinion on that today," but "[w]hen we see each other next time, we will know exactly where we are in expert discovery, and we'll be able to tee up [California Evidence Code section] 402 hearings [preliminary determinations on admissibility] to test those opinions that you think ought to be tested before we get to trial." *Id* at 47-48.  The next case management conference in the state court proceeding is scheduled for August 21, 2015. *Id* at 49.

The state court trial is scheduled for July 25, 2016.  *See* California AG's Opposition at 5.

## II.

### A. Whether the California AG's Supplemental Expert Report Is Untimely and in Violation of this Court's Discovery and Scheduling Orders

The issue is essentially whether the California AG's supplemental expert report of Dr Comanor is untimely in light of this court's scheduling orders on discovery and deadlines for serving expert reports in this case and should be stricken.

While the California AG did agree to join in this multi-district litigation for purposes of discovery and settlement,  the undersigned would find that:  (1) the Discovery Protocol recognizes that the purpose of a State Attorney General joining in a federal antitrust MDL is to conduct discovery more efficiently by avoiding duplicative discovery, not to prevent

state court discovery[7] and (2) the California AG did not waive her rights to conduct discovery in the state court proceeding on matters relating to the California AG's state court action, including issues arising from California state law.[8]

According to the Discovery Protocol, coordination is required for all actions "transferred to this MDL proceeding," but the California AG's state court action remains a separate proceeding that has not be transferred to the Northern District of California MDL No 1917. ECF No 1128 at 13-14. Moreover, the Discovery Protocol prohibits duplicative discovery but allows parties to conduct their independent, non-duplicative discovery. The benefit is that all discovery is produced to all parties to the Discovery Protocol. And with respect to the California AG, the Discovery Protocol recognizes that her case is "separate" and will have occasion to conduct discovery outside of this MDL. *See* ECF 1128 at 12-13. For example, the Discovery Protocol notes that certain depositions involving the California AG involving issues unique to her case "shall be handled under the auspices of the state court rather than in these proceedings." *Id.* Thus, the undersigned interprets the Discovery Protocol as allowing the California AG to pursue her discovery involving issues of state law or other issues unique to her case, either in the MDL or under the auspices of the state court, at her discretion. Whether the California AG's option to conduct discovery in the state court is trumped by her agreement in the Discovery Protocol is best decided by a state judicial officer rather than this court.

The supplemental expert report apparently addresses civil penalties and injunctive relief, including disgorgement under California state law, issues that are not relevant to the federal court actions in the MDL. Because the supplemental expert report raises issues

---

[7] The Discovery Protocol required coordination of all actions <u>transferred to the MDL</u>, noted that the California AG's case is "substantially similar" but "not part of this proceeding" and recognized that the California AG could conduct discovery in the state court. *See* ECF No 1128 at 12-14.

[8] *See* Discovery Protocol (ECF No 1128) at 19 ("Any Party's agreement to and appearance on this stipulation does not constitute a waiver of any defense or right not specifically addressed").

that are not duplicative of the discovery and expert reports in the MDL, it should be governed by the state court discovery schedule and not the federal court MDL schedule.  Notably, the Samsung SDI defendants propounded discovery on the California AG in the state court action as recently as January and February 2015, well after this court's discovery deadlines.  Striking the California AG's supplemental expert report on state court issues when expert discovery is still open in the state court action would be an unduly harsh result not required by this court's Discovery Protocol or scheduling orders.  Since this involves a matter that is actively pursued by the parties in the state court action and the state court judge intends to address the issue at the August 21, 2015 case management conference, the undersigned finds that the issue is best addressed in the state court where the California AG's case against Samsung SDI will be tried.

### B. Whether the Supplemental Expert Report is "Substantially Justified or Harmless"

Even if the California AG's supplemental expert report were governed by the MDL expert report deadlines and were considered untimely (which it is not), the undersigned would find that the delayed service should be excused because it was "substantially justified or harmless" under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

The Ninth Circuit grants wide latitude to a district court's discretion to issue sanctions under Rule 37(c)(1) and has noted the Advisory Committee Notes describing the Rule as a "self-executing," "automatic" sanction to provide a strong inducement for disclosure.  *See Yeti by Molly, Ltd v Deckers Outdoor Corp*, 259 F3d 1101, 1106 (9th Cir 2001) (affirmed district court's exclusion of expert report disclosed two years after close of expert discovery and 28 days before trial).  But the failure to disclose may be excused if "substantially justified or harmless."  FRCP 37(c) (1).

Here, the California AG's supplemental expert report would be substantially justified because:  (1) it relates to state court claims for civil penalties, injunctive relief,

restitution and disgorgement of profits as a part of injunctive relief under the Cartwright Act and is responsive to Samsung SDI's interrogatories served after the close of discovery in the MDL; and (2) it is based on new evidence not available at the time of the MDL discovery cutoff – a provisional European Commission decision addressing Samsung SDI's involvement in the CRT conspiracy, issued on December 23, 2014 and four depositions of Thomson witnesses in March 2015. While the Samsung SDI defendants contend that the California AG knew of the underlying information contained in the issued European Commission decision, the final non-confidential decision was not published until after October 15, 2014, due to certain parties asserting claims to confidentiality of business secrets and thus delaying publication. *See* Varanini Dec, Ex 4, ECF 2919-2 (October 15, 2014 letter from European Commission to the California AG at 3-4). With respect to the new deposition testimony of four Thomson defendant witnesses in March 2015, Samsung SDI does not contest that it is new evidence discovered after the deadline for close of expert reports in the MDL. Because the Samsung SDI defendants were afforded an opportunity to propound interrogatories in the state court action after the MDL discovery deadline had passed and the supplemental report is based on new evidence that became available only after the MDL expert report deadline, the undersigned would find that any delay in the California AG's supplemental expert report was substantially justified.

The undersigned further would find that any delay in serving the supplemental expert report is harmless and not prejudicial because: (1) the state court trial date is set for next year, on July 25, 2016, (2) months ago, the California AG offered to make Dr Comanor available for a deposition on his supplemental expert report, giving Samsung SDI an opportunity to cure any prejudice by taking Dr Comanor's deposition, and (3) Samsung SDI has had months since the April 13, 2015 Comanor supplemental expert report was served to prepare for and take an additional expert deposition and then decide whether to file a motion *in limine* before the state court judge. The Samsung SDI defendants complain of the additional costs of

preparing for and taking an additional expert deposition, a matter that can also be addressed by the state court judge.

**CONCLUSION**

Samsung SDI's motion to strike the supplemental expert report by the California AG's expert, Dr Comanor, should be **DENIED** without prejudice in deference to whatever action is taken in the state court action.

IT IS SO ORDERED.

Date:  August 12, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge