Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

***Attorneys for Defendants Thomson SA and
Thomson Consumer Electronics, Inc.***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to: | **THOMSON DEFENDANTS' EMERGENCY MOTION TO STAY SPECIAL MASTER'S RECOMMENDED ORDER RE RULE 30(b)(6) DEPOSITION** |
| *Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;* | |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-05261;* | JUDGE: Hon. Samuel Conti<br>DATE: TBD<br>TIME: TBD<br>COURTROOM: One, 17th Floor |
| *Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;* | |
| *Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;* | |
| *Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;* | |
| *Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;* | |
| *P.C. Richard & Son Long Island* | |

1    *Corporation, et al. v. Technicolor SA, et al.,*
2    *No. 31:cv-05725;*

3    *Schultze Agency Services, LLC, o/b/o*
     *Tweeter Opco, LLC, et al. v. Technicolor SA,*
4    *Ltd., et al., No. 13-cv-05668;*

5    *Sears, Roebuck and Co. and Kmart Corp. v.*
     *Technicolor SA, No. 3:13-cv-05262;*
6
7    *Target Corp. v. Technicolor SA, et al., No.*
     *13-cv-05686;*
8
     *Tech Data Corp., et al. v. Hitachi, Ltd., et*
9    *al., No. 13-cv-00157;*

10   *Sharp Electronics Corp., et al. v. Hitachi,*
     *Ltd., et. al., No. 13-cv-01173;*
11
12   *ViewSonic Corporation v. Chunghwa Corp.,*
     *et al., No. 14-cv-02510.*
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THOMSON DEFENDANTS' EMERGENCY                    No. 07-5944-SC; MDL No. 1917
MOTION TO STAY SPECIAL MASTER'S
RECOMMENDED ORDER

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

NOTICE OF MOTION AND MOTION TO STAY ....................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

I.      STATEMENT OF THE ISSUE .................................................................................... 1

II.     INTRODUCTION ......................................................................................................... 1

III.    ARGUMENT ................................................................................................................. 4

      A.      Thomson has a substantial case for relief on the merits ........................... 4

      B.      Thomson will be irreparably injured absent a stay. ............................... 7

      C.      The plaintiffs would not be harmed by the entry of a stay ...................... 8

      D.      The public interest strongly favors a stay. ............................................ 8

IV.     CONCLUSION .............................................................................................................. 9

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

*Admiral Ins. Co. v. United States Dist. Ct. for the Dist. of Ariz*
    881 F.2d 1486 (9th Cir. 1989) ............................................................... 2, 4, 7

*Bauman v. United States Dist. Ct.*
    557 F.2d 650 (9th Cir. 1977) ...................................................................... 8

*Hernandez v. Tanninen*
    604 F.3d 1095 (9th Cir. 2010) ................................................................... 8

*Hickman v. Taylor*
    329 U.S. 495 (1947) ........................................................................... 2, 6, 9

*Hilton v. Braunskill*
    481 U.S. 770 (1987) .................................................................................. 4

*In re Ampicillin Antitrust Litig.*
    81 F.R.D. 377 (D.D.C. 1978) ................................................................... 5

*In re Convergent Techs. Second Half 1984 Sec. Litig.*
    122 F.R.D. 555 (N.D. Cal. 1988) ............................................................ 3

*In re Kellogg Brown & Root, Inc.*
    756 F.3d 754 (D.C. Cir. 2014), *cert. denied* ........................................... 7

*In re Sealed Case*
    856 F.2d 268 (D.C. Cir. 1988) ................................................................. 3

*Judicial Watch, Inc. v. Dep't of Justice*
    432 F.3d 366 (D.C. Cir. 2005) ................................................................. 6

*Kintera, Inc. v. Convio, Inc.*
    219 F.R.D. 503 (S.D. Cal. 2003) ............................................................. 5

*Lair v. Bullock*
    697 F.3d 1200 (9th Cir. 2012) ................................................................. 4

*Leiva–Perez v. Holder*
    640 F.3d 962 (9th Cir. 2011) (per curiam) .............................................. 4

*Louisiana Pacific Corp. v. Money Market 1 Institutional Investment Dealer*
    285 F.R.D. 481 (N.D. Cal. 2012) ............................................................ 7

*Mohawk Indus., Inc. v. Carpenter*
    558 U.S. 100 (2009) .............................................................................. 7, 8

*Nken v. Holder*
    556 U.S. 418 (2009) ................................................................ 4, 8

*Pac. Fisheries, Inc. v. United States*
    539 F.3d 1143 (9th Cir. 2008) ................................................ 6

*Perry v. Schwarzenegger*
    591 F.3d 1147 (9th Cir. 2010) ............................................ 4, 8

*Republic of Ecuador v. Mackay*
    742 F.3d 860 (9th Cir. 2014) .................................................. 2

*Robinson v. Tex. Auto. Dealers Ass'n*
    214 F.R.D. 432 (E.D. Tex. 2003), *vacated in part*, 2003 WL 21911333 (5th Cir. July 25, 2003) ................................................................................... 5

*United States v. Rakes*
    136 F.3d 1 (1st Cir. 1998) ........................................................ 6

*United States v. Rowe*
    96 F.3d 1294 (9th Cir. 1996) ................................................... 3

*Upjohn Co. v. United States*
    449 U.S. 383 (1981) ...................................................... passim

**RULES**

Fed. R. Civ. P. 72 ......................................................... 2, 4, 7

Rule 26 .............................................................................. 2

Rule 30(b)(6) .............................................................. 1, 2, 7

**OTHER AUTHORITIES**

Paul R. Rice, *Attorney-Client Privilege: Continuing Confusion about Attorney Communications, Drafts, Pre-existing Documents, and the Source of the Facts Communicated*, 48 AM. U. L. REV. 967, 980-86 (1999) ............................ 5

**<u>NOTICE OF MOTION AND MOTION TO STAY</u>**

TO THE COURT, THE CLERK, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that as soon as this matter may be heard before the Honorable Samuel P. Conti, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, the moving Defendant listed on the signature page below will and hereby does move this Court for an Order staying the Special Master's July 22, 2015 Order to produce a Rule 30(b)(6) witness prepared to testify on matters subject to protection under the attorney-client privilege or attorney work product doctrine.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**I.      STATEMENT OF THE ISSUE**

Whether the Court should stay any effect of the Special Master's Recommended Order that the Thomson Defendants produce a Rule 30(b)(6) witness to testify regarding privileged matters, including the identities of employees interviewed by outside counsel and other details of those interviews, pending resolution of the matter by this Court and, if necessary, the Court of Appeals.

**II.      INTRODUCTION**

When the Department of Justice and its European counterpart launched an investigation into the cathode ray tube industry, Thomson Consumer Electronics, Inc. and Thomson SA (together, "Thomson"), which made cathode ray tubes, launched their own internal investigation into the allegations.  At the direction of management, Thomson's counsel interviewed several employees, both then-current and former, and subsequently drafted memoranda based on those interviews.  "If [these memoranda] reveal communications"—and they do—"they are, in this

case, protected by the attorney–client privilege." *Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981).  No showing of need can overcome the attorney-client privilege.  *Admiral Ins. Co. v. United States Dist. Ct. for the Dist. of Ariz.,* 881 F.2d 1486, 1494–95 (9th Cir. 1989).  "To the extent [the memoranda] do not reveal communications"—and there are parts of the memoranda that do not—"they reveal the attorneys' mental processes in evaluating the communications," which is opinion work product.  *Upjohn*, 449 U.S. at 401.  "As Rule 26 and *Hickman v. Taylor*, 329 U.S. 495 (1947), make clear, such work product cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship."  *Id*. (full case citation added).  Indeed, opinion work product is "virtually undiscoverable," *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 n.3 (9th Cir. 2014) (internal quotation marks and citation omitted), and plaintiffs have made no attempt to explain why this is one of the rare instances in which disclosure would be required.  Regardless of how one looks at it, the entire contents of the interview memoranda are simply not discoverable.

Plaintiffs have not claimed otherwise; they do not ask for the memoranda.  They do, however, ask for a deposition "about" the memoranda, and the Special Master has obliged their request.  In a July 22 Recommended Order, which is currently before this Court on review, the Special Master ordered Thomson to prepare a corporate witness to testify "no later than August 31, 2015" about certain details of the interviews, including the names of the interviewees.  (*See* Recommended Order re DAPs' Motion to Compel Rule 30(b)(6) Testimony of Thomson Defendants ("Recommended Order"), [Dkt. 3943]); Fed. R. Civ. P. 72. Equally troubling, the Special Master is currently reviewing the interview memoranda in camera to determine whether "the underlying facts" can be separated from "the privileged communications," such that the 30(b)(6) witness may be required to testify about the factual contents of the interviews. (Recommended Order at 7.)

It is unquestionably true that information in the possession of corporate employees is not privileged simply because it is contained in a communication to corporate counsel.  It is also entirely bedside the point.  The issue here is not whether plaintiffs' counsel have a right to learn

"the underlying facts"; they do and they have by deposing knowledgeable individuals, including certain of the interviewees.  The issue, rather, is whether plaintiffs' counsel have a right to discover "the underlying facts" in a particular form, here, through a 30(b)(6) deposition "about" the contents of the interviews.  "It makes little sense to protect the actual files from disclosure while forcing [a defendant] to testify about their contents."  *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988).  The public interest in safeguarding the integrity of a company's attorney-conducted internal investigation is the same either way.  For "the [attorney-client] privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of *information* to the lawyer to enable him to give sound and informed advice."  *Upjohn*, 449 U.S. at 390 (emphasis added).  Fact-finding that pertains to legal advice is privileged.  *United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996).  Whether "the facts" are given over to plaintiffs in the form of the interview memoranda or a deposition about the interview memoranda makes no difference; plaintiffs will still be receiving privileged information.

Forcing a corporate witness to testify "about" the interviews, as plaintiffs have requested, just as forcing the corporation to disclose the interview memoranda themselves, would either discourage lawyers from asking witnesses what they recall or encourage lawyers to interlace their interview memoranda with non-factual matter, either opinions and speculations by the witness or theories by the attorney.  "A rule that pressured lawyers in either of these directions would fundamentally disserve the truth finding process."  *In re Convergent Techs. Second Half 1984 Sec. Litig.*, 122 F.R.D. 555, 558 (N.D. Cal. 1988).  It would also routinely require courts to review interview notes in camera to segregate the purported factual components of notes from their purported non-factual components.  "All of this would make the work product doctrine a considerably greater source of difficulty for the bar and for the judiciary than it already is."  *Id*.

The Court should therefore stay the Special Master's Recommended Order pending a final ruling on the plaintiffs' motion to compel.[1]  The deposition should not go forward before this

---

[1] By requesting this relief, Thomson does not concede that the Special Master's Recommended Order has any binding effect pending the resolution of Thomson's July 31, 2015

1    Court, and if need be, the Ninth Circuit, has an opportunity to correct the Special Master's error.

2                                   III.    ARGUMENT

3            A complete statement of the background can be found in the papers that Thomson has

4    already filed with the Court.   (*See* Thomson Defendants' Objections to Special Master's

5    Recommended Order, [Dkt. 3943].)  We thus go directly to the main issue—the propriety of a

6    stay.

7            Currently pending before the Court are Thomson's Objections to the Special Master's

8    Recommended Order.  *Id*.  Given that Rule 72 objections are in the nature of an appeal, Thomson

9    is effectively seeking a stay pending appeal.  Stays pending appeal are of course a matter of

10   judicial discretion.  *Nken v. Holder,* 556 U.S. 418, 433 (2009).  Four factors are to guide this

11   discretion: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed

12   on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether

13   issuance of the stay will substantially injure the other parties interested in the proceeding; and (4)

14   where the public interest lies.'"  *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776

15   (1987)).  The party requesting a stay bears the burden of showing that the circumstances justify a

16   stay.  *Id.* at 433–34; *accord Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).  The Ninth

17   Circuit has previously stayed cases involving discovery disputes over the disclosure of privileged

18   information.  *See, e.g.*, *Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010)*; Admiral*,

19   881 F.2d at 1489.  A stay is likewise warranted here.

20   **A.      Thomson has a substantial case for relief on the merits.**

21           To meet the first factor, whether the petitioner has made a strong showing that it is likely

22   to succeed on the merits, a petitioner need not show that "'it is more likely than not that they will

23   win on the merits,'" but only that it has a "'substantial case for relief on the merits.'"  *Lair*, 697

24   F.3d at 1204 (quoting *Leiva–Perez v. Holder,* 640 F.3d 962, 966, 968 (9th Cir. 2011) (per

25   curiam)).  Thomson's objections to the Special Master's Recommended Order establish that

26   ────────────────────────────────

27   Objection.  Because the Court may not rule on that Objection before the Special Master's August
     31, 2015 deadline, however, Thomson files this emergency motion to clarify its obligations.

28

Thomson does indeed have a substantial case for relief on the merits, *see* [Dkt. 3943], and so, to avoid repetition, we will not go over all of the same ground here.

Suffice it to say, under existing Supreme Court doctrine, the attorney-client privilege protects "the giving of information" in confidence by corporate employees to corporate counsel in the course of an internal investigation. *Upjohn*, 449 U.S. at 390. Therefore, while the client's knowledge of Facts A, B, and C is not privileged, the client cannot be required to reveal the fact that she communicated Facts A, B, and C to the corporate attorney. *See id*. at 395-96; Paul R. Rice, *Attorney-Client Privilege: Continuing Confusion about Attorney Communications, Drafts, Pre-existing Documents, and the Source of the Facts Communicated*, 48 Am. U. L. Rev. 967, 980-86 (1999). The client may be asked "what do you know about A, B, and C?" but she may not be asked "what did you say to the corporate attorney about A, B, and C?" *See id*. And this is true whether Facts A, B, and C are themselves confidential or not; for it is the *communication* that must be confidential for the privilege to apply, not the facts contained in the communication. *See id*.; *see also In re Ampicillin Antitrust Litig.*, 81 F.R.D. 377, 389 (D.D.C. 1978) ("[I]t is not necessary that the information be confidential for the privilege to apply.").

Plaintiffs did not move just to compel Thomson's 30(b)(6) witness to testify about "the facts." They moved to compel Thomson's 30(b)(6) witness to testify "about . . . all facts *discussed during each interview*" and "contained *in the [interview] memoranda*." (Mot. to Compel, [Dkt. 3943-2], at 7 (emphasis added); *see also* Recommended Order at 2.) Accordingly, if the Special Master orders Thomson's 30(b)(6) witness to review the interview memoranda, so as to be able to testify "about" the "facts" in those memoranda, when that witness answers questions about those "facts," she will of necessity have to disclose the very fact of a privileged communication—indeed, the fact of many privileged communications involving 16 different witnesses on any number of different topics. For "'revealing that a communication contained [a particular] fact discloses the substance of the communication . . . .'" *Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 511 (S.D. Cal. 2003) (quoting *Robinson v. Tex. Auto. Dealers Ass'n*, 214 F.R.D. 432, 448 (E.D. Tex. 2003), *vacated in part*, 2003 WL 21911333 (5th Cir. July 25, 2003)). "What

did you learn from the interviews about Facts A, B, and C?" is a question both about the underling facts *and* the fact that the underlying facts were communicated to counsel.  In this way, and under these particular circumstances, the facts and the work product that contain the facts are the very same thing; the two cannot be segregated from each other.  *Cf. Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) (factual contents of work product is itself work product and need not be disclosed pursuant to a FOIA request); *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 371 (D.C. Cir. 2005) (same).

This is why forcing an attorney to disclose memoranda of witness statements is so disfavored: "because it tends to reveal the attorney's mental processes."  *Upjohn*, 449 U.S. at 399. Even when an attorney's recollection about an interview is perfect, his statement about that interview is "permeated with his inferences."  *Hickman*, 329 U.S. at 516-17 (Jackson, J., concurring).  The concern about revealing an attorney's mental processes is no less when an opposing party seeks testimony "about" the attorney's interview statements.

Plaintiffs have been free to question knowledgeable witnesses about the facts, and they've done just that, deposing 10 current or former Thomson employees, including certain of the interviewees.  But what they are not free to do is to depose a 30(b)(6) witness about the fact that the individuals Thomson's counsel chose to interview related certain underlying facts to counsel in their interviews.  That is akin to deposing the attorney who conducted the interviews, because the only way the 30(b)(6) witness can testify about "all facts discussed during each interview" and "contained in the [interview] memoranda," Mot. to Compel. at 7, is if she reviews the attorney-created memoranda.  "Where an attorney knows facts only because they were confidentially communicated by the client, the [plaintiffs] cannot circumvent the privilege by asking the attorney about 'the facts.'" *United States v. Rakes*, 136 F.3d 1, 4 n.4 (1st Cir. 1998) (citing *Upjohn*, 449 U.S. at 395).  If plaintiffs' counsel cannot ask corporate counsel, "what did the witness say about Facts A, B, and C?" then surely plaintiffs' counsel cannot ask a 30(b)(6) witness, in effect, "what did corporate counsel say in his memorandum about what the client said about Facts A, B, and C?"  Or, "did you learn any new facts from reviewing the interview

1    memoranda that you did not disclose during the last 30(b)(6) deposition?" Yet, that is the sum

2    and substance of what the Special Master is considering ordering, and that is serious error. [2]

3    **B.    Thomson will be irreparably injured absent a stay.**

4          The second factor, whether the petitioner will be damaged irreparably without a stay, is

5    also satisfied. Thomson has objected to the Special Master's ruling, as is its right. Fed. R. Civ. P.

6    72. The purpose of its objection is to prevent the disclosure of privileged communications and

7    protected work product. If Thomson is forced to produce a 30(b)(6) witness for deposition before

8    the Court rules on its objections, however, Thomson's right to object to the Special Master's

9    ruling will be meaningless and any relief this Court might order will come too late. The cat will

10   be out of the bag. *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. 2014), *cert.*

11   *denied*.

12         The Ninth Circuit has concluded that a party would likely suffer "irreparable harm" if that

13   party were "erroneously required to disclose privileged materials or communications . . . ."

14   *Admiral*, 881 F.2d at 1491. Although the Supreme Court has since held that "postjudgment

15   appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-

16   client privilege," *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009), the Court also has

17   observed that other "discretionary review mechanisms," including writs of mandamus, remain

18   available "for promptly correcting serious errors." *Id.* at 608. One of the factors the Ninth

19   _____

20   [2] To be clear, under no circumstances should Thomson be compelled to testify as
     Plaintiffs have requested, but Thomson also should not be required to testify regarding any
21   "facts" contained in the interview memoranda that are inaccurate, unsupported, or contradicted by
     the evidence. To the extent such situations exist, those interview note statements simply do not
22   reflect "facts." The purpose of a Rule 30(b)(6) deposition "is to provide the entity's interpretation
     of events and documents." *Louisiana Pacific Corp. v. Money Market 1 Institutional Investment*
23   *Dealer, et al.,* No. C 09-03529 JSW, 285 F.R.D. 481, 487 (N.D. Cal. 2012).  A Rule 30(b)(6)
     deposition is, therefore, different than the deposition of an individual, because the Rule 30(b)(6)
24   designee is testifying about the "corporation's positions" based on its synthesis of a broad range
     of evidence and its positions may differ from the testimony provided by an individual employee.
25   *Id.* (emphasizing distinction between Rule 30(b)(6) and individual depositions). Thus, Thomson
     should not be required to adopt or testify about "facts" contained in privileged and protected
26   interview memoranda that are inaccurate and thus not its corporate position.

27

28

1    Circuit considers when deciding whether to grant a writ of mandamus is "whether the petitioner

2    will be damaged or prejudiced in any way not correctable on appeal," which is just an irreparable-

3    harm analysis by another name. *Bauman v. United States Dist. Ct.,* 557 F.2d 650, 654, 657 (9th

4    Cir. 1977).  Since the Supreme Court's decision in *Mohawk*, the Ninth Circuit has granted writs

5    of mandamus, and thus has found there would be irreparable harm absent a writ, in at least two

6    cases that involved discovery orders containing serious errors. *See Hernandez v. Tanninen*, 604

7    F.3d 1095 (9th Cir. 2010); *Perry*, 591 F.3d 1147.

8           This case likewise presents an order that contains serious errors.  The Special Master has

9    not ordered Thomson to turn over just a couple of pieces of privileged information.  So far he has

10   ordered Thomson, through its 30(b)(6) witness, to identify every witness Thomson's counsel

11   interviewed, along with the dates of their interviews and the names of everyone who attended the

12   interviews.  Worse, the Special Master is now considering ordering that same 30(b)(6) witness to

13   be prepared to reveal the fact of every communication each witness made during his or her

14   interview.  The sheer breadth of the privileged information that may be subject to disclosure is

15   startling.  The mere possibility of such an intrusive examination undermines the expectation of

16   both counsel and client that the interviews and resulting memoranda would be shielded from

17   disclosure both in form and substance—an expectation rooted in longstanding Supreme Court

18   precedent.  This would be irreparable harm.

19   **C.      The plaintiffs would not be harmed by the entry of a stay.**

20          The last two factors of the test require the Court to weigh the public interest against the

21   harm to the opposing party.  *Nken,* 556 U.S. at 435.  Here, trial dates have not been set, but we

22   know that the first trial will not start until at least after the first of the year.  There is thus ample

23   time for this matter to be reviewed.  Plaintiffs filed their motion to compel in January.  They will

24   be no worse off in the interim if they have to wait a little while longer to get a final ruling on this

25   important issue.

26   **D.      The public interest strongly favors a stay.**

27          The final factor is where the public interest lies.  Here it lies in favor of protecting against

28

THOMSON DEFENDANTS' EMERGENCY                    8                    No. 07-5944-SC; MDL No. 1917
MOTION TO STAY SPECIAL MASTER'S
RECOMMENDED ORDER

1    the unwarranted disclosure of privileged and protected information.

2         The purpose of the attorney-client privilege "is to encourage full and frank

3    communication between attorneys and their clients and thereby promote broader public interests

4    in the observance of law and administration of justice.  The privilege recognizes that sound legal

5    advice or advocacy serves public ends and that such advice or advocacy depends upon the

6    lawyer's being fully informed by the client." *Upjohn*, 449 U.S. at 389.  The work product doctrine

7    serves much the same purpose. "[I]t is essential," the Supreme Court has said, "that a lawyer

8    work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and

9    their counsel." *Hickman*, 329 U.S. at 510.  Absent this privacy, "much of what is now put down

10   in writing would remain unwritten," which would "inevitably" lead to "[i]nefficiency, unfairness

11   and sharp practices," both in the giving of legal advice and in the preparation of cases for trial.

12   *Id.* at 511.  "The effect on the legal profession would be demoralizing.   And the interests of the

13   clients and the cause of justice would be poorly served." *Id.*

14        These interests strongly favor a stay, especially when balanced against the meager interest

15   plaintiffs have in taking the 30(b)(6) deposition by the end of the month.  The deposition can

16   wait.  The "broad public interests in the observance of law and administration of justice" cannot.

17                          **IV.    CONCLUSION**

18        Thomson respectfully requests that the Court stay the Special Master's July 22

19   Recommended Order and all subsequent related orders pending final resolution of plaintiffs'

20   motion to compel.

21

22

23

24

25

26

27

28

1

2 Dated:  August 13, 2015      Respectfully submitted,

3              FAEGRE BAKER DANIELS LLP

4              By: /s/ Kathy L. Osborn

5              Kathy L. Osborn (*pro hac vice*)
             Ryan M. Hurley (*pro hac vice*)

6              Faegre Baker Daniels LLP
             300 N. Meridian Street, Suite 2700

7              Indianapolis, IN  46204
             Telephone: (317) 237-0300

8              Facsimile: (317) 237-1000
             kathy.osborn@FaegreBD.com

9              ryan.hurley@FaegreBD.com

10              Jeffrey S. Roberts (*pro hac vice*)
             Faegre Baker Daniels LLP

11              3200 Wells Fargo Center
             1700 Lincoln Street

12              Denver, CO  80203
             Telephone: (303) 607-3500

13              Facsimile:  (303) 607-3600
             jeff.roberts@FaegreBD.com

14

15              Stephen M. Judge (*pro hac vice*)
             Faegre Baker Daniels LLP

16              202 S. Michigan Street, Suite 1400
             South Bend, IN  46601

17              Telephone: +1 574-234-4149
             Facsimile:  +1 574-239-1900

18              steve.judge@FaegreBd.com

19              Calvin L. Litsey (SBN 289659)
             Faegre Baker Daniels LLP

20              1950 University Avenue, Suite 450
             East Palo Alto, CA  94303-2279

21              Telephone: (650) 324-6700
             Facsimile: (650) 324-6701

22              calvin.litsey@FaegreBD.com

23              *Attorneys for Defendants Thomson SA and*
             *Thomson Consumer Electronics, Inc.*

24

25

26

27

28