# Exhibit C

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
415.434.9100 main
415.434.3947 fax
www.sheppardmullin.com

415.774.3208 direct
tcunningham@sheppardmullin.com

File Number:  08Z8-134298

January 26, 2015

**VIA E-MAIL AND HAND DELIVERY**

Hon. Vaughn R. Walker (Ret.)
Law Office - Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111-2228
E-Mail: Jay.weil@fedarb.com

Re:     *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-CV-5944, MDL No. 1917
        (N.D. Cal.): Defendants' Motion to Compel DAPs to Produce Settlement Agreements

Dear Judge Walker:

I write on behalf of Defendants[1] to respectfully request an order compelling Direct Action Plaintiffs ("DAPs")[2] to produce all settlement agreements concerning the claims that they assert in their complaints.

Defendants need these settlement agreements to determine the extent of their potential liability, set off any damages award, and test witness credibility and bias.  Perhaps more importantly, without these agreements Defendants cannot accurately assess the risk of

---

[1] The moving Defendants are LG Electronics, Inc.; Mitsubishi Electric Corporation; Mitsubishi Electric U.S., Inc.; Mitsubishi Electric Visual Solutions America, Inc.; Panasonic Corporation; Panasonic Corporation of North America; Koninklijke Philips N.V.; Philips Electronics North America Corporation; Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; Thomson SA; Thomson Consumer Electronics, Inc.; Toshiba America Information Systems, Inc. and Toshiba America Electronic Components, Inc.

[2] "DAPs" are ABC Appliance, Inc., d/b/a ABC Warehouse ("ABC Warehouse"); Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc. ("Best Buy"); CompuCom Systems, Inc. ("CompuCom"); Costco Wholesale Corporation ("Costco"); Circuit City Trust ("Circuit City"); Dell Inc. and Dell Products L.P. ("Dell"); Electrograph Systems, Inc. and Electrograph Technologies Corp. ("Electrograph"); Interbond Corporation of America ("Interbond"); Kmart Corp. ("Kmart"); MARTA Cooperative of America, Inc. ("MARTA"); Office Depot, Inc. ("Office Depot"); P.C. Richard & Son Long Island Corporation ("P.C. Richard"); Sears, Roebuck & Co. ("Sears"); Sharp Electronics Corp. and Sharp Electronics Manufacturing Company of America, Inc. ("Sharp"); Target Corp. ("Target"); Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC ("Tweeter"); and Viewsonic Corporation ("Viewsonic").

**Sheppard**Mullin

Hon. Vaughn R. Walker (Ret.)
January 26, 2015
Page 2

proceeding to trial.  DAPs' refusal to produce them thus stands as an obstacle to settlement.  Courts, including many within this district, routinely cite each of these factors in ordering production of settlement agreements.  Moreover, DAPs can provide no valid reason for their refusal to produce these agreements, nor can they identify any real prejudice or burden that would result from their production.

1.     <u>Background</u>

During the fact discovery period, Defendants served document requests on each of the DAPs at issue, seeking settlement agreements.  Some DAPs[3] were asked to produce "All settlement agreements between YOU and any other PERSON RELATED TO any of the claims asserted in the COMPLAINT."  Exs.[4] A to G, Request Nos. 3 or 4.  The remaining DAPs[5] were asked to produce "All Documents relating to the negotiation or interpretation of any … contract [or] agreement … between You and any Defendant relating to CRTs and CRT Products …."  Exs. H to O, Request No. 7.  All DAPs objected, Exs. A to O, and refused to produce settlement agreements.

In May 2014, Defendant Toshiba America Information Systems moved to compel DAPs ABC Warehouse, MARTA and P.C. Richard to produce their settlement agreements.  The Special Master referred the issue to the Court, which placed the motion on its own docket and ordered briefing.  Order Withdrawing Reference to Special Master of Toshiba's Motion to Compel (MDL Dkt. No. 2566).  All DAPs opposed the motion, arguing that production of settlement agreements was "inappropriate at this stage of the litigation" and that any motion to compel settlement agreements should be denied "until the time of trial."  *See* P.C. Richard & Son Long Island Corp.'s, MARTA Cooperative of Am., Inc.'s, and ABC Appliance, Inc.'s Opp. to Toshiba Am. Info. Sys., Inc.'s Mot. to Compel Production of Settlement Agreements (MDL Dkt. No. 2627) ("Opposition"), at 1-2.  The Court denied the motion, finding that it lacked jurisdiction over the dispute because there were no responsive settlement agreements to compel.  Order Denying Toshiba Am. Info. Sys., Inc.'s Mot. to Compel (MDL Dkt. No. 2717).  The Court acknowledged that it would likely revisit the issue, and specifically allowed that Toshiba "may refile" its motion "[s]hould Plaintiffs enter into a Settlement …."  *Id.* at 3.

DAPs have since entered into several settlements, prompting Defendants to renew the request for production.  Ex. P.  DAPs have declined to produce any agreements.  The parties met and conferred, but failed to reach any agreement.  Cunningham Decl. ¶ 19.  Defendants proposed a compromise, whereby DAPs would provide written information about the settlements – including parties, amounts, and whether the agreement contained a cooperation provision – without producing the agreements themselves.  Ex. Q.  DAPs did not respond.

---

[3] ABC Warehouse, Costco, Dell, Electrograph, MARTA, Office Depot, P.C. Richard, Sharp and Tweeter.

[4] All references to "Ex." are exhibits to the Declaration of Tyler M. Cunningham ("Cunningham Decl."), submitted concurrently.

[5] Best Buy, CompuCom, Circuit City, Interbond, Kmart, Sears, Target and Viewsonic.

**Sheppard**Mullin

Hon. Vaughn R. Walker (Ret.)
January 26, 2015
Page 3

2. <u>**Argument**</u>

a. <u>**Relevant standard for granting a motion to compel discovery.**</u>

A party has a right to discover "any nonprivileged matter that is relevant to any party's claim or defense …."  Fed. R. Civ. P. 26(b)(1).  In addition, "for good cause the court may order discovery of any matter relevant to the subject matter involved in the action."  *Id.*  The Ninth Circuit "favors broad discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth."  *Vondersaar v. Starbucks Corp.*, 2013 WL 1915746, at *3-4 (N.D. Cal. May 8, 2013) (internal quotations omitted).  "The party opposing discovery bears the burden of resisting disclosure."  *Ujhelyi v. Vilsack*, 2014 U.S. Dist. LEXIS 142087, at *10 (N.D. Cal. Oct. 6, 2014).

b. <u>**DAPs' settlement agreements are relevant to DAPs' claimed damages, Defendants' setoff defense, and witness credibility.**</u>

DAPs' settlement agreements are relevant, *inter alia,* to DAPs' claimed damages and Defendants' defenses related to duplicative recovery and setoff.  Where, as here, settlement amounts must be deducted from any award, courts have found the agreements themselves to be relevant and discoverable.  *See, e.g., Davis v. Prison Health Serv.,* 2011 WL 3353874, at *10 (N.D. Cal. Aug. 3, 2011) (granting motion to compel settlement agreement, finding it relevant to setoff); *Del Monte Fresh Produce B.V. v. ACE Am. Ins. Co.*, 2002 WL 34702176, at *3-4 (S.D. Fla. Sept. 4, 2002) (recommending that the court compel production of settlement agreements because such agreements were relevant to defendant's "double recovery" defense); *Bennett v. La Pere*, 112 F.R.D. 136, 138 (D.R.I. 1986) (granting motion to compel, finding settlement agreement relevant to setoff defense of alleged joint tortfeasor); *see also Atmel Corp. v. Authentec Inc.*, 2008 WL 276393, at *1-2 (N.D. Cal. Jan. 31, 2008) (ordering production of settlement agreements because they are relevant to damages).

To the extent that these settlement agreements contain cooperation provisions, they are also relevant to show potential witness bias.  This is another factor frequently cited in ordering discovery of settlement agreements.  *See, e.g., Davis,* 2011 WL 335874 at * 10; *Bennett*, 112 F.R.D. at 139.  Indeed, the Federal Rules of Evidence expressly state that settlement agreements may be admissible to prove bias. Fed. R. Evid. 408(b).

In their opposition to Toshiba's earlier motion, DAPs acknowledged that settlements could be relevant to both offset and witness bias.  *See* Opposition, at 2-3.

c. <u>**Production of settlement agreements would promote further settlement, providing good cause for their disclosure.**</u>

Production of settlement agreements would also facilitate further settlement by enabling Defendants to evaluate DAPs' claims, calculate potential damages, and assess the risk of proceeding to trial.  Without pretrial production, only DAPs could accurately make these calculations, giving them an "(unfair) tactical advantage" and leaving Defendants "needlessly blindfolded."  *Bennett*, 112 F.R.D. at 140-141.  This uneven playing field hinders settlement.

**Sheppard**Mullin

Hon. Vaughn R. Walker (Ret.)
January 26, 2015
Page 4

Pretrial production of settlement agreements therefore furthers the fundamental goal of discovery, "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute[s]."  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *see also* Fed. R. Civ. P. 1 (Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action ….").

This judicial interest in fairness and promoting settlement provides good cause to order pretrial discovery of settlement agreements.  Fed. R. Civ. P. 26(b)(1).  In the *LCD* litigation, for example, Special Master Martin Quinn ordered Best Buy to produce settlement agreements, finding good cause to do so because the "fairness and the desirability of promoting settlements will be enhanced if non-settling defendants are able to calculate the amount of offsets and, hence, their potential liability ….."  Special Master's Order re Hannstar Display Corporation's Motion to Compel Best Buy to Respond Further to Document Request No. 45, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Feb. 15, 2012) (Ex. R), at 4.  The Special Master reasoned that this advantage outweighed any disadvantage to Best Buy in future settlement negotiations, and that Best Buy's reliance on confidentiality provisions of the agreements was not controlling.  *Id.*  Judge Illston affirmed, also finding good cause to produce the settlement agreements and no prejudice to Best Buy in their disclosure.  Order Overruling Best Buy's Objection to Special Master's Order Granting Hannstar Display Corp.'s Motion to Compel, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. April 4, 2012) (Ex. S).

The *LCD* Special Master consistently applied this rationale to order other plaintiffs to produce settlement agreements.  *See, e.g.*, Special Master's Order Re Motions of LG Display and Sharp to Compel Various Plaintiffs to Produce Settlement Agreements, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Sept. 28, 2012) (Ex. T); Special Master's Order Re Defendants' Motion to Compel Costco to Produce Settlement Agreement, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Feb. 13, 2013) (Ex. U).

Other courts have also found that disclosure of settlement materials facilitates further settlement, and have compelled production as a result.  *See, e.g., Phoenix Solutions, Inc. v. Wells Fargo Bank*, 254 F.R.D. 568, 582 (N.D. Cal. 2008) (ordering plaintiff to produce communications regarding settlement negotiations with third parties where production "could help [defendant] ascertain the extent of its liability [and] formulate an appropriate litigation strategy."); *Bennett*, 112 F.R.D. at 140 ("the fundamental fairness of assuring that the plaintiffs and the remaining defendant will approach the bargaining table armed with the same knowledge of the earlier (completed) settlement surely tips the scales" in favor of discovery of settlement agreements).

Like DAPs here, plaintiffs in each of these cases argued that production of settlement agreements would somehow discourage future settlement.  In each case, the court rejected the argument.  The *Bennett* court found the argument "wrongheaded," given that the alternative to settlement would be a full-blown, public trial.  *Id.*  "Moreover, to the extent that some conceivable disincentive to settlement could be conjured up from the availability of disclosure, that drawback is substantially outweighed by the assistance which full divulgence of the terms of relevant settlements among the parties will likely afford in the negotiation process."  *Id.*; *see also*

**Sheppard**Mullin

Hon. Vaughn R. Walker (Ret.)
January 26, 2015
Page 5

Ex. S, at 2 ("Nor does the Court agree with Best Buy's representations that disclosure will inhibit settlement across this MDL."); *Phoenix Solutions*, 254 F.R.D. at 585.

        d.      **DAPs provide no valid reason for their refusal to comply with Defendants' requests.**

       Some DAPs objected to disclosure based on Rule 408 of the Federal Rules of Evidence, but that rule governs *admissibility* of settlement agreements, not their *disclosure*.  Indeed, by providing that settlement agreements are admissible for some purposes, the rule presupposes that they are discoverable in some circumstances.  Fed. R. Evid. 408(b).  Accordingly, several courts within this district have held that Rule 408 presents no bar to discovery of settlement agreements.  *See, e.g.*, *Vondersaar*, 2013 WL 1915746, at *3  (Rule 408 does not bar discovery of settlement agreements); *Phoenix Solutions*, 254 F.R.D. at 584 ("Rule 408 does not warrant protecting settlement negotiations from discovery."); *Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, 2007 WL 963975, at *3 (N.D. Cal. March 30, 2007) ("The inescapable conclusion is that a privilege against disclosure cannot be found in Rule 408.").

       DAPs have also expressed concern about confidential material in these settlement agreements.  But any such concerns are resolved by the Stipulated Protective Order, which limits the extent to which parties may disclose confidential information.  Confidentiality concerns provide no reason to resist production.  *See Davis*, 2011 WL 3353874, at *10 ("The fact that the parties themselves agreed to hold the settlement confidential does not override the remaining defendants' interests in obtaining relevant evidence."); *Bennett*, 112 F.R.D. at 140 (confidentiality concerns "cannot be allowed to bar the nonsettling defendant's right to inquire into the settlement").

       Finally, DAPs have indicated that they intend to argue that Defendants waived their right to compel settlement agreements by waiting until after the discovery cut-off.  But Toshiba first moved to compel settlement agreements *before* the cut-off.  DAPs argued then that the motion was premature.  *See* Opposition, at 1 (production of settlement agreements "would be inappropriate *at this stage of the litigation* …..") (emphasis added); *id.* at 2 (motion to compel settlement agreements is "appropriately denied … until the time of trial.").  Having argued that a pre-cutoff motion was premature, DAPs cannot now complain that Defendants' post-cutoff motion is too late.

       Moreover, the Special Master may enforce discovery requests calling for a response after the cut-off if good cause exists to do so.  N.D. Cal. Civ. L.R. 37-3; *see also* Fed. R. Civ. P. 16(b)(4) (court may modify scheduling order for good cause).  Such good cause exists here.  Otherwise, if DAPs' argument is credited, all settlement agreements reached after the cut-off would be shielded from discovery.  Defendants could not have compelled their disclosure before the cut-off, because they did not yet exist and such a motion would not be ripe.  *See* MDL Dkt. 2717.  And, according to DAPs, Defendants cannot move to compel them after the cut-off because such a motion is untimely.  Yet these documents are plainly relevant, necessary to prove offset, and would greatly assist the parties in resolving their claims.  Moreover, their production would entail no burden for DAPs, and would cause them to suffer no prejudice.  Under these circumstances, good cause exists to compel production.

**Sheppard**Mullin

Hon. Vaughn R. Walker (Ret.)
January 26, 2015
Page 6

        For the reasons set forth above, Defendants respectfully request that the Special Master grant this motion to compel DAPs to produce their settlement agreements.


Respectfully submitted,

*/s/ Tyler M. Cunningham*

Tyler M. Cunningham
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


SMRH:436022346.2

cc:     Debra Bernstein (via email only)
        Matthew Kent (via email only)
        Emilio Varanini (via email only)
        Philip Iovieno (via email only)
        Guido Saveri (via email only)
        Mario Alioto (via email only)
        Defense counsel (via email only)

Enclosures

SHEPPARD MULLIN RICHTER & HAMPTON LLP
    A Limited Liability Partnership
    Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. MCGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:        ghalling@sheppardmullin.com
                jmcginnis@sheppardmullin.com
                mscarborough@sheppardmullin.com
                tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZHEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd., et al.,* No. 11-cv-05502;<br><br>*Best Buy Co., Inc. v. Hitachi, Ltd., et al.,* No. 11-cv-05513<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.,* No. 11-cv-06396;<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.,* No. 11-cv-06397;<br><br>*Dell Inc. and Dell Products L.P., v. Hitachi, Ltd., et al,* No. 13-cv-02171; | **DECLARATION OF TYLER M. CUNNINGHAM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL SETTLEMENT AGREEMENTS** |

1   *Electrograph Systems, Inc. and Electrograph Technologies Corp., v. Hitachi, Ltd., et al.*, No.
2   11-cv-01656;

3   *Interbond Corporation of America v. Hitachi, Ltd., et al.*, No. 11-cv-06275;
4
    *Office Depot, Inc. v. Hitachi Ltd., et al.*, No.
5   11-cv-06276;

6   *P.C. Richard & Son Long Island Corp., Marta Coooperative of Am., Inc., ABC Appliance,*
7   *Inc. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

8   *Schultze Agency Services, LLC, on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC*
9   *v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

10  *Sears, Roebuck and Co. and Kmart Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-
11  cv-05514;

12  *Sharp Elecs. Corp. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;
13
    *Sharp Elecs. Corp. v. Koninklijke Philips Elecs., N.V., et al.*, No. 13-cv-02776;
14

15  *Target Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;
16
    *ViewSonic Corp. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 14-02510.
17

18

19

20

21

22

23

24

25

26

27

28

I, Tyler M. Cunningham, declare as follows:

1.      I am an associate at the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Defendants Samsung SDI America, Inc.; Samsung SDI Co., Ltd.; Samsung SDI (Malaysia) SDN. Bhd.; Samsung SDI Mexico S.A. De C.V.; Samsung SDI Brasil Ltda.; Shenzen Samsung SDI Co., Ltd.; and Tianjin Samsung SDI Co., Ltd. (collectively, "SDI").  I submit this declaration in support of Defendants' motion to compel Direct Action Plaintiffs ("DAPs") to produce settlement agreements.  I have personal knowledge of the facts herein set forth and, if called as a witness, I could and would competently testify thereto.

2.      In light of the large number of discovery requests at issue, I have attached the relevant excerpts of discovery materials in an effort to avoid inundating the Special Master with unnecessary material.  SDI will, upon request, provide full copies of any exhibit attached hereto or otherwise required by the Special Master.

3.      Attached hereto as Exhibit A is a true and correct copy of excerpts from Defendants Toshiba America Information Systems, Inc. and Philips Electronics North America Corporation's First Set of Requests for Production of Documents to Plaintiffs P.C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., and ABC Appliance, Inc. d/b/a ABC Warehouse, and excerpts from the responses thereto.

4.      Attached hereto as Exhibit B is a true and correct copy of excerpts from Hitachi America, Ltd. and Samsung SDI Co., Ltd.'s First Set of Requests for Production of Documents to Costco Wholesale Corporation, and excerpts from the responses thereto.

5.      Attached hereto as Exhibit C is a true and correct copy of excerpts from Samsung SDI America, Inc. and LG Electronics USA, Inc.'s First Set of Requests for Production of Documents to Dell Plaintiffs, and excerpts from the responses thereto (designated "Highly Confidential" by the Dell Plaintiffs).

6.      Attached hereto as Exhibit D is a true and correct copy of excerpts from Hitachi America, Ltd. and Samsung SDI Co., Ltd.'s First Set of Requests for Production of Documents to Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp., and excerpts from the responses thereto.

7.      Attached hereto as Exhibit E is a true and correct copy of excerpts from Koninklijke Philips N.V.'S and Toshiba America Electronic Components, Inc.'s First Set of Requests for Production of Documents to Plaintiff Office Depot, Inc., and excerpts from the responses thereto.

8.      Attached hereto as Exhibit F is a true and correct copy of excerpts from Samsung SDI America, Inc.'s First Set of Requests for Production of Documents to Sharp Plaintiffs, and excerpts from the responses thereto.

9.      Attached hereto as Exhibit G is a true and correct copy of excerpts from Hitachi America, Ltd. and Samsung SDI Co., Ltd.'s First Set of Requests for Production of Documents to The Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and excerpts from the responses thereto.

10.      Attached hereto as Exhibit H is a true and correct copy of excerpts from Defendants Panasonic Corporation's and LG Electronics, Inc.'s First Set of Requests for Production of Documents to Best Buy Plaintiffs and excerpts from the responses thereto.

11.      Attached hereto as Exhibit I is a true and correct copy of excerpts from Defendants LG Electronics, Inc. and Panasonic Corporation of North America's First Set of Requests for Production to Plaintiff Circuit City Trust, and excerpts from the responses thereto.

12.      Attached hereto as Exhibit J is a true and correct copy of excerpts from Defendants LG Electronics, Inc. and Panasonic Corporation of North America's First Set of Requests for Production to Plaintiff CompuCom Systems, Inc., and excerpts from the responses thereto.

13.      Attached hereto as Exhibit K is a true and correct copy of excerpts from Samsung SDI Co., Ltd. and Hitachi Asia, Ltd.'s First Set of Requests for Production of Documents to Interbond Corporation of America, and excerpts from the responses thereto.

14.      Attached hereto as Exhibit L is a true and correct copy of excerpts from Tatung Company of America, Inc. and Samsung Electronics Co., Ltd.'s First Set of Requests for Production of Documents to Plaintiff Kmart Corp., and excerpts from the responses thereto.

15.      Attached hereto as Exhibit M is a true and correct copy of excerpts from Tatung Company of America, Inc. and Samsung Electronics Co., Ltd.'s First Set of Requests for

-2-

1  Production of Documents to Plaintiff Sears, Roebuck and Co., and excerpts from the responses

2  thereto.

3        16.     Attached hereto as Exhibit N is a true and correct copy of excerpts from Tatung

4  Company of America, Inc. and Samsung Electronics Co., Ltd.'s First Set of Requests for

5  Production of Documents to Plaintiff Target Corp., and excerpts from the responses thereto.

6        17.     Attached hereto as Exhibit O is a true and correct copy of excerpts from Mitsubishi

7  Electric Corporation, Mitsubishi Electric U.S., Inc., and Mitsubishi Electric Visual Solutions

8  America, Inc.'s First Set of Requests for Production To Viewsonic Corporation, and excerpts from

9  the responses thereto.

10       18.     Attached hereto as Exhibit P is a true and correct copy of an email I sent on January

11  9, 2015 to Philip Iovieno and Kyle Smith, liaison counsel for DAPs.

12       19.     On January 16, 2015 I received a voicemail from Mr. Iovieno stating that the

13  universal position among DAPs is that Defendants are not entitled to production of settlement

14  agreements.  On January 20, 2015 I met and conferred with Mr. Iovieno telephonically concerning

15  Defendants' request, but failed to reach any agreement.

16       20.     Attached hereto as Exhibit Q is a true and correct copy of an email I sent on

17  January 20, 2015 to Messrs. Iovieno and Smith.

18       21.     Attached hereto as Exhibit R is a true and correct copy of the Special Master's

19  Order re Hannstar Display Corporation's Motion to Compel Best Buy to Respond Further to

20  Document Request No. 45, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D.

21  Cal. Feb. 15, 2012).

22       22.     Attached hereto as Exhibit S is a true and correct copy of Order Overruling Best

23  Buy's Objection to Special Master's Order Granting Hannstar Display Corp.'s Motion to Compel,

24  *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. April 4, 2012).

25       23.     Attached hereto as Exhibit T is a true and correct copy of the Special Master's

26  Order Re Motions of LG Display and Sharp to Compel Various Plaintiffs to Produce Settlement

27  Agreements, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Sept. 28,

28  2012).

-3-

1    24.    Attached hereto as Exhibit U is a true and correct copy of the Special Master's

2  Order Re Defendants' Motion to Compel Costco to Produce Settlement Agreement, *In re: TFT-*

3  *LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Feb. 13, 2013).

4         I declare under penalty of perjury under the laws of the United States of America

5  that the foregoing is true and correct.

6         Executed this 26th day of January 2015 in San Francisco, California.

7

8                                              */s/ Tyler M. Cunningham*

9                                              Tyler M. Cunningham

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:436139285.1                    CUNNINGHAM DECLARATION IN SUPPORT OF DEFENDANTS'
                                    MOTION TO COMPEL SETTLEMENT AGREEMENTS

# EXHIBIT A

1    Christopher M. Curran (*pro hac vice*)
2    ccurran@whitecase.com
     Lucius B. Lau (*pro hac vice*)
3    alau@whitecase.com
     Dana E. Foster (*pro hac vice*)
4    defoster@whitecase.com
5    White & Case LLP
     701 Thirteenth Street, N.W.
6    Washington, DC  20005
7    Telephone:  (202) 626-3600
     Facsimile:  (202) 639-9355
8

9    *Counsel to Defendant Toshiba America Information Systems, Inc.*

10   [Additional Defendant and counsel listed on the signature page]

11

12                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
13                     (SAN FRANCISCO DIVISION)

14

15   IN RE: CATHODE RAY TUBE (CRT)          Case No. 07-5944 SC
     ANTITRUST LITIGATION                       MDL No. 1917
16

17                                          **DEFENDANTS TOSHIBA AMERICA
                                            INFORMATION SYSTEMS, INC.**
18                                          **AND PHILIPS ELECTRONICS**
                                            **NORTH AMERICA**
19   This Document Relates to:             **CORPORATION'S FIRST SET OF**
                                            **REQUESTS FOR PRODUCTION OF**
20   P.C. RICHARD ACTION                   **DOCUMENTS TO PLAINTIFFS P.C.**
     12-cv-02648-SC                         **RICHARD & SON LONG ISLAND**
21                                          **CORPORATION, MARTA**
                                            **COOPERATIVE OF AMERICA,**
22                                          **INC., AND ABC APPLIANCE, INC.**
                                            **D/B/A ABC WAREHOUSE**
23

24

25

26

27

28

DEFENDANTS TOSHIBA AMERICA INFORMATION
SYSTEMS, INC. AND PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFFS P.C. RICHARD & SON LONG ISLAND CORPORATION,
MARTA COOPERATIVE OF AMERICA, INC., AND ABC APPLIANCE, INC. D/B/A ABC WAREHOUSE
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Toshiba America Information Systems, Inc. and Philips Electronics North America Corporation hereby request that Plaintiffs P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., and ABC Appliance, Inc. d/b/a ABC Warehouse (collectively, "Plaintiffs") produce for inspection and copying each of the DOCUMENTS and other things described below at the offices of White & Case LLP, 701 Thirteenth Street N.W., Washington, DC 20005, within thirty (30) days after the date of the service hereof.

## DEFINITIONS

1.    "YOU" and "YOUR" mean the Plaintiffs responding to these requests, as well as any employees, agents, attorneys, representatives, or other PERSONS acting or purporting to act on behalf of the responding Plaintiff.

2.    "COMPLAINT" means the First Amended Complaint filed by the Plaintiffs in the United States District Court for the Northern District of California, Case No. 12-cv-02648-SC, MDL No. 1917, on or about October 3, 2013.

3.    "PERSON" means any individual or group of individuals, corporation partnership, association, governmental entity, department, commission, bureau or other kind of legal or business entity.

4.    "RELATED TO" means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, or setting forth, or having any logical or factual connection whatsoever with the subject matter in question.

5.    "And" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

6.    All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

DEFENDANTS TOSHIBA AMERICA INFORMATION
SYSTEMS, INC. AND PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFFS P.C. RICHARD & SON LONG ISLAND CORPORATION,
MARTA COOPERATIVE OF AMERICA, INC., AND ABC APPLIANCE, INC. D/B/A ABC WAREHOUSE
Case No. 07-5944 SC
MDL No. 1917

7.    The use of the past tense of any verb shall include the present tense and vice versa.

8.    "Any" shall be construed to include "all" and vice versa.

## **INSTRUCTIONS**

1.    YOU are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations or other information as to the location of the DOCUMENTS.

2.    If YOU cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, YOU must answer the request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the answered portion.

3.    In the event that any requested DOCUMENT has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody, or CONTROL, YOU shall IDENTIFY the DOCUMENT as completely as possible and specify the date, manner and reason the DOCUMENT was disposed, the PERSON who authorized the disposal, and the PERSON who disposed of the DOCUMENT.

4.    In the event any information is withheld on a claim of attorney-client privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes at least the following information:  the nature of the information contained in the withheld DOCUMENT, the DOCUMENT date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU assert supports any claim of privilege.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS TOSHIBA AMERICA INFORMATION
SYSTEMS, INC. AND PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFFS P.C. RICHARD & SON LONG ISLAND CORPORATION,
MARTA COOPERATIVE OF AMERICA, INC., AND ABC APPLIANCE, INC. D/B/A ABC WAREHOUSE
Case No. 07-5944 SC
MDL No. 1917
2

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

## REQUESTS FOR PRODUCTION OF DOCUMENTS

2 **REQUEST FOR PRODUCTION NO. 1:**

3       All DOCUMENTS referenced in YOUR response to Toshiba America Information

4 Systems, Inc. and Philips Electronics North America Corporation's First Set of

5 Interrogatories.

6 **REQUEST FOR PRODUCTION NO. 2:**

7       All DOCUMENTS RELATED TO any formal or informal DOCUMENT retention

8 policies or practices that YOU adopted or followed at any time from March 1, 1995 to and

9 including the present.

10 **REQUEST FOR PRODUCTION NO. 3:**

11       All settlement agreements between YOU and any other PERSON RELATED TO any

12 of the claims asserted in the COMPLAINT.

13

14 Dated:  December 23, 2013

**WHITE & CASE** LLP

15
By: _____

16 Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com

17 Lucius B. Lau (*pro hac vice*)
alau@whitecase.com

18 Dana E. Foster (*pro hac vice*)

19 defoster@whitecase.com
701 Thirteenth Street, N.W.

20 Washington, DC  20005

21 tel.: (202) 626-3600
fax: (202) 639-9355

22

23 *Counsel to Defendant Toshiba America
Information Systems, Inc.*

24

25

26

27

28

DEFENDANTS TOSHIBA AMERICA INFORMATION
SYSTEMS, INC. AND PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFFS P.C. RICHARD & SON LONG ISLAND CORPORATION,
MARTA COOPERATIVE OF AMERICA, INC., AND ABC APPLIANCE, INC. D/B/A ABC WAREHOUSE
Case No. 07-5944 SC
MDL No. 1917
3

By: _Charles M. Malaise / ___

John M. Taladay (*pro hac vice*)
Joseph Ostoyich (*pro hac vice*)
Erik T. Koons (*pro hac vice*)
Charles M. Malaise (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone:  (202) 639-7700
Facsimile:  (202) 639-7890
Email:  john.taladay@bakerbotts.com
Email:  joseph.ostoyich@bakerbotts.com
Email:  erik.koons@bakerbotts.com
Email:  charles.malaise@bakerbotts.com

*Counsel to Defendant Philips Electronics
North America Corporation*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

DEFENDANTS TOSHIBA AMERICA INFORMATION
SYSTEMS, INC. AND PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFFS P.C. RICHARD & SON LONG ISLAND CORPORATION,
MARTA COOPERATIVE OF AMERICA, INC., AND ABC APPLIANCE, INC. D/B/A ABC WAREHOUSE
Case No. 07-5944 SC
MDL No. 1917
4

**White & Case LLP**
701 Thirteenth Street, NW
Washington, DC 20005

1

## CERTIFICATE OF SERVICE

2    On December 23, 2013, I caused a copy of "DEFENDANTS TOSHIBA AMERICA

3  INFORMATION SYSTEMS, INC. AND PHILIPS ELECTRONICS NORTH AMERICA

4  CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

5  TO PLAINTIFFS P.C. RICHARD & SON LONG ISLAND CORPORATION, MARTA

6  COOPERATIVE OF AMERICA, INC., AND ABC APPLIANCE, INC. D/B/A ABC

7  WAREHOUSE" to be served via e-mail on rtietjen@bsfllp.com, wisaacson@bsfllp.com,

8  piovieno@bsfllp.com, as well as counsel for the defendants who have entered an appearance

9  in this case.

10

11

12                                    Dana E. Foster

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27            DEFENDANTS TOSHIBA AMERICA INFORMATION
             SYSTEMS, INC. AND PHILIPS ELECTRONICS NORTH
28           AMERICA CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION
       OF DOCUMENTS TO PLAINTIFFS P.C. RICHARD & SON LONG ISLAND CORPORATION,
    MARTA COOPERATIVE OF AMERICA, INC., AND ABC APPLIANCE, INC. D/B/A ABC WAREHOUSE
                            Case No. 07-5944 SC
                             MDL No. 1917

1   William A. Isaacson
    BOIES, SCHILLER & FLEXNER LLP
2   5301 Wisconsin Ave. NW, Suite 800
    Washington, D.C.  20015
3   Telephone:  (202) 237-2727
    Facsimile:   (202) 237-6131
4   Email:  wisaacson@bsfllp.com

5   Philip J. Iovieno
    Anne M. Nardacci
6   BOIES, SCHILLER & FLEXNER LLP
    30 South Pearl Street, 11th Floor
7   Albany, NY  12207
    Telephone:  (518) 434-0600
8   Facsimile:   (518) 434-0665
    Email:  piovieno@bsfllp.com
9           anardacci@bsfllp.com

10  *Counsel for Plaintiff ABC Appliance, Inc.*

11              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12               **SAN FRANCISCO DIVISION**

13  In re: CATHODE RAY TUBE (CRT)          Case No. 3:12-cv-02648-SC
    ANTITRUST LITIGATION
14                                         Master File No. 3:07-cv-05944-SC (N.D. Cal.)
    This Document Relates To Individual Case No.
15  3:12-cv-02648-SC (N.D. Cal.)           MDL No. 1917

16
    P.C. RICHARD & SON LONG ISLAND        **ABC APPLIANCE INC.'S OBJECTIONS**
17  CORPORATION, ET AL.,                   **AND RESPONSES TO TOSHIBA**
                                           **AMERICA INFORMATION SYSTEMS,**
18          Plaintiff,                     **INC.'S FIRST SET OF REQUESTS FOR**
                                           **PRODUCTION OF DOCUMENTS AND**
19     vs.                                 **PHILIPS ELECTRONICS NORTH**
                                           **AMERICA CORPORATION'S SECOND**
20                                         **SET OF REQUESTS FOR PRODUCTION**
    TOSHIBA AMERICA INFORMATION            **OF DOCUMENTS**
21  SYSTEMS, INC. AND PHILIPS
    ELECTRONICS NORTH AMERICA
22  CORPORATION,

23          Defendants.

24

25

26

27

28

**PROPOUNDING PARTIES:**     Toshiba America Information Systems, Inc. and Philips
                             Electronics North America Corporation

**RESPONDING PARTY:**        ABC Appliance, Inc.

**SET:**                     One (Toshiba America Information Systems, Inc.); Two
                             (Philips Electronics North America Corporation)

1     Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the

2  Local Rules of the Northern District of California, Plaintiff ABC Appliance, Inc. ("Plaintiff")

3  hereby responds to Toshiba America Electronic Components, Inc.'s First Requests for

4  Production of Documents to Plaintiff and Philips Electronics North America Corporation's

5  ("Defendants") Second Requests for Production of Documents to Plaintiff, dated December 23,

6  2013, (collectively, the "Requests for Production") including the "Instructions" and

7  "Definitions" contained therein, as follows:

8                                  **GENERAL OBJECTIONS**

9     The following general objections ("General Objections") are incorporated in Plaintiff's

10  responses ("Responses") to each and every request for production contained in the Requests for

11  Production.  No Response to any request for production shall be deemed a waiver of Plaintiff's

12  General Objections.

13  1.     Plaintiff objects to the Requests for Production to the extent that they seek to impose

14  obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local

15  Civil Rules of the Northern District of California, or any applicable order of this Court.

16  2.     Plaintiff objects to the Requests for Production to the extent that they seek or call for the

17  production of documents or information already in the possession, custody, or control of

18  Defendants.

19  3.     Plaintiff objects to the Requests for Production to the extent that they seek or call for the

20  production of documents or information that can equally or more readily be obtained by

21  Defendants from public sources.

22  4.     Plaintiff objects to the Requests for Production to the extent that that they seek or call for

23  the production of documents or information that can more readily, conveniently, and in a less

24  burdensome fashion be obtained by Defendants from others.

25  5.     Plaintiff objects to the Requests for Production to the extent that that they seek or call for

26  the production of documents or information not in Plaintiff's possession, custody, or control.

27  6.     Plaintiff objects to the Requests for Production to the extent that that they seek or call for

28  the production of documents or information protected from disclosure by the attorney-client

privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any information disclosed pursuant to the Requests for Production will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7.     Plaintiff objects to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8.     Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

9.     Plaintiff objects to the Requests for Production to the extent that they are duplicative and cumulative.

10.     Plaintiff objects to the Requests for Production, including the instructions and definitions, on the grounds that Plaintiff will incur substantial expense complying with them.

11.     Plaintiff objects to the time period specified in the Requests for Production as unduly burdensome and oppressive, and will produce documents on a rolling basis.  Plaintiff further objects to producing documents that were not created during the period of March 1, 1995 to November 25, 2007.

12.     Plaintiff objects to the Requests for Production to the extent that they prematurely call for expert testimony and state that Plaintiff will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

13.     Plaintiff has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification of additional documents or information, and Plaintiff reserves the right to amend or supplement its responses.  Plaintiff's responses and production should not be construed to prejudice its right

1    to conduct further investigation in this case, or to limit its use of any additional evidence that

2    may be developed.

3    14.     Plaintiff objects to the Requests for Production as unduly burdensome to the extent that

4    they require Plaintiff to search for, locate, and produce "all" documents related to the

5    information requested.  Plaintiff will conduct a reasonably diligent search for potentially relevant

6    documents.

7    15.     Any production of information or documents will be subject to the Stipulated Protective

8    Order entered in this action (Dkt. No. 306).

9              **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

10   **REQUEST  NO. 1:**

11          All DOCUMENTS referenced in YOUR response to Toshiba America Information

12   Systems, Inc. and Philips Electronics North America Corporation's First Set of Interrogatories.

13   **RESPONSE TO REQUEST NO. 1:**

14          Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

15   Plaintiff specifically objects to this Request on the grounds that it is overly broad, unduly

16   burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks or

17   calls for the production of documents protected from disclosure by the attorney-client privilege,

18   the attorney work product doctrine, or any other privilege, protection, or immunity applicable

19   under the governing law.  Plaintiffs further object to this Request on the grounds that it is

20   premature, and that it seeks to impose an undue burden on Plaintiffs to state their entire case on

21   an incomplete record and review and analyze all information obtained in discovery thus far at

22   this stage of this litigation, many months before the agreed-upon fact discovery deadline.

23   Plaintiff also objects to this Request to the extent that it calls for the production of documents or

24   information not relevant, material or necessary to this action and, thus, not reasonably calculated

25   to lead to the discovery of admissible evidence.

26          Subject to and notwithstanding the foregoing objections, to the extent that this Request

27   refers to Toshiba America Information Systems, Inc.'s First Set of Interrogatories and Philips

28

Electronics North America Corporations Third Set of Interrogatories, dated December 23, 2013, no documents were identified in Plaintiff's Responses to these Interrogatories.

**REQUEST NO. 2:**

All DOCUMENTS RELATED TO any formal or informal DOCUMENT retention policies or practices that YOU adopted or followed at any time from March 1, 1995 to and including the present.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff specifically objects to this Request, including the time frame for the Request, on the grounds that it is overly broad, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks or calls for the production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Plaintiff also objects to this Request to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Plaintiff will produce responsive, non-privileged documents created during the period March 1, 1995 to and including the present, to the extent that such documents exist, are reasonably available, and are kept in the ordinary course of business.

**REQUEST NO. 3:**

All settlement agreements between YOU and any other PERSON RELATED TO any of the claims asserted in the COMPLAINT.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff refers to and incorporates its General Objections as if set forth fully herein. Plaintiff specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive. Plaintiff further objects to this request to the extent that it seeks or calls for the production of documents protected from disclosure by the attorney-client privilege,

1  the attorney work product doctrine, or any other privilege, protection, or immunity applicable

2  under the governing law.  Plaintiff further objects to this request on the grounds that it seeks

3  documents that are protected by Federal Rule of Evidence 408.   Plaintiff also objects to this

4  Request to the extent that that it seeks or calls for the production of documents or information

5  not in Plaintiff's possession, custody, or control.  Plaintiff further objects to this Request for

6  Production to the extent that it calls for the production of documents or information not relevant,

7  material or necessary to this action and, thus, not reasonably calculated to lead to the discovery

8  of admissible evidence.

9

10

11  DATED:  January 27, 2014              /s/ Philip J. Iovieno

12                                      Philip J. Iovieno
                                        Anne M. Nardacci
13                                      BOIES, SCHILLER & FLEXNER LLP
                                        30 South Pearl Street, 11th Floor
14                                      Albany, NY  12207
                                        Telephone:  (518) 434-0600
15                                      Facsimile:  (518) 434-0665
                                        Email:  piovieno@bsfllp.com
16                                              anardacci@bsfllp.com

17                                      William A. Isaacson
                                        BOIES, SCHILLER & FLEXNER LLP
18                                      5301 Wisconsin Ave. NW, Suite 800
                                        Washington, D.C.  20015
19                                      Telephone:  (202) 237-2727
                                        Facsimile:  (202) 237-6131
20                                      Email:  wisaacson@bsfllp.com

21                                      *Counsel for Plaintiff ABC Appliance, Inc.*

22

23

24

25

26

27

28

# EXHIBIT B

Eliot A. Adelson (State Bar No. 205284)
James Maxwell Cooper (State Bar No. 284054)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com
Email: max.cooper@kirkland.com

James H. Mutchnik, P.C. (*pro hac vice*)
Kate Wheaton (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: kate.wheaton@kirkland.com

Attorneys for Defendant,
HITACHI AMERICA, LTD.

*Additional Counsel Listed on Signature Page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC |
| | MDL No.  1917 |
| | Individual Case No. 3:11-cv-06397-SC |
| This Document Relates To: | **HITACHI AMERICA, LTD. AND SAMSUNG SDI CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO COSTCO WHOLESALE CORPORATION** |
| The Costco Wholesale Corporation Action | |

**PROPOUNDING PARTIES:**        Defendants Hitachi America, Ltd. and Samsung SDI Co., Ltd.

**RESPONDING PARTY:**        Costco Wholesale Corporation

**SET NO.**        ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Hitachi America, Ltd. ("Hitachi") and Samsung SDI Co., Ltd. ("Samsung" hereby request that Plaintiff Costco Wholesale Corporation in the above-captioned action ("Plaintiff") produce for inspection and copying each of the documents and other things described below at the offices of Kirkland & Ellis LLP, Attn: Eliot Adelson, 555 California Street, 27th Floor, San Francisco, CA 94104, within thirty (30) days after the date of the service hereof.

## DEFINITIONS

1.        "YOU," "YOUR" and "YOURSELF" mean the Plaintiff responding to these requests, as well as any employees, agents, attorneys, representatives, or other persons acting or purporting to act on behalf of the responding Plaintiff.

2.        "COMPLAINT" means the First Amended Complaint filed by Costco Wholesale Corporation in the Northern District of California, Case No. 3:13-cv-06397-SC, MDL No. 1917, on or about October 3, 2013.

3.        "CO-CONSPIRATOR" has the same meaning as in the COMPLAINT.

4.        "CONTROL" or "CONTROLLED" means to exercise restraint or direction over; dominate, regulate or command, or to have the power or authority to guide or manage.  *See In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 757 (9th Cir. 2012).

5.        "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 2 of the COMPLAINT.

6.        "CRT PRODUCT" as used herein refers to electronic devices containing CDTs (such as monitors) and CPTs (such as televisions), as described in Paragraph 2 of the COMPLAINT.

7.        "CPT PRODUCTS" means finished products containing CPTs, such as CRT televisions.

8.        "CDT PRODUCTS" means finished products containing CDTs, such as CRT

monitors.

9.    "DEFENDANTS" means the entities enumerated in paragraphs 17 through 59 of the COMPLAINT.

10.    "EVIDENCE" means documents or percipient witness statements or testimony.

11.    "OWN" or "OWNED," when unmodified, means majority ownership.  However, the terms "partially-owned" or "wholly-owned" have the same meanings as in the COMPLAINT.

12.    "RELEVANT PERIOD" means March 1, 1995 through November 25, 2007, as defined in paragraph 1 of the COMPLAINT.

13.    To "IDENTIFY" means, with respect to a DOCUMENT, to state the Bates number; or if the DOCUMENT has no Bates number, then to state the: (i) type of DOCUMENT, (ii) general subject matter; (iii) date of the DOCUMENT; (iv) the author(s), addressee(s) and recipient(s).

14.    "PERSON" means any individual or group of individuals, corporation partnership, association, governmental entity, department, commission, bureau or other kind of legal or business entity.

15.    "RELATED TO" means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, or setting forth, or having any logical or factual connection whatsoever with the subject matter in question.

16.    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

17.    All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

18.    The use of the past tense of any verb shall include the present tense and vice versa.

19.    The word "any" shall be construed to include "all" and vice versa.

## INSTRUCTIONS

1.    YOU are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil

1  Procedure, including, where applicable, any index tabs, file dividers, designations or other

2  information as to the location of the DOCUMENTS.

3      2.    If YOU cannot respond to a request for production fully, after a diligent attempt to

4  obtain the requested information, YOU must answer the request to the extent possible, specify the

5  portion of the request YOU are unable to answer, and provide whatever information YOU have

6  regarding the answered portion.

7      3.    In the event that any requested DOCUMENT has been destroyed, lost, discarded or is

8  otherwise no longer in YOUR possession, custody, or control, YOU shall IDENTIFY the

9  DOCUMENT as completely as possible and specify the date, manner and reason the DOCUMENT

10  was disposed, the PERSON who authorized the disposal, and the PERSON who disposed of the

11  DOCUMENT.

12      4.    In the event any information is withheld on a claim of attorney-client privilege, work-

13  product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes

14  at least the following information: the nature of the information contained in the withheld

15  DOCUMENT, the DOCUMENT date, source, and subject matter, the author(s) and recipient(s),

16  such as would enable the privilege claim to be adjudicated, and any authority that YOU assert

17  supports any claim of privilege.

18  **REQUESTS FOR PRODUCTION OF DOCUMENTS**

19  **REQUEST FOR PRODUCTION NO. 1:**

20      All DOCUMENTS referenced in YOUR response to Hitachi America, Ltd. and Samsung

21  SDI Co., Ltd.'s First Set of Interrogatories.

22  **REQUEST FOR PRODUCTION NO. 2:**

23      All DOCUMENTS RELATED TO any assignment by any other PERSON to YOU of any

24  claim asserted in the COMPLAINT.

25  **REQUEST FOR PRODUCTION NO. 3:**

26      All DOCUMENTS RELATED TO any formal or informal DOCUMENT retention policies

27  or practices that YOU adopted or followed at any time from March 1, 1995 to and including the

28

1    present.

2    **REQUEST FOR PRODUCTION NO. 4:**

3            All settlement agreements between YOU and any other PERSON RELATED TO any of the

4    claims asserted in the COMPLAINT.

5

6    DATED: January 15, 2014                    By: */s/ Eliot A. Adelson*_____

7                                               Eliot A. Adelson (State Bar No. 205284)
                                                James Maxwell Cooper (State Bar No. 284054)

8                                               KIRKLAND & ELLIS LLP
                                                555 California Street, 27th Floor

9                                               San Francisco, CA 94104
                                                Telephone: (415) 439-1400

10                                              Facsimile: (415) 439-1500

11

12                                              Attorneys for Defendant,
                                                HITACHI AMERICA, LTD.

13

14

15   DATED:  January 15, 2014                   By: /s/ *Gary L. Halling*_____

16                                              Gary L. Halling (SBN 66087)
                                                James L. McGinnis (SBN 95788)

17                                              Michael Scarborough (SBN 203524)
                                                SHEPPARD, MULLIN, RICHTER &
                                                HAMPTONLLP

18                                              Four Embarcadero Center, 17th Floor
                                                San Francisco, CA 94111-4109

19                                              Telephone: (415) 434-9100
                                                Facsimile: (415) 434-3947

20
                                                Attorneys for Defendants,

21                                              SAMSUNG SDI CO., LTD.

22

23

24

25

26

27

28

David J. Burman *(pro hac vice)*
Cori G. Moore *(pro hac vice)*
Eric J. Weiss *(pro hac vice)*
Nicholas H. Hesterberg *(pro hac vice)*
Steven D. Merriman *(pro hac vice)*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  DBurman@perkinscoie.com
           CGMoore@perkinscoie.com
           EWeiss@perkinscoie.com
           NHesterberg@perkinscoie.com
           SMerriman@perkinscoie.com


Joren Bass, Bar No. 208143
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA  94111-4131
Telephone:  415.344.7000
Facsimile:  415.344.7050
Email:  JBass@perkinscoie.com

*Attorneys for Plaintiff*
*Costco Wholesale Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-SC (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates To: | |
| | Individual Case No. 3:11-cv-06397-SC |
| *Costco Wholesale Corp. v. Hitachi, Ltd., et al.*, No 3:11-cv-06397-SC | |
| | **COSTCO WHOLESALE CORPORATION'S OBJECTIONS AND RESPONSES TO HITACHI AMERICA, LTD., AND SAMSUNG SDI CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1  **PROPOUNDING PARTIES:** Defendants Hitachi America, Ltd., and Samsung SDI Co., Ltd.

2  **RESPONDING PARTY:**        Plaintiff Costco Wholesale Corporation

3  **SET NUMBER:**              One

4          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the

5  Local Rules of the Northern District of California, Plaintiff Costco Wholesale Corporation

6  ("Costco") hereby responds to Hitachi America, Ltd., and Samsung SDI Co., Ltd.'s

7  ("Defendants'") First Requests for Production of Documents to Plaintiff, dated January 15, 2014

8  (collectively, the "Requests for Production") including the "Instructions" and "Definitions"

9  contained therein, as follows:

10                              **GENERAL OBJECTIONS**

11         The following general objections ("General Objections") are incorporated in Costco's

12 responses ("Responses") to each and every request for production contained in the Requests for

13 Production.  No Response to any request for production shall be deemed a waiver of Costco's

14 General Objections.

15 1.      Costco objects to the Requests for Production to the extent that they seek to impose

16 obligations on Costco beyond those imposed by the Federal Rules of Civil Procedure, the Local

17 Civil Rules of the Northern District of California, or any applicable order of this Court.

18 2.      Costco objects to the Requests for Production to the extent that they seek or call for the

19 production of documents or information already in the possession, custody, or control of

20 Defendants.

21 3.      Costco objects to the Requests for Production to the extent that they seek or call for the

22 production of documents or information that can equally or more readily be obtained by

23 Defendants from public sources.

24 4.      Costco objects to the Requests for Production to the extent that that they seek or call for

25 the production of documents or information that can more readily, conveniently, and in a less

26 burdensome fashion be obtained by Defendants from others.

27 5.      Costco objects to the Requests for Production to the extent that that they seek or call for

28 the production of documents or information not in Costco's possession, custody, or control.

COSTCO'S OBJECTIONS AND                    -2-        Case No. 3:11-cv-06397-SC
RESPONSES TO HITACHI AND SAMSUNG                     Master File No. 3:07-cv-05944-SC
FIRST REQUESTS FOR PRODUCTION

6.      Costco objects to the Requests for Production to the extent that that they seek or call for the production of documents or information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Any information disclosed pursuant to the Requests for Production will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7.      Costco objects to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8.      Costco objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is not relevant, material or necessary to this action and, thus, it is not reasonably calculated to lead to the discovery of admissible evidence.

9.      Costco objects to the Requests for Production to the extent that they are duplicative and cumulative.

10.      Costco objects to the Requests for Production, including the instructions and definitions, on the grounds that Costco will incur substantial expense complying with them.

11.      Costco objects to the time period specified in the Requests for Production for production of documents as unduly burdensome and oppressive, and will produce documents on a rolling basis.

12.      Costco objects to the Requests for Production to the extent that they prematurely call for expert testimony and states that Costco will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

13.      Costco has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Costco.  Further investigation and discovery may result in the identification of additional documents or information, and Costco reserves the right to amend or supplement

1    its responses.  Costco's responses and production should not be construed to prejudice its right

2    to conduct further investigation in this case, or to limit its use of any additional evidence that

3    may be developed.

4    14.    Costco objects to the Requests for Production as unduly burdensome to the extent that

5    they require Costco to search for, locate, and produce "all" documents related to the information

6    requested.  Costco will conduct a reasonably diligent search for potentially relevant documents.

7    15.    Any production of information or documents will be subject to the Stipulated Protective

8    Order entered in this action (Dkt. No. 306).

9            **RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION**

10   **REQUEST FOR PRODUCTION NO. 1:**

11            All DOCUMENTS referenced in YOUR response to Hitachi America, Ltd. and Samsung

12   SDI Co., Ltd.'s First Set of Interrogatories.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

14            Costco refers to and incorporates its General Objections as if set forth fully herein.

15   Costco specifically objects to this Request on the grounds that it is overly broad, unduly

16   burdensome, and oppressive.  Costco further objects to this Request to the extent that it seeks or

17   calls for the production of documents protected from disclosure by the attorney-client privilege,

18   the attorney work-product doctrine, or any other privilege, protection, or immunity applicable

19   under the governing law.  Costco further objects to this Request on the grounds that it is

20   premature and that it seeks to impose an undue burden on Costco to state its entire case on an

21   incomplete record and review and analyze all information obtained in discovery thus far at this

22   stage of this litigation, many months before the agreed-upon fact-discovery deadline.  Costco

23   also objects to this Request to the extent that it calls for the production of documents or

24   information not relevant, material, or necessary to this action and, thus, not reasonably

25   calculated to lead to the discovery of admissible evidence.

26            Subject to and notwithstanding the foregoing objections, no documents were identified

27   in Costco's Responses to Hitachi America, Ltd., and Samsung SDI Co., Ltd.'s First Set of

28   Interrogatories.

COSTCO'S OBJECTIONS AND                          -4-           Case No. 3:11-cv-06397-SC
RESPONSES TO HITACHI AND SAMSUNG                               Master File No. 3:07-cv-05944-SC
FIRST REQUESTS FOR PRODUCTION

1   governing law.  Costco also objects to this Request to the extent that it calls for the production

2   of documents or information not relevant, material, or necessary to this action and, thus, not

3   reasonably calculated to lead to the discovery of admissible evidence.

4           Subject to and notwithstanding the foregoing objections, Costco will produce

5   responsive, non-privileged documents created during the period March 1, 1995, to and including

6   the present, to the extent that such documents exist, are reasonably available, and are kept in the

7   ordinary course of business.

8   **REQUEST FOR PRODUCTION NO. 4:**

9           All settlement agreements between YOU and any other PERSON RELATED TO any of

10  the claims asserted in the COMPLAINT.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12          Costco refers to and incorporates its General Objections as if set forth fully herein.

13  Costco specifically objects to this Request on the grounds that it is overly broad, unduly

14  burdensome, and oppressive.  Costco further objects to this request to the extent that it seeks or

15  calls for the production of documents protected from disclosure by the attorney-client privilege,

16  the attorney work-product doctrine, or any other privilege, protection, or immunity applicable

17  under the governing law.  Costco further objects to this request on the grounds that it seeks

18  documents that are protected by Federal Rule of Evidence 408.   Costco also objects to this

19  Request to the extent that that it seeks or calls for the production of documents or information

20  not in Costco's possession, custody, or control.  Costco further objects to this Request for

21  Production to the extent that it calls for the production of documents or information not

22  relevant, material, or necessary to this action and, thus, not reasonably calculated to lead to the

23  discovery of admissible evidence.

24

25

26

27

28

EXHIBIT C

SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
MONA SOLOUKI, Cal. Bar No. 215145
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:    (415) 434-9100
Facsimile:    (415) 434-3947
E-mail:        ghalling@sheppardmullin.com
               jmcginnis@sheppardmullin.com
               mscarborough@sheppardmullin.com
               msolouki@sheppardmullin.com
               tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

Additional counsel listed on signature pages

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL No. 1917 |
| | Individual Case No. 3:13-cv-02171-SC |
| This Document Relates to: | **SAMSUNG SDI AMERICA, INC. AND LG ELECTRONICS USA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DELL PLAINTIFFS** |
| DELL ACTION Case No. 3:13-cv-02171-SC | |

1    PROPOUNDING PARTY:        Samsung SDI America, Inc. ("SDIA")

2                              LG Electronics USA, Inc. ("LGE USA")

3    RESPONDING PARTIES:       Dell  Inc.  and  Dell  Products  L.P.  (collectively

4                              "Dell" or "Plaintiffs")

5    SET NO.:                  ONE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-

MDL No. 1917; Individual Case No. 3:13-cv-02171

SAMSUNG SDI AMERICA INC. AND LG ELECTRONICS USA,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DELL

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,

2  Defendants SDIA and LGE USA hereby request that Plaintiffs produce for inspection and

3  copying each of the documents and other things described below at the offices of Sheppard

4  Mullin Richter & Hampton, 4 Embarcadero Ctr. 17th Floor, San Francisco, CA 94111

5  within thirty (30) days after the date of the service hereof.

6                                        **I.**

7                                **DEFINITIONS**

8    1.    "YOU," "YOUR" and "YOURSELF" mean the Plaintiffs responding to these

9  requests, as well as any employees, agents, attorneys, representatives, or other persons

10  acting or purporting to act on behalf of the responding Plaintiff.

11    2.    "COMPLAINT" means the First Amended Complaint filed by Dell in the

12  Northern District of California, Case No. 3:13-cv-02171-SC, MDL No. 1917, on or about

13  May 28, 2013.

14    3.    "CO-CONSPIRATOR" has the same meaning as in the COMPLAINT.

15    4.    "CONTROL" or "CONTROLLED" means to exercise restraint or direction

16  over; dominate, regulate or command, or to have the power or authority to guide or

17  manage. *See In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 757 (9th Cir. 2012).

18    5.    "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 3 of

19  the COMPLAINT.

20    6.    "CRT PRODUCT" as used herein refers to electronic devices containing

21  CDTs (such as monitors) and CPTs (such as televisions), as described in Paragraph 3 of

22  the COMPLAINT.

23    7.    "CPT PRODUCTS" means finished products containing CPTs, such as CRT

24  televisions.

25    8.    "CDT PRODUCTS" means finished products containing CDTs, such as CRT

26  monitors.

27

28

9.     "DEFENDANTS" means the entities enumerated in paragraphs 23 through 65 of the COMPLAINT.

10.    "EVIDENCE" means documents or percipient witness statements or testimony.

11.    "OWN" or "OWNED," when unmodified, means majority ownership. However, the terms "partially-owned" or "wholly-owned" have the same meanings as in the COMPLAINT.

12.    "RELEVANT PERIOD" means March 1, 1995 through November 25, 2007, as defined in paragraph 1 of the COMPLAINT.

13.    To "IDENTIFY" means, with respect to a DOCUMENT, to state the Bates number; or if the DOCUMENT has no Bates number, then to state the: (i) type of DOCUMENT, (ii) general subject matter; (iii) date of the DOCUMENT; (iv) the author(s), addressee(s) and recipient(s).

14.    "PERSON" means any individual or group of individuals, corporation partnership, association, governmental entity, department, commission, bureau or other kind of legal or business entity.

15.    "RELATED TO" means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, or setting forth, or having any logical or factual connection whatsoever with the subject matter in question.

16.    The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

17.    All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

18.    The use of the past tense of any verb shall include the present tense and vice versa.

19.    The word "any" shall be construed to include "all" and vice versa.

-3-

## II.

## INSTRUCTIONS

1.      YOU are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations or other information as to the location of the DOCUMENTS.

2.      If YOU cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, YOU must answer the request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the answered portion.

3.      In the event that any requested DOCUMENT has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody, or control, YOU shall IDENTIFY the DOCUMENT as completely as possible and specify the date, manner and reason the DOCUMENT was disposed, the PERSON who authorized the disposal, and the PERSON who disposed of the DOCUMENT.

4.      In the event any information is withheld on a claim of attorney-client privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the DOCUMENT date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU assert supports any claim of privilege.

## III.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS referenced in YOUR response to SDIA and LGE USA's First Set of Interrogatories.

SAMSUNG SDI AMERICA INC. AND LG ELECTRONICS USA INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DELL

1  **REQUEST FOR PRODUCTION NO. 2:**

2      All DOCUMENTS RELATED TO any assignment by any other PERSON to YOU

3  of any claim asserted in the COMPLAINT.

4  **REQUEST FOR PRODUCTION NO. 3:**

5      All DOCUMENTS RELATED TO any formal or informal DOCUMENT retention

6  policies or practices that YOU adopted or followed at any time from March 1, 1995 to and

7  including the present.

8  **REQUEST FOR PRODUCTION NO. 4:**

9      All settlement agreements between YOU and any other PERSON RELATED TO

10  any of the claims asserted in the COMPLAINT.

11

12  DATED:  January 13, 2014

13                  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14

15            By                */s/ Mona Solouki*

16                          MONA SOLOUKI

17                    Attorneys for Defendants

18              SAMSUNG SDI AMERICA, INC.,
                   SAMSUNG SDI CO., LTD.,

19        SAMSUNG SDI (MALAYSIA) SDN. BHD.,
      SAMSUNG SDI MEXICO S.A. DE C.V.,

20           SAMSUNG SDI BRASIL LTDA.,
    SHENZEN SAMSUNG SDI CO., LTD. and

21         TIANJIN SAMSUNG SDI CO., LTD.

22

23

24

25

26

27

28

MDL No. 1917; Individual Case No. 3:13-cv-02171     SAMSUNG SDI AMERICA INC. AND LG ELECTRONICS USA
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DELL

1

2          By          _____/s/ Hojoon Hwang_____

3                      Hojoon Hwang (SBN 184950)
                       MUNGER, TOLLES & OLSON LLP
4                      560 Mission Street, Twenty-Seventh Floor
                       San Francisco CA 94105
5                      Telephone: 415-512-4000
                       Facsimile: 415-512-4077
6                      Email: Hojoon.Hwang@mto.com
                       Attorneys for Defendants LG Electronics, Inc. and
7                      LG Electronics U.S.A., Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MDL No. 1917; Individual Case No. 3:13-cv-02171          SAMSUNG SDI AMERICA INC. AND LG ELECTRONICS USA
                                                         INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DELL

1   Michael P. Kenny, Esq.
    mike.kenny@alston.com
2   Debra D. Bernstein, Esq.
    debra.bernstein@alston.com
3   Rodney J. Ganske, Esq.
    rod.ganske@alston.com
4   **ALSTON & BIRD LLP**
5   1201 West Peachtree Street
    Atlanta, Georgia 30309-3424
6   Tel: (404) 881-7000
    Facsimile: (404) 881-7777
7
    James M. Wagstaffe, Esq. (SBN 95535)
8   wagstaffe@kerrwagstaffe.com
    **KERR & WAGSTAFFE LLP**
9   100 Spear Street, 18th Floor
    San Francisco, California 94105-1576
10  Tel: (415) 371-8500
    Facsimile: (415) 371-0500
11
12  *Attorneys for Plaintiffs Dell Inc. and Dell Products L.P.*

13  **[Additional Counsel Listed on Signature Page]**

14          **UNITED STATES DISTRICT COURT**

15         **NORTHERN DISTRICT OF CALIFORNIA**

16            **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 17   In re: CATHODE RAY TUBE (CRT) | Master File No. 3:07-cv-05944-SC |
| 18   ANTITRUST LITIGATION. | MDL No. 1917 |
| 19 | Individual Case No. 3:13-cv-02171-SC |
| 20 | **PLAINTIFFS DELL INC. AND DELL PRODUCTS L.P.'S RESPONSES TO DEFENDANTS SAMSUNG SDI AMERICA, INC. AND LG ELECTRONICS, USA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| 21 | |
| 22 | |
| 23 | |
| 24 | Judge:  The Honorable Samuel Conti |
| | HIGHLY CONFIDENTIAL |

25

26

27

28

**PROPOUNDING PARTY:**    Samsung SDI America, Inc.
LG Electronics USA, Inc.

**RESPONDING PARTY:**    Dell Inc. and Dell Products L.P.

**SET:**    First

    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Dell Inc. and Dell Products L.P. ("Dell") respond to Defendants Samsung SDI America, Inc. and LG Electronics USA, Inc.'s First Set of Requests for Production of Documents, dated January 13, 2014 ("SDIA and LGE USA's Requests" or "Requests"), as follows:

## GENERAL OBJECTIONS

    Dell objects to the demand that responses occur within thirty (30) days of the date of service of SDIA and LGE USA's Requests as unduly burdensome; Dell will produce documents at a mutually convenient time and place.

    In responding to SDIA and LGE USA's Requests, Dell has solicited information from those individuals employed or otherwise affiliated with Dell believed to have knowledge of matters for which Defendants seek information. Dell has not, however, undertaken to search or review all of the files and records in its possession, custody, or control, nor has Dell solicited information from every individual employed by or otherwise affiliated with it, because to do so would be unduly burdensome and prohibitively expensive. In the event that information or documents responsive to any of SDIA and LGE USA's Requests are later identified or brought to Dell's attention, Dell reserves the right to amend and supplement the following responses to the extent required under Fed. R. Civ. P. 26(e).

    Dell's responses to SDIA and LGE USA's Requests shall not constitute an admission by Dell that either the request or the response thereto, or documents produced in connection therewith, are admissible as evidence in any trial or other proceeding. Dell specifically reserves the right to object on any grounds, at any time, to the admission of any request or any response thereto or any documents produced in connection therewith in any such trial or other proceeding.

2

PLAINTIFFS DELL INC. AND DELL PRODUCTS L.P.'S RESPONSES TO DEFENDANTS LG ELECTRONICS, INC.
AND SAMSUNG SDI CO. LTD.'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

Dell raises the following general objections to SDIA and LGE USA's Requests in addition to the specific grounds for objection listed in response to each request, and each of these General Objections shall be considered incorporated in Dell's specific objections:

1.      Dell objects to the Requests as seeking documents that can be obtained from some other source that is more convenient, less burdensome, or less expensive.

2.      Dell objects to the Requests to the extent they seek or call for the production of documents or information already in the possession, custody, or control of Defendants.

3.      Dell objects to these Requests to the extent they seek documents or information that are not within Dell's possession, custody, or control, or would otherwise require Dell to perform an unreasonable or unduly burdensome search.

4.      Dell objects to the Requests to the extent they require Dell to disclose confidential information of third parties that Dell is bound, contractually or otherwise, not to disclose.

5.      Dell objects to these Requests insofar as they are inconsistent with or exceed the obligations imposed by the Federal Rules of Civil Procedure, this Court's local rules and standing orders, all Court and Special Master Orders regarding case management and discovery, or other applicable rules, law, or orders.

6.      Dell objects to the Requests to the extent they duplicate other Requests, in whole or in part, made by other defendants in this matter, in violation of the integration order included in section XV, subsections D and E of the Court's "Order Re Discovery and Case Management Protocol," entered in the MDL on April 3, 2012.  Order Re Discovery and Case Management Protocol, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 07-cv-05944-SC MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

7.      Dell objects to the Requests insofar as they seek to discover information or documents that are protected by the attorney-client privilege, or any other privilege or doctrine.  Any inadvertent production of privileged documents shall not constitute a waiver of any privilege or protection applicable thereto or to any related information or documents.

3

PLAINTIFFS DELL INC. AND DELL PRODUCTS L.P.'S RESPONSES TO DEFENDANTS LG ELECTRONICS, INC. AND SAMSUNG SDI CO. LTD.'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

8.     Dell objects to the Requests insofar as they seek information that is not relevant to the claim or defense of any party to this action or is not reasonably calculated to lead to the discovery of admissible evidence.

9.     Dell objects to the Requests to the extent they prematurely call for expert testimony and states that Dell will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

10.     Dell objects to the Requests to the extent they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

11.     Dell objects to the Requests on the ground that they fail to describe the documents sought with reasonable particularity, in violation of Fed. R. Civ. P. 34(b)(1)(A).

12.     Dell objects to the Requests as unduly burdensome to the extent that they require Dell to search for, locate, and produce "all" documents related to the information requested.  Dell will conduct a reasonably diligent search for potentially relevant documents.

13.     Dell objects to the Requests insofar as they seek confidential, proprietary, or trade-secret information, the disclosure of which would cause irreparable competitive injury to Dell. Insofar as Dell produces any such documents in this case, said production has been and will be made subject to the terms of the Stipulated Protective Order entered by the Court in the multi-district litigation on June 18, 2008 (Dkt. #306).

## OBJECTIONS TO DEFINITIONS

1.     Dell objects to Definition No. 1 ("'YOU,' 'YOUR,' or 'YOURSELF'") as overly broad and unduly burdensome to the extent it purports to require the production of documents in the possession, custody, or control of persons or entities other than Dell.  Dell shall respond to the Requests on behalf of itself and entities that have assigned it claims, and any answer provided by Dell will be limited to the information and documents within its or those entities' possession, custody, or control.

4

PLAINTIFFS DELL INC. AND DELL PRODUCTS L.P.'S RESPONSES TO DEFENDANTS LG ELECTRONICS, INC.
AND SAMSUNG SDI CO. LTD.'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

2.      Dell objects to Definition No. 13 ("IDENTIFY") as vague, ambiguous, unduly burdensome and oppressive.  Dell objects to this Definition to the extent it seeks information that is neither relevant to any claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Dell further objects to this Definition as purporting to impose a greater burden on Dell than is otherwise permissible under the law, including without limitation the Federal Rules of Civil Procedure.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

*REQUEST NO. 1:*

*All DOCUMENTS referenced in YOUR response to SDIA and LGE USA's First Set of Interrogatories.*

## RESPONSE TO REQUEST NO. 1:

Dell refers to and incorporates its General Objections as if set forth fully herein.  Dell specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive.  Dell further objects to this Request to the extent that it seeks or calls for the production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Dell further objects to this Request on the grounds that it is premature, and that it seeks to impose an undue burden on Dell to state its entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, many months before the agreed-upon fact discovery deadline.  Dell also objects to this Request to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Dell refers to and incorporates its answers to SDIA and LGE USA's First Set of Interrogatories.

*REQUEST NO. 2:*

PLAINTIFFS DELL INC. AND DELL PRODUCTS L.P.'S RESPONSES TO DEFENDANTS LG ELECTRONICS, INC.
AND SAMSUNG SDI CO. LTD.'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

Subject to and notwithstanding the foregoing objections, Dell will produce responsive, non-privileged documents created during the period March 1, 1995 to and including the present, to the extent that such documents exist, are reasonably available, and are kept in the ordinary course of business.

*REQUEST NO. 4:*

*All settlement agreements between you and any other person related to any of the claims asserted in the complaint.*

**RESPONSE TO REQUEST NO. 4:**

Dell refers to and incorporates its General Objections as if set forth fully herein. Dell specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive. Dell further objects to this request to the extent that it seeks or calls for the production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Dell further objects to this request on the grounds that it seeks documents that are protected by Federal Rule of Evidence 408. Dell also objects to this Request to the extent that that it seeks or calls for the production of documents or information not in Dell's possession, custody, or control. Dell further objects to this Request for Production to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

Date: February 18, 2014

Respectfully submitted,

By:   /s/ Michael P. Kenny
      Michael P. Kenny, Esq. (GA Bar 415064)
      mike.kenny@alston.com
      Debra D. Bernstein, Esq. (GA Bar 054998)
      debra.bernstein@alston.com
      Rodney J. Ganske, Esq. (GA Bar 283819)
      rod.ganske@alston.com
      Melissa Mahurin Whitehead, Esq. (GA Bar 667932)

7

PLAINTIFFS DELL INC. AND DELL PRODUCTS L.P.'S RESPONSES TO DEFENDANTS LG ELECTRONICS, INC.
AND SAMSUNG SDI CO. LTD.'S FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

MASTER FILE NO. 3:07-CV-05944-SC
MDL NO. 1917 | IND. CASE NO. 3:13-cv-02171-SC

# EXHIBIT D

1  Eliot A. Adelson (State Bar No. 205284)
   James Maxwell Cooper (State Bar No. 284054)
2  KIRKLAND & ELLIS LLP
   555 California Street, 27th Floor
3  San Francisco, CA  94104
   Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500
   Email: eadelson@kirkland.com
5  Email: max.cooper@kirkland.com

6

7  James H. Mutchnik, P.C. (*pro hac vice*)
   Kate Wheaton (*pro hac vice*)
8  KIRKLAND & ELLIS LLP
   300 North LaSalle
9  Chicago, Illinois  60654
   Telephone: (312) 862-2000
10 Facsimile: (312) 862-2200
   Email: jmutchnik@kirkland.com
11 Email: kate.wheaton@kirkland.com

12 Attorneys for Defendant
   HITACHI AMERICA, LTD.
13

14 *Additional Counsel Listed on Signature Page*

15

16              **UNITED STATES DISTRICT COURT**

17            **NORTHERN DISTRICT OF CALIFORNIA**

18                **SAN FRANCISCO DIVISION**

19 In Re CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
   ANTITRUST LITIGATION
20                                        MDL No. 1917

21                                        Individual Case No. 3:11-cv-01656-SC

22 _____        **HITACHI AMERICA, LTD. AND
                                          SAMSUNG SDI CO., LTD.'S FIRST SET
23 This Document Relates To:             OF REQUESTS FOR PRODUCTION OF
                                          DOCUMENTS TO PLAINTIFFS
24 The Electrograph Systems, Inc. and Electrograph ELECTROGRAPH SYSTEMS, INC. AND
   Technologies Corp. Action             ELECTROGRAPH TECHNOLOGIES
25                                        CORP.**

26 _____

27

28

   HITACHI AMERICA, LTD. AND SAMSUNG SDI CO.,                    CASE NO. 3:07-CV-05944-SC
   LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION        INDIVIDUAL CASE NO. 3:11-CV-01656-SC
   TO ELECTROGRAPH  PLAINTIFFS

**PROPOUNDING PARTIES:**      Defendants Hitachi America, Ltd. and Samsung SDI Co., Ltd.

**RESPONDING PARTIES:**      Electrograph   Systems,   Inc.   and   Electrograph Technologies  Corp.

**SET NO.**                        ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Hitachi America, Ltd. ("Hitachi") and Samsung SDI Co., Ltd. ("Samsung") hereby request that Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp. in the above-captioned action ("Plaintiffs") produce for inspection and copying each of the documents and other things described below at the offices of Kirkland and Ellis, 555 California Street, San Francisco, CA 94104 within thirty (30) days after the date of the service hereof.

## DEFINITIONS

1.      "YOU," "YOUR" and "YOURSELF" mean the Plaintiffs responding to these requests, as well as any employees, agents, attorneys, representatives, or other persons acting or purporting to act on behalf of the responding Plaintiff.

2.      "COMPLAINT" means the Second Amended Complaint filed by YOU in the Northern District of California, 3:11-cv-01656-SC, MDL No. 1917, on or about October 3, 2013.

3.       "CO-CONSPIRATOR" has the same meaning as in the COMPLAINT.

4.      "CONTROL" or "CONTROLLED" means to exercise restraint or direction over; dominate, regulate or command, or to have the power or authority to guide or manage.  *See In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 757 (9th Cir. 2012).

5.      "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 2 of the COMPLAINT.

6.      "CRT PRODUCT" as used herein refers to electronic devices containing CDTs (such as monitors) and CPTs (such as televisions), as described in Paragraph 2 of the COMPLAINT.

7.      "CPT PRODUCTS" means finished products containing CPTs, such as CRT televisions.

8.      "CDT PRODUCTS"  means finished products containing CDTs, such as CRT monitors.

9. "DEFENDANTS" means the entities enumerated in paragraphs 34 through 74 of the COMPLAINT.

10. "EVIDENCE" means documents or percipient witness statements or testimony.

11. "OWN" or "OWNED," when unmodified, means majority ownership. However, the terms "partially-owned" or "wholly-owned" have the same meanings as in the COMPLAINT.

12. "RELEVANT PERIOD" means March 1, 1995 through November 25, 2007, as defined in paragraph 1 of the COMPLAINT.

13. To "IDENTIFY" means, with respect to a DOCUMENT, to state the Bates number; or if the DOCUMENT has no Bates number, then to state the: (i) type of DOCUMENT, (ii) general subject matter; (iii) date of the DOCUMENT; (iv) the author(s), addressee(s) and recipient(s).

14. "PERSON" means any individual or group of individuals, corporation partnership, association, governmental entity, department, commission, bureau or other kind of legal or business entity.

15. "RELATED TO" means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, or setting forth, or having any logical or factual connection whatsoever with the subject matter in question.

16. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

17. All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

18. The use of the past tense of any verb shall include the present tense and vice versa.

19. The word "any" shall be construed to include "all" and vice versa.

## INSTRUCTIONS

1. YOU are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations or other

1   information as to the location of the DOCUMENTS.

2       2.      If YOU cannot respond to a request for production fully, after a diligent attempt to

3   obtain the requested information, YOU must answer the request to the extent possible, specify the

4   portion of the request YOU are unable to answer, and provide whatever information YOU have

5   regarding the answered portion.

6       3.      In the event that any requested DOCUMENT has been destroyed, lost, discarded or is

7   otherwise no longer in YOUR possession, custody, or control, YOU shall IDENTIFY the

8   DOCUMENT as completely as possible and specify the date, manner and reason the DOCUMENT

9   was disposed, the PERSON who authorized the disposal, and the PERSON who disposed of the

10  DOCUMENT.

11      4.      In the event any information is withheld on a claim of attorney-client privilege, work-

12  product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes

13  at least the following information: the nature of the information contained in the withheld

14  DOCUMENT, the DOCUMENT date, source, and subject matter, the author(s) and recipient(s),

15  such as would enable the privilege claim to be adjudicated, and any authority that YOU assert

16  supports any claim of privilege.

17                    **REQUESTS FOR PRODUCTION OF DOCUMENTS**

18  **REQUEST FOR PRODUCTION NO. 1:**

19      All DOCUMENTS referenced in YOUR response to Hitachi America, Ltd. and Samsung

20  SDI Co., Ltd.'s First Set of Interrogatories.

21  **REQUEST FOR PRODUCTION NO. 2:**

22      All DOCUMENTS RELATED TO any assignment by any other PERSON to YOU of any

23  claim asserted in the COMPLAINT.

24  **REQUEST FOR PRODUCTION NO. 3:**

25      All DOCUMENTS RELATED TO any formal or informal DOCUMENT retention policies

26  or practices that YOU adopted or followed at any time from March 1, 1995 to and including the

27  present.

28

1  **REQUEST FOR PRODUCTION NO. 4:**

2      All settlement agreements between YOU and any other PERSON RELATED TO any of the

3  claims asserted in the COMPLAINT.

4

5  DATED: January 15, 2014                    By: */s/ Eliot A. Adelson*

6                                             Eliot A. Adelson (State Bar No. 205284)
                                             James Maxwell Cooper (State Bar No. 284054)

7                                             KIRKLAND & ELLIS LLP
                                             555 California Street, 27th Floor

8                                             San Francisco, CA 94104
                                             Telephone: (415) 439-1400

9                                             Facsimile: (415) 439-1500

10                                            Attorneys for Defendant,
                                             HITACHI AMERICA, LTD.

11

12

13 DATED: January 15, 2014                    By: /s/ Gary L. Halling

14                                            Gary L. Halling (SBN 66087)
                                             James L. McGinnis (SBN 95788)

15                                            Michael Scarborough (SBN 203524)
                                             SHEPPARD, MULLIN, RICHTER & HAMPTON

16                                            LLP
                                             Four Embarcadero Center, 17th Floor

17                                            San Francisco, CA 94111-4109
                                             Telephone: (415) 434-9100

18                                            Facsimile: (415) 434-3947

19                                            Attorneys for Defendant,

20                                            SAMSUNG SDI CO., LTD.

21

22

23

24

25

26

27

28

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
        anardacci@bsfllp.com

*Counsel for Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION <br><br> This Document Relates To Individual Case No. 3:11-cv-01656-SC (N.D. Cal.) | Case No. 3:11-cv-01656-SC <br><br> Master File No. 3:07-cv-05944-SC (N.D. Cal.) <br><br> MDL No. 1917 |
| ELECTROGRAPH SYSTEMS, INC. AND ELECTROGRAPH TECHNOLOGIES CORP., <br><br>       Plaintiffs, <br><br>   vs. <br><br><br> HITACHI, AMERICA, LTD., AND SAMSUNG SDI CO., LTD., <br><br><br>       Defendants. | **ELECTROGRAPH PLAINTIFFS' OBJECTIONS AND RESPONSES TO HITACHI AMERICA, LTD.'S AND SAMSUNG SDI CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTIES:**    Hitachi America, Ltd. and Samsung SDI Co., Ltd.

**RESPONDING PARTY:**    Electrograph Systems, Inc. and Electrograph Technologies Corp.

**SET:**    One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the Northern District of California, Plaintiffs Electrograph Systems, Inc. and Electrograph Technologies Corp. ("Plaintiffs") hereby respond to Hitachi America, Ltd. and Samsung SDI Co., Ltd.'s ("Defendants") First Requests for Production of Documents to Plaintiffs, dated January 15, 2014, (collectively, the "Requests for Production") including the "Instructions" and "Definitions" contained therein, as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Plaintiffs' responses ("Responses") to each and every request for production contained in the Requests for Production.  No Response to any request for production shall be deemed a waiver of Plaintiffs' General Objections.

1.      Plaintiffs object to the Requests for Production to the extent that they seek to impose obligations on Plaintiffs beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2.      Plaintiffs object to the Requests for Production to the extent that they seek or call for the production of documents or information already in the possession, custody, or control of Defendants.

3.      Plaintiffs object to the Requests for Production to the extent that they seek or call for the production of documents or information that can equally or more readily be obtained by Defendants from public sources.

4.      Plaintiffs object to the Requests for Production to the extent that that they seek or call for the production of documents or information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5.      Plaintiffs object to the Requests for Production to the extent that that they seek or call for the production of documents or information not in Plaintiffs' possession, custody, or control.

6.      Plaintiffs object to the Requests for Production to the extent that that they seek or call for the production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity

applicable under the governing law.  Any information disclosed pursuant to the Requests for Production will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7.     Plaintiffs object to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8.     Plaintiffs object to the Requests for Production to the extent that they seek or call for the production of documents or information that is not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

9.     Plaintiffs object to the Requests for Production to the extent that they are duplicative and cumulative.

10.    Plaintiffs object to the Requests for Production, including the instructions and definitions, on the grounds that Plaintiffs will incur substantial expense complying with them.

11.    Plaintiffs object to the time period specified in the Requests for Production as unduly burdensome and oppressive, and will produce documents on a rolling basis.  Plaintiffs further object to producing documents that were not created during the period of March 1, 1995 to November 25, 2007.

12.    Plaintiffs object to the Requests for Production to the extent that they prematurely call for expert testimony and state that Plaintiffs will provide expert disclosures as provided by the Federal Rules of Civil Procedure.

13.    Plaintiffs have not completed their discovery and preparation in this matter, and their investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Plaintiffs.  Further investigation and discovery may result in the identification of additional documents or information, and Plaintiffs reserve the right to amend or supplement their responses.  Plaintiffs' responses and production should not be construed to

prejudice their right to conduct further investigation in this case, or to limit Plaintiffs use of any additional evidence that may be developed.

14.     Plaintiffs object to the Requests for Production as unduly burdensome to the extent that they require Plaintiffs to search for, locate, and produce "all" documents related to the information requested.  Plaintiffs will conduct a reasonably diligent search for potentially relevant documents.

15.     Any production of information or documents will be subject to the Stipulated Protective Order entered in this action (Dkt. No. 306).

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS referenced in YOUR response to Hitachi America, Ltd. and Samsung SDI Co., Ltd.'s First Set of Interrogatories..

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs refer to and incorporate their General Objections as if set forth fully herein. Plaintiffs specifically object to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive.  Plaintiffs further object to this Request to the extent that it seeks or calls for the production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law.  Plaintiffs further object to this Request on the grounds that it is premature, and that it seeks to impose an undue burden on Plaintiffs to state their entire case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation, many months before the agreed-upon fact discovery deadline. Plaintiffs also object to this Request to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Plaintiffs states that they will produce any responsive, non-privileged documents referenced in Plaintiffs' Responses to Defendants' First Set of Interrogatories.

1   relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the

2   discovery of admissible evidence.

3          Subject to and notwithstanding the foregoing objections, Plaintiffs will produce

4   responsive, non-privileged documents created during the period March 1, 1995 to and including

5   the present, to the extent that such documents exist, are reasonably available, and are kept in the

6   ordinary course of business.

7   **REQUEST NO. 4:**

8          All settlement agreements between YOU and any other PERSON RELATED TO any of

9   the claims asserted in the COMPLAINT.

10  **RESPONSE TO REQUEST NO. 4:**

11         Plaintiffs refer to and incorporate their General Objections as if set forth fully herein.

12  Plaintiffs specifically object to this Request on the grounds that it is overly broad, unduly

13  burdensome, and oppressive. Plaintiffs further object to this request to the extent that it seeks or

14  calls for the production of documents protected from disclosure by the attorney-client privilege,

15  the attorney work product doctrine, or any other privilege, protection, or immunity applicable

16  under the governing law. Plaintiffs further object to this request on the grounds that it seeks

17  documents that are protected by Federal Rule of Evidence 408. Plaintiffs also object to this

18  Request to the extent that that it seeks or calls for the production of documents or information

19  not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request for

20  Production to the extent that it calls for the production of documents or information not relevant,

21  material or necessary to this action and, thus, not reasonably calculated to lead to the discovery

22  of admissible evidence.

23

24  DATED:  February 18, 2014                    _____/s/ Philip J. Iovieno_____

25                                              Philip J. Iovieno
                                                Anne M. Nardacci
26                                              BOIES, SCHILLER & FLEXNER LLP
                                                30 South Pearl Street, 11th Floor
27                                              Albany, NY  12207
                                                Telephone:  (518) 434-0600
28                                              Facsimile:  (518) 434-0665
                                                Email:  piovieno@bsfllp.com

# EXHIBIT E

1  BAKER BOTTS L.L.P.
   Jon V. Swenson (SBN 233054)
2  1001 Page Mill Road
   Building One, Suite 200
3  Palo Alto, CA 94304-1007
   Telephone: (650) 739-7500
4  Facsimile:  (650) 739-7699
   Email: jon.swenson@bakerbotts.com
5
   BAKER BOTTS L.L.P.
6  John M. Taladay (*pro hac vice*)
   Joseph Ostoyich  (*pro hac vice*)
7  Erik T. Koons (*pro hac vice*)
   Charles M. Malaise (*pro hac vice*)
8  1299 Pennsylvania Avenue, N.W.
   Washington, D.C. 20004-2400
9  Telephone: (202) 639-7700
   Facsimile:  (202) 639-7890
10 Email: john.taladay@bakerbotts.com
   Email: joseph.ostoyich@bakerbotts.com
11 Email: erik.koons@bakerbotts.com
   Email: charles.malaise@bakerbotts.com
12
   *Attorneys for Defendant Koninklijke Philips N.V.*
13
   Additional Counsel Listed on Signature Pages
14

15            **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
16              **SAN FRANCISCO DIVISION**

17 In re: CATHODE RAY TUBE (CRT)
   ANTITRUST LITIGATION
18                                              Case No. 3:07-cv-05944-SC
19 ——————————————————————
                                               MDL No. 1917
20 This Document Relates to:

21  Individual Case No. 11-cv-06276-SC         **DEFENDANTS KONINKLIJKE PHILIPS**
                                               **N.V.'S AND TOSHIBA AMERICA**
22 OFFICE DEPOT, INC.                          **ELECTRONIC COMPONENTS, INC.'S**
                                               **FIRST SET OF REQUESTS FOR**
23                          Plaintiff,         **PRODUCTION TO PLAINTIFF OFFICE**
                                               **DEPOT, INC.**
24              v.

25 Hitachi, LTD., ET AL.,

26                          Defendants.

27                                                                    MDL 1917

28  DEFENDANTS KONINKLIJKE PHILIPS N.V.'S AND TOSHIBA AMERICA ELECTRONIC COMPONENTS,
    INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF OFFICE DEPOT, INC., Case No. 11-
                                      CV-06276-SC

1

2

PROPOUNDING PARTIES:     Koninklijke Philips N.V.  and Toshiba America
Electronic Components, Inc.

3

RESPONDING PARTIES:      Office Depot, Inc.

4

SET NO.:                 FIRST

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                    MDL 1917

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Koninklijke Philips N.V. and Toshiba America Electronic Components, Inc. hereby request that Office Depot Inc. ("Plaintiff") produce for each and copying each of the DOCUMENTS and other things described below at the offices of Baker Botts LLP, Attn: Charles M. Malaise, 1299 Pennsylvania Ave NW, Washington, DC 20004, within thirty (30) days after the date of the service hereof.

## **DEFINITIONS**

For the purposes of these Requests for Production, the following definitions apply:

1.      "All" shall be construed as all, each, any, and every.

2.      "And" and "or" shall be construed in the conjunctive or disjunctive as necessary to bring within the scope of the Requests for Production all information that might otherwise be construed to be outside their scope.

3.      "COMPLAINT" means the First Amended Complaint filed by the Plaintiff in the United States District Court for the Northern District of California, Case No. 11-cv-06276-SC, MDL No. 1917, on or about October 3, 2013.

4.      "DOCUMENT(S)" has the broadest possible meaning permissible under the Federal Rules of Civil Procedure and/or applicable precedent, including but not limited to any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, pamphlets, brochures, books, booklets, information sheets, papers, articles, journals, magazines, computer printouts, Internet search results, tapes, discs or other forms of audio, visual or audio/visual recordings, records, memoranda, reports, financial statements, affidavits, handwritten and other notes, transcripts, paper, indices, letters, envelopes, telegrams, cables, electronic mail messages, telex messages, telecopied messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes

or transcriptions or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, product labels, prescriptions, package inserts or other information accompanying medications, maintenance or service records, appointment books, diaries, billing records, checks, bank account statements, invoices, photographs, microfilms, tapes or other records, punch cards, magnetic tapes, discs, data cells, drums, printouts, other data compilations (in any form) from which information can be obtained, recordings made through data processing techniques and the written information necessary to understand and use such materials, and any other documents discoverable under the Federal Rules of Civil Procedure.

5.      "INTERROGATORIES" refers to the interrogatories enumerated in the Defendants Koninklijke Philips N.V. and Toshiba America Electronic Components, Inc.'s First Set of Interrogatories to Plaintiff served concurrently with these Requests for Production.

6.      "PERSON" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

7.      "RELATED TO" means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, or setting forth, or having any logical or factual connection whatsoever with the subject matter in question.

8.      "YOU" and "YOUR" means the Plaintiff responding to these Requests, its direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, predecessors, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on their behalf. "YOU" or "YOUR" includes, but is not limited to, all entities who assigned their claims to YOU.

9.      The singular form of any noun or pronoun includes the plural, and vice versa.

10.     Terms in the present tense include terms in the past tense, and terms in the past tense include terms in the present tense.

## INSTRUCTIONS

1.     YOU are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations or other information as to the location of the DOCUMENTS.

2.     If YOU cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, YOU must answer the request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the answered portion.

3.     In the event that any requested DOCUMENT has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody, or control, YOU shall identify the DOCUMENT as completely as possible and specify the date, manner and reason the DOCUMENT was disposed, the PERSON who authorized the disposal, and the PERSON who disposed of the DOCUMENT.

4.     In the event any information is withheld on a claim of attorney-client privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes at least the following information:  the nature of the information contained in the withheld DOCUMENT, the DOCUMENT date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU assert supports any claim of privilege.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS referenced in YOUR response to Koninklijke Philips N.V.'s and Toshiba America Electronic Components, Inc.'s First Set of Interrogatories.

DEFENDANTS KONINKLIJKE PHILIPS N.V.'S AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF OFFICE DEPOT, INC., Case No. 11-CV-06276-SC

1    **REQUEST FOR PRODUCTION NO. 2:**

2           All DOCUMENTS RELATED TO any assignment by any other PERSON to YOU of any

3    claim asserted in the COMPLAINT.

4    **REQUEST FOR PRODUCTION NO. 3:**

5           All DOCUMENTS RELATED TO any formal or informal DOCUMENT retention

6    policies or practices that YOU adopted or followed at any time from March 1, 1995 to

7    and including the present.

8    **REQUEST FOR PRODUCTION NO. 4:**

9           All settlement agreements between YOU and any other PERSON RELATED TO any

10   of the claims asserted in the COMPLAINT.

11

12   Dated: February 19, 2014                    Respectfully Submitted:

13                                               By: _____

14

15                                               John M. Taladay (*pro hac vice*)
                                                 Joseph Ostoyich (*pro hac vice*)
16                                               Erik T. Koons (*pro hac vice*)
                                                 Charles M. Malaise (*pro hac vice*)
17                                               BAKER BOTTS L.L.P.
                                                 1299 Pennsylvania Avenue, N.W.
18                                               Washington, D.C. 20004-2400
                                                 Telephone: (202) 639-7700
19                                               Facsimile:  (202) 639-7890
                                                 Email: john.taladay@bakerbotts.com
20                                               Email: joseph.ostoyich@bakerbotts.com
                                                 Email: erik.koons@bakerbotts.com
21                                               Email: charles.malaise@bakerbotts.com

22                                               *Attorneys for Defendant Koninklijke Philips
                                                 N.V.*
23

24                                               Christopher M. Curran (*pro hac vice*)
                                                 ccurran@whitecase.com
25                                               Lucius B. Lau (*pro hac vice*)
                                                 alau@whitecase.com
26                                               Dana E. Foster (*pro hac vice*)

27                                        5                                    MDL 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant Toshiba America
Electronic Components, Inc.*

6

DEFENDANTS KONINKLIJKE PHILIPS N.V.'S AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF OFFICE DEPOT, INC., Case No. 11-CV-06276-SC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the documents listed below to be served by e-mail transmission on February 19, 2014 to each of the persons set forth in the attached service list below.

1. DEFENDANTS KONINKLIJKE PHILIPS N.V.'S AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S  FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF OFFICE DEPOT, INC.

Dated: February 19, 2014

_____
Charles M. Malaise

DEFENDANTS KONINKLIJKE PHILIPS N.V.'S AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF OFFICE DEPOT, INC., Case No. 11-CV-06276-SC

*In re: Cathode Ray Tube (CRT) Antitrust Litigation* - **MDL No. 1917**

**SERVICE LIST**

| | |
|---|---|
| Mario N. Alioto<br>Lauren C. Capurro (Russell)<br>E-mail: malioto@tatp.com<br>E-mail: laurenrussell@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br><br>*Interim Lead Counsel for the Indirect Purchaser Plaintiffs* | Guido Saveri<br>R. Alexander Saveri<br>Geoffrey C. Rushing<br>E-mail: guido@saveri.com<br>E-mail: rick@saveri.com<br>E-mail: grushing@saveri.com<br>SAVERI & SAVERI, INC.<br><br>*Interim Lead Counsel for the Direct Purchaser Plaintiffs* |
| Philip J. Iovieno<br>William Isaacson<br>Anne M. Naracci<br>E-mail: piovieno@bsfllp.com<br>Email:  wisaacson@bsfllp.com<br>E-mail: anaracci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br><br>*Liaison Counsel for Direct Action Plaintiffs and Counsel for Plaintiff Office Depot, Inc.* | Emilio Varanini<br>E-mail: emilio.varanini@doj.ca.gov<br>OFFICE OF THE ATTORNEY GENERAL OF CALIFORNIA<br><br>*Attorneys for the State of California* |
| *All defense counsel* ||

DEFENDANTS KONINKLIJKE PHILIPS N.V.'S AND TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF OFFICE DEPOT, INC., Case No. 11-CV-06276-SC

1    Stuart H. Singer
     BOIES, SCHILLER, & FLEXNER LLP
2    401 East Las Olas Boulevard, Suite 1200
     Fort Lauderdale, Florida 33301
3    Telephone: (954) 356-0011
     Facsimile: (954) 356-0022
4    Email: ssinger@bsfllp.com

5    William A. Isaacson
     BOIES, SCHILLER & FLEXNER LLP
6    5301 Wisconsin Ave. NW, Suite 800
     Washington, D.C.  20015
7    Telephone:  (202) 237-2727
     Facsimile:   (202) 237-6131
8    Email:  wisaacson@bsfllp.com

9    Philip J. Iovieno
     Anne M. Nardacci
10   BOIES, SCHILLER & FLEXNER LLP
     30 South Pearl Street, 11th Floor
11   Albany, NY  12207
     Telephone:  (518) 434-0600
12   Facsimile:   (518) 434-0665
     Email:  piovieno@bsfllp.com
13           anardacci@bsfllp.com

14   *Counsel for Plaintiff Office Depot, Inc.*

15                **UNITED STATES DISTRICT COURT**
                 **NORTHERN DISTRICT OF CALIFORNIA**
16                  **SAN FRANCISCO DIVISION**

17   In re: CATHODE RAY TUBE (CRT)        Case No. 3:11-cv-06276-SC
     ANTITRUST LITIGATION
18                                         Master File No. 3:07-cv-05944-SC (N.D. Cal.)
19   This Document Relates To Individual Case No.
     3:11-cv-06276-SC (N.D. Cal.)          MDL No. 1917

20   OFFICE DEPOT, INC.,                   **OFFICE DEPOT, INC.'S OBJECTIONS
                                           AND RESPONSES TO KONINKLIJKE
21                                         PHILIPS N.V.'S AND TOSHIBA
                                           AMERICA ELECTRONIC
22              Plaintiff,                  COMPONENTS, INC.'S FIRST SET  OF
                                           REQUESTS FOR PRODUCTION OF
23        vs.                              DOCUMENTS**

24
     KONINKLIJKE PHILIPS N.V. AND
25   TOSHIBA AMERICA ELECTRONIC
     COMPONENTS, INC.,
26
              Defendants.
27

28

1

**PROPOUNDING PARTIES:**   Koninklijke Philips N.V. and Toshiba America Electronic
                          Components, Inc.

2

**RESPONDING PARTY:**     Office Depot, Inc.

3

**SET:**                  One

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the Northern District of California Plaintiff Office Depot, Inc. ("Plaintiff") hereby responds to Koninklijke Philips N.V.'s and Toshiba America Electronic Components, Inc.'s ("Defendants") First Requests for Production of Documents to Plaintiff, dated February 19, 2014, (collectively, the "Requests for Production") including the "Instructions" and "Definitions" contained therein, as follows:

**GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in Plaintiff's responses ("Responses") to each and every request for production contained in the Requests for Production.  No Response to any request for production shall be deemed a waiver of Plaintiff's General Objections.

1.     Plaintiff objects to the Requests for Production to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2.     Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information already in the possession, custody, or control of Defendants.

3.     Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that can equally or more readily be obtained by Defendants from public sources.

4.     Plaintiff objects to the Requests for Production to the extent that that they seek or call for the production of documents or information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5.     Plaintiff objects to the Requests for Production to the extent that that they seek or call for the production of documents or information not in Plaintiff's possession, custody, or control.

6.     Plaintiff objects to the Requests for Production to the extent that that they seek or call for the production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity

applicable under the governing law.  Any information disclosed pursuant to the Requests for Production will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7.      Plaintiff objects to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8.      Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiff objects to the Requests for Production to the extent that they are duplicative and cumulative.

10.     Plaintiff objects to the Requests for Production, including the instructions and definitions, on the grounds that Plaintiff will incur substantial expense complying with them.

11.     Plaintiff objects to the time period specified in the Requests for Production as unduly burdensome and oppressive, and will produce documents on a rolling basis.  Plaintiff further objects to producing documents that were not created during the period of March 1, 1995 to November 25, 2007.

12.     Plaintiff objects to the Requests for Production to the extent that they prematurely call for expert testimony and state that Plaintiff will provide expert disclosures as provided by the Federal Rules of Civil Procedure.

13.     Plaintiff has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification of additional documents or information, and Plaintiff reserves the right to amend or supplement its responses.  Plaintiff's responses and production should not be construed to prejudice its right to conduct further investigation in this case, or to limit its use of any additional evidence that

1  may be developed.

2  14.    Plaintiff objects to the Requests for Production as unduly burdensome to the extent that

3  they require Plaintiff to search for, locate, and produce "all" documents related to the

4  information requested.  Plaintiff will conduct a reasonably diligent search for potentially relevant

5  documents.

6  15.    Any production of information or documents will be subject to the Stipulated Protective

7  Order entered in this action (Dkt. No. 306).

8  **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

9  **REQUEST NO. 1:**

10    All DOCUMENTS referenced in YOUR response to Koninklijke Philips N.V.'s and

11  Toshiba America Electronic Components, Inc.'s First Set of Interrogatories.

12  **RESPONSE TO REQUEST NO. 1:**

13    Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

14  Plaintiff specifically objects to this Request on the grounds that it is overly broad, unduly

15  burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks or

16  calls for the production of documents protected from disclosure by the attorney-client privilege,

17  the attorney work product doctrine, or any other privilege, protection, or immunity applicable

18  under the governing law.  Plaintiff further objects to this Request on the grounds that it is

19  premature, and that it seeks to impose an undue burden on Plaintiff to state its entire case on an

20  incomplete record and review and analyze all information obtained in discovery thus far at this

21  stage of this litigation, many months before the agreed-upon fact discovery deadline.  Plaintiff

22  also objects to this Request to the extent that it calls for the production of documents or

23  information not relevant, material or necessary to this action and, thus, not reasonably calculated

24  to lead to the discovery of admissible evidence.

25    Subject to and notwithstanding the foregoing objections, Plaintiff states that it will

26  produce any responsive, non-privileged documents referenced in its Responses to Defendants'

27  First Set of Interrogatories.

28

1 relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the

2 discovery of admissible evidence.

3      Subject to and notwithstanding the foregoing objections, Plaintiff will produce

4 responsive, non-privileged documents created during the period March 1, 1995 to and including

5 the present, to the extent that such documents exist, are reasonably available, and are kept in the

6 ordinary course of business.

7 **REQUEST NO. 4:**

8      All settlement agreements between YOU and any other PERSON RELATED TO any of

9 the claims asserted in the COMPLAINT.

10 **RESPONSE TO REQUEST NO. 4:**

11      Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

12 Plaintiff specifically objects to this Request on the grounds that it is overly broad, unduly

13 burdensome, and oppressive. Plaintiff further objects to this request to the extent that it seeks or

14 calls for the production of documents protected from disclosure by the attorney-client privilege,

15 the attorney work product doctrine, or any other privilege, protection, or immunity applicable

16 under the governing law. Plaintiff further objects to this request on the grounds that it seeks

17 documents that are protected by Federal Rule of Evidence 408. Plaintiff also objects to this

18 Request to the extent that that it seeks or calls for the production of documents or information

19 not in Plaintiff's possession, custody, or control. Plaintiff further objects to this Request for

20 Production to the extent that it calls for the production of documents or information not relevant,

21 material or necessary to this action and, thus, not reasonably calculated to lead to the discovery

22 of admissible evidence.

23

24 DATED:  March 24, 2014          /s/ Philip J. Iovieno

25          Philip J. Iovieno
         Anne M. Nardacci

26          BOIES, SCHILLER & FLEXNER LLP
         30 South Pearl Street, 11th Floor

27          Albany, NY  12207
         Telephone:  (518) 434-0600

28          Facsimile:  (518) 434-0665
         Email:  piovieno@bsfllp.com

# EXHIBIT F

1   SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability partnership
2    Including Professional Corporations
    GARY L. HALLING, Cal. Bar No. 66087
3   JAMES L. McGINNIS, Cal. Bar No. 95788
    MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
4   MONA SOLOUKI, Cal. Bar No. 215145
    TYLER M. CUNNINGHAM, Cal. Bar No. 243694
5   Four Embarcadero Center, 17th Floor
    San Francisco, CA  94111-4109
6   Telephone:   (415) 434-9100
    Facsimile:   (415) 434-3947
7   E-mail:       ghalling@sheppardmullin.com
                  jmcginnis@sheppardmullin.com
8                 mscarborough@sheppardmullin.com
                  msolouki@sheppardmullin.com
9                 tcunningham@sheppardmullin.com

10  Attorneys for Defendants
    SAMSUNG SDI AMERICA, INC.,
11  SAMSUNG SDI CO., LTD.,
    SAMSUNG SDI (MALAYSIA) SDN. BHD.,
12  SAMSUNG SDI MEXICO S.A. DE C.V.,
    SAMSUNG SDI BRASIL LTDA.,
13  SHENZEN SAMSUNG SDI CO., LTD. and
    TIANJIN SAMSUNG SDI CO., LTD.

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18

19                                          Case No. 07-5944 SC

20  In re: CATHODE RAY TUBE (CRT)
    ANTITRUST LITIGATION                    MDL No. 1917

21
                                            Individual Case No. 3:13-cv-01173-SC
22  _____

23  This Document Relates to:               **SAMSUNG SDI AMERICA, INC.'S
                                            FIRST SET OF REQUESTS FOR
24  DELL ACTION                             PRODUCTION OF DOCUMENTS TO
    Case No. 3:13-cv-01173-SC               SHARP PLAINTIFFS**
25
26  _____

27

28

1      PROPOUNDING PARTY:      Samsung SDI America, Inc. ("SDIA")

2      RESPONDING PARTIES:      Sharp Electronics Corporation and Sharp

3                            Electronics Manufacturing Company of America,

4                            Inc. (collectively "Sharp" or "Plaintiffs")

5      SET NO.:      ONE

MDL No. 1917; Individual Case No. 3:13-cv-01173      SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO SHARP PLAINTIFFS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants hereby request that Plaintiffs produce for inspection and copying each of the documents and other things described below at the offices of Sheppard Mullin Richter & Hampton, 4 Embarcadero Ctr. 17th Floor, San Francisco, CA 94111 within thirty (30) days after the date of the service hereof.

## I.

## DEFINITIONS

1.      "YOU," "YOUR" and "YOURSELF" mean the Plaintiffs responding to these requests, as well as any employees, agents, attorneys, representatives, or other persons acting or purporting to act on behalf of the responding Plaintiff.

2.      "COMPLAINT" means the First Amended Complaint filed by Sharp in the Northern District of California, Case No. 3:13-cv-01173-SC, MDL No. 1917, on or about October 28, 2013.

3.      "CO-CONSPIRATOR" has the same meaning as in the COMPLAINT.

4.      "CONTROL" or " CONTROLLED" means to exercise restraint or direction over; dominate, regulate or command, or to have the power or authority to guide or manage.  *See In re ATM Fee Antitrust Litig*., 686 F.3d 741, 757 (9th Cir. 2012).

5.      "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 3 of the COMPLAINT.

6.      "CRT PRODUCT" as used herein refers to electronic devices containing CDTs (such as monitors) and CPTs (such as televisions), as described in Paragraph 3 of the COMPLAINT.

7.      "CPT PRODUCTS" means finished products containing CPTs, such as CRT televisions.

8.      "CDT PRODUCTS" means finished products containing CDTs, such as CRT monitors.

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SHARP PLAINTIFFS

9.      "DEFENDANTS" means the entities enumerated in paragraphs 23 through 65 of the COMPLAINT.

10.     "EVIDENCE" means documents or percipient witness statements or testimony.

11.     "OWN" or "OWNED," when unmodified, means majority ownership. However, the terms "partially-owned" or "wholly-owned" have the same meanings as in the COMPLAINT.

12.     "RELEVANT PERIOD" means March 1, 1995 through November 25, 2007, as defined in paragraph 1 of the COMPLAINT.

13.     To "IDENTIFY" means, with respect to a DOCUMENT, to state the Bates number; or if the DOCUMENT has no Bates number, then to state the: (i) type of DOCUMENT, (ii) general subject matter; (iii) date of the DOCUMENT; (iv) the author(s), addressee(s) and recipient(s).

14.     "PERSON" means any individual or group of individuals, corporation partnership, association, governmental entity, department, commission, bureau or other kind of legal or business entity.

15.     "RELATED TO" means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, or setting forth, or having any logical or factual connection whatsoever with the subject matter in question.

16.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

17.     All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

18.     The use of the past tense of any verb shall include the present tense and vice versa.

19.     The word "any" shall be construed to include "all" and vice versa.

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO SHARP PLAINTIFFS

## II.

### INSTRUCTIONS

1.      YOU are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations or other information as to the location of the DOCUMENTS.

2.      If YOU cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, YOU must answer the request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the answered portion.

3.      In the event that any requested DOCUMENT has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody, or control, YOU shall IDENTIFY the DOCUMENT as completely as possible and specify the date, manner and reason the DOCUMENT was disposed, the PERSON who authorized the disposal, and the PERSON who disposed of the DOCUMENT.

4.      In the event any information is withheld on a claim of attorney-client privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the DOCUMENT date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU assert supports any claim of privilege.

## III.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS referenced in YOUR response to SDIA'S First Set of Interrogatories.

SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SHARP PLAINTIFFS

1  **REQUEST FOR PRODUCTION NO. 2:**

2       All DOCUMENTS RELATED TO any assignment by any other PERSON to YOU

3  of any claim asserted in the COMPLAINT.

4  **REQUEST FOR PRODUCTION NO. 3:**

5       All DOCUMENTS RELATED TO any formal or informal DOCUMENT retention

6  policies or practices that YOU adopted or followed at any time from March 1, 1995 to and

7  including the present.

8  **REQUEST FOR PRODUCTION NO. 4:**

9       All settlement agreements between YOU and any other PERSON RELATED TO

10  any of the claims asserted in the COMPLAINT.

11
12  DATED:  January 13, 2014

13                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14

15                    By _____
                                    */s/ Mona Solouki*
16                              MONA SOLOUKI

17                           Attorneys for Defendants
                        SAMSUNG SDI AMERICA, INC.,
18                         SAMSUNG SDI CO., LTD.,
                   SAMSUNG SDI (MALAYSIA) SDN. BHD.,
19                 SAMSUNG SDI MEXICO S.A. DE C.V.,
                       SAMSUNG SDI BRASIL LTDA.,
20                 SHENZEN SAMSUNG SDI CO., LTD. and
                     TIANJIN SAMSUNG SDI CO., LTD.
21

22

23

24

25

26

27

28

-5-

Kenneth A. Gallo *(pro hac vice)*
Joseph J. Simons *(pro hac vice)*
Craig A. Benson *(pro hac vice)*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation,*
and
*Sharp Electronics Manufacturing Company of America, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | Individual Case No. 3:13-cv-01173-SC |
| *Sharp Electronics Corporation, et al. v. Hitachi, Ltd. et al.,* Case No. 3:13-cv-01173-SC | **SHARP'S RESPONSES TO SAMSUNG SDI AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY:          Samsung SDI America, Inc. ("SDIA")

RESPONDING PARTIES:         Sharp Electronics Corporation and Sharp

Electronics Manufacturing Company of America,

Inc. (collectively "Sharp" or "Plaintiffs")

SET NO.:                    ONE

SHARP'S RESPONSES TO SAMSUNG SDI AMERICA, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the

2    Local Rules of the Northern District of California, Sharp Electronics Corporation and Sharp

3    Electronics Manufacturing Company of America, Inc., (collectively, "Sharp") hereby respond to

4    Samsung SDI America, Inc.'s (the "Defendant") First Set of Requests for Production of

5    Documents, dated January 13, 2014 (the "Requests for Production") as follows:

6                              **GENERAL OBJECTIONS**

7    The following general objections ("General Objections") are incorporated in Sharp's

8    responses ("Responses") to each and every request for production contained in the Requests for

9    Production.  No Response to any request for production shall be deemed a waiver of Sharp's

10   General Objections.

11   1.    Sharp objects to the Requests for Production to the extent that they seek to impose

12   obligations on Sharp beyond those imposed by the Federal Rules of Civil Procedure, the Local

13   Civil Rules of the Northern District of California, or any applicable order of this Court.

14   2.    Sharp objects to the Requests for Production to the extent that they seek or call for the

15   production of documents or information protected from disclosure by the attorney-client

16   privilege, the attorney work product doctrine, or any other privilege, protection, or immunity

17   applicable under the governing law.  Any information disclosed pursuant to the Requests for

18   Production will be disclosed without waiving, but on the contrary reserving and intending to

19   reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of

20   privileged information shall not be deemed a waiver of the applicable privilege, protection, or

21   immunity.

22   3.    Sharp objects to the Requests for Production to the extent that they are vague, ambiguous,

23   overly broad, unduly burdensome, and oppressive.

24   4.    Sharp objects to the Requests for Production to the extent that they seek or call for the

25   production of documents or information that is neither relevant to this litigation, nor reasonably

26   calculated to lead to the discovery of admissible evidence.  Further, these Responses and

27   Objections are without prejudice to, and not a waiver of, Sharp's right to contend at trial or

28

- 1 -

otherwise in this action that such information is irrelevant, immaterial, inadmissible, or not a proper basis for discovery, nor any objection by Sharp to any future use of such information.

5.      Sharp objects to the Requests for Production to the extent that they are duplicative and cumulative of other discovery propounded in this case.

6.      Sharp objects to the time period specified in the Requests for Production for production of documents as unduly burdensome and oppressive, and Sharp will produce documents on a rolling basis.

7.      Sharp objects to the Requests for Production to the extent they seek or call for production of documents created during a vague, overbroad, or undefined period of time.  Unless otherwise specified, Sharp will produce documents that were created during the period of March 1, 1995 to December 31, 2007.

8.      Sharp objects to the Requests for Production to the extent that they prematurely call for expert testimony and evidence and states that Sharp will provide expert disclosures as provided by the Federal Rules of Civil Procedure, and upon the schedule stipulated by the parties in this action.

9.      Sharp's investigation of this case is ongoing and discovery in this matter remains open until at least September 5, 2014.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Sharp.  Further investigation and discovery may result in the identification of additional information, and Sharp reserves the right to modify its responses.  Sharp's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit its use of any additional evidence that may be developed.

10.     Sharp objects to the Requests for Production as unduly burdensome to the extent that they require Sharp to search for, locate, and produce "all" documents related to the information requested.  Sharp will instead conduct a reasonable search for potentially relevant documents responsive to unobjectionable portions of the Requests for Production, as indicated in the specific responses below.

- 2 -

1    11.      Any production of information or documents will be subject to the Stipulated Protective

2    Order entered in this action (Dkt. No. 306).

3    12.      Sharp reserves the right to object to and/or challenge any evidence on grounds of

4    competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or

5    proceeding with respect to any documents sought by the Requests and all answers Sharp

6    provides in response to these requests.

7                    **OBJECTIONS TO CERTAIN DEFINITIONS AND INSTRUCTIONS**

8    **DEFINITION NO. 4:**

9           "CONTROL" or "CONTROLLED" means to exercise restraint or direction over;

10   dominate, regulate or command, or to have the power or authority to guide or manage.  *See In re*

11   *ATM Fee Antitrust Litig.,* 686 F.3d 741, 757 (9th Cir. 2012).

12   **OBJECTIONS TO DEFINITION NO. 4:**

13          Sharp objects to Definition No. 4 as vague, ambiguous and overbroad as defined.  Sharp

14   further objects to the extent this Definition calls for a legal conclusion, and to the extent it is

15   inconsistent with Ninth Circuit precedent and this Court's prior rulings in this matter.

16   **DEFINITION NO. 5:**

17          "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 3 of the

18   COMPLAINT.

19   **OBJECTIONS TO DEFINITION NO. 5:**

20          Sharp objects to Definition No. 5 to the extent that it mischaracterizes Sharp's Complaint.

21   Sharp interprets the term "CRTs" as defined in its complaint as "CPTs and CDTs of all sizes."

22   **DEFINITION NO. 6:**

23          "CRT PRODUCT" as used herein refers to electronic devices containing CDTs (such as

24   monitors) and CPTs (such as televisions), as described in Paragraph 3 of the COMPLAINT.

25   **OBJECTIONS TO DEFINITION NO. 6:**

26          Sharp objects to Definition No. 6 to the extent that it mischaracterizes and is inconsistent

27   with the definition of CRT Products in paragraph 3 of the Complaint.  For purposes of these

28                                          - 3 -

**REQUEST FOR PRODUCTION NO. 4:**

All settlement agreements between YOU and any other PERSON RELATED TO any of the claims asserted in the COMPLAINT.

**RESPONSE FOR PRODUCTION NO. 4:**

Sharp refers to and incorporates its General Objections as if set forth fully herein.  Sharp specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and oppressive.  Sharp further objects to this request to the extent that it seeks or calls for the production of documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under governing law.  Sharp further objects to this request on the grounds that it seeks documents that are protected by Federal Rule of Evidence 408.  Sharp also objects to this Request to the extent that it seeks or calls for the production of documents or information not in Sharp's possession, custody, or control.  Sharp further objects to this Request to the extent that it calls for the production of documents or information not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

EXHIBIT G

1  Eliot A. Adelson (State Bar No. 205284)
   James Maxwell Cooper (State Bar No. 284054)
2  KIRKLAND & ELLIS LLP
   555 California Street, 27th Floor
3  San Francisco, CA  94104
   Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500
   Email: eadelson@kirkland.com
5  Email: max.cooper@kirkland.com

6

7  James H. Mutchnik, P.C. (*pro hac vice*)
   Kate Wheaton (*pro hac vice*)
8  KIRKLAND & ELLIS LLP
   300 North LaSalle
9  Chicago, Illinois  60654
   Telephone: (312) 862-2000
10 Facsimile: (312) 862-2200
   Email: jmutchnik@kirkland.com
11 Email: kate.wheaton@kirkland.com

12 Attorneys for Defendant
   HITACHI AMERICA, LTD.

13

14 *Additional Counsel Listed on Signature Page*

15

16                **UNITED STATES DISTRICT COURT**

17               **NORTHERN DISTRICT OF CALIFORNIA**

18                    **SAN FRANCISCO DIVISION**

19 In Re CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
   ANTITRUST LITIGATION
20                                        MDL No. 1917

21                                        Individual Case No. 3:12-cv-02649-SC

22 _____

23 This Document Relates To:              **HITACHI AMERICA, LTD. AND
                                          SAMSUNG SDI CO., LTD.'S FIRST SET**
24 The Schultze Agency Services, LLC on behalf of   **OF REQUESTS FOR PRODUCTION OF
   Tweeter Opco, LLC and Tweeter Newco, LLC         DOCUMENTS TO THE SCHULTZE**
25 Actions                                          **AGENCY SERVICES, LLC ON BEHALF
                                                    OF TWEETER OPCO, LLC AND
26                                                  TWEETER NEWCO, LLC**

27

28

| | |
|---|---|
| **PROPOUNDING PARTIES:** | Defendants Hitachi America, Ltd. and Samsung SDI Co., Ltd. |
| **RESPONDING PARTIES:** | The Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC |
| **SET NO.** | ONE |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Hitachi America, Ltd. ("Hitachi") and Samsung SDI Co., Ltd. ("Samsung") hereby requests that Plaintiffs the Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC in the above-captioned action ("Plaintiffs") produce for inspection and copying each of the documents and other things described below at the offices of Kirkland & Ellis LLP, Attn: Eliot Adelson, 555 California Street, 27th Floor, San Francisco, CA 94104, within thirty (30) days after the date of the service hereof.

## **DEFINITIONS**

1.      "YOU," "YOUR" and "YOURSELF" mean the Plaintiffs responding to these requests, as well as any employees, agents, attorneys, representatives, or other persons acting or purporting to act on behalf of the responding Plaintiff.

2.      "COMPLAINT" means the First Amended Complaint filed by Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC in the Northern District of California, Case No. 3:12-cv-02649, MDL No. 1917, on or about October 3, 2013.

3.      "CO-CONSPIRATOR" has the same meaning as in the COMPLAINT.

4.      "CONTROL" or "CONTROLLED" means to exercise restraint or direction over; dominate, regulate or command, or to have the power or authority to guide or manage. *See In re ATM Fee Antitrust Litig*., 686 F.3d 741, 757 (9th Cir. 2012).

5.      "CRT" as used herein refers to CPTs and CDTs, as defined in Paragraph 2 of the COMPLAINT.

6.      "CRT PRODUCT" as used herein refers to electronic devices containing CDTs (such as monitors) and CPTs (such as televisions), as described in Paragraph 2 of the COMPLAINT.

7.      "CPT PRODUCTS" means finished products containing CPTs, such as CRT televisions.

8.     "CDT PRODUCTS" means finished products containing CDTs, such as CRT monitors.

9.     "DEFENDANTS" means the entities enumerated in paragraphs 23 through 66 of the COMPLAINT.

10.     "EVIDENCE" means documents or percipient witness statements or testimony.

11.     "OWN" or "OWNED," when unmodified, means majority ownership.  However, the terms "partially-owned" or "wholly-owned" have the same meanings as in the COMPLAINT.

12.     "RELEVANT PERIOD" means March 1, 1995 through November 25, 2007, as defined in paragraph 1 of the COMPLAINT.

13.     To "IDENTIFY" means, with respect to a DOCUMENT, to state the Bates number; or if the DOCUMENT has no Bates number, then to state the: (i) type of DOCUMENT, (ii) general subject matter; (iii) date of the DOCUMENT; (iv) the author(s), addressee(s) and recipient(s).

14.     "PERSON" means any individual or group of individuals, corporation partnership, association, governmental entity, department, commission, bureau or other kind of legal or business entity.

15.     "RELATED TO" means concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, explaining, supporting, discussing, showing, describing, reflecting, analyzing, constituting, or setting forth, or having any logical or factual connection whatsoever with the subject matter in question.

16.     The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the requests more inclusive.

17.     All nouns in the singular or plural shall be construed in the singular or plural, whichever makes the requests more inclusive.

18.     The use of the past tense of any verb shall include the present tense and vice versa.

19.     The word "any" shall be construed to include "all" and vice versa.

**INSTRUCTIONS**

1.      YOU are required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations or other information as to the location of the DOCUMENTS.

2.      If YOU cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, YOU must answer the request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the answered portion.

3.      In the event that any requested DOCUMENT has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody, or control, YOU shall IDENTIFY the DOCUMENT as completely as possible and specify the date, manner and reason the DOCUMENT was disposed, the PERSON who authorized the disposal, and the PERSON who disposed of the DOCUMENT.

4.      In the event any information is withheld on a claim of attorney-client privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the DOCUMENT date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU assert supports any claim of privilege.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS referenced in YOUR response to Defendants Hitachi America, Ltd. and Samsung SDI Co., Ltd.'s First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATED TO any assignment by any other PERSON to YOU of any claim asserted in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATED TO any formal or informal DOCUMENT retention policies or practices that YOU adopted or followed at any time from March 1, 1995 to and including the present.

**REQUEST FOR PRODUCTION NO. 4:**

All settlement agreements between YOU and any other PERSON RELATED TO any of the claims asserted in the COMPLAINT.


DATED:  January 15, 2014          By: _/s/ Eliot A. Adelson_____
                                  Eliot A. Adelson (State Bar No. 205284)
                                  James Maxwell Cooper (State Bar No. 284054)
                                  KIRKLAND & ELLIS LLP
                                  555 California Street, 27th Floor
                                  San Francisco, CA 94104
                                  Telephone: (415) 439-1400
                                  Facsimile: (415) 439-1500
                                  Email: eadelson@kirkland.com
                                  Email: max.cooper@kirkland.com

                                  Attorneys for Defendant,
                                  HITACHI AMERICA, LTD.


DATED:  January 15, 2014          By: /s/ Gary L. Halling_____

                                  Gary L. Halling (SBN 66087)
                                  James L. McGinnis (SBN 95788)
                                  Michael Scarborough (SBN 203524)
                                  SHEPPARD, MULLIN, RICHTER &
                                  HAMPTONLLP
                                  Four Embarcadero Center, 17th Floor
                                  San Francisco, CA 94111-4109
                                  Telephone: (415) 434-9100
                                  Facsimile: (415) 434-3947

                                  Attorneys for Defendant,
                                  SAMSUNG SDI CO., LTD.

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email:  wisaacson@bsfllp.com

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
        anardacci@bsfllp.com

*Counsel for Plaintiff Schultze Agency Services, LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:12-cv-02649-SC (N.D. Cal.) | Case No. 3:12-cv-02649-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917 |
| SCHULTZE AGENCY SERVICES, LLC ON BEHALF OF TWEETER OPCO, LLC AND TWEETER NEWCO, LLC ACTIONS,<br><br>        Plaintiff,<br><br>  vs.<br><br>HITACHI, AMERICA, LTD., AND SAMSUNG SDI CO., LTD.,<br><br>        Defendants. | **SCHULTZE AGENCY SERVICES, LLC'S (TWEETER) OBJECTIONS AND RESPONSES TO HITACHI AMERICA, LTD.'S AND SAMSUNG SDI CO., LTD.'S FIRST SET  OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

**PROPOUNDING PARTIES:**          Hitachi America, Ltd. and Samsung SDI Co., Ltd.

2

**RESPONDING PARTY:**          Schultze Agency Services, LLC on behalf of Tweeter Opco,
LLC and Tweeter Newco, LLC

3

4

**SET:**          One

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the Local Rules of the Northern District of California, Plaintiff Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC ("Plaintiff") hereby responds to Hitachi America, Ltd.'s and Samsung SDI Co., Ltd.'s ("Defendants") First Requests for Production of Documents to Plaintiff, dated January 15, 2014, (collectively, the "Requests for Production") including the "Instructions" and "Definitions" contained therein, as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in Plaintiff's responses ("Responses") to each and every request for production contained in the Requests for Production.  No Response to any request for production shall be deemed a waiver of Plaintiff's General Objections.

1.      Plaintiff objects to the Requests for Production to the extent that they seek to impose obligations on Plaintiff beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2.      Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information already in the possession, custody, or control of Defendants.

3.      Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that can equally or more readily be obtained by Defendants from public sources.

4.      Plaintiff objects to the Requests for Production to the extent that that they seek or call for the production of documents or information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5.      Plaintiff objects to the Requests for Production to the extent that that they seek or call for the production of documents or information not in Plaintiff's possession, custody, or control.

6.      Plaintiff objects to the Requests for Production to the extent that that they seek or call for the production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity

applicable under the governing law.  Any information disclosed pursuant to the Requests for Production will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7.      Plaintiff objects to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8.      Plaintiff objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is not relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiff objects to the Requests for Production to the extent that they are duplicative and cumulative.

10.      Plaintiff objects to the Requests for Production, including the instructions and definitions, on the grounds that Plaintiff will incur substantial expense complying with them.

11.      Plaintiff objects to the time period specified in the Requests for Production as unduly burdensome and oppressive, and will produce documents on a rolling basis.  Plaintiff further objects to producing documents that were not created during the period of March 1, 1995 to November 25, 2007.

12.      Plaintiff objects to the Requests for Production to the extent that they prematurely call for expert testimony and state that Plaintiff will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

13.      Plaintiff has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing.  These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to Plaintiff.  Further investigation and discovery may result in the identification of additional documents or information, and Plaintiff reserves the right to amend or supplement its responses.  Plaintiff's responses and production should not be construed to prejudice its right

1   to conduct further investigation in this case, or to limit its use of any additional evidence that

2   may be developed.

3   14.    Plaintiff objects to the Requests for Production as unduly burdensome to the extent that

4   they require Plaintiff to search for, locate, and produce "all" documents related to the

5   information requested.  Plaintiff will conduct a reasonably diligent search for potentially relevant

6   documents.

7   15.    Any production of information or documents will be subject to the Stipulated Protective

8   Order entered in this action (Dkt. No. 306).

9   **OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

10  **REQUEST  NO. 1:**

11  All DOCUMENTS referenced in YOUR response to Defendants Hitachi America, Ltd.

12  and Samsung SDI Co., Ltd.'s First Set of Interrogatories.

13  **RESPONSE TO REQUEST NO. 1:**

14  Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

15  Plaintiff specifically objects to this Request on the grounds that it is overly broad, unduly

16  burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks or

17  calls for the production of documents protected from disclosure by the attorney-client privilege,

18  the attorney work product doctrine, or any other privilege, protection, or immunity applicable

19  under the governing law.  Plaintiff further objects to this Request on the grounds that it is

20  premature, and that it seeks to impose an undue burden on Plaintiff to state its entire case on an

21  incomplete record and review and analyze all information obtained in discovery thus far at this

22  stage of this litigation, many months before the agreed-upon fact discovery deadline.  Plaintiff

23  also objects to this Request to the extent that it calls for the production of documents or

24  information not relevant, material or necessary to this action and, thus, not reasonably calculated

25  to lead to the discovery of admissible evidence.

26  Subject to and notwithstanding the foregoing objections, Plaintiff states that it will

27  produce any responsive, non-privileged documents referenced in its Responses to Defendants'

28  First Set of Interrogatories.

1   relevant, material or necessary to this action and, thus, not reasonably calculated to lead to the

2   discovery of admissible evidence.

3          Subject to and notwithstanding the foregoing objections, Plaintiff will produce

4   responsive, non-privileged documents created during the period March 1, 1995 to and including

5   the present, to the extent that such documents exist, are reasonably available, and are kept in the

6   ordinary course of business.

7   **REQUEST NO. 4:**

8          All settlement agreements between YOU and any other PERSON RELATED TO any of

9   the claims asserted in the COMPLAINT.

10  **RESPONSE TO REQUEST NO. 4:**

11         Plaintiff refers to and incorporates its General Objections as if set forth fully herein.

12  Plaintiff specifically objects to this Request on the grounds that it is overly broad, unduly

13  burdensome, and oppressive. Plaintiff further objects to this request to the extent that it seeks or

14  calls for the production of documents protected from disclosure by the attorney-client privilege,

15  the attorney work product doctrine, or any other privilege, protection, or immunity applicable

16  under the governing law. Plaintiff further objects to this request on the grounds that it seeks

17  documents that are protected by Federal Rule of Evidence 408. Plaintiff also objects to this

18  Request to the extent that that it seeks or calls for the production of documents or information

19  not in Plaintiff's possession, custody, or control. Plaintiff further objects to this Request for

20  Production to the extent that it calls for the production of documents or information not relevant,

21  material or necessary to this action and, thus, not reasonably calculated to lead to the discovery

22  of admissible evidence.

23

24  DATED:  February_18, 2014                    _____/s/ Philip J. Iovieno_____

25                                              Philip J. Iovieno
                                                Anne M. Nardacci
26                                              BOIES, SCHILLER & FLEXNER LLP
                                                30 South Pearl Street, 11th Floor
27                                              Albany, NY  12207
                                                Telephone:  (518) 434-0600
28                                              Facsimile:  (518) 434-0665
                                                Email:  piovieno@bsfllp.com

EXHIBIT H

1   DAVID L. YOHAI (*pro hac vice*)
    ADAM C. HEMLOCK (*pro hac vice*)
2   WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
3   New York, New York 10153-0119
    Telephone:  (212) 310-8000
4   Facsimile:  (212) 310-8007
    E-mail: david.yohai@weil.com
5
6   GREGORY D. HULL (57367)
    WEIL, GOTSHAL & MANGES LLP
7   201 Redwood Shores Parkway
    Redwood Shores, California 94065-1175
8   Telephone: (650) 802-3000
    Facsimile: (650) 802-3100
9   E-mail:  greg.hull@weil.com
10
11  *Attorneys for Defendant Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*
12  Additional Counsel Listed on Signature Pages
13              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
14               **SAN FRANCISCO DIVISION**
15  **In Re CATHODE RAY TUBE (CRT)**        No.:  M-07-5944 SC—MDL NO. 1917
    **ANTITRUST LITIGATION**
16
                                            **DEFENDANTS PANASONIC**
17  ──────────────────────────────         **CORPORATION'S AND LG**
                                            **ELECTRONICS, INC.'S**
18  This Document Relates to:               **FIRST SET OF REQUESTS FOR**
                                            **PRODUCTION OF DOCUMENTS TO**
19  BEST BUY ACTION                         **BEST BUY PLAINTIFFS**
    11-cv-05513 SC
20
21
22
23      **PROPOUNDING PARTIES:**    Defendants Panasonic Corporation (f/k/a Matsushita
                                     Electric Industrial Co., Ltd.) and LG Electronics,
24                                   Inc.
25      **RESPONDING PARTY:**        Best Buy Co., Inc., Best Buy Purchasing LLC, Best
                                     Buy Enterprise Services, Inc., Best Buy Stores, L.P.,
26                                   Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.
27      **SET NO.:**                 ONE
28

No. 11-cv-05513

Defendants Panasonic Corporation's and LG Electronics, Inc.'s First
Set of Requests for Production of Documents to Best Buy Plaintiffs

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and LG Electronics, Inc. ("LG Electronics, Inc.") hereby request that each of the Responding Parties named above produce for inspection and copying each of the documents and other things described below at the offices of Weil Gotshal & Manges LLP, Attn:  Adam Hemlock, 767 Fifth Avenue, New York, New York 10153, within thirty (30) days after the date of the service hereof.

## I.

## DEFINITIONS AND INSTRUCTIONS

1.      "You" and "Your" means the Plaintiff responding to these requests for production, its predecessors in interest, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on its behalf.  "You" or "Your" includes, but is not limited to, all entities who assigned their claims to You.

2.      "Document" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in Your possession or custody or under Your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

3.      "Communications" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s),

2

Defendants Panasonic Corporation's and LG Electronics, Inc.'s  First
Set of Requests for Production of Documents to Best Buy Plaintiffs

including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations, telegrams, advertisements, interviews and all other Documents as herein defined.

4.      "Interrogatories" refers to the interrogatories enumerated in Panasonic Corporation and LG Electronics, Inc.'s First Set of Interrogatories to Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc., served concurrently herewith.

5.      "Complaint" means the Complaint filed by Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc., on November 14, 2011 in Case No. 3:11-cv-05513-SC.

6.      "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products containing cathode ray tubes.

7.      "Defendants" means the entities enumerated by paragraphs 25 through 61 of the Complaint.

8.      "OEM" means any non-Defendant original equipment manufacturer, as defined in paragraph 91 of the Complaint.

9.      "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

10.     When referring to a Person, "Identity" or "Identify" means, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

3

No. 11-cv-05513 SC

Defendants Panasonic Corporation's and LG Electronics, Inc.'s  First
Set of Requests for Production of Documents to Best Buy Plaintiffs

11. When referring to a Document, "Identity" or "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12. "Relevant Period" means the time frame alleged in paragraph 1 of the Complaint, i.e., March 1, 1995 to November 25, 2007.

13. You are required to produce all Documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

14. If You cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, You must answer the request to the extent possible, specify the portion of the request You are unable to answer, and provide whatever information You have regarding the answered portion.

15. In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, You shall Identify the Document as completely as possible and specify the Document's disposal date, disposal manner, disposal reason, the Person who authorized the disposal, and the Person who disposed of the Document.

16. In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that You assert supports any claim of privilege.

17. The words "concerning," "regarding," "reflecting," "referring to" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing,

Defendants Panasonic Corporation's and LG Electronics, Inc.'s First
Set of Requests for Production of Documents to Best Buy Plaintiffs

showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

18.    The word "and" shall be construed to include "or" and vice versa.

19.    The word "any" shall be construed to include "all" and vice versa.

## II.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

**REQUEST NO. 2:**

All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Product:

a.    the date and place of purchase of the CRT or CRT Product, including the place(s) where the CRT or CRT Product was manufactured, shipped from, shipped to, stored, and/or invoiced;

b.    the Person or entity from whom You purchased each CRT or CRT Product;

c.    the Identities of the Persons involved in the negotiations and ordering of each CRT or CRT Product, including where any such negotiations were conducted;

d.    the quantity of each purchase if a purchase included more than one CRT or CRT Product;

e.    the manufacturer of each CRT or CRT Product, including where each CRT or CRT Product was manufactured;

f.    any Person who bought or sold the CRT or CRT Product before You purchased the CRT or CRT Product;

g.    the list price of each CRT or CRT Product;

h.    store or manufacturer discounts, coupons, rebates, refunds, dividends, shipping or volume related discounts, or other price adjustments applied to the price of each CRT or CRT Product and their amount;

5

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements.

**REQUEST NO. 6:**

All Documents relating to negotiations or Communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRT Products.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products, including Documents relating to which terms or agreements govern which transactions.

**REQUEST NO. 8:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to any efforts to consider alternative items or products before the purchase was made, including all Documents relating to (a) any alternative items or products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the alternative item or product.

**REQUEST NO. 9:**

All Documents relating to any decision to purchase CRT Products instead of or as an alternative to liquid crystal display or plasma display products, including all Documents relating to (a) any liquid crystal display or plasma display products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the liquid crystal display or plasma display product.

7

Defendants Panasonic Corporation's and LG Electronics, Inc.'s  First
Set of Requests for Production of Documents to Best Buy Plaintiffs

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone:    310-552-0130
Facsimile:    310-229-5800

Attorneys for Plaintiffs

BEST BUY CO., INC.; BEST BUY PURCHASING
LLC; BEST BUY ENTERPRISE SERVICES, INC.;
BEST BUY STORES, L.P.; BESTBUY.COM,
LLC.; MAGNOLIA HI-FI, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. M:07-5994-SC MDL No. 1917 |
| This Document Relates to Individual Case No. 3:11-cv-05513-SC | Case No. 3:11-cv-05513-SC |
| BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC., | **PLAINTIFF'S RESPONSES TO DEFENDANTS PANASONIC CORPORATION'S AND LG ELECTRONICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Plaintiffs, | |
| v. | |
| HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI AMERICA, LTD.; HITACHI ASIA, LTD.; HITACHI ELECTRONIC DEVICES (USA), INC.; SHENZHEN SEG HITACHI COLOR DISPLAY DEVICES, LTD.; IRICO GROUP CORPORATION; IRICO GROUP ELECTRONICS CO., LTD.; IRICO DISPLAY DEVICES CO., LTD.; LG ELECTRONICS, INC.; LG ELECTRONICS USA, INC.; LG ELECTRONICS TAIWAN TAIPEI CO., LTD.; LP DISPLAYS INTERNATIONAL LTD.; | |
| (CONTINUED ON NEXT PAGE) | |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

PANASONIC CORPORATION; PANASONIC
CORPORATION OF NORTH AMERICA; MT
PICTURE DISPLAY CO., LTD.; BEIJING
MATSUSHITA COLOR CRT CO., LTD.;
KONINKLIJKE PHILIPS ELECTRONICS N.V.;
PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION; PHILIPS ELECTRONICS
INDUSTRIES (TAIWAN), LTD.; PHILIPS DA
AMAZONIA INDUSTRIA ELECTRONICA
LTDA.; SAMTEL COLOR LTD.; THAI CRT
CO., LTD.; TOSHIBA CORPORATION;
TOSHIBA AMERICA, INC.; TOSHIBA
AMERICA CONSUMER PRODUCTS, LLC;
TOSHIBA AMERICA ELECTRONIC
COMPONENTS, INC.; TOSHIBA AMERICA
INFORMATION SYSTEMS, INC.;
CHUNGHWA PICTURE TUBES, LTD.;
CHUNGHWA PICTURE TUBES
(MALAYSIA); TATUNG COMPANY OF
AMERICA, INC.,

Defendants.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**GENERAL OBJECTIONS**

Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services,

Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; Magnolia Hi-Fi, Inc. (collectively "Best Buy")

assert and incorporate by reference the following General Objections to each Request for

Production of Document ("Request(s)"). Reference to these General Objections in any specific

Request shall not waive or otherwise limit the applicability of these General Objections to each

and every Request.

1.     Best Buy construes Defendants' Requests as served on behalf of all defendants

named in the Complaint ("Defendants") and responds and objects accordingly.

2.     Best Buy objects to Defendants' "Definitions" to the extent that they impose

burdens and obligations on Best Buy greater than or different from those authorized under the

Federal Rules of Civil Procedure and the Local Rules of this Court and to the extent they purport

to give meanings to words different from their ordinary English meaning or definitions set forth

in the applicable statutes or rules.

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

3. Best Buy objects to each Request to the extent that it calls for information protected by the attorney-client privilege, or that may be protected by any other privilege, such as a joint defense or common interest privilege.

4. Best Buy objects to each Request to the extent that it seeks work product information or documents prepared by Best Buy or its representatives or in furtherance of any joint defense or common interest in anticipation of litigation or for trial.

5. Best Buy objects to each Request to the extent that it seeks information not relevant to the claim or defense of any party to this litigation, or that it is not reasonably calculated to lead to the discovery of admissible evidence.

6. Best Buy objects to each Request to the extent that it seeks information that is vexatious or unduly burdensome to obtain.

7. Best Buy objects to each Request to the extent that it is ambiguous, vague, and incomprehensible and/or fails to set forth with reasonable particularity the information requested.

8. Best Buy objects to the extent that each Request prematurely seeks expert testimony and contention discovery.

9. Best Buy objects to each Request to the extent that it is overbroad and/or repetitious, and to the extent that it seeks duplicative and/or cumulative information.

10. Best Buy objects to each Request to the extent that it seeks information that is private, confidential, trade secret or proprietary information of itself or third parties. Best Buy agrees to provide such information, subject to the other objections stated herein, with the consent of or after an agreement has been made with interested third parties, or if such consent or agreement cannot be obtained, after the entry of an order from the Court directing Best Buy to release such information.

11. Best Buy objects to each Request to the extent that it seeks information that is already in the possession, custody or control of Defendants and/or their counsel, or to the extent that it seeks information that is available to Defendants from other sources with equivalent ease and expense.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

12.     Best Buy further objects to the extent that the Requests call for information that Best Buy does not track or keep in the ordinary course of business, or that is not in Best Buy's possession, custody or control.

13.     Best Buy objects to each Request for Overbreadth and Undue Burden to the extent that it is unlimited in time. Best Buy interprets the Requests as restricted to information or materials created or obtained in or around the time periods relevant to the alleged acts and omissions reasonably related to the claims and defense in the action.

14.     Best Buy objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Best Buy is interpreting all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

15.     Best Buy objects to the Requests to the extent that they seek expert opinion, as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges in accordance with the time period for exchanging expert reports.

16.     The inadvertent or mistaken disclosure of information subject to the protection of the attorney-client privilege, work-product doctrine or other privilege shall not be deemed to constitute a waiver of such privilege or protection.

## RESERVATIONS OF RIGHTS

1.     In responding to these Requests, Best Buy states that it has conducted, or will conduct, a diligent search, reasonable in scope, of those files and records in its possession, custody, or control believed to be likely to contain information responsive to the document requests herein.

2.     In the event that additional documents responsive to any of the Requests are later identified or brought to Best Buy's attention, Best Buy reserves the right to amend, revise, supplement, modify, or clarify the following objections and responses. Best Buy further reserves the right to complete its investigation and discovery of the facts, and to rely at trial or in other proceedings upon documents and information in addition to the information provided herein, regardless of whether such information is newly discovered or newly in existence.

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 4 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

3.     Best Buy has responded to these Requests as it interprets and understands them. If Defendants subsequently assert an interpretation of any Request or response that differs from Best Buy's understanding, Best Buy reserves the right to supplement or amend its objections or responses.

4.     Best Buy's responses to these Requests shall not constitute an admission by Best Buy that any of the document requests or responses thereto, or the documents produced in connection therewith, are admissible as evidence in any trial or other proceeding. Best Buy specifically reserves the right to object on any grounds, at any time, to the admission of any document request or any response or document produced in connection therewith in any such trial or other proceeding.

## RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST NO. 1:** All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

**RESPONSE:**

Best Buy incorporates by reference its objections and responses to the Interrogatories.

**REQUEST NO. 2:** All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Product:

a.     the date and place of purchase of the CRT or CRT Product, including the place(s) where the CRT or CRT Product was manufactured, shipped from, shipped to, stored, and/or invoiced;

b.     the Person or entity from whom You purchased each CRT or CRT Product;

c.     the Identities of the Persons involved in the negotiations and ordering of each CRT or CRT Product, including where any such negotiations were conducted;

d.     the quantity of each purchase if a purchase included more than one CRT or CRT Product;

e.     the manufacturer of each CRT or CRT Product, including where each CRT or CRT Product was manufactured;

1    offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and

2    conditions of Your sales of CRT Products.

3         **RESPONSE:**

4         In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

5    reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

6    burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

7    Buy further objects to this Request on the grounds that the clause "other terms and conditions of

8    Your sales" is vague and ambiguous. Best Buy further objects that this Request calls for

9    production of documents and information equally available to Defendants. Best Buy objects to

10   the extent this Request calls from disclosure of privileged information. Subject to and without

11   waiving these objections, Best Buy offers to meet and confer with Defendants regarding the scope

12   of this request.

13        **REQUEST NO. 7:** All Documents relating to the negotiation or interpretation of any

14   purchase order, contract, agreement, or terms of sale between You and any Defendant relating to

15   CRTs and CRT Products, including Documents relating to which terms or agreements govern

16   which transactions.

17        **RESPONSE:**

18        In addition to Best Buy's General Objections, which Best Buy hereby incorporates by

19   reference, Best Buy specifically objects to this Request on the grounds that it is overbroad, unduly

20   burdensome, and seeks information that is not relevant to any claim or defense in this case. Best

21   Buy further objects to this Request on the grounds that the clause "terms of sale" is vague and

22   ambiguous. Best Buy further objects that this Request calls for production of documents and

23   information equally available to Defendants. Best Buy objects to the extent this Request calls

24   from disclosure of privileged information. Subject to and without waiving these objections, Best

25   Buy offers to meet and confer with Defendants regarding the scope of this request.

26        **REQUEST NO. 8:** For each purchase or potential purchase by You of any CRT or CRT

27   Product, all Documents relating to any efforts to consider alternative items or products before the

28   purchase was made, including all Documents relating to (a) any alternative items or products

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:11-CV-05513-SC
Master Case No. 3:07-MD-1917
83082543.1

- 9 -

PLAINTIFF'S ANSWERS TO DEFENDANTS
PANASONIC'S AND LG ELECTRONIC'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

# EXHIBIT I

ARNOLD & PORTER LLP

SHARON D. MAYO (SBN 150469)
E-Mail: Sharon.Mayo@aporter.com
Three Embarcadero Center, Seventh Floor
San Francisco, California 94111-4024
Telephone: 415.471.3100
Facsimile: 415.471.3400

ERIC D. MASON (SBN 259233)
E-Mail: Eric.Mason@aporter.com
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017-5844
Telephone: 213.243.4000
Facsimile: 213.243.4199

DOUGLAS L. WALD (*Pro Hac Vice*)
Email: Douglas.Wald@aporter.com
JAMES L. COOPER (*Pro Hac Vice*)
Email: James.Cooper@aporter.com
WILSON D. MUDGE (*Pro Hac Vice*)
Email: Wilson.Mudge@aporter.com
YONGSANG KIM (*Pro Hac Vice*)
Email: YongSang.Kim@aporter.com
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: 202.942.5000
Facsimile: 202.942.5999

*Attorneys for Defendant LG Electronics, Inc.*

[Additional defendant and counsel listed on signature page]

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-05944-SC MDL No. 1917 |
| This Document Relates To: | The Honorable Samuel Conti |
| *Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* N.D. Cal. 11-cv-5502 | **DEFENDANTS LG ELECTRONICS, INC. AND PANASONIC CORPORATION OF NORTH AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF CIRCUIT CITY TRUST** |

31594867v2

PROPOUNDING PARTIES: Defendants LG Electronics, Inc., and Panasonic Corporation of North America.

RESPONDING PARTY:   Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust

SET NUMBER:   One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants LG Electronics, Inc., and Panasonic Corporation of North America hereby request that Plaintiff Alfred H. Siegel, as Trustee for Circuit City Stores, Inc. Liquidating Trust ("Plaintiff" or "Circuit City Trust") in the above-captioned action produce for inspection and copying each of the documents and other things described below at the offices of Arnold & Porter LLP, Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024 (or at such other place as may be agreed upon by the parties), within thirty (30) days after the date of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.     "You" and "Your" means the Plaintiff responding to these requests for production, its predecessors in interest, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on its behalf, including without limitation the Circuit City Stores Inc. Liquidating Trust, as described in paragraph 10 of the Complaint. "You" and "Your" includes, but is not limited to, all entities who assigned their claims to You.

2.     "Documents" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in Your possession or custody or under Your control, and shall include, without limitation, originals,

1  file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in

2  connection with any such writings, whether used or not, regardless of whether the Document still

3  exists, and regardless of who has maintained custody of such Documents.

4         3.    "Communications" means any and all written, oral, telephonic, or other utterances of any

5  nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including,

6  but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence,

7  consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations,

8  telegrams, advertisements, interviews and all other Documents as herein defined.

9         4.    "Interrogatories" refers to the interrogatories enumerated in the LGE Defendants' First

10 Set of Interrogatories to Plaintiff Circuit City Trust, served concurrently herewith.

11        5.    "Complaint" means Plaintiff's Complaint in the above-captioned action, filed in the

12 United States District Court for the Northern District of California, Case No. 11-cv-5502, on

13 November 14, 2011.

14        6.    "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products

15 containing CRTs.

16        7.    "Defendants" means the entities enumerated in paragraphs 23 through 69 of the

17 Complaint.

18        8.    "OEM" means non-Defendant original equipment manufacturers, as defined in

19 paragraph 89 of the Complaint.

20        9.    "Person" means any individual or group of individuals, corporation, partnership,

21 association, governmental entity, department, commission, bureau or any other kind of legal or

22 business entity.

23       10.    When referring to a Person, "Identity" or "Identify" means, to the extent known, the

24 Person's full name, present or last known address, and when referring to a natural Person,

25 additionally, the present or last known place of employment.  Once a Person has been Identified in

26 accordance with this subparagraph, only the name of the Person need be listed in response to

27 subsequent discovery requesting the identification of that Person.

28       11.    When referring to a Document, "Identity" means, to the extent known, the (i) type of

1  document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and

2  recipient(s).

3      12.     "Relevant Period" means the time frame alleged in paragraph 1 of the Complaint, *i.e.*,

4  March 1, 1995 to November 25, 2007.

5      13.     You are required to produce all Documents in the manner, form and position in which

6  they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure,

7  including, where applicable, any index tabs, file dividers, designations, or other information as to the

8  location of the Documents.

9      14.     If You cannot respond to a request for production fully, after a diligent attempt to

10  obtain the requested information, You must answer the request to the extent possible, specify the

11  portion of the request You are unable to answer, and provide whatever information You have

12  regarding the answered portion.

13      15.     In the event that any requested Document has been destroyed, lost, discarded or is

14  otherwise no longer in Your possession, custody, or control, You shall identify the document as

15  completely as possible and specify the document's disposal date, disposal manner, disposal reason,

16  the Person who authorized the disposal, and the Person who disposed of the document.

17      16.     In the event any information is withheld on a claim of attorney-client-privilege, work-

18  product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at

19  least the following information: the nature of the information contained in the withheld document, the

20  document date, source, and subject matter, the author(s) and recipient(s), such as would enable the

21  privilege claim to be adjudicated, and any authority that You assert supports any claim of privilege.

22      17.     The words "concerning," "regarding," "reflecting," "referring to" and/or "relating to"

23  mean describing, discussing, constituting, containing, considering, embodying, evaluating,

24  mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing,

25  refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by

26  reason of, or derived or arising therefrom.

27      18.     The word "and" shall be construed to include "or" and vice versa.

28      19.     The word "any" shall be construed to include "all" and vice versa.

n.      all terms and conditions that were a part of each purchase of any CRT or CRT Product, including any below-cost pricing, most-favored-nation pricing, negotiable pricing, sale pricing, loss-leader pricing;

o.      whether any purchases were made under a purchasing or other agreement;

p.      all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.      all information used to Identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**REQUEST NO. 3:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size, model, manufacturer, and other features.

**REQUEST NO. 4:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to negotiations or Communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements.

**REQUEST NO. 6:**

All Documents relating to negotiations or Communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRT Products.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract,

1  agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products,

2  including Documents relating to which terms or agreements govern which transactions.

3  **REQUEST NO. 8:**

4  For each purchase or potential purchase by You of any CRT or CRT Product, all Documents

5  relating to any efforts to consider alternative items or products before the purchase was made,

6  including all Documents relating to (a) any alternative items or products considered, (b) the price of

7  such items or products, and (c) any factors related to the decision not to purchase the alternative item

8  or product.

9  **REQUEST NO. 9:**

10  All Documents relating to any decision to purchase CRT Products instead of or as an

11  alternative to LCD or plasma products, including all Documents relating to (a) any LCD or plasma

12  products considered, (b) the price of such items or products, and (c) any factors related to the decision

13  not to purchase the LCD or plasma product.

14  **REQUEST NO. 10:**

15  All Documents relating to any decision by You not to complete a proposed or contemplated

16  purchase of CRTs or CRT Products during the Relevant Period.

17  **REQUEST NO. 11:**

18  All Documents constituting contracts, purchase orders, or other agreements between You and

19  any OEM, original design manufacturer, contract manufacturer or system integrator for the purchase

20  or manufacture of CRTs or CRT Products.

21  **REQUEST NO. 12:**

22  All Documents relating to Your corporate policies, practices and/or procedures, whether

23  formal or informal, for making decisions concerning the purchase or sale of CRTs or CRT Products

24  including factors considered, purchasing methods, and procedures You currently use or have used at

25  any time during the Relevant Period.

26  **REQUEST NO. 13:**

27  All Documents relating to Your participation in any cooperative entity, trade association,

28  symposium, conference, or other organization concerning CRTs or CRT Products.

- 7 -

H. Lee Godfrey
Kenneth S. Marks
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
lgodfrey@susmangodfrey.com
kmarks@susmangodfrey.com
*Attorneys for Alfred H. Siegel, as Trustee of
the Circuit City Stores, Inc. Liquidating Trust*
[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944 SC |
| | Case No. C 11-05502 SC |
| This Document Relates to: | MDL No. 1917 |
| ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST, <br><br> Plaintiff, <br><br> v. <br><br> HITACHI, LTD.; et al., <br><br> Defendants. | ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S, OBJECTIONS AND RESPONSES TO LG ELECTRONICS, INC. AND PANASONIC CORPORATION OF NORTH AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF CIRCUIT CITY TRUST <br><br> The Honorable Samuel Conti |

**ALFRED H. SIEGEL, AS TRUSTEE OF THE CIRCUIT CITY STORES, INC. LIQUIDATING TRUST'S, OBJECTIONS AND RESPONSES TO LG ELECTRONICS, INC. AND PANASONIC CORPORATION OF NORTH AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF CIRCUIT CITY TRUST**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City Trust" or "Plaintiff")

1

2275329v1/012325

hereby objects and responds to LG Electronics, Inc. and Panasonic Corporation of North America's First Set of Requests for Production to Plaintiff (the "Requests") served on it on May 15, 2012 by counsel for Defendants in the above-captioned matter.  For the reasons set forth below, Plaintiff generally and specifically objects and otherwise responds to the Requests. Plaintiff reserves the right to supplement its responses and objections set forth below.  Plaintiff shall endeavor to produce responsive documents as set forth below on a schedule to be agreed upon with Defendants.

2

2275329v1/012325

## **GENERAL OBJECTIONS**

The following general objections ("General Objections") are incorporated in Circuit City Trust's responses ("Responses") to each and every request for production contained in the Requests for Production. No Response to any request for production shall be deemed a waiver of Circuit City Trust's General Objections.

1.      Circuit City Trust objects to the Requests for Production to the extent that they seek to impose obligations on Circuit City beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Northern District of California, or any applicable order of this Court.

2.      Circuit City Trust objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is already in the possession, custody, or control of Defendants.

3.      Circuit City Trust objects to the Requests for Production to the extent that they seek or call for the production of documents or information that can equally or more readily be obtained by Defendants from public sources.

4.      Circuit City Trust objects to the Requests for Production to the extent that they seek or call for the production of documents or information that can more readily, conveniently, and in a less burdensome fashion be obtained by Defendants from others.

5.      Circuit City Trust objects to the Requests for Production to the extent that they seek or call for the production of documents or information not in Circuit City Trust's possession, custody, or control.

6.      Circuit City Trust objects to the Requests for Production that they seek or call for the production of documents or information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other privilege, protection, or immunity applicable under the governing law. Any information disclosed pursuant to the Requests for Production will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities. Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7.      Circuit City Trust objects to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

3

8.     Circuit City Trust objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is not relevant, material or necessary to this action and, thus, it is not reasonably calculated to lead to the discovery of admissible evidence.

9.     Circuit City Trust objects to the Requests for Production to the extent that they are duplicative and cumulative.

10.    Circuit City Trust objects to the Requests for Production, including the instructions and definitions, on the grounds that Circuit City will incur substantial expense complying with them.

11.    Circuit City Trust objects to the Requests for Production to the extent that they call for searching backup tapes to Circuit City's former servers.  Circuit City Trust is no longer in the retail business, and no longer has the servers, hardware, or software necessary to recreate former electronic systems, such as email systems.  It would be unduly burdensome for Circuit City Trust to have to locate the backup tapes, and prohibitively expensive for Circuit City Trust to recreate a system that could obtain data from the backup tapes in a useful format.  Plaintiff will not produce documents from these sources, all of which are not reasonably accessible and not reasonably available to Plaintiff in the ordinary course of the winding-up business that plaintiff is now in.  In this regard, please note that Plaintiff is no longer in the business it was in during the time period in question and in fact has been in the process of winding up its affairs for several years.  Plaintiff's access to data and other documents is thus limited.  When Plaintiff uses the term "ordinary course of business" in these responses, Plaintiff refers to the business of winding of its affairs as described above rather than the ordinary course of business that Plaintiff enjoyed when it was a functioning retailer.

12.    Circuit City Trust objects to the time period specified in the Requests for Production for production of documents as unduly burdensome and oppressive, and will produce documents on a rolling basis. Circuit City Trust further objects to producing documents that were not created during the period of January 1, 1995 to December 31, 2007.

13.    Circuit City Trust objects to the Requests for Production to the extent that they prematurely call for expert testimony and state that Circuit City Trust will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

14.    Circuit City Trust has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing. These responses are being made after reasonable inquiry into

4

the relevant facts, and are based only upon the information and documentation that is presently known to Circuit City Trust. Further investigation and discovery may result in the identification of additional information or contentions, and Circuit City Trust reserves the right to modify its responses. Circuit City Trust's responses and production should not be construed to prejudice its right to conduct further investigation in this case, or to limit its use of any additional evidence that may be developed.

15.     Circuit City Trust objects to the Requests for Production as unduly burdensome to the extent that they require Circuit City Trust to search for, locate, and produce "all" documents related to the information requested. Circuit City Trust will conduct a reasonably diligent search for potentially relevant documents, and offers to meet and confer concerning relevant custodians and to negotiate search terms to locate documents responsive to the Requests for Production.

16.     Any production of information or documents will be subject to the Stipulated Protective Order entered in this action (Dkt. No. 306).

17.     Circuit City Trust objects to the extent Defendants are drawing a distinction between CRTs and CRT Products. Circuit City Trust is interpreting all requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

Circuit City Trust also objects to the terms "exclusive", "cost-plus", and "most-favored nation" as being vague and ambiguous.

Subject to and notwithstanding the foregoing objections, Circuit City Trust will produce responsive, non-privileged contracts created during the period of January 1, 1995 through December 31, 2007, to the extent that such documents exist and are kept in the ordinary course of business.

**REQUEST NO. 6:**

All Documents relating to negotiations or Communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRT Products.

**RESPONSE:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request, including the time frame for the Request and each of its subparts, on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence. Circuit City Trust further objects to the terms "offers," "price quotes," "price lists," "rebates," "discounts," "price reductions," and "credits" as being vague and ambiguous.

Subject to and notwithstanding the foregoing objections, Circuit City Trust will produce responsive, non-privileged documents created during the period of January 1, 1995 through December 31, 2007, to the extent such documents exist and are kept in the ordinary course of business, and can be located through conducting reasonable searches.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products, including Documents relating to which terms or agreements govern which transactions.

10

2275329v1/012325

**RESPONSE:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request, including the time frame for the Request and each of its subparts, on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Circuit City Trust will produce responsive, non-privileged documents created during the period of January 1, 1995 through December 31, 2007, to the extent such documents exist and are kept in the ordinary course of business, and can be located through conducting reasonable searches.

**REQUEST NO. 8:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to any efforts to consider alternative items or products before the purchase was made, including all Documents relating to (a) any alternative items or products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the alternative item or product.

**RESPONSE:**

Circuit City Trust refers to and incorporates its General Objections as if set forth fully herein. Circuit City Trust also objects to this Request, including the time frame for the Request and each of its subparts, on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls for the production of documents that are equally available to Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to the discovery of admissible evidence.

Subject to and notwithstanding the foregoing objections, Circuit City Trust will produce responsive, non-privileged documents created during the period of January 1, 1995 through December 31, 2007, to the extent such documents exist and are kept in the ordinary course of business, and can be located through conducting reasonable searches.

11

# EXHIBIT J

1    ARNOLD & PORTER LLP

2    SHARON D. MAYO (SBN 150469)
     E-Mail:  Sharon.Mayo@aporter.com
3    Three Embarcadero Center, Seventh Floor
     San Francisco, California  94111-4024
4    Telephone:  415.471.3100
     Facsimile:  415.471.3400

5
     ERIC D. MASON (SBN 259233)
6    E-Mail:  Eric.Mason@aporter.com
     777 South Figueroa Street, Forty-Fourth Floor
7    Los Angeles, California  90017-5844
     Telephone:  213.243.4000
8    Facsimile:  213.243.4199

9    DOUGLAS L. WALD (*Pro Hac Vice*)
     Email:  Douglas.Wald@aporter.com
10   JAMES L. COOPER (*Pro Hac Vice*)
     Email:  James.Cooper@aporter.com
11   WILSON D. MUDGE (*Pro Hac Vice*)
     Email:  Wilson.Mudge@aporter.com
12   YONGSANG KIM (*Pro Hac Vice*)
     Email:  YongSang.Kim@aporter.com
13   555 Twelfth Street, NW
     Washington, DC  20004-1206
14   Telephone:  202.942.5000
     Facsimile:  202.942.5999

15
     *Attorneys for Defendant LG Electronics, Inc.*

16

17   [Additional defendant and counsel listed on signature page]

18

19                   UNITED STATES DISTRICT COURT

20          FOR THE NORTHERN DISTRICT OF CALIFORNIA

                    SAN FRANCISCO DIVISION

21

22   | IN RE: CATHODE RAY TUBE (CRT) | Master File No. 3:07-cv-05944-SC |
     | ANTITRUST LITIGATION | MDL No. 1917 |

23

24   This Document Relates To:                    The Honorable Samuel Conti

25   *CompuCom Systems, Inc. v. Hitachi, Ltd.,*   **DEFENDANTS LG ELECTRONICS, INC.**
     *et al.*                                     **AND PANASONIC CORPORATION OF**
26   N.D. Cal. 11-cv-6396                         **NORTH AMERICA'S FIRST SET OF**
     N.D. Tex. 11-cv-3130                         **REQUESTS FOR PRODUCTION TO**
27                                                **PLAINTIFF COMPUCOM SYSTEMS,**
                                                  **INC.**
28

31594509v4

PROPOUNDING PARTIES: Defendants LG Electronics, Inc., and Panasonic Corporation of North America.

RESPONDING PARTY:     CompuCom Systems, Inc.

SET NUMBER:           One

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants LG Electronics, Inc., and Panasonic Corporation of North America hereby request that Plaintiff CompuCom Systems, Inc. ("Plaintiff") in the above-captioned action produce for inspection and copying each of the documents and other things described below at the offices of Arnold & Porter LLP, Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024 (or at such other place as may be agreed upon by the parties), within thirty (30) days after the date of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      "You" and "Your" means the Plaintiff responding to these requests for production, its predecessors in interest, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on its behalf.  "You" and "Your" includes, but is not limited to, all entities who assigned their claims to You.

2.      "Documents" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in Your possession or custody or under Your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the Document still

1    exists, and regardless of who has maintained custody of such Documents.

2        3.    "Communications" means any and all written, oral, telephonic, or other utterances of any

3    nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including,

4    but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence,

5    consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations,

6    telegrams, advertisements, interviews and all other Documents as herein defined.

7        4.    "Interrogatories" refers to the interrogatories enumerated in the LGE Defendants' First

8    Set of Interrogatories to Plaintiff CompuCom, served concurrently herewith.

9        5.    "Complaint" means Plaintiff's Complaint in the above-captioned action, originally

10   filed in the United States District Court for the Northern District of Texas, Case No. 11-cv-3130, on

11   November 14, 2011, and subsequently transferred to the Northern District of California, Case No. 11-

12   cv-6396, on December 26, 2011, for consolidated pretrial proceedings as part of *In re Cathode Ray*

13   *Tube (CRT) Antitrust Litigation*, MDL No. 1917.

14       6.    "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products

15   containing CRTs.

16       7.    "Defendants" means the entities enumerated in paragraphs 19 through 67 of the

17   Complaint.

18       8.    "OEM" means non-Defendant original equipment manufacturers, as defined in

19   paragraph 17 of the Complaint.

20       9.    "Person" means any individual or group of individuals, corporation, partnership,

21   association, governmental entity, department, commission, bureau or any other kind of legal or

22   business entity.

23       10.    When referring to a Person, "Identity" or "Identify" means, to the extent known, the

24   Person's full name, present or last known address, and when referring to a natural Person,

25   additionally, the present or last known place of employment.  Once a Person has been Identified in

26   accordance with this subparagraph, only the name of the Person need be listed in response to

27   subsequent discovery requesting the identification of that Person.

28       11.    When referring to a Document, "Identity" means, to the extent known, the (i) type of

document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12. "Relevant Period" means the time frame alleged in paragraph 1 of the Complaint, *i.e.*, March 1, 1995 to November 25, 2007.

13. You are required to produce all Documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

14. If You cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, You must answer the request to the extent possible, specify the portion of the request You are unable to answer, and provide whatever information You have regarding the answered portion.

15. In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, You shall identify the document as completely as possible and specify the document's disposal date, disposal manner, disposal reason, the Person who authorized the disposal, and the Person who disposed of the document.

16. In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that You assert supports any claim of privilege.

17. The words "concerning," "regarding," "reflecting," "referring to" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

18. The word "and" shall be construed to include "or" and vice versa.

19. The word "any" shall be construed to include "all" and vice versa.

n.   all terms and conditions that were a part of each purchase of any CRT or CRT Product, including any below-cost pricing, most-favored-nation pricing, negotiable pricing, sale pricing, loss-leader pricing;

o.   whether any purchases were made under a purchasing or other agreement;

p.   all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.   all information used to Identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**REQUEST NO. 3:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size, model, manufacturer, and other features.

**REQUEST NO. 4:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to negotiations or Communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements.

**REQUEST NO. 6:**

All Documents relating to negotiations or Communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRT Products.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract,

agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products, including Documents relating to which terms or agreements govern which transactions.

**REQUEST NO. 8:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to any efforts to consider alternative items or products before the purchase was made, including all Documents relating to (a) any alternative items or products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the alternative item or product.

**REQUEST NO. 9:**

All Documents relating to any decision to purchase CRT Products instead of or as an alternative to LCD or plasma products, including all Documents relating to (a) any LCD or plasma products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the LCD or plasma product.

**REQUEST NO. 10:**

All Documents relating to any decision by You not to complete a proposed or contemplated purchase of CRTs or CRT Products during the Relevant Period.

**REQUEST NO. 11:**

All Documents constituting contracts, purchase orders, or other agreements between You and any OEM, original design manufacturer, contract manufacturer or system integrator for the purchase or manufacture of CRTs or CRT Products.

**REQUEST NO. 12:**

All Documents relating to Your corporate policies, practices and/or procedures, whether formal or informal, for making decisions concerning the purchase or sale of CRTs or CRT Products including factors considered, purchasing methods, and procedures You currently use or have used at any time during the Relevant Period.

**REQUEST NO. 13:**

All Documents relating to Your participation in any cooperative entity, trade association, symposium, conference, or other organization concerning CRTs or CRT Products.

William A. Isaacson (admitted *pro hac vice*)
Melissa Felder (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131
Email:  wisaacson@bsfllp.com
        mfelder@bsfllp.com

Philip J. Iovieno (admitted *pro hac vice*)
Anne M. Nardacci (admitted *pro hac vice*)
Luke Nikas (admitted *pro hac vice*)
Christopher V. Fenlon (admitted *pro hac vice*)
BOIES, SCHILLER & FLEXNER LLP
10 North Pearl Street, 4th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:  (518) 434-0665
Email:  piovieno@bsfllp.com
        anardacci@bsfllp.com
        lnikas@bsfllp.com
        cfenlon@bsfllp.com

Counsel for Plaintiff CompuCom Systems, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To Individual Case No. 3:11-cv-06396-SC (N.D. Cal.)<br><br>COMPUCOM SYSTEMS, INC.,<br><br>              Plaintiff,<br><br>     vs.<br><br>     HITACHI LTD., et al.,<br><br>              Defendants. | Case No. 3:11-cv-06396-SC<br><br>Master File No. 3:07-cv-05944-SC (N.D. Cal.)<br><br>MDL No. 1917<br><br>**COMPUCOM'S OBJECTIONS AND RESPONSES TO DEFENDANTS LG ELECTRONICS, INC.'S AND PANASONIC CORPORATION OF NORTH AMERICA'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

**PROPOUNDING PARTIES:**                    Defendants LG Electronics, Inc. and Panasonic

2                                            Corporation of North America

3    **RESPONDING PARTY:**                    CompuCom Systems, Inc.

4    **SET:**                                 One

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the

2    Local Rules of the Northern District of California, Plaintiff CompuCom Systems, Inc.

3    ("CompuCom") hereby responds to LG Electronics, Inc.'s, and Panasonic Corporation of North

4    America's ("Defendants'") First Requests for Production of Documents to CompuCom, dated May

5    15, 2012, (collectively, the "Requests for Production") including the "Instructions" and

6    "Definitions" contained therein, as follows:

7    <u>**GENERAL OBJECTIONS**</u>

8    The following general objections ("General Objections") are incorporated in CompuCom's

9    responses ("Responses") to each and every request for production contained in the Requests for

10   Production.  No Response to any request for production shall be deemed a waiver of CompuCom's

11   General Objections.

12   1.    CompuCom objects to the Requests for Production to the extent that they seek to impose

13   obligations on CompuCom beyond those imposed by the Federal Rules of Civil Procedure, the

14   Local Civil Rules of the Northern District of California, or any applicable order of this Court.

15   2.    CompuCom objects to the Requests for Production to the extent that they seek or call for

16   the production of documents or information that is already in the possession, custody, or control of

17   Defendants.

18   3.    CompuCom objects to the Requests for Production to the extent that they seek or call for

19   the production of documents or information that can equally or more readily be obtained by

20   Defendants from public sources.

21   4.    CompuCom objects to the Requests for Production to the extent that they seek or call for

22   the production of documents or information that can more readily, conveniently, and in a less

23   burdensome fashion be obtained by Defendants from others.

24   5.    CompuCom objects to the Requests for Production to the extent that they seek or call for

25   the production of documents or information not in CompuCom's possession, custody, or control.

26   6.    CompuCom objects to the Requests for Production to the extent that they seek or call for

27   the production of documents or information protected from disclosure by the attorney-client

28   privilege, the attorney work product doctrine, or any other privilege, protection, or immunity

1  applicable under the governing law.  Any information disclosed pursuant to the Requests for

2  Production will be disclosed without waiving, but on the contrary reserving and intending to

3  reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of

4  privileged information or material shall not be deemed a waiver of the applicable privilege,

5  protection, or immunity.

6  7.      CompuCom objects to the Requests for Production to the extent that they are unintelligible,

7  vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8  8.      CompuCom objects to the Requests for Production to the extent that they seek or call for

9  the production of documents or information that is not relevant, material or necessary to this action

10  and, thus, it is not reasonably calculated to lead to the discovery of admissible evidence.

11  9.      CompuCom objects to the Requests for Production to the extent that they are duplicative

12  and cumulative.

13  10.     CompuCom objects to the Requests for Production, including the instructions and

14  definitions, on the grounds that CompuCom will incur substantial expense complying with them.

15  11.     CompuCom objects to the time period specified in the Requests for Production for

16  production of documents as unduly burdensome and oppressive, and will produce documents on a

17  rolling basis. CompuCom further objects to producing documents that were not created during the

18  period of March 1, 1995 to November 25, 2007.

19  12.      CompuCom objects to the Requests for Production to the extent that they prematurely call

20  for expert testimony and state that CompuCom will provide expert disclosures as provided by the

21  Federal Rule of Civil Procedure.

22  13.     CompuCom has not completed its discovery and preparation in this matter, and its

23  investigation of this case is ongoing. These responses are being made after reasonable inquiry into

24  the relevant facts, and are based only upon the information and documentation that is presently

25  known to CompuCom. Further investigation and discovery may result in the identification of

26  additional information or contentions, and CompuCom reserves the right to modify its responses.

27  CompuCom's responses and production should not be construed to prejudice its right to conduct

28

1   further investigation in this case, or to limit its use of any additional evidence that may be

2   developed.

3   14.     CompuCom objects to the Requests for Production as unduly burdensome to the extent that

4   they require CompuCom to search for, locate, and produce "all" documents related to the

5   information requested. CompuCom will conduct a reasonably diligent search for potentially

6   relevant documents, and offers to meet and confer concerning relevant custodians and to negotiate

7   search terms to locate documents responsive to the Requests for Production.

8   15.     Any production of information or documents will be subject to the Stipulated Protective

9   Order entered in this action (Dkt. No. 306).

10   16.     CompuCom objects to the extent Defendants are drawing a distinction between CRTs and

11   CRT Products. CompuCom is interpreting all requests related to CRTs to include its purchases of

12   CRT Products, which contain CRTs.

13                    **RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

14   **REQUEST NO. 1**:

15          All Documents You Identified or were requested to Identify in response to the

16   Interrogatories served herewith.

17   **RESPONSE TO REQUEST NO. 1:**

18          CompuCom refers to and incorporates its General Objections as if set forth fully herein.

19   Subject to and notwithstanding the foregoing objections, no documents were explicitly identified

20   in CompuCom's Responses to Defendants' Interrogatories. CompuCom has agreed to produce

21   certain documents, as outlined both below and in CompuCom's responses to Defendants'

22   Interrogatories.

23   **REQUEST NO. 2:**

24          All Documents concerning any CRTs or CRT Products purchased by You or on Your

25   behalf from Defendants during the Relevant Period, including Documents evidencing for each

26   CRT or CRT Product:

27          a.      the date and place of purchase of the CRT or CRT Product, including the

28                  place(s) where the CRT or CRT Product was manufactured, shipped from, shipped

1   subparts, on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls

2   for the production of documents that are equally available to Defendants or are irrelevant to the

3   claims or defenses of any party, and is not calculated to lead to the discovery of admissible

4   evidence. CompuCom further objects to the terms "offers," "price quotes," "price lists," "rebates,"

5   "discounts," "price reductions," and "credits" as being vague and ambiguous. CompuCom also

6   objects to this request as duplicative of previous discovery served by Defendants.

7        Subject to and notwithstanding the foregoing objections, CompuCom will produce

8   responsive, non-privileged documents created during the period of March 1, 1995 through

9   November 25, 2007, to the extent such documents exist and are kept in the ordinary course of

10  business, based on a search of the files of an agreed upon list of custodians and search terms to be

11  negotiated by the parties.

12  **REQUEST NO. 7:**

13       All Documents relating to the negotiation or interpretation of any purchase order, contract,

14  agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products,

15  including Documents relating to which terms or agreements govern which transactions.

16  **RESPONSE TO REQUEST NO. 7:**

17       CompuCom refers to and incorporates its General Objections as if set forth fully herein.

18  CompuCom also objects to this Request, including the time frame for the Request and each of its

19  subparts, on the grounds that it is overly broad, unduly burdensome and oppressive, seeks or calls

20  for the production of documents that are equally available to Defendants or are irrelevant to the

21  claims or defenses of any party, and is not calculated to lead to the discovery of admissible

22  evidence.

23       Subject to and notwithstanding the foregoing objections, CompuCom offers to meet and

24  confer with the Defendants. CompuCom will produce responsive, non-privileged documents

25  created during the period of March 1, 1995 through November 25, 2007, to the extent such

26  documents exist and are kept in the ordinary course of business, based on a search of the files of an

27  agreed upon list of custodians and search terms to be negotiated by the parties. CompuCom also

28  refers Defendants to its response to Document Request No. 4.

EXHIBIT K

SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
DYLAN I. BALLARD, Cal. Bar No. 253929
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:     (415) 434-9100
Facsimile:     (415) 434-3947
E-mail:  ghalling@sheppardmullin.com
        jmcginnis@sheppardmullin.com
        mscarborough@sheppardmullin.com
        dballard@sheppardmullin.com

Attorneys for Defendant
SAMSUNG SDI CO., LTD.

***Additional Counsel Listed On Signature Page***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br><br>MDL No. 1917<br><br>**SAMSUNG SDI CO., LTD. AND HITACHI ASIA, LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO INTERBOND CORPORATION OF AMERICA** |
| This Document Relates to:<br><br>INTERBOND ACTION<br>No. 3:11-cv-06275-SC | |

PROPOUNDING PARTIES:      SAMSUNG SDI CO., LTD.; HITACHI ASIA, LTD.

RESPONDING PARTY:          INTERBOND CORPORATION OF AMERICA

SET NO.:                              ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Samsung SDI Co., Ltd. and Hitachi Asia, Ltd. hereby request that the Responding Party produce for inspection and copying each of the documents and other things described below at the offices of Sheppard Mullin Richter & Hampton, 4 Embarcadero Ctr. 17th floor, San Francisco, CA 94111 within thirty (30) days after the date of the service hereof.

## I.

## **DEFINITIONS AND INSTRUCTIONS**

1.      "YOU" and "YOUR" means the responding Plaintiff, as well as any employees, agents, attorneys, representatives, or other persons acting or purporting to act on behalf of the responding Plaintiff.  "YOU" or "YOUR" includes, but is not limited to, all entities who assigned their claims to YOU.

2.      "DOCUMENTS" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, COMMUNICATIONS, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in YOUR possession or custody or under YOUR control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the DOCUMENT still exists, and regardless of who has maintained custody of such DOCUMENTS.

3.      "COMMUNICATIONS" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any PERSON(S), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings,

-2-

letters, emails, faxes, notations, telegrams, advertisements, interviews and all other DOCUMENTS as herein defined.

4.     "INTERROGATORIES" refers to the interrogatories enumerated in Samsung SDI Co., Ltd.'s First Set of Interrogatories to Interbond Corporation of America served concurrently herewith.

5.     "COMPLAINT" means the Complaint filed in the above-captioned action.

6.     "CRT(s)" refers to cathode ray tubes and "CRT PRODUCT(s)" refers to products containing cathode ray tubes.

7.     "DEFENDANTS" means the entities enumerated by paragraphs 19 through 65 of the COMPLAINT.

8.     "PERSON" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

9.     "OEM" means original equipment manufacturer.

10.    When referring to a PERSON, "IDENTITY" or "IDENTIFY" means, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

11.    When referring to a DOCUMENT, "IDENTITY" or "IDENTIFY" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12.    "RELEVANT PERIOD" means the "Relevant Period" alleged in paragraph 1 of the COMPLAINT, i.e. March 1, 1995 through November 25, 2007.

13.    YOU are required to produce all documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the documents.

-3-

14.     If YOU cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, YOU must answer the request to the extent possible, specify the portion of the request YOU are unable to answer, and provide whatever information YOU have regarding the answered portion.

15.     In the event that any requested document has been destroyed, lost, discarded or is otherwise no longer in YOUR possession, custody, or control, YOU shall identify the document as completely as possible and specify the document's disposal date, disposal manner, disposal reason, the PERSON who authorized the disposal, and the PERSON who disposed of the document.

16.     In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, YOU shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that YOU assert supports any claim of privilege.

17.     The word "any" shall be construed to include "all" and vice versa.

**II.**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**Request for Production of Documents No. 1:**

All DOCUMENTS YOU IDENTIFIED or were requested to IDENTIFY in response to the INTERROGATORIES served herewith.

**Request for Production of Documents No. 2:**

All DOCUMENTS concerning any CRTs or CRT PRODUCTS purchased by YOU or on YOUR behalf from DEFENDANTS during the RELEVANT PERIOD, including DOCUMENTS evidencing for each CRT or CRT PRODUCT:

a.     the date and place of acquisition of the CRT or CRT PRODUCT, including the place(s) where the CRT or CRT PRODUCT was manufactured, shipped from, shipped to, stored, and/or invoiced;

b.     the PERSON or entity from whom YOU acquired each CRT or CRT PRODUCT;

-4-

p.     all receipts, invoices, purchase orders, wire transfer records or other similar DOCUMENTS evidencing each CRT or CRT PRODUCT acquisition; and

q.     all information used to identify each CRT or CRT PRODUCT including tracking numbers, model numbers, product names, brands and serial numbers.

**Request for Production of Documents No. 3:**

DOCUMENTS sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including DOCUMENTS that contain the characteristics of the CRTs and CRT PRODUCTS associated with those codes and abbreviations, such as the size and other features.

**Request for Production of Documents No. 4:**

For each purchase or potential purchase by YOU of any CRT or CRT PRODUCT, all DOCUMENTS relating to negotiations or communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

**Request for Production of Documents No. 5:**

For each purchase or potential purchase by YOU of any CRT or CRT PRODUCT, all contracts, purchase orders, agreements or memoranda of understanding or any other DOCUMENT that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements.

**Request for Production of Documents No. 6:**

All DOCUMENTS relating to negotiations or communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of YOUR sales of CRT PRODUCTS.

**Request for Production of Documents No. 7:**

All DOCUMENTS relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between YOU and any DEFENDANT relating to CRTs and CRT PRODUCTS, including DOCUMENTS relating to which terms or agreements govern which

-6-

1   transactions.

2   **Request for Production of Documents No. 8:**

3       For each purchase or potential purchase by YOU of any CRT or CRT PRODUCT, all

4   DOCUMENTS relating to any efforts to consider alternative items or products before the purchase

5   was made, including all DOCUMENTS relating to (a) any alternative items or products

6   considered, (b) the price of such items or products, and (c) any factors related to the decision not

7   to purchase the alternative item or product.

8   **Request for Production of Documents No. 9:**

9       All DOCUMENTS relating to any decision by YOU not to complete a proposed or

10  contemplated purchase of CRTs or CRT PRODUCTS during the RELEVANT PERIOD.

11  **Request for Production of Documents No. 10:**

12      All DOCUMENTS constituting contracts, purchase orders, or other agreements between

13  YOU and any OEM, original device manufacturer, contract manufacturer or system integrator for

14  the purchase or manufacture of CRTs or CRT PRODUCTS.

15  **Request for Production of Documents No. 11:**

16      All DOCUMENTS relating to YOUR corporate policies, practices and/or procedures,

17  whether formal or informal, for making decisions concerning the acquisition or sale of CRTs or

18  CRT PRODUCTS including factors considered and purchasing methods and procedures YOU

19  currently use or have used at any time during the RELEVANT PERIOD.

20  **Request for Production of Documents No. 12:**

21      All DOCUMENTS relating to YOUR participation in any cooperative entity, trade

22  association, symposium, conference, or other organization concerning CRTs or CRT

23  PRODUCTS.

24  **Request for Production of Documents No. 13:**

25      All reports, analyses, memoranda, communications, and other discussions summarizing,

26  describing, or referring to YOUR competitors and competition for the sale of CRT PRODUCTS.

27  **Request for Production of Documents No. 14:**

28      All DOCUMENTS evidencing YOUR relationship, and any agreement or contracts with

1  William A. Isaacson (admitted *pro hac vice*)
   Melissa Felder (admitted *pro hac vice*)
2  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave. NW, Suite 800
3  Washington, D.C.  20015
   Telephone:  (202) 237-2727
4  Facsimile:  (202) 237-6131
   Email:  wisaacson@bsfllp.com
5          mfelder@bsfllp.com

6  Philip J. Iovieno (admitted *pro hac vice*)
   Anne M. Nardacci (admitted *pro hac vice*)
7  Luke Nikas (admitted *pro hac vice*)
   Christopher V. Fenlon (admitted *pro hac vice*)
8  BOIES, SCHILLER & FLEXNER LLP
   10 North Pearl Street, 4th Floor
9  Albany, NY  12207
   Telephone:  (518) 434-0600
10 Facsimile:  (518) 434-0665
   Email:  piovieno@bsfllp.com
11         anardacci@bsfllp.com
           lnikas@bsfllp.com
12         cfenlon@bsfllp.com

13 Counsel for Plaintiff
   Interbond Corporation of America

14
                    UNITED STATES DISTRICT COURT
15                 NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
16

17 | In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:11-cv-06275-SC |
   |---|---|

18 This Document Relates To Individual Case No. | Master File No. 3:07-cv-05944-SC (N.D. Cal.)
19 3:11-cv-06275-SC (N.D. Cal.) | MDL No. 1917

20 INTERBOND CORPORATION OF AMERICA, | **INTERBOND CORPORATION OF AMERICA'S OBJECTIONS AND**
21                              | **RESPONSES TO DEFENDANTS**
              Plaintiff,       | **SAMSUNG SDI CO., LTD.'S AND**
22                              | **HITACHI ASIA, LTD.'S FIRST**
         vs.                    | **REQUESTS FOR PRODUCTION OF**
23                              | **DOCUMENTS**
24    HITACHI LTD., et al.,
25          Defendants.
26
27
28

**PROPOUNDING PARTIES:**                          Samsung SDI Co., Ltd. and Hitachi Asia, Ltd.

**RESPONDING PARTY:**                                Interbond Corporation of America

**SET:**                                                 One

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the

2    Local Rules of the Northern District of California, Plaintiff Interbond Corporation of America

3    ("BrandsMart") hereby responds to Samsung SDI Co., Ltd.'s and Hitachi Asia, Ltd.'s

4    ("Defendants'") First Requests for Production of Documents to BrandsMart, dated May 15, 2012,

5    (collectively, the "Requests for Production") including the "Instructions" and "Definitions"

6    contained therein, as follows:

7    **<u>GENERAL OBJECTIONS</u>**

8    The following general objections ("General Objections") are incorporated in BrandsMart's

9    responses ("Responses") to each and every request for production contained in the Requests for

10   Production.  No Response to any request for production shall be deemed a waiver of BrandsMart's

11   General Objections.

12   1.    BrandsMart objects to the Requests for Production to the extent that they seek to impose

13   obligations on BrandsMart beyond those imposed by the Federal Rules of Civil Procedure, the

14   Local Civil Rules of the Northern District of California, or any applicable order of this Court.

15   2.    BrandsMart objects to the Requests for Production to the extent that they seek or call for

16   the production of documents or information that is already in the possession, custody, or control of

17   Defendants.

18   3.    BrandsMart objects to the Requests for Production to the extent that they seek or call for

19   the production of documents or information that can equally or more readily be obtained by

20   Defendants from public sources.

21   4.    BrandsMart objects to the Requests for Production to the extent that they seek or call for

22   the production of documents or information that can more readily, conveniently, and in a less

23   burdensome fashion be obtained by Defendants from others.

24   5.    BrandsMart objects to the Requests for Production to the extent that they seek or call for

25   the production of documents or information not in BrandsMart's possession, custody, or control.

26   6.    BrandsMart objects to the Requests for Production to the extent that they seek or call for

27   the production of documents or information protected from disclosure by the attorney-client

28   privilege, the attorney work product doctrine, or any other privilege, protection, or immunity

applicable under the governing law.  Any information disclosed pursuant to the Requests for Production will be disclosed without waiving, but on the contrary reserving and intending to reserve, each of these privileges, protections, or immunities.  Any accidental disclosure of privileged information or material shall not be deemed a waiver of the applicable privilege, protection, or immunity.

7.      BrandsMart objects to the Requests for Production to the extent that they are unintelligible, vague, ambiguous, overly broad, unduly burdensome, and oppressive.

8.      BrandsMart objects to the Requests for Production to the extent that they seek or call for the production of documents or information that is not relevant, material or necessary to this action and, thus, it is not reasonably calculated to lead to the discovery of admissible evidence.

9.      BrandsMart objects to the Requests for Production to the extent that they are duplicative and cumulative.

10.      BrandsMart objects to the Requests for Production, including the instructions and definitions, on the grounds that BrandsMart will incur substantial expense complying with them.

11.      Brandsmart objects to the time period specified in the Requests for Production for production of documents as unduly burdensome and oppressive, and will produce documents on a rolling basis. Brandsmart further objects to producing documents that were not created during the period of March 1, 1995 to November 25, 2007.

12.       BrandsMart objects to the Requests for Production to the extent that they prematurely call for expert testimony and state that BrandsMart will provide expert disclosures as provided by the Federal Rule of Civil Procedure.

13.      BrandsMart has not completed its discovery and preparation in this matter, and its investigation of this case is ongoing. These responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to BrandsMart. Further investigation and discovery may result in the identification of additional information or contentions, and BrandsMart reserves the right to modify its responses. BrandsMart's responses and production should not be construed to prejudice its right to conduct

1   further investigation in this case, or to limit its use of any additional evidence that may be

2   developed.

3   14.      BrandsMart objects to the Requests for Production as unduly burdensome to the extent that

4   they require BrandsMart to search for, locate, and produce "all" documents related to the

5   information requested. BrandsMart will conduct a reasonably diligent search for potentially

6   relevant documents, and offers to meet and confer concerning relevant custodians and to negotiate

7   search terms to locate documents responsive to the Requests for Production.

8   15.      Any production of information or documents will be subject to the Stipulated Protective

9   Order entered in this action (Dkt. No. 306).

10   16.     Brandsmart objects to the extent Defendants are drawing a distinction between CRTs and

11   CRT Products. Brandsmart is interpreting all requests related to CRTs to include its purchases of

12   CRT Products, which contain CRTs.

13                  **RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

14   **REQUEST NO. 1:**

15            All DOCUMENTS YOU IDENTIFIED or were requested to IDENTIFY in response to the

16   INTERROGATORIES served herewith.

17   **RESPONSE TO REQUEST NO. 1:**

18            BrandsMart refers to and incorporates its General Objections as if set forth fully herein.

19   Subject to and notwithstanding the foregoing objections, no documents were explicitly identified

20   in BrandsMart's Responses to Defendants' Interrogatories. BrandsMart has agreed to produce

21   certain documents, as outlined both below and in BrandsMart's responses to Defendants'

22   Interrogatories.

23   **REQUEST NO. 2:**

24            All DOCUMENTS concerning any CRTs or CRT PRODUCTS purchased by YOU or on

25   YOUR behalf from DEFENDANTS during the RELEVANT PERIOD, including DOCUMENTS

26   evidencing for each CRT or CRT PRODUCT:

27            a.       the date and place of acquisition of the CRT or CRT PRODUCT, including the

28                     place(s) where the CRT or CRT PRODUCT was manufactured, shipped from,

1   ambiguous. BrandsMart also objects to this request as duplicative of previous discovery served by

2   Defendants.

3          Subject to and notwithstanding the foregoing objections, BrandsMart will produce

4   responsive, non-privileged documents created during the period of March 1, 1995 through

5   November 25, 2007, to the extent such documents exist and are kept in the ordinary course of

6   business, based on a search of the files of an agreed upon list of custodians and search terms to be

7   negotiated by the parties.

8   **REQUEST NO. 7:**

9          All DOCUMENTS relating to the negotiation or interpretation of any purchase order,

10  contract, agreement, or terms of sale between YOU and any DEFENDANT relating to CRTs and

11  CRT PRODUCTS, including DOCUMENTS relating to which terms or agreements govern which

12  transactions.

13  **RESPONSE TO REQUEST NO. 7:**

14         BrandsMart refers to and incorporates its General Objections as if set forth fully herein.

15  BrandsMart also objects to this Request, on the grounds that it is overly broad, unduly burdensome

16  and oppressive, seeks or calls for the production of documents that are equally available to

17  Defendants or are irrelevant to the claims or defenses of any party, and is not calculated to lead to

18  the discovery of admissible evidence.  BrandsMart also objects to this request as duplicative of

19  other discovery requests served by Defendants.

20         Subject to and notwithstanding the foregoing objections, BrandsMart offers to meet and

21  confer with the Defendants. BrandsMart will produce responsive, non-privileged documents

22  created during the period of March 1, 1995 through November 25, 2007, to the extent such

23  documents exist and are kept in the ordinary course of business, based on a search of the files of an

24  agreed upon list of custodians and search terms to be negotiated by the parties. BrandsMart also

25  refers Defendants to its response to Document Request No. 4.

26  **REQUEST NO. 8:**

27         For each purchase or potential purchase by YOU of any CRT or CRT PRODUCT, all

28  DOCUMENTS relating to any efforts to consider alternative items or products before the purchase

EXHIBIT L

1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234,
2  JSanders@gibsondunn.com
   RACHEL S. BRASS, SBN 219301,
3  RBrass@gibsondunn.com
   555 Mission Street, Suite 3000
4  San Francisco, California 94105-2933
   Telephone: 415.393.8200
5  Facsimile: 415.393.8306

6  **Attorneys for Defendant**
   **TATUNG COMPANY OF AMERICA, INC.**

7
   O'MELVENY & MYERS LLP
8  IAN SIMMONS (*pro hac vice*)
   isimmons@omm.com
9  BENJAMIN G. BRADSHAW (SBN 189925)
   bbradshaw@omm.com
10 1625 Eye Street, N.W.
   Washington, D.C. 20006
11 Telephone: (202) 383-5300
   Facsimile: (202) 383-5414

12
   **Attorneys for Defendant**
13 **SAMSUNG ELECTRONICS CO., LTD.**

14
                    **UNITED STATES DISTRICT COURT**
15
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
16

17
   **IN RE: CATHODE RAY TUBE (CRT)**          CASE NO. 3:11-cv-05514-SC
18 **ANTITRUST LITIGATION**
                                              MDL NO. 1917
19 _____

20 This Document Relates To:                  **TATUNG COMPANY OF AMERICA, INC.**
                                              **AND SAMSUNG ELECTRONICS CO.,**
21 *Target Corp.; Sears, Roebuck and Co.; Kmart*  **LTD.'S FIRST SET OF REQUESTS FOR**
   *Corp.; Old Comp Inc.; Good Guys, Inc.;*      **PRODUCTION OF DOCUMENTS TO**
22 *RadioShack Corp., v. Chunghwa Picture Tubes,*  **PLAINTIFF KMART CORP.**
   Ltd., No. 3:11-cv-05514-SC
23

24

25        **PROPOUNDING PARTY:**        Defendant Tatung Company of America, Inc. and
                                         Samsung Electronics Co., Ltd.
26
          **RESPONDING PARTY:**         Kmart Corp.
27
          **SET NO.:**                  ONE
28

                                        1
**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO KMART CORP., MDL 1917**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd. hereby requests that Plaintiff Kmart Corp. ("Plaintiff") produce for inspection and copying each of the documents and other things described below at Gibson, Dunn & Crutcher LLP, 555 Mission St. Suite 3000, San Francisco, CA 94105-2933, within thirty (30) days after the date of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      "You" and "Your" means the Plaintiff responding to these requests for production, its direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each Person acting or purporting to act on its behalf.  "You" or "Your" includes, but is not limited to, all entities who assigned their claims to You.

2.      "Documents" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in YOUR possession or custody or under Your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

3.      "Communications" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations, telegrams, advertisements, interviews and all other Documents as herein defined.

**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO KMART CORP., MDL 1917**

4. "Interrogatories" refers to the interrogatories enumerated in Defendants Tatung Company of America, Inc. and Samsung Electronics America, Inc.'s First Set of Interrogatories to Plaintiff, served concurrently herewith.

5. "Complaint" means the amended Complaint filed by Plaintiffs Target Corp.; Sears, Roebuck and Co.; Kmart Corp.; Old Comp Inc.; Good Guys, Inc.; and RadioShack Corp., on January 6, 2012 in Case No. 3:11-cv-05514-SC.

6. "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products containing cathode ray tubes.

7. "Defendants" means the entities enumerated by paragraphs 38 through 85 of the Complaint.

8. "OEM" means non-Defendant original equipment manufacturers, as defined in paragraph 105 of the Complaint.

9. "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

10. When referring to a Person, "Identity" or "Identify" means, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment. Once a Person has been identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

11. When referring to a Document, "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12. "Relevant Period" means the Class Period alleged in paragraph 1 of the Complaint, i.e., March 1, 1995 to November 25, 2007.

13. You are required to produce all Documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure,

**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO KMART CORP., MDL 1917**

including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

14.    If You cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, You must answer the request to the extent possible, specify the portion of the request You are unable to answer, and provide whatever information You have regarding the answered portion.

15.    In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, You shall Identify the document as completely as possible and specify the document's disposal date, disposal manner, disposal reason, the Person who authorized the disposal, and the Person who disposed of the document.

16.    In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that You assert supports any claim of privilege.

17.    The words "concerning," "regarding," "reflecting," "referring to" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

18.    The word "and" shall be construed to include "or" and vice versa.

19.    The word "any" shall be construed to include "all" and vice versa.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

4

Gibson, Dunn & Crutcher LLP

p.    all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.    all information used to Identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**REQUEST NO. 3:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size, model, manufacturer, and other features.

**REQUEST NO. 4:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to negotiations or Communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements.

**REQUEST NO. 6:**

All Documents relating to negotiations or Communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRT Products.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products, including Documents relating to which terms or agreements govern which transactions.

6

Gibson, Dunn & Crutcher LLP

1  Jason C. Murray (CA Bar No. 169806)
   CROWELL & MORING LLP
2  515 South Flower St., 40th Floor
   Los Angeles, CA 90071
3  Telephone:  213-622-4750
   Facsimile:  213-622-2690
4  Email:  jmurray@crowell.com

5  Counsel for Plaintiffs
   *Target Corp.; Sears, Roebuck and Co.;*
6  *Kmart Corp.; Old Comp Inc.; Good*
   *Guys, Inc.; RadioShack Corp.*

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

13  IN RE CATHODE RAY TUBE (CRT)          CASE NO. 3:11-CV 11-05514-SC
    ANTITRUST LITIGATION
14                                        MASTER FILE NO. CV 07-5944-SC
    This Document Relates To:
15                                        MDL NO. 1917
    *Target Corp., et al. v. Chunghwa*
16  *Picture Tubes, Ltd., et al., Case No.*
    *3:11-CV-05514-SC*
17                                        **PLAINTIFFS SEARS, ROEBUCK AND CO.**
                                          **AND KMART CORPORATION'S**
18                                        **RESPONSES AND OBJECTIONS TO**
                                          **DEFENDANTS TATUNG COMPANY OF**
19                                        **AMERICA, INC. AND SAMSUNG**
                                          **ELECTRONICS CO., LTD.'S FIRST SET**
20                                        **OF REQUESTS FOR PRODUCTION OF**
                                          **DOCUMENTS**
21

22

23  PROPOUNDING PARTY:    Defendants Tatung Company of America, Inc. and Samsung

24                        Electronics Co., LTD

25  RESPONDING PARTY:     Plaintiffs Sears Roebuck and Co. and Kmart Corporation

26  SET NO.:              ONE

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC                    PLAINTIFFS SEARS AND KMART'S RESPONSES
                                                AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
                                                REQUESTS FOR PRODUCTION OF DOCUMENTS
DCACTIVE-19394232.1

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Sears, Roebuck and Co. and Kmart Corporation (together, "Sears") hereby object to the First Set of Requests for Production of Documents to Sears ("Requests") served by counsel for Tatung Company of America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Defendants") in the above-captioned matter.  For the reasons specified below, Sears objects generally and specifically to all specifications in the Requests.  Sears reserves the right to supplement the objections and responses set forth below.

**GENERAL OBJECTIONS**

Sears asserts the following General Objections to the Requests, which are incorporated by reference in each specific response as though set forth fully therein:

1.      Sears objects to the Requests, including the instructions and definitions, to the extent they are overbroad, burdensome, and seek information that is outside the scope of any allowable discovery by the court.

2.      Sears objects to the Requests to the extent they call for documents not in the possession, custody, or control of Sears. Sears does not have possession, custody, or control documents possessed by individuals that are former employees, former agents, subcontractors, independent contractors, third parties, the media, or other persons and entities whose documents are not accessible to Sears. Sears further objects to the Requests to the extent they are duplicative of documents and information that are equally or more readily available to Defendants through public sources, or are already in Defendants' possession, custody, or control.

3.      Sears objects to the Requests to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Sears objects to the Requests to the extent they seek documents that contain trade secrets or otherwise contain confidential, proprietary, or competitively sensitive information, the disclosure of which could cause serious injury to Sears.

5.      Sears objects to the Requests to the extent they seek documents and information protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC                -2-                PLAINTIFFS SEARS AND KMART'S RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

other applicable privilege, immunity, or protective doctrine. Such information will not be produced; any production thereof is inadvertent and not a waiver of any applicable protection against disclosure.

6.      Sears objects to the Requests to the extent they would require Sears to disclose information that would cause Sears to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

7.      Sears objects to the Requests to the extent that the specifications are vague and ambiguous.  Sears also objects to Defendants' definitions of words to the extent they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases. By responding to a request containing such a definition, Sears does not adopt definitions of terms propounded by Defendants. Instead, Sears expressly reserves its right to narrow the scope of the purported definition.

8.      Sears objects to the Requests to the extent they impose obligations that exceed those imposed by applicable law, including the Federal Rules of Civil Procedure. By providing these objections Sears does not in any way waive, or intend to waive, but rather intends to preserve and is preserving all objections on any ground to the use of any documents produced by Sears in any subsequent proceedings, including any other lawsuits or proceedings.

9.      Sears objects to the time period specified in the Requests for production of documents as unduly burdensome and oppressive.  Sears will produce documents at a mutually-convenient time agreed to by Sears and Defendants.

10.     Sears objects to the Requests to the extent that they prematurely call for expert testimony and state that Sears will provide expert disclosures as provided by the Federal Rule of Civil Procedure or order of the court.

11.     Sears objects to the Requests, including the instructions and definitions, on the grounds that Sears will incur substantial expense complying with the inspection and copying command.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC                    -3-

PLAINTIFFS SEARS AND KMART'S RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

12.     Sears objects to the Requests to the extent Defendants are drawing a distinction between CRTs and CRT Products.  In responding to these Requests, Sears is interpreting all Requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

13.     Sears has not completed its discovery and preparation in this matter, and Sears' investigation of this case is ongoing. Sears' responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to Sears. Further investigation and discovery may result in the identification of additional information or contentions, and Sears reserves the right to modify its responses. Sears' responses should not be construed to prejudice Sears' right to conduct further investigation in this case, or to limit Sears' use of any additional evidence that may be developed.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

**RESPONSE TO REQUEST NO. 1:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears also refers to and incorporates its objections and responses to Defendants' Interrogatories. Sears further objects to this Request on the grounds that it seeks documents that are irrelevant to the claims or defenses of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Sears further objects to this Request on the grounds and to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection.

**REQUEST NO. 2:**

All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Product:

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC

-4-

PLAINTIFFS SEARS AND KMART'S RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

1   outside the Relevant Period, and is not reasonably calculated to lead to the discovery of

2   admissible evidence.  Sears further objects to this Request on the grounds that it is unduly

3   burdensome and oppressive and seeks information that is equally available to Defendants, or can

4   be obtained from another source that is more convenient, less burdensome, or less expensive.  Sears

5   further objects to this Request as vague and ambiguous.

6       Subject to and without waiving any of the foregoing objections, Sears will meet and

7   confer with Defendants on the scope of, and the categories of documents sought in this Request,

8   and will conduct a reasonable search for any such responsive documents.

9   **REQUEST NO. 6:**

10      All Documents relating to negotiations or Communications regarding offers, price quotes,

11  price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales

12  of CRT Products.

13  **RESPONSE TO REQUEST NO. 6:**

14      Sears refers to and incorporates its General Objections as though set forth fully herein.

15  Sears further objects to this Request on the grounds that it is unduly burdensome and oppressive.

16  Sears further objects to this Request on the grounds that it is overly broad, seeks documents from

17  outside the Relevant Period, seeks information that is equally available to Defendants, and is not

18  reasonably calculated to lead to the discovery of admissible evidence.  Sears further objects to

19  this Request as vague and ambiguous.  Sears further objects to this Request on the grounds and to

20  the extent that the Request seeks information protected by the attorney client privilege, the

21  attorney work-product doctrine, or any other available privilege or protection.

22      Subject to and without waiving any of the foregoing objections, Sears offers to meet and

23  confer with Defendants regarding the scope of this Request.

24  **REQUEST NO. 7:**

25      All Documents relating to the negotiation or interpretation of any purchase order, contract,

26  agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products,

27  including Documents relating to which terms or agreements govern which transactions.

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC          -8-          PLAINTIFFS SEARS AND KMART'S RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

**RESPONSE TO REQUEST NO. 7:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears further objects to this Request on the grounds that it is overly broad and seeks documents from outside the Relevant Period. Sears further objects to this Request on the grounds that it is unduly burdensome and oppressive. Sears further objects to this Request on the grounds and to the extent that the Request seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection. Sears further object to this Request to the extent it is duplicative of other Requests served by Defendants. Sears further objects to this Request as vague and ambiguous; specifically, the reference to the "interpretation" of any purchase order, contract, agreement, and "terms of sale" are vague and ambiguous.

Subject to and without waiving any of the foregoing objections, Sears offers to meet and confer with Defendants regarding the scope of this Request.

**REQUEST NO. 8:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to any efforts to consider alternative items or products before the purchase was made, including all Documents relating to (a) any alternative items or products considered, (b) the price of such items or products, and (c) any factors related to the decision not to purchase the alternative item or product.

**RESPONSE TO REQUEST NO. 8:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears further objects to this Request on the grounds that it is overly broad and seeks documents from outside the Relevant Period. Sears further objects to this Request on the grounds that it seeks documents that are irrelevant to the claims or defenses of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Sears further objects to this Request on the grounds that it is unduly burdensome and oppressive to provide all requested documents for each purchase or "potential" purchase. Sears also objects to this Request as vague and ambiguous; specifically, the reference to "alternative items or products."

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC          -9-          PLAINTIFFS SEARS AND KMART'S RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

EXHIBIT M

1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234,
2  JSanders@gibsondunn.com
   RACHEL S. BRASS, SBN 219301,
3  RBrass@gibsondunn.com
   555 Mission Street, Suite 3000
4  San Francisco, California 94105-2933
   Telephone: 415.393.8200
5  Facsimile: 415.393.8306

6  **Attorneys for Defendant**
   **TATUNG COMPANY OF AMERICA, INC.**

7
8  O'MELVENY & MYERS LLP
   IAN SIMMONS (*pro hac vice*)
   isimmons@omm.com
9  BENJAMIN G. BRADSHAW (SBN 189925)
   bbradshaw@omm.com
10 1625 Eye Street, N.W.
   Washington, D.C. 20006
11 Telephone: (202) 383-5300
   Facsimile: (202) 383-5414

12
   **Attorneys for Defendant**
13 **SAMSUNG ELECTRONICS CO., LTD.**

14
                    **UNITED STATES DISTRICT COURT**
15
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
16

17
   **IN RE: CATHODE RAY TUBE (CRT)**          CASE NO. 3:11-cv-05514-SC
18 **ANTITRUST LITIGATION**
                                              MDL NO. 1917
19 ─────────────────────────────

20 This Document Relates To:                  **TATUNG COMPANY OF AMERICA, INC.**
                                              **AND SAMSUNG ELECTRONICS CO.,**
21 *Target Corp.; Sears, Roebuck and Co.; Kmart*   **LTD.'S FIRST SET OF REQUESTS FOR**
   *Corp.; Old Comp Inc.; Good Guys, Inc.;*        **PRODUCTION OF DOCUMENTS TO**
22 *RadioShack Corp., v. Chunghwa Picture Tubes,*  **PLAINTIFF SEARS, ROEBUCK AND CO.**
   *Ltd., No. 3:11-cv-05514-SC*
23

24

25     **PROPOUNDING PARTY:**        Defendant Tatung Company of America, Inc. and
                                      Samsung Electronics Co., Ltd.
26
       **RESPONDING PARTY:**         Sears, Roebuck and Co.
27
       **SET NO.:**                  ONE
28

                                    1

**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO SEARS, ROEBUCK AND CO., MDL 1917**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd. hereby requests that Plaintiff Sears, Roebuck and Co. ("Plaintiff") produce for inspection and copying each of the documents and other things described below at Gibson, Dunn & Crutcher LLP, 555 Mission St. Suite 3000, San Francisco, CA 94105-2933, within thirty (30) days after the date of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.      "You" and "Your" means the Plaintiff responding to these requests for production, its direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each Person acting or purporting to act on its behalf.  "You" or "Your" includes, but is not limited to, all entities who assigned their claims to You.

2.      "Documents" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in YOUR possession or custody or under Your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

3.      "Communications" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations, telegrams, advertisements, interviews and all other Documents as herein defined.

**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SEARS, ROEBUCK AND CO., MDL 1917**

4.     "Interrogatories" refers to the interrogatories enumerated in Defendants Tatung Company of America, Inc. and Samsung Electronics America, Inc.'s First Set of Interrogatories to Plaintiff, served concurrently herewith.

5.     "Complaint" means the amended Complaint filed by Plaintiffs Target Corp.; Sears, Roebuck and Co.; Kmart Corp.; Old Comp Inc.; Good Guys, Inc.; and RadioShack Corp., on January 6, 2012 in Case No. 3:11-cv-05514-SC.

6.     "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products containing cathode ray tubes.

7.     "Defendants" means the entities enumerated by paragraphs 38 through 85 of the Complaint.

8.     "OEM" means non-Defendant original equipment manufacturers, as defined in paragraph 105 of the Complaint.

9.     "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

10.     When referring to a Person, "Identity" or "Identify" means, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

11.     When referring to a Document, "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12.     "Relevant Period" means the Class Period alleged in paragraph 1 of the Complaint, i.e., March 1, 1995 to November 25, 2007.

13.     You are required to produce all Documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure,

3

**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SEARS, ROEBUCK AND CO., MDL 1917**

Gibson, Dunn & Crutcher LLP

including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

14.   If You cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, You must answer the request to the extent possible, specify the portion of the request You are unable to answer, and provide whatever information You have regarding the answered portion.

15.   In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, You shall Identify the document as completely as possible and specify the document's disposal date, disposal manner, disposal reason, the Person who authorized the disposal, and the Person who disposed of the document.

16.   In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that You assert supports any claim of privilege.

17.   The words "concerning," "regarding," "reflecting," "referring to" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

18.   The word "and" shall be construed to include "or" and vice versa.

19.   The word "any" shall be construed to include "all" and vice versa.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

### **REQUEST NO. 1:**

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO SEARS, ROEBUCK AND CO., MDL 1917**

Gibson, Dunn & Crutcher LLP

p.   all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.   all information used to Identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**REQUEST NO. 3:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size, model, manufacturer, and other features.

**REQUEST NO. 4:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to negotiations or Communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements.

**REQUEST NO. 6:**

All Documents relating to negotiations or Communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRT Products.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products, including Documents relating to which terms or agreements govern which transactions.

Gibson, Dunn & Crutcher LLP

1   Jason C. Murray (CA Bar No. 169806)
    CROWELL & MORING LLP
2   515 South Flower St., 40th Floor
    Los Angeles, CA 90071
3   Telephone:  213-622-4750
    Facsimile:  213-622-2690
4   Email: jmurray@crowell.com

5   Counsel for Plaintiffs
    *Target Corp.; Sears, Roebuck and Co.;*
6   *Kmart Corp.; Old Comp Inc.; Good*
    *Guys, Inc.; RadioShack Corp.*
7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12

13  IN RE CATHODE RAY TUBE (CRT)          CASE NO. 3:11-CV 11-05514-SC
    ANTITRUST LITIGATION
14                                        MASTER FILE NO. CV 07-5944-SC
    This Document Relates To:
15                                        MDL NO. 1917
    *Target Corp., et al. v. Chunghwa*
16  *Picture Tubes, Ltd., et al., Case No.*
    *3:11-CV-05514-SC*
17                                        **PLAINTIFFS SEARS, ROEBUCK AND CO.**
                                          **AND KMART CORPORATION'S**
18                                        **RESPONSES AND OBJECTIONS TO**
                                          **DEFENDANTS TATUNG COMPANY OF**
                                          **AMERICA, INC. AND SAMSUNG**
19                                        **ELECTRONICS CO., LTD.'S FIRST SET**
                                          **OF REQUESTS FOR PRODUCTION OF**
20                                        **DOCUMENTS**

21

22

23  PROPOUNDING PARTY:   Defendants Tatung Company of America, Inc. and Samsung

24                       Electronics Co., LTD

25  RESPONDING PARTY:    Plaintiffs Sears Roebuck and Co. and Kmart Corporation

26  SET NO.:             ONE

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1    Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Sears,

2  Roebuck and Co. and Kmart Corporation (together, "Sears") hereby object to the First Set of

3  Requests for Production of Documents to Sears ("Requests") served by counsel for Tatung

4  Company of America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Defendants") in the

5  above-captioned matter.  For the reasons specified below, Sears objects generally and specifically

6  to all specifications in the Requests.  Sears reserves the right to supplement the objections and

7  responses set forth below.

8                                    **GENERAL OBJECTIONS**

9    Sears asserts the following General Objections to the Requests, which are incorporated by

10  reference in each specific response as though set forth fully therein:

11    1.    Sears objects to the Requests, including the instructions and definitions, to the

12  extent they are overbroad, burdensome, and seek information that is outside the scope of any

13  allowable discovery by the court.

14    2.    Sears objects to the Requests to the extent they call for documents not in the

15  possession, custody, or control of Sears. Sears does not have possession, custody, or control

16  documents possessed by individuals that are former employees, former agents, subcontractors,

17  independent contractors, third parties, the media, or other persons and entities whose documents

18  are not accessible to Sears. Sears further objects to the Requests to the extent they are duplicative

19  of documents and information that are equally or more readily available to Defendants through

20  public sources, or are already in Defendants' possession, custody, or control.

21    3.    Sears objects to the Requests to the extent they seek information that is neither

22  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

23  admissible evidence.

24    4.    Sears objects to the Requests to the extent they seek documents that contain trade

25  secrets or otherwise contain confidential, proprietary, or competitively sensitive information, the

26  disclosure of which could cause serious injury to Sears.

27    5.    Sears objects to the Requests to the extent they seek documents and information

28  protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC                    -2-                    PLAINTIFFS SEARS AND KMART'S RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS
DCACTIVE-19394232.1

other applicable privilege, immunity, or protective doctrine. Such information will not be produced; any production thereof is inadvertent and not a waiver of any applicable protection against disclosure.

6.      Sears objects to the Requests to the extent they would require Sears to disclose information that would cause Sears to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

7.      Sears objects to the Requests to the extent that the specifications are vague and ambiguous.  Sears also objects to Defendants' definitions of words to the extent they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases. By responding to a request containing such a definition, Sears does not adopt definitions of terms propounded by Defendants. Instead, Sears expressly reserves its right to narrow the scope of the purported definition.

8.      Sears objects to the Requests to the extent they impose obligations that exceed those imposed by applicable law, including the Federal Rules of Civil Procedure. By providing these objections Sears does not in any way waive, or intend to waive, but rather intends to preserve and is preserving all objections on any ground to the use of any documents produced by Sears in any subsequent proceedings, including any other lawsuits or proceedings.

9.      Sears objects to the time period specified in the Requests for production of documents as unduly burdensome and oppressive.  Sears will produce documents at a mutually-convenient time agreed to by Sears and Defendants.

10.     Sears objects to the Requests to the extent that they prematurely call for expert testimony and state that Sears will provide expert disclosures as provided by the Federal Rule of Civil Procedure or order of the court.

11.     Sears objects to the Requests, including the instructions and definitions, on the grounds that Sears will incur substantial expense complying with the inspection and copying command.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC          -3-          PLAINTIFFS SEARS AND KMART'S RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

12. Sears objects to the Requests to the extent Defendants are drawing a distinction between CRTs and CRT Products.  In responding to these Requests, Sears is interpreting all Requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

13. Sears has not completed its discovery and preparation in this matter, and Sears' investigation of this case is ongoing. Sears' responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to Sears. Further investigation and discovery may result in the identification of additional information or contentions, and Sears reserves the right to modify its responses. Sears' responses should not be construed to prejudice Sears' right to conduct further investigation in this case, or to limit Sears' use of any additional evidence that may be developed.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

**RESPONSE TO REQUEST NO. 1:**

Sears refers to and incorporates its General Objections as though set forth fully herein. Sears also refers to and incorporates its objections and responses to Defendants' Interrogatories. Sears further objects to this Request on the grounds that it seeks documents that are irrelevant to the claims or defenses of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Sears further objects to this Request on the grounds and to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection.

**REQUEST NO. 2:**

All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Product:

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC          -4-          PLAINTIFFS SEARS AND KMART'S RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

1   outside the Relevant Period, and is not reasonably calculated to lead to the discovery of

2   admissible evidence.  Sears further objects to this Request on the grounds that it is unduly

3   burdensome and oppressive and seeks information that is equally available to Defendants, or can

4   be obtained from another source that is more convenient, less burdensome, or less expensive.  Sears

5   further objects to this Request as vague and ambiguous.

6        Subject to and without waiving any of the foregoing objections, Sears will meet and

7   confer with Defendants on the scope of, and the categories of documents sought in this Request,

8   and will conduct a reasonable search for any such responsive documents.

9   **REQUEST NO. 6:**

10       All Documents relating to negotiations or Communications regarding offers, price quotes,

11  price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales

12  of CRT Products.

13  **RESPONSE TO REQUEST NO. 6:**

14       Sears refers to and incorporates its General Objections as though set forth fully herein.

15  Sears further objects to this Request on the grounds that it is unduly burdensome and oppressive.

16  Sears further objects to this Request on the grounds that it is overly broad, seeks documents from

17  outside the Relevant Period, seeks information that is equally available to Defendants, and is not

18  reasonably calculated to lead to the discovery of admissible evidence.  Sears further objects to

19  this Request as vague and ambiguous.  Sears further objects to this Request on the grounds and to

20  the extent that the Request seeks information protected by the attorney client privilege, the

21  attorney work-product doctrine, or any other available privilege or protection.

22       Subject to and without waiving any of the foregoing objections, Sears offers to meet and

23  confer with Defendants regarding the scope of this Request.

24  **REQUEST NO. 7:**

25       All Documents relating to the negotiation or interpretation of any purchase order, contract,

26  agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products,

27  including Documents relating to which terms or agreements govern which transactions.

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC                    -8-                    PLAINTIFFS SEARS AND KMART'S RESPONSES
                                                                       AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
                                                                       REQUESTS FOR PRODUCTION OF DOCUMENTS
DCACTIVE-19394232.1

1   **RESPONSE TO REQUEST NO. 7:**

2        Sears refers to and incorporates its General Objections as though set forth fully herein.

3   Sears further objects to this Request on the grounds that it is overly broad and seeks documents

4   from outside the Relevant Period. Sears further objects to this Request on the grounds that it is

5   unduly burdensome and oppressive. Sears further objects to this Request on the grounds and to

6   the extent that the Request seeks information protected by the attorney client privilege, the

7   attorney work-product doctrine, or any other available privilege or protection. Sears further

8   object to this Request to the extent it is duplicative of other Requests served by Defendants.

9   Sears further objects to this Request as vague and ambiguous; specifically, the reference to the

10   "interpretation" of any purchase order, contract, agreement, and "terms of sale" are vague and

11   ambiguous.

12        Subject to and without waiving any of the foregoing objections, Sears offers to meet and

13   confer with Defendants regarding the scope of this Request.

14   **REQUEST NO. 8:**

15        For each purchase or potential purchase by You of any CRT or CRT Product, all

16   Documents relating to any efforts to consider alternative items or products before the purchase

17   was made, including all Documents relating to (a) any alternative items or products considered,

18   (b) the price of such items or products, and (c) any factors related to the decision not to purchase

19   the alternative item or product.

20   **RESPONSE TO REQUEST NO. 8:**

21        Sears refers to and incorporates its General Objections as though set forth fully herein.

22   Sears further objects to this Request on the grounds that it is overly broad and seeks documents

23   from outside the Relevant Period. Sears further objects to this Request on the grounds that it

24   seeks documents that are irrelevant to the claims or defenses of any party, and is not reasonably

25   calculated to lead to the discovery of admissible evidence. Sears further objects to this Request

26   on the grounds that it is unduly burdensome and oppressive to provide all requested documents

27   for each purchase or "potential" purchase. Sears also objects to this Request as vague and

28   ambiguous; specifically, the reference to "alternative items or products."

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CASE NO. 3:11-CV 11-05514-SC       -9-       PLAINTIFFS SEARS AND KMART'S RESPONSES
AND OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19394232.1

EXHIBIT N

1  GIBSON, DUNN & CRUTCHER LLP
   JOEL S. SANDERS, SBN 107234,
2  JSanders@gibsondunn.com
   RACHEL S. BRASS, SBN 219301,
3  RBrass@gibsondunn.com
   555 Mission Street, Suite 3000
4  San Francisco, California 94105-2933
   Telephone: 415.393.8200
5  Facsimile: 415.393.8306

6  **Attorneys for Defendant**
   **TATUNG COMPANY OF AMERICA, INC.**
7
8  O'MELVENY & MYERS LLP
   IAN SIMMONS (*pro hac vice*)
   isimmons@omm.com
9  BENJAMIN G. BRADSHAW (SBN 189925)
   bbradshaw@omm.com
10 1625 Eye Street, N.W.
   Washington, D.C. 20006
11 Telephone: (202) 383-5300
   Facsimile: (202) 383-5414
12
   **Attorneys for Defendant**
13 **SAMSUNG ELECTRONICS CO., LTD.**

14                    **UNITED STATES DISTRICT COURT**

15            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16

17 **IN RE: CATHODE RAY TUBE (CRT)**          CASE NO. 3:11-cv-05514-SC
18 **ANTITRUST LITIGATION**
                                              MDL NO. 1917
19 _____
                                              **TATUNG COMPANY OF AMERICA, INC.**
20 This Document Relates To:                  **AND SAMSUNG ELECTRONICS CO.,**
                                              **LTD.'S FIRST SET OF REQUESTS FOR**
21 *Target Corp.; Sears, Roebuck and Co.; Kmart*   **PRODUCTION OF DOCUMENTS TO**
   *Corp.; Old Comp Inc.; Good Guys, Inc.;*        **PLAINTIFF TARGET CORP.**
22 *RadioShack Corp., v. Chunghwa Picture Tubes,*
   Ltd., No. 3:11-cv-05514-SC
23

24

25     **PROPOUNDING PARTY:**          Defendant Tatung Company of America, Inc. and
                                         Samsung Electronics Co., Ltd.
26
27     **RESPONDING PARTY:**           Target Corp.

28     **SET NO.:**                    ONE

                                       1

**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO TARGET CORP., MDL 1917**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Tatung Company of America, Inc. and Samsung Electronics Co., Ltd. hereby requests that Plaintiff Target Corp. ("Plaintiff") produce for inspection and copying each of the documents and other things described below at Gibson, Dunn & Crutcher LLP, 555 Mission St. Suite 3000, San Francisco, CA 94105-2933, within thirty (30) days after the date of the service hereof.

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" means the Plaintiff responding to these requests for production, its direct and indirect parents, predecessors in interest, affiliates, subsidiaries, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and each Person acting or purporting to act on its behalf. "You" or "Your" includes, but is not limited to, all entities who assigned their claims to You.

2. "Documents" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in YOUR possession or custody or under Your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

3. "Communications" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations, dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations, telegrams, advertisements, interviews and all other Documents as herein defined.

Gibson, Dunn & Crutcher LLP

**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO TARGET CORP., MDL 1917**

4.    "Interrogatories" refers to the interrogatories enumerated in Defendants Tatung Company of America, Inc. and Samsung Electronics America, Inc.'s First Set of Interrogatories to Plaintiff, served concurrently herewith.

5.    "Complaint" means the amended Complaint filed by Plaintiffs Target Corp.; Sears, Roebuck and Co.; Kmart Corp.; Old Comp Inc.; Good Guys, Inc.; and RadioShack Corp., on January 6, 2012 in Case No. 3:11-cv-05514-SC.

6.    "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products containing cathode ray tubes.

7.    "Defendants" means the entities enumerated by paragraphs 38 through 85 of the Complaint.

8.    "OEM" means non-Defendant original equipment manufacturers, as defined in paragraph 105 of the Complaint.

9.    "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

10.    When referring to a Person, "Identity" or "Identify" means, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

11.    When referring to a Document, "Identify" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12.    "Relevant Period" means the Class Period alleged in paragraph 1 of the Complaint, i.e., March 1, 1995 to November 25, 2007.

13.    You are required to produce all Documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure,

**TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO TARGET CORP., MDL 1917**

including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

14.     If You cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, You must answer the request to the extent possible, specify the portion of the request You are unable to answer, and provide whatever information You have regarding the answered portion.

15.     In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, You shall Identify the document as completely as possible and specify the document's disposal date, disposal manner, disposal reason, the Person who authorized the disposal, and the Person who disposed of the document.

16.     In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at least the following information: the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that You assert supports any claim of privilege.

17.     The words "concerning," "regarding," "reflecting," "referring to" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

18.     The word "and" shall be construed to include "or" and vice versa.

19.     The word "any" shall be construed to include "all" and vice versa.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

Gibson, Dunn & Crutcher LLP

p.       all receipts, invoices, purchase orders, wire transfer records or other similar Documents evidencing each CRT or CRT Product purchase; and

q.       all information used to Identify each CRT or CRT Product including tracking numbers, model numbers, product names, brands and serial numbers.

**REQUEST NO. 3:**

Documents sufficient to show the meaning of any codes or abbreviations used in any data produced in response to Request for Production No. 2, including Documents that contain the characteristics of the CRTs and CRT Products associated with those codes and abbreviations, such as the size, model, manufacturer, and other features.

**REQUEST NO. 4:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to negotiations or Communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements.

**REQUEST NO. 6:**

All Documents relating to negotiations or Communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRT Products.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products, including Documents relating to which terms or agreements govern which transactions.

6

Gibson, Dunn & Crutcher LLP

Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone:  213-622-4750
Facsimile:  213-622-2690
Email:  jmurray@crowell.com

Counsel for Plaintiffs
*Target Corp.; Sears, Roebuck and Co.;*
*Kmart Corp.; Old Comp Inc.; Good*
*Guys, Inc.; and RadioShack Corp.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al., Case No. 3:11-CV 11-05514-SC* | CASE NO. 3:11-CV 11-05514-SC<br><br>MASTER FILE NO. CV 07-5944-SC<br><br>MDL NO. 1917<br><br>**PLAINTIFF TARGET CORP.'S RESPONSES AND OBJECTIONS TO DEFENDANTS TATUNG COMPANY OF AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:    Defendants Tatung Company of America, Inc. and Samsung

Electronics Co., Ltd

RESPONDING PARTY:    Plaintiff Target Corp.

SET NO.:    ONE

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1    Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Target Corp.

2  ("Target") hereby objects to the First Request for Production of Documents to Target,

3  ("Requests") served by counsel for Tatung Company of America, Inc. and Samsung Electronics

4  Co., Ltd. (collectively, "Defendants") in the above-captioned matter.  For the reasons specified

5  below, Target objects generally and specifically to all specifications in the Requests.  Target

6  reserves the right to supplement the objections and responses set forth below.

7                                   **GENERAL OBJECTIONS**

8    Target asserts the following General Objections to the Requests, which are incorporated

9  by reference in each specific response as though set forth fully therein:

10   1.     Target objects to the Requests, including the instructions and definitions, to the

11  extent they are overbroad, burdensome, and seek information that is outside the scope of any

12  allowable discovery by the court.

13   2.     Target objects to the Requests to the extent they call for documents not in the

14  possession, custody, or control of Target. Target does not have possession, custody, or control

15  documents possessed by individuals that are former employees, former agents, subcontractors,

16  independent contractors, third parties, the media, or other persons and entities whose documents

17  are not accessible to Target. Target further objects to the Requests to the extent they are

18  duplicative of documents and information that are equally or more readily available to Defendants

19  through public sources, or are already in Defendants' possession, custody, or control.

20   3.     Target objects to the Requests to the extent they seek information that is neither

21  relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

22  admissible evidence.

23   4.     Target objects to the Requests to the extent they seek documents that contain trade

24  secrets or otherwise contain confidential, proprietary, or competitively sensitive information, the

25  disclosure of which could cause serious injury to Target.

26   5.     Target objects to the Requests to the extent they seek documents and information

27  protected from disclosure by the attorney-client privilege, the work-product doctrine, and/or any

28  other applicable privilege, immunity, or protective doctrine. Such information will not be

CROWELL
& MORING LLP
ATTORNEYS AT LAW
                                    -2-
DCACTIVE-19435325.1

PLAINTIFF TARGET CORP.'S RESPONSES AND
OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

produced; any production thereof is inadvertent and not a waiver of any applicable protection against disclosure.

6.      Target objects to the Requests to the extent they would require Target to disclose information that would cause Target to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

7.      Target objects to the Requests to the extent that the specifications are vague and ambiguous.  Target also objects to Defendants' definitions of words to the extent they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases. By responding to a request containing such a definition, Target does not adopt definitions of terms propounded by Defendants. Instead, Target expressly reserves its right to narrow the scope of the purported definition.

8.      Target objects to the Requests to the extent they impose obligations that exceed those imposed by applicable law, including the Federal Rules of Civil Procedure. By providing these objections Target does not in any way waive, or intend to waive, but rather intends to preserve and is preserving all objections on any ground to the use of any documents produced by Target in any subsequent proceedings, including any other lawsuits or proceedings.

9.      Target objects to the time period specified in the Requests for production of documents as unduly burdensome and oppressive.  Target will produce documents at a mutually-convenient time agreed to by Target and Defendants.

10.      Target objects to the Requests to the extent that they prematurely call for expert testimony and state that Target will provide expert disclosures as provided by the Federal Rule of Civil Procedure or order of the court.

11.      Target objects to the Requests, including the instructions and definitions, on the grounds that Target will incur substantial expense complying with the inspection and copying command.

12.      Target objects to the Requests to the extent Defendants are drawing a distinction between CRTs and CRT Products.  In responding to these Requests, Target is interpreting all Requests related to CRTs to include its purchases of CRT Products, which contain CRTs.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

PLAINTIFF TARGET CORP.'S RESPONSES AND
OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19435325.1

13.     Target has not completed its discovery and preparation in this matter, and Target's investigation of this case is ongoing. Target' responses are being made after reasonable inquiry into the relevant facts, and the responses are based only upon the information and documentation that is presently available to and known to Target. Further investigation and discovery may result in the identification of additional information or contentions, and Target reserves the right to modify its responses. Target's responses should not be construed to prejudice Target's right to conduct further investigation in this case, or to limit Target's use of any additional evidence that may be developed.

## RESPONSES TO REQUESTS

**REQUEST NO. 1:**

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

**RESPONSE TO REQUEST NO. 1:**

Target refers to and incorporates its General Objections as though set forth fully herein. Target also refers to and incorporates its objections and responses to Defendants' Interrogatories. Target further objects to this Request on the grounds that it seeks documents that are irrelevant to the claims or defenses of any party, and is not reasonably calculated to lead to the discovery of admissible evidence.  Target further objects to this Request on the grounds and to the extent it seeks information protected by the attorney client privilege, the attorney work-product doctrine, or any other available privilege or protection.

**REQUEST NO. 2:**

All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Product:

    a.    the date and place of purchase of the CRT or CRT Product, including the place(s) where the CRT or CRT Product was manufactured, shipped from, shipped to, stored, and/or invoiced;

    b.    the Person or entity from whom You purchased each CRT or CRT Product;

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

PLAINTIFF TARGET CORP.'S RESPONSES AND
OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19435325.1

1   be obtained from another source that is more convenient, less burdensome, or less expensive.  Target

2   further objects to this Request as vague and ambiguous.

3       Subject to and without waiving any of the foregoing objections, Target will meet and

4   confer with Defendants on the scope of, and the categories of documents sought in this Request,

5   and will conduct a reasonable search for any such responsive documents.

6   **REQUEST NO. 6:**

7       All Documents relating to negotiations or Communications regarding offers, price quotes,

8   price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales

9   of CRT Products.

10  **RESPONSE TO REQUEST NO. 6:**

11      Target refers to and incorporates its General Objections as though set forth fully herein.

12  Target further objects to this Request on the grounds that it is unduly burdensome and oppressive.

13  Target further objects to this Request on the grounds that it is overly broad, seeks documents from

14  outside the Relevant Period, seeks information that is equally available to Defendants, and is not

15  reasonably calculated to lead to the discovery of admissible evidence.  Target further objects to

16  this Request as vague and ambiguous.  Target further objects to this Request on the grounds and

17  to the extent that the Request seeks information protected by the attorney client privilege, the

18  attorney work-product doctrine, or any other available privilege or protection.

19      Subject to and without waiving any of the foregoing objections, Target offers to meet and

20  confer with Defendants regarding the scope of this Request.

21  **REQUEST NO. 7:**

22      All Documents relating to the negotiation or interpretation of any purchase order, contract,

23  agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products,

24  including Documents relating to which terms or agreements govern which transactions.

25  **RESPONSE TO REQUEST NO. 7:**

26      Target refers to and incorporates its General Objections as though set forth fully herein.

27  Target further objects to this Request on the grounds that it is overly broad and seeks documents

28  from outside the Relevant Period.  Target further objects to this Request on the grounds that it is

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-

PLAINTIFF TARGET CORP.'S RESPONSES AND
OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19435325.1

1  unduly burdensome and oppressive.  Target further objects to this Request on the grounds and to

2  the extent that the Request seeks information protected by the attorney client privilege, the

3  attorney work-product doctrine, or any other available privilege or protection.  Target further

4  object to this Request to the extent it is duplicative of other Requests served by Defendants.

5  Target further objects to this Request as vague and ambiguous; specifically, the reference to the

6  "interpretation" of any purchase order, contract, agreement, and "terms of sale" are vague and

7  ambiguous.

8         Subject to and without waiving any of the foregoing objections, Target offers to meet and

9  confer with Defendants regarding the scope of this Request.

10 **REQUEST NO. 8:**

11        For each purchase or potential purchase by You of any CRT or CRT Product, all

12 Documents relating to any efforts to consider alternative items or products before the purchase

13 was made, including all Documents relating to (a) any alternative items or products considered,

14 (b) the price of such items or products, and (c) any factors related to the decision not to purchase

15 the alternative item or product.

16 **RESPONSE TO REQUEST NO. 8:**

17        Target refers to and incorporates its General Objections as though set forth fully herein.

18 Target further objects to this Request on the grounds that it is overly broad and seeks documents

19 from outside the Relevant Period.  Target further objects to this Request on the grounds that it

20 seeks documents that are irrelevant to the claims or defenses of any party, and is not reasonably

21 calculated to lead to the discovery of admissible evidence.  Target further objects to this Request

22 on the grounds that it is unduly burdensome and oppressive to provide all requested documents

23 for each purchase or "potential" purchase.  Target also objects to this Request as vague and

24 ambiguous; specifically, the reference to "alternative items or products."

25        Subject to and without waiving any of the foregoing objections, Target offers to meet and

26 confer with Defendants regarding the scope of this Request.

27 **REQUEST NO. 9:**

28        All Documents relating to any decision to purchase CRT Products instead of or as an

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-9-

PLAINTIFF TARGET CORP.'S RESPONSES AND
OBJECTIONS TO DEFENDANTS' FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS

DCACTIVE-19435325.1

EXHIBIT O

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:    213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:   312 222-9350
Facsimile:    312 527-0484
ttruax@jenner.com
mbrody@jenner.com

*Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | Case No. 3:14-cv-02510 |
| | Master File No. 3:07-cv-05944-SC |
| This Document Relates To: | MDL No. 1917 |
| *ViewSonic Corporation v. Chunghwa Picture Tubes, Ltd.*, No. 14-cv-02510 | **MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI ELECTRIC US, INC., AND MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO VIEWSONIC CORPORATION** |
| *Electrograph Systems, Inc. et al. v. Hitachi, Ltd., et al.*, No. 11-cv-01656; | |
| *Siegel v. Hitachi, Ltd., et al.*, No. 11-cv-05502; | |
| *Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513; | |

*Target Corp., et al. v. Chunghwa Picture Tubes, Ltd., et al.*, No. 11-cv-05514;

*Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275;

*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 11-cv-06276;

*CompuCom Systems, Inc. v. Hitachi, Ltd. et al.*, No. 11-cv-06396;

*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;

*P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

*Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157;

*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et al.*, No. 13-cv-01173;

*Dell Inc. and Dell Products L.P. v. Hitachi, Ltd., et al.*, No. 13-cv-02171;

*Sharp Electronics Corp. et al. v. Koninklijke Philips Electronics, N.V., et al.*, No. 13-cv-02776;

*Siegel v. Technicolor SA, et al.*, No. 13-cv-05261;

*Sears, Roebuck and Co., et al. v. Technicolor SA*, et al., No. 13-cv-05262;

*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;

*Schultze Agency Services, LLC v. Technicolor SA, et al.*, No. 13-cv-05668;

2

*Target Corp., v. Technicolor SA, et al.*, No. 13-cv-05686;

*Costco Wholesale Corporation v. Technicolor SA,, et al.*, No. 13-cv-005723;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*Interbond Corporation of America v. Technicolor SA, et al.*, No. 13-cv-05727.

**PROPOUNDING PARTIES:**    Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.

**RESPONDING PARTY:**    ViewSonic Corporation

**SET:**    **ONE**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi Electric") through their undersigned counsel, request that ViewSonic Corporation ("ViewSonic") produce the documents described below for inspection and copying by counsel for Mitsubishi Electric. The written response of ViewSonic, subscribed under oath, shall be served within thirty (30) days of the date of service of this request. The production of documents and things shall occur at the office of JENNER & BLOCK, LLP, Attn: Shaun M. Van Horn, 353 N. Clark Street, Chicago, Illinois 60654, at 10:00 a.m. on the thirtieth day following service of this request unless extended by the parties or by law.

## DEFINITIONS AND INSTRUCTIONS

1.      "You" and "Your" means the Plaintiff responding to these requests for production, its predecessors in interest, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on its behalf, including without limitation ViewSonic, as described in Paragraph 16 of the Complaint. "You" and "Your" includes, but is not limited to, all entities who assigned their claims to You.

2.      "Documents" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and shall include, without limitation, any kind of written, typewritten, or printed material whatsoever, and any computer hard drive or computer readable media, including, without limitation, papers, agreements, contracts, notes, memoranda, presentations, presentation materials, Communications, letters, telegrams, messages sent to or received from a wireless device, electronic mail, statements, invoices, personal diaries, records, books, maps, blueprints, forms, transcriptions, CDs, DVDs, floppy discs, magnetic tapes, recordings, translations to any language, printed cards, programming instructions, assembly diagrams, schematic diagrams, and manuals either in Your possession or custody or under Your control, and shall include, without limitation, originals, file copies, and other copies, no matter how or by whom prepared, and all drafts prepared in connection with any such writings, whether used or not, regardless of whether the Document still exists, and regardless of who has maintained custody of such Documents.

3.      "Communications" means any and all written, oral, telephonic, or other utterances of any nature whatsoever, shared, shown, and/or transferred between and/or among any Person(s), including, but not limited to, any statements, inquiries, discussions, conversations,

4

dialogues, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, emails, faxes, notations, telegrams, advertisements, interviews and all other Documents as herein defined.

4.     "Interrogatories" refers to the interrogatories enumerated in Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.'s First Set of Interrogatories to ViewSonic Corporation, served concurrently herewith.

5.     "Complaint" means Plaintiff's Complaint in the above-captioned action, filed in the United States District Court for the Northern District of California, Case No. 3:14-cv-02510, on or about May 30, 2014.

6.     "CRT(s)" refers to cathode ray tubes and "CRT Product(s)" refers to products containing CRTs.

7.     "Defendants" means the entities enumerated in Paragraphs 18 through 63 of the Complaint.

8.     "OEM" means non-Defendant original equipment manufacturers, as defined in Paragraph 83 of the Complaint.

9.     "Person" means any individual or group of individuals, corporation, partnership, association, governmental entity, department, commission, bureau or any other kind of legal or business entity.

10.     When referring to a Person, "Identity" or "Identify" means, to the extent known, the Person's full name, present or last known address, and when referring to a natural Person, additionally, the present or last known place of employment.  Once a Person has been Identified in accordance with this subparagraph, only the name of the Person need be listed in response to subsequent discovery requesting the identification of that Person.

11.     When referring to a Document, "Identity" means, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12.     "Relevant Period" means the time frame alleged in Paragraph 1 of the Complaint, i.e., March 1, 1995 to November 25, 2007.

13.     You are required to produce all Documents in the manner, form and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, or other information as to the location of the Documents.

14.     If You cannot respond to a request for production fully, after a diligent attempt to obtain the requested information, You must answer the request to the extent possible, specify the portion of the request You are unable to answer, and provide whatever information You have regarding the answered portion.

15.     In the event that any requested Document has been destroyed, lost, discarded or is otherwise no longer in Your possession, custody, or control, You shall identify the document as completely as possible and specify the document's disposal date, disposal manner, disposal reason, the Person who authorized the disposal, and the Person who disposed of the document.

16.     In the event any information is withheld on a claim of attorney-client-privilege, work-product doctrine, or any other applicable privilege, You shall provide a privilege log that includes at least the following information:  the nature of the information contained in the withheld document, the document date, source, and subject matter, the author(s) and recipient(s), such as would enable the privilege claim to be adjudicated, and any authority that You assert supports any claim of privilege.

6

17.     The words "concerning," "regarding," "reflecting," "referring to" and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

18.     The word "and" shall be construed to include "or" and vice versa.

19.     The word "any" shall be construed to include "all" and vice versa.

## DOCUMENT REQUESTS

### REQUEST NO. 1:

All Documents You Identified or were requested to Identify in response to the Interrogatories served herewith.

### REQUEST NO. 2:

All Documents concerning any CRTs or CRT Products purchased by You or on Your behalf from Defendants during the Relevant Period, including Documents evidencing for each CRT or CRT Product:

    a.  The date and place of purchase of the CRT or CRT Product, including the place(s) where the CRT or CRT Product was manufactured, shipped from, shipped to, stored, and/or invoiced;

    b.  The Person or entity from whom You purchased each CRT or CRT Product;

    c.  The identities of the Persons involved in the negotiations and ordering of each CRT or CRT Product, including where any such negotiations were conducted;

    d.  The quantity of each purchase if a purchase included more than one CRT or CRT Product;

    e.  The manufacturer of each CRT or CRT Product, including where each CRT or CRT Product was manufactured;

**REQUEST NO. 4:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to negotiations or Communications of that purchase, including but not limited to any offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of sale.

**REQUEST NO. 5:**

For each purchase or potential purchase by You of any CRT or CRT Product, all contracts, purchase orders, agreements or memoranda of understanding or any other Document that contains any term or condition of sale, including all exclusive contracts, master purchase agreements, purchase orders, invoices, cost-plus contracts and most-favored-nation contracts, and purchase order acknowledgements.

**REQUEST NO. 6:**

All Documents relating to negotiations or Communications regarding offers, price quotes, price lists, rebates, discounts, price reductions, credits or other terms and conditions of Your sales of CRTs or CRT Products.

**REQUEST NO. 7:**

All Documents relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products, including Documents relating to which terms or agreements govern which transactions.

**REQUEST NO. 8:**

For each purchase or potential purchase by You of any CRT or CRT Product, all Documents relating to any efforts to consider alternative items or products before the purchase was made, including all Documents relating to (a) any alternative items or products considered,

9

1 Jason C. Murray (CA Bar No. 169806)
Robert B. McNary (CA Bar No. 253745)
2 CROWELL & MORING LLP
515 South Flower St., 40th Floor
3 Los Angeles, CA 90071
Telephone: 213-443-5582
4 Facsimile: 213-622-2690
Email: jmurray@crowell.com
5         rmcnary@crowell.com

6
Jerome A. Murphy (*pro hac vice*)
7 Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
8 1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
9 Telephone: 202-624-2500
Facsimile: 202-628-5116
10 Email: jmurphy@crowell.com
         aheaven@crowell.com
11
*Counsel for Plaintiff ViewSonic Corporation*
12

13                **UNITED STATES DISTRICT COURT**

14       **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

15

16
IN RE CATHODE RAY TUBE (CRT)          Master File No. 3:07-cv-05944-SC
17 ANTITRUST LITIGATION
                                      MDL No. 1917
18 This Document Relates To:
                                      Individual Case No. 3:14-cv-02510
19 *ViewSonic Corporation v. Chunghwa*
*Picture Tubes, Ltd., et al.*, Case No. 3:14-   **PLAINTIFF VIEWSONIC**
20 cv-02510                           **CORPORATION'S RESPONSES AND**
                                      **OBJECTIONS TO DEFENDANTS**
21                                    **MITSUBISHI ELECTRIC**
                                      **CORPORATION, MITSUBISHI**
22                                    **ELECTRIC US, INC., AND MITSUBISHI**
                                      **ELECTRIC VISUAL SOLUTIONS**
23                                    **AMERICA, INC.'S FIRST SET OF**
                                      **REQUESTS FOR PRODUCTION**
24

25 PROPOUNDING PARTY:     Defendants Mitsubishi Electric Corporation, Mitsubishi Electric

26                        US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.

27 RESPONDING PARTY:      Plaintiff ViewSonic Corporation

28 SET NO.:               ONE

CROWELL
& MORING LLP
ATTORNEYS AT LAW
                                      -1-    VIEWSONIC'S RESPS. AND OBJS. TO MITSUBISHI
                                             DEFENDANTS' FIRST SET OF REQUESTS FOR
                                             PRODUCTION

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff ViewSonic

2    Corp. ("ViewSonic") hereby objects to the First Requests for Production of Documents to

3    ViewSonic ("Requests") served by counsel for Defendants Mitsubishi Electric Corporation,

4    Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.

5    ("Defendants") in the above-captioned matter.   For the reasons specified below, ViewSonic

6    objects generally and specifically to all specifications in the Requests.   ViewSonic reserves the

7    right to supplement the objections and responses set forth below.

## GENERAL OBJECTIONS

9    ViewSonic asserts the following General Objections to the Requests, which are

10   incorporated by reference in each specific response as though set forth fully therein:

11   1.    ViewSonic objects to the Requests, including the instructions and definitions, to

12   the extent that they are overbroad, burdensome, and seek information that is outside the scope of

13   any allowable discovery by the court.   ViewSonic specifically objects to the instruction to serve

14   verified answers at the offices of Jenner & Block LLP, Attn: Shaun M.  Van Horn, 353 N. Clark

15   Street, Chicago, Illinois 60654 at 10:00 a.m. within thirty (30) days after the date of service.

16   ViewSonic does not agree to undertake any obligations beyond those required by the Federal

17   Rules of Civil Procedure or the Local Rules of this Court.

18   2.    ViewSonic objects to the Requests to the extent that they seek documents and

19   information protected from disclosure by the attorney-client privilege, the work-product doctrine,

20   and/or any other applicable privilege, immunity, or protective doctrine.   Such information will not

21   be produced; any production thereof is inadvertent and not a waiver of any applicable protection

22   against disclosure.

23   3.    ViewSonic objects to the Requests to the extent that they duplicate other requests,

24   in whole or in part, made by other defendants in this matter, in violation of the integration order

25   included in section XV, subsections D and E of the Court's "Order Re Discovery and Case

26   Management Protocol," *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-cv-05944-SC

27   MDL No. 1917 (N.D. Cal. April 3, 2012), Docket No. 1128.

28

Crowell
& Moring LLP
Attorneys At Law

-2-

DCACTIVE-28824238.3

VIEWSONIC'S RESPS. AND OBJS. TO MITSUBISHI
DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION

4. ViewSonic objects to the Requests to the extent that they call for documents not in the possession, custody, or control of ViewSonic. ViewSonic does not have possession, custody, or control of documents possessed by individuals that are former employees, former agents, subcontractors, independent contractors, third parties, the media, or other persons and entities whose documents are not accessible to ViewSonic. ViewSonic further objects to the Requests to the extent that they are duplicative of documents and information that are equally or more readily available to Defendants through public sources, or are already in Defendants' possession, custody, or control.

5. ViewSonic objects to the Requests to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

6. ViewSonic objects to the Requests to the extent that they seek documents that contain trade secrets or otherwise contain confidential, proprietary, or competitively sensitive information, the disclosure of which could cause serious injury to ViewSonic.

7. ViewSonic objects to the Requests to the extent that they would require ViewSonic to disclose information that would cause ViewSonic to violate its existing contractual obligations to other parties to maintain the confidentiality of such information.

8. ViewSonic objects to the Requests to the extent that the specifications are vague and ambiguous. ViewSonic also objects to Defendants' definitions of words to the extent that they are inconsistent with the plain meaning of those words or impose an expanded definition of the words or phrases. By responding to a request containing such definitions, ViewSonic does not adopt the definitions of the terms propounded by Defendants. Instead, ViewSonic expressly reserves its right to narrow the scope of the purported definition.

9. ViewSonic objects to the Requests to the extent that they impose obligations that exceed those imposed by applicable law, including the Federal Rules of Civil Procedure. By providing these objections, ViewSonic does not in any way waive, or intend to waive, but rather intends to preserve and is preserving all objections on any ground to the use of any documents

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-3-

VIEWSONIC'S RESPS. AND OBJS. TO MITSUBISHI
DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION

DCACTIVE-28824238.3

1   produced by ViewSonic in any subsequent proceedings, including any other lawsuits or

2   proceedings.

3           10.     ViewSonic objects to the time period specified in the Requests for production of

4   documents as unduly burdensome and oppressive.   ViewSonic will produce documents at a

5   mutually-convenient time agreed to by ViewSonic and Defendants.

6           11.     ViewSonic objects to the Requests to the extent that they call for expert testimony

7   and states that ViewSonic will provide expert disclosures as provided by the Federal Rules of

8   Civil Procedure or order of the court.

9           12.     ViewSonic objects to the Requests, including the instructions and definitions, on

10  the grounds that ViewSonic will incur substantial expense complying with the inspection and

11  copying command.

12          13.     ViewSonic has not completed its discovery and preparation in this matter, and

13  ViewSonic's investigation of this case is ongoing.   ViewSonic's responses are being made after

14  reasonable inquiry into the relevant facts, and the responses are based only upon the information

15  and documentation that is presently available to and known to ViewSonic.   Further investigation

16  and discovery may result in the identification of additional information or contentions, and

17  ViewSonic reserves the right to modify its responses.   ViewSonic's responses should not be

18  construed to prejudice ViewSonic's right to conduct further investigation in this case, or to limit

19  ViewSonic's use of any additional evidence that may be developed.

20          14.     ViewSonic objects to the definitions of  "You," "Your," "Yourself," "Identify,"

21  "Identity," and "Documents" to the extent that such definitions make the Requests overly broad,

22  unduly burdensome, or seek information that is not relevant to the subject matter of this litigation

23  and, therefore, render the Requests not reasonably calculated to lead to the discovery of

24  admissible evidence.

25          15.     ViewSonic objects to the Requests to the extent they seek documents outside of

26  the Relevant Period of March 1, 1995 to November 25, 2007.

27          16.     ViewSonic objects to Definition and Instruction No. 14 to the extent it purports to

28  require ViewSonic to respond to vague, ambiguous, or otherwise unintelligible Requests that

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-

VIEWSONIC'S RESPS. AND OBJS. TO MITSUBISHI
DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION

1   make it impossible for ViewSonic to determine the content of the Requests and may in turn result

2   in vague or ambiguous responses.

3        17.     ViewSonic objects to Definition and Instruction No. 15 as overbroad, unduly

4   burdensome, and seeking information that is outside the scope of any allowable discovery by the

5   Federal Rules of Civil Procedure, the Local Rules of the District Court for the Northern District

6   of California, or any order of this Court.

7   **RESPONSES TO REQUESTS**

8   <u>**REQUEST FOR PRODUCTION NO. 1:**</u>

9        All Documents You Identified or were requested to Identify in response to the

10  Interrogatories served herewith.

11  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**</u>

12       ViewSonic refers to and incorporates its General Objections as though set forth fully

13  herein.  ViewSonic also refers to and incorporates its objections and responses to Defendants'

14  Interrogatories.  ViewSonic further objects to this Request on the grounds that it seeks documents

15  that are irrelevant to the claims or defenses of any party, and is not reasonably calculated to lead

16  to the discovery of admissible evidence.  ViewSonic further objects to this Request on the

17  grounds and to the extent it seeks information protected by the attorney client privilege, the

18  attorney work-product doctrine, or any other available privilege or protection.

19       Subject to and without waiving any of the foregoing objections, ViewSonic refers

20  Defendants to its Responses to Defendants' First Set of Interrogatories.

21  <u>**REQUEST FOR PRODUCTION NO. 2:**</u>

22       All Documents concerning any CRTs or CRT Products purchased by You or on Your

23  behalf from Defendants during the Relevant Period, including Documents evidencing for each

24  CRT or CRT Product:

25       a.     The date and place of purchase of the CRT or CRT Product, including the place(s)

26       where the CRT or CRT Product was manufactured, shipped from, shipped to,

27       stored, and/or invoiced;

28       b.     The Person or entity from whom You purchased each CRT or CRT Product;

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-

VIEWSONIC'S RESPS. AND OBJS. TO MITSUBISHI
DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION

DCACTIVE-28824238.3

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2       ViewSonic refers to and incorporates its General Objections as though set forth fully

3  herein.  ViewSonic further objects to this Request on the grounds that it seeks documents that are

4  irrelevant to the claims or defenses of any party.  ViewSonic further objects to this Request on the

5  grounds that it is unduly burdensome and oppressive, particularly in that it seeks all documents

6  related to ViewSonic's sales of CRTs or CRT Products.  ViewSonic further objects to this

7  Request on the grounds that it is overly broad, seeks documents from outside the Relevant Period

8  and is not reasonably calculated to lead to the discovery of admissible evidence.  ViewSonic

9  further objects to this Request as vague and ambiguous.  ViewSonic further objects to this

10  Request on the grounds and to the extent that the Request seeks information protected by the

11  attorney client privilege, the attorney work-product doctrine, or any other available privilege or

12  protection.

13  **REQUEST FOR PRODUCTION NO. 7:**

14       All Documents relating to the negotiation or interpretation of any purchase order, contract,

15  agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Products,

16  including Documents relating to which terms or agreements govern which transactions.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18       ViewSonic refers to and incorporates its General Objections as though set forth fully

19  herein.  ViewSonic further objects to this Request on the grounds that it is overly broad and seeks

20  documents from outside the Relevant Period.  ViewSonic further objects to this Request on the

21  grounds that it is unduly burdensome and oppressive.  ViewSonic further objects to this Request

22  on the grounds and to the extent that the Request seeks information protected by the attorney

23  client privilege, the attorney work-product doctrine, or any other available privilege or protection.

24  ViewSonic further objects to this Request to the extent it is duplicative of other Requests served

25  by Defendants.  ViewSonic further objects to this Request as vague and ambiguous; specifically,

26  the references to the "interpretation" of any purchase order, contract, agreement, and "terms of

27  sale" are vague and ambiguous.

28       Subject to and without waiving the foregoing objections, ViewSonic states that it

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-10-

VIEWSONIC'S RESPS. AND OBJS. TO MITSUBISHI
DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION

1  conducted a reasonable search for documents.  Such documents responsive to this Request were

2  previously produced in the MDL, are already in defendants' possession, custody, or control, or

3  are publically available.

4  **REQUEST FOR PRODUCTION NO. 8:**

5         For each purchase or potential purchase by You of any CRT or CRT Product, all

6  Documents relating to any efforts to consider alternative items or products before the purchase

7  was made, including all Documents relating to (a) any alternative items or products considered,

8  (b) the price of such items or products, and (c) any factors related to the decision not to purchase

9  the alternative item or product.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11         ViewSonic refers to and incorporates its General Objections as though set forth fully

12  herein.  ViewSonic further objects to this Request on the grounds that it is overly broad and seeks

13  documents from outside the Relevant Period.  ViewSonic further objects to this Request on the

14  grounds that it seeks documents that are irrelevant to the claims or defenses of any party, and is

15  not reasonably calculated to lead to the discovery of admissible evidence.  ViewSonic further

16  objects to this Request on the grounds that it is unduly burdensome and oppressive to provide all

17  requested documents for each purchase or "potential" purchase.  ViewSonic also objects to this

18  Request as vague and ambiguous; specifically, the references to "potential purchase" and

19  "alternative items or products."

20         Subject to and without waiving the foregoing objections, ViewSonic states that it

21  conducted a reasonable search for documents.  Such documents responsive to this Request were

22  previously produced in the MDL, are already in defendants' possession, custody, or control, or

23  are publically available.

24  **REQUEST FOR PRODUCTION NO. 9:**

25         All Documents relating to any decision to purchase CRT Products instead of or as an

26  alternative to LCD or plasma products, including all Documents relating to (a) any LCD or

27  plasma products considered, (b) the price of such items or products, and (c) any factors related to

28  the decision not to purchase the LCD or plasma product.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-11-

VIEWSONIC'S RESPS. AND OBJS. TO MITSUBISHI
DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION

DCACTIVE-28824238.3

EXHIBIT P

**From:**      Tyler Cunningham
**Sent:**      Friday, January 09, 2015 1:37 PM
**To:**        piovieno@bsfllp.com; 'ksmith@bsfllp.com'
**Subject:**   In re CRT Antitrust Litig., MDL No. 1917

Dear Counsel,

I write to you in your capacity as liaison counsel to request that DAPs produce any settlement agreements related to the claims asserted in their complaints.

As you know, this issue was litigated extensively in the LCD case, where Special Master Martin Quinn and Judge Illston repeatedly held that settlement agreements were discoverable:

- Special Master's Order Re Hannstar Display Corporation's Motion to Compel Best Buy to Respond to Further Document Request No. 45, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Feb. 15, 2012) (finding good cause for disclosure of settlement agreements because the "fairness and the desirability of promoting settlements will be enhanced if non-settling defendants are able to calculate the amount of offsets and, hence, their potential liability …");
- Order Overruling Best Buy's Objection to Special Master's Order Granting Hannstar Display Corp.'s Motion to Compel, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. April 4, 2012) (denying Best Buy's objection to Special Master's Order) ("The Court agrees with the Special Master that good cause exists for production of the settlement agreement. The settlement agreement will permit defendants to understand the full extent of their potential liability.  Further, the Court sees no prejudice to Best Buy or Samsung that will result from the agreement's disclosure.");
- Special Master's Order re Motions of LG Display and Sharp to Compel Various Plaintiffs to Produce Settlement Agreements, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Sept. 28, 2012) (compelling production of various plaintiffs' settlement agreements);
- Special Master's Order re Defendants' Motion to Compel Costco to Produce Settlement Agreement *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. Feb. 13, 2013) (compelling production of settlement agreement).

As you also know, Judge Conti denied an earlier motion to compel production of settlement agreements in this case, finding that the issue was not yet ripe because plaintiffs had no such agreements.  Order Denying Toshiba America Information Systems, Inc.'s Motion to Compel, *In re CRT Antitrust Litig.*, No. C-07-5944-SC (N.D. Cal. July 29, 2014).  That order specifically notes that a motion to compel would be proper after plaintiffs enter into settlements.  *Id.* at 3.

Accordingly, we ask that DAPs produce any such settlement agreements within one week.   To the extent DAPs do not agree, we intend to raise the issue with the Special Master on an expedited basis.

Best,

Tyler

EXHIBIT Q

| | |
|---|---|
| **From:** | Tyler Cunningham |
| **Sent:** | Tuesday, January 20, 2015 2:24 PM |
| **To:** | 'Phil Iovieno' |
| **Cc:** | Kyle Smith |
| **Subject:** | RE: In re CRT Antitrust Litig., MDL No. 1917 |

Phil,

Thanks for your time on the phone just now.

Here are the outlines of the compromise idea I floated on our call (to be clear, we do not have buy-in from all Defendants for this proposal, but wanted to test it with your side to see if it has potential): DAPs would provide Defendants with a letter identifying each settlement that they entered into, including: (i) parties to the settlement; (ii) settlement amount; and (iii) whether the settlement has a cooperation provision.  DAPs would also agree to promptly provide this information for future settlements.   In return, Defendants would agree to not move to compel the settlement agreements themselves in the near term (but would reserve the right to seek them later for offset purposes).

Also, I asked if you would identify which DAPs have settlement agreements.  You said you would confer with DAPs on both counts and respond.

Thanks,

Tyler


---

**From:** Phil Iovieno [mailto:piovieno@BSFLLP.com]
**Sent:** Friday, January 16, 2015 3:15 PM
**To:** Tyler Cunningham; Kyle Smith
**Subject:** RE: In re CRT Antitrust Litig., MDL No. 1917

Tyler,

I have spoken with all the other DAPs regarding your request below and just tried to reach you in response.  I left you a detailed voice mail message, and can be reached in the office (518-694-4224) or on my cell (518-339-6082) if you would like to discuss this issue further.

I will not be in the office on Monday, but will generally be reachable by cell.  On Tuesday, I will be back in the office.

Thanks,
Phil

---

**From:** Tyler Cunningham [mailto:tcunningham@sheppardmullin.com]
**Sent:** Friday, January 09, 2015 4:37 PM
**To:** Phil Iovieno; Kyle Smith
**Subject:** In re CRT Antitrust Litig., MDL No. 1917

Dear Counsel,

I write to you in your capacity as liaison counsel to request that DAPs produce any settlement agreements related to the claims asserted in their complaints.

As you know, this issue was litigated extensively in the LCD case, where Special Master Martin Quinn and Judge Illston repeatedly held that settlement agreements were discoverable:

- Special Master's Order Re Hannstar Display Corporation's Motion to Compel Best Buy to Respond to Further Document Request No. 45, *In re TFT-LCD (Flat Panel) Antitrust Litig*., No. M 07-1827 SI (N.D. Cal. Feb. 15, 2012) (finding good cause for disclosure of settlement agreements because the "fairness and the desirability of promoting settlements will be enhanced if non-settling defendants are able to calculate the amount of offsets and, hence, their potential liability …");
- Order Overruling Best Buy's Objection to Special Master's Order Granting Hannstar Display Corp.'s Motion to Compel, *In re TFT-LCD (Flat Panel) Antitrust Litig*., No. M 07-1827 SI (N.D. Cal. April 4, 2012) (denying Best Buy's objection to Special Master's Order) ("The Court agrees with the Special Master that good cause exists for production of the settlement agreement. The settlement agreement will permit defendants to understand the full extent of their potential liability.  Further, the Court sees no prejudice to Best Buy or Samsung that will result from the agreement's disclosure.");
- Special Master's Order re Motions of LG Display and Sharp to Compel Various Plaintiffs to Produce Settlement Agreements, *In re TFT-LCD (Flat Panel) Antitrust Litig*., No. M 07-1827 SI (N.D. Cal. Sept. 28, 2012) (compelling production of various plaintiffs' settlement agreements);
- Special Master's Order re Defendants' Motion to Compel Costco to Produce Settlement Agreement *In re TFT-LCD (Flat Panel) Antitrust Litig*., No. M 07-1827 SI (N.D. Cal. Feb. 13, 2013) (compelling production of settlement agreement).

As you also know, Judge Conti denied an earlier motion to compel production of settlement agreements in this case, finding that the issue was not yet ripe because plaintiffs had no such agreements.  Order Denying Toshiba America Information Systems, Inc.'s Motion to Compel, *In re CRT Antitrust Litig*., No. C-07-5944-SC (N.D. Cal. July 29, 2014).  That order specifically notes that a motion to compel would be proper after plaintiffs enter into settlements.  *Id*. at 3.

Accordingly, we ask that DAPs produce any such settlement agreements within one week.   To the extent DAPs do not agree, we intend to raise the issue with the Special Master on an expedited basis.

Best,

Tyler

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

EXHIBIT R

1   Martin Quinn
    JAMS
2   Two EmbarcaderoCenter, Suite 1500
    San Francisco, CA94111
3   Telephone: (415) 982-5267
    Fax: (415) 982-5287
4
5   SPECIAL MASTER
6
7
8                       UNITED STATES DISTRICT COURT
9                      NORTHERN DISTRICT OF CALIFORNIA
10                         SAN FRANCISCO DIVISION
11
12

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATON | **CASE NO. M:07-cv-01827-si**<br><br>**MDL No. 1819**<br><br>**SPECIAL MASTER'S ORDER RE HANNSTAR DISPLAY CORPORATION'S MOTION TO COMPEL BEST BUY TO RESPOND FURTHER TO DOCUMENT REQUEST NO. 45 (Hrg. 2/7/12)** |
| This Order Relates to:<br><br>ALL CASES | |

        On February 7, 2012, I heard HannStar's motion to compel Best Buy to further respond

to Request No. 45 of Defendants' Second Set of Requests for Production of Documents, by

producing its settlement agreements with Samsung and any other non-defendant co-

1

conspirators.[1]  On February 10, Best Buy served its post-hearing brief discussing cases cited in HannStar's reply brief.  Having considered all arguments and evidence submitted, I now make the following Order.

### Factual Background

Best Buy filed its opt-out complaint in October 2010.  A year later Defendants served their Second Request for Production of Documents that included a request (No. 45) for copies of all documents relating to settlements Best Buy had made with alleged co-conspirators who were not defendants in the Best Buy case.  Best Buy objected that Fed. R. of Evid. 408 protects the confidentiality of settlement documents.  Best Buy disclosed that it has settled only with Samsung, which joins Best Buy in objecting to disclosure of the settlement agreement and any related documents.

HannStar argues that the settlement agreements are relevant to enable it to determine the amount of offset to which it may be entitled against any judgment.  It argues that the ability to "understand the scope of its potential liability in this case" is critical to enable HannStar (a) to make arguments regarding offset, (b) to evaluate its risks for purposes of settlement, and (c) to ascertain whether the agreements contain "cooperation" obligations that might show bias on the part of witnesses.  [HannStar brief, dtd. 1/27/12, p. 5].

Best Buy counters that, while the settlement agreements will be liable after judgment to perform the "ministerial" act of calculating the offset, they are not relevant at this time.  They further note that it has a duty pursuant to the agreement to keep it confidential and that Samsung joins in objecting to disclosure.  They pointed out at the hearing that the agreements involve not only an exchange of cash, but "future obligations" by both parties that are competitively sensitive.

### Analysis

Discoverability of the settlement agreements turns first on whether they are relevant for discovery purposes.[2] Fed. R. Civ. Proc. 26(b)(1) provides for discovery of information that is

---

[1] The motion originally sought to compel Best Buy also to respond to Request No. 46 and Interrogatory No. 23 relating to net purchase and sale prices and profit margins.  At the hearing counsel asked that I defer ruling on these requests to permit further meet-and-confer.

[2] Both sides agree that the agreements are unlikely to be admissible (Fed. R. Evid 408).

"relevant to any party's claim or defense," of information that is relevant to the subject matter of the action but only for good cause, and of information that is not admissible if it "appears reasonably calculated to lead to the discovery of admissible evidence." There is no showing here that Best Buy's settlement agreements and negotiations would be relevant to its claims or HannStar's defenses. This distinguishes this situation from some cases that have allowed discovery of settlement agreements in part because they shed light on some claim or defense.[3] However, the Best Buy agreements plainly do relate to the subject matter of the case, which requires an assessment of whether "good cause" exists for their production.

After relevance, the second consideration is whether any other rule or policy demands protection of the information. In this respect, Best Buy's reliance on the confidentiality provisions in the settlement agreement is not controlling. While the parties' desire for confidentiality is entitled to due respect, and may enhance the prospect for future settlements, it is clear that a court may order discovery notwithstanding such confidentiality provisions. *In re Enron Corp. Securities, Derivative and ERISA Litigation*, 623 F.Supp.2d 798, 838 (S.D. Tex. 2009). Nor does Rule 408 prevent discovery, since its reach extends only to admissibility of evidence, not to disclosure. *Johnson Matthey, ibid.* at fn. 3.

Case law cited by the parties is divided on whether settlement agreements should be produced to non-settling parties prior to judgment. Cases approving disclosure generally conclude that disclosure of settlement agreements will enhance the prospect of further settlements and will not unduly prejudice the settling parties. The leading case favoring disclosure seems to be *Bennett v. La Pere*, *ibid.* at fn. 3. In that medical malpractice case, as is true here, the amount of the plaintiffs' settlement with defendant physicians would reduce the amount recoverable from the non-settling hospital. The court concluded that in fairness the hospital needed to know the amount of its potential liability in order to evaluate possible settlement, and that plaintiffs' argument that they would be disadvantaged in future negotiations

---

[3] *Bennet v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986) [scope of release in settlement agreement potentially relevant to liability of non-settling joint tortfeasor]; *Johnson Matthey, Inc. v. Research Corp.* 2003 WL 24136087, at *2-3 (S.D.N.Y. June 16, 2003) [potentially relevant in patent case to determination of a reasonable royalty]; *Del Monte Fresh Produce B.V. v. Ace Amer. Ins. Co.*, 2002 WL 34702176, at *3 (S.D. Fla. September 4, 2002) [relevant to determine whether primary policy limits were exhausted].

3

with the hospital was mere gamesmanship. The *Bennett* court rejected the analysis in *Bottaro v. Hatton Assoc.*, 96 F.R.D. 158 (E.D.N.Y. 1982), which had concluded that, given the Rule 408 bar on the admissibility of settlement agreements, a showing was needed that discovery would lead to the disclosure of admissible evidence. 96 F.R.D.at 160. *Bennett* ruled, correctly I think, that Rule 26(b)(1) permits discovery of evidence relevant to the subject matter of the action for "good cause," apart from whether it will lead to discovery of admissible evidence. 112 F.R.D. at 139-140.

A difficulty with producing the Best Buy-Samsung agreement, which was not present in any of the other cited cases, is that Best Buy represents that the terms include obligations in future business transactions, which are highly confidential. However, one could deal with that by limiting disclosure to attorneys only pursuant to the Protective Order in these MDL cases.

On balance, I conclude that good cause exists for producing the Best Buy settlement agreements. The analysis and factors relied on by the *Bennett* court – that fairness and the desirability of promoting settlements will be enhanced if non-settling defendants are able to calculate the amount of offsets and, hence, their potential liability – outweigh any hypothetical disadvantage to Best Buy in future negotiations. The confidentiality of any business terms in the settlement can be protected by making the disclosure Attorneys' Eyes Only. And finally, when in doubt and absent a convincing show of prejudice, the scales of discovery must tip in favor of transparency and full disclosure. For these reasons I conclude that HannStar's motion should be granted.

### Order

Good cause appearing, it is ORDERED that HannStar's motion to compel as to Request for Production No. 45 is GRANTED to this extent. Best Buy shall produce within five business days its settlement agreements with any alleged co-conspirators who are non-parties to the Best Buy case. The agreements shall be produced pursuant to the Highly Confidential requirements of the Stipulated Protected Order in this case, except that they shall be disclosed only to outside counsel of record in this action and to the Court and its personnel. Best Buy need not produce

documents relating to its negotiations and settlement other than the executed settlement agreements themselves.

Dated: February 15, 2012

Martin Quinn, Special Master

EXHIBIT S

United States District Court
For the Northern District of California

1

2

3

4

5                   IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IN RE: TFT-LCD (FLAT PANEL) ANTITRUST          No. M 07-1827 SI
    LITIGATION                                     MDL No. 1827
9   _____/

10  This Order Relates To:                         No. C 10-4572 SI

11  BEST BUY CO., INC., *et al.*,                  **ORDER OVERRULING BEST BUY'S
                                                   OBJECTION TO SPECIAL MASTER'S**
12                  Plaintiffs,                     **ORDER GRANTING HANNSTAR
                                                   DISPLAY CORP.'S MOTION TO**
13       v.                                        **COMPEL**

14  AU OPTRONICS CORPORATION, *et al.*,

15                  Defendants.
    _____/

16

17       Plaintiff Best Buy[1] has filed an objection to an order of the Special Master compelling it to

18  produce its settlement agreement with Samsung.  *See* Special Master's Order Re HannStar Display

19  Corporation's Motion to Compel Best Buy to Respond Further to Document Request No. 45, Master

20  Docket No. 4825 (February 15, 2012).  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter

21  suitable for decision without oral argument and therefore VACATES the hearing currently scheduled

22  for April 6, 2012.  Having considered the arguments presented in the moving papers, the Court hereby

23  DENIES Best Buy's objection.

24       The Special Master's Order concerned Defendant's Request for Production No. 45, which sought

25  "[a]ll documents reflecting any settlement or resolution of any claims threatened or asserted against any

26  party . . . including but not limited to any entities identified as 'Co-Conspirators' in . . . the Complaint."

27  _____

28       [1]Samsung joins in Best Buy's motion.  In addition, Dell has filed a statement in support of Best
    Buy's objection in its direct action case.  *See* Docket No. 185 in 10-1064; Master Docket No. 5066.

*See* Silberfeld Decl., Exh. B, at 2. Although Best Buy had reached a settlement with Samsung, it refused to produce the settlement agreement. *Id.* HannStar therefore moved to compel.

The Special Master granted HannStar's motion. *See* Silberfeld Decl., Exh. A. Although he did not find the settlement agreements "relevant to any party's claim or defense," he found that the agreement was relevant to the subject matter of the action and that good cause existed for its production. *Id.* at 3; *see also* Fed. R. Civ. P. 26(b)(1). Specifically, the Special Master found that "fairness and the desirability of promoting settlements," as well as the interests of "transparency and full disclosure," warranted production of the agreement.

The discoverability of the settlement agreement is a legal question, which this Court reviews *de novo*. *See* Order Appointing Martin Quinn as Special Master, Master Docket No. 1679, at ¶18 (April 12, 2010); Fed. R. Civ. P. 53(f)(3)-(5).

The Court agrees with the Special Master that good cause exists for production of the settlement agreement. The settlement agreement will permit defendants to understand the full extent of their potential liability. Further, the Court sees no prejudice to Best Buy or Samsung that will result from the agreement's disclosure. See *Bennett v. La Pere*, 112 F.R.D. 136, 140 (D.R.I. 1986) ("The court . . . is left with the distinct impression that the only 'prejudice' which disclosure will work vis-a-vis the plaintiffs is to rob them of the (unfair) tactical advantage which would attach to keeping the [Defendant] uninformed."). Nor does the Court agree with Best Buy's representations that disclosure will inhibit settlement across this MDL.

Accordingly, the Court DENIES Best Buy's objection to the Special Master's Order. Docket No. 4964 in 07-1827; Docket No. 121 in 10-4752.

**IT IS SO ORDERED.**

Dated: April 4, 2012

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

EXHIBIT T

Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287

SPECIAL MASTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATON | **CASE NO. M:07-cv-01827-si**<br><br>**SPECIAL MASTER'S ORDER RE MOTIONS OF LG DISPLAY AND SHARP TO COMPEL VARIOUS PLAINTIFFS TO PRODUCE SETTLEMENT AGREEMENTS (Hrg. 9/12/12)** |
| This Order Relates to:<br><br>ALL CASES |  |

On September 12, 2012, I heard the motion of Defendant LG Display to compel Plaintiffs Jaco Electronics, Rockwell Automation, Target Corporation, et. al., and ViewSonic Corporation to produce copies of Plaintiffs' settlement agreements with other defendants. The Sharp defendants joined in LG Display's motion and sought production by the Sony plaintiffs of their settlement agreements with other parties. I issued a tentative ruling by e-mail on August 28, and subsequently received further submissions from various parties and held a hearing on September 12. Having considered all arguments and evidence submitted, I now make the following Order.

### Factual Background

On February 15, 2012, I granted Defendant HannStar's motion to compel Plaintiff Best Buy to produce copies of its settlement agreements with other alleged co-conspirators (Dkt. 4825). On April 4, 2012, the Court affirmed my Order (Dkt. 5403). The rationale for my Order was that ultimately defendants need to know the compensation, monetary and otherwise, that each plaintiff has obtained as a result of settlements with other alleged co-conspirators, and that exchanging that information now rather than after judgment will enhance the possibility of fair settlements.

LG Display relies on my Order as its basis to compel Jaco, Target and ViewSonic to produce the settlement agreements demanded in LG Display's informal letter request of April 23, 2012, and to compel Rockwell to produce the settlement agreements demanded in LG Display's informal letter request of June 1, 2012. Jaco, Target and View Sonic responded on July 11, 2012, objecting to production. Rockwell responded on July 12, also objecting to production. Sharp adopts LG Display's arguments, and I take it that Sony objects on the same grounds as Jaco, Target, ViewSonic and Rockwell.

The objecting parties make procedural and substantive contentions. Procedurally they argue that LG Display (unlike Sharp) never served a valid Rule 34-compliant document request, since its requests for settlement agreements were made in informal letters between counsel. They also note that Track One discovery had closed before LG Display made its requests. Substantively they reargue points that I already decided in the HannStar motion, and argue that, if plaintiffs must produce their settlement agreements, they are entitled to reciprocal production by defendants of all their settlement agreements.

Although LG Display's motion is directed only at Jaco, Target, ViewSonic and Rockwell, various other Track One plaintiffs (Sears, Kmart, Old Comp, Good Guys, Newegg and Radio Shack) filed a brief opposing LG Display's motion.

### Analysis

By this Order I intend to resolve the precise issue raised between LG Display and Sharp on the one hand and the parties from whom they actually demanded production, and to give guidance as to the rules for production of settlement agreements generally in these cases.

First, I adopt the portion of my tentative ruling that denied LG Display's motion as to Target, because discovery was closed in the Track One cases before the LG Display served its

purported document request. No request was made to enlarge the time for this discovery, so LG Display's request as to Target is time-barred. Although I am not aware that LG Display made a request to the other Track One plaintiffs who have opposed this motion (Sears, Kmart, Old Comp, Good Guys, Newegg and Radio Shack), the same reasoning would apply to them. Any request to those Track One parties for production of settlement agreements made after the close of fact discovery would be barred, absent some unique circumstance.

Second, I affirm that portion of my tentative ruling that treated LG Display's informal letter request as a proper Rule 34 document request, and LG Display's objection in letter form as a proper objection to a Rule 34 request. However, for future reference it is improper to make a Rule 34 request or objection by an informal letter to counsel. Doing so creates confusion and invites error by responding law firms who may overlook calendaring a mere letter as a formal document request. I allow LG Display's improper request to stand only because discovery remains open until December 2012 in the Track Two cases and LG Display could easily propound a properly formatted request for these settlement agreements – and we would find our-selves back at the same place two months from now.

Third, I will adopt the portion of my tentative ruling that granted LG display's motion as to Track Two plaintiffs Jaco, Rockwell and ViewSonic. LG Display is in the same position as HannStar, and those plaintiffs are in the same position as Best Buy, in reference to my February 2012 Order. The reasoning of that Order applies with equal force here:  LG Display as a defendant is entitled to know the terms of settlements that plaintiffs suing LG Display have entered into, in order to encourage accurate, productive settlement negotiations as explained at greater length in my Order and Judge Illston's Order. Therefore, the motion is granted as to Jaco, Rockwell and ViewSonic. This reasoning dictates that Sharp's motion as to Sony should also be granted.

Fourth, contrary to my tentative ruling I will not order that LG Display or any other defendant is required to produce settlement agreements to plaintiffs. The case law and rationale for allowing a defendant to know the terms of a plaintiff's other settlements do not apply at all to a request by a plaintiff to know the terms on which a defendant settled with other plaintiffs. The only rationale urged by LG Display for such a reciprocal exchange is that it would enable it to test plaintiffs' assertions of financial inability to pay a large settlement amount. That is not a

3

sufficient basis to conclude that defendants' settlements with other plaintiffs are relevant and probative and useful to a plaintiff.

**Order**

For the reasons stated, and good cause appearing, IT IS ORDERED that LG Display's motion is GRANTED as to Jaco, Rockwell and ViewSonic, and DENIED as to Target. It is further ORDERED that Sharp's motion as to Sony is GRANTED. Further requests to produce or otherwise discover the terms of settlement agreements shall be handled in accordance with the provisions of this Order.

Dated:  September 28, 2012

Martin Quinn, Special Master

**Richard Breese**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Friday, September 28, 2012 3:32 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 3:07-md-01827-SI In Re TFT-LCD (Flat Panel) Antitrust Litigation Special Masters Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## California Northern District

### Notice of Electronic Filing

The following transaction was entered by Quinn, Martin on 9/28/2012 at 3:31 PM and filed on 9/28/2012
**Case Name:**        In Re TFT-LCD (Flat Panel) Antitrust Litigation
**Case Number:**      3:07-md-01827-SI
**Filer:**            Martin Quinn
**Document Number:** 6862

### Docket Text:
**Special Masters Order *SPECIAL MASTER'S ORDER RE MOTIONS OF LG DISPLAY AND SHARP TO COMPEL VARIOUS PLAINTIFFS TO PRODUCE SETTLEMENT AGREEMENTS.* (Quinn, Martin) (Filed on 9/28/2012)**

**3:07-md-01827-SI Notice has been electronically mailed to:**

Aaron H. Darsky     aarondarsky@msn.com

Aaron M. Sheanin     asheanin@pswplaw.com

Adam Miller     adam.miller@doj.ca.gov, Nicole.Gordon@doj.ca.gov

Adam C Briggs     abriggs@gklaw.com

Alexander David Levi     alevi@fklaw.com

Alexandra Jill Shepard     alexandra.shepard@usdoj.gov, edward.bernard@usdoj.gov, jennie.ngo-tanaka@usdoj.gov

EXHIBIT U

1  Martin Quinn
   JAMS
2  Two EmbarcaderoCenter, Suite 1500
   San Francisco, CA94111
3  Telephone: (415) 982-5267
   Fax: (415) 982-5287
4
5  SPECIAL MASTER
6
7
8
9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
11                      SAN FRANCISCO DIVISION
12
13 IN RE: TFT-LCD (FLAT PANEL)          **MDL No. 1819**
   ANTITRUST LITIGATION,
14                                       **Master File No. 3:07-md--01827-SI**
15                                       **Case No. 3:11-cv-00058 SI**
16                                       **SPECIAL MASTER'S ORDER RE**
                                         **DEFENDANTS' MOTION TO**
17                                       **COMPEL COSTCO TO PRODUCE**
                                         **SETTLEMENT AGREEMENT (hrg.**
18                                       **1/23/13)**
19
20 COSTCO WHOLESALE CORP.
21                    Plaintiff,
22            v.
23 AU OPTRONICS CORP., ET AL.
24                    Defendants.
25
26     On January 23, 2013, I heard by telephone conference call Defendants'[1] motion [Dated
27 1/15/13; not filed to date on ECF] to compel Costco Wholesale Corporation ("Costco") to
28

---

[1] AUO, Chi Mei, Chunghwa, Epson, HannStar and LG Display

1

produce a copy of its settlement agreement with the Samsung entities. Counsel for all parties were present. Having considered all arguments and evidence submitted, I now make the following Order,

<u>Background Facts</u>

On October 26, 2011, Defendants served their Second Set of Document Requests on Costco. Request No. 43 asked for production of:

> "All documents reflecting any settlement or resolution of any claims threatened or asserted against any party other than Defendants based on or related to the facts alleged in the Complaint, including but not limited to any entities identified as "Co-Conspirators" in Paragraph 46 of the Complaint.

On December 1, 2011 Costco responded that "no such documents exist," presumably because at that time Costco had not settled with anyone. On October 5, 2012, Costco stipulated to dismiss the Samsung entities. [Dkt. No. 6940] Defendants then wrote Costco, asking it to supplement its response to Request No. 43 in light of its settlement with Samsung. Costco refused because literally read the Request demand settlement agreements with "any party other than Defendants," and Samsung was, of course, a defendant. [See Exhibits D & F to this motion]

Defendants make two arguments in support of their motion. First, they note that Costco released Samsung entities other than those named in the Complaint. Therefore, the settlement agreement was with a party "other than Defendants." Costco responded that it never had any claims "threatened or asserted" against such other Samsung entities – they were released simply to provide Samsung with a comprehensive worldwide release. Second, defendants argue that once the settlement occurred, the Samsung entities were no longer "Defendants," and thus the Request called for production. Costco responds that these parties were named in the Complaint, and once a defendant always a defendant.

//

//

2

Analysis

The parties' briefs ignore the perfectly obvious explanation for the present situation. Request No. 43 was clumsily drafted (evidently by prior counsel for HannStar). Defendants plainly intended to request Costco's settlement agreements with any <u>other parties in this case</u>. The Samsung entities with which Costco settled were such parties. The whole point of demanding production of settlement agreements, and the Court's rationale for allowing it, was to disclose the amounts of each plaintiff's settlement with <u>other parties to the case</u> so that offsets to the plaintiff's claimed damages could be calculated. But by using the words "other than Defendants" HannStar and its co-defendants excluded the very settlement agreements they wanted.

With three prior court orders staring it in the face, Costco must have known what Defendants intended to request and knew it would have to produce its settlement agreement. Instead of creating a "gotcha" moment by seizing on the obviously erroneous wording of the Request, a more sensible response would have been to confer with HannStar and permit it to re-serve a properly worded Request. Costco now argues that the close of discovery as of December 11, 2011 [Dkt. No. 3051] bars Defendants from serving a new Request.

I am unwilling to allow Costco to escape producing its settlement agreement with Samsung – as other plaintiffs have been required to do – simply because lawyers made a scrivener's error in writing a document request. Nor does the close of discovery over a year ago leave the Court powerless to allow Defendants to cure their mistake. There is no prejudice to Costco in requiring production of its settlement agreement now, since it presumably acknowledges that it would be producible after a judgment. Therefore, I will permit Defendants to serve a new request to which Costco shall respond promptly.[2]

//

//

---

[2] This resolution is not inconsistent with my Order dated Sept. 29, 2012, Dkt No. 68632. There LG Display had failed to serve <u>any</u> request on various plaintiffs before close of discovery, and I declined to permit it to do so late. Here, HannStar did serve a request, but it was unintentionally defective. There is a persuasive equitable reason to permit HannStar to serve a new request, albeit after the close of discovery, whereas there was no justification for permitting LG Display to do so.

3

Order

Good cause appearing, it is ORDERED that Defendants' motion is granted to the extent that HannStar may serve a properly worded document Request to obtain Costco's settlement agreement with the Samsung entities within 10 days of this Order. Costco shall respond and produce responsive documents within 10 business days after service of the new Request.

Dated: February 13, 2013

Martin Quinn, Special Master