# Exhibit F

Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
| This Order Relates To: | Master Case No 3:07-cv-05944-SC |
| DAPs v Defendants | **ORDER RE DEFENDANTS' MOTION TO COMPEL DAPs TO PRODUCE SETTLEMENT AGREEMENTS** |

Defendants[1] move to compel the Direct Action Plaintiffs ("DAPs")[2] to produce all settlement agreements in this multi-district litigation.  Defendants assert that the DAPs' settlement agreements are relevant to:  (1) an offset against damages against the remaining Defendants and (2) potential bias or credibility of witnesses at trial.[3]  Defendants submit numerous document requests for settlement agreements served on each of the DAPs and the corresponding objections.  Two exemplary document requests are set forth below:

**REQUEST FOR PRODUCTION NO. 3**:

All settlement agreements between YOU and any other PERSON RELATED to any of the claims asserted in the COMPLAINT.[4]

**REQUEST NO. 7**:

All Documents relating to the negotiation or interpretation of any purchase order, contract, agreement, or terms of sale between You and any Defendant relating to CRTs and CRT Finished Products, including

---

[1] The moving defendants are LG Electronics, Inc, Mitsubishi Electric Corp, Mitsubishi Electric US, Inc, Mitsubishi Electric Visual Solutions America, Inc, Panasonic Corp, Panasonic Corp of North America, Koninklijke Philips NV, Philips Electronics North America Corp, Samsung SDI Co, Ltd, Samsung SDI America, Inc, Thomson SA, Thomson Consumer Electronics, Inc, Toshiba America Information Systems, Inc and Toshiba America Electronic Components, Inc ("defendants").

[2] The DAPs are ABC Appliance, Inc, d/b/a ABC Warehouse, Best Buy Co, Inc, Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc, Best Buy Stores, LP, Bestbuy.com, LLC and Magnolia Hi-Fi, Inc, CompuCom Systems, Inc, Costco Wholesale Corp, Circuit City Trust, Dell Inc and Dell Products LP, Electrograph Systems, Inc and Electrograph Technologies Corp, Interbond Corporation of America, Kmart Corp, MARTA Cooperative of America, Inc, Office Depot, Inc, PC Richard & Son Long Island Corporation, Sears, Roebuck & Co, Sharp Electronics Corp and Sharp Electronics Manufacturing Company of America, Inc, Target Corp, Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and ViewSonic Corporation.

[3] For example, a settlement agreement containing cooperation provisions could be used to test bias or credibility of a witness who is employed by a party to that settlement agreement.

[4] Cunningham Dec, Ex A at 3 (12/13/13 Toshiba and Philips Electronics' First Set of Requests for Production of Documents to Plaintiffs PC Richard & Son Long Island Corp, MARTA Cooperative of America, Inc and ABC Appliance, Inc D/B/A ABC Warehouse).

ORDER RE DEFENDANTS' MOTION TO COMPEL DAPs' SETTLEMENT AGREEMENTS          PAGE **2** OF **9**

Documents relating to which terms or agreements govern which

transactions.[5]

Defendants assert that this motion follows up on Toshiba's May 2014 motion to compel settlement agreements from three DAPs.  *See* ECF No 2602 (motion to compel production of settlement agreements responsive to Request No 3 above).  In opposition to Toshiba's May 2014 motion, three DAPs, joined by all other DAPs, asserted that the motion was inappropriate at that stage of the litigation and should be denied until after trial and a judgment against defendants.  *See* ECF No 2627.  On July 29, 2014, the court denied Toshiba's motion for lack of jurisdiction because there were no settlement agreements to compel.  ECF No 2717.  But the court allowed Toshiba to refile its motion should plaintiffs later enter into a settlement.  *Id* at 3.

On January 9, 2015, counsel for the Samsung defendants wrote to liaison counsel for the DAPs to request production of "any settlement agreements related to the claims asserted in their complaints."  Cunningham Dec, Ex P.

On January 20, 2015, after a teleconference with the DAPs' liaison counsel, counsel for the Samsung defendants confirmed the defendants' request that the DAPs' liaison counsel "identify which DAPs have settlement agreements."  Cunningham Dec, Ex Q. Apparently, the DAPs' liaison counsel replied that he would confer with the DAPs and respond. *Id.*

Based on the parties' submissions, there is no evidence regarding when the DAPs informed the defendants of executed DAP settlement agreements.  Instead, it appears that as of January 20, 2015, defendants were requesting information on which DAPs had settlement

---

[5] Cunningham Dec, Ex H at 6 (Panasonic and LG Electronics' First Set of Requests for Production of Documents to Best Buy Plaintiffs).

agreements.  In light of Judge Conti's denial of Toshiba's motion to compel, defendants assert that they could not have filed a motion to compel settlement agreements until after settlement agreements were in existence.  On the other hand, the DAPs assert that defendants knew about one settlement by September 8, 2014 and therefore should have filed a motion to compel before the discovery cutoff date (9/12/14).  *See* Bernstein Dec, Ex A (9/8/14 email that certain plaintiffs had reached an agreement in principle to settle with certain defendants).  But as defendants point out, the 9/8/14 email refers to an agreement in principle, which does not establish the existence of an executed settlement agreement.  Thus, the DAPs have not shown that any DAP settlement agreement was in existence and known to defendants before the discovery cutoff.  In addition to the discoverability of the DAPs' settlement agreements, the undersigned addresses the timeliness of defendants' motion below.

I.      **The Settlement Agreements Are Relevant and Discoverable**

In the Ninth Circuit, a broad scope of discovery is favored because "wide access to relevant facts serves the integrity and fairness of the judicial process."  *Phoenix Solutions Inc v Wells Fargo Bank, NA*, 254 FRD 568, 583 (ND Cal 2008) (quoting *Epstein v MCA, Inc*, 54 F3d 1422, 1423 (9th Cir 1995)); *see also Vondersaar v Starbucks Corp*, 2013 WL 1915746, at *4 (ND Cal 2013).  Several courts in this district have granted discovery of settlement agreements under similar circumstances.  *See e g,* April 4, 2012 Order (ECF No 5403), *In re TFT-LCD (Flat Panel) Antitrust Litig*, No M 07:1827 SI (ND Cal 2012)(overruling objection to Special Master's grant of motion to compel production of settlement agreement); *Davis v Prison Health Serv*, 2011 WL 3353874, at *10 (ND Cal 2011)(motion to compel discovery of settlement agreement granted as relevant to offset attorney fees and damages); *Atmel Corp v Authentec*, 2008 WL 276393 at *1 (ND Cal 2008)(settlement agreements produced because relevant to damages).

The DAPs object to the relevance of the settlement agreements on two grounds: (1) the agreements are not relevant to offset damages until and unless a jury awards damages

at the end of trial; and (2) the agreements are not relevant to witness credibility or bias unless the Defendants can identify specific witnesses whose credibility or bias would be potentially affected by a settlement agreement with cooperation provisions.

But FRCP 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and such "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The settlement agreements do not appear to be privileged.  Courts in the Ninth Circuit have not recognized a federal settlement privilege.  *See e g, Phoenix Solutions,* 254 FRD at 583, 585; *Matsushita Elec Industrial Co, Ltd v Mediatek*, 2007 WL 963975, at *2-6 (ND Cal 2007) (rejecting claim that a federal settlement privilege precluded discovery of settlement agreements).  In both *Phoenix* and *Matsushita*, the courts rejected the argument that a federal settlement privilege embodied in Federal Rule of Evidence 408 protected settlement agreements and related documents from discovery.  *Phoenix*, 254 FRD at 584-585; *Matsushita*, 2007 WL 963975, at *5.  The *Matsushita* court noted that when Congress approved FRE 408 to promote settlements, "it chose to do so by limiting admissibility – and not by limiting discovery."  *Id* at *5.  And because Rule 408 expressly provided that settlement negotiations can be admitted for certain purposes, "any federal settlement privilege is contrary to the enactment approved by [Congress]."  *Id*.

If California rather than federal law applies, a written settlement agreement is "not made inadmissible, or protected from disclosure, by provisions of this chapter if the agreement is signed by the settling parties and * * * (b) The agreement provides that it is enforceable or binding or words to that effect."  Cal Evid Code §1123.  Thus, even under California law, the settlement agreements at issue here would be discoverable.

The DAPs do not appear to contest that settlement agreements will be relevant to any non-settling defendant's defense of a set off of damages if damages are awarded.[6] The DAPs' main argument appears to be that the settlement agreements should not be produced at this time, but only when and if certain events render the settlement agreements admissible. But Rule 26 and the Ninth Circuit's broad discovery decisions do not require such sequencing for discoverability of information. It appears to the undersigned that any DAP settlement agreements are relevant, whether to offset damages or to test witness credibility and bias, and therefore should be produced. The party opposing discovery bears the burden of justification, and here, the DAPs have failed to articulate a sufficient basis for contesting the relevance of settlement agreements in this litigation.

The DAPs' assertion that courts place the burden on the party seeking discovery of a confidential settlement agreement to make a "particularized showing" that the documents are relevant and likely to lead to discovery of admissible evidence,[7] relies on case law from other circuits and thus is not persuasive.

In addition to finding that DAP settlement agreements are relevant, the undersigned also finds that there would be no significant burden or prejudice to the DAPs in producing any settlement agreements. Only the executed settlement agreements are sought and need be produced; preliminary correspondence and other evidence of settlement negotiations need not be produced. Thus, the number of documents would likely be small. There is also no prejudice because the trial date has been suspended, allowing completion of various discovery matters.

---

[6] The DAPs' proposed compromise of (1) informing defendants of the fact of settlement and whether any agreement contains a cooperation provision; (2) producing settlement agreements in their entirety after trial (DAPs' Opposition at 3) is reasonable but not sufficient where the text of the cooperation provisions would be relevant to the credibility and bias of any trial witnesses employed by one of the settling parties and the amount of the settlement would be relevant to offset of damages and assessing potential liability.

[7] *See* DAPs' Opposition at 3.

Any concern regarding the confidentiality of the settlement agreements may be addressed by producing the agreements under the "attorneys' eyes only" designation under the stipulated protective order in this case.  *See* Special Master Martin Quinn's Order in *In re TFT-LCD (Flat Panel) Antitrust Litigation,* ECF No 4825, filed 2/15/12 in Civ 3:07-md-01827-SI, at 4.

II.     **Defendants' Motion Is Timely and Even if Untimely, Defendants Have Shown Good Cause for the Discovery**

As described above, the DAPs contend that Defendants waived the right to move to compel because their motion was filed on January 26, 2015, several months after the September 12, 2014 deadline for filing discovery motions.

But the court's order denying Toshiba's Motion to Compel (ECF No 2717) allowed Toshiba to refile its motion should plaintiffs enter into settlements.  *Id* at 3.  Thus, the court's order kept the issue open and allowed refiling at a later time.  The DAPs have not established that the defendants knew of the existence of an executed DAP settlement agreement before the discovery cutoff.  Thus, it would be unreasonable to require the defendants to file their motion before the discovery cutoff when they were still seeking information on DAP settlement agreements well after the discovery cutoff.  In light of the court's order denying Toshiba's motion to compel (ECF No 2717), the DAPs were on notice that the motion could be refiled at a later time "should plaintiffs enter into settlements."  In fact, the DAPs acknowledged that any ruling on Toshiba's motion to compel "will affect all Direct Action Plaintiffs ('DAPs') and, as such, the 13 other DAPs join[ed] in this opposition."  Plaintiffs' Opposition to Toshiba's Motion to Compel Production of Settlement Agreements, ECF No 2726, filed 6/17/14, at 4.  Similarly, in light of the Discovery Protocol requiring the parties to avoid duplicative discovery, it appears reasonable and efficient to construe the court's order to keep the motion to compel the DAPs' settlement agreements open with respect to all defendants and all DAPs.

1        It appears that the DAP settlements are recent, occurring after the September

2   2014 discovery cut off.  Accordingly, the defendants reasonably waited to file their motion until

3   they knew that DAP settlements were occurring, to avoid another order denying their motion

4   for lack of jurisdiction.

5        Finally, even if defendants' motion were untimely (which the undersigned finds it

6   was not), N D Cal Civ Local Rule 37-3 and FRCP 16(b)(4) would allow enforcing discovery

7   requests and modifying scheduling orders for good cause.  Local Rule 37-3 provides in pertinent

8   part:  "Discovery requests that call for responses or depositions after the applicable discovery

9   cut-off are not enforceable, except by order of the Court for good cause shown."  FRCP 16(b)(4)

10  provides:  "A schedule may be modified only for good cause and with the judge's consent."

11  Here, there were valid discovery requests in place and the undersigned finds that good cause

12  exists to allow enforcement of the discovery requests and to modify the discovery cut off to

13  allow defendants' motion to compel settlement agreements to be addressed.  As defendants

14  rightly point out, they "could not have compelled [ ] disclosure [of settlement agreements]

15  before the cut-off, because they did not yet exist and such a motion would not be ripe."

16  Defendants' Motion at 5.

17        Good cause also exists in that production of settlement agreements now would

18  likely promote further settlements.  The undersigned notes that in the *TFT-LCD Litigation*,

19  Special Master Martin Quinn granted motions to compel production of settlement agreements

20  and those productions did not deter settlement.  To the contrary, by the time of trial, only one

21  defendant remained, with numerous defendants settling before trial.

22

23  **CONCLUSION**

24        Good cause shown (while not necessary), the defendants' motion to compel

25  production of settlement agreements responsive to the document requests referenced above is

26  **GRANTED**.  The DAPs shall produce within five (5) business days their settlement agreements

27

28

with any defendants that have settled out of this multi-district litigation.  The executed

settlement agreements shall be produced pursuant to the highest confidentiality requirements

of the Stipulated Protective Order in this case and disclosed only to outside counsel of record in

this multi-district litigation and under seal to the court and the undersigned and staff.


IT IS SO ORDERED.

Date:  July 31, 2015

—————————————————
Vaughn R Walker
United States District Judge (Ret)


The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date:  ————————————

—————————————————
Honorable Samuel Conti
United States District Judge