Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:   213 239-5100
Facsimile:   213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Charles B. Sklarsky (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:     312 527-0484
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Counsel for Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:14-CV-2058-sc<br><br>Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**MITSUBISHI ELECTRIC DEFENDANTS' RESPONSE TO DIRECT PURCHASER PLAINTIFFS' MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS CERTIFICATION**<br><br>Date: September 11, 2015<br>Time: 10:00 a.m.<br>Judge: Honorable Samuel Conti<br>Ctrm: 1, 17th floor |

- 1 -

No. 3:14-cv-2058-SC
MDL No. 1917

Mitsubishi Electric Defendants' Response To Direct Purchaser Plaintiffs' Motion To Disseminate Notice Of Direct Purchaser Class Certification

1

2    Defendants Mitsubishi Electric Corporation ("Mitsubishi Electric"), Mitsubishi Electric US, Inc.,

3    and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "the Mitsubishi Electric

4    Defendants") respectfully submit this response to Direct Purchaser Plaintiffs' ("DPP") motion seeking

5    approval of class notice.  (Dkt. 3944 (the "Class Notice Motion").)

6                                      **FACTUAL BACKGROUND**

7    On July 8, 2015, the Court certified DPPs' motion for class certification over the objection of the

8    Mitsubishi Electric Defendants, and certified a class of direct purchaser plaintiffs.[1]  (Dkt. 3902

9    ("Certification Order").)  In the Certification Order, the Court ordered DPPs to "specifically identify the

10   'affiliate[s]' in the class definition (and class notice) to enable the parties and class members to better

11   determine who is in the class." (*Id*. at 15-16.)

12   On July 31, 2015, the DPPs moved for an order approving the manner and form for providing

13   notice of the certification of the Litigated Class to class members, and setting a timetable for publishing

14   class notice and providing class members an opportunity to opt out of the class.  (Dkt. 3944, at i, 2-4.)

15   In the Class Notice Motion, DPPs sought approval of class notice as follows:

16   **(A)**   **MANNER OF NOTICE**: (1) Directly mailing a "Long Form Notice," (Dkt.
17         3944-1, at Ex. 1) to each class member whose name was provided to Plaintiffs by
         the Defendants, (Dkt. 3944, at 2); (2) publishing a "Summary Notice," (Dkt.
18         3944-1, at Ex. 2) in two national newspapers, (Dkt. 3944, at 2);  and (3) posting
         notice on the internet, (*id*).
19

20   **(B)**   **FORM OF NOTICE:** DPPs propose disseminating both a "Long Form Notice"
         and "Summary Notice" containing information and various characterizations
21         about the case, the parties, and certain of the class members' options, including
22         the option to be excluded from the Litigated Class.  (*See* Dkt. 3944-1, at Exs. 1-
         2.)
23

24   ---
     [1] The Court certified the "Litigated Class" defined as: "All persons and entities who, between March 1,
25   1995 and November 25, 2007, directly purchased a CRT Product in the United States from any
     Defendant or any subsidiary or affiliate thereof, or any co-conspirator or any subsidiary or affiliate
26   thereof. Excluded from the class are defendants, their parent companies, subsidiaries or affiliates, any co-
     conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this
27   action."  (Dkt. 3902, at 6, 50.)

                                                 - 2 -
28

(C) **TIMETABLE**: DPPs propose sending notice to the class two weeks after the Court enters an order approving DPPs' proposed class notice, and providing class members forty-five (45) days to request exclusion from the litigated class. (Dkt. 3944, at 4.)

On August 7, 2015, at a recent Court status hearing, the Court ordered DPPs and the Mitsubishi Electric Defendants to exchange recommendations on a mediator within two weeks, and "proceed to mediation within 60 days thereafter, or else file an appropriate request for an alternative with the Court." (Dkt. 3961.)

## ARGUMENT

Federal Rule Civil Procedure 23(c) requires that for any class certified under Rule 23(b)(3), as here, "the Court must direct class members the best notice that is practicable under the circumstances." The practice of giving class "best notice" and providing an opportunity to opt out "exists primarily to protect class members' due process rights, since they will otherwise be bound by a final judgment litigated by others on their behalf." *Wang v. Chinese Daily News, Inc.,* 623 F.3d 743, 757 (9th Cir. 2010) *cert. granted, judgment vacated and remanded on other grounds*, 132 S. Ct. 74 (2011); *Zeisel v. Diamond Foods, Inc.,* No. 10-CV-01192, 2011 WL 4551473, at *1 (N.D. Cal. Oct. 3, 2011) ("The purpose of providing notice to absent class members is to satisfy the requirements of due process, that is to give them notice of the action and the opportunity to opt-out."). The Mitsubishi Electric Defendants do not disagree with the DPPs' proposed methods of notifying absent class members, but as set forth below, they suggest a deferral of class notice until after the mediation very recently ordered by the Court. The Mitsubishi Electric Defendants also propose several modifications to the form of notice proposed by the DPPs, who have improperly listed certain entities as "owned or controlled" by Mitsubishi Electric, when they are not.

### I.     A Deferral of Class Notice Until After the Recently Ordered Mediation Would Conserve the Resources of the Parties and the Court.

As a preliminary matter, the Mitsubishi Electric Defendants suggest to the Court that with mediation now pending, disseminating class notice at this stage, and in the manner and form DPPs have

- 3 -

Mitsubishi Electric Defendants' Response To Direct Purchaser Plaintiffs' Motion To Disseminate Notice Of Direct Purchaser Class Certification

proposed, may lead to a duplicative or wasteful use of the parties' resources.  Obviously, if notice is issued to the class before a settlement is reached (if one is reached), notice would have to be issued for a second time, upon settlement.  Repeat notices with differing content, in relatively brief sequence, would be wasteful and perhaps confusing to class members. *See, e.g., Gomez v. Rossi Concrete Inc.,* No. 08-CV-1442, 2011 WL 666888, at *2 (S.D. Cal. Feb. 17, 2011) ("sending notice before class issues are settled may result in multiple notices and thus create confusion for potential class members").

DPPs' proposed timetable for dissemination of the class notice and for class member opt out does not take account the mediation.  In the Class Notice Motion, DPPs propose to send notice to the class "two weeks after the Court enters its order approving plaintiffs['] Notice to the class." (Dkt. 3944, at 4.)  Under this Court's order, the parties must proceed to mediation (or report an alternative) no later than October 21, 2015.  (*Id.*)  Under DPPs' proposed timetable, it is possible notice could not be printed, mailed, and/or published in enough time to give proper notice to class members to consider their opt out rights before mediation.  It is also possible that the Court may have to approve more than one notice to class members.

District courts have discretion to order class notice after mediation.  *See, e.g., Markocki v. Old Republic Nat. Title Ins. Co.*, No. 06-CV-2422, 2015 WL 3421401, at *2 (E.D. Pa. May 27, 2015) (noting that court ordered notice to class "[a]fter mediation proved unsuccessful"). If notice is deferred until after the mediation, and if the mediation is successful – and the Court will know whether it is successful in a relatively short time frame – then only one notice could be presented to the Court and disseminated to class members.  If the mediation does not result in settlement, the Court may thereafter approve DPPs' proposed class notice (subject to the Mitsubishi Electric Defendants' substantive objections, set forth below in Part III), without affecting any deadlines or prejudicing DPPs.

## II.   The Mitsubishi Electric Defendants Do Not Object to the Manner of Notice Proposed by the DPPs.

As for the manner by which the DPPs have proposed that notice take place, the Mitsubishi Electric Defendants have no substantive objection.  The DPPs appear to have proposed a combination of

- 4 -

No. 3:14-cv-2058-SC
MDL No. 1917

Mitsubishi Electric Defendants' Response To Direct Purchaser Plaintiffs' Motion To Disseminate Notice Of Direct Purchaser Class Certification

publication and mailed notice that has been employed before in similar matters, and that is generally consistent with Rule 23(c) of the Federal Rules of Civil Procedure.  The Mitsubishi Electric Defendants do object to the DPPs' proposed form of the notice itself, as set forth below.

### III.    The DPPs' Proposed Form of Notice Should Be Modified.

The DPPs' proposed notices (both the proposed "Long Form Notice" and "Summary Notice") are deficient, because they improperly include among listed "affiliates and subsidiaries" entities that are not, and have not yet been proven to be, "owned or controlled" by Mitsubishi Electric (or, for that matter, any of the alleged co-conspirators in the alleged CRT price-fixing conspiracy).  *See generally, Illinois Brick Co. v. Illinois,* 431 U.S. 720, 736 n. 16 ("Another situation in which market forces have been superseded and the pass-on defense might be permitted is where the direct purchaser is owned or controlled by its customer."); *Royal Printing Co. v. Kimberly Clark Corp.,* 621 F.2d 323, 326 n.4 (9th Cir. 1980) (acknowledging *Illinois Brick* "exception to the ban on pass-on theories where the direct purchaser is owned or controlled by its customer") (internal quotation marks omitted).  Those parties should, therefore, be removed from DPPs' proposed notices.

Although DPPs argue in the Class Notice Motion that the proposed listing "specifically identifies the 'affiliates and subsidiaries' referred to in the class definition" as required by the Court's Certification Order, DPPs' proposed listing includes "NEC-Mitsubishi Electric Visual Systems Corporation; NEC-Mitsubishi Electronics Display of America, Inc.; NM Visual Systems de Mexico S. A. de C.V." (collectively, "NMV").  However, DPPs have not come forward with any evidence to establish that NMV is an "affiliate or subsidiary" of any of the Mitsubishi Electric Defendants, any other Defendant in this or a related case, or any alleged co-conspirator.   To the contrary, the evidence of the ownership and control of NMV has been that Mitsubishi Electric Corporation and NEC Corporation ("NEC") each owned an equal 50% stake in the joint venture, with neither Mitsubishi nor NEC having majority control over NMV's board of directors.  (*See generally,* Ex. A, NEC Corporation Annual Report (2000); Ex. B, Hoovers: NEC Corporation Profile 6 (Nov. 6, 2014); Ex. C, Press Release, *NEC, NEC and Mitsubishi Electric to Constructively Dissolve Display Monitor Joint Venture* (Feb. 21, 2005); Dkts. 3026, 3471.)

Mitsubishi Electric Defendants' Response To Direct Purchaser Plaintiffs' Motion To Disseminate Notice Of Direct Purchaser Class Certification

Indeed, the issue of whether NMV was owned or controlled by any of the Mitsubishi Electric Defendants is the subject of a pending and fully briefed motion for partial summary judgment in the Direct Action Plaintiff ("DAP") cases.  (*See* Dkts. 3026, 3471.)  In connection with that briefing, the Mitsubishi Electric Defendants showed that NMV was an independent entity, and also demonstrated that "the undisputed record shows that at no time during NMV's five-year existence did Mitsubishi Electric own or control NMV." (Dkt. 3471, at 2.)  Moreover, at the time that is relevant for determining if a defendant owned or controlled an entity – the time that suit could be brought, i.e., 2007 or later – Mitsubishi Electric Corporation (and none of the other Mitsubishi Electric Defendants) did not possess ***any*** stake at all in NMV.  (*See* Ex. C.)  Indeed, after February 2005, NMV was entirely owned by NEC, a separate company not alleged to have been involved in any CRT conspiracy, which remained free, as it saw fit, to initiate litigation concerning CRT.  (*See* Ex. C; Dkt. 3471, at 4-6.)  For that reason, NMV should be removed from DPPs' listing of "affiliates or subsidiaries" in the proposed Long Form Notice and Summary Notice.  NMV has no place in this case, and no mention should be made of NMV in any class notice.

## CONCLUSION

For the foregoing reasons, the Mitsubishi Electric Defendants respectfully request that the Court deny DPPs' Class Notice Motion without prejudice, providing DPPs leave to re-submit their motion after the parties have mediated.  The Mitsubishi Electric Defendants further requests that any reference to NEC-Mitsubishi Electric Visual Systems Corporation, NEC-Mitsubishi Electronics Display of America, Inc., and NM Visual Systems de Mexico S. A. de C.V. be removed from any class notice that is approved by the Court or issued to class members.

No. 3:14-cv-2058-SC
MDL No. 1917

Mitsubishi Electric Defendants' Response To Direct Purchaser Plaintiffs' Motion To Disseminate Notice Of Direct Purchaser Class Certification

Dated: August 14, 2015                    By: /s/ Michael T. Brody        .
                                          Michael T. Brody
                                          JENNER & BLOCK LLP
                                          353 North Clark St., Chicago, IL 60654
                                          Tel: 312-923-2711
                                          Fax: 312-840-7711
                                          Email: mbrody@jenner.com

                                          ***Counsel for Defendants Mitsubishi Electric
                                          Corporation, Mitsubishi Electric US, Inc., and
                                          Mitsubishi Electric Visual Solutions America, Inc.***

- 7 -

Mitsubishi Electric Defendants' Response To Direct Purchaser Plaintiffs' Motion To Disseminate Notice Of Direct Purchaser Class Certification

1   Brent Caslin (Cal. Bar. No. 198682)
2   Jenner & Block LLP
    633 West Fifth Street
3   Suite 3600
    Los Angeles, California 90071
    Telephone:     213 239-5100
4   Facsimile:     213 239-5199
    bcaslin@jenner.com
5
6   Terrence J. Truax (*pro hac vice*)
    Charles B. Sklarsky (*pro hac vice*)
    Michael T. Brody (*pro hac vice*)
7   Gabriel A. Fuentes (*pro hac vice*)
    Jenner & Block LLP
8   353 N. Clark Street
    Chicago, Illinois 60654-3456
9   Telephone:     312 222-9350
    Facsimile:     312 527-0484
10  ttruax@jenner.com
    csklarsky@jenner.com
11  mbrody@jenner.com
    gfuentes@jenner.com
12
    *Attorneys for Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric*
13  *Visual Solutions America, Inc.*

14              IN THE UNITED STATES DISTRICT COURT

15          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17  In Re: Cathode Ray Tube (CRT) Antitrust     Case No. 3:14-CV-2058-sc
    Litigation
18                                              Master File No. 3:07-cv-05944-SC
    This Document Relates To:
19                                              MDL No. 1917
    ALL DIRECT PURCHASER ACTIONS
20                                              **CERTIFICATE OF SERVICE**

21

22                      **CERTIFICATE OF SERVICE**

23  I HEREBY CERTIFY that I caused a true and correct copy of **MITSUBISHI ELECTRIC
    DEFENDANTS' RESPONSE TO DIRECT PURCHASER PLAINTIFFS' MOTION TO
24  DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS CERTIFICATION** to be served by
    Email transmission on August 14, 2015 to each of the persons as set forth on the attached service list.
25
    Dated:  August 14, 2015                    /s/ Shaun M. Van Horn
26                                              Shaun M. Van Horn
27
28                              - 8 -

No. 3:14-cv-2058-SC                                      CERTIFICATE OF SERVICE
MDL No. 1917

1

## SERVICE LIST

2
3
4
5
6
7

| | |
|---|---|
| Philip J. Iovieno<br>Anne M. Nardacci<br>Boies, Schiller & Flexner LLP<br>30 South Pearl St., 11th Floor<br>Albany, NY 12207<br>Telephone: (518) 434-0600<br>Facsimile: (518) 434-0665<br>piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William Isaacson<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Ave. NW, Suite 800<br>Washington, D.C. 20015<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br><br>Stuart Singer<br>Boies, Schiller & Flexner LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Telephone: (954) 356-0011<br>Facsimile: (954) 356-0022<br>ssinger@bsfllp.com<br><br>*Counsel for Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, Marta Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC* | William J. Blechman<br>Richard A. Arnold<br>Samuel J Randall<br>Kenny Nachwalter PA<br>201 South Biscayne Blvd<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305) 373-1000<br>Fax: (305) 372-1861<br>wblechman@knpa.com<br>rarnold@kennynachwalter.com<br>srandall@knpa.com<br><br>Kevin J. Murray<br>201 S. Biscayne Blvd.<br>Suite 1100<br>Miami, FL 33131<br>Telephone: (305)-373-1000<br>Fax: (305)-372-1861<br>kmurray@knpa.com<br><br>Gavin David Whitis<br>Pond North LLP<br>350 South Grand Ave<br>Ste 3300<br>Los Angeles, CA 90071<br>Telephone: (415) 217-1240<br>Fax: (415) 394-0484<br>gwhitis@pondnorth.com<br><br>*Counsel for Sears, Roebuck and Co. and KMart Corporation* |
| Cori Gordon Moore<br>David Burman<br>Eric J. Weiss<br>Nicholas H. Hesterberg<br>Perkins Coie LLP<br>1201 Third Avenue | Kenneth S. Marks<br>David M. Peterson<br>John Pierre Lahad<br>Johnny William Carter<br>Jonathan Jeffrey Ross<br>Susman Godfrey LLP |

- 9 -

| | |
|---|---|
| Suite 4800<br>Seattle, WA 98101-3099<br>Telephone: (206) 359-8000<br>Fax: (206) 359-4849<br>cgmoore@perkinscoie.com<br>dburman@perkinscoie.com<br>eweiss@perkinscoie.com<br>nhesterberg@perkinscoie.com<br><br>Joren Surya Bass<br>Perkins Coie<br>Four Embarcadero Center<br>Suite 2400<br>San Francisco, CA 94111<br>Telephone: (415) 344-7000<br>jbass@perkinscoie.com<br><br>*Counsel for Costco Wholesale Corporation* | 1000 Louisiana Street, Suite 5100<br>Houston, TX 77002-5096<br>Telephone: (713) 651-9366<br>Fax: (713) 654-6666<br>kmarks@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br>jlahad@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>jross@susmangodfrey.com<br><br>*Counsel for Alfred H. Siegel, as Trustee of Circuit City Stores, Inc. Liquidating Trust* |
| Debra Dawn Bernstein<br>Michael P. Kenny<br>Melissa Whitehead<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>404-881-7000<br>Fax: 404-253-8488<br>debra.bernstein@alston.com<br>Mike.Kenny@alston.com<br>Debra.Bernstein@alston.com<br>Melissa.Whitehead@alston.com<br><br>James Matthew Wagstaffe<br>Kerr & Wagstaffe LLP<br>101 Missions Street, 18th Floor<br>San Francisco, CA 94105-1528<br>415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Attorneys for Dell, Inc., and Dell Products, L.P.* | Roman Silberfeld<br>David Martinez<br>Jill Sharon Casselman<br>Robins Kaplan Miller & Ciresi LLP<br>2049 Century Park East<br>Suite 3400<br>Los Angeles, CA 90067-3208<br>Telephone: (310) 552-0130<br>Fax: (310) 229-5800<br>rmsilberfeld@rkmc.com<br><br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laura Elizabeth Nelson<br>Robins Kaplan Miller and Ciresi<br>2800 LaSalle Plaza<br>800 LaSalle Ave<br>Minneapolis, MN 55402<br>Telephone: (612) 349-0986<br>Fax: (612) 339-4181<br>eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com<br><br>*Counsel for Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, LLC; and Magnolia Hi-Fi, Inc.* |

- 10 -

| Guido Saveri | Scott N. Wagner |
|---|---|
| Cadio Zirpoli | Wendy Polit |
| Rick Saveri | Robert Turken |
| Saveri & Saveri, Inc. | Bilzin Sumberg Baena Price & Axelrod LLP |
| 706 Sansome Street | 200 S. Biscayne Boulevard |
| San Francisco, CA 94111 | Suite 2500 |
| Telephone: 415-217-6810 | Miami, FL 33131 |
| Fax: 415-217-6813 | Telephone: 305-350-7386 |
| Guido@saveri.com | swagner@bilzin.com |
| Cadio@saveri.com | wpolit@bilzin.com |
| rick@saveri.com | rturken@bilzin.com |
| | |
| *Attorneys for the Direct Purchaser Class* | *Attorneys for Tech Data Corp.* |

- 11 -