1

Kenneth S. Marks

2
Jonathan J. Ross
SUSMAN GODFREY L.L.P.

3
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096

4
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

5
kmarks@susmangodfrey.com

6
jross@susmangodfrey.com

7
*Attorneys for plaintiff Alfred H. Siegel, solely*
*in his capacity as Trustee of the Circuit City*

8
*Stores, Inc. Liquidating Trust*

9
[additional counsel listed on signature page]

10

11
**UNITED STATES DISTRICT COURT**

12
**NORTHERN DISTRICT OF CALIFORNIA**

13
IN RE:  CATHODE RAY TUBE (CRT)          Master File No. 07-5944 SC
ANTITRUST LITIGATION

14
                                        Case No. C 11-05502 SC

15
This Document Relates to: Individual Cases:   MDL No. 1917

16
*Siegel v. Hitachi, Ltd.*, No. 11-cv-05502;

17
*Siegel v. Technicolor SA*, No. 13-cv-05261;    **CERTAIN DIRECT ACTION**
                                                 **PLAINTIFFS' JOINDER IN THE**

18
*Best Buy Co. v. Hitachi, Ltd.*, No. 11-cv-    **DAPS' OBJECTION TO THE**
05513;                                           **SPECIAL MASTER'S REPORT AND**
                                                 **RECOMMENDATION RE**

19
                                                 **DEFENDANTS' MOTION TO**
*Best Buy Co. v. Technicolor SA*, No. 13-cv-    **COMPEL DAPS' SETTLEMENT**

20
05264;                                           **AGREEMENTS AND, IN THE**
                                                 **ALTERNATIVE, PROPOSED**

21
*Sears, Roebuck and Co. and Kmart Corp. v.*     **LIMITED RELIEF**
*Technicolor SA*, No. 3:13-cv-05262;

22
*Sears, Roebuck and Co. and Kmart Corp. v.*

23
*Chunghwa Picture Tubes, Ltd.*, No. 11-cv-
05514-SC;

24
*ViewSonic Corporation v. Chunghwa Picture*

25
*Tubes Ltd.*, No. 14-cv-2510;

26
*Electrograph Systems, Inc., et al. v. Hitachi,*
*Ltd., et al.*, No. 3:11-cv-01656-SC;

27

28
                                        1

Certain DAPs' Joinder in the DAPs' Obj. to Special Master's R&R re Defendants' Motion to Compel DAPs' Settlement
Agreements and, in the Alternative, Proposed Limited Relief, MDL No. 1917, Case Nos. 11-05502 SC; 13-05261 SC

3811636v1/012325

1

2
*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05724-SC;

3
*CompuCom Sys., Inc. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06396-SC;

4

5
*Interbond Corp. of Am. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06276-SC;

6
*Interbond Corp. of America v. Technicolor SA, et al.*, No. 3:13-cv-05727-SC;

7

8
*Office Depot, Inc. v. Hitachi, Ltd., et al.*, No. 3:11-cv-06276-SC;

9
*Office Depot, Inc. v. Technicolor SA, et al.*, No. 3:13-cv-05726-SC;

10

11
*P.C. Richard & Son Long Island Corp., et al. v. Hitachi, Ltd., et al.*, No. 3:12-cv-02648-SC;

12

13
*P.C. Richard & Son Long Island Corp., et al. v. Technicolor SA, et al.*, No. 3:13-cv-05725-SC;

14
*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649-SC;

15

16
*Schultze Agency Services, LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC v. Technicolor SA, et al.*, No. 3:13-cv-05668-SC;

17

18
*Tech Data Corporation; Tech Data Product Management, Inc. v. Hitachi, Ltd., et al.*, No. 13-cv-00157-SC;

19

20
*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 3:11-cv-06397-SC;

21

22
*Costco Wholesale Corporation v. Technicolor SA., et al.,* No. 3:13-cv-05723-SC

23

24

25

26

27

28

2

Certain DAPs' Joinder in the DAPs' Obj. to Special Master's R&R re Defendants' Motion to Compel DAPs' Settlement Agreements and, in the Alternative, Proposed Limited Relief, MDL No. 1917, Case Nos. 11-05502 SC; 13-05261 SC

3811636v1/012325

The undersigned Direct Action Plaintiffs[1] join fully in the DAPs' Objection to the Special Master's Order Re Defendants' Motion to Compel DAPs to Produce Settlement Agreements ("DAPs' Objection") (Master Dkt. No. 3979).[2]  For the reasons set forth in DAPs' Objection, the Special Master erred in requiring DAPs to produce their settlement agreements to defendants, and the undersigned Direct Action Plaintiffs request that the Court reject the Special Master's Report and Recommendation.

To the extent, however, the Court considers the Special Master's Order to be correct in its reasoning, the undersigned Direct Action Plaintiffs respectfully suggest that the relief ordered by the Special Master – production of DAPs' settlement agreements to defendants – both exceeds what is necessary and will hinder further settlements in the DAP cases.

The Special Master found two aspects of the DAPs' settlement agreements warrant their production to defendants:   the amounts of the settlements and any provisions requiring cooperation from a settling defendant in the CRT cases going forward.  (Order at 6)  The amounts of the settlements are relevant, according to the Special Master, to determine the quantum of set-off to the damages sought by each DAP.  *Id.*  The Special Master found cooperation provisions germane to assessing potential bias of witnesses from now-cooperating defendants who appear at trial.  *Id.*

Neither of these reasons, if accepted by the Court, requires disclosure to defendants of the

---

[1]   The Direct Action Plaintiffs filing this Joinder and, in the Alternative, Proposed Limited Relief are Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust; Best Buy Co. and affiliated companies; Sears Roebuck & Co.; Kmart Corp.; Viewsonic Corporation; Electrograph Systems, Inc.; CompuCom System, Inc.; Interbond Corporation of America; Office Depot, Inc.; P.C. Richard & Son Long Island Corp.; Schultze Agency Services, LLC; Tech Data Corporation; and Costco Wholesale Corporation.   Direct Action Plaintiffs Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. also join in this Joinder and, in the Alternative, Proposed Limited Relief in a separate filing made on this date.

[2]  The Special Master's Order Re Defendants' Motion to Compel DAPs to Produce Settlement Agreements is at Master Dkt. No. 3941.

Certain DAPs' Joinder in the DAPs' Obj. to Special Master's R&R re Defendants' Motion to Compel DAPs' Settlement Agreements and, in the Alternative, Proposed Limited Relief, MDL No. 1917, Case Nos. 11-05502 SC; 13-05261 SC

3811636v1/012325

1
2
3
4
5
6
7
8
9
10
11

actual settlement agreements.  Instead, they can be fully satisfied by requiring settling DAPs to disclose to defendants the *aggregate amount* of their settlements and the *verbatim language* of any cooperation provisions.  This relief permits defendants to determine the amount of set-off to damages sought by each DAP, just as they would if they possessed the actual settlement agreements.  It also allows non-settling defendants to assess the extent to which any settling defendant is cooperating with any DAP, exactly as would happen if the actual settlement agreements were produced.  Providing defendants with these aspects (and only these aspects) of the DAP settlement agreements is all that is necessary, if the Court accepts the bases for the Special Master's ruling.

12
13
14
15
16
17
18
19
20

The Special Master's ruling goes beyond this narrowly tailored relief and requires DAPs to disclose to defendants the entirety of each settlement agreement.  This is not only unnecessary, it will make further settlements in the DAP cases more difficult.  Instead of knowing only the aggregate amount of each DAP's settlements for purposes of set off, defense counsel also will know the specific amount paid by each settling defendant to each DAP.  For example, a non-settling defendant such as LG will know that Samsung SDI paid "x" in settlement to the Circuit City Trust.  There is no reason for defendants or their counsel to know what any specific defendant paid in settlement to any DAP, and none is articulated by the Special Master.

21
22
23
24
25
26
27

More importantly, disclosing to non-settling defendants or their counsel the amounts of specific DAP settlements adversely affects the settlement process.  As explained in DAPs' Objection, non-settling defendants and their counsel use this information to limit the amounts they think they should pay to each DAP.  DAP counsel involved in the LCD cases consistently experienced this settlement limitation and found without exception it delayed and hindered the settlement discussions.  In addition to every other defense argument encountered in settlement

28

4

Certain DAPs' Joinder in the DAPs' Obj. to Special Master's R&R re Defendants' Motion to Compel DAPs' Settlement Agreements and, in the Alternative, Proposed Limited Relief, MDL No. 1917, Case Nos. 11-05502 SC; 13-05261 SC

3811636v1/012325

discussions, significant time and resources were lost to overcoming the refusal of a non-settling defendant to settle for more than another defendant.  Liability in the CRT (and LCD) cases is joint and several, and while many factors are considered by DAPs and discussed with defendants in settlement, injecting the specific amount paid in settlement by another defendant does nothing but extend and hinder the process of resolving these cases.

For these reasons and those stated in DAPs' Objection, the undersigned Direct Action Plaintiffs object to the Special Master's Report and Recommendation and request that it be rejected.  If, however, the Court is inclined to adopt the reasoning in the Report and Recommendation, these Direct Action Plaintiffs request that the Court not order production of DAPs' settlement agreements but require only that DAPs disclose the *aggregate amount* of their settlements and the *verbatim language* of any cooperation provisions.

Dated:  August 14, 2015

SUSMAN GODFREY L.L.P.

*/s/ Kenneth S. Marks*
Kenneth S. Marks
Jonathan J. Ross
Johnny W. Carter
Robert S. Safi
David M. Peterson
Matthew C. Behncke
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666
Email: kmarks@susmangodfrey.com
    jross@susmangodfrey.com
    jcarter@susmangodfrey.com
    rsafi@susmangodfrey.com
    dpeterson@susmangodfrey.com
    mbehncke@susmangodfrey.com

5

3811636v1/012325

Parker C. Folse III
Rachel S. Black
Jordan Connors
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, Washington 98101-3000
Telephone:  (206) 516-3880
Facsimile:  (206) 516-3883
Email: pfolse@susmangodfrey.com
        rblack@susmangodfrey.com
        jconnors@susmangodfrey.com

*Attorneys for plaintiff Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust*


*/s/ Philip J. Iovieno*
Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com
        anardacci@bsfllp.com

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C.  20015
Telephone:  (202) 237-2727
Facsimile:   (202) 237-6131
Email: wisaacson@bsfllp.com

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph*

6

Certain DAPs' Joinder in the DAPs' Obj. to Special Master's R&R re Defendants' Motion to Compel DAPs' Settlement Agreements and, in the Alternative, Proposed Limited Relief, MDL No. 1917, Case Nos. 11-05502 SC; 13-05261 SC

3811636v1/012325

1
2
3
4
5
6
*Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P. C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC, Tweeter Newco, LLC, Tech Data Corporation, and Tech Data Product Management, Inc.*

7

8
9
10
11
12
13
14
*/s/ Scott N. Wagner*
Robert W. Turken
Scott N. Wagner
Mitchell E. Widom
BILZIN SUMBERG MAENA
  PRICE & AXELROD LLP
1450 Brickell Ave, Suite 2300
Miami, FL  33131-3456
Telephone:  (305) 374-7580
Facsimile:  (305) 374-7593
Email: rturken@bilzin.com
        swagner@bilzin.com
        mwidom@bilzin.com

15
16
*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.*

17

18
19
20
21
22
23
24
25
26
*/s/ Roman M. Silberfeld*
Roman M. Silberfeld
Bernice Conn
David Martinez
Jill S. Casselman
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800
Email:  rmsilberfeld@rkmc.com
        dmartinez@rkmc.com
        bconn@rkmc.com
        jcasselman@rkmc.com

27
Elliot S. Kaplan

28
7

Certain DAPs' Joinder in the DAPs' Obj. to Special Master's R&R re Defendants' Motion to Compel DAPs' Settlement Agreements and, in the Alternative, Proposed Limited Relief, MDL No. 1917, Case Nos. 11-05502 SC; 13-05261 SC

3811636v1/012325

K. Craig Wildfang
Laura E. Nelson
ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:  (612) 349-8500
Facsimile:   (612) 339-4181
Email: eskaplan@rkmc.com
        kcwildfang@rkmc.com
        lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*


*/s/ Jason C. Murray*
Jason C. Murray (CA Bar No. 169806)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213-443-5582
Facsimile: 213-622-2690
Email: jmurray@crowell.com

Jerome A. Murphy (*pro hac vice*)
Astor H.L. Heaven (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: 202-624-2500
Facsimile: 202-628-5116
E-mail: jmurphy@crowell.com
        aheaven@crowell.com

*Counsel for Viewsonic Corp.*


*/s/  David J. Burman*
David J. Burman (pro hac vice)
Cori G. Moore (pro hac vice)
Eric J. Weiss (pro hac vice)
Nicholas H. Hesterberg (pro hac vice)

8

Certain DAPs' Joinder in the DAPs' Obj. to Special Master's R&R re Defendants' Motion to Compel DAPs' Settlement Agreements and, in the Alternative, Proposed Limited Relief, MDL No. 1917, Case Nos. 11-05502 SC; 13-05261 SC

3811636v1/012325

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Steven D. Merriman (pro hac vice)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  (206)359-8000
Facsimile:  (206)359-9000
Email:  DBurman@perkinscoie.com
       CGMoore@perkinsncoie.com
       EWeiss@perkinscoie.com
       NHesterberg@perkinscoie.com
       SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone:  (415)344-7120
Facsimile:  (415)344-7320
Email: JBass@perkinscoie.com

*Counsel for Plaintiff Costco Wholesale
Corporation*

*/s/ William J. Blechman*
Richard Alan Arnold
William J. Blechman
Kevin J. Murray
KENNY NACHWALTER, P.A.
201 S. Biscayne Blvd., Suite 1100
Miami, FL 33131
Telephone: 305-373-1000
Facsimile: 305-372-1861
Email: rarnold@knpa.com
       wblechman@knpa.com
       kmurray@knpa.com

*Counsel for Plaintiff Sears, Roebuck and Co.
and Kmart Corp.*

9

Certain DAPs' Joinder in the DAPs' Obj. to Special Master's R&R re Defendants' Motion to Compel DAPs' Settlement
Agreements and, in the Alternative, Proposed Limited Relief, MDL No. 1917, Case Nos. 11-05502 SC; 13-05261 SC

3811636v1/012325