1 | Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1-317-237-0300
Facsimile: +1-317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile: +1 574-239-1900
steve.judge@FaegreBd.com

Jeffrey S. Roberts (*pro hac vice*)
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: +1-303-607-3500
Facsimile: +1-303-607-3600
jeff.roberts@FaegreBD.com

Calvin L. Litsey (SBN 289659)
Faegre Baker Daniels LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1-650-324-6700
Facsimile: +1-650-324-6701
calvin.litsey@FaegreBD.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Sharp Electronics Corp., et al. v. Hitachi, Ltd., et. al., No. 13-cv-01173*<br><br>*Electrograph Systems, Inc. et al. v. Technicolor SA, et al., No. 13-cv-05724;*<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Technicolor SA, et al., No. 13-cv-00141;*<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al., No. 13-cv-05264;*<br><br>*Interbond Corporation of America v. Technicolor SA, et al., No. 13-cv-05727;*<br><br>*Office Depot, Inc. v. Technicolor SA, et al., No. 13-cv-05726;* | **THOMSON DEFENDANTS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO STAY** |

*Costco Wholesale Corporation v. Technicolor SA, et al., No. 13-cv-05723;*

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al., No. 31:cv-05725;*

*Schultze Agency Services, LLC, o/b/o Tweeter Opco, LLC, et al. v. Technicolor SA, Ltd., et al., No. 13-cv-05668;*

*Sears, Roebuck and Co. and Kmart Corp. v. Technicolor SA, No. 3:13-cv-05262;*

*Target Corp. v. Technicolor SA, et al., No. 13-cv-05686;*

*Tech Data Corp., et al. v. Hitachi, Ltd., et al., No. 13-cv-00157*

*ViewSonic Corporation, v. Chunghwa Picture Tubes, Ltd., et al., 3:14cv-02510.*

Despite Thomson's Objections to the Special Master's July 22 Recommended Order, Dkt. 3930, and the Court's Notice that it intends to issue an order regarding those objections, Dkt. 3951, DAPs have proceeded to notice a Rule 30(b)(6) deposition on August 31, 2015. *See* Opp'n, Dkt. 3989 at 3. Fearing such a maneuver, Thomson filed this Emergency Motion to Stay to clarify its obligations and ensure it has every opportunity to contest the Special Master's erroneous decision before both this Court and, if necessary, the Court of Appeals. Notably, DAPs make no attempt to defend the merits of the Special Master's ruling or acknowledge the gravity of the issue, even after a recent appellate ruling rebuffing similar attempts to invade the privileges that protect internal investigations. *See In re Kellogg Brown & Root, Inc.*, No. 14-5319, 2015 WL 4727411 at *12 (D.C. Cir. Aug. 11, 2015) ("KBR II") ("If all it took to defeat the privilege and protection attaching to an internal investigation was to notice a deposition regarding the investigations (and the privilege and protection attaching them), we would expect to see such attempts to end-run these barriers to discovery in every lawsuit in which a prior internal investigation was conducted relating to the claims."). Moreover, they do not explain why, contrary to their own refusal to comply with recommended orders pending objections,[1] they believe they are entitled to proceed with their untimely Rule 30(b)(6) deposition absent a court order—effectively denying Thomson the opportunity to have its objections to the Special Master's Recommended Order heard. DAPs' only response is to inaccurately malign Thomson's discovery efforts and request that they proceed as if their motion to compel were finally settled because it would be "helpful." *Id.*

Rather than address the serious concerns that Thomson and other courts have raised, DAPs simply continue their inappropriate campaign to discredit Thomson, despite its exemplary efforts to complete discovery obligations in a fraction of the time provided DAPs and other defendants. But make no mistake: it was DAPs who waited years to bring Thomson into this litigation and placed it in the untenable position of choosing to play catch up in discovery or proceed on a different trial track. Thomson successfully defeated DAPs' first inexcusably late

---

[1] On July 31, the Special Master issued a recommended order requiring DAPs to produce their settlement agreements "within five (5) business days." *See* Dkt. 3941. Yet DAPs have not produced a single agreement to date.

| THOMSON DEFENDANTS' REPLY IN SUPPORT OF THEIR EMERGENCY MOTION TO STAY | 1 | No. 07-5944-SC; MDL No. 1917 |

attempts to drag it into this litigation. *See* Dkt. 1958 (denying DAPs' Motion to Amend to add Thomson) Dkt. 1960 (granting Motion to Dismiss Sharp's Complaint). And when DAPs' simply refiled their claims in separate actions, Thomson reasonably believed that it would also succeed in dismissing those claims and avoid spending millions of dollars in discovery and defense of the case and sought to stay discovery while its motions to dismiss were pending—a motion the Court granted. *See* Special Master's August 1, 2013 Order Staying Discovery, Dkt. 1820 (noting it is hardly atypical for parties or courts to postpone discovery until after motions to dismiss have been resolved). After the Court allowed DAPs' claims to proceed, Thomson immediately began the unenviable task of catching up to the massive discovery that was already drawing towards a close. Within one year of the Court's order, Thomson diligently responded to multiple sets of discovery requests, produced hundreds of thousands of pages of documents, and defended ten depositions— far more than any other party did in the same period. Thomson's "resistance" constituted its refusal to violate French law by producing documents subject to the French blocking statute (something the Court acknowledged even in requiring production of those documents, *see* Dkt. 2945 at 8) absent a Court order,[2] and its current efforts to protect attorney-client communications and opinion work product. Given DAPs' unexplained delay in bringing their claims against Thomson, it cannot be faulted for exercising its legal rights—rights other parties had ample time to assert over the course of several years.

Returning to the merits of the motion to stay: Thomson will unquestionably be irreparably harmed if it is improperly required to disclose privileged materials or communications, *see Admiral Ins. Co. v. U.S. Dist. Ct. for the Dist. of Ariz.,* 881 F.2d 1486, 1491 (9th Cir. 1989), and the public interest very much favors taking the time to get this important issue right, *see KBR II*, 2015 WL 4727411 at *12.  But aside from their now-routine invective, DAPs offer no reason why a slight additional delay would be harmful, especially in light of the gravity of the issues at stake. Trial dates have not been set, and the earliest trial will not commence for several months.  DAPs

---

[2] Nor is Thomson responsible for any delay caused by DAPs' belated efforts to depose former Thomson SA employees in France. As previously explained, those witnesses are outside of Thomson's control and refused to cooperate without an order from a French court.

1  have identified no particular trial preparations that will be delayed, nor any other specific reason
2  they will be worse off, if a stay is granted while Thomson exercises its legal rights.
3      Accordingly, Thomson respectfully requests that the Court grant its Emergency Motion
4  and stay the Special Master's July 22 Recommended Order and all subsequent related orders
5  pending final resolution of plaintiffs' motion to compel.

6  Dated: August 19, 2015                Respectfully submitted,

    /s/ Kathy L. Osborn
    Kathy L. Osborn (*pro hac vice*)
    Ryan M. Hurley (*pro hac vice*)
    Faegre Baker Daniels LLP
    300 N. Meridian Street, Suite 2700
    Indianapolis, IN  46204
    Telephone: +1-317-237-0300
    Facsimile: +1-317-237-1000
    kathy.osborn@FaegreBD.com
    ryan.hurley@FaegreBD.com

    Jeffrey S. Roberts (*pro hac vice*)
    Faegre Baker Daniels LLP
    3200 Wells Fargo Center
    1700 Lincoln Street
    Denver, CO  80203
    Telephone: +1-303-607-3500
    Facsimile:  +1-303-607-3600
    jeff.roberts@FaegreBD.com

    Stephen M. Judge (*pro hac vice*)
    Faegre Baker Daniels LLP
    202 S. Michigan Street, Suite 1400
    South Bend, IN  46601
    Telephone: +1 574-234-4149
    Facsimile:  +1 574-239-1900
    steve.judge@FaegreBd.com

    Calvin L. Litsey (SBN 289659)
    Faegre Baker Daniels LLP
    1950 University Avenue, Suite 450
    East Palo Alto, CA  94303-2279
    Telephone: +1-650-324-6700
    Facsimile: +1-650-324-6701
    calvin.litsey@FaegreBD.com

    **Attorneys for Defendants Thomson SA and**
    **Thomson Consumer Electronics, Inc.**