Brent Caslin (Cal. Bar. No. 198682)
Jenner & Block LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:     213 239-5100
Facsimile:      213 239-5199
bcaslin@jenner.com

Terrence J. Truax (*pro hac vice*)
Charles B. Sklarsky (*pro hac vice*)
Michael T. Brody (*pro hac vice*)
Gabriel A. Fuentes (*pro hac vice*)
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:     312 222-9350
Facsimile:      312 527-0484
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com

*Attorneys for Mitsubishi Electric Visual Solutions America, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:14-CV-2058-sc |
| | Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| This Document Relates to: *Crago, d/b/a Dash Computers, Inc., et al v. Mitsubishi Electric Corporation, et al., Case No. 14-cv-2058* | **MITSUBISHI ELECTRIC VISUAL SOLUTIONS AMERICA, INC.'S ANSWER TO DIRECT PURCHASER PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT AGAINST MITSUBISHI AND THOMSON** . |

Defendant Mitsubishi Electric Visual Solutions America, Inc. ("Defendant"), by and through its undersigned counsel, answers the Second Amended Direct Purchaser Plaintiffs' Class Action Complaint Against Mitsubishi Electric and Thomson (the "Complaint") and asserts affirmative defenses as follows.  Pursuant to Federal Rule of Civil Procedure 8(b)(3) and Civil Form 30, Defendant denies all the allegations in the Direct Purchaser Plaintiffs' ("Plaintiffs") Complaint, except those it specifically admits below.  To the extent the Complaint's allegations concern persons and/or entities other than Defendant, Defendant further denies that such allegations support any claim for relief against it.

### I. Paragraphs That Contain No Factual Allegations.

1. Paragraphs 28, 45, 49, 52, 57, 64, 72, 81, 83, and 86 do not contain factual allegations, but only provide abbreviated references to the alleged co-conspirators and their respective corporate entities by referring to each corporate family by one name.  Defendant contends that no further response is necessary.

2. Defendant recognizes that Plaintiffs incorporate all of the Complaint's allegations into Paragraph 220.  Defendant, by reference, incorporates all of its responses to the Complaint's allegations as if fully set forth herein.

3. Defendant admits that Plaintiffs demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b), as alleged in Section XIV of their Complaint.

### II. Allegations Admitted in Part and Otherwise Denied or for Which Defendant Lacks Knowledge or Information Sufficient to Form a Belief About Their Truth.

4. Defendant recognizes that Plaintiffs bring this action on behalf of a class of purchasers who allege they directly purchased Cathode Ray Tube ("CRT") or Cathode Ray Tube Product ("CRT Products") between March 1, 1995 and November 25, 2007.  Defendant admits

that the Court granted Plaintiffs' motion for class certification on July 8, 2015. (Dkt. 3902.) Defendant otherwise denies any remaining allegations in Paragraph 1.

5.  Defendant admits the allegation in Paragraph 3 that the European Commission levied a fine of €38.6 million against Technicolor SA, based on records in the public domain. Defendant denies that it has ever been investigated by any government authorities for any involvement in the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3.

6.  Defendant asserts that the use of the terms "CPTs," "CDTs," "CPT Products," "CDT Products," and "CRT Products," as defined in Paragraph 4, improperly conflates numerous distinct and non-substitutable products (of, among other things, various sizes, qualities, uses, technologies, and products at different points in the production chain), and renders the Complaint's allegations indefinite and uncertain. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4.

7.  Defendant admits the allegation in Paragraph 10 that government authorities in the United States and other countries have commenced investigations of the CRT industry, the details of which are a matter of public record. Defendant admits that an indictment was issued against C.Y. Lin, of Chunghwa Picture Tubes, Ltd., the details of which are a matter of public record. Defendant admits that other individuals have been indicted by the United States Department of Justice ("DOJ"), the details of which are a matter of public record. Defendant denies that it has ever been investigated by any government authorities for any involvement in

the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10.

8. Defendant admits the allegation in Paragraph 11 that in March 2011, Samsung SDI Company, Ltd. paid a $32 million criminal fine to the United States, the details of which are a matter of public record. Defendant denies that it has ever been fined by any government authorities for any involvement in the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11.

9. Defendant admits the allegation in Paragraph 13 that this case is related to *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13.

10. Defendant admits the allegation in Paragraph 14 that Plaintiffs bring this action to obtain injunctive relief and to recover damages for alleged violations of Section 1 of the Sherman Act (15 U.S.C. § 1). Defendant denies that Plaintiffs are entitled to any relief under that statute.

11. Defendant admits the allegation in Paragraph 15 that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1367.

12. Defendant admits the allegation in Paragraph 16 that venue is proper in the Northern District of California pursuant to 15 U.S.C. §§ 1331, 1337(a), and 1367.

13.     Defendant admits the allegation in Paragraph 17 that Plaintiff Crago, d/b/a Dash Computers, Inc., is a Kansas corporation with its principal place of business in Merriam, Kansas. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17.

14.     Defendant admits the allegation in Paragraph 18 that Plaintiff Arch Electronics, Inc. is a Pennsylvania corporation with its principal place of business in Glenside, Pennsylvania. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18.

15.     Defendant admits the allegation in Paragraph 19 that Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. are Michigan corporations with their principal place of business in Grand Rapids, Michigan.  Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19.

16.     Defendant admits the allegation in Paragraph 20 that Plaintiff Nathan Muchnick, Inc. was a Pennsylvania corporation and had its principal place of business in Philadelphia, Pennsylvania.  Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20.

17.     Defendant admits the allegation in Paragraph 21 that Plaintiff Princeton Display Technologies, Inc. is a New Jersey corporation with its principal place of business in Princeton, New Jersey.  Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21.

18.     Defendant admits the allegation in Paragraph 22 that Plaintiff Radio & TV Equipment, Inc. is a business headquartered in Fargo, North Dakota.  Defendant otherwise

denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22.

19.     Defendant admits the allegation in Paragraph 23 that Plaintiff Studio Spectrum, Inc. is a California business with its principal place of business in Burbank, California. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23.

20.     Defendant admits the allegation in Paragraph 24 that Plaintiff Wettstein and Sons, Inc., d/b/a Wettstein's, is a Wisconsin corporation with its principal place of business in La Crosse, Wisconsin. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24.

21.     Defendant admits the allegation in Paragraph 29 that Mitsubishi Electric Corporation ("MELCO") is a Japanese corporation located at 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan. Defendant recognizes that for the purposes of their Complaint Plaintiffs refer to MELCO as "Mitsubishi Electric Japan," but Defendant denies that this is the name of any entity named as a Defendant in this case. Defendant denies that MELCO is a Fortune Global 500 Company that was ranked 214 in 2011 and that had combined net sales of over $44 billion in 2012. Defendant admits that MELCO purchased CRTs from other CRT manufacturers. Defendant also admits that MELCO has subsidiaries operating in the United States, Mexico, and Canada, and that MELCO or its subsidiaries manufactured CRTs in factories in Japan, Mexico, and Canada. Defendant denies that MELCO had CRT manufacturing subsidiaries operating in Taiwan. Defendant denies the remaining allegations in Paragraph 29.

22.     With respect to Paragraph 30, Defendant avers that Mitsubishi Electric & Electronics USA, Inc. legally changed its corporate name to Mitsubishi Electric US, Inc.

("MEUS"). Defendant recognizes that for the purposes of their Complaint Plaintiffs refer to MEUS as "Mitsubishi Electric USA," but denies that this is the name of any entity named as a Defendant in this case. Defendant admits that MEUS is incorporated in the United States and is located at 5900-A Katella Ave., Cypress, California 90630-5019. Defendant admits that MEUS is a wholly owned indirect subsidiary of Defendant. Defendant denies that MEUS manufactured CRTs in Mexicali, Mexico and Ontario, Canada. Defendant asserts that the use of the term "CRT Products" conflates numerous distinct and non-substitutable products rendering the allegations regarding "CRT Products" indefinite and uncertain. Defendant denies that MEUS sold CRTs. Defendant denies the remaining allegations in Paragraph 30.

23. Defendant admits the allegation in Paragraph 31 that Mitsubishi Electric Visual Solutions America, Inc. ("MEVSA") is incorporated in the United States, but denies that MEVSA is located at the address identified in Paragraph 31. Defendant avers that MEVSA is located at 5900-A Katella Ave., Cypress, California 90630-5019. Defendant recognizes that for the purposes of their Complaint, Plaintiffs refer to MEVSA as "Mitsubishi Digital," but denies that this is the name of any entity named as a Defendant in this case. Defendant admits that MEVSA is wholly owned by Defendant. Defendant asserts that the use of the term "CRT Products" conflates numerous distinct and non-substitutable products rendering the allegations regarding "CRT Products" indefinite and uncertain. Defendant denies the remaining allegations in Paragraph 31.

24. Defendant recognizes that, as described in Paragraph 32, Plaintiffs refer collectively to MELCO, MEUS, and MEVSA as "Mitsubishi" for the purposes of their Complaint. Defendant denies that MELCO, MEUS, and MEVSA can be considered one entity.

25. With respect to Paragraph 92, Defendant recognizes that Plaintiffs bring this action on behalf of a class of purchasers who allege they directly purchased Cathode Ray Tube ("CRT") or Cathode Ray Tube Product ("CRT Products") between March 1, 1995 and November 25, 2007. Defendant admits that the Court granted Plaintiffs' motion for class certification on July 8, 2015. (Dkt. 3902.) Defendant otherwise denies any remaining allegations in Paragraph 92.

26. With respect to Footnote 1 to Paragraph 92, Defendant recognizes that the Court ordered Plaintiffs to "specifically identify the 'affiliate[s]' in the class definition (and class notice) to enable the parties and class members to better determine who is in the class." (Dkt 3902, at 15-16.) Defendant denies that "NEC-Mitsubishi Electric Visual Systems Corporation," "NEC-Mitsubishi Electronics Display of America, Inc.," and/or "NM Visual Systems de Mexico S. A. de C.V." (collectively, "NMV entities") are subsidiaries or affiliates of Defendant or any party or entity alleged to be a co-conspirator in the alleged conspiracy related to CRTs or CRT products. Answering further, during the alleged class period, these NMV entities were not owned or controlled by Defendant. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth or accuracy of the list of other "subsidiaries and affiliates" contained in Footnote 1 to Paragraph 92.

27. With respect to Paragraph 99, Defendant admits that Plaintiffs have retained competent counsel. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 99.

28. Defendant recognizes that the allegations in Paragraphs 106-113, 115, and 117-120 purport to describe CRT technology, demand for CRTs, the CRT market, and/or the CRT industry, but asserts that such descriptions are inaccurate, confusing, and misleading.

Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the above Paragraphs.

29. With respect to Paragraph 154, Defendant admits that Plaintiffs paraphrase Samsung SDI's responses to interrogatories, but Defendant denies that it participated in any conspiracy or attended meetings at which a conspiracy was discussed.

30. Defendant admits the allegation in Paragraph 192 that the European Commission, Japan, and South Korea's Fair Trade Commission have investigated the CRT industry based on information in the public domain, but denies that Defendant has been the subject of any such investigation. Defendant denies that it has ever been investigated by any government authorities for any involvement in the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 192.

31. Defendant admits the allegation in Paragraph 194 that the Hungarian Competition Authority announced its own investigation into the CRT industry, the details of which are a matter of public record. Defendant denies that it has been the subject of any such investigation. Defendant denies that it has ever been investigated by any government authorities for any involvement in the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 194.

32. Defendant admits the allegation in Paragraph 195 that on February 10, 2009 the DOJ issued a press release announcing that a federal grand jury in San Francisco returned a two-

count indictment against C.Y. Lin, the content of which is a matter of public record. Defendant denies that it has ever been investigated by any government authorities for any involvement in the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 195.

33.     Defendant admits the allegation in Paragraph 196 that on August 19, 2009, the DOJ issued a press release announcing that a federal grand jury in San Francisco returned a one-count indictment against Wu Jen Cheng a/k/a Tony Cheng, the content of which is a matter of public record. Defendant denies that it has ever been investigated by any government authorities for any involvement in the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 196.

34.     Defendant admits the allegation in Paragraph 197 that on March 30, 2010, the DOJ issued a press release announcing that a federal grand jury in San Francisco returned a one-count indictment against Chung Cheng Yeh a/k/a Alex Yeh, the content of which is a matter of public record. Defendant denies that it has ever been investigated by any government authorities for any involvement in the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 197.

35. Defendant admits the allegation in Paragraph 198 that on November 9, 2010, the DOJ issued a press release announcing that a federal grand jury in San Francisco returned a one-count indictment against Seung-Kyu Lee a/k/a Simon Lee, Yeong-Ug Yang a/k/a Albert Yang, and Jae-Sik Kim a/k/a J.S. Kim, the content of which is a matter of public record. Defendant denies that it has ever been investigated by any government authorities for any involvement in the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 198.

36. Defendant admits the allegation in Paragraph 199 that on March 18, 2011, the DOJ issued a press release announcing that it had reached an agreement with Samsung SDI in which it would plead guilty and pay a $32 million fine for its role in a conspiracy to fix prices of CDTs, the content of which is a matter of public record. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 199.

37. Defendant admits the allegation in Paragraph 201 that Samsung SDI's plea agreement, the content of which is a matter of public record, requires Samsung SDI to cooperate in the DOJ's ongoing investigation involving the manufacture or sale of CDTs and CPTs. Defendant denies that it has ever been investigated by any government authorities for any involvement in the alleged conspiracy related to CRTs and further denies that any of its directors, officers, or employees have ever been indicted in connection with the alleged conspiracy.

38. Defendant admits the allegation in Paragraphs 146 and 202 that the European Commission fined seven companies in connection with an alleged conspiracy to fix CRTs based

on information in the public domain. Defendant denies that it has ever been investigated or fined by any government authorities for any involvement in the alleged conspiracy related to CRTs. Defendant otherwise denies or lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 146 and 202.

39.   Defendant admits the allegation in Paragraph 244 that since November 7, 2011, Plaintiffs have been parties to a tolling agreement with Defendant, MEUS, and MELCO. Defendant admits that the Agreement tolled the limitations periods for all claims that Plaintiffs could have asserted against Defendant, MEUS, and MELCO as of the Agreement's effective date. The Agreement ended no later than May 5, 2014, the date Plaintiffs filed this Complaint.

40.   With respect to Paragraph 245, Defendant recognizes that on March 13, 2014, this Court ruled that certain Direct Action Plaintiffs' claims were tolled under 15 U.S.C. § 16. Dkt. No. 2439. Notwithstanding that ruling, Defendant denies that the Plaintiffs' claims are tolled under 15 U.S.C. § 16.

**III.   Allegations for Which Defendant Lacks Knowledge or Information Sufficient to Form a Belief About Their Truth.**

41.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the following Paragraphs and any of their subparts: 25-27, 33-34, 39-44, 46-48, 50-51, 53-56, 58-63, 65-71, 73-80, 82, 84-85, 87-88, 178-180, 183-184, 193, 204-208, 210-211, 213, 215-217, and 243.

**IV.   Allegations Which Defendant Denies Insofar as They Relate to Defendant and Allegations for Which, to the Extent They Relate to Plaintiffs or Other Defendants, Defendant Lacks Knowledge or Information Sufficient to Form a Belief About Their Truth.**

42.   Insofar as the allegations in the following Paragraphs or their subparts relate to Defendant, Defendant denies them: 2, 5-9, 12, 35, 36-38, 89-91, 94-98, 100-105, 114, 116, 121-

145, 147-153, 155-177, 181-182, 185-191, 200, 203, 209, 212, 214, 218-219, 221-242, and 246. To the extent the above Paragraphs relate to Plaintiffs or other Defendants, Defendant lacks knowledge or information sufficient to form a belief about their truth.

43.   Defendant denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief.  Defendant further denies that Plaintiffs suffered any injury or incurred any damages as a result of any act or omission of Defendant as alleged in the Complaint, and further denies that Plaintiffs are entitled to any relief under any theory by means of the allegations set forth in the Complaint.  All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, Defendant asserts the following additional and/or affirmative defenses to Plaintiffs' Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitation)

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the applicable statute(s) of limitations.

## SECOND AFFIRMATIVE DEFENSE

### (Withdrawal)

To the extent any actionable conduct occurred for which Defendant is liable, some or all of Plaintiffs' claims against Defendant are barred because Defendant withdrew from and/or abandoned any alleged conspiracy prior to the commencement of the limitations period set forth in applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

**(Foreign Sales)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if any, based on sales outside of the United States and the conduct alleged by Plaintiffs has not had a direct, substantial, and reasonably foreseeable effect on trade or commerce which is not trade or commerce with foreign nations, or on import trade or import commerce with foreign nations, as required to support a claim under the Foreign Trade Antitrust Improvement Act, 15 U.S.C. § 6a.

## FIFTH AFFIRMATIVE DEFENSE

**(Set Off)**

Without admitting that plaintiffs are entitled to recover damages in this matter, Defendant is entitled to set off from any recovery Plaintiffs may obtain against Defendant any amount paid to Plaintiffs by any other Defendants.

## SIXTH AFFIRMATIVE DEFENSE

**(Reservation of Rights to Assert Additional Defenses)**

Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may become available or apparent during discovery proceedings. Defendant further reserves the right to amend its Answer and/or its defenses accordingly, and/or to delete defenses that it determines are not applicable during the course of discovery.

**WHEREFORE,** Defendant prays as follows:

1. That Plaintiffs take nothing by way of the Complaint and the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of Defendant and against Plaintiffs on each and every claim for relief set forth in the Complaint;

3. That Defendant recover its costs of suit and attorneys' fees incurred herein; and

4. That Defendant be granted such other and further relief as this Court deems just and proper.

1

2  Respectfully submitted,

3  *Mitsubishi Electric Visual Solutions America, Inc.*

4  Dated:  August 20, 2014

   By: /s/ Terrence J. Truax_____
       Terrence J. Truax

5

6  Terrence J. Truax (*pro hac vice*)
   Charles B. Sklarsky (*pro hac vice*)
7  Michael T. Brody (*pro hac vice*)
   Gabriel A. Fuentes (*pro hac vice*)
8  JENNER & BLOCK LLP
   353 North Clark
9  Chicago, Illinois 60654-3456
   Telephone: (312) 222-9350
10 Facsimile:  (312) 527-0484
   ttruax@jenner.com
11 mbrody@jenner.com

12 Brent Caslin (Cal. Bar. No. 198682)
   JENNER & BLOCK LLP
13 633 West Fifth Street
   Suite 3600
14 Los Angeles, California 90071
   Telephone:   (213) 239-5100
15 Facsimile:    (213) 239-5199
   bcaslin@jenner.com
16

17 *Attorneys for Mitsubishi Electric Visual Solutions America, Inc.*

18

19

20

21

22

23

24

25

26

27

28

MEVSA'S ANSWER TO DPPs' SECOND AMENDED CLASS ACTION COMPLAINT
Case No. 14-cv-02058 SC

16