# EXHIBIT C

(REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED)

**KIRBY** **McINERNEY LLP**

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM

Of counsel
 Roger W. Kirby
 Alice McInerney

November 21, 2014

**VIA EMAIL**

The Hon. Vaughn R. Walker
Law Office of Vaughn Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
T: (415) 871-2888
F: (415) 871-2890

Re:    *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
       *Motion to Compel Toshiba Defendants to Authenticate Documents*

Dear Judge Walker:

      On behalf of the IPPs and certain DAP Plaintiffs, I write in reply to Toshiba's letter of November 14, and in further support of Plaintiffs' motion to compel Toshiba to authenticate documents. Your Honor recently recognized that, "counsel for Toshiba has treated the discovery rules and its obligations thereunder in a cavalier fashion. Such conduct should not be rewarded." (Nov. 20, 2014 Order at 3.) Toshiba's response to Plaintiffs' authentication requests is yet another example of "Toshiba's repeated flouting of its discovery obligations." (*Id.* at 4.)

      Toshiba's opposition – arguing that Toshiba should not be compelled to re-consider whether its documents are business records because all Toshiba agreed to do was "<u>indicate</u> whether they will agree the documents in question[] are business records" (Lau Ltr. at 4 (emphasis added)) – confirms that Toshiba has not acted in good faith. And even more strained than Toshiba's interpretation of its obligations under the parties' agreement is its interpretation of the business records rule. Because Toshiba has not, and cannot, justify its failure to provide a good-faith response concerning whether the itemized documents are business records, Plaintiffs' motion to compel Toshiba to engage in a re-review of the documents in question should be granted.

      **I.**    **This Dispute Is Justiciable**

      We address only briefly Toshiba's characterization of Plaintiffs' motion as seeking "an impermissible advisory opinion." Plainly, an order requiring a further response from Toshiba is not advisory. *See, e.g.*, *James v. UMG Recordings, Inc.*, No. 11-c-1613 SI, 2013 WL 5402045, at *2 (N.D. Cal. Sept. 26, 2013) (granting in part motion to compel further response to Requests for Admission); *Logtale, Ltd. v. IKOR, Inc.*, No. 11-cv-0542 CW, 2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013) (requiring supplemental interrogatory responses).

**KIRBY McINERNEY LLP**

      To the extent that Toshiba is instead standing on its interpretation of the parties' stipulation as requiring Toshiba to do nothing more than "indicate" whether the itemized documents are business records – with no requirement that Toshiba undertake its analysis in good faith – that argument, too, requires little analysis.  It is undisputed that the parties' stipulation arose out of, and was an attempt to resolve, a discovery dispute.  Plaintiffs were entitled to assume that Toshiba would act in good faith and would provide a reasonable and complete response, as "the discovery process is subject to the overriding limitation of good faith." *Rodriguez v. Barrita, Inc.*, No. 09-04057 RS-PSG, 2011 WL 4021410, at *2 (N.D. Cal. Sept. 9, 2011) (alterations omitted) (ordering party to provide supplement RFA responses for failure to conduct a reasonable inquiry, even where "the party's answer literally complies with the rule").  Indeed, it is Toshiba's obvious lack of good faith that prompted Plaintiffs to seek to have Toshiba re-review its responses, rather than respond to the originally-propounded Requests for Admission, as Plaintiffs continue to believe that the parties' agreed-upon compromise can and should work to the benefit of all parties and the Court.  That Toshiba appears to be arguing that the motion should be denied because Plaintiffs have sought to compel the less-burdensome option for Toshiba only underlines the difficulties with Toshiba's position.

## II.     Toshiba Has Improperly Applied the Business Records Exception

      As Plaintiffs explained in their moving papers, many of the documents that Toshiba was asked to review are quintessential business records, including, for example, a widely-distributed ▮▮▮▮▮▮▮▮ attached as Exhibit B to Plaintiffs' opening letter-brief.

      Toshiba fails in its efforts to justify its responses as a proper application of the business records exception under Fed. R. Evid. 803(6).  So, for example, Toshiba claims that documents that "were isolated or unique" do not satisfy "the requirement that 'the record was kept in the course of a regularly conducted activity of a business'" (Lau Ltr. at 5), but "frequency need not be the only consideration when analyzing the meaning of 'routinely' and 'in the regular course of business.'" *Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1047 (9th Cir. 1999).

      Toshiba next claims that documents are not business records where "there was no indication that one of the Toshiba Defendants required the document to be maintained," "thus, not satisfying the requirement that 'making the record was a regular practice of that activity.'" (Lau Ltr. at 5.)  Toshiba, however, cites no authority for the proposition that there must be a document <u>retention</u> policy in place in order for a document to be a business record, and by its plain language, Fed. R. Evid. 803(6) requires only that "making" the record be a regular practice.  And a document labeled on its face a ▮▮▮▮▮▮▮▮ is necessarily made regularly, and, as the document was produced in this litigation, it obviously was retained.

      Regarding hearsay-within-hearsay, that a document contains hearsay-within-hearsay does not mean that it is not a business record within the meaning of Fed. R. Evid. 803(6).[1]  Rather, in

---

[1]     Plaintiffs note, for the record, that they understand from Toshiba's response that with respect to Plaintiffs' Ex. A, Toshiba concedes that "in the email, Mr. Yamamoto conveys information that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (Lau Ltr. at 6.)  That is, in claiming that they did not agree that this document is a business record on the basis that it contains "information obtained from an outsider" (Lau Ltr. at 6), Toshiba has admitted that the e-mail reflects information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**KIRBY McINERNEY LLP**

such a case, while each level of hearsay must fall within an exception in order for a given document to be admitted into evidence in full, that can be done by way of multiple exceptions, *e.g.*, the business records exception combined with the party-opponent admission rule.  *See, e.g.*, *In re Denh Nhiet Chu*, No. 07-NV-1243, 2008 WL 8444805, at *8 (9th Cir. BAP 2008); *see also* Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").  Plaintiffs' requests for admission asked Toshiba only about the business records exception.  That Toshiba may one day argue that some portions of its business records contain hearsay-within-hearsay does not provide Toshiba with a basis now to deny the applicability of the business records exception to other portions of the documents.

In sum, Toshiba has not properly applied the business records exception, and it should be required to re-review its responses using the correct standard.

*    *    *

In closing, Toshiba suggests that it should not be compelled to re-review its documents because "Toshiba is committed to entering into appropriate stipulations with Plaintiffs on the authenticity and admissibility of documents – and thereby minimizing the burdens on the Court as well as on the parties – as this case moves closer to trial." (Lau Ltr. at 7.)  The Plaintiffs' trial exhibit lists are due in just two weeks, on December 5, and Plaintiffs are currently working on oppositions to numerous Summary Judgment Motions due on December 23.  If Toshiba truly wishes to minimize the burdens on the Court and on the parties, the time for Toshiba to provide an appropriate stipulation on documents is now, in accordance with the agreement reached by the parties and consistent with the law and rules of evidence.

Respectfully submitted,

/s/

ROBERT J. GRALEWSKI, JR.

3