Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc., et al. v. Hitachi, Ltd., et al.*, No. 11-cv-05513;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd. et al.*, No. 11-cv-06396;<br><br>*Costco Wholesale Corporation v. Hitachi, Ltd., et al.*, No. 11-cv-06397;<br><br>*Electrograph Systems, Inc. et al.* v. *Hitachi, Ltd. et al.*, No. 11-cv-01656;<br><br>*Interbond Corporation of America v. Hitachi, et al.*, No. 11-cv-06275; | **TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED AUGUST 6, 2015 RE DIRECT ACTION PLAINTIFFS' MOTION TO COMPEL TOSHIBA TO AUTHENTICATE DOCUMENTS** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  *Office Depot, Inc. v. Hitachi, Ltd., et al.*, No.11-cv-06276;

2

3  *P.C. Richard & Son Long Island Corporation, et al. v. Hitachi, Ltd., et al.*, No. 12-cv-02648;

4  *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 12-cv-02649;

5

6  *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.*, No. 13-cv-01173; and

7

8  *Tech Data Corporation, et al. v. Hitachi, Ltd., et al.*, No. 13-cv-00157.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED AUGUST 6, 2015
RE DIRECT ACTION PLAINTIFFS' MOTION TO COMPEL TOSHIBA TO AUTHENTICATE DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    The Toshiba Defendants respectfully request that this Court reject in its entirety the Special Master's Order re Direct Action Plaintiffs' Motion to Compel Toshiba to Authenticate Documents (Dkt. No. 3959) (the "Recommended Order").  The Recommended Order reads as if the Special Master adjudicated a "discovery dispute" between plaintiffs and the Toshiba Defendants under *Rule 36 of the Federal Rules of Civil Procedure*.  He did not.  As the title of the order indicates and the pleadings confirm, the plaintiffs sought an order requiring the Toshiba Defendants to "re-review" certain potential trial exhibits identified by the plaintiffs and apply *Rule 803(6) of the Federal Rules of Evidence* to those documents as the plaintiffs desired.

Rather than decide the motion before him, the Special Master re-formulated it as a "motion to compel responses to requests for admission."  But that was not the motion briefed.  Although this dispute began with plaintiffs serving more than *6,839 requests for admission* involving 977 documents, by the time the motion was filed the plaintiffs no longer sought responses to their requests and, as explained below, the plaintiffs chose *not* to move compel responses to their requests *for strategic reasons*.  The motion before the Special Master was not a discovery dispute; instead, it was an evidentiary dispute over potential trial exhibits.

If the Special Master thought that this odd request was outside of his authority as a discovery master, he should have declined to rule on it.  What he did, *i.e.*, transform it into a discovery motion (including even *changing the name of the motion itself*) and grant relief neither requested nor contemplated, was outside of his authority.

**Background**.  On August 1, 2014, plaintiffs served requests for admission.  *See* Ex. B, Att. 2.  Attached to them was a list of 977 documents, many of which had been produced by a plaintiff, a third party, or a non-Toshiba Defendant.  *Id.*  Request nos. 1-7 sought the Toshiba Defendants' admission that each of the 977 documents was authentic and satisfied the business-records exception to the rule against hearsay embodied in Rule 803(6).  *Id.*  The Toshiba Defendants served their objections and responses and, over the ensuing weeks, the parties met and conferred.  During the negotiations, the plaintiffs whittled down their list of documents and *dropped* their request that the Toshiba Defendants respond to the requests for

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED AUGUST 6, 2015
RE DIRECT ACTION PLAINTIFFS' MOTION TO COMPEL TOSHIBA TO AUTHENTICATE DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
2

admission. *See* Ex. B, Att. 3 ("We're willing to take the anxiety out of the specific RFAs and permit the defendant to either stipulate or offer a declaration that the above documents (or some subset) are authentic and are business records, plain and simple."); *see also* Ex. A at 1 ("Plaintiffs . . . allowed each Defendant to respond by stipulation instead of formal discovery responses"). Ultimately, the parties crafted a bilateral procedure divorced from the requests, *i.e.*, *each side* would review 94 documents identified by the other side, and state "whether they will stipulate that any such documents are authentic and, separately, that any such documents are business records . . . ." *See* Ex. B, Att. 1.

On October 17, 2014, the parties exchanged the results of their review. *See* Ex. B, Atts. 6 & 7. Of the 94 documents, the Toshiba Defendants were willing to stipulate that 93 were authentic and that 3 met each of the requirements Rule 803(6). *Id*. The plaintiffs' responses varied. For example, Costco admitted that both of its selected documents satisfied Rule 803(6) while Sharp admitted that only 3 of its 9 documents did so. *Id*. The plaintiffs were dissatisfied with the Toshiba Defendants' response; however, at no time did the plaintiffs complain that the Toshiba Defendants did not comply with Rule 36. And for good reason: neither side contemplated reviewing documents under that rule. Additional efforts to resolve the dispute were unsuccessful, and the plaintiffs filed the current motion. *See* Ex. A. Rather than moving to compel responses to their requests for admission, the plaintiffs made the strategic decision to move for an order directing the Toshiba Defendants to "re-review" documents and apply Rule 803(6) as the plaintiffs had. *Id*.

The Toshiba Defendants filed an opposition to the motion. *See* Ex. B. In the plaintiffs' reply, they explained that the motion as framed was the result of a strategic decision. *See* Ex. C at 2 ("Indeed, it is Toshiba's obvious lack of good faith that prompted Plaintiffs to seek to have Toshiba re-review its responses, *rather than respond to the originally-propounded Requests for Admission . . . .*") (emphasis added).

**Recommended Order**. This Court should reject the Recommended Order because the Special Master discarded the plaintiffs' strategic decision and converted their motion to one involving requests for admission: "it is more accurately a motion to compel Toshiba to

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED AUGUST 6, 2015
RE DIRECT ACTION PLAINTIFFS' MOTION TO COMPEL TOSHIBA TO AUTHENTICATE DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

respond to requests for admission regarding the applicability of the business records exception of FRE 803(6) to 91 documents Toshiba produced in this litigation." Ex. D at 2. This statement is incorrect for three reasons: (1) the plaintiffs did *not* move to compel responses to requests for admission; (2) not all of the 91 documents *were* produced by the Toshiba Defendants; and (3) not all of the 91 documents *were even subject to the requests for admission*. *Compare* Ex. B, Att. 6 at Att. A *with* Ex. B, Att. 2 at Ex. A. In reality, after plaintiffs served their requests for admission, the parties crafted a different, bilateral procedure for settling potential trial exhibit evidentiary issues which was explicitly decoupled from the requests.

And the proof is in the pleadings. The plaintiffs (i) never mention the requests as a basis for their motion, (ii) fail to even provide the requests to the Special Master, (iii) repeatedly state the "precise" relief they seek is document "re-review," and (iv) stress the importance of the resolution of these evidentiary issues prior to filing their trial exhibit list. *See* Exs. A & C.

Because this is a dispute about the proper application of a rule of *evidence*, the Special Master's repeated citations to Rule 36 and the Toshiba Defendants' obligations under it are misplaced. The Special Master criticizes the Toshiba Defendants for failing to comply with Rule 36(a)(4) (*see* Ex. D at 6-7, 8), even though the parties created an entirely different mechanism for resolving evidentiary issues apart from the requests.

The Special Master's treatment of the Toshiba Defendants' statement in their opposition about the personal-knowledge prong of Rule 803(6) highlights the discordance between the parties' actual dispute and his analysis under Rule 36. In their opposition, the Toshiba Defendants stated that the "personal knowledge" requirement was not satisfied for some documents because their author was unknown. *See* Ex. B at 5. The Special Master took this statement as some sort of dodge under Rule 36 and deemed it "inadequate." *See* Ex. D at 6-7 ("Rule 36 prohibits a party from giving 'lack of information or knowledge as a reason for failure to admit or deny' unless the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny . . . . *Toshiba's assertion that some documents were not authored by a Toshiba employee or the*

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED AUGUST 6, 2015
RE DIRECT ACTION PLAINTIFFS' MOTION TO COMPEL TOSHIBA TO AUTHENTICATE DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
4

1  *authorship is unknown is an inadequate response*.") (emphasis added).  Not only does the
2  Special Master simply assume that the Toshiba Defendants did *not* inquire as to the
3  authorship of each document, but also he treats the Toshiba Defendants' statement as if it
4  were *itself* a response under Rule 36(a)(4).  But it was not.

5       Substantively, the Toshiba Defendants stand by their interpretation of Rule 803(6) and
6  its application to the 94 documents.  *See, e.g.*, *U.S. v. Cone*, 714 F.3d 197, 220 (4th Cir. 2013)
7  (e-mails must satisfy 803(6)(B) & (C)); *ADT Sec. Servs. v. Sec. One Int'l, Inc.*, No. 11-CV-
8  5149 YGR, 2013 WL 4766401, at *2-3 (N.D. Cal. Sept. 5, 2013) ("Rule 803(6) does not
9  cover records based on information obtained from an outsider"); *Park West Radiology v.
10 Carecore Nat'l LLC*, 675 F. Supp. 2d 314, 333 (S.D.N.Y. 2009) (e-mails not business records
11 when the authors under no obligation to create them); *Flanagan v. Allstate Ins. Co.*, No. 01 C
12 1541, 2008 WL 4561543, at *2 (N.D. Ill. May 21, 2008) (knowledge requirement not met").
13 Reasonable people could differ on Rule 803(6)'s application to certain documents, and courts
14 continue to struggle with its application to e-mails.  It should not be surprising that the
15 plaintiffs took a more expansive view of Rule 803(6) than the Toshiba Defendants did,
16 particularly when many of the documents the plaintiffs selected "go [to] the heart and soul" of
17 their case.  Ex. A at 2.  Consequently, there is no support for the Special Master's statement
18 that the parties "premised their stipulation upon a consistent and reciprocal application of the
19 legal standard for Rule 803(6) determinations."  Ex. D at 7.  The parties never agreed to such
20 a premise, and the plaintiffs never asserted that one existed.

21      The Special Master attaches significance to the *percentage* of documents to which the
22 Toshiba Defendants stipulated compared with certain plaintiffs, but this comparison is
23 arbitrary.  The Toshiba Defendants chose plaintiffs' documents that should satisfy Rule
24 803(6); on the other hand, the plaintiffs identified documents that "go [to] the heart and soul"
25 of their case.  Ex. C at 2.

26      **Conclusion**.  At bottom, this is not a discovery dispute.  It is an evidentiary dispute
27 about potential trial exhibits, and the Special Master cannot transform it into one within his
28 bailiwick.  For these reasons, this Court should reject the Recommended Order in its entirety.

As the Toshiba Defendants stated in their opposition, "Toshiba is committed to entering into appropriate stipulations with Plaintiffs on the authenticity and admissibility of documents — and thereby minimizing the burdens on the Court as well as on the parties — as this case moves closer to trial." Ex. B at 7. That remains true; and, as the trial in *Sharp Electronics Corp., et al. v. Hitachi Ltd., et al.,* No. 13-cv-01173, approaches, the Toshiba Defendants expect to engage in meaningful and productive discussions with Sharp on pretrial evidentiary issues. In fact, to resolve the current dispute, the Toshiba Defendants withdraw their opposition to the plaintiffs' "alternative" relief as set forth in their motion (Ex. A at 1), and are amenable to allowing the plaintiffs to strike their responses to the Toshiba Defendants' request to stipulate that certain documents are authentic and are business records.

Dated: August 20, 2015

Respectfully submitted,

**WHITE & CASE LLP**

By: */s/ Dana E. Foster*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED AUGUST 6, 2015
RE DIRECT ACTION PLAINTIFFS' MOTION TO COMPEL TOSHIBA TO AUTHENTICATE DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

**CERTIFICATE OF SERVICE**

    On August 20, 2015, I caused a copy of "TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED AUGUST 6, 2015 RE DIRECT ACTION PLAINTIFFS' MOTION TO COMPEL TOSHIBA TO AUTHENTICATE DOCUMENTS" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 2, 2008.

                                                                         */s/ Dana E. Foster*
                                                                           Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005