# EXHIBIT A

(REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED)

**KIRBY McINERNEY LLP**

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM

Of counsel
  Roger W. Kirby
  Alice McInerney

October 29. 2014

**VIA EMAIL**

The Hon. Vaughn R. Walker
Law Office of Vaughn Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
T: (415) 871-2888
F: (415) 871-2890

Re:   *In re: Cathode Ray Tube (CRT) Antitrust Litigation*
      *Motion to Compel Toshiba Defendants to Authenticate Documents*

Dear Judge Walker:

I write on behalf of the Indirect Purchaser Plaintiffs ("IPPs") and the Direct Action Plaintiffs ("DAPs") (collectively "Plaintiffs") to move to compel the Toshiba Defendants ("Toshiba") to Authenticate Documents. To be more precise, Plaintiffs seek an order directing Toshiba to: (a) engage in a good faith re-review of certain documents Toshiba agreed to consider; and (b) apply the business record exception under Rule 803(6) in manner consistent with the way that Plaintiffs applied it when considering their own documents. In the alternative, Plaintiffs request permission to strike their responses to informal discovery requests made by Toshiba.

## SUMMARY OF DISPUTE

Prior to the close of discovery, Plaintiffs served RFAs seeking to have the Defendants admit the certain documents were authentic and qualified as business records. After considerable and productive meet and confer efforts, Plaintiffs dramatically reduced the number of documents that they sought to have each Defendant review and allowed each Defendant to respond by stipulation instead of formal discovery responses. In the case of Toshiba, both Plaintiffs and Toshiba agreed to exchange 94 documents. Notably, all of the documents that Plaintiffs asked Toshiba to consider were produced by Toshiba.

Ultimately, Plaintiffs agreed to stipulate that the vast majority of the documents that Toshiba asked Plaintiffs to consider are business records. On the other hand, **Toshiba stipulated that three out of the 94 Toshiba documents it was asked to consider are business records.**

KIRBY **McINERNEY LLP**

      Plaintiffs immediately met and conferred with Toshiba. Toshiba indicated during the meet and confer that even if the parties discussed each document one-by-one, Toshiba was unlikely to change its mind as to any document. Toshiba instead has chosen to rely on hyper-technical and unfounded reasoning to stipulate to 3.1% of their own documents. For example, Toshiba argues that emails are not business records because – according to Toshiba's counsel – Toshiba's emails were not required to be maintained (even though the emails in question were). And conveniently for Toshiba, it asserts that any document discussing information obtained from a third party (like a competitor) contains hearsay and therefore is not a business record. These interpretations not only attempt to dance on the head of pin but if they really were the law would eviscerate Rule 803(6).

      On its face, admitting that only 3.1% of one's own documents are business records demonstrates bad faith.

**THE DOCUMENTS AT ISSUE ARE QUINTESENTIAL BUSINESS RECORDS**

      The majority of the documents at issue are business records poster children that go the heart and soul of Plaintiffs' cases. For example, in TSB-CRT-00041870-71 (attached as Exhibit A), one Toshiba employee reports to others within Toshiba that, ███████████████████ ███████████████████████████████████████████████████████ The author provides ███████████████████████████████████████████████████████████████████████████ In addition, TAEC-CRT-00089968-69 (attached as Exhibit B) is one example of ███████ ███████████████████████████████████████████████████ This particular document ███████████████████████████████████████████████████████████████████████████ ███████ The serial nature of Mr. Du's █████████████ is strong indicia that Mr. Du was engaged in a regularly conducted activity when writing his ███████

      There is ample legal support to find that these and other documents like them are business records. In *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574, the Court admonished the district court for applying a too-stringent standard for admissibility of business records and generally allowed the plaintiffs to admit most (but not all) of the memoranda, reports, and records from the defendants showing their conspiracy. Notably, Toshiba was one of the defendants and the Court held that "diaries" of a Toshiba executive were admissible because they regularly recorded notes of activity that took place at meetings. The Court also found that the regular practice requirement may be satisfied by the recording of a single meeting if the business in question routinely records other important meetings. Indeed, the Ninth Circuit has routinely admitted reports, meeting notes, and memoranda when the party seeking admission is not the drafting party and there is no reason to question their trustworthiness. *See Sana v. Hawaiian Cruises*, 181 F.3d 1041, 1046-47 (9th Cir. 1999).

**CONCLUSION**

      For the foregoing reasons, the Special master should recommend that the Toshiba Defendants re-review the 94 documents provided by IPPs and DAPs in good faith and in a

**KIRBY McINERNEY LLP**

manner consistent with the law.  In the alternative, IPPs and DPPs should be permitted to strike their responses to Toshiba's request to stipulate that certain of their own documents are business records.  Any other result would be manifestly unfair.

       Respectfully submitted,

        /s/

       ROBERT J. GRALEWSKI, JR.

3

# Attachments to Exhibit A Are Filed Under Seal