# EXHIBIT D

Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>DAPs v Toshiba | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE DIRECT ACTION PLAINTIFFS' MOTION TO COMPEL TOSHIBA TO AUTHENTICATE DOCUMENTS** |

The Direct Action Plaintiffs ("DAPs") move to compel the Toshiba defendants ("Toshiba") to respond to Requests for Admissions regarding the authenticity and applicability of the FRE 803(6) business record exception to 91 documents produced by Toshiba or in the alternative, to strike the DAPs' responses to informal discovery requests made by Toshiba.  In particular, the DAPs seek an order directing Toshiba to:  "(a) engage in a good faith re-review of certain documents Toshiba agreed to consider; and (b) apply the business record exception under Rule 803(6) in a manner consistent with the way that Plaintiffs applied it when considering their own documents."  10/29/14 Plaintiffs' Motion to Compel Toshiba Defendants to Authenticate Documents ("Plaintiffs' Motion") at 1.  Although the DAPs' motion is entitled a motion to compel Toshiba to authenticate documents, it is more accurately a motion to compel Toshiba to respond to requests for admission regarding the applicability of the business records exception of FRE 803(6) to 91 documents Toshiba produced in this litigation.

**I**

This dispute arises from Plaintiffs' First Set of Requests for Admission to the Toshiba defendants, specifically from the following Requests:

<u>**REQUEST FOR ADMISSION NO. 2:**</u>

Separately for each document identified in Exhibit A, Admit that the document is authentic and satisfies Fed. R. Evid. 901.

<u>**REQUEST FOR ADMISSION NO. 3:**</u>

Separately for each document identified in Exhibit A, Admit that the document was made at or near the time of the event reflected in the document.

<u>**REQUEST FOR ADMISSION NO. 4:**</u>

Separately for each document identified in Exhibit A, Admit that the document was made by someone with knowledge of the contents or event reflected in the document.

**REQUEST FOR ADMISSION NO. 5:**

Separately for each document identified in Exhibit A, Admit that the document was kept in the course of Your regularly conducted business.

**REQUEST FOR ADMISSION NO. 6:**

Separately for each document identified in Exhibit A, Admit that the document was prepared in the regular course of Your business.

**REQUEST FOR ADMISSION NO. 7:**

Separately for each document identified in Exhibit A, Admit that the document satisfies Fed. R. Evid. 803(6).[1]

During a meet and confer process, the parties agreed to exchange lists of 94 documents each, for consideration whether the documents were authentic and business records under FRE 803(6). The parties' agreement was memorialized in a Stipulation and Proposed Order filed 10/10/14, ECF No 2908. The 10/10/14 Stipulation is signed by counsel for Toshiba, Liaison Counsel for DAPs and counsel for the Indirect Purchaser Plaintiffs ("IPPs").[2] The 10/10/14 Stipulation provides that the parties agreed as follows:

1. By October 10, 2014, the plaintiffs will provide Toshiba Defendants and the Toshiba Defendants will provide Plaintiffs with a list of 94 documents produced by the other in this litigation;

2. Toshiba will review the Plaintiffs' list and inform Plaintiffs by October 17, 2014 whether they will stipulate that any such documents are authentic and are business records within the meaning of Federal Rule of Evidence 803(6);

---

[1] Attachment 2 to Toshiba's Opposition.

[2] The IPPs have withdrawn their joinder in this motion. *See* The Toshiba Defendants and Indirect Purchaser Plaintiffs' Stipulation and [Proposed] Order Withdrawing Pending Motions, ECF No 3796, filed 3/24/15.

3. Plaintiffs will do the same with the list of their documents provided by
   Toshiba;

4. The parties agree to extend Plaintiffs' deadline to file a motion to compel re
   Plaintiffs' First Set of Requests for Admission to October 24, 2013[3]; and

5. No response by Toshiba to Plaintiffs' list of 94 documents shall be deemed a
   response to any of the requests in the Plaintiffs' First Set of Requests for
   Admission.

According to the DAPs, they stipulated that "the vast majority of the documents that Toshiba asked Plaintiffs to consider are business records," but "Toshiba stipulated that three out of the 94 Toshiba documents it was asked to consider are business records." Plaintiffs' Motion at 1. Plaintiffs assert that during another meet and confer, Toshiba indicated it was unlikely to change its mind as to any document even if the parties discussed each document one-by-one. Moreover, Toshiba contended that its emails are not business records because "Toshiba's emails were not required to be maintained (even though the emails in question were)" and "any document discussing information obtained from a third party (like a competitor) contains hearsay and therefore is not a business record." Plaintiff's Motion at 2.

Plaintiffs provide examples of confidential documents that they contend are business records due to their focus on regularly conducted business meetings and weekly reports on competitor information. Plaintiffs cite *In re Japanese Electronic Products Antitrust Litigation*, 723 F2d 238 (3d Cir 1983), *rev'd on other grounds*, 475 US 574, for holding that diaries of a Toshiba executive were admissible "because they regularly recorded notes of activity that took place at meetings." Plaintiffs also cite Ninth Circuit authority for admissibility

---

[3] Toshiba did not raise the issue of the timeliness of plaintiffs' motion in its opposition and therefore that objection is deemed waived. Moreover, the undersigned finds that the interests of efficient case management, especially in a multi-district litigation of this complexity, and fair application of the rules of discovery warrant an extension of time for plaintiffs' motion and any untimeliness is excused for good cause shown.

of reports, meeting notes when "the party seeking admission is not the drafting party and there is no reason to question their trustworthiness": *Sana v Hawaiian Cruises*, 181 F3d 1041, 1046-47 (9th Cir 1999).

In opposition, Toshiba contends that they acted in good faith in considering each of the 94 documents and determining that 91 did not meet each of the requirements of Rule 803(6). Toshiba's Opposition at 1. Toshiba sets forth two reasons why the motion should be denied. First, Toshiba contends there is no case or controversy because it complied with obligations in the stipulation and never agreed to apply Rule 803(6) "in a manner consistent with the way that Plaintiffs applied it." *Id* at 3-4. Therefore, Toshiba argues, plaintiffs' motion seeks an advisory opinion. Second, even if its consideration of its documents under Rule 803(6) were reviewed, Toshiba "properly adhered to the requirement of Rule 803(6) in determining which of the 94 documents identified by the plaintiffs are business records within the meaning of that rule." *Id*.

## II

The court has authorized the undersigned as special master to resolve discovery disputes. *See* 12/17/13 Order Appointing Special Master for Discovery at 2-3, ECF No 2272. This motion arises out of a discovery dispute to compel responses to requests for admission which is well within the scope of the undersigned's authority to resolve. Toshiba's contention that there is no case or controversy is unpersuasive because the plaintiffs and Toshiba attempted but failed to resolve their discovery dispute by entering into the 10/10/14 Stipulation and Order. Because the stipulation has failed to achieve a reasonable and consistent application of FRE 803(6) as contemplated under that agreement, the discovery dispute remains alive as a motion to compel Toshiba to respond to plaintiffs' Request for Admission Nos 2 - 7 with respect to the 94 documents Toshiba produced and plaintiffs selected. This appears to the undersigned to be a justiciable discovery controversy.

According to the parties' submissions, a number of DAPs have admitted that a fair number of their documents are authentic business records. The gist of their complaint is that Toshiba has not applied the business records exception in a reciprocal fashion and therefore has only admitted that three of its documents are authentic business records.

Based on a careful review of the submissions, it appears that Toshiba's compliance with FRE Rule 803(6) deserves further analysis. For example, Toshiba contends generally that "[m]ost of the 94 documents identified by the Plaintiffs fail to satisfy one or more of these [FRE 803(6)] criteria." Toshiba's Opposition at 5. Toshiba gives four reasons why they did not consider their 91 documents to be business records:

(1) "[s]ome of the documents were not authored by a Toshiba employee or the author of the document is unknown (thus, not satisfying the 'someone with knowledge' requirement)";

(2) "[o]ther documents were isolated or unique (thus, not satisfying the requirement that 'the record was kept in the course of a regularly conducted activity of a business')";

(3) "[f]or other documents, there was no indication that one of the Toshiba Defendants required the document to be maintained (thus, not satisfying the requirement that 'making the record was a regular practice of that activity')"; and

(4) "there were several documents on the Plaintiffs' list that contained hearsay-within-hearsay." Toshiba's Opposition at 5.

With respect to authorship of Toshiba documents, since this is a discovery dispute arising out of plaintiffs' requests for admission, Toshiba has a duty to investigate the authorship of each of its 94 documents because Rule 36 prohibits a party from giving "lack of information or knowledge as a reason for failure to admit or deny" unless the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is

insufficient to enable it to admit or deny. Where authorship of its documents is uniquely within

its possession, Toshiba's assertion that some documents were not authored by a Toshiba

employee or the authorship is unknown is an inadequate response. For each of the 94

documents, Toshiba should make reasonable inquiry into authorship and facts supporting the

"someone with knowledge" and other required features of the business records exception of

Rule 803(6) and admit or deny each aspect of Rule 803(6) with respect to each of the 94

documents.

With respect to Toshiba's contention that a unique document cannot be kept in

the course of a regularly conducted activity of a business, Toshiba should be required to comply

with the requirements of FRCP 36(a)(4) and to substantiate that argument with case law

citations as appropriate in its response to plaintiffs' requests for admission Nos 2-7. In its

responses, Toshiba should similarly cite to case law to support its position that a company must

require a document to be maintained in order to satisfy the "making the record was a regular

practice" requirement of Rule 803(6). To the extent such support is not available, an

adjustment of position would be appropriate.

Toshiba's contention that certain documents contain hearsay-within-hearsay

may be relevant to admissibility, but does not appear relevant to applicability of the business

records exception of FRE 803(6), which is the admission requested by Request for Admission No

7. Therefore, hearsay-within-hearsay would not be a proper basis for refusing to admit that a

document is a business record under FRE 803(6).

Plaintiffs and Toshiba premised their stipulation upon a consistent and reciprocal

application of the legal standard for Rule 803(6) determinations. It would have been

unreasonable for the parties to have contemplated a one-sided deal and the undersigned finds

there was no meeting of the minds with respect to the stipulation (ECF No 2908). Toshiba

should be required to provide written responses to plaintiffs' Requests for Admission Nos 2-7

with respect to the 94 documents selected by plaintiffs and to comply fully with the requirements set forth in FRCP 36(a)(4).

**CONCLUSION**

      The plaintiffs' motion is **GRANTED**.  The Toshiba defendants shall serve their responses to plaintiffs' Requests for Admission Nos 2-7 no later than 10 days from the date of this order.

IT IS SO ORDERED.

Date:  August 6, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge

ORDER RE DAPs' MOTION TO COMPEL TOSHIBA TO AUTHENTICATE DOCUMENTS       PAGE **8** OF **8**