GUIDO SAVERI (22349)
   *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
   *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
   *grushing@saveri.com*
TRAVIS L. MANFREDI (281779)
   *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To: | **REPLY BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS CERTIFICATION** |
| *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | Date:      September 11, 2015<br>Time:      10:00 a.m.<br>Judge:    Honorable Samuel Conti<br>Ctrm:     1, 17th floor |

1       Direct Purchaser Plaintiffs ("DPPs") submit this reply brief in support of their motion to

2 disseminate notice of the certification of the direct purchaser class (Dkt. No. 3944) ("Mot.").[1] In

3 their opposition, Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and

4 Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi") (Dkt. No. 3980)

5 ("Opp.") agree that notice to the class is required, and, with one exception, do not take issue with

6 the text or manner of the proposed notice. Mitsubishi instead asks the Court to 1) delay notice to the

7 class until after the conclusion of a mediation; and 2) hold that three entities identified in the notice

8 as the affiliates of the defendants and co-conspirators herein are not "owned and controlled" by

9 other defendants/conspirators under *Royal Printing Co. v. Kimberly-Clark Corp.*, 621 F.2d 323 (9th

10 Cir. 1980). Mitsubishi's arguments should be rejected and DPPs' motion granted. Deferral of the

11 notice will unnecessarily delay the trial—possibly for months—and will reduce the chance that the

12 mediation will result in a settlement. DPPs believe that Mitsubishi will be willing to pay a fair and

13 reasonable amount in settlement only if trial is imminent. Moreover, the cost of the notice is minor

14 and there is no meaningful chance that it will confuse class members. Mitsubishi's request that the

15 three "affiliates" be stricken from the notice also lacks merit. This is a merits issue to be resolved at

16 trial.

17 **I.    TIMING OF NOTICE**

18     **A.    Class Notice Should Be Given Promptly**

19       Notice to the class is required following class certification both as a matter of due process

20 and so that class members may exercise their right to exclude themselves prior to trial. *See, e.g.,*

21 *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985). "[N]otice to class members should

22 be given ***promptly*** after the certification order is issued." *Manual for Complex Litigation*, Fourth, §

23 21.311 (emphasis added); *see also Adoma v. Univ. of Phoenix, Inc.*, No. CIV. S–10–0059

24 LKK/GGH, 2010 WL 4054109, at *4 (E.D. Cal. Oct. 15, 2010) (citing the *Manual for Complex*

25 *Litigation* and ordering dissemination of class notice despite defendants' pending motion to stay). In

---

[1] This reply brief is supported by the accompanying Declaration of R. Alexander Saveri in Support of Reply Brief in Support of Direct Purchaser Plaintiffs' Motion to Disseminate Notice of Direct Purchaser Class Certification ("Saveri Reply Decl.").

REPLY BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS CERTIFICATION—Master File No. 07-5944 SC

1    this case, notice to the class is also required in order for DPPs' damages expert to complete his

2    damage study. Only after the deadline for class members to exclude themselves from the class has

3    passed can membership in the class be finally determined. At that point, DPPs' expert can

4    determine class purchases and the overcharge thereon. Saveri Reply Decl. ¶ 2. In other words, DPPs

5    cannot complete their expert discovery until notice to the class is complete. If notice is given as

6    DPPs propose, the opt-out deadline would be 45 days from the date of notice. DPPs' expert report

7    would follow after that date. Saveri Reply Decl. ¶ 3.

8          Mitsubishi's proposal would likely delay these dates, and therefore the trial, by two months,

9    and maybe more. The mediation must occur—or at least begin—per the Court's order by October

10   20, 2015. Dkt. No. 3961. Even if the mediation is concluded by that date (and fails), notice could

11   not be published until several weeks later because of the time it takes to arrange for publication of

12   the notice. Saveri Reply Decl. ¶ 4. And the chance that the mediator may order the mediation to

13   continue beyond that date is substantial.

14         Mitsubishi's proposal would also undermine the mediation. DPPs believe that the prospect

15   of trial will be the primary driver of settlement negotiations. Saveri Reply Decl. ¶ 5. Deferral of the

16   trial reduces the chance that the mediation will succeed.

17         **B.     The Cost of Notice Is Not Significant; Notice Will Not Confuse the Class**

18         Mitsubishi's assertion that the delay will save money and avoid confusion is not well-

19   founded. First, Mitsubishi has no legitimate interest in the money of the class. Its interest here is

20   simply delay. Second, notice costs are modest—approximately $50,000. Saveri Reply Decl. ¶ 6.

21   DPPs believe that advancing the case and avoiding delay will be worth significantly more to the

22   class than the small cost of notice. Saveri Reply Decl. ¶ 7. And, of course, there will be no savings

23   if the mediation does not succeed.

24         Mitsubishi's assertion that class members will be confused by the notice is also without

25   merit. Mitsubishi presents no reasoned argument in support of its assertion. It is simply speculation.

26   There is no reason to think that a class that has already received six notices will be confused by

27   another.

28         The cases cited by Mitsubishi do not support delaying notice. In *Gomez v. Rossi Concrete*

REPLY BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO DISSEMINATE NOTICE
OF DIRECT PURCHASER CLASS CERTIFICATION—Master File No. 07-5944 SC

1   *Inc.*, No. 08cv1442 BTM (CAB), 2011 WL 666888, at *2 (S.D. Cal. Feb. 17, 2011), the court

2   declined to begin the notice procedure because two motions related to class certification were still

3   pending. That is not the case here. In *Markocki v. Old Republic National Title Insurance Co.*, No.

4   06-2422, 2015 WL 3421401, at *2 (E.D. Pa. May 27, 2015), following class certification and

5   defendant Old Republic's unsuccessful Civil Rule of Civil Procedure 23(f) petition, and "[u]pon

6   Plaintiff's and Old Republic's joint motion, the Court stayed the case pending mediation. After

7   mediation proved unsuccessful, the Court ordered notice to the class . . . ." Here, the parties do not

8   jointly seek a stay, and the Court will set trial dates in less than four months, at its December 11,

9   2015 hearing. Dkt. No. 3961.

10  ## II.     IDENTIFICATION OF AFFILIATES

11          Mitsubishi's request that the Court strike certain entities from the list of "affiliates" in the

12  notice is improper. This is a merits issue to be resolved at trial. The Court ordered DPPs to identify

13  all alleged "affiliates" in the notice to assist class members in determining class membership. Dkt.

14  No. 3902 at 15–16. The class notice is a notice of litigation, not an opportunity to litigate factual

15  disputes or present summary judgment arguments. This issue has never been raised in the direct

16  purchaser case against Mitsubishi and an opposition to class notice is not an appropriate time to do

17  so. Such an issue should be resolved at trial or summary judgment. Indeed, as Mitsubishi points out,

18  it has moved for summary judgment in the Direct Action Plaintiff ("DAP") cases. Opp. 6.

19  ## III.    CONCLUSION

20          For the foregoing reasons, DPPs respectfully submit that the Court should enter an order: (i)

21  approving the manner and form of giving notice to class members of class certification; and (ii)

22  adopting DPPs' proposed timetable for issuing such notice to the class.

23  //

24  //

25  //

26  //

27  //

28  //

REPLY BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO DISSEMINATE NOTICE
OF DIRECT PURCHASER CLASS CERTIFICATION—Master File No. 07-5944 SC

1     Dated: August 21, 2015          Respectfully submitted,

2                                      */s/ R. Alexander Saveri*

Guido Saveri (22349)

3                                      R. Alexander Saveri (173102)

Geoffrey C. Rushing (126910)

4                                      Travis L. Manfredi (281779)

SAVERI & SAVERI, INC.

5                                      706 Sansome Street

6                                      San Francisco, CA 94111

Telephone:  (415) 217-6810

7                                      Facsimile:  (415) 217-6813

8

9                                      *Lead Counsel for*
*Direct Purchaser Plaintiffs*

10                                      Michael P. Lehmann

HAUSFELD LLP

11                                      44 Montgomery Street, Suite 3400

12                                      San Francisco, CA 94104

Telephone:  (415) 633-1908

13                                      Facsimile:  (415) 358-4980

14                                      Joseph W. Cotchett

Steven N. Williams

15                                      Adam J. Zapala

16                                      COTCHETT, PITRE & McCARTHY, LLP

840 Malcolm Road

17                                      Burlingame, CA 94010

Telephone: (650) 697-6000

18                                      Facsimile: (650) 697-0577

19                                      Bruce L. Simon

20                                      Aaron M. Sheanin

PEARSON, SIMON & WARSHAW LLP

21                                      44 Montgomery Street, Suite 2450

San Francisco, CA 94104

22                                      Telephone:  (415) 433-9000

23                                      Facsimile:  (415) 433-9008

24                                      H. Laddie Montague, Jr.

Ruthanne Gordon

25                                      BERGER & MONTAGUE, P.C.

1622 Locust Street

26                                      Philadelphia, PA 19103

Telephone: (800) 424-6690

27                                      Facsimile: (215) 875-4604

28

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gary Specks
KAPLAN FOX
423 Sumac Road
Highland Park, IL 60035
Telephone: (847) 831-1585
Facsimile: (847) 831-1580

Douglas A. Millen
William H. London
FREED KANNER LONDON & MILLEN
2201 Waukegan Road
Suite 130
Bannockburn, IL 60015
Telephone: (224) 632-4500
Facsimile: (224) 632-4519

Eric B. Fastiff
LIEFF CABRASER HEIMANN & BERNSTEIN,
LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

W. Joseph Bruckner
Elizabeth R. Odette
LOCKRIDGE GRINDAL NAUEN P.L.L.P
100 Washington Avenue S
Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile: (612) 339-0981

*Attorneys for Plaintiffs and the Class*

REPLY BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO DISSEMINATE NOTICE
OF DIRECT PURCHASER CLASS CERTIFICATION—Master File No. 07-5944 SC