Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL CASES | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**ORDER RE COORDINATION OF DISCOVERY MOTIONS** |

On June 8, 2015, the undersigned issued a Report and Recommendation regarding Mitsubishi's Motion to Compel ViewSonic's Percipient Witness Depositions and Coordination of Discovery (ECF No 3866), requesting that any interested parties submit letter briefs addressing whether a discovery motion in this case should remain pending despite the moving party's settlement with the adverse party or withdrawal of that pending motion.  In the long course of this litigation, various parties have settled while other parties remain.  The undersigned has considered the letter briefs submitted on this issue and orders as follows.

Discovery in this multi-district litigation has been governed by the court's April 12, 2012 Order re Discovery and Case Management Protocol (ECF No 1128) ("Discovery Protocol"), which requires that:

- "[d]iscovery in all actions transferred to this MDL proceeding shall be coordinated,"
- counsel "shall be responsible for coordination of discovery in all actions transferred to this MDL proceeding,"
- "All CRT Plaintiffs' counsel and Defendants' counsel shall engage in their best efforts to conduct discovery efficiently and without duplication,"
- "Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect Purchaser Plaintiffs, Individual Action Plaintiff Liaison Counsel, and State Attorneys General shall consult in good faith in an effort to propound joint written discovery requests, but to the extent separate written discovery is served, plaintiffs shall not duplicate interrogatories, requests for admission, and requests for documents,"
- "Defendants shall consult in good faith in an effort to propound joint written discovery requests, but to the extent separate written discovery is served, Defendants shall not duplicate interrogatories, requests for admission, and

requests for documents.  Duplication is a proper objection to written discovery requests." Discovery Protocol at 14.

Thus, discovery must be coordinated by all counsel, who must use their best efforts to conduct discovery efficiently and without duplication.

The Discovery Protocol also requires Defendants to produce to the Individual Action Plaintiffs and the State Attorneys General "[a]ll discovery previously produced by the Defendants to plaintiffs in the above-captioned action." *Id* at 15.  The parties "may use this previously-produced discovery" for "discovery, in pretrial motions, at trial, or for any other purpose to the same degree as if the discovery was provided in response to requests propounded by the Individual Action Plaintiffs or the State Attorneys General." *Id.*

The Discovery Protocol requires service of all "discovery requests, including written discovery, deposition notices, or subpoenas served in this MDL proceeding" on "Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect Purchaser Plaintiffs, each State Attorney General, and Liaison Counsel for Individual Action Plaintiffs . . . and on counsel for each defendant. *Id* at 16.  Thus, except for counsel for the Individual Action Plaintiffs, each party to this action must be served with all discovery requests.  Having reviewed numerous discovery responses in this MDL, the undersigned observes that generally, discovery responses are served on all parties.

Under this Discovery Protocol, the plaintiffs and defendants have respectively coordinated discovery, with certain counsel taking the lead on different topics but expecting to receive the benefits of other parties' discovery.  All parties benefit from this coordinated discovery protocol.

The main arguments set forth in opposition to this discovery approach of allowing another party to stand in the shoes of a settling party with respect to a discovery motion are:  (1) the other party did not sign onto the discovery request, join in the motion or participate in any meet and confer discussions; (2) a discovery dispute is rendered moot by the

specific moving party's settlement and withdrawal of the motion; and (3) a discovery respondent may have settled with the expectation that its discovery obligations would end as a result of settlement.  The undersigned finds persuasive the position articulated by counsel for Chunghwa Picture Tubes and LG Electronics, that "the Defendants did not – and could not – move independently on these requests and instead understood that the Motion would apply equally to all parties given the consolidated nature of these proceedings." 5/28/15 R Brass Letter at 1.  Indeed, due to the coordinated discovery, it is reasonable for the parties in this case to allow another party to take the lead on a certain aspect of discovery and if that party settles, to have a non-settling party take over the lead on that discovery.  The undersigned has considered the mootness and settlement expectations arguments and does not find them compelling.  Any cases cited regarding mootness of a discovery motion do not appear relevant to a multi-district, consolidated case such as this one, having strict requirements on coordinated discovery.  Moreover, two settling parties may stipulate to the mootness of a discovery motion as between themselves, but should not be able to moot the discovery motion with respect to other, non-settling parties in a multi-district litigation requiring coordinated discovery.  Parties should not be permitted to use settlement in a consolidated discovery case to escape their discovery obligations with respect to remaining parties.  Furthermore, the benefit of not having to deal with aggressive discovery counsel, to the extent it may have been part of the motivation for settlement, is obtained.

        As a result, the undersigned finds that it would not be reasonable to require a party to have signed onto a discovery request, participated in meet-and-confer discussions or joined in a discovery motion, in order to benefit from and continue with the motion.  Instead, the undersigned finds that the interests of efficient discovery as set forth in the Discovery Protocol and justice would best be served by allowing any party to take over and continue a discovery motion filed by another party after the filing party has settled its dispute and withdrawn its role in the motion.  This will be allowed only with respect to the motions

addressed by the parties in response to the June 8, 2015 Order (ECF No 3866) or the May 28, 2015 Request for Status re Motions (ECF No 3857), since the parties have been notified of their opportunity to be heard on this issue.

Therefore, the following discovery motions or discovery disputes shall be deemed pending or at issue notwithstanding the filing party's settlement or withdrawal of its role in the motion:

(1) The IPP's 9/12/14 and 9/19/14 motions to compel supplemental interrogatory responses from Toshiba may be taken over by Liaison Counsel for the Direct Action Plaintiffs or by counsel to be agreed upon by the remaining plaintiffs;

(2) Toshiba's 9/12/14 motion to compel sufficient discovery responses from Best Buy may be taken over by counsel for the Chunghwa defendants (*see* 7/7/15 R Brass Letter), counsel for the Thomson defendants (*see* 7/7/15 K Osborn Letter) or counsel to be agreed upon by the remaining defendants;

(3) Toshiba's 9/12/14 motion to compel Sears/Kmart to provide additional discovery regarding their private label program (*see* 8/3/15 K Osborn letter) may be taken over by counsel for the Thomson Defendants or by counsel to be agreed upon by the remaining defendants;

(4) Mitsubishi's 11/18/14 motion to compel ViewSonic percipient witness depositions may be taken over by counsel for Chunghwa or Thomson or by counsel agreed upon by the remaining defendants; and

(5) Mitsubishi's 11/5/14 motion to compel ViewSonic sales discovery (ECF No 3401 at 7; ECF No 3870; 7/7/15 R Brass Letter at 3) may be taken over by counsel for Chunghwa or by counsel agreed upon by the remaining defendants.

**CONCLUSION**

Consistent with the above, the remaining parties are requested to coordinate and inform the undersigned which counsel shall take over lead responsibility for the above-listed discovery motions. To the extent any discovery orders (*e g*, ECF No 3401 or 3870) have not been complied with due to settlement, need for clarification or any reason, the party ordered to produce discovery shall comply no later than September 15, 2015.

IT IS SO ORDERED.

Date: August 21, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge