Richard Alan Arnold, Esquire
William J. Blechman, Esquire
Kevin J. Murray, Esquire
Samuel J. Randall, Esquire
KENNY NACHWALTER, P.A.
201 S. Biscayne Boulevard, Suite 1100
Miami, Florida 33131
Tel:    (305) 373-1000
Fax:    (305) 372-1861
E-mail:  rarnold@knpa.com
         wblechman@knpa.com
         kmurray@knpa.com
         srandall@knpa.com

*Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corporation*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>SEARS, ROEBUCK & CO., AND KMART CORPORATION v. LG ELECTRONICS, INC., *et al.*, Case No. 11-cv-5514-SC<br><br>SEARS, ROEBUCK & CO., AND KMART CORPORATION v. TECHNICOLOR S/A, *et al.*, Case No. 13-5262 | **CORRECTED RESPONSE TO CHUNGHWA & PHILIPS DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTERS' R&R GRANTING DEFENDANTS' MOTION TO COMPEL DAPS' SETTLEMENT AGREEMENTS** |

Plaintiffs Sears, Roebuck and Co., and Kmart Corporation (collectively, "Sears") submit this response to the objections filed by Philips and Chunghwa insofar as they imply that the confidentiality provisions in the settlement agreements that Sears reached with Philips and Chunghwa were not important conditions of those settlements.

In stating its objections to the Special Master's July 31 R&R, Dkt. 3941, Chunghwa noted that "[c]onfidentiality was an important condition of settlement that should be honored absent a strong showing of need, which does not yet exist." *See* Dkt. 3982. Philips similarly objected to the R&R on confidentiality grounds. *See* Dkt. 3984. However, both Philips and Chunghwa limited their objections to the agreements they reached with Dell.

From Sears' perspective, the fact that the terms of its settlements were contractually and expressly required to remain confidential was a necessary prerequisite to finalizing the agreements and allowed for settlements that might not have occurred without the promise of secrecy. By seeking to compel DAPs with whom they have not settled to produce confidential settlement agreements, Philips implicitly endorses invalidating the confidentiality provisions that they agreed to in their settlement agreements with Sears. Chunghwa does the same thing by objecting to the production of the Dell settlement agreement but not the Sears settlement agreement.[1] Sears has not agreed to this. Thus, Philips (and all other Defendants seeking to compel settlement agreements) seek to obtain more than they bargained for in settling this matter with Sears. The fact that Philips (and other Defendants) may now find it advantageous to strike express terms from settlements agreements with Sears does not mean that the Court should countenance these requests. To the contrary, the Ninth Circuit has expressly condemned this result, acknowledging that "courts are not permitted to modify

---

[1] This corrected Response corrects the original by noting that Chunghwa did join the motion to compel the DAPs settlement agreements.

RESPONSE TO CHUNGHWA & PHILIPS DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTERS'
R&R GRANTING DEFENDANTS' MOTION TO COMPEL DAPS' SETTLEMENT AGREEMENTS
Case No. 07-5944 SC
MDL No. 1917

settlement terms or in any manner to rewrite agreements reached by parties." *Jeff D. v. Andrus*, 899 F.2d 753, 758 (9th Cir. 1989).

Another troubling implication of exposing these confidential agreements to other parties with whom Sears is still engaged in settlement negotiations would be to fundamentally alter the landscape that had allowed Sears to settle with seven of the nine Defendant groups named in its complaints. This concern is not theoretical. Confidentiality was an express and material term of Sears' settlement agreements, and we gather from other DAPs' submissions that this was the case for them as well. Basic economic theory dictates that a Defendant that is paying more than it would like to one Plaintiff would have a much stronger *dis*incentive to settle if it knew that other Plaintiffs would hear the terms of the disadvantageous settlement. The same is true for a Plaintiff settling with one Defendant for less than it would like. Maintaining confidentiality of all settlement agreements facilitates more cases to settle. Thus, broaching confidentiality establishes both a floor and a ceiling for all subsequent negotiations with other parties and adds an unnecessary complication into all negotiations.

If the Court were to enter the Order contemplated by the R&R, then parties in settlement negotiations will have to consider the impact of any agreement on all future negotiations with remaining parties. For Sears, which has not settled with LG or Thomson, the R&R would require Sears to reach an agreement with Thomson that it can justify showing to LG (and vice versa). Given that both of these negotiations have, up to this point, been fruitless, the R&R would substantially increase the chances that Sears takes one or both of these Defendants to trial.

Accordingly, the Court should decline to invalidate the confidentiality provisions of the agreements negotiated by the parties.

| | |
|---|---|
| Dated: August 24, 2015 | Respectfully submitted, |
| | KENNY NACHWALTER, P.A. |
| | By: */s/ Samuel J. Randall* |
| | Richard Alan Arnold, Esquire (p*ro hac vice*) |
| | William J. Blechman, Esquire (*pro hac vice*) |
| | Kevin J. Murray (*pro hac vice*) |
| | Samuel J. Randall (*pro hac vice*) |
| | **KENNY NACHWALTER, P.A.** |
| | 201 S. Biscayne Boulevard, Suite 1100 |
| | Miami, Florida 33131 |
| | Tel: (305) 373-1000 |
| | Fax: (305) 372-1861 |
| | Email:    rarnold@knpa.com |
| |              wblechman@knpa.com |
| |              kmurray@knpa.com |
| |              srandall@knpa.com |
| | *Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.* |