SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
TYLER M. CUNNINGHAM, Cal. Bar No. 243694
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-mail:       ghalling@sheppardmullin.com
              jmcginnis@sheppardmullin.com
              mscarborough@sheppardmullin.com
              tcunningham@sheppardmullin.com

Attorneys for Defendants
SAMSUNG SDI AMERICA, INC.,
SAMSUNG SDI CO., LTD.,
SAMSUNG SDI (MALAYSIA) SDN. BHD.,
SAMSUNG SDI MEXICO S.A. DE C.V.,
SAMSUNG SDI BRASIL LTDA.,
SHENZEN SAMSUNG SDI CO., LTD. and
TIANJIN SAMSUNG SDI CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL ACTIONS | **SAMSUNG SDI DEFENDANTS' OPPOSITION TO STATE OF CALIFORNIA'S MOTION FOR PERMISSIVE INTERVENTION AND MOTION TO RESTORE PUBLIC ACCESS TO 107 COURT RECORDS**<br><br>Date:    September 25, 2015<br>Time:    10 a.m.<br>Courtroom: One<br>Judge:   Hon. Samuel Conti |

# TABLE OF CONTENTS

**Page(s)**

I.    STATEMENT OF THE ISSUE TO BE DECIDED ............................................................. 1

II.   INTRODUCTION ................................................................................................................. 1

III.  FACTUAL BACKGROUND ............................................................................................... 2

IV.  ARGUMENT ........................................................................................................................ 3

    A.    The Court Should Deny California's Motion to Intervene. ....................................... 3

         1.    California's Attempt to Adjudicate Confidentiality in this Court Would Deprive SDI of Its Rights Under the State Protective Order. ........... 3

         2.    California Has Failed to Show the Common Question of Law or Fact Required for Intervention. ................................................................... 5

         3.    California's Motion to Intervene Is Untimely. .............................................. 6

    B.    Even if California Is Permitted to Intervene, the Court Should Deny its Motion to Unseal. ..................................................................................................... 8

         1.    California Fails to Make the Required Showing of "Compelling Reasons" to Unseal Documents Submitted with Non-Dispositive Motions ............................................................................................................ 8

         2.    California's Motion Ignores the Rights of Other Parties. ............................ 9

         3.    If the Court Is Not Inclined to Deny California's Motion to Unseal, SDI Requests that It Appoint a Special Master to Resolve These Sealing Issues. ................................................................................................ 9

V.    CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

FEDERAL CASES

*Anderson v. Hartford Life Ins. Co.*
    No. 2:08-cv-471-WTL-WGH, 2010 U.S. Dist. LEXIS 34068 (S.D. Ind. April 6, 2010) ..... 4, 6

*Beckman Indus., Inc. v. Int'l Ins. Co.*
    966 F.2d 470 (9th Cir. 1992) ................................................................................................ 5

*California ex rel. Lockyer v. Safeway, Inc.*
    355 F. Supp. 2d 1111 (C.D. Cal. 2005) ............................................................................ 5, 6

*Empire Blue Cross and Blue Shield v. Janet Greeson's A Place For Us, Inc.*
    62 F.3d 1217 (9th Cir. 1995) ............................................................................................ 6, 7

*Foltz v. State Farm*
    331 F.3d 1122 (9th Cir. 2002) ............................................................................................. 9

*H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc.*
    797 F.2d 85 (2d Cir. 1986) .................................................................................................. 6

*Kamakana v. City and County of Honolulu*
    447 F.3d 1172 (9th Cir. 2006) ......................................................................................... 8, 9

*Phillips v. Gen. Motors Corp.*
    307 F.3d 1206 (9th Cir. 2002) ............................................................................................. 8

*Pittson Co. v. United States*
    368 F.3d 385 (4th Cir. 2004) ........................................................................................... 4, 6

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.*
    187 F.3d 1096 (9th Cir. 1999) ......................................................................................... 5, 6

*Skydive Arizona, Inc. v. Quattrocchi*
    No. CV 05-2656-PHX-MHM, 2009 U.S. Dist. LEXIS 128418 (D. Ariz. Feb. 2, 2009) .......... 6

*Spangler v. Pasadena City Board of Education*
    552 F.2d 1326 (9th Cir. 1977) ............................................................................................. 5

*In re Static Random Access Memory (SRAM) Antitrust Litig.*
    No. 07-md-01819 CW, 2011 U.S. Dist. LEXIS 128400 (N.D. Cal. Nov. 1, 2011) .............. 7, 8

*UMG Recordings, Inc. v. Bertelsmann AG*
    222 F.R.D. 408 (N.D. Cal. 2004) ..................................................................................... 3, 4

*United States v. Alisal Water Corp.*
    370 F.3d 915 (9th Cir. 2004) ............................................................................................... 7

DOCKETED CASES

*State of California v. Samsung SDI Co., Ltd.*
    No. CGC-11-515784 ("State Case") ....................................................................................... 2

FEDERAL STATUTES & RULES

Federal Rules of Civil Procedure
    Rule 24(b)(1)(B)..................................................................................................................... 5
    24(b)(3).................................................................................................................................. 3

N.D. California Civil Local Rule
    Rule 7-11(b) .......................................................................................................................... 7

OTHER AUTHORITIES

7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d
    ed. 2008)................................................................................................................................ 4

# I.

## STATEMENT OF THE ISSUE TO BE DECIDED

SDI[1] produced confidential documents to California, for use in its collateral state-court lawsuit. The parties stipulated to a protective order in that case, by which California agreed to maintain the confidentiality of those documents. May California intervene in this litigation and unseal those documents?

# II.

## INTRODUCTION

Posing as a disinterested stranger to this litigation, California seeks to intervene, purportedly to enforce the public's right to access documents filed under seal. In truth, California has actively participated in this case for years, conducting extensive fact and expert discovery and participating in motion practice, including sealing motions. Its belated motion to unseal SDI's documents is not a civic-minded effort to promote "openness in a democratic society," but a naked attempt to use this Court's records to pressure SDI, its litigation adversary.

California already has each and every SDI document, expert report and deposition transcript that it seeks to unseal. The bulk of that material was produced long ago, for use in its state-court antitrust case against SDI. California agreed to protect the confidentiality of those documents, as reflected in a stipulated protective order issued by the San Francisco Superior Court. That protective order mandates specific procedures for resolving any disputes concerning confidentiality. California's motions, if granted, would result in a violation of that protective order, by publicly disclosing documents that California agreed to maintain confidential, without regard for the stipulated and court-ordered procedure for resolving disputes over confidentiality. This Court should not sanction California's attempted end-run around that state-court order.

California's professed interest in "representing the public's interest in free and open access to court records" is simply a pretext. Although California claims to be responding to the Court's invitation for "motions to intervene … by members of the public who wish to access the sealed

---

[1] As used herein, "SDI" refers to the undersigned Samsung SDI Defendants.

-1-

1  documents," California is not a disinterested "member[] of the public" nor does it have any need
2  to access the sealed documents.  Instead, it is an active, coordinated litigant that already has each
3  and every document at issue.  California's real interest is gaining leverage over SDI by threatening
4  to expose its confidential documents, or at least forcing SDI to pay the bill for expensive sealing
5  hearings.  This Court should resist that ploy.

## III.

## FACTUAL BACKGROUND

California filed a lawsuit in San Francisco Superior Court in November 2011, alleging a conspiracy to fix CRT prices.  *State of California v. Samsung SDI Co., Ltd.*, No. CGC-11-515784 ("State Case").  California named as defendants many of the same companies named in this multi-district litigation, including SDI.  In early 2012, the parties agreed to coordinate California's State Case with this litigation.  *See* Varanini letter to Hon. Samuel Conti (Nov. 8, 2013) (Dkt. No. 2205), at 1 ("By Court Order, the Attorney General's related state court action is coordinated with MDL 1917 insofar as discovery, mediation, and settlement are concerned.").

As a result, California has actively participated in this litigation for more than three years, including:

- Receiving notice of documents served or filed in this case, through ECF and directly from the parties, beginning in 2012.  Declaration of Tyler M. Cunningham in Support of SDI's Opp'n to California's Mot. for Permissive Intervention and Mot. to Restore Public Access ("Cunningham Decl.") ¶ 3.
- Negotiating, and ultimately stipulating to, a comprehensive protocol governing discovery and case management.  *See* Order re Discovery and Case Management Protocol (Dkt. No. 1128).
- Successfully moving to expand its rights to take discovery pursuant to that protocol.  Order Amending Discovery Case Management Protocol (Dkt. No. 1738).
- Actively questioning multiple witnesses in depositions.  Cunningham Decl. ¶ 4.
- Filing or opposing at least 12 motions in this litigation, including motions to seal.  *Id.*; *see also, e.g.,* Admin. Mot. to Seal (Dkt. No. 2793).

-2-

SDI provided California with the documents it produced in this litigation, for use in its State Case. Cunningham Decl. ¶ 5. SDI also produced to California its responses to written discovery in this case, and its expert reports. *Id*. California and SDI (along with the other State Case defendants) stipulated to a protective order, entered by the San Francisco Superior Court, in which California "agreed to protect the confidentiality of such information …." Ex.[2] A, at 2 ("State Protective Order"). The order provides detailed procedures for resolving disputes over confidentiality designations, beginning with a meet-and-confer process and culminating in a motion filed with the state court. *Id*. at ¶¶ 4-5. The state court ordered that parties "shall" continue to treat disputed documents as "Confidential" or "Highly Confidential" until the state court resolves the dispute. *Id*. at ¶ 6.

California invoked these procedures in June 2014, challenging SDI's confidentiality designations with respect to approximately one thousand documents. Cunningham Decl. ¶ 6. During the ensuing meet-and-confer dialogue, SDI de-designated dozens of documents. *Id*. To date, California has filed no motion with San Francisco Superior Court with respect to this confidentiality dispute. *Id*.

## IV.

## ARGUMENT

**A.     The Court Should Deny California's Motion to Intervene.**

   1.   California's Attempt to Adjudicate Confidentiality in this Court Would Deprive SDI of Its Rights Under the State Protective Order.

A district court has "broad discretion" to decide a motion to intervene. *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 412 (N.D. Cal. 2004). In exercising that discretion, the court "must consider whether the intervention will … prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also UMG Recordings*, 222 F.R.D. at 415 (prejudice is the "principal consideration" when deciding a motion to intervene).

California's proposed intervention would severely prejudice SDI by undermining its

---

[2] All references to "Ex. __" refer to exhibits to the Cunningham Declaration.

bargained-for rights under the State Protective Order. California expressly agreed, and the superior court ordered it, to:

- "[P]rotect the confidentiality" of documents SDI produced in the State Case. Ex. A, at 2;
- Disclose "Confidential" or "Highly Confidential" documents only to specific people. *Id*. ¶¶ 3, 10, 11;
- Meet and confer to resolve any dispute regarding confidentiality. *Id*. ¶ 4;
- Submit any unresolved confidentiality disputes to the superior court. *Id*.; and
- Treat challenged "Confidential" or "Highly Confidential" documents "as designated by the producing party pending resolution of the dispute" by the state court. *Id*. ¶ 6.

Those agreements created corresponding rights for SDI: a right to have its documents protected against disclosure, and a right to a specific process if the receiving party disagreed with SDI's confidentiality designations. California initiated that process by challenging SDI's confidentiality designations under the State Protective Order. But instead of submitting the dispute to the state-court judge presiding over its state-court case, as it agreed to do, California bypassed that court and applied directly to this Court to publicly reveal those documents. The Court should reject this attempted end-run. *See Pittson Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming denial of motion to unseal where party had stipulated to protect confidentiality of documents); *Anderson v. Hartford Life Ins. Co.*, No. 2:08-cv-471-WTL-WGH, 2010 U.S. Dist. LEXIS 34068, at *5-*7 (S.D. Ind. April 6, 2010) (denying motion to unseal documents that would "vitiate[]" protections in stipulated protective order).

If California's motion is denied, it would still retain all of its rights under the State Protective Order, including the dispute resolution procedures to which it agreed. This also weighs against intervention. *See UMG Recordings*, 222 F.R.D. at 415 (denying motion for permissive intervention where movant has "alternative mechanism" to pursue its interests); 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed. 2008) ("If the would-be intervenor already is a party to other litigation in which the intervenor's rights can be fully

determined, or if there is another adequate remedy available to protect the intervenor's rights, this may persuade the court to deny leave to intervene.") (citing cases).

### 2. California Has Failed to Show the Common Question of Law or Fact Required for Intervention.

A proposed intervenor must show that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Similarly, in exercising its discretion to grant or deny intervention, a court may consider "the nature and extent of the intervenors' interest" in the case. *Spangler v. Pasadena City Board of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977).

California's proffered connection with this case does not withstand scrutiny. California argues that it must unseal SDI's documents in order to "ensure free and open access to its upcoming trial against SDI in state court." Mot. to Intervene at 8. But the challenged sealing orders are an exercise of this Court's control over its own files; they do not preclude California from providing "free and open access" to a state-court trial. That is the province of the state court. And that court, with the consent of the parties, has already addressed the use of confidential material at trial. *See* Ex. A, ¶ 17 (mandating pre-trial conference "to put into place a procedure for identification of and use of 'Confidential' or 'Highly Confidential' documents at trial").

California also argues that it need not show "a strong nexus of fact or law" because it seeks to intervene for the limited purpose of modifying a protective order. But the cases it cites in support all involve intervenors seeking to access documents that they did not already possess. The *Beckman* court, for instance, found the "commonality" requirement satisfied because the intervenors needed to access protected deposition transcripts to litigate a similar, collateral case. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) (commonality requirement satisfied by "importance of access to documents prepared for similar litigation involving the same parties"). Similarly, the two newspaper intervenors in the other cases that California cites did not already have access to the sealed documents. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096 (9th Cir. 1999); *California ex rel. Lockyer v. Safeway, Inc.*,

-5-

355 F. Supp. 2d 1111 (C.D. Cal. 2005).[3]

California likens itself to those newspapers, arguing that it aims to advance the public's interest in viewing judicial records. But California is fundamentally different, because it already has the documents it seeks to unseal. Tellingly, California does not seek to unseal all confidential documents filed by other State Case defendants, as one would expect if California truly believed unsealing was necessary to ensure "free and open access to its upcoming trial." Mot. to Intervene, at 8. The Court need not accept California's professed interest at face value. *See, e.g., Skydive Arizona, Inc. v. Quattrocchi*, No. CV 05-2656-PHX-MHM, 2009 U.S. Dist. LEXIS 128418, *25-29 (D. Ariz. Feb. 2, 2009) (denying motion to intervene to unseal records, rejecting proposed intervenor's argument that intervention would further the public's right to access court documents, finding proposed intervenor "fully self-interested" and interest does not warrant intervention); *see also Pittson Co.*, 368 F.3d at 406 (denying motion to unseal based on "the public interest in access to the documents" where movant already had access to the documents.); *Anderson*, 2010 U.S. Dist. LEXIS 34068, at *6 (denying motion to unseal based on "generalized argument that members of the public should know this information," where documents were already produced to movant).

Because California already has each document and transcript that it seeks to unseal, it has "no direct interest in [this] litigation," and its motion to intervene should be denied. *H.L. Hayden Co. of New York, Inc. v. Siemens Med. Sys., Inc*., 797 F.2d 85, 88-89 (2d Cir. 1986) (affirming denial of state's motion to intervene in antitrust case to modify protective order, where state "has or will have" copies of all the records and the state's "ability to enforce its anti-trust laws has not been destroyed or even significantly curtailed.").

### 3. California's Motion to Intervene Is Untimely.

A motion to intervene to gain access to sealed documents "must" be timely. *Empire Blue*

---

[3] In addition, neither newspaper case deals directly with the "commonality" requirement. The *San Jose Mercury News* court noted that "[d]efendants do not challenge" proposed intervenors' assertion of commonality. 187 F.3d at 1100. The *California ex. Rel. Lockyer* court resolved only motions to unseal records, not a motion to intervene. 355 F. Supp. 2d at 1126.

-6-

1  *Cross and Blue Shield v. Janet Greeson's A Place For Us, Inc*., 62 F.3d 1217, 1219 (9th Cir.
2  1995). The Ninth Circuit test for timeliness has three prongs: "1) the stage of the proceedings at
3  which an applicant seeks to intervene; 2) the prejudice to other parties; and 3) the reason for and
4  length of any delay." *Id*. at 1219. California fails all three prongs.

5  First, California waited until near the end of this litigation to file its motion. More than
6  seven-and-a-half years have passed since its inception, and nearly three-and-a-half years have
7  passed since the first sealing motion at issue was filed. California received timely notice of all but
8  one of those sealing motions. Cunningham Decl. ¶ 3. The local rules require that any opposition
9  to an administrative sealing motion be filed within four days. N.D. Cal. Civ. L.R. 7-11(b). Yet
10 California waited years to act. The Ninth Circuit has consistently affirmed orders denying
11 motions to intervene where the proposed intervenor knew of the litigation, but waited for years to
12 file its motion. *See United States v. Alisal Water Corp*., 370 F.3d 915, 922-23 (9th Cir. 2004)
13 (affirming denial of motion to intervene where proposed intervenor was "keenly aware of the
14 litigation" yet waited for years to seek to intervene: "A party must intervene when he knows or has
15 reason to know that his interests might be adversely affected by the outcome of the litigation.")
16 (internal quotations and citation omitted); *Empire*, 62 F.3d at 1220 (affirming denial of motion to
17 intervene where proposed intervenor knew of the litigation but waited two years to seek to
18 intervene).

19 In addition, many parties have settled the cases in which these documents were originally
20 filed. *See* Dkt. No. 3998 (settlement matrix). This includes SDI, which has settled all cases
21 against it that were originally filed in this district. *Id*. This circumstance also weighs against
22 intervention. *See Empire*, 62 F.3d at 1219-20 ("[P]arties who delay in attempting to intervene, and
23 who end up doing so only after the original parties have reached an acceptable settlement, should
24 not be able, without good reason to intervene when their intervention may well cause substantial
25 prejudice to the original parties."); *In re Static Random Access Memory (SRAM) Antitrust Litig*.,
26 No. 07-md-01819 CW, 2011 U.S. Dist. LEXIS 128400, at *38 (N.D. Cal. Nov. 1, 2011) (denying
27 motion to intervene to modify protective order brought after parties had reached settlement).
28 Second, granting this motion would prejudice not only SDI, but also other parties, by

1  requiring them to continue policing the use or dissemination of their confidential information.  *See*
2  p. 9, *infra*; *SRAM*, 2011 U.S. Dist. LEXIS 128400, at *38 ("Intervention would burden the parties
3  and non-parties in this action by requiring them to continue policing access to confidential
4  information disclosed in the present case.").

5  Third, California offers no valid excuse for its lengthy delay.  California argues that it filed
6  its motion to intervene "within only a few months of after [sic] becoming apprised of SDI's
7  reliance on this Court's sealing orders to deny public access to certain documents in the State's
8  action."  Mot. at 7-8.  But the documents at issue were clearly labeled as confidential when SDI
9  produced them, years ago.  Moreover, California agreed in February 2012 to honor those
10 designations, or to follow the agreed-upon procedure to challenge them.  And, as described above,
11 California received notice of all but one of the sealing motions beginning in October 2012.
12 California's delay is thus measured in years, not months, and remains unexplained.

13 **B.     Even if California Is Permitted to Intervene, the Court Should Deny its Motion to**
14       **Unseal.**

15       1.     California Fails to Make the Required Showing of "Compelling Reasons" to
16              Unseal Documents Submitted with Non-Dispositive Motions.

17 California repeatedly asserts that courts apply a "strong presumption" in favor of public
18 access to judicial records, but fails to acknowledge that "[t]he public policies that support the right
19 of access … do not apply with equal force" to documents submitted in support of non-dispositive
20 motions.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  "[T]he
21 public has less of a need for access to court records attached only to non-dispositive motions
22 because those documents are often unrelated, or only tangentially related, to the underlying cause
23 of action."  *Id*. (internal quotations and citation omitted).

24 Many of the documents that California seeks to unseal were submitted in connection with
25 non-dispositive motions.  As to these documents, "the usual presumption of the public's right of
26 access is rebutted, so that *the party seeking disclosure* must present sufficiently compelling
27 reasons why the sealed discovery document should be released."  *Phillips v. Gen. Motors Corp.*,
28 307 F.3d 1206, 1213 (9th Cir. 2002) (emphasis added).  Many of the authorities that California

-8-

cites acknowledge this distinction. *See Kamakana*, 447 F.3d at 1179 ("We have, however, carved out an exception to the presumption of access to judicial records … for a *sealed discovery document* [attached] to a *non-dispositive* motion, such that the usual presumption of the public's right of access is rebutted.") (internal quotations and citations omitted; brackets and emphases in original); *Foltz v. State Farm,* 331 F.3d 1122, 1135 (9th Cir. 2002) ("when a party attaches a sealed discovery document to a *nondispositive* motion, the usual presumption of the public's right of access is rebutted.") (internal quotations and citation omitted; emphasis in original). California makes no effort to identify which documents were submitted in support of non-dispositive motions, much less make the required showing of "compelling reasons" to unseal them.

### 2. California's Motion Ignores the Rights of Other Parties.

California similarly glosses over the impact that its motion would have on other parties in this multi-district litigation. Many of the documents California seeks to unseal reflect information designated as "Confidential" or "Highly Confidential" by those other parties. For example, California seeks to unseal confidential materials produced by the Thomson Defendants. *See* Declaration of Pamela Pham in Support of the State of California's Mot. for Permissive Intervention, Ex. A, at 20-21. California also seeks to unseal, in their entirety, more than a dozen expert reports, which quote, cite and discuss confidential material produced by various parties. *Id.* at 22-27, 29, 31, 33-34. California argues that SDI's sealing declarations are insufficient, but makes no similar claim with respect to sealing declarations filed by anyone else. Nor do they attempt to tailor their requested relief to expose only SDI's confidential information. California should be required to make some showing that sealing applications submitted by other parties are inadequate before revealing their confidential information to the public. Moreover, because California's Motion to Unseal specifically names SDI in the caption, and focuses on SDI's confidential material, it is questionable whether those other parties have received adequate notice of the potential impact of the motion on their rights and interests.

### 3. If the Court Is Not Inclined to Deny California's Motion to Unseal, SDI Requests that It Appoint a Special Master to Resolve These Sealing Issues.

If the Court is not inclined to deny the Motion to Unseal, SDI respectfully requests that the

-9-

1  Court instead appoint retired U.S. District Court Judge Vaughn Walker as special master to
2  resolve the issues raised in the motion.  SDI will coordinate with California and any other
3  interested parties to submit whatever further briefs or information the special master may require.

4                                              **V.**
5                                       **CONCLUSION**

6        There are many reasons to deny California's motions, including its extreme and
7  unexplained delay, and failure to make showings required by the Federal Rules and Ninth Circuit
8  case law.  SDI respectfully requests that the Court deny both motions in full based on California's
9  improper attempt to bypass the State Protective Order.

10

11 Dated:  August 26, 2015                Respectfully submitted,

12                                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

13

14                                         By          */s/ Tyler M. Cunningham*
                                                      TYLER M. CUNNINGHAM
15
                                              Attorneys for Defendants
16                                         SAMSUNG SDI AMERICA, INC.,
                                              SAMSUNG SDI CO., LTD.,
17                                         SAMSUNG SDI (MALAYSIA) SDN. BHD.,
                                           SAMSUNG SDI MEXICO S.A. DE C.V.,
18                                            SAMSUNG SDI BRASIL LTDA.,
                                           SHENZEN SAMSUNG SDI CO., LTD. and
19                                           TIANJIN SAMSUNG SDI CO., LTD.
20
21
22
23
24
25
26
27
28