# Exhibit A

1  KAMALA D. HARRIS
   Attorney General of California
2  KATHLEEN E. FOOTE (SBN 65819)
   Senior Assistant Attorney General
3  EMILIO E. VARANINI IV (SBN 163952)
   NICOLE E. GORDON (SBN 224138)
4  PAUL A. MOORE III (SBN 241157)
   Deputy Attorneys General
5
   455 Golden Gate Avenue, Suite 11000
6  San Francisco, CA  94102-7004
   Telephone: (415) 703-2372
7  Fax:  (415) 703-5480
   E-mail: Paul.Moore@doj.ca.gov
8  *Attorneys for Plaintiffs*

**F I L E D**

San Francisco County Superior Court

MAR 0 5 2012

CLERK OF THE COURT,
BY: _____
                    Deputy Clerk

REC'D FEB 29 2012

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12

13

14  **THE PEOPLE OF THE STATE OF**
    **CALIFORNIA, ex rel. KAMALA D.**
15  **HARRIS, Attorney General of the State of**          Case No. CGC-11-515784
    **California, et al.,**
16
17                                 Plaintiffs,     **STIPULATION AND [PROPOSED]**
                                                   **PROTECTIVE ORDER**
18              v.

19  **SAMSUNG SDI, CO., et al.,**

20                                 Defendants.

21

22
        WHEREAS, the parties may have proprietary information and documents that are not in the
23
    public domain and are confidential, the unrestricted disclosure of which may cause undue
24
    irreparable damage to the parties and their respective businesses; and
25
        WHEREAS, one of the purposes of this Protective Order is to protect the confidentiality of
26
    such information and documents; and
27

28

                                            1

1    WHEREAS, documents may be filed under seal pursuant to California Rules of Court

2    2.550 and 2.551; and

3    WHEREAS, the parties have agreed to protect the confidentiality of such information in

4    accordance with the following terms and conditions:

5    1.    Documents that contain non-public information may be designated as "Confidential"

6    or "Highly Confidential" in the manner described below, so long as the materials concern the

7    producing party's trade secrets or other confidential research and development or commercial

8    information, or information for which the producing party believes in good faith it otherwise has

9    a compelling need for confidentiality. This includes, without limitation: (a) documents, exhibits,

10   answers to interrogatories, responses to requests for admissions, and deposition transcriptions and

11   all original written, recorded, graphic or electronic matters (and all identical and non-identical

12   copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the

13   information itself; or (c) any pleading, affidavit, declaration, brief, motion, transcript, or other

14   writing containing such information (subsections (a) to (c) collectively referred to herein as

15   "Litigation Materials"), all of which may be designated as "Confidential" or "Highly

16   Confidential" under this Protective Order, as appropriate. Further, Litigation Materials designated

17   "Confidential" or "Highly Confidential" by the parties pursuant to the protective order entered by

18   the Court in *In re: Cathode Ray Tube (CRT) Antitrust Litigation, U.S.D.C. Northern District of*

19   *California*, Case No. 3:07-cv-5944 SC ("MDL Action"), on June 8, 2008, shall receive all the

20   protections afforded "Confidential" or "Highly Confidential" Litigation Materials under this

21   Protective Order.

22   2.    Only non-public documents produced in discovery may be designated as

23   "Confidential" or "Highly Confidential." Accordingly, "Confidential" or "Highly Confidential"

24   materials shall not include any documents concerning information that at any time has been: (a)

25   produced, disclosed or made available to the public or otherwise available for public access; or

26   (b) disclosed in connection with any governmental public filing or securities offering and could

27   not reasonably be assumed to be or have been intended to be kept confidential. Documents

28   containing trade secrets, or other confidential research and development or proprietary business

2

1   information, the disclosure of which to other parties might competitively disadvantage the

2   producing party, may be designated as "Highly Confidential." Any document concerning

3   information that has not been preserved or maintained in a manner calculated to preserve its

4   confidentiality shall not be designated as "Confidential" or "Highly Confidential."

5   Notwithstanding the foregoing, a producing party may designate as "Confidential" or "Highly

6   Confidential" any documents transmitted or disclosed to any governmental entity pursuant to a

7   written confidentiality agreement or which is protected as confidential by statute, rule or

8   regulation.

9        3.     All "Highly Confidential" or "Confidential" Litigation Materials newly produced in

10  this matter, Case No. CGC-11-515784, shall be used by the parties and their counsel solely for the

11  purpose of the prosecution or defense of litigation in this matter, including preparing for and

12  conducting pre-trial proceedings in this action. Litigation Materials designated as "Confidential"

13  or "Highly Confidential" shall not be disclosed to anyone except as provided herein and the

14  contents thereof shall not be used for any business, commercial or competitive purpose, or used in

15  any manner in any other case, litigation, or proceeding whether or not factually related to this

16  action.

17       4.     Parties shall designate documents, including deposition transcripts, in good faith, and

18  shall not indiscriminately designate documents, so that produced documents are not over-

19  designated as "Confidential" or "Highly Confidential." Any party may object in good faith to the

20  designation of Litigation Materials. The process for resolving disputes as set forth below

21  presumes this good faith in the initial designations, objections, and meet and confer process. The

22  following process will apply to resolution of disputes hereunder: a) any party who objects to a

23  designation by a producing party shall state concisely the basis for those objections in a letter to

24  the producing party which said letter shall not exceed 5 pages; b) the letter need only be served by

25  fax or e-mail on the producing party to start this process; c) the objecting party and producing

26  party shall have ten days from the date the letter is faxed or e-mailed to meet and confer to

27  resolve the objections and/or narrow issues to be briefed; d) any objections not so resolved shall

28  be the subject of a regularly noticed motion filed by the objecting party, but the producing party

3

1  shall have the burden to support the contested designations; e) said motion shall be filed and

2  served no later than thirty days after the meet and confer period ends; and f) only the objecting

3  and producing parties shall file briefs, but other parties may file a two-page brief, unless leave of

4  Court is obtained to file a longer brief. Plaintiffs do not waive any objections to prior designations

5  of Litigation Materials in the MDL Action.

6      5.    In addition to the procedures described in paragraph 4 above, the following shall

7  apply to the process: a) a party shall not be obligated to challenge the propriety of a confidential

8  designation at the time that designation is made, and failure to so challenge does not preclude a

9  subsequent challenge; b) with the permission of the Court, either the producing or objecting party

10  may request a short informal discovery conference to be held telephonically with the Court in

11  order to avoid the need for any motion; c) said conference should be held in accordance with the

12  convenience of the Court; d) if the producing party does not oppose the motion, then designations

13  which are the subject of the objections are declassified; e) the parties will attempt in good faith to

14  combine as many issues under this Protective Order as possible so that said matters can be

15  handled efficiently and effectively; and f) for good cause shown, the parties may request

16  additional time to file any motion.

17      6.    Any Litigation Materials, the designation of which is subject to such dispute, shall be

18  treated as "Confidential" or "Highly Confidential" as designated by the producing party pending

19  resolution of the dispute by this Court.

20      7.    If any party or non-party uses Litigation Materials designated as "Confidential" or

21  "Highly Confidential" pursuant to this Protective Order during the course of a deposition herein,

22  that portion of the deposition record reflecting such "Confidential" or "Highly Confidential"

23  information shall be stamped as "Confidential" or "Highly Confidential" and access thereto shall

24  be limited pursuant to the other terms of this Protective Order. Counsel may invoke the provisions

25  of this Protective Order by stating on the record during the deposition that testimony given at the

26  deposition is designated "Confidential"  or "Highly Confidential" or by designating the

27  deposition transcript or portions thereof as "Confidential" or "Highly Confidential" before the

28  time expires within which the witness may sign the deposition transcript. No person shall be

1    present during portions of the depositions designated "Confidential" or "Highly Confidential,"

2    unless such person is authorized under the terms of this order to receive Litigation Materials

3    containing such confidential information or unless the producing party consents to such person

4    being present. All information disclosed during a deposition shall be deemed to have been

5    designated "Highly Confidential" until the time within which the witness may sign the transcript

6    expires, whether or not, any portion of the transcript has been so designated.

7          8.     Nothing in this Order affects the right of the party or non-party that produced

8    "Confidential" or "Highly Confidential" Litigation Materials to use or disclose such information

9    in any way. Such disclosure shall not waive the protections of this Protective Order and shall not

10   entitle other parties, non-parties, or their attorneys to use or disclose such information in violation

11   of the Protective Order, unless the producing party uses such materials in a manner inconsistent

12   with their confidential status, which shall serve as a basis to object to the designation. Those

13   objections shall be resolved as set forth in paragraphs 4 and 5 above.

14         9.     In the event that documents or Litigation Materials are produced by another person

15   which are actual copies of documents or other Litigation Materials which a party has produced

16   and designated "Confidential" or "Highly Confidential" that party may designate such materials

17   under this Protective Order even if they have not been so designated by the producing person. To

18   the extent that a person produces documents in this matter which are not actual copies of

19   documents previously produced and designated by a party but which contain a party's

20   "Confidential" or "Highly Confidential" information, a party may designate those documents, or

21   portions thereof, as "Confidential" or "Highly Confidential," subject to the dispute resolution

22   process set forth in paragraphs 4 and 5 above. Designations shall be made as soon as reasonably

23   possible, and shall contain the Bates stamp number(s) of the portions of the documents designated

24   and the nature of the designations. If an entire document is so designated, the designation will

25   also state which portions of the document contain the information supporting the designation so

26   that an objecting party may determine what information is specifically at issue.

27

28

*Stipulation and [Proposed] Protective Order (Case No. CGC-11-515784)*

10. Litigation Materials marked or treated as "Confidential" (including copies, extracts, and the information therein) may be given, shown, made available to, or communicated to only the following:

a. the Court, all Court personnel, any discovery referee or any settlement mediator;

b. court reporters and videographers who record depositions or other testimony in this action;

c. officers, directors, in-house counsel, or other employees of a named party to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this litigation and who have signed the Agreement, attached hereto as Exhibit A;

d. outside counsel for the named parties and employees of such counsel to whom it is necessary that the Litigation Materials be shown for purposes of this litigation;

e. pursuant to the provisions of paragraph 13(a)-(c), consultants and experts to whom it is necessary that the Litigation Materials be shown for purposes of assisting counsel in this litigation;

f. deposition witnesses;

g. employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents provided that all documents designated as "Confidential" are retrieved by the party furnishing those documents upon completion of the services;

h. any other person upon the written agreement of the party or non-party who designated the Litigation Materials as "Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order; and

i. the author, addressees, and recipients of the documents or any person who would have had access to such information by virtue of his/her employment, as well as deposition witnesses presently employed by the party producing the document.

11. Litigation Materials marked or treated as "Highly Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to or communicated to only the following:

a. the Court, all Court personnel, any discovery referee or any settlement mediator;

1      b.    Court reporters and videographers who record depositions or other testimony in this

2    action;

3      c.    employees of copying, imaging and computer services for the purpose of copying,

4    imaging, or organizing documents provided that all documents designated as "Highly

5    Confidential" are retrieved by the party furnishing those documents upon completion of the

6    services;

7      d.    counsel of the law firms signing this stipulation or employees of each counsel to

8    whom it is necessary that the Litigation Material be shown for purposes of this litigation;

9      e.    in-house counsel for a named party or its affiliated companies, so long as this in-

10   house counsel has executed the Agreement attached hereto as Exhibit A, provided, however, that

11   if (i) such person is an in-house counsel for a party that is a defendant in this action or for an

12   affiliated company of a defendant and (ii) the "Highly Confidential" documents have been

13   produced by a defendant, then such in-house counsel must be approved in writing by the

14   producing defendant to receive its "Highly Confidential" documents, unless otherwise ordered by

15   the Court;

16     f.    pursuant to the provisions of paragraph 13(a)-(c), consultants and experts to whom it

17   is necessary that the Litigation Materials be shown for purposes of assisting counsel in this

18   litigation; and

19     g.    the author, addressees and recipients or any person who would have had access to

20   such information by virtue of his/her employment, as well as deposition witnesses presently

21   employed by the party producing the document.

22     12.   If a party in this litigation other than the producing party desires to give, show, make

23   available, or communicate any Litigation Materials marked or treated as "Confidential" or

24   "Highly Confidential" to any person who is not specifically authorized pursuant to the terms of

25   this Protective Order to have access to such Litigation Materials, the party intending to disclose

26   the materials shall notify the producing party of such intent no less than three business days prior

27   to the intended disclosure. Said notification shall be sufficiently specific to inform the producing

28   party of the intended scope of the disclosure, including the name and/or job description of the

person to whom such disclosure is intended. The parties will then attempt to negotiate the terms of disclosure within two business days of the notification. If no agreement can be reached during this shortened meet and confer period, then the dispute shall be the subject of a regularly noticed motion filed by the objecting party with the producing party bearing the burden to support nondisclosure, pursuant to the dispute resolution procedure in paragraphs 4 and 5 above, except that any party may move on an ex parte or expedited basis for an order shortening time if a scheduled deposition or Court date could be delayed or cancelled. This paragraph does not apply to "Highly Confidential" documents which are used at deposition or trial in good faith for impeachment purposes only; provided, however, that the party desiring to use, pursuant to this exception, a "Highly Confidential" document for impeachment purposes at a deposition shall alert the producing party at least 48 hours in advance of its intent to use the "Highly Confidential" document under this exception, and then the requesting party and the producing party shall meet and confer in good faith to address confidentiality concerns and appropriate redactions, with any dispute being brought to the Court's attention for resolution on an expedited basis (by telephone conference or other means directed by the Court) in which only the requesting party and the producing party have notice or participate, so that the deposition is not delayed. If such a proceeding were to occur, the requesting party shall provide written notice of the fact of the proceeding and the production number of the "Highly Confidential" document at issue to the other parties to the action immediately after the conclusion of the deposition in which the request arose.

A producing party who is notified of a request to use a "Highly Confidential" document for impeachment purposes, pursuant to this paragraph, shall not disclose the fact of that request or the document or its contents to the deposition witness, the attorney for the deposition witness, or any other party to this action.

13.   (a)   If any party wishes to disclose Litigation Materials produced by any other party and designated "Confidential" or "Highly Confidential" to any expert or consultant, the expert or consultant must sign the agreement attached hereto as Exhibit A. Nothing in this Protective Order

1  shall require that non-testifying experts or consultants be deposed or otherwise be the subject of

2  discovery.

3      (b)    If any party desires to disclose another party's information designated "Highly

4  Confidential" to any expert or consultant pursuant to paragraph 11(f) above, and that expert or

5  consultant, in the five years prior to the date this Order is entered, worked for one of the

6  defendants (or their predecessors) then that party must identify in writing to the attorneys for the

7  producing party that expert or consultant and a general description of the nature of that

8  engagement sufficient to allow the producing party to determine if it will object to the disclosure

9  of its "Highly Confidential" information to that expert or consultant, unless the producing party

10 agrees to permit disclosure without such information.

11     The attorney for the producing party shall have five (5) days from receipt of such notice to

12 undertake the dispute resolution procedures set forth in paragraph 4 above, and any objections not

13 informally resolved shall be the subject of a regularly noticed motion by the producing party who

14 shall have the burden to support the restriction on dissemination of its "Highly Confidential"

15 information to that expert or consultant.

16     (c)    Such identification shall include the full name, professional address, and affiliation of

17 the expert or consultant; the present and prior employments or consultancies of the expert or

18 consultant; and work done for defendants and/or their predecessors (other than work done for the

19 party engaging that expert or consultant in this litigation).

20     14.    Each person (except the Court, Court personnel, discovery referees, settlement

21 mediators, outside counsel for the named parties and their personnel, the California Attorney

22 General's Office and its personnel, the Los Angeles City Attorney's Office and its personnel,

23 court reporters, and videographers and copying, imaging, and computer service employees)

24 provided access to Litigation Materials marked "Confidential" or "Highly Confidential" pursuant

25 to the terms of this Protective Order shall, before gaining such access, receive a copy of this

26 Protective Order and, for those persons described in paragraphs 10 and 11, shall sign an

27 agreement in the form attached hereto as "Exhibit A" or shall agree to be bound by the terms of

28 this Protective Order on the record at a deposition or hearing in this litigation. A file shall be

9

1   maintained by each attorney of record of all written agreements signed by persons who have

2   received such Litigation Materials from that party or persons affiliated with that party.

3       15.   Each witness in a deposition shall be provided with a copy of this Order at the start of

4   the examination and shall be advised on the record that he or she is bound by the terms of this

5   Order and applicable remedies under law for violating the terms of this Order.

6       16.   Without written permission from the party or non-party who produced documents

7   designated as "Confidential" or "Highly Confidential" under this Protective Order (the

8   "Producing Party"), or a court order obtained after appropriate notice to all interested persons, a

9   party, other than the Producing Party, may not file in the public record in this action any

10  documents designated "Confidential" or "Highly Confidential." If any documents designated

11  "Confidential" or "Highly Confidential" would be included in any pleading, memorandum or

12  other court filing, counsel for the party wishing to include such "Confidential" or "Highly

13  Confidential" documents shall meet and confer with opposing counsel and/or counsel for the

14  Producing Party in advance of the filing of any such pleading, memorandum or other court filing,

15  in order to narrow or eliminate the documents for which the Producing Party seeks confidential

16  status. If the meet and confer does not eliminate the need for all or part of the pleading,

17  memorandum or other court filing in question to be filed under seal, the parties shall follow the

18  procedures specified in California Rules of Court 2.550 and 2.551, and shall furthermore support

19  any request for the sealing of documents with the requisite showing of need.

20      17.   "Confidential" and "Highly Confidential" Litigation Materials shall maintain such

21  protections and designations in connection with any trial in this action. Before the trial begins, the

22  parties will meet and confer in good faith as part of the pre-trial conference statement process to

23  put into place a procedure for identification of and use of "Confidential" or "Highly Confidential"

24  documents at trial consistent with California Rules of Court 2.550 and 2.551. Any documents

25  which remain "Confidential" or "Highly Confidential" before trial shall maintain their status

26  through the time of the pre-trial conference or resolution of the procedures described above.

27      18.   The provisions of this Order may be modified at any time by stipulation of the

28  parties approved by order of the Court. In addition, a party may at any time apply to the Court for

10

1    modification of this Protective Order pursuant to a motion brought in accordance with the rules of

2    the Court. Nothing in this Stipulation and Order shall constitute: (a) an agreement by any party to

3    produce any documents or other materials in discovery not otherwise agreed upon or required by

4    court order or the California Rules of Court; (b) a waiver by any person or party of any right to

5    object to or seek a further protective order with respect to any discovery in this or any other

6    action; or (c) a waiver of any claim of immunity or privilege with respect to any testimony,

7    document, or information.

8        19.    In the event that Litigation Materials designated as "Confidential" or "Highly

9    Confidential" are disclosed to someone not authorized under the terms of this Protective Order to

10   receive such information, counsel of record for the party involved shall immediately give notice

11   to counsel of record for the party who designated the Litigation Materials as "Confidential" or

12   "Highly Confidential," and shall also describe the circumstances surrounding the unauthorized

13   disclosure. If a party fails to treat documents designated as "Confidential" or "Highly

14   Confidential" in the manner provided herein, the party should immediately take such steps as are

15   necessary to have such items placed under seal and/or restored to their confidential status.

16       20.    In the event that Litigation Materials claimed to be "Confidential" or "Highly

17   Confidential" are inadvertently produced without the appropriate designation, such documents

18   and copies thereof shall be returned to the producing party within five days of any written notice

19   requesting their return to affix the appropriate designation or immediately stamped "Confidential"

20   or "Highly Confidential" as requested by the producing party. The receiving party may challenge

21   the confidential nature of the documents, but the inadvertent production of the documents, or the

22   giving of testimony, claimed to be "Confidential" or "Highly Confidential" shall not constitute a

23   waiver of the confidentiality designation.

24       21.    Inadvertent production of any document produced in this action by any party or non-

25   party that a party or non-party later claims should have been withheld on grounds of a privilege,

26   including the work product doctrine (collectively referred to as an "Inadvertently Produced

27   Privileged Document") will not be deemed to waive any privilege or work product protection. A

28   party or non-party may request the return of any document that it inadvertently produced by

1   identifying the Inadvertently Produced Privileged Document and stating the basis for withholding

2   such document from production and providing any other information that would be listed on a

3   supplemental privilege log disclosing the document. If a party or non-party requests the return,

4   pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the

5   custody of one of more parties, the possessing parties shall within seven business days return to

6   the requesting party or non-party the Inadvertently Produced Privileged Document and all copies

7   thereof and shall expunge from any other document or material information solely derived from

8   the Inadvertently Produced Privileged Document. After a document is returned pursuant to this

9   paragraph, a party may move the Court for an order compelling production of the document.

10   22.      Within ninety days following termination of this litigation (including the final

11   resolution of any appeals), the originals and all copies, whether exact copies or compilations,

12   digests or non-exact copies in any form, of Litigation Materials designated as "Confidential" or

13   "Highly Confidential" shall be returned to the party who produced such documents or may be

14   disposed of in some other manner that is mutually agreeable among the parties. Notwithstanding

15   this, however, counsel of record may retain their file copies of all court filings, deposition or

16   hearing transcripts and exhibits, and correspondence, provided that counsel of record continues to

17   treat all "Confidential" or "Highly Confidential" Litigation Materials in the manner provided for

18   in this Protective Order.

19   23.   The termination of proceedings in this action shall not thereafter relieve the parties

20   from the obligation of maintaining the confidentiality of all Litigation Materials designated as

21   "Confidential" or "Highly Confidential" which are received pursuant to this Protective Order, and

22   are not used at trial, or are used at trial under restriction designed to exclude from the public

23   record those portions of the Litigation Materials that were designated as "Confidential" or

24   "Highly Confidential." This provision shall not apply to any Litigation Materials that are the

25   subject of a superseding ruling of the Court as to the scope of their disclosure. The Court shall

26   retain jurisdiction to enforce and/or to modify this Protective Order.

27   24.   The terms of this Protective Order shall apply to discovery directed to non-parties to

28   this Litigation, and such non-parties may specifically invoke or waive the terms and protections

12

1  of this Protective Order. To the extent that any discovery is served on a non-party, the party

2  serving the discovery shall provide the non-party with a copy of this Protective Order and

3  specifically mention the non-party's right to invoke or waive the terms of this Protective Order.

4      25.    The terms of this Protective Order apply only to designated materials, documents or

5  information that are produced in this case. If materials, documents, or information previously

6  disclosed or produced to a party are produced or deemed produced in this case, then the

7  provisions of this Protective Order shall apply.

8      26.    This Protective Order shall be construed to ensure the maximum possible protection

9  for the materials, documents or information produced by the parties herein, with this Protective

10  Order controlling in the event of any conflict between this Protective Order and California law

11  and/or agreements pursuant to which Plaintiffs obtained materials, documents, or information

12  from the producing parties.

13      27.    The parties acknowledge that, by entering into this Stipulation, the parties do not

14  waive any claims or defenses.

15  Dated:  February 23, 2012

16                              Respectfully submitted,

17                                  KAMALA D. HARRIS
18                                  Attorney General of California

19                              By _____

20                                  Paul A. Moore
21                                  Deputy Attorney General
                                    *Attorneys for Plaintiffs*

22

23

24

25

26

27

28

1   Dated: February 27 2012

MORGAN LEWIS & BOCKIUS LLP
KENT M. ROGER (SBN 95987)
MICHELLE PARK CHIU (SBN 248421)
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:   (415) 442-1000
Fax:   (415) 442-1001
kroger@morganlewis.com
mchiu@morganlewis.com

By _____
Michelle Park Chiu
*Attorneys for Hitachi, Ltd., Hitachi Asia, Ltd.,
Hitachi America, Ltd., Hitachi Electronic Devices
(USA), Inc., Hitachi Displays, Ltd.*

Dated: February ___, 2012

SHEPPARD MULLIN RICHTER & HAMPTON LLP
JAMES LANDON MCGINNIS (SBN 95788)
MICHAEL W. SCARBOROUGH (SBN 203524)
Four Embarcadero Center 17th Floor
San Francisco, CA 94111
Tel:  (415) 434-9100
Fax:  (415) 434-3947
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

By _____
Michael W. Scarborough
*Attorneys for Samsung SDI America, Inc., Samsung
SDI Co., Ltd., Samsung SDI (Malaysia) Sdn.
Bhd.,  Samsung SDI Mexico S.A. de C.V., Samsung
SDI Brasil Ltda, Shenzen Samsung SDI Co., Ltd., and
Tianjin Samsung SDI Co., Ltd.*

14

1 | Dated: February ___, 2012

MORGAN LEWIS & BOCKIUS LLP
KENT M. ROGER (SBN 95987)
MICHELLE PARK CHIU (SBN 248421)
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:    (415) 442-1000
Fax:    (415) 442-1001
kroger@morganlewis.com
mchiu@morganlewis.com

By _____
Michelle Park Chiu
*Attorneys for Hitachi, Ltd., Hitachi Asia, Ltd.,
Hitachi America, Ltd., Hitachi Electronic Devices
(USA), Inc., Hitachi Displays, Ltd.*

Dated: February ___, 2012

SHEPPARD MULLIN RICHTER & HAMPTON LLP
JAMES LANDON MCGINNIS (SBN 95788)
MICHAEL W. SCARBOROUGH (SBN 203524)
Four Embarcadero Center 17th Floor
San Francisco, CA 94111
Tel:  (415) 434-9100
Fax:  (415) 434-3947
jmcginnis@sheppardmullin.com
mscarborough@sheppardmullin.com

By _____ FOR
Michael W. Scarborough
*Attorneys for Samsung SDI America, Inc., Samsung
SDI Co., Ltd., Samsung SDI (Malaysia) Sdn.
Bhd.,  Samsung SDI Mexico S.A. de C.V., Samsung
SDI Brasil Ltda, Shenzen Samsung SDI Co., Ltd., and
Tianjin Samsung SDI Co., Ltd.*

14

*Stipulation and ~~[Proposed]~~ Protective Order (Case No. CGC-11-515784)*

Dated: February 22, 2012

WEIL, GOTSHAL & MANGES LLP
GREGORY D. HULL (SBN 57367)
201 Redwood Shores Parkway
Redwood Shores, California 94065-1175
Tel:  (650) 802-3000
Fax:  (650) 802-3100
greg.hull@weil.com

DEWEY & LEBOEUF LLP
EVA W. COLE (pro hac)
1301 Avenue of the Americas
Tel:  (212) 259-8000
Fax:  (212) 259-6333
ecole@dl.com

ALDO A. BADINI (SBN 257086)
Post Montgomery Center
One Montgomery Street
Suite 3500
San Francisco, CA 94104
Tel: (415) 951-1100
Fax: (415) 951-1180
abadini@dl.com

By _____
Eva W. Cole
*Attorneys for Defendants Panasonic Corporation of
North America, MT Picture Display Co., Ltd., and
Panasonic Corporation (f/k/a Matsushita Electric
Industrial Co., Ltd.)*

15

WHITE & CASE LLP
BIJAL V. VAKIL (STATE BAR NO. 192878)
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
Telephone:  (650) 213-0300
Facsimile:  (650) 213-8158
*bvakil@whitecase.com*

LUCIUS B. LAU (PRO HAC VICE)
DANA E. FOSTER (PRO HAC VICE)
701 Thirteenth Street, NW
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355
*alau@whitecase.com*
*defoster@whitecase.com*

By _____
DANA E. FOSTER
*Attorneys for Defendants Toshiba Corporation; Toshiba*
*America, Inc.; Toshiba America Consumer Products,*
*LLC; Toshiba America Information Systems, Inc.; and*
*Toshiba America Electronic Components, Inc.*

Dated: February __, 2012

ARNOLD & PORTER LLP
RONALD C. REDCAY (SBN 67236)
D. ERIC SHAPLAND (SBN193853)
ERIC D. MASON (SBN 259233)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
*ronald.redcay@aporter.com*
*eric.shapland@aporter.com*
*eric.mason@aporter.com*

By _____
D. Eric Shapland
*Attorneys for LG Electronics, Inc., LG Electronics USA,*
*Inc.*

16

1

2
WHITE & CASE LLP
BIJAL V. VAKIL (STATE BAR NO. 192878)
3
3000 El Camino Real
5 Palo Alto Square, 10th Floor
4
Palo Alto, CA 94306
Telephone: (650) 213-0300
5
Facsimile: (650) 213-8158
*bvakil@whitecase.com*
6

7
LUCIUS B. LAU (PRO HAC VICE)
DANA E. FOSTER (PRO HAC VICE)
8
701 Thirteenth Street, NW
Washington, DC 20005
9
Telephone: (202) 626-3600
Facsimile: (202) 639-9355
10
*alau@whitecase.com*
*defoster@whitecase.com*
11

12
By _____
Bijal V. Vakil
13
*Attorneys for Defendants Toshiba Corporation; Toshiba*
*America, Inc.; Toshiba America Consumer Products,*
14
*LLC; Toshiba America Information Systems, Inc.; and*
*Toshiba America Electronic Components, Inc.*
15

16   Dated: February **21** 2012
ARNOLD & PORTER LLP
17
RONALD C. REDCAY (SBN 67236)
D. ERIC SHAPLAND (SBN193853)
18
ERIC D. MASON (SBN 259233)
777 South Figueroa Street, 44th Floor
19
Los Angeles, CA 90017-5844
*ronald.redcay@aporter.com*
20
*eric.shapland@aporter.com*
*eric.mason@aporter.com*
21

22
By _____
D. Eric Shapland
23
*Attorneys for LG Electronics, Inc., LG Electronics USA,*
*Inc.*
24

25

26

27

28

16

1

## ORDER

2

3   PURSUANT TO THE STIPULATION OF THE PARTIES IN THE PEOPLE OF THE STATE

4   OF CALIFORNIA, ET AL., V. SAMSUNG SDI, CO., ET AL, CASE NO. CGC-11-515784, IT

5   IS SO ORDERED

6

7

8   Dated: ___3- 2- 12___

9                                               RICHARD A. KRAMER
                                                California Superior Court Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Exhibit A**

3

**AGREEMENT CONCERNING MATERIAL COVERED BY AN ORDER
ENTERED IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN THE
COUNTY OF SAN FRANCISCO**

4

5

6

7

8

9

10

The undersigned hereby acknowledges that he or she has read the attached STIPULATION AND [PROPOSED] PROTECTIVE ORDER entered in the Superior Court of the State of California in *The People of the State of California, et al., v. Samsung SDI, Co., et al*, Case No. CGC-11-515784, and understands the terms thereof and agrees to be bound by such terms. The undersigned further acknowledges and understands that a violation of the Protective Order could be punishable as a contempt of court.

11

12

13

Dated: _____        _____

14

[Sign Above and Type or Print Name Here]

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18