Kathy L. Osborn (*pro hac vice*)
Ryan M. Hurley (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: +1 317-237-0300
Facsimile: +1 317-237-1000
kathy.osborn@FaegreBD.com
ryan.hurley@FaegreBD.com

Calvin L. Litsey (SBN 289659)
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, CA  94303-2279
Telephone: +1 650-324-6700
Facsimile: +1 650-324-6701
calvin.litsey@FaegreBD.com

Jeffrey S. Roberts (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo
1700 Lincoln Street
Denver, CO  80203
Telephone: +1 303-607-3500
Facsimile:  +1 303-607-3600
jeff.roberts@FaegreBD.com

Stephen M. Judge (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
202 S. Michigan Street, Suite 1400
South Bend, IN  46601
Telephone: +1 574-234-4149
Facsimile:  +1 574-239-1900
steve.judge@FaegreBd.com

*Attorneys for Defendants Thomson SA and Thomson Consumer Electronics, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | No. 07-cv-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL ACTIONS | **THOMSON DEFENDANTS' JOINDER IN SAMSUNG SDI DEFENDANTS' OPPOSITION TO STATE OF CALIFORNIA'S MOTION FOR PERMISSIVE INTERVENTION AND MOTION TO RESTORE PUBLIC ACCESS TO 107 COURT RECORDS** |
| | Date: September 25, 2015<br>Time: 10 a.m.<br>Courtroom: One<br>Judge: Hon. Samuel Conti |

Defendants Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc. (n/k/a Technicolor USA, Inc.) (together, "Thomson Defendants") respectfully join in Samsung SDI Defendants' Opposition to State of California's Motion for Permissive Intervention and Motion to Restore Public Access to 107 Court Records ("SDI's Objection") [Dkt. No. 4022.] For the reasons set forth in SDI's Opposition, California's motion to intervene and unseal court records should be denied.

California's motion ignores the fact that some of the documents it seeks to unseal contain the "confidential" or "highly-confidential" information of parties other than SDI. For example, California seeks to unseal the First Amended Complaints certain Direct Action Plaintiffs ("DAPs") filed under seal against the Thomson Defendants, Mitsubishi Electric Defendants, Technologies Displays Americas LLC, and Videocon Industries Ltd. (*See* [Dkt. No. 3936-3] at 5:10-20.) The relevant DAPs filed an administrative motion to seal portions of their First Amended Complaints because "they contain excerpts from and/or statements derived from documents and testimony which have been designated 'confidential' or 'highly confidential' . . . by certain defendants in this litigation." (*See* [Dkt. No. 2279-1].) Five different groups of defendants – Philips, Panasonic, Hitachi, Toshiba, and SDI – then each filed separate declarations in support of the motion to seal in which they affirmed that portions of the Amended Complaints relied upon or summarized documents or deposition testimony they had each designated as "confidential" or "highly confidential" under the operative protective order. (*See* [Dkt. Nos. 2285, 2287, 2290, 2294, and 2295].) As another example, California seeks to unseal various expert reports which reference and discuss "confidential" or "highly-confidential" documents produced by a number of defendants, including the Thomson Defendants. (*See* [Dkt. No. 3936-3].) Thus, although California's motion is only directed at SDI, it actually seeks to unseal the confidential or highly-confidential information of numerous other parties litigating in this MDL. Despite this, California does not even attempt to establish that the sealing applications submitted by any party other than SDI are inadequate. Nor has California shown that it has met and conferred or otherwise attempted to reach agreements with other parties as required by the

Protective Order. (*See* [Dkt. No. 306] at 6.) Accordingly, because many of the documents California seeks to unseal contain confidential or highly-confidential information of parties other than SDI and California has not established that these parties are not entitled to maintain the confidentiality of their information, California's motion should be denied. Alternatively, California's motion should be referred to Special Master Walker so those parties, like the Thomson Defendants, whose information is potentially impacted by the motion are afforded an opportunity to be heard.

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | Dated:  August 26, 2015 | Respectfully submitted, |
| 3 | | |
| 4 | | */s/ Kathy L. Osborn* |
|   | | Kathy L. Osborn (*pro hac vice*) |
| 5 | | Ryan M. Hurley (*pro hac vice*) |
|   | | Faegre Baker Daniels LLP |
| 6 | | 300 N. Meridian Street, Suite 2700 |
|   | | Indianapolis, IN  46204 |
| 7 | | Telephone: +1-317-237-0300 |
|   | | Facsimile: +1-317-237-1000 |
| 8 | | kathy.osborn@FaegreBD.com |
|   | | ryan.hurley@FaegreBD.com |
| 9 | | |
| 10 | | Jeffrey S. Roberts (*pro hac vice*) |
|   | | Faegre Baker Daniels LLP |
| 11 | | 3200 Wells Fargo Center |
|   | | 1700 Lincoln Street |
| 12 | | Denver, CO  80203 |
|   | | Telephone: +1-303-607-3500 |
| 13 | | Facsimile:  +1-303-607-3600 |
|   | | jeff.roberts@FaegreBD.com |
| 14 | | |
| 15 | | Stephen M. Judge (*pro hac vice*) |
|   | | Faegre Baker Daniels LLP |
| 16 | | 202 S. Michigan Street, Suite 1400 |
|   | | South Bend, IN  46601 |
| 17 | | Telephone: +1 574-234-4149 |
|   | | Facsimile:  +1 574-239-1900 |
| 18 | | steve.judge@FaegreBd.com |
| 19 | | |
| 20 | | Calvin L. Litsey (SBN 289659) |
|   | | Faegre Baker Daniels LLP |
| 21 | | 1950 University Avenue, Suite 450 |
|   | | East Palo Alto, CA  94303-2279 |
| 22 | | Telephone: +1-650-324-6700 |
|   | | Facsimile: +1-650-324-6701 |
| 23 | | calvin.litsey@FaegreBD.com |
| 24 | | ***Attorneys for Defendants Thomson SA and*** |
| 25 | | ***Thomson Consumer Electronics, Inc.*** |
| 26 | | |
| 27 | | |
| 28 | | |