

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**JEFFREY L. KESSLER**
Partner
212-294-4698

September 1, 2015

**VIA ECF**

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Fl.
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-5944 SC, MDL No. 1917

Dear Judge Conti:

    We represent defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), and we respectfully write on behalf of all remaining Defendants[1] in the above-referenced matter to address certain issues related to the pending dispositive motions that may be reviewed by a Special Master appointed by the Court.[2]

    *First*, with respect to the ownership-and-control dispositive motions listed on Exhibit A, annexed hereto, Defendants jointly request that Your Honor and a Special Master decide the issues only with respect to the Plaintiffs in the Ninth Circuit, and then remand those motions to their respective transferor courts for decisions regarding the other Plaintiffs' standing to proceed in those actions.  *See* 28 U.S.C. § 1407; *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  Defendants respectfully request that the Court allow the respective remand courts to decide the disputed ownership-and-control issues for those other Plaintiffs because those summary judgment motions are "likely to encounter . . . problems due to differing circuit law."  *See* Order of Honorable Samuel Conti Requesting Supplemental Submissions on Different Law Applicable to Mots. in Advance of the Case Status Conference, dated July 31, 2015, at 2 (the "July 31, 2015 Order").  Specifically, the respective transferor

---

[1] "Defendants" collectively refers to Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., Koninklijke Philips N.V., Philips Electronics North America Corporation, LG Electronics, Inc., Mitsubishi Electric Corporation, Mitsubishi Electric Visual Solutions America, Inc., Mitsubishi Electric US, Inc., Panasonic Corporation of North America, MT Picture Display Co., Ltd., Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Samsung SDI America, Inc., Samsung SDI Co., Ltd., Samsung SDI (Malaysia) SDN. BHD., Samsung SDI Mexico S.A. DE C.V., Samsung SDI Brasil Ltda., Shenzen Samsung SDI Co., Ltd., Tianjin Samsung SDI Co., Ltd., Technicolor SA (f/k/a Thomson SA), Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.), Technologies Displays Americas LLC, Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.

[2] Only the Toshiba Defendants have filed an objection to the appointment of Magistrate Judge (Ret.) Larson.



September 1, 2015
Page 2

courts in those cases have *not* adopted the Ninth Circuit's test for determining ownership and control under *Royal Printing Co. v. Kimberly Clark Corporation*, 621 F.2d 323 (9th Cir. 1980), and those courts therefore may decide the disputed ownership-and-control issues in those pending dispositive motions differently than this Court may decide under Ninth Circuit law. *See, e.g.*, *Lakeland Regional Medical Center, Inc. v. Astellas US, LLC*, 763 F.3d 1280, 1285 & n. 5 (11th Cir. 2014); *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 100-01 (E.D.N.Y. 1980). For example, the United States District Court for the Eastern District of New York, to which many of the cases listed on Exhibit A will be transferred, has adopted a different test for determining whether the ownership-and-control exception is satisfied. *See In re Vitamin C Antitrust Litig.*, 279 F.R.D. at 100-01.

*Second*, similarly with respect to the Foreign Trade Antitrust Improvements Act ("FTAIA") dispositive motions listed on Exhibit B, Defendants suggest that Your Honor and a Special Master may wish to decide the issues only with respect to the Plaintiffs in the Ninth Circuit, and remand those motions with respect to the other Plaintiffs for decision by their respective transferor courts. *See* 28 U.S.C. § 1407. As pointed out in the previous joint filing by the parties, there are certain legal issues regarding the FTAIA that have divided appellate courts. Dkt. 3952-1. Although Defendants believe that their motions are meritorious under the law in any jurisdiction, the Court may conclude that the respective remand courts should decide the disputed FTAIA issues for Plaintiffs outside the Ninth Circuit because those summary judgment motions concern a rapidly evolving area of the law and may "encounter . . . problems due to differing circuit law" as new opinions in this area are published. *See* July 31, 2015 Order (Dkt. 3942), at 2. *See also Motorola Mobility LLC v. AU Optronics Corp.*, 775 F.3d 816 (7th Cir. 2015) (affirming district court's reconsideration of MDL court order regarding the FTAIA in LCD panel litigation).

*Third*, with respect to the dispositive motions unrelated to any of the Northern District of California plaintiffs and listed on Exhibit C, Defendants jointly request that Your Honor remand these motions to their respective transferor courts for decisions. *See* 28 U.S.C. § 1407. Remand is most appropriate for these motions because the questions of law raised in these motions are not common to any Plaintiffs whose claims will be tried in this Court. *See In re Maxim Integrated Products, Inc. Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) ("[P]rompt remand after the common claims are construed and summary judgment addressed on certain common invalidity grounds may be appropriate.").

*Fourth and finally*, Defendants jointly request oral argument before the Special Master for the few selected summary-judgment motions listed on Exhibit D. As Defendants noted at the August 7th Conference, oral argument would assist the Special Master by addressing the relevant record evidence and governing law for the limited summary judgment motions identified on Exhibit D, which comprise some of the most significant and complex dispositive motions pending before the Court. *See* Aug. 7th Tr. at 17:16-18:19.

Case 4:07-cv-05944-JST   Document 4031   Filed 09/01/15   Page 3 of 3



September 1, 2015
Page 3

We thank the Court in advance for its consideration of the above requests.

Respectfully Submitted,

/s/ *Jeffrey L. Kessler*

Jeffrey L. Kessler
*On Behalf of Defendants*

cc:
The Honorable James Larson (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111


All counsel via ECF