Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF MARTIN QUINN AS SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[F.R.C.P. 53]**<br><br>Hearing Date: October 23, 2015<br>Time: 10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge: Honorable Samuel Conti |

**NOTICE OF MOTION AND MOTION TO APPOINT SPECIAL MASTER**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 23, 2015 at 10:00 a.m., before the Honorable Samuel Conti, United States District Court for the Northern District of California, 450 Golden Gate Ave., Courtroom 1, 17th Floor, San Francisco, California, the Indirect Purchaser Plaintiffs ("Plaintiffs") will move the Court, pursuant to Federal Rule of Civil Procedure 53, for entry of an Order Appointing Martin Quinn as Special Master.

The ground for this motion is that appointment of a Special Master will facilitate the Court's review of the motions for settlement approval and for attorneys' fees, as well as anticipated objections thereto. The motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the accompanying Declaration of Mario N. Alioto, and any further papers filed in support of this motion, the argument of counsel, and all pleadings and records on file in this matter.

1

INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR
APPOINTMENT OF SPECIAL MASTER – Master File No. CV-07-5944-SC

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Introduction**

The Indirect Purchaser Plaintiffs ("Plaintiffs") respectfully request appointment of Martin Quinn as Special Master under Rule 53 of the Federal Rules of Civil Procedure, to assist the Court with respect to motions for settlement approval and awards of attorneys' fees, expenses and service awards, as well as anticipated objections thereto.

II. **The Court Should Appoint Special Master Martin Quinn to Assist With the Approval of the Settlements in the IPP Cases**

On July 9, 2015, the Court preliminarily approved Plaintiffs' settlements with the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, and Technologies Displays Americas Defendants. (Dkt. No. 3906.) A Fairness Hearing is scheduled for November 13, 2015. Plaintiffs will shortly be filing a motion requesting awards of attorneys' fees and expenses, and for service awards to class representatives. Thereafter, Plaintiffs will be filing further papers in support of approval of the settlements.

The settlements obtained in this litigation total $576,750,000, one of the largest recoveries ever in an indirect purchaser case. Settlements of this size typically draw objections. Plaintiffs anticipate a number of objections to both settlement approval and the requested award of attorneys' fees—including objections by so-called professional objectors who typically appear in cases of this magnitude. Objections often relate to numerous aspects of settlement, such as the notice to the class, the notice program, and the plan of distribution to the class. Objections also are directed to claimed fees and expenses, and can often lead to a full-blown accounting exercise. In addition, discovery and motions to compel relating to these objections are often necessary. The goal of the professional objectors is to make revisions to the settlements, claim those revisions benefited the class, and then seek a fee award for this claimed benefit. *See* Declaration of Mario N. Alioto ("Alioto Decl.") ¶ 2.

All of these matters are especially suitable for referral to a Special Master, and specifically to Special Master Martin Quinn.

First, Special Master Quinn has already served as a Special Master in this case. He heard the class certification motion and the early *Daubert* motion challenging the IPPs' expert, Dr. Janet Netz.

1

1  (*See* Dkt. Nos. 1742 and 1743.)  Accordingly, he is already familiar with many of the underlying
2  facts in this litigation.

3     Second, Special Master Quinn served as Special Master in the *LCD* case.  He handled all of
4  the fee proceedings in that litigation.  These proceedings were quite protracted, involving many
5  objections, discovery regarding those objections, and other protracted disputes with the professional
6  objectors.  Lead Counsel believes similar issues and proceedings are likely to arise here as well.
7  Since Special Master Quinn is already familiar with these matters, he is the logical choice to serve as
8  Special Master in this case.  *See* Alioto Decl. ¶ 3.

9     The Court's recent Order To Show Cause ("OTC") regarding the appointment of Judge
10 Larson as Special Master (Dkt. No. 3986) states that the Court may in the future appoint another
11 Special Master to assist with this case.  *See* OTC at p. 3: 12-15.  The Court should do so and appoint
12 Special Master Quinn.

13    Although the Court has already appointed Judge Larson and Judge Walker as Special
14 Masters in this case, both of those Judges have already received very substantial assignments.  Judge
15 Larson will be hearing all of the pending motions before trial in a number of large, individual
16 lawsuits.  Judge Walker is hearing all of the discovery disputes in those cases, as well as serving as
17 settlement mediator.  The additional work required in the indirect purchaser cases will also be quite
18 demanding, is completely unrelated to the work Judges Larson and Walker are performing, and
19 would, we believe, unduly burden Judges Larson and Walker.  Thus, the Court should appoint
20 Special Master Quinn rather than assign these new matters to one of the existing Special Masters.
21 Special Master Quinn is prepared to serve as Special Master and, if appointed, he has the time to
22 handle the potentially complex, drawn-out proceedings in the indirect purchaser litigation.  *See*
23 Alioto Decl. ¶ 4.

24    Lead Counsel also respectfully requests that the Court appoint Special Master Quinn as soon
25 as possible.  This will allow him to begin reviewing the submissions to date, to deal with objections
26 as soon as they are filed, and otherwise to assist in the approval of the settlements.  The work of the
27 Special Master will materially advance the litigation, thereby achieving considerable cost-savings to
28

all parties.  The Court can protect against unreasonable expenses and delay through regular communication with the Special Master, as set forth in the Proposed Order.  Alioto Decl. ¶ 5.

Lead Counsel proposes that the Court appoint Special Master Quinn to assist the Court in the following matters:

1. Assist with the motion for final approval of the pending settlements in the IPP litigation, the aggregate award of attorneys' fees and the reimbursement of expenses to all plaintiffs' counsel, and service awards to the named plaintiffs; any objections to these matters; and any other matters that the Court may direct him to undertake;

2. Preside over hearings, take evidence, conduct telephonic conferences to resolve disputes arising during depositions, and issue orders awarding non-contempt sanctions, as provided by Rules 37 and 45;

3. Receive and consider information designated as confidential pursuant to the Protective Order entered in this matter, and review privileged material *in camera*;

4. Prepare reports and issue recommendations on the subjects of: (a) approval of the pending settlements, including any objections thereto; (b) the aggregate award of attorneys' fees and expenses to all plaintiffs' counsel and service awards to named plaintiffs, including any objections thereto; and (c) the reimbursement of the parties' expenses, including any objections thereto.  *See* Fed. R. Civ. P. 53(e);

5. Retain independent auditors, accountants, and clerical assistants to assist him with the preparation of any report concerning expenses or fees; and

6. Employ such processes, and request such evidence and information, in whatever form is appropriate, as will contribute to a fair and efficient resolution of such issues.

**III.    Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the accompanying [Proposed] Order Appointing Martin Quinn as Special Master.

//

//

//

| | |
|---|---|
| Dated:  September 1, 2015 | Respectfully submitted,<br><br> /s/ Mario N. Alioto<br>Mario N. Alioto (56433)<br>malioto@tatp.com<br>Joseph M. Patane (72202)<br>jpatane@tatp.com<br>Lauren C. Capurro (241151)<br>laurenrussell@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>Telephone: 415-563-7200<br>Facsimile: 415-346-0679<br><br>*Lead Counsel for Indirect Purchaser Plaintiffs* |