Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-SC |
|---|---|
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR APPOINTMENT OF MARTIN QUINN AS SPECIAL MASTER**<br><br>Hearing Date:  October 23, 2015<br>Time: 10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge:  Honorable Samuel Conti |

I, Mario N. Alioto, declare:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("Plaintiffs") in the above-captioned action, and as Counsel for Plaintiffs in the *Luscher* action that is also part of this MDL. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. I have represented consumers in numerous antitrust class actions. In my experience, settlements of this size typically draw objections. Plaintiffs anticipate a number of objections to both settlement approval and the requested award of attorneys' fees—including objections by so-called professional objectors who typically appear in cases of this magnitude. Objections often relate to numerous aspects of settlement, such as the notice to the class, the notice program, and the plan of distribution to the class. Objections also are directed to claimed fees and expenses, and can often lead to a full-blown accounting exercise. In addition, discovery and motions to compel relating to these objections are often necessary. The goal of the professional objectors is to make revisions to the settlements, claim those revisions benefited the class, and then seek a fee award for this claimed benefit.

3. I represented indirect purchaser plaintiffs in the *LCD* litigation. Special Master Quinn served as Special Master in the *LCD* case. He handled all of the fee proceedings in that litigation. These proceedings were quite protracted, involving many objections, discovery regarding those objections, and other protracted disputes with the professional objectors. Lead Counsel believes similar issues and proceedings are likely to arise here as well. Since Special Master Quinn is already familiar with these matters, he is the logical choice to serve as Special Master in this case.

4. Special Master Quinn has stated that he is prepared to serve as Special Master if appointed, and that he has time to handle these potentially complex, drawn-out proceedings.

5. I believe that now is the time to make this appointment so that the Special Master is in place when the objections are filed and he can begin to assist in the settlement approval process as soon as possible. The appointment and use of the Special Master will materially advance the

litigation, thereby achieving considerable cost-savings to all parties.  The Court can protect against unreasonable expenses and delay through regular communication with the Special Master.

      I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st day of September, 2015 at San Francisco, California.

                                                          /s/     Mario N. Alioto
                                                                  Mario N. Alioto

*Lead Counsel for the Indirect Purchaser Plaintiffs*