KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE
Senior Assistant Attorney General
State Bar No. 65819
EMILIO VARANINI
State Bar No. 163952
ESTHER LA
State Bar No. 160706
PAMELA PHAM
State Bar No. 235493
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5607
 Fax:  (415) 703-5480
 E-mail:  Pamela.Pham@doj.ca.gov

*Attorneys for the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, | Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| This Documents Relates To: <br><br> ALL ACTIONS | **STATE OF CALIFORNIA'S REPLY BRIEF IN SUPPORT OF MOTION FOR PERMISSIVE INTERVENTION AND MOTION TO RESTORE PUBLIC ACCESS TO 107 COURT RECORDS** |
| | Hearing Date: September 25, 2015 <br> Time:  10:00 A.M. <br> Courtroom:  One, 17th Floor <br> Judge:  Honorable Samuel Conti |

1

REPLY BRIEF IN SUPPORT OF MOTION FOR PERMISSIVE INTERVENTION AND MOTION TO RESTORE
PUBLIC ACCESS TO 107 SEALED COURT RECORDS                                          (Master File No. CV-07-5944-SC)

## I. INTRODUCTION

After invoking this Court's sealing orders to justify its refusal to de-designate the alleged confidentiality of certain records filed in this Court, SDI has now taken the incredible position that the State of California's (the "State") motion to intervene should be denied because the State should have sought to de-designate those records in state court instead. SDI's gamesmanship should not be tolerated. Indeed, had the State brought a motion in state court to de-designate this Court's records, SDI undoubtedly would have argued, as it did during meet and confer with the State, that "Judge Conti has already considered this issue and has repeatedly ordered that these responses be sealed." The State promptly filed this motion after it learned that SDI was relying on this Court's sealing orders to justify its refusal to withdraw its confidentiality designations under a state-court protective order and thereby block public access to information not just in this Court but also in state court proceedings concerning SDI's participation in a global CRTs price-fixing conspiracy that resulted in overcharges to affected members of the public. Given SDI's invocation of this Court's sealing orders in state court proceedings, SDI's argument that the State's intervention motion for the purpose of modifying this Court's sealing orders is an attempt to end-run the state-court protective order is not well-taken.

SDI's attempt to trivialize the State's representation of the public's interest in free and open access to court records is also troubling. There can be no serious dispute that the State has a compelling interest in upholding the public's fundamental democratic right to have open public trials, especially in cases involving the State's allegations of harm to the public.

In its opening briefs, the State set forth the factual background leading to its motion for permissive intervention so as to allow public access to the records sealed in this Court, and also provided well-established authority in support of its motion, including the controlling Ninth Circuit holdings in *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992) and *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096 (9th Cir. 1990), as well *California ex rel. Lockyer v. Safeway, Inc.*, 355 F.Supp.2d 1111 (C.D. Cal. 2005). *See* Motion for Intervention at 3-8. The State's Motion demonstrated all three elements for permissive intervention under Rule 24(b), including an independent ground for jurisdiction, a timely motion, and a common nexus.

2

1  *Id.* None of the cases cited in SDI's Opposition disturbs this Court's "very broad" discretionary

2  power under Rule 24(b) to grant the State's motion for permissive intervention – made pursuant

3  to this Court's invitations at ECF Nos. 1512, 3498, 3626, and 3795.

4  **II.     ARGUMENT**

5       **A**.  **SDI's Opposition to the State's Motion for Permissive Intervention Is
           Indefensible Given SDI's Repeated Invocation of this Court's Sealing Orders.**
6

7       SDI does not dispute that the State is not a party in this MDL proceeding. SDI also does

8  not dispute that a non-party may bring a motion for permissive intervention under Rule 24(b) to

9  access sealed documents and/or to modify a protective order. Instead, SDI argues that the State's

10 motion for permissive intervention to modify this Court's sealing orders should have been filed in

11 state court because the documents sealed by this Court's orders were also designated by SDI as

12 confidential or highly confidential under a state-court protective order. SDI's position is

13 nonsensical and should be rejected.

14      First, as set forth in detail in the State's opening papers, from June 2014 through February

15 2015, the State did repeatedly ask SDI to withdraw its confidentiality designations under the

16 state-court protective order. *See* Declaration of Pamela Pham ("Pham Decl.") ¶¶ 6-7. SDI,

17 however, repeatedly invoked this Court's sealing orders to maintain its confidentiality

18 designations to prevent public access to key evidence in state court proceedings. *See id.* ¶ 7; *see*

19 also Reply Declaration of Pamela Pham ("Reply Pham Decl."), ¶ 3, Exh. A at ¶ 7. SDI cannot

20 have it both ways. It cannot rely on this Court's sealing orders to justify its confidentiality

21 designations, and then claim that the State cannot move this Court for permission to intervene to

22 unseal those records, even though this Court has issued numerous invitations for this kind of

23 intervention. *See* Motion for Intervention at 3-4.[1]

24

25      [1] Indeed, one of the sealing orders that SDI invoked (*see* Reply Pham Decl., Exh. A at ¶ 7)
        actually contains this Court's first invitation for intervention by members of the public. That
26      Order states in pertinent part: "[T]he Court will look favorably upon motions to intervene filed
        by members of the public who wish to access the sealed documents. If such motions are filed, the
27      Court will not hesitate to appoint a Special Master to review the documents to be unsealed, whose
        fee shall be paid directly by the party seeking to preserve confidentiality." ECF No. 1512 at 2.
28

3

REPLY BRIEF IN SUPPORT OF MOTION FOR PERMISSIVE INTERVENTION AND MOTION TO RESTORE
PUBLIC ACCESS TO 107 SEALED COURT RECORDS                    (Master File No. CV-07-5944-SC)

Second, SDI argues that the State's intervention is an end-run around the state court protective order and would somehow prejudice SDI by depriving it of its rights under that order. This argument is also baseless. Again, it is SDI who invoked this Court's sealing orders as a basis for refusing to de-designate key evidence for use in state court. Thus, contrary to SDI's assertion, the State is not seeking to bypass the state-court protective order but, given SDI's invocation of this Court's sealing orders, the State is simply seeking to intervene to have certain records unsealed. This Court retains jurisdiction to modify its own sealing orders, *see Beckham Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992), and an exercise of that jurisdiction here does not affect the state court's ability to also de-designate any SDI documents produced in the state court proceedings; rather, it could help that process by preventing SDI from using this Court's sealing orders as shields in state court.

SDI's reliance on *Pittston Co. v. United States*, 368 F.3d 385 (4th Cir. 2004) to support its point here is misplaced because that case did not involve a motion for intervention. Instead, Pittston involved a party's motion to unseal documents that had been produced by a ***non-party*** pursuant to a protective order. Under these particular set of facts, the court declined to unseal the documents of a non-party. *Pittston*, 368 F.3d at 406. Here, the State is not seeking to unseal documents produced by a non-party. Thus, *Pittston* is not dispositive.

SDI's reliance on *Alice Anderson v. Hartford Life*, No. 2:08-cv-471-WTL-WGH, 2010 U.S. Dist. LEXIS 34068 (S.D. Ind. April 6, 2010) is also unavailing for a number of reasons. First, the case did not involve a motion for intervention, but rather involved a private plaintiff's request to unseal documents that had been designated confidential pursuant to a protective order. Second, the plaintiff failed to object to the confidentiality designation when the documents were produced, as required under the protective order. Third, the plaintiff made only a generalized argument that members of the public should know this information. Here, unlike *Alice Anderson*, the State objected to SDI's confidentiality designation in June 2014, continued to meet and confer with SDI on this issue over the course of the following year, and was left with no choice but to file this motion when SDI invoked the Court's sealing order as a basis for refusing to de-designate documents. *See* Pham Decl. ¶¶ 6-7. Furthermore, unlike the plaintiff in *Alice Anderson*, the State

4

1  has made more than a generalized argument that the public should have access to the court
2  records at issue. As set forth in its motion and also below, the State, on behalf of the public, has a
3  compelling interest in providing the public access to an open trial of the State's antitrust action
4  alleging injury to the public. *See* Motion for Intervention at 3-5; Intervenor's Motion to Restore
5  Public Access at 3-9.

### B. The State Has a Compelling Interest In Providing Public Access to Court Proceedings Involving the State's Allegations of Harm to the Public.

SDI's assertion that the State's motion for intervention should be denied because the State already has access to the sealed court records is also without merit because the State's motion for intervention seeks ***public access*** to the sealed court records, a significant point which SDI fails to appreciate and seeks to trivialize. *See* Intervenor's Motion to Restore Public Access. The State, acting through the Attorney General on behalf of the public, has a compelling interest in providing the public access to an open trial of the State's antitrust action alleging injury to the public and to the State. *See* Motion for Intervention at 3-5; Intervenor's Motion to Restore Public Access at 3 and 8-9. She accordingly can be presumed to be acting in the public interest in circumstances such as this. *See D'Amico v. Bd. of Medical Examiners*, 520 P.2d 10, 20 (Cal. 1974) (Attorney General has "broad powers derived from the common law relative to the protection of the public interest"); *id.* (the Attorney General has the power "to file" "any . . . proceeding directly involving the rights and interests of the state, or which [she] deems necessary for the enforcement of the laws of the state, the preservation of order, and the protection of public rights and interests. [Internal quotation marks and citation omitted]"); Cal. Evid. Code, §664 ("It is presumed that official duty has been regularly performed"). None of the cases cited by SDI supports any notion otherwise.[2]

---

[2] SDI also implicitly concedes that the State is not even required to make a required showing of "compelling reason" to unseal documents submitted with dispositive motions. Here, the vast majority of the 107 court records were filed in connection with a dispositive motion. Reply Pham Decl. ¶4. Thus, the presumption of the public's right to access those documents remains unrebutted.

5

REPLY BRIEF IN SUPPORT OF MOTION FOR PERMISSIVE INTERVENTION AND MOTION TO RESTORE
PUBLIC ACCESS TO 107 SEALED COURT RECORDS           (Master File No. CV-07-5944-SC)

Indeed, *California ex. rel. Lockyer v. Safeway*, *Inc.* which was cited in the State's Motion, confirms the importance of the State's compelling interest in providing public access to court proceedings. In that case, plaintiff the State of California and non-party the Los Angeles Times each moved to unseal records. As a plaintiff in that action, the State already had access to the records that had been sealed. The State moved to unseal the records, however, on the grounds that the public has a special interest in being informed of antitrust claims alleging injury to consumers. *Id.* at 1123-24. The Court agreed. *Id.* at 1124. ("We find that the State's representation of the public's interest in access to a proceeding involving the State's allegations of *harm to the public* weighs especially heavily in favor of access.") (emphasis in original.)[3] Thus, *California ex. rel. Lockyer* supports the granting of the State's motion for intervention.

SDI's reliance on the Second Circuit's decision in *H.L. Haydon Co. of New York, Inc. v. Siemens Medical Systems*, *Inc.*, 797 F.2d 85 (2nd Cir. 1986) for the contrary proposition is unavailing because that case did not involve a state's intervention motion seeking to provide public access to court records. Instead, the State of New York moved to intervene, under both Rule 24(a) and Rule 24(b), to challenge the district court's denial of a motion to modify a protective order, a modification that would have authorized disclosure of protected materials to the New York State authorities for its enforcement efforts (but not disclosure of designated materials to the public). Notably, in affirming the denial of intervention, the court noted that New York could obtain the information it sought by way of intervention directly from the party by way of its subpoena powers instead. Unlike New York, the State of California is not seeking disclosure of designated materials for its own enforcement efforts, but instead is seeking to intervene to provide **public access** to court records. Thus, *H.L. Haydon* is not on point.

*Skydive Arizona Inc., v. Cary Quattrocchi*, No. CV 05-6256-PHX-MHM, 2009 U.S. Dist. LEXIS 128418 (D. Ariz. Feb. 2, 2009) is also not on point. That case involved one individual's motion to intervene to access a confidential settlement agreement for her own benefit, as she

---

[3] SDI also misleadingly asserts that *California ex. Rel. Lockyer* "resolved only motions to unseal records, not a motion to intervene." Opposition at fn 3. Not so. The court expressly noted that the Los Angeles Times "moved to intervene in order to file its motion to unseal" and "we granted [the Los Angeles Times'] motion to intervene." *California ex rel. Lockyer* at fn 1.

1  claimed that the document "was highly relevant to claims that the Defendants have alleged

2  against [her]." *Id.* at *24. Under these circumstances, the court noted there was no compelling

3  public interest and instead the intervention request was "fully self-interested." *Id.* at *25-26.

### C. The State's Motion Is Timely and Will Not Result in Any Prejudice to SDI or any Other Party.

SDI's arguments that the State's Motion to Intervene is untimely and that SDI will suffer prejudice have no merit. While it is true that many parties in this MDL proceeding have settled their cases, that fact alone is not dispositive of whether a motion to intervene is untimely. *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 CW, 2011 U.S. Dist. LEXIS 128400, at *36-37 (N.D. Cal. Nov. 1, 2011). There must also be prejudice to the parties, which SDI has not shown. Indeed, the only prejudice claimed by SDI is that SDI and the other parties will be required to continue policing the use or dissemination of their confidential information. Opposition at 7-8. SDI's reliance on *SRAM* in support of this claimed prejudice is unavailing. In *SRAM*, the court denied a motion for intervention brought by non-parties who were plaintiffs in Canadian actions and who sought to modify the protective order to permit them to use the materials in their Canadian actions. The Court considered the prejudice to the parties a critical factor in ruling that the intervention was untimely, and noted that allowing a non-party to intervene would be prejudicial because it would burden the parties by requiring them to "continue policing access to confidential information disclosed in the present case." *Id.* at *38. Here, the State's intervention does not present such a burden because the State is seeking public access to court records, and neither SDI nor any other party will need to "police" access to information that has been unsealed. This is exactly the kind of action permitted under the MDL Protective Order in order to root out improper confidentiality designations that later become bases for sealing.

The other cases cited by SDI are also distinguishable, and none supports a finding that the State's intervention motion is untimely. *See Empire Blue Cross and Blue Shield v. Janet Greeson's A Place for Us, Inc.*, 62 F.3d 1217, 1221 (9th Cir. 1995) (affirming denial of insurance company's motion to intervene to access settlement agreements as untimely where insurance company had "laid back purposefully and sought to save itself monetary contributions to the cost

7

of discovery and now unfairly seeks to get the advantage of that discovery at little cost to itself"); *United States v. Alisal Water Corporation*, 370 F.3d 915, 921-22 (9th Cir. 2004) (affirming denial of a creditor's motion to intervene as of right under Rule 24(a) as untimely where intervention would inject new issues into the litigation that would "greatly prejudice[]" the parties); *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 414- 15 (N.D. Cal. 2004) (denying a music recording company's motion to intervene as a plaintiff to litigate the merits in a copyright infringement action because intervention would cause "significant prejudice" to the original plaintiff by forcing it to defend against collateral actions relating to the ownership of songs).  This is not a situation where the State sat back and is now seeking to get advantage of discovery, nor is the State seeking to intervene on the merits or inject new issues into this case.

### D. The State Properly Served Its Motion on All Parties in This Case.

Finally, SDI's argument that the State's motion to intervene ignores the rights of other parties is without merit.  The State served its motion on all parties (and non-parties) who have made appearances in this case; thus all parties have received adequate notice of this motion.  Indeed, the Thomson Defendants, even filed a joinder to SDI's opposition, and any objections that they may have to the unsealing of the court records at issue can be heard before Special Master Vaughn Walker.

### IV. CONCLUSION

For the reasons stated in its opening briefs and above, the Court should grant the State's motion to intervene and appoint Special Master Vaughn R. Walker to review the 107 records and order the parties seeking to preserve confidentiality to pay the Special Master's fee.

Dated:  September 2, 2015

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California

_/s/ Pamela Pham_____
PAMELA PHAM
Deputy Attorney General
*Attorneys for the State of California*

8

REPLY BRIEF IN SUPPORT OF MOTION FOR PERMISSIVE INTERVENTION AND MOTION TO RESTORE
PUBLIC ACCESS TO 107 SEALED COURT RECORDS                                    (Master File No. CV-07-5944-SC)