# BOIES, SCHILLER & FLEXNER LLP

30 SOUTH PEARL STREET * ALBANY, NY 12207 * 518-434-0600 * FAX 518-434-0665

September 4, 2015

**VIA ECF AND FEDEX**

The Honorable Samuel Conti
Senior United States District Judge
United States District Court
Northern District of California
Courtroom No. 1, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

          Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. 07-5944 SC, MDL No. 1917

Dear Judge Conti:

      The undersigned Direct Action Plaintiffs ("DAPs") write in response to Defendants' September 1, 2015 letter regarding certain issues related to the Court's appointment of U.S. Magistrate Judge (Ret.) James Larson to resolve dispositive and evidentiary motions.

      The Court has already addressed the issues raised in Defendants' letter. At the August 7, 2015 status conference, Your Honor expressly stated that Judge Larson would resolve all summary judgment motions unless there was a conflict between Ninth Circuit law and the law of the transferor circuit. Transcript of August 7, 2015 Status Conference ("Tr.") at 19. The Court then confirmed that ruling in its August 17, 2015 Order, where it explained that Judge Larson would be appointed to resolve all pending summary judgment motions, motions *in limine*, and *Daubert* motions, "includ[ing] motions for cases that will be remanded to a different jurisdiction of origin which Judge Larson believes can be decided applying Ninth Circuit law without any significant risk of ***conflicting*** circuit law resulting in appellate issues." (Dkt. No. 3986 (emphasis added)). This prudent and economical approach recognizes that this Court should resolve any pending motions unless Judge Larson determines that there is a true conflict between the law of another circuit and the Ninth Circuit (*i.e.*, a circuit split).

      The Court's approach is the right one. MDL courts have the authority to—and routinely do—decide dispositive motions before transferring cases back to their transferor courts. *See In re Korean Air Lines Co.*, 642 F.3d 685, 699 (9th Cir. 2011) (holding that MDL court has authority to decide all pretrial dispositive motions, including "motions for summary judgment"); *Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207RAJ, 2014 WL 4718358, at *2 (W.D. Wash. Sept. 22, 2014) (refusing to consider FTAIA summary judgment motion brought for first time in transferor court because doing so would "evade the MDL court"). They exercise that authority in relation to summary judgment motions pertaining only to plaintiffs whose cases

September 4, 2015
The Honorable Samuel Conti
Page 2

will be remanded to other jurisdictions.  *See, e.g., U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, (D.D.C. 2007) (holding that MDL court will resolve summary judgment motions rather than transferee court even though motion was arguably governed by law of transferor forum's circuit because "it would be much more efficient to proceed to summary judgment motions in this Court rather than ask the transferor court to play catch-up").  The Court's approach recognizes the efficiency of having a court that has presided over a case for eight years decide the motions for summary judgment, rather than remand the case's key motions to courts unfamiliar with the case's facts and history.  Nevertheless, Defendants now challenge that approach and ask the Court to adopt a blanket rule remanding cases unless the Court is certain that other circuits will reach the same result.

      Substantively, there is no "significant risk of conflicting circuit law" with respect to any of the motions pending before this Court.  Tellingly, when this Court asked the parties to jointly submit a chart identifying motions for which there is "differing circuit law," the Defendants stipulated that there is no conflicting circuit law as to any of the motions, including the FTAIA motions, with the single exception of the ownership-or-control motions. (Dkt. No. 3952-1 at 2).  Defendants now attempt to backtrack from that position, speculating that a circuit court may, at some undefined point in the future, create differing law.  But speculation aside, Defendants have not identified any specific conflicting precedent in a transferor jurisdiction.[1]  This Court should therefore decide the motions pending before it, including the FTAIA motions, because the parties agree that there is no "significant risk of conflicting circuit law."

      Similarly, regarding the ownership-or-control motions, the DAPs do not believe there is any conflict of law that would warrant these motions (or any others) to be left undecided by the MDL court prior to remand.  The cases cited by Defendant do not conflict with Ninth Circuit law.  Moreover, to the extent Defendants' believed the law from other circuits warrants a different outcome than the law of the Ninth Circuit, they argued that point in their briefing—and the DAPs responded by setting forth why other circuits' law is not conflicting.  Thus, the DAPs believe that the Court's plan, as set forth at the pretrial conference and in the August 17, 2015 Order, is the most appropriate way to proceed.  Based on the briefing that has already been submitted, Judge Larson can determine whether there are any motions which should not be decided prior to remand of certain DAPs' cases.

      Finally, the Court should once again reject Defendants' request for the Court to enter an order requiring oral argument on certain select motions unilaterally identified by Defendants.  At the August 7 pretrial conference, Defendants raised this same issue and the Court responded: "I'm going to refer these motions to Larson. ***And if he thinks it's necessary, then he will decide***

---

[1] Even though no case will be remanded to the Seventh Circuit, the only case mentioned in Defendants' letter is the Seventh Circuit's decision in *Motorola Mobility LLC v. AU Optronics Corp.*, 775 F.3d 816 (7th Cir. 2015).  As Plaintiffs explained in their briefing regarding Defendants' FTAIA motions—in response to Defendants' arguments about the impact of *Motorola*—the Seventh Circuit's decision in that case is inapposite to the facts before this Court does not to compel a different result on Defendants' motions.

September 4, 2015
The Honorable Samuel Conti
Page 3

*it.*" Tr. at 18 (emphasis added).  Defendants' letter does not state or suggest any reason why the Court should overturn its previous determination that it will not impose an order mandating that Judge Larson hold oral argument, whether he deems it necessary or not.

      Respectfully, the DAPs request that the Court reject the Defendants' arguments in its September 1 letter brief and resolve the summary judgment motions pending before it consistent with the procedure outlined in the Court's August 17, 2015 Order.

                                                                      Respectfully submitted,

                                                                      */s/ Philip J. Iovieno*

                                                                      Philip J. Iovieno

*Liaison Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., CompuCom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC on behalf of Tweeter Opco, LLC and Tweeter Newco, LLC, and Tech Data Corporation and Tech Data Product Management, Inc.*

*/s/ Debra D. Bernstein*

Debra D. Bernstein

*Counsel for Plaintiffs Dell Inc. and Dell Products L.P.*

*/s/ David J Burman*

David J. Burman

*Counsel for Plaintiff Costco Wholesale Corporation*