FRANCIS O. SCARPULLA (CA SB No. 41059)
PATRICK B. CLAYTON (CA SB No. 240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94111
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Counsel for Plaintiffs Michael Juetten and Chad Klebs
and Indirect-Purchaser Plaintiffs*

JOSEF D. COOPER (CA SB No. 53015)
TRACY R. KIRKHAM (CA SB No. 69912)
JOHN BOGDANOV (CA SB No. 215830)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA  94103
Telephone:  (415) 788-3030
Facsimile:  (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

*Counsel for Plaintiff Steven Ganz
and Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION.<br><br>This Document Relates to:<br><br>All Indirect-Purchaser Actions. | **Master File No. 3:07-cv-5944 SC**<br><br>**MDL No. 1917**<br><br>**(1) RESPONSE TO ORDER TO SHOW CAUSE RE: APPOINTMENT OF A SPECIAL MASTER, AND (2) OPPOSITION TO MOTION FOR APPOINTMENT OF A SPECIAL MASTER ON GROUNDS THAT THE SCOPE OF THE REFERENCE IS TOO NARROW** |

(1) RESPONSE TO ORDER TO SHOW CAUSE RE: APPOINTMENT OF A SPECIAL MASTER, AND(2)  OPPOSITION TO MOTION FOR APPOINTMENT OF A SPECIAL MASTER ON THE GROUDNS THAT THE SCOPE OF THE REFERENCE IS TOO NARROW

Master File No. 3:07-cv5944 SC
MDL 1917

## I. The Scope of the Proposed Reference to the Special Master Should Include the Allocation of Attorneys' Fees and Costs Among the Counsel in this Litigation.

On September 1, 2015, Lead Counsel filed a motion to appoint Martin Quinn as a Special Master to issue a Report and Recommendation ("R&R") on final approval of the proposed settlements and an aggregate fee award and expense reimbursement to plaintiffs' counsel.[1]  On September 2, 2015, this Court entered an "Order to Show Cause re Appointment of a Special Master Pursuant to Motion of Certain Parties," entered September 2, 2015, Dkt. 4033 ("Show Cause Order") stating its intention to appoint Mr. Quinn pursuant to an order substantially similar to that submitted by Lead Counsel.

Pursuant to Rule 53(b)(1), Fed. R. Civ. P., and in response to the Court's Show Cause Order, the undersigned counsel hereby support the appointment of Mr. Quinn, but oppose Lead Counsel's motion on the grounds that the scope of the Special Master's duties contained in Lead Counsel's "Proposed Order Appointing Martin Quinn as Special Master" (Dkt. 4032-2) ("Appointment Order") is too narrow.

Thus, this opposition is not to the appointment of Martin Quinn as Special Master, but rather it goes only to the scope of the reference as to attorneys' fees suggested by Lead Counsel and to the form of the proposed Appointment Order submitted.

Lead Counsel requests that Mr. Quinn's appointment as to fees be limited to producing an R&R on "the *aggregate* award of fees and the reimbursement of expenses to all plaintiffs' counsel." *See* Dkt. 4032-2 at paragraph 2.a. (Emphasis added.)  The Court has indicated its intention to adopt this scope of reference in its Show Cause Order.  Lead Counsel's proposal is fine as far as it goes.  However, the scope of Lead Counsel's proposed reference does not provide

---

[1] "Indirect Purchaser Plaintiffs' Notice of Motion and Motion for Appointment of Martin Quinn as Special Master, Memorandum of Points and Authorities in Support Thereof," filed September 1, 2015, Dkt. 4032 (hereinafter "Appointment Motion").

| | | |
|---|---|---|
| (1) RESPONSE TO ORDER TO SHOW CAUSE RE: APPOINTMENT OF A SPECIAL MASTER, AND (2) OPPOSITION TO MOTION FOR APPOINTMENT OF A SPECIAL MASTER ON THE GROUNDS THAT THE SCOPE OF THE REFERENCE IS TOO NARROW | -1- | Master File No. 3:07-cv5944 SC MDL 1917 |

for the Special Master to issue an R&R on the subject of the appropriate allocation of the aggregate award among each of the plaintiffs' firms who have contributed to the prosecution of this litigation. The undersigned respectfully suggest that the scope of Mr. Quinn's work as Special Master should include producing an R&R on the appropriate division of fees and cost reimbursements among Indirect-Purchaser Plaintiffs' counsel, as well as on the issue of the aggregate award of fees and reimbursement of costs.

As the Court will recall, the undersigned made a similar suggestion in their conditional objection to Lead Counsel's motion for preliminary approval of the settlements.[2] At that time, the undersigned called the Court's attention to certain provisions in the Settlement Agreements that purported to designate Mr. Alioto alone to allocate any aggregate fee award among counsel, in his sole discretion, guided only by his "good faith" belief that the allocation would reflect the contributions of such counsel to the case. *See* Dkt 3874 at p. 2. We took the position that provisions in a private agreement between litigants could not usurp the Court's authority to allocate attorneys' fees, and that a determination of the appropriate allocation methodology should be made only after due consideration by the Court.

Section III, Paragraph 2 of Lead Counsel's proposed Appointment Order contains language that is virtually identical to the provisions in the Settlement Agreements, to which the undersigned previously objected. The only difference is the words shown in italics in the following quotation. The proposed order provides that "Lead Counsel . . . shall allocate the attorneys' fees among plaintiffs' counsel *in the first instance* in a manner which Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action, *subject to review by the Special Master*." Dkt. 4032-2 at p. 2 (emphasis added).

---

[2] "Statement and Conditional Objection Regarding Motion for Preliminary Approval of Class Action Settlements with the Philips, Panasonic, Hitachi, Toshiba and Samsung SDI Defendants," filed June 12, 2015, Dkt. 3874 at p. 4. A true and correct copy of this document is attached as Exhibit B to the Declaration of Francis O. Scarpulla, filed concurrently herewith.

1      However, because the paragraph of the proposed Appointment Order that actually defines
2 the Special Master's charge authorizes him to advise the Court solely on the subject of "the
3 aggregate award of attorneys' fees," it is impossible to understand exactly what is expected of Mr.
4 Quinn with regard to the subsequent division of those fees.  For example, how does the Special
5 Master "review" Mr. Alioto's allocation?  Will other counsel be afforded the opportunity to have
6 input into the allocation and/or the "review" process?  What happens if Mr. Quinn disagrees with
7 Mr. Alioto on one or more allocations?  Whose determination prevails?  What is the meaning of
8 the phrase, "in the first instance," with regard to the allocation process being designated in this
9 paragraph?  Moreover, because the Special Master is not charged with issuing an R&R on the
10 subject of the fees allocated by Lead Counsel to individual firms, how is the Court involved, or the
11 provisions of Fed. R. Civ. P. 53(e) implicated in Lead Counsel's proposed allocation process?

12      Paragraph III.2. of Lead Counsel's proposed Appointment Order is impermissibly vague.
13 It would leave the Special Master with no idea of what he is to do, and counsel with no process for
14 ensuring a fair and reasonable individual fee other than to trust in Lead Counsel's sole discretion.
15 Indeed, whatever responsibilities this paragraph is supposed to give the Special Master are so
16 nebulous that they are not even discussed in Mr. Alioto's moving papers requesting entry of the
17 Appointment Order.  Neither does the motion mention the fact that the proposed form of order
18 contains a paragraph that once again delegates to Mr. Alioto this Court's responsibility to award
19 each Indirect-Purchaser Plaintiffs' firm a fair, reasonable and adequate fee.  The most expeditious
20 solution to this problem is simply to expand Mr. Quinn's job as Special Master to include in his
21 report any and all recommendations to the Court on both an aggregate fee and costs to be awarded
22 to all counsel and then the allocation of individual fees and costs to specific counsel.[3]  Mr. Quinn
23 has done this before and he is more than qualified to do it again.

---

[3] An Alternative Proposed Order expanding the scope of the Special Master's charge is filed herewith.  This alternative Proposed Order is substantially identical to Lead Counsel's proposed

(1) RESPONSE TO ORDER TO SHOW CAUSE        - 3 -     Master File No. 3:07-cv5944 SC
RE: APPOINTMENT OF A SPECIAL MASTER,                                                        MDL 1917
AND (2) OPPOSITION TO MOTION FOR
APPOINTMENT OF A SPECIAL MASTER ON
THE GROUNDS THAT THE SCOPE OF THE
REFERENCE IS TOO NARROW

1  The effect of the provisions of Section III, Paragraph 2 of the proposed Appointment Order is that the Special Master is precluded from recommending an allocation of an attorneys' fee award among plaintiffs' counsel.  Rather, that role is given to Mr. Alioto (with no specific procedure for review by the Special Master, or recourse for the parties affected by such an allocation).  *See* Dkt. 4032-2 at p. 2.[4]  Moreover, Section III, Paragraph 5 of the Proposed Order discourages the Special Master from obtaining candid information relevant to any fee determination by giving Mr. Alioto the extraordinary power to review and decide in advance whether the Special Master may have *ex parte* discussions with anyone, including various counsel for the Indirect-Purchaser Plaintiffs.  *Id*. at p. 3.

The restrictions on the Special Master contained in the Lead Counsel's proposed Appointment Order are inappropriate and should be rejected.  The Alternative Proposed Order, submitted herewith, omits these restrictions.

## II.   Precedent Supports Adding the Fee Allocation and Certain Other Issues to the Special Master's Charge

Lead Counsel has supported his motion for the appointment of Mr. Quinn as Special Master by directing this Court, in particular, to the fee-related work Mr. Quinn performed for Judge Susan Illston in the *LCD Litigation*.  *See generally* IPP Mot. For Appointment of Martin Quinn As Special Master, Dkt. 4032.  However, unlike the role that Lead Counsel has proposed for him here, in *LCD*, Mr. Quinn's scope of duties included making a recommendation to the Court not only of a fair, adequate and reasonable aggregate award, but also a reasonable allocation of that aggregate fee among plaintiffs' counsel.  *See* Decl. of Francis O. Scarpulla, Ex. A (*LCD*

---

order, except for the addition of provisions permitting the Special Master to recommend the allocation of the aggregate fee awarded to the plaintiffs' firms.

[4] No previous order by this Court has delegated to Mr. Alioto the authority to unilaterally allocate any awarded fees.  Rather, as mentioned above, it appears as a provision of the Settlement Agreements, which Mr. Alioto appeared to concede in response to the undersigneds' objections thereto, are not binding on this Court.

---

(1) RESPONSE TO ORDER TO SHOW CAUSE             - 4 -    Master File No. 3:07-cv5944 SC
RE: APPOINTMENT OF A SPECIAL MASTER,                                                          MDL 1917
AND (2) OPPOSITION TO MOTION FOR
APPOINTMENT OF A SPECIAL MASTER ON
THE GROUNDS THAT THE SCOPE OF THE
REFERENCE IS TOO NARROW

1 Order appointing Mr. Quinn), at pp. 3-4.  While it is true that such an allocation cannot be made
2 without an understanding of the relative contributions of the individual plaintiffs' firms to the
3 case, Mr. Quinn was able to do this in *LCD* with the benefit of information learned, in part, from
4 *ex parte* discussions with all interested counsel, including, of course, discussions with Lead
5 Counsel in that case.  *Ibid*.

6 However, the proposed Appointment Order here appears to make Mr. Quinn little more
7 than an advisor to Lead Counsel on allocation issues and provides no means of creating a record
8 for the Court of the allocation process.  That defect is easily cured simply by charging the Special
9 Master with the responsibility of reporting on the process and formally recommending an
10 allocation of the aggregate fees to the Court.

11 Respectfully, the undersigned counsel suggests that the Court adopt the same scope of
12 duties for the Special Master that he had in *LCD*, and charge Mr. Quinn to provide the Court with
13 a comprehensive and well-informed Report and Recommendations concerning not only approval
14 of the pending settlements, incentive awards to the named plaintiffs, and a fair, adequate and
15 reasonable aggregate award of attorneys' fees and cost reimbursements, but also the appropriate
16 division of the aggregate fee and costs among Indirect-Purchaser Plaintiffs' counsel.  Additionally,
17 the undersigned suggest that this Court's order of reference to the Special Master should also
18 include the preparation of recommendations on any objections that may be filed to the aggregate
19 fees and expense reimbursements requested in plaintiffs' joint fee petition, as well as any
20 objections to the proposed settlements.

21 ///
22 ///
23 ///

(1) RESPONSE TO ORDER TO SHOW CAUSE RE: APPOINTMENT OF A SPECIAL MASTER, AND (2) OPPOSITION TO MOTION FOR APPOINTMENT OF A SPECIAL MASTER ON THE GROUNDS THAT THE SCOPE OF THE REFERENCE IS TOO NARROW     - 5 -     Master File No. 3:07-cv5944 SC

MDL 1917

### III. Conclusion.

For all of the foregoing reasons, undersigned counsel respectfully requests that the Court appoint Mr. Quinn as Special Master pursuant to the terms of the Alternative Proposed Order filed herewith.

Dated: September 9, 2015        /s/ Francis O. Scarpulla
                                        Francis O. Scarpulla

Francis O. Scarpulla (CA SB No. 41059)
Patrick B. Clayton (CA SB No. 240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com


          /s/ Josef D. Cooper
                    Josef D. Cooper

Josef D. Cooper (CA SB No. 53015)
Tracy R. Kirkham (CA SB No. 69912)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor,
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com