1

2

3

4

5

6

7

8

9                                **UNITED STATES DISTRICT COURT**

10                             **NORTHERN DISTRICT OF CALIFORNIA**

11                                 **SAN FRANCISCO DIVISION**

12

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION. | **Master File No. 3:07-cv-5944 SC** <br><br> **MDL No. 1917** |
| This Document Relates to: <br><br> All Indirect-Purchaser Actions. | **[ALTERNATIVE PROPOSED] ORDER APPOINTING MARTIN QUINN AS SPECIAL MASTER** <br><br> Courtroom:  One, 17th Floor <br> Judge:       The Honorable Samuel Conti |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court hereby appoints Martin Quinn of JAMS as Special Master in the Indirect Purchaser Cases and charges him to produce a Reports and Recommendations ("R&R") on approval of the pending settlements, the aggregate and individual awards of attorneys' fees and expenses to all plaintiffs' counsel, and service awards to the named plaintiffs, including objections to these matters, and issue an Order as set forth below:

**I.    Scope.**

1.    <u>Order Applicable to All Indirect-Purchaser Cases</u>.  This Order shall apply to all Indirect-Purchaser Cases currently pending in MDL No. 1917.

2.    <u>Appointment of Special Master</u>.  Pursuant to Federal Rule of Civil Procedure 53, the Court hereby appoints Martin Quinn as a Special Master to assist the Court in this litigation.

**II.    Basis for Appointment.**

1.    <u>Basis for Appointment</u>.  The Special Master is hereby appointed pursuant to Rule 53(1)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), and to address other mattes that cannot be addressed effectively and timely by an available district court judge or magistrate judge of the district (Rule 53(a)(1)(C)).

2.    <u>No Grounds for Disqualification</u>.  Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master has filed an affidavit with this Court, stating that he has no relationship to the parties, counsel, or the Court that would require disqualification of a judge under 28 U.S.C. §455. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

3.    <u>Fairness Considerations</u>.  Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties.  The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-savings to all parties.  The Court will protect against unreasonable expenses and delay through regular communication with the Special Master.

4.    <u>Proper Notice Given to All Parties</u>.  All parties have been given notice of this appointment and opportunity to be heard with respect to this appointment.

**III.     Special Master's Duties, Authority and Compensation.**

1.     <u>Diligence</u>.  Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing his duties in the MDL proceedings.

2.     <u>Scope of Special Master's Duties</u>.  Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with the approval of the pending settlements in the Indirect-Purchaser Cases, the determination of a fair, reasonable and adequate aggregate award of attorneys' fees and the reimbursement of expenses to all plaintiffs' counsel, a fair and reasonable division of the aggregate award among plaintiffs' counsel, and service awards to the named plaintiffs, including any objections to these matters, and dealing with any other matters that the Court may direct him to undertake.  The Special Master shall have authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, as provided by Rules 37 and 45.  The Special Master is authorized to receive and consider information designated as confidential pursuant to the Protective Order entered in this matter, and may review privileged material *in camera*.  The Special Master agrees to be bound by said Protective Order.

a.     The Special Master shall assist the Court by preparing reports and issuing recommendations in the Indirect-Purchaser Cases on the subjects of:  (1) final approval of the pending settlements, including any objections thereto; (2) the determination of an aggregate award of attorneys' fees and expenses to all plaintiffs' counsel (3) a fair and reasonable division of the aggregate award among plaintiffs' counsel; (4) service awards to named plaintiffs, including any objections thereto; and (5) the reimbursement of the parties' expenses, including ay objections thereto.  *See* Fed. R. Civ. P. 53(e).  All recommendations submitted by the Special Master concerning these matters shall be filed and served as set forth in Paragraph 6, below;

b.     The Special Master is authorized to retain independent auditors, accountants, and clerical assistants to assist him with the preparation of any report concerning expenses or fees; and

c.    In connection with his duties, the Special Master is authorized to employ such processes, and to request such evidence and information, in whatever form is appropriate, as will contribute to a fair and efficient resolution of such issues.

3.    <u>Scope of Special Master's Authority</u>.  The Special Master shall have the authority provided in Rule 53(c).

4.    <u>Procedure for Motions Submitted to the Special Master</u>.  The procedural requirements contained in this Court's Pretrial Orders shall govern any motion practice before the Special Master, unless he orders otherwise.

5.    <u>*Ex Parte* Communications</u>.  Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at any time.  In order to facilitate the fair and effective performance of his duties regarding attorneys' fees and expenses, the Special Master may communicate *ex parte* with counsel.

6.    <u>Preservation of Materials and Preparation of Record</u>.  Pursuant to Rule 53(b)(2)(c), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any of his written orders, findings and/or recommendations.  Pursuant to Rule 53(e), the Special Master shall file any written orders findings, and/or recommendations with the Court *via* the Court's Electronic Case Filing ("ECF").  Such filing shall fulfill the Special Master's duty to serve his orders on the parties.

7.    <u>Compensation</u>.  Pursuant to Rule 53(g), the Special Master shall be compensated at an hourly rate of $700.00 for his services as Special Master, plus the Administrative Fee charged by JAMS, and shall be reimbursed for any out-of-pocket expenses (*e.g.*, cost of accountants, auditors and clerical assistants, and expenses for telephone conference calls).  The Special Master shall not charge for travel time.  The Special Master shall prepare a monthly invoice for his services, which he shall provide to Lead Counsel for the Indirect-Purchaser Plaintiffs to be paid from the Litigation Fund.  In connection with objections and discovery matters, the parties shall each pay an equal share of the cost.

8.    Special Master's Reports to Court.  Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as descried below.  Further, the Special Master shall prepare reports and recommendations to the Court on the subjects stated herein.  If the Special Master considers it advisable to make any other report to the court, he shall do so in accordance with Rule 53(e).

**IV.    Action on Special Master's Orders, Reports and Recommendations.**

1.    Scope of Section.  Pursuant to Rule 53(f), the procedures described in paragraphs 1 through 5 of this Section shall govern any action on the Special Master's orders, reports and/or recommendations.

2.    Time Limits for Review.  Any party wishing to file objections or a motion to adopt or modify the Special Master's orders, reports and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation *via* ECF.  Any order issued by the Special Master shall remain in effect pending any such objection or motion.  Any opposition shall be filed within 7 days after the objection on the motion is filed.

3.    Filing the Record for Review.  The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report and/or recommendation.  Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

1      4.      Standard for the Court's Review.  Pursuant to Rule 53(f)(3)-(5), the Court shall

2  review findings of fact made or recommended by the Special Master for clear error.  The Court

3  shall review *de novo* any conclusions of law made or recommended by the Special Master.  The

4  Court will set aside the Special Master's ruling on a procedural matter only for an abuse of

5  discretion.

6      5.      Court's Actions on Special Master's Orders.  Pursuant to Rule 53(f)(1), in acting on

7  an order, report or recommendation of the Special Master, the Court shall afford the parties an

8  opportunity to present their positions and, in its discretion, may receive evidence, and may adopt

9  or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with

10  instructions; or make any further orders it deems appropriate.

11          IT IS SO ORDERED.

12

13  Dated:  _____, 2015          _____

14                                                 The Honorable Samuel Conti
                                                   United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28