# EXHIBIT B

1  Josef D. Cooper (53015)
   Tracy R. Kirkham (69912)
2  John D. Bogdanov (215830)
   COOPER & KIRKHAM, P.C.
3  357 Tehama Street, Second Floor
   San Francisco, CA 94103
4  Telephone: (415) 788-3030
   Facsimile: (415) 882-7040
5  E-mail: jdc@coopkirk.com

6  *Counsel for Plaintiff Steven Ganz
   and Indirect-Purchaser Plaintiffs*
7

8  Francis O. Scarpulla (State Bar No. 41059)
   LAW OFFICES OF FRANCIS O. SCARPULLA
9  44 Montgomery St., Suite 3400
   San Francisco, CA  94111
10 Telephone:  (415) 788-7210
   Facsimile:   (415) 788-0706
11 fos@scarpullalaw.com

12 *Counsel for Plaintiffs Michael Juetten and Chad Klebs
   and Indirect-Purchaser Plaintiffs*
13

14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16
                         SAN FRANCISCO DIVISION
17

18
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 SC |
|---|---|
| | MDL No. 1917 |
| This document relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **STATEMENT AND CONDITIONAL OBJECTION REGARDING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH THE PHILIPS, PANASONIC, HITACHI, TOSHIBA AND SAMSUNG SDI DEFENDANTS**<br><br>Hearing Date: July 31, 2015<br>Time:         10:00 a.m.<br>Courtroom:    One, 17th Floor<br>Judge:        The Honorable Samuel Conti |

1  Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of any
2  settlement of claims brought on a class basis. *In re High-Tech. Emple. Antitrust Litig.*, 2014-
3  2 Trade Cas. (CCH) ¶78,864 at *12 (N.D. Cal. Aug. 8, 2014). The purpose of the Court's
4  preliminary evaluation of proposed settlements is to determine whether "the proposed
5  settlement appears to be the product of serious, informed, non-collusive negotiations, has no
6  obvious deficiencies, does not improperly grant preferential treatment to class representatives
7  or segments of the class and falls within the range of possible approval." *In re NASDAQ
8  Market Makers Antitrust Litigation*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).
9  In examining a class action settlement agreement, a district court must be satisfied
10 that "class counsel have [not] allowed pursuit of their own self-interests … to infect the
11 negotiations." *Cordy v. USS-Posco Indus.*, No. 12-cv-00553-JST, 2013 U.S. Dist. LEXIS
12 108952, at *7 (N.D. Cal. Aug. 1, 2013) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*,
13 654 F.3d 935, 947 (9th Cir. 2011)). One category of issues on which courts focus in
14 evaluating a class settlement is "the reasonableness of any provisions for attorney fees,
15 including agreements on the division of fees among attorneys…." *Manual for Complex
16 Litig.* (Fourth) §21.62 (2004).
17 The Proposed Settlements currently before this Court contain contractual agreements
18 between Lead Counsel and the various defendants purporting to empower Mario N. Alioto to
19 "allocate the attorneys' fees among Plaintiffs' Counsel." The relevant paragraphs containing
20 these provisions, which are extraordinarily unusual if not completely unprecedented in the
21 long experience of the undersigned, are set out below:
22 //
23 //
24 //
25 //
26 //
27 //
28

1

STATEMENT AND CONDITIONAL OBJECTION TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL
Master File No. 3:07-cv-5944-SC, MDL No. 1917

| DEFENDANT | "Class/Lead Counsel" Definition | Attorney Fee Allocation Provision |
|---|---|---|
| PHILIPS<br><br>Doc. 3862-1 | "Class Counsel" shall refer to Mario N. Alioto. *See* Philips Settlement Agreement ("SA") ¶7. | After this Agreement becomes final within the meaning of Paragraph 11, the Fee and Expense Award shall be paid to Class Counsel within ten (10) business days.[1] Class Counsel shall allocate the attorneys' fees among Plaintiffs' counsel in a manner which Class Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action. *See* Philips SA ¶23b. |
| PANASONIC<br><br>Doc. 3862-2 | "Class Counsel" shall refer to Mario N. Alioto. *See* Panasonic SA ¶7. | Class Counsel shall allocate the attorneys' fees among class counsel in a manner which he in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action. *See* Panasonic SA ¶22b. |
| HITACHI<br><br>Doc. 3862-3 | "Class Counsel" shall refer to Mario N. Alioto. *See* Hitachi SA ¶7. | Class Counsel shall allocate the attorneys' fees among plaintiffs' counsel in a manner which he in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action. *See* Hitachi SA ¶22(a). |
| TOSHIBA<br><br>Doc. 3862-4 | "Class Counsel" shall refer to Mario N. Alioto. *See* Toshiba SA ¶7. | Class Counsel shall allocate the attorneys' fees among plaintiffs' counsel in a manner which he in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action, provided that if a court rules otherwise, Plaintiffs shall not have a right to rescind this Agreement based on that ruling. *See* Toshiba SA ¶22(a). |
| SAMSUNG<br><br>Doc. 3862-5 | "Class Counsel" shall refer to Mario N. Alioto. *See* Samsung SA ¶7. | The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund to any plaintiffs' counsel seeking such payment within five (5) court days after this Agreement becomes final as set forth in Paragraph 11 of this Agreement. Class Counsel shall allocate the attorneys' fees among plaintiffs' counsel in a manner, subject to approval of the Court, which he in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action. *See* Samsung SA ¶23(b). |

---

[1] This provision for payment of the Court's entire fee award and expense reimbursement directly to Mr. Alioto does not appear in the other settlement agreements. Most are silent on the subject of payment, other than the agreement with Samsung with provides for payment, after Mr. Alioto has performed the allocation, to "any plaintiffs' counsel seeking such payment."

2

STATEMENT AND CONDITIONAL OBJECTION TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
Master File No. 3:07-cv-5944-SC, MDL No. 1917

Awarding attorneys' fees from a common fund to the lawyers whose work produced the fund is uniquely within the purview and discretion of the presiding court. *See, e.g., Mercury Interactive Corp Securities Litigation v. Mercury Interactive Corp*, 618 F.3d 988 (9th Cir. 2011). To be sure, in the exercise of that discretion, a district court may determine that it is appropriate to refer the issue of the fee allocation among counsel to a Special Master, as Judge Illston did in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M-07-1827 SI, MDL No. 1827 (N.D. Cal), or to the reasoned discretion of a committee made up of the leadership of the case, as Judge Hamilton did in *In Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M02-1486-PJH, MDL No. 1486 (N.D. Cal.). The critical aspect is that this decision is explicitly made by the court, upon a full record, and after the opportunity is given for all interested parties to be heard.

Settlement agreements, even in class actions, are private contracts between the parties signatory thereto. *See, e.g., Eheheart v. Verizon Wireless*, 609 F.3d 590 (3rd. Cir. 2010). Court approval pursuant to Rule 23 is merely a condition precedent to the finality of the contract between the parties, and does not make the presiding judge a party to the agreement itself. *Id.* Therefore, even if given final approval, the contractual provisions cited above would merely prevent these defendants from objecting should this Court decide to appoint Mr. Alioto as the sole arbiter of the remuneration to which his fellow counsel are entitled. However, no agreement between Mr. Alioto and defendants has the power to divest this Court of its duty to exercise its discretion to award reasonable, fair and adequate fees to the various attorneys in this case. Neither would the approval of the proposed settlement agreements as a whole constitute the required determination by the Court that Mr. Alioto's judgment alone is a fair, reasonable and adequate methodology for the apportionment of any aggregate fee award that the Court may make.

Accordingly, the undersigned counsel and the putative settlement class members they represent do not believe that it is necessary to interpose a formal objection to the preliminary approval of settlement agreements containing the above-cited provisions. Counsel do

1  respectfully request the right to be heard at the proper time, on the question of the adoption
2  by the Court of an appropriate procedure and methodology for arriving at a fee award and
3  allocation that complies with the provisions of Rule 23 and due process.
4      In the event that any party takes the position that an order preliminarily approving the
5  settlements (such as the proposed order submitted with Lead Counsel's motion) constitutes
6  the Court's appointment of Mr. Alioto to allocate an aggregate fee and expense award,
7  counsel request that this Statement be deemed an objection to the preliminary approval of the
8  settlements on the grounds that the provisions cited above do not adequately ensure that a fair
9  and reasonable fee will be awarded to each attorney, as required by Rule 23 and the common
10 fund doctrine.  Counsel suggest that the superior mechanism for ensuring that all whose
11 efforts contributed to the prosecution of this litigation are treated fairly would be the
12 appointment of a Special Master to make a recommendation on all fee and expense related
13 issues.

Dated: June 12, 2015

Respectfully submitted,

/s/ Josef D. Cooper
Josef D. Cooper

Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor,
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

/s/ Francis O. Scarpulla
Francis O. Scarpulla

Law Offices of Francis O. Scarpulla
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile: 415-788-0706
fos@scarpullalaw.com