GUIDO SAVERI (22349)
  *guido@saveri.com*
R. ALEXANDER SAVERI (173102)
  *rick@saveri.com*
GEOFFREY C. RUSHING (126910)
  *grushing@saveri.com*
CADIO ZIRPOLI (179108)
  *cadio@saveri.com*
TRAVIS L. MANFREDI (281779)
  *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for the Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-5944-SC |
| | MDL No. 1917 |
| This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | **DIRECT PURCHASER PLAINTIFFS' REQUEST FOR CLARIFICATION IN RESPONSE TO ORDER TO SHOW CAUSE RE: APPOINTMENT OF SPECIAL MASTER PURSUANT TO MOTION OF CERTAIN PARTIES** |

## I. INTRODUCTION

Direct Purchaser Plaintiffs ("DPPs") submit this request for clarification in response to the Court's Order to Show Cause re Appointment of a Special Master Pursuant to Motion of Certain Parties. Dkt. No. 4033. The Court's Order was a response to a motion by the Indirect Purchaser Plaintiffs ("IPPs") for the appointment of a Special Master in the IPP case. Dkt. No. 4032. DPPs request clarification as to whether the Court's order applies to the DPP case. As explained below, DPPs do not believe that there is a need for a Special Master in their case to address, in the first instance, final approval of settlements or DPPs' application for fees and expenses. First, the settlements in the DPP action are final, judgments have been entered, and the time to appeal has expired. Dkt. Nos. 1412, 1508, 1621, 1791, 3931. Second, DPPs have received no objections to any of their settlements and anticipate no objections to DPPs' fee and expense application. Lastly, DPPs are filing a unified fee and expense application. There are no plaintiff class counsel disputes in the DPP case as are developing in the IPP case.

## II. ARGUMENT

IPPs have requested the appointment of a Special Master to oversee, initially, the motions for final approval, motions for fee and expense awards, and service awards to the plaintiffs. As the IPPs explained in their request, they expect these matters to be contentious and time-consuming. Among other things, the IPPs expect objections to the several settlements in issue, as well as to Class Counsels' fee applications, assuming the settlements are approved. In addition, IPPs apparently expect disputes among counsel as to the allocation of any fee award. Indeed, one group of IPP counsel has already filed papers seeking to limit the authority of the IPP Interim Lead Counsel to allocate fees. *See* Dkt. No. 3903. In a similar situation, Judge Illston in *TFT-LCD* ordered the indirect purchaser actions, and not the direct purchaser actions, to Special Master Quinn for resolution and findings related to the indirect purchaser plaintiffs' fee and expense request. *See* Amended Order Appointing Martin Quinn as Special Master, *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (Aug. 29, 2012) (Dkt. No. 6580), attached hereto as Attachment A. We understand that disputes between indirect purchaser counsel in the *TFT-LCD*

1  case took approximately eight months to resolve from the date of the appointment of the special
2  master.
3        DPPs, on the other hand, are differently situated, and do not believe the appointment of a
4  Special Master is needed. First, the Court has set a schedule for DPPs' application for an award of
5  fees and expenses. DPPs will file their application this Friday, September 11, 2015, and notice to
6  the class will be provided on that day per *In re: Mercury Interactive Corp. Securities Litigation*,
7  618 F.3d 988, 995 (9th Cir. 2010); Dkt. No. 3934. As noted, the settlements relevant to this
8  application are all final, unlike the IPP settlements.[1] Dkt. No. 3931.
9        Second, though it is possible that there will be objections to DPPs' fee application, DPPs
10 anticipate that there will be none. DPPs have already sent six notices of settlements to the class and
11 no objections from class members have been received. In addition, each notice informed class
12 members that DPPs would seek a fee of "not to exceed one-third" of the settlement amounts at a
13 future date. *See, e.g.,* Dkt No. 1603-1. This is also quite different from the situation IPPs expect.
14       Third, again unlike IPPs, counsel representing the DPPs are submitting a unified fee
15 application and expect that there will be no need for a Special Master to resolve disputes.
16       In short, none of the circumstances necessitating the appointment of a Special Master—i.e.,
17 contentious issues of final approval of settlements, fee and expense awards, and fee allocation—are
18 present in the DPP case. DPPs respectfully suggest that such an appointment at this time would be
19 unnecessary and inefficient. The potential delay—i.e., if their fee and expense award, as well as the
20 distribution of the settlement proceeds to the class, were to get caught up in a drawn out IPP
21 proceeding before the Special Master—would also be unfair to DPPs. Should circumstances
22 change, the Court can refer DPPs to the Special Master at a later date.

---

[1] DPPs currently have one settlement with the Thomson Defendants in the related but separate case *Crago, d/b/a Dash Computers, Inc. v. Mitsubishi Electric Corp.*, Case No. 14-CV-2058 (SC), that is not final. Dkt. No. 3872. This case is not relevant to DPPs' imminent fee and cost application. As with the previous settlements, there are no objections to the settlement. Dkt. No. 4020 ¶ 10. The deadline for class members to submit an objection to the settlement has passed, and the final approval hearing is set for October 23, 2015. Therefore, the motion is unopposed. DPPs will file their Memorandum in Support of Final Approval of Settlement with Thomson in the near future.

2

DPPS' REQUEST FOR CLARIFICATION IN RESPONSE TO ORDER TO SHOW CAUSE RE: APPOINTMENT OF SPECIAL MASTER PURSUANT TO MOTION OF CERTAIN PARTIES; Master File No. 07-cv-5944-SC

1  **III.    CONCLUSION**

2       DPPs respectfully request clarification that the Court's order appointing Special Master

3  Martin Quinn to oversee motions for final approval, fees and expenses only applies to the IPPs, and

4  <u>not</u> to the DPPs.

5  DATED:  September 9, 2015                Respectfully Submitted,

6

7                                                                      */s/ Guido Saveri*
                                                        R. Alexander Saveri
8                                                       Guido Saveri
                                                        Geoffrey C. Rushing
9                                                       Cadio Zirpoli
                                                        Travis L. Manfredi
10                                                      SAVERI & SAVERI, INC.
                                                        706 Sansome Street
11                                                      San Francisco, CA 94111
                                                        Telephone:    (415) 217-6810
12                                                      Facsimile:    (415) 217-6813

13
                                                        *Lead Counsel for the Direct Purchaser Plaintiffs*
14

Crt.658

3

DPPS' REQUEST FOR CLARIFICATION IN RESPONSE TO ORDER TO SHOW CAUSE RE: APPOINTMENT OF SPECIAL MASTER PURSUANT TO MOTION OF CERTAIN PARTIES; Master File No. 07-cv-5944-SC

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br>ALL INDIRECT-PURCHASER CASES / | **AMENDED ORDER APPOINTING MARTIN QUINN AS SPECIAL MASTER** |

Since the appointment of Martin Quinn of JAMS to serve as special master in this litigation, *see* Master Docket No. 1679, the indirect-purchaser class and certain state attorneys general have settled their claims against defendants. In this context, issues regarding the allocation of expenses and attorneys' fees have arisen.

Pursuant to Federal Rule of Civil Procedure 53(b)(4), the Court gave notice to all parties on August 20, 2012, of its intent to amend its previous Order appointing Mr. Quinn. The Court proposed amending the Order to charge Mr. Quinn with the additional duty of preparing reports and issuing recommendations on the subjects of reimbursement of expenses and awards of attorneys' fees in the indirect-purchaser class action and state attorneys general actions. Mr. Quinn has notified the Court that he is willing to accept such authority. As of August 28, 2012, the Court had not received any requests to be heard on the Court's proposed amendments.

**I.  Scope**

1.  <u>Order Applicable to All Cases in MDL Proceedings</u>.  This Order shall apply to all cases currently pending in MDL No. 1827 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"),

except that the Special Master's responsibilities as to attorneys' fees and expenses are limited to the indirect-purchaser class action and state attorneys general actions. This Amended Order is otherwise binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings.

2. <u>Appointment of Special Master</u>. Pursuant to Federal Rule of Civil Procedure 53 the Court hereby appoints Martin Quinn as a Special Master to assist the Court in this litigation.

## II. Basis for Appointment

3. <u>Basis for Appointment</u>. The Special Master is hereby appointed pursuant to Rule 53(a)(1) to perform duties consented to by the parties (Rule 53(a)(1)(A)), and to address pretrial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district (Rule 53(a)(1)(C)).

4. <u>No Grounds for Disqualification</u>. Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master has filed an affidavit with this Court that states that he has no relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any potential grounds that would require disqualification.

5. <u>Fairness Considerations</u>. Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties. The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-saving to all parties. The Court will protect against unreasonable expenses and delay through regular communication with the Special Master and Liaison Counsel.

6. <u>Proper Notice Given to All Parties</u>. Pursuant to Rule 53(b)(1) and Pretrial Order No. 1, the Court gave all parties to the MDL proceedings notice of its intent to appoint the Special Master and an opportunity to be heard with respect to such an appointment before issuing this Order.

## III. Special Master's Duties, Authority and Compensation

7. <u>Diligence</u>. Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to

2

proceed with all reasonable diligence in performing his duties in the MDL proceedings.

        8.    <u>Scope of the Special Master's Duties</u>. Pursuant to Rule 53(b)(2)(A), the Special Master shall assist the Court with all discovery disputes, managing the conduct of discovery to promote efficiency and savings of time and cost, and dealing with any other matters which the Court may direct him to undertake. The Special Master shall have the authority to set the date, time and place for all hearings, to preside over hearings, to take evidence, to conduct telephonic conferences to resolve disputes arising during depositions, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45. The Special Master is authorized to receive and consider information designated as confidential pursuant to the Protective Order entered in this matter, and may review privileged material *in camera*. The Special Master has agreed to be bound by said Protective Order.

        (a)    The Special Master's duties shall be supplemented and modified to assist the Court by preparing reports and issuing recommendations in the indirect-purchaser class action and state attorneys general actions on the subjects of: (1) the reimbursement of the parties' expenses, and (2) the appropriate amount of attorneys' fees to be awarded to the parties. *See* Fed. R. Civ. P. 53(e). All recommendations submitted by the Special Master concerning the reimbursement of expenses or awards of attorneys' fees shall be filed and served as set forth in paragraph 12;

        (b)    The Special Master is authorized to retain independent auditors, accountants, and clerical assistants to assist him with the preparation of any report concerning expenses or fees; and

        (c)    In connection with his review of attorneys' fees and expenses, the Special Master is authorized to employ such processes, and to request such evidence and information, in whatever form is appropriate, as will contribute to a fair and efficient resolution of such issues.

        9.    <u>Scope of the Special Master's Authority</u>. The Special Master shall have the authority provided in Rule 53(c).

10. <u>Procedure for Motions Submitted to the Special Master</u>. The procedural requirements contained in this Court's Pretrial Orders shall govern any motion practice before the Special Master, unless he orders otherwise.

11. *Ex Parte* Communications. Pursuant to Rule 53(b)(2)(B), the Special Master may communicate *ex parte* with the Court at any time. Generally, the Special Master shall not communicate *ex parte* with any party without first providing notice to, and receiving consent from, plaintiffs' and defendants' Liaison Counsel. However, in order to facilitate the fair and effective performance of his duties regarding attorneys' fees and expenses in the indirect-purchaser class action and state attorneys general actions, the Special Master may communicate *ex parte* with counsel.

12. <u>Preservation of Materials and Preparation of Record</u>. Pursuant to Rule 53(b)(2)(c), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any of his written orders, findings, and/or recommendations. Pursuant to Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF") as described in the Court's Pretrial Order No. 1, paragraph 7. Such filing shall fulfill the Special Master's duty to serve his orders on the parties.

13. <u>Compensation</u>. Pursuant to Rule 53(f), the Special Master shall be compensated at an hourly rate of $600.00 for his services as Special Master in the MDL proceedings, plus the Administrative Fee charged by JAMS, and shall be reimbursed for any out-of-pocket expenses (e.g., costs of accountants, auditors and clerical assistants, and expenses for telephone conference calls). The Special Master shall not charge for travel time. Mr. Quinn shall prepare a monthly invoice for his services, which he shall provide to all Liaison Counsel. In connection with discovery matters, plaintiffs and defendants shall each pay half of the monthly invoice, unless the Special Master or the Court directs otherwise. Liaison Counsel for the class and the direct action plaintiffs shall meet and confer with plaintiff's Interim Lead Counsel regarding how to apportion plaintiffs' half of a particular invoice. Defendants' Liaison Counsel also shall meet and confer with other defense counsel regarding how to apportion defendants' half of a particular invoice. In connection with the review of the parties' request for expenses and attorneys' fees, the monthly invoice shall be paid by plaintiffs, apportioned as described above. Liaison Counsel shall each be responsible for promptly forwarding payment of the

4

Special Master's invoice.

14. <u>Special Master's Reports to Court</u>. Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. Further, the Special Master shall prepare reports and issue recommendations to the Court on the subjects of the reimbursement of expenses and awards of attorneys' fees. If the Special Master considers it advisable to make any other report to the Court, he shall do so in accordance with Rule 53(f).

**IV. Action on Special Master's Orders, Reports, or Recommendations**

15. <u>Scope of Section</u>. Pursuant to Rule 53(f), the procedures described in paragraphs 16 through 19 herein shall govern any action on the Special Master's orders, reports, and/or recommendations.

16. <u>Time Limits for Review</u>. Any party wishing to file objections to or a motion to adopt or modify the Special Master's orders, reports, and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion. Any opposition shall be filed within 7 days after the objection on the motion is filed.

17. <u>Filing the Record for Review</u>. The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

18. <u>Standard for the Court's Review</u>. Pursuant to Rule 53(f)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review *de novo* any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

5

19. <u>Court's Actions on Special Master's Orders</u>. Pursuant to Rule 53(f)(1), in acting on an order, report, or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

**IT IS SO ORDERED.**

Dated: August 29, 2012

SUSAN ILLSTON
United States District Judge