MARIO N. ALIOTO, ESQ. (56433)
JOSEPH M. PATANE, ESQ. (72202)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Class Counsel for the*
*Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Indirect Purchaser Actions | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO APPOINT MARTIN QUINN AS SPECIAL MASTER**<br><br>Hearing Date: September 11, 2015<br>Time: 10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge: Honorable Samuel Conti |

**I. Introduction**

The Indirect Purchaser Plaintiffs' ("IPPs") submit this reply in further support of their Motion for Appointment of Martin Quinn as Special Master (the "Motion") (Dkt. No. 4032), and in response to the objections submitted by Messrs. Scarpulla and Cooper (the "Objectors").[1]

Objectors are essentially raising the same, previously-rejected arguments raised in their conditional objections to the motion for preliminary approval.[2] As before, their objections to Lead Counsel's allocation of the fees in the first instance, subject to review by the Special Master and the Court, are baseless. Permitting lead class counsel to allocate a fee award in the first instance is common practice in class actions. Many courts recognize this. Indeed, as noted by Lead Counsel in response to the conditional objections to the motion for preliminary approval, both Mr. Cooper and Mr. Scarpulla have themselves utilized this very same procedure in other cases in which they have served as lead counsel. Further, none of the other 47 IPP firms has objected to Lead Counsel's allocation of the fees in the first instance.

The intent of the Proposed Order Appointing Martin Quinn as Special Master (Dkt. No. 4032-2) ("Proposed Order") was not to preclude the Special Master from participating in the fee allocation. The intent was to make the proceedings as efficient as possible in accordance with generally-accepted procedures for allocating attorneys' fees. The Special Master and the Court remain the ultimate arbiters of the fee award, and all counsel retain the right to be heard regarding Lead Counsel's allocation. Lead Counsel is willing to amend the Proposed Order to make the procedure for disputes regarding the fee allocation explicit. To that end, an Amended Proposed Order is submitted herewith for the Court's consideration.

Finally, the Proposed Alternative Order (Dkt. No. 4043-1) submitted by Objectors must be rejected by the Court. Assigning the Special Master to allocate the fee among all 49 IPP firms, when in most cases he is wholly unfamiliar with their respective contributions to the litigation, would be inefficient. It is also wholly unnecessary. Lead Counsel is confident that he can make a

---

[1] Dkt. No. 4043.

[2] Dkt. Nos. 3874 and 3880.

fair and reasonable division of the aggregate fee award and that the vast majority of firms will be satisfied with their allocation. Lead Counsel is even hopeful that any disputes with Objectors can be resolved. Objectors will not be treated any differently than the other IPP firms.

Lead Counsel respectfully requests that the Court overrule the objection and enter the Amended Proposed Order Appointing Martin Quinn as Special Master submitted herewith.

## II. Permitting Lead Counsel to Allocate the Fee Award in the First Instance is Common Practice in Class Actions

Contrary to the Objectors' claims, it is common practice in class actions for lead counsel to allocate the fee award in the first instance. Lead Counsel is not trying to do something untoward or unusual here.

The fee allocation language objected to here is a common feature in orders awarding attorneys' fees in class actions, including recent orders entered in this District such as the fee orders in *LCD*, *DRAM,* and *SRAM*.[3] Objectors are lead or liaison counsel in each of these cases.[4]

---

[3] *In Re TFT-LCD (Flat Panel) Antitrust Litig.*, 07-md-1827 SI, 2013 WL 149692, at *3 (N.D. Cal. Jan. 14, 2013) (stating in the order awarding the aggregate fees to direct purchaser counsel: "The attorneys' fees and expenses shall be allocated amongst Plaintiffs' Counsel by Co–Lead Class Counsel . . . in a manner which, in Co–Lead Class Counsel's good-faith judgment, accurately reflects each of such Plaintiff's Counsel's contributions to the establishment, prosecution, and resolution of this litigation.");

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 04-md-1486 PJH, MDL No. 1486, Dkt. No. 2234, Order Granting Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to Plaintiffs; Finally Adopting Report and Recommendations of Special Master Part III; Final Judgment, p. 4 ¶ 11) ("The fees and litigation costs and expenses awarded to Indirect Purchaser Plaintiffs' Counsel shall be allocated among such plaintiffs' counsel by Indirect Purchaser Plaintiffs' Co-Lead Counsel in a manner which, in Co-Lead Counsel's good-faith judgment, reflects each such plaintiffs' counsel's contribution to the institution, prosecution and resolution of the litigation);

*In re Static Random Access Memory (SRAM) Antitrust Litig.*, 4:07-md-1819 CW, MDL No. 1819, Dkt. No. 1407, Order Granting Award of Attorneys' Fees, Reimbursement of Expenses and for Class Representative Incentive Payments, at p. 3 ¶ E ("The attorneys' fees and expenses shall be allocated among IP Class Counsel by Lead Counsel (Zelle Hofmann Voelbel & Mason LLP) in a manner which, in Lead Counsel's good-faith judgment, reflects each such IP Class Counsel's contribution to the institution, prosecution and resolution of the litigation.")

[4] Mr. Scarpulla's former firm, Zelle Hofmann Voelbel & Mason LLP, was co-lead counsel for the indirect purchaser plaintiffs in *LCD* and *SRAM*. Mr. Cooper is lead counsel in *DRAM* and Mr. Scarpulla serves as liaison counsel.

Thus, Objectors have themselves utilized this very same procedure in other cases in which they have served as lead counsel. They give no reason why Lead Counsel cannot do the same here.

Indeed, federal courts consistently endorse this fee allocation procedure in complex class actions, where much of the work took place outside the purview of the court. These courts recognize that lead counsel, who supervised the day-to-day prosecution of the litigation and worked alongside their co-counsel, are much better equipped than the court to evaluate each law firm's respective contribution to the prosecution and settlement of the litigation.[5] This procedure also has the advantage of preserving the time and resources of the Special Master and the Court.

Significantly, however, the law is clear that class counsel always retain the right to be heard regarding lead counsel's allocation of the fee award. The Court remains the final arbiter.[6] Lead Counsel has never contended otherwise. As further explained in Section III below, the Proposed Order submitted by Lead Counsel makes it clear that Lead Counsel will allocate the aggregate fee "in the first instance . . . subject to review by the Special Master." Proposed Order at 2. In other

---

[5] *See, e.g., In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.* No. 8:10ML 02151 JVS (FMOx), 2013 U.S. Dist. LEXIS 123298, at *316 (C.D. Cal., July 24, 2013) (approving plan for class counsel to allocate fees "in a manner that they believe, in good faith, reflects the contributions of counsel to the prosecution and settlement of the claims" because "class counsel are the most familiar with the amount of work actually contributed by each of the 31 firms") (emphasis added); *In re Ampicillin Antitrust Litig.*, 81 F.R.D. 395, 400 (D.D.C. 1978) ("In the context of this litigation, which has extended over an eight-year period, it is virtually impossible for the Court to determine as accurately as can the attorneys themselves the internal distribution of work, responsibility and risk.") (emphasis added); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646 (S.D. Cal. 2011) ("[F]ederal courts routinely affirm the appropriateness of a single fee award to be allocated among counsel and have recognized that lead counsel are better suited than a trial court to decide the relative contributions of each firm and attorney.") (emphasis added); *In re Copley Pharm., Inc.*, 50 F.Supp.2d 1141, 1148 (D. Wyo. 1999) ("[C]lass counsel were there, working side by side, communicating frequently, and can better assess the relative worth of co-counsels' contributions.")

[6] *See In re Copley Pharm.*, 50 F. Supp. 2d at 1150 ("To the extent a stipulation is not possible, allocation of attorneys' fees is left to the discretion of the trial court."); 1 Alba Conte, Attorney Fee Awards §2.17 at 71-72 (2d ed. 1993) ("To the extent that such a stipulation is not possible in whole or in part, the court must make the allocation."); *In re Horizon/CMS Healthcare Corp. Sec. Litig.*, 3 F. Supp. 2d 1208 (D.N.M. 1998) (Recognizing the court's "duty to review the method chosen to allocate attorneys' fees to ensure that each attorney is compensated fairly in relation to the benefit they conferred . . .").

words, the fee allocation made by Lead Counsel may be reviewed by the Special Master in the event of a dispute, and is subject to Court approval.

Finally, Objectors have made no showing of prejudice. None of the other 47 firms serving as class counsel has objected to Lead Counsel's initial allocation of the aggregate attorney fee award. This fact is significant given that many of these counsel have played a larger role in this case and thus have far more at stake here than Objectors.

### III. The Amended Proposed Order Makes Clear that IPP Counsel Retain the Right to be Heard Regarding Their Allocated Fee

The intent of the Proposed Order submitted by Lead Counsel was not to preclude the Special Master from participating in the fee allocation. Rather, it was to make the proceedings as efficient as possible pursuant to the generally-accepted procedures for allocating attorneys' fees.

The originally-submitted Proposed Order provides that: (1) Lead Counsel will allocate the fee among IPP counsel "*in the first instance*" – meaning that Lead Counsel will make the allocation first and try to resolve any disputes without the need for assistance from the Special Master; and (2) in the event of a dispute regarding the allocation, it would be "*subject to review by the Special Master*" – meaning the Special Master will review the contested allocation and make a recommendation to the Court on the appropriate allocation.

The Proposed Order can be amended, however, to make the procedure for resolving disputes over the fee allocation explicit, and reassure Objectors that they retain their right to be heard regarding Lead Counsel's proposed fee allocation. Lead Counsel has amended Section III, ¶ 2 of the Proposed Order as follows:

> Lead Counsel for the Indirect Purchaser Plaintiffs shall allocate the attorneys' fees among plaintiffs' counsel in the first instance in a manner which Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action, ~~subject to review by the Special Master~~. In the event plaintiffs' counsel do not agree

> with said allocation, the matter shall be submitted to the Special Master to determine a fair and reasonable division of the aggregate award.

Section III, ¶2a. has been amended as follows:

> The Special Master shall assist the Court by preparing reports and issuing recommendations in the Indirect Purchaser Cases on the subjects of: (1) approval of the pending settlements, including any objections thereto; (2) the aggregate award of attorneys' fees and expenses to all plaintiffs' counsel and service awards to named plaintiffs, including any objections thereto; ~~and~~ (3) the reimbursement of the parties' expenses, including any objections thereto~~.~~; and (4) in the event plaintiffs' counsel do not agree with the allocation made by Lead Counsel as set forth in paragraph 2 above, a fair and reasonable division of the aggregate award." *See* Fed. R. Civ. P. 53(e).

These amendments to the Proposed Order moot Objectors' concerns.

## IV. The Proposed Alternative Order Submitted By Objectors Should Be Rejected

The Proposed Alternative Order submitted by Objectors differs from the Proposed Order submitted by Lead Counsel in only two material respects: (1) it deletes the language in Section III, ¶ 2 providing that Lead Counsel will allocate the fee award in the first instance, and instead provides that the Special Master will make "a fair and reasonable division of the aggregate fee award among Plaintiffs' Counsel"[7]; and (2) it provides that the Special Master may communicate *ex parte* with counsel.[8] Both of these provisions must be rejected.

First, it is unnecessary here to assign the Special Master to allocate the aggregate fee award. The only authority Objectors cite for their proposal is the Order appointing Special Master Quinn in the indirect purchaser *LCD* case. This is not the indirect purchaser *LCD* case. That was a unique case where co-lead counsel (i.e. Mr. Scarpulla and his co-counsel) were estranged throughout the litigation and there were disputes over the allocation of the fee award among the

[7] Proposed Alternative Order at 2, Section III., ¶ 2a.

[8] *Id.* at 3, Section III, ¶ 5.

two lead counsel. All counsel agreed in *LCD* that, under the circumstances, it was necessary for Special Master Quinn to make the fee allocation. That is not the case here.

Here, Lead Counsel has effectively managed this litigation and plaintiffs' counsel continues to work cooperatively. In fact, it is unclear to Lead Counsel why Objectors believe there will be a dispute here regarding the fee allocation. Therefore, it is unnecessary to assign the allocation of the aggregate fee award to Special Martin Quinn.

Second, assigning the allocation of the aggregate fee award to Special Master Quinn in the first instance would be inefficient. As sole Lead Counsel, the undersigned is very familiar with every aspect of this case and the respective contributions of plaintiffs' counsel. Special Master Quinn, on the other hand, has very little familiarity with the work done by each of the firms. Most of the work was done outside of the purview of the Special Master and the Court for that matter. This also differs from *LCD.* In *LCD*, Special Master Quinn was the discovery special master for several years before handling the fee allocation. In contrast here, Special Master Quinn served only as the Interim Special Master for the class certification motion. It would require a great deal of time and effort for Special Master Quinn to familiarize himself with the firms involved in this case, and the work done by each of them. This would be very inefficient, particularly when there is no reason to depart from the usual practice of Lead Counsel allocating the fee in the first instance.

Finally, the Court should not permit unfettered *ex parte* communications with the Special Master regarding allocation of the aggregate fee.[9] The Special Master will be taking on a judicial role. *Ex parte* communications are not normally permitted with a Judge, and for good reason. Again, the only authority cited for this provision is the *LCD* order. And again, counsel in *LCD* consented to this provision because of the unique dispute between co-lead counsel. Lead Counsel does not consent to this provision here because it is unnecessary. The Amended Proposed Order does provide, however, that the Special Master can communicate *ex parte* with counsel if he

---

[9] *See* Proposed Alternative Order, Section III., ¶5.

provides notice and the parties to the dispute consent to it.[10] This provision accords with the usual practice for *ex parte* communications and should apply here.

**V. Conclusion**

The Amended Proposed Order Appointing Martin Quinn as Special Master moots the Objectors' concerns regarding the allocation of the fee by Lead Counsel in the first instance. Accordingly, Lead Counsel respectfully requests that the Court enter the Amended Proposed Order.

Dated: September 10, 2015

Respectfully submitted,

*/s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

*Lead Class Counsel for Indirect Purchaser Plaintiffs*

---

[10] *See* Proposed Amended Order, Section III., ¶ 5.