IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER APPOINTING SPECIAL MASTER |
| ALL ACTIONS | |

The Court has suggested the appointment of U.S. Magistrate Judge (Ret.) James Larson as an additional Special Master for this case. See Fed. R. Civ. P. 53(a)(1)(C), 53(b)(1). The Court gave the parties an opportunity to be heard at a status conference on August 7, 2015, and again permitted parties to submit objections via an order to show cause. See Order of the Court dated August 17, 2015, ECF No. 3986 ("Show Cause Order"). Certain parties objected. See ECF No. 4021. Accordingly, the Court ordered a second hearing to ensure parties had a full, fair opportunity to be fully heard on the matter, and broke with its normal tradition of not issuing any intended ruling to ensure parties could respond meaningfully to the Court's thoughts. See Order of the Court dated August 31, 2015, ECF No. 4029 ("Hearing Order"). Pursuant to the Hearing Order, a hearing was held on September 11, 2015.

Nothing during the hearing substantially changed the opinion of the Court. Therefore, the Court ADOPTS the reasoning set forth in its Hearing Order, finds that 28 U.S.C. §§ 455, 458 do not bar this appointment, and OVERRULES any objections to Judge Larson.

The Court further finds that considerations of fairness, the prevention of undue delay, and the amount of judicial resources required to adjudicate the designated pretrial matters (including at least 86-91 complex pending motions which must all be decided within four months) constitute "exceptional circumstances" which justify a Special Master. See Nat'l Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 560 (N.D. Cal. 1987).

In reaching this decision, the Court is cognizant of the admonition in La Buy v. Howes Leather Co., 352 U.S. 249, 258-59 (1957). There, the Supreme Court admonished a District Court for appointing a Special Master on the eve of trial to assist in an antitrust case after years of litigation and where the Court had already itself decided most pretrial motions. "The master, a member of the bar, was to hear and decide the entire case, subject to review by the District Judge under the 'clearly erroneous' test." Mathews v. Weber, 423 U.S. 261, 274 (1976) (distinguishing La Buy without eroding it). Here, conversely, the Court expressly retains control of the trial, reviews all matters by the Special Master de novo (as set forth in greater detail below), and in addition to simple congestion cites the need to complete an incredible volume of highly complex motion work to ensure a trial schedule that will be fair and equitable to all involved parties. Moreover, the Special Master is not an inexperienced attorney or random member of the bar chosen by the parties to increase their

own likelihood of success.  Rather, he is a retired U.S. Magistrate Judge chosen by the Court, with a history of being a third party neutral and making these very types of judicial recommendations. See United States v. State of Wash., 157 F.3d 630, 660 (9th Cir. 1998) (Beezer, J., concurring) (discussing the need for complexity of the circumstances and neutrality of the Special Master).  Thus, this appointment "aid[s] [this] judge[] in the performance of specific judicial duties, as they may arise in the progress of a cause," La Buy, 352 U.S. 249, 256, and is substantially similar to appointing a Magistrate Judge, in accordance with Mathews, 423 U.S. at 274-75.  Accordingly, appointment of a Special Master is proper.

WHEREFORE, IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 53, U.S. Magistrate Judge (Ret.) James Larson is appointed as Special Master to supervise and preside over the "designated pretrial matters" in this case, as defined herein.

The Special Master has filed a declaration under 28 U.S.C. § 455 stating that there is no ground for disqualification.

### 1. Scope of Duties

The Special Master shall adjudicate all designated pretrial matters.  This specifically excludes discovery disputes in this case, and also excludes disputes arising during the course of depositions.  Such disputes have been previously assigned to Judge Walker (Ret.), whose appointment as a Special Master remains undisturbed by this separate appointment of a second, distinct Special Master.  Rather, designated pretrial matters shall include 24-29 motions for summary judgment presently pending, 40 motions in limine presently pending, and (to the degree the Special Master can resolve or limit the issues connected to such motions) 4 Daubert

motions presently pending.  Designated pretrial matters also includes motions for cases that will be remanded to a different jurisdiction of origin which Judge Larson believes can be decided applying Ninth Circuit law without any significant risk of conflicting circuit law resulting in appellate issues.  The Court is presently cognizant of 18 such motions in cases subject to remand that parties have previously agreed can be decided under the law of the Ninth Circuit without causing any potential difficulties resulting from differing circuit laws at such time as the case is remanded to its judicial district of origin for trial.  See ECF No. 3952-1.  Finally, designated pretrial matters may, at the discretion of the Special Master or the Court, include any motion filed on or after August 7, 2015, which is deemed of a similar ilk to the other designated pretrial matters such that review by the Special Master is appropriate.

This Order shall apply to all cases currently pending in MDL No. 1917 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings").  This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these proceedings and shall govern each case in the proceedings unless it explicitly states that it relates to specific cases.

**2. Scope of Authority**

The Special Master shall have most of the authority (subject only to the limits set forth herein) provided in Federal Rule of Civil Procedure 53(c), including, but not limited to: the authority to set the date, time, and place for all hearings determined by the

4

Special Master to be necessary; to direct the issuance of subpoenas; to make rulings on objections or otherwise resolve disputes arising during the course of hearings held before him; to preside over hearings (whether telephonic or in-person); to take evidence in connection with the designated pretrial matters; to award fee allocations and non-contempt sanctions provided by Federal Rules of Civil Procedure 37 and 45 insofar as such rules are deemed to apply to the designated pretrial matters; and to recommend contempt sanctions. The Special Master may determine disputes arising from failing to abide by sanctions set forth by the Special Master. The Court's initial review of designated pretrial matters suggests many of them may be appropriate for resolution without oral argument per Civil Local Rule 7-1(b). The Special Master is therefore delegated authority to determine whether holding oral argument is required for any given matter or whether the Special Master can draft a Report and Recommendation ("R&R") based solely upon the briefs and evidence as submitted.

### 3. **Procedures for Briefing Submitted to Special Master**

The Special Master may consider disputes presented orally, presented in person or by telephone, in a letter brief, or in formal motions, so long as the dispute is within the scope of his duties. If additional briefing is deemed required, briefing schedules will be determined by the Special Master. However, the Special Master may not disclose his resolution of such disputes, except as set forth below.

### 4. **Preservation of Record**

Pursuant to Federal Rule of Civil Procedure 53(b)(2)(c), the Special Master shall maintain files consisting of all documents

5

submitted by the parties and any written orders, findings, and/or R&Rs.  Any order issued by the Special Master shall be emailed to the parties.  Such emailing shall fulfill the Special Master's duty to serve the order on the parties.  However, as orders must also be filed with the clerk and thus captured in the Electronic Court Filing ("ECF") system, orders shall not contain any resolution or proposed resolution of any dispute, nor shall they in any way indicate how any dispute may be resolved pursuant.  Such information shall be captured strictly in R&Rs.

All of the Special Master's R&Rs are to be provided directly and <u>only</u> to Chambers for <u>in camera</u> review, and the Special Master is not to share R&Rs with parties or otherwise allow their contents to be made known to any party.  <u>See</u> Fed. R. Civ. P. 53(e).  Once the Court has determined that settlements are finalized to a sufficient degree and the proper time has arrived to act on the R&Rs, the Court will publish through ECF the collected R&Rs to the parties for review, opportunity to be heard, and objections.  <u>See</u> Fed. R. Civ. P. 53(f)(1)-(2).  Nothing in this Order does or should be construed to grant the Special Master permission to make known any decision or through any means indicate the substance thereof to any party without express, case-by-case, pre-approval by the Court.

Any records of the Special Master's activities other than written orders, findings, and/or recommendations shall be filed in accordance with paragraph 5(a) and 5(b) of this Order.

**5.   Action on Orders, Reports, or Recommendations**

Pursuant to Federal Rule of Civil Procedure 53(b)(2)(D) and subject to the restrictions set forth above, the procedures

///

6

described in paragraphs 5(a) and 5(b) herein shall govern any action on the Special Master's orders and R&Rs.

### a. Time Limits and Standard for Review

Any party wishing to file objections to the Special Master's orders, reports and/or recommendations must file such objection with the Court within 10 days from the day the Special Master's order, report and/or recommendation is filed. Any opposition thereto must be received within seven (7) days thereafter, and any reply must be received within four (4) days of the opposition. This expedited schedule will ensure the Court is able to keep any trial date set. Review of the Special Master's orders will be subject to the same procedures for orders by a Magistrate Judge and will be reviewed de novo for all matters, including procedural matters, unless the parties stipulate otherwise and the Court approves the stipulation. See Civil L.R. 72-2; see also Fed. R. Civ. P. 53(f)(2)-(5); Show Cause Order.

### b. Filing the Record for Review

The party filing the objection shall submit with such objection any record necessary for the Court to review the Special Master's order or R&R, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion. However, insofar as the information has already been filed with the Court via ECF prior to the appointment of the Special Master or else is an R&R of the Special Master as published by the Court, the party may simply file any new materials presented

to the Special Master and include within their objection the ECF number of the earlier filed information and related declarations, responses, replies, and R&R(s), identified by ECF number.

### 6. Ex Parte Communications

To facilitate the fulfillment of his duties under this Order, the Special Master may (and for R&Rs must always) communicate ex parte to the Court to the extent that he deems necessary and appropriate.  In addition, the Special Master may communicate ex parte with a party, but only for the limited purposes of administrative matters such as scheduling hearings, telephone calls or briefing, if such arrangements cannot be made in a timely manner by contacting the Special Master's administrative assistant.

### 7. Compensation

The Special Master's hourly fee shall be $600.00, and that of any law clerk he should employ shall be $200.00.  The Special Master shall, in his discretion, allocate and assess the payment of his fees among the parties, including allocation of all of his fees to one party should he determine that the party has acted in bad faith.  The parties shall pay the Special Master's fees within ten (10) calendar days of assessment, unless otherwise excused by the Special Master or the Court.

### 8. Diligence

Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing these duties.

### 9. Notification to the Special Master of Mooted Motions

In accordance with the Show Cause Order, parties shall notify the Special Master of any settlements reached and associated

motions thereby mooted otherwise pending before the Special Master within one (1) business day of reaching a settlement.  Notice shall be given in whatever manner deemed convenient by the Special Master, and shall be separate from any notice to or approvals otherwise required by the Court (whose procedures remain unchanged).

    Within seven (7) days of this order or according to such schedule as the Special Master may otherwise publish, all parties with pending designated pretrial matters shall contact the Special Master to discuss the execution of his duties in connection with this order.

    IT IS SO ORDERED.

Dated: September 11, 2015      _____
                               UNITED STATES DISTRICT JUDGE