IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>ALL ACTIONS | MDL No. 1917<br><br>Case No. C-07-5944-SC<br><br>ORDER ON CERTAIN LETTER BRIEFS |

The Court has before it two letter briefs, again calling before it questions the Court thought long since resolved. In ECF No. 4031, certain Defendants make requests regarding which matters will be decided upon Ninth Circuit law versus which will be remanded without decision. These same Defendants also make requests with respect to oral argument on certain motions. In ECF No. 4038, certain Direct Action Plaintiffs suggest that the Court has already answered these questions.

The Court believes it has answered many if not all of these questions previously. This Order is issued to respond to the letter briefs and is meant strictly to help eliminate any confusion. It does not change any previous or pending Order.

The Court will <u>not</u> permit re-litigation of any matter that has already been decided and the Court will <u>not</u> remand already-decided

motions with the open invitation to re-litigate them. Doing so would negate the purposes for which the cases were consolidated into a single Multidistrict Litigation case in the first place. For example, insofar as the Court has already decided that certain cases do or do not fall under Illinois Brick and Royal Printing, those rulings stand.

As to matters not yet decided, the relevant Special Master -- Magistrate Judge (Ret.) James Larson -- shall adjudicate all designated pretrial matters per his Appointment Order. That Order expressly excludes matters assigned to Judge (Ret.) Vaughn Walker, such as discovery disputes and disputes arising during the course of depositions. That Order expressly includes: (1) 24-29 motions for summary judgment presently pending; (2) 40 motions in limine presently pending; (3) 4 Daubert motions presently pending (to the degree the Special Master can resolve or limit the issues connected to such motions); and (4) motions for cases that will be remanded to a different jurisdiction of origin which Judge Larson believes can be decided applying Ninth Circuit law without any significant risk of conflicting circuit law resulting in appellate issues. The Court is presently cognizant of 18 such motions where parties already agree that the motion can be decided under the law of the Ninth Circuit. In addition, at the discretion of the Special Master or the Court, the Special Master may consider any motion filed on or after August 7, 2015, which is deemed of a similar ilk to the other designated pretrial matters such that review by the Special Master is appropriate.

///
///

If Judge Larson believes a motion is or is not appropriate for decision under Ninth Circuit law, he is free to so advise the Court, and the Court will make the final decision.

Oral argument may be held or skipped at the discretion of the Special Master or the Court. The Court does not <u>require</u> Judge Larson to hold oral argument because the Court's initial review of designated pretrial matters suggests many of them may be appropriate for resolution without oral argument per Civil Local Rule 7-1(b).

IT IS SO ORDERED.

Dated: September 11, 2015

UNITED STATES DISTRICT JUDGE