Guido Saveri (Bar No. 22349)
R. Alexander Saveri (Bar No. 173102)
Geoffrey C. Rushing (Bar No. 126910)
Cadio Zirpoli (Bar No. 179108)
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CRT ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS | **CLASS ACTION**<br><br>**DECLARATION OF STEVEN F. BENZ IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS** |

I, Steven F. Benz, declare and state as follows:

1. I am a member of the law firm of Kellogg, Huber, Hansen, Todd, Evans and Figel, P.L.L.C., hereinafter referred to as ("Kellogg Huber"). I submit this declaration in support of Direct Purchaser Plaintiffs ("DPP") joint application for an award of attorneys' fees in connection with the services rendered in this litigation. I make this Declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2. My firm has served as counsel to Studio Spectrum, Inc., and as counsel for the class throughout the course of this litigation. The background and experience of Kellogg Huber and its attorneys are summarized in the *curriculum vitae* attached hereto as Exhibit 1.

3. Kellogg Huber has prosecuted this litigation solely on a contingent-fee basis, and has been at risk that it would not receive any compensation for prosecuting claims against the defendants. While Kellogg Huber devoted its time and resources to this matter, it has foregone other legal work for which it would have been compensated.

4. During the pendency of the litigation, Kellogg Huber performed the following work:

Steven F. Benz, Kellogg Huber's lead partner, was assigned to direct the prosecution of the case against the Hitachi defendants. In addition, he participated in class-wide strategy sessions and briefing of key pleadings. He directed the review of a large collection of Hitachi documents by clerical staff, paralegals and staff attorneys to prepare deposition materials for use with defendant executives. Kellogg Huber prepared and defended our client, class representative Studio Spectrum for its deposition. He participated in mediation and settlement negotiations.

K. Chris Todd, a name partner, joined the litigation at the deposition phase, participated in depositions of defendant executives and took part in settlement discussions with Hitachi on behalf of the class.

Andrew Shen, first as an associate, and later as a partner, performed legal research, drafted numerous motions, prepared discovery requests and responses, and participated in depositions of

Hitachi witnesses.

Kellogg Huber hired Oliver Hennigan, former in-house counsel to a Japanese corporation for his significant experience and Japanese translation skills. Mr. Hennigan was dedicated to review of Hitachi's Japanese documents for legal content to support the work of class counsel, assisted with the selection of deposition exhibits and acted as a check interpreter during depositions of defendant executives.

Tom Samuels, a staff attorney, performed fact research throughout the case and reviewed documents to prepare for depositions. Tom served as the primary contact for our client class representative, Ken Buchowski.

William Conyngham, a partner, assisted with the set-up of the online review database and supervised review of Hitachi materials by paralegals and clerical staff throughout the case. He prepared for and attended the deposition of Hitachi executive, Tom Heiser, in Atlanta.

Kellogg Huber utilized a small team approach to prosecute the case to enhance continuity and kept the average hourly rate for requested fees below $420 dollars per hour. The firm reduced its fee request by approximately 1,000 hours, eliminating the bulk of clerical document review hours.

5. Attached hereto as Exhibit 2 is my firm's total hours and lodestar, computed at historical rates, from May 9, 2008 through July 31, 2014. This period reflects the time spent after the appointment of Lead Counsel in the litigation. The total number of hours spent by Kellogg Huber during this period of time was 10,158.80 with a corresponding lodestar of $4,249,481.50. This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. The lodestar amount reflected in Exhibit 2 is for work assigned by Lead Class Counsel, and was performed by professional staff at my law firm for the benefit of the Direct Purchaser Plaintiff ("DPP") Class.

6. The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 2 are the usual and customary hourly rates charged by Kellogg Huber.

7. My firm has expended a total of $78,118.18 in unreimbursed costs and expenses in

connection with the prosecution of this litigation. These costs and expenses are broken down in the chart attached hereto as Exhibit 3. They were incurred on behalf of Direct Purchaser Plaintiffs by my firm on a contingent basis, have not been reimbursed, and are listed as actual costs with no administrative overhead applied. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

8. Kellogg Huber paid a total of $20,000 in assessments for the joint prosecution of the litigation against the defendants.

9. I have reviewed the time and expenses reported by my firm in this case which are included in this declaration, and I affirm that they are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 18, 2015 at Washington, District of Columbia.

Steven F. Benz

# EXHIBIT 1

In re Cathode Ray Tube (CRT) Antitrust Litigation

EXHIBIT 1

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Kellogg Huber is an approximately 60-attorney firm based in Washington, D.C. Our clients have included more than a dozen Fortune 100 corporations in industries ranging from telecommunications, petroleum, computer manufacture and electrical controls, to entertainment and recreation. Kellogg Huber counts among its clients as a leading cellular telephone engineering company, an emerging biotechnology company, a major health-care company, and a leading economic consulting firm. We represent our clients in complex cases in trial and appellate courts throughout the United States.

Kellogg Huber was co-lead counsel for the plaintiffs in *Coordination Proceedings Special Title (Rule 1550(b)) Microsoft I – V Cases*, Case No. J.C.C.P. No. 4106 (Cal. Super. Ct. City & County of San Fran. Aug. 29, 2000). On January 10, 2003, plaintiffs' counsel and the class representatives reached an agreement with Microsoft on a settlement, which provided $1.1 billion in monetary benefits to California consumers and municipalities.

AT&T Inc. retained our firm to serve as lead trial counsel in the Department of Justice lawsuit to enjoin the merger of AT&T Inc. and T-Mobile USA, Inc., *United States of America v. AT&T Inc., T-Mobile USA, Inc., and Deutsche Telekom AG*, Civil No. 11-01560 (ESH) (D.D.C. filed Aug. 31, 2011).

In *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), Kellogg Huber transformed the practice of multidistrict litigation nationwide. We obtained the reversal in the U.S. Supreme Court of a decades-long practice in the lower courts of retaining cases for trial that had been transferred and consolidated by the MDL panel for pre-trial proceedings. Following remand of that case, our firm won the largest abuse-of-process verdict in history for its client.

Kellogg Huber represented the petitioner in *Verizon Communications Inc. v. Law Offices of Curtis V. Trinko*, 540 U.S. 398 (2004), participating in the case before the trial court, the Second Circuit, and the Supreme Court, helping to secure dismissal of plaintiff's antitrust claims under Section 2 of the Sherman Act.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Kellogg Huber represented the petitioner before the Supreme Court. We won dismissal of plaintiff's antitrust conspiracy claim on the pleadings. "*Twombly* motions" are now a standard part of civil litigation in federal courts.

Kellogg Huber represented petitioner in *Pacific Bell Telephone Co. v. LinkLine Communications, Inc.*, 555 U.S. 438 (2009), arguing the case before the Supreme Court

and securing dismissal of plaintiff's "price squeeze" allegations as insufficient to state a claim under Section 2 of the Sherman Act.

In *In re Urethane Antitrust Litigation*, No. 1616 (D. Kan. 2013), Kellogg Huber represented at trial a certified class of direct purchasers in a price-fixing case brought under Section 1 of the Sherman Act. A jury returned a verdict that resulted in a judgment of nearly $1.1 billion.

# EXHIBIT 2

In re Cathode Ray Tube (CRT) Antitrust Litigation

EXHIBIT 2

KELLOGG HUBER HANSEN TODD EVANS & FIGEL, P.L.L.C.
Reported Hours and Lodestar
May 9, 2008 through July 30, 2014

| NAME | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| ATTORNEYS | | | |
| Benz, Steven F. (P) | 34.50 | **$ 600.0** | $ 20,700.00 |
| Benz, Steven F. (P) | 485.00 | **$ 660.0** | $ 320,100.00 |
| Benz, Steven F. (P) | 222.60 | **$ 725.0** | $ 161,385.00 |
| Benz, Steven F. (P) | 361.20 | **$ 760.0** | $ 274,512.00 |
| Benz, Steven F. (P) | 733.30 | **$ 800.0** | $ 586,640.00 |
| Conyngham, William J. (P) | 77.90 | **$ 525.0** | $ 40,897.50 |
| Conyngham, William J. (P) | 287.80 | **$ 550.0** | $ 158,290.00 |
| Conyngham, William J. (P) | 9.90 | **$ 600.0** | $ 5,940.00 |
| Garnjost, Kurt (SA) | 33.00 | **$ 330.0** | $ 10,890.00 |
| Hennigan, Jr., Oliver W. (SA) | 4,887.30 | **$ 330.0** | $ 1,612,809.00 |
| Hennigan, Jr., Oliver W. (SA) | 12.30 | **$ 400.0** | $ 4,920.00 |
| Owens, Donna L. (SA) | 0.80 | **$ 275.0** | $ 220.00 |
| Owens, Donna L. (SA) | 69.60 | **$ 330.0** | $ 22,968.00 |
| Pecknay, Michael A. (SA) | 88.40 | **$ 330.0** | $ 29,172.00 |
| Samuels, Thomas B. (SA) | 429.80 | **$ 305.0** | $ 131,089.00 |
| Samuels, Thomas B. (SA) | 864.20 | **$ 330.0** | $ 285,186.00 |
| Samuels, Thomas B. (SA) | 816.40 | **$ 340.0** | $ 277,576.00 |
| Shen, Andrew C. (A) | 33.90 | **$ 350.0** | $ 11,865.00 |
| Shen, Andrew C. (A) | 79.80 | **$ 440.0** | $ 35,112.00 |
| Shen, Andrew C. (A) | 73.30 | **$ 470.0** | $ 34,451.00 |
| Shen, Andrew C. (A) | 42.80 | **$ 495.0** | $ 21,186.00 |
| Shen, Andrew C. (P) | 5.90 | **$ 525.0** | $ 3,097.50 |
| Shen, Andrew C. (P) | 60.60 | **$ 575.0** | $ 34,845.00 |
| Todd, K. Chris (P) | 90.70 | **$ 780.0** | $ 70,746.00 |
| Todd, K. Chris (P) | 67.70 | **$ 900.0** | $ 60,930.00 |
| NON-ATTORNEYS | | | |
| Klein, Marni A. (LA) | 104.80 | **$ 85.0** | $ 8,908.00 |
| Lam, Valerie T. (PL) | 31.20 | **$ 195.0** | $ 6,084.00 |
| Godlin, Merri S. (PL) | 1.50 | **$ 170.0** | $ 255.00 |
| Godlin, Merri S. (PL) | 24.60 | **$ 190.0** | $ 4,674.00 |
| Godlin, Merri S. (PL) | 20.60 | **$ 195.0** | $ 4,017.00 |
| Schulz, Colleen G. (LA) | 22.30 | **$ 65.0** | $ 1,449.50 |
| Watters, Dana S. (R) | 38.10 | **$ 120.0** | $ 4,572.00 |
| Zischkau, Jonathan D. (LA) | 47.00 | **$ 85.0** | $ 3,995.00 |
| **TOTAL:** | 10,158.80 | | $4,249,481.50 |

(P) Partner

(OC) Of Counsel
(A) Associate
(PL) Paralegal
(LC) Law Clerk
(LA) Legal Assistant
(R) Researcher

# EXHIBIT 3

EXHIBIT 3

In re Cathode Ray Tube (CRT) Antitrust Litigation

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Reported Expenses Incurred on Behalf of DPPs

| **CATEGORY** | **AMOUNT INCURRED** |
| --- | --- |
| Court Fees (filing, etc.) | $0 |
| Experts/Consultants | $0 |
| Federal Express | $399.49 |
| Transcripts (Hearing, Deposition, etc.) | $0 |
| Computer Research | $13,420.49 |
| Messenger Delivery | $25.44 |
| Photocopies – In House | $2,918.16 |
| Photocopies – Outside | $72.35 |
| Postage | $21.00 |
| Service of Process | $0 |
| Telephone/Telecopier | $448.19 |
| Travel (Airfare, Ground Travel, Meals, Lodging, etc.) | $60,813.06 |
| **TOTAL:** | $78,118.18 |
| | |