Guido Saveri (Bar No. 22349)
R. Alexander Saveri (Bar No. 173102)
Geoffrey C. Rushing (Bar No. 126910)
Cadio Zirpoli (Bar No. 179108)
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Interim Lead Counsel for the*
*Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| IN RE: CRT ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>ALL DIRECT PURCHASER CLASS ACTIONS | **CLASS ACTION**<br><br>**DECLARATION OF RUTHANNE GORDON IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS** |

DECLARATION OF RUTHANNE GORDON IN SUPPORT OF MOTION FOR ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES. AND INCENTIVE AWARDS

I, Ruthanne Gordon, declare and state as follows:

1.     I am a member of the law firm of Berger & Montague, P.C.   I submit this declaration in support of Direct Purchaser Plaintiffs ("DPP") joint application for an award of attorney fees in connection with the services rendered in this litigation. I make this Declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.     My firm has served as counsel to Nathan Muchnick, Inc. and as counsel for the class throughout the course of this litigation.   The background and experience of the Berger & Montague, P.C. firm and its attorneys are summarized in the *curriculum vitae* attached hereto as Exhibit 1.

3.     The Berger & Montague, P.C. firm has prosecuted this litigation solely on a contingent-fee basis, and has been at risk that it would not receive any compensation for prosecuting claims against the defendants.   While Berger & Montague, P.C. devoted its time and resources to this matter, it has foregone other legal work for which it would have been compensated.

4.     During the pendency of the litigation, Berger & Montague, P.C. performed the following work: conducted an extensive analysis as to the appropriate corporate entities to name as defendants; supervised all discovery relating to class representative Nathan Muchnick, Inc., including: compilation, review and production of documents responsive to document requests, overseeing class representative Nathan Muchnick, Inc.'s responses to defendants' interrogatories, and preparation for and defense of class representative Nathan Muchnick, Inc.'s deposition; researched and drafted sections of opposition to joint motion to dismiss;   prepared for and participated in hearing on motion to dismiss; researched and drafted sections of opposition to appeal from special master's report and participated in a hearing regarding same; led the off-site review of documents at Panasonic headquarters; reviewed and analyzed numerous documents produced by defendants (including documents in Japanese) for purposes of deposition preparation, class certification and trial preparation; met and conferred with counsel for Panasonic regarding Panasonic's responses to discovery; prepared for and participated in depositions of defendants;

DECLARATION OF RUTHANNE GORDON IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

1  and assisted with the opposition to motion practice by opt-out plaintiffs to revoke their previously

2  submitted requests for exclusion from settlements.

3       5.     Attached hereto as Exhibit 2 is my firm's total hours and lodestar, computed at

4  historical rates, from May 9, 2008 through July 31, 2014.  This period reflects the time spent after

5  the appointment of Lead Counsel in the litigation.  The total number of hours spent by Berger &

6  Montague, P.C. during this period of time was 5,007.90 with a corresponding lodestar of

7  $2,077,561.50.  This summary was prepared from contemporaneous, daily time records regularly

8  prepared and maintained by my firm. The lodestar amount reflected in Exhibit 2 is for work

9  assigned by Lead Class Counsel, and was performed by professional staff at my law firm for the

10 benefit of the Direct Purchaser Plaintiff ("DPP") Class.

11      6.     The hourly rates for the attorneys and professional support staff in my firm

12 included in Exhibit 2 are the usual and customary hourly rates charged by Berger & Montague,

13 P.C.

14      7.     My firm has expended a total of $59,111.99 in unreimbursed costs and expenses in

15 connection with the prosecution of this litigation. These costs and expenses are broken down in

16 the chart attached hereto as Exhibit 3.  They were incurred on behalf of Direct Purchaser Plaintiffs

17 by my firm on a contingent basis, and have not been reimbursed. The expenses incurred in this

18 action are reflected on the books and records of my firm.  These books and records are prepared

19 from expense vouchers, check records and other source materials and represent an accurate

20 recordation of the expenses incurred.

21      8.     Berger & Montague, P.C. paid a total of $ 50,000.00 in assessments for the joint

22 prosecution of the litigation against the defendants.

23      9.     I have reviewed the time and expenses reported by my firm in this case which are

24 included in this declaration, and I affirm that they are true and accurate.

25

26

27

28

Master File No. CV-07-5944-SC; MDL 1917

DECLARATION OF RUTHANNE GORDON IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES

1    I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.

3        Executed on September 10, 2014 at Philadelphia, Pennsylvania.

4

5                                                   _____
                                                    Ruthanne Gordon
6

7

8

9

10

11

12

13

14

15   Kal6798639

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                 3        Master File No. CV-07-5944-SC; MDL 1917
     ─────────────────────────────────────────────────────────────────────────────
     DECLARATION OF RUTHANNE GORDON IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES
                           AND REIMBURSEMENT OF EXPENSES

# EXHIBIT 1

# Berger&Montague,P.C.
## ATTORNEYS AT LAW

Dated: August 6, 2014

### BERGER & MONTAGUE, P.C.

## THE FIRM:

Berger & Montague has been engaged in the practice of complex and class action litigation from its Center City Philadelphia office for over 40 years. The firm has been recognized by courts throughout the country for its ability and experience in handling major complex litigation, particularly in the fields of antitrust, securities, mass torts, civil and human rights, whistleblower cases, employment, and consumer litigation. In numerous precedent-setting cases, the firm has played a principal or lead role. The firm has achieved the highest possible rating by its peers and opponents as reported in *Martindale-Hubbell*. Currently, the firm consists of 53 lawyers; 12 paralegals; and an experienced support staff.

The *National Law Journal* has selected Berger & Montague in nine out of the last ten years (2003-05, 2007-12) for its "Hot List" of top plaintiffs' oriented litigation firms in the United States with a history of high achievement and significant, groundbreaking cases. Normally 15 or fewer firms are chosen for this honor. The *Legal 500*, a guide to worldwide legal services providers, has repeatedly cited Berger & Montague's antitrust practice as "stand[ing] out by virtue of its first-class trial skills." For four straight years, Berger & Montague has been selected by *Chambers and Partners' USA's* America's Leading Lawyers for Business as one of Pennsylvania's top antitrust firms. Also in 2009, The Public Justice Foundation awarded its prestigious Trial Lawyer of the Year Award on the Berger & Montague trial team (led by Merrill G. Davidoff) in the Rocky Flats mass environmental tort class action, for their "long and hard-fought" victory against "formidable corporate and government defendants," the second time Berger & Montague has won this honor. The jury verdict in that case was vacated on appeal, and proceedings are continuing in the district court.

Berger & Montague was founded in 1970 by the late David Berger to concentrate on the representation of plaintiffs in a series of antitrust class actions. David Berger helped pioneer the use of class actions in antitrust litigation and was instrumental in extending the use of the class action procedure to other litigation areas, including securities, employment discrimination, civil and human rights, and mass torts. The firm's complement of nationally recognized lawyers has represented both plaintiffs and defendants in these and other areas, and has recovered billions of dollars for its clients. In complex litigation, particularly in areas of class action litigation, Berger & Montague has established new law and forged the path for recovery.

The firm has been involved in a series of notable cases, some of them among the most important in the last 40 years of civil litigation. For example, the firm was one of the principal counsel for plaintiffs in the *Drexel Burnham Lambert/Michael Milken* securities and bankruptcy litigation. Claimants in these cases recovered approximately $2 billion in the aftermath of the collapse of the junk bond market and the bankruptcy of *Drexel* in the late 1980's. The firm was also among the principal trial counsel in the *Exxon Valdez Oil Spill* litigation in Anchorage, Alaska, a trial resulting in a record jury award of $5 billion against Exxon, later reduced by the U.S. Supreme Court to $507.5 million. Berger & Montague was lead counsel in the *School Asbestos Litigation*,

in which a national class of secondary and elementary schools recovered in excess of $300 million to defray the costs of asbestos abatement. The case was the first mass tort property damage class action certified on a national basis. Berger & Montague was also lead/liaison counsel in the *Three Mile Island Litigation* arising out of a serious nuclear incident.

In antitrust litigation, the firm has served as lead, co-lead or co-trial counsel on many of the most significant civil antitrust cases over the last 40 years, including *In re Corrugated Container Antitrust Litigation* (recovery in excess of $366 million), the *Infant Formula* case (recovery of $125 million), the *Brand Name Prescription Drug* price fixing case (settlement of more than $700 million), the *State of Connecticut Tobacco Litigation* (settlement of $3.6 billion), the *Graphite Electrodes Antitrust Litigation* (settlement of more than $134 million), and the *High-Fructose Corn Syrup Litigation* ($531 million). The firm has also played a leading role in cases in the pharmaceutical arena, especially in cases involving the delayed entry of generic or other rival drug competition, having achieved over $1 billion in settlements in such cases over the past decade.

In the area of securities litigation, the firm has represented public institutional investors – such as the retirement funds for the States of Pennsylvania, Connecticut, New Hampshire, New Jersey, Louisiana and Ohio, as well as the City of Philadelphia and numerous individual investors and private institutional investors. The firm was co-lead counsel in the *Melridge Securities Litigation* in the Federal District Court in Oregon, in which jury verdicts of $88.2 million and a RICO judgment of $239 million were obtained. Berger & Montague has served as lead or co-lead counsel in numerous other major securities class action cases where substantial settlements were achieved on behalf of investors.

Additionally, in the human rights area, the firm, through its membership on the executive committee in the *Holocaust Victim Assets Litigation*, helped to achieve a $1.25 billion settlement with the largest Swiss banks on behalf of victims of Nazi aggression whose deposits were not returned after the Second World War. The firm also played an instrumental role in bringing about a $4.37 billion settlement with German industry and government for the use of slave and forced labor during the Holocaust.

## JUDICIAL PRAISE FOR BERGER & MONTAGUE ATTORNEYS

Berger & Montague's record of successful prosecution of class actions and other complex litigation has been recognized and commended by judges and arbitrators across the country. Some remarks on the skill, efficiency, and expertise of the firm's attorneys are excerpted below.

### *Antitrust Litigation*

From **Judge William H. Pauley, III**, of the U.S. District Court of the Southern District of New York:

> "Class Counsel did their work on their own with enormous attention to detail and unflagging devotion to the cause. Many of the issues in this litigation . . . were unique and issues of first impression."

> \* \* \*

> "Class Counsel provided extraordinarily high-quality representation. This case raised a number of unique and complex legal issues .... The law firms of Berger & Montague and Coughlin Stoia were indefatigable. They represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar."

*In re Currency Conversion Fee Antitrust Litigation*, 263 F.R.D. 110, 129 (2009).

From **Judge Faith S. Hochberg** of the United States District court for the District of New Jersey:

> "[W]e sitting here don't always get to see such fine lawyering, and it's really wonderful for me both to have tough issues and smart lawyers ... I want to congratulate all of you for the really hard work you put into this, the way you presented the issues, ... On behalf of the entire federal judiciary I want to thank you for the kind of lawyering we wish everybody would do."

*In re Remeron Antitrust Litig.*, Civ. No. 02-2007 (Nov. 2, 2005).

From U.S. District **Judge Jan DuBois**, of the U.S. District Court of the Eastern District of Pennsylvania:

> "[T]he size of the settlements in absolute terms and expressed as a percentage of total damages evidence a high level of skill by petitioners ... The Court has repeatedly stated that the lawyering in the case at every stage was superb, and does so again."

*In Re Linerboard Antitrust Litig.*, 2004 WL 1221350, at *5-*6 (E.D. Pa. 2004).

3

From **Judge Nancy G. Edmunds,** of the U.S. District Court of the Eastern District of Michigan:

> "[T]his represents an excellent settlement for the Class and reflects the outstanding effort on the part of highly experienced, skilled, and hard working Class Counsel....[T]heir efforts were not only successful, but were highly organized and efficient in addressing numerous complex issues raised in this litigation[.]"

*In re Cardizem CD Antitrust Litig.*, MDL No. 1278 (E.D. Mich., Nov. 26, 2002).
From **Judge Charles P. Kocoras** of the U.S. District Court for the Northern District of Illinois:

> "The stakes were high here, with the result that most matters of consequence were contested. There were numerous trips to the courthouse, and the path to the trial court and the Court of Appeals frequently traveled. The efforts of counsel for the class has [sic] produced a substantial recovery, and it is represented that the cash settlement alone is the second largest in the history of class action litigation. . . . There is no question that the results achieved by class counsel were extraordinary[.]"

Regarding the work of Berger & Montague in achieving more than $700 million in settlements with some of the defendants in *In Re Brand Name Prescription Drugs Antitrust Litigation*, 2000 U.S. Dist. LEXIS 1734, at *3-*6 (N.D. Ill. Feb. 9, 2000).

From **Judge Peter J. Messitte** of the U.S. District Court for the District of Maryland:

> "The experience and ability of the attorneys I have mentioned earlier, in my view in reviewing the documents, which I have no reason to doubt, the plaintiffs' counsel are at the top of the profession in this regard and certainly have used their expertise to craft an extremely favorable settlement for their clients, and to that extent they deserve to be rewarded."

Settlement Approval Hearing, Oct. 28, 1994, in *Spawd, Inc. and General Generics v. Bolar Pharmaceutical Co., Inc.*, CA No. PJM-92-3624 (D. Md.).

4

From **Judge Donald W. Van Artsdalen** of the U.S. District Court for the Eastern District of Pennsylvania:

> "As to the quality of the work performed, although that would normally be reflected in the not immodest hourly rates of all attorneys, for which one would expect to obtain excellent quality work at all times, the results of the settlements speak for themselves. Despite the extreme uncertainties of trial, plaintiffs' counsel were able to negotiate a cash settlement of a not insubstantial sum, and in addition, by way of equitable relief, substantial concessions by the defendants which, subject to various condition, will afford the right, at least, to lessee-dealers to obtain gasoline supply product from major oil companies and suppliers other than from their respective lessors. The additional benefits obtained for the classes by way of equitable relief would, in and of itself, justify some upward adjustment of the lodestar figure."

*Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 31 (E.D. Pa. 1985).

From **Judge Krupansky**, who had been elevated to the Sixth Circuit Court of Appeals:

> Finally, the court unhesitatingly concludes that the quality of the representation rendered by counsel was uniformly high. The attorneys involved in this litigation are extremely experienced and skilled in their prosecution of antitrust litigation and other complex actions. Their services have been rendered in an efficient and expeditious manner, but have nevertheless been productive of highly favorable result.

Where the firm and Merrill Davidoff were co-lead counsel in *In re Art Materials Antitrust Litigation,* 1984 CCH Trade Cases ¶65,815 (N.D. Ohio 1983).

From **Judge Joseph Blumenfeld** of the U.S. District Court for the District of Connecticut:

> "The work of the Berger firm showed a high degree of efficiency and imagination, particularly in the maintenance and management of the national class actions."

*In re Master Key Antitrust Litigation*, 1977 U.S. Dist. LEXIS 12948, at *35 (Nov. 4, 1977).

# PROMINENT RESULTS IN ANTITRUST LITIGATION

The firm has a wide breadth of achievement in many significant areas of complex and business-related litigation.  The following is a partial list of some of the more notable results obtained by the firm in antitrust litigation.

## *Antitrust Litigation*

***In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation:***  Berger & Montague is co-lead counsel in this class action on behalf of all merchants who accepted Visa and/or MasterCard credit or signature debit cards since January 2004 alleging that Visa, MasterCard and several large banks illegally fixed the interchange fee.  On December 13, 2013, the Court granted final approval to a $7.25 billion settlement of this action (or approximately $5.7 billion after reduction for opt outs), which is currently on appeal.  (No. 05-md-01720 (E.D.N.Y.)).

***In re Currency Conversion Fee Antitrust Litigation:***  Berger & Montague, as one of two co-lead counsel, spearheaded a class action lawsuit alleging that the major credit cards had conspired to fix prices for foreign currency conversion fees imposed on credit card transactions.  After eight years of litigation, a settlement of $336 million was approved in October, 2009, with a Final Judgment entered in November, 2009.  Following the resolution of eleven appeals, the District Court, on October 5, 2011, directed distribution of the settlement funds to more than 10 million timely filed claimants, among the largest class of claimants in an antitrust consumer class action.  (MDL No. 1409 (S.D.N.Y)).

***In re High Fructose Corn Syrup Antitrust Litigation:***  Berger & Montague was one of three co-lead counsel in this nationwide class action alleging a conspiracy to allocate volumes and customers and to price-fix among five producers of high fructose corn syrup.  After nine years of litigation, including four appeals, the case was settled on the eve of trial for $531 million.  (MDL. No. 1087, Master File No. 95-1477 (C.D. Ill.)).

***In re Linerboard Antitrust Litigation:***  Berger & Montague was one of a small group of court-appointed executive committee members who led this nationwide class action against producers of linerboard.  The complaint alleged that the defendants conspired to reduce production of linerboard in order to increase the price of linerboard and corrugated boxes made therefrom.  At the close of discovery, the case was settled for more than $200 million.  (98 Civ. 5055 and 99-1341 (E.D. Pa.)).

***Meijer, Inc., et al. v. Abbott Laboratories:***  Berger & Montague served as co-lead counsel in a class action on behalf of pharmaceutical wholesalers and pharmacies charging Abbott Laboratories with illegally maintaining monopoly power and overcharging purchasers in violation of the federal antitrust laws.  Plaintiffs alleged that Abbott had used its monopoly with respect to its anti-HIV medicine Norvir (ritonavir) to protect its monopoly power for another highly profitable Abbott HIV drug, Kaletra.  This antitrust class action settled for $52 million

6

after four days of a jury trial in federal court in Oakland, California. (Case No. 07-5985 (N.D. Cal.)).

***In Re Nifedipine Antitrust Litigation:*** Berger & Montague played a major role (serving on the executive committee) in this antitrust class action on behalf of direct purchasers of generic versions of the anti-hypertension drug Adalat (nifedipine). After eight years of hard-fought litigation, the court approved a total of $35 million in settlements. (Case No. 1:03-223 (D.D.C.)).

***Johnson, et al. v AzHHA, et al.:*** Berger & Montague was co-lead counsel in this litigation on behalf of a class of temporary nursing personnel, against the Arizona Hospital and Healthcare Association, and its member hospitals, for agreeing and conspiring to fix the rates and wages for temporary nursing personnel, causing class members to be underpaid. The court approved a nearly $22.5 million settlement on behalf of this class of nurses. (Case No. 07-1292 (D. Ariz.)).

***In re DDAVP Direct Purchaser Antitrust Litigation:*** Berger & Montague served as co-lead counsel in a case that charged defendants with using sham litigation and a fraudulently obtained patent to delay the entry of generic versions of the prescription drug DDAVP. Berger & Montague achieved a $20.25 million settlement only after winning a precedent-setting victory before the United States Court of Appeals for the Second Circuit that ruled that direct purchasers had standing to recover overcharges arising from a patent-holder's misuse of an allegedly fraudulently obtained patent. (Case No. 05-2237 (S.D.N.Y.)).

***In re Terazosin Antitrust Litigation:*** Berger & Montague was one of a small group of counsel in a case alleging that Abbott Laboratories was paying its competitors to refrain from introducing less expensive generic versions of Hytrin. The case settled for $74.5 million. (Case No. 99-MDL-1317 (S.D. Fla.)).

***In re Remeron Antitrust Litigation:*** Berger & Montague was one of a small group of counsel in a case alleging that the manufacturer of this drug was paying its competitors to refrain from introducing less expensive generic versions of Remeron. The case settled for $75 million. (2:02-CV-02007-FSH (D. N.J.).

***In re Tricor Antitrust Litigation:*** Berger & Montague was one of a small group of counsel in a case alleging that the manufacturer of this drug was paying its competitors to refrain from introducing less expensive generic versions of Tricor. The case settled for $250 million. (No. 05-340 (D. Del.)).

***In re Relafen Antitrust Litigation:*** Berger & Montague was one of a small group of firms who prepared for the trial of this nationwide class action against GlaxoSmithKline, which was alleged to have used fraudulently-procured patents to block competitors from marketing less-expensive generic versions of its popular nonsteroidal anti-inflammatory drug, Relafen (nabumetone). Just before trial, the case was settled for $175 million. (No. 01-12239-WGY (D. Mass.)).

***In re Microcrystalline Antitrust Litigation:*** Berger & Montague was one of two co-lead counsel in this class action alleging a conspiracy to fix the price of microcrystalline cellulose, used in the

manufacture of many pharmaceuticals. The case was settled shortly before trial for a total of $50 million. (MDL No. 1402 (E.D. Pa.)).

*In re Graphite Electrodes Antitrust Litigation:* Berger & Montague was one of the four co-lead counsel in a nationwide class action price-fixing case. The case settled for in excess of $134 million and over 100% of claimed damages, with Mr. Davidoff as co-lead counsel. (02 Civ. 99-482 (E.D. Pa.)).

*In re Buspirone Antitrust Litigation:* The firm served on the court-appointed steering committee in this class action, representing a class of primarily pharmaceutical wholesalers and resellers. The Buspirone class action alleged that pharmaceutical manufacturer BMS engaged in a pattern of illegal conduct surrounding its popular anti-anxiety medication, Buspar, by paying a competitor to refrain from marketing a generic version of Buspar, improperly listing a patent with the FDA, and wrongfully prosecuting patent infringement actions against generic competitors to Buspar. On April 11, 2003, the Court finally approved a $220 million settlement. (MDL No. 1410 (S.D.N.Y.)).

*In re Cardizem CD Antitrust Litigation:* Berger & Montague served on the executive committee of firms appointed to represent the class of direct purchasers of Cardizem CD. The suit charged that Aventis (the brand-name drug manufacturer of Cardizem CD) entered into an illegal agreement to pay Andrx (the maker of a generic substitute to Cardizem CD) millions of dollars to delay the entry of the less expensive generic product. On November 26, 2002, the district court approved a final settlement against both defendants for $110 million. (No. 99-MD-1278, MDL No. 1278 (E.D. Mich.)).

*In re Brand Name Prescription Drugs Antitrust Litigation:* The firm served as co-lead counsel in this antitrust price-fixing class action on behalf of a class of purchasers of brand name prescription drugs. Following certification of the class by the district court, settlements exceeded $717 million. (No. 94 C 897 (M.D. Ill.)).

*North Shore Hematology-Oncology Assoc., Inc. v. Bristol-Myers Squibb Co.:* The firm was one of several prosecuting an action complaining of Bristol Myers's use of invalid patents to block competitors from marketing more affordable generic versions of its life-saving cancer drug, Platinol (cisplatin). The case settled for $50 million. (No. 1:04CV248 (EGS) (D.D.C.)).

*In re Catfish Antitrust Litig. Action:* The firm was co-trial counsel in this action which settled with the last defendant a week before trial, for total settlements approximating $27 million. (No. 2:92CV073-D-O, MDL No. 928 (N.D. Miss.)).

*In re Carbon Dioxide Antitrust Litigation:* The firm was co-trial counsel in this antitrust class action which settled with the last defendant days prior to trial, for total settlements approximating $53 million, plus injunctive relief. (MDL No. 940 (M.D. Fla.)).

8

***In re Infant Formula Antitrust Litigation:***  The firm served as co-lead counsel in an antitrust class action where settlement was achieved two days prior to trial, bringing the total settlement proceeds to $125 million. (MDL No. 878 (N.D. Fla.)).

***Red Eagle Resources Corp., Inc., v. Baker Hughes, Inc.:***  The firm was a member of the plaintiffs' executive committee in this antitrust class action which yielded a settlement of $52.5 million. (C.A. No. H-91-627 (S.D. Tex.)).

***In re Corrugated Container Antitrust Litigation:***  The firm, led by H. Laddie Montague, was co-trial counsel in an antitrust class action which yielded a settlement of $366 million, plus interest, following trial. (MDL No. 310 (S.D. Tex.)).

***Bogosian v. Gulf Oil Corp.:***  With Berger & Montague as sole lead counsel, this landmark action on behalf of a national class of more than 100,000 gasoline dealers against 13 major oil companies led to settlements of over $35 million plus equitable relief on the eve of trial.  (No. 71-1137 (E.D. Pa.)).

***In re Master Key Antitrust Litigation:***  The firm served as co-lead counsel in an antitrust class action that yielded a settlement of $21 million during trial. (MDL No. 45 (D. Conn.)).

9

# BACKGROUND INFORMATION CONCERNING KEY
# ANTITRUST DEPARTMENT ATTORNEYS
# WHO WORKED ON THIS CASE

### H. Laddie Montague, Jr.

H. Laddie Montague, Jr. is a graduate of the University of Pennsylvania and the Dickinson School of Law where he was a member of the Board of Editors of the *Dickinson Law Review*. He is currently Chairman of the Board of Governors for Dickinson School of Law of Penn State University. He is a member of the Executive Committee of the firm having joined its predecessor David Berger, P.A. at its inception in 1970. He is the President and shareholder of the firm and is Chairman of the Antitrust Department.

In addition to being one of the courtroom trial counsel for plaintiffs in the mandatory punitive damage class action in the *Exxon Valdez Oil Spill Litigation*, Mr. Montague has served as lead or co-lead counsel in many class actions, including *In re Infant Formula Antitrust Litigation* (1993) and *Bogosian v. Gulf Oil Corp.* (1984), a nationwide class action against thirteen major oil companies. Mr. Montague was co-lead counsel for the State of Connecticut in its litigation against the tobacco industry.

Mr. Montague was one of four co-lead counsel in *In re Brand Name Prescription Drugs Antitrust Litigation,* M.D.L. 997 (N.D. Ill.) and was one of three co-lead counsel in *In Re High Fructose Corn Syrup Antitrust Litigation*, M.D.L. No. 1087 (C.D. Ill.). In addition to the *Exxon Valdez Oil Spill Litigation*, he has tried several complex, protracted cases to jury, including two class actions: *In re Master Key Antitrust Litigation* (1977) and *In re Corrugated Container Antitrust Litigation* (1980). For his work as trial counsel in the *Exxon Valdez Oil Spill Litigation*, Mr. Montague shared the Trial Lawyers for Public Justice 1995 Trial Lawyer of the Year Award.

Mr. Montague has been repeatedly singled out by *Chambers USA: America's Leading Lawyers for Business* as one of the top antitrust attorneys in the City of Philadelphia. He is lauded for his stewardship of the firm's antitrust department, referred to as "the dean of the Bar," stating that his peers in the legal profession hold him in the "highest regard," and explicitly praised for, among other things, his "fair minded[ness]." His is also listed in *Lawdragon 500, An International Who's Who of Competition Lawyers*, and *The Legal 500: United States (Litigation)*.

Mr. Montague has been invited and made presentation at the Organization for Economic Cooperation and Development (Paris, 2006); the European Commission and International Bar Association Seminar (Brussels, 2007); the Canadian Bar Association, Competition Section (Ottawa, 2008); and the 2010 Competition Law & Policy Forum (Ontario).

A frequent lecturer on class action litigation, Mr. Montague has presented for the Practicing Law Institute, the Pennsylvania Bar Institute and other groups, including the Antitrust Section of the American Bar Association. He has taught a Complex Litigation Course at Temple University's

10

Beasley School of Law and has been a panelist at the Federal Bench-Bar Conference for the Eastern District of Pennsylvania.  Mr. Montague was a member of the 1984 faculty of the Columbia Law School Continuing Legal Educational Program entitled "The Trial of an Antitrust Case." Mr. Montague has testified before Congress with respect to antitrust and business fraud legislation, including the Racketeer Influenced and Corrupt Organizations Act ("RICO").  He is currently a member of the Advisory Board of the Antitrust & Trade Regulation Report published by the Bureau of National Affairs.

### Ruthanne Gordon

Ruthanne Gordon, a shareholder at Berger & Montague, is a graduate of the University of Michigan and the University of Pennsylvania Law School.  She has concentrated on the litigation of antitrust, securities and environmental class actions, and derivative litigation, including the following complex antitrust cases, among others, in which she has played a lead role: *In re Currency Conversion Fee Antitrust Litigation* (S.D.N.Y.) (after 5½ years of litigation, through the close of fact and expert discovery, achieved a settlement consisting of $336 million and injunctive relief for a class of U.S. cardholders of Visa- and MasterCard-branded cards; over 10 million class members have filed claims); *Ross v. American Express Company* ($49.5 million settlement, achieved after more than 7 years of litigation and after summary judgment was denied); *In re Methyl Methacrylate (MMA) Antitrust Litigation* (E.D. Pa.) (Berger & Montague served as Co-Lead Counsel); *In re Puerto Rico Cabotage Antitrust Litigation* (D.P.R.) (Ms. Gordon served as a court-appointed member of the Plaintiffs' Steering Committee); *In re Microcrystalline Cellulose Antitrust Litigation* (E.D. Pa.) (Berger & Montague served as Co-Lead Counsel in this case which settled for $50 million shortly before trial); *In re Compact Disc Antitrust Litigation* (C.D. Cal.) (settlement obtained shortly before trial); *State of Connecticut v. Philip Morris, Inc., et al.*, in which the State of Connecticut recovered approximately $3.6 billion from certain manufacturers of tobacco products; and *In re Commercial Tissue Antitrust Litigation* (N.D. Fla.) (settlement valued at $54 million achieved after summary judgment briefing).

Ms. Gordon has also played a lead role in litigation involving the following industries, among others: the real estate industry (*Lyons v. Calderone, et al.* (D.N.J.); *Best v. Koger Equity, Inc., et al.* (M.D. Fla.)); the computer industry (*In re Convex Computer Corporation Securities Litigation* (N.D. Tex.); *Heideman v. Toreson, et al.* (N.D. Cal.)); public utilities (*In re Philadelphia Electric Company Derivative Litigation* (Phila. C.C.P.); *In re PSE&G Derivative Litigation* (N.J. Super. Ct. Ch. Div.)); the environmental services industry (*Houston Corporation v. Environmental Systems Company, et al.* (E.D. Ark.)); the tobacco industry (*Friedman v. RJR Nabisco, Inc., et al.* (S.D.N.Y.)); the biotechnology industry (*In re Biogen Inc. Securities Litigation* (D. Mass.)); and the healthcare industry (*In re W.R. Grace & Co. Securities Litigation* (S.D.N.Y.)).

Ms. Gordon has argued issues of first impression before the United States Court of Appeals for the Second Circuit, in *Ross v. American Express Company* (concerning standing to invoke the interlocutory appeal provision of Section 16 of the Federal Arbitration Act, in a case alleging a

horizontal price-fixing conspiracy) and before the New Jersey Supreme Court, in *In re PSE&G Derivative Litigation* (concerning the standard for excusal of demand in a duty of care case).

She was counsel in *In re Louisville Explosion Litigation*, a class action case alleging property damage, which was prosecuted through a six-week trial and settled at the close of plaintiffs' case for more than one hundred percent of actual damages. In addition, Ms. Gordon represented a class of Pennsylvania inmates in a federal civil rights class action, which resulted in the establishment of a statewide treatment program for Pennsylvania inmates suffering from post-traumatic stress disorder as a result of their service in the Vietnam war.

As a member of the Antitrust Law Section of the American Bar Association, Ms. Gordon has served as a panelist at the American Bar Association's Antitrust Law Spring Meeting, where she addressed key issues that arise in the prosecution and defense of an antitrust class action lawsuit.

Ms Gordon has repeatedly been named as one Pennsylvania's "SuperLawyers" in the Philadelphia Magazine; and has received the highest peer-review rating, "AV," in Martindale-Hubbell.

## Candice J. Enders

Candice Enders is a shareholder and member of Berger & Montague's antitrust department. She received a B.A. in political science from the University of Delaware in 2000 and earned her J.D. from the University of Pennsylvania in 2003.

While in law school, Ms. Enders served as a senior editor on the *University of Pennsylvania Journal of Labor and Employment Law*, volunteered as a legal advocate at the Custody and Support Assistance Clinic, and interned at Philadelphia City Council.

Since joining the Berger firm in 2003, she has concentrated entirely on the litigation of antitrust class action cases, including *In re Microcrystalline Cellulose Antitrust Litigation* (E.D. Pa.) ($50 million settlement achieved shortly before trial); *In re Methyl Methacrylate (MMA) Antitrust Litigation* (E.D. Pa.) ($15,100,000 settlement); *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal.); *In re Cathode Ray Tube (CRT) Antitrust Litigation* (N.D. Cal.); and *In re Chocolate Confectionary Antitrust Litigation* (M.D. Pa.). In 2013, Ms. Enders was selected as a Pennsylvania Super Lawyers "Rising Star."

## Caitlin Goldwater Coslett

Caitlin Goldwater Coslett is a graduate of Haverford College (B.S. 2005 *magna cum laude*) and New York University School of Law (J.D. *cum laude* 2009). While in law school, Ms. Coslett was a Lederman/Milbank Fellow in Law and Economics and an Articles Selection Editor for the *NYU Review of Law and Social Change*. Since joining Berger & Montague as an associate in September 2009, Ms. Coslett has practiced in the antitrust complex litigation area.

Kal6834013

12

# EXHIBIT 2

In re Cathode Ray Tube (CRT) Antitrust Litigation
BERGER & MONTAGUE, P.C.
Reported Hours and Lodestar
May 9, 2008 through July 30, 2014

| NAME | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| ATTORNEYS | | | |
| H. Laddie Montague, Jr. (P) | 4.5 | 700.00 | $3,150.00 |
| H. Laddie Montague, Jr. (P) | 61.0 | 725.00 | $44,225.00 |
| H. Laddie Montague, Jr. (P) | 45.4 | 750.00 | $34,050.00 |
| H. Laddie Montague, Jr. (P) | 13.6 | 775.00 | $10,540.00 |
| H. Laddie Montague, Jr. (P) | 1.5 | 790.00 | $1,185.00 |
| Ruthanne Gordon (P) | 19.7 | 550.00 | $10,835.00 |
| Ruthanne Gordon (P) | 69.3 | 575.00 | $39,847.50 |
| Ruthanne Gordon (P) | 156.1 | 650.00 | $101,465.00 |
| Ruthanne Gordon (P) | 189.8 | 660.00 | $125,268.00 |
| Ruthanne Gordon (P) | 209.9 | 675.00 | $141,682.50 |
| Ruthanne Gordon (P) | 4.5 | 700.00 | $3,150.00 |
| Ruthanne Gordon (P) | 12.8 | 720.00 | $9,216.00 |
| Martin Twersky (P) | 21.5 | 650.00 | $13,975.00 |
| Martin Twersky (P) | 4.2 | 660.00 | $2,772.00 |
| Charles P. Goodwin (P) | 109.3 | 475.00 | $51,917.50 |
| Charles P. Goodwin (P) | 14.0 | 525.00 | $7,350.00 |
| Candice Enders (A) | 85.3 | 325.00 | $27,722.50 |
| Candice Enders (A) | 143.5 | 335.00 | $48,072.50 |
| Candice Enders (A) | 59.3 | 360.00 | $21,348.00 |
| Candice Enders (A) | 422.6 | 700.00 | $295,820.00 |
| Matthew McCahill (A) | 47.4 | 325.00 | $15,405.00 |
| Matthew McCahill (A) | 398.6 | 360.00 | $143,496.00 |
| Matthew McCahill (A) | 706.0 | 380.00 | $268,280.00 |
| Matthew McCahill (A) | 452.4 | 410.00 | $185,484.00 |
| Caitlin Coslett (A) | 99.0 | 275.00 | $27,225.00 |
| Caitlin Coslett (A) | 249.4 | 290.00 | $72,326.00 |
| Caitlin Coslett (A) | 329.8 | 340.00 | $112,132.00 |
| Caitlin Coslett (A) | 1.9 | 350.00 | $ 665.00 |
| Caitlin Coslett (A) | 14.5 | 450.00 | $6,525.00 |
| Nick Urban (A) | 11.0 | 250.00 | $2,750.00 |
| **Attorney Totals:** | 3,957.80 | | $1,827,879.50 |
| | | | |
| NON-ATTORNEYS | | | |
| Yuki Kitagawa (PL/Document Reviewer) | 625.0 | 240.00 | $150,000.00 |
| Anne Ebbesen (PL) | 84.7 | 200.00 | $16,940.00 |
| Anne Ebbesen (PL) | 10.6 | 215.00 | $2,279.00 |
| Anne Ebbesen (PL) | 274.5 | 250.00 | $68,625.00 |
| Anne Ebbesen (PL) | 1.6 | 300.00 | $ 480.00 |

| NAME | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| Mark Stein (PL) | 12.5 | 200.00 | $2,500.00 |
| Mark Stein (PL) | 19.0 | 215.00 | $4,085.00 |
| Patricia Fowler (PL) | 20.2 | 215.00 | $4,343.00 |
| Kevin Aldridge (PL) | 2.0 | 215.00 | $ 430.00 |
| **Non-Attorney Totals:** | 1,050.10 | | $249,682.00 |
| TOTAL: | 5,007.9 | | $2,077,561.50 |

(P) Partner
(OC) Of Counsel
(A) Associate
(PL) Paralegal
(LC) Law Clerk

Kal. 6798641

# EXHIBIT 3

In re Cathode Ray Tube (CRT) Antitrust Litigation
BERGER & MONTAGUE, P.C.
Reported Expenses Incurred on Behalf of DPPs

| CATEGORY | AMOUNT INCURRED |
|---|---:|
| Court Fees (filing, etc.) | |
| Experts/Consultants | |
| Federal Express | 711.93 |
| Transcripts (Hearing, Deposition, etc.) | |
| Computer Research | 21,578.66 |
| Messenger Delivery | |
| Photocopies – In House | 12,351.06 |
| Photocopies – Outside | 1,070.79 |
| Postage | 4.54 |
| Service of Process | |
| Telephone/Telecopier | 624.62 |
| Travel (Airfare, Ground Travel, Meals, Lodging, etc.) | 22,770.39 |
| **TOTAL:** | 59,111.99 |

Kal. 6798642