Guido Saveri (Bar No. 22349)
R. Alexander Saveri (Bar No. 173102)
Geoffrey C. Rushing (Bar No. 126910)
Cadio Zirpoli (Bar No. 179108)
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, California 94111
Telephone: (415) 217-6810
Facsimile:  (415) 217-6813

*Interim Lead Counsel for the*
*Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CRT ANTITRUST LITIGATION | Master File No. CV-07-5944-SC MDL No. 1917 |
| This Document Relates to: | **CLASS ACTION** |
| ALL DIRECT PURCHASER CLASS ACTIONS | **DECLARATION OF VINCENT J. ESADES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS** |

I, Vincent J. Esades, declare and state as follows:

1.      I am a member of the law firm of Heins Mills & Olson, P.L.C.  I submit this declaration in support of Direct Purchaser Plaintiffs' ("DPP") joint application for an award of attorney fees, reimbursement of expenses, and incentive awards  in connection with the services rendered in this litigation.  I make this Declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      My firm has served as counsel to Class Representative Plaintiff Wettstein and Son's d/b/a Wettstein's ("Wettstein's") and as counsel for the class throughout the course of this litigation.  The background and experience of the Heins Mills & Olson, P.L.C. firm and its attorneys are summarized in my firm's résumé attached hereto as Exhibit 1.

3.      Heins Mills & Olson, P.L.C. has prosecuted this litigation solely on a contingent-fee basis, and has been at risk that it would not receive any compensation for prosecuting claims against the defendants.

4.      During the pendency of the litigation, Heins Mills & Olson, P.L.C acted as counsel to Class Representative Plaintiff Wettstein's and performed the following work:  Researched, drafted and filed a complaint on behalf of Plaintiff Wettstein's; prepared Wettstein's initial disclosures and related document production; assisted Wettstein's in the preparation of the Client Information Questionnaire; researched and drafted Plaintiff Wettstein's objections and responses to document requests and interrogatories; facilitated efforts to ensure preservation of documents and ESI by Plaintiff Wettstein's; coordinated production of Wettstein's documents and ESI with Co-Lead Counsel; assisted production efforts of ESI discovery consultant; reviewed and analyzed Plaintiff Wettstein's documents and ESI for relevance, privilege, and confidentiality; traveled a number of times to Wettstein's facility in La Crosse, Wisconsin, to coordinate document and ESI productions; prepared to defend the deposition of Plaintiff Wettstein's designated deponent pursuant to Fed. R. Civ. Proc. 30(b)(6); met with Wettstein's designated deponent to prepare him for his deposition; defended the deposition of Wettstein's designated deponent; assisted Plaintiff Wettstein's in responding to Magistrate Legge's Report and Recommendations on Discovery

Regarding Downstream Information; and assisted Wettstein's in preparing its declaration in support of DPPs' motion for class certification. In addition to Heins Mills & Olson, P.L.C.'s representation of Plaintiff Wettstein's, the firm also participated in discovery efforts: Participated in onsite document review in Findlay, Ohio, of documents produced by Defendant LP Displays; participated in the review of documents obtained from Defendants and produced in the Korean language – translated Korean documents to identify evidence important to deposition preparation and litigation efforts; reviewed, analyzed and coded these documents; and prepared memoranda summarizing evidence found in the documents. Finally, the firm made substantial financial contributions to fund the continued prosecution of the litigation.

5.      Attached hereto as Exhibit 2 is my firm's total hours and lodestar, computed at historical rates, from May 9, 2008 through July 31, 2014.  This period reflects the time spent after the appointment of Lead Counsel in the litigation.  The total number of hours spent by Heins Mills & Olson, P.L.C. during this period of time was 2,568.50 with a corresponding lodestar of $912,427.50.  This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. The lodestar amount reflected in Exhibit 2 is for work assigned by Lead Class Counsel, and was performed by professional staff at my law firm for the benefit of the Direct Purchaser Plaintiff ("DPP") Class.

6.      The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 2 are the usual and customary hourly rates charged by Heins Mills & Olson, P.L.C.

7.      My firm has expended a total of $8,568.54 in unreimbursed costs and expenses in connection with the prosecution of this litigation. These costs and expenses are broken down in the chart attached hereto as Exhibit 3.  They were incurred on behalf of Direct Purchaser Plaintiffs by my firm on a contingent basis, and have not been reimbursed. The expenses incurred in this action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

Master File No. CV-07-5944-SC; MDL 1917

DECLARATION OF VINCENT J. ESADES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

8.      Heins Mills & Olson, P.L.C. paid a total of $20,000 in assessments for the joint prosecution of the litigation against Defendants.

9.      I have reviewed the time and expenses reported by my firm in this case which are included in this declaration, and I affirm that they are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 7, 2014 at Minneapolis, Minnesota.

Vincent J. Esades

DECLARATION OF VINCENT J. ESADES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

# EXHIBIT 1



# HEINS MILLS & OLSON, P.L.C.

## Firm Résumé

The law firm of Heins Mills & Olson, P.L.C., located in Minneapolis, is a premier advocate for businesses, consumers and investors in the nation's courts. We focus our practice on complex litigation, frequently serving as lead counsel for national classes of businesses, shareholders and consumers in actions to redress securities fraud, antitrust violations, deceptive trade practices and consumer fraud. Our team of lawyers collectively has many decades of experience in complex litigation and has successfully handled more than 100 class actions, primarily in a leadership role.

### Antitrust

In the arena of antitrust litigation, Heins Mills has served as lead or co-lead counsel in dozens of cases representing plaintiff classes alleging price fixing, vertical trade restraints, monopolization and other anticompetitive conduct in diverse markets. We are currently serving as class counsel in antitrust cases venued in state and federal courts throughout the United States. Although our role varies, our contributions are always valuable. In some cases we serve in a court-appointed leadership capacity; in others we contribute as members of a court-approved executive committee or in a supportive role for the lead law firms.

Exhibit 1



We are currently serving in a leadership role in the following cases:

- We serve as co-lead counsel for the proposed end-payor class (consumers and health plan sponsors) in **_In re Lipitor Antitrust Litigation_**, MDL No. 2332 (D.N.J.), which alleges that defendant drug manufacturers violated state antitrust and consumer laws by engaging in anticompetitive conduct to delay the entry of a generic version of Lipitor, resulting in significant overcharges to plaintiffs.

- We continue to serve as co-lead counsel in **_Glaberson (formerly Behrend) v. Comcast Corp_**., Case No. 03-cv-6604 (E.D. Pa.), a long-running antitrust case alleging that Comcast allocated cable television markets and customers in restraint of trade and monopolized the Philadelphia area market for these services. After the court denied Comcast's summary judgment motion, the United States Supreme Court reversed a decision certifying the Philadelphia-area class. The trial court has since granted our request to proceed with a motion to certify a revised class in accordance with the Supreme Court's opinion.

- We serve as co-lead counsel in **_Fiber Optic Cable Litigation_** (multiple state and federal courts), multi-state litigation against major telecommunications companies and utilities to vindicate the rights of landowners whose property was used for the installation of fiber optic cable without compensation. In that capacity we participated in fashioning an innovative global settlement that comprises separate agreements on a state-by-state basis. Recent settlements together exceed $61 million, bringing the total number of state settlements to 38.



- We are serving as co-lead counsel in ***Fond du Lac Bumper Exchange, Inc., et al. v. Jui Li Enterprise Co., et al.*, (Aftermarket Sheet Metal Antitrust Litigation)**, Case No. 2:09-cv-00852 (E.D. Wis.), a class action asserting price-fixing claims on behalf of business purchasers of aftermarket automotive sheet metal parts.

- We have been extensively involved in prosecuting ***In re NCAA Student-Athlete Name & Likeness Licensing Litigation***, Case No. 4:09-cv-1967 (N.D. Cal.), an action brought on behalf of current and former U.S. collegiate student-athletes alleging that they should receive a share of the revenue generated from use of their likenesses (e.g., use of their image as a video game avatar). The court has certified the class for injunctive relief, a major victory that opens the door to a trial on the issue of whether the NCAA's policies violate federal antitrust law. In September, 2013, a $40 million settlement was reached with two of the defendants, Electronic Arts Inc. and Collegiate License Company.

- We are a member of the Class Counsel Executive Committee leading the ***In re Publication Paper Antitrust Litigation***, MDL No. 1631 (D. Conn.), a nationwide antitrust action alleging an unlawful conspiracy by manufacturers to fix the price of publication paper.

- We have been appointed to the Plaintiffs' Steering Committee in ***In re Pool Products Distribution Market Antitrust Litigation***, MDL No. 2328 (E.D.



La.), asserting claims of monopolization and attempted monopolization of the U.S. pool products distribution market.

**Past Leadership Roles**

- We served as co-lead counsel in ***In re Puerto Rican Cabotage Antitrust Litigation***, MDL No. 1960 (D.P.R), which involved price-fixing by Jones Act shipping companies for ocean shipping services between the U.S. and Puerto Rico.

- We served as co-lead counsel in ***In re Aftermarket Filters Antitrust Litigation***, MDL No. 1957 (N.D. Ill.), alleging antitrust, consumer protection and unfair competition claims against leading manufacturers of replacement vehicle filters on behalf of indirect purchasers from multiple states.  Settlements with all defendants were reached and received final approval.

- We served as co-lead counsel and co-lead trial counsel in ***In re Polyester Staple Antitrust Litigation***, MDL No. 1516 (W.D.N.C.), a class action on behalf of business purchasers alleging price fixing of polyester staple fiber.  The case was settled on the eve of trial, bringing the total recovery from all defendants to $63 million—an amount exceeding single damages suffered by the class.

- We served as co-lead counsel and co-lead trial counsel in ***In re High Pressure Laminates Antitrust Litigation***, MDL No. 1368 (S.D.N.Y.), where we tried a price-fixing case to verdict on behalf of businesses that purchased high-pressure



laminates.  We ultimately recovered $40.5 million in settlement payments from several of the defendant manufacturers.

- We were one of two lead counsel firms representing a class of business purchasers of food additives in ***In re Monosodium Glutamate Antitrust Litigation***, MDL No. 1328 (D. Minn.).  We negotiated settlements with the defendants totaling $123.4 million—an amount exceeding the single damages suffered by the class.

- As co-lead counsel in ***In re Bulk Graphite Antitrust Litigation***, Case No. 02-cv-06030 (D.N.J.), we represented a nationwide class of business purchasers alleging price-fixing claims against manufacturers of bulk graphite.  We reached a settlement exceeding the amount of single damages sustained by the class.

- We served as lead trial counsel for a class of travel agents in ***In re Travel Agency Commission Antitrust Litigation***, MDL No. 1058 (D. Minn.), which alleged that major domestic airlines conspired to fix agent commissions.  The claims were settled on the eve of trial for a total of $86 million.

- We were co-lead counsel for classes of consumers in actions asserting price-fixing claims brought in seventeen states against infant formula manufacturers.  The cases were settled collectively for $64 million in cash and infant formula products.



### **Securities Fraud**

Heins Mills is a leading advocate for individual and institutional investors.  As sole lead counsel, we achieved two of the largest recoveries in the history of securities fraud class action litigation:

- On behalf of AOL and Time Warner shareholders, we achieved a settlement of $2.65 billion in ***In re AOL Time Warner, Inc. Securities Litigation***, MDL No. 1500 (S.D.N.Y.).  Of that amount, $2.4 billion was paid by media giant Time Warner and $100 million was paid by its financial auditor, Ernst & Young.  The Department of Justice also contributed $150 million from a settlement it reached with Time Warner in a related enforcement action.

- In ***In re Broadcom Corp. Securities Litigation***, Case No. 01-cv-275 (C.D. Cal.), we recovered $150 million for a class of investors in Broadcom, one of the leading providers of microprocessors enabling broadband communications.

The firm has also played leadership roles in a variety of other securities fraud class litigation.  As lead counsel for class investors in ***In re Mercury Finance Company Securities Litigation***, for example, we negotiated a settlement with Mercury's auditing firm for $40.5 million, then one of the largest amounts ever recovered from an accounting firm for violations of the securities laws.  In addition, we recovered more than $15 million in total from Mercury's officers and directors, and from Mercury itself, even though the company was in bankruptcy.



We are currently serving as liaison counsel in ***Freedman v. St. Jude Medical, Inc.***, Case No. 12-cv-3070 (D. Minn.), a securities fraud class action alleging on behalf of purchasers of common stock of St. Jude Medical, Inc. that the company failed to disclose problems with leads it made for implantable cardiac defibrillators.

We are especially proud of the results our firm has obtained for institutional investors.  We have successfully represented numerous state pension funds managing billions of dollars in assets.  Among them are the Minnesota State Board of Investment, Utah State Retirement Board, Teachers' Retirement System of Alabama, Employees' Retirement System of Alabama, Judicial Retirement Fund of Alabama, Public Employees' Retirement Association of Colorado, as well as a number of Taft-Hartley health, welfare and pension funds.

### **Consumer Protection**

Heins Mills has represented consumers injured by violations of a wide variety of deceptive trade practices and consumer protection laws.  The firm has brought claims on behalf of all types of consumers, including purchasers of prescription drugs, long distance telephone service, air compressors, smoke detectors, lawn mower engines and hearing aids.  Examples of our consumer law cases include:

- We were one of three co-lead counsel in ***In re Universal Service Fund Telephone Billing Practices Litigation***, MDL No. 1468 (D. Kan.), representing business and residential customers nationwide alleging a conspiracy to fix USF surcharges and breach of contract claims against long-distance



telephone companies.  The November 2008 trial resulted in a verdict for the class, which was affirmed on appeal.

- Beginning in 2004, Heins Mills represented classes of consumers nationwide in ***In re Lawnmower Engines Horsepower Marketing & Sales Practices Litigation***, MDL No. 1999 (E.D. Wis.), alleging consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawn mowers and lawn mower engines.  Heins Mills' leadership resulted in nationwide settlements with all defendants.

- We served as co-lead counsel in ***In re Aftermarket Filters Antitrust Litigation***, MDL No. 1957 (N.D. Ill.), alleging antitrust, consumer protection and unfair competition claims against leading manufacturers of replacement vehicle filters on behalf of consumer purchasers from multiple states. Settlements with all defendants were reached and received final approval.

- We serve as co-lead counsel in multi-state litigation against major telecommunications companies and utilities to vindicate the rights of landowners whose property was used for the installation of fiber optic cable without compensation. In that capacity we participated in fashioning an innovative global settlement that comprises separate agreements on a state-by-state basis.



## **Our Recent Results**

While serving in various roles, our advocacy has recently helped achieve favorable results in the following cases:

- ***In re Titanium Dioxide Antitrust Litigation***, Case No. 10-cv-00318 (D. Md.). On December 13, 2013, the Court granted final approval to settlements totaling $163.5 million in this action alleging that manufacturers of titanium dioxide conspired to fix prices for the product. Our client is one of the named plaintiffs in the action.

- ***In re Cathode Ray Tube (CRT) Antitrust Litigation***, MDL No. 1917 (N.D. Cal.). We are one of a number of law firms on the consolidated complaint in this action, which alleges that manufacturers of CRTs established a global cartel that set artificially high prices for CRTs and the televisions and monitors that contain them. Settlements have been reached with several defendants, including two that were given final approval by the court during 2013: LG ($25 million) and Toshiba ($13.5 million).

- ***In re Plasma-Derivative Protein Therapies Antitrust Litigation***, MDL No. 2109 (N.D. Ill.). Our client is one of three named plaintiffs in the consolidated complaint alleging that producers of immunoglobulin and albumin restricted the supply of these blood-product therapies to inflate their prices. On January 22, 2014, the court granted final approval of a $64 million settlement.



- ***In re Municipal Derivatives Antitrust Litigation***, MDL No. 1950 (S.D.N.Y.). The Court will hold a hearing on June 6, 2014 to consider whether recent settlements with Bank of America, N.A., GE Funding Capital Market Services, Inc., Trinity Funding Co., LLC and Trinity Plus Funding Co., LLC should be finally approved. The proposed settlements are the latest in this class action alleging bid rigging and other anticompetitive conduct in the municipal derivatives industry by providers and brokers of municipal derivatives sold in the U.S. Settlements were previously reached with Morgan Stanley, JP Morgan, Wachovia Bank, N.A., n/k/a Wells Fargo Bank, N.A., and Wells Fargo & Company. We represent the Puerto Rico Electric Power Authority (PREPA), one of the named plaintiffs.

- ***Refrigerant Compressors Antitrust Litigation***, Case No. 09-md-02042 (E.D. Mich.). Our client and other named plaintiffs in this action allege that the defendants conspired to fix prices of refrigerant compressors. On May 8, 2013, plaintiffs reached settlements with several defendants totaling $40.5 million (subject to some reduction depending on the number of opt-outs and related sales). The settlements are pending court approval.

- ***In re Processed Egg Products Antitrust Litigation***, MDL No. 2002 (E.D. Pa.). On February 28, 2014, the court granted preliminary approval of the latest settlement in this action brought by egg buyers alleging that egg producers



conspired to reduce domestic egg supplies to inflate prices. Under the proposed settlement, Cal-Maine Foods will pay $28 million.

### Recent Initiative: "Pay-for-delay" Agreements and Generic Drug Suppression

As a major emphasis of our firm during the past year, we have devoted increased resources to class action litigation challenging anticompetitive practices within the pharmaceutical industry that allegedly maintain a brand name company's monopoly and ability to charge supracompetitive prices by suppressing or delaying the entry of lower-priced generic drugs.

In addition to ***In re Lipitor Antitrust Litigation***, mentioned above, we have recently filed several additional lawsuits challenging various anticompetitive practices that delay generic competition and seeking recovery of overcharge damages paid by our clients:

- ***In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation***, MDL No. 2503 (D. Mass). We serve as counsel for the proposed end-payor class of purchasers in this action alleging defendants violated federal and state antitrust laws and state consumer laws by engaging in an unlawful, anticompetitive scheme to delay the entry of generic versions of Solodyn.

- ***In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation***, MDL No. 2445 (E.D. Pa.). We serve as a member of the court-appointed executive committee of firms representing the proposed end-payor class in this action alleging defendant brand drug manufacturer used

11



anticompetitive practices to improperly maintain its monopoly in the market for Suboxone and to prevent substitution of less-expensive generics.

- ***In re Niaspan Antitrust Litigation***, MDL No. 2460 (E.D. Pa.). We also serve on the executive committee for the proposed end-payor class in an action alleging defendants entered into unlawful pay-for-delay agreements relating to the brand-name prescription drug Niaspan.

- ***In re Aggrenox Antitrust Litigation***, MDL No. 2516 (D. Conn.). We represent end-payor plaintiffs and a proposed nationwide class of end-payors in this lawsuit alleging defendants took anticompetitive steps to delay generic competition for Aggrenox, including a pay-for-delay settlement to delay entry of a generic version.

- ***In re Lidoderm Antitrust Litigation***, MDL No. 2521 (N.D. Cal.). We also represent end-payor plaintiffs and a proposed nationwide class of end-payors in this action seeking damages arising out of an alleged anticompetitive scheme to delay the availability of a generic version of the lidocaine patch Lidoderm.

- ***Minnesota and North Dakota Bricklayers and Allied Craftworkers Health Fund, et al. v. Takeda Pharmaceutical Co., et al.***, Case No. 14-cv-1691 (S.D.N.Y.). We represent health and welfare fund plaintiffs and a proposed end-payor class of purchasers in this antitrust action alleging that defendants took anticompetitive steps to delay entry of lower-priced versions of



prescription drugs (ACTOS and ACTO*plus* met), resulting in price overcharges to plaintiffs and the proposed class.

## Judicial Recognition of Heins Mills & Olson's Skill and Effectiveness

Among judges, clients and peers, Heins Mills enjoys a reputation for its aggressive and skillful advocacy in class litigation of national and international import. The following are examples of praise we have received from the bench:

- The judge presiding over the multidistrict litigation in ***In re Monosodium Glutamate Antitrust Litigation***, the Hon. Paul A. Magnuson, said of our work as co-lead counsel: "I'll make no bones about this, I think this is as fine a job of plaintiff lawyering as I've ever seen, . . .  I particularly take my hat off to the plaintiffs' counsel here."

- The presiding judge in ***AOL Time Warner***, the Hon. Shirley W. Kram, complimented our firm for its "exceptional lawyering in this case" and added that she "continues to be impressed with the quality of representation provided by [Heins Mills & Olson], its prosecution of the lawsuit, and its negotiation of the Settlement."  She added, "Not only do the parties dispute the amount of damages sustained by the Class, they continue to dispute the very existence of damages.  In light of this fundamental disagreement, the $2.65 billion Settlement secured by Plaintiffs is all the more impressive."

- The judge who approved the ***Broadcom*** settlement, the Hon. Dickran Tevrizian, described it as "an exceptional result given the complexity of the case, and despite

13



keenly contested and very complex facts. . . . Class Counsel's ability to obtain a favorable settlement despite formidable opposition confirms their immense skill."

### Recent Accolades

During the past year, our firm and its lawyers have continued to earn awards recognizing our superior ability and achievements.

- Samuel Heins, Vincent Esades and Renae Steiner were again named Minnesota "Super Lawyers" for 2013. Super Lawyers is a rating service of outstanding lawyers from more than 70 practice areas who have attained a high degree of peer recognition and professional achievement. The selection process is multi-phased and includes independent research, peer nominations and peer evaluations.

- Our firm is one of only six in Minnesota to be "highly recommended" by *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys*. The inaugural edition wrote that "the litigators of Heins Mills & Olson are disruptive apostles for plaintiffs that have been wounded by corporate transgressors" and "have propelled this firm to top standing in the eyes of their peers."  The guide also recognizes Vincent Esades, Samuel Heins, Dylan McFarland, Renae Steiner and David Woodward as Minnesota "Litigation Stars" in the practice of Antitrust, Consumer Protection, Securities, and Commercial Litigation. Renae was also honored as one of the Top 150 Women in Litigation.

14



These selections are the product of a six-month research project during which *Benchmark* conducted extensive interviews with litigators and clients.

- The 2014 edition of *The Legal 500 US*, which ranks "the best of the best" law firms in the country based on comments from clients and peers, again placed Heins Mills on its list of leading firms in antitrust class action litigation. The firm is one of only five to receive top ranking. As *The Legal 500 US* notes, Heins Mills "has 'top-level skill across the board with a deep bench' and is 'comprised of excellent attorneys, many of whom are highly experienced and all of whom provide superlative customer service.'" The publication also acknowledged Vincent Esades, Renae Steiner and David Woodward individually as top litigators in the field.

- We were also recently named the recipient of the 2013 Litigation Law Firm of the Year in Minnesota award from Corporate INTL. According to Corporate INTL, its awards "commemorate those who have been active over the past 12 months and who have shown excellence not only in expertise but in service and during a difficult global economic downturn." To select award winners, Corporate INTL "undertake[s] detailed research in all categories through our editorial and research teams." Heins Mills & Olson was "chosen by an independent panel of senior lawyers and leaders from industry and private practice." Corporate INTL has a global circulation comprising leaders in the legal and financial advisor communities, senior management of leading businesses, both public and private, the venture capital community, and members of various networks and alliances.

15



- Commentators have also recognized Heins Mills for its groundbreaking advocacy in antitrust cases.  An example is the landmark decision we obtained from the First Circuit, historically an arbitration-friendly court, invalidating class action bans in cable TV subscriber agreements.  The ruling, handed down in *Kristian v. Comcast Corp.*, was described by Paul Bland, an attorney with Trial Lawyers for Public Justice in Washington with extensive expertise in challenging class waivers in consumer arbitration agreements, as the "most important decision on arbitration law" of 2006.  (From "Decision Seen As Major Arbitration Policy Development," *ADRWorld.com* (April 28, 2006)).  As another commentator observed, "Consumer lawyers have lauded the court's decision . . . as the first to recognize that the bans deprive plaintiffs of the ability to exercise their statutory rights under federal antitrust law."  (From "1st Circuit Rejects a Class Action Ban," *The National Law Journal* (May 5, 2006)).



# <u>Attorneys</u>

**Samuel D. Heins**

B.A., U. of Minnesota,
1968

J.D., U. of Minnesota,
1972

Admitted: Minnesota;
U.S. District Court,
District of Minnesota;
U.S. Court of Appeals,
Eighth Circuit

Sam is of counsel to the firm. Sam has extensive experience in complex litigation, particularly in securities fraud and antitrust class actions, and has served as lead or co-lead counsel in a number of major class actions. He served as lead trial counsel in *In re Travel Agency Commission Antitrust Litigation* (D. Minn.) (antitrust claims on behalf of travel agents against major domestic airlines), and has been involved in numerous other cases, among them *In re AOL Time Warner Securities Litigation* (S.D.N.Y.) (securities fraud claims on behalf of AOL and Time Warner shareholders); *In re Pharmaceutical Industry Average Wholesale Price Litigation* (E.D. Mass.) (price-fixing, RICO and other claims against pharmaceutical companies on behalf of consumers, self-insured employers, health and welfare plans, health insurers and other end-payors); *In re Monosodium Glutamate Antitrust Litigation* (D. Minn.) (price-fixing claims on behalf of business purchasers of MSG against manufacturers); *In re High Pressure Laminates Antitrust Litigation* (S.D.N.Y.) (price-fixing claims by businesses against manufacturers of high pressure laminates); *In re Polyester Staple Antitrust Litigation* (W.D.N.C.) (price-fixing claims against polyester staple manufacturers on behalf of business purchasers); *In re Universal Service Fund Telephone Billing Practices Litigation* (D. Kan.) (consumer fraud and antitrust claims against AT&T, MCI and Sprint for USF telephone charges); *In re Fiber Optic Cable Litigation* (N.D. Ill.) (claims on behalf of property owners alleging that telecoms installed facilities within rights of way without consent); *In re Broadcom Corp. Securities Litigation* (C.D. Cal.) (securities fraud claims on behalf of Broadcom shareholders); *In re Green Tree Financial Stock Litigation* (D. Minn.) (securities fraud claims against Green Tree); and *In re Vitamins Antitrust Litigation* (D.D.C.) (antitrust claims against domestic vitamin producers and distributors on behalf of foreign direct purchasers).

In addition, Sam represented several state public pension funds in private litigation to recover the funds' securities losses related to their purchases of McKesson HBOC

17



common stock. These funds include the Utah State Retirement Board, the Public Employees' Retirement Association of Colorado, and the Minnesota State Board of Investment. Other cases in which he has participated in the representation of plaintiff classes include: *In re Mercury Finance Co. Securities Litigation* (N.D. Ill.); *In re Stucco Litigation* (E.D.N.C.); *In re Olympic Financial Securities Litigation* (D. Minn.); *American Carriers Securities Litigation* (D. Kan.); *Archer Communications Securities Litigation* (C.D. Cal.); *In re Grand Casinos Securities Litigation* (D. Minn.); *Bulk Popcorn Antitrust Litigation* (D. Minn.); *Charterhouse Securities Litigation* (D. Minn.); *Comserv Securities Litigation* (D. Minn.); *Craig-Hallum Securities Litigation* (D. Minn.); *Daisy Systems Corp. Securities Litigation* (N.D. Cal.); *Damson Oil & Gas Limited Partnerships Securities Litigation* (S.D.N.Y); *Diamonds Antitrust Litigation* (S.D.N.Y.); *EECO Securities Litigation* (C.D. Cal.); *Embassy Suites Securities Litigation* (C.D. Cal.); *Endotronics Securities Litigation* (D. Minn.); *Fidelity Medical Inc. Securities Litigation* (D.N.J.); *Harcourt Brace Jovanovich, Inc. Securities Litigation* (S.D.N.Y.); *In re HMOA Securities Litigation* (N.D. Ill.); *Jan Bell Securities Litigation* (S.D. Fla.); *K-tel Corp. Securities Litigation* (D. Minn.); *Kirschner Medical Corp. Securities Litigation* (D. Md.); *L.A. Gear Securities Litigation* (C.D. Cal.); *Miniscribe Securities Litigation* (D. Colo.); *In re Molybdenum Antitrust Litigation* (W.D. Pa.); *Mortgage & Realty Trust Securities Litigation* (E.D. Pa.); *Netteburg v. Cheyenne Land Co.* (D. Minn.); *Pinnacle West Securities Litigation* (D. Ariz.); *Residential Resources Securities Litigation* (D. Ariz.); *Saxon Industries Securities Litigation* (S.D.N.Y.); *Simmons Co. ERISA Litigation* (W.D. Wis.); *Tandon Corp. Securities Litigation* (C.D. Cal.); *Thousand Trails, Inc. Securities Litigation* (W.D. Wash.); and *Wirebound Boxes Antitrust Litigation* (D. Minn.).

Sam served as a law clerk to the Honorable Earl R. Larson, United States District Judge, District of Minnesota. He has been a visiting professor at the University of Minnesota's School of Architecture. He is a member of the Federal Advisory Committee to the Judicial Council of the Eighth Circuit, was a member of the Minneapolis Charter



Commission, and has served as president of both the Minnesota Advocates for Human Rights and the Minnesota Center for Victims of Torture. He also is a member of the Hennepin County, Minnesota State (Member, Board of Governors, 1978-1984) and American Bar Associations.

---

**Stacey L. Mills**

B.A., U. of Nebraska

J.D., California Western School of Law

Admitted: Minnesota; U.S. District Court, District of Minnesota; Southern, Central and Northern Districts of California; District of Arizona; U.S. Court of Appeals, Seventh, Eighth and Ninth Circuits

After recently ending her tenure as a member of the firm, Stacey is now of counsel to the firm. She has a wealth of experience litigating class and other complex litigation. She was one of the lead lawyers most actively involved on behalf of the plaintiff class in *In re Travel Agency Commission Antitrust Litigation* (D. Minn.) (antitrust claims on behalf of travel agents against major domestic airlines). Stacey has been involved in *In re AOL Time Warner Securities Litigation* (S.D.N.Y.) (securities fraud claims on behalf of AOL and Time Warner shareholders); *In re High Pressure Laminates Antitrust Litigation* (S.D.N.Y.) (price-fixing claims by businesses against manufacturers of high pressure laminates); *In re Fiber Optic Cable Litigation* (N.D. Ill.) (claims on behalf of property owners alleging that telecoms installed facilities within rights of way without consent); and *In re Broadcom Corp. Securities Litigation* (C.D. Cal.) (securities fraud claims on behalf of Broadcom shareholders). Among other cases in which Stacey has been involved are *In re Green Tree Financial Stock Litigation* (D. Minn.); *In re Grand Casinos, Inc. Securities Litigation* (D. Minn.); *In re Buffets, Inc. Securities Litigation* (D. Minn.); *In re Mercury Finance Co. Securities Litigation* (N.D. Ill.); *In re Digi International, Inc. Securities Litigation* (D. Minn.); *In re Olympic Financial Securities Litigation* (D. Minn.); *In re Policy Management Systems Corp. Securities Litigation* (D.S.C.); *In re High-Fructose Corn Syrup Antitrust Litigation* (C.D. Ill.); *Jong Lee v. Summit Medical Systems, Inc.* (D. Minn.); *In re Tricord Systems, Inc. Securities Litigation* (D. Minn.); *In re NASDAQ Market-Makers Antitrust Litigation* (S.D.N.Y.); *In re Scimed Life Securities Litig.* (D. Minn.); *A & J Deutscher Family Fund v. Bullard* (C.D. Cal.); *In re Unioil Securities Litigation* (C.D. Cal.); *In re Cousins Securities Litigation* (S.D. Cal.); *In re Daisy*



*Systems* (N.D. Cal.); *In re HMOA Securities Litigation* (N.D. Ill.); *In re Employee Benefit Plans Securities Litigation* (D. Minn.); *Guenther v. Cooper Life Sciences* (N.D. Cal.); *In re Tera Securities Litigation* (N.D. Cal.); *In re Technical Equities Securities Litigation* (N.D. Cal.); *Krasner v. Mitchell* (Cal. Super. Ct. Los Angeles); *Kurgen v. Boise* (C.D. Cal.); *Levy v. Eletr* (N.D. Cal.); *Mirochnick v. Glasky* (C.D. Cal.); *Shields v. Smith* (N.D. Cal.); *Steiner v. Whittaker Corp.* (Cal. Super. Ct. Los Angeles); *Thau v. Johnson* (S.D. Cal.); *The Clothestime Securities Litigation* (C.D. Cal.); *Weinberger v. Kwiker* (C.D. Cal.); and *Weinberger v. Liebel* (S.D. Cal.).

Stacey has also represented plaintiffs asserting derivative claims on behalf of corporations in complex civil actions, including *Goldman v. Belzberg* (Cal. Super. Ct. Los Angeles) (on behalf of FarWest Savings & Loan Assoc.); *Grobow v. Dingman* (S.D. Cal.) (on behalf of The Henley Group, Inc.); *In re Lockheed Corp. Securities Litigation* (C.D. Cal.); *Pacific Gas & Elec. Shareholder Derivative Litigation* (Cal. Super. Ct. San Francisco); and *Seaman v. Pratt* (Cal. Super. Ct. Orange Co.) (on behalf of Pfizer Inc.).

---

### Vincent J. Esades

B.A. *cum laude*, U. of N. Dakota

J.D., U. of N. Dakota School of Law

Admitted: Minnesota and North Dakota; U.S. District Court, Districts of Minnesota, E.D. of Wisconsin, and E.D. of Michigan

Vince is an equity member of the firm. He has a national practice in the field of complex litigation, primarily in the areas of antitrust, consumer fraud and securities fraud. Mr. Esades has consistently been recognized as a top antitrust litigator in *The Legal 500 US*, which ranks Heins Mills & Olson as one of the top five antitrust class actions firms nationally. The 2012 inaugural edition of *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* recognized Vincent Esades as one of the Minnesota "Litigation Stars" in the practice of antitrust, consumer and complex litigation. Vince has again been selected a Minnesota "Super Lawyer" for 2014.

He has worked on numerous major antitrust cases and was recently appointed as co-lead counsel in *In re Lipitor Antitrust Litigation*, MDL No. 2332 (D.N.J.), which involves antitrust and consumer protection claims on



behalf of a proposed class of indirect purchasers of the prescription drug; *Fond Du Lac Bumper Exchange, Inc., et al. v. Jui Li Enterprise Company, Ltd., et al.*, Case No. 09-cv-0852 (E.D. Wis.), which involves claims of nationwide price fixing of automotive sheet metal parts by after market sheet metal parts manufacturers; and *In re Puerto Rican Cabotage Antitrust Litigation*, MDL No. 1960 (D.P.R), which involves price fixing by Jones Act shipping companies for ocean shipping services between the U.S. and Puerto Rico. Vince was recently appointed lead counsel for the Consumer Class in  a class action on behalf of consumers against Target Corporation arising from a large data security breach (*In re Target Corporation Customer Data Security Breach Litigation*, MDL No. 2522 (D. Minn.). Vince is also appointed by the court as a member of the Plaintiffs' Steering Committee in *In re Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328 (E.D. La.) (asserting claims of monopolization and attempted monopolization of the U.S. pool products distribution market) and in *In re Aluminum Warehousing Antitrust Litigation*, MDL No. 2481 (S.D.N.Y.) (claims alleging conspiracy to inflate aluminum prices, restrain aluminum supplies and provide extremely inefficient, low quality load out and other services). He has served as plaintiffs' lead or co-lead counsel on several other nationwide class actions, including *In re Publication Paper Antitrust Litigation*, MDL No. 1631 (D. Conn.) (price-fixing claims against paper manufacturers); *Johnson v. ELCA Board of Pensions* (representing retired pastors and church employees with breach of contract and breach of fiduciary duty claims against the ELCA Board of Pensions); *In re Polyester Staple Antitrust Litigation*, MDL No. 1516 (W.D.N.C.) (price fixing claims against polyester staple manufacturers on behalf of business purchasers where Vince also served as a member of the trial team before the case settled on the eve of trial); and *In re Bulk Graphite Antitrust Litigation* (D.N.J.) (price fixing claims against manufacturers of bulk graphite on behalf of business purchasers).

In addition to serving as lead counsel, Vince tried a price-fixing case to verdict as a member of multi-firm trial team in *In re High Pressure Laminates Antitrust Litigation*,



MDL No. 1368 (S.D.N.Y.) (price-fixing claims against manufacturers of high pressure laminates on behalf of business purchasers) and served as lead counsel in a case tried by Heins Mills and other co-lead counsel in November 2008, In *re Universal Service Fund Telephone Billing Practices Litigation*, MDL No. 1468 (D. Kan.) (consumer fraud and price-fixing claims against AT&T, MCI and Sprint for USF surcharges). As lead counsel, Vince represented classes of consumers and obtained nationwide settlements in *In re Lawnmower Engines Horsepower Marketing & Sales Practices Litigation*, MDL No. 1999 (E.D. Wisc.) (alleging RICO, consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawn mowers and lawn mower engines).

Vince is also currently involved as a member of Plaintiffs' Executive Committees in numerous other nationwide class actions, including *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal.) (price-fixing claims against producers of Thin Film Transistor Liquid Crystal Displays); *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y.) (claims on behalf of local governments against brokers, banks and insurance companies alleging bid-rigging and other anti-competitive practices in the municipal derivatives industry); *In re Rail Freight Fuel Surcharge Antitrust Litigation* (D.D.C. ) (claims alleging conspiracy among major domestic railroads to fix prices for rail freight surcharges); and in *In re Intel Corp. Microprocessor Antitrust Litigation* (D. Del.) (claims alleging monopolistic practices by Intel in the x86 microprocessor market). Vince is also participating in *In re LIBOR-Based Financial Instruments Antitrust Litigation* (S.D.N.Y.) (claims alleging that member banks of the British Bankers' Association conspired to manipulate the London InterBank Offered Rate) and *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y.) (claims against major airlines alleging price-fixing of fuel surcharges for freight transportation).

Vince was recently appointed as liaison counsel in *Freedman v. St. Jude Medical, Inc.* (D. Minn.) (a securities fraud class action alleging on behalf of purchasers of common stock of St. Jude Medical, Inc. that the company



failed to disclose problems with leads it made for implantable cardiac defibrillators).

Vince has actively participated in numerous other complex class actions as well, including *In re Hydrogen Peroxide Antitrust Litigation* (E.D. Pa.) (price-fixing claims against manufacturers of hydrogen peroxide); *In re Vitamins Antitrust Litigation* (D.D.C.) (Discovery Co-Chair); *Howe v. Microsoft Corp.* (N.D.) (Lead Counsel); *Gordon v. Microsoft Corp.* (Minn., 4th Jud. Dist.); *In re NASDAQ Market-Makers Antitrust Litigation* (S.D.N.Y.); and *In re Motorsports Merchandise Antitrust Litigation* (N.D. Ga.).

Vince has presented at the ABA Annual Convention and the ABA Annual National Institute on Class Actions as a moderator and panelist regarding major antitrust issues, including the Class Action Fairness Act, multi-state settlement issues and class arbitration.

- Institute Planning Committee and Moderator, ABA's 17th Annual National Institute on Class Actions, "Arbigeddon!" Has the Revolution to End Class Actions Spawned Weapons of Mass Arbitration? Boston, MA, October 23-24, 2013, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee
- Institute Planning Committee and Moderator, ABA's 16th Annual National Institute on Class Actions, "Sifting Through All the Big Shoulders." Litigating Class Actions Alongside Opt-Outs – Free-Riding or Riding Shotgun," Chicago, IL, October 24-25, 2012, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee
- Institute Planning Committee and Moderator, ABA's 15th Annual National Institute on Class Actions, "Melee in Manhattan! Class-Action Objectors — Are They Protectors of Absent Class Members or Merely Gadflies?" New York, NY, October 14, 2011, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee
- Institute Planning Committee and Moderator, ABA's 14th Annual National Institute on Class Actions, "Perspectives on Multidistrict Litigation from the



MDL Panel and Beyond," Chicago, IL, October 14, 2010, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee

- Panelist and Moderator, ABA's 13th Annual National Institute on Class Actions, "A Funny Thing Happened on the Way to the Courthouse . . . I Had to Litigate an Arbitration Clause! Crafting, Opposing, and Arguing Arbitration Clauses and Class-Action Waivers in Three Scenes," Washington, DC, November 20, 2009, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee

- Panelist, American Antitrust Institute's Annual Invitational Symposium on The Future of Private Antitrust Enforcement, "Action on the Class Action Front: A Potpourri," Washington, DC, December 11, 2008.

- Panelist, ABA's 12th Annual National Institute on Class Actions, "'I Could Have Sworn It was CAFA, *not Kafka*!' The Metamorphosis of Pleading, Defending, and Settling Multi-State Class Actions—A Surreal-Life, Three-Act Play," New York, NY, November 7, 2008, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee

- Lecturer, "Class Actions: Growing Your Business by Understanding the Basics and Recognizing Opportunities," Cleveland, OH, October 31, 2008, sponsored by the Cleveland Bar Association

- Panelist, ABA's 11th Annual National Institute on Class Actions, "The Nationwide Class: White Elephant, Endangered Species, or Alive and Well?" Chicago, IL, October 19, 2007, sponsored by the ABA's Litigation Section's Class Action and Derivative Suits Committee

- Panelist, ABA's 2007 Annual Meeting, "'Is this CAFA or Kafka?' Multi-State Class Actions in a Time of Metamorphosis–A Surreal-Life, Three-Act Play," San Francisco, CA, August 9-12, 2007, sponsored by the ABA

---



## Renae D. Steiner

B.A. U. of Minnesota-Morris

J.D. *with distinction*, U. of Nebraska College of Law

Admitted: Minnesota; U.S. District Court, Districts of Minnesota, Nebraska, Colorado, and E.D. of Wisconsin; U.S. Court of Appeals, Seventh and Eighth Circuits

Renae is an equity member of the firm. Renae has consistently been selected by her peers for inclusion as a "Super Lawyer" in *Minnesota Law & Politics* in the areas of antitrust litigation and class actions. Renae has also been recognized as a top antitrust litigator in *The Legal 500 US* (2011). Similarly, *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* includes Renae in its listing of "Litigation Stars." She is a member of the Federal, Minnesota, and Hennepin County Bar associations. Renae has a national practice in the field of complex litigation, primarily in the areas of antitrust actions (both direct purchaser and indirect purchaser cases), as well as in consumer fraud and securities actions. Over the course of her career, Renae has worked on novel issues of antitrust law, including some of the first post-*Illinois Brick* state law class actions, in establishing antitrust standing under Florida's consumer protection statutes, in establishing the co-conspirator theory of state court jurisdiction in Florida, and on issues related to CAFA (Class Action Fairness Act) and standing arguments for indirect purchasers of price-fixed goods. She has worked cooperatively with many state Attorneys General in their related litigation against antitrust defendants.

Likewise, in *In re Grand Casinos Securities Litigation* (D. Minn.), Renae was part of the lead counsel team at Heins Mills & Olson that was the first to address the new pleading standards for motions for summary judgment under the newly-enacted PSLRA's scienter requirements.

Renae has actively participated in the representation of plaintiffs and plaintiff classes in the following cases: *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, Case No. 4:09-cv-1967 (N.D. Cal.) (challenging policies that prevent U.S. collegiate student-athletes from receiving a share of the revenue generated from use of their likeness); *In re Aftermarket Filters Antitrust Litigation* (N.D. Ill.) (antitrust, consumer protection and unfair competition claims against leading manufacturers of replacement vehicle filters on behalf of indirect purchasers); *In re Prograf Antitrust Litigation* (D. Mass.); *In re Lipitor Antitrust Litigation* (D.N.J.); *In re DRAM*



*Antitrust Litigation* (multiple federal and state court actions); *In re St. Paul Travelers Securities Litigation* (D. Minn.) (securities fraud); ***In re Ready-Mixed Concrete Antitrust Litigation*** (S.D. Ind.) (Indiana price-fixing case involving concrete); ***In re Vitamin C Antitrust Litigation*** (E.D.N.Y.) (price-fixing of Vitamin C); ***In re TFT-LCD (Flat Panel) Antitrust Litigation*** (N.D. Cal.) (price-fixing claims against producers of LCD panels); ***In re Flash Memory Products Antitrust Litigation*** (N.D. Cal.) (price-fixing claims against the producers of flash memory); ***In re SRAM Memory Products Antitrust Litigation*** (N.D. Cal.) (price-fixing claims against the producers of SRAM memory, a type of computer memory); ***In re Graphics Cards Antitrust Litigation*** (N.D. Cal.) (price-fixing claims against the producers of graphics cards); ***In re Cathode Ray Tube (CRT) Antitrust Litigation*** (N.D. Cal.) (price-fixing claims against the producers of CRT televisions); ***In re New Motor Vehicle Canadian Export Antitrust Litigation*** (D. Me.) (antitrust claims against vehicle manufacturers on behalf of consumers); ***In re Universal Service Fund (USF) Telephone Billing Practices Litigation*** (D. Kan.) (alleged consumer fraud in the assessment of USF fees); ***Fiber Optic Cable Litigation*** (multiple state and federal court actions related to the installation of fiber optic cable); ***In re MSG Antitrust Litigation*** (D. Minn.) (price-fixing claims relating to the food additive MSG); ***Infant Formula Antitrust Litigation*** (price-fixing claims as to infant formula; multiple state court actions; Wisconsin trial team); ***In re Thermal Facsimile Paper Antitrust Litigation*** (multiple state court actions); ***In re Digi International, Inc. Securities Litigation*** (D. Minn.) (securities fraud); ***In re Grand Casinos, Inc. Securities Litigation*** (D. Minn.) (securities fraud); ***In re Molybdenum Antitrust Litigation*** (W.D. Pa.) (alleged price fixing of the element molybdenum); ***In re Commercial Explosives Antitrust Litigation*** (D. Utah) (price-fixing of mining explosives); ***Carey v. Select Comfort Corp.*** (4th Jud. Dist., Minnesota) (consumer fraud in the sale of Select Comfort beds); ***Schaffer v. Hewlett-Packard Co.*** (E.D. Mich.) (consumer fraud in the sale of HP computers); ***Ellerbake v. Campbell Hausfeld*** (20th Jud. Ct. Ill.) (consumer fraud in the sale of air compressors); ***Wiginton v. CB Richard Ellis*** (N.D. Ill.) (gender discrimination); ***Johnson v. Best Buy*** (Hennepin Co. Ct.) (consumer fraud in

26



the sale of extended warranties); and *Glenz v. Sharp Electronics Corp.* (D.N.J.) (consumer fraud and breach of warranty in the sale of DLP Projector lamps).

Renae also has been involved in other, non-class complex cases involving unfair competition claims, including *Medical Graphics v. SensorMedics Corp.* (D. Minn.) and *Birchwood Laboratories v. Citmed Corp.* (D. Minn.).

---

### Dylan J. McFarland

B.A. *summa cum laude*, U. of Minnesota

J.D. *cum laude*, Harvard Law School

Admitted: Hawaii and Minnesota; U.S. District Court, District of Minnesota; U.S. Court of Appeals, Second and Eighth Circuits

Dylan is an officer of the firm. Named a "Super Lawyer" and "Rising Star" by *Minnesota Law & Politics*, he practiced in the area of complex commercial litigation as an associate with Gray Plant Mooty before attending the University of Minnesota Medical School. As a partner of Burstein Hertogs Olson & McFarland, P.A., he continued to represent corporations and municipalities in complex litigation, including shareholder derivative actions. In a case of first impression, he represented the defendant in *Skoglund v. Brady* (Minn.), which defined the scope of derivative claims and the authority of special litigation counsel under Minnesota law. Since joining the firm, Dylan has worked on several securities fraud class actions, including *In re AOL Time Warner Securities Litigation* (S.D.N.Y.) (securities fraud claims on behalf of AOL and Time Warner shareholders) and *In re Broadcom Corp. Securities Litigation* (C.D. Cal.) ($150 million recovery for shareholders of semiconductor manufacturer).

Dylan's work has involved a number of antitrust class actions, including *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal.) (price-fixing claims against producers of liquid crystal displays); *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y.) (claims on behalf of local governments against brokers, banks and insurance companies alleging bid-rigging and other anticompetitive practices in the municipal derivatives industry); *In re LIBOR-Based Financial Instruments Antitrust Litigation* (S.D.N.Y.) (claims alleging that member banks of the British Bankers' Association conspired to manipulate the London InterBank Offered Rate); *In re Plasma Derivative*



*Protein Therapies Antitrust Litigation* (N.D. Ill.) (supply and price-fixing claims against manufacturers of plasma-derivative protein therapies); *In re American Express Anti-Steering Rules Antitrust Litigation* (E.D.N.Y.) (challenging rules preventing merchants from providing consumers with incentives to use forms of payment that are less expensive than American Express branded payment cards); *In re Puerto Rican Cabotage Antitrust Litigation* (D.P.R.) (antitrust claims against the largest providers of domestic ocean shipping between the mainland U.S. and Puerto Rico); *Glaberson v. Comcast Corp.* (E.D. Pa.) (antitrust claims against cable services provider on behalf of subscribers); and *In re Lawnmower Engines Horsepower Marketing & Sales Practices Litigation*, MDL No. 1999 (E.D. Wis.) (alleging consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawn mowers and lawn mower engines).

While attending Harvard Law School, Dylan was an editor of the *Harvard Civil Rights-Civil Liberties Law Review*. He was an Adjunct Professor of Law at William Mitchell College of Law from 1998-2002, where he taught Legal Writing, Trial Skills, and Appellate Advocacy, and he has spoken at legal education programs on a number of litigation topics.

Dylan is named as a "Litigation Star" in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys.*

_____

### David R. Woodward

B.A. *with highest honors,* St. Cloud State University

J.D., UCLA School of Law

Masters of Law, National Law Center

Admitted: Minnesota

David is an officer of the firm. From 1987-2003, he served as an Assistant Attorney General in the Civil Enforcement Unit of the Minnesota Attorney General's Office. David has extensive experience representing the State of Minnesota in lawsuits enforcing statutory prohibitions against false advertising, deceptive trade practices and consumer fraud. His consumer protection litigation areas of emphasis included health frauds, mortgage related enforcement matters and deceptive practices particularly impacting vulnerable consumers. On behalf of the Minnesota Attorney



**Pennsylvania and California; U.S. District Court, Districts of Minnesota, M.D. of Pennsylvania; U.S. Court of Appeals, Third, Fifth, Eighth and Ninth Circuits; and the U.S. Supreme Court**

General's Office, David helped to create a multi-state health fraud litigation group, which he co-chaired from 1994-1996. He served as lead counsel on behalf of the State of Minnesota in numerous multi-state enforcement efforts involving the application of state consumer protection statutes to nationwide drug advertising and promotional practices within the pharmaceutical industry, as well as a multi-state settlement with a large food company involving application of federal and state food laws and state consumer laws to the advertising and sale of a combination food/toy product marketed to young children. David has extensive consumer protection litigation experience. He represented the State of Minnesota in both state and federal courts. He represented the State of Minnesota in *State v. American Family Mutual Insurance Co.*, 609 N.W.2d 1 (Minn. Ct. App. 2000), a consumer and insurance law enforcement matter benefiting homeowners statewide in a case confirming the Attorney General's authority to sue insurers to enforce Minnesota consumer and insurance laws. David represented the State in numerous false advertising, deceptive trade practices and consumer fraud cases, including litigation challenging advance fee loan schemes; college financial aid services companies; credit repair frauds; usurious credit card charges; home mortgage escrow overcharges; false advertising for bogus yellow page directories; the sale of bogus cancer treatment devices; the marketing to young consumers of an unapproved, dangerous drug misrepresented as a safe and natural product; misrepresentations in the sale of hearing aids; travel promotion schemes; deceptive practices affecting small businesses; and deceptive sweepstakes practices by major national sweepstakes companies.

From 1976-1979 and 1980-1987, David served as a staff attorney for a non-profit legal services corporation providing legal representation in civil matters, including litigation, to low-income persons in south central Pennsylvania. He was counsel before the Pennsylvania Supreme Court in *Pugh v. Holmes*, 405 A.2d 897 (Pa. 1979), a seminal case which established on a statewide basis the implied warranty of habitability in residential lease transactions.



David works on antitrust, consumer fraud and securities fraud class litigation in which the Heins Mills & Olson firm serves as plaintiffs' counsel including, for example, *Glaberson v. Comcast Corp.*, *Kristian v. Comcast Corp.*, and *Rogers v. Comcast Corp.* (E.D. Pa.) (antitrust claims on behalf of cable subscribers); *In re Lipitor Antitrust Litigation*, MDL No. 2332 (D.N.J.) (state antitrust and consumer protection claims on behalf of a proposed class of indirect purchasers represented by Heins Mills & Olson as co-lead counsel); *In re Municipal Derivatives Antitrust Litigation* (S.D.N.Y.) (antitrust claims alleging bid rigging and other anticompetitive conduct in the municipal derivatives industry); *In re McKesson HBOC Securities Litigation* (N.D. Cal.) (securities fraud claims); *In re New Motor Vehicles Canadian Export Antitrust Litigation* (D. Maine) (antitrust action on behalf of consumers against automobile manufacturers); *In re Lawnmower Engines Horsepower Marketing & Sales Practices Litigation*, MDL No. 1999 (E.D. Wis.) (alleging consumer fraud, civil conspiracy and unjust enrichment claims against manufacturers of lawn mowers and lawn mower engines); *Nogosek v. Carrier Corp.* (D. Minn.) (consumer fraud and breach of warranty action against furnace manufacturer); and class actions on behalf of consumers against Target Corporation arising from a large data security breach (*In re Target Corporation Customer Data Security Breach Litigation* (MDL No. 2522)).

David also works with Renae Steiner on various antitrust class actions alleging anticompetitive conduct by pharmaceutical companies delaying entry of lower-priced generic drugs into the market, including *In re Aggrenox Antitrust Litigation*, MDL No. 2516 (D. Conn.), *In re Lidoderm Antitrust Litig*ation, MDL No. 2521 (N.D. Cal.), *In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation*, Case No. 14-md-2503-DJC (D. Mass.), *In re Suboxone (Buprenorphine Hydrochloride and Naloxone) Antitrust Litigation*, MDL No. 2445 (E.D. Pa.), and *Minnesota and North Dakota Bricklayers and Allied Craftworkers Health Fund, et al. v. Takeda Pharmaceutical Co., Ltd., et al.*, Case No. 1:14-cv-01691 (S.D.N.Y.).



David has provided pro bono representation to persons seeking asylum. In 2000 and again in 2013, he received the Pro Bono Volunteer Annual Attorney Award from Minnesota Advocates for Human Rights.

After graduating with highest honors from St. Cloud State University (B.A.), he obtained his J.D. from the School of Law of the University of California in Los Angeles, where he was admitted to the Order of the Coif and was a member of the UCLA Law Review. He was also awarded a Masters of Law with highest honors from the National Law Center, Washington, D.C.

David presented as a panelist at the PLI's "Class Action Litigation 2013" conference in New York on July 10, 2013.

*Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* includes David in its listing of "Litigation Stars."

_____

## Jessica N. Servais

B.A. *magna cum laude*, Macalester College

J.D., U. of Minnesota Law School

Admitted: Minnesota, Wisconsin; U.S. District Court, Districts of Minnesota and E.D. Wisconsin

Jessica is an officer of the firm. She currently is or has recently been working on complex litigation, including *Fond Du Lac Bumper Exchange, Inc., et. al. v. Jui Li Enterprise Company, Ltd., et. al.* (E.D. Wis.) (supply and price-fixing claims against manufacturers and distributors of aftermarket automotive sheet metal parts); *In re Plasma Derivative Protein Therapies Antitrust Litigation* (N.D. Ill.) (supply and price-fixing claims against manufacturers of plasma-derivative protein therapies); *In re Transpacific Passenger Air Transportation Antitrust Litigation* (N.D. Cal.) (antitrust claims against airlines for price-fixing passenger fares and/or fuel surcharges on transpacific air passenger transportation); *Glaberson v. Comcast Corp.* (E.D. Pa.), *Kristian v. Comcast Corp.* (E.D. Pa.) and *Rogers v. Comcast Corp.* (E.D. Pa.) (antitrust claims against cable services provider on behalf of subscribers); *In re Ready-Mixed Antitrust Litigation* (S.D. Ind.) (price-fixing claims against ready-mixed concrete suppliers on behalf of purchasers); *In re Korean Air Lines Co., Ltd., Antitrust Litigation* (claims against Korea's major airlines alleging



price-fixing of fuel surcharges); *In re Universal Service Fund Telephone Billing Practices Litigation* (D. Kan.) (consumer fraud and antitrust claims against AT&T, MCI and Sprint for USF telephone charges); and *In re Relafen Antitrust Litigation* (N.D. Cal.) (antitrust claims on behalf of consumers against manufacturers of brand name nabumetone tablets).

In addition, Jessica is one of the lawyers who represented Colorado, Minnesota and Utah state employee pension funds in private litigation regarding losses suffered in connection with their purchases of McKesson HBOC securities in *In re McKesson HBOC Securities Litigation* (N.D. Cal.).

At the University of Minnesota Law School, Jessica was the Executive Editor of the *Minnesota Intellectual Property Review*. Jessica served as a federal judicial law clerk to the Honorable Michael J. Davis, United States District Court, District of Minnesota.

_____

**James W. Anderson**

B.A., *magna cum laude*, St. Olaf College

J.D. *cum laude*, William Mitchell College of Law

Admitted: Minnesota; U.S. District Court, District of Minnesota; U.S. Court of Appeals, Eighth Circuit

James is a senior associate of the firm. He is currently working on, or has worked on, a variety of complex civil matters, including *In re Lithium Ion Batteries Antitrust Litigation* (N.D. Cal.) (asserting antitrust claims against manufacturers of lithium ion batteries); *Kleen Products LLC v. Packaging Corporation of America, et al.* (N.D. Ill.) (antitrust claims against manufacturers of containerboard products); *In re American Express Anti-Steering Rules Antitrust Litigation* (E.D.N.Y.) (challenging rules preventing merchants from providing consumers with incentives to use forms of payment that are less expensive than American Express branded payment cards); *In re Aftermarket Filters Antitrust Litigation* (N.D. Ill.) (antitrust, consumer protection and unfair competition claims against leading manufacturers of replacement vehicle filters on behalf of indirect purchasers); *In re Pool Products Distribution Market Antitrust Litigation* (E.D. La.) (asserting claims of monopolization and attempted monopolization of the U.S. pool products distribution



market); *In re Air Cargo Shipping Services Antitrust Litigation* (E.D.N.Y) (claims against major airlines alleging price-fixing of fuel surcharges for freight transportation); *In re Cathode Ray Tube (CRT) Antitrust Litigation* (N.D. Cal.) (price-fixing claims against the producers of CRT televisions); *In re DRAM Antitrust Litigation* (multiple federal and state court actions involving price-fixing claims against the producers of DRAM computer memory); *In re SRAM Memory Products Antitrust Litigation* (N.D. Cal.) (price-fixing claims against the producers of SRAM computer memory); and *In re AOL Time Warner Securities Litigation* (S.D.N.Y.) (securities fraud claims on behalf of AOL and Time Warner shareholders). James has also been involved in other, non-class litigation including *Spine Solutions, Inc. v. Medtronic Sofamor Danek, Inc.* (W.D. Tenn.).

James graduated *cum laude* from William Mitchell College of Law where he was awarded a *21st Century Scholarship*, received a CALI Award for his performance in *Legislative Advocacy*, and a Minnesota State Bar Association outstanding achievement award in *Employment Discrimination*.

_____

## Teresa M. Jones

B.A., University of Minnesota

J.D. *magna cum laude*, William Mitchell College of Law

Admitted: Minnesota; U.S. District Court, District of Minnesota; U.S. Court of Appeals, Eighth Circuit

Teresa is an associate of the firm and works on a wide range of complex litigation matters, with a focus on antitrust litigation, securities litigation, class actions, and consumer fraud matters. Prior to joining the firm, Teresa was part of the trial team in a large antitrust class action lawsuit against a major software company which settled in 2007 after several months of trial for $180 million.

Teresa has significant experience in document-intensive discovery, through which she has developed practices to identify, highlight and manage key case documents.

She is currently working on *In re Lipitor Antitrust Litigation* (D.N.J.) (state antitrust and consumer protection claims on behalf of proposed class of indirect purchasers represented by Heins Mills & Olson as co-lead



counsel);  *In re Domestic Drywall Antitrust Litigation* (E.D. Pa.) (supply and price-fixing claims against manufacturers of gypsum wallboard); and *Fond Du Lac Bumper Exchange, Inc., et. al. v. Jui Li Enterprise Company, Ltd., et. al.* (E.D. Wis.) (supply and price-fixing claims against manufacturers and distributors of aftermarket automotive sheet metal parts).  She has also worked on *In re Plasma Derivative Protein Therapies Antitrust Litigation* (N.D. Ill.) (supply and price-fixing claims against manufacturers of plasma-derivative protein therapies); *Glaberson v. Comcast Corp.* (E.D. Pa.) (antitrust claims against cable services provider on behalf of subscribers); and *In re AOL Time Warner Securities Litigation* (S.D.N.Y) (securities fraud claims on behalf of AOL and Time Warner shareholders).

Teresa graduated *magna cum laude* from William Mitchell College of Law and is admitted to practice in the state courts of Minnesota, the U.S. District Court for the District of Minnesota, and the United States Court of Appeals for the Eighth Circuit. Teresa is an active member of the Minnesota State Bar Association, Hennepin County Bar Association and American Bar Association and has held leadership positions in each.

---

**Maureen E. Sandey**

B.A., Macalester College

J.D., William Mitchell College of Law

Admitted: Minnesota

Maureen is an associate of the firm. She is currently working on a variety of complex civil cases, including *Kleen Products LLC v. Packaging Corporation of America, et al.* (N.D. Ill.) (antitrust claims against manufacturers of containerboard products); *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, Case No. 4:09-cv-1967 (N.D. Cal.) (challenging policies that prevent U.S. collegiate student-athletes from receiving a share of the revenue generated from use of their likeness); *Fond Du Lac Bumper Exchange, Inc., et. al. v. Jui Li Enterprise Company, Ltd., et. al.* (E.D. Wis.) (supply and price-fixing claims against manufacturers and distributors of aftermarket automotive sheet metal parts); and *In re Processed Egg Products Antitrust Litigation* (E.D. Pa.) (price-fixing claims by direct purchasers against shell egg



and processed egg producers).  Maureen also worked on *Pastor Benjamin A. Johnson, et al. v. The Evangelical Lutheran Church of America, et al.* (D. Minn.) (breach of contract and breach of fiduciary duty claims against the ELCA and the ELCA Board of Pensions on behalf of retired pastors and church employees).

In her previous professional experience, Maureen worked as a discovery attorney at a law firm in Minneapolis. She has worked on *Auxilium Pharmaceuticals, Inc. and FCB 1, L.L.C. v. Upsher-Smith Laboratories, Inc.* (D.N.J.); *Federal Home Loan Bank of Pittsburgh v. J.P. Morgan Securities, L.L.C., et al.* (Allegheny County Court of Common Pleas); *Devi Khoday and Danise Townsend, individually and on behalf of the class they represent v. Symantec Corp. and Digital River, Inc.* (D. Minn.); *Blue Cross and Blue Shield of Minnesota, as Administrator of the Blue Cross and Blue Shield of Minnesota Pension Equity Plan, et al. v. Wells Fargo Bank, N.A.* (D. Minn.); and *ObjectVideo, Inc. v. Robert Bosch, GMBH, et al.* (E.D. Va.).

Previously, she served as a law clerk for the Ramsey County Attorney's Office and as a judicial extern to the Honorable Tanya Bransford, United States District Court, District of Minnesota.

At William Mitchell College of Law, Maureen was the Co-Editor-in-Chief of *Cybaris®: Intellectual Property Law Review* and was a student attorney in the Intellectual Property Law Clinic. Currently, Maureen serves on the board for Global Deaf Connection and volunteers at Feed My Starving Children.

_____

## Cole S. Woodward

**B.A., St. John's University**

**J.D., William Mitchell College of Law**

**Admitted: Minnesota**

Cole is an associate of the firm.  He is currently assisting with work on, or has assisted with work on, complex litigation, including *Fond Du Lac Bumper Exchange, Inc., et. al. v. Jui Li Enterprise Company, Ltd., et. al.* (E.D. Wis.) (supply and price-fixing claims against manufacturers and distributors of aftermarket automotive sheet metal parts), and *In re NCAA Student-Athlete Name & Likeness*



*Licensing Litigation*, Case No. 4:09-cv-1967 (N.D. Cal.) (challenging policies that prevent U.S. collegiate student-athletes from receiving a share of the revenue generated from use of their likeness). He currently assists, or has assisted with legal research on *In re Target Corporation Customer Data Security Breach Litigation* (MDL No. 2522).

While attending William Mitchell College of Law, Cole was a law clerk at Mid-Minnesota Legal Aid's Minneapolis office and worked in immigration law.  He was a Minnesota Justice Foundation summer law clerk at Legal Aid Service of NorthEastern Minnesota.  There, he worked in landlord-tenant and housing law.

# EXHIBIT 2

In re Cathode Ray Tube (CRT) Antitrust Litigation
Heins Mills & Olson, P.L.C.
Reported Hours and Lodestar
May 9, 2008 through July 30, 2014
Exhibit 2

| NAME | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| ATTORNEYS | | | |
| Vincent J. Esades (P) | 2.00 | $550.00 | $1,100.00 |
| Vincent J. Esades (P) | 5.75 | $560.00 | $3,220.00 |
| Renae D. Steiner (P) | 7.25 | $540.00 | $3,915.00 |
| Renae D. Steiner (P) | 18.25 | $560.00 | $10,220.00 |
| Renae D. Steiner (P) | 17.50 | $575.00 | $10,062.50 |
| James W. Anderson (A) | 24.25 | $350.00 | $8,487.50 |
| James W. Anderson (A) | 275.25 | $365.00 | $100,466.25 |
| James W. Anderson (A) | 44.25 | $395.00 | $17,478.75 |
| Katherine T. Kelly (A) | 1.25 | $350.00 | $437.50 |
| Katherine T. Kelly (A) | 38.00 | $365.00 | $13,870.00 |
| Pilho Park (A) | 2,114.00 | $350.00 | $739,900.00 |
| NON-ATTORNEYS | | | |
| Irene M. Kovarik (PL) | 0.50 | $200.00 | $100.00 |
| Marguerite E. O'Brien (PL) | 1.00 | $195.00 | $195.00 |
| Marguerite E. O'Brien (PL) | 1.75 | $200.00 | $350.00 |
| David A. Olson (DC) | 15.75 | $150.00 | $2,362.50 |
| Sarah L. Deutl (DC) | 1.75 | $150.00 | $262.50 |
| TOTAL: | 2,568.50 | | $912,427.50 |

(P) Partner
(OC) Of Counsel
(A) Associate
(PL) Paralegal
(LC) Law Clerk
(DC) Document Clerk

# EXHIBIT 3

In re Cathode Ray Tube (CRT) Antitrust Litigation
Heins Mills & Olson, P.L.C.
Reported Expenses Incurred on Behalf of DPPs
Exhibit 3

| CATEGORY | AMOUNT INCURRED |
|---|---|
| Court Fees (filing, etc.) | $350.00 |
| Experts/Consultants | |
| Federal Express | $313.23 |
| Food and Beverage | $224.06 |
| Transcripts (Hearing, Deposition, etc.) | |
| Computer Research | $293.95 |
| Messenger Delivery | |
| Parking and Mileage | $164.70 |
| Photocopies – In House | $771.60 |
| Photocopies – Outside | $1,415.60 |
| Postage | $178.75 |
| Service of Process | |
| Telephone/Telecopier | $37.62 |
| Travel (Airfare, Ground Travel, Meals, Lodging, etc.) | $4,819.03 |
| | |
| **TOTAL:** | $8,568.54 |