1  Guido Saveri (Bar No. 22349)
   R. Alexander Saveri (Bar No. 173102)
2  Geoffrey C. Rushing (Bar No. 126910)
   Cadio Zirpoli (Bar No. 179108)
3  **SAVERI & SAVERI, INC.**
4  706 Sansome Street
   San Francisco, California 94111
5  Telephone: (415) 217-6810
   Facsimile:  (415) 217-6813
6
7  *Interim Lead Counsel for the*
   *Direct Purchaser Plaintiffs*
8
9
10                  **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12                  **SAN FRANCISCO DIVISION**

13

14  | IN RE: CRT ANTITRUST LITIGATION | Master File No. CV-07-5944-SC |
    | | MDL No. 1917 |
15
16  | This Document Relates to: | **CLASS ACTION** |
17  | ALL DIRECT PURCHASER CLASS ACTIONS | **DECLARATION OF BRIAN P. MURRAY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS** |
18

19

20

21

22

23

24

25

26

27

28

I, Brian P. Murray, declare and state as follows:

1. I was a member of the law firm of Murray Frank LLP, which dissolved on December 31, 2012. I submit this declaration in support of Direct Purchaser Plaintiffs ("DPP") joint application for an award of attorney fees in connection with the services rendered in this litigation. I make this Declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2. My firm has served as counsel to Poway TV and as counsel for the class throughout the course of this litigation. The background and experience of the Murray Frank LLP firm and its attorneys are summarized in the *curriculum vitae* attached hereto as Exhibit 1.

3. Murray Frank LLP has prosecuted this litigation solely on a contingent-fee basis, and has been at risk that it would not receive any compensation for prosecuting claims against the defendants. While Murray Frank LLP devoted its time and resources to this matter, it had foregone other legal work for which it would have been compensated.

4. During the pendency of the litigation, Murray Frank LLP performed the following work: reviewed and analyzed Chinese language documents produced by Defendants; and communicated with our client and coordinated the production of its documents and responses to discovery requests.

5. Attached hereto as Exhibit 2 is my firm's total hours and lodestar, computed at historical rates, from May 9, 2008 through July 31, 2014. This period reflects the time spent after the appointment of Lead Counsel in the litigation. The total number of hours spent by Murray Frank LLP during this period of time was 1,003.1 hours with a corresponding lodestar of $481,565.00. This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. The lodestar amount reflected in Exhibit 2 is for work assigned by Lead Class Counsel, and was performed by professional staff at my law firm for the benefit of the Direct Purchaser Plaintiff ("DPP") Class.

6. The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 2 are the usual and customary hourly rates charged by Murray Frank LLP.

DECLARATION OF _____ IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

7.      My firm has expended a total of $2,082.72 in unreimbursed costs and expenses in connection with the prosecution of this litigation. These costs and expenses are broken down in the chart attached hereto as Exhibit 3.  They were incurred on behalf of Direct Purchaser Plaintiffs by my firm on a contingent basis, and have not been reimbursed. The expenses incurred in this action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

8.      Murray Frank LLP paid a total of $20,000 in assessments for the joint prosecution of the litigation against the defendants.

9.      I have reviewed the time and expenses reported by my firm in this case which are included in this declaration, and I affirm that they are true and accurate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 8, 2014 at New York, New York.

*/s/Brian P. Murray*
Brian P. Murray

DECLARATION OF _____ IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

# EXHIBIT 1

# MURRAY FRANK LLP

## ATTORNEYS AT LAW

# FIRM RESUME

275 MADISON AVENUE
NEW YORK, NY 10016

TELEPHONE:     (212) 682-1818
U.S. TOLL FREE: (800) 497-8076
FACSIMILE:      (212) 682-1892
info@murrayfrank.com
www.murrayfrank.com

**MURRAY FRANK** LLP *CONCENTRATES ITS PRACTICE IN CLASS ACTION LITIGATION, PARTICULARLY IN CASES INVOLVING FEDERAL SECURITIES LAW, FEDERAL ANTITRUST LAW, ERISA, AND STATE CONSUMER PROTECTION LAW. THE FIRM IS ALSO ACTIVE IN MASS TORT LITIGATION.*

## *SECURITIES FRAUD*

**MURRAY FRANK** has represented lead plaintiffs as lead counsel or a member of the executive committee, and has also represented class representatives, in successful securities actions throughout the United States, including the following:

*In re Royal Ahold Securities Litigation* (recovery of $1.1 billion); *In re Merrill Lynch & Co. Sec., Deriv., & ERISA Litig.* ($475 million); *In re Williams Sec. Litig.* ($311 million); *In re General Motors Corp. Sec. Litig.* ($303 million); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.* ($125 million); *In re New Century Corp. Sec. Litig.* ($125 million); *In re JWP Inc. Sec. Litig.* ($40 million); *In re Turkcell Iletisim Hizmetleri A.S. Sec. Litig.* ($19.2 million); *In re Picture-Tel Inc. Sec. Litig.* ($14 million); *In re Marion Merrell Dow Inc. Sec. Litig.*

($14 million); *In re Crompton Corp. Sec. Litig.* ($11 million); *LaVallie v. Owens-Corning Fiber-glas Corp.* ($10 million); *In re USX Sec. Litig.* ($9 million); *Feiner v. SS&C Tech., Inc.* ($8.8 million); *Lowry v. Andrx Corp.* ($8 million); *In re Xybernaut Corp. Securities MDL Litigation* ($6.3 million); *Brody v. Zix Corp.* ($5.6 million); *In re ContiFinancial Sec. Litig.* ($5.5 million); *In re EIS Int'l Inc. Sec. Litig.* ($3.8 million); *In re Quintiles Transnational Sec. Litig.* ($3 million).

The firm is currently lead or co-lead counsel, a member of the executive committee, or counsel to a class representative in many cases, including the following:

*In re Vivendi Universal, S.A. Sec. Litig.; In re Infineon Technologies AG Sec. Litig.; In re Royal Bank of Scotland Group PLC Sec. Litig.; In re Deutsche Bank AG Sec. Litig.; Scott v. ZST Digital Networks;* and *In re Stillwater Capital Partners.*

**MURRAY FRANK** has also represented institutional plaintiffs in individual actions against Credit Suisse Securities (U.S.A.), Deutsche Bank Securities, AOL Time Warner, and Royal Dutch Petroleum for violations of state and federal securities laws.



MURRAY FRANK also represents the West Virginia Investment Management Board in litigation against Residential Accredit Loans, Deustche Bank, and Credit Suisse, alleging fraud, negligent misrepresentation, and violations of West Virginia state securities laws.



## *SHAREHOLDER RIGHTS AND DERIVATIVE ACTIONS*

MURRAY FRANK is very active litigating actions on behalf of companies against their officers and directors for breach of fiduciary duties or against third parties for breach of contract. MURRAY FRANK currently represents Media Xposure Ltd. as successor-in-interest to the rights of Reliant Int'l Media, LLC against certain of its officers and directors for breach of fiduciary duty. MURRAY FRANK is also one of the lead counsel currently representing shareholders of Celera Corp. against certain of its officers and directors for breaches of fiduciary duty arising out of a takeover of Celera Inc.; one of four counsel representing shareholders of Smart Modular Techs., Inc. against certain of its officers and directors arising out of a takeover of Smart Modular; and is one of three counsel representing shareholders of Gymboree Corp. against certain of its officers and directors arising out of a takeover of Gymboree Corp.

MURRAY FRANK is or has been lead or co-lead counsel or represented a plaintiff in derivative actions for the benefit of Krispy Kreme Doughnuts, Inc., nVidia Corp., Weatherford Int'l Ltd., Arbitron, Inc., The Limited, Inc., Gilman and Ciocia, Inc., Hain Celestial Group, Inc., Ambac Financial Group, Inc., Norland Medical Systems, Foundry Networks, Inc., Jabil Circuits, Inc., Equinix, Inc, Arbitron, Inc., PMC Sierra, Inc., First Marblehead Corp., Microtune, Inc., Arena Pharmaceuticals, Corinthian Corp., and Barnes & Noble Inc.

MURRAY FRANK is also active representing shareholders of companies being acquired for inadequate takeover premiums or failure to maximize shareholder value. MURRAY FRANK was lead counsel or represented shareholders in cases involving Claire's Stores, Inc., Charlotte Russe Holding, Inc., BJ Services, Co., Hearst-Argyle Television, Inc., Medarex, Inc., Centerplate, Inc., Sirna Therapeutics, Inc., Chaparral Resources, Inc., The Topps Company, Inc., Genentech, Inc., Jacuzzi Brands, Inc.; Burlington Northern Santa Fe; Black & Decker Inc., 3Com Corp.; Alcon, Inc., XTO Energy, Inc.; Continental Airlines, Inc.; Facet Biotech Corp.; Infogroup Inc.; Double-Take Software, Inc.; Iowa Telecom. Serv., Inc.; Maine & Maritimes Corp.; Millipore

MURRAY FRANK LLP
ATTORNEYS AT LAW

Corp.; American Italian Pasta Corp.; Argon ST. Inc.; ATC Tech. Corp.; Abraxis Bioscience Inc.; Trubion Pharmaceuticals, Inc.; Pactiv Corp.; Polymer Group, Inc.; Citadel Broadcasting Corp.; Hewitt Associates, Inc.; Thermadyne Holdings Corp.; Wainwright Bank & Trust Co.; Jo-Ann Stores, Inc.; NYMagic, Inc.; NYSE Euronext; Smurfit-Stone Container Corp.; RAE Systems, Inc.; Actel Corp.; ArcSight, Inc.; Pride Int'l Inc.; Nat'l Semiconductor Corp.; OptionsXpress Corp.; LaBarge, Inc.; K-Sea Trans. Partners, LLC; Frontier Oil Corp.; Emergency Medical Services Corp.; Tomotherapy Inc.; Del Monte Foods Co.; Warner Music Group Corp.; Int'l Coal Group; Ness Techs., Inc.; Lawson Software, Inc.; California Pizza Kitchen, Inc.; Allied Healthcare, Inc.; and Interactive Data Corp.

In *Mofidi v. Levy*, **MURRAY FRANK** initiated litigation that essentially forced Northstar Neuroscience, Inc. to dissolve and distribute its assets to stockholders.

### ANTITRUST

**MURRAY FRANK** is currently counsel in many cases involving antitrust law violations including: *In re American Express Antitrust Litigation*; *Dahl v. Bain Capital Partners*; *In re Trans Pacific Passenger Air Transportation Antitrust Litig.*; *In re Flat Glass Antitrust Litig*; *In re Air Cargo Carrier Antitrust Litig.*; *Slattery v. Apple Computer Inc.*; *Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*; *In re Aftermarket Filters Antitrust Litig.*; *In*



*re Plasma – Derivative Protein Therapies Litig.*; *In re Blood Reagents Antitrust Litig.*; *McDonough v. Toys "R" Us*; *In re Fasteners Antitrust Litig.*; *In re Cathode Ray Tube (CRT) Antitrust Litig.*; *In re Korean Airlines Co. Ltd. Antitrust Litig.*; *In re Refrigerant Compressors Antitrust Litig.*; *In re Fretted Musical Instruments Antitrust Litig.*; *In re Packaged Ice Antitrust Litig.*; *In re Transitions Lenses Antitrust Litig.*; *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*; *In re Marine Products Antitrust Litig.*; *In re Fresh and Process Potatoes Antitrust Litig.*; *Kleen Products Corp. v. Packaging Corp. of Amer.*; and *In re Food Service Equipment Hardware Antitrust Litig.*

**MURRAY FRANK** is currently co-lead counsel in *Avenarius v. Eaton Corp.*, pending in the District of Delaware. In *Eaton Corp.*, **MURRAY FRANK** represents a class of indirect purchasers of Eaton truck transmissions. In *re Playmobil USA, Inc. Antitrusts Litig*; **MURRAY FRANK** was co-lead counsel representing a class of purchasers of Playmobil products. **MURRAY FRANK** was successful in obtaining certification of a plaintiff class in an oft-cited opinion and settling the case on favorable terms to

**MURRAY FRANK** LLP
ATTORNEYS AT LAW

the class. The Court, at the fairness hearing, "compliment[ed] both counsel in the fine job done negotiating with each other and also the legal work that has been submitted to the Court." In the *Disposable Contact Lens* case, MURRAY FRANK represented a class of purchasers of disposable contact lenses in California, and eventually obtained reversal in the California appellate courts of a denial of class certification. In the *Time Warner* case MURRAY FRANK was co-lead counsel representing a class of subscribers of Time Warner's high speed internet service. MURRAY FRANK successfully overcame an arbitration clause and obtained favorable settlement for the class.

## CONSUMER PROTECTION

In the consumer protection area, MURRAY FRANK has represented consumers in class actions in various roles including lead counsel involving, *inter alia*, data breaches of consumer accounts and stolen personal and financial information, wrongful reduction or cancellation of home equity lines of credit by major U.S. banks; defective parts on automobiles, mold in front-loading



washing machines; wrongful billing practices and poor service by wireless communications providers; wrongful billing practices by credit card companies, banks and retailers; problems with appliances and their installation; mislabeling of imported olive oil; mislabeling of domestic pasta; brokerage fees imposed with no or insufficient notice; Medicaid overcharges; and faulty automobile seat heaters.

MURRAY FRANK is prosecuting several consumer protection actions. In *Nettleton et al v. Ford Motor Co. et al.*, MURRAY FRANK filed a class action law suit on behalf of a nationwide class of purchasers of certain Ford vehicles. The action alleges that Ford knew that certain Ford vehicles contained a defect that would cause the rear tailgate to crack, frequently outside of the warranty period. According to plaintiffs, Ford refused to repair that crack at its expense, regardless of whether the crack occurred within or outside of the warranty period. Plaintiffs seek compensation for the damage that the defect caused. This action is currently pending in the United States District Court, Northern District of California. MURRAY FRANK is currently co-lead counsel in *Walker v. Discover Corp.*, pending in the Northern District of Illinois. In *Discover*, MURRAY FRANK represents a class of consumers who were overcharged for payment protection products on their credit cards.

In the matter of *Connolly v. Sony, et.*

*al.*, MURRAY FRANK filed a class action law suit on behalf of a nationwide class of users of Sony's PlayStation Network ("PSN"). Plaintiff alleges that subsequent to a security breach of the PSN in April 2011, Sony failed to promptly inform customers that hackers had accessed users' sensitive personal information, leaving them vulnerable to identify theft and fraud. Moreover, without any notice to its customers, Sony shut down the PSN for nearly one month which prohibited customers from accessing a multitude of services they had paid for including, but not limited to, Netflix and Hulu. The action is currently being litigated.



MURRAY FRANK filed a class action law suit on behalf of Citibank customers alleging that Citibank is liable for customers' personal and financial information begin stolen during a security breach in May 2011 that resulted in *inter alia*, financial loss to consumers. Specifically, plaintiffs claim that Citibank did not promptly inform them of the breach, and falsely informed them that hackers did not access information that would permit them to commit fraud. The delay in informing customers and false assurance prevented customers from promptly securing third party credit monitoring services. The action is pending in the Southern District of New York.

Among its cases of note, MURRAY FRANK recovered benefits worth $40 million in *Naevus Int'l v. AT&T Corp.*, a consumer class action brought in New York State Supreme

Court on behalf of consumers who subscribed to AT&T's Digital One Rate wireless service. In 2005, the firm settled with Volkswagen of America, forcing a recall of all 2003 and 2004 Volkswagen Jettas for faulty automobile seat heaters.

In *Sclafani v. Barilla America, Inc.*, a consumer class action brought in New York State Supreme Court on behalf of consumers who purchased Barilla brand pasta, MURRAY FRANK successfully argued that Barilla's packaging misled consumers into believing the company's pasta was made in Italy, obtaining a reversal of a trial court dismissal.

Similarly, in *Lomenzo v. Bertolli USA Inc.*, a consumer class action brought in New York State Supreme Court on behalf of consumers who purchased Bertolli brand olive oil, MURRAY FRANK successfully argued that Bertolli's labeling misled consumers into believing the company's olive oil was Italian.

In *McCoy v. Capital One Bank*, a consumer class action filed in California federal court, MURRAY FRANK successfully represented a class of consumers who allegedly

MURRAY FRANK LLP
ATTORNEYS AT LAW

paid for a payment protection program that did not provide benefits as advertised. **MURRAY FRANK** is currently representing consumers in cases regarding payment protection programs involving cards issued by Citibank, <u>First Premier</u>, and Bank of America. The Firm also is involved in cases regarding mold in defective frontloading washing machines manufactured by Whirlpool and LG, and is co-lead counsel in a case regarding the improper reduction or termination of home equity loans by JPMorgan Chase.



settled for $3 million and plaintiffs' class counsel in *In re AON ERISA Litig.* and *In re Cardinal Health, Inc. ERISA Litig.*

### ERISA

**MURRAY FRANK** has prosecuted several actions in federal court against employers on behalf of employees for employee investment fund mismanagement; knowingly offering, marketing, and selling improper investments to employees for their retirement accounts; and knowingly misrepresenting the prospects of the employees' company in order to sell company stock to them. The firm served as co-lead counsel in *In re Winn-Dixie Stores, Inc. ERISA Litig.*, which

### MASS TORT

Mass torts occur when large numbers of people are similarly injured by the same defective product. These products are often prescription drugs and medical devices. **MURRAY FRANK** is currently counsel in *In re Avandia Marketing, Sales Pracices and Products Liability Litigation* alleging, on behalf of its clients, that they were injured in connection with the design, development, manufacture, distribution, labeling and marketing of a widely used diabetes prescription drug.

**MURRAY FRANK** is currently on the class action committee and co-chair of the e-discovery committee in the Avandia Litigation.



MAJOR ONGOING CASES

*In re Infineon Technologies A.G. Securities Litigation* – **MURRAY FRANK** is co-lead counsel representing a class of investors of Infineon Technologies securities.

*Marine Products Antitrust* – **MURRAY FRANK** is a member of the executive committee on behalf of a class alleging antitrust violations regarding marine products.

*In re Royal Bank of Scotland*– **MURRAY FRANK** is a member of the executive committee on behalf of a class of purchasers of RBS preferred securities.

*Scapini v. Argentina and Daelli v. Argentina* – **MURRAY FRANK** is lead counsel representing two classes of investors who purchased government bonds from Argentina.

*In re Deutsche Bank AG Securities Litigation* - **MURRAY FRANK** is co-lead counsel representing a class of investors in certain Deutsche Bank AG preferred securities.

*Media Xposure Ltd. v. Omnireliant Holdings Inc.* - **MURRAY FRANK** represents a successor in interest to Responze TV PLC for claims of breach of fiduciary duty and fraud by officers, directors, and third parties.

*Scott v. ZST Digital Networks* - **MURRAY FRANK** is lead counsel representing a class of investors alleging fraud regarding ZST securities.

JUDICIAL COMMENDATIONS

*Kosseff v. Gilman & Ciocia, Inc.*, C.A. No. 188-MG (Del. Ch. Oct. 31, 2008), in which the Court stated "I note that plaintiff's attorneys are capable of sophisticated corporate litigation and have a good reputation within the bar."

*Park v. The Thompson Corp.*, 2008 WL 4684232 (S.D.N.Y. Oct. 22, 2008), in which the court stated "class counsel have provided extremely high-quality representation."

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 246 F.R.D 156, 164, 174 (S.D.N.Y. 2007), in which the Court commended **MURRAY FRANK'S** "skillful and zealous representation over a six-year period," and finding the "high quality of representation provided by Lead Counsel is evident from the extensive record of this case."

*In re Qiao Xing Universal Telephone, Inc.*, 07-cv-7829 (S.D.N.Y.), in which the court stated "I think they performed extraordinarily well in the settlement process and this is an extraordinarily positive settlement for the class and I have to attribute that significantly to the performance of class counsel in the settlement discussion process."

*In re General Motors Corp. Sec. Litig.*, 05-CV-8088 (S.D.N.Y. 2006), in which the Court, before appointing the firm lead counsel, stated: "we know Mr. Frank very well, so they are both esteemed and experienced attorneys in these matters, and I don't

**MURRAY FRANK** LLP
ATTORNEYS AT LAW

think anybody could go wrong with either one of them to be honest with you."

*In re EIS International, Inc. Sec. Litig.*, 97-cv-813 (D. Conn. 2006), in which the Court stated: "I wanted to compliment counsel . . . We have been together quite a long time in the case and I appreciate all the fine legal work that you've done."

*In re Credit Suisse First Boston Corp. (Agilent Tech. Inc.) Analyst Reports Sec. Litig.*, 431 F.3d 36 (1st Cir. 2008), in which the First Circuit stated the plaintiffs were "ably represented."

*Kinney v. Metro Global Media, Inc.*, 170 F. Supp. 2d 173 (D.R.I. 2001), in which the court expressed an "appreciation for how difficult this case was for all sides, for how hotly contested many of the issues in this case were from the get-go and how reaching a settlement, given all of those considerations, was particularly difficult; so I commend all of you for persevering in the efforts that you made toward reaching a settlement . . . [and] for achieving what I find to be a fair, adequate and reasonable result[.]"

*Miller v. Bonmati*, Del. Ch., C.A. No. 15849, Lamb, V.C. (Del. Ch. March 18, 1999), in which the Court stated "I am quite pleased by the work that was done by the plaintiffs' counsel. They seem to have done a very professional job of dealing with a

difficult situation and have obtained, from everything I can ascertain from the record in front of me, quite a beneficial settlement that gives an opportunity for this situation to work itself out."

*Adair v. Bristol Tech. Systems, Inc.*, 179 F.R.D. 126 (S.D.N.Y. 1998), in which Judge Robert Sweet stated plaintiffs' counsel were "skilled advocates and negotiators."

*Adair v. Microfield Graphics, Inc.* (D. Or. 1998), in a case that recovered 47% of estimated damages, the Court noted "Plaintiff's counsel have exhibited a high quality of work in prosecuting this action."

*Steffen v. Playmobil USA, Inc.*, Civ No. 95-2896 (E.D.N.Y.), in which the Court "compliment[ed] both counsel in the fine job done negotiating with each other and also the legal work that has been submitted to the Court."

*PRECEDENT SETTING DECISIONS*

In *Cambridge Biotech Corp. v. Deloitte and Touche LLP*, 6 Mass. L. Rptr. 367 (Mass. Super. Jan 28, 1997), on a case of first impression, the Superior Court of Massachusetts applied the doctrine of continuous representation for statute of limitations purposes to accountants for the first time in Massachusetts.

In *Kinney v. Metro Global Media, Inc.*, 170 F. Supp. 2d 173 (D.R.I. 2001), **MURRAY FRANK** successfully argued on a case of first impression in the District of Rhode Island for the pleading standard for claims against an auditor under the Private Securities Litigation Reform Act of 1995.

In *Feiner v. SS&C Tech., Inc.*, 11 F. Supp. 2d 204 (D. Conn. 1998), **MURRAY FRANK** prevailed on an issue of first impression concerning the liability of a qualified independent underwriter for an initial public offering.

In *Adair v. Bristol Tech. Sys., Inc.*, 179 F.R.D. 126 (S.D.N.Y. 1998), **MURRAY FRANK** prevailed on an issue of first impression in the Southern District of New York, successfully arguing that standing under the Securities Act of 1933 was not limited to buyers who purchased directly on an initial public offering. The opinion was subsequently cited in decisions and secondary sources over 88 times.

THE PARTNERS

# THE PARTNERS

**BRIAN MURRAY**, a partner, was admitted to the bars of Connecticut in 1990, New York and the United States District Courts for the Southern and Eastern Districts of New York in 1991, the Second Circuit in 1997, the First and Fifth Circuits in 2000, the Ninth Circuit in 2002, and the Eastern and Western Districts of Arkansas in 2011. He received Bachelor of Arts and Master of Arts degrees from the University of Notre Dame in 1983 and 1986, respectively. He received a Juris Doctor degree, *cum laude*, from St. John's University School of Law in 1990. At St. John's, he was the Articles Editor of the ST. JOHN'S LAW REVIEW. Mr. Murray co-wrote: *Jurisdição Estrangeira Tem Papel Relevante Na De Fiesa De Investidores Brasileiros*, ESPAÇA JURÍDICO BOVESPA (August 2008); *The Proportionate Trading Model: Real Science or Junk Science?*, 52 CLEVELAND ST. L. REV. 391 (2004-05); *The Accident of Efficiency: Foreign Exchanges, American Depository Receipts, and Space Arbitrage*, 51 BUFFALO L. REV. 383 (2003); *You Shouldn't Be Required To Plead More Than You Have To Prove*, 53 BAYLOR L. REV. 783 (2001); *He Lies, You Die: Criminal Trials, Truth, Perjury, and Fairness*, 27 NEW ENGLAND J. ON CIVIL AND CRIMINAL CONFINEMENT 1 (2001); *Subject Matter Jurisdiction Under the Federal Securities Laws: The State of Affairs After Itoba*, 20 MARYLAND J. OF INT'L L. AND TRADE 235 (1996); *Determining Excessive Trading in Option Accounts: A Synthetic Valuation Approach*, 23 U. DAYTON L. REV. 316 (1997); *Loss Causation*

*Pleading Standard*, NEW YORK LAW JOURNAL (Feb. 25, 2005); *The PSLRA 'Automatic Stay' of Discovery*, NEW YORK LAW JOURNAL (March 3, 2003); and *Inherent Risk In Securities Cases In The Second Circuit*, NEW YORK LAW JOURNAL (Aug. 26, 2004). He also authored *Protecting The Rights of International Clients in U.S. Securities Class Action Litigation*, INTERNATIONAL LITIGATION NEWS (Sept. 2007); *Lifting the PSLRA "Automatic Stay" of Discovery*, 80 N. DAK. L. REV. 405 (2004); *Aftermarket Purchaser Standing Under § 11 of the Securities Act of 1933*, 73 ST. JOHN'S L. REV. 633 (1999); *Recent Rulings Allow Section 11 Suits By Aftermarket Securities Purchasers*, NEW YORK LAW JOURNAL (Sept. 24, 1998); and Comment, Weissmann v. Freeman: *The Second Circuit Errs in its Analysis of Derivative Copy-rights by Joint Authors*, 63 ST. JOHN'S L. REV. 771 (1989).

Mr. Murray was on the trial team that prosecuted a securities fraud case under Section 10(b) of the Securities Exchange Act of 1934 against Microdyne Corporation in the Eastern District of Virginia and he was also on the trial team that presented a claim under Section 14 of the Securities Exchange Act of 1934 against Artek Systems Corporation and Dynatach Group which settled midway through the trial.

Mr. Murray's major cases include *In re Eagle Bldg. Tech. Sec. Litig.*, 221 F.R.D. 582 (S.D. Fla. 2004), 319 F. Supp. 2d 1318 (S.D. Fla.

# THE PARTNERS

2004) (complaint against auditor sustained due to magnitude and nature of fraud; no allegations of a "tip-off" were necessary); *In re Turkcell Iletisim A.S. Sec. Litig.*, 209 F.R.D. 353 (S.D.N.Y. 2002) (defining standards by which investment advisors have standing to sue); *In re Turkcell Iletisim A.S. Sec. Litig.*, 202 F. Supp. 2d 8 (S.D.N.Y. 2001) (liability found for false statements in prospectus concerning churn rates); *Feiner v. SS&C Tech., Inc.*, 11 F. Supp. 2d 204 (D. Conn. 1998) (qualified independent underwriters held liable for pricing of offering); *Malone v. Microdyne Corp.*, 26 F.3d 471 (4th Cir. 1994) (reversal of directed verdict for defendants); and *Adair v. Bristol Tech. Systems, Inc.*, 179 F.R.D. 126 (S.D.N.Y. 1998) (aftermarket purchasers have standing under section 11 of the Securities Act of 1933). Mr. Murray also prevailed on an issue of first impression in the Superior Court of Massachusetts, in *Cambridge Biotech Corp. v. Deloitte and Touche LLP*, in which the court applied the doctrine of continuous representation for statute of limitations purposes to accountants for the first time in Massachusetts. 6 Mass. L. Rptr. 367 (Mass. Super. Jan. 28, 1997). In addition, in *Adair v. Microfield Graphics, Inc.* (D. Or.), Mr. Murray settled the case for 47% of estimated damages. In the *Qiao Xing Universal Telephone* case, claimants received 120% of their recognized losses.

Among his current cases, Mr. Murray represents the West Virginia Investments Management Board in a major litigation against Residential Accredit Loans, Deustche Bank, and Credit Suisse.

Mr. Murray served as a Trustee of the Incorporated Village of Garden City (2000-2002); Commissioner of Police for Garden City (2000-2001); Co-Chairman, Derivative Suits Subcommittee, American Bar Association Class Action and Derivative Suits Committee, (2007-Present); Member, Sports Law Committee, Association of the Bar for the City of New York, 1994-1997; Member, Litigation Committee, Association of the Bar for the City of New York, 2003-2007; Member, New York State Bar Association Committee on Federal Constitution and Legislation, 2005-2008; Member, Federal Bar Council, Second Circuit Committee, 2007-present.

Mr. Murray has been a panelist at CLEs sponsored by the Federal Bar Council and the Institute for Law and Economic Policy, at the German-American Lawyers Association Annual Meeting in Frankfurt, Germany, and is a frequent lecturer before institutional investors in Europe and South America on the topic of class actions.

## THE PARTNERS

**MARVIN L. FRANK,** the managing partner, was admitted to the bars of New York, New Jersey, and the United States District Court for the District of New Jersey in 1991, the United States District Courts for the Southern and Eastern Districts of New York in 1992, the Second Circuit in 1998, the Seventh Circuit in 1999, the United States Supreme Court in 2004, the District of Nebraska in 2005, the Eastern District of Michigan in 2006, the Northern District of Texas in 2006, the Western District of New York in 2008, and the Northern District of Illinois in 2008. Mr. Frank graduated with a Bachelor of Arts degree from The City College of New York in 1969, a Master of Business Administration degree from Bernard M. Baruch College in 1974, and received his Juris Doctor degree, *magna cum laude*, from New York Law School in 1991. At New York Law School, he received the Kaplun Foundation Award For Academic Excellence.

Mr. Frank's major cases include *In re General Motors Corp. Sec. Litig.*, 05-CV-8088 (S.D.N.Y.), in which the Court, before appointing the firm lead counsel, stated "we know Mr. Frank very well, so they are both esteemed and experienced attorneys in these matters, and I don't think anybody could go wrong with either one of them to be honest with you"; *Kosseff v. Gilman & Ciocia, Inc.*, C.A. No. 188-MG (Del. Ch. Oct. 31, 2008), in which the Court stated "I note that plaintiff's attorneys are capable of sophisticated corporate litigation and have a good reputation within the bar"; *Sclafani v. Barilla America, Inc.*, 2004-03542 (N.Y. App. Div.), in which Mr. Frank successfully argued before the Supreme Court's Appellate Division that General Business Law § 349(d) did not establish a complete defense to a plaintiff's allegation that Barilla's packaging misled consumers into believing the company's pasta was made in Italy, obtaining a reversal of a trial court dismissal; *Miller v. Bonmati*, Del. Ch., C.A. No. 15849 (Lamb, V.C.) (Del. Ch. Mar. 18, 1999), in which the Court stated, while approving a $9.9 million recovery: "I am quite pleased by the work that was done by the plaintiffs' counsel. They seem to have done a very professional job of dealing with a difficult situation and have obtained, from everything I can ascertain from the record in front of me, quite a beneficial settlement that gives an opportunity for this situation to work itself out."; *In re JWP Inc. Sec. Litig. (S.D.N.Y.) ($40 million recovery); In re Marion Merrell Dow Inc. Sec. Litig.* (W.D. Mo.) ($14 million); *In re PictureTel Inc. Sec. Litig.* (D. Mass.) ($14 million); *In re ContiFinancial Sec. Litig.* (S.D.N.Y.) ($5.5 million); *In re EIS International, Inc. Sec. Litig.*, 97-cv-813 (D. Conn. 2006), in which the Court stated: "I wanted to compliment counsel . . . We have been together quite a long time in the case and I appreciate all the fine legal work that you've done."; and *In re Quintiles Transnational Sec. Litig.* (M.D.N.C.) ($3 million).

Mr. Frank is the Vice President of the Institute for Law and Economic Policy (ILEP), a public policy research and educational foundation

## THE PARTNERS

established to preserve, study, and enhance access to the civil justice system by shareholders and consumers and is Vice President of the Emerald Green Property Owners Association in Rock Hill, New York.

Mr. Frank co-wrote *Securities Class Actions: Improving Corporate Governance Through Accountability*, INTERNATIONAL BAR ASSOCIATION SECURITIES LAW COMMITTEE NEWSLETTER (Aug. 2010), and co-wrote *Staying Derivative Actions Pursuant to PSLRA and SLUSA*, NEW YORK LAW JOURNAL (Oct. 21, 2005) and the SECURITIES REFORM ACT LITIGATION REPORTER, Vol. 20, No. 3 (Dec. 2005). Mr. Frank has been a panelist at the Barcelona Bar Association Conference on class actions in Barcelona, Spain; a panelist at the American Banker's Association Operations Conference for Securities, Brokerage & Trust in Memphis, Tennessee; a panelist at the Magenta One Conference for Securities and Trust on the Isle of Jersey, United Kingdom; and a panelist at the Global Pensions' Conference on Shareholder Responsibility and Class Action Law in London.

## THE PARTNERS

**LEE ALBERT,** a partner, was admitted to the bars of the Commonwealth of Pennsylvania, the State of New Jersey, and the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey in 1986. He received his B.S. and M.S. degrees from Temple University and Arcadia University in 1975 and 1980, respectively, and received his J.D. degree from Widener University School of Law in 1986. Upon graduation from law school, Mr. Albert spent several years working as a civil litigator in Philadelphia, PA. In 2005 he became a partner in the Class Action Firm, Mager & Goldstein.

Mr. Albert represents clients in all types of complex litigation including matters concerning violations of federal and state antitrust and securities laws, mass tort/product liability, and unfair and deceptive trade practices and is currently co-lead counsel in *Avenarius, et al., v. Eaton Corp et al.* Some of Mr. Albert's major cases include *Marine Products Antitrust Litigation* (C.D. Cal.) (Executive Committee); *Kleen Products, et al. v. Packaging Corp. of America* (N.D. Ill.); *Baby Products Antitrust Litigation* (E.D. Pa.); *In re ATM Fee Litigation* (N.D. Cal.); *Nettleton, et al. v. Ford Motor Co., et al.* (N.D. Cal.); *In re Avandia Marketing, Sales Practices and Products Liability Litigation* (E.D. Pa.); *In re Ortho Evra Birth Control Patch Litigation* (N.J. Super. Ct., Middlesex County); *In re Broadcom Securities Litigation* (C.D. Cal.); *In re AOL Time Warner, Inc. Securities Litigation* (S.D.N.Y.); *In re WorldCom, Inc. Securities Litigation* (S.D.N.Y.); *In re Canadian Car Antitrust Litigation* (D. Me.); and *In re Microsoft Corporation Massachusetts Consumer Protection Litigation* (Mass. Super. Ct.). Mr. Albert has represented a national health care provider at trial obtaining injunctive relief in federal court to enforce a five-year contract not to compete on behalf of a national health care provider and injunctive relief on behalf of an undergraduate university.

Mr. Albert has extensive litigation and appellate practice experience having argued before the Supreme and Superior Courts of Pennsylvania and has over twenty years of trial experience in both jury and non-jury cases and arbitrations.

Mr. Albert is active in local politics and has served as his party's representative as Municipal Chair of Whitemarsh Township, PA.

SPECIAL COUNSEL

## SPECIAL COUNSEL

**RANDALL H. STEINMEYER,** is a member of the Firm's Securities and Antitrust Securities Litigation Group. Mr. Steinmeyer received a J.D. degree, *cum laude*, from Hamline University School of Law in 1996, where he was a member of the Hamline Law Review. He received a Bachelor of Science degree from the UNIVERSITY OF SOUTHERN CALIFORNIA in 1993. He is a member of the bars of Minnesota and the United States District Court for the District of Minnesota. He is the author of multiple articles on the hedge fund and pension fund industry. Prior to joining **MURRAY FRANK** Mr. Steinmeyer was a partner with Coughlin Stoia Geller Rudman & Robbins LLP (formerly Lerach Coughlin Stoia Geller Rudman & Robbins LLP) and Milberg LLP where he served as counsel in the world's largest complex class actions involving securities fraud on behalf of public pension funds while recovering record settlements in cases such as Enron, Dynegy, Sprint, Hanover Compressor, and hundreds of others, many of which had precedent setting impacts on the securities bar. Before that, Mr. Steinmeyer headed the securities litigation department of Reinhardt Wendorf & Blanchfield in St. Paul, Minnesota.

Mr. Steinmeyer is a former securities broker and held Series 7 and Series 63 licenses with the National Association of Securities Dealers (now FINRA). He has concentrated his practice in the areas of securities and antitrust litigation since 1996. He has extensive experience, including substantial jury and non-jury trial work in broker-dealer and class action litigation including securities, commodities and public finance. Contemporaneously with his work at his current and previous firms, Mr. Steinmeyer served on the Board of Directors of the Hedge Fund Association for several years after serving as General Counsel for the National Association of Investment Professionals.

He also is a regular guest speaker and lecturer on matters concerning current cases, changes in case law, and their respective impact on shareholders' rights. His appearances have spanned the globe, from multiple television appearances in the U.S. on CNBC to Ch. 2 Francais. From 2000 to the present, Mr. Steinmeyer has been a regular guest speaker in the offshore financial community, including the U.K., France, Germany, Portugal, Cayman Islands, the Netherlands, Italy, Channel Islands, Bermuda, Mexico, Switzerland, and the Netherland Antilles. During 2002 Mr. Steinmeyer convened with the Channel Islands Securities financial authorities to assist in proposing new legislation ensuring that Guernsey and Jersey institutions, while acting as fiduciaries, would have better access to class action notice and participation. In 2003, he was a guest lecturer at Oxford University. In 2004, at the University of Verona, he lectured on the conflicts of U.K. and European law with US law and how, by availing themselves of U.S. law, funds based in the U.K. and the European Union can recover their losses caused by securities fraud.

MURRAY FRANK LLP
ATTORNEYS AT LAW

SENIOR COUNSEL

## SENIOR COUNSEL

**BENJAMIN BIANCO,** counsel, was admitted to the New York bar in 2003, the Southern and Eastern Districts of New York in 2005, and the District of Colorado in 2009. He received his Juris Doctor Degree, *cum laude*, in 2002 from Brooklyn Law School, and a Bachelor of Arts from Gonzaga University in 1998. Prior to joining **MURRAY FRANK** in September 2010, Mr. Bianco spent the prior two and half years in the civil prosecution of antitrust and securities fraud class actions at Labaton Sucharow LLP. Mr. Bianco began his career at O'Melveny & Myers LLP and Sidley Austin LLP, where he practiced complex commercial litigation, including numerous antitrust and securities actions in state and Federal courts, before the SEC, and international arbitration panels.

Mr. Bianco represents clients in all types of complex litigation including matters concerning violations of federal and state antitrust and securities laws, corporate governance, and unfair and deceptive trade practices, including consumer fraud.

Mr. Bianco is currently co-lead counsel in *Avenarius, et al., v. Eaton Corp., et al.* (D. Del.), an antitrust class action against the world's largest commercial truck and transmission manufactures.

Mr. Bianco is also a member of the leadership team prosecuting *Scott v. ZST Digital Networks, Inc.* (C.D. Cal.), a federal securities class *action; Page v. BJ's Wholesale Club, Inc.* (Del. Ch.), a shareholder derivative action; and *In re Marine Prods. Antitrust Litig.* (C.D. Cal.).

In addition, Mr. Bianco is currently a member of the teams prosecuting *Nettleton, et al., v. Ford Motor Company* (N.D. Cal.); *In re Rough Rice Commodity Litig.* (N.D. Ill.); *In re NCAA Student-Athlete Name & Likeness Licensing Litig.* (N.D. Cal.); *Kleen Prods Corp. v. Packaging Corp. of America* (N.D. Ill); *In re Air Cargo Shipping Servs. Antitrust Litig.* (E.D.N.Y.); and *In re Aftermarket Filters Antitrust Litig.* (N.D. Ill). Mr. Bianco was also a leading member of the teams that reached successful settlements in *In re Flat Glass Antitrust Litig. II* (W.D. Pa.); *In re NovaGold Resources Inc. Securities Litig.* (S.D.N.Y.); and *In re Oppenheimer Funds, Inc. Securities Litig.* (D. Colo.).

Mr. Bianco recently co-wrote an article on "Recent Developments in Class Arbitration," published in the Mealey's Litigation Report (Sept. 17, 2009).

Mr. Bianco is the founding member and President of Gonzaga University's New York City Alumni Chapter.

THE ASSOCIATES

# THE ASSOCIATES

**GREGORY B. LINKH,** an associate, was admitted to the bars New York and the United States District Court for the Southern and Eastern Districts of New York in 2000. He graduated from the State University of New York at Binghamton with a Bachelor of Arts degree in 1996 and received a Juris Doctor degree from the University of Michigan in 1999. Mr. Linkh is the co-author of *Inherent Risk In Securities Cases In The Second Circuit*, NEW YORK LAW JOURNAL (Aug. 26, 2004); *Staying Derivative Action Pursuant to PSLRA and SLUSA*, NEW YORK LAW JOURNAL (Oct. 21, 2005) and the SECURITIES REFORM ACT LITIGATION REPORTER, Vol. 20, No. 3 (Dec. 2005). Prior to joining **MURRAY FRANK**, Mr. Linkh was associated with the law firms Dewey Ballantine LLP and Pomerantz Haudek Block Grossman & Gross LLP.

**THOMAS J. KENNEDY,** an associate, was admitted to the bars of New York and the United States District Courts for the Southern and Eastern Districts of New York in 1996. He received a Juris Doctor degree in 1995 from St. John's University School of Law and a Bachelor of Science in Accounting from Miami University in 1992. Mr. Kennedy passed the Certified Public Accounting exam in 1998.

**BRIDGET V. HAMILL,** an associate, was admitted to the bars of New Jersey in 2001, New York in 2005 and to the United States District Courts for the Southern District of New York and the District of New Jersey in 2011. She received a Juris Doctor degree in 2000 from Rutgers School of Law and a Bachelor of Arts from Douglass College of Rutgers University, where she was one of twelve members of her graduating class in the Douglass Scholars Academic Scholarship Program, in 1985. Her primary area of practice is securities class action. Prior to joining **MURRAY FRANK**, Ms. Hamill was law clerk to United States Magistrate Judge Mark Falk in the District of New Jersey. While attending law school, she was an employee stock options/stock purchase plan administrator in New York City. Prior to entering law school, Ms. Hamill was a health care information systems manager.

# THE ASSOCIATES

**OLGA FORT,** an associate, was admitted to the New York bar in 2005 and the United States District Courts for the Southern and Eastern Districts of New York in 2007. She graduated from Fordham University School of Law with a Master of Laws degree in Banking, Corporate and Finance Law in 2004. She received a Juris Doctor degree in 1998 from the Moscow Institute of Economics and Law and a Bachelor of Arts degree in Commerce and Marketing from Moscow University for the Humanities in 1995. She attended the Russian State Institute of Intellectual Property from 1998 to 2000. Ms. Fort is the author of "International Exhaustion of Intellectual Property Rights", PATENT AFFAIRS, #8, Moscow, 2000 and "Exhaustion of Intellectual Property Rights", RUSSIAN STATE INSTITUTE OF INTELLECTUAL PROPERTY JOURNAL, Moscow, 1999 (Presentation at the Conference on Legal Protection, Commercial Use and Problems associated with Intellectual Property organized by the Russian State Agency on Patents and Trademarks, December 16-17, 1999). While attending law school, Ms. Fort clerked for a Judge in Moscow Military Court. She worked as a legal counsel for the Savings Bank of the Russian Federation where she specialized in banking, finance, and corporate law. She is a member of the American Bar Association, New York State Bar Association, and New York County Lawyers' Association. Ms. Fort is fluent in Russian.

**GREGORY A. FRANK,** an associate, was admitted to the New York Bar in 2008 and the United States District Courts for the Southern and Eastern Districts of New York in 2009. He received a B.A. from Dartmouth College in 2001 and earned his J.D. from the Georgetown University Law Center in 2006. At Georgetown, Mr. Frank was a member of *The Tax Lawyer*, published by the American Bar Association Section on Taxation and edited by Georgetown Law.

**SHIYONG (SHAUN) YE,** an associate, was admitted to the bars of New York in 2010 and Massachusetts in 2010 and was admitted to the United States District Court for the Southern District of New York in 2011. He received a L.L.B. from the Guizhou University School of Law in 2001 and earned his J.D. from Michigan State University College of Law in 2008. Prior to joining MURRAY FRANK, Mr. Ye worked at King & Wood Law Firm (Beijing), Chicago Climate Exchange, US Environmental Protection Agency, and Crone & Rozynko LLP. Mr. Ye has advised a range of clients on corporate securities, merger and acquisition, and environmental and energy matters. His clients include investors, power grids, electric generation, oil and gas, mineral exploration companies, carbon funds, offset providers, manufacturers, and industry coalitions. He also has handled general corporate matters, SEC filings, EPA registration, and mergers and acquisitions.

**EXHIBIT 2**

In re Cathode Ray Tube (CRT) Antitrust Litigation
MURRAY FRANK LLP
Reported Hours and Lodestar
May 9, 2008 through July 30, 2014

| NAME | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| ATTORNEYS | | | |
| Brian P. Murray (P) 2008 Rate | 6.9 | $650 | 4,485 |
| Brian P. Murray (P) 2009, 2010, and 2011 Rate | 4.6 | $750 | 3,450 |
| Brian P. Murray (P) 2012 Rate | .7 | $800 | 560 |
| Jacqueline Sailer (P) 2008 Rate | 1.1 | $650 | 715 |
| Jacqueline Sailer (P) 2009, 2010, and 2011 Rate | 2.6 | $750 | 1,950 |
| Lee Albert (P) 2008 Rate | .3 | $650 | 195 |
| Lee Albert (P) 2009, 2010, and 2011 Rate | 80.3 | $750 | 60,225 |
| Lee Albert (P) 2012 Rate | 12.2 | $800 | 9,760 |
| Randall Steinmeyer (P) 2008 Rate | 1.5 | $500 | 750 |
| Randall Steinmeyer (A) 2009, 2010, and 2011 Rate | 2.4 | $575 | 1,380 |
| Brian Brooks (A) 2009 and 2010 Rate | 12.4 | $425 | 5,270 |
| Bridget Hamill (A) 2009, 2010, and 2011 Rate | 72.5 | $450 | 32,625 |
| Bridget Hamill (A) 2012 Rate | .2 | $500 | 100 |
| Thomas Kennedy (A) 2008 Rate | 49.7 | $450 | 22,365 |
| Shaun Ye (A) | 732.40 | $450 | 329,580 |
| Ibrahim Hamed (OC) 2011 Rate | 23.3 | $350 | 8,155 |
| **TOTAL:** | **1,003.10** | | **$481,565.00** |

(P) Partner
(OC) Of Counsel
(A) Associate

# EXHIBIT 3

In re Cathode Ray Tube (CRT) Antitrust Litigation
MURRAY FRANK LLP
Reported Expenses Incurred on Behalf of DPPs

| CATEGORY | AMOUNT INCURRED |
|---|---|
| Federal Express | 151.00 |
| Computer Research | 342.16 |
| Photocopies – In House | 146.00 |
| Photocopies – Outside | 8.00 |
| Travel (Airfare, Ground Travel, Meals, Lodging, etc.) | 1435.56 |
| | |
| **TOTAL:** | $2082.72 |
| | |