1  Guido Saveri (Bar No. 22349)
   R. Alexander Saveri (Bar No. 173102)
2  Geoffrey C. Rushing (Bar No. 126910)
   Cadio Zirpoli (Bar No. 179108)
3  **SAVERI & SAVERI, INC.**
4  706 Sansome Street
   San Francisco, California 94111
5  Telephone: (415) 217-6810
   Facsimile:  (415) 217-6813
6
7  *Interim Lead Counsel for the*
   *Direct Purchaser Plaintiffs*
8
9
                    **UNITED STATES DISTRICT COURT**
10
                   **NORTHERN DISTRICT OF CALIFORNIA**
11
                      **SAN FRANCISCO DIVISION**
12
13

| | |
|---|---|
| 14  IN RE: CRT ANTITRUST LITIGATION | Master File No. CV-07-5944-SC MDL No. 1917 |
| 15 | |
| This Document Relates to: | **CLASS ACTION** |
| 16 | |
| 17  ALL DIRECT PURCHASER CLASS ACTIONS | **DECLARATION OF W. JOSEPH BRUCKNER OF LOCKRIDGE GRINDAL** |
| 18 | **NAUEN P.L.L.P. IN SUPPORT OF MOTION FOR  ATTORNEYS' FEES,** |
| 19 | **REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS** |
| 20 | |

21
22
23
24
25
26
27
28

DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

I, W. Joseph Bruckner, declare and state as follows:

1.      I am a partner in the law firm of Lockridge Grindal Nauen P.L.L.P.  I submit this declaration in support of Direct Purchaser Plaintiffs' ("DPP") joint application for an award of attorney fees in connection with the services rendered in this litigation. I make this Declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2.      My firm, Lockridge Grindal Nauen P.L.L.P. ("LGN"), has served as counsel to Plaintiff Royal Data Services, Inc. and as counsel for the class throughout this litigation.  The background and experience of LGN and our attorneys are summarized in the *curriculum vitae* attached hereto as Exhibit 1.

3.      LGN has prosecuted this litigation solely on a contingent-fee basis, and has been at risk that it would not receive any compensation for prosecuting claims against the defendants. While LGN devoted its time and resources to this matter, it has foregone other legal work for which it would have been compensated.

4.      During the pendency of the litigation, LGN performed the following work:

- Reviewed and revised the amended consolidated complaint in coordination with lead counsel;

- Analyzed defendants' responses to the amended consolidated complaint in preparation to respond to same;

- Drafted and finalized dismissals of individual client complaints in coordination with lead counsel;

- Coordinated and organized preservation and collection of named class representative client date and documents with client, co-counsel and lead counsel in preparation for the production of same;

- Organized and coordinated production of named class representative client documents in response to discovery requests in coordination with lead counsel;

DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES

- Coordinated completion of plaintiff information questionnaires with clients and co-counsel;
- Researched and drafted plaintiffs' opposition to defendants' motions to dismiss in coordination with lead counsel;
- Analyzed defendants' replies in support of their motions to dismiss;
- Analyzed the Special Master's Report and Recommendation regarding defendants' motions to dismiss;
- Researched and drafted plaintiffs' response to defendants' objections to the Special Master's Report and Recommendation regarding motions to dismiss in coordination with lead counsel;
- Monitored filings regarding motions to dismiss;
- Analyzed discovery requests served on class representative plaintiff client;
- Drafted, finalized and coordinated with class representative plaintiff client and lead counsel plaintiff's responses to defendants' discovery requests, related verifications for same, and production of documents;
- Analyzed and responded to defendants' request for name class representative client's downstream data, and coordinated response with lead counsel;
- Reviewed and responded to defendants' notice to depose named class representative client;
- Researched named class representative client data and information in preparation for client's deposition, and coordinated with lead counsel regarding same;
- Prepared and defended named class representative client in deposition in coordination with lead counsel;
- Coordinated and finalized named class representative client deposition errata sheet;
- Researched, drafted, edited and coordinated with lead counsel plaintiffs' opposition to defendants' Rule 11 motion;

DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES

- Coordinated requested possible attendance of named class representative client at Court status conference, and conferences with lead counsel and named class representative client regarding same;
- Drafted, served and filed attorney pro hac vice motions and notices of appearance;
- Reviewed and monitored case filings, progress, deadlines and related obligations for named class representative client;
- Monitored DOJ proceedings and indictments regarding defendants; and
- Communicated with named class representative client regarding case status, progress and obligations.

5.     Attached hereto as Exhibit 2 is my firm's total hours and lodestar, computed at historical rates, from May 9, 2008 through July 31, 2014.  This period reflects the time spent after the appointment of Lead Counsel in the litigation.  The total number of hours spent by LGN during this period of time was 715.00 with a corresponding lodestar of $241,387.50.  This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm. The lodestar amount reflected in Exhibit 2 is for work assigned by Lead Class Counsel, and was performed by professional staff at my law firm for the benefit of the Direct Purchaser Plaintiff ("DPP") Class.

6.     The hourly rates for the attorneys and professional support staff in my firm included in Exhibit 2 are the usual and customary hourly rates charged by LGN.

7.     My firm has expended a total of $9,057.80 in unreimbursed costs and expenses in connection with the prosecution of this litigation. These costs and expenses are itemized in the chart attached hereto as Exhibit 3.  They were incurred on behalf of Direct Purchaser Plaintiffs by my firm on a contingent basis, and have not been reimbursed. The expenses incurred in this action are reflected on the books and records of my firm.  These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

8.     LGN paid a total of $50,000.00 in assessments for the joint prosecution of the

DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

1  litigation against the defendants.

2      9.      I have reviewed the time and expenses reported by my firm in this case which are

3  included in this declaration, and I affirm that they are true and accurate.

4      I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct. Executed on August 7, 2014 at Minneapolis, Minnesota.

6

7  _____

8                                  W. Joseph Bruckner

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF W. JOSEPH BRUCKNER IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS'
FEES AND REIMBURSEMENT OF EXPENSES

# EXHIBIT 1

Exhibit 1



Founded in 1978, Lockridge Grindal Nauen P.L.L.P. has extensive experience in antitrust, securities, environmental, employment, health care, commercial, intellectual property and telecommunications law.

Our clients include agri-businesses, business enterprises, banks, local governments, trade and industry associations, real estate developers, telecommunications providers, health care professionals, casualty insurers, publishers and authors, and a major computer manufacturer and retailer.

Lockridge Grindal Nauen P.L.L.P. attorneys are assisted by more than 20 paralegals and government relations specialists, and an extensive support staff. The firm has offices in Minneapolis, Minnesota and Washington, D.C.

## ANTITRUST LAW

Richard A. Lockridge and W. Joseph Bruckner practice extensively in antitrust litigation. Together with the firm's other antitrust and class action attorneys, they have litigated major cases and class actions involving price fixing, industry cartels, predatory pricing, price discrimination, and other antitrust and trade regulation issues in courts nationwide. The American Research Corporation and the Minnesota Journal of Law and Politics have recognized Mr. Lockridge and Mr. Bruckner as two of Minnesota's leading antitrust lawyers.

The firm's antitrust attorneys also counsel the firm's commercial and health care clients on a wide variety of antitrust and trade regulation matters, including corporate and product acquisitions and divestitures.

For over 30 years the firm has prosecuted antitrust cases on behalf of large and small businesses injured by price-fixing and other violations of the antitrust laws. In the last ten years alone, LGN and its co-counsel have recovered more than $2 billion for their clients and class members in antitrust cases involving national and global price-fixing schemes. Those cases include the following:

### _Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd., et. al.,_

LGN is Plaintiffs' Co-Lead Counsel for the proposed class of direct purchasers who allege that global freight forwarders conspired to fix, inflate and maintain prices and surcharges for U.S. Freight Forwarding Services. Providers of such freight forwarding services are sometimes referred to as "third party logistics providers." The conspiracy has resulted in criminal charges, guilty pleas, and fines against defendants in the United States, as well as enforcement actions and fines by other competition authorities around the world. The case is pending in the

United States District Court for the Southern District of New York before the Honorable John Gleeson.

### *Potash Antitrust Litigation*

LGN is Plaintiffs' Co-Lead Counsel for a class of direct purchasers of potash, a key ingredient in agricultural fertilizer. Plaintiffs allege that major global potash producers conspired to restrict output and otherwise restrain trade in the global potash market, with the intended result of imposing significant price increases on U.S. potash purchasers. The U.S. Court of Appeals for the Seventh Circuit, sitting *en banc*, issued a significant decision in this case clarifying the construction and application of the Foreign Trade Antitrust Improvements Act and its application to global commerce and foreign cartels.

### *Flat Glass Antitrust Litigation (II)*

LGN served as Plaintiffs' Co-Lead Counsel in this litigation alleging that major U.S. manufacturers conspired to raise prices and impose energy surcharges for Construction Flat Glass in violation of the federal antitrust laws. Construction Flat Glass includes glass used in windows for residential homes and commercial structures, as well as architectural products such as office panels and doors. The case was before the Honorable Donetta W. Ambrose in the Western District of Pennsylvania.

### *Pressure Sensitive Labelstock Antitrust Litigation*

LGN was Co-Lead Counsel for the class of direct purchaser plaintiffs who allege a price-fixing conspiracy among lead manufacturers of adhesive labelstock and film-based self-adhesive labelstock in the United States. This litigation is pending in the United States District Court for the Middle District of Pennsylvania before the Honorable Thomas Vanaskie.

Judge Vanaskie has commended LGN and our co-counsel for our experience and prosecution:

> *Co-Lead Counsel are well-versed in antitrust law and have demonstrated their knowledge throughout the course of these proceedings . . . . [T]he Court has observed Co-Lead Counsel's performance . . . and is convinced they will fairly and adequately represent the interests of the class.*

### *Urethane Antitrust Litigation*

LGN was Co-Lead Counsel for the class of direct purchaser plaintiffs in the polyester polyol actions of this consolidated antitrust litigation. This litigation is pending in the United States District Court for the District of Kansas before the Honorable John Lungstrum. LGN and our co-counsel obtained $33 million in settlements for the benefit of the plaintiff class of all direct purchasers of aliphatic polyester polyols, aliphatic polyester polymers and prepolymers, and aliphatic polyester-based polyurethane systems ("polyester polyol products").

Judge Lungstrum noted that the successful resolution of this case by LGN and our co-counsel:

> *resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.*

### Monosodium Glutamate Antitrust Litigation

LGN was Co-Lead Counsel for a class of direct purchasers of Monosodium Glutamate (MSG) and nucleotides (both food flavor enhancers).  We recovered over $123 million for the benefit of the class from suppliers in the U.S., Japan, and Korea.  This action was litigated in the United District Court for the District of Minnesota before then-Chief Judge Paul Magnuson.

Judge Magnuson commended LGN and our co-counsel for our prosecution of this case, and said:

> *Plaintiffs' counsel conducted themselves in an exemplary fashion throughout the litigation, and are to be commended for their fine work in this litigation.*

These cases are representative samples of LGN's leadership and success in this area.  A complete list of cases is available upon request.

## W. Joseph Bruckner

W. Joseph Bruckner is a partner in Lockridge Grindal Nauen P.L.L.P. Mr. Bruckner joined the firm in January 1988, and has been a partner since 1990.

Mr. Bruckner leads the firm's antitrust and competition department and practices in complex business litigation in federal and state courts nationwide. He and the firm are regularly appointed lead and co-lead plaintiffs' class counsel by courts in nationwide antitrust litigation. Mr. Bruckner graduated with honors from Creighton University School of Law in 1982, and served as a law clerk to the Honorable Donald P. Lay, then Chief Judge of the United States Court of Appeals for the Eighth Circuit. He is an Advisory Board Member of the American Antitrust Institute, an Antitrust Law Advisory Board Member of Strafford Publications and Seminars, and a past chair of the Minnesota State Bar Association Antitrust Law Section.  Mr. Bruckner is rated AV by Martindale-Hubbell (its highest rating), and is regularly named a "Super Lawyer" in a peer review list of leading Minnesota attorneys. He is a past President and current Executive Committee member of COSAL, a professional organization dedicated to the preservation and enhancement of the antitrust laws.  He is a co-author of The International Handbook on Private Enforcement of Competition Law (2010), and Private Enforcement of Antitrust Laws in the United States (2012). He frequently speaks and presents at antitrust and complex litigation programs locally and nationwide.

Mr. Bruckner is admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Eighth, Seventh, Sixth and Third Circuits, the federal and state courts of Minnesota and Nebraska, and several other federal district courts across the nation.

**Antitrust Practice**

Since 1988, Mr. Bruckner has devoted his practice to prosecuting antitrust class actions and has been counsel of record in the following cases, among others:

**Plaintiffs' Lead Counsel:**

- *In re Potash Antitrust Litig. (II)*, Civil No. 1:08-md-06910 (N.D. Ill.) – Plaintiffs' Co-Lead Counsel;

- *Precision Associates, Inc. v. Panalpina World Transport (Holding) Ltd., et al.,* Civil No. 1:08-cv-42-JG-VVP (E.D.N.Y.);

- *In re Flat Glass (II) Antitrust Litig.*, Civil No. 2:08-mc-180 (W.D. Pa.) – Plaintiffs' Co-Lead Counsel;

- *In re High Pressure Laminates Antitrust Litig.*, MDL No. 1368 (S.D.N.Y.) – Sub-Class Lead Counsel;

- *Inquivosa et al. v. Ajinomoto Co., et al.,* Civil No. 03-2997 PAM (D. Minn.) (related to *In re Monosodium Glutamate Antitrust Litig.*) – Plaintiffs' Co-Lead Counsel;

- *In re Monosodium Glutamate Antitrust Litig.,* MDL No. 1328 (D. Minn.) – Plaintiffs' Co-Lead Counsel;

- *In re Pressure Sensitive Labelstock Antitrust Litig.,* MDL No. 1556 (M.D. Pa.) – Plaintiffs' Co-Lead Counsel;

- *In re Urethane Antitrust Litig.,* MDL No. 1616 (D. Kan.) - Plaintiffs' Co-Lead Counsel; and

- *In re Wholesale Grocery Products Antitrust Litigation,* MDL No. 2090, Case No. 0:09-md-2090 (D. Minn.) – Plaintiffs' Co-Lead and Liaison Counsel.

**Plaintiffs' Executive Committee or Committee Chair:**

- *In re Cathode Ray Tube (CRT) Antitrust Litig.,* MDL No. 1917 (N.D. Cal.) – Plaintiffs' Executive Committee;

- *In re Digital Music Antitrust Litig.*, Master File No. 1:06-md-01780-LAP (S.D.N.Y.) – Discovery Committee Chair;

- *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.,* MDL No. 1542 (D. Conn.) – Discovery Committee Chair;

- *In re Hydrogen Peroxide Antitrust Litig.,* MDL No. 1682 (E.D. Pa.) – Discovery Committee Chair;

- *Kleen Products LLC, et al. v. Packaging Corporation of America, et al. (Containerboard Antitrust Litig.),* Case No. 1:10-cv-5711 (N.D. Ill.) Plaintiffs' Executive Committee;

- *In re Linerboard Antitrust Litig.*, MDL No. 1261 (E.D. Pa.) -  Plaintiffs' Executive Committee;

- *In re LTL Shipping Services Antitrust Litig.,* MDL No. 1895, (N.D. Ga.) – Briefing Committee Chair;

- *In re Microcrystalline Cellulose Antitrust Litig.,* MDL No. 1402 (E.D. Pa.) – Lead Counsel for Vitamins Purchaser Class;

- *In re NBR Antitrust Litig.,* Civil No. 03-1898 (W.D. Pa.) – Committee Chair; and

- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.,* MDL No. 1720 (E.D.N.Y.) - Plaintiffs' Executive Committee.

## Other Antitrust Matters:

- *In re Aluminum Warehousing Antitrust Litig.*, Case No. 1:13-md-02481 (S.D.N.Y.)

- *In re Automotive Parts Antitrust Litig.,* MDL No. 2311 (E.D. Mich.);

- *In re Automotive Refinishing Paint Antitrust Litig.,* MDL No. 1426 (E.D. Pa.);

- *In re Aftermarket Filters Antitrust Litig.*, MDL No. 1957 (N.D. Ill.);

- *In re Blood Reagents Antitrust Litig.*, MDL No. 2081;

- *Cefo Enterprise Corp.*, Case No. 2:14-cv-02362 (D. Kan.);

- *In re Chocolate Confectionary Antitrust Litig.,* MDL No. 1935 (M.D. Pa.);

- *In re Crude Oil Commodity Futures Litig.,* Case No. 1:11-cv-3600 (S.D. N.Y.);

- *In re Domestic Drywall Antitrust Litigation*, Case No. 2:13-md-02437 (E.D. Pa.)

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* Case No. M:02-cv-1486 (N.D. Cal.);

- *In re Electronic Books Antitrust Litig.,* Case No. 1:11-md-2293 (S.D. N.Y.), MDL Docket No. 2293;

- *In re Fasteners Antitrust Litig.,* MDL No. 1912, (E.D. Pa.);

- *In re Flash Memory Antitrust Litig.*, Case No. 4:07-cv-86 (N.D. Cal.);

- *In re Flat Glass (I) Antitrust Litig.,* MDL No. 1200 (W.D. Pa.);

- *In re Foundry Resins Antitrust Litig.,* Case No. 2:04-md-1638, (S.D. Ohio);

- *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL No. 2542 (S.D. N.Y.);

- *In re Korean Air Lines Co., Ltd. Antitrust Litig.,* MDL No. 1891 (C.D. Cal.);

- *In re Libor-Based Financial Instruments Antitrust Litig.*, Case No. 1:11-md-2262 (S.D. N.Y.); MDL 2262;

- *In re National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litigation*, MDL No. 2541 (N.D. Cal.);

- *In re Optical Disk Drive Products Antitrust Litig.,* MDL No. 2143, Case No. 3:10-md-2143 (ND Calif.);

- *In re OSB Antitrust Litig.,* Civil No. 2:06-cv-0826-PD (E.D. Pa.);

- *In re Packaged Ice Antitrust Litig.,* MDL No. 1952, (E.D. Mich.);

- *In re Processed Egg Products Antitrust Litig.*, MDL No. 2002 (E.D. Pa.);

- *In re Publication Paper Antitrust Litig.,* Civil No. 3:04-md-1631 (SRU) (D. Conn.);

- *In re Static Random Access Memory (SRAM) Antitrust Litig.,* MDL No. 1819 (N.D. Cal.);

- *In re TFT-LCD (Flat Panel) Antitrust Litig.,* MDL No. 1827 (N.D. Cal.);

- *The Shane Group, Inc., et al. v. Blue Cross Blue Shield of Michigan*, Case No. 2:10-cv-14360 (E.D. Mich.); and

- *In re Transpacific Passenger Air Transportation Antitrust Litig.*, Case No. 3:07-cv-5634 (N.D. Cal.).

## Richard A. Lockridge

Richard A. Lockridge is a partner in Lockridge Grindal Nauen P.L.L.P.  He is a graduate of the University of Iowa Law School (J.D., *with high distinction*, 1974) where he served as Managing Editor of the *Iowa Law Review*.  Thereafter, from 1974 to 1976, he served as a law clerk to the Honorable Myron H. Bright of the United States Court of Appeals for the Eighth Circuit.  From 1976 to 1978, he handled civil litigation as a Minnesota Special Assistant Attorney General.

During more than thirty years of practice, Mr. Lockridge has been continuously active in class action and other complex litigation, including the following cases in which he has been lead or co-lead counsel:

- *David L. Antonson, et al. v. Leon H. Robertson, et al.* (American Carriers Securities Litig.) Civil No. 88-2567 (D. Kan.);
- *In re Baycol Products Litig.,* MDL No. 1431 (D. Minn.);
- *Benacquisto, et al. v. American Express Financial Corp. et al.,* Master File No. 00-1980 (D. Minn.), Civil Action No. 96-18477 (Henn. Cty. Dist. Ct.) (insurance class action);
- *In re Catfish Antitrust Litig.,* MDL No. 928 (N.D. Miss.);
- *In re Citi-Equity Group, Inc. Securities Litig.,* Master File No. 3-94-1024 (D. Minn.);
- *In re Digi International Inc. Securities Litig.,* Master File No. 97-5 (D. Minn.);
- *In re Flat Glass Antitrust Litigation (II),* MDL No. 1942 (W.D. Pa.);
- *George Guenther, et al. v. Cooper Life Sciences, et al.* (Cooper Life Sciences Securities Litig.), No. C 89-1823 MHP (N.D. Cal.);
- *In re LaserMaster Technologies, Inc. Securities Litig.,* Master File No. 4-95-631 (D. Minn.);
- *Lockwood Motors, Inc., et al. v. General Motors Corporation,* Master File No. 3-94-1141 (D. Minn);
- *In re Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litig.,* MDL No. 1309 (D. Minn.);

- *Meyers v. The Guardian Life Insurance Company of America, Inc. Litig.,* Civil No. 2:97CV35-D-B (N.D. Miss.);

- *In re Microcrystalline Cellulose Antitrust Litig.,* MDL No. 1402 (E.D. Pa.);

- *In re Monosodium Glutamate Antitrust Litig.,* MDL No. 1328 (D. Minn.);

- *In re New Steel Pails Antitrust Litig.,* Master File No. C-1-91-213 (S.D. Ohio);

- *In re Piper Funds, Inc. Institutional Government Income Portfolio Litig.,* Master File No. 3-94-587 (D. Minn.);

- *In re Polypropylene Carpet Antitrust Litig.,* MDL No. 1075 (N.D. Ga.);

- *In re Residential Doors Antitrust Litig.,* MDL No. 1039 (E.D. Pa.);

- *Richard J. Rodney, Jr., et al. v. KPMG Peat Marwick,* No. 4-95-CIV-800 (D. Minn.);

- *In re Select Comfort Corporation Securities Litig.,* Master File No. 99-884 (D. Minn.);

- *Gary G. Smith, et al. v. Little Caesar Enterprises, Inc., et al.* (Little Caesar Franchise Litig.), Civil No. 93 CV 74041 DT (E.D. Mich.);

- *Alan B. Spitz and Linda Spitz, and Ann Novacheck v. Connecticut General Life Insurance Company*, MDL No. 1136 (C.D. Cal.);

- *In re Steel Drums Antitrust Litig.,* MDL No. 887 (S.D. Ohio);

- *In re Summit Medical Systems, Inc. Securities Litig.,* Master File No. 97-558 (D. Minn.); and

- *In re Unisys Savings Plan Litig.,* Master File No. 91-3067 (E.D. Pa.).

Mr. Lockridge also is or has been involved in the following litigation:

- *In re ADC Telecommunications, Inc. Shareholders Litig.,* No. 27-cv-10-17053 (Henn. Cty. Dist. Ct.);fishbein

- *In re Air Cargo Shipping Services Antitrust Litig.,* Civil No. 1:06-md-1775-CBA-VVP (E.D.N.Y.);

- *American Telephone and Telegraph Antitrust Litig.,* Civil Action No. 81-2623 (D.D.C.);

- *In re AOL Time Warner Securities Litig.,* MDL No. 1500 (S.D.N.Y.);

- *Aviva Partners, LLC, v. Navarre Corp., et al.,* Master File No. 05-1151 (D. Minn.);

- *In re Bioplasty Securities Litig.,* Master File No. 4-91-689 (D. Minn.);

- *Chemical Distribution, Inc., et al. v. Akzo Nobel Chemicals, et al.,* MDL No. 1226 (N.D. Cal.);

- *In re Chronimed Inc., Securities Litig.,* Master File No. 01-1092 (D. Minn.);

- *In re Commodity Exchange, Inc., Silver Futures and Options Trading Litigation*, Case No. 1:11-md-2213-RPP (S.D.N.Y.);

- *In re Connecticut General Life Insurance Co. Premium Litig.,* MDL No. 1336 (C.D. Cal.);

- *In re Countrywide Financial Securities Litigation* No. 07-CV-05295 (C.D. Cal.);

- *In re Credit Suisse – AOL Securities Litig.,* Case No. 1:02-CV-12146-NG (D. Mass.);

- *Crosby v. Aid Association for Lutherans,* Master File No. 00-CV-2112 (D. Minn.);

- *In re Delphi Corporation Securities, ERISA, and Shareholder Derivative Litig.,* Master Case No. 05-md-1725 (E.D. Mich.);

- *Dixie Brewing Company, Inc. v. John Barth, Inc.* (In re Hops Antitrust Litig.), Civil No. 8404434 (E.D. Pa.);

- *In re Domestic Air Transportation Antitrust Litig.,* MDL No. 861 (N.D. Ga.);

- *Durocher v. American Family Life Insurance Co.,* Case No. 97-CV-292 (Marinette Cty. Dist. Ct.);

- *In re Endotronics Securities Litig.,* Master File No. 4-87-130 (D. Minn.);

- *In re Federal National Mortgage Association Securities, Derivative and ERISA Litig.,* MDL No. 1668 (D.D.C.);

- *Fink v. Rainforest Café,* No. MC 00-451 (Henn. Cty. Dist. Ct.);

- *In re Flat Glass (I) Antitrust Litig.,* MDL No. 1200 (W.D. Pa.) ;

- *Funeral Consumers Alliance, Inc., et al. v. Service Corporation International, et al.,* No. H-05-3394 (S.D. Tex.);

- *In re Guidant Corp. Implantable Defibrillators Products Liability Litig.,* MDL No. 1708 (DWF/AJB)(D. Minn.);

- *Haritos, et al. v. American Express Financial Advisors, Inc.,* 02-2255-PHX-PGR (D. Ariz.);

- *In re ICN/Viratek Securities Litig.,*  87 Civ. 4296 (S.D.N.Y.);

- *Johnson v. Kives* (K-Tel Securities Litig.), Master File No. 4-85-1216 (D. Minn.);

- *In re King Pharmaceuticals, Inc. Securities Litig.,* No. 2:03-CV-77 (E.D. Tenn.);

- *Kirk Dahl, et al. V. Bain Capital Partners, LLC, et al.* (Private Equity Antitrust Litigation) No. 07-CV-12388 (D. Mass);

- *In re Korean Air Lines Co., Ltd. Antitrust Litig.,* MDL No. 1891 (C.D. Cal.);

- *John S. Lawrence v. Philip Morris Companies, Inc., et al.* (Philip Morris Securities Litig.), Civil No. 94-1494 (E.D.N.Y.);

- *In re Lease Oil Antitrust Litig.,* MDL No. 1166 (S.D. Tex.);

- *Leetate Smith, et al. v. Merrill Lynch & Co., et al.* (Orange County Bond Litig.), No. SACV-94-1063-LHM (EEx) (C.D. Cal.);

- *Glen Lewy 1990 Trust v. Investment Advisers, Inc., et al.,* No. CT-00-17047 (Henn. Cty. Dist. Ct.);

- *Low Density Polyethylene Resin Antitrust Litig.,* No. 82 Civ. 1093 (S.D.N.Y.);

- *Marksman Partners, L.P., et al. v. Chantal Pharmaceutical Corporation, et al.,* Master File No. CV-96-0872-WJR (C.D. Cal.);

- *In re Medtronic, Inc. Implantable Defibrillator Products Liability Litig.,* MDL No. 1726 (JMR/AJB) (D. Minn.)

- *In re Merck & Co., Inc., Securities, Derivative & ERISA Litig.,* No. 3:05-cv-1151 (D.N.J.);

- *In re Meridia Products Liability Litig.,* MDL No. 1481 (N. D. Ohio);

- *In re Methionine Antitrust Litig.,* MDL No. 1311 (N.D. Cal.);

- *Steven S. Mitchell v. Thousand Trails, Inc.* (Thousand Trails Security Litig.), Civil No. C86-146 (W.D. Wash.);

- *In re Nasdaq Market-Maker Antitrust Litig.,* MDL No. 1023 (S.D.N.Y.);

- *Nelsen v. Craig-Hallum (Craig-Hallum Securities Litig.),* Master File No. 4-86-135 (D. Minn.);

- *Ohio Public Employees Retirement System, et al. v. Freddie Mac, et al.,* MDL No. 1584 (S.D.N.Y.) (Federal Home Loan Mortgage Corporation Securities Litig.);

- *In re OM Group, Inc. Securities Litig.,* No. 1:02 CV 2163 (N.D. Ohio);

- *In re Packaged Ice Antitrust Litig.,* MDL 1952, (E.D. Mich.);

- *In re Painewebber Securities Litig.,* 86 Civ. 6776 (S.D.N.Y.);

- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.,* MDL No. 1720 (E.D.N.Y.);

- *In Re Propulsid Products Liability Litig.,* MDL No. 1355 (E.D. La.);

- *In re Puerto Rican Cabotage Antitrust Litigation*, MDL No. 1960, Case No. 3:08-md-1960 (D. Puerto Rico);

- *In re Retek, Inc. Securities Litig.,* Master File No. 02-4209 (D. Minn.);

- *In re Rezulin Litig.,* MDL No. 1348 (S.D.N.Y.);

- *In re Riscorp, Inc. Securities Litig.,* Master File No. CV-96-2374-CIV-T-23A (M.D. Fla.);

- *Rodney v. OCA, Inc., et al.,* No. 05-2219 (E.D. La.);

- *In re Scientific-Atlanta, Inc. Securities Litig.,* No. 1:01-CV-1950 (N.D. Ga.);

- *In re Serzone Products Liability Litig.,* MDL No. 1477 (S.D. W. Va.);

- *Spencer v. Comserv Corporation* (Comserv Securities Litig.), Master File No. 4-84-794 (D. Minn.);

- *In re Tamoxifen Citrate Antitrust Litig.,* MDL No. 1408 (E.D.N.Y.);

- *In re Telxon Securities Litig.,* No. 5:98-CV-2876 (N.D. Ohio);

- *In re Tricord Systems, Inc. Securities Litig.,* Master File No. 3-94-746(D. Minn.);

- *In re Tyco International, Ltd.,* ERISA Civil File No. 02-cv-1357 (D.N.H.);

- *In re Vioxx Product Liability Litig.,* MDL No.1657 (E.D.La.);

- *In re Western Union Money Transfer Litig.,* Master File No. CV 01 0335 (E.D.N.Y.);

- *William Stevenson, et al v. ev3, Inc. et al.* No 27-cv-13773 (Henn. Cty. Dist. Ct.);

- *In re Wirebound Box Antitrust Litig.,* MDL No. 793 (D. Minn.); and

- *In re Worldcom, Inc. Securities Litig.,* No. 02-CV-3288 (S.D.N.Y.).

Mr. Lockridge acted as co-lead defense counsel for the target defendant in *Mid-State Oil v. Simonson Oil* (price fixing) Civil No. A3-79-18 (D.N.D.); plaintiff's counsel in *Superlines Co. v. E.W. Wylie Corp.,* 1981-2 Trade Cases (CCH) (D. Minn. 1981); and one of the defense counsel in *Ray Adduono v. World Hockey Association,* Master File No. 3-82-586 (D. Minn.).

Mr. Lockridge spent one year in Houston, Texas working on the trial of the *Corrugated Container Antitrust Litigation*, MDL No. 310 (S.D. Tex.), a case which resulted in one of the largest verdicts (in excess of $1 billion) ever awarded by a jury in antitrust litigation. He was also part of the plaintiffs' trial team for *In re High Pressure Laminates Antitrust Litigation*, MDL No. 1368 (S.D.N.Y.), which recently was tried in the Southern District of New York; a case in which settlements totaled over $40 million.

Mr. Lockridge also was one of the attorneys who successfully represented West Publishing Company in a monopolization and attempted monopolization case brought by West against Mead Corporation (the then owner of "LEXIS"), and in a monopolization and attempted monopolization case brought by Mead against West (the "LEXIS v. Westlaw" antitrust cases).

## Elizabeth R. Odette

Elizabeth R. Odette is a 2004 graduate of the University of St. Thomas School of Law. As a member of the founding class of the St. Thomas Law School, she assisted in the creation of Curriculum Standards as a student representative for the Curriculum Committee and founded the Student Newspaper, TommieLaw News.  She is a 2001 cum laude graduate of the University of St. Thomas where she received her Bachelor of Arts Degree in Marketing Management.  She was admitted to the Minnesota State Bar in 2004 and to the United States District Court for the District of Minnesota in 2005.  She is a member of the Minnesota State and Hennepin County Bar Associations.  Ms. Odette practices in the firm's complex and class action group in the areas of product liability, securities, and antitrust.

Since joining the firm she has been involved in the following complex matters:

- *In re AOL Time Warner Securities Litigation*, MDL No. 1500 (S.D.N.Y.);
- *In re Aredia and Zometa Products Liability Litigation*, Case No. 3:06-md-1760 (E.D. Tenn.);
- *In re Blood Reagents Antitrust Litigation,* MDL No. 2081, Case No. 2:09-md-2081 (E.D. Pa.);
- *In re Cathode Ray Tube (CRT) Antitrust Litig.,* MDL No. 1917 (N.D. Cal.);
- *In re Credit Suisse – AOL Securities Litigation*, Case No. 1:02-CV-12146-NG (D. Mass.);
- *In re Flash Memory Antitrust Litigation*, Case No. 4:07-cv-86 (N.D. Cal.);
- *In re Graphics Processing Units (GPU) Antitrust Litig.,* MDL No. 1826 (N.D. Cal.);
- *In re Hawaiian and Guamanian Cabotage Antitrust Litigation*, MDL No. 1972 (W.D. Wash.);
- *In re National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litigation*, MDL No. 2541 (N.D. Cal.);
- *In re Optical Disk Drive Products Antitrust Litigation,* MDL No. 2143, Case No. 3:10-md-2143 (N.D. Calif.);
- *In re OSB Antitrust Litigation*, No. 06-826 (E.D. Pa.);

- *In re Plasma-Derivative Protein Therapies Antitrust Litigation,* MDL No. 2109, Case No. 1:09-cv-7666 (N.D. Ill.);

- *In re Processed Egg Products Antitrust Litigation*, MDL No. 2002 (E.D. Pa.);

- *In re Puerto Rican Cabotage Antitrust Litigation*, MDL No. 1960;

- *In re Scientific-Atlanta, Inc. Securities Litigation*, No. 1:01-CV-1950 (N.D. Ga.);

- *In re Static Random Access Memory (SRAM) Antitrust Litig.,* MDL No. 1819 (N.D. Cal.);

- *In re TFT-LCD (Flat Panel) Antitrust Litig.,* MDL No. 1827 (N.D. Cal.);

- *In re Tyco International, Ltd.*, ERISA Civil File No. 02-cv-1357 (D. NH);

- *In re Vioxx Product Liability Litigation*, MDL No. 1657 (E.D.La.); and

- *In re Wholesale Grocery Products Antitrust Litigation,* MDL No. 2090, Case No. 0:09-md-2090 (D. Minn.).

Ms. Odette was part of the direct purchaser plaintiffs' trial team in *In re OSB Antitrust Litigation*, focusing on admission of evidence, as well as defendant-specific issues.  The case settled shortly before trial, with settlements totaling approximately $120 million.

Ms. Odette has actively participated on the trial team in the following cases: *Stevens v. Novartis Pharmaceuticals Corp.*, Cause No. DV-08-100, District Court Missoula County, Montana ($ 3.2M jury verdict for Plaintiff) and *Bessemer v. Novartis Pharmaceuticals Corp.*, MID-L-1835-08-MT, Superior Court of New Jersey, Law Division, Middlesex County (New Brunswick).  She has also served on the trial team in remanded bell-weather cases out of the MDL *In re Aredia and Zometa Products Liability Litigation*, Case No. 3:06-md-1760 (E.D. Tenn.): *Fussman v. Novartis Pharmaceuticals Corp.*, No. 1:06CV149, United States District Court, M.D. North Carolina (Winston-Salem) ($12.6M jury verdict for Plaintiff); *Hogan v. Novartis Pharmaceuticals Corp.*, No. 06CV0260, United States District Court, E.D. New York (Brooklyn); and *Deutsch v. Novartis Pharmaceuticals Corp.*, No. 2:09-cv-04677-ADS-WDW, E.D. New York (Islip) (undisclosed settlement).

# EXHIBIT 2

| In re Cathode Ray Tube (CRT) Antitrust Litigation | | | | |
|---|---|---|---|---|
| Lockridge Grindal Nauen P.L.L.P. | | | | |
| Reported Hours and Lodestar | | | | |
| Time Period May 9, 2008 through July 30, 2014 | | | | |
| Exhibit 2 | | | | |
| Name | Title | Hours | Hourly Rate | Lodestar |
| **Attorneys** | | | | |
| Richard A. Lockridge 2014 Rate | Partner | 0.50 | $775.00 | $387.50 |
| Richard A. Lockridge 2013 Rate | Partner | 0.75 | $700.00 | $525.00 |
| Richard A. Lockridge 2012 Rate | Partner | 0.75 | $675.00 | $506.25 |
| Richard A. Lockridge 2011 Rate | Partner | 1.75 | $650.00 | $1,137.50 |
| Richard A. Lockridge 2010 Rate | Partner | 1.50 | $625.00 | $937.50 |
| Richard A. Lockridge 2009 Rate | Partner | 1.25 | $600.00 | $750.00 |
| Richard A. Lockridge 2008 Rate | Partner | 0.25 | $600.00 | $150.00 |
| **Richard A. Lockridge Subtotal** | **Partner** | **6.75** | | **$4,393.75** |
| W. Joseph Bruckner 2014 Rate | **Partner** | 0.00 | $750.00 | $0.00 |
| W. Joseph Bruckner 2013 Rate | Partner | 65.50 | $675.00 | $44,212.50 |
| W. Joseph Bruckner 2012 Rate | Partner | 2.00 | $650.00 | $1,300.00 |
| W. Joseph Bruckner 2011 Rate | Partner | 29.50 | $625.00 | $18,437.50 |
| W. Joseph Bruckner 2010 Rate | Partner | 12.00 | $600.00 | $7,200.00 |
| W. Joseph Bruckner 2009 Rate | Partner | 24.50 | $575.00 | $14,087.50 |
| W. Joseph Bruckner 2008 Rate | Partner | 5.50 | $575.00 | $3,162.50 |
| **W. Joseph Bruckner Subtotal** | **Partner** | **139.00** | | **$88,400.00** |
| Elizabeth R. Odette 2014 Rate | Associate | 5.75 | $450.00 | $2,587.50 |
| Elizabeth R. Odette 2013 Rate | Associate | 50.50 | $400.00 | $20,200.00 |
| Elizabeth R. Odette 2012 Rate | Associate | 33.25 | $375.00 | $12,468.75 |
| Elizabeth R. Odette 2011 Rate | Associate | 33.25 | $375.00 | $12,468.75 |
| Elizabeth R. Odette 2010 Rate | Associate | 34.50 | $350.00 | $12,075.00 |
| Elizabeth R. Odette 2009 Rate | Associate | 57.00 | $325.00 | $18,525.00 |
| Elizabeth R. Odette 2008 Rate | Associate | 50.50 | $325.00 | $16,412.50 |
| **Elizabeth R. Odette Subtotal** | **Associate** | **264.75** | | **$94,737.50** |
| **Non-Attorneys** | | | | |
| Elizabeth M. Sipe 2014 Rate | Paralegal | 22.75 | $200.00 | $4,550.00 |
| Elizabeth M. Sipe 2013 Rate | Paralegal | 89.75 | $175.00 | $15,706.25 |
| Elizabeth M. Sipe 2012 Rate | Paralegal | 58.00 | $175.00 | $10,150.00 |
| Elizabeth M. Sipe 2011 Rate | Paralegal | 26.00 | $175.00 | $4,550.00 |
| Elizabeth M. Sipe 2010 Rate | Paralegal | 43.50 | $175.00 | $7,612.50 |
| Elizabeth M. Sipe 2009 Rate | Paralegal | 32.75 | $175.00 | $5,731.25 |
| Elizabeth M. Sipe 2008 Rate | Paralegal | 31.75 | $175.00 | $5,556.25 |
| **Elizabeth M. Sipe Subtotal** | | **304.50** | | **$53,856.25** |
| | | | | |
| **TOTALS** | | **715.00** | | **$241,387.50** |

# EXHIBIT 3

| In re Cathode Ray Tube (CRT) Antitrust Litigation | |
|---|---|
| **Lockridge Grindal Nauen P.L.L.P.** | |
| **Reported Expenses Incurred on Behalf of DPPs** | |
| **Exhibit 3** | |
| | |
| **Expense Category** | **$ Amount** |
| Court Fees (Filing, etc.) | $619.00 |
| Experts/Consultants | |
| Federal Express | $144.12 |
| Transcripts (Hearing, Depositions, etc.) | |
| Computer Research | $1,505.80 |
| Messenger Delivery | |
| Photocopies - In House | $722.70 |
| Photocopies - Outside | $2,639.23 |
| Postage | $181.32 |
| Service of Process | |
| Telephone/Telecopier | $115.35 |
| Travel (Airfare, Ground Travel, Meals, Lodging, etc.) | $3,130.28 |
| | |
| **TOTAL** | **$9,057.80** |