1  Guido Saveri (Bar No. 22349)
   R. Alexander Saveri (Bar No. 173102)
2  Geoffrey C. Rushing (Bar No. 126910)
   Cadio Zirpoli (Bar No. 179108)
3  **SAVERI & SAVERI, INC.**
   706 Sansome Street
4  San Francisco, California 94111
   Telephone: (415) 217-6810
5  Facsimile:  (415) 217-6813
6
7  *Interim Lead Counsel for the*
   *Direct Purchaser Plaintiffs*
8
9
10              **UNITED STATES DISTRICT COURT**
11            **NORTHERN DISTRICT OF CALIFORNIA**
12               **SAN FRANCISCO DIVISION**
13

| | |
|---|---|
| 14  IN RE: CRT ANTITRUST LITIGATION | Master File No. CV-07-5944-SC<br>MDL No. 1917 |
| 15 | |
| 16  This Document Relates to: | **CLASS ACTION** |
| 17  ALL DIRECT PURCHASER CLASS<br>ACTIONS | **DECLARATION OF MARY JANE FAIT<br>IN SUPPORT OF MOTION FOR<br>ATTORNEYS' FEES, REIMBURSEMENT<br>OF EXPENSES, AND INCENTIVE<br>AWARDS** |
| 18 | |
| 19 | |

20
21
22
23
24
25
26
27
28

I, Mary Jane Fait, declare and state as follows:

1. Until August 20, 2013, I was a member of the law firm of Wolf Haldenstein Adler Freeman & Herz ("WHAFH"). I directed their antitrust class action practice and filed one of the original cases consolidated in this class action on behalf of my client, Princeton Displays Technologies, Inc. ("Princeton Displays"). I worked on this case since inception and when I left WHAFH in August, 2013, I continued to work on this case and consult with my client, Princeton Displays, who is a named class representative of the Direct Purchaser Plaintiffs ("DPP Class"). I submit this Declaration in support of the DPP Class joint application for an award of attorney fees in connection with the services rendered in this litigation. I make this Declaration based on my personal knowledge and if called as a witness, I could and would competently testify to the matters stated herein.

2. I have served as counsel to Princeton Displays and as counsel for the DPP Class throughout the course of this litigation. My background and experience displayed on WHAFH's website in 2013 is attached hereto as Exhibit 1.

3. I have prosecuted this litigation solely on a contingent-fee basis, and have been at risk that I would not receive any compensation for prosecuting claims against the defendants. While I devoted time and resources to this matter, I have foregone other legal work for which it would have been compensated.

4. Since August 20, 2014, I performed the following work: conferred with lead counsel and class representative Princeton Displays regarding the status of case, prepared my client for status conference, worked on settlement issues and notice and reviewed same with Princeton Displays and Lead Class Counsel, and reviewed briefing and orders regarding settlement, status, scheduling, notice and opt-outs.

5. Attached hereto as Exhibit 2 is my total hours and lodestar, computed at historical rates, from the date I left WHAFH, August 20, 2013, through July 31, 2014. This period reflects the time spent after the appointment of Lead Class Counsel in the litigation. The total number of hours spent by me during this period of time was 21 hours with a corresponding lodestar of

1  $17,115.  This summary was prepared from contemporaneous, daily time records regularly

2  prepared and maintained by my firm.  The lodestar amount reflected in Exhibit 2 is for work

3  assigned by Lead Class Counsel, and was performed for the benefit of the DPP Class.

4       6.       My hourly rates included in Exhibit 2 are the usual and customary hourly rates

5  charged by WHAFH.

6       7.       I am not seeking reimbursement for any costs or expenses.

7       8.       I have reviewed the time reported by me in this case which is included in this

8  declaration, and I affirm that it is true and accurate.

9       I declare under penalty of perjury under the laws of the United States of America that the

10  foregoing is true and correct.

11       Executed on August 24, 2014, at Seattle, Washington,

12

13

14                                                     MARY JANE FAIT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARY JANE FAIT IN SUPPORT OF MOTION
FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS

EXHIBIT     1

# WOLF
# HALDENSTEIN
# ADLER
# FREEMAN &
# HERZ LLP

## FIRM RESUME

*"The class action is one of the few legal remedies the small claimant has against those that command the status quo."*

Justice William O. Douglas,
United States Supreme Court

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

## The Firm

Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm with practice groups in corporate/tax, pension/benefits, real estate, trusts and estates, healthcare, labor relations, bankruptcy, limited partnerships, and civil and commercial litigation, with a particular specialty in complex class and shareholder litigation under both federal and state law.

The Firm has its principal office with lawyers in the various practice areas, at 270 Madison Avenue, New York, NY 10016. The firm's general telephone number in New York is (212) 545-4600. The fax number in New York is (212) 545-4653. The firm also has offices at Symphony Towers, 750 B Street, Suite 2770, San Diego, CA 92101, telephone: (619) 239-4599, fax: (619) 234-4599; 55 W. Monroe Street, Suite 1111, Chicago, IL 60603, telephone: (312) 984-0000, fax: (312) 984-0001. The firm's web site is accessible at http://www.whafh.com.

17196

[2]

## The Wolf Haldenstein Antitrust Practice Group

The firm's Antitrust Practice Group is managed and directed by Mary Jane Fait, the managing partner of the Chicago office. Wolf Haldenstein's Antitrust Practice Group actively seeks to enhance antitrust law in ways that will strengthen the rights and claims of small businesses and consumers. To that end it commences large, often complex antitrust and trade regulation class actions and other cases that target some of the most powerful and well-funded corporate interests in the world. Many of these interests have strong influence over enforcement policy that is in the hands of elected officials, so that private enforcement provides the only true assurance that their conduct will be duly scrutinized for compliance with the law. These cases frequently bring to light concealed unlawful conduct such as price-fixing, monopolization, monopoly leveraging, essential facilities, tying arrangements, vertical restraints, exclusive dealing, and refusals to deal. Wolf Haldenstein's Antitrust Practice Group has successfully prosecuted numerous antitrust cases and advocates remedies and restitution for businesses and investors wronged by violations of the antitrust laws.

Wolf Haldenstein attorneys currently serve as co-lead counsel in some of the largest and most significant antitrust class action lawsuits, including:

*In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, M.D.L. No. 2031 (N.D. Ill.). Manipulation of spot cheese and milk futures contract prices on the Chicago Mercantile Exchange to raise prices of dairy products. Settlements are pending.

*In re Text Messaging Antitrust Litigation*, No. 08-C-7082-MFK (N.D. Ill.). Horizontal price fixing antitrust litigation.

*In re Apple & AT&TM Antitrust Litigation*, Master File No. C07-5152 (N.D. Cal.). Illegal monopolization and attempted monopolization of relevant markets.

*In re Evanston Northwestern Healthcare Corp.*, No. 07-4446-JHL (N.D. Ill.). Illegal monopolization and attempted monopolization of relevant market.

*In re McDonough, et al. v. Toys "R" Us, Inc., et al.*, No 2:06 CV 00242-AB (E.D. Pa.). First retail price maintenance class antitrust litigation certified and settled after *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007 and *In re: Hydogen Peroxide*, 552 F.3d 305 (3d Cir. 2008)

*In re Sulfuric Acid Antitrust Litigation*, No. 03-4576, M.D.L. No. 1536 (N.D. Ill.). Horizontal price fixing and market allocation antitrust litigation.

17196

[3]

*In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. M 02-1486 (N.D. Cal.). Horizontal price fixing antitrust litigation.

In addition, Wolf Haldenstein attorneys have been involved in the following major antitrust class actions:

*In re Commodity Exchange, Inc., Silver Futures and Options Trading Litigation*, M.D.L. No. 2213. Manipulation of futures and options antitrust litigation.

*In re Online DVD Rental Antitrust Litigation*, M.D.L. No. 2029 (N.D. Cal.). Online DVD rental monopolization antitrust litigation.

*In re Packaged Ice Antitrust Litigation*, M.D.L. No. 1952 (E.D. Mich.). Horizontal price fixing antitrust litigation.

*In re Chocolate Confectionary Antitrust Litigation*, M.D.L. No. 1935 (M.D. Fla.). Horizontal price fixing antitrust litigation.

*In re Rail Freight Fuel Surcharge Antitrust Litigation*, M.D.L. No. 1536 (N.D. Ill.). Horizontal price fixing antitrust litigation.

*In re Optical Disc Drive Antitrust Litigation*, 3:10-md-2143-VRW (N.D. Cal.). Horizontal price fixing antitrust litigation.

*In re Cathode Ray Tube Antitrust Litigation*, No. 07-C-5944-SC (N.D. Cal.). Horizontal price fixing antitrust litigation.

*In re Graphic Processing Units Antitrust Litigation*, No. 07-CV-1823-WHA (N.D. Cal.). Horizontal price fixing antitrust litigation.

*In re Air Cargo Shipping Antitrust Litigation*, No. 06-MD-1775 CBA/VVP (E.D.N.Y). Horizontal price fixing antitrust litigation.

*In re Publication Paper Antitrust Litigation*, No. 04-MD-1631 SRU (D. Conn.). Horizontal price fixing antitrust litigation.

*In re New Motors Vehicles Canadian Export Antitrust Litigation*, M.D.L. No. 1532 (D. Me.). Canadian export antitrust litigation.

*In re Carbon Black Antitrust Litigation*, No. 03-CV-10191, M.D.L. No. 1543 (D. Mass.). Horizontal price fixing antitrust litigation.

*In re Rubber Chemicals Antitrust Litigation*, No. C 03 1496 (D. Conn.). Horizontal price fixing antitrust litigation.

17196

*In re Urethane Antitrust Litigation*, M.D.L. No. 1616.   Horizontal price fixing antitrust litigation.

*In re Plastic Additives Antitrust Litigation*, No. 03 CV 2038, M.D.L. No. 1547 (E.D. Penn.).  Horizontal price fixing antitrust litigation.

*In re OxyContin Antitrust Litigation*, M.D.L. No. 1603 (S.D.N.Y.).   Patent monopolization antitrust litigation.

*In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, M.D.L. No. 1542 (D. Conn.).  Horizontal price fixing antitrust litigation.

*In re Microcrystalline Cellulose Antitrust Litigation*, M.D.L. No. 1402 (E.D. Pa.).  Horizontal price fixing action.

*In re Compact Disc Minimum Advertised Price Antitrust Litigation*, M.D.L. No. 1361 (D. Me.).  Horizontal and vertical price fixing class action.

*In re NASDAQ Market-Makers Antitrust Litigation*, M.D.L. No. 1023 (S.D.N.Y.).  Manipulation of market prices.

*Universal Delaware, Inc., et al. v. Ceridian Corporation, et al.*, No. 07-C-1078-JKG-HSP (E.D. Pa.).  Horizontal price fixing antitrust litigation.

*Narendra Patel v. Next Card, Inc., et al.*, No. 01-C-8409 (N.D. Ill.).   Horizontal price fixing antitrust litigation.

*Elliot Franklin v. Smithkline Beecham Corporation d/b/a GlaxoSmithKline, P.L.C.*, et al., No. 02-10671-RCL (D. Mass.).  Relafen patent monopolization class action.

*In re Neurontin Antitrust Litigation*, M.D.L. No. 1479 (D.N.J.).   Patent monopolization class action.

*In Re Remeron Direct Purchaser Antitrust Litigation*, Master Docket No. 03-CV-0085 (FSH) (D. N.J.) Monopolization antitrust litigation.

*Robert Kapella v. Organon Inc. and Akzo Nobel N.V.*, No. 2:02 CV 02384 (D.N.J.).  Patent monopolization litigation.

*Scott Jacobs v. McNeil-PPC, Inc.*, No. 02-6797 (E.D. Pa.).  Imodium AD patent monopolization litigation.

*Joanne Gaddy v. GlaxoSmithKline PLC and Smithkline Beecham Corp. d/b/a GlaxoSmithKline, Inc.*, No. 02-6707 (E.D. Pa.).  Wellbutrin patent monopolization litigation.

17196

*Charles D. Fredericks, Jr. v. Elan Corporation, PLC and Skyepharma, Inc. f/k/a Brightstone Pharma, Inc.*, No. 02 CV 3719 (E.D. Pa.).    Naprelan patent monopolization litigation.

*Westwood Automotive, Inc. v. Akzo Nobel Coatings, Inc., et al.*, No. 3:01 CV 435-S (W.D. Ky.).  Automotive paint price fixing litigation.

*In re Visa Check/Master Money Antitrust Litigation*, Master File No. CV-96-5238 (E.D.N.Y.).  Horizontal price fixing.

*In re Vitamins Antitrust Litigation*, M.D.L. No. 1285 (D.D.C.).  Horizontal price fixing antitrust litigation.

*In re Clozapine Antitrust Litigation*, M.D.L. No. 874 (N.D. Ill.).  Horizontal price fixing antitrust litigation.

*In re Industrial Gas Antitrust Litigation*, No. 80 C 3479 (N.D. Ill.).  Horizontal price fixing antitrust litigation.

*In re Aluminum Siding Antitrust Litigation*, M.D.L. No. 454 (D. Minn.).  Horizontal price fixing antitrust litigation.

*In re Chor-Alkalai and Caustic Soda Antitrust Litigation*, No. 86-5428 (E.D. Pa.).  Horizontal price fixing antitrust litigation.

*In re Infant Formula Antitrust Litigation*, M.D.L. No. 878 (N.D. Fla.).  Horizontal price fixing antitrust litigation.

*In re Brand Name Prescription Drug Antitrust Litigation*, M.D.L. No. 940 (N.D. Ill.).  Horizontal price fixing antitrust litigation.

*Vincent v. Kraft Foods, Inc.*, No. 1997-CH-13604 (Circuit Ct. Ill.).  Horizontal price fixing antitrust litigation.

*In re Commercial Tissue Antitrust Litigation*, M.D.L. No. 1189 (N.D. Fla.).  Horizontal price fixing antitrust litigation.

*In re High Fructose Corn Syrup Antitrust Litigation*, M.D.L. No. 1087 (C.D. Ill.).  Horizontal price fixing antitrust litigation.

*J & J Produce & Deli, Inc., et al. v. Gustafson's Dairy, Inc.*, Nos. 93-1077-CIV-T-23B, 93-1264-CIV-T-23A, 94-1437-CIV-T-23A (M.D. Fla.).  Horizontal price fixing antitrust litigation.

*In re Flat Glass Antitrust Litigation*, M.D.L. No. 1200 (W.D. Pa.).  Horizontal price fixing antitrust litigation.

[6]

17196

*In Re First Commodity Corp. of Boston Customer Accounts Litigation*, M.D.L. No. 713 (D. Mass). Commodities fraud class action. Plaintiff class recovered $5 million.

17196

[7]

## The Wolf Haldenstein Class Action Litigation Group

Wolf Haldenstein's Class Action Litigation Group has been recognized by courts throughout the country as being highly experienced in complex class action litigation.

Wolf Haldenstein's performance in representative litigation has repeatedly received favorable judicial recognition.  The following representative judicial comments over three decades indicate the high regard in which the Firm is held:

*In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, 08-cv-285-DMC (D.N.J. Feb. 10, 2009), where our Firm served as Counsel for the Consumer Subclass, Chair of the Consumer Subclass Committee and the Consumer Subclass Liaison to the Executive Committee, Judge Cavanaugh wrote:  "The firms representing Plaintiffs are known nationally and well reputed with a focus in class action and multi-district litigation."  Judge Cavanaugh further noted that "[T]he skill and efficiency of the attorneys involved is high. Class Counsel are highly skilled attorneys with substantial experience in class action litigation, particularly mass tort and multidistrict litigation, as illustrated by firm biographies and the Declarations of Counsel accompanying their fee application."

In *In re Dynamic Random Access Memory (DRAM) Litigation*, No. 02-1486-PJH (N.D. Cal. Aug. 15, 2007), the Firm was co-lead counsel.  The Court approved $320 million in settlements and the class members received a record 85% of their single damages.  In approving the award of attorneys' fees, Judge Hamilton noted that the lead attorneys did "an exceptional job" of coordinating and litigating the case, commenting "I have cases a fraction the size of this one that take up more of my, time just because counsel are not acting as cooperatively and professionally as you are."  Judge Hamilton also commented on lead counsel's motion for reimbursement of attorneys' fees and expenses stating: "The language in your motion is deserved.  It is not mere puffery."

In *In re MicroStrategy Securities Litigation*, 150 F. Supp. 2d 896, 903 (E.D. Va. 2001), where the Firm was a co-lead counsel, Judge Ellis commented:  "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

In *In Re Toys R Us Antitrust Litigation*, 98 MDL 1211 (NG) 191 F.R.D. 347, 351, 356 (E.D.N.Y. 2000), where the Firm served as co-lead counsel and liaison counsel, Judge Gershon wrote: "Class counsel are highly skilled and experienced and can

17196

fairly and adequately represent the interests of the class . . . . Counsel for both the class plaintiffs and the States have well-earned the compensation that they request."

In *Yud v. Saf T Lok*, No. 98-8507-Civ-Hurley (S.D. Fla. Dec. 15, 1999), where the firm was sole lead counsel, the court stated: "The attorneys have done an outstanding amount of work and fine legal work in a short period of time to bring this class action to resolution in a successful fashion."

In *Kurzweil v. Philip Morris Companies*, 94 Civ. 2373, 94 Civ. 2546 (MBM) (S.D.N.Y. Nov. 13, 1998), where the Firm was sole lead counsel, now Chief Judge Mukasey, in approving a $116.5 million settlement stated: "In this case, this represents a lot of good, hard, serious work by a lot of talented lawyers and I appreciate it on both sides."

In *Paramount Communications v. QVC Network Inc.*; *In re Paramount Communications Inc. Shareholders' Litigation*, 637 A.2d 34, 37 n.2 (Sup. Ct. Del. 1994), where the Firm was co-lead counsel for the Paramount shareholders, the Supreme Court of Delaware "commended the parties for their professionalism in conducting expedited discovery, assembling and organizing the record, and preparing and presenting very helpful briefs, a joint appendix, and oral argument."

In *In re Warner Communications Securities Litigation*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985), where the Firm served as co-lead counsel, the court said: "'plaintiffs' counsel constitute the cream of the plaintiffs' bar.' The Court cannot find fault with that characterization."

In *Steiner v. Equimark Corp.*, No. 81-1988 (W.D. Pa. 1983), a case involving complex issues concerning banking practices in which the Firm was lead counsel, then District Judge Mannsman described, in part, the work the Firm performed:

> We look at the complexity of the issue, the novelty of it, the quality of work that, as the trial judge, I am able to perceive, and then, finally, the amount of recovery obtained: I think I have certainly said a lot in that regard. I think it's been an extraordinary case. I think it's an extraordinary settlement. Certainly defense counsel and plaintiffs' counsel as well are all experienced counsel with a tremendous amount of experience in these particular kinds of cases. And under those circumstances . . . I think it was, really, the strategy and ingenuity of counsel in dividing up the workload and strategizing the cases as to who was to do what and what ultimately should be done to bring about the settlement that was achieved.

17196

## Class Action Litigation Results

The following provide examples of the substantial recoveries obtained in class action cases in which Wolf Haldenstein was lead counsel or had a significant role:

- <u>*Class Settlement of* $35.5 million (currently pending on appeal)</u> *In re McDonough, et al. v. Toys "R" Us, Inc., et al.,* No 2:06 CV 00242-AB (E.D. Pa.).

- <u>Class Recovered $325 million</u> *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* No. 02-1486-PJH (N.D.CA)

- <u>Class Recovered $715 million</u> *In re Brand Name Prescription Drug Antitrust Litigation,* M.D.L. No. 940 (N.D. Ill.)

- <u>Class Recovered $175 million</u> *In re Relafen Antitrust Litigation,* No. 01-12239-WGY (D. Mass.)

- <u>Class Recovered $61.7 million</u> *In re Flat Glass Antitrust Litigation,* M.D.L. No. 1200 (W.D. Penn.)

- <u>Class Recovered $126 million</u> *In re Infant Formula Antitrust Litigation,* (N.D. Fla.)

- <u>Class Recovered $100 million</u> *In re Chubb Corp. Drought Insurance Litigation,* C-1-88-644 (S.D. Ohio)

- <u>Class Recovered $55 million</u> *In re Chor-Alkalai and Caustic Soda Antitrust Litigation,* (E.D. Pa.)

- <u>Class Recovered $50 million in cash and coupons</u> *In re Industrial Gas Antitrust Litigation,* (N.D. Ill.)

- <u>Class Recovered $38 million</u> *Holloway v. Peat, Marwick, Mitchell & Co.,* No. 84 C 814 EU (N.D. Okla.)

- <u>Class Recovered $12 million</u> *Landon v. Freel,* M.D.L. No. 593 (S.D. Tex.)

- <u>Class Recovered $490 million</u> *In re BankAmerica Corp. Securities Litigation* (E.D. Mo.)

- <u>Class Recovered $160 million in cash and securities</u> *In re MicroStrategy, Inc. Securities Litigation* (E.D. Va.)

17196

[10]

- Class Recovered $116.5 million in *Kurzweil v. Philip Morris Cos.,* (S.D.N.Y.); (Securities Fraud.)

- Class Recovered $110 million *In re Starlink Corn Products Liability Litigation,* (N.D. Ill.)

- $130 million settlement in this and two related actions for *Computer Associates 2002 Class Action Litigation,* (N.D. Ill.)

- Class Recovered $29 million for *Berger v. Compal Computer Corp* (S.D. Tex.)

- Class Recovered $24 million *In re Arakis Energy Corporation Securities Litigation,* (E.D.N.Y.)

- Class Recovered $20 million *In re E.W. Blanche Holdings, Inc. Securities Litigation* (D. Minn.)

- Class Recovered $13.75 million *In re Musicmaker.com Securities Litigation,* (C.D. Cal.)

- Class Recovered $12 million *In re Allaire Corp. Securities Litigation,* (D. Mass.)

- Class Recovered $10.5 million *In Curative Health Services Securities Litigation,* (E.D.N.Y.)

- Class Recovered $10.5 million *In City Partnership Co. v. Jones Intercable* (D. Colo.)

- Class Recovered $5.9 million *In re Tenfold Corporation Securities Litigation,* (D. Utah)

- Class Recovered $12.25 million in *Wong v. Megafoods* (D. Ariz.) (Securities fraud).

- Class Recovered $11.5 million *In re Del Val Financial Corp. Securities Litigation)* (S.D.N.Y.)

- Class Recovered $13 million *In re Home Shopping Network Shareholders Litigation,* (Del. Ch. 1995)

- Class Recovered $200 million *In re Paine Webber Limited Partnerships Litigation* (S.D.N.Y.)

- Class Recovered $19 million *In re Bristol-Meyers Squibb Co. Securities Litigation* (S.D.N.Y.)

17196

[11]

- Class Recovered $13 million *In re Spectrum Information Technologies Securities Litigation* (S.D.N.Y.)

- Class Recovered $17.5 million *In re Chase Manhattan Securities Litigation* (S.D.N.Y.)

- Class Recovered $9 million in *Prostic v. Xerox Corp.* (D. Conn.) (Securities fraud)

- Class Recovered $18 million in *Steiner v. Hercules* (D. Del.) (Securities fraud)

- Class Recovered $14.6 million *In re Ambase Securities Litigation,* (S.D.N.Y.)

- Class Recovered $70 million in *Steiner v. Phillips (In re Southomark Securities Litigation)* (N.D. Tex.)

- Class Recovered $18 million in *Steiner v. Ideal Basic Industries, Inc.* (D. Colo. 1989) (Securities fraud)

- Corporation Recovered $30 million in *Tucson Electric Power Derivative Litigation* (Shareholder derivative action)

- Class Recovered $16 million *In re Alleco Stockholders Litigation* (Cir. Ct. Prince Georges County, Md.)

- Class Recovered $30 million *In re Revelon Group, Inc. Shareholders Litigation,* (Del. Ch.)

- Class Recovered $20 million *In re Taft Broadcasting Company Shareholders Litigation* (Del. Ch.)

- Class Recovered $20 million *In re Southland Corp. Securities Litigation* (D. Tex.)

- Class Recovered $30 million *In re Crocker Bank Securities Litigation* (Del. Ch.)

- Class Recovered $17.5 million *In re Warner Communications Services Litigation* (S.D.N.Y..)

- Class Recovered $200 million in *Joseph v. Shell Oil* (Del. Ch.) (Securities fraud)

- Class Recovered $50 million *In re Flight Transportation Corp. Securities Litigation* (D. Minn.)

- Class Recovered $18 million *In re Whittaker Corporation Securities Litigation* (Cal. Super. Ct., Co. of Los Angeles)

17196

[12]

- Class Recovered $40 million in *Naevus International, Inc. v. AT&T Corp.* (N.Y. Sup. Ct. (Consumer fraud)

- Class Recovered $45.20 million in *Sewell v. Sprint PCS Limited Partnership* (Cir. Ct. for Baltimore City) (Consumer fraud)

---

## THE CLASS ACTION LITIGATION GROUP

---

The qualifications of the attorneys in the Wolf Haldenstein Antitrust Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Group who contribute significantly to the class action practice from time to time.

## PARTNERS

**MARY JANE FAIT**: *admitted*:  New York; Illinois; U.S. District Courts for the Southern and Eastern Districts of New York, Northern District of Illinois; Eastern District of Michigan; U.S. Court of Appeals for the Seventh Circuit; Member of the Federal Trial Bar. *Education*: St. John's College and University of Illinois (B.A., Economics, 1976); Cornell Law School (J.D., 1979). Member, Chicago Bar Association; Illinois Bar Associations; Antitrust Division of the American Bar Association.  Ms. Fait has over 20 years of experience in complex antitrust class actions and has frequently lectured on antitrust issues to businesses and law students.

**DANIEL W. KRASNER**:  *admitted*:  New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan. *Education*: Yeshiva College (B.A. 1962); Yale Law School (LL.B., 1965). Lecturer: Practicing Law Institute; Rutgers Graduate, School of Business. Member, the Association of the Bar of the City of New York; Rockland County, New York State and American Bar Associations; Federal Bar Council.  Mr. Krasner has lectured frequently before bar groups and has educated groups on securities laws and investors rights.

**FRED TAYLOR ISQUITH**:  *admitted*:  New York; District of Columbia; Supreme Court of the United States; U.S. Courts of Appeals for the First, Second, Third, Fourth and Eighth Circuits; U.S. District Courts for the Southern, Eastern and Northern Districts of New York, District of Arizona, District of Colorado, Central District of Illinois, Western

17196

[13]

District of Michigan and District of Nebraska. *Education*: Brooklyn College of the City University of New York (B.A., 1968); Columbia University (J.D., 1971). Author, Federal Civil Practice Supplement, "Representative Actions," (NYSBA, 2000). Columnist for weekly column "From the Courts," for *The Class Act*, National Association of Securities and Class Action Attorneys. Mediator for New York State Supreme Court, County of New York, Complex Litigation Panel. Member: The Association of the Bar of the City of New York (Committee on: Federal Courts); New York County Lawyers' Association (Former Chair: Business Tort/Consumer Fraud-Tort Law Section); Brooklyn (Member: Committee on Civil Practice Law and Rules, 1983-; Committees on Legislation and Federal Courts, 1984-), New York State (Member: Committee on Legislation, Trial Lawyers Section, 1981-; Committee on Securities, Commercial and Federal Litigation Section, 1989-) and American (Member, Sections on: Litigation; International Law; Individual Rights and Responsibilities) Bar Associations; The District of Columbia Bar.

**JEFFREY G. SMITH**: *admitted:* New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern and Central Districts of California and the Districts of Colorado and Nebraska. *Education*: Vassar College (A.B., *cum laude generali*, 1974); Woodrow Wilson School of Public and International Affairs, Princeton University, (M.P.A., 1977); Yale Law School (J.D., 1978). At Yale Law School, Mr. Smith was a teaching assistant for the Trial Practice course and a student supervisor in the Legal Services Organization, a clinical program. Member, The Association of the Bar of the City of New York; New York State and American (Section on Litigation) Bar Associations; State Bar of California (Member, Litigation Section).

**FRANCIS M. GREGOREK**: *admitted*: New York; California; U.S. Court of Appeals for the District of Columbia and Ninth Circuit; U.S. District Courts for the Eastern and Southern Districts of New York, and Central, Southern and Northern Districts of California; *Education*: University of Virginia (B.A., with high distinction, 1975); New York University (J.D., 1978); Durham University, Durham, England. Phi Beta Kappa; Phi Alpha Theta. Member, State Bar of California; American Bar Association.

**PETER C. HARRAR**: *admitted*: New York; U.S. District Courts for the Southern, Eastern and Northern Districts of New York. *Education*: Princeton University (A.B., with high honors, 1980); Columbia University (J.D., 1984). Phi Beta Kappa. Mr. Harrar has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

**LAWRENCE P. KOLKER**: *admitted*: New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; and U.S. District Courts for the Southern and Eastern Districts of New York, Western District of Michigan and the District of Colorado. *Education*: State University of New York at Binghamton (B.A., 1978); Brooklyn Law School (J.D., 1983). Editor, Brooklyn Law Review, 1982-1983. Panelist, Early Neutral Evaluator for the

17196

[14]

Eastern District of New York, 1992-1997. Lecturer, Brooklyn Law School, 1989. Assistant Corporation Counsel, City of New York, 1983-1987. Member, The Association of the Bar of the City of New York; New York State Bar Association.

**MARK C. RIFKIN:** *admitted*: Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education*: Princeton University (A.B., 1982); Villanova University School of Law (J.D. 1985). Contributor, PACKEL & POULIN, *Pennsylvania Evidence* (1987). Mr. Rifkin has extensive experience in complex class and derivative actions in securities, antitrust, intellectual property, and consumer protection litigation. Mr. Rifkin has lectured before diverse business and professional organizations in the areas of securities and complex litigation and corporate governance.

**MICHAEL JAFFE:** *admitted*: California; New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Berkeley (B.S., with highest distinction, 1982); Hastings College of the Law, University of California (J.D., 1987). Judicial Extern to the Honorable Thelton E. Henderson, Northern District of California, 1986-1987. Member: The Association of the Bar of the City of New York. Languages: French.

**BETSY C. MANIFOLD:** *admitted*: Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California. *Education*: Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.

**GREGORY M. NESPOLE:** *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Bates College (B.A., 1989); Brooklyn Law School (J.D., 1993). Member, The Association of the Bar of the City of New York; New York State Bar Association. Mr. Nespole's experience includes complex civil and criminal litigation.

**ALEXANDER H. SCHMIDT:** *admitted:* New York; New Jersey; United States Supreme Court, United States Court of Appeals for the Second Circuit, and the United States Court of Federal Claims. *Education:* State University of New York, Stony Brook (B.A., 1981); Brooklyn Law School (J.D., 1985). Mr. Schmidt concentrates on sophisticated commercial litigation, including matters involving banking, commercial factoring, securities fraud, antitrust, civil RICO, real estate, intra-corporate and partnership disputes, and legal, accounting and architectural malpractice.

17196

[15]

**DEMET BASAR**: *admitted*: New York; New Jersey; U.S. District Court for the District of New Jersey, and Southern District of New York. *Education*: Fairleigh Dickinson University (B.A., *summa cum laude*, 1984), Phi Omega Epsilon; Rutgers University School of Law (J.D., 1990). Recipient, West's Scholarship Award, Senior Notes and Comments Editor, Rutgers Law Review. Member, The Association of the Bar of the City of New York. Languages: Turkish.

**THOMAS H. BURT**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: American University (B.A., 1993); New York University (J.D., 1997). Articles Editor with New York University Review of Law and Social Change.

**RACHELE R. RICKERT**: *admitted*: California; U.S. District Court for the Southern District of California. *Education*: Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D., 1997). Member: State Bar of California. Former Deputy Alternate Public Defender for the County of San Diego.

**CHARLES J. HECHT**: *admitted*: New York. *Education*: Cornell University; Cornell University Law School. Member: New York State Bar Association.

**STACEY KELLY BREEN**: *admitted*: New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: New York University (B.A., 1997); Rutgers School of Law - Newark (J.D., 2000). Member: New York State Bar Association; New York County Lawyers Association.

**MATTHEW GUINEY**: *admitted:* New York. *Education*: The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002).

## OF COUNSEL

**ROBERT ABRAMS**: *admitted*: New York; U.S. Court of Appeals for the Third Circuit; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Missouri, District of Maryland, and District of Delaware. *Education:* Haverford College (B.A. 1961); Columbia University (Ph.D., 1966), Brooklyn Law School (J.D., 1992). Woodrow Wilson Fellow; International Business Law Fellow. Adjunct Professor, Mediation Clinic, Brooklyn Law School, 1983-1984. Mr. Abrams was formerly a Professor of Political Science at Brooklyn College and the Graduate Center of the City University of New York. Member, New York State Bar Association.

**ROBERT B. WEINTRAUB**: *admitted*: New York; Supreme Court of the United States; U.S. Court of Appeals for the Federal and Second Circuits; District of Columbia; U.S.

17196

[16]

District Courts for the Southern and Eastern Districts of New York. *Education*: Syracuse University (B.A., *cum laude*, 1972); Georgetown University Law Center (J.D., 1977). Member, 1975-1977, Articles Editor and Member, Executive Board, 1976-1977, Law and Policy in International Business, the Georgetown International Law Journal. Assistant Editor, Competition Working Group, "The OECD Guidelines for Multinational Enterprises: A Business Appraisal," 1977. Author, Law Backs Women Warriors, National Law Journal, June 7, 1993. Co-contributor: Chapter 7, "The Celler-Kefauver Act of 1950," 4 The Legislative History of the Federal Antitrust Laws and Related Statutes, edited by E. Kintner, Chelsea House Publishers, 1980. Mediator, U.S. District Court, Southern District of New York. Member, The Association of the Bar of the City of New York (Member, Committee on Securities Regulation; Council on International Affairs; Chair, 1991-1994 and Member, 1987-1990); American Bar Association. He has counseled corporations on contract negotiation and antitrust matters, and provided antitrust advice on mergers to the arbitrage department of a major brokerage house.

**KATE MCGUIRE**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal*.

**THEODORE B. BELL**: *admitted:* Michigan; Illinois; 7th Circuit Court of Appeals; United States District Courts for the Northern, Central and Southern Districts of Illinois and the United States District Court for the Eastern District of Michigan. *Education:* University of Michigan (B.A., 1988); University of Detroit Mercy School of Law (J.D., 1992).

## ASSOCIATES

**MALCOLM T. BROWN**: *admitted:* New York, New Jersey, Pennsylvania, United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey and Eastern District of Pennsylvania. *Education:* University of Pennsylvania (B.A., Political Science 1988) and Rutgers University School of Law (J.D. 1994).

**DANIEL TEPPER**: *admitted:* Massachusetts, New York. *Education*: University of Texas at Austin; New York University School of Law.

**MARTIN RESTITUYO**: *admitted:* New York. *Education*: Queens College (B.A., 1998); Hofstra University School of Law (J.D. 2002); Hofstra University, Frank G. Zarb School of Business (M.B.A., Finance, 2005). Mr. Restituyo did postgraduate work at the Universidad Autonoma de Santo Domingo, Santo Domingo, in the Dominican Republic, and studied at Faculte de Droit de l'Universite de Nice, in Nice, France. Mr. Restituyo was the Assistant Town Attorney for North Hempstead, New York (2004-2006), an Adjunct Professor at John Jay College of Criminal Justice (2005), and was in the Nassau

17196

County Department of Economic Development (2002-2004). In 2003, he was awarded the "Distinguished Alumni Award" from Hofstra University's Clinical Program. He is a member of the Nassau County Bar Association, the Women's Bar Association, the Hispanic Bar Association, the Dominican Bar Association and Hofstra University School of Law, Alumni Board.

JOHN TANGREN: *admitted:* Illinois, the Northern District of Illinois and the District of Colorado. *Education:* The University of Chicago (A.B., Philosophy and Music, 2000) and the University of Chicago Law School with honors (J.D. 2003) where he was Executive Editor of the University of Chicago Legal Forum. Before joining Wolf Haldenstein, Mr. Tangren practiced complex commercial litigation as an associate in the Chicago office of a large global firm. His primary area of practice is class action litigation.

PATRICK H. MORAN: *admitted:* Wisconsin, the United States Court of Appeals for the Seventh Circuit and the United States District Court for the Eastern District of Wisconsin. Education: University of Iowa (B.A. Economics, 1999); Marquette University Graduate School of Business Administration (M.B.A., Accounting, 2004); Marquette University Law School (J.D. 2003), where he was a member of the Marquette University Law Review and published *The Federal and Ninth Circuits Square Off: Refusals to Deal and the Precarious Intersection between Antitrust and Patent Law*, 87 MARQ. L. REV. 387 (2003). Before joining Wolf Haldenstein, Mr. Moran served as a law clerk to the Hon. John L. Coffey of the United States Court of Appeals for the Seventh Circuit. In addition, Mr. Moran has held positions with a big four accounting firm as an international tax consultant and as an associate for a large securities class action law firm, specializing in litigation concerning mergers and acquisition.

MICHAEL LISKOW: *admitted:* California, U.S. District Court for the Northern District of California. *Education:* University of Kansas (B.A., Psychology, 2001); University of Pennsylvania Law School (J.D. 2005), where he was the Symposium Editor of the Journal of Constitutional Law. Before joining Wolf Haldenstein, Mr. Liskow was a clerk for the Honorable Steven H. Levinson of the Supreme Court of Hawaii, and a Fulbright Teaching Assistant to the Slovak Republic.

EDMUND S. ARONOWITZ: *admitted*: New York (2006), U.S. District Court for the Southern District of New York (2008). *Education*: Cornell University (B.A. with honors, History, 2002); Cornell Law School (J.D. with honors, 2005), where he was a Managing Editor of the Cornell Journal of Law and Public Policy and a Bench Editor on the Moot Court Board. Prior to joining Wolf Haldenstein, Mr. Aronowitz served as a law clerk to the Hon. Robert L. Hinkle of the United States District Court for the Northern District of Florida and practiced complex commercial litigation as an associate in the New York office of a large global firm.

**LYDIA A. KEANEY:** *admitted:* New York as well as the United State District Court for the Southern District of New York and the Court of Appeals for the Second Circuit. *Education:* Temple University, 2004 (graduated *magna cum laude* and Phi Beta Kappa), University of Pennsylvania Law School (J.D., 2007), where she served as a Production Editor on the Journal of Constitutional Law. Prior to joining Wolf Haldenstein, Ms. Keaney was an associate at SNR Denton US LLP, where her practice focused on complex commercial litigation with an emphasis on class actions. She also has experience in commercial arbitrations, constitutional law, and appellate work.. She is a member of the New York City Bar Association where she currently serves on the Association's Sex and Law Committee.

**BETH LANDES:** *admitted:* New York. *Education:* Connecticut College (B.A., Philosophy, 2005) and from Duke University School of Law (J.D., 2010).

**MAJA LUKIC:** *admitted:* New York and the United States District Courts for the Southern and Eastern District of New York as well as the Second Circuit.. *Education:* Memorial University of Newfoundland (B.F.A, Theater, 2007) and from Cornell Law School (J.D., 2010) where she served as an Articles Editor on the *Cornell Law Review.*

**ALAN WEISS:** *admitted:* Florida as well as the United States District Court, Southern District of Florida. *Education:* Tufts University (B.A. in economics 1985 and M.A. in economics 1988) and from University of Miami School of Law (J.D. 1993). He is a high school varsity soccer coach and lives in New Jersey with his wife Nikki and their five children. Prior to joining the firm, Mr. Weiss was a Vice President and Financial Advisor for a major Wall Street brokerage firm. Previously, Mr. Weiss ran his own broker-dealer where he was an options trader for eight years and through which he would become the portfolio manager of an options arbitrage based hedge fund. Mr. Weiss started his law career in Hollywood, Florida where he represented investors who were harmed by fraudulent or unsuitable investments, against major Wall Street brokerage firms.

17196

EXHIBIT    2

In re Cathode Ray Tube (CRT) Antitrust Litigation
LAW OFFICES OF MARY JANE FAIT
Reported Hours and Lodestar
May 9, 2008 through July 30, 2014

| NAME | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---|---|---|
| ATTORNEYS | | | |
| Mary Jane Fait, Partner | 21.0 | $815 | $17,115.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL:** | 21.0 | | $17,115.00 |