1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944-SC<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | **[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>Date:        October 23, 2015<br>Time:       10:00 a.m.<br>Judge:      Hon. Samuel Conti<br>Courtroom: 1 |

1    The Court, having reviewed Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (September 11, 2015) ("Motion"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that:

    1.    The Motion requests an award of attorneys' fees in the amount of $38,235,000 or 30% of the $127,450,000 Settlement Fund.[1] Further, Direct Purchaser Plaintiffs ("DPPs") and their counsel ("Class Counsel") request reimbursement of out-of-pocket litigation costs and expenses in the amount of $1,927,392.12. In addition, DPPs request that the Court approve the $2,867,395.32 in expenses paid with settlement funds.

    2.    The Court finds that DPPs' requested fee award of $38,235,000—30% of the Settlement Fund—is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (1) the results obtained by Class Counsel in this case; (2) the risks and complex issues involved in this case, which were significant and required a high level of skill and high-quality work to overcome; (3) that the attorneys' fees requested were entirely contingent upon success—Class Counsel risked time and effort and advanced costs with no ultimate guarantee of compensation; (4) that the range of awards made in similar cases justifies an award of 30% here; and (5) that the class members have been notified of the requested fees and had an opportunity inform the Court of any concerns they have with the request. These factors justify an upward adjustment of the Ninth Circuit's 25% benchmark. As such, the Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

    3.    The Court has confirmed the reasonableness of DPPs' fee request by conducting a lodestar cross-check. The Court finds that Class Counsel's reasonable lodestar was $43,335,517.50 based on historic hourly rates for the period from the appointment of lead counsel, May 9, 2008, through July 31, 2015 (the "Relevant Period").[2] Class Counsel's requested fee award represents

---

[1] The "Settlement Fund" consists of the total proceeds of the following settlements: (1) Chunghwa—$10,000,000; (2) Philips—$15,000,000; (3) Panasonic—$17,500,000; (4) LG—$25,000,000; (5) Toshiba—$13,500,000; (6) Hitachi—$13,450,000; and (7) Samsung SDI—$33,000,000.

[2] The Relevant Period for DPP firms other than the Saveri & Saveri, Inc. is May 9, 2008 through July 31, 2014.

1  less than their reasonable lodestar. This further supports the reasonableness of Class Counsel's fee
2  request here.
3      4.    The Court finds that Class Counsel incurred a total of $4,794,787.44 in litigation
4  costs and expenses in prosecuting this litigation. The Court finds that these costs and expenses
5  were reasonably incurred in the ordinary course of prosecuting this case and were necessary given
6  the complex nature and nationwide scope of the case.
7      5.    In sum, upon consideration of the Motion and accompanying Declarations, and
8  based upon all matters of record including the pleadings and papers filed in this action, the Court
9  hereby finds that the fee requested is reasonable and proper and that the costs and expenses
10 incurred by Class Counsel were necessary, reasonable, and proper.
11     Accordingly, it is hereby ORDERED and DECREED that:
12     6.    Class Counsel are awarded attorneys' fees of $38,235,000 (30% of the
13 $127,450,000 Settlement Fund), together with a proportional share of interest earned on the
14 Settlement Fund for the same time period and at the same rate as that earned on the Settlement
15 Fund until dispersed to Class Counsel.
16     7.    Class Counsel are awarded reimbursement of their litigation costs and expenses in
17 the amount of $1,927,392.12.
18     8.    The $2,867,395.32 in costs and expenses paid directly from the Court-ordered
19 settlement funds are approved.
20     9.    The attorneys' fees awarded and reimbursement of litigation costs and expenses
21 shall be paid from the Settlement Fund and the interest earned thereon.
22     10.    The fees and expenses shall be allocated among Class Counsel by the Lead Counsel
23 in a manner that, in the Lead Counsel's good-faith judgment, reflects each firm's contribution to
24 the institution, prosecution, and resolution of the litigation.
25     / / /
26     / / /
27     / / /
28     / / /

1       11.     This order shall be entered of this date pursuant to Rule 54(b) of the Federal Rules
2  of Civil Procedure, the Court finding that there is no just reason for delay.

**IT IS SO ORDERED.**


Dated: _____

                                                            _____
                                                            HON. SAMUEL CONTI
                                                            UNITED STATES DISTRICT JUDGE