Guido Saveri (22349)
  *guido@saveri.com*
R. Alexander Saveri (173102)
  *rick@saveri.com*
Geoffrey C. Rushing (126910)
  *grushing@saveri.com*
Cadio Zirpoli (179108)
  *cadio@saveri.com*
Travis L. Manfredi (281779)
  *travis@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for the Direct Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 3:07-cv-5944 SC<br><br>MDL No. 1917<br><br>**DECLARATION OF CADIO ZIRPOLI IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS REPRESENTATIVE INCENTIVE AWARDS**<br><br>Date:  October 23, 2015<br>Time:  10:00 a.m.<br>Judge:  Honorable Samuel Conti<br>Courtroom: 1, 17th Floor |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | |

I, CADIO ZIRPOLI, declare:

1.     I am a partner at Saveri & Saveri, Inc., which the Court has appointed to act as Lead Counsel for the Direct Purchaser Plaintiffs ("DPPs") in this action. I submit this declaration in support of Direct Purchaser Plaintiffs' Motion for Class Representative Incentive Awards. Except as otherwise noted, I make this declaration of my own personal knowledge, and if called upon to do so, could and would testify competently to the facts contained herein.

2.     The purpose of this declaration is to set forth the significant amount of time and effort the ten named Class Representatives have spent litigating these cases over the past eight years for the benefit of the absent members of the Settlement Classes.

3.     The Class Representatives in this action devoted substantial amounts of time and resources to assisting in the prosecution of this matter. Their help was essential to the success of this case. None of the class representatives conditioned, or were asked to condition, their participation in the litigation upon receiving an incentive award. None of the class representatives conditioned, or were asked to condition, their approval of any of the settlements upon the promise or expectation that they would receive any benefit greater than the rest of the class members. DPPs are seeking an award of $25,000 for ten of the class plaintiffs named in Direct Purchaser Plaintiffs' Consolidated Amended Complaint ("DPCAC"): (1) Crago, d/b/a Dash Computers, Inc.; (2) Arch Electronics, Inc.; (3) Hawel A. Hawel, d/b/a City Electronics; (4) Meijer, Inc. and Meijer Distribution, Inc.; (5) Nathan Muchnick, Inc.; (6) Princeton Display Technologies, Inc.; (7) Radio & TV Equipment, Inc.; (8) Royal Data Services, Inc.; (9) Studio Spectrum, Inc.; and (10) Wettstein and Sons, Inc. d/b/a Wettstein's (collectively the "Class Representatives").

4.     Prior to the filing of their original non-consolidated complaint, each Class Representative spent time with their counsel reviewing drafts of the complaint. This process was repeated with the DPCAC.

5.     Each Class Representative spent time reviewing and responding to nine sets of document requests containing a total of 75 separate document requests. Each Class Representative participated in the collection of responsive hard copy documents and, in some cases, identification of ESI sources likely to contain responsive data, if applicable. In certain instances, Class

1 Representatives utilized software to extract extensive transactional database information. In total, the Class Representatives produced over twelve thousand pages of documents. These document requests required the Class Representatives to search for and produce both hard copy and, in certain circumstances, electronic documents from multiple sources.

6. Each Class Representative was required to review and respond to eight sets of interrogatories totaling 78 separate interrogatories, requiring sworn certifications on multiple occasions.

7. The Class Representatives kept abreast of the major filings in the case, including reviewing briefs and pleadings; and consulting with class counsel regarding litigation strategy, settlement negotiations, and other matters.

8. Each of the Class Representatives spent a significant amount of time preparing for and being deposed.

9. The total incentive payments to all Class Representatives as requested would equal, $250,000, or approximately 0.196% of the Settlement Fund.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 11th day of September, 2015 at San Francisco, California.

*/s/ Cadio Zirpoli*
Cadio Zirpoli