**Pages 1 - 13**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Samuel Conti, Judge

MDL NO. 1917 IN RE: CATHODE    )
RAY TUBE (CRT) ANTITRUST       )
LITIGATION,                    )
                               )   **NO. C 07-05944 SC**
                               )

                               San Francisco, California
                               Friday, September 11, 2015

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Indirect Purchaser Plaintiffs:
                TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                2280 Union Street
                San Francisco, California  94123
     **BY:  MARIO N. ALIOTO, ATTORNEY AT LAW**
          **LAUREN C. CAPURRO, ATTORNEY AT LAW**

For Indirect Purchaser Plaintiffs, Michael Juetten, and Chad Klebs:
                ZELLE, HOFMANN, VOELBEL & MASON LLP
                44 Montgomery Street - Suite 3400
                San Francisco, California  94104
     **BY:  CHRISTOPHER T. MICHELETTI**
          **ATTORNEY AT LAW**

For Indirect Purchaser Plaintiffs:
                KAG LAW GROUP
                P. O. Box 210135
                San Francisco, California  94121
     **BY:  SYLVIE K. KERN, ATTORNEY AT LAW**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

REPORTED BY:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
             Official Reporter

```
 1   APPEARANCES:   (CONTINUED)

 2   For Direct Purchaser Plaintiffs:
                       SAVERI & SAVERI, INC.
 3                     706 Sansome Street
                       San Francisco, California  94111
 4          BY:   R. ALEXANDER SAVERI, ATTORNEY AT LAW
                  GUIDO SAVERI, ATTORNEY AT LAW
 5
     For Direct Purchaser Plaintiffs:
 6                     BOIES, SCHILLER & FLEXNER LLP
                       30 South Pearl Street - 11th Floor
 7                     Albany, New York  12207
            BY:   KYLE SMITH, ATTORNEY AT LAW
 8
     For Plaintiff Dell, Inc.:
 9                     KERR & WAGSTAFFE
                       100 Spear Street - Suite 1800
10                     San Francisco, California 94105
            BY:   JAMES M. WAGSTAFFE, ATTORNEY AT LAW
11
                       ALSTON & BIRD LLP
12                     One Atlantic Center
                       1201 West Peachtree Street
13                     Atlanta, Georgia  30309
            BY:   DEBRA D. BERNSTEIN, ATTORNEY AT LAW
14
     For Plaintiffs Sears, Roebuck and Co. and KMart Corporation:
15                     KENNY NACHWALTER
                       1100 Miami Center
16                     201 South Biscayne Boulevard
                       Miami, Florida  33131
17          BY:   SAMUEL RANDALL, ATTORNEY AT LAW

18   For Plaintiff Steven Ganz:
                       COOPER & KIRKHAM PC
19                     357 Tehama Street
                       San Francisco, California  94103
20          BY:   JOSEF D. COOPER, ATTORNEY AT LAW

21   For Defendant Toshiba Corporation:
                       WHITE & CASE LLP
22                     701 Thirteenth Street, N.W.
                       Washington, D.C.  20005
23          BY:   CHRISTOPHER M. CURRAN, ATTORNEY AT LAW
                  SAMUEL J. SHARP, ATTORNEY AT LAW
24

25
```

```
 1   APPEARANCES:   (CONTINUED)

 2   For Defendant Samsung SDI:
                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 3                       Four Embarcadero Center - 17th Floor
                         San Francisco, California  94111
 4                  BY:  NADEZHDA NIKONOVA, ATTORNEY AT LAW
```

```
 1  Friday - September 11, 2015                        10:05 a.m.
 2                        P R O C E E D I N G S
 3                             ---oOo---
```

4          **THE CLERK:** All right. The next matter is Case
5  Number 07-5944. This is the MDL 1917 In Re: Cathode Ray Tube
6  Antitrust Litigation.

7          **MR. CURRAN:** Good morning. Christopher Curran for
8  Toshiba.

9          **THE COURT:** Good morning.

10         **MR. SHARP:** Good morning, Your Honor. Sam Sharp, also
11 for Toshiba.

12         **MR. ALIOTO:** Mario Alioto on behalf of the Indirect
13 Purchaser Plaintiff class.

14         **MR. WAGSTAFFE:** Good morning, Your Honor. James
15 Wagstaffe with Debra Bernstein for Dell.

16         **MR. COOPER:** Good morning, Your Honor. Josef Cooper
17 on behalf of respondent to the Order to Show Cause Ganz.

18         **THE COURT:** Good morning.

19         **MR. COOPER:** Thank you, Your Honor.

20         **MR. R. SAVERI:** Good morning, Your Honor. May it
21 please the Court, Rick Saveri on behalf of the Direct Purchaser
22 Class Plaintiffs.

23         **THE COURT:** Good morning.

24         **MR. MICHELETTI:** Good morning, Your Honor. Chris
25 Micheletti with Zelle Hoffmann on behalf of the Indirect

1  Purchaser Plaintiffs and named plaintiffs Chad Klebs and
2  Michael Juetten.
3         **MR. RANDALL:**  Good morning, Your Honor.  Samuel
4  Randall on behalf of Sears and K-Mart.
5         **MR. SMITH:**  Good morning, Your Honor.  Kyle Smith for
6  certain Direct Action Plaintiffs.
7         **MS. KERN:**  Good morning, Your Honor.  Sylvie Kern, KAG
8  Law Group for the Indirect Purchaser Plaintiffs.
9         **MR. G. SAVERI:**  Good morning, Your Honor.  Guido
10 Saveri on behalf of the Direct Purchaser Class.  Good morning.
11        **THE COURT:**  Thank you.
12     All right.  As I understand it, we've got two matters on.
13 One, are there any objections to Judge Larson as a special
14 master with reference to the discovery motions and any motions
15 that you have on file?  If there's any objections, I'd like to
16 hear them.
17        **MR. CURRAN:**  Your Honor, Christopher Curran for
18 Toshiba.
19     Toshiba does object to the appointment of Judge Larson as
20 special master.
21        **THE COURT:**  Tell me why.
22        **MR. CURRAN:**  Because among the motions that Your Honor
23 is contemplating assigning to Judge Larson are 24 motions for
24 summary judgment; 23 of those 24 put at issue rulings that
25 Judge Illston made in the closely parallel LCD matter.  As you

1  know, Judge Larson and Judge Illston are married to each other.
2  **THE COURT:** Are you married?
3  **MR. CURRAN:** I am.
4  **THE COURT:** Do you ever agree with your wife all the
5  time?
6                         (Laughter)
7  **MR. CURRAN:** I rarely agree with her all the time.
8                         (Laughter)
9  **THE COURT:** Well, then, okay.
10  **MR. CURRAN:** But, Your Honor, in all seriousness,
11  first of all, I do appreciate your issuing of the preliminary
12  decision.
13  **THE COURT:** Well, you know what happens. He issues
14  his order, and then I review it. I don't do all the groundwork
15  in the order. I review it and if it comports with the law and
16  is satisfactory, then I sign it.
17     The fact that he may do something that maybe
18  Judge Illston -- he was working -- he's the husband of
19  Judge Illston, I don't think that has any bearing on it at all.
20  If there's any objection to it, you file your objection to it
21  at the time. If there's any legal issue that you're involved
22  with, if you say he didn't follow this law or he didn't follow
23  that law, you do it and I'll review it.
24  **MR. CURRAN:** I understand that, Your Honor. But our
25  objection is, of course, much more fundamental than for any

1  particular ruling; right?  We are invoking federal statutes
2  28 U.S.C. 455 and 28 U.S.C. 458.  We suggest to Your Honor that
3  those statutes preclude the appointment of Judge Larson by
4  virtue of his marriage relationship to Judge Illston.
5        **THE COURT:**  Well, your motion is denied.  Thank you.
6     I'm going to do what I told you I'm going to do.  I'll
7  review his orders and if I find that they comport with the law,
8  I'll sign them.  If they don't comport with the law, I won't
9  sign them.
10        **MR. CURRAN:**  Okay.
11        **THE COURT:**  I can't be more clear than that.
12        **MR. CURRAN:**  All right.
13        **THE COURT:**  And I appreciate your comments.
14        **MR. CURRAN:**  Okay.  I take it, Your Honor, it wouldn't
15  be of any help to you for me to add anything further?
16        **THE COURT:**  No, no.  Fine.  I mean, you have a right
17  to object and you objected.
18        **MR. CURRAN:**  Okay.
19        **THE COURT:**  Fine.  Thank you, sir.
20        **MR. CURRAN:**  Thank you, Your Honor.
21        **THE COURT:**  Any other objection to Judge Larson?
22                  (No response.)
23        **THE COURT:**  All right. How about Judge Quinn?  How
24  about Mr. Quinn?  Any objection to Mr. Quinn as being a special
25  master with reference to the damage aspects and the attorney

1  fees?
2      **MR. R. SAVERI:**  Your Honor, may it please the Court,
3  Rick Saveri for the Direct Purchaser Class Plaintiffs.
4      We didn't lodge an objection but just wanted a point of
5  clarification, that magistrate -- or, excuse me, Mr. Quinn was
6  only being assigned for the Indirect Purchaser case and the
7  motions for approval, for final approval, and the fees, and
8  obviously this dispute which is arising in the Indirect --
9      **THE COURT:**  We have Direct and we have Indirect.
10     **MR. R. SAVERI:**  Correct.
11     **THE COURT:**  Now, what do you want me to do, divide
12 this again like a biology class?
13     **MR. R. SAVERI:**  No, I don't want to divide it like a
14 biology class.  I apologize, Your Honor.  We were all --
15     **THE COURT:**  You know what he did in the Flat Screen
16 case.
17     **MR. R. SAVERI:**  Yes.
18     **THE COURT:**  What he did in the Flat Screen case he's
19 going to do in this case.
20     **MR. R. SAVERI:**  Okay.
21     **THE COURT:**  The only difference between is one's flat
22 and one's bubble.
23     **MR. R. SAVERI:**  I believe in the LCD Flat Screen case,
24 Your Honor, Judge Illston sent the Indirect fee issue to
25 Mr. Quinn, but she kept the Direct Purchaser fee motion.  She

1  didn't refer that out.
2      And so we respectfully request that we just keep our fee
3  motion with you -- it's being filed today, and it's scheduled
4  for the 23rd -- instead of being sent over to Mr. Quinn.
5      The Indirect Purchaser Plaintiffs and the other counsel in
6  there, they all want to go over to Mr. Quinn.  They asked for
7  him.  They want to go over there.  They want to go over and
8  resolve issues that they have.  They've got a lot.  We don't
9  have any of that, Your Honor.  We have a unified group.  We
10 have a simple motion.  Our settlements are final.
11         **THE COURT:**  But the simple motion is the attorney
12 fees?
13         **MR. R. SAVERI:**  Just the attorneys' fees, Your Honor.
14         **THE COURT:**  The attorney fees are never a simple
15 motion, I want to tell you that.
16         **MR. R. SAVERI:**  Okay.  Unfortunately -- well, we feel
17 ours hopefully will be.  Maybe this will be the first one that
18 will be a simple motion, Your Honor.
19      But we feel it will be simple.  We would appreciate if we
20 just keep our motion here with Your Honor, not be sent over to
21 Mr. Quinn.
22      We felt that, like I said, that the Indirects, they want
23 to go over there.  They have a lot of issues.  Their
24 settlements are not done.  Their plans of allocation are not
25 done.  The judgments are not entered.

1	And the Direct purchaser case, that's all over.  Our
2	judgments are entered.  The settlements are final.  The plan of
3	allocation is all done.  We're all done.  The only thing that
4	needs to be done is the fee motion, Your Honor.  That's being
5	filed today.  It's scheduled before Your Honor on October 23rd.
6	Notice is being published and it's all being sent to the class.
7	    So if we have to go over to Mr. Quinn, that's fine, but
8	we'd prefer to stay out of that fray.  There are no objections.
9	There are no objections, Your Honor.  Six notices have gone
10	out.  Not one class member has voiced an objection to any of
11	the attorneys' fees provisions so far.
12	    So as far as our motion, that's why I was referring to it
13	as saying it's simple.  We don't have that raft of objectors
14	that usually occurs in an Indirect Purchaser case.  So
15	respectfully, Your Honor, we would appreciate just to keep our
16	motion here if we could.
17	        **THE COURT:**  Well, I'll tell you, I'll think about it
18	and I'll let you know.  Okay?
19	        **MR. R. SAVERI:**  Okay.  Thank you very much,
20	Your Honor.
21	        **THE COURT:**  Thank you.
22	    Is there anything else on the LCD?
23	        **MR. ALIOTO:**  Yes, Your Honor.  Mario Alioto on behalf
24	of Indirect Purchasers.
25	    This is not an objection *per se*, Your Honor.  I just

1  wanted to notify you that due to the short schedule here -- we
2  got your Order to Show Cause -- there was an objection, and we
3  had a day to respond to that objection.
4      And we apologize.  We got that objection in just last
5  night and a new proposed form of order in last night, and I
6  would just request that your order -- Your Honor consider the
7  revised order submitted last night; and if Your Honor is so
8  inclined, sign that order.  If Your Honor wants to enter your
9  own order, that's fine, but we do have an order before the
10 Court.
11     **THE COURT:**  I'll look at it, and then I'll do with it
12 whatever I do.
13     **MR. ALIOTO:**  Thank you, sir.
14     **THE COURT:**  All right.  Thank you, sir.
15     **MR. COOPER:**  Thank you, Your Honor.  Josef Cooper.
16     I'm one of the attorneys that filed the response to the
17 Order to Show Cause and the objection to the original motion to
18 appoint Mr. Quinn.
19     We have no objection to Mr. Quinn.  Our comment went to
20 the fact that the scope of his referral -- or the scope of the
21 referral to him was not as Your Honor just described it, the
22 same as happened in LCD.  It was a narrower referral, and it
23 only referred the amount of the aggregate fee award to him.
24 That was the basis for the document we filed in response to the
25 Order to Show Cause.

1  **THE COURT:** I'll tell you what I'm going to do. I'll
2  prepare the order. I'll send it to you, and if you have any
3  objections to it, you let me know in writing. Okay? Because
4  we're talking about scope.
5  **MR. COOPER:** Right. I'm just trying to make clear, we
6  didn't object -- oppose Mr. Quinn. It was the scope of the
7  order.
8  **THE COURT:** I understand that. You're only -- you're
9  objecting to the scope.
10 **MR. COOPER:** That's correct. We wanted it to be, as
11 Your Honor said, like LCD's.
12 **THE COURT:** Well, the same type of work, not exactly
13 the same. I don't know what the LCD was all about.
14 **MR. COOPER:** No, not the substance but the referral.
15 Your Honor just described the referral as being the same as
16 occurred in the LCD's. It is -- the original referral as
17 proposed was not. That's what prompted this.
18 **THE COURT:** Do you have a proposed order?
19 **MR. COOPER:** We submitted it, Your Honor.
20 **THE COURT:** Okay. I'll take a look at it, and I'll
21 let you know.
22 **MR. COOPER:** Thank you, Your Honor.
23 **THE COURT:** Okay. Thank you.
24 **MR. MICHELETTI:** Your Honor, very quickly. My name is
25 Chris Micheletti. I'm with Zelle Hoffmann. I represent named

1  plaintiffs Michael Juetten and Chad Klebs.
2      Filings were made on Wednesday that had their names on
3  them by counsel that are objecting to a portion of the order
4  that lead counsel has submitted with regard to Special Master
5  Quinn.
6      I just want to make a clarification for the record, and
7  that is that Michael Juetten and Chad Klebs fully support lead
8  counsel's motion and the proposed order that they submitted,
9  including, I believe, the slightly revised proposed order that
10 was submitted late last night.  And to the extent there's any
11 ambiguity in the record with respect to those named plaintiffs'
12 support of lead counsel's motion, I wanted to clarify that.
13         **THE COURT:**  All right.  Thank you.
14     Anything else?
15                (No response.)
16         **THE COURT:**  Thank you, gentlemen and ladies.
17         **MR. CURRAN:**  Thank you, Your Honor.
18             (Proceedings adjourned at 10:16 a.m.)
19                      ---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:    Tuesday, September 15, 2015

_____

Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
U.S. Court Reporter