JOSEF D. COOPER (CA SB No. 53015)
TRACY R. KIRKHAM (CA SB No. 69912)
JOHN D. BOGDANOV (CA SB No. 215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA  94103
Telephone:  (415) 788-3030
Facsimile:  (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

*Counsel for Indirect-Purchaser Plaintiffs*

FRANCIS O. SCARPULLA (CA SB No. 41059)
PATRICK B. CLAYTON (CA SB No. 240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94111
Telephone:  (415) 788-7210
Facsimile:  (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Counsel for Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Master File No. 3:07-cv-5944 SC<br><br>MDL No. 1917<br><br>**REQUEST FOR MODIFICATION OF SCHEDULE IN PROPOSED ORDER, PARAGRAPH 5.a., FOR ACTION ON SPECIAL MASTER'S REPORTS AND RECOMMENDATIONS**<br><br>Judge:  Honorable Samuel Conti |

REQUEST FOR MODIFICATION OF SCHEDULE
IN PROPOSED ORDER, PARAGRAPH 5.a., FOR
ACTION ON SPECIAL MASTER'S REPORTS
AND RECOMMENDATIONS

Master File No. 3:07-cv-5944 SC
MDL 1917

On September 11, 2015, the Court entered an Order[1] stating the Court's intent to appoint Martin Quinn as Special Master to report to the Court on the issues of final approval of the proposed Indirect Purchaser Plaintiffs' ("IPP") settlements, an appropriate aggregate attorney's fee and expense reimbursement for counsel, service awards to the named plaintiffs, and the proper division of the aggregate fee among counsel.  The Court also invited comment on the attached proposed "Order Appointing Special Master" (hereinafter "Proposed Order") (Dkt. 4053-1).

Paragraph 5.a. of the Proposed Order provides that: (1) "[a]ny party wishing to file objections or a motion to adopt or modify the Special Master's orders, reports and/or recommendations must file such objections or motion with the Court **within 14 days** from the day the Special Master filed the order, report and/or recommendation via ECF"; and (2) "[a]ny opposition shall be filed **within 7 days** after the objection on the motion is filed."  (Emphasis added.)  The undersigned suggest that these time periods be shortened to better fit with the existing schedule for final approval of the proposed IPP settlements.  Specifically, we propose that the Proposed Order provide that any objections or motions directed to the Special Master's orders, reports and/or recommendations must be filed **within seven (7) days** of the Special Master's filing via ECF, with any opposition thereto filed **within five (5) days** thereafter, but in no event less than **three** (**3) days** before the November 13, 2015, hearing on final approval of the settlements ("the Fairness Hearing").  In the alternative, we suggest that the Court consider moving the date for the Fairness Hearing to accommodate preparation of the Special Master's reports and recommendations.

The Fairness Hearing date of November 13, 2015, was set in the Court's order granting preliminary approval of the proposed settlements, is contained in the due process notice disseminated to class members, and is published on the settlement website.  See, Dkt. 3906.  Pursuant to the Proposed Order, the parties and absent class members have up to 14 days after the

---

[1] *See,* "Proposed Order Re: Appointment of a Special Master" (Dkt. 4053).

REQUEST FOR MODIFICATION OF SCHEDULE
IN PROPOSED ORDER, PARAGRAPH 5.a., FOR
ACTION ON SPECIAL MASTER'S REPORTS
AND RECOMMENDATIONS

Master File No. 3:07-cv-5944 SC
MDL 1917

1 Special Master files an order, report and/or recommendation to make objections or file motions,
2 and another seven days in which to respond.  Working back from the Fairness Hearing date, and
3 limiting the Court to just three days before the Fairness Hearing to review the briefing, the last
4 possible day for filing objections or motions on the Special Master's recommendations would be
5 November 3, 2015.  Under this timetable, October 19, 2015, is the last day on which the Special
6 Master could file the report and recommendations in order for objections or motions directed
7 thereto to come on at the Fairness Hearing.  Since the division of the aggregate fee award among
8 plaintiffs' counsel is not a matter that affects absent class members, the Special Master's
9 recommendations on this subject do not need to be filed in time for any objections to be heard at
10 the Fairness Hearing.  As will be discussed below, the undersigned intend to suggest to the Special
11 Master that it would be neither feasible nor advisable to make his fee allocation recommendations
12 at the same time that he files his recommendation as to settlement approval, aggregate attorney's
13 fees and service awards.

14 October 8, 2015 is the noticed deadline for the parties and absent class members to object
15 to the settlements, aggregate fee request and/or request for service awards.  Experience suggests
16 that there will be class member objections, and that those objections tend to be filed close to or on
17 the deadline date contained in the Notice.  Accordingly, if that happens here, the current schedule
18 would give the Special Master only 11 days in which to evaluate the objections and draft that
19 portion of his report and recommendations advising the Court whether the objections should be
20 accepted or over-ruled.  In addition, the schedule in the class notice sets October 23, 2015, as the
21 date for plaintiffs' counsel to file their brief in support of final approval of the settlement, which is
22 the document in which they respond to any objectors.  Under the proposed schedule, that date is
23 four days *after* the Special Master would need to have filed his report and recommendations on the
24 objections, which would deprive him of the benefit of plaintiffs' counsels' responses to the
25 objections.

26 The revised schedule proposed herein is designed to allow the Special Master to have as
27 much as 22 days within which to evaluate any objections, and time to consider plaintiffs'

28 REQUEST FOR MODIFICATION OF SCHEDULE      - 2 -            Master File No. 3:07-cv-5944 SC
IN PROPOSED ORDER, PARAGRAPH 5.a., FOR                                        MDL 1917
ACTION ON SPECIAL MASTER'S REPORTS
AND RECOMMENDATIONS

counsels' responses thereto, before filing his report and recommendations with regard to the fairness and adequacy of the settlements, and fair and reasonable aggregate attorney's fee and service awards.  By shortening the periods for objections and motions going to the report and recommendations to seven (7) days, and the period for oppositions to five (5) days, the Special Master will be able to file his report and recommendations as late as October 30, 2015, seven (7) days after plaintiffs' brief is due, and still have these matters come on for resolution at the November 13 Fairness Hearing.  Accordingly, the undersigned propose that the following changes be made in the Proposed Order:

- Paragraph 5.a., page 7, line 4:  Change the number "14" to "7."
- Paragraph 5.a., page 7, line 8:  Change the number "7" to "5."
- Paragraph 5.a., page 7, line 9:  At end of the sentence, add the words, "but in no event less than 3 days before the Fairness Hearing."

Alternatively, the Fairness Hearing could be continued from November 13 to a date that would better accommodate the Special Master's work, and could provide that objections and/or motions directed to his report and recommendations could be heard either on the fourteen (14) and seven (7) day schedule in the Proposed Order, or even on the longer schedule contained in Fed. R. Civ. P., Rule 53.  Since absent class members have been notified of the November 13 Fairness Hearing, to continue the hearing, the Court would have to take the bench on that day and either announce the continued date, or hear argument on the objections, and then continue the hearing to a time when the Special Master's report and recommendations would be available.  The undersigned respectfully suggest that before making a decision in this regard, the Court may want to solicit the Special Master's views on the time required to conclude his work on the settlement approval, aggregate fee and costs, and service award issues.

As noted above, the Proposed Order also refers to the Special Master the apportionment of the Court's award of an aggregate fee among plaintiffs' counsel -- an issue that does not affect absent class members' interests, and is not a subject that must necessarily be considered at the

Fairness Hearing. The undersigned submit that it is probably not feasible nor advisable for the Special Master to make recommendations regarding the division of an aggregate fee before the Fairness Hearing on November 13, 2015, and intend to suggest to the Special Master that he put this issue on a separate track to be considered after this Court makes a determination of the aggregate attorney's fee award. As it is, the Special Master will have very little time after his appointment within which to render reports and recommendations on the issues that affect class members' interests and therefore must be covered at the Fairness Hearing. Further, the amount of the aggregate fee available for division among counsel may well be a factor that the Special Master will want to consider as relevant to the allocation process.[2]

Dated: September 17, 2015             Respectfully submitted,

   /s/ Josef D. Cooper
       Josef D. Cooper

Josef D. Cooper (CA SB No. 53015)
Tracy R. Kirkham (CA SB No. 69912)
John D. Bogdanov (CA SB No. 215830)
Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

   /s/ Francis O. Scarpulla
       Francis O. Scarpulla

Francis O. Scarpulla (CA SB No. 41059)
Patrick B. Clayton (CA SB No. 240191)
Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor

---

[2] Although not called out specifically, the use of plurals (i.e., reports) in the Proposed Order appears to authorize the Special Master to file more than one report and recommendation during the course of this referral. Accordingly, it will not be necessary to make any changes to the Proposed Order to accommodate a separate track for his consideration of the division of the aggregate fee award. Additional changes to the Proposed Order may be required if the Court elects to move the Fairness Hearing.

REQUEST FOR MODIFICATION OF SCHEDULE   - 4 -   Master File No. 3:07-cv-5944 SC
IN PROPOSED ORDER, PARAGRAPH 5.a., FOR                                                  MDL 1917
ACTION ON SPECIAL MASTER'S REPORTS
AND RECOMMENDATIONS

1   San Francisco, CA 94104
    Telephone: 415-788-7210
2   Facsimile:  415-788-0706
    fos@scarpullalaw.com
3   pbc@scarpullalaw.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  REQUEST FOR MODIFICATION OF SCHEDULE          - 5 -          Master File No. 3:07-cv-5944 SC
    IN PROPOSED ORDER, PARAGRAPH 5.a., FOR                                            MDL 1917
    ACTION ON SPECIAL MASTER'S REPORTS
    AND RECOMMENDATIONS