Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates to:<br><br>*ViewSonic Corp v Chunghwa Picture Tubes, Ltd, et al, No 14-cv-02510* | MDL No 1917<br><br>Master Case No 3:07-cv-05944SC<br><br>**DEFENDANTS' MOTION TO COMPEL VIEWSONIC PERCIPIENT WITNESS DEPOSITIONS** |

Defendants move to compel depositions of two ViewSonic percipient witnesses: Bonny Cheng, ViewSonic's Rule 30(b)(6) witness and James Chu, its CEO, to address ViewSonic's purchasing practices, prices paid to obtain CRT monitors, discounts received, the location and outcome of ViewSonic's negotiations, and ViewSonic's corporate structure and legal entities.[1] ViewSonic has refused to produce those witnesses for depositions on the grounds that:  (1) defendants already asked questions of Bonny Cheng as a percipient witness during her Rule 30(b)(6) deposition and it would be extremely burdensome to require her to take a week off from her corporate responsibilities to travel from Asia to prepare for and provide a second, cumulative deposition and (2) James Chu does not possess unique, first-hand knowledge relevant to this case and defendants have not exhausted other less intrusive methods of obtaining such information.

## I.

On October 9, 2014, defendants deposed Bonny Cheng as ViewSonic's Rule 30(b)(6) witness.  It appears undisputed that ViewSonic did not disclose her identity as its Rule 30(b)(6) witness until the morning of the deposition.

On October 15, 2014, defendants requested depositions of eight percipient witnesses, including Bonny Cheng and James Chu, to testify about ViewSonic's purchasing practices.  Ex 2, Van Horn Dec (10/15/14 Van Horn Letter to Heaven (ViewSonic's counsel)).

On November 6-7, 2014, defendants deposed two ViewSonic witnesses – Bodil Chen-Kao and Rose Yang.  According to defendants, "[f]or the most part, these witnesses disclaimed knowledge of the purchasing practices of ViewSonic during the relevant period."

---

[1] This motion was originally filed by counsel for the Mitsubishi Defendants (11/18/14 Defendants' Motion).  But since the Mitsubishi Defendants have settled with ViewSonic (ECF No 3856), other defendants, e g, Chunghwa Picture Tubes, Ltd, Chunghwa Picture Tubes (Malaysia) Sdn Bhd and LG Electronics, Inc, are proceeding with this motion.  *See* 5/8/15 Chunghwa Letter and ECF No 4054 filed 9/11/15 (Order adopting Special Master's Report & Recommendations re Coordination of Discovery Motions, ordering that non-settling parties may proceed with settling parties' discovery motions).

Defendants' Motion at 2.  But the parties' submissions indicate that some relevant testimony was obtained from Rose Yang.  *See* Ex 9 at 3, Heaven Dec.

On October 22, 2014, ViewSonic refused to make Bonny Cheng available as a percipient witness because she had already served as the corporate representative for the Rule 30(b)(6) deposition during which time she had been asked questions in her personal capacity. Ex 3, Van Horn Dec in support of defendants' motion (10/22/14 Heaven Letter to Van Horn). ViewSonic also refused to make James Chu, ViewSonic's CEO, available for deposition because he is the CEO, the apex deposition rules apply and he had no first-hand information that could not be obtained from other witnesses.  *Id; see* Ex 4, Van Horn Dec.

The parties have not been able to resolve this discovery dispute despite meeting and conferring.

II.

### A.  Defendants' Motion to Compel the Deposition of Bonny Cheng as a Percipient Witness

ViewSonic objects to the deposition of Bonny Cheng as a percipient witness on the grounds that she was already deposed as ViewSonic's Rule 30(b)(6) witness and the burden of a second deposition of Bonny Cheng would significantly outweigh the benefits to defendants. ViewSonic contends that it would be exceptionally burdensome for Ms Cheng to travel from Asia to the United States, prepare for yet another deposition and spend an entire week away from her corporate responsibilities.  ViewSonic's Opposition at 9-10.  ViewSonic also asserts that her testimony would be unreasonably cumulative because:  (1) she answered numerous questions already about ViewSonic's procurement practices; (2) ViewSonic produced two CRT monitor procurement agents for deposition, Rose Yang and Bodil Cheng-Kao, whose deposition lasted only 76 minutes and (3) ViewSonic responded to "numerous written discovery requests regarding its purchasing practices and personnel."  ViewSonic's Opposition at 10-11.  ViewSonic

1   also cites to the Discovery Protocol as consistent with limiting discovery.  ViewSonic's

2   Opposition at 10.

3         The undersigned finds that the interests of full and fair discovery weigh in favor

4   of granting defendants' motion to compel the deposition of Bonny Cheng.  The Discovery

5   Protocol contemplates taking depositions of the same witness as both a Rule 30(b)(6) witness

6   as well as a percipient witness.  4/3/12 Order re Discovery and Case Management Protocol at 5,

7   ECF No 1128 ("Discovery Protocol").  Nothing in the Discovery Protocol supports denying

8   defendants' motion to compel the deposition of Bonny Cheng as a fact witness.  Merely

9   because a witness has been deposed as a Rule 30(b)(6) witness does not preclude that person

10  from being deposed a second time as a percipient witness.

11        Defendants would not have been prepared to depose Bonny Cheng as a

12  percipient witness during her Rule 30(b)(6) deposition because ViewSonic did not disclose her

13  identity until the morning of her deposition.  Defendants did not, therefore, have sufficient

14  time to prepare to question Ms Cheng, the person most knowledgeable about ViewSonic's CRT

15  procurement practices during the relevant period, as a percipient witness.

16        Based on the parties' submissions, it does not appear that the deposition of

17  Bonny Cheng as a percipient witness would be cumulative or that the information could be

18  obtained via less burdensome methods because:  (1) Bonny Cheng was the employee with

19  greatest responsibility for, and therefore knowledge of, ViewSonic's procurement practices and

20  negotiations during the relevant period, whereas the two other deponents (Rose Yang and

21  Bodil Chen-Kao) were purchasing agents who reported to her (*see* Ex 5-6, Heaven Dec); (2)

22  defendants did not have the benefit of questioning Bonny Cheng with documents from her

23  custodial files during the Rule 30(b)(6) deposition and (3) ViewSonic's written discovery

24  responses were brief and high-level (Ex 2, Heaven Dec (10/7/14 ViewSonic's Supp Responses

25  and Objections to Mitsubishi Defendants' First Set of Interrogatories)).  Thus, it appears that

26  highly relevant and noncumulative subjects may be covered in the deposition of Bonny Cheng

27  as a percipient witness.

28  ORDER RE DEFENDANTS' MOTION TO COMPEL VIEWSONIC PERCIPIENT WITNESS DEPOSITIONS     PAGE **4** OF 8

ViewSonic's claim of burden associated with producing Bonny Cheng for a second deposition, requiring her to travel from Asia and taking her away from her corporate responsibilities for at least a week, is not persuasive.  ViewSonic is a plaintiff in this complex litigation and depositions of high-ranking, knowledgeable corporate officers residing abroad are to be expected in such cases.  The undersigned finds that the burden of deposing Bonny Cheng as a fact witness would not outweigh the potential benefit of the discovery sought, which may be highly relevant to the merits of ViewSonic's antitrust claims and damages.  For example, ViewSonic's purchasing practices, e g, prices paid for CRT monitors and discounts received from CRT monitor manufacturers are directly relevant to damages.  The location and outcome of ViewSonic's negotiations with CRT monitor manufacturers may establish whether ViewSonic's purchases were foreign or domestic, facts that directly relate to the applicability of the FTAIA (Foreign Trade Antitrust Improvements Act).

As the party opposing discovery, ViewSonic bears the burden of justifying its refusal to produce.  The undersigned finds that ViewSonic has failed to articulate any persuasive basis for denying defendants' motion to compel the deposition of Bonny Cheng as a percipient witness.

### B.  Defendant's Motion to Compel the Deposition of ViewSonic's CEO, James Chu

Defendants seek to depose ViewSonic's founder and CEO, James Chu, on two topics relevant to Defendants' FTAIA arguments:  (1) ViewSonic's practices of shipping CRT monitors it procured into consumer markets (where, when and how) ("product flow") and (2) ViewSonic's overall corporate structure, including its legal entities involved in CRT monitor purchasing, shipping and sales.  Defendants' Reply at 4.

ViewSonic has refused to make James Chu available for deposition, citing the "apex deposition" rules and asserting that James Chu lacks unique, first-hand knowledge of

1    relevant facts and that defendants have failed to exhaust other, less-intrusive means of

2    discovering the information.  *See* ViewSonic's 12/12/14 Opposition at 1-4.

3            A party seeking to prevent a deposition carries a heavy burden to show why the

4    discovery should be denied.  *In re Google Litigation*, 2011 WL 4985279 at *2 (ND Cal 2011).  In

5    determining whether to allow an "apex deposition" of a company CEO, courts consider:  (1)

6    whether the apex deponent possesses unique, first-hand, non-repetitive knowledge of facts at

7    issue in the litigation and (2) whether the party seeking discovery has exhausted other less

8    intrusive discovery methods.  *KCR v County of Los Angeles*, 2014 WL 3434257 at *3 (ND Cal

9    2014).  In *Celerity Inc v Ultra Clean Holding, Inc*, 2007 WL 205067 at *3 (ND Cal 2007), the court

10   granted a protective order precluding the depositions of a party's president and its chairman of

11   the board, finding they possessed no unique knowledge of relevant facts, directing the party

12   seeking discovery to seek the information through less intrusive means such as interrogatories

13   and depositions of lower-level employees and allowing the party to renew its notices of

14   depositions of the president and chairman of the board if the alternative discovery methods

15   proved inadequate.   In *Doble v Mega Life and Health Ins Co*, 2010 WL 1998904 (ND Cal 2011),

16   the court granted a motion for protective order barring the deposition of a party's CEO, despite

17   emails authored by the CEO exhorting employees to resolve the matter, finding that there was

18   no evidence that the CEO possessed any first-hand knowledge of the relevant facts since the

19   high-level emails were essentially managerial and not reflective of the unique personal

20   knowledge required to compel the deposition of a CEO.

21           Having reviewed the parties' submissions, the undersigned finds that James Chu

22   is likely to possess unique, non-repetitive, first-hand information relevant to the issues in this

23   case.  Defendants cite to an email authored by James Chu referring to CRT "cash discounts" that

24   Bonny Cheng, a recipient, was not able to recall during her Rule 30(b)(6) deposition and refused

25   to speculate on the term's meaning as used by the author.  *See* Exs 7 and 11 to ViewSonic's

26   Motion.  ViewSonic argues that defendants failed to ask Rose Yang, also a recipient of the

27   email, any questions about the email or use it as an exhibit, thus showing that defendants failed

28

to exhaust less-intrusive forms of discovery.  But like Bonny Cheng, Rose Yang would not have been able to answer the question what was meant by the term "cash discounts" because the only person who could answer with first-hand knowledge would be the author, James Chu.

Regarding ViewSonic's practices of shipping CRT monitors it procured into consumer markets and ViewSonic's corporate structure and legal entities, in particular which entities purchased and sold CRTs during the relevant period, it is reasonable to expect that the founder and CEO of ViewSonic will possess unique, first-hand knowledge.  As CEO throughout the relevant period, James Chu is responsible for "the overall strategic direction of the company" and should be knowledgeable about which ViewSonic entities purchased or shipped CRT monitors, information that would be highly relevant to ViewSonic's claims in this litigation.

Having reviewed the submitted testimony of ViewSonic's witnesses, the undersigned finds that the testimony excerpts establish that either the witnesses had little interaction with James Chu or that they did not believe that he was familiar with "these kind [sic] of details."  The testimony does not prove that James Chu lacks first-hand, unique knowledge on the topics for which defendants seek his deposition.

Nevertheless, in the interests of ensuring that defendants have exhausted other, less intrusive avenues for discovering such information, the undersigned approves the defendants' suggested approach of staging, by taking the deposition of Bonny Cheng first, and if she or another ViewSonic witness were to provide the needed testimony, then the deposition of James Chu may not be necessary.  *See* Defendants' Reply at 5.

The undersigned finds that James Chu possesses unique, first-hand knowledge of relevant facts in this litigation.  But it is not clear that defendants have exhausted other, less intrusive discovery methods.  If defendants are granted the opportunity to depose Bonny Cheng as a percipient witness, they may obtain sufficient relevant discovery on these issues.  Accordingly, if after the deposition of Bonny Cheng, defendants still have not obtained sufficient discovery on the topics sought from James Chu, they may renew their motion to compel his deposition.  But staging the depositions in this manner incentivizes ViewSonic to

prepare Bonny Cheng to answer the full range of defendants' inquiries and thereby spare

ViewSonic's CEO the necessity of a deposition.


**CONCLUSION**

Defendants' motion is **GRANTED in part.**  ViewSonic shall make Bonny Cheng

available for deposition as a percipient witness no later than October 31, 2015.  Defendants'

motion is **DENIED without prejudice** with respect to the deposition of ViewSonic's CEO, James

Chu.  If after the deposition of Bonny Cheng as a percipient witness, defendants have not been

able to discover sufficient information that they sought from James Chu, defendants may

renew their motion to compel his deposition.


IT IS SO ORDERED.


Date:   September 18, 2015

_____
Vaughn R Walker
United States District Judge (Ret)


The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____


_____
Honorable Samuel Conti
United States District Judge


ORDER RE DEFENDANTS' MOTION TO COMPEL VIEWSONIC PERCIPIENT WITNESS DEPOSITIONS        PAGE **8** OF **8**