# EXHIBIT 1

# EXHIBIT 1

# BONSIGNORE TRIAL LAWYERS, PLLC

**TRIAL LAWYERS**
www.classactions.us

**BONSIGNORE TRAL LAWYERS, PLLC (BTL")** are highly successful and experienced trial lawyers who limit their practice to complex litigation, class actions, and cases involving significant economic loss or public policy. The firm concentrates in the practice areas of antitrust, business-to-business wrongs, consumer protection, employment, catastrophic personal injury and Mass Tort litigation.

We have learned through experience that the best way to achieve a favorable settlement is to prepare each case to win at trial. BTL has earned a national and international reputation for its professional integrity, competence and an aggressive approach to case prosecution. BTL is capable of litigating any case in any jurisdiction.

The attorneys for BTL have represented businesses, government, consumers, and unions in federal and state courts across the United States. The Firm and its principal have been appointed to serve in leadership roles in many complex and multi-district actions. For example, Robert Bonsignore was Co-Lead Counsel in MDL 1735, the largest certified wage and hour case in United States history with over 2.5 million class members. Most recently Robert Bonsignore was appointed Lead Counsel in MDL 2566 In re TelexFree Securities Litigation. MDL 2566 advances the rights of over 750,000 class members and involves over a billion dollars of projected loss. It is the largest Pyramid scheme in United States history. In addition, the Firm's briefing team has written precedent setting and other exemplary legal briefs. Over the years, BTL has successfully recovered hundreds of millions of dollars for their clients. In actions where BTL has served as Lead Trial Counsel, the Firm has been involved in jury verdicts that exceeded $350 million. Robert Bonsignore has successfully argued before both Federal courts of appeal and state based Supreme Courts. Bonsignore Trial Lawyers PLLC represents clients on a national and international level. We have provided legal advise to individual consumers, sole proprietors, partnerships, unions and multi national corporations. Representative clients include national and international manufacturers, sales, service or repair specialists, health care providers financial institutions, and government.

## REPRESENTATIVE CASES BY AREA OF PRACTICE

**Antitrust Protection of Businesses**

*In re: Automotive Parts Antitrust Litigation (MDL 2311) (USDC Eastern District of Michigan Southern Division)* - BTL filed among the first 4 cases in what is anticipated to be the largest private antitrust case in United States history on behalf of an American based wire harness manufacturer headquartered in Virginia. In the originally filed complaint, Plaintiffs allege that

the Defendants foreign suppliers engaged in a conspiracy over a 10-year period to illegally increase the price of "Wire Harness Systems Products," which include wire harnesses, electrical wiring, lead wire assemblies, cable bond, wiring connectors, wiring terminals, electronic control units, fuse boxes, relay boxes, junction blocks, and power distributors. Notably, in a separate governmental investigation, two of the named defendants, Furukawa Electric Co., Ltd. and Yazaki Corporation, as well as some of their executives, pleaded guilty for their involvement in the conspiracy and agreed to pay nearly $700 million in criminal fines and serve prison sentences. Other guilty pleas have been entered as to other automotive parts. Since that time the number of parts involved in the litigation has increased with an additional 200 plus automotive parts anticipated to be added to the list. Other products include but are not limited to: Wire harness products, Anti-lock brake products; Catalytic converter products: Alternators, starters, ignition parts, and electronics products; Occupant safety system products; Panel products; and more. This action is actively being litigated.

***In Re: Pre-Filled Propane Tank Antitrust Litigation (MDL 2567) USDC (Western District of Missouri)*** BTL filed a class action on behalf of a Michigan chain store seeking to represent all business in the United States who purchased certain propane tanks from Blue Rhino and AmeriGas. The complaint alleged that the two largest suppliers of filled propane tanks, Blue Rhino$_8$ and AmeriGas conspired to reduce the amount of propane they put in their tanks and thereby raise the per-pound price of propane in violation of federal and state antitrust laws. Plaintiffs claim that no later than Spring 2008 and continuing through at least 2010, Blue Rhino and AmeriGas conspired to fill propane tanks with only 15 pounds of propane but to continue to charge the same price they had previously charged for tanks containing 17 pounds of propane. Defendants regularly communicating to ensure that both companies maintained the agreed-upon prices and fill levels of propane tanks. In May of this 2013, the U.S. Federal Trade Commission issued a complaint against the Defendants alleging substantially the same conspiracy alleged by Bonsignore PLLC. Shortly thereafter, a group of consumers who purchased filled propane tanks from retailers filed. This cause is being litigated.

***Darbar Cusine, Inc. v Chef's Choice Mesquite Charcoal, Lazzari Fuel Company LLC, California Charcoal and Firewood, Inc., (USDC Northern District of California* 3:13-CV-05331 JSC)** - After a year long investigation, BTL filed a related class action complaint in the Northern District of California on behalf of all businesses in the United States who purchased bulk lump mesquite charcoal directly from the Defendants. The Plaintiffs' allege the Defendants engaged in unlawful combination and conspiracy to fix, raise, maintain and/or stabilize the prices of mesquite charcoal sold directly by the Defendants and their affiliates during the period from approximately January 1, 2000 through at least September 30, 2010 (the "Class Period"). That matter has a pending settlement.

***In Re: Target Corporation Customer Data Security Breach Litigation, (MDL 2522) (USDC District of Minnesota -*** BTL represents a financial institution in claims related to the major security breach at Target stores that began on or around Nov. 27, just before "Black Friday," and continued through at least Dec. 15, which allowed hackers access to customers' credit and debit

2

card information. As a result of Target's Data Breach, the personal information of approximately 70 million individuals and the confidential financial information of approximately 40 million credit and debit card accounts was accessed by hackers.  *See* Target Now Says 70 Million People Hit in Data Breach, The Wall Street Journal, Jan. 10, 2014. Target's wrongful conduct caused banks and credit unions to incur ascertainable economic loss and the class action lawsuit seeks compensation for financial losses associated with the cost of customer fraud loss reimbursements, the cost of credit and debit card cancellations and re-issuances, lost interest, the administrative expenses associated with preventing fraud, the ascertainable administrative expenses associated with customer inquiries, and the economic cost of fraudulent transactions. This cause is being litigated.

*In re: Batteries (MDL 2420) (USDC Northern District of California)* - BTL filed the second case nationally and represents direct purchasers of Lithium Ion Batteries.  The complaint alleges that several of the largest lithium-Ion Battery producers, including LG Chem, Ltd. (KSE: 051910.KS), Panasonic Corporation (NYSE: PC), Sanyo Corporation (TAI: 1614.TW), Sony Corp. (NYSE: SNE), Samsung SDI (KSE: 006405.KS), Hitachi, Ltd. (OTC: HTHIY) and Maxell Corporation of America collectively controlled between 60 to 90 percent of the market for lithium-ion batteries between 2000 and 2011unlawfully conspired to fix and artificially increase the price of the batteries, inflating the cost of notebooks and other portable computers paid by consumers. The complaint also alleges that battery prices fell by nearly 50 percent when several Korean companies entered the market in the early 2000s and that, in response, the Japanese companies who had long controlled the market entered into an illegal price-fixing agreement, resulting in a stabilization of prices that lasted until 2008. In 2008, the lawsuit claims that the defendants received notice that they were being investigated for price-fixing activities by both American and European regulators. Almost immediately after the investigations were disclosed, prices began to fall again, about 10 percent in three months. This cause is actively being litigated.

*In re: Aluminum Warehousing Antitrust Litigation (MDL 2481) (USDC Northern District of New York)* - BTL represents direct purchasers of primary aluminum ("Aluminum") on the spot market in the United States from February 1, 2010 through the present at prices linked to or explicitly incorporating London Metal Exchange prices, including the Platts MW US Transaction Premium price and the Platts MW US net-cash premium (the "Midwest Premium"), The litigation is advanced under the antitrust laws of the United States. More specifically, Plaintiffs allege that the Defendants engaged in an unlawful conspiracy for the purposes of restricting the supply of aluminum and thereby increasing the price of aluminum sold both on the LME and in the spot market. This cause is actively being litigated.

*In re: Zinc Antitrust Litigation) (USDC Northern District of New York)* - BTL filed the first in the nation antitrust class action on behalf of direct purchasers of zinc ("Zinc"). The complaint alleges that direct purchasers and those who incurred storage fees at one of the defendants warehouses paid substantially more for physical lead and/or zinc ("Zinc") than they otherwise

would have since September 15, 2010, due to a conspiracy between major bankers, metals warehousing companies, commodities trading companies, metals trading companies and the company that oversees global metals trading – the London Metal Exchange. This cause is being litigated.

*Dale Bozzio v. EMI Group Limited et al (USDC Northern District of California Oakland Division and Ninth Circuit Court of Appeals #13-15685)* - BTL filed a lawsuit in the Northern District of California, that arises from the widespread and systematic breach of recording contracts involving legacy musicians. The complaint was brought on behalf of a nationwide class for breach of contract and statutory violations of California law against Defendants EMI Group Limited; Capitol Records, LLC; EMI North America, LLC; EMI Recorded Music; and EMI Marketing (collectively referred to herein as "EMI").The complaint alleges that EMI's failure to properly account for and pay its recording artists and music producers for income it has received, and continues to receive, from the licensees of its recorded music catalog for the sale of digital downloads, ringtones and streaming music (collectively, "digital content"). The Standard EMI Recording Agreement typically sets forth payments to EMI's recording artists and producers for licensing of masters at 50% of the receipts of EMI, rather than a lesser percentage (typically 12% to 20%) as a royalty paid to the artist or producer based on the price of each unit sold. The Ninth Circuit has held, in an analogous action against another major record label that royalties for digital downloads and ringtones should be paid pursuant to the amounts agreed to for a "license" and not at the lower rate of a "sale Record labels are paying these musicians a fraction of what they are owed when digital versions of their songs are streamed, downloaded, or installed on phones as ringtones. The USDC dismissed the action as to Bozzio on the basis of standing and an appeal is being actively litigated. BTL is co-author of the appellate briefing and will present oral argument. Settlement of this cause is pending.

*In re: After Market Filters Antitrust Litigation (MDL 1957) (USDC Northern District of Illinois)* – BTL represented a direct purchasers of replacement automobile air and oil filters in this nationwide, anti trust price fixing case. This cause has been settled.

*In re: Optical Disc Drive Litigation (MDL 2143) (USDC Northern District of California)* - BTL represented direct purchasers in an antitrust action challenging the price fixing of optical disc drive in this international antitrust price fixing case. This action is actively being litigated.

*In re: Employee Benefit Insurance Brokerage Litigation* **(MDL 1663)** **(***USDC New Jersey***)** – BTL filed one of the first bid-rigging class actions in the country on behalf of a large upstate New York employer and major plastics manufacturer. The lawsuit alleged that insurance companies and brokers conspired with one another to allocate customers and markets and initiated kickbacks ("contingent commissions") with certain insurance companies.  Using the kickback agreements to obtain inflated or false price quotes that they used to steer their customers into purchasing higher priced insurance policies issued by the insurance companies that paid the brokers the highest kickbacks.  Bonsignore, LLC serves as Class Counsel and has been assigned to the Discovery and Class Certification Committees in the multi-district action

pending in New Jersey. Robert J. Bonsignore was responsible for taking numerous depositions of the defendants corporate officers and other firm members carried out numerous massive document review projects. The Class Plaintiffs have settled with the Zurich, Gallagher and Marsh Defendant groups for an aggregate amount in excess of $218 million. This cause has been settled.

***In re: Cement Antitrust Litigation 1:05 cv 979 (USDC Southern District of Indiana)*** **–** BTL represented a direct purchaser (business) in an antitrust action challenging the price fixing of cement in the mid west United States.  The Firm served as Class Counsel in the multi-district litigation that settled for more than $24 million in the United States District Court for the District of Indiana. This cause has been settled.

***SKYVA International v. ABB (Privately Settled)*** **-** Complex matter involving arbitration, mediation, litigation and negotiation of multiple disputes revolving around a $600 million contract and related business relationships and pending relationships with and between Microsoft, IBM, Adjenture, ABB and SKYVA.  Choice of law issues involving this product technology included Swiss, New York, Delaware and Massachusetts' law. This cause has been settled.

***In Re: Polyester Staple Antitrust Litigation (MDL 1516)*** (***USDC North Carolina***) **–** BTL filed one of the first direct purchaser (business) cases in the country representing Malden Mills a major textile manufacturing firm.  The firm represented direct purchasers of Polyester Staple in a case alleging a single, nationwide conspiracy among defendants to fix, raise, maintain and/or stabilize the price of, and/or allocate markets and customers for, Polyester Staple in the United States in violation of Section 1 of the Sherman Act, 15 U.S. C. § 1. The claims brought on behalf of Plaintiffs further alleged that, as a result of the unlawful conspiracy, they and other purchasers of Polyester Staple paid more for Polyester Staple than they would have paid absent the conspiracy. Defendants named in the Complaints included Wellman, Inc., Nan Ya Plastics Corporation; Nan Ya Plastics Corporation, America; E.I. DuPont de Nemours and Company, DAK Americas LLC; DAK Fibers LLC.; Arteva Specialties LLC d/b/a KoSa and now named INVISTA S.ar.l.; Arteva Specialties S.ar.l.; and Koch Industries. By Order dated April 22, 2003, the Judicial Panel on Multidistrict litigation centralized the Polyester Staple Antitrust Litigation in the United States District Court for the Western District of North Carolina for coordinated and consolidated pretrial proceedings. On May 20, 2004, the court granted final approval of a $17,150,000 settlement with the DAK defendants. In addition to the settlement amount paid by the DAK Defendants, the Settlement Agreement required these defendants to cooperate with Plaintiffs in connection with their prosecution of claims in this action against the other defendants. On October 5, 2005, the court preliminarily approved settlements with two other defendants, Wellman and Nan Ya, with $6,800,000 being paid to the Class from Wellman and $4,000,000 from Nan Ya. The court held a Fairness Hearing on December 15, 2005. Subsequently, the court granted Plaintiffs' motion for final approval of these settlements and distributions were made to Class members at the end of 2006. On June 24, 2008, the court granted final approval of a $33,000,000 settlement with the Arteva defendants d/b/a KoSa.

**Exemplar Antitrust, Securities & Consumer Protection Litigation**

*In re Contact Lens (MDL 2626) (USDC Middle District of Florida)* - BTL co-filed a class action lawsuit on behalf its clients in Arizona, Arkansas, California, District of Columbia, Hawaii, Illinois, Iowa, Maine, Michigan, Montana, New Hampshire, New Mexico, New York, North Carolina, North Dakota, South Dakota, and West Virginia. The complaint alleges a conspiracy among four manufacturers of Contact Lenses and the largest distributor of Contact Lenses in the United States (CooperVision, Inc. ("CooperVision"), Alcon Laboratories, Inc. ("Alcon"), Bausch & Lomb Incorporated ("B+L"), and Johnson & Johnson Vision Care, Inc.) to eliminate discounting among retailers of Contact Lenses and to artificially fix, raise, maintain and/or stabilize the prices charged to consumers for Contact Lenses. Plaintiffs allege that they were subject to Price Floor Policies during the period from and including June 1, 2013 through such time as the anticompetitive effects of Defendants' unlawful conduct ceases. As of mid-2014, nearly 40 million Americans wore Contact Lenses and spent $4.2 billion on them annually.[1] The Manufacturer Defendants dominate and collectively control over 97% of the Contact Lens market in the United States. Plaintiffs allege that the Defendant's set a minimum price below which no reseller could advertise or sell a particular line of Contact Lenses. "*Unilateral* Pricing Policies." This cause is being litigated.

*In re Lenovo Adware Litigation (MDL 2624)* BTL co-filed a class action lawsuit on behalf of consumers nationwide pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. §1030, the Federal Wiretap Act 18 U.S.C. §§ 2510 *et seq.*, the Federal Stored Communications Act 18 U.S.C. §§ 2701 *et seq.*, and California statutory and common law. Plaintiffs allege that in September 2014, Chinese technology giant Lenovo began pre-installing malicious surveillance software from a Silicon Valley startup called Superfish on Lenovo personal computers aimed at the consumer market. This software, called VisualDiscovery (Superfish Spyware), activated itself when the computer was first turned on. According to Lenovo, the intention was to improve its users' online experience by generating custom advertising based on the pictures its users were looking at on the web. The pre-installed Superfish Spyware used technology supplied by a company called Komodia to see and analyze images inside what were supposed to be secure, encrypted transactions. To intercept secure traffic and alter websites, Superfish Spyware self-signed fake security certificates and fooled Lenovo users' web browsers. Superfish's cryptography was so bad—it used the same simple password, ―Komodia for all installations—that it allowed computer hackers, criminals, and terrorists to self-certify their own untrustworthy websites and malicious downloads. This cause is being litigated.

*In re TelexFree Securities Litigation (MDL 2566) (USDC District of Massachusetts)* BTL filed among the first cases against TelexFree, its owners, insider promoters, retained professionals and others for violations of the state and federal law including the unregistered sale of securities, fraud, aiding and abetting and violations of the Racketeer Influenced Corrupt Organizations Act. Less than one-half of one percent of TelexFree's total revenue came from sales of TelexFree's VOIP between August 2012 and March 2014. During this same period TelexFree received approximately $1.3 million from the sale of about 26,300 VoIP Programs. During this period, TelexFree promised to pay its Promoters returns of over $1.1 billion – nearly a thousand times the amount of revenue derived from sales of the VoIP Programs. Plaintiffs allege TelexFree was a pryamid scheme. This cause is being litigated.

*In re: Vehicle Carrier Services Antitrust Litigation (MDL 2471)* (*USDC District of New Jersey)* BTL represents indirect purchasers of Vehicle Carrier Services in multiple states including Arkansas, Hawaii, Iowa, Kansas, Mississippi, Nebraska, Nevada, New Hampshire, North Dakota, South Dakota and Vermont. "Vehicle Carriers" transport large numbers of cars, trucks or other automotive vehicles including agriculture and construction equipment (collectively "Vehicles") across large bodies of water using specialized cargo ships known as Roll On/Roll Off vessels ("RoRos"). "Vehicle Carrier Services" refers to the paid ocean transportation of Vehicles by RoRo. The complaint alleges violations of state law in approximately 30 states were a direct result of a conspiracy among certain Vehicle Carriers, between January 1, 2008 and May 24, 2013, to fix, raise, maintain and/or stabilize prices, and allocate the market and customers in the United States for, Vehicle Carrier Services in violation of certain state and federal laws. This cause is being litigated.

*In re: Hyundai and Kia Fuel Economy Litigation* (*MDL 2424)* (*USDC Central District of California)* - Bonsignore LLC filed a putative class-action lawsuit against Hyundai Motor America, Hyundai Motor Company of Korea, Kia Motors America, and Kia Motor Company of Korea because they admitted they overstated the fuel economy for many vehicles they sold in the United States after independent tests by the Environmental Protection Agency (EPA) showed a discrepancy. BTL and others ("Non-Settling Parties") are serving to test the sufficiency of a proposed settlement. Bonsignore LLC was requested and did play a major role in the related litigation advanced by the Non-Settling Parties and as a result the original settlement was greatly improved. Bonsignore LLC supports the current settlement that is pending final approval. The multi- district class action lawsuit filed in the U.S. District Court for the District of Central California was brought on behalf all consumers who own or lease Hyundai and Kia vehicles whose EPA fuel economy ratings were less than the fuel economy rating produced by the applicable federal test in that model's year. Hyundai will lower fuel-consumption estimates on most Hyundai and Kia models produced in 2012 and 2013. It will reportedly lower estimates by as much as five miles-per-gallon for its Kia Soul Eco and by one or two miles-per-gallon for most other models.

*In re: (CRT) Antitrust Litigation (MDL 1917) (USDC Northern District of California)* - BTL filed one of the first indirect purchaser cases in the country and coordinated the filing of 12 other cases. The nationwide action alleges a price fixing conspiracy in the CRT industry. Bonsignore presently represents end use indirect consumers in Nevada and South Dakota. This cause has settled and final approval is pending.

*In re: Publication Paper Antitrust Litigation (M.D.L.1631)* (*USDC Connecticut)* - Robert Bonsignore served as the Court appointed Lead Counsel in MDL 1631 for all indirect end use purchasers. The firm was instrumental in the coordination and prosecution of a number of multi-state indirect purchaser actions. This action focuses on the alleged national and international price fixing of certain types of publication grade paper during certain time periods. Final Approval of a class action settlement against the last remaining Defendants was approved and the litigation is finally resolved.

*In re: Intel Corp. Microprocessor Antitrust Litigation*, **(MDL 1717) (D. Del.)** - BTL represent indirect end use purchasers in a number of states in the multi-district class-action lawsuit. Plaintiffs' claim the microprocessor giant unlawfully maintained a monopoly by engaging in a relentless, worldwide campaign to coerce customers to refrain from dealing with Advanced Micro Devices, Inc. (AMD), another microprocessor manufacturer. Specifically, that Intel forced PC makers and technology partners to boycott its competitors product launches and promotions; forced major customers into exclusive or near-exclusive deals, conditioned rebates, allowances, and market development funding on customers' agreements to severely limit purchases from its competitor AMD; established a system of discriminatory, retroactive, first-dollar rebates triggered by purchases at such high levels that in effect deny customers the freedom to purchase any significant volume of processors; threatened retaliation against customers introducing AMD computer platforms; established and enforced quotas among key retailers effectively requiring them to stock overwhelmingly, if not exclusively, Intel-powered computers, thereby limiting consumer choice; and otherwise unlawfully leveraged its market power by forcing technical standards and products on the industry.

*In re: Massachusetts Smokeless Tobacco Litigation (Massachusetts Superior Court Business Litigation Session)* - Robert Bonsignore was appointed as Co-Lead Counsel by the Chief Justice of the Business Litigation Session for the Commonwealth of Massachusetts. This action was fiercely litigated for 7 years. Notably, this was the first contested indirect purchaser class action in the Commonwealth of Massachusetts to be certified. The action sought economic damages for consumers and alleged that U.S. Smokeless unlawfully created and maintained an unlawful monopoly and artificially inflated prices. The action was also noteworthy because counsels certified a fifteen-year class period by successfully establishing that fraudulent concealment of the bad acts was included in the questioned conduct. The all cash $10.16 million dollar settlement provided the greatest recovery per consumer (consumer class members are eligible to receive up $700 cash) in any price fixing action brought against the manufacturers of moist smokeless tobacco. This cause has been settled.

*In re: California Vitamin Cases* **(San Francisco Superior Court)** – Robert Bonsignore served on the Executive Committee in *In Re: Vitamin Cases* which was settled on behalf of California indirect purchasers. This action advanced antitrust claims against an international cartel of vitamin manufacturers accused of fixing prices and allocating markets in every level of the chain of distribution. In January 2002, the Court granted final approval of a $96 million settlement with certain vitamin manufacturers in a class action alleging that these and other manufacturers engaged in price fixing of particular vitamins. In December 2006, the Court granted final approval to over $8.8 million in additional settlement. This cause has been settled.

*In re: Dynamic Random Access Memory Antitrust Litigation (MDL 1486) (USDC Northern District of California)* – Robert Bonsignore filed one of the first indirect purchaser DRAM cases in the country. Robert Bonsignore was selected to serve as a member of the Executive Committee. Subsequent to filing, Bonsignore, LLC coordinated the consolidation and

8

coordination of like cases in 48 states. The nationwide action alleges a price fixing conspiracy in the DRAM industry. Robert Bonsignore was appointed by the USDC to serve as interim lead counsel of a related putative class, later absorbed into MDL 1486. This cause has been settled.

*In re: Chocolate Antitrust Litigation (MDL 1935)* (**USDC Middle District of Pennsylvania**) - BTL represented indirect end use purchaser of chocolate in 14 of 29 states involved in the litigation. The action alleges an international price fixing conspiracy in the Chocolate industry. Robert J. Bonsignore was responsible for taking numerous depositions of the defendant's corporate officers, corporate document discovery, and was designated to serve as the discovery liaison with the largest purchaser of chocolate in the United States. Mr. Bonsignore also served on the 5-person Plaintiffs' Settlement Negotiation team and the expert witness and class certifications teams.  Other firm members carried out numerous massive document review projects.

*In re: Apple Shareholders Derivative Litigation*- BTL filed among the first 3 shareholder lawsuits against Apple. The complaint alleges Apple entered into illegal non solicitation agreements with high level executives at other companies including Google and Intel and asserts violations of §§10(b) and 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78n(a) as well as California law. These agreements provided that Apple and other companies would not recruit each other's employees. Accordingly, they regulated the competition for talent and suppressed job mobility. *Bloomberg Businessweek* reported "Silicon Valley's vast wealth and warped sense of entitlement led to an audacious conspiracy to suppress salaries." As a result shareholders suffered significant ascertainable economic loss.

*In re: Neurontin Marketing Litigation (MDL) (USDC District of Massachusetts)* **–** BTL filed a consumer protection class action alleging that the manufacturers of Neurontin falsely represented that the drug was effective for conditions that completely lacked any scientific support and validity.  Plaintiffs pointed to internal documents comparing this unfair and deceptive marketing plan to the sale of "snake oil." Plaintiffs further offered proof that the manufacturers targeted the most vulnerable and defenseless segments of population in our society - the mentally ill, the terminally ill, and those in chronic pain. This cause has been settled.

**Employment**

*In re: Wal-Mart Wage and Hour Practices Litigation (M.D.L. 1735) (USDC District of Nevada and Ninth Circuit Court of Appeals) -* This successfully and finally resolved multi – district class action is the largest certified class in a wage and hour case in United States history. The filing, coordination and prosecution of coordinated proceedings in 39 states were found to have been the brainchild of Robert Bonsignore. Bonsignore first successfully, argued that the litigation should be granted MDL status and coordinated for all pre-trial proceedings. Mr. Bonsignore was then appointed by the court to serve as national Co-Lead Counsel in this Multi District Litigation and fully litigated the action. This action focused on allegations that Wal-Mart systematically failed to pay its hourly employees for all time worked, including supplemental benefits. The action settled for $85 million dollars plus injunctive relief designed to prevent the alleged

violations from occurring again. After the settlement received Finally Approval a law firm that entered the case one-month prior to the execution of the Settlement Agreement purchased an interest in the attorney fees award. (Objector) After the allocation of the attorney fees was arbitrated, the Objector filed an FAA 10 appeal of the Arbitration Award. The District Court rejected that appeal in a lengthy opinion, finding the challenge to be meritless.  The Objector appealed to the Ninth Circuit Court of Appeals. On December 18, 2013, nearly 10 years after the litigation was filed the 9th Circuit Court of Appeals found the appeal to be meritless and affirmed the District Courts ruling. Robert Bonsignore briefed and argued all appeals. Mr. Bonsignore's oral argument before the 9th Circuit Court of Appeals can be heard at http://www.ca9.uscourts.gov/media/view.php?pk_id=0000011351. (Carolyn Burton, et al v. Class Counsel and Party to Arb, et al No.  11-17718) This cause has been settled.

*In re: Wal-Mart Massachusetts Wage and Hour Litigation-* Bonsignore served as Class Counsel in *Salvas v. Wal-Mart Stores, Inc.,* a certified Massachusetts class action of 67,000 hourly employees alleging wage and hour violations against Wal-Mart occurring in the Commonwealth of Massachusetts.  This action is the largest certified employment class in Massachusetts state history.  Notably, rulings and bodies of evidence obtained in this action have been relied upon in other employment litigation around the country. Attorney Robert Bonsignore successfully convinced the Massachusetts Supreme Judicial Court to reverse a trial court decision decertifying the class. The argument, which is the second most watched archived SJC argument, set numerous precedents that have been frequently cited in numerous decisions.  This cause has been settled.

*In re: Federal Express (MDL 1700) (Northern District of Indiana) –* Bonsignore represented misclassified employees of Federal Express in South Dakota and Colorado. The action seeks to reclassify route drivers as employees and to obtain back compensation for the economic loss suffered by the drivers during the period they were misclassified. The litigation is pending with certification granted in part and denied in part. Attorney Generals in a number of states requested Fed Ex on July 1, 2009 to properly classify their drivers.

**Exemplar Products Liability & Mass Tort Cases**

*In re: Zofran (Ondansetron) Products Liability Litigation - (MDL 2657) (Pending) –* BTL filed the second Zofran related civil action in the country and has subsequently filed others. Zofran is a powerful drug developed by GSK to treat only those patients who were afflicted with the most severe nausea, for example nausea associated with cancer treatment such as radiation or chemotherapy. The U.S. Food and Drug Administration ("FDA") approved Zofran in 1991 for use in cancer patients who required chemotherapy or radiation therapy.  Although the only FDA approval for this drug was for seriously ill, badly suffering cancer patients, GSK marketed Zofran "off label" as a safe and effective treatment for the very common side effect of a normal pregnancy:  pregnancy-related nausea and vomiting ("Morning Sickness"). Plaintiffs allege that the use of Zofran by women who are pregnant increases the risk of birth defects and that prior to marketing Zofran as an off label treatment for Morning Sickness between 1991 and 2011, GSK had the duty at all times to eliminate, minimize or warn of the risk of birth defects. This cause is

being actively litigated.

***In re: Silicone Gel Breast Implant Product Liability Litigation (MDL 926) (USDC Northern District of Alabama and USDC Eastern District of Michigan)*** – Bonsignore represented over 400 pre-1991 recipients of saline and silicone breast implants. During the multi-district litigation, Bonsignore, LLC served as Co-Counsel and on the Discovery Committee.  Robert Bonsignore was part of the discovery team. A $2.35 billion fund was created in one of the largest class action settlements in U.S. history.  This cause has been settled.

***In re: Mercury Vaccine Litigation*** – Bonsignore filed several of the first consumer protection class action cases in the country alleging that the toxic levels of mercury coupled with the increased number of vaccinations poisoned infants and directly caused their learning disabilities and autism. The action sought medical monitoring, a public release of related studies and data that could be used in diagnosis and treatment, and to reimburse the families as well as local and federal government for the staggering costs associated with the treatment of the affected children.  The Firm helped spearhead a collective group of North America's best trial lawyers and significantly contributed to this national litigation.  Bonsignore, LLC served on the Executive, Science, Expert, Class Certification, State Coordination and Discovery Committees. The related claims gained no traction because the science relied upon were compromised when a researcher exaggerated his findings. The sudden and continuing spike in the rate of autism remains stunning and unexplained.

***In re: Rezulin Products Liability* Litigation (MDL 1348)** *(USDC Southern District of New York)* - Bonsignore filed one of the first wrongful death, liver failure and consumer protection class action cases in the country.  The action alleged that the makers of the diabetes drug did not adequately test its safety and efficacy prior to mass marketing it to consumers. On March 21, 2000, per the FDA's request, Warner-Lambert finally issued the Rezulin recall after its controversial run on the U.S. market. Robert Bonsignore's early aggressive discovery lead to the key admission that Warner Lambert had health department reviewers of the drug on its payroll at the time it was approved. Robert Bonsignore served on the Science, Expert, Class Certification, State Coordination and Discovery Committees in the multi-district action.  In addition, Robert Bonsignore was selected to take critical depositions. Mr. Bonsignore also secured the largest single award in an individual action, obtaining a $3.75 million dollar recovery for his client. This cause has been settled.

***In re: Sulzer Orthopedics, Inc., Hip Prothesis and Knee Prothesis Product Liability Litigation* (MDL 1410)** *(USDC Northern District of Ohio)* - Bonsignore filed one of the first hip failure consumer protection class actions cases in the country.  Bonsignore, LLC took and attended the first depositions obtaining key admissions. The aggressive discovery conducted by Bonsignore, LLC resulted in key admissions by one of its chief worldwide recall investigators.  The multi-district class action alleged that the makers of hip and knee prostheses negligently coated these medical devices with commercial grade motor oil and did not adequately test safety and efficacy prior to mass marketing to consumers. The related products were recalled from the United States market.  A settlement was reached approximating $1 billion. This cause has been settled.

*In re: VIOXX Product Liability Litigation* **(MDL 1657)** *(USDC Eastern District of Louisiana)* Bonsignore, served as class-counsel in the multi-district action concerning VIOXX. The Firm represented patients who claimed that it's manufacturer didn't adequately disclose Vioxx safety data to the U.S. Food and Drug Administration, didn't properly warn doctors and patients of the drug's risks and misrepresented the potential harm in marketing materials and suffered personal injury as a result. A class settlement was reached with Janssen Pharmaceutica, a Johnson & Johnson company, and the creation of a $90 million settlement fund. This cause has been settled.

*In re: Propulsid Product Liability Litigation* **(MDL 1355)** *(USDC Eastern District of Louisiana)* - Bonsignore, served as class-counsel and member of the Discovery Committee in the multi-district action concerning the heartburn drug Propulsid. The Firm represented patients who alleged that Propulsid caused them heart problems. A class settlement was reached with Janssen Pharmaceutica, a Johnson & Johnson company, and the creation of a $90 million settlement fund. This cause has been settled.

*In re: Lead Paint* – Bonsignore represented the City of Providence Rhode Island in an action seeking to have the manufacturers of lead paint pay for its removal and to pay for the costs absorbed by the city for the health care and special education of children who suffered from lead paint poisoning. Most recently Bonsignore served as antitrust advisor to the Chief Counsel for the City of Providence. Legislation Mr. Bonsignore drafted that provided for municipalities and school districts to bring an indirect purchaser antitrust case was signed into law in 2013.

### PRINCIPAL

**ROBERT J. BONSIGNORE**. Mr. Bonsignore began his career in the Office of the District Attorney for Middlesex County, Massachusetts. Since 1990 when he began his own law firm specializing in complex litigation and trial work, he has been lead trial counsel in cases with jury verdicts totaling in excess of $350 million dollars. Mr. Bonsignore has extensive experience in antitrust, consumer protection, complex litigation, class actions, multi-district litigation, Judicial Panel on Multi District Litigation proceedings, and commercial cases. He also has received significant jury verdicts in wrongful death and catastrophic injury cases.

Between 2001 and 2004, Mr. Bonsignore was appointed Lead Counsel in five separate certified class actions by the Chief Justice of the Business Litigation Session for the Commonwealth of Massachusetts advancing claims raised pursuant of Massachusetts General Law 93A. All received Final Approval without appeal. Mr. Bonsignore was also appointed Lead or Co-Lead counsel in four other certified and class actions that received Final Approval. Mr. Bonsignore successfully argued the re-certification of the largest employment class action in Massachusetts' history at the Supreme Judicial Court level. At the trial court level, Mr. Bonsignore presented the oral argument at the first contested consumer indirect purchaser monopolization class action to be certified pursuant to Mass. General Laws Chapter 93A.

In cases pending in United States Federal Courts, Mr. Bonsignore has been appointed national Lead Counsel in 2 cases assigned Multi District Litigation status by the Judicial Panel on Multi-District Litigation. MDL 1631 consolidated all indirect purchaser anti-trust actions filed nationwide addressing price fixing in the Publication Paper Industry. M.D.L 1735 consolidated cases nationwide addressing Wage and Hour violations by Wal-Mart Inc. Both actions in which Mr. Bonsignore was appointed Lead Counsel were settled after being aggressively litigated and received Final Approval.

Mr. Bonsignore has served as a member of the American Antitrust Institute's Board of Directors since 2009. The American Trial Lawyers Association has selected him as a peer reviewed "Top Trial Lawyer" each year since 2007. In 2010 he received the Outstanding Public Service Award from the Ipswich River Foundation. He is a 2010 graduate of the Trial Lawyers College.

Mr. Bonsignore was extensively involved in trial preparation in cases against tobacco manufacturers brought by public entities as well as private attorneys general and was counsel of record for the former Governor of California as well as Orange and Los Angeles counties. Mr. Bonsignore is frequently requested to speak at Continuing Legal Education seminars across the country.  He has lectured on topics ranging from antitrust to consumer advocacy and from trial techniques to ethics.

Mr. Bonsignore has successfully tried to verdict several high profile cases including cases selected by the Association of Trial Lawyers of America (ATLA) as the most outstanding jury verdicts of the year.  Legal publications have featured Mr. Bonsignore's success in first obtaining admissions of payoffs to medical reviewers in the Rezulin litigation.  Mr. Bonsignore's finding of Sulzer's document destruction in the hip replacement litigation was publicized in the United States and Europe.  His work on Sulzer hip litigation also merited a feature story in the European news magazine FACTS, where he was headlined as the "American Killer Lawyer."  Mr. Bonsignore is AV rated by Martindale Hubbell and was awarded Diplomat status by the National College of Advocacy.  He has co-authored a trial techniques treatise, writing on Direct Examination for Lexus/Nexus.

Mr. Bonsignore is a past recipient of the Association of Trial Lawyers of America (ATLA) F. Scott Baldwin Most Outstanding Young Trial Lawyer in America Award that he received in 1997. He also is a seven-time recipient of the prestigious Wiedemann-Wysocki Citation of Excellence Award that is awarded by the trial bar (ATLA) to the most outstanding members of its ranks.  In 1994, he received the Massachusetts Junior Chamber of Commerce Most Outstanding Young Leader Award, and in 1997 he was honored by the Massachusetts Bar Association with the Most Outstanding Young Lawyer Award.  In 2005, Mr. Bonsignore was presented with the Joseph Tonihill award that is recognized as the most prestigious award presented by the Association of Trial Lawyers of America for consumer advocacy. Mr. Bonsignore is a Life Member of the Massachusetts Bar Foundation, National Association of Criminal Defense Lawyers, and the Association of Trial Lawyers of America (ret.) and the Spence Trial Lawyer College Ranch Club.

As a past Chair of the Association of Trial Lawyers of America, Young Lawyers Division, Mr. Bonsignore was credited with creating the practice of appointing one man and one woman representative wherever possible in each representative member state, province or country for the purpose of representing the interests of young lawyers to the bar.  He created and instituted a program promoting local public service by young lawyers.  In recognition of the nature and scope of this undertaking and its continued viability over time, each year, the Association of Trial Lawyers of America Young Lawyers Division, presented the Robert J. Bonsignore Public Service Award to a representative bar group that performs the most outstanding acts of public service.

Mr. Bonsignore previously served on the Boards of the non-profit Trial Lawyers for Public Justice and is a national officer for the Civil Justice Foundation.   Mr. Bonsignore is a life member of the National Conference of Bar Presidents of the American Bar Association and has served on the Articles and Bylaws Committee since 1999.  Mr. Bonsignore has previously served as a Consumer Advisory Commissioner for the Office of the Attorney General for the Commonwealth of Massachusetts and as an Assistant District Attorney for Middlesex County. Forbes Sky Radio as one of America's Best Lawyers selected Mr. Bonsignore.

Mr. Bonsignore is frequently called upon to serve as counsel in team approach litigation because of his decade long experience and proven track record in Multi District Litigation. After establishing himself as a trial lawyer and working cooperatively in the Breast Implant litigation in 2000, Mr. Bonsignore was selected as the firm representative of Robinson, Calcagnie & Robinson to the "megafirm" of Herman, Middleton, Casey, Kitchens & Robinson (HMCKR). HMCKR formally brought together nationally top-ranked law firms to jointly prosecute MDL actions (multi-district class actions) and other complex litigation involving antitrust, unfair competition, and pharmaceutical matters. Other mega-firm members selected Mr. Bonsignore based on his skill, experience, work ethic accomplishment, and demonstrated ability to work cooperatively with co-counsel and opposing counsel on a multitude of projects.
Most recently Mr. Bonsignore served as lead counsel in MDL 1735, the largest WH class certified in United States history and MDL 1631, an international antitrust matter. Both are finally resolved. Mr. Bonsignore previously selected to serve as lead counsel in over a dozen multi party class actions against including those against Smokeless Tobacco. Mr. Bonsignore was behind or an integral part of the prosecution of many other class actions.

**The Curriculum Vitae of each lawyer in the Firm is available upon request.1 All inquiries should be directed to:**

---

1 **DISCLAIMER State Practice Advertising Restrictions & Disclaimers**

All states and jurisdictions have statutes that make it unlawful for any person or group of persons to hold themselves out as attorneys unless admitted and licensed to practice as an attorney at law.  In some jurisdictions this site may be considered advertising.  The material in this CV does not constitute a solicitation in any state where the Firm's attorneys are not admitted and licensed to practice.  The hiring of an attorney is an important decision that should neither be based solely upon written information about our qualifications and experience nor

14

**Robert J. Bonsignore**
**Bonsignore Trial Lawyers, PLLC**
**193 Plummer Hill Road**
**Belmont, NH  03220**
**Telephone:  781-856-7650**
**E-mail:  rbonsignore@classactions.us**

---

solely upon advertisements.

The materials on this site are provided for informational purposes only, do not constitute legal advice, do not necessarily reflect the opinions of **Bonsignore Trial Lawyers, PLLC**, or any of its attorneys or clients, and are not guaranteed to be correct, complete, or up to date.  This CV is not intended to create an attorney-client relationship between you and **Bonsignore Trial Lawyers, PLLC** or any of its attorneys, and you should not act or rely on any information in this site without seeking the advice of an attorney.

Our attorneys litigate in federal district courts throughout the United States.  Our attorneys may also litigate in state courts where they are licensed to practice.  We currently have attorneys licensed to practice in the following states: Hawaii, Massachusetts, Pennsylvania, Nevada and New Hampshire.

If you communicate with us in connection with a matter for which we do not already represent you, your communication may not be treated as privileged or confidential and does not create an attorney-client relationship between you and **Bonsignore Trial Lawyers, PLLC**.  If you communicate with us by e-mail in connection with a matter for which we already represent you, please remember that Internet e-mail is not secure and you should avoid sending sensitive or confidential Internet e-mail messages unless they are adequately encrypted.

To the extent the State Bar Rules in your jurisdiction require us to designate a principal office and/or single attorney responsible for this site, **Bonsignore Trial Lawyers, PLLC** designates its principal offices as Belmont New Hampshire, and designates Robert J. Bonsignore as the attorney responsible for communications.