# Exhibit 3

CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JUDITH A. ZAHID (215418)
QIANWEI FU (242669)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile:  (415) 693-0770
ccorbitt@zelle.com
cmicheletti@zelle.com
jzahid@zelle.com
qfu@zelle.com

*Counsel for Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**<br><br>Judge:  Honorable Samuel Conti<br>Courtroom One, 17th Floor |

I, Christopher T. Micheletti, declare as follows:

1.      I am an attorney licensed to practice before the courts of the State of California, the United States District Courts for the Northern and Central Districts of California, and the United States Courts of Appeal for the Sixth, Seventh and Ninth Circuits.  I am a partner in the law firm Zelle Hofmann Voelbel & Mason LLP ("Zelle").  I make this declaration based upon my own personal knowledge, based upon a review of the time, expense and other records of Zelle, and based upon a review of the docket, pleading and other filings in this matter.  I make this declaration in support of indirect purchaser plaintiffs' attorneys' and my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

2.      My firm is counsel of record in this case, and represents court-appointed class representative plaintiff Kerry Lee Hall, as well as named plaintiffs Michael Juetten and Chad Klebs.  Attached hereto as Exhibit 1, and incorporated herein by this reference, is a true and correct copy of the firm resume for Zelle, setting forth the experience of Zelle and various firm attorneys who worked on this matter.

3.      Throughout the course of this litigation, my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred, and transmitted those reports on a regular basis to Lead Counsel.  All of the time and expenses reported by my firm were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

4.      During the course of this litigation, my firm has been involved in extensive tasks and activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead Counsel, necessitated by work assigned and/or approved by Lead Counsel, and/or required by the Court and/or Special Master.

5.      In terms of an overview, Zelle's roles in this litigation included advising and assisting Lead Counsel, from the outset of the case through 2015, with the overall case strategy and direction; major responsibilities for electronic or E-discovery, including discovery-related protocols and database processes; supervision and pursuit of defendant and third party

transactional data and related discovery; primary responsibility, with Lead Counsel, for virtually all aspects of the class certification proceedings in this matter, including expert work, briefing and oral argument; taking numerous Rule 30(b)(6) and fact/merits depositions of a major defendant group; primary responsibility, with Lead Counsel, for all the expert work in the case, including IPPs' and defendants' class certification reports, merits reports and expert discovery; and, significant roles in preparation for trial. While the paragraphs that follow describe Zelle's work in more detail, the following is a summary only, and does not describe all tasks performed by Zelle in the successful prosecution of this matter.

## 2007

### Fact Investigation, Complaints and JPML Transfer

6.      In November 2007, Zelle commenced investigating potential claims against the defendant-makers of Cathode Ray Tubes ("CRTs"). At that time, Zelle began researching the CRT industry, investigating alleged illegal antitrust conduct by several of the leading CRT manufacturers, evaluating related actions filed in other courts, and conferring with its clients regarding potential claims. On December 10, 2007, Zelle filed an indirect purchaser complaint in this district, *Michael Juetten and Chad Klebs v. Chunghwa Picture Tubes, Ltd., et al*., Civil No. 07-cv-6225. Zelle thereafter took steps to relate this case to others on file, commenced service of process on various defendants, and continued to investigate the defendants and claims on behalf of clients in various states.

7.      In late 2007, a motion was filed with the Judicial Panel on Multidistrict Litigation ("JPML") for the transfer and consolidation of this and all related actions to the United States District Court for the Northern District of California. Zelle participated in those proceedings, submitting papers advocating transfer and consolidation before this Court. On January 29, 2008, a hearing was held before the JPML in Phoenix, Arizona, at which Zelle appeared. On February 15, 2008, the JPML entered an order consolidating and transferring similar cases to this Court, and in the ensuing weeks, multiple IPP cases filed throughout the country were transferred to and/or consolidated before this Court.

## 2008

### Service of Process, Case Management and Appointment of Lead Counsel

8.      In and around March 2008, Zelle prepared papers and worked on accomplishing service of process of its clients' Complaint on domestic defendants, as well as through the Hague Convention and Letters Rogatory for the foreign defendants.  Zelle also filed additional complaints with other plaintiffs' counsel on behalf of new indirect purchaser plaintiffs located in other states (*e.g.*, William and Margo Stack), and a related motion to relate that case to this matter.  In this time frame, Zelle continued to investigate the case, met and conferred with other IPP co-counsel regarding leadership and organizational matters, and prepared and filed papers relating to the appointment of interim co-lead counsel.  Zelle also took the lead on meeting and conferring with other IPP counsel regarding the preparation of a case management statement requested by the Court, prepared same and filed same in late March 2008.  Zelle prepared for, attended and participated in the status conference held on April 4, 2008, as well as a further hearing on May 9, 2008, pertaining to appointment of lead counsel.

### Consultation On Case Prosecution and Strategies

9.      Following the appointment of Mario Alioto of Trump, Alioto, Trump & Prescott, LLP ("Lead Counsel") as interim lead counsel for the indirect purchaser class in May 2008, Zelle worked extensively and productively with Lead Counsel from May 2008 through March 2015 in the prosecution of this case.  Zelle, as one of the co-lead counsel in the similar case, *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, MDL No. 1827 (the "*LCDs Case*"), possessed extensive and unique experience and valuable strategic insights that would prove highly beneficial to the IPP classes and case prosecution, from the case inception to final resolution.  As a result, from May 2008 to March 2015, Lead Counsel repeatedly and extensively conferred with Zelle regarding Zelle experiences and successful strategies employed in the *LCDs Case* and other indirect purchaser cases involving electronic component price-fixing claims.  In addition, Zelle recommended and, with Lead Counsel's authorization, retained Janet Netz ("Netz") of applEcon, the IPP expert whose work was instrumental in class certification and preparation of damage

studies for trial in this case.  Zelle also executed the retention agreement with applEcon—a significant commitment at an early stage of the case, given the millions of dollars of expert costs typically incurred in indirect purchaser antitrust class actions.  In addition, in May-June 2008, pursuant to discussions with Lead Counsel, Zelle committed to and made a $25,000 payment to the IPPs' common litigation fund, which was the same amount contributed by Lead Counsel.  All other firms were asked to contribute $5,000.

### Class Representative and Third Party Discovery, Amended Complaint and Early Settlement Discussions

10.     During the latter half of 2008, Zelle worked with or at the direction of Lead Counsel on the following and other tasks:  Preparation of communications to IPP co-counsel regarding case organization; completion of class representative questionnaires and reports; drafting of written discovery requests to defendants; preparation of Rule 30(b)(6) deposition notices to defendants; fact research regarding and preparation of a consolidated amended complaint; identification, selection and retention of expert witnesses; assessing the status of, preparation of motion papers related to, and other work on the effectuation of service of process on defendants; identification of third parties for discovery and the development of strategies regarding third party discovery, including expert consultation regarding same; assist Lead Counsel in preparation for and attend case management conference in July 2008; and research and evaluate settlement possibilities with defendant Chunghwa Picture Tubes, Ltd. ("CPT") and attend settlement meetings regarding same with Lead Counsel.

### 2009

### Third Party Discovery, Settlement Negotiations and Proffers, Amended Complaint, Opposition to Motions To Dismiss, Case Management and Scheduling and Other Tasks

11.     In 2009, at the request of and in consultation with Lead Counsel, and given their prior experience in the *LCDs Case*, Zelle assisted in the development of the plan for discovery of information from third parties in the CRT chain of distribution for purposes of evaluation and proof of pass-through of defendants' price-fixing overcharge.  Zelle helped develop the plan for

DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

that discovery, consulted with the IPP experts regarding needed information, prepared, effectuated and tracked service of third party subpoenas and assisted in the supervision of other IPP counsel in their efforts to negotiate the production of relevant information from the third parties. In 2009, Zelle also worked with Lead Counsel on the negotiation, drafting and finalizing of the settlement with CPT, including work on related agreements and an assessment of issues regarding CPT's evidentiary proffer and the terms thereof. Zelle attended multiple proffers by CPT, and worked with Lead Counsel and the IPP experts to analyze same.

12. In 2009, Zelle worked with or at the direction of Lead Counsel in the following additional tasks: Research and preparation of an amended complaint filed in March 2009; analyses of defendants' motions to dismiss the amended complaint; development of strategies for responding to same and drafting of portions of IPPs' opposition thereto; drafting of a request for judicial notice related to same; preparation for the hearing on defendants' motions to dismiss before the Special Master; and consultation with Lead Counsel in regards to hearing strategies. Zelle attorney Craig Corbitt presented a substantial portion of the IPPs' arguments at the hearing on the motions to dismiss before the Special Master in October of 2009. Finally, in 2009, Zelle assisted Lead Counsel in the development of case scheduling and management strategies and plans.

## **2010**

### **Third Party Discovery, Pleading Motions, Discovery Protocols, Discovery Work, Expert Work and Consultation and Other Tasks**

13. At the request of Lead Counsel, in 2010, Zelle assumed responsibility for monitoring and supervising other IPP counsel—subject to Lead Counsel oversight—in their pursuit of third party discovery. This work was in addition to the multiple third parties for which Zelle had primary responsibility, and included monitoring and supervising IPPs' effectuation of service, tracking of productions, assessment of the quality and completeness of third party document productions, negotiations with specific third parties regarding their productions, and making recommendations to Lead Counsel with regard to motions to compel. This work was time-

consuming and extensive, inasmuch as IPPs ultimately pursued discovery from approximately 40 third parties.

14.     In early 2010, the court-appointed Special Master issued his report and recommendation on defendants' motions to dismiss, and Zelle assisted Lead Counsel in the development of the strategy regarding, drafting and preparation of responses to defendants' objections thereto.  Zelle also prepared for and participated in oral argument before the Court on defendants' unsuccessful objections to the Special Master's report and recommendation on defendants' motions to dismiss.

15.     Also in 2010, Zelle attorneys, including its then-National Director of E-discovery, Eric P. Mandel, worked extensively, over several months, on the strategy, development, negotiation and drafting of electronically stored information ("ESI") protocols and related addenda and agreements with other plaintiffs' counsel and defendants, as well as on database, search term and document collection issues and strategies, and document review planning and strategy.  Zelle again drew upon their experiences in the *LCDs Case*, and on their extensive litigation support expertise and infrastructure (*see* Ex. 1 – Discovery and Legal Technology services description), in assisting Lead Counsel in the handling of these important tasks.

16.     During 2010, Zelle worked with or at the direction of Lead Counsel on the following additional tasks:  Review of defendants' discovery requests to IPPs and formulation of strategies for responding to same; meet with and continued communication with IPPs' expert Netz with regard to class certification work and strategy; continued work on service of subpoenas on third parties and negotiation, production and analysis of documents from third parties; ongoing case management and development of overall case strategy with Lead Counsel; work on Zelle client document productions and related discovery; formulation and execution of discovery and related strategies, as well as meet and confers, with regard to the defendant group assigned to Zelle by Lead Counsel, *i.e.*, the Panasonic defendants,  including, among others, defendants Panasonic Corporation and MT Picture Display Co., Ltd. ("MTPD"), as well as another defendant, Beijing – Matsushita Color CRT Company, Ltd. ("BMCC"); review and analysis and drafting of multiple

DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

sections of the responses to defendants' motions to dismiss IPPs' second amended complaint, as well as the presentation of argument on behalf of IPPs at the August 24, 2010 hearing before the Special Master; provision of input, guidance and strategy to Lead Counsel and other IPP counsel on potential teams and strategies for review of defendants' documents; work on motions to compel discovery from defendants and attendance at one or more hearings on same; and research regarding additional class representative plaintiffs needed for additional states and Zelle's retention by the Maine plaintiff (Hall) for inclusion in third amended complaint.

## **2011**

### **Document and E-Discovery, Third Party Discovery, Panasonic Defendant Group Discovery, Lead Counsel Consultation Regarding Same and Other Tasks**

17.     In 2011, Zelle attorneys, including its National E-discovery counsel, in consultation with Lead Counsel, played a major role in the development and strategy decisions with regard to document database search and coding methodologies, and related strategies and analytics.  This work included selection and development of keywords to be used in the search and analysis of defendants' documents; strategy development regarding foreign language document review; participation in discovery meet and confers with defense counsel regarding same and regarding document productions, search protocols and ESI issues; multiple meetings and telephone conferences with other plaintiffs' counsel regarding these issues; and supervision of Relativity training.  Zelle's National E-Discovery counsel, along with Lead Counsel and other plaintiffs' counsel, also presented extensive argument before the Special Master on March 7, 2011 on the plaintiffs' motion to compel document discovery from the Hitachi defendants.   Zelle also continued in their role of monitoring and supervising other IPP counsel in their pursuit of third party discovery, including service, tracking of productions, assessment of the quality and completeness of third party document productions and negotiations regarding same, and making recommendations to Lead Counsel with regard to motions to compel.

18.     Other tasks performed by Zelle in 2011 included the following:  Continued work on formulation and execution of discovery and related strategies pertaining to the Panasonic

DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

defendant group; conferences and meetings with counsel for the so-called direct action or opt-out plaintiffs ("DAPs") on coordination of discovery efforts; preparation of IPP contention interrogatory responses; work on preparing  a complaint on behalf of Massachusetts class members (including legal research regarding a variety of issues pertaining thereto, drafting of demand letters to defendants pursuant to Massachusetts law, research regarding defendants' responses thereto, and consultation with Lead Counsel regarding all of the foregoing); consult with co-counsel and individual clients (*e.g.*, Hall) and other named plaintiffs in connection with and preparation of discovery responses, and with regard to document retention and effectuate document production by same; continuing work and communication with IPPs' expert Netz with regard to class certification work and strategy; and continuous consultation with Lead Counsel regarding case management issues and prosecution strategies and attendance at case management conference(s) before the Special Master.

## 2012

**Defendant and Third Party Discovery, Final Approval of CPT Settlement, Settlement Objector Discovery and Order to Show Cause, IPP Class Certification Motion**

19.     In 2012, Zelle continued their consultation with Lead Counsel regarding case management issues and prosecution strategies, including assisting Lead Counsel with case scheduling, deposition protocol design and negotiation, expert issues and coordination with counsel for the direct purchaser plaintiffs ("DPPs"), the DAPs and the state attorney general with regard to case management, scheduling and strategic issues.

20.     Zelle also continued work on formulation and execution of discovery and related strategies pertaining to the Panasonic defendant group, and with regard to other defendants, including BMCC, LG Electronics entities, Toshiba entities, Hitachi entities, Samsung entities and others.  Zelle worked on obtaining, preparing for and attendance at numerous defendants' Rule 30(b)(6) depositions, percipient witness depositions, as well as meet and confers and evaluation of motions to compel related thereto.  Zelle prepared for and deposed defendant 30(b)(6) witnesses as well, including Panasonic and Philips entity witnesses.  Zelle continued monitoring and

8

1    supervising other IPP counsel in their pursuit of third party discovery, and continued providing

2    input and guidance on ESI issues and other technical and strategies issues with regard to document

3    and transactional data discovery.

4         21.    Zelle was extensively involved in transactional data discovery in this time frame,

5    including the pursuit of data from defendants and third parties, meet and confers regarding same,

6    evaluation of motions to compel same, and conferring with IPP co-counsel and experts regarding

7    same.   Finally, Zelle worked on higher level document review projects focused on proof of key

8    elements of IPPs' claims.

9         22.    Zelle also worked on preliminary and final approval papers related to the CPT

10   settlement, consulted with Lead Counsel regarding same, and attended the final approval hearing

11   before the Special Master.  Zelle worked extensively on discovery from the sole objector to the

12   CPT settlement; researched, prepared and filed a motion to compel same; and researched, prepared

13   and filed a motion for an order to show cause regarding a finding of civil contempt and sanctions

14   against the objector for failure to comply with discovery order.  Zelle also researched and prepared

15   a motion to dismiss the objector's appeal of the final approval of the CPT settlement.

16        23.    In addition, Zelle devoted significant time and effort to class certification related

17   tasks, including further transactional data discovery; legal and fact research regarding class

18   certification; consultation with Lead Counsel and experts regarding class certification strategy;

19   drafting of the class certification opening motion papers and preparation of other supporting papers

20   to be submitted to the Court; and filing and service of all class certification motion papers.  Zelle

21   also worked with Lead Counsel to prepare IPPs' class certification expert for her deposition and

22   attended same with Lead Counsel.  Zelle also commenced review and analysis of the defendants'

23   opposition to IPPs' motion for class certification, their *Daubert* motion to strike the opinions of

24   IPPs' expert, their expert's report, and commenced preparation of the IPPs' reply brief in support

25   of class certification.

26

27

28

DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

## 2013

### IPP Class Certification Proceedings, Deposition Merits Discovery, Plaintiffs' Counsel Coordination

24.     In 2013, Zelle continued its work on the class certification proceedings in this matter, and had major responsibilities for virtually every aspect of those lengthy and successful proceedings.  Zelle's 2013 class certification work included:  Close consultation with Lead Counsel on strategy and arguments; research and drafting of IPPs' reply brief in support of class certification and IPPs' opposition to defendants' *Daubert* motion to strike the IPPs' expert's opinions; consultation with IPPs' expert with regard to her reply report and her declaration responding to defendants' motion to strike and related issues; fact and other research and work on class representative ascertainability and typicality issues; work on preparation of other papers supporting class certification reply, including the reply declaration of Mario Alioto; preparation for and taking the deposition of defendants' class certification expert, Robert Willig; consultation with Lead Counsel and co-counsel regarding specific class issues, including third party testimony on pass-through and related issues and on class representative issues;  preparation of the extensive class certification reply documents for filing and service upon defendants' counsel; subsequent filings of public record versions of opening and reply class certification papers pursuant to court order; work with Lead Counsel to prepare IPPs' expert, Netz, for her second deposition and attend same; consult with Lead Counsel regarding, and research and prepare response to defendants' letter to the Special Master regarding the Supreme Court's then-recent decision in *Behrend v. Comcast*; review and analysis of Defendants' expert's surrebuttal report and work with Lead Counsel to develop a strategy regarding responding to same; preparation of a detailed proposed report and recommendation on class certification for submission to the Special Master; Zelle attorneys' (*i.e.,* Chris Micheletti and Judith Zahid) preparation for and argument at the full-day hearing before the Special Master on IPPs' class certification motion and defendants' *Daubert* motion to strike; and research and prepare post-hearing submissions requested by the Special Master.

25.     Following the Special Master's August 2013 reports and recommendations granting class certification ("Class Certification R&R") and denying defendants' *Daubert* motion to strike the testimony of the IPPs' expert ("Motion to Strike R&R"), Zelle's class certification work included:  Review and analysis of those R&Rs; consultation with Lead Counsel regarding, and preparation and filing of IPPs' opposition to defendants' objections to the Class Certification R&R and the Motion to Strike R&R; research and drafting of a response to defendants' letter regarding the District of Columbia Circuit's opinion in the *In re Rail Freight Fuel Surcharge Antitrust Litigation*; research regarding and drafting of IPPs' answer to defendants' Rule 23(f) petition to the Ninth Circuit; consultation with Lead Counsel and co-counsel regarding same and strategies and filing of same; and research regarding, preparation and filing of IPPs' opposition to defendants' motion to file a reply in support of their Rule 23(f) petition.

26.     In developing class certification strategies, generating their work product, and advising Lead Counsel on strategies for class certification in this action, Zelle exploited their extensive experience in other electronic component and computer-related antitrust cases in which they served as lead or co-lead counsel and in which indirect purchaser classes were certified (*e.g.*, the *LCDs Case*, the *SRAM Case* and the *Microsoft Cases*).

27.     In 2013, Zelle continued their general consultation with Lead Counsel regarding case discovery, management, prosecution and settlement strategies, including assisting Lead Counsel with collaboration, coordination and communication with defendants' counsel, DAP counsel and state attorney general counsel on such matters.  In 2013, Zelle also worked with or at the direction of Lead Counsel on the following additional and other tasks:  Fact research regarding and preparation for and/or taking of multiple merits depositions of Panasonic, Toshiba and other defendant personnel both as 30(b)(6) witnesses and percipient witnesses, as well as follow-up document and other discovery stemming from those depositions, and collaboration with DAP counsel in pursuit of this discovery; continued work on obtaining third party and defendant transactional data and related information for use by experts in their class certification and merits reports; confer and facilitate collaboration with DAP counsel regarding multiple aspects of

DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

discovery, including discovery and use of transactional data, and regarding expert work in order to maximize case efficiencies; research and analysis of strategies and expert needs with regard to merits reports on pass-through and damages; and commenced review and analysis of sections of a draft merits report prepared by IPPs' expert.

## **2014**

### **Continued Written and Deposition Discovery, Expert Reports and Discovery, Summary Judgment Oppositions, Trial Preparation**

28.     In 2014, Zelle continued their general consultation with Lead Counsel regarding case discovery, which now included expert merits and damages discovery, case management, prosecution and settlement strategies, and regarding strategies used in the *LCDs Case*.  In 2014, these consultations with Lead Counsel expanded to include trial preparation strategies.  Zelle also continued to assist Lead Counsel with collaboration, coordination and communication with defendants' counsel, DAP counsel and state attorney general counsel on the foregoing matters.

29.     In terms of fact discovery, in 2014, Zelle continued work on fact research regarding, collaboration with DAP counsel regarding, and preparation for and/or taking of, multiple merits depositions of Panasonic, Toshiba and other defendant personnel both as 30(b)(6) witnesses and percipient witnesses.  Ultimately, during the case, Zelle attorneys first chaired, and/or took the lead for the IPPs on, the following 30(b)(6) or merits/fact discovery depositions:

Rule 30(b)(6) Depositions:

- Roger de Moor, Philips
- Masahiro Kimura, Panasonic
- Takashi Nakano, Panasonic
- Hirokazu Nishiyama, Panasonic
- Tatsuo Tobinaga, Panasonic
- Edwin Wolff, Panasonic

Merits/Fact Discovery Depositions:

- Shinichi Iwamoto, Panasonic
- Ayumu Kinoshita, Panasonic
- Hirokazu Nishiyama, Panasonic
- Shinichiro Tsuruta, Toshiba
- Masahi Muramatsu, Panasonic

12

- Masaki Sanogawaya, Panasonic
- Yu-Hao (Allen) Chang, Panasonic
- Chih-Yen Hsu, Panasonic
- Norio Fujita, Toshiba
- Kazutaka Nishimura, Toshiba

In addition to taking the lead on these depositions, Zelle's work in the fact discovery area included research, preparation and supplementation of liability analyses and memoranda regarding Panasonic's role in the CRT conspiracy, including preparation of evidence summaries to be used in responding to defendants' discovery; attendance at third party depositions sought by defendants and preparation of reports to Lead Counsel regarding same; consultation with Lead Counsel, co-counsel and DAP counsel on third party declarations on pass-through and develop strategies regarding same; conferring with Lead Counsel and other co-counsel regarding, and assist in preparation of responses to, defendants' contention interrogatories; preparation of discovery written requests to Panasonic and Toshiba and other defendants regarding affirmative and other defenses, document authentication, expert reports and other issues; work with Lead Counsel and co-counsel on meet and confers with defendants regarding their responses to discovery requests; and review, revise, comment on and assist with filing motions to compel Panasonic, Toshiba and Philips responses to discovery requests.

30. Zelle's work on expert damages issues and merits reports in 2014 was extensive, and included the following: Development of strategy regarding, and confer with Lead Counsel and with IPPs' expert team regarding, IPPs' damages theories, proof and reports; coordination with DAPs regarding expert work, data issues and analysis; work with the IPP expert team on Netz's damages report, including finalizing and serving same; review and analyze a discovery subpoena served on IPPs' expert, work with Lead Counsel to formulate strategy for responding thereto and prepare objections; work on opposing defendants' motion to compel plaintiffs' experts' production of expert reports from the *LCDs Case*, and argue that motion before the Special Master; prepare IPPs' expert for her merits deposition and attend deposition with Lead Counsel; work with IPPs' expert on preparation of her reply report addressing certain defendants' experts' reports on

affirmative defenses and on finalization and service of same; and review and analysis of DAPs' expert reports on damages and related issues.

31.  Defendants' served their experts' merits reports in the Summer of 2014.  Over the ensuing months, Zelle had primary IPP counsel responsibility for review, analysis and the related expert discovery, including depositions, pertaining to those reports.  In this regard, Zelle's work included review and analysis of defendants' experts' reports on damages and related issues; consult with IPPs' expert team and Lead Counsel with regard to developing strategies for responding to same; and preparation for and taking of depositions of all defendants' experts that solely addressed indirect purchaser issues, as well as other defendants' experts that addressed both DAP and indirect purchaser issues.  Ultimately, Zelle attorneys deposed the following experts:

Experts for all defendants:

- Margaret Guerin-Calvert (Color Display Tube overcharge analysis)
- Robert Willig (Color Picture Tube overcharge analysis)
- Janusz Ordover (CRT pass-through analysis and damage calculations)

Experts for individual defendants:

- Daniel Rubinfeld (Samsung expert)
- Lawrence Wu (Philips expert)
- Vandy Howell (Hitachi expert)

Zelle's expert-related work also included preparation of summaries of the expert depositions for, and conferring with Lead Counsel regarding, those depositions and strategy; review, analyze and confer with IPPs' expert team regarding Netz's rebuttal report; consult with Lead Counsel regarding same and work on finalization and service of same; work on preparation of Netz for her further deposition pertaining to her rebuttal report, and attend same and defend her in same; and, review and analysis of defendants' experts' surrebuttal reports.

32.  In terms of motion practice, in 2014, Zelle's work included the following tasks: Review, analysis and consultation with co-counsel and Lead Counsel regarding objections to final approval of settlement with LG, and development of strategies regarding responding to same; review, analyze and work with Lead Counsel, co-counsel and DAP counsel on strategies for

1    responding to multiple summary judgment motions and on preparation of the oppositions thereto;

2    and review and analysis of, and communicate with Lead Counsel regarding, a variety of legal

3    issues raised in the litigation, including Foreign Trade Antitrust Improvements Act issues, among

4    many others.

5        33.    During 2014, IPP counsel commenced trial preparation.  Zelle's work on trial

6    preparation in that time frame included work on document authentication projects; identification of

7    trial exhibits pertaining to expert opinions and other issues;  preparation of percipient witness lists;

8    designation of deposition testimony for trial; work with co-counsel on class representative standing

9    and other issues; meet with and telephone conferences with Lead Counsel and trial counsel

10   regarding trial strategies pertaining to liability, damages and expert issues; work on verdict forms

11   and other pretrial filings; review and analyze jury issues and consult with trial consultant in

12   regards to same; and work on preparation for various mock jury exercises with trial counsel.

13                                    **2015**

14          **Trial Preparation, Motions In Limine and Settlement Approval Motion**

15       34.    In 2015, Zelle continued its work on preparation for a March 2015 trial set by the

16   Court.  Zelle's work on trial preparation in 2015 included the following:  Work on document

17   authentication projects; identification of trial exhibits pertaining to expert opinions and other

18   issues;  preparation of percipient witness lists; designation of deposition testimony for trial and

19   work on preparation of videos of deposition testimony; work with co-counsel on class

20   representative standing and other issues; multiple meetings and telephone conferences with Lead

21   Counsel and trial counsel regarding trial strategies pertaining to expert presentations and testimony

22   at trial, as well as damages and other issues; work on expert trial testimony and presentations,

23   including preparation of direct and cross-examination witness outlines pertaining to various

24   experts; preparation of trial exhibits and demonstratives pertaining to expert trial testimony and to

25   other elements of the case; preparation of portions of IPPs' and defendants' presentations for

26   multiple mock jury exercises; attend the mock jury exercises and evaluate and confer with Lead

27   Counsel and trial counsel regarding the results of same; and review and analyze jury composition

28

1    issues and consult with the trial consultant in regards to same

2        35.    In 2015, Zelle also assisted trial counsel in responding to motions in limine, and

3    provided other strategic input to Lead Counsel and trial counsel regarding same.  Finally, Zelle

4    assisted Lead Counsel in the preparation of IPPs' motion for preliminary approval of the final

5    settlements with the remaining defendants in the case, including reviewing and providing input on

6    the supporting papers, the distribution plan and claims process, the notices to class members, and

7    on other settlement approval related matters.

8                                            * * *

9        36.    The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary

10   of the amount of time spent by my firm's partners, attorneys and professional support staff who

11   were involved in this litigation.  It does not include any time devoted to preparing this declaration

12   or otherwise pertaining to the Joint Fee Petition.  We have reviewed our firm's time entries and

13   lodestar in connection with Lead Counsel's audit of IPP counsel's work and lodestar submissions.

14   At the request of and in consultation with Lead Counsel, we have made adjustments to our time

15   submissions and total lodestar.  Zelle's lodestar summaries in Exhibit 2, and total hours and

16   lodestar numbers set forth below, reflect these adjustments.  The lodestar calculation is based on

17   my firm's historical billing rates in effect at the time services were performed.  Exhibit 2 was

18   prepared from contemporaneous time records regularly prepared and maintained by my firm.

19   Those records have been provided to Lead Counsel and I authorize them to be submitted for

20   inspection by the Court if necessary.  The hourly rates for my firm's partners, attorneys and

21   professional support staff included in Exhibit 2 were at the time the work was performed the usual

22   and customary hourly rates charged for their services in similar complex litigation.

23       37.    On March 21, 2015, Francis O. Scarpulla departed Zelle and resumed practice with

24   the Law Office of Francis O. Scarpulla ("LOFOS").  Pursuant to agreement, Zelle has assigned to

25   LOFOS 50 percent of Mr. Scarpulla's personal lodestar in this case generated while he was a

26   partner with Zelle from case inception to March 21, 2015.  Zelle has no other agreements with Mr.

27   Scarpulla or LOFOS pertaining to the Zelle fees or costs in this matter.

28

38.     The total number of hours reasonably expended on this litigation by my firm from inception to May 31, 2015 is 15,533.30 hours.  The total lodestar for my firm at historical rates is $8,748,773.75.  The total lodestar for my firm at current rates is $8,994,951.75.  Expense items are billed separately and are not duplicated in my firm's lodestar.

39.     The expenses my firm incurred in litigating this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, invoices, receipts, check records and other source materials and accurately reflect the expenses incurred. My firm's expense records are available for inspection by the Court if necessary.

40.     My firm incurred a total of $168,946.50 in unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation.  Of this amount, $25,000 was for assessment payments for common litigation expenses, and $19,675.93 was for direct payments to courts (court costs and filing fees), or to vendors made at the request of Lead Counsel or that were necessitated by Zelle's responsibilities in the case (i.e., outside copies, payments to/for court reporters and transcripts, postage/express delivery/courier, witness/service fees).  An additional $124,270.57 was for non-common litigation expenses incurred by my firm, such as travel, meals and lodging, copying, legal research, telephone, etc.  A summary of those expenses by category is attached as Exhibit 3.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this the 21st day of September 2015, in San Francisco, California.

_____/s/Christopher T. Micheletti_____

DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

Exhibit 1







BOSTON | DALLAS | LONDON | MIAMI
MINNEAPOLIS | NEW YORK | PHILADELPHIA | SAN FRANCISCO
BEIJING*

*In association with ZY & Partners



# SNAPSHOT

Zelle Hofmann is a boutique litigation firm with an emphasis on resolving complex, high-stakes disputes including competition and commercial matters.  With collaborative teams of 70 client-centered litigators and skillful negotiators practicing in various national and foreign jurisdictions, the firm represents businesses across the U.S., the EU, and in other parts of the world.

Our attorneys practice in jurisdictions across the country, and are or were involved in:

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*
- *In re Vitamin C Antitrust Litigation*
- *Diamonds - Sullivan et al. v. DeBeers et al.*
- *Microsoft Antitrust Litigation*
- *Linerboard Antitrust Litigation*

- *In re Cathode Ray Tube (CRT) Antitrust Litigation*
- *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*
- *In re Static Random Access Memory (SRAM) Antitrust Litigation*
- *In re Lithium Ion Batteries Antitrust Litigation*
- *In re Automotive Parts Antitrust Litigation*

E-Discovery In-House – Our advanced technology and experienced staff increase efficiencies and reduce E-Discovery costs to clients

60% Defense / 40% Plaintiff

Defense:
Commercial disputes (e.g., contract disputes)
Complex insurance coverage (e.g., 9/11 World Trade Center coverage)
Securities litigation (e.g., securities lending/derivatives)
Insurance/reinsurance recovery
Antitrust / Competition
International trade (China vitamin C antitrust class action)
Class action defense
Trademark / Copyright

Plaintiff:
Antitrust / Competition (e.g., price-fixing, anti-competitive business)
Subrogation (e.g., 9/11 Recovery)
Uninsured loss recovery

Industries:
Banking
Energy
Construction
Consumer Goods
Financial

Technology
Telecommunications
Transportation
Minerals
Pharmaceuticals

Clients (sample list):

Allianz
Bridgestone/Firestone
Carlisle
Phillips 66

Emerson Electric
FM Global
General Mills
Munich Re

Kellogg
Liberty Mutual Group
Nationwide
Pet Food Express

Sara Lee
Shijiahuang Pharmaceutical
Smithfield Foods
Swiss Re

Travelers
US Bank
Wells Fargo & Co.



**Craig C. Corbitt**
Phone:  (415) 633-1905
ccorbitt@zelle.com



**Christopher T. Micheletti**
Phone:  (415) 633-1912
cmicheletti@zelle.com



**Judith A. Zahid**
Phone:  (415) 633-1916
jzahid@zelle.com



**Michael S. Christian**
Phone:  (415) 633-1933
mchristian@zelle.com



**Qianwei Fu**
Phone:  (415) 633-1906
qfu@zelle.com



## Firm Overview

Zelle Hofmann attorneys are proud to represent clients in their most challenging insurance-related disputes, antitrust/competition and other complex business litigation in venues across the United States and around the world. Our experience in successfully resolving high-profile, high-exposure cases and our commitment to efficient and responsive service supports everything we do.

Because we represent both defendants and plaintiffs, our attorneys have developed keen insights and experience from practicing on both sides of the aisle. We can better understand and anticipate the objectives and tactics of opposing counsel, giving our clients a number of distinct advantages. Since our contingency practice obligates us to fund many of our clients' cases, we are particularly adept in avoiding unnecessary tasks and expenses while doing everything to achieve the most favorable outcomes. Our clients appreciate this ability to efficiently staff cases while still delivering exceptional service and consistent results.

We believe – and our clients agree – that the way we approach litigation is key to our success in building solid relationships and implementing effective strategies. Our attorneys offer experience and in-depth knowledge across a wide range of industries, and probe to determine our clients' specific needs and the broader implications of any dispute. Zelle Hofmann attorneys quickly assess the facts, balance the intangibles, and deliver legal counsel that is creative and realistic.

While the scope of our practice is focused, the diverse talents, intellectual knowledge and technological resources we offer are vast. Zelle Hofmann's collaborative teams of attorneys, multiple offices and international presence assure that we are always prepared to meet your needs, even in the most challenging, sensitive or catastrophic of circumstances.



# ZELLE HOFMANN
ZELLE HOFMANN VOELBEL & MASON LLP

**Craig C. Corbitt**
Partner



44 Montgomery Street
Suite 3400
San Francisco, CA 94104
TEL: (415) 633-1905
FAX: (415) 693-0770
ccorbitt@zelle.com

**PRACTICE AREAS**

- Antitrust and Unfair Competition
- Business Disputes and Commercial Litigation
- Class Actions
- Intellectual Property
- International Competition
- Trade Regulation

**BAR AND COURT ADMISSIONS**

- U.S. Supreme Court
- State Court: California
- U.S. Circuit Court of Appeals: Fifth, Seventh, Ninth, and D.C. Circuits
- U.S. District Court: Northern, Eastern, Central and Southern Districts of California, District of Arizona

**EDUCATION**

- University of San Francisco, J.D., cum laude, 1978
- University of California at Davis, A.B., 1973

Craig Corbitt has been an antitrust litigator for over 35 years. He has been involved in dozens of the most significant civil antitrust cases in the United States during his career. He has represented class plaintiffs in the LCD Flat Panel, CRT, Intel, De Beers, Microsoft, and Brand Name Prescription Drugs cases among many others; and has represented many corporate plaintiffs, including Kellogg Company in the Vitamins Antitrust Litigation and Santa Fe Southern Pacific in the AT&T monopoly litigation. He has represented antitrust defendants including Georgia Pacific in the Plywood Antitrust Litigation, Kellogg Company in multiple cases, and Santa Fe in the ETSI pipeline litigation. Mr. Corbitt is a former Chair of the California State Bar Antitrust and Unfair Competition Law Section, and a Member of the Advisory Board of the American Antitrust Institute. He is a co-author of the Private Enforcement of Antitrust Law in the United States, A Handbook (AAI), the International Handbook on Private Enforcement of Competition Law (AAI), and California Antitrust and Unfair Competition Law (Cal. State Bar). He is regularly named to the Best Lawyers in America, Super Lawyers, the Litigation Counsel of America, and Benchmark Litigators among others, and is a frequent panelist and author on antitrust and competition topics.

**REPRESENTATIVE MATTERS**

*Sullivan v. DB Investments, Inc.,* 667 F.3d 273 (3d Cir. 2011) *cert. denied*, 132 S. Ct. 1876 (U.S. 2012)

*In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2012 WL 253298 (N.D. Cal. 2012)

*In re TFT-LCD (Flat Panel) Antitrust Litigation,* 267 F.R.D. 583 (N.D. Cal. 2010)

*In re Automobile Antitrust Cases I and II*, 135 Cal. App. 4th 100 (2005)

*In re Vitamins Antitrust Litigation,* 2001 WL 755852 (D. D.C. 2001)

*In re Vitamins Antitrust Litigation,* 120 F. Supp. 2d 58 (D. D.C. 2000)

*Anderson v. Deloitte & Touche,* 56 Cal. App. 4th 1468 (1997)

*Longden v. Sunderman,* 737 F. Supp. 968 (N.D. Tex. 1990)



**Craig C. Corbitt**

*Southern Pacific Communications Co. v. AT&T*, 740 F.2d 980 (D.C. Cir. 1984)

**ARTICLES & PRESENTATIONS**

"Pre-complaint activities," American Antitrust Institute's "*Private Enforcement of Antitrust Law in the United States: A Handbook*," September 2012, chapter co-author

"The Slow Drift Toward More Antitrust Exemptions," *Competition Law360*, December 14, 2011, co-author

Trial Complexities in Antitrust Cases following *Clayworth*: Competing Views of Different Plaintiffs' Groups and Defendants, State Bar of California's 21st Annual Golden State Antitrust and Unfair Competition Law Institute, October 27, 2011, presenter

"Pre-claim Activities," The American Antitrust Institute's International Handbook on Private Enforcement of Competition Law, December 2010, chapter co-author

"High Court Antitrust Trends - Sans Stevens," *Competition Law360*, June 9, 2010, author

*California State Antitrust & Unfair Competition Law*, 2009, co-author

"Does The Cartwright Act Have A Future?", *Competition*, Vol. 17, No. 2, Fall 2008, co-author with Lisa Saveri

"New Practitioner Series - Happy Birthday Cartwright Act," Golden State Antitrust and Unfair Competition Law Institute, October 24, 2008, panelist

"Filling The Regulatory Gap: California Natural Gas Antitrust Litigation," *Competition*, Volume 16, No. 2, Fall/Winter 2007, co-author

*CAFA From a Plaintiff Lawyer's Perspective*, ABA Tort Trial and Insurance Practice Section's Business Litigation Committee Newsletter (Fall 2006), co-author (J. Zahid)

*CAFA From a Plaintiff Lawyer's Perspective,* ABA Tort Trial and Insurance Practice Section's Symposium: "The Future of Class Action Litigation in



**Craig C. Corbitt**

America," November 2005

**PROFESSIONAL AFFILIATIONS**

Chair, State Bar of California, Antitrust and Unfair Competition Law Section

American Antitrust Institute, Member of Advisory Board

Fellow, Litigation Counsel of America, Charter Member, Academy of Antitrust Law

Fellow, American Bar Foundation

American Bar Association, Sections of Antitrust Law and Litigation

Federal Bar Association

Bar Association of San Francisco

Association of Business Trial Lawyers

American Association for Justice

**COMMUNITY SERVICE**

San Francisco Legal Aid Society–Employment Law Center, Board of Directors and Executive Committee

**NOTEWORTHY**

Named the "Antitrust Lawyer of the Year" for 2015 (Antitrust Section of the California State Bar)

Named among The International Who's Who of Competition Lawyers for 2014

Multiple time Northern California "Super Lawyer" for Antitrust Litigation.

"Best Lawyer" for Antitrust Litigation and Commercial Litigation for 2011, 2012, 2013, 2014 and 2015 by *The Best Lawyers in America*®, in partnership with U.S. News & World Report.



# Craig C. Corbitt

Rated AV Preeminent by Martindale-Hubbell.

**NEWS**

Craig Corbitt Honored by California State Bar as "Antitrust Lawyer of the Year"

The Legal 500 Ranks Zelle Hofmann Among Top Antitrust Law Firms for the Sixth Consecutive Year

Zelle Hofmann Attorneys Receive Recognition at American Antitrust Institute Awards

Zelle Hofmann Recognized as Leading Firm for Litigation for 2013 by Benchmark Plaintiff

Zelle Hofmann Attorneys Named Among 2013 Minnesota and Northern California "Super Lawyers" and "Rising Stars"

Craig Corbitt Interviewed By National Public Radio Regarding LCD Settlement

Zelle Hofmann Announces Largest-Ever All-Cash Antitrust Consumer Class Settlements, Totaling $1.082 Billion

Zelle Hofmann Attorneys Named Among 2012 "Super Lawyers" and "Rising Stars"

The Legal 500 Ranks Zelle Hofmann Among Top Antitrust Firms for the Fourth Consecutive Year

Zelle Hofmann Attorneys Obtain Preliminary Approval of $539 Million In LCD Class Action Settlements

Zelle Hofmann Attorneys Announce Largest All-Cash Indirect-Purchaser Consumer Settlements in LCD Antitrust Case

Third Circuit En Banc Panel Reinstated $295 Million Settlement in Diamonds Antitrust Case

Corbitt and Micheletti Elected to the Legal Aid Society–Employment Law Center's Board of Directors; Corbitt Also Appointed to Executive Committee



**Craig C. Corbitt**

Zelle Hofmann Attorneys Defeat Antitrust Defense Based on Foreign Conduct

Craig Corbitt Named Chair of the Antitrust and Unfair Competition Law Section of the State Bar of California

Craig Corbitt Named 2012 "Best Lawyer"

Zelle Hofmann Attorneys Named 2011 "Super Lawyers" and "Rising Stars"

Corbitt, Zahid and Clayton Author Chapter for the AAI's International Handbook on Private Enforcement of Competition Law

Craig Corbitt Named 2011 "Best Lawyer"

Zelle Hofmann Attorneys Named 2010 "Super Lawyers" and "Rising Stars"

Zelle Hofmann Announces Summary Notice of Pendency of SRAM Class Action Settlement and Settlement Fairness Hearing

Preliminary Approval of $25 Million Settlement Granted in SRAM Indirect Purchaser Class Action

Settlement in DRAM Antitrust Litigation

The Ninth Circuit Denies Defendants Request to Appeal Class Certification in SRAM Price-Fixing Case

Indirect Purchaser Class Action Against SRAM Manufacturers Certified by California Federal Court

Court Approves Distribution of $40 Million From Smokeless Tobacco Settlement to Non-Profit Organizations

Natural Gas Plaintiffs Win Approval of $14.65 Million Antitrust Settlement

Court Orders Flash Memory Defendants to Disclose International Sales Data in Antitrust Action

Zelle Hofmann Attorneys Named 2009 Super Lawyers and Rising Stars

Class Action Against Automakers Certified in California State Court



# Christopher T. Micheletti
Partner



44 Montgomery Street
Suite 3400
San Francisco, CA 94104
TEL: (415) 633-1912
FAX: (415) 693-0770
cmicheletti@zelle.com

**PRACTICE AREAS**

- Antitrust and Unfair Competition
- Business Disputes and Commercial Litigation
- China-Related Business
- Class Actions
- Construction
- Insurance Coverage
- Intellectual Property
- Products Liability

**BAR AND COURT ADMISSIONS**

- State Court: California
- U.S. Circuit Court of Appeals: Sixth, Seventh and Ninth Circuits
- U.S. District Court: Northern District of California; Central District of California

**EDUCATION**

- University of San Francisco, J.D., 1988; Recipient, American Jurisprudence Award for Remedies
- University of California at Berkeley, B.A., 1983

Chris is a commercial litigator with extensive experience in the areas of antitrust, business litigation, intellectual property, unfair competition and class actions.  In the antitrust area, Chris has represented individuals and businesses in class action litigation, and has advised, represented and defended corporate clients in individual actions.  Chris has played central roles in the successful prosecution of a number of California and nationwide antitrust class actions.  In recognizing Zelle Hofmann as one of the nation's top plaintiffs' antitrust firms, *The Legal 500* has described Chris as a "determined and highly skilled litigator."

In the intellectual property area, Chris has extensive experience in all aspects of trademark, trade dress and trade secrets litigation, representing both plaintiffs and defendants.  Chris has also counseled clients in the negotiation of intellectual property development agreements, and in related intellectual property licensing matters.  Chris' business litigation practice has included representation of plaintiffs and defendants in cases involving business torts, contractual disputes, false advertising, fiduciary matters, libel, slander and unfair business practices.  Chris also has significant experience handling complex property insurance litigation involving a wide variety of coverage, repair and other issues.

**REPRESENTATIVE MATTERS**

*In re Cathode Ray Tubes (CRT) Antitrust Litigation* (class action on behalf of indirect purchasers of CRTs in multiple states; Chris played a central role in briefing and arguing class certification resulting in certification of 22 state-wide damages classes)

*In re Static Random Access Memory (SRAM) Antitrust Litigation* (class action on behalf of indirect purchasers of SRAM in multiple states; Zelle Hofmann was lead counsel and Chris led the plaintiffs' team in the litigation of this complex, price-fixing antitrust action, resulting in settlements of $41,322,000)

*California Smokeless Tobacco Antitrust Litigation* ($96,000,000 settlement on behalf of a class of California indirect purchasers of moist smokeless tobacco products; as a member of the Plaintiffs' Executive Committee, Chris had a central role in litigating and settling this antitrust monopolization claim on



# Christopher T. Micheletti

behalf of the class)

*Kellogg Co. v. Exxon Mobil Corp.* (trademark infringement and dilution action under the Lanham Act, alleging that Exxon's use of its cartoon tiger to promote foods, beverages and convenience stores infringed and diluted Kellogg's famous TONY THE TIGER character)

*Adco Group et al. v. Travelers et al.* (complex coverage action involving the coordination of multiple lawsuits with over 25 parties, claims of $250 million in construction defects and damage at a luxury resort in Southern California)

**ARTICLES & PRESENTATIONS**

***Antitrust and Class Actions***

"2 Years After *Comcast*, Little Has Changed," *Competition Law360,* March 18, 2015, co-author

"The California Difference: Why California Really Matters – A Symposium – Indirect Purchaser Standing Under California Antitrust Law and Federal Antitrust Law – Plaintiff Perspective," *The Journal of the Antitrust and Unfair Competition Law Section of the State Bar of California,* Competition Vol. 22, No. 2, Fall 2013, author

"Incentive Award Guidance From Recent Class Actions," *Competition Law360,* September 6, 2013, co-author

Class Actions and Other Aggregate Litigation - New Supreme Court Cases on Evidentiary Standards: When do Plaintiffs Need to Prove What, and How Do They Need to Do That? Law Seminars International 9th Annual Conference, Seattle, WA, May 13, 2013, co-panelist

"Indirect-Purchaser Exceptions To Illinois Brick Continue," *Competition Law360,* January 25, 2013, co-author

"Why Class Counsel Should Obtain Discovery From Objectors," *Competition Law360,* November 6, 2012, co-author

"Coordinating Direct And Indirect Purchaser Cases," *Competition Law360,* July



**Christopher T. Micheletti**

9, 2012, co-author

"Emerging Trends In Indirect-Purchaser Antitrust Cases," *Competition Law360*, January 20, 2012, co-author

"Challenging Class Action Waivers Post-*Concepcion*," *Competition Law360*, September 16, 2011, co-author

"Schleicher And Antitrust Class Certification," *Competition Law360*, November 5, 2010, co-author

"Shady Grove And State Limits On Competition Claims," *Competition Law360*, May 19, 2010, co-author

### Intellectual Property, Unfair Competition and False Advertising

Food Labeling and False Advertising Class Actions panel presentation, Bar Association of San Francisco - Continuing Legal Education, San Francisco, CA, May 13, 2015, moderator

"In Search of BIGFOOT: Corrective Advertising Remedies in U.S. Trademark Infringement Actions—Part 2," *INTA Bulletin*, January 15, 2015, author

"In Search of BIGFOOT: Corrective Advertising Remedies in U.S. Trademark Infringement Actions—Part 1," *INTA Bulletin*, January 1, 2015, author

Food Labeling and False Advertising Class Actions panel presentation, Bar Association of San Francisco - Continuing Legal Education, San Francisco, CA, May 14, 2014, moderator

Trademark Protection: Best practices for trademark selection, use, maintenance and protection, Law Seminars International Telebriefing, March 6, 2013, moderator and presenter

"False Advertising: Skinny Girl Wriggles Free, While Pom and Arizona Beverages Fizzle," *Supermarket News - Refresh Blog*, February 5, 2013, co-author

"'All Natural' False Advertising Claims' Legal Evolution — Part 3," *Supermarket News - Refresh Blog*, November 26, 2012, author



**Christopher T. Micheletti**

"'All Natural' False Advertising Claims' Legal Evolution — Part 2," *Supermarket News - Refresh Blog,* October 1, 2012, author

"'All Natural' False Advertising Claims Begin Legal Evolution," *Supermarket News - Refresh Blog,* August 27, 2012, author

"Pom Wonderful v. Coca-Cola - Reinforcing Defenses to Label Claim Challenges," *Supermarket News - Refresh Blog,* June 18, 2012, author

"Sometimes, Companies Win False Advertising Lawsuits," *Supermarket News - Refresh Blog,* May 24, 2012, author

"False Advertising Class Action Update," *Supermarket News - Refresh Blog,* May 3, 2012, author

*Trademark Protection Basics: Use, Registration, "Policing" and other strategies for In-House Counsel, Outside Corporate Counsel and the General Practitioner*, Bar Association of San Francisco seminar, June 1, 2011, presenter

"Preventing Loss of Trademarks Rights: Quantitative and Qualitative Assessments of "Use" and Their Impact On Abandonment Determinations," *Official Journal of the International Trademark Association*, 94 Trademark Reporter 634, June 2004

"Proving Dilution By Blurring: An Analysis of Dilution By Blurring Factors Under The Federal Trademark Dilution Act," *Official Journal of the International Trademark Association*, 92 Trademark Reporter 1345, November 2002

***Property Insurance***

"Pinnacle's Limited Impact On California Property Litigation," *Insurance Law360*, November 2, 2012, co-author

"The Scope of Property Insurance Appraisals in California," *Insurance Law360*, July 7, 2011, co-author

"Case Study: Zhang v. Superior Court," *Insurance Law360*, February 15, 2011, co-author



# Christopher T. Micheletti

"Case Study: Village Northridge v. State Farm," *Insurance Law360*, October 7, 2010, co-author

"Disqualification Standards: Party-Selected Appraisers," *Insurance Law360*, February 8, 2010, author

**PROFESSIONAL AFFILIATIONS**

Member, Executive Committee of the Litigation Section of the Bar Association of San Francisco

Member, International Trademark Association Bulletin Committee, Features Subcommittee 2014-2015 term

Member, Editorial Board of the Trademark Reporter Committee, 2002-2003 term, 2004-2005 term, 2006-2007 term, 2010-2011 term, 2012-2013 term

International Trademark Association

Bar Association of San Francisco

- Antitrust and Litigation Section

- Intellectual Property Section

American Bar Association

- Antitrust Law Section

**COMMUNITY SERVICE**

Legal Aid Society–Employment Law Center, Member, Board of Directors and Member, Development Committee

**NOTEWORTHY**

Selected for inclusion in the 2014 and 2015 editions of *The Best Lawyers in America®*.

Recognized as a "pragmatic . . , determined and highly skilled litigator" by *The*



# Christopher T. Micheletti

*Legal 500* in 2013.

Named a Northern California "*Super Lawyer*" in Business Litigation for 2004, 2005 and 2010, in Antitrust for 2014, and in Antitrust Litigation, Intellectual Property Litigation, and Business Litigation in 2015.

**NEWS**

Zelle Hofmann Attorneys Named in 2014 Edition of The Best Lawyers in America®

Third Circuit En Banc Panel Reinstated $295 Million Settlement in Diamonds Antitrust Case

Corbitt and Micheletti Elected to the Legal Aid Society–Employment Law Center's Board of Directors; Corbitt Also Appointed to Executive Committee

Zelle Hofmann Announces SRAM Class Action Notice of Settlements

Zelle Hofmann Attorneys Named 2010 "Super Lawyers" and "Rising Stars"

Zelle Hofmann Announces Summary Notice of Pendency of SRAM Class Action Settlement and Settlement Fairness Hearing

Preliminary Approval of $25 Million Settlement Granted in SRAM Indirect Purchaser Class Action

Indirect Purchaser Class Action Against SRAM Manufacturers Certified by California Federal Court

Court Approves Distribution of $40 Million From Smokeless Tobacco Settlement to Non-Profit Organizations

Nationwide Settlement Reached in Trans Union Consumer Privacy Class Action

**PAST PROFESSIONAL EXPERIENCE**

Furth, Fahrner & Mason, San Francisco, 1988-2000



**Judith A. Zahid**
Partner



44 Montgomery Street
Suite 3400
San Francisco, CA 94104
TEL: (415) 633-1916
FAX: (415) 633-0770
jzahid@zelle.com

**PRACTICE AREAS**

- Antitrust and Unfair Competition
- Business Disputes and Commercial Litigation
- Class Actions
- International Competition

**BAR AND COURT ADMISSIONS**

- State Court: California
- U.S. Circuit Court of Appeals: Ninth Circuit
- U.S. District Court: Northern District of California; Central District of California

**EDUCATION**

- Boalt Hall School of Law, Berkeley, J.D., Environmental Specialization Certificate, 2001; Prosser Prize in Torts; *Berkeley Women's Law Journal*, Article Editor
- University of California, Berkeley, B.A. Environmental Science, *high honors*, 1995

Judith A. Zahid is a commercial litigator, specializing in antitrust and other complex litigation, and the Managing Partner of Zelle Hofmann's San Francisco office.

Judith has substantial experience representing clients pursuing high-stakes claims. She is particularly adept at assessing complex, and increasingly international, recovery strategies, working closely with economic and industry experts, and efficiently marshalling terabytes of electronic discovery.

Representative matters include *In re TFT-LCD (Flat Panel) Antitrust Litigation* (MDL No. 1827), where Judith served on the lead counsel team to help secure a record-breaking $1.082 billion all-cash settlement for the end-user plaintiffs, in one of the nation's largest antitrust cartel cases; and *In re Lithium Ion Batteries Antitrust Litigation* (MDL No. 2420), where Judith was recognized by the multidistrict litigation court and appointed interim liaison counsel for the direct-purchaser plaintiffs. Judith has also represented companies in the energy and retail markets against price-discrimination claims, leading to favorable and cost-effective resolutions for her clients.

**ARTICLES & PRESENTATIONS**

"International Collective Actions: What Is And Isn't Working?," American Bar Association Section of Antitrust Law Spring Meeting, April 16, 2015

"Opt-Out Litigation: Practical Considerations for Corporate and Outside Counsel," American Bar Association Section of Antitrust Law, February 25, 2015, panelist

"How States Can Effectively Analyze and Pursue Recovery Opportunities," National Association of Attorneys General Antitrust Litigation Training Seminar, October 9, 2014, panelist

"Behind the Scenes with In-House Antitrust Counsel," Bar Association of San Francisco's Antitrust Section, October 3, 2014, moderator

"Depositions: Tips and Strategy for Antitrust Litigators,"  ABA Trial Practice Committee Program, June 25, 2014, panelist

"Finding Peace When Settling U.S. and EU Price-Fixing Claims," *Competition*



*Law360*, April 28, 2014, co-author

"Corporations & Cartels: When Should You Be A Plaintiff?", 62nd ABA Section of Antitrust Law Spring Meeting, March 26-28, 2014, moderator

"Where To Bring Damages Claims In EU Int'l Cartel Cases?" *Competition Law360*, February 28, 2014, co-author

"*Who Can Make the Claim?* The Who, What, and Where of International Private Antitrust Actions," Antitrust Section of the American Bar Association, February 13, 2014, moderator

"Unique Discovery Challenges In International Cartel Cases," *Competition Law360*, January 31, 2014, co-author

"Survival of the Fittest: Thriving in a Culture of Change," Women in Law Empowerment Forum (WILEF), March 20, 2013, moderator

"Hypothetical in Action – Class Certification, FTAIA and CAFA," CLE International Group's Antitrust Conference, February 22, 2013, co-presenter

"Selecting and Working with Experts in Antitrust," Antitrust Section of the American Bar Association, January 14, 2013, co-presenter

"Antitrust & Price-Fixing Attorneys Panel," Hastings Law Trial Association, October 29, 2012, panelist

"Complex Case Management: An In-Depth Survey of Best Practices for Managing Antitrust Class Actions," Women Antitrust Plaintiffs' Attorneys annual conference, October 12, 2012, panelist

"Pre-complaint activities," American Antitrust Institute's "*Private Enforcement of Antitrust Law in the United States: A Handbook*," September 2012, chapter co-author

"A Plaintiff and Defense Lawyer's How To on Working With Economists in Antitrust Cases," Antitrust Section of the Bar Association of San Francisco, July 16, 2012, co-presenter

The Law of Pricing, Including Resale Price Maintenance in California After



*Leegin*, State Bar of California's 21st Annual Golden State Antitrust and Unfair Competition Law Institute, October 27, 2011, presenter

"Pre-claim Activities," The American Antitrust Institute's International Handbook on Private Enforcement of Competition Law, December 2010, chapter co-author

"CAFA From a Plaintiff Lawyer's Perspective," ABA Tort Trial and Insurance Practice Section's Business Litigation Committee Newsletter (Fall 2006), co-author (C. Corbitt)

### PROFESSIONAL AFFILIATIONS

American Bar Association, Antitrust Section, Civil Redress Committee, Vice-Chair

Bar Association of San Francisco, Antitrust Section, Chair (2011-2014)

California Bar Association, Antitrust and Unfair Competition Law Section, Member

Women in Law Empowerment Forum (WILEF), National Advisory Board Member

Women Antitrust Plaintiffs' Attorneys (WAPA)

### NOTEWORTHY

Judith was named a Northern California "Rising Star" for 2009, 2010 and 2011 (Antitrust Litigation) by *San Francisco* magazine.  She was named a "Super Lawyer" in antitrust litigation, class action/mass torts and business litigation for 2012, 2013, 2014 and 2015 by *San Francisco* magazine. She was also named among the Top 50 Women Northern California "Super Lawyers" for 2014 and 2015.

*The Legal 500* has recognized Judith multiple times in the antitrust class action field as "one to watch" (2012), an "up-and-comer," "great case organizer and determined advocate" (2013), and a "first-rate case manager,"



**Judith A. Zahid**

"up-and-comer who does much of the actual work needed in big cartel cases" (2014).   Judith A. Zahid

**NEWS**

The Legal 500 Ranks Zelle Hofmann Among Top Antitrust Law Firms for the Sixth Consecutive Year

Zelle Hofmann Attorneys Receive Recognition at American Antitrust Institute Awards

Zelle Hofmann Attorneys Named Among 2013 Minnesota and Northern California "Super Lawyers" and "Rising Stars"

Zelle Hofmann Announces Largest-Ever All-Cash Antitrust Consumer Class Settlements, Totaling $1.082 Billion

Zelle Hofmann Attorneys Named Among 2012 "Super Lawyers" and "Rising Stars"

The Legal 500 Ranks Zelle Hofmann Among Top Antitrust Firms for the Fourth Consecutive Year

Zelle Hofmann Attorneys Obtain Preliminary Approval of $539 Million In LCD Class Action Settlements

Zelle Hofmann Attorneys Announce Largest All-Cash Indirect-Purchaser Consumer Settlements in LCD Antitrust Case

Judith Zahid Named Chair of the Bar Association of San Francisco's Antitrust Section

Zelle Hofmann Attorneys Defeat Antitrust Defense Based on Foreign Conduct

Judith Zahid Selected to Serve on ABA Section of Antitrust Law's International Civil Redress Task Force

Zelle Hofmann Attorneys Named 2011 "Super Lawyers" and "Rising Stars"

Zelle Hofmann Selected to Receive the 2011 Minnesota Women Lawyers'



**Judith A. Zahid**

Leadership Award

Zelle Hofmann Obtains Summary Judgment in Pet Food Express Ltd. Breach of Contract Dispute

Corbitt, Zahid and Clayton Author Chapter for the AAI's International Handbook on Private Enforcement of Competition Law

Zelle Hofmann Attorneys Named 2010 "Super Lawyers" and "Rising Stars"

Judith Zahid Named to Women in Law Empowerment Forum Board

Zelle Hofmann Attorneys Defeat Summary Judgment Motion On "Secret Rebate" Counterclaim

Court Orders Flash Memory Defendants to Disclose International Sales Data in Antitrust Action

Zelle Hofmann Attorneys Named 2009 Super Lawyers and Rising Stars



# ZELLE HOFMANN
ZELLE HOFMANN VOELBEL & MASON LLP

## Michael S. Christian
### Partner



44 Montgomery Street
Suite 3400
San Francisco, CA 94104
TEL: (415) 633-1933
mchristian@zelle.com

**PRACTICE AREAS**

- Antitrust and Unfair Competition
- Business Disputes and Commercial Litigation
- Intellectual Property

**BAR AND COURT ADMISSIONS**

- State Courts: California and Arizona
- U.S. Circuit Courts of Appeal: Ninth Circuit and Federal Circuit
- U.S. District Courts: District of Arizona, Northern District of California, Central District of California, Western District of Tennessee

Mike is a commercial litigator with a practice that includes antitrust, employment and intellectual property litigation. Mike has significant federal and state court litigation experience, including dozens of arbitrations, mediations and trials. In 2005, he successfully tried a class action employment law case to a $172 million verdict, which represented one of the ten largest jury verdicts that year in the entire United States. Mike has also represented and counseled numerous Fortune 500 energy companies, financial institutions, retailers, manufacturers and other businesses in a variety of matters. In one such matter, he represented a major energy company in connection with California's 2000-2001 electricity crisis. Mike is also experienced in practicing before the Trademark Trial and Appeals Board of the United States Patent and Trademark Office.

Mike received his J.D., *magna cum laude*, from the University of Arizona College of Law in 1997. He served as executive note editor for the *University of Arizona Law Review,* received the Dean's Achievement Award and was awarded membership in the *Order of the Coif.* Mike received his B.S., *with honors*, from Southern Oregon University in 1990.

**ARTICLES & PRESENTATIONS**

"Using Federal Antitrust Law To Void Class Action Waivers," *Competition Law360*, May 15, 2012, co-author

Quoted in *California Lawyer* re: the 2009 CLAY Awards*, Employment Law section, Spring 2009

Lecture, *Savaglio v. Wal-Mart – Anatomy of a Wage & Hour /UCL Class Action Trial as Told by Counsel for the Parties* (16th Annual Litigation & Resolution of Complex Class Actions Institute, January 17, 2007)

Article, *Twice Bitten: Violations of Ethical Rules as Evidence of Legal Malpractice, The Brief* (American Bar Association Tort & Insurance Practice Section, Spring 1999); republished in *GP Solo*, Best of ABA Sections, March 2000 (co-author)



**Michael S. Christian**

**NEWS**

Zelle Hofmann Elects Michael Christian and Todd Tippett to Partnership

**PAST PROFESSIONAL EXPERIENCE**

The Furth Firm LLP, Principal, San Francisco, CA 2002-2008

Pillsbury Winthrop Shaw Pittman LLP, Associate, San Francisco, CA 2000-2002

Lewis & Roca LLP, Associate, Phoenix, AZ 1997-2000



# Qianwei Fu
## Senior Associate



44 Montgomery Street
Suite 3400
San Francisco, CA 94104
TEL: (415) 633-1906
FAX: (415) 693-0770
qfu@zelle.com

**PRACTICE AREAS**

- "Rest of World" (Re)Insurance: Coverage and Recovery Matters in Latin America, China and Other Jurisdictions
- Antitrust and Unfair Competition
- Business Disputes and Commercial Litigation
- China Trade Regulation
- China-Related Business
- Class Actions
- Insurance Coverage
- Intellectual Property
- Trade Regulation

**BAR AND COURT ADMISSIONS**

- State Court: California
- U.S. Circuit Court of Appeals: Ninth Circuit
- U.S. District Court: Northern District of California
- Chinese Bar

Qianwei is a senior litigation associate in the firm's San Francisco office whose practice focuses on a variety of complex commercial matters, including antitrust, contract disputes and insurance coverage. She has in-depth experience in handling U.S. federal class actions involving price-fixing and monopolization claims. She was part of the team that represented consumer class members in the *TFT-LCD* antitrust litigation in federal court in San Francisco, which resulted in a record-breaking $1.082 billion all-cash settlement. Qianwei takes pride in her antitrust experience across a wide array of industries, including gemstone, energy, automotive, transportation and consumer electronics. She also works on matters advising clients in commercial dispute resolution and has been involved in arbitration proceedings.

Qianwei also has unique practice experience in China and expertise in handling EU private competition recovery actions. Prior to joining Zelle Hofmann, Qianwei worked as a commercial litigation associate in China. As a legal professional who was trained in both the U.S. and China, she understands the distinctive differences between the two legal regimes and the unique considerations, both legal and practical, to be taken into account when advising Chinese clients. During her secondment at a prestigious European law firm, she worked on follow-on cartel damages claims brought in the UK and other EU jurisdictions. She frequently writes on EU competition law and international cooperation issues in private antitrust litigation.

**REPRESENTATIVE MATTERS**

*In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, 2012 WL 253298 (N.D. Cal. Jan. 26, 2012)

*In re TFT-LCD (Flat Panel) Antitrust Litigation*, 267 F.R.D. 583 (N.D. Cal. 2010)

*Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1876 (U.S. 2012)

*In re Static Random Access Memory (SRAM) Antitrust Litigation*, 264 F.R.D. 603 (N.D. Cal. 2009)

BOSTON   |   DALLAS   |   MIAMI   |   MINNEAPOLIS
NEW YORK   |   PHILADELPHIA   |   SAN FRANCISCO   |   LONDON   |   BEIJING*
* In association with ZY & Partners



# Qianwei Fu

## EDUCATION

- U.C. Davis, School of Law, J.D., 2005; Articles Editor, *U.C. Davis Law Review*
- University of Maryland, M.A. in Criminology and Criminal Justice, 2002
- Xiamen University, School of Law, China, LL.B. (with honor), 1996

## ARTICLES & PRESENTATIONS

"A Primer on Insurance Dispute Resolution in China," *Insurance Law360*, July 14, 2015, co-author

"A Primer on Insurance Underwriting in China," *Insurance Law360*, June 10, 2015, co-author

"Thinking Globally about Recovery Actions in International Cartel Cases," *Journal of Antitrust Enforcement* (Oxford University Press 2015), co-author

"Finding Peace When Settling U.S. and EU Price-Fixing Claims," *Competition Law360*, April 28, 2014, co-author

"Recent Developments: CAFA, Class Certification, and Class Arbitration," paper for the Second Annual Judicial Education Conference, Dana Point, California, March 16-18, 2014, co-author

"Where to Bring Damages Claims in EU Int'l Cartel Cases?" *Competition Law360*, February 28, 2014, co-author

"International Cooperation in Private Antitrust Litigation," paper for the 10th International Cartel Workshop, Rome, Italy, February 19-21, 2014, co-author

"Unique Discovery Challenges in International Cartel Cases," *Competition Law360*, January 31, 2014, co-author

"Ongoing Tension between Filed-Rate and State-Action Doctrines," *Competition Law360*, July 10, 2013, co-author

California State Antitrust & Unfair Competition Law (LexisNexis 2013), co-author

"*B.W.I.*, California's Favorable Class Action Jurisprudence, and Their Post-CAFA Application," *Competition*, Vol. 17, No. 2 (Fall 2008), co-author

"Note: *Eldred v. Ashcroft*: Failure in Balancing Incentives and Access," 38 U.C. Davis L. Rev. 1755 (2005), author



**Qianwei Fu**

**PROFESSIONAL AFFILIATIONS**

American Bar Association, Antitrust Section

State Bar of California

Chinese Bar Association

**NOTEWORTHY**

Qianwei, along with the other Zelle Hofmann attorneys who serve as co-lead class counsel in *TFT-LCD*, received 2013 American Antitrust Institute's Honorable Mention for Outstanding Antitrust Litigation Achievement in Private Law Practice.

Qianwei was named a Northern California "Rising Star" for 2011, 2012, 2013, 2014, and 2015 (Antitrust Litigation, Business Litigation, International) by *San Francisco* magazine.

**NEWS**

Zelle Hofmann Attorneys Receive Recognition at American Antitrust Institute Awards

Zelle Hofmann Attorneys Named Among 2013 Minnesota and Northern California "Super Lawyers" and "Rising Stars"

Zelle Hofmann Announces Largest-Ever All-Cash Antitrust Consumer Class Settlements, Totaling $1.082 Billion

Zelle Hofmann Attorneys Named Among 2012 "Super Lawyers" and "Rising Stars"

Zelle Hofmann Attorneys Obtain Preliminary Approval of $539 Million In LCD Class Action Settlements

Zelle Hofmann Attorneys Announce Largest All-Cash Indirect-Purchaser Consumer Settlements in LCD Antitrust Case

Third Circuit En Banc Panel Reinstated $295 Million Settlement in Diamonds



**Qianwei Fu**

Antitrust Case

Zelle Hofmann Attorneys Defeat Antitrust Defense Based on Foreign Conduct

Zelle Hofmann Attorneys Named 2011 "Super Lawyers" and "Rising Stars"

Zelle Hofmann Selected to Receive the 2011 Minnesota Women Lawyers' Leadership Award



**Paul Sullivan**
Attorney



600 Worcester Road
Suite 101
Framingham, MA 01702
TEL: (781) 466-0734
FAX: (781) 466-0701
psullivan@zelle.com

**PRACTICE AREAS**

- Antitrust and Unfair Competition
- Business Disputes and Commercial Litigation
- Construction
- Insurance Coverage
- Subrogation

**BAR AND COURT ADMISSIONS**

- State Court: Massachusetts, Missouri, Illinois
- United States District Court: District of Massachusetts

**EDUCATION**

- St. Louis University School of Law, J.D., *cum laude*, 1997
- Yale University, B.A. Political Science, 1992

Paul handles a variety of complex litigation matters with an emphasis in insurance coverage.  He was a member of the team that represented a major property insurer in the multi-billion dollar coverage and subrogation litigation related to the destruction of the World Trade Center on September 11, 2001. Paul was involved from start to finish, nearly 100 hearing days, in the appraisal of the property and time element losses associated with the destruction of the World Trade Center.  Given the high stakes, the appraisal process dealt with nearly every conceivable construction and property insurance coverage issue. For a description of the World Trade Center appraisal process, *See* "Appraising the 9/11 Damages to the World Trade Center," *Dispute Resolution Journal*, August/October 2007 issue.

Upon settlement of the World Trade Center insurance coverage litigation, Paul became involved in the negotiation of damages issues in the multi-billion subrogation action related to the losses sustained on September 11, 2001. The litigation settled for $1.2 billion, reportedly the largest subrogation recovery ever obtained.  Based on these experiences, Paul has developed considerable expertise in the analysis and presentation of complex damages issues.

In addition to his first party coverage experience, Paul has also successfully represented insurers in third party coverage litigation, including environmental and contractor claims, and extra-contractual claims, including defense of allegations of bad faith.  Paul also has significant experience in antitrust and class action cases.

Prior to entering private practice, Paul served for five years as an assistant prosecuting attorney. In that position, he was responsible for the prosecution of serious felonies, including homicides, and tried over 20 cases to juries.

**REPRESENTATIVE MATTERS**

*Laureate Education, Inc. v. Insurance Company of the State of Pennsylvania (*Obtained partial summary judgment in insurance coverage litigation of complex valuation issues related to $10.6 million Chilean earthquake claim)

*Allianz Insurance Company v. World Trade Center Properties LLC* (insurance coverage action and related appraisal involving destruction of World Trade



# Paul Sullivan

Center complex on 9/11 and claims in excess of $7 billion for property damage and time element losses)

*Port Authority 9/11 Litigation* (insurance coverage action and appraisal relating to multi-billion dollar insurance claims made by the Port Authority of New York and New Jersey for property damage and business interruption caused by the September 11, 2001 terrorist attack)

*In re September 11 Property Damage and Business Loss Litigation, United States District Court, Southern District of New York* ($2 billion subrogation action from 9/11 terrorist attack)

*Royal Insurance Company of America v. Kerramerican, Inc.* (represented liability insurer in multi-million dollar environmental coverage litigation)

*Technical Papers Corp. v. Liberty Mutual Insurance Company* (Obtained summary judgment for insurer on negligence, negligent misrepresentation and bad faith claims by insured seeking recovery in excess of stated policy limits)

**ARTICLES & PRESENTATIONS**

"A Review of Ensuing Loss Case Law: 2010 to Present," ABA Tort Trial and Insurance Practice Section's *The Brief*, Spring 2014, co-author

*Strategies for Evaluating and Resolving Claims Pre-Suit*, 2011 ABA Tort Trial and Insurance Practice Section's Property Insurance Law Committee Spring Meeting, April 28-30, 2011, co-presenter

*Subrogation Arising From The 9/11 Terrorist Attack: Million Dollar Lessons From A Billion Dollar Case*, 8th Annual National Property Subrogation Strategies ExecuSummit, April 19-20, 2011, co-presenter

"One For the 'Have Nots'," *Competition Law360*, March 14, 2011, author

"Calculating Business Interruption Losses Post-Katrina," *Insurance Law360*, November 11, 2010, co-author

*Evaluating Large Complex Claims: Lessons Learned from the World Trade Center Disaster,* Loss Executives Association Spring 2008 Meeting, Portland,



# Paul Sullivan

ME, June 12-13, 2008, presenter

**PROFESSIONAL AFFILIATIONS**

American Bar Association

Massachusetts Bar Association

Massachusetts Reinsurance Bar Association

**NOTEWORTHY**

Paul was named a Rising Star by Massachusetts Super Lawyers in 2007.

**NEWS**

Zelle Hofmann Lawyers Win Significant 9/11 Insurance Ruling

**PAST PROFESSIONAL EXPERIENCE**

Jackson County Prosecutors Office, Kansas City, MO 1998 - 2003

Brown & James, P.C, St. Louis, MO 1997 - 1998



**Eric W. Buetzow**
Senior Associate



44 Montgomery Street
Suite 3400
San Francisco, CA 94104
TEL: (415) 633-1922
ebuetzow@zelle.com

**PRACTICE AREAS**

- Antitrust and Unfair Competition
- Business Disputes and Commercial Litigation
- Class Actions
- Intellectual Property

**BAR AND COURT ADMISSIONS**

- State Court: California
- U.S. Court of Appeals: Ninth Circuit
- U.S. District Court: Northern District of California

**EDUCATION**

- University of California, Hastings College of the Law, J.D., *magna cum laude*, 2007: *Order of the Coif*, Thurston Society, Hastings Law Journal
- University of California, Santa Barbara, B.A., *highest honors*, 2003

Eric's practice focuses on complex litigation, primarily in antitrust, unfair competition, and consumer protection matters.  Eric has assisted in the representation of both plaintiffs and defendants in multidistrict litigation class actions involving claims of anticompetitive conduct, unfair business practices, and products liability.  Eric has also assisted in the representation of individual parties in commercial litigation arising from trademark, price discrimination and contract disputes.  In these and other matters, Eric's experience includes factual discovery, pre-trial motion practice, as well as appellate advocacy.

**REPRESENTATIVE MATTERS**

*In re Vitamin C Antitrust Litigation* (antitrust class action)

*In re:  Motor Fuel Temperature Sales Practices Litigation* (consumer protection class action)

*El Sineitti v. ConocoPhillips* (price discrimination)

**ARTICLES & PRESENTATIONS**

"False Advertising: Skinny Girl Wriggles Free, Whilte Pom and Arizona Beverages Fizzle," *Supermarket News - Refresh Blog*, February 5, 2013, co-author

"Thinking Globally About Price-Fixing Cases," *Competition Law360*, February 22, 2011, co-author

"The General Trend Toward Certification In Canada," *Competition Law360*, August 12, 2010, co-author

"California State Antitrust & Unfair Competition Law," 2009, co-author

**PROFESSIONAL AFFILIATIONS**

American Bar Association

San Francisco Bar Association



**Eric W. Buetzow**

**NEWS**

Zelle Hofmann Obtains Summary Judgment in Pet Food Express Ltd. Breach of Contract Dispute



# ZELLE HOFMANN
ZELLE HOFMANN VOELBEL & MASON LLP

# Heather T. Rankie
Senior Associate



44 Montgomery Street
Suite 3400
San Francisco, CA 94104
TEL: (415) 633-1917
FAX: (415) 693-0770
hrankie@zelle.com

**PRACTICE AREAS**

- Antitrust and Unfair Competition
- Business Disputes and Commercial Litigation
- Class Actions

**BAR AND COURT ADMISSIONS**

- State Court: California
- U.S. District Court: Northern District of California
- U.S. Court of Appeals: Ninth Circuit

**EDUCATION**

- University of Washington School of Law, J.D., 2009
- Middlebury College, B.A., *cum laude*, 2003

Heather's practice is devoted to complex civil litigation, with a focus on antitrust and unfair competition. She has represented consumers or businesses in actions involving price fixing, price discrimination, and product tying. Through this, Heather has gained experience in all phases of pre-trial litigation including: pre-complaint investigation, pleading, factual discovery (including electronic discovery), motion practice, settlement, and appellate advocacy. She brings a steadfast commitment to achieving the best result for each client and attention to the details vital to successful resolutions.

Heather has litigated high-stakes matters in a variety of industries, including: electronics, financial services, agribusiness, retail and wholesale consumer goods, and air transportation. For example, she recently represented a class of plaintiffs who achieved settlements with ten defendants totaling $1.082 billion—the largest all-cash consumer recovery for an antitrust case—in *In re TFT-LCD (Flat Panel) Antitrust Litigation* (Northern District of California). Zelle Hofmann served as co-lead counsel, and Heather had an active role in her firm's leadership of the case, as well as substantive responsibility for research, strategy, and briefing of complex legal issues.

Prior to joining Zelle Hofmann, Heather attended the University of Washington School of Law where she served as the Editor-in-Chief for the *Shidler Journal of Law, Commerce & Technology*. She also served as a judicial extern to the Honorable John C. Coughenour, former Chief Judge of the U.S. District Court for the Western District of Washington.

**REPRESENTATIVE MATTERS**

*TFT-LCD (Flat Panel) Antitrust Litigation* (U.S. District Court, Northern District of California) — multidistrict litigation on behalf of nationwide class of indirect purchasers involving claims of price fixing in the TFT-LCD panel market

*Transpacific Air Passenger Antitrust Litigation* (U.S. District Court, Northern District of California) — multidistrict litigation on behalf of a nationwide putative class involving claims of price fixing in the transpacific air passenger market

*Credit/Debit Card Tying Cases* (California Superior Court, San Francisco) — coordinated class action lawsuit on behalf of California consumers involving antitrust and unfair competition claims arising from the defendants' rules



**Heather T. Rankie**

regarding acceptance of their credit and debit cards

**PUBLICATIONS & PRESENTATIONS**

"Incentive Award Guidance From Recent Class Actions," *Competition Law360,* September 6, 2013, co-author

"Indirect-Purchaser Actions," *California Antitrust and Unfair Competition Law*, 2012 edition, chapter co-author

"Why Class Counsel Should Obtain Discovery From Objectors," *Competition Law360,* November 6, 2012, co-author

**PROFESSIONAL AFFILIATIONS**

American Bar Association

Bar Association of San Francisco

**NEWS**

Zelle Hofmann Attorneys Receive Recognition at American Antitrust Institute Awards

Zelle Hofmann Announces Largest-Ever All-Cash Antitrust Consumer Class Settlements, Totaling $1.082 Billion

Zelle Hofmann Attorneys Obtain Preliminary Approval of $539 Million In LCD Class Action Settlements

Zelle Hofmann Attorneys Announce Largest All-Cash Indirect-Purchaser Consumer Settlements in LCD Antitrust Case

Zelle Hofmann Attorneys Defeat Antitrust Defense Based on Foreign Conduct

Zelle Hofmann Selected to Receive the 2011 Minnesota Women Lawyers' Leadership Award

Zelle Hofmann Obtains Summary Judgment in Pet Food Express Ltd. Breach of Contract Dispute



# Antitrust and Unfair Competition

Our approach to antitrust matters is decidedly different from other firms because we commonly represent clients – multi-national corporations, small businesses and consumers – on either side of the docket.  We are selective in the litigation we pursue and consistently position that litigation for success in the courtroom.  We have found this approach yields the best results for our clients, whether at the settlement table or at trial. We carefully consider the objectives and economic realities of each client, looking for the best way to achieve an outcome that meets those needs.

The experience and track record of Zelle Hofmann attorneys in antitrust is recognized in courts across the nation every day. We have recovered billions of dollars for our clients who are plaintiffs, and we have successfully mitigated other clients' most significant exposures. We have substantial experience not just settling antitrust matters, but trying them. Martindale-Hubbell consistently ranks Zelle Hofmann as one of the most active antitrust firms in the United States. Our lawyers are often named to lead counsel positions in class action and multi-district matters, but we are also highly effective in representing antitrust defendants and opt-out plaintiffs.

Zelle Hofmann recognizes that many antitrust matters are increasingly international in scope. We routinely work with clients and foreign counsel in the **United Kingdom**, **European Union**, **Canada** and **China** to coordinate and fully protect our clients' legal and business interests in a global context.

Because of the breadth and depth of our litigation experience, clients often call on us in counseling situations – including consultation on antitrust compliance programs, mergers and acquisitions, and the formation of joint ventures.



## Antitrust Cases

### Examples of Antitrust Cases

*In re TFT-LCD (Flat Panel) Antitrust Litigation (U.S. District Court, N.D. Cal.).* Zelle Hofmann was appointed by the multi-district litigation court to serve as co-lead class counsel for end-user consumers and businesses that purchased TVs, computer monitors, and laptop computer containing LCD screens alleged to have been the subject of one of the largest antitrust cartels in history. All-cash settlements totaling nearly $1.1 billion were reached with the defendants just before trial, leading to one of the largest consumer antitrust recoveries ever obtained.

*In re Vitamin C Antitrust Litigation (U.S. District Court, E.D.N.Y.).* Zelle Hofmann represents one of the largest Chinese pharmaceutical groups in connection with federal and state antitrust class actions filed on behalf of direct and indirect purchasers of vitamin C. This complex, multi-district litigation is the first antitrust case brought against China-based companies in a U.S. court. Zelle Hofmann defended its clients against claims that the Chinese vitamin C manufacturers fixed the price of vitamin C exported to the United States in violation of the Sherman Act. The Chinese vitamin C manufacturers raised an affirmative defense of foreign sovereign compulsion, contending that the alleged conduct at issue was compelled by the Chinese Government. All cases were consolidated in the Eastern District of New York for pretrial purpose and the federal direct purchaser case was tried in early 2013. Zelle Hofmann successfully secured settlement for its clients with direct and indirect purchasers.

*In re Cathode Ray Tubes (CRT) Antitrust Litigation (U.S. District Court, N.D. Cal.).* Zelle Hofmann is one of the plaintiffs' counsel in this antitrust class action on behalf of consumers and businesses in 22 states that bought television and computer monitor products containing Cathode Ray Tubes made by electronics manufacturing giants Samsung, LG, Panasonic, Hitachi, Toshiba and others. Zelle Hofmann attorneys took the lead on researching, briefing and arguing plaintiffs' class certification motion, which was granted and certified 22 statewide damages classes covering an 11 year class period.



*In re Automotive Parts Antitrust Litigation (U.S. District Court, E.D. Mich.).* Zelle Hofmann serves on the Plaintiffs' Executive Committee for the End-Payor Plaintiffs in this antitrust class action on behalf of consumers and businesses that bought vehicles containing auto parts systems made by defendant auto parts manufacturers. These cases involve alleged price fixing and bid rigging conspiracies pertaining to 28 different part systems and over 30 defendant company groups; it is one of the largest criminal antitrust investigations in history of the U.S. Department of Justice.

*Air Cargo Antitrust Litigation (High Court of Justice, London).* Zelle Hofmann represents a major international engineering and manufacturing company, shipping goods by air freight all over the world, in an antitrust lawsuit filed in the United Kingdom to recover the overcharges paid by the company as a result of a conspiracy by several of the world's biggest airlines to fix the prices for international air cargo shipping services.

*Diamonds - Sullivan et al. v. DeBeers et al. (U.S. District Court, D.N.J.).* Zelle Hofmann represented consumers in a class action lawsuit brought on behalf of purchasers of diamonds and diamond jewelry in the United States, alleging that the De Beers group of companies unlawfully monopolized the gem diamonds market. The court approved a class action settlement on April 14, 2008. The settlement created a $295 million Settlement Fund for resellers and consumers who purchased diamonds from January 1, 1994 through March 31, 2006. In addition, as part of the settlement, De Beers agreed to a stipulated injunction, which provides that De Beers will abide by federal and state antitrust laws, will not engage in certain specific conduct to control prices or restrict supply, and will submit to the Court's jurisdiction for the purpose of enforcement of the injunction. The settlement was upheld by the Third Circuit's December 20, 2011 en banc decision. On May 21, 2012, the U.S. Supreme Court denied the objectors' final petition for review.

*Microsoft Antitrust Litigation.* Zelle Hofmann brought Indirect purchaser antitrust class actions in state courts in California, Minnesota, Iowa and Wisconsin, alleging that Microsoft has illegally maintained a monopoly in the market for personal computer operating systems word processing and spreadsheet software. Zelle Hofmann was Co-Lead Counsel in the Minnesota and Iowa cases, both of which were settled in the middle of trial. We were



Liaison Counsel and Chair of the Executive Committee in the California case, and principal counsel in Wisconsin. These cases collectively settled for nearly $1.7 billion, a substantial portion of which went to provide computers and related products to lower-income school districts, in addition to compensating class members. These were the largest settlements of private state court antitrust cases in history.

***Smokeless Tobacco Antitrust Litigation (California Superior Court, San Francisco).*** Zelle Hofmann was a member of Plaintiffs' Executive Committee in this action on behalf of a class of California indirect purchasers of moist snuff products. Plaintiffs alleged that U.S. Smokeless Tobacco monopolized the moist snuff market and engaged in restrictive and exclusionary acts in violation of California state antitrust laws. The case settled for $96,000,000. Under the settlement, class member claimants received cash payments of up to $585. This settlement was one of the largest consumer class action settlements in California state court history, and provided a substantially better recovery to class members than court-approved settlements in related actions against U.S. Smokeless in Wisconsin, Michigan, Minnesota, Kansas, and a 13-state consolidated settlement in Tennessee. Those cases all settled for coupons for U.S. Smokeless moist snuff products rather than for cash payments to class members.

***In re Lithium Ion Batteries Antitrust Litigation (N.D. Cal.).*** Zelle Hofmann serves as court-appointed liaison counsel for a proposed class of direct purchasers of lithium-ion batteries, the dominant form of rechargeable battery found in a variety of consumer electronics. The defendant manufacturers are alleged to have formed a cartel to fix the prices of certain lithium-ion battery cells, in violation of federal antitrust law.

***Vitamins Antitrust Litigation (U.S. District Court, D.D.C.).*** Zelle Hofmann represented a major international food manufacturer as an opt-out plaintiff in a federal antitrust action against domestic and foreign manufacturers of bulk vitamins, vitamin premixes and other vitamin products used in the manufacture of food products. The complaint alleged that the manufacturers violated U.S. antitrust laws by, among other things, conspiring to fix prices, allocate sales and allocate customers. The matter was settled on a highly favorable basis to our client, for significantly more money than could have been achieved through



the class action.

***Cosmetics Antitrust Litigation (U.S. District Court, N.D. Cal.; California Superior Court, Marin County).*** A consumer class action on behalf of California purchasers seeking redress for alleged price-fixing by department stores and manufacturers of high-end cosmetics and beauty products. The case settled for injunctive relief and consideration valued at $175 million.

***DRAM Antitrust Litigation (U.S. District Court, N.D. Cal.; California Superior Court, San Francisco).*** Zelle Hofmann is the Court-appointed Liaison Counsel and a member of plaintiffs' Executive Committee, in a nationwide class action brought by indirect purchasers of DRAM. Plaintiffs allege that DRAM manufacturers conspired to fix the prices from April 1, 1999 through December 31, 2002. The class includes purchasers of computers and other products containing DRAM, and seeks injunctive relief and damages under state and federal laws. The case settled for almost $310 million in cash, plus injunctive relief; the Court granted preliminary approval to the settlement on January 17, 2014. The hearing on final approval of this settlement is currently scheduled for June 25, 2014.

***Intel Corp. Microprocessor Antitrust Litigation (U.S. District Court, D. Del.).*** Zelle Hofmann was appointed by the multi-district litigation court to serve as interim co-lead class counsel in a nationwide class action against Intel on behalf of consumer and business purchasers of x86 microprocessors used in personal computers and other products. The complaint alleges that Intel abused its dominant position in the x86 microprocessor market by, among other things, engaging in exclusive dealing arrangements with various Original Equipment Manufacturers such as Dell, HP, IBM/Lenovo, and NEC in an effort to lock AMD out of several key market segments. The complaint alleges that as a result of these practices consumers and businesses paid artificially high prices for products containing Intel's x86 microprocessors.

***Cast Iron Soil Pipe Antitrust Litigation (U.S. District Court, N.D. Cal.).*** Zelle Hofmann filed a direct purchaser class action against defendant manufacturers of cast iron soil pipe ("CISP") for violations of the federal antitrust laws. Plaintiffs allege a conspiracy among the defendants to fix prices for CISP from 2006 to the present, and that one defendant's acquisition and



liquidation of a competitor's CISP business unlawfully decreased competition in the market for CISP.

***Natural Gas Antitrust Cases (U.S. District Court, D. Nev.; California Superior Court, San Diego).*** Zelle Hofmann was Co-Lead Counsel in the federal class action and a member of the Executive Committee in the state class action against marketers of natural gas in California, alleging violations of the Sherman Act, California Cartwright Act and the Unfair Competition Act. The actions were brought on behalf of direct and indirect persons and entities in California who purchased natural gas between January 1, 2000 and December 31, 2001, i.e., during the California Energy Crisis. The actions alleged that, among other things, the defendants and their co-conspirators engaged in a variety anticompetitive practices which raised interstate natural gas transportation prices, the bundled price of natural gas, spot natural gas prices, and natural gas market basis swap derivative settlement amounts in and for California. The federal class action ended with settlements totaling approximately $26 million, while the state class action resulted in settlements totaling almost $165 million.

***Credit/Debit Card Tying Cases (California Superior Court, San Francisco).*** Zelle Hofmann is lead counsel for a class of California consumers of products and services from retail businesses that accepted and/or issued Visa and MasterCard payment cards, alleging that defendants' violations of the California state antitrust and unfair competition laws resulted in higher prices for consumers. In April 2013, the Superior Court granted final approval to settlements totaling $31 million in cash with defendants.

***Pet Food Express Ltd. v. Royal Canin USA Inc. (N.D. Cal.).*** Zelle Hofmann represented Pet Food Express, a regional pet-supply retailer, in a breach of contract dispute with supplier Royal Canin where the supplier asserted counter-claims based on California unfair competition law. Zelle Hofmann successfully obtained the district court's dismissal of the counter-claims on a motion for summary judgment.

***El Sineitti v. ConocoPhillips Company (California Superior Court, San Francisco).*** Zelle Hofmann represented a major refiner and distributor of petroleum fuel products in defense of price-discrimination claims brought



under California law by a former branded dealer gas station. Zelle Hofmann successfully obtained summary judgment on behalf of its client, and secured a decision from California Court of Appeal affirming the judgment.

***Linerboard Antitrust Litigation (U.S. District Court, E.D. Pa.).*** Zelle Hofmann represented, as opt-outs, three major international food manufacturers in this federal antitrust action against integrated manufacturers of linerboard, corrugated medium, and corrugated containers. Recoveries exceeded the class action settlement value.

***Transpacific Passenger Air Transportation Antitrust Litigation (U.S. District Court, N.D. Cal.).*** Zelle Hofmann represents purchasers of passenger air transportation services for international flights involving at least one flight segment between the United States and Asia/Oceania. Plaintiffs allege that defendant airlines conspired to fix the price of air passenger travel, including associated surcharges, beginning no later than January 1, 2000.

***EPDM Antitrust Litigation (U.S. District Court, D. Conn.)*** Zelle Hofmann represented a large corporate plaintiff, which opted out of a class settlement and pursued separate litigation in connection with an alleged conspiracy to fix prices and allocate market shares by manufacturers of EPDM, a synthetic rubber product.

***Brand Name Prescription Drugs Antitrust Litigation (U.S. District Court, N.D. Ill.).*** A federal antitrust action by plaintiff classes of retail pharmacists alleging price fixing of brand name prescription drugs by two-dozen of the world's largest pharmaceutical manufacturers and wholesalers. The class obtained over $700 million in settlements, plus commitments with respect to future pricing practices.

***UK Cartonboard Matter (High Court of Justice, London).*** A private antitrust action in the United Kingdom on behalf of an international food manufacturer alleging price-fixing by suppliers of packaging materials. Kellogg of Great Britain's claims related to the defendants' participation from mid-1986 until at least April 1991 in a European Community-wide price-fixing conspiracy, as a result of which Kellogg alleged that it was charged excessive prices for cartonboard. Attorneys for Zelle Hofmann negotiated a favorable settlement on its client's behalf.



# Class Actions

Zelle Hofmann attorneys have represented classes of consumers, investors, and businesses and have also defended corporations in class actions in many areas of the law, including antitrust, securities fraud, financial services, consumer rights, unfair competition, unfair business practices, product liability, mass tort, property rights, and ERISA claims.

Our practice is unusual because we have a significant practice on both sides of the aisle. This experience gives us a unique perspective and insights on approaching cases. While a significant portion of our class action cases are part of multi-district litigation proceedings, we are also commonly involved in state court class actions across the country.



## Class Actions

### Examples of Class Action Cases

***Motor Fuel Temperature Sales Practices Litigation.*** Zelle Hofmann is defending a major integrated oil company in a case involving claimed violations of consumer protection statutes and various common law claims under the laws of 25 states. The core allegation is that it is deceptive to sell motor fuel at retail in uniform volumetric gallons without adjusting for the effect of temperature on the energy content of the fuel.

***In re Trans Union Privacy Litigation (N.D. Ill.).*** Zelle Hofmann represents plaintiffs in this class action against Trans Union LLC alleging violation of federal privacy protection statutes in the sale of consumers' personal and financial information. Trans Union is one of the largest credit reporting agencies in the country. The settlement was finally approved by a federal court in Chicago on September 10, 2008, after nearly ten years of hard-fought litigation. The settlement class includes all consumers who had an open credit account or an open line of credit from a credit grantor (including, for instance automobile loans, bank credit cards, department store credit cards, other retail store credit cards, finance company loans, mortgage loans, and student loans) located in the United States anytime from January 1, 1987 to May 28, 2008. Under the settlement, class members are entitled to six or nine months of Trans Union's credit monitoring, credit score and other credit-related services, and a possible cash payment.

Trans Union is also required to pay $75 million into a Settlement Fund, which represents disgorgement of all Trans Union's relevant, realized profits, and which will be used to donate $150,000 to non-profit organizations; to pay for settlements or judgments for damage claims related to lawsuits brought individually by Class members against Trans Union, if any; to pay class counsels' attorneys' fees and their expenses; and to pay the costs of notice and administering the settlement. Any Settlement Fund money remaining after deducting the costs for the above items will be distributed either to class members who register for a possible payment or to non-profit organizations as determined by the court. No amount of the $75 million will revert to Trans Union.



***Microsoft Antitrust Litigation.*** Indirect purchaser antitrust class actions in California, Minnesota, Iowa and Wisconsin alleging that Microsoft has illegally maintained a monopoly in the market for personal computer operating system, word processing and spreadsheet software.

***Fiber Optic Right-of-Way Cases (Multiple State and U.S. Federal Courts).*** In these actions, plaintiff class members allege that the defendant telecommunications companies installed fiber optic cable on or next to railroad, pipeline, energy, or other utility companies' rights-of-way which run through the class members' property and that defendants' installation, maintenance, and operation of their telecommunications networks without the plaintiff class members' consent constitute a trespass that has unjustly enriched defendants. Zelle Hofmann attorneys and their co-counsel have obtained certification of plaintiff classes and settlements have been reached with certain defendants on certain claims.

***Shareholder Litigation (Del.Ch.).*** Zelle Hofmann attorneys represented the chief executive officer and another officer in this class action against them for breach of fiduciary duty in connection with a leveraged buyout. The case was settled in the midst of intensive discovery related to plaintiffs' motion for a preliminary injunction.

***Real Estate Limited Partnership Litigation (N.D.Tex.).*** This was a securities fraud class action by purchasers of interests in 121 limited real estate partnerships. Zelle Hofmann attorneys, together with two other counsel, represented the class. The district court's opinions granting class certification and denying summary judgment are highly favorable to securities plaintiffs and deal with a host of important issues, such as class-wide proof of reliance and causation, typicality of claims, statutes of limitations, scienter and materiality. The case was settled favorably for the class.

***Mortgage Fund Limited Partnership Litigation (D.Ariz.).*** This was a securities fraud class action by purchasers of limited partnership interests in blind pool mortgage funds. The complaint alleged an elaborate Ponzi scheme whereby monies obtained from investors were used to pay distributions to investors in prior limited partnerships. Zelle Hofmann attorneys represented the plaintiff class. This case settled while summary judgment motions were



pending.

***Fiduciary duty claims (Cal. Super. Ct., San Francisco Cty.).*** Zelle Hofmann attorneys represented a corporation in this shareholder class action charging breach of fiduciary duty in connection with the consolidation of a number of limited partnerships. An important issue in the case was whether a breach of fiduciary duty claim can be asserted where full disclosure was made to shareholders and their approval was obtained before the corporation took the actions which are asserted to be breaches of duty. The case was settled.

***Industrial Revenue Bond Litigation (D.Ariz.).*** This was a securities fraud class action by purchasers of industrial revenue bonds that were intended to finance the development of a residential care facility and nursing home. Zelle Hofmann attorneys represented the plaintiff class. The case was settled on a favorable basis, against most of the defendants, along with a related case involving a separate, but similar bond issue.

***Tucker Act Right-of-Way Cases (Multiple U.S. Federal Courts).*** Zelle Hofmann attorneys and their co-counsel are prosecuting several class action lawsuits which challenge the authority of the U. S. Government to take and use property under the Tucker Act (28 U.S.C. 1491). The Surface Transportation Board (STB) has established a policy of "Railbanking" whereby the government asserts an interest in certain abandoned railroad rights-of-way for the purpose of preserving them as transportation corridors. Theorizing that the now abandoned corridors may be needed again for transportation purposes in the future, the government has taken possession of several thousand miles of abandoned railroad rights-of-way. In many cases, the STB has classified the abandoned right-of-way for an "alternative use" which almost always involves the designation of the abandoned right-of-way as a recreational trail.

At the time of their construction, railroads often took deeds for their rights-of-way which provided that, should the right-of-way ever become abandoned, the interest in the real estate which formed the right-of-way would revert back to the underlying or adjoining property owners. Zelle Hofmann attorneys and their co-counsel are representing classes of property owners whose deeds include such reversionary interests, and are challenging the government's taking of these rights-of-way as improper.



***Winery Limited Partnership Litigation (Cal. Super. Ct., Sonoma Cty.).*** Zelle Hofmann attorneys represented a plaintiff class in this securities fraud case brought on behalf of a nationwide class of investors in limited partnerships formed to purchase and operate wineries. The case was settled favorably to the class.



# Discovery

### Discovery Strategies – What We Can Do

When an organization faces litigation, information – particularly electronically stored information – matters more than ever.  When you or your clients face litigation that requires electronic discovery, Zelle Hofmann's Information Law Practice offers **best-of-class skills and** resources that most organizations and law firms simply do not have available in-house.  We are able to partner with other law firms or work directly with businesses and in-house counsel, as e-discovery counsel and as experts, on specific cases and in the creation of company-wide litigation response and management and programs. We listen and tailor our involvement to the needs of the case and the organization or firm that retains us.  Our goal is to provide efficient, cost-effective discovery support that frees our clients to focus on the merits of the litigation and on running their businesses.

We welcome your inquiries about our services, which include the following.

### Case-Specific Discovery Support

- Working closely with merits counsel to develop an electronic discovery strategy.

- Help in negotiating the scope of relevant discovery with opposing counsel.

- Identification and location of relevant and responsive information in the client's control.

- Advice on and assistance in the preservation of relevant information.

- Advice and counsel in conducting discovery conferences and handling discovery disputes with opposing counsel.

- Assistance in identification and management of the client's discovery response team.

- Preparation of witnesses for technology-related depositions or trial testimony.

- Aid in determining the nature and extent of discovery technology services



# Discovery

(including TAR) appropriate to the litigation.

- Assistance in the selection of a discovery technology vendor to move, store, process, and aid in the review of relevant information.

- Providing or managing discovery technology services to move, store, process, and aid in the review of relevant information.

- Conducting or managing document review and analysis.

**Litigation Response and Management**

Organizations that regularly face litigation and electronic discovery may be best served by creating a litigation response and management program.  Such a program anticipates the demands of litigation and prepares the organization to respond to those demands swiftly, consistently, defensibly, and with minimal disruption.  We can assist in this effort through the following services:

- Assessment of litigation response readiness and identification of areas for improvement.

- Creation or updating of policies and procedures for handling discovery.

- Assistance in the formation and training of in-house discovery response teams.

- Assistance in the identification of discovery tools and technology that clients may consider bringing in house.

- Service as national discovery counsel, which allows us to learn the client's business and systems and provide strategic discovery advice based on the client's caseload and litigation history.



## Legal Technology

**Several years ago Zelle Hofmann – like many of our clients – faced a choice. We could continue to place ourselves at the mercy of e-discovery vendors in major cases where we fronted the litigation costs, or we could come up with a better way. We chose a better way - and it has made all the difference.**

The solution was simple in concept: (1) make sure that we understand the law and requirements of e-discovery as well as the best experts so that we can make informed decisions about what we really do and don't need to do; (2) control the e-discovery process up front, working with co-counsel (or the court) to get reasonable limits on scope and form of production in place from the outset; and (3) employ best-of-class technology tools and solutions for document review and production.

This led to the formation of the firm's **Information Law practice** and our **Legal Technology Group**.

The Legal Technology Group is operated as a boutique service provider, designed to provide our clients with the highest quality services and state-of-the-art technology they would expect to find at any highly respected national service provider. Click on the links below to learn more about our best-in-class technology, the related services we offer, and our commitment to our clients.



## Our Technology

Zelle Hofmann has implemented a model for providing clients with the best-of-class legal technology, along with an incredibly talented Legal Technology staff, and industry best practices in a program designed for continuous improvement. Below are descriptions of the key legal technology software platforms available at Zelle Hofmann.

BIA's **TotalDiscovery** is an online eDiscovery solution available through a secure internet portal that integrates legal hold and remote data collections, as well as initial analysis and review tools. Zelle uses TotalDiscovery as an on-demand service to easily and defensibly collect data from around the globe and quickly deliver documents to Zelle for analysis and review.

**LAW PreDiscovery** from LexisNexis is an imaging and electronic discovery application that allows Zelle to process scanned documents and convert load files for review and production.

**Nuix eDiscovery** is a powerful software suite used for electronic document processing, investigations, and data analysis. Nuix enables Zelle to rapidly process large data collections, search for data patterns and critical evidence, and cull non-relevant data in bulk prior to review.

**Brainspace** (f/k/a PureDiscovery) provides Zelle Hofmann with advanced, state-of-the-art data analytics and visualization tools, as well as semantic concept searching, data clustering and classification, and near-duplication identification. With Brainspace, Zelle Hofmann attorneys are able to quickly locate themes and communication patterns in large data sets, identify relevant batches of documents, and review documents in bulk.

**Relativity** is a web-based, electronic discovery software solution for the review and management of ESI and paper-based data. Relativity provides law firms powerful, easy-to-use features to streamline workflows and create cost efficiencies.

**Case Notebook** from Thompson Reuters simplifies the organization of case information for attorneys, allowing them to easily locate and interconnect relevant facts, documents, transcript materials, case law developments, and



witness information. **Case Timeline** quickly formats and displays relevant facts and dates to provide visual information and to create demonstrative exhibits for hearings and trials. **TrialDirector** presentation software gives Zelle attorneys the ability to organize exhibits and depositions, and enhance their case presentations at hearings and trial.



# Our Legal Technology Services

Zelle Hofmann has invested in people, processes and technology to offer cost-effective in-house alternatives to vendors. Our Legal Technology Group (LTG) personnel have advanced training in E-discovery rules, technology and processes designed to efficiently manage and search huge volumes of data.

### Preservation & Collection

- Using BIA TotalDiscovery, preserve and collect data from laptop and desktop computers and shared network drives, online email accounts, social media accounts, and other networked data sources.

### Processing

- ESI processing workflows are designed to maintain defensibility, avoid spoliation, protect against loss or alteration, and track chain of custody
- Apply optical character recognition (OCR) to scanned documents
- Apply batch coding
- Create or convert database load files
- Remove system and application files (a/k/a De-NIST)
- Convert native files to TIFF or PDF images
- Extract text from native files, including metadata, in English and most foreign languages
- Identify and remove duplicate files (a/k/a Deduplicate)

### Analysis

- Filter ESI by various metadata fields, including dates, names, email addresses, etc.
- Cluster similar documents to include or exclude in bulk for subsequent review
- Identify near-duplicates for subsequent review
- Run concept searches to locate documents based on semantic themes



- Conduct Social Networking Analysis (SNA) to determine key custodians and witnesses, communication patterns, and focus on the most likely sources of valuable evidence
- Create batches of similar, likely relevant documents for improved review speed

**Review**

- Web-based, state of the art review platform that can be accessed from anywhere in the world using the same web data transfer security protocols used by most major financial institutions, and is scalable for reviews of nearly any size
- Review native documents, TIFF images, extracted text and metadata in unified platform
- Implement advanced coding options and workflows
- Foreign language text compatible, including Chinese, Japanese, Korean, German, Cyrillic, Hebrew, Arabic, and more
- Create and check-out/in batch review sets for managing large scale document reviews

**Production**

- Produce natives, TIFFs and load files with metadata as required.
- Apply multiple redactions and highlighting to documents for different productions
- Bates stamp and endorse documents as required
- Simultaneous exports of multiple productions

**Presentation**

- Producing witness and deposition binders
- Transcript management
- Video synchronization with transcripts
- Electronic linking of transcripts and exhibits



- Developing fact outlines and tracking of potential exhibits and the cast of characters (parties, custodians, deponents, witnesses)
- Manual and auto-creation of digital timelines
- Digital graphical presentations for hearings and trial



ZELLE HOFMANN VOELBEL & MASON LLP

## Our Legal Technology Commitment

At Zelle Hofmann, we continuously strive to provide our clients with the highest quality. In the realm of legal technology, we focus on:

**Ingenuity.** "The power of creative imagination." Ingenuity is the catalyst we use in mixing technology, scientific principles, and intelligent processes to come up the best solution - ensuring defensibility and appropriate protection and achieving maximum cost efficiency.

**Defensibility.** When making decisions about E-Discovery, a key consideration is defensibility. Defensibility comes down to ensuring that the processes and technologies used, the people who choose and employ them, and the results of their efforts all meet the legal requirements associated with litigation, including (1) avoiding spoliation while preserving, collecting and handling ESI, (2) protecting against loss or alteration of ESI during the discovery process, (3) meeting discovery obligations in a complete and timely manner, and (4) meeting the requirements for admissibility, including authentication and best evidence.

**Protection.** We appreciate that our clients entrust us to protect their confidences. The protection of those confidences is at the core of the attorney-client relationship. Zelle Hofmann's E-Discovery and Legal Technology systems are designed to provide our clients, their information and their confidences, with the highest industry standards for protection against loss, theft and disclosure.

**Cost Savings.** Soaring volumes of ESI directly correlate with soaring costs of E-Discovery. At Zelle Hofmann, we pride ourselves in understanding clients' needs and working with them to find cost savings throughout the litigation lifecycle. This requires using appropriate tools and best practices to reduce the amount of information that ultimately must be reviewed. By processing and hosting ESI internally, Zelle Hofmann creates workflow efficiencies and eliminates vendor profit margins yielding better service at a lower cost to clients.

**Leadership.** As E-Discovery and litigation technology become more prevalent



in the daily practice of law, Zelle Hofmann has taken a leading role in major standard setting organizations.

**Excellence.** Everything at Zelle Hofmann is geared towards providing our clients with excellent service. We have heavily invested in people, processes and technology required to provide our clients with the highest standards of excellence in managing E-Discovery, controlling costs, ensuring defensibility and protection, and coming up with resourceful solutions to the most complex E-Discovery problems.

Exhibit 2

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | 2007 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Corbitt (P) | $ 750.00 | 8.7 | | | | | | | | 4.6 | 0.5 | | | 13.8 | $ 10,350.00 |
| Chris Micheletti (P) | $ 625.00 | 5.85 | | | | | | | | | | | | 5.85 | $ 3,656.25 |
| Judith Zahid (P) | $ 455.00 | 5.5 | | | | | | | | | 3.7 | | | 9.2 | $ 4,186.00 |
| Matthew Schultz (P) | $ 475.00 | 0.9 | | | | | | | | 2.5 | 35.0 | | | 38.4 | $ 18,240.00 |
| Qianwei Fu (A) | $ 370.00 | 1.5 | | | | | | | | 3.9 | | | | 5.4 | $ 1,998.00 |
| Monica Steele (PL) | $ 195.00 | | | | | | | | | | 6.5 | | | 6.5 | $ 1,267.50 |
| Denise Lamb (PL) | $ 195.00 | | | | | | | | | | 1.5 | | | 1.5 | $ 292.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 22.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 11.0 | 47.2 | 0.0 | 0.0 | 80.65 | $ 39,990.25 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | 2008 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Corbitt (P) | $ 800.00 | 40.00 | 2.00 | | 1.00 | | | | | 23.50 | 1.00 | 7.80 | | 75.30 | $ 60,240.00 |
| Chris Micheletti (P) | $ 675.00 | 1.2 | | | 0.9 | | | | | | | | | 2.10 | $ 1,417.50 |
| Judith Zahid (P) | $ 510.00 | | 1.8 | | 7.3 | | | | | | 23.0 | | | 32.10 | $ 16,371.00 |
| Jose Umbert (P) | $ 460.00 | 9.4 | | | | | | | | | | | | 9.40 | $ 4,324.00 |
| Matthew Schultz (P) | $ 550.00 | 0.8 | | | | | | | | | 22.3 | | | 23.10 | $ 12,705.00 |
| Traviss Galloway (A) | $ 435.00 | 42.5 | | | 5.5 | | | | | 21.9 | 36.9 | | | 106.80 | $ 46,458.00 |
| Qianwei Fu (A) | $ 410.00 | 7.60 | 0.50 | | 23.30 | | | | | 81.40 | 24.00 | | | 136.80 | $ 56,088.00 |
| Jane Yi (A) | $ 370.00 | | | | | | | | | 10.8 | | | | 10.80 | $ 3,996.00 |
| Cate Cusick (PL) | $ 210.00 | 5.5 | | | | | | | | | 12.0 | | | 17.50 | $ 3,675.00 |
| Robert Newman (PL) | $ 250.00 | 2.5 | | | | | | | | | 0.3 | | | 2.80 | $ 700.00 |
| Ivy Zabala (PL) | $ 250.00 | 0.3 | | | | | | | | | | | | 0.30 | $ 75.00 |
| Monica Steele (PL) | $ 210.00 | | | | | | | | | | 4.5 | | | 4.50 | $ 945.00 |
| Denise Lamb (PL) | $ 210.00 | 10.5 | | | 1.5 | | | | | 18.2 | 17.6 | | | 47.80 | $ 10,038.00 |
| Marie Babione (PL) | $ 210.00 | 1.1 | | | 6.0 | | | | | 48.0 | 5.3 | | | 60.40 | $ 12,684.00 |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | - |
| | | | | | | | | | | | | | | 0.00 | - |
| | | 121.4 | 4.3 | 0.0 | 45.5 | 0.0 | 0.0 | 0.0 | 0.0 | 203.8 | 146.9 | 7.8 | 0.0 | 529.70 | 229,716.50 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | 2009 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Corbitt (P) | $ 850.00 | 58.60 | 10.00 | | 2.00 | | | | 2.00 | 1.00 | 61.40 | 14.10 | | 149.10 | $ 126,735.00 |
| Judith Zahid (P) | $ 570.00 | 24.00 | | | 34.60 | | | | | | | | | 58.60 | $ 33,402.00 |
| Qianwei Fu (A) | $ 460.00 | 30.30 | | | 12.20 | | | 31.00 | 1.50 | | 96.00 | | | 171.00 | $ 78,660.00 |
| Patrick Clayton (A) | $ 460.00 | 17.70 | | | 51.00 | | | | | | 54.60 | | | 123.30 | $ 56,718.00 |
| Robert Newman (PL) | $ 260.00 | 0.90 | | | 0.30 | | | | | | 1.70 | | | 2.90 | $ 754.00 |
| Monica Steele (PL) | $ 220.00 | | | | | | | | | | 1.00 | | | 1.00 | $ 220.00 |
| Marie Babione (PL) | $ 220.00 | 36.20 | | | 33.70 | | | | | | 5.00 | | | 74.90 | $ 16,478.00 |
| | | | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | 167.7 | 10.0 | 0.0 | 133.8 | 0.0 | 0.0 | 31.0 | 3.5 | 1.0 | 219.7 | 14.1 | 0.0 | 580.80 | $ 312,967.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | 2010 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Corbitt (P) | $ 850.00 | 28.80 | 12.50 | | 6.00 | | | | 1.40 | 2.20 | 22.70 | 3.90 | | 77.50 | $ 65,875.00 |
| Chris Micheletti (P) | $ 740.00 | 3.20 | | | | | | | | | | | | 3.20 | $ 2,368.00 |
| Judith Zahid (P) | $ 590.00 | 26.25 | 4.10 | | 0.80 | | | | | | | | | 31.15 | $ 18,378.50 |
| Paul Sullivan (P) | $ 610.00 | 16.40 | | | 3.30 | | | | | 3.20 | | | | 22.90 | $ 13,969.00 |
| Qianwei Fu (A) | $ 485.00 | 70.70 | 8.70 | | 177.40 | | | | 2.10 | 13.50 | 89.50 | | | 361.90 | $ 175,521.50 |
| Patrick Clayton (A) | $ 485.00 | 1.00 | | | 18.00 | | | | 4.50 | 1.00 | | | | 24.50 | $ 11,882.50 |
| Demetrius Lambrinos (A) | $ 460.00 | 69.50 | 13.00 | | 138.00 | | | 5.50 | | | 152.50 | | | 378.50 | $ 174,110.00 |
| Jane Yi (A) | $ 420.00 | 0.70 | | | | | | | | | | | | 0.70 | $ 294.00 |
| Christine Phan (A) | $ 420.00 | | | | | | | | | 31.10 | | | | 31.10 | $ 13,062.00 |
| Karen Chagnon (PL) | $ 250.00 | 0.70 | | | | | | | | | | | | 0.70 | $ 175.00 |
| Robert Newman (PL) | $ 260.00 | 1.20 | | | | | | | | | | | | 1.20 | $ 312.00 |
| Ivy Zabala (PL) | $ 290.00 | | | | 0.70 | | | | | | | | | 0.70 | $ 203.00 |
| Eric Mandel (Lit Supp) | $ 535.00 | 37.40 | | | 85.40 | | | | | 0.70 | | | | 123.50 | $ 66,072.50 |
| Phillip Jennings (Lit Supp) | $ 290.00 | 0.40 | | | | | | | | | | | | 0.40 | $ 116.00 |
| Denise Lamb (PL) | $ 220.00 | 10.50 | | | | | | | | | | | | 10.50 | $ 2,310.00 |
| Marie Babione (PL) | $ 220.00 | 47.60 | | | 5.00 | | | 18.00 | | | 0.80 | | | 71.40 | $ 15,708.00 |
| Judy Bergquist (Lit Supp) | $ 295.00 | | | | | | | 1.60 | | | | | | 1.60 | $ 472.00 |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | 314.35 | 38.30 | 0.00 | 434.60 | 0.00 | 0.00 | 25.10 | 8.00 | 51.70 | 265.50 | 3.90 | 0.00 | 1,141.45 | $ 560,829.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | 2011 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Corbitt (P) | $ 900.00 | 45.20 | 8.00 | | 1.00 | | | | 2.20 | 0.50 | 1.50 | 1.50 | | 59.90 | $ 53,910.00 |
| Chris Micheletti (P) | $ 800.00 | 0.90 | | | | | | | | | | | | 0.90 | $ 720.00 |
| Judith Zahid (P) | $ 660.00 | 84.50 | | | | | | | | | | | | 84.50 | $ 55,770.00 |
| Paul Sullivan (P) | $ 660.00 | 15.60 | | 6.40 | 11.00 | | | | | 15.10 | 88.80 | | | 136.90 | $ 90,354.00 |
| Qianwei Fu (A) | $ 535.00 | 44.30 | | | 57.00 | | | | 4.50 | 32.50 | | | | 138.30 | $ 73,990.50 |
| Patrick Clayton (A) | $ 535.00 | | | | | | | | | 1.00 | | | | 1.00 | $ 535.00 |
| Demetrius Lambrinos (A) | $ 505.00 | 399.00 | | | 330.50 | | | 8.50 | 7.50 | 80.00 | | | | 825.50 | $ 416,877.50 |
| Erin Roth (A) | $ 455.00 | 0.20 | | | | | 0.60 | | | | | | | 0.80 | $ 364.00 |
| Christine Phan (A) | $ 455.00 | | | | 11.70 | | | | | 58.10 | 35.90 | | | 105.70 | $ 48,093.50 |
| Darcy Miller (PL) | $ 225.00 | | | | | | | | | 0.10 | | | | 0.10 | $ 22.50 |
| Karen Chagnon (PL) | $ 260.00 | | | | | | | | | | 8.60 | | | 8.60 | $ 2,236.00 |
| Robert Newman (PL) | $ 275.00 | 2.10 | | | | | | | | 0.40 | | | | 2.50 | $ 687.50 |
| Ivy Zabala (PL) | $ 290.00 | | | | | | | | | 0.40 | | | | 0.40 | $ 116.00 |
| Jeffrey Gordon (PL) | $ 225.00 | 10.40 | | | | | | | | 14.90 | | | | 25.30 | $ 5,692.50 |
| Eric Mandel (Lit Supp) | $ 580.00 | 237.90 | | | 14.00 | | | | | | | | | 251.90 | $ 146,102.00 |
| Michael Punt (PL) | $ 295.00 | 0.70 | | | | | | | | | | | | 0.70 | $ 206.50 |
| Melanie Kremer (PL) | $ 290.00 | | | | 0.50 | | | | | | | | | 0.50 | $ 145.00 |
| Denise Lamb (PL) | $ 230.00 | 2.00 | | | 4.50 | | | 57.50 | | | | | | 64.00 | $ 14,720.00 |
| Marie Babione (PL) | $ 235.00 | 4.50 | | | 2.80 | | | 144.90 | | | | | | 152.20 | $ 35,767.00 |
| Judy Bergquist (Lit Supp) | $ 295.00 | | | | | | | 0.10 | | | | | | 0.10 | $ 29.50 |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | 847.30 | 8.00 | 6.40 | 433.00 | 0.00 | 0.60 | 211.00 | 14.20 | 203.00 | 134.80 | 1.50 | 0.00 | 1,859.80 | $ 946,339.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | 2012 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Corbitt (P) | $ 875.00 | 83.30 | 4.00 | | | 9.50 | | | | | 22.50 | 1.50 | | 120.80 | 105,700.00 |
| Chris Micheletti (P) | $ 800.00 | 64.00 | 5.10 | | 0.30 | 11.00 | 10.70 | | | 25.70 | 68.50 | 11.60 | | 196.90 | 157,520.00 |
| Judith Zahid (P) | $ 660.00 | 110.00 | 4.70 | | | 139.30 | 37.70 | | | | 59.20 | | | 350.90 | 231,594.00 |
| Michael Christian (P) | $ 650.00 | 294.90 | | | 138.50 | | 26.20 | | 0.30 | | 100.40 | | | 560.30 | 364,195.00 |
| Qianwei Fu (A) | $ 540.00 | 102.50 | | | 81.30 | 58.90 | | 101.80 | 1.20 | 6.30 | 258.40 | | | 610.40 | 329,616.00 |
| Patrick Clayton (A) | $ 540.00 | | | | 0.50 | | | | | 8.00 | 7.00 | | | 15.50 | 8,370.00 |
| Demetrius Lambrinos (A) | $ 535.00 | 268.00 | | | 487.50 | 325.50 | 63.00 | 58.50 | | 1.50 | 3.00 | | | 1207.00 | 645,745.00 |
| Eric Buetzow (A) | $ 505.00 | 0.50 | 4.00 | | | | | | | 20.50 | 119.00 | | | 144.00 | 72,720.00 |
| Darcy Miller (PL) | $ 225.00 | 0.20 | | | | | | | | | | | | 0.20 | 45.00 |
| Terry Bremer (PL) | $ 220.00 | 10.10 | | | | | | | | | | | | 10.10 | 2,222.00 |
| Robert Newman (PL) | $ 275.00 | 49.80 | | | 67.60 | 88.40 | | 30.80 | | 1.10 | 83.60 | 0.40 | | 321.70 | 88,467.50 |
| Monica Steele (PL) | $ 220.00 | | | | | | | | | | 10.20 | | | 10.20 | 2,244.00 |
| Eric Mandel (Lit Supp) | $ 640.00 | 16.70 | | | | | | | | | | | | 16.70 | 10,688.00 |
| Andrew Biancini (PL) | $ 290.00 | 3.00 | | | | | | | | | | | | 3.00 | 870.00 |
| Melanie Kremer (PL) | $ 290.00 | 4.50 | | | | | | | | | | | | 4.50 | 1,305.00 |
| Denise Lamb (PL) | $ 230.00 | 57.00 | | | | 62.50 | | 9.50 | | | 39.00 | | | 168.00 | 38,640.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | 1064.50 | 17.80 | 0.00 | 775.70 | 695.10 | 137.60 | 200.60 | 1.50 | 63.10 | 770.80 | 13.50 | 0.00 | 3,740.20 | 2,059,941.50 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | 2013 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Corbitt (P) | $ 875.00 | 60.00 | 8.00 | | | 29.00 | 16.00 | | | | 56.50 | 13.00 | | 182.50 | 159,687.50 |
| Chris Micheletti (P) | $ 800.00 | 25.60 | 10.20 | | | 25.30 | | | 11.80 | 23.20 | 696.70 | 1.70 | | 794.50 | 635,600.00 |
| Judith Zahid (P) | $ 675.00 | 96.60 | 13.20 | | | 209.50 | 63.30 | | | | 344.80 | | | 727.40 | 490,995.00 |
| Jose Umbert (P) | $ 625.00 | 0.70 | | | | | | | | | | | | 0.70 | 437.50 |
| Michael Christian (P) | $ 650.00 | 27.80 | | | | | | | | | 156.30 | | | 184.10 | 119,665.00 |
| Qianwei Fu (A) | $ 580.00 | 18.30 | | | | 17.40 | | 43.40 | | 18.20 | 22.70 | | | 120.00 | 69,600.00 |
| Patrick Clayton (A) | $ 580.00 | 1.50 | | | | | | | | | 8.00 | | | 9.50 | 5,510.00 |
| Demetrius Lambrinos (A) | $ 535.00 | 82.50 | | | 3.00 | 527.50 | 107.00 | 32.00 | | | 3.00 | | | 755.00 | 403,925.00 |
| Heather Rankie (A) | $ 480.00 | | | | | 19.50 | 29.60 | | | | 233.10 | 1.70 | | 283.90 | 136,272.00 |
| Robert Newman (PL) | $ 275.00 | 27.30 | | | 6.20 | 418.30 | | 5.30 | | 2.40 | 95.80 | | | 555.30 | 152,707.50 |
| Monica Steele (PL) | $ 235.00 | | | | 1.00 | | | | | | 23.50 | | | 24.50 | 5,757.50 |
| Eric Mandel (Lit Supp) | $ 640.00 | 1.70 | | | 0.90 | | | 14.60 | | | | | | 17.20 | 11,008.00 |
| Andrew Biancini (PL) | $ 290.00 | 0.30 | | | | | | | | | | | | 0.30 | 87.00 |
| Denise Lamb (PL) | $ 230.00 | 255.20 | | | | 194.50 | | | | | 10.00 | | | 459.70 | 105,731.00 |
| Marie Babione (PL) | $ 235.00 | | | | | | | | | | 36.60 | | | 36.60 | 8,601.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | 597.50 | 31.40 | 0.00 | 11.10 | 1441.00 | 215.90 | 95.30 | 11.80 | 43.80 | 1687.00 | 16.40 | 0.00 | 4,151.20 | 2,305,584.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | 2014 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Corbitt (P) | $ 875.00 | 27.10 | | | | 0.50 | | | 40.70 | | 5.50 | 3.00 | | 76.80 | 67,200.00 |
| Chris Micheletti (P) | $ 800.00 | 156.30 | 7.00 | | 2.70 | 285.50 | 75.70 | | 143.80 | 6.30 | 72.20 | 1.40 | 166.90 | 917.80 | 734,240.00 |
| Judith Zahid (P) | $ 675.00 | 52.90 | | | 3.20 | 237.00 | 88.20 | 1.20 | 43.10 | | 69.70 | | 37.60 | 532.90 | 359,707.50 |
| Qianwei Fu (A) | $ 580.00 | 174.20 | | | 145.20 | 243.00 | 48.20 | 300.50 | | 8.50 | 146.40 | | 36.80 | 1,102.80 | 639,624.00 |
| Patrick Clayton (A) | $ 580.00 | 4.50 | | | | 2.00 | | | | 7.50 | | | | 14.00 | 8,120.00 |
| Heather Rankie (A) | $ 505.00 | | | | | | | | | | 1.50 | | | 1.50 | 757.50 |
| Robert Newman (PL) | $ 275.00 | 8.90 | | | 1.70 | 69.90 | | | 6.20 | 6.70 | 1.70 | | 1.00 | 96.10 | 26,427.50 |
| Monica Steele (PL) | $ 235.00 | 0.70 | | | | 17.00 | | | | | | | | 17.70 | 4,159.50 |
| Marie Babione (PL) | $ 235.00 | | | | | 15.00 | | | 11.00 | | | | | 26.00 | 6,110.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | 424.6 | 7.0 | 0.0 | 152.8 | 869.9 | 212.1 | 301.7 | 244.8 | 29.0 | 297.0 | 4.4 | 242.3 | 2785.6 | $ 1,846,346.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | 2015 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Chris Micheletti (P) | $ 800.00 | 6.80 | | | | | | | | | 5.40 | 16.40 | 316.30 | 344.90 | 275,920.00 |
| Judith Zahid (P) | $ 675.00 | 3.50 | | | | | | | | | | 0.50 | 27.90 | 31.90 | 21,532.50 |
| Michael Christian (P) | $ 650.00 | | | | | | | | | | | | 58.50 | 58.50 | 38,025.00 |
| Qianwei Fu (A) | $ 580.00 | 0.30 | | | | | | | | | 7.70 | | 155.60 | 163.60 | 94,888.00 |
| Robert Newman (PL) | $ 275.00 | 0.40 | | | | | | | 1.00 | | 0.70 | 3.40 | 30.00 | 35.50 | 9,762.50 |
| Marie Babione (PL) | $ 235.00 | | | | | 1.50 | | | | 0.50 | | | 27.50 | 29.50 | 6,932.50 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | | | | | | | | | | | | | 0.00 | 0.00 |
| | | 11.00 | 0.00 | 0.00 | 0.00 | 1.50 | 0.00 | 0.00 | 1.00 | 0.50 | 13.80 | 20.30 | 615.80 | 663.90 | 447,060.50 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | Inception through May 31, 2015 |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 22.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 11.0 | 47.2 | 0.0 | 0.0 | 80.65 | $ 39,990.25 |
| 2008 | | 121.4 | 4.3 | 0.0 | 45.5 | 0.0 | 0.0 | 0.0 | 0.0 | 203.8 | 146.9 | 7.8 | 0.0 | 529.70 | $ 229,716.50 |
| 2009 | | 167.7 | 10.0 | 0.0 | 133.8 | 0.0 | 0.0 | 31.0 | 3.5 | 1.0 | 219.7 | 14.1 | 0.0 | 580.80 | $ 312,967.00 |
| 2010 | | 314.4 | 38.3 | 0.0 | 434.6 | 0.0 | 0.0 | 25.1 | 8.0 | 51.7 | 265.5 | 3.9 | 0.0 | 1141.45 | $ 560,829.00 |
| 2011 | | 847.3 | 8.0 | 6.4 | 433.0 | 0.0 | 0.6 | 211.0 | 14.2 | 203.0 | 134.8 | 1.5 | 0.0 | 1859.80 | $ 946,339.00 |
| 2012 | | 1064.5 | 17.8 | 0.0 | 775.7 | 695.1 | 137.6 | 200.6 | 1.5 | 63.1 | 770.8 | 13.5 | 0.0 | 3740.20 | 2,059,941.50 |
| 2013 | | 597.5 | 31.4 | 0.0 | 11.1 | 1441.0 | 215.9 | 95.3 | 11.8 | 43.8 | 1687.0 | 16.4 | 0.0 | 4151.20 | $ 2,305,584.00 |
| 2014 | | 424.6 | 7.0 | 0.0 | 152.8 | 869.9 | 212.1 | 301.7 | 244.8 | 29.0 | 297.0 | 4.4 | 242.3 | 2785.6 | $ 1,846,346.00 |
| 2015 | | 11.0 | 0.0 | 0.0 | 0.0 | 1.5 | 0.0 | 0.0 | 1.0 | 0.5 | 13.8 | 20.3 | 615.8 | 663.9 | $ 447,060.50 |
| | | 3570.8 | 116.8 | 6.4 | 1986.5 | 3007.5 | 566.2 | 864.7 | 284.8 | 606.9 | 3582.7 | 81.9 | 858.1 | 15533.30 | $ 8,748,773.75 |

| STATUS: | | CATEGORIES: |
|---|---|---|
| (P) | Partner | 1 Attorney Meeting/Strategy |
| (OC) | Of Counsel | 2 Court Appearance |
| (A) | Associate | 3 Client Meeting |
| (LC) | Law Clerk | 4 Draft Discovery Requests or Responses |
| (PL) | Paralegal | 5 Deposition Preparation |
| (I) | Investigator | 6 Attend Deposition - Conduct/Defend |
| | | 7 Document Review |
| | | 8 Experts - Work or Consult |
| | | 9 Research |
| | | 10 Motions/Pleadings |
| | | 11 Settlement |
| | | 12 Trial |

# Exhibit 3

**EXHIBIT 3**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**EXPENSE SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle Hofmann Voelbel & Mason LLP |
|---|---|
| Reporting Year | Inception through May 31, 2015 |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| | | |
| Assessments | $ | 25,000.00 |
| Outside Copies | $ | 4,934.20 |
| In-house Reproduction /Copies | $ | 74,416.80 |
| Court Costs & Filing Fees | $ | 735.00 |
| Court Reporters & Transcripts | $ | 1,094.80 |
| Computer Research | $ | 15,040.67 |
| Telephone & Facsimile | $ | 6,695.54 |
| Postage/Express Delivery/Courier | $ | 3,810.63 |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts | | |
| Witness / Service Fees | $ | 9,101.30 |
| Travel: Airfare | $ | 12,173.00 |
| Travel: Lodging/Meals | $ | 12,588.13 |
| Travel: Other (mileage, tips, etc.) | $ | 515.32 |
| Car Rental/Cabfare/Parking | $ | 2,775.19 |
| Other Expenses:  Evidence Storage | $ | 65.92 |
| | | |
| | $ | 168,946.50 |