# Exhibit 6

1   Josef D. Cooper (53015)
    Tracy R. Kirkham (69912)
2   John D. Bogdanov (215830)
    **COOPER & KIRKHAM, P.C.**
3   357 Tehama Street, Second Floor
    San Francisco, CA 94103
4   Telephone: (415) 788-3030
    Facsimile: (415) 882-7040
5   Email: jdc@coopkirk.com
            trk@coopkirk.com
6           jdb@coopkirk.com

7   *Counsel for California Class Representative Steven Ganz*
    *and Indirect Purchaser Plaintiffs*

8

9

10                 **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12                    **SAN FRANCISCO DIVISION**

13

| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 MDL No. 1917 |
|---|---|
| | **CLASS ACTION** |
| This Document Relates to: | **DECLARATION OF JOSEF D. COOPER IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS** |
| All Indirect Purchaser Actions | Judge: Honorable Samuel Conti Courtroom One, 17th Floor |

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Josef D. Cooper, declare as follows:

1.      I am an attorney licensed to practice before the courts of the states of California, Illinois and Hawaii, and a Principal in the law firm Cooper & Kirkham, P.C. ("Cooper & Kirkham").  I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to them.  I make this Declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

2.      My firm is counsel of record in this case for named plaintiff and California class representative Steven Ganz, and counsel for the plaintiffs and class representatives in plaintiffs' consolidated amended complaints.  My firm resume, which gives brief biographies of the attorneys in my firm who worked on this case, as well as a description of other similar litigation undertaken by the firm, is attached as Exhibit 1 and incorporated herein by reference.

3.      Cooper & Kirkham has prosecuted this litigation solely on a contingent-fee basis, and has been completely at risk that it would not receive any compensation for prosecuting the claims against the defendants.  While the firm devoted its time and resources to this matter, it has foregone other legal work, including hourly work, for which it would have been compensated.

4.      Throughout the course of this litigation, my firm kept records contemporaneously documenting all time spent, including tasks performed and expenses incurred, and transmitted those reports on a regular basis to Lead Counsel.  All of the time and expenses reported by my firm were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

5.      I was the principal in charge of this case at my firm, and as such I supervised our work in this matter.  The other members of the firm working on this case are/were:

- Tracy R. Kirkham: a senior attorney with over thirty years of experience in complex litigation and class actions, who is recognized nationally as an expert in the areas of discovery into electronically stored information and class certification issues; and

- John D. Bogdanov, an attorney with fourteen years of experience specializing in

DECLARATION OF JOSEF D. COOPER IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

1    complex litigation and class actions, with an emphasis on electronic discovery.

2        6.    During the course of this litigation, my firm has been deeply involved in the

3    following activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead

4    Counsel:

5        A.    <u>Discovery – Electronic Database:</u>  Cooper & Kirkham was tasked with

6    responsibility for setting up procedures for the obtaining, storing and reviewing of electronically

7    stored information ("ESI") obtained in discovery.  This task involved the evaluation of the

8    Relativity software that was ultimately chosen for the document database, and drafting and

9    negotiating the protocols pursuant to which discovery of electronic documents and records would

10    be conducted.  Tracy Kirkham headed this project for the IPPs, with the assistance of John

11    Bogdanov.  The ESI protocols were negotiated over a lengthy period beginning in 2010, during

12    which there were numerous meetings of groups of plaintiffs' and defendants' counsel, and

13    hearings before Special Master Legge, as well as individual "meet and confer" conferences with

14    counsel for each defendant separately to discuss that company's individual e-discovery situation.

15    These meetings resulted first in the drafting of letters signed by plaintiffs' and defendants' counsel

16    memorializing the agreements reached and issues discussed at each of the individual defendant

17    conferences.  Eventually, all of this material was synthesized into an omnibus, stipulated e-

18    discovery protocol order that covered technical issues and specifications concerning, among other

19    things, the production of metadata, native file and format documents, imaging formats and load

20    files required to access electronically produced documents.  The protocols also covered such

21    procedural issues as methods of withholding electronic information on claims of privilege,

22    designating electronic information as "confidential," and procedures for challenging such

23    withholdings or designations.  These protocols formed the basis for the production of virtually all

24    document discovery in the litigation.  All of Ms. Kirkham's claimed hours in this litigation were

25    devoted to these tasks, although she spent additional time monitoring the litigation and consulting

26    with other attorneys, both within Cooper & Kirkham and in other firms.

27

28

B.    <u>Discovery – Document Discovery and Management</u>:  Cooper & Kirkham was tasked with responsibility for discovery and evidence pertaining to the Philips Defendant Group. Since 2010, John Bogdanov, acting as a Team Leader, helped to develop, monitor and amend the overall discovery strategy regarding Philips and its confluence with LG.Philips Displays ("LPD"), conferring directly with Lauren Capurro (Trump Alioto) who was coordinating the overall discovery effort.  Due to his consistent time commitment to the case, Mr. Bogdanov was frequently called upon to offer information both specifically regarding Philips/LPD, as well as Philips/LPD information affecting other defendant groups.  For example, Mr. Bogdanov was charged with:

- Identifying potential Philips and LPD custodians on a rolling basis, from whom to seek the production of documents
- Identifying potential Philips and LPD deponents and other persons-of-interest to the case
- Drafting letters and participating in meet-and-confers regarding the negotiations for the production of documents, the production of transactional data, the selection of custodians, and Rule 30(b)(6) deposition topics
- Drafting Rule 30(b)(6) deposition topics in consultation with Plaintiffs' experts
- Leading meet-and-confers and assisting in drafting responses to Philips' requests for admission and contention interrogatories
- Participation in meet-and-confers regarding written discovery requests propounded both by Plaintiffs and Philips
- Assisting in the drafting and service of document and deposition subpoenas
- Examining Philips privilege logs
- Conducting high-level review and analyzation of specific document productions, such as from LPD and third-party witnesses
- Providing spot Philips/LPD-centric research for incorporation in briefs, such as in opposition to the California settlement with Philips in California Superior Court and Philips' motion to dismiss Philips Brazil and Taiwan for lack of personal jurisdiction
- Providing documentary and deposition evidence and arguments in support of Plaintiffs' oppositions to Philips' motions for summary judgment

C.    <u>Deposition Preparation and Appearances</u>:  In 2012, Cooper & Kirkham's primary focus turned to deposition strategy and preparation.[1]  For each Defendant Group, including

---

[1] In October 2013, after settlement with LG, Brian Umpierre, who had been LG Team Leader, was added as Co-Team Leader for Philips.

DECLARATION OF JOSEF D. COOPER IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

Philips/LPD, teams of reviewers, under the close supervision of the Team Leader, reviewed documents in the Relativity database pertaining to prospective deponents.  John Bogdanov was the Team Leader for the Philips/LPD team.  In this capacity, Mr. Bogdanov was responsible for identifying potential Philips/LPD witnesses, preparing initial witness memos, briefing the reviewers on each witness, spot checking team members' designation of potential exhibits from the database "hits," setting and monitoring the review pace, answering questions, handling technical problems, holding periodic team conference calls, adding documents and generally supervising and managing the project.

Deposition preparation began with a first-round of searches pertaining to each prospective deponent, usually resulting in thousands of "hits."  From these results, sets of documents for each potential deponent (usually between 5,000-10,000 documents) were created, and ultimately reduced to a subset of highly relevant documents, which generally ranged from a few hundred to several thousand documents.  For the deponents listed below, Mr. Bogdanov reviewed all documents that were deemed highly relevant by the team reviewers.  In addition, he ran his own targeted searches throughout the review in order to investigate prospective witnesses and particular issues that were within his personal knowledge from the creation of exhibit lists for other deponents, or from his briefing projects or work with plaintiffs' economists.[2]  Mr. Bogdanov then narrowed the relevant documents into a smaller universe of documents from which deposition exhibits were selected.

Team leaders like Mr. Bogdanov were also responsible for generating accompanying memoranda, which incorporated feedback from the foreign language team, the review team members and any search results generated by the team leader, and general information regarding the deponent such as contact information and organizational charts.  Mr. Bogdanov worked directly with the deposition examiner to further narrow the prospective exhibit pool and provide

---

[2] For example, additional reviews were conducted for prospective deponents whose evidentiary footprint crossed paths with those noted below, and to supplement information for discovery responses and/or pleadings:  Felice Albertazzi, Gerard Kleisterlee, YT Sung, Jerry Lin, Milan

feedback on the deposition outline.  This process culminated with Mr. Bogdanov's appearance at each of the following Philips/LPD depositions as second-chair (except Jan de Lombaerde):

> Roger de Moor (Philips 30(b)(6))
>
> Jim Smith
>
> Wiebo Vaartjes
>
> Patrick Canavan
>
> Robert O'Brien
>
> Joseph Killen
>
> Kris Mortier
>
> Jeff Johnson
>
> Quin Choi
>
> Frans Spaargaren
>
> Jan de Lombaerde
>
> Leo Mink (deposition postponed indefinitely)

Mr. Bogdanov also participated in the preparation and deposition of Cooper & Kirkham's client Steven Ganz, who was appointed as one of the two California IPP class representatives.

       D.    <u>Motion Practice and Briefing:</u>  Beginning in late 2013, Mr. Bogdanov assisted in the development of memoranda concerning liability issues with regard to the Philips/LPD defendants, including Philips' alleged withdrawal from the conspiracy, and compiling pertinent documentary and deposition evidence.  These memoranda provided a preemptive cache of information for use in opposing Philips' prospective motions for summary judgment, and also for trial prep and trial.  Mr. Bogdanov provided foundational evidentiary resources to his colleagues and assisted in the editing and supplementation of the information contained in the summary judgment opposition papers.  Mr. Bogdanov contributed to the strategy and briefing of Plaintiffs' oppositions to Philips' motions for summary judgment in 2014.  Mr. Bogdanov also provided spot Philips/LPD-centric facts for incorporation in various briefs, including Philips' motion to dismiss Philips Brazil and Taiwan for lack of personal jurisdiction, and Plaintiffs' objection to the California Attorney General's settlement with Philips in state court.

---

Baran, David Chang, Rosa Hu, Guy Leborgne, Kim van Rosmalen, Cor Saris, Andres Wente, Ney Corsino, Paul Peeters, YT Ho, Siegfried Trinker and Eugene Kocherga.

DECLARATION OF JOSEF D. COOPER IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

E.   <u>Trial Preparation:</u>  In 2014, Mr. Bogdanov worked as part of a small team of experienced lawyers tasked with culling the documentary evidence previously selected as deposition exhibits and selecting those that qualified as potential trial exhibits, as well as reviewing the deposition testimony and designating excerpts to be introduced into evidence.

7.   As the senior attorney at my firm working on this case, I continuously monitored proceedings and court filings, and had numerous strategy discussions with both Ms. Kirkham and Mr. Bogdanov during their performance of the tasks assigned to Cooper & Kirkham in this litigation.  None of these hours are being submitted here as a part of my firm's lodestar.  I have chosen also not to request compensation for the time that I expended discussing trial preparation, settlement, class certification, economic analysis and various other subjects with counsel in other firms and the California Attorney General.  This includes the time expended which relates to Special Master Vaughn Walker's recommendation to the Court that Francis Scarpulla and I be appointed as additional lead counsel for settlement purposes.  *See* ECF No. 3200.  I made the determination not to include my personal time, not because I feel that my contributions were not beneficial to the conduct of the litigation, but rather because I felt that the expertise that both Ms. Kirkham and Mr. Bogdanov brought to their areas of responsibility was more than sufficient to have performed the services for which we are requesting compensation without my contribution.  I understand that Mr. Scarpulla is including his time relating to Special Master Walker's Recommendation in his lodestar, and I do not wish my decision not to include such time to reflect in any way upon that decision.  Neither has any time been included here that was incurred by Ms. Kirkham or Mr. Bogdanov with regard to this Recommendation.  Although I believe that all of my activities had a direct and beneficial effect on the ultimate global settlement of the litigation, I simply have decided to provide them to the Classes free of charge.

8.   The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary of the amount of time spent by my firm's partners, attorneys and professional support staff who were involved in this litigation.  It does not include any time devoted to preparing this Declaration or otherwise pertaining to the Joint Fee Petition.  Exhibit 2 was prepared from contemporaneous

DECLARATION OF JOSEF D. COOPER IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

1  time records regularly prepared and maintained by my firm. Those records have been provided to

2  Lead Counsel and I authorize them to be submitted for inspection by the Court if necessary. The

3  hourly rates for my firm's partners, attorneys and professional support staff included in Exhibit 2

4  were those in effect at the time the work was performed and are the usual and customary hourly

5  rates charged for their services to hourly clients in similar complex litigation. Accordingly, the

6  lodestar calculation is based on my firm's historical billing rates in effect at the time services were

7  performed.

8      9.     The total number of hours reasonably expended on this litigation by my firm from

9  inception to May 31, 2015 is 5,107.9 hours. The total lodestar for my firm at historical rates is

10  $2,994,845.00. The total lodestar for my firm at current rates is $3,068,480.00. Expense items are

11  billed separately and are not duplicated in my firm's lodestar.

12      10.     The expenses my firm incurred in litigating this action are reflected in the books

13  and records of my firm. These books and records are prepared from expense vouchers, invoices,

14  receipts, check records and other source materials and accurately reflect the expenses incurred.

15  My firm's expense records are available for inspection by the Court if necessary.

16      11.     My firm incurred a total of $100,362.37 in unreimbursed expenses, all of which

17  were reasonable and necessary for the prosecution of this litigation. Of this amount, $50,000.00

18  was for assessment payments for common litigation expenses or direct payments to experts or

19  other vendors made at the request of Lead Counsel, and an additional $50,362.37 was for non-

20  common litigation expenses incurred by my firm, such as travel, meals and lodging, copying, legal

21  research, telephone, etc. A summary of those expenses by category is attached as Exhibit 3.

22

23      I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th

24  day of July, 2015, in San Francisco, California.

25

26  _____

27  JOSEF D. COOPER

28

**EXHIBIT 1**

# Cooper & Kirkham, P.C.

*357 Tehama Street*
*Second Floor*
*San Francisco, California 94111*
*Telephone: (415) 788-3030*
*Facsimile: (415)882-7040*

FIRM PROFILE

Cooper & Kirkham, P.C. is a small AV-rated litigation firm, nationally regarded as an expert in antitrust and class action litigation. The firm has extensive experience representing both plaintiffs and defendants in complex commercial cases, with an emphasis on antitrust, unfair competition, securities fraud and class action litigation. Cooper & Kirkham has participated in the litigation of many of the nation's major cases in these areas of the law, which have resulted in precedent-setting decisions and landmark recoveries for plaintiffs and class members.

Senior partner **Josef D. Cooper** began his career in complex litigation immediately upon his graduation from The University of Chicago Law School in June 1964, when he became a staff attorney for the Coordinating Committee for Multiple Litigation of the United States Courts. During that time, he participated in drafting the first edition of the *Manual for Complex Litigation* and the legislation to permit the transfer of related actions among federal districts for pretrial purposes, which was enacted as 28 U.S.C. §1407. In 1966, the Committee assigned him to serve as a Special Assistant to the Honorable Martin Pence, United States District Court Judge, District of Hawaii, who was presiding over the *West Coast Pipe Litigation*, the first consolidated pre-trial proceedings conducted by a single judge for a group of related actions pending in numerous federal district courts.

Upon leaving Judge Pence in March 1969, Mr. Cooper entered private practice. Since then, he has specialized in complex business and class action litigation, particularly in the antitrust, securities fraud and energy regulation areas of practice. Upon entering private practice, he was first associated with the Chicago law firm of Freidman & Koven. In August 1972, he relocated to San Francisco, California and at all times thereafter he has either been the sole principal or the senior partner of the firm which is now known as Cooper & Kirkham, A Professional Corporation.

Mr. Cooper has been listed in the California Business Litigation section of *The Best Lawyers in America* for twenty-five years, and has been recognized as "one of a distinguished

groups of attorneys" who has been listed in *Best Lawyers* for more than twenty years.  Mr. Cooper is also listed as a Northern California Super Lawyer.  Mr. Cooper is the past chairman of the Private Litigation Committee of the Antitrust Section of the American Bar Association ("A.B.A."), and a past member of the A.B.A. Antitrust Section Monograph Committee.  He has testified before the Judiciary Committee of the United States Senate on proposed legislation to reverse the Supreme Court's decision in *Illinois Brick Company v. State of Illinois*, 431 U.S. 720 (1977), and on proposed legislation to establish a right to contribution among antitrust defendants.  He has lectured before the A.B.A.'s Antitrust and Litigation Sections, The Practicing Law Institute, the *New York Law Journal*, the Association of Trial Lawyers of America and the California Trial Lawyers' Association.  He has participated in American Bar Association National Institutes on "Preventative Antitrust" and the "Use of Computers in Litigation."  He is the author of:  "Structuring the Antitrust Case," 15 *Trial* 30 (April, 1979); co-author with Kirk A. McKinney of "Fifth Amendment Rights in Private Treble Damage Litigation," 48 *Antitrust L.J.* 1381 (1980); co-author with Tracy R. Kirkham of "Class Action Conflicts," 7 *Litigation*, No. 2, Winter, 1981; and author of "Settlement Considerations and Attorneys' Fees in Class Actions," 50 *Antitrust L.J.* (1981).  He also authored and recorded "How To Recognize An Antitrust Case" for the ATLA Cassette-of-the-Month series in 1981.

Partner **Tracy R. Kirkham** graduated *cum laude* from the Washington College of Law of the American University in 1975, where she received American Jurisprudence awards in Evidence and Civil Procedure, and was admitted to practice in the States of Pennsylvania and New Jersey that year.  She has also been admitted to practice in the State of California (1976) and before numerous federal courts including the Northern District of California (1976), Ninth Circuit Court of Appeals (1980), the Third Circuit Court of Appeals (2009) and the Central District of California (1981).  After graduating from law school, Ms. Kirkham worked briefly as a staff attorney at the United States Department of Energy.   Since entering private practice, she has specialized in complex business and class action litigation, particularly in antitrust, securities and energy regulation.  Ms. Kirkham joined Cooper & Scarpulla, a predecessor to Cooper & Kirkham, as an associate in 1975, and practiced as an associate and later as a partner with Mr. Cooper until 1986.  She then joined the Los Angeles firm of Hennigan & Mercer.  In January 1992, Ms. Kirkham returned to San Francisco to form Cooper & Kirkham, P.C.

Ms. Kirkham participated in the writing of "Alternatives to Conventional Adjudication," Volumes I, II and III, by the Institute of Studies in Justice and Social Behavior, The American University, which was published as a report of The National Institute for Law Enforcement, United States Department of Justice.  She assisted Mr. Cooper in writing "Structuring

2

the Antitrust Case," 15 *Trial* 30, April, 1979, is the co-author with him of "Class Action Conflicts," 7 *Litigation*, No. 2, Winter, 1981, and authored "Taming Documents in Complex Litigation," 5 *The Practical Litigator*, No. 4, July 1994.  Ms. Kirkham is recognized as a leader in the area of electronic discovery and electronic document management in large commercial cases.  She has lectured on the subject of computerized document management in litigation before the Association of Trial Lawyers of America and the American Bar Association, Young Lawyer's Division.

Partner **John D. Bogdanov** was admitted to the bar of the State of California in 2001 and is admitted to practice before the Ninth Circuit Court of Appeals and the U.S. District Courts for the Northern and Southern Districts of California.  He holds a degree in journalism from the University of Missouri (*magna cum laude*, 1991) and a law degree from the University of California, Hastings College of Law (2001) where he received the American Jurisprudence/Witkin Award for Legal Writing and Research, Negotiation and Settlement.  Mr. Bogdanov's entire legal practice has been in the area of antitrust and consumer class actions.

<u>LITIGATION PROFILE</u>

Cooper & Kirkham, P.C. is nationally regarded as an expert in antitrust and class action litigation, and has held leadership positions in dozens of class actions that have resulted in billions of dollars in recovery for class members.  For example, beginning in the 1970's, Cooper & Kirkham served as:  (1) Plaintiffs' Liaison Counsel in *In re Sugar Industry Antitrust Litig.*, M.D.L. No. 201 (N.D. Cal.), price-fixing actions brought on behalf of private classes of sugar purchasers in the Western United States; (2) Chairman of the Plaintiffs' Briefing Committee in *In re Folding Carton Antitrust Litig.,* M.D.L. No. 250 (N.D. Ill.), litigation brought on behalf of a national class of folding cardboard box purchasers; and (c) Plaintiffs' Co-Lead Counsel in *In re Cement and Concrete Antitrust Litig.,* M.D.L. No. 296 (D. Ariz.), price-fixing litigation brought on behalf of a national class of cement purchasers and an Arizona class of ready-mix purchasers.  Each of these cases resulted in multi-million dollar recoveries for the classes.

More recently, Cooper & Kirkham was: (1) Plaintiffs' Liaison Counsel in *In re California X-ray Film Antitrust Litig.,* (San Francisco Super. Ct.), price-fixing action brought on behalf of purchasers of x-ray film products; (2) a member of Plaintiffs' Executive Committee in *Vitamin Cases*, J.C.C.P. No. 4076 (San Francisco Super. Ct.), a price-fixing action brought on behalf of a classes of California purchasers of vitamin products; actions settled for $96 million; and (3) a member of the Executive Committee in *Microsoft I-V Cases*, J.C.C.P. No. 4106 (San Francisco Super. Ct.), where a California class of indirect purchasers of Microsoft operating system and applications software settled for over $1.1 billion.

Cooper & Kirkham is currently serving as Co-Lead Counsel for Indirect Purchaser plaintiffs in *In Re Dynamic Access Memory (DRAM) Antitrust Litigation*, MDL 1486 (N.D.Cal.), price-fixing litigation against the major international manufacturers of DRAM.   The indirect purchasers have entered into settlements of over $300 million.  It was also one of the chief counsel prosecuting *Sullivan et. al. v. DeBeers*, C.A. No. 3:05-516 (D.N.J.), a class action against the world's leading supplier of diamonds, alleging that it violated various federal and state antitrust and unfair competition laws.  Following the settlement of the action for $295 million and injunctive relief, Cooper & Kirkham was appointed to represent the consumer subclass in allocating and distributing the settlement proceeds.  The firm was instrumental in securing a rehearing *en banc* by the Third Circuit Court of Appeals which resulted in an opinion affirming the district court's approval of the settlement and setting out comprehensive guide lines for the certification of settlement classes in multi-state antitrust and consumer protection class actions.

## REPRESENTATIVE CLIENTS

In its non-class action complex litigation and hourly commercial litigation practice, Cooper & Kirkham has represented many substantial businesses and governmental entities, including: Safeway Stores, Inc., the Oakland Tribune, Inc., Bandag, Inc., MacFARMS International, Inc., Gold Fields Mining Company, The Bank of New England, The Gas Company (Honolulu, Hawaii), Pankow Builders, Inc., The San Francisco Bay Guardian, Yeung Chi Shing Estates, Ltd. (Hong Kong), the States of Nevada, Arizona and Oregon (Public Employees' Pension Fund), the City and County of Honolulu, Hawaii, the City of Austin, Texas, and Contra Costa County, California.

The following is a partial list of major commercial actions (class and non-class) in which the firm (or its predecessors) represent or represented the plaintiff(s), a plaintiff class or the defendant(s) since Mr. Cooper opened his practice in San Francisco in 1972:

1. *San Francisco Bay Guardian v. San Francisco Chronicle, et al.*, 344 F. Supp. 1155 (N.D. Cal. 1971) – Represented plaintiff in action brought against competing newspapers for alleged monopolistic practices.   Settlement obtained for plaintiff.

2. *In re Gypsum Wallboard Cases*, 1974-2 Trade Cases ¶75, 272 (N.D. Cal. 1974) – Represented national class of governmental bodies in multidistrict price-fixing action. Settlement achieved for class.

3. *Love's WoodPit Barbecue v. Bell Brand Foods, Inc., et al.*, 1974 (CCH) Trade Cases ¶74,905 (S.D. Cal. 1974) – Represented plaintiff class of restaurants in price-fixing litigation brought against potato processors.   Settlement achieved for class.

4. *Prescottano v. Koracorp Industries, Inc.* (N.D. Cal.) - Co-lead Counsel representing class

of shareholders alleging securities fraud.  Settlement achieved for class.

5. *Spinetti, et al. v. Atlantic Richfield Company* (N.D. Cal.) – Represented plaintiffs in action brought by petroleum wholesale distributors against their supplier for violations of the federal energy laws.   Settlement achieved for plaintiffs.

6. *In re Folding Carton Antitrust Litigation* M.D.L. 250 (N.D. Ill.) – Represented national class of folding cardboard box purchasers in price-fixing action.   Settlement achieved for class.

7. *In re THC Financial Litigation*, 86 F.R.D. 721 (D. Hawaii 1980) - Co-lead Counsel in securities fraud class action brought on behalf of the holders of investment certificates and debentures in THC Financial Corporation.  Settlement achieved for class.

8. *In re Hawaii Beer Litigation* (D. Hawaii) – Co-lead Counsel in price-fixing action brought on behalf of private classes of beer purchasers in the State of Hawaii.   Settlement achieved for class.

9. *In re Sugar Industry Antitrust Litigation*, M.D.L. 201 (N.D. Cal.) – Plaintiffs' Liaison Counsel in price-fixing action brought on behalf of private classes of sugar purchasers in the Western United States.  Settlement achieved for classes.

10. *Standard Glass Co. v. Universal Waste Control, et al.* (Sup. Ct., Maricopa County, Arizona) – Co-Lead Counsel in price-fixing class action brought on behalf of Phoenix area users of refuse services.   Settlement achieved for class.

11. *Carr v. Toyota Motor Sales, Inc.* (N.D. Cal.) – Represented plaintiff class in price-fixing class action brought on behalf of purchasers of Toyota motor vehicles in five states.  Settlement achieved for class.

12. *Presidio Golf Club of S.F. v. National Linen Supply Corp.*, 1976-2 (CCH) Trade Cases ¶61,221 (N.D. Cal. 1976) – Represented class in action for antitrust violations in the rental of linen supplies.   Settlement achieved for class.

13. *Bulzan v. Atlantic Richfield Co.* (620 F.2d 278 (T.E.C.A. 1980) – Represented plaintiff in action brought by wholesale petroleum distributor against its supplier for violations of federal energy laws.   Settlement achieved for plaintiff.

14. *City and County of Honolulu v. Hawaii Newspaper Agency, Inc., et al.* (D. Hawaii) – Represented Honolulu and plaintiff class in price-fixing action brought on behalf of all purchasers of advertising in Honolulu daily newspapers.

15. *Van Vranken, et al. v. The Atlantic Richfield Company*, (N.D. Cal.) – Lead Counsel in action brought on behalf of a class of purchasers of refined petroleum products for price overcharges in violation of federal energy laws.   Trial verdict and settlement of $75 million achieved for class.

16. *Muller, et al. v. Sambo's Restaurants Inc., et al.* (C.D. Cal.) - Co-lead Counsel in securities

fraud action on behalf of class of investors in general partnership restaurant joint ventures. Settlement achieved for class.

17. *Evans, et al. v. Circle S Ranch, Inc., et al.* (Sup. Ct., Maricopa County, Ariz.) – Represented class of emotionally disturbed children committed by State to treatment facility in action for violations of their civil rights, assault, and intentional infliction of emotional distress.   Settlement obtained for class during jury trial.

18. *Richards v. American Veterinary Medical Association, et al.,* SAW (N.D. Cal.) - Represented eleven defendants in a group boycott antitrust action.  Defense verdict obtain at trial.

19. *In re Arizona Escrow Fee Antitrust Litigation* (D. Ariz.) – Represented plaintiff class in escrow rate-fixing action brought on behalf of purchasers of escrow services in Arizona. Settlement achieved for class.

20. *Andersen Construction Co. v. The Prescon Corp., et al.* (D. Colo.) – Represented plaintiff class price-fixing action brought on behalf of purchasers of post-tension concrete construction in the Rocky Mountain States.   Settlement achieved for class.

21. *Safeway Stores, Inc. v. Roblin Industries, Inc., et al.* (N.D. Cal.) – Represented plaintiff price-fixing action brought against manufacturers of shopping carts.   Settlement achieved for plaintiff.

22. *Burlingame Imports Inc. v. Alfa Romeo, Inc.* (San Mateo, California, Municipal Ct.) – Represented defendant Alfa Romeo for alleged breach of contract and warranty.

23. *Autopacific, Inc. v. Alfa Romeo, Inc.* (San Francisco Municipal Court) – Represented defendant Alfa Romeo for alleged fraud and breach of warranty.

24. *In re Cement and Concrete Antitrust Litigation*, M.D.L. 296 (D. Ariz.) – Co-Lead Counsel in price-fixing action brought on behalf of a national class of cement purchasers and an Arizona class of ready-mix purchasers.   Settlements achieved for classes.

25. *In re Chicken Antitrust Litigation* (N.D. Ga.) - Represented class members Safeway Stores, Inc., The Great Atlantic and Pacific Tea Company, Inc., The Grand Union Company, Jewel Companies, Inc., Winn-Dixie Stores, Inc., and Giant Foods, Inc. in price fixing action against producers of poultry products.   Settlement achieved for class.

26. *In re Corn Derivatives Antitrust Litigation*, M.D.L. 414, (D.N.J.) - Represented class members Safeway Stores, Inc., Lucky Stores, Inc., Great Atlantic and Pacific Tea Co., Carnation Co., The Jewel Companies, Fred Meyer, Inc., and Bonneau Products Co., Inc. in price fixing action against manufacturers of corn derivative products.   Settlement achieved for class.

27. *In the Matter of Safeway Stores, Inc.* (Board of Agriculture, State of Hawaii, and D. Ha.) - Represented Safeway Stores, Inc. in application for a license to sell fresh milk in Hawaii

and in related Federal Court action challenging constitutionality of Hawaii regulatory statute. Statute declared unconstitutional and license obtained.

28. *Contra Costa Medical Systems, Inc. v. County of Contra Costa, et al.* (N.D. Cal.) - Represented defendant county in action alleging that ordinance regulating ambulance services violates the antitrust laws.

29. *Tom Lazio Fish Co. Inc. v. Castle & Cooke, Inc., et al.* (Superior Court San Francisco) - Represented defendant Western Fishboat Owners Association in action for alleged price fixing conspiracy.

30. *Isabel E. Masket v. United States Surgical Corporation, et al.* (Superior Court County of Marin) - Represented defendant U.S. Surgical Corporation in action for breach of contract resulting from dealer termination.

31. *Oakland Tribune, Inc. v. Chronicle Publishing Company, et al.* (N.D. Cal.) - Represented plaintiff newspaper in antitrust monopolization action against competing daily newspapers. Settlement achieved for plaintiff.

32. *In Re Convergent Technologies Securities Litigation* (N.D. Cal.) - Co-lead Counsel in representation of shareholders in class action alleging fraud in the sale of securities. Settlement achieved for class.

33. *In re Crocker Shareholder Litigation* (N.D. Cal.) - Plaintiffs' Liaison Counsel in securities fraud action by shareholders of Crocker National Bank. Settlement achieved for class.

34. *In Re UniOil Securities Litigation* (C.D. Cal.) - Represented officer and director defendants in securities fraud action by shareholder class. Summary judgment granted for clients.

35. *In Re Castle & Cooke Derivative Shareholder Litigation* (N.D. Cal.) – Represented shareholders in class action alleging violations of federal securities laws and breach of fiduciary duties of directors arising from stock repurchase and merger agreement. Settlement achieved for class.

36. *Byrum* v. *Amerco* (D. Ariz.) - Co-lead Counsel in representation of class of purchasers of investment contracts in U-Haul recreational vehicle partnerships. Settlement achieved for class.

37. *National Union Fire Insurance Bond Cases* (Los Angeles Superior Court) - Represented class of investors in action alleging violations of federal securities laws and state laws arising out of alleged "ponzi" scheme. Settlement achieved for class.

38. *In re MiniScribe Securities Litigation* (D. Colo.) - Co-lead Counsel in securities fraud action by shareholders of MiniScribe Corporation. Settlement achieved for class.

39. *Specialty Food Distributors, Inc. v. MacFARMS International, Inc., et al.* (N.D., Cal.), and *Doris Sternberg, v. MacFARMS International, Inc., et al.* (California Superior Court) -

Represented defendant producer of macadamia nuts in federal and state class actions brought by purchasers of nut products for alleged price-fixing conspiracy; and *McCaffrey v. MacFARMS International, Inc., et al.* (California Superior Court), related suit by ex-employee for wrongful termination.

40.   *In re California X-ray Film Antitrust Litigation* (California Superior Court) -Plaintiffs' Liaison Counsel in price-fixing action brought on behalf of class of California purchasers of x-ray film products.  Settlement of approximately $4 million achieved for the class.

41.   *In re: Industrial Diamonds Antitrust Litigation* (S.D.N.Y.) - Represented nationwide class of purchasers of industrial diamond products alleging price-fixing conspiracy.  Settlement of approximately $25 million in cash plus in kind distribution achieved for the class.

42.   *Sullivan et.al. v. DB Investments, Inc., et. al.,* Civil Action Index No. 04-02819 (SRC) (D. N.J.) and *Anco Industrial Diamond Corp. v. DB Investments, Inc.* (D.N.J.) Representing class of gem-quality diamond purchasers in actions against De Beers for monopolization and price fixing.  Settlement of over $295 million achieved for the class.

43.   *Millar v. Pearce Systems, et al.* (California Superior Court) – Lead counsel for class of purchasers of securities in initial public offering for alleged violations of state securities laws.  Settlement achieved for the class.

44.   *Cloverdale Meadows v. Kaiser Sand & Gravel Company, Inc., et al.* (California Superior Court) - Represented class of Northern California purchasers of concrete and rock products alleging price-fixing conspiracy.  Settlement achieved for the class.

45.   *Azizian et. al. v. Federated Department Stores, et. al.* Civ. No. C 03 3359 SBA (N.D. Ca.) and *Coordination Proceeding Special Title (Rule 1550(b)) COSMETICS CASES* (California Superior Court) – Member of Plaintiffs' Executive Committee in an action on behalf of a nationwide class of purchasers of cosmetics products alleging a conspiracy among manufacturers and retailers of department store cosmetics, including Federated Department Stores and Estee Lauder Corporation, to prevent discounting from list prices. Settlement valued at $175 million, plus $24 million in attorneys' fees and costs given final approval by District Court.

46.   *Coordination Proceeding Special Title (Rule 1550(b)) VITAMIN CASES* (California Superior Court) – Member of Plaintiffs' Executive Committee in price-fixing  action brought on behalf of a class of California purchasers of vitamin products.  Settlement of over $100 million achieved for the classes.

47.   *In Re Sorbates Direct Purchaser Antitrust Litigation*, Master File No. C 98-4886 CAL (N.D. Cal.) – Represented class of sorbates purchasers in price-fixing action.  Settlement of approximately $92 million achieved for the class.

48.   *The State Of Oregon, By And Through The Oregon Public Employees Retirement Board v. McKesson HBOC, Inc., et. al.,* Master File No. 307619 (California Superior Court) – Representing governmental entity plaintiff in securities fraud case arising from merger of

the McKesson Corporation with HBOC, Inc.  Settlement achieved.

49.   *Coordination Proceedings Special Title (Rule 1550(B), MICROSOFT CASES*, Case No. J.C.C.P. No. 4106 (California Superior Court) – Member of Plaintiffs' Executive Committee in monopolization case brought on behalf of a certified class of indirect purchasers of Microsoft operating system and applications software.  Settlement of $1.1 billion plus $101 million in attorneys' fees and costs approved by Superior Court.

56.   *Coordination Proceedings Special Title (Rule 1550(B), DRAM CASES*, Case No. J.C.C.P. No. 4265 (California Superior Court) – Liaison Counsel in price-fixing case brought on behalf of a nationwide class of indirect purchasers of random access memory chips. Settlements of approximately $300 million achieved pending court approval (see, no. 62, below.)

57.   *Coordination Proceedings Special Title (Rule 1550(B), POLYESTER STAPLE CASES*, Case No. J.C.C.P. No. 4278 (California Superior Court) – Member of Plaintiffs' Executive Committee in price-fixing case brought on behalf of a California class of indirect purchasers of polyester staple.  Settlement achieved.

58.   *Coordination Proceedings Special Title (Rule 1550(B), AUTOMOBILE ANTITRUST CASES, I, II*, Case No. J.C.C.P. Nos. 4298 and 4303 (California Superior Court) – Member of Plaintiffs' Executive Committee in price-fixing case brought on behalf of a California class of indirect purchasers.

59.   *Hayward Area Planning Association, et. al. v. Gale Norton, as Secretary of the Interior, et. al.*, Case No. c 00-04211 SI (N.D.Ca.)  - Represented real party in interest Hayward 1900, Inc., the owner and developer of a approximately 2000 acre tract of land on Walpert Ridge in an action brought under the Environmental Protection Act challenging the biological opinion and incidental take permits for the project.

60.   *Hayward Area Planning Association et. al. v. City of Hayward et. al.*, Case No. 2002069185 (Alameda County Superior Court) - Represented real party in interest Hayward 1900, Inc., the owner and developer of a approximately 2000 acre tract of land on Walpert Ridge in an action brought under the California Environmental Quality Act challenging the City of Hayward's EIR and development agreement with Hayward 1900.

61.   *Fairhaven Power Company v. Encana Corporation, et.al.*, Civ. F-04-6256 OWW LJO (E.D. Cal.) – Representing class of purchasers of natural gas in price-fixing action.  Settlement achieved.

62.   *In Re Dynamic Access Memory (DRAM) Antitrust Litigation*, MDL 1486 (N.D.Cal.), Plaintiffs' Co-Lead Counsel in price-fixing litigation against the major international manufacturers of DRAM.  The indirect purchasers have entered into settlements of approximately $300 million with defendants.

63.   *In Re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL 1819 (N.D. Cal.), member of Plaintiffs' Executive Committee in indirect purchaser price-fixing class action against the major international manufacturers of SRAM.

64. *In Re TFT-LCD (Flat Panel) Antitrust Litigation,* MDL 1827 (N.D. Cal.), member of Plaintiffs' Executive Committee in indirect purchaser price-fixing class action litigation against the major international manufacturers of TFT-LCD Flat Panel screens.

65. *In Re Flash Memory Antitrust Litigation,* MDL 1852 (N.D. Cal.), member of Plaintiffs' Executive Committee in indirect purchaser price-fixing class action litigation against the major international manufacturers of Flash Memory devices.

66. *Stonebrae L.P. v. Toll Bros, Inc., et al.,* Case No. 08-CV-00221 EMC (N.D. Cal.), representing plaintiff in litigation involving real estate development of over 2,000 acres overlooking San Francisco Bay.

# EXHIBIT 2

Exhibit 2

## IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
## TIME AND LODESTAR SUMMARY
## INDIRECT PURCHASER PLAINTIFFS

| Firm Name | COOPER & KIRKHAM, P.C. | | |
|---|---|---|---|
| Reporting Year | 2010 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tracy R. Kirkham (P) | $825 | 0.5 | 7.1 | | 59.1 | | | | | | | | | 66.7 | $ 55,027.50 |
| John D. Bogdanov (A) | $550 | 6.4 | 4.5 | | 130.2 | | | 4.6 | | 2.8 | 3.4 | | | 151.9 | $ 83,545.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 6.9 | 11.6 | 0.0 | 189.3 | 0.0 | 0.0 | 4.6 | 0.0 | 2.8 | 3.4 | 0.0 | 0.0 | 218.6 | $ 138,572.50 |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | COOPER & KIRKHAM, PC. | | |
|---|---|---|---|
| Reporting Year | 2011 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tracy R. Kirkham (P) | $825 | | | | | | | | | | | 1.3 | | 1.3 | $ 1,072.50 |
| John D. Bogdanov (A) | $550 | 11.2 | 7.0 | 7.4 | 219.4 | 28.8 | | 6.7 | | 6.6 | 2.2 | 0.4 | | 289.7 | $ 159,335.00 |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | 11.2 | 7.0 | 7.4 | 219.4 | 28.8 | 0.0 | 6.7 | 0.0 | 6.6 | 2.2 | 1.7 | 0.0 | 291.0 | $ 160,407.50 |

EXHIBIT 2

### IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
### TIME AND LODESTAR SUMMARY
### INDIRECT PURCHASER PLAINTIFFS

| Firm Name | COOPER & KIRKHAM, P.C. | |
|---|---|---|
| Reporting Year | 2012 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| John D. Bogdanov (A)/(P) | $550 | 20.6 | 5.0 | 8.5 | 151.8 | 406.7 | 37.3 | 260.4 | 21.2 | 30.9 | 19.2 | 1.5 | | 963.1 | $ 529,705.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 20.6 | 5.0 | 8.5 | 151.8 | 406.7 | 37.3 | 260.4 | 21.2 | 30.9 | 19.2 | 1.5 | 0.0 | 963.1 | $ 529,705.00 |

EXHIBIT 2
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | COOPER & KIRKHAM, P.C. | |
|---|---|---|
| Reporting Year | 2013 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| John D. Bogdanov (P) | $600 | 26.7 | 22.1 | 6.1 | | 32.8 | 1178.8 | 85.4 | 258.5 | 0.9 | 86.3 | 35.0 | 8.0 | | 1740.6 | $ 1,044,360.00 |
| Jennifer Linteo (PL) | $200 | | | | | 18.0 | | | | | | | | | 18.0 | $ 3,600.00 |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | 26.7 | 22.1 | 6.1 | | 32.8 | 1196.8 | 85.4 | 258.5 | 0.9 | 86.3 | 35.0 | 8.0 | 0.0 | 1758.6 | $ 1,047,960.00 |

EXHIBIT 2
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | COOPER & KIRKHAM, P.C. | | |
|---|---|---|---|
| Reporting Year | 2014 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| John D. Bogdanov (P) | $600 | 19.6 | 0.0 | 2.8 | 87.6 | 900.2 | 212.0 | 26.7 | 34.8 | 74.4 | 225.1 | 2.0 | 248.1 | 1833.3 | $ 1,099,980.00 |
| Jennifer Linteo (PL) | $200 | | | | | 19.4 | | | | | | | | 19.4 | $ 3,880.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 19.6 | 0.0 | 2.8 | 87.6 | 919.6 | 212.0 | 26.7 | 34.8 | 74.4 | 225.1 | 2.0 | 248.1 | 1852.7 | $ 1,103,860.00 |

EXHIBIT 2

## IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
### TIME AND LODESTAR SUMMARY
### INDIRECT PURCHASER PLAINTIFFS

| Firm Name | COOPER & KIRKHAM, P.C. | |
|---|---|---|
| Reporting Year | 2015 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| John D. Bogdanov (P) | $600 | 1.7 | | 1.6 | | | | | | 1.0 | 14.9 | | 4.7 | 23.9 | $ 14,340.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 1.7 | 0.0 | 1.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 14.9 | 0.0 | 4.7 | 23.9 | $ 14,340.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | COOPER & KIRKHAM, P.C. | | |
|---|---|---|---|
| Reporting Year | Inception through Present | | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2008 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2009 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2010 | | 6.9 | 11.6 | 0.0 | 189.3 | 0.0 | 0.0 | 4.6 | 0.0 | 2.8 | 3.4 | 0.0 | 0.0 | 218.6 | $ 138,572.50 |
| 2011 | | 11.2 | 7.0 | 7.4 | 219.4 | 28.8 | 0.0 | 6.7 | 0.0 | 6.6 | 2.2 | 1.7 | 0.0 | 291.0 | $ 160,407.50 |
| 2012 | | 20.6 | 5.0 | 8.5 | 151.8 | 406.7 | 37.3 | 260.4 | 21.2 | 30.9 | 19.2 | 1.5 | 0.0 | 963.1 | $ 529,705.00 |
| 2013 | | 26.7 | 22.1 | 6.1 | 32.8 | 1196.8 | 85.4 | 258.5 | 0.9 | 86.3 | 35.0 | 8.0 | 0.0 | 1758.6 | $ 1,047,960.00 |
| 2014 | | 19.6 | 0.0 | 2.8 | 87.6 | 919.6 | 212.0 | 26.7 | 34.8 | 74.4 | 225.1 | 2.0 | 248.1 | 1852.7 | $ 1,103,860.00 |
| 2015 | | 1.7 | 0.0 | 1.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 14.9 | 0.0 | 4.7 | 23.9 | $ 14,340.00 |
| | | 86.7 | 45.7 | 26.4 | 680.9 | 2551.9 | 334.7 | 556.9 | 56.9 | 202.0 | 299.8 | 13.2 | 252.8 | 5107.9 | $ 2,994,845.00 |

**STATUS:**

| (P) | Partner |
|---|---|
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

**CATEGORIES:**

1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

**EXHIBIT 3**

**EXHIBIT 3**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**EXPENSE SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | COOPER & KIRKHAM, P.C. | | |
|---|---|---|---|
| Reporting Year | Inception through Present | | |
| **TYPE OF EXPENSE** | | | **TOTAL** |
| | | | |
| Assessments | | $ | 50,000.00 |
| Outside Copies | | $ | 3,847.72 |
| In-house Reproduction /Copies | | $ | - |
| Court Costs & Filing Fees | | $ | 339.44 |
| Court Reporters / Transcripts | | $ | 2,920.32 |
| Computer Research | | $ | 12,513.88 |
| Telephone & Facsimile | | $ | 1,239.73 |
| Postage/Express Delivery/Courier | | $ | 3,984.62 |
| Professional Fees (investigator, accountant, etc.) | | $ | - |
| Experts | | $ | - |
| Witness / Service Fees | | $ | 1,000.00 |
| Travel: Airfare* | | $ | 7,843.00 |
| Travel: Lodging/Meals | | $ | 11,045.94 |
| Travel: Other | | $ | 142.92 |
| Car Rental/Cabfare/Parking | | $ | 1,312.25 |
| Other Expenses | | $ | 4,172.55 |
| | | | |
| | | $ | 100,362.37 |

* This total does not include the cost of non-refundable, non-transferable
airline tickets in the amount of $3066.52 which were unused