# Exhibit 8

Robert S. Green (SBN 136183)
**GREEN & NOBLIN, P.C.**
2200 Larkspur Landing Circle, Suite 101
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710
Email: gnecf@classcounsel.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF ROBERT S. GREEN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**<br><br>Judge: Honorable Samuel Conti<br>Courtroom One, 17th Floor |

1    I, Robert S. Green, declare as follows:

2        1.    I am an attorney licensed to practice before the courts of California, and a Partner

3    in the law firm of Green & Noblin, P.C. I have personal knowledge of the facts stated in this

4    declaration and, if called as a witness, I could and would testify competently to them. I make this

5    declaration in support of my firm's request for attorneys' fees and reimbursement of litigation

6    expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive

7    Awards.

8        2.    My firm is counsel of record in this case, and represents named plaintiffs. A brief

9    description of my firm is attached as Exhibit 1 and incorporated herein by reference.

10        3.    Throughout the course of this litigation, my firm kept files contemporaneously

11    documenting all time spent, including tasks performed, and expenses incurred, and transmitted

12    those reports on a regular basis to Lead Counsel. All of the time and expenses reported by my firm

13    were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs"). During the course of

14    this litigation, my firm has been involved in the following tasks and activities on behalf of the

15    IPPs. All of this work was assigned and/or approved by Lead Counsel:

16        a.    Deposition preparation, including the identification of potential deponents

17    from defendants Panasonic, Toshiba, MTPD, and BMCC, as well as deponents related to

18    information gathered from the review of conspiracy documents. My firm performed deposition

19    preparation tasks for over three dozen deponents and potential deponents, including Shinichi

20    Iwamoto, Hirokazu Nishiyama, Masaki Sanogawaya, Yu-Hao Zhang, and Chi-Yen Hsu from

21    Panasonic; Norio Fujita, Kazuhiro Nishimaru, Kazutaka Nishimura, Shinichiro Tsuruta, Yasuki

22    Yamamoto, Tomoyuki Kawano, and Seichi Fukunaga from Toshiba; DY Kim, Hoon "Ricky"

23    Choi, SD Park, and In Hwan Song from Samsung SDI, and Nobuaki Ito, Nobuhiko Kobayashi,

24    Yuuichi Kumazawa, and Kenichi Hazuku from Hitachi. These tasks included searches for

25    potential exhibits in the defendant document database, construction of batches of documents for

26    review, analysis and coding of documents relevant to each deponent, further team-lead assessment

27    and selection of potential exhibits for the deposition team, and the creation of document charts and

28    background memoranda for each deponent and potential deponent. My firm also attended several

1

1    depositions and summarized or supervised the summary of several depositions.

2            b.      Defendant background research.  My firm was co-lead for the

3    Panasonic/MTPD team, and was responsible for compiling and cataloging liability evidence

4    related to those defendants as well as developing evidence related to the corporate control

5    exercised by Panasonic and Toshiba over MTPD, their joint venture.

6            c.      Research and document review for expert witnesses and case understanding.

7    My firm was co-lead on the team investigating evidence of defendants' conspiratorial activities

8    and helped prepare a comprehensive conspiracy evidence memorandum.  My firm also developed

9    information on the impacts of defendants' conspiratorial activity on consumer pricing.  From a

10   database of nearly a million documents, my firm created a spreadsheet cataloging and tracking

11   defendant production and custodian information, and produced or contributed to the production of

12   meeting information and other reference charts and corporate structure outlines.

13           d.      Research and drafting of motions and pleadings.  In addition to our initial

14   complaint, my firm was part of the team responsible for propounding discovery requests on

15   defendants and participating in related meet-and-confer discussions.  My firm was also part of the

16   team responsible for responding to interrogatories and motions for summary judgment and class

17   decertification filed by Panasonic, MTPD, BMCC, and Toshiba.  Those responsibilities included

18   searching for and organizing pertinent documents, compiling and indexing declaration exhibits,

19   determining the translation and stipulation status of defendant documents, and reviewing and

20   redlining drafts of the opposition briefs; and

21           e.      Trial preparation.  My firm was part of the trial team engaged in designating

22   plaintiffs' proposed trial exhibits and deposition testimony, objecting to defendants' designations,

23   and authenticating and ranking proposed trial exhibits.

24       4.      The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary

25   of the amount of time spent by my firm's partners, attorneys and professional support staff who

26   were involved in this litigation.  It does not include any time devoted to preparing this declaration

27   or otherwise pertaining to the Joint Fee Petition.  The lodestar calculation is based on my firm's

28   historical billing rates in effect at the time services were performed.  Exhibit 2 was prepared from

2

1    contemporaneous time records regularly prepared and maintained by my firm.  Those records have

2    been provided to Lead Counsel and I authorize them to be submitted for inspection by the Court if

3    necessary.  The hourly rates for my firm's partners, attorneys and professional support staff

4    included in Exhibit 2 were at the time the work was performed the usual and customary hourly

5    rates charged for their services in similar complex litigation.

6        5.       The total number of hours reasonably expended on this litigation by my firm from

7    inception to May 31, 2015 is 8114.10 hours.  The total lodestar for my firm at historical rates is

8    $2,882,799.50.  The total lodestar for my firm at current rates is $3,137,791.50.  Expense items are

9    billed separately and are not duplicated in my firm's lodestar.

10       6.       The expenses my firm incurred in litigating this action are reflected in the books

11   and records of my firm. These books and records are prepared from expense vouchers, invoices,

12   receipts, check records and other source materials and accurately reflect the expenses incurred.

13   My firm's expense records are available for inspection by the Court if necessary.

14       7.       My firm incurred a total of $60,047.35 in unreimbursed expenses, all of which were

15   reasonable and necessary for the prosecution of this litigation.  Of this amount, $60,000  was for

16   assessment payments for common litigation expenses or direct payments to experts or other

17   vendors made at the request of Lead Counsel, and an additional $47.35 was for non-common

18   litigation expenses incurred by my firm, such as travel, meals and lodging, copying, legal research,

19   telephone, etc.

20       I declare under penalty of perjury that the foregoing is true and correct.

21   Executed this 4th day of September, 2015, in Larkspur, California

22

23                                                        ROBERT S. GREEN

24

25

26

27

28

---

DECLARATION OF ROBERT S. GREEN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS'
FEES, EXPENSES AND INCENTIVE AWARDS – CASE NO. 3:07-cv-5944, MDL No. 1917

# EXHIBIT 1



GREEN & NOBLIN, P.C.

## FIRM RESUME

### Litigation Approach

The Firm's business strategy is to aggressively develop and pursue opportunities in the field of class action litigation.  The Firm's principals have many years of experience prosecuting class action claims relating to antitrust violations, consumer protection, truth in lending practices, financial services, securities offerings, accounting malpractice, breach of fiduciary duties of corporate officers and directors, and products liability.  The Firm relies heavily on its networked online cloud storage service to generate efficiencies in legal research and drafting, time-keeping, financial control and planning.

The aggressive, result-oriented approach to client representation applied by the Firm and its principals has been demonstrated in the following litigation:

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. 07-mdl-1827 SI.  The Firm served a critical role developing the evidence that lead to a $1.1 billion settlement in this indirect purchaser antitrust class action settled earlier this year.  Members of the Firm were involved in all phases of the litigation over a five-year period, including research and drafting of our initial complaint and later motions and pleadings, managing document review and deposition preparation teams, and identifying and organizing exhibits and other evidence for trial.

- *In re Lithium Ion Batteries Antitrust Litigation,* Case No. 13-md-2420 YGR.  The Firm was selected by the Court to serve on the Steering Committee for indirect purchasers' counsel following a litigated selection process.  The Firm represents the cities of Palo Alto and Richmond, California, among other purchasers of the affected products.

- *In re Domestic Drywall Antitrust Litigation*, Case No. 13-md-2437.  The Firm was appointed Co-Lead Counsel for indirect purchasers in this multi-district litigation pending in Philadelphia.

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 02-mdl-1486 PJH.  The Firm worked extensively on this indirect purchaser antitrust action, both in San Francisco Superior Court in a coordinated action, and in the federal antitrust action.  Principals of the Firm were active in conducting depositions, such as Dell and Nanya executives among others, along with conducting legal and factual research, drafting significant pleadings and running document review teams.  The case settled for in excess of $300 million.

700 Larkspur Landing Circle · Suite 275 · Larkspur · California · 94939
Telephone: (415) 477-6700 · Facsimile: (415) 477-6710
San Francisco · Long Beach

Page 2

- *In re Static Random Access Memory (SRAM) Antitrust Litigation*, Case No. 07-mdl-1819 CW. The Firm participated in all phases of this direct purchaser class action from researching and drafting complaints up through and including final trial preparations. The case settled for approximately $75 million just days before trial.

- *In re Chase Bank USA, N.A. "Check Loan Litigation*. The Firm served on the Executive Committee running this national MDL proceeding in which JPMorgan Chase & Co., the nation's largest issuer of credit cards, agreed to settle for $100 million. The case is a class action lawsuit charging that the bank acted improperly when it more than doubled the minimum monthly payment requirement for over 1 million customers who entered into balance transfer loans with "fixed" interest rates. The Court approved the final settlement on November 19, 2012. The Firm was active in prosecuting the action, from origination, through motions, fact discovery, expert discovery, summary judgment and trial preparation. *See In re: Chase Bank, USA, N.A. "Check Loan" Contract Litigation*, 274 F.R.D. 286 (N.D. Cal. 2011).

- *Hellum v. Breyer (Prosper Marketplace, Inc.) Unregistered Securities Litigation*. Green & Noblin serve as counsel for the class in this action asserting the sale of unregistered securities. The action settled for $10 million in 2014. The court certified a class of approximately 50,000 purchasers of loan notes from Prosper Marketplace, Inc. and denied summary judgment. At the time of settlement, the case was preparing for an imminent trial. The Firm's work resulted in a ruling by the Court of Appeal clarifying the pleading requirements for controlling officers and directors under both California and federal securities laws. *See, Hellum v. Breyer*, 194 Cal.App.4th 1300 (2011).

- *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Case No. 07-5944 SC. The Firm has multiple professionals serving on document review and deposition preparation teams for this indirect purchaser class action case pending in the Northern District of California.

- *In re Textainer Partnership Securities Litigation*. Robert Green served as Lead Trial Counsel in these consolidated cases. The cases settled for $10 million after Plaintiffs obtained a ruling in their favor at the conclusion of Phase 1 of the trial in San Francisco Superior Court. The Plaintiffs asserted breach of fiduciary duty claims in connection with a sale of assets transaction that resulted in the dissolution of six limited partnerships.

- *McKesson Inc. Derivative Litigation*. McKesson-HBOC, Inc. lost $9 billion in stock market capitalization in one day during April 1999 after announcing that prior financial statements would be restated due to accounting errors. Rather than pursuing the individuals and companies who participated in the conduct that led to the accounting restatements, the company sued its own shareholders in a case that was promptly dismissed by the Ninth Circuit U.S. Court of Appeals. As co-counsel for plaintiff shareholders seeking to recover money on behalf of the corporation from the wrongdoers, the Firm obtained an important decision from the Delaware Supreme Court expanding the rights of shareholders to obtain and inspect corporate documents where there is a proper purpose for investigating potential wrongdoing. *See Saito v. McKesson HBOC, Inc.*,

806 A.2d 113 (Del. Supr. 2002). A substantial settlement on behalf of the Company was approved by the Delaware Chancery Court on February 12, 2006.

- *In re Providian Credit Card Cases.* Robert Green was appointed co-lead counsel in this national class action brought on behalf of Providian credit card customers who were improperly charged late fees, higher interest rates on balance transfers, and fees for add-on products, including Credit Protection, PricePro, Drive Pro, HealthPro, and credit line increases. The San Francisco Superior Court approved a settlement for $105 million, which covered restitution to Providian customers, "in-kind" payments to customers, and the costs and expenses of the litigation.

## Attorneys

**Robert S. Green** litigates cases of national import across a spectrum of subjects. In antitrust litigation, Mr. Green was named to the Steering Committee of the Lithium Ion Batteries Indirect Purchaser Litigation, and served on important discovery and trial preparation roles in the SRAM, DRAM, and LCD-TFT Thin Film Transistor class actions. In credit card class actions, Mr. Green was one of the Lead Counsel in the Chase Bank "Check Loans" Litigation which settled for $100 million in 2012 and in the Providian Credit Card Cases that settled for $75 million in 2001. Mr. Green successfully argued the Ninth Circuit Appeal in DeMando v. Capital One Bank. In securities litigation, Mr. Green has been named Lead Counsel by state and federal courts from California to New York, participated in or served as lead counsel in three trials, two of which lasted six months, and obtained settlements of $35.75 million for Securities Act claims in the STEC Securities Litigation, $10 million for unregistered securities claims in the Prosper Marketplace Litigation, and $10 million for limited partner claims in the Textainer Limited Partners Securities Litigation. In consumer and defective product cases, Mr. Green was a key member of the trial team in a three month trial against Ford Motor Company in connection with Ford Explorer/Firestone Tire Rollover Litigation that resulted in a substantial settlement at the conclusion of the trial. Mr. Green also successfully prosecuted defective computer claims against HP and Toshiba, defective software claims against Sony, defective dashboard electronics claims against Audi and internet fraud claims against Webloyalty.com.

Mr. Green is AV Preeminent Peer Review Rated by Martindale-Hubbell and was named a finalist for Consumer Attorney of the Year in 2013 by the Consumer Attorneys of California in connection with his work on the Chase Bank "Check Loans" Litigation. Mr. Green is recognized as one of the "Super Lawyers" of Northern California. Mr. Green graduated with honors from the University of the Pacific, McGeorge School of Law in 1984. He received his Masters of Business Administration degree from California State University-Sacramento in 1989 and his undergraduate degree with distinction from Oregon State University in 1981. Mr. Green is an active member of the National Association of Consumer Attorneys (NACA). Mr. Green is an Editorial Advisor for the Consumer Financial Services Law Report and is on the Partners' Council for the National Consumer Law Center. Mr. Green also served on the Board of Marin AIDS Interfaith Network. Publications by Mr. Green include Developments in Credit Card Litigation, published by the Review of Banking and Financial Services; and Litigating Credit Card Cases, published by the Consumer Advocate. Mr. Green is licensed to practice in California.

**James Robert Noblin** has practiced complex business litigation since 1984, focusing primarily on antitrust and unfair competition cases. Mr. Rob Noblin graduated from Harvard Law School *cum laude* in 1983. He received his undergraduate degree *summa cum laude* from the University of Southern California in 1980. After graduating from law school, Mr. Noblin was a law clerk for the Honorable William A. Norris of the United States Court of Appeals for the Ninth Circuit from 1983 - 1984.

Mr. Noblin has tried over 10 cases to a jury as either the lead or a principal trial lawyer, including the six-week trial resulting in a verdict of over $ 70 million that was upheld in *Image Tech. Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195 (9th Cir. 1997). His other representative cases include: *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 (9th Cir. 2008) *ABC Int'l Traders, Inc. v. Matsushita Elec. Corp.*, 14 Cal. 4th 1247, 931 P.2d 290 (1997); *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979 (9th Cir. 2000) *Brill Media Co., LLC v. TCW Group, Inc.*, 132 Cal. App. 4th 324, 33 Cal. Rptr. 3d 371 (2005); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208 (9th Cir. 2009); *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of California*, 190 F.3d 1051, 1053 (9th Cir. 1999) *Consol. Credit Agency v. Equifax, Inc.*, CV-03-1229 CAS(CWX), 2005 WL 6218038 (C.D. Cal. Jan. 26, 2005); *Hanson v. Morgan Stanley Smith Barney, LLC*, 762 F. Supp. 2d 1201, 1209 (C.D. Cal. 2011); and *Lori Rubinstein Physical Therapy, Inc. v. PTPN, Inc.*, 148 Cal. App. 4th 1130, 56 Cal. Rptr. 3d 351 (2007).

He also contributed to Chapter 20, *California Antitrust and Unfair Competition Law, Revised Edition*, published by the California State Bar Antitrust and Unfair Competition Section and has published articles on antitrust topics, including *United States v. AMR Corp. and Judicial Hostility Toward Predatory Pricing Cases*, Antitrust Report (Jan. 2002); *The Tumult in State Antitrust Law: Cel-Tech and the California Example in Little FTC Act Cases*, Antitrust Report (June 1999); and *The Confluence of Muddied Waters: Antitrust Consequential Damages and the Interplay of Proximate Cause, Antitrust Injury, Standing and Disaggregation*, 13 St. John's Journal of Legal Commentary 145 (1998).

## Professionals

**Brian Cullen** has over twenty years of experience in creating, managing, and employing document management systems and electronic discovery tools, primarily related to antitrust, securities, and environmental litigation. He received his undergraduate degree from Grinnell College and his JD, cum laude, from the University of San Francisco School of Law, where he externed for the Hon. Ming Chin of the California Supreme Court. Prior to joining Green & Noblin, Mr. Cullen worked as chief research assistant at the San Francisco Superior Court and as a project manager and research analyst for a leading electronic discovery vendor, where he served as its senior professional services representative in Asia. Since joining the Firm, Mr. Cullen has led teams of attorneys in developing documentary evidence of illegal conspiratorial and other antitrust behavior in the *TFT-LCD* and the pending *Cathode Ray Tube* actions.

# EXHIBIT 2

EXHIBIT 2
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. | |
|---|---|---|
| Reporting Year | 2007 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NO TIME | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $   - |

EXHIBIT 2
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. | |
|---|---|---|
| Reporting Year | 2008 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NO TIME | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

EXHIBIT 2
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. | |
|---|---|---|
| Reporting Year | 2009 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NO TIME | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. | |
|---|---|---|
| Reporting Year | 2010 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NO TIME | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $    - |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. | | |
|---|---|---|---|
| Reporting Year | 2011 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nicole D. Reynolds (A) | $ 350.00 | | | | | | | 9.20 | | | | | | 9.20 | $ 3,220.00 |
| Brian W. Cullen (DS) | $ 295.00 | | | | | | | 820.50 | | | | | | 820.50 | $ 242,047.50 |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 829.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 829.70 | $ 245,267.50 |

DS - Discovery Specialist

EXHIBIT 2
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. | | |
|---|---|---|---|
| Reporting Year | 2012 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Robert S. Green (P) | $ 650.00 | | | | | | | | | 2.00 | | | | 2.00 | $ 1,300.00 |
| Shadi Amunden (A) | $ 350.00 | | | | | | | 648.20 | | | | | | 648.20 | $ 226,859.50 |
| Brian W. Cullen (DS) | $ 295.00 | | | | | | | 371.25 | | 12.25 | | | | 383.50 | $ 113,132.50 |
| Brian W. Cullen (DS) | $ 350.00 | | | | | 547.25 | | 643.20 | | 27.50 | | | | 1217.95 | $ 426,282.50 |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 547.25 | 0.00 | ###### | 0.00 | 41.75 | 0.00 | 0.00 | 0.00 | 2251.65 | $ 767,574.50 |

DS - Discovery Specialist

EXHIBIT 2
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. | |
|---|---|---|
| Reporting Year | 2013 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Shadi Amunden (A) | $ 350.00 | | | | | | | 68.00 | | | | | | 68.00 | $ 23,800.00 |
| Shadi Amunden (A) | $ 350.00 | | | | | | | 685.50 | | | | | | 685.50 | $ 239,925.00 |
| Brian W. Cullen (DS) | $ 350.00 | | | | | | | 1754.25 | | | | | | 1754.25 | $ 613,987.50 |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2507.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2507.75 | $ 877,712.50 |

DS - Discovery Specialist

EXHIBIT 2
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. | | |
|---|---|---|---|
| Reporting Year | 2014 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Shadi Amunden (A) | $ 350.00 | | | | | | | 97.50 | | | | | | 97.50 | $ 34,125.00 |
| Brian W. Cullen (DS) | $ 350.00 | | | | | | | 16.50 | | | | | | 16.50 | $ 5,775.00 |
| Brian W. Cullen (DS) | $ 395.00 | | | | | 550.00 | | 1529.50 | | | | | | 2079.50 | $ 821,402.50 |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 550.00 | 0.00 | 1643.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2193.50 | $ 861,302.50 |

DS - Discovery Specialist

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | GREEN & NOBLIN, P.C. | |
|---|---|---|
| Reporting Year | 2015 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Brian W. Cullen (DS) | $ 395.00 | | | | | | | 237.00 | | | 61.00 | | 33.50 | 331.50 | $ 130,942.50 |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | | | | | | | | | | | | | 0.00 | $      - |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 237.00 | 0.00 | 0.00 | 61.00 | 0.00 | 33.50 | 331.50 | $ 130,942.50 |

DS - Discovery Specialist

EXHIBIT 2
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. | | |
|---|---|---|---|
| Reporting Year | Inception through Present | | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| 2008 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| 2009 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| 2010 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| 2011 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 829.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 829.70 | $ 245,267.50 |
| 2012 | | 0.00 | 0.00 | 0.00 | 0.00 | 547.25 | 0.00 | 1662.65 | 0.00 | 41.75 | 0.00 | 0.00 | 0.00 | 2251.65 | $ 767,574.50 |
| 2013 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2507.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2507.75 | $ 877,712.50 |
| 2014 | | 0.00 | 0.00 | 0.00 | 0.00 | 550.00 | 0.00 | 1643.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2193.50 | $ 861,302.50 |
| 2015 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 237.00 | 0.00 | 0.00 | 61.00 | 0.00 | 33.50 | 331.50 | $ 130,942.50 |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 1097.25 | 0.00 | 6880.60 | 0.00 | 41.75 | 61.00 | 0.00 | 33.50 | 8114.10 | $ 2,882,799.50 |

| STATUS: | | CATEGORIES: |
|---|---|---|
| (P) | Partner | 1 Attorney Meeting/Strategy |
| (OC) | Of Counsel | 2 Court Appearance |
| (A) | Associate | 3 Client Meeting |
| (LC) | Law Clerk | 4 Draft Discovery Requests or Responses |
| (PL) | Paralegal | 5 Deposition Preparation |
| (I) | Investigator | 6 Attend Deposition - Conduct/Defend |
| (DS) | Discovery | 7 Document Review |
| | Specialist | 8 Experts - Work or Consult |
| | | 9 Research |
| | | 10 Motions/Pleadings |
| | | 11 Settlement |
| | | 12 Trial |

# EXHIBIT 3

**EXHIBIT 3**

## IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
### EXPENSE SUMMARY
### INDIRECT PURCHASER PLAINTIFFS

| Firm Name | GREEN & NOBLIN, P.C. |
|---|---|
| Reporting Year | Inception through Present |

| TYPE OF EXPENSE | | TOTAL | |
|---|---|---|---|
| | | | |
| Assessments | | $ | 60,000.00 |
| Outside Copies | | | |
| In-house Reproduction /Copies | | $ | 6.20 |
| Court Costs & Filing Fees | | | |
| Court Reporters 7 Transcripts | | | |
| Computer Research | | | |
| Telephone & Facsimile | | | |
| Postage/Express Delivery/Courier | | $ | 0.90 |
| Professional Fees (investigator, accountant, etc.) | | | |
| Experts | | | |
| Witness / Service Fees | | | |
| Travel: Airfare | | | |
| Travel: Lodging/Meals | | $ | 40.25 |
| Travel: Other | | | |
| Car Rental/Cabfare/Parking | | | |
| Other Expenses | | | |
| | | | |
| | | $ | 60,047.35 |