# Exhibit 10

1

**FINE, KAPLAN AND BLACK, RPC**
1 South Broad Street, 23rd Floor
Philadelphia, PA  19107

2

3

*Counsel for Indirect Purchaser Plaintiffs*

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: | **DECLARATION OF GERARD A. DEVER IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS** |
| All Indirect Purchaser Actions | Judge:  Honorable Samuel Conti Courtroom One, 17th Floor |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, Gerard A. Dever, declare as follows:

2    1.    I am an attorney licensed to practice before the courts of Pennsylvania, and a

3    partner in the law firm of Fine, Kaplan and Black, RPC.  I have personal knowledge of the facts

4    stated in this declaration and, if called as a witness, I could and would testify competently to them.

5    I make this declaration in support of my firm's request for attorneys' fees and reimbursement of

6    litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and

7    Incentive Awards.

8    2.    My firm is counsel of record in this case, and represents named plaintiff Jeffrey

9    Figone.  A brief description of my firm is attached as Exhibit 1 and incorporated herein by

10   reference.

11   3.    Throughout the course of this litigation, my firm kept files contemporaneously

12   documenting all time spent, including tasks performed, and expenses incurred, and transmitted

13   those reports on a regular basis to Lead Counsel.  All of the time and expenses reported by my firm

14   were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

15   4.    During the course of this litigation, my firm has been involved in the following tasks and

16   activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead Counsel.

17   Fine Kaplan was brought into the case by lead counsel to serve as a member of lead counsel's Trial

18   Team, and took on significant responsibility in preparing the indirect CRT case for trial.  Fine

19   Kaplan and the other members of the Trial Team organized and synthesized the impressive

20   discovery record assembled at lead counsel's direction during the course of the litigation to identify

21   the relevant witnesses for trial, develop an order of proof, designate trial testimony, determine

22   which witnesses should be called live, and assist in witness preparation (including those witnesses

23   outside the United States).   Fine Kaplan and the other Trial Team members also selected the

24   critical documents for presentation at trial so as to establish all necessary elements of proof with

25   attention to putting on a manageable and compelling case.  Fine Kaplan played an important role

26   in the pre-trial mock jury exercises, including presenting defendants' case to a mock jury, an effort

27   which assisted the Trial Team in anticipating defendants' trial strategy.  Fine Kaplan took a

28

1

DECLARATION OF GERARD A. DEVER IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
MDL 3:07-md-1827 SI

1    laboring oar on numerous trial related pleadings, including jury instructions, verdict form, the

2    pretrial order and motions *in limine*, as well as negotiations with defense counsel relating to issues

3    raised by these pleadings.  Fine Kaplan lawyers also participated in summary judgment briefing, in

4    preparation of plaintiffs' expert witness (Dr. Netz), in drafting cross-examination outlines for

5    defense experts, and in coordinating with direct action plaintiffs on certain expert and trial

6    issues.  The collective work of Fine Kaplan and the Trial Team – along with lead counsel's

7    demonstrated willingness to take the case to the jury – played a significant role in the successful

8    resolution of the indirect CRT case.

9          5.  The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary

10   of the amount of time spent by my firm's partners, attorneys and professional support staff who

11   were involved in this litigation.  It does not include any time devoted to preparing this declaration

12   or otherwise pertaining to the Joint Fee Petition.  The lodestar calculation is based on my firm's

13   historical billing rates in effect at the time services were performed.  Exhibit 2 was prepared from

14   contemporaneous time records regularly prepared and maintained by my firm.  Those records have

15   been provided to Lead Counsel and I authorize them to be submitted for inspection by the Court if

16   necessary.  The hourly rates for my firm's partners, attorneys and professional support staff

17   included in Exhibit 2 were at the time the work was performed the usual and customary hourly

18   rates charged for their services in similar complex litigation.

19          6.  The total number of hours reasonably expended on this litigation by my firm from

20   inception to May 31, 2015 is 5,331.8 hours.  The total lodestar for my firm at historical rates is

21   $2,625,672.50.  The total lodestar for my firm at current rates is $2,625,672.50.  Expense items are

22   billed separately and are not duplicated in my firm's lodestar.

23          7.  The expenses my firm incurred in litigating this action are reflected in the books

24   and records of my firm. These books and records are prepared from expense vouchers, invoices,

25   receipts, check records and other source materials and accurately reflect the expenses incurred.

26   My firm's expense records are available for inspection by the Court if necessary.

27          8.  My firm incurred a total of $54,489.52 in unreimbursed expenses, all of which were

28

2

DECLARATION OF GERARD A. DEVER IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

1   reasonable and necessary for the prosecution of this litigation.  All of this amount was for non-

2   common litigation expenses incurred by my firm, such as travel, meals and lodging, copying, legal

3   research, telephone, etc.  A summary of those expenses by category is attached as Exhibit 3.

4

5       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 27th

6   day of July, 2015, in Philadelphia, Pennsylvania.

7                                               _____

8                                               GERARD A. DEVER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GERARD A. DEVER IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

# EXHIBIT 1

EXHIBIT 1

### *ABOUT THE FIRM*

## FINE, KAPLAN AND BLACK, RPC
One South Broad Street, 23rd Floor
Philadelphia, Pennsylvania 19107
(215) 567-6565

Fine, Kaplan and Black is a nationally recognized firm located in Philadelphia, Pennsylvania, which devotes its practice entirely to litigation, with particular emphasis on antitrust, class actions, complex commercial litigation, consumer protection and white collar criminal defense.

Fine, Kaplan and Black has consistently been highly ranked as one of the premier antitrust practices in Pennsylvania by the *Chambers USA Client Guide*.  The *Guide* praises the Firm as an "excellent boutique firm" that is composed of "erudite and capable attorneys."  In the *Guide,* clients praised the Firm for its "absolutely fantastic service" and "superb attorneys."

In addition, many of Fine, Kaplan and Black's litigation attorneys have been named Pennsylvania Super Lawyers or Rising Stars by *Philadelphia Magazine*.

Since its formation in 1975, the Firm has been involved in many of the most significant antitrust and class action cases in federal and state courts.  A few examples of these cases include:

> In re Urethane [Polyether Polyols] Antitrust Litig., 251 F.R.D. 629 (D. Kan. 2008), a pending multidistrict price-fixing action in which the Firm serves as Co-Lead Counsel for a class of direct purchasers.  Settlements of $139 million have been reached with three of the defendants.  The litigation against the remaining defendant has been tried before a jury, resulting in a verdict for plaintiffs in excess of $400 million.

> United States v. Stolt-Nielsen, et al., 524 F. Supp. 2d 586 (E.D. Pa. 2007), a criminal prosecution brought after the Antitrust Division rescinded an Amnesty Agreement that promised immunity from prosecution to the Company and its executives.  This represented the first case in which the Government had rescinded an Amnesty Agreement and attempted to maintain a criminal prosecution against the parties to such an Agreement.  After a four-week trial on a Motion to Dismiss

the Indictment and extensive briefing by the parties, the Court found that the Government had "no reasonable basis" for revoking the Amnesty Agreement, and dismissed the indictment.

In re NASDAQ Market-Makers Antitrust Litigation, 187 F.R.D. 465 (S.D.N.Y. 1998), was one of the country's largest and most complex multidistrict price-fixing class actions.  The Firm served as one of Plaintiffs' Co-Lead Counsel, on behalf of a class of more than a million class members.  The case was certified and ultimately settled for more than one billion dollars.

Love Terminal Partners v. City of Dallas, 527 F. Supp. 2d 538 (N.D. Tex. 2007), a complex antitrust litigation arising out of the Wright Amendment Reform Act of 2006, in which the Firm successfully defended Southwest Airlines and the Court granted its motion to dismiss the complaint.

Standard Iron Works v. ArcelorMittal, 639 F. Supp. 2d 877 (N.D. Ill. 2009), a pending multidistrict price-fixing action in which the Firm was appointed as Co-Lead Counsel for a putative class of direct purchasers.

In re Aftermarket Filters Antitrust Litigation, MDL No. 1957 (N.D. Ill.), a multidistrict price-fixing action in which the Firm was appointed as Co-Lead Counsel for a putative class of direct purchasers, and achieved a settlement of $18 million for the class.

In re Metoprolol Succinate Antitrust Litigation, No. 06-cv-71 (D. Del.), an antitrust litigation where the firm is Co-Lead Counsel for a class of indirect purchasers of the pharmaceutical Toprol-XL® in which a settlement of $11 million was achieved for the class.

In re Terrapin Express, Inc. v. Airborne Express, Inc., No. 11-199-01536-05 (AAA 2007), a class-wide arbitration in which the Firm represented a class of independent contractors alleging systematic underpayment and breach of contract. In June 2008, a panel of arbitrators approved a $24.75 million settlement.

In re Copper Antitrust Litigation, 528 F. Supp. 2d 908 (W.D. Wis. 2007), an antitrust case in which the Firm represented a group of large purchasers of copper in litigation alleging price manipulation in the copper market which settled favorably in 2007.

In re Remeron End-Payor Antitrust Litigation, 2005 WL 2230314 (D.N.J. Sept. 13, 2005), an antitrust class action in which the Firm was Co-Lead counsel, and achieved a settlement of $36 million for the class of end users of a prescription drug.

<u>In re TriCor Indirect Purchasers Antitrust Litigation</u>, Civil Action No. 05-360 (SLR) (D. Del.).  The firm represented a plaintiff class of indirect purchasers of TriCor® and other prescription drugs containing fenofibrate.  The class obtained a settlement of $65.7 million.

<u>In re Linerboard Antitrust Litigation</u>, 305 F.3d 145 (3d Cir. 2002) and 2004 WL 1221350(E.D. Pa. June 2, 2004), a horizontal price-fixing class action against the major manufacturers of corrugated containers, in which the Firm was a member of Plaintiffs' Executive Committee.  Settlements in the fall of 2003 resulted in a recovery in excess of $202.5 million for the benefit of the class.

<u>Harleysville Mutual Ins. Co. v. GE Reinsurance Corp.</u>, 2002 WL 922148 (E.D. Pa. May 6, 2002), a complex contract litigation in which the Firm won summary judgment for its plaintiff client less than six months after the action was filed.

<u>In re Lorazepam and Clorazepate Antitrust Litigation</u>, 2003 WL 22037741 (D.D.C. June 16, 2003), an antitrust class action in which the Firm was Co-Counsel for the class of direct purchasers.  The Court, in approving a $35,000,000 settlement for the class, characterized counsel "among the best and most experienced antitrust litigators in the country."

<u>In re Microcrystalline Cellulose Antitrust Litigation</u>, M.D.L. No. 1402 (E.D. Pa.), a price-fixing class action involving the sale of microcrystalline cellulose (MCC) which was settled for $50 million.  The Firm was one of the Discovery Co-Chairs.

<u>In re Vitamins Antitrust Litigation</u>, M.D.L. No. 1285 (D.D.C.), a massive international price-fixing class action, in which the Firm was a member of Plaintiffs' Executive Committee.  Settlements were reached resulting in a recovery for the class in excess of $325 million.

<u>Parsky v. First Union Corp.</u>, 51 Pa. D&C 4th 468, 2001 WL 535786 (Phila. Com. Pl. 2001), a class action alleging breach of contract and breach of fiduciary duty against First Union Corp., arising out of First Union's conversion of its common trust funds to shares of its in-house mutual funds.  In the fall of 2003 the Firm achieved a settlement in excess of $23 million for the benefit of the class.

<u>In re Providian Financial Corp. Credit Card Terms Litigation</u> (E.D. Pa. 1999), a large, consumer fraud class action in which a member of the Firm was Plaintiffs' Co-Lead Counsel, ultimately was settled for $105 million for the benefit of the class.

<u>In re Allegheny Health, Education & Research Foundation</u>.  The Firm represented a former executive of the Allegheny Health System as a defendant in a variety of civil proceedings in federal and state trial courts, and in a federal bankruptcy court.  The Firm also represented the client in connection with a variety of

3

government investigations concerning the financial collapse of the Allegheny Health System.  See Browne v. Abdelhak, 2000 WL 1201889 (E.D. Pa. 2000).

In re Corrugated Container Antitrust Litigation, 1556 F. Supp. 1117 (S.D. Tex. 1982), a seminal price-fixing class action case in which a firm partner was one of six trial counsel for the plaintiff class and obtained $500 million in settlements, including a four month jury trial that resulted in a verdict for the class.

Mead Data Central v. West Publishing Co. (S.D. Ohio 1987) and West Publishing Co. v. Mead Corporation, (D. Minn. 1988).  The Firm, with co-counsel, represented West Publishing Company in two courts as both counterclaim defendant and plaintiff in a massive antitrust battle with Lexis, and ultimately achieved a very favorable settlement for West.

Northeast Jet Co. v. Lehigh-Northampton Airport Authority, et al., 767 F. Supp. 672 (E.D. Pa. 1991).  A firm partner represented Defendants in RICO, antitrust, § 1983, and other claims against an airport authority, the chairman of its board, and the airport's executive director.  All claims were dismissed on summary judgment before trial.

A number of courts have commented favorably on the quality of our Firm's work in antitrust and other class actions.  For example, in In re Linerboard Antitrust Litigation, 2004 WL 1221350, at *6 (E.D. Pa. June 2, 2004), in which our Firm was a member of Plaintiffs' Executive Committee, the Court approved a settlement of $202.5 million for the benefit of the class, and stated, "the lawyering in the case at every stage was superb...."  In In re Lorazepam and Clorazepate Antitrust Litigation, M.D.L. No. 1290, 2003 WL 22037741, *6, (D.D.C. June 16, 2003), in which our Firm was Co-Counsel for the class of direct purchasers, in approving the settlement the Court characterized counsel as "among the best and most experienced antitrust litigators in the country."  In In re NASDAQ Market-Makers Antitrust Litigation, 187 F.R.D. 465, 474 (S.D.N.Y. 1998), the Firm served as one of Plaintiffs' Co-Lead Counsel, and the Court approved a settlement of over $1 billion, complimenting the Firm by noting that, "[i]t is difficult to conceive of better representation than the parties to this action achieved."

4

Roberta D. Liebenberg, a member, is a graduate of the University of Michigan and the Catholic University Columbus School of Law, *magna cum laude*, where she was the Notes Editor of the Law Review.  Thereafter, she served as a law clerk for the United States Court of Appeals for the Fourth Circuit.

Ms. Liebenberg has served in leadership roles in a number of antitrust and consumer class actions, including:  In re Urethane [Polyether Polyols] Antitrust Litigation, MDL No. 1616 (D.Kan.) (Co-Lead Counsel) (settlements of $139 million; jury vervict in excess of $400 million against non-settling defendant); In re Aftermarket Filters Antitrust Litigation, MDL No. 1957 (N.D. Ill.) (Co-Lead Counsel for direct purchasers); In re Providian Financial Corp. Credit Card Terms Litigation, MDL No. 1301 (E.D. Pa.) (Co-Lead Counsel) ($105 million settlement); In re Linerboard Antitrust Litigation, MDL No. 1261 (E.D. Pa.) (Executive Committee) ($202.5 million settlement); In re Vitamins Antitrust Litigation, MDL No. 1285 (D.D.C.) (Expert Committee) (approximately $325 million settlement); In re MSG Antitrust Litigation, MDL No. 1328 (D. Minn.) (Co-Chair, Expert Committee) ($123 million settlement); In re Automotive Paint Antitrust Litigation, MDL No. 1426 (E.D. Pa.) (Executive Committee) ($105.75 million settlement); Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc. (Carbon Fibers), No. CV-99-07796 (C.D. Cal.) (Expert Committee) ($68 million settlement); In re Polypropylene Carpet Antitrust Litigation, MDL No. 1075 (N.D. Ga.) (Co-Chair, Expert Committee) (approximately $50 million settlement); In re Commercial Explosives Antitrust Litigation, MDL 1093 (D. Utah) (Co-Chair, Discovery Committee) ($71 million settlement); United States v. Stolt-Nielsen, 524 F. Supp. 2d 586, 609 (E.D. Pa. 2007); and Love Terminal Partners, L.P. v. City of Dallas, Texas, 527 F. Supp. 2d 538 (N.D. Tex. 2007).

In recognition of Ms. Liebenberg's legal skills and accomplishments, she has received a number of awards and honors. For example, she is the recipient of the 2008 Sandra Day O'Connor Award by The Philadelphia Bar Association. Ms Liebenberg has been named as one of the "Top Ten Super Lawyers" in Pennsylvania by *Philadelphia Magazine*, the only woman ever to receive that honor. In May 2007, she was named as one of the *National Law Journal's* "50 Most Influential Women Lawyers in America." Every year since 2004, Ms. Liebenberg has been recognized by *Philadelphia Magazine* as one of the "Top 50 Female Super Lawyers in Pennsylvania" and one of the "Top 100 Super Lawyers in Pennsylvania." Ms. Liebenberg was named one of the "Women Leaders in the Profession" by The Legal Intelligencer. She was recognized as a leader in the field of "Class Actions." Ms. Liebenberg is listed in the highest band-level as one of the leading antitrust lawyers in Pennsylvania by the *Chambers USA Client Guide: America's Leading Business Lawyers.* The *Chambers Guide* states that she "always impresses with her deep knowledge, experience and vital understanding of the economic aspects of a case." Since 2006, she has been listed in *Best Lawyers in America* in the field of Antitrust, and serves as a member of the Best Lawyers Advisory Board.

Donald L. Perelman, a member, is a graduate of the University of Michigan Law School (J.D. *magna cum laude*, 1980), and has extensive experience in the conduct of antitrust, class action and other complex litigation. Mr. Perelman is a senior member of the co-lead counsel team in the In re Urethane Antitrust Litigation (Polyether Polyols), MDL No. 1616 (D. Kan.). He served as a member of the Plaintiffs' Executive Committee in the In re Linerboard Antitrust Litigation, 321 F. Supp. 2d 619 (E.D. Pa. 2004), and 2004 WL 1221350 (E.D. Pa. June 2, 2004). He was part of the core team that litigated this case until a settlement was reached in late 2003 resulting in a recovery for the class in excess of $202 million. In the In re OSB Antitrust

6

Litigation, Master File No. 06-826 (E.D. Pa.), which was settled shortly before trial for more than $125 million, Mr. Perelman served as a member of the Plaintiffs' Executive Committee and played an integral role in the factual and theoretical development of this complex conspiracy case.  In the In re Polypropylene Carpet Antitrust Litigation, MDL No. 1075 (N.D. Ga.), he was a key member of the team that defeated defendants' summary judgment and Daubert motions. Mr. Perelman is currently a member of the Executive Committee in the In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation, MDL No. 1720 (E.D.N.Y.).   He also served as Co-Discovery Chair in the Commercial Explosives Antitrust Litigation, MDL 1093 (D. Utah), and he was principally responsible for the management of the discovery programs in Lawrence v. Phillip Morris, Civ. 94-1494 (E.D.N.Y.) and Transamerican v. Dravo, Civ. H-88-789 (S.D.N.Y.).

Jeffrey S. Istvan, a member, received his law degree from the University of Virginia School of Law in 1992, where he was a Hardy Cross Dillard Scholar.  He received his undergraduate education at the University of Rochester, from which he graduated *summa cum laude* and was elected to Phi Beta Kappa.  He clerked for The Honorable Robert S. Gawthrop, III, United States District Court for the Eastern District of Pennsylvania (1992-93), before joining Fine, Kaplan and Black, R.P.C. in October 1993.

Mr. Istvan has had wide-ranging experience in many complex cases, including antitrust, securities fraud, RICO, legal malpractice, corporate mismanagement, consumer protection, commercial and civil rights cases.  Mr. Istvan has been named a Pennsylvania Super Lawyer by *Philadelphia Magazine*.

In recent years, Mr. Istvan has served as lead or co-lead counsel in several class actions resulting in excellent – and sometimes unprecedented – recoveries for the class.  He was Lead

Counsel in <u>Parsky v. First Union Corp.</u>, No. 771, Feb. Term 2001 (C.C.P. Phila. Cty.), which in the fall of 2003 resulted in a recovery of more than $23 million for a class of trust customers of a bank. He was Co-Lead counsel in <u>In re Remeron Antitrust Litigation</u>, No. 02-cv-2007 (D.N.J.), in which a $36 million dollar settlement for end users of a prescription drug was approved by the court in the fall of 2005. He was counsel for the plaintiff class of indirect purchasers of TriCor® and other prescription drugs containing fenofibrate in <u>In re TriCor Indirect Purchasers Antitrust Litigation</u>, Civil Action No. 05-360 (SLR) (D. Del.), which settled for $65.7 million. He was one of the principal counsel to a group of large purchasers of copper in <u>In re Copper Antitrust Litigation</u>, 436 F.3d 782 (7th Cir. Feb. 6, 2006), in which the Seventh Circuit reversed the district court's entry of summary judgment, and following intense discovery, defendant JP Morgan Chase settled on confidential terms that were very favorable to Mr. Istvan's clients. Mr. Istvan was co-lead counsel in <u>Terrapin Express, Inc. v. Airborne Express, Inc.</u>, No. 11-199-01536-05 (AAA 2007) in which a panel of AAA arbitrators approved a $24.75 million dollar settlement in favor of a class of independent contractors who were allegedly underpaid by defendant DHL. That settlement is believed to be the largest class action settlement in AAA arbitration. Mr. Istvan presently is an active member of the co-lead counsel team in <u>Standard Iron Works v. ArcelorMittal</u>, 2009 WL 1657449 (N.D. Ill. June 12, 2009), and is co-lead counsel for the plaintiff class of indirect purchasers of the pharmaceutical Toprol-XL® in <u>In re Metoprolol Succinate Antitrust Litigation</u>, 2010 WL 1485328 (D. Del. Apr. 13, 2010).

Gerard A. Dever, a member, received his law degree from Temple University School of Law in 2000, from which he graduated *magna cum laude*. He received his undergraduate education at American University from which he graduated *cum laude*. Prior to joining Fine, Kaplan and Black, R.P.C. in January 2002, he was an associate at Pepper Hamilton LLP. Ever

since 2005, Mr. Dever has been named a "Rising Star" in *Philadelphia Magazine* recognizing top lawyers under 40.  The *Chambers USA Client* Guide described him as "a strong attorney with excellent analytical abilities."

Mr. Dever has represented both plaintiffs and defendants in antitrust matters, including class actions, criminal matters and merger reviews.  In addition, Mr. Dever has litigated a variety of other cases in both federal and state courts, including contract disputes, legal malpractice matters and consumer class actions.  Mr. Dever served as trial counsel in <u>United States v. Stolt-Nielsen, S.A., et al</u>., a complex criminal matter in which the firm successfully represented an executive charged with criminal antitrust violations.  The charges were dismissed after a three-week bench trial.  Mr. Dever also serves as co-lead counsel for the plaintiff class in <u>In re Urethane Antitrust Litigation (Polyether Polyols)</u>, 251 F.R.D. 629 (D. Kan. 2008).

Paul Costa, a member, received his undergraduate degree from the University of Pennsylvania, where he graduated *cum laude*.  He received his law degree from Georgetown University Law Center, where he graduated *magna cum laude* and was elected to the Order of the Coif.  Following law school, he worked as an associate in the Washington, D.C. offices of Akin, Gump, Strauss, Hauer & Feld, L.L.P.  Prior to joining Fine, Kaplan and Black, R.P.C. in October 2004, he served as a law clerk to the Honorable Cynthia M. Rufe of the United States District Court for the Eastern District of Pennsylvania.  Since 2007, Mr. Costa has been named a "Pennsylvania Rising Star" by *Philadelphia Magazine* in an annual listing of the top young lawyers in Pennsylvania.

Mr. Costa has represented plaintiffs and defendants in complex matters in federal and state courts and in arbitration.  His practice focuses on antitrust, breach of contract, and consumer class actions.  He has extensive experience in all aspects of commercial litigation,

including new matter investigations, document discovery, depositions, and, like many of the firm's attorneys, he has authored numerous prevailing briefs during nearly every stage of litigation.  Mr. Costa also is one of the principal attorneys representing a plaintiff class of indirect purchasers of the pharmaceutical Toprol-XL® in <u>In re Metoprolol Succinate Antitrust Litigation</u>, 2010 WL 1485328 (D. Del. Apr. 13, 2010).

Matthew H. Duncan, a member, received his law degree from the University of Pennsylvania Law School in 2003, from which he graduated *cum laude*, and won the Dolores Sloviter Award for best paper in the field of judicial administration.  He received his undergraduate degree from Bucknell University in 1996 with a degree in Civil Engineering.  Prior to joining Fine, Kaplan and Black, R.P.C., Mr. Duncan served as a law clerk to the Honorable Anthony J. Scirica, Chief Judge of the United States Court of Appeals for the Third Circuit.  Mr. Duncan's practice focuses on antitrust and other complex litigation, as well as representing children pro bono in family court proceedings.  He is an elected member of the American Law Institute.

Adam J. Pessin, a member, received his law degree from the University of Pennsylvania Law School *magna cum laude* in 2003, where he was research assistant for Professor Stephen Burbank, teaching assistant for Judge Alison Whitmer Tumas, and an editor of the Law Review.  He received an undergraduate degree in English from Yale with distinction in 1996, and a diploma in Hebrew and Jewish studies from Oxford University in 1997.  Prior to joining Fine, Kaplan and Black in 2007, Adam clerked for The Honorable Maryanne Trump Barry of the United States Court of Appeals for the Third Circuit and was an associate at Patterson, Belknap, Webb and Tyler in New York City.

Mary L. Russell, an associate, received her law degree *cum laude* from Georgetown University Law Center, where she was an editor of the American Criminal Law Review. She was a United States Senate staff person before obtaining her law degree. She received her undergraduate education at Kalamazoo College, where she was a Stone Honor Scholarship recipient. She was previously associated with Winthrop, Stimson, Putman & Roberts in New York City and Ballard, Spahr, Andrews & Ingersoll in Philadelphia, and was Of Counsel at Liebenberg & White.

Ria C. Momblanco, an associate, received her law degree from the University of Pennsylvania Law School in 2002, where she was a senior editor and the technology editor for the Law Review. She received her undergraduate degree in chemical engineering from the University of California, Los Angeles. She is admitted to practice before the U.S. Patent and Trademark Office as well as in Pennsylvania and California. Prior to joining Fine, Kaplan and Black in 2006, Ms. Momblanco was an associate at Jones Day in Orange County, California where she practiced complex commercial litigation in the fields of health care and consumer credit reporting.

Elise E. Singer, of counsel, is an experienced antitrust class action and commercial litigator. Ms. Singer graduated from the University of Chicago (with honors), the University of Michigan (*cum laude*), and practiced for many years as a litigation partner at a large firm based in Philadelphia.

We invite you to learn more about Fine, Kaplan and Black on our website (www.finekaplan.com) or by contacting us at (215) 567-6565.

11

# EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | FINE, KAPLAN AND BLACK, RPC | |
|---|---|---|
| Reporting Year | 2014 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| D.L. Perelman | $ 750.00 | | | | | | | | | | 8.8 | | 293.2 | 302.0 | $ 226,500.00 |
| R.D. Liebenberg | $ 750.00 | | | | | | | | | | | | | 0.0 | $ - |
| G.A. Dever | $ 600.00 | | | | | | | | | | 17.9 | | 264.8 | 282.7 | $ 169,620.00 |
| P. Costa | $ 575.00 | | | | | | | | | 15.9 | 50.6 | | | 79.5 | 146.0 | $ 83,950.00 |
| M.H. Duncan | $ 575.00 | 8.1 | | | | | | | | 5.8 | 63.7 | | 210.2 | 287.8 | $ 165,485.00 |
| A. J. Pessin | $ 550.00 | | | | | | | | | | 104.6 | | 126.6 | 231.2 | $ 127,160.00 |
| M.L. Russell | $ 500.00 | | | | | | | | | 70.3 | | | | 70.3 | $ 35,150.00 |
| R.C. Momblanco | $ 450.00 | | | | | | | | | | 42.5 | | | 42.5 | $ 19,125.00 |
| E. Singer | $ 650.00 | | | | | | | | | | | | 95.8 | 95.8 | $ 62,270.00 |
| R.A. Larsen | $ 450.00 | | | | | | | | | | | | | 0.0 | $ - |
| N.M. Blakeslee | $ 250.00 | | | | | | | | | | 16.5 | | 206.5 | 223.0 | $ 55,750.00 |
| A.L. Katzman | $ 250.00 | | | | | | | | | | 11.5 | | 212.8 | 224.3 | $ 56,075.00 |
| S.J. Hufnagel | $ 250.00 | | | | | | | | | | | | 337.1 | 337.1 | $ 84,275.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 8.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 92.0 | 316.1 | 0.0 | 1826.5 | 2242.7 | $ 1,085,360.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | FINE, KAPLAN AND BLACK, RPC | |
|---|---|---|
| Reporting Year | 2015 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| D.L. Perelman | $ 750.00 | | | | | | | | | | 10.4 | | 271.6 | 282.0 | $ 211,500.00 |
| R.D. Liebenberg | $ 750.00 | | | | | | | | | | | | 140.5 | 140.5 | $ 105,375.00 |
| G.A. Dever | $ 600.00 | | | | | | | | | 8.8 | 100.8 | | 238.7 | 348.3 | $ 208,980.00 |
| P. Costa | $ 575.00 | | | | | | | | | | 116.4 | | 112.6 | 229.0 | $ 131,675.00 |
| M.H. Duncan | $ 575.00 | | | | | | | | | 2.3 | 53.1 | | 372.7 | 428.1 | $ 246,157.50 |
| A. J. Pessin | $ 550.00 | | | | | | | | | | 376.7 | | | 376.7 | $ 207,185.00 |
| M.L. Russell | $ 500.00 | | | | | | | | | 95.9 | 41.9 | | 13.7 | 151.5 | $ 75,750.00 |
| R.C. Momblanco | $ 450.00 | | | | | | | | | 54.0 | 29.5 | 4.0 | | 87.5 | $ 39,375.00 |
| E. Singer | $ 650.00 | | | | | | | | | | | | 115.5 | 115.5 | $ 75,075.00 |
| R.A. Larsen | $ 450.00 | | | | | | | | | | | | 33.7 | 33.7 | $ 15,165.00 |
| N.M. Blakeslee | $ 250.00 | | | | | | | | | | 33.0 | | 288.5 | 321.5 | $ 80,375.00 |
| A.L. Katzman | $ 250.00 | | | | | | | | | | 26.4 | | 208.9 | 235.3 | $ 58,825.00 |
| S. J. Hufnagel | $ 250.00 | | | | | | | | | | 62.0 | | 277.5 | 339.5 | $ 84,875.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 161.0 | 850.2 | 4.0 | 2073.9 | 3089.1 | $ 1,540,312.50 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | FINE, KAPLAN AND BLACK, RPC | |
|---|---|---|
| Reporting Year | Inception through Present | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2008 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2009 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2010 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2011 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2012 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2013 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2014 | | 8.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 92.0 | 316.1 | 0.0 | 1826.5 | 2242.7 | $ 1,085,360.00 |
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 161.0 | 850.2 | 4.0 | 2073.9 | 3089.1 | $ 1,540,312.50 |
| | | 8.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 253.0 | 1166.3 | 4.0 | 3900.4 | 5331.8 | $ 2,625,672.50 |

| STATUS: | | CATEGORIES: |
|---|---|---|
| (P) | Partner | 1 Attorney Meeting/Strategy |
| (OC) | Of Counsel | 2 Court Appearance |
| (A) | Associate | 3 Client Meeting |
| (LC) | Law Clerk | 4 Draft Discovery Requests or Responses |
| (PL) | Paralegal | 5 Deposition Preparation |
| (I) | Investigator | 6 Attend Deposition - Conduct/Defend |
| | | 7 Document Review |
| | | 8 Experts - Work or Consult |
| | | 9 Research |
| | | 10 Motions/Pleadings |
| | | 11 Settlement |
| | | 12 Trial |

# EXHIBIT 3

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

EXPENSE SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | FINE, KAPLAN AND BLACK, RPC |
|---|---|
| Reporting Year | Inception through Present |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| Assessments | | |
| Outside Copies | | $ 8,107.67 |
| In-house Reproduction /Copies | | $ 17,082.40 |
| Court Costs & Filing Fees | | |
| Court Reporters 7 Transcripts | | |
| Computer Research | | $ 10,304.50 |
| Telephone & Facsimile | | $ 60.75 |
| Postage/Express Delivery/Courier | | $ 12.48 |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts | | |
| Witness / Service Fees | | |
| Travel: Airfare/Train Fare | | $ 8,203.90 |
| Travel: Lodging/Meals | | $ 7,989.22 |
| Travel:  Miscellaneous Incidentals | | $ 157.00 |
| Car Rental/Cabfare/Parking | | $ 1,271.00 |
| Other Expense        (Research Service--Pacer) | | $ 1,204.40 |
|                        (Sandisk Cruzer) | | $ 44.39 |
|                        (Internet Large File Transfer) | | $ 51.81 |
| | | $ 54,489.52 |