# Exhibit 13

Daniel E. Birkhaeuser (SBN 136646)
**BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER LLP**
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
dbirkhaeuser@bramsonplutzik.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF DANIEL E. BIRKHAEUSER IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**<br><br>Judge: Honorable Samuel Conti<br>Courtroom One, 17th Floor |

1    I, DANIEL E. BIRKHAEUSER , declare as follows:

2    1.    I am an attorney licensed to practice before the courts of California, and a partner in

3    the law firm Bramson, Plutzik, Mahler & Birkhaeuser, LLP. I have personal knowledge of the

4    facts stated in this declaration and, if called as a witness, I could and would testify competently to

5    them. I make this declaration in support of my firm's request for attorneys' fees and

6    reimbursement of litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees,

7    Expenses and Incentive Awards.

8    2.    My firm is counsel of record in this case, and represents plaintiff Donna Ellingson

9    and the Indirect Purchaser Plaintiff Class. A description of my firm is attached as Exhibit 1 and

10   incorporated herein by reference. Briefly, I have practiced law for 27 years following my

11   graduation from the University of California, Davis, King Hall School of Law where I was an

12   editor of the U.C. Davis Law Review. Immediately following graduation, I joined the law firm of

13   McCutchen, Doyle, Brown and Enersen, where I represented clients in a wide variety of complex

14   civil trial work and appeals. In 1994, I joined my present firm and became a partner in 1997. For

15   over 20 years, my firm has represented consumers and investors nationwide in class action

16   litigation. Martindale-Hubble has given the firm as a whole, and me personally, its highest rating

17   of "AV." I have served as lead counsel, co-lead counsel or held leadership positions in numerous

18   class actions involving insurance, false nutritional labeling, antitrust and other consumer matters. I

19   have served as a judge pro tem in the Contra Costa Superior Court. I also lecture on topics

20   involving complex litigation and class action practice. Most recently, I spoke at the National

21   Consumer Law Center's Annual Consumer Rights Litigation Conference in Tampa, Florida in

22   November, 2014.

23   3.    Throughout the course of this litigation, my firm kept files contemporaneously

24   documenting all time spent, including tasks performed, and expenses incurred, and transmitted

25   those reports on a regular basis to Lead Counsel. All of the time and expenses reported by my firm

26   were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

27   4.    During the course of this litigation, my firm has been involved in several important

28

1    tasks and activities on behalf of the IPPs.  All of this work was assigned and approved by Lead

2    Counsel.

3        5.      Jennifer Rosenberg and I were the principal attorneys from this firm responsible for

4    this litigation.  During the 7-year duration of this case, my firm undertook several distinct and

5    significant responsibilities explained below.

6        6.      At Lead Counsel's request, my firm agreed to be responsible for all aspects of the

7    litigation concerning the Toshiba Defendants (this included Toshiba Corporation, and its

8    subsidiaries and affiliated companies in the United States and abroad).  Very broadly, this included

9    negotiating with Toshiba about custodians and the merit-based documents to be produced,

10   negotiating (with the help of our experts) the production of transactional data, reviewing the

11   documents produced, selecting deponents and taking depositions, responding to Toshiba's

12   Summary Judgment Motion, and preparing for trial.  In addition, because Toshiba formed a joint

13   venture with Matsushita in 2003 ("MTPD"), my firm collaborated with the Matsushita/Panasonic

14   team, especially with respect to selecting deponents and taking depositions.

15       7. Obtaining discovery from Toshiba required significant motion practice.  This began

16   immediately with the selection of the custodians whose records would have to be searched for

17   responsive documents.  Together with the Direct Purchaser plaintiffs, we were forced to file a

18   motion to require Toshiba to search the files of several custodians whose documents we believed

19   to be relevant.  The Special Master granted this motion on April 12, 2012 and the Court approved

20   it on April 16, 2012.

21       8.      Following the production of documents, my firm managed a team of document

22   reviewers to search the documents database to determine which Toshiba employees we should

23   depose and, later, which documents we would use as exhibits.  It was my firm's responsibility to

24   develop appropriate search terms, check the resulting pool of documents to ensure that it yielded

25   relevant documents, batch the search results for review by the team, ensure that the team was

26   accurately coding the documents, and review the best documents identified by the reviewers.  Our

27   document review team also assisted, as necessary, with preparation for other defendant

28

1   depositions.

2        9.    Ultimately, we took 12 depositions of Toshiba employees or former employees,

3   including depositions under Federal Rule of Civil Procedure 30 (b)(6).  We also prepared for and

4   assisted the Matsushita/Panasonic team in taking several depositions of former Toshiba employees

5   who joined MTPD.

6        10.    However, even depositions of Toshiba witnesses required motion practice.  For

7   example, plaintiffs discovered that three important witnesses had been transferred from a Toshiba

8   subsidiary to a joint venture in which Toshiba had an interest.  These witnesses authored or

9   received documents that were important to plaintiff's case.  Toshiba did not produce, or cooperate

10  in producing, these witnesses. The parties met and conferred extensively about this issue.

11  Ultimately, however, plaintiffs filed a motion to compel these depositions.  The Special Master

12  ruled that the documents for which these witnesses were custodians would be admissible at trial

13  unless the witnesses were produced in San Francisco for deposition.

14       11.    Another key witness retired during the pendency of the action.  When Toshiba

15  supplemented its disclosures to add him as a person with knowledge, plaintiffs again asked for his

16  deposition and were forced to file a motion to compel his attendance.  Ultimately, the deposition

17  took place and the testimony plaintiffs obtained was extremely useful in opposing Toshiba's

18  Motion for Summary Judgment.

19       12.    My firm also took the lead on a motion to compel Toshiba to provide further

20  responses to the IPPs' final set of written discovery requests before trial.  While most of the

21  defendants resolved the issues informally, Toshiba did not. Thus, the IPPs were required to file a

22  motion at the close of discovery.

23       13.    Another large project my firm undertook was organizing and leading a document

24  review team to search for and review documents relating to specific issues that were material to

25  plaintiffs' case in chief.  My firm at first organized a group to investigate a major trial issue and

26  later pitched in to lead another major topic team as well.  We held frequent conference calls with

27  the review team to ensure accuracy of coding and to share with each other the results of the

28

DECLARATION OF DANIEL E. BIRKHAEUSER  IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

1   searches at that time. My firm developed the search terms to be used, audited the work of the

2   review team, and reviewed the best documents resulting from the searches. Ultimately, we

3   prepared lengthy memos on each topic which were later used to prepare for depositions, respond to

4   discovery propounded by defendants, and prepare for trial.

5       14.     As trial approached, we worked with other counsel for plaintiffs in evaluating legal

6   and factual issues relating to important trial topics and drafted detailed memos to be used in

7   preparation for trial as well as opposing Toshiba's summary judgment motion. We prepared

8   plaintiffs' opposition to Toshiba's summary judgment together with Counsel for the DAPs.

9       15.     My firm also devoted extensive efforts to preparing for trial. We prepared a

10  lengthy (nearly 200 page) memo summarizing the results of the key facts we had obtained during

11  discovery. We identified trial exhibits and reviewed the exhibits proposed by defendants. We

12  designated deposition testimony from key witnesses and responded to defendants' designations

13  and counterdesignations and prepared our own counterdesignations. We also assisted in preparing

14  jury instructions related to claims against Toshiba. We spent considerable time planning the trial

15  approach with co-counsel for the claims against Toshiba.

16      16.     The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary

17  of the amount of time spent by my firm's partners, attorneys and professional support staff who

18  were involved in this litigation. The time is arranged by category. Because the categories are

19  broad, some explanation is required. Under "Attorney Meeting/Strategy", we have included the

20  substantial time that we spent meeting and conferring with Toshiba (by email, written letters, and

21  phone calls) about discovery and trial. We have also included time in this category that was spent

22  on our frequent conference calls and emails with our document review teams and deposition

23  review teams. Finally, we have included time in this category conferring with lead counsel and

24  our Direct Purchaser and DAP counterparts to coordinate discovery, as was required by orders of

25  the Court. Under "Document Review," we have also included the time we spent preparing memos

26  and writing emails detailing the results of our review of documents for the purpose of depositions

27  as well as issues important to plaintiffs' case in chief. Finally, under "Deposition Preparation," we

28

4

1    have included time spent coordinating deposition preparation with our Direct Purchaser and DAP

2    counterparts and with the Panasonic Indirect Purchaser Team (with respect to depositions of

3    MTPD employees).

4            17.  Exhibit 2 does not include any time devoted to preparing this declaration or otherwise

5    pertaining to the Joint Fee Petition.  The lodestar calculation is based on my firm's historical

6    billing rates in effect at the time services were performed.  Exhibit 2 was prepared from

7    contemporaneous time records regularly prepared and maintained by my firm.  Those records have

8    been provided to Lead Counsel and I authorize them to be submitted for inspection by the Court if

9    necessary.  The hourly rates for my firm's partners, attorneys and professional support staff

10   included in Exhibit 2 were at the time the work was performed the usual and customary hourly

11   rates charged for their services in similar complex litigation.

12           18.  My firm submitted time to Lead Counsel on a regular basis throughout this

13   litigation.  Prior to submitting our time to Lead Counsel, I reviewed all entries to ensure that the

14   time reflected was reasonable for the tasks accomplished and was otherwise properly billed to this

15   matter, just as I would to a client paying a monthly bill for our services.  I believe that the time

16   reflected on Exhibit 2 is reasonable.  The total number of hours reasonably expended on this

17   litigation by my firm from inception to May 31, 2015 is 3686.9 hours.  The total lodestar for my

18   firm at historical rates is $2,414,440.00.  The total lodestar for my firm at current rates is

19   $2,608,560.  Expense items are billed separately and are not duplicated in my firm's lodestar.

20           19.  The expenses my firm incurred in litigating this action are reflected in the books

21   and records of my firm. These books and records are prepared from expense vouchers, invoices,

22   receipts, check records and other source materials and accurately reflect the expenses incurred.

23   My firm's expense records are available for inspection by the Court if necessary.

24           20.  My firm incurred a total of $56,232.45 in unreimbursed expenses, all of which were

25   reasonable and necessary for the prosecution of this litigation.  Of this amount, $45,000 was for

26   assessment payments for common litigation expenses, and an additional $11,232.45 was for non-

27   common litigation expenses incurred by my firm, such as travel, meals and lodging, copying, legal

28

1   research, telephone, etc.  A summary of those expenses by category is attached as Exhibit 3.

2       21.      My current hourly rate is $745.  My then existing rate has consistently been

3   approved by Courts in California and other jurisdictions.  My rates over a nearly 10 year period

4   were approved by the Superior Court in *Acree v. General Motors, Inc*, which was  affirmed on

5   appeal in *Acree v. General Motors, Inc. (2001) 92 Cal. App. 4th 385*.  My 2007 regular hourly rate

6   was approved by San Francisco Superior Court Judge Richard A. Kramer in an order dated

7   September 12, 2007 in *In Re Polyester Staple Cases*, J.C.C.P No. 4278 and also in *In Re*

8   *Automobile Antitrust Cases I and II*, J.C.C.P. No. 4298 and 4303 (2012).  My regular hourly rates

9   over an a four year period were approved by Judge Freedman in *Nobles v. Countrywide*, Alameda

10   County Superior Court case number RG04138349 and in *Thomas v. Global Vision Products, Inc.,*

11   *Alameda County Superior Court* case number RG03091195 (2010). My rates over an 8 year period

12   were approved by the Court in *In Re DRAM Antitrust Litigation* (N. D. Cal. 2014).  My firm's

13   billing rates were also approved in *In re Pacific Bell Late Fee Litigation*, Contra Costa Superior

14   Court case number MSC10-00840 (October 13, 2013) and  *In Re Aurora Dairy Organic Milk*

15   *Marketing and Sales Practices Litigation* (E. D. Mo. 2013).

16       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31ˢᵗ

17   day of August, 2015, in Walnut Creek, California.

21                               Daniel E. Birkhaeuser

6

# EXHIBIT  1

## BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

Bramson Plutzik, Mahler & Birkhaeuser, LLP is a San Francisco Bay Area law firm that specializes in representing plaintiffs in class actions, derivative suits and other complex litigation nationwide.

Members of the firm serving as lead or co-lead counsel have successfully handled class actions in which hundreds of millions of dollars have been recovered for the class members. Among these cases are: *In re Unocal Toxic Spill Litigation,* in which $80 million was recovered for victims of a release of toxic chemicals; *Clark v. Ford Motor Credit Co.,* in which the plaintiff class recovered $58.25 million; *Klussman v. Cross Country Bank,* in which the class achieved a $21 million recovery; *Nguyen v. Verizon Wireless,* which also produced a $21 million recovery; *Patrick v. Blue Shield of California,* in which $20 million was recovered for the class; *Gross v. Barnett Bank,* in which over $19 million was recovered; *Ganal v. Toyota Motor Credit,* in which an $18 million recovery was achieved; *Henderson v. First Interstate Bank of California,* in which $16.25 million was recovered for the plaintiff class; *Guyette v. Viacom, Inc.,* in which a settlement was negotiated that included a cash payment to the class of $13 million; *Reed v. Bank of America,* in which $9 million was recovered; *In re Worlds of Wonder Securities Litigation,* a securities fraud action which resulted in a $9 million recovery; *Whitehouse v. Westcorp Financial Services, Inc.,* in which an $8 million settlement was achieved. The firm's partners have represented clients in class action and derivative cases in federal and state courts throughout the United States.

In addition to its expertise in class actions and derivative litigation, the firm has also achieved prominence in the areas of telecommunications law and First Amendment litigation. The firm's efforts in these areas have resulted in significant published decisions, including two favorable rulings from the United States Supreme Court -- *Community Communications v. City of Boulder,* 455 U.S. 40 (1982) and *City of Los Angeles v. Preferred Communications,* 476 U.S. 488 (1986). *See also Preferred Communications v. City of Los Angeles,* 13 F.3d 1327 (9th Cir.), *cert. denied,* 114 S.Ct. 2738 (1994).

### Robert M. Bramson

Robert M. Bramson has more than thirty years of experience in the litigation of antitrust and consumer cases, class actions and other complex litigation. Mr. Bramson received his undergraduate degree in economics, summa cum laude, from the University of California at Berkeley in 1977, and obtained his law degree from the Boalt Hall School of Law in 1981.

Mr. Bramson has represented both plaintiffs and defendants in numerous antitrust cases, and has acted as lead counsel in two such actions taken to trial – *Pacific West Cable Co. v. City of Sacramento,* et al. (E.D. Cal.) ($12 Million settlement on 24th day of trial, at close of plaintiff's case; Sherman Act §2 monopolization claims) and *Colemanet al. v. Sacramento Cable Television* (Sacramento Sup. Ct.) ($2.4 Million judgment after 17-day trial; class action/B & P §17200 case; B & P §17024 discriminatory pricing claims).

Mr. Bramson specializes in antitrust, business torts and communications litigation, as well as in class action cases. He served for many years on the Board of Directors of the National Association of Consumer Advocates and co-chaired its class action committee. He is a contributing author to the National Consumer Law Center's publication Consumer Class Actions. He acted as reporter for the National Association of Consumer Advocates in preparing its influential Standards and Guidelines For Consumer Class Actions, 176 F.R.D. 375 (1997).

Mr. Bramson's lecture topics have included "Strategic and Ethical Issues in Litigating 17200 Cases" (Bar Association of San Francisco, San Francisco 2001), "Equitable Remedies In Class Actions and Under California's Section 17200 Statute" (National Association of Consumer Advocates, Chicago 2000), "Ethical Issues Arising in Class Action Settlements" (National Consumer Law Center, Wash. DC and San Diego 1999 and 1998) "California's Business & Professions Code Section 17200" (California Bar Association, Lake Tahoe 1997), "Preparation of Competitive Business Practices Cases" (Continuing Education of the Bar, Sacramento 1997), and "The Cable Communications Policy Act of 1984" (California State University, Fullerton 1993).

### Robert M. Bramson Representative Cases

*Klussman v. Cross Country Bank* (Alameda County Superior Court) Honorable Ronald Sabraw and Honorable Lawrence Appel, presiding. Co-counsel for a consumer class against credit card issuer. Shortly before trial was due to commence, a settlement was negotiated that resulted in the recovery of consideration exceeding $21 million.

*Boltz v. Buena Vista Home Entertainment, et al.* (Los Angeles Superior Court) Honorable Anthony Mohr, presiding. Co-counsel on behalf of a nationwide class of hard of hearing persons seeking "close captioning" of content on the DVDs distributed to the public by four major motion picture studios. Case was settled by stipulations to industry-changing injunctions requiring greater captioning.

*Acree v. General Motors Acceptance Corp.* (Sacramento Superior Court; Third District Court of Appeal) Honorable James Long, presiding. Class action challenging insurance charges imposed upon borrowers by defendant. Following extended trial and multiple appeals, judgment for class and award of fees against defendant totaling approximately $7,000,000 upheld on appeal.

*In re Unocal Refinery Litigation* (Contra Costa Superior Court) Honorable Ignacio Ruvulo, presiding. One of two co-lead counsel for a class of victims exposed to a toxic chemical spill. Following extensive discovery, including several months of daily depositions, an $80,000,000 settlement was negotiated.

*Pacific West Cable Company v. City of Sacramento, et al.* (U.S. District Court, E.D. Cal.) Honorable Milton L. Schwarz, presiding. Antitrust jury trial on behalf of plaintiff. Case settled for $12,000,000 after month-long presentation of plaintiff's case in chief.

2

*Coleman v. Sacramento Cable Television* (Sacramento Superior Court) Honorable Roger K. Warren, presiding.  Judgment of $2,400,000 obtained for clients in Bus. & Prof. Code §17200 "quasi-class" case, following 26 day trial.

*Campisi v. Chavez, et al.* (Arbitration) Charles E. Farnsworth, Esq., Referee, presiding. Defended clients against claims of breach of contract and breach of fiduciary duty.  Three week arbitration proceeding resulting in ruling limiting plaintiff to amount stipulated as due.

*Pacific West Cable Company v. City of Sacramento, et al.* (U.S. District Court, E.D. Cal.) Honorable Milton L. Schwarz, presiding.  Twenty-nine day jury trial challenging municipal cable franchising activities.  Favorable jury verdicts (see 672 F. Supp. 1322) led to $6,000,000 settlement for client as well as injunction permitting access to the market.

*Nor-West Cable Communications Partnership v. City of St. Paul* (U.S. District Court, D. Minn.)  Honorable Joseph Alsop, presiding.  Three month jury trial challenging municipal policy fostering monopolization of local cable television market.

*Furniture Creations, Inc. v. Universal Furniture* (Los Angeles Superior Court) Honorable Robert Einstein, presiding.  Three week jury trial in breach of contract case resulting in $1,000,000 verdict for clients.

### Robert M. Bramson Selected Published Decisions:

*Klussman v. Cross Country Bank*, 134 Cal.App.4th 1283 (2005).

*Acree v. General Motors Acceptance Corp.*, 92 Cal.App.4th 385 (2001).

*Heartland Communications, Inc. v. Sprint Corp.*, 161 F.R.D. 111 (D. Kan. 1995).

*Preferred Communications, Inc. v. City of Los Angeles*, 13 F.3d 1327 (9th Cir.), *cert. denied*, 512 U.S. 1235 (1994).

*Gordon v. Ford Motor Credit Corp.*, 868 F. Supp. 1191 (N.D. Cal. 1992).

*Century Federal, Inc. v. City of Palo Alto*, 710 F.Supp. 1559 (N.D. Cal. 1988).

*Pacific West Cable Company v. City of Sacramento*, 672 F. Supp. 1322 (E.D. Cal. 1987) and 693 F. Supp. 865 (E.D. Cal. 1988).

*Colorado Springs Cablevision, Inc. v. Lively*, 579 F. Supp. 252 (D. Colo. 1984).

3

## Alan R. Plutzik

Alan R. Plutzik specializes in complex business litigation in federal and state courts. Areas of particular emphasis include consumer class actions, securities fraud and corporate governance litigation, antitrust and communications law. Mr. Plutzik is admitted to practice in California and the District of Columbia Bar (inactive member) and is a member of the bars of the United States Supreme Court, the Second, Third, Eighth, Ninth, Tenth and District of Columbia Circuits and a number of federal district courts.

Mr. Plutzik joined the firm upon his graduation from the University of California at Berkeley's Boalt Hall School of Law in 1977. He received his undergraduate degree from St. John's College, Annapolis, Maryland, in 1971, and holds an M. A. from Stanford University.

Mr. Plutzik has handled a wide variety of class actions and derivative cases. He has represented, among other clients,

- investors in securities class actions

- shareholders in corporate derivative suits;

- victims of consumer fraud;

- parties alleging breach of contract by insurance companies and other corporations;

- limited partners challenging conduct by their general partners;

- consumers and businesses harmed by price-fixing and other anticompetitive conduct;

- employees in ERISA and wage/hour cases;

- property owners in litigation challenging policies that affect their property rights;

- purchasers of mislabeled and defective products;

- home buyers in suits brought under the Real Estate Settlement Procedures Act;

- victims of toxic pollution; and

- Subscribers to cellular, landline telephone, cable TV and Internet-delivered services.

Mr. Plutzik has also represented technology companies in litigation and arbitration, and broadcasters, cable television companies, communications common carriers and consumers in litigation and in administrative proceedings before the Federal Communications Commission and the California Public Utilities Commission. He has been designated a Northern California SuperLawyer.

Mr. Plutzik has written or lectured on topics that include class actions, California consumer law, substantive and procedural issues under the federal securities laws, First Amendment issues applicable to the media, cable television franchising and legal issues arising from cable television companies' access to utility poles and real estate developments. He has appeared as a guest radio commentator on the Len Tillem Show on KGO-Radio in San Francisco, discussing class actions, consumer protection law and investor rights.

Mr. Plutzik has served as a judge *pro tem* on the Contra Costa County Superior Court. He is also Co-President of the Warren W. Eukel Teacher Trust, a charity that honors outstanding teachers in Contra Costa County, California.

### Alan R. Plutzik Representative Cases

*In re Pacific Bell Late Fee Litigation* (Contra Costa County Superior Court). Mr. Plutzik is co-lead counsel for the plaintiffs in a consumer class action challenging the validity of a landline telephone company's late fees in light of California statutory limitations on liquidated damages. A $38 million settlement was negotiated and approved by the Court.

*Patrick v. California Physicians' Service dba Blue Shield of California* (San Francisco County, California Superior Court and United States District Court for the Northern District of California). Mr. Plutzik represented the plaintiffs in a class action for consumer fraud, unfair business practices and violations of ERISA arising from allegedly deceptive and unfair practices by a health insurance company in connection with patient co-payments for hospital treatment. A settlement of $20 million was negotiated after the close of discovery.

*In re Cellphone Termination Fee Cases* – Handset Locking Actions (Alameda County, California Superior Court). Mr. Plutzik served as co-lead counsel in five coordinated cases challenging the secret locking of cellphone handsets by major national wireless carriers to prevent consumers from activating them on competitive carriers' systems. Settlements were approved in all five cases on terms that required the cellphone carriers to disclose their handset locks to consumers and to provide unlocking codes nationwide on reasonable terms and conditions. The settlements fundamentally changed the landscape for cellphone consumers nationwide regarding the locking and unlocking of cellphone handsets.

*In re Cellphone Termination Fee Cases* – Early Termination Fee Cases (Alameda County, California Superior Court and Federal Communications Commission). Mr. Plutzik is Liaison Counsel and a member of the plaintiffs' Executive Committee in connection with claims challenging the validity under California law of early termination fees imposed by national cellphone carriers. In one of those cases, against Verizon Wireless, a nationwide settlement was reached after three weeks of trial in the amount of $21 million. In a second case, which was tried to verdict and affirmed on appeal, the Court ruled after trial that more than $73 million of flat early termination fees that Sprint PCS had collected from California consumers over an eight-year period were void and unenforceable, and enjoined Sprint from collecting an additional $225 million of such charges that had been billed but not paid.

5

*Guyette v. Viacom, Inc.* (Alameda County, California Superior Court). Mr. Plutzik was co-counsel for a class of cable television subscribers who alleged that the defendant had improperly failed to share certain tax refunds with the subscribers. A settlement was negotiated shortly before trial under which defendants paid the class $13 million in cash.

*Green v. Metropolitan Life Insurance Co.* (San Francisco County, California Superior Court). Mr. Plutzik was co-counsel for a California class of MetLife policy holders in a class action alleging that MetLife had engaged in "twisting," "churning" and other misconduct in the sale of replacement life insurance policies. After the California class was certified, the case settled on a nationwide basis for consideration in excess of $1 billion.

*In re Pacific Lumber Company Securities Litigation* (United States District Court, Southern District of New York). Mr. Plutzik was counsel for the plaintiff class in a securities class action arising out of a tender offer for Pacific Lumber Company by a corporate raider. The plaintiff class recovered in excess of $140 million.

*In re Worlds of Wonder Securities Litigation* (United States District Court, Northern District of California). Mr. Plutzik was co-lead counsel for the plaintiff class in a securities fraud class action against officers, directors, venture capitalists and auditors of failed toy company in a case raising complex accounting and auditing issues. After percipient and expert discovery, summary judgment, appeal and remand, a settlement was reached against the company's auditor, Deloitte &Touche, LLP, for $9 million. The case resulted in a number of published opinions – *e.g., In re Worlds of Wonder Securities Litigation,* 35 F.3d 1407 (9th Cir. 1994), *cert. denied,* 516 U.S. 868 (1995); 694 F. Supp. 1427 (N.D. Cal. 1988); 721 F. Supp. 1140 (N.D. Cal. 1989); 1990 U.S. Dist. LEXIS 18396, [1990-91 Transfer Binder] Fed. Sec. L. Rep. (CCH) 95,689 (N.D. Cal. 1990); 147 F.R.D. 208 (N.D. Cal. 1992).

*McCall v. Newkirk Capital LLC* (Connecticut Superior Court, New Britain Judicial District). Mr. Plutzik represented a class of investors in 90 limited partnerships in a suit arising out of a consolidation, or "rollup," of the partnerships. A settlement was negotiated and approved by the Court that provided for the class to receive significant consideration, including cash, additional partnership units and a restructuring of certain assets and agreements with the general partner and its affiliates.

*In re Daisy Systems Securities Litigation* (United States District Court, Northern District of California). Mr. Plutzik represented a plaintiff class in a securities fraud class action against the directors and officers of a Silicon Valley company. A $13.1 million settlement was reached.

*Hodge v. Franklin Select Realty Trust* (San Mateo County, California Superior Court). Mr. Plutzik was co-counsel for a shareholder class in a claim against directors and officers of a real estate investment trust and others, arising out of merger with two other related companies. A settlement of $4 million was negotiated.

*Barnett v. Glenborough Pension Investors* (San Mateo County, California Superior Court). Mr. Plutzik was co-counsel for a plaintiff class of limited partners in a claim against general partners, attorneys and lenders arising from the restructuring of a real estate limited

partnership. A settlement of approximately $3 million was reached after the close of expert discovery.

*In re Technical Equities Federal Securities Litigation* (United States District Court, Northern District of California). Mr. Plutzik represented the plaintiff class in securities fraud class action against directors, officers, auditors, attorneys, lenders and investment bankers of a public corporation that operated a complex Ponzi scheme. A global classwide settlement in the amount of $13 million was reached shortly before trial. *See In re Technical Equities Federal Securities Litigation*, 1988 U.S. Dist. LEXIS 15813, [1988-89 Transfer Binder] Fed. Sec. L. Rep. (CCH) P 94, 093 (N.D. Cal. Oct. 3, 1988)

*Daniels v. Centennial Group* (Orange County, California Superior Court). Mr. Plutzik was co-counsel for the plaintiff class in a claim for fraud, negligent misrepresentation and breach of fiduciary duty against general partners and promoters arising from a "roll-up" of six real estate limited partnerships. A settlement of approximately $4 million was reached on behalf of the investors. The case resulted in an important published opinion regarding the standards for class certification under California law – *Daniels v. Centennial Group, Inc.*, 16 Cal.App.4th 467 (1993).

*Harbor Finance Partners v. BKP Capital Management et al.* (San Francisco County Superior Court). Mr. Plutzik was co-counsel for a plaintiff class consisting of both individual and institutional investors in an action asserting claims of misrepresentation, breach of fiduciary duty and unfair business practices against a hedge fund, its general partner, its auditor and others. The action settled on terms favorable to the class.

*Condes v. Evercom et al.* (Alameda County, California Superior Court). Mr. Plutzik was co-counsel for a class of recipients of inmate telephone calls. A partial class settlement which, together with individual settlements, resulted in the recovery of more than $1 million was negotiated and approved by the Court.

*NV Security, Inc. v. Fluke Networks, Inc.* (U.S. District Court, Central District of California). Mr. Plutzik was counsel in a class action on behalf of purchasers of allegedly defective telephone line equipment. A settlement was negotiated that included monetary and injunctive relief for class members.

*McCullough v. Jameson* (United States District Court for the Northern District of California) – Individual and derivative case on behalf of shareholders of a privately held oil company for alleged misappropriation of corporate opportunities and other breaches of fiduciary duties. The case settled favorably.

*Stock Options Backdating Derivative Cases* (United States District Court, Northern District of California) – Mr. Plutzik served as Liaison Counsel in a number of corporate derivative cases in the United States District Court for the Northern District of California alleging the improper backdating of stock options, including *In re Integrated Silicon Solutions Derivative Cases*, *In re Actel Derivative Cases* and *In re Chordiant Derivative Cases*. Successful results were achieved in all of those cases.

7

*In re Washington Public Power Supply Securities Litigation* (United States Court of Appeals for the Ninth Circuit) – Mr. Plutzik represented a class action law firm in a case that established important principles regarding the compensation of plaintiffs' counsel in federal class actions. The case resulted in a published opinion. *In re Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).

*Antitrust Direct and Indirect Purchaser Class Actions* – Mr. Plutzik has served in a leadership position in numerous antitrust class actions, including *In re Methionine Direct Purchaser Antitrust Litigation* (United States District Court for the Northern District of California), *In re California Indirect Purchaser MSG Antitrust Litigation* (San Francisco County Superior Court) and *In re California Infant Formula Indirect Purchaser Antitrust Litigation* (San Francisco County Superior Court).

*California Community Television Association v. Pacific Gas & Electric Company* (Alameda County, California Superior Court), *Group Cable v. PG&E* (United States District Court for the Northern District of California) and *California Community Television Association v. Pacific Gas & Electric Company* (California Public Utilities Commission) – associational and class action cases alleging antitrust and related business tort claims for denial of access to utility poles on reasonable terms, and administrative action seeking regulatory ruling setting fair and reasonable prices and terms, brought on behalf of California cable television companies against a public utility. The cases were settled on terms that permitted favorable conditions of access to the poles.

*Lucero v. Frederick's of Hollywood, Inc.* (Santa Clara County, California Superior Court). Mr. Plutzik served as lead counsel for an employee class in this wage and hour class action. A $950,000 settlement was approved by the Court.

*USA Media Group LLC v. Truckee Donner Public Utility District* (United States District Court for the Eastern District of California). Mr. Plutzik represented a cable television company in a claim brought against a public utility district for constitutional and antitrust violations and related state-law claims arising from restrictions imposed by the public utility district on the cable television company's access to utility poles owned by the public utility district, which was planning to offer competitive cable television service. The case settled on terms that permitted the cable television company to continue to obtain access the poles on reasonable terms and conditions.

*Tele-Communications of Key West, Inc. v. United States* (United States District Court, District of the District of Columbia). Mr. Plutzik represented a cable television company in constitutional litigation arising from its provision of service on Homestead Air Force Base. *Telecommunications of Key West, Inc. v. United States*, 757 F.2d 1330 (D.C. Cir. 1985).

*Citizens Cable Communications Co. v. Cox Cable Communications Co.* (United States District Court for the Northern District of Indiana). Mr. Plutzik represented a cable television company in litigation arising from an option to purchase a cable television system in a neighboring community. The case settled favorably during trial.

### Daniel E. Birkhaeuser

Daniel E. Birkhaeuser received his law degree from the University of California, Davis in 1988. While at Davis, he served as an Editor of the *U.C. Davis Law Review*.

Following graduation, Mr. Birkhaeuser joined the law firm of McCutchen, Doyle, Brown and Enersen. At the McCutchen firm, he represented plaintiffs and defendants in a wide variety of complex civil litigation matters including real estate, bankruptcy and environmental litigation. In 1991, Mr. Birkhaeuser co-chaired an eight week trial in *Quadrant Corporation v. First Interstate Bank*, Contra Costa County Superior Court Action No. C90-03855 recovering for his client over $15 million which, at that time, was the largest jury verdict in Contra Costa County history.

In 1992, Mr. Birkhaeuser began to focus his career on class action litigation at the trial and appellate levels. One such matter, *Harris v. Chase Manhattan Bank*, N.A. (1994) 34 Cal. App. 4th 1563, resulted in a favorable decision, the reasoning of which was affirmed by the California Supreme Court in a companion case entitled *Smiley v. Citibank* (1995) 11 Cal. 4th 138, and ultimately by the United States Supreme Court in the same case. *Smiley v. Citibank* (1996) 517 U.S. 735.

Mr. Birkhaeuser joined the firm in 1994 and became a partner in 1997. At the firm, he has prosecuted class action cases involving insurance, false nutritional labeling, price fixing and securities fraud. Mr. Birkhaeuser served in a leadership position in *In Re Kansas Vitamin Antitrust Litigation* and *In re Wisconsin Vitamin Antitrust Litigation*, which were coordinated through proceedings in the District of Columbia and consolidated with *parens patriae* actions brought by attorneys general in 23 jurisdictions. He served on plaintiffs' Executive Committee in *In re DRAM California Indirect Purchaser Antitrust Litigation* and *In re California Polyester Indirect Purchaser Antitrust Litigation*, and serves as Liaison Counsel in *In Re Korean Ramen Indirect Purchaser Antitrust Litigation*. He has also represented indirect purchaser plaintiffs in antitrust matters alleging price fixing in the "Flash Memory," Cathode Ray Tube, Automobile, and Paper industries. He has also served as a judge *pro tem* in the Contra Costa Superior Court.

**Other Significant Cases:**

*Van Warmerdam v. Honey Hill Farms* (arbitration) Honorable William Boone, presiding. Lead counsel in complex contract dispute resulting in verdict in client's favor on complaint and cross-complaint.

*Meadow Wood Land Company v. Landmark Vineyards, Ltd, et. al.*, First Appellate District No. AO43692. Lead counsel for defendants and respondents in case which settled favorably after the filing of Respondents' brief on appeal.

*Lesher Communications, Inc. v. City of Walnut Creek*, 52 Cal. 3d 531 (1991). Landmark decision under California Environmental Quality Act addressing City's ability to amend general plan by voter initiative.

9

73400

*Acree v. General Motors, Inc.*, 92 Cal. App. 4th 385 (2001). Important decision defining scope of covenant of good faith and fair dealing and reasonableness of fee award after class action trial against tenacious defendant.

*Morelli v. Weider Nutrition Group, Inc.*, 275 A.D.2d 607, 712 N.Y.S. 2d 551 (1st Dept. 2000). Case of first impression holding that plaintiffs' claims for false nutritional labeling were not preempted by the Nutritional Labeling and Education Act.

*Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292 (S.D. Fla. 2007). Lead counsel for objector/class member in state court action who, joined by attorneys general from 35 states, successfully defeated settlement of later-filed federal action on the ground that the settlement was unfair.

*Vassalle v. Midland Funding*, 708 F. 3d 747 (6th Cir. 2013) Co-lead counsel for objector in which the Court rejected a proposed class action settlement of claims relating to affidavits containing false representations of personal knowledge.

### Jennifer S. Rosenberg

Jennifer S. Rosenberg is senior counsel with the firm. She received her A.B. in political science, with great distinction in general scholarship, in 1981 from the University of California at Berkeley. She is a member of Phi Beta Kappa. Ms. Rosenberg obtained her law degree from the University of California at Berkeley (Boalt Hall) in 1985.

From 1985 to 1987, Ms. Rosenberg was an associate with the law firm of McKenna, Conner & Cuneo. Before joining Bramson, Plutzik, Mahler & Birkhaeuser, she was associated with McCutchen, Doyle, Brown &Enersen. As an adjunct professor at the University of San Francisco, she has taught business law and business ethics in the undergraduate and MBA programs of the McLaren School of Business.

Ms. Rosenberg is a contributing writer for Justice Maria Rivera's *California Practice Guide: Civil Procedure Before Trial Forms* (The Rutter Group), and is the principal drafter of the guide's class action forms. She has published articles in *California Lawyer* and *Business Voice* magazines and edited the 1994 edition of Remy, Thomas & Moose's *Guide to the California Environmental Quality Act*.

At Bramson, Plutzik, Mahler & Birkhaeuser, Ms. Rosenberg has focused on the prosecution of consumer class actions. Ms. Rosenberg is admitted to practice in California and is a member of the bars of the federal district courts of California and of the Ninth Circuit. She has acted as a judge pro tem for civil matters and a small claims appeals judge in Superior Court and as a fee arbitrator.

### Selected Published Decisions:

*Figueroa v. Sharper Image Corporation*, 517 F.Supp.2d 1292 (S.D. Fla. 2007)

10

73400

*Acree v. General Motors Acceptance Corporation*, 92 Cal. App. 4th 385 (2001)

*Mangini v. Aerojet-General Corporation*, 230 Cal.App.3d 1125 (1991)

## Michael S. Strimling

Michael S. Strimling has extensive experience in complex litigation and class actions. He received his J.D. from Boalt Hall Law School at U.C. Berkeley and was admitted to the California Bar in 1980. As well as actively prosecuting class actions and mass tort litigation while at Lieff, Cabraser, Heimann& Bernstein, at Bramson, Plutzik, Mahler & Birkhaeuser, LLP, and of counsel in other complex litigation, he has defended class actions while associated with Bartko, Zankel, Tarrant & Miller and Wendel, Rosen, Black & Dean.

In addition, Mr. Strimling has served as the Research Attorney for the Complex Litigation Department of Santa Clara County Superior Court, as a Senior Research Attorney to the California Sixth District Court of Appeal, as a Research Attorney to the Alameda County Superior Court, as a Legal Advisor to the Solomon Islands government in the United States Peace Corps, and as a three-term member of the California State Bar's Committee on the Administration of Justice. In addition to admission before State and Federal District Courts he has been admitted to the Bar and argued before the U.S. Court of Federal Claims in Washington, D.C., lectured in continuing legal education seminars, published articles on derivative litigation, and been admitted to the New Zealand and Solomon Islands Bar.

## Jenelle Welling

**Jenelle Welling** graduated from the University of California, Hastings College of the Law in 2000, where she was honored with the American Jurisprudence Award in both Moot Court and Trial Advocacy. She also was a member of the Hastings Women's Law Journal. Prior to law school, Ms. Welling received a Masters Degree in Public Policy from the University of California at Berkeley. She graduated with Highest Honors from the University of California at San Diego with a Bachelor of Arts degree in Political Science. Recognized as a Rising Star by the Super Lawyers of Northern California in 2010 and 2011, Ms. Welling is a member of the National Association of Consumer Advocates, the Consumer Attorneys of California, and the Contra Costa County Bar Association. Her primary practice area is complex and class action litigation in consumer financial services and consumer products. She also practices in antitrust and commercial litigation. She has lectured on the Truth in Billing Act, mediating consumer class actions, and presented seminars on the basics of consumer class action litigation for plaintiffs' lawyers.

Some of the clients and plaintiff classes Ms. Welling has represented include:

- *In re: Ford Explorer Cases, J.C.C.P. Nos. 4266 & 4270.* Ms. Welling, along with
  co-counsel, represented a class of California consumers alleging that Ford withheld material information about the rollover propensity of the Ford Explorer. Ms. Welling was a member of the 5-person trial team that presented plaintiffs' case over the course of a 50-day trial, and was primarily responsible for presenting expert testimony in support of restitution under Business & Professions Code §17200 totaling more than $500 million. The case settled on the eve of closing argument and ultimately provided injunctive relief that will inure to the benefit of consumers nationwide, as well as the opportunity for monetary redress for consumers in California, Texas, Illinois, and Connecticut.

12

73400

- *In re CARB Compliant Gasoline Cases II, JCCP No. 4449.* Jenelle Welling served as co-liaison counsel in this anti-trust action filed in California Superior Court. Plaintiffs allege that Union Oil Company misled the California Air Resources Board (CARB) into adopting standards for the composition of summertime reformulated gasoline that overlapped with Union Oil Company's then undisclosed and pending patents. Through this alleged deception and other alleged anti-competitive acts, California consumers in the downstream market allegedly overpaid for summertime CARB-complaint gasoline. A settlement providing $48 million in cy pres was approved by the court in 2008.

- *In re: Baycol Cases I and II.* This action alleges that Bayer's advertisement and sale of the cholesterol drug Baycol, which was ultimately pulled from the market for safety risks, violated California's Unfair Competition Law. In February 2011, Ms. Welling successfully overturned an appellate opinion, and obtained a ruling in Plaintiff's favor on important class action procedural issues. *See In re Baycol Cases I and II,* (2011) 51 Cal.4th 751.

- *Brothers v. Hewlett-Packard.* In this case, Ms. Welling secured speedy relief for owners nationwide of certain HP laptop computers that were alleged to contain a defect associated with an advanced graphics card. Consumers received a new, equally performing graphics card at no expense and a refund of 100% of expenses associated with any repair of the alleged defect. This case also generated the first decision within the Ninth Circuit establishing federal jurisdiction under CAFA for Magnuson-Moss claims without the 100 plaintiff jurisdictional requirement. *See Brothers v. Hewlett Packard, Co.,* Case No. 06-02254, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007).

- *In re: Tenet Healthcare Cases II.* Jenelle Welling served on the Plaintiffs' Executive Committee in this consolidated action that obtained redress for uninsured consumers who received treatment from one of Tenet Healthcare's 42 California hospitals. The complaint alleged Tenet charged exorbitant and unconscionable prices, for example, marking up prescription drugs 1,038% on average, to increase revenues and profits. A national settlement was approved in August 2005 that provides for restitution, injunctive relief and $4 million of cy pres damages. The settlement has been hailed as a model for how the nation's uninsured population should be billed for hospital care.

- *Prata v. Bank One.* Ms. Welling, along with co-counsel, represented the plaintiff class in this case involving "Same as Cash" credit card financing claims. The Superior Court in Los Angeles approved a $3 million cash settlement for California consumers who participated in the "Same as Cash" financing plan. Litigation of this case resulted in a oft-cited opinion interpreting Bus. & Prof. Code § 17200, *Prata v. Sup. Ct.* (2001) 91 Cal. App. 4th 1128.

- *Starkey v. Rusnak BMW.* Ms. Welling led this class action asserting that expensive BMW wheels on new cars were secretly replaced before sale with lower value after market wheels. The action was resolved quickly to the benefit of the class, and included an agreement by the dealer to refrain from selling after market wheels on new cars.

- *Prata v. GE Capital.* Ms. Welling, along with co-counsel, restored another $2.5 million to Californians who were duped by the "Same as Cash" advertising slogan and program that GE bought from Bank One. GE also agreed to refrain from using the "Same as Cash" slogan to advertise financing plans that require minimum monthly payments.

### Paul F. Mahler (Of Counsel)

Paul F. Mahler is a 1980 graduate of the University of California, Boalt Hall School of Law. After working several years in-house at a major educational company headquartered in San Francisco, Mr. Mahler joined the firm in 1985, became a partner in 1997 and is currently of counsel to the firm.

Mr. Mahler handles business transactions, representing primarily small and medium-sized businesses. Mr. Mahler's transactional work includes entity formation and agreements among owners; the purchase and sale of assets, stock or other interests; intellectual property issues; employment matters; and commercial real estate matters, primarily in leasing. His clients include high technology companies, biotechnology companies, accounting and insurance firms and companies with significant retail store operations.

14

# EXHIBIT   2

### IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
### TIME AND LODESTAR SUMMARY
### INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP |
|---|---|
| Reporting Year | 2008 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| Daniel | $ 575.00 | 0.8 | | | | | | | | | 2.8 | | | 3.6 | $ 2,070.00 |
| Birkhaeuser (P) | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Jennifer | $ 520.00 | 1.2 | 4.2 | | | | | | | 0.3 | 8.3 | | | 14.0 | $ 7,280.00 |
| Rosenberg (A) | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.0 | 4.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.3 | 11.1 | 0.0 | 0.0 | 17.6 | $ 9,350.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP |
|---|---|
| Reporting Year | 2009 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Daniel E. Birkhaeuser (P) | $ 595.00 | 3.9 | | | | | | | | | 0.4 | | | 4.3 | $ 2,558.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Jennifer S. Rosenberg (A) | $ 540.00 | 1.0 | | | | | | | | | | | | 1.0 | $ 540.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 4.9 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.4 | 0.0 | 0.0 | 5.3 | $ 3,098.50 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP |
|---|---|
| Reporting Year | 2010 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| Daniel E. | | | | | | | | | | | | | | 0.0 | $ - |
| Birkhaeuser (P) | $ 625.00 | 22.4 | | | 12.2 | | | | | 2.6 | 3.1 | | | 40.3 | $ 25,187.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Jennifer S. | | | | | | | | | | | | | | 0.0 | $ - |
| Rosenberg (A) | $ 570.00 | 5.9 | | | 12.7 | | | | | 2.5 | 12.9 | | | 34.0 | $ 19,380.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Hayley A. | | | | | | | | | | | | | | 0.0 | $ - |
| Reynolds (PI) | $ 150.00 | | | | | | | | | 15.5 | | | | 15.5 | $ 2,325.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 28.3 | 0.0 | 0.0 | 24.9 | 0.0 | 0.0 | 0.0 | 0.0 | 20.6 | 16.0 | 0.0 | 0.0 | 89.8 | $ 46,892.50 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP |
|---|---|
| Reporting Year | 2011 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| Daniel E. | | | | | | | | | | | | | | 0.0 | $ - |
| Birkhaeuser (P) | $ 650.00 | 72.2 | | | 5.5 | | | 92.6 | | 2.0 | 0.4 | | | 172.7 | $ 112,255.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Jennifer S. | | | | | | | | | | | | | | 0.0 | $ - |
| Rosenberg (A) | $ 595.00 | 44.6 | | | 1.7 | | | 75.5 | | 1.0 | 0.6 | | | 123.4 | $ 73,423.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Hayley A. | | | | | | | | | | | | | | 0.0 | $ - |
| Reynolds (PI) | $ 150.00 | 7.5 | | | | | | 10.5 | | 11.0 | | | | 29.0 | $ 4,350.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 124.3 | 0.0 | 0.0 | 7.2 | 0.0 | 0.0 | 178.6 | 0.0 | 14.0 | 1.0 | 0.0 | 0.0 | 325.1 | $ 190,028.00 |

## IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
### TIME AND LODESTAR SUMMARY
### INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP |
|---|---|
| Reporting Year | 2012 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.00 | $ - |
| Daniel E. | | | | | | | | | | | | | | 0.00 | $ - |
| Birkhaeuser (P) | $ 665.00 | 103.5 | 2.30 | | 3.70 | 110.40 | 28.20 | 347.60 | 12.00 | 2.90 | 30.00 | | | 640.60 | $ 425,999.00 |
| | | | | | | | | | | | | | | 0.00 | $ - |
| Jennifer S. | | | | | | | | | | | | | | 0.00 | $ - |
| Rosenberg (A) | $ 610.00 | 27.9 | 5.50 | | 4.60 | 37.20 | | 172.60 | 1.30 | | 15.60 | | | 264.70 | $ 161,467.00 |
| | | | | | | | | | | | | | | 0.00 | $ - |
| Hayley A. | | | | | | | | | | | | | | 0.00 | $ - |
| Reynolds (Pl) | $ 160.00 | 2.75 | | | | 3.00 | | 11.00 | | 1.00 | | | | 17.75 | $ 2,840.00 |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 134.15 | 7.80 | 0.00 | 8.30 | 150.60 | 28.20 | 531.20 | 13.30 | 3.90 | 45.60 | 0.00 | 0.00 | 923.05 | $ 590,306.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Reporting Year | 2013 | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| Daniel E. | | | | | | | | | | | | | | 0.0 | $ - |
| Birkhaeuser (P) | $ 675.00 | 19.8 | 25.9 | | 2.3 | 231.1 | 36.9 | 46.8 | | | 6.4 | | | 369.2 | $ 249,210.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Jennifer S. | | | | | | | | | | | | | | 0.0 | $ - |
| Rosenberg (A) | $ 620.00 | 41.4 | 29.9 | | 0.5 | 173.4 | 22.1 | 7.9 | | | 0.9 | | | 276.1 | $ 171,182.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 61.2 | 55.8 | 0.0 | 2.8 | 404.5 | 59.0 | 54.7 | 0.0 | 0.0 | 7.3 | 0.0 | 0.0 | 645.3 | $ 420,392.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP |
| Reporting Year | 2014 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| Daniel E. Birkhaeuser (P) | $ 710.00 | 30.6 | 4.4 | | 17.6 | 224.1 | 137.9 | 8.2 | | 0.4 | 281.4 | | 113.7 | 818.3 | $ 580,993.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Jennifer S. Rosenberg (A) | $ 650.00 | 54.9 | 12.9 | | 20.8 | 112.1 | 117.6 | 87.4 | 2.3 | 9.3 | 218.7 | | 48.9 | 684.9 | $ 445,185.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Michael S. Strimling (A) | $ 650.00 | | | | | | | | | 1.5 | | | | 1.5 | $ 975.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Jenelle W. Welling (A) | $ 600.00 | | | | | | | | | | | | 5.8 | 5.8 | $ 3,480.00 |
| | | | | | | | | | | | | | | 0.0 | |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 85.5 | 17.3 | 0.0 | 38.4 | 336.2 | 255.5 | 95.6 | 2.3 | 11.2 | 500.1 | 0.0 | 168.4 | 1510.5 | $ 1,030,633.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP |
|---|---|
| Reporting Year | 2015 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Daniel E. Birkhaeuser (P) | $ 745.00 | 4.4 | | | | | | | | 3.0 | 18.1 | | 101.0 | 126.5 | $ 94,242.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Jennifer S. Rosenberg (A) | $ 675.00 | 0.5 | | | 5.3 | | | 2.9 | | | 2.6 | | 32.4 | 43.7 | $ 29,497.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 4.9 | 0.0 | 0.0 | 5.3 | 0.0 | 0.0 | 2.9 | 0.0 | 3.0 | 20.7 | 0.0 | 133.4 | 170.2 | $ 123,740.00 |

## IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
### TIME AND LODESTAR SUMMARY
### INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP |
|---|---|
| Reporting Year | Inception through Present |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2008 | | 2.0 | 4.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.3 | 11.1 | 0.0 | 0.0 | 17.6 | $ 9,350.00 |
| 2009 | | 4.9 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.4 | 0.0 | 0.0 | 5.3 | $ 3,098.50 |
| 2010 | | 28.3 | 0.0 | 0.0 | 24.9 | 0.0 | 0.0 | 0.0 | 0.0 | 20.6 | 16.0 | 0.0 | 0.0 | 89.8 | $ 46,892.50 |
| 2011 | | 124.3 | 0.0 | 0.0 | 7.2 | 0.0 | 0.0 | 178.6 | 0.0 | 14.0 | 1.0 | 0.0 | 0.0 | 325.1 | $ 190,028.00 |
| 2012 | | 134.2 | 7.8 | 0.0 | 8.3 | 150.6 | 28.2 | 531.2 | 13.3 | 3.9 | 45.6 | 0.0 | 0.0 | 923.1 | $ 590,306.00 |
| 2013 | | 61.2 | 55.8 | 0.0 | 2.8 | 404.5 | 59.0 | 54.7 | 0.0 | 0.0 | 7.3 | 0.0 | 0.0 | 645.3 | $ 420,392.00 |
| 2014 | | 85.5 | 17.3 | 0.0 | 38.4 | 336.2 | 255.5 | 95.6 | 2.3 | 11.2 | 500.1 | 0.0 | 168.4 | 1510.5 | $ 1,030,633.00 |
| 2015 | | 4.9 | 0.0 | 0.0 | 5.3 | 0.0 | 0.0 | 2.9 | 0.0 | 3.0 | 20.7 | 0.0 | 133.4 | 170.2 | $ 123,740.00 |
| | | 445.3 | 85.1 | 0.0 | 86.9 | 891.3 | 342.7 | 863.0 | 15.6 | 53.0 | 602.2 | 0.0 | 301.8 | 3686.9 | $ 2,414,440.00 |

| STATUS: | |
|---|---|
| (P) | Partner |
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

**CATEGORIES:**
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

# EXHIBIT   3

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
**EXPENSE SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Bramson, Plutzik, Mahler & Birkhaeuser, LLP |
|---|---|
| Reporting Year | Inception through Present |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| Assessments | $ | 45,000.00 |
| Outside Copies | $ | 1,254.14 |
| In-house Reproduction /Copies | | |
| Court Costs & Filing Fees | $ | 453.80 |
| Court Reporters 7 Transcripts | $ | 382.50 |
| Computer Research | $ | 2,055.33 |
| Telephone & Facsimile | | |
| Postage/Express Delivery/Courier | $ | 604.81 |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts | | |
| Witness / Service Fees | | |
| Travel: Airfare | $ | 1,384.00 |
| Travel: Lodging/Meals | $ | 4,297.21 |
| Travel: Other | | |
| Car Rental/Cabfare/Parking | $ | 800.66 |
| Other Expenses | | |
| | | |
| | $ | 56,232.45 |