Exhibit 14

SHERMAN KASSOF   California Bar #066383
LAW OFFICES OF SHERMAN KASSOF
954 Risa Road, Suite B
Lafayette, CA 94549

Telephone: (510) 652 2554
              (925) 297 9235

Email:  heevay@yahoo.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF SHERMAN KASSOF___ IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**<br><br>Judge:  Honorable Samuel Conti<br>Courtroom One, 17th Floor |

1

DECLARATION OF SHERMAN KASSOF IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

I, Sherman Kassof, declare as follows:

I am an attorney licensed to practice before the Courts of the State of California and before the United States District Courts for the Northern and the Central Districts of California and the Eastern District of Michigan and am a principal of the law firm of the Law Offices of Sherman Kassof.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.  I make this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

1.     My firm is counsel of record in this case, and represents named plaintiff Adrienne Belai.  A brief description of my firm is attached as Exhibit 1 and incorporated herein by reference.

2.     Throughout the course of this litigation, my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred and transmitted those reports on a regular basis to Lead Counsel.  All of the time and expenses reported by my firm were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

3.     During the course of this litigation, my firm has been involved in the following tasks and activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead Counsel.

My firm undertook a project, spanning five years, to analyze and evaluate electronic documents obtained on discovery, mainly in Korean and Chinese.  We found and evaluated an expert consultant in the area of CRT manufacturer business organization and pricing.  We effected service of process on an Asian corporate defendant with close government connections which could not be served in or from the United States.

4.     The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary of the amount of time spent by my firm's partners, attorneys and professional support staff who

2

were involved in this litigation.  It does not include any time devoted to preparing this declaration or otherwise pertaining to the Joint Fee Petition.  The lodestar calculation is based on my firm's historical billing rates in effect at the time services were performed.  Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by my firm.  Those records have been provided to Lead Counsel and I authorize them to be submitted for inspection by the Court if necessary.  The hourly rates for my firm's partners, attorneys and professional support staff included in Exhibit 2 were at the time the work was performed the usual and customary hourly rates charged for their services in similar complex litigation.

5.      The total number of hours reasonably expended on this litigation by my firm from inception to May 31, 2015 is 6,294.9 hours.  The total lodestar for my firm at historical rates is $2,389,762.50.  The total lodestar for my firm at current rates is $2,391,135.00.  Expense items are billed separately and are not duplicated in my firm's lodestar.

6.      The expenses my firm incurred in litigating this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, invoices, receipts, check records and other source materials and accurately reflect the expenses incurred. My firm's expense records are available for inspection by the Court if necessary.

7.      My firm incurred a total of $51,521.70 in unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation.  Of this amount, $50,000.00 was for assessment payments for common litigation expenses or direct payments to experts or other vendors made at the request of Lead Counsel, and an additional $1,521.70 was for non-common litigation expenses incurred by my firm, such as travel, meals and lodging, copying, legal research, telephone, etc.  A summary of those expenses by category is attached as Exhibit 3.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 20th day of July, 2015 in Lafayette, California.

/s/Sherman Kassof
Sherman Kassof

DECLARATION OF SHERMAN KASSOF IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

Exhibit 1

LITIGATION BACKGROUND OF SHERMAN KASSOF

I am admitted to practice before the Bar of the State of California and before the United States District Courts for the Northern and the Central Districts of California.  I graduated Hastings College of the Law in 1975 and was admitted to the Bar that same year.  I have since been engaged in civil litigation practice.  Examples of my experience in cases involving complex litigation and class representation follow.

1.  In 1982 through 1984, I was co-counsel for plaintiff in Bigon v. Wulff, Hansen & Co., et al., Marin County Superior Court action number 108311.  We sought to recover damages for an unsophisticated securities brokerage customer who was induced to buy forged or bogus municipal bonds by her account representative in a "Ponzi" type scheme involving multiple forgeries.  The case was removed to U.S. District Court, and, after substantial motion practice, remanded.  In a subsequent settlement, plaintiff recovered approximately three times her out-of-pocket loss.

2.  From 1986 to 1988, I was counsel for plaintiff in Miller v. Union Bank, et al., Contra Costa Superior Court action number 289331, a class action for recovery of pension fund administration charges levied, without proper notice, on Keogh-type pension accounts administered by Union Bank for retail customers of the members of the California Savings and Loan League.  A court approved settlement provided for recovery, with interest, by the class members of substantially all fees that were charged without proper notice.  Attorney fees and costs were paid by defendant Union Bank.

3. From 1986 to 1990, I was counsel for plaintiff in Tokay v. First Interstate Bank, N.A., Alameda County Superior Court action number 615013, a class action on behalf of the bank's credit card holders challenging late and overlimit charges on their accounts.  After substantial discovery and motion practice, a settlement was entered into providing a cash refund to class members equivalent to the amount of the fees that were found to be excessive in the jury verdict in Beasley, et al., v. Wells Fargo Bank (¶4, below), a case challenging similar fees.

4.  From 1986 to 1992, I was co-counsel for plaintiff along with the firm of Sturdevant and Sturdevant and S. Chandler Visher, Esq. in Beasley, et al., v. Wells Fargo Bank, San Francisco Superior Court action no. 861555, a class action on behalf of approximately 1.6 million credit card holders challenging Wells Fargo's late and overlimit charges on credit card accounts.  In February 1989, a jury verdict was returned in for damages of approximately $5.2 million.  Defendant unsuccessfully appealed to the Court of Appeal and petitioned for review by the California Supreme Court, which petition was denied.

5.    From 1988 to 1992, I was associate counsel in Junglas v. General Motors Corporation, Alameda County Superior Court Action No. 558051-6, a class action seeking damages for purchasers of 1981 Cadillac automobiles with malfunctioning "V8-6-4" engines.  The settlement in this case provided all class members with a full cash recovery for all repair expenses plus certificates entitling them to a substantial discount on the purchase of any Cadillac vehicle.

6.    From 1989 to 1993, I was counsel for plaintiff in Ferreira v. VMS Realty Partners, et al., U.S. District Court, Northern District of California, action no. C 90 1102 EFL, a class action seeking to recover losses by investors in a real property tax shelter partnership in which substantially all invested funds were lost.  Ferreira was consolidated for pretrial proceedings in Re

1

VMS Limited Partnership Securities Litigation, U.S. District Court, Northern District of Illinois, action no. 90 C 2412.  In 1991, a complex partial settlement was proposed concerning plaintiffs' claims against certain of the defendants.  My client objected on grounds of economic inadequacy but the partial settlement was approved.

After further litigation against the remaining defendants, a settlement releasing the remaining defendants in exchange a settlement fund to be distributed among the class members was approved.  While supporting the settlement in principal, we objected to certain provisions. These objections were ultimately resolved by compromise.

7.  In January 1991, I brought an indirect purchaser (Cartwright Act) class action suit, McMahon v. Abbott Laboratories, Inc., et al., Contra Costa County Superior Court action no. C 91 00434, on behalf of retail purchasers in California, against the major manufacturers of infant formula for damages resulting from anti-competitive conduct.  We joined in a consolidated amended action, Gallman et al. v. Abbott Laboratories, Inc., et al., Alameda County Superior Court action no. 675679-1.  Gallman was coordinated in Judicial Council Coordination Proceeding no. 2557, In Re California Indirect Purchaser Infant Formula Antitrust Class Action Litigation.  In late 1993, settlements with defendants were approved, yielding a net recovery to the class of $13,900,000.00.

8.  In 1994, together with co-counsel, I brought an indirect purchaser (Cartwright Act) class action suit, H. Azizian, Inc. v. The BOC Group, Inc., San Francisco Superior Court action 960034, against the major suppliers of carbon dioxide gas used for soft drinks, for damages resulting from anti-competitive conduct.  Azizian was coordinated in Liquid Carbon Dioxide Cases, JCCP No. 3012, San Diego Superior Court action# 674759.  A settlement in 1995 provided cash compensation to overcharged buyers.

9.  In June 1994, together with co-counsel, I brought an indirect purchaser (Cartwright Act) class action suit, Bel Marin Medical Center v. Eastman Kodak, et al. in San Francisco Superior Court, against the major suppliers of medical x-ray film, for damages resulting from anti-competitive conduct.  Bel Marin was joined with similar other cases in San Francisco Superior Court Master File 960886.  A settlement in 1998 provided cash compensation rights to substantially all overcharged buyers.

10.  In 1994, I brought an indirect purchaser (Cartwright Act) class action suit, Preciado et al. v. Abbott Laboratories, Inc., et al., San Francisco County Superior Court action no. 962294, on behalf of California consumer purchasers of brand name prescription drugs, against the major manufacturers of such drugs for damages resulting from anti-competitive conduct.  This action was coordinated in Judicial Council Coordination Proceedings nos. 2969, 2971, and 2972, Pharmaceutical Cases I, II, and III, San Francisco County Superior Court.  In June 1995, we successfully moved for certification of a class of consumers who purchased brand name prescription drugs from pharmacies with ten or fewer retail locations in California.

11.  In 1995, I filed Hamid v. Abbott Laboratories, Inc. et al., Alameda County Superior Court No. 753649 0, seeking certification of a class of consumers who purchased brand name prescription drugs from pharmacies with more than ten retail locations in California.  This action was also coordinated in  Pharmaceutical Cases I, II, and III.  A 1998 settlement with some of the defendants provided for the distribution of brand name prescription drugs with a wholesale value of $148.1 million to poor and medically underserved patients in California.  A further settlement

with the remaining defendants provided for distribution of an additional $22.9 million worth of brand name prescription drugs on the same basis.

12. In 2000, together with co-counsel, I brought a class action suit, Wagh v. Metris Direct, Inc., et al., San Francisco Superior Court action number 316788, on behalf of defendants' credit card holders whose accounts were charged for financial services and club memberships of no substantial worth without their consent. After plaintiff initiated discovery, defendants caused the case to be removed to the U. S. District Court for the Northern District of California. It was subsequently remanded after plaintiff's RICO allegations were dismissed by the District Court. Plaintiff pursued an appeal of that decision but did not prevail and was also ultimately unsuccessful in the California Superior Court litigation.

13. In 2006, together with co-counsel, I brought a class action suit, Barbush v. British Airways., et al., U. S. District Court for the Northern District of California action number C 06 7214, on behalf of air passengers who were charged excessive fuel service charges as part of the price of air tickets on major transatlantic air carriers. That action was coordinated in Air Transportation Surcharge Antitrust Litigation, MDL 1793, in the U. S. District Court for the Northern District of California. A settlement provided for over $200 million in refunds to passengers in the United States and the United Kingdom representing substantially the entire overcharge.

14. In 2008, together with co-counsel, I brought a class action suit on behalf of Arthur Cordisco and all others similarly situated, in the U. S. District Court for the Northern District of California, seeking to recover damages resulting from a conspiracy to fix prices of automotive filters and undertook to represent the class of indirect consumer purchasers. That action was coordinated in In Re: Aftermarket Filters Antitrust Litigation MDL 1957, in the U. S. District Court for the Northern District of Illinois. Settlements in 2012 provided for a recovery of more than $3.7 million to the indirect purchaser consumer class.

15. In 2008, together with co-counsel, I brought a class action suit, coordinated in U. S. District Court for the Northern District of California TFT-LCD (Flat Panel) Antitrust Litigation - MDL. No. 1827, seeking to recover damages resulting from an industry-wide conspiracy to fix prices of LCD displays and undertook to represent the class of indirect purchasers. Among other work, my office undertook extensive specialized analysis of foreign language documents and information and provided financial backing. A settlement in 2012 provided for over a billion dollars in recovery to the Indirect Class. It gave cash refunds to consumers for the entire overcharge for each LCD device purchased.

# EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Law Offices of Sherman Kassof | |
|---|---|---|
| Reporting Year | 2008 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sherman Kassof (P) | $450.00 | 6.4 | | 18.6 | | | | | | 2.5 | | | | 27.5 | $ 12,352.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 6.4 | 0.0 | 18.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 0.0 | 0.0 | 0.0 | 27.5 | $ 12,352.50 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Law Offices of Sherman Kassof | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Reporting Year | 2009 | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sherman Kassof (P) | $500.00 | 27.1 | | 1.0 | | | | | | 41.9 | | | | 70.0 | $ 35,000.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 27.1 | 0.0 | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 41.9 | 0.0 | 0.0 | 0.0 | 70.0 | $ 35,000.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Law Offices of Sherman Kassof |
|---|---|
| Reporting Year | 2010 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sherman Kassof (P) | $ 500.00 | 4.0 | | 8.8 | 7.0 | | | 0.5 | | | | | | 20.3 | $ 10,125.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 4.0 | 0.0 | 8.8 | 7.0 | 0.0 | 0.0 | 0.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 20.3 | $ 10,125.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Law Offices of Sherman Kassof |
|---|---|
| Reporting Year | 2011 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sherman Kassof (P) | $ 500.00 | 0.4 | | | | | | | | | | | | 0.4 | $ 200.00 |
| Brandon Isleib (A) | $ 350.00 | | | | | | | 850.5 | | | | | | 850.5 | $ 297,675.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 850.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 850.9 | $ 297,675.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Law Offices of Sherman Kassof | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Reporting Year | 2012 | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sherman Kassof (P) | $ 500.00 | 2.8 | | | | | | 0.4 | 16.9 | | | | | 20.1 | $ 10,025.00 |
| Brandon Isleib (A) | $ 350.00 | | | | | | | 723.0 | | | | | | 723.0 | $ 253,050.00 |
| Jasey Kang (LC) | $ 250.00 | | | | | | | 166.8 | | | | | | 166.8 | $ 41,700.00 |
| Claire Kang (A) | $ 350.00 | | | | | | | 342.3 | | | | | | 342.3 | $ 119,805.00 |
| David Lee (A) | $ 350.00 | | | | | | | 313.7 | | | | | | 313.7 | $ 109,795.00 |
| Sylvia Chou (A) | $ 400.00 | | | | | | | 489.5 | | | | | | 489.5 | $ 195,800.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | ` | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2035.7 | 16.9 | 0.0 | 0.0 | 0.0 | 0.0 | 2055.4 | $ 730,175.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917 '

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Law Offices of Sherman Kassof | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Reporting Year | 2013 | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sylvia Chou (A) | $400.00 | | | | | | | 1258.8 | | | | | | 1258.8 |
| Sun Goo Lee (A) | $350.00 | | | | | | | 78.5 | | | | | | 78.5 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | | | | | | | | | | | | | 0.0 |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1337.3 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1337.3 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Lodestar |
|---|
| $ 503,520.00 |
| $ 27,475.00 |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ - |
| $ 530,995.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Law Offices of Sherman Kassof | | |
|---|---|---|---|
| Reporting Year | 2014 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sylvia Chou (A) | $ 400.00 | | | | | | | 1615.0 | | | | | | 1615.0 | $ 646,000.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| . | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1615.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1615.0 | $ 646,000.00 |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Law Offices of Sherman Kassof |
|---|---|
| Reporting Year | 2015 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sylvia Chou (A) | $ 400.00 | | | | | | | 318.6 | | | | | | 318.6 | $ 127,440.00 |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 318.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 318.6 | $ 127,440.00 |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Law Offices of Sherman Kassof |
|---|---|
| Reporting Year | Inception through Present |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ | - |
| 2008 | | 6.4 | 0.0 | 18.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 0.0 | 0.0 | 0.0 | 27.5 | $ | 12,352.50 |
| 2009 | | 27.1 | 0.0 | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 41.9 | 0.0 | 0.0 | 0.0 | 70.0 | $ | 35,000.00 |
| 2010 | | 4.0 | 0.0 | 8.8 | 7.0 | 0.0 | 0.0 | 0.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 20.3 | $ | 10,125.00 |
| 2011 | | 0.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 850.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 850.9 | $ | 297,675.00 |
| 2012 | | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2035.7 | 16.9 | 0.0 | 0.0 | 0.0 | 0.0 | 2055.4 | $ | 730,175.00 |
| 2013 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1337.3 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1337.3 | $ | 530,995.00 |
| 2014 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1615.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1615.0 | $ | 646,000.00 |
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 318.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 318.6 | $ | 127,440.00 |
| | | 40.6 | 0.0 | 28.4 | 7.0 | 0.0 | 0.0 | 6157.6 | 16.9 | 44.4 | 0.0 | 0.0 | 0.0 | 6294.9 | $ | 2,389,762.50 |

| STATUS: | | CATEGORIES: |
|---|---|---|
| (P) | Partner | 1 Attorney Meeting/Strategy |
| (OC) | Of Counsel | 2 Court Appearance |
| (A) | Associate | 3 Client Meeting |
| (LC) | Law Clerk | 4 Draft Discovery Requests or Responses |
| (PL) | Paralegal | 5 Deposition Preparation |
| (I) | Investigator | 6 Attend Deposition - Conduct/Defend |
| | | 7 Document Review |
| | | 8 Experts - Work or Consult |
| | | 9 Research |
| | | 10 Motions/Pleadings |
| | | 11 Settlement |
| | | 12 Trial |

# EXHIBIT 3

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**EXPENSE SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Sherman Kassof |
|---|---|
| Reporting Year | Inception through Present |

| TYPE OF EXPENSE | | TOTAL | |
|---|---|---|---|
| | | | |
| Assessments | | $ | 50,000.00 |
| Outside Copies | | | |
| In-house Reproduction /Copies | | | |
| Court Costs & Filing Fees | | | |
| Court Reporters 7 Transcripts | | | |
| Computer Research | | | |
| Telephone & Facsimile | | | |
| Postage/Express Delivery/Courier | | | |
| Professional Fees (investigator, accountant, etc.) | | | |
| Experts | | | |
| Witness / Service Fees | | | |
| Travel: Airfare | | $ | 673.60 |
| Travel: Lodging/Meals | | $ | 767.20 |
| Travel: Other | | | |
| Car Rental/Cabfare/Parking | | $ | 80.90 |
| Other Expenses | | | |
| | | | |
| | | $ | 51,521.70 |