# Exhibit 15

1    Daniel R. Karon
**KARON LLC**
2    700 W. St. Clair Avenue, Suite 200
Cleveland, OH 44113
3    PH: (216) 622-1851
FX: (216) 241-8175
4    dkaron@karonllc.com

5    *Counsel for Indirect Purchaser Plaintiffs*

6

7

8

9

10             **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12             **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 13    **IN RE: CATHODE RAY TUBE (CRT)** **ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 MDL No. 1917 |
| 14 | |
| 15 | **CLASS ACTION** |
| | |
| 16    This Document Relates to: | **DECLARATION OF DANIEL R. KARON IN SUPPORT OF PLAINTIFFS' APPLICATION** |
| 17    All Indirect Purchaser Actions | **FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS FOR GOLDMAN SCARLATO KARON & PENNY, P.C.** |
| 18 | |
| 19 | Judge: Honorable Samuel Conti Courtroom One, 17th Floor |

20

21

22

23

24

25

26

27

28

I, Daniel R. Karon, declare as follows:

1.     I am an attorney licensed to practice before the courts of Ohio and Illinois, and I am a former partner in the law firm Goldman Scarlato Karon & Penny, P.C. ("GSKP").  I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to them.  I make this Declaration in support of GSKP's request for attorneys' fees and request for reimbursement of litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

2.     GSKP is counsel of record in this case and represents named plaintiff Barry Kushner.  A brief description of the GSKP firm is attached as Exhibit 1 and incorporated herein by reference.

3.     Throughout this litigation, GSKP kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred and transmitted those reports on a regular basis to Lead Counsel.  All of the time and expenses reported by GSKP were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

4.     During this litigation, GSKP was involved in the following tasks and activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead Counsel:

- met with co-counsel to discuss and formulate litigation strategy;
- researched legal theories for inclusion in complaints;
- conducted factual investigations for purposes of drafting complaints;
- complied with defendants' discovery requests;
- prepared for and attended depositions;
- worked with experts for the purpose of adding defendants to the litigation;
- reviewed documents for depositions and trial; and
- conducted deposition preparation.

5.     The schedules attached as Exhibit 2, and incorporated herein, are detailed summaries of the amount of time spent by GSKP's partners, attorneys, and professional support staff, respectively, who were involved in this litigation.  These schedules do not include any time

1

DECLARATION OF DANIEL R. KARON IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS FOR GOLDMAN
SCARLATO KARON & PENNY, P.C.

Case No. 3:07-cv-5944 SC, MDL No. 1917

devoted to preparing this Declaration or otherwise pertaining to the Joint Fee Petition. The lodestar calculations are based on the firm's historical billing rates in effect at the time services were performed. Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by GSKP. These records have been provided to Lead Counsel, and I authorize Lead Counsel to submit these records for inspection by the Court, if necessary. The hourly rates for GSKP's partners, attorneys and professional support staff included in Exhibit 2 were at the time the work was performed the usual and customary hourly rates charged for their services in similar complex litigation.

6.      The total number of hours reasonably expended on this litigation by GSKP from inception to May 31, 2015 is 6,274.30 hours. The total lodestar for GSKP at historical rates is $2,297,097.50. The total lodestar for GSKP at current rates is $2,341,089.50. Expense items are billed separately and are not duplicated in the firm's lodestar.

7.      The expenses of GSKP incurred in litigating this action are reflected in the books and records of the firm. These books and records are prepared from expense vouchers, invoices, receipts, check records, and other source materials and accurately reflect the expenses incurred. GSKP's expense records are available for inspection by the Court if necessary.

8.      GSKP incurred unreimbursed expenses of $81,933.81, all of which were reasonable and necessary for the prosecution of this litigation. Of GSKP's amount, $75,000 was for assessment payments for common litigation expenses or direct payments to experts or other vendors made at the request of Lead Counsel, and an additional $6,933.81 was for non-common litigation expenses incurred, such as travel, meals and lodging, copying, legal research, telephone, etc. A summary of GSKP's expenses by category is attached as Exhibit 3.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4 day of September, 2015, in Cleveland, Ohio.

Daniel R. Karon

2

DECLARATION OF DANIEL R. KARON IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS FOR GOLDMAN
SCARLATO KARON & PENNY, P.C.
Case No. 3:07-cv-5944 SC, MDL No. 1917

# EXHIBIT 1

## GOLDMAN SCARLATO KARON & PENNY, P.C.

GOLDMAN SCARLATO KARON & PENNY, P.C., with offices in Wayne, Pennsylvania, and Cleveland, Ohio, concentrates its practice in complex litigation involving violations of federal and state securities, consumer-protection and antitrust laws, litigating cases in federal and state courts throughout the country. The firm has played a prominent role in many of the leading cases involving violations of federal and state consumer and antitrust laws pending in courts throughout the United States. The Firm is currently serving as lead or co-lead counsel in *Kaufman v. CVS Caremark Corp.*, (D. R.I. 2014)(alleging false and misleading statements in the sale and packaging of vitamin E); *Weintraub v. Pharmavite, et. al.* (C.D. Cal. 2014) (same); *Mirakay v. Dakota Growers Pasta Co.* (D.N.J. 2013) (alleging false and misleading advertising of pasta products); *Scwartz v Avis Rent A Car System* (D. N.J. 2012) (alleging violation of consumer protection laws regarding frequent flier miles); *Kline v. Budget Rent A Car System* (D. N.J. 2012) (alleging violation of consumer protection laws regarding frequent flier miles); *Fon du Lac Bumper Exchange Inc., et al. v. Jui Li Enterprise Co. Ltd., et al.* (E.D. Wisc. 2010) (alleging price fixing in the market for aftermarket sheetmetal); *Allan v. Realcomp II* (E.D. Mich. 2010) (alleging price-fixing in the market for real estate brokerage services); *Boland v. Columbia Multi-Listing Service* (D.S.C. 2009) (alleging price-fixing in the market for real estate brokerage services); *Robertson v. Hilton-Head Multi-Listing Service* (D.S.C. 2009) (alleging price-fixing in the market for real estate brokerage services); *In re Southeastern Milk Antitrust Litigation,* No. 2:09-cv-128 (E.D. Tenn.)(alleging price-fixing in the market for milk products); and *Anderson Contracting, Inc. v. Bayer AG, et al.,* Case No. CL-95959 (Polk Cty., Iowa 2007)(alleging price fixing in the market for EPDM products).

The Firm has played prominent roles in numerous other antitrust class actions, including: *Pearman v. Crompton Corp.* (Tenn. Cir. Ct. Claiborne Cty.) (co-lead counsel in $4,250,000 settlement relating to price-fixed EPDM); *Pearman v. Crompton Corp.* (Tenn. Cir. Ct. Claiborne Cty.) (co-lead counsel in $2,117,000 settlement relating to price-fixed NBR); *Pearman v. Crompton Corp.* (Tenn. Cir. Ct. Claiborne Cty.) (co-lead counsel in $1,400,000 settlement relating to price-fixed neoprene); *In re Bulk Graphite Antitrust Litigation* (discovery co-chair); *In re Pressure Sensitive Labelstock Antitrust Litigation* (class-certification committee); *In re EPDM Antitrust Litigation* (co-chair of the briefing committee); *In re Carbon Black Antitrust Litigation* (co-chair of the briefing committee); *In re Air Cargo Antitrust Litigation* (co-chair of the expert's committee); *In re Vitamins Antitrust Litigation* (settlements of over $1.7 billion); *In re NASDAQ Antitrust Litigation* (settlements totaling $1.1 billion); and *In re Brand Name Prescription Drugs Antitrust Litigation* (settlements of approximately $700 million).

The Firm is also serving as one of class counsel in the following actions: *In re LCD Antitrust Litigation* (responsible for discovery and expert matters); *In re Auto Filters Antitrust Litigation* (participating in discovery); *In re CRT Indirect-Purchaser Antitrust Litigation* (participating in discovery); *In re Airline Baggage Fees Antitrust Litigation; In re Aftermarket Automotive Products Antitrust Litigation; In re Polyurethane Foam Antitrust Litigation; In re Nexium (Esomeprazole) Antitrust Litigation* (D. Mass. 2012) (executive committee member); and *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litigation* (D.N.J. 2012); *In re Target Corporation Customer Data Security Breach Litig.* (D. Minn. 2014) (complaint committee); and *In Re NHL Concussion Litigation* (D. Minn. 2014).

Goldman Scarlato Karon & Penny, P.C has played a prominent role in many of the leading cases involving violations of federal securities laws as well. Firm member Paul Scarlato

2

served as co-lead counsel in *In re Corel Corporation Securities Litigation,* (E.D. Pa.), which resulted in a substantial settlement for the class. Mr. Scarlato also was one of the three lead attorneys for the plaintiff class of shareholders in *Kaufman v. Motorola, Inc.,* which settled for $25 million just weeks before trial, and was one of the lead plaintiff's counsel in which his prior firm was sole lead counsel, *Seidman v. American Mobile Systems, Inc.,* (E.D. Pa.) that obtained a sizeable settlement for the plaintiff class on the eve of trial.  Mark Goldman served as co-lead counsel in *Graf v. Cyber-Care,* a securities fraud class action in the Southern District of Florida which resulted in a substantial recovery for the class.  The Firm's attorneys are presently prosecuting securities fraud claims in courts across the country involving a broad spectrum of industries including pharmaceutical manufacturing, online education, mortgage-backed securities, insurance, healthcare, and computer manufacturers.

### THE FIRM'S SHAREHOLDERS

**MARK S. GOLDMAN.**   Since 1986, Mark Goldman has concentrated his practice in complex litigation involving violations of the federal securities and antitrust laws, ERISA, and state consumer protection statutes. Mr. Goldman served as co-lead counsel in a number of class actions brought against life insurance companies, challenging the manner in which premiums are charged during the first year of coverage. In the area of securities litigation, Mr. Goldman served as co-lead counsel in *Graf v. Cyber-Care,* a securities fraud class action in the Southern District of Florida, and he also prosecuted a number of insider trading cases brought against company insiders who, in violation of Section 16(b) of the Securities Exchange Act of 1934, engaged in short swing trading. Mr. Goldman currently serves as co-chair of the expert's committee in *In re Air Cargo Antitrust Litigation,* and also represented direct purchasers of bulk vitamins in a price-fixing and market allocation antitrust action, *In re Vitamin Products Antitrust Litigation,* where

3

he helped coordinate pre-trial discovery conducted by dozens of firms jointly prosecuting the action.

Mr. Goldman earned his undergraduate degree from the Pennsylvania State University in 1981 and his law degree from the University of Kansas School of Law in 1986. He is a member of the Pennsylvania bar.

**PAUL J. SCARLATO.**  Mr. Scarlato has concentrated his practice principally in litigation of securities fraud and shareholder derivative cases, and ERISA class action matters since 1989. He has litigated numerous such cases involving companies in a broad range of industries, and has litigated many cases involving financial and accounting fraud.

In securities fraud cases, Mr. Scarlato was one of three lead attorneys for the class in *Kaufman v. Motorola, Inc.,* which settled weeks before trial, and along with Mr. Weinstein of his predecessor firm, was lead counsel in *Seidman v. American Mobile Systems, Inc.,* (E.D. Pa.), which resulted in a settlement for the plaintiff class again on the eve of trail. Mr. Scarlato served as co-lead counsel in *In re: Corel Corporation Securities Litigation* (E.D. Pa.).

Mr. Scarlato graduated from Moravian College in 1983, and received his Juris Doctor degree from the Delaware Law School of Widener University in 1986. Mr. Scarlato served as law clerk to the Honorable Nelson Diaz, of the Court of Common Pleas of Philadelphia County, and thereafter as law clerk to the Honorable James T. McDermott, Justice of the Pennsylvania Supreme Court. Mr. Scarlato then became a member of the tax department of a major accounting firm where he provided a broad range of services to large business clients in a variety of industries.

Mr. Scarlato is a member of the bars of the Commonwealth of Pennsylvania and the State of New Jersey, and those of various federal district and circuit courts.

4

**DANIEL R. KARON.** Mr. Karon began his class action career with a large Chicago law firm, and is now resident partner in Goldman Scarlato Karon & Penny, P.C.'s Cleveland office. Mr. Karon represents individuals and corporations in domestic and international antitrust class action matters, consumer fraud and ERISA class actions.

Along with Mr. Goldman, Mr. Karon participated actively in the *In re Vitamins Direct Purchaser Antitrust Litigation*, a nationwide price fixing class action that resolved for $1.75 billion; the *In re NASDAQ Market-Makers Antitrust Litigation,* a nationwide price fixing class action that settled for $1.027 billion; the *In re Monosodium Glutamate Antitrust Litigation* a nationwide price fixing class action that settled for $130 million; the *In re Methionine Antitrust Litigation*, a nationwide price fixing class action that settled for $101 million; and the *In re Sorbates Direct Purchaser Antitrust Litigation*, another nationwide price fixing class action that settled for $70 million. He served as co-lead counsel in *Pearman v. Crompton Corp.*, No. 9192 (Tenn. Cir. Ct. Claiborne Cty.) ($4,250,000 settlement relating to price-fixed EPDM); *Pearman v. Crompton Corp.*, No. 9191 (Tenn. Cir. Ct. Claiborne Cty.) ($2,117,000 settlement relating to price-fixed NBR); *Pearman v. Crompton Corp.*, No. 9214 (Tenn. Cir. Ct. Claiborne Cty.) ($1,400,000 settlement relating to price-fixed neoprene); and *D.R. Ward Constr. Co. v. Rohm & Haas Co.,* MDL 1684 (E.D. Pa.) (concerning price-fixed plastic additives).

Mr. Karon currently served as discovery co-chair in the *In re Bulk Graphite Antitrust Litigation,* class certification co-chair in the *In re Pressure Sensitive Labelstock Antitrust Litigation,* and briefing co-chair in the *In re EPDM Antitrust Litigation* and *In re Carbon Black Antitrust Litigation,* and as co-lead counsel in a number of indirect purchaser price-fixing cases.

Mr. Karon is a member of Loyola University-Chicago's Institute for Consumer Antitrust Studies' U.S. Advisory Board and of the Ohio Academy of Trial Lawyers' *Ohio Trial* magazine

editorial board. He is also active in the American Bar Association's Antitrust Law Section and serves as co-chair for the ABA's Litigation Section, Class Action and Derivatives Suits Committee's Antitrust Subcommittee.

Mr. Karon earned his B.A. from Indiana University and his law degree from The Ohio State Moritz University College of Law, where he was a member of the Ohio State Journal of Dispute Resolution. He has published numerous law review and bar journal articles on class action litigation and other topics, and he lectures nationally on class action matters. He is a member of the Ohio and Illinois bars, and is admitted to practice before the U.S. Court of Appeals for the Seventh Circuit, the U.S. District Court for the Northern District of Ohio, and the U.S. District Court for the Northern District of Illinois.

**BRIAN D. PENNY**. Mr. Penny received his Bachelor of Arts degree from Davidson College, Davidson, North Carolina, in 1997 and earned his Juris Doctor degree from the Dickinson School of Law of the Pennsylvania State University in 2000. After graduating from law school, Mr. Penny served as law clerk to the Honorable John T.J. Kelly, Jr., Senior Judge of the Superior Court of Pennsylvania. Since joining the Firm, Mr. Penny has focused his practice on class action litigation principally in the areas of securities fraud, antitrust and consumer litigation.

He was lead counsel in *Logue v. West Penn Multi-Listing Service* (W.D. Pa. 2010) (alleging price-fixing among brokers and multi-listing service and resulting in $2.75 million settlement) and is serving as lead or interim co-lead counsel in *Kaufman v. CVS Caremark Corp.*, (D. R.I. 2014) (alleging false and misleading advertising of vitamin E); *Weintraub v. Pharmavite*, *et. al*. (C.D. Cal. 2014) (alleging false and misleading advertising of vitamin E); *Mirakay v. Dakota Growers Pasta Co.* (D.N.J. 2013) (alleging false and misleading advertising

6

of pasta products); *Allan v. Realcomp II* (E.D. Mich. 2010) (alleging price-fixing among brokers and multi-listing service); *Boland v. Columbia Multi-Listing Service* (D.S.C. 2009) (alleging price-fixing among brokers and multi-listing service); *Robertson v. Hilton-Head Multi-Listing Service* (D.S.C. 2009) (alleging price-fixing among brokers and multi-listing service). Mr. Penny is also on the executive committee in *In re Nexium (Esomeprazole) Antitrust Litigation* (D. Mass. 2012) (alleging generic suppression claims on behalf of end-payors); and is actively engaged as class counsel in *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litigation* (D.N.J. 2012) (alleging price fixing in the market for DIPF); *In re Target Corporation Customer Data Security Breach Litig.* (D. Minn. 2014) (alleging damages stemming from massive databreach); *In Re NHL Concussion Litigation* (D. Minn. 2014) (alleging damages stemming from league's failure to adequately address concussions and the risks thereof).

Mr. Penny has also prosecuted numerous securities fraud class actions over the course of his career. He was a key member of the plaintiffs' teams that prosecuted *In re Broadcom Securities Litigation*, which resulted in a settlement of $150 million for the class, and *AOL Time Warner Securities Litigation*, which resulted in a settlement of over $2.5 billion for investors. Mr. Penny was also one of the lead attorneys representing the classes in a number of securities fraud actions arising out of stock option backdating, including, *In re Monster Worldwide, Inc. Securities Litigation* ($47.5 million settlement), *In re Mercury Interactive Securities Litigation* ($117.5 million settlement) , *In re SafeNet, Inc. Securities Litigation* ($25 million settlement), *Ramsey v. MRV Communications et al.* ($10 million settlement), and *In re Semtech Securities Litigation* ($20 million settlement).

### THE FIRM'S ASSOCIATES

**LAURA KILLIAN MUMMERT.**  Ms. Mummert earned her Bachelor of Science degree from the Pennsylvania State University and her Juris Doctor from the Dickinson School of Law of the Pennsylvania State University.  She practices primarily in the areas of securities-fraud and consumer class action litigation.  Currently, she is prosecuting consumer fraud actions involving unauthorized charges for frequent flier miles by car rental companies; misleading statements in the sale of vitamin E, antitrust cases in markets for automotive sheetmetal and truck transmission, and a securities-fraud class action against a biotech company alleged to have misrepresented the status of clinical trials concerning two of its flagship products and a securities fraud class action against a worldwide publisher, developer and distributor of interactive entertainment software alleged to have misrepresented the content of one of its video games and accused of stock options backdating.  During law school, Ms. Mummert authored, *Concerned or Just Plain Nosy? The Consequences of Parental Wiretapping Under the Federal Wiretap Act in Light of Pollock v. Pollock*, 104 DICK. L. REV. 561 (2000).

**DOUGLAS J. BENCH, JR.**     Mr. Bench earned his Bachelor of Arts degree from the University of Pittsburgh and his Juris Doctor from Cornell Law School.  Prior to joining Goldman Scarlato Karon & Penny, P.C. in 2012, Mr. Bench served as a Death Penalty Law Clerk for the U.S. District Court in the Western District of Pennsylvania from 2010-2012. He was in private practice from 2008-2010 in Johnstown, Pennsylvania, and taught undergraduate macro and micro economics at the University of Pittsburgh, Johnstown campus, from 2006-2008.

As a result of his economics background, Mr. Bench is naturally interested in antitrust violations, consumer fraud, and the market inefficiencies these violations engender.  Mr. Bench

primarily focuses on antitrust and consumer class actions. Representative cases include: *Kaufman v. CVS Caremark Corp.*, (D. R.I. 2014) (alleging consumer protection violations); *Weintraub v. Pharmavite*, (C.D. Cal. 2014) (same); *Mirakay v. Dakota Growers Pasta Co., Inc.* (D. N.J. 2013) (alleging unfair trade practices and false advertising); *In re Nexium (Esomeprazole) Antitrust Litigation* (D. Mass. 2012) (alleging generic suppression claims on behalf of end-payors); *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litigation* (D.N.J. 2012) (alleging price fixing in the market for DIPF); *Allan v. Realcomp II* (E.D. Mich. 2010) (alleging antitrust violations) ($3.25M settlement pending approval); *Boland v. Columbia Multi-Listing Service* (D.S.C. 2009) (antitrust) ($1M settlement); *Robertson v. Hilton-Head Multi-Listing Service* (D.S.C. 2009) (antitrust) (settled on claims-paid basis).

Mr. Bench has authored the following law review articles: Douglas J. Bench, *Collateral Review of Career Offender Sentences: The Case for* Coram Nobis, 45 U. Mich. J. L. Reform 155 (2011); Douglas J. Bench, *What Constitutes a Violent Felony After* Begay?, 67 J. Mo. B. 209 (2011).

# EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
|---|---|
| Reporting Year | 2007 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel R. Karon (P) | $ 475.00 | 15.7 | | | | | | | | 4.4 | 18.2 | | | 38.3 | $ 18,192.50 |
| Brian D. Penny (A) | $ 350.00 | | | | | | | | | 8.1 | | | | 8.1 | $ 2,835.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 15.7 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 12.5 | 18.2 | 0.0 | 0.0 | 46.4 | $ 21,027.50 |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
|---|---|
| Reporting Year | 2008 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel R. Karon (P) | $ 500.00 | 35.5 | 36.8 | 0.8 | | | | | | 1.3 | 29.7 | | | 104.1 | $ 52,050.00 |
| Brian D. Penny (A) | $ 375.00 | | | | | | | | | | 8.3 | | | 8.3 | $ 3,112.50 |
| Theodor A. Swansen (A) | $ 375.00 | | | | | | | | | | 4.7 | | | 4.7 | $ 1,762.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 35.5 | 36.8 | 0.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.3 | 42.7 | 0.0 | 0.0 | 117.1 | $ 56,925.00 |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
| Reporting Year | 2009 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel R. Karon (P) | $ 550.00 | 4.0 | | | | | | | | 1.1 | 1.7 | | | 6.8 | $   3,740.00 |
| Brian D. Penny (A) | $ 450.00 | | | | | | | | | | | | | 0.0 | $          - |
| Theodor A. Swansen (A) | $ 425.00 | | | | | | | | | 12.5 | 2.2 | | | 14.7 | $   6,247.50 |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | 4.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 13.6 | 3.9 | 0.0 | 0.0 | 21.5 | $   9,987.50 |

**EXHIBIT 2**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
|---|---|
| Reporting Year | 2010 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel R. Karon (P) | $ 595.00 | 17.1 | | | 14.0 | | | 1.4 | | | | | | 32.5 | $ 19,337.50 |
| Brian D. Penny (A) | $ 500.00 | | | | | | | | | | | | | 0.0 | $ - |
| Theodor A. Swansen (A) | $ 425.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 17.1 | 0.0 | 0.0 | 14.0 | 0.0 | 0.0 | 1.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 32.5 | $ 19,337.50 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
|---|---|
| Reporting Year | 2011 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel R. Karon (P) | $ 615.00 | 11.2 | | | | | | | | | | | | 11.2 | $ 6,888.00 |
| Brian D. Penny (A) | $ 525.00 | | | | | | | | | | | | | 0.0 | $ - |
| Theodor A. Swansen (A) | $ 425.00 | | | | | | | | | | | | | 0.0 | $ - |
| Mark S. Goldman (P) | $ 615.00 | | | | | | | | | | | | | 0.0 | $ - |
| Natallie Kabasakalian (A) T1 Document Review | $ 350.00 | | | | | | | 702.0 | | | | | | 702.0 | $ 245,700.00 |
| Laura K. Mummert (A) | $ 475.00 | | | | 22.8 | | | | | | | | | 22.8 | $ 10,830.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 11.2 | 0.0 | 0.0 | 22.8 | 0.0 | 0.0 | 702.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 736.0 | $ 263,418.00 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
|---|---|
| Reporting Year | 2012 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel R. Karon (P) | $ 650.00 | 16.1 | | | | 14.6 | 12.0 | | 1.5 | 1.2 | 14.1 | | | 59.5 | $ 38,675.00 |
| Brian D. Penny (A) | $ 595.00 | | | | | | | | | | | | | 0.0 | $ - |
| Theodor A. Swansen (A) | $ 425.00 | | | | | | | | | | | | | 0.0 | $ - |
| Mark S. Goldman (P) | $ 650.00 | 1.8 | | | | | | | | | | | | 1.8 | $ 1,170.00 |
| Natallie Kabasakalian (A) T1 Document Review | $ 350.00 | | | | | | | 1942.0 | | | | | | 1942.0 | $ 679,700.00 |
| Laura K. Mummert (A) | $ 485.00 | 0.2 | | | | | | | | | | | | 0.2 | $ 97.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 18.1 | 0.0 | 0.0 | 0.0 | 14.6 | 12.0 | 1942.0 | 1.5 | 1.2 | 14.1 | 0.0 | 0.0 | 2003.5 | $ 719,642.00 |

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
|---|---|
| Reporting Year | 2013 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel R. Karon (P) | $ 680.00 | 2.2 | | 10.5 | | | | | | | | | | 12.7 | $ 8,636.00 |
| Brian D. Penny (A) | $ 650.00 | | | | | | | | | | | | | 0.0 | $ - |
| Theodor A. Swansen (A) | $ 425.00 | | | | | | | | | | | | | 0.0 | $ - |
| Mark S. Goldman (P) | $ 680.00 | | | | | | | | | | | | | 0.0 | $ - |
| Natallie Kabasakalian (A) T1 Document Review | $ 350.00 | | | | | | | 2050.0 | | | | | | 2050.0 | $ 717,500.00 |
| Laura K. Mummert (A) | $ 515.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.2 | 0.0 | 10.5 | 0.0 | 0.0 | 0.0 | 2050.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2062.7 | $ 726,136.00 |

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
|---|---|
| Reporting Year | 2014 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel R. Karon (P) | $ 690.00 | 0.7 | | | | 3.9 | | | | | | | | 4.6 | $ 3,174.00 |
| Brian D. Penny (A) | $ 660.00 | | | | | | | | | | | | | 0.0 | $ - |
| Theodor A. Swansen (A) | $ 425.00 | | | | | | | | | | | | | 0.0 | $ - |
| Mark S. Goldman (P) | $ 690.00 | | | | | | | | | | | | | 0.0 | $ - |
| Natallie Kabasakalian (A) | $ 435.00 | | | | | 135.0 | | | | 335.0 | | | | 470.0 | $ 204,450.00 |
| Natallie Kabasakalian (A) T1 Document Review | $ 350.00 | | | | | | | 780.0 | | | | | | 780.0 | $ 273,000.00 |
| Laura K. Mummert (A) | $ 525.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.7 | 0.0 | 0.0 | 0.0 | 138.9 | 0.0 | 780.0 | 0.0 | 335.0 | 0.0 | 0.0 | 0.0 | 1254.6 | $ 480,624.00 |

**EXHIBIT 2**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
|---|---|
| Reporting Year | 2015 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel R. Karon (P) | $ 695.00 | | | | | | | | | | | | | 0.0 | $ - |
| Brian D. Penny (A) | $ 680.00 | | | | | | | | | | | | | 0.0 | $ - |
| Theodor A. Swansen (A) | $ 425.00 | | | | | | | | | | | | | 0.0 | $ - |
| Mark S. Goldman (P) | $ 695.00 | | | | | | | | | | | | | 0.0 | $ - |
| Natallie Kabasakalian (A) | $ 435.00 | | | | | | | | | | | | | 0.0 | $ - |
| Laura K. Mummert (A) | $ 550.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

**EXHIBIT 2**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Goldman, Scarlato, Karon & Penny, P.C. |
|---|---|
| Reporting Year | Inception through Present |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 15.7 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 12.5 | 18.2 | 0.0 | 0.0 | 46.4 | $ 21,027.50 |
| 2008 | | 35.5 | 36.8 | 0.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.3 | 42.7 | 0.0 | 0.0 | 117.1 | $ 56,925.00 |
| 2009 | | 4.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 13.6 | 3.9 | 0.0 | 0.0 | 21.5 | $ 9,987.50 |
| 2010 | | 17.1 | 0.0 | 0.0 | 14.0 | 0.0 | 0.0 | 1.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 32.5 | $ 19,337.50 |
| 2011 | | 11.2 | 0.0 | 0.0 | 22.8 | 0.0 | 0.0 | 702.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 736.0 | $ 263,418.00 |
| 2012 | | 18.1 | 0.0 | 0.0 | 0.0 | 14.6 | 12.0 | 1942.0 | 1.5 | 1.2 | 14.1 | 0.0 | 0.0 | 2003.5 | $ 719,642.00 |
| 2013 | | 2.2 | 0.0 | 10.5 | 0.0 | 0.0 | 0.0 | 2050.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2062.7 | $ 726,136.00 |
| 2014 | | 0.7 | 0.0 | 0.0 | 0.0 | 138.9 | 0.0 | 780.0 | 0.0 | 335.0 | 0.0 | 0.0 | 0.0 | 1254.6 | $ 480,624.00 |
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| | | 104.5 | 36.8 | 11.3 | 36.8 | 153.5 | 12.0 | 5475.4 | 1.5 | 363.6 | 78.9 | 0.0 | 0.0 | 6274.3 | $ 2,297,097.50 |

| STATUS: | |
|---|---|
| (P) | Partner |
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

# EXHIBIT 3

EXHIBIT 3

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

EXPENSE SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Goldman Scarlato & Penny, P.C. |
|---|---|
| Reporting Year | Inception through Present |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| | | |
| Assessments | $ | 75,000.00 |
| Outside Copies | $ | 186.80 |
| In-house Reproduction /Copies | | |
| Court Costs & Filing Fees | $ | 910.00 |
| Court Reporters 7 Transcripts | | |
| Computer Research | $ | 402.18 |
| Telephone & Facsimile | $ | 14.50 |
| Postage/Express Delivery/Courier | $ | 188.76 |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts | | |
| Witness / Service Fees | | |
| Travel: Airfare | $ | 3,599.18 |
| Travel: Lodging/Meals | $ | 901.96 |
| Travel: Other | | |
| Car Rental/Cabfare/Parking | $ | 730.43 |
| Other Expenses | | |
| | | |
| | $ | 81,933.81 |