# Exhibit 17

1   **SHARP MCQUEEN PA**
**Isaac L. Diel**
2   **Financial Plaza**
**6900 College Boulevard Suite 285**
3   **Overland Park, Kansas 66211**
**(913) 661-9931**
4

5   *Counsel for Indirect Purchaser Plaintiffs*

6

7

8

9

10

11                  **UNITED STATES DISTRICT COURT**

12                **NORTHERN DISTRICT OF CALIFORNIA**

13                    **SAN FRANCISCO DIVISION**

14   **IN RE: CATHODE RAY TUBE (CRT)**      Case No. 3:07-cv-5944
     **ANTITRUST LITIGATION**             MDL No. 1917
15
                                          **CLASS ACTION**
16   ─────────────────────────────
                                          **DECLARATION OF ISAAC L. DIEL IN**
17   This Document Relates to:            **SUPPORT OF PLAINTIFFS' APPLICATION**
                                          **FOR ATTORNEYS' FEES, EXPENSES AND**
18   All Indirect Purchaser Actions       **INCENTIVE AWARDS**

19                                        Judge:  Honorable Samuel Conti
                                          Courtroom One, 17th Floor
20

21

22

23

24

25

26

27

28

1    I, Isaac L. Diel, declare as follows:

2        1.      I am an attorney licensed to practice before the courts of Kansas and Missouri, and
3    a shareholder in the law firm Sharp McQueen PA.  I have personal knowledge of the facts stated in
4    this declaration and, if called as a witness, I could and would testify competently to them.  I make
5    this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation
6    expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive
7    Awards.

8        2.      My firm is counsel of record in this case, and represents Kansas named plaintiff
9    Southern Office Supply.  A brief description of my firm is attached as Exhibit 1 and incorporated
10   herein by reference.

11       3.      Throughout the course of this litigation, my firm kept files contemporaneously
12   documenting all time spent, including tasks performed, and expenses incurred, and transmitted
13   those reports on a regular basis to Lead Counsel.  All of the time and expenses reported by my firm
14   were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

15       4.      During the course of this litigation, my firm has been involved in the following
16   tasks and activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead
17   Counsel.

18              A.  Class Representative Duties- Long time firm client Southern Office Supply was
19                  a named class representative in this matter.  In responding to Defendant
20                  discovery requests, myself and other members of my firm analyzed, organized
21                  and produced pertinent transaction data and invoices for Southern Office's
22                  purchase of CRT monitors during the class period.  We also disassembled
23                  numerous computer monitors and took photos of the same to determine the CRT
24                  manufacturers for each unit.  We also assisted in the preparation of Southern
25                  Office owner Tony McKee for his class deposition.  During the pendency of this
26                  litigation our firm constantly provided Mr. McKee with updates on the matter.
27              B.  Motions to Dismiss- I was asked to research and provide lead counsel with

28                                                  1

Kansas and Nebraska specific law in response to Defendants' Motions to Dismiss early in the litigation. I provided memos and state court opinions in response to this request.

C. Document Review- Our firm analyzed thousands of documents produced by Defendants in this matter. Along with class counsel Robert Gralewski, I supervised a team of four to five attorneys. This team analyzed and computer-coded documents which related to FTAIA issues, Samsung specific liability evidence and evidence of a large tube conspiracy. During the course of these document reviews I also analyzed documents and prepared numerous memoranda compiling the best evidence in each of these areas. These memoranda were then provided to lead counsel through Lauren Capurro.

D. Deposition Preparation- Along with class counsel Robert Gralewski, I also supervised a team of attorneys who reviewed documents with an eye for use in the depositions of Samsung witnesses. I analyzed Samsung documents and prepared memoranda compiling the best documents for use as deposition exhibits for Samsung witnesses such as KC Oh, SK Sung and WR Kim among others. I further worked with Mr. Gralewski regarding Samsung witness deposition exhibits and strategy.

E. Depositions- I participated in over a dozen depositions of Direct Action Plaintiffs including Costco, Sears, Target, Best Buy, PC Richards, ABC Warehouse, Tru-Tech and others providing detailed memos to lead counsel regarding testimony obtained. These depositions were directly relevant to the IPP case due to pricing practices of these entities and whether they passed on any overcharges to indirect purchasers.

F. Trial Preparation- I analyzed and designated deposition testimony of Defendant witnesses and third party witnesses, such as Direct Action Plaintiffs, for trial testimony. I was also requested by trial counsel Joe Goldberg to head up a team

2

1          of lawyers whose duties were to analyze video-taped deposition testimony and

2          work with an audio/video consultant to cut video clips for play at trial.  My

3          team had begun to analyze these videotapes and make recommendations for

4          video cuts when the matter settled.

5      5.  The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary of

6 the amount of time spent by my firm's partners, attorneys and professional support staff who were

7 involved in this litigation.  It does not include any time devoted to preparing this declaration or

8 otherwise pertaining to the Joint Fee Petition.  The lodestar calculation is based on my firm's

9 historical billing rates in effect at the time services were performed.  Exhibit 2 was prepared from

10 contemporaneous time records regularly prepared and maintained by my firm.  Those records have

11 been provided to Lead Counsel and I authorize them to be submitted for inspection by the Court if

12 necessary.  The hourly rates for my firm's partners, attorneys and professional support staff

13 included in Exhibit 2 were at the time the work was performed the usual and customary hourly

14 rates charged for their services in similar complex litigation.

15      6.  The total number of hours reasonably expended on this litigation by my firm from

16 inception to June 5, 2015 is 3428.6 hours.  The total lodestar for my firm at historical rates is

17 $1,376,957.00.  The total lodestar for my firm at current rates is $1,443,207.50.  Expense items are

18 billed separately and are not duplicated in my firm's lodestar.

19      7.  The expenses my firm incurred in litigating this action are reflected in the books

20 and records of my firm. These books and records are prepared from expense vouchers, invoices,

21 receipts, check records and other source materials and accurately reflect the expenses incurred.

22 My firm's expense records are available for inspection by the Court if necessary.

23      8.  My firm incurred a total of $63,280.01 in unreimbursed expenses, all of which were

24 reasonable and necessary for the prosecution of this litigation.  Of this amount, $50,000.00 was for

25 assessment payments for common litigation expenses or direct payments to experts or other

26 vendors made at the request of Lead Counsel, and an additional $13,280.01 was for non-common

27 litigation expenses incurred by my firm, such as travel, meals and lodging, copying, legal research,

28

1    telephone, etc.  A summary of those expenses by category is attached as Exhibit 3.

2

3        I declare under penalty of perjury that the foregoing is true and correct.  Executed this 26th

4    day of August, 2015, in Overland Park, Kansas.

5    _____

6                    Isaac L. Diel

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF Isaac L. Diel IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

# EXHIBIT 1

Firm Profile of:



CONTINUOUS LAW PRACTICE SINCE 1925

419 N. Kansas - P.O. Box 2619
Liberal, KS  67905-2619
(620) 624-2548

207 S. Inman - P.O. Box 935
Sublette, KS  67877-0935
(620) 675-2272

Financial Plaza
6900 College Blvd. - Suite 285
Overland Park, KS 66211
(913) 661-9931

A Full Service Law Firm serving

Southwest Kansas,

Northwest Oklahoma

and the Greater Kansas City Area

Kerry E. McQueen

Shirla R. McQueen

James C. Dodge

Isaac L. Diel

Gene H. Sharp - of counsel

Christine M. Larson

## INTRODUCTION

Founded by Charles Tucker in 1925, the law firm has provided legal services to its clients continuously for the past 81 years.  All of the members of the law firm are licensed to practice law in the state and federal courts in Kansas.  In addition, two of the members of the law firm are licensed to practice law in the state and federal courts in Oklahoma, one of the members of the law firm is licensed to practice in Missouri, and one of the members of the law firm is licensed to practice in Texas.  Two of the members of the law firm are members of both the American Board of Trial Advocates and Fellows in the American College of Trial Lawyers

At the present time, the members of the law firm provide legal services for its clients in the areas of antitrust, banking, corporations, commercial, employment, family & domestic relations, health, insurance, municipal, oil & gas, personal injury, products liability, real estate, utilities, wills & probate, workers compensation, and representation of governmental boards and political entities.  The firm has represented the City of Liberal continuously since 1970, the Southwest Medical Center continuously since 1978, and the Seward County Community College continuously since 1999.  In addition, the members of the law firm have vast experience in preparation of, negotiation of, trial of lawsuits and appeals in these areas.

The members of the law firm do not attempt to be all things to all people, and there are specialized areas of practice in which the law firm does not participate.  In these areas, the members of the law firm regularly employ other professionals having the expertise required to effectively represent law firm clients.

The law firm presently provides legal services for its clients in Southwest Kansas, Northwest Oklahoma and the Greater Kansas City area, and refers legal matters to co-counsels throughout the United States, if the occasion warrants.

The law firm takes great pride in its reputation in the business community, among lawyers and the courts in providing quality legal services.

## MEMBERS

**CHARLES VANCE (1904-1979)**

**H. HOBBLE, JR. (1909-1996)**

**REX A. NEUBAUER (1918-1997)**

**JAMES H. MORAIN (Retired)**

**ARTHUR B. McKINLEY (Retired)**

**KERRY E. McQUEEN**, born Kirwin, Kansas, January 15, 1940; admitted to bar, 1965, Kansas and U.S. District Court, District of Kansas; 1969, U.S. Court of Appeals, Tenth Circuit; 1976, U.S. District Court, Northern District of Oklahoma.  Education:  Fort Hays State University (B.S., 1961); Washburn University of Topeka (J.D., 1965).  Phi Alpha Delta.  Recipient of American Jurisprudence Award (2).  Member:  Seward-Haskell County (President, 1972-1973), Southwest Kansas, Kansas (Board of Governors 1995-1998; Secretary-Treasurer 1997-1998) and American Bar Associations; Fellow, Kansas Bar Foundation (Trustee, 1999-2002); Kansas Board of Examiners of Court Reporters, 1998-____; Kansas Supreme Court Nominating Commission, 2006-____; Association of Defense Trial Attorneys; Defense Research Institute, Inc.; Kansas Association of Defense Counsel (Director, 1977-1981, 1983-1987); Kansas Association of Hospital Attorneys; American Academy of Hospital Attorneys.  Associate, American Board of Trial Advocates (President, Kansas Chapter, 1985-1986).  Fellow, American College of Trial Lawyers (State Committee 1993-1998).  Mr. McQueen devotes the majority of his practice to civil litigation, antitrust,

collective bargaining agreement arbitration, education, health and workers compensation law and  has served as the firm's managing stockholder since 1991.

SHIRLA R. McQUEEN, born Topeka, Kansas, July 20, 1962; admitted to bar, 1987, Kansas, U.S. Court of Appeals, Tenth Circuit and U.S. District Court, District of Kansas. Education: West Texas State University (B.B.A., 1984); University of Kansas (J.D., 1987). Phi Delta Phi.  Assistant General Counsel, Kansas Corporation Commission, 1987-1991. Member: Seward-Haskell County, Southwest Kansas, Kansas and American Bar Associations; Kansas Association of Defense Counsel; Kansas Association of Hospital Attorneys; Defense Research Institute, Inc.; Fellow, Kansas Bar Foundation.  City Prosecutor, Liberal, Kansas, 2001-____; City Attorney, Liberal, Kansas, 2006 - _____. Ms. McQueen devotes the majority of her practice to civil litigation, criminal prosecution, health law, insurance defense, employment and workers' compensation law.

JAMES C. DODGE, born Ft. Morgan, Colorado, July 17, 1973; admitted to bar 1998, Kansas and U.S. District Court, District of Kansas.  Education: Phillips University (B.A., 1995); Washburn University School of Law (J.D., Dean's Honors, 1998).  Phi Delta Phi. Haskell County Attorney, 2002-____.  Member: Southwest Kansas, Kansas and American Bar Associations.  Resident stockholder, Sublette, Kansas office.  Mr. Dodge devotes the majority of his practice to civil litigation, criminal prosecution, agricultural, banking, estate planning, real estate law and wills & probate.

ISAAC L. DIEL, born Newkirk, Oklahoma, August 24, 1964; admitted to bar, 1989, Missouri; 1990, Kansas and U.S. District Court, District of Kansas; 2005, U.S. District Court, Western District of Missouri and U.S. Court of Appeals, Tenth Circuit. Education: Emporia State University (B.S., 1986); University of Oklahoma (J.D., with distinction, 1989). Phi Delta Phi. Assistant Managing Editor, American Indian Law Review. Member: American Bar Association. (Resident, Overland Park Office). Mr. Diel devotes the majority of his practice to antitrust, trade regulation, complex commercial litigation and class actions.

CHRISTINE M. LARSON (Associate), born Fairbury, Nebraska, February 7, 1984; admitted to bar 2009 - Kansas and U.S. District Court, District of Kansas; 2010 - Oklahoma; Education: University of Kansas (B.S.W., 2006); Washburn University School of Law (J.D., 2009). Member: Seward-Haskell County, Southwest Kansas, Kansas and American Bar Associations. Mrs. Larson devotes the majority of her practice to civil litigation, domestic relations, adoption and criminal prosecution.

## OF COUNSEL

GENE H. SHARP, born East St. Louis, Illinois, January 20, 1929; admitted to bar, 1953, Oklahoma; 1957, Kansas; U.S. District Courts, Districts of Kansas and Western Oklahoma; U.S. Court of Appeals, Tenth Circuit. Education: Hutchinson Junior College; University of Oklahoma (B.A., 1951; LL.B., 1953). Phi Alpha Delta. Note Editor, 1952 and Editor-in-Chief, 1953, Oklahoma Law Review. County Attorney, Beaver County, Oklahoma, 1953. City Attorney, Liberal, Kansas, 1970-1993. Member, Kansas Board of Admissions of Attorneys, 1982-1994. Member: Seward-Haskell County, Southwest Kansas, Kansas and Oklahoma Bar Associations; Kansas Association of Defense Counsel (Director, 1973-1976; Secretary-Treasurer, 1974-1975; President, 1975-1976). Fellow, Kansas Bar Foundation. Advocate, American Board of Trial Advocates. Fellow, American College of Trial Lawyers. Mr. Sharp devotes the majority of his practice to civil litigation, agricultural, commercial, contract, estate planning, municipal, oil & gas, real estate and wills and probate law. Mr. Sharp is licensed to practice in both Kansas and Oklahoma.

## SUPPORT

The firm's success depends not only on its lawyers, but also on the capable skills of a qualified support staff of seven, averaging over fourteen years of legal experience per staff member. The staff of an office administrator, computer operators and legal assistants are responsible for efficiently producing high-quality work product.

## OPERATION

The firm maintains three fully staffed offices.  Office locations include Liberal, Sublette and Overland Park, Kansas.

The central core of the law firm's operation is networked computer workstations. All billing, accounting and word processing functions are handled through this system and computer backup is accomplished daily.  Through the firm's technology the firm is able to transmit and receive information instantaneously with its clients, the courts and other law firms.

An up-to-date library is maintained with hard bound and CD-ROM references.  At the present time the law firm's libraries are complimented by computer research through LEXIS.

## LAW LIST MEMBERSHIP

American Bar Association
American Board of Trial Advocates
American College of Trial Lawyers
Association of Defense Trial Attorneys
Association of Trial Lawyers of America
Defense Research Institute, Inc.
Kansas Association of Defense Counsel
Kansas Association of Hospital Attorneys
Kansas Bar Association
Kansas Bar Foundation
Kansas School Attorneys Association
Kansas Trial Lawyers Association
Oklahoma Bar Association
Seward-Haskell County Bar Association

Southwest Kansas Bar Association

## REPRESENTATIVE CLIENTS

AGCO Corporation

Agri Beef Co.

Air Products and Chemicals, Inc.

Argonaut Insurance Company

Butler National Corp.

Centera Bank

City of Liberal, Kansas

Elkhorn Construction, Inc.

ESIS, Inc.

Farm Bureau Mutual Ins. Co.

Federated Rural Electric Ins. Co.

Great West Casualty Co.

High Plains Pizza, Inc.

Hoskinson Implement, Inc.

J & R Sand Co.

Kansas Health Service Corporation

King's Pit Bar-B-Que, Inc.

Lumbermen's Underwriting Alliance

McCoy Grain Co.

Mid-Continent Casualty Co.

Miller Feed Yard, Inc.

Mobil Oil Corp.

Mortgages Unlimited, Inc.

National Beef Packing Co., L.P.

National Carriers, Inc.

OXY USA, Inc.

Quinque Operating Co.

R. J. Patrick Operating Co.

River Bend Feed Yard, Inc.

Satanta District Hospital

Seward County Community College

Southwest Medical Center

SRS Specialty Risk Services

Sublette Cooperative, Inc.

Supreme Cattle Feeders, L.L.C.

TCI of Kansas, Inc.

Wausau Insurance Companies

Zurich American Ins. Co

## RESUME OF ISAAC L. DIEL

Office Address
Isaac L. Diel
SHARP McQUEEN P.A.
Financial Plaza
6900 College Boulevard Suite 285
Overland Park, KS  66211
Telephone (913) 661-9931
Fax (913) 661-9935
E-mail:  idiel@sharpmcqueen.com

## OVERVIEW

Mr. Diel has extensive experience in complex commercial litigation.  For the past twenty five years, Mr. Diel has represented clients in state and federal courts throughout the United States in a wide-variety of civil actions involving antitrust, trade regulations, product liability, commercial real estate, negligence, commercial contract, environmental contamination, and deceptive trade practice issues.

## PRIMARY PRACTICE AREAS

Complex Commercial Litigation
Antitrust
Trade Regulations
Class Action Procedures

## EMPLOYMENT HISTORY

**SHARP McQUEEN P.A.**
Shareholder (2006-present)
Financial Plaza
6900 College Boulevard Suite 285
Overland Park, KS  66211
Telephone (913) 661-9931
Fax (913) 661-9935
E-mail: idiel@sharpmcqueen.com

Plaintiff representation of clients in complex commercial litigation matters involving state and federal antitrust regulations.  Mr. Diel joined the Sharp McQueen firm in 2006 and has acted as Co-Lead Counsel, Liaison Counsel and/or a Member of the Executive Committee in several complex commercial cases including: Chance v. UST Case No. 02-C-12 (State court- Seward County, Kansas, Universal Service Fund Litigation MDL 1468 (District of Kansas); Daric Smith v. Philip Morris et. al. Case no. 00-CV-26(State court –

3

Seward County, Kansas) and <u>Wrobel v. Avery Dennison</u> Case No. 05 CV 1296 (State court- Johnson County, Kansas).

**LAW OFFICES OF ISAAC L. DIEL**
Sole Proprietor Attorney (2004 – 08/2006)

Plaintiff representation of clients in complex commercial litigation matters involving state and federal antitrust and federal trade regulations.  Drafted pleadings, discovery, motions and settlement agreements; oral arguments before state and federal courts, deposed high level corporate witnesses; organized and supervised large document productions; computer coded document production into Summation and Excel programs; coordinated and supervised legal work of co-counsel; prepared economic experts for deposition and hearings.  Firm was Lead Counsel, Co-Lead Counsel, Liaison Counsel and a Member of the Executive Committee on several complex commercial cases.

**DIEL & SEELMAN P.C.**
Shareholder Attorney (01/01/2000 – 2004)

Plaintiff representation of clients in complex commercial litigation matters involving state and federal antitrust and federal trade regulations.  Drafted pleadings, discovery, motions and settlement agreements; oral arguments before state and federal courts, deposed high level corporate witnesses; organized and supervised large document productions; computer coded document production into Summation and Excel programs; coordinated and supervised legal work of co-counsel; prepared economic experts for deposition and hearings.  Firm was Lead Counsel, Co-Lead Counsel, Liaison Counsel and a Member of the Executive Committee on several complex commercial cases.

**LAW OFFICE OF ISAAC L. DIEL**
Sole Proprietor Attorney (01/01/95 – 12/31/99)

Plaintiff representation of clients in complex commercial litigation matters involving federal and state antitrust matters, federal trade regulations, consumer protection actions, deceptive trade practices and commercial contract disputes.  Worked jointly with Attorneys General of Wisconsin and Florida.  Drafted pleadings, discovery, motions and settlement agreements; prepared and argued motions before state and federal courts; organized and supervised large document productions; computer coded document productions into Summation and Excel programs; prepared cases for trial to jury; Member of trial team in state and federal antitrust jury trial; supervised and coordinated junior attorneys in document productions, witness interviews and depositions, defended clients in depositions, deposed lower level sales and marketing employees and high level executives; prepared economists for depositions and trial.  Corporate representation of clients in contract negotiations, commercial lease work-outs, acquisitions, shareholder disputes, and employment matters.

4

**Law Offices of John P. Ryan, P.O.**
Grandview, Missouri
*Associate Attorney* (06/01/91 – 12/31/94)

Defense of clients in criminal matters.  Plaintiff representation of clients in personal injury, workers compensation, and complex commercial litigation involving antitrust matters.

**Niewald, Waldeck & Brown, P.C.**
Kansas City, Missouri
*Associate Attorney* (06/01/89 – 06/01/91)

Defense representation of insurance clients including worker compensation.  Plaintiff representation of clients in complex commercial litigation involving antitrust and oil and gas matters.

## EDUCATION

**University of Oklahoma School of Law**
Norman, Oklahoma
Juris Doctor, 1989
>Graduated *with distinction*
>Assistant Managing Editor, American *Indian Law Review*
>Phi Delta Phi honor fraternity, Member
>Dean's Honor Roll

**Emporia State University**
Emporia, Kansas
Bachelors of Science Degree, 1986
>Major Business Administration
>Member, Emporia State University Football Team
>Academic All-American
>All Central States Intercollegiate Conference Honorable Mention

## PROFESSIONAL INVOLVEMENT

American Bar Association, Member
Kansas Bar Association

## ADMITTED TO PRACTICE

Kansas
Missouri
United States District Court, District of Kansas
Court of Appeals 10th Circuit

5

## REPRESENTATIVE LITIGATION EXPERIENCE

**A.**   **Breach of Commercial Contract**

1.   *Enwall et al. v. Amerada Hess Corp. et al.,* CV-95-0322, Fifth Judicial District in the County of Chaves, State of New Mexico (1995). Represented a state-wide class of New Mexico Royalty interest owners alleging a major oil company breached various common law and statutory contract duties resulting in a reduction of per barrel royalty payments.

2.   *In re Universal Service Fund Telephone Billing Practices Litigation,* MDL 1468, United States District Court, District of Kansas (2002). Represented a putative class of customers of AT&T, World-Com and Sprint alleging these companies wrongfully collected fees for long distance substantially higher than what was refunded to the federal Universal Service Fund. Mr. Diel was liaison counsel. Verdict for $16.8 million on breach of contract claim.

**B.**   **Environmental Contamination**

1.   *In Re Koch Oil Spill Litigation (Harms v. Koch Oil Co.),* Civil No. 94-6629-H, 37th Judicial District, Nueces County, Texas (1994). Represented commercial fishermen in the Corpus Christie Bay area alleging Koch Oil was negligent in the maintenance of its oil pipe line and clean up of a commercial oil spill. Worked jointly with the Texas Land Office and the United States Department of Justice. Successfully recovered over $10 million in settlements prior to trial.

**C.**   **Product Liability**

1.   *Dragon v. Vanguard Industries, Inc.,* District Court of McPherson County, Kansas. Case No. 01-C-98 (2002). Represented a four state class of purchasers of polybutylene pipe manufactured by Vanguard Industries, Inc. (and related companies) alleging product defect. Co-Lead Counsel. Settlement of $1.7 million achieved.

**D.**   **Consumer Fraud**

1.   *Kathleen Conroy v. 3M,* Case No. C-00-2810- CW (Northern District of California, Oakland Division) and related case *Tim McGraw v. 3M,* Case No. 04 CV 7946 (Johnson County Kansas District Court 2005). Represented a proposed class of Kansas tape product consumers in an abuse of monopoly matter. Successfully recovered $41 million in settlements prior to trial.

E.    **Employment**

    1.  *Mussman v. Walmart Stores, Inc.,* Case No. LA-27486, District Court for Clinton County, Iowa (2001).  Represented a state-wide class of current and former Walmart employees alleging violation of Iowa wage and hour statutes.

G.    **Antitrust – State Court**

    1.  *Wisconsin Infant Formula Antitrust Litigation (Carlson et al v. Abbott Laboratories et al),* Case No. 94-CV-002608 and Case NO. 94-CV-009007, Milwaukee County Circuit Court (1994).  Represented Wisconsin indirect purchasers of infant formula in a state-wide class action alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of Wis. Stat. §133.03(1).  Drafted all pleadings, discovery, motions, trial preparation.  Worked jointly with the Wisconsin Attorney General's office.  Successfully recovered $10.1 million in settlements prior to trial.

    2.  *In re: Wisconsin Vitamin Product Antitrust Litigation (West Bend Elevator, Inc. v. F. Hoffman La Roche Ltd. Et al),* Case No. 98-CV-007792, consolidated action, Milwaukee County Circuit Court, State of Wisconsin (1998).  Represented Wisconsin indirect purchasers of bulk vitamins in a state-wide class action alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of Wis. Stat. §133.03(1).  Firm was on the Executive Committee.

    3.  *Beef Belt Feeders v. F. Hoffman-La Roche, Ltd. Et al,* Case No. CV-200-1 Scott County District Court, State of Kansas (2000).  Represented Kansas indirect purchasers of bulk vitamins and pre-mixes in a state-wide class action alleging the major United States, European and Japanese manufacturers engaged in a horizontal agreement to fix prices, allocate territories and customers in violation of K.S.A. §50-101 and 112.  Firm was on the Executive Committee.

    4.  *Premier Pork Inc. v. Rhone-Poulenc SA, et al, Case No. CV-2000-4, Scott County District Court, State of Kansas (2000).*  Represented Kansas indirect purchasers of methionine products in a state-wide class action alleging the major United States, Japanese and European manufacturers engaged in a horizontal agreement to fix price, allocate territories and customers in violation of K.S.A. §50-101 and 112.  Class certified on a contested basis.  Firm was Co-Lead Counsel.  Successful recovery of $1.6 million in settlements prior to trial.

    5.  *Smith v. Philip Morris Companies et al,* Case No. 00-CV-26, Seward County District Court, State of Kansas (2000).  Representing Kansas

indirect purchasers of cigarettes in a state-wide class action alleging the major United States, Japanese and European manufacturers engaged in a horizontal agreement to fix price, allocate territories and customers in violation of K.S.A. §50-101 and 112. Class certified on a contested basis. Primarily responsible for working with economic expert in support of class certification and damages. Firm was Co-Lead Counsel.

6. *Chance v. United States Tobacco Company*, Case No. 02-C-12, District Court of Seward County, Kansas (2002). Represented Kansas indirect purchasers of smokeless tobacco in a state-wide class action alleging the dominant United States manufacturer monopolized the smokeless tobacco segment of the market in violation of K.S.A. §50-1-1 and 112. Class was certified on a contested basis. Co-Lead Counsel. Settlement recovery valued at over $60 million.

7. *Piggly Wiggly v. Interstate Brands et. al.*, Johnson County, Texas District Court (1995). Represented Texas state class of direct purchasers of bread and bread products in alleged price fixing matter. Member of trial team. Matter tried to a verdict. Defense Verdict.

8. *Anderson Contracting v. Bayer et. al.*, CL 95959 Polk County, Iowa District Court (2002). Co-lead counsel representing indirect purchasers of EPDM in the state of Iowa. Class certified on a contested basis. Defendants appealed certification to the Iowa Supreme Court where the trial court decision was affirmed. Successfully recovered over $7 million in settlements in multiple state EPDM cases.

H. **Antitrust and Trade Regulations – Federal Court**

1. *In Re Bulk Popcorn Antitrust Litigation*, No. Civ. 3-89-710, United States District Court, District of Minnesota (1989). Represented a nationwide class of direct purchasers of bulk popcorn alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of §1 of the Sherman Act. Successfully settled prior to trial.

2. *In Re Carbon Dioxide Antitrust Litigation*, M.D.L. No. 940, United States District Court, Middle District of Florida (1991). Represented a nationwide class of direct purchasers of bulk liquid carbon dioxide alleging the major manufacturers engaged in a horizontal agreement to fix prices and allocate markets in violation of §1 of the Sherman Act. Worked jointly with the Antitrust Section of the Florida Attorney General's office. Supervised junior attorneys in massive document production. Successfully recovered $53 million in settlements prior to trial.

8

3.   *In Re Drill Bits Antitrust Litigation (Red Eagle Resources Corp. v. Baker Hughes, Inc., et al)*, Civil Action H-91-627, United States District Court, Southern District of Texas (1991). Represented a nation-wide class of direct purchasers of oil field drill bits alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of §1 of the Sherman Act. Member of the Trial Team. Successfully recovered $54 million in settlements after trial began.

4.   *In Re Catfish Antitrust Litigation,* M.D.L. 928, United States District Court, Northern District of Mississippi (1991). Represented a nationwide class of direct purchasers of catfish alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of §1 of the Sherman Act. Successfully settled prior to trial.

5.   *In Re Bronze and Copper Flake Antitrust Litigation*, Civil No. 93-4673-93-4674, United States District Court, Eastern District of Pennsylvania (1993). Represented a nationwide class of direct purchasers of bronze and copper flake alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of §1 of the Sherman Act. Successfully recovered $2.0 million in settlements prior to trial.

6.   *In Re Medical X-Ray Film Antitrust Litigation,* Master File No. CV-93-5904 (CPS), United States District Court, Eastern District of New York (1994). Represented a nationwide class of direct purchasers of medical x-ray film alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of §1 of the Sherman Act. Successfully recovered $39.7 million in settlements prior to trial.

7.   *In Re Plastic Tableware Antitrust Litigation (Clark FoodServices, Inc. v. Comet Products, Inc. et al),* Civil No. 94-CGV-3564, United States District Court, Eastern District of Pennsylvania (1994). Represented a nationwide class of direct purchasers of injection molded plastic ware alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of §1 of the Sherman Act. Successfully recovered $7.5 million in settlements prior to trial.

8.   *In Re Polypropylene Carpet Antitrust Litigation*, M.D.L. No. 1075, United States District Court, Northern District of Georgia, Rome Division (1995). Represented a nationwide class of direct purchasers of polypropylene carpet alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of §1 of the Sherman Act.

9.   *In Re Bread Products Antitrust Litigation (Piggly Wiggly Clarksville, Inc. et al v. Mrs. Bairds Bakeries et al),* Master File No. 93-2452, United States District Court, Eastern District of Texas, Paris Division (1995).

9

Represented a three-state (Texas, Arkansas and Oklahoma) class of direct purchasers of bread and bread products alleging three manufacturers engaged in a horizontal agreement to fix prices and rig bids in violation of §1 of the Sherman Act. Successfully recovered $31 million in settlements prior to trial.

10. *In re Lease Oil Antitrust Litigation,* (No. II), M.D.L. 1206, United States District Court, Southern District of Texas, Corpus Christi Division (1995). Represented a nation-wide class of royalty interest owners alleging the major oil companies of engaging in a horizontal agreement to limit royalty payments in violation of §1 of the Sherman Act. Case settled prior to trial for $194 million.

11. *In Re Commercial Tissue Products Antitrust Litigation,* M.D.L. Docket No. 1189, United States District Court, Northern District of Florida, Gainesville Division (1997). Represented a nationwide class of direct purchasers of away-from-home commercial tissue products alleging the major manufacturers engaged in a horizontal agreement to fix prices in violation of §1 of the Sherman Act. Worked jointly with the Antitrust Section of the Florida Attorney General's office. Senior attorney supervising massive document production. Primarily responsible for all discovery and depositions related to Kimberly-Clark Company. Successfully recovered over $50 million in settlements prior to trial.

12. *Reorganized FLI v. Williams Companies et. al.,* Case No. 2: CV-S-05-1331, MDL 1566  United States District Court for the District of Nevada (2005). Mr. Diel is co-lead counsel representing the successor to Farmland Industries in a natural gas price manipulation matter under the laws of the state of Kansas. Case pending.

13. *In Re: TFT-LCD (Flat Panel) Antitrust Litigation* (Indirect Purchaser Action)  MDL 1827 N. D. Ca. (2006). Mr. Diel was active in the document review process and took depositions in this price fixing matter. Case was successfully settled for over $1 billion prior to trial.

10

# EXHIBIT 2

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA | | |
|---|---|---|---|
| Reporting Year | 2007 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ike Diel - P | $ 375.00 | 1.0 | | | | | | | | 11.0 | 1.0 | | | 13.0 | $ 4,875.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 11.0 | 1.0 | 0.0 | 0.0 | 13.0 | $ 4,875.00 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA |
|---|---|
| Reporting Year | 2008 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ike Diel - P | $ 375.00 | 45.5 | | 5.0 | | | | | | 10.5 | 1.0 | | | 62.0 | $ 23,250.00 |
| K. McQueen P | $ 375.00 | 0.5 | | 2.5 | | | | | | | | | | 3.0 | $ 1,125.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 46.0 | 0.0 | 7.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 10.5 | 1.0 | 0.0 | 0.0 | 65.0 | $ 24,375.00 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA | | |
|---|---|---|---|
| Reporting Year | 2009 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ike Diel - P | $ 375.00 | 1.0 | | | 2.0 | | | | | | 36.1 | | | 39.1 | $ 14,662.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 1.0 | 0.0 | 0.0 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 36.1 | 0.0 | 0.0 | 39.1 | $ 14,662.00 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA | | |
|---|---|---|---|
| Reporting Year | 2010 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ike Diel | $ 375.00 | 1.0 | | 15.0 | 11.5 | | | | | | 5.5 | | | 33.0 | $ 12,375.00 |
| K. McQueen P | $ 375.00 | | | | | | | | | | 1.0 | | | 1.0 | $ 375.00 |
| C. Larson - A | $ 200.00 | | | 1.0 | 4.0 | | | | | | | | | 5.0 | $ 1,000.00 |
| S. McQueen P | $ 275.00 | | | 0.8 | 12.5 | | | | | | | | | 13.3 | $ 3,657.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 1.0 | 0.0 | 16.8 | 28.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 6.5 | 0.0 | 0.0 | 52.3 | $ 17,407.50 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA | | |
|---|---|---|---|
| Reporting Year | 2011 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ike Diel - P | $ 395.00 | | | | 38.7 | 3.0 | | 376.3 | | | | | | 418.0 | $ 165,110.00 |
| S. McQueen - P | $ 300.00 | 0.6 | | 0.8 | 0.9 | | | 0.3 | | | | | | 2.6 | $ 780.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.6 | 0.0 | 0.8 | 39.6 | 3.0 | 0.0 | 376.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 420.6 | $ 165,890.00 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA | | |
|---|---|---|---|
| Reporting Year | 2012 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ike Diel - P | $ 395.00 | | | 1.2 | | 33.5 | 1.0 | 835.7 | 10.5 | 6.0 | 0.5 | | | 888.4 | $ 350,918.00 |
| S. McQueen - P | $ 300.00 | | | | | 7.1 | | | | | | | | 7.1 | $ 2,130.00 |
| K. McQueen - P | $ 395.00 | | | 1.0 | | 3.9 | 0.8 | | | | | | | 5.7 | $ 2,251.50 |
| C. Larson - A | $ 200.00 | | | | | | | 41.5 | | | | | | 41.5 | $ 8,300.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 2.2 | 0.0 | 44.5 | 1.8 | 877.2 | 10.5 | 6.0 | 0.5 | 0.0 | 0.0 | 942.7 | $ 363,599.50 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA | | |
|---|---|---|---|
| Reporting Year | 2013 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ike Diel - P | $ 395.00 | | | 1.8 | | 378.0 | 10.3 | 260.5 | 1.0 | | 0.9 | | | 652.5 | $ 257,737.50 |
| S. McQueen - P | $ 350.00 | | | | | | 0.3 | | | | | | | 0.3 | $ 105.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 1.8 | 0.0 | 378.0 | 10.6 | 260.5 | 1.0 | 0.0 | 0.9 | 0.0 | 0.0 | 652.8 | $ 257,842.50 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA | | |
|---|---|---|---|
| Reporting Year | 2014 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ike Diel - P | $ 425.00 | 0.5 | | 23.0 | 3.2 | 379.3 | 106.0 | 340.0 | 1.0 | 22.5 | 7.0 | | 185.5 | 1068.0 | $ 453,900.00 |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | 0.5 | 0.0 | 23.0 | 3.2 | 379.3 | 106.0 | 340.0 | 1.0 | 22.5 | 7.0 | 0.0 | 185.5 | 1068.0 | $ 453,900.00 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA | | |
|---|---|---|---|
| Reporting Year | 2015 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ike Diel - P | $ 425.00 | | | 15.0 | | | | 1.0 | | | | 2.7 | 155.9 | 174.6 | $ 74,205.00 |
| K. McQueen | $ 400.00 | | | 0.5 | | | | | | | | | | 0.5 | $ 200.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 15.5 | 0.0 | 0.0 | 0.0 | 1.0 | 0.0 | 0.0 | 0.0 | 2.7 | 155.9 | 175.1 | $ 74,405.00 |

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA | | |
|---|---|---|---|
| Reporting Year | Inception through Present | | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | P | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 11.0 | 1.0 | 0.0 | 0.0 | 13.0 | $ 4,875.00 |
| 2008 | P | 46.0 | 0.0 | 7.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 10.5 | 1.0 | 0.0 | 0.0 | 65.0 | $ 24,375.00 |
| 2009 | P | 1.0 | 0.0 | 0.0 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 36.1 | 0.0 | 0.0 | 39.1 | $ 14,662.00 |
| 2010 | P | 1.0 | 0.0 | 15.8 | 24.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 6.5 | 0.0 | 0.0 | 47.3 | $ 16,407.50 |
| | A | | | 1.0 | 4.0 | | | | | | | | | 5.0 | $ 1,000.00 |
| 2011 | P | 0.6 | 0.0 | 0.8 | 39.6 | 3.0 | 0.0 | 376.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 420.6 | $ 165,890.00 |
| 2012 | P | 0.0 | 0.0 | 2.2 | 0.0 | 44.5 | 1.8 | 835.7 | 10.5 | 6.0 | 0.5 | 0.0 | 0.0 | 901.2 | $ 355,299.50 |
| | A | | | | | | | 41.5 | | | | | | 41.5 | $ 8,300.00 |
| 2013 | P | 0.0 | 0.0 | 1.8 | 0.0 | 378.0 | 10.6 | 260.5 | 1.0 | 0.0 | 0.9 | 0.0 | 0.0 | 652.8 | $ 257,843.00 |
| 2014 | P | 0.5 | 0.0 | 23.0 | 3.2 | 379.3 | 106.0 | 340.0 | 1.0 | 22.5 | 7.0 | 0.0 | 185.5 | 1068.0 | $ 453,900.00 |
| 2015 | | 0.0 | 0.0 | 15.5 | 0.0 | 0.0 | 0.0 | 1.0 | 0.0 | 0.0 | 0.0 | 2.7 | 155.9 | 175.1 | $ 74,405.00 |
| | | 50.1 | 0.0 | 67.6 | 72.8 | 804.8 | 118.4 | 1855.3 | 12.5 | 50.0 | 53.0 | 2.7 | 341.4 | 3428.6 | $ 1,376,957.00 |

**STATUS:**

| | |
|---|---|
| (P) | Partner |
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

**CATEGORIES:**

1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

# EXHIBIT 3

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**EXPENSE SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | SHARP MCQUEEN PA |
|---|---|
| Reporting Year | Inception through Present |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| Assessments | | $ 50,000.00 |
| Outside Copies | | |
| In-house Reproduction /Copies | | $ 350.00 |
| Court Costs & Filing Fees | | |
| Court Reporters 7 Transcripts | | $ 253.35 |
| Computer Research | | |
| Telephone & Facsimile | | |
| Postage/Express Delivery/Courier | | $ 414.16 |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts | | |
| Witness / Service Fees | | |
| Travel: Airfare | | $ 4,898.78 |
| Travel: Lodging/Meals | | $ 4,884.19 |
| Travel: Other | | $ 1,518.75 |
| Car Rental/Cabfare/Parking | | $ 960.78 |
| Other Expenses | | |
| | | |
| | | $ 63,280.01 |