# Exhibit 18

1   **BRIAN BARRY (135631)**
    **LAW OFFICE OF BRIAN BARRY**
2
    *Counsel for Indirect Purchaser Plaintiffs*
3

4

5

6

7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10
                    **SAN FRANCISCO DIVISION**
11

12  | **IN RE: CATHODE RAY TUBE (CRT)** | Case No. 3:07-cv-5944 |
    | **ANTITRUST LITIGATION** | MDL No. 1917 |

13                                     | **CLASS ACTION** |

14  This Document Relates to:          | **DECLARATION OF BRIAN BARRY IN** |
                                       | **SUPPORT OF PLAINTIFFS' APPLICATION** |
15  All Indirect Purchaser Actions     | **FOR ATTORNEYS' FEES, EXPENSES AND** |
                                       | **INCENTIVE AWARDS** |
16
                                       | Judge:  Honorable Samuel Conti |
17                                     | Courtroom One, 17th Floor |

18

19

20

21

22

23

24

25

26

27

28

1      I, Brian Barry, declare as follows:

2      1.      I am an attorney licensed to practice before the courts of California and the owner

3   of this law firm.  I have personal knowledge of the facts stated in this declaration and, if called as a

4   witness, I could and would testify competently to them.  I make this declaration in support of my

5   firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in

6   Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

7      2.      My firm is counsel of record in this case, and represents named plaintiff Janet

8   Ackerman.  A brief description of my firm is attached as Exhibit 1 and incorporated herein by

9   reference.

10     3.      Throughout the course of this litigation, my firm kept files contemporaneously

11  documenting all time spent, including tasks performed, and expenses incurred, and transmitted

12  those reports on a regular basis to Lead Counsel.  All of the time and expenses reported by my firm

13  were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

14     4.      During the course of this litigation, my firm has been involved in the following

15  tasks and activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead

16  Counsel. The firm responded to discovery directed to our client and prepared her and attended her

17  deposition and participated in the lengthy review of documents produced by defendants, including

18  foreign language documents.

19     5.      The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary

20  of the amount of time spent by my firm's partners, attorneys and professional support staff who

21  were involved in this litigation.  It does not include any time devoted to preparing this declaration

22  or otherwise pertaining to the Joint Fee Petition.  The lodestar calculation is based on my firm's

23  historical billing rates in effect at the time services were performed.  Exhibit 2 was prepared from

24  contemporaneous time records regularly prepared and maintained by my firm.  Those records have

25  been provided to Lead Counsel and I authorize them to be submitted for inspection by the Court if

26  necessary.  The hourly rates for my firm's partners, attorneys and professional support staff

27  included in Exhibit 2 were at the time the work was performed the usual and customary hourly

28

1  rates charged for their services in similar complex litigation.

2        6.     The total number of hours reasonably expended on this litigation by my firm from

3  inception to May 31, 2015 is 2694.7 hours.  The total lodestar for my firm at historical rates is

4  $937,223.50. Expense items are billed separately and are not duplicated in my firm's lodestar.

5        7.     The expenses my firm incurred in litigating this action are reflected in the books

6  and records of my firm. These books and records are prepared from expense vouchers, invoices,

7  receipts, check records and other source materials and accurately reflect the expenses incurred.

8  My firm's expense records are available for inspection by the Court if necessary.

9        8.     My firm incurred a total of $28,471.05 in unreimbursed expenses, all of which were

10  reasonable and necessary for the prosecution of this litigation.  Of this amount, $25,000 was for

11  assessment payments for common litigation expenses or direct payments to experts or other

12  vendors made at the request of Lead Counsel, and an additional $3,471.05 was for non-common

13  litigation expenses incurred by my firm, such as travel, meals and lodging, copying, legal research,

14  telephone, etc.  A summary of those expenses by category is attached as Exhibit 3.

16       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 5th

17  day of September, 2015, in Bali, Indonesia.

19                      Brian Barry

DECLARATION  IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

Scanned by CamScanner

# EXHIBIT 1

# Law Offices of Brian Barry

Attorneys At Law

Telephone 323.820.8962

---

**FIRM RESUME**

The Law Offices of Brian Barry was located in Los Angeles, California, and specialized in complex class action litigation for over 20 years, litigating numerous cases in both state and federal courts throughout the United States.

The firm was Co-Lead Counsel in *In Re Heritage Bond Litigation*, 02 ML 1475, pending in the United States District Court for the Central District of California.  The Class members in the Heritage Bond action suffered approximately $80 million in damages from eleven (11) defaulted bond offerings, which provided the foundation of an enormous Ponzi scheme.  A global settlement was reached in the Class Action totaling nearly $30 million.  Authorized claimants received between 36 and 57% of their losses back through the settlement.

In the course of the firm's three-year discovery investigation into the Heritage Bond offerings, over 1.2 million pages of documents were obtained in discovery (all of which were reviewed and coded into a database), over 45 depositions were taken, numerous motions to compel and motions for evidentiary sanctions were filed, and a substantial amount of written discovery was propounded.  Early in the Heritage Bond Litigation, the firm successfully moved to open the grand jury files relating to the Department of Justice's investigation into the Heritage Bond debacle and successfully moved to obtain the transcripts of the depositions taken by the Securities and Exchange Commission.  The firm has cooperated with many governmental

1

entities investigating those involved with the Heritage Bond offerings (including the Securities and Exchange Commission, the Department of Justice, the Internal Revenue Service and the Department of Health and Human Services) by providing a substantial amount of information and documentation unearthed in discovery. To date, these governmental investigations have resulted in the filing of a civil complaint by the SEC against five (5) individuals involved in the bond offerings.

The firm is responsible for obtaining a number of favorable opinions in the *In re Heritage Bond Litigation* which have promoted the rights of investors in prosecuting these types of actions, including: *In re Heritage Bond Litigation*, 220 F.R.D. 624 (C.D. Cal. 2004) (deeming requests for admission admitted for failure to adequately and/or timely respond); *In re Heritage Bond Litigation*, 2004 WL 1638201 (C.D. Cal. July 12, 2004) (granting motion to certify the class); *In re Heritage Bond Litigation*, 2004 WL 1970058 (C.D. Cal. July 23, 2004) (granting motion to compel production of documents withheld on a variety of privileges, including, attorney-client, work product, and privacy, et. al.); *In re Heritage Bond Litigation*, 2004 WL 1638200 (C.D. Cal. June 28, 2004) (granting summary judgment on claim of negligence against the corporate controller for creating and processing dummy invoices, and failing to exercise due diligence when participating in the transfer of corporate funds); *In re Heritage Bond Litigation*, 2004 WL 2297981 (C.D. Cal. September 27, 2004) (granting motion for entry of $28 million judgment against the corporate controller). Thereafter, pursuant to an assignment from the corporate controller, the firm handled a State Court appeal against the insurance companies that issued insurance to Heritage. The insurance companies had obtained a summary judgment ruling finding that the policies did not provide coverage for the claims asserted in the underlying

investor cases, which ruling was upheld on appeal.  *Medill v. Westport*, 143 Cal.App.4[th] 819.

The Court approved the Global settlement in *In re Heritage Bond Litigation*, 2005 WL 1594403 (C.D. Cal. June 10, 2005).  The Court noted the settlement of 36-38% of the class' total net loss was an "exceptional result", and "The Court finds that Class Counsel performed at a high level of skill in litigating this action for over three years."  It went on to say that the "case cannot be considered a garden variety securities class action" as "Various issues litigated in this case concern relatively uncharted territory", including issues that were of "first impression for district courts within the Ninth Circuit" which requried "extensive legal research and analysis". "In addition, the action was based on theories of tort law, contract law and federal and state statutory laws, and marked by extensive motion practice, discovery, oral argument and settlement negotiations."  The court noted the case was also factually complex and found the "quality of Class Counsel's effort, experience and skill is demonstrated in the exception result achieved."

## ANTI-TRUST AND CONSUMER RIGHTS LITIGATION

Among others, the firm was actively involved in the following cases: *LCD Panels* (ND CA-case for indirect purchasers in 25 states, settled for $1.1 Billion, the firm was one of the top ten firms in the case based on billable time (among over 100 firms); *Air Cargo* (ED NY-settlements of over $900 million, trial vs. remaining defs set for Jan. 2016); *Cathoe Ray Tubes, Aka CRT* (ND CA-settlements of $576 million);  *Transpacific Air Passenger, (ND CA- partial settlements of $40 million); Aftermarket Auto Filters* (ND ILL, settlements of just over $6 million)*;* a case for California purchasers of *Urethane* (settlements of approx. $3 million to date); *Arbitration Collusion* (SDNY-partial settlements of $2.5 million with 4 banks who agreed

to remove the arbitration provision for 7 years, which allowed numerous other consumer class actions to be brought against these banks, trial against remaining defendants, verdict for defendants, currently on appeal).  The firm has been actively involved in a number of other cases which have resulted in substantial recoveries, to wit: The firm was actively involved *In re Currency Conversion Fee Antitrust Litigation*. The action related to the fees charged by Visa, Mastercard and the issuing banks to users who utilize their credit cards overseas.  A settlement of over $355 million was reached.  The firm was also active in the indirect *SRAM* case, where a settlement of approximately $40 million was reached.  The firm also actively prosecuted a case for California purchasers of *Neoprene*, which settled for over $4.65 million in 2006. Previously the firm was active in a case brought on behalf of pharmacies subscribing to a computer service from the Hearst Corporation, which settled for $2.5 million (*First Data*); and was involved in the *In re Stock Exchange Options Trading Antitrust Litigation* ($44 million settlement), and the *Microsoft* California state case.

## SECURITIES AND CORPORATE GOVERNACE LITIGATION

Since its formation in 1989, the firm has been appointed lead counsel or has been significantly involved in numerous securities cases wherein significant recoveries were obtained for class members.  Some of the actions that highlight the firm's accomplishments are as follows:

- In October 2002, the Honorable Victoria Chaney, Los Angeles Superior Court, approved a class action settlement of $1 million on behalf of investors in *Busybox.com*, which resulted in a distribution to class members of approximately 25% of their damages.  Since that time, the Department of Justice and the Securities and Exchange Commission have

taken action against a number of the same individuals named in the class action, alleging facts identical to those alleged in the class action complaint.

- The firm was Lead Counsel in *Kune v. Parretti, et al.,* a derivative action involving Giancarlo Parretti and Pathe Communications Corp.'s takeover of MGM and numerous dealings between Pathe and Mr. Parretti's European companies.  People were served in Europe, including Mr. Parretti's former partner, Florio Fiorini, who was served while in a Swiss jail.  Numerous depositions were taken both in the U.S. and in Italy.  After three (3) years of litigation and substantial motion practice, the case settled for $4 million. Since that time, the U.S. government has indicted Mr. Parretti and his former partner Mr. Fiorini (who ended up serving time in a Swiss prison previously).  The U.S. is attempting to extradite them for prosecution in the U.S. based on the scheme detailed in the derivative action.  A scandal and resulting investigation in France into Credit Lyonnais (the bank behind Messers. Parretti and Fiorini) resulted in many senior bankers resigning as a result of their involvement in the scheme as well.

- The firm was Co Lead Counsel in *Eric Goldstein v. Lazertron Corp.,* an action seeking damages for Lazertron shareholders from the merger with Acclaim Entertainment. Shortly after delaying the merger, so as to readjust the stock swap ratio in its favor (as its stock price had recently increased), Acclaim disclosed massive write-downs and restated its financial results.  The case settled for approximately $2.1 million in cash and warrants.  By the time the warrants were issued, the warrants were $6 in the money, making the settlement worth substantially more.

- The firm was Lead Counsel in *Shores v. Samuel Goldwyn Company,* an action seeking

damages for Goldwyn shareholders from the merger of Goldwyn and Metromedia International Group Inc.  The Proxy for the merger did not disclose that Metromedia would be conducting a secondary offering within days after pricing the stock swap ratio for the merger.  For purposes of the merger, Metromedia stock was valued at $14 per share.  Three days later the secondary offering went out at $11 per share.  A settlement was reached that returned 25% of the alleged damages to Goldwyn shareholders.

- The firm was Co Lead Counsel in two Washington state court cases, one a class action (*Ceraldi v. American United Global Inc.*) and one a derivative action (*Binder v. Rubin, et al.*) involving American United Global Inc. (AUGI).  The action alleged self-dealing and breach of fiduciary duty by the Chairman and the other directors.  The Chairman agreed to repay the Company $2.8 million to settle the derivative case and the stockholders received $2.5 million in cash and stock in a subsidiary of AUGI to settle the class action.  Certain corporate governance issues were agreed to as well as a result of the settlement.

- The firm was Co Lead in an action involving the private placements in *AirPrime* and *Chapparal Networks*, through LLC's controlled by Robert Harvey, both of which settled for approximately 15% of investors losses.

- The firm settled a derivative action pending in N.Y. State Court involving *Dyntek Inc.* and obtained corporate stock valued at over $700,000 from the former Chairman and a cash payment of $300,000 from the insurance carrier in 2002.  Certain corporate governance issues were agreed to as well as a result of the settlement.

The firm was also actively involved in actions such as *Asia Pulp & Paper* ($46 million settlement), *KPNQwest* ($15 million settlement*), and the *In re IPO Securities Litigation (*$585

million settlement).

**OTHER**

The firm has represented individual investors in court proceedings and in arbitrations before various arbitration panels, such as (1) the representation of an investor who lost $1 million in a company's stock which resulted in a recovery of $750,000 within the first year of litigation; and (2) the representation of a disabled immigrant, with no investment experience and a yearly income of $25,000, who lost over $15,000 in a six week period after being pressured into opening a commodities futures option account.  The case settled for $20,000 within months of the filing.

## ATTORNEY BIOGRAPHIES

**Brian Barry** graduated from Syracuse University in 1983 with a B.S. in Marketing and from Fordham University Law School in 1987.  He has been a member of the State Bar of California since 1988 and is admitted to practice in the United States District Court for the Central, Northern and Southern Districts of California, as well as the Ninth Circuit.

Prior to forming the firm, Mr. Barry worked in the securities fraud class action litigation field at Stull Stull & Brody.  Upon graduating from law school, he relocated to Los Angeles and worked on numerous class actions on behalf of Stull Stull & Brody, including *In re Gibraltar Financial Securities Litigation*, one of the first cases relating to the savings and loan debacle in the U.S. and which settled for $8.5 million; and *In re Cannon Group Securities Litigation*, where there was a $33.5 million settlement relating to the collapse of an independent motion picture company, due to financial statements that were misleading because of  improper film

7

amortization, which had the effect of inflating earnings.

Mr. Barry also instituted numerous cases while working for Stull Stull & Brody, including the first case of what became *In re New World Securities Litigation*, where there was a $5 million settlement, and the second case of what became *In re De Laurentiis Entertainment Group, Inc. Securities Litigation*, where there was a $9.5 million settlement. Both of these cases were due to the collapse of independent motion picture companies. Additionally Mr. Barry was involved in cases against two health care companies; *Zucker v. Maxicare Health Plans, Inc.,* which settled for $9 million, and *In re Beverly Enterprises Securities Litigation*, where there was a substantial settlement as well. Like the *Gibraltar* action, these cases marked the beginning of a line of cases filed against companies in this field.

In addition to the class action work, Mr. Barry has handled 25 criminal appeals for indigent defendants through the California Appellate Project; a state bar funded non-profit organization. He has also worked in the entertainment law industry; handling various litigations between producers and film companies, managers and artists, as well as transactional work.

**Jeffrey C. Shea** was born in Providence, Rhode Island on January 13, 1972. He graduated from Providence College (B.A. 1994) and earned his law degree from Catholic University (J.D. 1997). Mr. Shea was admitted to the Maryland bar in 1997 and the California bar in 2001. His practice areas include antitrust and securities class action litigation. Mr Shea began working as Of Counsel for the firm in April 2003, working extensively on the *Heritage Bond* case, *SRAM, LCD*, *CRT,* and other cases. Mr. Shea was a member of a team of attorneys managing discovery on behalf of California consumers in an antitrust class action against *Microsoft*, and also assisted in representing a corporate plaintiff in $1.05 billion anti-trust jury

verdict against *United States Tobacco* (UST).  Mr. Shea also represented consumer classes in several states (CA, MA, KS, WI) in unfair competition actions against UST.  Mr. Shea participated in the representation of the plaintiff in a Qui Tam action concerning underpayment of royalties on federal and state oil and gas leases.  Prior to entering private practice, Mr. Shea was a professional staff member for the Subcommittee on Civil Service in the United States House of Representatives.

**Rick Xiao**- a native of China, Mr. Xiao graduated from Southwestern University School of Law in 2000 where he was a recipient of the John J. Schumacher Minority Leadership Scholarship (3-year full tuition). He is admitted to practice in California.  He joined the firm as Of Counsel in 2004 and worked on securities cases, *Heritage Bond, Asia Pulp*, *AirPrime/Chapparal,* as well as antitrust cases*, LCD, Digital Music and Transpacific*.  Prior to that he worked in litigation at Schaffer, Lax, McNaughton & Chen, Los Angeles, California, 2000-2003.

# EXHIBIT 2

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry | |
|---|---|---|
| Reporting Year | 2007 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $    - |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry | |
|---|---|---|
| Reporting Year | 2008 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $          - |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry | |
|---|---|---|
| Reporting Year | 2009 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | | | | | | | | | | | | | 0.0 | $          - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $          - |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry | |
|---|---|---|
| Reporting Year | 2010 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Brian Barry (P) | $ 650.00 | 4.72 | | | | | | | | | | | | | 4.7 | $ 3,068.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 4.7 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.7 | $ 3,068.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry | | |
|---|---|---|---|
| Reporting Year | 2011 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Brian Barry (P) | $ 650.00 | 10.1 | | | | | | | | | | | | 10.1 | $ 6,545.50 |
| Jeff Shea (A) | $ 350.00 | | | | | | | 303.0 | | | | | | 303.0 | $ 106,050.00 |
| John Seong Gon Kim (A) | $ 350.00 | | | | | | | 283.0 | | | | | | 283.0 | $ 99,050.00 |
| Julie Chang (A) | $ 300.00 | | | | | | | 227.1 | | | | | | 227.1 | $ 68,130.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 10.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 813.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 823.2 | $ 279,775.50 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry | |
|---|---|---|
| Reporting Year | 2012 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Brian Barry (P) | $ 650.00 | 11.0 | | | | | | 11.0 | | | | | | 22.0 | $ 14,300.00 |
| Jeff Shea (A) | $ 350.00 | | | | | | | 1698.8 | | | | | | 1698.8 | $ 594,580.00 |
| John Seong Gon Kim (A) | $ 350.00 | | | | | | | 34.0 | | | | | | 34.0 | $ 11,900.00 |
| Julie Chang (A) | $ 300.00 | | | | | | | 112.0 | | | | | | 112.0 | $ 33,600.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 11.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1855.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1866.8 | $ 654,380.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | 8 | | |
|---|---|---|---|
| Reporting Year | 2013 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry | |
|---|---|---|
| Reporting Year | 2014 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $        - |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry | |
|---|---|---|
| Reporting Year | 2015 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $    - |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry | |
|---|---|---|
| Reporting Year | Inception through Present | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2008 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2009 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2010 | | 4.7 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.7 | $ 3,068.00 |
| 2011 | | 10.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 813.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 823.2 | $ 279,775.50 |
| 2012 | | 11.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1855.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1866.8 | $ 654,380.00 |
| 2013 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2014 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| | | 25.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2668.9 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2694.7 | $ 937,223.50 |

| STATUS: | |
|---|---|
| (P) | Partner |
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

# EXHIBIT 3

**EXHIBIT 3**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**EXPENSE SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Law Offices of Brian Barry |
|---|---|
| Reporting Year | Inception through Present |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| | | |
| Assessments | | $ 25,000.00 |
| Outside Copies | | |
| In-house Reproduction /Copies | | |
| Court Costs & Filing Fees | | |
| Court Reporters 7 Transcripts | | |
| Computer Research | | |
| Telephone & Facsimile | | |
| Postage/Express Delivery/Courier | | $ 13.64 |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts | | |
| Witness / Service Fees | | |
| Travel: Airfare | | $ 698.70 |
| Travel: Lodging/Meals | | $ 2,409.12 |
| Travel: Other | | |
| Car Rental/Cabfare/Parking | | $ 349.59 |
| Other Expenses | | |
| | | |
| | | $ 28,471.05 |