Exhibit 35

1    Frederick P. Furth (SBN 38438)
     THE FURTH FIRM LLP
2    2347 Becker Boulevard
     Santa Rosa, CA 95403
3    Telephone:    (707) 526-1389
     Facsimile:    (707) 526-7831
4
     *Counsel for Indirect Purchaser Plaintiffs*
5

6

7

8

9

10                     **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12                       **SAN FRANCISCO DIVISION**

13   | **IN RE: CATHODE RAY TUBE (CRT)** | Case No. 3:07-cv-5944 |
14   | **ANTITRUST LITIGATION** | MDL No. 1917 |

15                                        **CLASS ACTION**

16   ―――――――――――――――――――――          **DECLARATION OF FREDERICK P. FURTH
                                       IN SUPPORT OF PLAINTIFFS'**
17   This Document Relates to:          **APPLICATION FOR ATTORNEYS' FEES,
                                        EXPENSES AND INCENTIVE AWARDS**
     All Indirect Purchaser Actions
18
                                        Judge:  Honorable Samuel Conti
19                                       Courtroom One, 17th Floor

20

21

22

23

24

25

26

27

28

――――――――――――――――――――――――――――――――――――
DECLARATION OF FREDERICK P. FURTH IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944, MDL No. 1917

1    I, Frederick P. Furth, declare as follows:

2        1.    I am an attorney licensed to practice before the courts of California, and the senior

3    partner in the law firm The Furth Firm LLP.  I have personal knowledge of the facts stated in this

4    declaration and, if called as a witness, I could and would testify competently to them.  I make this

5    declaration in support of my firm's request for attorneys' fees and reimbursement of litigation

6    expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive

7    Awards.

8        2.    Until May 2008, my firm was counsel of record in this case and represented named

9    plaintiff Barbara Caldwell.  A brief description of my firm is attached as Exhibit 1 and

10    incorporated herein by reference.

11        3.    Throughout my firm's participation in this litigation, the firm kept files

12    contemporaneously documenting all time spent, including tasks performed, and expenses incurred,

13    and transmitted those reports on a regular basis to Lead Counsel.  All of the time and expenses

14    reported by my firm were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

15        4.    During the course of this litigation, my firm was involved in the following tasks and

16    activities on behalf of the IPPs:

17            • Investigating the CRT industry and researching products in preparation to
18              file case;

19            • Researching international service of process issues, including letters
20              rogatory;

21            • Researching and drafting original complaint;

22            • Working on issues relating to class counsel organization; and

23            • Preparing statement of non-opposition to Department of Justice's motion to
24              intervene.

25        5.    The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary

26    of the amount of time spent by my firm's partners, attorneys and professional support staff who

27    were involved in this litigation.  It does not include any time devoted to preparing this declaration

28

1

1   or otherwise pertaining to the Joint Fee Petition. The lodestar calculation is based on my firm's

2   historical billing rates in effect at the time services were performed. Exhibit 2 was prepared from

3   contemporaneous time records regularly prepared and maintained by my firm. Those records have

4   been provided to Lead Counsel and I authorize them to be submitted for inspection by the Court if

5   necessary. The hourly rates for my firm's partners, attorneys and professional support staff

6   included in Exhibit 2 were at the time the work was performed the usual and customary hourly

7   rates charged for their services in similar complex litigation.

8        6.       The total number of hours reasonably expended on this litigation by my firm from

9   inception to May 31, 2015 is 180.5 hours. The total lodestar for my firm at historical rates is

10   $83,495.00. The total lodestar for my firm at current rates is $102,361.50. Expense items are

11   billed separately and are not duplicated in my firm's lodestar.

12       7.       The expenses my firm incurred in litigating this action are reflected in the books

13   and records of my firm. These books and records are prepared from expense vouchers, invoices,

14   receipts, check records and other source materials and accurately reflect the expenses incurred.

15   My firm's expense records are available for inspection by the Court if necessary.

16       8.       My firm incurred a total of $6,211.85 in unreimbursed expenses, all of which were

17   reasonable and necessary for the prosecution of this litigation. All of this amount was for non-

18   common litigation expenses incurred by my firm, such as legal research, service and court filing

19   fees, copying, meals, and delivery fees. A summary of those expenses by category is attached as

20   Exhibit 3.

21

22       I declare under penalty of perjury that the foregoing is true and correct. Executed this 17

23   day of July, 2015, in Healdsburg, California.

24

25                                                  Frederick P. Furth

26

27

28

DECLARATION OF FREDERICK P. FURTH IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

# EXHIBIT 1

# THE FURTH FIRM LLP

2347 Becker Boulevard
Santa Rosa, California 95403
Telephone:  (707) 526-1389
Facsimile:  (707) 526-7831

E-mail: furthfirm@furth.com

Website:  www.furth.com

# THE FURTH FIRM LLP

## Firm Overview

THE FURTH FIRM LLP is a nationally known Bay Area firm specializing in antitrust and business litigation.  The firm has a rich history of handling large and complex litigation matters.

The firm originally became prominent in antitrust litigation, serving as lead counsel for plaintiffs in a number of large, nationwide price-fixing cases, including cases involving the gypsum wallboard, sugar and cement industries, as well as numerous other industries.  The firm has handled business litigation on behalf of plaintiffs, including antitrust, business tort, commercial contract, corporate, employment, ERISA, insurance, intellectual property, international arbitration and litigation, RICO, unfair business practice, and unfair competition cases.  Our clientele has ranged from individuals and small companies to multinational corporations such as Kellogg Company.

The firm has also prosecuted class action lawsuits on behalf of consumers, investors, businesses and others.  These cases involve price-fixing and other antitrust claims, consumer rights, unfair competition, and other claims.

THE FURTH FIRM LLP's extensive experience in complex cases has enabled the firm to litigate such matters in an organized, timely and efficient manner.  With more than 40 years of experience in prosecuting class actions, the firm has refined its litigation practice to a highly efficient level.

In May 2008, the firm combined certain of its personnel and resources with those of Zelle Hofmann Voelbel & Mason LLP, a prominent national litigiation law firm, for the continued prosecution of many of THE FURTH FIRM LLP's cases.

# THE FURTH FIRM LLP

## History of the Firm

THE FURTH FIRM LLP was founded in 1966 by Frederick P. Furth.  Mr. Furth's entrepreneurial spirit had pushed him quickly through experiences at a Wall Street law firm, a Fortune 500 company, and a stint with Joseph Alioto, Sr. in his commercial litigation firm.  Intent on developing a team of lawyers capable of handling even the most complex cases, yet maintaining strict control over quality, Mr. Furth has joined with his partners over the past four decades to create a firm engaged in a wide variety of business litigation, corporate counseling, and general corporate work.

Mr. Furth's first significant case brought both a major victory and early widespread recognition.  As counsel for a class of gypsum wallboard purchasers, Mr. Furth successfully tried and settled one of the first major antitrust cases brought solely by a private plaintiff without the benefit of any prior Justice Department action.  In the process, the firm was instrumental in creating innovative procedures to manage class actions.  Federal district court Judge Alfonso Zirpoli, who handled that case, applauded the role the Furth office played:  "[W]ithout one iota of governmental assistance, counsel, and in particular the Furth office, by diligent and unrelenting application of their skills and their labors achieved an astounding settlement of $67,640,000 ... Mr. Furth ... has been the chief architect of this entire litigation.  His success in the 'dealer' cases and his exceptional leadership, patience and steadying influence thereafter as liaison counsel for all plaintiffs let to the settlement of these cases."

Through the seventies, eighties, nineties, and the current decade, THE FURTH FIRM LLP participated in numerous class actions on behalf of both plaintiffs and defendants.  In one massive nationwide price-fixing case, the firm received a similar accolade for its role as lead counsel from Judge Carl A. Muecke:  "[M]embers of Mr. Furth's firm were involved in virtually every aspect of plaintiff's discovery efforts . . . In all of these activities, the highest caliber of legal skill was evidenced."

## History of the Firm

The firm has developed a unique blend of the aggressiveness needed by a plaintiff with complete knowledge of the law and facts of a case to serve all of its clients, whether plaintiff or defendant.  The firm's first major defense cases involved the Federal Trade Commission's attacks on Kellogg Company.  In these cases, the firm once again took the offensive, filing federal court actions against the agency.  In one of the cases, the FTC had accused Kellogg of a "shared monopoly" with the other major breakfast cereal manufacturers and sought the breakup of the company into four parts.  The case had been pending for years, and a huge record had been created.  The firm mastered that record, including the testimony of dozens of expert witnesses, and convinced the administrative law judge that the FTC's case should be thrown out.  The firm has represented Kellogg in a variety of intellectual property, regulatory and corporate matters.

A 1980 lawsuit arising out of Kirk Kerkorian's attempt to take over Columbia Pictures demonstrated the diversity of the firm's skills.  Representing Columbia Pictures, the firm, in just over a month, reversed a series of setbacks encountered by previous counsel, and secured several procedural victories which led to Kerkorian's abandonment of his two-year effort to acquire control of Columbia.

The firm's ability to temper its aggressive style with a scholarly knowledge of the law was demonstrated in its next large antitrust defense case.  Three large plywood manufacturers, having lost a trial and an appeal to the Court of Appeals for the Fifth Circuit, turned to THE FURTH FIRM LLP.  The verdict, if upheld, was estimated to have a $2 billion value.  After the firm successfully petitioned the Supreme Court for certiorari, won a partial summary judgment on damage claims, and began extensive scrutiny of the remaining damage claims, the case settled in 1982 for a small fraction of the estimated value of the judgment.

The firm's proven ability to handle the most complex of cases was again tested in antitrust cases for Southern Pacific Company and Santa Fe Pacific Corporation.  In 1983, the firm was retained to handle the private monopolization claim filed by Sprint against American Telephone & Telegraph Co., paralleling the government suit which led to the divestiture of AT&T's local operating companies.  The firm quickly developed a thorough understanding of the telecommunications industry, and effectively put that knowledge to work in arguing the case.  After the Sprint cases settled, Santa Fe Pacific Corporation brought the firm in to defend it in a multibillion dollar antitrust action.  The action resulted in one of the largest and most innovative trials ever conducted in the federal courts.  The case settled while an appeal was pending.

## History of the Firm

The firm's flexibility with regard to any legal problem enabled it to respond quickly to the call from producers Jon Peters and Peter Guber when Sony hired them to run Columbia Pictures.  With the studio facing a preliminary injunction motion filed by Warner Bros., the firm mobilized the resources necessary to begin discovery and position the case for a quick settlement.  THE FURTH FIRM LLP also expeditiously mastered complex issues involved in a representation of Chrysler Corporation.  The dispute concerned Lee Iacocca's alliance with Kirk Kerkorian in alleged corporate control matters, as they related to litigation concerning Mr. Iacocca's Chrysler stock options. Shortly after THE FURTH FIRM LLP filed its complaint against Mr. Iacocca, the case settled.

The Kellogg and Chrysler matters exemplify THE FURTH FIRM LLP's proficiency in successfully working with in-house counsel.  The firm has also been adept at working as a team with other lawyers representing similarly situated or identical clients.  The firm served as co-counsel for plaintiffs at the Sullivan v. National Football League trials involving a former football franchise owner's antitrust claims, and in the first trial, for example, the jury returned a verdict for plaintiffs of $114 million, after trebling.  THE FURTH FIRM LLP served on the steering committee of lawyers in In re Brand Name Prescription Drug Antitrust Litigation, a case in which the major pharmaceutical companies paid $716 million in settlement for the class of pharmacist plaintiffs.

Economics usually plays a useful role in both the liability and damages sides of these cases.  THE FURTH FIRM LLP is quite experienced in organizing and presenting expert testimony, particularly that of economists and accountants, as well as complex analyses of adversaries' complicated documents and arrangements.  Such analyses are individually tailored, whether for massive pharmaceutical industry materials or those required for THE FURTH FIRM LLP's representations of lawyers, including the late Melvin Belli, who were in litigation concerning dissolution of a law firm.  The firm prides itself on its capacity to handle a wide variety of matters in industries as diverse as telecommunications, food processing and movie making.

# THE FURTH FIRM LLP

## Litigation Practice Areas

### Antitrust Litigation

The firm's practice has long included representation of both plaintiffs and defendants in price-fixing, monopolization, restraint of trade, distribution, and Robinson-Patman Act matters.

### Business Litigation

THE FURTH FIRM LLP has represented litigants in virtually all areas of business litigation.  The firm has extensive trial experience in state and federal courts, and experience before foreign and domestic arbitration panels.  Such litigation and other proceedings involve the practice areas described herein, as well as administrative law, advertising, and other contractual disputes of all sorts.

### Class Action Litigation

The firm has extensive experience in the representation of consumers, investors, businesses and others in class actions involving antitrust claims, securities fraud, consumer rights, unfair competition, and other claims.

### Employer-Employee Litigation

The firm has represented employees in disputes arising from the employment relationship, including litigation over wages, overtime pay, covenants not to compete, employment agreements, appropriation of trade secrets, interference with contractual relations, and ERISA litigation.

### Intellectual Property Litigation

THE FURTH FIRM LLP's practice has included the representation of trademark, copyright, and trade secret holders in Lanham Act suits, as well as cases involving the Uniform Trade Secrets Act.  The firm has also defended clients against accusations of theft of intellectual property.

## International Law and Arbitration

THE FURTH FIRM LLP has experience in matters involving international law and international commercial arbitration.  The firm, working with local counsel in other countries, has assisted in and/or litigated a variety of international legal proceedings, including intellectual property matters in the People's Republic of China, commercial arbitration in Italy, and antitrust matters in the United Kingdom.

## Trade Regulation and Other Regulatory Matters

THE FURTH FIRM LLP has experience representing private parties in a broad range of litigated disputes and other matters involving federal agencies such as the FTC, FDA, DOJ and ICC, as well as matters involving state attorneys general and various state agencies.  These matters have pertained to advertising, food labeling, health claims, licensing, public utility regulation, deceptive trade practices, transportation rate regulation, and unfair competition.

# THE FURTH FIRM LLP

2347 Becker Boulevard
Santa Rosa, California 95403
Telephone:  (707) 526-1389
Facsimile:  (707) 526-7831

E-mail: furthfirm@furth.com

Website:  www.furth.com

## EXAMPLES OF:

## ANTITRUST, BUSINESS, CLASS ACTION, AND OTHER LITIGATION MATTERS HANDLED BY THE FURTH FIRM LLP

ANTITRUST MATTERS

**ANTITRUST MATTERS**

_____

## ANTITRUST TRIAL, ARBITRATION AND APPELLATE EXPERTISE

*American Central Eastern Texas Gas, L.P., et al. v. Union Pacific Resources Group, Inc., et al., (U.S. District Court, Eastern District of Texas, Marshall Division, Case No. 2-09-CV-0239-TJW)*

THE FURTH FIRM LLP was co-lead trial counsel for the plaintiffs in the trial of an antitrust case involving the natural gas industry. Plaintiffs alleged that defendants conspired to monopolize the gas processing market in Panola County, Texas, and also alleged Sherman Act Section 1 violations relating to an agreement in restraint of trade between Union Pacific Resources, a gas processor, along with its successor in interest, and Koch Industries, a gas gatherer, which transports gas from the wellhead to the processing plant. Following several days of a jury trial and THE FURTH FIRM LLP's cross-examination of a key defendant witness, defendant Union Pacific Resources entered into a confidential settlement and concluded the jury trial portion of the case. Another defendant, Koch Industries, settled following voir dire and before opening arguments.

Commenting to the jury, Judge T. John Ward stated the following on March 2, 2001:

"I did what these people did for a little over 30 years. You may not know it, but you have had another opportunity to see some of the finest trial advocacy that the Court has seen since I've been on the bench.

These lawyers are good. You've seen some of the top lawyers in the country here today. You've got some on the West Coast and you've got them on the East Coast . . . I do want you to know that you've seen some of the finest advocacy and professionalism that the Court has had the pleasure to see since I've been on the bench, so you got a special treat even though you might not have fully appreciated it." (See Transcript, 780-81)

Outside the presence of the jury, Judge Ward continued:

"I do mean what I said about your professionalism and the way you have handled yourself in this case. These are difficult cases. Not only have you been professional in the trial of the case, but in your preparation and handling of all matters before the Court, and you have my extreme appreciation." (See Transcript, 781).

In a subsequent arbitration related to the same case, THE FURTH FIRM LLP represented its plaintiff clients against another defendant, Duke Energy, one of the world's largest energy companies. As the Houston Business Journal reported in an article dated June 21, 2002 titled "Judge tells Duke to comply with arbitration decision in gas case," THE FURTH FIRM LLP achieved an arbitration victory against Duke. The article quotes firm

**THE FURTH FIRM LLP - 9**

attorney Thomas P. Dove about this "David and Goliath" story, and details the arbitrator's finding that Duke was engaging in illegal monopolistic practices and his order requiring Duke to supply the plaintiffs with additional natural gas processing capacity.

In a subsequent appellate proceeding before the United States Court of Appeals for the Fifth Circuit, THE FURTH FIRM LLP successfully persuaded the court to uphold plaintiffs' previous victories against Duke before the arbitrator and the trial judge that confirmed the arbitration award. See American Cent. Eastern Texas Gas Co. v. Union Pacific Resources Group, Inc., 2004 WL 136091 (5th Cir. 2004). This appellate victory was featured in the lead story in the February 6, 2004 issue of BNA's Antitrust & Trade Regulation Report in an article titled "Award in Section 2 Gas Industry Arbitration is Upheld by Fifth Circuit."

## ANTITRUST FEDERAL CLASS ACTIONS

### *In re Intel Corporation Microprocessor Antitrust Litigation (U.S. District Court, District of Delaware) (Judicial Panel on Multidistrict Litigation No. 1717)*

THE FURTH FIRM LLP was appointed co-interim class counsel in this nationwide antitrust class action on brought on behalf of a putative class of indirect purchasers of Intel x86 microprocessors.  Plaintiffs allege that defendant Intel monopolized the x86 microprocessor market through unlawful predatory practices that injured its main competitor – AMD – and in turn caused consumer end-users to pay higher prices for Intel microprocessors and restricted their freedom of choice to purchase AMD microprocessors.

### *In re: Publication Paper Antitrust Litigation (U.S. District Court, District of Connecticut, Case No. 3:04-md-1631) (Judicial Panel on Multidistrict Litigation No. 1631)*

THE FURTH FIRM LLP was appointed co-chair of the plaintiffs' counsel Executive Committee in this nationwide antitrust class action. The plaintiffs are printing companies that are direct purchasers of publication paper, which is used to print magazines among other products. Plaintiffs allege that the defendants, who are among the world's largest paper manufacturers, conspired to illegally fix the price of publication paper sold in the United States.

### *In re: High Pressure Laminates Antitrust Litigation (U.S. District Court, Southern District of New York, Master File No. 00-MD-1368 CLB) (Judicial Panel on Multidistrict Litigation No. 1368)*

THE FURTH FIRM LLP was appointed co-lead counsel for the plaintiffs in this nationwide antitrust class action brought on behalf of the direct purchasers of high pressure decorative laminates. Plaintiffs allege that the defendant manufacturers— Wilsonart, Formica, and International Paper Company (IPC)—conspired to fix the price of high pressure laminates sold in the United States in violation of Section 1 of the

Sherman Act.  High pressure decorative laminates are created by fusing sheets of paper or synthetic materials under high pressure to create a hard, durable, versatile commodity widely used for surfacing kitchen and bathroom countertops, furniture, flooring, automotive and aerospace components, among other things. bowling alleys, and store fixtures.  Plaintiffs obtained settlements from various defendants exceeding $40 million.

### *In re: Microcrystalline Cellulose Antitrust Litigation (U.S. District Court, Eastern District of Pennsylvania, Master File No. 01-CV-111) (Judicial Panel on Multidistrict Litigation No. 1402)*

THE FURTH FIRM was Class Counsel for the Food Purchasers Class in this class action brought on behalf of direct purchasers of microcrystalline cellulose, or MCC, a substance made from wood pulp and used as a food ingredient (for texturizing, emulsifying and fat replacement) and in the manufacture of pharmaceuticals and vitamins. The plaintiffs alleged that the two defendants, FMC Corporation, a Philadelphia-based corporation, and Asahi-Kasei Corp., a Japanese corporation, violated U.S. antitrust laws (Section 1 of the Sherman Act) by conspiring to divide markets for MCC, such that FMC agreed not to compete in Asia-Pacific markets and Asahi agreed not to compete in Europe and the United States. The complaint alleged that the conspiracy gave FMC an artificial monopoly in the United States between 1984 and 1997 that allowed FMC to charge supra-competitive prices for MCC.  On November 17, 2006, the United States District Court for the Eastern District of Pennsylvania gave final approval to a $25 million settlement with FMC; the court had previously approved a $25 million settlement with Asahi, bringing the total settlements to $50 million.

### *In re: Insurance Brokerage Antitrust Litigation; In re Employee-Benefit Insurance Brokerage Antitrust Litigation (U.S. District Court, District of New Jersey, Case Nos. 2:04-cv-5184 FSH and 2:05-cv-1079 FSH) (Judicial Panel on Multidistrict Litigation No. 1663)*

THE FURTH FIRM LLP was among the counsel for plaintiffs in this nationwide class action brought on behalf of clients of insurance brokerages including Marsh, Inc. and Aon Corporation. Plaintiffs alleged that the defendant brokerages, as well as numerous defendant insurance defendant insurance companies, conspired to allocate brokerage customers and rig bids for the placement of insurance policies. Plaintiffs further alleged that the brokerages unlawfully received secret contingent commission payments from the insurer defendants which were not properly disclosed to the brokerage's clients. Plaintiffs asserted claims under federal and state antitrust laws, as well as under the Racketeer Influenced Corrupt Organizations Act ("RICO"), and state law claims for unfair and/or deceptive trade practices and breach of fiduciary duty and unjust enrichment.

One of the firm's clients in the this case was the Golden Gate Bridge, Highway and Transportation  District, the operator of the world famous Golden Gate Bridge.

_____

***In re Dynamic Random Access Memory (DRAM) Antitrust Litigation (U.S. District Court, Northern District of California, Case No. M-02-1486 PJH) (Judicial Panel on Multidistrict Litigation No. 1486)***

>THE FURTH FIRM LLP was appointed to the Plaintiffs' Executive Committee representing a putative nationwide class of indirect purchasers of DRAM. Plaintiffs allege that the defendants, who are among the world's largest manufacturers of DRAM, conspired to illegally fix the price of DRAM sold in the United States, causing consumers and others to pay more for DRAM and products containing DRAM than would have been the case in the absence of the conspiracy.

**Nurse Wages Cases:** *Reed, et al. v. Advocate Healthcare, Inc. et al., (U.S. District Court, Northern District Illinois, No. 06-C 3337); Clarke, et al. v. Baptist Memorial Healthcare Corporation, et al , (U.S. District Court, Western District of Tennessee, No. 06-2377); Maderazo, et al. v. Vanguard Health Systems a/k/a/ Baptist Health Systems, et al., (U.S. District Court, Western District of Texas); Unger et al. v. Albany Medical Center, et al. (U.S. District Court, Northern District of New York)*

>In these four separate cases, each of which alleges that in their particular markets the named defendant healthcare providers have conspired to both fix and depress wages being paid to the firm's clients, the nurse plaintiffs, THE FURTH FIRM LLP was co-lead counsel of record, and in the Reed matter functioned as Lead Counsel for all pre-trial purposes.

***In re: Cotton Yarn Antitrust Litigation (U.S. District Court, Middle District of North Carolina, Case No. 1:04MD1622) (Judicial Panel on Multidistrict Litigation No. 1622)***

>THE FURTH FIRM LLP was among the counsel for plaintiffs in this nationwide class action brought on behalf of direct purchasers of certain types of cotton yarn and polycotton yarn. Plaintiffs allege that several defendant manufacturers conspired to fix the prices of cotton yarn and polycotton yarn in violation of the Sherman Act. These products are utilized in connection with the manufacture of items such as home furnishings, apparel, industrial fabrics, automotive components, upholstery, hosiery and sewing thread.

***In re: Urethane Antitrust Litigation (U.S. District Court, District of Kansas, Case No. 2:04-md-01616-JWL) (Judicial Panel on Multidistrict Litigation No. 1616)***

>THE FURTH FIRM LLP was among the counsel for plaintiffs in this nationwide class action brought on behalf of direct purchasers of urethanes and urethane chemicals. These products are used to manufacture foam and non-foam polyurethane products, including flexible foam, rigid foam, cast elastomers, thermoplastic polyurethane elastomers, surface coatings, adhesives and sealants, polyurethane fibers, and other polyurethane products. Plaintiffs allege that the defendant manufacturers of urethanes and urethane chemicals conspired to fix prices in violation of the Sherman Act.

**ANTITRUST MATTERS**

---

### *In re: Foundry Resins Antitrust Litigation (U.S. District Court, Southern District of Ohio, Case No. 2:04-md-01638) (Judicial Panel on Multidistrict Litigation No. 1638)*

THE FURTH FIRM LLP was among the counsel for plaintiffs in this nationwide class action brought on behalf of all entities and individuals that purchased certain resins for joining sand and other materials used to make sand cores and molds for metal casting ("foundry resins") from Defendants. Plaintiffs allege that Defendants conspired to illegally fix the prices of foundry resins in violation of the Sherman Act.

### *Fairhaven Power Company v. Encana Corporation, et al. (U.S. District Court, Eastern District of California, Case No. CIV F 04 6256 OWW LJO)*

THE FURTH FIRM LLP was among the counsel for plaintiffs in this class action brought on behalf of all business entities in California that directly purchased natural gas in California and/or at the California border from one or more of the defendants, including Reliant Energy Services, Inc., Duke Energy, and El Paso Corporation. Plaintiffs allege that defendants and their co-conspirators conspired to fix the price of natural gas.

### *Allied Orthopedic Appliances, Inc., et al. v. Tyco Health Care Group L.P., et al. (U.S. District Court, Central District of California, Master File No. CV-05-6419 MRP (AJWx))*

THE FURTH FIRM LLP was among the counsel for plaintiffs in this nationwide class action brought on behalf of hospitals, nursing homes, and other medical facilities that purchased pulse oximetry equipment directly from Tyco Healthcare L.P. or its subsidiaries, Nellcor Puritan Bennett and Mallinckrodt, Inc. Plaintiffs allege that defendants conspired to fix the prices of pulse oximetry sensors and cables, engaged in various anticompetitive bundling practices that involved unrelated Tyco products, and used OEM "co-marketing" agreements to obtain and maintain monopoly power in the relevant markets by blocking its rivals' access to these markets.  Plaintiffs further allege that Tyco's conduct impaired and/or excluded competitors from the relevant markets even where rival products were superior to and/or less expensive than Tyco's.

### *Azizian, et al. v. Federated Department Stores, Inc., et al. (U.S. District Court, Northern District of California, Case No. 3:03 C 03359 SBA)*

THE FURTH FIRM LLP was among the counsel for plaintiffs in this nationwide class action brought on behalf of consumers that purchased "department store cosmetics products" made by, or sold by, numerous defendants including Neiman-Marcus, Nordstrom, Saks, Target, Estee Lauder, L'Oreal, Christian Dior and Chanel. Plaintiffs allege that the defendants conspired to fix the prices of department stores cosmetics products.

The defendants agreed to settle this case by making available to consumers free department stores cosmetics with a total retail value of $175 million.

_____

***Young, et al. v. Federated Department Stores, Inc., et al. (U.S. District Court, Northern District of California, Case No. 3-04-3514-VRW)***

> THE FURTH FIRM LLP was counsel for plaintiffs in this nationwide class action brought on behalf of consumer purchasers of tableware products, which consist generally of dinnerware (china), crystal stemware, glassware, flatware (sterling and stainless), and giftware. The defendants were Federated Department Stores, Inc. (which owns Macy's and Bloomingdale's among other stores), The May Department Stores Company (which owns Lord & Taylor, Marshall Field's and Robinson's May among other stores), Lenox, Inc. and Waterford Wedgwood, USA. Plaintiffs alleged that the defendants conspired to restrain the sale of tableware products to retailer Bed, Bath & Beyond so as to eliminate and suppress competition in the sale of tableware to consumers in the United States.

***Thomas & Thomas Rodmakers, Inc., et al. v. Newport Adhesives & Composites, Inc. (U.S. District Court, Central District of California, Case No. CV-99-07796)***

> THE FURTH FIRM LLP was counsel for plaintiffs in this nationwide class action suit against the world's leading manufacturers of carbon fiber. Plaintiffs allege that the defendants conspired to fix the price of carbon fiber in the United States. THE FURTH FIRM LLP filed suit on behalf of clients including a leading golf shaft manufacturer which uses carbon fiber in its products.  Various  defendants settled for a total amount of $32.75 million.

***In re: NBR Antitrust Litigation (U.S. District Court, Western District of Pennsylvania, Case No. 03-1898)***

> THE FURTH FIRM LLP was counsel for plaintiffs in this nationwide class action brought on behalf of direct purchasers of acrylonitrile-butadiene rubber ("NBR"). NBR is commonly used in the industrial and automotive rubber products industries. Plaintiffs allege that the defendants conspired to fix the prices of NBR in violation of the federal antitrust laws.

***In re: Auction Houses Antitrust Litigation (U.S. District Court, Southern District of New York, Master File No. OO Civ. 0648 LAK)***

> THE FURTH FIRM LLP was appointed interim co-lead counsel for the plaintiffs in this nationwide class action against the defendant auction houses Christie's and Sotheby's for violation of U.S. antitrust laws. The complaint alleges that the defendants engaged in illegal price fixing of the fees and commissions on non-internet auctions of, among other articles, fine and decorative art, antiques, furniture, collectibles, paintings, wine, jewelry, coins, stamps, vintage automobiles, sports and celebrity memorabilia and books.

> The defendants settled for $412 million in cash and an additional $100 million in auction certificates.

_____

***In re: Brand Name Prescription Drugs Antitrust Litigation (U.S. District Court, Northern District of Illinois); Pharmaceutical Cases I, II, and III (Calif. Superior Court, City and County of San Francisco)***

THE FURTH FIRM LLP was appointed to the plaintiffs' counsel Steering Committee and represented plaintiff classes of retail pharmacists in antitrust class action litigation in both federal and state court, alleging price fixing of brand name prescription drugs by two dozen of the world's largest pharmaceutical manufacturers and wholesalers. THE FURTH FIRM LLP also was the court-appointed lead counsel in the California litigation.

All but five of the defendant manufacturers agreed to settle with the pharmacists, for over $700 million, plus commitments with respect to future pricing practices.

## CALIFORNIA ANTITRUST ACTIONS

***California Indirect Purchaser MSG Antitrust Cases (Superior Court, City and County of San Francisco, Case No. 304471)***

THE FURTH FIRM LLP was appointed to the plaintiffs' counsel Executive Committee in this class action brought on behalf of California indirect purchasers of Food Flavor Enhancers, which include the products Monosodium Glutamate ("MSG"), Diosodium Inosinate ("DSI" or "IMP"), Diosodium Guanylate ("DSG" or "GMP"), and the combination of IMP and GMP ("I&G"). IMP, GMP, and I&G are also known as nucleotides. Nucleotides are organic compounds used in soups, sauces, spices and other foods to enhance their flavor. Plaintiffs alleged that the defendants conspired to fix the prices of Food Flavor Enhancers.

The defendants agreed to settle this litigation for a total of $10,590,000 in cash and an additional $600,000 in food products for donation to a food bank.

***In re Laminate Cases (Calif. Superior Court, City and County of San Francisco) (J.C.C.P. No. 4129)***

THE FURTH FIRM LLP was appointed to the plaintiffs' counsel Executive Committee in this class action brought on behalf of California indirect purchasers of high pressure decorative laminates. These cases alleged that defendant manufacturers – Wilsonart, Formica, and International Paper Company – conspired to fix the price of high pressure laminates sold in the United States in violation of Section 1 of the Sherman Act. A $1 billion industry in the United States, high pressure decorative laminates are created by fusing sheets of paper or synthetic materials under high pressure to create a hard, durable, versatile commodity widely used for surfacing kitchen and bathroom countertops, furniture, flooring, bowling alleys, store fixtures, and automotive and aerospace components, among other things.

Various defendants settled for a total amount of $4,500,000.

_____

### *Vitamin Cases (Calif. Superior Court, City and County of San Francisco) (J.C.C.P. No. 4076)*

THE FURTH FIRM LLP was appointed to the plaintiffs' counsel Executive Committee in this class action brought on behalf of California indirect purchasers of vitamins against domestic and foreign manufacturers of vitamin products. Plaintiffs alleged that the defendant drug companies – including Hoffmann-LaRoche, Rhone-Poulenc and BASF – conspired to fix prices, allocate sales and allocate customers.

Numerous defendants settled for a total of approximately $80 million.

### *3M Transparent Tape Cases (Calif. Superior Court, City and County of San Francisco) (J.C.C.P. No. 4338)*

THE FURTH FIRM LLP was co-lead counsel for the plaintiffs in a class action brought on behalf of California purchasers of 3M's transparent tape. Plaintiffs allege that 3M unlawfully maintained a monopoly in the market for invisible and transparent home and office tape through various arrangements, contracts, agreements, trusts and combinations in restraint of trade designed primarily to restrict the availability of lower priced transparent tape products to consumers and to maintain high retail prices for its Scotch Brand retail products.

Plaintiffs agreed to settle this case as a part of a national settlement valued at approximately $42 million in which 3M resolved several related cases pending against it.

### *Smokeless Tobacco Cases I-IV (Calif. Superior Court, City and County of San Francisco) (J.C.C.P. Nos. 4250, 4258, 4259 & 4262)*

THE FURTH FIRM LLP was appointed to the plaintiffs' counsel Executive Committee in this class action brought on behalf of California consumers who purchased moist snuff smokeless tobacco products manufactured by the defendant United States Tobacco Company ("UST") and its affiliated subsidiaries. Plaintiffs allege that UST engaged in unlawful conduct intended to preserve its monopoly in the moist snuff smokeless tobacco market. The trial court granted plaintiffs' motion for class certification on December 9, 2003.

### *Neoprene Cases (Calif. Superior Court, Los Angeles County) (J.C.C.P. No. 4376)*

THE FURTH FIRM LLP was appointed to the plaintiffs' counsel Executive Committee in this class action brought on behalf of California indirect purchasers of polychloroprene, also known as chloroprene rubber, PCP, and neoprene. Polychloroprene is a synthetic elastomer used in the manufacture of a variety of goods including conveyor belts, cables, shoes, wetsuits and a variety of goods requiring a flexible synthetic rubber with stiff resistance to temperature changes and other weather conditions. Plaintiffs allege that the defendants conspired to fix the price of polychloroprene in violation of California's Cartwright Act and unfair competition law.

Plaintiffs obtained settlements in the amount of $4,673,000.

### Competition Collision Center v. Crompton Corporation, et al. (Calif. Superior Court, City and County of San Francisco, Case No. CGC-04-431278)

THE FURTH FIRM LLP was counsel for plaintiffs in this class action brought on behalf of California indirect purchasers of plastics additives, meaning heat stabilizers, impact modifiers, and processing aids used to manufacture or process plastics. Plaintiffs allege that the defendants conspired to fix the price of plastics additives in violation of California's Cartwright Act and unfair competition law.

### NBR Cases (Calif. Superior Court, City and County of San Francisco) (J.C.C.P. No. 4369)

THE FURTH FIRM LLP was counsel for plaintiffs in this class action brought on behalf of California indirect purchasers of acrylonitrile-butadiene rubber ("NBR"). NBR is commonly used in the industrial and automotive rubber products industries. Plaintiffs allege that the defendants conspired to fix the prices of NBR in violation of California's Cartwright Act and unfair competition law.

Plaintiffs obtained settlements in the amount of $3,239,000.

### Urethane Cases (Calif. Superior Court, City and County of San Francisco) (J.C.C.P. No. 4367)

THE FURTH FIRM LLP was appointed to the plaintiffs' counsel Executive Committee in this class action brought on behalf of California indirect purchasers of urethanes and urethanes chemicals, which are used to produce polyurethane products, including foams, solid polyurethanes, coatings, adhesives, sealants and elastomers. They are used in a wide variety of products, including paints and varnishes, carpet, cushions, packaging foam, insulation, footwear, medical devices, bedding, and other textiles. Plaintiffs allege that the defendants conspired to fix the prices of urethanes and urethanes chemicals in violation of California's Cartwright Act and unfair competition law.

### Villa, et al. v. Crompton Corporation, et al. (Calif. Superior Court, City and County of San Francisco, Case No. CGC-03-419116)

THE FURTH FIRM LLP was appointed co-lead counsel for plaintiffs in this class action brought on behalf of California indirect purchasers of ethylene propylene diene monomer ("EPDM"), which is one of the most widely used synthetic rubbers. EPDM is used extensively in the automotive industry, including in weather stripping and seals, glass-run channels, radiators, tubing, hoses, belts, and electrical insulation. Plaintiffs allege that the defendants conspired to fix the price of EPDM in violation of California's Cartwright Act and unfair competition law.

Plaintiffs have obtained settlements from various defendants in the amount of $3,730,000 and this case is continuing.

*Automobile Antitrust Cases I, II (Calif. Superior Court, City and County of San Francisco) (J.C.C.P. Nos. 4298 and 4303)*

> THE FURTH FIRM LLP was appointed to the plaintiffs' counsel Executive Committee in this class action brought on behalf of California purchasers of new cars. Plaintiffs allege that the defendant car manufacturers conspired to stabilize and maintain the prices for new vehicles sold or leased in California by preventing new vehicles sold in Canada from being imported into the United States. Plaintiffs allege that the defendants violated California's Cartwright Act and unfair competition law.

*Carbon Black Cases (Calif. Superior Court, City and County of San Francisco) (J.C.C.P. No. 4323)*

> THE FURTH FIRM LLP was appointed to the plaintiffs' counsel Executive Committee in this class action brought on behalf of California indirect purchasers of carbon black, an engineered carbon compound made primarily from petroleum-based feedstock. Carbon black is used in the manufacturer of products including tires and industrial rubber products, including automotive hoses, belts, gaskets, weather stripping, molding, sheeting, and engine mounts. Plaintiffs allege that the defendants conspired to fix the prices of carbon black in violation of California's Cartwright Act and unfair competition law.

*Electrical Carbon Products Cases (Calif. Superior Court, City and County of San Francisco) (J.C.C.P. No. 4294)*

> THE FURTH FIRM LLP was counsel for the plaintiffs in this class action brought on behalf of California indirect purchasers of electrical carbon products, which are carbon brushes and current collectors used in the manufacture of direct current electric motors, automotive applications and other transit applications, as well as consumer products, and also refers to mechanical carbon products for use in pump and compressor industries. Plaintiffs allege that the defendants conspired to fix the prices of electrical carbon products in violation of California's Cartwright Act and unfair competition law.

*Abid, et al. v. Grosvenor Bus Lines, Inc., et al. (Calif. Superior Court, City and County of San Francisco, Case No. CGC-03-424619)*

> THE FURTH FIRM LLP was lead counsel for plaintiffs in this class action brought on behalf of hotel employees and other sales agents who are paid by commission for selling sightseeing bus tours of San Francisco and other nearby tourist destinations. The suit alleged that the three major San Francisco sightseeing tour operators, Grosvenor Bus Lines, Inc. dba Coach USA, Inc./Gray Line San Francisco Sightseeing, Tower Tours LLC, and SF Navigatour, Inc. dba Super Sightseeing Tours, agreed to price-fix the commissions they pay to the sales agents and to jointly lower the commissions to anticompetitive levels in violation of California's Cartwright Act and unfair competition law.

_____

Various defendants agreed to settle this case for a total amount of  $3,115, 000.

## OTHER STATE ANTITRUST ACTIONS

### Alaska Antitrust Actions

*Alakayak, et al. v. All American Seafoods, Inc., et al (Alaska Superior Court, Third Judicial District at Anchorage, Case No. 3AN-95-4676 CIV)*

THE FURTH FIRM LLP was appointed co-class counsel for plaintiffs in a class action brought on behalf of salmon fishermen in Bristol Bay, Alaska against salmon processors and importers. Plaintiffs alleged that the defendants conspired to depress the prices paid to the fishermen for salmon in violation of Alaska's antitrust laws.

Numerous defendants settled for a total amount of approximately $40 million.

### Kansas Antitrust Actions

*McGraw, et al. v. Minnesota Mining and Manufacturing Company (3M) (District Court of Johnson County, Kansas, Case No. 04-CV-7946)*

THE FURTH FIRM LLP was co-lead counsel for the plaintiffs in a class action brought on behalf of Kansas purchasers of 3M's transparent tape. Plaintiffs allege that 3M unlawfully maintained a monopoly in the market for invisible and transparent home and office tape through various arrangements, contracts, agreements, trusts and combinations in restraint of trade designed primarily to restrict the availability of lower priced transparent tape products to consumers and to maintain high retail prices for its Scotch Brand retail products.

Plaintiffs agreed to settle this case as a part of a national settlement valued at approximately $42 million in which 3M resolved several related cases pending against it.

### Wisconsin Antitrust Actions

*Talabac, et al. v. Minnesota Mining and Manufacturing Company (3M) (Circuit Court of Milwaukee County, Wisconsin, Case No. 04CV007826)*

THE FURTH FIRM LLP was co-lead counsel for the plaintiffs in a class action brought on behalf of Wisconsin purchasers of 3M's transparent tape. Plaintiffs allege that 3M unlawfully maintained a monopoly in the market for invisible and transparent home and office tape through various arrangements, contracts, agreements, trusts and combinations in restraint of trade designed primarily to restrict the availability of lower priced transparent tape products to consumers and to maintain high retail prices for its Scotch Brand retail products.

Plaintiffs agreed to settle this case as a part of a national settlement valued at approximately $42 million in which 3M resolved several related cases pending against it.

***Feuerabend v. UST, Inc. et al. (Wisconsin Circuit Court, Milwaukee County, Case No. 02-CV-7124)***

THE FURTH FIRM LLP was co-lead counsel in a class action brought on behalf of Wisconsin consumers who purchased moist snuff smokeless tobacco products manufactured by the defendants. Plaintiff alleges that the defendants violated the Wisconsin Antitrust Law by attempting to monopolize, and monopolizing, the market for moist snuff smokeless tobacco resulting in fewer choices of competing moist snuff smokeless tobacco products and supra-competitive prices for consumers. On May 10, 2004, the court granted plaintiff's motion for class certification.

BUSINESS TORT ACTIONS

*Silicon Valley Bank Cases (U.S. District Court, Central District of California)*

In 2003 and 2004, Silicon Valley Bank, a subsidiary of publicly-traded SVB Financial Group (NASDAQ:  SIVB), requested THE FURTH FIRM LLP to assist it as a plaintiff in a series of pending bad-faith insurance coverage cases against various insurance companies including AIG and AXA entities.  These cases involved claims that the insurers improperly denied coverage under insurance policies that covered the bank's loans to entities involved in the production of several motion pictures.  These cases were resolved on confidential terms.

*Business Tort Action - Pharmaceutical Industry (Calif. Superior Court, San Mateo County)*

THE FURTH FIRM LLP represented a corporate plaintiff alleging tortuous interference with contractual relations involving pharmaceutical technology in the development of a cancer drug. The defendants were charged with interfering with a license agreement, among other things.

*Business Tort, Breach of Contract, Unfair Competition Action (U.S. District Court, Northern District of California; Calif. Superior Court, City and County of San Francisco)*

THE FURTH FIRM LLP represented the plaintiff in this case involving claims for breach of fiduciary duties, fraud, fraudulent concealment, breach of contract, interference with prospective economic advantage, unfair competition and conspiracy to breach fiduciary duties. The firm also defended the same client against claims by the defendant and other parties, which included allegations of unfair competition, private nuisance, interference with prospective economic advantage and business relations, and breach of contract.

*Business Tort and Other Claims Arising out of Sale of Business (U.S. District Court, Northern District of California; American Arbitration Association, San Francisco, California)*

THE FURTH FIRM LLP defended a party in an arbitration proceeding and in a federal court proceeding involving disputes surrounding the sale of part of a business. The case included allegations of fraud, negligent misrepresentation, breach of fiduciary duty and securities violations.

*Age Discrimination Litigation (Arizona Superior Court, Maricopa County; U.S. District Court, District of Arizona)*

These related state and federal cases, in which THE FURTH FIRM LLP represented over 30 employees, involved the employees' claims of age discrimination in employment, arising out of reductions in the workforce conducted by the defendant.

*Telecommunications Litigation (Texas District Court, Jefferson County)*

Utilizing its substantial telecommunications experience in local exchange market issues, THE FURTH FIRM LLP successfully settled a class action contract case in which it was

co-lead counsel on behalf of a class of 57 Texas municipalities. The case involved enforcement of the cities' franchise ordinances providing for the payment of fees for the use of the streets.

### Bankruptcy Court Proceedings (U.S. District Bankruptcy Court, Middle District of Florida)

THE FURTH FIRM LLP defended a party in an adversary proceeding in bankruptcy court involving claims for past due royalties under a trademark license agreement. The case settled during the pendency of the party's appeal from an adverse judgment following a week-long bench trial.

### Business Tort, Breach of Contract, Unfair Competition Action (Calif. Superior Court, City and County of San Francisco)

In this case, THE FURTH FIRM LLP represented a plaintiff food company in a complex action for breach of contract, fraud, negligence and interference with business relations. The plaintiff alleged that various defendants failed to promote its food products as required by certain contractual, fiduciary and other obligations, and that they interfered with ongoing and prospective business relationships of the plaintiff. The matter settled prior to trial.

### Breach of Contract - Arbitration Action (American Arbitration Association, Dallas, Texas)

THE FURTH FIRM LLP represented a party in a binding arbitration before a single arbitrator of the American Arbitration Association. This arbitration arose out of the sale of the stock of a company by our client and others to another company. The latter company sought to recover a portion of an escrow fund that was created pursuant to the stock purchase agreement.

### Fiduciary duty claims (U.S. District Bankruptcy Court, Eastern District of New York)

THE FURTH FIRM LLP represented a former chief executive officer and directors of a company in this action against them for, among other claims, breach of fiduciary duty in connection with a leveraged buy-out.

### Insurance Coverage Litigation (Calif. Superior Court, Marin County)

This action arose out of a claim for reimbursement by a plaintiff insurance company for sums paid under a directors and officers' liability policy in settlement of a securities-related class action. THE FURTH FIRM LLP represented the defendant, who obtained a declaration of coverage under the policy on summary judgment. The Ninth Circuit remanded, and the action was ultimately refiled in state court, where it settled.

**BUSINESS TORT ACTIONS**

---

### *Warner Bros., Inc. v. Sony Corp. (Calif. Superior Court, Los Angeles County)*

This was a lawsuit arising from Sony Corp.'s purchase of Columbia Pictures and its hiring of Peter Guber and Jon Peters to run that studio. Warner Bros. claimed breach of a long-term agreement. THE FURTH FIRM LLP represented Messrs. Guber and Peters in this action. The case settled before any depositions occurred, with the clients free to become the chief executives of Columbia.

### *Breach of Contract, Noncompetition Clause Action (U.S. District Court, Middle District of Tennessee)*

THE FURTH FIRM LLP represented a manufacturer of sewing machines in a suit involving contractual disputes arising out of its purchase of defendant's business. A preliminary injunction was obtained concerning the parties' non-competition clauses. The case settled.

### *Trade Secret Theft, Trade Disparagement Action (Ilinois Circuit Court, Cook County; U.S. District Court, Northern and Central Districts of California; U.S. Court of Appeals, 7th Circuit)*

THE FURTH FIRM LLP represented one of the top financial printers in various litigation involving competitors in the same business category. The disputes concerned allegations of stealing trade secrets and employees, as well as trade disparagement and RICO violations. The RICO causes of action filed by THE FURTH FIRM LLP survived motions to dismiss. Settlements were reached in all cases.

### *Business Tort and Breach of Contract Actions (Calif. Superior Court, San Mateo County; U.S. District Court, Northern District of California; U.S. Court of Appeals, 9th Circuit)*

THE FURTH FIRM LLP represented a company that had been in the business of container shipping and sued other shipping firms for breach of contract, antitrust violations, and breach of fiduciary duties. The federal case involved complex issues of Federal Maritime Commission regulation and bankruptcy law. The state case raised federal preemption issues. It involved numerous appeals, including a seminal opinion by the California Supreme Court on choice of law issues.

### *ERISA Litigation (U.S. District Court, Central District of California; U.S. Court of Appeals, 9th Circuit)*

This case involving issues of ERISA law, concerned the leveraged buyout of a corporation by a company ESOP and whether the persons who approved that transaction (which involved a consolidation of existing profit sharing plans) violated their fiduciary duties under ERISA.

THE FURTH FIRM LLP  -  24

BUSINESS TORT ACTIONS

*Unfair Trade Practices Actions (Calif. Superior Court, Fresno County)*

THE FURTH FIRM LLP has represented one of the nation's largest producers of table wine since the early 1980s in a variety of lawsuits. The resultant trials and appellate opinions dealt with many important issues of California law including the scope of the statute of frauds and its exceptions, interpretation of several key provisions of the Uniform Commercial Code, the right to restitutionary and injunctive relief under the state unfair trade practices act, and the use of collateral estoppel.

CLASS ACTION LITIGATION

_____

*Winery Limited Partnership Litigation (Calif. Superior Court, Sonoma County)*

THE FURTH FIRM LLP was lead counsel in this securities fraud case brought on behalf of a nationwide class of investors in limited partnerships formed to purchase and operate wineries. The case was settled favorably to the class.

*Telecommunications Litigation (Texas District Court, Jefferson County)*

Utilizing its substantial telecommunications experience in local exchange market issues, THE FURTH FIRM LLP successfully settled a class action contract case in which it was co-lead counsel on behalf of a class of 57 Texas municipalities. The case involved enforcement of the cities' franchise ordinances providing for the payment of fees for the use of the streets.

*Industrial Revenue Bond Litigation (U.S. District Court, District of Arizona)*

THE FURTH FIRM LLP represented the plaintiff class in a securities fraud class action by purchasers of industrial revenue bonds that were intended to finance the development of a residential care facility and nursing home. The case was settled on a favorable basis, against most of the defendants, along with a related case involving a separate, but similar bond issue.

*Mortgage Fund Limited Partnership Litigation (U.S. District Court, District of Arizona)*

This was a securities fraud class action by purchasers of limited partnership interests in blind pool mortgage funds. The complaint alleged an elaborate ponzi scheme whereby monies obtained from investors were used to pay distributions to investors in prior limited partnerships. THE FURTH FIRM LLP represented the plaintiff class, which was certified. This case settled while summary judgment motions were pending.

*Real Estate Limited Partnership Litigation (U.S. District Court, Northern District of Texas)*

In a securities fraud class action by purchasers of interests in 121 limited real estate partnerships, THE FURTH FIRM LLP, together with two other counsel, represented the class. The district court's opinions granting class certification and denying summary judgment are highly favorable to securities plaintiffs and deal with a host of important issues, such as classwide proof of reliance and causation, typicality of claims, statutes of limitations, scienter and materiality. The case was settled favorably for our clients.

LABOR LITIGATION

**California Wal-Mart Litigation:** *Savaglio, et al. v. Wal-Mart Stores, Inc., et al. (Calif. Superior Court, Alameda County)*

On December 22, 2005, after a three and a half month jury trial in Alameda County Superior Court, THE FURTH FIRM LLP, sole counsel for the plaintiffs, obtained a class action verdict on behalf of 115,919 California hourly Wal-Mart workers.   The jury awarded $57,268,673 in statutory penalties for Wal-Mart's failure to provide meal breaks, and $115 million in punitive damages.

The *National Law Journal*, in its issue dated February 20, 2006, ranked this verdict as the tenth largest of 2005 and the largest verdict in an employment case in 2005.  Legal commentators have described the verdict as "stunning," "ground breaking," "important," and "influential."

The verdict, believed to be the largest in history against Wal-Mart, and the first time a California jury awarded punitive damages in a wage and hour class action, was reported around the world. The precedent-setting verdict was covered by news organizations such as *The New York Times, The Wall Street Journal, The Los Angeles Times*, *The Washington Post*, *The San Francisco Chronicle, Taipei Times, Reuters India, Agence France-Presse, North Korea Times* and *The Irish Examiner*.  Numerous national and local television and radio programs interviewed the firm's attorneys, including *CNN, The Today Show*, *Good Morning America*, *CBS Early Show*, *National Public Radio*, and *Mornings on 2*.

THE FURTH FIRM subsequently conducted a bench trial on the issue of injunctive relief, and the litigation is continuing.

**Massachusetts Wal-Mart Litigation:** *Salvas, et al. v. Wal-Mart Stores, Inc.*, *(Massachusetts Superior Court, Middlesex County)*

THE FURTH FIRM LLP pursued a class action on behalf of Massachusetts Wal-Mart hourly employees.  Plaintiffs alleged that Wal-Mart deprived its hourly workers of earned wages in a variety of ways similar to the allegations in the firm's California cases.

# INTELLECTUAL PROPERTY LITIGATION

*Trademark Infringement and Dilution Action (U.S. District Court, District of Minnesota)*

THE FURTH FIRM LLP represented a Fortune 500 defendant sued for trademark infringement and dilution under the Lanham Act and state unfair competition laws. The plaintiff filed a motion for a preliminary injunction, seeking to enjoin the defendant's nationwide launch of an innovative new food product. THE FURTH FIRM LLP expeditiously assembled and submitted to the court extensive evidence, including survey evidence, supporting the defendant's opposition to the motion for a preliminary injunction. After presentation of oral argument on the motion, the court denied the plaintiff's motion from the bench.

*Trademark Infringement and Dilution Action (U.S. District Court, Western District of Tennessee; U.S. Court of Appeals, 6th Circuit)*

THE FURTH FIRM LLP represented the plaintiff in this case, which involved a famous trademark and claims for trademark infringement, trademark dilution and abandonment under the Lanham Act, as well as state common law claims.

*Trademark and Trade Dress Infringement, Unfair Competition Action (U.S. District Court, Northern District of California; U.S. Court of Appeals, 9th Circuit)*

THE FURTH FIRM LLP represented a plaintiff winery in this case, which involved, among others, claims for trademark and trade dress infringement under the Lanham Act, and state common law claims. This case pertained to the labeling and packaging of bottled wine products.

*Trade Secret Misappropriation Action (Michigan Circuit Court, Calhoun County; U.S. District Court, Western District of Michigan)*

THE FURTH FIRM LLP represented the plaintiff in this case, which brought claims for breach of contract and misappropriation of trade secret information. This action was initially filed in Michigan state court and pertained to the product formulations and manufacturing processes for food products. During discovery, THE FURTH FIRM LLP uncovered new evidence which enabled the plaintiff to amend its complaint to assert additional claims for unfair competition under the Michigan Consumer Protection Act and the Lanham Act. Shortly after the plaintiff amended its complaint, the matter was removed to federal court and settled.

*Trade Secret Misappropriation Action (U.S. District Court, Middle District of Pennsylvania)*

THE FURTH FIRM LLP represented a plaintiff in this action which brought claims for breach of contract, misappropriation of trade secret information and conversion. The action pertained to the design and engineering of a mechanical device used in the manufacture of food products, and the processes associated with its use. THE FURTH FIRM LLP obtained a stipulated final judgment and consent decree, which enjoined the defendant from further use or disclosure of the plaintiff's trade secret information.

INTELLECTUAL PROPERTY LITIGATION
_____

*International Trademark Infringement Action (Intermediate People's Court of Meizhou City; on Appeal, High People's Court of Guangdong Province, People's Republic of China)*

This action involved infringement of the trademarks and trade dress of KELLOGG'S® CORN FLAKES ready-to-eat cereal in the People's Republic of China ("P.R.C."). Kellogg brought this action against the Meizhou Kongalu Nutritious Food Company in the Intermediate People's Court of Meizhou City, located in the Guangdong Province of the P.R.C. Kellogg alleged claims for violation of P.R.C. Trademark Law, P.R.C. Unfair Competition Law and various international treaties and agreements, including the Paris Convention. Kellogg initially was successful in obtaining a temporary order enjoining Kongalu's sale of the product. The Meizhou Intermediate Court, however, ruled against Kellogg. Kellogg appealed to the High People's Court of Guangdong province.

THE FURTH FIRM LLP, which had no involvement in the lower court proceeding, was extensively involved in the appeal of this matter. The firm first assisted Kellogg in the search for and retention of new Chinese local counsel and then worked closely with that counsel in the appellate proceeding, including the preparation of extensive briefs, affidavits and other materials on a number of legal and evidentiary issues. THE FURTH FIRM LLP also supervised the translation of these materials into Chinese, as well as their review and finalization by local counsel. Kellogg obtained a reversal of the lower court's order and a judgment in its favor.

*Trade Dress Infringement and Unfair Competition Claims Preliminary Injunction Hearing (U.S. District Court, District of Utah)*

In this case, THE FURTH FIRM LLP defended a party against trade dress infringement and other claims. The plaintiff alleged infringement of a trade dress or product configuration for various plastic food molds under the Lanham Act and related state common law claims. The plaintiff unsuccessfully sought a preliminary injunction against the defendant which would have required a nationwide recall and/or re-labeling of millions of packages of defendant's product. Thereafter, THE FURTH FIRM LLP obtained summary judgment on all of the plaintiff's state common law claims and the case settled.

*Trademark Infringement Action Preliminary Injunction Hearing (U.S. District Court, Southern District of Ohio)*

THE FURTH FIRM LLP represented a defendant in this case which successfully defeated a motion for preliminary injunction after a two-day hearing. This case involved a broad range of trademark and other issues, including the related goods doctrine, dilution, confusion of sponsorship and the necessary showing for irreparable injury. This matter settled before trial.

### INTELLECTUAL PROPERTY LITIGATION
_____

***Trademark Infringement Action (U.S. District Court, District of Minnesota; U.S. Court of Appeals, 8th Circuit)***

In this case, THE FURTH FIRM LLP represented a plaintiff which unsuccessfully sought a preliminary injunction. This case produced an important opinion on the distinctions between generic and descriptive trademarks. The case settled before trial.

***Unfair Advertising (U.S. District Court, Western District of Michigan)***

This Lanham Act case involved claims for unfair advertising involving product comparisons. Extensive briefing was required in preparation for a court-mandated alternative dispute resolution session. The action settled before trial.

SIGNIFICANT HISTORICAL CASES

SIGNIFICANT HISTORICAL CASES

---

### *Wall Prods. Co. v. National Gypsum Co. (U.S. District Court, Northern District of California)*

In 1967, THE FURTH FIRM LLP'S founding partner, Frederick P. Furth, initiated an antitrust class action against gypsum wallboard manufacturers alleging a price-fixing conspiracy. The litigation expanded to cover 5,500 plaintiffs in over 140 cases, several hundred lawyers and seven defendants. The cases were consolidated in the courtroom of Judge Alfonso Zirpoli, who ordered separate trials on damages and liability. The pilot cases were tried and won on both liability and damages; a classwide settlement was reached in 1973 for $70 million, which, with interest, totaled $82 million. Published opinions: 326 F.Supp. 295 (N.D. Cal. 1971); 357 F.Supp. 832 (N.D. Cal. 1973); and 386 F.Supp. 959 (N.D. Cal. 1974).

### *American Basketball Ass'n v. National Basketball Ass'n (U.S. District Court, Northern District of California)*

In an antitrust suit filed in 1969, THE FURTH FIRM LLP represented the American Basketball Association ("ABA"), then only two years old, against the National Basketball Association ("NBA"). The ABA alleged that the NBA attempted to eliminate competition and restrain trade through the control or monopolization of superstars and other players, facilities and television coverage. A settlement was reached in 1971, whereby both leagues promised to petition Congress for antitrust exemption legislation. Contending that the NBA was not honoring this agreement and was continuing to restrain trade, the ABA filed a second action in 1974. In 1976, the ABA and NBA settled a few weeks before trial, with the Denver Nuggets, Indiana Pacers, San Antonio Spurs and New York Nets joining the NBA. Published opinions: 404 F.Supp. 832 (S.D.N.Y. 1975); 389 F.Supp. 867 (S.D.N.Y. 1975).

### *Kellogg Company - Shared Monopoly Case (Federal Trade Commission, District of Columbia District)*

THE FURTH FIRM LLP represented Kellogg Company in this case which literally threatened the company's existence. The Federal Trade Commission ("FTC") sought to establish the power to regulate highly concentrated industries under Section 5 of the FTC Act even where no violation of the antitrust laws was shown. The FTC sought to break Kellogg into four companies based on the claim that it had shared a cereal monopoly with three other major cereal manufacturers through parallel, non-collusive activity. The FTC also sought to compel Kellogg to license its trademarks on a royalty-free basis. The case involved industrial organization issues of parallel corporate conduct, creation of barriers to entry and excess profitability. With its comprehensive knowledge of antitrust law and principles, THE FURTH FIRM LLP developed creative defense strategies and presented and rebutted highly sophisticated economic testimony. The FTC ultimately dismissed the case, after the administrative law judge ruled in Kellogg's favor on nearly every disputed issue of fact.

## SIGNIFICANT HISTORICAL CASES

---

**In re: Plywood Antitrust Litigation (U.S. Court of Appeals, 5th Circuit)**

After the Fifth Circuit upheld a jury verdict finding that three plywood manufacturers—Georgia Pacific Corp., Weyerhaeuser Co. and Willamette Industries—had conspired to fix delivered prices, with possible damages estimated to be as high as $2 billion, THE FURTH FIRM LLP was retained as lead defense counsel. THE FURTH FIRM LLP promptly won important rulings on the damages phase of the case at the trial level and led a successful effort to have the Supreme Court grant certiorari to review the verdict of liability. The case was eventually settled through the negotiating efforts of the firm, for a sum far less than projected damage exposure. Published opinions: 655 F.2d 627 (5th Cir. 1981); 663 F.2d 101 (5th Cir. 1981), *cert. dismissed*, 462 U.S. 1125 (1983).

**Southern Pacific Comm. Co. v. AT&T (U.S. District Court, District of Columbia and Northern District of California).**

In December of 1982, Southern Pacific Co. had lost an antitrust action in the federal district court for the District of Columbia against AT&T for attempting to monopolize the market for private line telecommunications services (the "SP I" case). Also, the time was running out for filing a second action against AT&T for attempting to monopolize the market for switched telephone services (the "SP II" case). Southern Pacific retained THE FURTH FIRM LLP who stepped in and vigorously briefed and argued the appeal. Although the District of Columbia Circuit upheld the judgment below, the former President of Southern Pacific said, "[Y]our firm did an absolutely superb job before the Court of Appeals." THE FURTH FIRM LLP also filed SP II in the federal district court in San Francisco, where it was consolidated for discovery purposes with similar actions by MCI and U.S. Transmission Systems. AT&T's summary judgment motion based on res judicata was defeated in mid-1985. While additional summary judgment motions were pending, the case settled quite favorably for Southern Pacific. Published opinions: 740 F.2d 980 (D.C. Cir.), *cert. denied*, 470 U.S. 1005 (1984); 740 F.2d 1011 (D.C. Cir. 1984).

**ETSI Pipeline Project v. Burlington Northern, Inc. (U.S. District Court, Eastern District of Texas)**

This litigation was one of the largest cases ever tried in federal court. The case involved allegations that a group of railroads, including the Atchison, Topeka & Santa Fe Railway Co., conspired over a ten-year period to prevent a pipeline from being built that would transport slurried coal from South Dakota to Texas. The plaintiffs included Bechtel Corp., Texas Eastern Pipeline Co., Houston Lighting & Power Co. and the Lower Colorado River Authority/City of Austin. THE FURTH FIRM LLP entered the case in October of 1987, as chief defense counsel for Santa Fe. Over the next two years, THE FURTH FIRM LLP was involved in hundreds of depositions, the writing of dozens of briefs on nearly every conceivable aspect of antitrust law and trial procedure, and the preparation for a lengthy trial. Trial commenced in Beaumont, Texas in January of 1989 and lasted two months. Santa Fe by then was the only remaining defendant. After the jury

found for ETSI but against HL&P, THE FURTH FIRM LLP participated in a vigorous appeal, and the case was eventually settled when the client moved forward with its restructuring program.

### Sullivan v. National Football League (U.S. District Court, District of Massachusetts; U.S. Court of Appeals, 1st Circuit)

The firm served as co-lead counsel for the plaintiff, the former owner of the New England Patriots NFL Franchise, in an antitrust action challenging the league's policy forbidding public ownership of member clubs. The first trial resulted in the largest treble-damage verdict entered against the NFL, $114 million, later remitted to $51 million. This verdict was overturned when the First Circuit determined that the trial court had improperly refused to give certain jury instructions, although the appellate court did agree that triable issues existed as to liability and damages. After a second trial resulted in a deadlocked jury, the case was settled by mediation.

### Merck/Medco Antitrust Merger Litigation (U.S. District Court, Northern District of California)

The firm represented a retail pharmacist, suing on behalf of pharmacists nationwide, in a private antitrust case under Section 7 of the Clayton Act. This action challenged the acquisition by Merck & Co. of Medco Containment Services, Inc., the nation's largest pharmacy benefits management company. Defendant's motion for summary judgment was denied, and the case settled shortly before trial.

### In re: Toys "R" Us Antitrust Litigation (California Superior Court, Alameda Count; U.S. District Court, Eastern District of New York)

This consumer class action sought redress for alleged anticompetitive practices of Toys "R" Us, Inc. pertaining to efforts to restrict the sale of toys to warehouse club stores. THE FURTH FIRM LLP was on the steering committee in this complex, multi-district litigation.

### Sand and Gravel Price-Fixing Litigation (U.S. District Court, Northern District of California)

THE FURTH FIRM LLP represented a plaintiff class in this price-fixing case involving the sand and gravel industry. A settlement favorable to the class was reached prior to trial.

# THE FURTH FIRM LLP

Attorneys of the Firm

# THE FURTH FIRM LLP

## Partners

**Henry A. Cirillo**                born in Queens, New York; Cornell University (B.S., Biology); Student Council, Alpha Zeta Key, honor society; State University of New York at Stony Brook (M.A.); Hastings College of the Law, University of California (J.D., *magna cum laude*, 1987), *Order of the Coif*, Thurston Society, and First Prize, David E. Snodgrass Moot Court Competition. Practiced complex business litigation for three years at Severson & Werson in San Francisco; practiced securities litigation and complex business litigation for 11 years at McCutchen, Doyle, Brown & Enersen, LLP.

## Of Counsel

**Thomas P. Dove**                born in Washington, D.C.; University of Maryland, (B.A., Political Science, *cum laude*); Boalt Hall School of Law, University of California (J.D.); recipient, Traynor Cup, Outstanding Individual Advocate, California Moot Court Championship. Contributing author, Practicing Law Institute: *Rule 23 Class Actions*. Former associate, Paul, Weiss, Rifkind & Garrison, New York. Practiced 28 years in the Office of the Attorney General, State of California, including 15 years in the Antitrust Section, Public Rights Division. Served as Senior Advisor to the Chairman, Antimonopoly Committee of Ukraine, Kiev, Ukraine.

**Kathleen S. Rogers**

born in Santa Rosa, California; University of California, Santa Barbara (B.A., magna cum laude, 1982); University of Santa Clara, School of Law (J.D., 1985), Articles Editor, Santa Clara Computer and High Technology Law Journal.  Joined the predecessor firm, Furth, Fahrner and Mason, as an associate in 1985, focusing on antitrust litigation in the telecommunications industry for five years.  From 1985-2001: Senior Counsel to MCI Communications, focusing on mergers/acquisitions and telecommunications regulation before the California Public Utilities Commission; Partner at the Law Offices of Paul N. "Pete" McCloskey, Jr.  Returned Of Counsel to The Furth Firm in 2001.  Class counsel with Mr. Furth to the Food Purchasers Class in the *Microcrystalline Cellulose Antitrust Litigation* (E.D. Pa.).  Member, ABA Antitrust Section.  Admitted to practice in State of California, before U.S. District Courts for Northern, Central and Southern Districts of California, and before Ninth Circuit Court of Appeals.

**Jonathan M. Watkins**

born in Washington, D.C.; University of Oregon (B.S., Political Science); Willamette University College of Law (J.D.); Comments Editor, Willamette University Law Review; Selected for United States Department of Justice Attorney General's Honors Program, 1991; Trial Attorney, Civil Rights Division, Employment Litigation Section, U.S. Dept. of Justice, 1991-1994; Senior Trial Attorney, Civil Rights Division, Criminal Section, U.S. Dept. of Justice, 1994-1997; Staff Attorney, Racial Justice Project, ACLU of Northern California; Formerly Partner at Lieff, Cabraser, Heimann & Bernstein, LLP, San Francisco, California.

## Principals

**Michael S. Christian**

born in Anchorage, Alaska; Southern Oregon University (B.S., Business Administration); University of Arizona College of Law (J.D., magna cum laude); Order of the Coif; Executive Note Editor, University of Arizona Law Review.  Author:  "Twice Bitten:  Violations of Ethical Rules as Evidence of Legal Malpractice," The Brief (ABA Tort & Insurance Practice Section, Spring 1999, republished in GP Solo (Best of American Bar Association Sections, March 2000)).  Practiced litigation at Pillsbury Winthrop, LLP, San Francisco and Lewis and Roca, LLP, Phoenix.

**Jon T. King**                    born in Chicago, Illinois; Santa Clara University (B.S., Political Science, member Pi Sigma Alpha - national political science honor society); Hastings College of Law, University of California (J.D., *cum laude*); Editor-In-Chief, Hastings Law Journal; Order of the Coif, American Jurisprudence Awards in Criminal Law and Trial Advocacy; CALI Awards in Complex Litigation and Oil and Gas Law.  Former associate at Skadden, Arps, Slate, Meagher & Flom, LLP, Los Angeles.

**Christopher L. Lebsock**         born in San Jose, California; University of Colorado, Boulder (B.A., Economics); *Phi Beta Kappa*; Hastings College of the Law (J.D.); Senior Managing Editor of Hastings Law Quarterly; served as a judicial intern to the Honorable James Lambden, Alameda County Superior Court; internship at Office of the General Counsel, Port of San Francisco.  Practiced litigation at Epstein Englert Staley & Coffey and at Drinker Biddle & Reath (formerly Preuss Shanagher Zvolefff & Zimmer).

## Associates

**Jennifer C. Marlowe**            born in San Francisco, California; University of San Francisco (B.A. Psychology, magna cum laude, 2001), member Psi Chi— national psychology honor society; Santa Clara University School of Law, (J.D. 2004), Honors Moot Court, CALI Award in Legal Writing & Research; legal externship, Katharine & George Alexander Community Law Center in San Jose, California.

**Alex C. Turan**                  born in Hungary; California State University, Hayward (B.S., Finance, 1997); University of San Francisco School of Law (J.D., 2003).  Joined the firm as finance manager in 1999; associated with the firm as an attorney in 2004.  Previous experience includes over a decade of finance and business management, focusing on tactical and strategic business planning, business development, risk management, complex project management, financial planning and forecasting, cash flow control, banking relationships, tax planning and real estate lease negotiations.

# EXHIBIT 2

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | The Furth Firm LLP | | |
|---|---|---|---|
| Reporting Year | 2007 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Henry A. Cirillo (P | $625 | 0.7 | | | | | | | | | | | | 0.7 | $ 437.50 |
| Thomas P. Dove (OC) | $700 | 2.0 | | | | | | | | | 0.6 | | | 2.6 | $ 1,820.00 |
| Kathleen S. Rogers (OC | $600 | 4.3 | | | | | | | | 3.6 | 0.8 | | | 8.7 | $ 5,220.00 |
| Michael S. Christian (PR | $475 | 4.5 | | | | | | | | 0.4 | | | | 4.9 | $ 2,327.50 |
| Jon T. King (PR | $450 | 11.5 | | | | | | | | 17.5 | 14.4 | | | 43.4 | $ 19,530.00 |
| Christopher L. Lebsock (PR | $475 | | | | | | | | | | 1.4 | | | 1.4 | $ 665.00 |
| Jennifer Marlowe (A | $250 | 0.4 | | | | | | | | | | | | 0.4 | $ 100.00 |
| Alex C. Turan (A | $275 | 1.8 | | | | | | | | 0.1 | | | | 1.9 | $ 522.50 |
| Gary M. Gray (PL) | $230 | | | | | | | | | 1.0 | | | | 1.0 | $ 230.00 |
| Robert L. Newman (PL | $230 | | | | | | | | | 6.0 | 10.1 | | | 16.1 | $ 3,703.00 |
| | | 25.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 28.6 | 27.3 | 0.0 | 0.0 | 81.1 | $ 34,555.50 |

| Status: | Categories: |
|---|---|
| (P) Partner | 1. Attorney Meetings/Strategy |
| (OC) Of Counsel | 2. Court Appearance |
| (PR) Principal | 3. Client Meeting |
| (A) Associate | 4. Draft Discovery Requests or Responses |
| (LC) Law Clerk | 5. Deposition Preparation |
| (PL) Paralegal | 6. Attend Deposition - Conduct/Defend |
| (I) Investigator | 7. Document Review |
| | 8. Experts – Work or Consult |
| | 9. Research |
| | 10. Motions/Pleadings |
| | 11. Settlement |
| | 12. Trial |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | The Furth Firm LLP | | |
|---|---|---|---|
| Reporting Year | 2008 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Henry A. Cirillo (P | $625 | 5.7 | | | | | | | | | | | | 5.7 | $ 3,562.50 |
| Henry A. Cirillo (P | $650 | 6.7 | | | | | | | | | 6.1 | | | 12.8 | $ 8,320.00 |
| Thomas P. Dove (OC) | $700 | 6.2 | | | | | | | | | 26.3 | | | 32.5 | $ 22,750.00 |
| Jonathan M. Watkins (OC) | $600 | | | | | | | | | | 3.5 | | | 3.5 | $ 2,100.00 |
| Michael S. Christian (PR | $475 | 3.6 | | | | | | | | | | | | 3.6 | $ 1,710.00 |
| Jon T. King (PR | $450 | 2.0 | | | | | | | | | | | | 2.0 | $ 900.00 |
| Robert L. Newman (PL | $230 | 1.7 | | | | | | | | | 9.7 | | | 11.4 | $ 2,622.00 |
| Robert L. Newman (PL | $250 | 6.3 | | | | | | | | 1.0 | 20.6 | | | 27.9 | $ 6,975.00 |
| | | 32.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 66.2 | 0.0 | 0.0 | 99.4 | $ 48,939.50 |

Status:
(P)  Partner
(OC)  Of Counsel
(PR) Principal
(A)  Associate
(LC)  Law Clerk
(PL) Paralegal
(I) Investigator

Categories:
1. Attorney Meetings/Strategy
2. Court Appearance
3. Client Meeting
4. Draft Discovery Requests or Responses
5. Deposition Preparation
6. Attend Deposition - Conduct/Defend
7. Document Review
8. Experts – Work or Consult
9. Research
10. Motions/Pleadings
11. Settlement
12. Trial

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | The Furth Firm LLP | | |
|---|---|---|---|
| Reporting Year | Inception through Present | | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 25.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 28.6 | 27.3 | 0.0 | 0.0 | 81.1 | $ | 34,555.50 |
| 2008 | | 32.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 66.2 | 0.0 | 0.0 | 99.4 | $ | 48,939.50 |
| 2009 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ | - |
| 2010 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ | - |
| 2011 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ | - |
| 2012 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ | - |
| 2013 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ | - |
| 2014 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ | - |
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ | - |
| | | 57.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 29.6 | 93.5 | 0.0 | 0.0 | 180.5 | $ | 83,495.00 |

STATUS:

| (P) | Partner |
|---|---|
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

CATEGORIES:

| 1 | Attorney Meeting/Strategy |
|---|---|
| 2 | Court Appearance |
| 3 | Client Meeting |
| 4 | Draft Discovery Requests or Response |
| 5 | Deposition Preparation |
| 6 | Attend Deposition - Conduct/Defend |
| 7 | Document Review |
| 8 | Experts - Work or Consult |
| 9 | Research |
| 10 | Motions/Pleadings |
| 11 | Settlement |
| 12 | Trial |

# EXHIBIT 3

**EXHIBIT 3**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**EXPENSE SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | The Furth Firm LLP |
|---|---|
| Reporting Year | Inception through Present |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| | | |
| Assessments | | $0.00 |
| Outside Copies | | $270.25 |
| In-house Reproduction /Copies | | $680.40 |
| Court Costs & Filing Fees | | $700.00 |
| Court Reporters & Transcripts | | $0.00 |
| Computer Research | | $1,747.53 |
| Telephone & Facsimile | | $37.22 |
| Postage/Express Delivery/Courier | | $135.00 |
| Professional Fees (investigator, accountant, etc.) | | $0.00 |
| Experts | | $0.00 |
| Witness / Service Fees | | $600.00 |
| Travel: Airfare | | $0.00 |
| Travel: Lodging/Meals | | $188.45 |
| Travel: Other | | $0.00 |
| Car Rental/Cabfare/Parking | | $43.00 |
| Other Expenses (industry reports) | | $1,810.00 |
| | | |
| | $ | 6,211.85 |