# Exhibit 37

ROBERT C. SCHUBERT S.B.N. 62684
WILLEM F. JONCKHEER S.B.N. 178748
MIRANDA P. KOLBE S.B.N. 214392
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone:      (415) 788-4220
Facsimile:      (415) 788-0161

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 MDL No. 1917 |
| | <u>**CLASS ACTION**</u> |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **DECLARATION OF WILLEM F. JONCKHEER IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**<br><br>Judge:  Honorable Samuel Conti<br>Courtroom One, 17th Floor |

I, Willem F. Jonckheer, declare as follows:

1.      I am an attorney licensed to practice before the courts of California, and a partner in the law firm Schubert Jonckheer & Kolbe LLP.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.  I make this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

2.      My firm is one of the counsel for plaintiffs in this case.  A description of my firm is attached as Exhibit 1 and incorporated herein by reference.

3.      Throughout the course of this litigation, my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred.  All of the time and expenses reported by my firm were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

4.      During the course of this litigation, my firm was involved in the following tasks and activities on behalf of the IPPs: developing deposition strategy and deposition questions in connection with jurisdictional discovery; researching U.S. and international corporate organization and activities of certain foreign defendants; researching law on jurisdiction regarding certain foreign defendants; meeting and conferring with defendants regarding jurisdictional issues; reviewing motion to dismiss and researching brief in opposition to motion to dismiss; drafting opposition brief to motion to dismiss; and finalizing and assembling exhibits in support of opposition brief to motion to dismiss. All of this work was assigned and/or approved by Lead Counsel.

5.      The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary of the amount of time spent by my firm's partners, attorneys and professional support staff who were involved in this litigation.  It does not include any time devoted to preparing this declaration or otherwise pertaining to the Joint Fee Petition.  The lodestar calculation is based on my firm's historical billing rates in effect at the time services were performed.  Exhibit 2 was prepared from

1

DECLARATION OF WILLEM F. JONCKHEER IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944, MDL No. 1917

1  contemporaneous time records regularly prepared and maintained by my firm.  Those records have

2  been provided to Lead Counsel and I authorize them to be submitted for inspection by the Court if

3  necessary.  The hourly rates for my firm's partners, attorneys and professional support staff

4  included in Exhibit 2 were at the time the work was performed the usual and customary hourly

5  rates charged for their services in similar complex litigation.

6      6.      The total number of hours reasonably expended on this litigation by my firm from

7  inception to May 31, 2015 is 118.4 hours.  The total lodestar for my firm at historical rates is

8  $69,370.00.  The total lodestar for my firm at current rates is $74,075.00.  Expense items are billed

9  separately and are not duplicated in my firm's lodestar.

10     7.      The expenses my firm incurred in litigating this action are reflected in the books

11  and records of my firm. These books and records are prepared from expense vouchers, invoices,

12  receipts, check records and other source materials and accurately reflect the expenses incurred.

13  My firm's expense records are available for inspection by the Court if necessary.

14     8.      My firm incurred a total of $2,058.28 in unreimbursed expenses, all of which were

15  reasonable and necessary for the prosecution of this litigation.  This amount was incurred for non-

16  common litigation expenses, such as legal research database charges.  A summary of those

17  expenses by category is attached as Exhibit 3.

18

19     I declare under penalty of perjury that the foregoing is true and correct.  Executed this 31st

20  day of August, 2015, in 2015.

21                                          _____

22                                                  Willem F. Jonckheer

DECLARATION OF WILLEM F. JONCKHEER IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

**EXHIBIT 1**

SCHUBERT JONCKHEER & KOLBE LLP

PRACTICE AND HISTORY

**Schubert Jonckheer & Kolbe LLP** is AV rated by the Martindale-Hubbell Law Directory. Together with its predecessor firms, it has been in operation for thirty years. In addition to prosecuting cases in the California federal and state courts, the firm has been actively involved in securities, antitrust, unfair competition, and employment class actions throughout the United States. Schubert Jonckheer & Kolbe LLP has been Lead Counsel or Co-Lead Counsel in class actions and shareholder derivative cases which have produced recoveries valued at over $800 million. These have included the following:

**Tucker v. Scrushy, et al.,** No. CV-02-5212 (Alabama Circuit Court, Jefferson County). Co-Lead Counsel in shareholder derivative action on behalf of HealthSouth Corporation alleging breaches of fiduciary duty and insider trading arising from a multi-billion dollar restatement of previously reported financial results. Partial summary judgment for unjust enrichment granted against former CEO Richard Scrushy for restitution to HealthSouth of $47.8 million bonuses with interest paid to Scrushy during fiscal years 1997-2002 pursuant to a stated policy requiring that bonuses be paid from net profits. In fact, following restatement, it was revealed that the Company had never had net profits from which to pay Scrushy bonuses during the fiscal years 1997-2002. The judgment was affirmed on appeal to the Alabama Supreme Court, **Scrushy v. Tucker**, 955 So.2d 988 (Ala. 2006). Plaintiffs thereafter settled HealthSouth's claims against additional HealthSouth directors and officers for $100 million, and against its investment bankers, UBS Securities LLC, for an additional $133 million. Co-Counsel in a related case, **In re HealthSouth Corp. Shareholders Litigation.**, 845 A.2d 1096 (Del. Ch. 2003), aff'd 847 A.2d 1121 (Del. 2004), in which the Delaware Chancery Court granted summary judgment for unjust enrichment and equitable fraud against Richard Scrushy arising from his purported repayment with HealthSouth stock of a $25 million loan that Scrushy was obligated to pay in cash. The judgment resulted in an immediate $17.5 million recovery to HealthSouth. We also helped obtain an additional judgment of $2.9 billion against Richard Scrushy after an eleven day non-jury trial—a result upheld by the Alabama Supreme Court—and are pursuing claims in arbitration against Ernst & Young, HealthSouth's former auditors. We have collected approximately $300 million in judgments and settlements to date for the benefit of HealthSouth, and are in the process of executing on the judgment against Scrushy.

**In re Marsh & McLennan Companies, Inc. Derivative Litigation,** No. CA No. 753-VCS (Delaware Court of Chancery). The Schubert Firm as co-derivative counsel helped obtain a $205 million settlement in a shareholder derivative action brought on behalf of Marsh & McLennan Companies (MMC). The complaint alleged that MMC, the world's largest insurance broker, failed to adequately disclose to its clients that it was paid contingent commissions to steer insurance business to favored insurance companies. When these practices were revealed, MMC agreed to pay huge fines, to the detriment of its shareholders.

**Hurkes Harris Design Associates, Inc. v. Fujitsu Computer Products of America, Inc.,** Case No. CV 812127 (California Superior Court, Santa Clara County). Co-counsel in class action alleging false advertising and unfair competition in the marketing, advertising, sale and servicing of the Fujitsu MPG-3xxx series and MPF-3xxx-AH series desktop magnetic computer hard disk drive models. We obtained a settlement on behalf of a nationwide class of $42.5 million.

**3M Transparent Tape Cases** (United States District Court, Northern District of California, Case No. 00-2810-CW).  Co-Lead counsel for plaintiffs in a class action brought on behalf of purchasers of 3M transparent tape.  Plaintiffs alleged that 3M unlawfully maintained a monopoly in the market for invisible and transparent home and office tape through various arrangements, contracts, agreements, trusts and combinations in restraint of trade designed primarily to restrict the availability of lower priced transparent tape products to consumers and to maintain high retail prices for its Scotch Brand retail products.  We obtained a nationwide settlement valued at approximately $42 million.

**Bonneville Pacific Corporation Securities Litigation**, No. 92-C-181-S (District of Utah). Co-Lead Counsel in securities class action involving fraudulent financial statements by a large power cogeneration company. We obtained settlements totaling $26 million for the class, which recovered 100% of its damages, in one of the largest securities fraud cases in Utah history.  We also obtained a decision from the Utah Supreme Court holding that plaintiffs need not plead or prove reliance to proceed under the Utah Uniform Securities Act.  **Gohler v. Wood**, 919 P. 2d 561 (Utah 1996).

**Qwest Communications International, Inc. Derivative Litigation**, No. 02-CV-8188 (Colorado District Court, City and County of Denver). Co-Lead Counsel in shareholder derivative action alleging officer and director breaches of fiduciary duty and insider trading arising out of massive earnings restatement by telecommunications company. Defendants attempted to derail the case, seeking a stay based upon previously filed but inactive Federal derivative action. We defeated the motion, reviewed and analyzed over 7 million pages of documents, and recovered $25 million for the company. The settlement included important corporate governance changes, including the requirement of a lead independent director when the chairman of the board is also the chief executive officer.

**Pfeiffer v. Toll,** Civil Action No. 4140-VCL (Delaware Chancery Court). Lead Counsel in shareholder derivative action alleging officer and director breaches of fiduciary duty arising out of sharp stock drop following failure of luxury homebuilder to achieve optimistic earnings projections. We recovered $16.25 million for the company, which included substantial payments from company founders. During the course of the case we obtained a key legal ruling rejecting defendants' arguments that Delaware's leading insider trading precedent, Brophy v. Cities Services Co., 70 A.2d 5 (Del. Ch. 1949) was outdated and should be overruled.

**Kirschenbaum v. Electronic Arts, Inc.**, Case No. CIV 440876 (California Superior Court, San Mateo County). Co-Lead Counsel in class action seeking to recover unpaid overtime compensation for computer graphics artists employed in California by Electronic Arts Inc. ("EA"), the world's largest manufacturer of computer video games. The case was settled after the parties conducted formal and informal discovery, and we reviewed thousands of pages of company records. The settlement totaled $15.6 million, for approximately 618 class members. We believe this is the first class action involving recovery of overtime compensation for computer graphics artists in the electronic game industry.

**Raider v. Sunderland**, Civil Action No. 19357 NC (Delaware Chancery Court).  Co-Lead Counsel in shareholder class action alleging breach of fiduciary duty by controlling shareholders

SCHUBERT JONCKHEER & KOLBE LLP
PRACTICE AND HISTORY

2

of large cement company in connection with its acquisition of related company owned by controlling shareholders. We recovered $15 million ($8 per share) for minority shareholders after obtaining class certification, reviewing approximately 30,000 documents, deposing numerous fact and expert witnesses, and preparing the case for trial. The recovery exceeded 50% of the damage calculation of plaintiff's valuation expert.

**Hasty v. Electronic Arts, Inc.,** Case No. 444821 (California Superior Court, San Mateo County). Co-Lead Counsel in class action seeking to recover unpaid overtime compensation for current and former computer programmers employed in California by Electronic Arts Inc. ("EA"), the world's largest manufacturer of computer video games. The case was settled after the parties conducted formal and informal discovery, including numerous depositions and review of thousands of pages of company records. The settlement totaled $14.9 million, for approximately 600 class members. We believe this is the first class action involving recovery of overtime compensation for computer programmers in California.

**Shea v. Vidinsky,** Case No. CIV CGC-04-437473 (California Superior Court, San Francisco County). Counsel in derivative case brought on behalf of Valin Corporation alleging breach of fiduciary duty, abuse of control, waste of corporate assets, violation of Cal. Corp. Code sections 25402 and 25403, constructive fraud and unjust enrichment. In response to the lawsuit, Valin's Board of Directors appointed a Special Litigation Committee ("SLC"). Faced with separate summary judgment motions brought by the SLC and by individual defendants, we successfully obtained a settlement for the Corporation valued at over $12.5 million.

**ADAC Laboratories Derivative Litigation,** No. CV 779262 (California Superior Court, Santa Clara County). Co-Lead Counsel in shareholder derivative action alleging officer and director breaches of fiduciary duty and insider trading arising from false financial statements issued by a scientific instruments manufacturer. These financial statements were restated after "side letters" and other improper revenue recognition practices were uncovered. Defendants sought a stay based upon federal securities class actions arising from the same facts. We defeated that motion, obtained thousands of documents well ahead of the federal actions, and recovered $12 million for the company, representing the bulk of its insurance coverage.

**Diamond Foods Shareholder Derivative Litigation,** Case No. CGC 11-515895 (California Superior Court, San Francisco County). Co-lead counsel in shareholder derivative action alleging officer and director breaches of fiduciary duty arising from false financial statements issued by leading walnut producer and snack foods company. We achieved a financial recovery of $10.5 million for the company plus extensive corporate governance reforms designed to prevent recurrence of corporate misconduct.

**Franz Inc. v. Quantum Corporation,** Case No. CGC-03-423301 (California Superior Court, San Francisco County). Co-lead Counsel in class action brought on behalf of California businesses and residents who purchased DLTtape IV™ tapes, claiming price fixing and other anticompetitive actions. We obtained a class action settlement valued at $10.35 million.

**In re OSB Antitrust Litigation** (U.S. District Court, Eastern District of Pennsylvania, Master File No. 06-826). Co-Lead Counsel for certified class of indirect purchasers of Oriented Strand

Board ("OSB").  Plaintiffs alleged a conspiracy among eight major OSB manufacturers to inflate OSB prices by restricting production and other anticompetitive practices, in violation of the Sherman Antitrust Act and numerous state antitrust laws.  We obtained a settlement of $9.94 million on behalf of consumers in 20 states and the District of Columbia.

**Wilson v. Sony Computer Entertainment, Inc.,** Case No. 444815 (California Superior Court, San Mateo County).  Co-Lead Counsel in class action seeking to recover unpaid overtime compensation for computer graphics artists employed in California by Sony Computer Entertainment, Inc.  The case was settled for $8.5 million.  In addition, Sony agreed to reclassify class members with a job title of Associate Artist and Artist 1 as nonexempt employees under the wage and hours laws of California and the federal Fair Labor Standards Act.

**In Re Savings Investment Service Corporation Loan Commitment Litigation,** MDL 718 (Western District of Oklahoma). Co-Lead Counsel in securities class action arising from default of $9.85 million issue of industrial revenue bonds issued to finance a hotel in Westminster, Colorado. After extensive discovery and motion practice we obtained a recovery of approximately $8.0 million for the class.

**Emulex Shareholder Derivative Cases,** Judicial Coordination Proceeding No. 4194 (California Superior Court, Orange County). Co-Lead Counsel in shareholder derivative actions alleging officer and director breaches of fiduciary and insider trading arising from order delays for optical networking hardware. Although the case was initially stayed, we succeeded in lifting the stay and obtaining over 100,000 pages of company documents, eventually obtaining an $8 million settlement for the company.

**Garbini v. Protection One, Inc.,** Civil Action No. 99-3755 (Central District of California). Lead Counsel in securities class action arising from three successive restatements of three years' audited and publicly reported financial results by America's second-largest home security monitoring company. Plaintiffs asserted claims under Section 11 of the Securities Act of 1933 and Section 10 of the Securities Exchange Act of 1934, alleging use of an excessively long period to amortize the cost of acquired customer accounts.  We obtained a settlement of $7.76 million for the class.  In a related appeal, we successfully challenged the dismissal of the company's auditors, Arthur Andersen.  The ruling clarified plaintiffs' obligations to allege damages under the Securities Act of 1933. **Garbini v. Protection One, Inc.,** 49 Fed.Appx. 169, [2002 Transfer Binder] Fed. Sec. L. Rep.(CCH) ¶92,018 (9th Cir. October 11, 2002).

**In Re Providian Financial Corporation Derivative Litigation,** Case No. 401954 (California Superior Court, City and County of San Francisco). Co-Lead Counsel in shareholder derivative action alleging breaches of fiduciary duty and insider trading by officers and directors of a large sub-prime credit card lender.  Case arose from company's undisclosed change of accounting for customer bankruptcies and alleged failure to maintain adequate reserves for uncollectible accounts. After extensive document discovery we obtained a settlement of $6.5 million for the company.

**In Re Structural Dynamics Research Corporation Derivative Litigation,** Case No. C-1-94-650 (Southern District of Ohio). Co-Lead Counsel in shareholder derivative action arising from

earnings restatement resulting from accounting fraud in the Far East operations of NASDAQ-listed computer software company. After extensive discovery, we obtained a settlement of $5.0 million for the company. (SDRC)

**In Re S3 Derivative Litigation,** No. CV-77-0254 (California Superior Court, Santa Clara County). Co-lead counsel in shareholder derivative litigation involving S3, now known as SonicBLUE Corporation, which was a leading manufacturer of graphics accelerator chips. Case arose from earnings restatements and alleged insider trading resulting from improper recognition of revenue on sales in Far East. After discovery, we obtained a cash settlement of $4.65 million for the company, which represented the bulk of insider trading damages. (SBLU)

**In Re VISX Securities Litigation**. Master File No. C94-2-649-RPA (Northern District of California). Co-Lead Counsel in securities class action arising from misrepresentations as to status of clinical trials by a NASDAQ-listed laser vision correction company. We obtained a settlement of $4.0 million for the class. (VISX)

**Herron, et al. v. Lark Creek Investment Management Company, et al.,** Case No. CGC-10-496342 (San Francisco Superior Court). Co-Lead Counsel on behalf of Class of investors in the feeder fund Starlight, L.P., which invested nearly all of its assets with Bernie Madoff. The complaint alleged that the feeder fund's auditor was professionally negligent and breached its contract with the feeder fund in issuing "clean" audit opinions on the feeder fund's financial statements between 2003 and 2007. We obtained a settlement of $3.6 million for the Class.

**Isaac v. Falcon Classic Cable Income Properties, L.P., et al.**, No. BC-177205 (California Superior Court, Los Angeles County). Lead Counsel in class action arising from general partner's purchase of the assets of a cable television limited partnership at allegedly inadequate price. We obtained a recovery of $2.8 million for the limited partners.

**Bilunka v. Sanders,** [1994-95 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶98,314 (N.D. Cal. 1994). Co-lead counsel in shareholder derivative action arising from misrepresentations by officers and directors of Advanced Micro Devices, a leading microchip manufacturer, regarding a purportedly "clean" clone of a microchip developed by Intel Corporation. The opinion by Judge Ware of the Northern District of California established two key principles for California derivative cases: (1) California's insider trading statute, Corporations Code §25502.5, applies to California based corporations incorporated in Delaware, and (2) where the board of directors is evenly divided between interested and disinterested members, a shareholder demand upon the board is futile and therefore excused. We ultimately obtained a recovery of $2.25 million for the company.

**In re IDB Communications Group, Inc. Securities Litigation,** Master File No. CV-94-3618-RG (JGX) (Central District of California). Co-Lead Counsel in shareholder derivative action arising from misleading financial statements issued by NASDAQ-listed telecommunications company. We obtained a settlement of $2.0 million for the company.

**In re Atchison Casting Corporation Securities Litigation**, Master File No. 01-2013-JWL (District of Kansas). Lead Counsel in a securities class action arising from the restatement of

four years' of audited financial results by this Kansas-headquartered operator of 20 ferrous casting facilities, following revelation of accounting improprieties at the company's Pennsylvania Foundry Group.  We obtained a settlement of $1.8 million for the class.

**In Re Bexar County Health Facilities Development Corporation Securities Litigation**, MDL 768 ‹Eastern District of Pennsylvania). Co-Lead Counsel in securities class action arising from default of industrial revenue bonds issued to finance a retirement facility in San Antonio, Texas. We obtained a settlement of $1.5 million for the class.

**Eleanor Gorsey, et al. v. I.M. Simon & Co., Inc., et al.**, 121 F.R.D.135 (D. Mass 1988). Co-Lead Counsel in securities class action litigation arising from default of industrial revenue bonds issued to finance a retirement facility in South Bend, Indiana. We obtained a settlement of $1.2 million for the class.

**Sheehan v. Little Switzerland**, 136 F. Supp. 2d 301 (D. Del 2001).  Lead counsel in securities class action arising from failed merger between Little Switzerland, Inc., a duty-free retailer, and Destination Retail Holdings Corporation, a Bahamian retailer.  The court upheld plaintiff's claim that the company's disclosures regarding the financing for the merger were false and misleading, and that plaintiff's allegations of wrongful intent satisfied the strict pleading standards of the Private Securities Litigation Reform Act of 1995.  We obtained a recovery of $1.05 million for the class, representing approximately 75% of estimated damages. (LSVI)

**Veterinary Centers of America Securities Litigation**, Case No. BC 178 615 (California Superior Court, Los Angeles County). Lead Counsel in shareholder derivative action arising from misrepresentations and insider trading by officers and directors of publicly traded chain of veterinary hospitals. We obtained a recovery of $1.0 million for the company. (VCAI)

**Cirrus Logic Securities Litigation**, Master File No. C-95-3978-EAI (Northern District of California). Lead Counsel in shareholder derivative action resulting from overstated financial statements and other violations of generally accepted accounting principles by large manufacturer of multimedia products. We obtained a settlement of $1.0 million for the company. (CRUS)


Schubert Jonckheer & Kolbe LLP has also participated as counsel in class action or derivative cases involving the following companies:

3M Corporation (MMM)
aaiPnarma Inc. (AAII)
ABM Industries Incorporated (ABM)
Abbott Laboratories, Inc. (ABT)
Activision, Inc. (ATVI)
Adaptec, Inc. (ADPT)
Adobe Systems Incorporated (ADBE)
Adelphia Communications Corporation (ADLA)
Advanced Micro-Circuits Corporation (AMCC)

Advanced Micro Devices (AMD)
Alcatel Alsthom (ALA)
Amazon.com, Inc. (AMZN)
America First Financial (AFFFZ)
America Online, Inc. (AOL)
American Bank Note Holographics, Inc. (ABH)
American Express Company (AXP)
American Income Life Insurance Company
Archer-Daniels-Midland Company (ADM)

Ariba, Inc. (ARBA)
Ash Grove Cement Company (ASHG.PK)
Aspec Technology, Inc. (ASPC)
Assisted Living Concepts, Inc. (ALF)
Atchison Casting Corp. (FDY)
Aurora Foods, Inc. (AOR)
Bay Area Cellular Telephone Co. (BACTC)
Blockbuster Video (BBI)
Borders Group, Inc.
Boston Scientific Corporation (BSX)
Bre-X Corporation (BXMN)
Broadcom Corporation (BRCM)
Brocade Communications Systems, Inc. (BRCD)
California Amplifier, Inc. (CAMP)
Callidus Software Inc. (CALD)
Candies, Inc. (CAND)
Caremark, Inc. (CMX)
Caremark International Inc.
Caribbean Cigar Co. (CIGRD, CIGRW)
Centennial Technologies, Inc. (CENL)
Chalone Wine Group Ltd.
Charles Allmon Trust
Chiron Corporation
Cisco Systems, Inc. (CSCO)
Citizen Utilities Company (CZN)
CNF, Inc. (CNF)
Complete Management, Inc. (CPMI)
CompuMed, Inc. (CMPD)
Coram Healthcare Corporation (CRH)
Corrpro Cos. Inc. (CO)
Creative Technology Ltd. (CREAF)
Critical Path, Inc. (CPTH)
Cyberguard Corporation (CYBG)
Cylink Corporation (CYLK)
Del Global Technologies Corporation (DGTC)
Digital Equipment Corp. (DEC pa)
Digital Lightwave, Inc. (DIGL)
Ditech Communications Corp. (DITC)
DoubleClick, Inc. (DCLK)
eBay, Inc. (EBAY)
Electronic Arts, Inc. (ERTS)
Employee Solutions, Inc. (ESOL)
Emulex Corporation (EMLX)
Enron Corporation
Fen-Phen Diet Pill Litigation
Fine Host Corp. (FINE)

First Merchants Acceptance Corp. (FMAC)
First Virtual Communications, Inc. (FVC)
Flat Glass Antitrust Litigation
FLIR Systems Inc. (FLIR)
Ford Motor Company (F)
Formula One Administration, Ltd.
FPA Medical Management, Inc. (FPAM)
Frederick's of Hollywood
Fujitsu Computer Products of America
FVC.COM, Inc. (FVCC)
Gateway, Inc. (GTW)
Gencor Industries, Inc. (GCRX)
Genzyme Corporation (GENZ)
Greyhound Lines, Inc. (BUS)
Guidant Corporation (GDT)
H&R Block, Inc. (HRB)
Hanover Compressor Company (HC)
HealthSouth Corporation (HLSH )
Herbalife International, Inc. (HERBA)
Hewlett-Packard Corporation (HPQ)
The Home Depot, Inc. (HD)
Honda Motor Company (HMC)
HPL Technologies, Inc. (HPLA)
Indianapolis Motor Speedway Corp.
Impac Mortgage Holdings, Inc. (IMH)
Informix Corporation (IFMX)
Inso Corporation (INSO)
Intel Corporation (INTC)
Intershop Communications AG (ISHP)
Interspeed, Inc. (ISPD)
JDS Uniphase Corporation (JDSU)
JWP, Inc.
Ketema
Kidder Peabody & Co.
Kinder Morgan
Knoll, Inc.(KNL)
Koger Properties
Legato Systems, Inc. (LGTO)
Lernout & Hauspie Speech Products, N.V.
(LHSP)
Littlefield, Adams & Company (FUNW)
Logitech, Inc.
Louisiana-Pacific Corporation (LPX)
Macromedia, Inc. (MACR)
Marsh & McLennan Companies, Inc. (MMC)
Martha Stewart Living Omnimedia, Inc. (MSO)

Maxxam, Inc. (MXM)
McKesson HBOC, Inc. (HBOC)
Medaphis Corporation (MEDA)
Media Vision
Med/Waste, Inc. (MWDSE)
Mercury Finance Company (MFNNQ)
Mercury Interactive Corporation (MERQ)
Micron Technology, Inc. (MU)
Mirant Corporation (MIR)
Mitek Systems, Inc. (MITK)
Molina Healthcare, Inc. (MOH)
Motorcar Parts & Accessories, Inc. (MPAA)
NetManage, Inc. (NETM)
Netopia, Inc. (NTPA)
Network Computing Devices, Inc. (NCDI)
Network Solutions, Inc. (NSOL)
New Century Financial Corporation (NCEN)
Networks Associates, Inc. (NETA)
Network Solutions, Inc.
North Face Inc. (TNFI)
Novartis AG (NVS)
OCA, Inc. (OCA)
Orbital Sciences Corporation (ORB)
Pacific Gateway Enterprises
Pacific Telephone Company
Palm, Inc. (PSRC)
PalmOne, Inc. (PLMO)
PennCorp Financial Group, Inc. (PFG)
PeopleSoft, Inc. (PSFT)
Peregrine Systems, Inc. (PRGN)
PerkinElmer, Inc. (PKI)
Philip Services Corporation
Phycor, Inc. (PHYC)
Presstek Inc. (PRST)
Protection One, Inc. (US:POIX)
Providian Financial Corporation (PVN)
Quaker State Corporation (KSF)
Qwest Communications International Inc. (Q)
Quantum Corporation (DSS)
Quintus Corporation (QNTS)
Quovadx, Inc. (QVDX)
Rambus, Inc. (RMBS)
Riverstone Networks, Inc. (RSTN)
Roberds, Inc. (RBDS)

Saf T Lok, Inc. (LOCK)
Safeskin Corporation (SFSK)
Safety-Kleen Corporation (SKLN)
Salomon Bros.
Schlotzsky's Inc. (BUNZ)
Seagate Technology Inc. (SEG)
Secure Computing Corporation (SCUR)
Shiva Corporation (SHVA)
Silicon Graphics, Inc. (SGI)
Silicon Image, Inc. (SIMG)
Silicon Storage Technology, Inc. (SSTI)
Sipex Corporation (SIPX)
Sirena Apparel Group,Inc. (SIRN)
SmarTalk Teleservice, Inc. (SMTK)
Sonus Networks, Inc. (SONS)
Sony Computer Entertainment America, Inc.
Spanlink Communications, Inc. (SPLK)
Spectrum Information Technologies, Inc. (SITI)
Sprint Spectrum L.P. (FON)
Star Gas Partners, L.P. (SGU)
Sumitomo Metal Industries, Ltd. (SMMLY)
Summit Technology, Inc. (SMCT)
SupportSoft, Inc. (SPRT)
Sybase, Inc. (SYBS)
Syncronys Softcorp (SYCR)
T2
Telebit Corporation
Telxon Corporation (TLXN)
Tenera, Inc. (TNR)
Terayon Communication Systems, Inc. (TERN)
Tibco Software, Inc. (TIBX)
Toys R Us, Inc. (TOY)
Tut Systems, Inc. (TUTS)
TwinLab Corporation (TWLB)
Unify Corporation (UNFY)
U.S. Trust Corporation
U.S. West, Inc. (USW)
U.S. Wireless Corporation
Ventro Corporation
Verisign, Inc. (VRSN)
Versata, Inc. (VATA)
Websecure, Inc. (WEBS)
Worldcom, Inc. (WCOEQ)
Xicor, Inc.

ATTORNEYS

**ROBERT C. SCHUBERT** received a B.S. degree from the New York State School of Industrial and Labor Relations at Cornell University in 1966, where he graduated first in his class. He received his J.D. *cum laude* from Harvard Law School in 1969, after which he taught law, first at the Columbia University School of Law (1969-1970), and then at Golden Gate University School of Law (Assistant Professor, 1970-1975). Since that time he has been actively engaged in the practice of law, at both the trial and appellate levels. He specializes in complex litigation, particularly securities and antitrust class actions and shareholder derivative suits. He is a member of the State and Federal bars of California (since 1974), Massachusetts (since 1972) and New York (since 1970). In addition he has been admitted *pro hac vice* in the following courts, among others: United States District Courts for the Eastern District of Pennsylvania, the Middle District of Florida, the Northern District of Georgia, the Southern District of Ohio, the Western District of Oklahoma, the Western District of Washington, the Western and Northern Districts of Texas, the Northern and Central Districts of Illinois, the Northern District of Alabama, the Districts of Colorado, Oregon, Delaware, Utah, Montana, Arizona and New Hampshire, the Superior Courts of Alabama, Alaska, Connecticut, Colorado and Illinois, and the Delaware Court of Chancery. He has participated in discovery proceedings throughout the United States and the United Kingdom. He is also an arbitrator, and since 1971 has arbitrated numerous disputes under the auspices of the Federal Mediation and Conciliation Service. He is the author of several published articles, and lectures on class actions at the University of California, Hastings College of Law.

**WILLEM F. JONCKHEER** received his B.A. degree from Colgate University in 1990. He was awarded his J.D. degree in 1995 from the University of San Francisco School of Law.  He has been a law intern with the Pacific Stock Exchange and the U.S. Securities & Exchange Commission. Mr. Jonckheer was admitted to the State Bar of California in 1995.

**MIRANDA P. KOLBE** received her B.A. from Hamilton College.  She was awarded her J.D. degree from the University of California at Berkeley, Boalt Hall, where she won the Prosser Prize in Civil Procedure and the Moot Court Advocacy Award.  In addition, she served as an Instructor for Boalt's Legal Research and Writing class, and interned at the Prison Law Office in San Quentin, California, while at Boalt.  After graduating, she served as a full-time legal researcher in the Civil Division of the San Francisco Superior Court, and then joined Schubert & Reed LLP as an associate in 2001.

**DUSTIN L. SCHUBERT** received his B.A. from University of California at Berkeley in 2003. He was awarded his J.D. degree in 2007 from Vanderbilt University Law School. Mr. Schubert was admitted to the State Bar of California in 2007. Mr. Schubert previously interned with the Superior Court of California in and for the City and County of San Francisco, for the Hon. A. James Robertson II. Mr. Schubert has also interned for Bay Area Legal Aid.

**NOAH SCHUBERT** received his J.D. cum laude from the University of San Francisco School of Law in 2011, where he earned CALI Awards for Excellence in Constitutional Law and Civil Procedure and was awarded Best Oral Argument in the USF Moot Court Program.  He was admitted to the State Bar of California in 2011.  Mr. Schubert served as Editor-in-Chief of the USF Law Review, where he authored a comment on the policy and constitutional implications of

9

SCHUBERT JONCKHEER & KOLBE LLP
ATTORNEYS

selecting temporary replacements for recused Justices on the U.S. Supreme Court, titled *Replacement Justice on the U.S. Supreme Court: The Use of Temporary Justices to Resolve the Recusal Conundrum*, 46 U.S.F. L. Rev. 215 (2011).  Prior to law school, Mr. Schubert worked as the Online Editor for the Center for American Progress in Washington, D.C. and served as the Online Media Manager for the 2004 Democratic National Convention in Boston, MA.  He has also served as part of the National Advance Staff for the Kerry-Edwards campaign and former Vice President Al Gore.  Mr. Schubert received his B.A. from the University of California, Berkeley in 2003.

**KATHRYN Y. SCHUBERT** received her B.A. degree from Cornell University in 2006. She was awarded her J.D. degree from Harvard Law School in 2009, where she served as an executive editor of the Harvard International Law Journal.  Ms. Schubert was admitted to the State Bar of California in 2009 and the State Bar of New York in 2012. She served as a judicial extern with the Superior Court of California in and for the County of Santa Clara, for the Hon. J. Kleinberg. Prior to joining Schubert Jonckheer & Kolbe LLP, Ms. Schubert worked as an associate with Kirkland & Ellis LLP (2009-2011) and Satterlee Stephens Burke & Burke LLP (2012-2015) where she represented public and private entities in mergers and acquisitions, divestitures, senior and subordinated debt financings, securities offerings, executive compensation arrangements, and corporate governance.

10

SCHUBERT JONCKHEER & KOLBE LLP
ATTORNEYS

EXHIBIT 2

EXHIBIT 2

## IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
### TIME AND LODESTAR SUMMARY
### INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Schubert Jonckheer & Kolbe LLP | |
|---|---|---|
| Reporting Year | 2013 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| Willem F. Jonckheer (P) | $700.00 | | | | . | 8.0 | | | | 9.9 | | | | 17.9 | $ 12,530.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 8.0 | 0.0 | 0.0 | 0.0 | 9.9 | 0.0 | 0.0 | 0.0 | 17.9 | $ 12,530.00 |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Schubert Jonckheer & Kolbe LLP | |
|---|---|---|
| Reporting Year | 2014 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| Robert C. Schubert (P) | $850.00 | 0.7 | | | | | | | | | 0.5 | | | 1.2 | $ 1,020.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Willem F. Jonckheer (P) | $700.00 | 4.4 | | | | 0.2 | | | | 21.6 | 41.1 | | | 67.3 | $ 47,110.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Dustin L. Schubert (P) | $500.00 | 0.2 | | | | | | | | 6.2 | 1.3 | | | 7.7 | $ 3,850.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Jackie Zaneri (PL) | $200.00 | 1.0 | | | | | | | | 9.9 | 13.4 | | | 24.3 | $ 4,860.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 6.3 | 0.0 | 0.0 | 0.0 | 0.2 | 0.0 | 0.0 | 0.0 | 37.7 | 56.3 | 0.0 | 0.0 | 100.5 | $ 56,840.00 |

**EXHIBIT 2**

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Schubert Jonckheer & Kolbe LLP |
|---|---|
| Reporting Year | Inception through Present |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2008 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2009 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2010 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2011 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2012 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2013 | | 0.0 | 0.0 | 0.0 | 0.0 | 8.0 | 0.0 | 0.0 | 0.0 | 9.9 | 0.0 | 0.0 | 0.0 | 17.9 | $ 12,530.00 |
| 2014 | | 6.3 | 0.0 | 0.0 | 0.0 | 0.2 | 0.0 | 0.0 | 0.0 | 37.7 | 56.3 | 0.0 | 0.0 | 100.5 | $ 56,840.00 |
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| | | 6.3 | 0.0 | 0.0 | 0.0 | 8.2 | 0.0 | 0.0 | 0.0 | 47.6 | 56.3 | 0.0 | 0.0 | 118.4 | $ 69,370.00 |

STATUS:
(P)     Partner
(OC)    Of Counsel
(A)     Associate
(LC)    Law Clerk
(PL)    Paralegal
(I)     Investigator

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

**EXHIBIT 3**

EXHIBIT 3

## IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
### EXPENSE SUMMARY
### INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Schubert Jonckheer & Kolbe LLP |
|---|---|
| Reporting Year | Inception through Present |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| Assessments | | |
| Outside Copies | | |
| In-house Reproduction /Copies | | |
| Court Costs & Filing Fees | | |
| Court Reporters 7 Transcripts | | |
| Computer Research | | $1,878.58 |
| Telephone & Facsimile | | |
| Postage/Express Delivery/Courier | | |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts | | |
| Witness / Service Fees | | |
| Travel: Airfare | | |
| Travel: Lodging/Meals | | $77.70 |
| Travel: Other | | |
| Car Rental/Cabfare/Parking | | $102.00 |
| Other Expenses | | |
| | | |
| TOTAL | $ | 2,058.28 |