IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Order Relates To: | ORDER APPOINTING SPECIAL MASTER |
| ALL ACTIONS | |

The Court has suggested the appointment of Mr. Martin Quinn as an additional Special Master for this case. See Fed. R. Civ. P. 53(a)(1)(A), 53(a)(1)(C). The Court gave the parties an opportunity to be heard by permitted parties to submit objections via an order to show cause. See Order of the Court dated September 2, 2015, ECF No. 4033 ("Show Cause Order"), Fed. R. Civ. P. 53(b)(1). The Court received two objections, plus a response to one of the objections. See ECF Nos. 4043, 4046, 4049. Parties objected to the form of this Order, not to Mr. Quinn himself. The Court granted a hearing, held on September 11, 2015. Parties were then provided a draft order, and the Court entertained objections. See ECF Nos. 4053, 4062, 4068. The Court now finds that parties have had a full, fair opportunity to be fully heard on this matter. Objections are accommodated in this Order or else are OVERRULED.

The Court finds that parties have consented to a Special Master performing these duties as <u>presently</u> anticipated, which excludes the pending DPP settlement. <u>See</u> Fed. R. Civ. P. 53(a)(1)(A). The Court accepts as true assertions by certain Counsel made during the hearing on September 11, 2015 that it will not be necessary for the Special Master to review a fee motion for DPPs, but reserves the right to refer the matter to the Special Master should Counsel prove to be incorrect. The Court also finds that determinations of attorneys' fees and related matters being referred to Mr. Quinn are "posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." <u>See</u> Fed. R. Civ. P. 53(a)(1)(C). Accordingly, appointment of a Special Master is proper.

WHEREFORE, IT IS HEREBY ORDERED that, pursuant to Federal Rule of Civil Procedure 53, Mr. Martin Quinn is appointed as Special Master to supervise and preside over all "designated posttrial matters," as defined herein.

The Special Master has filed a declaration under 28 U.S.C. § 455 stating that there is no ground for disqualification. During the course of these proceedings, the Special Master and the parties shall notify this Court immediately if they become aware of any new potential grounds that would require disqualification.

**1.   Scope of Duties**

This Order shall apply to all cases currently pending in MDL No. 1917 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently

settling or subsequently settling whose posttrial matters fall within the scope of the designated posttrial matters detailed below.  This presently includes settling Indirect Purchaser Plaintiffs, though <u>may in the future include other settling parties</u> should the Court believe the circumstances of those settlements satisfy Fed. R. Civ. P. 53(a)(1)(A) or (C).  In such circumstances, the Court will not initiate separate appointment procedures to appoint Mr. Quinn as a Special Master, as he has already been appointed, but will permit parties to file objections upon good cause shown that a circumstance has changed or newly come to light.

Pursuant to Rule 53(a)(3), the Court has considered the fairness of imposing the likely expenses of the Special Master on the parties.  The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-savings to all parties.  The Court will protect against unreasonable expenses and delay through regular communication with the Special Master and Lead Counsel for the Indirect Purchaser Plaintiffs or other relevant Counsel.

Pursuant to Rule 53(b)(2)(A), the Special Master shall adjudicate all designated posttrial matters.  These matters shall include assisting the Court with the approval of the pending settlements in the Indirect-Purchaser Cases, the determination of a fair, reasonable, and adequate aggregate award of attorneys' fees and the reimbursement of expenses to all plaintiffs' counsel, a fair and reasonable division of the aggregate award among plaintiffs' counsel, and service awards to the named plaintiffs, including any objections to these matters, and dealing with any other matters that the Court may direct him to undertake.  This

specifically excludes pretrial discovery disputes, excludes disputes arising during the course of pretrial depositions, and excludes any pretrial motion.  Such disputes have been previously assigned to Judge (Ret.) Walker or Magistrate Judge (Ret.) Larson (appointment subject to objections), whose present and pending appointments as Special Masters remains unaffected by this separate appointment of a third, distinct Special Master.

The Special Master may approach these duties in whatever manner he deems proper.  For example, he may (but is **not** required to) ask Lead Counsel for the Indirect Purchaser Plaintiffs to allocate the attorneys' fees among Plaintiffs' Counsel in the first instance in a manner which Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.  However, all aspects of such allocation must remain entirely subject to the Special Master's review. Moreover, and to alleviate concern by certain parties, the Special Master must expressly consider and include within a Report and Recommendation a review of the appropriate allocation of the aggregate award among each of the plaintiffs' firms who have contributed to this litigation, to include division of fees and reimbursement of costs.

The Special Master shall assist the Court by preparing reports and issuing recommendations in the Indirect Purchaser Cases or other, later assigned cases on the subjects of: (1) final approval of the pending settlements, including any objections thereto; (2) the aggregate award of attorneys' fees and expenses to all Plaintiffs' Counsel; (3) a fair and reasonable division of the aggregate award among plaintiffs' counsel; (4) service awards to

named Plaintiffs, including any objections thereto; and (5) the reimbursement of the parties' expenses, including any objections thereto. See Fed. R. Civ. P. 53(e). All recommendations submitted by the Special Master concerning these matters shall be filed and served as set forth below.

The Special Master is authorized to retain independent auditors, accountants, and clerical assistants to assist him with the preparation of any report concerning expenses or fees.

In connection with his duties, the Special Master is authorized to employ such processes, and to request such evidence and information, in whatever form is appropriate, as will contribute to a fair and efficient resolution of such issues.

### 2. Special Master's Authority

The Special Master shall have all the authority provided in Rule 53(c), including but not limited to the authority to set the date, time and place for all hearings, to preside over hearings (whether telephonic or in-person), to take evidence, to conduct telephonic conferences to resolve disputes arising during depositions, to recommend contempt sanctions to the Court, and to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorneys' fees, as provided by Rules 37 and 45. The Special Master may determine disputes arising from failing to abide by sanctions set forth by the Special Master. The Special Master is authorized to receive and consider information designated as confidential pursuant to the Protective Order entered in this matter, and may review privileged material in camera. The Special Master agrees to be bound by said Protective Order.

///

### 3. Procedure for Motions Submitted to the Special Master

The procedural requirements contained in the Court's Pretrial Orders shall govern any motion practice before the Special Master, unless the Special Master orders otherwise.

### 4. Preservation of Record

#### a. Preservation of Materials and Preparation of Record

Pursuant to Rule 53(b)(2)(c), the Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any of his written orders, findings and/or recommendations. Pursuant to Rule 53(e), the Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF"). Such filing shall fulfill the Special Master's duty to serve his orders on the parties.

#### b. Special Master's Reports to Court

Pursuant to Rule 53(e), the Special Master shall issue orders on motions presented to him which shall be final and not require the Court's signature, subject to the parties' right to file objections as described below. Further, the Special Master shall prepare reports and recommendations to the Court on the subjects stated herein. If the Special Master considers it advisable to make any other report to the Court, he shall do so in accordance with Rule 53(e).

### 5. Action on Orders, Reports, or Recommendations

Pursuant to Rule 53(f), the procedures described in paragraphs 5(a)-(d) herein shall govern any action on the Special Master's orders, reports and/or recommendations.

///

6

      **a.    Time Limits for Review**

Any party wishing to file objections or a motion to adopt or modify the Special Master's orders, reports and/or recommendations must file such objections or motion with the Court within 14 days from the day the Special Master filed the order, report, and/or recommendation via ECF. Any order issued by the Special Master shall remain in effect pending any such objection or motion. Any opposition shall be filed within 7 days after the objection on the motion is filed.

      **b.    Filing the Record for Review**

The party filing the objection or motion shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

      **c.    Standard for Review**

Pursuant to Rule 53(f)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error. The Court shall review <u>de novo</u> any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

      **d.    Court's Actions on Special Master's Orders**

Pursuant to Rule 53(f)(1), in acting on an order or R&R of the Special Master, the Court shall afford the parties an opportunity

to present their positions and, in its discretion, may receive evidence, and may adopt or affirm; modify; wholly or partly reject or reverse; resubmit to the Special Master with instructions; or make any further orders it deems appropriate.

### 6.  Ex Parte Communications

Pursuant to Rule 53(b)(2)(B), the Special Master may communicate ex parte with the Court at any time.  Generally, the Special Master shall not communicate ex parte with any party without first providing notice to, and receiving consent from, Plaintiffs' Lead Counsel and Counsel for any other interested party.  However, without providing notice or obtaining consent, the Special Master may communicate ex parte with a party for the limited purposes of administrative matters such as scheduling hearings, telephone calls or briefing, if such arrangements cannot be made in a timely manner by contacting the Special Master's administrative assistant.

### 7.  Compensation

Pursuant to Rule 53(g), the Special Master shall be compensated at an hourly rate of $700.00 for his services as Special Master in the MDL proceedings, plus the Administrative Fee charged by JAMS, and shall be reimbursed for any out-of-pocket expenses (e.g. cost of accountants, auditors and clerical assistants, and expenses for telephone conference calls).  The Special Master shall not charge for travel time.  The Special Master shall prepare a monthly invoice for his services, which he shall provide to Lead Counsel for the Indirect Purchaser Plaintiffs (or such other counsel as the Court should in the future direct) to be paid from the Litigation Fund.  In connection with objections

and discovery matters, the parties shall each pay an equal share of the cost.

**8. Diligence**

Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing his duties in the MDL proceedings.

Within seven (7) days of this order or according to such schedule as the Special Master may otherwise publish, all parties with pending designated posttrial matters shall contact the Special Master to discuss the execution of his duties in connection with this order.

IT IS SO ORDERED.

Dated: September 24, 2015  _____

UNITED STATES DISTRICT JUDGE