JEFFREY L. KESSLER (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email: jkessler@winston.com

STEVEN A. REISS (*pro hac vice*)
DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: steven.reiss@weil.com

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | MDL. No. 1917<br><br>**DECLARATION OF JENNIFER M. STEWART IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5**<br><br>**[re Panasonic Documents]** |

I, Jennifer M. Stewart, declare as follows:

1. I am an attorney with Winston & Strawn LLP, counsel for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) (collectively, the "Panasonic Defendants") in these actions. I am a member of the bar of the State of New York and I am admitted to practice before this Court *pro hac vice*. Except for those matters stated on information and belief, about which I am informed and which I believe to be true, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On June 18, 2008, the Court approved a "Stipulated Protective Order" in this matter (Dkt. 306). On September 23, 2015, Indirect Purchaser Plaintiffs ("Plaintiffs") filed an Administrative Motion to Seal (Dkt. 4070), and lodged conditionally under seal, pursuant to Civil Local Rules 7-11 and 79-5(d), certain exhibits to the Declaration of Mario N. Alioto In Support of Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives ("Alioto Declaration") that contain information from documents or deposition testimony that the Panasonic Defendants have designated "Confidential" or "Highly Confidential."

3. Pursuant to Civil Local Rule 79-5(e), I make this declaration on behalf of the Panasonic Defendants to provide the basis for the Court to maintain under seal the exhibits to the Alioto Declaration that relate to documents designated "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order.

4. Exhibits 4 and 8 to the Alioto Declaration quote from or describe documents, testimony or information designated as "Confidential" or "Highly Confidential" by the Panasonic Defendants pursuant to the Stipulated Protective Order.

5. The documents and information quoted from, described, or otherwise summarized in Exhibits 4 and 8 to the Alioto Declaration consist of, cite to, or identify confidential, nonpublic, proprietary, and highly sensitive business information about the Panasonic Defendants' business practices, pricing practices, negotiations, and confidential business agreements. The documents

1  describe relationships with companies that remain important to the Panasonic Defendants'
2  competitive position. I am informed and believe that this is sensitive information and public
3  disclosure of this information presents a risk of undermining the Panasonic Defendants' business
4  relationships, would cause it harm with respect to its competitors and customers, and would put the
5  Panasonic Defendants at a competitive disadvantage.

6      6.    I understand that the Panasonic Defendants consider any statements in the Alioto
7  Declaration or Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Litigation
8  Expenses, and Incentive Awards to Class Representatives purporting to summarize any documents
9  or information designated "Confidential" or "Highly Confidential" by the Panasonic Defendants
10 confidential and proprietary. I am informed and believe that the Panasonic Defendants have taken
11 reasonable steps to preserve the confidentiality of information of the type contained, identified, or
12 cited in Exhibits 4 and 8 to the Alioto Declaration.

13     I declare under penalty of perjury that the foregoing is true and correct.

15 DATED: September 28, 2015      By: /s/ *Jennifer M. Stewart*
JEFFREY L. KESSLER (*pro hac vice*)
Email: jkessler@winston.com
ALDO A. BADINI (257086)
Email: abadini@winston.com
EVA W. COLE (*pro hac vice*)
Email: ewcole@winston.com
MOLLY M. DONOVAN (*pro hac vice*)
Email: mmdonovan@winston.com
JENNIFER M. STEWART
Email: jstewart@winston.com
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

STEVEN A. REISS (*pro hac vice*)
Email: steven.reiss@weil.com
DAVID L. YOHAI (*pro hac vice*)
Email: david.yohai@weil.com
ADAM C. HEMLOCK (*pro hac vice*)
Email: adam.hemlock@weil.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Defendants Panasonic Corporation of North America, MT Picture Display Co., Ltd., and Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.)*