1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV- 07-5944-SC |
|---|---|
| | MDL No. 1917 |
| This Document Relates to: | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS WITH THOMSON DEFENDANTS** |
| *Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | |
| | Date:        October 23, 2015<br>Time:        10:00 a.m.<br>Judge:       Honorable Samuel Conti<br>Courtroom: 1 |

1  On October 2, 2015, Direct Purchaser Plaintiffs filed a brief in support of Final Approval of Class Action Settlements with: Defendants Thomson SA (now known as Technicolor SA) and Thomson Consumer Electronics, Inc. (now known as Technicolor USA, Inc.) (collectively "Thomson"); and Technologies Displays Americas LLC (formerly known as Thomson Displays Americas LLC) ("TDA") (collectively "Settling Defendants" or "Thomson Defendants").  The Court, having reviewed the motion, the settlement agreement between the Plaintiffs and Thomson ("Thomson Settlement Agreement"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement Agreement, including all members of the Class and the Defendants.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23(g), Lead Counsel, previously appointed by the Court (Saveri & Saveri, Inc.), is appointed as counsel for the Class. Saveri & Saveri, Inc. has and will fairly and competently represent the interests of the Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following settlement class be certified:

> All persons and entities who, between March 1, 1995 and November 25, 2007, directly purchased a CRT or a CRT Product in the United States from any Defendant or any subsidiary or affiliate thereof, or any co-conspirator. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, all governmental entities, and any judges or justices assigned to hear any aspect of this action.

5. The term CRT Products refers to all forms of Cathode Ray Tubes (CRTs), as well as to devices that contain CRTs. Thus, CRT Products include color picture tubes (CPTs), color display tubes (CDTs), monochrome display tubes, and also the finished products that contain them—televisions and monitors.

6. The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; (d) the plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions.

7. The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. This Court hereby dismisses on the merits and with prejudice the Action in favor of Thomson and TDA, with each party to bear their own costs and attorneys' fees.

9. The Thomson Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had or have arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

10. The notice given to the Class of the settlement was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts.  Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

11. The Plan of Allocation set forth in the Class notice is, in all respects, fair, adequate, and reasonable. Accordingly, the Court hereby grants final approval of the Plan of Allocation.

12. Without affecting the finality of the Judgments in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to

1  Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Funds; (c)
2  hearing and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest;
3  (d) the Action until the Final Judgments contemplated hereby have become effective and each and
4  every act agreed to be performed by the parties all have been performed pursuant to the Settlement
5  Agreement; (e) hearing and ruling on any matters relating to the plan of allocation of settlement
6  proceeds; and (f) all parties to the Action and Releasors for the purpose of enforcing and
7  administering the Settlement Agreement and the mutual releases and other documents
8  contemplated by, or executed in connection with the Settlement Agreement.

9  13.  In the event that the settlement does not become effective in accordance with the
10 terms of the Settlement Agreement, then the Judgments shall be rendered null and void and shall
11 be vacated, and in such event, all orders entered and releases delivered in connection herewith
12 shall be null and void and the parties shall be returned to their respective positions *ex ante*.

13 14.  The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil
14 Procedure, that Final Judgments should be entered and further finds that there is no just reason for
15 delay in the entry of Judgments, as Final Judgments, as to the parties to the Settlement Agreement.
16 Accordingly, the Clerk is hereby directed to enter Judgments forthwith for Thomson and TDA.
17 IT IS SO ORDERED.

Dated: _____         _____
                                     Hon. Samuel Conti
                                     United States District Judge