UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corporation, et al.*, Case No. 14-CV-2058 (SC). | Master File No. CV- 07-5944-SC<br><br>MDL No. 1917<br><br>**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT TECHNOLOGIES DISPLAYS AMERICAS LLC (FORMERLY KNOWN AS THOMSON DISPLAYS AMERICAS LLC) ("TDA")** |

1. This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement with Defendants Technologies Displays Americas LLC (formerly known as Thomson Displays Americas LLC) ("TDA") set forth in the Settlement Agreement ("Agreement"), dated February 6, 2015, relating to the above-captioned litigation. The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this Final Judgment approving this Agreement. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Agreement, including all members of the Class and Defendants.

2. The definitions of terms set forth in the Agreement are incorporated hereby as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. Those persons/entities identified on Exhibit D to the Declaration of Ross Murray in Support of Final Approval of Class Action Settlements filed on October 2, 2015, who/which have submitted timely requests for exclusion have validly requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by this Final Judgment. Such persons/entities are not entitled to any recovery of the settlement proceeds obtained through this settlement.

5. This Court hereby dismisses on the merits and with prejudice the Class Action in favor of TDA, with each party to bear their own costs and attorneys' fees.

6. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against the Thomson

1   Releasees (as defined in the Agreement), in this or any other jurisdiction, any and all claims, causes
2   of action or lawsuits, which they had, have, or in the future may have, arising out of or related to
3   any of the Released Claims as defined in the Agreement.
4           7.      The Thomson Releasees, are hereby and forever released and discharged with
5   respect to any and all claims or causes of action which the Releasors had or have arising out of or
6   related to any of the settled claims as defined in the Agreement.
7           8.      Without affecting the finality of this Judgment in any way, this Court hereby retains
8   continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class
9   Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund (c) hearing
10  and determining applications by plaintiffs for attorneys' fees, costs, expenses, and interest; (d) the
11  Action until the Final Judgment contemplated hereby has become effective and each and every act
12  agreed to be performed by the parties all have been performed pursuant to the Agreement; (e)
13  hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f)
14  all parties to the Action and Releasors, for the purpose of enforcing and administering the
15  Agreement and the mutual releases and other documents contemplated by, or executed in
16  connection with the Agreement.
17          9.      The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil
18  Procedure, that this Final Judgment should be entered and further finds that there is no just reason
19  for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Agreement.
20  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

22          IT IS SO ORDERED.

25  Dated: _____           _____
                                            Hon. Samuel Conti
26                                          United States District Judge