Timothy R. Hanigan (125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) Master File No. 3:07-cv-5944-SC ) ) MDL No. 1917 ) ) |
| This document relates to: | ) ) |
| ALL INDIRECT PURCHASER ACTIONS | ) The Honorable Samuel Conti ) Special Master Charles A. Legge (Ret.) ) ) |

## OBJECTION OF SEAN HULL AND GORDON MORGAN

## STANDING AND OBJECTOR INFORMATION

Objectors Sean Hull and Gordon Morgan (collectively, "Objectors") are class members and have standing to make this objection.  *See* Declaration of Sean Hull, Exhibit 1, Declaration of Gordon Morgan, Exhibit 2, incorporated by reference as though set forth in full.  Their full names, addresses and telephone numbers are as follows:

> Sean Hull
> 7890 Witney Place
> Lone Tree, CO 80124
> (303) 927-6561
>
> Gordon Morgan
> 4701 Ayers, Suite 105
> Corpus Christi, TX  77415
> (281) 733-4097

Objectors are represented by Timothy R. Hanigan, Lang, Hanigan & Carvalho, LLP, address and phone herein, and Bandas Law Firm, PC, 500 N. Shoreline Blvd., Suite 1020, Corpus Christi, Texas  78401; (361) 400-4000.  Chris Bandas of Bandas Law Firm does not presently intend on making an appearance for himself or his firm.  Objectors do not intend on appearing at the fairness hearing either in person or through counsel but ask that this objection be submitted on the papers for ruling at that time.  Objectors rely upon the documents contained in the Court's file in support of these objections as well as the documents attached hereto.  Objection is made to any procedures or requirements to object in this case that require information or documents other than those that are contained herein to the extent that such procedures or requirements seek irrelevant information, are unnecessary, are unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and/or violate Objectors and counsel's due process rights and/or Rule 23.  Objectors incorporate by reference the arguments and authorities contained in all other objections, if any, filed by any other class members and made in opposition

to this proposed settlement and/or to the award of attorneys' fees that are not inconsistent with this objection or adverse to the interests of Objectors or their counsel.

## ARGUMENT

### 1. The Lack Of Adequate Notice To Non-US Residents

#### A. Non-US Residents Appear To Be Members Of Statewide Damages Classes

If a person or business purchases a CRT Product for its own use and not for resale in Arizona, California, the District of Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia or Wisconsin they are included in the Statewide Damages Classes even, it appears, if they are not a resident of one of those states. The class notice specifically provides "you do not have to be a resident of one of these states." Therefore, a resident of Canada, Mexico, or any other country appears to be a member of the Statewide Damages Classes so long as he or she made a purchase of a CRT Product in one of those states during the class period. As members of the Statewide Damages Classes, these non-US residents appear to have the right to make a claim in this settlement for a monetary recovery and their rights appear to be generally affected by this proposed settlement.

#### B. Non-US Class Members Have The Right To Adequate Notice Of A Proposed Class Settlement

A member of a class action has the right to receive notice of a proposed class action settlement and in order to be considered adequate the notice must be the best practicable under the circumstances. *See generally,* Fed. R. Civ. P. 23(c). "Due process requires that potential class members receive proper notice so that they may participate in the litigation or opt-out and preserve the right to institute their own action." *Alberghetti v. Corbis Corp.*, 263 F.R.D. 571, 576-77 (C.D. California 2010), *aff'd*, 476 Fed. Appx. 154 (9th Cir. 2012) (citing *Phillips*

*Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985)). "The notice must be the best practicable, 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Shutts* at 812. Therefore, non-US resident class members whose rights are impacted and who are giving releases have the right to the best practicable notice. Objection is made to this proposed settlement based on the above and to the extent that it failed to provide the best notice practicable to non-US resident class members who are members of the Statewide Damages Classes.

## 2. The Release Of Claims By Outside Nationwide Class Members

### A. Outside Nationwide Class Members Cannot File A Claim In Proposed Settlement

Indirect purchasers of CRT Products outside of the listed Statewide Damages Class states and outside of Illinois, Oregon and Washington are nonetheless included in the Nationwide Class. This subgroup of Nationwide Class Members will be referred to as the "Outside Nationwide Class Members" and includes Nationwide Class Members who purchased a CRT Product in states like Texas, New Jersey or South Carolina, by way of example. Objector Gordon Morgan is an Outside Nationwide Class Member.

### B. No Or Inadequate Consideration

The Outside Nationwide Class Members release injunctive relief claims but they cannot file a claim and are therefore are not compensated under this proposed settlement. Objection is made to the proposed settlement in that it releases valuable injunctive relief claims of the Outside Nationwide Class Members with no or inadequate consideration.

### C. Lack Of Adequate Representation

The Outside Nationwide Class Members are an uncompensated subclass in this proposed settlement. They are class members who cannot file a claim and will not be compensated in this

proposed settlement while they nevertheless release valuable claims. Objection is made on the grounds that the Outside Nationwide Class Members are entitled to adequate representation including formal sub-classing and separate representation and objection is made to the extent they did not receive those procedural and substantive protections. *See, eg. Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 594-95 (1997); *see also Dewey v. Volkswagen AG*, 681 F.3d 170, 186-89 (3d Cir. 2012).

### D.  Unfairness To Outside Nationwide Class Members

A proposed class settlement may only be approved if it is fair, adequate and reasonable. *See, eg., Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998). "In reviewing a proposed settlement, a court should not apply any presumption that the settlement is fair and reasonable." Am. Law Institute, *Principles of the Law of Aggregate Litig.* § 3.05(c) (2010). Objection is made to the proposed settlement on the grounds that it is not fair, adequate and reasonable to Outside Nationwide Class Members for the simple reason that they release valuable injunctive relief claims but cannot file a claim and therefore are not compensated by the proposed settlement.

## 3.  Objection To Attorneys' Fees And Inquiry Into Class Counsels' Lodestar

### A.  A One-Third Fee Is Excessive Under The Circumstances

The class notice indicates that class counsel seeks a fee award of up to one-third of the $576.75 million settlement fund. The notice also appears to suggest that reimbursement of unspecified expenses and awards to the class representatives may be in addition to the up to one-

third fee award.[1] At minimum, it is vague whether all of these sums are capped at one-third of the settlement fund.

The benchmark for the recovery of a percentage fee and expense award in a class settlement in the 9th Circuit is twenty-five percent. *See, eg., Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990). In addition, this is a mega-fund case, which is generally speaking a common fund over $100 million, so the percentage of recovery should be reduced further with the size of the total fund. This also, ironically, may be a mega-fund case where the total fund actually appears to be quite modest in comparison to the damage model of plaintiffs' damages expert(s) and/or comparable antitrust settlements. Objectors respectfully request that the Court make those comparisons.

### B. Allocation Of Fees And High Sulfur

Under the *High Sulfur* case, the Fifth Circuit provided prudent guidance for how the Court should allocate the attorneys' fees between and among class counsel and Objectors contend that that guidance should be followed in this case. *See In re High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220, 224-26 (5th Cir. 2008).

### C. Contemporaneous Records And Duplicative Or Unnecessary Work

In *Rose v. Bank of America Corp., et al.,* 2014 WL 4273358 (N.D. Cal. August 29, 2014), *reconsideration denied*, 2015 WL 1969094 (N.D. California May 1, 2015), Exhibit 3 hereto, a lodestar analysis was conducted in a non-mega-fund case resulting in fees being reduced from the requested 25% benchmark percentage (slightly in excess of $8 million) to $2,402,243.91. Objectors respectfully request that the Court conduct such a detailed lodestar analysis.

---

[1] Objection is made on the basis that the notice should have clearly set out the details and amount of the expenses sought and amount of the proposed awards to the class representatives.

In performing the lodestar analysis of class counsel's time records, this case appears to have some interesting wrinkles that warrant an even closer look that usual by the Court. Robert J. Bonsignore has filed a declaration under docket number 4072 on September 23, 2015. In paragraph 14 of this declaration, Mr. Bonsignore indicates that another class counsel indicated that he did not keep contemporaneous time records. In light of this assertion, objection is made to the lodestar of any class counsel that is not accompanied by a declaration and objective proof (which could take a variety of forms) that all time records were made contemporaneously, how they were recorded and that such records accurately indicate the precise time spent each day by each attorney and recorded each day. An investigation into each lawyer's time records and how and when such time was recorded in this case is warranted. In addition to the issue concerning proof of contemporaneous time records, objection is made to the extent that any duplicative or unnecessary time is included in any lawyer's lodestar calculation and respectfully requests that this Court perform that analysis.

## CONCLUSION

Objectors respectfully request that the Court grant these objections and disapprove the proposed settlement. In the event the proposed settlement is approved, objection is made to the proposed award of attorneys' fees and expenses to class counsel.

Dated: October 7, 2015                    Respectfully submitted,

*/s/ Timothy R. Hanigan*
Timothy R. Hanigan (125791)
LANG, HANIGAN & CARVALHO, LLP,
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

*Counsel for Objectors*

## **PROOF OF SERVICE**

I hereby certify that on this day, I electronically filed this objection and its attached declarations and exhibits using the CM/ECF filing system thus effectuating service of such filing on all ECF registered attorneys in this case.

I further certify that a true and correct copy of the foregoing objection has been forwarded to Plaintiff's counsel and the Class Action Clerk via U.S. Mail on this the 7th day of October, 2015.

Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123

Class Action Clerk
United States District Court For
The Northern District of California
450 Golden Gate Ave., 16th Floor
San Francisco, CA 94102

DATED this 7th Day of October, 2015.

*/s/ Timothy R. Hanigan*
Timothy R. Hanigan

For the foregoing reasons, I object to this settlement.

DATED: October 6, 2015

                                                       Sean Hull
                                                     7890 Witney Place
                                                     Lone Tree, Colorado 80124
                                                     (303) 519-8711

For the foregoing reasons, I object to this settlement.

DATED: October 6, 2015

Gordon Morgan
4701 Ayers, Ste.105
Corpus Christi, Texas 78415
(281) 733-4097