IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION <br><br> This Order Relates To: <br><br> ALL DAP ACTIONS | MDL No. 1917 <br><br> Case No. C-07-5944-SC <br><br> ORDER ADOPTING IN PART, DENYING IN PART REPORT AND RECOMMENDATION OF SPECIAL MASTER RE MOTION TO COMPEL DAPS' SETTLEMENT AGREEMENTS |

The Court now considers a Report and Recommendation (R&R) dated July 31, 2015, ECF No. 3941, ordering DAPs to produce all settlement agreements in the above captioned matter within five business days. The Court is in receipt of numerous objections or responses by parties. See ECF Nos. 3997 (amending ECF No. 3979), 3981, 3982, 3983, 3984, 3994, 4016 (amending ECF No. 4011). The responses range from discussing Special Master Walker's conclusions that the discovery request itself was timely to suggesting that Rule 26 does not actually authorize the production ordered.

Upon careful review, the Court agrees with the R&R's finding that the discovery request was timely, and insofar as it may have not been timely, the Court agrees with the R&R's recommendation that it is proper to reopen discovery for the limited purpose of disclosing this information. The Court further agrees with the Special Master that within the Ninth Circuit there is no direct or

express privilege against disclosure of settlement agreements. Insofar as the Court agrees with these points, the Court adopts the R&R's analysis in full, and incorporates it herein.

The Court does note the R&R minimally addresses the cited line of cases highlighting the need to respect confidentiality as part of the backdrop or express condition for the settlement agreements. See Jeff D. v. Andrus, 899 F.2d 753, 758 (9th Cir. 1989) (in granting a class action settlement, "courts are not permitted to modify settlement terms or in any manner to rewrite agreements reached by parties."); see also ECF Nos. 3983 at 2 (collecting cases from E.D.N.Y.); 3997 (citing an E.D. Pa case); 3979-5 at 4-6. It is unclear the degree to which Andrus really applies here, and the Court agrees with the Special Master that the other cases are from other circuits and thus not binding. See R&R at 6. Yet in hopes of falling within the (unclear) applicable scope of Andrus, certain parties expressly note in their objections to the R&R that confidentiality was an "important condition of settlement" which the Court should honor. See, e.g., ECF Nos. 3982 at 1, 3984 at 3. The R&R posits any such concern is cured by disclosure under seal. R&R at 7 (citing In re TFT-LCD (Flat Panel) Antitrust Litigation, Civ 3:07-md-01827-SI, ECF No. 4825, filed February 15, 2012). The Court need not resolve how such sealed disclosures might conflict with the Court's definitive conclusion that there is no privilege for settlement agreements or interact with Andrus or confidentiality policy. Instead, the Court respects such concerns via a new compromise parties have offered the Court, distinct from the one previously offered to the Special Master. Compare ECF No. 3979-5 at 3 and ECF No. 3997 at 3 with ECF No. 3981 at 4.

The Court agrees that the value of settlements is clearly related to a strategy defendants may adopt. Defendants in TFT-LCD have already demonstrated how their entire trial strategy was predicated on foreknowledge of the set-off likely to be paid should a jury find against them. See ECF No. 3979-3 (detailing the self-named "reverse whipsaw" trial strategy). However, no party gives any good explanation why the specific amount of each other party's settlement must be known vice simply the aggregate value of all DAP settlements. Moreover, the Court is persuaded that providing specific values of each settling DAP case could potentially slow down settlement discussions. See ECF Nos. 3997 at 4, 3981 at 4-5.[1]

The Court also considers the need for challenging witnesses at trial. Whereas on cross examination specific settlement amounts likely will not be relevant (or lead to other relevant evidence), the precise text of cooperative agreements likely will. The Court thus agrees with the proposed new compromise, providing aggregate settlement values along with verbatim text of only cooperation agreement terms contained in the settlement agreements.

Therefore, the Court ORDERS that settling DAPs coordinate to provide a copy of all settlement agreements to Special Master Walker for in camera review, each with a joint cover letter by relevant settling parties highlighting those portions relating to compensation and cooperation. Special Master Walker is ORDERED to aggregate compensation values and release, under an appropriately tailored seal, said aggregate value to all attorneys in the above

---

[1] Even so, the Court highly doubts that settlement discussions would cease altogether or prove uniformly fruitless should the settlement agreements be produced in full, or that such production will lead to multiple trials.

3

captioned case. If additional DAPs settle on or after the date of this Order, they are ORDERED to follow this same procedure. Special Master Walker is further ORDERED to provide updates to parties as the aggregate value changes, but must delay such updates to ensure that the update includes new values from enough additional settlements (not fewer than two (2), absent compelling reason) that attorneys in other DAP cases cannot through simple math determine the amount paid in any one specific settling DAP case by comparing the change in value from one update to the next.

The Court also ORDERS disclosure of the verbatim text of the limited portions of settlement agreements that contain any cooperative agreements that may be used to challenge a witness (or could reasonably lead to evidence that may be used to challenge a witness) at trial. <u>Parties</u> are to produce this information directly to each other. Special Master Walker will <u>only</u> become involved if there is any dispute as to which contents may qualify for disclosure or a party in receipt of verbatim language believes relevant portions are missing. In such an instance, the Special Master may review the agreement <u>in camera</u> to ensure all portions implicated by this Order have been disclosed verbatim.

Accordingly, the R&R is ADOPTED IN PART, DENIED IN PART, and objections are all OVERRULED except as incorporated herein. Parties are ORDERED to produce all relevant materials covered by this Order within five business days of the date of this Order.

IT IS SO ORDERED.

Dated: October 7, 2015      /s/ Samuel Conti
                            UNITED STATES DISTRICT JUDGE