# EXHIBIT 10

1  LIDIA MAHER (CSBN 222253)
   MAY LEE HEYE (CSBN 209366)
2  TAI S. MILDER (CSBN 267070)
   Antitrust Division
3  U.S. Department of Justice
   450 Golden Gate Avenue
4  Box 36046, Room 10-0101
   San Francisco, CA  94102
5  Telephone:  (415) 436-6660

6  Attorneys for the United States

7
                    UNITED STATES DISTRICT COURT
8
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
                      SAN FRANCISCO DIVISION
10
                                    )      Case No. CR 11-0162 (WHA)
11  UNITED STATES OF AMERICA        )
                                    )
12           v.                     )
                                    )
13  SAMSUNG SDI COMPANY, LTD.,      )
                                    )
14                                  )
                  Defendant.        )
15  ——————————————————————————————  )

16              **AMENDED PLEA AGREEMENT**

17         The United States of America and Samsung SDI Company, Ltd. ("defendant"), a

18  corporation organized and existing under the laws of the Republic of Korea, hereby enter into the

19  following Amended Plea Agreement ("Plea Agreement") pursuant to Rule 11(c)(1)(C) of the

20  Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

21              **RIGHTS OF DEFENDANT**

22  1.     The defendant understands its rights:

23         (a)    to be represented by an attorney;

24         (b)    to be charged by Indictment;

25         (c)    as a corporation organized and existing under the laws of the Republic of

26  Korea, to decline to accept service of the Summons in this case, and to contest the

27  jurisdiction of the United States to prosecute this case against it in the United States

28  District Court for the Northern District of California;

PLEA AGREEMENT - SAMSUNG SDI - PAGE 1

(d)     to plead not guilty to any criminal charge brought against it;

(e)     to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(f)     to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g)     to appeal its conviction if it is found guilty; and

(h)     to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY
## AND WAIVE CERTAIN RIGHTS

2.     The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Northern District of California. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 8 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c). Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Northern District of California. The Information will charge the defendant with participating in a conspiracy to suppress and eliminate competition by fixing prices, reducing output, and allocating market shares of color display tubes ("CDTs") sold in the United States and elsewhere, from at least as early as January 1997, until at least as late as March 2006, in violation of the Sherman Antitrust

PLEA AGREEMENT - SAMSUNG SDI - PAGE 2

1    Act, 15 U.S.C. § 1.

2         3.    The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to

3    the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to

4    the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

5                    **FACTUAL BASIS FOR OFFENSE CHARGED**

6         4.    Had this case gone to trial, the United States would have presented evidence

7    sufficient to prove the following facts:

8         (a)    For purposes of this Plea Agreement, the "relevant period" is that period from at

9    least as early as January 1997, until at least as late as March 2006.  During the relevant period,

10   the defendant was a corporation organized and existing under the laws of the Republic of Korea.

11   The defendant has its principal place of business in Giheung, Republic of Korea.  During the

12   relevant period, the defendant was a producer of CDTs, was engaged in the sale of CDTs in the

13   United States and elsewhere, and employed over 5,000 individuals.

14        (b)    CDTs are a type of cathode ray tube.  Cathode ray tubes consist of evacuated glass

15   envelopes that contain an electron gun and a phosphorescent screen.  When electrons strike the

16   screen, light is emitted, creating an image on the screen.  CDTs are the specialized cathode ray

17   tubes manufactured for use in computer monitors and other products with similar technological

18   requirements.  CDTs are distinguished from another type of specialized cathode ray tube product,

19   color picture tubes ("CPTs"), which are manufactured for use in televisions.

20        (c)    During the relevant period, the defendant, through its officers and employees,

21   including high-level personnel of the defendant, participated in a conspiracy among major CDT

22   producers, the primary purpose of which was to fix prices, reduce output, and allocate market

23   shares of CDTs sold in the United States and elsewhere.  In furtherance of the conspiracy, the

24   defendant, through its officers and employees, engaged in discussions and attended meetings

25   with representatives of other major CDT producers.  During these discussions and meetings,

26   agreements were reached to fix prices, reduce output, and allocate market shares of CDTs to be

27   sold in the United States and elsewhere.

28        (d)    During the relevant period, CDTs sold by one or more of the conspirator firms,

PLEA AGREEMENT - SAMSUNG SDI - PAGE 3

1 and equipment and supplies necessary to the production and distribution of CDTs, as well as

2 payments for CDTs, traveled in interstate and foreign commerce. The business activities of the

3 defendant and its co-conspirators in connection with the production and sale of CDTs that were

4 the subjects of this conspiracy were within the flow of, and substantially affected, interstate and

5 foreign trade and commerce. During the relevant period, the defendant's CDT sales, directly

6 affected by the conspiracy, to customers in the United States totaled approximately $89 million.

7       (e)     Acts in furtherance of this conspiracy were carried out within the Northern

8 District of California. CDTs that were the subject of this conspiracy were transported by one or

9 more of the conspirators through this District.

10                             **POSSIBLE MAXIMUM SENTENCE**

11       5.     The defendant understands that the statutory maximum penalty which may be

12 imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is

13 a fine in an amount equal to the greatest of:

14           (a)     $100 million (15 U.S.C. § 1);

15           (b)     twice the gross pecuniary gain the conspirators derived from the crime (18

16 U.S.C. § 3571(c) and (d)); or

17           (c)     twice the gross pecuniary loss caused to the victims of the crime by the

18 conspirators (18 U.S.C. § 3571(c) and (d)).

19       6.     In addition, the defendant understands that:

20           (a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of

21 probation of at least one year, but not more than five years;

22           (b)     pursuant to §8B1.1 of the United States Sentencing Guidelines

23 ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or

24 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

25           (c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the

26 defendant to pay a $400 special assessment upon conviction for the charged crime.

27 / / /

28 / / /

PLEA AGREEMENT - SAMSUNG SDI - PAGE 4

## SENTENCING GUIDELINES

7.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

8.    Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence within the applicable Guidelines range requiring the defendant to pay to the United States a criminal fine of $32 million, and no order of restitution ("the recommended sentence"). The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

    (a)    The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

    (b)    Both parties will recommend that no term of probation be imposed, but the

PLEA AGREEMENT - SAMSUNG SDI - PAGE 5

1    defendant understands that the Court's denial of this request will not void this Plea

2    Agreement.

3         (c)    The United States and the defendant jointly submit that this Plea

4    Agreement, together with the record that will be created by the United States and the

5    defendant at the plea and sentencing hearings, and the further disclosure described in

6    Paragraph 9, will provide sufficient information concerning the defendant, the crime

7    charged in this case, and the defendant's role in the crime to enable the meaningful

8    exercise of sentencing authority by the Court under 18 U.S.C. § 3553.  The United States

9    and defendant agree to request jointly that the Court accept the defendant's guilty plea

10   and impose sentence on an expedited schedule as early as the date of arraignment, based

11   upon the record provided by the defendant and the United States, under the provisions of

12   Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. §6A1.1, and Rule 32-1(b) of the Criminal

13   Local Rules.  The Court's denial of the request to impose sentence on an expedited

14   schedule will not void this Plea Agreement.

15   9.    Subject to the ongoing, full, and truthful cooperation of the defendant described in

16   Paragraph 12 of this Plea Agreement, and before sentencing in the case, the United States will

17   fully advise the Court of the fact, manner, and extent of the defendant's cooperation and its

18   commitment to prospective cooperation with the United States' investigation and prosecutions,

19   all material facts relating to the defendant's involvement in the charged offense, and all other

20   relevant conduct.

21   10.   The United States and the defendant understand that the Court retains complete

22   discretion to accept or reject the recommended sentence provided for in Paragraph 8 of this Plea

23   Agreement.

24        (a)    If the Court does not accept the recommended sentence, the United States

25   and the defendant agree that this Plea Agreement, except for Paragraph 10(b) below, shall

26   be rendered void.

27        (b)    If the Court does not accept the recommended sentence, the defendant will

28   be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant

PLEA AGREEMENT - SAMSUNG SDI - PAGE 6

withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 16 of this Plea Agreement shall be tolled for the period between March 10, 2011 and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

11.     In light of the civil class action cases filed against the defendant, including *In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. C07-5944 SC, MDL No. 1917, in the United States District Court, Northern District of California, which potentially provide for a recovery of a multiple of actual damages, and the opportunity for potential victims to pursue damages through non-class claims in the multidistrict litigation and other proceedings, the United States and the defendant agree that the recommended sentence provided for in Paragraph 8 of this Plea Agreement does not include a restitution order for the offense charged in the Information.

## DEFENDANT'S COOPERATION

12.     The defendant, its subsidiaries, and related corporate entities engaged in the sale or production of any cathode ray tube products, including CDTs and CPTs (collectively, "related entities") will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the manufacture or sale of CDTs and CPTs in the United States and elsewhere, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The ongoing, full, and truthful cooperation of the defendant shall include, but not be limited to:

(a)     producing to the United States all non-privileged documents, information,

PLEA AGREEMENT - SAMSUNG SDI - PAGE 7

and other materials wherever located, in the possession, custody, or control of the defendant or any of its related entities, requested by the United States in connection with any Federal Proceeding; and

(b)      using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 13 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant or any of its related entities as may be requested by the United States – but excluding Jae-Sik Kim, Seung-Kyu Park, a.k.a. Sang-Kyu Park, a.k.a. Sky Park, Duck-Yun Kim, a.k.a. Deok-Yun Kim, a.k.a. Deok-Yeon Kim, and Hoo-Mok Ha, a.k.a. Hu-Mok Ha – including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

13.      The ongoing, full, and truthful cooperation of each person described in Paragraph 12(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)      producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States;

(b)      making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)      responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)      otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

PLEA AGREEMENT - SAMSUNG SDI - PAGE 8

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 15(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 15(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

14.     Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 12 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the defendant or any of its related entities for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of any cathode ray tube products, including CDTs and CPTs, in the United States and elsewhere. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

15.     The United States agrees to the following:

(a)     Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 15(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the defendant or its related entities for any act or offense committed before the date of this Plea Agreement and while

PLEA AGREEMENT - SAMSUNG SDI - PAGE 9

that person was acting as a director, officer, or employee of the defendant or its related entities that was undertaken in furtherance of an antitrust conspiracy involving the manufacture or sale of any cathode ray tube products, including CDTs and CPTs, in the United States and elsewhere ("Relevant Offense"), except that the protections granted in this paragraph shall not apply to Jae-Sik Kim, Seung-Kyu Park, a.k.a. Sang-Kyu Park, a.k.a. Sky Park, Duck-Yun Kim, a.k.a. Deok-Yun Kim, a.k.a. Deok-Yeon Kim, and Hoo-Mok Ha, a.k.a. Hu-Mok Ha;

(b)     Should the United States determine that any current or former director, officer, or employee of the defendant or its related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)     If any person requested to provide cooperation under Paragraph 15(b) fails to comply with his or her obligations under Paragraph 13, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)     Except as provided in Paragraph 15(e), information provided by a person described in Paragraph 15(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 13 of this Plea Agreement, the agreement in Paragraph 15(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case

PLEA AGREEMENT - SAMSUNG SDI - PAGE 10

shall be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)     Documents provided under Paragraphs 12(a) and 13(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its related entities.

16.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

17.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant and its related entities as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

18.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge,

PLEA AGREEMENT - SAMSUNG SDI - PAGE 11

any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

19.     The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.  The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

20.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of its related entities have failed to provide full and truthful cooperation, as described in Paragraph 12 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its related entities shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement.  The defendant may seek Court review of any determination made by the United States under this Paragraph to void any of its obligations under the Plea Agreement.  The defendant and its related entities agree that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or its related entities for any offense referred to in Paragraph 14 of this Plea Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

21.     The defendant understands and agrees that in any further prosecution of it or its related entities resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's or its related entities' violation of the Plea

PLEA AGREEMENT - SAMSUNG SDI - PAGE 12

Agreement, any documents, statements, information, testimony, or evidence provided by it, its related entities, or current or former directors, officers, or employees of it or its related entities to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its related entities in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

22. This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

23. The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

24. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

///
///
///
///
///
///
///
///
///
///
///

PLEA AGREEMENT - SAMSUNG SDI - PAGE 13

1      25.     A facsimile or PDF signature shall be deemed an original signature for the

2 purpose of executing this Plea Agreement. Multiple signature pages are authorized for the

3 purpose of executing this Plea Agreement.

4

5                                           Respectfully submitted,

6 BY: _____            BY: _____

7     Sang Soo Noh                     Lidia Maher
    Vice President                  May Lee Heye

8     Samsung SDI Company, Ltd.        Tai S. Milder
    428-5 Gongse-dong            Attorneys

9     Giheung-gu, Yongin-si          U.S. Department of Justice
    Gyeonggi-do, 446-577           Antitrust Division

10    Republic of Korea             450 Golden Gate Avenue
                                Box 36046, Room 10-0101
    DATED: ___5/12/2011___       San Francisco, California 94102

11                                   Tel: (415) 436-6660
                                  Fax: (415) 436-6687

12

13                                   DATED: May 12, 2011

14

15 BY: _____

16     Gary L. Halling, Esq.
    Counsel for Samsung SDI Company, Ltd.

17    Sheppard Mullin Richter & Hampton LLP
    Four Embarcadero Center, 17th Floor

18    San Francisco, California 94111
    Tel: (415) 434-9100

19    Fax: (415) 434-3947

20     DATED: May 12, 2011

21

22

23

24

25

26

27

28

    PLEA AGREEMENT - SAMSUNG SDI - PAGE 14

RESOLUTION OF THE BOARD OF DIRECTORS
OF
SAMSUNG SDI CO., LTD.


A meeting of the Board of Directors (the "Board") of SAMSUNG SDI, CO., LTD. (the "Company"), a Korean corporation, was held on March 9, 2011 at the Company's Seoul office having its address at 21st Fl., SEC Bldg., Samsung Seocho Tower, 1320-10 Seocho 2-Dong, Seocho-Gu, Seoul 137-965, Korea.


The following Directors of the Company were present and constituted a quorum:


MR. CHI HUN CHOI
MR. JUNG WHA LEE
MR. BYEONG BOK JEON
MR. YEONG KIL BAE
MR. JUNE CHULL CHANG
MS. HEE KYUNG KIM


The following resolutions are hereby adopted by the Board of the Company in accordance with the Commercial Laws of Korea:

WHEREAS, it is deemed in the best interest of the Company to enter a plea agreement with the United States Department of Justice;

NOW, THEREFORE, be it

RESOLVED, that execution, delivery and performance of a plea agreement, by and between the Company and the United States Department of Justice (the "Agreement"), in substantially the form made available to the Board, is

1/2

hereby approved; and

FUTHER RESOLVED, that MR. SANG SOO NOH, the Vice President of the Company, is hereby fully authorized to execute the Agreement and any other related documents on behalf of the Company and take all necessary actions, including representing the Company at any hearing in order to waive any and all rights of the Company referred to in the Agreement and to plead guilty on behalf of the Company according to the terms of the Agreement.

DATE:   MARCH 9, 2011

---------------------------------
MR. CHI HUN CHOI

---------------------------------
MR. JUNG WHA LEE

---------------------------------
MR. BYEONG BOK JEON

---------------------------------
MR. YEONG KIL BAE

---------------------------------
MR. JUNE CHULL CHANG

---------------------------------
MS. HEE KYUNG KIM

2/2