Theresa D. Moore (99978)
Jill T. Lin (284962)
Attorneys At Law
c/o **ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com

*Counsel for Objectors
Rockhurst University
Gary Talewsky an d
Harry Garavanian*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GARAVANIAN**<br><br>Judge: Honorable Samuel Conti<br>Courtroom One, 17th Floor |
| This Document Relates To:<br><br>All Indirect Purchaser Actions | |

1
**OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY, AND OBJECTOR HARRY GRAVANIAN**

## I. INTRODUCTION

The proposed settlement has bargained away the rights of a Nationwide Class without adequate representation and must be rejected. Class Counsel must demonstrate that their proposed settlement meets the requirements of Rule 23 and falls within the range of possible approval. To satisfy this burden, the settlement must not provide any basis that would suggest unfairness to absent class members. Upon close examination, the proposed settlement is anything but fair. The settlement requires that individuals and entities in a Nationwide Class release all of their rights, including the right to bring an individual suit against the named defendants, without consideration or compensation for doing so. Ultimately the settlement provides no relief for Nationwide Class members and comes nowhere close to being fair, adequate, and reasonable. The Nationwide Class members are entitled to consideration for their injunctive claims.

## II. BACKGROUND OF OBJECTORS

*Rockhurst University.* Objector Rockhurst University, established in 1910, is a Jesuit University in Kansas City, Missouri and has an approximate enrollment of 3000.[1] Matthew Heinrich is the Associate Vice President of Facilities and Technology for Rockhurst University in Kansas City, Missouri. The University's address and telephone number is 1100 Rockhurst Road, Kansas City, MO 64110, telephone number (816) 501-4000. *See* Declaration Of Matthew Heinrich In Support Of Objection To The Settlement Agreement and Motion for Attorneys'

---

[1] Rockhurst University is part of a National Association of 28 Universities throughout the United States including Boston College, Canisius College, College of the Holy Cross, Creighton University, Fairfield University, Fordham University, Georgetown University, Gonzaga University, Santa Clara School of Theology of Santa Clara (assoc. member), John Carroll University, Le Moye College, Loyola Marymount University, Loyola University Chicago, Loyola University Maryland, Loyola University New Orleans, Marquette University, Regis University, St. Joseph's University, St. Louis University, St. Peter's University, Santa Clara University, Seattle University, Spring Hill College, The University of Scranton, University of Detroit Mercy, University of San Francisco, Wheeling Jesuit University, Xavier University, Boston College School of Theology and Ministry (assoc. member). Eighteen of these educational institutions are deprived of their recovery of the settlement funds in this case by the issues raised herein.

Fees ("Heinrich Decl"). Rockhurst University is a purchaser of CRT products for its own use, and not for resale between March 1, 1995 and November 25, 2007, *Id.*, ¶5-8, Rockhurst University meets the Nationwide Class Definition and therefore has standing to bring this objection.

*Gary Talewsky.* Objector, Gary Talewsky, is a Travel Professional and is part of a nationwide association of Travel Agency Owners & Agents of approximately 41 members. Mr. Talewsky works and resides in Massachusetts. *See* Declaration Of Gary Talewsky In Support Of Objection To The Settlement Agreement and Motion for Attorneys' Fees ("Talwesky Decl."). Mr. Talewsky's address is 95 Washington Street, Suite 104-312, Canton, MA 02021 and his telephone number is (781) 471-2310. Talewsky Decl., ¶2. Mr. Talewsky purchased multiple CRT products for his own use, and for the use of his business, and not for resale between March 1, 1995 and November 25, 2007. *Id.*, ¶4-9. Mr. Talewsky, as a purchaser of CRT products, meets the Nationwide Class Definition and therefore has standing to bring this objection.

*Harry Garavanian*. Objector, Harry Garavanian, is a Travel Professional and is part of a nationwide association of Travel Agency Owners & Agents of approximately 41 members. Mr. Garavanian works and resides in Massachusetts. *See* Declaration Of Harry Garavanian In Support Of Objection To The Settlement Agreement and Motion for Attorneys' Fees ("Garavanian Decl."). Mr. Garavanian's address is 40 Vinal Sq., North Chelmsford, MA 01863, and his telephone number is (978) 251-2868. *Id.*, ¶ 2. Mr. Garavanian purchased multiple CRT products for his own use, and for the use of his business, and not for resale between March 1, 1995 and November 25, 2007. *Id.*, ¶4-9. Mr. Garavanian, as a purchaser of CRT products, meets the Nationwide Class Definition and therefore has standing to bring this objection.

### III.   ARGUMENT

Final approval is warranted if the settlement is determined to be "fundamentally fair, adequate, and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The Manual for Complex Litigation (Fourth) § 21.632 (2004) ("Manual") provides:

Fairness calls for a comparative analysis of the treatment of the class members vis-à-vis each other and vis-à-vis similar individuals with similar claims who are not in the class. Reasonableness depends on an analysis of the class allegations and claims and the responsiveness of the settlement to those claims. Adequacy of the settlement involves a comparison of the relief granted to what class members might have obtained without the class action process.

As discussed below, the proposed settlement bargains away the rights of indirect purchasers in 29 states, requiring that they release their injunctive and monetary claims without any consideration, as well as the rights of all claimants without sufficient compensation.

### A. Class Members Did Not Receive Adequate Representation

To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The fulcrum of the adequacy requirement is an alignment of interests and incentives between the representative plaintiffs, counsel, and the absent class members. *See Hopson v. Hanesbrands Inc.*, 2009 U.S. Dist. LEXIS 33900, at *10 (N.D. Cal. Apr. 3, 2009) (Adequacy standard is met if "(1) the class representative and counsel do not have any conflicts of interest with other class members; and (2) the representative plaintiff and counsel will prosecute the action vigorously on behalf of the class"). Thus, representation is inadequate where the settlement terms prefer some class members over others and there are divergent interests between class members. *See Hanlon, supra,* 150 F.3d at 1020-21.

**Nationwide Settlement Class**

The proposed settlements are contingent on settlement approval of a Nationwide Class consisting of "all persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period March 1, 1995 through November 25, 2007." Dkt. 3861, at p. 6. Class Counsel also seeks to certify Statewide Damages Classes, consisting of persons and entities who purchased CRT Products in the District of Columbia and in twenty-one states. *Id*. Although class members in

the Statewide Damages Class may fall into the Nationwide Class, the inverse is not true, leaving purchasers in 29 states without any type of relief.

In exchange for the release of "all federal and state-law claims…concerning the manufacture, supply, distribution, sales or pricing of CRT products," the Settling Defendants are providing consideration in the amount of $563 million and an agreement to provide "specified cooperation to Plaintiffs in the prosecution of any continuing litigation" (Dkt. 3861, at p. 9 and Dkt. 3875, at p. 2) (although there is no continuing litigation with these settlement approvals). The "Releasors" are defined in each Settlement Agreement as "the indirect-purchaser plaintiff Class representatives and the indirect-purchaser Class Members…." [2] Each agreement further states that the release is "in consideration of payment of the Settlement Amount as specified in Paragraph […] of this Agreement."[3] Pursuant to the terms of the settlement agreements, the Nationwide Class appears to fall within the provision for the monetary relief, yet the Nationwide Class is prevented from making a claim on the CRT claims website unless they fall within the State Class as well. Class Counsel's proposed Plan of Distribution provides only compensation to "members of the Statewide Damages Classes…who claim their pro-rata share of the Settlement Fund based on the number of valid claims filed, and the number and type of CRT Products each claimant purchased during the class period." Dkt. 3862, at ¶ 43. There is no mention of injunctive relief or the monetary value of such relief for the Nationwide Class. The Nationwide Class now is left in the wind, with no consideration of any type actually being received. Members of the Nationwide Class receive *nothing* in return for their release of claims.

//

---

[2] CPT Settlement, at ¶5; LG Settlement, at ¶5; Hitachi Settlement, at ¶5; Panasonic Settlement, at ¶5; Philips Settlement, at ¶5; Samsung Settlement, at ¶5; Toshiba Settlement, at ¶5; and Technicolor/Thomson and Technologies Displays Settlement, at ¶5.

[3] CPT Settlement, at ¶13; LG Settlement, at ¶13; Hitachi Settlement, at ¶13; Panasonic Settlement, at ¶13; Philips Settlement, at ¶13; Samsung Settlement, at ¶13; Toshiba Settlement, at ¶13; and Technicolor/Thomson and Technologies Displays Settlement, at ¶13.

**State Settlement Classes**

The distribution for the earlier approved settlements of Chungwa Picture Tubes ("CPT") and LG hinge on the approval of the settlements and Distribution Plan at bar and are thus at issue herein. Between the issues in the earlier settlements coupled with the issues in the current settlements and distributions, multiple states have been blindsided with the loss of any recovery whatsoever. Multiple states were part of the earlier state damage class definitions and were removed subsequent to settlement, e.g. Massachusetts. Other states were part of the earlier National Settlement Class[4] but now cannot recover, e.g. Missouri.

For instance, members of the Massachusetts Statewide Class were included as part of the initial settlement with CPT. Dkts 884-1; 437; 716. Both Class Counsel and Defense Counsel represented to the court that their injunctive settlement provided monetary consideration. CPT settled the "50-state federal injunctive claim in exchange for monetary consideration." Dkt. 942, at p 3:23 - 4:2. In light of "a colorable monetary claim in all 50 states," CPT "settle[d] all those claims—known or unknown, weak or strong, foreseen or unforeseen, based on existing law or the creation of new law—that arise in a litigation." *Id*. at p. 4:3 – 4:8. Yet, indirect purchaser plaintiffs in Massachusetts, as well as Missouri, are precluded from the claims process and receiving any monetary compensation or consideration in exchange for the release of their injunctive and monetary claims, despite the fact that CPT settled for a "50-state federal injunctive claim in exchange for monetary consideration." Dkt. 942, at 3:23 – 4:2.

At the time of the settlement with CPT, Massachusetts was part of the State Damage Class (Dkt. 884-1; 437; 716). Following the CPT Settlement, Class Counsel did not move for Preliminary Approval for two years. During that period of time the Court dismissed the Massachusetts claim with leave to amend for failure to plead that Plaintiffs had notified the Defendants 30 days before filing the Consolidated Amended Complaint (CAC). Dkt. 597. Class

---

[4] Because they were part of the Nationwide Class it was not necessary for the State to sue on its citizens behalf since Class Counsel was handling the recoveries, but with the issues at bar these claims are lost.

1  Counsel then filed their Second Amended Complaint (SCAC). Dkt. 716.  Class Counsel again
2  failed to comply with the procedural requirements and properly plead that they had notified
3  Defendants 30 days before filing the SCAC. Dkt. 768, at p. 12-13; 796. This time Massachusetts
4  was dismissed with prejudice. Dkt. 768, at p. 12-13; 796.[5]  Objectors believe Class Counsel did
5  not appeal.[6]  Objectors have seen nothing to indicate Class Counsel filed anything to adequately
6  inform Massachusetts claimants of their right to file Direct Action Suits.  On the contrary, Class
7  Counsel filed a Stipulated Proposed Order (which did not make any reference to
8  "Massachusetts") (Dkt 796) and filed the Third Amended Complaint (TCAC) without
9  Massachusetts (Dkt. 827). The proceedings were not very transparent. There does not appear to
10 be anything in the docket filed by Class Counsel that would clearly inform a consumer of, much
11 less suggest, a need to file a separate complaint (assuming the Statute of Limitations had not
12 run). In the subsequent Motions for Approval of the CPT settlement, many states were included
13 in the state damage classes, although they had previously been dismissed.  In fact, Counsel had
14 argued to the court that it was possible to do so. *See* Dkt. 942, 943, 944. CPT intended to
15 include the Nationwide Class in its monetary settlement, and advocated that position to the
16 Court.[7]  However, even though CPT had already paid for the Massachusetts claims, Counsel did

---

[5] "Since plaintiffs have now had two opportunities to comply and plead compliance, the Special Master recommends that the allegations under the Massachusetts' consumer protection statute should be dismissed with prejudice." Dkt. 768, at p. 12-13; 796.

[6] The Special Master and the Court was aware that Independent Direct actions could be filed, and discussed it. "While certainly no procedural dismissal of this nature should bar the filing of a truly new suit…" *Id*. Class Counsel never informed the Massachusetts claimants of the need to do so, and any Statute of Limitations has presumably run.

[7] "Nothing prohibits CPT from settling the 50-state federal injunctive claim in exchange for monetary consideration. Indeed, this is an important component of the settlement because every member of the proposed settlement class holds a federal Sherman Act claim for injunctive relief—even in those states for which no damages claim has been asserted. *In exchange for monetary or other consideration provided in the settlement, class plaintiffs will release their federal Sherman Act injunctive claims as well as any other potential state or federal damage claims against CPT*. Moreover, the anticompetitive conduct alleged in this case is illegal in every state in the Union, including District of Columbia." Dkt. 943 (emphasis added).

not add Massachusetts to the state damage settlement class for approval. Nor does it appear CPT ever signed off on a change to the Settlement Agreement class. Massachusetts is included in the Nationwide Class, but currently that class is not able to recover per the current claim forms.[8]

The Nationwide Class is entitled to some type of consideration or compensation in exchange for its release. Counsel failed to adequately represent the Nationwide Class' interests in securing any value for the release of their claims, and in fact seems to have had a conflict with multiple states, or with at least the Massachusetts and Missouri classes. As a result, the settlement is unfair, and final approval should be denied.

### B. The Notice to Class Members Was Inadequate

To comport with due process requirements, the notice must clearly describe the settlement's benefits and limitations, including that the Nationwide Class releases its rights but will receive no recovery. Fed. R. Civ. P. 23(c)(2)(B). The obfuscation of the actual terms of the proposed settlement is improper. It is axiomatic that due process requires that the notice of a settlement proposal must reasonably apprise members of the class of the terms of the settlement and of the options open to those who would dissent. The notice here fails to adequately inform class members of the terms of the settlement because it fails to state that members of the Nationwide Class release all their rights but receive nothing in return.

Members of the Massachusetts and Missouri Statewide Class were included as part of the initial State Damage Settlement with CPT in 2009, *see supra* (Dkts 884-1; 437; 716) but cannot make a claim. Indirect purchaser plaintiffs in the Nationwide Class, including Massachusetts and Missouri, are also precluded from the claims process and receive nothing. The notice is confusing, is arguably contrary to the settlement agreements, and fails to apprise the class of their rights. Such procedurally and substantively deficient notice fails the requirements of Rule 23 and amounts to denial of due process.

///

---

[8] There are over 114 Universities and colleges currently in the Commonwealth of Massachusetts alone, all of which are shut out of this settlement.
https://en.wikipedia.org/wiki/List_of_colleges_and_universities_in_Massachusetts

The Nationwide Class consists of persons or entities who purchased CRT Products from as early as March 1, 1995, making it highly probable that an individual claimant is of age 60 or older. Although a New Media notice campaign is modern and efficient, it may not be the appropriate manner to notice the claimant class herein. Notice of the Settlement was disseminated in some print publications, on the Internet, and via Press Release. Dkt. 1063, at p. 4. Print publications of the Class Notice were published in *Parade Magazine, USA Weekend, USA Today, The New York Times,* and *El Nueva Dia*. Dkt. 1063, at p. 4. Given the significant decline in *Parade Magazine*'s circulation and the fact that *Parade Magazine* reaches less than 35% of adults age 55 and older, it is questionable whether the these present methods are adequately providing notice to the Nationwide Class. *See* Exhibit A attached to the Declaration of Theresa D. Moore In Support of Objection to the Settlement Agreement and Opposition to Motion for Approval ("Moore Decl. Ex. A). The graph attached as Exhibit A illustrates that the CRT claimants are those of the age who do in fact tend to use print publications. *Id*. Old Media, such as notice sent via AARP publications, postcards, radio, or television may be more appropriate than New Media for this age group of claimants and have greater success in reaching putative class members.

The Notice also fails to notify any non US state residents of their right to make a claim.

### C. The Settlement Amount

The Objectors further submit that the settlement should be evaluated against the treble damages potentially available to this class, and the policy of antitrust joint and several liability. Treble damages are a fact of life in antitrust litigation. In some cases courts asked to approve a settlement may believe the class's claim is so strong that the merits of the amount negotiated cannot reasonably be evaluated without measuring it against the likelihood of a treble as well as a single damages recovery. Such is the case herein.

Plaintiffs' expert estimated the total class damages to be $2.768 Billion. Dkt. 3861, at p. 14, fn. 31. The total class damages, trebled, is $8.3 Billion and represents Defendants' potential liability. To settle this important matter against serial price fixers for one-tenth of the potential

damages seems not appropriate, particularly where joint and several liability is in play. Although Class Counsel likens this action to the *In re TFT-LCD (Flat Panel) Antitrust Litigation* and cites similar problems, in reality, the CRT conspiracy continued for a much longer period of time and was much better organized than the LCD conspiracy. In LCD, the potential single damages were approximately $800 million less than CRT, but LCD settled for almost twice the CRT settlement. LCD settled at $1.1 Billion, and CRT $576 million. Moreover, the LCD litigation recovered one-half of single damages, but the CRT recovered only one-fifth of single damages.

While a large number, Objectors believe the $576 million settlement fund is insufficient to fairly compensate the class members and deter similar conduct in the future. The Supreme Court has said that private civil antitrust suits serve two purposes: to compensate the victims of antitrust violation and to "deter violators and deprive them of 'the fruits of their illegality.'"[9] *Pfizer, Inc. v. Gov't of India*, 434 U.S. 308, 314 (1978) (quoting *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 746 (1977)). This settlement does not deprive those defendants of "the fruits of their illegality"—if anything, it may provide reinforcement that further antitrust violations can be settled for a fraction of their value, even in the face of compelling evidence of liability and damages.[10]   Given the strength of the evidence, Objectors submit that the amounts the Defendants have agreed to pay to settle this case is not enough.

### D. The Attorney Fee Request

No objection is made as to Class Counsel's request of one-third of the total Settlement for attorneys' fees for the result they have achieved.  Although it is a very large settlement, it must be properly evaluated, and as written above, the class deserves much more.

---

[9] The evidence shows that the defendants continued with their price fixing conspiracies in the newer and more modern LCD technologies. *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. 07-md-01827 (N.D. Cal.).

[10] Similarly, Objectors respectfully disagree to limiting the individual claimants recovery to treble damages, assuming there are monies left over after a pro rata distribution. It is unfair and illogical to deny a claimant interest or damages on a $25 claim, while the Defendants are only paying 1/5 of a $2.7 billion theft.

9
OBJECTION TO THE PROPOSED CLASS ACTION SETTLEMENT AGREEMENT AND MOTION FOR
ATTORNEY FEES BY OBJECTOR ROCKHURST UNIVERSITY, OBJECTOR GARY TALEWSKY,
AND OBJECTOR HARRY GRAVANIAN

## IV. ADOPTION OF OTHER OBJECTIONS

The Objectors hereby adopt and incorporate herein all other objections lodged with the Court with regard to the Proposed Settlement, to the extent such objections are not inconsistent with the objections raised herein.

## V. CONCLUSION

The proposed settlement fails to protect the interests of putative class members and provides no relief to purchasers in 29 states. For the reasons discussed above, the Court should deny approval of the settlement as constituted.

Respectfully submitted,

Dated: October 8, 2015          /s/ Theresa D. Moore          .

Theresa D. Moore (99978)
c/o **ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com

*Counsel for Objectors Rockhurst University, Gary Talewsky, and Harry Garavanian*