FRANCIS O. SCARPULLA (CA SB 41059)
PATRICK B. CLAYTON (CA SB 240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:    (415) 788-7210
Facsimile:    (415) 788-0706
Email:        fos@scarpullalaw.com
              pbc@scarpullalaw.com

*Counsel for Indirect-Purchaser Plaintiffs*

JOSEF D. COOPER (CA SB 53015)
TRACY R. KIRKHAM (CA SB 69912)
JOHN D. BOGDONOV (CA SB 215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA  94105
Telephone:    (415) 788-3030
Facsimile:    (415) 882-7040
Email:        jdc@coopkirk.com
              trk@coopkirk.com
              jdb@coopkirk.com

*Counsel Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION. | **Master File No. 3:07-cv-5944 SC**<br>**MDL No. 1917** |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions. | **OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES**<br><br>Date:        November 13, 2015<br>Time:        10:00 a.m.<br>Courtroom:   One, 17th Floor<br>Judge:       The Honorable Samuel Conti |

OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES

Master File No. 3:07-cv-5944 SC
MDL 1917

In accordance with the provisions of the Amended Order Granting Preliminary Approval of Class Action Settlements with Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA Defendants (Dkt No. 3906), the following objections are made:

A. Settlements with Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA Defendants

1. Indirect-Purchaser State Classes.

a. The State Classes were recommended for certification as litigation classes on June 20, 2013, (Dkt No. 1742), consisting of indirect-purchasers in 21 states, plus the District of Columbia ("Repealer States"), who were residents of those states and who purchased in the state of which the Class member was a resident.[1] This recommendation was adopted by the Court on September 24, 2013 (Dkt No. 1950). However, for settlement purposes, the certified litigation damages classes were changed into settlement classes and expanded to include anyone who indirectly purchased a CRT-containing product during the Class Period (1995-2007) in any Repealer States regardless of where that person or entity resided. Therefore, a non-resident who purchased a CRT-containing product in a Repealer State is entitled to claim a portion of the settlement fund. Thus, if a Canadian resident came across the border and bought a CRT-containing product in one of the Repealer States, that person is a member of one of the State Classes and entitled to share in the cash settlement fund; and the release applies to that indirect-purchaser. However, Notice was not published in Canada so that Canadian Class member received no Notice of the settlements or how to file a claim to receive a portion of the settlement fund. And that Canadian's claim is barred by the release without Notice. The same is true of consumer purchases at the Mexican border with any Repealer State. So, too, any foreign tourist who bought a CRT-containing product while traveling in the USA during the Class Period in any

---

[1] For some unknown reason, Lead Counsel did not seek to certify damage classes for consumers in Missouri, Massachusetts or New Hampshire, all three of which permit damage actions by indirect purchasers.

| OBJECTION TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES | -1- | Master File No. 3:07-cv-5944 SC MDL 1917 |

Repealer State would also be a Class member, but would not have received Notice and therefore would not know to file a claim to participate in the cash fund, but is subject to the release.

2. Notice Plan.

a. The Class Notice plan was flawed. Notice was given to the Class in or about May 2015. The Notice provider, The Notice Company ("TNC"), claims that the print Notice reached only 58% of Class members over the age of 30 with household incomes of at least $60,000, and who own TVs or computers. Declaration of Joseph M. Fisher (Dkt No. 3863), ¶ 24. Mr. Fisher then states that "… a reasonable estimate at this time …." is that digital advertisements will increase the reach to 80%. There is no evidence to support this statement.[2] Thus the Notice program may be insufficient. One way to check if the Notice program was sufficient would be for the Claims Administrator to state the current number of individual claims received to date (both by natural persons and by business entities, separately). If that number is low, then apparently Notice was insufficient.

b. The Notice program was flawed for another reason – the demographic that TNC sought to reach may not have been the primary purchasers of CRT TVs, which were at the low-end of the TV market during the Class Period. But the Notice was directed to households with adults aged 30+ years old with $60,000 in household income ("*i.e.*, their age and income today." *Ibid*, at ¶9). This means that at the start of the Class Period, some of the 30+ year individuals were ten years old and probably did not buy a CRT TV. Importantly, most of the purchasers of such CRTs – lower-income families – were not targeted by the Notice plan and therefore do not know to either opt-out, object, do nothing, or file claims. Nevertheless, their claims are barred by the release.

c. It does not appear that any Notice was published on TV – an obvious place for it to be published to a class of TV purchasers, especially those now over age 50

---

[2] The undersigned reserves the right to supplement these objections with expert testimony on this issue.

OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES     - 2 -     Master File No. 3:07-cv-5944 SC

MDL 1917

years, as those persons do not typically rely on digital media for news and information.

        d.     It does not appear as though the Notice was published in any Spanish print media (except perhaps in Puerto Rico, which was not included in any separate damages classes).

        e.     It does not appear as though the Notice was published in any Asian print media – e.g., Mandarin, Korean or Japanese print media.

        f.     The undersigned reserves the right to supplement these objections with expert witness testimony.

        3.     Settlement Amounts.

        a.     It appears as though Lead Counsel did not start negotiating any of these settlements until after Special Master Judge Vaughn Walker entered a Report and Recommendation that Lead Counsel should be replaced as sole Lead Counsel with the addition of two more experienced antitrust counsel so that there would be three Co-Lead Counsel for settlement negotiations and trial. See Report & Recommendation, dated December 12, 2014, Dkt No. 3200. Apparently, what prompted this Report and Recommendation was the non-settling defendants informing Judge Walker of their frustration trying to engage Lead Counsel in settlement discussions. Thus, Lead Counsel only started the settlement process in earnest after December 12, 2014. Lead Counsel got no consideration of any kind for those Class members in non-Repealer States.

        b.     Lead Counsel's unnecessary fight with the California Attorney General gave Defendants the opportunity to play the Attorney General's *parens* claims against the private class claims, which might have lowered the total amount both received for their Class members. *Ibid.*

///

///

///

OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES     - 3 -    Master File No. 3:07-cv-5944 SC

MDL 1917

B.  Total Fee Award.

1.  Because there are serious problems with the time and expenses[3] used to request fees in the amount of 33 1/3% of the total settlements, along with $2.5 Million in out-of-pocket expenses contributed by certain of plaintiffs' counsel, in this case total fees should be calculated on a lodestar, times either a positive or negative multiplier, rather than as a percentage of the fund.[4]  *See, In Re High-Tech Employee Antitrust Litigation*, Case No. 11-cv-02509 LHK (N.D.Cal.) (September 2, 2015) (Dkt No. 1112).  That way, any firm working collaboratively with other plaintiffs – e.g., the Direct-Purchaser Plaintiffs and the Direct-Action Plaintiffs and the California Attorney General's office – who were efficient and produced results, will be rewarded while those firms who simply ran up hours for their fees (or who were engaged in a learning experience) will have any unnecessary hours stricken from the fee petition and then, perhaps, be subjected to a negative multiplier.  Additionally, those firms that did not contribute any of their own funds to the plaintiffs' Litigation Expense Fund – and therefore had no financial risks – should not be paid an enhanced award, but rather should get a negative multiplier.  See, *High-Tech Employees Antitrust Litigation, supra.*  Finally, any firm that created unnecessarily contentious issues or who duplicated each other's work, should not be rewarded for such behavior.  See, *Thayer v. Wells Fargo Bank*, 92 Cal.App.4th 819 (2001).  See also, *Livingston v. Toyota Motor Sales USA, Inc.*, Case No. C-94-1377-MHP (N.D.Cal. 1998).

2.  Because it appears as though certain firms engaged in duplicative and, therefore, wasted time, the time-and-expense reports compiled monthly by the accounting firm Lead Counsel hired to gather this information should be produced, as well as all counsel's

---

[3] Most of the expenses were paid by two settling defendants – Chunghwa Picture Tubes and LG Chem.  See page 6, below.

[4] In the vast majority of antitrust, common fund cases, the percentage of the fund approach (with lodestar/multiplier cross-check) provides an appropriate and expeditious method of fairly and adequately compensating counsel.  This objection is not intended to raise a generic challenge to this well-settled aspect of the law.

OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES
- 4 -
Master File No. 3:07-cv-5944 SC
MDL 1917

timesheets.  That way a reasonable analysis can be made of the time spent and whether such time was necessary and productive.[5]

3. Because Lead Counsel had never tried an antitrust case before, he had to ask for help from more experienced counsel.  Instead of relying on experienced trial counsel already in the case – and therefore familiar with the facts and law – Mr. Alioto brought in three firms who had not previously been in the case – Fine Kaplan & Black from Philadelphia, Freedman Boyd Hollander Goldberg Urias & Ward, PA from Albuquerque, and Hulett Harper Stewart, LLP from Los Angeles.  These firms joined this case in mid-December 2014.  In the last couple of weeks of December, they expended approximately $1,557,700 in lodestar.  The last settlement was completed in April 2015.  In the first three months of 2015, these three firms spent another $2,259,900 in lodestar, for a total of about $3,817,600, which Lead Counsel wants the Class to pay.  These fees should be paid by Lead Counsel out of any fees awarded to his firm, not the Class.  If Mr. Alioto were competent to be Lead Counsel, he should have been able to try this case with the assistance of the experienced trial counsel who had been in the litigation from the beginning.

4. Because a substantial amount of lodestar was logged by attorneys who do not have significant antitrust experience – and therefore were engaged in a learning experience – their excessive time should not be charged to the Class.  Rather, all timesheets should be produced so that discovery can be taken in order to place in the record any such shortcomings and protect Class members from unnecessary fee awards.

5. The time categories contained in Lead Counsel's collective fee declarations are too broad.  It is impossible to know what was actually done by counsel based on these categories.  For example, Lead Counsel engaged in a protracted fight with the California Attorney General's office, but that wasted time is nowhere separately identified in the filed fee petition.  It

---

[5] The undersigned has been seeking these records since at least the first part of 2015, but none has been produced.

OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES  - 5 -   Master File No. 3:07-cv-5944 SC

MDL 1917

is probably buried in the "settlement" category.  Discovery is necessary to flesh out all of this, and other abuses, so that reasonable fees can be paid for reasonable time spent.

6.   The Court's Amended Order Granting Preliminary Approval of Class Actions Settlements, filed on July 9, 2015, at page 6:8-11, requires Lead Counsel to file attorneys' fees requests "not later than fourteen (14) days before objections to the Proposed Settlements are due, and **shall** be posted on the internet at www.CRTclaims.com."  [Emphasis added.]  Lead Counsel refused to include three lawyers' fee declarations in the filing he made with the Court, necessitating each to file separately.  Moreover, despite several requests that these three fee declarations be posted on the internet website, Lead Counsel refused to do so, in violation of this Court's Order mandating that procedure.  Lead Counsel's failure to comply with this Order could implicate the 9th Circuit precedent holding that fees cannot be awarded if Class members did not have a reasonable opportunity to review all fee requests before the objection date – here, October 8, 2015.

C.   Expenses.

1.   Many firms did not pay any assessments.  While some firms did contribute to the plaintiffs' common expense fund, most of the expenses were paid out of the $2.5 million from the CPT settlement and the $3.75 Million from the LG settlement.  See, Indirect Purchaser Plaintiffs' Notice of Motion and Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives, Dkt No. 4071, filed 9/23/15, pg. 28:2-15.  There were two separate funds – one called the "Litigation Expense Fund" into which certain Indirect-Purchaser Plaintiffs' counsel contributed funds; another called the "Future Expense Fund" into which Lead Counsel deposited $6.25 Million from the CPT and LG settlements.  Also deposited into that Future Expense Fund account were payments from certain Direct-Action Plaintiffs' Counsel's firms.  It is important to know when Indirect-Purchaser Plaintiffs' counsel's firms made any payments into the Litigation Expense Fund, because if payments were made only after the case was certain to settle, then there was little risk that the funds would not get reimbursed.  Therefore, a complete accounting of both funds is necessary and

OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES - 6 -   Master File No. 3:07-cv-5944 SC

MDL 1917

the production of those bank account statements should be made as soon as possible so that the record can be supplemented, if necessary.

      2.     Any counsel who did not contribute assessments to the Litigation Expense Fund, and was not at risk financially, should not receive any positive multiplier.

      3.     Lead Counsel discloses that certain Direct-Action Plaintiffs' Counsel bought Indirect-Purchaser Plaintiffs' counsel's work product. However, no amounts or accounting of such payments were made. They should be disclosed now and an accounting given of all expenditures from both funds.

    D.     Allocation of Fees.

      1.     The undersigned reserves the right to object to any fee allocations if the percentage-of-the-fund is used to award fees rather than lodestar-times-a-multiplier. The advantage of using the lodestar-times-a-multiplier here is that the award of fees to each specific firm accomplishes the allocation among the firms.

.Dated: October 8, 2015

    /s/ Francis O. Scarpulla  
FRANCIS O. SCARPULLA (CA SB 41059)  
PATRICK B. CLAYTON (CA SB 240191)  
Law Offices of Francis O. Scarpulla  
456 Montgomery Street, 17th Floor  
San Francisco, CA 94104  
Telephone: (415) 788-7210  
Facsimile: (415) 788-0706  
fos@scarpullalaw.com  
pbc@scarpullalaw.com  

*Counsel for Indirect-Purchaser Plaintiffs*

JOSEF D. COOPER (CA SB 53015)  
TRACY R. KIRKHAM (CA SB 69912)  
JOHN D. BOGDONOV (CA SB 215830)  
COOPER & KIRKHAM, P.C.  
357 Tehama Street, Second Floor  
San Francisco, CA 94105  
Telephone: (415) 788-3030  
Facsimile: (415) 882-7040  
Email: jdc@coopkirk.com  
           trk@coopkirk.com  
           jdb@coopkirk.com  

*Counsel Indirect-Purchaser Plaintiffs*

OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES     - 7 -     Master File No. 3:07-cv-5944 SC

MDL 1917

CERTIFICATE OF SERVICE

I certify that on October 8, 2015, I caused the foregoing **OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES** to be electronically filed with the Clerk of the Court via CM/ECF. Notice of this filing will be sent by email to all counsel of record by operation of the Court's electronic filing system.

    /s/ C.P. Cusick
    C.P. Cusick

OBJECTIONS TO: (1) SETTLEMENTS WITH PHILIPS, PANASONIC, HITACHI, TOSHIBA, SAMSUNG SDI, THOMSON AND TDA DEFENDANTS AND (2) ATTORNEYS' FEES    - 8 -    Master File No. 3:07-cv-5944 SC

MDL 1917