Josef D. Cooper (53015)
Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: jdc@coopkirk.com
        trk@coopkirk.com
        jdb@coopkirk.com

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
        pbc@scarpullalaw.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| _____ | **OBJECTION TO PROPOSED SETTLEMENTS** |
| This Document Relates to: | Hearing Date:  November 13, 2015 |
| All Indirect Purchaser Actions | Time:  10:00 a.m. |
| | Judge:  Honorable Samuel Conti |
| | Courtroom: One, 17th Floor |

## I.   INTRODUCTION

The undersigned raise for the Court's attention significant problems with the proposed settlements currently before this Court insofar as they provide for releases from those members of the "Nationwide Class" who are not also members of one of the "Statewide Damages Classes." These persons and entities are releasing the settling defendants from any and all injunctive and monetary claims.  However, the settlement agreements and proposed Plan of Distribution do not provide any consideration for such releases or compensation for these Nationwide Class members. This renders the proposed settlements (as effectuated by the Plan of Distribution) unfair, unreasonable and inadequate as to these proposed Nationwide Class members.

## II.   THE PROPOSED SETTLEMENTS PROVIDE NO RELIEF TO MEMBERS OF THE NATIONWIDE CLASS WHO ARE NOT ALSO MEMBERS OF A STATEWIDE DAMAGES CLASS

The proposed settlements require the Court to certify a Nationwide Class consisting of "all persons and or [sic] entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period March 1, 1995 through November 25, 2007."[1]  The Court is also being requested to certify Statewide Damages Classes, consisting of persons and entities who/that purchased CRT Products in the District of Columbia and in twenty-one states.[2]  All members of the Statewide Damages Classes are also members of the Nationwide Class, but the reverse is not true.[3]

Upon the finality of the proposed settlements, all members of the Nationwide Class (regardless of whether they are also a member of a Statewide Damages Class) will release "all

---

[1]  "Indirect Purchaser Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlements," filed May 29, 2015, Dkt. 3861, at p. 6.

[2]  Arizona, California, Florida, Nevada, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin.

[3]   For membership in most of the Statewide Damages Classes, the time period during which a qualifying purchase had to have been made is co-extensive with the time period for membership in the Nationwide Class.  However, purchasers of CRT Products in Hawaii between March 1, 1995 and June 24, 2002, in Nebraska between March 1, 1995 and July 19, 2002, and in Nevada between March 1, 1995 and February 3, 1999, are not members of their respective Statewide Damage Classes.  Like purchasers in the other 29 states, they are members of the Nationwide Class only.

1    federal and state-law claims . . . concerning the manufacture, supply, distribution, sales or pricing

2    of CRT Products," other than claims for product defect, personal injury or breach of contract.  Dkt.

3    3861, at p. 9.  The total consideration for these releases is the payment by the Settling Defendants

4    of $541,750,000, and their agreement to provide specified cooperation to Plaintiffs in the

5    prosecution of any continuing litigation.[4]  The settlements do not provide for any injunctive relief.

6    The proposed Plan of Distribution provides "compensat[ion to] members of the Statewide

7    Damages Classes . . . who claim their pro-rata share of the Settlement Fund based on the number

8    of valid claims filed, and the number and type of CRT Products each claimant purchased during

9    the class period."  Dkt. 3862, at ¶ 43.

10         Thus, the proposed settlements provide no relief for any member of the Nationwide Class

11    who is not recovering as a member of the Statewide Damages Classes.  Despite this failure of

12    consideration, all such members of the Nationwide Class are giving up the same claims as persons

13    and entities who are members of a Statewide Damages Class -- that is, a full and complete release

14    of all injunctive and monetary claims arising from the defendants' manufacture, supply,

15    distribution, sales or pricing of CRT Products.

16    **III.    THE RELEASE OF ALL EQUITABLE AND MONEATARY CLAIMS FOR NO**

17            **CONSIDERATION TO MEMBERS OF THE NATIONWIDE CLASS WHO**
           **ARE NOT MEMBERS OF THE STATEWIDE DAMAGES CLASSES IN**

18            **ORDER TO GENERATE A "COMPLETE RELEASE" FOR DEFENDANTS IS**
           **NOT A VALID JUSTIFICATION FOR APPROVAL**

19         The explanation for the proposed certification of the Nationwide Class is that it will

20    provide a vehicle for giving the Settling Defendants releases of all potential equitable and

21    monetary claims held by anyone purchasing a CRT Product in the United States.  The justification

22    for this is that it is necessary to settle "all *allegations made* against [the Settling Defendants] *in this*

23    *litigation*."[5]  Dkt. 3862, at ¶ 21(emphasis added).  However, while it is true that there was a

24

25    [4]  "Declaration of Mario N. Alioto in Support of Indirect Purchaser Plaintiffs' Notice of Motion

26    and Motion for Preliminary Approval of Class Action Settlements," filed May 29, 2015, Dkt.
   3862, at ¶¶ 29 and 31, and "Indirect Purchaser Plaintiffs' Amended Notice of Motion and Motion

27    for Preliminary Approval to Include Additional Settlements," filed June 10, 2015, Dkt. 3875, at p.
   2.

28    [5]  "The proposed Settlement Class is defined according to the class alleged in Plaintiffs' operative
   complaint (see Fourth Consolidated Amended Complaint, Dkt. No. 1526) because Settling

1  Nationwide Class alleged in the Fourth Consolidated Amended Complaint ("the Complaint") that

2  included persons and entities who/that are not also members of one of the Damages Classes, the

3  proposed releases to be given by these members of the Nationwide Class in settlement are broader

4  than the scope of the allegations made and relief sought by them in the Complaint.[6]

5        In the section of the Complaint titled "Violations Alleged," the Nationwide Class alleged a

6  single violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, for which it sought a single form

7  of relief -- the "issuance of an injunction against Defendants, preventing and restraining the

8  violations alleged herein." Dkt. 1526, at ¶ 256.   As stated above, the proposed settlements do to

9  provide for *any* injunctive relief.   Moreover, the persons and entities in the proposed Nationwide

10  Class are releasing not only their claims for injunctive relief, but any claims they may have for

11  monetary relief as well, regardless of whether they are eligible to participate in the monetary

12  recovery achieved by the settlement.   Accordingly, those members of the proposed Nationwide

13  Class who are not eligible to make a claim to share in the proposed settlements' monetary recovery

14  will receive nothing in return for the release of their claims against the Settling Defendants.

15        This failure of consideration cannot be justified on grounds that the Defendants requested

16  and negotiated for such a release.[7]   It is axiomatic that a lack of value exchanged for a release of

17  claims renders a settlement unreasonable and unfair, at least with respect to those disadvantaged

18  members of the class.   *See, e.g., Amchem Products v. Windsor,* 521 U.S. 591 (1997).   *See also*

19  *Yoshioka v. Charles Schwab Corp.,* No. 11-1625-EMC, 2011 U.S. Dist. LEXIS 147483, at *40

20  (N.D. Cal. Dec. 22, 2011) (denying final settlement approval where "uncertain value of the

21  _____

22  Defendants required a complete release of all allegations made against them in this litigation."
    Dkt. 3862, at ¶ 21.

23  [6]  Lead Counsel did not seek certification of the Nationwide Class alleged in the Fourth
    Consolidated Amended Complaint during the course of the litigation.

24  [7]  Many of the Settling Defendants here were also defendants in *In re TFT-LCD (Flat Panel)*

25  *Antitrust Litigation,* Case No. 3:07-MD-1827 SI (N.D. Cal.) ("*LCD*"), where a similarly overbroad
    release was also a settlement demand.   As here, there was a nationwide injunctive relief class and a

26  smaller universe of statewide damage classes.   The settlements consisted of injunctive relief for a
    nationwide injunctive class and monetary recovery for members of the damage classes only.   In

27  light of this, the release proposed and approved by Judge Illston carved out any monetary claims
    held by those members of the nationwide class who/that were not entitled to claim a share of the

28  settlement fund.   *See* Declaration of Josef D. Cooper In Support of Objection to Proposed
    Settlement ("Cooper Decl."), ¶¶ 2-4, Exh. A (*LCD* Dkt. 6141).

1    settlement ma[de] the release given in exchange therefor problematic"); *Daniels v. Aéropostale*

2    *West, Inc.,* No. 12-05755-WHA, 2014 U.S. Dist. LEXIS 74081, at *8 (N.D. Cal. May 29, 2014)

3    (Alsup, J.) (denying approval of a Fair Labor Standards Act (FLSA) settlement,[8] explaining that

4    "[n]o one should have to give a release and covenant not to sue in exchange for [nothing]").

5    Indeed, the undersigned raised their concerns regarding the issues relating to the Nationwide Class

6    in a letter to Lead and Defense Counsel on October 1, 2015.  See Cooper Decl., at ¶ 5, Ex. B.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny approval of the proposed settlements,

unless the terms are modified to so that there is no requirement that the Nationwide Class be

certified,[9] or the members of the Nationwide Class who are not also members of a State Damages

Class are no longer releasing claims without compensation.

Dated: October 8, 2015                          Respectfully submitted,

 /s/ Josef D. Cooper
       Josef D. Cooper

Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email:  jdc@coopkirk.com

 /s/  Francis O. Scarpulla
      Francis O. Scarpulla

Law Offices of Francis O. Scarpulla
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile:  415-788-0706
fos@scarpullalaw.com

Pursuant to Civil L.R. 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

---

[8] *Khanna v. Inter-Con Sec. Sys.,* 2012 U.S. Dist. LEXIS 137651, at *9 (E.D. Cal. Sept. 24, 2012) ("Because the standards for certifying an FLSA class and evaluating the fairness of an FLSA settlement are less stringent than those imposed by Rule 23, some courts have found the FLSA requisites satisfied by a showing that Rule 23 requirements have been met.")

[9]  Only members of the statewide damages classes who are being compensated by the proposed settlements would then give the omnibus releases.