Josef D. Cooper (53015)
Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: jdc@coopkirk.com
            trk@coopkirk.com
            jdb@coopkirk.com

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
            pbc@scarpullalaw.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF JOSEF D. COOPER IN SUPPORT OF OBJECTION TO PROPOSED SETTLEMENTS** |
| All Indirect Purchaser Actions | Hearing Date:  November 13, 2015<br>Time:  10:00 a.m.<br>Judge:  Honorable Samuel Conti<br>Courtroom:  One, 17th Floor |

I, Josef D. Cooper, declare as follows:

1.        I am a member in good standing of the State Bar of California, and licensed to

practice in the states of California, Illinois and Hawaii.  I am a Principal in Cooper & Kirkham,

P.C.  I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I

could and would testify competently to them.  I make this Declaration in support of the Objection to Proposed Settlements.

2.      I was one of the counsel of record representing Indirect Purchaser Plaintiffs in *In re TFT -LCD (Flat Panel) Antitrust Litigation,* Case No. 3:07-MD-1827 SI (N.D. Cal.) ("*LCD*"). During the course of the litigation, I took a leading role and was involved in all aspects of the coordinated activities, including all aspects of the settlement of that litigation.  I played a key role in conceptualizing, negotiating and drafting the settlement agreements, including resolving crucial issues regarding the scope of the classes included in the settlements and the releases.

3.      During settlement negotiations in *LCD*, the defendants (some of which are also defendants here) proposed settlement agreements which provided that members of the nationwide class would release any claims they may have had for monetary relief, as well as claims for injunctive relief, without participating in the monetary recovery achieved by the settlements. Indirect Purchaser Plaintiffs' counsel rejected that demand.  Instead, the releases negotiated in *LCD,* and approved by Judge Illston, carved out any monetary claims held by purchasers in those states that were not entitled to share in the settlement fund.

4.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of relevant portions of Dkt. No. 6141, "Indirect-Purchaser Plaintiffs' and Settling States' Joint Notice of Motion and Motion for Preliminary Approval of Combined Class, *Parens Patriae,* and Governmental Entity Settlements with AUO, LG Display, and Toshiba Defendants," filed in *LCD*.

5.      Attached hereto as <u>Exhibit B</u> is a true and correct copy of a letter to Mario Alioto and Defense Counsel, dated October 1, 2015.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 8th day of October, 2015, in San Francisco, California.

 /s/ Josef D. Cooper
Josef D. Cooper

DECLARATION OF JOSEF D. COOPER IN SUPPORT OF OBJECTION TO PROPOSED SETTLEMENTS
Case No. 3:07-cv-5944 SC, MDL No. 1917

# EXHIBIT A

1  Francis O. Scarpulla (41059)
   Craig C. Corbitt (83251)
2  Judith A. Zahid (215418)
   Patrick B. Clayton (240191)
3  Qianwei Fu (242669)
   Heather T. Rankie (268002)
4  ZELLE HOFMANN VOELBEL & MASON LLP
   44 Montgomery Street, Suite 3400
5  San Francisco, CA  94104
   Telephone:  (415) 693-0700
6  Facsimile:  (415) 693-0770
   *fscarpulla@zelle.com*
7
   Joseph M. Alioto (42680)
8  Theresa D. Moore (99978)
   ALIOTO LAW FIRM
9  225 Bush Street, 16th Floor
   San Francisco, CA 94104
10 Telephone:  (415) 434-8900
   Facsimile:  (415) 434-9200
11 *jmalioto@aliotolaw.com*

12 *Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

13 [Additional counsel listed on signature pages]

14
15                  **UNITED STATES DISTRICT COURT**

16              **NORTHERN DISTRICT OF CALIFORNIA**

17                  **SAN FRANCISCO DIVISION**

18 IN RE TFT-LCD (FLAT PANEL)          )   Case No. 3:07-MD-1827 SI
   ANTITRUST LITIGATION                )   MDL No. 1827
19 _____ )
                                       )   **INDIRECT-PURCHASER PLAINTIFFS'**
20 This Document Relates to:           )   **AND SETTLING STATES' JOINT**
                                       )   **NOTICE OF MOTION AND MOTION**
21 Indirect-Purchaser Class Action;    )   **FOR PRELIMINARY APPROVAL OF**
                                       )   **COMBINED CLASS, *PARENS PATRIAE*,**
22 *State of Missouri, et al. v. AU Optronics* )   **AND GOVERNMENTAL ENTITY**
   *Corporation, et al.*, Case No. 10-cv-3619; )   **SETTLEMENTS WITH AUO, LG**
23                                     )   **DISPLAY, AND TOSHIBA**
   *State of Florida v. AU Optronics Corporation,* )   **DEFENDANTS; MEMORANDUM OF**
24 *et al.*, Case No. 10-cv-3517; and  )   **POINTS AND AUTHORITIES**
                                       )   Hearing Date:  July 27, 2012*
25 *State of New York v. AU Optronics Corporation,* )   Time:  9:00 a.m.
   *et al.*, Case No. 11-cv-0711.       )   Courtoom:  10, 19th Floor
26                                     )   The Honorable Susan Y. Illston
                                       )
27                                     )   *subject to concurrently-filed motion to
   _____ )   advance hearing*

28

────────────────────────────────────────────────────────────
INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR PRELIMINARY
APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

the parties continued to negotiate the details of the settlement, until the Toshiba Proposed Settlement was executed on June 20, 2012.  Scarpulla Decl. Ex. C.

### 3.    LG Display

Despite many attempts, both with the assistance of the two Court-appointed mediators and with counsel alone, the parties were unable to reach an agreement.  In one last-ditch effort to resolve this case before trial, and with the assistance of Judge Walker, counsel for the IPPs, the Settling States, and LG Display reached an agreement in principle on April 26, 2012.  Thereafter, the parties continued to negotiate the details of the settlement, until the LG Display Proposed Settlement was executed on July 12, 2012.  Scarpulla Decl. Ex. B.

### C.    Key Terms of the Proposed Settlements

The Proposed Settlements follow the terms and conditions contained in the previously-approved settlements.  Thus, while the payment amounts and cooperation provisions differ as compared to the previously-approved settlements, the releases in the Proposed Settlement mirror the releases in the previously-approved settlements, and all other material terms are the same.

### 1.    Consideration

#### a.    Cash

Under the Proposed Settlements and the Settling States' separate settlements relating to their civil penalties claims, the Settling Defendants will pay a total of $571 million, of which $27.5 million is payable to the Settling States in resolution of their civil penalties claims.  The remaining $543.5 million represents consumer redress.  A portion of this Settlement Fund will be allocated to the Settling States to resolve their proprietary governmental entity redress claims against the Settling Defendants, according to a formula contained in the Proposed Settlements.  First, all Court-approved attorneys' fees, expenses, and incentive awards will be deducted.  Then, an amount equal to the eight Settling States' pro rata share (as compared to the gross domestic product of the states with monetary-relief classes) is applied to 7% of the remaining amount, and is allocated to the Settling States for redress of their governmental entity claims.[5]  This amount will be less than 5%

---

[5]    *See* Scarpulla Decl., Ex. A (AUO Proposed Settlement), ¶ 30(e); Ex. B (LG Display Proposed

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR PRELIMINARY
APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

of the remaining Settlement Fund.  More than 95% of the remaining Settlement Fund will go to non-governmental consumers who comprise the members of the IPP statewide monetary relief classes and *parens patriae* groups.

### b.      Antitrust Injunction and Compliance

AUO and LG Display agree, for a period of up to five years,[6] not to engage in price fixing, market allocation, bid rigging, or other conduct that violates Section 1 of the Sherman Act, with respect to the sale of any LCD Panels, or TVs, notebook computers, or monitors containing LCD Panels, that are likely, through the reasonably anticipated stream of commerce, to be sold to end-user purchasers in the United States.  The IPPs and the Settling States will ask the Court to enter an order to this effect.

Additionally, each Settling Defendant agrees to establish (or if applicable, maintain) an antitrust compliance program for the officers and employees responsible for the pricing or production capacity of LCD Panels.  Each Settling Defendant shall certify, through an annual written report for the next five years (three years for Toshiba), that they are in compliance with this obligation.

### c.      Cooperation by AUO and LG Display

The AUO and LG Display Proposed Settlements contain cooperation provisions that become operable in the event that one or more of the Proposed Settlements is not approved by the Court.  Accordingly, if the IPPs or the Settling States go to trial against one or more of the Settling Defendants due to the Court's rejection of a Proposed Settlement, then those Settling Defendants for whom the Court has approved a Proposed Settlement with a cooperation provision are obligated to provide cooperation to the IPPs and the Settling States, including authentication of documents, producing witnesses for interviews, depositions, and/or trial, and providing other assistance.[7]

---

Settlement), ¶ 32(e); Ex. C (Toshiba Proposed Settlement), ¶ 18(e).

[6]  *See* Scarpulla Decl., Ex. A (AUO Proposed Settlement) at ¶ 43, Scarpulla Decl., Ex. B (LG Display Proposed Settlement) at ¶ 45.

[7]  *See* Scarpulla Decl., Ex. A (AUO Proposed Settlement), ¶ 44; Ex. B (LG Display Proposed Settlement), ¶ 46.

Case 3:07-cv-05944-JST   Document 4116-1   Filed 10/08/15   Page 7 of 12

2.      **Release**

a.      **Indirect-Purchaser Plaintiffs' Release**

The scope of the release remains consistent with the previously-approved settlements. Upon final approval, the IPPs will dismiss the Settling Defendants with prejudice and release the claims under the terms of the Proposed Settlements.  The Proposed Settlements use the same IPP class definitions used in the previously-approved settlements, which consist of the definitions used in the Court's class certification orders dated Mar. 28, 2010 (Dkt. 1642) and July 28, 2011 (Dkt. 3198).  The Court's prospective modification of certain class definitions in advance of trial against the then-remaining defendants by order dated Jan. 26, 2012 (Dkt. 4684) removed Missouri and Rhode Island purchasers who did not purchase for personal, family, or household use, and removed purchasers who were also members of the direct-purchaser class.  These narrow groups are the subjects of proposed settlement-only classes, the certification of which will preserve uniformity with the previously-approved settlements.

Under the Proposed Settlements, the IPPs shall release, with respect to the claims asserted in the IPP action (or arising in any way from the sale of LCD Panels contained in TVs, notebook computers, and monitors):

a)      during the class period of January 1, 1999 through December 31, 2006, all claims for monetary relief held by indirect-purchaser end-user consumers (both natural persons and business entities) in the certified statewide monetary relief classes (and the proposed settlement-only classes); and

b)      during the time period January 1, 1999 through February 13, 2012 (the date of the first notice to the classes), all claims for *injunctive relief* held by indirect-purchaser end-user consumers (both natural persons and business entities) in the previously-certified nationwide federal Sherman Act injunctive relief class.

Thus, members of the statewide monetary relief classes (all of whom are also members of the previously-certified nationwide injunctive relief class), release *all* claims relating to LCD

INDIRECT-PURCHASER PLAINTIFFS' & SETTLING STATES' JOINT MOTION FOR PRELIMINARY
APPROVAL OF CLASS, *PARENS PATRIAE*, & GOV'T ENTITY SETTLEMENTS – CASE NO. 3:07-MD-1827 SI

Panels which arise out of the facts alleged in these MDL actions, while members of the previously-certified nationwide injunctive relief class, who are not members of a statewide monetary relief class, release *only* injunctive relief claims relating to LCD Panels – no monetary relief claims are released by indirect-purchaser end-user consumers who are members only of the nationwide injunctive relief class. Similarly, enforcement, proprietary, or injunctive claims held by any state other than the eight Settling States participating in the Proposed Settlements are not released. The releases in the Proposed Settlements do not affect contract, warranty, or product-defect claims arising in the ordinary course of business unrelated to the conduct alleged in the action.[8]

### b. Settling States' Release

Upon final approval, the Settling States will dismiss the Settling Defendants with prejudice and release the claims they brought in their respective actions under the terms of the Proposed Settlements. Specifically, the Settling States release all claims that were asserted and all claims that could have been asserted in each Settling State's respective action, arising in any way from the sale of LCD Panels and based on any form of alleged anticompetitive conduct occurring on or before December 31, 2006, including claims based on governmental entity purchases and applicable *parens patriae* claims, based on the facts alleged. The releases in the Proposed Settlements do not affect contract, warranty, or product-defect claims arising in the ordinary course of business unrelated to the conduct alleged in the action, held by the Settling States.[9]

### D. Plan of Distribution To IPP Class Members

The IPPs and the Settling States propose to compensate members of the IPP monetary-relief classes according to a plan of distribution, which provides that qualifying claimants will be eligible to claim an amount of money from the Settlement Fund based on the number of LCD TVs, notebook computers, and monitors each class member purchased during the class period.

---

[8] *See* Scarpulla Decl., Ex. A (AUO Proposed Settlement), ¶ 24; Ex. B (LG Display Proposed Settlement), ¶ 24; Ex. C (Toshiba Proposed Settlement), ¶ 12.

[9] *Id.*

# EXHIBIT B

LAW OFFICES OF
**FRANCIS O. SCARPULLA**
456 MONTGOMERY STREET
17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 788-7210
Fax: (415) 788-0706

LAW OFFICES OF
**COOPER & KIRKHAM, P.C.**
357 TEHAMA STREET
SECOND FLOOR
SAN FRANCISCO, CA 94103
(415) 788-3030
FAX: (415) 882-7040

October 1, 2015

**VIA EMAIL**

Mario N. Alioto, Esq.
TRUMP, ALIOTO, TRUMP
 & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
malioto@tatp.com

Jeffrey L. Kessler, Esq.
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
jkessler@winston.com

Eliot A. Adelson, Esq.
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
eliot.adelson@kirkland.com

Gary Halling, Esq.
SHEPPARD MULLIN RICHTER
 & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
ghalling@sheppardmullin.com

Christopher M. Curran, Esq.
WHITE & CASE LLP
701 Thirteenth Street N.W.
Washington, DC 20005
ccurran@whitecase.com

Kathy L. Osborn, Esq.
FAEGRE BAKER DANIELS LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
kathy.osborn@faegrebd.com

John M. Taladay, Esq.
BAKER BOTTS L.L.P.
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
john.taladay@bakerbotts.com

Nathan Lane, III, Esq.
SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, CA 94111
nathan.lane@squiresanders.com

Re:     *In re Cathode Ray Tube (CRT) Antitrust Litig.,* Master File No.
        3:07-cv-05944-SC, MDL No. 1917 (Indirect Purchaser Actions)

Dear Counsel:

This letter is to advise you of our belief that there are significant problems with the proposed settlements insofar as they provide for releases from those members of the "Nationwide Class" who are not also members of one of the "Statewide Damages Classes." These persons and entities are releasing the settling defendants from any and all injunctive and monetary claims. However, the settlement agreements and proposed Plan of Distribution do not provide any consideration for such releases or compensation for these Nationwide Class members. This renders the proposed settlements (as

Letter to Counsel
October 1, 2015
Page 2 of 3

effectuated by the Plan of Distribution) unfair, unreasonable and inadequate as to these proposed Nationwide Class members.

The proposed settlements are contingent on the Court certifying a Nationwide Class consisting of "all persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period March 1, 1995 through November 25, 2007."[1]  The Court is also being requested to certify Statewide Damages Classes, consisting of persons and entities who purchased CRT Products in the District of Columbia and in twenty-one states.[2]  All members of the Statewide Damages Classes are also members of the Nationwide Class, but the reverse is not true.[3]

Upon the finality of the proposed settlements, all members of the Nationwide Class (regardless of whether they are also a member of a Statewide Damages Class) will release "all federal and state-law claims . . . concerning the manufacture, supply, distribution, sales or pricing of CRT Products," other than claims for product defect, personal injury or breach of contract.  Dkt. 3861, at p. 9.  The total consideration for these releases, as described by Lead Counsel, is the payment by the Settling Defendants of $541,750,000, and their agreement "to provide specified cooperation to Plaintiffs in the prosecution of any continuing litigation."[4]  The settlements do not provide for any injunctive relief.  The proposed Plan of Distribution provides "compensat[ion to] members of the Statewide Damages Classes . . . who claim their pro-rata share of the Settlement Fund based on the number of valid claims filed, and the number and type of CRT Products each claimant purchased during the class period."  Dkt. 3862, at ¶ 43.

Thus, the settlements provide no relief for any member of the Nationwide Class who is not recovering as a member of the Statewide Damages Classes.  Despite this failure of consideration, all such members of the Nationwide Class are giving up the same claims as persons and entities who are members of a Statewide Damages Class --

---

[1] "Indirect Purchaser Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlements," filed May 29, 2015, Dkt. 3861, at p. 6.

[2] Arizona, California, Florida, Nevada, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin.

[3] For membership in most of the Statewide Damages Classes, the time period during which a qualifying purchase had to have been made is co-extensive with the time period for membership in the Nationwide Class.  However, purchasers of CRT Products in Hawaii between March 1, 1995 and June 24, 2002, in Nebraska between March 1, 1995 and July 19, 2002, and in Nevada between March 1, 1995 and February 3, 1999, are not members of their respective Statewide Damage Classes.  Like purchasers in the other 29 states, they are members of the Nationwide Class only.

[4] "Declaration of Mario N. Alioto in Support of Indirect Purchaser Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlements," filed May 29, 2015, Dkt. 3862, at ¶¶ 29 and 31, and "Indirect Purchaser Plaintiffs' Amended Notice of Motion and Motion for Preliminary Approval to Include Additional Settlements," filed June 10, 2015, Dkt. 3875, at p. 2.

Letter to Counsel
October 1, 2015
Page 3 of 3

that is, a full and complete release of all injunctive and monetary claims arising from the defendants' manufacture, supply, distribution, sales or pricing of CRT Products.

It should not require citation to establish that a lack of value exchanged for a release of claims is a strong indicator that a settlement is unreasonable and unfair, at least with respect to those disadvantaged members of the class. *See, e.g., Amchem Products v. Windsor*, 521 U.S. 591 (1997). We strongly urge you to fix this problem.

Sincerely,

Francis O. Scarpulla                Josef D. Cooper

Cc:  Martin Quinn, Esq.