Vaughn R Walker
Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
Fax:  (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917 |
| This Order Relates to: | Master Case No 3:07-cv-05944-SC<br>Individual Case No 3:11-cv-05514-SC |
| Individual Case No 11-cv-05514-SC | **ORDER RE THOMSON'S MOTION TO REINSTATE ECF NO 3914 RE SEARS' PRIVATE LABEL DISCOVERY** |
| *Sears, Roebuck and Co & Kmart Corp* | |
| *v Chunghwa Picture Tubes, Ltd, et al.* | |

On August 3, 2015, the Thomson Defendants moved to reinstate the July 14, 2015 Report and Recommendation ("July 14, 2015 R&R" or "ECF No 3914") granting in part Toshiba's 9/12/14 motion to compel a response to Interrogatory No 9 by providing the names

of the five highest-ranking Sears employees responsible for conducting, implementing or directing Sears' LXI private-label program during the relevant period.

Since the July 14, 2015 R&R (ECF No 3914) issued, Toshiba and Sears filed their stipulated dismissal with prejudice of all claims. ECF No 3831. On July 28, 2015, based on the parties' stipulation withdrawing Toshiba's Motion to Compel and requesting denial of the July 14, 2015 R&R as moot, Judge Conti denied the July 14, 2015 R&R as moot. ECF No 3938. This order and Sears' refusal to provide the ordered discovery precipitated Thomson's motion.

The Discovery Protocol requires coordination of discovery in this multi-district litigation (ECF No 1128). On August 24, 2015, the undersigned issued a report and recommendation construing the Discovery Protocol as allowing parties that remain in the litigation to continue with discovery motions filed by settling parties. That report recommended: "Toshiba's 9/12/14 motion to compel Sears/Kmart to provide additional discovery regarding their private label program" be "deemed pending or at issue notwithstanding the filing party's settlement or withdrawal of its role in the motion." ECF No 4015 at 5. On September 11, 2015, Judge Conti adopted ECF No 4015. ECF No 4054. Implicit in the court's adoption of ECF No 4015 was that Toshiba's 9/12/14 motion to compel private label discovery from Sears/Kmart remained pending and that Sears should comply with ECF No 3914.

In the meantime, on August 14, 2015, Sears' counsel sent a letter to the undersigned objecting to reinstatement of ECF No 3914 on the ground that "because Sears's relevant interrogatory response that was the subject of Toshiba's motion to compel did incorporate of [sic] the names of the five highest-ranking employees responsible for conducting, implementing, or directing Sears's LXI private- label program during the relevant period, no further action by the Court is necessary, and the Court should deny Defendants' request." Opposition at 1-2. Having reviewed ECF No 3914 and Sears' interrogatory response and incorporated Rule 30(b)(6) testimony, the undersigned understands Sears' position but finds it incorrect.

1        The July 14, 2015 R&R ordered as follows:

2        "Toshiba's motion to compel is **GRANTED** in part.  Plaintiffs are ordered to

3   provide the names of the five highest-ranking employees responsible for conducting,

4   implementing or directing Sears' LXI private-label program during the relevant period.

5   Toshiba's motion is **DENIED** in all other respects."   ECF No 3914 at 8.

6        Sears correctly contends that its Response to Interrogatory No 9 *refers* to its Rule

7   30(b)(6) deposition testimony:  "Plaintiffs further refer [Toshiba] to the Rule 30(b)(6) deposition

8   testimony and to the deposition testimony of Glenna Hess on this exact topic."  Exhibit A at 5.

9   But this reference does not respond to the interrogatory's inquiry.

10        The portions of the Rule 30(b)(6) deposition testimony that Sears relies upon fail

11  to disclose the five highest-ranking employees responsible for conducting, implementing or

12  directing Sears' LXI private-label program during the relevant period.  Sears' contention that its

13  response "incorporate[d]" the names of the five highest-ranking individuals stretches what, in

14  fact, Sears has provided.  Merely incorporating deposition testimony that provides the names

15  of more than five employees having managerial or vice presidential titles simply does not

16  answer the question posed.

17        Contrary to Sears' contention that the information ordered by the R&R has

18  already been provided, a review of Sears' submissions and responses to Interrogatory No 9

19  discloses that the information ordered has not been provided.  Sears' opposition does not

20  admit that the five named individuals were the five highest-ranking Sears employees

21  responsible for conducting, implementing or directing Sears' LXI private-label program during

22  the relevant period.  If the five named persons are the five highest-ranking Sears employees

23  with such responsibilities during the relevant time period, Sears should so state.  Otherwise,

24

25

26

27

28

Sears should provide the names of those five highest-ranking employees.[1]  Providing those names together with any required explanation in responsive sentences would have been far easier than opposing Thomson's motion.

**CONCLUSION**

The defendants' motion to reinstate ECF No 3914 (July 14, 2015 R&R) is **GRANTED.**  Sears shall serve a supplemental interrogatory response to Interrogatory No 9 as ordered in ECF No 3914 no later than October 15, 2015.

IT IS SO ORDERED.

Date:  October _8_, 2015

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Samuel Conti
United States District Judge

_____

[1] The undersigned understands that the term "five highest-ranking employees responsible for" involves some subjectivity in selecting individuals.  The point of the ordered interrogatory response is to determine the individuals with the greatest responsibility for Sears' private label program during the relevant period.