KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE
Senior Assistant Attorney General
State Bar No. 65819
ESTHER LA
State Bar No. 160706
PAMELA PHAM
State Bar No. 235493
EMILIO VARANINI
State Bar No. 163952
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5908
  Fax:  (415) 703-5480
  E-mail:  Emilio.Varanini@doj.ca.gov

*Attorneys for the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,<br><br>This Documents Relates To:<br><br>ALL ACTIONS | Master File No. 3:07-cv-05944-SC<br><br>MDL No. 1917<br><br>**STATEMENT OF INTEREST OF THE STATE OF CALIFORNIA**<br><br>Hearing Date: November 13, 2015<br>Time:             10:00 A.M.<br>Courtroom:   One, 17th Floor<br>Judge:           Honorable Samuel Conti |
|---|---|

1  The State of California, *ex rel.* Kamala D. Harris, Attorney General of the State of California ("Attorney General"), respectfully submits this Statement of Interest in response to the settlement notices that certain defendants in this action have served on the Attorney General pursuant to the notice provision of the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA Notices").  CAFA Notices were served on the Attorney General in June 2015 by the Hitachi defendants, the Panasonic defendants, the Philips defendants, the Samsung SDI defendants,[1] the Thomson defendants, and the Toshiba defendants.  All informed the Attorney General of their respective settlements with the Indirect Purchaser Class.

By this Statement of Interest, the Attorney General wishes to assert a conditional objection to the proposed settlements on the basis the settled parties have not yet disclosed all the information needed to assess whether the interests of California natural persons have been adequately met on issues of notice and distribution.  As explained below, the current records do not yet contain the information required for that assessment.   Absent that information, while the Attorney General does not object to the reasonableness of the settlements in the aggregate, the Attorney General has concerns that California natural persons have not had an adequate opportunity to claim funds and that they may have been disadvantaged as part of the claims process.  Therefore, the Attorney General's conditional objection is accompanied by a request that the data required for that assessment be disclosed as part of the process ordered by this Court.  The Attorney General otherwise reserves the right to appear at the Fairness Hearing in the event the concerns raised in this Statement are not addressed by the parties before then.

Indeed, the primary purpose of "requiring that notice of class action settlements be sent to appropriate state and federal officials [is] so that they may voice concerns if they believe that the class action is not in the best interest of their citizens." S. REP. 109-14, 5, 2005 U.S.C.C.A.N. 3, 6. "[N]otifying the appropriate state and federal officials of proposed class action settlements will

---

[1] It should be noted that the Attorney General is currently prosecuting a related antitrust action against the Samsung SDI defendants in state court. The Attorney General's suit is a law enforcement action brought under state antitrust laws. For purposes of judicial economy, the Attorney General did agree to and did coordinate certain aspects of the discovery process in her law enforcement action with the discovery process in this action.

2

provide a check against inequitable settlements in these cases" and "will also deter collusion between class counsel and defendants to craft settlements that do not benefit the injured parties." *See* S. REP. 109-14, 14-20, 28, 32-33, 35, 2005 U.S.C.C.A.N. 3, 17-21, 28, 31-32, 34.

Here, in light of the Ninth Circuit's recent decision in *California v. IntelliGender, LLC*, 771 F.3d 1169 (9th Cir. 2014), the Attorney General has an even stronger interest in ascertaining whether natural persons in California have been adequately notified of the opportunity to file claims, either as part of the due process mandated notice period or as part of subsequent efforts to distribute funds, and whether natural persons in California have not been otherwise disadvantaged vis-à-vis corporate claimants.[2] Without understanding the notice actually undertaken, the results of that notice in terms of the claims rates of California natural persons versus corporate claimants, and planned follow-up , the Attorney General cannot determine whether California natural persons will actually receive sufficient value for the release of their claims. For example, people who purchased Cathode Ray Tube (CRT) televisions and monitors can file a claim if they purchased those products in California or another state in which there was a damage class even though they are not and may never have been residents in that state. How does that fact affect what Californian residents will receive in satisfaction of their claims? How will it factor into ongoing efforts to distribute funds? And was notice sufficient enough for California residents that they had (or will have in the case of follow-up notice) an adequate opportunity to claim versus out-of-state claimants from Europe, Mexico, or Texas for example?

The fact that the proposed distribution plan involves efforts that will be ongoing to distribute all of the funds so that there is no *cy pres* feature heightens these concerns. California law supports such *cy pres* distribution and the Attorney General has a special public interest in ensuring that California natural persons fully benefit from the release of their claims through (where the sum of money recovered supports it) an adequate opportunity to file claims directly as

---

[2] While the *IntelliGender* case does not apply to restrict damage claims under the Cartwright Act on behalf of California natural persons, this case does appear to apply to damage claims on behalf of California natural persons brought under California Business and Professions Code section 17200 and, as such, the rights of the public under section 17200 might be restricted outside the context of a class action.

3

well as a *cy pres* distribution. In fact, any plan of distribution that purports to distribute all of the funds in lieu of any *cy pres* distribution will raise questions as to the distribution of any residue of funds, a point not addressed in the current distribution plan. In the experience of the Attorney General as detailed below, there is always a residue of funds that needs to be allocated in a *cy pres* fashion, e.g., claim checks end up being undeliverable.[3]

In previous cases, the Attorney General and private class counsel worked closely to develop the notice plan, claims process, and distribution plan. The Attorney General was able to ensure that the interests of California natural persons were appropriately protected as part of the process of developing those plans and balancing the interests of differing groups of claimants. The Attorney General could also ensure, given her unique policy interest in *cy pres* distribution, that California natural persons as a whole received at least some indirect benefit from the settlement. *See, e.g.,* Report and Recommendations of Special Master, Part I, pp. 115-116 & n. 188, 119-124, 128-131, 141-144, 162-166, Report and Recommendations of Special Master, Part II, Order Granting Preliminary Approval and Adopting Report and Recommendations of Special Master, Parts I and II, and Order Granting Final Approval and Adopting Report and Recommendations of Special Master, Parts I and II, MDL No. 1486, *In re DRAM Antitrust Litig.* (Jun. 27, 2014), available at http://dramclaims.com/settlement-details/court-documents; *see also* Second Amended Order Granting Final Approval of Combined Class, *Parens Patriae*, and

---

[3] While the Attorney General does not object to the allocation of fees out of the settlement funds as such, the amount of fees being requested heightens concerns about California natural persons not having a full opportunity to make claims as part of the global release being executed here. The Attorney General does reserve the right to weigh in specifically as to any claim of fees that counsel for the Indirect Purchaser Plaintiffs may pursue based on supposed conflicts with the Attorney General so that the Court may have the information required to assess the reasonableness of such fees. The Attorney General is charged in the public interest pursuant to California law with bringing *parens patriae* claims on behalf of California natural persons. *See, e.g.,* Cal. Bus. & Prof. Code, § 16760(b). Any dissatisfaction on the part of certain counsel for the Indirect Purchaser Plaintiffs with her taking on that role in her case in state court should thus not be a basis for taking funds away from class members. This reservation, which hopefully will be addressed before final approval is sought, is important to ensuring that the interests of California natural persons are fully met in this action. *See* S. REP. 109-14, 14-20, 28, 32-33, 35, 2005 U.S.C.C.A.N. 3, 17-21, 28, 31-32, 34 (regarding CAFA's aim to eradicate disproportionate allocation of the settlement fund as fees). In that respect, it is the hope of the Attorney General that the process ordered by the Court will provide an adequate opportunity for this issue to be addressed so that the Attorney General will not need to submit additional briefing to the Court itself on this issue.

Governmental Entity Settlements with AUO, LG Display, and Toshiba Defendants; Ordering Final Judgment of Dismissal with Prejudice; Award of Attorneys' Fees, Expenses, and Incentive Awards, MDL No. 1827, *In re TFT-LCD (Flat Panel) Antitrust Litig.* (Apr. 3, 2013)*,* available at https://lcdclass.com/mainpage/CourtDocuments.aspx.  But that is not the case here.

The Attorney General hopes that her concerns can be addressed in the collaborative way that they have been in other cases like *DRAM* such that she can withdraw her conditional objection before final approval.  In that respect, the Attorney General views the process ordered by the Court as being one that can be adapted for this purpose in much the same manner as Judge Charles B. Renfrew, the special master in *DRAM*, reached out to a multitude of parties and included them in the process to make sure notice, distribution, and allocation concerns could be adequately heard and addressed.  *See, e.g.,* Report and Recommendations of Special Master, Part I, pp. 11-12, 116-19, MDL No. 1486, *In re DRAM Antitrust Litig.* (Jan. 8. 2013), available at http://dramclaims.com/settlement-details/court-documents.

In sum, the Attorney General will withdraw her conditional objection if between now and the Fairness Hearing, there is disclosure of the requested information specified above, participation and input by the Attorney General in the remainder of the settlement approval process, as well as an opportunity for the Attorney General either to respond to any briefing filed in support of final approval or to appear at the Fairness Hearing.  There is no doubt the Attorney General's participation in this respect is wholly supported by CAFA.  *See* S. REP. 109-14, 32, 2005 U.S.C.C.A.N. 3, 32 (The notice provision of CAFA "is designed to ensure that a responsible state and/or federal official receives information about proposed class action settlements and is in a position to react if the settlement appears unfair to some or all class members or inconsistent with applicable regulatory policies."); *see also Marshall v. Holiday, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) ("The participation of a government agency serves to protect the interest of the class member, particularly absentees, and approval by the agency is an important factor for the court's consideration."), abrogated in part on other grounds, *Epstein v. MCA, Inc.*, 126 F.3d 1235, 1247 n. 10 (9th Cir. 1977).

| | | |
|---|---|---|
| 1 | Dated:  October 8, 2015 | Respectfully submitted, |
| 2 | | KAMALA D. HARRIS |
| | | Attorney General of California |

*/s/ Emilio E. Varanini*
EMILIO E. VARANINI
Deputy Attorney General
*Attorneys for the State of California*