**Robert J. Bonsignore, Esq.**
**BONSIGNORE TRIAL LAWYERS, PLLC**
**3771 Meadowcrest Drive**
**Las Vegas, NV 89121**
**Phone: 781-856-7650**
**Email: rbonsignore@classactions.us**

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES**<br><br>Date:       November 13, 2015<br>Time:       10:00 a.m.<br>Courtroom: One, 17th Floor<br>Judge:      Honorable Samuel Conti |

Now come class members and indirect purchasers of Cathode Ray Tube, Anthony Gianasca, Gloria Comeaux, Mina Ashkannejhad individually and/or as Administrator of the Estate of the Late R. Deryl Edwards, Jr., Jeffrey Speaect, Rosemary Ciccone and Jeff Craig, through their counsel Bonsignore Trial Lawyers, PLLC, and object to the proposed Class Action Settlement and Award of Attorneys' Fees. If not rejected the proposed settlement will bind consumers to a deal that provides them with nothing in exchange for their full and final release of all related rights. It will also allow a lead counsel who has played fast and loose with best interests of the putative class to abuse the fee and expense approval process because no process of audit and review of his firms fees (standing alone and in conjunction with the other cases for which they billed during the same time periods) was included in the process he reverse engineered for his own benefit.

Among other reasons, this proposed settlement (the "Proposed Settlement") must be rejected because it releases all consumer claims against Philips, Panasonic, Hitachi, Toshiba, Samsung, SDI, Thompson and TDA while providing certain consumers bound by the Proposed Settlement with nothing and because consumers bound by the Proposed Settlement who have not received notice. Remarkably, the underlying lawsuit claimed these defendants'[1] fixed prices for CRT products for nearly a 25-year period.  Chunghwa and LG previously settled for $10 million and $25 million respectively.  The new settlements add $541,750,000, creating a total settlement fund of $576,750.

## OBJECTORS

The following consumers object on behalf of themselves and other class members:

### 1.    Gianasca

Anthony Gianasca is a resident of Massachusetts.  Gianasca has indirectly purchased CRT Products in the Commonwealth of Massachusetts, from one or more of the Defendants or their co-conspirators and has been injured by reason of the antitrust violations alleged in the Complaint. He has not opted out of this action.

---

[1] Chunghwa and LG settled previously.

[2] The above  consumers also join and adopt the arguments contained in the objections related to

### 2.      Ciccone

Rosemary Ciccone is a resident of Rhode Island.  Ciccone has indirectly purchased CRT Products in Rhode Island, from one or more of the Defendants or their co-conspirators and has been injured by reason of the antitrust violations alleged in the Complaint.  She has not opted out of this action.

### 3.      Craig

Jeff Craig is a resident of New Hampshire.  Craig has indirectly purchased CRT Products in New Hampshire from one or more of the Defendants or their co-conspirators and has been injured by reason of the antitrust violations alleged in the Complaint.  He has not opted out of this action.

### 4.      Comeaux

Gloria Comeaux is a resident of Nevada.  Comeaux has indirectly purchased CRT Products in Las Vegas, Nevada, from one or more of the Defendants or their co-conspirators and has been injured by reason of the antitrust violations alleged in the Complaint.  She has not opted out of this action.

### 5.      Speaect

Jeffrey Speaect is a resident of South Dakota.  Speaect has indirectly purchased CRT Products in Pierre, South Dakota, from one or more of the Defendants or their co-conspirators and has been injured by reason of the antitrust violations alleged in the Complaint.  He has not opted out of this action.

### 6.      Estate of the Late R. Deryl Edwards, Jr.

Mina Ashkannejhad individually or as Administrator of the Estate of the Late R. Deryl Edward, Jr. is a resident of Missouri.  The Late R. Deryl Edwards, Jr., was a resident of Missouri. Both Ashkannejhad and Edwards have indirectly purchased CRT Products in Missouri, from one

1  or more of the Defendants or their co-conspirators and has been injured by reason of the antitrust

2  violations alleged in the Complaint.  They have not opted out of this action.

3  ### SETTLEMENT OVERVIEW

4  The Proposed Settlement provides for two distinct classes and types of recovery.  Those

5  classes and the defects in the Proposed Settlement's provisions as it relates to them are as follows:

6  ### I.    Nationwide Class

7  a.      The proposed nationwide class was never certified. It is only a settlement class.

8  The "Nationwide Class" is improper because it requires members of the injunctive-relief

9  settlement class to release both monetary and injunctive/equitable claims without any

10 consideration for such releases.[2]

11

12 b.   The Nationwide Class includes persons and entities that are not residents of the United

13     States and who received no Notice of the Proposed Settlement and it would be improper to

14     release any claims held by any such person or entity.

15 c.   Under *Illinois Brick*[3], consumers residing in states that have not expressly authorized

16     indirect purchasers to sue for damages in that state's courts have no damages claims, and

17     therefore no standing to bring claims for damages against defendants in federal court.  The

18     Proposed Settlement recognizes these limitations – and yet purports to release the claims of

19     individuals residing in those states through a nationwide class receiving only injunctive

20     relief.  Unfortunately, injunctive relief has little value to current class members, as

21     injunctive relief will only benefit *future* purchasers, not *past* purchasers.  In addition, the

22     court may not even possess jurisdiction over those individuals who have no real claims

23     since a district court's jurisdiction is limited to actual controversies.  The re-

24     characterization of those claims as injunctive *only* essentially contradicted the court's class

---

[2] The above  consumers also join and adopt the arguments contained in the objections related to
the Proposed Settlement and award of fees placed on file with this Court.

certification order, which allowed the case to go forward based on a single theory of damages.

## II.    Indirect-Purchaser State Classes

The State Classes were recommended for certification as litigation classes on June 20, 2013 (Docket No. 1742), consisting of indirect-purchasers in 21 states, plus the District of Columbia ("Repealer States"), who were residents of those states and who purchased in the state of which the class member was a resident.[4]  The Court adopted this recommendation on September 24, 2013 (Docket No. 1950).  For settlement purposes, these litigation damages classes were expanded to include anyone who indirectly purchased a CRT-containing product during the Class Period (1995-2007) in any Repealer States regardless of where that person or entity resided.  This thoughtless or ill conceived definition allows for a non-resident who purchased a CRT-containing product in a Repealer State to entitlement to a portion of the settlement fund while at the same time excluding other economically injured Indirect Purchasers who have their rights cut off with no recovery at all. While there are other defects that can and likely will be pointed out by other objectors this reviewing Court may safely rely on this fatal flaw to reject the settlement.

The issue is not whether the economic class was arbitrarily, capriciously or negligently created.  That it is flawed cannot be questioned. States that allows for economic recovery by indirect purchaser in an antitrust settling have inexplicably been excluded and what makes this exclusion more outrage is the fact that Lead Counsel Mario Alioto had putative class representatives from these states. Even worse, notwithstanding the fact Lead Counsel for the Indirect Purchasers is charged with zealously representing the members of the Class he chose to

---

[3] Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977)

[4] For some unknown reason, Lead Counsel did not seek to certify damage classes for consumers in Missouri, Massachusetts or New Hampshire, all three of which permit damage actions by indirect purchasers.

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES
Case No. 3:07-cv-5944, MDL No. 1917

drop. While he never explained his rationale the basis for excluding them did not include their best

interests.  Finally, the fact that states excluded states and class representatives from those excluded

states that otherwise allow for recovery for economic class but for the arbitrary and capricious

whim of Lead Counsel was brought to his attention multiple times. The solution is to redefine the

economic class properly.

For the reasons set forth in the instant memo and those included in other objections filed

this day, Lead Counsel Alioto should not be allow a multiplier.  He bungled the drafting of the

Settlement Agreement by excluding class members that were entitled to economic release,

negligently advocated for a fatally flawed class notice program and otherwise impermissibly

wasted the access of the class by needlessly creating division and by routinely bringing in counsel

who were unfamiliar with the case.  The tactic of replacing out confident counsel was intended by

Lead Counsel to increase his fee and for no good reason that out wave the negative.

**OBJECTIONS**

**I.   The Notice Plan**

a.      The Notice issued to the Class during or about May 2015 was fatally flawed. The

solution is to properly notify the class through the reissuance of notice, extend the deadline within

which to file a claim, and pay for this process with the funds Lead Counsel seeks awarded to him

as a multiplier. While the Notice provider, The Notice Company ("TNC") claims that the print

Notice reached 58% of class members over the age of 30 who own televisions or computers with

household incomes of at least $60,000. TNC's designated most knowledgeable affiant also

represents that digital advertisements increase the reach of the Notice to 80%.  *See* Docket No.

3863, ¶ 24. This bold claim is unsupportable, was not supported, and is otherwise off the mark.

The opinion was offered with an insufficient and defective foundation that provides no supporting

evidence for the assertion. The assertion must be disregarded.[5]  The proper method for determining if the Notice program was sufficient is for the Claims Administrator to state the current number of individual claims received to date (both by natural persons and by business entities, separately). As such, the Notice program was insufficient.

b.     The Notice program was also flawed because the targeted demographic was not the primary purchasers of CRT TVs, which were at the low-end of the television market during the Class Period. The Notice was directed to households with adults aged 30+ years old at the start of the class period (now over 50 years old) with $60,000 in household income. Lower-income families were not targeted by the Notice plan and no commentary was offered addressing why they were not targeted and whether there is reliable evidence that establishes they likely received notice. Rather, there is insufficient evidence in the record that supports a guess that they were given adequate notice intended to reach them.  There is nothing in the record to support whether this significant segment of the Putative Class did nothing, opted out or filed claims.

c.     Given the product in issue, Television is obviously among most likely sources of Notice to reach a class of TV purchasers. There is no evidence in the record that establishes that Notice was published on TV.

d.     A large segment of the Putative Class did not speak English as a first language. There is no evidence in the record that establishes that Notice was given in any language but English, or that it was even considered.   Give the economic recovery and the great number of non-English speaking members of the Putative Class the countervailing cost consideration does not outweigh the right of the members of the Putative Class to receive notice.

f.     The undersigned will supplement these objections with expert witness testimony in compliance with the schedule this Court sets forth. Request is made that this Court issue a related

_____

[5] We reserve the right to supplement these objections with expert testimony on this issue.

1    scheduling order.

2                              **II.    Settlement Amounts**

3    B.       Total Fee Award.

4            a.       Objection is raised as to the time and expenses used to request fees in the amount of

5    33 1/3% of the total settlements, along with $2.5 million in out-of-pocket expenses contributed by

6    certain of plaintiffs' counsel.  Lead Counsel's process of accepting and rejecting time was arbitrary

7    and capricious.

8

9            b.       Lead Counsel has very little to none trial experience or MDL case management

10   experience. While he sought out the help of more experienced counsel Lead Counsel Alioto

11   constantly brought in new firms who had not previously been in the case thus creating duplicitous

12   efforts.  Lead counsel designed and implemented of a fee review process that allows his firm to

13   escape scrutiny. Moreover, his so called fee review process was arbitrary.

14

15           f.       The accounting firm's time reports should be produced, along with all counsel's

16   timesheets, so that objectors can supplement any objections with evidence of any abuses.

17           g.       The Court's Amended Order Granting Preliminary Approval of Class Actions

18   Settlements, filed on July 9, 2015, requires Lead Counsel to file attorneys' fees requests "not later

19   than fourteen (14) days before objections to the Proposed Settlements are due, and [they] **shall** be

20   posted on the internet at www.CRTclaims.com.".  Lead Counsel refused to include three lawyers'

21   fee declarations in the filing he made, necessitating each to file separately.  Moreover, despite

22   several requests that these three fee declarations be posted on the internet website, Lead Counsel

23   refused to do so, in violation of this Court's Order mandating that procedure.

24   C.       Expenses

25           a.       Lead Counsel discloses that certain Direct-Action Plaintiffs' Counsel bought

26   Indirect-Purchaser Plaintiffs' counsel's work product.  However, no amounts or accounting of such

27

28
                                                        7

1    payments were made.  They should be disclosed now.

2    D.       Allocation of Fees.

3            We reserve the right to object to any fee allocations and have demanded arbitration

4    Wherefore in addition to the other relief requested, demand is made that the Economic Class be

5    redefined, notice be re-given, Lead Counsel have his lodestar and expenses opened for scrutiny,

6    and that his firm be denied a multiplier.

7

8    Dated:  October 8, 2015                        Robert J. Bonsignore

9

10                                                  /s/ Robert J. Bonsignore
                                                    Robert J. Bonsignore (MA No. 547880)
11                                                  Bonsignore Trial Lawyers, PLLC
                                                    3771 Meadowcrest Drive
12                                                  Las Vegas, NV 89121
                                                    Telephone:  (781) 856-7650
13                                                  rbonsignore@class-actions.us

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES
Case No. 3:07-cv-5944, MDL No. 1917

1

2

### CERTIFICATE OF SERVICE

3

4        I, Robert J. Bonsignore, hereby certify that on this 8th day of October, 2015, I caused the

5   foregoing to be electronically filed with the Clerk of the Court by using the Case

6   Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic

7   filing to all parties registered with the CM/ECF system in the above-captioned matter.  A copy will

8   be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

9

10                                              */s/ Robert J. Bonsignore*
                                            Robert J. Bonsignore

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES
Case No. 3:07-cv-5944, MDL No. 1917