Joseph Darrell Palmer (SBN 125147)
*darrell.palmer@palmerlegalteam.com*
Law Offices of Darrell Palmer
2244 Faraday Avenue, Suite 121
Carlsbad, California  92008
Tel:  (858)215-4064
Fax:  (866)583-8115


Attorney for Objector Paul Palmer

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE:  CRT ANTITRUST LITIGATION | Case No. 07-CV-05944-SC |
|  | **OBJECTION OF PAUL PALMER TO INDIRECT PURCHASER PLAINTIFFS' COUNSELS' MOTION FOR ATTORNEYS' FEES AND PROPOSED SETTLEMENT, AND NOTICE OF INTENT TO APPEAR AT HEARING** |
|  | **Date:  November 13, 2015** |
|  | **Time:  10:00** |
|  | **Courtroom:  One, 17th Floor** |
|  | Judge:    Samuel Conti |

        Class Member Paul Palmer, by and through his attorney of record, Joseph Darrell Palmer, hereby

objects to the Motion for Attorneys' Fees and the proposed settlement filed by Indirect Purchaser

Plaintiffs' counsel.  Counsel also gives notice of intent to appear at the final fairness hearing.

OBJECTION OF PAUL PALMER TO INDIRECT PURCHASER PLAINTIFFS' COUNSELS' MOTION FOR
ATTORNEYS' FEES AND PROPOSED SETTLEMENT, AND NOTICE OF INTENT TO APPEAR AT HEARING

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to the Class Notice, class member objector's address is 301 7ᵗʰ Street, Nocona TX 76255, and his telephone number is 940-235-7151.   However, because he is represented by counsel, he can be reached through Darrell Palmer, his attorney of record.

The Class Notice provides that an objector must provide "proof of membership in the class," but this term is not defined in the Class Notice.  Further, Class Counsel Alioto states that this case stretches back some 20 years, and that much evidence is therefore lost.  (Alioto Decl. ¶7(b), Dkt. 4071-1)  Further, the class period ends approximately eight years ago, in November, 2007.  Most verifiable records need not be kept longer than seven years.  Accordingly, for his "proof of membership in the class," objector provides a declaration attached to this objection as to his membership in the class.

The Notice also requests that the objector provide a "brief description" of the reasons for the objection.  Objector, therefore, will be as brief as necessary.

Without trivializing the expense and effort spent by counsel on behalf of the Indirect Purchaser Plaintiffs, the fee request is simply unwarranted by current Ninth Circuit, Supreme Court, and recent Northern District antitrust jurisprudence.  The fee request goes far beyond the Ninth Circuit benchmark of 25%, up to 33% of the megafund.  Quite simply, especially in megafund cases, even 25% may be too high if it creates a windfall for class counsel.  *In re High Tech Employees Antitrust Litig.,* 2015 WL 5158730, at *6; 11-cv-2509-LHK (Dkt. 1112, at 12)(Sept. 2, 2015)(citing *In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 942 (9ᵗʰ Cir. 2011).  In a word, the fee request is overreaching.

It bears emphasizing, from the Supreme Court's viewpoint, that there is a "strong presumption" that lodestar attached to the matter is presumptively reasonable.  *Perdue v. Kenny A.,* 130 S.Ct. 1662, 1673 (2010).  Class Counsel's hourly rates presumably take into account their market value, and require no upward adjustment absent extraordinary circumstances:

07-cv-5944-SC
OBJECTION OF PAUL PALMER TO INDIRECT PURCHASER PLAINTIFFS' COUNSELS' MOTION FOR ATTORNEYS' FEES AND PROPOSED SETTLEMENT, AND NOTICE OF INTENT TO APPEAR AT HEARING

1
2
3
4
5
6
7
8
9
10

> We have stated in previous cases that such an increase is permitted in extraordinary circumstances, and we reaffirm that rule.  But as we have also said in prior cases, there is a strong presumption that the lodestar is sufficient; factors subsumed in the lodestar calculation cannot be used as a ground for increasing an award above the lodestar; and a party seeking fees has the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified. . . .  We have noted that "the lodestar figure includes must, if not all, of the relevant factors constituting a reasonable attorneys' fee," *Delaware Valley I, supra,* at 566, and have held that an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation.  [Citations.]  <u>We have thus held that the novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors "presumably are fully reflected in the number of billable hours recorded by counsel."</u> *Blum,* 465 U.S. at 898.  We have also held that the quality of an attorney's performance generally should not be used to adjust the lodestar "because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." *Delaware Valley I,* at 566.

11
12
13
14
15
16

*Perdue,* 130 S.Ct. at 1669, 1673 (emphasis added).  Class Counsel represents that its lodestar in this matter is greater than $83 million.  Under the reasoning employed by the Supreme Court, this number should ordinarily be sufficient, in that Class Counsel's hourly rates (in some cases approaching $900 per hour)[1] inhere in them the risk and expertise of each attorney's respective rate.  Class Counsel's request for the 33.3% of the common fund simply cannot be justified under the Supreme Court's lodestar pronouncement.  This constitutes a "windfall" of $108,496,001.

17
18
19
20
21
22
23
24
25
26

Judge Lucy H. Koh recently awarded attorneys' fees in a high-profile antitrust settlement involving suppression of compensation in the Bay Area, which case was decided based upon an untried and novel economic theory after a hotly-contested battle of experts.  *In re High Tech Employees Antitrust Litig., supra,* case no. 11-cv- 2509 LHK.  Just like the instant matter, the *Hi-Tech* litigation was hard-fought for years against multiple defendants, against technology giants Google, Apple, Intuit, and others, with limitless resources.  It included multiple appeals as well as multiple motions for class certification and summary judgment.  It also included trial preparation, after Judge Koh ***rejected*** a proffered preliminary settlement of $324.5 million (and 25% request for attorneys' fees, of $81.125M), after one of the named plaintiffs objected to the settlement because it was <u>too low,</u> based upon the

27
28

---

[1] Dec. of Mario N. Alioto, Dkt. 4073-1, ¶5.

3

OBJECTION OF PAUL PALMER TO INDIRECT PURCHASER PLAINTIFFS' COUNSELS' MOTION FOR
ATTORNEYS' FEES AND PROPOSED SETTLEMENT, AND NOTICE OF INTENT TO APPEAR AT HEARING

1  expert's analysis of the total value of the allegations (more than $3 billion).  (*See generally,* Order

2  Granting in Part and Denying in Part Motions for Attorneys' Fees, Dkt. 1112, at 3-5.)  While the parties

3  prepared for trial and awaited the Ninth Circuit's opinion regarding Judge Koh's rejection of the $324.5

4  million settlement as too low, the parties arrived at a larger settlement of $415 million.  The attorneys'

5  fees request did not change, and remained at $81.125M, which now amounted to just 19.54% of the

6  common fund.  Koh order at 6.  Even this request was deemed too high; Judge Koh awarded

7  approximately half of the request:  $40,043,932.50 in fees.  Order at 35.  This amount is greater than the

8  lodestar of $18,201,787.50.  Order at 10.

9         Whether lodestar or percentage is used, the end result must be reasonable.  This is what caused

10  Judge Koh to reject the 19% fee request in *Hi Tech* and reduce it to less than 10%, which still resulted in

11  a $20 million "enhancement" to class counsel.  In this case, however, Class Counsel's request for 33.3%

12  results in an ***enhancement of $108.496 million*** (lodestar of $83,753,000, and request of $192,250,000).

13  This is unreasonable and does not justify a departure from the Ninth Circuit benchmark of 25%.

14  *Bluetooth* at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee

15  award").

16         What Judge Koh clarified is that it is not enough to simply meet one "objectively" reasonable

17  criterion when weighing a fee request.  Merely because the 19% appeared "below market" because it

18  was less than the 25% benchmark, additional inquiry was necessary to determine whether a windfall

19  would occur.

20         In this case, while one indicator, the multiplier, may appear "objectively" reasonable at 2.3, the

21  percentage cross-check reveals the overreaching nature of the request.

22         The current structure Class Counsel requests the Court to award results in these numbers:  of the

23  $576,750,000 common fund, the 33.3% fee request results in $192,250,000 to Class Counsel and

24  $384,500,000 to the class.   However, if the Court were to apply the 25% "reasonable" benchmark, this

25  would result in a fee award of $144,187,500, or a $60,433,501 "enhancement" for the risk, effort, and

26  time undertaken by Class Counsel across these past eight years.  It would also result in an ***increased

27  benefit to the class of $48,062,500***.  The $60,433,501 "enhancement" on the "presumptively

28  reasonable" lodestar amount of $83,753,999, <u>should</u> be what Class Counsel seeks as a reasonable fee in

this matter, rather than the $108,496,000 enhancement.  As a non-reversion fund, with all funds benefitting the class directly after fees and costs, the reasonable fee is clearly the 25% figure, rather than the requested 33% figure:

| Class Counsel's 33% request | Proposed reasonable 25% request |
| --- | --- |
| Amount to Class Counsel:  $192,250,000 | Amount to Class Counsel: $144,187,500 |
| Multiplier:  2.3 | Multiplier:  1.72 |
| Amount to Class:  $384,500,000 | Amount to Class:  $432,562,500 |
| Fee "enhancement" over lodestar:  $108,496,000 | Fee "enhancement" over lodestar:  $60,433,501 |

In other words, one "reasonable" request is not the end of the inquiry, under the Northern District's most recent pronouncement in *High Tech*.  Just because the multiplier in this case falls within a reasonable range, the size of the fund, the lodestar, the benefit to the class, and the necessity of avoiding awarding a windfall must all be taken into consideration.  Under these circumstances, the direct benefit to the class of more than $48 million makes the 25% fee the reasonable request.

Class Counsel cites several cases in which 30% fees were awarded in antitrust cases.  It did not, noticeably, cite Judge Koh's September, 2015 order, awarding just 10% of the megafund.  Judge Koh cited several sources for denying the 20% request and reducing it to 10% of the common fund:

> Just as there was "nothing inherently reasonable about an award of 13.6% of a [$687 million] fund" in [*In re Washington Public Power Supply System Sec. Litig.,* 19 F.3d 1291, 1298 (9th Cir. 1994)], the Court finds nothing inherently reasonable in Plaintiffs' counsel's total request here for 20.6% of the $415 million settlement.  *See also Gutierrez v. Wells Fargo Bank, N.A.,* 2015 WL 2438274, at *4 (N.D.Cal. May 21, 2015)(rejecting class counsel's request to apply the percentage-of-recovery method to $203 million restitution award and opting for the lodestar method instead because "blindly adopting the 25-percent benchmark . . . would result in a windfall to class counsel."). . . .  [E]ven though Class Counsel's proposed percentage recovery of 19.5% is below the Ninth Circuit's 25% benchmark, an award of 19.5% in attorney's fees would yield a lodestar multiplier of 4.46.  [Reference.]  Factoring in the $5 million in attorney's fees already awarded to Class Counsel in the settlements with Pixar, Lucasfilm, and Intuit, Class Counsel's multiplier would increase to 4.73.  Devine Counsel's lodestar multiplier is even higher:  8.7.  . . . These multipliers, in the Court's judgment, are simply too high for a settlement of this size and would result in "windfall profits for class counsel in light of the hours spent on the case."  *Bluetooth* at 942.

5

OBJECTION OF PAUL PALMER TO INDIRECT PURCHASER PLAINTIFFS' COUNSELS' MOTION FOR ATTORNEYS' FEES AND PROPOSED SETTLEMENT, AND NOTICE OF INTENT TO APPEAR AT HEARING

Koh Order at 12-13.  It should be clear that the Court's primary concern should be fairness to the class and reasonableness of the fee, rather than applying mechanical benchmarks which could result in windfalls which ultimately overcompensate for the risks undertaken, and for which the unenhanced lodestar can be deemed presumptively reasonable.

Class Counsel asserts that "in similar cases," a 33% request is routinely approved nationwide. Motion at 24.  This is misleading.  Class Counsel fails to cite any controlling authority approving this departure, especially in a megafund case where the request results in greater than a $100 million fee **enhancement**.  The first two cases it cites are both from the Southern District of Florida:  *In re Checking Account Overdraft Litig.,* 830 F.Supp.2d 1330 (S.D.Fla. 2011), and *Allapattah Servs., Inc. v. Exxon Corp.,* 454 F.Supp.2d 1185 (S.D.Fla. 2006).  Other cases, noted in footnote 33, are also outside of the Ninth Circuit (District of the District of Columbia, District of Delaware, Southern District of New York, and Western District of Louisiana), with the exception of a District of Arizona case, which "megafund" was less than one-third of the fund involved in this case:  *In re Apollo Group, Inc. Secs. Litig.,* 2012 WL 1378677 (D.Ariz. Apr. 20, 2012)($145 million).  Accordingly, this objector asserts that Class Counsel has failed to carry its burden to persuade the Court to deviate from the presumptively reasonable 25% benchmark, given the size of the fund and the Court's duty to assess all factors regarding the reasonableness of the fee and avoid awarding a "windfall."

In sum, the objector asserts that awarding 25% of the common fund would reasonably "enhance" the risk, expense, and effort of this litigation, in that it would result in a $144,187,500 fee award to Class Counsel, a $60,433,501 enhancement over complete recoupment of its lodestar (which the Supreme Court believes is reasonable to begin with).  This award would also benefit the class in the amount of $48,062,500 over the current requested structure.

Should the Court determine that a 25% award is the reasonable amount to be awarded, counsel for this objector requests a percentage of the improvement to the class distribution as a fee, to be briefed in the event this occurs.

WHEREFORE, This Objector respectfully requests that this Court:

A.  Upon proper hearing, sustain this Objection;

07-cv-5944-SC
OBJECTION OF PAUL PALMER TO INDIRECT PURCHASER PLAINTIFFS' COUNSELS' MOTION FOR
ATTORNEYS' FEES AND PROPOSED SETTLEMENT, AND NOTICE OF INTENT TO APPEAR AT HEARING

1      B.  Upon proper hearing, enter such Orders as are necessary and just to adjudicate this Objection;

2  and

3

4      C.  Award an incentive fee to this Objector for his role in improving the Settlement, if applicable;

5  and

6      D.  Award attorneys' fees to counsel for this objector for his role in improving the Settlement, if

7  applicable.

8   Dated:  October 8, 2015                    LAW OFFICES OF DARRELL PALMER

9

10

11                                        By: /s/ Joseph Darrell Palmer
                                              Joseph Darrell Palmer
12                                            Counsel for Objector Paul Palmer

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07-cv-5944-SC
OBJECTION OF PAUL PALMER TO INDIRECT PURCHASER PLAINTIFFS' COUNSELS' MOTION FOR
ATTORNEYS' FEES AND PROPOSED SETTLEMENT, AND NOTICE OF INTENT TO APPEAR AT HEARING

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2015, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I further certify that all participants in the case who are registered CM/ECF users that service will be accomplished by the USDC CM/ECF system

/s/ Joseph Darrell Palmer_____
Joseph Darrell Palmer
Attorney for Objector Paul Palmer

07-cv-5944-SC
OBJECTION OF PAUL PALMER TO INDIRECT PURCHASER PLAINTIFFS' COUNSELS' MOTION FOR ATTORNEYS' FEES AND PROPOSED SETTLEMENT, AND NOTICE OF INTENT TO APPEAR AT HEARING