FILED

OCT 16 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Class Member Objection

**In Re Cathode Ray Tube (CRT) Anti-Trust Litigation, MDL No. 1917** 07-5944 C

To Whom It May Concern:

This letter is being sent because I am a Class Member in the above referenced case and I object to the Proposed Settlement.

My Full name is Elizabeth Kimberly Johnson; my current address is 82 Standifer Drive, Odenville, AL 35120; my phone number is 205-500-2496, and I have signed this Objection below.

I am a Member of the Class because I have purchased Samsung TVs containing a Cathode Ray Tube in the States of West Virginia and Florida during the period March 1, 1995 through November 25, 2007. I made these purchases from retail stores, not directly from any of the Defendants. I have reviewed the products on the website and through the years, I have bought several of the TV sets in the class settlement.

I intend to file my claim before the end of the deadline for filing claims; however, I have several issues with the Proposed Settlement.

My primary objection is that the information about making a claim is inconsistent and extremely confusing. The information in the Notice says that an individual claimant should receive a minimum payment of $25.00, but it is not clear whether that is per claimant or per covered item purchased. The Notice also states that the claimants will receive a pro rata portion of the fund (after fees and expenses), but then arbitrarily states that the maximum payment will be "three times (3x) the estimated money damages for each claimant". I cannot find anything in the Notice or the claim form that defines "the estimated money damages". Again, this is stated in terms of claimant without reference as to whether the "estimated money damages" is per claimant or per covered item purchased.

A review of the claim form not only fails to clarify this vague and ambiguous description of what a claimant can anticipate, but it's actually more confusing. The claim form has a notice that "all claims are subject to audit and large claims will require verification". Furthermore, the claim form includes in the important notes that "all claimants should keep any proof of purchase". Based on the foregoing, neither I nor any other claimant is reasonably informed as to either what they are entitled to receive or what will reasonably be required to prove entitlement to file a claim. For example: Do I still have to have possession of the product; do I have to have written documentation of my purchase or purchases; will an old family picture showing a Cathode Ray TV be enough? It appears to me, that more time and effort has been spent trying to secure an almost $200,000,000 attorneys' fee than trying to make sure claimants are not confused as to the available benefits and requirements for making a claim or claims. At a minimum, these ambiguities should require some additional reasonable notification to clarify what are the

available benefits and what will be necessary to support claims. There is no way to know if this settlement is fair if class members don't know what they can reasonably expect and what is reasonably required to support a claim.

Another issue is the amount of attorneys' fees claimed. Although the settlement fund is significant, it seems completely unfair that the attorneys are claiming (in addition to substantial expenses) a fee in excess of $190,000,000. I see in television ads that apparently attorneys routinely claim a fee of one-third of a settlement in matters like car wrecks and other personal injuries. While that may be appropriate in a case involving one particular client, it seems inappropriate when the overall fund is this large, but the only thing that is stated with regard to what purchasers, like me, may recover is expected to be a minimum of $25.00, but even that is qualified and not assured. It seems inappropriate that the purchasers may get less than $25.00 while the lawyers receive over $190,000,000. A fee of $190,000,000 would be inappropriate even if the individual claimants received the maximum available. I request that any reduction of attorneys' fees by the Court be made available to the claimants and not returned to the Defendants.

It is also disturbing that the Defendants have agreed not to challenge a fee up to one-third of the total fund.

The Notice states I must make a statement regarding whether or not I intend to appear at the Hearing. I am presently trying to determine if I can find an attorney to appear on my behalf, but if I cannot, I am not certain if I will appear personally, but I would like to reserve my right to appear and be heard.

If there are others objecting to this Proposed Settlement, I would join in their Objection as the entire settlement appears to benefit lawyers more than Class Members.

My signature below will affirm that I am a Class Member having purchased one or more computer monitors and/or TV's with Cathode Ray Tubes during the period stated above in the States of West Virginia and Florida and the purchase was for personal use and made from retailers and not directly from any of the Defendants. My fiancé is a lawyer and has helped me put this in the right form. His name is Charles M. Thompson of Birmingham, Alabama.

                                      Sincerely,

                                  *Elizabeth Kimberly M*