# **EXHIBIT C**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| In re: Cathode Ray Tube (CRT) Antitrust Litigation | ) |
| ~~Plaintiff~~ | ) |
| v. | ) Civil Action No. 07-CV-05944-SC; MDL No. 1917 |
| This Document Relates to: All Indirect Actions | ) |
| | ) |
| ~~Defendant~~ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: **DOUGLAS W. ST. JOHN**

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Wingate Beach Hotel<br>4302 W. Beach Blvd., Gulfport, MS 39501 | Date and Time:<br>November 2, 2015 - 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: Court Reporter

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/21/2015

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Indirect Purchaser Plaintiffs
**ROBERT J. GRALEWSKI, JR.**, who issues or requests this subpoena, are:
KIRBY McINERNEY LLP - 600 B Street, Suite 1900, San Diego, CA 92101; bgralewski@kmllp.com; (619) 398-4340

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 07-CV-05944-SC; MDL No. 1917

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____
_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

    I declare under penalty of perjury that this information is true.

Date: _____

                                    _____
                                        *Server's signature*

                                    _____
                                        *Printed name and title*

                                    _____
                                        *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. The term "YOU," "YOUR," or "YOURS" refers to the recipient of this discovery request and unless otherwise specified in a particular request includes the recipient's attorneys, representatives, and/or other persons acting or authorized to act on the recipient's behalf in connection with the CRT ANTITRUST LITIGATION

2. The term "DOCUMENT" has the meaning set forth in Federal Rule of Civil Procedure 34(a), and specifically embraces the original, an identical copy if the original is not available, non-identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests, documents in electronic form (including e-mails), electronically stored information, and photographs. DOCUMENTS shall further include ALL drafts of DOCUMENTS defined above.

3. The term "COMMUNICATION" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion whether face-to-face or by means of telephone, telegraph, telex, telecopier, electronic or "e-mail," or other media, and the circumstances by which YOU came into possession of the document evidencing the communication.

4. The terms "AND" and "OR" are to be considered both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. The word "ALL'' also includes "EACH" and vice versa. "ANY" is understood to include and encompass "ALL."

5. The terms "RELATING TO" and "IN RELATION TO" shall mean, in whole or in part, discussing, describing, pertaining to, deriving from, arising from, resulting from, referring or alluding to, reflecting, containing, analyzing, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, or concerning.

6. The terms "REPRESENT," "REPRESENTING" and "REPRESENTATION" shall mean the provision of legal advice or counsel, appearance in a legal matter, or the preparation of legal

instruments, including with respect to the preparation of any OBJECTION, DOCUMENTS, legal pleadings, arguments, settlements, or settlement negotiations.

7. The term "OBJECTION" shall mean any legal filings or pleadings opposing a proposed or existing class action settlement or an award of attorneys' fees and costs in a class action case.

8. The term "PERSON" shall mean any natural person, lawyer, law firm, association, organization, partnership, corporation, joint venture, trust or public entity.

9. The term "CRT ANTITRUST LITIGATION" shall mean the Indirect Purchaser actions in the matter entitled *In Re: Cathode Ray Tube (CRT) Antitrust Litigation,* Case No. CV-07-5944-SC, MDL No. 1917, pending in the U.S. District Court for the Northern District of California.

## INSTRUCTIONS

1. The DOCUMENTS to be produced pursuant to these requests specifically embrace, in addition to documents within YOUR possession, custody or control, documents within the possession, custody or control of YOUR agents or representatives, including YOUR attorneys.

2. Unless otherwise specified, the relevant time period for these requests is from March 1, 1995 to the present.

3. In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if ANY document responsive to these Requests is withheld based upon a claim of privilege OR trial preparation material, state separately for each such document, in addition to ANY other information requested: (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if ANY; (e) the title OR position of its author, as well as the author's addressees; (f) the type of document (e.g., letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title AND general subject matter (without revealing the information as to which the privilege is claimed); AND (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which YOU claim such privilege.

# REQUESTS FOR PRODUCTION

1. All DOCUMENTS supporting YOUR OBJECTION filed in the CRT ANTITRUST LITIGATION, including those supporting YOUR assertion that YOU are a member of the Settlement Class in the CRT ANTITRUST LITIGATION.

2. All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any PERSON (including but not limited to Christopher Bandas, Timothy R. Hanigan, Jan L. Westfall, Francis O. Scarpulla, Josef D. Cooper, Robert J. Bonsignore, Paul B. Justi, Theresa D. Moore, Steve Miller, Jonathan E. Fortman, John C. Kress, Joseph Darrell Palmer, any member of the Competitive Enterprise Institute Center for Class Action Fairness, or any other attorney) RELATING to the CRT ANTITRUST LITIGATION.

3. All DOCUMENTS RELATING TO the REPRESENTATION of YOU by any PERSON (including but not limited to any retainer agreement and/or other related documents) IN RELATION TO the CRT ANTITRUST LITIGATION.

4. All DOCUMENTS RELATING TO any agreements between YOU and any other PERSON (including but not limited to Christopher Bandas, Timothy R. Hanigan, Jan L. Westfall, Francis O. Scarpulla, Josef D. Cooper, Robert J. Bonsignore, Paul B. Justi, Theresa D. Moore, Steve Miller, Jonathan E. Fortman, John C. Kress, Joseph Darrell Palmer, any member of the Competitive Enterprise Institute Center for Class Action Fairness, or any other attorney) IN RELATION TO the CRT ANTITRUST LITIGATION.

5. All DOCUMENTS RELATING TO any OBJECTION filed in any court or proceeding in the last five (5) years by YOU and/or YOUR attorney currently REPRESENTING YOU in the CRT ANTITRUST LITIGATION.

6. ALL DOCUMENTS RELATING TO any settlement made IN RELATION TO any OBJECTION (or subsequent appeal) filed in the last five (5) years by YOU and/or YOUR attorney currently REPRESENTATING YOU in the CRT ANTITRUST LITIGATION.

7. All DOCUMENTS RELATING TO the amount of any monetary compensation discussed, promised, or received by YOU from YOUR attorney currently REPRESENTING YOU in

the CRT ANTITRUST LITIGATION in connection with any OBJECTION filed by YOU in any class action in the last ten (10) years.

8. All DOCUMENTS RELATING TO changes made to any settlements as a result of any OBJECTION made within the last five (5) years by YOU and/or YOUR attorney currently REPRESENTING YOU in the CRT ANTITRUST LITIGATION.