1  **Robert J. Bonsignore, Esq.**
   **BONSIGNORE TRIAL LAWYERS, PLLC**
2  **3771 Meadowcrest Drive**
   **Las Vegas, NV 89121**
3  **Phone: 781-856-7650**
   **Email: rbonsignore@classactions.us**
4
   *Counsel for Indirect Purchaser Plaintiffs*
5

6

7

8

9

10                        **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

12                          **SAN FRANCISCO DIVISION**

13  | | |
    |---|---|
14  | **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 <br> MDL No. 1917 |
15  | | **CLASS ACTION** |
16  | | **SUPPLEMENTAL OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES** |
17  | This Document Relates to: <br><br> All Indirect Purchaser Actions | |
18  | | Date:        November 13, 2015 <br> Time:        10:00 a.m. <br> Courtroom: One, 17th Floor <br> Judge:       Honorable Samuel Conti |
19
20
21
22
23
24
25
26
27
28

Now come class members and indirect purchasers of Cathode Ray Tube, Anthony Gianasca, Gloria Comeaux, Mina Ashkannejhad individually and/or as Administrator of the Estate of the Late R. Deryl Edwards, Jr., Jeffrey Speaect, Rosemary Ciccone and Jeff Craig, ("Class Members Requesting Amendment to the Proposed Settlement") through their counsel Bonsignore Trial Lawyers, PLLC, and supplement their objection to the proposed Class Action Settlement (#3862 *et seq) hereafter refereed to as the* Mario[1] Alioto Settlement Agreement) and Award of Attorneys' Fees.

The Class Members Requesting Amendment to the Proposed Settlement have requested Lead Counsel to:

1.    to work cooperatively curing objectively fatal defects including the arbitrary exclusion of Indirect Purchasers from states that provide them with common law or statutory causes of action allowing for, at a minimum, the right to pursue economic damages from the Defendants in the instant litigation;

2.    not waste the resources of the parties and this Court;

3.    not dissipate the assets of the Class by deposing Class Members who are not represented by Professional Objectors and who have in good faith raised sound and irrefutable legal issues, including arbitrary exclusion from the Damages Settlement Class.[2]

---

[1] In an effort to avoid confusion, and in light of the number of San Francisco Alioto Firms involved in the instant litigation, Class Members Requesting Amendment to the Proposed Settlement have resorted to the use of Mario Alioto's first name.

[2] The proposed Settlement Class is defined as:
NATIONWIDE CLASS:
All persons and or entities who or which indirectly purchased in the United States for their own use and not for resale, CRT Products6 manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period from March 1, 1995 through November 25, 2007. Specifically excluded from this Class are claims on behalf of Illinois persons (as defined by 740 ILCS 10/4) for purposes of claims under 740 Ill. Comp. Stat § 10/7(2), Oregon natural persons (as defined by ORS 646.705 (2)) for purposes of claims under ORS § 646.775(1), and Washington persons (as defined by RCW 19.86.080) for purposes of claims under RCW 19.86.080 (1). Also specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a

SUPPLEMENTAL OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES

"The proposed statewide damages classes are defined for purposes of settlement as:[3]

"All persons and or entities in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who or which indirectly purchased for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period from March 1, 1995 through November 25, 2007.

All persons and entities in Hawaii who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from June 25, 2002 through November 25, 2007.

All persons and entities in Nebraska who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from July 20, 2002 through November 25, 2007.

All persons and entities in Nevada who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by

---

controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are named coconspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of

[3] All of the Statewide Damages Classes are the same except that three states, Hawaii, Nebraska and Nevada, have slightly shorter damages periods.  This is because the statutes allowing indirect purchasers to bring an antitrust claim for damages in Hawaii, Nebraska and Nevada were enacted after March 1, 1995, the beginning of the alleged Class Period.  This Court dismissed claims based on purchases made prior to the enactment of these statutes on the grounds that the state legislatures did not intend the statutes to apply retrospectively. In Re: Cathode Ray Tube (CRT) Antitrust Litig., *738 F.Supp.2d 1011, 1025-26 (N.D. Cal. 2010).*

SUPPLEMENTAL OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES

Case No. 3:07-cv-5944, MDL No. 1917

the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from February 4, 1999 through November 25, 2007.

Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant. Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action." *See* (#3862 *et seq*).

The Class Members Requesting Amendment to the Proposed Settlement again formally request that Lead Counsel cooperatively and immediately act to correct the defects in the Settlement and requesting this Court to compel Lead Counsel to amend the Settlement Agreement or to so do so, *sua sponte*.

The attachments to this Supplemental Objection are true and accurate copies.

1) It is our understanding that Indirect Purchaser Lead Counsel Mario Alioto has denied he had independent knowledge of, or was otherwise provided with notice that, causes of action for Indirect Purchasers exist under the common or statutory law of states he arbitrarily, unjustly or erroneously excluded from the Damages Class[4] including the following states:

    a.  Missouri

    b.  New Hampshire

    c.  Massachusetts

2. The facts attendant to the instant litigation or and those that were applied to the states included in the Damages Settlement Class clearly provide for economic recovery by Indirect Purchases in the above referenced and other excluded states.

---

[4] For ease of reading, states that provide economic remedies for antitrust violations to Indirect Purchasers are referred to as Excluded States.

SUPPLEMENTAL OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES

Case No. 3:07-cv-5944, MDL No. 1917

3.   The Mario Alioto Settlement Agreement arbitrarily, unjustly or erroneously removed or otherwise cut out Indirect Purchaser victims in the Excluded States from their fair share in the economic recovery while at the same time unjustly releasing their right to pursue economic recovery.

4.   Despite having defects, including his direct involvement/notice with the Excluded States pointed out; Lead Counsel Alioto flatly refuses to engage in settlement discussions that would efficiently resolve the claims of the Repealer States[5] he excluded from the settlement. See Attachment 1.

5.   Attachment 2 is a copy of the related civil action filed by Mario Alioto with the assistance of the undersigned counsel establishing that a Massachusetts consumer was vetted, ready to serve and used in Lead Counsel Alioto's first filed Class Action Complaint. Attachment 2 unequivocally establishes that Lead Counsel Alioto had notice of the obvious – Massachusetts law provides a cause of action for Indirect Consumer Purchasers that includes attorney fees, costs and treble damages.

6.   Exhibit 3A Inclusive are true and correct copies of exemplar emails sent to Lead Counsel Alioto providing him with notice and documentation of purchases by a New Hampshire consumer. Lead Counsel Alioto was also repeatedly informed that the undersigned was Lead Counsel of record in the litigation that lead the New Hampshire Supreme Court to declare that Indirect Consumer Purchasers have a state law based cause of action that provides for economic relief. See, Attachment 3B - La Chance v United States Tobacco Co. 2006-564. http://www.courts.state.nh.us/supreme/opinions/2007/lacha125.pdf

7.   Attachment 4 inclusive are 2012 emails related to Missouri (resident and counsel) and his vetted client. Atty. R. Deryl Edwards, Jr. Esq. died in a plane crash in 2012.[6]

---

[5] The term "Repealer State" is intended to extended to all states that have provided a cause of action to Indirect Purchasers through common law or statutory action allow indirect purchaser to *See Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

[6] Rather than working with the Attorney R Deryl Edward's widow who is carrying the Missouri Indirect Purchasers' claim forward in his honor, Mr. Alioto is deposing her at a time that conflicts

8.  In response to these and other communications, Mr. Alioto consistently assured me he would "look into it" and "take the appropriate action". He did not. Rather he inexplicably, unjustly and arbitrarily cut out from the Damages Class Indirect Purchasers who were entitled to pursue state law based claims including but not limited Indirect Purchasers in Missouri, New Hampshire, Massachusetts

9.  He now refuses to budge to correct these fatal defects.

Dated:  October 26, 2015                                Robert J. Bonsignore

                                                        /s/ Robert J. Bonsignore
                                                        Robert J. Bonsignore (MA No. 547880)
                                                        Bonsignore Trial Lawyers, PLLC
                                                        3771 Meadowcrest Drive
                                                        Las Vegas, NV 89121
                                                        Telephone:  (781) 856-7650
                                                        rbonsignore@class-actions.us

---

with her childcare. Of note, Missouri was included in the related LCD settlement.

SUPPLEMENTAL OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES

Case No. 3:07-cv-5944, MDL No. 1917

**CERTIFICATE OF SERVICE**

I, Robert J. Bonsignore, hereby certify that on this 26th day of October, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter.  A copy will be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

*/s/ Robert J. Bonsignore*
Robert J. Bonsignore

SUPPLEMENTAL OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES

Case No. 3:07-cv-5944, MDL No. 1917