# Exhibit 10

## (Redacted Version of Document Sought to be Sealed)

**WHITE & CASE**

White & Case LLP          Tel   + 1 202 626 3600
701 Thirteenth Street, NW  Fax   + 1 202 639 9355
Washington, DC 20005-3807  whitecase.com

Direct Dial + (202) 626-3696          alau@whitecase.com

October 3, 2014

<u>VIA E-MAIL TO: jay.weil@fedarb.com</u>

The Honorable Vaughn Walker (Ret.)
c/o Mr. Jay Weil
Federal Arbitration, Inc.
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 SC, MDL No. 1917 (N.D. Cal.): The Toshiba And Panasonic Defendants' Response To Indirect Purchaser Plaintiffs' Motion To Compel Supplemental Discovery Responses

Dear Judge Walker:

We write on behalf of the Toshiba and Panasonic Defendants in response to the Indirect Purchaser Plaintiffs' ("IPPs") September 19, 2014 Motion to Compel Supplemental Discovery Responses ("IPP Mot."). By this motion, the IPPs seek an order that compels additional responses (1) concerning Interrogatory No. 7 (with respect to the Toshiba Defendants), which asked for the identification of all evidence for each "affirmative defense" listed in these defendants' answers; (2) concerning Request for Production No. 62 (with respect to the Toshiba and Panasonic Defendants), which asked for documents relating to or constituting these defendants' witness statements to governmental antitrust authorities, as well as Request for Production No. 63 (with respect to the Toshiba Defendants), which asked for documents relating to or constituting other defendants' witness statements made to governmental antitrust authorities; and (3) concerning IPPs' First Set of Interrogatories to the Toshiba Defendants. The motion should be denied.

The first issue raised by the IPPs (*i.e.*, the Toshiba Defendants' responses to the IPPs' Interrogatory No. 7, concerning the Toshiba Defendants' affirmative defenses) was already raised by the IPPs in their September 12, 2014 motion to compel. As we made clear in our response to that motion, the Toshiba Defendants provided responses to the "affirmative defenses" contained in their answers, precisely what was sought by Interrogatory No. 7. No answer was provided with respect to other defenses listed in their answers because such defenses were outside the scope of Interrogatory No. 7. The IPPs also complain about instances where the Toshiba Defendants stated they had "no position" with respect to certain affirmative defenses.

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

October 3, 2014

But, as the Toshiba Defendants stated in response to the IPPs' September 12, 2014 motion, the Toshiba Defendants have remedied this situation by serving supplemental interrogatory responses.

The second issue raised by the IPPs concerns the responses of both the Toshiba and Panasonic Defendants to the IPPs' Request for Production No. 62 (concerning witness statements made by these defendants to governmental antitrust authorities) as well as the responses of the Toshiba Defendants to the IPPs' Request for Production No. 63 (concerning witness statements made by *other* defendants to governmental antitrust authorities that are in the possession, custody or control of the Toshiba Defendants). The responses relating to these requests as they pertain to the U.S. Department of Justice ("DOJ") are not challenged by the IPPs. The only issue raised by the IPPs concerns any documents relating to or constituting statements made to *foreign* governmental antitrust authorities that the Toshiba and Panasonic Defendants might have. The relief requested by the IPPs should be denied for two reasons: (1) witness statements made to foreign governmental antitrust authorities are not relevant to this litigation; and (2) principles of comity strongly outweigh the need for disclosure of any statements made to foreign governmental antitrust authorities.

The third and final issue raised by the IPPs concerns the Toshiba Defendants' refusal to answer any of the interrogatories contained in the IPPs' First Set of Interrogatories to the Toshiba Defendants. This issue was also raised by the IPPs in their September 12, 2014 motion to compel. As explained by the Toshiba Defendants in response to that motion, the IPPs served a total of 166 interrogatories to the Toshiba Defendants, well in excess of the 25-interrogatory limit imposed by Rule 33(a)(1). At the time that the IPPs served their first set of interrogatories to the Toshiba Defendants, the IPPs had already exceeded their limit of 25 interrogatories. Thus, the Toshiba Defendants were fully justified in refusing to provide substantive responses to those interrogatories.

## I.    Background

On January 26, 2011, the Toshiba Defendants filed their answers to the IPPs' third consolidated amended complaint. *E.g.*, Defendants' Attachment ("Def. Att.") 1 (Toshiba Corp. Answer). Each of these answers had a section entitled "Defenses/Affirmative Defenses." *Id.* at 52. Immediately beneath this heading was the following statement: "Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses . . . ." *Id.* The answers then set forth a variety of defenses and affirmative defenses.

On August 1, 2014, the IPPs served their First Set of Interrogatories to Defendants (the "Common Interrogatories"), their Fourth Set of Requests For Production to Toshiba Defendants, and a similar Fourth Set of Requests For Production to Panasonic Defendants. Def. Atts. 2, 3, 4. Thirty minutes after serving the Common Interrogatories, the IPPs served their First Set of Interrogatories to Toshiba Defendants. Def. Att. 5.

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

October 3, 2014

On September 4th and 5th, 2014, the Toshiba and Panasonic Defendants served objections and responses to the IPPs' Fourth Set of Requests for Production. *E.g.*, Def. Att. 6 (Toshiba Corp. Response), Def. Att. 7 (Panasonic Defendants' Responses).

On September 5, 2014, each Toshiba Defendant served individual objections and responses to the Common Interrogatories. *E.g.*, Def. Att. 8 (Toshiba Corp. Response). Also on September 5, 2014, each Toshiba Defendant served objections and responses to the IPPs' First Set of Interrogatories to Toshiba Defendants. *E.g.*, Def. Att. 9 (Toshiba Corp. Response).

On September 8, 2014, the IPPs sent letters to the Toshiba Defendants regarding purported deficiencies in their interrogatory responses. On September 10, 2014, counsel for the Toshiba Defendants met and conferred with counsel for the IPPs regarding the purported deficiencies, but the parties were unable to reach an agreement.

On September 8, 2014, the IPPs sent a similar letter to the Panasonic Defendants regarding purported deficiencies in their responses to the IPPs' First Set of Interrogatories and Fourth Set of Requests for Production. On September 9, 2014, and again on September 17, 2014, counsel for the Panasonic Defendants met and conferred with counsel for the IPPs regarding the purported deficiencies. The parties were able to resolve all disputes, except with respect to IPPs' Request for Production No. 62 to the extent it calls for information or documents related to foreign governmental investigations, which is the subject of the present motion. Panasonic Defendants objected on the grounds that the request calls for the disclosure of information or documents that would violate the principle of international comity, invade the confidentiality of government investigations, and is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Panasonic Defendants objected to this request to the extent it calls for information or documents that are privileged or otherwise protected documents or information, including without limitation, information subject to the attorney-client privilege, common-interest privilege, work product doctrine, and/or any other privilege.

On September 12, 2014, the IPPs moved to compel additional interrogatory responses from the Toshiba, Panasonic, and Philips Defendants. Def. Att. 10. Subsequently, the IPPs resolved their differences with the Panasonic and Philips Defendants. As a result, the IPPs' September 12, 2014 motion to compel only involves the Toshiba Defendants. The issues presented in the September 19, 2014, motion includes two of the three issues raised by the IPPs in their September 12, 2014 motion (*i.e.*, the issue concerning the Toshiba Defendants' response to the IPPs' Interrogatory No. 7 and the issue concerning the Toshiba Defendants' response to the IPPs' First Set of Interrogatories to Toshiba Defendants). On September 26, 2014, the Toshiba Defendants submitted their response to the September 12, 2014 motion to compel. Def. Att. 11.

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

October 3, 2014

## II.     Argument

### A.     The Toshiba Defendants Have Provided A Complete Response To Interrogatory No. 7

Inexplicably, the IPPs have moved for a second time on exactly the same issue raised in their September 12, 2014 motion to compel (*i.e.*, the Toshiba Defendants' response to Interrogatory No. 7).  The IPPs provide no reason why they have raised this issue for a second time.  Accordingly, Your Honor should simply ignore the arguments raised by the IPPs in their September 19, 2014 motion on this issue.

In any event, the IPPs' argument regarding the sufficiency of each of the Toshiba Defendants' responses to the eleven affirmative defenses in response to Interrogatory No. 7 is moot.  The Toshiba Defendants, in an effort to resolve this issue, have served supplemental interrogatory responses by which they state that they currently have no evidence for certain of those affirmative defenses where they previously stated that they took no position.  *E.g.*, Def. Att. 12 (Toshiba Corp. Supplemental Response).

By their current motion, the IPPs again argue that the Toshiba Defendants must respond to all of the defenses listed in their answers.  IPP Mot. at 3.  The IPPs are mistaken.  To support their position, the IPPs contend that "Toshiba has asserted numerous defenses that, if pursued, will require Toshiba to make an affirmative factual showing at trial."  IPP Mot. at 3.  This argument is of no moment.  Interrogatory No. 7 provided as follows:  "For each ***affirmative defense*** in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted."  Def. Att. 2 at 5 (emphasis added).  Although the Toshiba Defendants' answers set forth numerous defenses, only eleven of those defenses are affirmative defenses (*i.e.*, the sixth defense (arbitration), thirteenth defense (waiver), fourteenth defense (estoppel), fifteenth defense (laches), twenty-first defense (failure to mitigate), thirty-first defense (accord and satisfaction), thirty-second defense (set off), thirty-seventh defense (statute of limitations), fifty-sixth defense (duplicative recovery – D.C. law); sixty-ninth defense (duplicative recovery – Minnesota law); and eighty-seventh defense (voluntary payment doctrine – New York law)).  When the Toshiba Defendants' supplemental interrogatory responses are considered (Def. Att. 12), the Toshiba Defendants have provided a full and complete response to Interrogatory No. 7 because they have provided a response to the question actually posed by that interrogatory.

As the Toshiba Defendants have previously demonstrated, the IPPs conflate affirmative defenses with those defenses that show that the plaintiff cannot prove an essential element of its claim.  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.").  Rule 8(c)(1) of the Federal Rule of Civil Procedure provides the following, non-exhaustive, list of affirmative defenses:  (i) accord and satisfaction; (ii) arbitration and award; (iii) assumption of risk; (iv) contributory negligence; (v) duress; (vi) estoppel; (vii) failure of consideration; (viii) fraud; (ix) illegality; (x) injury by fellow servant; (xi) laches; (xii) license; (xiii) payment; (xiv) release;

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

October 3, 2014

(xv) res judicata; (xvi) statute of frauds; (xvii) statute of limitations; and (xviii) waiver. The common thread between all of the affirmative defenses enumerated in Rule 8(c)(1) is that each provides a defendant a defense to liability even assuming the plaintiff proves every element of its case.

Finally, the IPPs state that the Toshiba Defendants have objected to Interrogatory No. 7 based on the 25-interrogatory limit of Rule 33(a)(1). This is incorrect. The Toshiba Defendants responded to Interrogatory No. 7 in its entirety. The Toshiba Defendants, however, did count each affirmative defense to which it responded (*i.e.*, eleven) as a discrete subpart in determining when the IPPs reached the 25-interrogatory limit. *See Lopez v. Flores*, No. 1:08-cv-01975, 2013 WL 2385240, at *2 (E.D. Cal. May 30, 2013) (denying plaintiff's motion to compel and holding that where plaintiff issued an interrogatory asking defendants to identify all facts on which defendants base their affirmative defenses and defendants asserted five affirmative defenses, the interrogatory constituted five discrete questions); *White v. Cinemark USA, Inc.*, No. 04-cv-0397, 2005 WL 3881658, at *3 (E.D. Cal. Mar. 28, 2005) (concluding that where an interrogatory requested that the defendant state the facts supporting each of its 21 affirmative defenses, each affirmative defense should be treated as a separate interrogatory).

### B.     Your Honor Should Deny IPPs' Motion Regarding Witness Statements To Foreign Governmental Antitrust Authorities

The second issue raised by the IPPs in their motion to compel involves their Request for Production Nos. 62 and 63, concerning witness statements made to governmental antitrust authorities.

Request for Production No. 62 seeks the production of "[a]ll documents relating to or constituting statements given to any Governmental Antitrust Authority relating to CRTs by any employees of" the Toshiba or the Panasonic Defendants. The IPPs' motion challenges the responses of both defendant groups.

Request for Production No. 63 seeks the production of "[a]ll documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any employee of any Defendant." With respect to this request, the IPPs' motion just challenges the responses of the Toshiba Defendants.

As set forth above, the documents relating to or constituting statements to the DOJ are not at issue with respect to either the Toshiba or Panasonic Defendants. The only dispute is with respect to documents relating to or constituting statements to foreign governmental antitrust authorities.

### 1.     Witness Statements To Foreign Governmental Antitrust Authorities Are Related Solely To Foreign Markets And, Thus, Not Relevant To This Litigation

In support of their request for witness statements, the IPPs assert — in conclusory fashion with no support whatsoever — that "documents relating to governmental investigations of anti-

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

October 3, 2014

competitive conduct in the CRT industry are highly relevant to the antitrust claims at issue in this litigation."  IPP Mot. at 5.

To determine whether the IPPs' request for evidence of any statements made to foreign governmental antitrust  authorities is discoverable, the Court first determines if the information is relevant to the issue presented in the action.  Fed. R. Civ. P. 26(b)(1).  If the information is relevant, the Court must then determine whether the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (upholding order denying discovery based on showing of minimal relevance).

The Toshiba and Panasonic Defendants do not dispute that company documents produced to the DOJ in connection with its investigation of an alleged CRT conspiracy in the United States are relevant to this litigation.  Accordingly, both defendant groups produced to plaintiffs all company documents relating to the DOJ's investigation of an alleged CRT conspiracy affecting the United States.

By contrast, witness statements made to foreign governmental antitrust authorities, relating solely to foreign investigations, pursuant to foreign law, based on distinct conduct that occurred *outside* the United States, are not clearly relevant or important to IPPs' claims that Defendants engaged in a conspiracy in the United States, as other courts in this district have already held.  *See, e.g., In re Rubber Chem. Antitrust Litig.*, 486 F. Supp. 2d 1078, 1082-83 (N.D. Cal. 2007) ("*In re Rubber Chemicals*").

As an initial matter, the scope of any investigations concerning CRTs by foreign governmental antitrust authorities is clearly distinct from the scope of conduct alleged by the IPPs here.  Indeed, even a cursory review of publicly available foreign decisions makes plain that different CRT product sizes, different geographical regions, different purchasers, and even different alleged members of the conspiracy are at issue.  For example, the investigation of the Japan Fair Trade Commission ("JFTC") related to an alleged conspiracy involving only sales of 14", 20" and 21" CPTs to "*Japanese* manufacturing and sales companies of CRT televisions" by CRT manufacturing subsidiaries located "in the *Southeast Asian Region*."  Cease-and-Desist Order and Surcharge Payment Orders against Manufacturers of Cathode Ray Tubes for Televisions (Oct. 7, 2009) (the "JFTC Order"), at n.2, 3, 4 (emphasis added).  The investigation of the Korean Fair Trade Commission ("KFTC"), on the other hand, related to a *CDT*-only conspiracy between Samsung SDI, LG Philips Display, Chunghwa Picture Tubes, Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., and CPTF Optronics Co., Ltd.  Korean Fair Trade Commission Decision No. 2011-019 (March 10, 2011) (the "KFTC Decision").  By contrast here, as Your Honor knows, IPPs are pleading a conspiracy affecting numerous sizes of both CDTs and CPTs and numerous defendants.  IPPs' Fourth Consolidated Amended Complaint ¶¶ 158, 252.

Furthermore, the foreign investigations focus solely on conduct that allegedly had anticompetitive effects in the various foreign jurisdictions, not in the United States.  *See, e.g.*, JFTC Order, n.2, 3 (related to CPT sales in Asia).  It was for this very same reason that Special Master Quinn, in *In re TFT-LCD Antitrust Litigation*, denied plaintiffs' request for documents

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

October 3, 2014

submitted to the EC and JFTC, including witness statements submitted to the JFTC. *In re TFT-LCD Antitrust Litig.*, 07-cv-1827-SI (N.D. Cal. Apr. 26, 2011), Dkt. No. 2686, at 6 ("*In re TFT-LCD Order*").  Def. Att. 13.  With respect to the witness statements, the Special Master explained:

> [T]he JFTC investigation focused only on sales in Japan, . . . none of which are at issue in the present case.  This case, of course, deals exclusively with U.S. sales to a large number of manufacturers of a wide variety of products.  Therefore, the JFTC documents as a whole appear to have little relevance to this case.

*Id.* at 6.  The same is true here.  Accordingly, there is no basis for the IPPs' request.

### 2.  Principles Of Comity Strongly Outweigh The Need For Discovery Of The Statements To Foreign Governmental Antitrust Authorities

Your Honor should deny IPPs' request for another reason:  IPPs' discovery requests for statements made to foreign governmental antitrust authorities violate principles of international comity.  *See Sociéte Nationale Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. 522, 544 (1987).  In the Ninth Circuit, comity requires consideration of the following factors:

> [1.] [T]he importance to the investigation or litigation of the documents or other information requested; [2.] the degree of specificity of the request; [3.] whether the information originated in the United States; [4.] the availability of alternative means of securing the information; and [5.] the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992).  Here, four of the five factors strongly weigh against requiring disclosure (Defendants do not dispute that the IPPs' request for statements made to governmental authorities is sufficiently specific).

#### a.  Statements To Foreign Governmental Antitrust Authorities Are Not Important To This Litigation And There Are Alternative Means Of Securing The Information

As explained above, the IPPs cannot legitimately claim that witness statements to foreign governmental antitrust authorities are "highly relevant" to the prosecution of their claims.  IPPs have sought and received massive amounts of discovery from the Defendants addressing the scope and nature of the specific conspiracy they allege.  To date, among other things, the Defendants have collectively produced well over 5 million pages of documents in response to the voluminous discovery requests propounded by the plaintiffs over the past six years.  The plaintiffs have also taken a total of 154 days of deposition testimony from 80 fact witnesses, utilizing, to date, over 1,500 exhibits.

7

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

October 3, 2014

In addition to the millions of pages of documents, interrogatory responses, admissions, and deposition testimony that the IPPs have obtained from the Defendants, the IPPs already have access to a wide variety of materials from foreign government entities.  For example, the IPPs already possess or have access to the public, final decisions of the JFTC, KFTC, Anti-Monopoly Office of the Slovak Republic, Hungarian Competition Authority, and Office for the Protection of Competition of the Czech Republic in connection with their CRT investigations.  *See In re Rubber Chemicals*, 486 F. Supp. 2d at 1083 (holding that plaintiff's request for EC documents was cumulative of information contained in the publicly available EC decision "detailing the entire alleged price-fixing conspiracy 'communication-by-communication'" and reciting the EC's entire file); *In re TFT-LCD Order*, at 6-9 ("it seems appropriate here to exclude from the 'importance' factor documents created or exchanged in confidence for purposes of legal proceedings in the foreign country absent a showing that the substantive information is not otherwise available to the propounding party.").

To the extent there is any information in the foreign witness statements that is arguably relevant to the IPPs' case, the IPPs have had ample opportunity to discover those particular facts. *Id.* at 7 (concluding that disclosure is not warranted because plaintiffs "received millions of relevant documents" and "plaintiffs have not shown that the numerous . . . witnesses available to them cannot supply the information they need").   Indeed, the IPPs have admitted that they had the opportunity to obtain the underlying facts during the depositions taken in this litigation and even had the opportunity to ask witnesses about statements made to foreign antitrust authorities. *See* IPP Mot. at 5-6.

Accordingly, the first and fourth factors strongly support the denial of the IPPs' Motion.

      **b.**      **Any Relevant Statements Originated Outside The United States**

Except for the company documents provided to the DOJ or otherwise already produced in this case, the witness statements at issue originated outside the United States.  Thus, the third factor also supports denial of IPPs' Motion.  *See, e.g.*, *In re Rubber Chemicals*, 486 F. Supp. 2d at 1083 ("The fact that [defendant] has access to these documents in the U.S. is not dispositive. The documents were created, transmitted, and used only in Europe and in conjunction with the European enforcement proceedings. This factor weighs against production.").

      **c.**      **Disclosure Would Harm Important Interests Of Foreign Jurisdictions**

The last factor — the balancing of the relative interests of the foreign antitrust authority and the United States — is the most significant factor.  *Richmark*, 959 F.2d at 1476.  It, too, weighs against the IPPs.

When undertaking a comity analysis, this Court has consistently favored protecting the concerns of foreign governmental antitrust authorities over any marginal benefits the plaintiffs may receive from the discovery of confidential materials.  *See* Order Denying Motion to Compel [Dkt. No. 2463] (March 26, 2014) (denying direct action plaintiffs' motion to compel publication of the EC decision in this litigation) (Def. Att. 14); *In re TFT-LCD Order*, at 11 (denying motion to compel communications submitted to or received from the EC or JFTC) (Def. Att. 13); *In re*

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

October 3, 2014

*Rubber Chems.*, 486 F. Supp. 2d at 1084 (denying motion to compel production of communications with the EC); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 4M:07-CV-01819-CW, Dkt. 624, slip. op. at 3 (N.D. Cal. Jan. 5, 2009) (denying a motion to compel documents produced to foreign investigative bodies pursuant to the "reasoning set forth by Magistrate Judge Bernard Zimmerman in *In re: Rubber Chemicals Antitrust Litigation* as well as the opinion of Special Master Charles Legge in *In Re: Methionine Antitrust Litigation*"). There is no reason for a different result here.

Special Master Quinn's decision in *In re TFT-LCD Antitrust Litigation* is particularly instructive here.   Plaintiffs in *In re TFT-LCD Antitrust Litigation* sought all documents exchanged with the EC and JFTC in connection with their investigations, including witness statements submitted to the JFTC.   *In re TFT-LCD Order*, at 2 (Def. Att. 13).   The Special Master denied the plaintiffs' motion to compel those documents, concluding that:

> the EC and JFTC documents did not reveal any significant areas of information that ha[d] not been elicited already.   Although it is possible that the documents could disclose an additional witness, or a previously undetected meeting of conspirators, or a new nuance of an admission by [defendant], that possibility in this case is slim and thus pales in comparison to the likely damage that mandating disclosure could do to the enforcement regimes of Japan and Europe.

*In re TFT-LCD Order*, at 11 (Def. Att. 13).  The IPPs should not be permitted to free ride on the investigative efforts of foreign antitrust authorities to avoid "dealing with the customary burdens of proving their case."  *In re TFT-LCD Order*, at 6-7 (Def. Att. 13).

Disclosure of the requested material would undoubtedly harm important interests of foreign jurisdictions.  Thus, this factor weighs against production.

### 3.    Your Honor's Ruling During Mr. Nishimura's Deposition Does Not Compel the Production of Statements Made to Foreign Governmental Antitrust Authorities

The IPPs' assertion that "Your Honor has already held a hearing and issued a ruling on the subject matter" of the IPPs' Request for Production Nos. 62 and 63 (IPP Mot. at 5-6) is plainly wrong.   Your Honor's ruling during the deposition of Toshiba Corp.'s Kazutaka Nishimura related solely to this Court's prior orders staying the discovery of information or documents that "reflect[], refer[] to, or relate[] to [the United States] grand jury proceedings concerning CRTs or CRT products."  Stipulation and Order to Extend Limited Discovery Stay [Dkt. No. 590] (Jan. 5, 2010); Report Regarding Case Management Conference No. 3 [Dkt. No. 883] (March 28, 2011).

In fact, Your Honor made clear during the deposition of Kazutaka Nishimura that the subject of the order was "whether or not the present witness . . . may be asked whether he testified before a government body, ***and in particular a Grand Jury impanelled by the United States Department of Justice***, and whether that line of inquiry is foreclosed by a provision in the

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

October 3, 2014

March 28th, 2011, order entered by Judge Legg[e]." Def. Att. 15 (Nishimura Tr. 275:11-22) (emphasis added). Your Honor held only that, because it is highly unlikely that there are going to be any criminal proceedings involving defendants who have been indicted by that grand jury that have not otherwise been resolved, the purpose of the prohibition on discovery that Judge Legge entered in 2011 had no continuing viability in this litigation. Def. Att. 15 (Nishimura Tr. 277:4-23).

Accordingly, we maintain our objections to all the requests as they relate to foreign government entities to the extent they seek information or documents that are not relevant to this litigation and call for the disclosure of information and/or documents that would violate the principles of international comity.

## C.   Because The IPPs Exceeded The 25-Interrogatory Limit Of Rule 33(a)(1), The Toshiba Defendants Were Not Required To Provide Any Substantive Response To The IPPs First Set Of Interrogatories To Toshiba Defendants

The IPPs move to compel responses by the Toshiba Defendants to the IPPs' First Set of Interrogatories to Toshiba Defendants, which seek information relating to the ownership and control of MTPD. IPP Mot. at 7. As the Toshiba Defendants have already demonstrated in their response to the IPPs' September 12, 2014 motion to compel (Def. Att. 11 at 6), the Toshiba Defendants properly responded to the first 25 interrogatories (including discrete subparts) that the IPPs served upon them. At the time of service of their First Set of Interrogatories to Toshiba, the IPPs had already exceeded their 25-interrogatory limit. Consequently, the Toshiba Defendants were justified in their refusal to provide a substantive response to the IPPs' First Set of Interrogatories to Toshiba.

In their current motion, the IPPs act as if the 25-interrogatory limit of Rule 33(a)(1) was the only objection raised by the Toshiba Defendants. IPP Mot. at 7. It was not. In addition to Rule 33(a)(1), the Toshiba Defendants relied upon a host of other objections, all of which were appropriate given the specific interrogatories served by the IPPs. In some instances, the Toshiba Defendants objected because the IPPs sought information outside of the putative class period. Def. Att. 9 at 6. In other instances, the Toshiba Defendants objected because the information sought by the IPPs duplicated discovery requests that had already been propounded in this litigation. Def. Att. 9 at 7, 8. The discovery protocol in this case specifically bars duplicate interrogatories. *See* Def. Att. 16 (Order Re Discovery and Case Management Protocol, Dkt. No. 1128, at 14 (Apr. 3, 2012)) ("plaintiffs shall not duplicate interrogatories, requests for admission, and requests for documents."). In still other instances, the Toshiba Defendants objected because the IPPs sought personal confidential information, the disclosure of which is barred by foreign jurisdictions. Def. Att. 9 at 7-10, 12, 15-17. By their motion, the IPPs do not challenge the Toshiba Defendants' reliance upon these other objections. Thus, the IPPs have waived their right to do so. *See Williams v. County of Alameda*, No. C 12-02511, 2014 WL 556008, at *4 n.4 (N.D. Cal. Feb. 10, 2014) (stating that arguments not raised in an opening brief are waived and not considered by the court); *In re Yahoo Mail Litig.*, No. 5:13-cv-04980, 2014 WL 3962824, at *12 (N.D. Cal. Aug. 12, 2014) ("Thus, the Court does not consider Yahoo's consent argument in its Reply because arguments raised for the first time in Reply briefs are waived.").

The Honorable Vaughn Walker (Ret.)

**WHITE & CASE**

October 3, 2014

### III.    Conclusion

For these reasons, Your Honor should issue a report that recommends that the IPPs' motion to compel be denied.

Respectfully submitted,

Lucius B. Lau

cc:  All counsel of record

11

Defendants' Attachment 1

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# I. <u>INTRODUCTION</u>

For its Answer to the Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint ("IP-TCAC"), Defendant Toshiba Corporation ("Toshiba Corp.") states as follows:

1.      The allegations contained in the first sentence of Paragraph 1 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of the first sentence of Paragraph 1.  To the extent that the allegations contained in the second and third sentences of Paragraph 1 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the second and third sentences of Paragraph 1 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

2.      To the extent that the allegations contained in Paragraph 2 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 2 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

3.      To the extent that the allegations contained in Paragraph 3 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

4.      Toshiba Corp. admits the allegations in the first sentence of Paragraph 4, but denies that the referenced competition authorities are investigating a "global conspiracy" covering "CRT Products" for lack of information sufficient to form a belief as to the truth of this allegation.  The allegations in the second and third sentences of Paragraph 4 are reflected in the indictment of C.Y. Lin, which is the best evidence of its contents.

## II. <u>JURISDICTION AND VENUE</u>

5.      The allegations contained in Paragraph 5 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 5.

6.      The allegations contained in Paragraph 6 are legal conclusions to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 6.

7.      The allegations contained in Paragraph 7 are legal conclusions to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 7.

8.      The allegations contained in Paragraph 8 are legal conclusions to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 8.

9.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies these allegations.

10.     To the extent that the allegations contained in Paragraph 10 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 10 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

11.     Paragraph 11 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 11 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

12.     Paragraph 12 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 12 may be deemed to require a response from Toshiba

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### III. **DEFINITIONS**

13.     Toshiba Corp. admits the allegations contained in Paragraph 13 of the IP-TCAC.

14.     Toshiba Corp. denies the allegations contained in Paragraph 14 of the IP-TCAC.

15.     Paragraph 15 consists of defined terms, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 15.

16.     Paragraph 16 consists of defined terms, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 16.

17.     Paragraph 17 consists of defined terms, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 17.

18.     Paragraph 18 consists of defined terms, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 18.

### IV. **PLAINTIFFS**

19.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

23.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

34.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1       37.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

2  the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

3       38.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

4  the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

5       39.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

6  the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

7       40.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

8  the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

9       41.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

10  the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

11       42.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

12  the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

13       43.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

14  the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

15       44.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

17       45.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

19       46.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

20  the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

21       47.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

23       48.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

24  the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

25       49.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

26  the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

27       50.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to

28  the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

## V.  DEFENDANTS

### LG Electronics Entities

51.     Paragraph 51 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52.     Paragraph 52 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54.     Paragraph 54 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 54.

### Philips Entities

55.     Paragraph 55 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.     Paragraph 56 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.     Paragraph 57 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.     Paragraph 58 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

59.     Paragraph 59 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 59.

**LP Displays**

60.     Paragraph 60 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

**Samsung Entities**

61.     Paragraph 61 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.     Paragraph 62 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.     Paragraph 63 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations.

64.     Paragraph 64 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

65.     Paragraph 65 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.     Paragraph 66 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

67.     Paragraph 67 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68.     Paragraph 68 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

69.     Paragraph 69 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 70.

**Toshiba Entities**

71.     Toshiba Corp. admits the allegations contained in the first sentence of Paragraph 71 and denies the remaining allegations contained in Paragraph 71.  Toshiba Corp. avers that in March 1995 it entered into an agreement to form a joint venture for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.  Toshiba Corp. avers that it entered into an agreement with Matsushita Electric Industrial Co., Ltd. to transfer all of its CRT business to a new entity named Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") on March 31, 2003.

72.     Paragraph 72 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations, except that Toshiba Corp. admits the allegations contained in the first sentence of Paragraph 72 and admits that Toshiba America, Inc. is a wholly-owned subsidiary of Toshiba Corp.

73.     Paragraph 73 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

74. Paragraph 74 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations, except that Toshiba Corp. avers that the business address of Toshiba America Information Systems, Inc. is 9740 Irvine Boulevard, Irvine, CA 92618-1697.

75. Paragraph 75 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations, except that Toshiba Corp. avers that the business address of Toshiba America Electronic Components, Inc. is 19900 MacArthur Boulevard, Suite 400, Irvine, CA 92612 and avers that Toshiba America Electronic Components, Inc. is a wholly-owned subsidiary of Toshiba America, Inc.

76. Paragraph 76 relates to another company. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77. Paragraph 77 relates to another company. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations except that Toshiba Corp. avers that in March 1995 it entered into an agreement to form a joint venture for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia. Toshiba Corp. also avers that it entered into an agreement with Matsushita Electric Industrial Co., Ltd. to transfer all of its CRT business to a new entity named MTPD on March 31, 2003, and that a CPT manufacturing facility in Indonesia became part of MTPD as part of that transfer.

78. Paragraph 78 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 78.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Panasonic Entities**

79.     Paragraph 79 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations except that Toshiba Corp. avers that it entered into an agreement with Matsushita Electric Industrial Co., Ltd. to transfer all of its CRT business to a new entity named MTPD on March 31, 2003, and that Toshiba Corp. sold its interest in MTPD in 2007.

80.     Paragraph 80 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     Paragraph 81 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     Paragraph 82 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 82.

83.     Paragraph 83 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations, except that Toshiba Corp. avers that it transferred all of its CRT business to a new entity named MTPD on March 31, 2003, and that Toshiba Corp. sold its interest in MTPD in 2007.

84.     Paragraph 84 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

**Hitachi Entities**

85.     Paragraph 85 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

86.     Paragraph 86 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

87.     Paragraph 87 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.     Paragraph 88 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     Paragraph 89 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     Paragraph 90 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.     Paragraph 91 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 91.

**Tatung**

92.     Paragraph 92 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

**Chunghwa Entities**

93.     Paragraph 93 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

94.      Paragraph 94 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.      Paragraph 95 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 95.

**IRICO Entities**

96.      Paragraph 96 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97.      Paragraph 97 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.      Paragraph 98 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.      Paragraph 99 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 99.

**Thai CRT**

100.      Paragraph 100 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

**Samtel**

101.      Paragraph 101 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Daewoo/Orion Entities**

102.     Paragraph 102 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations except that Toshiba Corp. avers that in March 1995 it entered into an agreement to form a joint venture for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

103.     Paragraph 103 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 103.

104.     Paragraph 104 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 104.

## VI.  AGENTS AND CO-CONSPIRATORS

105.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

106.     Paragraph 106 consists of Plaintiffs' characterization of their claim, to which no response is required.  If a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 106.

107.     Paragraph 107 consists of Plaintiffs' characterization of their claims, to which no response is required.  To the extent that the allegations contained in Paragraph 107 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 107 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## VII. <u>INTERSTATE TRADE AND COMMERCE</u>

108.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

110.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

## VIII. <u>FACTUAL ALLEGATIONS</u>

### A. <u>CRT Technology</u>

111.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, denies the allegations.

112.    Toshiba Corp. admits the allegations contained in Paragraph 112 of the IP-TCAC.

113.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and, therefore, denies the allegations.

114.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

### B. <u>Structural Characteristics Of The CRT Market</u>

115.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### a.  Market Concentration

116.  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, denies the allegations.

### b.  Information Sharing

117.  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and, therefore, denies the allegations.

118.  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, denies the allegations.

### c.  Consolidation

119.  To the extent that the allegations contained in Paragraph 119 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 119 are directed to Toshiba Corp., Toshiba Corp. denies these allegations, except that Toshiba Corp. avers that it transferred its CRT business to a new entity called MTPD on March 31, 2003.

120.  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, denies the allegations.

### d.  Multiple Interrelated Business Relationships

121.  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and, therefore, denies the allegations.

122.  To the extent that the allegations contained in Paragraph 122 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To

the extent that the allegations contained in Paragraph 122 are directed to Toshiba Corp., Toshiba Corp. denies these allegations. Toshiba Corp. avers that it transferred all of its CRT business to a new entity called MTPD on March 31, 2003. Toshiba Corp. also avers that it participated in a joint venture for the manufacture of color picture tubes with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

**e. High Costs Of Entry Into The Industry**

123. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and, therefore, denies the allegations.

**f. The Maturity Of The CRT Product Market**

124. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

125. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, therefore, denies the allegations.

126. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and, therefore, denies the allegations.

127. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, denies the allegations.

128. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and, therefore, denies the allegations.

129. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**g.      Homogeneity Of CRT Products**

130.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

131.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

**C.    Pre-Conspiracy Market**

132.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

133.     Paragraph 133 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

**D.    Defendants' And Co-Conspirators' Illegal Agreements**

134.     To the extent that the allegations contained in Paragraph 134 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 134 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

135.     To the extent that the allegations contained in Paragraph 135 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 135 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

136.     To the extent that the allegations contained in Paragraph 136 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  the extent that the allegations contained in Paragraph 136 are directed to Toshiba Corp.,
2  Toshiba Corp. denies these allegations.

3      137.    To the extent that the allegations contained in Paragraph 137 relate to other
4  Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to
5  form a belief as to the truth of these allegations and, therefore, denies these allegations.  To
6  the extent that the allegations contained in Paragraph 137 are directed to Toshiba Corp.,
7  Toshiba Corp. denies these allegations.

8      138.    To the extent that the allegations contained in Paragraph 138 relate to other
9  Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to
10  form a belief as to the truth of these allegations and, therefore, denies these allegations.  To
11  the extent that the allegations contained in Paragraph 138 are directed to Toshiba Corp.,
12  Toshiba Corp. denies these allegations.

13      a.    **"Glass Meetings"**

14      139.    To the extent that the allegations contained in Paragraph 139 relate to other
15  Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to
16  form a belief as to the truth of these allegations and, therefore, denies these allegations.  To
17  the extent that the allegations contained in Paragraph 139 are directed to Toshiba Corp.,
18  Toshiba Corp. denies these allegations.

19      140.    To the extent that the allegations contained in Paragraph 140 relate to other
20  Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to
21  form a belief as to the truth of these allegations and, therefore, denies these allegations.  To
22  the extent that the allegations contained in Paragraph 140 are directed to Toshiba Corp.,
23  Toshiba Corp. denies these allegations.

24      141.    To the extent that the allegations contained in Paragraph 141 relate to other
25  Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to
26  form a belief as to the truth of these allegations and, therefore, denies these allegations.  To
27  the extent that the allegations contained in Paragraph 141 are directed to Toshiba Corp.,
28  Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

142. To the extent that the allegations contained in Paragraph 142 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 142 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

143. To the extent that the allegations contained in Paragraph 143 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 143 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

144. To the extent that the allegations contained in Paragraph 144 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 144 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

145. To the extent that the allegations contained in Paragraph 145 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 145 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

146. To the extent that the allegations contained in Paragraph 146 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 146 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

147. To the extent that the allegations contained in Paragraph 147 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

the extent that the allegations contained in Paragraph 147 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

148.    To the extent that the allegations contained in Paragraph 148 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 148 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

149.    To the extent that the allegations contained in Paragraph 149 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 149 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

150.    To the extent that the allegations contained in Paragraph 150 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

151.    To the extent that the allegations contained in Paragraph 151 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 151 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

152.    To the extent that the allegations contained in Paragraph 152 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

**b. Bilateral Discussions**

153. To the extent that the allegations contained in Paragraph 153 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 153 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

154. To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 154 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

155. To the extent that the allegations contained in Paragraph 155 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 155 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

156. To the extent that the allegations contained in Paragraph 156 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 156 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

157. To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 157 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

158. To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 158 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

### c. Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions

159. Paragraph 159 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies the allegations.

160. Paragraph 160 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, denies the allegations.

161. Paragraph 161 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and, therefore, denies the allegations.

162. Paragraph 162 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, denies the allegations.

163. Paragraph 163 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, denies the allegations.

164. Paragraph 164 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 and, therefore, denies the allegations.

165. Paragraph 165 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and, therefore, denies the allegations.

166. Paragraph 166 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

167.    Paragraph 167 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and, therefore, denies the allegations.

168.    Paragraph 168 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, therefore, denies the allegations.

169.    To the extent that the allegations contained in Paragraph 169 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 169 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

170.    To the extent that the allegations contained in Paragraph 170 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

171.    Paragraph 171 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and, therefore, denies the allegations.

172.    Paragraph 172 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 and, therefore, denies the allegations.

173.    Paragraph 173 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies the allegations.

174.    Paragraph 174 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies the allegations.

175.     Paragraph 175 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, denies the allegations.

176.     Paragraph 176 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies the allegations.

177.     Paragraph 177 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and, therefore, denies the allegations.

178.     Paragraph 178 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 and, therefore, denies the allegations.

179.     Paragraph 179 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 and, therefore, denies the allegations.

180.     To the extent that Paragraph 180 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in the IP-TCAC, no response is required.  To the extent that the allegations contained in Paragraph 180 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

**E.     The CRT Market During The Conspiracy**

181.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

182.   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and, therefore, denies the allegations.

183.   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, therefore, denies the allegations.

184.   To the extent that Paragraph 184 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 184 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 184 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

185.   To the extent that Paragraph 185 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 185 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 185 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

186.   To the extent that the allegations contained in Paragraph 186 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 186 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

187.    To the extent that Paragraph 187 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 187 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 187 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

188.    To the extent that Paragraph 188 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 188 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

189.    To the extent that Paragraph 189 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 189 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 189 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

190.    To the extent that the allegations contained in Paragraph 190 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To

the extent that the allegations contained in Paragraph 190 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

191.    To the extent that the allegations contained in Paragraph 191 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 191 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

192.    To the extent that Paragraph 192 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 192 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

193.    To the extent that the allegations contained in Paragraph 193 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 193 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

194.    To the extent that the allegations contained in Paragraph 194 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 194 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

F.    **International Government Antitrust Investigations**

195.    To the extent that the allegations contained in Paragraph 195 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 195 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

196. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies these allegations.

197. To the extent that Paragraph 197 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 197 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

198. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and, therefore, denies these allegations.

199. To the extent that Paragraph 199 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 199 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 199 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

200. To the extent that Paragraph 200 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 200 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 200 may

be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

201.    Paragraph 201 relates to other Defendants and/or third parties.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and, therefore, denies these allegations.

202.    To the extent that Paragraph 202 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 202 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 202 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

203.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and, therefore, denies these allegations.

204.    The allegations contained in Paragraph 204 refer to a public annual report, which is the best evidence of its contents.

205.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and, therefore, denies these allegations.

206.    To the extent that the allegations contained in Paragraph 206 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 206 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

207.    To the extent that the allegations contained in Paragraph 207 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 207 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

208. To the extent that the allegations contained in Paragraph 208 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 208 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

209. To the extent that the allegations contained in Paragraph 209 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 209 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

210. To the extent that Paragraph 210 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 210 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

211. To the extent that Paragraph 211 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 211 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

212. To the extent that Paragraph 212 consists of purported statements by government authorities and/or statements in public documents, those statements speak for

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

themselves and no response is required.  To the extent that the allegations contained in Paragraph 212 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

213.  To the extent that Paragraph 213 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

## IX.  **THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS**

214.  To the extent that Paragraph 214 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 214 consists of purported statements by governmental authorities, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 214 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 214 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

215.  To the extent that the allegations contained in Paragraph 215 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 215 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

216.  To the extent that the allegations contained in Paragraph 216 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 216 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1     217.    To the extent that the allegations contained in Paragraph 217 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 217 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

218.    To the extent that Paragraph 218 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 218 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 218 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

219.    To the extent that Paragraph 219 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 219 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 219 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

220.    To the extent that Paragraph 220 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 220 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 220 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

221.    To the extent that the allegations contained in Paragraph 221 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 221 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   222.   To the extent that Paragraph 222 contains argument and/or legal conclusions,
2   no response is required.  To the extent that the allegations contained in Paragraph 222
3   relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or
4   information sufficient to form a belief as to the truth of these allegations and, therefore,
5   denies these allegations.  To the extent that the allegations contained in Paragraph 222 may
6   be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these
7   allegations.

8   223.   To the extent that Paragraph 223 contains argument and/or legal conclusions,
9   no response is required.  To the extent that the allegations contained in Paragraph 223
10  relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or
11  information sufficient to form a belief as to the truth of these allegations and, therefore,
12  denies these allegations.  To the extent that the allegations contained in Paragraph 223 are
13  directed to Toshiba Corp., Toshiba Corp. denies these allegations.

14  224.   To the extent that Paragraph 224 contains argument and/or legal conclusions,
15  no response is required.  To the extent that the allegations contained in Paragraph 224
16  relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or
17  information sufficient to form a belief as to the truth of these allegations and, therefore,
18  denies these allegations.  To the extent that the allegations contained in Paragraph 224 may
19  be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these
20  allegations

21  225.   To the extent that Paragraph 225 contains argument and/or legal conclusions,
22  no response is required.  To the extent that Paragraph 225 consists of purported statements
23  in public documents, those statements speak for themselves and no response is required.
24  To the extent that the allegations contained in Paragraph 225 relate to other Defendants
25  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
26  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
27  extent that the allegations contained in Paragraph 225 may be deemed to require a response
28  from Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

226.    To the extent that Paragraph 226 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 226 consists of purported statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 226 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 226 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

227.    To the extent that Paragraph 227 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 227 consists of purported statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 227 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

228.    To the extent that Paragraph 228 contains argument and/or legal conclusions, no response is required.  Also, Paragraph 228 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

229.    To the extent that Paragraph 229 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 229 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

Case 3:07-cv-05944-SC Document 3830 Filed 01/26/16 Page 36 of 71

1  denies these allegations.  To the extent that the allegations contained in Paragraph 229 are

2  directed to Toshiba Corp., Toshiba Corp. denies these allegations.

3       230.    To the extent that the allegations contained in Paragraph 230 relate to other

4  Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

5  form a belief as to the truth of these allegations and, therefore, denies these allegations.  To

6  the extent that the allegations contained in Paragraph 230 are directed to Toshiba Corp.,

7  Toshiba Corp. denies these allegations.

8       231.    To the extent that Paragraph 231 contains argument and/or legal conclusions,

9  no response is required.  To the extent that the allegations contained in Paragraph 231

10  relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or

11  information sufficient to form a belief as to the truth of these allegations and, therefore,

12  denies these allegations.  To the extent that the allegations contained in Paragraph 231 may

13  be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these

14  allegations.

15              **X.  CLASS ACTION ALLEGATIONS**

16       232.    Paragraph 232 consists of argument, Plaintiffs' characterization of their claims

17  and/or legal conclusions, to which no response is required.  To the extent that the

18  allegations contained in Paragraph 232 may be deemed to require a response from Toshiba

19  Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the

20  truth of these allegations and, therefore, denies these allegations.  Toshiba Corp. further

21  denies that this action can properly be maintained as a class action on behalf of the

22  purported class or otherwise.

23       233.    Paragraph 233 consists of argument, Plaintiffs' characterization of their claims

24  and/or legal conclusions, to which no response is required.  To the extent that the

25  allegations contained in Paragraph 233 may be deemed to require a response from Toshiba

26  Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the

27  truth of these allegations and, therefore, denies these allegations.  Toshiba Corp. further

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   denies that this action can properly be maintained as a class action on behalf of the

2   purported class or otherwise.

3       234.    Paragraph 234 consists of argument, Plaintiffs' characterization of their claims

4   and/or legal conclusions, to which no response is required.  To the extent that the

5   allegations contained in Paragraph 234 may be deemed to require a response from Toshiba

6   Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the

7   truth of these allegations and, therefore, denies these allegations.  Toshiba Corp. further

8   denies that this action can properly be maintained as a class action on behalf of the

9   purported class or otherwise.

10      235.    Paragraph 235 consists of argument, Plaintiffs' characterization of their claims

11  and/or legal conclusions, to which no response is required.  To the extent that the

12  allegations contained in Paragraph 235 may be deemed to require a response from Toshiba

13  Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the

14  truth of these allegations and, therefore, denies these allegations.  Toshiba Corp. further

15  denies that this action can properly be maintained as a class action on behalf of the

16  purported class or otherwise.

17                      **XI.  VIOLATIONS ALLEGED**

18  **A.    First Claim For Relief:  Violation Of Section 1 Of The Sherman Act**

19      236.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

20  235 of the IP-TCAC, as set forth above.

21      237.    Paragraph 237 consists of argument, Plaintiffs' characterization of their claims

22  and/or legal conclusions, to which no response is required.  To the extent that the

23  allegations contained in Paragraph 237 relate to other Defendants and/or third parties,

24  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

25  these allegations and, therefore, denies these allegations.  To the extent that the allegations

26  contained in Paragraph 237 may be deemed to require a response from Toshiba Corp.,

27  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

28  these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

238.    Paragraph 238 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 238 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 238 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

239.    Paragraph 239 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 239 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

240.    Paragraph 240 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 240 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 240 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

241.    Paragraph 241 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 241 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   these allegations and, therefore, denies these allegations. To the extent that the allegations

2   contained in Paragraph 241 may be deemed to require a response from Toshiba Corp.,

3   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

4   these allegations and, therefore, denies these allegations.

5       242.    Paragraph 242 consists of argument, Plaintiffs' characterization of their claims

6   and/or legal conclusions, to which no response is required. To the extent that the

7   allegations contained in Paragraph 242 relate to other Defendants and/or third parties,

8   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

9   these allegations and, therefore, denies these allegations. To the extent that the allegations

10  contained in Paragraph 242 may be deemed to require a response from Toshiba Corp.,

11  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

12  these allegations and, therefore, denies these allegations.

13      243.    Paragraph 243 consists of argument, Plaintiffs' characterization of their claims

14  and/or legal conclusions, to which no response is required. To the extent that the

15  allegations contained in Paragraph 243 relate to other Defendants and/or third parties,

16  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

17  these allegations and, therefore, denies these allegations. To the extent that the allegations

18  contained in Paragraph 243 may be deemed to require a response from Toshiba Corp.,

19  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

20  these allegations and, therefore, denies these allegations.

21      244.    Paragraph 244 consists of argument, Plaintiffs' characterization of their claims

22  and/or legal conclusions, to which no response is required. To the extent that the

23  allegations contained in Paragraph 244 relate to other Defendants and/or third parties,

24  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

25  these allegations and, therefore, denies these allegations. To the extent that the allegations

26  contained in Paragraph 244 may be deemed to require a response from Toshiba Corp.,

27  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

28  these allegations and, therefore, denies these allegations.

245.    Paragraph 245 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 245 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B.    Second Claim For Relief:  Violation Of State Antitrust Statutes**

246.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-245 of the IP-TCAC, as set forth above.

247.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-246 of the IP-TCAC, as set forth above.  Paragraph 247 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 247 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

248.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-247 of the IP-TCAC, as set forth above.  Paragraph 248 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 248 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 248 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

2    belief as to the truth of these allegations and, therefore, denies these allegations.

3         249.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

4    248 of the IP-TCAC, as set forth above.  Paragraph 249 consists of argument, Plaintiffs'

5    characterization of their claims and/or legal conclusions, to which no response is required.

6    To the extent that the allegations contained in Paragraph 249 relate to other Defendants

7    and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

8    belief as to the truth of these allegations and, therefore, denies these allegations.  To the

9    extent that the allegations contained in Paragraph 249 may be deemed to require a response

10   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

11   belief as to the truth of these allegations and, therefore, denies these allegations.

12        250.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

13   249 of the IP-TCAC, as set forth above.  Paragraph 250 consists of argument, Plaintiffs'

14   characterization of their claims and/or legal conclusions, to which no response is required.

15   To the extent that the allegations contained in Paragraph 250 relate to other Defendants

16   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

17   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

18   extent that the allegations contained in Paragraph 250 may be deemed to require a response

19   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

20   belief as to the truth of these allegations and, therefore, denies these allegations.

21        251.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

22   250 of the IP-TCAC, as set forth above.  Paragraph 251 consists of argument, Plaintiffs'

23   characterization of their claims and/or legal conclusions, to which no response is required.

24   To the extent that the allegations contained in Paragraph 251 relate to other Defendants

25   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

26   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

27   extent that the allegations contained in Paragraph 251 may be deemed to require a response

28

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

252. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-251 of the IP-TCAC, as set forth above. Paragraph 252 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 252 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 252 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

253. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-252 of the IP-TCAC, as set forth above. Paragraph 253 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 253 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 253 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

254. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-253 of the IP-TCAC, as set forth above. Paragraph 254 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 254 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 254 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S ANSWER TO INDIRECT
PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

255.     Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-254 of the IP-TCAC, as set forth above.  Paragraph 255 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 255 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 255 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

256.     Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-255 of the IP-TCAC, as set forth above.  Paragraph 256 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 256 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 256 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

257.     Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-256 of the IP-TCAC, as set forth above.  Paragraph 257 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 257 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 257 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

258.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-257 of the IP-TCAC, as set forth above.  Toshiba Corp. denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nebraska that are based on sales made prior to July 20, 2002, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).  Also, Paragraph 258 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 258 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 258 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

259.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-258 of the IP-TCAC, as set forth above.  Toshiba Corp. denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nevada that are based on sales made prior to the 1999 date of Nevada's repealer statute, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).  Also, Paragraph 259 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 259 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 259 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

260.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-259 of the IP-TCAC, as set forth above.  Paragraph 260 consists of argument, Plaintiffs'

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 260 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 260 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

261.   Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-260 of the IP-TCAC, as set forth above.  Paragraph 261 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 261 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 261 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

262.   Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-261 of the IP-TCAC, as set forth above.  Paragraph 262 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 262 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 262 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

263.   Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-262 of the IP-TCAC, as set forth above.  Paragraph 263 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.

1  To the extent that the allegations contained in Paragraph 263 relate to other Defendants
2  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
3  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
4  extent that the allegations contained in Paragraph 263 may be deemed to require a response
5  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
6  belief as to the truth of these allegations and, therefore, denies these allegations.

7  264.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
8  263 of the IP-TCAC, as set forth above.  Paragraph 264 consists of argument, Plaintiffs'
9  characterization of their claims and/or legal conclusions, to which no response is required.
10  To the extent that the allegations contained in Paragraph 264 relate to other Defendants
11  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
12  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
13  extent that the allegations contained in Paragraph 264 may be deemed to require a response
14  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
15  belief as to the truth of these allegations and, therefore, denies these allegations.

16  265.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
17  264 of the IP-TCAC, as set forth above.  Paragraph 265 consists of argument, Plaintiffs'
18  characterization of their claims and/or legal conclusions, to which no response is required.
19  To the extent that the allegations contained in Paragraph 265 relate to other Defendants
20  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
21  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
22  extent that the allegations contained in Paragraph 265 may be deemed to require a response
23  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
24  belief as to the truth of these allegations and, therefore, denies these allegations.

25  266.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
26  265 of the IP-TCAC, as set forth above.  Paragraph 266 consists of argument, Plaintiffs'
27  characterization of their claims and/or legal conclusions, to which no response is required.
28  To the extent that the allegations contained in Paragraph 266 relate to other Defendants

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
2  belief as to the truth of these allegations and, therefore, denies these allegations. To the
3  extent that the allegations contained in Paragraph 266 may be deemed to require a response
4  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
5  belief as to the truth of these allegations and, therefore, denies these allegations.

6      267.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
7  266 of the IP-TCAC, as set forth above. Paragraph 267 consists of argument, Plaintiffs'
8  characterization of their claims and/or legal conclusions, to which no response is required.
9  To the extent that the allegations contained in Paragraph 267 relate to other Defendants
10 and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
11 belief as to the truth of these allegations and, therefore, denies these allegations. To the
12 extent that the allegations contained in Paragraph 267 may be deemed to require a response
13 from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
14 belief as to the truth of these allegations and, therefore, denies these allegations.

15     268.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
16 267 of the IP-TCAC, as set forth above. Paragraph 268 consists of argument, Plaintiffs'
17 characterization of their claims and/or legal conclusions, to which no response is required.
18 To the extent that the allegations contained in Paragraph 268 relate to other Defendants
19 and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
20 belief as to the truth of these allegations and, therefore, denies these allegations. To the
21 extent that the allegations contained in Paragraph 268 may be deemed to require a response
22 from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
23 belief as to the truth of these allegations and, therefore, denies these allegations.

**C.    Third Claim For Relief:  Violation Of State Consumer Protection And Unfair Competition Statutes**

24
25     269.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
26 268 of the IP-TCAC, as set forth above.
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    270.    Paragraph 270 consists of argument, Plaintiffs' characterization of their claims

2    and/or legal conclusions, to which no response is required.    To the extent that the

3    allegations contained in Paragraph 270 relate to other Defendants and/or third parties,

4    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

5    these allegations and, therefore, denies these allegations.  To the extent that the allegations

6    contained in Paragraph 270 may be deemed to require a response from Toshiba Corp.,

7    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

8    these allegations and, therefore, denies these allegations.

9    271.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

10   270 of the IP-TCAC, as set forth above.  Paragraph 271 consists of argument, Plaintiffs'

11   characterization of their claims and/or legal conclusions, to which no response is required.

12   To the extent that the allegations contained in Paragraph 271 relate to other Defendants

13   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

14   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

15   extent that the allegations contained in Paragraph 271 may be deemed to require a response

16   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

17   belief as to the truth of these allegations and, therefore, denies these allegations.

18   272.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

19   271 of the IP-TCAC, as set forth above.  Paragraph 272 consists of argument, Plaintiffs'

20   characterization of their claims and/or legal conclusions, to which no response is required.

21   To the extent that the allegations contained in Paragraph 272 relate to other Defendants

22   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

23   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

24   extent that the allegations contained in Paragraph 272 may be deemed to require a response

25   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

26   belief as to the truth of these allegations and, therefore, denies these allegations.

27   273.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

28   272 of the IP-TCAC, as set forth above.  Paragraph 273 consists of argument, Plaintiffs'

1    characterization of their claims and/or legal conclusions, to which no response is required.

2    To the extent that the allegations contained in Paragraph 273 relate to other Defendants

3    and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

4    belief as to the truth of these allegations and, therefore, denies these allegations.  To the

5    extent that the allegations contained in Paragraph 273 may be deemed to require a response

6    from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

7    belief as to the truth of these allegations and, therefore, denies these allegations.

8         274.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

9    273 of the IP-TCAC, as set forth above.  Paragraph 274 consists of argument, Plaintiffs'

10   characterization of their claims and/or legal conclusions, to which no response is required.

11   To the extent that the allegations contained in Paragraph 274 relate to other Defendants

12   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

13   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

14   extent that the allegations contained in Paragraph 274 may be deemed to require a response

15   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

16   belief as to the truth of these allegations and, therefore, denies these allegations.

17        275.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

18   274 of the IP-TCAC, as set forth above.  Paragraph 275 consists of argument, Plaintiffs'

19   characterization of their claims and/or legal conclusions, to which no response is required.

20   To the extent that the allegations contained in Paragraph 275 relate to other Defendants

21   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

22   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

23   extent that the allegations contained in Paragraph 275 may be deemed to require a response

24   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

25   belief as to the truth of these allegations and, therefore, denies these allegations.

26        276.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

27   275 of the IP-TCAC, as set forth above.  Paragraph 276 consists of argument, Plaintiffs'

28   characterization of their claims and/or legal conclusions, to which no response is required.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  To the extent that the allegations contained in Paragraph 276 relate to other Defendants
2  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
3  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
4  extent that the allegations contained in Paragraph 276 may be deemed to require a response
5  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
6  belief as to the truth of these allegations and, therefore, denies these allegations.

7      277.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
8  276 of the IP-TCAC, as set forth above.  Paragraph 277 consists of argument, Plaintiffs'
9  characterization of their claims and/or legal conclusions, to which no response is required.
10  To the extent that the allegations contained in Paragraph 277 relate to other Defendants
11  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
12  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
13  extent that the allegations contained in Paragraph 277 may be deemed to require a response
14  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
15  belief as to the truth of these allegations and, therefore, denies these allegations.

16      278.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
17  277 of the IP-TCAC, as set forth above.  Paragraph 278 consists of argument, Plaintiffs'
18  characterization of their claims and/or legal conclusions, to which no response is required.
19  To the extent that the allegations contained in Paragraph 278 relate to other Defendants
20  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
21  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
22  extent that the allegations contained in Paragraph 278 may be deemed to require a response
23  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
24  belief as to the truth of these allegations and, therefore, denies these allegations.

25      279.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
26  278 of the IP-TCAC, as set forth above.  Paragraph 279 consists of argument, Plaintiffs'
27  characterization of their claims and/or legal conclusions, to which no response is required.
28  To the extent that the allegations contained in Paragraph 279 relate to other Defendants

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
2  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
3  extent that the allegations contained in Paragraph 279 may be deemed to require a response
4  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
5  belief as to the truth of these allegations and, therefore, denies these allegations.

6  **D.    Fourth Claim For Relief:  Unjust Enrichment And Disgorgement Of Profits**

7       280.    Toshiba  Corp.  hereby  incorporates  by  reference  its  responses  to
8  Paragraphs 1-279 of the IP-TCAC, as set forth above.

9       281.    Paragraph 281 consists of argument, Plaintiffs' characterization of their claims
10  and/or  legal  conclusions,  to  which  no  response  is  required.    To  the  extent  that  the
11  allegations  contained  in  Paragraph 281  relate  to  other  Defendants  and/or  third  parties,
12  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
13  these allegations and, therefore, denies these allegations.  To the extent that the allegations
14  contained  in  Paragraph 281  may  be  deemed  to  require  a  response  from  Toshiba  Corp.,
15  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
16  these allegations and, therefore, denies these allegations.

17       282.    Paragraph 282 consists of argument, Plaintiffs' characterization of their claims
18  and/or  legal  conclusions,  to  which  no  response  is  required.    To  the  extent  that  the
19  allegations  contained  in  Paragraph 282  relate  to  other  Defendants  and/or  third  parties,
20  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
21  these allegations and, therefore, denies these allegations.  To the extent that the allegations
22  contained  in  Paragraph 282  may  be  deemed  to  require  a  response  from  Toshiba  Corp.,
23  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
24  these allegations and, therefore, denies these allegations.

25       283.    Paragraph 283 consists of argument, Plaintiffs' characterization of their claims
26  and/or  legal  conclusions,  to  which  no  response  is  required.    To  the  extent  that  the
27  allegations  contained  in  Paragraph 283  relate  to  other  Defendants  and/or  third  parties,
28  Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   these allegations and, therefore, denies these allegations.  To the extent that the allegations
2   contained in Paragraph 283 may be deemed to require a response from Toshiba Corp.,
3   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
4   these allegations and, therefore, denies these allegations.

## XII.  FRAUDULENT CONCEALMENT

6       284.    Paragraph 284 consists of argument, Plaintiffs' characterization of their claims
7   and/or legal conclusions, to which no response is required.  To the extent that the
8   allegations contained in Paragraph 284 relate to other Defendants and/or third parties,
9   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
10   these allegations and, therefore, denies these allegations.  To the extent that the allegations
11   contained in Paragraph 284 may be deemed to require a response from Toshiba Corp.,
12   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
13   these allegations and, therefore, denies these allegations.

14       285.    Paragraph 285 consists of argument, Plaintiffs' characterization of their claims
15   and/or legal conclusions, to which no response is required.  To the extent that the
16   allegations contained in Paragraph 285 relate to other Defendants and/or third parties,
17   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
18   these allegations and, therefore, denies these allegations.  To the extent that the allegations
19   contained in Paragraph 285 may be deemed to require a response from Toshiba Corp.,
20   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
21   these allegations and, therefore, denies these allegations.

22       286.    Paragraph 286 consists of argument, Plaintiffs' characterization of their claims
23   and/or legal conclusions, to which no response is required.  To the extent that the
24   allegations contained in Paragraph 286 relate to other Defendants and/or third parties,
25   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of
26   these allegations and, therefore, denies these allegations.  To the extent that the allegations
27   contained in Paragraph 286 may be deemed to require a response from Toshiba Corp.,

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

287.    Paragraph 287 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 287 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 287 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XIII.  PRAYER FOR RELIEF

In answer to the Prayer for Relief, Toshiba Corp. denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against Toshiba Corp.

All allegations of the IP-TCAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses:

## FIRST DEFENSE

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject-matter jurisdiction over the claims of Plaintiffs and any putative class members.  The Court also lacks subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

**SECOND DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**THIRD DEFENSE**

The IP-TCAC fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

Plaintiffs, and each of them, have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue. Plaintiffs' claims, to the extent they rely on the laws of foreign states or are brought on behalf of out-of-state residents, would be better adjudicated in those foreign courts.

**SIXTH DEFENSE**

Plaintiffs' claims and claims of any putative class members against Toshiba Corp. are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

**SEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because they cannot be maintained as a class action.

**EIGHTH DEFENSE**

The relief sought by Plaintiffs, and each of them, is barred because the named Plaintiffs are not proper class representatives.

**NINTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, lack standing to bring or maintain the claims set forth in the IP-TCAC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purport to bring this action on behalf of a nationwide class, some members of which reside in jurisdictions that do not permit actions based on, or analogous to, the claims specified in the IP-TCAC.

**ELEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

**TWELFTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, have suffered no antitrust injury.

**THIRTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of Toshiba Corp.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by

Case3:07-cv-05944-SC Document3830 Filed 01/26/15 Page 56 of 71

any acts or omissions of Toshiba Corp. and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

## EIGHTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiffs' claims and claims of any putative class members against Toshiba Corp. are barred because all such conduct would have been committed by individuals acting *ultra vires*.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by Toshiba Corp. and/or the other Defendants.

## TWENTIETH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## TWENTY-FIRST DEFENSE

Plaintiffs and any putative class members are barred from recovery of any damages because of, and to the extent of, their failure to mitigate damages.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any actions or practices of Toshiba Corp. that are the subject of the IP-TCAC were undertaken unilaterally for legitimate business reasons and in pursuit of Toshiba Corp.'s independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between Toshiba Corp. and any other person or entity.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of Toshiba Corp. that are the subject of the IP-TCAC were adopted in furtherance of legitimate business interests of Toshiba Corp. and of its customers and did not unreasonably restrain competition.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of Toshiba Corp. that are the subject of the IP-TCAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, as premised upon privileged conduct or actions by Toshiba Corp.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

**TWENTY-SEVENTH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to the Plaintiffs in the chain of distribution was not passed on to a third party.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards

duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTIETH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRTY-SECOND DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, Toshiba Corp. contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than Toshiba Corp. who have settled, or do settle, Plaintiffs' claims against them in this action.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims and claims of any putative class members for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### THIRTY-FOURTH DEFENSE

The IP-TCAC is ambiguous as to whether the alleged state law violations are intended to be asserted on behalf of a purported nationwide class of indirect purchasers or just on behalf of the residents of those states whose laws were cited. To the extent the IP-TCAC asserts alleged violations on behalf of indirect purchasers located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate Defendants' rights to due process under the United States and various state constitutions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## THIRTY-FIFTH DEFENSE

To the extent Plaintiffs or any purported class members seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by constitutional rights of due process, choice of law principles, and the laws of the states under which Plaintiffs assert their claims.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or part because the IP-TCAC fails to plead conspiracy with particularity required under applicable law.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to:  15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; D.C. Code §§ 28-4511(b) and 12-301; Fla. Stat. § 95.11(f); Haw. Rev. Stat. § 480-24; 740 Ill. Comp. Stat. 10/7; Iowa Code §§ 553.12 and 553.16; Kan. Stat. Ann. § 60-512(2); Me. Rev. Stat. Ann. tit. 14, § 752; Me. Rev. Stat. Ann. tit. 5, § 213; Mich. Comp. Laws §§ 445.781 and 600.5813; Minn. Stat. § 325D.64(1); Miss. Code Ann. §§ 15-1-49 and 15-1-65; Neb. Rev. Stat. §§ 25-206 and 59-1612; Nev. Rev. Stat. §§ 11.190 and 598A.220; N.M. Stat. § 57-1-12; N.Y. C.P.L.R. 214(2); N.C. Gen. Stat. § 75-16.2; N.D. Cent. Code § 51-08.1-10; S.D. Codified Laws § 37-1-14.4; Tenn. Code Ann. § 28-3-105; Vt. Stat. Ann. tit. 12, § 511; W. Va. Code § 47-18-11; Wis. Stat. § 133.18.

## THIRTY-EIGHTH DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes:  Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; D.C. Code §§ 28-4502, *et seq.*; Haw. Rev. Stat. §§ 480-1, *et seq.*; 740 Ill. Comp. Stat. 10/1, *et seq.*; Iowa Code §§ 553.1, *et seq.*; Kan. Stat. Ann. §§ 50-101, *et seq.*; Me. Rev. Stat. Ann. tit. 10, §§ 1101, *et seq.*; Mich. Comp. Laws §§ 445.771, *et seq.*; Minn. Stat. §§ 325D.52, *et seq.*; Miss. Code Ann. §§ 75-21-9, *et seq.* and 75-24-1, *et seq.*; Neb. Rev. Stat. §§ 59-801,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*et seq.*; Nev. Rev. Stat. §§ 598A, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.Y. Gen. Bus. Law §§ 340 *et seq.*; N.C. Gen. Stat. §§ 75-1, *et seq.*; N.D. Cent. Code §§ 51-08.1-01, *et seq.*; S.D. Codified Laws §§ 37-1, *et seq.*; Tenn. Code Ann. §§ 47-25-101, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2453, *et seq.*; W. Va. Code §§ 47-18-1, *et seq.*; Wis. Stat. §§ 133.01, *et seq.*

### THIRTY-NINTH DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under, without limitation, the following statutes: Cal. Bus. & Prof. Code §§ 17200, *et seq.*; D.C. Code §§ 28-3901, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; Haw. Rev. Stat. §§ 480-4, *et seq.*; Neb. Rev. Stat. §§ 59-1601, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.Y. Gen. Bus. Law §§ 349, *et seq.*; N.C. Gen. Stat. §§ 75-1.1, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*

### FORTIETH DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Neb. Rev. Stat. §§ 59-801, *et seq.*, based on sales made prior to July 20, 2002, as these claims were dismissed by the Court in its March 30, 2010 Order.

### FORTY-FIRST DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Nev. Rev. Stat. §§ 598A, *et seq.*, based on sales made prior to the 1999 date of Nevada's repealer statute, as these claims were dismissed by the Court in its March 30, 2010 Order.

### FORTY-SECOND DEFENSE

Plaintiffs' claims under Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Ariz. Rev. Stat. Ann. § 44-1415.

### FORTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### FORTY-FOURTH DEFENSE

To the extent Plaintiffs purport to represent or seek relief on behalf of members of the putative class who are not located or resident in the State of California, the IP-TCAC and each of its claims for relief therein violate Defendants' rights to due process under the constitutions of California and the United States. *See, e.g.*, *BMW of N. Am. v. Gore*, 517 U.S. 559, 571-72 (1996); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-23 (1985).

### FORTY-FIFTH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of the purported class members in this case would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

### FORTY-SIXTH DEFENSE

Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because Toshiba Corp. did not acquire any money or property from Plaintiffs.

### FORTY-SEVENTH DEFENSE

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

### FORTY-EIGHTH DEFENSE

Any award of restitution to the Plaintiffs under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

## FORTY-NINTH DEFENSE

Cal. Bus. & Prof. Code § 17204 improperly delegates the executive branch's prosecutorial power to private parties, in contravention of the separation-of-powers doctrine and the provisions of Article V of the California Constitution vesting the State's executive power in the Executive Branch, by authorizing private plaintiffs without any individualized injury to bring suit on behalf of the interests of the general public.

## FIFTIETH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FIFTY-FIRST DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700 *et seq*., are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

## FIFTY-SECOND DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

## FIFTY-THIRD DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of Toshiba Corp. occurring outside of California.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FIFTY-FOURTH DEFENSE**

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those causes of action arise under California law, but Plaintiffs seek to include in the putative plaintiff class non-California residents — notwithstanding California's lack of a significant contact or significant aggregation of contacts with each member of the putative nationwide plaintiff class — and as such is arbitrary and unfair and violates guarantees of due process in the United States and California Constitutions, as well as the Full Faith and Credit Clause of the United States Constitution, and constitutes an impermissible burden on interstate commerce in contravention of the Commerce Clause of the United States Constitution.

**FIFTY-FIFTH DEFENSE**

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because Toshiba Corp. did not receive a benefit from Plaintiffs, Toshiba Corp. did not retain any benefit, and/or the receipt of any benefit was not unjust.

**FIFTY-SIXTH DEFENSE**

Plaintiffs' claims under D.C. Code §§ 28-4502, *et seq.*, are barred, in whole or in part, because any award to the indirect purchasers would result in duplication of recovery of damages which is prohibited under D.C. Code § 28-4509(b).

**FIFTY-SEVENTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

**FIFTY-EIGHTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FIFTY-NINTH DEFENSE**

Plaintiffs' claims under Haw. Rev. Stat. §§ 480-4, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Haw. Rev. Stat. § 480-13.3.

**SIXTIETH DEFENSE**

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Iowa Competition Law.

**SIXTY-FIRST DEFENSE**

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SIXTY-SECOND DEFENSE**

Plaintiffs' claims under Kan. Stat. Ann. §§ 50-101, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered any actual, cognizable injury under Kansas law.

**SIXTY-THIRD DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because the remedies sought are unconstitutional and contrary to public policy.

**SIXTY-FOURTH DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

**SIXTY-FIFTH DEFENSE**

Plaintiffs' claims under Maine law are barred, in whole or in part, because Plaintiffs failed to make a sufficient, written demand for relief to Toshiba Corp. prior to filing the IP-TCAC, or to otherwise meet the required statutory preconditions to filing suit under Maine law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## SIXTY-SIXTH DEFENSE

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because the Michigan Antitrust Reform Act is not applicable to conduct occurring outside of Michigan.

## SIXTY-SEVENTH DEFENSE

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

## SIXTY-EIGHTH DEFENSE

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of duplicative damages in successive suits.

## SIXTY-NINTH DEFENSE

Plaintiffs' claims under Minnesota law are barred, in whole or in part, to the extent that Plaintiffs and the other members of the class seek damages that are duplicative of damages sought in other actions.

## SEVENTIETH DEFENSE

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

## SEVENTY-FIRST DEFENSE

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because the act applies only to conspiracies to be accomplished at least in part by wrongful conduct that takes place within Mississippi.

## SEVENTY-SECOND DEFENSE

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because punitive damages may not be awarded under §§ 75-21-1, *et seq.*, which provide the exclusive remedies for violation of that act.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

<b>SEVENTY-THIRD DEFENSE</b>

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Miss. Code Ann. § 75-24-15 expressly prohibits class-action lawsuits.

<b>SEVENTY-FOURTH DEFENSE</b>

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Plaintiffs have not met the prerequisites for a claim under Miss. Code Ann. § 75-24-15.

<b>SEVENTY-FIFTH DEFENSE</b>

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-821.01.

<b>SEVENTY-SIXTH DEFENSE</b>

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-1609.1.

<b>SEVENTY-SEVENTH DEFENSE</b>

Plaintiffs' claims under Nev. Rev. Stat. §§ 598A, *et seq.*, are barred, in whole or in part, because under § 598A.060, that act applies only to activity occurring, at least in part, in Nevada.

<b>SEVENTY-EIGHTH DEFENSE</b>

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.*, are barred, in whole or in part, because the alleged conduct of Toshiba Corp. that is the subject of the IP-TCAC was neither directed to nor affected persons or entities or commerce in New Mexico.

<b>SEVENTY-NINTH DEFENSE</b>

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.*, are barred, in whole or in part, because the IP-TCAC fails to plead such fraud or fraudulent concealment with the particularity required by the applicable law.

### EIGHTIETH DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because the New Mexico Unfair Practices Act does not provide relief for indirect purchasers.

### EIGHTY-FIRST DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Toshiba Corp. made no sales to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

### EIGHTY-SECOND DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Toshiba Corp. made no representations to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

### EIGHTY-THIRD DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to plead any necessary predicate acts to invoke application of the New Mexico Unfair Practices Act.

### EIGHTY-FOURTH DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because application of the New Mexico Unfair Practices Act to any transactions occurring outside the State of New Mexico would violate the Commerce Clause of the United States Constitution.

### EIGHTY-FIFTH DEFENSE

Plaintiffs' claims under New Mexico law are frivolous and groundless with no arguable basis in fact or law.

### EIGHTY-SIXTH DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by Toshiba Corp. is, or if in interstate commerce would be, subject to and compliant with the rules and regulations of, and statutes administered by, the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Federal Trade Commission or other official department, division, commission or agency of the United States, as these rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts.  N.Y. Gen. Bus. Law § 349(d).

## EIGHTY-SEVENTH DEFENSE

Plaintiffs' claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

## EIGHTY-EIGHTH DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

## EIGHTY-NINTH DEFENSE

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered any actual cognizable injuries or damages under N.C. Gen. Stat. § 75-16 or otherwise under the laws of North Carolina as a result of the conduct complained of in the IP-TCAC.

## NINETIETH DEFENSE

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, to the extent that an award of damages under N.C. Gen. Stat. § 75-16 is unconstitutional when applied to the facts of the instant matter.

## NINETY-FIRST DEFENSE

Plaintiffs lack standing to prosecute their North Carolina state antitrust claims against Toshiba Corp., in whole or in part, because they have not met the modified *Associated General Contractors* test set forth in *Crouch v. Crompton Corp.*, Nos. 02-4375, 03-2514, 2004 WL 2414027, at *18-20 (N.C. Super. Oct. 28, 2004).

White & Case LLP<br>
701 Thirteenth Street, NW<br>
Washington, DC 20005

1

## NINETY-SECOND DEFENSE

2  Plaintiffs' claims under S.D. Codified Laws §§ 37-1, *et seq.*, are barred, in whole or

3  in part, because under S.D. Codified Laws §§ 37-1-33, courts should take efforts to avoid

4  imposition of duplicative damages in successive suits.

5

## NINETY-THIRD DEFENSE

6  Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole

7  or in part, because Defendants did not willfully violate that statute.

8

## NINETY-FOURTH DEFENSE

9  Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole

10  or in part, because Defendants' conduct did not have a substantial effect on Tennessee

11  commerce.

12

## NINETY-FIFTH DEFENSE

13  Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*,

14  are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the

15  parties with whom each Plaintiff is in privity.

16

## NINETY-SIXTH DEFENSE

17  Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*,

18  are barred, in whole or in part, because indirect intermediate purchasers do not have

19  standing under the Tennessee Trade Practices Act.

20

## NINETY-SEVENTH DEFENSE

21  Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*, are barred, in whole or

22  in part, because Plaintiffs have not suffered actual, cognizable injury under the Vermont

23  Consumer Fraud Act.

24

## NINETY-EIGHTH DEFENSE

25  Plaintiffs' claims under Vermont law are barred, in whole or in part, because any

26  recovery by Plaintiffs would amount to impermissible duplicative liability within the

27  meaning of Vt. Stat. Ann. tit. 9, § 2465(b).

28

TOSHIBA CORPORATION'S ANSWER TO INDIRECT<br>
PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT<br>
Case No. 07-5944 SC<br>
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**NINETY-NINTH DEFENSE**

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*, are barred, in whole or in part, because Toshiba Corp. did not willfully or knowingly violate the Vermont Consumer Fraud Act.

**ONE HUNDREDTH DEFENSE**

Plaintiffs' claims under W. Va. Code §§ 47-18-1, *et seq.*, are barred, in whole or in part, because West Virginia Regulation 142-9-2, which purports to grant a cause of action to individuals indirectly injured by violations of the West Virginia Antitrust Act, is invalid, and Plaintiffs' claims are therefore barred by *Illinois Brick Co. v. Illinois*, 43 U.S. 881 (1977).

**ONE HUNDRED FIRST DEFENSE**

Toshiba Corp. adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**ONE HUNDRED SECOND DEFENSE**

Toshiba Corp. reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TOSHIBA CORP.'S PRAYER FOR RELIEF**

WHEREFORE, Toshiba Corp. prays for judgment as follows:

1.  That Plaintiffs take nothing by reason of the IP-TCAC, and that the action be dismissed with prejudice;

2.  That the Court enter judgment in favor of Toshiba Corp. and against Plaintiffs with respect to all causes of action in the IP-TCAC;

3.  That the Court award Toshiba Corp. its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for Toshiba Corp. as the Court may deem just and proper.

1    Dated: January 26, 2011                Respectfully submitted,

2                                           WHITE & CASE LLP

3

4                                           By:   /s/ Christopher M. Curran
                                                  Christopher M. Curran (*pro hac vice*)
5                                                 ccurran@whitecase.com
                                                  George L. Paul (*pro hac vice*)
6                                                 gpaul@whitecase.com
                                                  Lucius B. Lau (*pro hac vice*)
7                                                 alau@whitecase.com
                                                  701 Thirteenth Street, N.W.
8                                                 Washington, DC 20005
9                                                 tel.: (202) 626-3600
                                                  fax: (202) 639-9355
10

11                                          *Counsel to Defendant*
                                            *Toshiba Corporation*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S ANSWER TO INDIRECT
PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

**CERTIFICATE OF SERVICE**

On January 26, 2011, I caused a copy of the "TOSHIBA CORPORATION'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By:  /s/ Christopher M. Curran
Christopher M. Curran (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Defendants' Attachment 2

1  MARIO N. ALIOTO, ESQ. (56433)
2  LAUREN C. CAPURRO, ESQ. (241151)
   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
3  2280 Union Street
   San Francisco, CA 94123
4  Telephone: (415) 563-7200
   Facsimile: (415) 346-0679
5  E-mail: malioto@tatp.com
   laurenrussell@tatp.com
6
7  *Lead Counsel for Indirect Purchaser Plaintiffs*

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10               **SAN FRANCISO DIVISION**

11  IN RE: CATHODE RAY TUBE (CRT)        )  Master File No. 3:07-cv-5944 SC
    ANTITRUST LITIGATION                 )
12  _____    )  MDL No. 1917
                                         )
13  This Document Relates to:            )  **INDIRECT-PURCHASER PLAINTIFFS'**
                                         )  **FIRST SET OF INTERROGATORIES TO**
14  ALL INDIRECT-PURCHASER ACTIONS       )  **DEFENDANTS**
                                         )
15  _____    )

16  PROPOUNDING PARTY:   Indirect-Purchaser Plaintiffs

17  RESPONDING PARTY:    *All Defendants*

18  SET NO.:             ONE (1)

19       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the June 18,

20  2008 Stipulated Protective Order, the Indirect-Purchaser Plaintiffs ("Plaintiffs") request that each

21  defendant answer the following interrogatories within (30) days of service, and afterwards

22  supplement such interrogatory answers as may become necessary to comply with the

23  requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

24                        **DEFINITIONS**

25       The words and phrases used in these Requests for Production shall have the meanings

26  ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United

27  States District Court of the Northern District of California. In addition, the following terms have

28  the meanings set forth below whenever used in any interrogatory.

                              1

1.      "Bilateral Meeting" shall have the meaning as used in the Plaintiffs' Fourth Amended Complaint.

2.      "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

3.      "CRT" means cathode ray tube(s) and "CRT Products" means products containing cathode ray tubes.

4.      "CRT Conspiracy" means the conspiracy to violate antitrust laws as pled in the Plaintiffs' Fourth Amended Complaint.

5.      "Defendant" refers to any defendant referred to in the current operative complaint filed by the Indirect Purchaser Plaintiffs, including defendant's predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without limitation any organization or entity that the defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant, regardless of whether any such predecessor, successor, subsidiary, division, affiliate, or present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on your behalf is or is not a party to this litigation.

6.      "Document" means all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

7.       "Employee" means any individual currently employed by, or at any time employed by, or acting as the agent of a Defendant as defined herein.

8.       "Evidence" means Documents, witness statements or testimony, and discovery responses.

///

9.     "Glass Meeting" shall have the meaning as set forth in the Plaintiffs' Fourth Amended Complaint.

10.     "Law Enforcement Agents" means agents of the United States Department of Justice, the Federal Trade Commission or any state attorneys general office who have authority to enforce state or federal antitrust or consumer protection laws in the United States.

11.     "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

12.     "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

13.     "Class Period" means the period from March 1, 1995 through November 24, 2007.

14.     "You" or "Your" means the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding Defendant, regardless of whether any such predecessor, successor, subsidiary, division, affiliate, or present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on your behalf is or is not a party to this litigation.

## INSTRUCTIONS

1.     The obligation to answer these interrogatories is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after answering these interrogatories You discover additional information that will make your answers to these interrogatories more complete or correct, amend your answers as soon as reasonably possible.

2.     When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and address for all times during the Class Period, as well as

3

their current or last known home address and telephone number.  If any of such information changed during the Class Period, specify the time period to which the information provided in your answers pertains.

      3.     When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters.  If any information changed during the Class Period, specify the time period to which the information provided in your answer pertains.

      4.     When asked to identify a CRT or CRT Product, state the manufacturer, product type (e.g. television or computer monitor), serial number, model number, and size.

      5.     When asked to identify an event, such as a communication, discussion, meeting, decision, or agreement, state the date, time, and address of the event, all of the participants in the event, and any formal or informal title by which the participants referred to the event.

      6.     If the responding party elects to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond to the interrogatory.  If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify to the interrogatories to which the document is responsive.  If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its dates and author(s), its custodian, and every person to whom such a document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1**:

      Have You ever participated in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate market share of CRTs?

///

INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS;
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917

**INTERROGATORY NO. 2**:

If You contend that You withdrew from any CRT Conspiracy, state:

    (a)     Why You withdrew from the conspiracy;

    (b)     What specific acts You took to withdraw from the CRT Conspiracy;

    (c)     Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

    (d)     Who withdrew from the CRT Conspiracy on your behalf;

**INTERROGATORY NO. 3**:

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**INTERROGATORY NO. 5**:

Indicate whether You were notified at any time by any co-conspirator of any co-conspirator's intent to withdraw from the CRT Conspiracy?

**INTERROGATORY NO. 6**:

If Your answer to Interrogatory No.5 above, is in the affirmative, describe all communication(s) between You and any person(s) regarding any co-conspirator's intent to withdraw from the conspiracy, and identify all Evidence regarding such communications.

**INTERROGATORY NO. 7**:

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**INTERROGATORY NO. 8**:

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States; (c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**INTERROGATORY NO. 9**:

For each year during the Class Period, state by year how many CRT Products (in both

5

number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United

States; (b) billed to an address in the United States, but shipped to a location outside of the

United States;(c) shipped to an address in the United States, but billed to a location outside of

the United States; and (d) shipped and billed to a location outside of the United States.

**INTERROGATORY NO. 10**:

For each year during the Class Period, state by year how many CRTs (in both number of

units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic

manufacturing service, original design manufacturer, or system integrator for integration into

CRT Products to be sold in the United States.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of

sales of CRTs, both in the aggregate and by size of the CRT.

**INTERROGATORY NO. 12:**

For each year during the Class \Period, state by year Your total worldwide dollar amount of sales

of CRTs, by size and by country of destination.

**INTERROGATORY NO. 13:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales

of CRT Products, both in the aggregate and by the size and type of CRT Product.

**INTERROGATORY NO. 14:**

For each year during the Class Period, state by year Your total dollar amount of sales of

CRT Products by the size and type of CRT Products sold and by country of destination

**INTERROGATORY NO. 15:**

For each year during the Class Period, state by year Your dollar amount of sales of CRTs in

the United States, both in the aggregate and by size of the CRT.

**INTERROGATORY NO. 16:**

For each year during the Class Period, state by year Your dollar amount of sales of CRT

Products in the United States, both in the aggregate and by the size and type of the CRT Product.

///

**INTERROGATORY NO. 17:**

For the sales of CRT Products identified in Interrogatory No. 16, state the value of the CRT included in the CRT Product sales price.

**INTERROGATORY NO. 18:**

For each year during the Class Period, state by year Your sales of CRTs to any other Defendant by size and by country of destination.

**INTERROGATORY NO. 19**:

For each year during the Class Period, state by year Your sales of CRT Products to any other Defendant by the size and type of CRT Products sold and by country of destination.

**INTERROGATORY NO. 20**:

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRTs by size and by country of destination, and Your profits and losses for Your business as a whole.

**INTERROGATORY NO. 21**:

For each year during the Class Period, state  in U.S. dollars and by year Your business profits and losses realized from sales of CRT Products by size and type of CRT Products sold and by country of destination, and Your profits and losses for Your business as a whole.

**INTERROGATORY NO. 22:**

To the extent that You contend that prior to November 2007 Plaintiffs knew, should have known, or were not reasonably diligent in discovery regarding the allegations in their Complaint, identify all Evidence upon which You intend to rely to prove such contention.

**INTERROGATORY NO.23:**

To the extent that You contend that You provided false information, or false commitments relating to pricing or production of CRTs to competitors at Glass Meetings or Bilateral Meetings with those competitors, identify each instance that you provided false information or a false commitment and any Evidence related to it.

**INTERROGATORY NO. 24**

To the extent that you contend that a competitor provided false information or a false

7

1    commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral

2    Meetings, identify each instance, where such false information or false commitment was

3    provided to You and any Evidence related to it.

4    **INTERROGATORY NO. 25**

5           If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for

6    Admission was anything other than an unqualified admission, separately for each Request for

7    Admission:

8                  (a)  state the number of the request for admission;

9                  (b)  state all facts upon which You base Your response;

10                 (c)  identify all Evidence upon which You intend to rely to support your response;

11                       and

12                 (d)  identify each person who has knowledge of the facts upon which you base your

13                       response.

14   Dated: August 1, 2014                    By: */s/ Mario N. Alioto*
                                               Mario N. Alioto (56433)
15                                             Lauren C. Russell (241151)
                                               TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
16                                             2280 Union Street
                                               San Francisco, CA 94123
17                                             Telephone: (415) 563-7200
                                               Facsimile: (415) 346-0679
18                                             malioto@tatp.com
                                               laurenrussell@tatp.com
19                                             *Lead Counsel for Indirect Purchaser Plaintiffs*

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2         I, Vanessa Buffington, declare that I am employed with the law firm of Trump, Alioto,

3   Trump & Prescott LLP, whose address is 2280 Union Street, San Francisco, California 94123.  I

4   am over the age of eighteen years and not a party to the within-entitled action.  On August 1, 2014,

5   I caused a copy of the following documents to be served:

6

7   **INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS**

8         via electronic mail to the parties below:

9

| | |
|---|---|
| Jeffrey L. Kessler<br>A. Paul Victor<br>Eva W. Cole<br>Molly M. Donovan<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: 212-294-4692<br>Fax: 212-294-4700<br>Email: jkessler@winston.com<br>pvictor@winston.com<br>ewcole@winston.com<br>mmdonovan@winston.com<br><br>*Counsel for Panasonic Corporation;<br>Panasonic Corporation of North America; and<br>MT Picture Display Co., Ltd.* | Steven A. Reiss<br>David L. Yohai<br>David Yolkut<br>Weil, Gosthal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212-310-8000<br>Fax: 212-310-8007<br>Email: steven.reiss@weil.com<br>david.yohai@weil.com<br>david.yolkut@weil.com<br><br>Bambo Obaro<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065-1175<br>Tel: 650-802-3000<br>Fax: 650-802-3100<br>Email: bambo.obaro@weil.com<br><br>*Counsel for Panasonic Corporation;<br>Panasonic Corporation of North America;<br>and MT Picture Display Co.* |
| Joel S. Sanders<br>Rachel S. Brass<br>Christine A. Fujita<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Tel: 415-393-8200 | William Temko<br>Jonathan Altman<br>Hojoon Hwang<br>Laura Lin<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 |

28

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Fax: 415-393-8206<br>Email: jsanders@gibsondunn.com<br>rbrass@gibsondunn.com<br>cfujita@gibsondunn.com<br><br>*Counsel for Chunghwa Picture Tubes, Ltd. And Chunghwa Picture Tubes (Malaysia)* | Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077<br>Email: william.temko@mto.com<br>jonathan.altman@mto.com<br>hojoon.hwang@mto.com<br>laura.lin@mto.com<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |
| Terrence A. Callan<br>(terrence.callan@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* | Joseph R. Tiffany<br>(joseph.tiffany@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>2475 Hanover Street<br>Palo Alto, CA 94303-1114<br>Tel: (650) 233-4500<br>Fax: (650) 233-4545<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |
| John M. Taladay<br>Erik Koons<br>Charles Malaise<br>Baker Botts L.L.P.<br>1299 Pensylvania Avenue, N.W.<br>Washington, DC 20004-2400<br>Tel: 202-639-7700<br>Fax: 202-639-7890<br>Email: john.taladay@bakerbotts.com<br>erik.koons@bakerbotts.com<br>charles.mailaise@bakerbotts.com<br><br>Jon V. Swenson<br>Baker Botts L.L.P.<br>620 Hansen Way<br>Palo Alto, CA 94304<br>Tel: 650-739-7500<br>Fax: 650-739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>*Counsel for Koninklijke Philips Electronics* | James Mutchnik<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>312-862-2000<br>Email: james.mutchnik@kirkland.com<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |

2

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| *N.V. and Philips Electronics North America Corporation* | |
| Christopher M. Curran<br>Lucius B. Lau<br>Charise Naifeh<br>Dana Foster<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br>Email: ccurran@whitecase.com<br>alau@whitecase.com<br>cnaifeh@whitecase.com<br>dfoster@whitecase.com<br><br>*Counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* | Christine A. Laciak<br>(christine.laciak@freshfields.com)<br>Kate S. McMillan<br>(kate.mcmillan@freshfields.com)<br>FRESHFIELDS BRUCKHAUS & DERINGER US, LLP<br>701 Pennsylvania Avenue, NW, Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* |
| Jeremy J. Calsyn (jcalsyn@cgsh.com)<br>Michael R. Lazerwitz (mlazerwitz@cgsh.com)<br>CLEARY GOTTLIEB STEEN & HAMILTON, LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays International* | William Diaz (wdiaz@mwe.com)<br>McDERMOTT WILL & EMERY LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108<br>Telephone: (949) 851-0633<br>Facsimile: (949) 851-9348<br><br>*Attorneys for Defendant Samtel Color, Ltd.* |
| Eliot A. Adelson<br>James Maxwell Cooper<br>Kirkland & Ellis LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Tel: 415-439-1400<br>Fax: 415-439-1500<br>Email: eliot.adelson@kirkland.com<br>max.cooper@kirkland.com | Kathy L. Osborn<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Facsimile: 317-237-1000<br>Email: kathy.osborn@faegrebd.com<br><br>*Counsel for Defendants Technicolor SA (f/k/a Thomson S.A.) and Technicolor USA, Inc.* |

3

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| James H. Mutchnik<br>Kate Wheaton<br>Kirkland & Ellis LLP<br>300 North LaSalle Chicago, IL 60654<br>Tel: 312-862-2000<br>Fax: 312-862-2200<br>Email: james.mutchnik@kirkland.com<br>kate.wheaton@kirkland.com<br><br>*Counsel for Hitachi, Ltd.; Hitachi Displays,*<br>*Ltd., Hitachi America, Ltd.; Hitachi Asia, Ltd."*<br>*and Hitachi Electronic Devices (USA)* | *(f/k/a Thomson Consumer Electronics, Inc.)* |
| Brent Caslin<br>Jenner & Block LLP<br>633 West 5th Street<br>Suite 3500<br>Los Angeles, CA 90071<br>213-239-5100<br>Fax: 213-239-5199<br>Email: bcaslin@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric*<br>*Corporation and Mitsubishi Electric & Visual*<br>*Solutions America, Inc.* | Terrence J. Truax<br>Jenner & Block LLP<br>353 N Clark Street<br>Chicago, IL 60654-3456<br>312-222-9350<br>Fax: 312-527-0484<br>Email: ttruax@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric*<br>*Corporation and Mitsubishi Electric & Visual*<br>*Solutions America, Inc.* |
| Mark C. Dosker<br>Nathan Lane, III<br>Squire Sanders LLP<br>275 Battery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-954-0200<br>Fax: 415-393-9887<br>Email: mark.dosker@squiresanders.com<br>nathan.lane@squiresanders.com<br><br>*Counsel for Technologies Displays Americas*<br>*LLC and Videocon Industries, Ltd.* | Calvin L. Litsey<br>Kathy L. Osborn<br>Jeffrey S. Roberts<br>Stephen M. Judge<br>Ryan M. Hurley<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo, CA 94303-2279<br>Tel: 650-324-6700<br>Fax: 650-324-6701<br>Email: calvin.litsey@faegrebd.com<br>kathy.osborn@faegrebd.com<br>jeffrey.roberts@faegrebd.com<br>stephen.judge@faegrebd.com<br>ryan.hurley@faegrebd.com<br><br>*Counsel for Technicolor SA and Technicolor*<br>*USA, Inc.* |

4

| James L. McGinnis<br>Michael W. Scarborough<br>Dylan Ballard<br>Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Tel: 415-434-9100<br>Fax: 415-434-3947<br>Email: jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com<br>dballard@sheppardmullin.com<br><br>*Counsel for Samsung SDI Co., Ltd.;<br>Samsung SDI America, Inc.; SDI Mexico S.A.<br>de C.V.; Samsung SDI Brasil Ltda.;<br>Shenzhen Samsung SDI Co., Ltd.; Tianjin<br>Samsung SDI Co., Ltd.; and Samsung SDI<br>(Malaysia) Sdn. Bhd.* | Emilio Varanini<br>Attorney General's Office<br>State of California<br>Department of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel: 415-703-5908<br>Fax: 415-703-5480<br>Email: Emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* |
|---|---|
| Jason C. Murray<br>Robert B. McNary<br>CROWELL & MORNING LLP<br>515 South Flower St., 40th Fl.<br>Los Angeles, CA 90071<br>Tel: 213-443-5582<br>Fax: 213-622-2690<br>Email: jmurray@crowell.com<br>rmcnary@crowell.com<br><br>Jerome A. Murphy (*pro hac vice*)<br>Astor H.L. Heaven (*pro hac vice*)<br>CROWELL & MORNING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Tel: 202-624-2500<br>Fax: 202-628-5116<br>Email: jmurphy@crowell.com<br>aheaven@crowell.com<br><br>*Counsel for Target Corporation and ViewSonic<br>Corporation* | Roman M. Silverfeld<br>Bernice Conn<br>David Martinez<br>Jill S. Casselman<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br>Tel: 310-552-0130<br>Fax: 310-229-5800<br>Email: rmsilberfeld@rkmc.com<br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laure E. Nelson<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>800 LaSalle Avenue<br>2800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Tel: 612-349-8500<br>Fax: 612-339-4181<br>Email: eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com |

5

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| | *Counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>BOIES, SCHILLER & FLEXNER LLP<br>30 South Pearl Street, 11th Fl.<br>Albany, NY 12207<br>Tel: 518-434-0600<br>Fax: 518-434-0665<br>Email: piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave., NW, Suite 800<br>Washington, D.C. 20015<br>Tel: 202-237-2727<br>Fax: 202-237-6161<br>Email: wisaacson@bsfllp.com<br><br>Stuart Singer<br>BOIS, SCHILLER & FLEXNER LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Tel: 954-356-0011<br>Fax: 954-356-0022<br>Email: ssinger@bsfllp.com<br><br>*Liason Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC and behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.* | Robert W. Turken<br>Scott N. Wagner<br>Mitchell E. Widom<br>BILZIN SUMBERG MAENA PRICE & AXELROD LLP<br>1450 Brickell Ave., Suite 2300<br>Miami, FL 33131-3456<br>Tel: 305-374-7580<br>Fax: 305-374-7593<br>Email: rturken@bilzin.com<br>swagner@bilzin.com<br>mwidom@bilzin.com<br><br>*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| David J. Burman (*pro hac vice*)<br>Cori G. Moore (*pro hac vice*)<br>Eric J. Weiss (*pro hac vice*)<br>Nicholas H. Hesterberg (*pro hac vice*)<br>Steven D. Merriman (*pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>Email: DBurman@perkinscoie.com<br>CGMoore@perkinscoie.com<br>EWeiss@perkinscoie.com<br>NHesterberg@perkinscoie.com<br>SMerriman@perkinscoie.com<br><br>Joren Bass<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Tel: 415-344-7120<br>Fax: 415-344-7320<br>Email: JBass@perkinscoie.com<br><br>*Counsel for Plaintiff Costco Wholesale Corporation* | Michael P. Kenny<br>Debra D. Bernstein<br>Matthew D. Kent<br>ALSTON & BIRD LLP<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309-3424<br>Tel: 404-881-7000<br>Fax: 404-881-7777<br>Email: mike.kenny@alston.com<br>debra.bernstein@alston.com<br>matthew.kent@alston.com<br>James M. Wagstaffe<br>KERR & WAGSTAFFE LLP<br>100 Spear Street, 18th Fl.<br>San Francisco, CA 94105-1576<br>Tel: 415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Counsel for Plaintiffs Dell Inc. and Dell Products L.P.* |
| Richard Alan Arnold<br>William J. Blechman<br>Kevin J. Murray<br>KENNY NACHWALTER, P.A.<br>201 S. Biscayne Blvd., Ste. 1100<br>Miami, FL 33131<br>Tel: 305-373-1000<br>Fax: 305-372-1861<br>Email: rarnold@knpa.com<br>wblechman@knpa.com<br>kmurray@knpa.com<br><br>*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.* | H. Lee Godfrey<br>Kenneth S. Marks<br>Jonathan J. Ross<br>Johnny W. Carter<br>David M. Peterson<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Ste. 5100<br>Houston, TX 77002<br>Tel: 713-651-9366<br>Fax: 713-651-6666<br>Email: lgodfrey@susmangodfrey.com<br>kmarks@susmangodfrey.com<br>jross@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br><br>Parker C. Folse III<br>Rachel S. Black<br>Jordan Connors<br>SUSMAN GODFREY L.L.P. |

7
**CERTIFICATE OF SERVICE**

| | 1201 Third Avenue, Suite 3800 |
|---|---|
| | Seattle Washington 98101-3000 |
| | Tel: 206-516-3880 |
| | Fax: 206-516-3883 |
| | Email: pfolse@susmangodfrey.com |
| | rblack@susmangodfrey.com |
| | jconnors@susmangodfrey.com |
| | |
| | *Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* |
| Guido Saveri | |
| R. Alexander Saveri | |
| Saveri & Saveri, Inc. | |
| 706 Sansome Street | |
| San Francisco, CA 94111 | |
| Tel: 415-217-6810 | |
| Fax: 415-217-6813 | |
| Email: guido@saveri.com | |
| rick@saveri.com | |
| | |
| *Interim Lead Counsel for Direct Purchaser Plaintiffs* | |

Executed this 1st day of August, 2014, in San Francisco, California.

/s/ *Vanessa Buffington*
Vanessa Buffington

8

**CERTIFICATE OF SERVICE**

Defendants' Attachment 3

1   Mario N. Alioto, Esq. (56433)
    Lauren C. Russell, Esq. (241151)
2   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
    2280 Union Street
3   San Francisco, CA  94123
    Telephone:     (415) 563-7200
4   Facsimile:      (415) 346-0679
    malioto@tatp.com
5   laurenrussell@tatp.com

6   *Lead Counsel for the Indirect Purchaser Plaintiffs*

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11  IN RE:  CATHODE RAY TUBE (CRT)          Master File No. CV-07-5944 SC
    ANTITRUST LITIGATION                    MDL No. 1917
12

13  This Document Relates To:               **INDIRECT PURCHASER PLAINTIFFS'**
                                            **FOURTH SET OF REQUESTS FOR**
14  ALL INDIRECT PURCHASER ACTIONS          **PRODUCTION OF DOCUMENTS TO**
                                            **TOSHIBA DEFENDANTS**
15

16

17  **PROPOUNDING PARTY**:  Indirect Purchaser Plaintiffs

18  **RESPONDING PARTY**:        Toshiba Corporation, Toshiba America Inc., Toshiba America
                                 Consumer Products, LLC, Toshiba America Electronic Components,
19                               Inc., and Toshiba America Information Systems, Inc.

20  **SET NUMBER:**            Four (4)

21          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Indirect

22  Purchaser Plaintiffs ("Plaintiffs") hereby request that Toshiba Corporation, Toshiba America Inc.,

23  Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and

24  Toshiba America Information Systems, Inc. (collectively, "Toshiba") respond to the following

25  requests for production of documents ("Requests"), and produce the documents specified herein,

26  at a location agreed upon by counsel, within thirty (30) days from the date Panasonic receives

27  these Requests.

28

                                            1

## **DEFINITIONS**

As used herein, the following items have the meaning indicated below:

1.     "You" and "your" mean Toshiba Corporation, Toshiba America Inc., Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc., their present or former members, officers, agents, employees, and all other persons acting or purporting to act on their behalf, including all present or former members, officers, agents, employees, and all other persons exercising or purporting to exercise discretion, making policy, and making decisions.

2.     The words "all," "any," and "each" mean "each and every."

3.     The words "and" and "or" are both conjunctive and disjunctive as necessary.

4.     The word "including" is used to illustrate only, and should not be construed as limiting in any way.

5.     "Document" shall include all documents and electronically stored information ("ESI") as defined in Federal Rules of Civil Procedure 34(a).  A draft or non-identified copy is a separate document within the meaning of this term.

6.     "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of any Panasonic subsidiary, affiliate, joint venture or other related entity.

7.     "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

8.     "MTPD" shall refer to MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.), a joint venture between Panasonic Corporation and Toshiba Corporation, established in April, 2003.

9.     "Governmental Antitrust Authority" means any governmental authority, foreign or domestic, responsible for investigating and/or prosecuting antitrust violations.

10.     Unless otherwise stated, the "Relevant Time Period" shall mean the period beginning March 1, 1995 and continuing through the present.

INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO TOSHIBA DEFENDANTS

**<u>INSTRUCTIONS</u>**

1.      These Requests seek all responsive documents created or generated during the Relevant Time Period, as well as responsive documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

2.      To the extent documents or ESI to any of these Requests have already been produced to Plaintiffs, there is no need to produce those documents a second time.  Instead, please provide the Bates numbers of any responsive documents already produced.

3.      These Requests call for the production of all responsive documents and ESI in your possession, custody or control without regard to the physical location of such documents.

4.      In producing documents, ESI and other materials, you must furnish all documents, ESI or things in your possession, custody or control, regardless of whether such documents, ESI or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

5.      In producing documents and ESI, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

6.      Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they are kept in the usual course of business and shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These Requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

7.      Documents attached to each other should not be separated.  If any portion of any document is responsive to any portion of the Requests, then the entire document must be produced.

8.     All documents produced should be numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

9.     Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found (*i.e.*, the document custodian) and the business address of each document custodian.

10.     Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), you must produce any ESI in its native format.  If ESI in its native format can only be accessed by proprietary or legacy software, you shall provide all information and software necessary to access the ESI.

11.     If any responsive document was, but no longer is, in the possession of or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of.

12.     In each instance in which a document once existed and subsequently is lost, missing, destroyed or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including but not limited, to:

    a.     the identity of the person or entity who last possessed the document;

    b.     the date or approximate date of such disposition; and

    c.     the identity of all persons who have or had knowledge of the document's contents.

13.     In the event that you object to any Request on the ground of privilege or attorney work product, a statement shall be provided as to each document which includes:

    a.     the name of the document author;

    b.     the name of the document's recipient;

    c.     the names of the persons to whom copies were sent;

    d.     the job title of every individual named in (a), (b), and (c) above;

    e.     the date the document was created, sent, or received;

    f.     the location of the document;

    g.     the custodian of the document;

4

h.      a brief description of the nature and subject matter of the document; and

i.      a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.  A log itemizing each of these documents and this corresponding information that forms the basis for your objection on privilege or work product grounds shall be served contemporaneously with your responses to these document requests.

14.      Each document should be produced in its entirety and without deletion, redaction or excisions, except as provided by Instruction 12 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these Requests.  If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted.  Any redactions to such documents produced should be identified in accordance with Instruction 12 above.

15.      The following Requests are continuing in nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedure so as to require the prompt production of supplemental or additional responsive documents when you become aware of such, up to and including the time of trial.

## DOCUMENT TO BE PRODUCED

**REQUEST NO. 48**

All documents reflecting discussions which led to the formation of MTPD.

**REQUEST NO. 49**

All documents reflecting discussions regarding the decisions to shut down worldwide CRT manufacturing facilities between 2003 and the present, for MTPD.

**REQUEST NO. 50**

All documents relating to discussions regarding Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007.

**REQUEST NO. 51**

All documents relating to your due diligence regarding Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007.

**REQUEST NO. 52**

All documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that MTPD received from you between 2003 and 2009.

**REQUEST NO. 53**

All MTPD's documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that MTPD received from you between 2003 and 2009.

**REQUEST NO. 54**

All documents relating to payments of dividends or other profits paid by MTPD to you between 2003 and 2009.

**REQUEST NO. 55**

All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009 which were submitted to you, including but not limited to those used for the monthly business unit meetings conducted at PAVC.  *See* Tobinaga 30(b)(6) Tr. 22:25-28:12.

**REQUEST NO. 56**

All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009 which were submitted to you, including but not limited to those used to create your business plans.

**REQUEST NO. 57**

All documents relating to the rules and policies of any board or committee governing MTPD from 2003 to 2009.

**REQUEST NO. 58**

All documents relating to your assistance or participation in the procurement of any loans or other capital from third parties during the Relevant Time Period including, without limitations, any guarantees you made, for MTPD.

**REQUEST NO. 59**

All documents relating to the pricing or prices of CRTs you purchased from MTPD during

6

the Relevant Time Period including, without limitations, any pricing negotiations, price lists, and any agreements by you to pay in advance for the delivery of CRTs you bought.

**REQUEST NO. 60**

All documents relating to insurance policies covering MTPD and/or their respective employee(s) including, without limitations, documents relating to the payment of those insurance premiums.

**REQUEST NO. 61**

All documents relating to or constituting any periodic reports provided by MTPD to you.

**REQUEST NO. 62**

All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any Employees of the following entities:

   i.    You; and/or

   ii.   MTPD.

**REQUEST NO. 63**

All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any employee of any Defendant.

**REQUEST NO. 64**

All documents from 2000 to 2003 concerning your analyses of LP Displays International, Ltd. (f/k/a LG.Philips Displays)'s business model and your information exchange with LP Displays regarding the formation of MTPD.

Dated: August 1, 2014      By:    */s/ Mario N. Alioto*

                               Mario N. Alioto, Esq. (56433)
                               Lauren C. Russell, Esq. (241151)
                               TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
                               2280 Union Street
                               San Francisco, CA  94123
                               Telephone:     (415) 563-7200
                               Facsimile:     (415) 346-0679
                               malioto@tatp.com
                               laurenrussell@tatp.com

                               *Lead Counsel for the Indirect Purchaser Plaintiffs*

INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO TOSHIBA DEFENDANTS

**CERTIFICATE OF SERVICE**

I, Vanessa Buffington, declare that I am employed with the law firm of Trump, Alioto, Trump & Prescott LLP, whose address is 2280 Union Street, San Francisco, California 94123.  I am over the age of eighteen years and not a party to the within-entitled action.  On August 1, 2014, I caused a copy of the following documents to be served:

**INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO TOSHIBA DEFENDANTS**

via electronic mail to the parties below:

| | |
|---|---|
| Jeffrey L. Kessler<br>A. Paul Victor<br>Eva W. Cole<br>Molly M. Donovan<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: 212-294-4692<br>Fax: 212-294-4700<br>Email: jkessler@winston.com<br>pvictor@winston.com<br>ewcole@winston.com<br>mmdonovan@winston.com<br><br>*Counsel for Panasonic Corporation;<br>Panasonic Corporation of North America; and<br>MT Picture Display Co., Ltd.* | Steven A. Reiss<br>David L. Yohai<br>David Yolkut<br>Weil, Gosthal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212-310-8000<br>Fax: 212-310-8007<br>Email: steven.reiss@weil.com<br>david.yohai@weil.com<br>david.yolkut@weil.com<br><br>Bambo Obaro<br>Weil, Gosthal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065-1175<br>Tel: 650-802-3000<br>Fax: 650-802-3100<br>Email: bambo.obaro@weil.com<br><br>*Counsel for Panasonic Corporation;<br>Panasonic Corporation of North America;<br>and MT Picture Display Co.* |
| Joel S. Sanders<br>Rachel S. Brass<br>Christine A. Fujita<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Tel: 415-393-8200 | William Temko<br>Jonathan Altman<br>Hojoon Hwang<br>Laura Lin<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 |

1
**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Fax: 415-393-8206<br>Email: jsanders@gibsondunn.com<br>rbrass@gibsondunn.com<br>cfujita@gibsondunn.com<br><br>*Counsel for Chunghwa Picture Tubes, Ltd. And Chunghwa Picture Tubes (Malaysia)* | Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077<br>Email: william.temko@mto.com<br>jonathan.altman@mto.com<br>hojoon.hwang@mto.com<br>laura.lin@mto.com<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |
| Terrence A. Callan<br>(terrence.callan@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* | Joseph R. Tiffany<br>(joseph.tiffany@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>2475 Hanover Street<br>Palo Alto, CA 94303-1114<br>Tel: (650) 233-4500<br>Fax: (650) 233-4545<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |
| John M. Taladay<br>Erik Koons<br>Charles Malaise<br>Baker Botts L.L.P.<br>1299 Pensylvania Avenue, N.W.<br>Washington, DC 20004-2400<br>Tel: 202-639-7700<br>Fax: 202-639-7890<br>Email: john.taladay@bakerbotts.com<br>erik.koons@bakerbotts.com<br>charles.mailaise@bakerbotts.com<br><br>Jon V. Swenson<br>Baker Botts L.L.P.<br>620 Hansen Way<br>Palo Alto, CA 94304<br>Tel: 650-739-7500<br>Fax: 650-739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>*Counsel for Koninklijke Philips Electronics* | James Mutchnik<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>312-862-2000<br>Email: james.mutchnik@kirkland.com<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |

2
**CERTIFICATE OF SERVICE**

| *N.V. and Philips Electronics North America Corporation* | |
|---|---|
| Christopher M. Curran<br>Lucius B. Lau<br>Charise Naifeh<br>Dana Foster<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br>Email: ccurran@whitecase.com<br>alau@whitecase.com<br>cnaifeh@whitecase.com<br>dfoster@whitecase.com<br><br>*Counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* | Christine A. Laciak<br>(christine.laciak@freshfields.com)<br>Kate S. McMillan<br>(kate.mcmillan@freshfields.com)<br>FRESHFIELDS BRUCKHAUS & DERINGER US, LLP<br>701 Pennsylvania Avenue, NW, Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* |
| Jeremy J. Calsyn (jcalsyn@cgsh.com)<br>Michael R. Lazerwitz (mlazerwitz@cgsh.com)<br>CLEARY GOTTLIEB STEEN & HAMILTON, LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays International* | William Diaz (wdiaz@mwe.com)<br>McDERMOTT WILL & EMERY LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108<br>Telephone: (949) 851-0633<br>Facsimile: (949) 851-9348<br><br>*Attorneys for Defendant Samtel Color, Ltd.* |
| Eliot A. Adelson<br>James Maxwell Cooper<br>Kirkland & Ellis LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Tel: 415-439-1400<br>Fax: 415-439-1500<br>Email: eliot.adelson@kirkland.com<br>max.cooper@kirkland.com | Kathy L. Osborn<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Facsimile: 317-237-1000<br>Email: kathy.osborn@faegrebd.com<br><br>*Counsel for Defendants Technicolor SA (f/k/a Thomson S.A.) and Technicolor USA, Inc.* |

3
**CERTIFICATE OF SERVICE**

| | |
|---|---|
| James H. Mutchnik<br>Kate Wheaton<br>Kirkland & Ellis LLP<br>300 North LaSalle Chicago, IL 60654<br>Tel: 312-862-2000<br>Fax: 312-862-2200<br>Email: james.mutchnik@kirkland.com<br>kate.wheaton@kirkland.com<br><br>*Counsel for Hitachi, Ltd.; Hitachi Displays, Ltd., Hitachi America, Ltd.; Hitachi Asia, Ltd." and Hitachi Electronic Devices (USA)* | *(f/k/a Thomson Consumer Electronics, Inc.)* |
| Brent Caslin<br>Jenner & Block LLP<br>633 West 5th Street<br>Suite 3500<br>Los Angeles, CA 90071<br>213-239-5100<br>Fax: 213-239-5199<br>Email: bcaslin@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric Corporation and Mitsubishi Electric & Visual Solutions America, Inc.* | Terrence J. Truax<br>Jenner & Block LLP<br>353 N Clark Street<br>Chicago, IL 60654-3456<br>312-222-9350<br>Fax: 312-527-0484<br>Email: ttruax@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric Corporation and Mitsubishi Electric & Visual Solutions America, Inc.* |
| Mark C. Dosker<br>Nathan Lane, III<br>Squire Sanders LLP<br>275 Battery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-954-0200<br>Fax: 415-393-9887<br>Email: mark.dosker@squiresanders.com<br>nathan.lane@squiresanders.com<br><br>*Counsel for Technologies Displays Americas LLC and Videocon Industries, Ltd.* | Calvin L. Litsey<br>Kathy L. Osborn<br>Jeffrey S. Roberts<br>Stephen M. Judge<br>Ryan M. Hurley<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo, CA 94303-2279<br>Tel: 650-324-6700<br>Fax: 650-324-6701<br>Email: calvin.litsey@faegrebd.com<br>kathy.osborn@faegrebd.com<br>jeffrey.roberts@faegebd.com<br>stephen.judge@faegrebd.com<br>ryan.hurley@faegrebd.com<br><br>*Counsel for Technicolor SA and Technicolor USA, Inc.* |

4

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| James L. McGinnis<br>Michael W. Scarborough<br>Dylan Ballard<br>Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Tel: 415-434-9100<br>Fax: 415-434-3947<br>Email: jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com<br>dballard@sheppardmullin.com<br><br>*Counsel for Samsung SDI Co., Ltd.;*<br>*Samsung SDI America, Inc.; SDI Mexico S.A.*<br>*de C.V.; Samsung SDI Brasil Ltda.;*<br>*Shenzhen Samsung SDI Co., Ltd.; Tianjin*<br>*Samsung SDI Co., Ltd.; and Samsung SDI*<br>*(Malaysia) Sdn. Bhd.* | Emilio Varanini<br>Attorney General's Office<br>State of California<br>Department of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel: 415-703-5908<br>Fax: 415-703-5480<br>Email: Emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* |
| Jason C. Murray<br>Robert B. McNary<br>CROWELL & MORNING LLP<br>515 South Flower St., 40th Fl.<br>Los Angeles, CA 90071<br>Tel: 213-443-5582<br>Fax: 213-622-2690<br>Email: jmurray@crowell.com<br>rmcnary@crowell.com<br><br>Jerome A. Murphy (*pro hac vice*)<br>Astor H.L. Heaven (*pro hac vice*)<br>CROWELL & MORNING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Tel: 202-624-2500<br>Fax: 202-628-5116<br>Email: jmurphy@crowell.com<br>aheaven@crowell.com<br><br>*Counsel for Target Corporation and ViewSonic*<br>*Corporation* | Roman M. Silverfeld<br>Bernice Conn<br>David Martinez<br>Jill S. Casselman<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br>Tel: 310-552-0130<br>Fax: 310-229-5800<br>Email: rmsilberfeld@rkmc.com<br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laure E. Nelson<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>800 LaSalle Avenue<br>2800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Tel: 612-349-8500<br>Fax: 612-339-4181<br>Email: eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| | *Counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>BOIES, SCHILLER & FLEXNER LLP<br>30 South Pearl Street, 11th Fl.<br>Albany, NY 12207<br>Tel: 518-434-0600<br>Fax: 518-434-0665<br>Email: piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave., NW, Suite 800<br>Washington, D.C. 20015<br>Tel: 202-237-2727<br>Fax: 202-237-6161<br>Email: wisaacson@bsfllp.com<br><br>Stuart Singer<br>BOIS, SCHILLER & FLEXNER LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Tel: 954-356-0011<br>Fax: 954-356-0022<br>Email: ssinger@bsfllp.com<br><br>*Liason Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC and behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.* | Robert W. Turken<br>Scott N. Wagner<br>Mitchell E. Widom<br>BILZIN SUMBERG MAENA PRICE & AXELROD LLP<br>1450 Brickell Ave., Suite 2300<br>Miami, FL 33131-3456<br>Tel: 305-374-7580<br>Fax: 305-374-7593<br>Email: rturken@bilzin.com<br>swagner@bilzin.com<br>mwidom@bilzin.com<br><br>*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| David J. Burman (*pro hac vice*)<br>Cori G. Moore (*pro hac vice*)<br>Eric J. Weiss (*pro hac vice*)<br>Nicholas H. Hesterberg (*pro hac vice*)<br>Steven D. Merriman (*pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>Email: DBurman@perkinscoie.com<br>CGMoore@perkinscoie.com<br>EWeiss@perkinscoie.com<br>NHesterberg@perkinscoie.com<br>SMerriman@perkinscoie.com<br><br>Joren Bass<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Tel: 415-344-7120<br>Fax: 415-344-7320<br>Email: JBass@perkinscoie.com<br><br>*Counsel for Plaintiff Costco Wholesale Corporation* | Michael P. Kenny<br>Debra D. Bernstein<br>Matthew D. Kent<br>ALSTON & BIRD LLP<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309-3424<br>Tel: 404-881-7000<br>Fax: 404-881-7777<br>Email: mike.kenny@alston.com<br>debra.bernstein@alston.com<br>matthew.kent@alston.com<br>James M. Wagstaffe<br>KERR & WAGSTAFFE LLP<br>100 Spear Street, 18th Fl.<br>San Francisco, CA 94105-1576<br>Tel: 415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Counsel for Plaintiffs Dell Inc. and Dell Products L.P.* |
| Richard Alan Arnold<br>William J. Blechman<br>Kevin J. Murray<br>KENNY NACHWALTER, P.A.<br>201 S. Biscayne Blvd., Ste. 1100<br>Miami, FL 33131<br>Tel: 305-373-1000<br>Fax: 305-372-1861<br>Email: rarnold@knpa.com<br>wblechman@knpa.com<br>kmurray@knpa.com<br><br>*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.* | H. Lee Godfrey<br>Kenneth S. Marks<br>Jonathan J. Ross<br>Johnny W. Carter<br>David M. Peterson<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Ste. 5100<br>Houston, TX 77002<br>Tel: 713-651-9366<br>Fax: 713-651-6666<br>Email: lgodfrey@susmangodfrey.com<br>kmarks@susmangodfrey.com<br>jross@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br><br>Parker C. Folse III<br>Rachel S. Black<br>Jordan Connors<br>SUSMAN GODFREY L.L.P. |

7
**CERTIFICATE OF SERVICE**

| | 1201 Third Avenue, Suite 3800 |
|---|---|
| | Seattle Washington 98101-3000 |
| | Tel: 206-516-3880 |
| | Fax: 206-516-3883 |
| | Email: pfolse@susmangodfrey.com |
| | rblack@susmangodfrey.com |
| | jconnors@susmangodfrey.com |
| | |
| | *Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* |
| Guido Saveri | |
| R. Alexander Saveri | |
| Saveri & Saveri, Inc. | |
| 706 Sansome Street | |
| San Francisco, CA 94111 | |
| Tel: 415-217-6810 | |
| Fax: 415-217-6813 | |
| Email: guido@saveri.com | |
| rick@saveri.com | |
| | |
| *Interim Lead Counsel for Direct Purchaser Plaintiffs* | |

Executed this 1st day of August, 2014, in San Francisco, California.

/s/ *Vanessa Buffington*
Vanessa Buffington

8
**CERTIFICATE OF SERVICE**

Defendants' Attachment 4

1   Mario N. Alioto, Esq. (56433)
    Lauren C. Russell, Esq. (241151)
2   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
    2280 Union Street
3   San Francisco, CA  94123
    Telephone:      (415) 563-7200
4   Facsimile:      (415) 346-0679
    malioto@tatp.com
5   laurenrussell@tatp.com

6   *Lead Counsel for the Indirect Purchaser Plaintiffs*

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11
    **IN RE:  CATHODE RAY TUBE (CRT)**          Master File No. CV-07-5944 SC
12  **ANTITRUST LITIGATION**                    MDL No. 1917

13
    This Document Relates To:                   **INDIRECT PURCHASER PLAINTIFFS'**
14                                              **FOURTH SET OF REQUESTS FOR**
    ALL INDIRECT PURCHASER ACTIONS              **PRODUCTION OF DOCUMENTS TO**
15                                              **PANASONIC DEFENDANTS**

16

17

18  **PROPOUNDING PARTY**:  Indirect Purchaser Plaintiffs

19  **RESPONDING PARTY**:       Panasonic Corporation (f/k/a Matsushita Electric Industrial Co.,
                                Ltd.); Panasonic Corporation of North America; MT Picture
20                              Display Co., Ltd.

21  **SET NUMBER:**             Fourth (4)

22          Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Indirect

23  Purchaser Plaintiffs ("Plaintiffs") hereby request that  Panasonic Corporation (f/k/a Matsushita

24  Electric Industrial Co., Ltd.), Panasonic Corporation of North America and MT Picture Display

25  Co., Ltd. (collectively, "Panasonic") respond to the following requests for production of

26  documents ("Requests"), and produce the documents specified herein, at a location agreed upon

27  by counsel, within thirty (30) days from the date Panasonic receives these Requests.

28

                                            1
    INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PANASONIC
                                          DEFENDANTS

## **DEFINITIONS**

As used herein, the following items have the meaning indicated below:

1.     "You" and "your" mean Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.) and Panasonic Corporation of North America, their present or former members, officers, agents, employees, and all other persons acting or purporting to act on their behalf, including all present or former members, officers, agents, employees, and all other persons exercising or purporting to exercise discretion, making policy, and making decisions.

2.     The words "all," "any," and "each" mean "each and every."

3.     The words "and" and "or" are both conjunctive and disjunctive as necessary.

4.     The word "including" is used to illustrate only, and should not be construed as limiting in any way.

5.     "Document" shall include all documents and electronically stored information ("ESI") as defined in Federal Rules of Civil Procedure 34(a).  A draft or non-identified copy is a separate document within the meaning of this term.

6.     "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of any Panasonic subsidiary, affiliate, joint venture or other related entity.

7.     "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

8.     "MTPD" shall refer to MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.), a joint venture between Panasonic Corporation and Toshiba Corporation, established in April, 2003.

9.     "BMCC" shall refer to Beijing-Matsushita Color CRT Company, Ltd.

10.     "Governmental Antitrust Authority" means any governmental authority, foreign or domestic, responsible for investigating and/or prosecuting antitrust violations.

11.     Unless otherwise stated, the "Relevant Time Period" shall mean the period beginning March 1, 1995 and continuing through the present.

**<u>INSTRUCTIONS</u>**

1.      These Requests seek all responsive documents created or generated during the Relevant Time Period, as well as responsive documents created or generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

2.      To the extent documents or ESI to any of these Requests have already been produced to Plaintiffs, there is no need to produce those documents a second time.  Instead, please provide the Bates numbers of any responsive documents already produced.

3.      These Requests call for the production of all responsive documents and ESI in your possession, custody or control without regard to the physical location of such documents.

4.      In producing documents, ESI and other materials, you must furnish all documents, ESI or things in your possession, custody or control, regardless of whether such documents, ESI or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

5.      In producing documents and ESI, you must produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

6.      Pursuant to Federal Rule of Civil Procedure 34(b), documents shall be produced as they are kept in the usual course of business and shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.  These Requests include Plaintiffs' request to physically inspect any file drawer, filing cabinet or any other storage device where documents responsive to these requests are maintained at the time of the inspection of such documents.

7.      Documents attached to each other should not be separated.  If any portion of any document is responsive to any portion of the Requests, then the entire document must be produced.

INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PANASONIC DEFENDANTS

8.      All documents produced should be numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the document.

9.      Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found (*i.e.*, the document custodian) and the business address of each document custodian.

10.     Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), you must produce any ESI in its native format.  If ESI in its native format can only be accessed by proprietary or legacy software, you shall provide all information and software necessary to access the ESI.

11.     If any responsive document was, but no longer is, in the possession of or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of.

12.     In each instance in which a document once existed and subsequently is lost, missing, destroyed or otherwise disposed of, explain the circumstances surrounding the disposition of the document, including but not limited, to:

      a.      the identity of the person or entity who last possessed the document;

      b.      the date or approximate date of such disposition; and

      c.      the identity of all persons who have or had knowledge of the document's contents.

13.     In the event that you object to any Request on the ground of privilege or attorney work product, a statement shall be provided as to each document which includes:

      a.      the name of the document author;

      b.      the name of the document's recipient;

      c.      the names of the persons to whom copies were sent;

      d.      the job title of every individual named in (a), (b), and (c) above;

      e.      the date the document was created, sent, or received;

      f.      the location of the document;

      g.      the custodian of the document;

4

h.      a brief description of the nature and subject matter of the document; and

i.      a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h) and (i) above are furnished.  A log itemizing each of these documents and this corresponding information that forms the basis for your objection on privilege or work product grounds shall be served contemporaneously with your responses to these document requests.

14.     Each document should be produced in its entirety and without deletion, redaction or excisions, except as provided by Instruction 12 above, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these Requests.  If you have redacted any portion of a document, stamp the word "REDACTED" beside the redacted information on each page of the document which you have redacted.  Any redactions to such documents produced should be identified in accordance with Instruction 12 above.

15.     The following Requests are continuing in nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedure so as to require the prompt production of supplemental or additional responsive documents when you become aware of such, up to and including the time of trial.

**DOCUMENT TO BE PRODUCED**

**REQUEST NO. 48**

All documents reflecting discussions which led to the formation of (A) MTPD; and (B) BMCC.

**REQUEST NO. 49**

All documents reflecting discussions regarding the decisions to shut down worldwide CRT manufacturing facilities between 2003 and the present, for the following entities:

i.      MTPD; and

ii.     BMCC.

5

**REQUEST NO. 50**

All documents relating to discussions regarding Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007.

**REQUEST NO. 51**

All documents relating to your due diligence regarding Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007.

**REQUEST NO. 52**

All documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that (i) MTPD; and (ii) BMCC received from you between 2003 and 2009.

**REQUEST NO. 53**

All MTPD's documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that (i) MTPD; and (ii) BMCC received from you between 2003 and 2009.

**REQUEST NO. 54**

All documents relating to payments of dividends or other profits paid by (i) MTPD; and (ii) BMCC to you between 2003 and 2009.

**REQUEST NO. 55**

All business plans, reports, and forecasts prepared by (i) MTPD; and (ii) BMCC from 2003 to 2009 which were submitted to you, including but not limited to those used for the monthly business unit meetings conducted at PAVC.  *See* Tobinaga 30(b)(6) Tr. 22:25-28:12.

**REQUEST NO. 56**

All business plans, reports, and forecasts prepared by (i) MTPD; and (ii) BMCC from 2003 to 2009 which were submitted to you, including but not limited to those used to create your three-year business plans.   *See* Nakano 30(b)(6) Tr. 87:13-89:2; Tobinaga 30(b)(6) Tr. 160:9-161:2.

**REQUEST NO. 57**

All documents relating to the rules and policies of any board or committee governing (i) MTPD; and (ii) BMCC from 2003 to 2009.

1    **REQUEST NO. 58**

2    All documents relating to your assistance or participation in the procurement of any loans or other

3    capital from third parties during the Relevant Time Period including, without limitations, any

4    guarantees you made, for the following entities:

5       i.    MTPD; and/or

6      ii.    BMCC.

7    **REQUEST NO. 59**

8            All documents relating to the pricing or prices of CRTs you purchased from (i) MTPD;

9    and (ii) BMCC during the Relevant Time Period including, without limitations, any pricing

10   negotiations, price lists, and any agreements by you to pay in advance for the delivery of CRTs

11   you bought.

12   **REQUEST NO. 60**

13           All documents relating to insurance policies covering (i) MTPD; and (ii) BMCC and/or

14   their respective employee(s) including, without limitations, documents relating to the payment of

15   those insurance premiums.

16   **REQUEST NO. 61**

17           All documents relating to or constituting any periodic reports provided by (i) MTPD; and

18   (ii) BMCC to you.

19   **REQUEST NO. 62**

20           All documents relating to or constituting statements to any Governmental Antitrust

21   Authority relating to CRTs by any employees of the following entities:

22      i.    You;

23     ii.    MTPD; and

24    iii.    BMCC.

25   **REQUEST NO. 63**

26           All documents relating to or constituting statements to any Governmental Antitrust

27   Authority relating to CRTs by any employee of any Defendant.

28   **REQUEST NO. 64**

1      All documents from 2000 to 2003 concerning your analyses of LP Displays International,

2   Ltd. (f/k/a LG.Philips Displays)'s business model and your information exchange with LP

3   Displays regarding the formation of MTPD.

4   Dated: August 1, 2014              By:      /s/ Mario N. Alioto

5                                              Mario N. Alioto, Esq. (56433)
                                               Lauren C. Russell, Esq. (241151)
6                                              TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
                                               2280 Union Street
7                                              San Francisco, CA  94123
                                               Telephone:      (415) 563-7200
8                                              Facsimile:      (415) 346-0679
                                               malioto@tatp.com
9                                              laurenrussell@tatp.com

10                                             *Lead Counsel for the Indirect Purchaser Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PANASONIC
DEFENDANTS

<u>**CERTIFICATE OF SERVICE**</u>

I, Vanessa Buffington, declare that I am employed with the law firm of Trump, Alioto, Trump & Prescott LLP, whose address is 2280 Union Street, San Francisco, California 94123.  I am over the age of eighteen years and not a party to the within-entitled action.  On August 1, 2014, I caused a copy of the following documents to be served:

**INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PANASONIC DEFENDANTS**

via electronic mail to the parties below:

| | |
|---|---|
| Jeffrey L. Kessler<br>A. Paul Victor<br>Eva W. Cole<br>Molly M. Donovan<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: 212-294-4692<br>Fax: 212-294-4700<br>Email: jkessler@winston.com<br>pvictor@winston.com<br>ewcole@winston.com<br>mmdonovan@winston.com<br><br>*Counsel for Panasonic Corporation;<br>Panasonic Corporation of North America; and<br>MT Picture Display Co., Ltd.* | Steven A. Reiss<br>David L. Yohai<br>David Yolkut<br>Weil, Gosthal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212-310-8000<br>Fax: 212-310-8007<br>Email: steven.reiss@weil.com<br>david.yohai@weil.com<br>david.yolkut@weil.com<br><br>Bambo Obaro<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065-1175<br>Tel: 650-802-3000<br>Fax: 650-802-3100<br>Email: bambo.obaro@weil.com<br><br>*Counsel for Panasonic Corporation;<br>Panasonic Corporation of North America;<br>and MT Picture Display Co.* |
| Joel S. Sanders<br>Rachel S. Brass<br>Christine A. Fujita<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Tel: 415-393-8200 | William Temko<br>Jonathan Altman<br>Hojoon Hwang<br>Laura Lin<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 |

| | |
|---|---|
| Fax: 415-393-8206<br>Email: jsanders@gibsondunn.com<br>rbrass@gibsondunn.com<br>cfujita@gibsondunn.com<br><br>*Counsel for Chunghwa Picture Tubes, Ltd. And Chunghwa Picture Tubes (Malaysia)* | Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077<br>Email: william.temko@mto.com<br>jonathan.altman@mto.com<br>hojoon.hwang@mto.com<br>laura.lin@mto.com<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |
| Terrence A. Callan<br>(terrence.callan@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* | Joseph R. Tiffany<br>(joseph.tiffany@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>2475 Hanover Street<br>Palo Alto, CA 94303-1114<br>Tel: (650) 233-4500<br>Fax: (650) 233-4545<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |
| John M. Taladay<br>Erik Koons<br>Charles Malaise<br>Baker Botts L.L.P.<br>1299 Pensylvania Avenue, N.W.<br>Washington, DC 20004-2400<br>Tel: 202-639-7700<br>Fax: 202-639-7890<br>Email: john.taladay@bakerbotts.com<br>erik.koons@bakerbotts.com<br>charles.mailaise@bakerbotts.com<br><br>Jon V. Swenson<br>Baker Botts L.L.P.<br>620 Hansen Way<br>Palo Alto, CA 94304<br>Tel: 650-739-7500<br>Fax: 650-739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>*Counsel for Koninklijke Philips Electronics* | James Mutchnik<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>312-862-2000<br>Email: james.mutchnik@kirkland.com<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |

2

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| *N.V. and Philips Electronics North America Corporation* | |
| Christopher M. Curran<br>Lucius B. Lau<br>Charise Naifeh<br>Dana Foster<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br>Email: ccurran@whitecase.com<br>alau@whitecase.com<br>cnaifeh@whitecase.com<br>dfoster@whitecase.com<br><br>*Counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* | Christine A. Laciak<br>(christine.laciak@freshfields.com)<br>Kate S. McMillan<br>(kate.mcmillan@freshfields.com)<br>FRESHFIELDS BRUCKHAUS &<br>DERINGER US, LLP<br>701 Pennsylvania Avenue, NW, Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* |
| Jeremy J. Calsyn (jcalsyn@cgsh.com)<br>Michael R. Lazerwitz (mlazerwitz@cgsh.com)<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON, LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays International* | William Diaz (wdiaz@mwe.com)<br>McDERMOTT WILL & EMERY LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108<br>Telephone: (949) 851-0633<br>Facsimile: (949) 851-9348<br><br>*Attorneys for Defendant Samtel Color, Ltd.* |
| Eliot A. Adelson<br>James Maxwell Cooper<br>Kirkland & Ellis LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Tel: 415-439-1400<br>Fax: 415-439-1500<br>Email: eliot.adelson@kirkland.com<br>max.cooper@kirkland.com | Kathy L. Osborn<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Facsimile: 317-237-1000<br>Email: kathy.osborn@faegrebd.com<br><br>*Counsel for Defendants Technicolor SA (f/k/a Thomson S.A.) and Technicolor USA, Inc.* |

3
**CERTIFICATE OF SERVICE**

| | |
|---|---|
| James H. Mutchnik<br>Kate Wheaton<br>Kirkland & Ellis LLP<br>300 North LaSalle Chicago, IL 60654<br>Tel: 312-862-2000<br>Fax: 312-862-2200<br>Email: james.mutchnik@kirkland.com<br>kate.wheaton@kirkland.com<br><br>*Counsel for Hitachi, Ltd.; Hitachi Displays, Ltd., Hitachi America, Ltd.; Hitachi Asia, Ltd." and Hitachi Electronic Devices (USA)* | *(f/k/a Thomson Consumer Electronics, Inc.)* |
| Brent Caslin<br>Jenner & Block LLP<br>633 West 5th Street<br>Suite 3500<br>Los Angeles, CA 90071<br>213-239-5100<br>Fax: 213-239-5199<br>Email: bcaslin@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric Corporation and Mitsubishi Electric & Visual Solutions America, Inc.* | Terrence J. Truax<br>Jenner & Block LLP<br>353 N Clark Street<br>Chicago, IL 60654-3456<br>312-222-9350<br>Fax: 312-527-0484<br>Email: ttruax@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric Corporation and Mitsubishi Electric & Visual Solutions America, Inc.* |
| Mark C. Dosker<br>Nathan Lane, III<br>Squire Sanders LLP<br>275 Battery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-954-0200<br>Fax: 415-393-9887<br>Email: mark.dosker@squiresanders.com<br>nathan.lane@squiresanders.com<br><br>*Counsel for Technologies Displays Americas LLC and Videocon Industries, Ltd.* | Calvin L. Litsey<br>Kathy L. Osborn<br>Jeffrey S. Roberts<br>Stephen M. Judge<br>Ryan M. Hurley<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo, CA 94303-2279<br>Tel: 650-324-6700<br>Fax: 650-324-6701<br>Email: calvin.litsey@faegrebd.com<br>kathy.osborn@faegrebd.com<br>jeffrey.roberts@faegebd.com<br>stephen.judge@faegrebd.com<br>ryan.hurley@faegrebd.com<br><br>*Counsel for Technicolor SA and Technicolor USA, Inc.* |

4
**CERTIFICATE OF SERVICE**

| | |
|---|---|
| James L. McGinnis<br>Michael W. Scarborough<br>Dylan Ballard<br>Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Tel: 415-434-9100<br>Fax: 415-434-3947<br>Email: jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com<br>dballard@sheppardmullin.com<br><br>*Counsel for Samsung SDI Co., Ltd.;*<br>*Samsung SDI America, Inc.; SDI Mexico S.A.*<br>*de C.V.; Samsung SDI Brasil Ltda.;*<br>*Shenzhen Samsung SDI Co., Ltd.; Tianjin*<br>*Samsung SDI Co., Ltd.; and Samsung SDI*<br>*(Malaysia) Sdn. Bhd.* | Emilio Varanini<br>Attorney General's Office<br>State of California<br>Department of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel: 415-703-5908<br>Fax: 415-703-5480<br>Email: Emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* |
| Jason C. Murray<br>Robert B. McNary<br>CROWELL & MORNING LLP<br>515 South Flower St., 40th Fl.<br>Los Angeles, CA 90071<br>Tel: 213-443-5582<br>Fax: 213-622-2690<br>Email: jmurray@crowell.com<br>rmcnary@crowell.com<br><br>Jerome A. Murphy (*pro hac vice*)<br>Astor H.L. Heaven (*pro hac vice*)<br>CROWELL & MORNING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Tel: 202-624-2500<br>Fax: 202-628-5116<br>Email: jmurphy@crowell.com<br>aheaven@crowell.com<br><br>*Counsel for Target Corporation and ViewSonic*<br>*Corporation* | Roman M. Silverfeld<br>Bernice Conn<br>David Martinez<br>Jill S. Casselman<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br>Tel: 310-552-0130<br>Fax: 310-229-5800<br>Email: rmsilberfeld@rkmc.com<br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laure E. Nelson<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>800 LaSalle Avenue<br>2800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Tel: 612-349-8500<br>Fax: 612-339-4181<br>Email: eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com |

**CERTIFICATE OF SERVICE**

|  | *Counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC* |
|---|---|
| Philip J. Iovieno<br>Anne M. Nardacci<br>BOIES, SCHILLER & FLEXNER LLP<br>30 South Pearl Street, 11th Fl.<br>Albany, NY 12207<br>Tel: 518-434-0600<br>Fax: 518-434-0665<br>Email: piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave., NW, Suite 800<br>Washington, D.C. 20015<br>Tel: 202-237-2727<br>Fax: 202-237-6161<br>Email: wisaacson@bsfllp.com<br><br>Stuart Singer<br>BOIS, SCHILLER & FLEXNER LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Tel: 954-356-0011<br>Fax: 954-356-0022<br>Email: ssinger@bsfllp.com<br><br>*Liason Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC and behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.* | Robert W. Turken<br>Scott N. Wagner<br>Mitchell E. Widom<br>BILZIN SUMBERG MAENA PRICE & AXELROD LLP<br>1450 Brickell Ave., Suite 2300<br>Miami, FL 33131-3456<br>Tel: 305-374-7580<br>Fax: 305-374-7593<br>Email: rturken@bilzin.com<br>swagner@bilzin.com<br>mwidom@bilzin.com<br><br>*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| David J. Burman (*pro hac vice*)<br>Cori G. Moore (*pro hac vice*)<br>Eric J. Weiss (*pro hac vice*)<br>Nicholas H. Hesterberg (*pro hac vice*)<br>Steven D. Merriman (*pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>Email: DBurman@perkinscoie.com<br>CGMoore@perkinscoie.com<br>EWeiss@perkinscoie.com<br>NHesterberg@perkinscoie.com<br>SMerriman@perkinscoie.com<br><br>Joren Bass<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Tel: 415-344-7120<br>Fax: 415-344-7320<br>Email: JBass@perkinscoie.com<br><br>*Counsel for Plaintiff Costco Wholesale Corporation* | Michael P. Kenny<br>Debra D. Bernstein<br>Matthew D. Kent<br>ALSTON & BIRD LLP<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309-3424<br>Tel: 404-881-7000<br>Fax: 404-881-7777<br>Email: mike.kenny@alston.com<br>debra.bernstein@alston.com<br>matthew.kent@alston.com<br>James M. Wagstaffe<br>KERR & WAGSTAFFE LLP<br>100 Spear Street, 18th Fl.<br>San Francisco, CA 94105-1576<br>Tel: 415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Counsel for Plaintiffs Dell Inc. and Dell Products L.P.* |
| Richard Alan Arnold<br>William J. Blechman<br>Kevin J. Murray<br>KENNY NACHWALTER, P.A.<br>201 S. Biscayne Blvd., Ste. 1100<br>Miami, FL 33131<br>Tel: 305-373-1000<br>Fax: 305-372-1861<br>Email: rarnold@knpa.com<br>wblechman@knpa.com<br>kmurray@knpa.com<br><br>*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.* | H. Lee Godfrey<br>Kenneth S. Marks<br>Jonathan J. Ross<br>Johnny W. Carter<br>David M. Peterson<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Ste. 5100<br>Houston, TX 77002<br>Tel: 713-651-9366<br>Fax: 713-651-6666<br>Email: lgodfrey@susmangodfrey.com<br>kmarks@susmangodfrey.com<br>jross@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br><br>Parker C. Folse III<br>Rachel S. Black<br>Jordan Connors<br>SUSMAN GODFREY L.L.P. |

7

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| | 1201 Third Avenue, Suite 3800<br>Seattle Washington 98101-3000<br>Tel: 206-516-3880<br>Fax: 206-516-3883<br>Email: pfolse@susmangodfrey.com<br>rblack@susmangodfrey.com<br>jconnors@susmangodfrey.com<br><br>*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* |
| Guido Saveri<br>R. Alexander Saveri<br>Saveri & Saveri, Inc.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: 415-217-6810<br>Fax: 415-217-6813<br>Email: guido@saveri.com<br>rick@saveri.com<br><br>*Interim Lead Counsel for Direct Purchaser Plaintiffs* | |

Executed this 1st day of August, 2014, in San Francisco, California.

/s/ *Vanessa Buffington*
Vanessa Buffington

8

**CERTIFICATE OF SERVICE**

Defendants' Attachment 7

1   Mario N. Alioto, Esq. (56433)
    Lauren C. Russell, Esq. (241151)
2   TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
    2280 Union Street
3   San Francisco, CA  94123
    Telephone:      (415) 563-7200
4   Facsimile:      (415) 346-0679
    malioto@tatp.com
5   laurenrussell@tatp.com

6   *Lead Counsel for the Indirect Purchaser Plaintiffs*

7

8

9               **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11               **SAN FRANCISCO DIVISION**

12  **IN RE:  CATHODE RAY TUBE (CRT)**          Master File No. CV-07-5944 SC
    **ANTITRUST LITIGATION**                   MDL No. 1917
13

14  This Document Relates To:                  **INDIRECT PURCHASER PLAINTIFFS'**
                                               **FIRST SET OF INTERROGATORIES**
15  ALL INDIRECT PURCHASER ACTIONS             **TO TOSHIBA DEFENDANTS**

16

17

18  **PROPOUNDING PARTY**:  Indirect Purchaser Plaintiffs

19  **RESPONDING PARTY**:        Toshiba Corporation, Toshiba America Inc., Toshiba America
                                 Consumer Products, LLC, Toshiba America Electronic Components,
20                               Inc., and Toshiba America Information Systems, Inc.

21  **SET NUMBER:**           One (1)

22          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Indirect

23  Purchaser Plaintiffs ("Plaintiffs") hereby request that Toshiba Corporation, Toshiba America Inc.,

24  Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and

25  Toshiba America Information Systems, Inc. (collectively, "Toshiba") provide written response to

26  the following interrogatories below within thirty (30) days from the date Toshiba receives these

27  Interrogatories.

28

## **DEFINITIONS**

As used herein, the following items have the meaning indicated below:

1.     "You" and "your" mean Toshiba Corporation, Toshiba America Inc., Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc., their present or former members, officers, agents, employees, and all other persons acting or purporting to act on their behalf, including all present or former members, officers, agents, employees, and all other persons exercising or purporting to exercise discretion, making policy, and making decisions.

2.     The words "all," "any," and "each" mean "each and every."

3.     The words "and" and "or" are both conjunctive and disjunctive as necessary.

4.     The word "including" is used to illustrate only, and should not be construed as limiting in any way.

5.     "Subsidiary," "affiliate" and "joint venture" refers to any entity or person in which you have (or had) any financial or ownership interest.

6.     "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of any Toshiba subsidiary, affiliate, joint venture or other related entity.

7.     "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

8.     "MTPD" shall refer to MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.), a joint venture between Panasonic Corporation and Toshiba Corporation, established in April, 2003.

9.     Unless otherwise stated, the "Relevant Time Period" shall mean the period beginning March 1, 1995 and continuing through the present.

10.     "Identity" means that person's name, job title, employer, and the present business address of that individual.

## **INSTRUCTIONS**

1.      When asked to identify a natural person, state the person's name, employer, position, dates of employment/tenure, business address for all times during the relevant period.  If any of such information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

2.      When asked to identify any entity other than a natural person, state the name, and address of the principal office or headquarters.  If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3.      If you elect to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), you shall produce the records as they are kept in the usual course of business or shall organize and label them to corresponding with the Interrogatory.  If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify to the interrogatories to which the document is responsive.  If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (*e.g.*, letter, memorandum, telegram, contract, invoice, *etc.*), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent.  For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

4.      If any answer to an Interrogatory or part thereof is withheld on a claim of privilege or constitutes attorney work product such that you will not respond to the Interrogatory, please provide a written statement describing each and every fact or basis upon which the purported privilege or claim of work product is asserted.

5.      The obligation to answer these interrogatories is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after answering these interrogatories you

1    discover additional information that will make your answers to these interrogatories more

2    complete or correct, amend your answers as soon as reasonably possible.

3                                    **INTERROGATORIES**

4    **INTERROGATORY NO. 1**

5           State the name, address, telephone number, and relationship to you of each person who

6    prepared or assisted in the preparation of the responses to these Interrogatories.  (Do not identify

7    anyone who simply typed or reproduced the responses.)

8    **INTERROGATORY NO. 2**

9           Identify separately for each year from 2003 to 2009, each of MTPD's board and

10   committees, including (a) its full name; (b) a brief description of its function; and (c) all members

11   of that board or committee.

12   **INTERROGATORY NO. 3**

13          Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers,

14   including the name of each company (including any subsidiary, affiliate, joint venture or other

15   related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his

16   or her title, business address, the division or unit of the company where such individual worked,

17   and a description of his or her responsibilities for each position or title held.

18   **INTERROGATORY NO. 4**

19          Separately for each year from 2003 to 2009, identify those employees who transferred (a)

20   from you to MTPD; and (b) from MTPD to you.  For purposes of this Interrogatory, "transferred"

21   means the change of official employment from you to MTPD or *vice versa*, the change of work

22   duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied

23   exclusively by the other entity.

24   **INTERROGATORY NO. 5**

25          List the date, nature, and amount of any payments you made from 2003 to 2009 to

26   individuals who were employed by or worked for MTPD, and describe with specificity whether

27   such payments occurred directly to the employee, through some social fund or other entity or

28   governmental program.

1   **INTERROGATORY NO. 6**

2       For every person identified in Interrogatory Nos. 2 and 3, state, for each year from 2003 to

3   2009, as applicable:

4       i.    The type or nature of any offered or accepted (a) stock option plan or other equity

5             incentive plan, (b) bonus or other discretionary periodic payment, and (c) any other

6             employee benefits; and

7       ii.   the identity of each individual or company who set, maintained, funded, or administered

8             his or her (a) payroll, (b) bonus or other discretionary periodic payment, (c) stock option

9             plan or other equity incentive plan, and (d) and any other employee benefits.

10  **INTERROGATORY NO. 7**

11      State, for each year from 2003 to 2009, the identity of each individual who approved or

12  authorized MTPD's corporate operating budget, including, without limitations, the estimates of

13  revenues, the estimates of operating and capital expenditures, and the estimates of borrowings.

14  **INTERROGATORY NO. 8**

15      State the identity of each individual who paid MTPD's attorney bills for legal services in

16  connection with the investigation of MTPD's alleged involvement in the CRT cartel by

17  government antitrust authorities in Japan, the European Union, and the United States during 2006

18  through 2012.

19  **INTERROGATORY NO. 9**

20      Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to

21  2009.

22  **INTERROGATORY NO. 10**

23      For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing

24  mechanism or decision process by which MTPD decided on the price for those sold CRTs, and

25  how it differed, if at all, from the pricing mechanism or decision process employed for non-

26  Toshiba affiliated purchasers of CRTs.

27  **INTERROGATORY NO. 11**

28      List, for each year from 2003 to 2009, the name, term and nature of every service level

1  agreement or other contract relating to professional services you entered into with MTPD

2  (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human

3  resources, accounting and sales support services).

4  **INTERROGATORY NO. 12**

5      State the date, amount and interest rate (if applicable) of each capital or equity injection,

6  loan or other financial contribution you provided to MTPD.

7  **INTERROGATORY NO. 13**

8      State the date and amount of any guarantees you made on behalf of MPTD, including the

9  third party to whom the guarantee(s) were made.

10 **INTERROGATORY NO. 14**

11      List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries,

12 coverages and insurance carrier of any directors and officers (D&O) liability insurance covering

13 board members and executives of MTPD, and identify which company (including any subsidiary,

14 affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

15 Dated: August 1, 2014          By:     */s/ Mario N. Alioto*
                                          Mario N. Alioto, Esq. (56433)
16                                        Lauren C. Russell, Esq. (241151)
                                          TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
17                                        2280 Union Street
                                          San Francisco, CA  94123
18                                        Telephone:    (415) 563-7200
                                          Facsimile:    (415) 346-0679
19                                        malioto@tatp.com
                                          laurenrussell@tatp.com
20

21                                        *Lead Counsel for the Indirect Purchaser Plaintiffs*

22

23

24

25

26

27

28

INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS

## CERTIFICATE OF SERVICE

I, Vanessa Buffington, declare that I am employed with the law firm of Trump, Alioto, Trump & Prescott LLP, whose address is 2280 Union Street, San Francisco, California 94123.  I am over the age of eighteen years and not a party to the within-entitled action.  On August 1, 2014, I caused a copy of the following documents to be served:

**INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS**

via electronic mail to the parties below:

| | |
|---|---|
| Jeffrey L. Kessler<br>A. Paul Victor<br>Eva W. Cole<br>Molly M. Donovan<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: 212-294-4692<br>Fax: 212-294-4700<br>Email: jkessler@winston.com<br>pvictor@winston.com<br>ewcole@winston.com<br>mmdonovan@winston.com<br><br>*Counsel for Panasonic Corporation;*<br>*Panasonic Corporation of North America; and*<br>*MT Picture Display Co., Ltd.* | Steven A. Reiss<br>David L. Yohai<br>David Yolkut<br>Weil, Gosthal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212-310-8000<br>Fax: 212-310-8007<br>Email: steven.reiss@weil.com<br>david.yohai@weil.com<br>david.yolkut@weil.com<br><br>Bambo Obaro<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065-1175<br>Tel: 650-802-3000<br>Fax: 650-802-3100<br>Email: bambo.obaro@weil.com<br><br>*Counsel for Panasonic Corporation;*<br>*Panasonic Corporation of North America;*<br>*and MT Picture Display Co.* |
| Joel S. Sanders<br>Rachel S. Brass<br>Christine A. Fujita<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Tel: 415-393-8200<br>Fax: 415-393-8206 | William Temko<br>Jonathan Altman<br>Hojoon Hwang<br>Laura Lin<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 512-4000 |

1

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Email: jsanders@gibsondunn.com<br>rbrass@gibsondunn.com<br>cfujita@gibsondunn.com<br><br>*Counsel for Chunghwa Picture Tubes, Ltd. And Chunghwa Picture Tubes (Malaysia)* | Facsimile: (415) 512-4077<br>Email: william.temko@mto.com<br>jonathan.altman@mto.com<br>hojoon.hwang@mto.com<br>laura.lin@mto.com<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |
| Terrence A. Callan<br>(terrence.callan@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* | Joseph R. Tiffany<br>(joseph.tiffany@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>2475 Hanover Street<br>Palo Alto, CA 94303-1114<br>Tel: (650) 233-4500<br>Fax: (650) 233-4545<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |
| John M. Taladay<br>Erik Koons<br>Charles Malaise<br>Baker Botts L.L.P.<br>1299 Pensylvania Avenue, N.W.<br>Washington, DC 20004-2400<br>Tel: 202-639-7700<br>Fax: 202-639-7890<br>Email: john.taladay@bakerbotts.com<br>erik.koons@bakerbotts.com<br>charles.mailaise@bakerbotts.com<br><br>Jon V. Swenson<br>Baker Botts L.L.P.<br>620 Hansen Way<br>Palo Alto, CA 94304<br>Tel: 650-739-7500<br>Fax: 650-739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>*Counsel for Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation* | James Mutchnik<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>312-862-2000<br>Email: james.mutchnik@kirkland.com<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |

2
**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Christopher M. Curran<br>Lucius B. Lau<br>Charise Naifeh<br>Dana Foster<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br>Email: ccurran@whitecase.com<br>alau@whitecase.com<br>cnaifeh@whitecase.com<br>dfoster@whitecase.com<br><br>*Counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* | Christine A. Laciak<br>(christine.laciak@freshfields.com)<br>Kate S. McMillan<br>(kate.mcmillan@freshfields.com)<br>FRESHFIELDS BRUCKHAUS & DERINGER US, LLP<br>701 Pennsylvania Avenue, NW, Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* |
| Jeremy J. Calsyn (jcalsyn@cgsh.com)<br>Michael R. Lazerwitz (mlazerwitz@cgsh.com)<br>CLEARY GOTTLIEB STEEN & HAMILTON, LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays International* | William Diaz (wdiaz@mwe.com)<br>McDERMOTT WILL & EMERY LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108<br>Telephone: (949) 851-0633<br>Facsimile: (949) 851-9348<br><br>*Attorneys for Defendant Samtel Color, Ltd.* |
| Eliot A. Adelson<br>James Maxwell Cooper<br>Kirkland & Ellis LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Tel: 415-439-1400<br>Fax: 415-439-1500<br>Email: eliot.adelson@kirkland.com<br>max.cooper@kirkland.com<br><br><br>James H. Mutchnik<br>Kate Wheaton | Kathy L. Osborn<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Facsimile: 317-237-1000<br>Email: kathy.osborn@faegrebd.com<br><br>*Counsel for Defendants Technicolor SA (f/k/a Thomson S.A.) and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.)* |

3

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Kirkland & Ellis LLP<br>300 North LaSalle Chicago, IL 60654<br>Tel: 312-862-2000<br>Fax: 312-862-2200<br>Email: james.mutchnik@kirkland.com<br>kate.wheaton@kirkland.com<br><br>*Counsel for Hitachi, Ltd.; Hitachi Displays,*<br>*Ltd., Hitachi America, Ltd.; Hitachi Asia, Ltd."*<br>*and Hitachi Electronic Devices (USA)* | |
| Brent Caslin<br>Jenner & Block LLP<br>633 West 5th Street<br>Suite 3500<br>Los Angeles, CA 90071<br>213-239-5100<br>Fax: 213-239-5199<br>Email: bcaslin@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric*<br>*Corporation and Mitsubishi Electric & Visual*<br>*Solutions America, Inc.* | Terrence J. Truax<br>Jenner & Block LLP<br>353 N Clark Street<br>Chicago, IL 60654-3456<br>312-222-9350<br>Fax: 312-527-0484<br>Email: ttruax@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric*<br>*Corporation and Mitsubishi Electric & Visual*<br>*Solutions America, Inc.* |
| Mark C. Dosker<br>Nathan Lane, III<br>Squire Sanders LLP<br>275 Battery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-954-0200<br>Fax: 415-393-9887<br>Email: mark.dosker@squiresanders.com<br>nathan.lane@squiresanders.com<br><br>*Counsel for Technologies Displays Americas*<br>*LLC and Videocon Industries, Ltd.* | Calvin L. Litsey<br>Kathy L. Osborn<br>Jeffrey S. Roberts<br>Stephen M. Judge<br>Ryan M. Hurley<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo, CA 94303-2279<br>Tel: 650-324-6700<br>Fax: 650-324-6701<br>Email: calvin.litsey@faegrebd.com<br>kathy.osborn@faegrebd.com<br>jeffrey.roberts@faegrebd.com<br>stephen.judge@faegrebd.com<br>ryan.hurley@faegrebd.com<br><br>*Counsel for Technicolor SA and Technicolor*<br>*USA, Inc.* |
| James L. McGinnis<br>Michael W. Scarborough<br>Dylan Ballard | Emilio Varanini<br>Attorney General's Office<br>State of California |

4

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Tel: 415-434-9100<br>Fax: 415-434-3947<br>Email: jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com<br>dballard@sheppardmullin.com<br><br>*Counsel for Samsung SDI Co., Ltd.;*<br>*Samsung SDI America, Inc.; SDI Mexico S.A.*<br>*de C.V.; Samsung SDI Brasil Ltda.;*<br>*Shenzhen Samsung SDI Co., Ltd.; Tianjin*<br>*Samsung SDI Co., Ltd.; and Samsung SDI*<br>*(Malaysia) Sdn. Bhd.* | Department of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel: 415-703-5908<br>Fax: 415-703-5480<br>Email: Emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* |
| Jason C. Murray<br>Robert B. McNary<br>CROWELL & MORNING LLP<br>515 South Flower St., 40th Fl.<br>Los Angeles, CA 90071<br>Tel: 213-443-5582<br>Fax: 213-622-2690<br>Email: jmurray@crowell.com<br>rmcnary@crowell.com<br><br>Jerome A. Murphy (*pro hac vice*)<br>Astor H.L. Heaven (*pro hac vice*)<br>CROWELL & MORNING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Tel: 202-624-2500<br>Fax: 202-628-5116<br>Email: jmurphy@crowell.com<br>aheaven@crowell.com<br><br>*Counsel for Target Corporation and ViewSonic*<br>*Corporation* | Roman M. Silverfeld<br>Bernice Conn<br>David Martinez<br>Jill S. Casselman<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br>Tel: 310-552-0130<br>Fax: 310-229-5800<br>Email: rmsilberfeld@rkmc.com<br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laure E. Nelson<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>800 LaSalle Avenue<br>2800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Tel: 612-349-8500<br>Fax: 612-339-4181<br>Email: eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com<br><br>*Counsel for Plaintiffs Best Buy Co., Inc., Best*<br>*Buy Purchasing LLC, Best Buy Enterprise* |

5

**CERTIFICATE OF SERVICE**

|  |  |
|---|---|
|  | *Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>BOIES, SCHILLER & FLEXNER LLP<br>30 South Pearl Street, 11th Fl.<br>Albany, NY 12207<br>Tel: 518-434-0600<br>Fax: 518-434-0665<br>Email: piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave., NW, Suite 800<br>Washington, D.C. 20015<br>Tel: 202-237-2727<br>Fax: 202-237-6161<br>Email: wisaacson@bsfllp.com<br><br>Stuart Singer<br>BOIS, SCHILLER & FLEXNER LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Tel: 954-356-0011<br>Fax: 954-356-0022<br>Email: ssinger@bsfllp.com<br><br>*Liason Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC and behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.* | Robert W. Turken<br>Scott N. Wagner<br>Mitchell E. Widom<br>BILZIN SUMBERG MAENA PRICE & AXELROD LLP<br>1450 Brickell Ave., Suite 2300<br>Miami, FL 33131-3456<br>Tel: 305-374-7580<br>Fax: 305-374-7593<br>Email: rturken@bilzin.com<br>swagner@bilzin.com<br>mwidom@bilzin.com<br><br>*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.* |
| David J. Burman (*pro hac vice*)<br>Cori G. Moore (*pro hac vice*)<br>Eric J. Weiss (*pro hac vice*) | Michael P. Kenny<br>Debra D. Bernstein<br>Matthew D. Kent |

6

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Nicholas H. Hesterberg (*pro hac vice*)<br>Steven D. Merriman (*pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>Email: DBurman@perkinscoie.com<br>CGMoore@perkinscoie.com<br>EWeiss@perkinscoie.com<br>NHesterberg@perkinscoie.com<br>SMerriman@perkinscoie.com<br><br>Joren Bass<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Tel: 415-344-7120<br>Fax: 415-344-7320<br>Email: JBass@perkinscoie.com<br><br>*Counsel for Plaintiff Costco Wholesale*<br>*Corporation* | ALSTON & BIRD LLP<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309-3424<br>Tel: 404-881-7000<br>Fax: 404-881-7777<br>Email: mike.kenny@alston.com<br>debra.bernstein@alston.com<br>matthew.kent@alston.com<br>James M. Wagstaffe<br>KERR & WAGSTAFFE LLP<br>100 Spear Street, 18th Fl.<br>San Francisco, CA 94105-1576<br>Tel: 415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Counsel for Plaintiffs Dell Inc. and Dell*<br>*Products L.P.* |
| Richard Alan Arnold<br>William J. Blechman<br>Kevin J. Murray<br>KENNY NACHWALTER, P.A.<br>201 S. Biscayne Blvd., Ste. 1100<br>Miami, FL 33131<br>Tel: 305-373-1000<br>Fax: 305-372-1861<br>Email: rarnold@knpa.com<br>wblechman@knpa.com<br>kmurray@knpa.com<br><br>*Counsel for Plaintiff Sears, Roebuck and Co.*<br>*and Kmart Corp.* | H. Lee Godfrey<br>Kenneth S. Marks<br>Jonathan J. Ross<br>Johnny W. Carter<br>David M. Peterson<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Ste. 5100<br>Houston, TX 77002<br>Tel: 713-651-9366<br>Fax: 713-651-6666<br>Email: lgodfrey@susmangodfrey.com<br>kmarks@susmangodfrey.com<br>jross@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br><br>Parker C. Folse III<br>Rachel S. Black<br>Jordan Connors<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle Washington 98101-3000<br>Tel: 206-516-3880 |

7

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| | Fax: 206-516-3883<br>Email: pfolse@susmangodfrey.com<br>rblack@susmangodfrey.com<br>jconnors@susmangodfrey.com<br><br>*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* |
| Guido Saveri<br>R. Alexander Saveri<br>Saveri & Saveri, Inc.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: 415-217-6810<br>Fax: 415-217-6813<br>Email: guido@saveri.com<br>rick@saveri.com<br><br>*Interim Lead Counsel for Direct Purchaser Plaintiffs* | |

Executed this 1st day of August, 2014, in San Francisco, California.

/s/ *Vanessa Buffington*
Vanessa Buffington

8
**CERTIFICATE OF SERVICE**

# Defendants'
# Attachment 6
# (Filed Under Seal)

Defendants' Attachment 9

1  JEFFREY L. KESSLER (*pro hac vice*)      DAVID L. YOHAI (*pro hac vice*)
   A. PAUL VICTOR (*pro hac vice*)          ADAM C. HEMLOCK (*pro hac vice*)
2  ALDO A. BADINI (257086)                  WEIL, GOTSHAL & MANGES LLP
   EVA W. COLE (*pro hac vice*)             767 Fifth Avenue
3  MOLLY M. DONOVAN (*pro hac vice*)        New York, NY 10153-0119
   WINSTON & STRAWN LLP                     Telephone: (212) 310-8000
4  200 Park Avenue                          Facsimile: (212) 310-8007
   New York, NY 10166-4193                  E-mail: david.yohai@weil.com
5  Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
6  E-mail: jkessler@winston.com

7

8  *Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.),*
   *Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

9

10

11                  **UNITED STATES DISTRICT COURT**

12                  **NORTHERN DISTRICT OF CALIFORNIA**

13                     **SAN FRANCISCO DIVISION**

14  In re CATHODE RAY TUBE (CRT)        |  Case No. Master File No. 3:07-cv-05944-SC
    ANTITRUST LITIGATION               |
15                                      |  MDL No. 1917
                                        |
16                                      |  Judge: Hon. Samuel Conti
    This Document Relates to:           |
17                                      |  **OBJECTIONS AND RESPONSES OF**
    ALL INDIRECT PURCHASER ACTIONS      |  **DEFENDANTS PANASONIC**
18                                      |  **CORPORATION (F/K/A MATSUSHITA**
                                        |  **ELECTRIC INDUSTRIAL CO., LTD.),**
19                                      |  **PANASONIC CORPORATION OF**
                                        |  **NORTH AMERICA, AND MT PICTURE**
20                                      |  **DISPLAY CO., LTD. TO INDIRECT**
                                        |  **PURCHASER PLAINTIFFS' FOURTH**
21                                      |  **SET OF REQUESTS FOR PRODUCTION**
                                        |  **OF DOCUMENTS**
22

23

24          Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants Panasonic

25  Corporation, f/k/a Matsushita Electric Industrial Co., Ltd. ("Panasonic Corp."), Panasonic

26  Corporation of North America ("PNA"), and MT Picture Display Co., Ltd. ("MTPD," and together

27  with Panasonic Corp. and PNA, the "Panasonic Defendants") hereby make the following objections

28  and responses to the Indirect Purchaser Plaintiffs' ("Plaintiffs") Fourth Set of Requests for

                                         1

1  Production of Documents, dated August 1, 2014 (the "Fourth Requests").

2  <u>**GENERAL OBJECTIONS**</u>

3      Each and every one of the following general objections is incorporated into the specific

4  responses below as if set forth in full therein:

5      1.      Panasonic Defendants object to the Fourth Requests to the extent they seek

6  information or seek to impose burdens and requirements upon Panasonic Defendants that exceed or

7  differ from the requirements of the Federal Rules of Civil Procedure.

8      2.      Panasonic Defendants object to the Fourth Requests to the extent they seek

9  information not relevant to the issues raised in this lawsuit and not reasonably calculated to lead to

10  the discovery of admissible evidence.

11      3.      Panasonic Defendants object to the Fourth Requests to the extent that they are overly

12  broad and unduly burdensome.

13      4.      Panasonic Defendants object to the Fourth Requests to the extent that they are

14  needlessly duplicative.

15      5.      Panasonic Defendants object to the Fourth Requests to the extent that they are vague,

16  ambiguous, or susceptible to more than one interpretation.

17      6.      Panasonic Defendants object to the Fourth Requests to the extent they seek

18  information or documents that reflect, refer to, or relate to the ongoing criminal grand jury

19  investigation concerning CRTs to the extent that it is in contravention to the Court's Order to Extend

20  Limited Discovery Stay, dated January 30, 2010.

21      7.      Panasonic Defendants object to the Fourth Requests to the extent that they seek any

22  information or any document that is subject to attorney-client privilege, work product protection,

23  joint defense or common interest privilege, or any other applicable doctrine, privilege, protection, or

24  immunity from production.  The inadvertent or mistaken provision of any information or documents

25  subject to any such doctrine, privilege, protection, or immunity from production shall not constitute

26  a general, inadvertent, implicit, subject-matter, separate, independent, or other waiver of such

27  doctrine, privilege, protection, or immunity from production, and does not put in issue or constitute

28  affirmative use of the advice of counsel defense or of any privileged communications.

2

8.      Panasonic Defendants object to the Fourth Requests to the extent they seek documents that are publicly available, already in Plaintiffs' possession, or more readily available from other sources.

9.      Panasonic Defendants object to the Fourth Requests on the ground that they require Panasonic Defendants to produce documents that are not in its possession, custody, or control. Panasonic Defendants are incapable of providing information on behalf of other persons and entities, and will respond accordingly.

10.      Panasonic Defendants also object to the extent that any request seeks information from a non-party, including, but not limited to, any of Panasonic Defendants' subsidiary, affiliate, or sibling corporations or companies.

11.      Panasonic Defendants object to the Fourth Requests on the ground that they seek information or documents about CRTs and CRT products involved in transactions outside the United States, which is unduly burdensome and irrelevant to this pending action as Plaintiffs' proposed class definition in their Fourth Consolidated Amended Complaint is confined to "individuals and entities that indirectly purchased Cathode Ray Tube Products . . . in the United States." See Compl. ¶ 1.

12.      Panasonic  Defendants object to the Fourth Requests to the extent that the laws or procedures of a foreign country prohibit the production of documents responsive to such requests.

13.      Panasonic Defendants object to the Fourth Requests to the extent they seek the production of documents that have been provided already to Plaintiffs.

14.      Panasonic Defendants reserve the right to assert additional general and specific objections to the production of information or documents as appropriate and to supplement these objections and responses.  Panasonic Defendants also reserve the right to assert additional general and specific objections arising from matters discovered during the course of this litigation.

15.      By responding to the Fourth Requests and/or stating that they are providing responsive, non-privileged documents in their possession, custody, or control, Panasonic Defendants do not make any representation as to whether documents responsive to any of the categories set forth below exist or are in their possession, custody, or control.  No objection or limitation, or lack

3

1   thereof, made in the responses and objections herein shall be deemed an admission by Panasonic

2   Defendants as to the existence or nonexistence of documents or information.

3        16.    Panasonic Defendants' decision, now or in the future, to provide information or

4   documents notwithstanding the objectionable nature of the Fourth Requests should not be construed

5   as: (a) a stipulation that the material is relevant or admissible, (b) a waiver of Panasonic Defendants'

6   general objections or the objections asserted in response to specific document requests, or (c) an

7   agreement that requests for similar information will be treated in a similar manner.

8        17.    Panasonic Defendants object to the definition of the term "Document" to the extent it

9   seeks to impose requirements that are inconsistent with or beyond those imposed by the Federal

10  Rules of Civil Procedure or any other applicable laws or rules.

11       18.    Panasonic Defendants object to the definitions of "You" and "Your" as overly broad.

12  When coupled with other definitions and the requests themselves, this definition requests

13  information that is irrelevant and not reasonably calculated to lead to the discovery of admissible

14  evidence.  For example, Panasonic Defendants object because the definition, on its face, seeks to

15  require Panasonic Defendants to provide documents and information not within their possession,

16  custody or control.  Further, Panasonic Defendants object to the inclusion of "agents . . . and all

17  other persons acting or purporting to act on their behalf" within this definition to the extent it

18  purports to encompass information that is protected by attorney-client privilege, work product

19  protection, or any other applicable doctrine, privilege, protection, or immunity from production.

20       19.    Panasonic Defendants object to the definition of the "Relevant Time Period" as

21  overbroad, seeking information that is neither relevant nor reasonably calculated to lead to the

22  discovery of admissible evidence, and as inconsistent with the relevant period defined in Plaintiffs'

23  complaint.  Panasonic Defendants further object to any interrogatory, definition, or instruction that

24  may be construed as requiring Panasonic Defendants to provide information outside of the purported

25  relevant period as defined in Plaintiffs' complaint.

26       20.    Panasonic Defendants object to Instruction No. 9 on the ground that producing

27  documents "in such fashion as to identify the department, branch or office in whose possession they

28  were located and . . . the natural person in whose possession they were found . . . and the business

4

1   address of each document custodian" is not required under the Federal Rules of Civil Procedure.

2   Panasonic Defendants further object to this instruction as inappropriate for this type of discovery

3   request as it is in the nature of an interrogatory.

4        21.    Panasonic Defendants object to Instruction Nos. 11 and 12 on the ground that it is

5   impossible to identify, describe, and further explain the circumstances regarding every document

6   that ever "once existed and subsequently is lost, missing, destroyed or otherwise disposed of."  To

7   the extent that it is even possible to identify, describe, and explain the circumstances regarding such

8   documents, this investigation would impose a unique, time-consuming, and unreasonable burden

9   upon Panasonic Defendants.

10       22.    Panasonic Defendants object to Instruction No. 13 on the ground that it requires more

11  information than is necessary or required for a privilege log, and is beyond the scope of Rule

12  26(b)(5) of the Federal Rules of Civil Procedure.  For example, stating the general subject matter of

13  a privileged communication is sufficient for the purposes of a privilege log.

14                    **RESPONSES TO THE FOURTH REQUESTS**

15  **Document Request No. 48:**

16       All documents reflecting discussions which led to the formation of (A) MTPD; and (B)

17  BMCC.

18  **Response to Document Request No. 48:**

19       Panasonic Defendants object to Document Request No. 48 on the grounds that it is

20  duplicative of prior discovery and previous document requests served by other Plaintiffs in this

21  action, including without limitation Request No. 24 of Direct Purchaser Plaintiffs' Second Requests

22  for Production of Documents, and thereby contravenes the Discovery Protocol.  In connection with

23  and in response to Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive

24  search for potentially relevant information within millions of pages of documents derived from the

25  files of more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort,

26  and client and attorney resources were spent gathering, reviewing, and producing documents in

27  response to Plaintiffs' prior discovery requests.

28       Panasonic Defendants object to Document Request No. 48 on the grounds that it is overly

5

1   broad and unduly burdensome.  Panasonic Defendants further object to Request No. 48 to the extent

2   it calls for documents outside of their possession, custody, or control.

3          Subject to and without waiver of the foregoing general and specific objections, Panasonic

4   Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants in response

5   to prior discovery requests in this case, including but not limited to the request set forth above.

6   **Document Request No. 49:**

7          All documents reflecting discussions regarding the decisions to shut down worldwide CRT

8   manufacturing facilities between 2003 and the present, for the following entities:

9      i.   MTPD; and

10     ii.   BMCC.

11  **Response to Document Request No. 49:**

12         Panasonic Defendants object to Document Request No. 49 on the basis that it seeks

13  information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

14  Defendants also object to Document Request No. 49 on the grounds that it is duplicative of prior

15  discovery and previous document requests served by other Plaintiffs in this action, including without

16  limitation Request No. 10 of Direct Purchaser Plaintiffs' Second Requests for Production of

17  Documents, and thereby contravenes the Discovery Protocol.  In connection with and in response to

18  Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive search for

19  potentially relevant information within millions of pages of documents derived from the files of

20  more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort, and client

21  and attorney resources were spent gathering, reviewing, and producing documents in response to

22  Plaintiffs' prior discovery requests.

23         Panasonic Defendants further object to Document Request No. 49 on the grounds that it is

24  overly broad, unduly burdensome, and as seeking documents that are not reasonably calculated to

25  lead to the discovery of admissible evidence to the extent that it calls for documents that relate to

26  foreign (i.e., non-United States) facilities.  Panasonic Defendants further object to Request No. 49 to

27  the extent it calls for documents outside of their possession, custody, or control.

28

1    Subject to and without waiver of the foregoing general and specific objections, Panasonic

2 Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants in response

3 to prior discovery requests in this case, including but not limited to the request set forth above. *See*,

4 for example, the documents bearing Bates numbers MTPD-0591480, MTPD-0506842; MTPD

5 0515811.

6 **Document Request No. 50:**

7    All documents relating to discussions regarding Panasonic's acquisition of Toshiba's

8 stake in MTPD in or around April 2007.

9 **Response to Document Request No. 50:**

10    Panasonic Defendants object to Document Request No. 50 on the grounds that it is

11 duplicative of prior discovery and previous document requests served by other Plaintiffs in this

12 action, including without limitation Request No. 24 of Direct Purchaser Plaintiffs' Second Requests

13 for Production of Documents, and thereby contravenes the Discovery Protocol.  In connection with

14 and in response to Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive

15 search for potentially relevant information within millions of pages of documents derived from the

16 files of more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort,

17 and client and attorney resources were spent gathering, reviewing, and producing documents in

18 response to Plaintiffs' prior discovery requests.

19    Panasonic Defendants further object to Document Request No. 50 on the grounds that it is

20 overly broad and unduly burdensome.  Panasonic Defendants further object to Request No. 50 to the

21 extent it calls for documents outside of their possession, custody, or control.

22    Subject to and without waiver of the foregoing general and specific objections, Panasonic

23 Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants in response

24 to prior discovery requests in this case, including but not limited to the request set forth above.

25 **Document Request No. 51:**

26    All documents relating to your due diligence regarding Panasonic's acquisition of

27 Toshiba's stake in MTPD in or around April 2007.

28

7

**Response to Document Request No. 51:**

Panasonic Defendants object to Document Request No. 51 on the grounds that it is duplicative of prior discovery and previous document requests served by other Plaintiffs in this action, including without limitation Request No. 24 of Direct Purchaser Plaintiffs' Second Requests for Production of Documents, and thereby contravenes the Discovery Protocol.  In connection with and in response to Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive search for potentially relevant information within millions of pages of documents derived from the files of more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort, and client and attorney resources were spent gathering, reviewing, and producing documents in response to Plaintiffs' prior discovery requests.

Panasonic Defendants further object to Document Request No. 51 on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiver of the foregoing general and specific objections, Panasonic Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants in response to prior discovery requests in this case, including but not limited to the request set forth above.

**Document Request No. 52:**

All documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that (i) MTPD; and (ii) BMCC received from you between 2003 and 2009.

**Response to Document Request No. 52:**

Panasonic Defendants object to Document Request No. 52 on the basis that it seeks information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic Defendants further object to Document Request No. 52 on the grounds that it is duplicative of prior discovery and previous document requests served by other Plaintiffs in this action and thereby contravenes the Discovery Protocol.  In connection with and in response to Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive search for potentially relevant information within millions of pages of documents derived from the files of more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort, and client and attorney resources

8

1  were spent gathering, reviewing, and producing documents in response to Plaintiffs' prior discovery

2  requests.

3      Panasonic Defendants further object to Document Request No. 52 on the grounds that it is

4  vague, ambiguous, overbroad, and unduly burdensome.  Panasonic Defendants further object to

5  Request No. 52 to the extent it calls for documents outside of their possession, custody, or control.

6      Subject to and without waiver of the foregoing general and specific objections, Panasonic

7  Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants and BMCC

8  in response to prior discovery requests in this case.

9  **Document Request No. 53:**

10     All MTPD's documents including, without limitations, financial statements, reflecting

11 contributions of assets and liabilities that (i) MTPD; and (ii) BMCC received from you between

12 2003 and 2009.

13 **Response to Document Request No. 53:**

14     Panasonic Defendants object to Document Request No. 53 on the basis that it seeks

15 information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

16 Defendants further object to Document Request No. 53 on the grounds that it is duplicative of prior

17 discovery and previous document requests served by other Plaintiffs in this action and thereby

18 contravenes the Discovery Protocol.  In connection with and in response to Plaintiffs' prior

19 discovery requests, Panasonic Defendants conducted an extensive search for potentially relevant

20 information within millions of pages of documents derived from the files of more than 45 Panasonic

21 entity custodians worldwide.  An immense amount of time, effort, and client and attorney resources

22 were spent gathering, reviewing, and producing documents in response to Plaintiffs' prior discovery

23 requests.

24     Panasonic Defendants further object to Document Request No. 53 on the grounds that it is

25 vague, ambiguous, overbroad, and unduly burdensome.

26     Subject to and without waiver of the foregoing general and specific objections, Panasonic

27 Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants in response

28 to prior discovery requests in this case.

9

1    **Document Request No. 54:**

2          All documents relating to payments of dividends or other profits paid by (i) MTPD; and

3    (ii) BMCC to you between 2003 and 2009.

4    **Response to Document Request No. 54:**

5          Panasonic Defendants object to Document Request No. 54 on the basis that it seeks

6    information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

7    Defendants further object to Document Request No. 54 on the grounds that it is duplicative of prior

8    discovery and previous document requests served by other Plaintiffs in this action, including without

9    limitation Request No. 17 of Direct Purchaser Plaintiffs' Second Requests for Production of

10   Documents, and thereby contravenes the Discovery Protocol.  In connection with and in response to

11   Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive search for

12   potentially relevant information within millions of pages of documents derived from the files of

13   more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort, and client

14   and attorney resources were spent gathering, reviewing, and producing documents in response to

15   Plaintiffs' prior discovery requests.

16         Panasonic Defendants further object to Document Request No. 54 on the grounds that it is

17   vague, ambiguous, overbroad, and unduly burdensome.  Panasonic Defendants further object to

18   Request No. 54 to the extent it calls for documents outside of its possession, custody, or control.

19         Subject to and without waiver of the foregoing general and specific objections, Panasonic

20   Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants and BMCC

21   in response to prior discovery requests in this case.

22   **Document Request No. 55:**

23         All business plans, reports, and forecasts prepared by (i) MTPD; and (ii) BMCC from 2003

24   to 2009 which were submitted to you, including but not limited to those used for the monthly

25   business unit meetings conducted at PAVC.  *See* Tobinaga 30(b)(6) Tr. 22:25-28:12.

26   **Response to Document Request No. 55:**

27         Panasonic Defendants object to Document Request No. 55 on the basis that it seeks

28

10

1    information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

2    Defendants further object to Document Request No. 55 on the grounds that it is duplicative of prior

3    discovery and previous document requests served by other Plaintiffs in this action, including without

4    limitation Request No. 17 of Direct Purchaser Plaintiffs' Second Requests for Production of

5    Documents, and thereby contravenes the Discovery Protocol.  In connection with and in response to

6    Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive search for

7    potentially relevant information within millions of pages of documents derived from the files of

8    more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort, and client

9    and attorney resources were spent gathering, reviewing, and producing documents in response to

10   Plaintiffs' prior discovery requests.

11        Panasonic Defendants further object to Document Request No. 55 on the grounds that it is

12   vague, ambiguous, overbroad, and unduly burdensome.  Panasonic Defendants further object to

13   Request No. 55 to the extent it calls for documents outside of their possession, custody, or control.

14        Subject to and without waiver of the foregoing general and specific objections, Panasonic

15   Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants and BMCC

16   in response to prior discovery requests in this case.  *See*, for example, the documents bearing Bates

17   numbers PC-0020604, MTPD-0468602, MTPD-0411296.

18   **Document Request No. 56:**

19        All business plans, reports, and forecasts prepared by (i) MTPD; and (ii) BMCC from 2003

20   to 2009 which were submitted to you, including but not limited to those used to create your three-

21   year business plans.  *See* Nakano 30(b)(6) Tr. 87:13-89:2; Tobinaga 30(b)(6) Tr. 160:9-161:2.

22   **Response to Document Request No. 56:**

23        Panasonic Defendants object to Document Request No. 56 on the basis that it seeks

24   information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

25   Defendants further object to Document Request No. 56 on the grounds that it is duplicative of prior

26   discovery and previous document requests served by other Plaintiffs in this action, including without

27   limitation Request No. 17 of Direct Purchaser Plaintiffs' Second Requests for Production of

28   Documents, and thereby contravenes the Discovery Protocol.  In connection with and in response to

1  Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive search for

2  potentially relevant information within millions of pages of documents derived from the files of

3  more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort, and client

4  and attorney resources were spent gathering, reviewing, and producing documents in response to

5  Plaintiffs' prior discovery requests.

6  　　　　Panasonic Defendants further object to Document Request No. 56 on the grounds that it is

7  vague, ambiguous, overbroad, and unduly burdensome.  Panasonic Defendants further object to

8  Request No. 56 to the extent it calls for documents outside of their possession, custody, or control.

9  　　　　Subject to and without waiver of the foregoing general and specific objections, Panasonic

10  Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants and BMCC

11  in response to prior discovery requests in this case.  *See*, for example, the documents bearing Bates

12  numbers MTPD-0468603 and MTPD-0411296.

13  **Document Request No. 57:**

14  　　　　All documents relating to the rules and policies of any board or committee governing (i)

15  MTPD; and (ii) BMCC from 2003 to 2009.

16  **Response to Document Request No. 57:**

17  　　　　Panasonic Defendants object to Document Request No. 57 on the basis that it seeks

18  information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

19  Defendants further object to Document Request No. 57 on the grounds that it is duplicative of prior

20  discovery and previous document requests served by other Plaintiffs in this action, including without

21  limitation Request No. 24 of Direct Purchaser Plaintiffs' Second Requests for Production of

22  Documents, and thereby contravenes the Discovery Protocol.  In connection with and in response to

23  Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive search for

24  potentially relevant information within millions of pages of documents derived from the files of

25  more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort, and client

26  and attorney resources were spent gathering, reviewing, and producing documents in response to

27  Plaintiffs' prior discovery requests.

28

Panasonic Defendants further object to Document Request No. 57 on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Panasonic Defendants further object to Request No. 57 to the extent it calls for documents outside of their possession, custody, or control.

Subject to and without waiver of the foregoing general and specific objections, Panasonic Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants, Toshiba Corporation, and BMCC in response to prior discovery requests in this case.

**Document Request No. 58:**

All documents relating to your assistance or participation in the procurement of any loans or other capital from third parties during the Relevant Time Period including, without limitations, any guarantees you made, for the following entities:

   i.   MTPD; and/or

   ii.  BMCC.

**Response to Document Request No. 58:**

Panasonic Defendants object to Document Request No. 58 on the basis that it seeks information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic Defendants further object to Document Request No. 58 on the grounds that it is duplicative of prior discovery and previous document requests served by other Plaintiffs in this action, including without limitation Request No. 24 of Direct Purchaser Plaintiffs' Second Requests for Production of Documents, and thereby contravenes the Discovery Protocol.  In connection with and in response to Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive search for potentially relevant information within millions of pages of documents derived from the files of more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort, and client and attorney resources were spent gathering, reviewing, and producing documents in response to Plaintiffs' prior discovery requests.

Panasonic Defendants further object to Document Request No. 58 on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome.  Panasonic Defendants further object to Request No. 58 to the extent it calls for documents outside of their possession, custody, or control.

13

1    Subject to and without waiver of the foregoing general and specific objections, Panasonic

2    Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants and BMCC

3    in response to prior discovery requests in this case.

4    **Document Request No. 59:**

5    All documents relating to the pricing or prices of CRTs you purchased from (i) MTPD; and

6    (ii) BMCC during the Relevant Time Period including, without limitations, any pricing negotiations,

7    price lists, and any agreements by you to pay in advance for the delivery of CRTs you bought.

8    **Response to Document Request No. 59:**

9    Panasonic Defendants object to Document Request No. 59 on the basis that it seeks

10   information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

11   Defendants further object to Document Request No. 59 on the grounds that it is duplicative of prior

12   discovery and previous document requests served by other Plaintiffs in this action, including without

13   limitation Request No. 14 of Direct Purchaser Plaintiffs' Second Requests for Production of

14   Documents, and thereby contravenes the Discovery Protocol.  In connection with and in response to

15   Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive search for

16   potentially relevant information within millions of pages of documents derived from the files of

17   more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort, and client

18   and attorney resources were spent gathering, reviewing, and producing documents in response to

19   Plaintiffs' prior discovery requests.

20   Panasonic Defendants further object to Document Request No. 59 on the grounds that it is

21   vague, ambiguous, overbroad, and unduly burdensome.  Panasonic Defendants further object to

22   Request No. 59 to the extent it calls for documents outside of their possession, custody, or control.

23   Subject to and without waiver of the foregoing general and specific objections, Panasonic

24   Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants and BMCC

25   in response to prior discovery requests in this case.

26   **Document Request No. 60:**

27   All documents relating to insurance policies covering (i) MTPD; and (ii) BMCC and/or their

28

14

1  respective employee(s) including, without limitations, documents relating to the payment of those

2  insurance premiums.

3  **Response to Document Request No. 60:**

4        Panasonic Defendants object to Document Request No. 60 on the basis that it seeks

5  information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

6  Defendants further object to Document Request No. 60 on the grounds that it is duplicative or

7  unreasonably cumulative of the voluminous other discovery propounded and/or produced in this

8  Multidistrict Litigation.  In connection with and in response to Plaintiffs' prior discovery requests,

9  Panasonic Defendants conducted an extensive search for potentially relevant information within

10  millions of pages of documents derived from the files of more than 45 Panasonic entity custodians

11  worldwide.  An immense amount of time, effort, and client and attorney resources were spent

12  gathering, reviewing, and producing documents in response to Plaintiffs' prior discovery requests.

13        Panasonic Defendants further object to Document Request No. 60 on the grounds that it is

14  vague, ambiguous, overbroad, unduly burdensome, and seeks the disclosure of information that is

15  neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

16  evidence.  Panasonic Defendants further object to Request No. 60 to the extent it calls for documents

17  outside of their possession, custody, or control.

18  **Document Request No. 61:**

19        All documents relating to or constituting any periodic reports provided by (i) MTPD; and

20  (ii) BMCC to you.

21  **Response to Document Request No. 61:**

22        Panasonic Defendants object to Document Request No. 61 on the basis that it seeks

23  information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

24  Defendants further object to Document Request No. 61 on the grounds that it is duplicative or

25  unreasonably cumulative of the voluminous other discovery propounded and/or produced in this

26  Multidistrict Litigation.  In connection with and in response to Plaintiffs' prior discovery requests,

27  Panasonic Defendants conducted an extensive search for potentially relevant information within

28  millions of pages of documents derived from the files of more than 45 Panasonic entity custodians

15

1   worldwide.  An immense amount of time, effort, and client and attorney resources were spent

2   gathering, reviewing, and producing documents in response to Plaintiffs' prior discovery requests.

3          Panasonic Defendants further object to Document Request No. 61 on the grounds that it is

4   vague, ambiguous, overbroad, and unduly burdensome.  Panasonic Defendants further object to

5   Request No. 61 to the extent it calls for documents outside of their possession, custody, or control.

6          Subject to and without waiver of the foregoing general and specific objections, Panasonic

7   Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants and BMCC

8   in response to prior discovery requests in this case.  *See*, for example, the documents bearing Bates

9   numbers MTPD-0516757 and MTPD-0404017.

10  **Document Request No. 62:**

11         All documents relating to or constituting statements to any Governmental Antitrust Authority

12  relating to CRTs by any employees of the following entities:

13      i.   You;

14      ii.  MTPD; and

15      iii. BMCC.

16  **Response to Document Request No. 62:**

17         Panasonic Defendants object to Document Request No. 62 on the basis that it seeks

18  information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

19  Defendants also object to Document Request No. 62 to the extent it calls for documents outside of

20  their possession, custody, or control.

21         Panasonic Defendants object to Document Request No. 62 on the grounds that it is vague,

22  ambiguous, overbroad, unduly burdensome, and seeks the disclosure of information that is neither

23  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence to

24  the extent that it seeks information regarding foreign government investigations.  Panasonic

25  Defendants object to this request to the extent it seeks privileged or otherwise protected documents

26  or information, including without limitation information subject to the attorney-client privilege,

27  common-interest privilege, work-product doctrine, and/or any other privilege.  Panasonic

28  Defendants further object to this request to the extent it calls for the disclosure of information or

PANASONIC DEFS' OBJECTIONS AND RESPONSES TO IPPS'          Case No. 07-5944 SC
FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS          MDL NO. 1917

1   documents related to foreign government investigations that would violate the principle of

2   international comity and invade the confidentiality of government investigations.

3   **Document Request No. 63:**

4       All documents relating to or constituting statements to any Governmental Antitrust

5   Authority relating to CRTs by any employee of any Defendant.

6   **Response to Document Request No. 63:**

7       Panasonic Defendants object to Document Request No. 63 on the basis that it seeks

8   information from outside of the Relevant Period as defined in Plaintiffs' complaint.  Panasonic

9   Defendants also object to Document Request No. 63 to the extent it calls for documents outside of

10  their possession, custody, or control.

11      Panasonic Defendants object to Document Request No. 63 on the grounds that it is vague,

12  ambiguous, overbroad, unduly burdensome, and seeks the disclosure of information that is neither

13  relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence to

14  the extent that it seeks information regarding foreign government investigations.  Panasonic

15  Defendants object to this request to the extent it seeks privileged or otherwise protected documents

16  or information, including without limitation information subject to the attorney-client privilege,

17  common-interest privilege, work-product doctrine, and/or any other privilege.  Panasonic

18  Defendants further object to this request to the extent it calls for the disclosure of information or

19  documents related to foreign government investigations that would violate the principle of

20  international comity and invade the confidentiality of government investigations.

21  **Document Request No. 64:**

22      All documents from 2000 to 2003 concerning your analyses of LP Displays International,

23  Ltd. (f/k/a LG.Philips Displays)'s business model and your information exchange with LP Displays

24  regarding the formation of MTPD.

25  **Response to Document Request No. 64:**

26      Panasonic Defendants object to Document Request No. 64 on the grounds that it is

27  duplicative of prior discovery and previous document requests served by other Plaintiffs in this

28  action, including without limitation Request No. 24 of Direct Purchaser Plaintiffs' Second Requests

1  for Production of Documents, and thereby contravenes the Discovery Protocol.  In connection with

2  and in response to Plaintiffs' prior discovery requests, Panasonic Defendants conducted an extensive

3  search for potentially relevant information within millions of pages of documents derived from the

4  files of more than 45 Panasonic entity custodians worldwide.  An immense amount of time, effort,

5  and client and attorney resources were spent gathering, reviewing, and producing documents in

6  response to Plaintiffs' prior discovery requests.

7         Panasonic Defendants further object to Document Request No. 64 on the grounds that it is

8  overly broad and unduly burdensome.

9         Subject to and without waiver of the foregoing general and specific objections, Panasonic

10  Defendants refer Plaintiffs to documents previously produced by Panasonic Defendants in response

11  to prior discovery requests in this case, including but not limited to the request set forth above.

12

13  Dated:  September 4, 2014                      WINSTON & STRAWN LLP

14                                                By:  /s/ Eva W. Cole

15                                                JEFFREY L. KESSLER (*pro hac vice*)
16                                                A. PAUL VICTOR (*pro hac vice*)
                                                  ALDO A. BADINI (257086)
17                                                EVA W. COLE (*pro hac vice*)
                                                  MOLLY M. DONOVAN (*pro hac vice*)
18                                                WINSTON & STRAWN LLP
                                                  200 Park Avenue
19                                                New York, NY 10166-4193
                                                  Telephone: (212) 294-6700
20                                                Facsimile: (212) 294-4700
                                                  E-mail: jkessler@winston.com
21
                                                  DAVID L. YOHAI (*pro hac vice*)
22                                                ADAM C. HEMLOCK (*pro hac vice*)
                                                  WEIL, GOTSHAL & MANGES LLP
23                                                767 Fifth Avenue
                                                  New York, NY 10153-0119
24                                                Telephone:  (212) 310-8000
                                                  Facsimile:  (212) 310-8007
25                                                E-mail: david.yohai@weil.com

26                                                *Attorneys for Defendants Panasonic Corporation (f/k/a*
27                                                *Matsushita Electric Industrial Co., Ltd.), Panasonic*
                                                  *Corporation of North America, and MT Picture Display*
28                                                *Co., Ltd*

                                                  18

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
ALDO A. BADINI (257086)
EVA W. COLE (*pro hac vice*)
MOLLY M. DONOVAN (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
E-mail: jkessler@winston.com

DAVID L. YOHAI (*pro hac vice*)
ADAM C. HEMLOCK (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-mail: david.yohai@weil.com

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.),
Panasonic Corporation of North America, and MT Picture Display Co., Ltd*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. Master File No. 3:07-cv-05944-SC |
| | MDL No. 1917 |
| This Document Relates to: | |
| ALL INDIRECT PURCHASER ACTIONS | **CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

      I declare that I am employed with the law firm of Winston & Strawn LLP, 200 Park Avenue, New York, New York 10166.  I am not a party to the within cause, and I am over the age of eighteen years.  I further declare that on September 4, 2014, I served a copy of:

**OBJECTIONS AND RESPONSES OF DEFENDANTS PANASONIC CORPORATION (F/K/A MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.), PANASONIC CORPORATION OF NORTH AMERICA, AND MT PICTURE DISPLAY CO., LTD. TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☒    **BY ELECTRONIC MAIL** by sending a true copy thereof to the addressees, as stated below.

| | |
|---|---|
| Mario N. Alioto<br>E-mail: malioto@tatp.com<br>TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP<br><br>*Interim Lead Counsel for the Indirect Purchaser Plaintiffs* | Guido Saveri<br>E-mail: guido@saveri.com<br>SAVERI & SAVERI, INC.<br><br>*Interim Lead Counsel for the Direct Purchaser Plaintiffs* |
| Philip J. Iovieno<br>William A. Isaacson<br>Anne M. Naracci<br>E-mail:  piovieno@bsfllp.com<br>E-mail:  wisaacson@bsfllp.com<br>E-mail: anardacci@bsfllp.com<br>BOIES, SCHILLER & FLEXNER LLP<br><br>*Liaison Counsel for Direct Action Plaintiffs* | Emilio Varanini<br>E-mail: emilio.varanini@doj.ca.gov<br>CALIFORNIA ATTORNEY GENERAL'S OFFICE<br><br>*Counsel for the State of California* |
| H. Lee Godfrey<br>E-mail:  lgodfrey@susmangodfrey.com<br>Kenneth S. Marks<br>E-mail:  kmarks@susmangodfrey.com<br>SUSMAN GODFREY LLP<br><br>*Attorneys for Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust* | Richard Alan Arnold<br>E-mail: rarnold@knpa.com<br>Kevin J. Murray<br>E-mail: kmurray@knpa.com<br>KENNY NACHWALTER, P.A.<br><br>*Attorneys for Sears, Roebuck and Co. and Kmart Corp.* |
| Roman M. Silberfeld<br>E-mail:  rmsilberfeld@rkmc.com<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br><br>*Attorneys for Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.* | Jason C. Murray<br>E-mail:  jmurray@crowell.com<br>Astor H.L. Heaven<br>E-mail:  aheaven@crowell.com<br>CROWELL & MORING LLP<br><br>*Attorneys for Target Corp.* |

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

| | |
|---|---|
| Scott N. Wagner<br>E-mail:  swagner@bilzin.com<br>BILZIN SUMBERG BAENA PRICE &<br>AXELROD LLP<br><br>*Attorneys for Tech Data Corporation and Tech Data Product Management, Inc.* | Shay S. Scott, Esq.<br>HAGLUND KELLEY LLP<br>sscott@hk-law.com<br><br>*Counsel for Plaintiff State of Oregon* |
| *Defense Counsel* | |

  Executed on September 4, 2014 at New York, New York.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

            */s/  Sofia Arguello*
            Sofia Arguello

# Defendants' Attachment 8 (Filed Under Seal)

# Defendants' Attachment 9 (Filed Under Seal)

# Defendants' Attachment 10 (Filed Under Seal)

Defendants' Attachment 11

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807

Tel   + 1 202 626 3600
Fax   + 1 202 639 9355
whitecase.com

Direct Dial + (202) 626-3696          alau@whitecase.com

September 26, 2014

<u>VIA E-MAIL TO: jay.weil@fedarb.com</u>

The Honorable Vaughn Walker (Ret.)
c/o Mr. Jay Weil
Federal Arbitration, Inc.
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301

Re:     *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 SC,
        MDL No. 1917 (N.D. Cal.):   The Toshiba Defendants' Response To Indirect
        <u>Purchaser Plaintiffs' Motion To Compel Interrogatory Responses</u>

Dear Judge Walker:

        We write on behalf of the Toshiba Defendants in response to the Indirect Purchaser
Plaintiffs' ("IPPs") September 12, 2014 Motion to Compel Interrogatory Responses.  By this
motion, the IPPs seek an order that compels additional responses by the Toshiba Defendants (1)
in those instances where the Toshiba Defendants responded to the IPPs' interrogatories by
reference to their prior discovery requests (or by objecting to the request as overly burdensome);
(2) with respect to Interrogatory No. 7, which asked for the identification of all evidence for each
"affirmative defense" listed in their answers; and (3) in those instances where the Toshiba
Defendants refused to provide answers because the IPPs exceeded the 25-interrogatory limit
contained in Rule 33(a)(1).  The motion should be denied.

        As to the first issue, the IPPs are incorrect in asserting that the Toshiba Defendants relied
upon Rule 33(d) in their discovery responses.  They did not.  Instead, these defendants objected
to the IPPs' discovery requests as unreasonable in that they were duplicative of prior discovery
that had been issued in this litigation.  The Toshiba Defendants also objected to certain of the
IPPs' requests that sought sales information that did not pertain to the United States — such
requests were (and are) overly burdensome and add little, if anything, to the IPPs' case.  It was
appropriate for the Toshiba Defendants to point the IPPs to the Toshiba Defendants' previous
discovery responses and equally appropriate for the Toshiba Defendants to refuse to provide
non-U.S. sales information at the very close of discovery.

        As to the second issue, the Toshiba Defendants provided responses to the "affirmative
defenses" contained in their answers, precisely what was sought by Interrogatory No. 7.  No

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

September 26, 2014

answer was provided with respect to other defenses listed in their answers because such defenses were outside the scope of Interrogatory No. 7.  By their motion, the IPPs complain about instances where the Toshiba Defendants stated they had "no position" with respect to certain affirmative defenses.  The Toshiba Defendants have remedied this situation by serving supplemental interrogatory responses.

As to the third issue, the Toshiba Defendants each answered 25 of the IPPs' interrogatories, including subparts, and then properly refused to answer any additional interrogatories.  In relevant part, Rule 33(a)(1) of the Federal Rules of Civil Procedure provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." When all discrete subparts are counted, the IPPs propounded 166 interrogatories to the Toshiba Defendants.  Given the existence of Rule 33(a)(1), the Toshiba Defendants were fully justified in provided substantive responses to only the first 25 interrogatories served by the IPPs.

**I.    Background**

On January 26, 2011, the Toshiba Defendants filed their answers to the IPPs' third consolidated amended complaint.  *E.g.*, Defendants' Attachment ("Def. Att.") 1 (Toshiba Corp. Answer).  Each of these answers had a section entitled "Defenses/Affirmative Defenses."  *Id.* at 52.  Immediately beneath this heading was the following statement:  "Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses . . . ."  *Id.*  The answers then set forth a variety of defenses and affirmative defenses.

On August 1, 2014, the IPPs served their First Set of Interrogatories to Defendants (the "Common Interrogatories").  Def. Att. 2.  Thirty minutes after serving these Common Interrogatories, the IPPs served their First Set of Interrogatories to Toshiba Defendants ("Interrogatories to Toshiba Defendants").  Def. Att. 3.

On September 5, 2014, each Toshiba Defendant served individual objections and responses to the Common Interrogatories.  Def. Att. 4a-e.  Also on September 5, 2014, each Toshiba Defendant served objections and responses to the Interrogatories to Toshiba Defendants.  Def. Att. 5a-e.

On September 8, 2014, the IPPs sent letters to the Toshiba Defendants regarding purported deficiencies in their interrogatory responses.  On September 10, 2014, counsel for the Toshiba Defendants met and conferred with counsel for the IPPs regarding the purported deficiencies, but the parties were unable to reach an agreement.

The Honorable Vaughn Walker (Ret.)

**WHITE & CASE**

September 26, 2014

II.     **Argument**

A.     **The Toshiba Defendants Properly Referred The Indirect Purchaser Plaintiffs To Previous Discovery Responses And Properly Objected To Certain Requests As Overly Burdensome**

In certain of their responses, the Toshiba Defendants referred the IPPs to prior discovery responses.  In certain other responses, the Toshiba Defendants objected because the IPPs' requests were overly burdensome in that they sought sales information that did not pertain to the United States.  The IPPs have demonstrated no error in this approach, which is fully supported by both caselaw as well as a previous report and recommendation issued by Your Honor.

1.     **Your Honor Should Reject The IPPs' Misguided Reliance On Rule 33(d)(1)**

The IPPs' assertion that the Toshiba Defendants are invoking Rule 33(d) in their responses to the IPPs' interrogatories is incorrect.  To the contrary, the Toshiba Defendants objected to some of those interrogatories because they are unreasonably duplicative of prior discovery requests propounded by plaintiffs in this litigation.  These objections comport with the relevant caselaw.  *See, e.g., McConnell v. PacifiCorp, Inc.*, No. C 07-2382 WHA(JL), 2008 WL 3843003, at *4 (N.D. Cal. Aug. 15, 2008) (finding that interrogatories were cumulative and duplicative and thus within the parameters of discovery that the court may limit or deny under Rule 26(b)(2)); *Robbins v. Camden City Bd. of Ed.*, 105 F.R.D. 49, 56-57 (D.N.J. 1985) (holding that defendant was not required to respond to duplicative interrogatories).  Accordingly, the cases relied upon by the IPPs — each of which involves a party's invocation of Rule 33(d) in connection with discovery responses — are irrelevant and should be disregarded by Your Honor.

2.     **Your Honor Should Reject The IPPs' Interrogatories As Unreasonably Duplicative Of Prior Discovery Requests Propounded On The Toshiba Defendants**

The IPPs' Common Interrogatories are unreasonably duplicative of prior discovery propounded by other plaintiffs in this litigation.  Many of these seek information readily obtainable from the various sales and cost transactional databases produced to plaintiffs years ago in response to prior discovery requests propounded on defendants.  And contrary to the IPPs' erroneous assertion that "it is far easier and less costly for *defendants* to identify documents responsive to" these requests (IPP Mot. at 4 (emphasis in original)), the burden is the same for either party:  both parties have access to the documents responsive to these requests and have the same burdens associated with reviewing the relevant sales data.  IPPs effectively ask this Court to order the Toshiba Defendants to search for and sort through the data they previously produced to other plaintiffs.  But federal courts have repeatedly denied attempts to require parties to search for and sort through documents that have already been produced to the propounding parties.  *See, e.g., Pulver v. Battelle Mem'l Inst.*, No. CV-05-5028-RHW, 2006 WL 2944842, at *1 (E.D. Wash. Oct. 13, 2006) (denying motion to compel where request for production of documents was "unreasonably duplicative" and was "basically a request to make [a party] search and sort the documents it already produced"); *Sloan v. Oakland Police Dep't*, No. C 00 4117 CW(JCS), 2006 WL 753013, at *5 n.2 (N.D. Cal. Mar. 23, 2006) (stating that motion to compel "will only be

3

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

September 26, 2014

granted if the additional interrogatory responses sought are not duplicative of information already obtained, through deposition or otherwise"); *Richlin v. Sigma Design West, Ltd.*, 88 F.R.D. 634, 640 (E.D. Cal. 1980) (holding that interrogatories were oppressive and overly burdensome where information sought could be obtained from transcripts of prior depositions conducted in litigation). Your Honor should reach the same conclusion here.

In a previous motion to compel brought by Sharp against the Toshiba Defendants and the Panasonic Defendants, Your Honor found that it was appropriate for parties to refer to previously produced discovery where that previously produced discovery contained the information sought by the current discovery. As recognized by Your Honor, "there is a certain unfairness in requiring defendants to do Sharp's work for it in culling through this volume of material and, in any event, defendants have already expended a very considerable effort to prepare responses to the direct purchaser class plaintiffs' discovery, making further effort by defendants still more costly." Recommended Order Of The Special Master, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Case No. 3:07-cv-05944SC, at 4 (August 14, 2014) (accepted and ordered by the Court, August 15, 2014, ECF No. 2743) ("August 14, 2014 Recommended Order"). Def. Att. 6. The same principle applies with full force here. The information sought by the IPPs was already produced by the Toshiba Defendants in response to earlier discovery requests. *See* Toshiba Defendants' Objections and Responses to DPPs' First and Second Set of Requests for Production and DPPs First Set of Interrogatories (Def. Att. 7a-o). If the IPPs believe that they would benefit from reviewing this information in a different format, then the IPPs should bear the cost of that review, not the Toshiba Defendants. *Accord* August 14, 2014 Recommended Order at 5 ("As Sharp would benefit from a review and an analysis of the materials responsive to the class plaintiffs, considerations of proportionality and fairness weigh in favor of Sharp bearing the correlative burden.").

> 3.   **The IPPs' Interrogatories That Seek Sales Information Outside Of The United States Are Unreasonably Burdensome**

Certain of the IPPs' Common Interrogatories (*i.e.*, Interrogatory Nos. 9, 13, and 14), seek sales data not involving the United States. The Toshiba Defendants objected to these requests because the requested information was unrelated to United States commerce, outside of the scope of this litigation, and unduly burdensome. Your Honor should deny the motion to compel as to these requests.

In their motion, the IPPs articulate no relevancy for the information they seek. Nor do the IPPs provide any reason why they need "worldwide" data and other information that does not relate to the United States. In contrast to the minimal (if any) relevance of the requested information, the Toshiba Defendants would incur significant expense if they had to provide that information. The Toshiba Defendants would have to search several locations outside the United States and restore countless backup tapes in order to provide the IPPs with the information they seek. Considerations of proportionality (as discussed by Your Honor in denying Sharp's motion to compel) weigh in favor of the Toshiba Defendants.

By seeking sales information unrelated to the United States, the IPPs improperly seek to significantly expand the scope of the discovery right at the end of fact discovery. Courts have

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

September 26, 2014

repeatedly rejected motions to compel or other efforts to significantly expand the scope of discovery at the end of discovery. *See, e.g.*, *Wolfe v. Ford Motor Company*, No. 06-1217-MLB, 2008 WL 294547, at *1-2 (D. Kan. Feb. 1, 2008) (admonishing plaintiffs for serving expansive discovery near end of discovery and finding that discovery requests at end of discovery "*should be refined and focused*") (emphasis added); *Samsung SDI Co., Ltd. v. Matsushita Electric Industrial Co., Ltd.*, No. CV 05-8493-AG, 2007 WL 4302701, at *4 (C.D. Cal. June 27, 2007) (finding that filing motion to compel at eleventh hour weighed in favor of responding party when balancing relevance of requested discovery with burden on responding party); *Fairly v. Andrews*, 423 F. Supp. 2d 800, 808 (N.D. Ill. 2006) ("The Court stands by its June 21, 2005 decision to deny Defendants leave to serve this interrogatory — the equivalent of numerous discovery requests framed as one interrogatory — on the eve of the discovery deadline, because it would be unduly burdensome to Plaintiffs."). The fact that the IPPs seek broad, expansive discovery at the close of discovery provides an additional grounds for denying the IPPs' motion.

**B.    The Toshiba Defendants Have Provided A Complete Response To Interrogatory No. 7**

According to the IPPs (IPP Mot. at 6), the Toshiba Defendants have failed to adequately respond to Interrogatory No. 7 of the Common Interrogatories. We disagree.

Part of the IPPs' disagreement with the Toshiba Defendants concerns the meaning of the term "affirmative defense." In its entirety, Interrogatory No. 7 provided as follows: "For each *affirmative defense* in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted." Def. Att. 2 at 5 (emphasis added). The IPPs appear to believe that all of the defenses asserted by the Toshiba Defendants in their answers are affirmative defenses. They are not. The answers provided by the Toshiba Defendants each had a section labeled "Defenses/Affirmative Defenses," thus providing notice that only some of the listed defenses were affirmative in nature. Def. Att. 1 at 52. This distinction was reinforced by the following statement made by each of the Toshiba Defendants: "Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses .  .  .  ." *Id.* The distinction between defenses and affirmative defenses is also reinforced by the governing caselaw, which recognizes that a "defense which demonstrates that [a] plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Because Interrogatory No. 7 specifically requested a response regarding "each affirmative defense," each Toshiba Defendant provided a response as to each of the eleven affirmative defenses they asserted. The Toshiba Defendants did not provide a response for the remaining defenses because those remaining defenses were not affirmative in nature.

Another part of the IPPs' disagreement concerns the Toshiba Defendants' statement that they "take no position" as to whether they currently have any evidence to support certain of their affirmative defenses. Several of the affirmative defenses asserted by the Toshiba Defendants concern issues that will not be fully formed until the end of the litigation. For example, the Toshiba Defendants assert affirmative defenses related to duplicative recovery and set off. Accordingly, the nature of these affirmative defenses prevents any substantive response at this

time.  It was for this reason that the Toshiba Defendants stated that they "take no position" as to whether they currently have evidence to support certain of their affirmative defenses.  However, in an effort to resolve this issue, the Toshiba Defendants have served supplemental interrogatory responses by which they state that they currently have no evidence for certain of those affirmative defenses where they previously stated that they took no position.  Def. Att. 9.

Finally, the IPPs assert that, "if Toshiba has no reasonable factual basis for any of its affirmative defenses, these defenses must be withdrawn."  IPPs' Mot. at 7.  Such a request is premature.  Evidence for some of the Toshiba Defendants' affirmative defenses (such as set off) will not be fully available until trial.  Depositions of both plaintiffs and defendants continue to occur in this case, such that the factual record is not yet fully developed.  Thus, the IPPs' request is also premature for the Toshiba Defendants' remaining affirmative defenses.  *Accord Yingling v. EBay, Inc.*, No. C 09-01733 JW (PVT), 2010 WL 373868, at *3 (N.D. Cal. Jan. 29, 2010) (in response to a contention interrogatory, a party may respond that it is unable to respond because of ongoing discovery and investigation).

## C.     The IPPs Have Exceeded The 25-Interrogatory Limit Of Rule 33(a)(1)

In pertinent part, Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, ***including all discrete subparts***."  Fed. R. Civ. P. 33(a)(1) (emphasis added).  In the first paragraph of their motion, the IPPs appear to acknowledge that they have exceeded the 25-interrogatory limit as to the Toshiba Defendants.  *See* IPPs' Mot. at 1 ("IPPs served one set of common interrogatories, 25 in total, on each Defendant (the 'Common Interrogatories'), and then served an additional set, 14 in total, on both Toshiba and Panasonic (the 'Supplemental Interrogatories').").  Including all discrete subparts, the IPPs have propounded a staggering 166 interrogatories on the Toshiba Defendants.  The motion to compel should be denied as to the number of interrogatories because the IPPs are subject to the 25-interrogatory limit of Rule 33(a)(1), just like any other party.  The Toshiba Defendants acted well within their rights in responding to the first 25 interrogatories (including all discrete subparts) served upon them and refusing to respond to any additional interrogatories.

### 1.     The IPPs Served 166 Interrogatories On Each Of The Toshiba Defendants

The IPPs' Common Interrogatories contain 24 separately numbered interrogatories (these interrogatories do not include any Interrogatory No. 4).  The IPPs' Interrogatories to Toshiba Defendants contained an additional 14 interrogatories.    Two of the IPPs' Common Interrogatories contain numerous discrete subparts within the meaning of Rule 33(a)(1).

***First***, Interrogatory No. 7 asks defendants to identify all evidence supporting "each affirmative defense" in the defendant's answer.  Def. Att. 2 at 5.  The Toshiba Defendants identified 11 affirmative defenses in each of their answers.  Therefore, Interrogatory No. 7 constitutes 11 separate interrogatories as to each Toshiba Defendant.  *See Lopez v. Flores*, No. 1:08-cv-01975, 2013 WL 2385240, at *2 (E.D. Cal. May 30, 2013) (denying plaintiff's motion to compel and holding that where plaintiff issued an interrogatory asking defendants to identify all facts on which defendants base their affirmative defenses and defendants asserted

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

September 26, 2014

five affirmative defenses, the interrogatory constituted five discrete questions); *White v. Cinemark USA, Inc.*, No. 04-cv-0397, 2005 WL 3881658, at *3 (E.D. Cal. Mar. 28, 2005) (concluding that where an interrogatory requested that the defendant state the facts supporting each of its 21 affirmative defenses, each affirmative defense should be treated as a separate interrogatory).

**Second**, Interrogatory No. 25 asks each defendant with respect to each Request for Admission issued by the IPPs to state all facts on which the defendant bases its denial, to identify all evidence supporting the denial, and to identify each person who has knowledge of the facts supporting the denial. Def. Att. 2 at 8. The IPPs issued 119 requests for admission to each Toshiba Defendant. Pursuant to the Northern District of California's Local Rule 33-2, Interrogatory No. 25 constitutes 119 interrogatories to each Toshiba Defendant. *See* Civil L.R. 33-2 ("A demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."). Further, other courts that have addressed this issue have treated each request for admission as a separate interrogatory. For example, in *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998), the district court held:

> Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).

*Id.* at 445; *see also Saliga v. Chemtura Corp.*, No. 3:12-cv-832, 2013 WL 6097100, at *4 (D. Conn. Nov. 20, 2013) (collecting cases). The IPPs have identified no authority explaining why the Court should deviate from Civil L.R. 33-2 and the numerous cases that have addressed this issue. Interrogatory No. 25, therefore, constitutes 119 interrogatories as to each Toshiba Defendant.

## 2. The IPPs Are Only Entitled To 25 Interrogatories

The IPPs further contend that, irrespective of the Toshiba Defendants' counting of discrete subparts as required by Rule 33, the IPPs have not exceeded their interrogatory limit because they are entitled to serve 25 interrogatories per class representative on each defendant in the litigation. IPP Mot. at 8-9. Thus, according to the IPPs, they are entitled to serve 625 interrogatories (25 interrogatories for each of 25 class representatives) on each of the 45 defendants named in the IPPs Fourth Consolidated Amended Complaint. By this reasoning, IPPs are allowed to serve 28,125 separate interrogatories on defendants in this litigation. Granting any weight to the IPPs' position would lead to absurd results and would obliterate Rule 33's interrogatory limit for all class actions.

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

September 26, 2014

The IPPs correctly state that Rule 33(a)(1) limits the number of interrogatories to 25 per party. IPP Mot. at 8. This logically makes sense because certain factual issues and defenses are unique to certain parties, as is the case here, and those parties will want to serve interrogatories unique to their issues. With respect to a class of plaintiffs, the issues of law and fact are by necessity common among the class, so the 25 interrogatory limit should also apply. *Accord* Fed. R. Civ. P. 23; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (stating that a class representative must "possess the same interests and suffer the same injury as the class members"). Wright & Miller provides useful guidance when addressing scenarios similar to a class action for the purpose of determining the appropriate number of interrogatories under Rule 33.

> Consider, for example, a situation in which ten people injured in a bus crash sue the bus company in a single suit represented by the same lawyer. Should they be considered one party or ten for purposes of the interrogatory limitation? The best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25–interrogatory limitation.

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1 at 261 (2d ed. 1994).

The cases relied upon by the IPPs are unpersuasive. In *Trevino v. ABC Am, Inc.*, 232 F.R.D 612, 614 (N.D. Cal. 2006), the magistrate judge allowed two plaintiffs to serve a total of 32 interrogatories on one defendant and 34 interrogatories on another defendant. At the time, *Trevino* was in the pre-class certification stage, so each plaintiff was truly a separate party to the litigation. Further, the 66 total interrogatories allowed between two plaintiffs and two defendants in no way supports the IPPs' contention that they are entitled to serve 28,125 interrogatories in this litigation. Nor does *Zamora v. D'Arrigo Bros. Co.*, No. 04-cv-000047 JW(HRL), 2006 WL 931728 (N.D. Cal. Apr. 6, 2006), alleviate the problems raised by the IPPs' position. In *Zamora*, the magistrate judge allowed class plaintiffs to serve a total of 29 interrogatories. This small deviation from the numerical limit also does not give credence to the IPPs' position.

Setting aside for a moment the implications of the IPPs' position that each class representative be entitled to serve 25 interrogatories on each of the 45 defendants, each set of interrogatories at issue purported to be served jointly by all IPPs. Even assuming that each class representative is entitled to 25 interrogatories, each representative exceeded the limit as a result of the interrogatories being issued jointly. *See Pas Communications, Inc. v. Sprint Corp.*, No. 99-2182-JWL, 2000 WL 1867571, at *12 (D. Kan. Dec. 1, 2000) ("Because plaintiffs' interrogatories were filed jointly, or on behalf of all plaintiffs, each plaintiff has reached the 25-interrogatory limit and, thus, the third set of interrogatories exceeds the permissible number of interrogatories."). This fact provides a separate reason for denying the IPPs' motion to compel.

The Honorable Vaughn Walker (Ret.)

**WHITE & CASE**

September 26, 2014

      **3.**      **The IPPs Should Not Be Granted Leave To Exceed 25 Interrogatories**

      The IPPs were entitled to serve 25 interrogatories on each defendant.  The IPPs fail to state any reason why they require interrogatories in excess of the limit imposed by Rule 33.  Instead, the IPPs attempt to make a fairness argument based on the number of interrogatories served by defendants.  This argument, however, lacks merit.  The defendants have not violated the 25-interrogatory limit.  The IPPs should be held to the same standard.  The IPPs themselves chose the number of defendants in this litigation.  Each of these defendants is entitled to propound its own set of interrogatories because each defendant is situated differently than other defendants.  Thus, considerations of fairness do not favor granting the IPPs leave to serve additional interrogatories.

**III.**      **Conclusion**

      For these reasons, Your Honor should issue a report that recommends that the IPPs' motion to compel be denied.

Respectfully submitted,

Lucius B. Lau

cc:  All counsel of record

9

# Defendants' Attachment 12 (Filed Under Seal)

Defendants' Attachment 15

1   Martin Quinn
    JAMS
2   Two Embarcadero Center, Suite 1500
    San Francisco, CA 94111
3   Telephone: (415) 982-5267
    Fax: (415) 982-5287
4

5   SPECIAL MASTER

6

7

8

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12

13  IN RE: TFT-LCD (FLAT PANEL)          CASE NO. M:07-cv-01827-si
    ANTITRUST LITIGATON
14                                       MDL No. 1819

15                                       SPECIAL MASTER'S ORDER
                                         DENYING MOTION OF DIRECT
16                                       PURCHASER CLASS PLAINTIFFS TO
                                         COMPEL HITACHI TO PRODUCE
17                                       FOREIGN REGULATORY
                                         DOCUMENTS (Hrgs. 12/10/10, 3/25/11)
18

19

20  This Order Relates to:

21      ALL CASES

22

23

24      On October 25, 2010, Direct Purchaser Class Plaintiffs ("DPPs") filed a motion to compel

25  Hitachi[1] to produce all communications and documents exchanged between Hitachi and antitrust

26  regulators at the European Commission ("EC") and the Japan Fair Trade Commission ("JFTC").

27  _____

28  [1]As used herein, "Hitachi" refers collectively to Hitachi Ltd., Hitachi Displays, Ltd. and Hitachi Electronic Devices
    (USA), Inc.

                                                                                    1

On December 10, 2010 all interested counsel appeared before me for a hearing on the motion. On March 25, 2011 I conducted an *in camera* hearing with counsel for Hitachi to review the documents at issue in the motion. Having considered all the written and oral arguments and evidence submitted, and the various submissions from the two agencies, I now rule as follows.

I.     INTRODUCTION

A. Procedural History:

In early June 2010, counsel for DPPs advised me that they intended to bring a motion to compel Hitachi to produce all documents exchanged with any foreign regulatory documents. Following a conference call on June 3, 2010 and subsequent submissions, on June 30, 2010 I ordered that the motion should proceed only as to documents exchanged by Hitachi with two publically-announced investigations by the Japan Fair Trade Commission and the European Commission. (*See*, Docket No. 1827.) In that Order, I required Hitachi to state whether the EC had issued to it a Statement of Objections,[2] and if so, whether Hitachi had applied to the EC for leniency, whether Hitachi had produced in this case all pre-existing business documents it had submitted to the EC, and where responsive documents were located. In deference to objections from the EC, I excused Hitachi from supplying a log of the documents it was withholding and allowed it to state only the types of document typically exchanged in EC investigations.[3]

On October 12, 2010 Hitachi stated under oath that the EC had not issued a Statement of Objections to it, that Hitachi had produced all pre-existing business documents exchanged with the EC or the JFTC, and that all responsive documents (other than those already produced in this case or submitted to the Department of Justice) are located in Japan.[4]

_____

[2] In EC procedure a Statement of Objections is comparable to a complaint against a party under investigation.

[3] Since the JFTC had not expressed to me any concerns about confidentiality, I ordered Hitachi to provide a specific log of all documents exchanged with the JFTC. As part of its objection to my Order, Hitachi did submit to the Court an expression of the JFTC's concerns. [Docket No. 1870] Therefore, the Court allowed Hitachi to provide as to the JFTC as well only a list of documents typically exchanged. [Docket No. 2036]

[4] Hitachi did not disclose whether it had applied to the EC for leniency because no Statement of Objections had been issued to it, and did not disclose whether it had applied to the JFTC for leniency because Art. 8 of the JFTC Rules on Reporting and Submission of Materials regarding Immunity from or Reduction of Surcharges prohibits Hitachi from doing so.

2

The parties submitted extensive briefing and evidence. On November 22, 2010 Alexander Italianer, the Director General of Competition for the EC, submitted to me a letter expressing his opposition to disclosure of any documents that may have been exchanged with Hitachi during the EC investigation or any information concerning a possible application for leniency. (*See*, Docket No. 2360-3.) He stated that "disclosure…is very likely to seriously undermine the effectiveness of public antitrust enforcement in the European Union as well as other jurisdictions." Finally, he noted that "Hitachi may be under investigation for alleged misconduct in cartel behavior in the TFT-LCD sector" and that the EC's investigation was "ongoing." Following a hearing on December 10, 2010, I ordered Hitachi to submit to me for *in camera* review the documents it had exchanged with both the EC and JFTC. (*See*, Docket No. 2244.) Hitachi filed an objection to my Order. The JFTC submitted a letter dated February 3, 201 opposing the *in camera* review. (*See*, Docket No. 2392.) The EC also opposed the *in camera* review in its letter of February 22, 2010, filed under seal. (*See*, Docket No. 2485.)[5] On February 22, 2011, the Court overruled Hitachi's objection to my Order. (*See*, Docket No. 2482.)

Hitachi submitted to me two CDs containing all documents it had submitted to or received from the JFTC and the EC.[6] The CDs contained JFTC-related documents Bates numbered 1-2697, and EC-related documents Bates numbered 1-2137. On March 25, 2011 I conducted a three-hour *in camera* hearing with counsel for Hitachi during which its Japanese counsel explained the content and significance of the Japanese language documents pertaining to the JFTC, and its EC counsel from London explained the significance of the EC set of documents. The transcript of the hearing has been made available only to counsel for Hitachi

---

[5] The redacted version is **Docket No. 2485-02.**

[6] In the *in camera* hearing, Hitachi explained that it no longer had copies of some pre-existing business documents that the JFTC had seized in a "dawn raid." Hitachi represented that other than the seized documents and possibly some other pre-existing business documents it had submitted to the JFTC that it cannot now identify, it had provided me with all documents submitted to or received from the two agencies.

3

and me.  On March 16, 2011, the JFTC submitted a letter to the Court asking that "any future order not make reference to the confidential information submitted by [it] under seal."

I reviewed the EC-related materials, which were in English, page-by-page.  I determined not to require Hitachi to spend upwards of $100,000 to have the JFTC documents translated until I had learned their general nature.  Therefore, during this *in camera* review, I relied on the description of the contents of the JFTC documents provided on the record by Hitachi's Japanese counsel.

### B. The JFTC-Related Documents:

Hitachi represented that the JFTC's investigation, and hence all the documents Hitachi submitted to the JFTC, concerned only sales in Japan and only sales of LCD panels to Nintendo.  The documents were created during both an investigation phase and a hearing phase.  To the extent I can describe them without unduly revealing their contents, the documents consist of: (a) Requests for Information and Hitachi's responses thereto; (b) non-substantive procedural documents;(c) lists of documents submitted to and seized by the JFTC;(d) opinion letters from counsel for Hitachi;(e) briefs and other material relating to the cease & desist order issued to Hitachi regarding Nintendo; and (f) statements from two Hitachi witnesses and one witness each from Nintendo and Sharp.  Hitachi represented, and has previously stated under oath, that it has produced in this case all pre-existing business documents that it supplied to the JFTC.

### C. The EC-Related Documents:

The EC-related materials consist of:  (a) Requests for Information from the DG Competition dated December 7, 2006 and July 29, 2008, and Hitachi's responses, including supporting pre-existing business documents; (b) correspondence between Hitachi's London counsel and the DG Competition; and (c) other submissions.  The submissions of information include both a complete version, and a version redacted to shield trade secret information.  All Japanese language EC-related documents are accompanied by translations.

II.    ANALYSIS

1

2    The issue for decision is whether, applying the factors required by Supreme Court in

3    *Societe Nationale Industrielle Aerospatiale v. U.S. District Court*, 482 U.S. 522 (1987)

4    ["*Aerospatiale*"], the court should require Hitachi to disclose any or all of the JFTC and EC-

5    related documents in its possession.  Those factors, as applied to this case, are:  the importance of

6    the documents to this MDL litigation; the specificity of DPPs' request; whether the documents

7    originated in and are located in the United States; whether DPPs have alternative means of

8    obtaining the information contained in the documents; and whether the interest of the United

9    States in enforcing its antitrust laws outweigh the interest of the JFTC and EC in maintaining

10   confidentiality of the documents.

11   Plaintiffs place great weight on the district court's application of the *Aerospatiale* factors

12   in *In re Vitamin Antitrust Litigation ("Vitamins")*, Misc. No. 99-197 (TFH), MDL No. 1285,

13   2002 U.S. Dist. LEXIS 26490 (D.D.C. Jan. 23, 2002). However, that out-of-circuit case did not

14   address specific assertions by the EC and JFTC of their confidentiality interests, such as have

15   been submitted in the present case.  Thus, I find more persuasive the more recent decisions that

16   did take into account such specific assertions by foreign antitrust authorities.  *See, e.g., In re

17   Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 05-MD-

18   1720(JG)(JO), 2010 U.S. Dist. LEXIS 89275 (E.D. NY Aug. 27, 2010) (concluding the EC's

19   asserted interest in confidentiality was entitled to prevail based on an analysis of the *Aerospatiale*

20   factors); *see also, In re Rubber Chemicals Antitrust Litigation*, 486 F.Supp.2d 1078, (N.D. Cal.

21   2007)  (finding "any marginal benefit that the plaintiff would gain from disclosure is outweighed

22   by the impact that disclosure will have on the Commission's interests in the effective

23   enforcement of its competition laws and its cooperation with the U.S. to enforce those laws

24   internationally").

25   Applying the *Aerospatiale* factors, and based on my *in camera* review of the documents

26   at issue, I find the marginal benefit of allowing discovery of the documents to be outweighed by

27   the impact that disclosure will have on the EC's and JFTC's interests in the effective

28

5

1    enforcement of their respective competition laws and their cooperation with the U.S. to enforce

2    those laws internationally.

3         *Importance of the documents*:  Plaintiffs contend that the documents are important to this

4    litigation because: 1) one witness has invoked the Fifth Amendment and two others are expected

5    to do so; 2) Hitachi has produced between two and three million pages of mostly Japanese-

6    language documents; 3) information contained in the requested documents may ameliorate the

7    difficulties plaintiffs have faced in discovery; and 4) any doubts about how helpful the

8    information will be should be resolved in plaintiffs' favor.  Having now reviewed the documents

9    *in camera*, I do not find any of these contentions persuasive.

10        More than 75% of the documents appear to be pre-existing business documents.  Most of

11   the information Hitachi supplied in response to the agencies' Requests for Information appears to

12   be general information about its corporate structure, the identity of LCD-related employees, and

13   general sales and market share data.  Based on my review of the EC documents, and assuming

14   that the JFTC documents are not materially different, fewer than 10% of the documents (other

15   than pre-existing business documents) appear to contain cartel-specific information about

16   competitor meetings and information exchanges.  Moreover, plaintiffs have already obtained

17   through discovery much, if not all, of the information contained in these documents:  corporate

18   structure, key witnesses, and competitor-meetings.  Finally, as noted above, the JFTC

19   investigation focused only on sales in Japan, and specifically on sales to Nintendo, none of

20   which are at issue in the present case.  This case, of course, deals exclusively with U.S. sales to a

21   large number of manufacturers of a wide variety of products.  Therefore, the JFTC documents as

22   a whole appear to have little relevance to this case.

23        The fact that certain documents may make it easier for a party to review a large number

24   of non-English language documents does not render such documents *substantively* important to

25   the case.  Defendants' contention that plaintiffs are seeking "an opportunity to free ride on the

26   investigations of the EC and the JFTC," and their reliance on work product protection cases, is

27   not entirely without merit.  Plaintiffs appear to be seeking a short-cut to dealing with the

28   customary burdens of proving their case.  In the work product context, absent a strong showing

6

of need, the fruits of another party's lawyer's efforts are outside the scope of discovery. *See Hickman v. Taylor*, 329 U.S. 495(1947). The Court in *Hickman* explained that:

> "Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served."

A similar rationale makes sense in the context of exchanges between companies and foreign antitrust authorities, because candor suffers when there is a risk of later disclosure to an adverse party. Thus, as in the work product context, it seems appropriate here to exclude from the "importance" factor documents created or exchanged in confidence for purposes of legal proceedings in the foreign country absent a showing that the substantive information is not otherwise available to the propounding party. Here, plaintiffs admit they have received millions of relevant documents, albeit in Japanese. They have not shown that the only way they can adequately review those documents is to first review Hitachi's submissions to the EC and JFTC.

With regard to the witnesses who have asserted the Fifth Amendment, plaintiffs have not shown that the numerous other witnesses available to them cannot supply the information they need. In the event a significant number of other witnesses assert the Fifth Amendment, or for other reasons plaintiffs are unable to obtain deposition testimony from witnesses with adequate knowledge of the facts, plaintiffs may seek reconsideration of this order as to any statements by, or documents authored by, those witnesses that may be included among the EC-related or JFTC-related documents at issue in this motion.

With regard to Judge Illston's remarks on the record regarding plaintiffs having the "benefit of the doubt," those comments were made before I ordered and conducted the *in camera* review, and were based on the then-existing ambiguity as to what responsive documents existed. *See* Declaration of Brendan P. Glackin in Support of Direct Purchaser Class Plaintiffs' Motion to Compel Production of Foreign Regulatory Documents, Exh. D at pp. 13-14. It is far from clear

1    whether Judge Illston would expect any such "benefit of the doubt" to remain in effect after

2    Hitachi disclosed to me the actual documents at issue.

3        Case law teaches that where the disputed documents are cumulative or not "outcome-

4    determinative" or "directly relevant," a court should be cautious about requiring disclosure in the

5    face of comity objections. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468,

6    1475 (9th Cir. 1992). Here, the documents relevant to this litigation are largely cumulative and

7    are *not* outcome-determinative. Therefore, I conclude that this factor weighs somewhat against

8    requiring Hitachi to produce.

9        *Specificity of DPPs' requests*: As I noted in my prior order, this factor weighs in favor of

10    the requesting parties. Although their initial Request Nos. 1-4 were quite broad, they made every

11    effort to obtain a log or description of the documents so that they could focus in on those

12    documents they really seek. Hitachi, following the direction of the EU and the JFTC, declined to

13    provide any such specifics. Thus, the requests were as specific as possible under the

14    circumstances.

15        *Origin and Location of the Documents*: Except for those documents provided to DOJ or

16    produced in this case, and some that are in possession of Hitachi's U.S. counsel, the disputed

17    documents originated in Japan or Europe, and are now located in London and Japan. However,

18    Hitachi is readily able to produce the documents if so ordered, and is subject to this court's

19    jurisdiction. Therefore, this factor weighs strongly in favor of requiring Hitachi to produce.

20        *Alternative Sources for the Information*: As noted above, DPPs already have the pre-

21    existing business documents, and it is highly likely that virtually all the information contained in

22    the disputed documents is known in some form to DPPs. What DPPs do not know, and what the

23    disputed documents do show, is which documents, which competitor meetings, which other

24    events and evidence Hitachi considered significant enough to disclose to regulators. That is, the

25    documents would reveal Hitachi's <u>selection</u> and <u>organization</u> of materials, and hence the priority

26    it gave to some information over other. However, it might well be inaccurate to infer that the

27    information Hitachi disclosed to regulators was the <u>most relevant</u> to the case or <u>most damning</u> to

28    Hitachi, or that it reflected Hitachi's priorities, because Hitachi may have had a range of motives

in selecting the material to disclose. Most obviously, it would have disclosed what the regulators

asked for, which may not be what DPPs want or need to advance their case. On balance, while

the documents I reviewed would no doubt be of some use to DPPs and even may conceivably

contain a few items of previously-unknown evidence, I conclude that this factor weighs

somewhat against requiring Hitachi to produce.

_Balancing of Interest of U.S. in Enforcing Antitrust Laws Against Interest of Foreign_

_Regulators in Confidentiality_. This factor is the most important[7] and the most difficult to

evaluate. The two agencies have expressed concern to the court about disclosure of materials

obtained or generated in connection with ongoing antitrust investigations. Both agencies express

their strongest objections to any disclosure of whether Hitachi has applied for leniency, and if it

has, any disclosure of materials it submitted in connection with such an application.[8] The

regulations of both agencies prohibit a party from disclosing whether it has applied for leniency.[9]

A breach of the confidentiality obligation will bar a party from obtaining leniency. Nothing in

this Order is intended to imply or suggest whether Hitachi has in fact applied for leniency from

either the EC or the JFTC.

The agencies' main concern is basically that the leniency programs have been fertile

avenues for enforcement of antitrust laws, and that parties would be dissuaded from applying and

furnishing information if they feared that the information would be made available in private

---

[7] _See Richmark_, 959 F.2d at 1476.

[8] The EC adopted its leniency program in 2002, which allows a party to an investigation to obtain a reduction in any fine in return for providing information and documents about the alleged cartel. The JFTC adopted a comparable leniency program in 2006. Both programs afford higher fine reductions to parties that file for leniency early. An applicant to the EC for leniency must show that it has contributed "significant added value" to the Commission's investigation – thus again providing an impetus to parties to apply early and to be very forthcoming with information. _See_ Commission Notice on Immunity from fines and reduction of fines in cartel cases (2006/C 298/11) ("Leniency Notice"), ¶ 24.

[9] The JFTC prohibits disclosure of a leniency application "without justifiable reason." _See_ Declaration of Harumichi Uchida ("Uchida Decl.") (Docket No. 1870), ¶¶ 8 & 9. The EC prohibits an applicant for leniency from disclosing "the fact or any of the content of its application" unless and until the EC has issued the applicant a Statement of Objections. _See_ Leniency Notice, ¶ 12(a). At that point, all parties to whom a Statement of Objections has been issued may see leniency applications, but are limited to viewing them on the Commission's premises, may not disclose the information to third parties, and must use the information only for purposes of their own defense. _See_ Leniency Notice, ¶ 7.

antitrust actions in the United States. The JFTC reports that the number of leniency applications
has increased from 26 in 2005 to 85 in 2009. Uchida Decl., ¶7 (Docket No. 1870). The EC
maintains that its leniency program is its "most important investigative tool…which has proven
to be a highly successful instrument for detecting cartels in Europe." *See* EC letter dated
2/15/11(Docket No. 2485-2). The JFTC expresses concern that disclosure of leniency-related
materials could "put pressure" on an applicant or "cause the collusion of stories." *See* JFTC
letter dated 2/3/11 (Docket No. 2392). Moreover, in the EC, if leniency materials submitted by
one party became public, other parties would be dissuaded from applying if they concluded that
they could not provide "significant added value." As long as leniency materials are secret, other
parties will be more inclined to file themselves in the hope that their information will prove to be
new and important. Finally, the JFTC stated that its investigation of Hitachi as to LCD-related
conduct "has yet to be completed." The EC stated that the fact that Hitachi was not an addressee
of the Statement of Objections in May 2009 "does not necessarily exclude the possibility that
Hitachi may be under investigation for alleged participation in cartel behavior in the TFT-LCD
sector" for conduct other than that which was the subject of the May 2009 Statements of
Objections. *See* EC letter dated 11/22/10 (Docket No. 2360-3). Therefore, it is clear that any
leniency materials which may be in these documents should not be disclosed.

  As to materials submitted by Hitachi in response to the agencies' requests for
information, for the reasons set forth above I conclude that these materials are not of sufficient
novelty or importance to the case to justify their disclosure.

  I conclude that the JFTC's and EC's interests in maintaining the confidentiality of
materials obtained or generated in connection with ongoing antitrust investigations outweighs the
United States' interest in allowing discovery of the materials in this case. It does not appear that
the United States has a strong interest in obtaining this information. While any information that
would tend to incriminate an antitrust offender is in some sense useful to the enforcement of
American antitrust laws, in this particular case the material itself largely duplicates or overlaps
other information produced in discovery and available to enforcement authorities. The
Department of Justice located enough evidence to obtain guilty pleas from Hitachi and other

defendants. Plaintiffs in this case have obtained about seven million documents in discovery from defendants. My review of the EC and JFTC documents did not reveal any significant areas of information that has not been elicited already. Although it is possible that the documents could disclose an additional witness, or a previously undetected meeting of conspirators, or a new nuance of an admission by Hitachi, that possibility in this case is slim and thus pales in comparison to the likely damage that mandating disclosure could do to the enforcement regimes of Japan and Europe. Accordingly, I conclude that this factor weighs strongly against requiring disclosure of any of the EC-related and JFTC-related documents, whether or not they relate to any leniency request that may or may not have been made by Hitachi.

### Order

Based on the foregoing analysis of the *Aerospatiale* factors, and good cause appearing, it is ORDERED that DDPs' motion to compel is DENIED.


Dated: April 26, 2011

_____/s/_____
Martin Quinn, Special Master

Defendants' Attachment 16

**United States District Court**
For the Northern District of California

1

2

3

4

5                IN THE UNITED STATES DISTRICT COURT

6           FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  IN RE: CATHODE RAY TUBE (CRT)   )  Case No. C 07-5944 SC
   ANTITRUST LITIGATION            )  MDL No. 1917
                                   )
9                                  )  ORDER DENYING MOTION TO COMPEL
                                   )
10                                 )
                                   )
11                                 )
                                   )
12 _____  )

13

14  **I.   INTRODUCTION**

15       Now before the Court is the Direct Action Plaintiffs' ("DAPs")

16  motion to compel production of a document from Defendants Chunghwa

17  Picture Tubes, Ltd., LG Electronics, Philips, Samsung SDI, Toshiba

18  Corp., Panasonic, and MTPD (collectively "Defendants").  The

19  parties briefed this motion before the case's Special Master, who

20  referred the matter to the Court.  ECF No. 2432.  The motion is

21  fully briefed, ECF Nos. 2446 ("Mot."), 2449 ("Opp'n"), and

22  appropriate for resolution without oral argument, Civ. L.R. 7-1(b).

23  The motion is DENIED, as explained below.

24

25  **II.  BACKGROUND**

26       The parties are familiar with this case's factual background.

27  The facts germane to this motion are as follows.  The DAPs seek

28  production of a confidential European Commission ("EC") decision

1   (the "Decision"), issued on December 5, 2012, which relates to EC

2   investigations regarding the Defendants' participation in an

3   alleged price-fixing conspiracy regarding color display tubes

4   ("CDTs") and color picture tubes ("CPTs"), two different types of

5   cathode ray tubes ("CRTs").  The EC has not yet published a public

6   or redacted version of the Decision, but a summary of the Decision

7   confirms that these Defendants, plus Technicolor, were found to

8   have participated in price-fixing cartels for CDTs and CPTs, and

9   were collectively fined more than € 1.47 billion.  Mot. Ex. 2

10  ("Summary") ¶¶ 1, 11-12.  Public statements regarding the Decision

11  state that the two cartels were highly organized, aware of the

12  illegality of their activity, and ultimately successful in imposing

13  harmful price increases on consumers.  Id. Ex. 3 ("EC Press

14  Release").  When the EC issued the Decision, it said that it and

15  the companies involved were trying to establish a public, redacted

16  version "with a view to a quick publication," though as of this

17  Order's signature date, no such public version has been made

18  available.  Id. Ex. 4.

19      In 2010, the Direct Purchaser Plaintiffs ("DPPs") served

20  Defendants with a discovery request related to the EC's

21  investigation (since, at that time, the Decision had not yet

22  issued), but Defendants continually refused based on their belief

23  that European Union ("EU") law and EC policy prohibited the

24  disclosure of those documents.  Now the DAPs seek production of the

25  Decision, but Defendants still refuse.  See Opp'n at 1-6.

26  ///

27  ///

28  ///

**United States District Court**
For the Northern District of California

III.   **DISCUSSION**

The Federal Rules of Civil Procedure authorize party-initiated discovery of any evidence that is relevant to any party's claims or defenses.  Fed. R. Civ. P. 26(b)(1).  However, Rule 26 grants the court discretion to limit discovery on several grounds, including international comity.  See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa, 482 U.S. 522, 544 (1987).  American courts, in supervising pretrial proceedings, should exercise special vigilance to demonstrate due respect for any sovereign interest expressed by a foreign state. Id. at 546.

"Comity, in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other."  Id. at 544 (citing Hilton v. Guyot, 159 U.S. 113, 163-64 (1895)).  It is the recognition that one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.  Id.; In re Rubber Chems. Antitrust Litig., 486 F. Supp. 2d 1078, 1081 (N.D. Cal. 2007).

The Supreme Court and the Ninth Circuit agree that comity and foreign law alone will not be dispositive when a discovery dispute arises regarding a foreign law's protection of documents sought in a United States court.  See id. at 544 & n.29; Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 208 (1958); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1474-75 (9th Cir. 1992).  The Court

must consider the following factors in determining whether or not
foreign law excuses noncompliance with a United States court's
discovery orders:

> (1) the importance to the . . . litigation of the
> documents or other information requested; (2) the degree
> of specificity of the request; (3) whether the
> information originated in the United States; (4) the
> availability of alternative means of securing the
> information; and (5) the extent to which noncompliance
> with the request would undermine important interests of
> the United States, or compliance with the request would
> undermine important interests of the state where the
> information is located.

Aerospatiale, 482 U.S. at 544 n.28. This list is not exhaustive.
The Ninth Circuit has also considered other factors, including "the
extent and the nature of the hardship that inconsistent enforcement
would impose upon the person, . . . [and] the extent to which
enforcement by action of either state can reasonably be expected to
achieve compliance with the rule prescribed by that state." United
States v. Vetco, Inc., 691 F.2d 1281, 1287 (9th Cir. 1981);
Richmark, 959 F.2d at 1475. Defendants do not dispute the
request's specificity, but they contend that no other factor
counsels granting the DAPs' motion. Id.

First, courts are less inclined to ignore a foreign state's
concerns if the outcome of litigation "does not stand or fall on
the present discovery order," or if the evidence sought is
cumulative. Richmark, 959 F.2d at 1475; In re Rubber Chems., 486
F. Supp. 2d at 1082. The DAPs argue that the Decision is important
because it concerns the formation and duration of the conspiracy,
the conspiracy's geographic reach, the price-fixing activities at
the conspiracy's center, and the conspirators' attempts to conceal
the conspiracy's existence. Mot. at 4. Defendants contend that

**United States District Court**
For the Northern District of California

1    the Decision is irrelevant, because it concerns the European CDT

2    and CPT market and applies EU, not US, law. Opp'n at 2-3.

3       The Court finds the Decision is relevant, because the DAPs'

4    and other plaintiffs' allegations in this case have always

5    concerned the international character of the alleged CRT

6    conspiracy. Applicable law would clearly be different in a foreign

7    jurisdiction, but the Decision could include relevant facts

8    regardless of any foreign legal analysis. This weighs for

9    production.

10      Second, the DAPs do not dispute the fact that the Decision

11    originated from the EU, not the US. This weighs against production

12    due to the EU's sovereign interest in governmental information

13    produced within its borders. See In re Rubber Chems., 486 F. Supp.

14    2d at 1083; see also In re Air Cargo Shipping Svcs. Antitrust

15    Litig., 278 F.R.D. 51, 52-53 (E.D.N.Y. 2010). Further, Defendants

16    do not appear to have released the Decision in other litigation,

17    and they have continually relied on the application of EU

18    confidentiality law in the present dispute. This also weighs

19    against production.

20      Third, the parties dispute the availability of the Decision

21    outside this demand for production. Defendants contend that the

22    Decision will be available as soon as the EC completes its

23    preparation of a public version. Opp'n at 4. They also note that

24    fact discovery does not close for six months, during which time

25    publication of the Decision is likely. Id. at 4-5. The DAPs argue

26    that no alternative means of learning the Decision's detailed

27    findings are available, and that since Defendants' cooperation is

28    necessary for production of a public version of the Decision,

1    Defendants have an incentive to proceed very slowly in order to

2    avoid producing the Decision in this litigation.  Mot. at 4, 7.

3    The Court finds that this factor weighs in favor of production,

4    because there does not appear to be an alternative means of

5    accessing the Decision without contravening EU law and policy.

6        However, since the Court explains below that the EU's

7    interests override the need for production in this case, the Court

8    notes here that the speedy development of a public version of the

9    Decision is highly important.  Defendants state that publication of

10   a non-confidential version of the Decision within six months is

11   "likely."  Opp'n at 4.  Because they already appear to be on notice

12   of the importance of that publication, Defendants are encouraged to

13   proceed apace with their collaboration in the EC's public version

14   of the Decision.

15       Finally, the Court must balance international comity with the

16   policies of the Federal Rules of Civil Procedure in order to

17   determine the extent to which noncompliance with the discovery

18   request would undermine important United States interests, compared

19   to how compliance could undermine important interests of the state

20   where the information is located.  Aerospatiale, 482 U.S. at 544.

21   In evaluating the interests on both sides, the Court considers both

22   "expressions of interest by the foreign state" and "indications of

23   the foreign state's concern for confidentiality prior to the

24   controversy," as well as the United States' interest in vindicating

25   American plaintiffs' rights.  Richmark, 959 F.2d at 1477.

26       The DAPs contend that the investigation behind the Decision is

27   over, that they do not seek the underlying investigative materials

28   (only the Decision itself), and that the EC's delay in issuing a

1    public version of the Decision are all factors favoring production.

2    Mot. at 4.  The DAPs also argue that any confidentiality concerns

3    are lessened where few Defendants remain in the CRT business and a

4    protective order on the case shields any designated information

5    from the public.  Id.

6         Defendants argue that EU law and EC policy are very clear

7    here: disclosure of the Decision would violate foreign law,

8    frustrate the EC's investigations of antitrust cases, and subject

9    Defendants to harsh sanctions at home and abroad.  In support of

10   this, they supply a letter from Eric van Ginderachter, Director of

11   the EC's Directorate General for Competition ("DG Competition"),

12   which the Supreme Court has recognized as "the European Union's

13   primary antitrust law enforcer."  Intel Corp. v. Advanced Micro

14   Devices, Inc., 542 U.S. 241, 250 (2004); Opp'n Ex. D ("DG

15   Competition Letter").

16        The Court finds that comity outweighs discovery in this

17   instance.  In terms of law, Article 337 of the Treaty of the

18   Functioning of the European Union and Article 28 of EC Regulation

19   1/2003 require the EC to refrain from disclosing information

20   acquired or exchanged pursuant to the EU's competition laws.  EU

21   law also potentially subjects parties who disclose such

22   confidential information to official sanctions, including being

23   reported to their home jurisdictions' bars.  In terms of policy,

24   the DG Competition Letter states that even though its investigation

25   as to these Defendants is over for purposes of the Decision, it

26   objects to the Decision's disclosure because its leniency program

27   "is a cornerstone of its cartel detection and enforcement," whose

28   "optimal functioning requires that a party that comes forward and

cooperates with the Commission does not find itself worse-off vis-à-vis the non-cooperating cartel members as a result of doing so." DG Competition Letter at 3. The EC also relies on cooperation from United States law enforcement agencies, including the Department of Justice, and while the Letter does not say as much, the cooperation of United States and EU agencies is an aspect of comity. See In re Rubber Chems., 486 F. Supp. 2d at 1084 (noting that a similar letter from the DG Competition objecting to disclosure of a similar decision could impact US-EU cooperation in international antitrust enforcement).

The Court therefore finds that the final factor weighs against disclosure, and that it also outweighs the benefit the DAPs might receive in obtaining the Decision. However, as noted above, Defendants seem optimistic about the EC's publication of a public version of the Decision before the close of discovery in this case. They are advised to assist in that task.

## IV.  **CONCLUSION**

For the reasons explained above, the Direct Action Plaintiffs' motion to compel is DENIED without prejudice.


IT IS SO ORDERED.


Dated: March 26, 2014         _____

                              UNITED STATES DISTRICT JUDGE

# Defendants' Attachment 15 (Filed Under Seal)

Defendants' Attachment 18

1   Hon. Charles A. Legge (Ret.)
2   JAMS
    Two Embarcadero Center, Suite 1500
3   San Francisco, CA 94111
    Telephone: (415) 774-2644
4   Fax: (415) 982-5287
5   Special Master

6

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12

13  IN RE: CATHODE RAY TUBE (CRT)              CASE No. 07-5944 SC
    ANTITRUST LITIGATION
14                                             MDL No. 1917
    CRAGO, INC., et al.,
15                                             ~~[PROPOSED]~~ ORDER RE
                  Plaintiffs,                  DISCOVERY AND CASE
16                                             MANAGEMENT PROTOCOL

17        vs.

18  CHUNGHWA PICTURE TUBES, LTD., et al.,

19                Defendants

20
    _____
21  This Document Relates to ALL CASES

22

23

24

25

26

27

28

                                1

# I.   **NUMBER OF DEPOSITIONS**

A.      At least twenty-one (21) days prior to noticing depositions of specific percipient witnesses employed by a particular defendant group, direct purchaser plaintiffs, indirect purchaser plaintiffs, individual action plaintiffs, and State Attorneys General shall provide to that defendant group a reasonable list of the persons they propose to depose in the initial round of depositions based on their knowledge of the current discovery record. Within fourteen (14) calendar days after service of a list, the defendant group shall respond in writing and advise plaintiffs of any witnesses who defendants believe have no knowledge, or only marginal knowledge, of the relevant facts, as well as identify any witnesses who defendants have been informed will assert their Fifth Amendment privilege against compelled self-incrimination. The defendant group's representations are to be taken into consideration but are not determinative as to whether a deposition will be noticed.

B.      Based on the implementation of the foregoing procedures, the direct purchaser plaintiffs, indirect purchaser plaintiffs, individual action plaintiffs, and State Attorneys General ("CRT Plaintiffs") collectively may depose up to 120 percipient witnesses as part of the joint, coordinated discovery in this case, with a maximum of 12 depositions for any single defendant group. Defendants shall produce for deposition the specific percipient witnesses employed by them.  Defendants may collectively depose each natural person named as a plaintiff or as a class representative and up to 10 percipient witnesses of each plaintiff group.  A plaintiff group is defined as plaintiffs who are part of the same corporate family.

These limits do not include Rule 30(b)(6) depositions, depositions of third parties, depositions of experts, or depositions of records custodians regarding authentication of documents.

C.      Direct purchaser plaintiffs and indirect purchaser plaintiffs collectively may take up to 15  hours of 30(b)(6) depositions of each defendant group as part of the joint, coordinated

discovery, provided the depositions are conducted entirely in English. Individual Action Plaintiffs collectively may take up to 3 hours of 30(b)(6) depositions as part of the joint, coordinated discovery, provided the depositions are conducted entirely in English. State Attorneys General collectively may take up to 3 hours of 30(b)(6) depositions as well as part of the joint, coordinated discovery, provided the depositions are conducted entirely in English. Defendants collectively may take up to 15 hours of 30(b)(6) depositions of each plaintiff group, except for those government plaintiffs represented by the California Attorney General, provided the depositions are conducted entirely in English. If an interpreter is used during a 30(b)(6) deposition, the rules for increasing deposition time set forth in paragraph II.D below apply. The parties shall meet and confer about 30(b)(6) topics and witnesses. These 30(b)(6) depositions shall not count towards the number of percipient witness depositions in paragraph 1.B.

D.     The above limitations on the number and the hours of depositions are presumptive only. The purpose of these presumptive limits is to encourage the judicious use of depositions, not to arbitrarily restrict access to evidence. The numbers and the hours of depositions may be expanded by stipulation, or for good cause upon motion to the Court or the Special Master. For example, depending on the number, scope and length of Fifth Amendment depositions, any of the CRT Plaintiffs could seek additional depositions, or request that Fifth Amendment depositions not count against the allowance. Defendants may oppose any such request on any appropriate ground, including the burden of depositions already taken pursuant to this Order and the time spent with any of the Fifth Amendment depositions previously taken.

E.     This order does not limit any party's right to object to or seek a protective order with respect to any deposition noticed in this case. In addition, the presumptive number of depositions and number of hours are without prejudice to any party seeking to expand or further limit the number of depositions.

3

## II.    DEPOSITION PROCEDURES

A.    All deposition limitations may be modified for good cause or by agreement.

B.    Except for depositions of a corporate representative under Fed. R. Civ. P. 30(b)(6), no more than one substantive deposition shall be taken on any one day.

C.    Depositions jointly noticed by the Direct/Indirect Purchaser Plaintiffs will be limited to 7 hours of direct examination, unless the Parties otherwise agree or the Court or the Special Master issues an order based on a showing of good cause. In the event the same witness is noticed by the Direct/Indirect Purchaser Plaintiffs and counsel for any Individual Action Plaintiff and/or any State Attorney General, the deposition will be limited to one and one-half (1 1/2) days of deposition, consecutive when reasonably practicable, with one day (7 hours) allocated to the Direct/Indirect Purchaser Plaintiffs for direct examination of any witness who does not require a translator and four (4) hours allocated each to the Individual Action Plaintiffs and separately to the State Attorneys General for direct examination of any such witness.  To the extent any defendant cross-notices a deposition first noticed by the CRT Plaintiffs, two additional hours of time shall be provided for further examination by the CRT Plaintiffs collectively.  In the event a party or parties cross notices a deposition first noticed by an opposing party, the deposition shall be scheduled for an additional consecutive day of 7 hours allocated to all cross-movants of the cross-noticing side collectively, unless a different arrangement is agreed to by the Parties in advance or ordered by the Court or the Special Master for good cause.

D.    To the extent a witness requests an interpreter, the Parties anticipate that the interpreter will be used either for all of the deposition or for only a small number of questions.  To the extent an interpreter is used for all or nearly all of the deposition, the time limits set forth in Paragraphs I.B. and C. and II.C above shall be doubled.  In all other situations, the Parties will cooperate in good faith to extend the deposition time to account for the use of the interpreter,

4

guided by the principle that deposition time during which an interpreter is used should be counted at 50% or one half the actual amounts against the above set limits.

E.    A witness may be deposed only once in these proceedings, unless a witness properly revokes an earlier assertion of the Fifth Amendment, by agreement of the Parties, or by order of the Court or the Special Master based on a showing of good cause. This limitation will not affect the rights of a Party to seek to depose as a fact witness an individual who has been previously deposed solely as a corporate representative of a Party designated under Fed. R. Civ.P. 30(b)(6), or of other Parties to object to such depositions. Nor will this procedure affect the rights of a Party to seek a corporate representative deposition under Fed. R. Civ. P 30(b)(6) when the corporate representative has been previously deposed as a fact witness, or of other Parties to object to such depositions.

## III.    ALLOCATION OF DEPOSITION TIME

A.    Time used by an examining Party shall count against that side's (i.e., Direct/Indirect Purchaser Plaintiffs', Individual Action Plaintiffs', State Attorneys' General or Defendants') deposition time, regardless of which Party noticed the deposition.  For example, if a lawyer representing Direct Purchaser Plaintiffs asks questions at a deposition noticed by a defendant, that examination time shall count against all Direct/Indirect Purchaser Plaintiffs' and Individual Action Plaintiffs'/State Attorneys General's deposition time, and vice versa.

B.    As to all depositions noticed by Direct/Indirect Purchaser Plaintiffs, Interim Lead Counsel for the Direct Purchaser Plaintiffs, Interim Lead Counsel for the Indirect Purchaser Plaintiffs, and the State Attorneys General shall confer before the deposition to allocate examination time among any plaintiffs' counsel intending to participate and ask questions at the deposition.  All examination time allocated to the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs at a deposition shall be allocated to them in equal shares unless otherwise

5

1  agreed to by the Interim Lead Counsel for the Direct Purchaser Plaintiffs and the Interim Lead

2  Counsel for the Indirect Purchaser Plaintiffs. Counsel for any plaintiff objecting to the allocation

3  of examination time among plaintiffs shall be required to seek relief from the Special Master by

4  means of a teleconference hearing no later than seven (7) days before the date of the deposition.

5       C.    As to depositions noticed by Defendants, Individual Action Plaintiffs, or States

6  Attorney General, the examination time shall be allocated by agreement among them, based on the

7  allocations set forth above. Counsel for any Party objecting to that allocation of examining time

8  shall be required to seek relief from the Special Master by means of a teleconference hearing no

9

10  later than seven (7) days before the date of the deposition.

11       D.    To the extent Direct/Indirect Purchaser Plaintiffs, Individual Action Plaintiffs, State

12  Attorneys General, or Defendants cross-notice a deposition, the time needed to conduct any

13  examination under such cross-noticed deposition shall not be deducted from the time of the Party

14  who originally noticed the deposition.

15  **IV.   SCHEDULING OF DEPOSITIONS**

16

17       A.    Counsel for the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs,

18  Liaison Counsel for the Individual Action Plaintiffs, and counsel for the State Attorneys General,

19  will consult with one another to coordinate, to the extent practicable, all scheduling, noticing and

20  taking of depositions. Neither counsel for the Direct Purchaser Plaintiffs, the Indirect Purchaser

21  Plaintiffs, the Individual Action Plaintiffs, nor the State Attorneys General shall unilaterally take

22  steps to schedule and notice a deposition without consulting in advance with each other. Counsel

23  for the Direct/Indirect Purchaser Plaintiffs will provide reasonable advance notice to Liaison

24  Counsel for the Individual Action Plaintiffs and counsel for the State Attorneys General of any

25  scheduled deposition. The duty to consult in advance is neither intended to give any party or group

26

27

28

6

of parties a veto right over other parties, nor intended to lessen the previously assigned role of Direct/Indirect Purchaser Plaintiffs' counsel in co-coordinating this litigation.

B.     The Defendants will consult with one another so that, to the extent practicable, depositions noticed by the Defendants can be coordinated.

C.     Required Consultation.  Consistent with N.D. Cal. Local Rule 30-1, the noticing party shall confer about scheduling with counsel for the witness, and, to the extent the witness is a current or former employee of any Party, counsel for that Party, before noticing any deposition. Counsel for each Party participating in such consultations shall keep their Party's liaison counsel apprised of all proposed deposition dates. To the extent the witness is a former employee of any Party and is not currently represented by counsel for that Party, counsel for that Party shall provide in response to a written request from the noticing Party the date of departure and last known address of the former employee, except to the extent providing such last known address would violate the privacy law (or similar law) of a foreign country.

D.     Exhibit List. Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect Purchaser Plaintiffs will maintain a master exhibit list to facilitate sequential numbering of exhibits, and will reasonably share this list with any Party that requests it.

E.     Deposition Notices.  Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure and all notices shall be served on all Parties electronically. Any subpoenas for deposition testimony shall be served on witnesses as required by law, but copies may be served electronically on all Parties.  Deposition notices shall have the legal effect of a deposition notice in all CRT Cases.

## V.     POSTPONEMENTS

Once a deposition has been scheduled, it shall not be taken off calendar, postponed, or rescheduled, except by agreement of the counsel responsible for scheduling as set forth above, or

by other relief obtained from the Special Master or the Court for good cause shown.

## VI.    LOCATION

In order to minimize expense and inconvenience to the parties, witnesses and counsel, as well as to permit judicial intervention for ongoing depositions (if necessary), depositions of witnesses residing in foreign countries shall presumably take place in the Northern District of California unless a foreign witness or a party shows that it is more appropriate to have a deposition taken at a place outside the United States. The requesting party or parties shall be responsible for payment of reasonable traveling and lodging expenses for any 30 (b)(6) foreign resident witnesses produced in the United States, unless there are other reasons for the deponents' presence in the United States. Other than 30 (b)(6) witnesses, it will be presumed that the expenses of the traveling and lodging for witnesses will be borne by the witness or his employer.

The parties shall meet and confer regarding the locations in attempt to resolve any issues without judicial intervention. Disputes that cannot be resolved through the meet and confer process shall be decided on an expedited basis by the Special Master through a telephonic hearing with no briefing unless ordered.

Given the travel costs involved, the Parties are to be flexible about completing and continuing depositions in order to avoid repeat travel. Witnesses will remain available day-to-day until their depositions have been completed, as long as that deposition does not exceed the time allotted above. For depositions that occur outside the United States, Defendants shall make good faith efforts to "cluster" depositions in specific areas.

## VII.    INTERPRETERS AND INTERPRETED TESTIMONY

A.    Requesting an Interpreter.   Any Party or witness intending to use an interpreter shall give notice that an interpreter will be required within 10 days of receiving notice of the deposition. The Party requesting an interpreter shall bear the expense of providing an interpreter.

B.    Objections.  If a "check" interpreter objects to any portion of the official interpretation, the objection shall be stated simply for the record.  The interpreter of record need not respond.

All questions, answers, objections and colloquy between counsel shall be interpreted for the witness; however, all counsel shall refrain from unnecessary colloquy and lengthy speaking objections, so as not to obstruct the depositions.

## VIII.  PRE-DESIGNATION OF EXHIBITS

Not later than four business days before a deposition, all Parties intending to examine a deponent may serve via electronic mail a non-binding list of documents (by Bates number) that counsel anticipates using or referring to during the deposition.  Examining counsel is not responsible for bringing copies of pre-designated exhibits for other counsel.  Any counsel who does not pre-designate documents shall not forfeit the right to use them, but in that case shall bring sufficient copies of such documents to the deposition.  Counsel are not obligated to pre-designate exhibits.  With respect to all exhibits that have been marked and used in a prior deposition in a CRT case, "sufficient copies" shall mean four (4) hardcopies.  With respect to any "new" exhibit (i.e., an exhibit that has not been marked and used in a prior deposition in a CRT case), "sufficient copies" shall mean either at least ten (10) hardcopies if the deposition takes place in San Francisco, or at least six (6) hardcopies if the deposition takes place outside of San Francisco.  In all events, examining counsel, defending counsel, and all other counsel attending the deposition shall cooperate in good faith so that counsel for each Party attending the deposition will have adequate access during the deposition to an exhibit used by examining counsel during the deposition.

## IX.    PARTICIPATION BY TELECONFERENCE

To minimize travel and related costs, counsel may participate in any deposition by

telephone. Counsel intending to do so must notify counsel for the Party that noticed the deposition

and counsel for the witness at least 5 days before the date of the deposition. Counsel noticing the

deposition shall make arrangements so that a conference call line and a real-time video and text

feed are available during the deposition. Any party appearing by real-time video, text feed, or

conference call line shall be responsible for the cost of the additional feature. Examining counsel

and counsel intending to participate by phone shall cooperate in good faith to facilitate such

participation. To facilitate participation by phone, any objection to the form of a question shall be

deemed to have been made on behalf of all other Parties.

## X.   NUMBERING OF DEPOSITION EXHIBITS

Each document marked for identification at a deposition shall be numbered with a new

exhibit number unless it has previously been marked, in which case the examining attorney will

use the previous exhibit number and refer to the document by that number. All exhibits shall be

marked sequentially. For documents that have been translated, the translation should share the

same Exhibit number as the underlying document and shall be followed with the letter "E"

signifying it as a translated version of the document. Should a translated document entered into

the record become altered at a later date as a result of resolved objections to the translation as

provided *infra* at Section XVI.F, the updated version shall be labeled with the same numbered

designation and followed with "EF" signifying a final translated version.

## XI.   CONDUCT OF DEPOSITIONS

A.   Regardless of location, all depositions shall be conducted in accordance with all

applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence unless otherwise

required by law. All objections shall be stated concisely in a non argumentative and non

suggestive manner. Any objection to the form of a question shall be deemed to have been made

on behalf of all other Parties. The objection of one counsel to a question need not be repeated by

another counsel to preserve that objection on behalf of such other counsel, and counsel shall avoid repeating objections already preserved.

B.  The court reporter service shall maintain a total running time for actual depositions in order to measure compliance with the time limitation and the time allocation provisions above.

## XII.  **STANDARD STIPULATION**

The following stipulation will apply to all depositions taken in these actions and shall be included in each transcript by the court reporter:

1.  Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. Within 30 days of receiving the transcript from the court reporter, the witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

2.  If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter.  After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony made by the witness.  Any witness who makes changes to his or her deposition transcript must, as required by Federal Rule of Civil Procedure 30(e)(2), sign a statement listing the changes and the reasons for making them.

3.  The court reporter will provide the original transcript to the first examining attorney.  If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes.

## XIII. <u>FIFTH-AMENDMENT ASSERTIONS</u>

A.     Upon receipt of notice that a witness intends to assert the Fifth Amendment, the examining attorneys may submit a list of written questions to the witness to speed up the deposition, delivered no fewer than 5 days before the scheduled deposition. At the deposition, the written questions and any associated documents will be introduced as an exhibit to the deposition, and the witness shall be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually. If the answer to the summary question is "yes," the deposition shall last no more than one hour. To the extent that an answer to the summary question is "yes," use of the questions and answers at trial will not be precluded on the basis that the written questions were not asked and answered individually. The use of the written questions and associated documents shall not prevent questions from being asked other than those contained in the written ones subject to the time limits described herein. All objections to written questions submitted to a deponent will be reserved, including objections to form.

B.     Any person who at a deposition asserts his or her right under the Fifth Amendment of the United States Constitution not to testify will be bound by that assertion of the privilege and shall not be permitted to testify otherwise unless, not later than 60 days prior to the date set for the close of fact discovery, notice is provided in writing of the intent to revoke the assertion of privilege and the willingness of the person to testify. Upon notice, the revoking deponents will make themselves available for deposition at their expense in San Francisco, California not later than 45 days prior to the close of fact discovery or at a later time at the discretion of Plaintiffs if necessary to adequately arrange and prepare for the deposition.

C.     Notwithstanding Paragraph B of this section or Paragraph II(E) above, the California Attorney General shall have the right to take additional depositions of those witnesses who have asserted the Fifth Amendment, even if those witnesses have not revoked that assertion,

12

if she chooses to grant compulsory immunity. See, e.g., Cal. Bus. & Prof. Code § 16758. Any

such depositions, or any objections to said depositions, shall be handled under the auspices of the

state court rather than in these proceedings.

## XIV.    USE OF DEPOSITIONS

The depositions taken by any Party pursuant to this Deposition Protocol may be made

available and used in all CRT Cases, and in any substantially similar case not part of this

proceeding, such as the case filed by the California Attorney General. In any CRT Case or

substantially similar case where a deposition transcript of a witness is made available for use, the

witness may not be deposed again on the topics addressed in the deposition with the exception that

the California Attorney General may depose a witness on those topics if the California Attorney

General can demonstrate good cause for such a deposition on those topics based on newly-

discovered evidence that was not available in these proceedings.  Before a deposition taken

pursuant to this Order may be used by any person not part of this proceeding, that person must

agree either (1) to abide by the terms of the Stipulated Protective Order entered in this proceeding

and execute Exhibit A thereto, or (2) to abide by the terms of a substantially similar protective

order.  Insofar as the case filed by the California Attorney General is concerned, before a

deposition taken pursuant to this Order may be used by any person not part of this proceeding, that

person must agree to abide by the terms of the Stipulated Protective Order that will be entered in

that case.

## XV.    COORDINATION OF DISCOVERY AND INDIVIDUAL ACTIONS

A.    As used in this Order, the term "Individual Action Plaintiff" means any plaintiff

besides the direct purchaser class action plaintiffs, the indirect purchaser class action plaintiffs,

and State Attorneys General.  The term "Individual Actions" means the actions brought by the

Individual Action Plaintiffs transferred to the above-captioned multidistrict litigation.

B.      Individual Action Plaintiffs shall select a Liaison Counsel for Individual Action

Plaintiffs, who will execute the duties described below on behalf of all individual action plaintiffs.

To the extent any individual action plaintiff, including any plaintiff in any individual action joined

after entry of this order, does not agree as to which counsel shall serve as the Liaison Counsel for

Individual Action Plaintiffs, the disputing individual action plaintiffs shall bring the matter to the

Special Master for resolution.

C.      Discovery in all actions transferred to this MDL proceeding shall be coordinated.

Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for Indirect

Purchaser Plaintiffs, in consultation with Liaison Counsel for Individual Action Plaintiffs and any

State Attorneys General, shall be responsible for coordination of discovery in all actions

transferred to this MDL proceeding. The duty to consult with the Individual Action Plaintiffs and

any State Attorney General is neither intended to give any party or group of parties a veto right

over the other parties, nor intended to lessen the previously assigned role of Direct/Indirect

Purchaser Plaintiffs' counsel in co-coordinating this litigation.

D.      All CRT Plaintiffs' counsel and Defendants' counsel shall engage in their best

efforts to conduct discovery efficiently and without duplication.

E.      Interim Lead Counsel for Direct Purchaser Plaintiffs and Interim Lead Counsel for

Indirect Purchaser Plaintiffs, Individual Action Plaintiff Liaison Counsel, and State Attorneys

General shall consult in good faith in an effort to propound joint written discovery requests, but to

the extent separate written discovery is served, plaintiffs shall not duplicate interrogatories,

requests for admission, and requests for documents. Likewise, Defendants shall consult in good

faith in an effort to propound joint written discovery requests, but to the extent separate written

discovery is served, Defendants shall not duplicate interrogatories, requests for admission, and

requests for documents. Duplication is a proper objection to written discovery requests. This

1  paragraph in no way prejudices or diminishes any plaintiffs' right to serve their own written

2  discovery requests regarding issues that are not common to any other plaintiffs, in the event that

3  the parties are unable to propound joint written discovery after consulting in good faith.

4  F.    All discovery previously produced by the Defendants to plaintiffs in the above-

5  captioned action shall be produced by Defendants to the Individual Action Plaintiffs and the State

6  Attorneys General.  The Defendants, the Individual Action Plaintiffs, or the State Attorneys

7  General may use this previously-produced discovery during discovery, in pretrial motions, at trial,

8  or for any other purpose to the same degree as if the discovery was provided in response to

9  requests propounded by the Individual Action Plaintiffs or the State Attorneys General. This

10 provision is without prejudice to the Individual Action Plaintiffs' or State Attorneys General's

11 ability to propound additional discovery on the Defendants.  The Individual Action Plaintiffs may

12 propound additional discovery on the Defendants provided that the Individual Action Plaintiffs

13 (1) demonstrate good cause as to why the information they seek is not contained in the documents

14 previously produced in MDL No. 1917; and (2) identify the information they seek as specifically

15 as possible.  In propounding any additional discovery requests, the Individual Action Plaintiffs

16 

17 (not the undersigned Defendants) bear burden of determining what was previously produced in

18 MDL No. 1917.

19 

20 G.    Defendants may refer to their previously produced discovery in response to any

21 discovery propounded by the Individual Action Plaintiffs or State Attorneys General if, and to the

22 extent that, the previously-produced materials are responsive to the Individual Action Plaintiffs' or

23 State Attorney General's discovery requests. Defendants do not waive (a) any previously lodged

24 objection to the production of documents, or (b) any objection to the admissibility or use of any

25 document for any purpose except an objection based on the fact that the Defendants produced the

26 documents in the first instance to other plaintiffs in the above-captioned action. Any defendant's

27 

28

1 objection to the admissibility or use of any document by any party shall apply equally to the
2 Individual Action Plaintiffs' and State Attorneys General's admission or use of that document.

3      H.     Any discovery requests, including written discovery, deposition notices, or
4 subpoenas served in this MDL proceeding, shall be served on Interim Lead Counsel for Direct
5 Purchaser Plaintiffs and Interim Lead Counsel for Indirect Purchaser Plaintiffs, each State
6 Attorney General, and Liaison Counsel for Individual Action Plaintiffs, who shall be the only
7 individual action plaintiffs' counsel who must be served with discovery requests and responses,
8 and on counsel for each defendant.
9

10      I.     Defendants, the Individual Action Plaintiffs, and the State Attorneys General waive
11 the production of initial disclosures in any Individual Action.

12 **XVI.   TRANSLATIONS**

13      A.     Certified Translations. All translations entered as an exhibit during deposition or
14 offered in connection with a motion shall be certified by a professional translator accredited or
15 certified by, or holding a certificate in translation from a program approved by, the American
16 Translator's Association; another member organization of the Federation Internationale de
17 Traducteurs; and those approved and authorized to translate in California courts, including this
18 District, by the Judicial Conferences of California. By consent of the Parties, the selected firms
19 may also employ translators with comparable qualifications in order to meet a high volume of
20 requests. These translation companies shall be required to execute Exhibit A to the Stipulated
21 Protective Order.
22

23      B.     Documents that previously have been submitted for certified translation need not be
24 retranslated or reformatted to conform with this Order, but shall be subject to the objection
25 provisions of Paragraph F below.
26
27
28

16

C.      A party submitting a document for translation shall have the following portions translated, unless there is good reason not to and the party gives notice to other parties: (i) For correspondence and memoranda, the entire document should be translated, unless the produced materials incorrectly batch multiple, separate documents into a single document, in which case only the pages appropriately belonging to the correspondence or memoranda need be translated; (ii) For e-mails, the entire e-mail string should be translated, unless the produced materials incorrectly batch multiple, separate documents into a single document, in which case only the pages appropriately belonging to the e-mail string need be translated; (iii) Calendars, notebooks, annual reports, financial statements and regulatory filings need not be translated in their entirety; (iv)Attachments to a particular document, memorandum or e-mail string need not be translated. If a party wants to enter an attachment into the record in conjunction with an e-mail string or parent document, the attachment shall be translated in its entirety and labeled with a subsequent exhibit number pursuant to Section IX.   Any party may request the translation of additional parts of a document, or all or part of an attachment, at its own expense.

D.      Document translations shall bear the same Confidential or Highly Confidential designation as the original. Each page shall be Bates numbered and marked "Translation". Because languages occupy different amounts of space to say the same thing, it is impracticable for the translation to be paginated in the exact same way as the original.  Parties should ensure the Bates numbers are located in the same location within the text as would be found in the underlying document (e.g. the Bates number may physically fall in the middle of a page, rather than at the bottom).  Unless otherwise agreed, document translations shall use the same Bates number as the original, followed by .01, .02, etc. for any additional pages required for the translated text. A translation may not contain independent notes that are not within the text of the original document (e.g., notes from the translator or counsel). Emphasis in the translation (e.g., bold, italics,

17

underlined) must appear in the same form as in the original document. However, translator notations such as "original text is in English," "original text is handwritten," or "untranslatable symbol" may be included in brackets.

E. The Party submitting the document shall pay for the translation, and shall be billed for it directly by the translation company. The translation company shall not disclose to any other party or counsel the identity of documents they have been asked to translate, and the parties need not give notice to any other party that they have submitted a document for translation.

F. All certified translations shall be presumed to be accurate. Objections to the accuracy of any translations shall be asserted within 30 days after the translation is first offered on a motion, or, if the document is first used at a deposition, within 30 days after the final transcript of the deposition is provided to the deponent for correction. Objections shall state the specific inaccuracies of the translation and offer an alternative translation of the portions of the document objected to. If the Parties are unable to resolve the dispute, it shall be submitted to the Special Master, or by the Court if raised in connection with a dispositive motion. If no objection is made to a translation within the 30-day limit, it shall be deemed accurate, and no objection to admissibility on grounds of inaccuracy of the translation will be permitted.

G. The Parties agree that a translation modified pursuant to Section XVI.F shall have no impact on the admissibility, nature or meaning of deposition testimony regarding, based upon or otherwise made in reliance of a properly designated translation subsequently modified pursuant to Section XVI.F.

H. The parties may agree on adjustments to this translation protocol to promote efficiency or fairness, and advise the Special Master accordingly. Notwithstanding the provisions of this Order, the Court retains discretion to alter the treatment and admissibility of translated documents at trial if necessary.

18

## XVII. <u>PRESERVATION OF DEFENSES</u>

Any Party's agreement to and appearance on this stipulation does not constitute a waiver of any defense or right not specifically addressed. Defendants preserve all defenses, including all defenses under Federal Rule of Civil Procedure 12.

## XVIII. <u>DEFENDANTS' DEPARTING CUSTODIANS</u>

As to each document custodian agreed upon by the parties or designated by the Court, Defendants shall timely inform the CRT Plaintiffs in writing if such custodian intends to leave, or does leave, his employment. Defendants shall also request that the custodian appear for deposition at a date, place and time convenient for the parties and the custodian, without the need for service of a third party subpoena or other formal judicial process on the custodian, and to inform the CRT Plaintiffs of the custodian's response to such request. Defendants shall take reasonable steps to preserve relevant documents belonging to any such departing custodian for production in this case. These requirements will cease on July 31, 2012.

**IT IS SO ORDERED.**

DATED: April 3, 2012

Hon. Samuel Conti
United States District Judge