Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>CERTAIN DIRECT ACTION PLAINTIFFS' ACTIONS | **TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED OCTOBER 21, 2015 RE PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM TOSHIBA AND PANASONIC**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:      December 17, 2015<br>Time:      2:00 p.m.<br>Before:    Hon. Jon S. Tigar |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

On behalf of the Toshiba Defendants ("Toshiba"), we respectfully request that the Court reject Special Master Walker's October 21, 2015 Recommended Order (the "Recommended Order") insofar as it compels Toshiba to serve supplemental responses to (i) Interrogatory Nos. 9, 13-14, and 16 of the IPPs' First Set of Interrogatories to Defendants (the "Common Interrogatories"), (ii) Request Nos. 62-63 of the IPPs' Fourth Set of Requests for Production of Documents (the "RFPs"), and (iii) Interrogatory Nos. 1-14 of the IPPs' First Set of Interrogatories to Toshiba Defendants (the "Toshiba Interrogatories").

**Background**. On August 1, 2014 (the last day to serve discovery requests by mail), the IPPs served Toshiba with the (i) Common Interrogatories (seeking information regarding Toshiba's non-U.S. sales), (ii) RFPs (requesting statements from Toshiba's employees, and from other defendants, to foreign antitrust authorities), and (iii) Toshiba Interrogatories (seeking information regarding ownership-and-control issues related to MTPD). Toshiba Exs. 1-3. On August 4, 2014, the DAPs sent a letter to counsel joining those discovery requests, and on September 5, 2014, Toshiba served its objections and responses to them. Toshiba Exs. 4-6. On September 8, 2014, the IPPs sent letters regarding purported deficiencies in Toshiba's responses. On September 10, 2014, counsel for Toshiba met-and-conferred with the IPPs regarding the purported deficiencies, but the parties were unable to reach an agreement.

On September 12 and 19, 2014, the IPPs filed motions to compel regarding the August 1, 2014 discovery requests. Toshiba Exs. 7, 8 (the "Motions to Compel"). The DAPs conspicuously did not join the Motions to Compel. On September 26 and October 3, 2014, Toshiba responded to the Motions to Compel. Toshiba Exs. 9, 10. On October 3 and 10, 2014, the IPPs submitted their replies. Toshiba Exs. 11, 12.

On March 24, 2015, the IPPs and Toshiba filed the Stipulation and Proposed Order Withdrawing Pending Motions (Dkt. No. 3796) and, on March 26, 2015, the Court entered the stipulation as an order. Toshiba Ex. 13. In that stipulation, the IPPs withdrew the Motions to Compel. *Id*. at 7.

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S
RECOMMENDED ORDER DATED OCTOBER 21, 2015 RE PLAINTIFFS'
MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM TOSHIBA AND PANASONIC
Case No. 07-5944 JST
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

On May 27, 2015, the Special Master invited counsel to inform him whether he should give certain discovery motions, including the Motions to Compel, further consideration. Toshiba Ex. 14. On June 11, 2015, the Court approved the Special Master's request. Dkt. No. 3870. On the same day, the DAPs submitted a notice stating that, although they did not bring either of the Motions to Compel, both "raise issues relevant" to their claims against Toshiba. Toshiba Ex. 15, at 3. In turn, on June 19, 2015, Toshiba asserted, among other arguments, that the Motions to Compel were rendered moot by the March 26, 2015 stipulation. Toshiba Ex. 16, at 1-2. On July 6, 2015, the DAPs filed their reply. Toshiba Ex. 17. On October 21, 2015, the Special Master issued the Recommended Order, recommending that Toshiba supplement its contested discovery responses. Toshiba Ex. 18.

**The Motions To Compel Are Moot**. In the Recommended Order, the Special Master rejected Toshiba's mootness argument (Toshiba Ex. 16, at 1-2) by asserting that one provision in the March 26, 2015 stipulation limited the IPPs' complete withdrawal of the Motions to Compel. *See* Toshiba Ex. 18, at 3 ("The Toshiba Defendants and the IPPs do not seek to withdraw any motions to the extent that they pertain to any other plaintiff or any other defendant." (quoting Toshiba Ex. 13, at 2)). The Special Master's interpretation of the provision fails because it is not consistent with the stipulation as a whole. *See Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 872 (9th Cir. 1979) (a contract should be interpreted in a manner that makes it internally consistent); *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (relying on basic contract principles to interpret a stipulation). When read in its entirety, the stipulation is clear that Toshiba and the IPPs sought to "withdraw all pending motions" that the two litigants filed against each other, but that (1) neither wanted to completely withdraw motions filed against multiple parties (*i.e.*, the motions listed in Paragraphs 1 and 4 of the stipulation), and (2) each was also aware that they could not completely withdraw motions that they jointly-filed with other plaintiffs or defendants (*i.e.*, the motions listed in Paragraphs 2, 3, and 5 of the stipulation). Toshiba Ex. 13, at 1-7. Accordingly, the parties included language in the stipulation, including the provision cited by the Special Master, to clarify the effect of the withdrawal as to other parties ***with whom*** or

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S
RECOMMENDED ORDER DATED OCTOBER 21, 2015 RE PLAINTIFFS'
MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM TOSHIBA AND PANASONIC
Case No. 07-5944 JST
MDL No. 1917

2

1 *against whom* the motions were brought. *Id*. The language was not, as the Special Master 2 suggests, intended to cover these complete withdrawals entitling any party to step in for the 3 IPPs or Toshiba. As noted in Toshiba's June 19, 2015 submission, withdrawal of the Motions 4 to Compel was part of the consideration that Toshiba received in its settlement with the IPPs. 5 Toshiba Ex. 16, at 2. That consideration would have been worthless if any other party could 6 simply step into the IPPs' shoes and continue to pursue the Motions to Compel.

7 The Special Master's analysis also fails because it is not supported by governing 8 caselaw or the protocol established in this case. *First*, the Special Master attempted to 9 distinguish the cases relied upon by Toshiba holding that withdrawn motions are moot 10 (Toshiba Ex. 16, at 1-2) by asserting that none of the cited cases dealt with coordinated 11 discovery in complex MDL actions. Toshiba Ex. 18, at 3. But that is a meaningless 12 distinction because the principle of mootness applies to all cases, even MDL cases. In any 13 event, the Special Master identified no cases in support of his position that a justiciable case 14 or controversy can exist with respect to motions that have been withdrawn. *Id*. at 3-4. 15 *Second*, the Special Master sought to bolster his position by stating that the Discovery 16 Protocol allowed the DAPs to retain an interest in the Motions to Compel because the IPPs, in 17 a purported effort to coordinate discovery, filed those motions on behalf of all the plaintiffs. 18 *Id*. Here, too, the Special Master is incorrect. The Discovery Protocol explicitly directs the 19 plaintiffs to file "joint written discovery" (Dkt. No. 1128, at 14) when coordinating discovery 20 requests, but that protocol does not direct the plaintiffs to "designate certain parties to take the 21 lead on various discovery issues" (Toshiba Ex. 18, at 4), or provide guidance on how parties 22 should coordinate the filing of motions to compel, let alone excuse a party for not preserving 23 its interest by joining a motion. The DAPs made a strategic decision not to join the IPPs in 24 filing the Motions to Compel, a point already admitted by the DAPs. Toshiba Ex. 15, at 3. 25 The Court should hold the DAPs accountable for their strategic decisions, not create 26 unfounded ways to resuscitate fully-withdrawn motions.

27 **The Common Interrogatories Are Duplicative, Irrelevant, And Unreasonably** 28 **Burdensome**. The Special Master admits that Toshiba's prior productions "may contain the

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S
RECOMMENDED ORDER DATED OCTOBER 21, 2015 RE PLAINTIFFS'
MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM TOSHIBA AND PANASONIC
Case No. 07-5944 JST
MDL No. 1917
3

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  information" that the DAPs are seeking in the Common Interrogatories, but still states that it
2  is Toshiba's obligation to find the requested information.  Toshiba Ex. 18, at 10.  Toshiba was
3  justified in directing the plaintiffs to its prior, relevant discovery responses in light of relevant
4  caselaw (*see*, *e.g.*, *Pulver v. Battelle Mem'l Inst.*, No. CV-05-5028-RHW, 2006 WL 2944842,
5  at *1 (E.D. Wash. Oct. 13, 2006) (denying motion to compel where request for production of
6  documents was "unreasonably duplicative" and was "basically a request to make [a party]
7  search and sort the documents it already produced")) and the Special Master's August 14,
8  2014 report and recommendation (Dkt. No. 2743).  Toshiba Ex. 9, at 3-4.  Further, the cases
9  cited in the Recommended Order (Toshiba Ex. 18, at 10-11) are inapposite because Toshiba
10 did not refer the plaintiffs to a "mountain" of documents or cite to all documents produced in
11 the litigation (as prohibited by *Pacific Lumber Co. v. Nat'l Union Fire Ins. Co., of Pittsburgh,
12 PA*, No. C 02-4799 SBA(JL), 2005 WL 318811, at *5 (N.D. Cal. Jan. 5, 2005)), but directed
13 them to relevant discovery responses (as required in *McConnell v. PacifiCorp, Inc.*, No. C 07-
14 2382 WHA(JL), 2008 WL 3843003, at *3 (N.D. Cal. Aug. 15, 2008)).

15      The Special Master's analysis regarding the relevancy of Toshiba's non-U.S. sales
16 (Toshiba Ex. 18, at 6-7) and the burden in obtaining that information (*id*. at 7) fails to
17 appreciate the costs associated with significantly expanding the scope of discovery so late in
18 the litigation.  It should not escape notice that the discovery in question was propounded at the
19 very end of the fact-discovery period.  At that point in the case, any discovery should be
20 precise and focused.  The Common Interrogatories are neither.

21      **The RFPs Are Not Relevant And Are Barred By Principles Of Comity**.  In
22 contravention of governing caselaw (Toshiba Ex. 10, at 7-9), the Special Master failed to
23 conduct the required five-factor comity analysis before ordering Toshiba to produce
24 statements made to foreign antitrust authorities.  Toshiba Ex. 18, at 12-14.  The Special
25 Master stated that he did not conduct the analysis because a foreign sovereign's comity
26 interests are not triggered when its own communications are not the subject of a discovery
27 request.  *Id*. at 13.  Such an assertion, unsupported by any relevant authority, is belied by the
28 fact that it is the confidentiality of an *investigation* that triggers a foreign sovereign's comity

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S
RECOMMENDED ORDER DATED OCTOBER 21, 2015 RE PLAINTIFFS'
MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM TOSHIBA AND PANASONIC
Case No. 07-5944 JST
MDL No. 1917
4

1 interest and the plaintiffs' request for only the investigated parties' documents is a clear invasion of that interest. Toshiba Ex. 10, at 8-9. Further, the Special Master posits, without analysis, that the United States' "interests in enforcing antitrust laws and promoting reasonable discovery" would outweigh the foreign regulators' confidentiality interests. Toshiba Ex. 18, at 14. Such a position hardly demonstrates "due respect for any sovereign interest expressed by a foreign state." *In re Rubber Chemicals*, 486 F. Supp. 2d at 1081.

The Special Master also sought to distinguish the relevancy of Special Master Quinn's ruling denying similar discovery in the LCD litigation by asserting no foreign authority has objected to the discovery. Toshiba Ex. 18, at 13-14. That assertion overlooks that the European Commission *has* already intervened in this case to protect its confidentiality interests when the plaintiffs earlier sought production of a non-public version of the Commission's Decision. *See* Dkt. No. 2449-4. In light of the Commission's appeal, the Court denied the production of the non-public materials. *See* Dkt. No. 2463. Faulting the European Commission for not anticipating the Special Master's decision to go against the Court's prior decision should not weigh in favor of granting the Motions to Compel.

Lastly, the Special Master does not address Toshiba's relevancy argument. *See* Toshiba Ex. 10, at 5-7 (arguing that the statements are not relevant because they relate to foreign investigations). The information sought by the RFPs is simply not relevant to the plaintiffs' claims. This fact weighs against the Special Master's recommendation.

**The Toshiba Interrogatories Violate The 25-Interrogatory Limit**. The Special Master improperly excuses the IPPs' failure to comply with Rule 33(a)(1) by declaring that he would treat each class representative as a unique plaintiff and thus, by implication, extend the Rule 33(a)(1) limits from ***25 to 625*** (Toshiba Ex. 18, at 15-16), a significantly greater departure from the interrogatory limit than that allowed by the authority relied on by the Special Master. *See id*. at 16 (citing cases permitting 29, 32, and 34 interrogatories).

**Conclusion**. For these reasons, the Court should reject the Recommended Order and deny the Motions to Compel as they pertain to Toshiba.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

|   |   |
|---|---|
| Dated:  November 5, 2015 | Respectfully submitted,<br><br>**WHITE & CASE** LLP<br><br>By*:   /s/ Lucius B. Lau*<br>Christopher M. Curran (*pro hac vice*)<br>ccurran@whitecase.com<br>Lucius B. Lau (*pro hac vice*)<br>alau@whitecase.com<br>Dana E. Foster (*pro hac vice*)<br>defoster@whitecase.com<br>701 Thirteenth Street, N.W.<br>Washington, DC  20005<br>tel.: (202) 626-3600<br>fax: (202) 639-9355<br><br>*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* |

TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S
RECOMMENDED ORDER DATED OCTOBER 21, 2015 RE PLAINTIFFS'
MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM TOSHIBA AND PANASONIC
Case No. 07-5944 JST
MDL No. 1917

6

**CERTIFICATE OF SERVICE**

On November 5, 2015, I caused a copy of "TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED OCTOBER 21, 2015 RE PLAINTIFFS' MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM TOSHIBA AND PANASONIC" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: */s/ Lucius B. Lau*
Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005