# Exhibit 9

## (Redacted Version of Document Sought to be Sealed)

**WHITE & CASE**

White & Case LLP                     Tel   + 1 202 626 3600
701 Thirteenth Street, NW            Fax   + 1 202 639 9355
Washington, DC 20005-3807            whitecase.com

Direct Dial + (202) 626-3696         alau@whitecase.com

September 26, 2014

<u>VIA E-MAIL TO: jay.weil@fedarb.com</u>

The Honorable Vaughn Walker (Ret.)
c/o Mr. Jay Weil
Federal Arbitration, Inc.
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301

   Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 SC,
     MDL No. 1917 (N.D. Cal.): The Toshiba Defendants' Response To Indirect
     <u>Purchaser Plaintiffs' Motion To Compel Interrogatory Responses</u>

Dear Judge Walker:

   We write on behalf of the Toshiba Defendants in response to the Indirect Purchaser
Plaintiffs' ("IPPs") September 12, 2014 Motion to Compel Interrogatory Responses.  By this
motion, the IPPs seek an order that compels additional responses by the Toshiba Defendants (1)
in those instances where the Toshiba Defendants responded to the IPPs' interrogatories by
reference to their prior discovery requests (or by objecting to the request as overly burdensome);
(2) with respect to Interrogatory No. 7, which asked for the identification of all evidence for each
"affirmative defense" listed in their answers; and (3) in those instances where the Toshiba
Defendants refused to provide answers because the IPPs exceeded the 25-interrogatory limit
contained in Rule 33(a)(1).  The motion should be denied.

   As to the first issue, the IPPs are incorrect in asserting that the Toshiba Defendants relied
upon Rule 33(d) in their discovery responses.  They did not.  Instead, these defendants objected
to the IPPs' discovery requests as unreasonable in that they were duplicative of prior discovery
that had been issued in this litigation.  The Toshiba Defendants also objected to certain of the
IPPs' requests that sought sales information that did not pertain to the United States — such
requests were (and are) overly burdensome and add little, if anything, to the IPPs' case.  It was
appropriate for the Toshiba Defendants to point the IPPs to the Toshiba Defendants' previous
discovery responses and equally appropriate for the Toshiba Defendants to refuse to provide
non-U.S. sales information at the very close of discovery.

   As to the second issue, the Toshiba Defendants provided responses to the "affirmative
defenses" contained in their answers, precisely what was sought by Interrogatory No. 7.  No

The Honorable Vaughn Walker (Ret.)

**WHITE & CASE**

September 26, 2014

answer was provided with respect to other defenses listed in their answers because such defenses were outside the scope of Interrogatory No. 7.  By their motion, the IPPs complain about instances where the Toshiba Defendants stated they had "no position" with respect to certain affirmative defenses.  The Toshiba Defendants have remedied this situation by serving supplemental interrogatory responses.

As to the third issue, the Toshiba Defendants each answered 25 of the IPPs' interrogatories, including subparts, and then properly refused to answer any additional interrogatories.  In relevant part, Rule 33(a)(1) of the Federal Rules of Civil Procedure provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  When all discrete subparts are counted, the IPPs propounded 166 interrogatories to the Toshiba Defendants.  Given the existence of Rule 33(a)(1), the Toshiba Defendants were fully justified in provided substantive responses to only the first 25 interrogatories served by the IPPs.

## I.    Background

On January 26, 2011, the Toshiba Defendants filed their answers to the IPPs' third consolidated amended complaint.  *E.g.*, Defendants' Attachment ("Def. Att.") 1 (Toshiba Corp. Answer).  Each of these answers had a section entitled "Defenses/Affirmative Defenses."  *Id.* at 52.  Immediately beneath this heading was the following statement:  "Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses . . . ."  *Id.*  The answers then set forth a variety of defenses and affirmative defenses.

On August 1, 2014, the IPPs served their First Set of Interrogatories to Defendants (the "Common Interrogatories").  Def. Att. 2.  Thirty minutes after serving these Common Interrogatories, the IPPs served their First Set of Interrogatories to Toshiba Defendants ("Interrogatories to Toshiba Defendants").  Def. Att. 3.

On September 5, 2014, each Toshiba Defendant served individual objections and responses to the Common Interrogatories.  Def. Att. 4a-e.  Also on September 5, 2014, each Toshiba Defendant served objections and responses to the Interrogatories to Toshiba Defendants.  Def. Att. 5a-e.

On September 8, 2014, the IPPs sent letters to the Toshiba Defendants regarding purported deficiencies in their interrogatory responses.  On September 10, 2014, counsel for the Toshiba Defendants met and conferred with counsel for the IPPs regarding the purported deficiencies, but the parties were unable to reach an agreement.

September 26, 2014

## II.     Argument

### A.     The Toshiba Defendants Properly Referred The Indirect Purchaser Plaintiffs To Previous Discovery Responses And Properly Objected To Certain Requests As Overly Burdensome

In certain of their responses, the Toshiba Defendants referred the IPPs to prior discovery responses.  In certain other responses, the Toshiba Defendants objected because the IPPs' requests were overly burdensome in that they sought sales information that did not pertain to the United States.  The IPPs have demonstrated no error in this approach, which is fully supported by both caselaw as well as a previous report and recommendation issued by Your Honor.

#### 1.     Your Honor Should Reject The IPPs' Misguided Reliance On Rule 33(d)(1)

The IPPs' assertion that the Toshiba Defendants are invoking Rule 33(d) in their responses to the IPPs' interrogatories is incorrect.  To the contrary, the Toshiba Defendants objected to some of those interrogatories because they are unreasonably duplicative of prior discovery requests propounded by plaintiffs in this litigation.  These objections comport with the relevant caselaw.  *See, e.g., McConnell v. PacifiCorp, Inc.*, No. C 07-2382 WHA(JL), 2008 WL 3843003, at *4 (N.D. Cal. Aug. 15, 2008) (finding that interrogatories were cumulative and duplicative and thus within the parameters of discovery that the court may limit or deny under Rule 26(b)(2)); *Robbins v. Camden City Bd. of Ed.*, 105 F.R.D. 49, 56-57 (D.N.J. 1985) (holding that defendant was not required to respond to duplicative interrogatories).  Accordingly, the cases relied upon by the IPPs — each of which involves a party's invocation of Rule 33(d) in connection with discovery responses — are irrelevant and should be disregarded by Your Honor.

#### 2.     Your Honor Should Reject The IPPs' Interrogatories As Unreasonably Duplicative Of Prior Discovery Requests Propounded On The Toshiba Defendants

The IPPs' Common Interrogatories are unreasonably duplicative of prior discovery propounded by other plaintiffs in this litigation.  Many of these seek information readily obtainable from the various sales and cost transactional databases produced to plaintiffs years ago in response to prior discovery requests propounded on defendants.  And contrary to the IPPs' erroneous assertion that "it is far easier and less costly for *defendants* to identify documents responsive to" these requests (IPP Mot. at 4 (emphasis in original)), the burden is the same for either party:  both parties have access to the documents responsive to these requests and have the same burdens associated with reviewing the relevant sales data.  IPPs effectively ask this Court to order the Toshiba Defendants to search for and sort through the data they previously produced to other plaintiffs.  But federal courts have repeatedly denied attempts to require parties to search for and sort through documents that have already been produced to the propounding parties.  *See, e.g., Pulver v. Battelle Mem'l Inst.*, No. CV-05-5028-RHW, 2006 WL 2944842, at *1 (E.D. Wash. Oct. 13, 2006) (denying motion to compel where request for production of documents was "unreasonably duplicative" and was "basically a request to make [a party] search and sort the documents it already produced"); *Sloan v. Oakland Police Dep't*, No. C 00 4117 CW(JCS), 2006 WL 753013, at *5 n.2 (N.D. Cal. Mar. 23, 2006) (stating that motion to compel "will only be

The Honorable Vaughn Walker (Ret.)

September 26, 2014

granted if the additional interrogatory responses sought are not duplicative of information already obtained, through deposition or otherwise"); *Richlin v. Sigma Design West, Ltd.*, 88 F.R.D. 634, 640 (E.D. Cal. 1980) (holding that interrogatories were oppressive and overly burdensome where information sought could be obtained from transcripts of prior depositions conducted in litigation). Your Honor should reach the same conclusion here.

In a previous motion to compel brought by Sharp against the Toshiba Defendants and the Panasonic Defendants, Your Honor found that it was appropriate for parties to refer to previously produced discovery where that previously produced discovery contained the information sought by the current discovery. As recognized by Your Honor, "there is a certain unfairness in requiring defendants to do Sharp's work for it in culling through this volume of material and, in any event, defendants have already expended a very considerable effort to prepare responses to the direct purchaser class plaintiffs' discovery, making further effort by defendants still more costly." Recommended Order Of The Special Master, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Case No. 3:07-cv-05944SC, at 4 (August 14, 2014) (accepted and ordered by the Court, August 15, 2014, ECF No. 2743) ("August 14, 2014 Recommended Order"). Def. Att. 6. The same principle applies with full force here. The information sought by the IPPs was already produced by the Toshiba Defendants in response to earlier discovery requests. *See* Toshiba Defendants' Objections and Responses to DPPs' First and Second Set of Requests for Production and DPPs First Set of Interrogatories (Def. Att. 7a-o). If the IPPs believe that they would benefit from reviewing this information in a different format, then the IPPs should bear the cost of that review, not the Toshiba Defendants. *Accord* August 14, 2014 Recommended Order at 5 ("As Sharp would benefit from a review and an analysis of the materials responsive to the class plaintiffs, considerations of proportionality and fairness weigh in favor of Sharp bearing the correlative burden.").

### 3. The IPPs' Interrogatories That Seek Sales Information Outside Of The United States Are Unreasonably Burdensome

Certain of the IPPs' Common Interrogatories (*i.e.*, Interrogatory Nos. 9, 13, and 14), seek sales data not involving the United States. The Toshiba Defendants objected to these requests because the requested information was unrelated to United States commerce, outside of the scope of this litigation, and unduly burdensome. Your Honor should deny the motion to compel as to these requests.

In their motion, the IPPs articulate no relevancy for the information they seek. Nor do the IPPs provide any reason why they need "worldwide" data and other information that does not relate to the United States. In contrast to the minimal (if any) relevance of the requested information, the Toshiba Defendants would incur significant expense if they had to provide that information. The Toshiba Defendants would have to search several locations outside the United States and restore countless backup tapes in order to provide the IPPs with the information they seek. Considerations of proportionality (as discussed by Your Honor in denying Sharp's motion to compel) weigh in favor of the Toshiba Defendants.

By seeking sales information unrelated to the United States, the IPPs improperly seek to significantly expand the scope of the discovery right at the end of fact discovery. Courts have

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

September 26, 2014

repeatedly rejected motions to compel or other efforts to significantly expand the scope of discovery at the end of discovery. *See, e.g.*, *Wolfe v. Ford Motor Company*, No. 06-1217-MLB, 2008 WL 294547, at *1-2 (D. Kan. Feb. 1, 2008) (admonishing plaintiffs for serving expansive discovery near end of discovery and finding that discovery requests at end of discovery "***should be refined and focused***") (emphasis added); *Samsung SDI Co., Ltd. v. Matsushita Electric Industrial Co., Ltd.*, No. CV 05-8493-AG, 2007 WL 4302701, at *4 (C.D. Cal. June 27, 2007) (finding that filing motion to compel at eleventh hour weighed in favor of responding party when balancing relevance of requested discovery with burden on responding party); *Fairly v. Andrews*, 423 F. Supp. 2d 800, 808 (N.D. Ill. 2006) ("The Court stands by its June 21, 2005 decision to deny Defendants leave to serve this interrogatory — the equivalent of numerous discovery requests framed as one interrogatory — on the eve of the discovery deadline, because it would be unduly burdensome to Plaintiffs."). The fact that the IPPs seek broad, expansive discovery at the close of discovery provides an additional grounds for denying the IPPs' motion.

**B.     The Toshiba Defendants Have Provided A Complete Response To Interrogatory No. 7**

According to the IPPs (IPP Mot. at 6), the Toshiba Defendants have failed to adequately respond to Interrogatory No. 7 of the Common Interrogatories. We disagree.

Part of the IPPs' disagreement with the Toshiba Defendants concerns the meaning of the term "affirmative defense." In its entirety, Interrogatory No. 7 provided as follows: "For each ***affirmative defense*** in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted." Def. Att. 2 at 5 (emphasis added). The IPPs appear to believe that all of the defenses asserted by the Toshiba Defendants in their answers are affirmative defenses. They are not. The answers provided by the Toshiba Defendants each had a section labeled "Defenses/Affirmative Defenses," thus providing notice that only some of the listed defenses were affirmative in nature. Def. Att. 1 at 52. This distinction was reinforced by the following statement made by each of the Toshiba Defendants: "Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses . . . ." *Id.* The distinction between defenses and affirmative defenses is also reinforced by the governing caselaw, which recognizes that a "defense which demonstrates that [a] plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Because Interrogatory No. 7 specifically requested a response regarding "each affirmative defense," each Toshiba Defendant provided a response as to each of the eleven affirmative defenses they asserted. The Toshiba Defendants did not provide a response for the remaining defenses because those remaining defenses were not affirmative in nature.

Another part of the IPPs' disagreement concerns the Toshiba Defendants' statement that they "take no position" as to whether they currently have any evidence to support certain of their affirmative defenses. Several of the affirmative defenses asserted by the Toshiba Defendants concern issues that will not be fully formed until the end of the litigation. For example, the Toshiba Defendants assert affirmative defenses related to duplicative recovery and set off. Accordingly, the nature of these affirmative defenses prevents any substantive response at this

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

September 26, 2014

time.  It was for this reason that the Toshiba Defendants stated that they "take no position" as to whether they currently have evidence to support certain of their affirmative defenses.  However, in an effort to resolve this issue, the Toshiba Defendants have served supplemental interrogatory responses by which they state that they currently have no evidence for certain of those affirmative defenses where they previously stated that they took no position.  Def. Att. 9.

Finally, the IPPs assert that, "if Toshiba has no reasonable factual basis for any of its affirmative defenses, these defenses must be withdrawn."  IPPs' Mot. at 7.  Such a request is premature.  Evidence for some of the Toshiba Defendants' affirmative defenses (such as set off) will not be fully available until trial.  Depositions of both plaintiffs and defendants continue to occur in this case, such that the factual record is not yet fully developed.  Thus, the IPPs' request is also premature for the Toshiba Defendants' remaining affirmative defenses.  *Accord Yingling v. EBay, Inc.*, No. C 09-01733 JW (PVT), 2010 WL 373868, at *3 (N.D. Cal. Jan. 29, 2010) (in response to a contention interrogatory, a party may respond that it is unable to respond because of ongoing discovery and investigation).

## C.     The IPPs Have Exceeded The 25-Interrogatory Limit Of Rule 33(a)(1)

In pertinent part, Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, ***including all discrete subparts***."  Fed. R. Civ. P. 33(a)(1) (emphasis added).  In the first paragraph of their motion, the IPPs appear to acknowledge that they have exceeded the 25-interrogatory limit as to the Toshiba Defendants.  *See* IPPs' Mot. at 1 ("IPPs served one set of common interrogatories, 25 in total, on each Defendant (the 'Common Interrogatories'), and then served an additional set, 14 in total, on both Toshiba and Panasonic (the 'Supplemental Interrogatories').").  Including all discrete subparts, the IPPs have propounded a staggering 166 interrogatories on the Toshiba Defendants.  The motion to compel should be denied as to the number of interrogatories because the IPPs are subject to the 25-interrogatory limit of Rule 33(a)(1), just like any other party.  The Toshiba Defendants acted well within their rights in responding to the first 25 interrogatories (including all discrete subparts) served upon them and refusing to respond to any additional interrogatories.

### 1.     The IPPs Served 166 Interrogatories On Each Of The Toshiba Defendants

The IPPs' Common Interrogatories contain 24 separately numbered interrogatories (these interrogatories do not include any Interrogatory No. 4).  The IPPs' Interrogatories to Toshiba Defendants contained an additional 14 interrogatories.  Two of the IPPs' Common Interrogatories contain numerous discrete subparts within the meaning of Rule 33(a)(1).

***First***, Interrogatory No. 7 asks defendants to identify all evidence supporting "each affirmative defense" in the defendant's answer.  Def. Att. 2 at 5.  The Toshiba Defendants identified 11 affirmative defenses in each of their answers.  Therefore, Interrogatory No. 7 constitutes 11 separate interrogatories as to each Toshiba Defendant.  *See Lopez v. Flores*, No. 1:08-cv-01975, 2013 WL 2385240, at *2 (E.D. Cal. May 30, 2013) (denying plaintiff's motion to compel and holding that where plaintiff issued an interrogatory asking defendants to identify all facts on which defendants base their affirmative defenses and defendants asserted

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

September 26, 2014

five affirmative defenses, the interrogatory constituted five discrete questions); *White v. Cinemark USA, Inc.*, No. 04-cv-0397, 2005 WL 3881658, at *3 (E.D. Cal. Mar. 28, 2005) (concluding that where an interrogatory requested that the defendant state the facts supporting each of its 21 affirmative defenses, each affirmative defense should be treated as a separate interrogatory).

**Second**, Interrogatory No. 25 asks each defendant with respect to each Request for Admission issued by the IPPs to state all facts on which the defendant bases its denial, to identify all evidence supporting the denial, and to identify each person who has knowledge of the facts supporting the denial. Def. Att. 2 at 8. The IPPs issued 119 requests for admission to each Toshiba Defendant. Pursuant to the Northern District of California's Local Rule 33-2, Interrogatory No. 25 constitutes 119 interrogatories to each Toshiba Defendant. *See* Civil L.R. 33-2 ("A demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."). Further, other courts that have addressed this issue have treated each request for admission as a separate interrogatory. For example, in *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998), the district court held:

> Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).

*Id.* at 445; *see also Saliga v. Chemtura Corp.*, No. 3:12-cv-832, 2013 WL 6097100, at *4 (D. Conn. Nov. 20, 2013) (collecting cases). The IPPs have identified no authority explaining why the Court should deviate from Civil L.R. 33-2 and the numerous cases that have addressed this issue. Interrogatory No. 25, therefore, constitutes 119 interrogatories as to each Toshiba Defendant.

## 2.       The IPPs Are Only Entitled To 25 Interrogatories

The IPPs further contend that, irrespective of the Toshiba Defendants' counting of discrete subparts as required by Rule 33, the IPPs have not exceeded their interrogatory limit because they are entitled to serve 25 interrogatories per class representative on each defendant in the litigation. IPP Mot. at 8-9. Thus, according to the IPPs, they are entitled to serve 625 interrogatories (25 interrogatories for each of 25 class representatives) on each of the 45 defendants named in the IPPs Fourth Consolidated Amended Complaint. By this reasoning, IPPs are allowed to serve 28,125 separate interrogatories on defendants in this litigation. Granting any weight to the IPPs' position would lead to absurd results and would obliterate Rule 33's interrogatory limit for all class actions.

The Honorable Vaughn Walker (Ret.)

WHITE & CASE

September 26, 2014

The IPPs correctly state that Rule 33(a)(1) limits the number of interrogatories to 25 per party. IPP Mot. at 8. This logically makes sense because certain factual issues and defenses are unique to certain parties, as is the case here, and those parties will want to serve interrogatories unique to their issues. With respect to a class of plaintiffs, the issues of law and fact are by necessity common among the class, so the 25 interrogatory limit should also apply. *Accord* Fed. R. Civ. P. 23; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (stating that a class representative must "possess the same interests and suffer the same injury as the class members"). Wright & Miller provides useful guidance when addressing scenarios similar to a class action for the purpose of determining the appropriate number of interrogatories under Rule 33.

> Consider, for example, a situation in which ten people injured in a bus crash sue the bus company in a single suit represented by the same lawyer. Should they be considered one party or ten for purposes of the interrogatory limitation? The best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25–interrogatory limitation.

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1 at 261 (2d ed. 1994).

The cases relied upon by the IPPs are unpersuasive. In *Trevino v. ABC Am, Inc.*, 232 F.R.D 612, 614 (N.D. Cal. 2006), the magistrate judge allowed two plaintiffs to serve a total of 32 interrogatories on one defendant and 34 interrogatories on another defendant. At the time, *Trevino* was in the pre-class certification stage, so each plaintiff was truly a separate party to the litigation. Further, the 66 total interrogatories allowed between two plaintiffs and two defendants in no way supports the IPPs' contention that they are entitled to serve 28,125 interrogatories in this litigation. Nor does *Zamora v. D'Arrigo Bros. Co.*, No. 04-cv-000047 JW(HRL), 2006 WL 931728 (N.D. Cal. Apr. 6, 2006), alleviate the problems raised by the IPPs' position. In *Zamora*, the magistrate judge allowed class plaintiffs to serve a total of 29 interrogatories. This small deviation from the numerical limit also does not give credence to the IPPs' position.

Setting aside for a moment the implications of the IPPs' position that each class representative be entitled to serve 25 interrogatories on each of the 45 defendants, each set of interrogatories at issue purported to be served jointly by all IPPs. Even assuming that each class representative is entitled to 25 interrogatories, each representative exceeded the limit as a result of the interrogatories being issued jointly. *See Pas Communications, Inc. v. Sprint Corp.*, No. 99-2182-JWL, 2000 WL 1867571, at *12 (D. Kan. Dec. 1, 2000) ("Because plaintiffs' interrogatories were filed jointly, or on behalf of all plaintiffs, each plaintiff has reached the 25-interrogatory limit and, thus, the third set of interrogatories exceeds the permissible number of interrogatories."). This fact provides a separate reason for denying the IPPs' motion to compel.

The Honorable Vaughn Walker (Ret.)

**WHITE & CASE**

September 26, 2014

### 3.     The IPPs Should Not Be Granted Leave To Exceed 25 Interrogatories

The IPPs were entitled to serve 25 interrogatories on each defendant.  The IPPs fail to state any reason why they require interrogatories in excess of the limit imposed by Rule 33.  Instead, the IPPs attempt to make a fairness argument based on the number of interrogatories served by defendants.  This argument, however, lacks merit.  The defendants have not violated the 25-interrogatory limit.  The IPPs should be held to the same standard.  The IPPs themselves chose the number of defendants in this litigation.  Each of these defendants is entitled to propound its own set of interrogatories because each defendant is situated differently than other defendants.  Thus, considerations of fairness do not favor granting the IPPs leave to serve additional interrogatories.

### III.    Conclusion

For these reasons, Your Honor should issue a report that recommends that the IPPs' motion to compel be denied.

Respectfully submitted,

Lucius B. Lau

cc:  All counsel of record

9

Defendants' Attachment 1

1  Christopher M. Curran (*pro hac vice*)
   ccurran@whitecase.com
2  George L. Paul (*pro hac vice*)
   gpaul@whitecase.com
3  Lucius B. Lau (*pro hac vice*)
   alau@whitecase.com
4  White & Case LLP
   701 Thirteenth Street, N.W.
5  Washington, DC  20005
   Telephone:  (202) 626-3600
6  Facsimile:  (202) 639-9355
7
8
9  *Counsel to Defendant*
   *Toshiba Corporation*
10

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
                (SAN FRANCISCO DIVISION)
13

14  IN RE: CATHODE RAY TUBE (CRT)         Case No. 07-5944 SC
15  ANTITRUST LITIGATION                  MDL No. 1917
16

17                                        **TOSHIBA CORPORATION'S**
18                                        **ANSWER TO INDIRECT**
    This Document Relates to:            **PURCHASER PLAINTIFFS'**
19                                        **THIRD CONSOLIDATED**
    INDIRECT PURCHASER ACTIONS           **AMENDED COMPLAINT**
20
21                                        The Honorable Samuel Conti
22

23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# I. <u>INTRODUCTION</u>

For its Answer to the Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint ("IP-TCAC"), Defendant Toshiba Corporation ("Toshiba Corp.") states as follows:

1.     The allegations contained in the first sentence of Paragraph 1 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of the first sentence of Paragraph 1.  To the extent that the allegations contained in the second and third sentences of Paragraph 1 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in the second and third sentences of Paragraph 1 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

2.     To the extent that the allegations contained in Paragraph 2 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 2 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

3.     To the extent that the allegations contained in Paragraph 3 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 3 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

4.     Toshiba Corp. admits the allegations in the first sentence of Paragraph 4, but denies that the referenced competition authorities are investigating a "global conspiracy" covering "CRT Products" for lack of information sufficient to form a belief as to the truth of this allegation.  The allegations in the second and third sentences of Paragraph 4 are reflected in the indictment of C.Y. Lin, which is the best evidence of its contents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II. **JURISDICTION AND VENUE**

5.      The allegations contained in Paragraph 5 consist of the Plaintiffs' characterization of their case, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 5.

6.      The allegations contained in Paragraph 6 are legal conclusions to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 6.

7.      The allegations contained in Paragraph 7 are legal conclusions to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 7.

8.      The allegations contained in Paragraph 8 are legal conclusions to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 8.

9.      Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies these allegations.

10.     To the extent that the allegations contained in Paragraph 10 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 10 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

11.     Paragraph 11 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 11 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

12.     Paragraph 12 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 12 may be deemed to require a response from Toshiba

Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## III.  DEFINITIONS

13.    Toshiba Corp. admits the allegations contained in Paragraph 13 of the IP-TCAC.

14.    Toshiba Corp. denies the allegations contained in Paragraph 14 of the IP-TCAC.

15.    Paragraph 15 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 15.

16.    Paragraph 16 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 16.

17.    Paragraph 17 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 17.

18.    Paragraph 18 consists of defined terms, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 18.

## IV.  PLAINTIFFS

19.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

23.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

34.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

37.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

39.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# V.  DEFENDANTS

## LG Electronics Entities

51.     Paragraph 51 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52.     Paragraph 52 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53.     Paragraph 53 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54.     Paragraph 54 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 54.

## Philips Entities

55.     Paragraph 55 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56.     Paragraph 56 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57.     Paragraph 57 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58.     Paragraph 58 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

59.     Paragraph 59 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 59.

**LP Displays**

60.     Paragraph 60 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

**Samsung Entities**

61.     Paragraph 61 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.     Paragraph 62 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.     Paragraph 63 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations.

64.     Paragraph 64 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

65.     Paragraph 65 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.     Paragraph 66 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

67.     Paragraph 67 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68.     Paragraph 68 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

69.     Paragraph 69 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70.     Paragraph 70 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 70.

**Toshiba Entities**

71.     Toshiba Corp. admits the allegations contained in the first sentence of Paragraph 71 and denies the remaining allegations contained in Paragraph 71.  Toshiba Corp. avers that in March 1995 it entered into an agreement to form a joint venture for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.  Toshiba Corp. avers that it entered into an agreement with Matsushita Electric Industrial Co., Ltd. to transfer all of its CRT business to a new entity named Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") on March 31, 2003.

72.     Paragraph 72 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations, except that Toshiba Corp. admits the allegations contained in the first sentence of Paragraph 72 and admits that Toshiba America, Inc. is a wholly-owned subsidiary of Toshiba Corp.

73.     Paragraph 73 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

74.     Paragraph 74 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations, except that Toshiba Corp. avers that the business address of Toshiba America Information Systems, Inc. is 9740 Irvine Boulevard, Irvine, CA 92618-1697.

75.     Paragraph 75 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations, except that Toshiba Corp. avers that the business address of Toshiba America Electronic Components, Inc. is 19900 MacArthur Boulevard, Suite 400, Irvine, CA 92612 and avers that Toshiba America Electronic Components, Inc. is a wholly-owned subsidiary of Toshiba America, Inc.

76.     Paragraph 76 relates to another company.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77.     Paragraph 77 relates to another company.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations except that Toshiba Corp. avers that in March 1995 it entered into an agreement to form a joint venture for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.  Toshiba Corp. also avers that it entered into an agreement with Matsushita Electric Industrial Co., Ltd. to transfer all of its CRT business to a new entity named MTPD on March 31, 2003, and that a CPT manufacturing facility in Indonesia became part of MTPD as part of that transfer.

78.     Paragraph 78 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 78.

**Panasonic Entities**

79.     Paragraph 79 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations except that Toshiba Corp. avers that it entered into an agreement with Matsushita Electric Industrial Co., Ltd. to transfer all of its CRT business to a new entity named MTPD on March 31, 2003, and that Toshiba Corp. sold its interest in MTPD in 2007.

80.     Paragraph 80 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81.     Paragraph 81 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82.     Paragraph 82 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 82.

83.     Paragraph 83 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations, except that Toshiba Corp. avers that it transferred all of its CRT business to a new entity named MTPD on March 31, 2003, and that Toshiba Corp. sold its interest in MTPD in 2007.

84.     Paragraph 84 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

**Hitachi Entities**

85.     Paragraph 85 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

86.     Paragraph 86 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

87.     Paragraph 87 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.     Paragraph 88 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.     Paragraph 89 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.     Paragraph 90 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.     Paragraph 91 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 91.

**Tatung**

92.     Paragraph 92 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

**Chunghwa Entities**

93.     Paragraph 93 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

94.     Paragraph 94 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95.     Paragraph 95 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 95.

**IRICO Entities**

96.     Paragraph 96 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97.     Paragraph 97 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98.     Paragraph 98 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99.     Paragraph 99 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 99.

**Thai CRT**

100.    Paragraph 100 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

**Samtel**

101.    Paragraph 101 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Daewoo/Orion Entities**

102.     Paragraph 102 relates to another Defendant.   Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations except that Toshiba Corp. avers that in March 1995 it entered into an agreement to form a joint venture for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

103.     Paragraph 103 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.   To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 103.

104.     Paragraph 104 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.   To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 104.

## VI.  AGENTS AND CO-CONSPIRATORS

105.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

106.     Paragraph 106 consists of Plaintiffs' characterization of their claim, to which no response is required.   If a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 106.

107.     Paragraph 107 consists of Plaintiffs' characterization of their claims, to which no response is required.   To the extent that the allegations contained in Paragraph 107 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.   To the extent that the allegations contained in Paragraph 107 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# VII.  INTERSTATE TRADE AND COMMERCE

108.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

110.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

# VIII.  FACTUAL ALLEGATIONS

## A.    CRT Technology

111.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, denies the allegations.

112.    Toshiba Corp. admits the allegations contained in Paragraph 112 of the IP-TCAC.

113.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and, therefore, denies the allegations.

114.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

## B.    Structural Characteristics Of The CRT Market

115.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

### a. Market Concentration

116. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, denies the allegations.

### b. Information Sharing

117. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and, therefore, denies the allegations.

118. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, denies the allegations.

### c. Consolidation

119. To the extent that the allegations contained in Paragraph 119 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 119 are directed to Toshiba Corp., Toshiba Corp. denies these allegations, except that Toshiba Corp. avers that it transferred its CRT business to a new entity called MTPD on March 31, 2003.

120. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, denies the allegations.

### d. Multiple Interrelated Business Relationships

121. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and, therefore, denies the allegations.

122. To the extent that the allegations contained in Paragraph 122 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

the extent that the allegations contained in Paragraph 122 are directed to Toshiba Corp., Toshiba Corp. denies these allegations. Toshiba Corp. avers that it transferred all of its CRT business to a new entity called MTPD on March 31, 2003. Toshiba Corp. also avers that it participated in a joint venture for the manufacture of color picture tubes with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

**e. High Costs Of Entry Into The Industry**

123. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and, therefore, denies the allegations.

**f. The Maturity Of The CRT Product Market**

124. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

125. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, therefore, denies the allegations.

126. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and, therefore, denies the allegations.

127. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, denies the allegations.

128. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and, therefore, denies the allegations.

129. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### g. Homogeneity Of CRT Products

130. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

131. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

## C. Pre-Conspiracy Market

132. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

133. Paragraph 133 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

## D. Defendants' And Co-Conspirators' Illegal Agreements

134. To the extent that the allegations contained in Paragraph 134 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 134 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

135. To the extent that the allegations contained in Paragraph 135 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 135 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

136. To the extent that the allegations contained in Paragraph 136 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

the extent that the allegations contained in Paragraph 136 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

137.    To the extent that the allegations contained in Paragraph 137 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 137 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

138.    To the extent that the allegations contained in Paragraph 138 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 138 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

**a.    "Glass Meetings"**

139.    To the extent that the allegations contained in Paragraph 139 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 139 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

140.    To the extent that the allegations contained in Paragraph 140 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 140 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

141.    To the extent that the allegations contained in Paragraph 141 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 141 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

142. To the extent that the allegations contained in Paragraph 142 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 142 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

143. To the extent that the allegations contained in Paragraph 143 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 143 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

144. To the extent that the allegations contained in Paragraph 144 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 144 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

145. To the extent that the allegations contained in Paragraph 145 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 145 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

146. To the extent that the allegations contained in Paragraph 146 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 146 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

147. To the extent that the allegations contained in Paragraph 147 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

the extent that the allegations contained in Paragraph 147 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

148.    To the extent that the allegations contained in Paragraph 148 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 148 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

149.    To the extent that the allegations contained in Paragraph 149 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 149 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

150.    To the extent that the allegations contained in Paragraph 150 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 150 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

151.    To the extent that the allegations contained in Paragraph 151 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 151 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

152.    To the extent that the allegations contained in Paragraph 152 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 152 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**b.      Bilateral Discussions**

153.      To the extent that the allegations contained in Paragraph 153 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 153 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

154.      To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 154 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

155.      To the extent that the allegations contained in Paragraph 155 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 155 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

156.      To the extent that the allegations contained in Paragraph 156 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 156 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

157.      To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 157 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

158.      To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 158 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

  **c.**   **Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions**

  159.   Paragraph 159 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies the allegations.

  160.   Paragraph 160 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, denies the allegations.

  161.   Paragraph 161 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and, therefore, denies the allegations.

  162.   Paragraph 162 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, denies the allegations.

  163.   Paragraph 163 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, denies the allegations.

  164.   Paragraph 164 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 and, therefore, denies the allegations.

  165.   Paragraph 165 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and, therefore, denies the allegations.

  166.   Paragraph 166 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

167.    Paragraph 167 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and, therefore, denies the allegations.

168.    Paragraph 168 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, therefore, denies the allegations.

169.    To the extent that the allegations contained in Paragraph 169 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 169 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

170.    To the extent that the allegations contained in Paragraph 170 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 170 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

171.    Paragraph 171 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and, therefore, denies the allegations.

172.    Paragraph 172 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 and, therefore, denies the allegations.

173.    Paragraph 173 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies the allegations.

174.    Paragraph 174 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

175.    Paragraph 175 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, denies the allegations.

176.    Paragraph 176 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies the allegations.

177.    Paragraph 177 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and, therefore, denies the allegations.

178.    Paragraph 178 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 and, therefore, denies the allegations.

179.    Paragraph 179 relates to other Defendants.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 and, therefore, denies the allegations.

180.    To the extent that Paragraph 180 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in the IP-TCAC, no response is required.  To the extent that the allegations contained in Paragraph 180 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

**E.    The CRT Market During The Conspiracy**

181.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

182.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and, therefore, denies the allegations.

183.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, therefore, denies the allegations.

184.    To the extent that Paragraph 184 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 184 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 184 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

185.    To the extent that Paragraph 185 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 185 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 185 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

186.    To the extent that the allegations contained in Paragraph 186 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 186 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA CORPORATION'S ANSWER TO INDIRECT
PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

187.     To the extent that Paragraph 187 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 187 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 187 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

188.     To the extent that Paragraph 188 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 188 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

189.     To the extent that Paragraph 189 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 189 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 189 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

190.     To the extent that the allegations contained in Paragraph 190 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

the extent that the allegations contained in Paragraph 190 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

191. To the extent that the allegations contained in Paragraph 191 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 191 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

192. To the extent that Paragraph 192 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 192 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

193. To the extent that the allegations contained in Paragraph 193 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 193 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

194. To the extent that the allegations contained in Paragraph 194 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 194 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

**F.    International Government Antitrust Investigations**

195. To the extent that the allegations contained in Paragraph 195 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 195 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

196. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies these allegations.

197. To the extent that Paragraph 197 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 197 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

198. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and, therefore, denies these allegations.

199. To the extent that Paragraph 199 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 199 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 199 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

200. To the extent that Paragraph 200 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 200 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 200 may

be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

201.    Paragraph 201 relates to other Defendants and/or third parties.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and, therefore, denies these allegations.

202.    To the extent that Paragraph 202 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 202 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 202 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

203.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and, therefore, denies these allegations.

204.    The allegations contained in Paragraph 204 refer to a public annual report, which is the best evidence of its contents.

205.    Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and, therefore, denies these allegations.

206.    To the extent that the allegations contained in Paragraph 206 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 206 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

207.    To the extent that the allegations contained in Paragraph 207 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 207 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

208.    To the extent that the allegations contained in Paragraph 208 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 208 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

209.    To the extent that the allegations contained in Paragraph 209 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 209 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

210.    To the extent that Paragraph 210 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 210 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

211.    To the extent that Paragraph 211 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 211 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

212.    To the extent that Paragraph 212 consists of purported statements by government authorities and/or statements in public documents, those statements speak for

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

themselves and no response is required. To the extent that the allegations contained in Paragraph 212 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

213. To the extent that Paragraph 213 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

## IX. **THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS**

214. To the extent that Paragraph 214 contains argument and/or legal conclusions, no response is required. To the extent that Paragraph 214 consists of purported statements by governmental authorities, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 214 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 214 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

215. To the extent that the allegations contained in Paragraph 215 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 215 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

216. To the extent that the allegations contained in Paragraph 216 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 216 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

217.     To the extent that the allegations contained in Paragraph 217 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 217 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

218.     To the extent that Paragraph 218 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 218 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 218 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

219.     To the extent that Paragraph 219 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 219 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 219 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

220.     To the extent that Paragraph 220 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 220 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 220 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

221.     To the extent that the allegations contained in Paragraph 221 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 221 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

222.     To the extent that Paragraph 222 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 222 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

223.     To the extent that Paragraph 223 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 223 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 223 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

224.     To the extent that Paragraph 224 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 224 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 224 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations

225.     To the extent that Paragraph 225 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 225 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 225 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 225 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

226.    To the extent that Paragraph 226 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 226 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 226 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 226 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

227.    To the extent that Paragraph 227 contains argument and/or legal conclusions, no response is required.  To the extent that Paragraph 227 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 227 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 227 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

228.    To the extent that Paragraph 228 contains argument and/or legal conclusions, no response is required.  Also, Paragraph 228 consists of purported statements in public documents, those statements speak for themselves and no response is required.  To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

229.    To the extent that Paragraph 229 contains argument and/or legal conclusions, no response is required.  To the extent that the allegations contained in Paragraph 229 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

denies these allegations. To the extent that the allegations contained in Paragraph 229 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

230. To the extent that the allegations contained in Paragraph 230 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 230 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

231. To the extent that Paragraph 231 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 231 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 231 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

## X. CLASS ACTION ALLEGATIONS

232. Paragraph 232 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. Toshiba Corp. further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

233. Paragraph 233 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. Toshiba Corp. further

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

234. Paragraph 234 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 234 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. Toshiba Corp. further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

235. Paragraph 235 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 235 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. Toshiba Corp. further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

## XI.  VIOLATIONS ALLEGED

### A.  First Claim For Relief:  Violation Of Section 1 Of The Sherman Act

236. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-235 of the IP-TCAC, as set forth above.

237. Paragraph 237 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 237 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 237 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

238. Paragraph 238 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 238 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 238 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

239. Paragraph 239 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 239 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

240. Paragraph 240 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 240 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 240 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

241. Paragraph 241 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 241 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

242. Paragraph 242 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 242 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

243. Paragraph 243 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 243 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

244. Paragraph 244 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 244 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

245.     Paragraph 245 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 245 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B.     Second Claim For Relief:  Violation Of State Antitrust Statutes**

246.     Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-245 of the IP-TCAC, as set forth above.

247.     Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-246 of the IP-TCAC, as set forth above.  Paragraph 247 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 247 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

248.     Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-247 of the IP-TCAC, as set forth above.  Paragraph 248 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 248 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 248 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

249.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-248 of the IP-TCAC, as set forth above.  Paragraph 249 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 249 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 249 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

250.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-249 of the IP-TCAC, as set forth above.  Paragraph 250 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 250 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 250 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

251.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-250 of the IP-TCAC, as set forth above.  Paragraph 251 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 251 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 251 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

252.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-251 of the IP-TCAC, as set forth above.  Paragraph 252 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 252 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 252 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

253.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-252 of the IP-TCAC, as set forth above.  Paragraph 253 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 253 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 253 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

254.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-253 of the IP-TCAC, as set forth above.  Paragraph 254 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 254 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 254 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
2  belief as to the truth of these allegations and, therefore, denies these allegations.

3      255.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
4  254 of the IP-TCAC, as set forth above.  Paragraph 255 consists of argument, Plaintiffs'
5  characterization of their claims and/or legal conclusions, to which no response is required.
6  To the extent that the allegations contained in Paragraph 255 relate to other Defendants
7  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
8  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
9  extent that the allegations contained in Paragraph 255 may be deemed to require a response
10  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
11  belief as to the truth of these allegations and, therefore, denies these allegations.

12      256.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
13  255 of the IP-TCAC, as set forth above.  Paragraph 256 consists of argument, Plaintiffs'
14  characterization of their claims and/or legal conclusions, to which no response is required.
15  To the extent that the allegations contained in Paragraph 256 relate to other Defendants
16  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
17  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
18  extent that the allegations contained in Paragraph 256 may be deemed to require a response
19  from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
20  belief as to the truth of these allegations and, therefore, denies these allegations.

21      257.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
22  256 of the IP-TCAC, as set forth above.  Paragraph 257 consists of argument, Plaintiffs'
23  characterization of their claims and/or legal conclusions, to which no response is required.
24  To the extent that the allegations contained in Paragraph 257 relate to other Defendants
25  and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
26  belief as to the truth of these allegations and, therefore, denies these allegations.  To the
27  extent that the allegations contained in Paragraph 257 may be deemed to require a response

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

258.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-257 of the IP-TCAC, as set forth above.  Toshiba Corp. denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nebraska that are based on sales made prior to July 20, 2002, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).  Also, Paragraph 258 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 258 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 258 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

259.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-258 of the IP-TCAC, as set forth above.  Toshiba Corp. denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nevada that are based on sales made prior to the 1999 date of Nevada's repealer statute, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665).  Also, Paragraph 259 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 259 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 259 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

260.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-259 of the IP-TCAC, as set forth above.  Paragraph 260 consists of argument, Plaintiffs'

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 260 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 260 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

261. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-260 of the IP-TCAC, as set forth above. Paragraph 261 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 261 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 261 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

262. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-261 of the IP-TCAC, as set forth above. Paragraph 262 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 262 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 262 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

263. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-262 of the IP-TCAC, as set forth above. Paragraph 263 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

To the extent that the allegations contained in Paragraph 263 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 263 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

264. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-263 of the IP-TCAC, as set forth above. Paragraph 264 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 264 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 264 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

265. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-264 of the IP-TCAC, as set forth above. Paragraph 265 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 265 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 265 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

266. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-265 of the IP-TCAC, as set forth above. Paragraph 266 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 266 relate to other Defendants

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

2    belief as to the truth of these allegations and, therefore, denies these allegations.  To the

3    extent that the allegations contained in Paragraph 266 may be deemed to require a response

4    from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

5    belief as to the truth of these allegations and, therefore, denies these allegations.

6    267.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

7    266 of the IP-TCAC, as set forth above.  Paragraph 267 consists of argument, Plaintiffs'

8    characterization of their claims and/or legal conclusions, to which no response is required.

9    To the extent that the allegations contained in Paragraph 267 relate to other Defendants

10   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

11   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

12   extent that the allegations contained in Paragraph 267 may be deemed to require a response

13   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

14   belief as to the truth of these allegations and, therefore, denies these allegations.

15   268.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-

16   267 of the IP-TCAC, as set forth above.  Paragraph 268 consists of argument, Plaintiffs'

17   characterization of their claims and/or legal conclusions, to which no response is required.

18   To the extent that the allegations contained in Paragraph 268 relate to other Defendants

19   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

20   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

21   extent that the allegations contained in Paragraph 268 may be deemed to require a response

22   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

23   belief as to the truth of these allegations and, therefore, denies these allegations.

**C.    Third Claim For Relief:  Violation Of State Consumer Protection And Unfair Competition Statutes**

269.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-268 of the IP-TCAC, as set forth above.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

270.     Paragraph 270 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 270 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 270 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

271.     Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-270 of the IP-TCAC, as set forth above.  Paragraph 271 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 271 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 271 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

272.     Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-271 of the IP-TCAC, as set forth above.  Paragraph 272 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 272 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 272 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

273.     Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-272 of the IP-TCAC, as set forth above.  Paragraph 273 consists of argument, Plaintiffs'

characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 273 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 273 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

274. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-273 of the IP-TCAC, as set forth above. Paragraph 274 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 274 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 274 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

275. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-274 of the IP-TCAC, as set forth above. Paragraph 275 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 275 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 275 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

276. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-275 of the IP-TCAC, as set forth above. Paragraph 276 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    To the extent that the allegations contained in Paragraph 276 relate to other Defendants
2    and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
3    belief as to the truth of these allegations and, therefore, denies these allegations.  To the
4    extent that the allegations contained in Paragraph 276 may be deemed to require a response
5    from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
6    belief as to the truth of these allegations and, therefore, denies these allegations.

7        277.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
8    276 of the IP-TCAC, as set forth above.  Paragraph 277 consists of argument, Plaintiffs'
9    characterization of their claims and/or legal conclusions, to which no response is required.
10   To the extent that the allegations contained in Paragraph 277 relate to other Defendants
11   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
12   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
13   extent that the allegations contained in Paragraph 277 may be deemed to require a response
14   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
15   belief as to the truth of these allegations and, therefore, denies these allegations.

16       278.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
17   277 of the IP-TCAC, as set forth above.  Paragraph 278 consists of argument, Plaintiffs'
18   characterization of their claims and/or legal conclusions, to which no response is required.
19   To the extent that the allegations contained in Paragraph 278 relate to other Defendants
20   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a
21   belief as to the truth of these allegations and, therefore, denies these allegations.  To the
22   extent that the allegations contained in Paragraph 278 may be deemed to require a response
23   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a
24   belief as to the truth of these allegations and, therefore, denies these allegations.

25       279.    Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-
26   278 of the IP-TCAC, as set forth above.  Paragraph 279 consists of argument, Plaintiffs'
27   characterization of their claims and/or legal conclusions, to which no response is required.
28   To the extent that the allegations contained in Paragraph 279 relate to other Defendants

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a

2   belief as to the truth of these allegations and, therefore, denies these allegations.  To the

3   extent that the allegations contained in Paragraph 279 may be deemed to require a response

4   from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a

5   belief as to the truth of these allegations and, therefore, denies these allegations.

6   **D.**   **Fourth Claim For Relief:  Unjust Enrichment And Disgorgement Of Profits**

7       280.   Toshiba Corp. hereby incorporates by reference its responses to

8   Paragraphs 1-279 of the IP-TCAC, as set forth above.

9       281.   Paragraph 281 consists of argument, Plaintiffs' characterization of their claims

10   and/or legal conclusions, to which no response is required.  To the extent that the

11   allegations contained in Paragraph 281 relate to other Defendants and/or third parties,

12   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

13   these allegations and, therefore, denies these allegations.  To the extent that the allegations

14   contained in Paragraph 281 may be deemed to require a response from Toshiba Corp.,

15   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

16   these allegations and, therefore, denies these allegations.

17       282.   Paragraph 282 consists of argument, Plaintiffs' characterization of their claims

18   and/or legal conclusions, to which no response is required.  To the extent that the

19   allegations contained in Paragraph 282 relate to other Defendants and/or third parties,

20   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

21   these allegations and, therefore, denies these allegations.  To the extent that the allegations

22   contained in Paragraph 282 may be deemed to require a response from Toshiba Corp.,

23   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

24   these allegations and, therefore, denies these allegations.

25       283.   Paragraph 283 consists of argument, Plaintiffs' characterization of their claims

26   and/or legal conclusions, to which no response is required.  To the extent that the

27   allegations contained in Paragraph 283 relate to other Defendants and/or third parties,

28   Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 283 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XII. FRAUDULENT CONCEALMENT

284. Paragraph 284 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 284 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 284 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

285. Paragraph 285 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 285 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 285 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

286. Paragraph 286 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 286 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 286 may be deemed to require a response from Toshiba Corp.,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

287.    Paragraph 287 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.    To the extent that the allegations contained in Paragraph 287 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.    To the extent that the allegations contained in Paragraph 287 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

### XIII.  PRAYER FOR RELIEF

In answer to the Prayer for Relief, Toshiba Corp. denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against Toshiba Corp.

All allegations of the IP-TCAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

### DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses:

### FIRST DEFENSE

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject-matter jurisdiction over the claims of Plaintiffs and any putative class members.  The Court also lacks subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**SECOND DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**THIRD DEFENSE**

The IP-TCAC fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

Plaintiffs, and each of them, have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue. Plaintiffs' claims, to the extent they rely on the laws of foreign states or are brought on behalf of out-of-state residents, would be better adjudicated in those foreign courts.

**SIXTH DEFENSE**

Plaintiffs' claims and claims of any putative class members against Toshiba Corp. are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

**SEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because they cannot be maintained as a class action.

**EIGHTH DEFENSE**

The relief sought by Plaintiffs, and each of them, is barred because the named Plaintiffs are not proper class representatives.

**NINTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, lack standing to bring or maintain the claims set forth in the IP-TCAC.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purport to bring this action on behalf of a nationwide class, some members of which reside in jurisdictions that do not permit actions based on, or analogous to, the claims specified in the IP-TCAC.

## ELEVENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

## TWELFTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, have suffered no antitrust injury.

## THIRTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of estoppel.

## FIFTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

## SIXTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of Toshiba Corp.

## SEVENTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

any acts or omissions of Toshiba Corp. and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

## EIGHTEENTH DEFENSE

To the extent that any actionable conduct occurred, Plaintiffs' claims and claims of any putative class members against Toshiba Corp. are barred because all such conduct would have been committed by individuals acting *ultra vires*.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by Toshiba Corp. and/or the other Defendants.

## TWENTIETH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

## TWENTY-FIRST DEFENSE

Plaintiffs and any putative class members are barred from recovery of any damages because of, and to the extent of, their failure to mitigate damages.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any actions or practices of Toshiba Corp. that are the subject of the IP-TCAC were undertaken unilaterally for legitimate business reasons and in pursuit of Toshiba Corp.'s independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between Toshiba Corp. and any other person or entity.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of Toshiba Corp. that are the subject of the IP-TCAC were adopted in furtherance of legitimate business interests of Toshiba Corp. and of its customers and did not unreasonably restrain competition.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of Toshiba Corp. that are the subject of the IP-TCAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, as premised upon privileged conduct or actions by Toshiba Corp.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

## TWENTY-SEVENTH DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to the Plaintiffs in the chain of distribution was not passed on to a third party.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards

TOSHIBA CORPORATION'S ANSWER TO INDIRECT
PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRTIETH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRTY-SECOND DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, Toshiba Corp. contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than Toshiba Corp. who have settled, or do settle, Plaintiffs' claims against them in this action.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims and claims of any putative class members for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### THIRTY-FOURTH DEFENSE

The IP-TCAC is ambiguous as to whether the alleged state law violations are intended to be asserted on behalf of a purported nationwide class of indirect purchasers or just on behalf of the residents of those states whose laws were cited. To the extent the IP-TCAC asserts alleged violations on behalf of indirect purchasers located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate Defendants' rights to due process under the United States and various state constitutions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### THIRTY-FIFTH DEFENSE

To the extent Plaintiffs or any purported class members seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by constitutional rights of due process, choice of law principles, and the laws of the states under which Plaintiffs assert their claims.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred in whole or part because the IP-TCAC fails to plead conspiracy with particularity required under applicable law.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to: 15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; D.C. Code §§ 28-4511(b) and 12-301; Fla. Stat. § 95.11(f); Haw. Rev. Stat. § 480-24; 740 Ill. Comp. Stat. 10/7; Iowa Code §§ 553.12 and 553.16; Kan. Stat. Ann. § 60-512(2); Me. Rev. Stat. Ann. tit. 14, § 752; Me. Rev. Stat. Ann. tit. 5, § 213; Mich. Comp. Laws §§ 445.781 and 600.5813; Minn. Stat. § 325D.64(1); Miss. Code Ann. §§ 15-1-49 and 15-1-65; Neb. Rev. Stat. §§ 25-206 and 59-1612; Nev. Rev. Stat. §§ 11.190 and 598A.220; N.M. Stat. § 57-1-12; N.Y. C.P.L.R. 214(2); N.C. Gen. Stat. § 75-16.2; N.D. Cent. Code § 51-08.1-10; S.D. Codified Laws § 37-1-14.4; Tenn. Code Ann. § 28-3-105; Vt. Stat. Ann. tit. 12, § 511; W. Va. Code § 47-18-11; Wis. Stat. § 133.18.

### THIRTY-EIGHTH DEFENSE

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes: Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; D.C. Code §§ 28-4502, *et seq.*; Haw. Rev. Stat. §§ 480-1, *et seq.*; 740 Ill. Comp. Stat. 10/1, *et seq.*; Iowa Code §§ 553.1, *et seq.*; Kan. Stat. Ann. §§ 50-101, *et seq.*; Me. Rev. Stat. Ann. tit. 10, §§ 1101, *et seq.*; Mich. Comp. Laws §§ 445.771, *et seq.*; Minn. Stat. §§ 325D.52, *et seq.*; Miss. Code Ann. §§ 75-21-9, *et seq.* and 75-24-1, *et seq.*; Neb. Rev. Stat. §§ 59-801,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*et seq.*; Nev. Rev. Stat. §§ 598A, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.Y. Gen. Bus. Law §§ 340 *et seq.*; N.C. Gen. Stat. §§ 75-1, *et seq.*; N.D. Cent. Code §§ 51-08.1-01, *et seq.*; S.D. Codified Laws §§ 37-1, *et seq.*; Tenn. Code Ann. §§ 47-25-101, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2453, *et seq.*; W. Va. Code §§ 47-18-1, *et seq.*; Wis. Stat. §§ 133.01, *et seq.*

### THIRTY-NINTH DEFENSE

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under, without limitation, the following statutes:  Cal. Bus. & Prof. Code §§ 17200, *et seq.*; D.C. Code §§ 28-3901, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; Haw. Rev. Stat. §§ 480-4, *et seq.*; Neb. Rev. Stat. §§ 59-1601, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.Y. Gen. Bus. Law §§ 349, *et seq.*; N.C. Gen. Stat. §§ 75-1.1, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*

### FORTIETH DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Neb. Rev. Stat. §§ 59-801, *et seq.*, based on sales made prior to July 20, 2002, as these claims were dismissed by the Court in its March 30, 2010 Order.

### FORTY-FIRST DEFENSE

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Nev. Rev. Stat. §§ 598A, *et seq.*, based on sales made prior to the 1999 date of Nevada's repealer statute, as these claims were dismissed by the Court in its March 30, 2010 Order.

### FORTY-SECOND DEFENSE

Plaintiffs' claims under Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Ariz. Rev. Stat. Ann. § 44-1415.

### FORTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## FORTY-FOURTH DEFENSE

To the extent Plaintiffs purport to represent or seek relief on behalf of members of the putative class who are not located or resident in the State of California, the IP-TCAC and each of its claims for relief therein violate Defendants' rights to due process under the constitutions of California and the United States. *See, e.g.*, *BMW of N. Am. v. Gore*, 517 U.S. 559, 571-72 (1996); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-23 (1985).

## FORTY-FIFTH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of the purported class members in this case would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because Toshiba Corp. did not acquire any money or property from Plaintiffs.

## FORTY-SEVENTH DEFENSE

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## FORTY-EIGHTH DEFENSE

Any award of restitution to the Plaintiffs under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the

Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

### FORTY-NINTH DEFENSE

Cal. Bus. & Prof. Code § 17204 improperly delegates the executive branch's prosecutorial power to private parties, in contravention of the separation-of-powers doctrine and the provisions of Article V of the California Constitution vesting the State's executive power in the Executive Branch, by authorizing private plaintiffs without any individualized injury to bring suit on behalf of the interests of the general public.

### FIFTIETH DEFENSE

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### FIFTY-FIRST DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700 *et seq.*, are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

### FIFTY-SECOND DEFENSE

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

### FIFTY-THIRD DEFENSE

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of Toshiba Corp. occurring outside of California.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FIFTY-FOURTH DEFENSE**

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those causes of action arise under California law, but Plaintiffs seek to include in the putative plaintiff class non-California residents — notwithstanding California's lack of a significant contact or significant aggregation of contacts with each member of the putative nationwide plaintiff class — and as such is arbitrary and unfair and violates guarantees of due process in the United States and California Constitutions, as well as the Full Faith and Credit Clause of the United States Constitution, and constitutes an impermissible burden on interstate commerce in contravention of the Commerce Clause of the United States Constitution.

**FIFTY-FIFTH DEFENSE**

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because Toshiba Corp. did not receive a benefit from Plaintiffs, Toshiba Corp. did not retain any benefit, and/or the receipt of any benefit was not unjust.

**FIFTY-SIXTH DEFENSE**

Plaintiffs' claims under D.C. Code §§ 28-4502, *et seq.*, are barred, in whole or in part, because any award to the indirect purchasers would result in duplication of recovery of damages which is prohibited under D.C. Code § 28-4509(b).

**FIFTY-SEVENTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

**FIFTY-EIGHTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FIFTY-NINTH DEFENSE**

Plaintiffs' claims under Haw. Rev. Stat. §§ 480-4, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Haw. Rev. Stat. § 480-13.3.

**SIXTIETH DEFENSE**

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Iowa Competition Law.

**SIXTY-FIRST DEFENSE**

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SIXTY-SECOND DEFENSE**

Plaintiffs' claims under Kan. Stat. Ann. §§ 50-101, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered any actual, cognizable injury under Kansas law.

**SIXTY-THIRD DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because the remedies sought are unconstitutional and contrary to public policy.

**SIXTY-FOURTH DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

**SIXTY-FIFTH DEFENSE**

Plaintiffs' claims under Maine law are barred, in whole or in part, because Plaintiffs failed to make a sufficient, written demand for relief to Toshiba Corp. prior to filing the IP-TCAC, or to otherwise meet the required statutory preconditions to filing suit under Maine law.

**SIXTY-SIXTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because the Michigan Antitrust Reform Act is not applicable to conduct occurring outside of Michigan.

**SIXTY-SEVENTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SIXTY-EIGHTH DEFENSE**

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of duplicative damages in successive suits.

**SIXTY-NINTH DEFENSE**

Plaintiffs' claims under Minnesota law are barred, in whole or in part, to the extent that Plaintiffs and the other members of the class seek damages that are duplicative of damages sought in other actions.

**SEVENTIETH DEFENSE**

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

**SEVENTY-FIRST DEFENSE**

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because the act applies only to conspiracies to be accomplished at least in part by wrongful conduct that takes place within Mississippi.

**SEVENTY-SECOND DEFENSE**

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because punitive damages may not be awarded under §§ 75-21-1, *et seq.*, which provide the exclusive remedies for violation of that act.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### SEVENTY-THIRD DEFENSE

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Miss. Code Ann. § 75-24-15 expressly prohibits class-action lawsuits.

### SEVENTY-FOURTH DEFENSE

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Plaintiffs have not met the prerequisites for a claim under Miss. Code Ann. § 75-24-15.

### SEVENTY-FIFTH DEFENSE

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-821.01.

### SEVENTY-SIXTH DEFENSE

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-1609.1.

### SEVENTY-SEVENTH DEFENSE

Plaintiffs' claims under Nev. Rev. Stat. §§ 598A, *et seq.*, are barred, in whole or in part, because under § 598A.060, that act applies only to activity occurring, at least in part, in Nevada.

### SEVENTY-EIGHTH DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.*, are barred, in whole or in part, because the alleged conduct of Toshiba Corp. that is the subject of the IP-TCAC was neither directed to nor affected persons or entities or commerce in New Mexico.

### SEVENTY-NINTH DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.*, are barred, in whole or in part, because the IP-TCAC fails to plead such fraud or fraudulent concealment with the particularity required by the applicable law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### EIGHTIETH DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because the New Mexico Unfair Practices Act does not provide relief for indirect purchasers.

### EIGHTY-FIRST DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Toshiba Corp. made no sales to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

### EIGHTY-SECOND DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Toshiba Corp. made no representations to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

### EIGHTY-THIRD DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to plead any necessary predicate acts to invoke application of the New Mexico Unfair Practices Act.

### EIGHTY-FOURTH DEFENSE

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because application of the New Mexico Unfair Practices Act to any transactions occurring outside the State of New Mexico would violate the Commerce Clause of the United States Constitution.

### EIGHTY-FIFTH DEFENSE

Plaintiffs' claims under New Mexico law are frivolous and groundless with no arguable basis in fact or law.

### EIGHTY-SIXTH DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by Toshiba Corp. is, or if in interstate commerce would be, subject to and compliant with the rules and regulations of, and statutes administered by, the

Case 3:07-cv-05944-SC Document 850 Filed 01/26/11 Page 68 of 72

Federal Trade Commission or other official department, division, commission or agency of the United States, as these rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts. N.Y. Gen. Bus. Law § 349(d).

## EIGHTY-SEVENTH DEFENSE

Plaintiffs' claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

## EIGHTY-EIGHTH DEFENSE

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

## EIGHTY-NINTH DEFENSE

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered any actual cognizable injuries or damages under N.C. Gen. Stat. § 75-16 or otherwise under the laws of North Carolina as a result of the conduct complained of in the IP-TCAC.

## NINETIETH DEFENSE

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, to the extent that an award of damages under N.C. Gen. Stat. § 75-16 is unconstitutional when applied to the facts of the instant matter.

## NINETY-FIRST DEFENSE

Plaintiffs lack standing to prosecute their North Carolina state antitrust claims against Toshiba Corp., in whole or in part, because they have not met the modified *Associated General Contractors* test set forth in *Crouch v. Crompton Corp.*, Nos. 02-4375, 03-2514, 2004 WL 2414027, at *18-20 (N.C. Super. Oct. 28, 2004).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

### NINETY-SECOND DEFENSE

Plaintiffs' claims under S.D. Codified Laws §§ 37-1, *et seq.*, are barred, in whole or in part, because under S.D. Codified Laws §§ 37-1-33, courts should take efforts to avoid imposition of duplicative damages in successive suits.

### NINETY-THIRD DEFENSE

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants did not willfully violate that statute.

### NINETY-FOURTH DEFENSE

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants' conduct did not have a substantial effect on Tennessee commerce.

### NINETY-FIFTH DEFENSE

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom each Plaintiff is in privity.

### NINETY-SIXTH DEFENSE

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because indirect intermediate purchasers do not have standing under the Tennessee Trade Practices Act.

### NINETY-SEVENTH DEFENSE

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Vermont Consumer Fraud Act.

### NINETY-EIGHTH DEFENSE

Plaintiffs' claims under Vermont law are barred, in whole or in part, because any recovery by Plaintiffs would amount to impermissible duplicative liability within the meaning of Vt. Stat. Ann. tit. 9, § 2465(b).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**NINETY-NINTH DEFENSE**

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*, are barred, in whole or in part, because Toshiba Corp. did not willfully or knowingly violate the Vermont Consumer Fraud Act.

**ONE HUNDREDTH DEFENSE**

Plaintiffs' claims under W. Va. Code §§ 47-18-1, *et seq.*, are barred, in whole or in part, because West Virginia Regulation 142-9-2, which purports to grant a cause of action to individuals indirectly injured by violations of the West Virginia Antitrust Act, is invalid, and Plaintiffs' claims are therefore barred by *Illinois Brick Co. v. Illinois*, 43 U.S. 881 (1977).

**ONE HUNDRED FIRST DEFENSE**

Toshiba Corp. adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**ONE HUNDRED SECOND DEFENSE**

Toshiba Corp. reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TOSHIBA CORP.'S PRAYER FOR RELIEF**

WHEREFORE, Toshiba Corp. prays for judgment as follows:

1.  That Plaintiffs take nothing by reason of the IP-TCAC, and that the action be dismissed with prejudice;

2.  That the Court enter judgment in favor of Toshiba Corp. and against Plaintiffs with respect to all causes of action in the IP-TCAC;

3.  That the Court award Toshiba Corp. its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4.  That the Court order such other further relief for Toshiba Corp. as the Court may deem just and proper.

Dated:  January 26, 2011

Respectfully submitted,

**WHITE & CASE** LLP

By:   /s/ Christopher M. Curran
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

White & Case LLP
701 Thirteenth Steet, NW
Washington, DC  20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA CORPORATION'S ANSWER TO INDIRECT
PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

## CERTIFICATE OF SERVICE

On January 26, 2011, I caused a copy of the "TOSHIBA CORPORATION'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT" to be served via ECF on the other parties in this action.


By: _/s/ Christopher M. Curran_____
　　Christopher M. Curran (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Defendants' Attachment 2

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: | **INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |
| ALL INDIRECT-PURCHASER ACTIONS | |

PROPOUNDING PARTY:     Indirect-Purchaser Plaintiffs

RESPONDING PARTY:     *All Defendants*

SET NO.:                 ONE (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the June 18, 2008 Stipulated Protective Order, the Indirect-Purchaser Plaintiffs ("Plaintiffs") request that each defendant answer the following interrogatories within (30) days of service, and afterwards supplement such interrogatory answers as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The words and phrases used in these Requests for Production shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Northern District of California. In addition, the following terms have the meanings set forth below whenever used in any interrogatory.

1

1.     "Bilateral Meeting" shall have the meaning as used in the Plaintiffs' Fourth Amended Complaint.

2.     "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

3.     "CRT" means cathode ray tube(s) and "CRT Products" means products containing cathode ray tubes.

4.     "CRT Conspiracy" means the conspiracy to violate antitrust laws as pled in the Plaintiffs' Fourth Amended Complaint.

5.     "Defendant" refers to any defendant referred to in the current operative complaint filed by the Indirect Purchaser Plaintiffs, including defendant's predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without limitation any organization or entity that the defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant, regardless of whether any such predecessor, successor, subsidiary, division, affiliate, or present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on your behalf is or is not a party to this litigation.

6.     "Document" means all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

7.     "Employee" means any individual currently employed by, or at any time employed by, or acting as the agent of a Defendant as defined herein.

8.     "Evidence" means Documents, witness statements or testimony, and discovery responses.

///

9.      "Glass Meeting" shall have the meaning as set forth in the Plaintiffs' Fourth Amended Complaint.

10.     "Law Enforcement Agents" means agents of the United States Department of Justice, the Federal Trade Commission or any state attorneys general office who have authority to enforce state or federal antitrust or consumer protection laws in the United States.

11.     "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

12.     "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

13.     "Class Period" means the period from March 1, 1995 through November 24, 2007.

14.     "You" or "Your" means the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding Defendant, regardless of whether any such predecessor, successor, subsidiary, division, affiliate, or present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on your behalf is or is not a party to this litigation.

## **INSTRUCTIONS**

1.      The obligation to answer these interrogatories is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after answering these interrogatories You discover additional information that will make your answers to these interrogatories more complete or correct, amend your answers as soon as reasonably possible.

2.      When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and address for all times during the Class Period, as well as

3

their current or last known home address and telephone number.  If any of such information

changed during the Class Period, specify the time period to which the information provided in

your answers pertains.

3.      When asked to identify any entity other than a natural person, state the name and

address of the principal office or headquarters.  If any information changed during the Class

Period, specify the time period to which the information provided in your answer pertains.

4.      When asked to identify a CRT or CRT Product, state the manufacturer, product

type (e.g. television or computer monitor), serial number, model number, and size.

5.      When asked to identify an event, such as a communication, discussion, meeting,

decision, or agreement, state the date, time, and address of the event, all of the participants in the

event, and any formal or informal title by which the participants referred to the event.

6.      If the responding party elects to produce business records in response to an

interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall

produce the records as they are kept in the usual course of business or shall organize and label

them to correspond to the interrogatory.  If the document is being produced in its native

electronic format (allowing the document to retain its metadata), identify the document using its

hash or other appropriate electronic identification and identify to the interrogatories to which the

document is responsive.  If the document is not being produced in electronic form, identify the

document using the applicable bates numbers or specifically identify the type of document being

produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its dates and author(s), its

custodian, and every person to whom such a document or any copy thereof was given or sent.

For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer,

or agent certifying the documents as business records.

## **INTERROGATORIES**

**INTERROGATORY NO. 1**:

Have You ever participated in any conspiracy to fix prices, limit production or capacity,

allocate customers and/or allocate market share of CRTs?

///

INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS;
MASTER FILE NO. CV-07-5944-SC, MDL NO. 1917

**INTERROGATORY NO. 2**:

If You contend that You withdrew from any CRT Conspiracy, state:

(a)     Why You withdrew from the conspiracy;

(b)     What specific acts You took to withdraw from the CRT Conspiracy;

(c)     Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

(d)     Who withdrew from the CRT Conspiracy on your behalf;

**INTERROGATORY NO. 3**:

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**INTERROGATORY NO. 5**:

Indicate whether You were notified at any time by any co-conspirator of any co-conspirator's intent to withdraw from the CRT Conspiracy?

**INTERROGATORY NO. 6**:

If Your answer to Interrogatory No.5 above, is in the affirmative, describe all communication(s) between You and any person(s) regarding any co-conspirator's intent to withdraw from the conspiracy, and identify all Evidence regarding such communications.

**INTERROGATORY NO. 7**:

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**INTERROGATORY NO. 8**:

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States; (c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**INTERROGATORY NO. 9**:

For each year during the Class Period, state by year how many CRT Products (in both

5

number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States;(c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**INTERROGATORY NO. 10**:

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic manufacturing service, original design manufacturer, or system integrator for integration into CRT Products to be sold in the United States.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

**INTERROGATORY NO. 12:**

For each year during the Class \Period, state by year Your total worldwide dollar amount of sales of CRTs, by size and by country of destination.

**INTERROGATORY NO. 13:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRT Products, both in the aggregate and by the size and type of CRT Product.

**INTERROGATORY NO. 14:**

For each year during the Class Period, state by year Your total dollar amount of sales of CRT Products by the size and type of CRT Products sold and by country of destination

**INTERROGATORY NO. 15:**

For each year during the Class Period, state by year Your dollar amount of sales of CRTs in the United States, both in the aggregate and by size of the CRT.

**INTERROGATORY NO. 16:**

For each year during the Class Period, state by year Your dollar amount of sales of CRT Products in the United States, both in the aggregate and by the size and type of the CRT Product.

///

1  **INTERROGATORY NO. 17:**

2      For the sales of CRT Products identified in Interrogatory No. 16, state the value of the CRT

3  included in the CRT Product sales price.

4  **INTERROGATORY NO. 18:**

5      For each year during the Class Period, state by year Your sales of CRTs to any other

6  Defendant by size and by country of destination.

7  **INTERROGATORY NO. 19**:

8      For each year during the Class Period, state by year Your sales of CRT Products to any

9  other Defendant by the size and type of CRT Products sold and by country of destination.

10  **INTERROGATORY NO. 20**:

11      For each year during the Class Period, state in U.S. dollars and by year Your business

12  profits and losses realized from sales of CRTs by size and by country of destination, and Your

13  profits and losses for Your business as a whole.

14  **INTERROGATORY NO. 21**:

15      For each year during the Class Period, state  in U.S. dollars and by year Your business

16  profits and losses realized from sales of CRT Products by size and type of CRT Products sold

17  and by country of destination, and Your profits and losses for Your business as a whole.

18  **INTERROGATORY NO. 22**:

19      To the extent that You contend that prior to November 2007 Plaintiffs knew, should have

20  known, or were not reasonably diligent in discovery regarding the allegations in their Complaint,

21  identify all Evidence upon which You intend to rely to prove such contention.

22  **INTERROGATORY NO.23:**

23      To the extent that You contend that You provided false information, or false commitments

24  relating to pricing or production of CRTs to competitors at Glass Meetings or Bilateral Meetings

25  with those competitors, identify each instance that you provided false information or a false

26  commitment and any Evidence related to it.

27  **INTERROGATORY NO. 24**

28      To the extent that you contend that a competitor provided false information or a false

7

commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral Meetings, identify each instance, where such false information or false commitment was provided to You and any Evidence related to it.

**INTERROGATORY NO. 25**

If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for Admission was anything other than an unqualified admission, separately for each Request for Admission:

        (a)  state the number of the request for admission;

        (b)  state all facts upon which You base Your response;

        (c)  identify all Evidence upon which You intend to rely to support your response; and

        (d)  identify each person who has knowledge of the facts upon which you base your response.

Dated: August 1, 2014

By: */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com
*Lead Counsel for Indirect Purchaser Plaintiffs*

8

**CERTIFICATE OF SERVICE**

I, Vanessa Buffington, declare that I am employed with the law firm of Trump, Alioto,

Trump & Prescott LLP, whose address is 2280 Union Street, San Francisco, California 94123.  I

am over the age of eighteen years and not a party to the within-entitled action.  On August 1, 2014,

I caused a copy of the following documents to be served:

**INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
TO DEFENDANTS**

via electronic mail to the parties below:

| | |
|---|---|
| Jeffrey L. Kessler<br>A. Paul Victor<br>Eva W. Cole<br>Molly M. Donovan<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: 212-294-4692<br>Fax: 212-294-4700<br>Email: jkessler@winston.com<br>pvictor@winston.com<br>ewcole@winston.com<br>mmdonovan@winston.com<br><br>*Counsel for Panasonic Corporation;*<br>*Panasonic Corporation of North America; and*<br>*MT Picture Display Co., Ltd.* | Steven A. Reiss<br>David L. Yohai<br>David Yolkut<br>Weil, Gosthal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212-310-8000<br>Fax: 212-310-8007<br>Email: steven.reiss@weil.com<br>david.yohai@weil.com<br>david.yolkut@weil.com<br><br>Bambo Obaro<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065-1175<br>Tel: 650-802-3000<br>Fax: 650-802-3100<br>Email: bambo.obaro@weil.com<br><br>*Counsel for Panasonic Corporation;*<br>*Panasonic Corporation of North America;*<br>*and MT Picture Display Co.* |
| Joel S. Sanders<br>Rachel S. Brass<br>Christine A. Fujita<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Tel: 415-393-8200 | William Temko<br>Jonathan Altman<br>Hojoon Hwang<br>Laura Lin<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Fax: 415-393-8206<br>Email: jsanders@gibsondunn.com<br>rbrass@gibsondunn.com<br>cfujita@gibsondunn.com<br><br>*Counsel for Chunghwa Picture Tubes, Ltd. And Chunghwa Picture Tubes (Malaysia)* | Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077<br>Email: william.temko@mto.com<br>jonathan.altman@mto.com<br>hojoon.hwang@mto.com<br>laura.lin@mto.com<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |
| Terrence A. Callan<br>(terrence.callan@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* | Joseph R. Tiffany<br>(joseph.tiffany@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>2475 Hanover Street<br>Palo Alto, CA 94303-1114<br>Tel: (650) 233-4500<br>Fax: (650) 233-4545<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |
| John M. Taladay<br>Erik Koons<br>Charles Malaise<br>Baker Botts L.L.P.<br>1299 Pensylvania Avenue, N.W.<br>Washington, DC 20004-2400<br>Tel: 202-639-7700<br>Fax: 202-639-7890<br>Email: john.taladay@bakerbotts.com<br>erik.koons@bakerbotts.com<br>charles.mailaise@bakerbotts.com<br><br>Jon V. Swenson<br>Baker Botts L.L.P.<br>620 Hansen Way<br>Palo Alto, CA 94304<br>Tel: 650-739-7500<br>Fax: 650-739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>*Counsel for Koninklijke Philips Electronics* | James Mutchnik<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>312-862-2000<br>Email: james.mutchnik@kirkland.com<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |

2

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| *N.V. and Philips Electronics North America Corporation* | |
| Christopher M. Curran<br>Lucius B. Lau<br>Charise Naifeh<br>Dana Foster<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br>Email: ccurran@whitecase.com<br>alau@whitecase.com<br>cnaifeh@whitecase.com<br>dfoster@whitecase.com<br><br>*Counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* | Christine A. Laciak<br>(christine.laciak@freshfields.com)<br>Kate S. McMillan<br>(kate.mcmillan@freshfields.com)<br>FRESHFIELDS BRUCKHAUS & DERINGER US, LLP<br>701 Pennsylvania Avenue, NW, Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* |
| Jeremy J. Calsyn (jcalsyn@cgsh.com)<br>Michael R. Lazerwitz (mlazerwitz@cgsh.com)<br>CLEARY GOTTLIEB STEEN & HAMILTON, LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays International* | William Diaz (wdiaz@mwe.com)<br>McDERMOTT WILL & EMERY LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108<br>Telephone: (949) 851-0633<br>Facsimile: (949) 851-9348<br><br>*Attorneys for Defendant Samtel Color, Ltd.* |
| Eliot A. Adelson<br>James Maxwell Cooper<br>Kirkland & Ellis LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Tel: 415-439-1400<br>Fax: 415-439-1500<br>Email: eliot.adelson@kirkland.com<br>max.cooper@kirkland.com | Kathy L. Osborn<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Facsimile: 317-237-1000<br>Email: kathy.osborn@faegrebd.com<br><br>*Counsel for Defendants Technicolor SA (f/k/a Thomson S.A.) and Technicolor USA, Inc.* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| | (f/k/a Thomson Consumer Electronics, Inc.) |
| James H. Mutchnik<br>Kate Wheaton<br>Kirkland & Ellis LLP<br>300 North LaSalle Chicago, IL 60654<br>Tel: 312-862-2000<br>Fax: 312-862-2200<br>Email: james.mutchnik@kirkland.com<br>kate.wheaton@kirkland.com<br><br>*Counsel for Hitachi, Ltd.; Hitachi Displays,*<br>*Ltd., Hitachi America, Ltd.; Hitachi Asia, Ltd."*<br>*and Hitachi Electronic Devices (USA)* | |
| Brent Caslin<br>Jenner & Block LLP<br>633 West 5th Street<br>Suite 3500<br>Los Angeles, CA 90071<br>213-239-5100<br>Fax: 213-239-5199<br>Email: bcaslin@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric*<br>*Corporation and Mitsubishi Electric & Visual*<br>*Solutions America, Inc.* | Terrence J. Truax<br>Jenner & Block LLP<br>353 N Clark Street<br>Chicago, IL 60654-3456<br>312-222-9350<br>Fax: 312-527-0484<br>Email: ttruax@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric*<br>*Corporation and Mitsubishi Electric & Visual*<br>*Solutions America, Inc.* |
| Mark C. Dosker<br>Nathan Lane, III<br>Squire Sanders LLP<br>275 Battery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-954-0200<br>Fax: 415-393-9887<br>Email: mark.dosker@squiresanders.com<br>nathan.lane@squiresanders.com<br><br>*Counsel for Technologies Displays Americas*<br>*LLC and Videocon Industries, Ltd.* | Calvin L. Litsey<br>Kathy L. Osborn<br>Jeffrey S. Roberts<br>Stephen M. Judge<br>Ryan M. Hurley<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo, CA 94303-2279<br>Tel: 650-324-6700<br>Fax: 650-324-6701<br>Email: calvin.litsey@faegrebd.com<br>kathy.osborn@faegrebd.com<br>jeffrey.roberts@faegrebd.com<br>stephen.judge@faegrebd.com<br>ryan.hurley@faegrebd.com<br><br>*Counsel for Technicolor SA and Technicolor*<br>*USA, Inc.* |

4

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| James L. McGinnis<br>Michael W. Scarborough<br>Dylan Ballard<br>Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Tel: 415-434-9100<br>Fax: 415-434-3947<br>Email: jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com<br>dballard@sheppardmullin.com<br><br>*Counsel for Samsung SDI Co., Ltd.;<br>Samsung SDI America, Inc.; SDI Mexico S.A.<br>de C.V.; Samsung SDI Brasil Ltda.;<br>Shenzhen Samsung SDI Co., Ltd.; Tianjin<br>Samsung SDI Co., Ltd.; and Samsung SDI<br>(Malaysia) Sdn. Bhd.* | Emilio Varanini<br>Attorney General's Office<br>State of California<br>Department of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel: 415-703-5908<br>Fax: 415-703-5480<br>Email: Emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* |
| Jason C. Murray<br>Robert B. McNary<br>CROWELL & MORNING LLP<br>515 South Flower St., 40th Fl.<br>Los Angeles, CA 90071<br>Tel: 213-443-5582<br>Fax: 213-622-2690<br>Email: jmurray@crowell.com<br>rmcnary@crowell.com<br><br>Jerome A. Murphy (*pro hac vice*)<br>Astor H.L. Heaven (*pro hac vice*)<br>CROWELL & MORNING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Tel: 202-624-2500<br>Fax: 202-628-5116<br>Email: jmurphy@crowell.com<br>aheaven@crowell.com<br><br>*Counsel for Target Corporation and ViewSonic<br>Corporation* | Roman M. Silverfeld<br>Bernice Conn<br>David Martinez<br>Jill S. Casselman<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br>Tel: 310-552-0130<br>Fax: 310-229-5800<br>Email: rmsilberfeld@rkmc.com<br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laure E. Nelson<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>800 LaSalle Avenue<br>2800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Tel: 612-349-8500<br>Fax: 612-339-4181<br>Email: eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com |

5

**CERTIFICATE OF SERVICE**

|  |  |
|---|---|
|  | *Counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>BOIES, SCHILLER & FLEXNER LLP<br>30 South Pearl Street, 11th Fl.<br>Albany, NY 12207<br>Tel: 518-434-0600<br>Fax: 518-434-0665<br>Email: piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave., NW, Suite 800<br>Washington, D.C. 20015<br>Tel: 202-237-2727<br>Fax: 202-237-6161<br>Email: wisaacson@bsfllp.com<br><br>Stuart Singer<br>BOIS, SCHILLER & FLEXNER LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Tel: 954-356-0011<br>Fax: 954-356-0022<br>Email: ssinger@bsfllp.com<br><br>*Liason Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC and behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.* | Robert W. Turken<br>Scott N. Wagner<br>Mitchell E. Widom<br>BILZIN SUMBERG MAENA PRICE & AXELROD LLP<br>1450 Brickell Ave., Suite 2300<br>Miami, FL 33131-3456<br>Tel: 305-374-7580<br>Fax: 305-374-7593<br>Email: rturken@bilzin.com<br>swagner@bilzin.com<br>mwidom@bilzin.com<br><br>*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| David J. Burman (*pro hac vice*)<br>Cori G. Moore (*pro hac vice*)<br>Eric J. Weiss (*pro hac vice*)<br>Nicholas H. Hesterberg (*pro hac vice*)<br>Steven D. Merriman (*pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>Email: DBurman@perkinscoie.com<br>CGMoore@perkinscoie.com<br>EWeiss@perkinscoie.com<br>NHesterberg@perkinscoie.com<br>SMerriman@perkinscoie.com<br><br>Joren Bass<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Tel: 415-344-7120<br>Fax: 415-344-7320<br>Email: JBass@perkinscoie.com<br><br>*Counsel for Plaintiff Costco Wholesale Corporation* | Michael P. Kenny<br>Debra D. Bernstein<br>Matthew D. Kent<br>ALSTON & BIRD LLP<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309-3424<br>Tel: 404-881-7000<br>Fax: 404-881-7777<br>Email: mike.kenny@alston.com<br>debra.bernstein@alston.com<br>matthew.kent@alston.com<br>James M. Wagstaffe<br>KERR & WAGSTAFFE LLP<br>100 Spear Street, 18th Fl.<br>San Francisco, CA 94105-1576<br>Tel: 415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Counsel for Plaintiffs Dell Inc. and Dell Products L.P.* |
| Richard Alan Arnold<br>William J. Blechman<br>Kevin J. Murray<br>KENNY NACHWALTER, P.A.<br>201 S. Biscayne Blvd., Ste. 1100<br>Miami, FL 33131<br>Tel: 305-373-1000<br>Fax: 305-372-1861<br>Email: rarnold@knpa.com<br>wblechman@knpa.com<br>kmurray@knpa.com<br><br>*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.* | H. Lee Godfrey<br>Kenneth S. Marks<br>Jonathan J. Ross<br>Johnny W. Carter<br>David M. Peterson<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Ste. 5100<br>Houston, TX 77002<br>Tel: 713-651-9366<br>Fax: 713-651-6666<br>Email: lgodfrey@susmangodfrey.com<br>kmarks@susmangodfrey.com<br>jross@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br><br>Parker C. Folse III<br>Rachel S. Black<br>Jordan Connors<br>SUSMAN GODFREY L.L.P. |

7

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| | 1201 Third Avenue, Suite 3800<br>Seattle Washington 98101-3000<br>Tel: 206-516-3880<br>Fax: 206-516-3883<br>Email: pfolse@susmangodfrey.com<br>rblack@susmangodfrey.com<br>jconnors@susmangodfrey.com<br><br>*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* |
| Guido Saveri<br>R. Alexander Saveri<br>Saveri & Saveri, Inc.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: 415-217-6810<br>Fax: 415-217-6813<br>Email: guido@saveri.com<br>rick@saveri.com<br><br>*Interim Lead Counsel for Direct Purchaser Plaintiffs* | |

Executed this 1st day of August, 2014, in San Francisco, California.

/s/ *Vanessa Buffington*
Vanessa Buffington

8

**CERTIFICATE OF SERVICE**

Defendants' Attachment 3

1  Mario N. Alioto, Esq. (56433)
   Lauren C. Russell, Esq. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2280 Union Street
3  San Francisco, CA  94123
   Telephone:     (415) 563-7200
4  Facsimile:      (415) 346-0679
   malioto@tatp.com
5  laurenrussell@tatp.com

6  *Lead Counsel for the Indirect Purchaser Plaintiffs*

7

8

9                   **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11                    **SAN FRANCISCO DIVISION**

12 | **IN RE:  CATHODE RAY TUBE (CRT)** | Master File No. CV-07-5944 SC |
   | **ANTITRUST LITIGATION**           | MDL No. 1917                  |
13

14 | This Document Relates To:            | **INDIRECT PURCHASER PLAINTIFFS'** |
   |                                      | **FIRST SET OF INTERROGATORIES**   |
15 | ALL INDIRECT PURCHASER ACTIONS       | **TO TOSHIBA DEFENDANTS**          |

16

17

18  **PROPOUNDING PARTY**:  Indirect Purchaser Plaintiffs

19  **RESPONDING PARTY**:     Toshiba Corporation, Toshiba America Inc., Toshiba America
20                            Consumer Products, LLC, Toshiba America Electronic Components,
                              Inc., and Toshiba America Information Systems, Inc.

21  **SET NUMBER:**           One (1)

22         Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Indirect

23  Purchaser Plaintiffs ("Plaintiffs") hereby request that Toshiba Corporation, Toshiba America Inc.,

24  Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and

25  Toshiba America Information Systems, Inc. (collectively, "Toshiba") provide written response to

26  the following interrogatories below within thirty (30) days from the date Toshiba receives these

27  Interrogatories.

28

                                        1

## **DEFINITIONS**

As used herein, the following items have the meaning indicated below:

1.     "You" and "your" mean Toshiba Corporation, Toshiba America Inc., Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc., their present or former members, officers, agents, employees, and all other persons acting or purporting to act on their behalf, including all present or former members, officers, agents, employees, and all other persons exercising or purporting to exercise discretion, making policy, and making decisions.

2.     The words "all," "any," and "each" mean "each and every."

3.     The words "and" and "or" are both conjunctive and disjunctive as necessary.

4.     The word "including" is used to illustrate only, and should not be construed as limiting in any way.

5.     "Subsidiary," "affiliate" and "joint venture" refers to any entity or person in which you have (or had) any financial or ownership interest.

6.     "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of any Toshiba subsidiary, affiliate, joint venture or other related entity.

7.     "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

8.     "MTPD" shall refer to MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.), a joint venture between Panasonic Corporation and Toshiba Corporation, established in April, 2003.

9.     Unless otherwise stated, the "Relevant Time Period" shall mean the period beginning March 1, 1995 and continuing through the present.

10.     "Identity" means that person's name, job title, employer, and the present business address of that individual.

## **INSTRUCTIONS**

1.      When asked to identify a natural person, state the person's name, employer, position, dates of employment/tenure, business address for all times during the relevant period.  If any of such information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

2.      When asked to identify any entity other than a natural person, state the name, and address of the principal office or headquarters.  If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3.      If you elect to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), you shall produce the records as they are kept in the usual course of business or shall organize and label them to corresponding with the Interrogatory.  If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify to the interrogatories to which the document is responsive.  If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (*e.g.*, letter, memorandum, telegram, contract, invoice, *etc.*), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent.  For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

4.      If any answer to an Interrogatory or part thereof is withheld on a claim of privilege or constitutes attorney work product such that you will not respond to the Interrogatory, please provide a written statement describing each and every fact or basis upon which the purported privilege or claim of work product is asserted.

5.      The obligation to answer these interrogatories is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after answering these interrogatories you

1  discover additional information that will make your answers to these interrogatories more

2  complete or correct, amend your answers as soon as reasonably possible.

3  <u>**INTERROGATORIES**</u>

4  **INTERROGATORY NO. 1**

5  State the name, address, telephone number, and relationship to you of each person who

6  prepared or assisted in the preparation of the responses to these Interrogatories.  (Do not identify

7  anyone who simply typed or reproduced the responses.)

8  **INTERROGATORY NO. 2**

9  Identify separately for each year from 2003 to 2009, each of MTPD's board and

10  committees, including (a) its full name; (b) a brief description of its function; and (c) all members

11  of that board or committee.

12  **INTERROGATORY NO. 3**

13  Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers,

14  including the name of each company (including any subsidiary, affiliate, joint venture or other

15  related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his

16  or her title, business address, the division or unit of the company where such individual worked,

17  and a description of his or her responsibilities for each position or title held.

18  **INTERROGATORY NO. 4**

19  Separately for each year from 2003 to 2009, identify those employees who transferred (a)

20  from you to MTPD; and (b) from MTPD to you.  For purposes of this Interrogatory, "transferred"

21  means the change of official employment from you to MTPD or *vice versa*, the change of work

22  duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied

23  exclusively by the other entity.

24  **INTERROGATORY NO. 5**

25  List the date, nature, and amount of any payments you made from 2003 to 2009 to

26  individuals who were employed by or worked for MTPD, and describe with specificity whether

27  such payments occurred directly to the employee, through some social fund or other entity or

28  governmental program.

**INTERROGATORY NO. 6**

For every person identified in Interrogatory Nos. 2 and 3, state, for each year from 2003 to 2009, as applicable:

    i.    The type or nature of any offered or accepted (a) stock option plan or other equity incentive plan, (b) bonus or other discretionary periodic payment, and (c) any other employee benefits; and

    ii.    the identity of each individual or company who set, maintained, funded, or administered his or her (a) payroll, (b) bonus or other discretionary periodic payment, (c) stock option plan or other equity incentive plan, and (d) and any other employee benefits.

**INTERROGATORY NO. 7**

State, for each year from 2003 to 2009, the identity of each individual who approved or authorized MTPD's corporate operating budget, including, without limitations, the estimates of revenues, the estimates of operating and capital expenditures, and the estimates of borrowings.

**INTERROGATORY NO. 8**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**INTERROGATORY NO. 9**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**INTERROGATORY NO. 10**

For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing mechanism or decision process by which MTPD decided on the price for those sold CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed for non-Toshiba affiliated purchasers of CRTs.

**INTERROGATORY NO. 11**

List, for each year from 2003 to 2009, the name, term and nature of every service level

1   agreement or other contract relating to professional services you entered into with MTPD

2   (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human

3   resources, accounting and sales support services).

4   **INTERROGATORY NO. 12**

5       State the date, amount and interest rate (if applicable) of each capital or equity injection,

6   loan or other financial contribution you provided to MTPD.

7   **INTERROGATORY NO. 13**

8       State the date and amount of any guarantees you made on behalf of MPTD, including the

9   third party to whom the guarantee(s) were made.

10  **INTERROGATORY NO. 14**

11      List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries,

12  coverages and insurance carrier of any directors and officers (D&O) liability insurance covering

13  board members and executives of MTPD, and identify which company (including any subsidiary,

14  affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

15  Dated: August 1, 2014          By:    */s/ Mario N. Alioto*
                                          Mario N. Alioto, Esq. (56433)
16                                        Lauren C. Russell, Esq. (241151)
                                          TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
17                                        2280 Union Street
                                          San Francisco, CA  94123
18                                        Telephone:    (415) 563-7200
                                          Facsimile:    (415) 346-0679
19                                        malioto@tatp.com
                                          laurenrussell@tatp.com
20

21                                        *Lead Counsel for the Indirect Purchaser Plaintiffs*

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Vanessa Buffington, declare that I am employed with the law firm of Trump, Alioto, Trump & Prescott LLP, whose address is 2280 Union Street, San Francisco, California 94123. I am over the age of eighteen years and not a party to the within-entitled action. On August 1, 2014, I caused a copy of the following documents to be served:

**INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS**

via electronic mail to the parties below:

| | |
|---|---|
| Jeffrey L. Kessler<br>A. Paul Victor<br>Eva W. Cole<br>Molly M. Donovan<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: 212-294-4692<br>Fax: 212-294-4700<br>Email: jkessler@winston.com<br>pvictor@winston.com<br>ewcole@winston.com<br>mmdonovan@winston.com<br><br>*Counsel for Panasonic Corporation;*<br>*Panasonic Corporation of North America; and*<br>*MT Picture Display Co., Ltd.* | Steven A. Reiss<br>David L. Yohai<br>David Yolkut<br>Weil, Gosthal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212-310-8000<br>Fax: 212-310-8007<br>Email: steven.reiss@weil.com<br>david.yohai@weil.com<br>david.yolkut@weil.com<br><br>Bambo Obaro<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065-1175<br>Tel: 650-802-3000<br>Fax: 650-802-3100<br>Email: bambo.obaro@weil.com<br><br>*Counsel for Panasonic Corporation;*<br>*Panasonic Corporation of North America;*<br>*and MT Picture Display Co.* |
| Joel S. Sanders<br>Rachel S. Brass<br>Christine A. Fujita<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Tel: 415-393-8200<br>Fax: 415-393-8206 | William Temko<br>Jonathan Altman<br>Hojoon Hwang<br>Laura Lin<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 512-4000 |

1

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Email: jsanders@gibsondunn.com<br>rbrass@gibsondunn.com<br>cfujita@gibsondunn.com<br><br>*Counsel for Chunghwa Picture Tubes, Ltd. And Chunghwa Picture Tubes (Malaysia)* | Facsimile: (415) 512-4077<br>Email: william.temko@mto.com<br>jonathan.altman@mto.com<br>hojoon.hwang@mto.com<br>laura.lin@mto.com<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |
| Terrence A. Callan<br>(terrence.callan@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* | Joseph R. Tiffany<br>(joseph.tiffany@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>2475 Hanover Street<br>Palo Alto, CA 94303-1114<br>Tel: (650) 233-4500<br>Fax: (650) 233-4545<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |
| John M. Taladay<br>Erik Koons<br>Charles Malaise<br>Baker Botts L.L.P.<br>1299 Pensylvania Avenue, N.W.<br>Washington, DC 20004-2400<br>Tel: 202-639-7700<br>Fax: 202-639-7890<br>Email: john.taladay@bakerbotts.com<br>erik.koons@bakerbotts.com<br>charles.mailaise@bakerbotts.com<br><br>Jon V. Swenson<br>Baker Botts L.L.P.<br>620 Hansen Way<br>Palo Alto, CA 94304<br>Tel: 650-739-7500<br>Fax: 650-739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>*Counsel for Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation* | James Mutchnik<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>312-862-2000<br>Email: james.mutchnik@kirkland.com<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |

2

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Christopher M. Curran<br>Lucius B. Lau<br>Charise Naifeh<br>Dana Foster<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br>Email: ccurran@whitecase.com<br>alau@whitecase.com<br>cnaifeh@whitecase.com<br>dfoster@whitecase.com<br><br>*Counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* | Christine A. Laciak<br>(christine.laciak@freshfields.com)<br>Kate S. McMillan<br>(kate.mcmillan@freshfields.com)<br>FRESHFIELDS BRUCKHAUS & DERINGER US, LLP<br>701 Pennsylvania Avenue, NW, Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* |
| Jeremy J. Calsyn (jcalsyn@cgsh.com)<br>Michael R. Lazerwitz (mlazerwitz@cgsh.com)<br>CLEARY GOTTLIEB STEEN & HAMILTON, LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays International* | William Diaz (wdiaz@mwe.com)<br>McDERMOTT WILL & EMERY LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108<br>Telephone: (949) 851-0633<br>Facsimile: (949) 851-9348<br><br>*Attorneys for Defendant Samtel Color, Ltd.* |
| Eliot A. Adelson<br>James Maxwell Cooper<br>Kirkland & Ellis LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Tel: 415-439-1400<br>Fax: 415-439-1500<br>Email: eliot.adelson@kirkland.com<br>max.cooper@kirkland.com<br><br><br>James H. Mutchnik<br>Kate Wheaton | Kathy L. Osborn<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Facsimile: 317-237-1000<br>Email: kathy.osborn@faegrebd.com<br><br>*Counsel for Defendants Technicolor SA (f/k/a Thomson S.A.) and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.)* |

3

**CERTIFICATE OF SERVICE**

Kirkland & Ellis LLP
300 North LaSalle Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200
Email: james.mutchnik@kirkland.com
kate.wheaton@kirkland.com

*Counsel for Hitachi, Ltd.; Hitachi Displays,
Ltd., Hitachi America, Ltd.; Hitachi Asia, Ltd."
and Hitachi Electronic Devices (USA)*

| | |
|---|---|
| Brent Caslin<br>Jenner & Block LLP<br>633 West 5th Street<br>Suite 3500<br>Los Angeles, CA 90071<br>213-239-5100<br>Fax: 213-239-5199<br>Email: bcaslin@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric<br>Corporation and Mitsubishi Electric & Visual<br>Solutions America, Inc.* | Terrence J. Truax<br>Jenner & Block LLP<br>353 N Clark Street<br>Chicago, IL 60654-3456<br>312-222-9350<br>Fax: 312-527-0484<br>Email: ttruax@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric<br>Corporation and Mitsubishi Electric & Visual<br>Solutions America, Inc.* |
| Mark C. Dosker<br>Nathan Lane, III<br>Squire Sanders LLP<br>275 Battery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-954-0200<br>Fax: 415-393-9887<br>Email: mark.dosker@squiresanders.com<br>nathan.lane@squiresanders.com<br><br>*Counsel for Technologies Displays Americas<br>LLC and Videocon Industries, Ltd.* | Calvin L. Litsey<br>Kathy L. Osborn<br>Jeffrey S. Roberts<br>Stephen M. Judge<br>Ryan M. Hurley<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo, CA 94303-2279<br>Tel: 650-324-6700<br>Fax: 650-324-6701<br>Email: calvin.litsey@faegrebd.com<br>kathy.osborn@faegrebd.com<br>jeffrey.roberts@faegrebd.com<br>stephen.judge@faegrebd.com<br>ryan.hurley@faegrebd.com<br><br>*Counsel for Technicolor SA and Technicolor<br>USA, Inc.* |
| James L. McGinnis<br>Michael W. Scarborough<br>Dylan Ballard | Emilio Varanini<br>Attorney General's Office<br>State of California |

4

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Tel: 415-434-9100<br>Fax: 415-434-3947<br>Email: jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com<br>dballard@sheppardmullin.com<br><br>*Counsel for Samsung SDI Co., Ltd.;*<br>*Samsung SDI America, Inc.; SDI Mexico S.A.*<br>*de C.V.; Samsung SDI Brasil Ltda.;*<br>*Shenzhen Samsung SDI Co., Ltd.; Tianjin*<br>*Samsung SDI Co., Ltd.; and Samsung SDI*<br>*(Malaysia) Sdn. Bhd.* | Department of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel: 415-703-5908<br>Fax: 415-703-5480<br>Email: Emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* |
| Jason C. Murray<br>Robert B. McNary<br>CROWELL & MORNING LLP<br>515 South Flower St., 40th Fl.<br>Los Angeles, CA 90071<br>Tel: 213-443-5582<br>Fax: 213-622-2690<br>Email: jmurray@crowell.com<br>rmcnary@crowell.com<br><br>Jerome A. Murphy (*pro hac vice*)<br>Astor H.L. Heaven (*pro hac vice*)<br>CROWELL & MORNING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Tel: 202-624-2500<br>Fax: 202-628-5116<br>Email: jmurphy@crowell.com<br>aheaven@crowell.com<br><br>*Counsel for Target Corporation and ViewSonic*<br>*Corporation* | Roman M. Silverfeld<br>Bernice Conn<br>David Martinez<br>Jill S. Casselman<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br>Tel: 310-552-0130<br>Fax: 310-229-5800<br>Email: rmsilberfeld@rkmc.com<br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laure E. Nelson<br>ROBINS, KAPLAN, MILLER & CIRESI<br>L.L.P<br>800 LaSalle Avenue<br>2800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Tel: 612-349-8500<br>Fax: 612-339-4181<br>Email: eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com<br><br>*Counsel for Plaintiffs Best Buy Co., Inc., Best*<br>*Buy Purchasing LLC, Best Buy Enterprise* |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| | *Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>BOIES, SCHILLER & FLEXNER LLP<br>30 South Pearl Street, 11th Fl.<br>Albany, NY 12207<br>Tel: 518-434-0600<br>Fax: 518-434-0665<br>Email: piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave., NW, Suite 800<br>Washington, D.C. 20015<br>Tel: 202-237-2727<br>Fax: 202-237-6161<br>Email: wisaacson@bsfllp.com<br><br>Stuart Singer<br>BOIS, SCHILLER & FLEXNER LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Tel: 954-356-0011<br>Fax: 954-356-0022<br>Email: ssinger@bsfllp.com<br><br>*Liason Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC and behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.* | Robert W. Turken<br>Scott N. Wagner<br>Mitchell E. Widom<br>BILZIN SUMBERG MAENA PRICE & AXELROD LLP<br>1450 Brickell Ave., Suite 2300<br>Miami, FL 33131-3456<br>Tel: 305-374-7580<br>Fax: 305-374-7593<br>Email: rturken@bilzin.com<br>swagner@bilzin.com<br>mwidom@bilzin.com<br><br>*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.* |
| David J. Burman (*pro hac vice*)<br>Cori G. Moore (*pro hac vice*)<br>Eric J. Weiss (*pro hac vice*) | Michael P. Kenny<br>Debra D. Bernstein<br>Matthew D. Kent |

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Nicholas H. Hesterberg (*pro hac vice*)<br>Steven D. Merriman (*pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>Email: DBurman@perkinscoie.com<br>CGMoore@perkinscoie.com<br>EWeiss@perkinscoie.com<br>NHesterberg@perkinscoie.com<br>SMerriman@perkinscoie.com<br><br>Joren Bass<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Tel: 415-344-7120<br>Fax: 415-344-7320<br>Email: JBass@perkinscoie.com<br><br>*Counsel for Plaintiff Costco Wholesale*<br>*Corporation* | ALSTON & BIRD LLP<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309-3424<br>Tel: 404-881-7000<br>Fax: 404-881-7777<br>Email: mike.kenny@alston.com<br>debra.bernstein@alston.com<br>matthew.kent@alston.com<br>James M. Wagstaffe<br>KERR & WAGSTAFFE LLP<br>100 Spear Street, 18th Fl.<br>San Francisco, CA 94105-1576<br>Tel: 415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Counsel for Plaintiffs Dell Inc. and Dell*<br>*Products L.P.* |
| Richard Alan Arnold<br>William J. Blechman<br>Kevin J. Murray<br>KENNY NACHWALTER, P.A.<br>201 S. Biscayne Blvd., Ste. 1100<br>Miami, FL 33131<br>Tel: 305-373-1000<br>Fax: 305-372-1861<br>Email: rarnold@knpa.com<br>wblechman@knpa.com<br>kmurray@knpa.com<br><br>*Counsel for Plaintiff Sears, Roebuck and Co.*<br>*and Kmart Corp.* | H. Lee Godfrey<br>Kenneth S. Marks<br>Jonathan J. Ross<br>Johnny W. Carter<br>David M. Peterson<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Ste. 5100<br>Houston, TX 77002<br>Tel: 713-651-9366<br>Fax: 713-651-6666<br>Email: lgodfrey@susmangodfrey.com<br>kmarks@susmangodfrey.com<br>jross@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br><br>Parker C. Folse III<br>Rachel S. Black<br>Jordan Connors<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle Washington 98101-3000<br>Tel: 206-516-3880 |

7

**CERTIFICATE OF SERVICE**

| | Fax: 206-516-3883<br>Email: pfolse@susmangodfrey.com<br>rblack@susmangodfrey.com<br>jconnors@susmangodfrey.com<br><br>*Counsel for Plaintiff Alfred H. Siegel, as*<br>*Trustee of the Circuit City Stores, Inc.*<br>*Liquidating Trust* |
|---|---|
| Guido Saveri<br>R. Alexander Saveri<br>Saveri & Saveri, Inc.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: 415-217-6810<br>Fax: 415-217-6813<br>Email: guido@saveri.com<br>rick@saveri.com<br><br>*Interim Lead Counsel for Direct Purchaser*<br>*Plaintiffs* | |

Executed this 1st day of August, 2014, in San Francisco, California.

/s/ *Vanessa Buffington*
Vanessa Buffington

8
**CERTIFICATE OF SERVICE**

# Defendants' Attachment 4 (Filed Under Seal)

# Defendants' Attachment 5 (Filed Under Seal)

Defendants' Attachment 6

1  Vaughn R Walker
2  Law Office of Vaughn R Walker
   P O Box 26250
3  San Francisco, CA 94126
   Tel: (415) 871-2888
4  Fax: (415) 871-2890
5  vrw@judgewalker.com
6
7
8
9
10
11
12              IN THE UNITED STATES DISTRICT COURT
13
14          FOR THE NORTHERN DISTRICT OF CALIFORNIA
15
   IN RE CATHODE RAY TUBE (CRT) ANTITRUST        MDL No 1917
16 LITIGATION
                                                 Master Case No 3:07-cv-05944SC
17 This Order Relates To:
                                                 **RECOMMENDED ORDER**
18 Individual Case No 3:13-cv-01173-SC           **OF THE SPECIAL MASTER**
19
20
21
22
23
24
25
26
27
28
29
30
31
32

RECOMMENDED ORDER OF THE SPECIAL MASTER                          PAGE **1** OF **6**

This recommended order deals with a motion initially submitted to the undersigned by letter dated January 15, 2014 in which the Sharp direct action plaintiffs ("Sharp"),[1] the Panasonic defendants ("Panasonic")[2] and the Toshiba defendants ("Toshiba")[3] sought resolution of a discovery dispute first raised by Sharp with the former special master in a letter dated December 3, 2013 (Doc No 2242).

By the December 3 letter, Sharp sought to compel Toshiba and Panasonic to furnish further responses to two of the three interrogatories contained in Sharp's first set of interrogatories served on these defendants on September 19, 2013. The first of the two interrogatories in question (Interrogatory No 2) seeks to identify the defendants' communications and/or meetings (terms defined by the interrogatories) with CRT manufacturers regarding "sales, production and/or prices" of CPTs and various particulars of those communications and meetings.[4] The second such interrogatory (Interrogatory No 3) seeks still other particulars about the communications and meetings not otherwise provided in response to Interrogatory No 2, including the person or persons who initiated, called, organized, attended or participated in the meeting or communication and instances in which the communications with "outside parties" are forwarded or shared with persons based in the United States, Mexico or Brazil.

Toshiba and Panasonic responded to these interrogatories with the usual litany of objections and then directed Sharp to the defendants' supplemental responses to

---

[1] Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

[2] Panasonic Corporation, Panasonic Corporation of North America and MT Picture Display Co, Ltd.

[3] Toshiba Corporation, Toshiba America Electronics Components, Inc and Toshiba America Information Systems, Inc.

[4] The particulars include dates, locations, persons involved, subject matter, persons knowledgeable, types and dimensions of CPTs and agreements reached.

Interrogatory Nos 4 and 5 propounded by the direct purchaser class plaintiffs. See Doc Nos 2242-8, 2242-9, 2242-10 and 2242-11. Toshiba defended its responses on several grounds, including contentions that Sharp's efforts to obtain further responses were procedurally deficient, but principally Toshiba asserted that everything responsive to Sharp's interrogatories could be found in the responses to the direct purchaser class plaintiffs' interrogatories. Doc No 2270. Panasonic joined in the arguments that Sharp's interrogatories were duplicative and cumulative of the direct class plaintiffs' discovery. Doc No 2271. Sharp replied that indeed it had followed appropriate procedures and, in any event, mining the responses to the direct purchaser class plaintiffs was an enormous task and unreasonable burden for Sharp given the volume of material produced to the class plaintiffs, Doc No 2293, a burden obviously made greater by looming deadlines in the litigation.

Although this motion was made months ago, not until August 12, 2014 were the responses of the direct purchaser class plaintiffs submitted to the undersigned for review. A telephonic hearing with counsel followed on August 13. William Blaise Warren appeared for Sharp; Lucius Lau appeared for Toshiba and Adam Hemlock appeared for Panasonic.

A considerable part of the hearing was consumed in attempting to quantify the amount of material embraced by the Toshiba and Panasonic responses to the direct purchaser class plaintiffs' interrogatories and hence the extent of Sharp's burden that might be avoided by what it seeks in the present motion. After some effort, the parties were able to quantify the volume of materials at roughly 15,000 documents; some three or four thousand of these have apparently already been used in discovery in which Sharp has participated, so Sharp should have a good handle on the nature of these materials and some insights due to the fact that others on the plaintiffs' side of the case have selected these documents for use in discovery.

Review of the quantity of documents involved here, while entailing considerable effort, is not in litigation of this type unusual. The fast approach of the discovery cutoff and the

summary judgment filing schedule increases the task Sharp faces in completing its review

without assistance from defendants and is, therefore, a factor weighing in favor of requiring

some assistance by way of further responses by defendants.

Principally, Sharp seeks assistance in segregating customer-supplier

communications and meetings from those related to competitor meetings and communications

as well as pinning down those that relate solely or principally to product destined for the United

States market. In addition, to the extent that the parties have translated foreign language

communications, Sharp seeks the production of these translations. The question before the

undersigned boils down to how much, if any, of the burden of reviewing the large, if not

gargantuan, volume of materials should be re-allocated from Sharp which ordinarily would bear

that burden to the parties who produced these materials. Given the fast approaching deadlines

in the case, it's a close question.

A simple visual inspection identifies a few references to Sharp in the list of

meetings and communications set out in Toshiba's supplemental response to the class

plaintiffs' Interrogatory No 5. See, e g, Toshiba Corporation's supplemental objections and

responses dated February 10, 2012 at pages 24, 33, 44-45, 50, 52-53 and 57 and Toshiba

America's supplemental responses of the same date at 78, 121-122. These, of course, are

needles from a haystack. But Sharp is not limited to an inspection by visual means. The

materials have been produced in digitized format capable of computerized review by search

terms, a process that should considerably facilitate Sharp's review. Sharp is in the best position

to decide what terms should be searched and can conduct such a search on its own without

assistance from defendants. Furthermore, there is a certain unfairness in requiring defendants

to do Sharp's work for it in culling through this volume of material and, in any event,

defendants have already expended a very considerable effort to prepare responses to the

direct purchaser class plaintiffs' discovery, making further effort by defendants still more costly.

RECOMMENDED ORDER OF THE SPECIAL MASTER                                    PAGE **4** OF **6**

On balance, it appears to the undersigned that normal burdens should not be re-allocated.  As Sharp would benefit from a review and an analysis of the materials responsive to the class plaintiffs, considerations of proportionality and fairness weigh in favor of Sharp bearing the correlative burden.

A somewhat interesting question is whether the defendants should be required to produce the translations of the foreign language documents that they have had translated. Both defendants objected to being required to turn over their translations on the ground that do so would invade the attorney work product doctrine as the selection of the documents to be translated would impermissibly disclose the attorneys' thinking and strategy.  Although inclined to deny the production of such translations, counsel's observation about the novelty of this issue suggests that the parties should give the undersigned additional guidance. The parties agreed to submit brief letter memoranda on this question shortly.

//
//
//
//
//
//
//
//
//
//
//
//
//

Accordingly, IT IS ORDERED that Sharp's motion to compel Toshiba and Panasonic to provide further responses to Sharp's interrogatories is DENIED except that the parties are not later than August 18, 2014, to submit letter memoranda not to exceed two pages on the question whether defendants' translations of foreign language documents in the materials identified in defendants' responses to the direct purchaser class plaintiffs should be produced to Sharp.

IT IS SO ORDERED.

This _14th_ day of August 2014

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered /
~~Denied / Modified.~~

Dated: August _15_, 2014

_____
Hon Samuel Conti
United States District Judge

# Defendants' Attachment 7 (Filed Under Seal)