# Exhibit 13

1  Christopher M. Curran (*pro hac vice*)
   ccurran@whitecase.com
2  Lucius B. Lau (*pro hac vice*)
3  alau@whitecase.com
   Dana E. Foster (*pro hac vice*)
4  defoster@whitecase.com
5  White & Case LLP
   701 Thirteenth Street, N.W.
6  Washington, DC  20005
7  Telephone:  (202) 626-3600
   Facsimile:  (202) 639-9355
8

9  *Counsel to Defendants Toshiba Corporation,*
   *Toshiba America, Inc., Toshiba America*
10 *Information Systems, Inc., Toshiba America*
11 *Consumer Products, L.L.C., and Toshiba*
   *America Electronic Components, Inc.*
12

13 [Additional stipulating parties on signature
   page]
14

15           UNITED STATES DISTRICT COURT
16           NORTHERN DISTRICT OF CALIFORNIA
                (SAN FRANCISCO DIVISION)
17

| | |
|---|---|
| 18  IN RE: CATHODE RAY TUBE (CRT)<br>19  ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| 20 | |
| 21 | **THE TOSHIBA DEFENDANTS AND**<br>**INDIRECT PURCHASER** |
| 22  This Document Relates to: | **PLAINTIFFS' STIPULATION AND**<br>**[~~PROPOSED~~] ORDER** |
| 23  *The Indirect Purchaser Action* | **WITHDRAWING PENDING**<br>**MOTIONS** |
| 24 | |
| 25 | |

26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America
2   Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba
3   America Electronic Components, Inc., (collectively, the "Toshiba Defendants") and the
4   Indirect Purchaser Plaintiffs (the "IPPs") have conferred by and through their counsel and,
5   subject to the Court's approval, HEREBY STIPULATE AS FOLLOWS:

WHEREAS, at the time of this stipulation, the Toshiba Defendants have certain summary judgment motions, motions *in limine*, and miscellaneous non-dispositive motions pending against the IPPs;

WHEREAS, at the time of this stipulation, the IPPs have certain motions *in limine* and motions to compel pending against the Toshiba Defendants;

WHEREAS, the parties have executed a settlement agreement that would release the IPPs' claims against the Toshiba Defendants (the "Settlement Agreement");

WHEREAS, the Settlement Agreement is subject to the approval of the Court and will become final and conclusive only when the Court has entered a final order approving the Settlement Agreement under Federal Rule of Civil Procedure 23(e), a final judgment is entered dismissing the underlying action with prejudice as it relates to IPPs' claims against the Toshiba Defendants, and all relevant appeals have been exhausted;

WHEREAS, in light of the Settlement Agreement, the Toshiba Defendants seek to withdraw all pending motions solely as they pertain to the IPPs, subject to reinstatement in the event that the Settlement Agreement does not become final and conclusive;

WHEREAS, in light of the Settlement Agreement, the IPPs seek to withdraw all pending motions solely as they pertain to the Toshiba Defendants, subject to reinstatement in the event that the Settlement Agreement does not become final and conclusive;

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

THE TOSHIBA DEFENDANTS AND INDIRECT PURCHASER PLAINTIFFS'
STIPULATION AND [PROPOSED] ORDER WITHDRAWING PENDING MOTIONS
Case No. 07-5944 SC
MDL No. 1917

WHEREAS, the Toshiba Defendants and the IPPs do not seek to withdraw any motions to the extent that they pertain to any other plaintiff or any other defendant;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between counsel as follows:

1. The Toshiba Defendants withdraw the following motions with respect to the IPPs:

    a. The Toshiba Defendants' Motion for Summary Judgment Concerning Withdrawal (ECF No. 2995);

    b. The Toshiba Defendants' Motion *in Limine* to Preclude Evidence Regarding Damages Allegedly Suffered by the New York Indirect Purchaser Plaintiffs Class Prior to December 23, 1998 (ECF No. 3573);

    c. The Toshiba Defendants' Motion *in Limine* to Preclude IPP Alter Ego Theories of Liability at Trial (ECF No. 3576);

    d. The Toshiba Defendants' Motion to Decertify the Statewide IPP Classes for Damages (ECF No. 3585);

    e. The Toshiba Defendants' Motion for an Order to Direct Certain Indirect Purchaser Class Representatives to Testify Live at Trial (ECF No. 3588); and

    f. The Toshiba Defendants' Motion to Strike Class Representatives With Inadequate Proof of Their Individual Purchases of Televisions or Monitors (ECF No. 3595).

2. The Toshiba Defendants withdraw the following separately-filed joinders with respect to the IPPs:

   a. The Toshiba Defendants' Joinder to the Hitachi Parties' Motion for Summary Judgment Based Upon the Lack of Evidence of Participation in the Alleged Conspiracy (ECF No. 3010);

   b. The Toshiba Defendants' Joinder to the Hitachi Defendants' Motion for Summary Judgment Based Upon Withdrawal and the Statutes of Limitations (ECF No. 3011);

   c. Toshiba Defendants' Joinder to Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips Do Brasil Ltda.'s Motion for Partial Summary Judgment (ECF No. 3028);

   d. The Toshiba Defendants' Joinder to Koninklijke Philips N.V.'s, Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips Do Brasil Ltda.'s Motion for Summary Judgment Against Indirect Purchaser Plaintiffs Who are Natural Persons Residing in California (ECF No. 3042);

   e. The Toshiba Defendants' Joinder to Koninklijke Philips N.V.'s Motion for Summary Judgment (ECF No. 3045); and

   f. The Toshiba Defendants' Limited Joinder to Defendants' Motion *in Limine* #4 to Exclude LCD and Other Non-CRT Product Conspiracies (ECF No. 3692).

3. The Toshiba Defendants withdraw their joinders to the following joint motions with respect to the IPPs:

   a. Defendants' Motion for Partial Summary Judgment as to Indirect Purchaser Plaintiffs' and Certain Direct Action Plaintiffs' State Law Claims on Statute of Limitations Grounds (ECF No. 2978);

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

b.  Defendants' Motion for Partial Summary Judgment on Plaintiffs' Indirect Purchaser Claims Based on Foreign Sales (ECF No. 3006);

c.  Defendants' Joint Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA (ECF No. 3008);

d.  Defendants' Joint Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws (ECF No. 3050);

e.  Defendants' Motion *in Limine* #3: To Exclude All Evidence and Reference at Trial to the U.S. Department of Justice's Criminal Investigations of the Cathode Ray Tube Industry (ECF No. 3556);

f.  Defendants' Motion *in Limine* #11: To Exclude References to Documents or Behavior Not in Evidence (ECF No. 3557);

g.  Defendants' Joint Motion *in Limine* No. 1: Motion for Pretrial Proffer and Ruling on Admissibility of Alleged Co-Conspirator Statements Under Fed. R. E. 801(d)(2)(E) (ECF No. 3559);

h.  Defendants' Motion *in Limine* #8: To Exclude Evidence and Argument Relating to Damages from "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices (ECF No. 3563-3);

i.  Defendants' Motion *in Limine* #12: To Exclude Plaintiffs' "Price Ladder" Theory of Recovery (ECF No. 3568);

THE TOSHIBA DEFENDANTS AND INDIRECT PURCHASER PLAINTIFFS'
STIPULATION AND [PROPOSED] ORDER WITHDRAWING PENDING MOTIONS
Case No. 07-5944 SC
MDL No. 1917
4

    j. Defendants' Joint Motion *in Limine* to Exclude Improper Characterizations of or Reference to Defendants and Alleged Co-Conspirators [Defendants' MIL No. 6] (ECF No. 3571);

    k. Defendants' Joint Motion *in Limine* No. 13 to Allow Full Defense Examination of Common Witnesses During Plaintiffs' Case-in-Chief and Limit Use of Deposition Testimony (ECF No. 3579);

    l. Defendants' Motion *in Limine* No. 2 to Exclude Evidence or Testimony Pertaining to Foreign Antitrust Investigations (ECF. No. 3583); and

    m. Defendants' Motion *in Limine* #5: To Exclude Plea By Samsung SDI Company, Ltd. as to Non-Pleading Defendants or, Alternatively, to Provide a Limiting Instruction (ECF No. 3589).

4. The IPPs withdraw the following motions with respect to the Toshiba Defendants:

    a. IPPs' Motion *in Limine* No. 1: To Preclude Reference to Duplicative Recovery (ECF No. 3537).

    b. IPPs' Motion *in Limine* No. 2: To Preclude Reference to Treble Damages, Fees, and Costs (ECF No. 3538).

    c. IPPs' Motion *in Limine* No. 4: To Preclude Reference to Other Lawsuits Filed by Any of the Named Plaintiffs (ECF No. 3540).

    d. IPPs' Motion *in Limine* No. 5: To Preclude Reference to Relationships Between Lawyers and Plaintiffs (ECF No. 3541).

    e. IPPs' Motion *in Limine* No. 6: To Preclude Reference to Plaintiffs' Attendance or Non-Attendance at Trial (ECF No. 3542).

f. IPPs' Motion *in Limine* No. 7: To Preclude Reference to or Argument About How Class Plaintiffs Became Involved in This Case or That the Case is "Lawyer-Driven" (ECF No. 3543).

g. IPPs' Motion *in Limine* No. 8: To Preclude Reference to and Exclude Evidence of the Absence of Criminal Indictment, Conviction or Guilty Plea (ECF No. 3544).

h. IPPs' Motion *in Limine* No. 9: To Preclude Reference to or Argument About Plaintiffs' Failure to Mitigate Damages (ECF No. 3545).

i. IPPs' Motion *in Limine* No. 10: To Exclude the Testimony of Witnesses Not Designated Pursuant to the Court's Scheduling Orders (ECF No. 3546).

j. IPPs' Motion *in Limine* No. 12: To Exclude Percipient Witnesses, Except for One Party Representative, from the Courtroom Unless They Are Testifying (ECF No. 3548).

k. IPPs' Motion *in Limine* No. 13: To Preclude Live Testimony of Defendants' Witnesses Who Are Not Made Available to Testify Live in Plaintiffs' Case-in-Chief (ECF No. 3549).

l. IPPs' Motion *in Limine* No. 14: To Limit Defendants' Deposition Designations presented in Plaintiffs' Case to Reasonable Cross and to Exclude Unrelated Designations (ECF No. 3550).

m. IPPs' Motion *in Limine* No. 15: To Preclude Reference to the Fact, Terms or Amounts of Prior Settlements (ECF No. 3551).

n. IPPs' Motion *in Limine* No. 16: To Preclude Reference to and Exclude Evidence of Other CRT Litigations (ECF No. 3552).

o. IPPs' Motion *in Limine* No. 17: To (1) Preclude Argument That the Samsung SDI Guilty Plea Includes DOJ Findings of Fact; (2) Exclude Evidence of the Volume of Affected Sales in the Guilty Plea; (3) Exclude Evidence of the Fact and amount of the criminal Fine; and (4) Exclude Any Statement by the DOJ Characterizing the CRT Conspiracy (ECF No. 3553).

p. IPPs' Motion *in Limine* No. 18: To Preclude Argument That Price Fixing was Pro-Competitive or Necessary (ECF No. 3554).

q. IPPs' Motion *in Limine* No. 19: To Exclude Character Evidence (ECF No. 3555).

r. IPPs' September 12, 2014 Motion to Compel Interrogatory Responses (submitted to Special Master Walker).

s. IPPs' September 19, 2014 Motion to Compel Interrogatory Responses (submitted to Special Master Walker).

t. IPPs' December 22, 2014 Motion to Compel Deposition of Shigekazu Shibata (submitted to Special Master Walker).

5. The IPPs withdraw their joinders to the following joint motions with respect to the Toshiba Defendants:

a. Plaintiffs' September 2, 2014 Motion to Compel the Toshiba Defendants to Produce Deposition Witnesses (submitted to Special Master Walker) and IPPs' related Response to Objection of Toshiba Defendants to Order Granting Motion to Compel Production of Witnesses (ECF No. 3171).

b. Plaintiffs' October 29, 2014 Motion to Compel Responses to Requests for Admission (submitted to Special Master Walker).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

6. The above motions and joinders shall be subject to reinstatement in the event that the Settlement Agreement does not become final and conclusive.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 03/26/2015



Hon. S_____ _____ Judge

THE TOSHIBA DEFENDANTS AND INDIRECT PURCHASER PLAINTIFFS'
STIPULATION AND [PROPOSED] ORDER WITHDRAWING PENDING MOTIONS
Case No. 07-5944 SC
MDL No. 1917
8

|  |  |
|---|---|
| Dated: March 24, 2015 | Respectfully submitted,<br><br>**WHITE & CASE** LLP<br><br>By: */s/ Lucius B. Lau*<br>Christopher M. Curran (*pro hac vice*)<br>ccurran@whitecase.com<br>Lucius B. Lau (*pro hac vice*)<br>alau@whitecase.com<br>Dana E. Foster (*pro hac vice*)<br>defoster@whitecase.com<br>701 Thirteenth Street, N.W.<br>Washington, DC 20005<br>tel.: (202) 626-3600<br>fax: (202) 639-9355<br><br>*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*<br><br>By: */s/*<br>Mario N. Alioto (56433)<br>Lauren C. Capurro (241151)<br>TRUMP, ALIOTO, TRUMP & PRESCOTT LLP<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel: (415) 563-7200<br>Fax: (415) 346-0679<br>malioto@tatp.com<br>laurenrussell@tatp.com<br><br>*Lead Counsel for Indirect Purchaser Plaintiffs* |

Pursuant to Local Rule 5-1(i)(3), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.