# Exhibit 15

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>CERTAIN DIRECT ACTION PLAINTIFF ACTIONS | **NOTICE RE: MOTION TO COMPEL TOSHIBA DEFENDANTS** |

The Direct Action Plaintiffs ("DAPs") respectfully submit this notice in response to the Special Master's May 27, 2015 Request for Status re Motions (Dkt. 3857) (the "Request"). Your Honor raised three motions in the Request: the September 12th, September 19th, and October 29th motions to compel. The DAPs' position on these motions is set forth below.

**The October 29, 2014 Motion re Authentication Issues, and the Related November 24 and November 26, 2014 Motions**

The October 29, 2014 Motion to Compel the Toshiba Defendants to authenticate documents, filed by counsel for the Indirect Purchaser Plaintiffs ("IPPs"), was brought on behalf of both the IPPs and the DAPs (*see* Oct. 29, 2014 Ltr. at 1), and therefore remains live with respect to the DAPs despite the announced settlement of the IPP case.  Twelve DAPs (Electrograph, P.C. Richard, ABC Warehouse, MARTA, Tweeter, CompuCom, BrandsMart, Office Depot, Tech Data, Sharp, Costco, and Best Buy) remain in litigation against the Toshiba Defendants. Further, the discovery is relevant to the DAPs' claims against other defendants.

In its June 4, 2015 letter to the Special Master, Toshiba argues that a ruling on this motion is not necessary because it purportedly intends to work with the DAPs on admissibility issues at a later time.  DAPs respectfully submit that this representation does not moot a ruling on the motion.  The motion is fully briefed. The parties engaged in an extensive meet and confer over a two-month period before it was filed.  After extensive negotiation and compromise by the DAPs, Toshiba was only willing to stipulate to the authenticity of **three out of ninety-four of its own documents**. DAPs have no reason to believe that Toshiba will voluntarily change its position.  Delaying a ruling on this motion will create further unnecessary pressure on trial preparation, and likely precipitate an emergency request for a ruling from the Special Master on the eve of trial.

In addition to the October 29th Motion, the DAPs filed identical motions against the Hitachi Defendants and Samsung SDI on November 24, 2014, and the Panasonic Defendants on November 26, 2014.  These motions similarly remain pending.  Given the overlapping issues and briefing, the DAPs respectfully submit that the motions should be considered jointly.

**The September 12, 2014 and September 19, 2014 Motions**

Although the DAPs did not bring the other two motions identified by the Special Master's Request, these motions raise issues relevant to the DAPs' claims against the Toshiba and Panasonic Defendants, including issues related to ownership and control and liability. The DAPs therefore request that the Special Master adjudicate these two motions as well.[1]

As the Special Master noted in his Recommended Order re Mitsubishi's Motion to Compel ViewSonic's Percipient Witness Depositions and Coordination of Discovery (Dkt. 3866), "the interest of justice is served by allowing counsel for any party to this MDL whose interests may be implicated by the withdrawal of a pending motion" to address why the motion should remain pending. *Id.*, at 3-4.  As the Special Master further noted, the Court's Discovery Protocol required coordination of "discovery in all actions transferred to this MDL" and that "[a]ll CRT Plaintiffs' counsel and Defendants' counsel shall engage in their best efforts to conduct discovery efficiently and without duplication." *Id.*, at 2, citing Dkt 1128, at 14.  Further, by requiring that the parties propound only non-duplicative written discovery, the Protocol indeed suggests that the parties are mandated not to serve independent written discovery unless non-duplicative. *Id.*, at 3.

Here, IPP's September 12th and 19th motions call for disclosure of information that remains highly relevant in many of the DAPs' litigation, as follows:

September 12th Motion.   Interrogatories 9, 13-14 and 16 (sales of CRT products into the United States).

September 19th Motion (1) Toshiba's responses to RPDs 62-63 re statements to antitrust agencies; (2) Panasonic's response to RPD 62 re statements to antitrust authorities; and (3) Toshiba's responses to interrogatories regarding ownership and control issues relevant to MTPD.

---

[1] The DAPs do not intend this response to be a comprehensive list of all motions that should be adjudicated notwithstanding certain settlements, and will respond to the Special Master's June 8, 2015  Recommended Order re Mitsubishi's Motion to Compel ViewSonic's Percipient Witness Depositions and Coordination of Discovery (Dkt. 3866) to provide such a list by July 7, 2015.

As such, the DAPs respectfully request a ruling on these issues.

Respectfully Submitted,

DATED:  June 11, 2015

/s/  *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
         anardacci@bsfllp.com

William A. Isaacson
Kyle N. Smith*
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  ksmith@bsfllp.com
*Admitted to practice in New York only.  Practice supervised by members of the firm.

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs*