GIBSON, DUNN & CRUTCHER LLP
JOEL S. SANDERS, SBN 107234
jsanders@gibsondunn.com
RACHEL S. BRASS, SBN 219301
rbrass@gibsondunn.com
AUSTIN SCHWING, SBN 211696
aschwing@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 986-5309

FARMER BROWNSTEIN JAEGER LLP
WILLIAM S. FARMER, SBN 46694
WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929
DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713
JAlpren@FBJ-law.com
235 Montgomery Street, Suite 835
San Francisco California 94104
Telephone 415.962.2876
Facsimile: 415.520.5678

Attorneys for Defendants
CHUNGHWA PICTURE TUBES, LTD. and
CHUNGHWA PICTURE TUBES (MALAYSIA)
SDN. BHD.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-5944 JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>DIRECT ACTION PLAINTIFF CASES | **DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S JOINDER TO TOSHIBA'S OBJECTIONS TO THE SPECIAL MASTER'S RECOMMENDED ORDER TO COMPEL PRODUCTION OF STATEMENTS TO FOREIGN ANTITRUST AUTHORITIES (ECF NO. 4136)**<br><br>Judge:      Hon. Jon S. Tigar<br>Trial Date:  None Set<br>Courtroom: 9, 19th Floor |

Pursuant to the Order Appointing Special Master for Discovery at 4 (ECF No. 2272) and Federal Rule of Civil Procedure 53(f), Defendants Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa") join the objections to the Special Master's Recommended Order re Plaintiffs' Motion to Compel Supplemental Discovery from Toshiba and Panasonic (ECF No. 4136, dated October 21, 2015 and filed October 22, 2015), as specifically related to the Special Master's recommended order compelling the production of statements to governmental antitrust authorities (*id.* at 12-14).  Request No. 63 would require Toshiba to produce "all documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any employee of *any* Defendant."  *Id.* at 12 (emphasis added).  That order implicates the rights of non-parties to the motion, including Chunghwa.

Chunghwa employees were interviewed by government authorities in certain antitrust investigations in connection with the company's voluntary cooperation, including but not limited to the Japan Fair Trade Commission ("JFTC").  These interviews were confidential and occurred in situations akin to grand jury proceedings.  Any materials related to such interviews were produced to Toshiba by the JFTC or other agencies solely for purpose of Toshiba's defense of those investigations.  The JFTC and other agencies protect such materials from disclosure.  *See, e.g.*, Order Denying Mot. of Direct Purchaser Class Pls. to Compel Hitachi to Produce Foreign Regulatory Documents at 9-10, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI, ECF No. 2686 (N.D. Cal. April 26, 2011) (explaining that submissions from the European Commission and the JFTC expressed their "concern … that the leniency programs have been fertile avenues for enforcement of antitrust laws, and that parties would be dissuaded from applying and furnishing information if they feared that the information would be made available in private antitrust actions in the United States," and concluding "that the JFTC's and EC's interests in maintaining the confidentiality of materials obtained or generated in connection with ongoing antitrust investigations outweighs the United States' interest in allowing discovery of the materials in this case"); *In re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078, 1084 (N.D. Cal. 2007) ("The Commission states that given the crucial investigative and evidentiary value of corporate statements and voluntary submissions, the protection of these documents is 'indispensable to ensure the viability and efficacy

1

of the Leniency Programme,' which the Commission has described as the E.U.'s most effective tool in combating illegal cartels.").

Plaintiffs here seek a backdoor to access this otherwise protected information by moving to compel it directly from Toshiba.  That should not be permitted.

Disclosure of a cooperating party's information to private plaintiffs will place immunity applicants in a worse position than cartel participants that are not cooperating with government enforcers.  For example, the International Competition Network reports that one survey respondent "considers that the exposure to [private] damage claims is the key counter-incentive in leniency cases, as its experience showed that plaintiffs attack the immunity applicants first because these cannot deny the infringement and are limited to arguing that there has been no damage caused by the infringement."[1]  The Special Master's order giving private civil plaintiffs in the United States access to confidential material that is intended by foreign authorities to be protected from disclosure will reduce the incentives in future investigations to cooperate, as does the suggestion in the Special Master's order that a defendant opposing such disclosure must obtain a letter from each foreign antitrust authority objecting to such discovery (ECF No. 4136 at 14), which is an unnecessary and unduly burdensome hurdle for both a defendant and a foreign authority.

Finally, there is no necessity to apply this order as to any documents from foreign competition authorities that relate to Chunghwa's current or former employees.  That is because, as the U.S. Department of Justice leniency applicant, Chunghwa has chosen to obtain the civil leniency benefits of the Antitrust Criminal Penalty Enhancement and Reform Act of 2004, Pub. L. No. 108-237, 118 Stat. 661, § 213(a) ("ACPERA").  By cooperating with civil plaintiffs pursuant to the provisions of ACPERA—provisions that Chunghwa has satisfied to date and intends to continue satisfying—Chunghwa is relieved of joint-and-several liability and trebling of any damages.  *See id.*; ECF No. 3395.  Chunghwa's cooperation with plaintiffs includes using best efforts to make cooperating individuals "available for such interviews, depositions, or testimony in connection with the civil

---

[1]  International Competition Network, Cartel Working Group, *Interaction of Public and Private Enforcement in Cartel Cases* (May 2006) at 41.

2

CHUNGHWA'S JOINDER TO TOSHIBA'S OBJECTIONS TO THE SPECIAL MASTER'S
REPORT AND RECOMMENDATION (ECF NO. 4136) – CASE NO. 07-CV-5944 JST

1   action as the claimant may reasonably require" and "responding completely and truthfully, without

2   making any attempt either falsely to protect or falsely to implicate any person or entity, and without

3   intentionally withholding any potentially relevant information, to all questions asked by the claimant

4   in interviews, depositions, trials, or any other court proceedings in connection with the civil action."

5   ACPERA § 213(b)(3).   In these cases, the moving plaintiffs asked that three Chunghwa witnesses

6   appear for such depositions, and each did so, for eight total days of deposition.  If asked, Chunghwa

7   intends to produce those witnesses to testify at trial.  Given plaintiffs' prior access to sworn testimony

8   in this proceeding by those witnesses and their future access to those witnesses, there is simply no

9   cause to invade the confidentiality of foreign enforcement proceedings.

10        Chunghwa therefore respectfully requests that the Court not adopt the recommendation to

11  compel production of documents responsive to Request No. 63.

12

13  DATED:  November 5, 2015                    Respectfully submitted,

14                                              By:     /s/ *Rachel S. Brass*
                                                        Rachel S. Brass
15
16                                              *Attorneys for Defendants Chunghwa Picture Tubes, Ltd.*
                                                *and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.*
17

18

19

20

21

22

23

24

25

26

27

28

3

CHUNGHWA'S JOINDER TO TOSHIBA'S OBJECTIONS TO THE SPECIAL MASTER'S
REPORT AND RECOMMENDATION (ECF No. 4136) – CASE NO. 07-CV-5944 JST

# DECLARATION OF SERVICE

I, Joseph Hansen, declare as follows:

I am employed in the County of San Francisco, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 555 Mission Street, Suite 3000, San Francisco, California, 94105, in said County and State.  On the date below, I served the within:

**DEFENDANTS CHUNGHWA PICTURE TUBES, LTD. AND CHUNGHWA PICTURE TUBES (MALAYSIA) SDN. BHD.'S JOINDER TO TOSHIBA'S OBJECTIONS TO THE SPECIAL MASTER'S RECOMMENDED ORDER TO COMPEL PRODUCTION OF STATEMENTS TO FOREIGN ANTITRUST AUTHORITIES (ECF NO. 4136)**

to all named counsel of record as follows:

☑ **BY ECF (ELECTRONIC CASE FILING)**:  I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on November 5, 2015.  Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on November 5, 2015, at San Francisco, California.

_/s/ Joseph Hansen_
Joseph Hansen

102022216.1