UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| DAPs v. Toshiba | |

The Court now considers a Report and Recommendation dated August 6, 2015 from Special Master Vaughn R. Walker, United States Chief District Judge (Ret.), ("Judge Walker") granting Plaintiffs' motion to compel Toshiba to authenticate documents. ECF No. 3959 ("R&R"). The Court received an objection from Toshiba asking the Court to reject the R&R in its entirety. ECF No. 4005 ("Obj."). The Court construes the objection as a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. Civil L.R. 72-2. The Court will deny the motion.

The underlying dispute arose from Direct Action Plaintiffs' ("DAPs") First Set of Requests for Admission ("RFA") to the Toshiba defendants which asked, in relevant part, for Toshiba to admit that 977 documents satisfy the business records exception of Fed. R. Evid. 803(6). After Toshiba objected to DAP's RFA on the grounds that it was unduly burdensome, the parties agreed to exchange lists of 94 documents and to indicate whether they would stipulate that any such documents are authentic and are business records within the meaning of Fed. R. Evid. 803(6). ECF No. 2908. Toshiba agreed that only three out of 94 documents are business records. After meeting and conferring, Plaintiffs filed a motion with Judge Walker, styled as a "Motion to Compel Toshiba Defendants to Authenticate Documents," asking that Judge Walker require

Toshiba to re-review the 94 documents and to apply the business records exception in good faith and in a reciprocal fashion.

Judge Walker found that Plaintiffs' motion was "more accurately a motion to compel Toshiba to respond to requests for admission regarding the applicability of the business records exception" to the 91 documents in dispute.  R&R at 2.  Judge Walker reasoned that

> Plaintiffs and Toshiba premised their stipulation upon a consistent and reciprocal application of the legal standard for Rule 803(6) determinations.  It would have been unreasonable for the parties to have contemplated a one-sided deal and the undersigned finds there was no meeting of the minds with respect to the stipulation.

Id. at 7.  Special Master Walker then granted Plaintiffs' motion, finding that under Fed. R. Civ. P. 36:  (1) Toshiba has a duty to investigate the authorship of each document, (2) Toshiba is required to substantiate its arguments with case law citations, and (3) Toshiba's contention that certain documents contain hearsay-within-hearsay is not relevant to the applicability of the business records exception.  See R&R at 6-7.  Accordingly, Toshiba was ordered to serve responses to Plaintiffs' RFAs within ten days of the order.  Id. at 8.

The district court usually reviews all objections to a special master's findings of fact *de novo* "unless the parties stipulate with the court's consent that the master's findings will be reviewed for clear error."  Fed.R.Civ.P. 53(g)(3)(A).  The district court also reviews *de novo* all "objections to conclusions of law made or recommended by a master."  Fed.R.Civ.P. 53(g)(4).  In this case, however, the parties stipulated that "[r]eview of the Special Master's orders will be subject to the same procedures as review of orders of a Magistrate Judge, except as otherwise provided herein.*"* ECF No. 2272 at 4 (Order Appointing Special Master for Discovery).  Thus, the proper standard of review for the Special Master's discovery orders is the one that applies to the equivalent orders of a United States Magistrate Judge.  See 28 U.S.C. § 636(b)(2); see also Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc., No. C01-20418JW, 2005 WL 1459555, at *2 (N.D. Cal. June 21, 2005) (same).

A district court reviews a motion for relief from a nondispositive pretrial order of a magistrate judge for whether such order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "Orders of a magistrate judge resolving pretrial discovery

issues are nondispositive within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1), and are thus reviewed under the 'clearly erroneous or contrary to law' standard of review." Calderon v. Experian Info. Solutions, Inc., 290 F.R.D. 508, 511 (D. Idaho 2013) (citing Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir.1991)). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." Barnes & Noble, Inc. v. LSI Corp., No. C-11-2709 EMC, 2013 WL 841334, at *1 (N.D. Cal. Mar. 6, 2013) (citation and quotation omitted).

Toshiba urges the Court to reject Judge Walker's recommended order because, it claims, Plaintiffs' motion was an evidentiary dispute over potential trial exhibits, not a discovery dispute within Special Master Walker's authority. Obj. at 2. This argument is unconvincing. The instant dispute arose out of Plaintiffs' RFAs 2-7. The process of how Toshiba was to respond to those RFAs was modified by stipulation, but that is a distinction without a difference. Regardless, Judge Walker found that "there was no meeting of the minds with respect to the stipulation." R&R at 7.[1]

Toshiba's objections are all to the facts as Judge Walker found them. Toshiba has not met its burden of demonstrating that Judge Walker's factual findings were clearly erroneous. Accordingly, Toshiba's motion for relief is denied.

**IT IS SO ORDERED.**

Dated: November 6, 2015

_____
JON S. TIGAR
United States District Judge

---

[1] It also bears mention that while Judge Walker's authority extends to all manner of discovery disputes, it does not extend to determinations regarding the admissibility of documents at trial. See ECF No. 2272 at 2-3. It is therefore unlikely that Judge Walker thought he was deciding that question.