Exhibit C

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | | |
|---|---|---|
| Crago, d/b/a Dash Computers, Inc. et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   Case No. 14-cv-2058-sc |
| | ) | MDL No. 1917 |
| Mitsubishi Electric Corp. et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
A corporate representative of Video Display Corporation pursuant to Rule 30(b)(6).

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A (Lit of Topics)

*Subject to meet and confer process

| Place: Jackson Lewis, 1155 Peachtree Street N.E., Suite 1000, Atlanta, GA 30309* | Date and Time: December 10, 2015, at 9:00am |
|---|---|

The deposition will be recorded by this method: __Live video and stenographic recording__

☒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See Attachment B (Document Requests).

In lieu of bringing the documents to the deposition, please contact Shaun Van Horn, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, 312-840-8896, to arrange for the production of documents.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  __10/06/2015__

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
__Mitsubishi Electric Corporation__ , who issues or requests this subpoena, are:

Shaun M. Van Horn, 353 N. Clark St., Chicago, IL 60654, svanhorn@jenner.com, 312-840-8896

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment A

**ATTACHMENT A (LIST OF TOPICS)**

**SCHEDULE OF DEPOSITION TOPICS**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and the following definitions, You are required to produce one or more officers, directors, or managing agents, or other person or persons who consent to testify on Your behalf, to testify to all facts known or reasonably available to Your company concerning the following matters during the Relevant Period:

1.      The number of CRTs or CRT Products purchased by You during the Relevant Period.

2.      The types of CRTs or CRT Products purchased by You during the Relevant Period, including the CRT size and type of product into which CRTs were incorporated.

3.      The entities from which You purchased, or considered purchasing, CRTs or CRT Products, or which solicited You or offered for sale to You CRTs or CRT Products, during the Relevant Period.

4.      Any purchases by You of a CRT or CRT Product from Mitsubishi Electric Corporation or any of its North American affiliates, NEC-Mitsubishi Electric Visual Systems, Inc. (NMV), and/or NEC Corporation (NEC).

5.      Your personnel with knowledge of the number of CRTs or CRT Products purchased by You during the Relevant Period; the types of CRTs or CRT Products purchased by You during the Relevant Period, including the CRT size and type of product into which CRTs were incorporated; and the entities from which You purchased CRTs or CRT Products during the Relevant Period.

**DEFINITIONS**

1.      The term "CRT ANTITRUST LITIGATION" shall mean the Direct Purchaser actions in the matter entitled *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 14-cv-2058 SC, MDL No. 1917, pending in the U.S. District Court for the Northern District of California.

2.      The term "YOU," "YOUR," or "YOURS" refers to the recipient of this discovery request and unless otherwise specified in a particular request includes the recipient's employees, officers, agents, attorneys, representatives, and/or other persons acting or authorized to act on the recipient's behalf in connection with the CRT ANTITRUST LITIGATION.

1

ATTACHMENT A TO MITSUBISHI ELECTRIC CORPORATION'S SUBPOENA

3. The term "DOCUMENT" or "DOCUMENTS" means the original and any non-identical copy of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes any written, printed, electronic, reproduced, graphic, photographic, electronic, audio, visual, or video records, however produced or reproduced, of any kind or description, including drafts and non-identical copies, whether prepared by you or by any other person, that is in your possession, custody, or control.

4. The term "COMMUNICATION" or "COMMUNICATIONS" means, without limitation, any disclosure, transfer, or exchange of information, opinions, ideas or thoughts, by any means, face-to-face meetings, written, recorded, electronically, orally or otherwise, at any time or place under any circumstances.

5. The terms "AND" and "OR" are to be considered both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. The word "ALL" also includes "EACH" and vice versa. "ANY" is understood to include and encompass "ALL."

6. The terms "RELATING TO" and "IN RELATION TO" shall mean, in whole or in part, discussing, describing, pertaining to, deriving from, arising from, resulting from, referring or alluding to, reflecting, containing, analyzing, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, or concerning.

7. "INCLUDING" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

8. The term "PERSON" or "PERSONS" means, without limitation, any natural person, corporation partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

9. "CRT" means cathode ray tubes, and includes both (a) color picture tubes ("CPTs"), which are CRTs used primarily in color televisions; and (b) color display tubes ("CDTs"), which are CRTs used primarily in color computer monitors.

10. The term "CRT PRODUCTS" means electronic devices containing CPTs (such as televisions) or CDTs (such as computer monitors).

2

ATTACHMENT A TO MITSUBISHI ELECTRIC CORPORATION'S SUBPOENA

11.    Unless otherwise noted, the term "RELEVANT TIME PERIOD" means the period from March 1, 1995 through November 25, 2007.

ATTACHMENT A TO MITSUBISHI ELECTRIC CORPORATION'S SUBPOENA

Attachment B

## ATTACHMENT B (DOCUMENT REQUESTS)

### INSTRUCTIONS

1.  The DOCUMENTS to be produced pursuant to these requests, and the following definitions, specifically embrace, in addition to documents outside YOUR possession, custody or control, documents within the possession, custody or control of YOUR agents or representatives, including YOUR attorneys.

2.  Unless otherwise specified, the relevant time period for these requests is from March 1, 1995 to November 25, 2007.

3.  In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if ANY document responsive to these Requests is withheld based upon a claim of privilege OR trial preparation material, state separately for each such document, in addition to ANY other information requested: (a) the nature of the privilege claimed; (b) its date; (c) its author; (d) its addressees, if ANY; (e) the title OR position of its author, as well as the author's addressees; (f) the type of document (*e.g.*, letter, memorandum, electronic mail, report, recording disc, etc.); (g) its title AND general subject matter (without revealing the information as to which the privilege is claimed); AND (h) with sufficient specificity to permit the Court to make a full determination as to whether the claim of privilege is valid, the factual basis on which YOU claim such privilege.

### REQUESTS FOR PRODUCTION

1.  Documents sufficient to show the number of CRTs or CRT Products purchased by You during the Relevant Period.

2.  Documents sufficient to identify the types of CRTs or CRT Products purchased by You during the Relevant Period, including the CRT size and type of product into which CRTs were incorporated.

ATTACHMENT A TO MITSUBISHI ELECTRIC CORPORATION'S SUBPOENA

3. Documents sufficient to identify any entity from which You purchased, or considered purchasing, CRTs or CRT Products, or which solicited You or offered for sale to You CRTs or CRT Products, during the Relevant Period.

4. Documents relating to any purchase by You of a CRT or CRT Product from Mitsubishi Electric Corporation or any of its North American affiliates, NEC-Mitsubishi Electric Visual Systems, Inc. (NMV), and/or NEC Corporation (NEC).

5. Documents sufficient to identify persons with knowledge of the number of CRTs or CRT Products purchased by You during the Relevant Period; the types of CRTs or CRT Products purchased by You during the Relevant Period, including the CRT size and type of product into which CRTs were incorporated; and the entities from which You purchased CRTs or CRT Products during the Relevant Period.

## DEFINITIONS

1. The term "CRT ANTITRUST LITIGATION" shall mean the Direct Purchaser actions in the matter entitled *In Re: Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 14-cv-2058 SC, MDL No. 1917, pending in the U.S. District Court for the Northern District of California.

2. The term "YOU," "YOUR," or "YOURS" refers to the recipient of this discovery request and unless otherwise specified in a particular request includes the recipient's employees, officers, agents, attorneys, representatives, and/or other persons acting or authorized to act on the recipient's behalf in connection with the CRT ANTITRUST LITIGATION.

3. The term "DOCUMENT" or "DOCUMENTS" means the original and any non-identical copy of all items subject to discovery under Rule 34 of the Federal Rules of Civil Procedure. This definition includes any written, printed, electronic, reproduced, graphic, photographic, electronic, audio, visual, or video records, however produced or reproduced, of any kind or description, including drafts and non-identical copies, whether prepared by you or by any other person, that is in your possession, custody, or control.

4. The term "COMMUNICATION" or "COMMUNICATIONS" means, without limitation,

ATTACHMENT A TO MITSUBISHI ELECTRIC CORPORATION'S SUBPOENA

any disclosure, transfer, or exchange of information, opinions, ideas or thoughts, by any means, face-to-face meetings, written, recorded, electronically, orally or otherwise, at any time or place under any circumstances.

5.      The terms "AND" and "OR" are to be considered both conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa.  The word "ALL" also includes "EACH" and vice versa.  "ANY" is understood to include and encompass "ALL."

6.      The terms "RELATING TO" and "IN RELATION TO" shall mean, in whole or in part, discussing, describing, pertaining to, deriving from, arising from, resulting from, referring or alluding to, reflecting, containing, analyzing, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, or concerning.

7.      "INCLUDING" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

8.      The term "PERSON" or "PERSONS" means, without limitation, any natural person, corporation partnership, limited liability company, proprietorship, joint venture, association, government entity, group or other form of legal entity.

9.      "CRT" means cathode ray tubes, and includes both (a) color picture tubes ("CPTs"), which are CRTs used primarily in color televisions; and (b) color display tubes ("CDTs"), which are CRTs used primarily in color computer monitors.

10.     The term "CRT PRODUCTS" means electronic devices containing CPTs (such as televisions) or CDTs (such as computer monitors).

11.     Unless otherwise noted, the term "RELEVANT TIME PERIOD" means the period from March 1, 1995 through November 25, 2007.