# COMPOSITE EXHIBIT 8



**Scott St John (public) <j.scott.stjohn.public@gmail.com>**

---

## CRT - St. John Objection

**Scott St John (public)** <j.scott.stjohn.public@gmail.com>    Tue, Oct 13, 2015 at 12:59 PM
To: Bob Gralewski <bgralewski@kmllp.com>
Cc: andrea.valdez.esq@gmail.com

> Mr. Gralewski,
>
> Please see the attached correspondence.
>
> Best regards,
> Joseph S. St. John
>
> On Tue, Oct 13, 2015 at 11:37 AM, Bob Gralewski <bgralewski@kmllp.com> wrote:
>> Thanks for responding.  I just missed you.  Calling now…..
>>
>>> On Oct 13, 2015, at 9:33 AM, Scott St John (public) <j.scott.stjohn.public@gmail.com> wrote:
>>>
>>> Mr. Gralewski,
>>>
>>> I just left you a voice mail.  Please give me a call at 410-212-3475 when you are free.
>>>
>>> Regards,
>>> Joseph S. St. John
>>>
>>> On Mon, Oct 12, 2015 at 1:23 PM, Bob Gralewski <bgralewski@kmllp.com> wrote:
>>>> Andrea and Joe,
>>>>
>>>> I am one of the CRT lawyers who represent the Class.  I have reviewed the objection you filed on behalf of Douglas St. John.  I am writing to let you know that we intend to take Mr. St. John's deposition.  Can you let me know by noon Pacific tomorrow (Tuesday) if you intend to make Mr. St. John available for deposition.  If you will, we will happily discuss a date and time that is convenient for your client between October 28th and November 4th.  Of course we will also take the deposition close to his place of residence.
>>>>
>>>> If you would like to talk on the phone, my office number is 619-398-4340 and my mobile number is 619-818-6255.
>>>>
>>>> I look forward to hearing back from you.
>>>>
>>>> Regards,
>>>>
>>>> Bob Gralewski
>>>> Kirby McInerney LLP

📎 **2015.10.13 St. John to Gralewski re Telephone Conference.pdf**
112K

**Joseph Scott St. John**
Attorney-at-Law

October 13, 2015

514 Mockingbird Drive
Long Beach, MS 39560

jscottstjohnpublic@gmail.com


<u>*Via Electronic Mail*</u>

Robert J. Gralewski, Jr.
Kirby McInerney LLP
600 B Street, Suite 1900
San Diego, CA  92101

bgralewski@kmllp.com

    Re:    **In re Cathode Ray Tube (CRT) Antitrust Litigation,**
              **Master File No. No. 3:07-cv-5944 SC, MDL No. 1917 (N.D. Cal.)**

Mr. Gralewski:

      I write to memorialize our telephone conversation of earlier today regarding your request to depose my client, Douglas W. St. John, an unnamed class member who filed an objection regarding your attorney fee request in the above-captioned litigation.

      I opened our conversation by inquiring why you are seeking to take Mr. St. John's deposition. You stated that you were not willing to provide that information, that my client's objection raises "serious contentions," and that you "think [you] have good reasons" to take his deposition. I specifically asked if you had any reason to doubt that my client had standing or good faith, but you stated that you "haven't looked closely" at his objection. Only when I questioned why you were then insisting on a deposition did you suddenly recall reviewing Mr. St. John's objection. You then stated that depositions of objectors are "not extraordinary" and that you are "entitled" to take their depositions. I disagreed, noting that such depositions are strongly disfavored.[1]

      We next turned to the substance of Mr. St. John's deposition. I provided an overview of his expected testimony, but you stated that nothing I could say was likely to change your mind vis-à-vis the need to depose him. You further stated your belief that the standing inquiry under the settlement was minimal, that consumers "don't have to disassemble their TVs," and that they "don't even still

---

[1]    *Corpac v. Rubin & Rothman LLC*, No. 10-civ-4165 (E.D.N.Y. July 18, 2012); *see also, e.g.*, *Clark v. Universal Builders, Inc.*, 501 F. 2d 324, 341 (7th Cir. 1974) ("the party seeking the depositions [of absent class members] has the burden of showing necessity and absence of any motive to take undue advantage of the class members").

Gralewski Page 2

need to have their TVs." I noted that your representations were in significant tension with Mr. Alioto's representations to the Court at the certification stage.[2]

I made clear that Mr. St. John is willing to be deposed for the 1-2 hours that you stated you are seeking. But before agreeing such a deposition, I asked if discovery would be reciprocal, noting that what is good for the goose is good for the gander. I then noted the very serious allegations made by Mr. Bonsignor and Mr. Scarpulla as supporting the need for reciprocal discovery. You replied that you "doubt we would agree to" any depositions, and you are "disinclined" to agree to document requests.

Having first emailed me yesterday afternoon regarding a deposition for Mr. St. John, you stated that you "need to act quickly" and Mr. St. John cannot have a day or two to review your proposed discovery before deciding on the appropriate course of action. You nevertheless agreed to provide your proposed document requests to me via electronic mail.

At the close of our call, I specifically reserved the right to seek sanctions for abusive, unduly burdensome, and unwarranted discovery should you insist on taking Mr. St. John's deposition. You acknowledged that I had done so.

*   *   *   *   *

I trust that this letter accurately reflects our conversation. If you disagree, please identify the specific error and promptly let me know.

I look forward to receiving your proposed document requests. Subject to further discussion regarding mutual discovery, you should tentatively schedule Mr. St. John's deposition for November 4, 2015, in or around Gulfport, Mississippi at a location of your choosing. IPP Counsel will, of course, bear all expenses in connection with Mr. St. John's deposition.

Very truly yours,

Joseph Scott St. John

---

[2] See, e.g., R & R Regarding IPPs Motion for Class Certification (D.E. 1742) at 14-15, adopted in full (D.E. 1950) at 2.