# EXHIBIT 10



**Scott St John (public) <j.scott.stjohn.public@gmail.com>**

## CRT - St. John Objection

**Bob Gralewski** <bgralewski@kmllp.com>                                Wed, Oct 21, 2015 at 1:21 PM
To: "Scott St John (public)" <j.scott.stjohn.public@gmail.com>
Cc: "Scott St John (public)" <jscottstjohnpublic@gmail.com>, andrea.valdez.esq@gmail.com

> Joseph,
>
> Thanks for your reply.  Suffice it to say, we disagree about the law concerning objector discovery, but no need to debate that further as you will be making your client available for deposition pursuant to subpoena.
>
> Please ensure that all responsive documents are in my possession no later than 10:00 a.m. Central on October 30th.  You can email the documents to me or mail/overnight them to me at 600 B Street, Suite 1900, San Diego, CA 92101 so that they are delivered no later than 48 hours before your client's deposition commences.
>
> Attached is the amended subpoena which you have agreed to accept service of.
>
> Regards,
>
> Bob Gralewski
>
>> On Oct 21, 2015, at 6:36 AM, Scott St John (public) <j.scott.stjohn.public@gmail.com> wrote:
>>
>> Mr. Grewalski,
>>
>> (1) Consistent with your email of October 14, my client will appear for deposition on at the Wingate Beach Hotel, 4302 W. Beach Blvd., Gulfport, Mississippi, on November 2, 2015, at 10 a.m. IPP Counsel's examination of Mr. St. John shall be limited to two hours. Further, IPP Counsel's questioning "will be limited to [Mr. St. John's] standing, factual support for his objection, any prior objections, and if so, the circumstances of such objections including any compensation received." As I have previously stated, Mr. St. John is not appearing voluntarily; he is appearing only pursuant to your subpoena.
>>
>> (2) I will accept a subpoena amended as to date of appearance.
>>
>> (3) Please identify the place where you would like documents produced.
>>
>> (4) I strongly disagree with your characterization of the law regarding discovery from absent class members. Discovery was permitted earlier in this litigation based on an essentially unopposed motion to compel. Suffice it to say, the result of that motion does not establish that IPP Counsel is "entitled" to discovery from absent class members, and it certainly does not establish that IPP Counsel is entitled to discovery of the type and breadth sought from my client.
>>
>> (5) I am not aware of any open items of correspondence. If I am in error, please identify those items specifically.
>>
>> Regards,
>> Joseph S. St. John
>>
>> On Tue, Oct 20, 2015 at 11:15 PM, Bob Gralewski <bgralewski@kmllp.com> wrote:
>>> Joseph,

I have not heard back from you since sending you my October 14th email (see below).  I assume you received it when I sent it as I sent it to the email address listed on your letterhead.  To ensure receipt of both my October 14th email and this one I am also sending this email to you at another email address I have for you and am copying your co-counsel Andrea Valdez.

Also since writing to you on October 14th we have formally served your client.  As you may know, the subpoena has the November 4th date.

I am still happy to switch the date of your client's deposition to November 2nd if you will accept service of a revised subpoena.  Kindly let me know.

I think there are open items per our earlier correspondence too.

Regards,

Bob

> On Oct 14, 2015, at 3:24 PM, Bob Gralewski <bgralewski@kmllp.com> wrote:
>
> Joseph,
>
> Thank you for your October 13th and October 14th letters.
>
> First, with respect to your October 13th letter, despite the tone of the letter, I thought we had a generally constructive conversation.  For example, I explained how it appeared that you may understand aspects of the settlement and invited an open dialog about that and other matters.  Unfortunately, that aspect of our call didn't make it into your letter.
>
> Second, among the errors or mischaracterizations in your October 13th letter are:
>
> - the suggestion that I hadn't reviewed your client's objection.  As I told you, in an effort to phone you back promptly, I didn't have your client's objection up on my screen and didn't have immediate recall of your client;
> - the intimation that I am not giving you enough time to consider things.  As I explained, you can agree to accept service of the subpoena or not.  I have to proceed to serve the subpoena quickly to ensure proper notice is given under our schedule;
> - tension involving Mr. Alioto's statements.  There is no tension with any of Mr. Alioto's representations to the Court and my statements regarding filing a claim; and
> - Mr. Bonsignore's accusations.  Both Mr. Bonsignore's and Mr. Scarpulla's allegations regarding Mr. Alioto are demonstrably false.
>
> As you implicitly recognize in your October 14th letter, you are also incorrect that objector depositions are disfavored.  Class Counsel was permitted to depose an objector earlier in this case, and as you know objector depositions were allowed in this phase of the case in the LCD litigation.
>
> We will not agree to any "reciprocal" discovery.
>
> With respect to "bearing all expenses," to be clear, we will pay for the court reporter and any rental of space, but your client will be responsible for his own attorneys' fees and other expenses, except that your client shall receive the normal witness fee from us as well as a mileage reimbursement.
>
> As I said I would do, I'm attaching a copy of the subpoena directed to your client.  At the time I prepared the subpoena, I thought you wanted the deposition scheduled on November 4th and I complied with your tentative request, but I understand now that you prefer November 2nd or 5th.  We are happy to schedule the deposition on November 2nd at the same place and time of day.
>
> Given the short window of time we have for notice, we have initiated steps to formally and personally serve the subpoena because you hadn't given me a straight answer with respect to accepting service.  I can now

represent to you that if you produce documents at least two days before the deposition, your client's deposition will be limited to no more than two hours and questioning will be limited to his standing, factual support for his objection, any prior objections, and if so, the circumstances of such objections including any compensation received.

With these representations, if you're now willing to accept service of the attached subpoena instead of a process server personally serving your client, please let me know, and I'll try to halt those efforts.

I look forward to hearing from you.

Regards,

Bob

<St. John.pdf>

**St. John AMENDED.pdf**
189K