# COMPOSITE EXHIBIT 11



**Scott St John (public) <j.scott.stjohn.public@gmail.com>**

---

## CRT - Request to Meet and Confer

---

**Scott St John (public)** <j.scott.stjohn.public@gmail.com>          Mon, Oct 26, 2015 at 4:45 PM
To: Mario Alioto <MAlioto@tatp.com>
Cc: "laurenrussell@tatp.com" <laurenrussell@tatp.com>, "andrea.valdez.esq@gmail.com"
<andrea.valdez.esq@gmail.com>

     Counsel,

     Please see the attached correspondence.

     Best regards,
     Joseph S. St. John

     On Thu, Oct 22, 2015 at 5:03 PM, Scott St John (public) <j.scott.stjohn.public@gmail.com> wrote:
       That works for me. I will call your office at 2pm Pacific / 11 am Eastern tomorrow.

       On Thursday, October 22, 2015, Mario Alioto <MAlioto@tatp.com> wrote:

         Can we talk at 2 p.m. Pacific on Friday.

         Mario N. Alioto

         TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

         2280 Union Street

         San Francisco, CA 94123

         Telephone:415 447-1650

         Facsimile:415 346-0679

         This message is sent by a law firm and may contain informa on that is privileged or confiden al. If you
         received this transmission in error, please no fy the sender by e-mail and delete the message and any
         a achments.

         From: Scott St John (public) [mailto:j.scott.stjohn.public@gmail.com]
         Sent: Wednesday, October 21, 2015 7:24 AM
         To: malioto@tatp.com; laurenrussell@tatp.com
         Cc: andrea.valdez.esq@gmail.com
         Subject: CRT - Request to Meet and Confer

Counsel,

Objector Douglas W. St. John intends to move the Court to amend the Order Appointing Special Master Quinn (D.E. 4053-1) as follows:

(1) To require IPP Counsel alone to compensate Special Master Quinn for his work on their Fee Motion. *See, e.g.,* In re Coordinated Pretrial Proceedings, 109 F.3d 602, 608 (9th Cir. 1997).

(2) To require de novo review of Special Master Quinn's findings of fact vis-a-vis IPP Counsel's Fee Motion.


Mr. St. John may also seek to shorten the response time.


I would like to meet and confer with you prior to filing this motion, as well as to discuss the identity of the "Litigation Fund" referenced in the Order Appointing Special Master Quinn.I am generally available today and Friday.

I look forward to your promptly responding with your availability.

Best regards,

Joseph S. St. John

---

**2015.10.26 St. John to Alioto re Telephone Conference.pdf**
106K

**Joseph Scott St. John**
**Attorney-at-Law**

October 26, 2015

514 Mockingbird Drive
Long Beach, MS 39560

jscottstjohnpublic@gmail.com

**_Via Electronic Mail_**

Mario N. Alioto
Lauren C. Capurro
Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123

malioto@tatp.com
laurenrussell@tatp.com

      Re:    **_In re Cathode Ray Tube (CRT) Antitrust Litigation,_**
            **Master File No. No. 3:07-cv-5944 SC, MDL No. 1917 (N.D. Cal.)**

Mario and Lauren:

      I write to memorialize our telephonic meet-and-confer of Friday, October 23. I greatly appreciated the candid and fruitful discussion, and I hope we can resolve these issues without troubling the Court.

**Compensation of Special Master Quinn by IPP Counsel**

      We began by discussing Special Master Quinn's compensation for work in connection with IPP Counsel's Fee Motion. In my email requesting a meet-and-confer, I directed your attention to _In re Coordinated Pretrial Proceedings_, 109 F.3d 602 (9th Cir. 1997) ("_CPP_"), in support of my client's argument that IPP Counsel alone should compensate Special Master Quinn for his work in connection with the Fee Motion. We generally discussed that case, including the rule that "[t]ime spent obtaining an attorneys' fee in common fund cases is not compensable because it does not benefit the plaintiff class." _Id._ at 610. You agreed with the general rule set forth in _CPP_, but you suggested that Special Master Quinn's Fee Motion-related compensation is distinguishable because he is performing a duty that the Court would otherwise perform. I responded by noting that it was IPP Counsel who requested the appointment of Special Master Quinn in this case, not the Court. You inquired about cases other than _CPP_, and I explained that other cases support the proposition that class funds can only be used for services that directly benefit the class, i.e., an indirect benefit is not enough.[1]

---

        [1]    _See, e.g._, _Class Plaintiffs v. Jaffe & Schlessinger, P.A._, 19 F.3d 1306 (9th Cir. 1994).

Alioto Page 2

We also discussed the "Litigation Fund" referenced in the Appointment Order for Special Master Quinn. You clarified that the "Litigation Fund" is made up of funds contributed by various IPP Counsel, i.e., it does not include class funds.

You explained that IPP Counsel have not yet received any bills from Special Master Quinn and, in any event, you expected his fees in connection with IPP Counsel's Fee Motion to be a relatively small amount of money. Accordingly, you stated that IPP Counsel may be willing to accept full responsibility for compensating Special Master Quinn in connection with their Fee Motion. You agreed to discuss the issue with your colleagues and let me know no later than close of business on Tuesday, October 27, 2015, whether IPP Counsel are willing to absorb that expense.

**Standard of Review**

We next discussed the standard of review for the Special Master's factual findings with respect to IPP Counsel's Fee Motion. I explained that clear-error review—as currently set forth in Special Master Quinn's Appointment Order—requires the consent of the class, and IPP Counsel could not provide the requisite consent with respect to the Fee Motion because IPP Counsel have a direct conflict of interest with the class vis-à-vis the Fee Motion. I explained that the law of agency as set forth in the Restatement (Second) of Agency supports that conclusion. You disagreed, and you noted a practical concern with a loss of efficiency if Special Master Quinn's findings are subject to de novo review. You agreed to discuss this issue with your colleagues and let me know IPP Counsel's position no later than close of business on Tuesday, October 27, 2015.

**Form of Resolution**

We discussed the manner in which the compensation and standard of review issues should be raised with the Court. I explained that, if we are able to reach a resolution, a stipulated order or joint motion to amend Special Master Quinn's Appointment Order would be appropriate.

**Nature of Mr. St. John's Objection**

You inquired whether my client objects to the settlements in toto, or if his objection is limited to the issue of IPP Counsel's Fee Motion. I directed you to Mr. St. John's conditional objection to the settlements "[t]o the extent any party contends Mr. St. John's declaration and the exhibits attached thereto are not sufficient to establish his class membership and standing . . . ." I explained that objectors should not be subject to a higher burden of proving standing as compared to other absent class members, and IPP Counsel's subpoena for documents and a deposition on, among other things, his standing were sufficient to trigger Mr. St. John's conditional objection. You explained that questions such as "Where is your receipt?" are "not going to happen." Rather, IPP Counsel issued the subpoenas "to weed out guys that are off the wall," and you have already seen "a couple of objections drop out" as a result.

*          *          *          *          *

Alioto Page 3

     I trust that this letter accurately reflects our conversation. If you disagree, please identify the specific error and promptly let me know.

                                            Very truly yours,

                                            Joseph Scott St. John