# EXHIBIT 12

ANDREA VALDEZ (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574
Pasadena, CA 91101
Tel: (626) 817-6547
andrea.valdez.esq@gmail.com

JOSEPH SCOTT ST. JOHN (appearance *pro hac vice*)
514 Mockingbird Drive
Long Beach, MS 39560
Tel: 410-212-3475
jscottstjohnpublic@gmail.com

*Attorneys for Objector Douglas W. St. John*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 SC<br><br>MDL No. 1917<br><br>**RESPONSES AND OBJECTIONS OF ABSENT CLASS MEMBER DOUGLAS W. ST. JOHN TO THE AMENDED SUBPOENA DUCES TECUM ISSUED BY ROBERT J. GRALEWSKI, JR.** |
| This Document Relates To:<br><br>All Indirect Purchaser Actions | |

1  Pursuant to the Federal Rules of Civil Procedure, absent class member Douglas W. St. John
2  ("Mr. St. John"), by the undersigned attorneys, hereby provides his responses and objections to the
3  Subpoena to Testify at a Deposition in a Civil Action ("the Subpoena") issued by IPP Counsel
4  Robert J. Gralewski, Jr., and dated October 13, 2015, as amended on or about October 21, 2015.

**GENERAL OBJECTIONS**

6  1.  Mr. St. John objects to the subpoena as untailored, over broad, unduly burdensome,
7  harassing, oppressive, abusive, and needlessly increasing the cost of the litigation—particularly
8  given his status as an absent class member—for at least the following reasons:

9  a.  IPP Counsel refused to provide any rationale for seeking discovery—let alone Mr.
10 St. John's deposition—beyond an unsupported claim that they are "entitled" to do so. *See* J.S. St.
11 John Letter to Grewalski (Oct. 13, 2015). But "the party seeking the depositions [of absent class
12 members] has the burden of showing necessity and absence of any motive to take undue advantage
13 of the class members." *Clark v. Universal Builders, Inc.,* 501 F. 2d 324, 341 (7th Cir. 1974); *see also, e.g.*,
14 *Corpac v. Rubin & Rothman, LLC,* No. 10-cv-4165, 2012 WL 2923514, at *2-3 (E.D.N.Y. July 18,
15 2012) (declining to permit deposition of objector absent "strong showing" of need); William B.
16 Rubenstein, *Newberg on Class Actions* § 13:33 (5th ed. 2014) ("[D]iscovery from objectors should not
17 be automatic lest it dissuade class members from exercising their right to object," and a court
18 should compel such discovery only "after some preliminary showing by class counsel of collusion
19 or malfeasance by the objector.").

20 b.  Mr. St. John made a prima facie showing of his standing to object. *See* Declaration
21 of Douglas W. St. John (D.E. 4107). And IPP Counsel conceded that the standing inquiry under
22 the settlements is minimal: consumers "don't have to disassemble their TVs," and they "don't even
23 still need to have their TVs." *See* J.S. St. John Letter to Grewalski (October 13, 2015).

24 c.  Mr. St. John provided a sworn declaration that he submitted his objection "in good
25 faith" and that he has "never before submitted an objection." Declaration of Douglas W. St. John
26 (D.E. 4107) at ¶ 26. The Subpoena nevertheless seeks documents regarding other objections filed
27 by Mr. St. John or his attorneys. **Mr. St. John is willing to meet-and-confer regarding an**
28

**appropriately tailored supplemental declaration to resolve any remaining questions IPP Counsel may have.**

    d.    Essentially identical document requests were stricken as overbroad or were significantly limited by Special Master Quinn in the *TFT-LCD* litigation. Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012). Both the attorney who issued the subpoena to Mr. St. John and that attorney's law firm appeared in the *TFT-LCD* litigation, and they presumably were served with and are aware of the Special Master's Amended Order in the that litigation.

    e.    Mr. St. John expressly reserves the right to seek sanctions and an order requiring payment of his costs, expenses, attorney fees, and professional time, particularly if IPP Counsel insists upon a deposition.

    2.    Mr. St. John objects to the subpoena as being served for an improper purpose for at least the following reasons:

    a.    IPP Counsel have served essentially identical, untailored subpoenas on at least **16** objectors.

    b.    The subpoenas directed to each of the objectors—and the topics of deposition sought by IPP counsel—are largely directed to the motivation of the objectors and their counsel for objecting, a subject that is not relevant to the parties' or IPP Counsels claims and defenses. Further, "[t]his raises a concern that the proposed discovery is being sought to gain a tactical advantage not only in this litigation, but in all . . . class actions involving counsel for the parties." *Corpac v. Rubin & Rothman, LLC*, No. 10-cv-4165, 2012 WL 2923514, at *3 (E.D.N.Y. July 18, 2012). That purpose is improper. *See id.* (quashing subpoena).

    c.    The most reasonable inference is that these subpoenas were issued for the purpose of annoying and harassing class members, including Mr. St. John, who have the temerity to file objections. *Cf. Mattel, Inc. v. Walking Mountain Productions, Inc.*, 353 F.3d 792, 813-14 (9th Cir. 2003) (district court did not abuse its discretion by quashing subpoena and awarding attorney fees after finding subpoena was "served for the purpose of annoying and harassment and not really for the

1   purpose of getting information"). Consistent with that inference, IPP Lead Counsel Mario Alioto
2   explained that the subpoenas directed to objectors are intended "to weed out guys that are off the
3   wall" and that "a couple of objections" have "dropped out" as a result of the subpoenas. *See* J.S. St.
4   John Letter to Alioto (Oct. 26, 2015).

5         d.    Mr. St. John expressly reserves the right to seek sanctions and an order requiring
6   payment of his costs, expenses, attorney fees, and professional time, particularly if IPP Counsel
7   insist upon a deposition.

8         3.    Mr. St. John objects to the Subpoena as a breach of IPP Counsel's obligations to
9   Mr. St. John as a class member.

10         4.    To the extent the subpoena was issued by IPP Counsel acting in their own interest,
11   Mr. St. John objects to the Subpoena as improper and abusive because it was not issued by a party
12   or an attorney acting on behalf of a party.

13         5.    Fact discovery in this matter closed on September 5, 2014. Stipulation and Order
14   Regarding Scheduling (D.E. 2459); *see also* Alioto Dec. (D.E. 4071-1) at ¶ 54. A Federal Rule of Civil
15   Procedure 45 subpoena constitutes discovery, and neither the Court nor the Special Master issued
16   an order authorizing additional discovery. Mr. St. John therefore objects to the Subpoena as
17   improper, abusive, and unenforceable. *See, e.g.*, Fed. R. Civ. P. 16(b)(4); N.D. Cal. Civ. L.R. 37-3.

18         6.    Mr. St. John objects to the Subpoena, and each request, definition, and instruction
19   therein to the extent that it is inconsistent with or attempts to impose burdens or obligations on
20   Mr. St. John beyond those imposed by the Federal Rules of Civil Procedure and applicable law.  Mr.
21   St. John will comply with the Federal Rules of Civil Procedure, but assumes no further obligations
22   in responding to the Subpoena.

23         7.    Mr. St. John objects to the Subpoena and each request, definition, and instruction
24   therein to the extent that it seeks information that is protected from disclosure by the attorney-
25   client privilege, work product doctrine, or any other applicable privilege or protection ("privileged
26   information").  The inadvertent disclosure of privileged information in response to the Subpoena
27   shall not be deemed a waiver of any privilege as to any privileged information inadvertently
28

1  disclosed or any other information or documents relating to the subject matter of any inadvertently
2  disclosed privileged information.

3      8.    Mr. St. John objects to the Subpoena as over broad, unduly burdensome, abusive,
4  oppressive, harassing, and violating the work product doctrine to the extent it seeks discovery from
5  his attorney in this matter without a showing that no other means exist to obtain the information,
6  the information sought is relevant and non-privileged, and the information is crucial to the
7  preparation of the case.

8      9.    Mr. St. John objects to the Subpoena and each request, definition, instruction
9  therein as unduly burdensome and oppressive to the extent that it seeks information that: (a) is
10 already in IPP Counsel's possession, custody, or control; (b) does not exist or is not in Mr. St.
11 John's possession, custody, or control; (c) is equally or more readily available from sources other
12 than Mr. St. John; or (d) IPP Counsel can obtain from other sources that are more convenient, less
13 burdensome, and/or less expensive than requiring absent class member Mr. St. John to provide the
14 information. For the avoidance of doubt, at least pleadings and ECF notifications fall within the
15 scope of this objection, and Mr. St. John will neither search for nor log such documents.

16     10.    Mr. St. John objects to the Subpoena and each request, definition, and instruction
17 therein to the extent that it seeks information that is not relevant to any claim or defense asserted
18 by a party in this action or otherwise beyond the scope of permissible discovery in this action.

19     11.    Mr. St. John objects to the Subpoena and each request, definition, and instruction
20 therein to the extent that it does not specify a time period or seeks to impose an unreasonable time
21 period.

22     12.    Mr. St. John's responses to these requests shall not be construed in any way as an
23 admission that any definition provided by IPP Counsel is either factually correct or legally binding
24 upon Mr. St. John.

25     13.    Mr. St. John objects to each request, definition, and instruction to the extent that
26 they contain numerous subparts, are compound, and/or pose multiple requests, and thereby render
27 the set of requests confusing or unduly burdensome.

28

14. Mr. St. John objects to the Subpoena and each request, definition, and instruction therein as over broad, unduly burdensome, harassing, and oppressive to the extent that it requests information relating to activities beyond the scope of this action.

15. Mr. St. John objects to the Subpoena and each request, definition, and instruction therein to the extent it use words and phrases that are vague, ambiguous, not defined in an understandable manner, requires subjective knowledge, or involves issues of law subject to resolution by the court. To the extent feasible, Mr. St. John will interpret the terms and phrases used in the Subpoena as those terms and phrases are understood by him.

16. Mr. St. John objects to the Subpoena and each request, definition, and instruction therein as overly broad, unduly burdensome, and oppressive to the extent it seeks information regarding data found on backup media, voicemails, PDAs, or mobile phones. Pursuant to Fed. R. Civ. P. 45(e)(1), data found on backup media, voicemails, PDAs, or mobile phones will not be searched in response to the Subpoena. Mr. St. John identifies these sources of ESI as not reasonably accessible because of undue burden and cost particularly given Mr. St. John's status as an absent class member.

17. Mr. St. John objects to the Subpoena and each request, definition, and instruction therein as overly broad, unduly burdensome, oppressive, and outside the scope of discovery to the extent it seeks information regarding metadata. Mr. St. John identifies metadata as not reasonably accessible because of undue burden and cost, particularly given Mr. St. John's status as an absent class member.

18. Mr. St. John objects to serving a privilege log contemporaneous with his document production. Mr. St. John reserves the right to serve a privilege log within a reasonable time thereafter.

19. Mr. St. John objects to the manner of recording the deposition and reserves the right to record the deposition by audio and/or audiovisual means.

20. Mr. St. John objects to the time and date of deposition as stated in the original Subpoena. Pursuant to Mr. St. John's agreement with IPP Counsel, Mr. St. John will appear at the Wingate Beach Hotel, 4302 W. Beach Blvd., Gulfport, Mississippi, on November 2, 2015, at 10

1  a.m., and IPP Counsel's examination of Mr. St. John shall be limited to two hours. *See* Grewalski
2  Email to J.S. St. John (October 14, 2015). Further, by agreement of IPP Counsel, IPP Counsel's
3  questioning "will be limited to [Mr. St. John's] standing, factual support for his objection, any prior
4  objections, and if so, the circumstances of such objections including any compensation received."
5  *Id.*

## OBJECTIONS TO DEFINITIONS

7  1.  Mr. St. John objects to the definition of "YOU," "YOUR," or "YOURS" to the
8  extent they purport to encompass anyone other than Mr. St. John. In particular, Mr. St. John
9  objects to this definition to the extent it purports to impose upon Mr. St. John an obligation to
10 produce documents in the possession, custody, or control of his attorneys other than documents
11 delivered to his attorneys by Mr. St. John. Accordingly, Mr. St. John will only produce documents in
12 his own possession, custody, or control and that are located after a reasonable search.

13 2.  Mr. St. John objects to the definition of "RELATING TO" and "IN RELATION
14 TO" as over broad and vague. Mr. St. John understands these terms as limited to a reasonable
15 relationship.

## OBJECTIONS TO INSTRUCTIONS

17 1.  Mr. St. John objects to Instruction No. 1 as over broad, unduly burdensome,
18 abusive, and inconsistent with the Federal Rules of Civil Procedure and other applicable law. Mr. St.
19 John will only produce documents that are in his own possession, custody, or control and located
20 after a reasonable search.

21 2.  Mr. St. John objects to Instruction No. 3 as overly broad, unduly burdensome,
22 abusive, and inconsistent with the Federal Rules of Civil Procedure and other applicable law,
23 particularly when read in conjunction with other instructions, definitions, and requests.

24      a.  Mr. St. John objects to any requirement that his privilege log do more than
25 "describe the nature of the withheld documents, communications, or tangible things in a manner
26 that, without revealing information itself privileged or protected, will enable the parties to assess the
27 claim." Fed. R. Civ. P. 45(e)(2).

28

1       b.     Mr. St. John will not provide a log of withheld documents that are work product and which have never left the possession, custody, or control of his attorneys, nor will he provide a log of withheld communications that are solely between his attorneys in this matter. Mr. St. John identifies those categories of documents as properly withheld under (a) the attorney work product doctrine as reflecting attorney mental impressions and litigation strategy, and/or the (b) attorney-client communications privilege based on references to attorney-client communications.

      c.     Mr. St. John will otherwise provide a privilege log for withheld responsive documents that are in his own possession, custody, or control and located after reasonable search.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

**Request No. 1**

All DOCUMENTS supporting YOUR OBJECTION filed in the CRT ANTITURST LITIGATION, including those supporting YOUR assertion that YOU are a member of the Settlement Class in the CRT ANTITRUST LITIGATION.

**Response and Specific Objections to Request No. 1**

Mr. St. John objects to the request for "all" documents as over broad and unduly burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects to the word "supporting" as vague, ambiguous, inherently subjective, and requiring legal analysis. Mr. St. John objects to this request to the extent it seeks privileged information. Subject to and without waiving his general and specific objections, Mr. St. John will produce non-privileged documents responsive to this request that are located after a reasonable search. Mr. St. John incorporates by reference the pleadings and other materials on file in this litigation, together with the correspondence between his counsel and IPP Counsel. Mr. St. John reserves the right to rely on additional documents to address arguments raised by IPP Counsel in response to his objection.

**Request No. 2**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any PERSON (including but not limited to Christopher Bandas, Timothy R. Hanigan, Jan I. Westfall, Francis O. Scarpulla, Josef D. Cooper, Robert J. Bonsignore, Paul B. Justi, Theresa D. Moore, Steve Miller, Jonathan E. Fortman, John C. Kress, Joseph Darrell Palmer, any member of the Competitive Enterprise Institute Center for Class Action Fairness, or any other attorney) RELATING to the CRT ANTITRUST LITIGATION.

**Response and Specific Objections to Request No. 2**

Mr. St. John objects to the request for "all" documents as over broad and unduly burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects to the word "member" as vague and ambiguous. Mr. St. John objects to this request to the extent it requires him to ascertain the "member[s]" of an entity with which he has no relationship. Mr. St. John objects to this request to the extent it seeks privileged information. Mr. St. John objects to this request as seeking information that is not relevant and is beyond the scope of permissible discovery. Mr. St. John notes that Special Master Quinn struck as overbroad a substantially identical request in the *TFT-LCD* litigation. *See* Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

Subject to and without waiving his general and specific objections, Mr. St. John will produce non-privileged documents responsive to this request that are located after a reasonable search.

**Request No. 3**

All DOCUMENTS RELATING TO the REPRESENTATION of YOU by any PERSON (including but not limited to any retainer agreement and/or other related documents) IN RELATION TO the CRT ANTITRUST LITIGATION.

**Response and Specific Objections to Request No. 3**

Mr. St. John objects to the request for "all" documents as over broad and unduly burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects to this request as seeking information that is not relevant and is outside the scope of permissible discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Mr. St. John notes that Special Master Quinn limited a substantially identical request in the *TFT-LCD* litigation to "documents concerning the existence of an attorney-client relationship and fee arrangements." Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

Consistent with Special Master Quinn's order in the *TFT-LCD* litigation and subject to and without waiving his general and specific objections, Mr. St. John will produce non-privileged

1 documents "concerning the existence of an attorney-client relationship and fee arrangements" in
2 relation to the CRT Antitrust Litigation that are located after a reasonable search.

3 **Request No. 4**

4 All DOCUMENTS RELATING to any agreements between YOU and any other PERSON (including but not limited to Christopher Bandas, Timothy R. Hanigan, Jan L. Westfall,
5 Francis O. Scarpulla, Josef D. Cooper, Robert J. Bonsignore, Paul B. Justi, Theresa D. Moore, Steve Miller, Jonathan E. Fortman, John C. Kress, Joseph Darrell Palmer, any member of the
6 Competitive Enterprise Institute Center for Class Action Fairness, or any other attorney) IN RELATION TO the CRT ANTITRUST LITIGATION.
7

8 **Response and Specific Objections to Request No. 4**

9 Mr. St. John objects to the request for "all" documents as over broad and unduly
10 burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects
11 to this request as seeking information that is not relevant and is outside the scope of permissible
12 discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Subject
13 to and without waiving his general and specific objections, Mr. St. John will produce non-privileged
14 documents responsive to this request that are located after a reasonable search.

15 **Request No. 5**

16 All DOCUMENTS RELATING TO any OBJECTION filed in any court or proceeding in the last (5) years by YOU and/or YOUR attorney currently REPRESENTING YOU in the CRT
17 ANTITRUST LITIGATION.

18 **Response and Specific Objections to Request No. 5**

19 Mr. St. John objects to the request for "all" documents as over broad and unduly
20 burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects
21 to this request as seeking information that is not relevant and is outside the scope of permissible
22 discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Mr. St.
23 John objects to this request as facially seeking documents that are not in his possession, custody, or
24 control. Mr. St. John objects to this request as untailored, over broad, unduly burdensome,
25 harassing, oppressive, and abusive in view of his sworn declaration that he has "never before
26 submitted an objection." Declaration of Douglas W. St. John (D.E. 4107) at ¶ 26.
27 Mr. St. John notes that Special Master Quinn limited a substantially identical request to
28 "documents pertaining to objections filed in other cases <u>by the Objector</u>, not documents pertaining

1  to objections filed in other cases by counsel for the Objector" in the *TFT-LCD* litigation. *See*

2  Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL

3  07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

4        Subject to and without waiving his general and specific objections and consistent with

5  Special Master Quinn's order in the *TFT-LCD* litigation, Mr. St. John states that no documents

6  related to any objection filed by him in any other case were located after a reasonable search.

7  **Request No. 6**

8        All DOCUMENTS RELATING TO any settlement made IN RELATION TO any
OBJECTION (or subsequent appeal) filed in the last five (5) years by YOU and/or YOUR attorney

9  currently REPRESENTING YOU in the CRT ANTITRUST LITIGATION.

10 **Response and Specific Objections to Request No. 6**

11       Mr. St. John objects to the request for "all" documents as over broad and unduly

12 burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects

13 to this request as seeking information that is not relevant and is outside the scope of permissible

14 discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Mr. St.

15 John objects to this request as facially seeking documents that are not in his possession, custody, or

16 control. Mr. St. John objects to this request as untailored, over broad, unduly burdensome,

17 harassing, oppressive, and abusive in view of his sworn declaration that he has "never before

18 submitted an objection." Declaration of Douglas W. St. John (D.E. 4107) at ¶ 26.

19       Mr. St. John notes that Special Master Quinn limited a substantially identical request to

20 "documents pertaining to objections filed in other cases <u>by the Objector</u>, not documents pertaining

21 to objections filed in other cases by counsel for the Objector" in the *TFT-LCD* litigation. *See*

22 Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL

23 07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

24       Subject to and without waiving his general and specific objections and consistent with

25 Special Master Quinn's order in the *TFT-LCD* litigation, Mr. St. John states that no documents

26 relating to any settlement made in relation to any objection (or subsequent appeal) by him in any

27 other case were located after a reasonable search.

28

**Request No. 7**

All DOCUMENTS RELATING TO the amount of any monetary compensation discussed, promised, or received by YOU from YOUR attorney currently REPRESENTING YOU in the CRT ANTITRUST LITIGATION in connection with any OBJECTION filed by YOU in any class action in the last ten (10) years.

**Response and Specific Objections to Request No. 7**

Mr. St. John objects to the request for "all" documents as over broad and unduly burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects to this request as seeking information that is not relevant and is outside the scope of permissible discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Mr. St. John objects to this request as facially seeking documents that are not in his possession, custody, or control. Mr. St. John objects to this request as untailored, over broad, unduly burdensome, harassing, oppressive, and abusive in view of his sworn declaration that he has "never before submitted an objection." Declaration of Douglas W. St. John (D.E. 4107) at ¶ 26.

Mr. St. John notes that Special Master Quinn limited a substantially identical request to "documents pertaining to objections filed in other cases <u>by the Objector</u>, not documents pertaining to objections filed in other cases by counsel for the Objector" in the *TFT-LCD* litigation. *See* Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

Subject to and without waiving his general and specific objections and consistent with Special Master Quinn's order in the *TFT-LCD* litigation, Mr. St. John states that no documents relating to any settlement made in relation to any objection (or subsequent appeal) by him in any other case were located after a reasonable search.

**Request No. 8**

All DOCUMENTS RELATING TO changes made to any settlements as a result of any OBJECTION made within the last five (5) years by YOU and/or YOUR attorney currently REPRESENTING YOU in the CRT ANTITRUST LITIGATION.

**Response and Specific Objections to Request No. 8**

Mr. St. John objects to the request for "all" documents as over broad and unduly burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects

1  to this request as seeking information that is not relevant and is outside the scope of permissible
2  discovery. Mr. St. John objects to this request to the extent it seeks privileged documents or
3  information. Mr. St. John objects to this request as facially seeking documents that are not in his
4  possession, custody, or control. Mr. St. John objects to this request as untailored, over broad,
5  unduly burdensome, harassing, oppressive, and abusive in view of his sworn declaration that he has
6  "never before submitted an objection." Declaration of Douglas W. St. John (D.E. 4107) at ¶ 26.

7  Mr. St. John notes that Special Master Quinn limited a substantially identical request to
8  "documents pertaining to objections filed in other cases <u>by the Objector</u>, not documents pertaining
9  to objections filed in other cases by counsel for the Objector" in the *TFT-LCD* litigation. *See*
10 Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL
11 07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

12 Subject to and without waiving his general and specific objections and consistent with
13 Special Master Quinn's order in the *TFT-LCD* litigation, Mr. St. John states that no documents
14 relating to changes made to any settlements as a result of any objection made within the last five (5)
15 years by him were located after a reasonable search.

17 Dated: October 29, 2015

By:   /s/ Joseph Scott St. John
_____

ANDREA VALDEZ (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574
Pasadena, CA 91101
Tel: (626) 817-6547
andrea.valdez.esq@gmail.com

JOSEPH SCOTT ST. JOHN (*pro hac vice*)
514 Mockingbird Drive
Long Beach, MS 39560
Tel: 410-212-3475
jscottstjohnpublic@gmail.com

*Attorneys for Objector Douglas W. St. John*