UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No.  C-07-05944 JST |
| _____ | **ORDER GRANTING MOTION TO DISSEMINATE NOTICE OF DIRECT PURCHASER CLASS CERTIFICATION** |
| This Order Relates To: | |
| <u>Crago, d/b/a Dash Computers, Inc., et al. v. Mitsubishi Electric Corp., et al.</u>, Case No. 14-CV-2058 JST | |

Now before the Court is the Direct Purchaser Plaintiffs' ("DPPs") Motion to Disseminate Notice of Direct Purchaser Class Certification.  ECF No. 3944 ("Mot.").  The motion is fully briefed[1] and suitable for disposition without oral argument pursuant to Local Rule 7-1(b).[2]  For the reasons set forth below, the DPPs' motion is GRANTED.

Fed. R. Civ. P. 23(c)(2)(B) provides that the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Further, the notice must state the following in plain, concise, and easily understood language:

> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who

---

[1] ECF Nos. 3980 ("Response"), 4014 ("Reply").

[2] The hearing for this motion was vacated on September 9, 2015.  ECF No. 4045.

United States District Court
Northern District of California

1      requests exclusion;
       (vi) the time and manner for requesting exclusion; and

2      (vii) the binding effect of a class judgment on members under Rule
       23(c)(3).

3

4   Fed. R. Civ. P. 23(c)(2)(B).  A district court has wide discretion in fashioning a notice best

5   calculated to reach the plaintiff class.  See Reed v Health and Human Services, 774 F.2d 1270,

6   1277 (4th Cir. 1985); Rivera v. Patino, 524 F. Supp. 136, 150 (N.D. Cal. 1981).

7          On July 8, 2015, the Court certified this case as a class action against Mitsubishi, the only

8   remaining defendant.  See ECF No. 3902 ("Class Cert. Order").  The Court certified a class of

9   DPPs pursuant to Rule 23(b)(3) defined as

10             All persons and entities who, between March 1, 1995 and November
               25, 2007, directly purchased a CRT Product in the United States
11             from any Defendant or any subsidiary or affiliate thereof, or any co-
               conspirator or any subsidiary or affiliate thereof.  Excluded from the
12             class are defendants, their parent companies, subsidiaries or
               affiliates, any co-conspirators, all governmental entities, and any
13             judges or justices assigned to hear any aspect of this action.

14  Class Cert. Order at 6.  In addition, the Court ordered the DPPs "to specifically identify 'affiliates'

15  in the class definition (and class notice) to enable the parties and class members to better

16  determine who is in the class."  Id. at 15-16.  The instant motion seeks an order approving the

17  dissemination of notice to the above defined class while providing class members an opportunity

18  to request exclusion.  Specifically, the DPPs propose providing notice to the class by (1) directly

19  mailing written notice to each class member whose name was provided by the Defendants,

20  (2) publishing notice in two national newspapers, and (3) posting notice on the internet.

21         The DPPs present two forms of notice: a Long Form Notice and a Summary Notice.  The

22  DPPs propose that the Long Form Notice be given by mail to each class member who may, by

23  reasonable efforts, be identified.  In addition, the DPPs propose sending the Long Form Notice by

24  email to any class member for which an email address has been obtained.  The notice would be

25  sent to the class two weeks after the entry of this Order.  Class members would then have forty-

26  five (45) days to request exclusion if desired.  Separately, the DPPs propose publishing the

27  Summary Notice in the national editions of the Wall Street Journal and the New York Times after

28  the Long Form Notice has been sent to class members.  Both notices, along with the settlement

United States District Court
Northern District of California

2

agreement, will also be posted on a website.

The DPPs argue that the Court should grant their motion because the proposed notice clearly and concisely explains the nature of the action, provides a clear description of who is a member of the class and the binding effects of class membership, explains how to exclude oneself from the class, explains how to obtain copies of papers filed in the case, explains how to contact class counsel, informs class members that they may hire their own attorney, and explains how to obtain more information about the case.

Mitsubishi does not object to the proposed manner of notice or to the majority of its content.  Mitsubishi argues in its response, however, that (1) notice should be deferred until mediation is complete, and (2) the affiliates and subsidiaries section of the notice should be modified to exclude entities that have not been proven to be owned or controlled by any of the alleged co-conspirators.[3]  As mediation is now complete, Mitsubishi's first concern is moot.  See ECF No. 4161.  As to Mitsubishi's objection to the affiliates and subsidiaries section of the notice, the Court finds Mitsubishi's argument unconvincing.

In its Order on Class Certification, the Court directed the DPPs to include in their proposed notice a list of alleged co-conspirator affiliates and subsidiaries.  See Class Cert. Order at 15-16. Mitsubishi argues that before a particular entity can be included on that list, the DPPs must provide evidence establishing that the entity is an affiliate or subsidiary.  The Court disagrees. The merits of the DPPs' allegations are irrelevant on a motion to disseminate notice.  Indeed, the point of a notice to class members is, in part, to inform them about the nature of the allegations being asserted on their behalf, including, in this case, the identity of alleged co-conspirator affiliates and subsidiaries.  In their Second Amended Complaint, the DPPs allege that NEC-Mitsubishi Electric Visual Systems Corporation, NEC-Mitsubishi Electronics Display of America, Inc., and NM Visual Systems de Mexico S.A. de C.V., among others, are affiliates or subsidiaries of the co-conspirator defendants.  See ECF No. 4007 ¶ 92 n.1.  Accordingly, they were included in

---

[3] Specifically, Mitsubishi asks the Court to strike NEC-Mitsubishi Electric Visual Systems Corporation, NEC-Mitsubishi Electronics Display of America, Inc., and NM Visual Systems de Mexico S.A. de C.V. from the affiliates and subsidiaries section of the proposed notice.

the DPPs' proposed notice to class members pursuant to the Court's Order on Class Certification. Mitsubishi's objection is therefore without merit.

The Court also approves all other aspects of the proposed Long Form Notice and Summary Notice.  Further, the Court finds that taken together, mailing of the Long-Form Notice (U.S. Mail or electronic mail), publication of the Summary Notice, and internet posting of the Long-Form Notice are: (1) the best notice practicable; (2) reasonably calculated, under the circumstances, to apprise class members of the certification of this matter and of their right to exclude themselves; (3) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meet all applicable requirements of due process and any other applicable requirements under federal law.

Plaintiffs' claims administrator shall provide notice of the class certification to class members.  The claims administrator shall provide direct notice of class certification to all members of the class on or before a date set fourteen (14) days from the entry of this Order.  Such notice shall be sent either by first class U.S. mail postage prepaid or by electronic mail.  The claims administrator shall publish the Summary Notice in the national editions of the Wall Street Journal and New York Times on or before a date set eighteen (18) days from the entry of this Order.  The claims administrator shall also cause a copy of the class notices and the Court's Order on Class Certification to be posted on the website www.CRTDirectPurchaserAntitrustSettlement.com.  In addition, on or before a date set fourteen (14) days from the entry of this Order, the claims administrator shall cause the "Frequently Asked Questions" and "Dates to Remember" pages of the website to be updated with all deadlines contained in this Order.

Each class member shall have the right to be excluded from the class by mailing a request for exclusion to the claims administrator no later than a date set, at least forty-five (45) days after mailing of the direct notice.  Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion.  No later than fourteen (14) days after the date set for exclusions, lead counsel

United States District Court
Northern District of California

4

shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class.  Defendants retain all of their legal rights to assert any defense, including lack of federal antitrust standing, against any class member who has opted out of the class.

Any class member who does not properly and timely request exclusion from the Class as provided above shall be bound by the District Court's rulings in the lawsuit, including any final judgment.

For the forgoing reasons, the DPPs' Motion to Disseminate Notice of Direct Purchaser Class Certification is GRANTED.

**IT IS SO ORDERED.**

Dated:  November 9, 2015

_____
JON S. TIGAR
United States District Judge