1

**Robert J. Bonsignore, Esq.**
**BONSIGNORE TRIAL LAWYERS, PLLC**
**3771 Meadowcrest Drive**
**Las Vegas, NV 89121**
**Phone: 781-856-7650**
**Email: rbonsignore@classactions.us**

*Counsel for Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to: | **OPPOSITION OF MULTIPLE CLASS MEMBERS OBJECTORS TO IPP LEAD COUNSEL'S PURPORTED STIPULATION TO MODIFY SCHEDULING ORDER NO. 1 (DKT 4172) AND JOINDER WITH 4174 AND 4175** |
| All Indirect Purchaser Actions | Judge:        Honorable Jon S. Tigar Special      Master Martin Quinn, JAMS |

1      Now come class members and indirect purchasers of Cathode Ray Tube, Anthony

2  Gianasca, Gloria Comeaux, Jeffrey Speaect, Rosemary Ciccone and Jeff Craig (Excluded

3  Plaintiffs[1]), through their counsel Bonsignore Trial Lawyers, PLLC, and object to Lead Counsel's

4  Proposed "Stipulation and [Proposed] Order Amending Special Master's Scheduling Order No. 1"

5  (Dkt. 4172).[2] In the first place the proposed schedule ignores the burden placed upon Objectors

6  counsel. "Two" additional days of briefing do little to eliminate the base concerns of objectors

7  counsels and certainly fails to shield the conspicuousness of Lead Counsels intentional scheduling

8  of critical responsive around the most important family holidays of the year for many.

9      Moreover, any schedule that includes both consideration of Final Approval of the Class

10  Action Settlement and the aggregate award of attorney fees and the division of those fees among

11  counsel is grossly premature and will result in a wasted resources for this Court, the parties and the

12  putative class. Instead, Excluded Plaintiffs request this Court limit its review to the request to

13  award Final Approval to the Proposed Settlement.

14      The Excluded Plaintiffs have reasonably established that Lead Counsel Alioto's Proposed

15  Settlement must be rejected because it is unfair and arbitrary. The Proposed Settlement has several

16  fatal flaws. Most significantly it seeks to bind Excluded Plaintiffs and other similarly situated

17  consumers in multiple states ("Other Consumers") to a settlement that arbitrarily cut them out of

18

19  [1] The state classes were recommended for certification as litigation classes on June 20, 2013 (Dkt.
1742), consisting of indirect-purchasers in 21 states, plus the District of Columbia ("repealer
20  states"), who were residents of those states and who purchased in the state of which the class
member was a resident. Lead Counsel arbitrarily did not include consumers in Missouri,
21  Massachusetts or New Hampshire, all three of which permit damage actions by indirect purchasers
within the Damages Classes.

22  [2] The undersigned counsel is counsel of record for the Putative Class. Four of the five Excluded
23  Plaintiffs are current and past class representatives named in the IPP Complaint or Settlement
Agreement. A stipulation requires the assent of all parties. Since the Excluded Plaintiffs or their
24  counsel acting on their behalf were not reasonably consulted in advance, and most certainly did not
assent to Dkt. 4172. Lead Counsel willfully and improperly filed a pleading styled as a Stipulation.
25  It should be not be considered and Lead Counsel should be admonished for this and the other
outragious actions he has taken. To save the Court, the parties, and the Putative Class time and
26  resources, Lead Counsel should be ordered to meditation with the Objectors. Many of Objectors
counsel are well known and experienced Plaintiffs' counsels who have never objected to a Class
27  Action settlement before and have been forced to advise their clients to do so here because the
faults in Alioto's proposed settlement are outrageous and Lead Counsel has stubbornly dug in
28  instead of cooperatively working to fix them.

OPPOSITION OF MULTIPLE CLASS MEMBERS OBJECTORS TO IPP LEAD COUNSEL'S PURPORTED
STIPULATION TO MODIFY SCHEDULING ORDER NO. 1 (DKT 4172) AND JOINDER WITH 4174 AND 4175

the Economic Damages class. The Excluded Plaintiffs and Other Consumers purchased Cathode Ray Tubes in states that allow indirect purchasers to recovery of economic damages for price fixing. There is no difference in fact or law that distinguishes the Excluded Plaintiffs and Other Consumers from the indirect purchasers that were included in the Economic Damages class, and Lead Counsel has offered nothing by way of fact or law that justifies or explains excluding them. As previously documented, Lead Counsel has flatly rejected the request of the Excluded Plaintiffs to amend the Settlement Agreement and correct the fatal flaws and has instead gone on a scorch earth discovery binge that of limited scope. Specifically, "to weed out guys that are off the wall" (*See*, Dkt. #4174-12). Most importantly however, the wasteful discovery willfully ignores the fatal defects in the Settlement.

In addition to arbitrarily cutting out them out of the economic recovery, Lead Counsel's proposed settlement exacts from the Excluded Plaintiffs and Other Consumers a full and final release of all their related rights in exchange for nothing of value. A promise not to price fix a product no longer used or made is of no benefit at all to the Excluded Plaintiffs Since CRT tubes are an obsolete technology, the purported benefit Lead Counsel Alioto touts as supporting their release of rights is worthless.

While a contest on the issue of staying the review of a request for attorneys' fees until after final approval appears to be novel, the right of this court to manage its docket cannot be disputed. Excluded Plaintiffs argue that the issue of the award of attorney fees should not be considered by at the upcoming hearing regarding final approval of the CRT Litigation MDL settlement agreement because it is bringing the cart before the horse, and has a reasonable likelihood of being a wasteful exercise. General well accepted legal principles support the argument that in this specific case, where final approval may not be granted and where there is a disagreement as to the allocation of any award, deferral of the issue of the gross award of attorney fees and the issue of the division of that gross award of attorney fees is proper, and desirable.

## DISCUSSION

OPPOSITION OF MULTIPLE CLASS MEMBERS OBJECTORS TO IPP LEAD COUNSEL'S PURPORTED STIPULATION TO MODIFY SCHEDULING ORDER NO. 1 (DKT 4172) AND JOINDER WITH 4174 AND 4175

Case No. 3:07-cv-5944, MDL No. 1917

The issue of the gross award of attorney fees and the division of those fees are not ripe. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all."*Texas v. United States*, 523 U.S. 296, 300 (1998). Under ERISA, a court may not award attorneys' fees until the party shows "some degree of success on the merits."  (purely *Cf.* case) *McCollum v. Life Ins. Co. of N. Am.*, No. 10-11471, 2013 WL 308978, at 1 (Jan. 25, 2013). Here, the settlement agreement has serious defects that render its final approval questionable.  The attorney fees award will necessarily depend upon its success and, thus, the issue is not ripe.

Also supporting the Excluded Plaintiffs' proposal is this Court's desire to conserve resources and IPP Lead Counsels duty to preserve the assets of the Putative Class. MDL centralization was intended to serve the very important purpose of "conserv[ing] the resources of the parties, their counsel and the judiciary" in class action suits. *In re Vytorin/Zetia Marketing, Sales Practices and Prods. Liab. Litig.*, 543 F. Supp. 2d 1378, 1380 (U.S.J.P.M.L. 2008) "Judicial policy favors settlement in class actions and other complex litigation where substantial resources can be conserved by avoiding the time, cost and rigors of formal litigation." *Couser v. Comenity Bank*, Case No. 12cv2484-MMA-BGS, 2015 WL 5117082, at *4 (S.D. Cal. May 27, 2015) Here, it would be a waste of the court's and the plaintiffs' resources to litigate the issue of attorneys' fees prior to final approval and defeat the efficiency goal of class litigation.  Even if approval is granted, a separate hearing on the issue with a full evidentiary process would best conserve resources.

Under the unique and specific circumstances of this litigation and the Proposed Settlement it is proper for the Court to defer ruling on Attorneys' Fees. In prior cases at the fairness hearing stage, courts have granted final approval of settlement agreement and incentive payments to class

OPPOSITION OF MULTIPLE CLASS MEMBERS OBJECTORS TO IPP LEAD COUNSEL'S PURPORTED STIPULATION TO MODIFY SCHEDULING ORDER NO. 1 (DKT 4172) AND JOINDER WITH 4174 AND 4175

Case No. 3:07-cv-5944, MDL No. 1917

representatives and deferred ruling on attorneys' fees pending more detailed information on the

work performed.  "The Ninth Circuit has held that in a class action, 'the district court must

exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are

fair and proper." *Nwabueze v. AT & T Inc.*, No. C 09-01529 SI, 2013 WL 6199596, at *10-11

(N.D. Cal. Nov. 27, 2013). Here, even if the court grants final approval to the settlement

agreement, it should defer ruling upon the attorneys' fee request by lead counsel. See also,

*Desantis v. Snap-On Tools Co., LLC*, Civil Action No. 06-cv-2231 (DMC), 2006 WL 3068584, at

*10 (D.N.J. Oct. 27, 2006) (At fairness hearing, court granted final approval of settlement

agreement and requested attorneys' fees, but ordered that funds should be put into escrow pending

an evidentiary hearing and oral argument).

In the alternative, even if the court rules that a lump sum should be awarded as attorneys'

fees in this case, there are considerable questions regarding the work performed which mandate a

full evidentiary hearing and oral argument before that sum can be allocated.

Excluded Plaintiffs join in the filings of Cooper (4175) and Valdez (4174).

Dated:  November 10, 2015                Robert J. Bonsignore

/s/ Robert J. Bonsignore
Robert J. Bonsignore (MA No. 547880)
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Telephone:  (781) 856-7650
rbonsignore@class-actions.us

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Robert J. Bonsignore, hereby certify that on this 10th day of November, 2015, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter. A copy will be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

*/s/ Robert J. Bonsignore*
Robert J. Bonsignore

OPPOSITION OF MULTIPLE CLASS MEMBERS OBJECTORS TO IPP LEAD COUNSEL'S PURPORTED
STIPULATION TO MODIFY SCHEDULING ORDER NO. 1 (DKT 4172) AND JOINDER WITH 4174 AND 4175
Case No. 3:07-cv-5944, MDL No. 1917