Theresa D. Moore (99978)
Attorney At Law
c/o **ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com

*Counsel for Objectors Rockhurst University,
Harry Garavanian, and Gary Talewsky*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944-JST<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **NOTICE OF JOINDER AND JOINDER OF OBJECTORS ROCKHURST UNIVERSITY, HARRY GARAVANIAN, AND GARY TALEWSKY TO OBJECTOR DOUGLAS W. ST. JOHN'S OPPOSITION TO IPP COUNSEL'S STIPULATION TO MODIFY SCHEDULING ORDER NO. 1**<br><br>Judge: Honorable Jon S. Tigar<br>Courtroom 9—19th Floor |

Objectors Rockhurst University, Harry Garavanian, and Gary Talewsky (collectively "Objectors") join in Objector Douglas W. St. John's Opposition to IPP Counsel's Stipultion (*sic*) to Modify Scheduling Order No. 1 (D.E. 4172, and D.E. 4174).

Objectors respectfully submit that, as already articulated in Objector St. John's opposition, Indirect Purchaser Plaintiff ("IPP") Counsel's proposed modification should be rejected and the court should strike any evidence acquired and any opposition filed after the November 6, 2015 deadline because: (1) IPP Counsel have failed to show the requisite good cause for the last minute modification of the scheduling order pursuant to Rule 16(b); (2) the last minute and arbitrary

change in the proposed scheduling order unfairly prejudices Objectors and their Counsel; and (3) Class Counsel's proffered reasoning for modifying the scheduling order is disingenuous at best.

The objections to the proposed schedule modifications have not "been accommodated", and dates have not "been adjusted as requested by Objectors", as stated in Class Counsel's letter. (D.E. 4178) Objections to Class Counsel's attempted modifications were simply ignored by Class Counsel, who made no effort to meet and confer or respond to Objectors' Counsel, and who now *seeks to set the new deadline on the exact times that this Objector stated were not workable*. Objector did not request more time. Objector requested a denial of any modification, and seeks to make Class Counsel perform as ordered and previously planned by all parties.

The initial schedule was proposed at a hearing with the Special Master on October 6, 2015, wherein multiple representatives for Class Counsel, Objectors, and Defense Counsel were present in person or by phone. The new schedule was fully vetted and agreed upon by all parties at this in person meeting with full knowledge and understanding that the hearing on final approval of the class action settlement in this action would not occur until 2016, after the appointment of the Judge to replace the retiring Judge S. Conti, and with full knowledge that Objections would be filed. Class Counsel's rationale herein to continue the deadline to file their papers in light of the fact that the hearing on final approval will not occur until February 2016, and that objections were received after their postmark date, is disingenuous at best. These factors were taken into consideration during the initial planning meeting.

Class Counsel filed the stipulation despite objections against the proposed modifications. Objectors' Counsel objected to Class Counsel's Stipulation and Continuance of the Briefing Schedule not once, but twice, by email—as did multiple other affected Objectors who were not previously consulted. Objectors' Counsel clearly articulated: "I object to the Stipulation and Proposed Order requesting new dates and prefer to keep the dates as they are to avoid holiday and family conflicts. The new proposed dates, as well as the proposed dates with an additional week, are not workable, as I will be out of the country and unavailable on the proposed dates when work would be required." (D.E. 4172-3).

2   Case No.: 3:07-cv-5944-JST, MDL No. 1917

JOINDER OF ROCKHURST UNIVERSITY, HARRY GARAVANIAN, AND GARY TALEWSKY IN ST. JOHN'S OPPOSITION TO MODIFY SCHEDULING ORDER NO. 1

This failure of Class Counsel to cooperate with the Objectors is unfair and prejudicial. Following Objectors' timely objections to the class action settlement, Class Counsel refused to acknowledge or accept this Objectors' offer for further declarations and stipulation of facts in lieu of burdensome depositions. This forced Objectors' Counsel to work diligently and within a short time frame to accommodate Class Counsel's schedule for the depositions of the Objectors- including flying across the country on two separate occasions within one week. No similar courtesy has been reciprocated to Objectors; on the contrary, their actions seem calculated to prejudice Objectors.

Objectors have been prejudiced by Class Counsel's actions. Because Class Counsel failed to timely file their opposition by the November 6 deadline, Objectors have already lost the seriously considered schedule that the parties and objectors had agreed upon and are now subject to the prejudicial and unfair disparate briefing schedule.

Objectors serve as a valuable check and balance system in assessing the fairness of the class action settlement. Objectors are raising substantial and serious objections to the proposed settlement and the significant prejudice to Objectors by the very counsel appointed to represent their interests warrants rejection of the proposed modifications, and an order directing Class Counsel to file their briefs forthwith, as close to as previously ordered as is possible, and/or striking of any evidence acquired and opposition filed after the November 6, 2015 deadline.

Dated: November 10, 2015

Respectfully submitted,

/s/ Theresa D. Moore
Theresa D. Moore (Cal. Bar. No. 99978)
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
tmoore@aliotolaw.com

*Counsel for Objectors Rockhurst University, Harry Garavanian, and Gary Talewsky*