UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | MDL No. 1917<br>Case No. C-07-5944 JST<br><br>**ORDER ESTABLISHING SCHEDULE** |

Now before the Court is the document denominated "Stipulation and [Proposed] Order Amending Special Master's Scheduling Order No. 1," ECF No. 4172, which the Court treats as an administrative motion to enlarge time. See ECF No. 4181. The Court has carefully considered that motion, as well as the various objections to it. ECF Nos. 4174, 4175, 4177, 4178, 4179, 4180, 4183, 4184.

Good cause appearing, the Court now amends the Special Master's Scheduling Order No. 1 as follows:

1. Briefs in opposition to the objections – November 20, 2015;

2. Reply briefs by objectors – December 9, 2015;

3. Deadline for the Special Master to file Report & Recommendation – January 15, 2016;

4. Deadline for objections to Report & Recommendation – February 5, 2016;

5. Deadline for oppositions to objections – February 19, 2016; and

6. Hearing on final approval of settlement, aggregate attorneys' fees/costs and incentive awards – March 15, 2016 at 2:00 p.m.

The Court has also considered the request that the questions of whether to approve the

class action settlements in the Indirect Purchaser Plaintiff cases and whether to approve the proposed attorneys' fee awards be heard at different times.  The Special Master has determined that the issues should be heard together, and the Court sees no reason at this juncture to disturb that determination.  Should the Court decide that it needs more information regarding attorneys' fees before ruling on that issue, ECF No. 4179 at 4-5, it will ask.

Finally, a brief note about advocacy in this recently reassigned case.  Certain objections argue the merits of the underlying motions.  See, e.g., id. at 2 ("The Excluded Plaintiffs have reasonably established that Lead Counsel Alioto's Proposed Settlement must be rejected because it is unfair and arbitrary."); ECF No. 4184 at 7 ("The factors to be balanced by the Court in deciding whether a settlement is fair, reasonable and adequate generally fall into the following categories . . .").  The Court discourages counsel from using briefing about one issue to argue the merits of another.  There is reading enough as it is.

IT IS SO ORDERED.

Dated: November 12, 2015

_____
JON S. TIGAR
United States District Judge