Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and Toshiba America*
*Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>CERTAIN DIRECT ACTION PLAINTIFFS' ACTIONS | **TOSHIBA'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:        January 7, 2016<br>Time:        2:00 p.m.<br>Courtroom: 9, 19th Floor<br><br>The Honorable Jon S. Tigar |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## NOTICE OF MOTION AND MOTION FOR LEAVE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2016, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, before the Honorable Jon S. Tigar, the Toshiba Defendants ("Toshiba") will and hereby do move the Court for an order granting Toshiba leave to file a Motion for Reconsideration of the Court's November 6, 2015 Order Adopting Report and Recommendation (the "November 6 Order"). Specifically, Toshiba seeks reconsideration of the Court's articulation of the standard of review applicable to its review of reports and recommendations of Special Master Vaughn Walker, specifically with respect to two statements made by the Court in its November 6 Order:

(1)     The statement that "the parties stipulated that '[r]eview of the Special Master's orders will be subject to the same procedures as review of orders of a Magistrate Judge, except as otherwise provided herein.'" ECF No. 4171, at 2 (quoting ECF No. 2272, at 4); and

(2)     The statement that "the proper standard of review for the Special Master's discovery orders is the one that applies to the equivalent orders of a United States Magistrate Judge." *Id.* (citations omitted).

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete files and records in this action, oral argument of counsel, authorities that may be presented at or before the hearing, and such other and further matters as this Court may consider.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   LEGAL STANDARD

The Court possesses ample authority to reconsider its interlocutory orders.  First and foremost, the Court may rely upon its inherent authority.  *See City of Los Angeles, Harbor Division v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001) ("a district court's authority to rescind an interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure").  Rule 60(b) of the Federal Rules of Civil Procedure also provides the Court with the authority to reconsider its interlocutory orders.  As relevant here, that rule authorizes the Court to provide relief to a party from an order for "any . . . reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Finally, Civil Local Rule 7-9 permits parties to seek reconsideration of a court's interlocutory order if they "specifically show reasonable diligence in bringing the motion" and that there has been a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Civ. L.R. 7-9(b)(3).  Courts commonly entertain motions for reconsideration to determine whether they applied the correct legal standards in challenged rulings.  *See, e.g.*, *Shelton v. Marshall*, No. C 10-01100 PJH, 2012 WL 2203022, at *3-4 (N.D. Cal. June 14, 2012) (ruling on motion for reconsideration challenging whether the court applied the correct legal standard); *Van Slyke v. Capital One Bank*, No. C 07-00671 WHA, 2007 WL 4259405, at *3-4 (N.D. Cal. Dec. 3, 2007) (same); *Mannick v. Kaiser Foundation Health Plan, Inc.*, No. C 03-5905 PJH, 2006 WL 2168877, at *15-17 (N.D. Cal. July 31, 2006) (same).  The Ninth Circuit has stated that reconsideration is appropriate if the district court "committed clear error or the initial decision was manifestly unjust."  *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *cf. Sandoval v. Barneburg*, No. C 12-3007 LHK (PR), 2013 WL 5961087, at *4 (N.D. Cal. Nov. 7, 2013) (citing *School Dist. No 1J*, F.3d at 1263; Civ. L.R. 7-9(b)(3)) (granting motion for leave to file motion for reconsideration "[b]ecause the court committed clear error in its initial decision denying defendants' motion to dismiss").

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II.     ARGUMENT

On August 20, 2015, Toshiba, pursuant to the Court's Order Appointing Special Master for Discovery (ECF No. 2272), filed an objection to the Special Master's August 6, 2015 Recommended Order re Direct Action Plaintiffs' Motion to Compel Toshiba to Authenticate Documents (ECF No. 3959) (the "R&R"). ECF No. 4005. On November 6, 2015, the Court adopted the R&R (ECF No. 4171), and now, approximately a week later, Toshiba brings the instant motion.

In the November 6 Order, the Court applied a "clear error" standard of review to the Special Master's findings of fact based upon its belief that a stipulation among the parties exists that modifies the *de novo* standard of review applicable to decisions of Special Masters as set forth in Rule 53(f) of the Federal Rules of Civil Procedure. *Id*. at 2. As described in the attached Proposed Motion for Reconsideration, no such stipulation exists to warrant the Court's application of the "clear error" standard. The Court's mistaken belief as to the existence of a stipulation justifies reconsideration under the Court's inherent authority, Rule 60(b), and Civil Local Rule 7-9(b)(3). *See Rodman v. Safeway Inc.,* No. 11-cv-03003-JST, 2015 WL 660214, at *1 (N.D. Cal. Feb. 12, 2015) (Tigar, J.) (ruling on motion for reconsideration of, among other issues, the Court's interpretation of an agreement between the parties); *Pinson v. Prelip*, No. 13-CV-5502 VC (PR), 2014 WL 2601982, at *2 (N.D. Cal. June 10, 2014) (granting in part motion for reconsideration because prior order was based on the court's misreading of the plaintiff's motion); *Cokely v. Pacific Gas & Elec. Co.*, No. C 84-0680 THE, 1984 WL 1102, at *2 (N.D. Cal. Sept. 14, 1984) (granting motion for reconsideration and vacating prior order which was based on the court's misreading of the plaintiff's complaint).

\* \* \*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

**III.    CONCLUSION**

2        For these reasons, the Court should grant this motion and permit Toshiba to submit its

3   proposed Motion for Reconsideration for the Court's review.

4

5                                                          Respectfully submitted,

6   Dated:  November 13, 2015                    **WHITE & CASE** LLP

7

8                                          By: _/s/ Lucius B. Lau_____
                                               Christopher M. Curran (*pro hac vice*)
9                                              ccurran@whitecase.com
                                               Lucius B. Lau (*pro hac vice*)
10                                             alau@whitecase.com
                                               Dana E. Foster (*pro hac vice*)
11                                             defoster@whitecase.com
                                               701 Thirteenth Street, N.W.
12                                             Washington, DC  20005
                                               tel.: (202) 626-3600
13                                             fax: (202) 639-9355

14

15                                             *Counsel to Defendants Toshiba Corporation,*
                                               *Toshiba America, Inc., Toshiba America*
16                                             *Information Systems, Inc., Toshiba America*
                                               *Consumer Products, L.L.C., and Toshiba*
17                                             *America Electronic Components, Inc.*

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## <u>CERTIFICATE OF SERVICE</u>

On November 13, 2015, I caused a copy of "TOSHIBA'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: ___*/s/ Lucius B. Lau*_____
        Lucius B. Lau

TOSHIBA'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
Case No. 07-5944 JST
MDL No. 1917