Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| | **TOSHIBA'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION** |
| This Document Relates to:<br>CERTAIN DIRECT ACTION PLAINTIFFS' ACTIONS | **ORAL ARGUMENT REQUESTED**<br><br>Date:          January 7, 2016<br>Time:          2:00 p.m.<br>Courtroom:  9, 19th Floor<br><br>The Honorable Jon S. Tigar |

## **NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2016 at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, District Judge in the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, the Toshiba Defendants ("Toshiba") will and hereby do move this Court to reconsider its Order Adopting Report and Recommendation of November 6, 2015 (ECF No. 4171) (the "November 6 Order"). Toshiba seeks reconsideration of the Court's articulation of the standard of review applicable to its review of reports and recommendations of Special Master Vaughn Walker, specifically with respect to two statements made by the Court in its November 6, 2015 Order:

(1) The statement that "the parties stipulated that '[r]eview of the Special Master's orders will be subject to the same procedures as review of orders of a Magistrate Judge, except as otherwise provided herein.'" ECF No. 4171, at 2 (quoting ECF No. 2272, at 4).

(2) The statement that "the proper standard of review for the Special Master's discovery orders is the one that applies to the equivalent orders of a United States Magistrate Judge." *Id.* (citations omitted).

Toshiba asks for a ruling stating that the factual findings of the Special Master are subject to a *de novo* standard of review.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the declaration of Samuel J. Sharp, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND STATEMENT OF THE ISSUE**

This Court has inherited an MDL case that has an eight-year history with more than 4,000 documents on the docket. Reconstructing some of the past procedures and orders of this case is a formidable challenge, to say the least. Here, the Court has misunderstood the circumstances surrounding the appointment of Special Master Walker and, in doing so, the Court applied an incorrect standard of review to Special Master Walker's reports and recommendations. Toshiba respectfully requests that the Court reconsider the November 6 Order by applying the correct standard of *de novo* review. Toshiba recognizes that the November 6 Order is not momentous in its significance, and Toshiba would not ordinarily be inclined to move for reconsideration of such an order. But Toshiba is concerned about the precedential effect of an order that is based upon a misunderstanding of the procedural history of the case and that, as a consequence, applies an overly deferential standard to the Special Master's reports and recommendations.

In short, the issue raised by this motion is whether the Court should reconsider the standard of review it applied to Special Master Walker's findings of fact and hold that those findings of fact are subject to *de novo* review.

**II.   ARGUMENT**

Toshiba respectfully requests that the Court reconsider the November 6 Order insofar as that Order applied a "clear error" standard of review to the findings of fact contained in Special Master Walker's August 6, 2015 Recommended Order re Direct Action Plaintiffs' Motion to Compel Toshiba to Authenticate Documents ("R&R") (ECF No. 3959).

In its November 6 Order, the Court reviewed objections filed by Toshiba with respect to the R&R, in which Special Master Walker granted a motion to compel and directed Toshiba to respond to certain requests for admission. Relying upon Rule 53 of the Federal Rules of Civil Procedure, the Court acknowledged that a district court usually reviews all objections to a special master's findings of fact *de novo* unless the parties stipulate (with the court's approval) that those findings be reviewed for clear error. November 6 Order, at 2.

The Court then stated, apparently based upon its own review of the voluminous record, that "the parties stipulated that '[r]eview of the Special Master's orders will be subject to the same procedures as review of orders of a Magistrate Judge, except as otherwise provided herein.'" *Id.* (quoting ECF No. 2272, at 4 (Order Appointing Special Master for Discovery) (alteration in original)). And the Court then stated: "Thus, the proper standard of review for the Special Master's discovery orders is the one that applies to the equivalent orders of a United States Magistrate Judge." *Id.* (citing 28 U.S.C. § 636(b)(2); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, No. C01-20418JW, 2005 WL 1459555, at *2 (N.D. Cal. June 21, 2005)).

In deciding to apply a "clear error" standard of review to the factual findings contained in the R&R, this Court misunderstood the procedural record and consequently misconstrued the standard of review applicable to Special Master Walker's orders.

The Court erred in concluding that the parties stipulated that Special Master Walker's orders would be subject to the same procedures as review of orders of a Magistrate Judge. November 6 Order, at 2. The potential appointment of Special Master Walker arose in November 2013, at which time Judge Conti noted that correspondence from the parties indicated the need for a discovery master. ECF No. 2095 (citing ECF Nos. 1954, 1967, 1968, 2013). Judge Conti then proposed the appointment of the Honorable Vaughn Walker (Ret.) as discovery master, stating that "[t]he parties shall file letters of support or opposition to this decision within seven (7) days of this Order's signature date" and noting that "[a]ny party objecting to this appointment shall propose an alternative discovery magistrate." ECF No. 2095, at 1. In response, the parties filed a joint letter, indicating their support of Judge Walker's appointment. ECF No. 2204. Judge Conti then issued an Order Appointing Special Master for Discovery. ECF No. 2272. Of note, the parties did *not* stipulate to the provisions contained in the Order Appointing Special Master for Discovery. Nor is there any such stipulation in the correspondence originally relied upon by Judge Conti (*i.e.*, ECF Nos. 1954, 1967, 1968, 2013) or the joint letter by which the parties agreed to the appointment of Judge Walker as Special Master (*i.e.*, ECF No. 2204).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

The Court's mistaken belief as to the existence of a stipulation resulted in the Court's mistaken conclusion that the proper standard of review for the Special Master's discovery orders is the standard of review applicable to equivalent orders of a United States Magistrate Judge. The Court properly recognized that it must decide *de novo* all objections to findings of fact of a master, unless the parties stipulate to a "clear error" standard of review. November 6 Order, at 2. Although the Court relied upon Rule 53(g)(3)(A) for this proposition, the correct rule appears to be Rule 53(f)(3)(A). Because the Court was mistaken in its conclusion that the parties stipulated that the Special Master's orders would be subject to the same procedures as review of orders of a Magistrate Judge, the Court was also mistaken in actually applying a "clear error" standard of review to the Special Master's factual findings. The case relied upon by the Court, *Plumbers & Pipefitter Local 572 Pension Fund v. Cisco Sys., Inc.*, No. C01-20418JW, 2005 WL 1459555, at *2 (N.D. Cal. June 21, 2005), demonstrates why. In that case, the Court applied a "clear error" standard of review to the factual findings made by a special master, but the parties before it had actually stipulated that "[a]ll orders issued by the Special Master shall have the same force and effect as if issued by a Magistrate Judge of this Court" and "[s]uch orders may be appealed to the District Court pursuant to Federal Rule of Civil Procedure 72(a)." Toshiba Ex. 1, at 2. No such stipulation exists in this case.

Judge Conti appointed Judge Walker as Special Master "pursuant to Federal Rule of Civil Procedure 53 . . . ." ECF No. 2272, at 2. Thus, the provisions of that rule must govern Judge Walker's appointment, including the provision stating that "[t]he court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that . . . the findings will be reviewed for clear error . . . ." Fed. R. Civ. P. 53(f)(3). Application of the appropriate standard of review is an important part of this Court's mandate. *See Resilient Floor Covering Pension Trust Fund Board of Trustees v. Michael's Floor Covering*, 801 F.3d 1079, 1088 (9th Cir. 2015) ("A district court abuses its discretion where it applies the wrong legal standard . . .").

This Court considered that Toshiba's objections "are all to the facts as Judge Walker found them." November 6 Order, at 3. This Court's denial of Toshiba's objections was

TOSHIBA'S NOTICE OF
MOTION AND MOTION FOR RECONSIDERATION
Case No. 07-5944 JST
MDL No. 1917
3

1 expressly based on the Court's application of the "clear error" standard of review. Given that
2 the Court applied this incorrect standard of review, the Court should reconsider its Order and
3 apply the correct standard of *de novo* review.

**III.   CONCLUSION**

For these reasons, the Court should grant this motion, reconsider its November 6 Order, and hold that the factual findings of Special Master Walker are subject to a *de novo* standard of review. Applying that standard, the Court should sustain Toshiba's objections.

Respectfully submitted,

Dated:  November 13, 2015          **WHITE & CASE** LLP

By*:   /s/ Lucius B. Lau*
          Christopher M. Curran (*pro hac vice*)
          ccurran@whitecase.com
          Lucius B. Lau (*pro hac vice*)
          alau@whitecase.com
          Dana E. Foster (*pro hac vice*)
          defoster@whitecase.com
          701 Thirteenth Street, N.W.
          Washington, DC  20005
          tel.: (202) 626-3600
          fax: (202) 639-9355

          *Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA'S NOTICE OF
MOTION AND MOTION FOR RECONSIDERATION
Case No. 07-5944 JST
MDL No. 1917
4

## CERTIFICATE OF SERVICE

On November 13, 2015, I caused a copy of "TOSHIBA'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: */s/ Lucius B. Lau*
Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA'S NOTICE OF
MOTION AND MOTION FOR RECONSIDERATION
Case No. 07-5944 JST
MDL No. 1917