1    FRANCIS O. SCARPULLA (CASB No. 41059)
2    PATRICK B. CLAYTON (CASB No. 240191)
     LAW OFFICES OF FRANCIS O. SCARPULLA
     456 Montgomery Street, 17th Floor
3    San Francisco, CA  94111
     Telephone:  (415) 788-7210
4    Facsimile:   (415) 788-0706
     fos@scarpullalaw.com
5    pbc@scarpullalaw.com

6    JOSEF D. COOPER (CASB No. 53015)
     TRACY R. KIRKHAM (CASB No. 69912)
7    JOHN D. BOGDANOV (CASB No. 215830)
     COOPER & KIRKHAM, P.C.
8    357 Tehama Street, Second Floor
     San Francisco, CA  94103
9    Telephone:  (415) 788-3030
     Facsimile:  (415) 882-7040
10   jdc@coopkirk.com
     trk@coopkirk.com
11   jdb@coopkirk.com

12   *Counsel for Indirect-Purchaser Plaintiffs*

13

14

15                **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17                  **SAN FRANCISCO DIVISION**

18

| | |
|---|---|
| 19   In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION. | **Master File No. 3:07-cv-5944 JST** |
| 20 | **MDL No. 1917** |
| 21   This Document Relates to: | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 22   All Indirect-Purchaser Actions. | **MOTION TO COMPEL LEAD COUNSEL TO PRODUCE ALL INDIRECT-PURCHASER PLAINTIFFS' COUNSEL'S TIME-AND-EXPENSE REPORTS AND FOR ORDER SHORTENING TIME** |
| 23 | |
| 24 | Before:  Special Master Martin Quinn |
| 25 | |

26

27

28

MPA iso MOTION TO COMPEL LEAD COUNSEL      Master File No. 3:07-cv5944 JST
TO PRODUCE ALL IPP COUNSEL'S TIME-AND-        MDL 1917
EXPENSE REPORTS AND OST

I.        **INTRODUCTION.**

The Court has before it settlements with Defendants Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA, which were given preliminary approval on July 9, 2015 (*see*, Dkt. 3096), and which thereafter were noticed to the Class.  Objections were scheduled to be filed by October 8, 2015, at which time 12 objections were filed – eight to the settlements themselves, including the Notice program, as well as to the Plan of Distribution (*see*, Dkt. 4099, 4011, 4111, 4112, 4113, 4115, 4116, 4118 and 4144); eight to the requested percentage-of-the-fund fees (*see*, Dkt. 4099, 4101, 4106, 4111, 4112, 4115, 4128, and 4140); and some include objections to both issues.  The undersigned counsel of record for the Indirect-Purchaser Plaintiffs and Class Members objected to the settlements themselves, the Notice program, the Plan of Distribution, and the request for an aggregate fee award ("Fee Petition") (Dkt. 4115, 4116).

The Court has set a briefing schedule for Lead Counsel to support the settlements and aggregate fee request (November 20, 2015) and for the Objectors to reply to that submission (December 9, 2015).  *See,* Dkt 4185.

In order for the undersigned to adequately brief the fees-and-expenses issues raised by their objection by December 9, 2015, they will need to have access to the underlying time sheets kept by each firm whose lodestar is offered by Lead Counsel as part of the basis for the aggregate fee request.  The undersigned have raised issues going to the propriety of certain of the hours included in these lodestars which will have to be resolved regardless of whether a lodestar-multiplier or a percentage-of-of-fund-with-lodestar cross-check method of awarding fees is adopted by the Court.  Additionally, a review of the two funds (*i.e.*, the Litigation Expense Fund and the Future Expense Fund) is required to be sure those funds were properly spent, accounted for, and subject to reimbursement from the Settlement Fund.  <u>In re Media Vision Technology Sec. Litig.</u>, 913 F.Supp 1362, 1366 (N.D. Cal. 1996) ("The cost and expenses incurred by counsel are subject to a test of relevance and reasonableness in amount.").

Mr. Scarpulla has been asking Lead Counsel, and/or the accounting firm that Mr. Alioto hired to collect this data, for these documents for months now, but Lead Counsel has refused to produce them.  For example, s*ee*, Exhibit 1 attached to The Declaration of Francis O. Scarpulla in Support of Motion to Compel Lead Counsel to Produce All Indirect-Purchaser Plaintiffs' Counsel's Time-and-Expense Reports and Order Shortening Time (hereinafter, "Scarpulla Decl."), which is and August 2015 email stream requesting these records.  In an email to the Special Master on October 1, 2015, and in the text of the undersigned's objection to the Fee Petition on October 8, 2015, the undersigned discussed the need for and Lead Counsel's failure to give access to these records.  *See*, Exhibits 2 and 3 to Scarpulla Decl.  Again, on November 13, 2015, a request for the records was made to Lead Counsel, who having refused to provide those records previously, now claims it is too late.  *See*, Exhibit 4 attached to the Scarpulla Decl.

Because of the need to conduct a review of the time-and-expense records before the December 8, 2105 date for filing responses in support of objections to the Fee Petition, the undersigned respectfully requests the Special Master to set a schedule for briefing this motion on shortened time.  We believe that three days is adequate time for Lead Counsel's opposition to be filed, which would put the due date on November 20, 2015, and filing on the first business day thereafter (November 23, 2015) is sufficient for any reply that may be necessary.  We do not believe that oral argument is required.[1]

## II.    <u>ARGUMENT.</u>

The sole issue presented here is whether counsel of record in a class action are entitled to obtain the underlying time-and-expense records of all class counsel to fulfill their responsibilities to both protect absent Class Members from excessive fees and costs, as well as to comply with their ethical obligations to the Court by informing it of any such excesses and abuses.

///

///

---

[1] A proposed form of order containing this schedule is being filed concurrently herewith.

All requests for fees or non-taxable costs expended by Class Counsel are subject to review and, if appropriate, objection by any interested party, including counsel of record.  Bash v. Firstmart Standard Life Ins. Co., 861 F.2d 159, 161 (7th Cir., 1988); In re Agent Orange, 800 F.2d 14, 18-19 (2d Cir. 1986).  *See also*, Adv. Comm. Notes to 2003 Amendments to Fed. R. Civ. P. 23 (h)(2) ("One factor in determining whether to authorize discovery is the completeness of the material submitted in support of the fee motion, which depends in part on the fee measurement standard applicable to the case."); Carr v. Tadin, 51 F. Supp. 3d 970, 982 (S.D. Cal. 2014) (Court determined that class counsel fee motion failed to provide sufficiently detailed information for the Court to determine whether the hours claimed were reasonably expended, and thus requested detailed time records).

Eight objections were addressed to Lead Counsel's Fee Motion.  *See* Dkt. 4099, 4101, 4106, 4111, 4112, 4115, 4128, and 4140.  Certain of these objections are based on the assertion that this is a "mega-fund" case, and raise the issue of whether, as matter of law, an aggregate percentage-of-the-fund fee award in a "mega-fund" litigation should be below the Ninth Circuit's 25% benchmark.  Other objections, however, are tied to the specific manner in which Lead Counsel chose to conduct the litigation, and challenge the assertions made in support of the requested aggregate fee of 33.3% of the settlement proceeds.  The Objection filed by the undersigned asserts that given the unique staffing decisions made by Lead Counsel in this litigation, an aggregate fee award arrived at through a "bottom-up" lodestar with multiplier enhancement process, rather than a "top-down" percentage-of-the-fund analysis, would be more in the interests of the members of any settlement classes that may be certified.  It also objects that the documentation submitted by Lead Counsel is not sufficient to permit the Court to perform its obligation of protecting the interests of absent Class Members by setting a fair, reasonable and adequate attorneys'' fee.  For example, the objection asserts that the categories used by Lead Counsel in the Fee Petition to present the work reflected in the aggregate lodestar do not disclose adequately what time was reasonably spent on what tasks.  *See*, Dkt. 4115.

1    The evaluation of a fee award request implicates an analysis of factors that are not

2  considered for final approval of a settlement.  Chief among them is balancing the benefits that

3  were obtained for the Class against the efforts expended by Class Counsel.  Looking at Class

4  Counsel's lodestar, and deciding whether the lodestar reflects appropriate hourly rates and

5  efficient staffing, or whether it should be reduced to account for duplicative efforts and other

6  inefficiencies, is the method generally used to quantify those efforts.  Without access to the

7  underlying time-and-expense reports, the undersigned cannot fulfill their responsibilities to the

8  absent Class Members and to the Court by filing a comprehensive objection to the fees and

9  expenses requested.

10   **III.    CONCLUSION.**

11    For all of these reasons, the undersigned respectfully request that they should have access

12  to the time-and-expense reports.

13  Dated: November 17, 2015            /s/ Francis O. Scarpulla

14  FRANCIS O. SCARPULLA (CASB No. 41059)
    PATRICK B. CLAYTON (CASB No. 240191)
15  LAW OFFICES OF FRANCIS O. SCARPULLA
    456 Montgomery Street, 17th Floor
16  San Francisco, CA 94104
    Telephone: 415-788-7210
17  Facsimile:  415-788-0706
    fos@scarpullalaw.com
18  pbc@scarpullalaw.com

19
    JOSEF D. COOPER (CASB No. 53015)
20  TRACY R. KIRKHAM (CASB No. 69912)
    JOHN D. BOGDANOV (CASB No. 215830)
21  COOPER & KIRKHAM, P.C.
    357 Tehama Street, Second Floor
22  San Francisco, CA  94103
    Telephone:  (415) 788-3030
23  Facsimile:  (415) 882-7040
    jdc@coopkirk.com
24  trk@coopkirk.com
    jdb@coopkirk.com
25

26

27

28
    ───────────────────────────────────────────────────
    MPA iso MOTION TO COMPEL LEAD COUNSEL      - 4 -      Master File No. 3:07-cv5944 JST
    TO PRODUCE ALL IPP COUNSEL'S TIME-AND-                MDL 1917
    EXPENSE REPORTS AND OST