Kenneth A. Gallo (pro hac vice)
Joseph J. Simons (pro hac vice)
Craig A. Benson (pro hac vice)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation
and Sharp Electronics Manufacturing Company of America, Inc.*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-05944-JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>All Direct Purchaser Actions<br><br>All Indirect Purchaser Actions<br><br>*Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust v. Hitachi, Ltd.,* | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT PURSUANT TO THE COURT'S ORDER OF NOVEMBER 3, 2015 (ECF NO. 4164)** |

1    *et al.*, No. 11-cv-05502

2    *Alfred H. Siegel, as Trustee of the Circuit City*
3    *Stores, Inc. Liquidating Trust v. Technicolor*
     *SA, et al.*, No.13-cv-05261;

4
     *Best Buy Co., Inc. et al. v. Hitachi Ltd., et al.*,
5    No. 3:11-cv-05513

6    *Best Buy Co., Inc., et al. v. Technicolor SA,*
7    *et al.*, No. 13-cv-05264;

8    *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.*
     No. 2:11-cv-06396;
9
10   *Costco Wholesale Corp. v. Hitachi, Ltd, et al.*,
     Case No. 11-cv-06397;

11
     *Costco Wholesale Corporation v.*
12   *Technicolor SA, et al.*, No. 13-cv-05723;

13   *Dell Inc., et al. v. Phillips Electronics North*
14   *America Corporation, et al.*, No. 13-cv-02171;

15   *Electrograph Systems, Inc., et al. v. Hitachi,*
     *Ltd., et al.*, No. 3:11-cv-01656;
16
17   *Electrograph Systems, Inc., et al. v.*
     *Technicolor SA, et al.*, No. 13-cv-05724;

18   *Interbond Corp. of Am. v. Hitachi, Ltd. et al.*,
19   No. 3:11-cv-06275;

20   *Interbond Corp. of Am. v. Technicolor SA,*
     *et al.*, No. 13-cv-05727;
21
22   *Office Depot, Inc. v. Hitachi, Ltd. et al.*, No.
     3:11-cv-06276;
23
     *Office Depot, Inc. v. Technicolor SA, et al.*,
24   No. 13-cv-05726;

25   *P.C. Richard & Son Long Island Corp., et al.,*
26   *v. Hitachi, Ltd., et al.¸* No. 3:12-cv-02648;

27   *P.C. Richard & Son Long Island Corporation,*
     *et al. v. Technicolor SA, et al.*, No. 13-cv-
28   05725;

1

2 *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649

3

4 *Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

5 *Sears, Roebuck and Co., et al. v. Technicolor SA*, No. 13-cv-05262;

6

7 *Sharp Elec. Corp. v. Hitachi, Ltd., et al.* No. 3:13-cv-01173;

8

9 *Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al.*, No. 13-cv-2776;

10

11 *Target Corp. v. Technicolor SA, et al.*, No. 13-cv-05686;

12

13 *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157;

14

15 *ViewSonic Corporation v. Chunghwa Picture Tubes Ltd., et al.*, No.13-cv-02510.

16

17

18

19

20

21

22

23

24

25

26

27

28

The Direct Action Plaintiffs ("DAPs")[1], Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs") and Defendants[2] (collectively, "parties") hereby respond to the Court's November 3, 2015 Order Upon Transfer of this MDL to Judge Jon S. Tigar, ECF No. 4164 (the "Order") and update the joint statement filed July 28, 2015, ECF No. 3939 as follows:

## PLAINTIFFS' STATEMENT

### Plaintiffs' Proposals to Try the Cases Venued in the Northern District of California, Including Schedule

The parties have not reached agreement on the structure of the trial(s), trial date(s) or duration(s) or pretrial schedule(s), and therefore submit updated competing proposals below.[3] These proposals assume that the hearing on final approval of the pending settlement for all IPP class cases shall be heard on March 15, 2016, as set in the Court's Order Establishing Schedule, ECF No. 4185, and that pursuant to the Order, a trial setting hearing shall be set for the first available hearing date not fewer than two weeks following the IPP hearing.

---

[1]   As of this date, the DAPs involved in cases that will remain within this District are: Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., and BestBuy.com, LLC, (collectively, "Best Buy"); Alfred H. Siegel, solely in his capacity as Trustee of the Circuit City Stores, Inc. Liquidating Trust ("Circuit City"); Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc. (collectively, "Sharp"); Sears, Roebuck and Co., and Kmart Corporation (collectively "Sears/ Kmart"); and ViewSonic.

[2]   As of this date, the following Defendants are involved in cases that will remain within this District after pre-trial matters are resolved:  Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (collectively, "Chunghwa"); LG Electronics, Inc. ("LG Electronics"); Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. (collectively, "Panasonic"); Thomson SA and Thomson Consumer Electronics, Inc. (collectively, "Thomson"); Toshiba Corporation, Toshiba America Electronic Components, Inc., Toshiba America, Inc., Toshiba America Consumer Products, LLC, and Toshiba America Information Systems Inc. (collectively, "Toshiba"); Mitsubishi Electric Corporation, Mitsubishi Electric US, Inc., and Mitsubishi Electric Visual Solutions America, Inc. (collectively, "Mitsubishi"); and Technologies Displays Americas LLC. ("TDA").

[3]   DAPs followed the Court's order to "only provide updates to the information" contained in the previous joint case management statement.  (ECF. No. 4164 at 2.)  DAPs have reviewed defendants' arguments below and are prepared to respond to them at the appropriate time.  DAPs do not do so here given the Court's admonition to avoid "using briefing about one issue to argue the merits of another."  (ECF No. 4185 at 2.)

1    The DAPs have also made a proposal to Defendants to establish a mechanism for

2    addressing translation objections in advance of pretrial exchanges.  The parties can be in a

3    position to further discuss the proposal at the December 15, 2015, status conference.

4    **I.**        **Sharp's Request for a Separate Trial**

5    One of the DAPs, Sharp, respectfully submits that, consistent with the trial plan set forth

6    by Judge Conti at the parties' August 7, 2015 conference, Sharp's case should be tried first and

7    separately from the trial of the claims of the other DAPs.  (*See* Transcript of Proceedings Held on

8    August 7, 2015, ECF No. 3969 (Aug. 11, 2015), at 12-13.)  This will promote efficiency and

9    avoid the risk of prejudicial pass-on evidence and evidence concerning an unrelated liquid crystal

10   display ("LCD") conspiracy being introduced improperly in a trial involving Sharp.   Sharp's

11   claims should also be tried separately from the DPPs because there is no overlap in defendants:

12   the remaining defendants in Sharp's case are Thomson, TDA, and Toshiba, whereas the sole

13   remaining defendant in the DPP case is Mitsubishi, which was not named as a defendant in the

14   Sharp case.

15   **Sharp should be separate from the remaining DAPs.**  Five DAPs have cases in the

16   Northern District of California to be tried after all pre-trial matters are resolved: Best Buy, Circuit

17   City, Sharp, ViewSonic, Sears, and Kmart.  Sharp is a television manufacturer.  Sharp's claims

18   are based on its purchases of price-fixed CRT tubes in the United States while the other DAPs'

19   claims are based on the purchases of finished products (e.g., televisions or computer monitors)

20   containing the price-fixed CRT tubes.  This makes an enormous difference in the evidence that

21   will be presented, including evidence that should be excluded from a trial involving Sharp.

22   First, unlike the other DAPs, Sharp is the classic "direct purchaser" antitrust plaintiff.

23   *Illinois Brick* generally prohibits damages suits by "indirect purchasers"—that is, anyone other

24   than the initial purchaser of the price-fixed good.  *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 746-

25   47 (1977).  The other DAPS have brought their claims under an exception to *Illinois Brick*, which

26   permits damages claims by indirect purchasers "when a conspiring seller owns or controls the

27   direct purchaser" such that the direct purchaser would not have an incentive to bring suit.  *In re*

28   *ATM Fee Antitrust Litig.*, 686 F.3d 741, 749 (9th Cir. 2012).  Many witnesses and documents that

may be presented at a trial involving the other DAPs relate to these "ownership and control" issues.[4]  Sharp uniquely does not need to rely on any of that evidence as part of its case.

Second, Sharp and the other DAPs are differently situated with respect to a key contested issue: evidence regarding whether CRT overcharges were passed on to retailers in the finished product price.  (*See, e.g.*, Defendants' MIL No.16, ECF No. 3597, at 10 (Feb. 13, 2015); DAP Opp'n to Defendants' MIL No. 16, ECF No. 3654 (Feb. 27, 2015).)  That issue is not only irrelevant to Sharp's claims, it would be inadmissible against and highly prejudicial to Sharp. Sharp was subject to an overcharge it should not have paid when it purchased the CRTs from the defendants.  It is no defense to Sharp's claim that it may have passed on the overcharge in the price of televisions it manufactured and sold.  (*See* Sharp Opp'n to Defendants' MIL No. 16, ECF No. 3666, at 4 (Feb. 27, 2015); *id.* at 7 (citing *Illinois Brick*, 431 U.S. at 746).)  Yet, the other DAPs have submitted an expert report that concludes that manufacturers, like Sharp, passed on 100 percent of CRT overcharges in finished products, and the defendants may try to admit other pass-on evidence.[5]  Admitting evidence in a trial involving Sharp that direct purchasers of CRTs passed on overcharges to retailers in the form of higher television prices would be irrelevant and highly prejudicial to Sharp's case.  It would essentially invite the jury to conclude that Sharp was not actually injured, contrary to law.  (*See* Sharp Opp'n to Defendants' MIL No. 16, ECF No. 3666, at 5-6.)

Third, the Foreign Trade Antitrust Improvements Act of 1982 ("FTAIA") sets forth guidelines defining which foreign conduct and commerce is subject to United States antitrust law. Although the claims being prosecuted by the DAPs would meet Sherman Act requirements to the extent they constitute import commerce, it is anticipated that the defendants may seek to raise the FTAIA as a defense with respect to state law claims that do not fall within the ownership or control exception.  (*See* DAPs' and IPPs' Opposition to Defendants' Motion for Summary

---

[4]    The DAPs expect that much of the ownership and control issues will be resolved via stipulation as they have in other significant antitrust cases such as the LCD litigation, but some of this evidence is bound to be necessary.

[5]    All DAPs, including Sharp, contend that evidence of retailer pass-on, if any, would be inadmissible in a trial of any DAPs' claim.  (*See* DAPs' Second Motion *in Limine*.)

1   Judgment Based Upon Plaintiffs' Purported Failure to Distinguish Between Actionable and Non-

2   Actionable Damages Under the FTAIA, ECF 3272.)

3          To the extent that the defendants raise the FTAIA as a defense to state law indirect

4   purchaser claims that are pursued at trial by DAPs who bought finished products—if any such

5   claims are pursued at all—issues of fact regarding the domestic effects on U.S. commerce are

6   likely to be disputed at trial with respect to such state law claims.

7          The Sharp case presents no FTAIA issues given that all of Sharp's claims are based on

8   direct purchases of CRTs in the United States.  It would be inefficient for a jury in the Sharp case

9   to be asked also to hear and decide FTAIA issues uniquely relevant only to the claims of DAPs

10  who pursue state law claims at trial.

11         Sharp's trial should be conducted separately from the other DAPs for a fourth independent

12  reason.  A different Sharp affiliate corporation ("Sharp Japan") that is not a party to this case

13  pleaded guilty seven years ago to participating in a price-fixing conspiracy related to the *sale* of

14  different products—LCDs—for a limited period of time to three specific buyers, none of whom is

15  a party to the cases that will be tried here.  Defendants, nevertheless, say they are going to try to

16  admit the guilty plea into evidence in the trials of these cases.  (*See* IPP and DAP Motion for

17  Separate Trials, ECF No. 2897, at 5 n.10 (Oct. 3, 2014).)  Sharp and the other DAPs maintain that

18  the guilty plea is inadmissible because it involves a non-party seller, non-party buyers, different

19  products, and it has no bearing on whether defendants price-fixed the CRTs at issue here.  (*See*

20  ECF No. 3599; ECF No. 3640 at 8-9.)  But even if the guilty plea were somehow admissible as to

21  the different Sharp plaintiffs in this case it has zero probative value as to the other DAPs.  As

22  such, they have indicated that in the event that the Court is inclined to allow admission at trial of

23  the Sharp Japan LCD guilty plea against the Sharp plaintiffs here, they request that their cases be

24  tried separately from Sharp's.  (ECF No. 2897 at 5 n.10.)[6]

25  _____

26  [6]       Separately, the other DAPs intend to introduce at trial evidence of the roles of various
    defendants and co-conspirators in the LCD conspiracy, one of whom is Sharp Japan.  (*See* DAP

27  Opp'n to Defendants' MIL No. 4, ECF No. 3640 at 8-9 (Feb. 27, 2015).)  This would prejudice
    the different Sharp plaintiffs that are present here for the reasons set forth above and in its motion

28  *in limine* to Exclude LCD Evidence, ECF No. 3599 (Feb. 13, 2015).

**Sharp should be separate from the DPPs**.  Sharp also respectfully submits that its case should be tried separately from the *DPP* case to promote efficiency and to avoid jury confusion.  The sole defendant remaining in the DPP case is Mitsubishi.  Mitsubishi is not and has never been a defendant in Sharp's case.  The remaining defendants in Sharp's case, Thomson, TDA, and Toshiba, have settled with the DPPs.  Any DPP trial would necessarily focus on Mitsubishi's involvement in the CRT conspiracy, while Sharp would present evidence primarily concerned with the involvement of Toshiba, TDA, and Thomson and would not present evidence related to Mitsubishi.  As a result, there would be no real efficiency gained by trying the DPP case and Sharp's case together, and the existence of different alleged conspirators in the two cases would lead to jury confusion.

Additionally, DPPs and Mitsubishi are on a different footing than Sharp.  DPPs have proposed a trial beginning in September.  Mitsubishi argues that an even later date is necessary to accommodate additional discovery that is irrelevant to Sharp's case.  Such delay is prejudicial.

Sharp believes that its case can be ready for trial shortly following the trial setting hearing, which, according to the Order, shall be held approximately two weeks after the IPP Fairness Hearing, currently scheduled for March 15, 2016.  (ECF No. 4185.)  The attorneys from Paul, Weiss representing Sharp have a trial that begins on February 29, 2016, and is expected to last around 4-6 weeks.  Sharp thus proposes that its case should be tried beginning on or around May 16, 2016, according to the schedule set forth below.

The parties agree that the trial of Sharp's action will take place in one phase, and it will be exclusively a jury trial.  Sharp believes that the trial should consist of 35 hours per side, translating to approximately 10-14 trial days.  The remaining DAPs ask for a trial setting within two weeks of the conclusion of the Sharp trial.

**II.    DAP Proposed Pretrial Schedule**

To maximize efficiency in preparation, the DAPs propose that the parties engage in pretrial exchanges on a common schedule, in advance of a Sharp trial and separate trial with the remaining DAPs.  Below are proposed pretrial dates, assuming a start date for the first trial on or around May 16, 2016:

| Date | Event |
|---|---|
| 2/12/2016 | Parties exchange revised and updated exhibit lists that comply with the Court's Standing Order for Civil Jury Trials, and images of trial exhibits |
| 2/26/2016 | Plaintiffs serve:<br>objections to defendants' exhibit list,<br>list of discovery responses to be used at trial,<br>supplemental affirmative deposition designations,<br>counter designations and objections to Defendants' affirmative deposition designations, and<br>amended witness list with "will or may call" designations and substance of witness testimony |
| 3/11/2016 | Defendants serve:<br>objections to plaintiffs' exhibit list,<br>list of discovery responses to be used at trial,<br>supplemental affirmative deposition designations,<br>counter designations and objections to Plaintiffs' supplemental affirmative deposition designations,<br>objections to Plaintiffs' designated discovery responses, and<br>amended witness list with "will or may call" designations and substance of witness testimony |
| 3/18/2016 | Simultaneous exchange of draft jury instructions and special verdict forms |
| 3/25/2016 | Plaintiffs serve:<br>objections to Defendants' counter designations,<br>objections and counter designations for Defendants' supplemental affirmative deposition designations,<br>objections to Defendants' designated discovery responses |
| 3/31/2016, or at the Court's earliest convenience | Trial Setting Hearing in Accordance with the Order |
| 4/1/2016 | Defendants serve objections to Plaintiffs' counter deposition designations |

| 4/8/2016 | Parties exchange:<br>Final trial exhibits and final list of exhibits<br><br>Parties meet and confer regarding:<br>Objections to and admissibility of each exhibit<br>Settlement<br>Joint pretrial statement<br>26(a)(3) pretrial disclosures<br>Narrowing issues |
|---|---|
| 4/15/2016 | Parties file joint pretrial statement and proposed order |
| 4/29/2016 | Parties file and serve:<br>Voir dire questions<br>Proposed jury instructions<br>Proposed verdict forms |
| 5/6/2016, or at the Court's convenience | Pretrial Conference and hearing on motions *in limine* and other non-dispositive pre-trial motions |
| 5/16/2016 | Beginning of Trial |

**III.     DPP Proposed Trial and Pretrial Schedule**

**A.     DPPs' Statement**

Mitsubishi is the lone remaining defendant in case number 14-cv-2058-JST, the direct purchaser class action.  Mitsubishi and DPPs agree that this case should be tried separately from the DAP actions. They disagree on the trial schedule.  DPPs propose a trial date of September 19, 2016; Mitsubishi proposes December 1, 2016.

DPPs believe that this schedule provides adequate time for the parties to prepare for trial. DPPs propose 76 days of fact discovery after the December 15, 2015 case management conference, which should be sufficient to complete discovery.  Plaintiffs recently received thousands of pages of documents from Mitsubishi Electric Visual Systems America ("MEVSA") and were also informed that MEVSA for the first time is searching its U.S. server and several hard drives for responsive ESI material.  As of the date of this filing, DPPs have not been informed as to the volume of this material or the date when it will be produced.

The Mitsubishi Electric Defendants' concern that their preparation for the DAP trial will prevent it from working on the DPP trial is overstated.  First, Mitsubishi is not a defendant in the

Sharp trial. Second, the Mitsubishi Electric Defendants are only in the Best Buy action and it is uncertain if it will actually go to trial.  Lastly, even if the Mitsubishi Electric Defendants go to trial against Best Buy, Mitsubishi Electric and their Counsel, Jenner & Block and recently added Quinn Emanuel, clearly have the resources to staff these cases adequately.

The DPPs propose the following schedule for the completion of proceedings in this case:

| Event | Date |
|---|---|
| Send Notice of Litigated Class | November 23, 2015 |
| Deadline for Class Members to Opt Out of Litigated Class | January 7, 2016 |
| File Opt-Out List | January 21, 2016 |
| Discovery Cutoff | February 29, 2016 |
| DPP Expert Report(s) | March 15, 2016 |
| Mitsubishi Expert Report(s) | April 15, 2016 |
| DPP Rebuttal Expert Report(s) | May 16, 2016 |
| Dispositive Motions | May 30, 2016 |
| Opposition to Dispositive Motions | June 30, 2016 |
| Reply ISO Dispositive Motions | July 29, 2016 |
| Motions in Limine | July 29,, 2016 |
| M&C re Pretrial Order | August 2, 2016 |
| Hearing on Dispositive Motions | August 12, 2016 |
| Witness & Exhibit Lists | August 22, 2016 |
| File Pretrial Order and Jury Instructions | August 22, 2016 |
| MIL Oppositions | August 25, 2016 |
| MIL Replies | September 1, 2016 |
| MIL Hearing | September 9, 2016 |
| Final Pretrial Conference | September 9, 2016 |
| Trial Begins | Monday, September 19, 2016 |

1    **The Cases That Were Originally Filed In Other Districts Around The Country And Will Be Remanded To**

2    **Those Courts For Trial**

3          As set forth in the DAPs' July 17, 2015 status report (ECF No. 3917), the following cases

4    will be subject to remand upon completion of pretrial matters pursuant to 28 U.S.C. § 1407 and

5    the Supreme Court's decision in *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523

6    U.S. 26 (1998):

7          • *CompuCom Systems, Inc. v. Hitachi, Ltd., et al.* No. 2:11-cv-06396 (to be

8            remanded to the Northern District of Texas)

9          • *Costco Wholesale Corp. v. Hitachi, Ltd, et al.*, Case No. 11-cv-06397  (to be

10           remanded to the Western District of Washington)

11         • *Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723 (to be
            remanded to the Western District of Washington)

12
           • *Dell Inc., et al. v. Phillips Electronics North America Corporation, et al.*, No. 13-

13           cv-02171 (to be remanded to the Western District of Texas)

14         • *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656 (to be

15           remanded to the Eastern District of New York)

16         • *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724 (to be
            remanded to the Eastern District of New York)

17
           • *Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275 (to be remanded

18           to the Southern District of Florida)

19
           • *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727 (to be

20           remanded to the Southern District of Florida)

21         • *Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276 (to be remanded to the

22           Southern District of Florida)

23         • *Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726 (to be remanded to

24           the Southern District of Florida)

25         • *P.C. Richard & Son Long Island Corp., et al., v. Hitachi, Ltd., et al.*¸ No. 3:12-cv-
            02648 (to be remanded to the Eastern District of New York)

26
           • *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No.

27           13-cv-05725 (to be remanded to the Eastern District of New York)

28

- *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649 (to be remanded to the Eastern District of New York)

- *Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668 (to be remanded to the Eastern District of New York)

- *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157 (to be remanded to the Middle District of Florida)

Upon resolution of the defendants' summary judgment motions and the parties' *Daubert* motions, the DAPs respectfully request that the Court enter an order suggesting remand of these cases to their trial venues so that trial dates can be set by the home courts.

**Status of Indirect Purchaser Case**

IPPs have settled with all of the Defendants in their case.  All of the dispositive motions and other motions pending in the IPP case have been provisionally withdrawn pending final approval of the settlements.  (*See* ECF Nos. 3801, 3802, 3812, 3851, and 3852.)

The Court granted preliminary approval to the settlements by Order dated July 9, 2015, and ordered that IPPs provide notice of the settlements to class members (ECF No. 3906).  Notice was provided in accordance with the Order.  Also pursuant to the Order, IPPs filed their motion for attorneys' fees, reimbursement of litigation expenses, and incentive awards for class representatives on September 23, 2015 (ECF Nos. 4071 and 4073).  On October 8, 2015, a number of objections were filed to the settlements and the motion for attorneys' fees.  The Court has set a schedule for briefing on IPPs' motion for final approval of the settlements and motion for attorneys' fees before Special Master Martin Quinn, and has set a final approval hearing before the Court on March 15, 2016 (ECF No. 4185).

**DEFENDANTS' STATEMENT**

I.      **Defendants' Proposed Trial and Pretrial Schedule for Sharp/DAP Cases**

Defendants agree with the Court that a firm trial date for the N.D. Cal. actions is in the best interests of the Court and the parties.  For purposes of setting the trial and other upcoming dates, Defendants request the Court to consider the following:

### 1.  Pending Summary Judgment Motions and Motions *In Limine*

Currently pending before this Court are  29 motions for summary judgment, four *Daubert* motions regarding expert testimony, and 40 motions *in limine*.  The pending motions raise substantive issues related to, among other things, the liability of certain defendants, the DAPs' standing to bring their claims, and the extent to which they may assert claims for damages.  The Court's decisions on these motions will materially affect the contents of the parties' pretrial exchanges and the scope and structure of the trial.  Given the importance of these motions and the many issues to be resolved, Defendants request that the Court set a date or dates for oral argument on the summary judgment motions in January of 2016 and a separate date for oral argument on the motions *in limine* at the Court's convenience, after the Court has ruled on the summary judgment motions.   The specific motions on which Defendants request oral argument are identified on Exhibit A hereto.

### 2.  Pending Fairness Hearings

Although the parties will all benefit from the Court's rulings on the summary judgment and other motions, the defendants involved in the pending final fairness hearings on the DPP and IPP settlements[7] believe that the Court should refrain from issuing its rulings until after it rules on those settlements.   Special Master Walker previously noted that "[t]hese motions raise issues that affect the claims of all or virtually all parties in this litigation," and "[t]he determinations made on these motions could have a material effect on the possible recoveries and exposures in this

---

[7]     The defendants remaining in the Direct Purchaser Plaintiffs' action are Thomson and TDA.  The defendants remaining in the Indirect Purchaser Plantiffs' action are Toshiba; Samsung SDI Co., Ltd., Samsung SDI America, Inc., Samsung SDI (Malaysia) Sdn. Bhd., Samsung SDI Mexico S.A. De C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co., Ltd., and Tianjin Samsung SDI Co., Ltd. (collectively, "the SDI Defendants"); Hitachi, Ltd., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), Hitachi America, Ltd., Hitachi Asia, Ltd., and Hitachi Electronic Devices (USA), Inc. (collectively, "Hitachi"); Panasonic; Koninklijke Philips N.V., Philips Electronics North America Corporation, Philips Taiwan Limited, and Philips do Brasil, Ltda. (collectively, "Philips"); Thomson; and TDA.

litigation."  ECF No. 3818 at 3-4.  The Special Master explained that "[t]he law that will guide the court's decisions on these motions is in flux," and that the class action settlements "have been negotiated in the face of those uncertainties."  *Id.* at 4.  "Because it would be unfair to the parties to alter the balance of factors upon which these settlements have been reached," the Special Master recommended that the Court "defer ruling on these motions until after the class settlement approval process has been concluded and the outstanding settlements [are] either approved or disapproved."  *Id.* Judge Conti later denied the Special Master's motion as moot based on the schedule he set for the parties at the August 7, 2015 status conference.  At that time the DPP fairness hearing was scheduled for October 23, 2015, and the IPP fairness hearing was scheduled for November 13, 2015.  At the August 7 status conference, Judge Conti established a procedure for ruling on the motions, taking into account the Special Master's advice, which would have had the effect of deferring issuing rulings on the summary judgment motions until after the then-scheduled hearings.  *See* ECF No. 3969, at 9-10.   This Court has now re-scheduled the DPP fairness hearing for December 15, 2015, and the IPP hearing for March 15, 2016.  The concerns over ruling on the summary judgment motions prior to these hearings expressed by Judge Walker are again present.  The defendants involved in the fairness hearings therefore request this Court to delay issuing its rulings on the summary judgment motions until after both hearings are completed.

### 3.      Prior Order on N.D. Cal. Trial Structure[8]

Judge Conti has previously ordered that the order of trial will be: (1) All cases brought by Sharp Electronics Corporation ("Sharp"); (2) the cases brought by the Direct Action Plaintiffs ("N.D. Cal. DAP Cases"); and (3) the remaining cases brought by the Direct Purchaser Plaintiffs.

---

[8]      The remaining portions of this defense statement relate only to the N.D. Cal. trial structure and are made only on behalf of the defendants remaining in those actions.  *See* note 2, *supra*.

(ECF No. 3961.)  The N.D. Cal. defendants have differing views on this trial structure and will be prepared to address the issue and explain their positions at the upcoming Conference.  The views of certain Defendants are set forth below.

(a)     *Toshiba, Thomson, and TDA's Request For A Single Trial Involving Sharp And The Remaining DAPs*

For a variety of reasons, Toshiba, Thomson and TDA believe that a single trial involving all of the remaining DAPs makes the best use of judicial and party resources.  Sharp argues that its request for a separate trial promotes "efficiency," but that argument ignores that both Sharp and the remaining DAPs bring per se claims under the Sherman Act involving the *same* alleged conspiracy.  *Compare* Sharp Second Amended Compl. (ECF No. 2621), ¶ 2 ("Defendants and their co-conspirators formed an international cartel that conducted a long-running conspiracy extending at a minimum from at least March 1, 1995, through at least December 2007 (the 'Relevant Period').  The purpose and effect of this conspiracy was to fix, raise, stabilize and maintain prices for CRTs.") *with* Best Buy First Amended Compl. (ECF No. 1978), ¶ 1 ("Defendants and their co-conspirators formed an international cartel which conducted a long-running conspiracy extending at a minimum from at least March 1, 1995, through at least November 25, 2007 (the 'Relevant Period').  The purpose and effect of this conspiracy was to fix, raise, stabilize and maintain prices for cathode ray tubes ('CRTs').").  Thus, if the Court were to adopt Sharp's proposal, the same fact witnesses (many of whom reside outside of the United States) and expert witnesses would have to testify twice on such issues as the existence and effectiveness of the alleged conspiracy.  Sharp's proposal would also require the selection and empanelment of two separate juries, and would require the expenditure of duplicative judicial resources.  Far from promoting efficiency, Sharp's bifurcated approach would lead to a wasteful and unnecessary duplication of effort.

1    The reasons advanced by Sharp in support of a separate Sharp-specific trial are either

2    immaterial or can be addressed through jury instructions.  The fact that Sharp purchased CRTs

3    while other DAPs purchased finished products is immaterial because both Sharp and the other

4    DAPs alleged the same international cartel involving CRTs.  The fact that "ownership and

5    control" issues need to be resolved is no reason to have a separate trial because these issues are

6    legal questions that must be resolved by the Court, not by any jury.  Sharp explains that it is

7    concerned about the possible prejudicial effect of pass-on evidence that will be presented with

8    respect to other DAPs, but that concern can be addressed by an appropriate instruction to the jury.

9    A jury instruction can also address the purported prejudicial effect of Sharp Corporation's $120

10   million guilty plea in the *LCD* case.  Indeed, most of the issues identified by Sharp can be

11   addressed by appropriate jury instructions.  *See Zaldana v. KB Home*, No. C-08-3399 MMC,

12   2010 WL 4313777, at *2-3 (N.D. Cal. Oct. 26, 2010) (denying motion for separate trials where

13   the movant did not support its "conclusory assertion that no jury instruction would suffice" to

14   eliminate the potential prejudice).   Sharp asserts that its case presents no FTAIA issues (a

15   position with which Toshiba, Thomson, and TDA do not necessarily agree), but even if Sharp is

16   correct, it is within the ability of a single jury to separate Sharp's situation from that of the other

17   DAPs.  *See Townsley v. Hydro Int'l LLC*, 2010 WL 3070387, at *2 (C.D. Cal. Aug. 2, 2010)

18   ("juries are commonly required to evaluate alternative arguments and examine different theories

19   of liability").   Moreover, if the Defendants prevail on their pending summary judgment motions

20   concerning FTAIA, the FTAIA-related issues identified by Sharp would not need to be presented

21   to any jury.  Thus, for these reasons, this case should be tried before a single jury.

22        In the event that the Court is inclined to hold the Sharp trial separately from the trial for

23   the remaining DAPs, it should decline to adopt the "common" pretrial schedule proposed by the

24   DAPs.  That schedule would cover both the Sharp trial and the trial for the remaining DAPs and

would prejudice Toshiba, Thomson, and TDA in two distinct ways.  First, if Sharp and the other

DAPs are correct about the differences between their two cases, such that two trials should occur,

Toshiba, Thomson, and TDA (who are defendants in both trials) should be permitted to make

disclosures that are tailor-made to each trial.  Second, the common schedule proposed by the

DAPs would prejudice Toshiba, Thomson, and TDA by requiring these defendants to produce a

variety of objections, lists, and statements for two separate trials on the exact same days.

Toshiba, Thomson, and TDA believe that a pretrial schedule is premature at this time; rather,

such a schedule (or schedules) should be negotiated between the parties once the Court

determines the number and timing of the trial(s) that will take place in this case.

> (b)     *Panasonic/Mitsubishi Response to Request for Joint Sharp/DAP Trial*

All three Plaintiff groups and certain Defendants— Mitsubishi and Panasonic[9]—agree

that the Court should conduct separate trials for the Sharp, DAP, and DPP cases, respectively.

Those Defendants write separately to address the request by Defendants Toshiba, Thomson, and

TDA for a joint Sharp/DAP trial.

A joint Sharp/DAP trial does not make sense for a myriad of reasons.  *First*, Judge Conti

has already specifically rejected the prior request in the July 28, 2015 Joint Statement to conduct

a consolidated trial.  At the Court conference on August 7, 2015 (the "August 7th Conference"),

the Court ruled that the Sharp cases need to be tried separately from the DAP (and DPP) cases

because Sharp is proceeding on a fundamentally different legal theory than the DAPs (and DPPs).

Specifically, Sharp's claims are based on its *direct* purchases of alleged price-fixed CRT tubes in

the United States, whereas conversely, the DAPs (and DPPs) are asserting their indirect claims

under the "ownership-and control" exception to *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 749

---

[9] Defendants Chunghwa and LG Electronics will address trial structure issues at the Court conference on December 15, 2015.

(1977), which generally prohibits damages suits by "indirect purchasers." *See* Tr. of Proceedings Before Honorable Samuel Conti, dated Aug. 7, 2015, at 12:4-9 ("Sharp is the only Defendant who is not proceeding under the, quote, 'owned-and-controlled' theory of *Royal Printing* and *Illinois Brick*. And that's why Sharp goes first."); *see also* Minute Order of Honorable Samuel Conti, dated Aug. 7, 2015 [ECF No. 3961] (scheduling separate trials for "1) All Sharp Cases, 2) Direct Action Plaintiffs, 3) Direct Purchaser Plaintiffs").

*Second*, at the August 7th Conference, Judge Conti also specifically rejected many of the same arguments that Toshiba, Thomson, and TDA again raise above—namely, that conducting a consolidated Sharp/DAP trial would require empaneling two separate juries and "would lead to a wasteful and unnecessary duplication" of efforts and resources by both the Court and the parties. *See* Aug. 7th Conference Tr. at 13:12-20 (rejecting efficiency argument asserted by Toshiba's counsel and finding that empaneling separate juries is "no problem at all" and expressing concern that consolidated Sharp/DAP trial would end up in a "big[] mess").

*Third*, trying Sharp's claims against the three remaining Defendants in the Sharp cases in the same trial with the five DAP corporate families' separate class claims against seven Defendant groups in the N.D. Cal. DAP Cases—four of which are *not* Defendants in the Sharp cases—creates a significant risk of juror confusion at trial regarding Sharp's and DAPs' respective claims against Defendants. *See, e.g., Sanders v. VeriFone Sys., Inc.*, No. 5:13–CV–01038–EJD, 2013 WL 5550435, at *2 (N.D. Cal. Oct. 7, 2013) (denying motion to consolidate two complex actions and finding that "consolidation may result in unfair prejudice" where there were nine more defendants in one action than other action sought to be consolidated).

*Fourth,* consolidating Sharp's class claims against Toshiba, Thomson, and TDA in a single trial with the DAPs' separate class claims would unnecessarily delay and complicate the trial of the N.D. Cal. DAP Cases, which Defendants already estimate will take approximately a

month-and-a-half.  Federal courts, including courts in this district, have repeatedly rejected

attempts to consolidate two complex actions where, as here, "the likelihood of delay and jury

confusion resulting from consolidation of the[] two complex actions outweighs any efficiency

that might be achieved through consolidation."  *Sw. Marine, Inc. v. Triple Machine Shop, Inc.*,

720 F. Supp. 805, 807 (N.D. Cal. 1989) (denying motion to consolidate two complex actions

where consolidation would have resulted in increased delay, juror confusion, and unfair prejudice

to defendants); *see also Collins v. City & Cnty. of San Francisco*, No. 13–cv–03456–MEJ, No.

13–cv–05286–MEJ, No. 14–cv–01429–MEJ, 2014 WL 5422177, at *3 (N.D. Cal. Oct. 24, 2014)

(same, and finding that "[t]o consolidate these three actions into one *at this late stage in two of

the three cases would cause unnecessary delay and potentially prejudice Defendants*") (emphasis

added).

Fifth, evidence of prior settlements between Sharp and certain Defendants in the N.D. Cal.

DAP Cases, including Panasonic, would likely be presented—either through the Court's

instructions or otherwise—in any consolidated Sharp/DAP trial.  Any such evidence would be

highly prejudicial and would unfairly taint the jury's consideration of DAPs' separate claims

against those settling Defendants. *See, e.g., Kohler v. Nationwide Mut. Ins. Co.*, 152 F.3d 926

(9th Cir. 1998) (affirming exclusion of prejudicial settlement evidence); *Sugar Ass'n, Inc. v.

McNeil-PPC, Inc.*, No. CV 04–10077 DSF (RZx), 2008 WL 4755611, at *2 (C.D. Cal. Jan. 7,

2008) (excluding evidence of unfairly prejudicial and misleading settlement evidence).

Sixth, even under the structure proposed by Toshiba, Thomson, and TDA, the Court would

still need to conduct separate trials in any event:  an initial Sharp/DAP trial, and a separate

DPP/Mitsubishi trial.  In short, any marginal efficiencies gained by consolidating the Sharp and

DAP cases (*i.e.*, two trials instead of three) is substantially outweighed by the significant juror

confusion and prejudice that would result from lumping the disparate cases together.

Further, in the event the Court decides to conduct a joint trial of the Sharp and DAP cases, Defendants would need more than fifty hours of collective trial time for the presentation of evidence in order to defend against Sharp's claims and evidence, including, among other things, Sharp's likely extensive expert evidence in support of its separate and distinct class claims.

### 4.    Threshold Standing Issues

With the exception of Sharp, all of the plaintiffs are indirect purchasers of CRTs.  These plaintiffs assert standing based on the Ninth Circuit's ownership/control exception to *Illinois Brick*, allowing suit "when a conspiring seller owns or controls the direct purchaser" that served as the middleman.  *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 749 (9th Cir. 2012).[10]  Judge Conti previously held that "the Named DPPs have standing to sue for alleged overcharges passed onto them when they purchased an FP [finished product] containing an allegedly price-fixed CRT from an entity allegedly owned or controlled by any allegedly conspiring Defendant."  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 911 F. Supp. 2d 857, 872 (N.D. Cal. 2012).  Judge Conti "*expresse[d] no view as to whether the Named DPPs will be able to prove what is needed to win relief as indirect purchasers under the ownership and control exception.*"  *Id.* at 872 (emphasis added).

The Ninth Circuit made clear in *ATM Fee* that "[s]tanding is a question of law for the district court to decide."   686 F.3d at 747; *see also Jes Props., Inc. v. USA Equestrian, Inc.*, 458 F.3d 1224, 1228 (11th Cir. 2006) ("Whether a plaintiff has standing to prosecute an antitrust claim is a question of law.").  The decision to be made by the district court includes the resolution of any "issues of fact necessary to make the standing determination."  *ATM Fee*, 686 F.2d at 747.  Plaintiffs bear the burden of establishing their standing to proceed under the ownership/control

---

[10]    Plaintiff Best Buy brings claims for both direct damages under the federal antitrust laws and indirect damages under Minnesota law.  *See* First Am. Compl., ECF No. 1978 ¶¶ 243-49. Best Buy's indirect damages claims against Thomson and Mitsubishi have been dismissed by the Court.  *See* ECF Nos. 2439, 2440.

exception with respect to each of these vendors.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Plaintiffs' damages claims are based on alleged purchases of CRT Televisions and Monitors from at least 30 distinct vendors over more than a decade.  Many of these vendors are connected to alleged conspirators—if at all—only by complex and attenuated structures, or minority stock ownership, that do not meet the ownership/control test.  Some of those deficiencies are set out in pending defense motions for summary judgment with respect to certain vendors.[11]  To the extent that Court finds disputed issues of fact on those rulings, the Court will have to resolve those factual issues.  More importantly, regardless of the rulings on the pending motions, there are multiple other alleged conspirator-vendor relationships for which Defendants believe Plaintiffs will be unable to meet their burden of showing the requisite ownership or control.  These relationships include, among others, Plaintiffs' standing to recover damages based on alleged purchases from the Daewoo entities,[12] the JVC entities,[13] and entities that ceased

---

[11]    For example, the SDI Defendants have filed a Motion for Partial Summary Judgment for Lack of Standing as to Direct Action Plaintiffs' Sherman Act Damage Claims Based on CRT Product Purchases from Samsung Electronics (the "SDI Defendants' Standing Motion").  *See* ECF No. 2983.  The SDI Defendants' Motion argues that Samsung Electronics, a finished products vendor whose sales to Plaintiffs form part of Plaintiffs' direct damages claims, is not owned or controlled by the allegedly conspiring CRT seller, SDI.  *See* ECF No. 2983 at 1-2. Even though the SDI Defendants have now settled out of all the N.D. Cal. DAP Cases, Defendants respectfully request that the Court still decide the SDI Defendants' Standing Motion before trial because the Court's ruling on that Motion will affect the joint and several liability, if any, of the remaining Defendants in the N.D. Cal. DAP Cases.  Other summary judgment motions filed by Defendants are directed at excluding Plaintiffs' purchases from Tatung vendors, Jean Co., Sanyo vendors, NEC vendors, as well as certain purchases from LG vendors.  *See* ECF Nos. 3102, 3014, 3026, & 3053.

[12]    The Daewoo entities include, but are not limited to, Daewoo Electronics America Inc., Wei Hai Daewoo Electronics, and Daewoo International America.  Defendants estimate the N.D. Cal. DAPs' claimed damages related to these purchases as approximately $20 million.

[13]    The JVC entities, include, but are not limited to, Victor Company of Japan, Ltd., JVC Americas Corp., JVC Company of America, JVC Corporation, and JVC Kenwood Holdings, Inc.

manufacturing CRTs partway through the alleged conspiracy, such as the Philips entities (if other Philips motions are denied)[14] and Hitachi.

Because resolution of the threshold questions of standing will affect the scope of the case that will be presented to the jury, as well as the respective settlement postures of the parties as the trials gets underway, all Defendants in the N.D. Cal. DAP and DPP Cases now agree that the most efficient plan is for the Court to rule on the remaining standing issues by holding a short bench trial before the commencement of the  jury trial of the N.D. Cal. DAP cases as to any standing issues that remain following the Court's ruling on the pending summary judgment motions.  *See* Fed. R. Civ. P. 39(a)(2), 42(b).  Defendants propose to work with Plaintiffs in order to stipulate to many of the facts regarding the disputed ownership/control relationships and/or to submit limited declaratory and documentary evidence to the Court where stipulations are not possible.  Assuming these efforts are successful, Defendants would present very limited live testimony and anticipate completing the bench trial in 1-2 days.

### 5.     Length of Trial

Defendants propose 50-hour trial time limits per side per trial, plus time for opening statements and closing arguments to be determined closer to trial when the Court knows how many parties will remain for each trial.  The DAPs have previously estimated that the trial will require four to five weeks.  *See* ECF No. 3939, at 5.  Defendants estimate that trial will require approximately  five to six weeks.

---

Defendants estimate the N.D. Cal. DAPs' claimed damages relating to these purchases as approximately $90 million.

[14]     The Philips entities include, but are not limited to, Philips Consumer Electronics, Magnavox, and Philips MX.  Defendants estimate the N.D. Cal. DAPs' claimed damages based on purchases from these entities after Philips stopped manufacturing CRTs as approximately $62 million.

1

### 6.    Schedule for Pretrial Disclosures

2

The  parties' initial pretrial exchanges included approximately 3,000 exhibits and 200

3

hours of deposition testimony designated by the DAPs, and 1300 exhibits and 130 hours of

4

deposition testimony designated by Defendants.  These designations will need to be narrowed to

5

fit the estimated trial time of four-to-six weeks.   Defendants believe that setting dates for

6

additional pretrial disclosures prior to the resolution of the motions, as the DAPs propose, will be

7

counter-productive and will not result in more streamlined designations.  Defendants propose

8

instead that the parties meet and confer as soon as the Court issues its rulings on the summary

9

judgment motions and stipulate to a mutually agreeable schedule for revised disclosures that more

10

realistically conform to the trial time estimates.

11

### 7.    Trial Date

12

13

Defendants request the Court to set a specific date or dates for trial of the N.D. Cal.

14

actions after it determines the trial structure and assesses the time it will require to issue rulings

15

on the summary judgment motions.  Defendants understand that the Court anticipates holding a

16

trial setting conference not fewer than two weeks after the IPP fairness hearing, presently set for

17

March 15, 2016.  (ECF Nos. 4164, 4071.)

18

19

## II.    The Mitsubishi Electric Defendants' Statement Re The Direct Purchaser Class Action

20

21

The Mitsubishi Electric Defendants are the only defendants in the DPP case.  Counsel for

22

the Mitsubishi Electric Defendants and counsel for the DPP class agree that the DPP and DAP

23

cases should be tried separately.

24

The Mitsubishi Electric Defendants further submit that a schedule calling for trial of the

25

DPP case quickly after the trial of the DAP cases would unfairly prejudice the Mitsubishi Electric

26

Defendants.  While the Court recently certified a class, much needs to be done in the DPP case,

27

which is far from ready for trial.  The DPPs are in the process of providing the certified class with

28

JOINT CASE MANAGEMENT STATEMENT: MASTER
FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

notice.   Discovery in the DPP matter remains ongoing, and no discovery cut-off has yet been set.

The Mitsubishi Electric Defendants have two pending motions to compel discovery before the

Special Master.  Experts have yet to be identified, expert reports have not been exchanged,

experts have not been deposed, and dispositive motions and other trial motions have yet to be

filed.  The DPPs propose a compressed schedule in which the Mitsubishi Electric Defendants

submit their expert report only one month after the DPPs submit theirs, with dispositive motions

and motions in limine due during the height of what likely will be the preparation for the DAP

trial in which the Mitsubishi Electric Defendants remain defendants.  While the DPPs make much

of the Mitsubishi Electric Defendants being "only in the Best Buy action" whose trial is

"uncertain," the fact remains that the Mitsubishi Electric Defendants are indeed in the Best Buy

action and nothing has happened to date to stop that case from going to trial or to stop the

Mitsubishi Electric Defendants from being defendants in it.  Requiring the Mitsubishi Electric

Defendants to engage in expedited pre-trial proceedings in the DPP action at the same time as

they are preparing for the trial of the Best Buy DAP case, and trying that case, would be unfair to

the Mitsubishi Electric Defendants.  Meanwhile, counsel for the DPP class would have no

competing obligations in this case.

The Mitsubishi Electric Defendants propose the following schedule for the completion of

proceedings in this case:

| | |
|---|---|
| Fact Discovery Cutoff | Feb. 1, 2016 |
| DPP Expert Report(s) | March 15, 2016 |
| Mitsubishi Electric Expert Report(s) | May 16, 2016 |
| DPP Rebuttal Expert Report(s) | June 15, 2016 |
| Dispositive Motions (briefing to be scheduled) | July 15, 2016 |
| Motions in Limine (briefing to be scheduled) | August 15, 2016 |
| File Pretrial Order and Jury Instructions | Oct. 17, 2016 |
| Final Pretrial Conference | TBD |
| Trial Begins | Dec. 1, 2016 |

1   Alternatively, if the Court prefers, the Mitsubishi Electric Defendants suggest that the Court

2   schedule a pretrial conference after the conclusion of expert discovery in June 2016.  At that

3   point, the Court will be able to assess the demands of the cases and the schedule for their

4   completion.

5

6                                          Respectfully submitted,

7   Dated: November 17, 2015

8                                                    /s/ *Craig A. Benson*

9
                                                     Kenneth A. Gallo (pro hac vice)
10                                                   Joseph J. Simons (pro hac vice)
                                                     Craig A. Benson (pro hac vice)
11                                                   PAUL, WEISS, RIFKIND,
                                                     WHARTON & GARRISON LLP
12                                                   2001 K Street, NW
                                                     Washington, DC 20006
13                                                   Telephone: (202) 223-7300
                                                     Facsimile: (202) 223-7420
14                                                   Email: kgallo@paulweiss.com
                                                     Email: jsimons@paulweiss.com
15                                                   Email: cbenson@paulweiss.com
16
                                                     Stephen E. Taylor (SBN 058452)
17                                                   Jonathan A. Patchen (SBN 237346)
                                                     TAYLOR & COMPANY
18                                                   LAW OFFICES, LLP
                                                     One Ferry Building, Suite 355
19                                                   San Francisco, California 94111
                                                     Telephone: (415) 788-8200
20                                                   Facsimile: (415) 788-8208
                                                     Email: staylor@tcolaw.com
21                                                   Email: jpatchen@tcolaw.com
22
                                                     *Counsel for Sharp Electronics Corporation;*
23                                                   *Sharp Electronics Manufacturing Company of*
                                                     *America, Inc.*
24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT: MASTER
                                                     FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

1

TRUMP, ALIOTO, TRUMP & PRESCOTT,
LLP

2

3

By: */s/ Mario N. Alioto*
Mario N. Alioto (56433)

4

malioto@tatp.com
Lauren C. Capurro (241151)

5

laurenrussell@tatp.com
**TRUMP, ALIOTO, TRUMP & PRESCOTT,**

6

**LLP**
2280 Union Street

7

San Francisco, California 94123

8

Telephone: (415) 563-7200
Facsimile: (415) 346-0679

9

10

*Lead Counsel for Indirect Purchaser Plaintiffs*

11

SAVERI & SAVERI, INC.

12

By: */s/ Guido Saveri*
Guido Saveri (22349)

13

R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)

14

Travis L. Manfredi (281779)

15

**SAVERI & SAVERI, INC.**
706 Sansome Street

16

San Francisco, CA 94111
Telephone:  (415) 217-6810

17

Facsimile:  (415) 217-6813

18

*Lead Counsel for*

19

*Direct Purchaser Plaintiffs*

20

Joseph W. Cotchett
Steven N. Williams

21

Adam J. Zapala

22

COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road

23

Burlingame, CA 94010
Telephone: (650) 697-6000

24

Facsimile: (650) 697-0577

25

Bruce L. Simon

26

Aaron M. Sheanin
PEARSON, SIMON & WARSHAW LLP

27

44 Montgomery Street, Suite 2450
San Francisco, CA 94104

28

Telephone: (415) 433-9000

JOINT CASE MANAGEMENT STATEMENT: MASTER
FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

1                                Facsimile: (415) 433-9008

2

3                                H. Laddie Montague, Jr.
                                  Ruthanne Gordon

4                                Charles P. Goodwin
                                Candice Enders

5                                BERGER & MONTAGUE, P.C.
                                1622 Locust Street

6                                Philadelphia, PA 19103
                                Telephone: (800) 424-6690

7                                Facsimile: (215) 875-4604

8                                Michael P. Lehmann
                                HAUSFELD LLP

9                                44 Montgomery Street, Suite 3400
                                San Francisco, CA 94104

10                              Telephone: (415) 633-1908

11                              Facsimile: (415) 358-4980

12                              Gary Specks
                                KAPLAN FOX

13                              423 Sumac Road
                                Highland Park, IL 60035

14                              Telephone: (847) 831-1585

15                              Facsimile: (847) 831-1580

16                              Douglas A. Millen
                                William H. London

17                              FREED KANNER LONDON & MILLEN
                                2201 Waukegan Road

18                              Suite 130
                                Bannockburn, IL 60015

19                              Telephone: (224) 632-4500

20                              Facsimile: (224) 632-4519

21                              Eric B. Fastiff

22                              LIEFF CABRASER HEIMANN &
                                BERNSTEIN, LLP

23                              275 Battery Street, 29th Floor
                                San Francisco, CA 94111-3339

24                              Telephone: (415) 956-1000
                                Facsimile: (415) 956-1008

25

26                              W. Joseph Bruckner
                                Elizabeth R. Odette

27                              LOCKRIDGE GRINDAL NAUEN P.L.L.P
                                100 Washington Avenue S

28                              Suite 2200

Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981

*Counsel for Direct Purchaser Plaintiffs*

ALSTON & BIRD LLP

By: */s/ Debra D. Bernstein*
Michael P. Kenny (admitted pro hac vice)
Debra D. Bernstein (admitted pro hac vice)
Matthew D. Kent (admitted pro hac vice)
Elizabeth Helmer (admitted pro hac vice)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404)-881-7000
Facsimile: (404)-881-7777
Email: mike.kenny@alston.com
debra.bernstein@alston.com
matthew.kent@alston.com
elizabeth.helmer@alston.com
James M. Wagstaffe, Esq. (SBN 95535)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, California 94105-1576
Telephone: (415)-371-8500
Facsimile: (415)371-0500
Email: wagstaffe@kerrwagstaffe.com

*Counsel For Plaintiffs Dell Inc. and Dell
Products L.P.*

BOIES, SCHILLER & FLEXNER LLP

By: */s/ Philip J. Iovieno*
Philip J. Iovieno
Anne M. Nardacci
**BOIES, SCHILLER & FLEXNER LLP**
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com

William A. Isaacson
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave. NW, Suite 800

- 29 -

1   Washington, D.C. 20015
    Telephone: (202) 237-2727
2   Facsimile: (202) 237-6131
3   Email: wisaacson@bsfllp.com

4   Stuart Singer
    **BOIES, SCHILLER & FLEXNER LLP**
5   401 East Las Olas Blvd., Suite 1200
    Fort Lauderdale, FL 33301
6   Telephone: (954) 356-0011
7   Facsimile: (954) 356-0022
    Email: ssinger@bsfllp.com

8

9   *Liaison Counsel for Direct Action Plaintiffs and*
    *Attorneys for Plaintiffs Electrograph Systems,*
10  *Inc., Electrograph Technologies, Corp., Office*
    *Depot, Inc., CompuCom Systems, Inc., Interbond*
11  *Corporation of America, P.C. Richard & Son*
    *Long Island Corporation,*
12  *MARTA Cooperative of America, Inc., ABC*
    *Appliance, Inc., Schultze Agency Services LLC*
13  *on behalf of Tweeter Opco, LLC and Tweeter*
    *Newco, LLC, and Tech Data Corporation and*
14  *Tech Data Product Management, Inc.*

15  BILZIN SUMBERG MAENA PRICE &
16  AXELROD

17  By: /s/ *Scott N. Wagner*
    Robert W. Turken
18  Scott N. Wagner
    Mitchell E. Widom
19  **BILZIN SUMBERG MAENA PRICE &**
20  **AXELROD**
    LLP
21  1450 Brickell Ave, Suite 2300
    Miami, FL 33131-3456
22  Tel: 305-374-7580
23  Fax: 305-374-7593
    Email: rturken@bilzin.com
24  swagner@bilzin.com
    mwidom@bilzin.com
25

26  *Counsel for Plaintiffs Tech Data Corporation*
    *and Tech Data Product Management, Inc.*
27

28

- 30 -

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ *Roman M. Silberfeld*
Roman M. Silberfeld
Bernice Conn
David Martinez
Jill S. Casselman
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: rmsilberfeld@rkmc.com
dmartinez@rkmc.com
jscasselman@rkmc.com

Elliot S. Kaplan
K. Craig Wildfang
Laura E. Nelson
**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: eskaplan@rkmc.com
kcwildfang@rkmc.com
lenelson@rkmc.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

PERKINS COIE LLP

By: /s/ *David J. Burman*
David J. Burman (*pro hac vice*)
Cori G. Moore (*pro hac vice*)
Eric J. Weiss (*pro hac vice*)
Nicholas H. Hesterberg (*pro hac vice*)
Steven D. Merriman (*pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206)359-8000

- 31 -

1                                           Facsimile: (206)359-9000

                                          Email: DBurman@perkinscoie.com

2                                           CGMoore@perkinsncoie.com

3                                           EWeiss@perkinscoie.com

                                          NHesterberg@perkinscoie.com

4                                           SMerriman@perkinscoie.com

5                                           Joren Bass, Bar No. 208143

6                                           **PERKINS COIE LLP**

                                          Four Embarcadero Center, Suite 2400

7                                           San Francisco, CA 94111-4131

                                          Telephone: (415)344-7120

8                                           Facsimile: (415)344-7320

9                                           Email: JBass@perkinscoie.com

10                                         *Counsel for Plaintiff Costco Wholesale Corporation*

11                                         KENNY NACHWALTER, P.A.

12

13                                         By: */s/ William J. Blechman*

                                          Richard Alan Arnold (*pro hac vice*)

14                                         William J. Blechman (*pro hac vice*)

                                          Kevin J. Murray (*pro hac vice*)

15                                         **KENNY NACHWALTER, P.A.**

16                                         201 S. Biscayne Blvd., Suite 1100

                                          Miami, FL 33131

17                                         Tel: 305-373-1000

                                          Fax: 305-372-1861

18                                         Email: rarnold@knpa.com

                                          wblechman@knpa.com

19                                         kmurray@knpa.com

20                                         *Counsel for Plaintiffs Sears, Roebuck and Co. and Kmart Corp.*

21

22                                         SUSMAN GODFREY L.L.P.

23                                         By: */s/ Kenneth S. Marks*

                                        Kenneth S. Marks

24                                         Jonathan J. Ross

                                        Johnny W. Carter

25                                         David M. Peterson

26                                         **SUSMAN GODFREY L.L.P.**

                                        1000 Louisiana Street, Suite 5100

27                                         Houston, Texas 77002

                                        Telephone: (713) 651-9366

28                                         Facsimile: (713) 654-6666

1 | Email: kmarks@susmangodfrey.com
2 | jross@susmangodfrey.com;
   | jcarter@susmangodfrey.com
3 | jconnors@susmangodfrey.com

4 | Parker C. Folse III
   | Rachel S. Black
5 | Jordan Connors
   | **SUSMAN GODFREY L.L.P.**
6 | 1201 Third Avenue, Suite 3800
7 | Seattle, Washington 98101-3000
   | Telephone: (206) 516-3880
8 | Facsimile: (206) 516-3883
   | Email: pfolse@susmangodfrey.com
9 | rblack@susmangodfrey.com
   | jconnors@susmangodfrey.com
10

11 | *Counsel for Plaintiff Alfred H. Siegel, as Trustee*
    | *of the Circuit City Stores, Inc. Liquidating Trust*
12

13 | CROWELL & MORING LLP

14 | By: /s/ *Jason C. Murray*
    | Jason C. Murray (CA Bar No. 169806)
15 | **CROWELL & MORING LLP**
    | 515 South Flower St., 40th Floor
16 | Los Angeles, CA 90071
    | Telephone: 213-443-5582
17 | Facsimile: 213-622-2690
    | Email: jmurray@crowell.com
18 | Jerome A. Murphy (*pro hac vice*)
19 | Astor H.L. Heaven (*pro hac vice*)
    | **CROWELL & MORING LLP**
20 | 1001 Pennsylvania Avenue, N.W.
    | Washington, D.C. 20004
21 | Telephone: 202-624-2500
    | Facsimile: 202-628-5116
22 | E-mail: jmurphy@crowell.com
    | aheaven@crowell.com
23

24 | *Counsel for Target Corp. and ViewSonic Corp.*

25 | **MUNGER, TOLLES & OLSON LLP**

26 | By: /s/ *Brad D. Brian*

27 | BRAD D. BRIAN (SBN 079001)
28 | brad.brian@mto.com

JOINT CASE MANAGEMENT STATEMENT: MASTER
FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

1   GREGORY J. WEINGART (SBN 157997)
    gregory.weingart@mto.com
2   SUSAN E. NASH (SBN 101837)
    susan.nash@mto.com
3   E. MARTIN ESTRADA (SBN 223802)
    martin.estrada@mto.com
4   **MUNGER, TOLLES & OLSON LLP**
5   355 South Grand Avenue, Thirty-Fifth Floor
    Los Angeles, CA 90071-1560
6   Telephone: (213) 683-9100
    Facsimile: (213) 687-3702
7

8   *Attorneys for Defendant LG Electronics, Inc.*

9   **WINSTON & STRAWN LLP**

10  By: */s/ Jeffrey L. Kessler*
    _____
11  JEFFREY L. KESSLER *(pro hac vice)*
    ALDO A. BADINI (257086)
12  EVA COLE *(pro hac vice)*
    MOLLY M. DONOVAN *(pro hac vice)*
13  WINSTON & STRAWN LLP
    200 Park Avenue
14  New York, New York 10166-4193
    Telephone: (212) 294-6700
15  Facsimile: (212) 294-4700
    Email: jkessler@winston.com
16
    DAVID L. YOHAI (pro hac vice)
17  Email: david.yohai@weil.com
    ADAM C. HEMLOCK (pro hac vice)
18  Email: adam.hemlock@weil.com
    WEIL, GOTSHAL & MANGES LLP
19  767 Fifth Avenue
    New York, New York 10153-0119
20  Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
21
    *Attorneys for Defendants Panasonic*
22  *Corporation*
    *(f/k/a Matsushita Electric Industrial*
23  *Co., Ltd.), Panasonic Corporation of North*
    *America, and MT Picture Display Co., Ltd.*
24

25  **JENNER & BLOCK LLP**

26  By: */s/ Terrence J. Truax*
    _____
27  Terrence J. Truax *(pro hac vice)*
    Email: ttruax@jenner.com
28  Charles B. Sklarsky *(pro hac vice)*
    Email: csklarsky@jenner.com

JOINT CASE MANAGEMENT STATEMENT: MASTER
                FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

Michael T. Brody (*pro hac vice*)
Email: mbrody@jenner.com
Gabriel A. Fuentes (*pro hac vice*)
Email: gfuentes@jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone:      (312) 222-9350
Facsimile:      (312) 527-0484

Brent Caslin (Cal. Bar. No. 198682)
JENNER & BLOCK LLP
633 West Fifth Street
Suite 3600
Los Angeles, California 90071
Telephone:    (213) 239-5100
Facsimile:    (213) 239-5199
bcaslin@jenner.com
Harold A. Barza (Cal. Bar. No. 80888)
halbarza@quinnemanuel.com
Kevin Y. Teruya (Cal. Bar. No. 235916)
kevinteruya@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:      (213) 443-3000
Facsimile:      (213) 443-3100
Ryan S. Goldstein (Cal. Bar No. 208444)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
ryangoldstein@quinnemanuel.com
NBF Hibiya Building, 25F
1-1-7, Uchisaiwai-cho, Chiyoda-ku
Tokyo 100-0011, Japan
Telephone:      +81 3 5510 1711
Facsimile:      +81 3 5510 1712

*Attorneys for Defendants Mitsubishi Electric
Corporation, Mitsubishi Electric US, Inc., and
Mitsubishi Electric Visual Solutions America,
Inc.*

**WHITE & CASE LLP**
By: */s/ Lucius B. Lau*
Christopher M. Curran (pro hac vice)
ccurran@whitecase.com

JOINT CASE MANAGEMENT STATEMENT: MASTER
FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

1

Lucius B. Lau (pro hac vice)
alau@whitecase.com

2

Dana E. Foster (pro hac vice)
defoster@whitecase.com

3

WHITE & CASE LLP
701 Thirteenth Street, N.W.

4

Washington, DC 20005

5

tel.: (202) 626-3600
fax: (202) 639-9355

6

7

*Attorneys for Defendants Toshiba Corporation,*

8

*Toshiba America, Inc., Toshiba America Information Systems, Inc.,*

9

*Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

10

11

12

**GIBSON, DUNN & CRUTCHER LLP**

13

By: */s/ Rachel S. Brass*

14

JOEL S. SANDERS (Cal. Bar. No. 107234)
Email: jsanders@gibsondunn.com

15

RACHEL S. BRASS (Cal. Bar. No. 219301)
Email: rbrass@gibsondunn.com

16

AUSTIN V. SCHWING (Cal. Bar. No. 211696)

17

Email: aschwing@gibsondunn.com

18

GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000

19

San Francisco, CA 94105
Telephone: (415) 393-8200

20

Facsimile: (415) 393-8306

21

WILLIAM S. FARMER, SBN 46694

22

Email: WFarmer@FBJ-law.com
DAVID BROWNSTEIN, SBN 141929

23

Email: DBrownstein@FBJ-law.com
JACOB ALPREN, SBN 235713

24

Email: JAlpren@FBJ-law.com
FARMER BROWNSTEIN JAEGER LLP

25

235 Montgomery Street, Suite 835
San Francisco California 94104

26

Telephone (415) 962-2876
Facsimile: (415) 520-5678

27

28

*Attorneys for Defendants Chunghwa Picture*

JOINT CASE MANAGEMENT STATEMENT: MASTER
FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

1    *Tubes, Ltd. and Chunghwa Picture Tubes*
2    *(Malaysia) Sdn. Bhd.*

3    **FAEGRE BAKER DANIELS LLP**

4    By: */s/ Kathy L. Osborn*
      KATHY L. OSBORN (pro hac vice)
5    Email: kathy.osborn@FaegreBD.com
      RYAN M. HURLEY (pro hac vice)
6    Email: ryan.hurley@FaegreBD.com
      FAEGRE BAKER DANIELS LLP
7    300 N. Meridian Street, Suite 2700
      Indianapolis, IN 46204
8    Telephone: (317) 237-0300
      Facsimile: (317) 237-1000
9

10   JEFFREY S. ROBERTS (pro hac vice)
      Email: jeff.roberts@FaegreBD.com
11   FAEGRE BAKER DANIELS LLP
      3200 Wells Fargo Center
12   1700 Lincoln Street
      Denver, CO 80203
13   Telephone: (303) 607-3500
      Facsimile: (303) 607-3600
14

15   *Attorneys for Defendants Thomson SA and*
16   *Thomson Consumer Electronics, Inc.*

17   **SQUIRE PATTON BOGGS (US) LLP**

18   By: */s/ Nathan Lane, III*
      MARK C. DOSKER
19   Email: mark.dosker@squirepb.com
      NATHAN LANE, III
20   Email: nathan.lane@squirepb.com
      275 Battery Street, Suite 2600
21   San Francisco, CA 94111
      Telephone: (415) 954-0200
22   Facsimile: (415) 393-9887
23

24   DONALD A. WALL (pro hac vice)
      Email: donald.wall@squirepb.com
25   SQUIRE PATTON BOGGS (US) LLP
      1 East Washington Street, Suite 2700
26   Phoenix, Arizona 85004
      Telephone: (602) 528-4000
27   Facsimile: (602) 253-8129

28

- 37 -

*Attorneys for Defendant Technologies Displays Americas LLC with respect to all cases except Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: */s/ Jeffrey I. Zuckerman*

Jeffrey I. Zuckerman (pro hac vice)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: 202.452.7350
Facsimile: 917.368.7350
Email: jzuckerman@curtis.com

Arthur Gaus (SBN 289560)
DILLINGHAM & MURPHY, LLP
601 California Street, Suite 1900
San Francisco, California 94108
Telephone: 415.397.2700
Facsimile: 415.397-3300
Email: asg@dillinghammurphy.com

*Attorneys for Defendant Technologies Displays Americas LLC with respect to Sears, Roebuck and Co., et al. v. Technicolor SA, et al.*

**BAKER BOTTS L.L.P**

By: */s/ John T. Taladay*

JOHN M. TALADAY (*pro hac vice*)
ERIK T. KOONS (*pro hac vice*)
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
Email: john.taladay@bakerbotts.com
Email: erik.koons@bakerbotts.com

JON V. SWENSON (SBN 233054)
BAKER BOTTS L.L.P.
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500

JOINT CASE MANAGEMENT STATEMENT: MASTER FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

Facsimile: (650) 739-7699
E-mail: jon.swenson@bakerbotts.com

*Attorneys for Defendants Koninklijke Philips N.V.,*
*Philips Electronics North America Corporation,*
*Philips Taiwan Limited, and Philips do Brasil,*
*Ltda.*

**KIRKLAND & ELLIS LLP**

By: */s/ Eliot A. Adelson*

Eliot A. Adelson
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500
Email: eadelson@kirkland.com

James H.  Mutchnik, P.C. *(pro hac vice)*
Barack S. Echols *(pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago,  Illinois 60654
Tel: (312) 862-2000
Facsimile: (312) 862-2200
Email: jmutchnik@kirkland.com
Email: bechols@kirklan.com

*Attorneys for Defendants Hitachi, Ltd., Hitachi*
*Displays, Ltd. (n/k/a Japan Display Inc.),*
*Hitachi*
*America, Ltd., Hitachi Asia, Ltd., and Hitachi*
*Electronic Devices (USA), Inc.*

**SHEPPARD, MULLIN, RICHTER &**
**HAMPTON LLP**

By:     */s/ Michael W. Scarborough*
GARY L. HALLING (66087)
Email:  ghalling@sheppardmullin.com
JAMES L. McGINNIS (95788)
Email:  jmcginnis@sheppardmullin.com
MICHAEL W. SCARBOROUGH (203524)
Email:  mscarborough@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP

JOINT CASE MANAGEMENT STATEMENT: MASTER
FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

1   Four Embarcadero Center, 17th Floor
    San Francisco, California 94111-4109
2   Telephone:  (415)-434-9100
    Facsimile:  (415)-434-3947
3

4   *Attorneys for Defendants Samsung SDI America,
    Inc.,*
5   *Samsung SDI Co., Ltd., Samsung SDI
    (Malaysia) Sdn. Bhd.,*
6   *Samsung SDI Mexico S.A. de C.V., Samsung SDI
    Brasil Ltda.,*
7   *Shenzhen Samsung SDI Co. Ltd. and Tianjin
    Samsung SDI  Co., Ltd.*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT: MASTER
FILE NO. 3:07-CV-05944-JST; MDL NO. 1917

1

## **ATTESTATION**

2

3        I, Craig A. Benson, am the ECF user whose ID and password are being used to file the

4   above Joint Case Management Conference Statement Pursuant To The Court's Order Of

5   November 3, 2015 (ECF No. 4164).  In compliance with Civil Local Rule 5-1(i)(3), I hereby

6   attest that each listed counsel above has concurred in this filing.

7

8

9                                              _____*/s/ Craig A. Benson*_____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT: MASTER
                                             FILE NO. 3:07-CV-05944-JST; MDL NO. 1917