Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>*Best Buy Co., Inc. et al. v. Hitachi Ltd., et al.*, No. 3:11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.* No. 2:11-cv-06396;<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd, et al.*, Case No. 11-cv-06397;<br><br>*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723; | Case No. 07-5944 JST<br>MDL No. 1917<br><br><br><br><br><br>**TOSHIBA'S OPPOSITION TO DAPS' MOTION FOR ADMINISTRATIVE RELIEF** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1. *Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656;

2. *Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

3. *Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275;

4. *Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

5. *P.C. Richard & Son Long Island Corp., et al., v. Hitachi, Ltd., et al.¸* No. 3:12-cv-02648;

6. *P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

7. *Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649;

8. *Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

9. *Sharp Elec. Corp. v. Hitachi, Ltd., et al.* No. 3:13-cv-01173;

10. *Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al.*, No. 13-cv-2776; and

11. *Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157.

Toshiba opposes the DAPs' Motion for Administrative Relief (ECF No. 4196) because the DAPs do not — and cannot — identify any legitimate grounds to justify their belated interest in Toshiba's pending objection to the Special Master's November 24, 2014 Recommended Order Re Plaintiffs' Motion to Compel Depositions of Toshiba Witnesses (the "November 24, 2014 Recommended Order") (ECF No. 3146). The DAPs did not join the IPPs in responding to Toshiba's objection, and chose not to file any response of their own over the past year, despite being given repeated opportunities to do so. The DAPs should not be relieved of their waiver at this late date.

Over eleven months ago, in December 2014, the DAPs made the conscious and conspicuous decision not to file their own response to Toshiba's objection or to join the IPPs' Response to Objection of Toshiba Defendants to Order Granting Motion to Compel ("IPP Response") (ECF No. 3171). Although the DAPs joined the IPPs in the underlying motion to compel before Special Master Walker, only the IPPs filed a response to the objection filed by Toshiba with the Court. The DAPs' failure to join the IPP Response or to make their own response must be considered an abandonment of their interest in the motion to compel. Citing to Local Rule 72-2, the DAPs now assert that a written response to Toshiba's objection was "optional" (ECF No. 4196, at 3), but the DAPs do not fairly consider the entirety of the local rule. Presumably, the DAPs rely on that part of the local rule providing: "Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion." The DAPs, however, fail to consider the very next sentence in the local rule, which states: "The District Judge may deny the motion by written order at any time, but may not grant it without first giving the opposing party an opportunity to respond." The IPPs did respond to Toshiba's objection (ECF No. 3171); the DAPs did not, despite the opportunity to do so. Furthermore, via a clerk's notice dated December 8, 2014 (ECF No. 3179), the Court stated: "The Court has reviewed Toshiba's objection 3154 and Plaintiff's response 3171 and an order is forthcoming. The objection shall not be deemed denied under Civil Local Rule 72-2." Even after this December 8, 2014 notification, the DAPs did not file a response.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA'S OPPOSITION TO DAPS' MOTION FOR ADMINISTRATIVE RELIEF
Case No. 07-5944 JST
MDL No. 1917

The DAPs assert that, because they were original signatories to the motion to compel, they are "real parties in interest," but this argument ignores the well-recognized rule that arguments that are not pursued and preserved are waived. *See U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 348 F. App'x 208, 211 (9th Cir. 2009) (affirming district court's holding that arguments that are not properly raised or preserved are waived); *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 358 F. App'x 793, 795 (9th Cir. 2009) (holding that when an argument is not raised in a motion it is thereby waived). By failing to respond to Toshiba's objection (either by joining the IPP Response or by filing their own response), the DAPs waived all rights they had in the underlying motion to compel.

The DAPs also assert that they should be able to appear and argue at the November 23, 2015 hearing because the IPPs took "lead responsibility" for the motion to compel as part of an effort to "coordinate discovery." The DAPs do not — and cannot — explain why they were co-signatories on the motion to compel, but not on the IPP Response. The DAPs plainly abandoned the IPPs, a point Toshiba expressly made in its reply brief addressing the IPP Response. *See* ECF No. 3185, at 1. As of the filing of Toshiba's reply brief, the Court and the parties, including Toshiba, were entitled to understand that all parties wishing to be heard had been heard from and that briefing was complete.

Lastly, the IPPs withdrew the IPP Response (ECF No. 3812, at 7), but the DAPs did not subsequently notify the Court that their interests were implicated by that withdrawal, even though they were expressly invited to do so. *See* ECF No. 3866, at 3-4 (directing "counsel for any party to this MDL whose interests may be implicated by the withdrawal of a pending motion by a settling party to submit a letter brief (no later than July 7, 2015) addressing whether the motion should nonetheless remain pending and the reasons therefor"). Now that a hearing has been set, almost a year after the objection was raised, the DAPs suddenly seek to assert an interest in the pending objection. The Court should not forgive the DAPs' waiver and abandonment; instead, the Court should stand by the wording of its Order Setting Hearing on Report and Recommendation (ECF No. 4188), and only allow those parties that filed briefs

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  regarding the November 24, 2014 Recommended Order to address the Court at the November
2  23, 2015 hearing.
3      For these reasons, the Court should deny the DAPs' Motion for Administrative Relief.

Respectfully submitted,

Dated:  November 19, 2015                      **WHITE & CASE** LLP

By: */s/ Christopher M. Curran*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CERTIFICATE OF SERVICE**

On November 19, 2015, I caused a copy of "TOSHIBA'S OPPOSITION TO DAPS' MOTION FOR ADMINISTRATIVE RELIEF" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By: _/s/ Lucius B. Lau_
Lucius B. Lau

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA'S OPPOSITION TO DAPS' MOTION FOR ADMINISTRATIVE RELIEF
Case No. 07-5944 JST
MDL No. 1917