# EXHIBIT 1

**Joseph Scott St. John**
Attorney-at-Law

October 26, 2015

514 Mockingbird Drive
Long Beach, MS 39560

jscottstjohnpublic@gmail.com


<u>*Via Electronic Mail*</u>

Mario N. Alioto
Lauren C. Capurro
Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123

malioto@tatp.com
laurenrussell@tatp.com

   Re: **In re Cathode Ray Tube (CRT) Antitrust Litigation,
      Master File No. No. 3:07-cv-5944 SC, MDL No. 1917 (N.D. Cal.)**

Mario and Lauren:

  I write to memorialize our telephonic meet-and-confer of Friday, October 23. I greatly appreciated the candid and fruitful discussion, and I hope we can resolve these issues without troubling the Court.

**<u>Compensation of Special Master Quinn by IPP Counsel</u>**

  We began by discussing Special Master Quinn's compensation for work in connection with IPP Counsel's Fee Motion. In my email requesting a meet-and-confer, I directed your attention to *In re Coordinated Pretrial Proceedings*, 109 F.3d 602 (9th Cir. 1997) ("*CPP*"), in support of my client's argument that IPP Counsel alone should compensate Special Master Quinn for his work in connection with the Fee Motion. We generally discussed that case, including the rule that "[t]ime spent obtaining an attorneys' fee in common fund cases is not compensable because it does not benefit the plaintiff class." *Id.* at 610. You agreed with the general rule set forth in *CPP*, but you suggested that Special Master Quinn's Fee Motion-related compensation is distinguishable because he is performing a duty that the Court would otherwise perform. I responded by noting that it was IPP Counsel who requested the appointment of Special Master Quinn in this case, not the Court. You inquired about cases other than *CPP*, and I explained that other cases support the proposition that class funds can only be used for services that directly benefit the class, i.e., an indirect benefit is not enough.[1]

---

[1] *See, e.g.*, *Class Plaintiffs v. Jaffe & Schlessinger, P.A.*, 19 F.3d 1306 (9th Cir. 1994).

Alioto Page 2

We also discussed the "Litigation Fund" referenced in the Appointment Order for Special Master Quinn. You clarified that the "Litigation Fund" is made up of funds contributed by various IPP Counsel, i.e., it does not include class funds.

You explained that IPP Counsel have not yet received any bills from Special Master Quinn and, in any event, you expected his fees in connection with IPP Counsel's Fee Motion to be a relatively small amount of money. Accordingly, you stated that IPP Counsel may be willing to accept full responsibility for compensating Special Master Quinn in connection with their Fee Motion. You agreed to discuss the issue with your colleagues and let me know no later than close of business on Tuesday, October 27, 2015, whether IPP Counsel are willing to absorb that expense.

**Standard of Review**

We next discussed the standard of review for the Special Master's factual findings with respect to IPP Counsel's Fee Motion. I explained that clear-error review—as currently set forth in Special Master Quinn's Appointment Order—requires the consent of the class, and IPP Counsel could not provide the requisite consent with respect to the Fee Motion because IPP Counsel have a direct conflict of interest with the class vis-à-vis the Fee Motion. I explained that the law of agency as set forth in the Restatement (Second) of Agency supports that conclusion. You disagreed, and you noted a practical concern with a loss of efficiency if Special Master Quinn's findings are subject to de novo review. You agreed to discuss this issue with your colleagues and let me know IPP Counsel's position no later than close of business on Tuesday, October 27, 2015.

**Form of Resolution**

We discussed the manner in which the compensation and standard of review issues should be raised with the Court. I explained that, if we are able to reach a resolution, a stipulated order or joint motion to amend Special Master Quinn's Appointment Order would be appropriate.

**Nature of Mr. St. John's Objection**

You inquired whether my client objects to the settlements in toto, or if his objection is limited to the issue of IPP Counsel's Fee Motion. I directed you to Mr. St. John's conditional objection to the settlements "[t]o the extent any party contends Mr. St. John's declaration and the exhibits attached thereto are not sufficient to establish his class membership and standing . . . ." I explained that objectors should not be subject to a higher burden of proving standing as compared to other absent class members, and IPP Counsel's subpoena for documents and a deposition on, among other things, his standing were sufficient to trigger Mr. St. John's conditional objection. You explained that questions such as "Where is your receipt?" are "not going to happen." Rather, IPP Counsel issued the subpoenas "to weed out guys that are off the wall," and you have already seen "a couple of objections drop out" as a result.

\*   \*   \*   \*   \*

Alioto Page 3

  I trust that this letter accurately reflects our conversation. If you disagree, please identify the specific error and promptly let me know.

                  Very truly yours,

                  Joseph Scott St. John