# EXHIBIT 2

**Joseph Scott St. John**
Attorney-at-Law

October 29, 2015

514 Mockingbird Drive
Long Beach, MS 39560

jscottstjohnpublic@gmail.com


<u>Via Electronic Mail</u>

Mario N. Alioto
Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123

malioto@tatp.com

      Re:    **_In re Cathode Ray Tube (CRT) Antitrust Litigation_,**
              <u>**Master File No. No. 3:07-cv-5944 SC, MDL No. 1917 (N.D. Cal.)**</u>

Mario:

      I write to memorialize our follow-up telephonic meet-and-confer of earlier today.

**Compensation of Special Master Quinn by IPP Counsel**

      You opened the discussion with the position that objectors should be responsible for 50% of Special Master Quinn's compensation, i.e., a position that would require amendment of the existing Appointment Order, unless their counsel agreed "not . . . to seek anything." I inquired if you had any supporting authority for that position, to which you replied only "equity." I explained that IPP Counsel foisted this litigation upon absent class members; it was IPP Counsel who sought the appointment of Special Master Quinn; and it is solely IPP Counsel who benefit from the Fee Motion. I concluded that equity thus supports IPP Counsel's being solely responsible for Special Master Quinn's compensation. I further explained that the plain text of Federal Rule of Civil Procedure 53 requires the Court consider "the nature and the amount of the controversy" and "the parties' means" in allocating Special Master Quinn's compensation. Applied here, IPP Counsel have $192 million at stake, as compared to the very limited individual stakes of objecting class members, which strongly suggests that IPP Counsel alone should be responsible for all such compensation.

      Later in the call, we addressed the provision of Section 7 of the Appointment Order providing that "[i]n connection with objections and discovery disputes, the [undefined] parties shall pay an equal share of the cost." Referencing your repeated focus on "precedent" throughout our call, I noted that this provision was a significant and problematic deviation from Appointment Orders in other cases. You stated that the provision was "designed for people who don't show up

Alioto Page 2

and dodge subpoenas," I had "nothing to worry about," and we should "talk after" my client's deposition. You then declined to further engage on this issue.

**Standard of Review**

We again discussed the standard of review for the Special Master's factual findings with respect to IPP Counsel's Fee Motion. You took the position that IPP Counsel had "no conflict" in seeking appointment of the Special Master. You further noted that my client might be happy with his ruling vis-à-vis the Fee Motion, in which case it would be IPP Counsel seeking de novo review. I explained that objectors are in a procedurally different posture vis-à-vis the standard of review, since IPP Counsel's consent to clear error review on their own behalf was not conflicted and presumptively valid.

You noted that the point of the special master "is to expedite things," and de novo review would result in no savings because another hearing would be required, etc. I explained that de novo review does not necessarily require additional hearings, and that there is case law on this point.

I noted the interaction of the standard of review with a broader concern with the timing of Special Master Quinn's appointment. Specifically, IPP Counsel nominated a single candidate, timed their motion so that no one would be present to represent the class's interests, and altered the default standard of review to insulate the result. You responded that the timing of IPP Counsel's request for Special Master Quinn's appointment was driven by Judge Conti being "too busy" with other things, referencing his departure from the bench. You then indicated that an attack on the form of the Appointment Order would "effectively challenge other orders in the Northern District of California" and that you "tried to use orders that had been used before," strongly implying that the Appointment Order was based on an order in another case.

You suggested that we "deal with [this issue] when it comes up" and "kick this over and wait and see what happens." I agreed to take your request under advisement.

**Procedure for Resolution**

We discussed how these issues should be raised, if necessary to do so. You argued for a submission to Special Master Quinn. I disagreed, noting that it would put him "in an awkward position, to say the least" to make recommendations vis-à-vis his own Appointment Order, and that these issues should be raised directly with the Court.

*   *   *   *   *

I trust that this letter accurately reflects our conversation. If you disagree, please identify the specific error and promptly let me know.

Very truly yours,

Joseph Scott St. John