# EXHIBIT

# 7

1  ANDREA VALDEZ (Cal. Bar No. 239082)
   530 S. Lake Avenue, No. 574
2  Pasadena, CA 91101
   Tel: (626) 817-6547
3  andrea.valdez.esq@gmail.com

4  JOSEPH SCOTT ST. JOHN (*pro hac vice*)
   514 Mockingbird Drive
5  Long Beach, MS 39560
   Tel: 410-212-3475
6  jscottstjohnpublic@gmail.com

7  *Attorneys for Objector Douglas W. St. John*

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12  **IN RE CATHODE RAY TUBE (CRT)**        Master File No. 3:07-cv-5944 JST
    **ANTITRUST LITIGATION**
13                                          MDL No. 1917

14                                          **DECLARATION OF ATTORNEY**
                                            **JOSEPH SCOTT ST. JOHN**
15                                          **IN SUPPORT OF**
                                            **MOTION FOR DISCOVERY**
16
                                            Judge: Hon. Jon S. Tigar
17  This Document Relates To:
    All Indirect Purchaser Actions          Special Master: Martin Quinn.
18

19

20

21

22

23

24

25

26

27

28

I, Joseph Scott St. John, declare and state as follows:

1.     I am an attorney duly licensed in the State of Mississippi, the State of Louisiana, and the District of Columbia. I represent Douglas W. St. John, a resident of the State of Mississippi, in connection with the above-captioned matter.

2.     I make this declaration in support of Objector Douglas W. St. John's Motion for Discovery.

3.     I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I would testify truthfully as follows.

4.     Composite Exhibit 1 includes true and correct copies of (a) an email chain between me and IPP Counsel Robert Gralewski, and (b) correspondence from me to IPP Counsel Robert Gralewski attached to one of the emails in that chain.

5.     Composite Exhibit 2 includes true and correct copies of (a) an email from me to IPP Counsel Robert Gralewski, and (b) correspondence from me to IPP Counsel Robert Gralewski attached to that email..

6.     Exhibit 3 is a true and correct copy of an email I received from IPP Counsel Robert Gralewski.

7.     Composite Exhibit 4 includes true and correct copies of (a) an email from me to IPP Counsel Robert Gralewski, and (b) Responses and Objections attached to that email.

8.     Exhibit 5 is a true and correct copy of correspondence that I emailed to IPP Counsel Mario Alioto.

9.     Exhibit 6 is a true and correct copy of an email chain between me and IPP Counsel Mario Alioto.

10.    Further declarant sayeth not.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed: November 20, 2015

                              /s/ Joseph Scott St. John

                              Joseph Scott St. John

# COMPOSITE EXHIBIT 1



**Scott St John (public) <j.scott.stjohn.public@gmail.com>**

---

# CRT - St. John Objection

---

**Scott St John (public)** <j.scott.stjohn.public@gmail.com>      Tue, Oct 13, 2015 at 12:59 PM
To: Bob Gralewski <bgralewski@kmllp.com>
Cc: andrea.valdez.esq@gmail.com

Mr. Gralewski,

Please see the attached correspondence.

Best regards,
Joseph S. St. John

On Tue, Oct 13, 2015 at 11:37 AM, Bob Gralewski <bgralewski@kmllp.com> wrote:
    Thanks for responding.  I just missed you.  Calling now…..

      On Oct 13, 2015, at 9:33 AM, Scott St John (public) <j.scott.stjohn.public@gmail.com> wrote:

      Mr. Gralewski,

      I just left you a voice mail.  Please give me a call at 410-212-3475 when you are free.

      Regards,
      Joseph S. St. John

      On Mon, Oct 12, 2015 at 1:23 PM, Bob Gralewski <bgralewski@kmllp.com> wrote:
        Andrea and Joe,

        I am one of the CRT lawyers who represent the Class.  I have reviewed the objection you filed on behalf of
        Douglas St. John.  I am writing to let you know that we intend to take Mr. St. John's deposition.  Can you let me
        know by noon Pacific tomorrow (Tuesday) if you intend to make Mr. St. John available for deposition.  If you
        will, we will happily discuss a date and time that is convenient for your client between October 28th and
        November 4th.  Of course we will also take the deposition close to his place of residence.

        If you would like to talk on the phone, my office number is 619-398-4340 and my mobile number is
        619-818-6255.

        I look forward to hearing back from you.

        Regards,

        Bob Gralewski
        Kirby McInerney LLP

---

📄 **2015.10.13 St. John to Gralewski re Telephone Conference.pdf**
112K

**Joseph Scott St. John**
**Attorney-at-Law**

October 13, 2015

514 Mockingbird Drive
Long Beach, MS 39560

jscottstjohnpublic@gmail.com


*Via Electronic Mail*

Robert J. Gralewski, Jr.
Kirby McInerney LLP
600 B Street, Suite 1900
San Diego, CA  92101

bgralewski@kmllp.com

     Re:     ***In re Cathode Ray Tube (CRT) Antitrust Litigation,***
                  **Master File No. No. 3:07-cv-5944 SC, MDL No. 1917 (N.D. Cal.)**

Mr. Gralewski:

     I write to memorialize our telephone conversation of earlier today regarding your request to depose my client, Douglas W. St. John, an unnamed class member who filed an objection regarding your attorney fee request in the above-captioned litigation.

     I opened our conversation by inquiring why you are seeking to take Mr. St. John's deposition. You stated that you were not willing to provide that information, that my client's objection raises "serious contentions," and that you "think [you] have good reasons" to take his deposition. I specifically asked if you had any reason to doubt that my client had standing or good faith, but you stated that you "haven't looked closely" at his objection. Only when I questioned why you were then insisting on a deposition did you suddenly recall reviewing Mr. St. John's objection. You then stated that depositions of objectors are "not extraordinary" and that you are "entitled" to take their depositions. I disagreed, noting that such depositions are strongly disfavored.[1]

     We next turned to the substance of Mr. St. John's deposition. I provided an overview of his expected testimony, but you stated that nothing I could say was likely to change your mind vis-à-vis the need to depose him. You further stated your belief that the standing inquiry under the settlement was minimal, that consumers "don't have to disassemble their TVs," and that they "don't even still

---

[1]     *Corpac v. Rubin & Rothman LLC*, No. 10-civ-4165 (E.D.N.Y. July 18, 2012); *see also, e.g.*, *Clark v. Universal Builders, Inc.*, 501 F. 2d 324, 341 (7th Cir. 1974) ("the party seeking the depositions [of absent class members] has the burden of showing necessity and absence of any motive to take undue advantage of the class members").

Gralewski Page 2

need to have their TVs." I noted that your representations were in significant tension with Mr. Alioto's representations to the Court at the certification stage.[2]

I made clear that Mr. St. John is willing to be deposed for the 1-2 hours that you stated you are seeking.  But before agreeing such a deposition, I asked if discovery would be reciprocal, noting that what is good for the goose is good for the gander. I then noted the very serious allegations made by Mr. Bonsignor and Mr. Scarpulla as supporting the need for reciprocal discovery. You replied that you "doubt we would agree to" any depositions, and you are "disinclined" to agree to document requests.

Having first emailed me yesterday afternoon regarding a deposition for Mr. St. John, you stated that you "need to act quickly" and Mr. St. John cannot have a day or two to review your proposed discovery before deciding on the appropriate course of action. You nevertheless agreed to provide your proposed document requests to me via electronic mail.

At the close of our call, I specifically reserved the right to seek sanctions for abusive, unduly burdensome, and unwarranted discovery should you insist on taking Mr. St. John's deposition. You acknowledged that I had done so.

*       *       *       *       *

I trust that this letter accurately reflects our conversation. If you disagree, please identify the specific error and promptly let me know.

I look forward to receiving your proposed document requests. Subject to further discussion regarding mutual discovery, you should tentatively schedule Mr. St. John's deposition for November 4, 2015, in or around Gulfport, Mississippi at a location of your choosing. IPP Counsel will, of course, bear all expenses in connection with Mr. St. John's deposition.

Very truly yours,

Joseph Scott St. John

---

[2]       *See, e.g.*, *R & R Regarding IPPs Motion for Class Certification* (D.E. 1742) at 14-15, *adopted in full* (D.E. 1950) at 2.

# COMPOSITE EXHIBIT 2



**Scott St John (public) <j.scott.stjohn.public@gmail.com>**

---

## CRT - St. John Deposition

---

**Scott St John (public)** <j.scott.stjohn.public@gmail.com>           Wed, Oct 14, 2015 at 11:58 AM
To: Bob Gralewski <bgralewski@kmllp.com>
Cc: andrea.valdez.esq@gmail.com

Mr. Gralewski,

Please see the attached correspondence.

Best regards,
Joseph S. St. John

---

📄 **2015.10.14 St. John to Gralewski re Deposition Scheduling.pdf**
98K

**Joseph Scott St. John**
**Attorney-at-Law**

October 14, 2015

514 Mockingbird Drive
Long Beach, MS 39560

jscottstjohnpublic@gmail.com

*Via Electronic Mail*

Robert J. Gralewski, Jr.
Kirby McInerney LLP
600 B Street, Suite 1900
San Diego, CA  92101

bgralewski@kmllp.com

Re:    *In re Cathode Ray Tube (CRT) Antitrust Litigation,*
       Master File No. No. 3:07-cv-5944 SC, MDL No. 1917 (N.D. Cal.)

Mr. Gralewski:

Further to yesterday's conversation, I write regarding the scheduling of your deposition of my client, absent class member Douglas W. St. John.

*First*, after additional consultations with my client, I understand that he is scheduled to serve as a poll manager for the November 3, 2015, Mississippi General Election. That civic duty requires his physical presence at the poll from 7 a.m. until 7 p.m. on November 3, with additional hours spent setting up the poll and transporting ballots to the courthouse.

In view of my client's age and the extraordinarily long day he anticipates on November 3, I ask that you minimize the substantial burden you are imposing by setting his deposition for November 2 or November 5.

*Second*, please promptly confirm in writing your representation that Mr. St. John's deposition will be limited to no more than two hours. *Cf. Special Master's Amended Order, In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. 07-civ-1827 (D.E. 7011) (N.D. Cal. Oct. 19, 2012) at ¶ 5, *adopted in relevant part* (D.E. 7152) (N.D. Cal. Nov. 14, 2012). Additionally, to avoid the need for motion practice, please confirm in writing that (a) the expenses of the deposition will be paid by IPP Counsel, and (b) the deposition will be limited to Mr. St. John's standing as a class member, factual support for his objection, whether he has objected in other cases, and if so, the circumstances surrounding such objections. *Id.*

Gralewski Page 2

*Third*, for the avoidance of doubt, Mr. St. John will not be deposed voluntarily; he will appear only pursuant to a valid subpoena. Mr. St. John reserves the right to object to any such subpoena.

Please don't hesitate to contact me with any questions or concerns. I look forward to your prompt response.

Very truly yours,

Joseph Scott St. John

# EXHIBIT

# 3



**Scott St John (public) <j.scott.stjohn.public@gmail.com>**

---

## CRT - St. John Objection

---

**Bob Gralewski** <bgralewski@kmllp.com>           Wed, Oct 14, 2015 at 5:24 PM
To: jscottstjohnpublic@gmail.com

Joseph,

Thank you for your October 13th and October 14th letters.

First, with respect to your October 13th letter, despite the tone of the letter, I thought we had a generally constructive conversation. For example, I explained how it appeared that you may understand aspects of the settlement and invited an open dialog about that and other matters. Unfortunately, that aspect of our call didn't make it into your letter.

Second, among the errors or mischaracterizations in your October 13th letter are:

- the suggestion that I hadn't reviewed your client's objection. As I told you, in an effort to phone you back promptly, I didn't have your client's objection up on my screen and didn't have immediate recall of your client;
- the intimation that I am not giving you enough time to consider things. As I explained, you can agree to accept service of the subpoena or not. I have to proceed to serve the subpoena quickly to ensure proper notice is given under our schedule;
- tension involving Mr. Alioto's statements. There is no tension with any of Mr. Alioto's representations to the Court and my statements regarding filing a claim; and
- Mr. Bonsignore's accusations. Both Mr. Bonsignore's and Mr. Scarpulla's allegations regarding Mr. Alioto are demonstrably false.

As you implicitly recognize in your October 14th letter, you are also incorrect that objector depositions are disfavored. Class Counsel was permitted to depose an objector earlier in this case, and as you know objector depositions were allowed in this phase of the case in the LCD litigation.

We will not agree to any "reciprocal" discovery.

With respect to "bearing all expenses," to be clear, we will pay for the court reporter and any rental of space, but your client will be responsible for his own attorneys' fees and other expenses, except that your client shall receive the normal witness fee from us as well as a mileage reimbursement.

As I said I would do, I'm attaching a copy of the subpoena directed to your client. At the time I prepared the subpoena, I thought you wanted the deposition scheduled on November 4th and I complied with your tentative request, but I understand now that you prefer November 2nd or 5th. We are happy to schedule the deposition on November 2nd at the same place and time of day.

Given the short window of time we have for notice, we have initiated steps to formally and personally serve the subpoena because you hadn't given me a straight answer with respect to accepting service. I can now represent to you that if you produce documents at least two days before the deposition, your client's deposition will be limited to no more than two hours and questioning will be limited to his standing, factual support for his objection, any prior objections, and if so, the circumstances of such objections including any compensation received.

With these representations, if you're now willing to accept service of the attached subpoena instead of a process server personally serving your client, please let me know, and I'll try to halt those efforts.

I look forward to hearing from you.

Regards,

Bob

---

**St. John.pdf**
525K

# COMPOSITE EXHIBIT 4



**Scott St John (public) <j.scott.stjohn.public@gmail.com>**

---

## CRT - St. John Subpoena Response (1 of Multiple)

---

**Scott St John (public)** <j.scott.stjohn.public@gmail.com>                 Thu, Oct 29, 2015 at 10:00 PM
To: Bob Gralewski <bgralewski@kmllp.com>
Cc: andrea.valdez.esq@gmail.com

Mr. Gralewski,

Attached, please find objector Douglas W. St. John's Responses and Objections to your subpoena, together with his privilege log. Production documents will follow in multiple emails. Please note that this production contains documents designated as confidential or highly confidential pursuant to the protective order entered in this litigation.

Regards,
Joseph S. St. John

---

**2 attachments**

 **St. John Privilege Log (2015.10.29 FINAL).xlsx.pdf**
39K

 **St. John Responses and Objections to Subpoena (2015.10.29 FINAL).pdf**
146K

1   ANDREA VALDEZ (Cal. Bar No. 239082)
    530 S. Lake Avenue, No. 574
2   Pasadena, CA 91101
    Tel: (626) 817-6547
3   andrea.valdez.esq@gmail.com

4   JOSEPH SCOTT ST. JOHN (appearance *pro hac vice*)
    514 Mockingbird Drive
5   Long Beach, MS 39560
    Tel: 410-212-3475
6   jscottstjohnpublic@gmail.com

7   *Attorneys for Objector Douglas W. St. John*

8

9

10                  **UNITED STATES DISTRICT COURT**

11                **NORTHERN DISTRICT OF CALIFORNIA**

12                   **SAN FRANCISCO DIVISION**

13
    **IN RE CATHODE RAY TUBE (CRT)**           Master File No. 3:07-cv-5944 SC
14  **ANTITRUST LITIGATION**
                                                MDL No. 1917
15
                                                **RESPONSES AND OBJECTIONS**
16                                              **OF ABSENT CLASS MEMBER**
                                                **DOUGLAS W. ST. JOHN TO**
17                                              **THE AMENDED SUBPOENA**
                                                **DUCES TECUM ISSUED BY**
18                                              **ROBERT J. GRALEWSKI, JR.**

19  This Document Relates To:

20  All Indirect Purchaser Actions

21

22

23

24

25

26

27

28

Pursuant to the Federal Rules of Civil Procedure, absent class member Douglas W. St. John ("Mr. St. John"), by the undersigned attorneys, hereby provides his responses and objections to the Subpoena to Testify at a Deposition in a Civil Action ("the Subpoena") issued by IPP Counsel Robert J. Gralewski, Jr., and dated October 13, 2015, as amended on or about October 21, 2015.

## GENERAL OBJECTIONS

1. Mr. St. John objects to the subpoena as untailored, over broad, unduly burdensome, harassing, oppressive, abusive, and needlessly increasing the cost of the litigation—particularly given his status as an absent class member—for at least the following reasons:

a. IPP Counsel refused to provide any rationale for seeking discovery—let alone Mr. St. John's deposition—beyond an unsupported claim that they are "entitled" to do so. *See* J.S. St. John Letter to Grewalski (Oct. 13, 2015). But "the party seeking the depositions [of absent class members] has the burden of showing necessity and absence of any motive to take undue advantage of the class members." *Clark v. Universal Builders, Inc.,* 501 F. 2d 324, 341 (7th Cir. 1974); *see also, e.g., Corpac v. Rubin & Rothman, LLC,* No. 10-cv-4165, 2012 WL 2923514, at *2-3 (E.D.N.Y. July 18, 2012) (declining to permit deposition of objector absent "strong showing" of need); William B. Rubenstein, *Newberg on Class Actions* § 13:33 (5th ed. 2014) ("[D]iscovery from objectors should not be automatic lest it dissuade class members from exercising their right to object," and a court should compel such discovery only "after some preliminary showing by class counsel of collusion or malfeasance by the objector.").

b. Mr. St. John made a prima facie showing of his standing to object. *See* Declaration of Douglas W. St. John (D.E. 4107). And IPP Counsel conceded that the standing inquiry under the settlements is minimal: consumers "don't have to disassemble their TVs," and they "don't even still need to have their TVs." *See* J.S. St. John Letter to Grewalski (October 13, 2015).

c. Mr. St. John provided a sworn declaration that he submitted his objection "in good faith" and that he has "never before submitted an objection." Declaration of Douglas W. St. John (D.E. 4107) at ¶ 26. The Subpoena nevertheless seeks documents regarding other objections filed by Mr. St. John or his attorneys. **Mr. St. John is willing to meet-and-confer regarding an**

1  **appropriately tailored supplemental declaration to resolve any remaining questions IPP**

2  **Counsel may have.**

3        d.    Essentially identical document requests were stricken as overbroad or were

4  significantly limited by Special Master Quinn in the *TFT-LCD* litigation. Special Master's Amended

5  Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 07-1827 (N.D. Cal. Oct. 19,

6  2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012). Both the attorney who issued the

7  subpoena to Mr. St. John and that attorney's law firm appeared in the *TFT-LCD* litigation, and they

8  presumably were served with and are aware of the Special Master's Amended Order in the that

9  litigation.

10        e.    Mr. St. John expressly reserves the right to seek sanctions and an order requiring

11  payment of his costs, expenses, attorney fees, and professional time, particularly if IPP Counsel

12  insists upon a deposition.

13        2.    Mr. St. John objects to the subpoena as being served for an improper purpose for at

14  least the following reasons:

15        a.    IPP Counsel have served essentially identical, untailored subpoenas on at least **16**

16  objectors.

17        b.    The subpoenas directed to each of the objectors—and the topics of deposition

18  sought by IPP counsel—are largely directed to the motivation of the objectors and their counsel for

19  objecting, a subject that is not relevant to the parties' or IPP Counsels claims and defenses. Further,

20  "[t]his raises a concern that the proposed discovery is being sought to gain a tactical advantage not

21  only in this litigation, but in all . . . class actions involving counsel for the parties." *Corpac v. Rubin &*

22  *Rothman, LLC*, No. 10-cv-4165, 2012 WL 2923514, at *3 (E.D.N.Y. July 18, 2012). That purpose is

23  improper. *See id.* (quashing subpoena).

24        c.    The most reasonable inference is that these subpoenas were issued for the purpose

25  of annoying and harassing class members, including Mr. St. John, who have the temerity to file

26  objections. *Cf. Mattel, Inc. v. Walking Mountain Productions, Inc.*, 353 F.3d 792, 813-14 (9th Cir. 2003)

27  (district court did not abuse its discretion by quashing subpoena and awarding attorney fees after

28  finding subpoena was "served for the purpose of annoying and harassment and not really for the

1   purpose of getting information"). Consistent with that inference, IPP Lead Counsel Mario Alioto

2   explained that the subpoenas directed to objectors are intended "to weed out guys that are off the

3   wall" and that "a couple of objections" have "dropped out" as a result of the subpoenas. *See* J.S. St.

4   John Letter to Alioto (Oct. 26, 2015).

5         d.     Mr. St. John expressly reserves the right to seek sanctions and an order requiring

6   payment of his costs, expenses, attorney fees, and professional time, particularly if IPP Counsel

7   insist upon a deposition.

8         3.     Mr. St. John objects to the Subpoena as a breach of IPP Counsel's obligations to

9   Mr. St. John as a class member.

10         4.     To the extent the subpoena was issued by IPP Counsel acting in their own interest,

11   Mr. St. John objects to the Subpoena as improper and abusive because it was not issued by a party

12   or an attorney acting on behalf of a party.

13         5.     Fact discovery in this matter closed on September 5, 2014. Stipulation and Order

14   Regarding Scheduling (D.E. 2459); *see also* Alioto Dec. (D.E. 4071-1) at ¶ 54. A Federal Rule of Civil

15   Procedure 45 subpoena constitutes discovery, and neither the Court nor the Special Master issued

16   an order authorizing additional discovery. Mr. St. John therefore objects to the Subpoena as

17   improper, abusive, and unenforceable. *See, e.g.*, Fed. R. Civ. P. 16(b)(4); N.D. Cal. Civ. L.R. 37-3.

18         6.     Mr. St. John objects to the Subpoena, and each request, definition, and instruction

19   therein to the extent that it is inconsistent with or attempts to impose burdens or obligations on

20   Mr. St. John beyond those imposed by the Federal Rules of Civil Procedure and applicable law.  Mr.

21   St. John will comply with the Federal Rules of Civil Procedure, but assumes no further obligations

22   in responding to the Subpoena.

23         7.     Mr. St. John objects to the Subpoena and each request, definition, and instruction

24   therein to the extent that it seeks information that is protected from disclosure by the attorney-

25   client privilege, work product doctrine, or any other applicable privilege or protection ("privileged

26   information").  The inadvertent disclosure of privileged information in response to the Subpoena

27   shall not be deemed a waiver of any privilege as to any privileged information inadvertently

28

1  disclosed or any other information or documents relating to the subject matter of any inadvertently

2  disclosed privileged information.

3      8.    Mr. St. John objects to the Subpoena as over broad, unduly burdensome, abusive,

4  oppressive, harassing, and violating the work product doctrine to the extent it seeks discovery from

5  his attorney in this matter without a showing that no other means exist to obtain the information,

6  the information sought is relevant and non-privileged, and the information is crucial to the

7  preparation of the case.

8      9.    Mr. St. John objects to the Subpoena and each request, definition, instruction

9  therein as unduly burdensome and oppressive to the extent that it seeks information that: (a) is

10  already in IPP Counsel's possession, custody, or control; (b) does not exist or is not in Mr. St.

11  John's possession, custody, or control; (c) is equally or more readily available from sources other

12  than Mr. St. John; or (d) IPP Counsel can obtain from other sources that are more convenient, less

13  burdensome, and/or less expensive than requiring absent class member Mr. St. John to provide the

14  information. For the avoidance of doubt, at least pleadings and ECF notifications fall within the

15  scope of this objection, and Mr. St. John will neither search for nor log such documents.

16      10.   Mr. St. John objects to the Subpoena and each request, definition, and instruction

17  therein to the extent that it seeks information that is not relevant to any claim or defense asserted

18  by a party in this action or otherwise beyond the scope of permissible discovery in this action.

19      11.   Mr. St. John objects to the Subpoena and each request, definition, and instruction

20  therein to the extent that it does not specify a time period or seeks to impose an unreasonable time

21  period.

22      12.   Mr. St. John's responses to these requests shall not be construed in any way as an

23  admission that any definition provided by IPP Counsel is either factually correct or legally binding

24  upon Mr. St. John.

25      13.   Mr. St. John objects to each request, definition, and instruction to the extent that

26  they contain numerous subparts, are compound, and/or pose multiple requests, and thereby render

27  the set of requests confusing or unduly burdensome.

28

14.     Mr. St. John objects to the Subpoena and each request, definition, and instruction therein as over broad, unduly burdensome, harassing, and oppressive to the extent that it requests information relating to activities beyond the scope of this action.

15.     Mr. St. John objects to the Subpoena and each request, definition, and instruction therein to the extent it use words and phrases that are vague, ambiguous, not defined in an understandable manner, requires subjective knowledge, or involves issues of law subject to resolution by the court.  To the extent feasible, Mr. St. John will interpret the terms and phrases used in the Subpoena as those terms and phrases are understood by him.

16.     Mr. St. John objects to the Subpoena and each request, definition, and instruction therein as overly broad, unduly burdensome, and oppressive to the extent it seeks information regarding data found on backup media, voicemails, PDAs, or mobile phones.  Pursuant to Fed. R. Civ. P. 45(e)(1), data found on backup media, voicemails, PDAs, or mobile phones will not be searched in response to the Subpoena.  Mr. St. John identifies these sources of ESI as not reasonably accessible because of undue burden and cost particularly given Mr. St. John's status as an absent class member.

17.     Mr. St. John objects to the Subpoena and each request, definition, and instruction therein as overly broad, unduly burdensome, oppressive, and outside the scope of discovery to the extent it seeks information regarding metadata.  Mr. St. John identifies metadata as not reasonably accessible because of undue burden and cost, particularly given Mr. St. John's status as an absent class member.

18.     Mr. St. John objects to serving a privilege log contemporaneous with his document production. Mr. St. John reserves the right to serve a privilege log within a reasonable time thereafter.

19.     Mr. St. John objects to the manner of recording the deposition and reserves the right to record the deposition by audio and/or audiovisual means.

20.     Mr. St. John objects to the time and date of deposition as stated in the original Subpoena. Pursuant to Mr. St. John's agreement with IPP Counsel, Mr. St. John will appear at the Wingate Beach Hotel, 4302 W. Beach Blvd., Gulfport, Mississippi, on November 2, 2015, at 10

1    a.m., and IPP Counsel's examination of Mr. St. John shall be limited to two hours. *See* Grewalski

2    Email to J.S. St. John (October 14, 2015). Further, by agreement of IPP Counsel, IPP Counsel's

3    questioning "will be limited to [Mr. St. John's] standing, factual support for his objection, any prior

4    objections, and if so, the circumstances of such objections including any compensation received."

5    *Id.*

6    ### OBJECTIONS TO DEFINITIONS

7            1.      Mr. St. John objects to the definition of "YOU," "YOUR," or "YOURS" to the

8    extent they purport to encompass anyone other than Mr. St. John. In particular, Mr. St. John

9    objects to this definition to the extent it purports to impose upon Mr. St. John an obligation to

10   produce documents in the possession, custody, or control of his attorneys other than documents

11   delivered to his attorneys by Mr. St. John. Accordingly, Mr. St. John will only produce documents in

12   his own possession, custody, or control and that are located after a reasonable search.

13           2.      Mr. St. John objects to the definition of "RELATING TO" and "IN RELATION

14   TO" as over broad and vague. Mr. St. John understands these terms as limited to a reasonable

15   relationship.

16   ### OBJECTIONS TO INSTRUCTIONS

17           1.      Mr. St. John objects to Instruction No. 1 as over broad, unduly burdensome,

18   abusive, and inconsistent with the Federal Rules of Civil Procedure and other applicable law. Mr. St.

19   John will only produce documents that are in his own possession, custody, or control and located

20   after a reasonable search.

21           2.      Mr. St. John objects to Instruction No. 3 as overly broad, unduly burdensome,

22   abusive, and inconsistent with the Federal Rules of Civil Procedure and other applicable law,

23   particularly when read in conjunction with other instructions, definitions, and requests.

24           a.      Mr. St. John objects to any requirement that his privilege log do more than

25   "describe the nature of the withheld documents, communications, or tangible things in a manner

26   that, without revealing information itself privileged or protected, will enable the parties to assess the

27   claim." Fed. R. Civ. P. 45(e)(2).

28

b.      Mr. St. John will not provide a log of withheld documents that are work product and which have never left the possession, custody, or control of his attorneys, nor will he provide a log of withheld communications that are solely between his attorneys in this matter. Mr. St. John identifies those categories of documents as properly withheld under (a) the attorney work product doctrine as reflecting attorney mental impressions and litigation strategy, and/or the (b) attorney-client communications privilege based on references to attorney-client communications.

c.      Mr. St. John will otherwise provide a privilege log for withheld responsive documents that are in his own possession, custody, or control and located after reasonable search.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

**Request No. 1**

All DOCUMENTS supporting YOUR OBJECTION filed in the CRT ANTITURST LITIGATION, including those supporting YOUR assertion that YOU are a member of the Settlement Class in the CRT ANTITRUST LITIGATION.

**Response and Specific Objections to Request No. 1**

Mr. St. John objects to the request for "all" documents as over broad and unduly burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects to the word "supporting" as vague, ambiguous, inherently subjective, and requiring legal analysis. Mr. St. John objects to this request to the extent it seeks privileged information. Subject to and without waiving his general and specific objections, Mr. St. John will produce non-privileged documents responsive to this request that are located after a reasonable search. Mr. St. John incorporates by reference the pleadings and other materials on file in this litigation, together with the correspondence between his counsel and IPP Counsel. Mr. St. John reserves the right to rely on additional documents to address arguments raised by IPP Counsel in response to his objection.

**Request No. 2**

All DOCUMENTS RELATING TO any COMMUNICATION between YOU and any PERSON (including but not limited to Christopher Bandas, Timothy R. Hanigan, Jan I. Westfall, Francis O. Scarpulla, Josef D. Cooper, Robert J. Bonsignore, Paul B. Justi, Theresa D. Moore, Steve Miller, Jonathan E. Fortman, John C. Kress, Joseph Darrell Palmer, any member of the Competitive Enterprise Institute Center for Class Action Fairness, or any other attorney) RELATING to the CRT ANTITRUST LITIGATION.

1  **Response and Specific Objections to Request No. 2**

2        Mr. St. John objects to the request for "all" documents as over broad and unduly

3  burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects

4  to the word "member" as vague and ambiguous. Mr. St. John objects to this request to the extent it

5  requires him to ascertain the "member[s]" of an entity with which he has no relationship. Mr. St.

6  John objects to this request to the extent it seeks privileged information. Mr. St. John objects to this

7  request as seeking information that is not relevant and is beyond the scope of permissible discovery.

8  Mr. St. John notes that Special Master Quinn struck as overbroad a substantially identical request in

9  the *TFT-LCD* litigation. *See* Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat*

10  *Panel) Antitrust Litigation*, MDL 07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D.

11  Cal. Nov. 14, 2012).

12        Subject to and without waiving his general and specific objections, Mr. St. John will produce

13  non-privileged documents responsive to this request that are located after a reasonable search.

14  **Request No. 3**

15        All DOCUMENTS RELATING TO the REPRESENTATION of YOU by any PERSON
   (including but not limited to any retainer agreement and/or other related documents) IN
16  RELATION TO the CRT ANTITRUST LITIGATION.

17  **Response and Specific Objections to Request No. 3**

18        Mr. St. John objects to the request for "all" documents as over broad and unduly

19  burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects

20  to this request as seeking information that is not relevant and is outside the scope of permissible

21  discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Mr. St.

22  John notes that Special Master Quinn limited a substantially identical request in the *TFT-LCD*

23  litigation to "documents concerning the existence of an attorney-client relationship and fee

24  arrangements." Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust*

25  *Litigation*, MDL 07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14,

26  2012).

27        Consistent with Special Master Quinn's order in the *TFT-LCD* litigation and subject to and

28  without waiving his general and specific objections, Mr. St. John will produce non-privileged

1   documents "concerning the existence of an attorney-client relationship and fee arrangements" in

2   relation to the CRT Antitrust Litigation that are located after a reasonable search.

3   **Request No. 4**

4       All DOCUMENTS RELATING to any agreements between YOU and any other

5   PERSON (including but not limited to Christopher Bandas, Timothy R. Hanigan, Jan L. Westfall,
Francis O. Scarpulla, Josef D. Cooper, Robert J. Bonsignore, Paul B. Justi, Theresa D. Moore, Steve

6   Miller, Jonathan E. Fortman, John C. Kress, Joseph Darrell Palmer, any member of the
Competitive Enterprise Institute Center for Class Action Fairness, or any other attorney) IN

7   RELATION TO the CRT ANTITRUST LITIGATION.

8   **Response and Specific Objections to Request No. 4**

9       Mr. St. John objects to the request for "all" documents as over broad and unduly

10   burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects

11   to this request as seeking information that is not relevant and is outside the scope of permissible

12   discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Subject

13   to and without waiving his general and specific objections, Mr. St. John will produce non-privileged

14   documents responsive to this request that are located after a reasonable search.

15   **Request No. 5**

16       All DOCUMENTS RELATING TO any OBJECTION filed in any court or proceeding in
the last (5) years by YOU and/or YOUR attorney currently REPRESENTING YOU in the CRT

17   ANTITRUST LITIGATION.

18   **Response and Specific Objections to Request No. 5**

19       Mr. St. John objects to the request for "all" documents as over broad and unduly

20   burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects

21   to this request as seeking information that is not relevant and is outside the scope of permissible

22   discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Mr. St.

23   John objects to this request as facially seeking documents that are not in his possession, custody, or

24   control. Mr. St. John objects to this request as untailored, over broad, unduly burdensome,

25   harassing, oppressive, and abusive in view of his sworn declaration that he has "never before

26   submitted an objection." Declaration of Douglas W. St. John (D.E. 4107) at ¶ 26.

27       Mr. St. John notes that Special Master Quinn limited a substantially identical request to

28   "documents pertaining to objections filed in other cases <u>by the Objector</u>, not documents pertaining

1   to objections filed in other cases by counsel for the Objector" in the *TFT-LCD* litigation. *See*

2   Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL

3   07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

4       Subject to and without waiving his general and specific objections and consistent with

5   Special Master Quinn's order in the *TFT-LCD* litigation, Mr. St. John states that no documents

6   related to any objection filed by him in any other case were located after a reasonable search.

7   **Request No. 6**

8       ALL DOCUMENTS RELATING TO any settlement made IN RELATION TO any

    OBJECTION (or subsequent appeal) filed in the last five (5) years by YOU and/or YOUR attorney

9   currently REPRESENTING YOU in the CRT ANTITRUST LITIGATION.

10   **Response and Specific Objections to Request No. 6**

11       Mr. St. John objects to the request for "all" documents as over broad and unduly

12   burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects

13   to this request as seeking information that is not relevant and is outside the scope of permissible

14   discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Mr. St.

15   John objects to this request as facially seeking documents that are not in his possession, custody, or

16   control. Mr. St. John objects to this request as untailored, over broad, unduly burdensome,

17   harassing, oppressive, and abusive in view of his sworn declaration that he has "never before

18   submitted an objection." Declaration of Douglas W. St. John (D.E. 4107) at ¶ 26.

19       Mr. St. John notes that Special Master Quinn limited a substantially identical request to

20   "documents pertaining to objections filed in other cases <u>by the Objector</u>, not documents pertaining

21   to objections filed in other cases by counsel for the Objector" in the *TFT-LCD* litigation. *See*

22   Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL

23   07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

24       Subject to and without waiving his general and specific objections and consistent with

25   Special Master Quinn's order in the *TFT-LCD* litigation, Mr. St. John states that no documents

26   relating to any settlement made in relation to any objection (or subsequent appeal) by him in any

27   other case were located after a reasonable search.

28

**Request No. 7**

All DOCUMENTS RELATING TO the amount of any monetary compensation discussed, promised, or received by YOU from YOUR attorney currently REPRESENTING YOU in the CRT ANTITRUST LITIGATION in connection with any OBJECTION filed by YOU in any class action in the last ten (10) years.

**Response and Specific Objections to Request No. 7**

Mr. St. John objects to the request for "all" documents as over broad and unduly burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects to this request as seeking information that is not relevant and is outside the scope of permissible discovery. Mr. St. John objects to this request to the extent it seeks privileged information. Mr. St. John objects to this request as facially seeking documents that are not in his possession, custody, or control. Mr. St. John objects to this request as untailored, over broad, unduly burdensome, harassing, oppressive, and abusive in view of his sworn declaration that he has "never before submitted an objection." Declaration of Douglas W. St. John (D.E. 4107) at ¶ 26.

Mr. St. John notes that Special Master Quinn limited a substantially identical request to "documents pertaining to objections filed in other cases <u>by the Objector</u>, not documents pertaining to objections filed in other cases by counsel for the Objector" in the *TFT-LCD* litigation. *See* Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL 07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

Subject to and without waiving his general and specific objections and consistent with Special Master Quinn's order in the *TFT-LCD* litigation, Mr. St. John states that no documents relating to any settlement made in relation to any objection (or subsequent appeal) by him in any other case were located after a reasonable search.

**Request No. 8**

All DOCUMENTS RELATING TO changes made to any settlements as a result of any OBJECTION made within the last five (5) years by YOU and/or YOUR attorney currently REPRESENTING YOU in the CRT ANTITRUST LITIGATION.

**Response and Specific Objections to Request No. 8**

Mr. St. John objects to the request for "all" documents as over broad and unduly burdensome, particularly given Mr. St. John's status as an absent class member. Mr. St. John objects

to this request as seeking information that is not relevant and is outside the scope of permissible

discovery. Mr. St. John objects to this request to the extent it seeks privileged documents or

information. Mr. St. John objects to this request as facially seeking documents that are not in his

possession, custody, or control. Mr. St. John objects to this request as untailored, over broad,

unduly burdensome, harassing, oppressive, and abusive in view of his sworn declaration that he has

"never before submitted an objection." Declaration of Douglas W. St. John (D.E. 4107) at ¶ 26.

Mr. St. John notes that Special Master Quinn limited a substantially identical request to

"documents pertaining to objections filed in other cases by the Objector, not documents pertaining

to objections filed in other cases by counsel for the Objector" in the *TFT-LCD* litigation. *See*

Special Master's Amended Order (D.E. 7011), *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL

07-1827 (N.D. Cal. Oct. 19, 2012), *objections denied* (D.E. 7152) (N.D. Cal. Nov. 14, 2012).

Subject to and without waiving his general and specific objections and consistent with

Special Master Quinn's order in the *TFT-LCD* litigation, Mr. St. John states that no documents

relating to changes made to any settlements as a result of any objection made within the last five (5)

years by him were located after a reasonable search.


Dated: October 29, 2015                                          By:      /s/ Joseph Scott St. John
                                                                      _____

                                                                      ANDREA VALDEZ (Cal. Bar No. 239082)
                                                                      530 S. Lake Avenue, No. 574
                                                                      Pasadena, CA 91101
                                                                      Tel: (626) 817-6547
                                                                      andrea.valdez.esq@gmail.com

                                                                      JOSEPH SCOTT ST. JOHN (*pro hac vice*)
                                                                      514 Mockingbird Drive
                                                                      Long Beach, MS 39560
                                                                      Tel: 410-212-3475
                                                                      jscottstjohnpublic@gmail.com

                                                                      *Attorneys for Objector Douglas W. St. John*

# EXHIBIT

# 5

**Joseph Scott St. John**
**Attorney-at-Law**

October 26, 2015

514 Mockingbird Drive
Long Beach, MS 39560

jscottstjohnpublic@gmail.com

***Via Electronic Mail***

Mario N. Alioto
Lauren C. Capurro
Trump, Alioto, Trump & Prescott LLP
2280 Union Street
San Francisco, CA 94123

malioto@tatp.com
laurenrussell@tatp.com

> Re:     ***In re Cathode Ray Tube (CRT) Antitrust Litigation,***
>         **Master File No. No. 3:07-cv-5944 SC, MDL No. 1917 (N.D. Cal.)**

Mario and Lauren:

      I write to memorialize our telephonic meet-and-confer of Friday, October 23. I greatly appreciated the candid and fruitful discussion, and I hope we can resolve these issues without troubling the Court.

## Compensation of Special Master Quinn by IPP Counsel

      We began by discussing Special Master Quinn's compensation for work in connection with IPP Counsel's Fee Motion. In my email requesting a meet-and-confer, I directed your attention to *In re Coordinated Pretrial Proceedings*, 109 F.3d 602 (9th Cir. 1997) ("*CPP*"), in support of my client's argument that IPP Counsel alone should compensate Special Master Quinn for his work in connection with the Fee Motion. We generally discussed that case, including the rule that "[t]ime spent obtaining an attorneys' fee in common fund cases is not compensable because it does not benefit the plaintiff class." *Id.* at 610. You agreed with the general rule set forth in *CPP*, but you suggested that Special Master Quinn's Fee Motion-related compensation is distinguishable because he is performing a duty that the Court would otherwise perform. I responded by noting that it was IPP Counsel who requested the appointment of Special Master Quinn in this case, not the Court. You inquired about cases other than *CPP*, and I explained that other cases support the proposition that class funds can only be used for services that directly benefit the class, i.e., an indirect benefit is not enough.[1]

---

      [1]    *See, e.g., Class Plaintiffs v. Jaffe & Schlessinger, P.A.*, 19 F.3d 1306 (9th Cir. 1994).

Alioto Page 2

We also discussed the "Litigation Fund" referenced in the Appointment Order for Special Master Quinn. You clarified that the "Litigation Fund" is made up of funds contributed by various IPP Counsel, i.e., it does not include class funds.

You explained that IPP Counsel have not yet received any bills from Special Master Quinn and, in any event, you expected his fees in connection with IPP Counsel's Fee Motion to be a relatively small amount of money. Accordingly, you stated that IPP Counsel may be willing to accept full responsibility for compensating Special Master Quinn in connection with their Fee Motion. You agreed to discuss the issue with your colleagues and let me know no later than close of business on Tuesday, October 27, 2015, whether IPP Counsel are willing to absorb that expense.

**Standard of Review**

We next discussed the standard of review for the Special Master's factual findings with respect to IPP Counsel's Fee Motion. I explained that clear-error review—as currently set forth in Special Master Quinn's Appointment Order—requires the consent of the class, and IPP Counsel could not provide the requisite consent with respect to the Fee Motion because IPP Counsel have a direct conflict of interest with the class vis-à-vis the Fee Motion. I explained that the law of agency as set forth in the Restatement (Second) of Agency supports that conclusion. You disagreed, and you noted a practical concern with a loss of efficiency if Special Master Quinn's findings are subject to de novo review. You agreed to discuss this issue with your colleagues and let me know IPP Counsel's position no later than close of business on Tuesday, October 27, 2015.

**Form of Resolution**

We discussed the manner in which the compensation and standard of review issues should be raised with the Court. I explained that, if we are able to reach a resolution, a stipulated order or joint motion to amend Special Master Quinn's Appointment Order would be appropriate.

**Nature of Mr. St. John's Objection**

You inquired whether my client objects to the settlements in toto, or if his objection is limited to the issue of IPP Counsel's Fee Motion. I directed you to Mr. St. John's conditional objection to the settlements "[t]o the extent any party contends Mr. St. John's declaration and the exhibits attached thereto are not sufficient to establish his class membership and standing . . . ." I explained that objectors should not be subject to a higher burden of proving standing as compared to other absent class members, and IPP Counsel's subpoena for documents and a deposition on, among other things, his standing were sufficient to trigger Mr. St. John's conditional objection. You explained that questions such as "Where is your receipt?" are "not going to happen." Rather, IPP Counsel issued the subpoenas "to weed out guys that are off the wall," and you have already seen "a couple of objections drop out" as a result.

*       *       *       *       *

Alioto Page 3

     I trust that this letter accurately reflects our conversation. If you disagree, please identify the specific error and promptly let me know.

Very truly yours,

Joseph Scott St. John

# EXHIBIT
# 6



Scott St John (public) <j.scott.stjohn.public@gmail.com>

## CRT - Request for Stipulation re Discovery

**Mario Alioto** <MAlioto@tatp.com>         Wed, Nov 18, 2015 at 1:38 PM
To: "Scott St John (public)" <j.scott.stjohn.public@gmail.com>
Cc: andrea.valdez.esq@gmail.com

Your mo on is procedurally improper and there is law contrary to your posi on.  We request that you not file your mo on and save all concerned the me and expense that will have to be expended on this ma er.  I am available if you would like to discuss this further.  Thank you for your considera on.

Mario N. Alioto

TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

2280 Union Street

San Francisco, CA 94123

Telephone:415 447-1650

Facsimile:415 346-0679

This message is sent by a law firm and may contain informa on that is privileged or confiden al. If you received this transmission in error, please no fy the sender by e-mail and delete the message and any a achments.

From: Scott St John (public) [mailto:j.scott.stjohn.public@gmail.com]
Sent: Tuesday, November 17, 2015 2:29 PM
To: Mario Alioto
Cc: andrea.valdez.esq@gmail.com
Subject: CRT - Request for Stipulation re Discovery

Mr. Alioto:

On behalf of Objector Douglas W. St. John, I am contemplating a motion for discovery of documents relating to IPP Counsel's representation in the CRT litigation, the qualifications and compensation of IPP Counsel's contract attorneys, IPP Counsel's contemporaneous time records, the financing of the CRT Antitrust Litigation by third parties, and the valuation of the CRT Antitrust Litigation. Please let me know if IPP Counsel will stipulate to discovery on these issues.

Additionally, because case law suggests that an objector should make a proffer of relevance, any such motion will likely exceed the page limits for administrative motions. Please let me know if you will stipulate to an 8 page

Case 4:07-cv-05944-JST   Document 4203-8   Filed 11/20/15   Page 36 of 36

supporting memorandum; I would of course agree to the same for IPP Counsel's opposition.

Please let me know your position by 9 a.m. Central tomorrow. You can reach me at telephone 410-212-3475 if you would like to discuss.

Best regards,

Joseph S. St. John