# EXHIBIT 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**<br><br>This Document Relates To:<br>All Indirect Purchaser Actions | Master File No. 3:07-cv-5944 JST<br><br>MDL No. 1917<br><br>**[PROPOSED]**<br>**ORDER TO PRODUCE DISCOVERY**<br><br>Judge: Hon. Jon S. Tigar<br><br>Special Master: Martin Quinn. |

Currently pending before the Special Master is the MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES (D.E. 4071) filed by counsel for Indirect Purchaser Plaintiffs (IPPs), the OBJECTION OF CLASS MEMBER DOUGLAS W. ST. JOHN TO IPP MOTION FOR AWARD OF ATTORNEYS' FEES AND CONDITIONAL OBJECTION TO SETTLEMENT (D.E. 4106) filed by objector Douglas W. St. John, and the MOTION FOR DISCOVERY filed by objector Douglas W. St. John.

Having reviewed the submissions of IPP Counsel and Objector Douglas W. St. John, the Special Master finds that the requested discovery is necessary for the Court and class to properly evaluate IPP Counsel's fee request. The Special Master therefore orders all IPP Counsel seeking a fee award to produce the following discovery:

1. All DOCUMENTS RELATING TO the REPRESENTATION by YOU of any PERSON IN RELATION TO the CRT ANTITRUST LITIGATION. For purposes of clarity, this request includes, without limitation, any retainer agreements, fee-sharing agreements, and client consents to fee sharing.

2. All DOCUMENTS RELATING TO the qualifications and compensation of each CONTRACT ATTORNEY for whose work YOU are seeking fees in the CRT ANTITRUST LITIGATION.[1]

3. All contemporaneous time records relied on by IPP Counsel as a basis for seeking the attorney fees.[2]

4. All DOCUMENTS relating to the financing of any part of the CRT ANTITRUST LITIGATION by any third party. For purposes of clarity, this request includes, without limitation, any loan or fee-sharing agreements.

5. All DOCUMENTS disclosed to or received from any defendant or non-party reflecting or RELATING TO any valuation of the CRT ANTITRUST LITIGATION. For purposes of clarity, this Request includes, without limitation, any settlement presentations, materials related to litigation funding, and any expert reports on the of issue damages.

Capitalized terms shall have the definitions set forth in IPP Counsel's subpoena to Douglas W. St. John, *see* D.E. 4122-1, except that "CONTRACT ATTORNEY" shall mean "any attorney employed other than as a traditional permanent employee." For purposes of clarity, the term "CONTRACT ATTORNEY" includes contract attorneys and project attorneys.

IPP Lead Counsel shall consolidate and organize this discovery into a single production. The discovery shall be produced electronically, e.g., via FTP, no later than close of business on Monday, November 30, 2015. Any necessary login credentials and instructions shall be circulated via email to the Special Master and counsel for each objector.

IT IS SO ORDERED.

Dated:  November ___, 2015

_____

MARTIN QUINN        Special Master

---

[1] Disclosure of names and compensation rates in table form, together with contemporaneous resumes, would be adequate and would minimize the burden on IPP Counsel, objectors, and the Court. *See In re domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 424-25 (N.D. Ga. 1992) (granting objector discovery via interrogatories).

[2] To the degree such time records are kept in searchable form using commonly available software such as Microsoft Excel, they should be produced in that form. Otherwise, such records should be organized by firm, attorney, and month.

[PROPOSED] ORDER TO PRODUCE DISCOVERY
Master File No. 3:07-cv-5944 JST (MDL No. 1917)
2