UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 JST |
| | MDL No. 1917 |
| | **[PROPOSED] AMENDMENT TO ORDER APPOINTING SPECIAL MASTER (D.E. 4077)** |
| | Judge: Hon. Jon S. Tigar |
| This Document Relates To: All Indirect Purchaser Actions | Special Master: Martin Quinn. |

Currently pending before the Court is OBJECTOR DOUGLAS W. ST. JOHN'S MOTION TO AMEND THE ORDER APPOINTING SPECIAL MASTER QUINN. Having reviewed the motion and IPP Counsel's opposition thereto, the Court finds that good cause exists to amend the Order Appointing Special Master Quinn (D.E. 4077) (hereinafter, "Appointment Order"). Accordingly, the Appointment Order is amended as follows:

(1) The last sentence of Section 7 ("In connection with objections, and discovery matters, the parties shall each pay an equal share of the cost.") is STRICKEN. Section 7 is amended to read as follows:

> Pursuant to Rule 53(g), the Special Master shall be compensated at an hourly rate of $700.00 for his services as Special Master in the MDL proceedings, plus the Administrative Fee charged by JAMS, and shall be reimbursed for any out-of-pocket expenses (e.g. cost of accountants, auditors and clerical assistants, and expenses for telephone conference calls). The Special Master shall not charge for travel time.  The Special Master shall prepare a monthly invoice for his services, which he shall provide to Lead Counsel for the Indirect Purchaser Plaintiffs (or such other counsel as the Court should in the future direct) to be paid from the Litigation Fund. **Indirect Purchaser Plaintiffs' Counsel shall not seek reimbursement for any contributions to the Litigation Fund that are expended in connection with requests for expenses and attorneys' fees.**

(2) In the first sentence of Section 5(c), the words "for clear error" are STRICKEN. Section 5(c) is amended to read as follows:

> Pursuant to Rule 53(f)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master **de novo**. The Court shall review de novo any conclusions of law made or recommended by the Special Master. The Court will set aside the Special Master's ruling on a procedural matter only for an abuse of discretion.

(3) To mitigate prejudice to objectors, the Court will consult with the Special Master regarding an appropriate amendment to the Order Establishing Schedule (D.E. 4185). The amended scheduling order shall be set forth in a separate order, and shall include a deadline for objectors to submit proposed discovery, a five calendar day response period for IPP Counsel, a target date for the Special Master to rule on any requests for discovery, and a deadline for IPP Counsel to produce any discovery that is granted. Objectors shall have a reasonable period of time to incorporate the results of discovery into their briefing.

IT IS SO ORDERED.

Dated: November ___, 2015

_____
Jon S. Tigar, United States District Judge