1   ANDREA VALDEZ (Cal. Bar No. 239082)
    530 S. Lake Avenue, No. 574
2   Pasadena, CA 91101
    Tel: (626) 817-6547
3   andrea.valdez.esq@gmail.com

4   JOSEPH SCOTT ST. JOHN (*pro hac vice*)
    514 Mockingbird Drive
5   Long Beach, MS 39560
    Tel: 410-212-3475
6   jscottstjohnpublic@gmail.com

7   *Attorneys for Objector Douglas W. St. John*

8

9                 UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA
10
                  SAN FRANCISCO DIVISION
11

12  **IN RE CATHODE RAY TUBE (CRT)**          Master File No. 3:07-cv-5944 JST
    **ANTITRUST LITIGATION**
13                                            MDL No. 1917

14                                            **OBJECTOR DOUGLAS W. ST. JOHN'S**
                                              **MOTION TO SHORTEN TIME**
15
                                              Judge: Hon. Jon S. Tigar
16
    This Document Relates To:
17  All Indirect Purchaser Actions

18

19

20

21

22

23

24

25

26

27

28

**TO: ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Please take notice that objector Douglas W. St. John hereby moves the Court to order expedited briefing in response to his MOTION TO AMEND THE ORDER APPOINTING SPECIAL MASTER QUINN (D.E. 4077).

This motion is made pursuant to Civil Local Rule 6-3, the argument below, the Declaration of Attorney Joseph Scott St. John in Support of Objector Douglas W. St. John's Motion to Amend, and the pleadings and other papers on file in this matter.

## I.    FACTS

### A.    IPP Counsel asked the Court to appoint Special Master Quinn, and the Court did so.

On September 1, 2015, IPP Counsel, led by Mario Alioto, moved the Court to appoint "Martin Quinn as Special Master under Rule 53 . . . to assist the Court with respect to motions for settlement approval and awards of attorneys' fees, expenses and service awards, as well as anticipated objections thereto." IPPs' Notice of Motion and Motion (D.E. 4032) at 1. Mr. Alioto spent a full paragraph attacking so-called "professional objectors" before reaching the merits of appointing a special master. *Id.* He finally urged "that the Court appoint Special Master Quinn as soon as possible." *Id.* at 2.

The following day, the Court issued an Order to Show Cause re Appointment of Special Master Pursuant to Motion of Certain Parties (D.E. 4033). In its Order to Show Cause, the Court specifically stated that "[t]he substance of an appointment order would be similar to the proposed order attached to the motion to appoint Mr. Quinn." Although a handful of IPP Counsel objected to provisions related to the allocation of any fee award, no one objected to problematic compensation and standard of review provisions that directly impact the class's interests.

The Court entered its Order Appointing Special Master (D.E. 4077) ("Appointment Order") on September 24, i.e, well-before objections were due. Thereafter, absent class member Douglas W. St. John appeared and filed an objection through the undersigned counsel. D. St. John Obj. (D.E. 4106). Mr. St. John principally objected to IPP Counsel's request for $192 million in fees, and he identified serious deficiencies in IPP Counsel's Fee Motion. *Id.*

**B.      Discussions with IPP Lead Counsel regarding ambiguities in the Appointment Order via-a-vis compensation of Special Master Quinn**

In late October, Mr. St. John's counsel had two telephone conferences with IPP Lead Counsel Mario Alioto about the compensation and standard of review provisions in the Appointment Order. J. St. John Dec. Exs. 1 & 2. Of particular concern, Mr. St. John's counsel noted the Appointment Order provides that "[i]n connection with objections and discovery matters, ***the parties*** shall each pay an equal share of the cost." Appointment Order at § 7. Mr. St. John's counsel then explained that Ninth Circuit law did not permit use of class funds for expenses connected with the Fee Motion. J. St. John Dec. Ex. 1 (D.E. 4203-2). The result is ambiguity about who must compensate the Special Master for such work. Mr. Alioto initially responded that IPP Counsel might be willing to accept full responsibility for compensating Special Master Quinn vis-à-vis the Fee Motion. *Id.* But a few days later, Mr. Alioto reversed course and suggested that objectors should be responsible for 50% of Special Master Quinn's compensation unless their counsel agreed "not . . . to seek anything." J. St. John Dec. Ex. 2 (D.E. 4203-3).

**C.      Mr. St. John's efforts to obtain voluntary discovery and a stipulation for a shortened response time for his motion to amend.**

On November 13, this Court entered its Order Setting Schedule (D.E. 4185) and significantly extended the briefing deadlines for objectors to file replies in support of their objections. Recognizing that the additional time would be enough to facilitate limited discovery related to IPP Counsel's Fee Motion, Mr. St. John's counsel identified five targeted issues for discovery. He then asked IPP Lead Counsel Mario Alioto to stipulate to that discovery. J. St. John Dec. Ex. 5 (D.E. 4203-6). Mr. Alioto refused to do so. *Id.* Although counsel for Mr. St. John had a motion for discovery ready for filing on November 18, he did not proceed: in view of Mr. St. John's relatively small claim, it did not make economic sense to risk incurring large special master fees based on the ambiguity in the Appointment Order. J. St. John Dec. (D.E. 4203-1) at ¶¶ 9-10 & Ex. 6 (D.E. 4203-7). Counsel instead contacted Mr. Alioto regarding the ambiguity and asked him to stipulate to a shortened response time for motion practice on that issue. J. St. John Dec. (D.E. 4203-1) at ¶ 8 & Ex. 5 (D.E. 4203-6). Mr. Alioto responded to that query at 7:46 p.m. on Friday,

November 20, asserting "there is . . . no basis to shorten time" without ever addressing Mr. St. John's concern that a normal briefing period would negatively impact the scheduling order. *Id.*

## II.   ARGUMENT

Given the issues raised by Mr. St. John and other objectors with respect to IPP Counsel's Fee Motion, both the Court and class members require additional information to fully evaluate the Fee Motion. For example, Mr. St. John identified a number of attorneys listed as "associates" and billed at white-shoe associate rates in IPP Counsel's Fee Motion, but who appear to be low-level contract attorneys tasked with document review. D. St. John Obj. (D.E. 4106) at 21-23. Both Mr. St. John and objector Francis Scarpulla identified significant work performed by IPP Counsel that is likely not compensable under Ninth Circuit law, including work on claims that were withdrawn in the face of a Rule 11 motion. *Id.* at 23; Scarpulla Obj. (D.E. 4115) at 5. And Mr. Scarpulla identified at least one apparently undisclosed fee-sharing agreement among IPP Counsel. Scarpulla Dec. (D.E. 4069) at ¶ 8. Each of these issues can significantly impact IPP Counsel's fee award, but they require factual development. *See generally* J. St. John Dec. Ex. 6 (D.E. 4203-7) at 2-7. Limited discovery is thus necessary for the Court and the class to meaningfully evaluate IPP Counsel's Fee Motion.

As presently written, however, the ambiguous compensation provision in the Appointment Order effectively deters objectors from seeking discovery given the relatively small size of their claims. That deterrent effect was reinforced by IPP Lead Counsel's statements during telephone conferences. But if the ambiguity is construed as a "pay-to-play" provision, it is manifestly and fundamentally unfair, and it raises significant due process issues. *See* Motion to Amend (D.E. 4203) at 3-4. Those issues can be eliminated via quick consideration of Mr. St. John's Motion to Amend with minimal impact on the existing procedural schedule. In contrast, if Mr. St. John's motion plays out over weeks or months, the opportunity to provide objectors a fair shot at discovery without seriously impacting the procedural schedule will be gone. An expedited briefing schedule is therefore is appropriate. Moreover, expedited resolution is needed to ensure that objectors are fully apprised of their obligations in advance of the December 9 deadline for filing replies in support of their objections.

Mr. St. John respectfully asks the Court to order IPP Counsel to file any opposition to his Motion to Amend no later than 5 p.m. Pacific Time on Wednesday, November 25, with Mr. St. John to file any reply no later than 5 p.m. Pacific Time on Friday, November 27.

## III.    CONCLUSION

Good cause having been shown, the Court should grant Mr. St. John's request for an expedited briefing schedule and enter the attached proposed order.


Dated: November 20, 2015                    Respectfully submitted,

                                            /s/ Joseph Scott St. John

                                            ANDREA VALDEZ (Cal. Bar No. 239082)
                                            530 S. Lake Avenue, No. 574
                                            Pasadena, CA 91101
                                            Tel: (626) 817-6547
                                            andrea.valdez.esq@gmail.com

                                            JOSEPH SCOTT ST. JOHN (*pro hac vice*)
                                            514 Mockingbird Drive
                                            Long Beach, MS 39560
                                            Tel: 410-212-3475
                                            jscottstjohnpublic@gmail.com

                                            *Attorneys for Objector Douglas W. St. John*