Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA94111
Telephone: (415) 774-2669
Fax: (415) 982-5287
Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br><br>Case No. C-07-5944-SC |
| This Document Relates to:<br><br>ALL ACTIONS | **SPECIAL MASTER'S ORDER RE MOTION TO COMPEL LEAD COUNSEL TO PRODUCE IPP COUNSELS' TIME-AND-EXPENSE REPORTS** |

Objectors Francis O. Scarpulla, Esq. and Josef D. Cooper, Esq. brought this motion on November 17, 2015 [Dkt. No. 4191] to compel Lead Counsel, Mario Alioto, to produce extensive records of time and expense recorded by all 45-50 class counsel firms, bank statements of litigation funds and records of accounting firms involved in auditing expense records.[1] Pursuant to Objectors' motion for an order shortening time for hearing this motion, the Special Master ordered Lead Counsel to respond by November 23, and ordered Objectors to reply by November 24. Having considered all arguments and evidence submitted on this motion, and

---

[1] Objectors Dan L. Williams and Sean Hull have joined in the motion.

relevant previously filed material, the Special Master now rules as follows.

I.  <u>Relevant Facts and the Parties' Contentions</u>

Messrs. Scarpulla and Cooper have objected to the IPP settlement on several grounds, including the total amount of attorneys' fees requested.  [Dkt. No. 4115]  Their objection to the fees alleges that there are "serious problems" with time and expenses charged.  They claim that Lead Counsel mismanaged the case by (1) engaging in the final months three specialist "trial" firms to try the case who accumulated over $3 million in lodestar in 5-7 months, (2) engaging in a contentious dispute with the California Attorney General, and (3) allowing inexperienced firms to perform and charge too much for non-useful work.  Notably they did not object to the total amount of any particular category of expenses.

Their motion, as noted above, originally demanded the production of the billing and expense records of all class counsel, the bank statements of the class litigation funds, and the records of accountants who reviewed the expense reports.  Their Reply substantially shrunk those demands to:  (1) time and expense records of only Lead Counsel and the three "trial" firms (Fine Kaplan, Hulett Harper and Freedman Boyd), and (2) all records of expenses for which Lead Counsel seek reimbursement, or the records of accounting firms about those expenses.  Their justification for obtaining the billing records is to examine whether Lead Counsel and the three "trial" firms performed services commensurate in value with their charges, and that they did so efficiently and without undue duplication.  They argue that they need to see this material to support their contention that the Special Master should set the overall fee by evaluating lodestars, rather than simply applying a percentage-of-fund metric.

Lead Counsel oppose the motion on procedural and substantive grounds.  Procedurally, they note that Objectors filed no formal motion, engaged in no meet-and-confer, and failed to raise these issues timely.  Substantively, they note that all class counsel have filed detailed declarations describing the work they performed and a spreadsheet breaking down their lodestar

by year into twelve categories.[2]   They point to the supplemental expert declaration of Richard Pearl at ¶18-19 who opined that the detail provided in the declarations was in a form more amenable to analysis and evaluation than raw billing records.  They note that the Special Master in the *LCD* case denied a motion by objectors to obtain contemporaneous billing records.

II.  Analysis

The Special Master concludes that the procedural objections, albeit technically correct, are not persuasive.  This process in which the Special Master is evaluating a large fee request has been given a tight schedule by the Court, and there simply is not time for normal motion and meet-and-confer practice.  As Lead Counsel concedes, this motion needs to be decided on the merits.

This motion and the underlying Cooper/Scarpulla objection differ from those in other cases denying discovery of billing records, including *LCD*, because they are brought not by outside objectors, but by two firms of class counsel.  This distinction is meaningful because, unlike outside objectors, these objectors have the experience and the first-hand knowledge of the case to provide potentially helpful analysis of the lodestar to the Special Master.  The Special Master agrees that discovery of billing records should be rarely allowed because of the very limited added value they normally bring to lodestar analysis.  Lobatz v. U.S.W. Cellular of California, Inc., 222 F.3d 1142, 1148 (9th Cir. 2000) [denying discovery by objectors of time records]; Fox v. Vice, 131 S.Ct. 2205, 2211 (2011) ["The determination of [attorneys'] fees should not result in a second major litigation."]  However, in this situation some discovery will be allowed.

Cooper/Scarpulla focus on two areas of allegedly wasteful lodestar, the engaging of three "trial" firms in the final months before trial, and Lead Counsel's involvement in disputes with the California Attorney General.  It is plausible that, given access to billing records, they may offer helpful perspective to the Special Master in assessing the reasonableness and necessity of

---

[2] Mssrs. Cooper and Scarpulla filed precisely the same type of declaration and spreadsheet of whose lack of detail they now complain.

these efforts. Lead Counsel offers cogent arguments as to why the engaging of specialized "trial" was necessary and cost effective, and downplays any significant impact on lodestar of dealings with the California Attorney General. While those arguments may be correct and ultimately carry the day, given that the Special Master is being asked to approve a fee of over $150 million, the Special Master needs to hear other perspectives from knowledgeable sources. Therefore, Lead Counsel shall provide access to Cooper/Scarpulla only to the billing records of the Fine Kaplan, Hulett Harper and Freedman Boyd firms, and to Lead Counsel's billing records for the years 2014-2015 only. Cooper and Scarpulla will be required to keep these records confidential, and not to share them with other objectors or other class counsel. As for the remaining billing records of Lead Counsel and all other class counsel, the Special Master will insist on the production of all such records to him for his own review.

Cooper/Scarpulla also demand production of receipts and other backup for expenses claimed by class counsel firm. Their justification for this demand and the accompanying demand for the records of Lead Counsel's accounting firm is weak. Other than general conclusory statements, they point to no impropriety in the claimed expenses. The Special Master will insist on the production of detailed backup for all expenses for his own review. In the absence of any specific credible criticism of expenses, and in light of the spreadsheet filed by each class counsel listing their claimed expenses by category, this review by the Special Master will be sufficient.

The Special Master concludes that the other objectors, including Williams and Hull who joined this motion, have not demonstrated adequate justification for disregarding the normal judicial reluctance to allow objectors discovery of billing records. Even if outside objectors obtained detailed billing records, they offer no expertise or knowledge that could be materially helpful to the Special Master in assessing the reasonableness of the total fee and expense request. Moreover, as noted by Mr. Pearl, the information already provided in great detail is sufficient to enable to them to analyze the propriety of the lodestar and expenses claimed.

<u>Order</u>

1.  Lead Counsel shall produce to the Special Master and to Cooper/Scarpulla by December 2, 2015 copies of the contemporaneous billing records of the Fine Kaplan, Hulett Harper and Freedman Boyd firms, and of Lead Counsel for the years 2014 and 2015 through the date of agreement in principle on a settlement of the final claims of the IPP Class.  Such records shall be produced in electronic form if available, or if not in hard copy.

2.  Cooper/Scarpulla are ordered to keep those records confidential and not to share them with other objectsors or class counsel, or any other person except members and employees of their law firms and expert hired for the purpose of reviewing billing records.

3.  Lead Counsel shall produce to the Special Master only copies of the billing records of all class counsel in whatever format (electronic or hard copy) is most convenient.  Lead Counsel shall recommend to the Special Master by December 2, 2015 a process for enabling him to spot check a representative sampling of expense receipts and other backup for claimed expenses, and shall keep available all backup for claimed expenses for the Special Master's inspection on request.

4.  The motion by Cooper/Scarpulla and Objectors Hull and Williams is DENIED in all other respects.


Dated:  November 28, 2015                    _____/s/_____
                                             Martin Quinn
                                             Special Master