UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER TO SHOW CAUSE ON THE NEED FOR SUPPLEMENTAL BRIEFING REGARDING MOTIONS RELYING UPON THE FTAIA** |
| ALL DIRECT ACTION PLAINTIFFS | |

Currently pending before the Court are several motions for summary judgment relating to the Foreign Trade Antitrust Improvement Act ("FTAIA"). The Court notes that many motions relating to the FTAIA discuss at length a decision from the Seventh Circuit, Motorola Mobility LLC v. AU Optronics Corp., No. 14-8003, 2014 WL 6678622 (7th Cir. Nov 26, 2014), and a decision from the Ninth Circuit, United States v. Hui Hsiung, 758 F.3d 1074 (July 10, 2014). After briefing began but before many reply briefs were due, the Seventh Circuit issued an amended opinion in Motorola, 775 F.3d 816, 819 (7th Cir. Jan 12, 2015) (Posner, J.) cert. denied, 135 S. Ct. 2837 (June 15, 2015). After several of the reply briefs were due, the Ninth Circuit issued an amended order in Hui Hsiung, 778 F.3d 738 (9th Cir. Jan 30, 2015) cert. denied, 135 S. Ct. 2837 (June 15, 2015).

The Court is now considering whether to order supplemental briefing from the Direct Action Plaintiffs ("DAPs") and related Defendants regarding the foregoing developments. Briefing would be strictly limited to a discussion of the effect of the amendments to the two above-cited opinions on any of the DAPs' arguments in the FTAIA-related motions, and would not include any discussion of whether this transferee court should rule on cases subject to remand for trial. Briefing would consist of two briefs, each limited to twelve pages of text (with no

exhibits), one jointly filed by all DAPs and one jointly filed by all related Defendants. The briefs would be due simultaneously.

The Court would like the parties' input regarding the utility of supplemental briefing. Accordingly, the Court now ORDERS the parties to SHOW CAUSE why the Court should not order such briefing. The sole question is whether the parties believe that such briefing would be helpful to the Court.[1]

All responses to this order to show cause are due no later than seven days from the date of this order. Responses should be not more than two pages of text, should <u>not</u> argue the substance of the underlying issue, and should be consolidated among the parties to the extent practicable. No party will be allowed to respond to any other party's response to this order to show cause without leave of court. No party is required to file a response to this order to show cause; if no party files a response, the Court will decide for itself whether supplemental briefing would be useful. Any party requesting that the Court order supplemental briefing should also propose a (hopefully stipulated) deadline for the submission of such briefing.

The parties should not infer from the issuance of this order that a decision regarding the FTAIA summary judgment motions is imminent. The Court is unlikely to decide those motions without first (1) hearing oral argument on the motions, and (2) determining whether to approve the pending settlements in the Indirect Purchaser Plaintiff actions.[2]

IT IS SO ORDERED.

Dated: December 2, 2015

_____
JON S. TIGAR
United States District Judge

---

[1] The Court will not now entertain requests to allow separate briefs filed by each party or multiple sets of briefs, but may order such briefing if the Court later concludes it would be helpful.
[2] <u>See also</u> ECF No. 4192 at 15 ("The defendants involved in the fairness hearings therefore request this Court to delay issuing its rulings on the summary judgment motions until after both hearings are completed.").

2