Josef D. Cooper (53015)
Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: jdc@coopkirk.com
         trk@coopkirk.com
         jdb@coopkirk.com


Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
Email: fos@scarpullalaw.com
         pbc@scarpullalaw.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **JOINDER IN PART TO OBJECTOR DOUGLAS W. ST. JOHN'S MOTION TO AMEND ORDER APPOINTING SPECIAL MASTER** |
| All Indirect Purchaser Actions | Hearing Date:  December 15, 2015<br>Time:  9:30 a.m.<br>Judge:  Honorable Jon S. Tigar<br>Courtroom: 9, 19th Floor |

On September 1, 2015, Lead Counsel filed a motion to appoint Martin Quinn as a Special Master to issue a Report and Recommendation on final approval of the proposed settlements and an aggregate fee award and expense reimbursement to plaintiffs' counsel.[1]  The [Proposed] Order accompanying the Appointment Motion contained the wrong standard for the Court's review of the Special Master's findings of fact, providing for review only for "clear error," whereas Rule 53, Fed. R. Civ. P., provides for *de novo* review.  Dkt. 4032-2, at p. 4.  Neither the Appointment Motion, nor Lead Counsel's accompanying Declaration,[2] discussed the standard of review or called-out this change from Rule 53.

On September 2, 2015, Judge Conti entered an "Order to Show Cause re Appointment of a Special Master Pursuant to Motion of Certain Parties," (Dkt. 4033) ("Show Cause Order") stating his intention to appoint Mr. Quinn pursuant to an order substantially similar to that submitted by Lead Counsel.  Pursuant to Rule 53(b)(1), Fed. R. Civ. P., and in response to the Court's Show Cause Order, the undersigned objected that the scope of reference as to attorneys' fees suggested by Lead Counsel was too narrow, and requested that the apportionment of any aggregate fee award among plaintiffs' counsel also be part of the reference to the Special Master.  We failed to notice that the standard of review in Lead Counsel's proposed order was erroneous.[3]  (Dkt. 4043.)  The Court held a hearing on September 11, 2015, after which all parties were provided with a revised draft order.  *See* Dkt. 4053 and 4077, at p.1.  Again, no one mentioned the standard of review.  On September 24, 2015, the "Order Appointing Special Master," stating that "the Court shall review findings of fact made or recommended by the Special Master for clear error," was entered. ("Appointment Order") Dkt. 4077, at p. 7.

Rule 53(f), Fed. R. Civ. P., provides that "[t]he court must decide de novo all objections to findings of fact made or recommended by a master, *unless the parties, with the court's approval,*

---

[1] "Indirect Purchaser Plaintiffs' Notice of Motion and Motion for Appointment of Martin Quinn as Special Master, Memorandum of Points and Authorities in Support Thereof," filed September 1, 2015, Dkt. 4032 (hereinafter "Appointment Motion").

[2] "Declaration of Mario N. Alioto in Support of Indirect Purchaser Plaintiffs' Motion for Appointment of Martin Quinn as Special Master," filed September 1, 2015, Dkt. 4032-2.

[3] The undersigned did not oppose the appointment of Martin Quinn as Special Master.

*stipulate* that: (A) the findings will be reviewed for clear error ….." (Emphasis added.)  Here, there was never any stipulation to change the standard of review.  The most that can be said is that Lead Counsel's motion was silent on this issue and the Court and other counsel failed to focus on the standard of review during the course of addressing other aspects of the Appointment Order.  This does not amount to Court approval of a "stipulat[ion]" as required by Rule 53(f).

It is a little unclear whether Mr. St. John is asking this Court to correct the standard for all findings of fact or only for those findings going to the issue of attorney's fees.  In his moving papers, he states that he is requesting an amendment to the Appointment Order "at least with respect [to] IPP Counsel's Fee Motion" (Dkt. 4203, at p. 1).[4]  However, Mr. St. John's "[Proposed] Amendment to Order Appointing Special Master" makes no distinction between findings going to fee or settlement issues.  *See* Dkt. 4203-11, ¶2 ("In the first sentence of Section 5(c), the words 'for clear error' are STRICKEN.  Section 5(c) is amended to read as follows: 'Pursuant to Rule 53(f)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master **de novo** ….'" (Emphasis in original.)

The purpose of this joinder (in an abundance of caution) is to request that the proper standard be substituted without limitation for the erroneous standard currently in the Appointment Order.  No stipulation changing the standard for any purpose was ever requested by Lead Counsel or submitted to the Court for approval.  Therefore, the *de novo* standard of review must be employed for all findings of fact made by the Special Master.

Dated: December 3, 2015                         Respectfully submitted,

  /s/ Josef D. Cooper
      Josef D. Cooper

Cooper & Kirkham, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email:  jdc@coopkirk.com

---

[4]  Similarly, the Conclusion suggests that the Court should amend the Appointment Order to specify that "the Special Master's findings of fact vis-à-vis the Fee Motion shall be reviewed de novo." Dkt. 4203, at p. 9.

JOINDER IN PART TO OBJECTOR DOUGLAS W. ST. JOHN'S MOTION TO AMEND
ORDER APPOINTING SPECIAL MASTER - Case No. 3:07-cv-5944, MDL No. 1917

1

2
　　　　　　　　　　　　　 /s/  Francis O. Scarpulla
　　　　　　　　　　　　　　　Francis O. Scarpulla

3
　　　　　　　　　　　Law Offices of Francis O. Scarpulla
　　　　　　　　　　　456 Montgomery Street, 17th Floor

4
　　　　　　　　　　　San Francisco, CA 94104
　　　　　　　　　　　Telephone: 415-788-7210

5
　　　　　　　　　　　Facsimile:  415-788-0706
　　　　　　　　　　　fos@scarpullalaw.com

6

7
　　　　Pursuant to Civil L.R. 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINDER IN PART TO OBJECTOR DOUGLAS W. ST. JOHN'S MOTION TO AMEND
ORDER APPOINTING SPECIAL MASTER - Case No. 3:07-cv-5944, MDL No. 1917