Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,
Toshiba America, Inc., Toshiba America
Information Systems, Inc., Toshiba America
Consumer Products, L.L.C., and
Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944-JST<br>MDL No. 1917<br><br>**NOTICE OF WITHDRAWAL OF TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)** |
| This Document Relates to:<br><br>CERTAIN DIRECT ACTION PLAINTIFFS' ACTIONS | |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that, under Civil Local Rule 7-7(e), Defendants Toshiba
3  Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba
4  America Information Systems, Inc., and Toshiba America Electronic Components, Inc.
5  (collectively, "Toshiba"), by and through their counsel, respectfully submit this Notice of
6  Withdrawal of Toshiba Defendants' Administrative Motion to File Documents Under Seal
7  Pursuant to Civil Local Rules 7-11 and 79-5(d).

8  On November 5, 2015, Toshiba filed its Objections to Special Master's
9  Recommended Order Dated October 21, 2015 Re Plaintiffs' Motion to Compel Supplemental
10 Discovery from Toshiba and Panasonic.  ECF No. 4168.  In connection with that filing and
11 as required by paragraph 6(c) of the Order Appointing Special Master for Discovery (ECF
12 No. 2272), Toshiba submitted the record that was before Special Master Walker upon his
13 consideration of the motions to compel.  ECF No. 4168-1 (Declaration of Matthew Frutig,
14 with exhibits) ("Frutig Declaration").  Some of the exhibits to the Frutig Declaration had
15 earlier been designated either Confidential or Highly Confidential under the Stipulated
16 Protective Order (ECF No. 306) by Toshiba or by the Indirect Purchaser Plaintiffs.
17 Specifically, those documents are:

18    1. Exhibit 4 to the Frutig Declaration, which are Toshiba's Objections and
19       Responses to IPPs' First Set of Interrogatories to Defendants ("Responses to
20       Common Interrogatories");
21    2. Exhibit 5 to the Frutig Declaration, which are Toshiba's Objections and
22       Responses to IPPs' Fourth Set of Requests for Production of Documents to the
23       Toshiba Defendants ("Responses to RFPs");
24    3. Exhibit 6 to the Frutig Declaration, which are Toshiba's Objections and
25       Responses to IPPs' First Set of Interrogatories to Toshiba Defendants
26       ("Responses to Toshiba Interrogatories");
27    4. Exhibit 7 to the Frutig Declaration, which is the IPPs' September 12, 2014
28       Motion to Compel Interrogatory Responses;

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

NOTICE OF WITHDRAWAL OF TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION
TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-5944-JST
MDL No. 1917

5. Exhibit 8 to the Frutig Declaration, which is the IPPs' September 19, 2014 Motion to Compel Supplementary Discovery Responses;

6. Redacted portions of Exhibit 9 to the Frutig Declaration, which is Toshiba's Response to the IPPs' September 12, 2014 Motion to Compel Interrogatory Responses, specifically attachments 4, 5, and 7 to that response, which are, respectively, Toshiba's: (i) Responses to Common Interrogatories; (ii) Responses to Toshiba Interrogatories; and (iii) Responses to the DPPs' First and Second Set of Requests for Production of Documents and DPPs' First Set of Interrogatories;

7. Redacted portions of Exhibit 10 to the Frutig Declaration, which is the Toshiba and Panasonic Defendants' Response to Indirect Purchaser Plaintiffs' Motion to Compel Supplemental Discovery Responses, specifically attachments 6, 8, 9, 10, 12, and 15 to that response, which are, respectively: (i) Toshiba Corporation's Responses to RFPs; (ii) Toshiba Corporation's Responses to Common Interrogatories; (iii) Toshiba Corporation's Responses to Toshiba Interrogatories; (iv) the IPPs' September 12, 2014 Motion to Compel; (v) Toshiba Corporation's Supplemental Objections and Responses to Interrogatory Seven of the IPPs' First Set of Interrogatories to Defendants; and (vi) excerpts from the transcript of the June 12, 2014 deposition of Kazutaka Nishimura;

8. Exhibit 11 to the Frutig Declaration, which is the IPPs' Reply to the Toshiba Defendants' Response to the IPPs' Motion to Compel Interrogatory Responses; and

9. Exhibit 12 to the Frutig Declaration, which is the IPPs' Reply to Toshiba's and Panasonic's Joint Response to IPPs' Motion to Compel Further Interrogatory Responses.

To maintain the confidentiality of these documents — and, as it relates to Exhibits 7, 8, 11, and 12 to the Frutig Declaration, as required by paragraph 10 of the Stipulated Protective Order — Toshiba filed a request for an order from this Court permitting Toshiba to file these documents under seal. ECF No. 4167.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1       On November 23, 2015, this Court scheduled a hearing on the Toshiba Defendants' Administrative Motion to File Documents Under Seal. ECF No. 4207. Because this was a departure from this Court's prior consideration of motions filed under Civil Local Rule 79-5(d), Toshiba undertook to re-examine its submissions. Based on that re-examination of Exhibits 4, 5, 6, 9, and 10 of the Frutig Declaration, Toshiba hereby withdraws its confidentiality designations and withdraws its request to this Court to file these documents under seal.

        These documents are all discovery materials that were attached to a non-dispositive motion; therefore, they fall within the exception to the presumption of access to judicial records "such that 'the usual presumption of the public's right of access is rebutted.'" *Kamanaka v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Although an argument could be made that, as discovery materials attached to a non-dispositive motion, these documents (or a subset of them) should remain shielded under the blanket of protection provided by the Stipulated Protective Order, Toshiba elects, given the current status of the case and its proximity to trial, to withdraw its designations of these documents as confidential. *See, e.g.*, Stipulated Protective Order ¶ 14 ("The terms of this Protective Order shall govern in all circumstances except for presentations of evidence and argument at hearings on dispositive motions and at trial."); *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal.) (ECF No. 6243) (Order re Administrative Motions to File Documents Under Seal) (requiring a higher standard for maintaining the confidentiality of documents as trial approached). Moreover, none of these documents threatens the secrecy of the U.S. Department of Justice's investigation of the CRT industry; indeed, Toshiba never received a grand-jury subpoena in connection with that investigation and was only ever contacted by DOJ as a potential victim of the investigated activity.

        Regarding the exhibits to the Frutig Declaration that were designated "Highly Confidential" by the Indirect Purchaser Plaintiffs, i.e., Exhibits 7, 8, 11, and 12, Toshiba's counsel has reached out to counsel for the Indirect Purchaser Plaintiffs, who have informed

1  Toshiba that they, too, are agreeable to withdrawing their confidentiality designations of
2  those documents.
3      Because both Toshiba and the Indirect Purchaser Plaintiffs have withdrawn their
4  confidentiality designations for all of the documents subject to Toshiba's Administrative
5  Motion to File Documents Under Seal, Toshiba is prepared to file the unredacted version of
6  the Frutig Declaration, with exhibits, on the public docket.
7      Lastly, notwithstanding this withdrawal, given this Court's Order Setting Hearing Re
8  Toshiba Defendants' Administrative Motion to File Documents Under Seal (ECF No. 4207),
9  Toshiba's counsel intends to appear in person at the hearing scheduled for December 7, 2015,
10 at 2:00 p.m., unless the Court instructs otherwise.

12 Dated:  December 3, 2015                            Respectfully submitted,

**WHITE & CASE** LLP

By:  /s/ Dana E. Foster
    Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
    Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
    Dana E. Foster (*pro hac vice*)
    defoster@whitecase.com
    701 Thirteenth Street, N.W.
    Washington, DC  20005
    tel.: (202) 626-3600
    fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

NOTICE OF WITHDRAWAL OF TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION
TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-5944-JST
MDL No. 1917
4

**CERTIFICATE OF SERVICE**

On December 3, 2015, I caused a copy of "NOTICE OF WITHDRAWAL OF TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

*/s/ Dana E. Foster*
Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

NOTICE OF WITHDRAWAL OF TOSHIBA DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(d)
Case No. 07-5944-JST
MDL No. 1917