Kenneth A. Gallo (*pro hac vice*)
Joseph J. Simons (*pro hac vice*)
Craig A. Benson (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: jsimons@paulweiss.com
Email: cbenson@paulweiss.com

Stephen E. Taylor (SBN 058452)
Jonathan A. Patchen (SBN 237346)
**TAYLOR & COMPANY LAW OFFICES, LLP**
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone:  (415) 788-8200
Facsimile:  (415) 788-8208
Email: staylor@tcolaw.com
Email: jpatchen@tcolaw.com

*Attorneys for Plaintiffs Sharp Electronics Corporation and*
*Sharp Electronics Manufacturing Company of America, Inc.*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 07-cv-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>*Best Buy Co., Inc. et al. v. Hitachi Ltd., et al.*, No. 3:11-cv-05513;<br><br>*Best Buy Co., Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05264;<br><br>*CompuCom Systems, Inc. v. Hitachi, Ltd., et al.* No. 2:11-cv-06396;<br><br>*Costco Wholesale Corp. v. Hitachi, Ltd, et al.*, Case No. 11-cv-06397; | **OPPOSITION OF CERTAIN DIRECT ACTION PLAINTIFFS TO TOSHIBA'S MOTION FOR RECONSIDERATION**<br><br>Hearing Date:  January 7, 2016<br>Time:  2:00 p.m.<br>Judge:  Honorable Jon S. Tigar<br>Courtroom:  9, 19th Floor |

*Costco Wholesale Corporation v. Technicolor SA, et al.*, No. 13-cv-05723;

*Electrograph Systems, Inc., et al. v. Hitachi, Ltd., et al.*, No. 3:11-cv-01656;

*Electrograph Systems, Inc., et al. v. Technicolor SA, et al.*, No. 13-cv-05724;

*Interbond Corp. of Am. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06275;

*Interbond Corp. of Am. v. Technicolor SA, et al.*, No. 13-cv-05727;

*Office Depot, Inc. v. Hitachi, Ltd. et al.*, No. 3:11-cv-06276;

*Office Depot, Inc. v. Technicolor SA, et al.*, No. 13-cv-05726;

*P.C. Richard & Son Long Island Corp., et al., v. Hitachi, Ltd., et al.*, No. 3:12-cv-02648;

*P.C. Richard & Son Long Island Corporation, et al. v. Technicolor SA, et al.*, No. 13-cv-05725;

*Schultze Agency Services, LLC v. Hitachi, Ltd., et al.*, No. 3:12-cv-2649;

*Schultze Agency Services, LLC v. Technicolor SA, Ltd., et al.*, No. 13-cv-05668;

*Sharp Elec. Corp. v. Hitachi, Ltd., et al.* No. 3:13-cv-01173;

*Sharp Electronics Corp., et al. v. Koninklijke Philips Electronics N.V., et al.*, No. 13-cv-2776; and

*Tech Data Corp., et al. v. Hitachi, Ltd., et al.*, No.13-cv-00157

The undersigned Direct Action Plaintiffs ("DAPs"), pursuant to Civil Local Rule 7-9 and the Court's order of November 23 (ECF No. 4205), respectfully submit this opposition to Toshiba's Motion for Reconsideration of the Court's November 6, 2015 Order (ECF No. 4171) ("the Order") adopting Special Master Vaughn R. Walker's Report and Recommendation (ECF No. 3959) ("the Report").  Toshiba's motion for reconsideration should be denied.  Toshiba is incorrect that this Court's standard of review is "precedent" setting; rather, it is identical to the standard of review Judge Conti employed throughout the prior seven years of this litigation in reviewing the decisions of two Special Masters he appointed.  In these circumstances, Toshiba was obligated to raise the issue of the standard of review in its Objections to the Report.  It failed to do so, precluding any basis for granting a motion for reconsideration.  Moreover, and in any event, the Report should be upheld under any standard of review.

## I.   ARGUMENT

In order to demonstrate that reconsideration is appropriate, Toshiba must establish either a change in the law or facts or a "manifest failure by the Court to consider material facts or <u>dispositive legal arguments which were presented to the Court before</u>" the order in question.  Civil L.R. 7-9(b) (emphasis added).  Toshiba has not done so here.

### A.   Special Master Walker's Prior Factual Findings Were Reviewed for Clear Error and Toshiba Failed to Present Arguments for an Alternative Standard Prior to This Court's Ruling

Toshiba misrepresents that this Court set a "precedential" standard when it reviewed Special Master's Walker's findings of fact for clear error.  Ever since Judge Conti appointed Special Master Walker in 2013, he reviewed Special Master Walker's Reports and Recommendations under a clear error standard.  Similarly, Judge Conti had reviewed findings by previous Special Master Legge under a clear error standard.

The relevant background is as follows:

- On June 6, 2008, the parties informed the Court that they had "no objection to Judge Legge's appointment as Special Master in this action."  (ECF No. 297 at 3.)

- On June 16, 2008, Judge Conti issued an order appointing Judge Legge as Special Master.  The Order states that "Pursuant to the parties' stipulation, the Court shall review findings of fact made or recommended by the Special Master for clear error."

(ECF No. 302 at ¶ 18.)

- Judge Conti thereafter reviewed Special Master Legge's factual findings under a clear error standard, without objection from any party.  For example, on January 28, 2013, Judge Conti adopted a report and recommendation issued by Special Master Legge granting Toshiba's motion to compel arbitration.  (ECF No. 1543.)  In his Order, Judge Conti held that the Court was reviewing the "Special Master's factual findings for clear error."  (*Id.*)

- On December 17, 2013, Judge Conti appointed Judge Walker as Special Master as a successor to Special Master Legge.  The order states that "[r]eview of the Special Master's orders will be subject to the same procedures as review of orders of a Magistrate Judge, except as otherwise provided herein."  (ECF No. 2272 at 4.)

No party, including Toshiba, objected to Judge Conti's December 17, 2013 order.  Indeed, under the Federal Rules of Civil Procedure, a Magistrate's findings are reviewed under a "clear error" standard.  Fed. R. Civ. P. 72(a).

Thereafter, in multiple orders, Judge Conti explained that he was reviewing Special Master Walker's factual findings for clear error, consistent with the standard established with the initial appointment of a Special Master in the case in 2008.  For instance, in an order denying Best Buy's objections to a Report & Recommendation granting in part and denying in part Best Buy's motion for a protective order, in a section entitled "Review of Orders by the Special Master," Judge Conti held that the "***Court reviews the Special Master's factual findings for clear error***, his legal conclusions <u>de novo</u>, and his procedural decisions for abuse of discretion. Fed. R. Civ. P. 53(f)(3)-(5); ***ECF No. 302 (appointing the initial special master)***."  (ECF No. 2714, at 4 (emphasis added).)  Judge Conti repeated his prior holding that Special Master Walker's factual findings would be reviewed for clear error in an October 23, 2014 order denying defendant Thomson's objections and granting a DAP motion to compel discovery from Thomson.  (ECF No. 2945, at 5.)  No party, including Toshiba, objected that Judge Conti misstated the proper standard of review.

Given this prior law of the case, Toshiba should have raised the question of the applicable standard of review in its Objections.  It did not do so.  Under Rules 7-9(b)(1) & (b)(3), that failure requires denial of the motion to reconsider.

2

OPPOSITION OF CERTAIN DIRECT ACTION PLAINTIFFS TO TOSHIBA'S MOTION FOR RECONSIDERATION
MDL No. 1917 | CASE No. 07-cv-5944 JST

1

2

### B.   Toshiba Points to No Factual Issues Whose Resolution Would Lead to a Different Result Under a Different Standard of Review

3

4        In any event, Toshiba has not explained how a different standard of review would change the

5   result here.  Even though only dispositive changes are reviewable on a motion for reconsideration, *see*

6   Civil L.R. 7-9(b)(3); *Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 660214, at *1 (N.D.

7   Cal. Feb. 12, 2015), Toshiba fails to identify any way in which this Court's decision to accept the

8   Special Master's Report would be altered by the Court applying a *de novo*, rather than a "clear error,"

9   standard of review to Toshiba's Objections.

10       Nor could it.  Toshiba's Objections are focused on the jurisdictional question of whether

11  Special Master Walker was deciding a discovery dispute or an evidentiary dispute.  *See* ECF No. 4005,

12  at 2 ("The Recommended Order reads as if the Special Master adjudicated a "discovery dispute"

13  between the plaintiffs and the Toshiba Defendants under *Rule 36 of the Federal Rules of Civil*

14  *Procedure*.  He did not.") (emphasis in original); *id.* at 5 ("At bottom, this is not a discovery dispute.  It

15  is an evidentiary dispute about potential trial exhibits . . . .").  The answer to that question does not turn

16  on any factual finding by Special Master Walker.  Toshiba's Objections themselves concede that the

17  stipulation process leading to Special Master Walker's ruling was intended to settle a discovery dispute

18  arising out of Toshiba's objections and responses to RFAs served on it.  (*Id.* at 2-3.)  The Court here

19  also independently concluded that Special Master Walker's order resolved a discovery dispute because

20  it "arose out of Plaintiffs' RFAs 2-7."  (ECF No. 4171, at 3.)  The Court specifically considered and

21  rejected as an unconvincing "distinction without a difference" Toshiba's argument that this was not a

22  discovery dispute because it concerned enforcing a compromise that flowed from resolving the

23  objections to the RFAs.  (*Id.*)  Moreover, the Court also expressly stated that Judge Walker's Report

24  did not extend to questions of admissibility, leaving those questions open for decision at a later point.

25  (*Id.* at n.1)

26       Because the bulk of Toshiba's Objections relate to this question of whether Special Master

27  Walker was deciding a discovery dispute or an evidentiary dispute, and because the Court correctly

28  held that it was a discovery dispute, a change in the standard of review would have no effect on the

outcome.  Notably, in its Objection, Toshiba did not contest the following critical facts upon which

3

1   Special Walker concluded that "there was no meeting of the minds with respect to the stipulation" –

2   that: (1)  "Plaintiffs and defendants attempted but failed to resolve their discovery dispute by entering

3   into the 10/10/14 Stipulation and Order"; (2) "A number of DAPs have admitted that a fair number of

4   their documents are authentic business records"; (3) "the parties agreed to exchange lists of 94

5   documents each"; (4) Toshiba stated that 91 of the 94 documents "did not meet each of the

6   requirements of Rule 803(6)"; and (5) "It would have been unreasonable for the parties to have

7   contemplated a one-sided deal."  (*See* ECF No. 3959, at 3, 5-7.)  Accordingly, there is no basis for

8   reconsideration.

9   **II.**     **CONCLUSION**

10          For all these reasons, the undersigned DAPs respectfully submit that the Order should stand

11   and Toshiba's Motion for Reconsideration should be denied.[1]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

_____

26   [1]  DAPs understand that, pursuant to Local Rule 72-2, "[u]nless otherwise ordered by the assigned
     District Judge, no response [to objections] need be filed and no hearing will be held concerning the

27   motion" and further that "[t]he District Judge may deny the motion by written order at any time, but
     may not grant it without first giving the opposing party an opportunity to respond."  Accordingly, the

28   DAPs will be prepared to submit a response to Toshiba's objections if called for by the Court.

4

OPPOSITION OF CERTAIN DIRECT ACTION PLAINTIFFS TO TOSHIBA'S MOTION FOR RECONSIDERATION
MDL NO. 1917 │ CASE NO. 07-cv-5944 JST

1

2  DATED:  December 3, 2015          By:   */s/ Craig A. Benson*

3                                    Kenneth A. Gallo (*pro hac vice*)
                                     Joseph J. Simons (*pro hac vice*)
4                                    Craig A. Benson (*pro hac vice*)
                                     **PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP**
5                                    2001 K Street, NW
                                     Washington, DC  20006
6                                    Telephone: (202) 223-7300
                                     Facsimile: (202) 223-7420
7                                    Email: kgallo@paulweiss.com
                                     Email: jsimons@paulweiss.com
8                                    Email: cbenson@paulweiss.com

9                                    Stephen E. Taylor (SBN 058452)
                                     Jonathan A. Patchen (SBN 237346)
10                                   **TAYLOR & COMPANY LAW OFFICES, LLP**
                                     One Ferry Building, Suite 355
11                                   San Francisco, California  94111
                                     Telephone:  (415) 788-8200
12                                   Facsimile:  (415) 788-8208
                                     Email: staylor@tcolaw.com
13                                   Email: jpatchen@tcolaw.com

14                                   *Attorneys for Plaintiffs Sharp Electronics Corporation and
                                     Sharp Electronics Manufacturing Co. of America, Inc.*

15                                   */s/ Philip J. Iovieno*

16                                   Philip J. Iovieno
                                     Anne M. Nardacci
17                                   **BOIES, SCHILLER & FLEXNER LLP**
                                     30 South Pearl Street, 11th Floor
18                                   Albany, NY 12207
                                     Telephone: (518) 434-0600
19                                   Facsimile: (518) 434-0665
                                     Email: piovieno@bsfllp.com
20                                   anardacci@bsfllp.com

21                                   William A. Isaacson
                                     **BOIES, SCHILLER & FLEXNER LLP**
22                                   5301 Wisconsin Ave. NW, Suite 800
                                     Washington, D.C. 20015
23                                   Telephone: (202) 237-2727
                                     Facsimile: (202) 237-6131
24                                   Email: wisaacson@bsfllp.com

25                                   Stuart Singer
                                     **BOIES, SCHILLER & FLEXNER LLP**
26                                   401 East Las Olas Blvd., Suite 1200
                                     Fort Lauderdale, FL 33301
27                                   Telephone: (954) 356-0011
                                     Facsimile: (954) 356-0022
28                                   Email: ssinger@bsfllp.com

5

*Liaison Counsel for Direct Action Plaintiffs
and Attorneys for Plaintiffs Electrograph
Systems, Inc., Electrograph Technologies,
Corp., Office Depot, Inc.,
Interbond Corporation of America, P. C.
Richard & Son Long Island Corporation,
MARTA Cooperative of America, Inc., ABC
Appliance, Inc., Schultze Agency Services LLC
on behalf of Tweeter Opco, LLC, Tweeter
Newco, LLC, Tech Data Corporation, and Tech
Data Product Management, Inc.*

*/s/ David J. Burman*

David J. Burman (*pro hac vice*)
Cori G. Moore (*pro hac vice*)
Eric J. Weiss (*pro hac vice*)
Nicholas H. Hesterberg (*pro hac vice*)
Steven D. Merriman (*pro hac vice*)
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206)359-8000
Facsimile: (206)359-9000
Email: DBurman@perkinscoie.com
CGMoore@perkinsncoie.com
EWeiss@perkinscoie.com
NHesterberg@perkinscoie.com
SMerriman@perkinscoie.com

Joren Bass, Bar No. 208143
**PERKINS COIE LLP**
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: (415)344-7120
Facsimile: (415)344-7320
Email: JBass@perkinscoie.com
*Counsel for Plaintiff Costco Wholesale Corporation*

*/s/ Roman M. Silberfeld*

Roman M. Silberfeld
Bernice Conn
David Martinez
Laura E. Nelson
Jill S. Casselman
**ROBINS KAPLAN LLP**
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130
Facsimile: (310) 229-5800
Email: rmsilberfeld@robinskaplan.com

6

Bconn@robinskaplan.com
dmartinez@robinskaplan.com
Lnelson@robinskaplan.com
jscasselman@robinskaplan.com

*Counsel For Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, Inc.*

I, Craig A. Benson, am the ECF user whose ID and password are being used to file the above Opposition of Certain Direct Action Plaintiffs To Toshiba's Motion For Reconsideration.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each counsel listed above has concurred in this filing.

Dated:  December 3, 2015          By:   */s/ Craig A. Benson*

7

OPPOSITION OF CERTAIN DIRECT ACTION PLAINTIFFS TO TOSHIBA'S MOTION FOR RECONSIDERATION
MDL NO. 1917 │ CASE NO. 07-cv-5944 JST