# Exhibit 4
# A-E

# Exhibit 4-A

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's
2    April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court
3    on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba Corporation
4    ("Toshiba Corp.") hereby submits the following Objections and Responses to Indirect
5    Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated August 1, 2014 (the
6    "Interrogatories").

7    Each of the following responses is made only for purposes of the actions named in the
8    above caption.  Each response is subject to all objections as to relevance, materiality and
9    admissibility, and to any and all objections on any ground that would require exclusion of any
10   response if it were introduced in court.  All evidentiary objections and grounds are expressly
11   reserved.

12   Each of the following responses is made on the basis of the information available at
13   the time of service of the responses.  Toshiba Corp.'s responses to these Interrogatories are
14   subject to the provisions of the Stipulated Protective Order that the Court issued on June 18,
15   2008 (the "Protective Order").   Toshiba Corp.'s responses are hereby designated
16   "Confidential" in accordance with the provisions of the Protective Order.

17                                **GENERAL OBJECTIONS**

18   1.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
19   Instructions provided therein, to the extent they contravene the April 3, 2012 Order re
20   Discovery and Case Management Protocol, Docket number 1128 in the MDL.

21   2.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
22   Instructions provided therein, to the extent they purport to impose obligations beyond those
23   required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice
24   in Civil Proceedings before the United States District Court for the Northern District of
25   California or to the extent it is outside the scope of any order or opinion of this Court.

26   3.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
27   Instructions provided therein, to the extent they call for the production of documents or
28   information that relate to matters not raised by the pleadings, to the extent they are not

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  material and necessary to the prosecution or defense of this action, and to the extent they are
2  not reasonably calculated to lead to the discovery of admissible evidence.

3      4.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
4  Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague,
5  or ambiguous.  Toshiba Corp. further objects to the Interrogatories, including the Definitions
6  and Instructions provided therein, to the extent they purport to seek discovery of information
7  from disaster recovery systems and archives.

8      5.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
9  Instructions provided therein, to the extent they state and/or call for legal conclusions and/or
10  admissions.

11      6.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
12  Instructions provided therein, to the extent they call for publicly available information.

13      7.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
14  Instructions provided therein, to the extent they seek information or documents protected by
15  the attorney-client privilege, attorney work-product doctrine or any other applicable privilege,
16  protection, immunity, or rule (collectively, "Privileged Information").  Toshiba Corp. will not
17  disclose any Privileged Information in response to any Interrogatory.  Toshiba Corp. does not
18  intend by these Objections and Responses to waive any claim of privilege or immunity.  Any
19  inadvertent production of such material or information is not intended to, and shall not,
20  constitute a general or specific waiver in whole or in part of those privileges or protections as
21  to material or information inadvertently produced or the subject matter thereof.  Nor is any
22  inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any
23  use of such document or information.

24      8.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
25  Instructions provided therein, to the extent they seek information, the disclosure of which
26  would violate applicable law, including, but not limited to, privacy laws.  In providing any
27  response, Toshiba Corp. does so only to the extent allowable under applicable law.

28

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

9.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

10.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between Toshiba Corp. and third parties.

11.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on Toshiba Corp. weighed against the Plaintiffs' need for the information.

12.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to Toshiba Corp.

13.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to Toshiba Corp., or which has already been produced by other parties.

14.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

15.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

16.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

**CONFIDENTIAL**

17.     Toshiba Corp. objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

18.     Toshiba Corp. objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.   Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

19.     Toshiba Corp.'s response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by Toshiba Corp. with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.   Toshiba Corp. reserves the right to contest any such characterization.   Toshiba Corp. further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

20.     Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided herein, to the extent they seek the discovery of information regarding Toshiba Corp.'s sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.   Toshiba Corp. also objects to the Interrogatories to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.   Toshiba Corp. will only produce responsive, non-privileged information and documents that relate to Toshiba Corp.'s sales, if any, of CRTs or CRT Products that are shipped to the United States or that related to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

21.     Toshiba Corp. objects to the Interrogatories on the basis that Plaintiffs bear the burden of proof to establish standing; Toshiba Corp. has no obligations to disprove standing and cannot be compelled to disprove it.

22.     Toshiba Corp. objects to the Interrogatories to the extent that the Interrogatories intend to imply that Toshiba Corp. bears the burden of proof for each of the defenses cited in its Answer.

23.     Toshiba Corp. objects to the defined terms "Bilateral Meeting," "Communication," "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

24.     Toshiba Corp. objects to the defined term "Defendant" because the incorporation of any or all of the terms "present or former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant" into the definition renders each Interrogatory incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is not relevant to the claim or defense or any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence, and because they improperly purport to seek information from distinct persons not parties to the case and not controlled by Toshiba Corp.

25.     Toshiba Corp. objects to the defined term "Document" as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.  Toshiba Corp. further objects to this definition on the ground that it seeks original documents or purports to require the production of documents in a specified medium or format, including to the extent it purports to impose obligations on Toshiba Corp. beyond those required by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in the MDL.

**CONFIDENTIAL**

26.     Toshiba Corp. objects to the defined terms "You" and "Your" because they are vague, overly broad, and unduly burdensome, because they include entities not controlled by Toshiba Corp., because they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information, and, in addition, because they improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by Toshiba Corp.  Toshiba Corp. further objects to the definitions of "You" and "Your" because the incorporation of any or all of the terms "subsidiaries," "departments," "divisions," "affiliates," "employees," "agents," or "representatives" into the definitions renders the Interrogatories overly broad and unduly burdensome because it calls for information that is not relevant to the claim or defense of any party, because it is not relevant to the subject matter involved in this action, because it is not reasonably calculated to lead to the discovery of admissible evidence, and because it improperly purports to seek information from entities that are neither parties to the case, nor controlled by Toshiba Corp.

27.     Toshiba Corp. objects to the defined term "Class Period" to the extent that it exceeds the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Toshiba Corp. also objects to the definition of "Class Period" because it is well beyond the relevant statute of limitations.  Toshiba Corp. further objects to the term "Class Period" to the extent that it seeks documents created after this litigation began.  For the purposes of responding to these Interrogatories, Toshiba Corp. will interpret the term "Class Period" as referring to the "Class Period" defined in the Complaints, which is March 1, 1995 to November 25, 2007.

28.     Discovery is ongoing.  This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to Toshiba Corp.  Further investigation and discovery may result in the identification of additional information or contentions, and Toshiba Corp. expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary.  Toshiba

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   Corp.'s responses should not be construed to prejudice its right to conduct further

2   investigation in this case, or to limit Toshiba Corp.'s use of any additional evidence that may

3   be developed.

4            **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

5   **INTERROGATORY NO. 1:**

6        Have You ever participated in any conspiracy to fix prices, limit production or

7   capacity, allocate customers and/or allocate market share of CRTs?

8   **RESPONSE:**

9        In addition to its General Objections listed above, Toshiba Corp. objects to

10  Interrogatory No. 1 because it is vague, overly broad, unduly burdensome, and seeks

11  information that is neither relevant nor reasonably calculated to lead to the discovery of

12  admissible evidence.

13       Subject to and without waiving the objections stated above, Toshiba Corp. denies ever

14  participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

15  and/or allocate market share of CRTs.

16  **INTERROGATORY NO. 2:**

17       If You contend that You withdrew from any CRT Conspiracy, state:

18       (a) Why You withdrew from the conspiracy;

19       (b) What specific acts You took to withdraw from the CRT Conspiracy;

20       (c) Any co-conspirators or Law Enforcement Agents to whom You communicated

21            Your withdrawal; and

22       (d) Who withdrew from the CRT Conspiracy on your behalf

23  **RESPONSE:**

24       In addition to its General Objections listed above, Toshiba Corp. objects to

25  Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks

26  information that is neither relevant nor reasonably calculated to lead to the discovery of

27  admissible evidence.

28

CONFIDENTIAL

1    Toshiba Corp. also objects to the term "CRT Conspiracy" because it is vague,

2  ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant

3  nor reasonably calculated to lead to the discovery of admissible evidence.

4    Subject to and without waiving the objections stated above, Toshiba Corp. denies ever

5  participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

6  and/or allocate market share of CRTs.  Toshiba Corp. exited the CRT market when it entered

7  into the Business Integration Agreement with Matsushita Electric Industrial Co., Ltd., on

8  January 29, 2003.   Under the Business Integration Agreement, Toshiba Corp. agreed to

9  combine and integrate its CRT business into an integrated company known as Matsushita

10  Toshiba Picture Display Co., Ltd. ("MTPD").  Accordingly, on March 31, 2003, Toshiba

11  Corp. transferred its CRT personnel, factories, and all documentation to MTPD, and exited

12  the CRT market.  By exiting the CRT market, Toshiba Corp. withdrew from any alleged

13  conspiracy.

14    Following the creation of MTPD, Toshiba Corp. had no control over the day-to-day

15  activities of the newly created company.  MTPD was not jointly controlled; Toshiba was a

16  35.5% minority shareholder with limited rights, while Matsushita alone had decisive influence

17  over MTPD.  Further, Matsushita controlled MTPD's voting rights and Board of Directors.

18    Discovery is ongoing.   Toshiba Corp. reserves the right to supplement, amend,

19  expand, correct, or clarify these objections and response to this Interrogatory and to assert

20  additional general and specifics objections arising from matters discovered during the course

21  of the litigation.

22  **INTERROGATORY NO. 3:**

23    If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all

24  Evidence upon which You intend to rely to prove such contention.

25  **RESPONSE:**

26    In addition to its General Objections listed above, Toshiba Corp. objects to

27  Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    information that is neither relevant nor reasonably calculated to lead to the discovery of

2    admissible evidence.

3         Toshiba Corp. also objects to Interrogatory No. 3 to the extent it seeks "all Evidence"

4    on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

5    lead to the discovery of admissible evidence.

6         Subject to and without waiving the objections stated above, Toshiba Corp. denies ever

7    participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

8    and/or allocate market share of CRTs.  Regarding its response to Interrogatory No. 2 and the

9    evidence regarding Toshiba Corp.'s exit from the CRT market, Toshiba Corp. refers Plaintiffs

10   to evidence either provided in this litigation or that is publicly available, including but not

11   limited to:  TSB-CRT-00018162; Toshiba Corporation, Form 10-K for the fiscal year ended

12   March 31, 2003, pp. 44, 54; Documents responsive to Interrogatory No. 7 to the Direct

13   Purchaser Plaintiffs' First Set of Interrogatories; Transcript of Rule 30(b)(6) Deposition of

14   Toshiba Corp. at, *inter alia*, 64:20-65:2; 148:16-150:17, *In re: Cathode Ray Tube (CRT)*

15   *Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 30,

16   2012; Transcript of Deposition of Shinichiro Tsuruta at 56:20-57:2; 57:13-16, *In re: Cathode*

17   *Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.),

18   dated September 25-27, 2013; Transcript of Deposition of Yasuki Yamamoto at 76:5-76:19,

19   *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No.

20   1917 (N.D. Cal.), dated July 1-3, 2013; Transcript of Deposition of Norio Fujita at 146:14-21,

21   *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No.

22   1917 (N.D. Cal.), dated June 4-6, 2014; Transcript of Rule 30(b)(6) Deposition of Toshiba

23   America Electronic Components, Inc. at 170:10-15, *In re: Cathode Ray Tube (CRT) Antitrust*

24   *Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 31, 2012; and

25   Transcript of Rule 30(b)(6) Deposition of MT Picture Display Co., Ltd., Panasonic

26   Corporation, and Panasonic Corporation of North America at 33:12-35:12; 42:23-44:7, *In re:*

27   *Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917

28   (N.D. Cal.), dated July 13, 2012.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Discovery is ongoing.  Toshiba Corp. reserves the right to supplement, amend, expand,

2   correct, or clarify these objections and response to this Interrogatory and to assert additional

3   general and specifics objections arising from matters discovered during the course of the

4   litigation.

5   **INTERROGATORY NO. 5:**

6   Indicate whether You were notified at any time by any co-conspirator of any co-

7   conspirator's intent to withdraw from the CRT Conspiracy?

8   **RESPONSE:**

9   In addition to its General Objections listed above, Toshiba Corp. objects to

10  Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks

11  information that is neither relevant nor reasonably calculated to lead to the discovery of

12  admissible evidence.

13  Toshiba Corp. also objects to the term "CRT Conspiracy" because it is vague,

14  ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant

15  nor reasonably calculated to lead to the discovery of admissible evidence.

16  Toshiba Corp. further objects to the term "co-conspirator" because it is vague,

17  ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant

18  nor reasonably calculated to lead to the discovery of admissible evidence.

19  Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it assumes

20  Toshiba Corp. engaged in a conspiracy.

21  Subject to and without waiving the objections stated above, Toshiba Corp. denies ever

22  participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

23  and/or allocate market share of CRTs.

24  **INTERROGATORY NO. 6:**

25  If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all

26  communication(s) between You and any person(s) regarding any co-conspirator's intent to

27  withdraw from the conspiracy, and identify all Evidence regarding such communications.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 6 to the extent that it assumes Toshiba Corp. engaged in a conspiracy.

Subject to and without waiving the objections stated above, Toshiba Corp. denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 7:**

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 7 because requesting "all Evidence" for "each affirmative defense in your Answer" constitutes as more than one interrogatory under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

**CONFIDENTIAL**

1    Toshiba Corp. further objects to Interrogatory No. 7 to the extent it calls for legal

2    conclusions.

3    Subject to and without waiving the objections stated above, Toshiba Corp. identifies

4    the affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs'

5    Complaint (ECF No. 850), including, but not limited to, Toshiba Corp.'s sixth, thirteenth,

6    fourteenth, fifteenth, twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-

7    ninth, and eighty-seventh defenses.

8    Toshiba Corp. takes no position at this time as to whether any of the Plaintiffs' claims

9    against Toshiba Corp. are barred, in whole or in part, by Toshiba Corp.'s sixth, thirteenth,

10   fourteenth, fifteenth, twenty-first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

11   Toshiba Corp. takes no position at this time as to whether any of the Plaintiffs' claims

12   against Toshiba Corp. are barred, in whole or in part, by Toshiba Corp.'s thirty-first and

13   thirty-second defenses.  Toshiba Corp. reserves the right to develop these defenses should

14   parties to this litigation reach settlement agreements.

15   Regarding Toshiba Corp.'s thirty-seventh defense, Toshiba Corp. refers Plaintiffs to

16   evidence provided in this litigation, including but not limited to: TSB-CRT-00018162 and

17   Transcript of Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re:*

18   *Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917

19   (N.D. Cal.), dated July 30, 2012.

20   Discovery is ongoing.  Toshiba Corp. reserves the right to supplement, amend,

21   expand, correct, or clarify these objections and responses to this Interrogatory and to assert

22   additional general and specifics objections arising from matters discovered during the course

23   of the litigation.

24   **INTERROGATORY NO. 8:**

25   For each year during the Class Period, state by year how many CRTs (in both number

26   of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States;

27   (b) billed to an address in the United States, but shipped to a location outside of the United

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    States; (c) shipped to an address in the United States, but billed to a location outside of the

2    United States; and (d) shipped and billed to a location outside of the United States.

3    **RESPONSE:**

4         In addition to its General Objections listed above, Toshiba Corp. objects to

5    Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks

6    information that is neither relevant nor reasonably calculated to lead to the discovery of

7    admissible evidence.

8         Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it seeks

9    information regarding sales outside the United States and unrelated to United States

10   commerce, as such sales are beyond the scope of this litigation and requesting such

11   information renders Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably

12   calculated to lead to the discovery of admissible evidence.

13        Toshiba Corp. further objects to Interrogatory No. 8 on the ground that it is duplicative

14   of discovery served in this litigation, which is in contravention of the Discovery Protocol,

15   including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

16   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

17   for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

18   Set of Interrogatories.

19        Subject to and without waiving the objections stated above, with regard to CRTs it

20   sold, Toshiba Corp. refers Plaintiffs to documents previously produced by Toshiba Corp. in

21   this litigation, including but not limited to: TSB-CRT-00061306; TSB-CRT-00061307; TSB-

22   CRT-00061308;  TSB-CRT-00061309;  TSB-CRT-00061310;  TSB-CRT-00061311;  TSB-

23   CRT-00061312;  TSB-CRT-00061313;  TSB-CRT-00061314;  TSB-CRT-00061315;  TSB-

24   CRT-00061316; and TSB-CRT-00061317.

25   **INTERROGATORY NO. 9:**

26        For each year during the Class Period, state by year how many CRT Products (in both

27   number of units and revenue in U.S. dollars) that You:  (a) billed to and shipped to the United

28   States; (b) billed to an address in the United States, but shipped to a location outside of the

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  United States;(c) shipped to an address in the United States, but billed to a location outside of

2  the United States; and (d) shipped and billed to a location outside of the United States.

3  **RESPONSE:**

4      In addition to its General Objections listed above, Toshiba Corp. objects to

5  Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks

6  information that is neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence.

8      Toshiba Corp. also objects to Interrogatory No. 9 to the extent that it seeks disclosure

9  of documents or information that is not within Toshiba Corp.'s possession, custody, or

10  control.

11      Toshiba Corp. further objects to Interrogatory No. 9 to the extent that it seeks

12  information regarding sales outside the United States and unrelated to United States

13  commerce, as such sales are beyond the scope of this litigation and requesting such

14  information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably

15  calculated to lead to the discovery of admissible evidence.

16      Subject to and without waiving the objections stated above, Toshiba Corp. refers

17  Plaintiffs to documents and information previously produced by Toshiba Corp. in this

18  litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for

19  Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second

20  Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser

21  Plaintiffs' First Set of Interrogatories.

22  **INTERROGATORY NO. 10:**

23      For each year during the Class Period, state by year how many CRTs (in both number

24  of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic

25  manufacturing service, original design manufacturer, or system integrator for integration into

26  CRT Products to be sold in the United States.

27

28

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 10 to the extent that it seeks disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. objects to the terms "electronic manufacturing service," "original design manufacturer," and "system integrator" because they are vague, overbroad, and unduly burdensome.

Toshiba Corp. also objects to Interrogatory No. 10 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, with regard to CRTs it sold, Toshiba Corp. refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 11 because it prematurely seeks expert opinion.

Toshiba Corp. also objects to Interrogatory No. 11 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 11 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, with regard to CRTs it sold, Toshiba Corp. refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 12:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Toshiba Corp. also objects to Interrogatory No. 12 because it prematurely seeks expert

2    opinion.

3    Toshiba Corp. also objects to Interrogatory No. 12 to the extent that it seeks

4    information regarding sales outside the United States and unrelated to United States

5    commerce, as such sales are beyond the scope of this litigation and requesting such

6    information renders Interrogatory No. 12 overly broad, unduly burdensome, and not

7    reasonably calculated to lead to the discovery of admissible evidence.

8    Toshiba Corp. further objects to Interrogatory No. 12 on the ground that it is

9    duplicative of discovery served in this litigation, which is in contravention of the Discovery

10   Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for

11   Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second

12   Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser

13   Plaintiffs' First Set of Interrogatories.

14   Subject to and without waiving the objections stated above, with regard to CRTs it

15   sold, Toshiba Corp. refers Plaintiffs to its Response to Interrogatory No. 8.

16   **INTERROGATORY NO. 13:**

17   For each year during the Class Period, state by year Your total worldwide dollar

18   amount of sales of CRT Products, both in the aggregate and by the size and type of CRT

19   Product.

20   **RESPONSE:**

21   In addition to its General Objections listed above, Toshiba Corp. objects to

22   Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks

23   information that is neither relevant nor reasonably calculated to lead to the discovery of

24   admissible evidence.

25   Toshiba Corp. also objects to Interrogatory No. 13 because it prematurely seeks expert

26   opinion.

27   Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it seeks

28   information regarding sales outside the United States and unrelated to United States

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   commerce, as such sales are beyond the scope of this litigation and requesting such

2   information renders Interrogatory No. 13 overly broad, unduly burdensome, and not

3   reasonably calculated to lead to the discovery of admissible evidence.

4        Subject to and without waiving the objections stated above, Toshiba Corp. refers

5   Plaintiffs to documents and information previously produced by Toshiba Corp. in this

6   litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for

7   Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second

8   Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser

9   Plaintiffs' First Set of Interrogatories.

10  **INTERROGATORY NO. 14:**

11       For each year during the Class Period, state by year Your total dollar amount of sales

12  of CRT Products by the size and type of CRT Products sold and by country of destination.

13  **RESPONSE:**

14       In addition to its General Objections listed above, Toshiba Corp. objects to

15  Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks

16  information that is neither relevant nor reasonably calculated to lead to the discovery of

17  admissible evidence.

18       Toshiba Corp. also objects to Interrogatory No. 14 because it prematurely seeks expert

19  opinion.

20       Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it seeks

21  information regarding sales outside the United States and unrelated to United States

22  commerce, as such sales are beyond the scope of this litigation and requesting such

23  information renders Interrogatory No. 14 overly broad, unduly burdensome, and not

24  reasonably calculated to lead to the discovery of admissible evidence.

25       Subject to and without waiving the objections stated above, Toshiba Corp. refers

26  Plaintiffs to documents and information previously produced by Toshiba Corp. in this

27  litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for

28  Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser

2  Plaintiffs' First Set of Interrogatories.

3  **INTERROGATORY NO. 15:**

4      For each year during the Class Period, state by year Your dollar amount of sales of

5  CRTs in the United States, both in the aggregate and by size of the CRT.

6  **RESPONSE:**

7      In addition to its General Objections listed above, Toshiba Corp. objects to

8  Interrogatory No. 15 because it is vague, overly broad, unduly burdensome, and seeks

9  information that is neither relevant nor reasonably calculated to lead to the discovery of

10  admissible evidence.

11      Toshiba Corp. also objects to Interrogatory No. 15 because it prematurely seeks expert

12  opinion.

13      Toshiba Corp. further objects to Interrogatory No. 15 on the ground that it is

14  duplicative of discovery served in this litigation, which is in contravention of the Discovery

15  Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for

16  Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second

17  Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser

18  Plaintiffs' First Set of Interrogatories.

19      Subject to and without waiving the objections stated above, with regard to CRTs it

20  sold, Toshiba Corp. refers Plaintiffs to its Response to Interrogatory No. 8.

21  **INTERROGATORY NO. 16:**

22      For each year during the Class Period, state by year Your dollar amount of sales of

23  CRT Products in the United States, both in the aggregate and by the size and type of the CRT

24  Product.

25  **RESPONSE:**

26      In addition to its General Objections listed above, Toshiba Corp. objects to

27  Interrogatory No. 16 because it is vague, overly broad, unduly burdensome, and seeks

28

**CONFIDENTIAL**

1  information that is neither relevant nor reasonably calculated to lead to the discovery of

2  admissible evidence.

3      Toshiba Corp. also objects to Interrogatory No. 16 because it prematurely seeks expert

4  opinion.

5      Toshiba Corp. further objects to Interrogatory No. 16 to the extent that it seeks

6  disclosure of documents or information that is not within Toshiba Corp.'s possession,

7  custody, or control.

8      Subject to and without waiving the objections stated above, Toshiba Corp. refers

9  Plaintiffs to documents and information previously produced by Toshiba Corp. in this

10  litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for

11  Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second

12  Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser

13  Plaintiffs' First Set of Interrogatories.

14  **INTERROGATORY NO. 17:**

15      For the sales of CRT Products identified in Interrogatory No. 16, state the value of the

16  CRT included in the CRT Product sales price.

17  **RESPONSE:**

18      In addition to its General Objections listed above, Toshiba Corp. objects to

19  Interrogatory No. 17 because it is vague, overly broad, unduly burdensome, and seeks

20  information that is neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence.

22      Toshiba Corp. further objects to Interrogatory No. 17 to the extent it seeks the

23  disclosure of documents or information that is not within Toshiba Corp.'s possession,

24  custody, or control.

25      Toshiba Corp. also objects to Interrogatory No. 17 because it prematurely seeks expert

26  opinion.

27      Toshiba Corp. further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which

28  limits the number of interrogatories that may be served by one party on another party to 25

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-

2 interrogatory limit of Rule 33(a)(1).

3 **INTERROGATORY NO. 18:**

4      For each year during the Class Period, state by year Your sales of CRTs to any other

5 Defendant by size and by country of destination.

6 **RESPONSE:**

7      In addition to its General Objections listed above, Toshiba Corp. objects to

8 Interrogatory No. 18 because it is vague, overly broad, unduly burdensome, and seeks

9 information that is neither relevant nor reasonably calculated to lead to the discovery of

10 admissible evidence.

11      Toshiba Corp. further objects to Interrogatory No. 18 to the extent that it seeks

12 disclosure of documents or information that is not within Toshiba Corp.'s possession,

13 custody, or control.

14      Toshiba Corp. also objects to Interrogatory No. 18 to the extent that it seeks

15 information regarding sales outside the United States and unrelated to United States

16 commerce, as such sales are beyond the scope of this litigation and requesting such

17 information renders Interrogatory No. 18 overly broad, unduly burdensome, and not

18 reasonably calculated to lead to the discovery of admissible evidence.

19      Toshiba Corp. further objects to Interrogatory No. 18 on the ground that it is

20 duplicative of discovery served in this litigation, which is in contravention of the Discovery

21 Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for

22 Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second

23 Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser

24 Plaintiffs' First Set of Interrogatories.

25      Toshiba Corp. further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which

26 limits the number of interrogatories that may be served by one party on another party to 25

27 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-

28 interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 19:**

For each year during the Class Period, state by year Your sales of CRT Products to any other Defendant by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 19 to the extent that it seeks disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. further objects to Interrogatory No. 19 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 19 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Toshiba Corp. further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    **INTERROGATORY NO. 20:**

2         For each year during the Class Period, state in U.S. dollars and by year Your business

3    profits and losses realized from sales of CRTs by size and by country of destination, and Your

4    profits and losses for Your business as a whole.

5    **RESPONSE:**

6         In addition to its General Objections listed above, Toshiba Corp. objects to

7    Interrogatory No. 20 because it is vague, overly broad, unduly burdensome, and seeks

8    information that is neither relevant nor reasonably calculated to lead to the discovery of

9    admissible evidence.

10        Toshiba Corp. also objects to Interrogatory No. 20 because it prematurely seeks expert

11   opinion.

12        Toshiba Corp. further objects to Interrogatory No. 20 to the extent that it seeks

13   information regarding sales outside the United States and unrelated to United States

14   commerce, as such sales are beyond the scope of this litigation and requesting such

15   information renders Interrogatory No. 20 overly broad, unduly burdensome, and not

16   reasonably calculated to lead to the discovery of admissible evidence.

17        Toshiba Corp. further objects to Interrogatory No. 20 on the ground that it is

18   duplicative of discovery served in this litigation, which is in contravention of the Discovery

19   Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for

20   Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs'

21   Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct

22   Purchaser Plaintiffs' First Set of Interrogatories.

23        Toshiba Corp. further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which

24   limits the number of interrogatories that may be served by one party on another party to 25

25   (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-

26   interrogatory limit of Rule 33(a)(1).

27   **INTERROGATORY NO. 21:**

28        For each year during the Class Period, state in U.S. dollars and by year Your business

CONFIDENTIAL

1  profits and losses realized from sales of CRT Products by size and type of CRT Products sold

2  and by country of destination, and Your profits and losses for Your business as a whole.

3  **RESPONSE:**

4      In addition to its General Objections listed above, Toshiba Corp. objects to

5  Interrogatory No. 21 because it is vague, overly broad, unduly burdensome, and seeks

6  information that is neither relevant nor reasonably calculated to lead to the discovery of

7  admissible evidence.

8      Toshiba Corp. also objects to Interrogatory No. 21 to the extent that it seeks disclosure

9  of documents or information that is not within Toshiba Corp.'s possession, custody, or

10  control.

11      Toshiba Corp. further objects to Interrogatory No. 21 to the extent that it seeks

12  information regarding sales outside the United States and unrelated to United States

13  commerce, as such sales are beyond the scope of this litigation and requesting such

14  information renders Interrogatory No. 21 overly broad, unduly burdensome, and not

15  reasonably calculated to lead to the discovery of admissible evidence.

16      Toshiba Corp. further objects to Interrogatory No. 21 on the ground that it is

17  duplicative of discovery served in this litigation, which is in contravention of the Discovery

18  Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for

19  Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs'

20  Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct

21  Purchaser Plaintiffs' First Set of Interrogatories.

22      Toshiba Corp. further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which

23  limits the number of interrogatories that may be served by one party on another party to 25

24  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-

25  interrogatory limit of Rule 33(a)(1).

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    **INTERROGATORY NO. 22:**

2    To the extent that You contend that prior to November 2007 Plaintiffs knew, should

3    have known, or were not reasonably diligent in discovery regarding the allegations in their

4    Complaint, identify all Evidence upon which You intend to rely to prove such contention.

5    **RESPONSE:**

6    In addition to its General Objections listed above, Toshiba Corp. objects to

7    Interrogatory No. 22 because it is vague, overly broad, unduly burdensome, and seeks

8    information that is neither relevant nor reasonably calculated to lead to the discovery of

9    admissible evidence.

10    Toshiba Corp. further objects to Interrogatory No. 22 to the extent it seeks

11    information which is equally accessible to Plaintiffs as to Toshiba Corp., or which has

12    already been produced by Toshiba Corp. or by other parties in this litigation.

13    Toshiba Corp. further objects to Interrogatory No. 22 on the ground that it is

14    duplicative of discovery served in this litigation, which is in contravention of the Discovery

15    Protocol.

16    Toshiba Corp. further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which

17    limits the number of interrogatories that may be served by one party on another party to 25

18    (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-

19    interrogatory limit of Rule 33(a)(1).

20    **INTERROGATORY NO. 23:**

21    To the extent that You contend that You provided false information, or false

22    commitments relating to pricing or production of CRTs to competitors at Glass Meetings or

23    Bilateral Meetings with those competitors, identify each instance that you provided false

24    information or a false commitment and any Evidence related to it.

25    **RESPONSE:**

26    In addition to its General Objections listed above, Toshiba Corp. objects to

27    Interrogatory No. 23 because it is vague, overly broad, unduly burdensome, and seeks

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   information that is neither relevant nor reasonably calculated to lead to the discovery of

2   admissible evidence.

3       Toshiba Corp. further objects to the terms "Glass Meetings" and Bilateral Meetings"

4   because they are vague, overly broad, unduly burdensome and seeks information that is

5   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6       Toshiba Corp. further objects to the term "competitors" because it is vague, overly

7   broad, unduly burdensome, and seeks information that is neither relevant nor reasonably

8   calculated to lead to the discovery of admissible evidence.

9       Toshiba Corp. further objects to Interrogatory No. 23 to the extent that it assumes

10  Toshiba Corp. engaged in a conspiracy.

11      Toshiba Corp. further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which

12  limits the number of interrogatories that may be served by one party on another party to 25

13  (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-

14  interrogatory limit of Rule 33(a)(1).

15  **INTERROGATORY NO. 24:**

16      To the extent that you contend that a competitor provided false information or a false

17  commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral

18  Meetings, identify each instance, where such false information or false commitment was

19  provided to You and any Evidence related to it.

20  **RESPONSE:**

21      In addition to its General Objections listed above, Toshiba Corp. objects to

22  Interrogatory No. 24 because it is vague, overly broad, unduly burdensome, and seeks

23  information that is neither relevant nor reasonably calculated to lead to the discovery of

24  admissible evidence.

25      Toshiba Corp. further objects to the terms "Glass Meetings" and Bilateral Meetings"

26  because they are vague, overly broad, unduly burdensome and seeks information that is

27  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

28

**CONFIDENTIAL**

1   Toshiba Corp. further objects to the term "competitors" because it is vague, overly
2   broad, unduly burdensome, and seeks information that is neither relevant nor reasonably
3   calculated to lead to the discovery of admissible evidence.

4   Toshiba Corp. further objects to Interrogatory No. 24 to the extent that it assumes
5   Toshiba Corp. engaged in a conspiracy.

6   Toshiba Corp. further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which
7   limits the number of interrogatories that may be served by one party on another party to 25
8   (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
9   interrogatory limit of Rule 33(a)(1).

10  **INTERROGATORY NO. 25:**

11  If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for
12  Admission was anything other than an unqualified admission, separately for each Request for
13  Admission:

14  (a) state the number of the request for admission;

15  (b) state all facts upon which You base Your response;

16  (c) identify all Evidence upon which You intend to rely to support your response; and

17  (d) identify each person who has knowledge of the facts upon which you base your
18  response

19  **RESPONSE:**

20  In addition to its General Objections listed above, Toshiba Corp. objects to
21  Interrogatory No. 25 because it is vague, overly broad, unduly burdensome and oppressive,
22  and seeks information that is not reasonably calculated to lead to the discovery of
23  admissible evidence.

24  Toshiba Corp. also objects to Interrogatory No. 25 to the extent that it seeks the
25  disclosure of information that is not within Toshiba Corp.'s possession, custody, or control
26  and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

27  Toshiba Corp. further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which
28  limits the number of interrogatories that may be served by one party on another party to 25

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

(twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

Dated: September 5, 2014

**WHITE & CASE** LLP

By: _____

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
|---|---|
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

CONFIDENTIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

| ALL DEFENSE COUNSEL | |
|---|---|

_____
              Dana E. Foster

# Exhibit 4-B

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

**CONFIDENTIAL**

<div style="writing-mode: vertical">White & Case LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005</div>

1       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's
2 April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court
3 on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America,
4 Inc. ("TAI") hereby submits the following Objections and Responses to Indirect Purchaser
5 Plaintiffs' First Set of Interrogatories to Defendants, dated August 1, 2014 (the
6 "Interrogatories").

7       Each of the following responses is made only for purposes of the actions named in the
8 above caption.  Each response is subject to all objections as to relevance, materiality and
9 admissibility, and to any and all objections on any ground that would require exclusion of any
10 response if it were introduced in court.  All evidentiary objections and grounds are expressly
11 reserved.

12       Each of the following responses is made on the basis of the information available at
13 the time of service of the responses.  TAI's responses to these Interrogatories are subject to
14 the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the
15 "Protective Order").  TAI's responses are hereby designated "Confidential" in accordance
16 with the provisions of the Protective Order.

17       **<u>GENERAL OBJECTIONS</u>**

18       1.     TAI objects to the Interrogatories, including the Definitions and Instructions
19 provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case
20 Management Protocol, Docket number 1128 in the MDL.

21       2.     TAI objects to the Interrogatories, including the Definitions and Instructions
22 provided therein, to the extent they purport to impose obligations beyond those required or
23 permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil
24 Proceedings before the United States District Court for the Northern District of California or
25 to the extent it is outside the scope of any order or opinion of this Court.

26       3.     TAI objects to the Interrogatories, including the Definitions and Instructions
27 provided therein, to the extent they call for the production of documents or information that
28 relate to matters not raised by the pleadings, to the extent they are not material and necessary

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    to the prosecution or defense of this action, and to the extent they are not reasonably

2    calculated to lead to the discovery of admissible evidence.

3           4.      TAI objects to the Interrogatories, including the Definitions and Instructions

4    provided therein, to the extent they are overly broad, unduly burdensome, vague, or

5    ambiguous.    TAI further objects to the Interrogatories, including the Definitions and

6    Instructions provided therein, to the extent they purport to seek discovery of information from

7    disaster recovery systems and archives.

8           5.      TAI objects to the Interrogatories, including the Definitions and Instructions

9    provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

10           6.      TAI objects to the Interrogatories, including the Definitions and Instructions

11    provided therein, to the extent they call for publicly available information.

12           7.      TAI objects to the Interrogatories, including the Definitions and Instructions

13    provided therein, to the extent they seek information or documents protected by the attorney-

14    client privilege, attorney work-product doctrine or any other applicable privilege, protection,

15    immunity, or rule (collectively, "Privileged Information").    TAI will not disclose any

16    Privileged Information in response to any Interrogatory.    TAI does not intend by these

17    Objections and Responses to waive any claim of privilege or immunity.    Any inadvertent

18    production of such material or information is not intended to, and shall not, constitute a

19    general or specific waiver in whole or in part of those privileges or protections as to material

20    or information inadvertently produced or the subject matter thereof.    Nor is any inadvertent

21    production intended to, nor shall it, constitute a waiver of the right to object to any use of such

22    document or information.

23           8.      TAI objects to the Interrogatories, including the Definitions and Instructions

24    provided therein, to the extent they seek information, the disclosure of which would violate

25    applicable law, including, but not limited to, privacy laws.    In providing any response, TAI

26    does so only to the extent allowable under applicable law.

27           9.      TAI objects to the Interrogatories, including the Definitions and Instructions

28    provided therein, to the extent they seek confidential, proprietary, or trade secret information.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    10.    TAI objects to the Interrogatories, including the Definitions and Instructions

2    provided therein, to the extent they seek documents or information, the disclosure of which is

3    prohibited by contractual obligations or agreements between TAI and third parties.

4    11.    TAI objects to the Interrogatories, including the Definitions and Instructions

5    provided therein, to the extent they are oppressive or constitute an abuse of process in light of

6    the costs imposed on TAI weighed against the Plaintiffs' need for the information.

7    12.    TAI objects to the Interrogatories, including the Definitions and Instructions

8    provided therein, to the extent they seek disclosure of documents or information not

9    reasonably accessible to TAI.

10    13.    TAI objects to the Interrogatories, including the Definitions and Instructions

11    provided therein, to the extent they seek information which is equally accessible to Plaintiffs

12    as to TAI, or which has already been produced by other parties.

13    14.    TAI objects to the Interrogatories, including the Definitions and Instructions

14    provided therein, to the extent they seek information, the disclosure of which is prohibited by

15    law, regulation, or order of a court or another authority of the foreign jurisdiction in which the

16    documents or information are located.

17    15.    TAI objects to the Interrogatories, including the Definitions and Instructions

18    provided therein, to the extent they seek disclosure of documents or information that is not

19    within TAI's possession, custody, or control.

20    16.    TAI objects to the Interrogatories, including the Definitions and Instructions

21    provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or

22    Document Requests.

23    17.    TAI objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that

24    "a demand that a party set forth the basis for a denial of an admission requested under Fed. R.

25    Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable

26    only to the extent that a party is entitled to propound additional interrogatories."

27    18.    TAI objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the

28    number of interrogatories that may be served by one party on another party to 25 (twenty-

CONFIDENTIAL

five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

19.    TAI's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TAI with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.  TAI reserves the right to contest any such characterization.  TAI further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

20.    TAI objects to the Interrogatories, including the Definitions and Instructions provided herein, to the extent they seek the discovery of information regarding TAI's sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  TAI also objects to the Interrogatories to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.  TAI will only produce responsive, non-privileged information and documents that relate to TAI's sales, if any, of CRTs or CRT Products that are shipped to the United States or that related to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

21.    TAI objects to the Interrogatories on the basis that Plaintiffs bear the burden of proof to establish standing; TAI has no obligations to disprove standing and cannot be compelled to disprove it.

22.    TAI objects to the Interrogatories to the extent that the Interrogatories intend to imply that TAI bears the burden of proof for each of the defenses cited in its Answer.

23.    TAI objects to the defined terms "Bilateral Meeting," "Communication," "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1      24.    TAI objects to the defined term "Defendant" because the incorporation of any

2  or all of the terms "present or former directors, officers, employees, agents, representatives, or

3  any persons acting or purporting to act on behalf of the defendant" into the definition renders

4  each Interrogatory incorporating any of the defined terms overly broad and unduly

5  burdensome, as they call for information that is not relevant to the claim or defense or any

6  party, not relevant to the subject matter involved in this action and not reasonably calculated

7  to lead to the discovery of admissible evidence, and because they improperly purport to seek

8  information from distinct persons not parties to the case and not controlled by TAI.

9      25.    TAI objects to the defined term "Document" as vague, ambiguous, overly

10  broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

11  evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil

12  Procedure.  TAI further objects to this definition on the ground that it seeks original

13  documents or purports to require the production of documents in a specified medium or

14  format, including to the extent it purports to impose obligations on TAI beyond those required

15  by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in the MDL.

16      26.    TAI objects to the defined terms "You" and "Your" because they are vague,

17  overly broad, and unduly burdensome, because they include entities not controlled by TAI,

18  because they seek information that is neither relevant nor reasonably calculated to lead to the

19  discovery of admissible information, and, in addition, because they improperly purport to seek

20  information from distinct corporate entities and persons not parties to the case and not

21  controlled by TAI.  TAI further objects to the definitions of "You" and "Your" because the

22  incorporation of any or all of the terms "subsidiaries," "departments," "divisions," "affiliates,"

23  "employees," "agents," or "representatives" into the definitions renders the Interrogatories

24  overly broad and unduly burdensome because it calls for information that is not relevant to the

25  claim or defense of any party, because it is not relevant to the subject matter involved in this

26  action, because it is not reasonably calculated to lead to the discovery of admissible evidence,

27  and because it improperly purports to seek information from entities that are neither parties to

28  the case, nor controlled by TAI.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

27.     TAI objects to the defined term "Class Period" to the extent that it exceeds the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  TAI also objects to the definition of "Class Period" because it is well beyond the relevant statute of limitations.  TAI further objects to the term "Class Period" to the extent that it seeks documents created after this litigation began.  For the purposes of responding to these Interrogatories, TAI will interpret the term "Class Period" as referring to the "Class Period" defined in the Complaints, which is March 1, 1995 to November 25, 2007.

28.     Discovery is ongoing.  This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TAI.  Further investigation and discovery may result in the identification of additional information or contentions, and TAI expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary.  TAI's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TAI's use of any additional evidence that may be developed.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Have You ever participated in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate market share of CRTs?

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 1 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 2:**

If You contend that You withdrew from any CRT Conspiracy, state:

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

(a)  Why You withdrew from the conspiracy;

(b)  What specific acts You took to withdraw from the CRT Conspiracy;

(c)  Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

(d)  Who withdrew from the CRT Conspiracy on your behalf

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 3:**

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 3 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 5:**

Indicate whether You were notified at any time by any co-conspirator of any co-conspirator's intent to withdraw from the CRT Conspiracy?

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 5 to the extent that it assumes TAI engaged in a conspiracy.

Subject to and without waiving the objections stated above, TAI denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 6:**

If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all communication(s) between You and any person(s) regarding any co-conspirator's intent to withdraw from the conspiracy, and identify all Evidence regarding such communications.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

1    TAI also objects to the term "co-conspirator" because it is vague, ambiguous, overly
2    broad, unduly burdensome and seeks information that is neither relevant nor reasonably
3    calculated to lead to the discovery of admissible evidence.

4    TAI further objects to Interrogatory No. 6 to the extent that it assumes TAI engaged in
5    a conspiracy.

6    Subject to and without waiving the objections stated above, TAI denies ever
7    participating in any conspiracy to fix prices, limit production or capacity, allocate customers,
8    and/or allocate market share of CRTs.

9    **INTERROGATORY NO. 7:**

10    For each affirmative defense in your Answer, identify all Evidence supporting that
11    defense, or state that the defense will no longer be asserted.

12    **RESPONSE:**

13    In addition to its General Objections listed above, TAI objects to Interrogatory No. 7
14    because it is vague, overly broad, unduly burdensome, and seeks information that is neither
15    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16    TAI also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the
17    grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to
18    the discovery of admissible evidence.

19    TAI further objects to Interrogatory No. 7 because requesting "all Evidence" for "each
20    affirmative defense in your Answer" constitutes as more than one interrogatory under Rule
21    33(a)(1) of the Federal Rules of Civil Procedure.

22    TAI further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

23    Subject to and without waiving the objections stated above, TAI identifies the
24    affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs' Complaint
25    (ECF No. 854), including, but not limited to, TAI's sixth, thirteenth, fourteenth, fifteenth,
26    twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-
27    seventh defenses.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CONFIDENTIAL**

1    TAI takes no position at this time as to whether any of the Plaintiffs' claims against

2    TAI are barred, in whole or in part, by TAI's sixth, thirteenth, fourteenth, fifteenth, twenty-

3    first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

4    TAI takes no position at this time as to whether any of the Plaintiffs' claims against

5    TAI are barred, in whole or in part, by TAI's thirty-first and thirty-second defenses.  TAI

6    reserves the right to develop these defenses should parties to this litigation reach settlement

7    agreements.

8    Regarding TAI's thirty-seventh defense, TAI refers Plaintiffs to evidence provided in

9    this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of Rule

10   30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re: Cathode Ray Tube*

11   *(CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July

12   30, 2012.

13   Discovery is ongoing.  TAI reserves the right to supplement, amend, expand, correct,

14   or clarify these objections and responses to this Interrogatory and to assert additional general

15   and specifics objections arising from matters discovered during the course of the litigation.

16   **INTERROGATORY NO. 8:**

17   For each year during the Class Period, state by year how many CRTs (in both number

18   of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States;

19   (b) billed to an address in the United States, but shipped to a location outside of the United

20   States; (c) shipped to an address in the United States, but billed to a location outside of the

21   United States; and (d) shipped and billed to a location outside of the United States.

22   **RESPONSE:**

23   In addition to its General Objections listed above, TAI objects to Interrogatory No. 8

24   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

25   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26   TAI further objects to Interrogatory No. 8 to the extent that it seeks information

27   regarding sales outside the United States and unrelated to United States commerce, as such

28   sales are beyond the scope of this litigation and requesting such information renders

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably calculated to lead

2 to the discovery of admissible evidence.

3      TAI further objects to Interrogatory No. 8 on the ground that it is duplicative of

4 discovery served in this litigation, which is in contravention of the Discovery Protocol,

5 including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

6 Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

7 for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

8 Set of Interrogatories.

9      Subject to and without waiving the objections stated above, TAI states that it did not

10 bill or ship CRTs during the relevant period.

11 **INTERROGATORY NO. 9:**

12      For each year during the Class Period, state by year how many CRT Products (in both

13 number of units and revenue in U.S. dollars) that You:  (a) billed to and shipped to the United

14 States; (b) billed to an address in the United States, but shipped to a location outside of the

15 United States;(c) shipped to an address in the United States, but billed to a location outside of

16 the United States; and (d) shipped and billed to a location outside of the United States.

17 **RESPONSE:**

18      In addition to its General Objections listed above, TAI objects to Interrogatory No. 9

19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

20 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

21      TAI also objects to Interrogatory No. 9 to the extent that it seeks disclosure of

22 documents or information that is not within TAI's possession, custody, or control.

23      TAI further objects to Interrogatory No. 9 to the extent that it seeks information

24 regarding sales outside the United States and unrelated to United States commerce, as such

25 sales are beyond the scope of this litigation and requesting such information renders

26 Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead

27 to the discovery of admissible evidence.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Subject to and without waiving the objections stated above, TAI states that it did not

2    bill or ship CRT Products during the relevant period.

3    **INTERROGATORY NO. 10:**

4    For each year during the Class Period, state by year how many CRTs (in both number

5    of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic

6    manufacturing service, original design manufacturer, or system integrator for integration into

7    CRT Products to be sold in the United States.

8    **RESPONSE:**

9    In addition to its General Objections listed above, TAI objects to Interrogatory No. 10

10   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

11   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12   TAI also objects to Interrogatory No. 10 to the extent that it seeks disclosure of

13   documents or information that is not within TAI's possession, custody, or control.

14   TAI objects to the terms "electronic manufacturing service," "original design

15   manufacturer," and "system integrator" because they are vague, overbroad, and unduly

16   burdensome.

17   TAI also objects to Interrogatory No. 10 to the extent that it seeks information

18   regarding sales outside the United States and unrelated to United States commerce, as such

19   sales are beyond the scope of this litigation and requesting such information renders

20   Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead

21   to the discovery of admissible evidence.

22   TAI further objects to Interrogatory No. 10 on the ground that it is duplicative of

23   discovery served in this litigation, which is in contravention of the Discovery Protocol,

24   including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

25   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

26   for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

27   Set of Interrogatories.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Subject to and without waiving the objections stated above, TAI states that it did not

2   bill or ship CRTs during the relevant period.

3   **INTERROGATORY NO. 11:**

4   For each year during the Class Period, state by year Your total worldwide dollar

5   amount of sales of CRTs, both in the aggregate and by size of the CRT.

6   **RESPONSE:**

7   In addition to its General Objections listed above, TAI objects to Interrogatory No. 11

8   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10   TAI also objects to Interrogatory No. 11 because it prematurely seeks expert opinion.

11   TAI also objects to Interrogatory No. 11 to the extent that it seeks information

12   regarding sales outside the United States and unrelated to United States commerce, as such

13   sales are beyond the scope of this litigation and requesting such information renders

14   Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead

15   to the discovery of admissible evidence.

16   TAI further objects to Interrogatory No. 11 on the ground that it is duplicative of

17   discovery served in this litigation, which is in contravention of the Discovery Protocol,

18   including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

19   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

20   for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

21   Set of Interrogatories.

22   Subject to and without waiving the objections stated above, TAI states that it did not

23   sell CRTs during the relevant period.

24   **INTERROGATORY NO. 12:**

25   For each year during the Class Period, state by year Your total worldwide dollar

26   amount of sales of CRTs, by size and by country of destination.

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 12 because it prematurely seeks expert opinion.

TAI also objects to Interrogatory No. 12 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 12 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 12 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRTs during the relevant period.

**INTERROGATORY NO. 13:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRT Products, both in the aggregate and by the size and type of CRT Product.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 13 because it prematurely seeks expert opinion.

CONFIDENTIAL

TAI further objects to Interrogatory No. 13 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 13 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRT Products during the relevant period.

**INTERROGATORY NO. 14:**

For each year during the Class Period, state by year Your total dollar amount of sales of CRT Products by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 14 because it prematurely seeks expert opinion.

TAI further objects to Interrogatory No. 14 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 14 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRT Products during the relevant period.

**INTERROGATORY NO. 15:**

For each year during the Class Period, state by year Your dollar amount of sales of CRTs in the United States, both in the aggregate and by size of the CRT.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 15 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 15 because it prematurely seeks expert opinion.

TAI further objects to Interrogatory No. 15 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRTs during the relevant period.

**INTERROGATORY NO. 16:**

For each year during the Class Period, state by year Your dollar amount of sales of CRT Products in the United States, both in the aggregate and by the size and type of the CRT Product.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 16 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 16 because it prematurely seeks expert opinion.

TAI further objects to Interrogatory No. 16 to the extent that it seeks disclosure of documents or information that is not within TAI's possession, custody, or control.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRT Products during the relevant period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  **INTERROGATORY NO. 17:**

2  For the sales of CRT Products identified in Interrogatory No. 16, state the value of the

3  CRT included in the CRT Product sales price.

4  **RESPONSE:**

5  In addition to its General Objections listed above, TAI objects to Interrogatory No. 17

6  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

7  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8  TAI further objects to Interrogatory No. 17 to the extent it seeks the disclosure of

9  documents or information that is not within TAI's possession, custody, or control.

10  TAI also objects to Interrogatory No. 17 because it prematurely seeks expert opinion.

11  TAI further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which limits the

12  number of interrogatories that may be served by one party on another party to 25 (twenty-

13  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

14  of Rule 33(a)(1).

15  **INTERROGATORY NO. 18:**

16  For each year during the Class Period, state by year Your sales of CRTs to any other

17  Defendant by size and by country of destination.

18  **RESPONSE:**

19  In addition to its General Objections listed above, TAI objects to Interrogatory No. 18

20  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

21  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22  TAI further objects to Interrogatory No. 18 to the extent that it seeks disclosure of

23  documents or information that is not within TAI's possession, custody, or control.

24  TAI also objects to Interrogatory No. 18 to the extent that it seeks information

25  regarding sales outside the United States and unrelated to United States commerce, as such

26  sales are beyond the scope of this litigation and requesting such information renders

27  Interrogatory No. 18 overly broad, unduly burdensome, and not reasonably calculated to lead

28  to the discovery of admissible evidence.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TAI further objects to Interrogatory No. 18 on the ground that it is duplicative of
2   discovery served in this litigation, which is in contravention of the Discovery Protocol,
3   including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of
4   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests
5   for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First
6   Set of Interrogatories.

7   TAI further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which limits the
8   number of interrogatories that may be served by one party on another party to 25 (twenty-
9   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
10  of Rule 33(a)(1).

11  **INTERROGATORY NO. 19:**

12  For each year during the Class Period, state by year Your sales of CRT Products to
13  any other Defendant by the size and type of CRT Products sold and by country of destination.

14  **RESPONSE:**

15  In addition to its General Objections listed above, TAI objects to Interrogatory No. 19
16  because it is vague, overly broad, unduly burdensome, and seeks information that is neither
17  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

18  TAI further objects to Interrogatory No. 19 to the extent that it seeks disclosure of
19  documents or information that is not within TAI's possession, custody, or control.

20  TAI further objects to Interrogatory No. 19 to the extent that it seeks information
21  regarding sales outside the United States and unrelated to United States commerce, as such
22  sales are beyond the scope of this litigation and requesting such information renders
23  Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead
24  to the discovery of admissible evidence.

25  TAI further objects to Interrogatory No. 19 on the ground that it is duplicative of
26  discovery served in this litigation, which is in contravention of the Discovery Protocol,
27  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of
28  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

2  Set of Interrogatories.

3  TAI further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits the

4  number of interrogatories that may be served by one party on another party to 25 (twenty-

5  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

6  of Rule 33(a)(1).

7  **INTERROGATORY NO. 20:**

8  For each year during the Class Period, state in U.S. dollars and by year Your business

9  profits and losses realized from sales of CRTs by size and by country of destination, and Your

10  profits and losses for Your business as a whole.

11  **RESPONSE:**

12  In addition to its General Objections listed above, TAI objects to Interrogatory No. 20

13  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

14  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15  TAI also objects to Interrogatory No. 20 because it prematurely seeks expert opinion.

16  TAI further objects to Interrogatory No. 20 to the extent that it seeks information

17  regarding sales outside the United States and unrelated to United States commerce, as such

18  sales are beyond the scope of this litigation and requesting such information renders

19  Interrogatory No. 20 overly broad, unduly burdensome, and not reasonably calculated to lead

20  to the discovery of admissible evidence.

21  TAI further objects to Interrogatory No. 20 on the ground that it is duplicative of

22  discovery served in this litigation, which is in contravention of the Discovery Protocol,

23  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

24  Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of

25  Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser

26  Plaintiffs' First Set of Interrogatories.

27  TAI further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which limits the

28  number of interrogatories that may be served by one party on another party to 25 (twenty-

CONFIDENTIAL

1   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
2   of Rule 33(a)(1).

3   **INTERROGATORY NO. 21:**

4         For each year during the Class Period, state in U.S. dollars and by year Your business
5   profits and losses realized from sales of CRT Products by size and type of CRT Products sold
6   and by country of destination, and Your profits and losses for Your business as a whole.

7   **RESPONSE:**

8         In addition to its General Objections listed above, TAI objects to Interrogatory No. 21
9   because it is vague, overly broad, unduly burdensome, and seeks information that is neither
10  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11        TAI also objects to Interrogatory No. 21 to the extent that it seeks disclosure of
12  documents or information that is not within TAI's possession, custody, or control.

13        TAI further objects to Interrogatory No. 21 to the extent that it seeks information
14  regarding sales outside the United States and unrelated to United States commerce, as such
15  sales are beyond the scope of this litigation and requesting such information renders
16  Interrogatory No. 21 overly broad, unduly burdensome, and not reasonably calculated to lead
17  to the discovery of admissible evidence.

18        TAI further objects to Interrogatory No. 21 on the ground that it is duplicative of
19  discovery served in this litigation, which is in contravention of the Discovery Protocol,
20  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of
21  Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of
22  Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser
23  Plaintiffs' First Set of Interrogatories.

24        TAI further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which limits the
25  number of interrogatories that may be served by one party on another party to 25 (twenty-
26  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
27  of Rule 33(a)(1).

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CONFIDENTIAL**

1  **INTERROGATORY NO. 22:**

2  To the extent that You contend that prior to November 2007 Plaintiffs knew, should

3  have known, or were not reasonably diligent in discovery regarding the allegations in their

4  Complaint, identify all Evidence upon which You intend to rely to prove such contention.

5  **RESPONSE:**

6  In addition to its General Objections listed above, TAI objects to Interrogatory No. 22

7  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

8  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9  TAI further objects to Interrogatory No. 22 to the extent it seeks information which

10  is equally accessible to Plaintiffs as to TAI, or which has already been produced by TAI

11  or by other parties in this litigation.

12  TAI further objects to Interrogatory No. 22 on the ground that it is duplicative of

13  discovery served in this litigation, which is in contravention of the Discovery Protocol.

14  TAI further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which limits the

15  number of interrogatories that may be served by one party on another party to 25 (twenty-

16  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

17  of Rule 33(a)(1).

18  **INTERROGATORY NO. 23:**

19  To the extent that You contend that You provided false information, or false

20  commitments relating to pricing or production of CRTs to competitors at Glass Meetings or

21  Bilateral Meetings with those competitors, identify each instance that you provided false

22  information or a false commitment and any Evidence related to it.

23  **RESPONSE:**

24  In addition to its General Objections listed above, TAI objects to Interrogatory No. 23

25  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

26  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1    TAI further objects to the terms "Glass Meetings" and Bilateral Meetings" because

2  they are vague, overly broad, unduly burdensome and seeks information that is neither

3  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4    TAI further objects to the term "competitors" because it is vague, overly broad, unduly

5  burdensome, and seeks information that is neither relevant nor reasonably calculated to lead

6  to the discovery of admissible evidence.

7    TAI further objects to Interrogatory No. 23 to the extent that it assumes TAI engaged

8  in a conspiracy.

9    TAI further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which limits the

10  number of interrogatories that may be served by one party on another party to 25 (twenty-

11  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

12  of Rule 33(a)(1).

13  **INTERROGATORY NO. 24:**

14    To the extent that you contend that a competitor provided false information or a false

15  commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral

16  Meetings, identify each instance, where such false information or false commitment was

17  provided to You and any Evidence related to it.

18  **RESPONSE:**

19    In addition to its General Objections listed above, TAI objects to Interrogatory No. 24

20  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

21  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22    TAI further objects to the terms "Glass Meetings" and Bilateral Meetings" because

23  they are vague, overly broad, unduly burdensome and seeks information that is neither

24  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

25    TAI further objects to the term "competitors" because it is vague, overly broad, unduly

26  burdensome, and seeks information that is neither relevant nor reasonably calculated to lead

27  to the discovery of admissible evidence.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TAI further objects to Interrogatory No. 24 to the extent that it assumes TAI engaged
2   in a conspiracy.

3   TAI further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which limits the
4   number of interrogatories that may be served by one party on another party to 25 (twenty-
5   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
6   of Rule 33(a)(1).

7   **INTERROGATORY NO. 25:**

8   If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for
9   Admission was anything other than an unqualified admission, separately for each Request for
10  Admission:

11  (a) state the number of the request for admission;

12  (b) state all facts upon which You base Your response;

13  (c) identify all Evidence upon which You intend to rely to support your response; and

14  (d) identify each person who has knowledge of the facts upon which you base your
15  response

16  **RESPONSE:**

17  In addition to its General Objections listed above, TAI objects to Interrogatory No. 25
18  because it is vague, overly broad, unduly burdensome and oppressive, and seeks
19  information that is not reasonably calculated to lead to the discovery of admissible
20  evidence.

21  TAI also objects to Interrogatory No. 25 to the extent that it seeks the disclosure of
22  information that is not within TAI's possession, custody, or control and because any such
23  information is equally accessible to the Plaintiffs as to TAI

24  TAI further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which limits the
25  number of interrogatories that may be served by one party on another party to 25 (twenty-
26  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory
27  limit of Rule 33(a)(1).

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1

2    Dated: September 5, 2014                        **WHITE & CASE** LLP

3

4                                          By: _____

5                                              Christopher M. Curran (*pro hac vice*)
                                               ccurran@whitecase.com
6                                              Lucius B. Lau (*pro hac vice*)
                                               alau@whitecase.com
7                                              Dana E. Foster (*pro hac vice*)
8                                              defoster@whitecase.com
                                               701 Thirteenth Street, N.W.
9                                              Washington, DC  20005
10                                             tel.: (202) 626-3600
                                               fax: (202) 639-9355
11

12                                             *Counsel to Defendant*
                                               *Toshiba America, Inc.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
24

CONFIDENTIAL

1

## <u>CERTIFICATE OF SERVICE</u>

2

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA, INC.'S

3

OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST

4

SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

5

6

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

| ALL DEFENSE COUNSEL | |
| --- | --- |

_____
Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Exhibit 4-C

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to: ALL INDIRECT-PURCHASER ACTIONS | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's

2    April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court

3    on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba  America

4    Information Systems, Inc. ("TAIS") hereby submits the following Objections and Responses

5    to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated August 1,

6    2014 (the "Interrogatories").

7    Each of the following responses is made only for purposes of the actions named in the

8    above caption.  Each response is subject to all objections as to relevance, materiality and

9    admissibility, and to any and all objections on any ground that would require exclusion of any

10   response if it were introduced in court.  All evidentiary objections and grounds are expressly

11   reserved.

12   Each of the following responses is made on the basis of the information available at

13   the time of service of the responses.  TAIS's responses to these Interrogatories are subject to

14   the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the

15   "Protective Order").  TAIS's responses are hereby designated "Confidential" in accordance

16   with the provisions of the Protective Order.

17                              **GENERAL OBJECTIONS**

18        1.    TAIS objects to the Interrogatories, including the Definitions and Instructions

19   provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case

20   Management Protocol, Docket number 1128 in the MDL.

21        2.    TAIS objects to the Interrogatories, including the Definitions and Instructions

22   provided therein, to the extent they purport to impose obligations beyond those required or

23   permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil

24   Proceedings before the United States District Court for the Northern District of California or

25   to the extent it is outside the scope of any order or opinion of this Court.

26        3.    TAIS objects to the Interrogatories, including the Definitions and Instructions

27   provided therein, to the extent they call for the production of documents or information that

28   relate to matters not raised by the pleadings, to the extent they are not material and necessary

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   to the prosecution or defense of this action, and to the extent they are not reasonably

2   calculated to lead to the discovery of admissible evidence.

3       4.      TAIS objects to the Interrogatories, including the Definitions and Instructions

4   provided therein, to the extent they are overly broad, unduly burdensome, vague, or

5   ambiguous.   TAIS further objects to the Interrogatories, including the Definitions and

6   Instructions provided therein, to the extent they purport to seek discovery of information from

7   disaster recovery systems and archives.

8       5.      TAIS objects to the Interrogatories, including the Definitions and Instructions

9   provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

10      6.      TAIS objects to the Interrogatories, including the Definitions and Instructions

11  provided therein, to the extent they call for publicly available information.

12      7.      TAIS objects to the Interrogatories, including the Definitions and Instructions

13  provided therein, to the extent they seek information or documents protected by the attorney-

14  client privilege, attorney work-product doctrine or any other applicable privilege, protection,

15  immunity, or rule (collectively, "Privileged Information").   TAIS will not disclose any

16  Privileged Information in response to any Interrogatory.   TAIS does not intend by these

17  Objections and Responses to waive any claim of privilege or immunity.   Any inadvertent

18  production of such material or information is not intended to, and shall not, constitute a

19  general or specific waiver in whole or in part of those privileges or protections as to material

20  or information inadvertently produced or the subject matter thereof.   Nor is any inadvertent

21  production intended to, nor shall it, constitute a waiver of the right to object to any use of such

22  document or information.

23      8.      TAIS objects to the Interrogatories, including the Definitions and Instructions

24  provided therein, to the extent they seek information, the disclosure of which would violate

25  applicable law, including, but not limited to, privacy laws.   In providing any response, TAIS

26  does so only to the extent allowable under applicable law.

27      9.      TAIS objects to the Interrogatories, including the Definitions and Instructions

28  provided therein, to the extent they seek confidential, proprietary, or trade secret information.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

10.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAIS and third parties.

11.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAIS weighed against the Plaintiffs' need for the information.

12.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to TAIS.

13.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAIS, or which has already been produced by other parties.

14.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

15.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAIS's possession, custody, or control.

16.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

17.     TAIS objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

18.     TAIS objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

CONFIDENTIAL

1  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

2  of Rule 33(a)(1).

3      19.   TAIS's response to the Interrogatories is not intended to be, and shall not be

4  construed as, an agreement or concurrence by TAIS with the Plaintiffs' characterization of

5  any facts, circumstances, or legal obligations.  TAIS reserves the right to contest any such

6  characterization.  TAIS further objects to the Interrogatories to the extent they contain express

7  or implied assumptions of fact or law with respect to matters at issue in the case.

8      20.   TAIS objects to the Interrogatories, including the Definitions and Instructions

9  provided herein, to the extent they seek the discovery of information regarding TAIS's sales

10 outside the United States and unrelated to United States commerce, as such sales are beyond

11 the scope of this litigation and production of such information would render these

12 interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the

13 discovery of admissible evidence.  TAIS also objects to the Interrogatories to the extent they

14 seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15

15 U.S.C. § 1.  TAIS will only produce responsive, non-privileged information and documents

16 that relate to TAIS's sales, if any, of CRTs or CRT Products that are shipped to the United

17 States or that related to activity with a direct, substantial and reasonably foreseeable effect on

18 U.S. commerce and that can be located through a reasonable search.

19     21.   TAIS objects to the Interrogatories on the basis that Plaintiffs bear the burden

20 of proof to establish standing; TAIS has no obligations to disprove standing and cannot be

21 compelled to disprove it.

22     22.   TAIS objects to the Interrogatories to the extent that the Interrogatories intend

23 to imply that TAIS bears the burden of proof for each of the defenses cited in its Answer.

24     23.   TAIS objects to the defined terms "Bilateral Meeting," "Communication,"

25 "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting"

26 because they are overly broad, unduly burdensome, not relevant and not reasonably calculated

27 to lead to the discovery of admissible evidence.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

24.     TAIS objects to the defined term "Defendant" because the incorporation of any or all of the terms "present or former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant" into the definition renders each Interrogatory incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is not relevant to the claim or defense or any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence, and because they improperly purport to seek information from distinct persons not parties to the case and not controlled by TAIS.

25.     TAIS objects to the defined term "Document" as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.   TAIS further objects to this definition on the ground that it seeks original documents or purports to require the production of documents in a specified medium or format, including to the extent it purports to impose obligations on TAIS beyond those required by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in the MDL.

26.     TAIS objects to the defined terms "You" and "Your" because they are vague, overly broad, and unduly burdensome, because they include entities not controlled by TAIS, because they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information, and, in addition, because they improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAIS.  TAIS further objects to the definitions of "You" and "Your" because the incorporation of any or all of the terms "subsidiaries," "departments," "divisions," "affiliates," "employees," "agents," or "representatives" into the definitions renders the Interrogatories overly broad and unduly burdensome because it calls for information that is not relevant to the claim or defense of any party, because it is not relevant to the subject matter involved in this action, because it is not reasonably calculated to lead to the discovery of admissible evidence,

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 and because it improperly purports to seek information from entities that are neither parties to

2 the case, nor controlled by TAIS.

3      27.     TAIS objects to the defined term "Class Period" to the extent that it exceeds

4 the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome,

5 not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

6 TAIS also objects to the definition of "Class Period" because it is well beyond the relevant

7 statute of limitations.  TAIS further objects to the term "Class Period" to the extent that it

8 seeks documents created after this litigation began.  For the purposes of responding to these

9 Interrogatories, TAIS will interpret the term "Class Period" as referring to the "Class Period"

10 defined in the Complaints, which is March 1, 1995 to November 25, 2007.

11      28.     Discovery is ongoing.  This response is being made after reasonable inquiry

12 into the relevant facts, and is based upon the information presently known to TAIS.  Further

13 investigation and discovery may result in the identification of additional information or

14 contentions, and TAIS expressly reserves all rights to amend its responses and objections to

15 Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary.  TAIS's responses

16 should not be construed to prejudice its right to conduct further investigation in this case, or to

17 limit TAIS's use of any additional evidence that may be developed.

18      **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

19 **INTERROGATORY NO. 1:**

20      Have You ever participated in any conspiracy to fix prices, limit production or

21 capacity, allocate customers and/or allocate market share of CRTs?

22 **RESPONSE:**

23      In addition to its General Objections listed above, TAIS objects to Interrogatory No. 1

24 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

25 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26      Subject to and without waiving the objections stated above, TAIS denies ever

27 participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

28 and/or allocate market share of CRTs.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 2:**

If You contend that You withdrew from any CRT Conspiracy, state:

(a) Why You withdrew from the conspiracy;

(b) What specific acts You took to withdraw from the CRT Conspiracy;

(c) Any co-conspirators or Law Enforcement Agents to whom You communicated

Your withdrawal; and

(d) Who withdrew from the CRT Conspiracy on your behalf

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAIS denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 3:**

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 3 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1       Subject to and without waiving the objections stated above, TAIS denies ever

2   participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

3   and/or allocate market share of CRTs.

4   **INTERROGATORY NO. 5:**

5       Indicate whether You were notified at any time by any co-conspirator of any co-

6   conspirator's intent to withdraw from the CRT Conspiracy?

7   **RESPONSE:**

8       In addition to its General Objections listed above, TAIS objects to Interrogatory No. 5

9   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

10  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11      TAIS also objects to the term "CRT Conspiracy" because it is vague, ambiguous,

12  overly broad, unduly burdensome, and seeks information that is neither relevant nor

13  reasonably calculated to lead to the discovery of admissible evidence.

14      TAIS further objects to the term "co-conspirator" because it is vague, ambiguous,

15  overly broad, unduly burdensome, and seeks information that is neither relevant nor

16  reasonably calculated to lead to the discovery of admissible evidence.

17      TAIS further objects to Interrogatory No. 5 to the extent that it assumes TAIS engaged

18  in a conspiracy.

19      Subject to and without waiving the objections stated above, TAIS denies ever

20  participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

21  and/or allocate market share of CRTs.

22  **INTERROGATORY NO. 6:**

23      If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all

24  communication(s) between You and any person(s) regarding any co-conspirator's intent to

25  withdraw from the conspiracy, and identify all Evidence regarding such communications.

26

27

28

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 6 to the extent that it assumes TAIS engaged in a conspiracy.

Subject to and without waiving the objections stated above, TAIS denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 7:**

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 7 because requesting "all Evidence" for "each affirmative defense in your Answer" constitutes as more than one interrogatory under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

TAIS further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

Subject to and without waiving the objections stated above, TAIS identifies the affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs' Complaint

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   (ECF No. 853), including, but not limited to, TAIS's sixth, thirteenth, fourteenth, fifteenth,
2   twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-
3   seventh defenses.

4        TAIS takes no position at this time as to whether any of the Plaintiffs' claims against
5   TAIS are barred, in whole or in part, by TAIS's sixth, thirteenth, fourteenth, fifteenth, twenty-
6   first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

7        TAIS takes no position at this time as to whether any of the Plaintiffs' claims against
8   TAIS are barred, in whole or in part, by TAIS's thirty-first and thirty-second defenses.  TAIS
9   reserves the right to develop these defenses should parties to this litigation reach settlement
10  agreements.

11       Regarding TAIS's thirty-seventh defense, TAIS refers Plaintiffs to evidence provided
12  in this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of Rule
13  30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re: Cathode Ray Tube*
14  *(CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July
15  30, 2012.

16       Discovery is ongoing.  TAIS reserves the right to supplement, amend, expand, correct,
17  or clarify these objections and responses to this Interrogatory and to assert additional general
18  and specifics objections arising from matters discovered during the course of the litigation.

19  **INTERROGATORY NO. 8:**

20       For each year during the Class Period, state by year how many CRTs (in both number
21  of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States;
22  (b) billed to an address in the United States, but shipped to a location outside of the United
23  States; (c) shipped to an address in the United States, but billed to a location outside of the
24  United States; and (d) shipped and billed to a location outside of the United States.

25  **RESPONSE:**

26       In addition to its General Objections listed above, TAIS objects to Interrogatory No. 8
27  because it is vague, overly broad, unduly burdensome, and seeks information that is neither
28  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    TAIS further objects to Interrogatory No. 8 to the extent that it seeks information

2  regarding sales outside the United States and unrelated to United States commerce, as such

3  sales are beyond the scope of this litigation and requesting such information renders

4  Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably calculated to lead

5  to the discovery of admissible evidence.

6    TAIS further objects to Interrogatory No. 8 on the ground that it is duplicative of

7  discovery served in this litigation, which is in contravention of the Discovery Protocol,

8  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

9  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

10  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

11  Set of Interrogatories.

12    Subject to and without waiving the objections stated above, TAIS states that it did not

13  bill, ship, or sell CRTs during the relevant period.

14  **INTERROGATORY NO. 9:**

15    For each year during the Class Period, state by year how many CRT Products (in both

16  number of units and revenue in U.S. dollars) that You:  (a) billed to and shipped to the United

17  States; (b) billed to an address in the United States, but shipped to a location outside of the

18  United States;(c) shipped to an address in the United States, but billed to a location outside of

19  the United States; and (d) shipped and billed to a location outside of the United States.

20  **RESPONSE:**

21    In addition to its General Objections listed above, TAIS objects to Interrogatory No. 9

22  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

23  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

24    TAIS also objects to Interrogatory No. 9 to the extent that it seeks disclosure of

25  documents or information that is not within TAIS's possession, custody, or control.

26    TAIS further objects to Interrogatory No. 9 to the extent that it seeks information

27  regarding sales outside the United States and unrelated to United States commerce, as such

28  sales are beyond the scope of this litigation and requesting such information renders

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead
2  to the discovery of admissible evidence.

3       Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to
4  documents and information previously produced by TAIS in this litigation in response to
5  Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of
6  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests
7  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First
8  Set of Interrogatories.

9  **INTERROGATORY NO. 10:**

10       For each year during the Class Period, state by year how many CRTs (in both number
11  of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic
12  manufacturing service, original design manufacturer, or system integrator for integration into
13  CRT Products to be sold in the United States.

14  **RESPONSE:**

15       In addition to its General Objections listed above, TAIS objects to Interrogatory No.
16  10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
17  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

18       TAIS also objects to Interrogatory No. 10 to the extent that it seeks disclosure of
19  documents or information that is not within TAIS's possession, custody, or control.

20       TAIS objects to the terms "electronic manufacturing service," "original design
21  manufacturer," and "system integrator" because they are vague, overbroad, and unduly
22  burdensome.

23       TAIS also objects to Interrogatory No. 10 to the extent that it seeks information
24  regarding sales outside the United States and unrelated to United States commerce, as such
25  sales are beyond the scope of this litigation and requesting such information renders
26  Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead
27  to the discovery of admissible evidence.

28

TAIS further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 11 because it prematurely seeks expert opinion.

TAIS also objects to Interrogatory No. 11 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 11 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to

2  its Response to Interrogatory No. 8.

3  **INTERROGATORY NO. 12:**

4  For each year during the Class Period, state by year Your total worldwide dollar

5  amount of sales of CRTs, by size and by country of destination.

6  **RESPONSE:**

7  In addition to its General Objections listed above, TAIS objects to Interrogatory No.

8  12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10  TAIS also objects to Interrogatory No. 12 because it prematurely seeks expert opinion.

11  TAIS also objects to Interrogatory No. 12 to the extent that it seeks information

12  regarding sales outside the United States and unrelated to United States commerce, as such

13  sales are beyond the scope of this litigation and requesting such information renders

14  Interrogatory No. 12 overly broad, unduly burdensome, and not reasonably calculated to lead

15  to the discovery of admissible evidence.

16  TAIS further objects to Interrogatory No. 12 on the ground that it is duplicative of

17  discovery served in this litigation, which is in contravention of the Discovery Protocol,

18  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

19  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

20  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

21  Set of Interrogatories.

22  Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to

23  its Response to Interrogatory No. 8.

24  **INTERROGATORY NO. 13:**

25  For each year during the Class Period, state by year Your total worldwide dollar

26  amount of sales of CRT Products, both in the aggregate and by the size and type of CRT

27  Product.

28

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  **RESPONSE:**

2      In addition to its General Objections listed above, TAIS objects to Interrogatory No.

3  13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

4  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5      TAIS also objects to Interrogatory No. 13 because it prematurely seeks expert opinion.

6      TAIS further objects to Interrogatory No. 13 to the extent that it seeks information

7  regarding sales outside the United States and unrelated to United States commerce, as such

8  sales are beyond the scope of this litigation and requesting such information renders

9  Interrogatory No. 13 overly broad, unduly burdensome, and not reasonably calculated to lead

10 to the discovery of admissible evidence.

11      Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to

12 documents and information previously produced by TAIS in this litigation in response to

13 Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

14 Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

15 for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

16 Set of Interrogatories.

17 **INTERROGATORY NO. 14:**

18      For each year during the Class Period, state by year Your total dollar amount of sales

19 of CRT Products by the size and type of CRT Products sold and by country of destination.

20 **RESPONSE:**

21      In addition to its General Objections listed above, TAIS objects to Interrogatory No.

22 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

23 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

24      TAIS also objects to Interrogatory No. 14 because it prematurely seeks expert opinion.

25      TAIS further objects to Interrogatory No. 14 to the extent that it seeks information

26 regarding sales outside the United States and unrelated to United States commerce, as such

27 sales are beyond the scope of this litigation and requesting such information renders

28

CONFIDENTIAL

1  Interrogatory No. 14 overly broad, unduly burdensome, and not reasonably calculated to lead

2  to the discovery of admissible evidence.

3        Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to

4  documents and information previously produced by TAIS in this litigation in response to

5  Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

6  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

7  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

8  Set of Interrogatories.

9  **INTERROGATORY NO. 15:**

10       For each year during the Class Period, state by year Your dollar amount of sales of

11  CRTs in the United States, both in the aggregate and by size of the CRT.

12  **RESPONSE:**

13       In addition to its General Objections listed above, TAIS objects to Interrogatory No.

14  15 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

15  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16       TAIS also objects to Interrogatory No. 15 because it prematurely seeks expert opinion.

17       TAIS further objects to Interrogatory No. 15 on the ground that it is duplicative of

18  discovery served in this litigation, which is in contravention of the Discovery Protocol,

19  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

20  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

21  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

22  Set of Interrogatories.

23       Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to

24  its Response to Interrogatory No. 8.

25  **INTERROGATORY NO. 16:**

26       For each year during the Class Period, state by year Your dollar amount of sales of

27  CRT Products in the United States, both in the aggregate and by the size and type of the CRT

28  Product.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 16 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 16 because it prematurely seeks expert opinion.

TAIS further objects to Interrogatory No. 16 to the extent that it seeks disclosure of documents or information that is not within TAIS's possession, custody, or control.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to documents and information previously produced by TAIS in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 17:**

For the sales of CRT Products identified in Interrogatory No. 16, state the value of the CRT included in the CRT Product sales price.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 17 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 17 to the extent it seeks the disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS also objects to Interrogatory No. 17 because it prematurely seeks expert opinion.

TAIS further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

1 **INTERROGATORY NO. 18:**

2     For each year during the Class Period, state by year Your sales of CRTs to any other

3 Defendant by size and by country of destination.

4 **RESPONSE:**

5     In addition to its General Objections listed above, TAIS objects to Interrogatory No.

6 18 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

7 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8     TAIS further objects to Interrogatory No. 18 to the extent that it seeks disclosure of

9 documents or information that is not within TAIS's possession, custody, or control.

10     TAIS also objects to Interrogatory No. 18 to the extent that it seeks information

11 regarding sales outside the United States and unrelated to United States commerce, as such

12 sales are beyond the scope of this litigation and requesting such information renders

13 Interrogatory No. 18 overly broad, unduly burdensome, and not reasonably calculated to lead

14 to the discovery of admissible evidence.

15     TAIS further objects to Interrogatory No. 18 on the ground that it is duplicative of

16 discovery served in this litigation, which is in contravention of the Discovery Protocol,

17 including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

18 Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

19 for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

20 Set of Interrogatories.

21     TAIS further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which limits

22 the number of interrogatories that may be served by one party on another party to 25 (twenty-

23 five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

24 of Rule 33(a)(1).

25 **INTERROGATORY NO. 19:**

26     For each year during the Class Period, state by year Your sales of CRT Products to

27 any other Defendant by the size and type of CRT Products sold and by country of destination.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 19 to the extent that it seeks disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS further objects to Interrogatory No. 19 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 19 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAIS further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

**INTERROGATORY NO. 20:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRTs by size and by country of destination, and Your profits and losses for Your business as a whole.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 **RESPONSE:**

2     In addition to its General Objections listed above, TAIS objects to Interrogatory No.
3 20 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
4 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5     TAIS also objects to Interrogatory No. 20 because it prematurely seeks expert opinion.

6     TAIS further objects to Interrogatory No. 20 to the extent that it seeks information
7 regarding sales outside the United States and unrelated to United States commerce, as such
8 sales are beyond the scope of this litigation and requesting such information renders
9 Interrogatory No. 20 overly broad, unduly burdensome, and not reasonably calculated to lead
10 to the discovery of admissible evidence.

11     TAIS further objects to Interrogatory No. 20 on the ground that it is duplicative of
12 discovery served in this litigation, which is in contravention of the Discovery Protocol,
13 including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of
14 Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of
15 Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser
16 Plaintiffs' First Set of Interrogatories.

17     TAIS further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which limits
18 the number of interrogatories that may be served by one party on another party to 25 (twenty-
19 five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
20 of Rule 33(a)(1).

21 **INTERROGATORY NO. 21:**

22     For each year during the Class Period, state in U.S. dollars and by year Your business
23 profits and losses realized from sales of CRT Products by size and type of CRT Products sold
24 and by country of destination, and Your profits and losses for Your business as a whole.

25 **RESPONSE:**

26     In addition to its General Objections listed above, TAIS objects to Interrogatory No.
27 21 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
28 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    TAIS also objects to Interrogatory No. 21 to the extent that it seeks disclosure of
2  documents or information that is not within TAIS's possession, custody, or control.

3    TAIS further objects to Interrogatory No. 21 to the extent that it seeks information
4  regarding sales outside the United States and unrelated to United States commerce, as such
5  sales are beyond the scope of this litigation and requesting such information renders
6  Interrogatory No. 21 overly broad, unduly burdensome, and not reasonably calculated to lead
7  to the discovery of admissible evidence.

8    TAIS further objects to Interrogatory No. 21 on the ground that it is duplicative of
9  discovery served in this litigation, which is in contravention of the Discovery Protocol,
10  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of
11  Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of
12  Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser
13  Plaintiffs' First Set of Interrogatories.

14    TAIS further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which limits
15  the number of interrogatories that may be served by one party on another party to 25 (twenty-
16  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
17  of Rule 33(a)(1).

18  **INTERROGATORY NO. 22:**

19    To the extent that You contend that prior to November 2007 Plaintiffs knew, should
20  have known, or were not reasonably diligent in discovery regarding the allegations in their
21  Complaint, identify all Evidence upon which You intend to rely to prove such contention.

22  **RESPONSE:**

23    In addition to its General Objections listed above, TAIS objects to Interrogatory No.
24  22 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
25  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26    TAIS further objects to Interrogatory No. 22 to the extent it seeks information
27  which is equally accessible to Plaintiffs as to TAIS, or which has already been produced
28  by TAIS or by other parties in this litigation.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    TAIS further objects to Interrogatory No. 22 on the ground that it is duplicative of

2    discovery served in this litigation, which is in contravention of the Discovery Protocol.

3    TAIS further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which limits

4    the number of interrogatories that may be served by one party on another party to 25 (twenty-

5    five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

6    of Rule 33(a)(1).

7    **INTERROGATORY NO. 23:**

8    To the extent that You contend that You provided false information, or false

9    commitments relating to pricing or production of CRTs to competitors at Glass Meetings or

10    Bilateral Meetings with those competitors, identify each instance that you provided false

11    information or a false commitment and any Evidence related to it.

12    **RESPONSE:**

13    In addition to its General Objections listed above, TAIS objects to Interrogatory No.

14    23 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

15    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16    TAIS further objects to the terms "Glass Meetings" and Bilateral Meetings" because

17    they are vague, overly broad, unduly burdensome, and seek information that is neither

18    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19    TAIS further objects to the term "competitors" because it is vague, overly broad,

20    unduly burdensome, and seeks information that is neither relevant nor reasonably calculated

21    to lead to the discovery of admissible evidence.

22    TAIS further objects to Interrogatory No. 23 to the extent that it assumes TAIS

23    engaged in a conspiracy.

24    TAIS further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which limits

25    the number of interrogatories that may be served by one party on another party to 25 (twenty-

26    five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

27    of Rule 33(a)(1).

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 **INTERROGATORY NO. 24:**

2 To the extent that you contend that a competitor provided false information or a false

3 commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral

4 Meetings, identify each instance, where such false information or false commitment was

5 provided to You and any Evidence related to it.

6 **RESPONSE:**

7 In addition to its General Objections listed above, TAIS objects to Interrogatory No.

8 24 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10 TAIS further objects to the terms "Glass Meetings" and Bilateral Meetings" because

11 they are vague, overly broad, unduly burdensome, and seek information that is neither

12 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13 TAIS further objects to the term "competitors" because it is vague, overly broad,

14 unduly burdensome, and seeks information that is neither relevant nor reasonably calculated

15 to lead to the discovery of admissible evidence.

16 TAIS further objects to Interrogatory No. 24 to the extent that it assumes TAIS

17 engaged in a conspiracy.

18 TAIS further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which limits

19 the number of interrogatories that may be served by one party on another party to 25 (twenty-

20 five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

21 of Rule 33(a)(1).

22 **INTERROGATORY NO. 25:**

23 If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for

24 Admission was anything other than an unqualified admission, separately for each Request for

25 Admission:

26 (a) state the number of the request for admission;

27 (b) state all facts upon which You base Your response;

28 (c) identify all Evidence upon which You intend to rely to support your response; and

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   (d) identify each person who has knowledge of the facts upon which you base your

2       response

3   **RESPONSE:**

4       In addition to its General Objections listed above, TAIS objects to Interrogatory No.

5   25 because it is vague, overly broad, unduly burdensome and oppressive, and seeks

6   information that is not reasonably calculated to lead to the discovery of admissible

7   evidence.

8       TAIS also objects to Interrogatory No. 25 to the extent that it seeks the disclosure of

9   information that is not within TAIS's possession, custody, or control and because any such

10  information is equally accessible to the Plaintiffs as to TAIS

11      TAIS further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which limits

12  the number of interrogatories that may be served by one party on another party to 25

13  (twenty-five), including discrete subparts.   Plaintiffs have already exceeded the 25-

14  interrogatory limit of Rule 33(a)(1).

15

16  Dated: September 5, 2014                          **WHITE & CASE** LLP

17

18                                      By: _____

19                                          Christopher M. Curran (*pro hac vice*)
                                            ccurran@whitecase.com
20                                          Lucius B. Lau (*pro hac vice*)
                                            alau@whitecase.com
21                                          Dana E. Foster (*pro hac vice*)
22                                          defoster@whitecase.com
                                            701 Thirteenth Street, N.W.
23                                          Washington, DC  20005
24                                          tel.: (202) 626-3600
                                            fax: (202) 639-9355
25

26                                          *Counsel to Defendant*
                                            *Toshiba America Information Systems, Inc.*
27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |

_____
                    Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Exhibit 4-D

CONFIDENTIAL

1   Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
2   Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
3   Dana E. Foster (*pro hac vice*)
    defoster@whitecase.com
4
5   White & Case LLP
    701 Thirteenth Street, N.W.
6   Washington, DC  20005
    Telephone:  (202) 626-3600
7   Facsimile:  (202) 639-9355
8
9   *Counsel to Defendant*
    *Toshiba America Consumer Products, L.L.C.*
10
11
12              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
13                 (SAN FRANCISCO DIVISION)
14

| | |
|---|---|
| 15  IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| 16 | |
| 17 | |
| 18 | **TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |
| 19  This Document Relates to: | |
| 20 | |
| 21  ALL INDIRECT-PURCHASER ACTIONS | |
| 22 | |
| 23 | |

24
25
26
27
28

*(left margin vertical text)* White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's
2    April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court
3    on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America
4    Consumer Products, L.L.C. ("TACP") hereby submits the following Objections and
5    Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated
6    August 1, 2014 (the "Interrogatories").

7    Each of the following responses is made only for purposes of the actions named in the
8    above caption.  Each response is subject to all objections as to relevance, materiality and
9    admissibility, and to any and all objections on any ground that would require exclusion of any
10   response if it were introduced in court.  All evidentiary objections and grounds are expressly
11   reserved.

12   Each of the following responses is made on the basis of the information available at
13   the time of service of the responses.  TACP's responses to these Interrogatories are subject to
14   the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the
15   "Protective Order").  TACP's responses are hereby designated "Confidential" in accordance
16   with the provisions of the Protective Order.

17   **GENERAL OBJECTIONS**

18   1.    TACP objects to the Interrogatories, including the Definitions and Instructions
19   provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case
20   Management Protocol, Docket number 1128 in the MDL.

21   2.    TACP objects to the Interrogatories, including the Definitions and Instructions
22   provided therein, to the extent they purport to impose obligations beyond those required or
23   permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil
24   Proceedings before the United States District Court for the Northern District of California or
25   to the extent it is outside the scope of any order or opinion of this Court.

26   3.    TACP objects to the Interrogatories, including the Definitions and Instructions
27   provided therein, to the extent they call for the production of documents or information that
28   relate to matters not raised by the pleadings, to the extent they are not material and necessary

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague, or ambiguous.   TACP further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information").   TACP will not disclose any Privileged Information in response to any Interrogatory.   TACP does not intend by these Objections and Responses to waive any claim of privilege or immunity.   Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof.   Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws.   In providing any response, TACP does so only to the extent allowable under applicable law.

9.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    10.    TACP objects to the Interrogatories, including the Definitions and Instructions

2  provided therein, to the extent they seek documents or information, the disclosure of which is

3  prohibited by contractual obligations or agreements between TACP and third parties.

4    11.    TACP objects to the Interrogatories, including the Definitions and Instructions

5  provided therein, to the extent they are oppressive or constitute an abuse of process in light of

6  the costs imposed on TACP weighed against the Plaintiffs' need for the information.

7    12.    TACP objects to the Interrogatories, including the Definitions and Instructions

8  provided therein, to the extent they seek disclosure of documents or information not

9  reasonably accessible to TACP.

10    13.    TACP objects to the Interrogatories, including the Definitions and Instructions

11  provided therein, to the extent they seek information which is equally accessible to Plaintiffs

12  as to TACP, or which has already been produced by other parties.

13    14.    TACP objects to the Interrogatories, including the Definitions and Instructions

14  provided therein, to the extent they seek information, the disclosure of which is prohibited by

15  law, regulation, or order of a court or another authority of the foreign jurisdiction in which the

16  documents or information are located.

17    15.    TACP objects to the Interrogatories, including the Definitions and Instructions

18  provided therein, to the extent they seek disclosure of documents or information that is not

19  within TACP's possession, custody, or control.

20    16.    TACP objects to the Interrogatories, including the Definitions and Instructions

21  provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or

22  Document Requests.

23    17.    TACP objects to the Interrogatories pursuant to Civil L.R. 33-2, which states

24  that "a demand that a party set forth the basis for a denial of an admission requested under

25  Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is

26  allowable only to the extent that a party is entitled to propound additional interrogatories."

27    18.    TACP objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the

28  number of interrogatories that may be served by one party on another party to 25 (twenty-

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

2   of Rule 33(a)(1).

3       19.     TACP's response to the Interrogatories is not intended to be, and shall not be

4   construed as, an agreement or concurrence by TACP with the Plaintiffs' characterization of

5   any facts, circumstances, or legal obligations.  TACP reserves the right to contest any such

6   characterization.  TACP further objects to the Interrogatories to the extent they contain

7   express or implied assumptions of fact or law with respect to matters at issue in the case.

8       20.     TACP objects to the Interrogatories, including the Definitions and Instructions

9   provided herein, to the extent they seek the discovery of information regarding TACP's sales

10  outside the United States and unrelated to United States commerce, as such sales are beyond

11  the scope of this litigation and production of such information would render these

12  interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the

13  discovery of admissible evidence.  TACP also objects to the Interrogatories to the extent they

14  seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15

15  U.S.C. § 1.  TACP will only produce responsive, non-privileged information and documents

16  that relate to TACP's sales, if any, of CRTs or CRT Products that are shipped to the United

17  States or that related to activity with a direct, substantial and reasonably foreseeable effect on

18  U.S. commerce and that can be located through a reasonable search.

19      21.     TACP objects to the Interrogatories on the basis that Plaintiffs bear the burden

20  of proof to establish standing; TACP has no obligations to disprove standing and cannot be

21  compelled to disprove it.

22      22.     TACP objects to the Interrogatories to the extent that the Interrogatories intend

23  to imply that TACP bears the burden of proof for each of the defenses cited in its Answer.

24      23.     TACP objects to the defined terms "Bilateral Meeting," "Communication,"

25  "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting"

26  because they are overly broad, unduly burdensome, not relevant and not reasonably calculated

27  to lead to the discovery of admissible evidence.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    24.    TACP objects to the defined term "Defendant" because the incorporation of

2  any or all of the terms "present or former directors, officers, employees, agents,

3  representatives, or any persons acting or purporting to act on behalf of the defendant" into the

4  definition renders each Interrogatory incorporating any of the defined terms overly broad and

5  unduly burdensome, as they call for information that is not relevant to the claim or defense or

6  any party, not relevant to the subject matter involved in this action and not reasonably

7  calculated to lead to the discovery of admissible evidence, and because they improperly

8  purport to seek information from distinct persons not parties to the case and not controlled by

9  TACP.

10    25.    TACP objects to the defined term "Document" as vague, ambiguous, overly

11  broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

12  evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil

13  Procedure.  TACP further objects to this definition on the ground that it seeks original

14  documents or purports to require the production of documents in a specified medium or

15  format, including to the extent it purports to impose obligations on TACP beyond those

16  required by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in

17  the MDL.

18    26.    TACP objects to the defined terms "You" and "Your" because they are vague,

19  overly broad, and unduly burdensome, because they include entities not controlled by TACP,

20  because they seek information that is neither relevant nor reasonably calculated to lead to the

21  discovery of admissible information, and, in addition, because they improperly purport to seek

22  information from distinct corporate entities and persons not parties to the case and not

23  controlled by TACP.  TACP further objects to the definitions of "You" and "Your" because

24  the incorporation of any or all of the terms "subsidiaries," "departments," "divisions,"

25  "affiliates," "employees," "agents," or "representatives" into the definitions renders the

26  Interrogatories overly broad and unduly burdensome because it calls for information that is

27  not relevant to the claim or defense of any party, because it is not relevant to the subject

28  matter involved in this action, because it is not reasonably calculated to lead to the discovery

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  of admissible evidence, and because it improperly purports to seek information from entities

2  that are neither parties to the case, nor controlled by TACP.

3      27.     TACP objects to the defined term "Class Period" to the extent that it exceeds

4  the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome,

5  not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

6  TACP also objects to the definition of "Class Period" because it is well beyond the relevant

7  statute of limitations.  TACP further objects to the term "Class Period" to the extent that it

8  seeks documents created after this litigation began.  For the purposes of responding to these

9  Interrogatories, TACP will interpret the term "Class Period" as referring to the "Class Period"

10  defined in the Complaints, which is March 1, 1995 to November 25, 2007.

11      28.     Discovery is ongoing.  This response is being made after reasonable inquiry

12  into the relevant facts, and is based upon the information presently known to TACP.  Further

13  investigation and discovery may result in the identification of additional information or

14  contentions, and TACP expressly reserves all rights to amend its responses and objections to

15  Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary.  TACP's responses

16  should not be construed to prejudice its right to conduct further investigation in this case, or to

17  limit TACP's use of any additional evidence that may be developed.

18      **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

19  **INTERROGATORY NO. 1:**

20      Have You ever participated in any conspiracy to fix prices, limit production or

21  capacity, allocate customers and/or allocate market share of CRTs?

22  **RESPONSE:**

23      In addition to its General Objections listed above, TACP objects to Interrogatory No. 1

24  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

25  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26      Subject to and without waiving the objections stated above, TACP denies ever

27  participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

28  and/or allocate market share of CRTs.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 2:**

If You contend that You withdrew from any CRT Conspiracy, state:

(a) Why You withdrew from the conspiracy;

(b) What specific acts You took to withdraw from the CRT Conspiracy;

(c) Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

(d) Who withdrew from the CRT Conspiracy on your behalf

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TACP denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 3:**

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 3 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Subject to and without waiving the objections stated above, TACP denies ever

2  participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

3  and/or allocate market share of CRTs.

4  **INTERROGATORY NO. 5:**

5  Indicate whether You were notified at any time by any co-conspirator of any co-

6  conspirator's intent to withdraw from the CRT Conspiracy?

7  **RESPONSE:**

8  In addition to its General Objections listed above, TACP objects to Interrogatory No. 5

9  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

10  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11  TACP also objects to the term "CRT Conspiracy" because it is vague, ambiguous,

12  overly broad, unduly burdensome, and seeks information that is neither relevant nor

13  reasonably calculated to lead to the discovery of admissible evidence.

14  TACP further objects to the term "co-conspirator" because it is vague, ambiguous,

15  overly broad, unduly burdensome, and seeks information that is neither relevant nor

16  reasonably calculated to lead to the discovery of admissible evidence.

17  TACP further objects to Interrogatory No. 5 to the extent that it assumes TACP

18  engaged in a conspiracy.

19  Subject to and without waiving the objections stated above, TACP denies ever

20  participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

21  and/or allocate market share of CRTs.

22  **INTERROGATORY NO. 6:**

23  If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all

24  communication(s) between You and any person(s) regarding any co-conspirator's intent to

25  withdraw from the conspiracy, and identify all Evidence regarding such communications.

26

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  **RESPONSE:**

2      In addition to its General Objections listed above, TACP objects to Interrogatory No. 6

3  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

4  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5      TACP also objects to the term "co-conspirator" because it is vague, ambiguous, overly

6  broad, unduly burdensome and seeks information that is neither relevant nor reasonably

7  calculated to lead to the discovery of admissible evidence.

8      TACP further objects to Interrogatory No. 6 to the extent that it assumes TACP

9  engaged in a conspiracy.

10     Subject to and without waiving the objections stated above, TACP denies ever

11 participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

12 and/or allocate market share of CRTs.

13 **INTERROGATORY NO. 7:**

14     For each affirmative defense in your Answer, identify all Evidence supporting that

15 defense, or state that the defense will no longer be asserted.

16 **RESPONSE:**

17     In addition to its General Objections listed above, TACP objects to Interrogatory No. 7

18 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

19 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20     TACP also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the

21 grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to

22 the discovery of admissible evidence.

23     TACP further objects to Interrogatory No. 7 because requesting "all Evidence" for

24 "each affirmative defense in your Answer" constitutes as more than one interrogatory under

25 Rule 33(a)(1) of the Federal Rules of Civil Procedure.

26     TACP further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

27     Subject to and without waiving the objections stated above, TACP identifies the

28 affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs' Complaint

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   (ECF No. 851), including, but not limited to, TACP's sixth, thirteenth, fourteenth, fifteenth,
2   twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-
3   seventh defenses.

4          TACP takes no position at this time as to whether any of the Plaintiffs' claims against
5   TACP are barred, in whole or in part, by TACP's sixth, thirteenth, fourteenth, fifteenth,
6   twenty-first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

7          TACP takes no position at this time as to whether any of the Plaintiffs' claims against
8   TACP are barred, in whole or in part, by TACP's thirty-first and thirty-second defenses.
9   TACP reserves the right to develop these defenses should parties to this litigation reach
10  settlement agreements.

11         Regarding TACP's thirty-seventh defense, TACP refers Plaintiffs to evidence
12  provided in this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of
13  Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re: Cathode Ray Tube*
14  *(CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July
15  30, 2012.

16         Discovery is ongoing.   TACP reserves the right to supplement, amend, expand,
17  correct, or clarify these objections and responses to this Interrogatory and to assert additional
18  general and specifics objections arising from matters discovered during the course of the
19  litigation.

20  **INTERROGATORY NO. 8:**

21         For each year during the Class Period, state by year how many CRTs (in both number
22  of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States;
23  (b) billed to an address in the United States, but shipped to a location outside of the United
24  States; (c) shipped to an address in the United States, but billed to a location outside of the
25  United States; and (d) shipped and billed to a location outside of the United States.

26

27

28

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 8 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 8 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TACP states that it did not bill, ship, or sell CRTs during the relevant period.

**INTERROGATORY NO. 9:**

For each year during the Class Period, state by year how many CRT Products (in both number of units and revenue in U.S. dollars) that You:  (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States;(c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TACP also objects to Interrogatory No. 9 to the extent that it seeks disclosure of

2   documents or information that is not within TACP's possession, custody, or control.

3   TACP further objects to Interrogatory No. 9 to the extent that it seeks information

4   regarding sales outside the United States and unrelated to United States commerce, as such

5   sales are beyond the scope of this litigation and requesting such information renders

6   Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead

7   to the discovery of admissible evidence.

8   Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

9   documents and information previously produced by TACP in this litigation in response to

10  Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

11  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

12  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

13  Set of Interrogatories.

14  **INTERROGATORY NO. 10:**

15  For each year during the Class Period, state by year how many CRTs (in both number

16  of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic

17  manufacturing service, original design manufacturer, or system integrator for integration into

18  CRT Products to be sold in the United States.

19  **RESPONSE:**

20  In addition to its General Objections listed above, TACP objects to Interrogatory No.

21  10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

22  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

23  TACP also objects to Interrogatory No. 10 to the extent that it seeks disclosure of

24  documents or information that is not within TACP's possession, custody, or control.

25  TACP objects to the terms "electronic manufacturing service," "original design

26  manufacturer," and "system integrator" because they are vague, overbroad, and unduly

27  burdensome.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TACP also objects to Interrogatory No. 10 to the extent that it seeks information

2   regarding sales outside the United States and unrelated to United States commerce, as such

3   sales are beyond the scope of this litigation and requesting such information renders

4   Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead

5   to the discovery of admissible evidence.

6   TACP further objects to Interrogatory No. 10 on the ground that it is duplicative of

7   discovery served in this litigation, which is in contravention of the Discovery Protocol,

8   including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

9   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

10   for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

11   Set of Interrogatories.

12   Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

13   its Response to Interrogatory No. 8.

14   **INTERROGATORY NO. 11:**

15   For each year during the Class Period, state by year Your total worldwide dollar

16   amount of sales of CRTs, both in the aggregate and by size of the CRT.

17   **RESPONSE:**

18   In addition to its General Objections listed above, TACP objects to Interrogatory No.

19   11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

20   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

21   TACP also objects to Interrogatory No. 11 because it prematurely seeks expert

22   opinion.

23   TACP also objects to Interrogatory No. 11 to the extent that it seeks information

24   regarding sales outside the United States and unrelated to United States commerce, as such

25   sales are beyond the scope of this litigation and requesting such information renders

26   Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead

27   to the discovery of admissible evidence.

28

CONFIDENTIAL

1    TACP further objects to Interrogatory No. 11 on the ground that it is duplicative of

2 discovery served in this litigation, which is in contravention of the Discovery Protocol,

3 including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

4 Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

5 for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

6 Set of Interrogatories.

7    Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

8 its Response to Interrogatory No. 8.

9 **INTERROGATORY NO. 12:**

10    For each year during the Class Period, state by year Your total worldwide dollar

11 amount of sales of CRTs, by size and by country of destination.

12 **RESPONSE:**

13    In addition to its General Objections listed above, TACP objects to Interrogatory No.

14 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

15 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16    TACP also objects to Interrogatory No. 12 because it prematurely seeks expert

17 opinion.

18    TACP also objects to Interrogatory No. 12 to the extent that it seeks information

19 regarding sales outside the United States and unrelated to United States commerce, as such

20 sales are beyond the scope of this litigation and requesting such information renders

21 Interrogatory No. 12 overly broad, unduly burdensome, and not reasonably calculated to lead

22 to the discovery of admissible evidence.

23    TACP further objects to Interrogatory No. 12 on the ground that it is duplicative of

24 discovery served in this litigation, which is in contravention of the Discovery Protocol,

25 including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

26 Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

27 for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

28 Set of Interrogatories.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

1    Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

2  its Response to Interrogatory No. 8.

3  **INTERROGATORY NO. 13:**

4    For each year during the Class Period, state by year Your total worldwide dollar

5  amount of sales of CRT Products, both in the aggregate and by the size and type of CRT

6  Product.

7  **RESPONSE:**

8    In addition to its General Objections listed above, TACP objects to Interrogatory No.

9  13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

10  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11    TACP also objects to Interrogatory No. 13 because it prematurely seeks expert

12  opinion.

13    TACP further objects to Interrogatory No. 13 to the extent that it seeks information

14  regarding sales outside the United States and unrelated to United States commerce, as such

15  sales are beyond the scope of this litigation and requesting such information renders

16  Interrogatory No. 13 overly broad, unduly burdensome, and not reasonably calculated to lead

17  to the discovery of admissible evidence.

18    Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

19  documents and information previously produced by TACP in this litigation in response to

20  Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

21  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

22  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

23  Set of Interrogatories.

24  **INTERROGATORY NO. 14:**

25    For each year during the Class Period, state by year Your total dollar amount of sales

26  of CRT Products by the size and type of CRT Products sold and by country of destination.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

1

2  In addition to its General Objections listed above, TACP objects to Interrogatory No.

3  14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

4  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5  TACP also objects to Interrogatory No. 14 because it prematurely seeks expert

6  opinion.

7  TACP further objects to Interrogatory No. 14 to the extent that it seeks information

8  regarding sales outside the United States and unrelated to United States commerce, as such

9  sales are beyond the scope of this litigation and requesting such information renders

10  Interrogatory No. 14 overly broad, unduly burdensome, and not reasonably calculated to lead

11  to the discovery of admissible evidence.

12  Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

13  documents and information previously produced by TACP in this litigation in response to

14  Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

15  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

16  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

17  Set of Interrogatories.

18  **INTERROGATORY NO. 15:**

19  For each year during the Class Period, state by year Your dollar amount of sales of

20  CRTs in the United States, both in the aggregate and by size of the CRT.

21  **RESPONSE:**

22  In addition to its General Objections listed above, TACP objects to Interrogatory No.

23  15 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

24  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

25  TACP also objects to Interrogatory No. 15 because it prematurely seeks expert

26  opinion.

27  TACP further objects to Interrogatory No. 15 on the ground that it is duplicative of

28  discovery served in this litigation, which is in contravention of the Discovery Protocol,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

2  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

3  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

4  Set of Interrogatories.

5  Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

6  its Response to Interrogatory No. 8.

7  **INTERROGATORY NO. 16:**

8  For each year during the Class Period, state by year Your dollar amount of sales of

9  CRT Products in the United States, both in the aggregate and by the size and type of the CRT

10  Product.

11  **RESPONSE:**

12  In addition to its General Objections listed above, TACP objects to Interrogatory No.

13  16 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

14  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15  TACP also objects to Interrogatory No. 16 because it prematurely seeks expert

16  opinion.

17  TACP further objects to Interrogatory No. 16 to the extent that it seeks disclosure of

18  documents or information that is not within TACP's possession, custody, or control.

19  Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

20  documents and information previously produced by TACP in this litigation in response to

21  Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

22  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

23  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

24  Set of Interrogatories.

25  **INTERROGATORY NO. 17:**

26  For the sales of CRT Products identified in Interrogatory No. 16, state the value of the

27  CRT included in the CRT Product sales price.

28

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 17 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 17 to the extent it seeks the disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP also objects to Interrogatory No. 17 because it prematurely seeks expert opinion.

TACP further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 18:**

For each year during the Class Period, state by year Your sales of CRTs to any other Defendant by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 18 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 18 to the extent that it seeks disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP also objects to Interrogatory No. 18 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 18 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 18 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol,

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

2   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

3   for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

4   Set of Interrogatories.

5       TACP further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which limits

6   the number of interrogatories that may be served by one party on another party to 25 (twenty-

7   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

8   of Rule 33(a)(1).

9   **INTERROGATORY NO. 19:**

10      For each year during the Class Period, state by year Your sales of CRT Products to

11  any other Defendant by the size and type of CRT Products sold and by country of destination.

12  **RESPONSE:**

13      In addition to its General Objections listed above, TACP objects to Interrogatory No.

14  19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

15  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16      TACP further objects to Interrogatory No. 19 to the extent that it seeks disclosure of

17  documents or information that is not within TACP's possession, custody, or control.

18      TACP further objects to Interrogatory No. 19 to the extent that it seeks information

19  regarding sales outside the United States and unrelated to United States commerce, as such

20  sales are beyond the scope of this litigation and requesting such information renders

21  Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead

22  to the discovery of admissible evidence.

23      TACP further objects to Interrogatory No. 19 on the ground that it is duplicative of

24  discovery served in this litigation, which is in contravention of the Discovery Protocol,

25  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

26  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

27  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

28  Set of Interrogatories.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  TACP further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits
2  the number of interrogatories that may be served by one party on another party to 25 (twenty-
3  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
4  of Rule 33(a)(1)

5  **INTERROGATORY NO. 20:**

6  For each year during the Class Period, state in U.S. dollars and by year Your business
7  profits and losses realized from sales of CRTs by size and by country of destination, and Your
8  profits and losses for Your business as a whole.

9  **RESPONSE:**

10  In addition to its General Objections listed above, TACP objects to Interrogatory No.
11  20 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
12  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13  TACP also objects to Interrogatory No. 20 because it prematurely seeks expert
14  opinion.

15  TACP further objects to Interrogatory No. 20 to the extent that it seeks information
16  regarding sales outside the United States and unrelated to United States commerce, as such
17  sales are beyond the scope of this litigation and requesting such information renders
18  Interrogatory No. 20 overly broad, unduly burdensome, and not reasonably calculated to lead
19  to the discovery of admissible evidence.

20  TACP further objects to Interrogatory No. 20 on the ground that it is duplicative of
21  discovery served in this litigation, which is in contravention of the Discovery Protocol,
22  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of
23  Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of
24  Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser
25  Plaintiffs' First Set of Interrogatories.

26  TACP further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which limits
27  the number of interrogatories that may be served by one party on another party to 25 (twenty-
28

CONFIDENTIAL

1   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

2   of Rule 33(a)(1).

3   **INTERROGATORY NO. 21:**

4   For each year during the Class Period, state in U.S. dollars and by year Your business

5   profits and losses realized from sales of CRT Products by size and type of CRT Products sold

6   and by country of destination, and Your profits and losses for Your business as a whole.

7   **RESPONSE:**

8   In addition to its General Objections listed above, TACP objects to Interrogatory No.

9   21 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

10  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11  TACP also objects to Interrogatory No. 21 to the extent that it seeks disclosure of

12  documents or information that is not within TACP's possession, custody, or control.

13  TACP further objects to Interrogatory No. 21 to the extent that it seeks information

14  regarding sales outside the United States and unrelated to United States commerce, as such

15  sales are beyond the scope of this litigation and requesting such information renders

16  Interrogatory No. 21 overly broad, unduly burdensome, and not reasonably calculated to lead

17  to the discovery of admissible evidence.

18  TACP further objects to Interrogatory No. 21 on the ground that it is duplicative of

19  discovery served in this litigation, which is in contravention of the Discovery Protocol,

20  including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

21  Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of

22  Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser

23  Plaintiffs' First Set of Interrogatories.

24  TACP further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which limits

25  the number of interrogatories that may be served by one party on another party to 25 (twenty-

26  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

27  of Rule 33(a)(1).

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  **INTERROGATORY NO. 22:**

2      To the extent that You contend that prior to November 2007 Plaintiffs knew, should

3  have known, or were not reasonably diligent in discovery regarding the allegations in their

4  Complaint, identify all Evidence upon which You intend to rely to prove such contention.

5  **RESPONSE:**

6      In addition to its General Objections listed above, TACP objects to Interrogatory No.

7  22 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

8  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9      TACP further objects to Interrogatory No. 22 to the extent it seeks information

10  which is equally accessible to Plaintiffs as to TACP, or which has already been produced

11  by TACP or by other parties in this litigation.

12      TACP further objects to Interrogatory No. 22 on the ground that it is duplicative of

13  discovery served in this litigation, which is in contravention of the Discovery Protocol.

14      TACP further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which limits

15  the number of interrogatories that may be served by one party on another party to 25 (twenty-

16  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

17  of Rule 33(a)(1).

18  **INTERROGATORY NO. 23:**

19      To the extent that You contend that You provided false information, or false

20  commitments relating to pricing or production of CRTs to competitors at Glass Meetings or

21  Bilateral Meetings with those competitors, identify each instance that you provided false

22  information or a false commitment and any Evidence related to it.

23  **RESPONSE:**

24      In addition to its General Objections listed above, TACP objects to Interrogatory No.

25  23 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

26  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

27

28

CONFIDENTIAL

1    TACP further objects to the terms "Glass Meetings" and Bilateral Meetings" because

2    they are vague, overly broad, unduly burdensome and seeks information that is neither

3    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4    TACP further objects to the term "competitors" because it is vague, overly broad,

5    unduly burdensome, and seeks information that is neither relevant nor reasonably calculated

6    to lead to the discovery of admissible evidence.

7    TACP further objects to Interrogatory No. 23 to the extent that it assumes TACP

8    engaged in a conspiracy.

9    TACP further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which limits

10   the number of interrogatories that may be served by one party on another party to 25 (twenty-

11   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

12   of Rule 33(a)(1).

## INTERROGATORY NO. 24:

14   To the extent that you contend that a competitor provided false information or a false

15   commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral

16   Meetings, identify each instance, where such false information or false commitment was

17   provided to You and any Evidence related to it.

## RESPONSE:

19   In addition to its General Objections listed above, TACP objects to Interrogatory No.

20   24 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

21   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22   TACP further objects to the terms "Glass Meetings" and Bilateral Meetings" because

23   they are vague, overly broad, unduly burdensome and seeks information that is neither

24   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

25   TACP further objects to the term "competitors" because it is vague, overly broad,

26   unduly burdensome, and seeks information that is neither relevant nor reasonably calculated

27   to lead to the discovery of admissible evidence.

28

CONFIDENTIAL

1    TACP further objects to Interrogatory No. 24 to the extent that it assumes TACP

2  engaged in a conspiracy.

3    TACP further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which limits

4  the number of interrogatories that may be served by one party on another party to 25 (twenty-

5  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

6  of Rule 33(a)(1).

7  **INTERROGATORY NO. 25:**

8    If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for

9  Admission was anything other than an unqualified admission, separately for each Request for

10  Admission:

11    (a) state the number of the request for admission;

12    (b) state all facts upon which You base Your response;

13    (c) identify all Evidence upon which You intend to rely to support your response; and

14    (d) identify each person who has knowledge of the facts upon which you base your

15      response

16  **RESPONSE:**

17    In addition to its General Objections listed above, TACP objects to Interrogatory No.

18  25 because it is vague, overly broad, unduly burdensome and oppressive, and seeks

19  information that is not reasonably calculated to lead to the discovery of admissible

20  evidence.

21    TACP also objects to Interrogatory No. 25 to the extent that it seeks the disclosure of

22  information that is not within TACP's possession, custody, or control and because any such

23  information is equally accessible to the Plaintiffs as to TACP

24    TACP further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which limits

25  the number of interrogatories that may be served by one party on another party to 25

26  (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-

27  interrogatory limit of Rule 33(a)(1).

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1

2   Dated: September 5, 2014                    **WHITE & CASE**LLP

3

4                                       By: _____

5                                          Christopher M. Curran (*pro hac vice*)
                                           ccurran@whitecase.com
6                                          Lucius B. Lau (*pro hac vice*)
                                           alau@whitecase.com
7                                          Dana E. Foster (*pro hac vice*)
8                                          defoster@whitecase.com
9                                          701 Thirteenth Street, N.W.
                                           Washington, DC  20005
10                                         tel.: (202) 626-3600
                                           fax: (202) 639-9355
11

12                                         *Counsel to Defendant*
                                           *Toshiba America Consumer Products, L.L.C.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
25

CONFIDENTIAL

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |
|---|---|

_____
Dana E. Foster

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Exhibit 4-E

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's
2    April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court
3    on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America
4    Electronic Components, Inc. ("TAEC") hereby submits the following Objections and
5    Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated
6    August 1, 2014 (the "Interrogatories").

7    Each of the following responses is made only for purposes of the actions named in the
8    above caption.  Each response is subject to all objections as to relevance, materiality and
9    admissibility, and to any and all objections on any ground that would require exclusion of any
10   response if it were introduced in court.  All evidentiary objections and grounds are expressly
11   reserved.

12   Each of the following responses is made on the basis of the information available at
13   the time of service of the responses.  TAEC's responses to these Interrogatories are subject to
14   the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the
15   "Protective Order").  TAEC's responses are hereby designated "Confidential" in accordance
16   with the provisions of the Protective Order.

17   **GENERAL OBJECTIONS**

18        1.    TAEC objects to the Interrogatories, including the Definitions and Instructions
19   provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case
20   Management Protocol, Docket number 1128 in the MDL.

21        2.    TAEC objects to the Interrogatories, including the Definitions and Instructions
22   provided therein, to the extent they purport to impose obligations beyond those required or
23   permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil
24   Proceedings before the United States District Court for the Northern District of California or
25   to the extent it is outside the scope of any order or opinion of this Court.

26        3.    TAEC objects to the Interrogatories, including the Definitions and Instructions
27   provided therein, to the extent they call for the production of documents or information that
28   relate to matters not raised by the pleadings, to the extent they are not material and necessary

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 to the prosecution or defense of this action, and to the extent they are not reasonably

2 calculated to lead to the discovery of admissible evidence.

3     4.    TAEC objects to the Interrogatories, including the Definitions and Instructions

4 provided therein, to the extent they are overly broad, unduly burdensome, vague, or

5 ambiguous. TAEC further objects to the Interrogatories, including the Definitions and

6 Instructions provided therein, to the extent they purport to seek discovery of information from

7 disaster recovery systems and archives.

8     5.    TAEC objects to the Interrogatories, including the Definitions and Instructions

9 provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

10     6.    TAEC objects to the Interrogatories, including the Definitions and Instructions

11 provided therein, to the extent they call for publicly available information.

12     7.    TAEC objects to the Interrogatories, including the Definitions and Instructions

13 provided therein, to the extent they seek information or documents protected by the attorney-

14 client privilege, attorney work-product doctrine or any other applicable privilege, protection,

15 immunity, or rule (collectively, "Privileged Information"). TAEC will not disclose any

16 Privileged Information in response to any Interrogatory. TAEC does not intend by these

17 Objections and Responses to waive any claim of privilege or immunity. Any inadvertent

18 production of such material or information is not intended to, and shall not, constitute a

19 general or specific waiver in whole or in part of those privileges or protections as to material

20 or information inadvertently produced or the subject matter thereof. Nor is any inadvertent

21 production intended to, nor shall it, constitute a waiver of the right to object to any use of such

22 document or information.

23     8.    TAEC objects to the Interrogatories, including the Definitions and Instructions

24 provided therein, to the extent they seek information, the disclosure of which would violate

25 applicable law, including, but not limited to, privacy laws. In providing any response, TAEC

26 does so only to the extent allowable under applicable law.

27     9.    TAEC objects to the Interrogatories, including the Definitions and Instructions

28 provided therein, to the extent they seek confidential, proprietary, or trade secret information.

CONFIDENTIAL

10.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAEC and third parties.

11.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAEC weighed against the Plaintiffs' need for the information.

12.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to TAEC.

13.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAEC, or which has already been produced by other parties.

14.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

15.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAEC's possession, custody, or control.

16.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

17.     TAEC objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

18.     TAEC objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
2   of Rule 33(a)(1).

3      19.    TAEC's response to the Interrogatories is not intended to be, and shall not be
4   construed as, an agreement or concurrence by TAEC with the Plaintiffs' characterization of
5   any facts, circumstances, or legal obligations.  TAEC reserves the right to contest any such
6   characterization.  TAEC further objects to the Interrogatories to the extent they contain
7   express or implied assumptions of fact or law with respect to matters at issue in the case.

8      20.    TAEC objects to the Interrogatories, including the Definitions and Instructions
9   provided herein, to the extent they seek the discovery of information regarding TAEC's sales
10  outside the United States and unrelated to United States commerce, as such sales are beyond
11  the  scope  of  this  litigation  and  production  of  such  information  would  render  these
12  interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the
13  discovery of admissible evidence.  TAEC also objects to the Interrogatories to the extent they
14  seek  discovery  of  information  that  is  beyond  the  scope  of  the  Sherman  Antitrust  Act,  15
15  U.S.C. § 1.  TAEC will only produce responsive, non-privileged information and documents
16  that relate to TAEC's sales, if any, of CRTs or CRT Products that are shipped to the United
17  States or that related to activity with a direct, substantial and reasonably foreseeable effect on
18  U.S. commerce and that can be located through a reasonable search.

19     21.    TAEC objects to the Interrogatories on the basis that Plaintiffs bear the burden
20  of proof to establish standing; TAEC has no obligations to disprove standing and cannot be
21  compelled to disprove it.

22     22.    TAEC objects to the Interrogatories to the extent that the Interrogatories intend
23  to imply that TAEC bears the burden of proof for each of the defenses cited in its Answer.

24     23.    TAEC objects to the defined terms "Bilateral Meeting," "Communication,"
25  "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting"
26  because they are overly broad, unduly burdensome, not relevant and not reasonably calculated
27  to lead to the discovery of admissible evidence.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1    24.   TAEC objects to the defined term "Defendant" because the incorporation of

2    any or all of the terms "present or former directors, officers, employees, agents,

3    representatives, or any persons acting or purporting to act on behalf of the defendant" into the

4    definition renders each Interrogatory incorporating any of the defined terms overly broad and

5    unduly burdensome, as they call for information that is not relevant to the claim or defense or

6    any party, not relevant to the subject matter involved in this action and not reasonably

7    calculated to lead to the discovery of admissible evidence, and because they improperly

8    purport to seek information from distinct persons not parties to the case and not controlled by

9    TAEC.

10    25.   TAEC objects to the defined term "Document" as vague, ambiguous, overly

11    broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible

12    evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil

13    Procedure.  TAEC further objects to this definition on the ground that it seeks original

14    documents or purports to require the production of documents in a specified medium or

15    format, including to the extent it purports to impose obligations on TAEC beyond those

16    required by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in

17    the MDL.

18    26.   TAEC objects to the defined terms "You" and "Your" because they are vague,

19    overly broad, and unduly burdensome, because they include entities not controlled by TAEC,

20    because they seek information that is neither relevant nor reasonably calculated to lead to the

21    discovery of admissible information, and, in addition, because they improperly purport to seek

22    information from distinct corporate entities and persons not parties to the case and not

23    controlled by TAEC.  TAEC further objects to the definitions of "You" and "Your" because

24    the incorporation of any or all of the terms "subsidiaries," "departments," "divisions,"

25    "affiliates," "employees," "agents," or "representatives" into the definitions renders the

26    Interrogatories overly broad and unduly burdensome because it calls for information that is

27    not relevant to the claim or defense of any party, because it is not relevant to the subject

28    matter involved in this action, because it is not reasonably calculated to lead to the discovery

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    of admissible evidence, and because it improperly purports to seek information from entities
2    that are neither parties to the case, nor controlled by TAEC.

3          27.    TAEC objects to the defined term "Class Period" to the extent that it exceeds
4    the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome,
5    not relevant and not reasonably calculated to lead to the discovery of admissible evidence.
6    TAEC also objects to the definition of "Class Period" because it is well beyond the relevant
7    statute of limitations.  TAEC further objects to the term "Class Period" to the extent that it
8    seeks documents created after this litigation began.  For the purposes of responding to these
9    Interrogatories, TAEC will interpret the term "Class Period" as referring to the "Class Period"
10   defined in the Complaints, which is March 1, 1995 to November 25, 2007.

11         28.    Discovery is ongoing.  This response is being made after reasonable inquiry
12   into the relevant facts, and is based upon the information presently known to TAEC  Further
13   investigation and discovery may result in the identification of additional information or
14   contentions, and TAEC expressly reserves all rights to amend its responses and objections to
15   Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary.  TAEC's responses
16   should not be construed to prejudice its right to conduct further investigation in this case, or to
17   limit TAEC's use of any additional evidence that may be developed.

18       **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**
19   **INTERROGATORY NO. 1:**

20         Have You ever participated in any conspiracy to fix prices, limit production or
21   capacity, allocate customers and/or allocate market share of CRTs?

22   **RESPONSE:**

23         In addition to its General Objections listed above, TAEC objects to Interrogatory No.
24   1 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
25   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26         Subject to and without waiving the objections stated above, TAEC denies ever
27   participating in any conspiracy to fix prices, limit production or capacity, allocate customers,
28   and/or allocate market share of CRTs.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  **INTERROGATORY NO. 2:**

2  If You contend that You withdrew from any CRT Conspiracy, state:

3  (a)  Why You withdrew from the conspiracy;

4  (b)  What specific acts You took to withdraw from the CRT Conspiracy;

5  (c)  Any co-conspirators or Law Enforcement Agents to whom You communicated

6  Your withdrawal; and

7  (d)  Who withdrew from the CRT Conspiracy on your behalf

8  **RESPONSE:**

9  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

10  2 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

11  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12  TAEC also objects to the term "CRT Conspiracy" because it is vague, ambiguous,

13  overly broad, unduly burdensome and seeks information that is neither relevant nor

14  reasonably calculated to lead to the discovery of admissible evidence.

15  Subject to and without waiving the objections stated above, TAEC denies ever

16  participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

17  and/or allocate market share of CRTs.

18  **INTERROGATORY NO. 3:**

19  If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all

20  Evidence upon which You intend to rely to prove such contention.

21  **RESPONSE:**

22  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

23  3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

24  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

25  TAEC also objects to Interrogatory No. 3 to the extent it seeks "all Evidence" on the

26  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to

27  the discovery of admissible evidence.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Subject to and without waiving the objections stated above, TAEC denies ever

2   participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

3   and/or allocate market share of CRTs.

4   **INTERROGATORY NO. 5:**

5   Indicate whether You were notified at any time by any co-conspirator of any co-

6   conspirator's intent to withdraw from the CRT Conspiracy?

7   **RESPONSE:**

8   In addition to its General Objections listed above, TAEC objects to Interrogatory No.

9   5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

10   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11   TAEC also objects to the term "CRT Conspiracy" because it is vague, ambiguous,

12   overly broad, unduly burdensome, and seeks information that is neither relevant nor

13   reasonably calculated to lead to the discovery of admissible evidence.

14   TAEC further objects to the term "co-conspirator" because it is vague, ambiguous,

15   overly broad, unduly burdensome, and seeks information that is neither relevant nor

16   reasonably calculated to lead to the discovery of admissible evidence.

17   TAEC further objects to Interrogatory No. 5 to the extent that it assumes TAEC

18   engaged in a conspiracy.

19   Subject to and without waiving the objections stated above, TAEC denies ever

20   participating in any conspiracy to fix prices, limit production or capacity, allocate customers,

21   and/or allocate market share of CRTs.

22   **INTERROGATORY NO. 6:**

23   If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all

24   communication(s) between You and any person(s) regarding any co-conspirator's intent to

25   withdraw from the conspiracy, and identify all Evidence regarding such communications.

26

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 6 to the extent that it assumes TAEC engaged in a conspiracy.

Subject to and without waiving the objections stated above, TAEC denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 7:**

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 7 because requesting "all Evidence" for "each affirmative defense in your Answer" constitutes as more than one interrogatory under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

TAEC further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

Subject to and without waiving the objections stated above, TAEC identifies the affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs' Complaint

CONFIDENTIAL

1   (ECF No. 852), including, but not limited to, TAEC's sixth, thirteenth, fourteenth, fifteenth,

2   twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-

3   seventh defenses.

4        TAEC takes no position at this time as to whether any of the Plaintiffs' claims against

5   TAEC are barred, in whole or in part, by TAEC's sixth, thirteenth, fourteenth, fifteenth,

6   twenty-first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

7        TAEC takes no position at this time as to whether any of the Plaintiffs' claims against

8   TAEC are barred, in whole or in part, by TAEC's thirty-first and thirty-second defenses.

9   TAEC reserves the right to develop these defenses should parties to this litigation reach

10  settlement agreements.

11       Regarding TAEC's thirty-seventh defense, TAEC refers Plaintiffs to evidence

12  provided in this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of

13  Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re: Cathode Ray Tube*

14  *(CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July

15  30, 2012.

16       Discovery is ongoing.   TAEC reserves the right to supplement, amend, expand,

17  correct, or clarify these objections and responses to this Interrogatory and to assert additional

18  general and specifics objections arising from matters discovered during the course of the

19  litigation.

20  **INTERROGATORY NO. 8:**

21       For each year during the Class Period, state by year how many CRTs (in both number

22  of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States;

23  (b) billed to an address in the United States, but shipped to a location outside of the United

24  States; (c) shipped to an address in the United States, but billed to a location outside of the

25  United States; and (d) shipped and billed to a location outside of the United States.

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1  **RESPONSE:**

2  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

3  8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

4  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5  TAEC further objects to Interrogatory No. 8 to the extent that it seeks information

6  regarding sales outside the United States and unrelated to United States commerce, as such

7  sales are beyond the scope of this litigation and requesting such information renders

8  Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably calculated to lead

9  to the discovery of admissible evidence.

10  Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to

11  documents and information previously produced by TAEC in this litigation in response to

12  Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

13  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

14  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

15  Set of Interrogatories.

16  **INTERROGATORY NO. 9:**

17  For each year during the Class Period, state by year how many CRT Products (in both

18  number of units and revenue in U.S. dollars) that You:  (a) billed to and shipped to the United

19  States; (b) billed to an address in the United States, but shipped to a location outside of the

20  United States;(c) shipped to an address in the United States, but billed to a location outside of

21  the United States; and (d) shipped and billed to a location outside of the United States.

22  **RESPONSE:**

23  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

24  9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

25  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26  TAEC also objects to Interrogatory No. 9 to the extent that it seeks disclosure of

27  documents or information that is not within TAEC's possession, custody, or control.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  TAEC further objects to Interrogatory No. 9 to the extent that it seeks information
2 regarding sales outside the United States and unrelated to United States commerce, as such
3 sales are beyond the scope of this litigation and requesting such information renders
4 Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead
5 to the discovery of admissible evidence.

6  TAEC further objects to Interrogatory No. 9 on the ground that it is duplicative of
7 discovery served in this litigation, which is in contravention of the Discovery Protocol,
8 including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of
9 Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests
10 for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First
11 Set of Interrogatories.

12  Subject to and without waiving the objections stated above, TAEC states that it did not
13 bill, ship, or sell CRT Products during the relevant period.

14 **INTERROGATORY NO. 10:**

15  For each year during the Class Period, state by year how many CRTs (in both number
16 of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic
17 manufacturing service, original design manufacturer, or system integrator for integration into
18 CRT Products to be sold in the United States.

19 **RESPONSE:**

20  In addition to its General Objections listed above, TAEC objects to Interrogatory No.
21 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
22 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

23  TAEC also objects to Interrogatory No. 10 to the extent that it seeks disclosure of
24 documents or information that is not within TAEC's possession, custody, or control.

25  TAEC objects to the terms "electronic manufacturing service," "original design
26 manufacturer," and "system integrator" because they are vague, overbroad, and unduly
27 burdensome.

28

CONFIDENTIAL

TAEC also objects to Interrogatory No. 10 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to documents and information previously produced by TAEC in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 11 because it prematurely seeks expert opinion.

TAEC also objects to Interrogatory No. 11 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to documents and information previously produced by TAEC in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

2   for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

3   Set of Interrogatories.

4   **INTERROGATORY NO. 12:**

5       For each year during the Class Period, state by year Your total worldwide dollar

6   amount of sales of CRTs, by size and by country of destination.

7   **RESPONSE:**

8       In addition to its General Objections listed above, TAEC objects to Interrogatory No.

9   12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

10   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11       TAEC also objects to Interrogatory No. 12 because it prematurely seeks expert

12   opinion.

13       TAEC also objects to Interrogatory No. 12 to the extent that it seeks information

14   regarding sales outside the United States and unrelated to United States commerce, as such

15   sales are beyond the scope of this litigation and requesting such information renders

16   Interrogatory No. 12 overly broad, unduly burdensome, and not reasonably calculated to lead

17   to the discovery of admissible evidence.

18       Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to

19   documents and information previously produced by TAEC in this litigation in response to,

20   Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

21   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

22   for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

23   Set of Interrogatories.

24   **INTERROGATORY NO. 13:**

25       For each year during the Class Period, state by year Your total worldwide dollar

26   amount of sales of CRT Products, both in the aggregate and by the size and type of CRT

27   Product.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    **RESPONSE:**

2         In addition to its General Objections listed above, TAEC objects to Interrogatory No.

3    13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

4    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5         TAEC also objects to Interrogatory No. 13 because it prematurely seeks expert

6    opinion.

7         TAEC further objects to Interrogatory No. 13 to the extent that it seeks information

8    regarding sales outside the United States and unrelated to United States commerce, as such

9    sales are beyond the scope of this litigation and requesting such information renders

10   Interrogatory No. 13 overly broad, unduly burdensome, and not reasonably calculated to lead

11   to the discovery of admissible evidence.

12        Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to

13   its Response to Interrogatory No. 9.

14   **INTERROGATORY NO. 14:**

15        For each year during the Class Period, state by year Your total dollar amount of sales

16   of CRT Products by the size and type of CRT Products sold and by country of destination.

17   **RESPONSE:**

18        In addition to its General Objections listed above, TAEC objects to Interrogatory No.

19   14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

20   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

21        TAEC also objects to Interrogatory No. 14 because it prematurely seeks expert

22   opinion.

23        TAEC further objects to Interrogatory No. 14 to the extent that it seeks information

24   regarding sales outside the United States and unrelated to United States commerce, as such

25   sales are beyond the scope of this litigation and requesting such information renders

26   Interrogatory No. 14 overly broad, unduly burdensome, and not reasonably calculated to lead

27   to the discovery of admissible evidence.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to

2   its Response to Interrogatory No. 9.

3   **INTERROGATORY NO. 15:**

4   For each year during the Class Period, state by year Your dollar amount of sales of

5   CRTs in the United States, both in the aggregate and by size of the CRT.

6   **RESPONSE:**

7   In addition to its General Objections listed above, TAEC objects to Interrogatory No.

8   15 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10  TAEC also objects to Interrogatory No. 15 because it prematurely seeks expert

11  opinion.

12  Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to

13  documents and information previously produced by TAEC in this litigation in response to

14  Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

15  Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

16  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

17  Set of Interrogatories.

18  **INTERROGATORY NO. 16:**

19  For each year during the Class Period, state by year Your dollar amount of sales of

20  CRT Products in the United States, both in the aggregate and by the size and type of the CRT

21  Product.

22  **RESPONSE:**

23  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

24  16 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

25  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26  TAEC also objects to Interrogatory No. 16 because it prematurely seeks expert

27  opinion.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  TAEC further objects to Interrogatory No. 16 to the extent that it seeks disclosure of

2  documents or information that is not within TAEC's possession, custody, or control.

3  Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to

4  its Response to Interrogatory No. 9.

5  **INTERROGATORY NO. 17:**

6  For the sales of CRT Products identified in Interrogatory No. 16, state the value of the

7  CRT included in the CRT Product sales price.

8  **RESPONSE:**

9  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

10  17 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

11  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12  TAEC further objects to Interrogatory No. 17 to the extent it seeks the disclosure of

13  documents or information that is not within TAEC's possession, custody, or control.

14  TAEC also objects to Interrogatory No. 17 because it prematurely seeks expert

15  opinion.

16  TAEC further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which limits

17  the number of interrogatories that may be served by one party on another party to 25 (twenty-

18  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

19  of Rule 33(a)(1).

20  **INTERROGATORY NO. 18:**

21  For each year during the Class Period, state by year Your sales of CRTs to any other

22  Defendant by size and by country of destination.

23  **RESPONSE:**

24  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

25  18 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

26  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

27  TAEC further objects to Interrogatory No. 18 to the extent that it seeks disclosure of

28  documents or information that is not within TAEC's possession, custody, or control.

1   TAEC also objects to Interrogatory No. 18 to the extent that it seeks information

2   regarding sales outside the United States and unrelated to United States commerce, as such

3   sales are beyond the scope of this litigation and requesting such information renders

4   Interrogatory No. 18 overly broad, unduly burdensome, and not reasonably calculated to lead

5   to the discovery of admissible evidence.

6   TAEC further objects to Interrogatory No. 18 on the ground that it is duplicative of

7   discovery served in this litigation, which is in contravention of the Discovery Protocol,

8   including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

9   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

10  for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First

11  Set of Interrogatories.

12  TAEC further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which limits

13  the number of interrogatories that may be served by one party on another party to 25 (twenty-

14  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

15  of Rule 33(a)(1).

16  **INTERROGATORY NO. 19:**

17  For each year during the Class Period, state by year Your sales of CRT Products to

18  any other Defendant by the size and type of CRT Products sold and by country of destination.

19  **RESPONSE:**

20  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

21  19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

22  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

23  TAEC further objects to Interrogatory No. 19 to the extent that it seeks disclosure of

24  documents or information that is not within TAEC's possession, custody, or control.

25  TAEC further objects to Interrogatory No. 19 to the extent that it seeks information

26  regarding sales outside the United States and unrelated to United States commerce, as such

27  sales are beyond the scope of this litigation and requesting such information renders

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead
2   to the discovery of admissible evidence.

3        TAEC further objects to Interrogatory No. 19 on the ground that it is duplicative of
4   discovery served in this litigation, which is in contravention of the Discovery Protocol,
5   including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of
6   Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests
7   for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First
8   Set of Interrogatories.

9        TAEC further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits
10  the number of interrogatories that may be served by one party on another party to 25 (twenty-
11  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
12  of Rule 33(a)(1)

13  **INTERROGATORY NO. 20:**

14       For each year during the Class Period, state in U.S. dollars and by year Your business
15  profits and losses realized from sales of CRTs by size and by country of destination, and Your
16  profits and losses for Your business as a whole.

17  **RESPONSE:**

18       In addition to its General Objections listed above, TAEC objects to Interrogatory No.
19  20 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
20  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

21       TAEC also objects to Interrogatory No. 20 because it prematurely seeks expert
22  opinion.

23       TAEC further objects to Interrogatory No. 20 to the extent that it seeks information
24  regarding sales outside the United States and unrelated to United States commerce, as such
25  sales are beyond the scope of this litigation and requesting such information renders
26  Interrogatory No. 20 overly broad, unduly burdensome, and not reasonably calculated to lead
27  to the discovery of admissible evidence.

28

CONFIDENTIAL

TAEC further objects to Interrogatory No. 20 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAEC further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 21:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRT Products by size and type of CRT Products sold and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 21 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 21 to the extent that it seeks disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC further objects to Interrogatory No. 21 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 21 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 21 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of
2  Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser
3  Plaintiffs' First Set of Interrogatories.

4       TAEC further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which limits
5  the number of interrogatories that may be served by one party on another party to 25 (twenty-
6  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
7  of Rule 33(a)(1).

8  **INTERROGATORY NO. 22:**

9       To the extent that You contend that prior to November 2007 Plaintiffs knew, should
10  have known, or were not reasonably diligent in discovery regarding the allegations in their
11  Complaint, identify all Evidence upon which You intend to rely to prove such contention.

12  **RESPONSE:**

13       In addition to its General Objections listed above, TAEC objects to Interrogatory No.
14  22 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
15  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16       TAEC further objects to Interrogatory No. 22 to the extent it seeks information
17  which is equally accessible to Plaintiffs as to TAEC, or which has already been
18  produced by TAEC or by other parties in this litigation.

19       TAEC further objects to Interrogatory No. 22 on the ground that it is duplicative of
20  discovery served in this litigation, which is in contravention of the Discovery Protocol.

21       TAEC further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which limits
22  the number of interrogatories that may be served by one party on another party to 25 (twenty-
23  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
24  of Rule 33(a)(1).

25  **INTERROGATORY NO. 23:**

26       To the extent that You contend that You provided false information, or false
27  commitments relating to pricing or production of CRTs to competitors at Glass Meetings or

28

CONFIDENTIAL

1  Bilateral Meetings with those competitors, identify each instance that you provided false

2  information or a false commitment and any Evidence related to it.

3  **RESPONSE:**

4       In addition to its General Objections listed above, TAEC objects to Interrogatory No.

5  23 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

6  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7       TAEC further objects to the terms "Glass Meetings" and Bilateral Meetings" because

8  they are vague, overly broad, unduly burdensome and seeks information that is neither

9  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10      TAEC further objects to the term "competitors" because it is vague, overly broad,

11 unduly burdensome, and seeks information that is neither relevant nor reasonably calculated

12 to lead to the discovery of admissible evidence.

13      TAEC further objects to Interrogatory No. 23 to the extent that it assumes TAEC

14 engaged in a conspiracy.

15      TAEC further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which limits

16 the number of interrogatories that may be served by one party on another party to 25 (twenty-

17 five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

18 of Rule 33(a)(1).

19 **INTERROGATORY NO. 24:**

20      To the extent that you contend that a competitor provided false information or a false

21 commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral

22 Meetings, identify each instance, where such false information or false commitment was

23 provided to You and any Evidence related to it.

24 **RESPONSE:**

25      In addition to its General Objections listed above, TAEC objects to Interrogatory No.

26 24 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

27 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1    TAEC further objects to the terms "Glass Meetings" and Bilateral Meetings" because
2    they are vague, overly broad, unduly burdensome and seeks information that is neither
3    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4    TAEC further objects to the term "competitors" because it is vague, overly broad,
5    unduly burdensome, and seeks information that is neither relevant nor reasonably calculated
6    to lead to the discovery of admissible evidence.

7    TAEC further objects to Interrogatory No. 24 to the extent that it assumes TAEC
8    engaged in a conspiracy.

9    TAEC further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which limits
10   the number of interrogatories that may be served by one party on another party to 25 (twenty-
11   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
12   of Rule 33(a)(1).

13   **INTERROGATORY NO. 25:**

14   If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for
15   Admission was anything other than an unqualified admission, separately for each Request for
16   Admission:

17   (a) state the number of the request for admission;

18   (b) state all facts upon which You base Your response;

19   (c) identify all Evidence upon which You intend to rely to support your response; and

20   (d) identify each person who has knowledge of the facts upon which you base your
21       response

22   **RESPONSE:**

23   In addition to its General Objections listed above, TAEC objects to Interrogatory No.
24   25 because it is vague, overly broad, unduly burdensome and oppressive, and seeks
25   information that is not reasonably calculated to lead to the discovery of admissible
26   evidence.

27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1    TAEC also objects to Interrogatory No. 25 to the extent that it seeks the disclosure of

2   information that is not within TAEC's possession, custody, or control and because any such

3   information is equally accessible to the Plaintiffs as to TAEC

4    TAEC further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which limits

5   the number of interrogatories that may be served by one party on another party to 25

6   (twenty-five), including discrete subparts.   Plaintiffs have already exceeded the 25-

7   interrogatory limit of Rule 33(a)(1).

8

9   Dated: September 5, 2014                    **WHITE & CASE**LLP

10

11                                   By: _____

12                                   Christopher M. Curran (*pro hac vice*)
                                     ccurran@whitecase.com
13                                   Lucius B. Lau (*pro hac vice*)
                                     alau@whitecase.com
14                                   Dana E. Foster (*pro hac vice*)
                                     defoster@whitecase.com
15                                   701 Thirteenth Street, N.W.
16                                   Washington, DC  20005
17                                   tel.: (202) 626-3600
                                     fax: (202) 639-9355
18
19                                   *Counsel to Defendant*
                                     *Toshiba America Electronic Components, Inc.*
20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC. OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

| ALL DEFENSE COUNSEL | |
|---|---|

_____
Dana E. Foster

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2