# Exhibit 5
# A-E

# Exhibit 5-A

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's
2   April 3, 2014 Order re Discovery and Case Management Protocol (as modified by the Court
3   on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba
4   Corporation ("Toshiba Corp.") hereby serves the following Objections and Responses to
5   Indirect Purchaser Plaintiffs' Fourth Set of Requests for Production of Documents from
6   Toshiba Defendants, dated August 1, 2014 (the "Requests").

7   Each of the following responses is made only for purposes of this action.  Each
8   response is subject to all objections as to relevance, materiality and admissibility and to any
9   and all objections on any ground that would require exclusion of any response if it were
10   introduced in court.  All evidentiary objections and grounds are expressly reserved.

11   Toshiba Corp.'s responses to the Requests are subject to the provisions of the
12   Stipulated Protective Order that the Court entered on June 18, 2008 (the "Protective
13   Order").  Toshiba Corp.'s responses are hereby designated "Confidential" in accordance
14   with the provisions of the Protective Order.

15   ## GENERAL OBJECTIONS

16   1.   Toshiba Corp. objects to the Requests, including the Definitions and
17   Instructions provided therein, to the extent they purport to impose obligations beyond those
18   required or permitted by the Federal Rules of Civil Procedure and the Local Rules of
19   Practice in Civil Proceedings before the United States District Court for the Northern
20   District of California, or to the extent they are outside the scope of any order or opinion of
21   this Court.

22   2.   Toshiba Corp. objects to the Requests, including the Definitions and
23   Instructions provided therein, to the extent they seek to impose on it discovery obligations
24   exceeding the scope of the Discovery Protocol.

25   3.   Toshiba Corp. objects to the Requests, including the Definitions and
26   Instructions provided therein, to the extent they call for the production of documents or
27   information that relate to matters not raised by the pleadings, to the extent they are not

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   material and necessary to the prosecution or defense of this action and to the extent they are

2   not reasonably calculated to lead to the discovery of admissible evidence.

3       4.      Toshiba Corp. objects to the Requests, including the Definitions and

4   Instructions provided therein, to the extent they are overly broad, unduly burdensome,

5   vague and/or ambiguous.

6       5.      Toshiba Corp. objects to the Requests, including the Definitions and

7   Instructions provided therein, to the extent they state and/or call for legal conclusions and/or

8   admissions.

9       6.      Toshiba Corp. objects to the Requests, including the Definitions and

10  Instructions provided therein, to the extent they seek information or documents protected by

11  the attorney-client privilege, work-product doctrine or any other applicable privilege,

12  protection, immunity or rule (collectively, "Privileged Information").  Toshiba Corp. will

13  not disclose any Privileged Information in response to any Request.  Toshiba Corp. does not

14  intend by this response to waive any claim of privilege or immunity.  Any inadvertent

15  production of such material or information is not intended to, and shall not, constitute a

16  general or specific waiver in whole or in part of those privileges or protections as to

17  material or information inadvertently produced or the subject matter thereof.  Nor is any

18  inadvertent production intended to, nor shall it, constitute a waiver of the right to object to

19  any use of such document or information.

20      7.      Toshiba Corp. objects to the Requests, including the Definitions and

21  Instructions provided therein, to the extent they seek information, the disclosure of which

22  would violate applicable law, including, but not limited to, privacy laws.  In providing any

23  response, Toshiba Corp. does so only to the extent allowable under applicable law.

24      8.      Toshiba Corp. objects to the Requests, including the Definitions and

25  Instructions provided therein, to the extent that they seek confidential, proprietary or trade

26  secret information.

27      9.      Toshiba Corp. objects to the Requests, including the Definitions and

28  Instructions provided therein, to the extent they seek documents or electronic information,

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   the disclosure of which is prohibited by contractual obligations or agreements between

2   Toshiba Corp. and third parties.

3          10.    Toshiba Corp. objects to the Requests, including the Definitions and

4   Instructions provided therein, to the extent they are unduly burdensome and oppressive, or

5   constitute an abuse of process in light of the costs imposed on Toshiba Corp. weighed

6   against Plaintiffs' need for the information.

7          11.    Toshiba Corp. objects to the Requests, including the Definitions and

8   Instructions provided therein, to the extent they seek disclosure of documents or information

9   not reasonably accessible to Toshiba Corp.

10         12.    Toshiba Corp. objects to the Requests, including the Definitions and

11  Instructions provided therein, to the extent they seek the discovery of information regarding

12  Toshiba Corp.'s sales outside of the United States and unrelated to United States commerce,

13  as such sales are beyond the scope of this litigation and production of such information

14  would render these requests overly broad, unduly burdensome, and not reasonably

15  calculated to lead to the discovery of admissible evidence.  Toshiba Corp. also objects to the

16  Requests to the extent they seek discovery of information that is beyond the scope of the

17  Sherman Antitrust Act, 15 U.S.C. § 1.  Toshiba Corp. will only produce responsive, non-

18  privileged information and documents that relate to Toshiba Corp.'s sales, if any, of CRTs

19  or CRT Products that are shipped to the United States or that relate to activity with a direct,

20  substantial and reasonably foreseeable effect on U.S. commerce and that can be located

21  through a reasonable search.

22         13.    Toshiba Corp. objects to the Requests, including the Definitions and

23  Instructions provided therein, to the extent they seek information, the disclosure of which is

24  prohibited by law, regulation or order of a court or another authority of the foreign

25  jurisdiction in which the documents or information are located.

26         14.    Toshiba Corp. objects to the Requests, including the Definitions and

27  Instructions provided therein, to the extent they seek disclosure of documents or information

28  that are not within Toshiba Corp.'s possession, custody or control.

CONFIDENTIAL

15.     Toshiba Corp. objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to Toshiba Corp., or which have already been produced by other parties.

16.     Toshiba Corp. objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Requests, or seek duplicative copies of the same document.

17.     Toshiba Corp.'s responses to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Toshiba Corp. with Plaintiffs' characterization of any facts, circumstances, or legal obligations.  Toshiba Corp. reserves the right to contest any such characterization.  Toshiba Corp. further objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

18.     Toshiba Corp. objects to the definition of "Document" because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.  Toshiba Corp. further objections to the definition of "Document" to the extent it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent they are outside the scope of any order or opinion of this Court.

19.     Toshiba Corp. objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by Toshiba Corp., and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by Toshiba Corp.  Toshiba Corp. will interpret these terms to refer to Toshiba Corp. only.  Toshiba Corp. further objects to the definition of "you" and "your" to the extent

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1   it seeks information or documents protected by the attorney-client privilege, work product

2   doctrine or any other applicable privilege, protection, immunity, or rule.

3       20.     Toshiba Corp. objects to the definition of "CRT" because it is vague,

4   ambiguous, and overly broad.

5       21.     Toshiba Corp. objects to the definition of "Relevant Time Period" to the

6   extent that it exceeds the "Class Period" defined in the IPPs' Complaint, because it is overly

7   broad, unduly burdensome, not relevant to any party's claim or defense, and not reasonably

8   calculated to lead to the discovery of admissible evidence.  Toshiba Corp. also objects to the

9   definition of "Relevant Time Period" because it is well beyond the relevant statute of

10  limitations.  Toshiba Corp. further objects to the term "Relevant Time Period" to the extent

11  that it seeks documents created after this litigation began.  For the purposes of responding to

12  these Requests, Toshiba Corp. will interpret the term "Relevant Time Period" as referring to

13  the "Class Period" defined in the IPPs' Complaint, which is March 1, 1995 to November 25,

14  2007.

15      22.     Toshiba Corp. objects to Instruction No. 1 because it is overly broad and

16  unduly burdensome.

17      23.     Toshiba Corp. objects to Instruction Nos. 2-12 and 14-15 to the extent that

18  they purport to impose obligations on Toshiba Corp. beyond those required or permitted by

19  the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings

20  before the United States District Court for the Northern District of California, or the

21  Discovery Protocol, including, without limiting the foregoing, the burden of producing any

22  documents or things that are not within Toshiba Corp.'s possession, custody, or control, in

23  violation of Rule 34(a)(1) of the Federal Rules of Civil Procedure.  Toshiba Corp. also

24  objects to Instruction No. 4 to the extent that it calls for the production of documents

25  protected by either the attorney-client privilege or the attorney work-product doctrine.

26      24.     Toshiba Corp. objects to Instruction No. 13 with respect to the preparation

27  of a privilege log because it is unduly burdensome and seeks more information than is

28  required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST NO. 48:**

All documents reflecting discussions which led to the formation of MTPD.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 48 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 48 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Request No. 48 because the term "formation" is vague.

Subject to and without waiving the objections stated above, Toshiba Corp. refers Plaintiffs to documents and information previously produced by Toshiba Corp. in this litigation in response to Interrogatory No. 7 of DPPs' First Set of Interrogatories, Request No. 24 of IPPs' Second Set of Requests for Production of Documents, and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

**REQUEST NO. 49:**

All documents reflecting discussions regarding the decisions to shut down worldwide CRT manufacturing facilities between 2003 and the present, for MTPD.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 49 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 49 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

Toshiba Corp. also objects to Request No. 49 to the extent that it seeks the disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

Toshiba Corp. also objects to Request No. 49 to the extent that it seeks information beyond the putative class period.

Subject to and without waiving the objections stated above, Toshiba Corp. responds that, after a reasonable search, it will produce non-privileged documents sufficient to show decisions to shut down worldwide CRT manufacturing facilities between 2003 and the present, for MTPD, if any exist.

**REQUEST NO. 50:**

All documents relating to discussions regarding Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 50 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 50 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Request No. 50 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Requests Nos. 9 and 10 of DAPs' First Set of Requests for Admissions and Interrogatory No. 1 of DAPs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, Toshiba Corp. responds that, after a reasonable search, it will produce non-privileged documents sufficient to show Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007, if any exist.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**REQUEST NO. 51:**

All documents relating to your due diligence regarding Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 51 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 51 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Request No. 51 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

Subject to and without waiving the objections stated above, Toshiba Corp. responds that, after a reasonable search, it will produce non-privileged documents sufficient to show Toshiba Corp.'s due diligence regarding Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007, if any exist.

**REQUEST NO. 52:**

All documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that MTPD received from you between 2003 and 2009.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 52 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1      Toshiba Corp. also objects to Request No. 52 to the extent it seeks "all documents"
2  on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to
3  lead to the discovery of admissible evidence.
4      Toshiba Corp. further objects to Request No. 52 to the extent that it seeks information
5  beyond the putative class period.
6      Toshiba Corp. further objects to Request No. 52 on the ground that it is cumulative or
7  duplicative of discovery served in this litigation, which is in contravention of the Discovery
8  Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request
9  No. 24 of DPPs' Second Set of Requests for Production of Documents.
10      Subject to and without waiving the objections stated above, Toshiba Corp. responds
11  that, after a reasonable search, it will produce non-privileged documents sufficient to show
12  contributions of assets and liabilities that MTPD received from Toshiba Corp. between
13  2003 and 2009, if any exist.

14  **REQUEST NO. 53:**

15      All MTPD's documents including, without limitations, financial statements,
16  reflecting contributions of assets and liabilities that MTPD received from you between 2003
17  and 2009.

18  **RESPONSE:**

19      In addition to its General Objections listed above, Toshiba Corp. objects to Request
20  No. 53 because it is vague, overly broad, unduly burdensome, and seeks information that is
21  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.
22      Toshiba Corp. also objects to Request No. 53 to the extent it seeks "all MTPD's
23  documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably
24  calculated to lead to the discovery of admissible evidence.
25      Toshiba Corp. further objects to Request No. 53 to the extent that it seeks the
26  disclosure of documents or information that is not within Toshiba Corp.'s possession,
27  custody, or control.
28

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   Toshiba Corp. further objects to Request No. 53 to the extent that it seeks information

2   beyond the putative class period.

3   Toshiba Corp. further objects that its counsel is not in a position to respond to this

4   Request on behalf of MTPD, an entity that its counsel does not represent.

5   Toshiba Corp. further objects to Request No. 53 on the ground that it is cumulative or

6   duplicative of discovery served in this litigation, which is in contravention of the Discovery

7   Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

8   No. 24 of DPPs' Second Set of Requests for Production of Documents.

9   Subject to and without waiving the objections stated above, Toshiba Corp. responds

10  that, after a reasonable search, it will produce non-privileged documents sufficient to show

11  contributions of assets and liabilities that MTPD received from Toshiba Corp. between

12  2003 and 2009, if any exist.

13  **REQUEST NO. 54:**

14  All documents relating to payments of dividends or other profits paid by MTPD to

15  you between 2003 and 2009.

16  **RESPONSE:**

17  In addition to its General Objections listed above, Toshiba Corp. objects to Request

18  No. 54 because it is vague, overly broad, unduly burdensome, and seeks information that is

19  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20  Toshiba Corp. also objects to Request No. 54 to the extent it seeks "all documents"

21  on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

22  lead to the discovery of admissible evidence.

23  Toshiba Corp. also objects to the term "other profits" because it is vague, overly

24  broad and neither relevant nor reasonably calculated to lead to the discovery of admissible

25  evidence.

26  Toshiba Corp. further objects to Request No. 54 to the extent it seeks the disclosure

27  of documents or information which is equally accessible to the Plaintiffs as to Toshiba

28  Corp, or which has already been produced by other parties.

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Toshiba Corp. further objects to Request No. 54 to the extent that it seeks information

2    beyond the putative class period.

3    Toshiba Corp. further objects to Request No. 54 on the ground that it is cumulative or

4    duplicative of discovery served in this litigation, which is in contravention of the Discovery

5    Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

6    No. 24 of DPPs' Second Request for Production of Documents.

7    Subject to and without waiving the objections stated above, Toshiba Corp. responds

8    that, after a reasonable search, it will produce non-privileged documents from the putative

9    class period sufficient to show payments of dividends or other profits paid by MTPD to

10   Toshiba Corp. between 2003 and 2009, if any exist.

11   **REQUEST NO. 55:**

12   All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009

13   which were submitted to you, including but not limited to those used for the monthly

14   business unit meetings conducted at PAVC. See Tobinaga 30(b)(6) Tr. 22:25-28:12.

15   **RESPONSE:**

16   In addition to its General Objections listed above, Toshiba Corp. objects to Request

17   No. 55 because it is vague, overly broad, unduly burdensome, and seeks information that is

18   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19   Toshiba Corp. objects to the terms "business plans, reports, and forecasts" because

20   they are vague, overbroad, and unduly burdensome.

21   Toshiba Corp. also objects to Request No. 55 to the extent that it seeks information

22   beyond the putative class period.  Toshiba Corp. will only respond to this Request within

23   the putative class period.

24   Toshiba Corp. further objects to Request No. 55 on the ground that it is cumulative or

25   duplicative of discovery served in this litigation, which is in contravention of the Discovery

26   Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of

27   Documents.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Subject to and without waiving the objections stated above, Toshiba Corp. responds

2  that, after a reasonable search, it will produce non-privileged documents sufficient to show

3  business plans, reports, and forecasts prepared by MTPD that were submitted to Toshiba

4  Corp. during the putative class period, if any exist.

5  **REQUEST NO. 56:**

6  All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009

7  which were submitted to you, including but not limited to those used to create your business

8  plans.

9  **RESPONSE:**

10  In addition to its General Objections listed above, Toshiba Corp. objects to Request

11  No. 56 because it is vague, overly broad, unduly burdensome, and seeks information that is

12  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13  Toshiba Corp. objects to the terms "business plans, reports, and forecasts" because

14  they are vague, overbroad, and unduly burdensome.

15  Toshiba Corp. also objects to Request No. 56 to the extent that it seeks information

16  beyond the putative class period.  Toshiba Corp. will only respond to this Request within

17  the putative class period.

18  Toshiba Corp. further objects to Request No. 56 to the extent that it assumes that

19  Toshiba Corp. used "business plans, reports, and forecasts prepared by MTPD" to create its

20  business plans without providing the basis for such an assumption.

21  Toshiba Corp. further objects to Request No. 56 on the ground that it is cumulative or

22  duplicative of discovery served in this litigation, which is in contravention of the Discovery

23  Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of

24  Documents.

25  Subject to and without waiving the objections stated above, Toshiba Corp. responds

26  that, after a reasonable search, it will produce non-privileged documents sufficient to show

27  business plans, reports, and forecasts prepared by MTPD that were submitted to Toshiba

28  Corp. during the putative class period, if any exist.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2  **REQUEST NO. 57:**

3      All documents relating to the rules and policies of any board or committee governing

4  MTPD from 2003 to 2009.

5  **RESPONSE:**

6      In addition to its General Objections listed above, Toshiba Corp. objects to Request

7  No. 57 because it is vague, overly broad, unduly burdensome, and seeks information that is

8  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9      Toshiba Corp. also objects to Request No. 57 to the extent it seeks "all documents"

10 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

11 lead to the discovery of admissible evidence.

12     Toshiba Corp. objects to the terms "rules and policies" because they are vague,

13 overbroad, and unduly burdensome.

14     Toshiba Corp. also objects to Request No. 57 to the extent that it seeks the disclosure

15 of documents or information that is not within Toshiba Corp.'s possession, custody, or

16 control.

17     Toshiba Corp. further objects that its counsel is not in a position to respond to this

18 Request on behalf of MTPD, an entity that its counsel does not represent.

19     Toshiba Corp. also objects to Request No. 57 to the extent that it seeks information

20 beyond the putative class period.

21     Toshiba Corp. further objects to Request No. 57 on the ground that it is cumulative or

22 duplicative of discovery served in this litigation, which is in contravention of the Discovery

23 Protocol, including Interrogatory No. 15 of DAPs' First Set of Interrogatories.

24     Subject to and without waiving the objections stated above, Toshiba Corp. responds

25 that, after a reasonable search, it will produce non-privileged documents sufficient to show

26 the rules and policies of any board or committee governing MTPD that Toshiba Corp.

27 received during the putative class period, if any exist.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  **REQUEST NO. 58:**

2      All documents relating to your assistance or participation in the procurement of any

3  loans or other capital from third parties during the Relevant Time Period including, without

4  limitations, any guarantees you made, for MTPD.

5  **RESPONSE:**

6      In addition to its General Objections listed above, Toshiba Corp. objects to Request

7  No. 58 because it is vague, overly broad, unduly burdensome, and seeks information that is

8  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9      Toshiba Corp. also objects to Request No. 58 to the extent it seeks "all documents"

10  on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

11  lead to the discovery of admissible evidence.

12      Toshiba Corp. objects to the term "guarantees" because it is vague, overbroad, and

13  unduly burdensome.

14      Toshiba Corp. further objects to Request No. 58 to the extent that it seeks the

15  disclosure of documents or information that is not within Toshiba Corp.'s possession,

16  custody, or control.

17      Toshiba Corp. further objects to Request No. 58 to the extent that it seeks information

18  beyond the putative class period.

19      Toshiba Corp. further objects to Request No. 58 on the ground that it is cumulative or

20  duplicative of discovery served in this litigation, which is in contravention of the Discovery

21  Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

22  No. 24 of DPPs' Second Set of Requests for Production of Documents.

23      Subject to and without waiving the objections stated above, Toshiba Corp. responds

24  that, after a reasonable search, it will produce non-privileged documents sufficient to show

25  Toshiba Corp.'s assistance or participation in the procurement of any loans or other capital

26  from third parties during the putative class period for MTPD, if any exist.

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 | **REQUEST NO. 59:**

2 |     All documents relating to the pricing or prices of CRTs you purchased from MTPD

3 | during the Relevant Time Period including, without limitations, any pricing negotiations,

4 | price lists, and any agreements by you to pay in advance for the delivery of CRTs you

5 | bought.

6 | **RESPONSE:**

7 |     In addition to its General Objections listed above, Toshiba Corp. objects to Request

8 | No. 59 because it is vague, overly broad, unduly burdensome, and seeks information that is

9 | neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10 |     Toshiba Corp. also objects to Request No. 59 to the extent it seeks "all documents"

11 | on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

12 | lead to the discovery of admissible evidence.

13 |     Toshiba Corp. objects to the term "CRTs" because it is vague, overbroad, and unduly

14 | burdensome.

15 |     Toshiba Corp. also objects to Request No. 59 to the extent that it seeks the disclosure

16 | of documents or information that is not within Toshiba Corp.'s possession, custody, or

17 | control.

18 |     Toshiba Corp. also objects to Request No. 59 to the extent that it seeks information

19 | beyond the putative class period.  Toshiba Corp. will only respond to this Request within

20 | the putative class period.

21 |     Toshiba Corp. also objects to Request No. 59 to the extent it seeks information

22 | regarding purchases outside the United States and unrelated to United States commerce, as

23 | such purchases are beyond the scope of this litigation and requesting such information

24 | renders Request No. 59 overly broad, unduly burdensome, and not reasonably calculated to

25 | lead to the discovery of admissible evidence.

26 |     Toshiba Corp. further objects to Request No. 59 on the ground that it is cumulative or

27 | duplicative of discovery served in this litigation, which is in contravention of the Discovery

28 | Protocol, including Interrogatories Nos. 11 and 12 of IPPs and DPPs' Interrogatories on

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Toshiba Defendants and Request No. 14 of the IPPs' Second Request for Production of

2  Documents.

3        Subject to and without waiving the objections stated above, Toshiba Corp. refers

4  Plaintiffs to documents previously produced by Toshiba Corp. in this litigation, including

5  but not limited to: TSB-CRT-00061306, TSB-CRT-00061307, TSB-CRT-00061308, TSB-

6  CRT-00061309, TSB-CRT-00061310, TSB-CRT-00061311, TSB-CRT-00061312, TSB-

7  CRT-00061313, TSB-CRT-00061314, TSB-CRT-00061315, TSB-CRT-00061316, and

8  TSB-CRT-00061317.

9  **REQUEST NO. 60:**

10       All documents relating to insurance policies covering MTPD and/or their respective

11  employee(s) including, without limitations, documents relating to the payment of those

12  insurance premiums.

13  **RESPONSE:**

14       In addition to its General Objections listed above, Toshiba Corp. objects to Request

15  No. 60 because it is vague, overly broad, unduly burdensome, and seeks information that is

16  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17       Toshiba Corp. also objects to Request No. 60 to the extent it seeks "all documents"

18  on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

19  lead to the discovery of admissible evidence.

20       Toshiba Corp. further objects to Request No. 60 to the extent that it seeks the

21  disclosure of documents or information that is not within Toshiba Corp.'s possession,

22  custody, or control.

23       Toshiba Corp. further objects that its counsel is not in a position to respond to this

24  Request on behalf of MTPD, an entity that its counsel does not represent.

25       Toshiba Corp. further objects to Request No. 60 to the extent that it seeks information

26  beyond the putative class period.

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Subject to and without waiving the objections stated above, Toshiba Corp. responds

2  that, after a reasonable search, it will produce non-privileged documents sufficient to show

3  insurance policies covering MTPD, if any exist.

4  **REQUEST NO. 61:**

5  All documents relating to or constituting any periodic reports provided by MTPD to

6  you.

7  **RESPONSE:**

8  In addition to its General Objections listed above, Toshiba Corp. objects to Request

9  No. 61 because it is vague, overly broad, unduly burdensome, and seeks information that is

10  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11  Toshiba Corp. objects to the term "periodic reports" because it is vague, overbroad,

12  and unduly burdensome.

13  Toshiba Corp. also objects to Request No. 61 to the extent that it seeks information

14  beyond the putative class period.  Toshiba Corp. will only respond to this Request within

15  the putative class period.

16  Toshiba Corp. further objects to Request No. 61 on the ground that it is cumulative or

17  duplicative of discovery served in this litigation, which is in contravention of the Discovery

18  Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of

19  Documents.

20  Subject to and without waiving the objections stated above, Toshiba Corp. responds

21  that, after a reasonable search, it will produce non-privileged documents sufficient to show

22  periodic reports provided by MTPD to Toshiba Corp., if any exist.

23  **REQUEST NO. 62:**

24  All documents relating to or constituting statements to any Governmental Antitrust

25  Authority relating to CRTs by any Employees of the following entities:

26  i. You; and/or

27  ii. MTPD.

28

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  **RESPONSE:**

2      In addition to its General Objections listed above, Toshiba Corp. objects to Request

3  No. 62 because it is vague, overly broad, unduly burdensome, and seeks information that is

4  not reasonably calculated to lead to the discovery of admissible evidence.

5      Toshiba Corp. also objects to Request No. 62 to the extent that it seeks the disclosure

6  of information that is not within Toshiba Corp.'s possession, custody, or control.

7      Toshiba Corp. further objects that its counsel is not in a position to respond to this

8  Request on behalf of MTPD, an entity that its counsel does not represent.

9      Toshiba Corp. objects to the term "Governmental Antitrust Authority" because it is

10  vague, overbroad, and unduly burdensome

11      Toshiba Corp. also objects to Request No. 62 to the extent that it seeks confidential

12  information, the disclosure of which is prohibited by a law, regulation, or order of a court or

13  another authority of a foreign jurisdiction in which the information is located.

14      Toshiba Corp. also objects to Request No. 62 because it seeks to invade the

15  confidentiality of government investigations.

16      Subject to and without waiving the objections stated above, Toshiba Corp. states that

17  it is not aware of documents relating to or constituting statements from its employees to the

18  United States Department of Justice related to CRTs.

19  **REQUEST NO. 63:**

20      All documents relating to or constituting statements to any Governmental Antitrust

21  Authority relating to CRTs by any employee of any Defendant.

22  **RESPONSE:**

23      In addition to its General Objections listed above, Toshiba Corp. objects to Request

24  No. 63 because it is vague, overly broad, unduly burdensome, and seeks information that is

25  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26      Toshiba Corp. also objects to Request No. 63 to the extent it seeks "all documents"

27  on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

28  lead to the discovery of admissible evidence.

CONFIDENTIAL

Toshiba Corp. also objects to Request No. 63 to the extent that it seeks the disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. further objects that its counsel is not in a position to respond to this Request on behalf of other Defendants, whom its counsel does not represent.

Toshiba Corp. objects to the term "Governmental Antitrust Authority" because it is vague, overbroad, and unduly burdensome.

Toshiba Corp. also objects to Request No. 63 to the extent that it seeks confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. also objects to Request No. 63 because it seeks to invade the confidentiality of government investigations.

Subject to and without waiving the objections stated above, Toshiba Corp. states that it is not aware of documents relating to or constituting statements from any Defendant to the United States Department of Justice related to CRTs.

**REQUEST NO. 64:**

All documents from 2000 to 2003 concerning your analyses of LP Displays International, Ltd. (f/k/a LG.Philips Displays)'s business model and your information exchange with LP Displays regarding the formation of MTPD.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 64 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 64 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1   Toshiba Corp. also objects to Request No. 64 to the extent that it seeks the disclosure

2   of documents or information that is not within Toshiba Corp.'s possession, custody, or

3   control.

4   Toshiba Corp. objects to the terms "analyses" and "information exchange" because

5   they are vague, overbroad, and unduly burdensome.

6   Toshiba Corp. further objects to Request No. 64 to the extent that it assumes that

7   Toshiba Corp. exchanged information with LP Displays without providing the basis for

8   such an assumption.

9   Subject to and without waiving the objections stated above, Toshiba Corp. responds

10   that, after a reasonable search, it will produce non-privileged documents sufficient to show

11   its analysis of LP Displays International, Ltd.'s business model, if any exist.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

1

2   Dated: September 5, 2014                    **WHITE & CASE**LLP

3

4                                        By: _____

5                                        Christopher M. Curran (*pro hac vice*)
                                         ccurran@whitecase.com
6                                        Lucius B. Lau (*pro hac vice*)
                                         alau@whitecase.com
7                                        Dana E. Foster (*pro hac vice*)
8                                        defoster@whitecase.com
9                                        701 Thirteenth Street, N.W.
                                         Washington, DC  20005
10                                       tel.: (202) 626-3600
                                         fax: (202) 639-9355
11

12                                       *Counsel to Defendant*
                                         *Toshiba Corporation*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS" to be served via e-mail upon:

| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
|---|---|
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |
|---|---|

_____

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
2

# Exhibit 5-B

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's April 3, 2014 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America, Inc. ("TAI") hereby serves the following Objections and Responses to Indirect Purchaser Plaintiffs' Fourth Set of Requests for Production of Documents from Toshiba Defendants, dated August 1, 2014 (the "Requests").

Each of the following responses is made only for purposes of this action. Each response is subject to all objections as to relevance, materiality and admissibility and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

TAI's responses to the Requests are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18, 2008 (the "Protective Order"). TAI's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

**GENERAL OBJECTIONS**

1.      TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, or to the extent they are outside the scope of any order or opinion of this Court.

2.      TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek to impose on it discovery obligations exceeding the scope of the Discovery Protocol.

3.      TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution or defense of this action and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

4.      TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague and/or ambiguous.

5.      TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.      TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, protection, immunity or rule (collectively, "Privileged Information").  TAI will not disclose any Privileged Information in response to any Request.  TAI does not intend by this response to waive any claim of privilege or immunity.  Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof.  Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

7.      TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws.  In providing any response, TAI does so only to the extent allowable under applicable law.

8.      TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent that they seek confidential, proprietary or trade secret information.

9.      TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek documents or electronic information, the disclosure of which is prohibited by contractual obligations or agreements between TAI and third parties.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1      10.    TAI objects to the Requests, including the Definitions and Instructions

2  provided therein, to the extent they are unduly burdensome and oppressive, or constitute an

3  abuse of process in light of the costs imposed on TAI weighed against Plaintiffs' need for

4  the information.

5      11.    TAI objects to the Requests, including the Definitions and Instructions

6  provided therein, to the extent they seek disclosure of documents or information not

7  reasonably accessible to TAI.

8      12.    TAI objects to the Requests, including the Definitions and Instructions

9  provided therein, to the extent they seek the discovery of information regarding TAI's sales

10  outside of the United States and unrelated to United States commerce, as such sales are

11  beyond the scope of this litigation and production of such information would render these

12  requests overly broad, unduly burdensome, and not reasonably calculated to lead to the

13  discovery of admissible evidence. TAI also objects to the Requests to the extent they seek

14  discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C.

15  § 1. TAI will only produce responsive, non-privileged information and documents that

16  relate to TAI's sales, if any, of CRTs or CRT Products that are shipped to the United States

17  or that relate to activity with a direct, substantial and reasonably foreseeable effect on U.S.

18  commerce and that can be located through a reasonable search.

19      13.    TAI objects to the Requests, including the Definitions and Instructions

20  provided therein, to the extent they seek information, the disclosure of which is prohibited

21  by law, regulation or order of a court or another authority of the foreign jurisdiction in

22  which the documents or information are located.

23      14.    TAI objects to the Requests, including the Definitions and Instructions

24  provided therein, to the extent they seek disclosure of documents or information that are not

25  within TAI's possession, custody or control.

26      15.    TAI objects to the Requests, including the Definitions and Instructions

27  provided therein, to the extent they seek information which is equally accessible to

28  Plaintiffs as to TAI, or which have already been produced by other parties.

CONFIDENTIAL

16.     TAI objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Requests, or seek duplicative copies of the same document.

17.     TAI's responses to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by TAI with Plaintiffs' characterization of any facts, circumstances, or legal obligations.   TAI reserves the right to contest any such characterization.   TAI further objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

18.     TAI objects to the definition of "Document" because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.   TAI further objections to the definition of "Document" to the extent it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent they are outside the scope of any order or opinion of this Court.

19.     TAI objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TAI, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAI. TAI will interpret these terms to refer to TAI only.   TAI further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     TAI objects to the definition of "CRT" because it is vague, ambiguous, and overly broad.

21.     TAI objects to the definition of "Relevant Time Period" to the extent that it exceeds the "Class Period" defined in the IPPs' Complaint, because it is overly broad,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   unduly burdensome, not relevant to any party's claim or defense, and not reasonably

2   calculated to lead to the discovery of admissible evidence.   TAI also objects to the

3   definition of "Relevant Time Period" because it is well beyond the relevant statute of

4   limitations.   TAI further objects to the term "Relevant Time Period" to the extent that it

5   seeks documents created after this litigation began.   For the purposes of responding to these

6   Requests, TAI will interpret the term "Relevant Time Period" as referring to the "Class

7   Period" defined in the IPPs' Complaint, which is March 1, 1995 to November 25, 2007.

8       22.     TAI objects to Instruction No. 1 because it is overly broad and unduly

9   burdensome.

10      23.     TAI objects to Instruction Nos. 2-12 and 14-15 to the extent that they

11  purport to impose obligations on TAI beyond those required or permitted by the Federal

12  Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United

13  States District Court for the Northern District of California, or the Discovery Protocol,

14  including, without limiting the foregoing, the burden of producing any documents or things

15  that are not within TAI's possession, custody, or control, in violation of Rule 34(a)(1) of the

16  Federal Rules of Civil Procedure.   TAI also objects to Instruction No. 4 to the extent that it

17  calls for the production of documents protected by either the attorney-client privilege or the

18  attorney work-product doctrine.

19      24.     TAI objects to Instruction No. 13 with respect to the preparation of a

20  privilege log because it is unduly burdensome and seeks more information than is required

21  by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

22  **OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS**

23  **REQUEST NO. 48:**

24      All documents reflecting discussions which led to the formation of MTPD.

25  **RESPONSE:**

26      In addition to its General Objections listed above, TAI objects to Request No. 48

27  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

28  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

1   TAI also objects to Request No. 48 to the extent it seeks "all documents" on the
2   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead
3   to the discovery of admissible evidence.

4   TAI further objects to Request No. 48 because the term "formation" is vague.

5   **REQUEST NO. 49:**

6   All documents reflecting discussions regarding the decisions to shut down worldwide
7   CRT manufacturing facilities between 2003 and the present, for MTPD.

8   **RESPONSE:**

9   In addition to its General Objections listed above, TAI objects to Request No. 49
10  because it is vague, overly broad, unduly burdensome, and seeks information that is neither
11  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12  TAI also objects to Request No. 49 to the extent it seeks "all documents" on the
13  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead
14  to the discovery of admissible evidence.

15  TAI also objects to Request No. 49 to the extent that it seeks the disclosure of
16  documents or information that is not within TAI's possession, custody, or control.

17  TAI further objects that its counsel is not in a position to respond to this Request on
18  behalf of MTPD, an entity that its counsel does not represent.

19  TAI also objects to Request No. 49 to the extent that it seeks information beyond the
20  putative class period.

21  **REQUEST NO. 50:**

22  All documents relating to discussions regarding Panasonic's acquisition of Toshiba's
23  stake in MTPD in or around April 2007.

24  **RESPONSE:**

25  In addition to its General Objections listed above, TAI objects to Request No. 50
26  because it is vague, overly broad, unduly burdensome, and seeks information that is neither
27  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    TAI also objects to Request No. 50 to the extent it seeks "all documents" on the

2    grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

3    to the discovery of admissible evidence.

4    TAI further objects to Request No. 50 on the ground that it is cumulative or

5    duplicative of discovery served in this litigation, which is in contravention of the Discovery

6    Protocol, including Requests Nos. 9 and 10 of DAPs' First Set of Requests for Admissions

7    and Interrogatory No. 1 of DAPs' First Set of Interrogatories.

8    **REQUEST NO. 51:**

9    All documents relating to your due diligence regarding Panasonic's acquisition of

10   Toshiba's stake in MTPD in or around April 2007.

11   **RESPONSE:**

12   In addition to its General Objections listed above, TAI objects to Request No. 51

13   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

14   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15   TAI also objects to Request No. 51 to the extent it seeks "all documents" on the

16   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

17   to the discovery of admissible evidence.

18   TAI further objects to Request No. 51 on the ground that it is cumulative or

19   duplicative of discovery served in this litigation, which is in contravention of the Discovery

20   Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

21   No. 24 of DPPs' Second Set of Requests for Production of Documents.

22   **REQUEST NO. 52:**

23   All documents including, without limitations, financial statements, reflecting

24   contributions of assets and liabilities that MTPD received from you between 2003 and

25   2009.

26

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Request No. 52 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 52 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Request No. 52 to the extent that it seeks information beyond the putative class period.

TAI further objects to Request No. 52 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

**REQUEST NO. 53:**

All MTPD's documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that MTPD received from you between 2003 and 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Request No. 53 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 53 to the extent it seeks "all MTPD's documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Request No. 53 to the extent that it seeks the disclosure of documents or information that is not within TAI's possession, custody, or control.

TAI further objects to Request No. 53 to the extent that it seeks information beyond the putative class period.

CONFIDENTIAL

TAI further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

TAI further objects to Request No. 53 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

**REQUEST NO. 54:**

All documents relating to payments of dividends or other profits paid by MTPD to you between 2003 and 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Request No. 54 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 54 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the term "other profits" because it is vague, overly broad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Request No. 54 to the extent it seeks the disclosure of documents or information which is equally accessible to the Plaintiffs as to Toshiba Corp, or which has already been produced by other parties.

TAI further objects to Request No. 54 to the extent that it seeks information beyond the putative class period.

TAI further objects to Request No. 54 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Request for Production of Documents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**REQUEST NO. 55:**

All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009 which were submitted to you, including but not limited to those used for the monthly business unit meetings conducted at PAVC. See Tobinaga 30(b)(6) Tr. 22:25-28:12.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Request No. 55 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI objects to the terms "business plans, reports, and forecasts" because they are vague, overbroad, and unduly burdensome.

TAI also objects to Request No. 55 to the extent that it seeks information beyond the putative class period.  TAI will only respond to this Request within the putative class period.

TAI further objects to Request No. 55 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of Documents.

**REQUEST NO. 56:**

All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009 which were submitted to you, including but not limited to those used to create your business plans.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Request No. 56 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI objects to the terms "business plans, reports, and forecasts" because they are vague, overbroad, and unduly burdensome.

CONFIDENTIAL

TAI also objects to Request No. 56 to the extent that it seeks information beyond the putative class period.  TAI will only respond to this Request within the putative class period.

TAI further objects to Request No. 56 to the extent that it assumes that TAI used "business plans, reports, and forecasts prepared by MTPD" to create its business plans without providing the basis for such an assumption.

TAI further objects to Request No. 56 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of Documents.

**REQUEST NO. 57:**

All documents relating to the rules and policies of any board or committee governing MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Request No. 57 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 57 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI objects to the terms "rules and policies" because they are vague, overbroad, and unduly burdensome.

TAI also objects to Request No. 57 to the extent that it seeks the disclosure of documents or information that is not within TAI's possession, custody, or control.

TAI further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

TAI also objects to Request No. 57 to the extent that it seeks information beyond the putative class period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   TAI further objects to Request No. 57 on the ground that it is cumulative or
2   duplicative of discovery served in this litigation, which is in contravention of the Discovery
3   Protocol, including Interrogatory No. 15 of DAPs' First Set of Interrogatories.

4   **REQUEST NO. 58:**

5   All documents relating to your assistance or participation in the procurement of any
6   loans or other capital from third parties during the Relevant Time Period including, without
7   limitations, any guarantees you made, for MTPD.

8   **RESPONSE:**

9   In addition to its General Objections listed above, TAI objects to Request No. 58
10  because it is vague, overly broad, unduly burdensome, and seeks information that is neither
11  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12  TAI also objects to Request No. 58 to the extent it seeks "all documents" on the
13  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead
14  to the discovery of admissible evidence.

15  TAI objects to the term "guarantees" because it is vague, overbroad, and unduly
16  burdensome.

17  TAI further objects to Request No. 58 to the extent that it seeks the disclosure of
18  documents or information that is not within TAI's possession, custody, or control.

19  TAI further objects to Request No. 58 to the extent that it seeks information beyond
20  the putative class period.

21  TAI further objects to Request No. 58 on the ground that it is cumulative or
22  duplicative of discovery served in this litigation, which is in contravention of the Discovery
23  Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request
24  No. 24 of DPPs' Second Set of Requests for Production of Documents.

25  **REQUEST NO. 59:**

26  All documents relating to the pricing or prices of CRTs you purchased from MTPD
27  during the Relevant Time Period including, without limitations, any pricing negotiations,

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  price lists, and any agreements by you to pay in advance for the delivery of CRTs you

2  bought.

3  **RESPONSE:**

4  In addition to its General Objections listed above, TAI objects to Request No. 59

5  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

6  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7  TAI also objects to Request No. 59 to the extent it seeks "all documents" on the

8  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

9  to the discovery of admissible evidence.

10  TAI objects to the term "CRTs" because it is vague, overbroad, and unduly

11  burdensome.

12  TAI also objects to Request No. 59 to the extent that it seeks the disclosure of

13  documents or information that is not within TAI's possession, custody, or control.

14  TAI also objects to Request No. 59 to the extent that it seeks information beyond the

15  putative class period.   TAI will only respond to this Request within the putative class

16  period.

17  TAI also objects to Request No. 59 to the extent it seeks information regarding

18  purchases outside the United States and unrelated to United States commerce, as such

19  purchases are beyond the scope of this litigation and requesting such information renders

20  Request No. 59 overly broad, unduly burdensome, and not reasonably calculated to lead to

21  the discovery of admissible evidence.

22  TAI further objects to Request No. 59 on the ground that it is cumulative or

23  duplicative of discovery served in this litigation, which is in contravention of the Discovery

24  Protocol, including Interrogatories Nos. 11 and 12 of IPPs and DPPs' Interrogatories on

25  Toshiba Defendants and Request No. 14 of the IPPs' Second Request for Production of

26  Documents.

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  **REQUEST NO. 60:**

2  All documents relating to insurance policies covering MTPD and/or their respective

3  employee(s) including, without limitations, documents relating to the payment of those

4  insurance premiums.

5  **RESPONSE:**

6  In addition to its General Objections listed above, TAI objects to Request No. 60

7  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

8  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9  TAI also objects to Request No. 60 to the extent it seeks "all documents" on the

10  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

11  to the discovery of admissible evidence.

12  TAI further objects to Request No. 60 to the extent that it seeks the disclosure of

13  documents or information that is not within TAI's possession, custody, or control.

14  TAI further objects that its counsel is not in a position to respond to this Request on

15  behalf of MTPD, an entity that its counsel does not represent.

16  TAI further objects to Request No. 60 to the extent that it seeks information beyond

17  the putative class period.

18  **REQUEST NO. 61:**

19  All documents relating to or constituting any periodic reports provided by MTPD to

20  you.

21  **RESPONSE:**

22  In addition to its General Objections listed above, TAI objects to Request No. 61

23  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

24  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

25  TAI objects to the term "periodic reports" because it is vague, overbroad, and unduly

26  burdensome.

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    TAI also objects to Request No. 61 to the extent that it seeks information beyond the

2    putative class period.   TAI will only respond to this Request within the putative class

3    period.

4    TAI further objects to Request No. 61 on the ground that it is cumulative or

5    duplicative of discovery served in this litigation, which is in contravention of the Discovery

6    Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of

7    Documents.

8    **REQUEST NO. 62:**

9    All documents relating to or constituting statements to any Governmental Antitrust

10   Authority relating to CRTs by any Employees of the following entities:

11       i. You; and/or

12       ii. MTPD.

13   **RESPONSE:**

14   In addition to its General Objections listed above, TAI objects to Request No. 62

15   because it is vague, overly broad, unduly burdensome, and seeks information that is not

16   reasonably calculated to lead to the discovery of admissible evidence.

17   TAI also objects to Request No. 62 to the extent that it seeks the disclosure of

18   information that is not within TAI's possession, custody, or control.

19   TAI further objects that its counsel is not in a position to respond to this Request on

20   behalf of MTPD, an entity that its counsel does not represent.

21   TAI objects to the term "Governmental Antitrust Authority" because it is vague,

22   overbroad, and unduly burdensome

23   TAI also objects to Request No. 62 to the extent that it seeks confidential information,

24   the disclosure of which is prohibited by a law, regulation, or order of a court or another

25   authority of a foreign jurisdiction in which the information is located.

26   TAI also objects to Request No. 62 because it seeks to invade the confidentiality of

27   government investigations.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  **REQUEST NO. 63:**

2  All documents relating to or constituting statements to any Governmental Antitrust

3  Authority relating to CRTs by any employee of any Defendant.

4  **RESPONSE:**

5  In addition to its General Objections listed above, TAI objects to Request No. 63

6  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

7  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8  TAI also objects to Request No. 63 to the extent it seeks "all documents" on the

9  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

10  to the discovery of admissible evidence.

11  TAI also objects to Request No. 63 to the extent that it seeks the disclosure of

12  documents or information that is not within TAI's possession, custody, or control.

13  TAI further objects that its counsel is not in a position to respond to this Request on

14  behalf of other Defendants, whom its counsel does not represent.

15  TAI objects to the term "Governmental Antitrust Authority" because it is vague,

16  overbroad, and unduly burdensome.

17  TAI also objects to Request No. 63 to the extent that it seeks confidential information,

18  the disclosure of which is prohibited by a law, regulation, or order of a court or another

19  authority of a foreign jurisdiction in which the information is located.

20  TAI also objects to Request No. 63 because it seeks to invade the confidentiality of

21  government investigations.

22  **REQUEST NO. 64:**

23  All documents from 2000 to 2003 concerning your analyses of LP Displays

24  International, Ltd. (f/k/a LG.Philips Displays)'s business model and your information

25  exchange with LP Displays regarding the formation of MTPD.

26

27

28

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Request No. 64 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 64 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 64 to the extent that it seeks the disclosure of documents or information that is not within TAI's possession, custody, or control.

TAI objects to the terms "analyses" and "information exchange" because they are vague, overbroad, and unduly burdensome.

TAI further objects to Request No. 64 to the extent that it assumes that TAI exchanged information with LP Displays without providing the basis for such an assumption.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

1

2  Dated: September 5, 2014                    **WHITE & CASE** LLP

3

4                                      By: _____

5                                          Christopher M. Curran (*pro hac vice*)
                                           ccurran@whitecase.com
6                                          Lucius B. Lau (*pro hac vice*)
                                           alau@whitecase.com
7                                          Dana E. Foster (*pro hac vice*)
8                                          defoster@whitecase.com
                                           701 Thirteenth Street, N.W.
9                                          Washington, DC  20005
10                                         tel.: (202) 626-3600
                                           fax: (202) 639-9355
11

12                                         *Counsel to Defendant*
                                           *Toshiba America, Inc.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
18

CONFIDENTIAL

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CONFIDENTIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

| ALL DEFENSE COUNSEL | |

_____
                Dana E. Foster

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
2

# Exhibit 5-C

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's
2   April 3, 2014 Order re Discovery and Case Management Protocol (as modified by the Court
3   on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America
4   Information Systems, Inc. ("TAIS") hereby serves the following Objections and Responses
5   to Indirect Purchaser Plaintiffs' Fourth Set of Requests for Production of Documents from
6   Toshiba Defendants, dated August 1, 2014 (the "Requests").

7        Each of the following responses is made only for purposes of this action.  Each
8   response is subject to all objections as to relevance, materiality and admissibility and to any
9   and all objections on any ground that would require exclusion of any response if it were
10  introduced in court.  All evidentiary objections and grounds are expressly reserved.

11       TAIS's responses to the Requests are subject to the provisions of the Stipulated
12  Protective Order that the Court entered on June 18, 2008 (the "Protective Order").  TAIS's
13  responses are hereby designated "Confidential" in accordance with the provisions of the
14  Protective Order.

15                 **GENERAL OBJECTIONS**

16      1.     TAIS objects to the Requests, including the Definitions and Instructions
17  provided therein, to the extent they purport to impose obligations beyond those required or
18  permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil
19  Proceedings before the United States District Court for the Northern District of California,
20  or to the extent they are outside the scope of any order or opinion of this Court.

21      2.     TAIS objects to the Requests, including the Definitions and Instructions
22  provided therein, to the extent they seek to impose on it discovery obligations exceeding the
23  scope of the Discovery Protocol.

24      3.     TAIS objects to the Requests, including the Definitions and Instructions
25  provided therein, to the extent they call for the production of documents or information that
26  relate to matters not raised by the pleadings, to the extent they are not material and
27  necessary to the prosecution or defense of this action and to the extent they are not
28  reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

4.      TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague and/or ambiguous.

5.      TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.      TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, protection, immunity or rule (collectively, "Privileged Information").   TAIS will not disclose any Privileged Information in response to any Request.  TAIS does not intend by this response to waive any claim of privilege or immunity.  Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof.  Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

7.      TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws.  In providing any response, TAIS does so only to the extent allowable under applicable law.

8.      TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent that they seek confidential, proprietary or trade secret information.

9.      TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek documents or electronic information, the disclosure of which is prohibited by contractual obligations or agreements between TAIS and third parties.

CONFIDENTIAL

10.   TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are unduly burdensome and oppressive, or constitute an abuse of process in light of the costs imposed on TAIS weighed against Plaintiffs' need for the information.

11.   TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to TAIS.

12.   TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek the discovery of information regarding TAIS's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  TAIS also objects to the Requests to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.  TAIS will only produce responsive, non-privileged information and documents that relate to TAIS's sales, if any, of CRTs or CRT Products that are shipped to the United States or that relate to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

13.   TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14.   TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that are not within TAIS's possession, custody or control.

15.   TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAIS, or which have already been produced by other parties.

TOSHIBA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

3

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

16.     TAIS objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Requests, or seek duplicative copies of the same document.

17.     TAIS's responses to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by TAIS with Plaintiffs' characterization of any facts, circumstances, or legal obligations.  TAIS reserves the right to contest any such characterization.  TAIS further objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

18.     TAIS objects to the definition of "Document" because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.  TAIS further objections to the definition of "Document" to the extent it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent they are outside the scope of any order or opinion of this Court.

19.     TAIS objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TAIS, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAIS.  TAIS will interpret these terms to refer to TAIS only.  TAIS further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     TAIS objects to the definition of "CRT" because it is vague, ambiguous, and overly broad.

21.     TAIS objects to the definition of "Relevant Time Period" to the extent that it exceeds the "Class Period" defined in the IPPs' Complaint, because it is overly broad,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  unduly burdensome, not relevant to any party's claim or defense, and not reasonably

2  calculated to lead to the discovery of admissible evidence.   TAIS also objects to the

3  definition of "Relevant Time Period" because it is well beyond the relevant statute of

4  limitations.   TAIS further objects to the term "Relevant Time Period" to the extent that it

5  seeks documents created after this litigation began.  For the purposes of responding to these

6  Requests, TAIS will interpret the term "Relevant Time Period" as referring to the "Class

7  Period" defined in the IPPs' Complaint, which is March 1, 1995 to November 25, 2007.

8      22.    TAIS objects to Instruction No. 1 because it is overly broad and unduly

9  burdensome.

10      23.    TAIS objects to Instruction Nos. 2-12 and 14-15 to the extent that they

11  purport to impose obligations on TAIS beyond those required or permitted by the Federal

12  Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United

13  States District Court for the Northern District of California, or the Discovery Protocol,

14  including, without limiting the foregoing, the burden of producing any documents or things

15  that are not within TAIS's possession, custody, or control, in violation of Rule 34(a)(1) of

16  the Federal Rules of Civil Procedure.  TAIS also objects to Instruction No. 4 to the extent

17  that it calls for the production of documents protected by either the attorney-client privilege

18  or the attorney work-product doctrine.

19      24.    TAIS objects to Instruction No. 13 with respect to the preparation of a

20  privilege log because it is unduly burdensome and seeks more information than is required

21  by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

22  **OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS**

23  **REQUEST NO. 48:**

24      All documents reflecting discussions which led to the formation of MTPD.

25  **RESPONSE:**

26      In addition to its General Objections listed above, TAIS objects to Request No. 48

27  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

28  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAIS also objects to Request No. 48 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Request No. 48 because the term "formation" is vague.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to documents and information previously produced by TAIS in this litigation in response to Interrogatory No. 7 of DPPs' First Set of Interrogatories, Request No. 24 of IPPs' Second Set of Requests for Production of Documents, and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

**REQUEST NO. 49:**

All documents reflecting discussions regarding the decisions to shut down worldwide CRT manufacturing facilities between 2003 and the present, for MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Request No. 49 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 49 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 49 to the extent that it seeks the disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

TAIS also objects to Request No. 49 to the extent that it seeks information beyond the putative class period.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents sufficient to show decisions

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  to shut down worldwide CRT manufacturing facilities between 2003 and the present, for

2  MTPD, if any exist.

3  **REQUEST NO. 50:**

4      All documents relating to discussions regarding Panasonic's acquisition of Toshiba's

5  stake in MTPD in or around April 2007.

6  **RESPONSE:**

7      In addition to its General Objections listed above, TAIS objects to Request No. 50

8  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10      TAIS also objects to Request No. 50 to the extent it seeks "all documents" on the

11  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

12  to the discovery of admissible evidence.

13      TAIS further objects to Request No. 50 on the ground that it is cumulative or

14  duplicative of discovery served in this litigation, which is in contravention of the Discovery

15  Protocol, including Requests Nos. 9 and 10 of DAPs' First Set of Requests for Admissions

16  and Interrogatory No. 1 of DAPs' First Set of Interrogatories.

17      Subject to and without waiving the objections stated above, TAIS responds that, after

18  a reasonable search, it will produce non-privileged documents sufficient to show

19  Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007, if any exist.

20  **REQUEST NO. 51:**

21      All documents relating to your due diligence regarding Panasonic's acquisition of

22  Toshiba's stake in MTPD in or around April 2007.

23  **RESPONSE:**

24      In addition to its General Objections listed above, TAIS objects to Request No. 51

25  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

26  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

27

28

CONFIDENTIAL

TAIS also objects to Request No. 51 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Request No. 51 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

Subject to and without waiving the objections stated above, TAIS responds that it has no documents responsive to this request because TAIS did not conduct any such due diligence.

**REQUEST NO. 52:**

All documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that MTPD received from you between 2003 and 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Request No. 52 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 52 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Request No. 52 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Request No. 52 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Subject to and without waiving the objections stated above, TAIS responds that it has no documents responsive to this request because TAIS did not contribute any assets or liabilities to MTPD.

**REQUEST NO. 53:**

All MTPD's documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that MTPD received from you between 2003 and 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Request No. 53 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 53 to the extent it seeks "all MTPD's documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Request No. 53 to the extent that it seeks the disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS further objects to Request No. 53 to the extent that it seeks information beyond the putative class period.

TAIS further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

TAIS further objects to Request No. 53 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

Subject to and without waiving the objections stated above, TAIS responds that it has no documents responsive to this request because TAIS did not contribute any assets or liabilities to MTPD.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**REQUEST NO. 54:**

All documents relating to payments of dividends or other profits paid by MTPD to you between 2003 and 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Request No. 54 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 54 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the term "other profits" because it is vague, overly broad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Request No. 54 to the extent it seeks the disclosure of documents or information which is equally accessible to the Plaintiffs as to Toshiba Corp, or which has already been produced by other parties.

TAIS further objects to Request No. 54 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Request No. 54 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Request for Production of Documents.

Subject to and without waiving the objections stated above, TAIS responds that it has no documents responsive to this request because it did not receive dividends or profits from MTPD between 2003 and 2009.

**REQUEST NO. 55:**

All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009 which were submitted to you, including but not limited to those used for the monthly business unit meetings conducted at PAVC. See Tobinaga 30(b)(6) Tr. 22:25-28:12.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Request No. 55 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS objects to the terms "business plans, reports, and forecasts" because they are vague, overbroad, and unduly burdensome.

TAIS also objects to Request No. 55 to the extent that it seeks information beyond the putative class period. TAIS will only respond to this Request within the putative class period.

TAIS further objects to Request No. 55 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of Documents.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents sufficient to show business plans, reports, and forecasts prepared by MTPD that were submitted to TAIS during the putative class period, if any exist.

**REQUEST NO. 56:**

All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009 which were submitted to you, including but not limited to those used to create your business plans.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Request No. 56 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS objects to the terms "business plans, reports, and forecasts" because they are vague, overbroad, and unduly burdensome.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   TAIS also objects to Request No. 56 to the extent that it seeks information beyond the

2   putative class period.  TAIS will only respond to this Request within the putative class

3   period.

4   TAIS further objects to Request No. 56 to the extent that it assumes that TAIS used

5   "business plans, reports, and forecasts prepared by MTPD" to create its business plans

6   without providing the basis for such an assumption.

7   TAIS further objects to Request No. 56 on the ground that it is cumulative or

8   duplicative of discovery served in this litigation, which is in contravention of the Discovery

9   Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of

10  Documents.

11  Subject to and without waiving the objections stated above, TAIS responds that, after

12  a reasonable search, it will produce non-privileged documents sufficient to show business

13  plans, reports, and forecasts prepared by MTPD that were submitted to TAIS during the

14  putative class period, if any exist.

15

16  **REQUEST NO. 57:**

17  All documents relating to the rules and policies of any board or committee governing

18  MTPD from 2003 to 2009.

19  **RESPONSE:**

20  In addition to its General Objections listed above, TAIS objects to Request No. 57

21  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

22  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

23  TAIS also objects to Request No. 57 to the extent it seeks "all documents" on the

24  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

25  to the discovery of admissible evidence.

26  TAIS objects to the terms "rules and policies" because they are vague, overbroad, and

27  unduly burdensome.

28

TOSHIBA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT
PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TAIS also objects to Request No. 57 to the extent that it seeks the disclosure of

2   documents or information that is not within TAIS's possession, custody, or control.

3   TAIS further objects that its counsel is not in a position to respond to this Request on

4   behalf of MTPD, an entity that its counsel does not represent.

5   TAIS also objects to Request No. 57 to the extent that it seeks information beyond the

6   putative class period.

7   TAIS further objects to Request No. 57 on the ground that it is cumulative or

8   duplicative of discovery served in this litigation, which is in contravention of the Discovery

9   Protocol, including Interrogatory No. 15 of DAPs' First Set of Interrogatories.

10   Subject to and without waiving the objections stated above, TAIS responds that, after

11   a reasonable search, it will produce non-privileged documents sufficient to show the rules

12   and policies of any board or committee governing MTPD that TAIS received during the

13   putative class period, if any exist.

14   **REQUEST NO. 58:**

15   All documents relating to your assistance or participation in the procurement of any

16   loans or other capital from third parties during the Relevant Time Period including, without

17   limitations, any guarantees you made, for MTPD.

18   **RESPONSE:**

19   In addition to its General Objections listed above, TAIS objects to Request No. 58

20   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

21   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22   TAIS also objects to Request No. 58 to the extent it seeks "all documents" on the

23   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

24   to the discovery of admissible evidence.

25   TAIS objects to the term "guarantees" because it is vague, overbroad, and unduly

26   burdensome.

27   TAIS further objects to Request No. 58 to the extent that it seeks the disclosure of

28   documents or information that is not within TAIS's possession, custody, or control.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  TAIS further objects to Request No. 58 to the extent that it seeks information beyond

2  the putative class period.

3  TAIS further objects to Request No. 58 on the ground that it is cumulative or

4  duplicative of discovery served in this litigation, which is in contravention of the Discovery

5  Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

6  No. 24 of DPPs' Second Set of Requests for Production of Documents.

7  Subject to and without waiving the objections stated above, TAIS responds that, after

8  a reasonable search, it will produce non-privileged documents sufficient to show TAIS's

9  assistance or participation in the procurement of any loans or other capital from third

10  parties during the putative class period for MTPD, if any exist.

11  **REQUEST NO. 59:**

12  All documents relating to the pricing or prices of CRTs you purchased from MTPD

13  during the Relevant Time Period including, without limitations, any pricing negotiations,

14  price lists, and any agreements by you to pay in advance for the delivery of CRTs you

15  bought.

16  **RESPONSE:**

17  In addition to its General Objections listed above, TAIS objects to Request No. 59

18  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

19  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20  TAIS also objects to Request No. 59 to the extent it seeks "all documents" on the

21  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

22  to the discovery of admissible evidence.

23  TAIS objects to the term "CRTs" because it is vague, overbroad, and unduly

24  burdensome.

25  TAIS also objects to Request No. 59 to the extent that it seeks the disclosure of

26  documents or information that is not within TAIS's possession, custody, or control.

27

28

CONFIDENTIAL

1   TAIS also objects to Request No. 59 to the extent that it seeks information beyond the
2   putative class period.  TAIS will only respond to this Request within the putative class
3   period.

4   TAIS also objects to Request No. 59 to the extent it seeks information regarding
5   purchases outside the United States and unrelated to United States commerce, as such
6   purchases are beyond the scope of this litigation and requesting such information renders
7   Request No. 59 overly broad, unduly burdensome, and not reasonably calculated to lead to
8   the discovery of admissible evidence.

9   TAIS further objects to Request No. 59 on the ground that it is cumulative or
10  duplicative of discovery served in this litigation, which is in contravention of the Discovery
11  Protocol, including Interrogatories Nos. 11 and 12 of IPPs and DPPs' Interrogatories on
12  Toshiba Defendants and Request No. 14 of the IPPs' Second Request for Production of
13  Documents.

14  Subject to and without waiving the objections stated above, TAIS responds that it has
15  no documents responsive to this request because TAIS did not purchase CRTs during the
16  relevant period.

17  **REQUEST NO. 60:**

18  All documents relating to insurance policies covering MTPD and/or their respective
19  employee(s) including, without limitations, documents relating to the payment of those
20  insurance premiums.

21  **RESPONSE:**

22  In addition to its General Objections listed above, TAIS objects to Request No. 60
23  because it is vague, overly broad, unduly burdensome, and seeks information that is neither
24  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

25  TAIS also objects to Request No. 60 to the extent it seeks "all documents" on the
26  grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead
27  to the discovery of admissible evidence.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TAIS further objects to Request No. 60 to the extent that it seeks the disclosure of

2   documents or information that is not within TAIS's possession, custody, or control.

3   TAIS further objects that its counsel is not in a position to respond to this Request on

4   behalf of MTPD, an entity that its counsel does not represent.

5   TAIS further objects to Request No. 60 to the extent that it seeks information beyond

6   the putative class period.

7   Subject to and without waiving the objections stated above, TAIS responds that, after

8   a reasonable search, it will produce non-privileged documents sufficient to show insurance

9   policies covering MTPD, if any exist.

10  **REQUEST NO. 61:**

11  All documents relating to or constituting any periodic reports provided by MTPD to

12  you.

13  **RESPONSE:**

14  In addition to its General Objections listed above, TAIS objects to Request No. 61

15  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

16  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17  TAIS objects to the term "periodic reports" because it is vague, overbroad, and

18  unduly burdensome.

19  TAIS also objects to Request No. 61 to the extent that it seeks information beyond the

20  putative class period.  TAIS will only respond to this Request within the putative class

21  period.

22  TAIS further objects to Request No. 61 on the ground that it is cumulative or

23  duplicative of discovery served in this litigation, which is in contravention of the Discovery

24  Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of

25  Documents.

26  Subject to and without waiving the objections stated above, TAIS responds that, after

27  a reasonable search, it will produce non-privileged documents sufficient to show periodic

28  reports provided by MTPD to TAIS, if any exist.

CONFIDENTIAL

**REQUEST NO. 62:**

All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any Employees of the following entities:

    i. You; and/or

    ii. MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Request No. 62 because it is vague, overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 62 to the extent that it seeks the disclosure of information that is not within TAIS's possession, custody, or control.

TAIS further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

TAIS objects to the term "Governmental Antitrust Authority" because it is vague, overbroad, and unduly burdensome

TAIS also objects to Request No. 62 to the extent that it seeks confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS also objects to Request No. 62 because it seeks to invade the confidentiality of government investigations.

Subject to and without waiving the objections stated above, TAIS states that it is not aware of documents relating to or constituting statements from its employees to the United States Department of Justice related to CRTs.

**REQUEST NO. 63:**

All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any employee of any Defendant.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Request No. 63 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 63 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 63 to the extent that it seeks the disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS further objects that its counsel is not in a position to respond to this Request on behalf of other Defendants, whom its counsel does not represent.

TAIS objects to the term "Governmental Antitrust Authority" because it is vague, overbroad, and unduly burdensome.

TAIS also objects to Request No. 63 to the extent that it seeks confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS also objects to Request No. 63 because it seeks to invade the confidentiality of government investigations.

Subject to and without waiving the objections stated above, TAIS states that it is not aware of documents relating to or constituting statements from any Defendant to the United States Department of Justice related to CRTs.

**REQUEST NO. 64:**

All documents from 2000 to 2003 concerning your analyses of LP Displays International, Ltd. (f/k/a LG.Philips Displays)'s business model and your information exchange with LP Displays regarding the formation of MTPD.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Request No. 64 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 64 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 64 to the extent that it seeks the disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS objects to the terms "analyses" and "information exchange" because they are vague, overbroad, and unduly burdensome.

TAIS further objects to Request No. 64 to the extent that it assumes that TAIS exchanged information with LP Displays without providing the basis for such an assumption.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents sufficient to show its analysis of LP Displays International, Ltd.'s business model, if any exist.

**CONFIDENTIAL**

1

2   Dated: September 5, 2014                        **WHITE & CASE** LLP

3

4                                    By: _____

5                                        Christopher M. Curran (*pro hac vice*)
                                         ccurran@whitecase.com
6                                        Lucius B. Lau (*pro hac vice*)
                                         alau@whitecase.com
7                                        Dana E. Foster (*pro hac vice*)
8                                        defoster@whitecase.com
9                                        701 Thirteenth Street, N.W.
                                         Washington, DC  20005
10                                       tel.: (202) 626-3600
                                         fax: (202) 639-9355
11

12                                       *Counsel to Defendant*
                                         *Toshiba America Information Systems, Inc.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSHIBA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT
PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
20

1

## <u>CERTIFICATE OF SERVICE</u>

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS" to be served via e-mail upon:

| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| --- | --- |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

CONFIDENTIAL

| ALL DEFENSE COUNSEL | |
|---|---|

_____
                    Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT
PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
2

# Exhibit 5-D

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

*Left margin (vertical text):* White & Case LLP / 701 Thirteenth Street, NW / Washington, DC  20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

1       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's

2   April 3, 2014 Order re Discovery and Case Management Protocol (as modified by the Court

3   on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant America Consumer

4   Products, L.L.C. ("TACP") hereby serves the following Objections and Responses to

5   Indirect Purchaser Plaintiffs' Fourth Set of Requests for Production of Documents from

6   Toshiba Defendants, dated August 1, 2014 (the "Requests").

7       Each of the following responses is made only for purposes of this action.  Each

8   response is subject to all objections as to relevance, materiality and admissibility and to any

9   and all objections on any ground that would require exclusion of any response if it were

10  introduced in court.  All evidentiary objections and grounds are expressly reserved.

11      TACP's responses to the Requests are subject to the provisions of the Stipulated

12  Protective Order that the Court entered on June 18, 2008 (the "Protective Order").  TACP's

13  responses are hereby designated "Confidential" in accordance with the provisions of the

14  Protective Order.

15                                           **GENERAL OBJECTIONS**

16      1.    TACP objects to the Requests, including the Definitions and Instructions

17  provided therein, to the extent they purport to impose obligations beyond those required or

18  permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil

19  Proceedings before the United States District Court for the Northern District of California,

20  or to the extent they are outside the scope of any order or opinion of this Court.

21      2.    TACP objects to the Requests, including the Definitions and Instructions

22  provided therein, to the extent they seek to impose on it discovery obligations exceeding the

23  scope of the Discovery Protocol.

24      3.    TACP objects to the Requests, including the Definitions and Instructions

25  provided therein, to the extent they call for the production of documents or information that

26  relate to matters not raised by the pleadings, to the extent they are not material and

27  necessary to the prosecution or defense of this action and to the extent they are not

28  reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

4.      TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague and/or ambiguous.

5.      TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.      TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, protection, immunity or rule (collectively, "Privileged Information").  TACP will not disclose any Privileged Information in response to any Request.  TACP does not intend by this response to waive any claim of privilege or immunity.  Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof.  Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

7.      TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws.  In providing any response, TACP does so only to the extent allowable under applicable law.

8.      TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent that they seek confidential, proprietary or trade secret information.

9.      TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek documents or electronic information, the disclosure of which is prohibited by contractual obligations or agreements between TACP and third parties.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

10.     TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are unduly burdensome and oppressive, or constitute an abuse of process in light of the costs imposed on TACP weighed against Plaintiffs' need for the information.

11.     TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to TACP.

12.     TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek the discovery of information regarding TACP's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  TACP also objects to the Requests to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.  TACP will only produce responsive, non-privileged information and documents that relate to TACP's sales, if any, of CRTs or CRT Products that are shipped to the United States or that relate to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

13.     TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14.     TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that are not within TACP's possession, custody or control.

15.     TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TACP, or which have already been produced by other parties.

**CONFIDENTIAL**

16.     TACP objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Requests, or seek duplicative copies of the same document.

17.     TACP's responses to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by TACP with Plaintiffs' characterization of any facts, circumstances, or legal obligations.   TACP reserves the right to contest any such characterization.   TACP further objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

18.     TACP objects to the definition of "Document" because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.   TACP further objections to the definition of "Document" to the extent it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent they are outside the scope of any order or opinion of this Court.

19.     TACP objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TACP, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TACP.  TACP will interpret these terms to refer to TACP only.  TACP further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     TACP objects to the definition of "CRT" because it is vague, ambiguous, and overly broad.

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

21.     TACP objects to the definition of "Relevant Time Period" to the extent that it exceeds the "Class Period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant to any party's claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence.  TACP also objects to the definition of "Relevant Time Period" because it is well beyond the relevant statute of limitations.  TACP further objects to the term "Relevant Time Period" to the extent that it seeks documents created after this litigation began.  For the purposes of responding to these Requests, TACP will interpret the term "Relevant Time Period" as referring to the "Class Period" defined in the IPPs' Complaint, which is March 1, 1995 to November 25, 2007.

22.     TACP objects to Instruction No. 1 because it is overly broad and unduly burdensome.

23.     TACP objects to Instruction Nos. 2-12 and 14-15 to the extent that they purport to impose obligations on TACP beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, or the Discovery Protocol, including, without limiting the foregoing, the burden of producing any documents or things that are not within TACP's possession, custody, or control, in violation of Rule 34(a)(1) of the Federal Rules of Civil Procedure.  TACP also objects to Instruction No. 4 to the extent that it calls for the production of documents protected by either the attorney-client privilege or the attorney work-product doctrine.

24.     TACP objects to Instruction No. 13 with respect to the preparation of a privilege log because it is unduly burdensome and seeks more information than is required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS**

**REQUEST NO. 48:**

All documents reflecting discussions which led to the formation of MTPD.

**RESPONSE:**

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
5

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   In addition to its General Objections listed above, TACP objects to Request No. 48

2   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

3   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4   TACP also objects to Request No. 48 to the extent it seeks "all documents" on the

5   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

6   to the discovery of admissible evidence.

7   TACP further objects to Request No. 48 because the term "formation" is vague.

8   Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

9   documents and information previously produced by TACP in this litigation in response to

10   Interrogatory No. 7 of DPPs' First Set of Interrogatories, Request No. 24 of IPPs' Second

11   Set of Requests for Production of Documents, and Request No. 24 of DPPs' Second Set of

12   Requests for Production of Documents.

13   **REQUEST NO. 49:**

14   All documents reflecting discussions regarding the decisions to shut down worldwide

15   CRT manufacturing facilities between 2003 and the present, for MTPD.

16   **RESPONSE:**

17   In addition to its General Objections listed above, TACP objects to Request No. 49

18   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

19   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20   TACP also objects to Request No. 49 to the extent it seeks "all documents" on the

21   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

22   to the discovery of admissible evidence.

23   TACP also objects to Request No. 49 to the extent that it seeks the disclosure of

24   documents or information that is not within TACP's possession, custody, or control.

25   TACP further objects that its counsel is not in a position to respond to this Request on

26   behalf of MTPD, an entity that its counsel does not represent.

27   TACP also objects to Request No. 49 to the extent that it seeks information beyond

28   the putative class period.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Subject to and without waiving the objections stated above, TACP responds that, after
2    a reasonable search, it will produce non-privileged documents sufficient to show decisions
3    to shut down worldwide CRT manufacturing facilities between 2003 and the present, for
4    MTPD, if any exist.

5    **REQUEST NO. 50:**

6    All documents relating to discussions regarding Panasonic's acquisition of Toshiba's
7    stake in MTPD in or around April 2007.

8    **RESPONSE:**

9    In addition to its General Objections listed above, TACP objects to Request No. 50
10   because it is vague, overly broad, unduly burdensome, and seeks information that is neither
11   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12   TACP also objects to Request No. 50 to the extent it seeks "all documents" on the
13   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead
14   to the discovery of admissible evidence.

15   TACP further objects to Request No. 50 on the ground that it is cumulative or
16   duplicative of discovery served in this litigation, which is in contravention of the Discovery
17   Protocol, including Requests Nos. 9 and 10 of DAPs' First Set of Requests for Admissions
18   and Interrogatory No. 1 of DAPs' First Set of Interrogatories.

19   Subject to and without waiving the objections stated above, TACP responds that, after
20   a reasonable search, it will produce non-privileged documents sufficient to show
21   Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007, if any exist.

22   **REQUEST NO. 51:**

23   All documents relating to your due diligence regarding Panasonic's acquisition of
24   Toshiba's stake in MTPD in or around April 2007.

25   **RESPONSE:**

26   In addition to its General Objections listed above, TACP objects to Request No. 51
27   because it is vague, overly broad, unduly burdensome, and seeks information that is neither
28   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TACP also objects to Request No. 51 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Request No. 51 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents sufficient to show TACP's due diligence regarding Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007, if any exist.

**REQUEST NO. 52:**

All documents including, without limitations, financial statements, reflecting contributions of assets and liabilities that MTPD received from you between 2003 and 2009.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Request No. 52 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 52 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Request No. 52 to the extent that it seeks information beyond the putative class period.

TACP further objects to Request No. 52 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  Subject to and without waiving the objections stated above, TACP responds that, after
2  a reasonable search, it will produce non-privileged documents sufficient to show
3  contributions of assets and liabilities that MTPD received from TACP between 2003 and
4  2009, if any exist.

5  **REQUEST NO. 53:**

6  All MTPD's documents including, without limitations, financial statements,
7  reflecting contributions of assets and liabilities that MTPD received from you between 2003
8  and 2009.

9  **RESPONSE:**

10  In addition to its General Objections listed above, TACP objects to Request No. 53
11  because it is vague, overly broad, unduly burdensome, and seeks information that is neither
12  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13  TACP also objects to Request No. 53 to the extent it seeks "all MTPD's documents"
14  on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to
15  lead to the discovery of admissible evidence.

16  TACP further objects to Request No. 53 to the extent that it seeks the disclosure of
17  documents or information that is not within TACP's possession, custody, or control.

18  TACP further objects to Request No. 53 to the extent that it seeks information beyond
19  the putative class period.

20  TACP further objects that its counsel is not in a position to respond to this Request on
21  behalf of MTPD, an entity that its counsel does not represent.

22  TACP further objects to Request No. 53 on the ground that it is cumulative or
23  duplicative of discovery served in this litigation, which is in contravention of the Discovery
24  Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request
25  No. 24 of DPPs' Second Set of Requests for Production of Documents.

26  Subject to and without waiving the objections stated above, TACP responds that, after
27  a reasonable search, it will produce non-privileged documents sufficient to show

28

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

1   contributions of assets and liabilities that MTPD received from TACP between 2003 and

2   2009, if any exist.

3   **REQUEST NO. 54:**

4       All documents relating to payments of dividends or other profits paid by MTPD to

5   you between 2003 and 2009.

6   **RESPONSE:**

7       In addition to its General Objections listed above, TACP objects to Request No. 54

8   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10       TACP also objects to Request No. 54 to the extent it seeks "all documents" on the

11   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

12   to the discovery of admissible evidence.

13       TACP also objects to the term "other profits" because it is vague, overly broad and

14   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15       TACP further objects to Request No. 54 to the extent it seeks the disclosure of

16   documents or information which is equally accessible to the Plaintiffs as to Toshiba Corp,

17   or which has already been produced by other parties.

18       TACP further objects to Request No. 54 to the extent that it seeks information beyond

19   the putative class period.

20       TACP further objects to Request No. 54 on the ground that it is cumulative or

21   duplicative of discovery served in this litigation, which is in contravention of the Discovery

22   Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

23   No. 24 of DPPs' Second Request for Production of Documents.

24       Subject to and without waiving the objections stated above, TACP responds that, after

25   a reasonable search, it will produce non-privileged documents from the putative class

26   period sufficient to show payments of dividends or other profits paid by MTPD to TACP

27   between 2003 and 2009, if any exist.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**REQUEST NO. 55:**

All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009 which were submitted to you, including but not limited to those used for the monthly business unit meetings conducted at PAVC. See Tobinaga 30(b)(6) Tr. 22:25-28:12.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Request No. 55 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP objects to the terms "business plans, reports, and forecasts" because they are vague, overbroad, and unduly burdensome.

TACP also objects to Request No. 55 to the extent that it seeks information beyond the putative class period. TACP will only respond to this Request within the putative class period.

TACP further objects to Request No. 55 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of Documents.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents sufficient to show business plans, reports, and forecasts prepared by MTPD that were submitted to TACP during the putative class period, if any exist.

**REQUEST NO. 56:**

All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009 which were submitted to you, including but not limited to those used to create your business plans.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Request No. 56 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP objects to the terms "business plans, reports, and forecasts" because they are vague, overbroad, and unduly burdensome.

TACP also objects to Request No. 56 to the extent that it seeks information beyond the putative class period.  TACP will only respond to this Request within the putative class period.

TACP further objects to Request No. 56 to the extent that it assumes that TACP used "business plans, reports, and forecasts prepared by MTPD" to create its business plans without providing the basis for such an assumption.

TACP further objects to Request No. 56 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of Documents.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents sufficient to show business plans, reports, and forecasts prepared by MTPD that were submitted to TACP during the putative class period, if any exist.

**REQUEST NO. 57:**

All documents relating to the rules and policies of any board or committee governing MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Request No. 57 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

TACP also objects to Request No. 57 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP objects to the terms "rules and policies" because they are vague, overbroad, and unduly burdensome.

TACP also objects to Request No. 57 to the extent that it seeks the disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

TACP also objects to Request No. 57 to the extent that it seeks information beyond the putative class period.

TACP further objects to Request No. 57 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 15 of DAPs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents sufficient to show the rules and policies of any board or committee governing MTPD that TACP received during the putative class period, if any exist.

**REQUEST NO. 58:**

All documents relating to your assistance or participation in the procurement of any loans or other capital from third parties during the Relevant Time Period including, without limitations, any guarantees you made, for MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Request No. 58 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TACP also objects to Request No. 58 to the extent it seeks "all documents" on the

2   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

3   to the discovery of admissible evidence.

4       TACP objects to the term "guarantees" because it is vague, overbroad, and unduly

5   burdensome.

6       TACP further objects to Request No. 58 to the extent that it seeks the disclosure of

7   documents or information that is not within TACP's possession, custody, or control.

8       TACP further objects to Request No. 58 to the extent that it seeks information beyond

9   the putative class period.

10      TACP further objects to Request No. 58 on the ground that it is cumulative or

11  duplicative of discovery served in this litigation, which is in contravention of the Discovery

12  Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

13  No. 24 of DPPs' Second Set of Requests for Production of Documents.

14      Subject to and without waiving the objections stated above, TACP responds that, after

15  a reasonable search, it will produce non-privileged documents sufficient to show TACP's

16  assistance or participation in the procurement of any loans or other capital from third

17  parties during the putative class period for MTPD, if any exist.

18  **REQUEST NO. 59:**

19      All documents relating to the pricing or prices of CRTs you purchased from MTPD

20  during the Relevant Time Period including, without limitations, any pricing negotiations,

21  price lists, and any agreements by you to pay in advance for the delivery of CRTs you

22  bought.

23  **RESPONSE:**

24      In addition to its General Objections listed above, TACP objects to Request No. 59

25  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

26  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

27

28

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
14

**CONFIDENTIAL**

1    TACP also objects to Request No. 59 to the extent it seeks "all documents" on the

2    grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

3    to the discovery of admissible evidence.

4    TACP objects to the term "CRTs" because it is vague, overbroad, and unduly

5    burdensome.

6    TACP also objects to Request No. 59 to the extent that it seeks the disclosure of

7    documents or information that is not within TACP's possession, custody, or control.

8    TACP also objects to Request No. 59 to the extent that it seeks information beyond

9    the putative class period.  TACP will only respond to this Request within the putative class

10    period.

11    TACP also objects to Request No. 59 to the extent it seeks information regarding

12    purchases outside the United States and unrelated to United States commerce, as such

13    purchases are beyond the scope of this litigation and requesting such information renders

14    Request No. 59 overly broad, unduly burdensome, and not reasonably calculated to lead to

15    the discovery of admissible evidence.

16    Subject to and without waiving the objections stated above, TACP refers Plaintiffs to

17    its responses to Interrogatories Nos. 11 and 12 of IPPs and DPPs' Interrogatories on

18    Toshiba Defendants and Request No. 14 of the IPPs' Second Request for Production of

19    Documents.

20    **REQUEST NO. 60:**

21    All documents relating to insurance policies covering MTPD and/or their respective

22    employee(s) including, without limitations, documents relating to the payment of those

23    insurance premiums.

24    **RESPONSE:**

25    In addition to its General Objections listed above, TACP objects to Request No. 60

26    because it is vague, overly broad, unduly burdensome, and seeks information that is neither

27    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1    TACP also objects to Request No. 60 to the extent it seeks "all documents" on the

2    grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

3    to the discovery of admissible evidence.

4    TACP further objects to Request No. 60 to the extent that it seeks the disclosure of

5    documents or information that is not within TACP's possession, custody, or control.

6    TACP further objects that its counsel is not in a position to respond to this Request on

7    behalf of MTPD, an entity that its counsel does not represent.

8    TACP further objects to Request No. 60 to the extent that it seeks information beyond

9    the putative class period.

10    Subject to and without waiving the objections stated above, TACP responds that, after

11    a reasonable search, it will produce non-privileged documents sufficient to show insurance

12    policies covering MTPD, if any exist.

**REQUEST NO. 61:**

14    All documents relating to or constituting any periodic reports provided by MTPD to

15    you.

**RESPONSE:**

17    In addition to its General Objections listed above, TACP objects to Request No. 61

18    because it is vague, overly broad, unduly burdensome, and seeks information that is neither

19    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20    TACP objects to the term "periodic reports" because it is vague, overbroad, and

21    unduly burdensome.

22    TACP also objects to Request No. 61 to the extent that it seeks information beyond

23    the putative class period.  TACP will only respond to this Request within the putative class

24    period.

25    TACP further objects to Request No. 61 on the ground that it is cumulative or

26    duplicative of discovery served in this litigation, which is in contravention of the Discovery

27    Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of

28    Documents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents sufficient to show periodic reports provided by MTPD to TACP, if any exist.

**REQUEST NO. 62:**

All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any Employees of the following entities:

   i. You; and/or

   ii. MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Request No. 62 because it is vague, overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 62 to the extent that it seeks the disclosure of information that is not within TACP's possession, custody, or control.

TACP further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

TACP objects to the term "Governmental Antitrust Authority" because it is vague, overbroad, and unduly burdensome

TACP also objects to Request No. 62 to the extent that it seeks confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP also objects to Request No. 62 because it seeks to invade the confidentiality of government investigations.

Subject to and without waiving the objections stated above, TACP states that it is not aware of documents relating to or constituting statements from its employees to the United States Department of Justice related to CRTs.

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**REQUEST NO. 63:**

All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any employee of any Defendant.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Request No. 63 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 63 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 63 to the extent that it seeks the disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP further objects that its counsel is not in a position to respond to this Request on behalf of other Defendants, whom its counsel does not represent.

TACP objects to the term "Governmental Antitrust Authority" because it is vague, overbroad, and unduly burdensome.

TACP also objects to Request No. 63 to the extent that it seeks confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP also objects to Request No. 63 because it seeks to invade the confidentiality of government investigations.

Subject to and without waiving the objections stated above, TACP states that it is not aware of documents relating to or constituting statements from any Defendant to the United States Department of Justice related to CRTs.

**REQUEST NO. 64:**

All documents from 2000 to 2003 concerning your analyses of LP Displays International, Ltd. (f/k/a LG.Philips Displays)'s business model and your information exchange with LP Displays regarding the formation of MTPD.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Request No. 64 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 64 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 64 to the extent that it seeks the disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP objects to the terms "analyses" and "information exchange" because they are vague, overbroad, and unduly burdensome.

TACP further objects to Request No. 64 to the extent that it assumes that TACP exchanged information with LP Displays without providing the basis for such an assumption.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents sufficient to show its analysis of LP Displays International, Ltd.'s business model, if any exist.

CONFIDENTIAL

Dated: September 5, 2014

WHITE & CASE LLP

By: _____

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
20

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS" to be served via e-mail upon:

| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
|---|---|
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| ALL DEFENSE COUNSEL | |
|---|---|

_____

Dana E. Foster

# Exhibit 5-E

CONFIDENTIAL

1   Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
2   Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
3   Dana E. Foster (*pro hac vice*)
    defoster@whitecase.com
4
5   White & Case LLP
    701 Thirteenth Street, N.W.
6   Washington, DC  20005
    Telephone:  (202) 626-3600
7   Facsimile:  (202) 639-9355
8
9   *Counsel to Defendant*
    *Toshiba America Electronic Components, Inc.*
10

11              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
12               (SAN FRANCISCO DIVISION)
13

14   IN RE: CATHODE RAY TUBE (CRT)          Case No. 07-5944 SC
15   ANTITRUST LITIGATION                    MDL No. 1917
16

17
     This Document Relates to:              **TOSHIBA AMERICA**
18                                          **ELECTRONIC COMPONENTS,**
19                                          **INC.'S OBJECTIONS AND**
     ALL INDIRECT PURCHASER ACTIONS         **RESPONSES TO INDIRECT**
20                                          **PURCHASER PLAINTIFFS'**
21                                          **FOURTH SET OF REQUESTS**
                                            **FOR PRODUCTION OF**
22                                          **DOCUMENTS**
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1
2
3
4
5
6

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's April 3, 2014 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") hereby serves the following Objections and Responses to Indirect Purchaser Plaintiffs' Fourth Set of Requests for Production of Documents from Toshiba Defendants, dated August 1, 2014 (the "Requests").

7
8
9
10

Each of the following responses is made only for purposes of this action.  Each response is subject to all objections as to relevance, materiality and admissibility and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.  All evidentiary objections and grounds are expressly reserved.

11
12
13
14

TAEC's responses to the Requests are subject to the provisions of the Stipulated Protective Order that the Court entered on June 18, 2008 (the "Protective Order").  TAEC's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

15

## GENERAL OBJECTIONS

16
17
18
19
20

1.      TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, or to the extent they are outside the scope of any order or opinion of this Court.

21
22
23

2.      TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek to impose on it discovery obligations exceeding the scope of the Discovery Protocol.

24
25
26
27
28

3.      TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution or defense of this action and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

4.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague and/or ambiguous.

5.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, work-product doctrine or any other applicable privilege, protection, immunity or rule (collectively, "Privileged Information"). TAEC will not disclose any Privileged Information in response to any Request. TAEC does not intend by this response to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

7.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any response, TAEC does so only to the extent allowable under applicable law.

8.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent that they seek confidential, proprietary or trade secret information.

9.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek documents or electronic information, the disclosure of which is prohibited by contractual obligations or agreements between TAEC and third parties.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
2

CONFIDENTIAL

10.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are unduly burdensome and oppressive, or constitute an abuse of process in light of the costs imposed on TAEC weighed against Plaintiffs' need for the information.

11.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to TAEC.

12.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek the discovery of information regarding TAEC's sales outside of the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  TAEC also objects to the Requests to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.    TAEC will only produce responsive, non-privileged information and documents that relate to TAEC's sales, if any, of CRTs or CRT Products that are shipped to the United States or that relate to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

13.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that are not within TAEC's possession, custody or control.

15.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAEC, or which have already been produced by other parties.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

16.     TAEC objects to the Requests, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Requests, or seek duplicative copies of the same document.

17.     TAEC's responses to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by TAEC with Plaintiffs' characterization of any facts, circumstances, or legal obligations.   TAEC reserves the right to contest any such characterization.   TAEC further objects to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

18.     TAEC objects to the definition of "Document" because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.   TAEC further objections to the definition of "Document" to the extent it purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent they are outside the scope of any order or opinion of this Court.

19.     TAEC objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TAEC, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAEC.   TAEC will interpret these terms to refer to TAEC only.   TAEC further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     TAEC objects to the definition of "CRT" because it is vague, ambiguous, and overly broad.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

21.     TAEC objects to the definition of "Relevant Time Period" to the extent that it exceeds the "Class Period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant to any party's claim or defense, and not reasonably calculated to lead to the discovery of admissible evidence.  TAEC also objects to the definition of "Relevant Time Period" because it is well beyond the relevant statute of limitations.  TAEC further objects to the term "Relevant Time Period" to the extent that it seeks documents created after this litigation began.  For the purposes of responding to these Requests, TAEC will interpret the term "Relevant Time Period" as referring to the "Class Period" defined in the IPPs' Complaint, which is March 1, 1995 to November 25, 2007.

22.     TAEC objects to Instruction No. 1 because it is overly broad and unduly burdensome.

23.     TAEC objects to Instruction Nos. 2-12 and 14-15 to the extent that they purport to impose obligations on TAEC beyond those required or permitted by the Federal Rules of Civil Procedure, the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California, or the Discovery Protocol, including, without limiting the foregoing, the burden of producing any documents or things that are not within TAEC's possession, custody, or control, in violation of Rule 34(a)(1) of the Federal Rules of Civil Procedure.  TAEC also objects to Instruction No. 4 to the extent that it calls for the production of documents protected by either the attorney-client privilege or the attorney work-product doctrine.

24.     TAEC objects to Instruction No. 13 with respect to the preparation of a privilege log because it is unduly burdensome and seeks more information than is required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS**

**REQUEST NO. 48:**

All documents reflecting discussions which led to the formation of MTPD.

**RESPONSE:**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    In addition to its General Objections listed above, TAEC objects to Request No. 48

2   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

3   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4    TAEC also objects to Request No. 48 to the extent it seeks "all documents" on the

5   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

6   to the discovery of admissible evidence.

7    TAEC further objects to Request No. 48 because the term "formation" is vague.

8    Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to

9   documents and information previously produced by TAEC in this litigation in response to

10   Interrogatory No. 7 of DPPs' First Set of Interrogatories, Request No. 24 of IPPs' Second

11   Set of Requests for Production of Documents, and Request No. 24 of DPPs' Second Set of

12   Requests for Production of Documents.

13   **REQUEST NO. 49:**

14    All documents reflecting discussions regarding the decisions to shut down worldwide

15   CRT manufacturing facilities between 2003 and the present, for MTPD.

16   **RESPONSE:**

17    In addition to its General Objections listed above, TAEC objects to Request No. 49

18   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

19   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

20    TAEC also objects to Request No. 49 to the extent it seeks "all documents" on the

21   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

22   to the discovery of admissible evidence.

23    TAEC also objects to Request No. 49 to the extent that it seeks the disclosure of

24   documents or information that is not within TAEC's possession, custody, or control.

25    TAEC further objects that its counsel is not in a position to respond to this Request on

26   behalf of MTPD, an entity that its counsel does not represent.

27    TAEC also objects to Request No. 49 to the extent that it seeks information beyond

28   the putative class period.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Subject to and without waiving the objections stated above, TAEC responds that,

2   after a reasonable search, it will produce non-privileged documents sufficient to show

3   decisions to shut down worldwide CRT manufacturing facilities between 2003 and the

4   present, for MTPD, if any exist.

5   **REQUEST NO. 50:**

6    All documents relating to discussions regarding Panasonic's acquisition of Toshiba's

7   stake in MTPD in or around April 2007.

8   **RESPONSE:**

9    In addition to its General Objections listed above, TAEC objects to Request No. 50

10   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

11   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12    TAEC also objects to Request No. 50 to the extent it seeks "all documents" on the

13   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

14   to the discovery of admissible evidence.

15    TAEC further objects to Request No. 50 on the ground that it is cumulative or

16   duplicative of discovery served in this litigation, which is in contravention of the Discovery

17   Protocol, including Requests Nos. 9 and 10 of DAPs' First Set of Requests for Admissions

18   and Interrogatory No. 1 of DAPs' First Set of Interrogatories.

19    Subject to and without waiving the objections stated above, TAEC responds that,

20   after a reasonable search, it will produce non-privileged documents sufficient to show

21   Panasonic's acquisition of Toshiba's stake in MTPD in or around April 2007, if any exist.

22   **REQUEST NO. 51:**

23    All documents relating to your due diligence regarding Panasonic's acquisition of

24   Toshiba's stake in MTPD in or around April 2007.

25   **RESPONSE:**

26    In addition to its General Objections listed above, TAEC objects to Request No. 51

27   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

28   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TAEC also objects to Request No. 51 to the extent it seeks "all documents" on the

2   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

3   to the discovery of admissible evidence.

4   TAEC further objects to Request No. 51 on the ground that it is cumulative or

5   duplicative of discovery served in this litigation, which is in contravention of the Discovery

6   Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

7   No. 24 of DPPs' Second Set of Requests for Production of Documents.

8   TAEC also objects to Request No. 51 to the extent that it seeks the disclosure of

9   documents or information that is not within TAEC's possession, custody, or control.

10   Subject to and without waiving the objections stated above, TAEC responds that,

11   after a reasonable search, it will produce non-privileged documents sufficient to show

12   TAEC's due diligence regarding Panasonic's acquisition of Toshiba's stake in MTPD in or

13   around April 2007, if any exist.

14   **REQUEST NO. 52:**

15   All documents including, without limitations, financial statements, reflecting

16   contributions of assets and liabilities that MTPD received from you between 2003 and

17   2009.

18   **RESPONSE:**

19   In addition to its General Objections listed above, TAEC objects to Request No. 52

20   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

21   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

22   TAEC also objects to Request No. 52 to the extent it seeks "all documents" on the

23   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

24   to the discovery of admissible evidence.

25   TAEC further objects to Request No. 52 to the extent that it seeks information beyond

26   the putative class period.

27   TAEC further objects to Request No. 52 on the ground that it is cumulative or

28   duplicative of discovery served in this litigation, which is in contravention of the Discovery

CONFIDENTIAL

1  Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

2  No. 24 of DPPs' Second Set of Requests for Production of Documents.

3      Subject to and without waiving the objections stated above, TAEC responds that,

4  after a reasonable search, it will produce non-privileged documents sufficient to show

5  contributions of assets and liabilities that MTPD received from TAEC between 2003 and

6  2009, if any exist.

7  **REQUEST NO. 53:**

8      All MTPD's documents including, without limitations, financial statements,

9  reflecting contributions of assets and liabilities that MTPD received from you between 2003

10  and 2009.

11  **RESPONSE:**

12      In addition to its General Objections listed above, TAEC objects to Request No. 53

13  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

14  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15      TAEC also objects to Request No. 53 to the extent it seeks "all MTPD's documents"

16  on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to

17  lead to the discovery of admissible evidence.

18      TAEC further objects to Request No. 53 to the extent that it seeks the disclosure of

19  documents or information that is not within TAEC's possession, custody, or control.

20      TAEC further objects to Request No. 53 to the extent that it seeks information beyond

21  the putative class period.

22      TAEC further objects that its counsel is not in a position to respond to this Request on

23  behalf of MTPD, an entity that its counsel does not represent.

24      TAEC further objects to Request No. 53 on the ground that it is cumulative or

25  duplicative of discovery served in this litigation, which is in contravention of the Discovery

26  Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request

27  No. 24 of DPPs' Second Set of Requests for Production of Documents.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Subject to and without waiving the objections stated above, TAEC responds that, after a reasonable search, it will produce non-privileged documents sufficient to show contributions of assets and liabilities that MTPD received from TAEC between 2003 and 2009, if any exist.

**REQUEST NO. 54:**

All documents relating to payments of dividends or other profits paid by MTPD to you between 2003 and 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Request No. 54 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 54 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the term "other profits" because it is vague, overly broad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Request No. 54 to the extent it seeks the disclosure of documents or information which is equally accessible to the Plaintiffs as to Toshiba Corp, or which has already been produced by other parties.

TAEC further objects to Request No. 54 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Request No. 54 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Request for Production of Documents.

Subject to and without waiving the objections stated above, TAEC responds that, after a reasonable search, it will produce non-privileged documents from the putative class

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    period sufficient to show payments of dividends or other profits paid by MTPD to TAEC
2    between 2003 and 2009, if any exist.

3    **REQUEST NO. 55:**

4         All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009
5    which were submitted to you, including but not limited to those used for the monthly
6    business unit meetings conducted at PAVC. See Tobinaga 30(b)(6) Tr. 22:25-28:12.

7    **RESPONSE:**

8         In addition to its General Objections listed above, TAEC objects to Request No. 55
9    because it is vague, overly broad, unduly burdensome, and seeks information that is neither
10   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11        TAEC objects to the terms "business plans, reports, and forecasts" because they are
12   vague, overbroad, and unduly burdensome.

13        TAEC also objects to Request No. 55 to the extent that it seeks information beyond
14   the putative class period.  TAEC will only respond to this Request within the putative class
15   period.

16        TAEC further objects to Request No. 55 on the ground that it is cumulative or
17   duplicative of discovery served in this litigation, which is in contravention of the Discovery
18   Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of
19   Documents.

20        Subject to and without waiving the objections stated above, TAEC responds that,
21   after a reasonable search, it will produce non-privileged documents sufficient to show
22   business plans, reports, and forecasts prepared by MTPD that were submitted to TAEC
23   during the putative class period, if any exist.

24   **REQUEST NO. 56:**

25        All business plans, reports, and forecasts prepared by MTPD from 2003 to 2009
26   which were submitted to you, including but not limited to those used to create your business
27   plans.

28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Request No. 56 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC objects to the terms "business plans, reports, and forecasts" because they are vague, overbroad, and unduly burdensome.

TAEC also objects to Request No. 56 to the extent that it seeks information beyond the putative class period. TAEC will only respond to this Request within the putative class period.

TAEC further objects to Request No. 56 to the extent that it assumes that TAEC used "business plans, reports, and forecasts prepared by MTPD" to create its business plans without providing the basis for such an assumption.

TAEC further objects to Request No. 56 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of Documents.

Subject to and without waiving the objections stated above, TAEC responds that, after a reasonable search, it will produce non-privileged documents sufficient to show business plans, reports, and forecasts prepared by MTPD that were submitted to TAEC during the putative class period, if any exist.

**REQUEST NO. 57:**

All documents relating to the rules and policies of any board or committee governing MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Request No. 57 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TAEC also objects to Request No. 57 to the extent it seeks "all documents" on the
2   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead
3   to the discovery of admissible evidence.

4   TAEC objects to the terms "rules and policies" because they are vague, overbroad,
5   and unduly burdensome.

6   TAEC also objects to Request No. 57 to the extent that it seeks the disclosure of
7   documents or information that is not within TAEC's possession, custody, or control.

8   TAEC further objects that its counsel is not in a position to respond to this Request on
9   behalf of MTPD, an entity that its counsel does not represent.

10  TAEC also objects to Request No. 57 to the extent that it seeks information beyond
11  the putative class period.

12  TAEC further objects to Request No. 57 on the ground that it is cumulative or
13  duplicative of discovery served in this litigation, which is in contravention of the Discovery
14  Protocol, including Interrogatory No. 15 of DAPs' First Set of Interrogatories.

15  Subject to and without waiving the objections stated above, TAEC responds that,
16  after a reasonable search, it will produce non-privileged documents sufficient to show the
17  rules and policies of any board or committee governing MTPD that TAEC received during
18  the putative class period, if any exist.

19  **REQUEST NO. 58:**

20  All documents relating to your assistance or participation in the procurement of any
21  loans or other capital from third parties during the Relevant Time Period including, without
22  limitations, any guarantees you made, for MTPD.

23  **RESPONSE:**

24  In addition to its General Objections listed above, TAEC objects to Request No. 58
25  because it is vague, overly broad, unduly burdensome, and seeks information that is neither
26  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

27

28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

1
2
3

TAEC also objects to Request No. 58 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4
5

TAEC objects to the term "guarantees" because it is vague, overbroad, and unduly burdensome.

6
7

TAEC further objects to Request No. 58 to the extent that it seeks the disclosure of documents or information that is not within TAEC's possession, custody, or control.

8
9

TAEC further objects to Request No. 58 to the extent that it seeks information beyond the putative class period.

10
11
12
13

TAEC further objects to Request No. 58 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 1 of DAPs' First Set of Interrogatories and Request No. 24 of DPPs' Second Set of Requests for Production of Documents.

14
15
16
17

Subject to and without waiving the objections stated above, TAEC responds that, after a reasonable search, it will produce non-privileged documents sufficient to show TAEC's assistance or participation in the procurement of any loans or other capital from third parties during the putative class period for MTPD, if any exist.

18

**REQUEST NO. 59:**

19
20
21
22

All documents relating to the pricing or prices of CRTs you purchased from MTPD during the Relevant Time Period including, without limitations, any pricing negotiations, price lists, and any agreements by you to pay in advance for the delivery of CRTs you bought.

23

**RESPONSE:**

24
25
26

In addition to its General Objections listed above, TAEC objects to Request No. 59 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

TAEC also objects to Request No. 59 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC objects to the term "CRTs" because it is vague, overbroad, and unduly burdensome.

TAEC also objects to Request No. 59 to the extent that it seeks the disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC also objects to Request No. 59 to the extent that it seeks information beyond the putative class period. TAEC will only respond to this Request within the putative class period.

TAEC also objects to Request No. 59 to the extent it seeks information regarding purchases outside the United States and unrelated to United States commerce, as such purchases are beyond the scope of this litigation and requesting such information renders Request No. 59 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Request No. 59 on the ground that it is cumulative or duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatories Nos. 11 and 12 of IPPs and DPPs' Interrogatories on Toshiba Defendants and Request No. 14 of the IPPs' Second Request for Production of Documents.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to TAEC's transactional data, already produced in this litigation.

**REQUEST NO. 60:**

All documents relating to insurance policies covering MTPD and/or their respective employee(s) including, without limitations, documents relating to the payment of those insurance premiums.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Request No. 60 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 60 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Request No. 60 to the extent that it seeks the disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

TAEC further objects to Request No. 60 to the extent that it seeks information beyond the putative class period.

Subject to and without waiving the objections stated above, TAEC responds that, after a reasonable search, it will produce non-privileged documents sufficient to show insurance policies covering MTPD, if any exist.

**REQUEST NO. 61:**

All documents relating to or constituting any periodic reports provided by MTPD to you.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Request No. 61 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC objects to the term "periodic reports" because it is vague, overbroad, and unduly burdensome.

TAEC also objects to Request No. 61 to the extent that it seeks information beyond the putative class period.  TAEC will only respond to this Request within the putative class period.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  TAEC further objects to Request No. 61 on the ground that it is cumulative or

2  duplicative of discovery served in this litigation, which is in contravention of the Discovery

3  Protocol, including Request No. 17 of DPPs' Second Set of Requests for Production of

4  Documents.

5  Subject to and without waiving the objections stated above, TAEC responds that,

6  after a reasonable search, it will produce non-privileged documents sufficient to show

7  periodic reports provided by MTPD to TAEC, if any exist.

8  **REQUEST NO. 62:**

9  All documents relating to or constituting statements to any Governmental Antitrust

10  Authority relating to CRTs by any Employees of the following entities:

11      i. You; and/or

12      ii. MTPD.

13  **RESPONSE:**

14  In addition to its General Objections listed above, TAEC objects to Request No. 62

15  because it is vague, overly broad, unduly burdensome, and seeks information that is not

16  reasonably calculated to lead to the discovery of admissible evidence.

17  TAEC also objects to Request No. 62 to the extent that it seeks the disclosure of

18  information that is not within TAEC's possession, custody, or control.

19  TAEC further objects that its counsel is not in a position to respond to this Request on

20  behalf of MTPD, an entity that its counsel does not represent.

21  TAEC objects to the term "Governmental Antitrust Authority" because it is vague,

22  overbroad, and unduly burdensome

23  TAEC also objects to Request No. 62 to the extent that it seeks confidential

24  information, the disclosure of which is prohibited by a law, regulation, or order of a court or

25  another authority of a foreign jurisdiction in which the information is located.

26  TAEC also objects to Request No. 62 because it seeks to invade the confidentiality of

27  government investigations.

28

CONFIDENTIAL

1    Subject to and without waiving the objections stated above, TAEC states that it is not

2    aware of documents relating to or constituting statements from its employees to the United

3    States Department of Justice related to CRTs.

4    **REQUEST NO. 63:**

5    All documents relating to or constituting statements to any Governmental Antitrust

6    Authority relating to CRTs by any employee of any Defendant.

7    **RESPONSE:**

8    In addition to its General Objections listed above, TAEC objects to Request No. 63

9    because it is vague, overly broad, unduly burdensome, and seeks information that is neither

10   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11   TAEC also objects to Request No. 63 to the extent it seeks "all documents" on the

12   grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead

13   to the discovery of admissible evidence.

14   TAEC also objects to Request No. 63 to the extent that it seeks the disclosure of

15   documents or information that is not within TAEC's possession, custody, or control.

16   TAEC further objects that its counsel is not in a position to respond to this Request on

17   behalf of other Defendants, whom its counsel does not represent.

18   TAEC objects to the term "Governmental Antitrust Authority" because it is vague,

19   overbroad, and unduly burdensome.

20   TAEC also objects to Request No. 63 to the extent that it seeks confidential

21   information, the disclosure of which is prohibited by a law, regulation, or order of a court

22   or another authority of a foreign jurisdiction in which the information is located.

23   TAEC also objects to Request No. 63 because it seeks to invade the confidentiality of

24   government investigations.

25   Subject to and without waiving the objections stated above, TAEC states that it is not

26   aware of documents relating to or constituting statements from any Defendant to the United

27   States Department of Justice related to CRTs.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**REQUEST NO. 64:**

All documents from 2000 to 2003 concerning your analyses of LP Displays International, Ltd. (f/k/a LG.Philips Displays)'s business model and your information exchange with LP Displays regarding the formation of MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Request No. 64 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 64 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 64 to the extent that it seeks the disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC objects to the terms "analyses" and "information exchange" because they are vague, overbroad, and unduly burdensome.

TAEC further objects to Request No. 64 to the extent that it assumes that TAEC exchanged information with LP Displays without providing the basis for such an assumption.

Subject to and without waiving the objections stated above, TAEC responds that, after a reasonable search, it will produce non-privileged documents sufficient to show its analysis of LP Displays International, Ltd.'s business model, if any exist.

**CONFIDENTIAL**

Dated: September 5, 2014

**WHITE & CASE** LLP

By: _____

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
20

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |
|---|---|

_____
Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917