# Exhibit 6
# A-E

# Exhibit 6-A

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's

2   April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court

3   on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba Corporation

4   ("Toshiba Corp.") hereby submits the following Objections and Responses to Indirect

5   Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014

6   (the "Interrogatories").

7        Each of the following responses is made only for purposes of the actions named in the

8   above caption.  Each response is subject to all objections as to relevance, materiality and

9   admissibility, and to any and all objections on any ground that would require exclusion of any

10  response if it were introduced in court.  All evidentiary objections and grounds are expressly

11  reserved.

12       Each of the following responses is made on the basis of the information available at

13  the time of service of the responses.  Toshiba Corp.'s responses to these Interrogatories are

14  subject to the provisions of the Stipulated Protective Order that the Court issued on June 18,

15  2008 (the "Protective Order").   Toshiba Corp.'s responses are hereby designated

16  "Confidential" in accordance with the provisions of the Protective Order.

17  **<u>GENERAL OBJECTIONS</u>**

18      1.    Toshiba Corp. objects to the Interrogatories, including the Definitions and

19  Instructions provided therein, to the extent they contravene the April 3, 2012 Order re

20  Discovery and Case Management Protocol, Docket number 1128 in the MDL.

21      2.    Toshiba Corp. objects to the Interrogatories, including the Definitions and

22  Instructions provided therein, to the extent they purport to impose obligations beyond those

23  required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice

24  in Civil Proceedings before the United States District Court for the Northern District of

25  California or to the extent it is outside the scope of any order or opinion of this Court.

26      3.    Toshiba Corp. objects to the Interrogatories, including the Definitions and

27  Instructions provided therein, to the extent they call for the production of documents or

28  information that relate to matters not raised by the pleadings, to the extent they are not

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  material and necessary to the prosecution or defense of this action, and to the extent they are

2  not reasonably calculated to lead to the discovery of admissible evidence.

3      4.    Toshiba Corp. objects to the Interrogatories, including the Definitions and

4  Instructions provided therein, to the extent that they are overly broad, unduly burdensome,

5  vague, or ambiguous.  Toshiba Corp. further objects to the Interrogatories, including the

6  Definitions and Instructions provided therein, to the extent they purport to seek discovery of

7  information from disaster recovery systems and archives.

8      5.    Toshiba Corp. objects to the Interrogatories, including the Definitions and

9  Instructions provided therein, to the extent they state and/or call for legal conclusions and/or

10  admissions.

11      6.    Toshiba Corp. objects to the Interrogatories, including the Definitions and

12  Instructions provided therein, to the extent they call for publicly available information.

13      7.    Toshiba Corp. objects to the Interrogatories, including the Definitions and

14  Instructions provided therein, to the extent they seek information or documents protected by

15  the attorney-client privilege, attorney work-product doctrine or any other applicable privilege,

16  protection, immunity, or rule (collectively, "Privileged Information").  Toshiba Corp. will not

17  disclose any Privileged Information in response to any Interrogatory.  Toshiba Corp. does not

18  intend by these Objections and Responses to waive any claim of privilege or immunity.  Any

19  inadvertent production of such material or information is not intended to, and shall not,

20  constitute a general or specific waiver in whole or in part of those privileges or protections as

21  to material or information inadvertently produced or the subject matter thereof.  Nor is any

22  inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any

23  use of such document or information.

24      8.    Toshiba Corp. objects to the Interrogatories, including the Definitions and

25  Instructions provided therein, to the extent they seek information, the disclosure of which

26  would violate applicable law, including, but not limited to, privacy laws.  In providing any

27  response, Toshiba Corp. does so only to the extent allowable under applicable law.

28

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

9.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

10.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between Toshiba Corp. and third parties.

11.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on Toshiba Corp. weighed against the Plaintiffs' need for the information.

12.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to Toshiba Corp., or which has already been produced by other parties.

13.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

15.      Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

16.      Toshiba Corp. objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

17.     Toshiba Corp. objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.   Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

18.     Toshiba Corp.'s response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by Toshiba Corp. with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.   Toshiba Corp. reserves the right to contest any such characterization.   Toshiba Corp. further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19.     Toshiba Corp. objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by Toshiba Corp., and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by Toshiba Corp.   Toshiba Corp. will interpret these terms to refer to Toshiba Corp. only. Toshiba Corp. further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     Toshiba Corp. objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   Toshiba Corp. also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations.   Toshiba Corp. further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began.   For the purposes of responding to these Interrogatories, Toshiba Corp. will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

CONFIDENTIAL

21.     Toshiba Corp. objects to the defined terms "subsidiary," "affiliate," and "joint venture" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22.     Toshiba Corp. objects to the defined term "Employee" because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Toshiba Corp. further objects to the defined term "Employee" to the extent that it seeks information from distinct persons not parties to the case and not controlled by Toshiba Corp.

23.     Discovery is ongoing.  This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to Toshiba Corp. Further investigation and discovery may result in the identification of additional information or contentions, and Toshiba Corp. expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary.  Toshiba Corp.'s responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Toshiba Corp.'s use of any additional evidence that may be developed.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 1 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 2:**

Identify separately for each year from 2003 to 2009, each of MTPD's board and committees, including (a) its full name; (b) a brief description of its function; and (c) all members of that board or committee.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 2 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 3:**

Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers, including the name of each company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his or her title, business address, the division or unit of the company where such individual worked, and a description of his or her responsibilities for each position or title held.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 3 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 3 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 3 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1         Toshiba Corp. further objects to Interrogatory No. 3 on the ground that it is duplicative

2   of discovery served in this litigation, which is in contravention of the Discovery Protocol,

3   including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the

4   Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer

5   Products, L.L.C., Toshiba America Electronic Components, Inc., and Toshiba America

6   Information Systems, Inc.

7         Toshiba Corp. further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which

8   limits the number of interrogatories that may be served by one party on another party to 25

9   (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-

10  interrogatory limit of Rule 33(a)(1).

11  **INTERROGATORY NO. 4:**

12        Separately for each year from 2003 to 2009, identify those employees who transferred

13  (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory,

14  "transferred" means the change of official employment from you to MTPD or vice versa, the

15  change of work duties or job descriptions for the benefit of the other entity, or the relocation

16  to a facility occupied exclusively by the other entity.

17  **RESPONSE:**

18        In addition to its General Objections listed above, Toshiba Corp. objects to

19  Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks

20  information that is neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence.

22        Toshiba Corp. also objects to Interrogatory No. 4 to the extent that the term

23  "transferred" is vague.

24        Toshiba Corp. further objects to Interrogatory No. 4 to the extent that it seeks

25  information beyond the putative class period.

26        Toshiba Corp. further objects to Interrogatory No. 4 to the extent that it is harassing,

27  invasive, or seeks personal confidential information, the disclosure of which is prohibited by a

28

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   law, regulation, or order of a court or another authority of a foreign jurisdiction in which the

2   information is located.

3       Toshiba Corp. further objects to Interrogatory No. 4 to the extent it seeks information

4   that is not within Toshiba Corp.'s possession, custody, or control and because any such

5   information is equally accessible to the Plaintiffs as to Toshiba Corp.

6       Toshiba Corp. further objects to Interrogatory No. 4 to the extent that it calls for

7   information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

8       Toshiba Corp. further objects to Interrogatory No. 4 on the ground that it is duplicative

9   of discovery served in this litigation, which is in contravention of the Discovery Protocol,

10  including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba

11  Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba

12  America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

13      Toshiba Corp. further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which

14  limits the number of interrogatories that may be served by one party on another party to 25

15  (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-

16  interrogatory limit of Rule 33(a)(1).

17  **INTERROGATORY NO. 5:**

18      List the date, nature, and amount of any payments you made from 2003 to 2009 to

19  individuals who were employed by or worked for MTPD, and describe with specificity

20  whether such payments occurred directly to the employee, through some social fund or other

21  entity or governmental program.

22  **RESPONSE:**

23      In addition to its General Objections listed above, Toshiba Corp. objects to

24  Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks

25  information that is neither relevant nor reasonably calculated to lead to the discovery of

26  admissible evidence.

27      Toshiba Corp. also objects to Interrogatory No. 5 because the term "payment" is

28  vague.

**CONFIDENTIAL**

1    Toshiba Corp. further objects to Interrogatory No. 5 because the terms "social fund,"
2    "other entity," and "governmental program" are vague.

3    Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it seeks
4    information beyond the putative class period.

5    Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it is harassing,
6    invasive, or seeks personal confidential information, the disclosure of which is prohibited by a
7    law, regulation, or order of a court or another authority of a foreign jurisdiction in which the
8    information is located.

9    Toshiba Corp. further objects to Interrogatory No. 5 to the extent it seeks information
10   that is not within Toshiba Corp.'s possession, custody, or control and because any such
11   information is equally accessible to the Plaintiffs as to Toshiba Corp.

12   Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it calls for
13   information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

14   Toshiba Corp. further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which
15   limits the number of interrogatories that may be served by one party on another party to 25
16   (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
17   interrogatory limit of Rule 33(a)(1).

18   **INTERROGATORY NO. 6:**

19   For every person identified in Interrogatory Nos. 2 and 3, state, for each year from
20   2003 to 2009, as applicable:

21   i.    The type or nature of any offered or accepted (a) stock option plan or other equity
22         incentive plan, (b) bonus or other discretionary periodic payment, and (c) any
23         other employee benefits; and

24   ii.   the identity of each individual or company who set, maintained, funded, or
25         administered his or her (a) payroll, (b) bonus or other discretionary periodic
26         payment, (c) stock option plan or other equity incentive plan, and (d) and any other
27         employee benefits.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   **RESPONSE:**

2       In addition to its General Objections listed above, Toshiba Corp. objects to

3   Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks

4   information that is neither relevant nor reasonably calculated to lead to the discovery of

5   admissible evidence.

6       Toshiba Corp. also objects to Interrogatory No. 6 to the extent that it is harassing,

7   invasive, or seeks personal confidential information, the disclosure of which is prohibited by a

8   law, regulation, or order of a court or another authority of a foreign jurisdiction in which the

9   information is located.

10       Toshiba Corp. further objects to Interrogatory No. 6 to the extent that it seeks

11   information beyond the putative class period.

12       Toshiba Corp. also objects to Interrogatory No. 6 to the extent it seeks information

13   that is not within Toshiba Corp.'s possession, custody, or control and because any such

14   information is equally accessible to the Plaintiffs as to Toshiba Corp.

15       Toshiba Corp. further objects to Interrogatory No. 6 to the extent that it calls for

16   information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

17       Toshiba Corp. further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which

18   limits the number of interrogatories that may be served by one party on another party to 25

19   (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-

20   interrogatory limit of Rule 33(a)(1).

21   **INTERROGATORY NO. 7:**

22       State, for each year from 2003 to 2009, the identity of each individual who approved

23   or authorized MTPD's corporate operating budget, including, without limitations, the

24   estimates of revenues, the estimates of operating and capital expenditures, and the estimates

25   of borrowings.

26   **RESPONSE:**

27       In addition to its General Objections listed above, Toshiba Corp. objects to

28   Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  information that is neither relevant nor reasonably calculated to lead to the discovery of

2  admissible evidence.

3       Toshiba Corp. further objects to Interrogatory No. 7 to the extent that it seeks

4  information beyond the putative class period.

5       Toshiba Corp. also objects to Interrogatory No. 7 to the extent it seeks information

6  that is not within Toshiba Corp.'s possession, custody, or control and because any such

7  information is equally accessible to the Plaintiffs as to Toshiba Corp.

8       Toshiba Corp. further objects to Interrogatory No. 7 to the extent that it calls for

9  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

10       Toshiba Corp. further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which

11  limits the number of interrogatories that may be served by one party on another party to 25

12  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-

13  interrogatory limit of Rule 33(a)(1).

14  **INTERROGATORY NO. 8:**

15       State the identity of each individual who paid MTPD's attorney bills for legal services

16  in connection with the investigation of MTPD's alleged involvement in the CRT cartel by

17  government antitrust authorities in Japan, the European Union, and the United States during

18  2006 through 2012.

19  **RESPONSE:**

20       In addition to its General Objections listed above, Toshiba Corp. objects to

21  Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks

22  information that is neither relevant nor reasonably calculated to lead to the discovery of

23  admissible evidence.

24       Toshiba Corp. also objects to Interrogatory No. 8 to the extent it seeks information

25  that is not within Toshiba Corp.'s possession, custody, or control and because any such

26  information is equally accessible to the Plaintiffs as to Toshiba Corp.

27       Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it calls for

28  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

**CONFIDENTIAL**

1        Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it seeks

2  information or documents protected by the attorney-client privilege, attorney work-product

3  doctrine or any other applicable privilege, protection, immunity, or rule.

4        Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it seeks

5  information beyond the putative class period.

6        Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it is harassing,

7  invasive, or seeks confidential information, the disclosure of which is prohibited by law,

8  regulation, or order of a court or another authority of a foreign jurisdiction in which the

9  information is located.

10        Toshiba Corp. further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which

11  limits the number of interrogatories that may be served by one party on another party to 25

12  (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-

13  interrogatory limit of Rule 33(a)(1).

14  **<u>INTERROGATORY NO. 9</u>:**

15        Identify any Toshiba entity which purchased CRTs manufactured by MTPD from

16  2003 to 2009.

17  **<u>RESPONSE</u>:**

18        In addition to its General Objections listed above, Toshiba Corp. objects to

19  Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks

20  information that is neither relevant nor reasonably calculated to lead to the discovery of

21  admissible evidence.

22        Toshiba Corp. also objects to Interrogatory No. 9 to the extent it seeks information

23  regarding sales outside the United States and unrelated to United States commerce, as such

24  sales are beyond the scope of this litigation and requesting such information renders

25  Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead

26  to the discovery of admissible evidence.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Toshiba Corp. also objects to Interrogatory No. 9 to the extent it seeks information

2  that is not within Toshiba Corp.'s possession, custody, or control and because any such

3  information is equally accessible to the Plaintiffs as to Toshiba Corp.

4    Toshiba Corp. further objects to Interrogatory No. 9 to the extent that it calls for

5  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

6    Toshiba Corp. further objects to Interrogatory No. 9 to the extent that it seeks

7  information beyond the putative class period.

8    Toshiba Corp. further objects to Interrogatory No. 9 on the ground that it is duplicative

9  of discovery served in this litigation, which is in contravention of the Discovery Protocol,

10  including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba

11  Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba

12  America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

13    Toshiba Corp. further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which

14  limits the number of interrogatories that may be served by one party on another party to 25

15  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-

16  interrogatory limit of Rule 33(a)(1).

17  **INTERROGATORY NO. 10:**

18    For every purchaser identified in Interrogatory No. 9, describe with specificity the

19  pricing mechanism or decision process by which MTPD decided on the price for those sold

20  CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed

21  for non- Toshiba affiliated purchasers of CRTs.

22  **RESPONSE:**

23    In addition to its General Objections listed above, Toshiba Corp. objects to

24  Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks

25  information that is neither relevant nor reasonably calculated to lead to the discovery of

26  admissible evidence.

27    Toshiba Corp. also objects to Interrogatory No. 10 to the extent it seeks information

28  regarding sales outside the United States and unrelated to United States commerce, as such

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   sales are beyond the scope of this litigation and requesting such information renders

2   Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead

3   to the discovery of admissible evidence.

4   Toshiba Corp. also objects to Interrogatory No. 10 to the extent it seeks information

5   that is not within Toshiba Corp.'s possession, custody, or control and because any such

6   information is equally accessible to the Plaintiffs as to Toshiba Corp.

7   Toshiba Corp. further objects to the term "pricing mechanism or decision process"

8   because it is vague.

9   Toshiba Corp. further objects to Interrogatory No. 10 to the extent that it calls for

10  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

11  Toshiba Corp. further objects to Interrogatory No. 10 to the extent that it seeks

12  information beyond the putative class period.

13  Toshiba Corp. further objects to Interrogatory No. 10 on the ground that it is

14  duplicative of discovery served in this litigation, which is in contravention of the Discovery

15  Protocol, including Interrogatory No. 11 of the IPPs and DPPs' Interrogatories to Defendants

16  Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C.,

17  Toshiba America Information Systems, Inc., and Toshiba America Electronic Components,

18  Inc.

19  Toshiba Corp. further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which

20  limits the number of interrogatories that may be served by one party on another party to 25

21  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-

22  interrogatory limit of Rule 33(a)(1)

23  **INTERROGATORY NO. 11:**

24  List, for each year from 2003 to 2009, the name, term and nature of every service level

25  agreement or other contract relating to professional services you entered into with MTPD

26  (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human

27  resources, accounting and sales support services).

28

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 11 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to the terms "service level agreement," and "other contract relating to professional services" because they are vague.

Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 12:**

State the date, amount and interest rate (if applicable) of each capital or equity injection, loan or other financial contribution you provided to MTPD.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 | information that is neither relevant nor reasonably calculated to lead to the discovery of

2 | admissible evidence.

3 | Toshiba Corp. also objects to Interrogatory No. 12 to the extent it seeks information

4 | that is not within Toshiba Corp.'s possession, custody, or control and because any such

5 | information is equally accessible to the Plaintiffs as to Toshiba Corp.

6 | Toshiba Corp. further objects to the terms "capital or equity injection, loan or other

7 | financial contribution" because they are vague.

8 | Toshiba Corp. further objects to Interrogatory No. 12 to the extent that it calls for

9 | information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

10 | Toshiba Corp. further objects to Interrogatory No. 12 to the extent that it seeks

11 | information beyond the putative class period.

12 | Toshiba Corp. further objects to Interrogatory No. 12 to the extent that it is harassing,

13 | invasive, or seeks confidential information, the disclosure of which is prohibited by law,

14 | regulation, or order of a court or another authority of a foreign jurisdiction in which the

15 | information is located.

16 | Toshiba Corp. further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which

17 | limits the number of interrogatories that may be served by one party on another party to 25

18 | (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-

19 | interrogatory limit of Rule 33(a)(1).

20 | **INTERROGATORY NO. 13:**

21 | State the date and amount of any guarantees you made on behalf of MPTD, including

22 | the third party to whom the guarantee(s) were made.

23 | **RESPONSE:**

24 | In addition to its General Objections listed above, Toshiba Corp. objects to

25 | Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks

26 | information that is neither relevant nor reasonably calculated to lead to the discovery of

27 | admissible evidence.

28 |

CONFIDENTIAL

Toshiba Corp. also objects to Interrogatory No. 13 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to the term "guarantee" because it is vague.

Toshiba Corp. further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 14:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance covering board members and executives of MTPD, and identify which company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 14 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

Dated: September 5, 2014

**WHITE & CASE**LLP

By: _____

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

19

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

| ALL DEFENSE COUNSEL | |
| --- | --- |

_____
Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Exhibit 6-B

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's

2  April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court

3  on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America,

4  Inc. ("TAI") hereby submits the following Objections and Responses to Indirect Purchaser

5  Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014 (the

6  "Interrogatories").

7    Each of the following responses is made only for purposes of the actions named in the

8  above caption.  Each response is subject to all objections as to relevance, materiality and

9  admissibility, and to any and all objections on any ground that would require exclusion of any

10  response if it were introduced in court.  All evidentiary objections and grounds are expressly

11  reserved.

12    Each of the following responses is made on the basis of the information available at

13  the time of service of the responses.  TAI's responses to these Interrogatories are subject to

14  the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the

15  "Protective Order").  TAI's responses are hereby designated "Confidential" in accordance

16  with the provisions of the Protective Order.

17              **GENERAL OBJECTIONS**

18    1.    TAI objects to the Interrogatories, including the Definitions and Instructions

19  provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case

20  Management Protocol, Docket number 1128 in the MDL.

21    2.    TAI objects to the Interrogatories, including the Definitions and Instructions

22  provided therein, to the extent they purport to impose obligations beyond those required or

23  permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil

24  Proceedings before the United States District Court for the Northern District of California or

25  to the extent it is outside the scope of any order or opinion of this Court.

26    3.    TAI objects to the Interrogatories, including the Definitions and Instructions

27  provided therein, to the extent they call for the production of documents or information that

28  relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4.      TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent that they are overly broad, unduly burdensome, vague, or ambiguous.    TAI further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5.      TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.      TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7.      TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information").    TAI will not disclose any Privileged Information in response to any Interrogatory.    TAI does not intend by these Objections and Responses to waive any claim of privilege or immunity.    Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof.    Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8.      TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws.    In providing any response, TAI does so only to the extent allowable under applicable law.

9.      TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

10.     TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAI and third parties.

11.     TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAI weighed against the Plaintiffs' need for the information.

12.     TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAI, or which has already been produced by other parties.

13.     TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14.     TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAI's possession, custody, or control.

15.     TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

16.     TAI objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

17.     TAI objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.   Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1        18.    TAI's response to the Interrogatories is not intended to be, and shall not be
2  construed as, an agreement or concurrence by TAI with the Plaintiffs' characterization of any
3  facts, circumstances, or legal obligations.  TAI reserves the right to contest any such
4  characterization.  TAI further objects to the Interrogatories to the extent they contain express
5  or implied assumptions of fact or law with respect to matters at issue in the case.

6        19.    TAI objects to the definition of "you" and "your" because it is vague, overly
7  broad and unduly burdensome, as it includes persons not controlled by TAI, and as it seeks
8  information that is neither relevant nor reasonably calculated to lead to the discovery of
9  admissible information and, in addition, improperly purports to seek information from distinct
10  corporate entities and persons not parties to the case and not controlled by TAI.  TAI will
11  interpret these terms to refer to TAI only.  TAI further objects to the definition of "you" and
12  "your" to the extent it seeks information or documents protected by the attorney-client
13  privilege, work product doctrine or any other applicable privilege, protection, immunity, or
14  rule.

15        20.    TAI objects to the defined term "relevant time period" to the extent that it
16  exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly
17  burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible
18  evidence.  TAI also objects to the definition of "relevant time period" because it is well
19  beyond the relevant statute of limitations.  TAI further objects to the term "relevant time
20  period" to the extent that it seeks documents created after this litigation began.  For the
21  purposes of responding to these Interrogatories, TAI will interpret the term "relevant time
22  period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to
23  November 25, 2007.

24        21.    TAI objects to the defined terms "subsidiary," "affiliate," and "joint venture"
25  because they are overly broad, unduly burdensome, not relevant and not reasonably calculated
26  to lead to the discovery of admissible evidence.

27        22.    TAI objects to the defined term "Employee" because it is overly broad, unduly
28  burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

CONFIDENTIAL

evidence. TAI further objects to the defined term "Employee" to the extent that it seeks information from distinct persons not parties to the case and not controlled by TAI.

23. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TAI. Further investigation and discovery may result in the identification of additional information or contentions, and TAI expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. TAI's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TAI's use of any additional evidence that may be developed.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 1 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 2:**

Identify separately for each year from 2003 to 2009, each of MTPD's board and committees, including (a) its full name; (b) a brief description of its function; and (c) all members of that board or committee.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 2 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 **INTERROGATORY NO. 3:**

2    Identify, separately for each year from 2003 to 2009 each of MTPD's corporate

3 officers, including the name of each company (including any subsidiary, affiliate, joint

4 venture or other related entity of Toshiba) that employed such individual throughout the

5 Relevant Time Period, his or her title, business address, the division or unit of the company

6 where such individual worked, and a description of his or her responsibilities for each position

7 or title held.

8 **RESPONSE:**

9    In addition to its General Objections listed above, TAI objects to Interrogatory No. 3

10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

11 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12    TAI also objects to Interrogatory No. 3 to the extent it seeks information that is not

13 within TAI's possession, custody, or control and because any such information is equally

14 accessible to the Plaintiffs as to TAI.

15    TAI further objects to Interrogatory No. 3 to the extent that it seeks information

16 beyond the putative class period.

17    TAI further objects to Interrogatory No. 3 to the extent that it calls for information

18 regarding distinct corporate entities and persons not controlled by TAI.

19    TAI further objects to Interrogatory No. 3 on the ground that it is duplicative of

20 discovery served in this litigation, which is in contravention of the Discovery Protocol,

21 including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the

22 Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer

23 Products, L.L.C., Toshiba Electronic Components, Inc., and Toshiba America Information

24 Systems, Inc.

25    TAI further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which limits the

26 number of interrogatories that may be served by one party on another party to 25 (twenty-

27 five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

28 of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**INTERROGATORY NO. 4:**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or vice versa, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 4 to the extent that the term "transferred" is vague.

TAI further objects to Interrogatory No. 4 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI further objects to Interrogatory No. 4 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 4 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 4 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

CONFIDENTIAL

1    TAI further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which limits the
2    number of interrogatories that may be served by one party on another party to 25 (twenty-
3    five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
4    of Rule 33(a)(1).

5    **INTERROGATORY NO. 5:**

6    List the date, nature, and amount of any payments you made from 2003 to 2009 to
7    individuals who were employed by or worked for MTPD, and describe with specificity
8    whether such payments occurred directly to the employee, through some social fund or other
9    entity or governmental program.

10   **RESPONSE:**

11   In addition to its General Objections listed above, TAI objects to Interrogatory No. 5
12   because it is vague, overly broad, unduly burdensome, and seeks information that is neither
13   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14   TAI also objects to Interrogatory No. 5 because the term "payment" is vague.

15   TAI further objects to Interrogatory No. 5 because the terms "social fund," "other
16   entity," and "governmental program" are vague.

17   TAI further objects to Interrogatory No. 5 to the extent that it seeks information
18   beyond the putative class period.

19   TAI further objects to Interrogatory No. 5 to the extent that it is harassing, invasive, or
20   seeks personal confidential information, the disclosure of which is prohibited by a law,
21   regulation, or order of a court or another authority of a foreign jurisdiction in which the
22   information is located.

23   TAI further objects to Interrogatory No. 5 to the extent it seeks information that is not
24   within TAI's possession, custody, or control and because any such information is equally
25   accessible to the Plaintiffs as to TAI.

26   TAI further objects to Interrogatory No. 5 to the extent that it calls for information
27   regarding distinct corporate entities and persons not controlled by TAI.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    TAI further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which limits the

2    number of interrogatories that may be served by one party on another party to 25 (twenty-

3    five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

4    of Rule 33(a)(1).

5    **INTERROGATORY NO. 6:**

6    For every person identified in Interrogatory Nos. 2 and 3, state, for each year from

7    2003 to 2009, as applicable:

8        i.  The type or nature of any offered or accepted (a) stock option plan or other equity

9            incentive plan, (b) bonus or other discretionary periodic payment, and (c) any

10           other employee benefits; and

11       ii.  the identity of each individual or company who set, maintained, funded, or

12           administered his or her (a) payroll, (b) bonus or other discretionary periodic

13           payment, (c) stock option plan or other equity incentive plan, and (d) and any other

14           employee benefits.

15   **RESPONSE:**

16   In addition to its General Objections listed above, TAI objects to Interrogatory No. 6

17   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

18   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19   TAI also objects to Interrogatory No. 6 to the extent that it is harassing, invasive, or

20   seeks personal confidential information, the disclosure of which is prohibited by a law,

21   regulation, or order of a court or another authority of a foreign jurisdiction in which the

22   information is located.

23   TAI further objects to Interrogatory No. 6 to the extent that it seeks information

24   beyond the putative class period.

25   TAI also objects to Interrogatory No. 6 to the extent it seeks information that is not

26   within TAI's possession, custody, or control and because any such information is equally

27   accessible to the Plaintiffs as to TAI.

28

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

1    TAI further objects to Interrogatory No. 6 to the extent that it calls for information

2  regarding distinct corporate entities and persons not controlled by TAI.

3    TAI further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which limits the

4  number of interrogatories that may be served by one party on another party to 25 (twenty-

5  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

6  of Rule 33(a)(1).

7  **INTERROGATORY NO. 7:**

8    State, for each year from 2003 to 2009, the identity of each individual who approved

9  or authorized MTPD's corporate operating budget, including, without limitations, the

10  estimates of revenues, the estimates of operating and capital expenditures, and the estimates

11  of borrowings.

12  **RESPONSE:**

13    In addition to its General Objections listed above, TAI objects to Interrogatory No. 7

14  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

15  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16    TAI further objects to Interrogatory No. 7 to the extent that it seeks information

17  beyond the putative class period.

18    TAI also objects to Interrogatory No. 7 to the extent it seeks information that is not

19  within TAI's possession, custody, or control and because any such information is equally

20  accessible to the Plaintiffs as to TAI.

21    TAI further objects to Interrogatory No. 7 to the extent that it calls for information

22  regarding distinct corporate entities and persons not controlled by TAI.

23    TAI further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which limits the

24  number of interrogatories that may be served by one party on another party to 25 (twenty-

25  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

26  of Rule 33(a)(1).

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  **INTERROGATORY NO. 8:**

2  State the identity of each individual who paid MTPD's attorney bills for legal services

3  in connection with the investigation of MTPD's alleged involvement in the CRT cartel by

4  government antitrust authorities in Japan, the European Union, and the United States during

5  2006 through 2012.

6  **RESPONSE:**

7  In addition to its General Objections listed above, TAI objects to Interrogatory No. 8

8  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10  TAI also objects to Interrogatory No. 8 to the extent it seeks information that is not

11  within TAI's possession, custody, or control and because any such information is equally

12  accessible to the Plaintiffs as to TAI.

13  TAI further objects to Interrogatory No. 8 to the extent that it calls for information

14  regarding distinct corporate entities and persons not controlled by TAI.

15  TAI further objects to Interrogatory No. 8 to the extent that it seeks information or

16  documents protected by the attorney-client privilege, attorney work-product doctrine or any

17  other applicable privilege, protection, immunity, or rule.

18  TAI further objects to Interrogatory No. 8 to the extent that it seeks information

19  beyond the putative class period.

20  TAI further objects to Interrogatory No. 8 to the extent that it is harassing, invasive, or

21  seeks confidential information, the disclosure of which is prohibited by law, regulation, or

22  order of a court or another authority of a foreign jurisdiction in which the information is

23  located.

24  TAI further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which limits the

25  number of interrogatories that may be served by one party on another party to 25 (twenty-

26  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

27  of Rule 33(a)(1).

28

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   **INTERROGATORY NO. 9:**

2       Identify any Toshiba entity which purchased CRTs manufactured by MTPD from

3   2003 to 2009.

4   **RESPONSE:**

5       In addition to its General Objections listed above, TAI objects to Interrogatory No. 9

6   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

7   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8       TAI also objects to Interrogatory No. 9 to the extent it seeks information regarding

9   sales outside the United States and unrelated to United States commerce, as such sales are

10  beyond the scope of this litigation and requesting such information renders Interrogatory No.

11  9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

12  admissible evidence.

13      TAI also objects to Interrogatory No. 9 to the extent it seeks information that is not

14  within TAI's possession, custody, or control and because any such information is equally

15  accessible to the Plaintiffs as to TAI.

16      TAI further objects to Interrogatory No. 9 to the extent that it calls for information

17  regarding distinct corporate entities and persons not controlled by TAI.

18      TAI further objects to Interrogatory No. 9 to the extent that it seeks information

19  beyond the putative class period.

20      TAI further objects to Interrogatory No. 9 on the ground that it is duplicative of

21  discovery served in this litigation, which is in contravention of the Discovery Protocol,

22  including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba

23  Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba

24  America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

25      TAI further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which limits the

26  number of interrogatories that may be served by one party on another party to 25 (twenty-

27  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

28  of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1    **INTERROGATORY NO. 10:**

2        For every purchaser identified in Interrogatory No. 9, describe with specificity the

3    pricing mechanism or decision process by which MTPD decided on the price for those sold

4    CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed

5    for non- Toshiba affiliated purchasers of CRTs.

6    **RESPONSE:**

7        In addition to its General Objections listed above, TAI objects to Interrogatory No. 10

8    because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10       TAI also objects to Interrogatory No. 10 to the extent it seeks information regarding

11   sales outside the United States and unrelated to United States commerce, as such sales are

12   beyond the scope of this litigation and requesting such information renders Interrogatory No.

13   10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

14   admissible evidence.

15       TAI also objects to Interrogatory No. 10 to the extent it seeks information that is not

16   within TAI's possession, custody, or control and because any such information is equally

17   accessible to the Plaintiffs as to TAI.

18       TAI further objects to the term "pricing mechanism or decision process" because it is

19   vague.

20       TAI further objects to Interrogatory No. 10 to the extent that it calls for information

21   regarding distinct corporate entities and persons not controlled by TAI.

22       TAI further objects to Interrogatory No. 10 to the extent that it seeks information

23   beyond the putative class period.

24       TAI further objects to Interrogatory No. 10 on the ground that it is duplicative of

25   discovery served in this litigation, which is in contravention of the Discovery Protocol,

26   including Interrogatory No. 11 of the  IPPs and DPPs' Interrogatories to Defendants Toshiba

27   Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba

28   America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    TAI further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which limits the

2    number of interrogatories that may be served by one party on another party to 25 (twenty-

3    five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

4    of Rule 33(a)(1)

5    **INTERROGATORY NO. 11:**

6    List, for each year from 2003 to 2009, the name, term and nature of every service level

7    agreement or other contract relating to professional services you entered into with MTPD

8    (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human

9    resources, accounting and sales support services).

10   **RESPONSE:**

11   In addition to its General Objections listed above, TAI objects to Interrogatory No. 11

12   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

13   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14   TAI also objects to Interrogatory No. 11 to the extent it seeks information that is not

15   within TAI's possession, custody, or control and because any such information is equally

16   accessible to the Plaintiffs as to TAI.

17   TAI further objects to the terms "service level agreement," and "other contract relating

18   to professional services" because they are vague.

19   TAI further objects to Interrogatory No. 11 to the extent that it calls for information

20   regarding distinct corporate entities and persons not controlled by TAI.

21   TAI further objects to Interrogatory No. 11 to the extent that it seeks information

22   beyond the putative class period.

23   TAI further objects to Interrogatory No. 11 to the extent that it is harassing, invasive,

24   or seeks confidential information, the disclosure of which is prohibited by law, regulation, or

25   order of a court or another authority of a foreign jurisdiction in which the information is

26   located.

27   TAI further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits the

28   number of interrogatories that may be served by one party on another party to 25 (twenty-

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
2  of Rule 33(a)(1).

3  **INTERROGATORY NO. 12:**

4      State the date, amount and interest rate (if applicable) of each capital or equity
5  injection, loan or other financial contribution you provided to MTPD.

6  **RESPONSE:**

7      In addition to its General Objections listed above, TAI objects to Interrogatory No. 12
8  because it is vague, overly broad, unduly burdensome, and seeks information that is neither
9  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10     TAI also objects to Interrogatory No. 12 to the extent it seeks information that is not
11  within TAI's possession, custody, or control and because any such information is equally
12  accessible to the Plaintiffs as to TAI.

13     TAI further objects to the terms "capital or equity injection, loan or other financial
14  contribution" because they are vague.

15     TAI further objects to Interrogatory No. 12 to the extent that it calls for information
16  regarding distinct corporate entities and persons not controlled by TAI.

17     TAI further objects to Interrogatory No. 12 to the extent that it seeks information
18  beyond the putative class period.

19     TAI further objects to Interrogatory No. 12 to the extent that it is harassing, invasive,
20  or seeks confidential information, the disclosure of which is prohibited by law, regulation, or
21  order of a court or another authority of a foreign jurisdiction in which the information is
22  located.

23     TAI further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which limits the
24  number of interrogatories that may be served by one party on another party to 25 (twenty-
25  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
26  of Rule 33(a)(1).

27

28

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**INTERROGATORY NO. 13:**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 13 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to the term "guarantee" because it is vague.

TAI further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

TAI further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 14:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance

**CONFIDENTIAL**

covering board members and executives of MTPD, and identify which company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 14 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 14 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 14 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 14 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

Dated: September 5, 2014

**WHITE & CASE** LLP

By: _____

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
18

CONFIDENTIAL

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

| ALL DEFENSE COUNSEL | |
|---|---|
| | |

_____

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 6-C

CONFIDENTIAL

1  Christopher M. Curran (*pro hac vice*)
   ccurran@whitecase.com
2  Lucius B. Lau (*pro hac vice*)
   alau@whitecase.com
3  Dana E. Foster (*pro hac vice*)
   defoster@whitecase.com
4
5  White & Case LLP
   701 Thirteenth Street, N.W.
6  Washington, DC  20005
   Telephone:  (202) 626-3600
7  Facsimile:  (202) 639-9355
8
9  *Counsel to Defendant*
   *Toshiba America Information Systems, Inc.*
10
11
12                UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
13                 (SAN FRANCISCO DIVISION)
14
15  IN RE: CATHODE RAY TUBE (CRT)         Case No. 07-5944 SC
    ANTITRUST LITIGATION                     MDL No. 1917
16
17
18
19  This Document Relates to:             **TOSHIBA AMERICA
                                          INFORMATION SYSTEMS,
20                                         INC.'S OBJECTIONS AND
    ALL INDIRECT PURCHASER ACTIONS        RESPONSES TO INDIRECT
21                                         PURCHASER PLAINTIFFS'
                                          FIRST SET OF
22                                         INTERROGATORIES TO
                                          TOSHIBA DEFENDANTS**
23
24
25
26
27
28
        TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO
          INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
                                        DEFENDANTS
                                   Case No. 07-5944 SC
                                     MDL No. 1917

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's

2   April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court

3   on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America

4   Information Systems, Inc. ("TAIS") hereby submits the following Objections and Responses

5   to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated

6   August 1, 2014 (the "Interrogatories").

7   Each of the following responses is made only for purposes of the actions named in the

8   above caption.  Each response is subject to all objections as to relevance, materiality and

9   admissibility, and to any and all objections on any ground that would require exclusion of any

10  response if it were introduced in court.  All evidentiary objections and grounds are expressly

11  reserved.

12  Each of the following responses is made on the basis of the information available at

13  the time of service of the responses.  TAIS's responses to these Interrogatories are subject to

14  the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the

15  "Protective Order").  TAIS's responses are hereby designated "Confidential" in accordance

16  with the provisions of the Protective Order.

17  ## GENERAL OBJECTIONS

18  1.   TAIS objects to the Interrogatories, including the Definitions and Instructions

19  provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case

20  Management Protocol, Docket number 1128 in the MDL.

21  2.   TAIS objects to the Interrogatories, including the Definitions and Instructions

22  provided therein, to the extent they purport to impose obligations beyond those required or

23  permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil

24  Proceedings before the United States District Court for the Northern District of California or

25  to the extent it is outside the scope of any order or opinion of this Court.

26  3.   TAIS objects to the Interrogatories, including the Definitions and Instructions

27  provided therein, to the extent they call for the production of documents or information that

28  relate to matters not raised by the pleadings, to the extent they are not material and necessary

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4.      TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent that they are overly broad, unduly burdensome, vague, or ambiguous.   TAIS further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5.      TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.      TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7.      TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information").   TAIS will not disclose any Privileged Information in response to any Interrogatory.   TAIS does not intend by these Objections and Responses to waive any claim of privilege or immunity.   Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof.   Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8.      TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws.   In providing any response, TAIS does so only to the extent allowable under applicable law.

9.      TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

**CONFIDENTIAL**

1      10.     TAIS objects to the Interrogatories, including the Definitions and Instructions

2  provided therein, to the extent they seek documents or information, the disclosure of which is

3  prohibited by contractual obligations or agreements between TAIS and third parties.

4      11.     TAIS objects to the Interrogatories, including the Definitions and Instructions

5  provided therein, to the extent they are oppressive or constitute an abuse of process in light of

6  the costs imposed on TAIS weighed against the Plaintiffs' need for the information.

7      12.     TAIS objects to the Interrogatories, including the Definitions and Instructions

8  provided therein, to the extent they seek information which is equally accessible to Plaintiffs

9  as to TAIS, or which has already been produced by other parties.

10      13.     TAIS objects to the Interrogatories, including the Definitions and Instructions

11  provided therein, to the extent they seek information, the disclosure of which is prohibited by

12  law, regulation, or order of a court or another authority of the foreign jurisdiction in which the

13  documents or information are located.

14      14.     TAIS objects to the Interrogatories, including the Definitions and Instructions

15  provided therein, to the extent they seek disclosure of documents or information that is not

16  within TAIS's possession, custody, or control.

17      15.     TAIS objects to the Interrogatories, including the Definitions and Instructions

18  provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or

19  Document Requests.

20      16.     TAIS objects to the Interrogatories pursuant to Civil L.R. 33-2, which states

21  that "a demand that a party set forth the basis for a denial of an admission requested under

22  Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is

23  allowable only to the extent that a party is entitled to propound additional interrogatories."

24      17.     TAIS objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the

25  number of interrogatories that may be served by one party on another party to 25 (twenty-

26  five), including discrete subparts.   Plaintiffs have already exceeded the 25-interrogatory limit

27  of Rule 33(a)(1).

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

18.     TAIS's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TAIS with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.  TAIS reserves the right to contest any such characterization.  TAIS further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19.     TAIS objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TAIS, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAIS.  TAIS will interpret these terms to refer to TAIS only.  TAIS further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     TAIS objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  TAIS also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations.  TAIS further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began.  For the purposes of responding to these Interrogatories, TAIS will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

21.     TAIS objects to the defined terms "subsidiary," "affiliate," and "joint venture" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22.     TAIS objects to the defined term "Employee" because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

**CONFIDENTIAL**

1    admissible evidence.  TAIS further objects to the defined term "Employee" to the extent that

2    it seeks information from distinct persons not parties to the case and not controlled by TAIS.

3        23.   Discovery is ongoing.  This response is being made after reasonable inquiry

4    into the relevant facts, and is based upon the information presently known to TAIS.  Further

5    investigation and discovery may result in the identification of additional information or

6    contentions, and TAIS expressly reserves all rights to amend its responses and objections to

7    Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary.  TAIS's responses

8    should not be construed to prejudice its right to conduct further investigation in this case, or to

9    limit TAIS's use of any additional evidence that may be developed.

10   <u>**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**</u>

11   <u>**INTERROGATORY NO. 1:**</u>

12       State the name, address, telephone number, and relationship to you of each person

13   who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not

14   identify anyone who simply typed or reproduced the responses.)

15   <u>**RESPONSE:**</u>

16       In addition to its General Objections listed above, TAIS objects to Interrogatory No. 1

17   pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by

18   one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have

19   already exceeded the 25-interrogatory limit of Rule 33(a)(1).

20   <u>**INTERROGATORY NO. 2:**</u>

21       Identify separately for each year from 2003 to 2009, each of MTPD's board and

22   committees, including (a) its full name; (b) a brief description of its function; and (c) all

23   members of that board or committee.

24   <u>**RESPONSE:**</u>

25       In addition to its General Objections listed above, TAIS objects to Interrogatory No. 2

26   pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by

27   one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have

28   already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 3:**

Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers, including the name of each company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his or her title, business address, the division or unit of the company where such individual worked, and a description of his or her responsibilities for each position or title held.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 3 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 3 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 3 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 3 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba Electronic Components, Inc., and Toshiba America Information Systems, Inc.

TAIS further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 4:**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or vice versa, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 4 to the extent that the term "transferred" is vague.

TAIS further objects to Interrogatory No. 4 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 4 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 4 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 4 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TAIS further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which limits the

2   number of interrogatories that may be served by one party on another party to 25 (twenty-

3   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

4   of Rule 33(a)(1).

5   **INTERROGATORY NO. 5:**

6   List the date, nature, and amount of any payments you made from 2003 to 2009 to

7   individuals who were employed by or worked for MTPD, and describe with specificity

8   whether such payments occurred directly to the employee, through some social fund or other

9   entity or governmental program.

10  **RESPONSE:**

11  In addition to its General Objections listed above, TAIS objects to Interrogatory No. 5

12  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

13  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14  TAIS also objects to Interrogatory No. 5 because the term "payment" is vague.

15  TAIS further objects to Interrogatory No. 5 because the terms "social fund," "other

16  entity," and "governmental program" are vague.

17  TAIS further objects to Interrogatory No. 5 to the extent that it seeks information

18  beyond the putative class period.

19  TAIS further objects to Interrogatory No. 5 to the extent that it is harassing, invasive,

20  or seeks personal confidential information, the disclosure of which is prohibited by a law,

21  regulation, or order of a court or another authority of a foreign jurisdiction in which the

22  information is located.

23  TAIS further objects to Interrogatory No. 5 to the extent it seeks information that is

24  not within TAIS's possession, custody, or control and because any such information is equally

25  accessible to the Plaintiffs as to TAIS.

26  TAIS further objects to Interrogatory No. 5 to the extent that it calls for information

27  regarding distinct corporate entities and persons not controlled by TAIS.

28

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    TAIS further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which limits the

2    number of interrogatories that may be served by one party on another party to 25 (twenty-

3    five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

4    of Rule 33(a)(1).

5    **INTERROGATORY NO. 6:**

6         For every person identified in Interrogatory Nos. 2 and 3, state, for each year from

7    2003 to 2009, as applicable:

8         i.   The type or nature of any offered or accepted (a) stock option plan or other equity

9              incentive plan, (b) bonus or other discretionary periodic payment, and (c) any

10             other employee benefits; and

11        ii.  the identity of each individual or company who set, maintained, funded, or

12             administered his or her (a) payroll, (b) bonus or other discretionary periodic

13             payment, (c) stock option plan or other equity incentive plan, and (d) and any other

14             employee benefits.

15   **RESPONSE:**

16        In addition to its General Objections listed above, TAIS objects to Interrogatory No. 6

17   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

18   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19        TAIS also objects to Interrogatory No. 6 to the extent that it is harassing, invasive, or

20   seeks personal confidential information, the disclosure of which is prohibited by a law,

21   regulation, or order of a court or another authority of a foreign jurisdiction in which the

22   information is located.

23        TAIS further objects to Interrogatory No. 6 to the extent that it seeks information

24   beyond the putative class period.

25        TAIS also objects to Interrogatory No. 6 to the extent it seeks information that is not

26   within TAIS's possession, custody, or control and because any such information is equally

27   accessible to the Plaintiffs as to TAIS.

28

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
9

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1   TAIS further objects to Interrogatory No. 6 to the extent that it calls for information

2   regarding distinct corporate entities and persons not controlled by TAIS.

3   TAIS further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which limits the

4   number of interrogatories that may be served by one party on another party to 25 (twenty-

5   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

6   of Rule 33(a)(1).

7   **INTERROGATORY NO. 7:**

8   State, for each year from 2003 to 2009, the identity of each individual who approved

9   or authorized MTPD's corporate operating budget, including, without limitations, the

10   estimates of revenues, the estimates of operating and capital expenditures, and the estimates

11   of borrowings.

12   **RESPONSE:**

13   In addition to its General Objections listed above, TAIS objects to Interrogatory No. 7

14   because it is vague, overly broad, unduly burdensome, and seeks information that is neither

15   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16   TAIS further objects to Interrogatory No. 7 to the extent that it seeks information

17   beyond the putative class period.

18   TAIS also objects to Interrogatory No. 7 to the extent it seeks information that is not

19   within TAIS's possession, custody, or control and because any such information is equally

20   accessible to the Plaintiffs as to TAIS.

21   TAIS further objects to Interrogatory No. 7 to the extent that it calls for information

22   regarding distinct corporate entities and persons not controlled by TAIS.

23   TAIS further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which limits the

24   number of interrogatories that may be served by one party on another party to 25 (twenty-

25   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

26   of Rule 33(a)(1).

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 8:**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 8 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 8 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 8 to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule.

TAIS further objects to Interrogatory No. 8 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 8 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 9:**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 9 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 9 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 9 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 9 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

TAIS further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 10:**

For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing mechanism or decision process by which MTPD decided on the price for those sold CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed for non- Toshiba affiliated purchasers of CRTs.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 10 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 10 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to the term "pricing mechanism or decision process" because it is vague.

TAIS further objects to Interrogatory No. 10 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 10 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 of the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1      TAIS further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which limits

2 the number of interrogatories that may be served by one party on another party to 25 (twenty-

3 five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

4 of Rule 33(a)(1)

5 **INTERROGATORY NO. 11:**

6      List, for each year from 2003 to 2009, the name, term and nature of every service level

7 agreement or other contract relating to professional services you entered into with MTPD

8 (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human

9 resources, accounting and sales support services).

10 **RESPONSE:**

11      In addition to its General Objections listed above, TAIS objects to Interrogatory No.

12 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

13 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14      TAIS also objects to Interrogatory No. 11 to the extent it seeks information that is not

15 within TAIS's possession, custody, or control and because any such information is equally

16 accessible to the Plaintiffs as to TAIS.

17      TAIS further objects to the terms "service level agreement," and "other contract

18 relating to professional services" because they are vague.

19      TAIS further objects to Interrogatory No. 11 to the extent that it calls for information

20 regarding distinct corporate entities and persons not controlled by TAIS.

21      TAIS further objects to Interrogatory No. 11 to the extent that it seeks information

22 beyond the putative class period.

23      TAIS further objects to Interrogatory No. 11 to the extent that it is harassing, invasive,

24 or seeks confidential information, the disclosure of which is prohibited by law, regulation, or

25 order of a court or another authority of a foreign jurisdiction in which the information is

26 located.

27      TAIS further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits

28 the number of interrogatories that may be served by one party on another party to 25 (twenty-

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 12:**

State the date, amount and interest rate (if applicable) of each capital or equity injection, loan or other financial contribution you provided to MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 12 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to the terms "capital or equity injection, loan or other financial contribution" because they are vague.

TAIS further objects to Interrogatory No. 12 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 12 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 12 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 13:**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 13 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to the term "guarantee" because it is vague.

TAIS further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

TAIS further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 14:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance

**CONFIDENTIAL**

1  covering board members and executives of MTPD, and identify which company (including
2  any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance
3  premiums.

4  **RESPONSE:**

5      In addition to its General Objections listed above, TAIS objects to Interrogatory No.
6  14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
7  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8      TAIS also objects to Interrogatory No. 14 to the extent it seeks information that is not
9  within TAIS's possession, custody, or control and because any such information is equally
10  accessible to the Plaintiffs as to TAIS.

11      TAIS further objects to Interrogatory No. 14 to the extent that it calls for information
12  regarding distinct corporate entities and persons not controlled by TAIS.

13      TAIS further objects to Interrogatory No. 14 to the extent that it seeks information
14  beyond the putative class period.

15      TAIS further objects to Interrogatory No. 14 to the extent that it is harassing, invasive,
16  or seeks confidential information, the disclosure of which is prohibited by law, regulation, or
17  order of a court or another authority of a foreign jurisdiction in which the information is
18  located.

19      TAIS also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the
20  number of interrogatories that may be served by one party on another party to 25 (twenty-
21  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
22  of Rule 33(a)(1).

23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1

2   Dated: September 5, 2014                    **WHITE & CASE** LLP

3

4                                      By: _____

5                                         Christopher M. Curran (*pro hac vice*)
                                          ccurran@whitecase.com
6                                         Lucius B. Lau (*pro hac vice*)
                                          alau@whitecase.com
7
                                          Dana E. Foster (*pro hac vice*)
8                                         defoster@whitecase.com
9                                         701 Thirteenth Street, N.W.
                                          Washington, DC  20005
10                                        tel.: (202) 626-3600
                                          fax: (202) 639-9355
11

12                                        *Counsel to Defendant*
                                          *Toshiba America Information Systems, Inc.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
18

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |
|---|---|
| ALL DEFENSE COUNSEL | |

_____
Dana E. Foster

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Exhibit 6-D

CONFIDENTIAL

1
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
2
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
3
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
4
5
White & Case LLP
701 Thirteenth Street, N.W.
6
Washington, DC  20005
7
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355
8
9
*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*
10

11

12
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
13
(SAN FRANCISCO DIVISION)

14

15
IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION
16

17

18

19
This Document Relates to:
20
ALL INDIRECT PURCHASER ACTIONS
21

22

23

24

25

26

27

28

Case No. 07-5944 SC
MDL No. 1917

**TOSHIBA AMERICA
CONSUMER PRODUCTS,
L.L.C.'S OBJECTIONS AND
RESPONSES TO INDIRECT
PURCHASER PLAINTIFFS'
FIRST SET OF
INTERROGATORIES TO
TOSHIBA DEFENDANTS**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America Consumer Products, L.L.C. ("TACP") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption.  Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.  All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses.  TACP's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order").  TACP's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

## GENERAL OBJECTIONS

1.   TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2.   TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3.   TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  to the prosecution or defense of this action, and to the extent they are not reasonably

2  calculated to lead to the discovery of admissible evidence.

3    4.    TACP objects to the Interrogatories, including the Definitions and Instructions

4  provided therein, to the extent that they are overly broad, unduly burdensome, vague, or

5  ambiguous.   TACP further objects to the Interrogatories, including the Definitions and

6  Instructions provided therein, to the extent they purport to seek discovery of information from

7  disaster recovery systems and archives.

8    5.    TACP objects to the Interrogatories, including the Definitions and Instructions

9  provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

10    6.    TACP objects to the Interrogatories, including the Definitions and Instructions

11  provided therein, to the extent they call for publicly available information.

12    7.    TACP objects to the Interrogatories, including the Definitions and Instructions

13  provided therein, to the extent they seek information or documents protected by the attorney-

14  client privilege, attorney work-product doctrine or any other applicable privilege, protection,

15  immunity, or rule (collectively, "Privileged Information").   TACP will not disclose any

16  Privileged Information in response to any Interrogatory.   TACP does not intend by these

17  Objections and Responses to waive any claim of privilege or immunity.   Any inadvertent

18  production of such material or information is not intended to, and shall not, constitute a

19  general or specific waiver in whole or in part of those privileges or protections as to material

20  or information inadvertently produced or the subject matter thereof.   Nor is any inadvertent

21  production intended to, nor shall it, constitute a waiver of the right to object to any use of such

22  document or information.

23    8.    TACP objects to the Interrogatories, including the Definitions and Instructions

24  provided therein, to the extent they seek information, the disclosure of which would violate

25  applicable law, including, but not limited to, privacy laws.   In providing any response, TACP

26  does so only to the extent allowable under applicable law.

27    9.    TACP objects to the Interrogatories, including the Definitions and Instructions

28  provided therein, to the extent they seek confidential, proprietary, or trade secret information.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

10.    TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TACP and third parties.

11.    TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TACP weighed against the Plaintiffs' need for the information.

12.    TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TACP, or which has already been produced by other parties.

13.    TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14.    TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TACP's possession, custody, or control.

15.    TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

16.    TACP objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

17.    TACP objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.   Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

18.     TACP's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TACP with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.  TACP reserves the right to contest any such characterization.  TACP further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19.     TACP objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TACP, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TACP.  TACP will interpret these terms to refer to TACP only.  TACP further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     TACP objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  TACP also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations.  TACP further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began.  For the purposes of responding to these Interrogatories, TACP will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

21.     TACP objects to the defined terms "subsidiary," "affiliate," and "joint venture" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22.     TACP objects to the defined term "Employee" because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  admissible evidence.  TACP further objects to the defined term "Employee" to the extent that

2  it seeks information from distinct persons not parties to the case and not controlled by TACP.

3      23.    Discovery is ongoing.  This response is being made after reasonable inquiry

4  into the relevant facts, and is based upon the information presently known to TACP.  Further

5  investigation and discovery may result in the identification of additional information or

6  contentions, and TACP expressly reserves all rights to amend its responses and objections to

7  Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary.  TACP's responses

8  should not be construed to prejudice its right to conduct further investigation in this case, or to

9  limit TACP's use of any additional evidence that may be developed.

10  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

11  **INTERROGATORY NO. 1:**

12      State the name, address, telephone number, and relationship to you of each person

13  who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not

14  identify anyone who simply typed or reproduced the responses.)

15  **RESPONSE:**

16      In addition to its General Objections listed above, TACP objects to Interrogatory No. 1

17  pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by

18  one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have

19  already exceeded the 25-interrogatory limit of Rule 33(a)(1).

20  **INTERROGATORY NO. 2:**

21      Identify separately for each year from 2003 to 2009, each of MTPD's board and

22  committees, including (a) its full name; (b) a brief description of its function; and (c) all

23  members of that board or committee.

24  **RESPONSE:**

25      In addition to its General Objections listed above, TACP objects to Interrogatory No. 2

26  pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by

27  one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have

28  already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 **INTERROGATORY NO. 3:**

2 Identify, separately for each year from 2003 to 2009 each of MTPD's corporate

3 officers, including the name of each company (including any subsidiary, affiliate, joint

4 venture or other related entity of Toshiba) that employed such individual throughout the

5 Relevant Time Period, his or her title, business address, the division or unit of the company

6 where such individual worked, and a description of his or her responsibilities for each position

7 or title held.

8 **RESPONSE:**

9 In addition to its General Objections listed above, TACP objects to Interrogatory No. 3

10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

11 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12 TACP also objects to Interrogatory No. 3 to the extent it seeks information that is not

13 within TACP's possession, custody, or control and because any such information is equally

14 accessible to the Plaintiffs as to TACP.

15 TACP further objects to Interrogatory No. 3 to the extent that it seeks information

16 beyond the putative class period.

17 TACP further objects to Interrogatory No. 3 to the extent that it calls for information

18 regarding distinct corporate entities and persons not controlled by TACP.

19 TACP further objects to Interrogatory No. 3 on the ground that it is duplicative of

20 discovery served in this litigation, which is in contravention of the Discovery Protocol,

21 including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the

22 Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer

23 Products, L.L.C., Toshiba Electronic Components, Inc., and Toshiba America Information

24 Systems, Inc.

25 TACP further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which limits

26 the number of interrogatories that may be served by one party on another party to 25 (twenty-

27 five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit

28 of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 4:**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or vice versa, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 4 to the extent that the term "transferred" is vague.

TACP further objects to Interrogatory No. 4 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 4 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 4 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 4 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   TACP further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which limits

2   the number of interrogatories that may be served by one party on another party to 25 (twenty-

3   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

4   of Rule 33(a)(1).

5   **INTERROGATORY NO. 5:**

6   List the date, nature, and amount of any payments you made from 2003 to 2009 to

7   individuals who were employed by or worked for MTPD, and describe with specificity

8   whether such payments occurred directly to the employee, through some social fund or other

9   entity or governmental program.

10  **RESPONSE:**

11  In addition to its General Objections listed above, TACP objects to Interrogatory No. 5

12  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

13  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14  TACP also objects to Interrogatory No. 5 because the term "payment" is vague.

15  TACP further objects to Interrogatory No. 5 because the terms "social fund," "other

16  entity," and "governmental program" are vague.

17  TACP further objects to Interrogatory No. 5 to the extent that it seeks information

18  beyond the putative class period.

19  TACP further objects to Interrogatory No. 5 to the extent that it is harassing, invasive,

20  or seeks personal confidential information, the disclosure of which is prohibited by a law,

21  regulation, or order of a court or another authority of a foreign jurisdiction in which the

22  information is located.

23  TACP further objects to Interrogatory No. 5 to the extent it seeks information that is

24  not within TACP's possession, custody, or control and because any such information is

25  equally accessible to the Plaintiffs as to TACP.

26  TACP further objects to Interrogatory No. 5 to the extent that it calls for information

27  regarding distinct corporate entities and persons not controlled by TACP.

28

**CONFIDENTIAL**

1   TACP further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which limits

2  the number of interrogatories that may be served by one party on another party to 25 (twenty-

3  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

4  of Rule 33(a)(1).

5  **INTERROGATORY NO. 6:**

6   For every person identified in Interrogatory Nos. 2 and 3, state, for each year from

7  2003 to 2009, as applicable:

8      i.   The type or nature of any offered or accepted (a) stock option plan or other equity

9          incentive plan, (b) bonus or other discretionary periodic payment, and (c) any

10         other employee benefits; and

11     ii.  the identity of each individual or company who set, maintained, funded, or

12         administered his or her (a) payroll, (b) bonus or other discretionary periodic

13         payment, (c) stock option plan or other equity incentive plan, and (d) and any other

14         employee benefits.

15 **RESPONSE:**

16   In addition to its General Objections listed above, TACP objects to Interrogatory No. 6

17 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

18 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19   TACP also objects to Interrogatory No. 6 to the extent that it is harassing, invasive, or

20 seeks personal confidential information, the disclosure of which is prohibited by a law,

21 regulation, or order of a court or another authority of a foreign jurisdiction in which the

22 information is located.

23   TACP further objects to Interrogatory No. 6 to the extent that it seeks information

24 beyond the putative class period.

25   TACP also objects to Interrogatory No. 6 to the extent it seeks information that is not

26 within TACP's possession, custody, or control and because any such information is equally

27 accessible to the Plaintiffs as to TACP.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    TACP further objects to Interrogatory No. 6 to the extent that it calls for information

2  regarding distinct corporate entities and persons not controlled by TACP.

3    TACP further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which limits

4  the number of interrogatories that may be served by one party on another party to 25 (twenty-

5  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

6  of Rule 33(a)(1).

7  **INTERROGATORY NO. 7:**

8    State, for each year from 2003 to 2009, the identity of each individual who approved

9  or authorized MTPD's corporate operating budget, including, without limitations, the

10  estimates of revenues, the estimates of operating and capital expenditures, and the estimates

11  of borrowings.

12  **RESPONSE:**

13    In addition to its General Objections listed above, TACP objects to Interrogatory No. 7

14  because it is vague, overly broad, unduly burdensome, and seeks information that is neither

15  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16    TACP further objects to Interrogatory No. 7 to the extent that it seeks information

17  beyond the putative class period.

18    TACP also objects to Interrogatory No. 7 to the extent it seeks information that is not

19  within TACP's possession, custody, or control and because any such information is equally

20  accessible to the Plaintiffs as to TACP.

21    TACP further objects to Interrogatory No. 7 to the extent that it calls for information

22  regarding distinct corporate entities and persons not controlled by TACP.

23    TACP further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which limits

24  the number of interrogatories that may be served by one party on another party to 25 (twenty-

25  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

26  of Rule 33(a)(1).

27

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 8:**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 8 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 8 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 8 to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule.

TACP further objects to Interrogatory No. 8 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 8 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

**INTERROGATORY NO. 9:**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 9 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 9 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 9 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 9 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

TACP further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 **INTERROGATORY NO. 10:**

2     For every purchaser identified in Interrogatory No. 9, describe with specificity the

3 pricing mechanism or decision process by which MTPD decided on the price for those sold

4 CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed

5 for non- Toshiba affiliated purchasers of CRTs.

6 **RESPONSE:**

7     In addition to its General Objections listed above, TACP objects to Interrogatory No.

8 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10     TACP also objects to Interrogatory No. 10 to the extent it seeks information regarding

11 sales outside the United States and unrelated to United States commerce, as such sales are

12 beyond the scope of this litigation and requesting such information renders Interrogatory No.

13 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

14 admissible evidence.

15     TACP also objects to Interrogatory No. 10 to the extent it seeks information that is not

16 within TACP's possession, custody, or control and because any such information is equally

17 accessible to the Plaintiffs as to TACP.

18     TACP further objects to the term "pricing mechanism or decision process" because it

19 is vague.

20     TACP further objects to Interrogatory No. 10 to the extent that it calls for information

21 regarding distinct corporate entities and persons not controlled by TACP.

22     TACP further objects to Interrogatory No. 10 to the extent that it seeks information

23 beyond the putative class period.

24     TACP further objects to Interrogatory No. 10 on the ground that it is duplicative of

25 discovery served in this litigation, which is in contravention of the Discovery Protocol,

26 including Interrogatory No. 11 of the  IPPs and DPPs' Interrogatories to Defendants Toshiba

27 Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba

28 America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

CONFIDENTIAL

1   TACP further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which limits
2   the number of interrogatories that may be served by one party on another party to 25 (twenty-
3   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
4   of Rule 33(a)(1)

5   **INTERROGATORY NO. 11:**

6   List, for each year from 2003 to 2009, the name, term and nature of every service level
7   agreement or other contract relating to professional services you entered into with MTPD
8   (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human
9   resources, accounting and sales support services).

10  **RESPONSE:**

11  In addition to its General Objections listed above, TACP objects to Interrogatory No.
12  11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
13  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14  TACP also objects to Interrogatory No. 11 to the extent it seeks information that is not
15  within TACP's possession, custody, or control and because any such information is equally
16  accessible to the Plaintiffs as to TACP.

17  TACP further objects to the terms "service level agreement," and "other contract
18  relating to professional services" because they are vague.

19  TACP further objects to Interrogatory No. 11 to the extent that it calls for information
20  regarding distinct corporate entities and persons not controlled by TACP.

21  TACP further objects to Interrogatory No. 11 to the extent that it seeks information
22  beyond the putative class period.

23  TACP further objects to Interrogatory No. 11 to the extent that it is harassing,
24  invasive, or seeks confidential information, the disclosure of which is prohibited by law,
25  regulation, or order of a court or another authority of a foreign jurisdiction in which the
26  information is located.

27  TACP further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits
28  the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CONFIDENTIAL**

1    five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

2    of Rule 33(a)(1).

3    **INTERROGATORY NO. 12:**

4        State the date, amount and interest rate (if applicable) of each capital or equity

5    injection, loan or other financial contribution you provided to MTPD.

6    **RESPONSE:**

7        In addition to its General Objections listed above, TACP objects to Interrogatory No.

8    12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

9    relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10        TACP also objects to Interrogatory No. 12 to the extent it seeks information that is not

11    within TACP's possession, custody, or control and because any such information is equally

12    accessible to the Plaintiffs as to TACP.

13        TACP further objects to the terms "capital or equity injection, loan or other financial

14    contribution" because they are vague.

15        TACP further objects to Interrogatory No. 12 to the extent that it calls for information

16    regarding distinct corporate entities and persons not controlled by TACP.

17        TACP further objects to Interrogatory No. 12 to the extent that it seeks information

18    beyond the putative class period.

19        TACP further objects to Interrogatory No. 12 to the extent that it is harassing,

20    invasive, or seeks confidential information, the disclosure of which is prohibited by law,

21    regulation, or order of a court or another authority of a foreign jurisdiction in which the

22    information is located.

23        TACP further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which limits

24    the number of interrogatories that may be served by one party on another party to 25 (twenty-

25    five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

26    of Rule 33(a)(1).

27

28

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 13:**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 13 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to the term "guarantee" because it is vague.

TACP further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

TACP further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 14:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  covering board members and executives of MTPD, and identify which company (including

2  any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance

3  premiums.

4  **RESPONSE:**

5      In addition to its General Objections listed above, TACP objects to Interrogatory No.

6  14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

7  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8      TACP also objects to Interrogatory No. 14 to the extent it seeks information that is not

9  within TACP's possession, custody, or control and because any such information is equally

10  accessible to the Plaintiffs as to TACP.

11      TACP further objects to Interrogatory No. 14 to the extent that it calls for information

12  regarding distinct corporate entities and persons not controlled by TACP.

13      TACP further objects to Interrogatory No. 14 to the extent that it seeks information

14  beyond the putative class period.

15      TACP further objects to Interrogatory No. 14 to the extent that it is harassing,

16  invasive, or seeks confidential information, the disclosure of which is prohibited by law,

17  regulation, or order of a court or another authority of a foreign jurisdiction in which the

18  information is located.

19      TACP also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the

20  number of interrogatories that may be served by one party on another party to 25 (twenty-

21  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

22  of Rule 33(a)(1).

23

24

25

26

27

28

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
17

CONFIDENTIAL

1

2    Dated: September 5, 2014                      **WHITE & CASE** LLP

3

4                                   By: _____

5                                        Christopher M. Curran (*pro hac vice*)
                                         ccurran@whitecase.com
6                                        Lucius B. Lau (*pro hac vice*)
                                         alau@whitecase.com
7                                        Dana E. Foster (*pro hac vice*)
8                                        defoster@whitecase.com
                                         701 Thirteenth Street, N.W.
9                                        Washington, DC  20005
10                                       tel.: (202) 626-3600
                                         fax: (202) 639-9355
11

12                                       *Counsel to Defendant*
                                         *Toshiba America Consumer Products, L.L.C.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
18

CONFIDENTIAL

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |
|---|---|
| ALL DEFENSE COUNSEL | |

_____
                   Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Exhibit 6-E

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

*(left margin)* White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014 (the "Interrogatories").

7
8
9
10
11

Each of the following responses is made only for purposes of the actions named in the above caption.  Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.  All evidentiary objections and grounds are expressly reserved.

12
13
14
15
16

Each of the following responses is made on the basis of the information available at the time of service of the responses.  TAEC's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order").  TAEC's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

17

## GENERAL OBJECTIONS

18
19
20

1.      TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

21
22
23
24
25

2.      TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

26
27
28

3.      TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  to the prosecution or defense of this action, and to the extent they are not reasonably

2  calculated to lead to the discovery of admissible evidence.

3       4.    TAEC objects to the Interrogatories, including the Definitions and Instructions

4  provided therein, to the extent that they are overly broad, unduly burdensome, vague, or

5  ambiguous.  TAEC further objects to the Interrogatories, including the Definitions and

6  Instructions provided therein, to the extent they purport to seek discovery of information from

7  disaster recovery systems and archives.

8       5.    TAEC objects to the Interrogatories, including the Definitions and Instructions

9  provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

10      6.    TAEC objects to the Interrogatories, including the Definitions and Instructions

11  provided therein, to the extent they call for publicly available information.

12      7.    TAEC objects to the Interrogatories, including the Definitions and Instructions

13  provided therein, to the extent they seek information or documents protected by the attorney-

14  client privilege, attorney work-product doctrine or any other applicable privilege, protection,

15  immunity, or rule (collectively, "Privileged Information").  TAEC will not disclose any

16  Privileged Information in response to any Interrogatory.  TAEC does not intend by these

17  Objections and Responses to waive any claim of privilege or immunity.  Any inadvertent

18  production of such material or information is not intended to, and shall not, constitute a

19  general or specific waiver in whole or in part of those privileges or protections as to material

20  or information inadvertently produced or the subject matter thereof.  Nor is any inadvertent

21  production intended to, nor shall it, constitute a waiver of the right to object to any use of such

22  document or information.

23      8.    TAEC objects to the Interrogatories, including the Definitions and Instructions

24  provided therein, to the extent they seek information, the disclosure of which would violate

25  applicable law, including, but not limited to, privacy laws.  In providing any response, TAEC

26  does so only to the extent allowable under applicable law.

27      9.    TAEC objects to the Interrogatories, including the Definitions and Instructions

28  provided therein, to the extent they seek confidential, proprietary, or trade secret information.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

10.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAEC and third parties.

11.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAEC weighed against the Plaintiffs' need for the information.

12.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAEC, or which has already been produced by other parties.

13.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAEC's possession, custody, or control.

15.     TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

16.     TAEC objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

17.     TAEC objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.   Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

18.     TAEC's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TAEC with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.   TAEC reserves the right to contest any such characterization.   TAEC further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19.     TAEC objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TAEC, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAEC.   TAEC will interpret these terms to refer to TAEC only.   TAEC further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     TAEC objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   TAEC also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations.   TAEC further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began.   For the purposes of responding to these Interrogatories, TAEC will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

21.     TAEC objects to the defined terms "subsidiary," "affiliate," and "joint venture" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22.     TAEC objects to the defined term "Employee" because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   admissible evidence.  TAEC further objects to the defined term "Employee" to the extent that
2   it seeks information from distinct persons not parties to the case and not controlled by TAEC.

3       23.    Discovery is ongoing.  This response is being made after reasonable inquiry
4   into the relevant facts, and is based upon the information presently known to TAEC.  Further
5   investigation and discovery may result in the identification of additional information or
6   contentions, and TAEC expressly reserves all rights to amend its responses and objections to
7   Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary.  TAEC's responses
8   should not be construed to prejudice its right to conduct further investigation in this case, or to
9   limit TAEC's use of any additional evidence that may be developed.

10      **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

11  **INTERROGATORY NO. 1:**

12      State the name, address, telephone number, and relationship to you of each person
13  who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not
14  identify anyone who simply typed or reproduced the responses.)

15  **RESPONSE:**

16      In addition to its General Objections listed above, TAEC objects to Interrogatory No.
17  1 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by
18  one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have
19  already exceeded the 25-interrogatory limit of Rule 33(a)(1).

20  **INTERROGATORY NO. 2:**

21      Identify separately for each year from 2003 to 2009, each of MTPD's board and
22  committees, including (a) its full name; (b) a brief description of its function; and (c) all
23  members of that board or committee.

24  **RESPONSE:**

25      In addition to its General Objections listed above, TAEC objects to Interrogatory No.
26  2 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by
27  one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have
28  already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

**INTERROGATORY NO. 3:**

Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers, including the name of each company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his or her title, business address, the division or unit of the company where such individual worked, and a description of his or her responsibilities for each position or title held.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 3 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 3 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 3 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 3 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba Electronic Components, Inc., and Toshiba America Information Systems, Inc.

TAEC further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**INTERROGATORY NO. 4:**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or vice versa, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 4 to the extent that the term "transferred" is vague.

TAEC further objects to Interrogatory No. 4 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 4 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 4 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 4 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

1   TAEC further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which limits
2   the number of interrogatories that may be served by one party on another party to 25 (twenty-
3   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
4   of Rule 33(a)(1).

5   **INTERROGATORY NO. 5:**

6   List the date, nature, and amount of any payments you made from 2003 to 2009 to
7   individuals who were employed by or worked for MTPD, and describe with specificity
8   whether such payments occurred directly to the employee, through some social fund or other
9   entity or governmental program.

10   **RESPONSE:**

11   In addition to its General Objections listed above, TAEC objects to Interrogatory No.
12   5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
13   relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14   TAEC also objects to Interrogatory No. 5 because the term "payment" is vague.

15   TAEC further objects to Interrogatory No. 5 because the terms "social fund," "other
16   entity," and "governmental program" are vague.

17   TAEC further objects to Interrogatory No. 5 to the extent that it seeks information
18   beyond the putative class period.

19   TAEC further objects to Interrogatory No. 5 to the extent that it is harassing, invasive,
20   or seeks personal confidential information, the disclosure of which is prohibited by a law,
21   regulation, or order of a court or another authority of a foreign jurisdiction in which the
22   information is located.

23   TAEC further objects to Interrogatory No. 5 to the extent it seeks information that is
24   not within TAEC's possession, custody, or control and because any such information is
25   equally accessible to the Plaintiffs as to TAEC.

26   TAEC further objects to Interrogatory No. 5 to the extent that it calls for information
27   regarding distinct corporate entities and persons not controlled by TAEC.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

1   TAEC further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which limits

2   the number of interrogatories that may be served by one party on another party to 25 (twenty-

3   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

4   of Rule 33(a)(1).

5   **INTERROGATORY NO. 6:**

6   For every person identified in Interrogatory Nos. 2 and 3, state, for each year from

7   2003 to 2009, as applicable:

8       i.   The type or nature of any offered or accepted (a) stock option plan or other equity

9          incentive plan, (b) bonus or other discretionary periodic payment, and (c) any

10         other employee benefits; and

11      ii.  the identity of each individual or company who set, maintained, funded, or

12         administered his or her (a) payroll, (b) bonus or other discretionary periodic

13         payment, (c) stock option plan or other equity incentive plan, and (d) and any other

14         employee benefits.

15  **RESPONSE:**

16  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

17  6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

18  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

19  TAEC also objects to Interrogatory No. 6 to the extent that it is harassing, invasive, or

20  seeks personal confidential information, the disclosure of which is prohibited by a law,

21  regulation, or order of a court or another authority of a foreign jurisdiction in which the

22  information is located.

23  TAEC further objects to Interrogatory No. 6 to the extent that it seeks information

24  beyond the putative class period.

25  TAEC also objects to Interrogatory No. 6 to the extent it seeks information that is not

26  within TAEC's possession, custody, or control and because any such information is equally

27  accessible to the Plaintiffs as to TAEC.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

1   TAEC further objects to Interrogatory No. 6 to the extent that it calls for information

2   regarding distinct corporate entities and persons not controlled by TAEC.

3   TAEC further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which limits

4   the number of interrogatories that may be served by one party on another party to 25 (twenty-

5   five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

6   of Rule 33(a)(1).

7   **INTERROGATORY NO. 7:**

8   State, for each year from 2003 to 2009, the identity of each individual who approved

9   or authorized MTPD's corporate operating budget, including, without limitations, the

10  estimates of revenues, the estimates of operating and capital expenditures, and the estimates

11  of borrowings.

12  **RESPONSE:**

13  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

14  7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

15  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

16  TAEC further objects to Interrogatory No. 7 to the extent that it seeks information

17  beyond the putative class period.

18  TAEC also objects to Interrogatory No. 7 to the extent it seeks information that is not

19  within TAEC's possession, custody, or control and because any such information is equally

20  accessible to the Plaintiffs as to TAEC.

21  TAEC further objects to Interrogatory No. 7 to the extent that it calls for information

22  regarding distinct corporate entities and persons not controlled by TAEC.

23  TAEC further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which limits

24  the number of interrogatories that may be served by one party on another party to 25 (twenty-

25  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

26  of Rule 33(a)(1).

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 8:**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 8 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 8 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 8 to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule.

TAEC further objects to Interrogatory No. 8 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 8 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 9:**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 9 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 9 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 9 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 9 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

TAEC further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 10:**

For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing mechanism or decision process by which MTPD decided on the price for those sold CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed for non- Toshiba affiliated purchasers of CRTs.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 10 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 10 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to the term "pricing mechanism or decision process" because it is vague.

TAEC further objects to Interrogatory No. 10 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 10 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 of the  IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  TAEC further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which limits

2  the number of interrogatories that may be served by one party on another party to 25 (twenty-

3  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

4  of Rule 33(a)(1)

5  **INTERROGATORY NO. 11:**

6  List, for each year from 2003 to 2009, the name, term and nature of every service level

7  agreement or other contract relating to professional services you entered into with MTPD

8  (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human

9  resources, accounting and sales support services).

10  **RESPONSE:**

11  In addition to its General Objections listed above, TAEC objects to Interrogatory No.

12  11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

13  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

14  TAEC also objects to Interrogatory No. 11 to the extent it seeks information that is not

15  within TAEC's possession, custody, or control and because any such information is equally

16  accessible to the Plaintiffs as to TAEC.

17  TAEC further objects to the terms "service level agreement," and "other contract

18  relating to professional services" because they are vague.

19  TAEC further objects to Interrogatory No. 11 to the extent that it calls for information

20  regarding distinct corporate entities and persons not controlled by TAEC.

21  TAEC further objects to Interrogatory No. 11 to the extent that it seeks information

22  beyond the putative class period.

23  TAEC further objects to Interrogatory No. 11 to the extent that it is harassing,

24  invasive, or seeks confidential information, the disclosure of which is prohibited by law,

25  regulation, or order of a court or another authority of a foreign jurisdiction in which the

26  information is located.

27  TAEC further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits

28  the number of interrogatories that may be served by one party on another party to 25 (twenty-

**CONFIDENTIAL**

1  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
2  of Rule 33(a)(1).

3  **INTERROGATORY NO. 12:**

4      State the date, amount and interest rate (if applicable) of each capital or equity
5  injection, loan or other financial contribution you provided to MTPD.

6  **RESPONSE:**

7      In addition to its General Objections listed above, TAEC objects to Interrogatory No.
8  12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither
9  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10      TAEC also objects to Interrogatory No. 12 to the extent it seeks information that is not
11  within TAEC's possession, custody, or control and because any such information is equally
12  accessible to the Plaintiffs as to TAEC.

13      TAEC further objects to the terms "capital or equity injection, loan or other financial
14  contribution" because they are vague.

15      TAEC further objects to Interrogatory No. 12 to the extent that it calls for information
16  regarding distinct corporate entities and persons not controlled by TAEC.

17      TAEC further objects to Interrogatory No. 12 to the extent that it seeks information
18  beyond the putative class period.

19      TAEC further objects to Interrogatory No. 12 to the extent that it is harassing,
20  invasive, or seeks confidential information, the disclosure of which is prohibited by law,
21  regulation, or order of a court or another authority of a foreign jurisdiction in which the
22  information is located.

23      TAEC further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which limits
24  the number of interrogatories that may be served by one party on another party to 25 (twenty-
25  five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit
26  of Rule 33(a)(1).

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**INTERROGATORY NO. 13:**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 13 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to the term "guarantee" because it is vague.

TAEC further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

TAEC further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 14:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  covering board members and executives of MTPD, and identify which company (including

2  any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance

3  premiums.

4  **RESPONSE:**

5      In addition to its General Objections listed above, TAEC objects to Interrogatory No.

6  14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither

7  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8      TAEC also objects to Interrogatory No. 14 to the extent it seeks information that is not

9  within TAEC's possession, custody, or control and because any such information is equally

10 accessible to the Plaintiffs as to TAEC.

11     TAEC further objects to Interrogatory No. 14 to the extent that it calls for information

12 regarding distinct corporate entities and persons not controlled by TAEC.

13     TAEC further objects to Interrogatory No. 14 to the extent that it seeks information

14 beyond the putative class period.

15     TAEC further objects to Interrogatory No. 14 to the extent that it is harassing,

16 invasive, or seeks confidential information, the disclosure of which is prohibited by law,

17 regulation, or order of a court or another authority of a foreign jurisdiction in which the

18 information is located.

19     TAEC also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the

20 number of interrogatories that may be served by one party on another party to 25 (twenty-

21 five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit

22 of Rule 33(a)(1).

23

24

25

26

27

28

CONFIDENTIAL

Dated: September 5, 2014

**WHITE & CASE**LLP

By: _____

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA  94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA  94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email:  Emilio.varanini@doj.ca.gov |
|---|---|
| ALL DEFENSE COUNSEL | |

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO
INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA
DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2