# Exhibit 7

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

September 12, 2014

**FILED UNDER SEAL**

**HIGHLY CONFIDENTIAL**

**Via Email: jay.weil@fedarb.com**

Hon. Vaughn R. Walker (Ret.)
c/o Mr. Jay Weil
FEDERAL ARBITRATION, INC.
288 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917
      **Motion to Compel Interrogatory Responses**

Dear Judge Walker:

I write on behalf of the Indirect Purchaser Plaintiffs ("IPPs") to move to compel responses from Toshiba[1], Panasonic[2], and Philips[3] (collectively "Defendants") to interrogatories propounded by IPPs. IPPs served one set of common interrogatories, 25 in total, on each Defendant (the "Common Interrogatories"), and then served an additional set, 14 in total, on both Toshiba and Panasonic (the "Supplemental Interrogatories"). As discussed in the brief status conference held with Your Honor on September 10, 2014, this letter brief addresses three specific deficiencies that the Defendants' responses to the interrogatories share in common.[4] With respect to these three common issues, and in accordance with Federal Rule of Civil

---

[1] "Toshiba" includes: Toshiba Corp.; Toshiba America, Inc.; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, LLC; and Toshiba America Electronic Components, Inc.

[2] "Panasonic" includes: Panasonic Corp.; Panasonic Corp. of North America; and MT Picture Display Co., Ltd.

[3] "Philips" includes: Koninklijke Philips Electronics N.V.; Philips Electronics North America Corp.; Philips Taiwan, Ltd.; and Philips Do Brasil, Ltda.

[4] Plaintiffs continue to meet and confer with Defendants to address more Defendant-specific issues associated with their answers, and may submit an additional motion with respect to those issues on September 19.

Hon. Vaughn R. Walker (Ret.)
September 12, 2014
Page 2 of 9

Procedure ("Rule") 37 and Civil L.R. 37-1(a), the parties have met and conferred, are at an impasse, and seek judicial resolution.

As set forth in greater detail below, the three issues are as follows:

1. In numerous interrogatory answers, Defendants have generally referred IPPs to "the document production" or to "publicly available documents" without providing any further specificity about what the documents are or where they are located. Defendants must comply with Rule 33(d)(1) and applicable case law and identify, with specificity (by identifying the Bates numbers), the location of documents that are responsive to the interrogatory.

2. In Toshiba's responses to Interrogatory No. 7, which inquires about the evidence Defendants will rely upon in support of their asserted affirmative defenses, Toshiba refuses to answer or provide more than a conclusory statement about its affirmative defenses. At the close of fact discovery, Toshiba must identify the evidence upon which it will rely in support of its affirmative defenses, or alternatively, withdraw the defenses.

3. Defendants avoid answering multiple interrogatories altogether on the grounds that IPPs have purportedly exceeded the allowable number of interrogatories under Rule 33(a)(1). Defendants' position relies upon creative counting methods to argue that IPPs have exceeded 25 interrogatories. They also ignore the plain language of Rule 33(a)(1), which allows 25 interrogatories *per party*. These interrogatories must be answered.

IPPs request an order:

1. Compelling Toshiba and Panasonic (for those interrogatories identified in Appendix A) to identify, in accordance with Rule 33(d)(1) and applicable case law, the location of documents "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could";

2. Compelling Toshiba (for those interrogatories identified in Appendix B) to provide the evidentiary basis upon which it will rely for its assertion of certain pled affirmative defenses; and

3. Compelling Defendants to provide answers for each interrogatory they refused to respond to on the grounds that IPPs purportedly exceeded the 25 interrogatory numerical limit set forth in Rule 33(a)(1).

//

//

A.      **Defendants Must Specifically Identify Business Records And Relevant Public Documents In Accordance With Rule 33(d)(1) And Applicable Case Law.**

In numerous interrogatories that request certain information from Defendants, Toshiba and Panasonic merely refer IPPs generally to "documents already produced in this litigation" or "documents available to the public," rather than answering the interrogatories.[5] (*See* Appendix A-1 (Toshiba) and A-2 (Panasonic)). These defendants object to the interrogatories at issue, stating that the burden of identifying specific responsive information from documents produced in the course of this litigation is substantially the same for either party.

Defendants appear to be invoking Rule 33(d), which permits a party to respond to an interrogatory by identifying specific business records "*if* the burden of deriving or ascertaining the answer will be substantially the same for either party." Rule 33(d). For the reasons described below, these defendants' responses do not satisfy Rule 33(d)(1), which requires them to "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Rule 33(d)(1).

First, defendants failed to properly invoke Rule 33(d) in the interrogatory responses at issue and thus waived their right to rely on the documents produced in this litigation.[6]

Second, Rule 33(d)(1) requires Defendants to specify the records that must be reviewed in sufficient detail so that Plaintiffs can identify the responsive records. *See Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) ("A party that elects to avail itself of this option . . . must 'specify where in the records the answers [can] be found.'") (quoting *Rainbow Pioneer # 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983)). *See id.* at 323 (the "response that the information requested could be found in business records is inadequate under Rule 33(d) because it failed to identify where in the records the answers could be found.").[7] Defendants' vague reference to "documents produced in the course of this litigation" falls far short of what the case law requires.

---

[5] Appendix A identifies the specific interrogatory responses at issue here.

[6] *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, at *16 (E.D. Cal. Sept. 21, 2007) ("any reference to records contained in the interrogatories . . . are out of compliance with Rule 33(d) because that rule requires an affirmative, verified representation that the information requested can indeed be found in the documents"); *Flour Mills of Am., Inc. v. Pace*, 75 F.R.D 676, 680-81 (E.D. Okla. 1977) (requiring plaintiff to file a supplemental answer to interrogatory because objection that answers may be derived directly from the documents did not properly invoke Rule 33(d)).

[7] *See also In re Fresh & Process Potatoes Antitrust Litig.,* 2014 U.S. Dist. LEXIS 12595, at *16 (D. Idaho Jan. 31, 2014) ("[T]he responding party must "specifically designate what business records answer each interrogatory'. . . . '[R]eferring to business records *en masse,* without specifying particular documents is 'an abuse of the option.'") (internal citations omitted); *O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 277 (C.D. Cal. 1999) ("[U]nder Rule 33(d), the responding party chooses to produce business records in answer to the interrogatories—not to

Third, the burden of identifying which documents are responsive to IPPs' interrogatories is not substantially the same for IPPs as it is for Defendants. *See* Rule 33(d). Three factors are considered to weigh the respective burdens of the parties: (1) the cost of the necessary research; (2) the nature of the relevant records; and (3) the responding party's familiarity with its own records.[8] Not only are Defendants more familiar with their own documents than the IPPs, but many of the documents that have already been produced in this litigation are in Chinese, Japanese, or Korean, which makes it far easier and less costly for *defendants* to identify documents responsive to the IPP's interrogatories.[9] Because defendants fail to specifically identify *any* responsive documents, IPPs are unable to ascertain which documents defendants contend are responsive.

Moreover, these defendants produced documents as they were kept in the ordinary course of business pursuant to Rule 34(b)(2)(E)(i). They have never identified which documents are responsive to which request(s). Thus, to refer Plaintiffs to "documents produced in Response to Request No. X of the Y Set of Requests for Production"[10] is to provide no information at all.

---

avoid answering them. To answer an interrogatory, a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived."); *United States ex rel Englund v. Los Angeles County,* 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("If compilations and summaries exist, these should be made available.").

[8] *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449, 454 (W.D.N.C. 1991); *RSI Corp. v. Int'l Bus. Machines Corp.,* No. 5:08–cv–3414 RMW, 2012 WL 3095396, at *1-2 (N.D. Cal. July 30, 2012).

[9] *See E. & J. Gallo Winery v. Rallo,* No. 1:04cv5153 OWW DLB, 2006 U.S. Dist. LEXIS 84048, at *5 (E.D. Cal. Nov. 8, 2006) ("Normally, in responding to a request for production of documents, the requesting party would bear the cost of translating documents written in a foreign language. However, here, [defendant] has made the decision to produce the documents in lieu of responding to an interrogatory, which imposes the duty on [defendant] to provide documents from which the response to the interrogatory is clearly ascertainable. Referencing documents written in a foreign language does not completely fulfill this duty."). *See also Sungjin Fo–Ma, Inc. v. Chainworks, Inc.,* No. 08-CV-12393, 2009 U.S. Dist. LEXIS 58059, at *11-12 (E.D. Mich. July 8, 2009) (concluding that plaintiff's reliance on invoices written in Korean to respond to defendant's interrogatories did not comply with Rule 33(d)); *Nature's Plus Nordic A/S v. Natural Organics,* 274 F.R.D. 437, 440 (E.D.N.Y. 2011) (granting motion to compel translation of documents the responding party identified and relied upon in response to interrogatories pursuant to Rule 33(d)). To the extent defendants identify responsive documents that are in a foreign language, IPPs request that the Court order Defendants to produce English translations.

[10] For example, in response to IPPs' Interrogatory Nos. 9, 13-14, and 16, Toshiba "refer[s] Plaintiffs to documents and information previously produced by Toshiba Corp. in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories. *See* Appendix A-1.

IPPs have no way of knowing what documents were produced in response to any given request until Defendants are required to identify such documents *by Bates number.*

Panasonic's responses to IPP's Supplemental Interrogatories Nos. 2-7 and 9-14 (which predominantly concern ownership and control issues) make the same reference to all the documents produced in this case without referencing specific documents. (*See* Appendix A-3). In addition, Panasonic's responses to IPP's Supplemental Interrogatories make an additional reference to publicly available documents without specifying which public documents. This general reference to public documents is improper.[11] Therefore, IPPs also request that the Court order that Panasonic specify Bates numbers for responsive documents and specify the identity and location of which public documents Panasonic relies upon in each applicable response in the Supplemental Interrogatories.[12]

In short, Defendants may not avoid responses to IPPs' Interrogatories by merely pointing to a mass of business records from which the answers cannot readily be ascertained. Under the Federal Rules, the interrogatories "*must* be answered . . . by any officer or agent, who *must* furnish the information available to the party." Rule 33(b)(1)(B) (emphasis added). This legal duty to furnish information available to the Defendants—be it by means of a traditional interrogatory response or by invoking Rule 33(d)—is unaffected by whatever information may have previously been produced. *See Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D. Cal. 1996) (holding in a Rule 33(d) context that "merely refer[ring] to documents [defendant] claims to be in the possession of plaintiff . . . [is] insufficient; defendant DeFabiis is required to produce documents he has in his possession, custody or control, *regardless of whether he believes plaintiff already has those documents*.") (emphasis added).

Defendants Toshiba and Panasonic should be ordered to provide narrative responses or supplement their responses to comply with Rule 33(d)(1).

---

[11] *See Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc'y*, 298 F.R.D. 633, 647 (S.D. Cal. 2014) (discussing Rule 33(d) and holding that the defendant must either answer an interrogatory or, alternatively, specify and produce documents, even if the information can be obtained from public records); *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) ("It is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'") (citation omitted).

[12] Toshiba's responses to IPPs' Supplemental Interrogatories (which predominantly concern ownership and control issues) are also deficient, since Toshiba chose not to substantively respond to any of them based upon its misguided interpretation of the 25-interrogatory limit (*see* Section C herein). In addition to objecting to each on the grounds of super-numeracy, Toshiba also objected on other grounds that will be addressed in a separate motion to be filed next week against Toshiba alone if additional meet and confer efforts do not resolve the disputes.

### B. Toshiba Has Failed to Provide the Necessary Factual Basis for Its Affirmative Defenses in Response to Interrogatory No. 7.

IPPs' Interrogatory No. 7 requests that Defendants identify the evidence in support of their affirmative defenses, or state which, if any, defenses are no longer being asserted. But, as detailed below and in Plaintiffs' Appendix B, Toshiba's interrogatory responses fail to answer *which* defenses are still being asserted or *what* the evidentiary basis is for any of these remaining defenses.[13]

Toshiba listed **102 defenses** in its Answers. None of these was labeled as an affirmative defense. When Toshiba responded to Interrogatory No. 7, it unilaterally decided that only eleven were "affirmative defenses" (as opposed to mere "defenses"). Toshiba also stated that it "takes no position at this time as to whether any of the Plaintiffs' claims against Toshiba . . . are barred, in whole or in part" by eight of these, and it refused to provide any of the facts it has in its possession regarding these defenses. (*See* Appendix B). This type of response at this stage is wholly unsupportable, especially when compared to the responses from Hitachi, which explicitly state that Hitachi has "not identified evidence supporting [a specific affirmative] defense." The purpose of contention interrogatories "is not to obtain facts, but rather to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position."[14]

Plaintiffs are entitled to know which affirmative defenses Toshiba is now asserting and the facts upon which these defenses are based. In pleading their affirmative defenses, Toshiba has represented to the Court that the factual contentions upon which they are based have evidentiary support (or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation). Accordingly, it is Toshiba's burden to provide all facts that it relied upon for its affirmative defenses.[15]

Courts in this Circuit have ordered defendants answering interrogatories to recite the facts upon which they rely in support of their affirmative defenses.[16] Accordingly, Plaintiffs request

---

[13] Philips failed to provide any response to Interrogatory No. 7 on the grounds that IPPs have exceeded the total allowable number of interrogatories under Rule 33(a)(1). Philips should be compelled to provide a complete response to Interrogatory No. 7 for the reasons outlined in Section C below.

[14] *Folz v. Union Pacific Railroad Co.*, No. 13–CV–00579–GPC–(PCL), 2014 WL 357929, at *1 (S.D. Cal. Jan. 29, 2014) (citing *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. C98–3477-CRB (JCS), 1999 WL 33292943, at *7 (N.D. Cal. 1999).

[15] *See, e.g*., *Fox v. California Sierra Fin. Servs.,* 120 F.R.D. 520, 530 (N.D. Cal. 1998) ("[By] asserting affirmative defenses the defendants have placed in the information supporting those affirmative defenses at issue in this lawsuit.").

[16] *See Robinson v. Adams,* No. 1:08-cv-01380-AWI-SMS PC, 2011 U.S. Dist. LEXIS 60370, at *27-28 (E.D. Cal. May 26, 2011) (ordering defendant to answer interrogatory to "state all the facts relied upon that support your affirmative defenses"); *Facebook, Inc. v. ConnectU LLC,* No.

that Toshiba be compelled to supplement the responses listed in Appendix B and identify all facts and evidence in support of its affirmative defenses. Alternatively, if Toshiba has no reasonable factual basis for any of its affirmative defenses, these defenses must be withdrawn.

      **C.    Defendants Have Improperly Applied the 25-Interrogatory Limit in Rule 33(a)(1) to Avoid Responding to Properly Served Interrogatories While Simultaneously, and Disproportionately, Serving 378 Interrogatories Upon IPPs.**

Defendants have refused to respond to many of the interrogatories served by IPPs because they claim —wrongly—that IPPs have exceeded the allowance of 25 interrogatories under Rule 33(a)(1).[17]

Defendants use an "over-counting" method to avoid answering the bulk of IPPs' 25 legitimately-propounded Common Interrogatories. IPPs' Interrogatory No. 7 asks: "For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted." Toshiba and Panasonic have pled 102 and 41 affirmative defenses, respectively. The majority of these defenses have absolutely no evidentiary basis and were apparently pled in a "kitchen-sink" approach. Creatively, each of these defendants has counted its response to Interrogatory No. 7, for each "kitchen sink" affirmative defense, as a response to a separate interrogatory. And since the number of affirmative defenses that each Defendant pled far exceeds 25, each Defendant stops answering Interrogatory No. 7 in mid-stream and refuses to answer all subsequent interrogatories, arguing that IPPs have exceeded the 25 interrogatory limit.

Philips has taken a slightly different tack. Philips skipped Interrogatory No. 7 altogether and answered Interrogatory Nos. 8-25. But like the other Defendants, Philips claims that Interrogatory No. 7 constitutes separate interrogatories for each affirmative defense and thus

---

C 07-01389(RS), 2007 WL 2349324, at *1 (N.D. Cal. Aug. 14, 2007) ("[T]o determine the precise nature of the defendant's affirmative defenses, plaintiff will rarely need to do more than propound a simply 'state all facts'" interrogatory."); *Ollier v. Sweetwater Union High Sch. Dist.,* No. 07cv714-L(WMc), 2010 U.S. Dist. LEXIS 126089, at *2-3 (W.D. Wash. Nov. 30, 2010) (striking defendants' trial testimony for failing to disclose information in response to interrogatories "requesting that defendants identify all facts on which they based their denial of allegations of the complaint and affirmative defenses"); *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP,* 256 F.R.D. 678, 678 (C.D. Cal. 2009) (holding that "[p]laintiff properly sought information regarding defendant's affirmative defenses").

[17] Toshiba and Panasonic objected and provided only a partial response to Interrogatory No. 7, and provided no response to Interrogatories 8 through 25 of the Common Interrogatories. Philips objected and provided no response to Interrogatory No. 7 of the Common Interrogatories. And Toshiba and Panasonic objected and did not answer any of the Supplemental Interrogatories.

exceeds the 25 interrogatory limit. The result is that Philips has avoided identifying *any* evidentiary basis for *any* of its more than 40 affirmative defenses.

Defendants' method of using the sheer volume of their dubiously pled affirmative defenses as a weapon to "over-count" Interrogatory No. 7, and thus limit the discovery they are obligated to answer, is inappropriate on two fronts. First, as Defendants' limited answers to Interrogatory No. 7 make clear, they had no evidentiary basis to assert most of their affirmative defenses in the first place.[18] Second, by counting each answer to a dubiously pled affirmative defense as a separate interrogatory answer, Defendants have rewarded their own duplicitous behavior. The more affirmative defenses they plead, the fewer interrogatories they respond to. Both tactics are an abuse of the pleading and discovery process.

Contention interrogatories are an appropriate basis, at the end of fact discovery, to narrow the issues and determine what defenses a party intends to legitimately assert at trial. *Folz* 2014 WL 357929, at *1 (citing *Lexington,* 1999 WL 33292943, at *7). Defendants should fully answer Interrogatory No. 7 and be confronted with the "fish or cut bait" decision as to whether they truly intend to assert the defense at trial. If they cannot produce evidence in support of a defense, it is time for them to abandon it.

Moreover, even if one accepts Defendants' "over-counting" of Interrogatory No. 7, IPPs are well within the numerical limits set forth in Rule 33. As Rule 33 makes clear, the 25-interrogatory limit applies to each "party," not each "side."[19] Here, there are 25 court-appointed IPP class representatives. Each is a separate party to this action and each is entitled to serve 25 interrogatories on each defendant. *See Trevino v. ABC Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) ("each plaintiff may serve each defendant with 25 interrogatories"); 7 Claudia Wilken, Moore's Federal Practice - Civil § 33.30 (3d ed. 2014) ("any party may serve interrogatories on any other party to a proceeding. Therefore, in multiparty cases, a party may serve 25 interrogatories on each other party involved. For example, if parties A and B are suing parties X, Y, and Z, then A can serve 25 interrogatories on X, 25 on Y, and 25 on Z, and B can do the same."); *see also St. Paul Fire & Marine Ins. Co v Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003) (determining the court's local rule limiting interrogatories to 25 per side unenforceable in contravention of Rule 33's allowance of 25 interrogatories per party and allowing 75 total interrogatories).

Case law makes clear that in the class action context, each class representative may serve 25 interrogatories under Rule 33. In *Trevino*, the plaintiffs jointly served 32 interrogatories on

---

[18] For example, in response to IPPs' Interrogatory No. 7, Toshiba provided evidence in support of only three out of the 102 defenses asserted in its Answer.

[19] The distinction between "party" and "side" in multi-party actions such as this one is made clear by comparing the plain language of Rules 30 and 33. Rule 30(a)(2)(A)(i) limits the number of depositions "by the plaintiffs or the defendants" to 10, whereas Rule 33(a)(1) allows "a party [to] serve on any other party no more than 25 written interrogatories…." Thus, there can be no question that each of the named IPPs is entitled to serve 25 interrogatories on each defendant.

one defendant and 34 on the other.  The court allowed each plaintiff to serve 25 interrogatories on each defendant, apportioning the interrogatories among the named plaintiffs, even though the interrogatories had been served jointly.  *See Trevino*, 232 F.R.D. at 614.  Likewise in *Zamora v. D'Arrigo Bros. Co.*, No. C04-00047 JW (HRL), 2006 U.S. Dist. LEXIS 21208, at *10 (N.D. Cal. Apr. 11, 2006), a certified class action, the court noted that "because there are four named plaintiffs, they can serve a total of 100 interrogatories on defendant."  Here, therefore, IPPs could have served 625 interrogatories on Defendants (25 class representatives times 25 interrogatories).  Thus, the total number of interrogatories propounded by Plaintiffs is well within the total number of interrogatories that they are allowed under Rule 33.

Finally, even if the Court determines that IPPs have exceeded the number of interrogatories permitted under Rule 33, IPPs respectfully submit that the Court should exercise its discretion in permitting the additional interrogatories, as a matter of discovery reciprocity.  Defendants have propounded 378 separate interrogatories on IPPs.  This is far more than the number of interrogatories IPPs have propounded, even if requests for facts supporting each request for admission are counted as separate interrogatories.  Given the size and complexity of the case, Defendants will not be unduly prejudiced by being asked to respond to a modest number of interrogatories in excess of 25.  *See In re Google Adwords Litig.,* No. C08-03369 JW (HRL), 2011 U.S. Dist. LEXIS 35903, at *5 (N.D. Cal. Apr. 1, 2011) (approving interrogatories that exceeded limit in a complex case where "Plaintiffs were acting consistently with the course of conduct in this large and complicated case").

For all of the foregoing reasons, the Court should issue an order compelling Defendants to fully respond to all of IPPs' interrogatories as requested in this letter brief.

                                              Sincerely,

                                              */s/* Mario N. Alioto
                                              Mario N. Alioto

                                              Lead Counsel for the Indirect Purchaser Plaintiffs

cc. All Counsel (*via* electronic mail)