# Exhibit 8

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2280 Union Street
San Francisco, California 94123
(415) 563-7200
Fax (415) 346-0679

September 19, 2014

**FILED UNDER SEAL**
**HIGHLY CONFIDENTIAL**

Via Email

Hon. Vaughn R. Walker (Ret.)
c/o Mr. Jay Weil
Federal Arbitration, Inc.
288 Hamilton Avenue, 3rd Floor
Palo Alto, California 94301
jay.weil@fedarb.com

**Re:**   ***In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Master Case No. 3:07-cv-5944 SC**

Dear Judge Walker:

The Indirect Purchaser Plaintiffs ("Plaintiffs") move to compel supplemental responses from Toshiba[1] to: (1) Interrogatory Number 7 of Indirect Purchaser Plaintiffs' First Set of Interrogatories to All Defendants; (2) Request Numbers 62 and 63 of Indirect Purchaser Plaintiffs' Fourth Set of Requests For Production to Toshiba Defendants; and (3) Indirect Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants.

Plaintiffs propounded similar discovery requests on Panasonic.[2]   Plaintiffs have resolved all outstanding issues with Panasonic regarding this discovery except Panasonic's objection to

---

[1] "Toshiba" includes Toshiba Corp., Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, LLC, and Toshiba America Electronic Components, Inc.  All entities served responses that were substantively identical.

[2] "Panasonic" includes Panasonic Corporation, Panasonic Corporation of North America, and MT Picture Display Co., Ltd. ("MTPD").  Plaintiffs served the following requests on Panasonic: (1) Indirect Purchaser Plaintiffs' First Set of Interrogatories to Panasonic Defendants; and (2) Indirect Purchaser Plaintiffs' Fourth Set of Requests For Production of Documents to Panasonic Defendants.

Hon. Vaughn R. Walker (Ret.)
September 19, 2014
Page 2

Request For Production Number 62.[3]  Plaintiffs hereby also move to compel Panasonic to produce documents responsive to that Request.

This present motion addresses issues that are separate from those discussed in Plaintiffs' motion filed on September 12, 2014 (the "Omnibus Motion"). The issues are straightforward. Toshiba has not provided an adequate response to Interrogatory Number 7, which seeks evidence regarding its affirmative defenses. Since fact discovery has now closed, Toshiba should inform Plaintiffs whether any evidence supports its 102 defenses in this case or let Plaintiffs know it has abandoned them.

Toshiba and Panasonic should also be required to produce their employees' witness statements to governmental antitrust authorities regarding the CRT conspiracy.  Such witness statements are plainly relevant to the subject matter of this litigation and Defendants' objections to disclosure have no merit.

Finally, Toshiba has refused to respond to any of Plaintiffs' Interrogatories seeking information regarding its ownership and control over MTPD (a CRT joint venture it formed with co-defendant Panasonic), on the ground that this set of interrogatories exceeds the limit of Fed. R. Civ. Pro. ("Rule") 33(a)(1).  The Omnibus Motion rebutting that argument is already before Your Honor.  Plaintiffs request that Toshiba be required to respond to these Interrogatories following a ruling on that motion.

## I.      Toshiba's Response to Interrogatory Number 7 of Plaintiffs' First Set of Interrogatories to All Defendants Is Inadequate

Plaintiffs' Interrogatory Number 7 seeks any evidence supporting Toshiba's affirmative defenses in this action.  Toshiba responded inadequately, providing a minimal substantive response[4] as to only one affirmative defense and none as to the remaining 101 defenses it asserted in its answer.  The remainder of its response consists of unintelligible statements and objections.

Toshiba's response to Interrogatory No. 7 is impermissibly evasive and ambiguous. Toshiba's response states:

---

[3] The Objections and Responses of Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd. to Indirect Purchaser Plaintiffs' Fourth Set of Requests for Production of Documents are attached as Exhibit 1 to the Declaration of Lauren C. Capurro In Support of Motion to Compel Production of Documents from the Panasonic Defendants ("Capurro Decl.").

[4] Attached as Appendix A, is a copy of each interrogatory in dispute, together with Toshiba's response.

Hon. Vaughn R. Walker (Ret.)
September 19, 2014
Page 3

> Subject to and without waiving the objections stated above,
> Toshiba Corp. identifies the affirmative defenses enumerated in its
> Answer of the Indirect Purchaser Plaintiffs' Complaint (ECF No.
> 850), including, but not limited to, Toshiba Corp.'s sixth,
> thirteenth, fourteenth, fifteenth, twenty-first, thirty-first, thirty-
> second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-seventh
> defenses.

During the meet and confer process, Plaintiffs asked what "Toshiba *identifies*" certain affirmative defenses meant in the context of this response. Toshiba explained that it regards as *affirmative* defenses only those defenses on which it bears the burden of proof, and that its response is limited to those defenses. (Birkhaeuser Declaration, Exhibits A and B). This part of the response is not intelligible or logical. The request seeks *evidence* supporting affirmative defenses.[5] If Toshiba has such evidence, it should serve a supplemental response describing and identifying that evidence. If not, it should indicate that it abandons the defense, as the interrogatory requests.[6]

Moreover, Plaintiffs disagree with Toshiba's narrow classification of only some of its 102 defenses as "affirmative," i.e., on which it has the burden of proof. Toshiba has asserted numerous defenses that, if pursued, will require Toshiba to make an affirmative factual showing at trial. For example, Toshiba's Seventeenth Defense states that Plaintiffs' claims are barred because "any alleged injuries and damages were … caused, if at all, solely and proximately by the conduct of third parties. . . ." If true, Plaintiffs would like to know who these third parties are and what, exactly, was their conduct. Similarly, the Eighteenth Defense alleges that Plaintiffs' claims are barred "because all such conduct would have been committed by individuals acting *ultra vires*." If Toshiba truly intends to assert that its executives carried out a price fixing conspiracy for a dozen years without any authority from the company, Plaintiffs need to be provided with all the facts that Toshiba believes support that defense. As a final example, the Twenty-Sixth Defense states that if Toshiba acted as Plaintiffs allege, it was doing so because some government entity directed it to do so. Again, if Toshiba really intends to adhere to this defense, it should provide Plaintiffs with the facts supporting it. If there are no such facts, Toshiba should abandon the defense.

---

[5] On September 18, 2014, Toshiba wrote Plaintiffs a letter claiming that it *had* responded as to *all* affirmative defenses and offering to further meet and confer if Plaintiffs disagree. Birkhaeuser Declaration, Exhibit B. A cursory reading of Toshiba's response shows that the predicate is untrue. Nonetheless, Plaintiffs will further meet and confer with Toshiba and report back to the Special Master if any progress is made.

[6] Toshiba also objects that "discovery is ongoing" and reserves its right to supplement the responses at a later time. That is not true either. Fact discovery has closed and Toshiba should provide complete responses to the timely-served discovery requests.

Hon. Vaughn R. Walker (Ret.)
September 19, 2014
Page 4

Toshiba's response to Interrogatory No. 7 next states:

> Toshiba Corp. takes no position as this time as to whether any of
> the Plaintiffs' claims against Toshiba Corp. are barred, in whole or
> in part, by Toshiba Corp.'s sixth, thirteenth, fourteenth, fifteenth,
> twenty-first, fifty-sixth, sixty ninth, and eighty-seventh defenses.

This response provides the exact opposite of what Plaintiffs seek. The interrogatory asked Toshiba to take a position on each of its affirmative defenses. The request is appropriate because fact discovery has now closed and Plaintiffs have a right to discover which of the 102 defenses Toshiba will assert at trial and what evidence Toshiba believes supports them.

Toshiba's remaining objections require little discussion. Toshiba claims that the interrogatory is "unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Courts uniformly disagree. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 678 (C.D. Cal. 2009) (holding that "[p]laintiff properly sought information regarding defendant's affirmative defenses."); *Robinson v. Adams*, 2011 U.S. Dist. LEXIS 60370, at *27-28 (E.D. Cal. May 26, 2011) (ordering defendant to answer interrogatory to "state all the facts relied upon that support your affirmative defenses"). And, while it may require effort to respond as to 102 affirmative defenses, that wound is self-inflicted.

Finally, Toshiba objects on the ground that that its many separate affirmative defenses (a total of 102) must be counted as one interrogatory for each defense, and that the interrogatory thus exceeds the limit imposed by Rule 33(a)(1). This "supernumeracy" objection is addressed in the Omnibus Motion filed on September 12, 2014. But Toshiba does not stand by this objection. Toshiba claims it has provided a "complete response" to Interrogatory Number 7.[7] Since Toshiba has abandoned its supernumeracy objection to Interrogatory Number 7, this Court need only determine whether the supposedly complete response is adequate. As shown above, it is not.

Toshiba has already helped itself to a long extension of time by requiring Plaintiffs to address these non-responses and meritless objections. Plaintiffs request that the Special Master order Toshiba to provide a full, substantive response as to each of its defenses without further delay.

//

//

---

[7] *See* Birkhaeuser Declaration, Exh. B (Letter dated September 18, 2014 from Andrew Black to Daniel Birkhaeuser, at p. 1: "As I explained during our September 10, 2014, meet and confer, the Toshiba Defendants each provided a complete response to Interrogatory No. 7.")

Hon. Vaughn R. Walker (Ret.)
September 19, 2014
Page 5

## II.   <u>Toshiba's Objections to Request for Production of Documents Nos. 62 and 63</u>

The only issue presented by Toshiba's Objections to Indirect Purchaser Plaintiff's Fourth Request For Production of Documents is one that the Court has already considered and resolved against Toshiba.

Request for Production Number 62 seeks statements given to any governmental antitrust authorities by employees of Toshiba or the entity in which it was a joint venture partner, MTPD. Request number 63 seeks statements given to any governmental antitrust authorities by employees of any defendant.  Both requests are limited to investigations of the CRT industry.

Toshiba sets forth numerous objections and then limits its response to statements given to *one* U.S. governmental authority (the U.S. Department of Justice)—and then responds that no such statements exist. Toshiba's first objection is that these requests seek "information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  This objection is not asserted in good faith. Plainly, documents relating to governmental investigations of anti-competitive conduct in the CRT industry are highly relevant to the antitrust claims at issue in this litigation, which concern the same conduct, by the same actors, during the same time period.

Next, Toshiba objects on the ground that the requests seek "confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction" and because they seek to "invade the confidentiality of government investigations."

Your Honor has already held a hearing and issued a ruling on the subject matter of these requests.  During the deposition of Mr. Nishimura, Toshiba's counsel instructed the witness not to answer any questions regarding interviews with antitrust authorities.  At Plaintiffs' request, Your Honor convened an immediate hearing and heard the arguments of both parties.  Among other things, Toshiba claimed that the discovery was precluded by previous orders of the Court. Your Honor ruled that "since that prohibition of discovery no longer serves a useful purpose, it can, without violence to the purpose and intent of the order, be set aside by the parties, and discovery with respect to these government proceedings can go forward."   *See* Birkhaeuser Declaration, Exhibit C, p. 277.

After Your Honor's ruling, Mr. Nishimura conceded that he had given a statement to Japanese authorities, which was reduced to writing.[8] *See* Birkhaeuser Declaration, Exhibit D, p. 306.  Neither Toshiba, nor any other defendant, sought review of Your Honor's ruling.

Toshiba's objection that disclosure is "prohibited by a law, regulation, or order of a court" is therefore invalid.   To the extent Toshiba is referring Special Master Legge's Orders dated January 5, 2010 and March 28, 2011, these orders have been modified by Your Honor's ruling at the Nishimura deposition.  Toshiba has not identified any other order, law, or regulation that prohibits Toshiba from providing Plaintiffs with statements its employees have given to antitrust regulators.

Toshiba also objects on the ground that the requests seek "to invade the confidentiality of government investigations."  Toshiba has not claimed, and cannot claim, that producing witness statements that were given to governmental authorities would frustrate or impede any pending investigation.  These requests do not seek communications from governmental entities to Toshiba.  They do not seek any documents that would reveal the inner workings of the investigation itself.  They seek statements, given by defendants' employees, about the CRT conspiracy.

Toshiba's attempt to "limit" its response to U.S. Department of Justice investigations is especially improper given that Toshiba's employee testified that a statement to Japanese authorities exists.  It is also telling because if Toshiba really thought production would "invade the confidentiality of government investigations," then it should also dig in its heels on U.S. soil as well.

Toshiba should be compelled to produce all statements given to any governmental authority relating to any antitrust investigations of the CRT industry, not just domestic investigations.

## III.   Panasonic's Objections to Request for Production of Documents No. 62

In Request for Production Number 62 of Plaintiffs' Fourth Set of Requests for Production to Panasonic Defendants, Plaintiffs seek production of statements given to foreign governmental antitrust authorities relating to CRTs by employees of Panasonic Corporation, Panasonic Corporation of North America, MTPD, and/or Beijing Matsushita Color CRT Co., Ltd. ("BMCC").  Panasonic has admitted that such statements exist, but objects to producing them to Plaintiffs on the grounds that it would violate the principle of international comity, invade the confidentiality of government investigations, and infringe on unspecified privileges.  But

---

[8] On October 7, 2009, the Japanese Fair Trade Authority announced that it levied fines against MTPD entities totaling 1.7 Billion Yen for price fixing activities in the CRT industry. http://www.jftc.go.jp/en/pressreleases/yearly-2009/oct/individual-000037.html

Hon. Vaughn R. Walker (Ret.)
September 19, 2014
Page 7

Panasonic fails to explain the legitimate interests and hardship that would be endured or provide any support for their privilege objections.  For the same reasons articulated in the Your Honor's ruling at Nishimura deposition, Panasonic should comply with the request and produce all statements made to any foreign governmental antitrust authorities relating to investigations of the CRT industry.

## IV.   Toshiba's Responses to Plaintiffs' First Set of Interrogatories to the Toshiba Defendants

In addition to the interrogatories Plaintiffs served on all defendants, Plaintiffs also served a set on the Toshiba Defendants, tailored to issues specific to them.[9]

These interrogatories seek information relating to Toshiba's ownership and control over MTPD, a joint venture that Toshiba and its co-defendant Panasonic Corporation formed in 2003 to consolidate their CRT businesses.[10]  Toshiba claims that when it formed MTPD, it "exited" the CRT business and the alleged CRT conspiracy.  Plaintiffs contend that the formation of MTPD did not constitute Toshiba's exit from the CRT business (or the conspiracy) because Toshiba continued its involvement through MTPD.  Toshiba transferred employees to MTPD that previously conspired with other defendants and it was simply "business as usual" at MTPD. Plaintiffs' interrogatories therefore seek information regarding Toshiba's ownership and control over MTPD to counter Toshiba's withdrawal defense and establish Toshiba's liability for MTPD's unlawful, anti-competitive acts.

Toshiba refused to respond substantively to any of these interrogatories, relying on its "supernumeracy" objection under Rule 33(a)(1), among other objections.  Unlike Panasonic, which met and conferred in good faith with Plaintiffs and has agreed to respond to the ownership and control discovery served on them, Toshiba declined to meet and confer on its other objections, preferring instead to rely upon its Rule 33(a)(1) objection.  To the extent Toshiba is standing on those other objections, Plaintiffs were denied an opportunity to address them. Accordingly, if the Court rules in Plaintiffs' favor on the Rule 33(a)(1) objection, Plaintiffs ask that the Special Master order Toshiba to fully respond to this set of interrogatories following the ruling on the Omnibus Motion.

//

//

---

[9] Toshiba Corporation's responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to the Toshiba Defendants are attached to this letter brief as Appendix B.

[10] Plaintiffs served a very similar set of interrogatories on Panasonic seeking information regarding its ownership and control of MTPD and its Chinese CRT joint venture, BMCC.

Hon. Vaughn R. Walker (Ret.)
September 19, 2014
Page 8

**V.      Conclusion**

For the foregoing reasons, Plaintiffs request that the Special Master enter an order requiring a Verified Supplemental Response to the above interrogatories.  Plaintiffs also request that Toshiba be compelled to produce documents responsive to Request for Production Nos. 62 and 63, and that Panasonic be compelled to produce documents responsive to Request for Production No. 62.

Sincerely,

*/s/ Mario N. Alioto*
Mario N. Alioto
Trump Alioto Trump & Prescott LLP

Lead Counsel for the Indirect Purchaser Plaintiffs

cc:  All Counsel (*via* email)

APPENDIX A

## APPENDIX A

- **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS.**

**INTERROGATORY NO. 7:**

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 7 because requesting "all Evidence" for "each affirmative defense in your Answer" constitutes as more than one interrogatory under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Toshiba Corp. further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

Subject to and without waiving the objections stated above, Toshiba Corp. identifies the affirmative defenses enumerated in its Answer of the Indirect Purchaser Plaintiffs' Complaint (ECF No. 850), including, but not limited to, Toshiba Corp.'s sixth, thirteenth, fourteenth, fifteenth, twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

Toshiba Corp. takes no position as this time as to whether any of the Plaintiffs' claims against Toshiba Corp. are barred, in whole or in part, by Toshiba Corp.'s sixth,

71707

1

thirteenth, fourteenth, fifteenth, twenty-first, fifty-sixth, sixty ninth, and eighty-seventh defenses.

Toshiba Corp. takes no position at this time as to whether any of the Plaintiffs' claims against Toshiba Corp. are barred in whole or in part, by Toshiba Corp.'s thirty-first and thirty-second defenses. Toshiba Corp. reserves the right to develop these defenses should parties to this litigation reach settlement agreements.

Regarding Toshiba Corp.'s thirty-seventh defense, Toshiba Corp. refers Plaintiffs to evidence provided in this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia,* 64:20-65:2, *In re: Cathode Ray Tube (CRT) Antitrust Litig.,* Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 30, 2012.

Discovery is ongoing. Toshiba Corp. reserves the right to supplement, amend, expand, correct, or clarify these objections and responses to this Interrogatory and to assert additional general and specifics objections arising from matters discovered during the course of this litigation.

- **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS'FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

### REQUEST NO. 62:

All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any Employees of the following entities:

i. You; and/or

ii. MTPD.

### RESPONSE:

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 62 because it is vague, overly broad, unduly burdensome, and seeks

71707

2

information that is not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 62 to the extent that it seeks the disclosure of information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. further objects that its counsel is not in a position to respond to this Request on behalf of MTPD, an entity that its counsel does not represent.

Toshiba Corp. objects to the term "Governmental Antitrust Authority" because it is vague, overbroad, and unduly burdensome

Toshiba Corp. also objects to Request No. 62 to the extent that it seeks confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. also objects to Request No. 62 because it seeks to invade the confidentiality of government investigations.

Subject to and without waiving the objections stated above, Toshiba Corp. states that it is not aware of documents relating to or constituting statements from its employees to the United States Department of Justice related to CRTs.


**REQUEST NO. 63:**

All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any employee of any Defendant.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 63 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 63 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 63 to the extent that it seeks the disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. further objects that its counsel is not in a position to respond to this Request on behalf of other Defendants, whom its counsel does not represent.

Toshiba Corp. objects to the term "Governmental Antitrust Authority" because it is vague, overbroad, and unduly burdensome.

Toshiba Corp. also objects to Request No. 63 to the extent that it seeks confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. also objects to Request No. 63 because it seeks to invade the confidentiality of government investigations.

Subject to and without waiving the objections stated above, Toshiba Corp. states that it is not aware of documents relating to or constituting statements from any Defendant to the United States Department of Justice related to CRTs.

# APPENDIX B

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's
2 April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court
3 on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba Corporation
4 ("Toshiba Corp.") hereby submits the following Objections and Responses to Indirect
5 Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014
6 (the "Interrogatories").

7    Each of the following responses is made only for purposes of the actions named in the
8 above caption.  Each response is subject to all objections as to relevance, materiality and
9 admissibility, and to any and all objections on any ground that would require exclusion of any
10 response if it were introduced in court.  All evidentiary objections and grounds are expressly
11 reserved.

12    Each of the following responses is made on the basis of the information available at
13 the time of service of the responses.  Toshiba Corp.'s responses to these Interrogatories are
14 subject to the provisions of the Stipulated Protective Order that the Court issued on June 18,
15 2008 (the "Protective Order").    Toshiba Corp.'s responses are hereby designated
16 "Confidential" in accordance with the provisions of the Protective Order.

17                              **GENERAL OBJECTIONS**

18    1.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
19 Instructions provided therein, to the extent they contravene the April 3, 2012 Order re
20 Discovery and Case Management Protocol, Docket number 1128 in the MDL.

21    2.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
22 Instructions provided therein, to the extent they purport to impose obligations beyond those
23 required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice
24 in Civil Proceedings before the United States District Court for the Northern District of
25 California or to the extent it is outside the scope of any order or opinion of this Court.

26    3.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
27 Instructions provided therein, to the extent they call for the production of documents or
28 information that relate to matters not raised by the pleadings, to the extent they are not

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  material and necessary to the prosecution or defense of this action, and to the extent they are
2  not reasonably calculated to lead to the discovery of admissible evidence.

3      4.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
4  Instructions provided therein, to the extent that they are overly broad, unduly burdensome,
5  vague, or ambiguous.  Toshiba Corp. further objects to the Interrogatories, including the
6  Definitions and Instructions provided therein, to the extent they purport to seek discovery of
7  information from disaster recovery systems and archives.

8      5.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
9  Instructions provided therein, to the extent they state and/or call for legal conclusions and/or
10  admissions.

11      6.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
12  Instructions provided therein, to the extent they call for publicly available information.

13      7.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
14  Instructions provided therein, to the extent they seek information or documents protected by
15  the attorney-client privilege, attorney work-product doctrine or any other applicable privilege,
16  protection, immunity, or rule (collectively, "Privileged Information").  Toshiba Corp. will not
17  disclose any Privileged Information in response to any Interrogatory.  Toshiba Corp. does not
18  intend by these Objections and Responses to waive any claim of privilege or immunity.  Any
19  inadvertent production of such material or information is not intended to, and shall not,
20  constitute a general or specific waiver in whole or in part of those privileges or protections as
21  to material or information inadvertently produced or the subject matter thereof.  Nor is any
22  inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any
23  use of such document or information.

24      8.      Toshiba Corp. objects to the Interrogatories, including the Definitions and
25  Instructions provided therein, to the extent they seek information, the disclosure of which
26  would violate applicable law, including, but not limited to, privacy laws.  In providing any
27  response, Toshiba Corp. does so only to the extent allowable under applicable law.

28

CONFIDENTIAL

1       9.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
2   Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret
3   information.

4       10.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
5   Instructions provided therein, to the extent they seek documents or information, the disclosure
6   of which is prohibited by contractual obligations or agreements between Toshiba Corp. and
7   third parties.

8       11.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
9   Instructions provided therein, to the extent they are oppressive or constitute an abuse of
10  process in light of the costs imposed on Toshiba Corp. weighed against the Plaintiffs' need for
11  the information.

12      12.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
13  Instructions provided therein, to the extent they seek information which is equally accessible
14  to Plaintiffs as to Toshiba Corp., or which has already been produced by other parties.

15      13.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
16  Instructions provided therein, to the extent they seek information, the disclosure of which is
17  prohibited by law, regulation, or order of a court or another authority of the foreign
18  jurisdiction in which the documents or information are located.

19      14.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
20  Instructions provided therein, to the extent they seek disclosure of documents or information
21  that is not within Toshiba Corp.'s possession, custody, or control.

22      15.    Toshiba Corp. objects to the Interrogatories, including the Definitions and
23  Instructions provided therein, to the extent they are cumulative to or duplicative of other
24  Interrogatories or Document Requests.

25      16.    Toshiba Corp. objects to the Interrogatories pursuant to Civil L.R. 33-2, which
26  states that "a demand that a party set forth the basis for a denial of an admission requested
27  under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and
28  is allowable only to the extent that a party is entitled to propound additional interrogatories."

CONFIDENTIAL

17.     Toshiba Corp. objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.   Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

18.     Toshiba Corp.'s response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by Toshiba Corp. with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.  Toshiba Corp. reserves the right to contest any such characterization.  Toshiba Corp. further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19.     Toshiba Corp. objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by Toshiba Corp., and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by Toshiba Corp.   Toshiba Corp. will interpret these terms to refer to Toshiba Corp. only. Toshiba Corp. further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     Toshiba Corp. objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Toshiba Corp. also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations.  Toshiba Corp. further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began.  For the purposes of responding to these Interrogatories, Toshiba Corp. will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1     21.    Toshiba Corp. objects to the defined terms "subsidiary," "affiliate," and "joint

2 venture" because they are overly broad, unduly burdensome, not relevant and not reasonably

3 calculated to lead to the discovery of admissible evidence.

4     22.    Toshiba Corp. objects to the defined term "Employee" because it is overly

5 broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery

6 of admissible evidence. Toshiba Corp. further objects to the defined term "Employee" to the

7 extent that it seeks information from distinct persons not parties to the case and not controlled

8 by Toshiba Corp.

9     23.    Discovery is ongoing. This response is being made after reasonable inquiry

10 into the relevant facts, and is based upon the information presently known to Toshiba Corp.

11 Further investigation and discovery may result in the identification of additional information

12 or contentions, and Toshiba Corp. expressly reserves all rights to amend its responses and

13 objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. Toshiba

14 Corp.'s responses should not be construed to prejudice its right to conduct further

15 investigation in this case, or to limit Toshiba Corp.'s use of any additional evidence that may

16 be developed.

17 **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

18 **INTERROGATORY NO. 1:**

19     State the name, address, telephone number, and relationship to you of each person

20 who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not

21 identify anyone who simply typed or reproduced the responses.)

22 **RESPONSE:**

23     In addition to its General Objections listed above, Toshiba Corp. objects to

24 Interrogatory No. 1 pursuant to Rule 33(a)(1), which limits the number of interrogatories that

25 may be served by one party on another party to 25 (twenty-five), including discrete

26 subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 **INTERROGATORY NO. 2:**

2     Identify separately for each year from 2003 to 2009, each of MTPD's board and
3 committees, including (a) its full name; (b) a brief description of its function; and (c) all
4 members of that board or committee.

5 **RESPONSE:**

6     In addition to its General Objections listed above, Toshiba Corp. objects to
7 Interrogatory No. 2 pursuant to Rule 33(a)(1), which limits the number of interrogatories that
8 may be served by one party on another party to 25 (twenty-five), including discrete
9 subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

10 **INTERROGATORY NO. 3:**

11     Identify, separately for each year from 2003 to 2009 each of MTPD's corporate
12 officers, including the name of each company (including any subsidiary, affiliate, joint
13 venture or other related entity of Toshiba) that employed such individual throughout the
14 Relevant Time Period, his or her title, business address, the division or unit of the company
15 where such individual worked, and a description of his or her responsibilities for each position
16 or title held.

17 **RESPONSE:**

18     In addition to its General Objections listed above, Toshiba Corp. objects to
19 Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks
20 information that is neither relevant nor reasonably calculated to lead to the discovery of
21 admissible evidence.

22     Toshiba Corp. also objects to Interrogatory No. 3 to the extent it seeks information
23 that is not within Toshiba Corp.'s possession, custody, or control and because any such
24 information is equally accessible to the Plaintiffs as to Toshiba Corp.

25     Toshiba Corp. further objects to Interrogatory No. 3 to the extent that it seeks
26 information beyond the putative class period.

27     Toshiba Corp. further objects to Interrogatory No. 3 to the extent that it calls for
28 information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   Toshiba Corp. further objects to Interrogatory No. 3 on the ground that it is duplicative
2   of discovery served in this litigation, which is in contravention of the Discovery Protocol,
3   including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the
4   Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer
5   Products, L.L.C., Toshiba America Electronic Components, Inc., and Toshiba America
6   Information Systems, Inc.

7   Toshiba Corp. further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which
8   limits the number of interrogatories that may be served by one party on another party to 25
9   (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
10  interrogatory limit of Rule 33(a)(1).

11  **INTERROGATORY NO. 4:**

12  Separately for each year from 2003 to 2009, identify those employees who transferred
13  (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory,
14  "transferred" means the change of official employment from you to MTPD or vice versa, the
15  change of work duties or job descriptions for the benefit of the other entity, or the relocation
16  to a facility occupied exclusively by the other entity.

17  **RESPONSE:**

18  In addition to its General Objections listed above, Toshiba Corp. objects to
19  Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks
20  information that is neither relevant nor reasonably calculated to lead to the discovery of
21  admissible evidence.

22  Toshiba Corp. also objects to Interrogatory No. 4 to the extent that the term
23  "transferred" is vague.

24  Toshiba Corp. further objects to Interrogatory No. 4 to the extent that it seeks
25  information beyond the putative class period.

26  Toshiba Corp. further objects to Interrogatory No. 4 to the extent that it is harassing,
27  invasive, or seeks personal confidential information, the disclosure of which is prohibited by a

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1  law, regulation, or order of a court or another authority of a foreign jurisdiction in which the
2  information is located.

3       Toshiba Corp. further objects to Interrogatory No. 4 to the extent it seeks information
4  that is not within Toshiba Corp.'s possession, custody, or control and because any such
5  information is equally accessible to the Plaintiffs as to Toshiba Corp.

6       Toshiba Corp. further objects to Interrogatory No. 4 to the extent that it calls for
7  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

8       Toshiba Corp. further objects to Interrogatory No. 4 on the ground that it is duplicative
9  of discovery served in this litigation, which is in contravention of the Discovery Protocol,
10  including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba
11  Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba
12  America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

13       Toshiba Corp. further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which
14  limits the number of interrogatories that may be served by one party on another party to 25
15  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
16  interrogatory limit of Rule 33(a)(1).

17  **INTERROGATORY NO. 5:**

18       List the date, nature, and amount of any payments you made from 2003 to 2009 to
19  individuals who were employed by or worked for MTPD, and describe with specificity
20  whether such payments occurred directly to the employee, through some social fund or other
21  entity or governmental program.

22  **RESPONSE:**

23       In addition to its General Objections listed above, Toshiba Corp. objects to
24  Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks
25  information that is neither relevant nor reasonably calculated to lead to the discovery of
26  admissible evidence.

27       Toshiba Corp. also objects to Interrogatory No. 5 because the term "payment" is
28  vague.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Toshiba Corp. further objects to Interrogatory No. 5 because the terms "social fund,"
2  "other entity," and "governmental program" are vague.

3    Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it seeks
4  information beyond the putative class period.

5    Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it is harassing,
6  invasive, or seeks personal confidential information, the disclosure of which is prohibited by a
7  law, regulation, or order of a court or another authority of a foreign jurisdiction in which the
8  information is located.

9    Toshiba Corp. further objects to Interrogatory No. 5 to the extent it seeks information
10  that is not within Toshiba Corp.'s possession, custody, or control and because any such
11  information is equally accessible to the Plaintiffs as to Toshiba Corp.

12    Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it calls for
13  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

14    Toshiba Corp. further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which
15  limits the number of interrogatories that may be served by one party on another party to 25
16  (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-
17  interrogatory limit of Rule 33(a)(1).

18  **INTERROGATORY NO. 6:**

19    For every person identified in Interrogatory Nos. 2 and 3, state, for each year from
20  2003 to 2009, as applicable:

21    i.   The type or nature of any offered or accepted (a) stock option plan or other equity
22        incentive plan, (b) bonus or other discretionary periodic payment, and (c) any
23        other employee benefits; and

24    ii.  the identity of each individual or company who set, maintained, funded, or
25        administered his or her (a) payroll, (b) bonus or other discretionary periodic
26        payment, (c) stock option plan or other equity incentive plan, and (d) and any other
27        employee benefits.

28

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1 **RESPONSE:**

2      In addition to its General Objections listed above, Toshiba Corp. objects to
3 Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks
4 information that is neither relevant nor reasonably calculated to lead to the discovery of
5 admissible evidence.

6      Toshiba Corp. also objects to Interrogatory No. 6 to the extent that it is harassing,
7 invasive, or seeks personal confidential information, the disclosure of which is prohibited by a
8 law, regulation, or order of a court or another authority of a foreign jurisdiction in which the
9 information is located.

10      Toshiba Corp. further objects to Interrogatory No. 6 to the extent that it seeks
11 information beyond the putative class period.

12      Toshiba Corp. also objects to Interrogatory No. 6 to the extent it seeks information
13 that is not within Toshiba Corp.'s possession, custody, or control and because any such
14 information is equally accessible to the Plaintiffs as to Toshiba Corp.

15      Toshiba Corp. further objects to Interrogatory No. 6 to the extent that it calls for
16 information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

17      Toshiba Corp. further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which
18 limits the number of interrogatories that may be served by one party on another party to 25
19 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
20 interrogatory limit of Rule 33(a)(1).

21 **INTERROGATORY NO. 7:**

22      State, for each year from 2003 to 2009, the identity of each individual who approved
23 or authorized MTPD's corporate operating budget, including, without limitations, the
24 estimates of revenues, the estimates of operating and capital expenditures, and the estimates
25 of borrowings.

26 **RESPONSE:**

27      In addition to its General Objections listed above, Toshiba Corp. objects to
28 Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks

CONFIDENTIAL

1   information that is neither relevant nor reasonably calculated to lead to the discovery of
2   admissible evidence.

3       Toshiba Corp. further objects to Interrogatory No. 7 to the extent that it seeks
4   information beyond the putative class period.

5       Toshiba Corp. also objects to Interrogatory No. 7 to the extent it seeks information
6   that is not within Toshiba Corp.'s possession, custody, or control and because any such
7   information is equally accessible to the Plaintiffs as to Toshiba Corp.

8       Toshiba Corp. further objects to Interrogatory No. 7 to the extent that it calls for
9   information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

10      Toshiba Corp. further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which
11  limits the number of interrogatories that may be served by one party on another party to 25
12  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
13  interrogatory limit of Rule 33(a)(1).

14  **INTERROGATORY NO. 8:**

15      State the identity of each individual who paid MTPD's attorney bills for legal services
16  in connection with the investigation of MTPD's alleged involvement in the CRT cartel by
17  government antitrust authorities in Japan, the European Union, and the United States during
18  2006 through 2012.

19  **RESPONSE:**

20      In addition to its General Objections listed above, Toshiba Corp. objects to
21  Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks
22  information that is neither relevant nor reasonably calculated to lead to the discovery of
23  admissible evidence.

24      Toshiba Corp. also objects to Interrogatory No. 8 to the extent it seeks information
25  that is not within Toshiba Corp.'s possession, custody, or control and because any such
26  information is equally accessible to the Plaintiffs as to Toshiba Corp.

27      Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it calls for
28  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1    Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it seeks
2  information or documents protected by the attorney-client privilege, attorney work-product
3  doctrine or any other applicable privilege, protection, immunity, or rule.

4    Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it seeks
5  information beyond the putative class period.

6    Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it is harassing,
7  invasive, or seeks confidential information, the disclosure of which is prohibited by law,
8  regulation, or order of a court or another authority of a foreign jurisdiction in which the
9  information is located.

10    Toshiba Corp. further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which
11  limits the number of interrogatories that may be served by one party on another party to 25
12  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
13  interrogatory limit of Rule 33(a)(1).

14  **INTERROGATORY NO. 9:**

15    Identify any Toshiba entity which purchased CRTs manufactured by MTPD from
16  2003 to 2009.

17  **RESPONSE:**

18    In addition to its General Objections listed above, Toshiba Corp. objects to
19  Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks
20  information that is neither relevant nor reasonably calculated to lead to the discovery of
21  admissible evidence.

22    Toshiba Corp. also objects to Interrogatory No. 9 to the extent it seeks information
23  regarding sales outside the United States and unrelated to United States commerce, as such
24  sales are beyond the scope of this litigation and requesting such information renders
25  Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead
26  to the discovery of admissible evidence.

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1    Toshiba Corp. also objects to Interrogatory No. 9 to the extent it seeks information
2    that is not within Toshiba Corp.'s possession, custody, or control and because any such
3    information is equally accessible to the Plaintiffs as to Toshiba Corp.

4    Toshiba Corp. further objects to Interrogatory No. 9 to the extent that it calls for
5    information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

6    Toshiba Corp. further objects to Interrogatory No. 9 to the extent that it seeks
7    information beyond the putative class period.

8    Toshiba Corp. further objects to Interrogatory No. 9 on the ground that it is duplicative
9    of discovery served in this litigation, which is in contravention of the Discovery Protocol,
10   including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba
11   Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba
12   America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

13   Toshiba Corp. further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which
14   limits the number of interrogatories that may be served by one party on another party to 25
15   (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-
16   interrogatory limit of Rule 33(a)(1).

17   **INTERROGATORY NO. 10:**

18   For every purchaser identified in Interrogatory No. 9, describe with specificity the
19   pricing mechanism or decision process by which MTPD decided on the price for those sold
20   CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed
21   for non- Toshiba affiliated purchasers of CRTs.

22   **RESPONSE:**

23   In addition to its General Objections listed above, Toshiba Corp. objects to
24   Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks
25   information that is neither relevant nor reasonably calculated to lead to the discovery of
26   admissible evidence.

27   Toshiba Corp. also objects to Interrogatory No. 10 to the extent it seeks information
28   regarding sales outside the United States and unrelated to United States commerce, as such

CONFIDENTIAL

1  sales are beyond the scope of this litigation and requesting such information renders
2  Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead
3  to the discovery of admissible evidence.

4  Toshiba Corp. also objects to Interrogatory No. 10 to the extent it seeks information
5  that is not within Toshiba Corp.'s possession, custody, or control and because any such
6  information is equally accessible to the Plaintiffs as to Toshiba Corp.

7  Toshiba Corp. further objects to the term "pricing mechanism or decision process"
8  because it is vague.

9  Toshiba Corp. further objects to Interrogatory No. 10 to the extent that it calls for
10  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

11  Toshiba Corp. further objects to Interrogatory No. 10 to the extent that it seeks
12  information beyond the putative class period.

13  Toshiba Corp. further objects to Interrogatory No. 10 on the ground that it is
14  duplicative of discovery served in this litigation, which is in contravention of the Discovery
15  Protocol, including Interrogatory No. 11 of the IPPs and DPPs' Interrogatories to Defendants
16  Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C.,
17  Toshiba America Information Systems, Inc., and Toshiba America Electronic Components,
18  Inc.

19  Toshiba Corp. further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which
20  limits the number of interrogatories that may be served by one party on another party to 25
21  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
22  interrogatory limit of Rule 33(a)(1)

23  **INTERROGATORY NO. 11:**

24  List, for each year from 2003 to 2009, the name, term and nature of every service level
25  agreement or other contract relating to professional services you entered into with MTPD
26  (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human
27  resources, accounting and sales support services).

28

CONFIDENTIAL

1   **RESPONSE:**

2         In addition to its General Objections listed above, Toshiba Corp. objects to
3   Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks
4   information that is neither relevant nor reasonably calculated to lead to the discovery of
5   admissible evidence.

6         Toshiba Corp. also objects to Interrogatory No. 11 to the extent it seeks information
7   that is not within Toshiba Corp.'s possession, custody, or control and because any such
8   information is equally accessible to the Plaintiffs as to Toshiba Corp.

9         Toshiba Corp. further objects to the terms "service level agreement," and "other
10  contract relating to professional services" because they are vague.

11        Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it calls for
12  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

13        Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it seeks
14  information beyond the putative class period.

15        Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it is harassing,
16  invasive, or seeks confidential information, the disclosure of which is prohibited by law,
17  regulation, or order of a court or another authority of a foreign jurisdiction in which the
18  information is located.

19        Toshiba Corp. further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which
20  limits the number of interrogatories that may be served by one party on another party to 25
21  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
22  interrogatory limit of Rule 33(a)(1).

23  **INTERROGATORY NO. 12:**

24        State the date, amount and interest rate (if applicable) of each capital or equity
25  injection, loan or other financial contribution you provided to MTPD.

26  **RESPONSE:**

27        In addition to its General Objections listed above, Toshiba Corp. objects to
28  Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1 information that is neither relevant nor reasonably calculated to lead to the discovery of
2 admissible evidence.

3    Toshiba Corp. also objects to Interrogatory No. 12 to the extent it seeks information
4 that is not within Toshiba Corp.'s possession, custody, or control and because any such
5 information is equally accessible to the Plaintiffs as to Toshiba Corp.

6    Toshiba Corp. further objects to the terms "capital or equity injection, loan or other
7 financial contribution" because they are vague.

8    Toshiba Corp. further objects to Interrogatory No. 12 to the extent that it calls for
9 information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

10    Toshiba Corp. further objects to Interrogatory No. 12 to the extent that it seeks
11 information beyond the putative class period.

12    Toshiba Corp. further objects to Interrogatory No. 12 to the extent that it is harassing,
13 invasive, or seeks confidential information, the disclosure of which is prohibited by law,
14 regulation, or order of a court or another authority of a foreign jurisdiction in which the
15 information is located.

16    Toshiba Corp. further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which
17 limits the number of interrogatories that may be served by one party on another party to 25
18 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
19 interrogatory limit of Rule 33(a)(1).

20 **INTERROGATORY NO. 13:**

21    State the date and amount of any guarantees you made on behalf of MPTD, including
22 the third party to whom the guarantee(s) were made.

23 **RESPONSE:**

24    In addition to its General Objections listed above, Toshiba Corp. objects to
25 Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks
26 information that is neither relevant nor reasonably calculated to lead to the discovery of
27 admissible evidence.

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1    Toshiba Corp. also objects to Interrogatory No. 13 to the extent it seeks information
2  that is not within Toshiba Corp.'s possession, custody, or control and because any such
3  information is equally accessible to the Plaintiffs as to Toshiba Corp.

4    Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it calls for
5  information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

6    Toshiba Corp. further objects to the term "guarantee" because it is vague.

7    Toshiba Corp. further objects to Interrogatory No. 13 because its inclusion of the term
8  "MPTD" renders it vague.

9    Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it seeks
10  information beyond the putative class period.

11    Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it is harassing,
12  invasive, or seeks confidential information, the disclosure of which is prohibited by law,
13  regulation, or order of a court or another authority of a foreign jurisdiction in which the
14  information is located.

15    Toshiba Corp. further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which
16  limits the number of interrogatories that may be served by one party on another party to 25
17  (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
18  interrogatory limit of Rule 33(a)(1).

19  **INTERROGATORY NO. 14:**

20    List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries,
21  coverages and insurance carrier of any directors and officers (D&O) liability insurance
22  covering board members and executives of MTPD, and identify which company (including
23  any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance
24  premiums.

25  **RESPONSE:**

26    In addition to its General Objections listed above, Toshiba Corp. objects to
27  Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

1   information that is neither relevant nor reasonably calculated to lead to the discovery of
2   admissible evidence.

3        Toshiba Corp. also objects to Interrogatory No. 14 to the extent it seeks information
4   that is not within Toshiba Corp.'s possession, custody, or control and because any such
5   information is equally accessible to the Plaintiffs as to Toshiba Corp.

6        Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it calls for
7   information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

8        Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it seeks
9   information beyond the putative class period.

10        Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it is harassing,
11   invasive, or seeks confidential information, the disclosure of which is prohibited by law,
12   regulation, or order of a court or another authority of a foreign jurisdiction in which the
13   information is located.

14        Toshiba Corp. also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which
15   limits the number of interrogatories that may be served by one party on another party to 25
16   (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-
17   interrogatory limit of Rule 33(a)(1).

18
19
20
21
22
23
24
25
26
27
28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1

2    Dated: September 5, 2014            **WHITE & CASE**LLP

3

4                                        By: _____

5                                        Christopher M. Curran (*pro hac vice*)
                                         ccurran@whitecase.com
6                                        Lucius B. Lau (*pro hac vice*)
                                         alau@whitecase.com
7                                        Dana E. Foster (*pro hac vice*)
                                         defoster@whitecase.com
8
                                         701 Thirteenth Street, N.W.
9                                        Washington, DC  20005
10                                       tel.: (202) 626-3600
                                         fax: (202) 639-9355
11
12                                       *Counsel to Defendant*
                                         *Toshiba Corporation*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

1

2     On September 5, 2014, I caused a copy of the "TOSHIBA CORPORATION'S

3   OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST

4   SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail

5   upon:

6

7

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

| ALL DEFENSE COUNSEL | |
|---|---|
| | |

Dana E. Foster

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

2