# Exhibit 9

WHITE & CASE

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807

Tel   + 1 202 626 3600
Fax   + 1 202 639 9355
whitecase.com

Direct Dial + (202) 626-3696        alau@whitecase.com

September 26, 2014

VIA E-MAIL TO: jay.weil@fedarb.com

The Honorable Vaughn Walker (Ret.)
c/o Mr. Jay Weil
Federal Arbitration, Inc.
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301

      Re:    *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 SC,
              MDL No. 1917 (N.D. Cal.):  The Toshiba Defendants' Response To Indirect
              Purchaser Plaintiffs' Motion To Compel Interrogatory Responses

Dear Judge Walker:

      We write on behalf of the Toshiba Defendants in response to the Indirect Purchaser Plaintiffs' ("IPPs") September 12, 2014 Motion to Compel Interrogatory Responses. By this motion, the IPPs seek an order that compels additional responses by the Toshiba Defendants (1) in those instances where the Toshiba Defendants responded to the IPPs' interrogatories by reference to their prior discovery requests (or by objecting to the request as overly burdensome); (2) with respect to Interrogatory No. 7, which asked for the identification of all evidence for each "affirmative defense" listed in their answers; and (3) in those instances where the Toshiba Defendants refused to provide answers because the IPPs exceeded the 25-interrogatory limit contained in Rule 33(a)(1). The motion should be denied.

      As to the first issue, the IPPs are incorrect in asserting that the Toshiba Defendants relied upon Rule 33(d) in their discovery responses. They did not. Instead, these defendants objected to the IPPs' discovery requests as unreasonable in that they were duplicative of prior discovery that had been issued in this litigation. The Toshiba Defendants also objected to certain of the IPPs' requests that sought sales information that did not pertain to the United States — such requests were (and are) overly burdensome and add little, if anything, to the IPPs' case. It was appropriate for the Toshiba Defendants to point the IPPs to the Toshiba Defendants' previous discovery responses and equally appropriate for the Toshiba Defendants to refuse to provide non-U.S. sales information at the very close of discovery.

      As to the second issue, the Toshiba Defendants provided responses to the "affirmative defenses" contained in their answers, precisely what was sought by Interrogatory No. 7. No

answer was provided with respect to other defenses listed in their answers because such defenses were outside the scope of Interrogatory No. 7. By their motion, the IPPs complain about instances where the Toshiba Defendants stated they had “no position” with respect to certain affirmative defenses. The Toshiba Defendants have remedied this situation by serving supplemental interrogatory responses.

As to the third issue, the Toshiba Defendants each answered 25 of the IPPs’ interrogatories, including subparts, and then properly refused to answer any additional interrogatories. In relevant part, Rule 33(a)(1) of the Federal Rules of Civil Procedure provides that “a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.” When all discrete subparts are counted, the IPPs propounded 166 interrogatories to the Toshiba Defendants. Given the existence of Rule 33(a)(1), the Toshiba Defendants were fully justified in provided substantive responses to only the first 25 interrogatories served by the IPPs.

## I. Background

On January 26, 2011, the Toshiba Defendants filed their answers to the IPPs’ third consolidated amended complaint. *E.g.*, Defendants’ Attachment (“Def. Att.”) 1 (Toshiba Corp. Answer). Each of these answers had a section entitled “Defenses/Affirmative Defenses.” *Id.* at 52. Immediately beneath this heading was the following statement: “Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses . . . .” *Id.* The answers then set forth a variety of defenses and affirmative defenses.

On August 1, 2014, the IPPs served their First Set of Interrogatories to Defendants (the “Common Interrogatories”). Def. Att. 2. Thirty minutes after serving these Common Interrogatories, the IPPs served their First Set of Interrogatories to Toshiba Defendants (“Interrogatories to Toshiba Defendants”). Def. Att. 3.

On September 5, 2014, each Toshiba Defendant served individual objections and responses to the Common Interrogatories. Def. Att. 4a-e. Also on September 5, 2014, each Toshiba Defendant served objections and responses to the Interrogatories to Toshiba Defendants. Def. Att. 5a-e.

On September 8, 2014, the IPPs sent letters to the Toshiba Defendants regarding purported deficiencies in their interrogatory responses. On September 10, 2014, counsel for the Toshiba Defendants met and conferred with counsel for the IPPs regarding the purported deficiencies, but the parties were unable to reach an agreement.

## II. Argument

### A. The Toshiba Defendants Properly Referred The Indirect Purchaser Plaintiffs To Previous Discovery Responses And Properly Objected To Certain Requests As Overly Burdensome

In certain of their responses, the Toshiba Defendants referred the IPPs to prior discovery responses. In certain other responses, the Toshiba Defendants objected because the IPPs' requests were overly burdensome in that they sought sales information that did not pertain to the United States. The IPPs have demonstrated no error in this approach, which is fully supported by both caselaw as well as a previous report and recommendation issued by Your Honor.

#### 1. Your Honor Should Reject The IPPs' Misguided Reliance On Rule 33(d)(1)

The IPPs' assertion that the Toshiba Defendants are invoking Rule 33(d) in their responses to the IPPs' interrogatories is incorrect. To the contrary, the Toshiba Defendants objected to some of those interrogatories because they are unreasonably duplicative of prior discovery requests propounded by plaintiffs in this litigation. These objections comport with the relevant caselaw. *See, e.g.*, *McConnell v. PacifiCorp, Inc.*, No. C 07-2382 WHA(JL), 2008 WL 3843003, at *4 (N.D. Cal. Aug. 15, 2008) (finding that interrogatories were cumulative and duplicative and thus within the parameters of discovery that the court may limit or deny under Rule 26(b)(2)); *Robbins v. Camden City Bd. of Ed.*, 105 F.R.D. 49, 56-57 (D.N.J. 1985) (holding that defendant was not required to respond to duplicative interrogatories). Accordingly, the cases relied upon by the IPPs — each of which involves a party's invocation of Rule 33(d) in connection with discovery responses — are irrelevant and should be disregarded by Your Honor.

#### 2. Your Honor Should Reject The IPPs' Interrogatories As Unreasonably Duplicative Of Prior Discovery Requests Propounded On The Toshiba Defendants

The IPPs' Common Interrogatories are unreasonably duplicative of prior discovery propounded by other plaintiffs in this litigation. Many of these seek information readily obtainable from the various sales and cost transactional databases produced to plaintiffs years ago in response to prior discovery requests propounded on defendants. And contrary to the IPPs' erroneous assertion that "it is far easier and less costly for *defendants* to identify documents responsive to" these requests (IPP Mot. at 4 (emphasis in original)), the burden is the same for either party: both parties have access to the documents responsive to these requests and have the same burdens associated with reviewing the relevant sales data. IPPs effectively ask this Court to order the Toshiba Defendants to search for and sort through the data they previously produced to other plaintiffs. But federal courts have repeatedly denied attempts to require parties to search for and sort through documents that have already been produced to the propounding parties. *See, e.g.*, *Pulver v. Battelle Mem'l Inst.*, No. CV-05-5028-RHW, 2006 WL 2944842, at *1 (E.D. Wash. Oct. 13, 2006) (denying motion to compel where request for production of documents was "unreasonably duplicative" and was "basically a request to make [a party] search and sort the documents it already produced"); *Sloan v. Oakland Police Dep't*, No. C 00 4117 CW(JCS), 2006 WL 753013, at *5 n.2 (N.D. Cal. Mar. 23, 2006) (stating that motion to compel "will only be

granted if the additional interrogatory responses sought are not duplicative of information already obtained, through deposition or otherwise"); *Richlin v. Sigma Design West, Ltd.*, 88 F.R.D. 634, 640 (E.D. Cal. 1980) (holding that interrogatories were oppressive and overly burdensome where information sought could be obtained from transcripts of prior depositions conducted in litigation). Your Honor should reach the same conclusion here.

In a previous motion to compel brought by Sharp against the Toshiba Defendants and the Panasonic Defendants, Your Honor found that it was appropriate for parties to refer to previously produced discovery where that previously produced discovery contained the information sought by the current discovery. As recognized by Your Honor, "there is a certain unfairness in requiring defendants to do Sharp's work for it in culling through this volume of material and, in any event, defendants have already expended a very considerable effort to prepare responses to the direct purchaser class plaintiffs' discovery, making further effort by defendants still more costly." Recommended Order Of The Special Master, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Case No. 3:07-cv-05944SC, at 4 (August 14, 2014) (accepted and ordered by the Court, August 15, 2014, ECF No. 2743) ("August 14, 2014 Recommended Order"). Def. Att. 6. The same principle applies with full force here. The information sought by the IPPs was already produced by the Toshiba Defendants in response to earlier discovery requests. *See* Toshiba Defendants' Objections and Responses to DPPs' First and Second Set of Requests for Production and DPPs First Set of Interrogatories (Def. Att. 7a-o). If the IPPs believe that they would benefit from reviewing this information in a different format, then the IPPs should bear the cost of that review, not the Toshiba Defendants. *Accord* August 14, 2014 Recommended Order at 5 ("As Sharp would benefit from a review and an analysis of the materials responsive to the class plaintiffs, considerations of proportionality and fairness weigh in favor of Sharp bearing the correlative burden.").

### 3. The IPPs' Interrogatories That Seek Sales Information Outside Of The United States Are Unreasonably Burdensome

Certain of the IPPs' Common Interrogatories (*i.e.*, Interrogatory Nos. 9, 13, and 14), seek sales data not involving the United States. The Toshiba Defendants objected to these requests because the requested information was unrelated to United States commerce, outside of the scope of this litigation, and unduly burdensome. Your Honor should deny the motion to compel as to these requests.

In their motion, the IPPs articulate no relevancy for the information they seek. Nor do the IPPs provide any reason why they need "worldwide" data and other information that does not relate to the United States. In contrast to the minimal (if any) relevance of the requested information, the Toshiba Defendants would incur significant expense if they had to provide that information. The Toshiba Defendants would have to search several locations outside the United States and restore countless backup tapes in order to provide the IPPs with the information they seek. Considerations of proportionality (as discussed by Your Honor in denying Sharp's motion to compel) weigh in favor of the Toshiba Defendants.

By seeking sales information unrelated to the United States, the IPPs improperly seek to significantly expand the scope of the discovery right at the end of fact discovery. Courts have

repeatedly rejected motions to compel or other efforts to significantly expand the scope of discovery at the end of discovery. *See, e.g.*, *Wolfe v. Ford Motor Company*, No. 06-1217-MLB, 2008 WL 294547, at *1-2 (D. Kan. Feb. 1, 2008) (admonishing plaintiffs for serving expansive discovery near end of discovery and finding that discovery requests at end of discovery "***should be refined and focused***") (emphasis added); *Samsung SDI Co., Ltd. v. Matsushita Electric Industrial Co., Ltd.*, No. CV 05-8493-AG, 2007 WL 4302701, at *4 (C.D. Cal. June 27, 2007) (finding that filing motion to compel at eleventh hour weighed in favor of responding party when balancing relevance of requested discovery with burden on responding party); *Fairly v. Andrews*, 423 F. Supp. 2d 800, 808 (N.D. Ill. 2006) ("The Court stands by its June 21, 2005 decision to deny Defendants leave to serve this interrogatory — the equivalent of numerous discovery requests framed as one interrogatory — on the eve of the discovery deadline, because it would be unduly burdensome to Plaintiffs."). The fact that the IPPs seek broad, expansive discovery at the close of discovery provides an additional grounds for denying the IPPs' motion.

### B. The Toshiba Defendants Have Provided A Complete Response To Interrogatory No. 7

According to the IPPs (IPP Mot. at 6), the Toshiba Defendants have failed to adequately respond to Interrogatory No. 7 of the Common Interrogatories. We disagree.

Part of the IPPs' disagreement with the Toshiba Defendants concerns the meaning of the term "affirmative defense." In its entirety, Interrogatory No. 7 provided as follows: "For each ***affirmative defense*** in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted." Def. Att. 2 at 5 (emphasis added). The IPPs appear to believe that all of the defenses asserted by the Toshiba Defendants in their answers are affirmative defenses. They are not. The answers provided by the Toshiba Defendants each had a section labeled "Defenses/Affirmative Defenses," thus providing notice that only some of the listed defenses were affirmative in nature. Def. Att. 1 at 52. This distinction was reinforced by the following statement made by each of the Toshiba Defendants: "Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses . . . ." *Id.* The distinction between defenses and affirmative defenses is also reinforced by the governing caselaw, which recognizes that a "defense which demonstrates that [a] plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Because Interrogatory No. 7 specifically requested a response regarding "each affirmative defense," each Toshiba Defendant provided a response as to each of the eleven affirmative defenses they asserted. The Toshiba Defendants did not provide a response for the remaining defenses because those remaining defenses were not affirmative in nature.

Another part of the IPPs' disagreement concerns the Toshiba Defendants' statement that they "take no position" as to whether they currently have any evidence to support certain of their affirmative defenses. Several of the affirmative defenses asserted by the Toshiba Defendants concern issues that will not be fully formed until the end of the litigation. For example, the Toshiba Defendants assert affirmative defenses related to duplicative recovery and set off. Accordingly, the nature of these affirmative defenses prevents any substantive response at this

time. It was for this reason that the Toshiba Defendants stated that they "take no position" as to whether they currently have evidence to support certain of their affirmative defenses. However, in an effort to resolve this issue, the Toshiba Defendants have served supplemental interrogatory responses by which they state that they currently have no evidence for certain of those affirmative defenses where they previously stated that they took no position. Def. Att. 9.

Finally, the IPPs assert that, "if Toshiba has no reasonable factual basis for any of its affirmative defenses, these defenses must be withdrawn." IPPs' Mot. at 7. Such a request is premature. Evidence for some of the Toshiba Defendants' affirmative defenses (such as set off) will not be fully available until trial. Depositions of both plaintiffs and defendants continue to occur in this case, such that the factual record is not yet fully developed. Thus, the IPPs' request is also premature for the Toshiba Defendants' remaining affirmative defenses. *Accord Yingling v. EBay, Inc.*, No. C 09-01733 JW (PVT), 2010 WL 373868, at *3 (N.D. Cal. Jan. 29, 2010) (in response to a contention interrogatory, a party may respond that it is unable to respond because of ongoing discovery and investigation).

**C. The IPPs Have Exceeded The 25-Interrogatory Limit Of Rule 33(a)(1)**

In pertinent part, Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, ***including all discrete subparts***." Fed. R. Civ. P. 33(a)(1) (emphasis added). In the first paragraph of their motion, the IPPs appear to acknowledge that they have exceeded the 25-interrogatory limit as to the Toshiba Defendants. *See* IPPs' Mot. at 1 ("IPPs served one set of common interrogatories, 25 in total, on each Defendant (the 'Common Interrogatories'), and then served an additional set, 14 in total, on both Toshiba and Panasonic (the 'Supplemental Interrogatories')."). Including all discrete subparts, the IPPs have propounded a staggering 166 interrogatories on the Toshiba Defendants. The motion to compel should be denied as to the number of interrogatories because the IPPs are subject to the 25-interrogatory limit of Rule 33(a)(1), just like any other party. The Toshiba Defendants acted well within their rights in responding to the first 25 interrogatories (including all discrete subparts) served upon them and refusing to respond to any additional interrogatories.

**1. The IPPs Served 166 Interrogatories On Each Of The Toshiba Defendants**

The IPPs' Common Interrogatories contain 24 separately numbered interrogatories (these interrogatories do not include any Interrogatory No. 4). The IPPs' Interrogatories to Toshiba Defendants contained an additional 14 interrogatories. Two of the IPPs' Common Interrogatories contain numerous discrete subparts within the meaning of Rule 33(a)(1).

***First***, Interrogatory No. 7 asks defendants to identify all evidence supporting "each affirmative defense" in the defendant's answer. Def. Att. 2 at 5. The Toshiba Defendants identified 11 affirmative defenses in each of their answers. Therefore, Interrogatory No. 7 constitutes 11 separate interrogatories as to each Toshiba Defendant. *See Lopez v. Flores*, No. 1:08-cv-01975, 2013 WL 2385240, at *2 (E.D. Cal. May 30, 2013) (denying plaintiff's motion to compel and holding that where plaintiff issued an interrogatory asking defendants to identify all facts on which defendants base their affirmative defenses and defendants asserted

five affirmative defenses, the interrogatory constituted five discrete questions); *White v. Cinemark USA, Inc.*, No. 04-cv-0397, 2005 WL 3881658, at *3 (E.D. Cal. Mar. 28, 2005) (concluding that where an interrogatory requested that the defendant state the facts supporting each of its 21 affirmative defenses, each affirmative defense should be treated as a separate interrogatory).

***Second***, Interrogatory No. 25 asks each defendant with respect to each Request for Admission issued by the IPPs to state all facts on which the defendant bases its denial, to identify all evidence supporting the denial, and to identify each person who has knowledge of the facts supporting the denial. Def. Att. 2 at 8. The IPPs issued 119 requests for admission to each Toshiba Defendant. Pursuant to the Northern District of California's Local Rule 33-2, Interrogatory No. 25 constitutes 119 interrogatories to each Toshiba Defendant. *See* Civil L.R. 33-2 ("A demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."). Further, other courts that have addressed this issue have treated each request for admission as a separate interrogatory. For example, in *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D. Cal. 1998), the district court held:

> Allowing service of an interrogatory which requests disclosure of all of the information on which the denials of each of 50 requests for admissions were based, however, essentially transforms each request for admission into an interrogatory. This is not the purpose requests for admissions were intended to serve, and because Rule 36 imposes no numerical limit on the number of requests for admissions that may be served, condoning such a practice would circumvent the numerical limit contained in Rule 33(a).

*Id.* at 445; *see also Saliga v. Chemtura Corp.*, No. 3:12-cv-832, 2013 WL 6097100, at *4 (D. Conn. Nov. 20, 2013) (collecting cases). The IPPs have identified no authority explaining why the Court should deviate from Civil L.R. 33-2 and the numerous cases that have addressed this issue. Interrogatory No. 25, therefore, constitutes 119 interrogatories as to each Toshiba Defendant.

### 2. The IPPs Are Only Entitled To 25 Interrogatories

The IPPs further contend that, irrespective of the Toshiba Defendants' counting of discrete subparts as required by Rule 33, the IPPs have not exceeded their interrogatory limit because they are entitled to serve 25 interrogatories per class representative on each defendant in the litigation. IPP Mot. at 8-9. Thus, according to the IPPs, they are entitled to serve 625 interrogatories (25 interrogatories for each of 25 class representatives) on each of the 45 defendants named in the IPPs Fourth Consolidated Amended Complaint. By this reasoning, IPPs are allowed to serve 28,125 separate interrogatories on defendants in this litigation. Granting any weight to the IPPs' position would lead to absurd results and would obliterate Rule 33's interrogatory limit for all class actions.

The IPPs correctly state that Rule 33(a)(1) limits the number of interrogatories to 25 per party. IPP Mot. at 8. This logically makes sense because certain factual issues and defenses are unique to certain parties, as is the case here, and those parties will want to serve interrogatories unique to their issues. With respect to a class of plaintiffs, the issues of law and fact are by necessity common among the class, so the 25 interrogatory limit should also apply. *Accord* Fed. R. Civ. P. 23; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (stating that a class representative must "possess the same interests and suffer the same injury as the class members"). Wright & Miller provides useful guidance when addressing scenarios similar to a class action for the purpose of determining the appropriate number of interrogatories under Rule 33.

> Consider, for example, a situation in which ten people injured in a bus crash sue the bus company in a single suit represented by the same lawyer. Should they be considered one party or ten for purposes of the interrogatory limitation? The best result would seem to be to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25–interrogatory limitation.

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2168.1 at 261 (2d ed. 1994).

The cases relied upon by the IPPs are unpersuasive. In *Trevino v. ABC Am, Inc.*, 232 F.R.D 612, 614 (N.D. Cal. 2006), the magistrate judge allowed two plaintiffs to serve a total of 32 interrogatories on one defendant and 34 interrogatories on another defendant. At the time, *Trevino* was in the pre-class certification stage, so each plaintiff was truly a separate party to the litigation. Further, the 66 total interrogatories allowed between two plaintiffs and two defendants in no way supports the IPPs' contention that they are entitled to serve 28,125 interrogatories in this litigation. Nor does *Zamora v. D'Arrigo Bros. Co.*, No. 04-cv-000047 JW(HRL), 2006 WL 931728 (N.D. Cal. Apr. 6, 2006), alleviate the problems raised by the IPPs' position. In *Zamora*, the magistrate judge allowed class plaintiffs to serve a total of 29 interrogatories. This small deviation from the numerical limit also does not give credence to the IPPs' position.

Setting aside for a moment the implications of the IPPs' position that each class representative be entitled to serve 25 interrogatories on each of the 45 defendants, each set of interrogatories at issue purported to be served jointly by all IPPs. Even assuming that each class representative is entitled to 25 interrogatories, each representative exceeded the limit as a result of the interrogatories being issued jointly. *See Pas Communications, Inc. v. Sprint Corp.*, No. 99-2182-JWL, 2000 WL 1867571, at *12 (D. Kan. Dec. 1, 2000) ("Because plaintiffs' interrogatories were filed jointly, or on behalf of all plaintiffs, each plaintiff has reached the 25-interrogatory limit and, thus, the third set of interrogatories exceeds the permissible number of interrogatories."). This fact provides a separate reason for denying the IPPs' motion to compel.

**3. The IPPs Should Not Be Granted Leave To Exceed 25 Interrogatories**

The IPPs were entitled to serve 25 interrogatories on each defendant. The IPPs fail to state any reason why they require interrogatories in excess of the limit imposed by Rule 33. Instead, the IPPs attempt to make a fairness argument based on the number of interrogatories served by defendants. This argument, however, lacks merit. The defendants have not violated the 25-interrogatory limit. The IPPs should be held to the same standard. The IPPs themselves chose the number of defendants in this litigation. Each of these defendants is entitled to propound its own set of interrogatories because each defendant is situated differently than other defendants. Thus, considerations of fairness do not favor granting the IPPs leave to serve additional interrogatories.

## III. Conclusion

For these reasons, Your Honor should issue a report that recommends that the IPPs' motion to compel be denied.

Respectfully submitted,

Lucius B. Lau

cc: All counsel of record

# Defendants' Attachment 1

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page1 of 72

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>INDIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT**<br><br>The Honorable Samuel Conti |

# I. INTRODUCTION

For its Answer to the Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint ("IP-TCAC"), Defendant Toshiba Corporation ("Toshiba Corp.") states as follows:

1. The allegations contained in the first sentence of Paragraph 1 consist of the Plaintiffs' characterization of their case, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of the first sentence of Paragraph 1. To the extent that the allegations contained in the second and third sentences of Paragraph 1 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in the second and third sentences of Paragraph 1 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

2. To the extent that the allegations contained in Paragraph 2 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 2 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

3. To the extent that the allegations contained in Paragraph 3 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 3 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

4. Toshiba Corp. admits the allegations in the first sentence of Paragraph 4, but denies that the referenced competition authorities are investigating a "global conspiracy" covering "CRT Products" for lack of information sufficient to form a belief as to the truth of this allegation. The allegations in the second and third sentences of Paragraph 4 are reflected in the indictment of C.Y. Lin, which is the best evidence of its contents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## II. JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 consist of the Plaintiffs' characterization of their case, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 5.

6. The allegations contained in Paragraph 6 are legal conclusions to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 6.

7. The allegations contained in Paragraph 7 are legal conclusions to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 7.

8. The allegations contained in Paragraph 8 are legal conclusions to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 8.

9. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, therefore, denies these allegations.

10. To the extent that the allegations contained in Paragraph 10 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 10 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

11. Paragraph 11 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 11 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

12. Paragraph 12 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 12 may be deemed to require a response from Toshiba

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page4 of 72

Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**III. DEFINITIONS**

13. Toshiba Corp. admits the allegations contained in Paragraph 13 of the IP-TCAC.

14. Toshiba Corp. denies the allegations contained in Paragraph 14 of the IP-TCAC.

15. Paragraph 15 consists of defined terms, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 15.

16. Paragraph 16 consists of defined terms, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 16.

17. Paragraph 17 consists of defined terms, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 17.

18. Paragraph 18 consists of defined terms, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations of Paragraph 18.

**IV. PLAINTIFFS**

19. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies the allegations.

20. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies the allegations.

21. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies the allegations.

22. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page5 of 72

23. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, therefore, denies the allegations.

24. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies the allegations.

25. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies the allegations.

26. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies the allegations.

27. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies the allegations.

28. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, denies the allegations.

29. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies the allegations.

30. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, denies the allegations.

31. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies the allegations.

32. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, therefore, denies the allegations.

33. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies the allegations.

34. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and, therefore, denies the allegations.

35. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and, therefore, denies the allegations.

36. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

37.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and, therefore, denies the allegations.

38.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, therefore, denies the allegations.

39.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, therefore, denies the allegations.

40.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and, therefore, denies the allegations.

41.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, therefore, denies the allegations.

42.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, therefore, denies the allegations.

43.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies the allegations.

44.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and, therefore, denies the allegations.

45.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, therefore, denies the allegations.

46.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, denies the allegations.

47.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, denies the allegations.

48.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies the allegations.

49.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies the allegations.

50.     Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page7 of 72

## V. DEFENDANTS

**LG Electronics Entities**

51. Paragraph 51 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies the allegations.

52. Paragraph 52 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies the allegations.

53. Paragraph 53 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and, therefore, denies the allegations.

54. Paragraph 54 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 54.

**Philips Entities**

55. Paragraph 55 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies the allegations.

56. Paragraph 56 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies the allegations.

57. Paragraph 57 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies the allegations.

58. Paragraph 58 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

59.     Paragraph 59 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 59.

**LP Displays**

60.     Paragraph 60 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and, therefore, denies the allegations.

**Samsung Entities**

61.     Paragraph 61 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and, therefore, denies the allegations.

62.     Paragraph 62 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and, therefore, denies the allegations.

63.     Paragraph 63 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, therefore, denies the allegations.

64.     Paragraph 64 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies the allegations.

65.     Paragraph 65 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, therefore, denies the allegations.

66.     Paragraph 66 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

67. Paragraph 67 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies the allegations.

68. Paragraph 68 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies the allegations.

69. Paragraph 69 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies the allegations.

70. Paragraph 70 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 70.

**Toshiba Entities**

71. Toshiba Corp. admits the allegations contained in the first sentence of Paragraph 71 and denies the remaining allegations contained in Paragraph 71. Toshiba Corp. avers that in March 1995 it entered into an agreement to form a joint venture for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia. Toshiba Corp. avers that it entered into an agreement with Matsushita Electric Industrial Co., Ltd. to transfer all of its CRT business to a new entity named Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") on March 31, 2003.

72. Paragraph 72 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies the allegations, except that Toshiba Corp. admits the allegations contained in the first sentence of Paragraph 72 and admits that Toshiba America, Inc. is a wholly-owned subsidiary of Toshiba Corp.

73. Paragraph 73 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page10 of 72

74. Paragraph 74 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies the allegations, except that Toshiba Corp. avers that the business address of Toshiba America Information Systems, Inc. is 9740 Irvine Boulevard, Irvine, CA 92618-1697.

75. Paragraph 75 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies the allegations, except that Toshiba Corp. avers that the business address of Toshiba America Electronic Components, Inc. is 19900 MacArthur Boulevard, Suite 400, Irvine, CA 92612 and avers that Toshiba America Electronic Components, Inc. is a wholly-owned subsidiary of Toshiba America, Inc.

76. Paragraph 76 relates to another company. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, denies the allegations.

77. Paragraph 77 relates to another company. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies the allegations except that Toshiba Corp. avers that in March 1995 it entered into an agreement to form a joint venture for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia. Toshiba Corp. also avers that it entered into an agreement with Matsushita Electric Industrial Co., Ltd. to transfer all of its CRT business to a new entity named MTPD on March 31, 2003, and that a CPT manufacturing facility in Indonesia became part of MTPD as part of that transfer.

78. Paragraph 78 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 78.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page11 of 72

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Panasonic Entities**

79. Paragraph 79 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies the allegations except that Toshiba Corp. avers that it entered into an agreement with Matsushita Electric Industrial Co., Ltd. to transfer all of its CRT business to a new entity named MTPD on March 31, 2003, and that Toshiba Corp. sold its interest in MTPD in 2007.

80. Paragraph 80 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies the allegations.

81. Paragraph 81 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies the allegations.

82. Paragraph 82 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 82.

83. Paragraph 83 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies the allegations, except that Toshiba Corp. avers that it transferred all of its CRT business to a new entity named MTPD on March 31, 2003, and that Toshiba Corp. sold its interest in MTPD in 2007.

84. Paragraph 84 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies the allegations.

**Hitachi Entities**

85. Paragraph 85 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies the allegations.

86.  Paragraph 86 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies the allegations.

87.  Paragraph 87 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies the allegations.

88.  Paragraph 88 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and, therefore, denies the allegations.

89.  Paragraph 89 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, therefore, denies the allegations.

90.  Paragraph 90 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, therefore, denies the allegations.

91.  Paragraph 91 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required.  To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 91.

**Tatung**

92.  Paragraph 92 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, therefore, denies the allegations.

**Chunghwa Entities**

93.  Paragraph 93 relates to another Defendant.  Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

94. Paragraph 94 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and, therefore, denies the allegations.

95. Paragraph 95 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 95.

**IRICO Entities**

96. Paragraph 96 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, therefore, denies the allegations.

97. Paragraph 97 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, denies the allegations.

98. Paragraph 98 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, denies the allegations.

99. Paragraph 99 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 99.

**Thai CRT**

100. Paragraph 100 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, denies the allegations.

**Samtel**

101. Paragraph 101 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, denies the allegations.

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page14 of 72

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Daewoo/Orion Entities**

102. Paragraph 102 relates to another Defendant. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, denies the allegations except that Toshiba Corp. avers that in March 1995 it entered into an agreement to form a joint venture for the manufacture of CPTs with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

103. Paragraph 103 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 103.

104. Paragraph 104 consists of Plaintiffs' explanation of a defined term used in the IP-TCAC, to which no response is required. To the extent that a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 104.

## VI. AGENTS AND CO-CONSPIRATORS

105. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 and, therefore, denies the allegations.

106. Paragraph 106 consists of Plaintiffs' characterization of their claim, to which no response is required. If a response is deemed required, Toshiba Corp. denies the allegations contained in Paragraph 106.

107. Paragraph 107 consists of Plaintiffs' characterization of their claims, to which no response is required. To the extent that the allegations contained in Paragraph 107 relate to other Defendants, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 107 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

## VII. INTERSTATE TRADE AND COMMERCE

108. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 and, therefore, denies the allegations.

109. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, denies the allegations.

110. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, denies the allegations.

## VIII. FACTUAL ALLEGATIONS

### A. CRT Technology

111. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 and, therefore, denies the allegations.

112. Toshiba Corp. admits the allegations contained in Paragraph 112 of the IP-TCAC.

113. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and, therefore, denies the allegations.

114. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 and, therefore, denies the allegations.

### B. Structural Characteristics Of The CRT Market

115. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page16 of 72

**a. Market Concentration**

116. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and, therefore, denies the allegations.

**b. Information Sharing**

117. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and, therefore, denies the allegations.

118. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and, therefore, denies the allegations.

**c. Consolidation**

119. To the extent that the allegations contained in Paragraph 119 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 119 are directed to Toshiba Corp., Toshiba Corp. denies these allegations, except that Toshiba Corp. avers that it transferred its CRT business to a new entity called MTPD on March 31, 2003.

120. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, denies the allegations.

**d. Multiple Interrelated Business Relationships**

121. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and, therefore, denies the allegations.

122. To the extent that the allegations contained in Paragraph 122 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page17 of 72

the extent that the allegations contained in Paragraph 122 are directed to Toshiba Corp., Toshiba Corp. denies these allegations. Toshiba Corp. avers that it transferred all of its CRT business to a new entity called MTPD on March 31, 2003. Toshiba Corp. also avers that it participated in a joint venture for the manufacture of color picture tubes with Orion Electric of South Korea, Sumitomo Corporation, and P.T. Tabung Gambar Indonesia.

**e. High Costs Of Entry Into The Industry**

123. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and, therefore, denies the allegations.

**f. The Maturity Of The CRT Product Market**

124. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and, therefore, denies the allegations.

125. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, therefore, denies the allegations.

126. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 and, therefore, denies the allegations.

127. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, denies the allegations.

128. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and, therefore, denies the allegations.

129. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page18 of 72

**g. Homogeneity Of CRT Products**

130. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and, therefore, denies the allegations.

131. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and, therefore, denies the allegations.

**C. Pre-Conspiracy Market**

132. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 and, therefore, denies the allegations.

133. Paragraph 133 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and, therefore, denies the allegations.

**D. Defendants' And Co-Conspirators' Illegal Agreements**

134. To the extent that the allegations contained in Paragraph 134 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 134 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

135. To the extent that the allegations contained in Paragraph 135 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 135 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

136. To the extent that the allegations contained in Paragraph 136 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page19 of 72

the extent that the allegations contained in Paragraph 136 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

137. To the extent that the allegations contained in Paragraph 137 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 137 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

138. To the extent that the allegations contained in Paragraph 138 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 138 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

**a. "Glass Meetings"**

139. To the extent that the allegations contained in Paragraph 139 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 139 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

140. To the extent that the allegations contained in Paragraph 140 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 140 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

141. To the extent that the allegations contained in Paragraph 141 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 141 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page20 of 72

142. To the extent that the allegations contained in Paragraph 142 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 142 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

143. To the extent that the allegations contained in Paragraph 143 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 143 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

144. To the extent that the allegations contained in Paragraph 144 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 144 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

145. To the extent that the allegations contained in Paragraph 145 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 145 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

146. To the extent that the allegations contained in Paragraph 146 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 146 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

147. To the extent that the allegations contained in Paragraph 147 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page21 of 72

the extent that the allegations contained in Paragraph 147 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

148. To the extent that the allegations contained in Paragraph 148 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 148 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

149. To the extent that the allegations contained in Paragraph 149 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 149 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

150. To the extent that the allegations contained in Paragraph 150 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 150 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

151. To the extent that the allegations contained in Paragraph 151 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 151 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

152. To the extent that the allegations contained in Paragraph 152 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 152 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page22 of 72

**b. Bilateral Discussions**

153. To the extent that the allegations contained in Paragraph 153 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 153 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

154. To the extent that the allegations contained in Paragraph 154 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 154 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

155. To the extent that the allegations contained in Paragraph 155 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 155 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

156. To the extent that the allegations contained in Paragraph 156 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 156 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

157. To the extent that the allegations contained in Paragraph 157 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 157 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

158. To the extent that the allegations contained in Paragraph 158 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page23 of 72

form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 158 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

**c. Defendants' And Co-Conspirators' Participation In Group And Bilateral Discussions**

159. Paragraph 159 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, denies the allegations.

160. Paragraph 160 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, denies the allegations.

161. Paragraph 161 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and, therefore, denies the allegations.

162. Paragraph 162 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, denies the allegations.

163. Paragraph 163 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, denies the allegations.

164. Paragraph 164 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 and, therefore, denies the allegations.

165. Paragraph 165 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 and, therefore, denies the allegations.

166. Paragraph 166 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

167. Paragraph 167 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 and, therefore, denies the allegations.

168. Paragraph 168 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168 and, therefore, denies the allegations.

169. To the extent that the allegations contained in Paragraph 169 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 169 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

170. To the extent that the allegations contained in Paragraph 170 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 170 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

171. Paragraph 171 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 and, therefore, denies the allegations.

172. Paragraph 172 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 and, therefore, denies the allegations.

173. Paragraph 173 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, denies the allegations.

174. Paragraph 174 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page25 of 72

175. Paragraph 175 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, denies the allegations.

176. Paragraph 176 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176 and, therefore, denies the allegations.

177. Paragraph 177 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 and, therefore, denies the allegations.

178. Paragraph 178 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178 and, therefore, denies the allegations.

179. Paragraph 179 relates to other Defendants. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 and, therefore, denies the allegations.

180. To the extent that Paragraph 180 consists of Plaintiffs' characterization of their claims and Plaintiffs' explanation of a defined term used in the IP-TCAC, no response is required. To the extent that the allegations contained in Paragraph 180 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 180 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

**E. The CRT Market During The Conspiracy**

181. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 and, therefore, denies the allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page26 of 72

182. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 and, therefore, denies the allegations.

183. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 and, therefore, denies the allegations.

184. To the extent that Paragraph 184 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 184 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 184 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

185. To the extent that Paragraph 185 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 185 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 185 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

186. To the extent that the allegations contained in Paragraph 186 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 186 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page27 of 72

187. To the extent that Paragraph 187 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 187 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 187 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

188. To the extent that Paragraph 188 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 188 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 188 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

189. To the extent that Paragraph 189 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 189 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 189 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

190. To the extent that the allegations contained in Paragraph 190 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page28 of 72

the extent that the allegations contained in Paragraph 190 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

191. To the extent that the allegations contained in Paragraph 191 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 191 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

192. To the extent that Paragraph 192 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 192 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 192 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

193. To the extent that the allegations contained in Paragraph 193 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 193 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

194. To the extent that the allegations contained in Paragraph 194 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 194 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

**F. <u>International Government Antitrust Investigations</u>**

195. To the extent that the allegations contained in Paragraph 195 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page29 of 72

form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 195 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

196. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 and, therefore, denies these allegations.

197. To the extent that Paragraph 197 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 197 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

198. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 198 and, therefore, denies these allegations.

199. To the extent that Paragraph 199 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 199 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 199 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

200. To the extent that Paragraph 200 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 200 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 200 may

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page30 of 72

be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

201. Paragraph 201 relates to other Defendants and/or third parties. Accordingly, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 201 and, therefore, denies these allegations.

202. To the extent that Paragraph 202 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 202 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 202 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

203. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 and, therefore, denies these allegations.

204. The allegations contained in Paragraph 204 refer to a public annual report, which is the best evidence of its contents.

205. Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 205 and, therefore, denies these allegations.

206. To the extent that the allegations contained in Paragraph 206 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 206 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

207. To the extent that the allegations contained in Paragraph 207 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 207 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

208.    To the extent that the allegations contained in Paragraph 208 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 208 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

209.    To the extent that the allegations contained in Paragraph 209 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 209 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

210.    To the extent that Paragraph 210 consists of purported statements in news reports and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 210 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 210 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

211.    To the extent that Paragraph 211 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 211 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

212.    To the extent that Paragraph 212 consists of purported statements by government authorities and/or statements in public documents, those statements speak for

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

themselves and no response is required. To the extent that the allegations contained in Paragraph 212 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

213. To the extent that Paragraph 213 consists of purported statements by government authorities and/or statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 213 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

## IX. THE PASS-THROUGH OF OVERCHARGES TO CONSUMERS

214. To the extent that Paragraph 214 contains argument and/or legal conclusions, no response is required. To the extent that Paragraph 214 consists of purported statements by governmental authorities, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 214 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 214 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

215. To the extent that the allegations contained in Paragraph 215 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 215 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

216. To the extent that the allegations contained in Paragraph 216 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 216 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page33 of 72

217. To the extent that the allegations contained in Paragraph 217 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 217 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

218. To the extent that Paragraph 218 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 218 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 218 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

219. To the extent that Paragraph 219 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 219 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 219 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

220. To the extent that Paragraph 220 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 220 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 220 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

221. To the extent that the allegations contained in Paragraph 221 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 221 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

222. To the extent that Paragraph 222 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 222 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 222 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

223. To the extent that Paragraph 223 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 223 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 223 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

224. To the extent that Paragraph 224 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 224 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 224 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations

225. To the extent that Paragraph 225 contains argument and/or legal conclusions, no response is required. To the extent that Paragraph 225 consists of purported statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 225 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 225 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page35 of 72

226. To the extent that Paragraph 226 contains argument and/or legal conclusions, no response is required. To the extent that Paragraph 226 consists of purported statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 226 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 226 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

227. To the extent that Paragraph 227 contains argument and/or legal conclusions, no response is required. To the extent that Paragraph 227 consists of purported statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 227 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 227 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

228. To the extent that Paragraph 228 contains argument and/or legal conclusions, no response is required. Also, Paragraph 228 consists of purported statements in public documents, those statements speak for themselves and no response is required. To the extent that the allegations contained in Paragraph 228 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 228 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

229. To the extent that Paragraph 229 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 229 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page36 of 72

denies these allegations. To the extent that the allegations contained in Paragraph 229 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

230. To the extent that the allegations contained in Paragraph 230 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 230 are directed to Toshiba Corp., Toshiba Corp. denies these allegations.

231. To the extent that Paragraph 231 contains argument and/or legal conclusions, no response is required. To the extent that the allegations contained in Paragraph 231 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 231 may be deemed to require a response from Toshiba Corp., Toshiba Corp. denies these allegations.

## X. CLASS ACTION ALLEGATIONS

232. Paragraph 232 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 232 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. Toshiba Corp. further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

233. Paragraph 233 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 233 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. Toshiba Corp. further

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page37 of 72

denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

234. Paragraph 234 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 234 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. Toshiba Corp. further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

235. Paragraph 235 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 235 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. Toshiba Corp. further denies that this action can properly be maintained as a class action on behalf of the purported class or otherwise.

## XI. VIOLATIONS ALLEGED

### A. First Claim For Relief: Violation Of Section 1 Of The Sherman Act

236. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-235 of the IP-TCAC, as set forth above.

237. Paragraph 237 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 237 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 237 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

238. Paragraph 238 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 238 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 238 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

239. Paragraph 239 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 239 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 239 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

240. Paragraph 240 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 240 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 240 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

241. Paragraph 241 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 241 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page39 of 72

these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 241 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

242. Paragraph 242 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 242 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 242 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

243. Paragraph 243 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 243 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 243 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

244. Paragraph 244 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 244 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 244 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

245. Paragraph 245 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 245 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 245 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**B. Second Claim For Relief: Violation Of State Antitrust Statutes**

246. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-245 of the IP-TCAC, as set forth above.

247. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-246 of the IP-TCAC, as set forth above. Paragraph 247 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 247 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 247 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

248. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-247 of the IP-TCAC, as set forth above. Paragraph 248 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 248 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 248 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page41 of 72

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

249. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-248 of the IP-TCAC, as set forth above. Paragraph 249 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 249 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 249 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

250. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-249 of the IP-TCAC, as set forth above. Paragraph 250 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 250 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 250 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

251. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-250 of the IP-TCAC, as set forth above. Paragraph 251 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 251 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 251 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document1850 Filed01/26/11 Page42 of 72

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

252. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-251 of the IP-TCAC, as set forth above. Paragraph 252 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 252 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 252 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

253. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-252 of the IP-TCAC, as set forth above. Paragraph 253 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 253 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 253 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

254. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-253 of the IP-TCAC, as set forth above. Paragraph 254 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 254 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 254 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page43 of 72

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

255. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-254 of the IP-TCAC, as set forth above. Paragraph 255 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 255 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 255 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

256. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-255 of the IP-TCAC, as set forth above. Paragraph 256 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 256 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 256 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

257. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-256 of the IP-TCAC, as set forth above. Paragraph 257 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 257 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 257 may be deemed to require a response

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page44 of 72

from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

258. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-257 of the IP-TCAC, as set forth above. Toshiba Corp. denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nebraska that are based on sales made prior to July 20, 2002, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665). Also, Paragraph 258 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 258 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 258 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

259. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-258 of the IP-TCAC, as set forth above. Toshiba Corp. denies that Plaintiffs are entitled to any relief pursuant to claims under the laws of Nevada that are based on sales made prior to the 1999 date of Nevada's repealer statute, as the Court dismissed these claims in its March 30, 2010 Order (Doc. No. 665). Also, Paragraph 259 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 259 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 259 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

260. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-259 of the IP-TCAC, as set forth above. Paragraph 260 consists of argument, Plaintiffs'

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page45 of 72

characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 260 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 260 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

261. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-260 of the IP-TCAC, as set forth above. Paragraph 261 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 261 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 261 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

262. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-261 of the IP-TCAC, as set forth above. Paragraph 262 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 262 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 262 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

263. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-262 of the IP-TCAC, as set forth above. Paragraph 263 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

To the extent that the allegations contained in Paragraph 263 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 263 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

264. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-263 of the IP-TCAC, as set forth above. Paragraph 264 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 264 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 264 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

265. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-264 of the IP-TCAC, as set forth above. Paragraph 265 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 265 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 265 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

266. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-265 of the IP-TCAC, as set forth above. Paragraph 266 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 266 relate to other Defendants

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page47 of 72

and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 266 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

267. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-266 of the IP-TCAC, as set forth above. Paragraph 267 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 267 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 267 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

268. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-267 of the IP-TCAC, as set forth above. Paragraph 268 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 268 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 268 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**C. Third Claim For Relief: Violation Of State Consumer Protection And Unfair Competition Statutes**

269. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-268 of the IP-TCAC, as set forth above.

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page48 of 72

270. Paragraph 270 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 270 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 270 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

271. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-270 of the IP-TCAC, as set forth above. Paragraph 271 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 271 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 271 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

272. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-271 of the IP-TCAC, as set forth above. Paragraph 272 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 272 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 272 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

273. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-272 of the IP-TCAC, as set forth above. Paragraph 273 consists of argument, Plaintiffs'

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page49 of 72

characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 273 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 273 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

274. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-273 of the IP-TCAC, as set forth above. Paragraph 274 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 274 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 274 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

275. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-274 of the IP-TCAC, as set forth above. Paragraph 275 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 275 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 275 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

276. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-275 of the IP-TCAC, as set forth above. Paragraph 276 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

To the extent that the allegations contained in Paragraph 276 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 276 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

277. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-276 of the IP-TCAC, as set forth above. Paragraph 277 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 277 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 277 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

278. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-277 of the IP-TCAC, as set forth above. Paragraph 278 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 278 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 278 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

279. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-278 of the IP-TCAC, as set forth above. Paragraph 279 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 279 relate to other Defendants

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 279 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

**D. Fourth Claim For Relief: Unjust Enrichment And Disgorgement Of Profits**

280. Toshiba Corp. hereby incorporates by reference its responses to Paragraphs 1-279 of the IP-TCAC, as set forth above.

281. Paragraph 281 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 281 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 281 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

282. Paragraph 282 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 282 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 282 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

283. Paragraph 283 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 283 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page52 of 72

these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 283 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XII. FRAUDULENT CONCEALMENT

284. Paragraph 284 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 284 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 284 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

285. Paragraph 285 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 285 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 285 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

286. Paragraph 286 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required. To the extent that the allegations contained in Paragraph 286 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations. To the extent that the allegations contained in Paragraph 286 may be deemed to require a response from Toshiba Corp.,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

287.     Paragraph 287 consists of argument, Plaintiffs' characterization of their claims and/or legal conclusions, to which no response is required.  To the extent that the allegations contained in Paragraph 287 relate to other Defendants and/or third parties, Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.  To the extent that the allegations contained in Paragraph 287 may be deemed to require a response from Toshiba Corp., Toshiba Corp. lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, denies these allegations.

## XIII.  PRAYER FOR RELIEF

In answer to the Prayer for Relief, Toshiba Corp. denies each and every allegation in the Prayer and further specifically denies that Plaintiffs are entitled to any of the relief requested or any remedy whatsoever against Toshiba Corp.

All allegations of the IP-TCAC not heretofore admitted or denied are here and now denied as though specifically denied herein.

## DEFENSES/AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Toshiba Corp. asserts the following separate and additional defenses:

## FIRST DEFENSE

The conduct alleged to provide a basis for the claims of Plaintiffs and any putative class members did not have a direct, substantial and reasonably foreseeable effect on trade or commerce with the United States.  The Court therefore lacks subject-matter jurisdiction over the claims of Plaintiffs and any putative class members.  The Court also lacks subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page54 of 72

**SECOND DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

**THIRD DEFENSE**

The IP-TCAC fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

Plaintiffs, and each of them, have failed to plead fraudulent concealment with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

**FIFTH DEFENSE**

Plaintiffs' state law claims are barred or limited in whole or in part by the doctrine of *forum non conveniens* and improper venue. Plaintiffs' claims, to the extent they rely on the laws of foreign states or are brought on behalf of out-of-state residents, would be better adjudicated in those foreign courts.

**SIXTH DEFENSE**

Plaintiffs' claims and claims of any putative class members against Toshiba Corp. are barred to the extent that they have agreed to arbitration or chosen a different forum for the resolution of their claims.

**SEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because they cannot be maintained as a class action.

**EIGHTH DEFENSE**

The relief sought by Plaintiffs, and each of them, is barred because the named Plaintiffs are not proper class representatives.

**NINTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, lack standing to bring or maintain the claims set forth in the IP-TCAC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page55 of 72

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purport to bring this action on behalf of a nationwide class, some members of which reside in jurisdictions that do not permit actions based on, or analogous to, the claims specified in the IP-TCAC.

**ELEVENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are improperly joined within the meaning of Rule 20 of the Federal Rules of Civil Procedure because they did not arise out of the same transaction, occurrence or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

**TWELFTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs, and each of them, have suffered no antitrust injury.

**THIRTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of waiver.

**FOURTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of estoppel.

**FIFTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because no Plaintiff has been injured in its business or property by reason of any action of Toshiba Corp.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

any acts or omissions of Toshiba Corp. and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitation, the prior, intervening or superseding conduct of such third parties.

**EIGHTEENTH DEFENSE**

To the extent that any actionable conduct occurred, Plaintiffs' claims and claims of any putative class members against Toshiba Corp. are barred because all such conduct would have been committed by individuals acting *ultra vires*.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages as a result of any actions taken by Toshiba Corp. and/or the other Defendants.

**TWENTIETH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of such alleged damages.

**TWENTY-FIRST DEFENSE**

Plaintiffs and any putative class members are barred from recovery of any damages because of, and to the extent of, their failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any actions or practices of Toshiba Corp. that are the subject of the IP-TCAC were undertaken unilaterally for legitimate business reasons and in pursuit of Toshiba Corp.'s independent interests and those of its customers, and were not the product of any contract, combination or conspiracy between Toshiba Corp. and any other person or entity.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of Toshiba Corp. that are the subject of the IP-TCAC were adopted in furtherance of legitimate business interests of Toshiba Corp. and of its customers and did not unreasonably restrain competition.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page57 of 72

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of Toshiba Corp. that are the subject of the IP-TCAC were cost justified or otherwise economically justified and resulted from a good-faith effort to meet competition or market conditions.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, as premised upon privileged conduct or actions by Toshiba Corp.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because the alleged conduct complained of was caused by, due to, based upon, or in response to directives, laws, regulations, policies and/or acts of governments, governmental agencies and entities and/or regulatory agencies, and as such is non-actionable or privileged.

**TWENTY-SEVENTH DEFENSE**

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to the indirect purchasers.

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because, as indirect purchasers, they fail to meet their burden of proving that they were damaged in fact by the conduct of which complaint is here made, including the burden of proving that any so-called overcharge of which complaint is made and which was not absorbed by predecessors to the Plaintiffs in the chain of distribution was not passed on to a third party.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek improper multiple damage awards, and damage awards

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

duplicative of those sought in other actions, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRTIETH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the equitable doctrine of unclean hands.

**THIRTY-FIRST DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, by the doctrine of accord and satisfaction.

**THIRTY-SECOND DEFENSE**

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, Toshiba Corp. contends that it is entitled to set off any amounts paid to Plaintiffs by any Defendants other than Toshiba Corp. who have settled, or do settle, Plaintiffs' claims against them in this action.

**THIRTY-THIRD DEFENSE**

Plaintiffs' claims and claims of any putative class members for injunctive relief are barred, in whole or in part, insofar as Plaintiffs seek to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

**THIRTY-FOURTH DEFENSE**

The IP-TCAC is ambiguous as to whether the alleged state law violations are intended to be asserted on behalf of a purported nationwide class of indirect purchasers or just on behalf of the residents of those states whose laws were cited. To the extent the IP-TCAC asserts alleged violations on behalf of indirect purchasers located outside of the jurisdictions governed by those laws, those claims are barred as improper assertions of extraterritorial jurisdiction and any effort to enforce those laws as to residents of other states would violate Defendants' rights to due process under the United States and various state constitutions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page59 of 72

**THIRTY-FIFTH DEFENSE**

To the extent Plaintiffs or any purported class members seek to assert claims or obtain relief under the laws of a state of which they are not a resident, those claims are barred by constitutional rights of due process, choice of law principles, and the laws of the states under which Plaintiffs assert their claims.

**THIRTY-SIXTH DEFENSE**

Plaintiffs' claims are barred in whole or part because the IP-TCAC fails to plead conspiracy with particularity required under applicable law.

**THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to: 15 U.S.C. § 15b; Ariz. Rev. Stat. Ann. § 44-1410; Cal. Bus. & Prof. Code § 17208; Cal. Bus. & Prof. Code § 16750.1; Cal. Civ. Proc. Code §§ 337-340; D.C. Code §§ 28-4511(b) and 12-301; Fla. Stat. § 95.11(f); Haw. Rev. Stat. § 480-24; 740 Ill. Comp. Stat. 10/7; Iowa Code §§ 553.12 and 553.16; Kan. Stat. Ann. § 60-512(2); Me. Rev. Stat. Ann. tit. 14, § 752; Me. Rev. Stat. Ann. tit. 5, § 213; Mich. Comp. Laws §§ 445.781 and 600.5813; Minn. Stat. § 325D.64(1); Miss. Code Ann. §§ 15-1-49 and 15-1-65; Neb. Rev. Stat. §§ 25-206 and 59-1612; Nev. Rev. Stat. §§ 11.190 and 598A.220; N.M. Stat. § 57-1-12; N.Y. C.P.L.R. 214(2); N.C. Gen. Stat. § 75-16.2; N.D. Cent. Code § 51-08.1-10; S.D. Codified Laws § 37-1-14.4; Tenn. Code Ann. § 28-3-105; Vt. Stat. Ann. tit. 12, § 511; W. Va. Code § 47-18-11; Wis. Stat. § 133.18.

**THIRTY-EIGHTH DEFENSE**

Plaintiffs lack standing to prosecute their state antitrust claims, in whole or in part, under, without limitation, the following statutes: Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*; Cal. Bus. & Prof. Code §§ 16700, *et seq.*; Cal. Bus. & Prof. Code §§ 17200, *et seq.*; D.C. Code §§ 28-4502, *et seq.*; Haw. Rev. Stat. §§ 480-1, *et seq.*; 740 Ill. Comp. Stat. 10/1, *et seq.*; Iowa Code §§ 553.1, *et seq.*; Kan. Stat. Ann. §§ 50-101, *et seq.*; Me. Rev. Stat. Ann. tit. 10, §§ 1101, *et seq.*; Mich. Comp. Laws §§ 445.771, *et seq.*; Minn. Stat. §§ 325D.52, *et seq.*; Miss. Code Ann. §§ 75-21-9, *et seq.* and 75-24-1, *et seq.*; Neb. Rev. Stat. §§ 59-801,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

*et seq.*; Nev. Rev. Stat. §§ 598A, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.Y. Gen. Bus. Law §§ 340 *et seq.*; N.C. Gen. Stat. §§ 75-1, *et seq.*; N.D. Cent. Code §§ 51-08.1-01, *et seq.*; S.D. Codified Laws §§ 37-1, *et seq.*; Tenn. Code Ann. §§ 47-25-101, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2453, *et seq.*; W. Va. Code §§ 47-18-1, *et seq.*; Wis. Stat. §§ 133.01, *et seq.*

**THIRTY-NINTH DEFENSE**

Plaintiffs lack standing to prosecute their state consumer protection claims, in whole or in part, under, without limitation, the following statutes: Cal. Bus. & Prof. Code §§ 17200, *et seq.*; D.C. Code §§ 28-3901, *et seq.*; Fla. Stat. §§ 501.201, *et seq.*; Haw. Rev. Stat. §§ 480-4, *et seq.*; Neb. Rev. Stat. §§ 59-1601, *et seq.*; N.M. Stat. §§ 57-1-1, *et seq.*; N.Y. Gen. Bus. Law §§ 349, *et seq.*; N.C. Gen. Stat. §§ 75-1.1, *et seq.*; Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*

**FORTIETH DEFENSE**

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Neb. Rev. Stat. §§ 59-801, *et seq.*, based on sales made prior to July 20, 2002, as these claims were dismissed by the Court in its March 30, 2010 Order.

**FORTY-FIRST DEFENSE**

Plaintiffs are not entitled to bring claims, or are entitled to any relief, for alleged violations of Nev. Rev. Stat. §§ 598A, *et seq.*, based on sales made prior to the 1999 date of Nevada's repealer statute, as these claims were dismissed by the Court in its March 30, 2010 Order.

**FORTY-SECOND DEFENSE**

Plaintiffs' claims under Ariz. Rev. Stat. Ann. §§ 44-1401, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Ariz. Rev. Stat. Ann. § 44-1415.

**FORTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that the claims are based on California law and any of the alleged events took place outside the state of California without impact on California residents.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FORTY-FOURTH DEFENSE**

To the extent Plaintiffs purport to represent or seek relief on behalf of members of the putative class who are not located or resident in the State of California, the IP-TCAC and each of its claims for relief therein violate Defendants' rights to due process under the constitutions of California and the United States. *See, e.g.*, *BMW of N. Am. v. Gore*, 517 U.S. 559, 571-72 (1996); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812-23 (1985).

**FORTY-FIFTH DEFENSE**

Any award of restitution under Cal. Bus. & Prof. Code § 17203 based upon asserted interests or injuries of the purported class members in this case would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, Section 17 of the California Constitution.

**FORTY-SIXTH DEFENSE**

Plaintiffs' claims for monetary relief under Cal. Bus. & Prof. Code § 17203 are barred, in whole or in part, because Toshiba Corp. did not acquire any money or property from Plaintiffs.

**FORTY-SEVENTH DEFENSE**

Any finding of liability under Cal. Bus. & Prof. Code §§ 17200, 17203 or 17204 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**FORTY-EIGHTH DEFENSE**

Any award of restitution to the Plaintiffs under Cal. Bus. & Prof. Code § 17203 would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated by the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Due Process Clause of the Fourteenth Amendment to the United States Constitution) and Article I, Section 19 of the California Constitution.

**FORTY-NINTH DEFENSE**

Cal. Bus. & Prof. Code § 17204 improperly delegates the executive branch's prosecutorial power to private parties, in contravention of the separation-of-powers doctrine and the provisions of Article V of the California Constitution vesting the State's executive power in the Executive Branch, by authorizing private plaintiffs without any individualized injury to bring suit on behalf of the interests of the general public.

**FIFTIETH DEFENSE**

Any award of restitution under Cal. Bus. & Prof. Code § 17203 to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**FIFTY-FIRST DEFENSE**

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700 *et seq.*, are barred, in whole or in part, because the application of §§ 16700, *et seq.*, to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

**FIFTY-SECOND DEFENSE**

Any award of treble damages, punitive damages or restitution pursuant to Cal. Bus. & Prof. Code §§ 16720, 16727, 16750, or 16761 would violate the Excessive Fines and Due Process Clauses of the United States Constitution and equivalent clauses in the California Constitution.

**FIFTY-THIRD DEFENSE**

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those statutes are inapplicable to alleged wrongs suffered by non-California residents based on alleged conduct of Toshiba Corp. occurring outside of California.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page63 of 72

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**FIFTY-FOURTH DEFENSE**

Plaintiffs' claims under Cal. Bus. & Prof. Code §§ 16700, *et seq.*, §§ 17200, *et seq.*, and California unjust enrichment law are barred, in whole or in part, because those causes of action arise under California law, but Plaintiffs seek to include in the putative plaintiff class non-California residents — notwithstanding California's lack of a significant contact or significant aggregation of contacts with each member of the putative nationwide plaintiff class — and as such is arbitrary and unfair and violates guarantees of due process in the United States and California Constitutions, as well as the Full Faith and Credit Clause of the United States Constitution, and constitutes an impermissible burden on interstate commerce in contravention of the Commerce Clause of the United States Constitution.

**FIFTY-FIFTH DEFENSE**

Plaintiffs' claims for unjust enrichment brought under California law are barred, in whole or in part, because Toshiba Corp. did not receive a benefit from Plaintiffs, Toshiba Corp. did not retain any benefit, and/or the receipt of any benefit was not unjust.

**FIFTY-SIXTH DEFENSE**

Plaintiffs' claims under D.C. Code §§ 28-4502, *et seq.*, are barred, in whole or in part, because any award to the indirect purchasers would result in duplication of recovery of damages which is prohibited under D.C. Code § 28-4509(b).

**FIFTY-SEVENTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because pursuant to § 501.202(3), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") must be construed in a manner consistent with federal antitrust laws. Because Plaintiffs' injuries are too speculative, derivative, indirect, and remote to confer standing under federal antitrust law, they also do not confer standing under FDUTPA.

**FIFTY-EIGHTH DEFENSE**

Plaintiffs' claims under Fla. Stat. §§ 501.201, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page64 of 72

**FIFTY-NINTH DEFENSE**

Plaintiffs' claims under Haw. Rev. Stat. §§ 480-4, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to comply with the requirements of Haw. Rev. Stat. § 480-13.3.

**SIXTIETH DEFENSE**

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq*., are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Iowa Competition Law.

**SIXTY-FIRST DEFENSE**

Plaintiffs' claims under Iowa Code §§ 553.1, *et seq*., are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SIXTY-SECOND DEFENSE**

Plaintiffs' claims under Kan. Stat. Ann. §§ 50-101, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered any actual, cognizable injury under Kansas law.

**SIXTY-THIRD DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because the remedies sought are unconstitutional and contrary to public policy.

**SIXTY-FOURTH DEFENSE**

Plaintiffs' claims under Kansas law are barred, in whole or in part, because Plaintiffs are not entitled to "full consideration" damages.

**SIXTY-FIFTH DEFENSE**

Plaintiffs' claims under Maine law are barred, in whole or in part, because Plaintiffs failed to make a sufficient, written demand for relief to Toshiba Corp. prior to filing the IP-TCAC, or to otherwise meet the required statutory preconditions to filing suit under Maine law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**SIXTY-SIXTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because the Michigan Antitrust Reform Act is not applicable to conduct occurring outside of Michigan.

**SIXTY-SEVENTH DEFENSE**

Plaintiffs' claims under Mich. Comp. Laws §§ 445.771, *et seq.*, are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**SIXTY-EIGHTH DEFENSE**

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because under Minn. Stat. § 325D.57, courts should take efforts to avoid imposition of duplicative damages in successive suits.

**SIXTY-NINTH DEFENSE**

Plaintiffs' claims under Minnesota law are barred, in whole or in part, to the extent that Plaintiffs and the other members of the class seek damages that are duplicative of damages sought in other actions.

**SEVENTIETH DEFENSE**

Plaintiffs' claims under Minn. Stat. §§ 325D.52, *et seq.*, are barred, in whole or in part, because the alleged conduct did not affect the trade or commerce in Minnesota as required by Minn. Stat. § 325D.54.

**SEVENTY-FIRST DEFENSE**

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because the act applies only to conspiracies to be accomplished at least in part by wrongful conduct that takes place within Mississippi.

**SEVENTY-SECOND DEFENSE**

Plaintiffs' claims under Miss. Code Ann. §§ 75-21-1, *et seq.*, are barred, in whole or in part, because punitive damages may not be awarded under §§ 75-21-1, *et seq.*, which provide the exclusive remedies for violation of that act.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page66 of 72

**SEVENTY-THIRD DEFENSE**

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Miss. Code Ann. § 75-24-15 expressly prohibits class-action lawsuits.

**SEVENTY-FOURTH DEFENSE**

In the event and to the extent Plaintiffs seek to assert a claim under the Mississippi "State Consumer Protection Act," Plaintiffs have not met the prerequisites for a claim under Miss. Code Ann. § 75-24-15.

**SEVENTY-FIFTH DEFENSE**

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-821.01.

**SEVENTY-SIXTH DEFENSE**

Plaintiffs' claims under Neb. Rev. Stat. §§ 59-801, *et seq.*, are barred, in whole or in part, by Neb. Rev. Stat. § 59-1609.1.

**SEVENTY-SEVENTH DEFENSE**

Plaintiffs' claims under Nev. Rev. Stat. §§ 598A, *et seq.*, are barred, in whole or in part, because under § 598A.060, that act applies only to activity occurring, at least in part, in Nevada.

**SEVENTY-EIGHTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.*, are barred, in whole or in part, because the alleged conduct of Toshiba Corp. that is the subject of the IP-TCAC was neither directed to nor affected persons or entities or commerce in New Mexico.

**SEVENTY-NINTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-1-1, *et seq.*, are barred, in whole or in part, because the IP-TCAC fails to plead such fraud or fraudulent concealment with the particularity required by the applicable law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**EIGHTIETH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because the New Mexico Unfair Practices Act does not provide relief for indirect purchasers.

**EIGHTY-FIRST DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Toshiba Corp. made no sales to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

**EIGHTY-SECOND DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Toshiba Corp. made no representations to Plaintiffs, and accordingly Plaintiffs have no claim under the New Mexico Unfair Practices Act.

**EIGHTY-THIRD DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to plead any necessary predicate acts to invoke application of the New Mexico Unfair Practices Act.

**EIGHTY-FOURTH DEFENSE**

Plaintiffs' claims under N.M. Stat. §§ 57-12-1, *et seq.*, are barred, in whole or in part, because application of the New Mexico Unfair Practices Act to any transactions occurring outside the State of New Mexico would violate the Commerce Clause of the United States Constitution.

**EIGHTY-FIFTH DEFENSE**

Plaintiffs' claims under New Mexico law are frivolous and groundless with no arguable basis in fact or law.

**EIGHTY-SIXTH DEFENSE**

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because any alleged conduct by Toshiba Corp. is, or if in interstate commerce would be, subject to and compliant with the rules and regulations of, and statutes administered by, the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Federal Trade Commission or other official department, division, commission or agency of the United States, as these rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts. N.Y. Gen. Bus. Law § 349(d).

**EIGHTY-SEVENTH DEFENSE**

Plaintiffs' claims under New York law and other applicable laws are barred by the voluntary payment doctrine, under which one cannot recover payments with full knowledge of the facts.

**EIGHTY-EIGHTH DEFENSE**

Plaintiffs' claims under N.Y. Gen. Bus. Law § 349 are barred, in whole or in part, because Plaintiffs cannot establish actual damages.

**EIGHTY-NINTH DEFENSE**

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered any actual cognizable injuries or damages under N.C. Gen. Stat. § 75-16 or otherwise under the laws of North Carolina as a result of the conduct complained of in the IP-TCAC.

**NINETIETH DEFENSE**

Plaintiffs' claims under N.C. Gen. Stat. § 75-1.1, *et seq.*, are barred, in whole or in part, to the extent that an award of damages under N.C. Gen. Stat. § 75-16 is unconstitutional when applied to the facts of the instant matter.

**NINETY-FIRST DEFENSE**

Plaintiffs lack standing to prosecute their North Carolina state antitrust claims against Toshiba Corp., in whole or in part, because they have not met the modified *Associated General Contractors* test set forth in *Crouch v. Crompton Corp.*, Nos. 02-4375, 03-2514, 2004 WL 2414027, at *18-20 (N.C. Super. Oct. 28, 2004).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page69 of 72

**NINETY-SECOND DEFENSE**

Plaintiffs' claims under S.D. Codified Laws §§ 37-1, *et seq.*, are barred, in whole or in part, because under S.D. Codified Laws §§ 37-1-33, courts should take efforts to avoid imposition of duplicative damages in successive suits.

**NINETY-THIRD DEFENSE**

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants did not willfully violate that statute.

**NINETY-FOURTH DEFENSE**

Plaintiffs' claims under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Defendants' conduct did not have a substantial effect on Tennessee commerce.

**NINETY-FIFTH DEFENSE**

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because Plaintiffs failed to exhaust all remedies against the parties with whom each Plaintiff is in privity.

**NINETY-SIXTH DEFENSE**

Plaintiffs' claims for unjust enrichment under Tenn. Code Ann. §§ 47-25-101, *et seq.*, are barred, in whole or in part, because indirect intermediate purchasers do not have standing under the Tennessee Trade Practices Act.

**NINETY-SEVENTH DEFENSE**

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*, are barred, in whole or in part, because Plaintiffs have not suffered actual, cognizable injury under the Vermont Consumer Fraud Act.

**NINETY-EIGHTH DEFENSE**

Plaintiffs' claims under Vermont law are barred, in whole or in part, because any recovery by Plaintiffs would amount to impermissible duplicative liability within the meaning of Vt. Stat. Ann. tit. 9, § 2465(b).

**NINETY-NINTH DEFENSE**

Plaintiffs' claims under Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*, are barred, in whole or in part, because Toshiba Corp. did not willfully or knowingly violate the Vermont Consumer Fraud Act.

**ONE HUNDREDTH DEFENSE**

Plaintiffs' claims under W. Va. Code §§ 47-18-1, *et seq.*, are barred, in whole or in part, because West Virginia Regulation 142-9-2, which purports to grant a cause of action to individuals indirectly injured by violations of the West Virginia Antitrust Act, is invalid, and Plaintiffs' claims are therefore barred by *Illinois Brick Co. v. Illinois*, 43 U.S. 881 (1977).

**ONE HUNDRED FIRST DEFENSE**

Toshiba Corp. adopts by reference any applicable defense pleaded by any other Defendant not otherwise expressly set forth herein.

**ONE HUNDRED SECOND DEFENSE**

Toshiba Corp. reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

**TOSHIBA CORP.'S PRAYER FOR RELIEF**

WHEREFORE, Toshiba Corp. prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the IP-TCAC, and that the action be dismissed with prejudice;

2. That the Court enter judgment in favor of Toshiba Corp. and against Plaintiffs with respect to all causes of action in the IP-TCAC;

3. That the Court award Toshiba Corp. its attorneys' fees and other costs reasonably incurred in the defense of this action; and

4. That the Court order such other further relief for Toshiba Corp. as the Court may deem just and proper.

Dated: January 26, 2011

Respectfully submitted,

WHITE & CASE LLP

By: /s/ Christopher M. Curran

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant Toshiba Corporation*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Case3:07-cv-05944-SC Document850 Filed01/26/11 Page72 of 72

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On January 26, 2011, I caused a copy of the "TOSHIBA CORPORATION'S ANSWER TO INDIRECT PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT" to be served via ECF on the other parties in this action.

By: /s/ Christopher M. Curran
Christopher M. Curran (*pro hac vice*)

TOSHIBA CORPORATION'S ANSWER TO INDIRECT
PURCHASER PLAINTIFFS' THIRD CONSOLIDATED AMENDED COMPLAINT
Case No. 07-5944 SC
MDL No. 1917

# Defendants' Attachment 2

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| This Document Relates to: ALL INDIRECT-PURCHASER ACTIONS | **INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

PROPOUNDING PARTY: Indirect-Purchaser Plaintiffs

RESPONDING PARTY: *All Defendants*

SET NO.: ONE (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the June 18, 2008 Stipulated Protective Order, the Indirect-Purchaser Plaintiffs ("Plaintiffs") request that each defendant answer the following interrogatories within (30) days of service, and afterwards supplement such interrogatory answers as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

The words and phrases used in these Requests for Production shall have the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Northern District of California. In addition, the following terms have the meanings set forth below whenever used in any interrogatory.

1. "Bilateral Meeting" shall have the meaning as used in the Plaintiffs' Fourth Amended Complaint.

2. "Communication" means without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not necessarily respond.

3. "CRT" means cathode ray tube(s) and "CRT Products" means products containing cathode ray tubes.

4. "CRT Conspiracy" means the conspiracy to violate antitrust laws as pled in the Plaintiffs' Fourth Amended Complaint.

5. "Defendant" refers to any defendant referred to in the current operative complaint filed by the Indirect Purchaser Plaintiffs, including defendant's predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without limitation any organization or entity that the defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant, regardless of whether any such predecessor, successor, subsidiary, division, affiliate, or present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on your behalf is or is not a party to this litigation.

6. "Document" means all documents and electronically stored information as defined in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

7. "Employee" means any individual currently employed by, or at any time employed by, or acting as the agent of a Defendant as defined herein.

8. "Evidence" means Documents, witness statements or testimony, and discovery responses.

///

9. "Glass Meeting" shall have the meaning as set forth in the Plaintiffs' Fourth Amended Complaint.

10. "Law Enforcement Agents" means agents of the United States Department of Justice, the Federal Trade Commission or any state attorneys general office who have authority to enforce state or federal antitrust or consumer protection laws in the United States.

11. "Meeting" means, without limitation, any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or arranged, scheduled or not.

12. "Person" or "Persons" is defined to mean any natural person, corporation, or partnership, proprietorship, joint venture, or any business, legal, or government entity, organization, or association.

13. "Class Period" means the period from March 1, 1995 through November 24, 2007.

14. "You" or "Your" means the responding Defendant, its predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without limitation any organization or entity which the responding Defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding Defendant, regardless of whether any such predecessor, successor, subsidiary, division, affiliate, or present and former directors, officers, employees, agents, representatives or any persons acting or purporting to act on your behalf is or is not a party to this litigation.

## INSTRUCTIONS

1. The obligation to answer these interrogatories is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If at any time after answering these interrogatories You discover additional information that will make your answers to these interrogatories more complete or correct, amend your answers as soon as reasonably possible.

2. When asked to identify a natural person, state the person's name, employer, position dates of employment/tenure, and address for all times during the Class Period, as well as

their current or last known home address and telephone number. If any of such information changed during the Class Period, specify the time period to which the information provided in your answers pertains.

3. When asked to identify any entity other than a natural person, state the name and address of the principal office or headquarters. If any information changed during the Class Period, specify the time period to which the information provided in your answer pertains.

4. When asked to identify a CRT or CRT Product, state the manufacturer, product type (e.g. television or computer monitor), serial number, model number, and size.

5. When asked to identify an event, such as a communication, discussion, meeting, decision, or agreement, state the date, time, and address of the event, all of the participants in the event, and any formal or informal title by which the participants referred to the event.

6. If the responding party elects to produce business records in response to an interrogatory pursuant to Federal Rule of Civil Procedure 33(d), the responding party shall produce the records as they are kept in the usual course of business or shall organize and label them to correspond to the interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify to the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (e.g., letter, memorandum, telegram, contract, invoice, etc.), its dates and author(s), its custodian, and every person to whom such a document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Have You ever participated in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate market share of CRTs?

///

**INTERROGATORY NO. 2**:

     If You contend that You withdrew from any CRT Conspiracy, state:

     (a)     Why You withdrew from the conspiracy;

     (b)     What specific acts You took to withdraw from the CRT Conspiracy;

     (c)     Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

     (d)     Who withdrew from the CRT Conspiracy on your behalf;

**INTERROGATORY NO. 3**:

     If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**INTERROGATORY NO. 5**:

     Indicate whether You were notified at any time by any co-conspirator of any co-conspirator's intent to withdraw from the CRT Conspiracy?

**INTERROGATORY NO. 6**:

     If Your answer to Interrogatory No.5 above, is in the affirmative, describe all communication(s) between You and any person(s) regarding any co-conspirator's intent to withdraw from the conspiracy, and identify all Evidence regarding such communications.

**INTERROGATORY NO. 7**:

     For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**INTERROGATORY NO. 8**:

     For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States; (c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**INTERROGATORY NO. 9**:

     For each year during the Class Period, state by year how many CRT Products (in both

number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States;(c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**INTERROGATORY NO. 10**:

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic manufacturing service, original design manufacturer, or system integrator for integration into CRT Products to be sold in the United States.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

**INTERROGATORY NO. 12:**

For each year during the Class \Period, state by year Your total worldwide dollar amount of sales of CRTs, by size and by country of destination.

**INTERROGATORY NO. 13:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRT Products, both in the aggregate and by the size and type of CRT Product.

**INTERROGATORY NO. 14:**

For each year during the Class Period, state by year Your total dollar amount of sales of CRT Products by the size and type of CRT Products sold and by country of destination

**INTERROGATORY NO. 15:**

For each year during the Class Period, state by year Your dollar amount of sales of CRTs in the United States, both in the aggregate and by size of the CRT.

**INTERROGATORY NO. 16:**

For each year during the Class Period, state by year Your dollar amount of sales of CRT Products in the United States, both in the aggregate and by the size and type of the CRT Product.

///

**INTERROGATORY NO. 17:**

For the sales of CRT Products identified in Interrogatory No. 16, state the value of the CRT included in the CRT Product sales price.

**INTERROGATORY NO. 18:**

For each year during the Class Period, state by year Your sales of CRTs to any other Defendant by size and by country of destination.

**INTERROGATORY NO. 19**:

For each year during the Class Period, state by year Your sales of CRT Products to any other Defendant by the size and type of CRT Products sold and by country of destination.

**INTERROGATORY NO. 20**:

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRTs by size and by country of destination, and Your profits and losses for Your business as a whole.

**INTERROGATORY NO. 21**:

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRT Products by size and type of CRT Products sold and by country of destination, and Your profits and losses for Your business as a whole.

**INTERROGATORY NO. 22**:

To the extent that You contend that prior to November 2007 Plaintiffs knew, should have known, or were not reasonably diligent in discovery regarding the allegations in their Complaint, identify all Evidence upon which You intend to rely to prove such contention.

**INTERROGATORY NO.23:**

To the extent that You contend that You provided false information, or false commitments relating to pricing or production of CRTs to competitors at Glass Meetings or Bilateral Meetings with those competitors, identify each instance that you provided false information or a false commitment and any Evidence related to it.

**INTERROGATORY NO. 24**

To the extent that you contend that a competitor provided false information or a false

commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral Meetings, identify each instance, where such false information or false commitment was provided to You and any Evidence related to it.

**INTERROGATORY NO. 25**

If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for Admission was anything other than an unqualified admission, separately for each Request for Admission:

(a) state the number of the request for admission;

(b) state all facts upon which You base Your response;

(c) identify all Evidence upon which You intend to rely to support your response; and

(d) identify each person who has knowledge of the facts upon which you base your response.

Dated: August 1, 2014

By: */s/ Mario N. Alioto*

Mario N. Alioto (56433)
Lauren C. Russell (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com
*Lead Counsel for Indirect Purchaser Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Vanessa Buffington, declare that I am employed with the law firm of Trump, Alioto, Trump & Prescott LLP, whose address is 2280 Union Street, San Francisco, California 94123. I am over the age of eighteen years and not a party to the within-entitled action. On August 1, 2014, I caused a copy of the following documents to be served:

**INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS**

via electronic mail to the parties below:

| | |
|---|---|
| Jeffrey L. Kessler<br>A. Paul Victor<br>Eva W. Cole<br>Molly M. Donovan<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: 212-294-4692<br>Fax: 212-294-4700<br>Email: jkessler@winston.com<br>pvictor@winston.com<br>ewcole@winston.com<br>mmdonovan@winston.com<br><br>*Counsel for Panasonic Corporation; Panasonic Corporation of North America; and MT Picture Display Co., Ltd.* | Steven A. Reiss<br>David L. Yohai<br>David Yolkut<br>Weil, Gosthal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212-310-8000<br>Fax: 212-310-8007<br>Email: steven.reiss@weil.com<br>david.yohai@weil.com<br>david.yolkut@weil.com<br><br>Bambo Obaro<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065-1175<br>Tel: 650-802-3000<br>Fax: 650-802-3100<br>Email: bambo.obaro@weil.com<br><br>*Counsel for Panasonic Corporation; Panasonic Corporation of North America; and MT Picture Display Co.* |
| Joel S. Sanders<br>Rachel S. Brass<br>Christine A. Fujita<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Tel: 415-393-8200 | William Temko<br>Jonathan Altman<br>Hojoon Hwang<br>Laura Lin<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105 |

| | |
|---|---|
| Fax: 415-393-8206<br>Email: jsanders@gibsondunn.com<br>rbrass@gibsondunn.com<br>cfujita@gibsondunn.com<br><br>*Counsel for Chunghwa Picture Tubes, Ltd. And Chunghwa Picture Tubes (Malaysia)* | Telephone: (415) 512-4000<br>Facsimile: (415) 512-4077<br>Email: william.temko@mto.com<br>jonathan.altman@mto.com<br>hojoon.hwang@mto.com<br>laura.lin@mto.com<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |
| Terrence A. Callan<br>(terrence.callan@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* | Joseph R. Tiffany<br>(joseph.tiffany@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>2475 Hanover Street<br>Palo Alto, CA 94303-1114<br>Tel: (650) 233-4500<br>Fax: (650) 233-4545<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |
| John M. Taladay<br>Erik Koons<br>Charles Malaise<br>Baker Botts L.L.P.<br>1299 Pensylvania Avenue, N.W.<br>Washington, DC 20004-2400<br>Tel: 202-639-7700<br>Fax: 202-639-7890<br>Email: john.taladay@bakerbotts.com<br>erik.koons@bakerbotts.com<br>charles.mailaise@bakerbotts.com<br><br>Jon V. Swenson<br>Baker Botts L.L.P.<br>620 Hansen Way<br>Palo Alto, CA 94304<br>Tel: 650-739-7500<br>Fax: 650-739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>*Counsel for Koninklijke Philips Electronics* | James Mutchnik<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>312-862-2000<br>Email: james.mutchnik@kirkland.com<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |

| | |
|---|---|
| *N.V. and Philips Electronics North America Corporation* | |
| Christopher M. Curran<br>Lucius B. Lau<br>Charise Naifeh<br>Dana Foster<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br>Email: ccurran@whitecase.com<br>alau@whitecase.com<br>cnaifeh@whitecase.com<br>dfoster@whitecase.com<br><br>*Counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* | Christine A. Laciak<br>(christine.laciak@freshfields.com)<br>Kate S. McMillan<br>(kate.mcmillan@freshfields.com)<br>FRESHFIELDS BRUCKHAUS & DERINGER US, LLP<br>701 Pennsylvania Avenue, NW, Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* |
| Jeremy J. Calsyn (jcalsyn@cgsh.com)<br>Michael R. Lazerwitz (mlazerwitz@cgsh.com)<br>CLEARY GOTTLIEB STEEN & HAMILTON, LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays International* | William Diaz (wdiaz@mwe.com)<br>McDERMOTT WILL & EMERY LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108<br>Telephone: (949) 851-0633<br>Facsimile: (949) 851-9348<br><br>*Attorneys for Defendant Samtel Color, Ltd.* |
| Eliot A. Adelson<br>James Maxwell Cooper<br>Kirkland & Ellis LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Tel: 415-439-1400<br>Fax: 415-439-1500<br>Email: eliot.adelson@kirkland.com<br>max.cooper@kirkland.com | Kathy L. Osborn<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Facsimile: 317-237-1000<br>Email: kathy.osborn@faegrebd.com<br><br>*Counsel for Defendants Technicolor SA (f/k/a Thomson S.A.) and Technicolor USA, Inc.* |

| | |
|---|---|
| James H. Mutchnik<br>Kate Wheaton<br>Kirkland & Ellis LLP<br>300 North LaSalle Chicago, IL 60654<br>Tel: 312-862-2000<br>Fax: 312-862-2200<br>Email: james.mutchnik@kirkland.com<br>kate.wheaton@kirkland.com<br><br>*Counsel for Hitachi, Ltd.; Hitachi Displayes, Ltd., Hitachi America, Ltd.; Hitachi Asia, Ltd.” and Hitachi Electronic Devices (USA)* | *(f/k/a Thomson Consumer Electronics, Inc.)* |
| Brent Caslin<br>Jenner & Block LLP<br>633 West 5th Street<br>Suite 3500<br>Los Angeles, CA 90071<br>213-239-5100<br>Fax: 213-239-5199<br>Email: bcaslin@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric Corporation and Mitsubishi Electric & Visual Solutions America, Inc.* | Terrence J. Truax<br>Jenner & Block LLP<br>353 N Clark Street<br>Chicago, IL 60654-3456<br>312-222-9350<br>Fax: 312-527-0484<br>Email: ttruax@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric Corporation and Mitsubishi Electric & Visual Solutions America, Inc.* |
| Mark C. Dosker<br>Nathan Lane, III<br>Squire Sanders LLP<br>275 Battery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-954-0200<br>Fax: 415-393-9887<br>Email: mark.dosker@squiresanders.com<br>nathan.lane@squiresanders.com<br><br>*Counsel for Technologies Displays Americas LLC and Videocon Industries, Ltd.* | Calvin L. Litsey<br>Kathy L. Osborn<br>Jeffrey S. Roberts<br>Stephen M. Judge<br>Ryan M. Hurley<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo, CA 94303-2279<br>Tel: 650-324-6700<br>Fax: 650-324-6701<br>Email: calvin.litsey@faegrebd.com<br>kathy.osborn@faegrebd.com<br>jeffrey.roberts@faegebd.com<br>stephen.judge@faegrebd.com<br>ryan.hurley@faegrebd.com<br><br>*Counsel for Technicolor SA and Technicolor USA, Inc.* |

| | |
|---|---|
| James L. McGinnis<br>Michael W. Scarborough<br>Dylan Ballard<br>Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Tel: 415-434-9100<br>Fax: 415-434-3947<br>Email: jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com<br>dballard@sheppardmullin.com<br><br>*Counsel for Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.* | Emilio Varanini<br>Attorney General's Office<br>State of California<br>Department of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel: 415-703-5908<br>Fax: 415-703-5480<br>Email: Emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* |
| Jason C. Murray<br>Robert B. McNary<br>CROWELL & MORNING LLP<br>515 South Flower St., 40th Fl.<br>Los Angeles, CA 90071<br>Tel: 213-443-5582<br>Fax: 213-622-2690<br>Email: jmurray@crowell.com<br>rmcnary@crowell.com<br><br>Jerome A. Murphy (*pro hac vice*)<br>Astor H.L. Heaven (*pro hac vice*)<br>CROWELL & MORNING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Tel: 202-624-2500<br>Fax: 202-628-5116<br>Email: jmurphy@crowell.com<br>aheaven@crowell.com<br><br>*Counsel for Target Corporation and ViewSonic Corporation* | Roman M. Silverfeld<br>Bernice Conn<br>David Martinez<br>Jill S. Casselman<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br>Tel: 310-552-0130<br>Fax: 310-229-5800<br>Email: rmsilberfeld@rkmc.com<br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laure E. Nelson<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P<br>800 LaSalle Avenue<br>2800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Tel: 612-349-8500<br>Fax: 612-339-4181<br>Email: eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com |

| | |
|---|---|
| | *Counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>BOIES, SCHILLER & FLEXNER LLP<br>30 South Pearl Street, 11th Fl.<br>Albany, NY 12207<br>Tel: 518-434-0600<br>Fax: 518-434-0665<br>Email: piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave., NW, Suite 800<br>Washington, D.C. 20015<br>Tel: 202-237-2727<br>Fax: 202-237-6161<br>Email: wisaacson@bsfllp.com<br><br>Stuart Singer<br>BOIS, SCHILLER & FLEXNER LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Tel: 954-356-0011<br>Fax: 954-356-0022<br>Email: ssinger@bsfllp.com<br><br>*Liason Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC and behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.* | Robert W. Turken<br>Scott N. Wagner<br>Mitchell E. Widom<br>BILZIN SUMBERG MAENA PRICE & AXELROD LLP<br>1450 Brickell Ave., Suite 2300<br>Miami, FL 33131-3456<br>Tel: 305-374-7580<br>Fax: 305-374-7593<br>Email: rturken@bilzin.com<br>swagner@bilzin.com<br>mwidom@bilzin.com<br><br>*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.* |

| | |
|---|---|
| David J. Burman (*pro hac vice*)<br>Cori G. Moore (*pro hac vice*)<br>Eric J. Weiss (*pro hac vice*)<br>Nicholas H. Hesterberg (*pro hac vice*)<br>Steven D. Merriman (*pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>Email: DBurman@perkinscoie.com<br>CGMoore@perkinscoie.com<br>EWeiss@perkinscoie.com<br>NHesterberg@perkinscoie.com<br>SMerriman@perkinscoie.com<br><br>Joren Bass<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Tel: 415-344-7120<br>Fax: 415-344-7320<br>Email: JBass@perkinscoie.com<br><br>*Counsel for Plaintiff Costco Wholesale Corporation* | Michael P. Kenny<br>Debra D. Bernstein<br>Matthew D. Kent<br>ALSTON & BIRD LLP<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309-3424<br>Tel: 404-881-7000<br>Fax: 404-881-7777<br>Email: mike.kenny@alston.com<br>debra.bernstein@alston.com<br>matthew.kent@alston.com<br>James M. Wagstaffe<br>KERR & WAGSTAFFE LLP<br>100 Spear Street, 18th Fl.<br>San Francisco, CA 94105-1576<br>Tel: 415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Counsel for Plaintiffs Dell Inc. and Dell Products L.P.* |
| Richard Alan Arnold<br>William J. Blechman<br>Kevin J. Murray<br>KENNY NACHWALTER, P.A.<br>201 S. Biscayne Blvd., Ste. 1100<br>Miami, FL 33131<br>Tel: 305-373-1000<br>Fax: 305-372-1861<br>Email: rarnold@knpa.com<br>wblechman@knpa.com<br>kmurray@knpa.com<br><br>*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.* | H. Lee Godfrey<br>Kenneth S. Marks<br>Jonathan J. Ross<br>Johnny W. Carter<br>David M. Peterson<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Ste. 5100<br>Houston, TX 77002<br>Tel: 713-651-9366<br>Fax: 713-651-6666<br>Email: lgodfrey@susmangodfrey.com<br>kmarks@susmangodfrey.com<br>jross@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br><br>Parker C. Folse III<br>Rachel S. Black<br>Jordan Connors<br>SUSMAN GODFREY L.L.P. |

| | |
|---|---|
| | 1201 Third Avenue, Suite 3800<br>Seattle Washington 98101-3000<br>Tel: 206-516-3880<br>Fax: 206-516-3883<br>Email: pfolse@susmangodfrey.com<br>rblack@susmangodfrey.com<br>jconnors@susmangodfrey.com<br><br>*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* |
| Guido Saveri<br>R. Alexander Saveri<br>Saveri & Saveri, Inc.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: 415-217-6810<br>Fax: 415-217-6813<br>Email: guido@saveri.com<br>rick@saveri.com<br><br>*Interim Lead Counsel for Direct Purchaser Plaintiffs* | |

Executed this 1st day of August, 2014, in San Francisco, California.

/s/ *Vanessa Buffington*
Vanessa Buffington

# Defendants' Attachment 3

Mario N. Alioto, Esq. (56433)
Lauren C. Russell, Esq. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

**PROPOUNDING PARTY**: Indirect Purchaser Plaintiffs

**RESPONDING PARTY**: Toshiba Corporation, Toshiba America Inc., Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.

**SET NUMBER:** One (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Indirect Purchaser Plaintiffs ("Plaintiffs") hereby request that Toshiba Corporation, Toshiba America Inc., Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc. (collectively, "Toshiba") provide written response to the following interrogatories below within thirty (30) days from the date Toshiba receives these Interrogatories.

**DEFINITIONS**

As used herein, the following items have the meaning indicated below:

1. "You" and "your" mean Toshiba Corporation, Toshiba America Inc., Toshiba America Consumer Products, LLC, Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc., their present or former members, officers, agents, employees, and all other persons acting or purporting to act on their behalf, including all present or former members, officers, agents, employees, and all other persons exercising or purporting to exercise discretion, making policy, and making decisions.

2. The words "all," "any," and "each" mean "each and every."

3. The words "and" and "or" are both conjunctive and disjunctive as necessary.

4. The word "including" is used to illustrate only, and should not be construed as limiting in any way.

5. "Subsidiary," "affiliate" and "joint venture" refers to any entity or person in which you have (or had) any financial or ownership interest.

6. "Employee" means any individual currently in the employ of, or at any time employed by, or acting as the agent of any Toshiba subsidiary, affiliate, joint venture or other related entity.

7. "CRT" means cathode ray tube and includes cathode ray tubes used in color televisions and color computer monitors.

8. "MTPD" shall refer to MT Picture Display Co., Ltd. (f/k/a Matsushita Toshiba Picture Display Co., Ltd.), a joint venture between Panasonic Corporation and Toshiba Corporation, established in April, 2003.

9. Unless otherwise stated, the "Relevant Time Period" shall mean the period beginning March 1, 1995 and continuing through the present.

10. "Identity" means that person's name, job title, employer, and the present business address of that individual.

**INSTRUCTIONS**

1. When asked to identify a natural person, state the person's name, employer, position, dates of employment/tenure, business address for all times during the relevant period. If any of such information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

2. When asked to identify any entity other than a natural person, state the name, and address of the principal office or headquarters. If any of the information has changed during the Relevant Time Period, specify the time period to which the information provided in your answer pertains.

3. If you elect to produce business records in response to an Interrogatory pursuant to Federal Rule of Civil Procedure 33(d), you shall produce the records as they are kept in the usual course of business or shall organize and label them to corresponding with the Interrogatory. If the document is being produced in its native electronic format (allowing the document to retain its metadata), identify the document using its hash or other appropriate electronic identification and identify to the interrogatories to which the document is responsive. If the document is not being produced in electronic form, identify the document using the applicable bates numbers or specifically identify the type of document being produced (*e.g.*, letter, memorandum, telegram, contract, invoice, *etc.*), its date and author(s), its custodian, and every person to whom such document or any copy thereof was given or sent. For all documents produced pursuant to Rule 33(d), identify the name of the employee, officer, or agent certifying the documents as business records.

4. If any answer to an Interrogatory or part thereof is withheld on a claim of privilege or constitutes attorney work product such that you will not respond to the Interrogatory, please provide a written statement describing each and every fact or basis upon which the purported privilege or claim of work product is asserted.

5. The obligation to answer these interrogatories is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If at any time after answering these interrogatories you

discover additional information that will make your answers to these interrogatories more complete or correct, amend your answers as soon as reasonably possible.

**INTERROGATORIES**

**INTERROGATORY NO. 1**

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**INTERROGATORY NO. 2**

Identify separately for each year from 2003 to 2009, each of MTPD's board and committees, including (a) its full name; (b) a brief description of its function; and (c) all members of that board or committee.

**INTERROGATORY NO. 3**

Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers, including the name of each company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his or her title, business address, the division or unit of the company where such individual worked, and a description of his or her responsibilities for each position or title held.

**INTERROGATORY NO. 4**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or *vice versa*, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**INTERROGATORY NO. 5**

List the date, nature, and amount of any payments you made from 2003 to 2009 to individuals who were employed by or worked for MTPD, and describe with specificity whether such payments occurred directly to the employee, through some social fund or other entity or governmental program.

**INTERROGATORY NO. 6**

For every person identified in Interrogatory Nos. 2 and 3, state, for each year from 2003 to 2009, as applicable:

    i.   The type or nature of any offered or accepted (a) stock option plan or other equity incentive plan, (b) bonus or other discretionary periodic payment, and (c) any other employee benefits; and

    ii.   the identity of each individual or company who set, maintained, funded, or administered his or her (a) payroll, (b) bonus or other discretionary periodic payment, (c) stock option plan or other equity incentive plan, and (d) and any other employee benefits.

**INTERROGATORY NO. 7**

State, for each year from 2003 to 2009, the identity of each individual who approved or authorized MTPD's corporate operating budget, including, without limitations, the estimates of revenues, the estimates of operating and capital expenditures, and the estimates of borrowings.

**INTERROGATORY NO. 8**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**INTERROGATORY NO. 9**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**INTERROGATORY NO. 10**

For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing mechanism or decision process by which MTPD decided on the price for those sold CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed for non-Toshiba affiliated purchasers of CRTs.

**INTERROGATORY NO. 11**

List, for each year from 2003 to 2009, the name, term and nature of every service level

agreement or other contract relating to professional services you entered into with MTPD (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human resources, accounting and sales support services).

**INTERROGATORY NO. 12**

State the date, amount and interest rate (if applicable) of each capital or equity injection, loan or other financial contribution you provided to MTPD.

**INTERROGATORY NO. 13**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**INTERROGATORY NO. 14**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance covering board members and executives of MTPD, and identify which company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

Dated: August 1, 2014          By:     */s/ Mario N. Alioto*
                                       Mario N. Alioto, Esq. (56433)
                                       Lauren C. Russell, Esq. (241151)
                                       TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
                                       2280 Union Street
                                       San Francisco, CA  94123
                                       Telephone:    (415) 563-7200
                                       Facsimile:    (415) 346-0679
                                       malioto@tatp.com
                                       laurenrussell@tatp.com

                                       *Lead Counsel for the Indirect Purchaser Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Vanessa Buffington, declare that I am employed with the law firm of Trump, Alioto, Trump & Prescott LLP, whose address is 2280 Union Street, San Francisco, California 94123. I am over the age of eighteen years and not a party to the within-entitled action. On August 1, 2014, I caused a copy of the following documents to be served:

**INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS**

via electronic mail to the parties below:

| | |
|---|---|
| Jeffrey L. Kessler<br>A. Paul Victor<br>Eva W. Cole<br>Molly M. Donovan<br>Winston & Strawn LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: 212-294-4692<br>Fax: 212-294-4700<br>Email: jkessler@winston.com<br>pvictor@winston.com<br>ewcole@winston.com<br>mmdonovan@winston.com<br><br>*Counsel for Panasonic Corporation; Panasonic Corporation of North America; and MT Picture Display Co., Ltd.* | Steven A. Reiss<br>David L. Yohai<br>David Yolkut<br>Weil, Gosthal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153-0119<br>Tel: 212-310-8000<br>Fax: 212-310-8007<br>Email: steven.reiss@weil.com<br>david.yohai@weil.com<br>david.yolkut@weil.com<br><br>Bambo Obaro<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065-1175<br>Tel: 650-802-3000<br>Fax: 650-802-3100<br>Email: bambo.obaro@weil.com<br><br>*Counsel for Panasonic Corporation; Panasonic Corporation of North America; and MT Picture Display Co.* |
| Joel S. Sanders<br>Rachel S. Brass<br>Christine A. Fujita<br>Gibson, Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105<br>Tel: 415-393-8200<br>Fax: 415-393-8206 | William Temko<br>Jonathan Altman<br>Hojoon Hwang<br>Laura Lin<br>MUNGER TOLLES & OLSON LLP<br>560 Mission Street, 27th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 512-4000 |

| | |
|---|---|
| Email: jsanders@gibsondunn.com<br>rbrass@gibsondunn.com<br>cfujita@gibsondunn.com<br><br>*Counsel for Chunghwa Picture Tubes, Ltd. And Chunghwa Picture Tubes (Malaysia)* | Facsimile: (415) 512-4077<br>Email: william.temko@mto.com<br>jonathan.altman@mto.com<br>hojoon.hwang@mto.com<br>laura.lin@mto.com<br><br>*Counsel for Defendants LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Taiwan Taipei Co., Ltd.* |
| Terrence A. Callan<br>(terrence.callan@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Tel: (415) 983-1000<br>Fax: (415) 983-1200<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* | Joseph R. Tiffany<br>(joseph.tiffany@pillsburylaw.com)<br>PILLSBURY WINTHROP SHAW PITTMAN, LLP<br>2475 Hanover Street<br>Palo Alto, CA 94303-1114<br>Tel: (650) 233-4500<br>Fax: (650) 233-4545<br><br>*Counsel for Defendants IRICO Display Devices Co., Ltd., IRICO Group Corporation, and IRICO Group Electronics Co., Ltd.* |
| John M. Taladay<br>Erik Koons<br>Charles Malaise<br>Baker Botts L.L.P.<br>1299 Pensylvania Avenue, N.W.<br>Washington, DC 20004-2400<br>Tel: 202-639-7700<br>Fax: 202-639-7890<br>Email: john.taladay@bakerbotts.com<br>erik.koons@bakerbotts.com<br>charles.mailaise@bakerbotts.com<br><br>Jon V. Swenson<br>Baker Botts L.L.P.<br>620 Hansen Way<br>Palo Alto, CA 94304<br>Tel: 650-739-7500<br>Fax: 650-739-7699<br>Email: jon.swenson@bakerbotts.com<br><br>*Counsel for Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation* | James Mutchnik<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>312-862-2000<br>Email: james.mutchnik@kirkland.com<br><br>*Counsel for Defendants Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., and Hitachi Electronic Devices (USA), Inc.* |

| | |
|---|---|
| Christopher M. Curran<br>Lucius B. Lau<br>Charise Naifeh<br>Dana Foster<br>WHITE & CASE, LLP<br>701 13th Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 626-3600<br>Fax: (202) 639-9355<br>Email: ccurran@whitecase.com<br>alau@whitecase.com<br>cnaifeh@whitecase.com<br>dfoster@whitecase.com<br><br>*Counsel for Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.* | Christine A. Laciak<br>(christine.laciak@freshfields.com)<br>Kate S. McMillan<br>(kate.mcmillan@freshfields.com)<br>FRESHFIELDS BRUCKHAUS & DERINGER US, LLP<br>701 Pennsylvania Avenue, NW, Suite 600<br>Washington, DC 20004<br>Tel: (202) 777-4566<br>Fax: (202) 777-4555<br><br>*Counsel for Defendant Beijing Matsushita Color CRT Co., Ltd.* |
| Jeremy J. Calsyn (jcalsyn@cgsh.com)<br>Michael R. Lazerwitz (mlazerwitz@cgsh.com)<br>CLEARY GOTTLIEB STEEN & HAMILTON, LLP<br>2000 Pennsylvania Avenue, NW<br>Suite 9000<br>Washington, DC 20006<br>Tel: (202) 974-1500<br>Fax: (202) 974-1999<br><br>*Counsel for Defendant LP Displays International* | William Diaz (wdiaz@mwe.com)<br>McDERMOTT WILL & EMERY LLP<br>18191 Von Karman Avenue, Suite 500<br>Irvine, CA 92612-7108<br>Telephone: (949) 851-0633<br>Facsimile: (949) 851-9348<br><br>*Attorneys for Defendant Samtel Color, Ltd.* |
| Eliot A. Adelson<br>James Maxwell Cooper<br>Kirkland & Ellis LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>Tel: 415-439-1400<br>Fax: 415-439-1500<br>Email: eliot.adelson@kirkland.com<br>max.cooper@kirkland.com<br><br>James H. Mutchnik<br>Kate Wheaton | Kathy L. Osborn<br>Faegre Baker Daniels LLP<br>300 N. Meridian Street, Suite 2700<br>Indianapolis, IN 46204<br>Telephone: 317-237-0300<br>Facsimile: 317-237-1000<br>Email: kathy.osborn@faegrebd.com<br><br>*Counsel for Defendants Technicolor SA (f/k/a Thomson S.A.) and Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.)* |

| | |
|---|---|
| Kirkland & Ellis LLP<br>300 North LaSalle Chicago, IL 60654<br>Tel: 312-862-2000<br>Fax: 312-862-2200<br>Email: james.mutchnik@kirkland.com<br>kate.wheaton@kirkland.com<br><br>*Counsel for Hitachi, Ltd.; Hitachi Displayes, Ltd., Hitachi America, Ltd.; Hitachi Asia, Ltd." and Hitachi Electronic Devices (USA)* | |
| Brent Caslin<br>Jenner & Block LLP<br>633 West 5th Street<br>Suite 3500<br>Los Angeles, CA 90071<br>213-239-5100<br>Fax: 213-239-5199<br>Email: bcaslin@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric Corporation and Mitsubishi Electric & Visual Solutions America, Inc.* | Terrence J. Truax<br>Jenner & Block LLP<br>353 N Clark Street<br>Chicago, IL 60654-3456<br>312-222-9350<br>Fax: 312-527-0484<br>Email: ttruax@jenner.com<br><br>*Counsel for Defendants Mitsubishi Electric Corporation and Mitsubishi Electric & Visual Solutions America, Inc.* |
| Mark C. Dosker<br>Nathan Lane, III<br>Squire Sanders LLP<br>275 Battery Street, Suite 2600<br>San Francisco, CA 94111<br>Tel: 415-954-0200<br>Fax: 415-393-9887<br>Email: mark.dosker@squiresanders.com<br>nathan.lane@squiresanders.com<br><br>*Counsel for Technologies Displays Americas LLC and Videocon Industries, Ltd.* | Calvin L. Litsey<br>Kathy L. Osborn<br>Jeffrey S. Roberts<br>Stephen M. Judge<br>Ryan M. Hurley<br>Faegre Baker Daniels LLP<br>1950 University Avenue, Suite 450<br>East Palo, CA 94303-2279<br>Tel: 650-324-6700<br>Fax: 650-324-6701<br>Email: calvin.litsey@faegrebd.com<br>kathy.osborn@faegrebd.com<br>jeffrey.roberts@faegebd.com<br>stephen.judge@faegrebd.com<br>ryan.hurley@faegrebd.com<br><br>*Counsel for Technicolor SA and Technicolor USA, Inc.* |
| James L. McGinnis<br>Michael W. Scarborough<br>Dylan Ballard | Emilio Varanini<br>Attorney General's Office<br>State of California |

| | |
|---|---|
| Sheppard Mullin Richter & Hampton LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111-4106<br>Tel: 415-434-9100<br>Fax: 415-434-3947<br>Email: jmcginnis@sheppardmullin.com<br>mscarborough@sheppardmullin.com<br>dballard@sheppardmullin.com<br><br>*Counsel for Samsung SDI Co., Ltd.; Samsung SDI America, Inc.; SDI Mexico S.A. de C.V.; Samsung SDI Brasil Ltda.; Shenzhen Samsung SDI Co., Ltd.; Tianjin Samsung SDI Co., Ltd.; and Samsung SDI (Malaysia) Sdn. Bhd.* | Department of Justice<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102<br>Tel: 415-703-5908<br>Fax: 415-703-5480<br>Email: Emilio.varanini@doj.ca.gov<br><br>*Counsel for Plaintiff State of California* |
| Jason C. Murray<br>Robert B. McNary<br>CROWELL & MORNING LLP<br>515 South Flower St., 40th Fl.<br>Los Angeles, CA 90071<br>Tel: 213-443-5582<br>Fax: 213-622-2690<br>Email: jmurray@crowell.com<br>rmcnary@crowell.com<br><br>Jerome A. Murphy (*pro hac vice*)<br>Astor H.L. Heaven (*pro hac vice*)<br>CROWELL & MORNING LLP<br>1001 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>Tel: 202-624-2500<br>Fax: 202-628-5116<br>Email: jmurphy@crowell.com<br>aheaven@crowell.com<br><br>*Counsel for Target Corporation and ViewSonic Corporation* | Roman M. Silverfeld<br>Bernice Conn<br>David Martinez<br>Jill S. Casselman<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P<br>2049 Century Park East, Suite 3400<br>Los Angeles, CA 90067-3208<br>Tel: 310-552-0130<br>Fax: 310-229-5800<br>Email: rmsilberfeld@rkmc.com<br>dmartinez@rkmc.com<br>jscasselman@rkmc.com<br><br>Elliot S. Kaplan<br>K. Craig Wildfang<br>Laure E. Nelson<br>ROBINS, KAPLAN, MILLER & CIRESI L.L.P<br>800 LaSalle Avenue<br>2800 LaSalle Avenue<br>Minneapolis, MN 55402<br>Tel: 612-349-8500<br>Fax: 612-339-4181<br>Email: eskaplan@rkmc.com<br>kcwildfang@rkmc.com<br>lenelson@rkmc.com<br><br>*Counsel for Plaintiffs Best Buy Co., Inc., Best Buy Purchasing LLC, Best Buy Enterprise* |

| | |
|---|---|
| | *Services, Inc., Best Buy Stores, L.P., Bestbuy.com, L.L.C., and Magnolia Hi-Fi, LLC* |
| Philip J. Iovieno<br>Anne M. Nardacci<br>BOIES, SCHILLER & FLEXNER LLP<br>30 South Pearl Street, 11th Fl.<br>Albany, NY 12207<br>Tel: 518-434-0600<br>Fax: 518-434-0665<br>Email: piovieno@bsfllp.com<br>anardacci@bsfllp.com<br><br>William A. Isaacson<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Ave., NW, Suite 800<br>Washington, D.C. 20015<br>Tel: 202-237-2727<br>Fax: 202-237-6161<br>Email: wisaacson@bsfllp.com<br><br>Stuart Singer<br>BOIS, SCHILLER & FLEXNER LLP<br>401 East Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>Tel: 954-356-0011<br>Fax: 954-356-0022<br>Email: ssinger@bsfllp.com<br><br>*Liason Counsel for Direct Action Plaintiffs and Attorneys for Plaintiffs Electrograph Systems, Inc., Electrograph Technologies, Corp., Office Depot, Inc., Compucom Systems, Inc., Interbond Corporation of America, P.C. Richard & Son Long Island Corporation, MARTA Cooperative of America, Inc., ABC Appliance, Inc., Schultze Agency Services LLC and behalf of Tweeter Opco, LLC and Tweeter Newco, LLC and Tech Data Corporation and Tech Data Product Management, Inc.* | Robert W. Turken<br>Scott N. Wagner<br>Mitchell E. Widom<br>BILZIN SUMBERG MAENA PRICE & AXELROD LLP<br>1450 Brickell Ave., Suite 2300<br>Miami, FL 33131-3456<br>Tel: 305-374-7580<br>Fax: 305-374-7593<br>Email: rturken@bilzin.com<br>swagner@bilzin.com<br>mwidom@bilzin.com<br><br>*Counsel for Plaintiffs Tech Data Corporation and Tech Data Product Management, Inc.* |
| David J. Burman (*pro hac vice*)<br>Cori G. Moore (*pro hac vice*)<br>Eric J. Weiss (*pro hac vice*) | Michael P. Kenny<br>Debra D. Bernstein<br>Matthew D. Kent |

| | |
|---|---|
| Nicholas H. Hesterberg (*pro hac vice*)<br>Steven D. Merriman (*pro hac vice*)<br>Perkins Coie LLP<br>1201 Third Ave., Suite 4900<br>Seattle, WA 98101-3099<br>Tel: 206-359-8000<br>Fax: 206-359-9000<br>Email: DBurman@perkinscoie.com<br>CGMoore@perkinscoie.com<br>EWeiss@perkinscoie.com<br>NHesterberg@perkinscoie.com<br>SMerriman@perkinscoie.com<br><br>Joren Bass<br>Perkins Coie LLP<br>Four Embarcadero Center, Suite 2400<br>San Francisco, CA 94111-4131<br>Tel: 415-344-7120<br>Fax: 415-344-7320<br>Email: JBass@perkinscoie.com<br><br>*Counsel for Plaintiff Costco Wholesale Corporation* | ALSTON & BIRD LLP<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309-3424<br>Tel: 404-881-7000<br>Fax: 404-881-7777<br>Email: mike.kenny@alston.com<br>debra.bernstein@alston.com<br>matthew.kent@alston.com<br>James M. Wagstaffe<br>KERR & WAGSTAFFE LLP<br>100 Spear Street, 18th Fl.<br>San Francisco, CA 94105-1576<br>Tel: 415-371-8500<br>Fax: 415-371-0500<br>Email: wagstaffe@kerrwagstaffe.com<br><br>*Counsel for Plaintiffs Dell Inc. and Dell Products L.P.* |
| Richard Alan Arnold<br>William J. Blechman<br>Kevin J. Murray<br>KENNY NACHWALTER, P.A.<br>201 S. Biscayne Blvd., Ste. 1100<br>Miami, FL 33131<br>Tel: 305-373-1000<br>Fax: 305-372-1861<br>Email: rarnold@knpa.com<br>wblechman@knpa.com<br>kmurray@knpa.com<br><br>*Counsel for Plaintiff Sears, Roebuck and Co. and Kmart Corp.* | H. Lee Godfrey<br>Kenneth S. Marks<br>Jonathan J. Ross<br>Johnny W. Carter<br>David M. Peterson<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana Street, Ste. 5100<br>Houston, TX 77002<br>Tel: 713-651-9366<br>Fax: 713-651-6666<br>Email: lgodfrey@susmangodfrey.com<br>kmarks@susmangodfrey.com<br>jross@susmangodfrey.com<br>jcarter@susmangodfrey.com<br>dpeterson@susmangodfrey.com<br><br>Parker C. Folse III<br>Rachel S. Black<br>Jordan Connors<br>SUSMAN GODFREY L.L.P.<br>1201 Third Avenue, Suite 3800<br>Seattle Washington 98101-3000<br>Tel: 206-516-3880 |

| | |
|---|---|
| | Fax: 206-516-3883<br>Email: pfolse@susmangodfrey.com<br>rblack@susmangodfrey.com<br>jconnors@susmangodfrey.com<br><br>*Counsel for Plaintiff Alfred H. Siegel, as Trustee of the Circuit City Stores, Inc. Liquidating Trust* |
| Guido Saveri<br>R. Alexander Saveri<br>Saveri & Saveri, Inc.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: 415-217-6810<br>Fax: 415-217-6813<br>Email: guido@saveri.com<br>rick@saveri.com<br><br>*Interim Lead Counsel for Direct Purchaser Plaintiffs* | |

Executed this 1st day of August, 2014, in San Francisco, California.

/s/ *Vanessa Buffington*
Vanessa Buffington

# Defendants' Attachment 4a

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba Corporation ("Toshiba Corp.") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. Toshiba Corp.'s responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). Toshiba Corp.'s responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## GENERAL OBJECTIONS

1. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not

material and necessary to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague, or ambiguous. Toshiba Corp. further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"). Toshiba Corp. will not disclose any Privileged Information in response to any Interrogatory. Toshiba Corp. does not intend by these Objections and Responses to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any response, Toshiba Corp. does so only to the extent allowable under applicable law.

**CONFIDENTIAL**

9. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

10. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between Toshiba Corp. and third parties.

11. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on Toshiba Corp. weighed against the Plaintiffs' need for the information.

12. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to Toshiba Corp.

13. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to Toshiba Corp., or which has already been produced by other parties.

14. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

15. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

16. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

17. Toshiba Corp. objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

18. Toshiba Corp. objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

19. Toshiba Corp.'s response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by Toshiba Corp. with the Plaintiffs' characterization of any facts, circumstances, or legal obligations. Toshiba Corp. reserves the right to contest any such characterization. Toshiba Corp. further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

20. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided herein, to the extent they seek the discovery of information regarding Toshiba Corp.'s sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Toshiba Corp. also objects to the Interrogatories to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1. Toshiba Corp. will only produce responsive, non-privileged information and documents that relate to Toshiba Corp.'s sales, if any, of CRTs or CRT Products that are shipped to the United States or that related to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

21. Toshiba Corp. objects to the Interrogatories on the basis that Plaintiffs bear the burden of proof to establish standing; Toshiba Corp. has no obligations to disprove standing and cannot be compelled to disprove it.

22. Toshiba Corp. objects to the Interrogatories to the extent that the Interrogatories intend to imply that Toshiba Corp. bears the burden of proof for each of the defenses cited in its Answer.

23. Toshiba Corp. objects to the defined terms "Bilateral Meeting," "Communication," "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

24. Toshiba Corp. objects to the defined term "Defendant" because the incorporation of any or all of the terms "present or former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant" into the definition renders each Interrogatory incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is not relevant to the claim or defense or any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence, and because they improperly purport to seek information from distinct persons not parties to the case and not controlled by Toshiba Corp.

25. Toshiba Corp. objects to the defined term "Document" as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. Toshiba Corp. further objects to this definition on the ground that it seeks original documents or purports to require the production of documents in a specified medium or format, including to the extent it purports to impose obligations on Toshiba Corp. beyond those required by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in the MDL.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

26. Toshiba Corp. objects to the defined terms "You" and "Your" because they are vague, overly broad, and unduly burdensome, because they include entities not controlled by Toshiba Corp., because they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information, and, in addition, because they improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by Toshiba Corp. Toshiba Corp. further objects to the definitions of "You" and "Your" because the incorporation of any or all of the terms "subsidiaries," "departments," "divisions," "affiliates," "employees," "agents," or "representatives" into the definitions renders the Interrogatories overly broad and unduly burdensome because it calls for information that is not relevant to the claim or defense of any party, because it is not relevant to the subject matter involved in this action, because it is not reasonably calculated to lead to the discovery of admissible evidence, and because it improperly purports to seek information from entities that are neither parties to the case, nor controlled by Toshiba Corp.

27. Toshiba Corp. objects to the defined term "Class Period" to the extent that it exceeds the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Toshiba Corp. also objects to the definition of "Class Period" because it is well beyond the relevant statute of limitations. Toshiba Corp. further objects to the term "Class Period" to the extent that it seeks documents created after this litigation began. For the purposes of responding to these Interrogatories, Toshiba Corp. will interpret the term "Class Period" as referring to the "Class Period" defined in the Complaints, which is March 1, 1995 to November 25, 2007.

28. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to Toshiba Corp. Further investigation and discovery may result in the identification of additional information or contentions, and Toshiba Corp. expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. Toshiba

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Corp.'s responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Toshiba Corp.'s use of any additional evidence that may be developed.

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

Have You ever participated in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate market share of CRTs?

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 1 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, Toshiba Corp. denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 2:**

If You contend that You withdrew from any CRT Conspiracy, state:

(a) Why You withdrew from the conspiracy;

(b) What specific acts You took to withdraw from the CRT Conspiracy;

(c) Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

(d) Who withdrew from the CRT Conspiracy on your behalf

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Toshiba Corp. also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, Toshiba Corp. denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs. Toshiba Corp. exited the CRT market when it entered into the Business Integration Agreement with Matsushita Electric Industrial Co., Ltd., on January 29, 2003. Under the Business Integration Agreement, Toshiba Corp. agreed to combine and integrate its CRT business into an integrated company known as Matsushita Toshiba Picture Display Co., Ltd. ("MTPD"). Accordingly, on March 31, 2003, Toshiba Corp. transferred its CRT personnel, factories, and all documentation to MTPD, and exited the CRT market. By exiting the CRT market, Toshiba Corp. withdrew from any alleged conspiracy.

Following the creation of MTPD, Toshiba Corp. had no control over the day-to-day activities of the newly created company. MTPD was not jointly controlled; Toshiba was a 35.5% minority shareholder with limited rights, while Matsushita alone had decisive influence over MTPD. Further, Matsushita controlled MTPD's voting rights and Board of Directors.

Discovery is ongoing. Toshiba Corp. reserves the right to supplement, amend, expand, correct, or clarify these objections and response to this Interrogatory and to assert additional general and specifics objections arising from matters discovered during the course of the litigation.

**INTERROGATORY NO. 3:**

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 3 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, Toshiba Corp. denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs. Regarding its response to Interrogatory No. 2 and the evidence regarding Toshiba Corp.'s exit from the CRT market, Toshiba Corp. refers Plaintiffs to evidence either provided in this litigation or that is publicly available, including but not limited to: TSB-CRT-00018162; Toshiba Corporation, Form 10-K for the fiscal year ended March 31, 2003, pp. 44, 54; Documents responsive to Interrogatory No. 7 to the Direct Purchaser Plaintiffs' First Set of Interrogatories; Transcript of Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2; 148:16-150:17, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 30, 2012; Transcript of Deposition of Shinichiro Tsuruta at 56:20-57:2; 57:13-16, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated September 25-27, 2013; Transcript of Deposition of Yasuki Yamamoto at 76:5-76:19, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 1-3, 2013; Transcript of Deposition of Norio Fujita at 146:14-21, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated June 4-6, 2014; Transcript of Rule 30(b)(6) Deposition of Toshiba America Electronic Components, Inc. at 170:10-15, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 31, 2012; and Transcript of Rule 30(b)(6) Deposition of MT Picture Display Co., Ltd., Panasonic Corporation, and Panasonic Corporation of North America at 33:12-35:12; 42:23-44:7, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 13, 2012.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
9

CONFIDENTIAL

Discovery is ongoing. Toshiba Corp. reserves the right to supplement, amend, expand, correct, or clarify these objections and response to this Interrogatory and to assert additional general and specifics objections arising from matters discovered during the course of the litigation.

**INTERROGATORY NO. 5:**

Indicate whether You were notified at any time by any co-conspirator of any co-conspirator's intent to withdraw from the CRT Conspiracy?

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it assumes Toshiba Corp. engaged in a conspiracy.

Subject to and without waiving the objections stated above, Toshiba Corp. denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 6:**

If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all communication(s) between You and any person(s) regarding any co-conspirator's intent to withdraw from the conspiracy, and identify all Evidence regarding such communications.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 6 to the extent that it assumes Toshiba Corp. engaged in a conspiracy.

Subject to and without waiving the objections stated above, Toshiba Corp. denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 7:**

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 7 because requesting "all Evidence" for "each affirmative defense in your Answer" constitutes as more than one interrogatory under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Toshiba Corp. further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

Subject to and without waiving the objections stated above, Toshiba Corp. identifies the affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs' Complaint (ECF No. 850), including, but not limited to, Toshiba Corp.'s sixth, thirteenth, fourteenth, fifteenth, twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

Toshiba Corp. takes no position at this time as to whether any of the Plaintiffs' claims against Toshiba Corp. are barred, in whole or in part, by Toshiba Corp.'s sixth, thirteenth, fourteenth, fifteenth, twenty-first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

Toshiba Corp. takes no position at this time as to whether any of the Plaintiffs' claims against Toshiba Corp. are barred, in whole or in part, by Toshiba Corp.'s thirty-first and thirty-second defenses. Toshiba Corp. reserves the right to develop these defenses should parties to this litigation reach settlement agreements.

Regarding Toshiba Corp.'s thirty-seventh defense, Toshiba Corp. refers Plaintiffs to evidence provided in this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 30, 2012.

Discovery is ongoing. Toshiba Corp. reserves the right to supplement, amend, expand, correct, or clarify these objections and responses to this Interrogatory and to assert additional general and specifics objections arising from matters discovered during the course of the litigation.

**INTERROGATORY NO. 8:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

States; (c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 8 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, with regard to CRTs it sold, Toshiba Corp. refers Plaintiffs to documents previously produced by Toshiba Corp. in this litigation, including but not limited to: TSB-CRT-00061306; TSB-CRT-00061307; TSB-CRT-00061308; TSB-CRT-00061309; TSB-CRT-00061310; TSB-CRT-00061311; TSB-CRT-00061312; TSB-CRT-00061313; TSB-CRT-00061314; TSB-CRT-00061315; TSB-CRT-00061316; and TSB-CRT-00061317.

**INTERROGATORY NO. 9:**

For each year during the Class Period, state by year how many CRT Products (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

United States;(c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 9 to the extent that it seeks disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. further objects to Interrogatory No. 9 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, Toshiba Corp. refers Plaintiffs to documents and information previously produced by Toshiba Corp. in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 10:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic manufacturing service, original design manufacturer, or system integrator for integration into CRT Products to be sold in the United States.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 10 to the extent that it seeks disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. objects to the terms "electronic manufacturing service," "original design manufacturer," and "system integrator" because they are vague, overbroad, and unduly burdensome.

Toshiba Corp. also objects to Interrogatory No. 10 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, with regard to CRTs it sold, Toshiba Corp. refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 11 because it prematurely seeks expert opinion.

Toshiba Corp. also objects to Interrogatory No. 11 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 11 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, with regard to CRTs it sold, Toshiba Corp. refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 12:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Toshiba Corp. also objects to Interrogatory No. 12 because it prematurely seeks expert opinion.

Toshiba Corp. also objects to Interrogatory No. 12 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 12 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 12 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, with regard to CRTs it sold, Toshiba Corp. refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 13:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRT Products, both in the aggregate and by the size and type of CRT Product.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 13 because it prematurely seeks expert opinion.

Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it seeks information regarding sales outside the United States and unrelated to United States

commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 13 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, Toshiba Corp. refers Plaintiffs to documents and information previously produced by Toshiba Corp. in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 14:**

For each year during the Class Period, state by year Your total dollar amount of sales of CRT Products by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 14 because it prematurely seeks expert opinion.

Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 14 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, Toshiba Corp. refers Plaintiffs to documents and information previously produced by Toshiba Corp. in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 15:**

For each year during the Class Period, state by year Your dollar amount of sales of CRTs in the United States, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 15 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 15 because it prematurely seeks expert opinion.

Toshiba Corp. further objects to Interrogatory No. 15 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, with regard to CRTs it sold, Toshiba Corp. refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 16:**

For each year during the Class Period, state by year Your dollar amount of sales of CRT Products in the United States, both in the aggregate and by the size and type of the CRT Product.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 16 because it is vague, overly broad, unduly burdensome, and seeks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 16 because it prematurely seeks expert opinion.

Toshiba Corp. further objects to Interrogatory No. 16 to the extent that it seeks disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Subject to and without waiving the objections stated above, Toshiba Corp. refers Plaintiffs to documents and information previously produced by Toshiba Corp. in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 17:**

For the sales of CRT Products identified in Interrogatory No. 16, state the value of the CRT included in the CRT Product sales price.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 17 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 17 to the extent it seeks the disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. also objects to Interrogatory No. 17 because it prematurely seeks expert opinion.

Toshiba Corp. further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
20

CONFIDENTIAL

(twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 18:**

For each year during the Class Period, state by year Your sales of CRTs to any other Defendant by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 18 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 18 to the extent that it seeks disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. also objects to Interrogatory No. 18 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 18 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 18 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Toshiba Corp. further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 19:**

For each year during the Class Period, state by year Your sales of CRT Products to any other Defendant by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 19 to the extent that it seeks disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. further objects to Interrogatory No. 19 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 19 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Toshiba Corp. further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

CONFIDENTIAL

**INTERROGATORY NO. 20:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRTs by size and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 20 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 20 because it prematurely seeks expert opinion.

Toshiba Corp. further objects to Interrogatory No. 20 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 20 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 20 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Toshiba Corp. further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 21:**

For each year during the Class Period, state in U.S. dollars and by year Your business

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

profits and losses realized from sales of CRT Products by size and type of CRT Products sold and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 21 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 21 to the extent that it seeks disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. further objects to Interrogatory No. 21 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 21 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 21 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Toshiba Corp. further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**INTERROGATORY NO. 22:**

To the extent that You contend that prior to November 2007 Plaintiffs knew, should have known, or were not reasonably diligent in discovery regarding the allegations in their Complaint, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 22 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 22 to the extent it seeks information which is equally accessible to Plaintiffs as to Toshiba Corp., or which has already been produced by Toshiba Corp. or by other parties in this litigation.

Toshiba Corp. further objects to Interrogatory No. 22 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol.

Toshiba Corp. further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 23:**

To the extent that You contend that You provided false information, or false commitments relating to pricing or production of CRTs to competitors at Glass Meetings or Bilateral Meetings with those competitors, identify each instance that you provided false information or a false commitment and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 23 because it is vague, overly broad, unduly burdensome, and seeks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 23 to the extent that it assumes Toshiba Corp. engaged in a conspiracy.

Toshiba Corp. further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 24:**

To the extent that you contend that a competitor provided false information or a false commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral Meetings, identify each instance, where such false information or false commitment was provided to You and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 24 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

CONFIDENTIAL

Toshiba Corp. further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 24 to the extent that it assumes Toshiba Corp. engaged in a conspiracy.

Toshiba Corp. further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 25:**

If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for Admission was anything other than an unqualified admission, separately for each Request for Admission:

(a) state the number of the request for admission;

(b) state all facts upon which You base Your response;

(c) identify all Evidence upon which You intend to rely to support your response; and

(d) identify each person who has knowledge of the facts upon which you base your response

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 25 because it is vague, overly broad, unduly burdensome and oppressive, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 25 to the extent that it seeks the disclosure of information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

(twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

Dated: September 5, 2014

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On September 5, 2014, I caused a copy of the "TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |
|---|---|

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# Defendants' Attachment 4b

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America Consumer Products, L.L.C. ("TACP") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. TACP's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). TACP's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

## GENERAL OBJECTIONS

1. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague, or ambiguous. TACP further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"). TACP will not disclose any Privileged Information in response to any Interrogatory. TACP does not intend by these Objections and Responses to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any response, TACP does so only to the extent allowable under applicable law.

9. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

10. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TACP and third parties.

11. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TACP weighed against the Plaintiffs' need for the information.

12. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to TACP.

13. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TACP, or which has already been produced by other parties.

14. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

15. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TACP's possession, custody, or control.

16. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

17. TACP objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

18. TACP objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

19.   TACP's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TACP with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.  TACP reserves the right to contest any such characterization.  TACP further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

20.   TACP objects to the Interrogatories, including the Definitions and Instructions provided herein, to the extent they seek the discovery of information regarding TACP's sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  TACP also objects to the Interrogatories to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.  TACP will only produce responsive, non-privileged information and documents that relate to TACP's sales, if any, of CRTs or CRT Products that are shipped to the United States or that related to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

21.   TACP objects to the Interrogatories on the basis that Plaintiffs bear the burden of proof to establish standing; TACP has no obligations to disprove standing and cannot be compelled to disprove it.

22.   TACP objects to the Interrogatories to the extent that the Interrogatories intend to imply that TACP bears the burden of proof for each of the defenses cited in its Answer.

23.   TACP objects to the defined terms "Bilateral Meeting," "Communication," "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

24. TACP objects to the defined term "Defendant" because the incorporation of any or all of the terms "present or former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant" into the definition renders each Interrogatory incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is not relevant to the claim or defense or any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence, and because they improperly purport to seek information from distinct persons not parties to the case and not controlled by TACP.

25. TACP objects to the defined term "Document" as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. TACP further objects to this definition on the ground that it seeks original documents or purports to require the production of documents in a specified medium or format, including to the extent it purports to impose obligations on TACP beyond those required by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in the MDL.

26. TACP objects to the defined terms "You" and "Your" because they are vague, overly broad, and unduly burdensome, because they include entities not controlled by TACP, because they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information, and, in addition, because they improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by TACP. TACP further objects to the definitions of "You" and "Your" because the incorporation of any or all of the terms "subsidiaries," "departments," "divisions," "affiliates," "employees," "agents," or "representatives" into the definitions renders the Interrogatories overly broad and unduly burdensome because it calls for information that is not relevant to the claim or defense of any party, because it is not relevant to the subject matter involved in this action, because it is not reasonably calculated to lead to the discovery

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

of admissible evidence, and because it improperly purports to seek information from entities that are neither parties to the case, nor controlled by TACP.

27. TACP objects to the defined term "Class Period" to the extent that it exceeds the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. TACP also objects to the definition of "Class Period" because it is well beyond the relevant statute of limitations. TACP further objects to the term "Class Period" to the extent that it seeks documents created after this litigation began. For the purposes of responding to these Interrogatories, TACP will interpret the term "Class Period" as referring to the "Class Period" defined in the Complaints, which is March 1, 1995 to November 25, 2007.

28. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TACP. Further investigation and discovery may result in the identification of additional information or contentions, and TACP expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. TACP's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TACP's use of any additional evidence that may be developed.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

Have You ever participated in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate market share of CRTs?

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 1 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TACP denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 2:**

If You contend that You withdrew from any CRT Conspiracy, state:

(a) Why You withdrew from the conspiracy;

(b) What specific acts You took to withdraw from the CRT Conspiracy;

(c) Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

(d) Who withdrew from the CRT Conspiracy on your behalf

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TACP denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 3:**

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 3 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Subject to and without waiving the objections stated above, TACP denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 5:**

Indicate whether You were notified at any time by any co-conspirator of any co-conspirator's intent to withdraw from the CRT Conspiracy?

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 5 to the extent that it assumes TACP engaged in a conspiracy.

Subject to and without waiving the objections stated above, TACP denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 6:**

If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all communication(s) between You and any person(s) regarding any co-conspirator's intent to withdraw from the conspiracy, and identify all Evidence regarding such communications.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 6 to the extent that it assumes TACP engaged in a conspiracy.

Subject to and without waiving the objections stated above, TACP denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 7:**

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 7 because requesting "all Evidence" for "each affirmative defense in your Answer" constitutes as more than one interrogatory under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

TACP further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

Subject to and without waiving the objections stated above, TACP identifies the affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs' Complaint

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

(ECF No. 851), including, but not limited to, TACP's sixth, thirteenth, fourteenth, fifteenth, twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

TACP takes no position at this time as to whether any of the Plaintiffs' claims against TACP are barred, in whole or in part, by TACP's sixth, thirteenth, fourteenth, fifteenth, twenty-first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

TACP takes no position at this time as to whether any of the Plaintiffs' claims against TACP are barred, in whole or in part, by TACP's thirty-first and thirty-second defenses. TACP reserves the right to develop these defenses should parties to this litigation reach settlement agreements.

Regarding TACP's thirty-seventh defense, TACP refers Plaintiffs to evidence provided in this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 30, 2012.

Discovery is ongoing. TACP reserves the right to supplement, amend, expand, correct, or clarify these objections and responses to this Interrogatory and to assert additional general and specifics objections arising from matters discovered during the course of the litigation.

**INTERROGATORY NO. 8:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States; (c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 8 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 8 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TACP states that it did not bill, ship, or sell CRTs during the relevant period.

**INTERROGATORY NO. 9:**

For each year during the Class Period, state by year how many CRT Products (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States;(c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TACP also objects to Interrogatory No. 9 to the extent that it seeks disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP further objects to Interrogatory No. 9 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TACP refers Plaintiffs to documents and information previously produced by TACP in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 10:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic manufacturing service, original design manufacturer, or system integrator for integration into CRT Products to be sold in the United States.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 10 to the extent that it seeks disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP objects to the terms "electronic manufacturing service," "original design manufacturer," and "system integrator" because they are vague, overbroad, and unduly burdensome.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TACP also objects to Interrogatory No. 10 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TACP refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 11 because it prematurely seeks expert opinion.

TACP also objects to Interrogatory No. 11 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
13

**CONFIDENTIAL**

TACP further objects to Interrogatory No. 11 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TACP refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 12:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 12 because it prematurely seeks expert opinion.

TACP also objects to Interrogatory No. 12 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 12 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 12 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Subject to and without waiving the objections stated above, TACP refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 13:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRT Products, both in the aggregate and by the size and type of CRT Product.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 13 because it prematurely seeks expert opinion.

TACP further objects to Interrogatory No. 13 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 13 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TACP refers Plaintiffs to documents and information previously produced by TACP in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 14:**

For each year during the Class Period, state by year Your total dollar amount of sales of CRT Products by the size and type of CRT Products sold and by country of destination.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 14 because it prematurely seeks expert opinion.

TACP further objects to Interrogatory No. 14 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 14 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TACP refers Plaintiffs to documents and information previously produced by TACP in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 15:**

For each year during the Class Period, state by year Your dollar amount of sales of CRTs in the United States, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 15 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 15 because it prematurely seeks expert opinion.

TACP further objects to Interrogatory No. 15 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TACP refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 16:**

For each year during the Class Period, state by year Your dollar amount of sales of CRT Products in the United States, both in the aggregate and by the size and type of the CRT Product.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 16 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 16 because it prematurely seeks expert opinion.

TACP further objects to Interrogatory No. 16 to the extent that it seeks disclosure of documents or information that is not within TACP's possession, custody, or control.

Subject to and without waiving the objections stated above, TACP refers Plaintiffs to documents and information previously produced by TACP in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 17:**

For the sales of CRT Products identified in Interrogatory No. 16, state the value of the CRT included in the CRT Product sales price.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 17 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 17 to the extent it seeks the disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP also objects to Interrogatory No. 17 because it prematurely seeks expert opinion.

TACP further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 18:**

For each year during the Class Period, state by year Your sales of CRTs to any other Defendant by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 18 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 18 to the extent that it seeks disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP also objects to Interrogatory No. 18 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 18 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 18 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TACP further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 19:**

For each year during the Class Period, state by year Your sales of CRT Products to any other Defendant by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 19 to the extent that it seeks disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP further objects to Interrogatory No. 19 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 19 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TACP further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

**INTERROGATORY NO. 20:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRTs by size and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 20 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 20 because it prematurely seeks expert opinion.

TACP further objects to Interrogatory No. 20 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 20 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 20 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TACP further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 21:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRT Products by size and type of CRT Products sold and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 21 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 21 to the extent that it seeks disclosure of documents or information that is not within TACP's possession, custody, or control.

TACP further objects to Interrogatory No. 21 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 21 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 21 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TACP further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**INTERROGATORY NO. 22:**

To the extent that You contend that prior to November 2007 Plaintiffs knew, should have known, or were not reasonably diligent in discovery regarding the allegations in their Complaint, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 22 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 22 to the extent it seeks information which is equally accessible to Plaintiffs as to TACP, or which has already been produced by TACP or by other parties in this litigation.

TACP further objects to Interrogatory No. 22 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol.

TACP further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 23:**

To the extent that You contend that You provided false information, or false commitments relating to pricing or production of CRTs to competitors at Glass Meetings or Bilateral Meetings with those competitors, identify each instance that you provided false information or a false commitment and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 23 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TACP further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 23 to the extent that it assumes TACP engaged in a conspiracy.

TACP further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 24:**

To the extent that you contend that a competitor provided false information or a false commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral Meetings, identify each instance, where such false information or false commitment was provided to You and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 24 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TACP further objects to Interrogatory No. 24 to the extent that it assumes TACP engaged in a conspiracy.

TACP further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 25:**

If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for Admission was anything other than an unqualified admission, separately for each Request for Admission:

(a) state the number of the request for admission;

(b) state all facts upon which You base Your response;

(c) identify all Evidence upon which You intend to rely to support your response; and

(d) identify each person who has knowledge of the facts upon which you base your response

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 25 because it is vague, overly broad, unduly burdensome and oppressive, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 25 to the extent that it seeks the disclosure of information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP

TACP further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Dated: September 5, 2014

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |
|---|---|

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Defendants' Attachment 4c

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. TAEC's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). TAEC's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## GENERAL OBJECTIONS

1. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4.      TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague, or ambiguous.  TAEC further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5.      TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.      TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7.      TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information").  TAEC will not disclose any Privileged Information in response to any Interrogatory.  TAEC does not intend by these Objections and Responses to waive any claim of privilege or immunity.  Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof.  Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8.      TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws.  In providing any response, TAEC does so only to the extent allowable under applicable law.

9.      TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

10. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAEC and third parties.

11. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAEC weighed against the Plaintiffs' need for the information.

12. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to TAEC.

13. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAEC, or which has already been produced by other parties.

14. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

15. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAEC's possession, custody, or control.

16. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

17. TAEC objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

18. TAEC objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

19. TAEC's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TAEC with the Plaintiffs' characterization of any facts, circumstances, or legal obligations. TAEC reserves the right to contest any such characterization. TAEC further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

20. TAEC objects to the Interrogatories, including the Definitions and Instructions provided herein, to the extent they seek the discovery of information regarding TAEC's sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TAEC also objects to the Interrogatories to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1. TAEC will only produce responsive, non-privileged information and documents that relate to TAEC's sales, if any, of CRTs or CRT Products that are shipped to the United States or that related to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

21. TAEC objects to the Interrogatories on the basis that Plaintiffs bear the burden of proof to establish standing; TAEC has no obligations to disprove standing and cannot be compelled to disprove it.

22. TAEC objects to the Interrogatories to the extent that the Interrogatories intend to imply that TAEC bears the burden of proof for each of the defenses cited in its Answer.

23. TAEC objects to the defined terms "Bilateral Meeting," "Communication," "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

24. TAEC objects to the defined term "Defendant" because the incorporation of any or all of the terms "present or former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant" into the definition renders each Interrogatory incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is not relevant to the claim or defense or any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence, and because they improperly purport to seek information from distinct persons not parties to the case and not controlled by TAEC.

25. TAEC objects to the defined term "Document" as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. TAEC further objects to this definition on the ground that it seeks original documents or purports to require the production of documents in a specified medium or format, including to the extent it purports to impose obligations on TAEC beyond those required by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in the MDL.

26. TAEC objects to the defined terms "You" and "Your" because they are vague, overly broad, and unduly burdensome, because they include entities not controlled by TAEC, because they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information, and, in addition, because they improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAEC. TAEC further objects to the definitions of "You" and "Your" because the incorporation of any or all of the terms "subsidiaries," "departments," "divisions," "affiliates," "employees," "agents," or "representatives" into the definitions renders the Interrogatories overly broad and unduly burdensome because it calls for information that is not relevant to the claim or defense of any party, because it is not relevant to the subject matter involved in this action, because it is not reasonably calculated to lead to the discovery

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

of admissible evidence, and because it improperly purports to seek information from entities that are neither parties to the case, nor controlled by TAEC.

27. TAEC objects to the defined term "Class Period" to the extent that it exceeds the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. TAEC also objects to the definition of "Class Period" because it is well beyond the relevant statute of limitations. TAEC further objects to the term "Class Period" to the extent that it seeks documents created after this litigation began. For the purposes of responding to these Interrogatories, TAEC will interpret the term "Class Period" as referring to the "Class Period" defined in the Complaints, which is March 1, 1995 to November 25, 2007.

28. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TAEC Further investigation and discovery may result in the identification of additional information or contentions, and TAEC expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. TAEC's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TAEC's use of any additional evidence that may be developed.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

Have You ever participated in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate market share of CRTs?

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 1 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAEC denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

CONFIDENTIAL

**INTERROGATORY NO. 2:**

If You contend that You withdrew from any CRT Conspiracy, state:

(a) Why You withdrew from the conspiracy;

(b) What specific acts You took to withdraw from the CRT Conspiracy;

(c) Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

(d) Who withdrew from the CRT Conspiracy on your behalf

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAEC denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 3:**

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 3 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Subject to and without waiving the objections stated above, TAEC denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 5:**

Indicate whether You were notified at any time by any co-conspirator of any co-conspirator's intent to withdraw from the CRT Conspiracy?

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the term “CRT Conspiracy” because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to the term “co-conspirator” because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 5 to the extent that it assumes TAEC engaged in a conspiracy.

Subject to and without waiving the objections stated above, TAEC denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 6:**

If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all communication(s) between You and any person(s) regarding any co-conspirator's intent to withdraw from the conspiracy, and identify all Evidence regarding such communications.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 6 to the extent that it assumes TAEC engaged in a conspiracy.

Subject to and without waiving the objections stated above, TAEC denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 7:**

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 7 because requesting "all Evidence" for "each affirmative defense in your Answer" constitutes as more than one interrogatory under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

TAEC further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

Subject to and without waiving the objections stated above, TAEC identifies the affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs' Complaint

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

(ECF No. 852), including, but not limited to, TAEC's sixth, thirteenth, fourteenth, fifteenth, twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

TAEC takes no position at this time as to whether any of the Plaintiffs' claims against TAEC are barred, in whole or in part, by TAEC's sixth, thirteenth, fourteenth, fifteenth, twenty-first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

TAEC takes no position at this time as to whether any of the Plaintiffs' claims against TAEC are barred, in whole or in part, by TAEC's thirty-first and thirty-second defenses. TAEC reserves the right to develop these defenses should parties to this litigation reach settlement agreements.

Regarding TAEC's thirty-seventh defense, TAEC refers Plaintiffs to evidence provided in this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 30, 2012.

Discovery is ongoing. TAEC reserves the right to supplement, amend, expand, correct, or clarify these objections and responses to this Interrogatory and to assert additional general and specifics objections arising from matters discovered during the course of the litigation.

**INTERROGATORY NO. 8:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States; (c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 8 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to documents and information previously produced by TAEC in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 9:**

For each year during the Class Period, state by year how many CRT Products (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States;(c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 9 to the extent that it seeks disclosure of documents or information that is not within TAEC's possession, custody, or control.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAEC further objects to Interrogatory No. 9 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 9 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAEC states that it did not bill, ship, or sell CRT Products during the relevant period.

**INTERROGATORY NO. 10:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic manufacturing service, original design manufacturer, or system integrator for integration into CRT Products to be sold in the United States.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 10 to the extent that it seeks disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC objects to the terms "electronic manufacturing service," "original design manufacturer," and "system integrator" because they are vague, overbroad, and unduly burdensome.

CONFIDENTIAL

TAEC also objects to Interrogatory No. 10 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to documents and information previously produced by TAEC in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 11 because it prematurely seeks expert opinion.

TAEC also objects to Interrogatory No. 11 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to documents and information previously produced by TAEC in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
13

**CONFIDENTIAL**

Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 12:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 12 because it prematurely seeks expert opinion.

TAEC also objects to Interrogatory No. 12 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 12 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to documents and information previously produced by TAEC in this litigation in response to, Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 13:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRT Products, both in the aggregate and by the size and type of CRT Product.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 13 because it prematurely seeks expert opinion.

TAEC further objects to Interrogatory No. 13 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 13 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to its Response to Interrogatory No. 9.

**INTERROGATORY NO. 14:**

For each year during the Class Period, state by year Your total dollar amount of sales of CRT Products by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 14 because it prematurely seeks expert opinion.

TAEC further objects to Interrogatory No. 14 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 14 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to its Response to Interrogatory No. 9.

**INTERROGATORY NO. 15:**

For each year during the Class Period, state by year Your dollar amount of sales of CRTs in the United States, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 15 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 15 because it prematurely seeks expert opinion.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to documents and information previously produced by TAEC in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 16:**

For each year during the Class Period, state by year Your dollar amount of sales of CRT Products in the United States, both in the aggregate and by the size and type of the CRT Product.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 16 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 16 because it prematurely seeks expert opinion.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAEC further objects to Interrogatory No. 16 to the extent that it seeks disclosure of documents or information that is not within TAEC's possession, custody, or control.

Subject to and without waiving the objections stated above, TAEC refers Plaintiffs to its Response to Interrogatory No. 9.

**INTERROGATORY NO. 17:**

For the sales of CRT Products identified in Interrogatory No. 16, state the value of the CRT included in the CRT Product sales price.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 17 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 17 to the extent it seeks the disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC also objects to Interrogatory No. 17 because it prematurely seeks expert opinion.

TAEC further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 18:**

For each year during the Class Period, state by year Your sales of CRTs to any other Defendant by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 18 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 18 to the extent that it seeks disclosure of documents or information that is not within TAEC's possession, custody, or control.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAEC also objects to Interrogatory No. 18 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 18 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 18 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAEC further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 19:**

For each year during the Class Period, state by year Your sales of CRT Products to any other Defendant by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 19 to the extent that it seeks disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC further objects to Interrogatory No. 19 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 19 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAEC further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

**INTERROGATORY NO. 20:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRTs by size and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 20 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 20 because it prematurely seeks expert opinion.

TAEC further objects to Interrogatory No. 20 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 20 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAEC further objects to Interrogatory No. 20 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAEC further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 21:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRT Products by size and type of CRT Products sold and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 21 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 21 to the extent that it seeks disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC further objects to Interrogatory No. 21 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 21 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 21 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAEC further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 22:**

To the extent that You contend that prior to November 2007 Plaintiffs knew, should have known, or were not reasonably diligent in discovery regarding the allegations in their Complaint, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 22 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 22 to the extent it seeks information which is equally accessible to Plaintiffs as to TAEC, or which has already been produced by TAEC or by other parties in this litigation.

TAEC further objects to Interrogatory No. 22 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol.

TAEC further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 23:**

To the extent that You contend that You provided false information, or false commitments relating to pricing or production of CRTs to competitors at Glass Meetings or

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Bilateral Meetings with those competitors, identify each instance that you provided false information or a false commitment and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 23 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 23 to the extent that it assumes TAEC engaged in a conspiracy.

TAEC further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 24:**

To the extent that you contend that a competitor provided false information or a false commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral Meetings, identify each instance, where such false information or false commitment was provided to You and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 24 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

TAEC further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 24 to the extent that it assumes TAEC engaged in a conspiracy.

TAEC further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 25:**

If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for Admission was anything other than an unqualified admission, separately for each Request for Admission:

(a) state the number of the request for admission;

(b) state all facts upon which You base Your response;

(c) identify all Evidence upon which You intend to rely to support your response; and

(d) identify each person who has knowledge of the facts upon which you base your response

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 25 because it is vague, overly broad, unduly burdensome and oppressive, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAEC also objects to Interrogatory No. 25 to the extent that it seeks the disclosure of information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC

TAEC further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

Dated: September 5, 2014

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC. OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |
|---|---|

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Defendants' Attachment 4d

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America, Inc. ("TAI") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. TAI's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). TAI's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## GENERAL OBJECTIONS

1. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague, or ambiguous. TAI further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"). TAI will not disclose any Privileged Information in response to any Interrogatory. TAI does not intend by these Objections and Responses to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any response, TAI does so only to the extent allowable under applicable law.

9. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

10. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAI and third parties.

11. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAI weighed against the Plaintiffs' need for the information.

12. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to TAI.

13. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAI, or which has already been produced by other parties.

14. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

15. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAI's possession, custody, or control.

16. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

17. TAI objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

18. TAI objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

19.   TAI's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TAI with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.   TAI reserves the right to contest any such characterization.  TAI further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

20.   TAI objects to the Interrogatories, including the Definitions and Instructions provided herein, to the extent they seek the discovery of information regarding TAI's sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  TAI also objects to the Interrogatories to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1.  TAI will only produce responsive, non-privileged information and documents that relate to TAI's sales, if any, of CRTs or CRT Products that are shipped to the United States or that related to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

21.   TAI objects to the Interrogatories on the basis that Plaintiffs bear the burden of proof to establish standing; TAI has no obligations to disprove standing and cannot be compelled to disprove it.

22.   TAI objects to the Interrogatories to the extent that the Interrogatories intend to imply that TAI bears the burden of proof for each of the defenses cited in its Answer.

23.   TAI objects to the defined terms "Bilateral Meeting," "Communication," "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

**CONFIDENTIAL**

24.     TAI objects to the defined term "Defendant" because the incorporation of any or all of the terms "present or former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant" into the definition renders each Interrogatory incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is not relevant to the claim or defense or any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence, and because they improperly purport to seek information from distinct persons not parties to the case and not controlled by TAI.

25.     TAI objects to the defined term "Document" as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.   TAI further objects to this definition on the ground that it seeks original documents or purports to require the production of documents in a specified medium or format, including to the extent it purports to impose obligations on TAI beyond those required by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in the MDL.

26.     TAI objects to the defined terms "You" and "Your" because they are vague, overly broad, and unduly burdensome, because they include entities not controlled by TAI, because they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information, and, in addition, because they improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAI.   TAI further objects to the definitions of "You" and "Your" because the incorporation of any or all of the terms "subsidiaries," "departments," "divisions," "affiliates," "employees," "agents," or "representatives" into the definitions renders the Interrogatories overly broad and unduly burdensome because it calls for information that is not relevant to the claim or defense of any party, because it is not relevant to the subject matter involved in this action, because it is not reasonably calculated to lead to the discovery of admissible evidence, and because it improperly purports to seek information from entities that are neither parties to the case, nor controlled by TAI.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

27. TAI objects to the defined term "Class Period" to the extent that it exceeds the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. TAI also objects to the definition of "Class Period" because it is well beyond the relevant statute of limitations. TAI further objects to the term "Class Period" to the extent that it seeks documents created after this litigation began. For the purposes of responding to these Interrogatories, TAI will interpret the term "Class Period" as referring to the "Class Period" defined in the Complaints, which is March 1, 1995 to November 25, 2007.

28. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TAI. Further investigation and discovery may result in the identification of additional information or contentions, and TAI expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. TAI's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TAI's use of any additional evidence that may be developed.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

Have You ever participated in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate market share of CRTs?

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 1 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 2:**

If You contend that You withdrew from any CRT Conspiracy, state:

(a) Why You withdrew from the conspiracy;

(b) What specific acts You took to withdraw from the CRT Conspiracy;

(c) Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

(d) Who withdrew from the CRT Conspiracy on your behalf

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 3:**

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 3 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 5:**

Indicate whether You were notified at any time by any co-conspirator of any co-conspirator's intent to withdraw from the CRT Conspiracy?

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 5 to the extent that it assumes TAI engaged in a conspiracy.

Subject to and without waiving the objections stated above, TAI denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 6:**

If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all communication(s) between You and any person(s) regarding any co-conspirator's intent to withdraw from the conspiracy, and identify all Evidence regarding such communications.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

TAI also objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 6 to the extent that it assumes TAI engaged in a conspiracy.

Subject to and without waiving the objections stated above, TAI denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 7:**

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 7 because requesting "all Evidence" for "each affirmative defense in your Answer" constitutes as more than one interrogatory under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

TAI further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

Subject to and without waiving the objections stated above, TAI identifies the affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs' Complaint (ECF No. 854), including, but not limited to, TAI's sixth, thirteenth, fourteenth, fifteenth, twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAI takes no position at this time as to whether any of the Plaintiffs' claims against TAI are barred, in whole or in part, by TAI's sixth, thirteenth, fourteenth, fifteenth, twenty-first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

TAI takes no position at this time as to whether any of the Plaintiffs' claims against TAI are barred, in whole or in part, by TAI's thirty-first and thirty-second defenses. TAI reserves the right to develop these defenses should parties to this litigation reach settlement agreements.

Regarding TAI's thirty-seventh defense, TAI refers Plaintiffs to evidence provided in this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 30, 2012.

Discovery is ongoing. TAI reserves the right to supplement, amend, expand, correct, or clarify these objections and responses to this Interrogatory and to assert additional general and specifics objections arising from matters discovered during the course of the litigation.

**INTERROGATORY NO. 8:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States; (c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 8 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders

Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 8 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAI states that it did not bill or ship CRTs during the relevant period.

**INTERROGATORY NO. 9:**

For each year during the Class Period, state by year how many CRT Products (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States;(c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 9 to the extent that it seeks disclosure of documents or information that is not within TAI's possession, custody, or control.

TAI further objects to Interrogatory No. 9 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Subject to and without waiving the objections stated above, TAI states that it did not bill or ship CRT Products during the relevant period.

**INTERROGATORY NO. 10:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic manufacturing service, original design manufacturer, or system integrator for integration into CRT Products to be sold in the United States.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 10 to the extent that it seeks disclosure of documents or information that is not within TAI's possession, custody, or control.

TAI objects to the terms "electronic manufacturing service," "original design manufacturer," and "system integrator" because they are vague, overbroad, and unduly burdensome.

TAI also objects to Interrogatory No. 10 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Subject to and without waiving the objections stated above, TAI states that it did not bill or ship CRTs during the relevant period.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 11 because it prematurely seeks expert opinion.

TAI also objects to Interrogatory No. 11 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 11 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRTs during the relevant period.

**INTERROGATORY NO. 12:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, by size and by country of destination.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 12 because it prematurely seeks expert opinion.

TAI also objects to Interrogatory No. 12 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 12 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 12 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRTs during the relevant period.

**INTERROGATORY NO. 13:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRT Products, both in the aggregate and by the size and type of CRT Product.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 13 because it prematurely seeks expert opinion.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAI further objects to Interrogatory No. 13 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 13 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRT Products during the relevant period.

**INTERROGATORY NO. 14:**

For each year during the Class Period, state by year Your total dollar amount of sales of CRT Products by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 14 because it prematurely seeks expert opinion.

TAI further objects to Interrogatory No. 14 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 14 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRT Products during the relevant period.

**INTERROGATORY NO. 15:**

For each year during the Class Period, state by year Your dollar amount of sales of CRTs in the United States, both in the aggregate and by size of the CRT.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 15 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 15 because it prematurely seeks expert opinion.

TAI further objects to Interrogatory No. 15 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRTs during the relevant period.

**INTERROGATORY NO. 16:**

For each year during the Class Period, state by year Your dollar amount of sales of CRT Products in the United States, both in the aggregate and by the size and type of the CRT Product.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 16 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 16 because it prematurely seeks expert opinion.

TAI further objects to Interrogatory No. 16 to the extent that it seeks disclosure of documents or information that is not within TAI's possession, custody, or control.

Subject to and without waiving the objections stated above, TAI states that it did not sell CRT Products during the relevant period.

**CONFIDENTIAL**

**INTERROGATORY NO. 17:**

For the sales of CRT Products identified in Interrogatory No. 16, state the value of the CRT included in the CRT Product sales price.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 17 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 17 to the extent it seeks the disclosure of documents or information that is not within TAI's possession, custody, or control.

TAI also objects to Interrogatory No. 17 because it prematurely seeks expert opinion.

TAI further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 18:**

For each year during the Class Period, state by year Your sales of CRTs to any other Defendant by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 18 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 18 to the extent that it seeks disclosure of documents or information that is not within TAI's possession, custody, or control.

TAI also objects to Interrogatory No. 18 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 18 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

TAI further objects to Interrogatory No. 18 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAI further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 19:**

For each year during the Class Period, state by year Your sales of CRT Products to any other Defendant by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 19 to the extent that it seeks disclosure of documents or information that is not within TAI's possession, custody, or control.

TAI further objects to Interrogatory No. 19 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 19 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAI further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 20:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRTs by size and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 20 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 20 because it prematurely seeks expert opinion.

TAI further objects to Interrogatory No. 20 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 20 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 20 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAI further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 21:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRT Products by size and type of CRT Products sold and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 21 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 21 to the extent that it seeks disclosure of documents or information that is not within TAI's possession, custody, or control.

TAI further objects to Interrogatory No. 21 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 21 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 21 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAI further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**INTERROGATORY NO. 22:**

To the extent that You contend that prior to November 2007 Plaintiffs knew, should have known, or were not reasonably diligent in discovery regarding the allegations in their Complaint, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 22 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 22 to the extent it seeks information which is equally accessible to Plaintiffs as to TAI, or which has already been produced by TAI or by other parties in this litigation.

TAI further objects to Interrogatory No. 22 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol.

TAI further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 23:**

To the extent that You contend that You provided false information, or false commitments relating to pricing or production of CRTs to competitors at Glass Meetings or Bilateral Meetings with those competitors, identify each instance that you provided false information or a false commitment and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 23 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAI further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 23 to the extent that it assumes TAI engaged in a conspiracy.

TAI further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 24:**

To the extent that you contend that a competitor provided false information or a false commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral Meetings, identify each instance, where such false information or false commitment was provided to You and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 24 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

TAI further objects to Interrogatory No. 24 to the extent that it assumes TAI engaged in a conspiracy.

TAI further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 25:**

If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for Admission was anything other than an unqualified admission, separately for each Request for Admission:

(a) state the number of the request for admission;

(b) state all facts upon which You base Your response;

(c) identify all Evidence upon which You intend to rely to support your response; and

(d) identify each person who has knowledge of the facts upon which you base your response

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 25 because it is vague, overly broad, unduly burdensome and oppressive, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 25 to the extent that it seeks the disclosure of information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI

TAI further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Dated: September 5, 2014

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

CONFIDENTIAL

**CERTIFICATE OF SERVICE**

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

CONFIDENTIAL

| ALL DEFENSE COUNSEL | |
|---|---|

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# Defendants' Attachment 4e

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT-PURCHASER ACTIONS | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America Information Systems, Inc. ("TAIS") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. TAIS's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). TAIS's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## GENERAL OBJECTIONS

1. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are overly broad, unduly burdensome, vague, or ambiguous. TAIS further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"). TAIS will not disclose any Privileged Information in response to any Interrogatory. TAIS does not intend by these Objections and Responses to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any response, TAIS does so only to the extent allowable under applicable law.

9. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

10.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAIS and third parties.

11.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAIS weighed against the Plaintiffs' need for the information.

12.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information not reasonably accessible to TAIS.

13.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAIS, or which has already been produced by other parties.

14.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

15.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAIS's possession, custody, or control.

16.     TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

17.     TAIS objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

18.     TAIS objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

19. TAIS's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TAIS with the Plaintiffs' characterization of any facts, circumstances, or legal obligations. TAIS reserves the right to contest any such characterization. TAIS further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

20. TAIS objects to the Interrogatories, including the Definitions and Instructions provided herein, to the extent they seek the discovery of information regarding TAIS's sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. TAIS also objects to the Interrogatories to the extent they seek discovery of information that is beyond the scope of the Sherman Antitrust Act, 15 U.S.C. § 1. TAIS will only produce responsive, non-privileged information and documents that relate to TAIS's sales, if any, of CRTs or CRT Products that are shipped to the United States or that related to activity with a direct, substantial and reasonably foreseeable effect on U.S. commerce and that can be located through a reasonable search.

21. TAIS objects to the Interrogatories on the basis that Plaintiffs bear the burden of proof to establish standing; TAIS has no obligations to disprove standing and cannot be compelled to disprove it.

22. TAIS objects to the Interrogatories to the extent that the Interrogatories intend to imply that TAIS bears the burden of proof for each of the defenses cited in its Answer.

23. TAIS objects to the defined terms "Bilateral Meeting," "Communication," "Employee," "Evidence," "Glass Meeting," "Law Enforcement Agents," and "Meeting" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

24. TAIS objects to the defined term "Defendant" because the incorporation of any or all of the terms "present or former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the defendant" into the definition renders each Interrogatory incorporating any of the defined terms overly broad and unduly burdensome, as they call for information that is not relevant to the claim or defense or any party, not relevant to the subject matter involved in this action and not reasonably calculated to lead to the discovery of admissible evidence, and because they improperly purport to seek information from distinct persons not parties to the case and not controlled by TAIS.

25. TAIS objects to the defined term "Document" as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and inconsistent with the definition in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. TAIS further objects to this definition on the ground that it seeks original documents or purports to require the production of documents in a specified medium or format, including to the extent it purports to impose obligations on TAIS beyond those required by the Production of Electronically Stored Information ("ESI"), Docket No. 828 in the MDL.

26. TAIS objects to the defined terms "You" and "Your" because they are vague, overly broad, and unduly burdensome, because they include entities not controlled by TAIS, because they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information, and, in addition, because they improperly purport to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAIS. TAIS further objects to the definitions of "You" and "Your" because the incorporation of any or all of the terms "subsidiaries," "departments," "divisions," "affiliates," "employees," "agents," or "representatives" into the definitions renders the Interrogatories overly broad and unduly burdensome because it calls for information that is not relevant to the claim or defense of any party, because it is not relevant to the subject matter involved in this action, because it is not reasonably calculated to lead to the discovery of admissible evidence,

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

and because it improperly purports to seek information from entities that are neither parties to the case, nor controlled by TAIS.

27. TAIS objects to the defined term "Class Period" to the extent that it exceeds the "Class Period" defined in the Complaints, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. TAIS also objects to the definition of "Class Period" because it is well beyond the relevant statute of limitations. TAIS further objects to the term "Class Period" to the extent that it seeks documents created after this litigation began. For the purposes of responding to these Interrogatories, TAIS will interpret the term "Class Period" as referring to the "Class Period" defined in the Complaints, which is March 1, 1995 to November 25, 2007.

28. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TAIS. Further investigation and discovery may result in the identification of additional information or contentions, and TAIS expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. TAIS's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TAIS's use of any additional evidence that may be developed.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

Have You ever participated in any conspiracy to fix prices, limit production or capacity, allocate customers and/or allocate market share of CRTs?

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 1 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAIS denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**CONFIDENTIAL**

**INTERROGATORY NO. 2:**

If You contend that You withdrew from any CRT Conspiracy, state:

(a) Why You withdrew from the conspiracy;

(b) What specific acts You took to withdraw from the CRT Conspiracy;

(c) Any co-conspirators or Law Enforcement Agents to whom You communicated Your withdrawal; and

(d) Who withdrew from the CRT Conspiracy on your behalf

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 2 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAIS denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 3:**

If Your answer to Interrogatory No. 2, above, is in the affirmative, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 3 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Subject to and without waiving the objections stated above, TAIS denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 5:**

Indicate whether You were notified at any time by any co-conspirator of any co-conspirator's intent to withdraw from the CRT Conspiracy?

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the term "CRT Conspiracy" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 5 to the extent that it assumes TAIS engaged in a conspiracy.

Subject to and without waiving the objections stated above, TAIS denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 6:**

If Your answer to Interrogatory No. 5 above, is in the affirmative, describe all communication(s) between You and any person(s) regarding any co-conspirator's intent to withdraw from the conspiracy, and identify all Evidence regarding such communications.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the term "co-conspirator" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 6 to the extent that it assumes TAIS engaged in a conspiracy.

Subject to and without waiving the objections stated above, TAIS denies ever participating in any conspiracy to fix prices, limit production or capacity, allocate customers, and/or allocate market share of CRTs.

**INTERROGATORY NO. 7:**

For each affirmative defense in your Answer, identify all Evidence supporting that defense, or state that the defense will no longer be asserted.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 7 to the extent it seeks "all Evidence" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 7 because requesting "all Evidence" for "each affirmative defense in your Answer" constitutes as more than one interrogatory under Rule 33(a)(1) of the Federal Rules of Civil Procedure.

TAIS further objects to Interrogatory No. 7 to the extent it calls for legal conclusions.

Subject to and without waiving the objections stated above, TAIS identifies the affirmative defenses enumerated in its Answer to the Indirect Purchaser Plaintiffs' Complaint

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

(ECF No. 853), including, but not limited to, TAIS's sixth, thirteenth, fourteenth, fifteenth, twenty-first, thirty-first, thirty-second, thirty-seventh, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

TAIS takes no position at this time as to whether any of the Plaintiffs' claims against TAIS are barred, in whole or in part, by TAIS's sixth, thirteenth, fourteenth, fifteenth, twenty-first, fifty-sixth, sixty-ninth, and eighty-seventh defenses.

TAIS takes no position at this time as to whether any of the Plaintiffs' claims against TAIS are barred, in whole or in part, by TAIS's thirty-first and thirty-second defenses. TAIS reserves the right to develop these defenses should parties to this litigation reach settlement agreements.

Regarding TAIS's thirty-seventh defense, TAIS refers Plaintiffs to evidence provided in this litigation, including but not limited to: TSB-CRT-00018162 and Transcript of Rule 30(b)(6) Deposition of Toshiba Corp. at, *inter alia*, 64:20-65:2, *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, Case No. 03:07-cv-05944-SC, MDL No. 1917 (N.D. Cal.), dated July 30, 2012.

Discovery is ongoing. TAIS reserves the right to supplement, amend, expand, correct, or clarify these objections and responses to this Interrogatory and to assert additional general and specifics objections arising from matters discovered during the course of the litigation.

**INTERROGATORY NO. 8:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States; (c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAIS further objects to Interrogatory No. 8 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 8 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 8 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAIS states that it did not bill, ship, or sell CRTs during the relevant period.

**INTERROGATORY NO. 9:**

For each year during the Class Period, state by year how many CRT Products (in both number of units and revenue in U.S. dollars) that You: (a) billed to and shipped to the United States; (b) billed to an address in the United States, but shipped to a location outside of the United States;(c) shipped to an address in the United States, but billed to a location outside of the United States; and (d) shipped and billed to a location outside of the United States.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 9 to the extent that it seeks disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS further objects to Interrogatory No. 9 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to documents and information previously produced by TAIS in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 10:**

For each year during the Class Period, state by year how many CRTs (in both number of units and revenue in U.S. dollars) that You shipped to and/or billed to an electronic manufacturing service, original design manufacturer, or system integrator for integration into CRT Products to be sold in the United States.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 10 to the extent that it seeks disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS objects to the terms "electronic manufacturing service," "original design manufacturer," and "system integrator" because they are vague, overbroad, and unduly burdensome.

TAIS also objects to Interrogatory No. 10 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

TAIS further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 11:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 11 because it prematurely seeks expert opinion.

TAIS also objects to Interrogatory No. 11 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 11 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 11 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 12:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRTs, by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 12 because it prematurely seeks expert opinion.

TAIS also objects to Interrogatory No. 12 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 12 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 12 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 13:**

For each year during the Class Period, state by year Your total worldwide dollar amount of sales of CRT Products, both in the aggregate and by the size and type of CRT Product.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 13 because it prematurely seeks expert opinion.

TAIS further objects to Interrogatory No. 13 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 13 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to documents and information previously produced by TAIS in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 14:**

For each year during the Class Period, state by year Your total dollar amount of sales of CRT Products by the size and type of CRT Products sold and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 14 because it prematurely seeks expert opinion.

TAIS further objects to Interrogatory No. 14 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Interrogatory No. 14 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to documents and information previously produced by TAIS in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 15:**

For each year during the Class Period, state by year Your dollar amount of sales of CRTs in the United States, both in the aggregate and by size of the CRT.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 15 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 15 because it prematurely seeks expert opinion.

TAIS further objects to Interrogatory No. 15 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to its Response to Interrogatory No. 8.

**INTERROGATORY NO. 16:**

For each year during the Class Period, state by year Your dollar amount of sales of CRT Products in the United States, both in the aggregate and by the size and type of the CRT Product.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES
TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
16

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 16 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 16 because it prematurely seeks expert opinion.

TAIS further objects to Interrogatory No. 16 to the extent that it seeks disclosure of documents or information that is not within TAIS's possession, custody, or control.

Subject to and without waiving the objections stated above, TAIS refers Plaintiffs to documents and information previously produced by TAIS in this litigation in response to Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

**INTERROGATORY NO. 17:**

For the sales of CRT Products identified in Interrogatory No. 16, state the value of the CRT included in the CRT Product sales price.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 17 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 17 to the extent it seeks the disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS also objects to Interrogatory No. 17 because it prematurely seeks expert opinion.

TAIS further objects to Interrogatory No. 17 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**INTERROGATORY NO. 18:**

For each year during the Class Period, state by year Your sales of CRTs to any other Defendant by size and by country of destination.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 18 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 18 to the extent that it seeks disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS also objects to Interrogatory No. 18 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 18 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 18 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAIS further objects to Interrogatory No. 18 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 19:**

For each year during the Class Period, state by year Your sales of CRT Products to any other Defendant by the size and type of CRT Products sold and by country of destination.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 19 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 19 to the extent that it seeks disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS further objects to Interrogatory No. 19 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 19 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 19 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAIS further objects to Interrogatory No. 19 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

**INTERROGATORY NO. 20:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRTs by size and by country of destination, and Your profits and losses for Your business as a whole.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 20 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 20 because it prematurely seeks expert opinion.

TAIS further objects to Interrogatory No. 20 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 20 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 20 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAIS further objects to Interrogatory No. 20 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 21:**

For each year during the Class Period, state in U.S. dollars and by year Your business profits and losses realized from sales of CRT Products by size and type of CRT Products sold and by country of destination, and Your profits and losses for Your business as a whole.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 21 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAIS also objects to Interrogatory No. 21 to the extent that it seeks disclosure of documents or information that is not within TAIS's possession, custody, or control.

TAIS further objects to Interrogatory No. 21 to the extent that it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 21 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 21 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Request No. 5 of Direct Purchaser Plaintiffs' First Set of Requests for Production of Documents; Request Nos. 5, 9, 16, and 22 of Direct Purchaser Plaintiffs' Second Set of Requests for Production of Documents; and Interrogatory No. 11 of Direct Purchaser Plaintiffs' First Set of Interrogatories.

TAIS further objects to Interrogatory No. 21 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 22:**

To the extent that You contend that prior to November 2007 Plaintiffs knew, should have known, or were not reasonably diligent in discovery regarding the allegations in their Complaint, identify all Evidence upon which You intend to rely to prove such contention.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 22 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 22 to the extent it seeks information which is equally accessible to Plaintiffs as to TAIS, or which has already been produced by TAIS or by other parties in this litigation.

TAIS further objects to Interrogatory No. 22 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol.

TAIS further objects to Interrogatory No. 22 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 23:**

To the extent that You contend that You provided false information, or false commitments relating to pricing or production of CRTs to competitors at Glass Meetings or Bilateral Meetings with those competitors, identify each instance that you provided false information or a false commitment and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 23 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 23 to the extent that it assumes TAIS engaged in a conspiracy.

TAIS further objects to Interrogatory No. 23 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 24:**

To the extent that you contend that a competitor provided false information or a false commitment relating to pricing or production of CRTs to You at Glass Meetings or Bilateral Meetings, identify each instance, where such false information or false commitment was provided to You and any Evidence related to it.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 24 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to the terms "Glass Meetings" and Bilateral Meetings" because they are vague, overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to the term "competitors" because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 24 to the extent that it assumes TAIS engaged in a conspiracy.

TAIS further objects to Interrogatory No. 24 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 25:**

If Your response to any of the Indirect Purchaser Plaintiffs' First Set of Requests for Admission was anything other than an unqualified admission, separately for each Request for Admission:

(a) state the number of the request for admission;

(b) state all facts upon which You base Your response;

(c) identify all Evidence upon which You intend to rely to support your response; and

CONFIDENTIAL

(d) identify each person who has knowledge of the facts upon which you base your response

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 25 because it is vague, overly broad, unduly burdensome and oppressive, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 25 to the extent that it seeks the disclosure of information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS

TAIS further objects to Interrogatory No. 25 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

Dated: September 5, 2014

WHITE & CASE LLP

By: ____________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |
|---|---|

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT-PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Defendants’ Attachment 5a

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba Corporation ("Toshiba Corp.") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. Toshiba Corp.'s responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). Toshiba Corp.'s responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

**GENERAL OBJECTIONS**

1. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not

material and necessary to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent that they are overly broad, unduly burdensome, vague, or ambiguous. Toshiba Corp. further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"). Toshiba Corp. will not disclose any Privileged Information in response to any Interrogatory. Toshiba Corp. does not intend by these Objections and Responses to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any response, Toshiba Corp. does so only to the extent allowable under applicable law.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

9. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

10. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between Toshiba Corp. and third parties.

11. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on Toshiba Corp. weighed against the Plaintiffs' need for the information.

12. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to Toshiba Corp., or which has already been produced by other parties.

13. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

15. Toshiba Corp. objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

16. Toshiba Corp. objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

17. Toshiba Corp. objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

18. Toshiba Corp.'s response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by Toshiba Corp. with the Plaintiffs' characterization of any facts, circumstances, or legal obligations. Toshiba Corp. reserves the right to contest any such characterization. Toshiba Corp. further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19. Toshiba Corp. objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by Toshiba Corp., and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by Toshiba Corp. Toshiba Corp. will interpret these terms to refer to Toshiba Corp. only. Toshiba Corp. further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20. Toshiba Corp. objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Toshiba Corp. also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations. Toshiba Corp. further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began. For the purposes of responding to these Interrogatories, Toshiba Corp. will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

21. Toshiba Corp. objects to the defined terms "subsidiary," "affiliate," and "joint venture" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22. Toshiba Corp. objects to the defined term "Employee" because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Toshiba Corp. further objects to the defined term "Employee" to the extent that it seeks information from distinct persons not parties to the case and not controlled by Toshiba Corp.

23. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to Toshiba Corp. Further investigation and discovery may result in the identification of additional information or contentions, and Toshiba Corp. expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. Toshiba Corp.'s responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit Toshiba Corp.'s use of any additional evidence that may be developed.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 1 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

**INTERROGATORY NO. 2:**

Identify separately for each year from 2003 to 2009, each of MTPD's board and committees, including (a) its full name; (b) a brief description of its function; and (c) all members of that board or committee.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 2 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 3:**

Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers, including the name of each company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his or her title, business address, the division or unit of the company where such individual worked, and a description of his or her responsibilities for each position or title held.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 3 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 3 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 3 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
6

CONFIDENTIAL

Toshiba Corp. further objects to Interrogatory No. 3 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Electronic Components, Inc., and Toshiba America Information Systems, Inc.

Toshiba Corp. further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 4:**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or vice versa, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 4 to the extent that the term "transferred" is vague.

Toshiba Corp. further objects to Interrogatory No. 4 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. further objects to Interrogatory No. 4 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 4 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 4 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

Toshiba Corp. further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**<u>INTERROGATORY NO. 5</u>:**

List the date, nature, and amount of any payments you made from 2003 to 2009 to individuals who were employed by or worked for MTPD, and describe with specificity whether such payments occurred directly to the employee, through some social fund or other entity or governmental program.

**<u>RESPONSE</u>:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 5 because the term "payment" is vague.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Toshiba Corp. further objects to Interrogatory No. 5 because the terms "social fund," "other entity," and "governmental program" are vague.

Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. further objects to Interrogatory No. 5 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 5 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 6:**

For every person identified in Interrogatory Nos. 2 and 3, state, for each year from 2003 to 2009, as applicable:

i. The type or nature of any offered or accepted (a) stock option plan or other equity incentive plan, (b) bonus or other discretionary periodic payment, and (c) any other employee benefits; and

ii. the identity of each individual or company who set, maintained, funded, or administered his or her (a) payroll, (b) bonus or other discretionary periodic payment, (c) stock option plan or other equity incentive plan, and (d) and any other employee benefits.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 6 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. further objects to Interrogatory No. 6 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. also objects to Interrogatory No. 6 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 6 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 7:**

State, for each year from 2003 to 2009, the identity of each individual who approved or authorized MTPD's corporate operating budget, including, without limitations, the estimates of revenues, the estimates of operating and capital expenditures, and the estimates of borrowings.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 7 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. also objects to Interrogatory No. 7 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 7 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**<u>INTERROGATORY NO. 8</u>:**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**<u>RESPONSE</u>:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 8 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule.

Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 8 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 9:**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Toshiba Corp. also objects to Interrogatory No. 9 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 9 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 9 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 9 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

Toshiba Corp. further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 10:**

For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing mechanism or decision process by which MTPD decided on the price for those sold CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed for non- Toshiba affiliated purchasers of CRTs.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 10 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 10 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to the term "pricing mechanism or decision process" because it is vague.

Toshiba Corp. further objects to Interrogatory No. 10 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 10 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 of the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

Toshiba Corp. further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

**INTERROGATORY NO. 11:**

List, for each year from 2003 to 2009, the name, term and nature of every service level agreement or other contract relating to professional services you entered into with MTPD (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human resources, accounting and sales support services).

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 11 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to the terms "service level agreement," and "other contract relating to professional services" because they are vague.

Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 12:**

State the date, amount and interest rate (if applicable) of each capital or equity injection, loan or other financial contribution you provided to MTPD.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 12 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to the terms "capital or equity injection, loan or other financial contribution" because they are vague.

Toshiba Corp. further objects to Interrogatory No. 12 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 12 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 12 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 13:**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Toshiba Corp. also objects to Interrogatory No. 13 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to the term "guarantee" because it is vague.

Toshiba Corp. further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 14:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance covering board members and executives of MTPD, and identify which company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

**RESPONSE:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Interrogatory No. 14 to the extent it seeks information that is not within Toshiba Corp.'s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by Toshiba Corp.

Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it seeks information beyond the putative class period.

Toshiba Corp. further objects to Interrogatory No. 14 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

Toshiba Corp. also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Dated: September 5, 2014

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant Toshiba Corporation*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
19

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On September 5, 2014, I caused a copy of the "TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |
|---|---|

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Defendants' Attachment 5b

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America Electronic Components, Inc. ("TAEC") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. TAEC's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). TAEC's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## GENERAL OBJECTIONS

1. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent that they are overly broad, unduly burdensome, vague, or ambiguous. TAEC further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"). TAEC will not disclose any Privileged Information in response to any Interrogatory. TAEC does not intend by these Objections and Responses to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any response, TAEC does so only to the extent allowable under applicable law.

9. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

10. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAEC and third parties.

11. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAEC weighed against the Plaintiffs' need for the information.

12. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAEC, or which has already been produced by other parties.

13. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAEC's possession, custody, or control.

15. TAEC objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

16. TAEC objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

17. TAEC objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

18. TAEC's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TAEC with the Plaintiffs' characterization of any facts, circumstances, or legal obligations. TAEC reserves the right to contest any such characterization. TAEC further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19. TAEC objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TAEC, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAEC. TAEC will interpret these terms to refer to TAEC only. TAEC further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20. TAEC objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. TAEC also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations. TAEC further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began. For the purposes of responding to these Interrogatories, TAEC will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

21. TAEC objects to the defined terms "subsidiary," "affiliate," and "joint venture" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22. TAEC objects to the defined term "Employee" because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

admissible evidence. TAEC further objects to the defined term "Employee" to the extent that it seeks information from distinct persons not parties to the case and not controlled by TAEC.

23. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TAEC. Further investigation and discovery may result in the identification of additional information or contentions, and TAEC expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. TAEC's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TAEC's use of any additional evidence that may be developed.

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 1 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 2:**

Identify separately for each year from 2003 to 2009, each of MTPD's board and committees, including (a) its full name; (b) a brief description of its function; and (c) all members of that board or committee.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 2 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 3:**

Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers, including the name of each company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his or her title, business address, the division or unit of the company where such individual worked, and a description of his or her responsibilities for each position or title held.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 3 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 3 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 3 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 3 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba Electronic Components, Inc., and Toshiba America Information Systems, Inc.

TAEC further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

**INTERROGATORY NO. 4:**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or vice versa, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 4 to the extent that the term "transferred" is vague.

TAEC further objects to Interrogatory No. 4 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 4 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 4 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 4 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAEC further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 5:**

List the date, nature, and amount of any payments you made from 2003 to 2009 to individuals who were employed by or worked for MTPD, and describe with specificity whether such payments occurred directly to the employee, through some social fund or other entity or governmental program.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 5 because the term "payment" is vague.

TAEC further objects to Interrogatory No. 5 because the terms "social fund," "other entity," and "governmental program" are vague.

TAEC further objects to Interrogatory No. 5 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 5 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 5 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 5 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

TAEC further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 6:**

For every person identified in Interrogatory Nos. 2 and 3, state, for each year from 2003 to 2009, as applicable:

i. The type or nature of any offered or accepted (a) stock option plan or other equity incentive plan, (b) bonus or other discretionary periodic payment, and (c) any other employee benefits; and

ii. the identity of each individual or company who set, maintained, funded, or administered his or her (a) payroll, (b) bonus or other discretionary periodic payment, (c) stock option plan or other equity incentive plan, and (d) and any other employee benefits.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 6 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 6 to the extent that it seeks information beyond the putative class period.

TAEC also objects to Interrogatory No. 6 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
9

**CONFIDENTIAL**

TAEC further objects to Interrogatory No. 6 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 7:**

State, for each year from 2003 to 2009, the identity of each individual who approved or authorized MTPD's corporate operating budget, including, without limitations, the estimates of revenues, the estimates of operating and capital expenditures, and the estimates of borrowings.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 7 to the extent that it seeks information beyond the putative class period.

TAEC also objects to Interrogatory No. 7 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 7 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 8:**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 8 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 8 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 8 to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule.

TAEC further objects to Interrogatory No. 8 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 8 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 9:**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 9 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 9 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 9 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 9 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

TAEC further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**CONFIDENTIAL**

**INTERROGATORY NO. 10:**

For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing mechanism or decision process by which MTPD decided on the price for those sold CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed for non- Toshiba affiliated purchasers of CRTs.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 10 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 10 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to the term "pricing mechanism or decision process" because it is vague.

TAEC further objects to Interrogatory No. 10 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 10 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 of the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAEC further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

**INTERROGATORY NO. 11:**

List, for each year from 2003 to 2009, the name, term and nature of every service level agreement or other contract relating to professional services you entered into with MTPD (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human resources, accounting and sales support services).

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 11 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to the terms "service level agreement," and "other contract relating to professional services" because they are vague.

TAEC further objects to Interrogatory No. 11 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 11 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 11 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 12:**

State the date, amount and interest rate (if applicable) of each capital or equity injection, loan or other financial contribution you provided to MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 12 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to the terms "capital or equity injection, loan or other financial contribution" because they are vague.

TAEC further objects to Interrogatory No. 12 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 12 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 12 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 13:**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 13 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to the term "guarantee" because it is vague.

TAEC further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

TAEC further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 14:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance

**CONFIDENTIAL**

covering board members and executives of MTPD, and identify which company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

**RESPONSE:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 14 to the extent it seeks information that is not within TAEC's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAEC.

TAEC further objects to Interrogatory No. 14 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAEC.

TAEC further objects to Interrogatory No. 14 to the extent that it seeks information beyond the putative class period.

TAEC further objects to Interrogatory No. 14 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Dated: September 5, 2014

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

| | |
|---|---|
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |
| ALL DEFENSE COUNSEL | |

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Defendants' Attachment 5c

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America Consumer Products, L.L.C. ("TACP") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. TACP's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). TACP's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**GENERAL OBJECTIONS**

1. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent that they are overly broad, unduly burdensome, vague, or ambiguous.   TACP further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information").   TACP will not disclose any Privileged Information in response to any Interrogatory.   TACP does not intend by these Objections and Responses to waive any claim of privilege or immunity.   Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof.   Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws.   In providing any response, TACP does so only to the extent allowable under applicable law.

9.      TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

10. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TACP and third parties.

11. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TACP weighed against the Plaintiffs' need for the information.

12. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TACP, or which has already been produced by other parties.

13. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TACP's possession, custody, or control.

15. TACP objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

16. TACP objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

17. TACP objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

18. TACP's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TACP with the Plaintiffs' characterization of any facts, circumstances, or legal obligations. TACP reserves the right to contest any such characterization. TACP further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19. TACP objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TACP, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TACP. TACP will interpret these terms to refer to TACP only. TACP further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20. TACP objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. TACP also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations. TACP further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began. For the purposes of responding to these Interrogatories, TACP will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

21. TACP objects to the defined terms "subsidiary," "affiliate," and "joint venture" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22. TACP objects to the defined term "Employee" because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

admissible evidence. TACP further objects to the defined term "Employee" to the extent that it seeks information from distinct persons not parties to the case and not controlled by TACP.

23. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TACP. Further investigation and discovery may result in the identification of additional information or contentions, and TACP expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. TACP's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TACP's use of any additional evidence that may be developed.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 1 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 2:**

Identify separately for each year from 2003 to 2009, each of MTPD's board and committees, including (a) its full name; (b) a brief description of its function; and (c) all members of that board or committee.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 2 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 3:**

Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers, including the name of each company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his or her title, business address, the division or unit of the company where such individual worked, and a description of his or her responsibilities for each position or title held.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 3 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 3 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 3 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 3 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba Electronic Components, Inc., and Toshiba America Information Systems, Inc.

TACP further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**INTERROGATORY NO. 4:**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or vice versa, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 4 to the extent that the term "transferred" is vague.

TACP further objects to Interrogatory No. 4 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 4 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 4 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 4 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TACP further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 5:**

List the date, nature, and amount of any payments you made from 2003 to 2009 to individuals who were employed by or worked for MTPD, and describe with specificity whether such payments occurred directly to the employee, through some social fund or other entity or governmental program.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 5 because the term "payment" is vague.

TACP further objects to Interrogatory No. 5 because the terms "social fund," "other entity," and "governmental program" are vague.

TACP further objects to Interrogatory No. 5 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 5 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 5 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 5 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

**CONFIDENTIAL**

TACP further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 6:**

For every person identified in Interrogatory Nos. 2 and 3, state, for each year from 2003 to 2009, as applicable:

i. The type or nature of any offered or accepted (a) stock option plan or other equity incentive plan, (b) bonus or other discretionary periodic payment, and (c) any other employee benefits; and

ii. the identity of each individual or company who set, maintained, funded, or administered his or her (a) payroll, (b) bonus or other discretionary periodic payment, (c) stock option plan or other equity incentive plan, and (d) and any other employee benefits.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 6 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 6 to the extent that it seeks information beyond the putative class period.

TACP also objects to Interrogatory No. 6 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
9

**CONFIDENTIAL**

TACP further objects to Interrogatory No. 6 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 7:**

State, for each year from 2003 to 2009, the identity of each individual who approved or authorized MTPD's corporate operating budget, including, without limitations, the estimates of revenues, the estimates of operating and capital expenditures, and the estimates of borrowings.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Interrogatory No. 7 to the extent that it seeks information beyond the putative class period.

TACP also objects to Interrogatory No. 7 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 7 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**INTERROGATORY NO. 8:**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 8 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 8 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 8 to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule.

TACP further objects to Interrogatory No. 8 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 8 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
11

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 9:**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 9 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 9 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 9 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 9 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

TACP further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**CONFIDENTIAL**

**INTERROGATORY NO. 10:**

For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing mechanism or decision process by which MTPD decided on the price for those sold CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed for non- Toshiba affiliated purchasers of CRTs.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 10 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 10 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to the term "pricing mechanism or decision process" because it is vague.

TACP further objects to Interrogatory No. 10 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 10 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 of the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TACP further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

**INTERROGATORY NO. 11:**

List, for each year from 2003 to 2009, the name, term and nature of every service level agreement or other contract relating to professional services you entered into with MTPD (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human resources, accounting and sales support services).

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 11 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to the terms "service level agreement," and "other contract relating to professional services" because they are vague.

TACP further objects to Interrogatory No. 11 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 11 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 11 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 12:**

State the date, amount and interest rate (if applicable) of each capital or equity injection, loan or other financial contribution you provided to MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 12 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to the terms "capital or equity injection, loan or other financial contribution" because they are vague.

TACP further objects to Interrogatory No. 12 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 12 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 12 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 13:**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 13 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to the term "guarantee" because it is vague.

TACP further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

TACP further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 14:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance

**CONFIDENTIAL**

covering board members and executives of MTPD, and identify which company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

**RESPONSE:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Interrogatory No. 14 to the extent it seeks information that is not within TACP's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TACP.

TACP further objects to Interrogatory No. 14 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TACP.

TACP further objects to Interrogatory No. 14 to the extent that it seeks information beyond the putative class period.

TACP further objects to Interrogatory No. 14 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TACP also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Dated: September 5, 2014

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |
|---|---|
| ALL DEFENSE COUNSEL | |

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Defendants' Attachment 5d

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

**CONFIDENTIAL**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America, Inc. ("TAI") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. TAI's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). TAI's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

## GENERAL OBJECTIONS

1. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent that they are overly broad, unduly burdensome, vague, or ambiguous. TAI further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"). TAI will not disclose any Privileged Information in response to any Interrogatory. TAI does not intend by these Objections and Responses to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any response, TAI does so only to the extent allowable under applicable law.

9. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

**CONFIDENTIAL**

10. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAI and third parties.

11. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAI weighed against the Plaintiffs' need for the information.

12. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAI, or which has already been produced by other parties.

13. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAI's possession, custody, or control.

15. TAI objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

16. TAI objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

17. TAI objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

18.     TAI's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TAI with the Plaintiffs' characterization of any facts, circumstances, or legal obligations.   TAI reserves the right to contest any such characterization.   TAI further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19.     TAI objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TAI, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAI.   TAI will interpret these terms to refer to TAI only.   TAI further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20.     TAI objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.   TAI also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations.   TAI further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began.   For the purposes of responding to these Interrogatories, TAI will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

21.     TAI objects to the defined terms "subsidiary," "affiliate," and "joint venture" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22.     TAI objects to the defined term "Employee" because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

evidence. TAI further objects to the defined term "Employee" to the extent that it seeks information from distinct persons not parties to the case and not controlled by TAI.

23. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TAI. Further investigation and discovery may result in the identification of additional information or contentions, and TAI expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. TAI's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TAI's use of any additional evidence that may be developed.

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 1 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 2:**

Identify separately for each year from 2003 to 2009, each of MTPD's board and committees, including (a) its full name; (b) a brief description of its function; and (c) all members of that board or committee.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 2 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**INTERROGATORY NO. 3:**

Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers, including the name of each company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his or her title, business address, the division or unit of the company where such individual worked, and a description of his or her responsibilities for each position or title held.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 3 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 3 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 3 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 3 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba Electronic Components, Inc., and Toshiba America Information Systems, Inc.

TAI further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**INTERROGATORY NO. 4:**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or vice versa, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 4 to the extent that the term "transferred" is vague.

TAI further objects to Interrogatory No. 4 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI further objects to Interrogatory No. 4 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 4 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 4 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAI further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 5:**

List the date, nature, and amount of any payments you made from 2003 to 2009 to individuals who were employed by or worked for MTPD, and describe with specificity whether such payments occurred directly to the employee, through some social fund or other entity or governmental program.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 5 because the term “payment” is vague.

TAI further objects to Interrogatory No. 5 because the terms “social fund,” “other entity,” and “governmental program” are vague.

TAI further objects to Interrogatory No. 5 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 5 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI further objects to Interrogatory No. 5 to the extent it seeks information that is not within TAI’s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 5 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

TAI further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 6:**

For every person identified in Interrogatory Nos. 2 and 3, state, for each year from 2003 to 2009, as applicable:

i. The type or nature of any offered or accepted (a) stock option plan or other equity incentive plan, (b) bonus or other discretionary periodic payment, and (c) any other employee benefits; and

ii. the identity of each individual or company who set, maintained, funded, or administered his or her (a) payroll, (b) bonus or other discretionary periodic payment, (c) stock option plan or other equity incentive plan, and (d) and any other employee benefits.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 6 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI further objects to Interrogatory No. 6 to the extent that it seeks information beyond the putative class period.

TAI also objects to Interrogatory No. 6 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAI further objects to Interrogatory No. 6 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 7:**

State, for each year from 2003 to 2009, the identity of each individual who approved or authorized MTPD's corporate operating budget, including, without limitations, the estimates of revenues, the estimates of operating and capital expenditures, and the estimates of borrowings.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 7 to the extent that it seeks information beyond the putative class period.

TAI also objects to Interrogatory No. 7 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 7 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**INTERROGATORY NO. 8:**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 8 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 8 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 8 to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule.

TAI further objects to Interrogatory No. 8 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 8 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 9:**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 9 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 9 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 9 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 9 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

TAI further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**CONFIDENTIAL**

**INTERROGATORY NO. 10:**

For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing mechanism or decision process by which MTPD decided on the price for those sold CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed for non- Toshiba affiliated purchasers of CRTs.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 10 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 10 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to the term "pricing mechanism or decision process" because it is vague.

TAI further objects to Interrogatory No. 10 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 10 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 of the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAI further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

**INTERROGATORY NO. 11:**

List, for each year from 2003 to 2009, the name, term and nature of every service level agreement or other contract relating to professional services you entered into with MTPD (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human resources, accounting and sales support services).

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 11 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to the terms "service level agreement," and "other contract relating to professional services" because they are vague.

TAI further objects to Interrogatory No. 11 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 11 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 11 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 12:**

State the date, amount and interest rate (if applicable) of each capital or equity injection, loan or other financial contribution you provided to MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 12 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to the terms "capital or equity injection, loan or other financial contribution" because they are vague.

TAI further objects to Interrogatory No. 12 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 12 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 12 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 13:**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 13 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to the term "guarantee" because it is vague.

TAI further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

TAI further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts.  Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 14:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance

**CONFIDENTIAL**

covering board members and executives of MTPD, and identify which company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

**RESPONSE:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 14 to the extent it seeks information that is not within TAI's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAI.

TAI further objects to Interrogatory No. 14 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAI.

TAI further objects to Interrogatory No. 14 to the extent that it seeks information beyond the putative class period.

TAI further objects to Interrogatory No. 14 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAI also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Dated: September 5, 2014

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant Toshiba America, Inc.*

**CONFIDENTIAL**

**CERTIFICATE OF SERVICE**

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |
| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

| ALL DEFENSE COUNSEL | |
|---|---|

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Defendants' Attachment 5e

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS** |

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's April 3, 2012 Order re Discovery and Case Management Protocol (as modified by the Court on March 12, 2013) (collectively, the "Discovery Protocol"), Defendant Toshiba America Information Systems, Inc. ("TAIS") hereby submits the following Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Toshiba Defendants, dated August 1, 2014 (the "Interrogatories").

Each of the following responses is made only for purposes of the actions named in the above caption. Each response is subject to all objections as to relevance, materiality and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

Each of the following responses is made on the basis of the information available at the time of service of the responses. TAIS's responses to these Interrogatories are subject to the provisions of the Stipulated Protective Order that the Court issued on June 18, 2008 (the "Protective Order"). TAIS's responses are hereby designated "Confidential" in accordance with the provisions of the Protective Order.

**GENERAL OBJECTIONS**

1. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they contravene the April 3, 2012 Order re Discovery and Case Management Protocol, Docket number 1128 in the MDL.

2. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure and the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California or to the extent it is outside the scope of any order or opinion of this Court.

3. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for the production of documents or information that relate to matters not raised by the pleadings, to the extent they are not material and necessary

**CONFIDENTIAL**

to the prosecution or defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

4. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent that they are overly broad, unduly burdensome, vague, or ambiguous. TAIS further objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they purport to seek discovery of information from disaster recovery systems and archives.

5. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they state and/or call for legal conclusions and/or admissions.

6. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they call for publicly available information.

7. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule (collectively, "Privileged Information"). TAIS will not disclose any Privileged Information in response to any Interrogatory. TAIS does not intend by these Objections and Responses to waive any claim of privilege or immunity. Any inadvertent production of such material or information is not intended to, and shall not, constitute a general or specific waiver in whole or in part of those privileges or protections as to material or information inadvertently produced or the subject matter thereof. Nor is any inadvertent production intended to, nor shall it, constitute a waiver of the right to object to any use of such document or information.

8. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which would violate applicable law, including, but not limited to, privacy laws. In providing any response, TAIS does so only to the extent allowable under applicable law.

9. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek confidential, proprietary, or trade secret information.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

10. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek documents or information, the disclosure of which is prohibited by contractual obligations or agreements between TAIS and third parties.

11. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are oppressive or constitute an abuse of process in light of the costs imposed on TAIS weighed against the Plaintiffs' need for the information.

12. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information which is equally accessible to Plaintiffs as to TAIS, or which has already been produced by other parties.

13. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of the foreign jurisdiction in which the documents or information are located.

14. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they seek disclosure of documents or information that is not within TAIS's possession, custody, or control.

15. TAIS objects to the Interrogatories, including the Definitions and Instructions provided therein, to the extent they are cumulative to or duplicative of other Interrogatories or Document Requests.

16. TAIS objects to the Interrogatories pursuant to Civil L.R. 33-2, which states that "a demand that a party set forth the basis for a denial of an admission requested under Fed. R. Civ. P. 36 will be treated as a separate discovery request (an interrogatory) and is allowable only to the extent that a party is entitled to propound additional interrogatories."

17. TAIS objects to the Interrogatories pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

18. TAIS's response to the Interrogatories is not intended to be, and shall not be construed as, an agreement or concurrence by TAIS with the Plaintiffs' characterization of any facts, circumstances, or legal obligations. TAIS reserves the right to contest any such characterization. TAIS further objects to the Interrogatories to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in the case.

19. TAIS objects to the definition of "you" and "your" because it is vague, overly broad and unduly burdensome, as it includes persons not controlled by TAIS, and as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and, in addition, improperly purports to seek information from distinct corporate entities and persons not parties to the case and not controlled by TAIS. TAIS will interpret these terms to refer to TAIS only. TAIS further objects to the definition of "you" and "your" to the extent it seeks information or documents protected by the attorney-client privilege, work product doctrine or any other applicable privilege, protection, immunity, or rule.

20. TAIS objects to the defined term "relevant time period" to the extent that it exceeds the "class period" defined in the IPPs' Complaint, because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence. TAIS also objects to the definition of "relevant time period" because it is well beyond the relevant statute of limitations. TAIS further objects to the term "relevant time period" to the extent that it seeks documents created after this litigation began. For the purposes of responding to these Interrogatories, TAIS will interpret the term "relevant time period" as referring to the "class period" defined in the Complaint, which is March 1, 1995 to November 25, 2007.

21. TAIS objects to the defined terms "subsidiary," "affiliate," and "joint venture" because they are overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

22. TAIS objects to the defined term "Employee" because it is overly broad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

admissible evidence. TAIS further objects to the defined term "Employee" to the extent that it seeks information from distinct persons not parties to the case and not controlled by TAIS.

23. Discovery is ongoing. This response is being made after reasonable inquiry into the relevant facts, and is based upon the information presently known to TAIS. Further investigation and discovery may result in the identification of additional information or contentions, and TAIS expressly reserves all rights to amend its responses and objections to Indirect Purchaser Plaintiffs' First Set of Interrogatories as necessary. TAIS's responses should not be construed to prejudice its right to conduct further investigation in this case, or to limit TAIS's use of any additional evidence that may be developed.

**OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

**INTERROGATORY NO. 1:**

State the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 1 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 2:**

Identify separately for each year from 2003 to 2009, each of MTPD's board and committees, including (a) its full name; (b) a brief description of its function; and (c) all members of that board or committee.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 2 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**INTERROGATORY NO. 3:**

Identify, separately for each year from 2003 to 2009 each of MTPD's corporate officers, including the name of each company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) that employed such individual throughout the Relevant Time Period, his or her title, business address, the division or unit of the company where such individual worked, and a description of his or her responsibilities for each position or title held.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 3 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 3 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 3 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 3 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 3 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatories Nos. 9 and 10 of DAPs' First Set of Interrogatories to the Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba Electronic Components, Inc., and Toshiba America Information Systems, Inc.

TAIS further objects to Interrogatory No. 3 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**INTERROGATORY NO. 4:**

Separately for each year from 2003 to 2009, identify those employees who transferred (a) from you to MTPD; and (b) from MTPD to you. For purposes of this Interrogatory, "transferred" means the change of official employment from you to MTPD or vice versa, the change of work duties or job descriptions for the benefit of the other entity, or the relocation to a facility occupied exclusively by the other entity.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 4 to the extent that the term "transferred" is vague.

TAIS further objects to Interrogatory No. 4 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 4 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 4 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 4 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 10 of IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

TAIS further objects to Interrogatory No. 4 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 5:**

List the date, nature, and amount of any payments you made from 2003 to 2009 to individuals who were employed by or worked for MTPD, and describe with specificity whether such payments occurred directly to the employee, through some social fund or other entity or governmental program.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 5 because the term “payment” is vague.

TAIS further objects to Interrogatory No. 5 because the terms “social fund,” “other entity,” and “governmental program” are vague.

TAIS further objects to Interrogatory No. 5 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 5 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 5 to the extent it seeks information that is not within TAIS’s possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 5 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAIS further objects to Interrogatory No. 5 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 6:**

For every person identified in Interrogatory Nos. 2 and 3, state, for each year from 2003 to 2009, as applicable:

i. The type or nature of any offered or accepted (a) stock option plan or other equity incentive plan, (b) bonus or other discretionary periodic payment, and (c) any other employee benefits; and

ii. the identity of each individual or company who set, maintained, funded, or administered his or her (a) payroll, (b) bonus or other discretionary periodic payment, (c) stock option plan or other equity incentive plan, and (d) and any other employee benefits.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 6 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 6 to the extent that it seeks information beyond the putative class period.

TAIS also objects to Interrogatory No. 6 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAIS further objects to Interrogatory No. 6 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 6 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 7:**

State, for each year from 2003 to 2009, the identity of each individual who approved or authorized MTPD's corporate operating budget, including, without limitations, the estimates of revenues, the estimates of operating and capital expenditures, and the estimates of borrowings.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 7 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Interrogatory No. 7 to the extent that it seeks information beyond the putative class period.

TAIS also objects to Interrogatory No. 7 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 7 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 7 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**INTERROGATORY NO. 8:**

State the identity of each individual who paid MTPD's attorney bills for legal services in connection with the investigation of MTPD's alleged involvement in the CRT cartel by government antitrust authorities in Japan, the European Union, and the United States during 2006 through 2012.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 8 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 8 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 8 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 8 to the extent that it seeks information or documents protected by the attorney-client privilege, attorney work-product doctrine or any other applicable privilege, protection, immunity, or rule.

TAIS further objects to Interrogatory No. 8 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 8 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 8 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

CONFIDENTIAL

**INTERROGATORY NO. 9:**

Identify any Toshiba entity which purchased CRTs manufactured by MTPD from 2003 to 2009.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 9 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 9 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 9 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 9 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 9 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 to the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

TAIS further objects to Interrogatory No. 9 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**INTERROGATORY NO. 10:**

For every purchaser identified in Interrogatory No. 9, describe with specificity the pricing mechanism or decision process by which MTPD decided on the price for those sold CRTs, and how it differed, if at all, from the pricing mechanism or decision process employed for non- Toshiba affiliated purchasers of CRTs.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 10 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and requesting such information renders Interrogatory No. 10 overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 10 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to the term "pricing mechanism or decision process" because it is vague.

TAIS further objects to Interrogatory No. 10 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 10 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 10 on the ground that it is duplicative of discovery served in this litigation, which is in contravention of the Discovery Protocol, including Interrogatory No. 11 of the IPPs and DPPs' Interrogatories to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Information Systems, Inc., and Toshiba America Electronic Components, Inc.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAIS further objects to Interrogatory No. 10 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1)

**INTERROGATORY NO. 11:**

List, for each year from 2003 to 2009, the name, term and nature of every service level agreement or other contract relating to professional services you entered into with MTPD (including, without limitations, contracts for legal, fiscal, tax, treasury, insurance, human resources, accounting and sales support services).

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 11 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to the terms "service level agreement," and "other contract relating to professional services" because they are vague.

TAIS further objects to Interrogatory No. 11 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 11 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 11 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 11 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**INTERROGATORY NO. 12:**

State the date, amount and interest rate (if applicable) of each capital or equity injection, loan or other financial contribution you provided to MTPD.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 12 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to the terms "capital or equity injection, loan or other financial contribution" because they are vague.

TAIS further objects to Interrogatory No. 12 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 12 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 12 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 12 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**<u>INTERROGATORY NO. 13</u>:**

State the date and amount of any guarantees you made on behalf of MPTD, including the third party to whom the guarantee(s) were made.

**<u>RESPONSE</u>:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 13 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 13 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to the term "guarantee" because it is vague.

TAIS further objects to Interrogatory No. 13 because its inclusion of the term "MPTD" renders it vague.

TAIS further objects to Interrogatory No. 13 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 13 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS further objects to Interrogatory No. 13 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

**<u>INTERROGATORY NO. 14</u>:**

List, for each year from 2003 to 2009, the dates, insured amount, listed beneficiaries, coverages and insurance carrier of any directors and officers (D&O) liability insurance

**CONFIDENTIAL**

covering board members and executives of MTPD, and identify which company (including any subsidiary, affiliate, joint venture or other related entity of Toshiba) paid the insurance premiums.

**RESPONSE:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 14 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Interrogatory No. 14 to the extent it seeks information that is not within TAIS's possession, custody, or control and because any such information is equally accessible to the Plaintiffs as to TAIS.

TAIS further objects to Interrogatory No. 14 to the extent that it calls for information regarding distinct corporate entities and persons not controlled by TAIS.

TAIS further objects to Interrogatory No. 14 to the extent that it seeks information beyond the putative class period.

TAIS further objects to Interrogatory No. 14 to the extent that it is harassing, invasive, or seeks confidential information, the disclosure of which is prohibited by law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAIS also objects to Interrogatory No. 14 pursuant to Rule 33(a)(1), which limits the number of interrogatories that may be served by one party on another party to 25 (twenty-five), including discrete subparts. Plaintiffs have already exceeded the 25-interrogatory limit of Rule 33(a)(1).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
17

**CONFIDENTIAL**

Dated: September 5, 2014

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On September 5, 2014, I caused a copy of the "TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS" to be served via e-mail upon:

| | |
|---|---|
| Counsel for Indirect Purchaser Plaintiffs | Lauren C. Russell, Esq.<br>TRUMP ALIOTO TRUMP & PRESCOTT<br>2280 Union Street<br>San Francisco, CA 94123<br>Tel.: (415) 563-7200<br>Email: laurenrussell@tatp.com |
| Liaison Counsel for the Direct Action Plaintiffs | Philip J. Iovieno, Esq.<br>BOIES, SCHILLER & FLEXNER LLP<br>10 N. Pearl St.<br>4th Floor<br>Albany, NY 12207<br>Tel: (518) 434-0600<br>Fax: (518) 434-0665<br>Email: piovieno@bsfllp.com |
| Counsel for Direct Purchaser Plaintiffs | R. Alexander Saveri, Esq.<br>SAVERI & SAVERI, INC.<br>706 Sansome Street<br>San Francisco, CA 94111<br>Tel: (415) 217-6810<br>Email: rick@saveri.com |

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917

**CONFIDENTIAL**

| California Office of the Attorney General | Kamala D. Harris<br>Attorney General of California<br>Emilio E. Varanini<br>Deputy Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA 94102-3664<br>Telephone: (415) 703-5908<br>Email: Emilio.varanini@doj.ca.gov |
|---|---|
| ALL DEFENSE COUNSEL | |

Dana E. Foster

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES TO TOSHIBA DEFENDANTS
Case No. 07-5944 SC
MDL No. 1917
2

# Defendants' Attachment 6

Vaughn R Walker
Law Office of Vaughn R Walker
P O Box 26250
San Francisco, CA 94126
Tel: (415) 871-2888
Fax: (415) 871-2890
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Order Relates To:

Individual Case No 3:13-cv-01173-SC

MDL No 1917

Master Case No 3:07-cv-05944SC

**RECOMMENDED ORDER OF THE SPECIAL MASTER**

Case3:07-cv-05944-SC Document2743 Filed08/15/14 Page2 of 6

This recommended order deals with a motion initially submitted to the undersigned by letter dated January 15, 2014 in which the Sharp direct action plaintiffs ("Sharp"),[1] the Panasonic defendants ("Panasonic")[2] and the Toshiba defendants ("Toshiba")[3] sought resolution of a discovery dispute first raised by Sharp with the former special master in a letter dated December 3, 2013 (Doc No 2242).

By the December 3 letter, Sharp sought to compel Toshiba and Panasonic to furnish further responses to two of the three interrogatories contained in Sharp's first set of interrogatories served on these defendants on September 19, 2013. The first of the two interrogatories in question (Interrogatory No 2) seeks to identify the defendants' communications and/or meetings (terms defined by the interrogatories) with CRT manufacturers regarding "sales, production and/or prices" of CPTs and various particulars of those communications and meetings.[4] The second such interrogatory (Interrogatory No 3) seeks still other particulars about the communications and meetings not otherwise provided in response to Interrogatory No 2, including the person or persons who initiated, called, organized, attended or participated in the meeting or communication and instances in which the communications with "outside parties" are forwarded or shared with persons based in the United States, Mexico or Brazil.

Toshiba and Panasonic responded to these interrogatories with the usual litany of objections and then directed Sharp to the defendants' supplemental responses to

---

[1] Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

[2] Panasonic Corporation, Panasonic Corporation of North America and MT Picture Display Co, Ltd.

[3] Toshiba Corporation, Toshiba America Electronics Components, Inc and Toshiba America Information Systems, Inc.

[4] The particulars include dates, locations, persons involved, subject matter, persons knowledgeable, types and dimensions of CPTs and agreements reached.

Case3:07-cv-05944-SC Document2743 Filed08/15/14 Page3 of 6

Interrogatory Nos 4 and 5 propounded by the direct purchaser class plaintiffs. See Doc Nos 2242-8, 2242-9, 2242-10 and 2242-11. Toshiba defended its responses on several grounds, including contentions that Sharp's efforts to obtain further responses were procedurally deficient, but principally Toshiba asserted that everything responsive to Sharp's interrogatories could be found in the responses to the direct purchaser class plaintiffs' interrogatories. Doc No 2270. Panasonic joined in the arguments that Sharp's interrogatories were duplicative and cumulative of the direct class plaintiffs' discovery. Doc No 2271. Sharp replied that indeed it had followed appropriate procedures and, in any event, mining the responses to the direct purchaser class plaintiffs was an enormous task and unreasonable burden for Sharp given the volume of material produced to the class plaintiffs, Doc No 2293, a burden obviously made greater by looming deadlines in the litigation.

Although this motion was made months ago, not until August 12, 2014 were the responses of the direct purchaser class plaintiffs submitted to the undersigned for review. A telephonic hearing with counsel followed on August 13. William Blaise Warren appeared for Sharp; Lucius Lau appeared for Toshiba and Adam Hemlock appeared for Panasonic.

A considerable part of the hearing was consumed in attempting to quantify the amount of material embraced by the Toshiba and Panasonic responses to the direct purchaser class plaintiffs' interrogatories and hence the extent of Sharp's burden that might be avoided by what it seeks in the present motion. After some effort, the parties were able to quantify the volume of materials at roughly 15,000 documents; some three or four thousand of these have apparently already been used in discovery in which Sharp has participated, so Sharp should have a good handle on the nature of these materials and some insights due to the fact that others on the plaintiffs' side of the case have selected these documents for use in discovery.

Review of the quantity of documents involved here, while entailing considerable effort, is not in litigation of this type unusual. The fast approach of the discovery cutoff and the

Case3:07-cv-05944-SC Document2743 Filed08/15/14 Page4 of 6

summary judgment filing schedule increases the task Sharp faces in completing its review without assistance from defendants and is, therefore, a factor weighing in favor of requiring some assistance by way of further responses by defendants.

Principally, Sharp seeks assistance in segregating customer-supplier communications and meetings from those related to competitor meetings and communications as well as pinning down those that relate solely or principally to product destined for the United States market. In addition, to the extent that the parties have translated foreign language communications, Sharp seeks the production of these translations. The question before the undersigned boils down to how much, if any, of the burden of reviewing the large, if not gargantuan, volume of materials should be re-allocated from Sharp which ordinarily would bear that burden to the parties who produced these materials. Given the fast approaching deadlines in the case, it's a close question.

A simple visual inspection identifies a few references to Sharp in the list of meetings and communications set out in Toshiba's supplemental response to the class plaintiffs' Interrogatory No 5. See, e g, Toshiba Corporation's supplemental objections and responses dated February 10, 2012 at pages 24, 33, 44-45, 50, 52-53 and 57 and Toshiba America's supplemental responses of the same date at 78, 121-122. These, of course, are needles from a haystack. But Sharp is not limited to an inspection by visual means. The materials have been produced in digitized format capable of computerized review by search terms, a process that should considerably facilitate Sharp's review. Sharp is in the best position to decide what terms should be searched and can conduct such a search on its own without assistance from defendants. Furthermore, there is a certain unfairness in requiring defendants to do Sharp's work for it in culling through this volume of material and, in any event, defendants have already expended a very considerable effort to prepare responses to the direct purchaser class plaintiffs' discovery, making further effort by defendants still more costly.

On balance, it appears to the undersigned that normal burdens should not be re-allocated. As Sharp would benefit from a review and an analysis of the materials responsive to the class plaintiffs, considerations of proportionality and fairness weigh in favor of Sharp bearing the correlative burden.

A somewhat interesting question is whether the defendants should be required to produce the translations of the foreign language documents that they have had translated. Both defendants objected to being required to turn over their translations on the ground that do so would invade the attorney work product doctrine as the selection of the documents to be translated would impermissibly disclose the attorneys' thinking and strategy. Although inclined to deny the production of such translations, counsel's observation about the novelty of this issue suggests that the parties should give the undersigned additional guidance. The parties agreed to submit brief letter memoranda on this question shortly.

//

//

//

//

//

//

//

//

//

//

//

//

//

Accordingly, IT IS ORDERED that Sharp's motion to compel Toshiba and Panasonic to provide further responses to Sharp's interrogatories is DENIED except that the parties are not later than August 18, 2014, to submit letter memoranda not to exceed two pages on the question whether defendants' translations of foreign language documents in the materials identified in defendants' responses to the direct purchaser class plaintiffs should be produced to Sharp.

IT IS SO ORDERED.

This 14th day of August 2014

Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / ~~Denied / Modified.~~

Dated: August 15, 2014

Hon Samuel Conti
United States District Judge

# Defendants' Attachment 7a

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**CONFIDENTIAL**

(e) maintaining any electronic database(s), including archives, of e-mail or other electronic documents relating to CRT or CRT products.

**Response:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 4 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 4 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Toshiba Corp. also objects to Request No. 4 to the extent it seeks information outside the SoL Period. Toshiba Corp. transferred its CRT business to a new entity, Matsushita Toshiba Picture Display Co., Ltd. ("MTPD"), on March 31, 2003, nearly eight months before the beginning of the SoL Period.

**Request No. 5:**

Documents and electronic data sufficient to identify or set forth your annual, monthly and quarterly sales of CRT or CRT products directly purchased in the United States and that were either shipped to, and/or billed to said purchaser from January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 5 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

9

**CONFIDENTIAL**

Toshiba Corp. also objects to Request No. 5 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Toshiba Corp. also objects to Request No. 5 in that it seeks information from "January 1, 1991 to the present," which is well beyond the putative class period. Toshiba Corp. also objects to Request No. 5 to the extent it seeks information outside the SoL Period. Toshiba Corp. transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period.

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant Toshiba Corporation*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

10

# Defendants' Attachment 7b

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

CONFIDENTIAL

(b) the marketing of CRT or CRT products;

(c) the pricing of CRT or CRT products;

(d) the sale or distribution of CRT or CRT products;

(e) maintaining any electronic database(s), including archives, of e-mail or other electronic documents relating to CRT or CRT products.

**Response:**

In addition to its General Objections listed above, TAEC objects to Request No. 4 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 4 to the extent that it is harassing, invasive, or seeks personal confidential information, the disclosure of which is prohibited by a law, regulation, or order of a court or another authority of a foreign jurisdiction in which the information is located.

TAEC also objects to Request No. 4 to the extent that it seeks the disclosure of documents or information that is not within TAEC's possession, custody, or control.

Subject to and without waiving the objections stated above, TAEC responds that, after a reasonable search, it will produce non-privileged organizational charts for TAEC's CRT operations and its information technology group within the SoL Period, if any exist. TAEC is generally aware that Toshiba Corporation transferred its CRT business to a new entity, Matsushita Toshiba Picture Display Co., Ltd. ("MTPD"), on March 31, 2003, nearly eight months before the beginning of the SoL Period. TAEC wound up its CRT sales shortly after March 31, 2003.

**Request No. 5:**

Documents and electronic data sufficient to identify or set forth your annual, monthly and quarterly sales of CRT or CRT products directly purchased in the United States and that

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

were either shipped to, and/or billed to said purchaser from January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, TAEC objects to Request No. 5 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 5 to the extent that it seeks information in a form in which it was not organized in the usual course of business.

TAEC also objects to Request No. 5 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 5 to the extent that it seeks the disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC also objects to Request No. 5 in that it seeks information from "January 1, 1991 to the present," which is well beyond the putative class period.

Subject to and without waiving the objections stated above, TAEC responds that it is generally aware that Toshiba Corporation transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period. TAEC wound up its CRT sales shortly after March 31, 2003. TAEC has no documents responsive to this request which were created within the SoL Period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Dated: May 12, 2010

WHITE & CASE LLP

By: [signature]
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
11

# Defendants' Attachment 7c

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**CONFIDENTIAL**

TACP also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 4 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce all non-privileged documents that are responsive to Request No. 4 and within the SoL period.

**Request No. 5:**

Documents and electronic data sufficient to identify or set forth your annual, monthly and quarterly sales of CRT or CRT products directly purchased in the United States and that were either shipped to, and/or billed to said purchaser from January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, TACP objects to Request No. 5 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 5 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

TACP also objects to Request No. 5 in that it seeks information from "January 1, 1991 to the present," which is well beyond the putative class period and the applicable statute of limitations.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce all non-privileged documents that are responsive to Request No. 5 and within the SoL period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS
AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
9

**CONFIDENTIAL**

Dated: May 12, 2010

WHITE & CASE LLP

By: [signature]
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS
AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
10

# Defendants' Attachment 7d

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**CONFIDENTIAL**

TAI also objects to Request No. 4 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

**Request No. 5:**

Documents and electronic data sufficient to identify or set forth your annual, monthly and quarterly sales of CRT or CRT products directly purchased in the United States and that were either shipped to, and/or billed to said purchaser from January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, TAI objects to Request No. 5 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 5 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

TAI also objects to Request No. 5 in that it seeks information from "January 1, 1991 to the present," which is well beyond the putative class period and the applicable statute of limitations.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________________
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# Defendants' Attachment 7e

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**CONFIDENTIAL**

TAIS also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 4 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request 4 and within the SoL Period.

**Request No. 5:**

Documents and electronic data sufficient to identify or set forth your annual, monthly and quarterly sales of CRT or CRT products directly purchased in the United States and that were either shipped to, and/or billed to said purchaser from January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, TAIS objects to Request No. 5 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 5 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

TAIS also objects to Request No. 5 in that it seeks information from "January 1, 1991 to the present," which is well beyond the putative class period and the applicable statute of limitations.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request 5 and within the SoL Period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________________
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

# Defendants’ Attachment 7f

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**CONFIDENTIAL**

information relating to Your pricing, production, distribution, marketing or sale of CRT or CRT Products in the United States.

**<u>Response</u>:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 4 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 4 to the extent that it seeks the disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. also objects to Request No. 4 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period. Toshiba Corp. also objects to Request No. 4 to the extent it seeks information outside the SoL Period. Toshiba Corp. transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period.

**<u>Request No. 5</u>:**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

a) customer names, customer billing addresses, and customer ship-to addresses;

b) sales terms;

c) sales dates and shipment dates;

d) product type, class, category, description, and respective use;

e) sales volumes; unit price information, gross price, and actual net prices;

g) discounts, credits, and rebates;

h) shipping charges and terms;

i) any other related charges; and

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

10

**CONFIDENTIAL**

j) amounts paid, dates paid, invoice numbers, and purchase order numbers. If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

**Response:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 5 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. objects to the use of the undefined term "respective use" as vague, ambiguous, overly broad, and unduly burdensome, to the extent it implies that Toshiba Corp. is aware of CRT or CRT Product purchasers' use of its CRTs or CRT Products.

Toshiba Corp. also objects to Request No. 5 to the extent that it seeks the disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. also objects to Request No. 5 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period. Toshiba Corp. also objects to Request No. 5 to the extent it seeks information outside the SoL Period. Toshiba Corp. transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

11

**CONFIDENTIAL**

Toshiba Corp. also objects to the term "published prices" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 8 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period. Toshiba Corp. also objects to Request No. 8 to the extent it seeks information outside the SoL Period. Toshiba Corp. transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period.

**Request No. 9:**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 9 to the extent that it seeks the disclosure of documents or information that is not within Toshiba Corp.'s possession, custody, or control.

Toshiba Corp. also objects to Request No. 9 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period. Toshiba Corp. also

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

14

**CONFIDENTIAL**

objects to Request No. 9 to the extent it seeks information outside the SoL Period. Toshiba Corp. transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period.

**Request No. 10:**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a) capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b) any proposed or actual change in the capacity to produce CRT or CRT Products;

c) any reason for changes in each facility's actual production of CRT or CRT Products;

d) the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e) each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

f) any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g) any projected production forecasts;

h) any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**Response:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

15

CONFIDENTIAL

Toshiba Corp. also objects to Request No. 21 to the extent it seeks information outside the SoL Period.  Toshiba Corp. transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period.

**Request No. 22:**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

**Response:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 22 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to Request No. 22 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Toshiba Corp. also objects to Request No. 22 to the extent it seeks information outside the SoL Period.  Toshiba Corp. transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period.

**Request No. 23:**

All Documents relating to conditions of supply or demand for CRT or CRT Products, including, but not limited to, any market studies or industry reports during the period January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, Toshiba Corp. objects to Request No. 23 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER
PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

26

**CONFIDENTIAL**

Dated: May 12, 2010

WHITE & CASE LLP

By: [signature]

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917

40

# Defendants' Attachment 7g

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**Request No. 5:**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

a) customer names, customer billing addresses, and customer ship-to addresses;

b) sales terms;

c) sales dates and shipment dates;

d) product type, class, category, description, and respective use;

e) sales volumes; unit price information, gross price, and actual net prices;

g) discounts, credits, and rebates;

h) shipping charges and terms;

i) any other related charges; and

j) amounts paid, dates paid, invoice numbers, and purchase order numbers. If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

**Response:**

In addition to its General Objections listed above, TAEC objects to Request No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 5 to the extent that it seeks information in a form in which it was not organized in the usual course of business.

TAEC also objects to Request No. 5 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC objects to Request No. 5 to the extent it seeks "all documents" on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC objects to the use of the undefined term "respective use" as vague, ambiguous, overly broad, and unduly burdensome, to the extent it implies that TAEC is aware of CRT or CRT Product purchasers' use of its CRTs or CRT Products.

TAEC also objects to Request No. 5 to the extent that it seeks the disclosure of documents or information that is not within TAEC's possession, custody, or control.

TAEC also objects to Request No. 5 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period.

Subject to and without waiving the objections stated above, TAEC responds that it is generally aware that Toshiba Corporation transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period. TAEC wound up its CRT sales shortly after March 31, 2003. TAEC has no documents responsive to this request which were created within the SoL Period.

**Request No. 6:**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5, including all record layouts, field codes or other descriptions.

**Response:**

In addition to its General Objections listed above, TAEC incorporates by reference its objections to Request Nos. 4 and 5.

TAEC also objects to Request No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAEC also objects to Request No. 8 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period.

Subject to and without waiving the objections stated above, TAEC responds that it is generally aware that Toshiba Corporation transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period. TAEC wound up its CRT sales shortly after March 31, 2003. TAEC has no documents responsive to this request which were created within the SoL Period.

**Request No. 9:**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, TAEC objects to Request No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 9 to the extent it requests all "offers or proposals" because it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 9 to the extent that it seeks the disclosure of documents or information that is not within TAEC's possession, custody, or control.

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS
AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
15

**CONFIDENTIAL**

TAEC also objects to Request No. 9 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period.

Subject to and without waiving the objections stated above, TAEC responds that it is generally aware that Toshiba Corporation transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period. TAEC wound up its CRT sales shortly after March 31, 2003.  TAEC has no documents responsive to this request which were created within the SoL Period.

**Request No. 10:**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a)      capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b)      any proposed or actual change in the capacity to produce CRT or CRT Products;

c)      any reason for changes in each facility's actual production of CRT or CRT Products;

d)      the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e)      each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

f)      any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g)      any projected production forecasts;

h)      any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Subject to and without waiving the objections stated above, TAEC responds that it is generally aware that Toshiba Corporation transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period. TAEC wound up its CRT sales shortly after March 31, 2003. TAEC has no documents responsive to this request which were created within the SoL Period.

**Request No. 22:**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

**Response:**

In addition to its General Objections listed above, TAEC objects to Request No. 22 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 22 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Subject to and without waiving the objections stated above, TAEC responds that it is generally aware that Toshiba Corporation transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period. TAEC wound up its CRT sales shortly after March 31, 2003. TAEC has no documents responsive to this request which were created within the SoL Period.

**Request No. 23:**

All Documents relating to conditions of supply or demand for CRT or CRT Products, including, but not limited to, any market studies or industry reports during the period January 1, 1991 through the present.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the United States.

**Response:**

In addition to its General Objections listed above, TAEC objects to Request No. 40 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Request No. 40 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

# Defendants' Attachment 7h

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**CONFIDENTIAL**

TACP also objects to Request No. 4 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 4 and within the SoL Period.

**Request No. 5:**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

a) customer names, customer billing addresses, and customer ship-to addresses;

b) sales terms;

c) sales dates and shipment dates;

d) product type, class, category, description, and respective use;

e) sales volumes; unit price information, gross price, and actual net prices;

g) discounts, credits, and rebates;

h) shipping charges and terms;

i) any other related charges; and

j) amounts paid, dates paid, invoice numbers, and purchase order numbers. If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

**Response:**

In addition to its General Objections listed above, TACP objects to Request No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TACP also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 5 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP objects to the use of the undefined term "respective use" as vague, ambiguous, overly broad, and unduly burdensome, to the extent it implies that TACP is aware of CRT or CRT Product purchasers' use of its CRTs or CRT Products.

TACP also objects to Request No. 5 to the extent that it seeks the disclosure of documents or information that are not within TACP's possession, custody, or control.

TACP also objects to Request No. 5 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 5 and within the SoL Period.

**Request No. 6:**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5, including all record layouts, field codes or other descriptions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TACP also objects to Request No. 8 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 8 and within the SoL Period.

**Request No. 9:**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, TACP objects to Request No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 9 to the extent that it seeks the disclosure of documents or information that are not within TACP's possession, custody, or control.

TACP also objects to Request No. 9 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

CONFIDENTIAL

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 9 and within the SoL Period.

**Request No. 10:**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a) capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b) any proposed or actual change in the capacity to produce CRT or CRT Products;

c) any reason for changes in each facility's actual production of CRT or CRT Products;

d) the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e) each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

f) any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g) any projected production forecasts;

h) any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**Response:**

In addition to its General Objections listed above, TACP objects to Request No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

TACP also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP further objects to Request No. 21 to the extent that it seeks information that is equally accessible to Plaintiffs as it is to TACP.

TACP also objects to Request No. 21 to the extent it seeks documents or information that are not within TACP's possession, custody or control.

TACP also objects to Request No. 21 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 21 and within the SoL Period.

**Request No. 22:**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

**Response:**

In addition to its General Objections listed above, TACP objects to Request No. 22 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 22 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 22 and within the SoL Period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**Request No. 40:**

All Documents that You claim would have been available to the plaintiffs or any purchaser of CRT or CRT Products prior to November 2007, which should have caused the plaintiffs or any such purchaser to investigate whether there was a conspiracy to fix, raise, maintain or stabilize the prices or to control or restrict sales of CRT or CRT Products in the United States.

**Response:**

In addition to its General Objections listed above, TACP objects to Request No. 40 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to Request No. 40 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

# Defendants' Attachment 7i

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**CONFIDENTIAL**

limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

**Request No. 5:**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

a) customer names, customer billing addresses, and customer ship-to addresses;

b) sales terms;

c) sales dates and shipment dates;

d) product type, class, category, description, and respective use;

e) sales volumes; unit price information, gross price, and actual net prices;

g) discounts, credits, and rebates;

h) shipping charges and terms;

i) any other related charges; and

j) amounts paid, dates paid, invoice numbers, and purchase order numbers. If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

**Response:**

In addition to its General Objections listed above, TAI objects to Request No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 5 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI objects to the use of the undefined term "respective use" as vague, ambiguous, overly broad, and unduly burdensome, to the extent it implies that TAI is aware of CRT or CRT Product purchasers' use of its CRTs or CRT Products.

TAI also objects to Request No. 5 to the extent that it seeks the disclosure of documents or information that are not within TAI's possession, custody, or control.

TAI also objects to Request No. 5 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

**Request No. 6:**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5, including all record layouts, field codes or other descriptions.

**Response:**

In addition to its General Objections listed above, TAI incorporates by reference its objections to Request Nos. 4 and 5.

TAI also objects to Request No. 6 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7:**

All Documents relating to policies, methods, formulas or factors to be used in determining, computing or quoting prices, including any rebates or discounts, in connection with the sale of CRT or CRT Products.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAI also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 8 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 8 to the extent it seeks the disclosure of documents or information that are not within TAI's possession, custody, or control.

TAI also objects to the term "published prices" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 8 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

**Request No. 9:**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, TAI objects to Request No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAI also objects to Request No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 9 to the extent that it seeks the disclosure of documents or information that are not within TAI's possession, custody, or control.

TAI also objects to Request No. 9 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

**Request No. 10:**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a) capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b) any proposed or actual change in the capacity to produce CRT or CRT Products;

c) any reason for changes in each facility's actual production of CRT or CRT Products;

d) the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e) each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

f) any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g) any projected production forecasts;

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

**Response:**

In addition to its General Objections listed above, TAI objects to Request No. 21 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Request No. 21 to the extent that it seeks information that is equally accessible to Plaintiffs as it is to TAI.

TAI also objects to Request No. 21 to the extent it seeks documents or information that are not within TAI's possession, custody or control.

TAI also objects to Request No. 21 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

**Request No. 22:**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

**Response:**

In addition to its General Objections listed above, TAI objects to Request No. 22 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 22 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAI also objects to the definition of "CRT products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Request No. 40 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant Toshiba America, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
Case No. 07-5944 SC
MDL No. 1917
36

# Defendants' Attachment 7j

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**CONFIDENTIAL**

TAIS also objects to Request No. 4 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 4 and within the SoL Period.

**Request No. 5:**

All Documents and electronic data relating to Your sales of CRT or CRT Products during the period January 1, 1991 through the present, including, but not limited to:

a) customer names, customer billing addresses, and customer ship-to addresses;

b) sales terms;

c) sales dates and shipment dates;

d) product type, class, category, description, and respective use;

e) sales volumes; unit price information, gross price, and actual net prices;

g) discounts, credits, and rebates;

h) shipping charges and terms;

i) any other related charges; and

j) amounts paid, dates paid, invoice numbers, and purchase order numbers. If such data are not kept, or have not been kept, in electronic form in the ordinary course of Your business or are otherwise not available in electronic form, please produce such data in hard copy.

**Response:**

In addition to its General Objections listed above, TAIS objects to Request No. 5 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAIS also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 5 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS objects to the use of the undefined term "respective use" as vague, ambiguous, overly broad, and unduly burdensome, to the extent it implies that TAIS is aware of CRT or CRT Product purchasers' use of its CRTs or CRT Products.

TAIS also objects to Request No. 5 to the extent that it seeks the disclosure of documents or information that are not within TAIS's possession, custody, or control.

TAIS also objects to Request No. 5 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 5 and within the SoL Period.

**Request No. 6:**

All software instructions, programs, manuals, or other Documents necessary to operate, run or understand any of the programs maintained on the computer-related equipment or system utilized by You to maintain, gain access to or read data produced in response to Request Nos. 4-5, including all record layouts, field codes or other descriptions.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

TAIS also objects to Request No. 8 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 8 and within the SoL Period.

**Request No. 9:**

All Documents relating to contracts, offers or proposals for CRT or CRT Products sales during the period January 1, 1991 through the present.

**Response:**

In addition to its General Objections listed above, TAIS objects to Request No. 9 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 9 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 9 to the extent that it seeks the disclosure of documents or information that are not within TAIS's possession, custody, or control.

TAIS also objects to Request No. 9 in that it seeks information from January 1, 1991 to the present, which is well beyond the putative class period and the applicable statute of limitations, and it exceeds the period of time during which Toshiba was involved in the manufacture and/or sale of CRTs, which ended in March 2003.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 9 and within the SoL Period.

**Request No. 10:**

Documents sufficient to identify each of Your facilities that produced CRT or CRT Products from January 1, 1991 through the present, and for each such facility, all Documents relating to:

a) capacity, rated capacity, production and capacity utilization during each year of the Relevant Time Period;

b) any proposed or actual change in the capacity to produce CRT or CRT Products;

c) any reason for changes in each facility's actual production of CRT or CRT Products;

d) the identity of all persons who had decision-making or supervisory responsibility regarding CRT or CRT Products production;

e) each type, class, category and respective use of CRT or CRT Products produced and the amounts of each produced during each month of the relevant period;

f) any production shutdowns or slowdowns of CRT or CRT Products production and reasons for such shutdowns or slowdowns; and

g) any projected production forecasts;

h) any future plans to construct, joint venture or purchase fabrication plants used to manufacture or produce CRT or CRT Products.

**Response:**

In addition to its General Objections listed above, TAIS objects to Request No. 10 because it is vague, overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

TAIS also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS further objects to Request No. 21 to the extent that it seeks information that is equally accessible to Plaintiffs as it is to TAIS.

TAIS also objects to Request No. 21 to the extent it seeks documents or information that are not within TAIS's possession, custody or control.

TAIS also objects to Request No. 21 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 21 and within the SoL Period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Request No. 22:**

Documents sufficient to show the regions or territories in which each type, class, or category of CRT or CRT Products are sold in the United States.

**Response:**

In addition to its General Objections listed above, TAIS objects to Request No. 22 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to Request No. 22 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 22 and within the SoL Period.

CONFIDENTIAL

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Request No. 40 and within the SoL Period.

Dated: May 12, 2010

WHITE & CASE LLP

By: [signature]

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# Defendants' Attachment 7k

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CONFIDENTIAL**

Toshiba Corp. also objects to Interrogatory No. 10 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these Interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 10 to the extent that it is to the extent it is cumulative or duplicative of other discovery requests.

Toshiba Corp. also objects to Interrogatory No. 10 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Toshiba Corp. also objects to Interrogatory No. 10 to the extent it seeks information outside the SoL Period. Toshiba Corp. transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period.

**Interrogatory No. 11:**

Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**Response:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. objects to the use of the undefined term "intended use" as vague, ambiguous, overly broad and unduly burdensome, to the extent it implies that Toshiba Corp. is aware of CRT purchasers' intended use of its CRTs.

Toshiba Corp. also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 07-5944 SC
MDL No. 1917

16

**CONFIDENTIAL**

Toshiba Corp. also objects to Interrogatory No. 11 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these Interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. further objects to Interrogatory No. 11 to the extent that it is to the extent it is cumulative or duplicative of other discovery requests.

Toshiba Corp. also objects to Interrogatory No. 11 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Toshiba Corp. also objects to Interrogatory No. 11 to the extent it seeks information outside the SoL Period. Toshiba Corp. transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period.

**Interrogatory No. 12:**

Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present. For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**Response:**

In addition to its General Objections listed above, Toshiba Corp. objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Toshiba Corp. also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba Corporation*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA CORPORATION'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 07-5944 SC
MDL No. 1917

21

# Defendants' Attachment 7l

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

Case No. 07-5944 SC
MDL No. 1917

This Document Relates to:

DIRECT PURCHASER ACTIONS

**TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

render these Interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 10 to the extent that it is to the extent it is cumulative or duplicative of other discovery requests.

TAEC also objects to Interrogatory No. 10 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

Subject to and without waiving the objections stated above, TAEC responds that it is generally aware that Toshiba Corporation transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period. TAEC wound up its CRT sales shortly after March 31, 2003. Based on its investigation to date, TAEC had no CRT or CRT Product sales during the SoL Period.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**Interrogatory No. 11:**

Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**Response:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC objects to the use of the undefined term "intended use" as vague, ambiguous, overly broad and unduly burdensome, to the extent it implies that TAEC is aware of CRT purchasers' intended use of its CRTs.

TAEC also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 11 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 07-5944 SC
MDL No. 1917

17

CONFIDENTIAL

render these Interrogatories overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

TAEC further objects to Interrogatory No. 11 to the extent that it is to the extent it is cumulative or duplicative of other discovery requests.

TAEC also objects to Interrogatory No. 11 to the extent that it seeks information in a form in which it was not organized in the usual course of business.

Subject to and without waiving the objections stated above, TAEC responds that it is generally aware that Toshiba Corporation transferred its CRT business to a new entity, MTPD, on March 31, 2003, nearly eight months before the beginning of the SoL Period. TAEC wound up its CRT sales shortly after March 31, 2003. Based on its investigation to date, TAEC had no CRT or CRT Product sales during the SoL Period.

**Interrogatory No. 12:**

Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present. For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**Response:**

In addition to its General Objections listed above, TAEC objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAEC also objects to Interrogatory No. 12 to the extent that it seeks information in a form in which it was not organized in the usual course of business.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 07-5944 SC
MDL No. 1917

18

**CONFIDENTIAL**

documents or information subject to this set of interrogatories that were destroyed, discarded, deleted, purged, or otherwise lost.

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________________
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 07-5944 SC
MDL No. 1917

22

# Defendants' Attachment 7m

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
|---|---|
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

CONFIDENTIAL

**Interrogatory No. 11:**

Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**Response:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TACP responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Interrogatory No. 11 and within the SoL Period.

**Interrogatory No. 12:**

Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present. For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**Response:**

In addition to its General Objections listed above, TACP objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TACP also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Consumer Products, L.L.C.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 07-5944 SC
MDL No. 1917
20

# Defendants' Attachment 7n

**CONFIDENTIAL**

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

CONFIDENTIAL

**Response:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 10 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI objects to the use of the undefined term "intended use" as vague, ambiguous, overly broad and unduly burdensome, to the extent it implies that TAI is aware of CRT purchasers' intended use of its CRTs.

TAI also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 10 to the extent it seeks information regarding sales outside the United States and unrelated to United States commerce, as such sales are beyond the scope of this litigation and production of such information would render these requests overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

TAI further objects to Interrogatory No. 10 to the extent that it is to the extent it is cumulative or duplicative of other discovery requests.

TAI also objects to Request No. 10 to the extent that it seeks information and/or documents beyond the scope of discovery permitted by the Stay Order.

**Interrogatory No. 11:**

Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**Response:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TAI also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 12:**

Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present. For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**Response:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAI also objects to Interrogatory No. 12 in that it seeks information from "January 1, 1991 to the present," which is well beyond the putative class period and the applicable statute of limitations.

**Interrogatory No. 13:**

If You offered different prices to different markets, or on a spot market versus contract basis, during the Relevant Time Period, so indicate in the statistical data supplied in response to Interrogatory No. 6.

**Response:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 13 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

CONFIDENTIAL

**Interrogatory No. 16:**

State whether any documents or information responsive to this set of interrogatories were destroyed, discarded, erased, deleted, purged, or otherwise lost. If Your answer is in any way in the affirmative:

(a) describe in detail the contents of each such document or information and the date it was destroyed, discarded, erased, deleted, purged or lost;

(b) identify each person who had any role or responsibility in destroying, discarding, erasing, purging, deleting or losing of each such document or information; and

(c) describe in detail the circumstances under which each such document or information was destroyed, discarded, erased, deleted, purged, or lost.

**Response:**

In addition to its General Objections listed above, TAI objects to Interrogatory No. 15 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America, Inc.*

# Defendants' Attachment 7o

CONFIDENTIAL

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>DIRECT PURCHASER ACTIONS | **TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Interrogatory No. 10 and within the SoL Period.

**Interrogatory No. 11:**

Identify the CRT and/or CRT Products You sold, marketed, or distributed for each month within the Relevant Time Period, including the brand name, product number, and intended use.

**Response:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 11 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

TAIS also objects to the definition of "CRT Products" because it is vague, ambiguous, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the objections stated above, TAIS responds that, after a reasonable search, it will produce non-privileged documents that are responsive to Interrogatory No. 11 and within the SoL Period.

**Interrogatory No. 12:**

Provide Your sales of CRT and/or CRT Products to the United States and globally for each month from January 1, 1991 to the present. For each month during this period, state the volume of sales, the U.S. dollar value of sales, the unit sale price, the per unit cost to produce CRT and/or CRT Products, the per unit cost to distribute CRT and/or CRT Products (including overseas freight, tariff, customs, duties, inland freight, storage, insurance, dealer commissions), and the per unit profit earned.

**Response:**

In addition to its General Objections listed above, TAIS objects to Interrogatory No. 12 because it is vague, overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**CONFIDENTIAL**

Dated: May 12, 2010

WHITE & CASE LLP

By: ______________________

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
George L. Paul (*pro hac vice*)
gpaul@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC 20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendant*
*Toshiba America Information Systems, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO DIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES
Case No. 07-5944 SC
MDL No. 1917
20