# Exhibit 16

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807

Tel   + 1 202 626 3600
Fax  + 1 202 639 9355
whitecase.com

Direct Dial + (202) 626-3696          alau@whitecase.com

June 19, 2015

<u>VIA E-MAIL TO: jay.weil@fedarb.com</u>

The Honorable Vaughn Walker (Ret.)
c/o Mr. Jay Weil
Federal Arbitration, Inc.
228 Hamilton Avenue, 3rd Floor
Palo Alto, CA 94301

Re:    *In re Cathode Ray Tube (CRT) Antitrust Litigation*, Case No. 07-5944 SC, MDL No. 1917
         (N.D. Cal.):  The Toshiba & Panasonic Defendants' Response To The DAPs' Notice Of
         June 11, 2015

Dear Judge Walker:

        We have received a copy of the DAPs' notice of June 11, 2015.   Because that notice contains a misstatement and raises new arguments, we submit this joint response for Your Honor's consideration.

        The misstatement made by the DAPs in their June 11, 2015 notice concerns the October 29, 2014 motion filed by the DAPs and the IPPs.  According to the DAPs, "[a]fter extensive negotiation and compromise by the DAPs, Toshiba was only willing to stipulate to the authenticity of **three out of ninety-four of its own documents**."  DAP June 11, 2015 Notice at 2 (emphasis in original).  That is not correct.  Of the 94 documents at issue, the Toshiba Defendants agreed that 93 documents were authentic.  Attachment 1.  Separately, the Toshiba Defendants agreed that three of the 94 documents are business records within the meaning of Rule 803(6) of the Federal Rules of Evidence.  *Id.*

        The new arguments raised by the DAPs concern the September 12, 2014 and September 19, 2014 motions to compel filed by the IPPs.  The DAPs acknowledge that they did not bring either motion.  Nor did the DAPs join either motion.  By stipulation with the Toshiba Defendants, the IPPs withdrew their September 12, 2014 and September 19, 2015 motions to compel, which was approved by Judge Conti on March 26, 2015.  Attachment 2 at 7.  Similarly, by stipulation with the Panasonic Defendants, the IPPs withdrew their September 12, 2014 motion, which was approved by Judge Conti on October 22, 2014.  Attachment 3 at 2.  Once these motions were withdrawn, they became moot.  Accordingly, there is no case or controversy for Your Honor or Judge Conti to decide with respect to these motions.  *See Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) ("A party's decision to withdraw a claim renders it moot") (citing *Webster v. Reproductive Health Serv.*, 492 U.S. 490, 512 (1989)); *Earth Island Institute v. Albright*, 147 F.3d 1352, 1356 (Fed. Cir. 1998) ("Without a live case or controversy after

ALMATY  ANKARA  ASTANA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT  GENEVA  HAMBURG  HELSINKI
HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MADRID  MEXICO CITY  MIAMI  MILAN  MONTERREY  MOSCOW  MUNICH
NEW YORK  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SILICON VALLEY  SINGAPORE  STOCKHOLM  TOKYO  UAE  WARSAW  WASHINGTON, DC

The Honorable Vaughn Walker (Ret.)

Earth Island withdrew its motion, the trial court lacked jurisdiction over this matter"); *Henry v. National Housing Partnership*, No. 1:06-CV-008-SPM, 2008 WL 2766067, at *1 (N.D. Fla. June 27, 2008) ("The Court finds that there is no need for a hearing on a motion that is now being withdrawn. Therefore, document 578 shall be denied as moot."). Because the September 12, 2014 motion to compel was withdrawn as to both the Toshiba and Panasonic Defendants and the September 19, 2014 motion to compel was withdrawn as to the Toshiba Defendants, these are no longer pending vis-à-vis the Panasonic and Toshiba Defendants as to the September 12 motion and vis-à-vis the Toshiba Defendants as to the September 19 motion — there is nothing for the DAPs to join. Because the deadline for filing motions to compel has long since passed (N.D. Cal Local Rule 37-3), it is also too late for the DAPs to re-file the September 12, 2014 and September 19, 2014 motions in their own name. Finally, withdrawal of several motions filed by the IPPs (including both the September 12, 2014 and September 19, 2014 motions to compel) was part of the consideration that the Toshiba Defendants and Panasonic Defendants received in their respective settlements with the IPPs. Elsewhere, Your Honor has recognized that "it would be unfair to the parties to alter the balance of factors upon which these settlements have been reached . . . ." Special Master's Report and Recommendation in Response to the Court's Order Filed February 9, 2015, at 4 (April 17, 2015). That principle applies with equal force here.

Moreover, with respect to the September 19, 2014 motion, the Panasonic Defendants engaged in a series of meet and confers with the DAPs on the specific subject at issue in that motion (*i.e.*, the production of statements to foreign antitrust authorities). The parties reached an agreement on that issue and the DAPs agreed not to file any motion to compel against Panasonic Defendants "relative to the Department of Justice or any foreign investigations or proceedings regarding CRTs, [or] otherwise [to] seek to obtain information regarding Panasonic and such investigations or proceedings either from Panasonic or from any government agency." Attachment 4. The DAPs thus waived their right to pursue this discovery from the Panasonic Defendants, particularly at this late stage of litigation when the deadline for filing motions to compel has long since passed.

*   *   *

The Honorable Vaughn Walker (Ret.)

**WHITE & CASE**

The DAPs attempt to justify their tardiness by pointing to Your Honor's Recommended Order concerning Mitsubishi's Motion to Compel ViewSonic's Percipient Witness Depositions and Coordination of Discovery (June 8, 2015) ("Recommended Order") as well as the Discovery Protocol in this case. DAP June 11, 2015 Notice at 3. But this argument is unpersuasive. The Recommended Order concerns a *pending* motion and a request by certain defendants for a ruling on that *pending* motion, notwithstanding the fact the parties originally involved in the dispute had settled. Thus, the Recommended Order involves a justiciable case or controversy, which is noticeably absent with respect to the *withdrawn* September 12, 2014 and September 19, 2014 motions to compel. Nor does the Discovery Protocol aid the DAPs. That protocol simply encouraged coordinated discovery in this case. The protocol does not (and cannot) create a case or controversy where none exists.

Respectfully submitted,

_____
Lucius B. Lau
White & Case LLP

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

_/s/ Eva W. Cole_____
Eva W. Cole
Winston & Strawn LLP

*Attorneys for Defendants Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and MT Picture Display Co., Ltd.*

cc:   All Counsel of Record

# Attachment 1

**WHITE & CASE**

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807

Tel  + 1 202 626 3600
Fax  + 1 202 639 9355
whitecase.com

Direct Dial + (202) 626-3696          alau@whitecase.com

October 22, 2014

Robert J. Gralewski, Jr., Esq.
Kirby McInerney LLP
600 B Street, Suite 1900
San Diego, CA 92101

Laura E. Nelson, Esq.
Robins, Kaplan, Miller & Ciresi LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation*,  Case No. 07-5944 SC,
      MDL No. 1917 (N.D. Cal.):   The Toshiba Defendants' Response To The List Of 94
      <u>Documents Provided By The Plaintiffs</u>

Dear Mr. Grawlewski and Ms. Nelson:

      Pursuant to the terms of our stipulation, this letter constitutes the Toshiba Defendants'
response to the list of 94 documents you provided on October 10, 2014.  Attachment A to this
indicates which of those documents we are willing to stipulate are authentic and, separately,
which of those documents we are willing to stipulate are business records within the meaning of
Rule 803(6) of the Federal Rules of Evidence.

      We are willing to meet and confer with you concerning this response.

Sincerely,

Lucius B. Lau

<u>Attachment</u>

# Attachment A

ATTACHMENT A

| # | BATES NUMBER | AUTHENTIC? | BUSINESS RECORD WITHIN MEANING OF FRE 803(6)? |
|---|---|---|---|
| 1. | TACP-CRT-00020562 | NO | NO |
| 2. | TAEC-CRT-00008902 | YES | NO |
| 3. | TAEC-CRT-00009116 | YES | NO |
| 4. | TAEC-CRT-00010351 | YES | NO |
| 5. | TAEC-CRT-00010411 | YES | NO |
| 6. | TAEC-CRT-00018123 | YES | NO |
| 7. | TAEC-CRT-00018126 | YES | NO |
| 8. | TAEC-CRT-00018555 | YES | YES |
| 9. | TAEC-CRT-00020529 | YES | YES |
| 10. | TAEC-CRT-00020530 | YES | NO |
| 11. | TAEC-CRT-00020718 | YES | NO |
| 12. | TAEC-CRT-00021577 | YES | NO |
| 13. | TAEC-CRT-00023685 | YES | NO |
| 14. | TAEC-CRT-00025345 | YES | NO |
| 15. | TAEC-CRT-00025518 | YES | NO |
| 16. | TAEC-CRT-00026960 | YES | NO |
| 17. | TAEC-CRT-00027321 | YES | NO |
| 18. | TAEC-CRT-00027616 | YES | NO |
| 19. | TAEC-CRT-00028971 | YES | YES |
| 20. | TAEC-CRT-00039256 | YES | NO |
| 21. | TAEC-CRT-00041564 | YES | NO |
| 22. | TAEC-CRT-00041606 | YES | NO |
| 23. | TAEC-CRT-00041709 | YES | NO |
| 24. | TAEC-CRT-00042216 | YES | NO |

| 25. | TAEC-CRT-00049876 | YES | NO |
|-----|-------------------|-----|-----|
| 26. | TAEC-CRT-00054277 | YES | NO |
| 27. | TAEC-CRT-00054383 | YES | NO |
| 28. | TAEC-CRT-00054572 | YES | NO |
| 29. | TAEC-CRT-00054831 | YES | NO |
| 30. | TAEC-CRT-00054896 | YES | NO |
| 31. | TAEC-CRT-00055023 | YES | NO |
| 32. | TAEC-CRT-00055069 | YES | NO |
| 33. | TAEC-CRT-00059040 | YES | NO |
| 34. | TAEC-CRT-00059798 | YES | NO |
| 35. | TAEC-CRT-00065483 | YES | NO |
| 36. | TAEC-CRT-00065484 | YES | NO |
| 37. | TAEC-CRT-00065518 | YES | NO |
| 38. | TAEC-CRT-00065529 | YES | NO |
| 39. | TAEC-CRT-00065635 | YES | NO |
| 40. | TAEC-CRT-00065667 | YES | NO |
| 41. | TAEC-CRT-00065969 | YES | NO |
| 42. | TAEC-CRT-00065986 | YES | NO |
| 43. | TAEC-CRT-00066181 | YES | NO |
| 44. | TAEC-CRT-00068610 | YES | NO |
| 45. | TAEC-CRT-00068894 | YES | NO |
| 46. | TAEC-CRT-00069157 | YES | NO |
| 47. | TAEC-CRT-00070348 | YES | NO |
| 48. | TAEC-CRT-00070960 | YES | NO |
| 49. | TAEC-CRT-00071173 | YES | NO |

| 50. | TAEC-CRT-00071245 | YES | NO |
|-----|-------------------|-----|-----|
| 51. | TAEC-CRT-00072148 | YES | NO |
| 52. | TAEC-CRT-00081210 | YES | NO |
| 53. | TAEC-CRT-00083156 | YES | NO |
| 54. | TAEC-CRT-00087223 | YES | NO |
| 55. | TAEC-CRT-00088054 | YES | NO |
| 56. | TAEC-CRT-00088432 | YES | NO |
| 57. | TAEC-CRT-00088715 | YES | NO |
| 58. | TAEC-CRT-00089342 | YES | NO |
| 59. | TAEC-CRT-00089968 | YES | NO |
| 60. | TAEC-CRT-00090127 | YES | NO |
| 61. | TAEC-CRT-00091750 | YES | NO |
| 62. | TAEC-CRT-00093312 | YES | NO |
| 63. | TAEC-CRT-00095236 | YES | NO |
| 64. | TAEC-CRT-00096166 | YES | NO |
| 65. | TAEC-CRT-00096935 | YES | NO |
| 66. | TET-CRT-00002363 | YES | NO |
| 67. | TET-CRT-00002966 | YES | NO |
| 68. | TET-CRT-00003403 | YES | NO |
| 69. | TSB-CRT-00018162 | YES | NO |
| 70. | TSB-CRT-00018805 | YES | NO |
| 71. | TSB-CRT-00025664 | YES | NO |
| 72. | TSB-CRT-00030283 | YES | NO |
| 73. | TSB-CRT-00033683 | YES | NO |
| 74. | TSB-CRT-00035348 | YES | NO |

| 75. | TSB-CRT-00035350 | YES | NO |
|-----|------------------|-----|-----|
| 76. | TSB-CRT-00036828 | YES | NO |
| 77. | TSB-CRT-00036829 | YES | NO |
| 78. | TSB-CRT-00036875 | YES | NO |
| 79. | TSB-CRT-00039099 | YES | NO |
| 80. | TSB-CRT-00039194 | YES | NO |
| 81. | TSB-CRT-00039414 | YES | NO |
| 82. | TSB-CRT-00039415 | YES | NO |
| 83. | TSB-CRT-00041527 | YES | NO |
| 84. | TSB-CRT-00041620 | YES | NO |
| 85. | TSB-CRT-00041633 | YES | NO |
| 86. | TSB-CRT-00041721 | YES | NO |
| 87. | TSB-CRT-00041746 | YES | NO |
| 88. | TSB-CRT-00041862 | YES | NO |
| 89. | TSB-CRT-00041870 | YES | NO |
| 90. | TSB-CRT-00042255 | YES | NO |
| 91. | TSB-CRT-00042334 | YES | NO |
| 92. | TSB-CRT-00042440 | YES | NO |
| 93. | TSB-CRT-00042493 | YES | NO |
| 94. | TSB-CRT-00045123 | YES | NO |

# Attachment 2

Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

[Additional stipulating parties on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 SC<br>MDL No. 1917 |
| This Document Relates to:<br><br>*The Indirect Purchaser Action* | **THE TOSHIBA DEFENDANTS AND INDIRECT PURCHASER PLAINTIFFS' STIPULATION AND [~~PROPOSED~~] ORDER WITHDRAWING PENDING MOTIONS** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc., (collectively, the "Toshiba Defendants") and the Indirect Purchaser Plaintiffs (the "IPPs") have conferred by and through their counsel and, subject to the Court's approval, HEREBY STIPULATE AS FOLLOWS:

WHEREAS, at the time of this stipulation, the Toshiba Defendants have certain summary judgment motions, motions *in limine*, and miscellaneous non-dispositive motions pending against the IPPs;

WHEREAS, at the time of this stipulation, the IPPs have certain motions *in limine* and motions to compel pending against the Toshiba Defendants;

WHEREAS, the parties have executed a settlement agreement that would release the IPPs' claims against the Toshiba Defendants (the "Settlement Agreement");

WHEREAS, the Settlement Agreement is subject to the approval of the Court and will become final and conclusive only when the Court has entered a final order approving the Settlement Agreement under Federal Rule of Civil Procedure 23(e), a final judgment is entered dismissing the underlying action with prejudice as it relates to IPPs' claims against the Toshiba Defendants, and all relevant appeals have been exhausted;

WHEREAS, in light of the Settlement Agreement, the Toshiba Defendants seek to withdraw all pending motions solely as they pertain to the IPPs, subject to reinstatement in the event that the Settlement Agreement does not become final and conclusive;

WHEREAS, in light of the Settlement Agreement, the IPPs seek to withdraw all pending motions solely as they pertain to the Toshiba Defendants, subject to reinstatement in the event that the Settlement Agreement does not become final and conclusive;

THE TOSHIBA DEFENDANTS AND INDIRECT PURCHASER PLAINTIFFS'
STIPULATION AND [PROPOSED] ORDER WITHDRAWING PENDING MOTIONS
Case No. 07-5944 SC
MDL No. 1917

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

WHEREAS, the Toshiba Defendants and the IPPs do not seek to withdraw any motions to the extent that they pertain to any other plaintiff or any other defendant;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED between counsel as follows:

1.  The Toshiba Defendants withdraw the following motions with respect to the IPPs:

    a.  The Toshiba Defendants' Motion for Summary Judgment Concerning Withdrawal (ECF No. 2995);

    b.  The Toshiba Defendants' Motion *in Limine* to Preclude Evidence Regarding Damages Allegedly Suffered by the New York Indirect Purchaser Plaintiffs Class Prior to December 23, 1998 (ECF No. 3573);

    c.  The Toshiba Defendants' Motion *in Limine* to Preclude IPP Alter Ego Theories of Liability at Trial (ECF No. 3576);

    d.  The Toshiba Defendants' Motion to Decertify the Statewide IPP Classes for Damages (ECF No. 3585);

    e.  The Toshiba Defendants' Motion for an Order to Direct Certain Indirect Purchaser Class Representatives to Testify Live at Trial (ECF No. 3588); and

    f.  The Toshiba Defendants' Motion to Strike Class Representatives With Inadequate Proof of Their Individual Purchases of Televisions or Monitors (ECF No. 3595).

2.  The Toshiba Defendants withdraw the following separately-filed joinders with respect to the IPPs:

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

    a.  The Toshiba Defendants' Joinder to the Hitachi Parties' Motion for Summary Judgment Based Upon the Lack of Evidence of Participation in the Alleged Conspiracy (ECF No. 3010);

    b.  The Toshiba Defendants' Joinder to the Hitachi Defendants' Motion for Summary Judgment Based Upon Withdrawal and the Statutes of Limitations (ECF No. 3011);

    c.  Toshiba Defendants' Joinder to Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips Do Brasil Ltda.'s Motion for Partial Summary Judgment (ECF No. 3028);

    d.  The Toshiba Defendants' Joinder to Koninklijke Philips N.V.'s, Philips Electronics North America Corporation's, Philips Taiwan Limited's, and Philips Do Brasil Ltda.'s Motion for Summary Judgment Against Indirect Purchaser Plaintiffs Who are Natural Persons Residing in California (ECF No. 3042);

    e.  The Toshiba Defendants' Joinder to Koninklijke Philips N.V.'s Motion for Summary Judgment (ECF No. 3045); and

    f.  The Toshiba Defendants' Limited Joinder to Defendants' Motion *in Limine* #4 to Exclude LCD and Other Non-CRT Product Conspiracies (ECF No. 3692).

3.  The Toshiba Defendants withdraw their joinders to the following joint motions with respect to the IPPs:

    a.  Defendants' Motion for Partial Summary Judgment as to Indirect Purchaser Plaintiffs' and Certain Direct Action Plaintiffs' State Law Claims on Statute of Limitations Grounds (ECF No. 2978);

b.   Defendants' Motion for Partial Summary Judgment on Plaintiffs' Indirect Purchaser Claims Based on Foreign Sales (ECF No. 3006);

c.   Defendants' Joint Motion for Summary Judgment Based Upon Plaintiffs' Failure to Distinguish Between Actionable and Non-Actionable Damages Under the FTAIA (ECF No. 3008);

d.   Defendants' Joint Motion for Partial Summary Judgment Against Indirect Purchaser Plaintiffs and Certain Direct Action Plaintiffs for Lack of Antitrust Injury and Antitrust Standing Under Federal and Certain State Laws (ECF No. 3050);

e.   Defendants' Motion *in Limine* #3: To Exclude All Evidence and Reference at Trial to the U.S. Department of Justice's Criminal Investigations of the Cathode Ray Tube Industry (ECF No. 3556);

f.   Defendants' Motion *in Limine* #11: To Exclude References to Documents or Behavior Not in Evidence (ECF No. 3557);

g.   Defendants' Joint Motion *in Limine* No. 1: Motion for Pretrial Proffer and Ruling on Admissibility of Alleged Co-Conspirator Statements Under Fed. R. E. 801(d)(2)(E) (ECF No. 3559);

h.   Defendants' Motion *in Limine* #8: To Exclude Evidence and Argument Relating to Damages from "Spillover" or "Ripple" Effects of Foreign Price-Fixing Activities on U.S. Prices (ECF No. 3563-3);

i.   Defendants' Motion *in Limine* #12: To Exclude Plaintiffs' "Price Ladder" Theory of Recovery (ECF No. 3568);

THE TOSHIBA DEFENDANTS AND INDIRECT PURCHASER PLAINTIFFS'
STIPULATION AND [PROPOSED] ORDER WITHDRAWING PENDING MOTIONS
Case No. 07-5944 SC
MDL No. 1917
4

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

j. Defendants' Joint Motion *in Limine* to Exclude Improper Characterizations of or Reference to Defendants and Alleged Co-Conspirators [Defendants' MIL No. 6] (ECF No. 3571);

k. Defendants' Joint Motion *in Limine* No. 13 to Allow Full Defense Examination of Common Witnesses During Plaintiffs' Case-in-Chief and Limit Use of Deposition Testimony (ECF No. 3579);

l. Defendants' Motion *in Limine* No. 2 to Exclude Evidence or Testimony Pertaining to Foreign Antitrust Investigations (ECF. No. 3583); and

m. Defendants' Motion *in Limine* #5: To Exclude Plea By Samsung SDI Company, Ltd. as to Non-Pleading Defendants or, Alternatively, to Provide a Limiting Instruction (ECF No. 3589).

4. The IPPs withdraw the following motions with respect to the Toshiba Defendants:

a. IPPs' Motion *in Limine* No. 1: To Preclude Reference to Duplicative Recovery (ECF No. 3537).

b. IPPs' Motion *in Limine* No. 2: To Preclude Reference to Treble Damages, Fees, and Costs (ECF No. 3538).

c. IPPs' Motion *in Limine* No. 4: To Preclude Reference to Other Lawsuits Filed by Any of the Named Plaintiffs (ECF No. 3540).

d. IPPs' Motion *in Limine* No. 5: To Preclude Reference to Relationships Between Lawyers and Plaintiffs (ECF No. 3541).

e. IPPs' Motion *in Limine* No. 6: To Preclude Reference to Plaintiffs' Attendance or Non-Attendance at Trial (ECF No. 3542).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

f.  IPPs' Motion *in Limine* No. 7: To Preclude Reference to or Argument About How Class Plaintiffs Became Involved in This Case or That the Case is "Lawyer-Driven" (ECF No. 3543).

g.  IPPs' Motion *in Limine* No. 8: To Preclude Reference to and Exclude Evidence of the Absence of Criminal Indictment, Conviction or Guilty Plea (ECF No. 3544).

h.  IPPs' Motion *in Limine* No. 9: To Preclude Reference to or Argument About Plaintiffs' Failure to Mitigate Damages (ECF No. 3545).

i.  IPPs' Motion *in Limine* No. 10: To Exclude the Testimony of Witnesses Not Designated Pursuant to the Court's Scheduling Orders (ECF No. 3546).

j.  IPPs' Motion *in Limine* No. 12: To Exclude Percipient Witnesses, Except for One Party Representative, from the Courtroom Unless They Are Testifying (ECF No. 3548).

k.  IPPs' Motion *in Limine* No. 13: To Preclude Live Testimony of Defendants' Witnesses Who Are Not Made Available to Testify Live in Plaintiffs' Case-in-Chief (ECF No. 3549).

l.  IPPs' Motion *in Limine* No. 14: To Limit Defendants' Deposition Designations presented in Plaintiffs' Case to Reasonable Cross and to Exclude Unrelated Designations (ECF No. 3550).

m. IPPs' Motion *in Limine* No. 15: To Preclude Reference to the Fact, Terms or Amounts of Prior Settlements (ECF No. 3551).

n.  IPPs' Motion *in Limine* No. 16: To Preclude Reference to and Exclude Evidence of Other CRT Litigations (ECF No. 3552).

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

    o.  IPPs' Motion *in Limine* No. 17: To (1) Preclude Argument That the Samsung SDI Guilty Plea Includes DOJ Findings of Fact; (2) Exclude Evidence of the Volume of Affected Sales in the Guilty Plea; (3) Exclude Evidence of the Fact and amount of the criminal Fine; and (4) Exclude Any Statement by the DOJ Characterizing the CRT Conspiracy (ECF No. 3553).

    p.  IPPs' Motion *in Limine* No. 18: To Preclude Argument That Price Fixing was Pro-Competitive or Necessary (ECF No. 3554).

    q.  IPPs' Motion *in Limine* No. 19: To Exclude Character Evidence (ECF No. 3555).

    r.  IPPs' September 12, 2014 Motion to Compel Interrogatory Responses (submitted to Special Master Walker).

    s.  IPPs' September 19, 2014 Motion to Compel Interrogatory Responses (submitted to Special Master Walker).

    t.  IPPs' December 22, 2014 Motion to Compel Deposition of Shigekazu Shibata (submitted to Special Master Walker).

5.  The IPPs withdraw their joinders to the following joint motions with respect to the Toshiba Defendants:

    a.  Plaintiffs' September 2, 2014 Motion to Compel the Toshiba Defendants to Produce Deposition Witnesses (submitted to Special Master Walker) and IPPs' related Response to Objection of Toshiba Defendants to Order Granting Motion to Compel Production of Witnesses (ECF No. 3171).

    b.  Plaintiffs' October 29, 2014 Motion to Compel Responses to Requests for Admission (submitted to Special Master Walker).

6. The above motions and joinders shall be subject to reinstatement in the event that the Settlement Agreement does not become final and conclusive.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:_____03/26/2015_____         _____



Hon. S_____ Judge

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

Respectfully submitted,

Dated: March 24, 2015                    **WHITE & CASE** LLP

By: */s/ Lucius B. Lau*
    Christopher M. Curran (*pro hac vice*)
    ccurran@whitecase.com
    Lucius B. Lau (*pro hac vice*)
    alau@whitecase.com
    Dana E. Foster (*pro hac vice*)
    defoster@whitecase.com
    701 Thirteenth Street, N.W.
    Washington, DC 20005
    tel.: (202) 626-3600
    fax: (202) 639-9355

    *Counsel to Defendants Toshiba Corporation,*
    *Toshiba America, Inc., Toshiba America*
    *Information Systems, Inc., Toshiba America*
    *Consumer Products, L.L.C., and Toshiba*
    *America Electronic Components, Inc.*

By: */s/*
    Mario N. Alioto (56433)
    Lauren C. Capurro (241151)
    TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
    2280 Union Street
    San Francisco, CA 94123
    Tel: (415) 563-7200
    Fax: (415) 346-0679
    malioto@tatp.com
    laurenrussell@tatp.com

    *Lead Counsel for Indirect Purchaser Plaintiffs*

        Pursuant to Local Rule 5-1(i)(3), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

# Attachment 3

[*Stipulating parties listed on signature page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 07-cv-5944 SC<br>MDL NO. 1917 |
| | **STIPULATION AND [PROPOSED]** |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **ORDER REGARDING PANASONIC DEFENDANTS' SUPPLEMENTAL RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FIRST SET OF INTERROGATORIES AND EXTENDING DEADLINE TO FILE MOTION TO COMPEL** |

This Stipulation and Proposed Order between the Indirect-Purchaser Plaintiffs ("IPPs") and Panasonic Corporation, f/k/a Matsushita Electric Industrial Co., Ltd. ("Panasonic Corp."), Panasonic Corporation of North America ("PNA"), and MT Picture Display Co., Ltd. ("MTPD") (collectively, "Panasonic Defendants") (together, the "Parties") is made with respect to the following facts and recitals:

WHEREAS, the IPPs and the Panasonic Defendants have met and conferred and have resolved all outstanding discovery issues with regard to IPPs' motion to compel supplemental responses from the Panasonic Defendants to IPPs' First Set of Interrogatories to all Defendants ("Interrogatories"), which was filed with the Special Master on September 12, 2014;

WHEREAS, the Panasonic Defendants have agreed to supplement their responses to

1    Interrogatory No. 7, as it relates to their affirmative defenses Nos. 21-41;

2           WHEREAS, Panasonic Defendants have also agreed to supplement their responses to

3    Interrogatory Nos. 8, 9, 10, 11, 12, 15, 16, 18, 22, 23 and 24;

4           WHEREAS, the Panasonic Defendants agree to supplement their responses to the above-

5    described Interrogatories by October 17, 2014;

6           WHEREAS, the Panasonic Defendants agree to extend the deadline by which the IPPs

7    may file a motion to compel regarding the Panasonic Defendants' supplemental responses to the

8    above-described Interrogatories to October 24, 2014; and

9           WHEREAS, the IPPs hereby withdraw their September 12, 2014 motion to compel

10   supplemental interrogatory responses from the Panasonic Defendants.

11          **IT IS HEREBY STIPULATED AND AGREED** between the undersigned counsel that:

12          1.  The Panasonic Defendants will serve supplemental responses to the IPPs' Interrogatory

13              Nos. 7 (regarding affirmative defenses Nos. 21-41), 8, 9, 10, 11, 12, 15, 16, 18, 22, 23

14              and 24, no later than October 17, 2014;

15          2.   The IPPs may file a motion to compel regarding the Panasonic Defendants'

16              supplemental responses to the IPPs' Interrogatory Nos. 7 (regarding affirmative

17              defenses Nos. 21-41), 8, 9, 10, 11, 12, 15, 16, 18, 23 and 24, no later than October 24,

18              2014; and

19          3.  The IPPs withdraw their September 12, 2014 motion to compel supplemental

20              interrogatory responses from the Panasonic Defendants.

21

22          The undersigned Parties jointly and respectfully request that the Court enter this stipulation

23   as an order.

24

25

26

27

28

1    Dated:  September 26, 2014               TRUMP, ALIOTO, TRUMP & PRESCOTT LLP

2

3                                             _/s/ Lauren C. Capurro_____
                                             Mario N. Alioto (56433)
4                                             Lauren C. Capurro (Russell) (241151)
                                             TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
5                                             2280 Union Street
                                             San Francisco, CA 94123
6                                             Telephone: (415) 563-7200
                                             Facsimile: (415) 346-0679
7

8                                             *Lead Counsel for Indirect Purchaser Plaintiffs*

9

10   Dated: September 26, 2014                WEIL, GOTSHAL & MANGES LLP

11
                                             By: /s/ *Adam C. Hemlock*_____
12

13                                            DAVID L. YOHAI (*pro hac vice*)
                                             ADAM C. HEMLOCK (*pro hac vice*)
14                                            DAVID E. YOLKUT (*pro hac vice*)
                                             LARA E. VEBLEN TRAGER (*pro hac vice*)
15                                            WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
16                                            New York, NY 10153-0119
                                             Telephone: (212) 310-8000
17                                            Facsimile: (212) 310-8007
                                             E-mail: david.yohai@weil.com
18

19                                            JEFFREY L. KESSLER (*pro hac vice*)
                                             A. PAUL VICTOR (*pro hac vice*)
20                                            ALDO A. BADINI (257086)
                                             EVA W. COLE (*pro hac vice*)
21                                            MOLLY M. DONOVAN (*pro hac vice*)
                                             WINSTON & STRAWN LLP
22                                            200 Park Avenue
                                             New York, NY 10166-4193
23                                            Telephone: (212) 294-6700
                                             Facsimile: (212) 294-4700
24                                            E-mail: jkessler@winston.com
25

26                                            *Attorneys for Defendants Panasonic Corporation
                                             (f/k/a Matsushita Electric Industrial Co., Ltd.),*
27                                            *Panasonic Corporation of North America, and MT
                                             Picture Display Co., Ltd.*
28

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _October 22_, 2014

APPROVED

Judge Samuel Conti

STIPULATION AND [PROPOSED] ORDER EXTENDING THE DEADLINE TO FILE A MOTION TO COMPEL
MDL No. 1917: Case No. 07-cv-5944 SC

## ECF CERTIFICATION

Pursuant to Local Rule 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: September 26, 2014

   /s/ Lauren C. Capurro
Mario N. Alioto (56433)
Lauren C. Capurro (Russell) (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# Attachment 4

**Arguello, Sofia**

---

**From:** Jonathan J. Ross [mailto:JROSS@SusmanGodfrey.com]
**Sent:** Friday, September 12, 2014 12:03 PM
**To:** Donovan, Molly M.
**Cc:** Tschirgi, John S.
**Subject:** RE: CRT

Confirmed.

---

**From:** Donovan, Molly M. [mailto:MMDonovan@winston.com]
**Sent:** Friday, September 12, 2014 11:07 AM
**To:** Jonathan J. Ross
**Cc:** Tschirgi, John S.
**Subject:** CRT

Jonathan,

I'm writing to memorialize our arrangement with respect to the interrogatories and document requests served on the Panasonic defendants (Panasonic) on August 1, 2014 that have been the subject of our meet and confer discussions.

With respect to the interrogatories, Panasonic will provide the names of employee-witnesses who met and/or spoke with the Department of Justice regarding CRTs, the dates and locations of those communications, as well as a one or two sentence high-level summary of what was discussed.  Panasonic will provide the same information with respect to communications between employee-witnesses and any foreign antitrust authorities regarding CRTs.

With respect to the document requests, Panasonic will produce any non-original, non-privileged and substantive documents that were provided to the Department of Justice regarding CRTs.  As discussed, we have identified only one letter that meets such criteria.  (For completeness, we previously produced in the MDL all pre-existing (i.e., original) documents that were provided to the Department of Justice, so there is nothing left to produce in that regard.)

(We note that by responding to the interrogatories, Panasonic does not waive, and expressly reserves its previously lodged objection that every request exceeds the numerical limit of Rule 33(a)(1)).

In exchange, the DAPs agree not to file any motion to compel against Panasonic relative to the Department of Justice or any foreign investigations or proceedings regarding CRTs, and will not otherwise seek to obtain information regarding Panasonic and such investigations or proceedings either from Panasonic or from any government agency.  This, however, does not preclude the DAPs from continuing their current efforts to try to obtain the EU decision.

Please confirm the above.

Best,
Molly

**Molly Donovan**
Winston & Strawn LLP
D: +1 (212) 294-4692
winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.