# Exhibit 17

William A. Isaacson
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131
Email: wisaacson@bsfllp.com

Philip J. Iovieno
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665
Email: piovieno@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-CV-05944 SC<br>MDL No. 1917 |
| This Document Relates To:<br><br>CERTAIN DIRECT ACTION PLAINTIFF ACTIONS | **REPLY RE STATUS RE MOTIONS TO COMPEL** |

The Direct Action Plaintiffs ("DAPs") respectfully submit this Reply to Toshiba's and Panasonic's letter brief of June 19, 2015 and SDI's letter brief of June 12, 2015 regarding the Special Master's May 27, 2015 Request for Status re Motions (Dkt. 3857).[1]

<u>The October 29, 2014 Motion re Authentication Issues, and the Related November 24 and November 26, 2014 Motions</u>

SDI argues in its June 12, 2015 Letter Brief that the Court should not decide the DAPs' pending November 24, 2014 Motion, namely by repeating arguments it raised in its extensive underlying briefing, including the curious argument that the "SDI defendants also authenticated more documents than the Toshiba Defendants." See, Exhibits A and B (DAP's November 24, 2014 Letter Brief and SDI's December 1, 2014 Responsive Letter Brief). The November 24th Motion (and the related October 29 and November 26 Motions) are fully briefed, and the Court should decide them on the merits. SDI additionally argues that it has settled with certain DAPs. But those settlements do not render the motions or the underlying discovery regarding the authenticity and business records status of SDI's documents moot.

In Toshiba's and Panasonic's Letter Brief, Toshiba raises a typographical error, but acknowledges that it has refused to stipulate to the business records character of 91 out of 94 of its own documents, further underscoring that the DAPs' October 29, 2014 Motion is ripe for adjudication.

<u>The September 12, 2014 and September 19, 2014 Motions</u>

Toshiba also argues that the September 12 and September 19, 2014 Motions are "moot" based on its stipulation with the IPPs to withdraw certain motions.[2] But the stipulation itself expressly applies only to motions that raise issues exclusive to Toshiba and the IPPs. See Dkt. 3812, at pg. 2:1-2 ("WHEREAS, the Toshiba Defendants and the IPPs do not seek to withdraw any motions to the extent that they pertain to any other plaintiff or any other defendant."). As we

---

[1] As stated in its May 13, 2015 notice (Dkt. 3842), Plaintiff Sharp has reached a settlement in principle with Samsung SDI and, accordingly, does not join this brief to the extent it pertains to motions brought against Defendant Samsung SDI.

[2] The issues raised in the September 12 and 19 Motions related to Panasonic have been resolved.

REPLY RE STATUS RE MOTIONS TO COMPEL     2     Case No. 07-cv-5944 SC (N.D. Cal.)

noted in our June 11, 2015 Notice re Motion to Compel, these Motions raise substantive issues that remain relevant to the DAPs' pending claims against Toshiba and other defendants. See Notice, at pgs. 3:19-24 (Interrogatories and Requests for Production regarding sales of CRT products into the United States, statements to antitrust agencies, and ownership and control issues relevant to MTPD).

Moreover, there are overarching policy reasons in these consolidated proceedings that warrant an adjudication of the September 12 and September 19 Motions notwithstanding the IPP and Toshiba's stipulation to withdraw them, in particular those expressed by the Special Master in his Recommended Order re Mitsubishi's Motion to Compel ViewSonic's Percipient Witness Depositions and Coordination of Discovery (Dkt. 3866, at 3-4) ("the interest of justice is served by allowing counsel for any party to this MDL whose interests may be implicated by the withdrawal of a pending motion" to address why the motion should remain pending). Those overarching interests were not at issue in the three cases cited by Toshiba, and render them unhelpful to the Court. See Toshiba's June 19, 2015 Letter Brief, *citing Independent Union of Flight Attendants v. Pan American World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (no MDL or coordinated discovery proceedings, and noting that a voluntary withdrawal of a motion to enforce the court's judgment is "without prejudice"); *Earth Island Institute v. Albright*, 147 F.3d 1352, 1356 (Fed. Cir. 1998) (in action entailing no coordinated proceedings or discovery, holding that "a party's decision to withdraw a claim" rendered the ensuing appeal moot); *Henry v. National Housing Partnership*, No. 1:06-CV-008-SPM, 2008 WL 2766067, at *1 (N.D. Fla. June 27,2008) (same, and noting that a *Daubert* motion was moot as between two parties given their stipulation to withdraw it).

For these reasons, the DAPs request that the Special Master rule on the motions outlined above.

Respectfully Submitted,

DATED:  July 6, 2015

/s/  *Philip J. Iovieno*

Philip J. Iovieno
Anne M. Nardacci
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
Telephone:  (518) 434-0600
Facsimile:   (518) 434-0665
Email:  piovieno@bsfllp.com
            anardacci@bsfllp.com

William A. Isaacson
Kyle N. Smith*
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave NW, Suite 800
Washington, D.C. 20015
Telephone: (202) 237-2727
Fax: (202) 237-6131
Email:  wisaacson@bsfllp.com
Email:  ksmith@bsfllp.com
*Admitted to practice in New York only.  Practice supervised by members of the firm.

Stuart Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone:  (954) 356-0011
Facsimile:   (954) 356-0022
Email:  ssinger@bsfllp.com

*Liaison Counsel for Direct Action Plaintiffs*