Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO OBJECTOR DOUGLAS W. ST. JOHN'S MOTION TO AMEND ORDER APPOINTING SPECIAL MASTER QUINN**<br><br>Date:   December 15, 2015<br>Time:   2:00 p.m.<br>Court:  Courtroom 9, 19th Floor<br><br>Judge: Honorable Jon S. Tigar |

**INTRODUCTION**

Counsel for Indirect Purchaser Plaintiffs ("IPP Counsel") respond as follows to: (1) Objector Douglas W. St. John ("Objector")'s Motion to Amend the Order Appointing Special Master Quinn (the "Order," Dkt. No. 4077); and (2) the Court's Order re Motion to Shorten Time and Order to Show Cause (Dkt. No. 4206).[1]

Objector makes an untimely request for three amendments to the Order: (1) the Order should specify that the Special Master's compensation for work performed on IPP Counsel's Fee Motion will be paid by IPP Counsel alone; (2) the Court should "order corrective action" with respect to an "ambiguous and improper compensation provision" purportedly prejudicial to objectors; and (3) the Court's standard of review on factual findings regarding the Fee Motion should be *de novo* rather than clear error.

The Court has proposed amending the final sentence of paragraph seven of the Order to read as follows: "In connection with objections and discovery matters, the parties shall each pay an equal share of the cost, *subject to reallocation by the Court*." (Dkt. No. 4206.) (emphasis added).

IPP Counsel support the Court's proposal, which expressly provides a means for correcting any perceived unfairness in cost allocations with respect to objections and discovery matters.

IPP Counsel intend to pay for all expenses related exclusively to their fee requests, such as compensation of the Special Master for his work on the Fee Motion and compensation of IPP Counsel's fee expert, Richard M. Pearl. IPP Counsel agree that they alone, not Class members, should be responsible for such costs. However, IPP Counsel should not shoulder the full burden of costs relating to objections and discovery. There is no guarantee that all objectors would prevail on all objections and discovery matters, and no reason that IPP Counsel should be forced to pay the full costs of addressing matters that prove unworthy. The Court's proposed amendment is sensible. It is neutral to the parties and permits a reallocation in the event that an equal division of costs proves unjust.

1

COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR DOUGLAS W. ST. JOHN'S MOTION TO AMEND ORDER APPOINTING SPECIAL MASTER QUINN
Master File No. CV-07-5944-JST

As for the standard of review on factual findings relating to the Fee Motion, the clear error standard specified in paragraph 5.c of the Order should be retained. This standard has been in effect throughout this litigation, and was the court-approved standard governing the review of an identical matter in similar complex litigation. *See In re TFT-LCD (Flat Panel) Antitrust Litig.* ("*LCD*"), MDL No. 1827 SI, 2013 WL 1355900, at *7 (N.D. Cal. April 3, 2013); St. John Decl. Ex. 4, ¶18 (August 29, 2012 Amended Order Appointing Martin Quinn as Special Master) (the "*LCD* Order"). Objector fails to establish any prejudice if this standard is applied. Finally, this standard serves the interests of judicial efficiency.

## ARGUMENT

### I. IPP COUNSEL SUPPORT THE COURT'S PROPOSED AMENDMENT

The Court proposes to amend paragraph seven of the Order to read: "In connection with objections and discovery matters, the parties shall pay an equal share of the cost, *subject to reallocation by the Court.*" (Emphasis added.) IPP Counsel support this amendment.

IPP Counsel alone, not the Class, will compensate the Special Master for his work relating to their Fee Motion. IPP Counsel also intend to pay for other expenses relating to the Fee Motion—expenses including, for example, the compensation of their expert Richard M. Pearl. This has all been repeatedly conveyed to Objector's counsel. *See* Declaration of Mario N. Alioto in support of IPP Counsel's Response to Objector Douglas W. St. John's Motion to Amend Order Appointing Special Master Quinn ("Alioto Decl."), ¶ 2. There has never been any disagreement on this point. Therefore, this aspect of the objection is moot.

The Special Master's work attributable to objections and discovery matters should, however, be subject to a fair allocation of costs. The Court should reject Objector's attempts to force IPP Counsel to pay for all such work. It would be highly unfair to force IPP Counsel to assume the entire cost of reviewing such matters. As Objector himself notes (*see* Mot. at 6 n.2), "disruptive"

---

[1] Objector is the father of Joseph Scott St. John, who represents him in this matter. IPP Counsel have deposed Objector, and his testimony and documents regarding this representation raise issues that will be presented to Special Master Quinn.

and "generic, unhelpful protests" should be subject to sanctions.  The Court should not encourage the filing of frivolous objections and discovery, and such matters are much more likely to be filed if there are no cost consequences to doing so.  Moreover, there is no basis for implicitly adopting a presumption that objections and discovery by objectors will have merit, warranting the payment of all attributable costs by IPP Counsel.

Most importantly, IPP Counsel expect that objectors to the proposed settlements will seek fees from the Special Master for their efforts in objecting to these settlements (whether they prevail on those objections or not).  IPP Counsel should not have to pay the cost of these proceedings.  The costs should be apportioned by the Special Master, subject to the Court's review.

The Court's proposal is equitable.  The Order currently splits the Special Master costs equally, but the addition of the suggested phrase will expressly permit the allocation of costs among various parties as the Court sees fit.  This provision thus permits review by the Court by any party who feels unjustly treated.  IPP Counsel support the Court's proposal.

## II.     OBJECTOR'S CHALLENGES ARE UNTIMELY

Preliminarily, Objector's arguments should be rejected as untimely.

Objector asserts for the first time a due process violation.  If Objector truly believed his due process rights were being violated, he surely would have raised his concerns when he filed his objection on October 8, 2015 (Dkt. No. 4106).  St. John's objection contains multiple references to docket entries in this case, indicating that Objector's counsel studied the docket carefully in preparing the objection.  Thus, Objector's counsel was almost certainly aware of the Order appointing the Special Master long before he filed the objection.

Likewise, the disseminated Notice regarding preliminary approval that Objector now attacks was posted on the website for the proposed settlements as of July 31, 2015.  *See* Alioto Decl. ¶4.

In any event, as the Court has noted, by the time Objector filed his objection he was clearly on notice of the terms of the Order, which the Court entered on September 24, 2015.  Yet, Objector did not challenge the standard of review.  He should not be allowed to raise the objection now.

//

### III. OBJECTOR'S ARGUMENTS HAVE NO MERIT

#### A. Objector Has Not Shown Any Due Process Violation

Objector first contends that IPP Counsel's purported "pay-to-play scheme" conflicts with his rights to be heard and to participate in the litigation. But in fact, Objector already availed himself of those very rights. He has filed an objection, which the Special Master will fully consider. Objector's argument that notice to Class members was somehow deficient likewise lacks merit. Notice to Class members was consistent with due process, as the Court has already preliminarily found. (*See* Dkt. No. 3906 (July 9, 2015 Amended Order Granting Preliminary Approval of Class Action Settlements with the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA Defendants (the "Preliminary Approval Order"), ¶ 13).)[2] The cases cited by Objector have nothing to do with any purported duty to inform Class members that they might be liable for costs incurred in connection with objections to the settlements.[3]

#### B. There Is No Need for a Further Amendment of the Schedule

Objector's request for an amendment of the November 12, 2015 Order Establishing Schedule (Dkt. No. 4185) so that he may conduct discovery should be rejected as well.

---

[2] The Court approved dissemination of a Detailed Notice and a Summary Notice, substantially in the form approved in the Preliminary Approval Order. *See id.,* Exs. A & B, respectively. Each form of Notice described the nature of the pending litigation; reviewed the general terms of the proposed settlement; stated that complete information is available from the court files and from the settlement website at www.CRTclaims.com; informed class members that they may appear and be heard at the fairness hearing; provided the date and location of the fairness hearing; informed class members of their right to opt out or object to the settlements; identified the deadline for submitting opt outs and objections; informed class members that the judgment will bind all class members who do not opt-out, and that any member who does not opt-out may appear through counsel; and set forth the deadline and process for submitting claims for payment under the Settlement.

[3] *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 US 797, 811-12 (1985) (forum state seeking to bind absent class member on a claim for damages must provide the "best practicable" notice, "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'") (citation omitted); *Hanlon v. Chrysler Corp*, 150 F. 3d 1011, 1024 (9th Cir. 1998) (putative class plaintiff or class counsel may not "exercise class rights en masse" because class members have individual rights to choose whether to continue in a lawsuit as class members); *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 485, 489-90 (S.D.N.Y. 1973) (class members are not deemed "parties" for purposes of counterclaims).

4

COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR DOUGLAS W. ST. JOHN'S MOTION TO AMEND ORDER APPOINTING SPECIAL MASTER QUINN
Master File No. CV-07-5944-JST

First, Objector and other class members already have been supplied with more than enough information with which to assess the Fee Motion. *See, e.g.,* November 30, 2015 Special Master's Order re Motion to Compel Lead Counsel to Produce IPP Counsels' Time-and-Expense Reports (the "SM Order") (Dkt. No. 4211) ("information already provided in great detail is sufficient to enable [objectors] to analyze the propriety of the lodestar and expenses claimed"). In addition, the SM Order concludes that objectors other than Messrs. Cooper and Scarpulla "have not demonstrated adequate justification for disregarding the normal judicial reluctance to allow objectors discovery of billing records."[4] (*See* SM Order at 4.)

Second, Objector claims that he deliberately refrained from seeking discovery because of the risk of incurring Special Master fees. This is not a valid argument. Any litigation involves costs, and no basis exists for shifting fully all costs for *any* discovery by *any* objector onto IPP Counsel, who already are saddled with the costs of opposing unmeritorious objections. The cases cited by Objector are distinguishable.[5]

Objector presents no good basis for amending a schedule that has already been amended by this Court once to accommodate objectors. No other objector has asked to amend the schedule again. The request should be denied.

C. **The Clear Error Standard On the Fee Motion Is Appropriate**

With respect to the standards of review, the Order states:

> Pursuant to Rule 53(f)(3)-(5), the Court shall review *findings of fact made or recommended by the Special Master for clear error*. The Court shall review de novo any conclusions of law made or recommended by the Special Master. The Court will set aside the

---

[4] Objector has presented a draft Motion for Discovery (Exhibit 6 to the St. John Declaration). That Motion is not properly before the Court. It was not noticed, and in any event is a matter that would be taken up by the Special Master. Further, Class members' interests will be protected without the proposed discovery since Lead Counsel has produced the billing records of all IPP Counsel to the Special Master for his review. (*See* SM Order at 4-5.)

[5] *See Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Ed.*, No. 11-3471-KJM-AC (E.D. Cal. July 2, 2015), July 2, 2015 Order at 4 (Dkt. No. 116) (*interim* allocation requiring defendant to pay for special master's fees, where plaintiffs were nonprofit associations pursuing a matter of public interest and were being represented *pro bono*); *In re Imperial Corp. of Am.*, 181 B.R. 501, 508 (Bankr. S.D. Cal. 1995) (imposing costs as sanctions).

Special Master's ruling on a procedural matter only for an abuse of discretion.

Order, ¶ 5.c (emphasis added). Objector argues that findings of fact regarding the Fee Motion should be reviewed by the Court *de novo*. This contention should be rejected.

### 1. A Clear Error Standard Has Been In Place Since 2008

The clear error standard is appropriate. This standard of review has been in place since the initial appointment of Retired Judge Legge as Special Master. While there was never any formal stipulation filed with the Court, the parties were in agreement as to this standard, and the Court so found, as reflected by its Orders. *See* June 16, 2008 Order Appointing Special Master (Dkt. No. 302), ¶ 18 ("Pursuant to the parties' stipulation, the Court shall review findings of fact made or recommended by the Special Master for clear error.").[6] The same standard has applied in the related Direct Purchaser litigation.[7]

### 2. A Clear Error Standard Was Adopted in *LCD* in Similar Circumstances

In addition, the *LCD* court approved this standard in an identical situation involving the appointment of Special Master Quinn to review the fee motion by counsel for indirect purchasers upon settlement of the case. *See* St. John Decl. Ex. 4 (*LCD* August 29, 2012 Amended Order Appointing Martin Quinn as Special Master), ¶ 18 ("Pursuant to Rule 53(f)(3)-(5), the Court shall review findings of fact made or recommended by the Special Master for clear error."). The Order here substantially tracks that court-approved order.

//

---

[6] This standard carried over after Special Master Legge was discharged and the Court appointed Special Master Quinn to issue a Report and Recommendation on class certification. *See, e.g.*, September 24, 2013 Order Adopting Special Master's Report and Recommendations, etc. (Dkt. No. 1950), Section III.A. ("The Court reviews the Special Master's factual findings for clear error, his legal conclusions de novo, and his procedural decisions for abuse of discretion. Fed. R. Civ. P. 53(f)(3)-(4); Dkt. No. 302 ('Order Appointing Special Master')").

[7] *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.*, 911 F. Supp. 2d 857, 863-64 (N.D. Cal. 2012) ("The Court reviews the Special Master's factual findings for clear error and his legal conclusions de novo. Fed. R. Civ. P. 53(f)(3), (f)(4); Dkt. No. 302 ('Order Appointing Special Master') ¶ 18 (parties stipulated to 'clear error' standard for factual findings)") (on motion for summary judgment).

6

COUNSEL FOR INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO OBJECTOR DOUGLAS W. ST. JOHN'S MOTION TO AMEND ORDER APPOINTING SPECIAL MASTER QUINN
Master File No. CV-07-5944-JST

### 3. Objector Provides No Valid Grounds for Amending the Standard

Objector provides no good reason for altering the clear error standard of review. First, he relies on general, conclusory principles of law and freely disperses accusations regarding IPP Counsel's purported conflicts of interest and their "hand-picked special master" (implying that the Special Master is biased) but fails to follow up with any facts to support his contentions.[8]  He also relies on principles of agency that are inapplicable here.[9]

Second, Objector operates on the false premise that the parties' consent to entry of the Order was not knowing or voluntary.  But that is untrue.  The process leading to issuance of the Order was extensive and provided ample opportunity to be heard.  The Court issued its Order to Show Cause Re: Appointment of a Special Master Pursuant to Motion of Certain Parties (the "Show Cause Order") on September 2, 2015 (Dkt. No. 4033) and thereafter held a hearing.  Following that hearing, on September 11, 2015, the Court issued a Proposed Order Re: Appointment of a Special Master.  That Order itself attached the Court's proposed Order and again provided for review and comments by the parties.  (*See* Dkt. Nos. 4053, 4053-1.)  Significantly, no one objected to the standard of review then, and no one else other than Objector has since.[10]

---

[8] Objector fails provide any evidence of the Special Master's bias, and as discussed, Objector chose not to object to the Special Master's appointment.  Further, Objector's vague references to cases such as *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 608 (9th Cir. 1997) (noting that beneficiaries' interests are not represented in fee award proceedings) and *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 959 (9th Cir. 2009) (pertaining to incentive agreements and conflicts of interest among class members) do not inform.  IPP Counsel do not dispute that the interests of class members and class counsel may diverge on the subject of fees, and that courts should look after the interests of the beneficiaries in a common fund case.  But Objector has produced not even a hint of any evidence that the Court, or the Special Master, have improperly discharged their duties to the Class here.

[9] For example, Objector cites the proposition that an agent cannot deal with an adverse principal in a connected transaction without the principal's knowledge. Mot. at 8.  But the "transaction" here, to the extent there was one—the appointment of a special master— was done publicly and subject to Court approval.

[10] On December 3, 2015, the day before this Response was due, lawyers Cooper and Scarpulla filed a Joinder to the St. John Motion.  (*See* Dkt. No. 4221.)  They should have coordinated with Objector instead.  (*See* Order re Motion to Shorten Time, Dkt. No. 4206 at 2 ("Where parties or objectors have the same interests or seek the same outcome, the Court orders parties and objectors to consolidate their responses to the maximum extent possible.")).  Further, this Joinder is not only untimely; it also seeks relief beyond what Objector St. John is seeking.  *See* Joinder at 2 ("The purpose of this joinder (in an

Third, and contrary to Objector's assertion that "no one was acting for the benefit of the class in connection with the Appointment Order," Mot. at 8-9, the Court itself was looking out for the interests of the absent Class members. The Court drafted the Order that was ultimately entered. It found no reason either to deny the appointment of the Special Master or to modify the standard of review.

### 4.  A Clear Error Standard Promotes Judicial Efficiency

Aside from the above, a clear error standard makes eminent sense given the magnitude of this litigation and the need to conserve judicial resources. *See* Order at 2 ("The Court also finds that determinations of attorneys' fees and related matters being referred to Mr. Quinn are 'posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.' *See* Fed. R. Civ. P. 53(a)(1)(C)"); Order at 3 ("The Court believes that the appointment and use of the Special Master will materially advance the litigation, thereby achieving considerable cost-savings to all parties.")

The Special Master will be reviewing time records and evaluating fee requests for work performed by 52 law firms over the span of eight years. Special Master Quinn is very experienced with such matters. He performed this function in *LCD,* where he made recommendations regarding the fee requests of over one hundred law firms. If the Court here were to review these similar matters *de novo,* it would lose the benefit of having delegated them to a Special Master in the first instance since the Court would have to perform its analysis anew.

---

abundance of caution) is to request that the proper standard be substituted *without limitation* for the erroneous standard currently in the Appointment Order") (emphasis added). These lawyers had several opportunities to raise this argument before. They concede that they did not: "We failed to notice that the standard of review in Lead Counsel's proposed order was erroneous." (*Id.* at 2.) Lastly, these lawyers have no standing. Only members of the class may object to a class action settlement. *See, e.g., In re TracFone Unlimited Serv. Plan Litig.*, --- F.Supp.3d --- (2015), 2015 WL 4051882, at *11 (N.D. Cal. July 2, 2015) (objector has no legal standing to object to a settlement unless he can demonstrate he is an aggrieved class member). Messrs. Cooper and Scarpulla have not filed on behalf of any specific Class member. Rather, they have filed on behalf of the "Indirect Purchaser Plaintiffs" as a whole, and they have no authority to do so. Only Lead Counsel may represent the Class. The Joinder should not be considered.

In sum, application of the clear error standard is an efficient means of review that does not strip Objector or other Class members of their rights. They will have a full opportunity to present their arguments to the Special Master.[11]

## CONCLUSION

As set forth above, IPP Counsel will be solely responsible for expenses attributable to their motion for attorneys' fees, including compensation of Special Master Quinn. However, Special Master Quinn's compensation for work relating to objections to the Fee Motion and discovery matters should be borne equally by IPP Counsel and objectors as presently set forth in the Order, "subject to reallocation by the Court." Finally, the current clear error standard of review on factual findings relating to the Fee Motion is appropriate and consistent with the prior orders in this case.

Dated: December 4, 2015              Respectfully submitted,

                                      /s/ Mario N. Alioto
                                     Mario N. Alioto (56433)
                                     malioto@tatp.com
                                     Joseph M. Patane (72202)
                                     jpatane@tatp.com
                                     Lauren C. Capurro (241151)
                                     laurenrussell@tatp.com
                                     TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                     2280 Union Street
                                     San Francisco, CA 94123
                                     Telephone: 415-563-7200
                                     Facsimile: 415-346-0679

                                     ***Lead Counsel for Indirect Purchaser Plaintiffs***

---

[11] Indeed, objectors in this case have been given an additional opportunity to argue their objections. Normally, objectors file their objections, class counsel responds and the court rules. In this case, under the current schedule (which is the result of input from objectors), objectors have the final word on both the motion for approval of the settlements and the motion for attorneys' fees, despite the fact that they are not the moving parties on either motion.