UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER ADOPTING IN PART AND DENYING IN PART REPORT AND RECOMMENDATION** |
| IPPs, DAPs, Cal AG v. Toshiba | |

The Court now considers a Report and Recommendation dated November 24, 2014 from Special Master Vaughn R. Walker, United States District Judge (Ret.) ("Judge Walker"), granting Plaintiffs' motion to compel depositions of Toshiba witnesses. ECF No. 3146 ("R&R"). The Court received an objection from Toshiba asking the Court to reject the R&R. ECF No. 3154 ("Obj."). The Court construes the objection as a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. Civil L.R. 72-2. Plaintiffs filed a response to Toshiba's objection, and Toshiba filed a reply. ECF Nos. 3171 ("Response"), 3185 ("Reply"). The Court held a hearing on Toshiba's objection on November 23, 2015. For the reasons stated below and in open court at the hearing on this motion, the Court ADOPTS in part and DENIES in part the R&R as specified below.

The parties in this case are not required to serve Rule 26 disclosures. See ECF Nos. 724 at 3, 1178 at 2. Consequently, they are not obligated to supplement their Rule 26 disclosures. Nevertheless, on October 15, 2008, Toshiba's counsel served Toshiba's Rule 26 Initial Disclosures. One month before the fact discovery cutoff, on August 1, 2014, Toshiba's counsel filed Amended Rule 26(A)(1) Initial Disclosures, disclosing the names of 18 individuals likely to have discoverable information. On August 7, 2014, Plaintiffs' counsel wrote to Toshiba's counsel

requesting proposed dates for the depositions of five newly-disclosed Toshiba witnesses: Tomoyuki Kawano, Jack Milliken, Tomohito Amano,[1] Clayton Bond, and Charles Farmer.[2] On August 21, 2014, Toshiba's counsel responded that they were working to determine whether and when the individuals were available and that Toshiba did not object to the depositions occurring after the fact discovery cutoff on September 5, 2014.

On September 2, 2014, Plaintiffs filed the instant motion to compel the depositions of the five newly-disclosed Toshiba witnesses. By September 10, 2014, Toshiba had offered three consecutive dates for Mr. Kawano and one date for Mr. Milliken, but Plaintiffs responded that those dates were inconvenient. On September 11, 2014, Toshiba's counsel offered Mr. Clayton Bond for deposition on October 16, 2014. On October 1, 2014, Toshiba served its second amended Rule 26 disclosures, withdrawing Mr. Amano's name. Subsequently, Plaintiffs successfully took the deposition of Tomoyuki Kawano, Jack Milliken, and Clayton Bond. Because neither Tomohito Amano nor Charles Farmer were employed by Toshiba, Toshiba was never able to make those individuals available for deposition.

Judge Walker found that the foregoing events "evince[d] that counsel for Toshiba ha[d] treated the discovery rules and its obligations thereunder in a cavalier fashion." R&R at 3. For example, Judge Walker pointed to Toshiba's (1) failure to update its Rule 26 initial disclosures, (2) failure to respond promptly and produce the five newly-discovered witnesses before the close of fact discovery, (3) failure to propose more than one date or one range of dates for certain deponents, and (4) failure to propose alternative deposition dates that did not occur during well-known religious holidays. Id. at 4. He further found that "Plaintiffs have . . . suffered prejudice by not being able to conduct fact discovery before the cutoff date in a highly complex, multi-party, multi-district litigation, while preparing for trial." Id. "Toshiba's discovery violations," according to Judge Walker, "warrant an appropriate order that takes into consideration the harm caused by

---

[1] Plaintiffs identified Mr. Amano as a witness in 2012, at which time Toshiba informed Plaintiffs that Mr. Amano did not work for Toshiba and Toshiba could not force Mr. Amano to attend a deposition. Plaintiffs made no effort to compel Mr. Amano to appear for a deposition.
[2] Jack Milliken was a current Toshiba employee as of September 2014 when this motion was filed. Tomoyuki Kawano, Tomohito Amano, and Clayton Bond are former Toshiba employees. Charles Farmer does not work for Toshiba.

Toshiba's repeated flouting of its discovery obligations." Id. Accordingly, Judge Walker granted Plaintiffs' motion to compel the depositions of the five Toshiba witnesses or in the alternative to limit the use of Toshiba witnesses at trial and admit documents associated with those witnesses for all purposes. Id. at 5. He further recommended that Mr. Amano and Mr. Farmer be deemed unavailable for trial, be precluded from testifying on Toshiba's behalf, and that their documents be deemed admitted for all purposes at trial. Id.

Toshiba argued in their written brief that Judge Walker's order "misconstrue[d] relevant facts and circumstances . . . and propose[d] unwarranted relief." Obj at 1. Specifically, Toshiba asserted that (1) Toshiba did not fail to update its Rule 26 initial disclosures because previous orders from the Court relieved all parties of any obligation to issue Rule 26(a) disclosures, and (2) Toshiba did not fail to respond promptly or fail to produce witnesses because (a) "[o]nce Plaintiffs raised the Jewish holidays as an issue, Toshiba's counsel went back to [Mr. Kawano and Mr. Milliken] . . . and obtained alternative dates," (b) Toshiba was unable to persuade Mr. Amano to appear voluntarily at deposition and trial and has since removed his name from Toshiba's Rule 26 disclosures, and (c) Toshiba was unable to propose a date for Mr. Farmer because of Mr. Farmer's reluctance about testifying against his former employer. Obj. at 1-5. Further, Toshiba argued that Plaintiffs have not suffered prejudice because the "supposed prejudice stems from the Recommended Order's mistaken assumption that Toshiba had an obligation to update its Rule 26 disclosures during discovery." Id. at 5.

The Court agrees with Toshiba. Without making any conclusions as to whether Toshiba's behavior was with or without fault, the Court finds that Toshiba did not breach any discovery obligation. Toshiba was not required to submit or amend Rule 26 Disclosures. Further, Toshiba made available all witnesses that were employed by Toshiba. Finally, Plaintiffs knew in 2012 that Mr. Amano was not employed by Toshiba and yet made no effort to depose him even after listing him as a potential witness. In the absence of a breach of any identifiable obligation, some of the discovery remedies – which the parties agree are in the nature of sanctions – recommended by Judge Walker are inappropriate.

First, Judge Walker ordered Toshiba to amend its Rule 26 disclosures "to reflect the true

3

1  facts about Mr. Amano consistent with its representations to Plaintiffs and the Special Master."
2  R&R at 5.  The Court ADOPTS this part of the R&R.  The Court ORDERS Plaintiff Best Buy to
3  submit to Toshiba proposed amended language by December 3, 2015.  If the parties are able to
4  agree on amended language, the Court ORDERS Toshiba to file proof of service of its amended
5  disclosure by December 17, 2015.  If the parties are unable to agree on amended language, they
6  are ORDERED to file competing proposals by December 17, 2015.

7  Next, Judge Walker recommended "that Mr. Amano and Mr. Farmer should be deemed
8  unavailable and should be precluded from testifying on Toshiba's behalf at trial.  Id.  The Court
9  STRIKES the phrase "deemed unavailable" but ADOPTS the remainder of this portion of Judge
10 Walker's recommendation.

11 Finally, Judge Walker recommended that "[a]ny documents authored by or from the files
12 of Mr. Amano or Mr. Farmer are deemed admitted for the purposes of trial."  Id.  The Court
13 DENIES this portion of the R&R.

14 At oral argument, Toshiba clarified that it sought the entire R&R stricken.  Except as
15 otherwise specified herein, Toshiba's request is hereby DENIED.

16 **IT IS SO ORDERED.**

17 Dated:  December 8, 2015

                                                         _____
                                                         JON S. TIGAR
                                                         United States District Judge

4