Andrea Valdez (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574
Pasadena, CA 91101
Tel: (626) 817-6547
andrea.valdez.esq@gmail.com

Joseph Scott St. John (appearance *pro hac vice*)
514 Mockingbird Drive
Long Beach, MS 39560
Tel: 410-212-3475
jscottstjohnpublic@gmail.com

*Attorneys for Objector Douglas W. St. John*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| | **OBJECTOR DOUGLAS W. ST. JOHN'S REPLY IN SUPPORT OF HIS MOTION TO AMEND THE ORDER APPOINTING SPECIAL MASTER QUINN** |
| | Hearing Date: December 15, 2015<br>Time: 9:30 a.m..<br>Courtroom: 9, 19th Floor |
| This Document Relates To: | Judge: Hon. Jon S. Tigar |
| All Indirect Purchaser Actions | |

I. **OBJECTORS SHOULD NOT BE LIABLE FOR COMPENSATING THE SPECIAL MASTER THAT IPP COUNSEL REQUESTED.**

　　A.　**Objectors did not have notice of the potential liability.**

　　　　1.　**Class members had no prior notice or opportunity to be heard regarding the Special Master's appointment.**

IPP Counsel aver that notice of this action was posted online on July 31, 2015. Opp. at 3. The notice specified that class members had until October 8, 2015, to object or opt out. Ex. 1. One purpose for that delay was presumably to ensure the notice actually reached class members, and October 8 would thus be the first day they were charged with having notice. The Notice specified only that they needed to take action by October 8; it made no mention of earlier events that could substantially affect their rights or liability for fees.

Particularly in view of that notice, simply posting to the docket an Order to Show Cause (D.E. 4033) within 7 days did not provide notice to the class or potential objectors of the Special Master's Appointment. *E.g.*, Wright, Miller, & Kane, 7AA *Fed. Prac. & Proc.* Civil 3d § 1786 (2005) ("The primary concern always is whether the notice is placed prominently so that members of the particular class are likely to find it."). Were it otherwise, there would be no need for the notice required by Rule 23. IPP Counsel's argument that no one objected at a hearing of which the class had no notice is simply disingenuous.

　　　　2.　**The Appointment Order is at best ambiguous with regard to who is responsible for the Special Master's compensation.**

In its Order re Motion (D.E. 4206), the Court suggested that objectors had notice of the Appointment Order at the time they filed their objections. Assuming *arguendo* that absent class member objectors are chargeable with notice of every entry in a 4,100 entry docket spanning nearly eight years of litigation, the Appointment Order itself failed to provide adequate notice that objectors might be required to compensate the Special Master.

Rule 53 provides that the Special Master "must be paid either (A) by a party or parties, or (B) from a fund or subject matter of the action within the court's control." Fed. R. Civ. P. 53(g). Of course, unnamed class members generally are not considered "parties" to a class action. *See, e.g.*, Fed. R. Civ. P. 4(a). For example, "unnamed class members are not 'parties' within the meaning of"

28 U.S.C. § 636(c)(1), and "their consent is not required for a magistrate judge to exercise jurisdiction over a case." *Dewey v. Volkswagen Aktiengesellschaft*, 681 F. 3d 170, 181 (3d Cir. 2012). Similarly, unnamed class members don't fall within the plain terms of Rules 30, 33, 34, or 45, and therefore are generally neither subject to discovery nor entitled to engage in discovery as of right. *E.g.*, *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995) ("Discovery of absent class members . . . is rarely permitted due to the facts that absent class members are not 'parties' to the action . . . ."); William B. Rubenstein, 4 Newberg on Class Actions § 13:28 (5th ed. 2014) ("intervention confers more formal party status" thus "intervenors may have more breadth in, for example, taking discovery").

To be sure, "[un]named class members . . . . may be parties for some purposes and not for others." *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002). Indeed, the Supreme Court held that an objector should be "considered" a party for the limited purpose "of appealing the approval of the settlement." *Id.* at 7, 14; *cf. In re Lupron Mktg. & Sales Prac. Litig.*, 677 F.3d 21, 29 (1st Cir. 2012 (characterizing *Devlin* as an "exception" to the rule that "a nonparty who abjures intervention" cannot appeal). But IPP Counsel **do not identify a single case** in which objectors have been required to compensate a special master, such that they were implicitly considered "parties" for purposes of Rule 53. The best that can be said for the Appointment Order is that construing the term "parties" to include "objectors" would be novel and ambiguous. Such facially ambiguous language cannot constitute adequate notice. That the Appointment Order was never communicated to the class only reinforces that conclusion.[1]

    **3.** **Assuming objectors are "parties" within the meaning of Rule 53, the appointment violated Rule 53 because objectors were not provided notice and opportunity to be heard prior to the Court's appointment of the Special Master.**

---

[1] The small number of cases on this issue make clear that imposing the cost of a special master on a non-party is an extraordinary occurrence: they involve either agreement by the nonparty or imposition of the compensation as a sanction. *E.g.*, *In re Intel Corp. Microprocessor Antitrust Litig.*, 526 F. Supp. 2d 606, 607 (D. Del. 2008) (imposing sanction equal to one-half the special master's compensation for vexatious litigation by nonparty).

1. "Before appointing a master, the court must give **the parties** notice and opportunity to be
2. heard." Fed. R. Civ. P. 53(b)(1). If absent class member-objectors are to be considered "parties" for
3. purposes of Rule 53(g), they must also be considered "parties" entitled to notice and opportunity to
4. be heard prior to the appointment under Rule 53(b)(1). *Hayden v. United States*, No. 14-cv-1060-AC,
5. 2015 WL 350665, at *4 (D. Or. Jan. 26, 2015) ("[I]t is inconsistent and unsupportable under the
6. Rules to apply different standards to identical terms used in the same Rule."); *see also, e.g.*, *Estate of
7. Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 479 (1992) (noting "the basic canon of statutory
8. construction that identical terms within an Act bear the same meaning"). It would stretch Rule
9. 53(b) to the breaking point to permit IPP Counsel seek appointment of a special master expressly
10. for the purpose of dealing with objectors, *see* IPP Mot. (D.E. 4032) at 1, rush the appointment
11. through the Court before those same objectors received—or were chargeable with—notice of the
12. issue, then impose on the objectors part of the compensation for the Special Master that IPP
13. Counsel alone sought.

### B.  Imposing the Special Master's compensation on objectors is not consistent with due process or equity.

16. IPP Counsel do not dispute that the claims of absent class members against the defendants
17. are a "constitutionally recognized property interest." *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 807
18. (1985). Nor do IPP Counsel dispute that they seized those interests for their own entrepreneurial
19. benefit. And in settling this litigation, IPP Counsel are effectively destroying those property
20. interests, even if class members opt-out. *Churchill Village L.L.C. v. Gen. Elec.*, 361 F.3d 566, 572 (9th
21. Cir. 2004) ("Because each objector's claim is too small to justify individual litigation, a class action is
22. the only feasible means of obtaining relief. By terminating all class actions relating to the dishwasher
23. recall, the settlement will effectively bind the objectors.").
24. IPP Counsel seek fees on an equitable basis. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 479
25. (1980). Contrary to their assertion, Opp. at 2, it is inherently unequitable to allow one party to seize
26. the property of another, then dare the owner to defend his interests by burdening him with costs
27. vastly disproportionate to the value of the seized property. Due process reaches the same result: the

property owner must have a meaningful opportunity to be heard, and that opportunity cannot be unduly burdened.

Because of the conflicts between counsel and the class at the fee stage, the Court must act as a fiduciary for the class. *In re Mercury Interactive Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). "Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests." *Id.*; *see also* Newberg, *supra*, §13.30 ("[A] court's role is to safeguard the class's interest by ensuring that class members, most of whom are operating in good faith, receive the best opportunity possible to . . . respond to the proposed settlement."). Permitting IPP Counsel to impose the vastly disproportionate cost of the Special Master on objectors is not equitable, is not consistent with providing a meaningful opportunity to be heard, and is not consistent with the Court's fiduciary obligation.

### C. Public policy counsels against forcing objectors to compensate a Special Master in connection with objections.

At the settlement and fee setting stage, class actions are replete with conflicts between class counsel and the class, and the adversarial process breaks down. *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 730 (3d Cir. 2001). "[W]hen a judge is being urged by both adversaries to approve the class-action settlement that they've negotiated, he's at a disadvantage in evaluating the fairness of the settlement to the class." *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014). Courts thus rely on class members "who smell a rat" to object. *Id.*

Here, a class member was upset with IPP Counsel's conduct, explaining:

> [A]ll the people who bought cathode ray tubes, whether they be TV, computer monitors or whatever, those people got cheated. Looking at the amount of the settlement request by the attorneys, they are about to get cheated again, and I think that is unfair, so that is what my objection is.

Ex. 2 (D. St. John Dep. 75:17-76:1). He retained counsel who—although they had never before handled an objection—had experience with federal litigation, and he proceeded to file a lengthy, factually detailed objection. *See* J. St. John Dec. at ¶¶ 4-13. Such good faith objectors should be encouraged, rather than threatened with thousands of dollars in fees for speaking up. *See, e.g.*, *Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181, 205 (D.D.C 2013).

## II. CLEAR ERROR REVIEW IS NOT PERMISSIBLE.

Rule 53 expressly provides that "[t]he court **must** decide de novo all objections to findings of fact made or recommended by a master, unless the parties . . . **stipulate** that . . . the findings will be reviewed for clear error . . . ." Fed. R. Civ. P. 53. IPP Counsel concede that "there was never any formal stipulation filed with the Court." Opp. at 6. The inquiry should end there. *E.g. Wm. Keeton Enter. v. A All Am. Strip-O-Rama, Inc.*, 74 F.3d 178, 182 (9th Cir. 1996) (finding is clearly erroneous where respondent concedes it is not supported by the record). That other appointment orders in this or other cases may not have complied with the rule is no reason not to follow it here.

Moreover, even if such a stipulation by IPP Counsel did exist, it could not bind the class. IPP Counsel bizarrely refuse to acknowledge that they have a conflict of interest with the class **as a matter of law** vis-à-vis the Fee Motion. *E.g.*, *In re Mercury Interactive*, 618 F.3d at 994 ("[T]he relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage . . . ."). The cases Mr. St. John referenced are not "vague" on this point: due process does not permit a class counsel with such a conflict of interest to represent the class. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 959 (9th Cir. 2009). The same result is obtained under agency law.[2]

## III. MR. ST. JOHN'S MOTION WAS TIMELY.

Rather than waste the Court's time with apparently straight-forward procedural defects, Mr. St. John's counsel raised the issue with IPP Counsel on October 21, met and conferred, and appeared to achieve a resolution. *See* Letter (D.E. 4203-2); J. St. John Dec. at ¶ 16. IPP Counsel then back-tracked on October 29. Letter (D.E. 4203-3). This motion followed 21 days later. Properly trying to keep these issues off the Court's docket should not render Mr. St. John's motion untimely.

---

[2] IPP Counsel's assertion that "no one objected" at the hearing is nonsensical. As set forth above, the class—including objectors—had no real notice of that hearing. And IPP Counsel were inadequate to represent the class's interest vis-à-vis the Fee Motion as a matter of law. *Cf. Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 176-77 (1974) (holding that adequacy of representation is not a substitute for notice). IPP Counsel did not, in fact, represent the class's interests: no sane litigant would permit his adversary to choose his own judge—as IPP Counsel did here—then substantially insulate that hand-picked judge from further review.
OBJECTOR DOUGLAS W. ST. JOHN'S MOTION TO AMEND THE ORDER APPOINTING SPECIAL MASTER QUINN (D.E. 4077)
Master File No. 3:07-cv-07-5944-JST (MDL No. 1917)
5

| | | |
|---|---|---|
| Dated: December 10, 2015 | By: | /s/ Joseph Scott St. John |

ANDREA VALDEZ (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574
Pasadena, CA 91101
Tel: (626) 817-6547
andrea.valdez.esq@gmail.com

JOSEPH SCOTT ST. JOHN (*pro hac vice*)
514 Mockingbird Drive
Long Beach, MS 39560
Tel: 410-212-3475
jscottstjohnpublic@gmail.com

*Attorneys for Objector Douglas W. St. John*