# EXHIBIT 2

Page 1

```
 1              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
 2                SAN FRANCISCO DIVISION
 3
     IN RE CATHODE RAY TUBE (CRT)
 4   ANTITRUST LITIGATION                          PLAINTIFF
 5   VERSUS       CIVIL ACTION NO: 07-CV-05944-SC; MDL NO.1917
 6   THIS DOCUMENT RELATES TO:
     ALL INDIRECT PURCHASER ACTIONS                DEFENDANT
 7
 8   ------------------------------------------------------
            DEPOSITION OF DOUGLAS W. ST. JOHN
 9   ------------------------------------------------------
10         Taken at 4302 W. Beach Boulevard,
           Wingate Beach Hotel, Gulfport, Mississippi,
11         Monday, November 2, 2015, beginning at 10:02 a.m.
12
     APPEARANCES:
13
     REPRESENTING PLAINTIFF:
14         MARK J. SCHIRMER, ESQUIRE
           Straus & Boies, LLP
15         1355B Lynnfield Road, Suite 245
           Memphis, Tennessee  38119
16         mschirmer@straus-boies.com
17
     REPRESENTING DOUGLAS W. ST. JOHN:
18         JOSEPH SCOTT ST. JOHN, ESQUIRE
           514 Mockingbird Drive
19         Long Beach, Mississippi  39560
           jscottsjohnpublic@gmail.com
20
21   REPORTED BY:
           JENNIFER RAY, CCR, RPR
22         CCR # 1419
23
24
25
```

```
1                  DOUGLAS W. ST. JOHN
2          the witness, having been produced and
3    first duly sworn, testified as follows, to-wit:
4                       EXAMINATION
5    BY MR. SCHIRMER:
6          Q.   Would you, please, state your name for
7    the record, sir.
8          A.   Douglas Wayne St. John.
9          Q.   Do you have a lawyer with you
10   representing you here today?
11         A.   Yes.  Joseph St. John.
12         Q.   Okay.  Do you know of any other
13   counsel who is representing you in connection
14   with your -- with the reason you're here today?
15         A.   No.
16              MR. JOSEPH ST. JOHN:  Counsel, for the
17   record, can you state who you are representing?
18              MR. SCHIRMER:  Sure.  I represent -- I
19   am one of the attorneys who represents a class of
20   indirect-purchaser parties in the in re (CRT)
21   cathode ray tube antitrust litigation.  I'm from
22   the firm Straus and Boies.
23              MR. JOSEPH ST. JOHN:  Okay.  Counsel,
24   for the record, I'm objecting to your
25   qualifications to take the deposition.  Post
```

1          Q.   And you said that your son told you
2     about the litigation?
3          A.   Yes.
4          Q.   And informed --
5               MR. SCHIRMER:  Object to form.
6     BY MR. JOSEPH ST. JOHN:
7          Q.   And informed you that you might be a
8     class member?
9          A.   Yes.
10              MR. SCHIRMER:  Object to form.
11    BY MR. JOSEPH ST. JOHN:
12         Q.   Whose idea was it to object to this
13    litigation?
14         A.   Mine.
15              MR. SCHIRMER:  Object to form.
16    BY MR. JOSEPH ST. JOHN:
17         Q.   Why did you feel the need to object?
18         A.   The original -- when they set up the
19    cartel -- you can say it was a very small amount
20    or whatever, but all the people who bought
21    cathode ray tubes, whether they be TV, computer
22    monitors or whatever, those people got cheated.
23    Looking at the amount of the settlement request
24    by the attorneys, they are about to get cheated
25    again, and I think that is unfair, so that is

1   what my objection is.
2       Q.   And do you recall specifically what
3   you've said that led down this path to filing the
4   objection?
5            MR. SCHIRMER:  Object to form.
6       A.   Is there some -- there should be some
7   way to object to the size of the settlement, and,
8   yes, you can object to it.
9   BY MR. JOSEPH ST. JOHN:
10      Q.   That was the answer?
11      A.   That was -- that was -- how -- how do
12  I object, yes, you can object to the size --
13  since you are in the -- since you're one of the
14  people that got cheated, you can object to the
15  settlement.
16      Q.   Mr. St. John, you were asked by
17  opposing counsel if I had ever served as your
18  lawyer before.  Do you recall that question?
19      A.   Yes.
20      Q.   And you said -- forgive me for
21  paraphrasing -- but you thought this was the
22  first time?
23      A.   Okay.  Yes.
24      Q.   Did you ever ask me for legal advice
25  in connection with the land for which you were a

1   trustee in Alabama?
2       A.  Yes.
3       Q.  And did I provide legal advice to you?
4       A.  Yes.
5       Q.  Have you ever asked me for legal
6   advice in connection with a trust or estate
7   matter?
8       A.  Yes.
9       Q.  Did I provide legal advice to you?
10      A.  Yes.
11      Q.  You testified that you have hired and
12  paid an attorney in connection with some real
13  estate matters?
14      A.  Yes.
15      Q.  And did you view that attorney's work
16  as yielding you a great result?  Let me be more
17  specific.
18          Correct me if I'm wrong.  You retained
19  an attorney in connection with an oil or gas
20  company wanting an easement onto your land?
21      A.  Yes.  Yes.  And I received
22  satisfactory results from that.
23      Q.  Did you view that as a good or great
24  result?
25          MR. SCHIRMER:  Objection to form and