Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>CERTAIN DIRECT ACTION PLAINTIFFS' ACTIONS | **TOSHIBA'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION** |

## I. ARGUMENT

Special Master Walker was appointed pursuant to Rule 53 of the Federal Rules of Civil Procedure, which in pertinent part provides that the Court "must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that: (A) the findings will be reviewed for clear error . . . ." Fed. R. Civ. P. 53(f)(3). By its motion for reconsideration, Toshiba demonstrated that the parties never stipulated to a "clear error" review of Special Master Walker's findings of fact. This lack of a stipulation is not contested (or even addressed) by the DAPs. The DAPs' failure to identify the necessary stipulation confirms that the motion for reconsideration should be granted.

Rather than address the decisive issue underlying the motion for reconsideration (that is, whether there exists a stipulation acquiescing to a "clear error" standard of review), the DAPs devote the entirety of their response to ancillary arguments, none of which is persuasive. Much of their opposition ignores the merits of Toshiba's motion for reconsideration and instead challenges whether the motion for reconsideration satisfies the standards set forth in Civ. L.R. 7-9(b) applicable to motions for leave to file, not motions for reconsideration. The DAPs did not oppose Toshiba's motion for leave, and their focus on the Rule 7-9(b) factors at this point is irrelevant because the Court has already granted Toshiba's motion for leave. ECF No. 4205.

In their belated attempt to litigate the motion-for-leave factors, the DAPs incorrectly try to cabin the Court's authority to grant Toshiba's motion to only those grounds set forth in Civil Local Rule 7-9(b). Opp. at 1. However, as noted in Toshiba's motion for leave (at page 2), the Court may rely upon its inherent authority, Rule 60(b), as well as Local Rule 7-9 when reconsidering its interlocutory orders.

Contrary to the DAP's assertion otherwise (Opp. at 1), the question of the standard of review applicable to Special Master Walker's findings of fact is unquestionably precedential in nature. Because of the recent reassignment of this case, this Court has not had an opportunity to opine on the standard-of-review issue. The law of the case doctrine does not

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

apply when a case is reassigned. *See Castner v. First National Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960) ("The second judge must conscientiously carry out his judicial function in a case over which he is presiding. He is not doing this if he permits what he believes to be a prior erroneous ruling to control the case."); *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) (describing *Castner* as the "leading Ninth Circuit case on the preclusive effect of an interlocutory holding by another court in the same case . . ."). Thus, this Court can and should apply the correct standard of review to Special Master Walker's findings of fact, irrespective of how Judge Conti may have addressed this issue in the past.

Even when the doctrine articulated in *Castner* is put aside, there is still no law of the case that would preclude this Court from using the proper *de novo* standard of review. The DAPs' reliance upon Judge Conti's review of findings made by Special Master Legge is uninstructive because Special Master Legge and Special Master Walker were appointed with separate orders. *Compare* ECF No. 302 (order appointing Special Master Legge) *with* ECF No. 2272 (order appointing Special Master Walker). The DAPs also rely upon two decisions in which Judge Conti reviewed reports issued by Special Master Walker, but those decisions also do not help the DAPs' position. The first decision (ECF No. 2714) involved objections filed by Best Buy that merely raised (in Best Buy's own words) legal issues requiring *de novo* review. *See* ECF No. 2689, at 1 ("Best Buy's Objection raises important legal issues in antitrust law with substantial ramifications in this case, including issues ripe for *de novo* review by this Court."). Because Best Buy's objection was limited to legal issues, Toshiba (which filed a joint opposition along with other co-defendants, ECF No. 2685) had no occasion to address the appropriate standard for review for Special Master Walker's factual findings. The second decision (ECF No. 2945) involved objections filed by Thomson. Because that dispute was limited to Thomson, Toshiba filed no brief. In any event, the Thomson objection (like the Best Buy objection) only challenged legal rulings made by Special Master Walker, not his factual findings. Consequently, neither of the decisions rendered by Judge Conti actually applied a "clear error" standard of review because all of the

1  disputed issues were legal issues subject to *de novo* review. *See* ECF No. 2714, at 5 (order
2  denying Best Buy's objections) ("While Best Buy's objection dices the issues differently,
3  their objection challenges the Special Master's answers to two key questions. . . . The Court
4  reviews the Special Master's decisions on both questions *de novo*."); ECF No. 2945, at 8
5  (order regarding Thomson discovery) ("The Court reviews each issue *de novo*."). In effect,
6  the DAPs argue that an improper standard of review should be enshrined in this case because
7  Toshiba did not object to orders that (1) did not actually apply the "clear error" standard; and
8  (2) pertained only to objections that were filed by parties other than Toshiba. The Court
9  should reject this creative but ill-founded waiver argument.

10  When Toshiba has been presented with an opportunity to argue the standard of review
11  that should apply to Special Master Walker's factual findings, it has done so. *See* ECF No.
12  3185, at 1 ("The order appointing [Special Master Walker] makes no reference to a 'clear
13  error' standard of review. Nor did the parties ever stipulate to such a review when they
14  agreed to Special Master Walker's appointment.") (citations omitted). The DAPs neglect to
15  mention Toshiba's 2014 objection in their opposition even though Toshiba's argument then is
16  identical to its argument now and the Court recently acknowledged that Toshiba's 2014
17  challenge to the "clear error" standard of review is a pending issue in this case. *See* Transcript
18  of November 23, 2015 Hearing at 4 ("Probably I won't reach the question that Toshiba raised
19  in these objections, but that it's also pending in a motion before the court and that is what the
20  appropriate standard of review is."). And Toshiba is not alone when it argues that a
21  stipulation is required for a special master's factual findings to be reviewed for "clear error."
22  In joining a motion to amend the order appointing Martin Quinn as Special Master, certain
23  IPP attorneys argued that the Court must review all findings of fact made by a special master
24  *de novo*, unless the parties stipulate to a "clear error" standard. ECF No. 4221, at 3-4. In
25  support of their position, those IPP attorneys argued (as Toshiba does here) that "there was
26  never any stipulation to change the standard of review." *Id.* at 4. The fact that Toshiba's
27  position is advocated in this case by certain IPP attorneys provides additional support for the
28  motion for reconsideration.

The requirement that the parties consent to have a special master's factual findings reviewed under anything but a *de novo* standard is not just a technical matter. In 2003, Rule 53 was overhauled to include pretrial and posttrial masters under the rule. *See* Fed. R. Civ. P. 53 advisory committee's notes ("From the beginning in 1938, Rule 53 focused primarily on special masters who perform trial functions. Since then, however, courts have gained experience with masters appointed to perform a variety of pretrial and posttrial functions. This revised Rule 53 recognizes that in appropriate circumstances masters may properly be appointed to perform these functions and regulates such appointments.") (citation omitted). Rule 53 was also amended to change the standard of review for a master's findings of fact. *Id.* Among the concerns expressed during the advisory committee's deliberations was that "Article III courts should not — and perhaps may not — surrender factfinding responsibilities to a non-Article III court adjunct." Minutes of Civ. Rules Adv. Cmte., May 6-7, 2002, at 9 (attached as Ex. A to the Declaration of Samuel J. Sharp dated December 11, 2015). The Civil Rules Advisory Committee considered several versions of Rule 53(f)(3) (then Rule 53(g)(3)), but it settled on the current version, *i.e.*, requiring *de novo* review unless the parties stipulate otherwise and the court consents to depart from that standard of review, because it "would reduce the Article III concerns." *Id.* Because of the Article III implications of any departure from this Court's *de novo* review of factual findings made by a non-Article III appointee, the parties' unambiguous consent embodied in a stipulation is a critical component under Rule 53. Because such a stipulation is absent here, this Court must grant the motion for reconsideration.

Finally, the DAPs seek to discount the importance of the Court's previous decision to employ a "clear error" standard of review. This Court decided that Toshiba's objections "are all to the facts as Judge Walker found them." November 6 Order, at 3. It denied Toshiba's objections on the basis that Toshiba had not "met its burden of demonstrating that Special Master Walker's factual findings were clearly erroneous." *Id.* Because this burden does not apply under *de novo* review, the Court should take a fresh look at Special Master Walker's factual findings to determine, for example, whether the Plaintiffs' motion to compel sought

White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005

1  responses to their original discovery requests or, rather, an order directing Toshiba to respond
2  to a narrower set of stipulated, reciprocal requests for admission.  Special Master Walker
3  determined that the motion involved the original discovery requests and he fashioned relief
4  accordingly.  If the Court reaches a different determination under *de novo* review as to the
5  nature of the Plaintiffs' motion and Toshiba's compliance with the parties' stipulation, then
6  obviously a different form of relief, if any, is called for.

## II.   CONCLUSION

For these reasons and the reasons set forth in the motion for reconsideration, the Court should reconsider its November 6 Order and hold that the factual findings of Special Master Walker are subject to a *de novo* standard of review.  Applying that standard, the Court should sustain Toshiba's objections.

Respectfully submitted,

Dated:  December 11, 2015         **WHITE & CASE** LLP

By*:  /s/ Lucius B. Lau*
Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
701 Thirteenth Street, N.W.
Washington, DC  20005
tel.: (202) 626-3600
fax: (202) 639-9355

*Counsel to Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic Components, Inc.*

**CERTIFICATE OF SERVICE**

On December 11, 2015, I caused a copy of "TOSHIBA'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:    */s/ Lucius B. Lau*
      Lucius B. Lau (*pro hac vice*)

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005