Christopher M. Curran (*pro hac vice*)
ccurran@whitecase.com
Lucius B. Lau (*pro hac vice*)
alau@whitecase.com
Dana E. Foster (*pro hac vice*)
defoster@whitecase.com
White & Case LLP
701 Thirteenth Street, N.W.
Washington, DC  20005
Telephone:  (202) 626-3600
Facsimile:  (202) 639-9355

*Counsel to Defendants Toshiba Corporation,*
*Toshiba America, Inc., Toshiba America*
*Information Systems, Inc., Toshiba America*
*Consumer Products, L.L.C., and*
*Toshiba America Electronic Components, Inc.*

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Case No. 07-5944 JST<br>MDL No. 1917 |
| This Document Relates to:<br><br>CERTAIN DIRECT ACTION PLAINTIFFS' ACTIONS | **DECLARATION OF MATTHEW FRUTIG IN SUPPORT OF THE TOSHIBA DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED OCTOBER 21, 2015** |

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

1   I, Matthew Frutig, hereby declare as follows:

2       1.      I am an attorney with the law firm of White & Case LLP, counsel for

3   Defendants Toshiba Corporation, Toshiba America, Inc., Toshiba America Information

4   Systems, Inc., Toshiba America Consumer Products, L.L.C., and Toshiba America Electronic

5   Components, Inc. (the "Toshiba Defendants").

6       2.      I submit this declaration in support of the Toshiba Defendants' Notice of

7   Supplemental Authority in Support of Toshiba's Objections to Special Master's

8   Recommended Order Dated October 21, 2015, filed contemporaneously herewith.  Except for

9   those matters stated on information and belief, which I believe to be true, I have personal

10  knowledge of the facts stated herein, and I could and would competently testify thereto if

11  called as a witness.

12      3.      Attached hereto as **Exhibit 1** is a true and correct copy of the amendments to

13  the Federal Rules of Civil Procedure, including the amendments to Rule 26, that came into

14  effect on December 1, 2015.  This document was accessed via the United States' Supreme

15  Court's website (http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf

16  (last visited Dec. 11, 2015)).

17      I declare under penalty of perjury under the laws of the United States of America that

18  the foregoing is true and correct.

19

20      Executed this 11th day of December, 2015, in Washington, DC.

21

22

23                                              _____

24                                                          Matthew Frutig

25

26

27

28

DECLARATION OF MATTHEW FRUTIG IN SUPPORT OF THE TOSHIBA DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S
RECOMMENDED ORDER DATED OCTOBER 21, 2015
Case No. 07-5944 JST, MDL No. 1917

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005

**CERTIFICATE OF SERVICE**

On December 11, 2015, I caused a copy of "DECLARATION OF MATTHEW FRUTIG IN SUPPORT OF THE TOSHIBA DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF TOSHIBA'S OBJECTIONS TO SPECIAL MASTER'S RECOMMENDED ORDER DATED OCTOBER 21, 2015" to be electronically filed via the Court's Electronic Case Filing System, which constitutes service in this action pursuant to the Court's order of September 29, 2008.

By:     /s/ Lucius B. Lau
             Lucius B. Lau

# EXHIBIT 1

April 29, 2015


Honorable John A. Boehner
Speaker of the House of Representatives
Washington, D.C. 20515

Dear Mr. Speaker:

 I have the honor to submit to the Congress the amendments to the Federal Rules of Civil Procedure that have been adopted by the Supreme Court of the United States pursuant to Section 2072 of Title 28, United States Code.

 Accompanying these rules are excerpts from the Reports of the Committee on Rules of Practice and Procedure to the Judicial Conference of the United States containing the Committee Notes submitted to the Court for its consideration pursuant to Section 331 of Title 28, United States Code.

Sincerely,

/s/ John G. Roberts

April 29, 2015

Honorable Joseph R. Biden, Jr.
President, United States Senate
Washington, D.C.  20510

Dear Mr. President:

  I have the honor to submit to the Congress the amendments to the Federal Rules of Civil Procedure that have been adopted by the Supreme Court of the United States pursuant to Section 2072 of Title 28, United States Code.

  Accompanying these rules are excerpts from the Reports of the Committee on Rules of Practice and Procedure to the Judicial Conference of the United States containing the Committee Notes submitted to the Court for its consideration pursuant to Section 331 of Title 28, United States Code.

       Sincerely,

       /s/ John G. Roberts

April 29, 2015

SUPREME COURT OF THE UNITED STATES

ORDERED:

1.  That the Federal Rules of Civil Procedure be, and they hereby are, amended by including therein amendments to Civil Rules 1, 4, 16, 26, 30, 31, 33, 34, 37, 55, and 84, and the Appendix of Forms.

[See infra., pp. __ __ __.]

2.  That the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.

3.  That THE CHIEF JUSTICE be, and hereby is, authorized to transmit to the Congress the foregoing amendments to the Federal Rules of Civil Procedure in accordance with the provisions of Section 2072 of Title 28, United States Code.

## PROPOSED AMENDMENTS TO THE
## FEDERAL RULES OF CIVIL PROCEDURE

**Rule 1.   Scope and Purpose**

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.   They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

2        FEDERAL RULES OF CIVIL PROCEDURE

**Rule 4.  Summons**

\* \* \* \* \*

**(d)  Waiving Service.**

> **(1)  *Requesting a Waiver.*** An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.  The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.  The notice and request must:

\* \* \* \* \*

> **(C)**  be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

FEDERAL RULES OF CIVIL PROCEDURE        3

**(D)** inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

* * * * *

**(m)  Time Limit for Service.**  If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

4       FEDERAL RULES OF CIVIL PROCEDURE

\* \* \* \* \*

**Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons.**

(Caption)

To (*name the defendant or — if the defendant is a corporation, partnership, or association — name an officer or agent authorized to receive service*):

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above.  A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within (*give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States*) from the date shown below, which is the date this notice was sent.  Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy.  You may keep the other copy.

FEDERAL RULES OF CIVIL PROCEDURE        5

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

6          FEDERAL RULES OF CIVIL PROCEDURE

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)


**Rule 4 Waiver of the Service of Summons.**

(Caption)

To (*name the plaintiff's attorney or the unrepresented plaintiff*):

 I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

 I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

 I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

 I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this

FEDERAL RULES OF CIVIL PROCEDURE          7

request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

(Attach the following)

8          FEDERAL RULES OF CIVIL PROCEDURE

## Duty to Avoid Unnecessary Expenses
## of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

FEDERAL RULES OF CIVIL PROCEDURE        9

**Rule 16.    Pretrial Conferences; Scheduling; Management**

\* \* \* \* \*

**(b)   Scheduling.**

  **(1)   *Scheduling Order.*   Except in categories of actions exempted by local rule, the district judge — or a magistrate judge when authorized by local rule — must issue a scheduling order:

    **(A)** after receiving the parties' report under Rule 26(f); or

    **(B)** after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

  **(2)   *Time to Issue.*   The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days

10          FEDERAL RULES OF CIVIL PROCEDURE

after any defendant has been served with the complaint or 60 days after any defendant has appeared.

**(3)** ***Contents of the Order.***

\* \* \* \* \*

**(B)** *Permitted Contents.*  The scheduling order may:

\* \* \* \* \*

**(iii)** provide for disclosure, discovery, or preservation of electronically stored information;

**(iv)** include any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after information is produced,

FEDERAL RULES OF CIVIL PROCEDURE      11

including agreements reached under Federal Rule of Evidence 502;

**(v)** direct that before moving for an order relating to discovery, the movant must request a conference with the court;

**(vi)** set dates for pretrial conferences and for trial; and

**(vii)** include other appropriate matters.

* * * * *

12          FEDERAL RULES OF CIVIL PROCEDURE

**Rule 26.  Duty    to    Disclose;    General    Provisions Governing Discovery**

\* \* \* \* \*

**(b)  Discovery Scope and Limits.**

  **(1)  *Scope in General.***  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FEDERAL RULES OF CIVIL PROCEDURE        13

Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** ***Limitations on Frequency and Extent.***

\* \* \* \* \*

**(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

\* \* \* \* \*

**(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

\* \* \* \* \*

**(c)** **Protective Orders.**

**(1)** ***In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending —

14          FEDERAL RULES OF CIVIL PROCEDURE

or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.   The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.   The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

* * * * *

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

* * * * *

FEDERAL RULES OF CIVIL PROCEDURE        15

**(d)   Timing and Sequence of Discovery.**

* * * * *

**(2)   *Early Rule 34 Requests.***

**(A)** *Time to Deliver.*   More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

**(i)**   to that party by any other party, and

**(ii)**   by that party to any plaintiff or to any other party that has been served.

**(B)** *When Considered Served.*   The request is considered to have been served at the first Rule 26(f) conference.

**(3)   *Sequence.***   Unless the parties stipulate or the court orders otherwise for the parties' and

16        FEDERAL RULES OF CIVIL PROCEDURE

witnesses' convenience and in the interests of justice:

**(A)** methods of discovery may be used in any sequence; and

**(B)** discovery by one party does not require any other party to delay its discovery.

\* \* \* \* \*

**(f)** **Conference of the Parties; Planning for Discovery.**

\* \* \* \* \*

**(3)** *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

\* \* \* \* \*

**(C)** any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

FEDERAL RULES OF CIVIL PROCEDURE        17

**(D)** any issues about claims of privilege or of
protection as trial-preparation materials,
including — if the parties agree on a
procedure to assert these claims after
production — whether to ask the court to
include their agreement in an order under
Federal Rule of Evidence 502;

* * * * *

18        FEDERAL RULES OF CIVIL PROCEDURE

**Rule 30.   Depositions by Oral Examination**

**(a)   When a Deposition May Be Taken.**

* * * * *

**(2)**   *With Leave.*   A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

* * * * *

**(d)   Duration; Sanction; Motion to Terminate or Limit.**

**(1)**   *Duration.*   Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours.   The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

* * * * *

FEDERAL RULES OF CIVIL PROCEDURE        19

**Rule 31.   Depositions by Written Questions**

**(a)   When a Deposition May Be Taken.**

\* \* \* \* \*

    **(2)**   ***With Leave.***   A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

\* \* \* \* \*

20          FEDERAL RULES OF CIVIL PROCEDURE

**Rule 33.   Interrogatories to Parties**

**(a)   In General.**

    **(1)   *Number.***  Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).

* * * * *

**Rule 34.   Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes**

\* \* \* \* \*

**(b)   Procedure.**

\* \* \* \* \*

 **(2)   *Responses and Objections.***

  **(A)**   *Time to Respond.*   The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference.   A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

  **(B)**   *Responding to Each Item.*   For each item or category, the response must either state that

22          FEDERAL RULES OF CIVIL PROCEDURE

> inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> **(C)** *Objections*.   An objection must state whether any responsive materials are being withheld on the basis of that objection. An

FEDERAL RULES OF CIVIL PROCEDURE        23

objection to part of a request must specify

the part and permit inspection of the rest.

* * * * *

24          FEDERAL RULES OF CIVIL PROCEDURE

**Rule 37.  Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**

**(a)  Motion for an Order Compelling Disclosure or Discovery.**

\* \* \* \* \*

**(3)  *Specific Motions.***

\* \* \* \* \*

**(B)  *To Compel a Discovery Response.***  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:

\* \* \* \* \*

**(iv)**  a party fails to produce documents or fails to respond that inspection will be permitted — or fails to permit

FEDERAL RULES OF CIVIL PROCEDURE          25

inspection — as requested under Rule 34.

* * * * *

**(e)** **Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

**(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or

**(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:

26        FEDERAL RULES OF CIVIL PROCEDURE

**(A)** presume that the lost information was unfavorable to the party;

**(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or

**(C)** dismiss the action or enter a default judgment.

\* \* \* \* \*

FEDERAL RULES OF CIVIL PROCEDURE        27

**Rule 55.   Default; Default Judgment**

\* \* \* \* \*

**(c)   Setting Aside a Default or a Default Judgment.**
The court may set aside an entry of default for good

cause, and it may set aside a final default judgment

under Rule 60(b).

\* \* \* \* \*

28          FEDERAL RULES OF CIVIL PROCEDURE

**Rule 84.   Forms**

**[Abrogated (Apr. __, 2015, eff. Dec. 1, 2015).]**

FEDERAL RULES OF CIVIL PROCEDURE        29

# APPENDIX OF FORMS

**[Abrogated (Apr. __, 2015, eff. Dec. 1, 2015).]**