Josef D. Cooper (53015)
Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: jdc@coopkirk.com
       trk@coopkirk.com
       jdb@coopkirk.com

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
Email: fos@scarpullalaw.com
       pbc@scarpullalaw.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944-JST <br><br> MDL No. 1917 |
| This Document Relates to: <br><br> All Indirect Purchaser Actions | **NOTICE OF MOTION AND MOTION RE: APPOINTMENT OF CO-LEAD CLASS COUNSEL FOR INDIRECT-PURCHASER PLAINTIFFS WITH CLAIMS IN NON-REPEALER STATES** <br><br> Hearing Date: January 21, 2016 <br> Time: 2:00 p.m. <br> Judge: Honorable Jon S. Tigar <br> Courtroom: 9, 19th Floor |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on January 21, 2016, at 2:00 p.m. or as soon thereafter as the matter can be heard before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, located at 455 Golden Gate Avenue, San Francisco, California, 94102, the undersigned Counsel for the Indirect-Purchaser Plaintiffs will, and hereby do, move the Court pursuant to Rule 23(g) of the Federal Rules of Civil Procedure for an order appointing them as Co-Lead Counsel for the currently unrepresented members of the putative Indirect Purchaser Nationwide Class.

This motion is based on this Notice, the accompanying Declarations of Josef D. Cooper and Francis O. Scarpulla, the accompanying Memorandum of Points and Authorities, any arguments and evidence that may be presented at any hearing before the Court on this motion, all transcripts of prior proceedings before this Court and on all other pleadings and papers on file in this action.

//
//
//
//
//
//
//
//
//
//
//
//
//

## MEMORANDUM OF POINTS AND AUTHORITIES

The proposed settlements in this action contemplate certification of a Nationwide Settlement Class. The sole purpose of this class is to provide defendants with a release of any and all claims – at law or equity, monetary or injunctive – possessed by consumers nationwide, with no benefit whatsoever conferred on certain class members.[1] Lead Counsel repeatedly justifies his decision to deny any distribution of the proposed monetary recovery (injunctive relief was neither obtained nor contemplated) to those nationwide class members who are not members of one or more of the proposed "22 Indirect Purchaser State [Damages] Classes"[2] on the erroneous grounds that the claims of indirect purchasers in the other states have no settlement value:

> [T]he CRT market is dying and almost all manufacturers, including all of the alleged conspirators, have left the market, making it very unlikely that the alleged conduct could recur in the future. A stipulated injunction with Defendants would therefore not be meaningful. And because *the injunctive relief claims are not viable*, releasing these claims without financial compensation as part of a global release is fair, reasonable and adequate.
>
> The release of potential damage claims of purchasers outside the 22 Indirect Purchaser State Classes is also fair, reasonable and adequate. *The damages claims for these states are not viable* and are completely speculative. (Emphasis added.)

*See* Lead Counsel's Memo, at 2.

Again, at page 3, Lead Counsel asserts: "*the release of valueless claims* satisfies Defendants' desire to forstall the defense of nuisance claims in the future. At the same time, the release does not prejudice class members who *give up nothing of value*." (Emphasis added.) Likewise, Lead Counsel's Memo at page 23, defends his concession that "the Plan of Distribution does not contemplate compensation to Nationwide Class Members who are not members of one of

---

[1] *See* Indirect Purchaser Plaintiffs' Motion for Final Approval of Settlements with the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, and Technologies Displays Americas Defendants ("Lead Counsel's Memo"), lodged with JAMS on November 20, 2015, at 2-3.

A true and correct copy of Lead Counsel's Memo is attached as Exhibit 1 to the Declaration of Josef D. Cooper in Support of Motion Re: Appointment of Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs with Claims in Non-Repealer States ("Cooper Declaration").

[2] The "22 Indirect Purchaser State Classes" actually consist of 21 States plus the District of Columbia.

the [22] IP State Classes," by asserting that "the equitable and damages claims being released by these purchasers *have no value*." (Emphasis added.)[3]

As if that isn't enough, Lead Counsel affirmatively asserts that *he did not advance the interests* of those Nationwide Class members to whom he intends to give nothing in connection with the proposed settlements. Rather, he states: "Lead Counsel was appointed to represent the interests of purchasers in the 22 indirect purchaser state classes. *He has no duty to represent purchasers in other states*." Lead Counsel's Memo at 43, n.71 (emphasis added). But, if Lead Counsel has no duty to represent them, then he has no business sacrificing their claims to achieve a settlement favorable to the 22 indirect purchaser state damage classes.

Lead Counsel having abandoned consumers in more than half of the country, the undersigned believe that someone needs to be appointed to protect and advance their interests. The undersigned have objected, *inter alia*, to the provisions of the proposed settlements releasing certain class members' claims without compensation, and strongly believe that the abandoned members of the proposed Nationwide Class do, in fact, have significant claims that should be

---

[3] *See also*, Lead Counsel's Memo at 31 ("these claims are not viable and are completely speculative."); at 32 ("The fact that no financial compensation will be awarded to class members for the release of their injunctive relief claims us entirely fair, reasonable and adequate, because those claims are not viable."); at 33 ("Here, proving the injunction claims *is* likely impossible. So even though the injunction claims of 29 states are being released, this group is losing nothing." (emphasis in original)); at 34 ("these potential damage claims are not viable and are therefore worthless as well." ); at fn. 49 ("the claims of these Nationwide Class members have no value."); and, finally, at 42 ("Again, these purchasers are not releasing anything of value").

Lead Counsel also asserts that the proposed release of these claims is reasonable because "this Court has already finally approved an identical release in conjunction with IPP's settlement with LG Electronics, Inc. ("LG") (Dkt. No. 3542.) However, none of the motion papers and Court Orders regarding the LG settlement contained any indication that some members of the Nationwide Class would be allocated no compensation for the release of their claims. The preliminary approval motion (Dkt. No. 1933) and Order (Dkt. No. 2248) propose and provide that allocation and distribution issues be deferred until there are additional settlements in the litigation. The form of notice likewise told class members that there would not be a distribution until after other settlements were achieved. (Dkt. No. 1933, Exhibit 2). Both the final approval motion (Dkt. No. 2510) and the final approval Order (Dkt. No. 2542) are silent on the subject of the allocation and distribution of the LG settlement. Accordingly, the finality of the release in the LG settlement is an additional reason the proposed Plan of Distribution cannot be approved since it would retroactively strip millions of members of the Nationwide Class certified in connection with that settlement of benefits they were led to believe were being obtained.

advanced.[4]   Accordingly, we hereby move this Honorable Court to be appointed Co-Lead Counsel to represent the currently unrepresented members of the proposed Nationwide Class who are not also members of one of the 22 State Damages Classes.[5]  Fed. R. Civ. P. 23(g).

Both of the undersigned, Mr. Cooper and Mr. Scarpulla, are currently counsel of record on the operative Indirect Purchaser complaint.  *See* Dkt. 1526.  Former Special Master Hon. Vaughn Walker (U.S.D.J. Ret.) previously recommended to Judge Conti that the undersigned be appointed as Co-Lead Counsel here to facilitate the settlement or trial of these actions.  *See* Dkt. 3200 (attached hereto as Exhibit 3 to the Cooper Declaration).  The mandatory requirements of Rule 23(g), Fed. R. Civ. P., are well-satisfied by Mr. Cooper and Mr. Scarpulla.  As demonstrated by the undersigned's briefing recently lodged with the Special Master (Cooper Decl., Exhibit 2), Mr. Cooper and Mr. Scarpulla have undertaken a detailed analysis of the proposed settlement terms, and have identified several bases upon which class members who are not included in the State Damages Classes may assert claims for monetary relief.  *Accord* Fed. R. Civ. P. 23(g)(1)(A)(i) (requiring the court appointing class counsel to consider the work done by counsel in identifying claims).

---

[4]  *See* Reply in Support of Objections to Indirect Purchaser Plaintiffs' Motion for Final Approval of Settlements with Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, and Technologies Displays Americas Defendants, lodged December 9, 2015 with JAMS (attached hereto as Exhibit 2 to the Cooper Declaration), at pp. 6-24.

[5]  The unrepresented members of the proposed Nationwide Class are persons or entities who or which purchased CRT Products in Alabama, Alaska, Arkansas, Colorado, Connecticut, Delaware, Georgia, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, Massachusetts, Missouri, Montana, New Hampshire, New Jersey, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Texas, Utah, Virginia, Washington, and/or Wyoming.

The undersigned are aware that claims pursuant to the state laws of Illinois, Oregon and Washington, have been specifically excluded from the Damages Classes in this and in prior settlements based upon rulings by the Court (*see, e.g.* Dkt. 970 "Report and Recommendations Regarding Proposed Settlement with Chunghwa") or subsequent agreements between Lead Counsel and the Attorneys General of the States of Illinois, Oregon and Washington.  *See, e.g.,* Dkt. 1988 (Indirect Purchaser Plaintiffs, LG Defendants, Illinois, Oregon and Washington's Motion to Amend IPPS' Motion for Preliminary Approval of Settlement); Dkt. 2007 (Letter from Mario Alioto to the Hon. Samuel Conti); Dkt. 2248 (Revised Order Granting Preliminary Approval of LG Settlement).  The undersigned include within the Class they seek to represent those Class members who purchased CRT Products in Illinois, Oregon and Washington because the undersigned do not believe that the laws of the States of Illinois, Oregon and Washington are implicated by this Motion.  The undersigned will reach out to the Attorneys General of those states to elicit whether they hold a different view.

Messers. Cooper and Scarpulla have spent their entire careers specializing in antitrust and class action litigation. Together they have almost 100 years of experience. Mr. Cooper's first job out of law school was as staff attorney for the Coordinating Committee for Multiple Litigation of the United States Courts (the predecessor to the Judicial Panel on Multidistrict Litigation), where his responsibilities included preparing the first draft of the first edition of the Manual on Complex Litigation and drafting the statute that eventually was enacted as 28 U.S.C. § 1407. *See* Cooper Declaration, Ex. 5, at 1. Mr. Scarpulla is widely recognized as the "father" of post-*Illinois Brick* indirect purchaser litigation, having developed the law involving state-court antitrust jurisdiction (*St. Joe Paper Co. v. Superior Court*, 120 Cal. App. 3d 991 (1981)); joinder of parties and fraudulent concealment (*Union Carbide Corp. v. Superior Court*, 36 Cal. 3d 15 (1984)); federal pre-emption policies (*Crown Oil Corp. v. Superior Court*, 177 Cal. App. 3d 604 (1986)); and the propriety of class action certification in such actions (*B.W.I. Custom Kitchen v. Owen-Illinois, Inc.*, 191 Cal. App. 3d 1341 (1987)). *See* Declaration of Francis O. Scarpulla, Ex. A (Curriculum Vitae). Most recently, Messers. Cooper and Scarpulla were appointed Interim Co-Lead Counsel for Indirect Purchasers in *In re Parking Heaters Antitrust Litig.,* Case No. 15-mc-00940-JG-JO (E.D.N.Y.) (Dkt. 49) (Memorandum and Order, dated Aug. 11, 2015, attached hereto as Exhibit 4 to the Cooper Declaration). Class members would benefit from the extensive experience and knowledge of these counsel. *Accord* Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii) (requiring consideration of counsel's experience in handling class actions and counsel's knowledge of the applicable law).

As confirmed by the attached declarations, Mr. Cooper and Mr. Scarpulla are prepared to commit the necessary resources of their respective firms to the representation of those Nationwide Class members who are not also members of a State Damages Class. *See* Cooper Decl. at ¶ 4; Scarpulla Decl. at ¶ 4. *Accord* Fed. R. Civ. P. 23(g)(1)(A)(iv) (requiring consideration of the resources counsel will commit to the class).

///

///

///

1      They should be appointed here to represent those who have been abandoned by the current Lead Counsel.

Dated: December 11, 2015         Respectfully submitted,

                                       /s/ Josef D. Cooper
                                          Josef D. Cooper

Josef D. Cooper (53015)
Tracy R. Kirkham (69912)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
Email: jdc@coopkirk.com


                                       /s/ Francis O. Scarpulla
                                        Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile: 415-788-0706
fos@scarpullalaw.com

     Pursuant to Civil L.R. 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.