UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944 JST |
| This Order Relates To: | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| ALL DIRECT ACTION PLAINTIFFS | |

The Court now considers a Report and Recommendation dated August 6, 2015 from Special Master Vaughn R. Walker, United States Chief District Judge (Ret.), granting Plaintiffs' Motion to Compel Supplemental Discovery from Toshiba and Panasonic. ECF No. 4136 ("R&R"). The Court received an objection from Toshiba asking the Court to reject the R&R

> insofar as it compels Toshiba to serve supplemental responses to (i) Interrogatory Nos. 9, 13-14, and 16 of the . . . First Set of Interrogatories to Defendants ("the Common Interrogatories"), (ii) Request Nos. 62-63 of the IPPs' Fourth Set of Requests for Production of Documents (the "RFPs"), and (iii) Interrogatory Nos. 1-14 of the IPPs' First Set of Interrogatories to Toshiba Defendants (the "Toshiba Interrogatories").

ECF No. 4168 ("Toshiba Obj.") at 1. Panasonic did not file an objection. Defendant Chunghwa filed a joinder to Toshiba's objection. ECF No. 4169 ("Chunghwa Obj.") at 1. Plaintiffs did not file a response. The Court construes Toshiba's objection as a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge. Civil L.R. 72-2.[1] For the reasons specified below, the Court will deny the motion, and adopt the R&R in its entirety.

---

[1] Toshiba's motion is suitable for disposition without a hearing. See id. ("Unless otherwise ordered by the assigned District Judge . . . , no hearing will be held concerning the motion.")

On August 21, 2015, Judge Walker issued a Report and Recommendation that parties in this MDL should be permitted to continue discovery motions that had been initiated by other parties who subsequently settled. ECF No. 4015 at 5. Noting that no objections were filed, the Court approved that R&R on September 11, 2015. ECF No. 4054.

Two of the Direct Action Plaintiffs ("DAPs") -- Sharp and Best Buy -- took up two motions filed by the Indirect Purchaser Plaintiffs ("IPPs") before they settled. The motions seek to compel Toshiba[2] and Panasonic[3] to respond to certain discovery (interrogatories and requests for production of documents). The DAPs requested adjudication of these two motions with respect to a subset of discovery requests that they contended remain highly relevant to their litigation:

- September 12 Motion ("9/12 Motion"): Interrogatories 9, 13-14 and 16 (sales of CRT products into the United States); and

- September 19 Motion ("9/19 Motion"): (1) Toshiba's responses to RFPs 62-63 regarding statements to antitrust authorities; (2) Panasonic's response to RFP 62 regarding statements to antitrust authorities; and (3) Toshiba's responses to interrogatories regarding ownership and control issues relevant to MT Picture Display Co, Ltd ("MTPD").

Toshiba and Panasonic objected to the DAPs' request, asserting grounds of mootness and lack of relevance. Toshiba contended that the Court's October 22, 2014 approval of their stipulation with the IPPs, withdrawing their 9/12 and 9/19 motions (ECF No. 3812 at 7-8), mooted these motions. Judge Walker rejected Toshiba's argument, noting that

> [t]he express terms of the stipulation . . . undermine Toshiba's mootness contention. The stipulation provides: "the Toshiba Defendants and the IPPs do not seek to withdraw any motions to the extent that they pertain to any other plaintiff or any other defendant." ECF No 3812 at 3. The order approving withdrawal thus expressly limits withdrawal of motions to Toshiba and the IPPs, not motions pertaining to any other plaintiff or any other defendant.

---

[2] "Toshiba" includes: Toshiba Corp, Toshiba America, Inc, Toshiba America Information Systems, Inc, Toshiba America Consumer Products, LLC, and Toshiba America Electronic Components, Inc.
[3] "Panasonic" includes: Panasonic Corp, Panasonic Corp of North America and MT Picture Display Co, Ltd ("MTPD").

R&R at 3. In their objection to the R&R, Toshiba argues the parties intended through their stipulation only to avoid withdrawing motions filed against multiple parties and motions jointly-filed with other plaintiffs or defendants. Since the motions at issue were neither jointly filed nor filed against multiple parties, Toshiba claims they are moot.

The Court disagrees. The R&R adopted by the Court on September 11, 2015 states that "two settling parties may stipulate to the mootness of a discovery motion as between themselves, but should not be able to moot the discovery motion with respect to other, non-settling parties in a multi-district litigation requiring coordinated discovery." ECF No. 4015 at 5. Further, Toshiba's argument is inconsistent with the coordinated discovery regime of the MDL, which was in place long before Defendants settled with the IPPs. The Interrogatories and RFP's at issue in the underlying motions to compel are relevant to multiple plaintiffs; the IPPs simply took the lead. As a result, the motions to compel related to those discovery requests are also relevant to multiple plaintiffs. Defendants cannot moot a discovery motion relevant to multiple parties by settling with the party that happened to take the lead on that particular aspect of discovery. Thus, given the context of the MDL's coordinated discovery regime, the Court finds that the 9/12 and 9/19 Motions are not moot.

Next, Toshiba argues that the Common Interrogatories are duplicative, irrelevant and unreasonably burdensome. Toshiba's argument is without merit. Toshiba attacks the relevance of the Common Interrogatories because they seek information regarding sales outside the United States. However, as Judge Walker found, Toshiba's CRT sales outside the United States are relevant to damages and the domestic effects exception to the FTAIA. Further, the Court finds that the Common Interrogatories are not duplicative and incorporates Judge Walker's reasoning on this issue in full as though set forth herein. See R&R at 8-11. Finally, the Court agrees with Judge Walker that the Common Interrogatories are not unreasonably burdensome given that

> (1) the information sought, namely the amount and extent of dollar sales of CRT Products is relevant to damages and liability in this MDL; (2) the discovery would likely serve the needs of this MDL by assisting the parties' preparation for trial and case evaluation; (3) the damages sought are substantial; and (4) the parties' resources are substantial.

R&R at 11.

Next, Toshiba argues the Toshiba Interrogatories violate the 25-interrogatory limit of Federal Rule of Civil Procedure 33(a)(1). However, Plaintiffs have not come close to that limit, given that each named plaintiff is entitled to serve 25 interrogatories. See Zamora v. D'Arrigo Bros Co. of Cal., No. C04-00047 JW (HRL), 2006 WL 931728, at *4 (N.D. Cal. Apr 11, 2006) (class plaintiffs' 29 interrogatories, propounded before class certification, did not exceed Rule 33's 25-interrogatory limit because there were four named plaintiffs entitled to serve a total of 100 interrogatories on defendant); see also Trevino v ACB American Inc., 232 F.R.D. 612, 614 (N.D. Cal 2006) (in a putative class action, where plaintiffs jointly served 32 interrogatories on one defendant and 34 on another defendant, court treated the first 25 interrogatories as served by one plaintiff and the remainder as served by another plaintiff).

Next, Toshiba argues that RFPs 62 and 63 are not relevant and are barred by principles of comity. Chunghwa joins Toshiba's objection. The RFPs are written as follows:

- RFP No. 62: All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any Employees of the following entities: (i) You; and/or (ii) MTPD.

- RFP No. 63: All documents relating to or constituting statements to any Governmental Antitrust Authority relating to CRTs by any employee of any Defendant.

The RFPs are relevant. They seek information reasonably calculated to lead to discovery of admissible evidence, including information about the global price fixing conspiracy at the heart of this case. The fact that the information was submitted to foreign antitrust authorities does not make it irrelevant.

Nor are the RFPs barred by principles of comity. "In disputes such as this one, the Ninth Circuit has made clear, 'The party relying on foreign law has the burden of showing that such law bars production.'" Roberts v. Heim, 130 F.R.D. 430, 436 (N.D. Cal. 1990) (quoting United States v. Vetco, Inc., 691 F.2d 1281, 1289 (9th Cir. 1981)). Toshiba and Chungwa have not met their burden.

First, while both Toshiba and Chungwa cite to orders in other cases holding that foreign

4

governments have an interest in the confidentiality of their investigatory materials, they cite no secrecy law, foreign statute, or other governmental statement pertaining to the discovery sought in this case.  Further, there has been no objection or expression of interest in the underlying motions to compel from any foreign authority.  In the absence of such authority, it is nearly impossible for the Court to prevent discovery given that (as Toshiba itself acknowledges) the "balance of national interests" is "the most important factor."  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1477 (9th Cir. 1992).  In the absence of evidence to the contrary, the balance weighs strongly in favor of the United States' interests in enforcing antitrust laws and promoting reasonable discovery.

Second, while Toshiba claims that "[d]isclosure of the requested material would undoubtedly harm important interests of foreign jurisdictions," Toshiba Obj. at 11, it does not explain how those interests would be harmed.

Finally, Toshiba has not met its burden of showing how other alternative discovery available to plaintiffs is "substantially equivalent" to the requested discovery.  Richmark, 959 F.2d at 1475 (citing Vetco, 691 F.2d at 1290).

Accordingly, Defendants' objections are OVERRULED, and their motion is DENIED.  The Court ADOPTS the R&R from Judge Walker in full.

IT IS SO ORDERED.

Dated:  December 17, 2015

_____
JON S. TIGAR
United States District Judge