Robert J. Bonsignore, Esq.
**BONSIGNORE TRIAL LAWYERS, PLLC**
3771 Meadowcrest Drive
Las Vegas, NV 89121
Phone: 781-856-7650
Email: rbonsignore@classactions.us

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **NOTICE OF WITHDRAWAL OF FEE REQUEST** |

NOW COME class members and indirect purchasers of Cathode Ray Tube, Anthony Gianasca, Gloria Comeaux, Mina Ashkannejhad individually and/or as Administrator of the Estate of the Late R. Deryl Edwards, Jr., Jeffrey Speaect, Rosemary Ciccone and Jeff Craig (the "Excluded Plaintiffs"), through their counsel Bonsignore Trial Lawyers, PLLC ("BTL"), and withdraw the request of their counsel for fees and costs currently pending.[1]  In support, BTL relies upon the following:

1. As previously stated, Lead Counsel Alioto effectively excluded BTL from participating in the instant litigation almost immediately after his appointment as lead counsel.

2. The Excluded Plaintiffs through Counsel have reached out to Lead Counsel Alioto approximately a half dozen times in an effort to cooperatively and efficiently address the fatal flaws to the proposed settlements pending before this Court.  Specifically, Counsel sought to address both the settlement's exclusion of claims and recovery by class members residing in Massachusetts, Missouri, New Hampshire and more generally, all states that allow economic recovery for indirect purchasers who suffered an antitrust related injury, and the improper attorney fees and costs claimed by Lead Counsel and other firms.  In addition to shoddy or nonexistent record keeping,[2] Alioto engaged in an inefficient and ill-motivated practice as Lead Counsel.[3]

3. In a document filed before the Special Master, Lead Counsel Alioto has revealed that his strategy to defeat the valid challenge to Final Approval will be to engage in a personal

---

[1] BTL reserves its right to seek compensation for work carried out in support of the objection of the Excluded Plaintiffs to Final Approval in the event it brings a benefit to the class.

[2] For example, Lead Counsel Alioto claims his alleged (incomplete) keeping of records on handwritten single sheets kept in no particular order were miraculously transformed into calculable and appropriately submitted time summaries.  At this time the Special Master has allowed access to those incomplete records to only two lawyers – Attorneys Scarpulla and Cooper.  BTL and the Excluded Plaintiffs believe this to be both an abuse of discretion and arbitrary and capricious, and have moved or will move the Master to allow them access.

[3] In particular, he shuffled new counsel in and out of this case in an effort to churn billings.  He exacerbated that bad practice by failing to put in place any checks and balances on counsel whom he entered into the case.  For example, rather than call upon any of the highly experienced and skilled lawyers who were already deeply involved and intimately familiar with the litigation and proof, Alioto brought in "trial counsel" at the last minute and they churned out millions of dollars in fees getting familiar with the case.

attack on BTL.  Specifically, Alioto has clearly signaled that to support his bid to permanently bar the Excluded Plaintiffs from any recovery that:

    a.  he will argue that their objection is driven by or tied to BTL's fee request; and

he will insert confusion, ambiguity and complexity into the process by asserting that he did not approve most of BTL's work.

While the cost of litigating the now disputed fees may meet or exceed the amount in dispute, Lead Counsel Alioto's attempt to divert attention from the major issues at hand is "nipped in the bud" by this withdrawal.  True focus can now be placed upon the major issues in dispute that must be addressed, including:

1. Lead Counsel Alioto's unfair and arbitrary exclusion of Class Members including those from Massachusetts, Missouri and New Hampshire;
2. Lead Counsel Alioto's failure to zealously represent his clients and all members of the Class including those from Massachusetts, Missouri and New Hampshire;
3. Lead Counsel Alioto's inexcusable bill churning and failure to keep accurate and contemporanious time records;
4. Lead Counsel Alioto's inexcusable failure to efficiently manage the litigation;
5. Inadequate/Defective Class Notice
6. The other issues raised in the objections; and
7. Lead Counsel Alioto's facilitation, rather than prevention, of bill churning.

Dated:  December 28, 2015

Robert J. Bonsignore

/s/ Robert J. Bonsignore
Robert J. Bonsignore (NH No. 21241)
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Telephone:  (781) 856-7650
rbonsignore@class-actions.us

**CERTIFICATE OF SERVICE**

I, Robert J. Bonsignore, hereby certify that on this 28th day of December 2015, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter. A copy will be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

*/s/ Robert J. Bonsignore*
Robert J. Bonsignore