**Robert J. Bonsignore, Esq.**
**BONSIGNORE TRIAL LAWYERS, PLLC**
**3771 Meadowcrest Drive**
**Las Vegas, NV 89121**
**Phone: 781-856-7650**
**Email: rbonsignore@class-actions.us**

*Counsel for Indirect Purchaser Plaintiffs*

ĪUNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **JOINDER TO REQUEST FOR APPOINTMENT OF CO-LEAD COUNSEL FOR EXCLUDED PLAINTIFFS' AND REQUEST FOR APPOINTMENT** |

NOW COME class members and indirect purchasers of Cathode Ray Tube, Anthony Gianasca, Gloria Comeaux, Mina Ashkannejhad individually and/or as Administrator of the Estate of the Late R. Deryl Edwards, Jr., Jeffrey Speaect, Rosemary Ciccone and Jeff Craig (the "Excluded Plaintiffs"), through their counsel Bonsignore Trial Lawyers, PLLC ("BTL"), and join in the request that this Court appoint Co Lead Counsel for the Excluded Plaintiffs (Dkt. 4241) and request their counsel be appointed Co Lead. In the alternative the Excluded Plaintiffs' support an organizational structure that includes their counsel and advance that such an appointment will insure geographic diversity and that leadership of Plaintiffs' counsels will not be exclusive to San Francisco based lawyers. In support, they rely upon the following:

1. As previously stated, the Excluded Plaintiffs through their counsel have reached out to Lead Counsel Alioto approximately a half dozen times in an effort to cooperatively and efficiently address the fatal flaws to the proposed settlements pending before this Court. Specifically, Counsel sought to address both the settlement's exclusion of claims and recovery by class members residing in Massachusetts, Missouri, New Hampshire and more generally, all states that allow economic recovery for indirect purchasers who suffered an antitrust related injury, and the improper attorney fees and costs claimed by Lead Counsel and other firms. In addition to shoddy or nonexistent record keeping,[1] Alioto engaged in an inefficient and ill-motivated practices as Lead Counsel.[2]

---

[1] For example, Lead Counsel Alioto claims his alleged (incomplete) keeping of records on handwritten single sheets kept in no particular order were miraculously transformed into calculable and appropriately submitted time summaries. At this time the Special Master has allowed access to those incomplete records to only two lawyers – Attorneys Scarpulla and Cooper. BTL and the Excluded Plaintiffs believe this to be both an abuse of discretion and arbitrary and capricious, and have moved or will move the Master to allow them access.

[2] In particular, the Excluded Plaintiffs advance that Alioto strategically shuffled counsel in and out of this case in an effort to churn his billings. Moreover that he exacerbated that bad practice by failing to put in place any checks and balances on new counsel he brought into the case. For example, rather than call upon any of the highly experienced and skilled lawyers who were already deeply involved and intimately familiar with the litigation and proof to try the case, Alioto brought in "trial counsel" at the last minute and they churned out millions of dollars in fees getting familiar with the case.

2. The Excluded Plaintiffs appeared for deposition as requested by Lead Counsel and produced documents. Counsel for the Excluded Plaintiffs have otherwise acted to remove any potential conflict and, gone the extra mile to demonstrate they are exclusively set to serve the best interests of the Excluded Class Members (*See* Dkt. 4270).

3. The Excluded Plaintiffs all reside in states other than California and have no ties to this jurisdiction other than this litigation. The Excluded Plaintiffs exercise their right to insist that their counsel be included in the proposed leadership structure. Their choice, BTL, is otherwise competent to advance their cause and have antitrust as well as 9th Circuit appeals of class action settlement experience. *See,* Exhibit 1- BTL Curriculum Vitae.[3]

Wherefore, the Excluded Plaintiffs' pray this court appoint their choice of BTL as a Co Lead Counsel for the Excluded Class members. In the Alternative they request BTL be appointed Liaison Counsel and that the Lead Counsel position be limited to one law firm.

Dated:  December 28, 2015

Robert J. Bonsignore

/s/ Robert J. Bonsignore
Robert J. Bonsignore (NH No. 21241)
Bonsignore Trial Lawyers, PLLC
3771 Meadowcrest Drive
Las Vegas, NV 89121
Telephone: (781) 856-7650
rbonsignore@class-actions.us

---

[3] Additionally, counsel Bonsignore Trial Lawyers, PLLC, request to be appointed Co-Lead Counsel.  This firm has substantial experience in complex litigation and consumer protection class action cases.  A firm CV is attached as Exhibit 1 and incorporated herein by reference. Bonsignore Trial Lawyers, PLLC represents Excluded Plaintiffs and putative class representatives from diverse geographic areas and two class representatives in the Alioto putative Settlement that is under review for Final Approval.  BTL is able to work with Attorneys Cooper and Scarpulla and all objectors.  Its appointment will insure geographic diversity that reflects and includes that of the Excluded Plaintiffs and beyond the confines of San Francisco.

**CERTIFICATE OF SERVICE**

I, Robert J. Bonsignore, hereby certify that on this 28th day of December 2015, I caused the foregoing to be electronically filed with the Clerk of the Court by using the Case Management/Electronic Case Filing (CM/ECF) system, which will send a notice of electronic filing to all parties registered with the CM/ECF system in the above-captioned matter. A copy will be forwarded via first class mail, postage prepaid, to those parties not electronically registered.

*/s/ Robert J. Bonsignore*
Robert J. Bonsignore