UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. C-07-5944 JST |
| This Order Relates To:<br><br>ALL DIRECT ACTION PLAINTIFFS | **ORDER OVERRULING OBJECTION TO ORDER OF THE SPECIAL MASTER** |

Now before the Court is an Objection filed by Indirect Purchaser Plaintiffs Anthony Gianasca, Gloria Comeaux, Mina Ashkannejhad individually and/or as Administrator of the Estate of the Late R. Deryl Edwards, Jr., Jeffrey Speaect, Rosemary Ciccone and Jeff Craig (collectively "Objectors") to an order of the Special Master. ECF No. 4267. The Court will overrule the objection.

By order dated November 12, 2015, the Court set a briefing and hearing schedule related to the proposed settlement of the Indirect Purchaser Plaintiffs' cases ("November 12 Order"). ECF No. 4185. At the time the Court issued its order, certain objections had already been filed to the proposed settlements, including one by Objectors. ECF No. 4119. The November 12 Order set deadlines for, *inter alia*, briefs in opposition to the objections, reply briefs by objectors, and a deadline for the Special Master to file his Report & Recommendation. ECF No. 4185. The deadline for objectors to file reply briefs in support of their objections was December 9, 2015. Id.

Objectors did not file a reply brief on or before December 9, 2015, and did not seek an extension of the deadline before their reply was due. Instead, Objectors waited until almost a week later, on December 15, 2015, to request leave to file a reply brief. In support of their request, they stated that they had expected to receive a deposition transcript from a deposition

taken on October 29, 2015, but it had not yet arrived. ECF No. 4267-2 at 3. Objectors did not explain why they failed to seek an extension before the deadline. Special Master Martin Quinn denied the request in a one-sentence order on December 18, 2015. ECF No. 4263. Objectors filed this objection to the Special Master's order on December 24, 2015. ECF No. 4267.

Rule 6(b) of the Federal Rules of Civil Procedure allows a court to accept a brief filed after the filing deadline "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Objectors have failed to make this showing. The asserted ground for their late filing was that they were waiting for the transcript of the deposition of Mina Ashkannejhad. ECF No. 4267-2 at 3. But they still have not received that transcript, and it is not attached to their proposed reply. Id. In other words, Objectors could just as well have filed their brief on time without Ms. Ashkannejhad's deposition transcript as file it late.[1] Because there was no showing of excusable neglect, and the Special Master's order denying leave to file a late reply brief was appropriate, under any standard of review.[2] Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1519 (9th Cir. 1983).

The objection to the Special Master's order is OVERRULED and the request to file a late reply brief in support of Objectors' objection is DENIED.

IT IS SO ORDERED.

Dated: December 30, 2015

_____
JON S. TIGAR
United States District Judge

---

[1] Many of the exhibits attached to the Objector's objection are illegible. ECF No. 4267-2 at 24-71; ECF No. 4268 at 18-77. Nonetheless, it is clear from the Declaration of Robert J. Bonsignore that the Ashkannejhad transcript is not included. ECF No. 4267-2 at 21-22.

[2] The standard of review to be applied by this Court to the Special Master's orders is currently being litigated in a separate motion. Because the Court would affirm the Special Master's order denying leave to file a late reply brief under any standard of review, including *de novo*, it does not discuss the issue further here.