UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Order Relates To:<br><br>All Actions | MDL No. 1917<br><br>Case No. C-07-5944 JST<br><br>**ORDER GRANTING TOSHIBA DEFENDANTS' MOTION FOR RECONSIDERATION** |
|---|---|

On November 6, 2015, the Court adopted the Report and Recommendation ("R&R") of Special Master Vaughn R. Walker, United States Chief District Judge (Ret.) ("Judge Walker") granting Plaintiffs' motion to compel Toshiba to authenticate documents. ECF No. 4171 ("11/6/15 Order"). Subsequently, Toshiba Defendants filed a Motion for Leave to File Motion for Reconsideration seeking "reconsideration of the Court's articulation of the standard of review applicable to its review of reports and recommendations of Special Master Vaughn Walker." ECF No. 4186. The Court granted Toshiba's motion for leave. ECF No. 4205. Now before the Court is Toshiba's Motion for Reconsideration. ECF No. 4186-1 ("Mot."). The motion is fully briefed[1] and suitable for disposition without oral argument pursuant to Local Rule 7-1(b). For the reasons provided below, Toshiba's motion is GRANTED.

The potential appointment of Special Master Walker arose in November 2013, at which time Judge Conti (the undersigned's predecessor in this matter) noted that correspondence from the parties indicated the need for a discovery master. ECF No. 2095 (citing ECF Nos. 1954, 1967, 1968, 2013). Judge Conti then proposed the appointment of Judge Walker as discovery master,

---

[1] ECF Nos. 4223 ("Opp'n"); 4236 ("Reply").

1   stating that "[t]he parties shall file letters of support or opposition to this decision within seven (7)
2   days of this Order's signature date" and noting that "[a]ny party objecting to this appointment
3   shall propose an alternative discovery magistrate." ECF No. 2095 at 1.  In response, the parties
4   filed a joint letter, indicating their support of Judge Walker's appointment.  ECF No. 2204.  Judge
5   Conti then issued an Order Appointing Special Master for Discovery.  ECF No. 2272.  That order
6   stated in part that "[r]eview of the Special Master's orders will be subject to the same procedures
7   as review of orders of a Magistrate Judge."  Id. at 4.

8         A district court reviews a motion for relief from a nondispositive pretrial order of a
9   magistrate judge for whether such order is "clearly erroneous or contrary to law." 28 U.S.C. §
10  636(b)(1)(A); Fed. R. Civ. P. 72(a).  Accordingly, the Court reviewed Judge Walker's R&R for
11  clear error.  Rule 53 of the Federal Rules of Civil Procedure, however, states that district courts are
12  to review all objections to a special master's findings of fact de novo unless the parties stipulate
13  that those findings be reviewed for clear error.  The parties did not stipulate to the provisions
14  contained in the Order Appointing Special Master for Discovery, nor was there any such
15  stipulation in the correspondence originally relied upon by Judge Conti or the joint letter by which
16  the parties agreed to the appointment of Judge Walker as Special Master.

17        Plaintiffs note Toshiba neither objected to the Order Appointing Special Master for
18  Discovery nor the multiple orders issued by Judge Conti which stated that the Court was
19  reviewing Judge Walker's findings for clear error.  See Opp'n at 2 (providing as examples, ECF
20  Nos. 2714 at 4; 2945 at 5).  The Court agrees it would have been helpful to all parties if Toshiba
21  had made its objections known previously, and that it had more than one opportunity to do so.
22  Nevertheless, a lack of objection does not a stipulation make.  Parties have a right to de novo
23  review; Rule 23 is clear that they can relinquish that right by stipulation; the parties here have not
24  done so.  Accordingly, the Court finds that its 11/6/2015 Order as to the standard of review was in
25  error.

26        Toshiba does not challenge the Court's adoption of Judge Walker's R&R.  Rather, it asks
27  only that the Court reconsider its articulation of the standard of review.  See Mot. at 1 ("Toshiba
28  would not ordinarily be inclined to move for reconsideration of such an order.  But Toshiba is

concerned about the precedential effect of an order that . . . applies an overly deferential standard to the Special Master's report and recommendations."). Having found that it previously applied the incorrect standard of review, however, the Court believes it appropriate to now apply the correct one. After applying a <u>de novo</u> standard of review, the Court once again ADOPTS Judge Walker's R&R in full. As the Court held in its previous order, "Plaintiff's motion to compel was a discovery dispute within Judge Walker's authority." 11/6/2015 Order at 3. A higher standard of review does not change this fact.

For the forgoing reasons, the Court GRANTS Toshiba's motion as to the Court's articulation of the standard of review for reports and recommendations by the Special Master.

IT IS SO ORDERED.

Dated: January 5, 2016

JON S. TIGAR
United States District Judge