UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
|---|---|
| | Case No. C-07-5944 JST |
| This Order Relates To:<br><br>ALL ACTIONS | **ORDER REGARDING MOTION TO AMEND THE ORDER APPOINTING SPECIAL MASTER QUINN** |

Now before the Court is Objector Douglas St. John's Motion to Amend The Order Appointing Special Master Martin Quinn. ECF No. 4203; <u>see also</u> ECF No. 4077 (Order of Appointment). The Court heard argument on the motion on December 15, 2015 and ruled from the bench. This order sets out the Court's ruling in writing.

In the motion, St. John makes three requests for relief: (1) that the Court amend the Order of Appointment to specify that Special Master Quinn be compensated for his work solely by the Indirect Purchaser Plaintiffs' class ("IPPs"); (2) that the Court amend the Scheduling Order, ECF No. 4185, in an unspecified way such that St. John and other objectors have an opportunity to conduct unspecified discovery; and (3) that the Court amend the Order of Appointment to specify that the Court's review of the Special Master's factual findings—at least with respect IPP Counsel's Fee Motion—shall be *de novo*.

St. John's first request is granted in part and denied in part. The Order of Appointment currently provides, "In connection with objections and discovery matters, the parties shall each pay an equal share of the cost." ECF No. 4077 at 8-9. While the Court sees no reason to shift the entirety of the cost of Special Master Quinn's services onto the shoulders of the IPPs, it does seem appropriate to provide flexibility to the Special Master to apportion attorneys' fees equitably, and

1    to allow the Special Master to consider factors such as the proportional role of any given party or
2    objector and whether counsel for certain parties have already represented to the Court that they
3    would pay for the entirety of any given matter.[1]  The Court will amend the Order of Appointment
4    accordingly.
5         St. John's second request for relief is denied, for several reasons.  First, it is not clear
6    exactly what relief St. John is seeking – the proposed order he submitted with his motion asks that
7    the Court "consult with the Special Master regarding an appropriate amendment to the Order
8    Establishing Schedule (D.E. 4185)" and formulate a series of deadlines both for the determination
9    of what discovery would be allowed in the settlement approval process and for the completion of
10   that discovery.  ECF No. 4203-11 at 2.  But the motion itself does not propose specific deadlines
11   or discovery, or describe the effect such amendments might have on the overall case schedule.
12   Second, the kind of relief St. John seeks is within the province of Special Master Quinn in the first
13   instance.  Third, the motion does not state good cause for relief.
14        St. John's third request requires a somewhat lengthier discussion.  Rule 53 of the Federal
15   Rules of Civil Procedure states that district courts must review all objections to a Special Master's
16   findings of fact *de novo* unless the parties stipulate that those findings be reviewed for clear error.
17   In this case, the Court did not enter the Order of Appointment by stipulation.  Rather, on
18   September 1, 2015, Lead Counsel for the IPPs moved the Court for the appointment of Martin
19   Quinn as Special Master "to assist with the approval of the settlements in the IPP cases."  ECF No.
20   4032 at 3.  The motion attached a proposed order that included the following language:  "Pursuant
21   to Rule 53(f)(3)-(5), the Court shall review findings of fact made or recommended by the Special
22   Master for clear error."  ECF No. 4032-2 at 5.  The following day, the Court issued an Order to
23   Show Cause why the Court should not appoint Mr. Quinn as Special Master, noting that "[t]he
24   substance of an appointment order would be similar to the proposed order attached to the motion
25   to appoint Mr. Quinn, but [would] also include authority for Mr. Quinn to consider attorneys' fees

---

[1] See, e.g., ECF No. 4227 at 2 ("IPP Counsel intend to pay for all expenses related exclusively to their fee requests, such as compensation of the Special Master for his work on the Fee Motion and compensation of IPP Counsel's fee expert, Richard M. Pearl.").

in future settlements where appropriate." ECF No. 4033 at 1-2. Any party objecting to an order of appointment was required to file an objection with seven days of the issuance of the Order to Show Cause. Id. at 2. After considering an objection to the scope of the appointment, ECF No. 4043, the Court entered its order appointing Special Master Quinn on September 24, 2015. ECF No. 4077.

It is true that no party objected to the "clear error" provisions of the order, but the record does not clearly show that all potential objectors were served with the motion or the Order to Show Cause. St. John did not even appear in the litigation until two weeks after the Order of Appointment was signed. ECF No. 4106. In short, there is no way for the Court to conclude that all affected parties received notice of the clear error standard of review, much less stipulated to it.[2] Accordingly, pursuant to Rule 53, the Court must apply a *de novo* standard of review to Special Master Quinn's recommendations.

The order appointing Special Master Quinn, ECF No. 4077, is hereby amended as follows: (1) in setting forth the standard of review on page 7, Section 5(c), the clause "the Court shall review findings of fact made or recommended by the Special Master for clear error" is hereby amended to read "the Court shall review findings of fact made or recommended by the Special Master *de novo*"; and (2) in discussing compensation on pages 8-9, Section 7, the clause "the parties shall each pay an equal share of the cost" is amended to read "the parties and objectors shall each pay an equal share of the cost, unless the Special Master or the Court directs otherwise. The Special Master and the Court may consider the proportional role of any given party or objector and whether counsel for certain parties have already represented to the Court that they

///
///
///
///

---

[2] Furthermore, while the Court need not reach the question, it doubts that the absence of an objection can be construed as a stipulation. Cf. Shima v. Brown, 133 F.2d 48, 49 (D.C. Cir. 1943).

3

would pay for the entirety of any given matter, and apportion costs accordingly." All other requests for amendment of the order are DENIED.

IT IS SO ORDERED.

Dated: January 13, 2016

_____
JON S. TIGAR
United States District Judge