KAMALA D. HARRIS
Attorney General of California
MARK BRECKLER
Chief Assistant Attorney General
KATHLEEN E. FOOTE (State Bar No. 65819)
Senior Assistant Attorney General
ESTHER LA (State Bar No. 160706)
PAMELA PHAM (State Bar No. 235493)
EMILIO VARANINI
State Bar No. 163952
Deputy Attorneys General
   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
   Telephone: (415) 703-5908
   Fax: (415) 703-5480
   E-mail: Emilio.Varanini@doj.ca.gov

*Attorneys for the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION,**<br><br><br>**This Document Relates To:**<br>**ALL ACTIONS** | Master File No. 3:07-cv-05944-JST<br><br>MDL No. 1917<br><br>**ATTORNEY GENERAL'S RESPONSE TO INDIRECT PURCHASER PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION REGARDING EXTENSION OF CLAIMS SUBMISSION DEADLINE**<br><br>Hearing Date:<br>Time:<br>Courtroom:   Courtroom 9, 19th<br>Judge:         Honorable Jon S. Tigar<br><br>Special Master: Martin Quinn, JAMS |

# INTRODUCTION

The Attorney General files this short response to the Indirect Purchaser Plaintiffs' ("IPP")' objection to the Report and Recommendation of the Special Master regarding the extension of the claims submission deadline. [Dkt Nos. 4281, 4292.] The Attorney General respectfully requests that this Court adopt the Report and Recommendation given that, regardless of whether the Indirect Purchaser Plaintiffs continued to oppose a limited claims date extension at the hearing, they do not object to any specific finding of fact or conclusion of law in the Report and Recommendation.

Indeed, the IPPs continue to agree with two key aspects of the Report and Recommendation: (1) the Special Master has the power to recommend, and this Court has the equitable power to grant, an extension of the claims submission deadline as to California natural persons [Dkt No. 4292 at 1:23-26] and (2) the Special Master properly distinguishes California natural persons from all other members of the IPP settlement class because California and only California brought a *parens patriae* case on their behalf. [Dkt No. 4292 at 1:27-28 – 2:1-4.]. Rather the IPPs wish merely to reiterate their objection to the extension of the claims submission deadline on the same grounds previously advanced that it would engender objections and potentially disrupt the settlement plan. [Dkt No. 4292 at 3: 9-12.] However, as explained below, the Special Master made findings of fact as to these concerns, based on a substantial record and a process in which the Special Master inquired if anyone other than the IPPs objected with no such objection being made by any other party [Dkt No. 4281 at 5].[1]

# ARGUMENT

Federal Rules of Civil Procedure 53(f)(2)-(4) envision specific objections being made to findings of fact and conclusions of law while Federal Rule of Civil Procedure 53(f)(4) provides that procedural matters are reviewed for abuse of discretion. The IPPs have admitted one key

---

[1] The Court may adopt the Report and Recommendations after considering this response as envisioned by the Scheduling Order. *See, e.g., Beauperthuy v. 24 Hours Fitness USA, Inc.*, No. 06-0715-SC, 2012 WL 3757486, *1 (N.D. Cal. July 5, 2012) (Conti, J.). The Scheduling Order grants eleven days to file a response to objections to the Report and Recommendation. *See* Dkt. No. 4286 at 2.

1

finding of fact, that California natural persons are different than any other group of claimants within the IPP settlement class because of the Attorney General's *parens patriae* claim. *See, e.g.*, Fed. R. Evid. 103(a)(1)(A). They also concede that this Court has the power to approve the Special Master's conclusion of law that it has the equitable discretion to move the claims submission deadline as recommended by the Special Master. *See* Fed. R. Civ. P. 46. Thus, the IPPs have forfeited or waived any objection to these two points. *Cf. Wellness Intern Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1943-44 (2015) (discussing the breadth of waiver and noting that it can extend to the right to an Article III adjudicator); *14 Penn Plaza LLC et al. v. Pyett et al.*, 556 U.S. 247, 272 (2009) (finding respondent to have failed to advance alternative arguments for affirmance in the court below and thus to have forfeited those arguments); *Freytag v. C.I.R.*, 501 U.S. 868, 879 (1991) ("It is true that, as a general matter, a litigant must raise all issues and objections at trial.").

Although the IPPs otherwise renew *pro forma* the same objections made in front of the Special Master as to the prospect of engendering any objections and potentially disrupting the settlement plan, they do not contest the Special Master's procedural determinations and factual determinations of that matter. Procedurally, the Special Master inquired as to whether counsel for any of the objectors or counsel for any defendants opposed the request to extend the claims submission deadline as to California natural persons. No party such objected or stated that it opposed the extension. [Dkt No. 4281 at 5.]

Factually, the Special Master noted that the Attorney General had expressed concerns about the IPPs' notice program and then made the finding that the "requested relief is a sensible and harmless fix for any possible gaps in the notice process as it affects natural California persons." [Dkt No. 4281 at 4.] The Special Master further found that, although the only objection that could be made would be one that pointed out how California natural persons received extra months in which to file a claim, "this disparate treatment can be amply justified, should any objections be made, by the fact that California, and only California, brought a *parens* action." [Dkt No. 4281 at 4.] Noting that the Attorney General would be moving for preliminary approval of her settlements, including settlement of the *parens patriae* claims she brought on behalf of

California natural persons, the Special Master found that "[i]f the settlement of that *parens* action is to have any efficacy, a fair opportunity must be granted to the people on whose behalf it was brought to make claims against the settlement funds." [Dkt No. 4281 at 4-5.] This process—that not only led to a lack of objections being made but also led to the aforementioned factual findings—was not conducted in a vacuum but rather was based on a substantial record that includes factual submissions and declarations by the Attorney General. [Dkt No. 4281 at 2-3, *id.* Appendix, Attachments 2 and 4.]

The IPPs do not contend that this record does not support the factual findings of the Special Master; indeed, they never objected to the factual submissions of the Attorney General. And, the IPPs neither assign error to the process used by the Special Master nor object to any of the factual findings that ensued. Accordingly, pursuant to Federal Rule of Civil Procedure 53(f), the IPPs have forfeited any objection to these findings. *See, e.g., Lowery v. City of Albuquerque*, No. CIV 09-0457 JB/WDS, 2014 WL 7473790, *37 (D. N.M. Dec. 17, 2014) (failure to make objections, or making of untimely objections under Rule 53(f), waives objections); *see also, e.g., Sibley v. Sprint Nextel Corp.*, 298 F.R.D. 683, 688 (D. Kan. 2014) ("[F]ailure to meet this deadline [set under Rule 53(f)(3)] results in permanent waiver of any objections to the Special Master's findings of fact."]; *Petties v. Dist. of Columbia* (D.D.C. 2013) 291 F.R.D. 1, 4 (district court adopted and affirmed conclusions of Special Master that parties did not object to); *see generally Stern v. Marshall*, 131 S.Ct. 2594, 2608 (2011) ("We have recognized 'the value of waiver and forfeiture rules' in complex cases, [citation], and this case is no exception.").

///
///
///
///
///
///
///

3

## CONCLUSION

Based on the foregoing, the Attorney General respectfully requests that this Court adopt the Report and Recommendation of the Special Master to move the deadline for submitting claims for California natural persons to June 30, 2016.

Dated: January 13, 2016

Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California

/s/ Emilio E. Varanini
EMILIO VARANINI
Deputy Attorney General
*Attorneys for the State of California*

SF2011203501

4

RESPONSE TO INDIRECT PURCHASER PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION OF SPECIAL MASTER REGARDING EXTENSION OF CLAIMS SUBMISSION DEADLINE
(Master File No. CV-07-5944-JST)