Paul B. Justi (SBN 124727)
LAW OFFICES OF PAUL B. JUSTI
1981 North Broadway, Suite 250
Walnut Creek, CA 94596
T: 925.256.7900
F: 925.256.9204
pbjusti@comcast.net

Attorneys for Class Member and Objector
DAN L. WILLIAMS & CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917 |
| | Case No. C-07-5944-SC |
| This Document Relates to:<br><br>ALL ACTIONS | **OBJECTOR DAN L. WILLIAMS & CO. OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS RE REQUEST OF CALIFORNIA ATTORNEY GENERAL THAT FINAL DATE FOR SUBMITTING CLAIMS IN THE INDIRECT PURCHASER SETTLEMENT BE EXTENDED TO JUNE 30, 2016** |

## I.   INTRODUCTION

The Objector, Dan L. Williams & Co., objects to the Special Master's recommendation that the deadline to file claims be extended for only *California natural persons* as illogically restrictive; in light of the Special Master's express findings, such an extension should be extended universally. *See* ECF No. 4281 ("Special Master's Report"). Given that the Special Master concluded that extending the filing deadline would not produce "any meaningful

prejudice," Special Master's Report at 5, there is no justifiable basis to limit such an extension to a single group of claimants—to the exclusion and detriment of all other potential claimants—where the concerns prompting such a limited extension are generally applicable to all potential claimants.

## II.     THE CALIFORNIA ATTORNEY GENERAL'S REQUEST TO MOVE FINAL CLAIM SUBMISSION DATE

Pursuant to the Class Action Fairness Act (CAFA), after a proposed settlement of a class action is filed in court, the defendants must serve upon the appropriate state official of each state in which a class member resides information regarding that class settlement.    28 U.S.C.A. § 1715(b).   The primary purpose of "requiring that notice of class action settlements be sent to appropriate state and federal officials [is] so that they may voice concerns if they believe that the class action is not in the best interest of their citizens." S. REP. 109-14, 5, 2005 U.S.C.C.A.N. 3, 6.

The Attorney General of the State of California is one of those appropriate state officials. In this particular case, however, the California Attorney General's interest is heightened given that she has filed a parallel *parenspatriae* claim for compensatory damages on behalf of the natural persons of her state—as set forth in Cal. Bus. & Prof. Code § 16760(a)(1).   This parallel state case has been coordinated with this federal proceeding for certain purposes.

Here, the California Attorney General took issue with whether natural persons within her state received notice that was on par with that extended to other groups.   Without any evidence illustrating that any particular medium used to effectuate notice (print, television, radio, email, internet, etc.) disproportionately favors one type of claimant over another, the California Attorney General asserted that natural persons within her state were at an unfair disadvantage (when compared with other groups, including large entities) when it came to receiving notice.

In accordance with this concern, the California Attorney General requested that "the Special Master recommend the final date for the submission of claims for *all* claimants be moved from December 7, 2015 to June 30, 2015 . . . ." ECF No. 4281 at 28 (Supp. Statement of Interest of the State of California at 16) (emphasis in original).  Apparently following a conference call between the California Attorney General, Lead Counsel, and the Special Master, the California Attorney General made clear that she would be satisfied if only the deadline for California Natural Persons were extended.  *Id.* at 2-3.

Lead Counsel opposed the attorney general's proposed universal extension, stating that such an extension (without further notice) would favor corporate claimants who are targeted by claims "aggregators."  *Id.* at 49-50 (IPP's Response to the California Attorney General's Statements of Interest at 6-7).  Moreover, Lead Counsel opposed a limited extension that would be applied solely to California Natural Persons.  If such a limited extension was implemented, Lead Counsel argued that this would open the process to objectors "who could claim that such a one-sided extension is unfair to corporate claimants."  *Id.* at 51 (IPP's Response at 7).

## III.  THE SPECIAL MASTER'S RECOMMENDATION

The Special Master recommended that the filing deadline be extended to June 30, 2016 only for California natural persons.  *Id.* at 5.  Although recognizing that such an order could produce the appearance that "California natural persons are being favored by granting them several extra months to submit claims," *id.* at 4, the Special Master concluded that suchself-describeddisparate treatment could be justified by the fact that only the State of California brought a parallel *parens*action.  *Id.*

## IV.  OBJECTIONS TO THE SPECIAL MASTER'S RECOMMENDATION

The Special Master's recommendation is objectionable for the very reason he stated, then skirted: it treats a single class of potential claimants differently with no (actual) justification for

doing so.  Indeed, there is no basis to conclude that the filing deadline should be extended for a very small group of potential claimants (California natural persons), while keeping the claim deadline the same for the vast majority of potential claimants, whether natural or corporate, in other jurisdictions.

The Special Master's stated rationale for this disparate treatment is unavailing.  Although it is true that only California brought a parallel *parenspatriae* action, that distinction is not enough.  At the outset, the Special Master did not address whether state attorneys in other states in which class members reside have the same statutory authority to bring comparable *parenspatriae*actions.  As explained by the Attorney General of California in her Supplemental Statement of Interest on page 7 (ECF No. 4281 at 19) her ability to bring a *parenspatriae* action on behalf of the natural citizens of her state arises from state statutory law, specifically § 16760(a)(1) of the California Business and Professions Code. To the extent that Attorneys General in other states included in the plaintiff class lack such power, the citizens of those states should not be disadvantaged simply because of their state Attorney General's inability to file such an action.

Moreover, and more fundamentally, the mere fact that a *parenspatriae*action exists in California does not justify a subset of potential claimants receiving special treatment.   As explained by Lead Counsel, none of the money recovered under the California Attorney General's parallel actions will actually be paid to California consumers.  ECF No. 4281 at 49 (IPP's Response at 5).  Thus, the extension at issue is only useful because it would allow the Attorney General to give additional notice to the California natural persons so that they could file a claim *in this case.*

However, the deficiencies in the notice campaign underlying the California Attorney General's request for an extension of the claims deadline are not cabined solely to California

residents.[1]  Instead, the stated deficiencies of the notice campaign have adversely affected all potential claimants.  It is unjust to grant relief to one class of potential claimants, but to withhold such relief from the vast majority of claimants simply because only California's state attorneys have taken action on behalf of their citizens.

Similarly, the false dichotomy drawn by the Special Master between natural persons and corporate entities makes little sense given that the extension of time is based on failings of the the notice campaign.  The fact that claims "aggregators" could potentially fill the cracks and ensure that corporate claimants make claims does not remedy the deficiencies of the notice campaign outlined by the Attorney General of California.  In fact, the implicit concession that aggregators are necessary in order to fill these notice gaps and to make the settlement funds more broadly available to class members is an indictment of the notice campaign itself and illustrates the validity of the California Attorney General's general argument.

That said, neither the CaliforniaAttorney General nor Special Master has produced any evidence that corporate entities were *unaffected* by the specified deficiencies in the notice campaign, while natural persons were.  Without such proof,[2] we are left solely with the proposition that the notice campaign was ineffective and that all claimants—whether corporate

---

[1] The California Attorney General asserted that the notice campaign had several deficiencies, including the fact that the campaign failed to utilize television advertising or local outreach campaigns that employed local press releases and print ads.  ECF No. 4281 at 21-23 (Supp. Statement of Interest at 9-11).

[2] IPP Counsel has refused to disclose the claims data so far, ECF No. 4281 at 27-28 (Supp. Statement of Interest at 15-16); *id.* at 46 (IPP's Response at 2), from which it could be determined how successful or unsuccessful the notice campaign actually has been, notwithstanding IPP Counsel's assertion based on its notice expert's (untested) assertion in his affidavit that the effective reach of the notice campaign is 83%. *See id.* at 48-49 (IPP's Response at 4-5).Objector Williams has previously raised a provisional objection to the adequacy of notice based on the perceived inadequacy of the notice campaign. ECF No. 4112 at 4 ("Objector anticipates a claims rate so low as to require the appointment of an independent expert to analyze the results of the notice campaign.Therefore, Objector preserves this objection in anticipation of this low response rate tonotification of the existence of this class.").

or natural—were hampered by such deficiencies.  In the face of such evidence, it does not make sense (and it defies reason) to provide relief for one subset of those claimants affected by the insufficient notice campaign, while leaving the vast majority in the lurch.

In light of the fact that an extension of the claims deadline would not cause any "meaningful harm," there is no reason not to extend the deadline for all claimants. *Id.* at 5.  In the absence of "any meaningful prejudice," such an extension can only benefit the claimants. *Id.* Such a universal extension would be consistent with the goal of ensuring that each affected class member is given notice of the settlement at issue, and could not, by the Special Master's own admission, cause any harm.

Additionally, the possibility that extension of the claims deadline could result in additional objections, as IPP Counsel fears, is of no consequence.  The current deadline for objections to the settlement has passed.  There is no reason that the claims deadline cannot be extended, while leaving the deadline for objections intact, if the Court were to give any credence to that concern.

## V.  CONCLUSION

The Special Master's rationale for treating California natural persons differently than all other potential claimants misses the mark.  There is no justification for one subset of claimants to receive a filing extension while others receive no relief, where the relief granted is predicated on inadequacies in a notice campaign that affects all claimants.  Accordingly, the Court should extend the claims filing deadline for all claimants—not just California natural persons—until June 30, 2016, especially in light of the Special Master's findings that extending the claims filing

///

///

///

deadline would not produce any harm.

Dated:  January 15, 2016

LAW OFFICES OF PAUL B. JUSTI

By _____

Paul B. Justi

Attorneys for Class Member and Objector
DAN L. WILLIAMS & CO.