Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2669
Fax: (415) 982-5287
Special Master

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br><br>Case No. C-07-5944-SC |
| This Document Relates to:<br><br>ALL ACTIONS | **SPECIAL MASTER'S REPORT AND RECOMMENDATION RE: OUTSTANDING MOTIONS** |

Numerous motions have been filed with the undersigned Special Master since the start of the New Year. This Report & Recommendation shall attempt to resolve each of those motions that remain outstanding.

**Objector Douglas W. St. John's Motion to Strike Sur-Reply Evidence:**

Mr. St. John's Motion is DENIED. The evidence and argument that Lead Counsel set forth in his December 23, 2015 submission, which Mr. St. John challenges herein, was submitted pursuant to the Special Master's December 14, 2015 Order. In that Order, the Special Master explained that some of the objectors' Reply Briefs "raise[d] for the first time a few issues and

discuss issues previously mentioned far more thoroughly than they did in their original Objections." Order, 12/14/15, p.1. As a result, the Special Master explained, because his Report would "benefit from obtaining Lead Counsel's further views on certain issues," including "the disproportionate size of the Samsung and Phillips settlements" as raised in "section C of the St. John brief," Lead Counsel's request to submit a responsive brief would be granted. *See id.*, pp.1-2. Mr. St. John has cited no persuasive argument for reconsidering the Special Master's earlier decision nor has he cited any evidence or argument that shows that Lead Counsel's submission exceeded the scope of what the Special Master ordered on December 14, 2015.

**Request of Attorney Robert Bonsignore to Submit Evidence Rebutting New Argument Raised by Lead Counsel During Hearing:**

Mr. Bonsignore's request is DENIED. On December 18, 2015, the Special Master denied Mr. Bonsignore's motion to file a late reply brief along with a number of documents that were attached to it.  On December 30, 2015, the Court overruled Mr. Bonsignore's objection and upheld that denial.  Docket No. 4274.   Eight days after the Court's denial, Mr. Bonsignore seeks to introduce underline precisely the same evidence on the pretext that Lead Counsel advanced "new arguments" at the January 5, 2016 hearing. Lead Counsel did not raise any "new arguments." Mr. Bonsignore is merely making a blatant end-run around the Court's denial of his request to submit this late "evidence."

The Special Master further concludes that as sanctions for having made a frivolous request to the Court, and wasting the time of Lead Counsel and the Special Master, Mr. Bonsignore shall pay the entire fee charged by JAMS for the Special Master's time in dealing with this Request.  The Special Master denies Lead Counsel's request for sanctions in the form of attorneys' fees.

**Indirect Purchaser Plaintiffs' Motion to Strike Relating to Cooper & Kirkham P.C.'s December 9, 2015, January 5, 2016 and January 8, 2016 Filings:**

Indirect Purchaser Plaintiffs' Motion to Strike is DENIED.  The issue here is whether Cooper & Kirkham, which had previously said it was not objecting on behalf of an individual class member client, had suddenly filed documents on Case Anywhere on behalf of Mr. Ganz,

whom they represent in the case. This turns out to be a non-issue. Cooper & Kirkham affirm that they are not "surreptitiously through the Case Anywhere filing system, or in any other manner attempting to assert . . . that Mr. Ganz is now objecting to the settlements." *See* Opposition, p.1. This was an electronic Case Anywhere error, not a misstep on the part of Cooper & Kirkham. There is no basis or need for the order that Lead Counsel seeks.[1]

**Mr. Bonsignore's Objection to Protocol and Procedure Set Forth in the January 7, 2016, Email of the Special Master Regarding the Production and His Review of Attorney Fee Requests:**

Mr. Bonsignore's Objection is OVERRULED. All raw billing records of all class counsel have been provided to the Special Master. The Special Master will review these records in the detail he considered necessary, and the protocol he issued by which he will review a representative sampling of raw billing records and all declarations submitted by all class counsel is more than adequate. If he detects undue sloppiness, incompleteness or other evidence or fudging time entries, the Special Master will investigate further. Mr. Bonsignore's suggestion that the Special Master review every month of billings for multiple years for 50 law firms is rejected.

**Indirect Purchaser Plaintiffs' Motion to Compel:**

Resolution of this Motion shall be held in abeyance in light of the proposed briefing schedule set forth in the IPPs' brief. "IPPs do *not* seek a ruling on this motion before the Special Master's January 29, 2016 Report & Recommendation." IPPs Motion, p.1 (emphasis in original). IPPs then propose "that oppositions to this motion be filed on January 26, 2016. IPPs would reply on January 29, 2016 and would be willing to forego a hearing." *Id*. The Special Master has received no objections to IPPs proposal, although IPPs note that "Bonsignore has not commented on this proposed schedule, Justi is amenable to the schedule but is unwilling to dispense with oral argument, and Moore opposes the schedule." *Id*. In light of the fact that no formal objection

---

[1] Because IPPs' Motion to Strike is denied, Mssrs. Scarpulla and Cooper's Objection to Form of [Proposed] Order Granting Motion to Strike Relating to Cooper & Kirkham, P.C.'s December 9, 2015, January 5, 2016 and January 8, 2016 Filings is dismissed as moot.

has been made to the IPPs' proposed schedule, the Special Master adopts the briefing schedule that the IPPs have proposed, and will determine whether a hearing is required. The Special Master shall further address this Motion after all papers have been submitted.

**Mr. Bonsignore's Response to Lead Counsel Alioto's January 13, 2016 Position on the Inconsistencies Between the Chunghwa Net Settlement Fund and the Proposed Distribution and to the Special Master and Counsel's Call for a Potential Route to Efficient Resolution of Objections:**

The Special Master asked at the January 5, 2016 hearing, which Mr. Bonsignore attended, that Lead Counsel, Cooper & Kirkham and any other party so choosing to submit additional briefing on the impact of the Chunghwa settlement on the settlement approval. He then set a deadline of January 13 to submit that briefing. Lead Counsel and Mssrs. Scarpulla and Cooper complied by submitting papers timely on January 13. Mr. Bonsignore did not submit any briefing by the January 13 deadline. On January 19, without any leave or request for leave, he filed this "Response." Whether it is deemed a Response or a late brief, it is unauthorized. The Special Master is under some pressure to complete his Report & Recommendation, and cannot be expected to continue to receive and consider late and unauthorized briefs.

Therefore, Mr. Bonsignore's response will not be considered.

**Mr. Bonsignore's Request to Provide Expert Opinion on the Claims Rate and Notice in Response to Lead Counsel Alioto's January 13, 2016 Posting of the Claims Rate:**

On January 15, 2016, pursuant to the Special Master's request at the hearing on January 5, 2016, Lead Counsel submitted the Declaration of Joseph M. Fisher Reporting on Claims Submissions. At the January 5, 2016 hearing, no one, including Mr. Bonsignore, asked for leave to respond, and the Special Master did not ask for any responses. Nonetheless, on January 19, Mr. Bonsignore submitted this request to provide expert opinion on the notice and claims issues.

The Special Master can review and assess Mr. Fisher's Declaration without additional expert testimony. The time to submit expert testimony was in October 2015 when Mr. Bonsignore filed his objection, or in December when he filed supplemental papers. The time is

not a week before the Report & Recommendation is due.  Because Mr. Bonsignore's request is both untimely and unnecessary, it is DENIED.

Dated:  January 21, 2016

Martin Quinn, Special Master