UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br><br>Case No. C-07-5944 JST |
| This Order Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **ORDER REGARDING OBJECTION TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION RE: CALIFORNIA ATTORNEY GENERAL's REQUEST FOR EXTENSION OF CLAIMS SUBMISSION DEADLINE** |

On January 6, 2016, Special Master Martin Quinn filed a Report and Recommendation regarding a request by the California Attorney General, who had asked that the final date for submitting claims in the Indirect Purchaser Plaintiff ("IPP") settlement be extended from December 7, 2015 to June 30, 2016. See ECF No. 4281 ("R&R"). The Special Master recommended the request be granted, but only with respect to all California natural persons. See id. at 2, 5. On January 12, 2016, lead counsel for the IPPs filed an objection to the Special Master's Report and Recommendation. See ECF No. 4292 ("Obj. 1"). The California Attorney General filed a Response to the IPPs' Objection on January 13, 2016. See ECF No. 4307 ("Response 1"). Mr. Dan L. Williams & Co. (the "Objector") then filed a second objection to the R&R on January 15, 2015. See ECF No. 4312 ("Obj. 2"). The California Attorney General filed a response to this second objection later the same day. See ECF No. 4314 ("Response 2"). The Court hereby OVERRULES the first objection, OVERRULES the second objection WITHOUT PREJUDICE, and ADOPTS the Report and Recommendation as set forth herein.

The original due date for claims pursuant to the IPP settlement (which is presently pending final approval) was December 7, 2015. The California Attorney General has reached a potential

settlement in the parallel state court case, State of California et. al. v. Samsung SDI, Co., LTD., Case No. 11-51584. This case was brought pursuant to the Attorney General's parens partriae authority.[1] The Attorney General will seek preliminary approval of the settlement on January 27, 2016. If granted, notice would have to be provided to natural persons who are citizens of California. "All parties recognize that the only sensible approach is to have California persons obtain monetary relief for the parens action through the federal IPP settlement fund." R&R at 3. The Attorney General and the IPPs agree that all such people are appropriate claimants to the (federal) IPP settlement and that notice pursuant to Federal Rule of Civil Procedure 23 has been fulfilled. Id. at 2, 4. However, the Attorney General believes the prior notice will not be adequate for the secondary purpose of notification for this state case, and moreover notes that the deadline will have long-since passed by the time the state notification is sent out. See id. at 2-4.

The Court reviews the Special Master's findings of fact and conclusions of law de novo, but "the court may set aside a master's ruling on a procedural matter only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5); see also ECF No. 4077 at 7 (as amended at ECF No. 4298 at 3). As the Attorney General points out, the IPPs do not object to the determinations of procedure or findings of fact made by Special Master Quinn. See Response 1 at 2.

Special Master Quinn cites out-of-circuit authority for the proposition, and the IPPs here concede, that "the Court has the equitable power to move claim deadlines in order to facilitate and encourage the filing of claims." Obj. 1 at 1 (quoting R&R at 4); see In re Cendant Corp. Prides Litig., 233 F.3d 188, 194-95 (3d Cir. 2000) (affirming that a district court may allow late claims, should ensure adequate deadlines, and may consider extension of deadlines for good cause); see also In re Gypsum Antitrust Cases, 565 F.2d 1123, 1128 (9th Cir. 1977) ("the district court had discretion to grant late claims[,]" and denial of an extension is reviewed for abuse of discretion)[2]; In re Valdez, 289 F. App'x 204, 206 (9th Cir. 2008) (affirming a district court's refusal to accept a

---

[1] This authority is derived from Cal. Bus. & Prof. Code § 16760(a)(1), provisions of which are similar to a comparable federal statute, 15 U.S.C. § 15c.
[2] Though an older case, Gypsum remains authoritative. See Lemus v. Madar, 594 F. App'x 419 (9th Cir. Feb. 27, 2015) (quoting Gypsum for the proposition that denial of an extension is reviewed for abuse of discretion).

1  late claim where appellant made "no showing that [his] claim was treated in a fashion inconsistent
2  with those of other claimants similarly situated" (quoting Gypsum, 565 F.2d at 1128) and that
3  "other claimants had plausible excuses for not filing timely, whereas appellant offered no plausible
4  excuse."). Special Master Quinn also cites, and the IPPs again concede, that "California, and only
5  California, brought a parens action." Id. at 2 (quoting R&R at 4). The IPPs nonetheless maintain
6  an objection to the extension of the claims deadline, citing concerns that extending the deadline
7  "may engender objections" and that it may "cause potential disruption to [the] settlement
8  plan . . . ." Obj. 1 at 2 (ellipses in original).

9      Counsel for the IPPs makes several valid points. It seems clear that the initial selection of
10  December 7, 2015 as the claims deadline was not a clerical error, see id. at 11, and no party asked
11  for an extension of the claims deadline when the hearing for final approval was rescheduled or at
12  any time prior to the December 7, 2015 deadline. Many cases have claims submission deadlines
13  which pass prior to or on approximately the same day as final approval is granted. See id. And
14  the IPPs' counsel is surely right that any extension to one group of claimants and not others might
15  result in objections. See id. at 12. Indeed, such an objection has already been filed. See Obj. 2.

16      However, the impact on the class requires deeper examination. As the IPPs note, there are
17  indeed corporate entities which seek to aggregate and file claims on behalf of corporations in
18  exchange for a fee. See id. at 11-12; ECF No. 4235 (denying an ex parte request made in this case
19  which appears to be from one such entity). Even so, if the IPPs believe – as the Court assumes
20  they do – that their notice program was effective, then they must also believe that there are
21  relatively few eligible class members who were previously unaware of this action. Therefore,
22  while an extension of the claim deadline might afford some a chance to reconsider an earlier
23  choice not to file, it is unlikely to reach many new potential claimants who are natural persons in
24  California. Conversely, if the IPPs believe that there are many claimants who have not yet
25  received notice, providing supplemental notice and an extended claim period does not harm the
26  interests of the class and furthers the interest of the Court in ensuring payment to those harmed (be
27  it natural persons or businesses). And even if a few additional claims are filed, there is no reason
28  to predict – and no evidence before the Court to suggest – that the volume of such claims will be

enough to diminish appreciably the recovery of existing claimants.

The greater concern is whether an extension is necessary at all, and if so, whether it is fair to give this extra notice and time to file only to natural persons who reside in California.

The Court finds that an extension is necessary, but only reaches the issue with respect to California natural persons. See Response 2 at 1. The IPPs agree that the settlement fund for the settlement achieved in State of California v. Samsung must come from the federal IPP settlement. The California Attorney General must ensure that if notice of the settlement is issued it provides opportunity to make a claim; otherwise the notice becomes little more than a press release concerning the California Attorney General's litigation success rather than a genuine opportunity for natural persons residing in California to recover damages. See R&R at 4-5. Therefore, the Court agrees with the Special Master that the claim deadline should be extended for California natural persons.

The Court further finds it is fair to provide this extra notice and time only to those natural persons who reside in California. The Attorneys General of other states had the same opportunity to consider filing a parens patriae suit or seek whatever other remedy was available under their respective state's laws, but only California's Attorney General actually did pursue this form of relief, and did so specifically on behalf of natural persons in California. It is not unreasonable to avoid undermining the purpose of the ensuing settlement by wiping away any actual chance for the citizens of California to recover damages by refusing to extend the deadline. Because California is the only state to have achieved a separate settlement, this logic applies only to it.

The Court does not reach the issues presented in the second objection.[3] See Obj. 2 at 1-2. The only issue presently before the Court is whether to grant an extension regarding the California Attorney General's settlement, not the adequacy of notice to the entire class. Accordingly, it is proper for the Court to treat all similarly situated natural persons in California similarly by

---

[3] The California Attorney General suggests that any opportunity to object to the extensions has been waived. See Response 1 at 2-3. While it might be true that nobody else objected to the Special Master concerning the extension, objections to orders by the Special Master are permitted up to fourteen (14) days after a Report and Recommendation are filed. See ECF No. 4053-1 at 7. Therefore, Obj. 2 was still timely as it was filed with the Court by January 20, 2016.

4

granting them a uniform extension, and to treat all other similarly situated natural persons of states whose Attorneys General did not file a parens patriae action similarly by not granting the same extension to them. See Gypsum, 565 F.2d at 1128.

The Special Master will address the adequacy of class-wide notice in his forthcoming Report and Recommendation. R&R at 5:15-17. The Court will consider any timely objections to the Special Master's treatment of that issue at the appropriate time.

Therefore, the Court hereby OVERRULES the IPPs' objection, OVERRULES Objector's objection WITHOUT PREJUDICE, and ADOPTS the Report and Recommendation to the extent it is consistent with this order. This excludes R&R at 5:3-5 (discussing who opposed or objected to the R&R), 5:13-18 (discussing class-wide adequacy of notice). The claims deadline for natural persons who reside in California is hereby extended until June 30, 2016. If, however, for any reason the state court denies preliminary or final approval of the California parens action, lead counsel for the IPPs and the California Attorney General are hereby ORDERED to notify the Court within ten (10) days of any such ruling and in the same filing must either (1) SHOW CAUSE why this extension should not be vacated or else (2) file a joint statement on how properly to readdress this matter.

IT IS SO ORDERED.

Dated: January 26, 2016

_____
JON S. TIGAR
United States District Judge