# EXHIBIT 1



**UC HASTINGS**
COLLEGE OF THE LAW

# Theresa Driscoll Moore, Adjunct Faculty

Adjunct Professor Theresa Moore was born and raised in San Francisco, California. She received her Bachelor of Arts from the University of Santa Clara in 1978 and her Juris Doctor from the University of California, Hastings College of the Law in 1981. She attended and studied political science/communications and language at UCLA and at the Sorbonne in Paris, France.

Professor Moore has been practicing law since 1981 and has been lead trial attorney in over 100 trials, both jury and court trials. She has practiced civil litigation in private practice and criminal litigation as a San Francisco District Attorney. Her present practice includes complex litigation, antitrust, consumer, employment, business, and juvenile. Having tried so many cases, both criminal and civil, she is intimately familiar with the court and litigation process. In addition to practicing civil litigation, Professor Moore is a Judge Pro Tem and a California Certified Mediator, as well as being a member of several Continuing Legal Education faculties. She has developed a special insight and unique ability in litigation by having participated in cases from all perspectives in her legal litigation career.

In addition, Professor Moore is very active as a volunteer in the San Francisco community, for both legal and charitable organizations. She lives with her husband, who is also a San Francisco native, and their three children in San Francisco. Her offices are located in the San Francisco financial district.

**Theresa D. Moore**

Ms. Moore specializes in trial practice and mediation. Her substantive legal focus includes antitrust, unfair competition, business, consumer and complex class actions. Ms. Moore has been representing antitrust plaintiffs with the Alioto Law Firm since 1981. She has been lead counsel in over 100 trials, including civil and criminal trials as a Deputy District Attorney in San Francisco.

Ms. Moore is a Judge Pro Tem for the State of California in San Francisco Superior Court. She is a distinguished Professor Adjunct in Trial Advocacy and Evidence at the University of California, Hastings College of Law. She has served as keynote speaker and co-chair for the National College of Advocacy.

Ms. Moore is also a California Certified Mediator and Special Master. She has successfully mediated approximately 150 cases for private and government organizations, including the Federal Equal Employments Opportunity Commission, Multi-Option ADR Project, State of California First District Court of Appeal , Conflicts Resolution Center, San Francisco Superior Court, and the San Mateo County Courts.

Ms Moore received her Juris Doctor from the University of California, Hastings College of the Law in 1981. She received her Bachelor of Arts from the University of Santa Clara in 1978.

Ms. Moore is admitted to practice in the State of California, as well as the United States District Courts for the Northern, Eastern and Central Districts of California.

A representative sample of Ms. Moore's class action and antitrust cases includes:

*AD/SAT v. Associated Press, et al.*-- antitirust litigation alleging illegal pricing
U.S.D.C. S.D.N.Y.; Case No. 94-civ-6655 (PKL)

*In Re: Airline Ticket Commission Antitrust Litigation*- antitrust class action alleging that the airlines conspired to fix travel agents' commission rates
U.S.D.C. Minn Fourth Division;MDL Docket No. 1058 Master File No. 4-95-107 (all actions combined)

*AD/SAT v. McClatchy Newspapers, Inc.*-- anititrust litigation alleging and illegal pricing conspiracy U.S.D.C. for the Eastern District of California; Case No. CIV-S-95-1387 (DFL) (PAN)

*Neve Brothers, et al. v. Potash Corporation of Saskatechewan, et al.*-- antitrust class action of inidrect purchasers of potash.
Sup. Ct. CA S.F. Case No. 959767; Ct. App. CA, 1st Dist..

*Notz et al v Ticketmaster-Southern Californai, Inc. et al.* --antitrust consumer class action alleging a territorial allocation in violation of the Cartwright Act
Sup. Ct. CA S.F. Case No. 943-327

*Cosmetics Antitrust Litigation*--antitrust class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics   Sup. Ct CA Marin J.C.C.P. 4056; USDC N.D.CA No. 3:03 cv-03359 SBA

*Automobile Antitrust Litigation* I, II  JCCP 4298 and 4303—antitrust statewide class action by indirect purchasers alleging a price fixing conspiracy. Sup.Ct. CA S.F; J.C.C.P. Nos. 004298, 004303;U.S.D.C. for the District of Maine; MDL 03-md-1532

*Clayworth, et al. v. Pfizer, Inc., et al.*--antitrust action by indirect purchaser retail pharmacists alleging a price fixing conspiracy. against major drug manufacturers
Sup. Ct. CA Alameda Case No. 04172428

*In Re Nasdaq Market Makers Antitrust Litigation* --antitrust nationwide class action alleging a price fixing conspiracy MDL 1023 94 Civ. 3996 (RWS)

*Breaux v Agency Rent a Car; USDC N.D. CA*--class action of employees of rental car company

*In Re Tableware Litigation;* antitrust action alleging illegal pricing and boycott U.S.D.C. Case No. C-04-3514 VRW

*Theresa D. Moore*

12



 **ALIOTO** **LAW·FIRM**

**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |
|---------|---------|-------|------------|------------|---------|

   

## Antitrust - Unfair Competition - Complex Litigation
### *United States and Foreign Markets*

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200   info@aliotolaw.com

| **MISSION** | **HISTORY** | **CASES** | **INDUSTRIES** | **CONSULTING** | **CONTACT** |

- M i s s i o n -

**The Alioto Law Firm** is a true architect in the Antitrust arena. Its founder *Joseph M. Alioto* is a pioneer in prosecuting private plaintiff's antitrust actions. The Firm was founded upon a vision that competition is not a privilege, but rather a right of all businesses and individuals, great and small; and the right of all consumers to have the benefits of free competition. The Alioto Law Firm is steeped in a legacy of innovation, excellence, and ultimately, success and is committed to pursuing this proud tradition of equality and opportunity in the marketplace.

SITE DESIGN BY CREATIVE:MINT



 **ALIOTO**
**LAW·FIRM**

**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

## - H i s t o r y -



*Joseph M. Alioto* is an experienced trial attorney with an unprecedented successful legacy of antitrust actions in the United States. Joseph M. Alioto has represented plaintiffs in some of the largest monetary judgments in the history of the Antitrust Laws and has argued before the United States Supreme Court.

Mr. Alioto received his Juris Doctorate from the University of San Francisco School of Law in 1968, was admitted to practice before the Supreme Court of California in January 1969 and since that time has become a nationally acclaimed litigator. He has argued antitrust cases and is a member of or was admitted pro hac vice to the following United States Courts of Appeal for the following circuits:  the First Circuit in Boston, Massachusetts; the Second Circuit in New York, New York; the Third Circuit in Philadelphia, Pennsylvania; the Fourth Circuit in Richmond, Virginia; the Fifth Circuit in New Orleans, Louisiana; the Sixth

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900 *Fax* (415) 434-9200 info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

# - H i s t o r y -



Circuit in New York, New York; the Third Circuit in Philadelphia, Pennsylvania; the Fourth Circuit in Richmond, Virginia; the Fifth Circuit in New Orleans, Louisiana; the Sixth Circuit in Cincinnati, Ohio; the Eighth Circuit in St. Louis, Missouri; the Ninth Circuit in San Francisco, Los Angeles and Pasadena, California; the Tenth Circuit in Denver, Colorado and Oklahoma City and appeals in antitrust decisions from Georgia before it split into the Eleventh Circuit. He has prosecuted private antitrust actions in which he is either a member or was admitted pro hac vice in the following United States District Courts: San Francisco, Sacramento, Los Angeles and San Diego, California; Boston, Massachusetts; New York, New York; Philadelphia, Pennsylvania; Newark and Trenton, New Jersey; Wilmington, Delaware; Alexandria, Virginia; Washington, D.C.; Lexington, Kentucky; Atlanta, Georgia; New Orleans, Louisiana; Dallas, Fort Worth, Amarillo, Sherman, Austin, San Antonio and Laredo, Texas; St. Louis, Missouri; Minneapolis, Minnesota; Chicago, Illinois; Detroit, Michigan; Cleveland/Youngstown, Ohio; Oklahoma City and Tulsa, Oklahoma; Wichita,

SITE DESIGN BY CREATIVE:MINT



**ALIOTO LAW·FIRM**

**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |
|---------|---------|-------|------------|------------|---------|

- H i s t o r y -

New Orleans, Louisiana; Dallas, Fort Worth, Amarillo, Sherman, Austin, San Antonio and Laredo, Texas; St. Louis, Missouri; Minneapolis, Minnesota; Chicago, Illinois; Detroit, Michigan; Cleveland/Youngstown, Ohio; Oklahoma City and Tulsa, Oklahoma; Wichita, Kansas; Albuquerque, New Mexico; Denver, Colorado; Salt Lake City, Utah; Boise, Idaho; Seattle/Tacoma, Washington; Portland, Oregon; Phoenix, Arizona; Las Vegas and Reno, Nevada; and Honolulu, Hawaii. He has also prosecuted antitrust cases in the state courts.

In his distinguished career Joseph M. Alioto has represented independent companies and corporations of all sizes, farmers, inventors, patent holders, manufacturers, suppliers, wholesalers, retailers, distributors, unions, consumers, and entrepreneurs against foreign as well as domestic corporations. The cases the Alioto Law Firm has tried have involved every major industry from manufacturing to service, trading to finance, supply to retail, transportation to mining, foreign and domestic.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900 *Fax* (415) 434-9200 info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

### - C a s e s -

**The Alioto Law Firm** has engaged over 350 antitrust cases, and has tried approximately one hundred antitrust trials in federal and state court involving issues relating to monopolization, attempts to monopolize, conspiracies to monopolize, price fixing, group boycotts, market and customer allocations, tie-in arrangements, exclusive dealing, commercial bribery, unlawful acquisitions and mergers, discriminatory pricing, predatory pricing, interlocking directorates, and other anti-competitive conduct.

These trials averaged between three weeks and seven months.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

- I n d u s t r i e s -

The Alioto Law Firm's more than 350 antitrust cases have involved a number of industries including accounting, advertising, agricultural seeds and products, airlines, aluminum, appraisals, asphalt, automobiles, banking, barges, beef, beer, beets, brokerage, cable, casino advertising, cement, compact discs, computer batching, computers, construction, consumer electronic products, copyrights, corn wetmilling, cosmetics, crude oil, custom manufacturing, distilled spirits, distribution, electronic thermometers, electronics, entertainment, farm equipment, football, fructose, glass, golf and other sports restrictions, hardware and software, healthcare, heavy piping, hogs, hospitals, ice cream, insurance, intellectual property, international trading in commodities, iron production and distribution, lamb, livestock, medical equipment, medical insurance, medical supplies, minerals, milk, mining, mortgage banking, movie production, distribution and exhibition, moving and storage, network electronics, newspapers, oil, optic fibers, overhead doors, pacemakers, patents, peripheral manufacturers,



SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

- Industries -

newspapers, oil, optic fibers, overhead doors, pacemakers, patents, peripheral manufacturers, pharmaceuticals, photo-finishing, physicians, plastics, potatoes, potash, potato chips, processing, professionals and professional services, publishing, railroads, real estate, rental cars, retailing, refined oil, rendering, satellites manufacturing, services and equipment, securities, shipping, ship-to-shore telecommunication and satellites, soda ash, soft drinks, software, steam shipping, steel production and distribution, sugar, sugar beets, tax preparation, telephone, telecommunication, theaters, thoroughbred horses, tickets, tobacco, trademarks, trading, transcutaneous electronic nerve stimulator, travel industries, trucking, VCR's, veterinarians, wheat, wine, wool, and others.

Of these cases approximately 100 to 150 were published (mostly appeals).

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900   *Fax* (415) 434-9200   info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |
| --- | --- | --- | --- | --- | --- |

- Consulting & Testimony -

## CONSULTING

With its great depth and diverse experience in the antitrust arena, The Alioto Law Firm provides knowledgeable and practical advise on complex antitrust and unfair competition matters to both domestic and international clients. Joseph M. Alioto frequently consults on strategy and tactics for both plaintiffs as well as defendants and serves as a member on a number of boards.

## TESTIMONY

Due to Joseph M. Alioto's national recognition as one of the leading antitrust attorneys in the United States, he is frequently asked to give testimony related to pending antitrust legislation.  He has done so before the Judiciary Committee of the United States Senate, the Judiciary and Maritime Committees of the United States House of Representatives, the Judiciary Committee of the Senate and Assembly of the State of California.

SITE DESIGN BY CREATIVE:MINT



**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

- Consulting & Testimony -

Mr. Alioto has also had national televised debates with United States Antitrust Division Chiefs, including William Baxter, Assistant Attorney General, Antitrust Division, on CNN, and Charles Rule, Assistant Attorney General, Antitrust Division on FNN, as well as being a guest on national programs such as "Hard Ball" with Christopher Matthews, the McNeil Lehrer Report and others.

Mr. Alioto has given dozens of lectures at American Bar Associations, State Bar Associations, law schools, universities and symposiums on the antitrust laws.  His topics have varied from practical instruction, "How to Try an International Antitrust Case," to philosophical underpinnings of the antitrust laws, "Adam Smith Antitrust and the United States."

Mr. Alioto is frequently interviewed on radio and television and quoted in the written media, including national magazines and major national newspapers (*USA Today* and *Wall*



SITE DESIGN BY CREATIVE:MINT

 **ALIOTO LAW·FIRM**

**Alioto Law Firm**
555 California Street, Thirty-First Floor, San Francisco, California 94104
*Tel* (415) 434-8900  *Fax* (415) 434-9200  info@aliotolaw.com

| MISSION | HISTORY | CASES | INDUSTRIES | CONSULTING | CONTACT |

- C o n s u l t i n g   &   T e s t i m o n y -



Mr. Alioto has given dozens of lectures at American Bar Associations, State Bar Associations, law schools, universities and symposiums on the antitrust laws.  His topics have varied from practical instruction, "How to Try an International Antitrust Case," to philosophical underpinnings of the antitrust laws, "Adam Smith Antitrust and the United States."

Mr. Alioto is frequently interviewed on radio and television and quoted in the written media, including national magazines and major national newspapers *(USA Today and Wall Street Journal)* and major metropolitan newspapers throughout the country *(i.e., New York Times, Chicago Sun Times, Los Angeles Times, San Francisco Chronicle and Examiner, Washington Post, Dallas Morning News, Atlanta Constitution, Miami Herald, Denver Post, Boston Globe)*

TOP OF PAGE

SITE DESIGN BY CREATIVE:MINT

# ALIOTO LAW FIRM

1 SANSOME STREET, 35ᵗʰ FL
SAN FRANCISCO, CALIFORNIA 94104
(415) 434-8900 • FAX (415) 434-9200

**Joseph M. Alioto**

Joseph M. Alioto has prosecuted private antitrust cases for the last forty-six years. He has tried and won more or as many antitrust cases as any other attorney in the country. He has represented farmers, independent companies, inventors, patent holders, manufacturers, suppliers, wholesalers, retailers, distributors, unions, consumers, and entrepreneurs against foreign as well as domestic corporations. Mr. Alioto's cases involve every major industry from manufacturing to service, trading to finance, supply to retail, transportation to mining, foreign and domestic.

## COURT MEMBERSHIP

Mr. Alioto has argued antitrust appeals on behalf of plaintiffs in the United States Supreme Court and all twelve Circuit Courts of Appeals. He has represented antitrust plaintiffs in federal court in almost every state in the country. He has appeared before the California Supreme Court, every California appellate district, and has tried cases in every major California city.

- United States Supreme Court

- United States Court of Appeals for the First Circuit
- United States Court of Appeals for the Second Circuit
- United States Court of Appeals for the Third Circuit
- United States Court of Appeals for the Fourth Circuit
- United States Court of Appeals for the Fifth Circuit
- United States Court of Appeals for the Sixth Circuit
- United States Court of Appeals for the Seventh Circuit
- United States Court of Appeals for the Eighth Circuit
- United States Court of Appeals for the Ninth Circuit
- United States Court of Appeals for the Tenth Circuit
- United States Court of Appeals for the Eleventh Circuit
- United States Court of Appeals for the District of Columbia Circuit

- United States District Courts, Pro Hac Vice: Mr. Alioto has tried antitrust cases in the federal District Courts in some forty states including courts in New York, New York

Boston, Massachusetts; Atlanta, Georgia; Minneapolis, Minnesota; Wichita Kansas; Fort Worth, Dallas, and Amarillo, Texas; Las Vegas and Reno, Nevada; Boise, Idaho; Seattle/Tacoma, Washington; Salt Lake City, Utah; Honolulu, Hawaii; Phoenix, Arizona; Albuquerque, New Mexico; Philadelphia, Pennsylvania; and others.

## ANTITRUST CASES SINCE 1969

Since 1969, Mr. Alioto has represented antitrust plaintiffs in more than 300 cases involving various industries, including:

| | | | |
|---|---|---|---|
| Accounting | Computers | Mining | Satellites Services |
| Advertising | Construction | Mortgage Banking | and Equipment |
| Agriculture | Consumer | N.F.L. Football | Shipping |
| Air Transportation | Electronics | Newspapers | Soda Ash |
| Aluminum | Corn Wet Milling | Oil | Soft Drinks |
| Appraising | Cosmetics | Optic Fibers | Steam Shipping |
| Automobiles | Distilled Spirits | Overhead Doors | Telecomm. |
| Barges | Distribution | Pacemakers | Tickets |
| Cable Television | Farm Equipment | Peripheral Mftring | Trading |
| Cattle Ranching | Glass | Photo-Finishing | Travel Industries |
| Compact Discs | Health Care | Potash | Trucking |
| Computer | Hospitals | Potatoes | Wheat |
| Hardware | Ice Cream | Processing | Wool Mftring |
| Computer | Insurance | Professional Svcs. | and others |
| Network | Livestock | Publishing | |
| Computer | Medical Devices | Rendering | |
| Software | Milk | Retailing | |

## ANTITRUST TRIALS

Mr. Alioto has tried and won more or as many antitrust cases as any attorney in the country. A sampling of his trials, which last anywhere from three weeks to seven months, include the following:

*Gary v. Shell* (Oil)
*Hallmark v. Reynolds* (Alumina)
*Treasure Valley Potato Growers v. Ore-Ida* (Potatoes)
*Fulhurst v. Maytag* (electronic ticketing)

*Joseph M. Alioto*

2

*Chisholm v. International Harvester* (farm equipment)
*Kohn v. Maricopa Rendering* (rendering)
*De Voto v. Bankers Mortgage* (mortgage banking)
*Janich v. American Distilling* (distilled spirits)
*Bray v. Safeway Stores* (cattle/beef)
*Cointronics v. Burroughs* (computer processing)
*TwoDoor v. Overhead Door* (electronic doors)
*Kaplan v. Burroughs* (computer processing)
*Aloha Airlines v. Hawaiian Airlines* (passenger air transportation)
*Bubble-Up v. Coca-Cola* (soft drinks)
*Selton v. PT&T* (yellow page publishing)
*Dimmitt v. CPC International* (corn wet milling)
*Broadway v. UPS* (delivery/consolidation service)
*McDonald v. Johnson & Johnson* (TENS/pacemakers)
*Rickards v. CERF* (veterinarians)
*Adams Construction* (construction)
*Ringsby v. Consolidated Freightways* (long haul trucking)
*Lightwave v. Corning* (optic fiber)
*Metropolitan News v. Daily Journal* (newspaper publishing)
*Las Vegas Sun v. Summa Corp.* (advertising/publishing)
*Syufy v. American Theaters* (motion picture production and exhibition)
*Forro v. IBM* (computer/peripheral manufacturers)
*Amec v. Johnson & Johnson* (electronic medical equipment)
*Filco v. Amana* (consumer electronic sales)
*United States v. Rice Growers* (rice)
*Go-Video v. Matsushita* (VCRs)
*Blue Cross v. HCA* (hospitals/insurance)
*Southern Publishing v. Lesher Publishing* (newspapers)
*Rao v. S/T Hospitals* (physicians)
*Los Angeles Raiders v. NFL* (professional football)
*Baldareli v. H&R Block* (tax preparation)
*Latian v. Banco do Brasil* (foreign finance)
*Anderson v. Deloitte, Touche & Ross* (accounting)
*Montreal Trading v. MIC* (international potash trading)
*King v. National Benevolent Association* (real estate)
*Reilly v. Hearst Newspaper Corporation* (newspapers)
*Raiders v. National Football League* (football)
*IREF v. Arthur Andersen* (accounting)

*Joseph M. Alioto*                                                                                                3

## TRIALS OF SPECIAL NOTE

Mr. Alioto has twice set the record for the largest judgments in the history of the Antitrust Laws:

- *Bray v. Safeway*, largest judgment in the history of the antitrust laws up to that date (1974, $32 million).

- *McDonald v. Johnson & Johnson*, largest judgment for individuals in the history of the antitrust laws up to that date (1981, $170 million).

## LECTURES ON ANTITRUST

Approximately 10-20 at American Bar Association, State Bar Associations, Law Schools, Symposia, etc. Topics have varied from practical instruction (*e.g.* "How To Try An International Antitrust Case") to philosophical underpinning of the antitrust laws (*e.g.* "Adam Smith, Antitrust, and the United States.")

## CONGRESSIONAL TESTIMONY

- United States Senate, Judiciary Committee; United States Congress, Judiciary, Maritime Committees; California Senate

- United States Senate Judiciary Committee hearing regarding "Consolidation in the Oil and Gas Industry:  Raising Prices?"

## TELEVISED DEBATES WITH REAGAN/BUSH ADMINISTRATION DEPARTMENT OF JUSTICE CHIEFS

- William Baxter, Assistant Attorney General, Antitrust Division; CNN

- Charles Rule, Assistant Attorney General, Antitrust        Division; FNN

## ANTITRUST CASES REPORTED

The following is a list of Mr. Alioto's cases that have been published in official reporters, and it therefore represents only a small fraction of his historical case file.

*Joseph M. Alioto*

4

1. *Texaco Inc. v. Dagher*, Nos. 04-805 & 04-814, SUPREME COURT OF THE UNITED STATES, 547 U.S. 1 (2006).

2. *AD/SAT v. AP*, Docket No. 96-7304, UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, 181 F.3d 216 (1999)

3. *Alpha Lyracom Space Communs. v. COMSAT Corp.*, Docket No. 96-9283, UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, 113 F.3d 372 (1997).

4. *Am. Channel, LLC v. Time Warner Cable, Inc.* , Civil No. 06-2175 (DWF/SRN) , UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA , 2007 U.S. Dist. LEXIS 3484 (2007).

5. *Assigned Container Ship Claims, Inc. v. American President Lines, Ltd.*, No. 85-1978, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 784 F.2d 1420 (1986).

6. *AT&T Corp. v. JMC Telecom, LLC*, No. 05-1304 , UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT , 470 F.3d 525 (2006).

7. *Azizian v. Federated Dep't Stores, Inc.*, No. C 03-3359 SBA , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (2006).

8. *Betz v. Trainer Wortham & Co.*, No. 05-15704, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT (2007).

9. *Black v. Acme Markets, Inc.*, No. 76-3040, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 564 F.2d 681 (1977).

10. *Cinema Service Corp. v. Twentieth Century-Fox Film Corp.*, Civ. A. No. 77-265 B, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, 477 F. Supp. 174 (1979).

11. *CSY Liquidating Corp. v. Harris Trust & Sav. Bank*, No. 96 C 1216, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION (1998).

*Joseph M. Alioto*

12. *Dollar Rent A Car Systems, Inc. v. Hertz Corp.*, No. C-75-2650-CBR, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 434 F. Supp. 513 (1977).

13. *EEOC v. Local Union No. 38*, Civil Action No. C 73-0645 SC., United States District Court for the Northern District of California. (1981).

14. *Enron Corp. Secs. v. Enron Corp.*, MDL-1446, CIVIL ACTION NO. H-01-3624, CONSOLIDATED CASES , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION , 439 F. Supp. 2d 692 (2006).

15. *Feinstein v. Nettleship Co. of Los Angeles*, Nos. 77-3998, 82-5698, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 714 F.2d 928 (1983).

16. *Gibson v. Greater Park City Co.*, Civil No. C-81-0823W., United States District Court for the District of Utah, Central Division. (1984).

17. *Golden State Transit Corp. v. Los Angeles*, CA No. 83-5903, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 726 F.2d 1430 (1984).

18. *Go-Video v. Motion Picture Ass'n of Am.* (In re Dual-Deck Video Cassette Recorder Antitrust Litig.), No. 92-15967, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 10 F.3d 693 (1993).

19. *Go-Video, Inc. v. Akai Electric Co.*, No. 88-2900, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 885 F.2d 1406 (1989).

20. *High Tech. Careers v. San Jose Mercury News*, CIVIL NO. 90-20579 SW, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (1994).

21. *Hilo v. BP Exploration & Oil*, No. 95-56545, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT (1997).

22. *Hilo v. Exxon Corp.*, No. 92-56496, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 997 F.2d 641 (1993).

*Joseph M. Alioto*                                                                                     6

23. *Horizons International, Inc. v. Baldrige*, Nos. 86-1135, 86-1144, UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT, 811 F.2d 154 (1987).

24. *In re Airport Car Rental Antitrust Litigation*, No. 81-4399, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 693 F.2d 84 (1982).

25. *In re Beef Industry Antitrust Litigation*, MDL No. 248, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION, 542 F. Supp. 1122 (1982).

26. *In re Municipal Bond Reporting Antitrust Litigation*, No. 80-2012, UNITED STATES COURT OF APPEALS, FIFTH CIRCUIT, 672 F.2d 433 (1982).

27. *In re Tableware Antitrust Litig.*, No C-04-3514 VRW , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA  (2007).

28. *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, Civ. A. No. 79-1127, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, 565 F. Supp. 167 (1981).

29. *Jacobs v. G. Heileman Brewing Co.*, Civil Action No. 82-736, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 551 F. Supp. 639 (1982).

30. *Johnston v. IVAC Corp.*, No. 88-1639, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 885 F.2d 1574 (1989).

31. *Kalmanovitz v. G. Heileman Brewing Co.*, No. 84-5682, UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT, 769 F.2d 152 (1985).

32. *Lec Tec Corp. v. Johnson & Johnson*, Civil No. 3-81-644; Civil No. 4-79-189., United States District Court for the District of Minnesota, Fourth Division (1982).

33. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, Nos. 83-5907, 83-5908, 83-5909, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 791 F.2d 1356 (1986).

34. *McDonald v. Johnson & Johnson*, Civ. No. 4-79-189, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA, FOURTH DIVISION, 537 F. Supp. 1282 (1982)

*Joseph M. Alioto*

7

35. *Montreal Trading, Ltd. v. Amax, Inc.*, No. 79-1999, UNITED STATES COURT OF APPEALS, TENTH CIRCUIT, 661 F.2d 864 (1981).

36. *National Ass'n of Review Appraisers & Mortgage Underwriters v. Appraisal Found.*, No. 94-2689, No. 94-3074, UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT, 64 F.3d 1130 (1995).

37. *Newby v. Enron Corp. (In re Enron Corp. Secs., Derivative & ERISA Litig.)*, MDL-1446, CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION (2007).

38. *Omni Resource Dev. Corp. v. Conoco, Inc.*, No. 82-4615, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 739 F.2d 1412 (1984).

39. *Ostrofe v. H. S. Crocker Co.*, No. 77-3985, UNITED STATES COURT OF APPEALS, NINTH CIRCUIT, 670 F.2d 1378 (1982).

40. *Overhead Door Corp. v. Nordpal Corp.*, No. 4-75-Civ. 523., United States District Court for the District of Minnesota, Fourth Division. (1978).

41. *Pabst Brewing Co. v. Kalmanovitz*, Civil Action No. 82-711, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 551 F. Supp. 882 (1982).

42. *Paramount Film Distributing Corp. v. Civic Center Theatre, Inc.*, Nos. 7565, 7566, 7573, 7585, UNITED STATES COURT OF APPEALS TENTH CIRCUIT, 333 F.2d 358 (1964).

43. *Phototron Corp. v. Eastman Kodak Co.*, No. 88-1128, UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, 842 F.2d 95 (1988).

44. *Reazin v. Blue Cross & Blue Shield, Inc.*, No. 85-6027-K, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS, 663 F. Supp. 1360 (1987).

45. *Reilly v. Medianews Group, Inc.*, No. C 06-04332 SI , UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA (2007).

*Joseph M. Alioto*

46. *Spanish International Communications Corp., SIN, Inc. v. Leibowitz*, Case No. 84-0655-Civ-Aronovitz, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, 608 F. Supp. 178 (1985).

47.  *Stratmore v. Goodbody*, No. 88-5130, UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT, 866 F.2d 189; 1989 U.S. App. LEXIS 492 (1989).

48.  *Syufy Enterprises v. National General Theatres, Inc.*, No. 76-2003, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 575 F.2d 233 (1978).

49. *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, No.  76-3428, UNITED STATES COURT OF APPEALS, NINTH CIRCUIT, 594 F.2d 730 (1979).

50. *Transeuro Amertrans Worldwide Moving & Relocations, Ltd. v. Conoco, Inc.*, No. 02-5174 , UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT , 95 Fed. Appx. 288 (2004).

51. *Traweek v. San Francisco*, No. C 83-5640 TEH, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 659 F. Supp. 1012 (1985).

52.  *Turner v. Johnson & Johnson*, Civil Action No. 79-2259-MC, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, 549 F. Supp. 807 (1982).

53.  *Turner v. Johnson & Johnson*, Nos. 86-1211, 86-1212, UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 809 F.2d 90 (1986).

54.  *Unioil, Inc. v. E.F. Hutton & Co.*, No. 85-6024, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 809 F.2d 548 (1986).

55. *United Ass'n Local 38 Pension Trust Fund v. Aetna Cas. & Sur. Co.*, No. 84-2667, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 790 F.2d 1428 (1986).

56. *United States v. G. Heileman Brewing Co.*, Civil Action No. 82-750, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE, 563 F. Supp. 642 (1983).

57. *Unocal Corp. v. Kaabipour*, No. 97-56324, No. 98-56216, No. 98-56631, No. 98-56365, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 177 F.3d 755 (1999).

58. *Wang & Wang, LLP v. Banco Do Brasil, S.A.*, No. Civ. S-06-00761 DFL KJM , UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA  (2007).

59. *Zinser v. Continental Grain Co.*, Nos. 79-2296, 79-2310, UNITED STATES COURT OF APPEALS, TENTH CIRCUIT, 660 F.2d 754 (1981).

**Theresa D. Moore**

Ms. Moore specializes in trial practice and mediation. Her substantive legal focus includes antitrust, unfair competition, business, consumer and complex class actions. Ms. Moore has been representing antitrust plaintiffs with the Alioto Law Firm since 1981. She has been lead counsel in over 100 trials, including civil and criminal trials as a Deputy District Attorney in San Francisco.

Ms. Moore is a Judge Pro Tem for the State of California in San Francisco Superior Court. She is a distinguished Professor Adjunct in Trial Advocacy and Evidence at the University of California, Hastings College of Law. She has served as keynote speaker and co-chair for the National College of Advocacy.

Ms. Moore is also a California Certified Mediator and Special Master. She has successfully mediated approximately 150 cases for private and government organizations, including the Federal Equal Employments Opportunity Commission, Multi-Option ADR Project, State of California  First District Court of Appeal , Conflicts Resolution Center, San Francisco Superior Court, and the San Mateo County Courts.

Ms Moore received her Juris Doctor from the University of California, Hastings College of the Law in 1981. She received her Bachelor of Arts from the University of Santa Clara in 1978.

Ms. Moore is admitted to practice in the State of California, as well as the United States District Courts for the Northern, Eastern and Central Districts of California.

A representative sample of Ms. Moore's class action and antitrust cases includes:

*AD/SAT v. Associated Press, et al.*-- antitrust litigation alleging illegal pricing
U.S.D.C. S.D.N.Y.; Case No. 94-civ-6655 (PKL)

*In Re: Airline Ticket Commission Antitrust Litigation*- antitrust class action alleging that the airlines conspired to fix travel agents' commission rates
U.S.D.C. Minn Fourth Division;MDL Docket No. 1058 Master File No. 4-95-107 (all actions combined)

*AD/SAT v. McClatchy Newspapers, Inc.*-- anititrust litigation alleging and illegal pricing conspiracy  U.S.D.C. for the Eastern District of California; Case No. CIV-S-95-1387 (DFL) (PAN)

*Neve Brothers, et al. v. Potash Corporation of Saskatechewan, et al.*--  antitrust class action of inidrect purchasers of potash.
Sup. Ct. CA S.F. Case No. 959767; Ct. App. CA, 1st Dist..

*Theresa D. Moore*                                                                                           11

*Notz et al v Ticketmaster-Southern Californai, Inc. et al.* --antitrust consumer class action alleging a territorial allocation in violation of the Cartwright Act
Sup. Ct. CA S.F. Case No. 943-327

*Cosmetics Antitrust Litigation*--antitrust class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics   Sup. Ct CA Marin J.C.C.P. 4056; USDC N.D.CA No. 3:03 cv-03359 SBA

*Automobile Antitrust Litigation* I, II  JCCP 4298 and 4303—antitrust statewide class action by indirect purchasers alleging a price fixing conspiracy. Sup.Ct. CA S.F; J.C.C.P. Nos. 004298, 004303;U.S.D.C. for the District of Maine; MDL 03-md-1532

*Clayworth, et al. v. Pfizer, Inc., et al.*--antitrust action by indirect purchaser retail pharmacists alleging a price fixing conspiracy. against major drug manufacturers
Sup. Ct. CA Alameda Case No. 04172428

*In Re Nasdaq Market Makers Antitrust Litigation* --antitrust nationwide class action alleging a price fixing conspiracy MDL 1023 94 Civ. 3996 (RWS)

*Breaux v Agency Rent a Car; USDC N.D. CA*--class action of employees of rental car company

*In Re Tableware Litigation;* antitrust action alleging illegal pricing and boycott U.S.D.C. Case No. C-04-3514 VRW

*Theresa D. Moore*                                                                                          12

**Angelina Alioto-Grace**

Mrs. Alioto-Grace is a general commercial litigator with a focus in antitrust, complex business tort, class action, intellectual property, unfair competition, and racial discrimination. Her experience includes both trial and appellate advocacy in the federal and state courts. Mrs. Alioto-Grace's responsibilities include all aspects of trial preparation from opening statement through argument. Additional pre-trial responsibilities include initiating pleadings, all phases of discovery, client retention and management, and settlement negotiation.

Mrs. Alioto-Grace is admitted to practice in the State of California, the State of New York, the Commonwealth of Massachusetts, the United States Supreme Court, the Ninth Circuit Court of Appeals, the United States District Court for the Northern District of California and the United States District Courts for the Southern and Eastern Districts of New York.

Mrs. Alioto-Grace is a former associate of Akin, Gump, Strauss, Hauer & Feld L.L.P. in New York, New York. She received her Juris Doctorate in 1995 from the Georgetown University Law Center. After law school, Mrs. Alioto-Grace clerked for the Office of the Counsel to the President of the United States.

**Thomas P. Pier**

Mr. Pier practices antitrust litigation with the Alioto Law Firm.  He is admitted to practice in the State of California, as well as the United States District Court for the Northern District of California.  Since joining the Alioto Law Firm in 2005, Mr. Pier has been involved in antitrust litigation in the fields of transportation, communications, pharmaceuticals, and building controls.  Mr. Pier's primary responsibilities are in the coordination of discovery matters.

Mr. Pier received a Juris Doctorate from the University of San Francisco in 2004.  Mr. Pier also received a Master of Arts in Journalism from the University of Texas, Austin in 2003, and a Bachelor of Arts in Public Policy from Brown University in 1995.

# EXHIBIT 2

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | | |
| Reporting Year | 2007-2008 Discounted | | | | | | | | | | | | | | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | $ 695.00 | 2.0 | 0.0 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.5 | 0.0 | 0.0 | 9.5 | |
| | $ 600.00 | | | | | | | | | | | | | | $ 5,700.50 |
| 2008 | $ 725.00 | 12.0 | 0.0 | 1.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 5.0 | 5.7 | 0.0 | 0.0 | 23.8 | $ 17,218.75 |
| 2009 | $ 750.00 | 4.5 | 2.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 7.4 | 1.3 | 0.0 | | $ - |
| 2010 | $ 750.00 | 4.3 | 1.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 12.3 | 0.0 | 0.0 | | $ - |
| 2011 | $ 750.00 | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5.4 | 2.2 | 0.0 | | $ - |
| 2012 | $ 750.00 | 5.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.6 | 3.0 | 12.2 | 2.6 | 0.0 | | $ - |
| 2013 | $ 775.00 | 5.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 2.5 | 8.7 | 1.0 | 0.0 | | $ - |
| 2014 | $ 785.00 | 5.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.9 | 7.3 | 4.3 | 0.0 | | |
| 2015 | $ 795.00 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.0 | 0.0 | 9.1 | 4.0 | 0.0 | | $ (0.00) |
| 07-08 Total | | 14.0 | 0.0 | 2.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 3.5 | 0.0 | 0.0 | 33.3 | $ 22,919.25 |

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

STATUS:
(P)   Partner
(OC)  Of Counsel
(A)   Associate
(LC)  Law Clerk
(PL)  Paralegal
(I)   Investigator

EXHIBIT 1
IN RE CATHORADE RAY RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | | |
| Reporting Year | 2007 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 695.00 | 2.0 | 0.0 | 1.5 | | | | | | 2.5 | 3.5 | | | 9.5 | $ 6,602.50 |
| Discounted+ rate | $ 600.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ (902.00) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Discounted | $ 600.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.0 | 0.0 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.5 | 0.0 | 0.0 | 9.5 | $ 5,700.50 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | | |
| Reporting Year | 2008 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 725.00 | 17.5 | 2.0 | 1.1 | | | | | | 2.0 | 56.1 | | | 78.7 | $ 57,057.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| Discount | | -5.1 | -0.9 | -1.1 | | | | | | 3.0 | -50.5 | | | -54.6 | $ (39,838.75) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 12.4 | 1.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 5.0 | 5.7 | 0.0 | 0.0 | 24.2 | $ 17,218.75 |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | | |
| Reporting Year | 2009 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 4.5 | 2.1 | | | | | | | 7.5 | 7.4 | 1.3 | | 22.8 | $ 17,062.50 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (17,062.50) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 4.5 | 2.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 7.4 | 1.3 | 0.0 | 22.8 | $ - |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
|---|---|
| Reporting Year | 2010 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 4.3 | 1.2 | | | | | | | 4.5 | 12.3 | | | 22.3 | $ 16,687.50 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (16,687.50) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 4.3 | 1.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 12.3 | 0.0 | 0.0 | 22.3 | $ - |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | | |
| Reporting Year | 2011 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 2.8 | | | | | | | | 1.0 | 5.4 | 2.2 | | 11.4 | $ 8,550.00 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (8,550.00) |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5.4 | 2.2 | 0.0 | 11.4 | $  - |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | |
| Reporting Year | 2012 | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 750.00 | 5.4 | | | | | | | 2.6 | 3.0 | 12.2 | 2.6 | | 25.8 | $ 19,312.50 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (19,312.50) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 5.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.6 | 3.0 | 12.2 | 2.6 | 0.0 | 25.8 | $ - |

**EXHIBIT 1**
**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

**CATEGORIES:**

1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts – Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
|---|---|
| Reporting Year | 2013 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 775.00 | 5.1 | | | | | | | 2.5 | 2.5 | 8.7 | 1.0 | | 19.8 | $ 15,345.00 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (15,345.00) |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | | | | | | | | | | | | 0.0 | $   - |
| | | | 5.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 2.5 | 8.7 | 1.0 | 0.0 | 19.8 | $   - |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore | | | | | | | | | | | | | | | |
| Reporting Year | 2014 | | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 785.00 | 5.6 | | | | | | | | 4.9 | 7.3 | 4.3 | | 22.1 | $ 17,348.50 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (17,348.50) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 5.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.9 | 7.3 | 4.3 | 0.0 | 22.1 | $ - |

EXHIBIT 1
IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Therea Moore | | | | | | | | | | | | | | |
| Reporting Year | 2015 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| T Moore/OC | $ 795.00 | 2.0 | | | | | | | 3.0 | | 9.1 | 4.0 | | 18.1 | $ 14,397.45 |
| Discount | | | | | | | | | | | | | | 0.0 | $ (14,397.45) |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.0 | 0.0 | 9.1 | 4.0 | 0.0 | 18.1 | $ (0.00) |

EXHIBIT 1
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Theresa Moore |
| Reporting Year | Inception through Present |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | $ 695.00 | 2.0 | 0.0 | 1.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 3.5 | 0.0 | 0.0 | 9.5 | $ 6,602.50 |
| 2008 | $ 725.00 | 17.5 | 2.0 | 1.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.0 | 56.1 | 0.0 | 0.0 | 78.7 | $ 57,057.50 |
| 2009 | $ 750.00 | 4.5 | 2.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.5 | 7.4 | 1.3 | 0.0 | 22.8 | $ 17,062.50 |
| 2010 | $ 750.00 | 4.3 | 1.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.5 | 12.3 | 0.0 | 0.0 | 22.3 | $ 16,687.50 |
| 2011 | $ 750.00 | 2.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5.4 | 2.2 | 0.0 | 11.4 | $ 8,550.00 |
| 2012 | $ 750.00 | 5.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.6 | 3.0 | 12.2 | 2.6 | 0.0 | 25.8 | $ 19,312.50 |
| 2013 | $ 775.00 | 5.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 2.5 | 8.7 | 1.0 | 0.0 | 19.8 | $ 15,345.00 |
| 2014 | $ 785.00 | 5.6 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.9 | 7.3 | 4.3 | 0.0 | 22.1 | $ 17,348.50 |
| 2015 | $ 795.00 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.0 | 0.0 | 9.1 | 4.0 | 0.0 | 18.1 | $ 14,397.45 |
| | | 49.2 | 5.3 | 2.6 | 0.0 | 0.0 | 0.0 | 0.0 | 8.1 | 27.9 | 122.0 | 15.4 | 0.0 | 230.4 | $ 172,363.45 |

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

STATUS:
(P)    Partner
(OC)   Of Counsel
(A)    Associate
(LC)   Law Clerk
(PL)   Paralegal
(I)    Investigator

# EXHIBIT E

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought A Cathode Ray Tube Product,

## A Class Action Settlement May Affect You.

> Cathode Ray Tube (CRT) Products include Cathode Ray Tubes and finished products that contain a Cathode Ray Tube such as Televisions and Computer Monitors

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- There is a lawsuit pending involving CRT Products purchased indirectly from the Defendants set out below. "Indirect" means that you did not buy the CRT Product directly from any Defendant. The lawsuit, which is brought as a Class Action, seeks: (a) nationwide injunctive relief to prohibit the Defendants' (listed below) behavior that is the subject of the lawsuit and (b) money for indirect purchasers in 24 states.

- The states receiving money include: Arizona, California, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin, and the District of Columbia.

- A Settlement has been reached with Chunghwa Picture Tubes Ltd. (called the "Settling Defendant"). The litigation is continuing against the remaining Non-Settling Defendants.

- Your legal rights are affected whether you act or don't act. This Notice includes information on the Settlement and the continuing lawsuit. Please read the entire Notice carefully.

| These rights and options—and the deadlines to exercise them—are explained in this notice. | |
|---|---|
| You can object or comment on the Settlement | *see* Question 11 |
| You may also exclude yourself from the Settlement | *see* Question 11 |
| You may go to a hearing and ask the Court to speak about the Settlement yourself | *see* Question 15 |

- The Court in charge of this case still has to decide whether to approve the Settlement. The litigation against the Non-Settling Defendants is moving towards trial.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ....................................................................................................**PAGES 3, 4**

    1.     Why is there a notice?
    2.     Who are the Defendant companies?
    3.     What is this lawsuit about?
    4.     Why is there a Settlement but the litigation is continuing?
    5.     What is a Cathode Ray Tube (CRT) Product?
    6.     What is a class action?

**THE SETTLEMENT CLASS** ............................................................................................**PAGES 4, 5, 6**

    7.     How do I know if I'm one of the Settlors?
    8.     Why does the Settlement exclude claims under the Washington
            Unfair Business Practices and Consumer Protection Act?
    9.     What does the Settlement provide?
    10.    When can I get a payment?
    11.    What are my rights in the Settlement?
    12.    What am I giving up to stay in the Settlement?

**THE SETTLEMENT APPROVAL HEARING**............................................................................**PAGE 6**

    13.    When and where will the Court decide whether to approve the
            Settlement?
    14.    Do I have to come to the hearing?
    15.    May I speak at the hearing?

**THE LAWYERS REPRESENTING YOU** ............................................................................**PAGES 7**

    16.    Do I have a lawyer in the case?
    17.    How will the lawyers be paid?

**PURCHASE RECORDS** ....................................................................................................**PAGE 7**

    18.    What steps should I take to demonstrate evidence of purchase/ownership
            of a CRT Product?

**GETTING MORE INFORMATION** ....................................................................................**PAGE 7**

    19.    How do I get more information?

## BASIC INFORMATION

### 1. Why is there a notice?

You have the right to know about the litigation and about your legal rights and options before the Court decides whether to approve the Settlement.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is called *In re Cathode Ray Tube (CRT)) Antitrust Litigation*, MDL No. 1917.   The people who sued are called Plaintiffs and the companies they sued are called Defendants.

### 2. Who are the Defendant companies?

The Defendant companies include: LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics Taiwan Taipei Co., Ltd, Koninklijke Philips Electronics N.V., Philips Electronics North America Corporation, Philips Electronics Industries (Taiwan), Ltd., Philips da Amazonia Industria Electronica Ltda., LP Displays International, Ltd. f/k/a LG.Philips Displays, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Mexico S.A. de C.V., Samsung SDI Brasil Ltda., Shenzhen Samsung SDI Co. Ltd., Tianjin Samsung SDI Co. Ltd., Samsung SDI Malaysia Sdn. Bhd., Toshiba Corporation, Toshiba America, Inc., Toshiba America Consumer Products, LLC., Toshiba America Information Systems, Inc., Toshiba America Electronics Components, Inc., Panasonic Corporation f/k/a Matsushita Electric Industrial, Ltd., Panasonic Corporation of North America, MT Picture Display Co., Ltd., Beijing-Matsushita Color CRT Company, Ltd. (BMCC), Hitachi, Ltd., Hitachi Displays, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi America, Ltd., Hitachi Asia, Ltd., Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., Chunghwa Picture Tubes (Malaysia) Sdn. Bhd., IRICO Group Corporation, IRICO Display Devices Co., Ltd., IRICO Group Electronics Co., Ltd., Thai CRT Company, Ltd., and Samtel Color, Ltd.

### 3. What is this lawsuit about?

The lawsuit claims that the Defendants conspired to fix, raise, maintain or stabilize prices of CRT Products resulting in overcharges to consumers who bought CRT Products such as Televisions and Computer Monitors.   The Defendants deny that they did anything wrong.   The Court has not decided who is right.

### 4. Why is there a Settlement but the litigation is continuing?

Only one of the Defendants has agreed to settle the lawsuit.  The case is continuing against the remaining Non-Settling Defendants.  Additional money may become available in the future as a result of a trial or future settlements, but there is no guarantee that this will happen.

### 5. What is a Cathode Ray Tube (CRT) Product?

For the purposes of the Settlement, Cathode Ray Tube (CRT) Products means Cathode Ray Tubes of any type (e.g. color display tubes, color picture tubes and monochrome display tubes) and finished products which contain Cathode Ray Tubes, such as Televisions and Computer Monitors.

## 6. What is a class action?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All these people are a class or class members, except for those who exclude themselves from the class.

If the Plaintiffs obtain additional money or benefits as a result of a trial or future settlement(s), you will be notified about how to ask for a share or what your other options are at that time. These things are not known right now. Important information about the case will be posted on the website, www.CRTsettlement.com, as it becomes available. Please check the website to be kept informed about any future developments.

### THE SETTLEMENT CLASS

## 7. How do I know if I am one of the Settlors?

The Settlement Class ("Settlors") includes any person or business that indirectly bought in the U.S. (excluding claims under the Washington Unfair Business Practices and Consumer Protection Act) from March 1, 1995 through November 25, 2007, any CRT Product made by the Defendants. Both consumers and resellers are included in the Settlement Class. Also excluded are governmental entities.

## 8. Why does the Settlement exclude claims under the Washington Unfair Business Practices and Consumer Protection Act?

Based on a motion by the Washington Attorney General, the Special Master in this case has determined that the settlement may not release claims under the Washington Unfair Business Practices and Consumer Protection Act because only the Washington Attorney General may release those claims.

## 9. What does the Settlement provide?

The Settlement provides for the payment by Settling Defendant of $10,000,000 in cash, plus interest, to the Settlors. It also provides that the Settling Defendant will furnish information about the case, including other Defendants' involvement in the alleged conspiracy, to Class Counsel. Finally, it provides that part of the $10 million settlement fund may be used to pay expenses incurred in the litigation.

More details are in the Settlement Agreement, available at www.CRTsettlement.com.

## 10. When can I get a payment?

No money will be distributed to Settlors yet. The lawyers will pursue the lawsuit against the Non-Settling Defendants to see if any future settlements or judgments can be obtained in the case and then be distributed together to reduce expenses. It is possible that money will be distributed to organizations who are, as nearly as practicable, representative of the interests of indirect purchasers of CRT Products instead of Settlors themselves if the cost to process claims would

result in small payments to Settlors. Regardless of whether the money is distributed to organizations or the Settlors themselves, the money from the current settlement, will first be allocated amongst the 24 states listed on page 1 of this notice, so that each state receives its pro rata share. Each state's pro rata share shall be determined by computing its population as a percentage of the total population of all 24 states using census figures from the year 2000.

### 11. What are my rights in the Settlement?

**Remain in the Settlement**: If you wish to remain a participant in the Settlement you do not need to take any action at this time.

**Get out of the Settlement**: If you wish to keep your right to sue the Settling Defendant about the claims of the class in this case, you must exclude yourself. You will not be entitled to receive any money from this Settlement if you exclude yourself from the Settlement.

To exclude yourself from the Settlement, you must send a letter that includes the following:
- Your name, address and telephone number;
- A statement saying that you want to be excluded from *In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917, Chunghwa Settlement; and
- Your signature.

You must mail your exclusion request, postmarked no later than **February 1, 2012**, to:

**CRT Indirect Exclusions**
**c/o The Notice Company Inc.**
**PO Box 778**
**Hingham, MA 02043**

**Remain in the Settlement and Object**: If you have comments about, or disagree with, any aspect of the Settlement, you may express your views to the Special Master by writing to the address below. The written response needs to include your name, address, telephone number, the case name and number (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), a brief explanation of your reasons for objection, and your signature. The response must be postmarked no later than **February 1, 2012** and mailed to:

| LOCATION | |
|---|---|
| Honorable Charles A. Legge (Ret.)<br>JAMS<br>Two Embarcadero, Suite 1500<br>San Francisco, CA 94111 | |
| **INTERIM LEAD COUNSEL** | **DEFENSE COUNSEL** |
| Mario N. Alioto, Esq.<br>Trump, Alioto, Trump & Prescott LLP<br>2280 Union Street<br>San Francisco, CA 94123 | Joel S. Sanders, Esq.<br>Gibson Dunn & Crutcher LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105 |

**12. What am I giving up to stay in the Settlement?**

Unless you exclude yourself from the Settlement, you can't sue Settling Defendant, continue to sue, or be part of any other lawsuit against Settling Defendant about the legal issues in this case. It also means that all of the decisions by the Court will bind you. The "Release of Claims" includes any causes of actions asserted or that could have been asserted in the lawsuit, as described more fully in the Settlement Agreement. The Settlement Agreement is available at www.CRTsettlement.com.

### THE SETTLEMENT APPROVAL HEARING

**13. When and where will the Court decide whether to approve the Settlement?**

The Special Master will hold a Fairness Hearing at 2:00 p.m. on **March 15, 2012**, at JAMS, Two Embarcadero, Suite 1500, San Francisco, CA 94111. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.CRTsettlement.com. At this hearing the Special Master will consider whether the Settlement is fair, reasonable and adequate. The Special Master will also consider Interim Lead Class Counsel's request for payment of $2.5 million from the Settlement Fund to be used for expenses incurred in this case. If there are objections or comments, the Special Master will consider them at that time. After the hearing, the Special Master will decide whether to approve the Settlement. We do not know how long these decisions will take.

**14. Do I have to come to the hearing?**

No. Interim Lead Class Counsel and the Attorneys General of Illinois and Oregon will answer any questions the Special Master may have. But you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Special Master will consider it. You may also pay another lawyer to attend, but it's not required.

**15. May I speak at the hearing?**

If you want your own lawyer instead of Interim Lead Class Counsel or the Attorneys General of Illinois and Oregon (if applicable) to speak at the Fairness Hearing, you must give the Special Master a paper that is called a "Notice of Appearance." The Notice of Appearance should include the name and number of the lawsuit (*In re Cathode Ray Tube (CRT) Antitrust Litigation*, MDL No. 1917), and state that you wish to enter an appearance at the Fairness Hearing. It also must include your name, address, telephone number, and signature. Your "Notice of Appearance" must be postmarked no later than **February 1, 2012**. You cannot speak at the Hearing if you previously asked to be excluded from the Settlement.

The Notice of Appearance must be filed with the Court, with copies sent to the Interim Lead Counsel and Defense Counsel at the addresses listed in Question 11.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court has appointed Mario N. Alioto of Trump, Alioto, Trump & Prescott LLP as "Interim Lead Class Counsel" to represent members of the Settlement Class. The Settlement Class is defined in Paragraph 1 of the Order Granting Preliminary Approval of Class Action Settlement with Defendant Chunghwa Picture Tubes, Ltd., which is available at www.CRTsettlement.com. If you are a resident of Illinois or Oregon, you are a member of the Settlement Class but are represented by the Attorney General of your state with respect to your claims under those states' antitrust laws.

### 17.  How will the lawyers be paid?

You do not have to pay Interim Lead Class Counsel. If you want to be represented by your own lawyers, and have that lawyer appear in court for you in this case, you may hire one at your own expense. At a future time, Interim Lead Class Counsel will ask the Court for attorneys' fees not to exceed twenty five percent (25%) of the $10,000,000 Settlement Fund plus reimbursement of their costs and expenses, in accordance with the provisions of the Settlement. Interim Lead Class Counsel may also request that an amount be paid to each of the Class Representatives who helped the lawyers on behalf of the whole Class.

## PURCHASE RECORDS

### 18. What steps should I take to demonstrate evidence of purchase/ownership of a CRT Product?

If you have purchase receipts, invoices or any other proof of purchase of any CRT Product, please retain those documents. If you presently have a CRT Product, please keep it if at all possible. If you are unable to do so, please photograph the front and rear of the CRT Product including any brand name and record the model number, serial number, size and any other information which you believe will help identify the manufacturer of the CRT Product.

## GETTING MORE INFORMATION

### 19.  How do I get more information?

This Notice summarizes the lawsuit and the Settlement. You can get more information about the lawsuit and Settlements at www.CRTsettlement.com, by calling 1-800-673-4790, or writing to CRT Indirect Settlement, c/o The Notice Company Inc., PO Box 778, Hingham, MA 02043. Please do not contact JAMS or the Court about this case.