Andrea Valdez (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574
Pasadena, CA 91101
Tel: (626) 817-6547
andrea.valdez.esq@gmail.com

Joseph Scott St. John (appearance *pro hac vice*)
514 Mockingbird Drive
Long Beach, MS 39560
Tel: 410-212-3475
jscottstjohnpublic@gmail.com

*Attorneys for Objector Douglas W. St. John*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 JST |
| | MDL No. 1917 |
| | **OBJECTOR DOUGLAS W. ST. JOHN'S OBJECTION TO REPORT AND RECOMMENDATION RE: OUTSTANDING MOTIONS** |
| This Document Relates To: | Judge: Hon. Jon S. Tigar |
| All Indirect Purchaser Actions | Special Master: Hon. Martin Quinn |

**INTRODUCTION**

The Special Master's Corrected Report and Recommendation re: Outstanding Motions (D.E. 4329) fundamentally misapprehends Mr. St. John's request for relief. Despite Mr. St. John's titling his motion as a "Motion to Strike Sur-Reply Evidence" and characterizing the issue presented as "[w]hether the Special Master must strike or otherwise refrain from considering **evidence** proffered by IPP Counsel with their sur-reply," the Special Master addressed only the very different issue of "whether the Special Master has the discretion to request further **briefing** on certain issues and to cut off briefing after that." The Special Master's failure to correctly identify the issue expressly presented undermines his Report and Recommendation in its entirety.

Notably, the Special Master denied Mr. St. John's Motion to Strike despite IPP Counsel conceding that their sur-reply evidence addressed an issue raised in Mr. St. John's opening objection, and further conceding that the evidence was proffered only in response to Mr. St. John's highlighting IPP Counsel's evidentiary failure in his reply. Particularly in view of IPP Counsel's concessions, the Special Master's refusing to strike IPP Counsel's new sur-reply evidence while also refusing to allow Mr. St. John to respond was a clear abuse of discretion under Ninth Circuit law.

**FACTS AND PROCEDURAL HISTORY**

Mr. St. John timely objected to IPP Counsel's Fee Motion because, among other things, "IPP Counsel offer[ed] no explanation for the disproportionate contributions of Samsung SDI and Philips [to the settlement fund], and the most reasonable inference is that the discrepancy is attributable to Samsung SDI Co., Ltd.'s guilty plea and the issue preclusion holding against Koninklijke Philips Electronics N.V." in *Vichi v. Koninklijke Philips Elecs.*, 85 A. 3d 725 (Del. Ch. 2014). St. John Obj. (D.E. 4106) at 12. Mr. St. John further argued that the contributions of the guilty plea and the preclusion holding could be valued by "compar[ing] the discrepancy between the settlement contributions of Samsung SDI and Philips with their share of the CRT market during the class period." *Id.* To that end, Mr. St. John tendered an investor presentation in which "Philips claimed that it and Samsung SDI together had 28% of the global market for CRTs in 2000, i.e., a

discrepancy of over 40% vis-a-vis their contributions to the settlement fund," as well as a government report containing similar data. *Id.* (referencing D.E. 4108-17 and D.E. 4108-18).

In their opposition to Mr. St. John's objection, IPP Counsel made no substantive objection to the market share evidence tendered by Mr. St. John, and they responded **only** with a declaration by Lead Counsel Mario Alioto that ""[b]ased upon [his] review, the Defendants' market shares changed fundamentally in the early 2000's . . . ." Ex. 2, Supp. Dec. of Mario N. Alioto at ¶ 6; *see also* Ex. 1, IPP Reply re: Motion for Award of Attorneys' Fees at 14 n.31;. In his December 9, 2015, reply, Mr. St. John explained that "a declaration '[b]ased upon [Mr. Alioto's] review' of unidentified sources is not evidence based on Mr. Alioto's personal knowledge. It is no evidence at all." Ex. 3, Objector Douglas W. St. John's Reply ISO Objection at 10 (citing authorities).

Thereafter, IPP Counsel submitted a letter to the Special Master alleging that "[t]he [objectors' reply] submissions go far beyond replying to the IPPs' initial submissions and raise a number of new matters" and requesting leave to file two additional replies. Ex. 6, Letter from Alioto to SM Quinn. IPP Counsel's submission made no reference to any specific new argument purportedly raised by objectors. *Id.* The day after IPP Counsel submitted their letter, the Special Master granted their request with respect to specific sections of the briefs submitted by Objecting IPP Counsel Scarpulla and Cooper, Objecting IPP Counsel Moore, and Absent Class Member Objector St. John. Order. Ex. 8. In the same order, the Special Master denied a request by Objecting IPP Counsel Scarpulla and Cooper to respond IPP Counsel's new briefing. *Id.*; *see also* Ex. 7, Letter from Scarpulla to Quinn.

On December 23, IPP Counsel submitted their sur-reply and attached 13 items of new evidence, of which 5 are in unknown foreign languages. Exs. 9, 10 (under seal). None of that new evidence was served on Mr. St. John's counsel until December 24.[1] Ex. 11, Email Chain. Mr. St.

---

[1] Pursuant to Federal Rule of Civil Procedure 6(c), any responsive declaration by Mr. St. John would have been due on Tuesday, December 29, i.e., two business days after IPP Counsel served their untranslated sur-reply evidence. IPP Counsel do not appear to contest that Mr. St. John had no opportunity to submit a responsive declaration within the briefing schedule, particularly given their inclusion of untranslated foreign language documents. *Cf.* N.D. Cal. L.R. 7-6 ("No oral testimony will be received in connection with any motion . . .").

1   John timely objected and moved to strike IPP Counsel's new sur-reply evidence. Ex. 14, Motion to
2   Strike Sur-Reply Evidence.
3       In their January 19 opposition, IPP Counsel conceded that "Objector St. John argued **in his**
4   **original objection** that 'IPP Counsel offers no explanation for the disproportionate contributions
5   of Samsung SDI and Philips' and that 'the most reasonable inference is that the discrepancy' was
6   attributable to Samsung SDI's guilty plea and the *Vichi* holding." Ex. 15, IPP Opp. at 1 (emphasis
7   added). Critically, IPP Counsel also conceded that their "supplemental [sur-reply] evidence was
8   provided in direct response to [Mr. St. John's reply] contention that Lead Counsel's declaration was
9   not sufficient . . . ." *Id.* Without waiting for Mr. St. John's reply, the Special Master entered his
10  Corrected Report and Recommendation (D.E. 4329) on January 21, 2016, recommending denial of
11  Mr. St. John's Motion to Strike Sur-Reply Evidence.

## ARGUMENT

**I.   THE SPECIAL MASTER ABUSED HIS DISCRETION BY REFUSING TO STRIKE IPP COUNSEL'S SUR-REPLY EVIDENCE.**

**A.   The Special Master failed to correctly characterize the question presented.**

The law is clear that a district court abuses its discretion when it permits a party to tender new evidence on reply or sur-reply without giving the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F. 3d 1478, 1483 (9th Cir. 1996) (finding error: "Where new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond."); *see also, e.g.*, *Banga v. First USA NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) ("If a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters **only** if the adverse party is given an opportunity to respond."). Pursuant to that binding authority and in view of IPP Counsel's last-minute proffer of evidence on sur-reply, Mr. St. John timely moved to strike. *Cf. Nautilus Grp. v. Icon Health and Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wa. 2003) (striking new evidence submitted in reply which could not be addressed during briefing schedule).

Despite Mr. St. John's titling his paper a "Motion to Strike Sur-Reply Evidence" and characterizing the question presented as "[w]hether the Special Master must strike or otherwise

1  refrain from considering **evidence** proffered by IPP Counsel with their sur-reply," Ex. 14, Mot. at
2  1 (emphasis added), the Special Master incorrectly identified the issue before him as "whether the
3  Special Master has the discretion to request further **briefing** on certain issues and to cut off briefing
4  after that," Report & Recommendation (D.E. 4329) at 1 (emphasis added). New evidence is distinct
5  from additional briefing, with new evidence being far more legally significant. *See, e.g.*, *Provenz*, 102
6  F.3d at 1483. While Mr. St. John disagrees that additional briefing was warranted, the Special
7  Master's discretion to request additional **briefing** was not at issue in Mr. St. John's Motion to
8  Strike. The Special Master's failure to correctly identify the issue raised by Mr. St. John undermines
9  his Report and Recommendation.[2]

      **B.**    **The Special Master abused his discretion by refusing to strike sur-reply evidence that IPP Counsel concede was submitted only in response to Mr. St. John's noting IPP Counsel's failure to tender opposition evidence vis-à-vis an issue raised in Mr. St. John's opening objection.**

13       IPP Counsel do not contend that their sur-reply evidence responds to anything in Mr. St.
14  John's reply. Rather, IPP Counsel candidly admit that their "supplemental [sur-reply] evidence was
15  provided in direct response to [Mr. St. John's reply] contention that Lead Counsel's declaration was
16  not sufficient." Ex.15, IPP Opp. at 1. IPP Counsel also candidly admit that the issue addressed by
17  that evidence—the disproportionate size of the Samsung SDI and Philips settlements as compared
18  to their market share—was raised by Mr. St. John in his opening paper. *Id.* ("Objector St. John
19  argued **in his original objection** that 'IPP Counsel offers no explanation for the disproportionate
20  contributions of Samsung SDI and Philips' and that 'the most reasonable inference is that the
21  discrepancy' was attributable to Samsung SDI's guilty plea and the *Vichi* holding." (emphasis
22  added)).
23       The Court need not proceed any further. Whatever discretion the Special Master had to
24  request additional **briefing**, he had **no** discretion to permit IPP Counsel to sandbag Mr. St. John

---

[2] IPP Counsel's failure to identify any specific purported new argument in their request for additional briefing—or even any specific objector—would have fully justified denying their request. *Cf., e.g.*, *Wells Fargo Bank, N.A. v. Rentz*, 795 F.Supp.2d 898, 910 (N.D. Cal. 2011) (rejecting conclusory allegation: "The Court is not obligated to consider matters not specifically brought to its attention.").

1  with new sur-reply **evidence** on an issue raised in Mr. St. John's original objection. *See, e.g.*, *Provenz*,
2  102 F. 3d at 1483; *Laughing Rabbit, Inc. v. Nat'l Auto. Parts Ass'n*, 2014 WL 556007, at *6-7 (W.D.
3  Wash. Feb. 11, 2014) (considering improper reply evidence would be an abuse of discretion and
4  would also permit the replying party to circumvent the court's scheduling order). Rather, attempts
5  to use a sur-reply to correct evidentiary deficiencies are properly stricken. *Johnson v. Cate*, 2015 WL
6  5321784, at *3 (N.D. Cal. Sept. 10, 2015) (recommending that sur-reply evidence be stricken where
7  it was improper attempt to backfill evidentiary deficiencies identified in reply).
8       IPP Counsel had a full and fair opportunity to present evidence in their opposition but
9  failed to do so. Indeed, as noted above, IPP Counsel admit that their sur-reply evidence was
10 proffered in direct response to Mr. St. John's highlighting their evidentiary failure in his reply. *Cf.*
11 N.D. Cal. L.R. 7-3(c) (evidentiary and procedural objections to the opposition are appropriate reply
12 material). Under these facts, the Special Master's denial of Mr. St. John's Motion to Strike while
13 simultaneously—and expressly—denying Mr. St. John the opportunity to respond to IPP Counsel's
14 untimely sur-reply evidence was a clear abuse of discretion under *Provenz*. [3,4]

---

[3] In their opposition, IPP Counsel claim that portions of their sur-reply evidence were already in the record, albeit under seal and inaccessible to objectors. Ex. 15, IPP Opp. at 5. But none of the record exhibits identified by IPP Counsel include direct evidence of market share. *See id.* at 5 n.5. More to the point, that such sealed material was readily accessible to IPP Counsel—but not Mr. St. John—makes clear that IPP Counsel strategically chose to engage in attorney hand-waiving rather than cite that material in their opposition. IPP Counsel's tardy tender of a small, cherry-picked collection of documents instead of the complex economic analysis they claim to have performed is itself telling. *Compare* Netz Dec. (D.E. 1527-1) at 36 & Exs. 1, 5, 10, 12 (discussing and illustrating Defendants' **combined** market share throughout the class period) *and* Fee Mot. (D.E. 4071) at 17 (stating that "third party data providers of industry information, such as Display Search and iSupply, no longer had data on the CRT industry") *with, e.g., Interstate Circuit, Inc. v. United States*, 306 U.S. 208, 226 (1939) ("The production of weak evidence when strong is available can lead only to the conclusion that the strong would have been adverse."). Indeed, IPP Counsel's limited and temporally selective support of their argument is particularly probative in view IPP Counsel's representation that CRT market share data is generally no longer available. *See* Fee. Mot. (D.E. 4071) at 17.

[4] As Mr. St. John noted in his Reply in Support of Objection, "wildly differing settlements raise doubt as to the fairness of the smaller settlements." Ex. 3, Reply at 11 (citing *In re Corrugated Container Antitrust Litig.*, 643 F. 2d 195, 218 (5th Cir. 1981). That is precisely the case here, where two of the eight settlements account for 69.3% of the total settlement fund. Rather than objecting based on fairness, Mr. St. John made the obvious point that the disproportionate settlements appear to be driven by the much stronger cases against Samsung SDI and Philips, with that strength attributable to Samsung SDI's guilty plea, the European Commission's determination,

**C.   IPP Counsel have successfully and cogently argued that untimely evidentiary submissions amount to prejudicial sandbagging.**

In December 2015, Objecting IPP Counsel successfully urged the Special Master to deny an objecting IPP Counsel's motion to file an untimely reply. Exs. 16, 17, 18. IPP Counsel's December arguments persuasively address their conduct here: Permitting IPP Counsel to submit untimely evidence "in further support of [their original opposition] . . . and in an attempt to do so more thoroughly" "amount[s] to classic sandbagging and [is] highly prejudicial . . . ." Ex. 17 at 4, 5. That is particularly true where, as here, IPP Counsel had possession of the untimely evidence at the time of their original opposition and the evidence does not respond to anything new in the intervening briefing. *See id.* at 1.

"[H]ad [IPP Counsel] wanted [their sur-reply evidence] to be properly part of the record, [they] could have and should have filed [it] as part of" their original opposition. *Id.* at 4. Permitting IPP Counsel's tardy evidentiary submissions "reward[s] [them] for sandbagging and not filing things [they] had access to for years with [their opposition to Mr. St. John's objection] as [they] should have." *Id.* at 1.

**D.   The Court cannot save IPP Counsel from their evidentiary failure.**

As a fallback position, IPP Counsel suggested that the Court bail them out from their failure to make an evidentiary record by pointing to the Court's "independent obligation to ensure that the [attorney] fee award . . . is reasonable." Ex. 15, Opp. at 2 & n.2 (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)). But that "independent obligation" is a narrow inquisitorial exception imposed for the protection of the ***class's*** interests, which are not represented in connection with class counsel's fee motion. *See, e.g.*, *In re Wash. Pub. Power Supply Sys. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994) (casting doubt on uncontroverted affidavits of class counsel: "Because in common fund cases the relationship between plaintiffs and their attorneys

---

and the preclusiveness holding in *Vichi*, rather than the efforts of class counsel. Permitting IPP Counsel to submit evidence on such an obvious issue—with its significant impact on class counsel's claims of success and entitlement to fees—after the deadline for objections would undermine the Ninth Circuit's rule that **completed** fee motions must be submitted prior to the deadline for objections. *See In re Mercury Interactive Securities Litig.*, 618 F.3d 988, 993-95 (9th Cir. 2010).

1  turns adversarial at the fee-setting stage . . . the district court must assume the role of fiduciary **for**
2  **the class plaintiffs**."); *cf. Valdez v. City of San Jose*, 2013 WL 6108052, at *1 (N.D. Cal. Nov. 18,
3  2013) (refusing to consider materials not filed with the instant motion or specifically cited in motion
4  papers). IPP Counsel's suggestion that the Court rely on its duty **to the class** to bail out class
5  counsel, i.e., the class's presumably competent and sophisticated adversary, from their failure to
6  make an evidentiary record supporting their fee request is perverse. Indeed, doing so would be
7  contrary to the Court's duty to the class. To extent the Court puts a thumb on the scale, it must
8  weigh against IPP Counsel's requested fees.

## II. THE SPECIAL MASTER IGNORED THE PROHIBITION ON UNTRANSLATED FOREIGN LANGUAGE DOCUMENTS.

IPP Counsel did not contest Mr. St. John's argument that several of their untimely documents are in unknown foreign languages, or that such untranslated documents are not admissible as evidence. *See* Ex. 14, Mot. at 3 n.2. Nor could they: "It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English," and the rule is "well-settled . . . that parties are required to translate all foreign language documents into English." *United States v. Rivera-Rosario*, 300 F.3d 1, 5, 6 n.4 (1st Cir. 2002); *see also, e.g.*, *Heary Bros. Lightning Protection Co. v. Lighting Protection Institute*, 287 F. Supp. 2d 1038, 1074 (D. Ariz. 2003) (*sua sponte* striking foreign language documents submitted without English translations). The Special Master simply ignored this facial defect in IPP Counsel's submission, although it provides an additional substantive basis for striking the five untranslated documents, i.e., Ex. 10, Alioto Dec. (Sub)-Exs. 1, 2, 4, 5, and 6.

## III. STRIKING IPP COUNSEL'S SUR-REPLY EVIDENCE MAY SIGNIFICANTLY IMPACT THE COURT'S EVALUATION OF IPP COUNSEL'S FEE MOTION.

The Court's ruling on Mr. St. John's Motion to Strike may significantly impact its ruling on IPP Counsel's fee request. Indeed, if IPP Counsel's sur-reply evidence is stricken, the only evidence in the record regarding the defendants' market share will be the evidence submitted by Mr. St. John. Of course, Mr. St. John's evidence indicates that the Samsung SDI and Philips settlements are vastly disproportionate to their market shares. The Court will thus be left to decide only the more

1  basic question of whether to infer that the disproportionate settlements are attributable to factors
2  other than IPP Counsel, such that portions of the Samsung SDI and Philips settlements should not
3  be included in the calculation of IPP Counsel's fees.
4  More broadly, striking IPP Counsel's sur-reply evidence will mark yet another example of
5  IPP Counsel failing to comply with basic briefing and evidentiary rules in what is—to them—the
6  most important part of this case, i.e., the part where they get paid. *Cf.* St. John Obj. (D.E. 4106) at
7  21-23; Ex. 3, St. John Reply ISO Obj. at 1 & nn. 1, 2. Such basic evidentiary failures undercut IPP
8  Counsel's claim "that the work they have performed has been of the highest quality" and their
9  attendant claim for white-shoe fees.

## CONCLUSION

IPP Counsel are presumably sophisticated attorneys representing their own interests in pursuing their request for fees. They nevertheless chose to engage in hand-waiving rather than create an evidentiary record supporting their request. When called-out on their failure, IPP Counsel sought to impermissibly backfill the record with cherry-picked documents, but they could not even be bothered to tender English translations of those documents, as the law requires. Such sandbagging is not permissible. In any event, the Special Master's denial of Mr. St. John's Motion to Strike was a clear abuse of his discretion under Ninth Circuit law. The Court should therefore reject the Report and Recommendation and grant Mr. St. John's Motion to Strike Sur-Reply Evidence.

Dated: February 4, 2016                             By:     /s/ Joseph Scott St. John
                                                    _____

                                                    ANDREA VALDEZ (Cal. Bar No. 239082)
                                                    530 S. Lake Avenue, No. 574
                                                    Pasadena, CA 91101
                                                    Tel: (626) 817-6547
                                                    andrea.valdez.esq@gmail.com

                                                    JOSEPH SCOTT ST. JOHN (*pro hac vice*)
                                                    514 Mockingbird Drive
                                                    Long Beach, MS 39560
                                                    Tel: 410-212-3475
                                                    jscottstjohnpublic@gmail.com

                                                    *Attorneys for Objector Douglas W. St. John*