# EXHIBIT
# 14

Andrea Valdez (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574
Pasadena, CA 91101
Tel: (626) 817-6547
andrea.valdez.esq@gmail.com

Joseph Scott St. John (appearance *pro hac vice*)
514 Mockingbird Drive
Long Beach, MS 39560
Tel: 410-212-3475
jscottstjohnpublic@gmail.com

*Attorneys for Objector Douglas W. St. John*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 3:07-cv-5944 SC |
| | MDL No. 1917 |
| | **MOTION TO STRIKE SUR-REPLY EVIDENCE** |
| This Document Relates To: | Judge: Hon. Jon S. Tigar |
| All Indirect Purchaser Actions | Special Master: Hon. Martin Quinn |

## I.      ISSUES TO BE DECIDED

1.      Whether the Special Master must strike or otherwise refrain from considering evidence proffered by IPP Counsel with their sur-reply.

## II.     FACTS

Class members were required to file objections by October 8, 2015. IPP Counsel thereafter had the opportunity to submit briefs opposing the objections, and objecting class members were permitted to file reply briefing. Special Master's Scheduling Order No. 1 (D.E. 4121); Order Establishing Schedule (D.E. 4185). Absent class member Douglas W. St. John submitted a timely objection and reply briefing. *See, e.g.*, St. John Obj. (D.E. 4106).

As relevant here, Mr. St. John objected to IPP Counsel tying their fee request to the entire $576 million megafund because a significant portion of that fund is attributable to the efforts of the Department of Justice, the European Commission, and the plaintiff in *Vichi v. Koninklijke Philips Elecs. N.V.*, 85 A. 3d 725 (Del. Ch. 2014). More specifically, Mr. St. John noted that the Samsung SDI and Philips settlements account for a significantly greater share of the total settlement fund than their market share, IPP Counsel had not explained that discrepancy, and "the most reasonable inference is that the discrepancy is attributable to Samsung SDI Co., Ltd.'s guilty plea and the issue preclusion holding against Koninklijke Philips Electronics N.V. in *Vichi*." St. John Obj. (D.E. 4106) at 12. In its opposition, IPP Counsel's opposition attached only the declaration of IPP Lead Counsel Mario Alioto that "[b]ased upon [his] review, the Defendants' market shares changed fundamentally in the early 2000's" and "[t]he settlement amounts paid by Samsung SDI and Philips are entirely consistent with their market shares and the liability evidence." Supp. Dec. of Alioto ISO IPP Mot. for Award of Attorneys Fees at ¶ 6; *see also* IPP Reply re Motion for Award of Attorneys Fees at 14 n.31. Mr. St. John's reply attached no additional evidence on this issue. Rather, Mr. St. John simply made clear that a declaration based on IPP lead counsel's review of unidentified

1   sources "is not evidence based on . . . personal knowledge" and "is no evidence at all." St. John

2   Reply at 10.[1]

3       By letter dated December 13, IPP Counsel alleged—without specificity—that the replies of

4   unidentified objectors "go far beyond replying to the IPPs' initial submissions and raise a number

5   of new matters." Letter from M. Alioto to M. Quinn (Dec. 13, 2015). The Special Master then

6   granted IPP Counsel leave to file additional briefing on, among other things, "the disproportionate

7   size of the Samsung and Phillips settlements (Section C of the St. John brief)." Special Master's

8   Order (Dec. 14, 2015) at 2. At the same time, the Special Master denied the request of objectors

9   represented by Messrs. Scarpulla and Cooper to respond to any additional briefing by IPP Counsel.

10  *Id.* IPP Counsel then submitted a sur-reply and additional evidence after close-of-business on

11  December 23, with some of the attached evidence not transmitted to counsel until December 24.

12  **III.   THE NEW EVIDENCE SUBMITTED WITH IPP COUNSEL'S SUR-REPLY
          MUST NOT BE CONSIDERED.**

13

14      **A.   Any consideration of the new evidence IPP Counsel attached to their sur-
               reply would be an abuse of discretion.**

15      Mr. St. John respectfully disagrees that additional briefing was warranted based on his reply.

16  But it is undeniably clear that Mr. St. John did not submit any new additional evidence on the issues

17  for which the Special Master permitted IPP Counsel to file a sur-reply. Of course, "[w]here new

18  evidence is presented in a reply . . . the district court should not consider the new evidence without

19  giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F. 3d 1478, 1483 (9th Cir.

20  1996); *see also Banga v. First USA NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) ("If a party raises

21  a new argument or presents new evidence in a reply brief, a court may consider these matters **only**

22  if the adverse party is given an opportunity to respond.").

23

24

----

25      [1]     Mr. St. John submitted two items of additional evidence with his reply. First, in lieu
    of a Rule 11 motion, Mr. St. John submitted a declaration countering false and scurrilous statements
26  regarding his counsel that were first raised by IPP Counsel in their opposition. Second, as an
    illustration of why the Court should not rely on an unsupported declaration of counsel to resolve
27  contested facts, Mr. St. John submitted deposition testimony suggesting that a declaration of
    counsel that the Special Master relied on in granting certification included materially misleading
28  statements. IPP Counsel's sur-reply evidence is not responsive to either of these points.

1    Here, the Special Master has already denied one request to respond to IPP Counsel's sur-

2 reply. Moreover, IPP Counsel submitted their new evidence after close-of-business on December

3 23, and some of that evidence was not transmitted to Mr. St. John's counsel until December 24.

4 The present briefing schedule thus did not permit Mr. St. John to meaningfully respond by the

5 deadline, which fell two business days later. *See.* Fed. R. Civ. P. 6(c) ("[A]ny opposing affidavit must

6 be served at least 7 days before the hearing . . . ."). Under these circumstances, it would be an abuse

7 of discretion not to strike or otherwise refrain from considering IPP Counsel's new evidence. *See,*

8 *e.g.*, *Nautilus Grp. v. Icon Health and Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wa. 2003) (striking

9 new evidence submitted in reply which could not be addressed during briefing schedule); *cf. JG v.*

10 *Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 807 n.14 (9th Cir. 2008) (no abuse of discretion where

11 "district court did not consider the new evidence and its denial of leave to file a sur-reply

12 accordingly did not prejudice Appellants").[2]

13    More fundamentally, the issues raised by Mr. St. John are not esoteric, and the evidence that

14 IPP Counsel submitted with their sur-reply should have been submitted with their opening briefing.

15 Even were that not the case, there is no reason why that evidence could not have been submitted

16 with IPP Counsel's initial opposition to objections, even if doing so would have been improper.

17 Rather, it appears IPP Counsel made a deliberate choice to not respond fully to Mr. St. John's

18 objection. That Mr. St. John then called out IPP Counsel's failure submit evidence supporting their

19 motions is no reason to permit untimely additions to the record. *See United States ex rel Meyer v.*

20 *Horizon Health Corp.*, 565 F. 3d 1195, 1203 (9th Cir. 2009) (declining to consider evidence first

21 submitted on reply: "The district court denied relators' application to file these supplemental

24    [2]    That many of the documents proffered by IPP Counsel appear to be written in
25 unknown foreign languages without accompanying translations further impedes a meaningful
response, particularly in view of the deadline under Rule 6. IPP Counsel themselves assert that they
26 were unable to obtain translations despite having nine days to do so after being granted leave to file
a sur-reply. *See* Alioto Dec. ISO Reply at n.1.  IPP Counsel's failure to submit translations is also a
27 substantive reason to deny consideration of any foreign language documents. *See, e.g.*, *Jack v. Trans
World Airlines, Inc.*, 854 F. Supp. 654, 659 & n.5 (N.D. Cal. 1994) (striking foreign language
28 affidavits submitted without proper translations).

declarations, noting that they were untimely filed as a result of relators' deliberate choice not to respond fully to the Motion . . . and would amount to an inequitable surreply.")

### B. Any consideration of the evidence IPP Counsel attached to their sur-reply in support of their fee request would be legal error under Ninth Circuit law.

In addition to being an abuse of discretion under general briefing rules, any consideration of IPP Counsel's untimely proffer of evidence in support of their fee motion would be legal error under *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010). In that case, the Ninth Circuit held that "[t]he plain text of [Rule 23(h)] requires a district court to set the deadline for objections to counsel's fee request on a date *after* the motion ***and documents supporting it*** have been filed." *Id.* at 993 (emphasis added). Indeed, in vacating and remanding, the Court explained that "[w]hen the district court sets a schedule that denies the class an adequate opportunity to review and prepare objections to class counsel's ***completed*** fee motion, it fails to fulfill its fiduciary responsibilities to the class." *Id.* at 994-95 (emphasis added). It would therefore be legal error for the Special Master to consider any declarations or evidence submitted by IPP Counsel after the October 8, 2015, deadline for objections.[3][4]

### C. Public policy does not permit class counsel to trickle in supporting evidence whenever the adequacy of the record is challenged.

"A fee motion is not a "heads class counsel wins, tails we try again" proposition. *See, e.g., First State Ins. Grp. v. Nationwide Mut. Ins.*, 402 F.3d 43, 43 (1st Cir. 2005). Rather, early and full disclosure of all material supporting class counsel's fee request is necessary to ensure that the "district court, acting as a fiduciary for the class, is presented with adequate, and ***adequately-tested***, information to evaluate reasonableness of a proposed fee." *In re Mercury Interactive*, 618 F.3d at 994 (emphasis added). Permitting IPP Counsel to make unsupported arguments in support of

---

[3]     Objector Douglas W. St. John previously raised this point in his reply.

[4]     Notably, IPP Counsel were the moving party on their fee motion. Mr. St. John objected as an absent class member, noting, among other things, evidentiary gaps in that motion. IPP Counsel then filed an opposition which did not seriously attempt to correct those gaps, even if doing so would be impermissible, a deficiency that Mr. St. John pointed out in his reply. IPP Counsel's sur-reply is thus their ***third*** attempt to create an adequate record.

1   their fee motion then trickle cherry-picked evidence into the record when deficiencies are brought

2   to the Court's attention would effectively negate the class's right to review and object to the

3   settlement and fee motions.

4

5   **IV.   CONCLUSION**

6        For the foregoing reasons, the Special Master should strike at least the December 23, 2015,

7   Declaration of Mario N. Alioto, including all attached exhibits.

8

9   Dated: January 4, 2016           By:     /s/ Joseph Scott St. John

10                                                 _____

11                                        ANDREA VALDEZ (Cal. Bar No. 239082)
530 S. Lake Avenue, No. 574

12   Pasadena, CA 91101
Tel: (626) 817-6547

13   andrea.valdez.esq@gmail.com

14   JOSEPH SCOTT ST. JOHN (*pro hac vice*)
514 Mockingbird Drive

15   Long Beach, MS 39560
Tel: 410-212-3475

16   jscottstjohnpublic@gmail.com

17   *Attorneys for Objector Douglas W. St. John*

18

19

20

21

22

23

24

25

26

27

28

1          **UNITED STATES DISTRICT COURT**

2          **NORTHERN DISTRICT OF CALIFORNIA**

3          **SAN FRANCISCO DIVISION**

4

5     **IN RE CATHODE RAY TUBE (CRT)**                Master File No. 3:07-cv-5944 SC
      **ANTITRUST LITIGATION**

6                                                      MDL No. 1917

7                                                      **[PROPOSED] ORDER STRIKING
                                                       SUR-REPLY EVIDENCE**

8

9

10    This Document Relates To:                        Judge: Hon. Jon S. Tigar

11    All Indirect Purchaser Actions                   Special Master: Hon. Martin Quinn

12

13

14

15          On December 23, 2015, IPP Counsel submitted a sur-reply accompanied by a Declaration

16    of Mario N. Alioto with attached exhibits. For the reasons set forth in the St. John Motion to Strike

17    Sur-Reply Evidence, Mr. Alioto's declaration and exhibits submitted with IPP Counsel's sur-reply

18    are stricken from the record and will not be considered.

19

20                                      _____

21                                      MARTIN QUINN, SPECIAL MASTER

22

23

24

25

26

27

28