# EXHIBIT 15

Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE SUR-REPLY EVIDENCE**<br><br>Hearing Date: None<br>Time: None<br>Court: JAMS<br>Special Master: Martin Quinn, JAMS<br><br>Judge:  Hon. Jon S. Tigar |

Lead Counsel for Indirect Purchaser Plaintiffs ("IPPs") hereby opposes Objector Douglas St. John's "Motion to Strike Sur-Reply Evidence,"[1] as set forth below.

**BACKGROUND**

Objector St. John argued in his original objection that "IPP Counsel offers no explanation for the disproportionate contributions of Samsung SDI and Philips," and that "the most reasonable inference is that the discrepancy" was attributable to Samsung SDI's guilty plea and the *Vichi* holding. (St. John Objection, Dkt. No. 4106 at 12.) IPP Counsel offered a detailed response explaining why neither the guilty plea nor the *Vichi* case played a significant role in this litigation. (*See* November 20, 2015 IPP Reply Re: Motion for Fees ("Fee Reply") at 9-14.) As part of that response, IPPs addressed St. John's objection about the purported "disproportionate contributions" of Samsung SDI and Philips to the settlement fund, explaining that their market shares increased significantly due to various Defendants exiting the CRT business and/or forming joint ventures in the early 2000's. *See* Fee Reply at 14, n. 31.

As IPP Counsel further explained:

> As a result of this market consolidation, Samsung SDI's overall CRT market share in 2004 was 29%, and LPD's (for which IPPs held Philips responsible) was 27%. Their shares of the CDT market were even higher: 42% (SDI) and 32% (LPD). In addition, each held even higher shares of the U.S. CRT market and, unlike some of the other defendants, IPPs had strong evidence of their conspiratorial activities here in the U.S. The settlement amounts paid by Samsung SDI and Philips are entirely consistent with their market shares and the liability evidence. Alioto Fee Decl. II ¶ 6.

*Id*.

In his December 9, 2015, reply, St. John expanded on the arguments in his original objection regarding the disproportionate market shares of Samsung and Philips, (St. John Reply at 9-10), and challenged the statements made in the Alioto Fee Declaration as not being in "Mr. Alioto's personal knowledge." *Id.* at 10.

The Special Master found that St. John's reply brief in support of his objection "raise[s] for the first time a few issues and discuss[es] issues previously mentioned far more thoroughly than [he] did in [his] original Objections"; and he concluded that "his Report will benefit from obtaining Lead

---

[1] The title of Objector's motion is a misnomer and misleading, as IPPs have filed no "sur-reply."

Counsel's further views on certain issues." Order of December 14, 2015 ("Order") at 1-2. Accordingly, the Special Master expressly ordered that "Lead Counsel *shall file* a further Response" on the newly-raised issues, including "the disproportionate size of the Samsung and Phillips settlements (section C of the St. John brief)." *Id.* at 2 (emphasis added).

On December 23, 2015, Lead Counsel complied with the Order, making a supplemental submission to the Special Master that provided additional support for the market share and conspiracy evidence applicable to Samsung and Philips/LPD, including numerous documents and deposition testimony in support thereof. *See* IPPs' December 23, 2015 Reply Re: Final Approval of Class Settlements at 16-18 ("IPP Reply"), and December 23, 2015 Declaration of Mario Alioto in support of IPP Reply, Exhibits 1-13.

Objector St. John now moves to strike all such evidence. As shown below, there are no grounds for granting the motion. St. John provides no basis for doing so, and he cannot establish prejudice. The motion should be denied.

**ARGUMENT**

**I.   OBJECTOR PROVIDES NO BASIS FOR EXCLUDING THE EVIDENCE**

St. John moves to strike on the basis that he "disagrees" with the Special Master's determination that a supplemental submission from Lead Counsel was warranted. Mot. at 2. Lead Counsel respectfully submits that the Special Master need not revisit whether the supplemental submission was warranted, as this motion seeks to re-litigate. *See id.* at 2-4. The Special Master's Order was not an "abuse of discretion" (*id.*).

**A.   The Evidence Was Provided at the Request of the Special Master**

First, the evidence presented by Lead Counsel was not provided simply in response to St. John's argument. It was provided pursuant to the Special Master's specific request for additional input. *See* Order at 1-2. It is well within the Special Master's discretion to request additional facts or evidence if he deems it necessary.[2] St. John fails to address this fundamental point. In other

---

[2] *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("courts have an independent obligation to ensure that the [attorney fee] award, like the settlement itself, is reasonable . . . ."); *Vizcaino v. Microsoft Corporation*, 290 F.3d 1043, 1048 (9th Cir. 2002) (attorney fees award "must be supported by findings that take into account all of the circumstances of the

words, the issue here is not, as St. John suggests, merely a procedural question of whether the supplemental evidence goes beyond the bounds of his reply. If this evidence "will benefit" the Special Master, it should be considered.

St. John's Motion effectively demands that the Special Master blind himself and the Court from considering evidence that directly bears on (and refutes) St. John's arguments as to the Samsung and Philips settlements. But there is no basis for precluding the Special Master or the Court from performing the full extent of their duties in assessing the facts relevant to the class settlements—particularly on issues that the Special Master specifically identified as necessitating further information from Lead Counsel.

### B. The Evidence Was Provided in Response to St. John's Own Objection

In addition, the basis of the motion to strike is flawed. The supplemental evidence was provided in direct response to his contention that Lead Counsel's declaration was not sufficient. *See* St. John reply at 10-11. St. John does not, and indeed cannot, challenge the evidence on its merits.[3] The evidence refutes his "disproportionate market share" argument; provides a reasonable basis for the settlements with Samsung SDI and Philips; and at the same time refutes his baseless arguments as to the importance of *Vichi* and Samsung SDI's guilty plea. Realizing that this evidence destroys his arguments, St. John moves to exclude it—even though St. John himself provided the impetus for Lead Counsel's showing. Such procedural ploys should not be encouraged.

### C. St. John's Authorities Are Not On Point

Lastly, St. John's motion to strike the evidence presented by Lead Counsel finds no support in the authorities he cites. Quite simply, nothing in Ninth Circuit law bars the submission or consideration of evidence where a judge specifically requests the evidence on the grounds that the adverse party "raise[d] for the first time a few issues and discuss[d] issues previously mentioned far more thoroughly than they did in their original" filing. Order at 1-2.

---

case"). Indeed, the Special Master recognized this independent duty at the January 5, 2016 hearing ("I'm cognizant also the court has an independent fiduciary duty to protect the interests of the class. And if information is brought to the court from any source, I sort of think the court has an obligation to consider it." Hearing Tr., 130:14-19), and St. John's counsel agreed. *Id.* 131:20-132:1.

[3] In his December 9, 2015 reply, St. John failed to provide any substantive challenge to the evidence provided in IPPs' Fee Reply at 14 n. 31, discussed above.

1  St. John cites no factually analogous authority—*i.e.*, cases where class counsel submitted a court-ordered supplemental response concerning issues raised by objectors in their reply briefs. Rather, St. John can only cite to cases in which the initial reply submission (here, St. John's reply brief) raised new arguments or evidence and the adverse party was not given "an opportunity to respond." Mot. at 2-3. Of course, this was the very reasoning upon which the Special Master based his Order requesting the supplemental response from Lead Counsel—because *objectors* (including St. John) failed to raise and/or support their arguments in their initial objection papers. *See* Order at 1. As noted by St. John's own authorities, the alternative would have been for the Special Master to "not consider" the issues that St. John and others improperly raised in reply. *See* Mot. at 3. But the Special Master and Lead Counsel opted for inclusion, with a fair opportunity for an explanation from Lead Counsel.

The contention that considering Lead Counsel's submission constitutes "legal error" under *In re Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988 (9th Cir. 2010) is likewise specious. The issue in that case was whether the "district court erred in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion." *Id.* at 993. The court held that the notice procedure is inadequate if "by the time [class members] were served with the motion, the time within which they were required to file their objections had already expired." *Id.* That is plainly not the case here. Indeed, there is no dispute that St. John had more than the required 14 days to review Lead Counsel's comprehensive fee motion and file his objection. And certainly nothing in *In re Mercury* required Lead Counsel to re-submit the entire case record in its initial fee motion. Such a requirement would obviously be unreasonably burdensome to the Court, the parties, and counsel. Thus, *In re Mercury* is inapposite.[4]

In sum, St. John has provided no legal or factual basis that supports striking Lead Counsel's authorized submission containing evidence indisputably relevant to the issues raised by St. John as to the Samsung and Philips settlements.

---

[4] *See, e.g., In re Ferrero Litig.*, 583 F. App'x 665, 667-68 (9th Cir. 2014) ("The settlement in this case was preliminarily approved on January 23, 2012, the motion for attorneys' fees was filed on May 25, 2012, and the objectors filed their opposition on June 8, 2012. . . . The objectors have not shown that they were denied the notice required by Rule 23(h) and *In re Mercury Interactive*.").

## II. OBJECTOR CAN SHOW NO PREJUDICE

Further, St. John identifies no prejudice that would result if the evidence pertaining to the Samsung and Philips settlements is considered, and not stricken. To the contrary, he can demonstrate no such prejudice because much of the underlying evidentiary support now complained of was already in the record. For example, Exhibits 8, and 10 through 13 to the Declaration of Mario N. Alioto In Support of Indirect Purchaser Plaintiffs' Reply Re: Final Approval of Class Action Settlements with the Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson and TDA Defendants ("Alioto Decl.") were previously submitted to the Court in opposition to Defendants' summary judgment motions.[5] And numerous other filings demonstrate the dominant roles played by Samsung and Philips/LPD in the CRT conspiracy here in the United States and elsewhere – which filings are supported by evidence that goes far beyond the Samsung guilty plea and *Vichi*.[6]

Likewise, much of the market share information discussed in the IPPs' brief was based on the expert report of Dr. Netz (ECF No. 3287-2) and filings by Defendants (*see* IPP Reply at 17, n. 15). And the remaining exhibits merely provide backup for the statements made by Lead Counsel in the Alioto Fee Declaration filed on November 20, 2015.[7] Thus, Lead Counsel has advanced no "new" arguments or evidence, and the Court is entitled to consider all such information in the record.

---

[5] Exhibit 8 to the Alioto Decl. was also an exhibit to the Declaration of Debra D. Bernstein in Support of Plaintiffs' Response in Opposition to Koninklijke Philips N.V.'s Motion for Summary Judgment and to Philips Electronics North America Corporation, Philips Taiwan Limited's, and Philips Do Brasil Ltda.'s Motion for Partial Summary Judgment (ECF No. 3241-1). Exhibits 10 through 13 to the Alioto Decl. were also exhibits to the Declaration of Mario N. Alioto In Support of Indirect Purchaser Opposition to Defendants' Motion for Partial Summary Judgment on Indirect Purchaser Claims Based on Foreign Sales (ECF No. 3287-1). These declarations contain a vast amount of additional evidence supporting IPPs' assertions regarding Samsung and Philips/LPD's roles in the conspiracy in the United States and elsewhere, all of which was developed by IPPs.

[6] *See, e.g.,* Indirect Purchaser Plaintiffs' Motion for Class Certification (ECF No. 1388) and the Alioto Declaration in support thereof (ECF No. 1386-1), filed October 1, 2012; Indirect Purchaser Plaintiffs' Opposition to Philips Taiwan Limited's and Philips do Brasil Ltda.'s Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction, and the Declaration of Lauren C. Capurro in support thereof, filed April 15, 2014 (ECF No. 2536).

[7] Courts are entitled to rely upon the experience and views of class counsel in evaluating the evidence in support of a settlement. "In evaluating a proposed settlement, the Court may—indeed ought to—consider the views of class counsel in light of his experience." *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 932 (E.D. Mich. 2007) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (listing "the experience and views of counsel" among the factors the court is to consider)). In addition, "the degree of deference afforded counsel should correspond to the amount of discovery completed and the character of the evidence uncovered." *Id.* (internal quotes omitted).

Moreover, St. John had the opportunity to address IPPs' Reply at the hearing before the Special Master on January 5, 2016. He chose not to do so. St. John concedes that Lead Counsel filed and served their Reply on December 23, 2015 (Mot. at 3) – more than 12 days before the January 5 hearing. Yet, despite having ample time to prepare, St. John made no effort to discuss or respond to these issues at the hearing. He should not now be heard to complain on the grounds that he did not have an opportunity to respond.

## CONCLUSION

It is important not to lose sight of the real issue here— whether the Samsung and Philips settlements were obtained through the efforts of Lead Counsel, or for some other reason, as St. John argues. The evidence submitted by Lead Counsel establishes that St. John's argument regarding the Samsung and Philips settlements is meritless. The effect of granting the present Motion would only be to unreasonably and unnecessarily hamstring the Special Master and the Court from considering the complete factual and evidentiary context of those settlements—particularly when the Special Master specifically requested additional briefing on these issues.

Lead Counsel respectfully submits that granting St. John's Motion would impermissibly undermine the duties and functions of the Special Master and the Court in evaluating the fairness of the class settlements and related fee issues. St. John's motion to strike should be denied.

Dated: January 16, 2015

Respectfully submitted,

 /s/ Mario N. Alioto

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

---

*See also Nat'l Rural Telecomms. Coop. v. DIRECTV Inc.,* 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.").

*Lead Counsel for Indirect Purchaser Plaintiffs*