# EXHIBIT 17

| | |
|---|---|
| 1 | KIRBY McINERNEY, LLP |
| 2 | Robert J. Gralewski, Jr. (196410) |
|   | 600 B Street, Suite 1900 |
| 3 | San Diego, CA 92101 |
|   | Tel: (619) 398-4340 |
| 4 | bgralewski@kmllp.com |
| 5 | *Counsel for Kerry Lee Hall, Daniel Riebow and the Certified Class of Indirect Purchaser Plaintiffs* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE TUBE (CRT) ANTITRUST LITIGATION** | Case No. CV-07-5944-JST<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br>All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO ROBERT BONSIGNORE'S MOTION FOR PERMISSION TO FILE REPLY IN SUPPORT OF OBJECTIONS; REQUEST TO STRIKE** |
| | Hearing Date:<br>Time:<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn, JAMS |

I.     **INTRODUCTION**

On December 15, 2015, six days after reply briefs were due to be filed on December 9, 2015 by objectors, Robert Bonsignore ("Bonsignore") sought permission to file his Late Joinder and Reply in Support of Objection To Proposed Class Action Settlement And Motion For Attorneys' Fees (the "Late Reply") along with a 150-page Declaration in Support (the "Late Declaration") (collectively, the "Late Filings"). The **only** attempt Bonsignore makes to demonstrate "excusable neglect" to support his request for permission to file his Late Reply and Late Declaration is a claim that he was "not timely provided with copies of" the transcripts of depositions of his clients taken on October 29, 2015 and November 3, 2015. *See* Motion For Permission To File Reply In Support Of Objections To Lead Counsel's Motion For Final Approval And Attorneys' Fees ("Motion for Permission") at 1.

Several facts undermine Bonsignore's attempted showing, including:

- The transcripts were available, had Bonsignore cared to pay for and receive them, from the court reporting agency on November 11, 2015 and November 17, 2015, respectively;

- At the very latest, Bonsignore should have known the final transcripts were available on November 20, 2015 when Indirect Purchaser Plaintiffs ("IPPs") filed their papers responding to the objections and cited the October 29, 2015 and November 3, 2015 transcripts and attached excerpts of them;[1]

- Bonsignore never requested – on the record, as required by FRCP 30(e)(1) – to be provided copies of either the October 29, 2015 or the November 3, 2015 transcripts to review and sign; and

- **The Late Reply is in no way based on anything in the October 29, 2015 or the November 3, 2015 transcripts.  Indeed, the Late Reply does not make one reference to or cite either deposition transcript.**

---

[1] After IPPs' November 20, 2015 filings, Bonsignore never asked any IPP lawyer to send him copies of the transcripts at issue.

1
INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO ROBERT BONSIGNORE'S MOTION FOR PERMISSION TO FILE
REPLY IN SUPPORT OF OBJECTIONS; REQUEST TO STRIKE
Case No. 3:07-cv-5944,  MDL No. 1917

Although the Special Master's analysis could and should end here, there are other reasons to deny Bonsignore permission to file his Late Reply and Late Declaration. For example, allowing the Late Filings would: (a) interfere with the schedule the Special Master just modified on December 14, 2015; (b) reward Bonsignore for sandbagging and not filing things he has had access to for years with his opening papers as he should have; and (c) prejudice IPPs who would be effectively precluded from deposing Bonsignore's clients about materials that should have been produced in advance of their depositions.

For all of these reasons and as IPPs explain more fully below, the Special Master should deny Bonsignore's Motion for Permission and should instead strike the Late Filings.

## II. ARGUMENT

### A. Bonsignore Cannot Demonstrate Excusable Neglect

Excusable neglect is not easily demonstrated, nor was it intended to be. *U.S. v. Merrill*, 258 F.R.D. 302, 310 n.6 (E.D.N.C. 2009). Generally, "excusable neglect" requires a demonstration of good faith on the part of the party seeking an extension of time and some reasonable basis for noncompliance within the time specified in the rules. Thus, the fact that Bonsignore did not request an extension before the December 9, 2015 deadline itself dooms his current request for permission. *See Sullivan v. Mitchell*, 151 F.R.D. 331 (N.D. Ill. 1993) (noting that plaintiff's failure to move for Rule 6(b) extension of time was evidence of plaintiff's lack of diligence). *See also Tenenbaum v. Williams*, 907 F. Supp. 606 (E.D.N.Y. 1995) (fact that defense counsel was required to receive authorization from two municipal officials prior to filing motion for reargument did not make failure to file timely motion excusable neglect when defense counsel easily could have requested additional time prior to deadline for filing motion and offered no explanation for failing to do so); *Key v. Robertson*, 626 F. Supp. 2d 566, 576 (E.D. Va. 2009) ("The court … not[es] that such motions [to enlarge time to respond] are "looked upon with disfavor" even when timely filed. Needless to say, such disfavor can only increase when such a motion is itself not timely filed.").

Indeed, this is not the first time Bonsignore has filed pleadings after a deadline in this case. For example, Bonsignore filed a "Supplemental Objection" on October 26, 2015, which was filed

two and a half weeks after the October 8, 2015 objection deadline. Accordingly, his recidivism is an additional reason to deny Bonsignore's current request. *See Molina v. Potter*, 2011 WL 1261547 at *3 (S.D. Cal. 2011) (motion for extension of time because of excusable neglect denied when plaintiff's counsel had history of failing to comply with deadlines).

Bonsignore also suggests, "as an aside," that the fact that one of his clients was hired as an electrician for a Ben Affleck movie apparently demonstrates excusable neglect on Bonsignore's part because some vaguely defined "discrepancies" "took time to work out."[2] This argument is legally insufficient as well. *See Marshall v. Gates*, 812 F. Supp. 1050 (C.D. Cal. 1993) (attorney's engagement in another trial and client's incarceration do not constitute excusable neglect for untimely filing of papers in opposition to summary judgment motion), *rev'd* on other grounds.

### B. Allowing Bonsignore's Late Filings Would Interfere With the Schedule the Special Master Just Revised on December 14, 2015

Four days ago and before Bonsignore's Late Filings, the Special Master entered a scheduling order regarding further briefing and setting a hearing. The Special Master was "reluctant to extend the briefing period" but did permit Lead Counsel to file a 20-page brief (due in five days) on certain, delineated matters. Permitting Bonsignore's Late Filings would require the Special Master to revisit this scheduling order, at the very least to consider amending it to allow Lead Counsel to address matters in Bonsignore's Late Filings that are raised for the first time or are now mentioned more thoroughly than in Bonsignore's original Objection. *See e.g.* § II. C. *infra* (discussing fee-related papers from the late 1990s and early 2000s now attached to the Late Declaration). And permitting the Late Filings could delay the entire schedule because Lead Counsel would consider making a motion to re-open the November 3, 2015 deposition to ask Bonsignore's client about a retainer agreement that is attached to the Late Declaration but was never produced to IPPs. *See* § II. D. *infra*. Thus, because of the impact on an already tight schedule - a schedule previously amended to take into account Bonsignore's wishes and a schedule

---

[2] Declaration of Robert J. Bonsignore In Support of Motion For Permission To File Reply In Support Of Objections To Lead Counsel's Motions For Final Approval And Attorneys' fees at ¶4.

he has clearly known about – permission to file the Late Reply and Late Declaration should not be granted. *See Molina,* 2011 WL 1261547 at *2 (denying request based on excusable neglect where delay would have negative impact on proceedings).

### C. Bonsignore Could Have and Should Have Filed Most of What He Seeks To File Now With His Original Objection on October 8, 2015

Bonsignore's original Objection (filed on October 8, 2015) certainly took issue with Lead Counsel's fee-related behavior. *See e.g.* Bonsignore's Original Objection at 7 (asserting that the fee review process in this case allowed Lead Counsel's firm to escape scrutiny). The Late Reply seeks to do the same thing. *See e.g.* Late Reply at 4 n.2 (questioning Lead Counsel's credibility with respect to fees). But now, in further support of the same attack on Lead Counsel and in an attempt to do so more thoroughly, Bonsignore attaches several fee-related documents to his Late Declaration from the late 1990s and early 2000s. Had Bonsignore wanted these documents to be properly part of the record, he could have and should have filed them as part of his original Objection. Indeed, he offers no reason to justify why he could not have or did not.[3]

### D. IPPs Would Be Prejudiced By The Late Filings Because They Would Be Precluded From Conducting Relevant Discovery

Bonsignore attaches a retainer agreement and photographs of CRT products to his 150-page Late Declaration. The retainer agreement (dated March 20, 2008 and presumably in Bonsignore's possession since then) purports to show that Mario Alioto represents Anthony Gianasca (Bonsignore's client who lives in Massachusetts), and the photos purport to establish one of Bonsignore's client's (Mr. Edwards) standing. IPPs demanded all of these materials in their subpoenas, and the materials should have been produced in advance of the depositions that took place in this case.[4]

---

[3] The Late Declaration also attempts to attach several different emails from 2012.

[4] IPPs repeatedly asked for these materials both before, during, and after the depositions in question. See e.g. October 21, 2015 email from Gralewski to Bonsignore ("I would like you to produce all responsive documents called for in the subpoena at least 48 hours before [the] deposition."); October 26, 2015 email from Gralewski to Bonsignore (same); November 16, 2015 email from Gralewski to Bonsignore ("At the deposition in Idaho, I understand that you agreed to

However, Bonsignore did not produce the photos until after the deposition of Mr. Edwards' widow (herself an objector who lacks standing), and he did not make the Gianasca retainer agreement available **until he attached it to his Late Declaration**. These tactics amount to classic sandbagging and are highly prejudicial to IPPs. For example, IPPs were precluded from asking Mr. Gianasca at his November 3, 2015 deposition when he signed his retainer agreement, what his understanding of his retainer agreement was at the time he signed it, whether he knew Mr. Alioto, whether he had ever spoken with Mr. Alioto, or whether he considered Mr. Alioto his lawyer.[5] Similarly, with respect to the photos, IPPs are now precluded from even minimally testing if the products pictured did in fact belong to Mr. Edwards. This serious prejudice, especially with respect to the Gianasca retainer agreement, militates against a finding of excusable neglect. *See Hassaine v. Home Depot*, U.S.A., Inc., 2011 WL 1213094 (S.D. Cal. 2011) (excusable neglect not found when extension would delay resolution of case and where there was significant danger of prejudice to the opposing party).

---

provide Ms. Ashkannejhad's retainer agreement, but we haven't received it yet."); and December 9, 2015 email from Gralewski to Bonsignore ("I am writing to meet and confer regarding . . . [the production of] Mr. Gianasca's unredacted retainer agreement.").

[5] IPPs are considering filing a motion to re-open Mr. Gianasca's deposition if Bonsignore is given permission to file the Late Declaration.

5

INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO ROBERT BONSIGNORE'S MOTION FOR PERMISSION TO FILE REPLY IN SUPPORT OF OBJECTIONS; REQUEST TO STRIKE

Case No. 3:07-cv-5944,  MDL No. 1917

### III. CONCLUSION

For all of the above-stated reasons, the Special Master should deny Bonsignore's Motion for Permission. Instead, the Special Master should strike the Late Filings.

Dated: December 18, 2015         KIRBY McINERNEY LLP

By   /s/ Robert J. Gralewski, Jr.
      Robert J. Gralewski, Jr.

KIRBY MCINERNEY LLP
Robert J. Gralewski, Jr. (196410)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619.398.4340

*Counsel for Kerry Lee Hall, Daniel Riebow and the Certified Class of Indirect Purchaser Plaintiffs*