MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. RUSSELL, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
   laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944 JST |
| | MDL No. 1917 |
| | **DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE** |
| This document relates to: | |
| ALL INDIRECT PURCHASER ACTIONS | |

DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE

1      I, Joseph M. Fisher, declare:

2      1.      Identification.  I am the president of The Notice Company, Inc., a Massachusetts

3    corporation with offices at 94 Station Street, Hingham, MA 02043 ("The Notice Company"). The

4    Notice Company is principally engaged in the administration of class action settlements and

5    lawsuits pending in courts around the United States, including the dissemination of notice to class

6    members, administering the claims process, and distributing the proceeds of the litigation to the

7    class.  I have over a decade of experience assisting attorneys with class action notices and claims

8    administration.  I am also a member in good standing of the bars of the Commonwealth of

9    Massachusetts, the District of Columbia, and the Commonwealth of Virginia.  I am over 21 years

10   of age and not a party to this action.  The Notice Company developed the Notice Program for use

11   in these proposed Settlements as described in my prior Declaration on Notice dated May 27,

12   2015.  I have personal knowledge of the facts set forth herein and, if called as a witness, could

13   and would testify thereto under oath.

14     2.      Purpose of Declaration. Class Counsel has asked me to report, as of the date

15   hereof, on the dissemination of notice and the estimated percentage of Class Members reached by

16   the notice.

17     3.      "Settlement Class" Definition.  The Settlement Class consists of a Nationwide

18   Class and Statewide Damages Classes (jointly "Class Members") defined as follows:

19         NATIONWIDE CLASS:

20         All persons and or entities who or which indirectly purchased in the United States
21         for their own use and not for resale, CRT Products[1] manufactured and/or sold by
            the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at
22         any time during the period from March 1, 1995, through November 25, 2007.
            Specifically excluded from this Class are claims on behalf of Illinois persons (as
23         defined by 740 ILCS 10/4) for purposes of claims under 740 Ill. Comp. Stat §
            10/7(2), Oregon natural persons (as defined by ORS 646.705 (2)) for purposes of
24         claims under ORS § 646.775(1), and Washington persons (as defined by RCW
            19.86.080) for purposes of claims under RCW 19.86.080 (1).  Also specifically
25

26

27   [1] CRT Products are defined in the Settlement Agreements to mean Cathode Ray Tubes of any
     type (e.g. color display tubes, color picture tubes and monochrome display tubes) and products
28   containing Cathode Ray Tubes ("CRTs").

**DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE**

excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

STATEWIDE DAMAGES CLASSES:[2]

All persons and or entities in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin who or which indirectly purchased for their own use and not for resale, CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time during the period from March 1, 1995, through November 25, 2007.

All persons and entities in Hawaii who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from June 25, 2002, through November 25, 2007.

All persons and entities in Nebraska who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from July 20, 2002, through November 25, 2007.

All persons and entities in Nevada who or which indirectly purchased for their own use and not for resale CRT Products manufactured and/or sold by the Defendants, or any subsidiary, affiliate, or alleged co-conspirator thereof, at any time from February 4, 1999, through November 25, 2007.

EXCLUSIONS:

Specifically excluded from these Classes are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and, any affiliate, legal representative, heir or assign of any Defendant.  Also excluded are named co-conspirators, any federal, state or local government entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

---

[2] All of the Statewide Damages Classes are the same except that three states, Hawaii, Nebraska and Nevada, have slightly shorter damages periods.  The Statewide Damages Classes require that the purchase of CRT Products was made in one of the listed States regardless of the residency of the Statewide Damages Class Members.

3

1     4.    <u>Approved Forms of Notice</u>.  I caused to be prepared and finalized, for purposes of

2 disseminating notice in this case, the "Detailed Notice" and the "Summary Notice" substantially

3 in the form attached hereto as **Exhibit A** and **Exhibit B**, respectively.  Each document was

4 substantially in the form as approved in the Preliminary Approval Order. Each form of notice

5 described the nature of the pending litigation; reviewed the general terms of the proposed

6 settlement; stated that complete information is available from the court files and from the

7 settlement website at **www.CRTclaims.com**; informed class members that they may appear and

8 be heard at the fairness hearing; provided the date and location of the fairness hearing; informed

9 class members of their opt out rights; identified the deadline for submitting opt outs and

10 objections; informed class members that the judgment will bind all class members who do not

11 opt-out, and that any member who does not opt-out may appear through counsel; and set forth the

12 deadline and process for submitting claims for payment under the Settlement.  In addition, each

13 form of notice provided a toll-free telephone number that class members could call to obtain

14 additional information or to request a claim form, as well as SMS Text Messaging instructions

15 for requesting a Claim Form.

16     5.    <u>Spanish Forms of Notice</u>.  I caused to be prepared and finalized, for purposes of

17 disseminating notice in this case, a Spanish version of the "Detailed Notice" in the form attached

18 hereto as **Exhibit C** and a Spanish version of the "Summary Notice" in the form attached hereto

19 as **Exhibit D**.  Translation services were provided by Global Link Language Services, Inc., which

20 is a Member of the American Translators Association and a United States government contractor

21 certified by the General Service Administration (GSA) schedule since 2003.

22     6.    <u>Claim Form (English and Spanish)</u>.  With the assistance of Class Counsel, I

23 caused to be prepared, for purposes of allowing members of the Settlement Class to submit

24 claims in these Settlements, a Claim Form substantially in conformance with the Preliminary

Approval Order. Attached hereto as **Exhibit E,** and in Spanish as **Exhibit F**, are samples of the Claim Forms being used by claimants in this matter.[3]

7.    <u>Notice Program</u>.  As described in my prior Declaration on Notice dated May 27, 2015, The Notice Program for this settlement exceeded the programs previously approved by the Court for the Chunghwa Settlement, the LG Settlement and the certified classes.   The present Notice Program utilizes a combination of the following:

    (a)    Direct Notice by mail and email;

    (b)    Paid Print Media;

    (c)    Online Media;

    (d)    Earned Media and Social Media.

8.    <u>Direct Notice by Mail</u>.  Fed. R. Civ. P. 23(c)(2)(B) requires the Court to direct to Class Members "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."   Members of the Settlement Class were all indirect purchasers of CRT products.   A typical Class Member purchased a television or computer monitor from a retail store.  Lists of the names and addresses of specific consumers who indirectly purchased CRT Products from 1995 to 2007 were not made available to The Notice Company.   Nonetheless, given the fact that CRT televisions and computers were widely owned by personal and business consumers throughout the class period, The Notice Company used reasonable efforts to identify likely members of the Settlement Class in order to provide direct notice by mail and email.  Direct notice by first-class mail was sent on August 7, 2015, to 2,062 identified recipients, as follows:

    a.    <u>Compiled Lists of Businesses and Organizations.</u>  The Notice Company compiled the following lists of names and addresses for businesses and organizations that are likely members of the Settlement Class, who likely purchased large quantities of CRT televisions and/or computer monitors during the relevant period:

---

[3] Also available online at the Settlement Website, www.CRTclaims.com, is a Claim Supplement for use by third-party claims filing companies.

**DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE**

      i.  Every Fortune 500 Company nationwide in the United States for each year from 1995 to 2007;

     ii.  The 300 largest Private Colleges and Universities in the United States located in the 22 jurisdictions covered by the Statewide Damages Classes;

   iii.  The 200 largest Private Schools (secondary schools) in the United States located in the 22 jurisdictions covered by the Statewide Damages Classes; and

   iv.  The 50 largest Hospitals in the United States (not owned by any federal, state or local governmental entity) located in the 22 jurisdictions covered by the Statewide Damages Classes.

These four lists when combined, duplicate and defunct companies eliminated, resulted in a mailing list consisting of 1,317 entities.  On August 7, 2015, The Notice Company sent the Summary Notice substantially in the form attached hereto as Exhibit B to each entry on the list by first-class mail, postage prepaid.

b.  <u>List of Prior Inquiries</u>.  The Notice Company assembled a mailing list of 745 persons who previously had requested additional information from Class Counsel or The Notice Company in connection with the prior CRT indirect purchaser settlements.  On August 7, 2015, The Notice Company sent the Summary Notice substantially in the form attached hereto as Exhibit B to each entry on the list by first-class mail, postage prepaid.

c.  <u>Returns</u>.  Prior to sending the mailings referenced above, all addresses were updated utilizing NCOA$^{Link}$ data from the U.S. Postal Service.[4]  Of the 2,062 letters mailed on August 7, 2015, 96 were returned as undeliverable with no forwarding address available.

---

[4] NCOA$^{Link}$ is a secure dataset of approximately 160 million permanent change-of-address records consisting of the names and addresses of individuals, families and businesses who have filed a change-of-address with the USPS

**DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE**

9.    <u>Direct Notice by Email</u>.  In order to reach large groups of Class Members so as to provide them direct notice of the proposed Settlement, as well as the opportunity to submit claims, I arranged for emails to be sent as follows:

a.    <u>Consumer Emails</u>. The Notice Company identified a list of email addresses for individual consumers with interests in computers, televisions and consumer electronics in general.  The Notice Company narrowed the list to persons who were at least 18 years of age as of 2007 (the last year of the Class Period, which would make such persons at least 26 years of age in 2015) and who resided in one of the 22 jurisdictions covered by the Statewide Damages Classes. The size of the list was initially proposed at 7.2 million email addresses, but was refined down to approximately 6.4 million email addresses that met the demographic requirements, were qualified as opt-in email addresses and allowed us to comply with CAN-SPAM requirements.[5]  Notice substantially in the form attached hereto as **Exhibit G** was sent by email to the list of consumers over several weeks in August and September 2015.  After allowing for bounced or undeliverable emails, the net number of emails delivered to consumers was 6,309,674.

b.    <u>Business Emails</u>.  The Notice Company identified a list of email addresses for small business owners (businesses typically ranging from five to twenty-five employees).  The Notice Company narrowed the list to small businesses located in one of the 22 jurisdictions covered by the Statewide Damages Classes.  The size of the list was initially proposed at 1.3 million email addresses, but was increased to approximately 1.7 million opt-in email addresses that qualified and allowed us to proceed in compliance with CAN-SPAM.  Notice substantially in the form attached hereto as **Exhibit G** was sent by email to the list of small businesses.

---

[5] See "CAN-SPAM Act: A Compliance Guide for Business", Federal Trade Commission (Sept. 2009) (available at https://www.ftc.gov/tips-advice/business-center/guidance/can-spam-act-compliance-guide-business).

**DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE**

1        After allowing for bounced or undeliverable emails, the net number of emails

2        delivered to small businesses was 1,470,776.

3      c.  Email to NYTimes.com Readers.  The Notice Company arranged for a banner link

4        to the CRTclaims.com website to be included in the emails sent by *The New York*

5        *Times* to subscribers to its NYTimes.com email service.  The email banner, which

6        was substantially in the form attached hereto as **Exhibit H**, was designed to be

7        visible in the body of the email, highlighted the CRT settlement and claims

8        process, and allowed readers to link directly to the settlement website.  The Notice

9        Company requested that the notice banner be featured in 2.6 million emails sent

10       out by NYTimes.com.  *The New York Times* reports that it delivered the CRT

11       banner in 2,752,737 emails during the period August 2, 2015 to August 23, 2015.

12       A sample email is attached hereto as **Exhibit I**.

13     d.  Total Delivered Emails.   The total delivered emails for these campaigns was

14       10,533,187.

15    10.   Paid Print Media.  In addition to sending direct notice to likely members of the

16 Settlement Class, The Notice Company provided notice to members of the Settlement Class

17 through publication of the Summary Notice in print media as follows:

**TABLE 1**

| Name | Circulation | Readership | On Sale Date (Issue Date) | Notice as Published |
|---|---|---|---|---|
| **Newspapers** | | | | |
| *Parade* (Sunday Magazine*)* | 23,587,758 | 50,853,000 | 8/8/15 (8/9/15) | **Exhibit J** |
| *American Profile* (Sunday Magazine) | 6,009,396 | 16,000,000 | 8/1/15 (8/2/15) | **Exhibit K** |
| *The Wall Street Journal* | 1,356,000 | 3,500,000 | 8/7/15 | **Exhibit L** |
| *USA Today* | 1,259,000 | 3,900,000 | 8/7/15 | **Exhibit M** |
| *The New York Times* (Sunday national edition) | 1,221,000 | 3,900,000 | 8/2/15 | **Exhibit N** |
| *San Francisco Chronicle*[6] (Sunday edition) | 303,282 | 768,658 | 8/16/15 | **Exhibit O** |
| *El Nueva Dia* (Puerto Rico; notice in Spanish) | 200,000 | 1,200,000 | 8/7/15 | **Exhibit P** |
| **Magazines** | | | | |
| *People* | 3,537,000 | 42,615,000 | 8/7/15 (8/17/15) 8/14/15 (8/24/15) | **Exhibit Q** |
| *Time* | 3,282,000 | 16,613,000 | 8/7/15 (8/17/15) | **Exhibit R** |
| *Sports Illustrated* | 3,021,000 | 18,288,000 | 8/5/15 (8/10/15) | **Exhibit S** |
| *TV Guide* | 1,815,000 | 13,184,000 | 8/6/15 (8/10/15) | **Exhibit T** |

---

[6] The *San Francisco Chronicle* was not listed in my prior Declaration on Notice because, at the time, the *Chronicle* was included in the list of newspapers carrying *Parade Magazine*. However, as of August 2015 *Parade* had added other distribution outlets in the region and was no longer carried by the *Chronicle*. We elected to publish notice directly in the *San Francisco Chronicle*.

9

**DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE**

The exhibits referenced in **Table 1** above include copies of the Summary Notice as it appeared in each of the respective publications, along with an Affidavit or Certification of Publication from each publication.

11.   <u>Paid Digital Media</u>.  Commencing as of August 1, 2015, The Notice Company has utilized paid digital media on an ongoing basis for the dual purposes of providing notice and encouraging qualifying Class Members to submit claims. The Notice Company has utilized the following online networks and websites: TVinsider.com, Parade.com, Facebook.com, Google Ads, Google Search, and Yahoo! Bing Search. An implementation report is attached as **Exhibit U** hereto.[7]

12.   <u>Earned Media and Social Media</u>.   Earned media was employed using a press release issued nationally over PR Newswire, along with Twitter post to reporters, and an outreach to bloggers and other online media websites with a focus on computers, electronics, and legal issues. On August 6, 2015, a Press Release substantially in the form attached hereto as **Exhibit V** was distributed in English and Spanish, which generated the following results:

    a.   The English-version of the Press Release was picked up by 203 websites with a total potential audience of 72,095,000, including two media outlets in Canada.

    b.   The Spanish-version of the Press Release was picked up by 81 websites with a total potential audience of 332,000, including 37 media outlets in Mexico.

    c.   On a combined basis (English and Spanish), the twitter post generated 11,828 followers.

    d.   Blogs: The CRT release was picked up by 17 blogs, including 6 blogs located in Mexico and one blog in Canada.  The top 5 blogs were receiving 156,000 visitors per day.

Detailed results of the release are shown in **Exhibit W** attached hereto.[8]

---

[7] See the discussion at paragraph 18, *infra*.

[8] The Notice Company issued a second press release on October 30, 2015, alerting Class Members to the change in the date of the Fairness Hearing as provided in the Special Master's Scheduling Order No. 1, and reminding them of the claims submissions deadline.  The Notice Company issued a third press release on November 17, 2015, informing Class Members that the

10

13.    <u>Settlement Website</u>. Commencing as of July 31, 2015, and continuing through the date hereof, I caused to be established and maintained online a website for the current Settlements at www.CRTclaims.com (the "Settlement Website").   Pertinent information about the Settlement Website includes the following:

    a.   Appearing on the Settlement Website, in both English and Spanish languages, are the Detailed Notice, Summary Notice and Claim Form.  An online version of the Claim Form, in both English and Spanish, are on the Settlement Website as well.

    b.   Also available at the Settlement Website are copies of the Complaint, Class Certification Order, Settlement Agreements with Chunghwa, LG, Hitachi, Panasonic, Philips, Samsung, Toshiba, and Technicolor/Thomson and Technologies Displays Americas, Preliminary Approval papers, the Request for Award of Attorneys' Fees, Expenses and Incentive Awards, and the Special Master's Scheduling Order No. 1 dated October 8, 2015.

    c.   Information on the Settlement Website was updated in October to reflect the revised schedule for the Fairness Hearing pursuant to the Scheduling Order dated October 8, 2015.   Information on the Settlement Website was updated in November to reflect the new date for the Fairness Hearing of March 15, 2016.

    d.   The Settlement Website was registered with the search/directory sites at Google.com, the Yahoo! Bing Network, and also with Dmoz.org, the Internet's Open Directory Project.

    e.   As of the date hereof there have been approximately 2 million page views of the Settlement Website generated by more than 537,000 users over the course of more than 731,000 user-initiated web sessions.

---

Fairness Hearing date has been set at March 15, 2016, and reminding them of the claims submissions deadline.

DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE

1         f.   Numerous other websites have established their own, unpaid, direct links to the

2           Settlement Website in this case, effectively informing visitors to those websites of

3           these Settlements.  See **Exhibit X** attached hereto.

4        14.   <u>Toll-Free Telephone Notice</u>.   The Summary Notice, Detailed Notice and Press

5    Release specifically refer to a toll-free telephone number (800-649-0963) available for interested

6    parties to call and learn more about the case or to request copies of the Detailed Notice, Claim

7    Form or other settlement documents.  Commencing as of July 31, 2015, and continuing through

8    the date of this Declaration, I caused to be established and maintained the above-referenced toll-

9    free telephone number.   Over 3,900 incoming telephone calls have been received on this

10   telephone line, resulting in more than 202 hours of telephone interactions with callers.

11       15.   <u>SMS Text Messaging</u>.   The Summary Notice, Detailed Notice and Press Release

12   inform Class Members that they may obtain more information by sending a text utilizing SMS

13   ("short message service"), which allows a short text message to be sent.  Thus far there have been

14   342 SMS text messages received, generating automatic responses that direct the user to the

15   Settlement Website.

16       16.   <u>Mailed Notice: Responding to Requests</u>.  Commencing as of the publication of the

17   Summary Notice and continuing through the date of this Declaration, copies of the Detailed

18   Notice and Claim Form have been mailed, first-class postage prepaid, directly to persons in

19   response to their written or telephone requests for such documents.  As of the date hereof, The

20   Notice Company has responded to such requests by mailing a copy of the Detailed Notice to 931

21   persons and a copy of the Claim Form to 1,147 persons.

22       17.   <u>Appropriate Forms of Notice</u>.   The Detailed Notice and Summary Notice are

23   written in a clear, plain and concise style appropriate for the target audience.   The Detailed

24   Notice includes an overall summary of the notice, uses short bullet points that highlight the

25   nature of the case and the purpose of the notice, includes a table of contents, organizes the topics

26   into different sections and places the information in a logical order. The Summary Notice is short

27

28

**DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE**

1  but comprehensive; it refers to all of the requirements of Rule 23 in a simple and clear summary

2  fashion.  In my opinion, the notices comport with the plain language standards for legal noticing.

3          18.    <u>Effectiveness of Notice</u>.  The hallmarks of an appropriate notice program are, first,

4  whether individual notice was provided to Class Members who could be identified through

5  reasonable effort, and second, when a media program is involved, whether it appropriately

6  reached a targeted demographic reflective of the class.

7          a.    The Notice Program for these Settlements took reasonable efforts to identify likely

8                class members and afford them individual notice.  We reached both large and

9                small businesses, as well as individual consumers who would have been of

10               "purchasing age" during the class period from 1995 to 2007, with a focus on the

11               22 jurisdictions covered by the Statewide Damages Classes. Targeted direct mail

12               and over 10 million emails were sent in a reasonable effort to provide direct notice

13               of the Settlements.

14         b.    Media programs are often evaluated based on their reach and frequency.  Reach is

15               the number or percent of persons expected to be exposed at least once to the

16               notice.  Frequency refers to the average number of times an individual is expected

17               to have the opportunity to see the notice.

18         c.    Print Media: Reach and frequency estimates for print media were based on survey

19               data from *GfK MRI*, one of the leading producers of media and consumer research

20               in the United States.  CRT Notices appearing in the paid print media, without the

21               benefit of other aspects of the Notice Program, reached an estimated 57% of

22               persons at least aged 30+ who own TVs or computers with a household income of

23               at least $60,000, with an estimated frequency of 1.8.  If the target age group is

24               shifted to persons aged 35+ then the estimated reach of the paid print media, by

25               itself, was 59% with an estimated frequency of 1.9.  If the target age group is set at

26

27

28

**DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE**

1  45+ then the estimated reach of the paid print media, by itself, was 62% with an

2  estimated frequency of 1.9.[9]

3    d.  Print and Digital Media Combined:  Reach and frequency estimates for digital

4  media were based on survey data from ***comScore***, a leading Internet analytics

5  company that provides marketing data and analytics.  When digital and print

6  media results are combined, the result is an estimated 83% of persons aged 30+

7  who own a TV or computer with household income of $60,000 have been reached,

8  with an estimated frequency of 3.1. Increasing the targeted age group to persons

9  35+ results in an estimated reach of 84% with an estimated frequency of 3.2. For

10  the older demographic of 45+ of persons who own a TV or computer with

11  household income of $60,000, the estimated reach was 85% with an estimated

12  frequency of 3.2.

13    e.  As a practical matter, the reach and frequency of the notice to Class Members was

14  effectively greater than the above-described numbers, since the calculated

15  numbers ignore so-called "organic" notices that cannot be directly traced to a paid

16  activity.  For example, a search result showing the CRT Settlement Website as a

17  paid advertisement would be included in the calculated reach; but a search result

18  showing the CRT Settlement Website as an unpaid search result is not included in

19  the calculated reach.  Both results effectively reach the viewer, but only the paid

20  search result is counted. Similarly, the reach and frequency calculations ignore the

21  unpaid exposures to the Settlement Website, such as the hundreds of thousands of

22  user-initiated web sessions at www.CRTclaims.com and the extensive exposure

23  afforded by news articles and featured (but unpaid) links from numerous third-

24  party websites to the Settlement Website.  See **Exhibit X** hereto.

25

---

26  [9] Several objectors to the Notice Program have asserted that the targeted age demographic was

27  too young, suggesting that the focus should have been on an older population group.  Although I
responded to this assertion in my Declaration on Objections to Notice, I present here the results

28  of the Notice Program for several older demographics.

**DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE**

1       19.    <u>Requests for Exclusion from the Settlements</u>.  As of the date of this declaration,

2   The Notice Company has received five (5) requests for exclusion as listed in **Exhibit Y** attached

3   hereto.  These exclusion requests were all timely, being postmarked on or before the deadline of

4   October 8, 2015.  The Notice Company has not received any late requests for exclusion; if such

5   requests are received I will notify Class Counsel.

6       20.    <u>Objections to the Settlement</u>.  I have filed a separate Declaration dated November

7   17, 2015, concerning objections received.

8       I declare under penalty of perjury under the laws of the United States that the foregoing is

9   true and correct.

10       Executed at Hingham, Massachusetts, this 17th day of November, 2015.

11

12   _____

13   JOSEPH M. FISHER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF JOSEPH M. FISHER REPORTING ON CLASS NOTICE**

## DECLARATION OF JOSEPH M. FISHER
## <u>LIST OF EXHIBITS</u>

Exhibit A . . . . . . . . . . . . . . . . . . . . .   Detailed Notice

Exhibit B . . . . . . . . . . . . . . . . . . . . .   Summary Notice

Exhibit C . . . . . . . . . . . . . . . . . . . . .   Detailed Notice (Spanish)

Exhibit D . . . . . . . . . . . . . . . . . . . . .   Summary Notice (Spanish)

Exhibit E . . . . . . . . . . . . . . . . . . . . .   Claim Form

Exhibit F . . . . . . . . . . . . . . . . . . . . .   Claim Form (Spanish)

Exhibit G . . . . . . . . . . . . . . . . . . . . .   Form of Email Used in Distribution

Exhibit H . . . . . . . . . . . . . . . . . . . . .   CRT Banner sent to email subscribers of NYTimes.com

Exhibit I . . . . . . . . . . . . . . . . . . . . .   Sample NYTimes.com email showing CRT Banner

Exhibit J . . . . . . . . . . . . . . . . . . . . .   ***Parade Magazine***: Publication of Summary Notice

Exhibit K . . . . . . . . . . . . . . . . . . . . .   ***American Profile***: Publication of Summary Notice

Exhibit L . . . . . . . . . . . . . . . . . . . . .   ***The Wall Street Journal***: Publication of Summary Notice

Exhibit M  . . . . . . . . . . . . . . . . . . . . .   ***USA Today***: Publication of Summary Notice

Exhibit N . . . . . . . . . . . . . . . . . . . . .   ***The New York Times***: Publication of Summary Notice

Exhibit O  . . . . . . . . . . . . . . . . . . . . .   ***San Francisco Chronicle***: Publication of Summary Notice

Exhibit P  . . . . . . . . . . . . . . . . . . . . .   ***El Nueva Dia***: Publication of Summary Notice

Exhibit Q . . . . . . . . . . . . . . . . . . . . . .   ***People***: Publication of Summary Notice

Exhibit R . . . . . . . . . . . . . . . . . . . . . .   ***Time***: Publication of Summary Notice

Exhibit S . . . . . . . . . . . . . . . . . . . . . .   ***Sports Illustrated***: Publication of Summary Notice

Exhibit T . . . . . . . . . . . . . . . . . . . . . .   ***TV Guide***: Publication of Summary Notice

Exhibit U . . . . . . . . . . . . . . . . . . . . . .   Media Implementation

Exhibit V . . . . . . . . . . . . . . . . . . . . . .   Press Release

Exhibit W . . . . . . . . . . . . . . . . . . . . . .   Earned Media Results

Exhibit X . . . . . . . . . . . . . . . . . . . . . .   Links to Settlement Website

Exhibit Y . . . . . . . . . . . . . . . . . . . . . .   Exclusion Requests