# DECLARATION OF JOSEPH M. FISHER

# EXHIBIT C

E<small>L</small> T<small>RIBUNAL DE</small> D<small>ISTRITO DE</small> EE.UU. <small>PARA EL</small> D<small>ISTRITO</small> N<small>ORTE DE</small> C<small>ALIFORNIA</small>

# SI Usted Compró un Tubo de Rayos Catódicos (CRT) o un Televisor o un Monitor para Computadora que Contenía un CRT

## *Usted Pudiera Obtener Dinero de Acuerdos por un Total de $576.75 Millones.*

*Un Tribunal Federal autorizó este aviso.*

*Esta no es una oferta de un abogado.*

- Por favor, lea este aviso cuidadosamente. Sus derechos legales pudieran verse afectados ya sea que usted actúe o no.

- Este es el tercer aviso de este caso. Ahora hay nueve Acuerdos en este litigio referente a supuestos sobrecargos en el precio de Productos con Tubo de Rayos Catódicos ("CRT", por sus siglas en inglés) comprados indirectamente a los Demandados. Los CRT incluyen "Productos CRT" y productos que contienen CRT, tales como televisores y monitores para computadoras. "Indirectamente" quiere decir que usted compró el Producto CRT a otra persona a alguien que no sea un acusado o presunto conspirador.  Por ejemplo, usted compró un televisor conteniendo un CRT fa un detallista, tal como Best Buy o Costco, o un monitor para computadora conteniendo un CRT a Dell.

- El Tribunal aprobó previamente Acuerdos con dos Demandantes, Chunghwa y LG. L o s Acuerdos se han alcanzado ahora con siete Demandantes adicionales: Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson y TDA ("Nuevos Acuerdos").

- Usted puede hacer una reclamación de dinero si usted es una persona o negocio que compró indirectamente Productos CRT para su propio uso y no para revender en Arizona, California, el Distrito de Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, Nuevo México, Nueva York, Carolina del Norte, Dakota del Norte, Dakota del Sur, Tennessee, Vermont, West Virginia o Wisconsin (los "Colectivos Indemnizados en los Estados"). La compra tiene que haber sido hecha en uno de los estados mencionados. Pero usted no tiene que ser residente de uno de estos estados.

- Los Nuevos Acuerdos también conceden las medidas cautelares por los reclamos de compensación a los consumidores de Productos CRT en toda la nación (excluyendo Illinois, Oregón y Washington) (el Colectivo en toda la Nación).  *Ver* Pregunta 7 en este Aviso para definiciones específicas de Clase.

- Sony Corporation **no** es demandado y **no** ha supuestamente participado en la presunta conspiración de CRT.  Las compras de Productos CRT con marca de Sony® **no** son elegibles para ser incluidas en reclamaciones presentadas según Acuerdos.

| SUS DERECHOS Y OPCIONES LEGALES EN ESTOS ACUERDOS | |
|---|---|
| **PRESENTAR UNA RECLAMACIÓN CON FECHA LÍMITE DEL 7 DE DICIEMBRE DE 2015** | Esta es la única forma de recibir un pago.  *Ver* Pregunta 11. |
| **OBJETAR CON FECHA LÍMITE DEL 8 DE OCTUBRE DE 2015** | Usted puede presentar una objeción ante el Tribunal (y enviar por correo postal una copia al Administrador del Acuerdo) explicando por qué no está de acuerdo con los Nuevos Acuerdos, el plan de distribución, los honorarios solicitados para los abogados y costos  de litigación y/o remuneraciones para los Representantes del Colectivo. *Ver* Pregunta 17 para detalles. |

**V<small>ISIT</small> www.CRTclaims.com OR C<small>ALL</small> T<small>OLL</small> F<small>REE</small> 1-800-649-0963**
**P<small>ARA UNA NOTIFICACIÓN EN</small> E<small>SPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR</small>**

| IR A LA AUDIENCIA EL 13 DE NOVIEMBRE DE 2015 | En el Tribunal, solicite hablar sobre los Acuerdos. *Ver* Preguntas 18 y 20. |
|---|---|
| EXCLUIRSE CON FECHA LÍMITE DEL 8 DE OCTUBRE 2015 | La única opción que le permite demandar individualmente a Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson o TDA para reclamaciones por este caso. *Ver* Preguntas 12 y 13 para detalles. |
| NO HACER NADA | Usted no recibirá un pago por los acuerdos y usted renunciará a cualquier derecho que tenga actualmente de demandar por separado a los Demandados por la conducta objeto de los procesos legales. |

Estos derechos y opciones – **y las fechas límite para ejercerlos** – son explicados en este Aviso.

## QUÉ CONTIENE ESTE AVISO

**INFORMACIÓN BÁSICA** ......... Página 3
1. ¿De qué se trata en este Aviso?
2. ¿Qué es un Tubo de Rayos Catódicos ("CRT", por sus siglas en inglés)?
3. ¿Qué es un Producto CRT?
4. ¿De qué se trata en esta demanda?
5. ¿Qué es una demanda colectiva?

**QUIÉN ESTÁ INCLUIDO EN LA DEMANDA** ......... Página 5
6. ¿Quiénes son las compañías Demandadas?
7. ¿Cómo sé si estoy en el Colectivo de Acuerdos?

**LOS BENEFICIOS DE LOS ACUERDOS** ......... Página 7
8. ¿Qué ofrecen los Acuerdos?
9. ¿Cuánto dinero puedo obtener?
10. ¿Cuándo recibiré un pago?

**CÓMO OBTENER UN PAGO** ......... Página 9
11. ¿Cómo puedo recibir un pago?

**DERECHO A EXCLUIRSE** ......... Página 9
12. ¿Quién tiene derecho a ser excluido?
13. ¿Cómo me excluyo del Colectivo de Acuerdos?

**PERMANECER EN EL COLECTIVO DE ACUERDOS** ......... Página 10
14. ¿A qué estoy renunciando si permanezco como miembro del Colectivo de Acuerdos?

**LOS ABOGADOS QUE LO REPRESENTAN A USTED** ......... Página 10
15. ¿Tengo un abogado que me represente?
16. ¿Cómo pagarán a los abogados?

**OBJETAR O COMENTAR SOBRE LOS NUEVOS ACUERDOS, PLAN DE DISTRIBUCIÓN, HONORARIOS DE ABOGADOS, COSTOS DE LITIGACIÓN Y REMUNERACIONES DE LOS REPRESENTANTES DEL COLECTIVO** ......... Página 11
17. ¿Cómo objeto o comento sobre los Acuerdos?

LA AUDIENCIA IMPARCIAL ................................................................................................ Página 11
   18.   ¿Cuándo y cómo considerará el Tribunal los Nuevos Acuerdos, el plan de distribución,
         la solicitud de honorarios para los abogados, costos de litigación y remuneraciones
         para los Representantes del Colectivo?
   19.   ¿Tengo que asistir a la audiencia?
   20.   ¿Puedo hablar en la audiencia?

OBTENER MÁS INFORMACIÓN ............................................................................................... Página 12
   21.   ¿Dónde puedo obtener más información?

## INFORMACIÓN BÁSICA

### 1. ¿De qué se trata en este Aviso?

Este Aviso es para informarle sobre los nuevos siete Acuerdos a los que se han llegado que pudieran afectar sus derechos, incluyendo su derecho a presentar una reclamación, a objetar o excluirse de los Nuevos Acuerdos. Usted tiene el derecho de conocer los Nuevos Acuerdos y sus derechos y opciones  legales antes de que el Tribunal decida si aprobar los Nuevos Acuerdos.

**Los miembros del Colectivo de Daños y Perjuicios en los Estados son elegibles para presentar reclamación ahora para obtener un pago de todos los nueve Acuerdos (*ver* Pregunta 11).**

El tribunal a cargo es el Tribunal de Distrito de Estados Unidos para el Distrito Norte de California. La referencia del caso es In re: Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917. Las personas y los negocios que demandan son denominados Demandantes y las compañías por ellos demandadas Demandados (*ver* Pregunta 6).

### 2. ¿Qué es un Tubo de Rayos Catódicos ("CRT")?

Los Tubos de Rayos Catódicos ("CRT") son una tecnología de visualización que fue ampliamente usada en televisores y monitores, los CRT era la tecnología principal usada en pantallas. Hay dos tipos principales de CRT: Tubos de visualización cromática ("CDT", por sus siglas en inglés, o "Tubos de Monitores"), que eran usados para fabricar monitores de computadoras y Tubos de Imágenes Cromáticas ("CPT", por sus siglas en inglés o  "Tubos de televisores"), que eran usados para fabricar televisores.  Un CRT luce así:

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**



### 3. ¿Qué es un Producto CRT?

Para fines de la demanda y Acuerdos, Productos CRT quieren decir Tubos de Rayos Catódicos (tubos de visualización cromática, tubos de imágenes cromáticas y tunos de visualización monocromática) y productos que contienen Tubos de Rayos Catódicos, tales como televisores y monitores de computadora. Un Producto CRT luce así:

**Monitor CRT:**



**Televisor CRT:**



| 4. ¿De qué se trata en esta demanda? |
| --- |

La demanda alega que los Demandados fijaron precios de CRT del 1 de marzo de marzo de 1995 al 25 de noviembre de 2007 que resultaron en sobrecargos para las personas y negocios que compraron CRT y productos conteniendo CRT, tales como televisores y monitores de computadoras. Los Demandados niegan dichas alegaciones. El Tribunal no ha decidido quién tiene razón.

El 22 de marzo de 2012, el Tribunal aprobó un Acuerdo por un total de $10,000,000 con el Demandante Chunghwa. El 18 de abril de 2014, un Producto CRT:$25,000,000 con el Demandante LG. Ahora hay siete Nuevos Acuerdos por un total de $541,750,000 con los Demandantes Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson y TDA.  El Tribunal aún tiene que decidir si aprobar los Nuevos Acuerdos. La cantidad total de los nueve Acuerdos en conjunto es $576,750,000.

| 5. ¿Qué es una demanda colectiva? |
| --- |

En una demanda colectiva una o más personas o negocios, los llamados representantes colectivos, demandan a nombre de un grupo o un "colectivo" de otros con reclamaciones similares. Si el Tribunal determina que un caso debe proceder como una demanda colectiva, las reclamaciones de todos pueden combinarse en un solo procedimiento, creando eficiencia para las partes y los tribunales. En una demanda colectiva, el tribunal resuelve los temas para todos los miembros de colectivo, excepto aquellos que se excluyen del Colectivo.

## ¿QUIÉN ESTÁ INCLUIDO EN LA DEMANDA?

| 6. ¿Cuáles son las compañías Demandadas? |
| --- |

Los Demandados son productores y/o los vendedores de CRT.

**Las compañías Demandadas son:**

- Chunghwa Picture Tubes Ltd.; Chunghwa Picture Tubes (Malaysia) SDN. BHD ("Chunghwa");

- LG Electronics Inc.; LG Electronics USA, Inc.; LG Electronics Taiwan Taipei Co., Ltd. ("LG");

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

- Koninklijke Philips N.V. (f/k/a Koninklijke Philips Electronics N.V.); Philips Electronics North America Corporation; Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.); Philips do Brasil, Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.) ("Philips");

- Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.); Panasonic Corporation of North America; MT Picture Display Co., Ltd.; y un afiliado de Panasonic Corporation, Beijing Matsushita Color CRT Co., Ltd. (colectivamente "Panasonic");

- Hitachi, Ltd.; Hitachi Displays, Ltd. (n/k/a Japan Display Inc.); Hitachi Electronic Devices (USA), Inc.; Hitachi Asia, Ltd.; Hitachi America, Ltd. ("Hitachi");

- Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America Consumer Products, L.L.C.; Toshiba America Electronic Components, Inc. ("Toshiba");

- Samsung SDI Co. Ltd; Samsung SDI America, Inc.; Samsung SDI Brasil, Ltda.; Tianjin Samsung SDI Co., Ltd.; Shenzhen Samsung SDI Co., Ltd; Samsung SDI Malaysia Sdn. Bhd; Samsung SDI Mexico S.A. de C.V. ("Samsung SDI");

- Technicolor SA (f/k/a Thomson SA); Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.) ("Thomson"); y

- Technologies Displays Americas LLC (f/k/a Thomson Americas LLC) ("TDA").

Hay algunos otros fabricantes y vendedores de CRT que los Demandantes alegan eran parte de la presunta conspiración pero que no son actualmente demandados o no se han presentado en el litigio. Los nombres de estas compañías son:

- LG.Philips Displays, a/k/a LP Displays International, Ltd.;

- IRICO Group Corporation; IRICO Display Devices Co., Ltd.; e IRICO Group Electronics Co., Ltd.;

- Thai CRT Company, Ltd.;

- Samtel Color, Ltd.;

- Orion Electric Company, Ltd.;

- Videocon Industries, Ltd.; and

- Mitsubishi Electric Corporation; Mitsubishi Electric & Electronics USA, Inc.; y Mitsubishi Digital Electronics Americas, Inc.

## 7. ¿Cómo sé si estoy en el Colectivo de Acuerdos?

Los acuerdos han recuperado dinero ("daños y perjuicios") para los consumidores que compraron CRT en los 21 estados y el Distrito de Columbia (los "Colectivos de Daños y Perjuicios Estatales").   Estos estados y el Distrito de Columbia tienen leyes antitrust y/o leyes de protección del consumidor, que permiten que los consumidores demanden por daños y perjuicios debido a violaciones de las leyes antitrust.

Los Acuerdos también contemplan medidas conciliatorias para reclamaciones de consumidores de Productos CRT en toda la nación (excluyendo a Illinois, Oregón y Washington) (el "Colectivo Nacional").

El "Acuerdo Colectivo" incluye:

**Colectivos de Daños y Perjuicios en los Estados**:

Los Colectivos de Daños y Perjuicios en los Estados incluyen a cualquier persona o entidad comercial en Arizona, California, Distrito de Columbia, Florida, Hawaii, Iowa, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, Nuevo México, Nueva York, North Carolina, Dakota del Norte, Dakota del Sur, Tennessee, Vermont, West Virginia, y Wisconsin que compraron indirectamente para su propio

usufructo y no para revender un Producto CRT fabricado o vendido por cualquiera de los Demandados o sus supuestos co conspiradores (listados en la Pregunta 6).

La compra tiene que haber sido hecha en uno de los estados antedichos. Pero usted no tiene que ser residente de uno de estos estados.

Periodo para reclamación del Colectivo: para presentar una reclamación, usted tiene que haber comprado el (los) Producto(s) CRT entre el 1 de marzo de 1995 y el 25 de noviembre de 2007. Debido a que las leyes de Hawaii, Nebraska y Nevada permitiendo a los consumidores presentar una queja fueron promulgadas después del inicio del periodo para reclamación del colectivo, esos estados disponen de periodos de reclamación de los colectivos algo más cortos.

- Las compras de Productos CRT en Hawaii tienen que haberse efectuado entre el 25 de junio de 2002 y el 25 de noviembre de 2007.
- Las compras de Productos CRT en Nebraska tienen que haberse efectuado entre el 20 de julio de 2002 y el 25 de noviembre de 2007.
- Las compras de Productos CRT en Nevada tienen que haberse efectuado entre el 4 de febrero de 1999 y el 25 de noviembre de 2007.

**Colectivo en la Nación**: el Colectivo Nacional incluye a cualquier persona o negocio que durante el periodo comprendido entre el 1 de marzo de 1995 y el 25 de noviembre de 2007 compraron indirectamente en los Estados Unidos (excluyendo Illinois, Oregón y Washington) para su propio usufructo y no para revender un Producto CRT fabricado o vendido por cualquiera de los Demandados o sus supuestos coconspiradores (listados en la Pregunta 6).

**Exclusiones:**

- Quedan específicamente excluidos de los Colectivos de Daños y Perjuicios en los estados y la nación: los demandados; los funcionarios, directores o empleados de cualquier Demandado; cualquier entidad en la que cualquier Demandado tenga una participación mayoritaria y cualquier afiliado, representante legal, heredero o asignado de cualquier Demandado.
- También quedan excluidos los coconspiradores mencionados, cualquier entidad gubernamental federal, estatal o local, cualquier funcionario judicial presidiendo esta demanda y miembros de su familia inmediata, así como cualquier miembro del jurado asignado a esta demanda.
- Sony Corporation no es un demandado y las compras de Productos CRT de la marca Sony® están excluidas de los Acuerdos.
- Los residentes de Illinois, Oregón y Washington están excluidos del Colectivo Nacional porque los fiscales generales de esos estados están demandando a los Acusados a nombre de los residentes de esos estados.

Las definiciones específicas de colectivo están disponibles en **www.CRTclaims.com**.


## LOS BENEFICIOS DE LOS ACUERDOS

### 8. ¿Qué ofrecen los Acuerdos?

El Tribunal ha aprobado ya dos acuerdos que suman en total $35,000,000. Los siete Nuevos Acuerdos totalizan $541,750,000 y están siendo presentados al Tribunal para su aprobación.

7

**VISIT www.CRTclaims.com OR CALL TOLL FREE 1-800-649-0963**
**PARA UNA NOTIFICACIÓN EN ESPAÑOL, VISITAR NUESTRO WEBSITE O LLAMAR**

## NUEVOS ACUERDOS

| | |
|---|---|
| **Acuerdo de Philips:** | Philips ha pagado $175,000,000 para el Fondo de Liquidación |
| **Acuerdo de Panasonic:** | Panasonic ha pagado $70,000,000 para el Fondo de Liquidación |
| **Acuerdo de Hitachi :** | Hitachi ha pagado $28,000,000 para el Fondo de Liquidación |
| **Acuerdo de Toshiba:** | Toshiba ha pagado $30,000,000 para el Fondo de Liquidación |
| **Acuerdo de Samsung SDI:** | Samsung SDI ha pagado $225,000,000 para el Fondo de Liquidación |
| **Acuerdos de Thomson y TDA:** | Thomson and TDA han pagado $13,750,000 para el Fondo de Liquidación |

El Fondo de Liquidación combinado totalizando $576,750,000 será usado para pagar a los demandantes elegibles en los estados involucrados en este litigio. Cualquier interés ganado será añadido al Fondo de Liquidación. El costo para administrar la Liquidación, así como los honorarios de abogados, costos de litigación y pagos a los Representantes del Colectivo procederán del Fondo de Liquidación combinado (*ver Pregunta*16).

Los Acuerdos de Liquidación y los documentos presentados avalando los Nuevos Acuerdos están disponibles para su revisión y descarga en **www.CRTclaims.com**, o usted puede solicitar copias llamando al Administrador del Acuerdo al 1-800-649-0963.

### 9. ¿Cuánto dinero puedo obtener?

Solo miembros de los Colectivos de Daños y Perjuicios Estatales son elegibles para recibir un pago del Fondo de Liquidación. Se ha presentado un plan al Tribunal explicando cómo será distribuido el Fondo de Liquidación a los Miembros del Colectivo de Daños Y Perjuicios Estatales. Los pagos serán determinados proporcionalmente. Esto quiere decir que las cantidades de pago se basarán en la cantidad de reclamaciones válidas presentadas, así como en la cantidad y tipo del (los) Producto(s) CRT comprado(s): Televisor CRT estándar (tamaño de pantalla de menos de 30 pulgadas); Televisor CRT grande (tamaño de pantalla de 30 pulgadas o más grande); o Monitor para Computadora CRT. Sobre la base de los datos obtenidos durante el curso de la litigación, las reclamaciones para diferentes tipos de Productos CRT serán ponderadas de la forma siguiente:

- Reclamaciones por compras de Televisores CRT estándar se ponderarán como 1;
- Reclamaciones por compras de Televisores CRT grandes se ponderarán como 4.3; y
- Reclamaciones por compras de Monitores para Computadoras CRT se ponderarán como 3.

En este momento no se sabe cuánto dinero recuperará cada Miembro de Colectivo. Se espera que se haga un pago mínimo de $25 a todos los miembros del Colectivo de Daños y Perjuicios Estatales que presenten una reclamación válida. El pago máximo será tres veces el dinero estimado por daños y perjuicios para cada demandante.

Más detalles acerca de la distribución del Fondo de Liquidación prevista pueden encontrarse en los documentos presentados ante el Tribunal avalando la aprobación del acuerdo, disponibles en el sitio web del acuerdo, **www.CRTclaims.com**.

Para recibir un pago usted tiene que presentar una reclamación válida (*ver Pregunta*11). El Formulario de Reclamación ofrece detalles adicionales sobre cómo presentar la reclamación. Se puede obtener más

información disponible  en www.CRTclaims.com o llamando al Administrador del Acuerdo al 1-800-649-0963.

### 10. ¿Cuándo recibiré un pago?

Los pagos serán distribuidos luego que el Tribunal dé su aprobación final a los Nuevos Acuerdos y después que se haya resuelto cualquier apelación. Si el Tribunal aprueba los Nuevos Acuerdos tras la audiencia del **13 de noviembre de 2015**, podría haber apelaciones. No sabemos qué tiempo llevaría resolver cualquier apelación que pudiera presentarse.

## CÓMO OBTENER UN PAGO

### 11. ¿Cómo puedo recibir un pago?

Si usted es miembro de los Colectivos de Daños y Perjuicios Estatales y usted desea hacer una reclamación del Fondo de Liquidación, usted tiene que completar y presentar un Formulario de Reclamación. Le instamos a presentar una reclamación online en **www.CRTclaims.com**. Si usted no presenta su reclamación online, también puede hacerlo por correo postal.

Puede encontrar y completar o descargar el Formulario de Reclamación en **www.CRTclaims.com**,  o puede obtener una copia llamando sin cargo al Administrador del Acuerdo al 1-800-649-0963, o texteando a "Reclamaciones CRT" al 97000. Si escoge presentar su reclamación online, tiene que hacerlo antes del **7 diciembre de  2015** o ese mismo día. Si prefiere enviar el Formulario de Reclamación por correo postal, tiene que tener matasellos del 7 de diciembre de 2015 o anterior a esa fecha, y ha de enviarse a:

CRT  Claims
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

## DERECHO A EXCLUIRSE

### 12. ¿Quién tiene derecho a ser excluido?

Si usted es un Miembro del Colectivo de Acuerdo y desea conservar su derecho a demandar a Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson y/o TDA por las reclamaciones alegadas y llegar a un arreglo en este caso (*ver* Preguntas 4 y 7), usted tiene que excluirse.  Usted no obtendrá dinero alguno de estos Acuerdos si se excluye. Usted puede dejar de enviar el Formulario de Reclamación si se excluye del Acuerdo.

### 13. ¿Cómo me excluyo del Colectivo de Acuerdo?

Si usted selecciona excluirse del Colectivo de Acuerdo y conservar su derecho a demandar a los Acusados por su propia cuenta, usted tiene que enviar una carta que incluya lo siguiente:

- Su nombre, dirección y número de teléfono;
- Una declaración explicando que solicita la exclusión del Colectivo de Acuerdo y no desea participar en los acuerdos del caso In re Cathode Ray Tubes (CRT) Antitrust Litigation, MDL No. 1917; y
- Su firma.

Usted tiene que enviar su solicitud de exclusión por correo postal con matasellos marcado no más allá del **8 de octubre  de 2015** a:

CRT Indirect Exclusions
c/o The Notice Company
P.O. Box 778
Hingham, MA 02043

## PERMANECER EN EL COLECTIVO DE ACUERDOS

### 14. ¿A qué estoy renunciando si permanezco como miembro del Colectivo de Acuerdos?

Si usted no se excluye del Colectivo de Acuerdos, tendrá que renunciar a su derecho de demandar a Philips, Panasonic, Hitachi, Toshiba, Samsung SDI, Thomson y TDA por su cuenta por las reclamaciones alegadas y arreglos en este caso (*ver* Preguntas 4 y 7) y quedará vinculado al acuerdo y todos los procedimientos órdenes y fallos subsiguientes concernientes a la demanda. A cambio de pagar las Cantidades de Liquidación (*ver* Pregunta 8), los siete Demandados que han llegado a un Acuerdo (y ciertas entidades relacionadas definidas en estos Acuerdos de Liquidación) serán exonerados de todas las reclamaciones relativas a los hechos que sustentan estas demandas, como se describe más en detalle en los Acuerdos de Liquidación.

Los Acuerdos de Liquidación describen las reclamaciones exoneradas en detalle, así que léalas cuidadosamente pues esos Acuerdos son vinculantes para usted. Si usted tiene preguntas, puede llamar al número sin cargos adicionales y hablar con el Administrador del Acuerdo. Usted también puede consultar con su propio abogado a su propio costo. Los Acuerdos de Liquidación y las exoneraciones específicas están a disposición en **www.CRTclaims.com**.

## LOS ABOGADOS QUE LO REPRESENTAN

### 15. ¿Tengo un abogado que me representa?

El Tribunal ha designado a Trump, Alioto, Trump & Prescott LLP, 2280 Union Street, San Francisco, CA 94123, para representarlo a usted como "Consejero del Colectivo" para el Acuerdo Colectivo. Usted no tiene que pagar por separado al Consejero del Colectivo. El abogado buscará compensación solicitando al Tribunal una parte de los fondos de Liquidación. Si usted desea ser representado por su propio abogado y que este se presente en los tribunales en su nombre en este caso, usted puede contratar uno a su propio costo.

### 16. ¿Cómo pagarán a los abogados?

El Consejero del Colectivo solicitará al Tribunal honorarios y reembolso de gastos a nombre de todos los consejeros de los Demandantes que trabajaron en este caso. La solicitud de honorarios solicitada para todos los consejeros de los demandantes no deberá exceder un tercio del Fondo de Liquidación combinado de $576,750,000. El Consejero del Colectivo solicitará también remuneraciones para los Representantes del Colectivo que ayudaron a los abogados a nombre del Colectivo. Cualquier pago a los abogados estará sujeto a la aprobación del Tribunal, los abogados pueden solicitar menos de un tercio del Fondo de Liquidación. Cualquier adjudicación para honorarios de abogados, costos de litigación y remuneraciones que ordene el Tribunal, más los costos para administrar los Acuerdos, procederá del Fondo de Liquidación y está sujeta a la aprobación del Tribunal.

La moción de los abogados para los honorarios, costos de litigación y remuneraciones de los Representantes del Colectivo se presentará antes del **23 de septiembre de 2015** o ese mismo día. La moción se colocará en el sitio web **www.CRTclaims.com**. Usted puede registrarse en el sitio web o llamar al Administrador del Acuerdo al 1-800-649-0963 para recibir un correo electrónico cuando la(s) moción(es) haya(n) sido presentada(s).

**OBJETAR O COMENTAR SOBRE LOS NUEVOS ACUERDOS, PLAN DE DISTRIBUCIÓN, HONORARIOS DE ABOGADOS, COSTOS DE LITIGACIÓN, Y REMUNERACIONESS LOS REPRESENTANTES DEL COLECTIVO**

| **17. ¿Cómo objeto o comento sobre los Acuerdos?** |
|---|

Usted puede solicitar al Tribunal denegar la aprobación presentando una objeción a los Nuevos Acuerdos. Usted no puede pedir al Tribunal ordenar una liquidación mayor; el Tribunal solo puede aprobar o denegar los Acuerdos. Si el Tribunal deniega los Acuerdos, no se enviarán los pagos de liquidación y la demanda continuará. Si eso es lo que usted desea que ocurra, usted tiene que objetar.

Usted puede objetar a los Nuevos Acuerdos por escrito. La objeción por escrito tiene que incluir la siguiente información:

- Su nombre, dirección, número de teléfono y, si usted está siendo asistido por un abogado, su nombre, dirección y número de teléfono;
- El nombre y número del caso (In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917);
- Prueba de pertenencia al colectivo;
- Una breve explicación de sus razones para objetar; y
- Su firma.

La objeción tiene que ser presentada ante el Tribunal o enviada por correo postal al Secretario de Demanda Colectiva a la dirección que aparece abajo, o llevarla personalmente en cualquier centro del Tribunal de Distrito de Estados Unidos para el Distrito Norte de California. **La objeción tiene que ser presentada al Tribunal del 8 de octubre de 2015 o llevar matasellos del 8 de octubre de 2015 o de fecha anterior a esta:**

| **TRIBUNAL** |
|---|
| Class Action Clerk<br>United States District Court for the<br>Northern District of California<br>450 Golden Gate Avenue, 16th Floor<br>San Francisco, CA 94102 |

## LA AUDIENCIA IMPARCIAL

| **18. ¿Cuándo y cómo considerará el Tribunal los Nuevos Acuerdos, el plan de distribución, la solicitud de honorarios para los abogados, costos de litigación y recompensas para los Representantes del Colectivo?** |
|---|

El Tribunal aprobó previamente los dos acuerdos originales con Chunghwa y LG. El Tribunal llevará a cabo una Audiencia Imparcial para considerar los Nuevos Acuerdos a las **10:00 a.m.** del **13 de noviembre de 2015**, en el Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California, Sala del Tribunal Uno, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. La audiencia puede ser trasladada a una fecha u hora distinta sin aviso adicional, así que debe chequear el sitio web **www.CRTclaims.com** para actualizar la información.

En esta audiencia el Tribunal considerará si cada uno de los Nuevos Acuerdos es justo, razonable y adecuado. El Tribunal considerará asimismo el plan de distribución y las solicitudes de los abogados para sus honorarios, costos de litigación y remuneraciones a los Representantes del Colectivo. Si hay objeciones o comentarios, el

11

Tribunal los considerará en ese momento. Tras la audiencia, el Tribunal decidirá si aprueba o no cada uno de los siete Nuevos Acuerdos, el plan de distribución y las solicitudes de los abogados de sus honorarios costos de litigación y remuneraciones a los Representantes del Colectivo. No sabemos el tiempo que tomarán estas decisiones.

### 19. ¿Tengo que asistir a la audiencia?

No. El Consejero del Colectivo contestará cualquier pregunta que pudiera hacer el Tribunal. Pero usted puede acudir a la audiencia por su propia cuenta. Si usted presenta una objeción o un comentario no tiene que ir al Tribunal a hablar sobre ello. Siempre que presente su objeción por escrito a tiempo, la objeción será presentada al Tribunal para su consideración. Usted también puede pagar a otro abogado para que asista en su nombre, pero no se requiere que lo haga.

### 20. ¿Puedo hablar en la audiencia?

Usted puede pedir permiso al Tribunal para hablar en la Audiencia Imparcial. Para hacerlo tiene que presentar un "Aviso de Intención de Comparecer en el In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917." Asegúrese de incluir su nombre, dirección, número de teléfono y su firma. Su Aviso de Intención de Comparecer tiene que ser presentado al Tribunal enviándolo por correo postal al Secretario de Demanda Colectiva a la dirección que aparece en la Pregunta 17, o llevándolo en persona a cualquier centro del Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California no más allá del **8 de octubre de 8, 2015**. Usted no podrá hablar en la audiencia si se excluye del Colectivo de Acuerdo.

## PARA OBTENER MÁS INFORMACIÓN

### 21. ¿Dónde puedo obtener más información?

Este aviso es un resumen de los siete Nueve Acuerdos. Para los términos y condiciones precisos de los Acuerdos, por favor consulte los Acuerdos de Liquidación disponibles en **www.CRTclaims.com**. Usted también puede obtener más información acerca de los Acuerdos:

- Llamando al Administrador del Acuerdo al 1-800-649-0963;
- Texteando a "CRTclaims" al 97000;
- Escribiendo a CRT Questions, c/o The Notice Company, P.O. Box 778, Hingham, MA 02043;
- Accediendo al expediente del Tribunal en este caso mediante el sistema de Acceso Público del Tribunal a los Registros Electrónicos del Tribunal (PACER, por sus siglas en inglés) en https://ecf.cand.uscourts.gov; o
- Visitando la oficina del Secretario del Tribunal de los Estados Unidos del Tribunal de Distrito para el Distrito Norte de California, 450 Golden Gate Avenue, San Francisco, CA 94102, entre las 9:00 a.m. y las 4:00 p.m., de lunes a viernes, excluyendo días feriados del Tribunal.

**TODAS LAS AVERIGUACIONES RESPECTO A ESTE AVISO DEBEN DIRIGIRSE AL ADMINISTRADOR DEL ACUERDO**

**POR FAVOR NO LLAME POR TELÉFONO AL TRIBUNAL NI A LA OFICINA DEL SECRETARIO DE LA CORTE**