Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the*
*Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **SUPPLEMENTAL DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES**<br><br>Hearing Date:  March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Before: Special Master Martin Quinn, JAMS |

I, Mario N. Alioto, declare:

1.      I am an attorney duly licensed by the State of California and am admitted to practice before this Court.  I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action.  The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      Notice was provided in accordance with the Preliminary Approval Order.  Class members were clearly informed that IPP Counsel would move for an award of attorneys' fees of up to one-third of the Settlement Fund.  The Fee Motion was also posted on the website more than 14 days before objections were due.

3.      Only nine objections to the attorney fee request were filed by a total of ten objectors, out of millions of indirect purchaser class members.[1]  Two of these objectors, Paul Palmer and Gordon Morgan, have moved to withdraw their objections.  (*See* Dkt. Nos. 4130 and 4165.)   Seven of the objections were filed by "serial" or "professional" class-action objectors who file boilerplate objections and subsequent appeals in order to extract a pay-off to drop the appeals.[2]  Another of the objections was filed by two attorneys from this case, whose motivations are similarly suspect.[3]  And

---

[1] Objections were filed by Donnie Clifton (Dkt. No. 4099); Sean Hull, Gordon Morgan (Dkt. No. 4101); Douglas St. John (Dkt. No. 4106); John Finn, Laura Townsend Fortman (Dkt. No. 4111); Dan L. Williams & Co. (Dkt. No. 4112); Francis Scarpulla and Josef Cooper (Dkt. No. 4115); Paul Palmer (Dkt. No. 4120); Josie Saik (Dkt. No. 4140-3); and Elizabeth Johnson (Dkt. No. 4128).

[2] Attorneys Miller, Kress, Fortman, Bandas, Hanigan, Palmer, Thompson, Westfall, Cochran and St. John routinely represent objectors challenging class action settlements by filing canned objections. *See* IPPs' Mot. For Final Approval of Class Action Settlements with Defendants ("Final App. Mot.") and Additional Declaration of Robert J. Gralewski in Support of IPPs' Mot. for Final Approval of Class Action Settlements with Defendants, and Appendices A through N thereto (filed herewith). Mr. Palmer has already moved to withdraw his objection (Dkt. No. 4130), and Messrs. Bandas and Hanigan have moved to withdraw the objection of one of their clients, Gordon Morgan (Dkt. No. 4165).

[3] *See further* Final App. Mot.; Declaration of Mario N. Alioto in Support of Indirect Purchaser Plaintiffs' Motion for Final Approval of Settlements ("Alioto Settl. Decl. II.").

---

1

I believe the final objection (Williams) was filed at the behest of another attorney from this case who has objected to the Proposed Settlements.[4]

4. In the *LCD* litigation, Best Buy went to trial against Toshiba. During the trial, Toshiba presented evidence of its non-prosecution by the DOJ as part of its defense. The jury returned a defense verdict in favor of Toshiba. These facts of *non-prosecution* made IPPs' trial preparation and settlement negotiations far more difficult.

5. I have reviewed the meeting reports produced by defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa"). Many of the meeting reports provided to IPPs by Chunghwa are duplicate reports of the same meeting; and while some of the meeting reports were helpful, many others were not. Many indicated that (a) Defendants did not reach agreements on CRT prices; (b) the prices agreed to at the meetings were not implemented by Defendants; and (c) several Defendants did not participate in the meetings and/or they consistently undercut their competitors.

6. Based upon my review, the Defendants' market shares changed fundamentally in the early 2000's as a result of Panasonic's exit from the CDT business; the formation of LPD by LG and Philips in 2001; Hitachi's exit from the CRT market in 2002; the formation of MTPD by Panasonic and Toshiba in 2003; and Thomson's exit from the CRT business in 2004. As a result of this market consolidation, Samsung SDI's overall CRT market share in 2004 was 29%, and LPD's (for which IPPs held Philips responsible) was 27%. Their shares of the CDT market were even higher: 42% (SDI) and 32% (LPD). In addition, each held even higher shares of the U.S. CRT market and, unlike some of the other Defendants, IPPs had strong evidence of their conspiratorial activities here in the U.S. The settlement amounts paid by Samsung SDI and Philips are entirely consistent with their market shares and the liability evidence.

7. An examination of the lodestars of each firm that submitted declarations in support of IPPs' Fee Motion establishes that each firm's lodestar is consistent with the work assignments made

---

[4] Objector Williams' counsel, Paul Justi, is acquainted with Theresa Moore, who is counsel of record in this case and has objected to the Proposed Settlements. Mr. Justi and Ms. Moore have been co-counsel on several cases. *See* Alioto Settl. Decl. II.

SUPPL. DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS – Master File No. CV-07-5944-JST

1   by me.  Only four firms recorded very significant lodestars, and less than two dozen firms did the

2   overwhelming amount of the work.  None of it was duplicative or unnecessary.

3       8.      Most of the other firms with lodestars over $2 million were assigned a particular

4   defendant for the entire case.  For example, Straus & Boies handled discovery (including meet and

5   confers) with defendant Samsung SDI; prepared for Samsung SDI depositions (a Straus & Boies

6   associate who speaks Korean was invaluable to this team); led the foreign language document

7   review team; assisted with translation objections; prepared a comprehensive meeting grid; drafted

8   the opposition to Defendants' motion for summary judgment for lack of antitrust standing; and took

9   a lead role in the preparation of IPPs' trial exhibit list and otherwise preparing for trial.

10      9.      Kirby McInerney led all class representative discovery; led the FTAIA document

11  review team; prepared for and took the depositions of 12 Samsung SDI witnesses; led the DAP

12  deposition team; and was heavily involved in preparing for trial, including reviewing potential trial

13  exhibits, designating deposition testimony, preparing class representative witnesses and attending

14  mock trials.

15      10.     Zelle Hofmann handled Panasonic/MTPD discovery, including meet and confers,

16  written discovery, and prepared for and took the depositions of Panasonic/MTPD witnesses; expert

17  work and briefing at class certification and merits stages; expert depositions; and assisted with trial

18  preparation, including preparing Dr. Netz to testify at trial, trial exhibits and deposition designations

19  relevant to Panasonic/MTPD, and participating in the mock trials.

20      11.     KAG Law Group had a major role in the preparation of almost all briefings on behalf

21  of IPPs (such as oppositions to motions to dismiss and summary judgment motions); participated in

22  settlement negotiations and overall settlement strategy, and conferred with Lead Counsel on often a

23  daily basis; had primary responsibility for handling issues regarding the Philips/ California Attorney

24  General settlement; co-led the Hitachi document review team; and assisted in deposition and trial

25  preparation (including identifying trial exhibits and designating deposition testimony).

26      12.     Andrus Anderson LLP was assigned to defendant Hitachi (which includes five

27  separate entities); Bramson Plutzik was assigned to defendant Toshiba (four separate entities, as well

28

3

SUPPL. DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE
AWARDS – Master File No. CV-07-5944-JST

as its joint venture, MTPD); Glancy Prongay & Murray was assigned to defendant LG Electronics (three separate entities, as well as its joint venture LPD); and Cooper and Kirkham was assigned to defendant Philips (four separate entities, as well as its joint venture LPD). This meant they handled all document discovery (including lengthy meet and confers, document review and motions to compel), depositions, summary judgment briefing and trial preparation (including identifying trial exhibits and designating deposition testimony).

13.     Fine, Kaplan and Black ("FKB") is one of the trial team firms. FKB oversaw the review and selection of trial exhibits; oversaw the deposition designations; drafted the jury instructions; took the lead on briefing the 64 motions *in limine*; and took a lead role in preparing the presentations for the mock trials and preparing the case for trial.

14.     Other firms performed mainly document review, which was an essential part of this case.

15.     Fifteen firms had minimal involvement, averaging less than $15,000 in lodestar per year. Many of these firms were the private lawyers for the more than 40 plaintiffs representing 22 states in the actions consolidated in this court pursuant to the Class Action Fairness Act of 2005.

16.     I am counsel of record in both the indirect purchaser *LCD* case and the indirect purchaser *DRAM* case. In the indirect purchaser *LCD* case, counsel billed 313,000 hours over six years (two years less than this case) and, like here, the case settled just before trial. In the indirect purchaser *DRAM* case, counsel billed 152,349 hours. The indirect purchaser *DRAM* case began in late 2004 but slowed in mid-2007 when the court granted a motion for judgment on the pleadings, and was stayed in 2009 pending an appeal. No litigation class was certified and the parties never reached summary judgment.

17.     My firm's total lodestar is much smaller than that of other firms who have served as lead counsel in similar cases, such as indirect purchaser LCD and DRAM. I have personal knowledge of the lodestars of co-lead counsel in these cases. My firm performed all the same duties that these firms performed, yet my firm's lodestar is less than the lodestar of each of the co-lead firms in LCD—Zelle Hofmann's lodestar was $22,269,333.50 and Joseph Alioto's lodestar was

SUPPL. DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS – Master File No. CV-07-5944-JST

$18,126,945.80.  In the indirect purchaser DRAM case, there are four co-lead firms and one liaison counsel.  The total lodestar for all five firms was $42,278,894.  My firm's lodestar here is only slightly more than that of Lead Counsel for the DPPs in this case ($14,073,846.00 vs. $15,745,591.25) even though the DPPs settled with most of the Defendants before merits depositions began.

18.     Attached as **Exhibit A** are resumés for the contract attorneys whose time is included in my firm's fee request.  Most of the contract attorneys hired to work on this case needed to be fluent in Chinese, Japanese or Korean because the vast majority of the important documents in this case were in these three foreign languages.  At the beginning of the document review, Joseph Patane of my office wrote to all of the firms in the case and asked if anyone had attorneys on staff who spoke one of these languages.  Out of the 49 firms, only two firms had an attorney on staff who spoke one of these languages.  Thus, in order to search, review and analyze the millions of pages of foreign language documents produced by defendants, my firm and other IPP firms were forced to hire contract attorneys who spoke one or more of these languages.

19.     The contract attorneys my firm hired were highly skilled and experienced.  In addition to their foreign language skills, many had valuable experience from the related *LCD* ligation (*e.g.* Natalie Kabasakalian, David Denison and Veronica Besmer), which meant that they were already familiar with many of the Defendants and players in the CRT conspiracy.  Others are experienced lawyers with years of practice under their belts either here or in their home countries.  For example, Silvia Yeuh-Yi Shih and Natalie Kabasakalian have both been practicing law for 20 years.  Veronica Besmer has been practicing law for eight years and is a former associate of Townsend and Townsend and Crew, LLP.  David Denison has been practicing law for seven years.  Most have multiple degrees from excellent institutions.  For example, Veronica Besmer holds degrees from the University of Southern California and the University of California Hastings College of the Law.  Bomsu Park holds a Masters of Law from Georgetown University Law Center.  Yoobin Kang holds degrees from the University of California Los Angeles, and Loyola Law School.

20.     Members of my firm and other IPP firms closely supervised the work of these contract attorneys.  My associate, Lauren Capurro, set up the document review and prepared a detailed "Coding Manual" that described how the attorneys were to review and code documents, both procedurally and substantively.  Ms. Capurro (with assistance from other IPP firms) also trained the attorneys on the database and provided them with the pleadings and memoranda regarding the case, the CRT industry, the Defendants and the various legal issues raised by the claims and defenses.  Ms. Capurro organized the document review into teams with senior attorneys from the IPP firms designated as team leaders who performed a second-level review of the coding done by their team members.  Ms. Capurro held frequent calls with team leaders, who in turn held weekly conference calls with the team members to provide guidance and feedback regarding the substance of the review.  The document review teams produced regular memoranda and list of "hot" documents, which allowed Ms. Capurro and the team leaders to track their progress.  Ms. Capurro also conducted spot checks of the coding in the database, and tracked the attorneys' time spent in the database.  Attorneys that were not performing adequately were removed from the review.

21.     Because most of the contract attorneys performed primarily document review, their rates were capped at $350 for English document reviewers and $400 for foreign language reviewers. These rates are lower than the billing rates for associates of similar experience.  In fact, Lead Counsel billed several of their contract attorneys at less than these caps, *e.g.* Daifei Zhang ($375), Yoobin Yang ($375), Kelly Patane ($275/$300), and Bomsu Park ($375).  Only Veronica Besmer, Natalie Kabasakalian and David Denison were billed at more than $400 for time spent on higher level work.  Ms. Besmer is billed at $410 for only 12.3 hours spent on legal research in 2009 and $425 for 13.5 hours spent drafting discovery in 2010.  Ms. Kabasakalian's rate is more than $400 for only 2014 and 2015, and Mr. Denison only for 2015.  At that late stage in the case, Ms. Kabasakalian and Mr. Denison had been working on the case for several years and were core members of the team.  Both worked extensively on preparations for depositions and trial during this time, and Ms. Kabasakalian also worked on the oppositions to the motions for summary judgment.

22.     It was my reasoned judgment that it was necessary to bring additional experienced trial counsel into this case.  While I and some of the other attorneys already in the case have tried antitrust cases, this was a massive and highly complicated case involving 22 certified classes.  In fact, I am not aware of the trial of any post-CAFA case of this nature and magnitude.  I therefore believed it was in the best interests of the class to bring on board some of the only lawyers in the country who have successfully tried a complex national direct purchaser class action.  Joe Goldberg of Freedman Boyd was trial counsel and Fine Kaplan & Black was co-lead counsel in one of the few antitrust cases in recent years to go to trial.  The *Urethanes Antitrust Litigation* was tried in the District of Kansas in early 2013.  The four week trial resulted in a judgment of over $1 billion, which is believed to be the largest price-fixing verdict ever.

23.     The three trial firms did excellent work in a short amount of time to prepare the case for trial.  They were assisted by my firm and the core firms who had been involved in the case all along.  By waiting until only five months before trial to bring these firms on board, I believe I saved the Class money while at the same time ensuring that the case was properly prepared for trial.  In my opinion, bringing these three firms into the case, and demonstrating to the Defendants that IPPs were ready to go to trial, significantly improved the settlement value of this case with Defendants.  The three trial firms began work on this case in early October 2014, not the last two weeks of December 2014.

24.     The time categories used by IPP Counsel are the same time categories used and approved in the indirect purchaser *LCD* case, where Mr. Scarpulla was lead counsel.

25.     I was forced to intervene in the California Attorney General's case because Philips took the position that its $500,000 settlement with the AG released the claims of California natural persons in this MDL.  Had I not challenged the approval of that settlement, Philips would have had a strong argument at summary judgment that those claims had been released.  Indeed, Philips moved for summary judgment on California natural persons' claims, arguing that the judgment approving its settlement with the California Attorney General released those claims.  The ultimate settlement recovery of $175 million from Philips supports the merits of IPPs' position vis-à-vis Philips, namely

that the release of California natural persons' claims for less than $500,000 was not fair, adequate or reasonable.  IPP Counsel's efforts benefited the class by preserving the claims of California natural persons.

26.     Mr. Bonsignore is disgruntled because his fee declaration was not included in the joint fee motion.  The Audit Committee determined that it could not submit certain items of Bonsignore's time and expenses to the Court as part of the joint lodestar.  Mr. Bonsignore did not try to support his questioned time and expenses.  Instead, he has embarked on a campaign of false and inflammatory statements.  He has a track record of disruptive behavior in other cases as well.  Attached hereto as **Exhibit B** is a true and correct copy of an Order by the Honorable Richard A. Kramer of the San Francisco Superior Court in which he sanctioned Mr. Bonsignore for disruptive behavior in a case entitled *Brock v. Honeywell Int'l, Inc.,* S.F. Super. Ct, No. CGC-04-436205.

27.     I have maintained contemporaneous time records throughout this litigation.  I have also conducted an audit of all firms' time records and cut duplicative and unnecessary time.  I will make my firm's time records, and the Audit Committee's notes and communications regarding this audit available to the Special Master upon request.

28.     With respect to IPPs' request for reimbursement of expenses, certain objectors have requested our accounting records.  There is no basis to provide these records to the objectors.  I will provide them to the Special Master upon request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 19th day of November 2015 at San Francisco, California.


/s/       *Mario N. Alioto*
Mario N. Alioto

**_Lead Counsel for the Indirect Purchaser Plaintiffs_**

# EXHIBIT A

**BOMSU PARK**                    2451 Midtown Avenue #1408 Alexandria VA 22303
                                   (202) 604-3535 / fanxiu@hotmail.com

**EDUCATION**

**Georgetown University Law Center, Washington, D.C.**
Master of Laws in General Studies                                            May 2011
Relevant Coursework: Corporation, International Commercial Arbitration, U.S. Income Tax, U.S. Legal Discourse II, Commercial Law, International Business Transaction, International Bankruptcy, Introduction U.S. Constitutional Law, Accounting for lawyers

**Yonsei University, Seoul, Korea**
Bachelor of Laws                                                        February 2010

**American University, Washington, D.C.**
Master of International Affairs in School of International Service           December 2005
  Publication:   Contributor to a textbook, "Political Risk Analysis," Francis Jeffries, Infomundo Publishing
                  Work chapter titled: "Terrorism in East Asia"

**Sookmyung Women's University, Seoul, Korea**
Bachelor of Political Science                                            February 2003
  Honors:      • Graduated as Honor Student (summa cum laude)
               • Scholarships for Academic Excellence and from Human Resources Development Service of Korea
  Activities:  • Delegate, the Fifth APEC Future Leader's Forum, Manila, the Philippines, 2004
               • Delegate, Harvard Project for Asia International Relations, Seoul, Korea, 2004

**WORK EXPERIENCE**

**Document Project, DuPont v. Kolon**                                         April, 2012
*Hired by Crowell and Moring, Washington, DC*

**Document Project, Apple v. Samsung**                        February 2012~March, 2012
*Hired by Quinn Emanuel Urquhart & Sullivan, LLP, San Francisco, CA*

**Montagut & Sobral, P.C., Falls Church, VA**                    July 2006~February 2008
*Paralegal specialized in immigration*
               • Prepared forms to file immigrant applications to United States Citizenship & Immigration Services.
               • Researched and analyzed statutes, recorded judicial decisions, and legal articles pertaining immigration changes.

**The Terrorism Research Center, Inc., Arlington, VA**        September 2005~December 2005
*Asian Intern*
               • Responsible for tracking legal and legislative changes related to national security in the Asian region.
               • Posted summarized news regarding terrorist attacks on the research center's website.

**Sookmyung Women's University, Seoul, Korea**                   March 2003~December 2003
*Teaching and Research Assistant for Dean Hyung Kook Kim*
               • Assisted Dean Kim in teaching in "Introduction to Political Science" to undergraduates with individual teaching to students who need extra assistance.
               • Served as a principle researcher for several academic publications regarding national security and foreign relations of United States, South Korea, North Korea, and China.

**LANGUAGE, COMPUTER SKILLS, AND BAR MEMBERSHIP**

**Language Skills (written and spoken)**
               • Native in Korean, fluent in English, University of Washington, Certificate of English Language Program, Seattle, Washington, 2002.
**Computer Skills**
               • Proficient in using MS Office Suite, Mac, Westlaw, Lexis-Nexis.
**Bar Membership**
               • Licensed to practice law in the state of New York.

**Daifei Zhang**
713 Hamilton Ln, Santa Clara, CA 95051
(408) 387 3886
Daifei.Zhang@gmail.com

-----------------------------------------------------------------------------------------------------------------------------------

## EDUCATION

**2008.8 -2010.5**   **Santa Clara University School of Law**               **Santa Clara, CA**

*JD 2010*

Santa Clara Computer & High Technology Law Journal, *associate editor*

Asian Pacific American Law Student Association, *member*

**2007.8 -2008.8**   **Franklin Pierce Law Center**                         **Concord, NH**

*Law School First Year*

**1998.9 -2002.7**   **East China University of Science and Technology**    **Shanghai, China**

*Bachelor - Polymer Material Science & Engineering, July 2002*

*2nd Major - Applied Mathematics & Software Engineering, July 2002*

## EXPERIENCE

**2010.3 - Date**    **Technology & Innovation Law Group PC**               **Cupertino, CA**

*Intern*

• Litigation support, research and draft memos re patent false marking

**2010.1- 2010.5**   **Katharine and George Alexander Community Law Center**

• Interview and counsel clients in all aspects of immigration law including

political asylum and deportation

**2010.1- 2010.5**   **Superior Court of California, County of Santa Clara**    **San Jose, CA**

**Judicial Intern for Honorable Judge William J. Monahan**

• Review and research civil discovery motions, draft memos re the same, and propose

tentative rulings

**2009.8 -2010.1**   **Technology & Innovation Law Group PC**               **Cupertino, CA**

*Intern*

• Client counseling and interviewing; electrical and mechanical patent prosecution;

draft OA responses; patent infringement and invalidity analysis

**2009.10 -2010.1**  **Fernandez & Associates, LLP**                        **Menlo Park, CA**

*Intern*

• Draft biomedical patent claims and OA responses; due diligence analysis

re patent infringement and invalidity; USPTO e-filing

**2009.8 -2010.1**   **Research Assistant with Professor Anna Han**

• Work on a casebook about doing business in China; research labor law, real estate development,

intellectual property, M&A, and tax issues etc.

**2009.5 -2009.8**   **Packard, Packard & Johnson PC**                      **Los Altos, CA**

*Law Clerk*

• Litigation support, Qui tam cases regarding the Anti-Kickback Act and Federal

Claims Act, documents analysis in preparation for depositions, hearings and trial

**2002.8 -2007.8**   **State Intellectual Property Office of the PRC**      **Beijing, China**

*Patent Examiner*

• Chemistry patent examination, handled over 600 patent applications

• Study of patent search and examination in EPO (Munich, Germany, Oct. 2006)

**PERSONAL**        • **Language:** Chinese native (Mandarin); Japanese fluent (JLPT 2)

• **Interests:** Photography, Hiking, Basketball, Snowboarding

# DAVID DENISON

4459 PARK LAWN DR. • DES MOINES, IA 50321 • (319) 471-1176 • DAVID.DENISON@GMAIL.COM

## BAR ADMISSION

- Iowa State Bar, Minnesota State Bar, and California State Bar

## LEGAL EXPERIENCE

**Roxanne Conlin & Associates**, **P.C.**, Des Moines, IA
*Staff Attorney*, 09/08 - Current
- Researched a variety of legal issues for civil rights, employment, medical malpractice and personal injury cases
- Drafted briefs, petitions and other legal documents for civil rights, employment, medical malpractice, negligence and class action cases
- Managed discovery for civil rights, employment, medical malpractice and personal injury cases
- Assisted attorneys with trial document preparation, evidence, motions, research, jury instructions, briefs, witness communication, courtroom technology and created visual aids for the jury in three civil trials

**Trump, Alioto, Trump & Prescott LLP**, San Francisco, CA
*Independent Legal Consultant*, 06/10 – 03/15
- Assisted attorneys with reviewing native-language Japanese documents for a large class action
- Provided English translations of numerous Japanese language emails, diaries, calendars, and other business documents

**Aviva, USA**, Des Moines, IA
*Contract Legal*, 08/08 - 09/08
- Supported the IT Procurement department in an extensive and ongoing information technology licensing agreement audit

**Blue Coat Systems**, San Jose, CA
*Contract Legal*, 03/08 - 04/08
- Aided the legal department in auditing and interpreting propriety software licensing agreements

**Tsujimaki Law Offices**, Nagoya, Aichi-ken, Japan
*Legal Intern*, 06/06 - 08/06
- Prepared and translated service agreement contracts for industrial and information technology related companies
- Authored an international license agreement for a Japanese robotics company seeking to license their products in Europe
- Drafted client memos for several impending information technology lawsuits

**T.M.I. Associates**, Roppongi Hills, Tokyo, Japan
*Legal Intern*, 02/06 - 06/06
- Wrote client memos and performed intellectual property related legal research daily
- Provided support and legal analysis for attorneys in copyright and trademark infringement cases
- Drafted, translated, and edited license agreements for Japanese companies seeking to expand their product lines into the United States

## INFORMATION TECHNOLOGY EXPERIENCE

**University of Iowa Information Technology Services Help Desk**, Iowa City, IA
*Senior Student Consultant*, 09/99 - 01/08
- Offered excellent customer service regarding computer related issues and solutions to over 30,000 students, faculty and staff for over eight years
- Organized and participated in an internal group dedicated to tackling the escalating virus and spyware dilemma at the University of Iowa
- Streamlined the computer repair and email response services, significantly decreasing the average turn-around time

## EDUCATION

**The University of Iowa College of Law**, Iowa City, IA
*J.D.*, 05/07 (GPA: 3.23)
   *Noteworthy coursework:*
- Negotiations
- Commercial Contract Drafting
- International Commercial Arbitration
- Cyberspace Law
- International Business Transactions
- 2L Spring spent studying abroad at Temple University in Tokyo, Japan

**The University of Iowa College of Liberal Arts**, Iowa City, IA
*B.A. in Japanese Language and Literature and Asian Studies*, 05/04 (GPA: 3.41)
*Minor in Computer Science*, 05/04
- Senior year spent studying abroad at Nanzan Daigaku in Nagoya, Japan

## SKILLS

- Knowledge and training in performing legal research with LexisNexis and Westlaw
- Extensive knowledge of all versions of Windows and Macintosh operating system, Microsoft Office and other commonly used business software
- Japanese speaking, reading and writing (Japanese Language Proficiency Test Level II certified)

# KELLY PATANE 504 Altair Place, Unit B, Venice, CA 90291
323-472-0770 | kelly@kpatanelaw.com

**Bar:** California, U.S. District Court (C.D. Cal.)                                      Dec. 2013

## Education

**LOYOLA LAW SCHOOL**                                                                  Los Angeles, CA
*Juris Doctor*, Transactional Entertainment/Media Concentration,  *With Honors*        May 2013
*GPA & Rank:* 4.0 Cumulative GPA in Concentration; Cumulative Ranking- Top 35% as of Spring 2012

**UNIVERSITY OF SOUTHERN CALIFORNIA**                                                  Los Angeles, CA
*Bachelor of Arts, Communication*, Annenberg School for Communication & Journalism     May 2010
*Honors:*         Annenberg School for Communication Dean's List (May 2009- May 2010)

## Experience

**SOLO PRACTITIONER**                                                                   Venice, CA
*Attorney*                                                                             Jan. 2014- Present
- Draft and negotiate artist performance agreements for artists performing at the Heineken House at the Coachella Valley Music and Arts Festival and the Outside Lands Music and Arts Festival; Serve as on-site contact for artists and brands, and working on-site to ensure contractual obligations are fulfilled
- Draft and negotiate artist promotional services, sponsorship and endorsement agreements; Draft and negotiate artist services agreements for appearances in a television commercial for 7UP; Draft and negotiate digital audio-visual content distribution agreements
- Draft and negotiate artist performance agreements, streaming rights agreements, sponsorship, independent contractor, liability release and vendor agreements for the SnowGlobe Music Festival
- Draft terms of use and privacy policies for websites
- Redline artist booking offer agreement for Ultra Music Festival; Draft artist booking offer agreements for the Corso Agency
- Draft and negotiate television talent services agreements; Draft and negotiate shopping agreements; Draft option agreements; Draft content representation agreements; Draft and negotiate pilot agreements; Draft talent and location releases, Draft and negotiate digital distribution agreements, Draft and negotiate co-production agreements
- Draft and negotiate music distribution agreements
- Draft various intellectual property licensing agreements
- Draft official rules and terms and conditions for online contests, sweepstakes, discount offers and other online promotions
- Trademark applications and maintenance

**COUNSEL, LLP**                                                                        Venice, CA
*Attorney*                                                                             July 2014- July 2015
- Draft, redline and negotiate various entertainment agreements including: touring agreements, artist management agreements; content creation and distribution agreements between musicians, digital influencers, brands and agencies; sponsorship agreements; producer agreements; song writing and composer agreements; music licensing agreements; publishing and administration agreements; recording agreements; artist services agreements; website advertising sales representation agreements, digital marketing and agency advertising agreements and various other agreements
- Draft, redline and negotiate various corporate transaction agreements including: cease and desist letters, non-disclosure agreements, operating agreements, convertible promissory notes, stock option agreements, term sheets, advisor and consulting agreements, employment agreements, demand letters
- Draft terms of use and privacy policies for various types of businesses
- Draft and negotiate services agreements and statements of work for software companies

**TRUMP, ALIOTO, TRUMP and PRESCOTT, LLP**                                             San Francisco, CA
*Intern and Research Assistant; Document Reviewer*                   June - Sept. 2011; May 2012 – May 2015
- Performed legal research on The Hague Convention; wrote summaries of law memoranda regarding Antitrust Law
- Perform electronic document review to look for evidence of conspiracy
- Draft memos regarding conspiracy liability, pricing and various other issues

**HERTZ LICHTENSTEIN & YOUNG, LLP**                          Century City, CA
*Attorney*                                                   Aug. 2013- July 2014
- Drafted and redlined entertainment agreements including: event sponsorship agreements, brand integration agreements, vendor agreements, intellectual property license agreements, talent integration services agreements, website terms of service, website privacy policies, independent contractor services agreements, music artist mobile application agreements, name and likeness release agreements and various other agreements
- Drafted and redlined corporate transaction agreements including: non-disclosure agreements, settlement agreements, operating agreements, convertible promissory notes, stock option agreements, term sheets, advisor and consulting agreements, employment agreements and various other agreements
- Advised on business development issues for tech startups

**DIM MAK RECORDS**                                          Hollywood, CA
*Legal Intern*                                               Sept. 2012 – May 2013
- Collected licensor information from artists and their representatives; drafted exclusive licensing agreements
- Summarized terms of recording agreements into charts which included details related to the term, territory, sublicenses, options, royalties, advances and recoupment; Created a master royalty chart for every Dim Mak release and a system to track cross-collateralized royalties

**WME ENTERTAINMENT**                                        Beverly Hills, CA
*Intern, TV Business and Legal Affairs*                      Sept. 2011 – Jan. 2012
- Revised actor agreements after negotiated changes
- Summarized closed deals and updated precedent spread sheets for actors' agreements

**SONY MUSIC ENTERTAINMENT**                                 Beverly Hills, CA
*Licensing Intern*                                           June 2011 - Sept. 2011
- Performed contract review to crosscheck payments received with terms of licensing agreements

**SABRINA HUITING HE**

35 River Dive South·Jersey City, NJ 07310· (415) 335-3348·huitinghe.S@gmail.com

---

## LANGUAGE
**Mandarin Chinese (reading, writing, and speaking fluency)**

## EDUCATION
**The John Marshall Law School,** Chicago, Illinois
*Juris Doctor, cum laude*, May 2011
GPA: 3.75/4.00      Class Rank:  19/ 282 (Top 7%)
- Dean's List: Fall 2008, Spring 2009, Fall 2009, Spring 2010, Fall 2010
- Order of Coif
- Fred F. Herzog Moot Court Competition, Octofinalist, October 2010
- THE JOHN MARSHALL REVIEW OF INTELLECTUAL PROPERTY LAW, Staff Editor, 2009-2010

**University of San Francisco School of Law,** San Francisco, California
*Master of Law*, May 2008
- International Law Fellow;  Class 2008 Highest Academic Performance

**Peking University (Beijing University),** Beijing, China
*Bachelor of Law and Bachelor of Science in Psychology,* July 2007
GPA: 3.54/ 4.00      Class Rank: 30/ 180

## LEGAL EXPERIENCE
**United States Court of International Trade,** New York, New York
*Judicial Intern for Chief Judge Donald C. Pogue*, August 2011 to Present.
- Performing legal research and writing for international trade, customs and circuit cases.

**Riggle & Craven,** Chicago, Illinois
*Law Clerk for International Trade Group*, May 2010 to May 2011.
- Drafted and filed comments and responses in international trade administrative proceedings;
- Translated exhibits and accounting records of foreign producer clients;
- Researched the law of China and the U.S. on issues arising from international trade proceedings;
- Prepared summons; drafted complaints, pre-trial motions, memoranda in support of motions, Joint Status Reports, and proposed orders.

**National Immigration Justice Center,** Chicago, Illinois
*Interpreter*, March 2010 to August 2011.
- Conducted on site translations in U visa, asylum, and other immigration court proceedings and client interviews.

**Professor Arthur Acevedo, The John Marshall Law School,** Chicago, Illinois
*Research Assistant*, January 2010 to May 2011.
- Conducted case law researches on federal securities 10(b) regulations;
- Researched corporate financial statements and trade journals on issues such as materiality of management misrepresentation, corporate social responsibility, and tax avoidance by multinationals.

**Chicago Transit Authority (CTA), In-House Law Department,** Chicago, Illinois
*Law Extern*, January 2010 to May 2010.
- Drafted internal memorandum on Buy America regulations and Illinois state regulations on acceptance of charitable contribution by municipality corporations;
- Wrote a legal opinion on terms of use of CTA fare cards.

**ALSTOM,** Beijing, China
*In-house Legal Trainee*, May 2007 to August 2007.
- Drafted bilingual sales and purchase contracts;
- Wrote legal opinions on antitrust and tax implications of licensing transactions;
- Analyzed the validity of Alstom (Europe) standard licensing contract under the regulations of China government and reported to French chief counsel.

**SYLVIA YUEH-YI SHIH**

323 Westcliffe Circle, Walnut Creek, CA 94597▪(925)899-8766▪yuehyichou@gmail.com

## EDUCATION

**Golden Gate University, School of Law**                                           San Francisco, California
Doctor of Juridical Science                                                                           December 2010
**Indiana University – Bloomington, School of Law**                              Bloomington, Indiana
Master of Comparative Law                                                                              May 1991
**Fu Jen Catholic University, Department of Law**                           New Taipei City, Taiwan
Bachelor of Law                                                                                             June 1987

## BAR MEMBERSHIPS

Member of Taipei Bar Association, Taiwan, ROC                               February  1995 - present

## HONORS

1994 Executive Yuan Outstanding Research Award of the ROC for the research titled "A Study on the Legal Mechanism of Privacy Protection in the USA."

## LEGAL EXPERIENCE

**Law Offices of 周悅儀 (Sylvia Yueh-Yi Chou Shih)**                              Taipei, Taiwan
Attorney-at-Law                                                                           June 1997 - November 1999
                                                                                             December 2000 - May 2003
                                                                                                    January 2011- present
Handled civil and criminal litigation involving patent infringement, performance of government contracts, real property and easement disputes, bribery, fraud, domestic violence, libel, tax appeals, and mandatory enforcement of the court judgments. Filed cases with the Supreme Court of ROC. Served as a committee member in charge of jointly deciding government procurement bidding. Negotiated and implemented agreements to settle disputes and to enhance business cooperation. Drafted and revised contracts and other legal documents. Advised individual clients, companies, and the government on international trade, copyright, labor, corporate operation, government procurement, wills, and family law. Served as a member of the Trial Practice Research Committee of the Taipei Bar Association. Lectured on wills and juvenile laws in the community.

**Liang & Associates, Attorneys-at-Law**                                              Taipei, Taiwan
Associate Attorney                                                               December 1999 - November 2000
Government legal consultant on the Taiwan High Speed Rail Project - provided legal opinions and recommendations on implementation plans. Conducted due diligence for mergers and acquisitions. Drafted the proposed bids for government procurement contracts.

**Lee & Li, Attorneys-at-Law**                                                              Taipei, Taiwan
Associate Attorney                                                                       October 1995 - June 1997
Managed construction arbitration regarding the Taipei Transit Rail System for the Government of Taipei City. Handled civil and criminal litigation with an emphasis on white collar crimes, international trade and corporate disputes. Conducted due diligence for mergers and acquisitions. Drafted briefs for a corporate reorganization case. Provided legal advice on corporate law for a variety of clients.

**Lee & Li, Attorneys-at-Law**                                                              Taipei, Taiwan
Apprentice Attorney                                                             August 1994 - January 1995
Researched and drafted legal memoranda in the areas of construction arbitration, civil and criminal litigation. Prepared legal documents for hearings. Drafted the proposal regarding foreign counsels' admission to practice law in Taiwan submitted to the Ministry of Justice.

**Ministry of Justice**                                                                           Taipei, Taiwan
Legal Specialist                                                                           July 1991 - July 1994
Assisted in the revision of two parts of the Civil Code (Obligations and Rights In Rem). Performed extensive research in the areas of computer-processed personal data protection and freedom of government information. Provided other government departments with legal opinions about the application of the Civil Code, and reviewed treaties and other diplomatic documents.

## LANGUAGES: Fluent in Mandarin Chinese

**Youngmin Kim**
**431 El Camino Real APT 1207, Santa Clara, CA 95050**
**(408) 510 1541**
**Ykim3@scu.edu**

| | |
|---|---|
| **Summary** | <ul><li>Demonstrated strong analytical skill through academic achievements in various areas not limited to law but including advanced sciences, statistics, and economics.</li><li>International background, have lived in Korea, Japan, Canada, and USA combined with fluency in several languages, including Korean, Japanese.</li><li>Ability to adapt to new environment quickly and learn new concepts efficiently.</li><li>Extensive computer knowledge, including basic office software to various financial tools including Bloomberg, STATA.</li><li>Enthusiastic, responsible and committed to given assignment.</li><li>Currently taking Federal Personal Income Taxation, Federal Taxation of Business Entities.</li></ul> |

**Education**

J.D. Candidate Class of 2010                                                     *Current*
**Santa Clara University; School of Law**, Santa Clara, CA

B.A. in Biological Science                                                         *02-06*
**University of Chicago,** Chicago, IL
Minor Courses: Statistics, Physics

International Baccalaureate Diploma                                       *98-02*
**Saint Mary's International School**, Tokyo, Japan

**Career History & Accomplishments**

**Summer Associate, Yoon Yang Kim Shin & Yu;** Seoul, Korea                    *Sum. 08*
- One of the top 3 law firms of Korea with more than 200 attorneys, provides high quality legal services in broad areas including domestic, international intellectual property law.
- Worked in the international law department, which specializes in international business transactions and M&A.
- Analyzed and reviewed international intellectual property contracts including P2P contract disputes, advertisement copyright disputes.
- Researched, revised construction contracts dealing with Force majeure.

**IT Analyst, Univ. of Chicago; Graduate School of Bus.;** Chicago, IL       *Sum .06*
- Responsible for monitoring network traffic of the school network, computer trouble shooting for demanding business students.
- Assisted business school professors with financial, economic researches using specific financial software.

**Current Activities**

- **Santa Clara Computer & High Tech. Law Journal;** Santa Clara, CA (Associate)
- **Asian Pacific American Law Students Association**; Santa Clara, CA (Com. Chair)

# NATALIE KABASAKALIAN

natalie.kabasakalian@gmail.com
43 Calton Road #5C
New Rochelle, NY 10804
(646) 322-8671

## LITIGATION

**Karon LLC (formerly Goldman Scarlato & Karon), New York, NY**                    2009 - Present
 Discovery analysis and trial preparation in several major international anti-trust class actions.

**Labaton Sucharow LLP, New York, NY**                                            2001 - 2009
 Developed factual support and litigation strategy leading to $185 million settlement for the plaintiff
 class, at that time the largest settlement in a securities fraud case predicated on failure to bring
 an investigational drug to market. Served as core litigation team member engaged in pre-trial and
 trial strategy decisions. Conducted and managed all aspects of fact and expert discovery.
 Supervised junior attorneys and staff, including large team of attorney document reviewers.

**Appellate Division, Supreme Court of the State of New York (2d Department)**     1999 - 2001
 Researched and wrote bench memoranda in civil and criminal appeals.

**The Honorable Robert M. Levy, United States Magistrate Judge, E.D.N.Y.**        1997 - 1998
 Researched and drafted reports and recommendations.

**Law Office of Emily M. Bass**                                                   1995 - 1996
 Litigation associate on cases including landmark author electronic rights case *Tasini v. New York
 Times Co., Inc.*

## INTERNATIONAL LAW, HUMAN RIGHTS, AND CIVIL RIGHTS

**Center for Constitutional Rights**
 Volunteer Attorney. Completed significant research memo comparing the law of three U.S.
 circuits on prisoners' due process rights. 2013.

**Pace/ICLN International Criminal Court Moot**
 Moot Court Judge, Regional Round for the Americas and Caribbean. 2010 and 2012.

**New York City Bar Association ("NYCBA"), International Law Committee**
 Member, 2008-2010. In February 2010, organized and moderated distinguished panel on
 "International Law and the War on Terror: State Obligations to Individual Persons."

**NYCBA, Committee on Military Affairs and Justice**
 Solely authored and co-authored amicus curiae briefs for Bar Association in federal actions
 relating to executive war powers and detainee rights; co-authored paper on military commissions.
 2004-2007

**Independent Trial Observer, Bogotá, Colombia**
 Met with Colombian, United States, and United Nations officials to discuss human rights concerns
 stemming from 2003-2004 courtroom observation of criminal trial of three Irish citizens accused of
 terrorism-related crimes. Wrote reports on observations of proceedings and fair trial issues, used
 with success to alter Irish government's diplomatic position on the case.

***Pro Bono* counsel, New York, NY**
 For several clients facing extradition and immigration proceedings, researched and drafted
 appellate briefs on extradition law, foreign laws, and public international law, including novel
 issues under 1996 immigration reform law. 1998-2002

**Amnesty International USA, New York, NY**
 Country Specialist, United Kingdom and Ireland, 1999-2002. Liaised with media, legislators, and
 other advocates to promote AI positions on human rights issues in United Kingdom and Ireland.

**Irish Parades Emergency Committee, Northern Ireland and New York, NY**
Observed parades for compliance with local and international standards. Met with government and community stakeholders. Co-drafted 2000 report with findings and recommendations.

## OTHER EXPERIENCE AND SKILLS

**TEACHING**
Legal Writing and Oral Advocacy (New York Law School)
Public International Law (The New School, Eugene Lang College)

**LEGAL INTERNSHIPS AND RESEARCH POSITIONS**

**Professor David Golove (University of Arizona College of Law, Tucson, AZ)**
Researched issues in constitutional and foreign relations law for article on executive treaty-making power, *Is NAFTA Constitutional?*, 108 Harv. L. Rev. 799 (1995).

**United States Attorney's Office (S.D.N.Y.)**
Law Clerk, Organized Crime Division.

**Human Rights First (Lawyers Committee for Human Rights) (New York, NY)**
Immigration and Asylum Program.

**The Workplace Project (Hempstead, NY)**
Advocated for Spanish-speaking client base at legal clinic for labor-related complaints.

**NON-PROFIT ADMINISTRATION AND PROGRAMMING**
- Generation of periodic reports on staffing, budgets, programming for regional foreign program desks at major international development NGOs (CARE, Catholic Relief Services)
- Recruitment, counseling, outreach, applicant selection (New School for Social Research; Self-
- Help Housing Corporation of Hawaii; College Venture Consortium)
- Program promotion and generation of promotional materials (New School for Social Research; College Venture Consortium)
- Management and supervision of junior staff (New School for Social Research)

**LANGUAGES AND TRAVEL**
- Functional proficiency in French, Spanish, Italian.
- Extensive travel, including for study and residence, in Europe, Latin America, Asia.

## EDUCATION

**ACADEMY OF INTERNATIONAL HUMANITARIAN LAW, GENEVA, SWITZERLAND**      LLM, May 2009
Master's in International Humanitarian Law and Human Rights (With Merit).

**BENJAMIN N. CARDOZO SCHOOL OF LAW, NEW YORK, NY**      JD, June 1995
Honors included *Cardozo Law Review* and the Jacob Burns Fellowship.

**BROWN UNIVERSITY, PROVIDENCE RI**      AB (Latin American Studies), May 1987

### Description of the Besmer Law Firm

Veronica Besmer, the founding attorney of the Besmer Law Firm, litigated antitrust cases for about a decade. She began working on antitrust class actions in 2004 as a law clerk at Alioto, Trump & Prescott, LLP. At Townsend and Townsend and Crew LLP, she worked with Gene Crew, the firm's name partner and California Antitrust Lawyer of the Year 2009, on several antitrust cases between 2006 and 2009. Ms. Besmer since participated in the *LCD* price fixing litigation and became an attorney of record on behalf of the indirect purchaser plaintiffs in the *CRT* case in 2011.

In addition to antitrust litigation, the Besmer Law Firm also provides corporate legal services to start ups and advises companies located abroad on establishing a presence and operations in the United States. Ms. Besmer received her law degree from U.C. Hastings College of the Law and received her bachelor's degree, *summa cum laude*, in business administration from the University of Southern California. She is the incoming Co-Vice President of the California State Bar's Cyberspace Law Committee.

**DAE LIM**
Young Jim PLC
Korea IP Center 12F
131 Teheran-ro
Gangnam-gu
Seoul 135-980
Korea

**EDUCATION:**  Undergraduate:   Yonsei University, Seoul Republic of Korea-
            Law School:        UC Hastings COL: San Francisco

Admitted to The State Bar of California: September 1, 2010


**ANTITRUST EXPERIENCE:**  Document review of Korean documents in LCD Antitrust litigation;
                     Document review/translations of Korean documents in CRT Antitrust
                     litigation.

# YOOBIN KANG

210 W. Temple Street, Los Angeles, CA • 310.869.4126 • yoobin@gmail.com

## BAR
Admitted to CA Bar December 13, 2011 - #282184

## EDUCATION

**LOYOLA LAW SCHOOL, LOS ANGELES**
Juris Doctor, received May 2011

| | |
|---|---|
| Class Rank: | 3.86 Annual G.P.A. (Ranked Top 15% in 2009-2010); 3.67 Cumulative G.P.A. (Ranked Top 20% in 2010-2011) |
| Honors: | Dean's Honor List (2009-2010); Jesuit Community Scholarship Recipient (2010-2011); Korean American Bar Association Scholarship Recipient (2008) |
| Law Review: | Chief Articles Editor, *Loyola of Los Angeles International and Comparative Law Review* (2010-2011) |
| Trial Advocacy: | The William C. Hobbs District Attorney Clinic (2010-2011) (Received the highest grade of "A") |
| Activities: | Jessup International Moot Court (Invited for 2010-2011); Board Member, Women's Law Association (2009-2010) |

**UNIVERSITY OF CALIFORNIA, LOS ANGELES**
Bachelor of Arts in Sociology and Minor in Political Science, received March 2005
Honors:        Dean's Honor List (Fall 2003, Spring 2004); Alpha Kappa Delta

## EXPERIENCE

**LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE,** Los Angeles, CA
*Deputy District Attorney*                                                                       *May 2012-Present*

*Volunteer Law Clerk – Major Crimes Division, Los Angeles, CA*                   *October 2011-March 2012*
Assisted with case management, trial organization, and preparation for capital cases involving serial killers such as the South Side Slayer and the Grim Sleeper; researched and drafted several motions pertaining to complex legal issues; coordinated witnesses and victim impact evidence during the guilt phase of trial; interviewed and prepared victim impact and expert witnesses.

**HORVITZ & LEVY LLP,** Encino, CA
*Law Clerk*                                                     *September 2011-October 2011; August 2010-May 2011*
Edited appellate briefs for filing in United States Supreme Court, United States Court of Appeals, California Supreme Court, and California Court of Appeal; prepared oral argument; drafted a weekly memorandum summarizing California Supreme Court petition conferences.

**COLEMAN & ASSOCIATES,** Los Angeles, CA
*Summer Associate/Law Clerk*                                                                        *June -August 2010*
Drafted motions and pleadings, including motion for summary judgment, motion to dismiss complaint, discovery motions, and orders; performed extensive legal research and drafted memoranda; prepared and appeared for a deposition of third party witness.

**DONFELD, KELLEY & ROLLMAN,** Los Angeles, CA
*Law Clerk*                                                                                          *September 2008-May 2010*
Conducted legal research on real-estate transactional laws; drafted memoranda on issues such as restrictive covenants and California development agreements, the Davis Sterling Act, and nonconforming use; prepared interrogatories and depositions.

**LOYOLA LAW SCHOOL, Professor Brietta Clark,** Los Angeles, CA
*Legal Research Assistant*                                                                              *May 2008-May 2010*
Researched issues of health care law; drafted memoranda on health care access issues, including insurance rescissions, racial disparity in health care, hospital tax-exempt status on charitable care, usage of pain medication, and housing access and health care.

**UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA,** Los Angeles, CA
*Judicial Extern to Honorable Thomas B. Donovan*                                          *August-December 2009*
Conducted legal research and drafted memoranda for Judge's review on various legal issues such as attorney fee disputes, authority to enter into lease extension, usage of cash collateral in bankruptcy estate, and Chapter 7 and 11 relief from stays.

**ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE,** Santa Ana, CA
*Law Clerk, Juvenile Court – Lamoreaux Justice Center*                                              *Summer 2009*
Conducted legal research and assisted in juvenile case filings; updated training materials; drafted various motions for pending juvenile court cases such as *Dennis H.* hearings and *Ryan B.* motions.

**ADDITIONAL:** • **Languages:** Fluent Korean; Proficient Japanese (passed Japanese Language Proficiency Test Level 1) • **The Loyola Law School Center for Conflict Resolution:** Mediation Training Certificate received • **Interests:** Piano, Dog Training, Cooking

**SILVIA M. ROELL, LL.M.**
**Attorney at Law**∗
Dillberg 41 • 92353 Postbauer-Heng • Germany • +49 176 560 51551 • silvia.roell@gmail.com
∗currently inactive

## BAR STATUS

- Admitted to **California Bar**, August 2008
- Admitted to **German Bar**, August 2006

## LEGAL EXPERIENCE

**Cleary Gottlieb Steen & Hamilton, LLP,** Brussels, Belgium
**Contract Attorney**
04/2011 – Present, 07/2010 – 12/2010, 03/2010 – 04/2010
- Working on several antitrust compliance investigations through EU and US Regulators
- Translating settlement agreement from French into German
- Reviewing pertinent evidence in English, French and German
- Preparing summaries and memoranda relating to evidence of illicit collaboration discovered in the review process

**Trump Alioto Trump & Prescott, LLP,** San Francisco, USA
**Contract Attorney**
04/2007 – 07/2009
- Working on antitrust class actions regarding price fixing
- Representing indirect purchasers in depositions
- Drafting complaints and other legal documents
- Translating complaints from English to German in order to serve them in Germany according to the Hague Convention
- Reviewing documents in English and German and preparing memoranda relating to discovered evidence of illicit conduct
- Researching procedural and substantive law issues regarding antitrust class actions

**CoreOptics Inc.,** Nuremberg, Germany
**Contract Attorney**
01/2006 – 12/2006
- Working for the legal division
- Drafting and reviewing international business contracts
- Drafting notices and advising on labour law issues
- Researching case law regarding notice and redundancy due to business operations
- Preparing memoranda regarding the Sarbanes-Oxley Act

**Law Offices of Kenneth A. Lipson,** San Francisco, USA
**Law clerk**
06/2005 – 11/2005
- Drafting pleadings and demand letters
- Summarising depositions and preparing files for hearing
- Interviewing witnesses

**Law Offices of Brigitte Ecker,** Passau, Germany
**Law clerk**
02/2005 – 06/2005
- Drafting pleadings in family and tenancy law
- Interviewing clients
- Researching and analysing Supreme Court decisions

**SILVIA M. ROELL, LL.M.**
**Attorney at Law***
Dillberg 41 • 92353 Postbauer-Heng • Germany • +49 176 560 51551 • silvia.roell@gmail.com
*currently inactive

**Administrative Court of Regensburg,** Regensburg, Germany
**Law clerk**
12/2004 – 02/2005
- Writing opinions and prohibitory injunctions with an emphasis on the law of trade and drivers' licenses
- Participating in court proceedings

**District Office,** Freyung-Grafenau, Germany
**Law clerk**
06/2004 – 12/2004
- Drafting pleadings and memoranda of law with an emphasis on planning laws and building regulations
- Participating in assemblies

**Office of the District Attorney,** Deggendorf, Germany
**Law clerk**
04/2004 – 06/2004
- Representing the District Attorney in trials for misdemeanours
- Preparing indictments and closing arguments for trials
- Writing memoranda of law

**District Court,** Deggendorf, Germany
**Law clerk**
10/2003 – 04/2004
- Drafting judgments and injunctions in the fields of contracts, torts and remedies
- Participating in trials and preparing interrogations of parties and witnesses
- Writing memoranda of law

**INTERNSHIPS**

**District Office,** Neumarkt i.d.OPf., Germany
**Law intern**
08/2001
- Participating in trials in the administrative court
- Gaining insight in the different divisions and the different legal issues involved

**District Court,** Passau, Germany
**Law intern**
03/2000
- Participating in criminal trials
- Introduction to procedural and substantial criminal law issues

**Lucent Technologies Inc., Law Division,** Holmdel, USA
**Law intern**
08/2009
- Analyzing warranty and indemnity clauses in international contracts
- Translating contracts from German into English
- Introduction to the different legal divisions

**SILVIA M. ROELL, LL.M.**
**Attorney at Law**\*
Dillberg 41 • 92353 Postbauer-Heng • Germany • +49 176 560 51551 • silvia.roell@gmail.com
\*currently inactive

## EDUCATION

**Golden Gate University, School of Law,** San Francisco, USA
- _LL.M. in Intellectual Property Law_, 2010
  - Master Degree in Intellectual Property Law focusing on International as well as U.S. Copyright, Trademark and Patent law
  - Entertainment Law comprising talent contracts, film, music and book publishing as well as Virtual Law
  - Content licensing and drafting business contracts
  - Internet & Software Law
  - Federal Income and Corporate Tax Law

- _LL.M. in U.S. Legal Studies,_ 2006
  - Master Degree in United States Legal Studies, focusing on the legal system of the United States
  - Law of Corporations including the Sarbanes-Oxley Act
  - Property Law, Constitutional Law and Law of Evidence
  - Graduate Legal Research using Westlaw and LexisNexis

**University of Passau, Faculty of Law,** Passau, Germany
- _Erstes Juristisches Staatsexamen,_ 2003
  - Diploma in German law
  - Civil, Criminal Administrative Law
  - European and Tax Law

**L'Université du Maine, Faculté du Droit et des Sciences Economiques** Le Mans, France
- _Diplôme d'études universitaires générales_, 2001
  - 2nd year diploma in law
  - Year abroad as part of German Law Degree studying French and European Law
  - All classes and exams were taken in French

## SKILLS

**Languages**
- **German:** mother tongue
- **English:** fluent
- **French:** fluent
- **Spanish:** beginner

**IT**
- Word, Excel, PowerPoint, Outlook
- LexisNexis and Westlaw
- Concordance, Summation, Liquid Litigation Management, Autonomy

EXHIBIT B



# Legal Document

Superior Court of California, County of San Francisco
Case No. CGC 04 436205
**Joel I. Roos v. Honeywell International, Inc. Et Al**

Document 198



**View Document**



**View Docket**

A joint project of Think Computer Corporation and Think Computer Foundation.
Cover art © 2015 Think Computer Corporation. All rights reserved.
Learn more at http://www.plainsite.org.



San Francisco Superior Courts
Information Technology Group

# Document Scanning Lead Sheet

Sep-20-2007 5:51 pm

Case Number: CGC-04-436205

Filing Date: Sep-20-2007 5:50

Juke Box: 001    Image: 01891627

ORDER

BRIAN BROCK VS. HONEYWELL INTERNATIONAL, INC. et al

001C01891627

**Instructions:**
Please place this sheet on top of the document to be scanned.

1

2

3

4  **F I L E D**

San Francisco County Superior Court

5  SEP 2 0 2007

6  **GORDON PARK-LI, Clerk**

BY: _____

**Deputy Clerk**

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF SAN FRANCISCO**

10

11  BRYAN BROCK, on behalf of himself
and all others similarly situated,

Case No. CGC 04-436205

12  Plaintiff,

**ORDER FOR SANCTIONS UNDER
C.C.P. 2023.030**

13

14  v.

15  HONEYWELL INTERNATIONAL
INC. and DOES 1-100, inclusive,

16  Defendant.

17

18

19  On August 28, 2007, the Court held a hearing on the Order to Show Cause

20  issued on July 16, 2007 to Robert Bonsignore ("OSC"). Mr. Bonsignore was present and

21  was represented by Carolyn Beasley Burton, Esq. of Glynn & Finley LLP. Defendant

22  Honeywell International Inc. ("Honeywell") appeared through its counsel Richard Parker,

Esq. and Michael Tubach, Esq. of O'Melveny & Myers LLP and Eric Liebeler, Esq.

23  Brian Barnhorst, Esq. of The Mogin Law Firm appeared on behalf of plaintiffs. Having

24  considered the evidence and briefs submitted by the parties and the arguments of counsel,

25  and good cause appearing, the Court hereby finds:

26

27

28

1.     It has jurisdiction over Mr. Bonsignore for the purposes of the OSC and the sanctions imposed herein by virtue of the activities found to have been conducted by Mr. Bonsignore effecting this lawsuit as set forth below.

2.     Mr. Bonsignore has had notice and an opportunity for a hearing on whether he should be sanctioned pursuant to the OSC and as required by California Code of Civil Procedure section 2023.030.

3.     Mr. Bonsignore is an attorney admitted to practice in Massachusetts but not in California and was never admitted *pro hac vice* in this case.

4.     The original named plaintiff in this case is Bryan Brock. In a declaration filed herein on June 14, 2007, Mr. Brock stated that he was "brought into this case" by Mr. Bonsignore's law firm, Bonsignore and Brewer, and that he considered Mr. Bonsignore to be his lawyer. (Declaration of Bryan Brock in Support of Opposition to the Motion of Defendant Honeywell, Inc. for Sanctions, filed June 14, 2007, "Brock Decl.," par. 2 and 4.) California counsel of record for Mr. Brock, however, has been The Mogin Law Firm, P.C.

5.     Defendant Honeywell served a notice of Mr. Brock's deposition for October 18, 2006. Shortly thereafter,  Daniel Mogin, Esq. of The Mogin Law Firm ("Mr. Mogin") called Mr. Brock to get available dates for his deposition. (Brock. Decl., par. 4.) Mr. Brock told Mr. Mogin that all "future discussions and deposition scheduling" should be with Mr. Bonsignore. Brock then called Mr. Bonsignore and asked that Brock only deal with him. (*Id.*, par. and 5.) There is no indication in the record as to why Mr. Brock chose to deal solely with Mr. Bonsignore, but as is set forth below, it is apparent that thereafter the exclusive line of communication to Mr. Brock was through Mr. Bonsignore. Around this time, Mr. Brock told Mr. Bonsignore that he no longer wanted to be involved in the case. (*Id.*). .

6.     On November 2 and 3, 2006, Mr. Mogin advised Honeywell's counsel that Mr. Brock would not appear for a deposition because he wanted to withdraw as class representative from the case. (Declaration of Ro Khanna in Support of Honeywell

2

1   International Inc.'s Notice of Motion and Motion for Sanctions, "Khanna Decl," Ex. 1 and

2   2.) Honeywell advised Mr. Mogin that it nonetheless wanted to take Mr. Brock's

3   deposition and served Mr. Brock with a subpoena to appear for deposition on December 5,

4   2006. On December 4, 2006, The Mogin Law Firm filed a Motion for a Protective Order

5   to preclude the Brock deposition on the grounds that Mr. Brock wished to withdraw from

6   the case. (Khanna Decl., Ex. 3.)  The parties agreed to take the deposition off calendar but

7   continued to discuss potential deposition dates while the Motion for a Protective Order

8   was pending. In the course of those efforts, on February 14, 2007, Honeywell served Mr.

9   Brock with a subpoena to appear at his deposition on April 3, 2007, and a proper notice of

10  the deposition was served. (Khanna Decl., Ex. 7.)

11       7. The Motion for Protective Order was denied by this court on March 23, 2007

12  and Mr. Brock was ordered to appear for his deposition. At that hearing, Mr. Mogan

13  advised the court that he had filed a motion to withdraw as counsel for Mr. Brock, and

14  that he could make no representation that Mr. Brock would appear at his deposition.

15       8. On March 27, 2007, Honeywell's counsel advised Mr. Mogan that he intended

16  to go forward with Mr. Brock's deposition on April 3, 2007. (Khanna Decl., Ex. 12.) In

17  response, on March 27, 2007, Mr. Brian Barnhurst of The Mogan Law Firm sent an email

18  to Honeywell's counsel stating "we can make no representation regarding Mr. Brock's

19  availability for deposition" and that the Mogan Law Firm "has made and would continue

20  to make every effort to inquire as to Mr. Brock's availability, but could make [sic, no]

21  promises about the likelihood of success in determining his availability, let alone assuring

22  his attendance on the day noticed." (Khanna Decl., Ex. 13.) The email made it clear that

23  the problem was that The Mogan Law Firm could not communicate directly with Mr.

24  Brock. Mr. Barnhurst stated "I have communicated to Jill Abrams (who is now on

25  vacation) the result of Friday's hearing on the motion for the protective order. We have

26  asked that she convey the information to Mr. Bonsignore, and that he convey it to Mr.

27  Brock...she advised  that she had been in contact with Mr. Bonsignore before she left for

28  vacation, and he told her  he would obtain available dates from Mr. Brock." (*Id.*) Ms.

Abrams was admitted *pro hac vice* in this case as co-counsel for Mr. Brock on June 11, 2007.

9. No alternative date was agreed upon for the deposition, although Mr. Barnhurst did tell Honeywell's counsel that he could not assure Mr. Brock's attendance on April 3, and that any assumption that Mr. Brock would show up would be "at your peril." Declaration of Brian A. Barnhurst in Opposition to Motion for Sanctions, filed June 14, 2007 (Barnhurst Decl."), par. 14.

10. Richard Parker, Esq., counsel for Honeywell, works at his firm's office in Washington, D.C. On April 2, 2007 while at the Washington Dulles airport and about to board his flight to Sacramento, California for the deposition, his office phoned him and said that Mr. Barnhurst had just called and said that Mr. Brock would not appear at the deposition. Mr. Parker instructed his office to respond that it was too late to change the deposition date. (Khanna Decl., Ex. 16, pg. 5, lines 2-13.)

11. Mr. Brock did not appear for his deposition. Mr. Brock stated that "[o]n the evening of April 2, 2007, via e-mail from Mr. Bonsignore,  I first became aware that my deposition was supposed to occur on April 3, 2007. Up until that time, I believed that I was no longer a class representative. I was informed by Mr. Bonsignore that this was being handled and it was my understanding that I did not need to appear for the deposition" (Brock Decl., par. 9 and 10.).

12.  Mr. Barnhurst was present at the deposition despite the absence of Mr. Brock. He had to interrupt a family vacation in Palm Springs in order to fly to Sacramento for the deposition.  He apologized for the failure of Mr. Brock to appear and for any inconvenience. He explained that Mr. Bonsignore had not timely made the necessary arrangements for an agreed upon deposition date, that Mr. Bonsignore had instructed The Mogan Law Firm not to contact Mr. Brock directly, and that communications with Mr. Bonsignore were difficult to accomplish. (Khanna Decl., Ex. 16,  pg. 6-7. )

13. On April 5, 2007, Honeywell filed a Motion for Sanctions against Mr. Brock and Mr. Bonsignore. The proof of service of the motion establishes that on April 5, 2007,

4

1    Mr. Bonsignore was served by email with a copy of all of the moving papers.  The motion

2    was not directed against the Mogan Law Firm. Mr. Bonsignore was mailed the papers in

3    support of the motion as a named recipient on the proof of service. The motion was heard

4    on June 27, 2007. Mr.Brock was present. Mr. Bonsignore neither appeared nor were any

5    papers filed on his behalf. In light of Mr. Brock's declaration quoted above and the

6    arguments of counsel, it did not appear that Mr. Brock could be faulted for his failure to

7    appear at his deposition. Accordingly, the motion for sanctions against him was denied.

8    The court announced its intention to issue the OSC directed to Mr. Bonsignore.

9         14. In response to the OSC, on August 24, 2007, Mr. Bonsignore through his

10    counsel filed a document entitled "Robert J. Bonsignore's Declaration in Response to

11    Order to Show Cause Re Contempt and in Opposition to Honeywell's *Ex Parte*

12    Application." The filing purports to be a declaration by Mr. Bonsignore, and Mr.

13    Bonsignore's name appears in script at the end following the statement: "I declare under

14    penalty of perjury under the laws of the State of California that the foregoing is true and

15    correct." There is a handwritten circle above the script name at the bottom of the

16    declaration with what appears to be the letters "SD" in it. None of Mr. Bonsigniore's

17    filings in response to the OSC explain this circle.

18         15. The hearing on the OSC occurred on August 28, 2007. In response to this

19    court's question regarding the circle above the script name, Mr. Bonsignore's counsel

20    explained that the declaration was signed for Mr. Bonsignore by Mr. Bonsignore's "legal

21    assistant" because he was busy with a personal family trip. This declaration is thus not

22    competent evidence.

23         16. Attached as Exhibit 1 to Mr. Bonsignore's "declaration" is an email

24    establishing that Mr. Bonsignore was aware on March 23, 2007 that Mr. Brock would be

25    required to appear for his deposition and an affirming that Mr. Bonsignore that he would

26    assist in this matter. While this is not competent evidence, the filing of this "declaration"

27    on behalf of Mr. Bonsignore is a certification under C.C.P. § 128.7(b) by his counsel that

28    there is a factual basis for the veracity of Exhibit 1.

5

17. Upon the foregoing, this court finds that Mr. Bonsignore undertook to be the ultimate authority regarding the deposition of the named plaintiff Bryan Brock, counseled Mr. Brock in a manner akin to giving him legal advice regarding the deposition scheduling, prevented plaintiff's counsel of record from being able to interact effectively with plaintiff's counsel regarding the scheduled deposition, and despite knowing on March 23, 2007 that  Mr. Brock would have to attend his deposition, did not contact him until the evening before the scheduled deposition and, at that time, wrongfully led Mr. Brock to reasonably believe that he need not attend the deposition. These activities interfered with the taking of Mr. Brock's deposition and caused both Honeywell's counsel and Mr. Brock's co-counsel undue inconvenience and expense.

18. This court further finds that Mr. Bonsignore also interfered with the discovery management processes in this court in that he failed to provide any input to Honeywell Motion for Sanctions against him despite the fact that he had notice that his activities were the main focus of the motion, which failure necessitated the OSC. Mr. Bonsignore further failed to submit competent evidence in response to the OSC, allowed a declaration to be signed for him by another person, and did not disclose to this court that his "declaration" had not been signed by him.

Accordingly, it is hereby ordered:

A. Pursuant to Code of Civil Procedure Section 2023.030, Mr. Bonsignore shall pay sanctions of $10,000 to defendant Honeywell as reasonable costs for the failure of Mr. Brock to appear at his deposition on April 3, 2007, to be paid within twenty days of the date of this Order.

B. In any *pro hac vice* application that Mr. Bonsignore makes in any state or federal court in California within five years of this Order, Mr. Bonsignore shall disclose that he has been sanctioned and ordered to pay $10,000 to Honeywell by this Court pursuant to California Code of Civil Procedure section 2023.030.

C. The Court finds that it has not been proven beyond a reasonable doubt that Mr. Bonsignore committed a contempt of court under California Code of Civil Procedure

6

1    section 1209. Accordingly, the Order to Show Cause issued on July 16, 2007 is hereby

2    discharged.

3

4    Dated:  September 20, 2007

                                              _____
5                                                Judge of the Superior Court

6                                                **RICHARD A. KRAMER**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        7
                              ORDER FOR SANCTIONS

# Superior Court of California
## County of San Francisco

BRYAN BROCK, on behalf of himself and
all others similarly situated,

                             Plaintiff(s)

          vs.

HONEYWELL INTERNAITONAL, INC.,
et al.,

                            Defendant(s)

Case Number: **CGC-04-436205**

**CERTIFICATE OF MAILING**

(CCP 1013a (4) )

I, Jose Rios Merida, a Deputy Clerk of the Superior Court of the City and County of San Francisco, certify that I am not a party to the within action.

On September 21, 2007, I served the attached ORDER FOR SANCTIONS UNDER C.C.P. 2023.030 by placing a copy thereof in a sealed envelope, addressed as follows:

Daniel J. Mogin
Brian A. Barnhorst
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA 92101
*Attorneys for plaintiffs Brian Brock & Class*

Julie D. Wood
Rohit Khanna
O'MELVENY & MYERS LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
*Attorneys for defendants Honeywell International*

Carolyn Beasley Burton
GLYNN & FINLEY, LLP
One Walnut Creek Center, Suite 500
100 Pringle Avenue
Walnut Creek, CA 94596
*Specially appearing for Robert Bonsignore*

D. Michael Noonan
Christine Craig
SHAHEEN & GORDON, P.A.
140 Washington Street
Dover, NH 03821-0977
*Attorneys for plaintiffs McKinnon Wright et al*

Richard G. Parker
O'MELVENY & MYERS, LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
*Attorney for defendants Honeywell International*

Eric C. Liebeler
HONEYWELL
1600 Utica Avenue South, Suite 750
St Louis Park, MN 55416
*House Counsel for Honeywell International*

Jill S. Abrams
ABBEY GARDY, LLP
212 East 39th Street
New York, New York 10016
*Attorney for plaintiffs Brian Brock & Class*

Robert Bonsignore
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
*Attorney for plaintiffs Fagan, Gianasca et al*

I then placed the sealed envelopes in the outgoing mail at 400 McAllister Street, San Francisco, CA. 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practices.

Dated: September 21, 2007

GORDON PARK-LI, Clerk

By: _____

J. RIOS MERIDA, Deputy