Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the***
***Indirect Purchaser Plaintiffs***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **COMPENDIUM OF DECLARATIONS IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' REPLY RE: MOTION FOR AWARD OF ATTORNEYS' FEES. REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS**<br><br>Hearing Date:  March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Before: Special Master Martin Quinn, JAMS |

1

2                                        **INDEX OF DECLARATIONS**

3

4       **Exhibit A:**        Declaration of Donald Perelman, partner in the law firm of Fine

5                             Kaplan and Black, R.P.C.

6       **Exhibit B:**        Declaration of Paul F. Novak, partner in the law firm of Milberg,

7                             LLP.

8       **Exhibit C:**        Declaration of Sylvie K. Kern, principal of the KAG Law Group.

9       **Exhibit D:**        Declaration of Robert J. Gralewski, Jr., partner in the law firm of

10                            Kirby McInerney, LLP

11      **Exhibit E:**        Declaration of Nathan M. Cihlar, partner in the law firm of Straus &

12                            Boies, LLP.

13      **Exhibit F:**        Declaration of Diane E. Pritchard, partner in the law firm of Vogl

14                            Meredith Burke, LLP.

15      **Exhibit G:**        Declaration of Jennie Lee Anderson, partner in the law firm of

16                            Andrus Anderson, LLP.

17      **Exhibit H:**        Declaration of Daniel E. Birkhaeuser, partner in the law firm of

18                            Bramson, Plutzik, Mahler & Birkhaeuser, LLP.

19      **Exhibit I:**        Declaration of Christopher T. Micheletti, partner in the law firm of

20                            Zelle, Hofmann, Voelbel & Mason, LLP.

21      **Exhibit J**:        Declaration of Keith Essenmacher, partner in the law firm of Lovell,

22                            Stewart, Halebian and Jacobson, LLP.

23

24

25

26

27

28
                                                    1

# EXHIBIT A

Donald L. Perelman, SBN: 99152
Gerard A. Dever, SBN: 85291
Matthew Duncan, SBN: 91686
FINE, KAPLAN AND BLACK, R.P.C.
One S. Broad Street, 23rd Floor
Philadelphia, PA  19107
Telephone: (215) 567-6565
Facsimile:  (215) 568-5872

*Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | |
| ALL INDIRECT PURCHASER ACTIONS | **ADDITIONAL DECLARATION OF DONALD PERELMAN IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS** |
| | Hearing Date:  March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn, JAMS |

I, DONALD L. PERELMAN, declare:

1.      My name is Don Perelman.  I am a partner in the law firm of Fine Kaplan and Black.

2.      My firm, along with the Freedman Boyd and Hulett Harper firms, were brought into the Cathode Ray Tube (CRT) litigation by lead counsel in October 2014 to serve as members of lead counsel's Trial Team.  In my opinion, lead counsel's decision to bring in additional experienced trial counsel was the right move, putting plaintiffs in the best position to try this complex antitrust class action while at the same time strengthening plaintiffs' hand in settlement negotiations.  Very few antitrust class actions ever go to trial but my firm was co-lead counsel and Joe Goldberg of Freedman Boyd was trial counsel in one of the few that did, the Urethanes Antitrust Litigation, which was tried in the District of Kansas in early 2013.  The four week Urethanes trial resulted in a judgment of over one billion dollars, which is believed to be the largest antitrust verdict ever.  The collective work of the CRT Team — along with lead counsel's demonstrated willingness to take the case to the jury — played a significant role in the successful resolution of this case.

3.      In our role as a member of the Trial Team, Fine Kaplan had significant involvement in the preparation for trial of the indirect CRT case.  We were actively involved in the organization and synthesis of the impressive discovery record assembled at lead counsel's direction during the course of the litigation to identify the relevant witnesses and documents for presentation at trial, so as to establish all necessary elements of proof with attention to putting on a manageable and compelling case.   Fine Kaplan also was heavily involved  in numerous trial related pleadings, including jury instructions, verdict form, the pretrial order and motions *in limine,* and summary judgment briefing.

4.      As a trial-stage addition to the indirect CRT plaintiffs' team, Fine Kaplan was in a unique position to evaluate the quality, organization and cohesiveness of the law firms that put together this case.  In short, we were extremely impressed.  During the months of intensive trial preparation leading up to the settlements in early 2015, the strength and depth of the CRT team ensured the thorough and efficient preparation of the case for trial

ADDITIONAL DECLARATION OF DONALD L. PERELMAN IN SUPPORT OF INDIRECT PURCHASER
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES; Master File No. 3:07-cv-5944-JST

5.      On the most important front, the quality of the work product was outstanding.  The attorneys actively prosecuting this case from the beginning had put together an impressive record documenting the CRT cartel, including incriminating testimony and documents from the cartel members.  Memos had been prepared detailing the mechanics and scope of the conspiracy, both as an overarching matter and with respect to each individual participant as well.  The key legal issues bearing on the case likewise had been analyzed carefully and thoroughly and documents supporting our legal position had been identified.  The work product during the trial preparation stage continued to be outstanding.  The written submissions – summary judgment and *in limine* briefs as well as the jury instructions and related pleadings – were well researched, meticulously prepared and supported by documents from the record.  In my opinion, the quality of these submissions demonstrated to defendants our readiness to take the case to trial, an important step in achieving maximum settlements.

6.      From an organizational stand-point, the case was effectively managed.  Lead counsel had full command of the discovery record.  When we asked a question, they almost always had the answer and on the rare occasions that they didn't have the answer, someone else on the CRT team did.  Various firms had responsibility for particular defendants and/or particular legal issues and the results of their efforts were incorporated into comprehensive and user-friendly memos.  We invariably found that the work product and attention to detail of these firms was extraordinary.  Effective management of the case continued during the trial preparation stage.  This was particularly important because without effective management during this most intense period, critical projects can be missed and inefficiency can occur.  That did not happen in this case.  I saw little inefficiency but more important, critical projects proceeded and were completed as needed.  These projects included the identification of the relevant witnesses and critical documents for trial, development of an order of proof, designation of trial testimony, determination as to which witnesses should be called live, and witness preparation (including those witnesses outside the United States) for trial testimony.

7.      Finally, the CRT team was cohesive.  Lead counsel clearly was in charge but the other firms had the freedom and confidence to innovate, rather than simply follow orders.  This

level of collegiality and cooperation does not always exist in cases like this but it is a certainty that cases work better under these conditions.  Trial preparation in a complex antitrust class action is stressful and difficult and the maximum effort can only be harnessed if everyone is on the same page. During these months of trial preparation, the cohesiveness of the indirect CRT plaintiffs' counsel served the class well and, in my opinion, provided the class with both maximum efforts and results.

I declare under penalty of law that the foregoing is true and correct.

Executed this day of November 3, 2015, in Philadelphia, Pennsylvania.


_/s/ Donald L. Perelman_
DONALD L. PERELMAN

ADDITIONAL DECLARATION OF DONALD L. PERELMAN IN SUPPORT OF INDIRECT PURCHASER
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES; Master File No. 3:07-cv-5944-JST

# EXHIBIT B

PAUL F. NOVAK, ESQ. (*pro hac vice*)
MILBERG LLP
One Kennedy Square
777 Woodward Avenue, Suite 890
Detroit, MI 48226
Telephone: (313) 360-1760
Facsimile: (313) 447-2038
E-mail: pnovak@milberg.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944-JST<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **SUPPLEMENTAL DECLARATION OF PAUL F. NOVAK IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**<br><br>Hearing Date:  March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn, JAMS |

1    I, Paul F. Novak, declare as follows:

2    1.    I am an attorney licensed to practice before the courts of Michigan and am admitted

3    pro hac vice before this court.  I am a partner in the law firm of Milberg LLP ("Milberg") and head

4    of the firm's Antitrust Practice Group.  My firm is counsel of record in this case, and represents

5    named plaintiffs Ryan Rizzo and Travis Burau.  I have personal knowledge of the facts stated in

6    this declaration and, if called as a witness, I could and would testify competently to them.  I make

7    this declaration in support of Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive

8    Awards.

9    2.    This case has been vigorously litigated from its commencement and demanded a

10    high level of intensity and teamwork among Indirect Purchaser Counsel (collectively "IPP

11    Counsel").  In my experience from past indirect purchaser matters, one of the dominant issues in

12    successfully facilitating a resolution of indirect purchaser claims is the coordination of IPP

13    Counsel's efforts across numerous fronts  in order to obtain the maximum recovery for the Class.

14    There is no doubt that is what IPP Counsel achieved here.

15    3.    Throughout the course of this litigation, my observations are that IPP Counsel

16    constructively and cohesively worked together on the briefing of motions to dismiss, discovery,

17    depositions, summary judgment, mediation and settlement negotiations.  The lines of

18    communication between IPP Counsel were open at each stage of the litigation and each firm was

19    able to contribute to the successful and efficient resolution of this case, without duplication of

20    efforts or inefficiencies.

21    4.    As the Court is well aware from the management of the above-captioned action,

22    everything about this case has been difficult and complex.  Despite the many difficulties and

23    complexities, the joint efforts of IPP Counsel in the prosecution of the Class's claims have resulted

24    in an extraordinary result for the Class.  The efforts of IPP Counsel to achieve this result have been

25    performed in the most efficient and competent way possible so as to best represent the class and

26    ensure full and vigorous prosecution of all claims for all class members.

27    5.    This result, one of the largest settlement funds in the history of indirect purchaser

28    class actions, was not the inevitable outcome of the filing of this action eight years ago.  Rather,

1

1    this result was achieved by the persistent, prolonged and collaborative efforts of IPP Counsel.

2        6.    Indeed, the prosecution and settlement of this action required extensive

3    coordination and cooperation from IPP Counsel, considerable resources and the expenditure of

4    thousands of hours with neither compensation nor the assurance thereof.   The result was not only

5    a product of highly skilled litigation efforts, but also IPP Counsel's dedication in managing the

6    many complexities of this action together in a unified manner led under the direction of the

7    designated lead counsel, Mario Alioto.

8

9        I declare under penalty of perjury that the foregoing is true and correct.  Executed this 27th

10    day of October, 2015, at Detroit, Michigan.

11                                    */s/ Paul F. Novak*
                                     Paul F. Novak
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1   SYLVIE K. KERN (SBN 111751)
    KAG LAW GROUP
2   P.O. BOX 210135
    San Francisco, CA 94121
3   Tel: 415-221-5763
    sylviekern@yahoo.com
4
    *Counsel for Indirect Purchaser Plaintiffs*
5   *Louise Wood and Jeffrey Figone*

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                    **SAN FRANCISCO DIVISION**

12   **IN RE: CATHODE RAY TUBE (CRT)**     Case No. 3:07-cv-5944-JST
     **ANTITRUST LITIGATION**
13
14                                          MDL No. 1917
     _____
15                                          <u>**CLASS ACTION**</u>
     This Document Relates to:
16                                          **ADDITIONAL DECLARATION OF SYLVIE**
     All Indirect Purchaser Actions         **K. KERN IN SUPPORT OF PLAINTIFFS'**
17                                          **APPLICATION FOR ATTORNEYS' FEES,**
                                            **EXPENSES AND INCENTIVE AWARDS**
18
                                            Hearing Date:  March 15, 2016
19                                          Time: 2:00 p.m.
                                            Judge: Honorable Jon S. Tigar
20                                          Court: Courtroom 9, 19th Floor
     _____       Special Master: Martin Quinn, JAMS
21

22

23

24

25

26

27

28

I, Sylvie K. Kern, declare as follows:

1.      I am an attorney licensed to practice before this Court and the courts of the State of California, and a principal of the KAG Law Group.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them. I make this additional declaration in support of Indirect Purchaser Plaintiffs' ("IPPs") Application for Attorneys' Fees, Expenses and Incentive Awards.

2.      By way of background, I have practiced complex commercial litigation for nearly thirty years, including about twenty years combined at Morrison & Foerster, Brobeck, Phleger & Harrison, and Severson, Werson, Burke & Melchior.  During that period, I participated in the litigation of numerous class actions.  For the past ten years, I have focused almost exclusively on plaintiffs' antitrust class actions, and I have actively worked with lead and co-lead counsel in cases such as *In re Automotive Parts Antitrust Litigation; In re Urethanes Antitrust Litigation (Polyester Polyols); In re Western States Natural Gas Antitrust Litigation;* and *In re Korean Air Lines Antitrust Litigation*.  I believe that my experience as a lawyer on both the defense side and the plaintiffs' side has given me unusual perspective on the management of class actions.

3.      I have represented the IPPs, and specifically Louise Wood and Jeffrey Figone, two named IPP representatives, since 2010.  In the past five years, I have been a major participant in this litigation.  I played a leading role the briefing of IPPs' motion for class certification, oppositions to motions to dismiss, and oppositions to summary judgment motions.  I also had primary responsibility for assessing the roles of several defendants in the alleged conspiracy.  I supervised a discovery team and took part in discovery matters including written discovery, depositions, and motions to compel.  I also helped to prepare the case for trial, including the preparation of motions in limine and jury instructions, and the identification of key exhibits. Finally, I participated in settlement strategy discussions and in settlement negotiations with many of the defendants.  In the course of all these activities, I was in continual contact not only with Lead Counsel but also with other plaintiffs' counsel actively participating in this case.

ADDITIONAL DECLARATION OF SYLVIE K. KERN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944-JST, MDL No. 1917

4.    Based on my experience in this litigation, other class actions, and specifically other direct or indirect-purchaser antitrust actions, I can state without reservation that this action from inception has proceeded in a most organized and effective manner.  From the very beginning, a clear plan was in place to review and analyze hundreds of thousands of documents as efficiently as possible; identify and target the key players in the conspiracy; and produce defendant-specific strategies involving detailed, extensive analyses of the strengths and weaknesses of the parties that would ultimately serve as the basis for trial and settlement.

5.    Lead Counsel staffed this case leanly.  Firms were assigned specific roles enabling them as time went by to develop expertise on given topics and given defendants.  This organizational framework enabled us to very quickly locate necessary documentary evidence or witness testimony, and it proved highly effective, particularly during the crucial summary judgment, trial preparation, and settlement phases.

6.    Lastly, thanks to Lead Counsel's management style, which emphasized cooperation and consensus, the team worked extremely well together.  We could rely upon one another.  In addition, we were given clear direction.  At the same time, once given our marching orders we had freedom to work independently.  As a result, I believe we were motivated to produce great work, all to the benefit of the class.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 24th day of October, 2015 at San Francisco, California.


/s/      *Sylvie K. Kern*
Sylvie K. Kern

---

2

ADDITIONAL DECLARATION OF SYLVIE K. KERN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944-JST, MDL No. 1917

# EXHIBIT D

Robert J. Gralewski, Jr. (CA 196410)
KIRBY McINERNEY LLP
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619-398-4340
Email: bgralewski@kmllp.com

*Counsel for Kerry Lee Hall, Daniel Riebow and the
Certified Class of Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944 JST<br>MDL No. 1917 |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **ADDITIONAL DECLARATION OF ROBERT J. GRALEWSKI, JR. IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' REPLY RE: MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS**<br><br>Hearing Date: March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn, JAMS |

1   I, Robert J. Gralewski, Jr., declare as follows:

2   1.   I am an attorney licensed to practice before all state and federal courts in the state of

3   California, and I am a partner at Kirby McInerney LLP ("KM").  I have personal knowledge of the

4   facts stated in this declaration, and if called as a witness, I could and would testify competently to

5   them.  I make this declaration is support of the Indirect Purchaser Plaintiffs' ("IPPs") reply in

6   support of their motion for fees and, in connection with that motion, to offer illustrations that

7   support the fact that the case was run efficiently and by experienced lawyers.

8   A. Antitrust Experience

9   2.   As detailed in my August 4, 2015 Declaration, I was (and still am) one of the lawyers who,

10   at the direction of Lead Counsel, actively litigated all aspects of this case.  I have primarily

11   practiced antitrust law for my entire 17-year legal career.  Among countless other tasks, I have run

12   document reviews, taken depositions, and argued motions in large antitrust cases.  I have also been

13   an active courtroom participant on two antitrust trial teams in cases against Microsoft that each

14   lasted approximately four months and resulted in significant settlements.

15   3.   Headquartered in New York with an office in California, my firm is a prominent plaintiffs'

16   class action law firm.  KM has recovered more than $2 billion for investors in complex securities

17   litigation, including more than $800 million since 2012 alone, including the 21st largest recovery

18   during the prior 20 years (Citigroup; $590 million).  KM also has a robust antitrust practice and

19   was recently appointed lead counsel in two prominent antitrust/market-manipulation proceedings.

20   Consistent with these accomplishments, KM was ranked 7th in the SCAS Top 50 Report and was

21   one of 11 firms identified by Law360 in its inaugural list of the "Most Feared Plaintiff Firms"

22   (which covered the two-year period from July 2011 through July 2013).

23   B. Lead Counsel Managed the CRT Case Efficiently

24   4.   Because I was involved in the day-to-day operations and decisions, I can attest that Lead

25   Counsel ran the CRT case extremely capably and economically.  For example, Lead Counsel was

26   in continual communication with me about the document reviews and deposition preparations I

27   lead throughout the case.  If lawyers were not "up to snuff," they were removed and/or replaced.

28

ADDITIONAL DECLARATION OF ROBERT J. GRALEWSKI, JR. IN SUPPORT OF INDIRECT PURCHASER
PLAINTIFFS' REPLY RE: MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
LITIGATION EXPENSES, AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 JST, MDL No. 1917

1    Although this was rare, it demonstrated to me that Lead Counsel was primarily concerned with

2    having the best teams possible and ensuring top-notch results.  And always mindful of unnecessary

3    lodestar, as projects became more tailored, Lead Counsel constricted the teams.  Throughout

4    discovery and then trial preparation, Lead Counsel's goal was always to have the smallest number

5    of qualified lawyers working on the case to meet whatever challenge we faced.

6        5.   A case in point was Defendants' discovery directed to Plaintiffs.  Lead Counsel assigned

7    all aspects of this part of the case to me and asked me to handle it personally.  Instead of a team of

8    lawyers and support staff from multiple firms working on and billing to the extensive project, I

9    collected documents from each client's lawyers, assembled them, and produced them to

10   Defendants.  I was also responsible for written discovery responses, corresponding and negotiating

11   with defense counsel, meeting with the class representatives, and defending most of their

12   depositions.  When it was necessary, I asked one other experienced lawyer (Lawrence Papale) to

13   defend some of the depositions because the busy schedule did not permit me to handle them all.

14   Throughout this phase of the case I stayed in close contact with Lead Counsel who ensured that the

15   important tasks at hand were being done properly and efficiently without any duplication of effort.

16       6.   In terms of costs, I have never worked on a case where Lead Counsel was more careful to

17   avoid excessive or unnecessary litigation expenses.  Obtaining videos of depositions in preparation

18   for trial illustrates this point perfectly.  First, Lead Counsel instructed me to obtain only the videos

19   that we were sure to use, and he directed me to have multiple conversations with the court

20   reporters' billing departments to ensure that the Class received the best possible price for the

21   videos which, in the end and after numerous telephone calls and emails, it did.  While these videos

22   were a relatively small percentage of the case's overall expenses, this approach was consistent

23   with the way Lead Counsel limited wasteful spending throughout the case on items big and small.

24              C.  Lead Counsel Assembled an Excellent Team of Experienced Lawyers

25       7.   I take serious issue and strongly disagree with the objectors' criticisms concerning the way

26   this litigation was managed.  Unlike objectors who were distracted by other large cases, Lead

27   Counsel was laser-focused on the CRT case and its intricate legal issues from the case's inception

28

ADDITIONAL DECLARATION OF ROBERT J. GRALEWSKI, JR. IN SUPPORT OF INDIRECT PURCHASER
PLAINTIFFS' REPLY RE: MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
LITIGATION EXPENSES, AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 JST, MDL No. 1917

1   to its conclusion.  In addition, Lead Counsel always produced excellent legal briefs, thoughtfully

2   considered the myriad issues that presented themselves throughout, and expertly guided a

3   challenging case to settlements yielding extraordinary results.  Belying the objections, IPPs fended

4   off Defendants' attacks at every turn (numerous motions to dismiss, AGC, FTAIA, class

5   certification, and countless discovery battles) and we headed toward trial with a strong hand.

6   During settlement negotiations, I believe Lead Counsel sought to extract maximum value from the

7   remaining Defendants and did not simply settle for the sake of doing so as I believe one objector

8   would have.  Investing a significant amount of my firm's time and money, I was always highly

9   confident in Lead Counsel's leadership and legal acumen.

10      8.  In addition to Lead Counsel, IPPs' legal team was first-rate and brought significant

11  experience to bear.  From Nate Cihlar (with Straus & Boies) who ably oversaw the incredibly

12  important foreign language team just as he did in the *LCD* case to trial counsel Joe Goldberg, fresh

13  off leading his Urethanes trial team to a $400,000 jury verdict, IPPs' core team included some of

14  the finest antitrust class action lawyers in the country.  On top of this experience, I saw first-hand

15  how the core team worked well together and cooperated effectively with the Direct Purchaser

16  Plaintiffs and the Direct Action Plaintiffs.

17      I declare under penalty of perjury that the foregoing is true and correct.  Executed this 18th

18  day of November, 2015, in San Diego, California.

19

20                              ROBERT J. GRALEWSKI, JR.

21

22

23

24

25

26

27
                                            3
28  ADDITIONAL DECLARATION OF ROBERT J. GRALEWSKI, JR. IN SUPPORT OF INDIRECT PURCHASER
    PLAINTIFFS' REPLY RE: MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF
    LITIGATION EXPENSES, AND INCENTIVE AWARDS
    Case No. 3:07-cv-5944 JST, MDL No. 1917

# EXHIBIT E

Nathan Cihlar
**STRAUS & BOIES, LLP**
4041 University Drive, Fifth Floor
Fairfax, VA 22030
ncihlar@straus-boies.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944-JST<br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **ADDITIONAL DECLARATION OF NATHAN M. CIHLAR IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES**<br><br>Hearing Date:  March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn, JAMS |

I, Nathan M. Cihlar, declare as follows:

1.      I am a partner in the law firm Straus & Boies, LLP.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.  Based on my firm's work in almost every aspect of this case, I make this declaration in support of Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives.

2.      Straus & Boies has extensive experience prosecuting major antitrust cases.  We have served in several large nationwide indirect purchaser class actions as lead counsel (DRAM, MSG, Vitamins) and in other significant roles (LCD, SRAM, Polyester).  Based on my experience, I can state without reservation that Trump Alioto Trump & Prescott ("TATP") ran this case in an efficient and effective manner on par with, if not better than, many other cases in which I have been involved.  Under the stewardship of TATP, IPPs have achieved a result for the class that speaks for itself.

3.      In a case of this magnitude where there is only one lead counsel assigned, organization is imperative.  TATP effectively managed this litigation and met the case needs by identifying and working with a core group of experienced counsel.  A network was established that facilitated the constant exchange of information and routed assignments to firms depending on who was in the best position to assist.  From beginning to end, firms were called upon to fill roles within their expertise.  The management system ensured that each assignment was done efficiently and that the overall strategy was being deployed.

4.      A core group of firms was established to help TATP streamline assignments, take on important management roles and to help analyze the most critical issues in the case.  This group included Straus & Boies, Kirby McInerney, Zelle Hofmann and KAG Law Group, among others.  As a member of this team, Straus & Boies was given assignments that required us to facilitate communication among the IPP firms and with other parties.  As foreign discovery chair, my firm was often called upon to provide crucial information to lead and other counsel for various aspects at each stage of the litigation - a role similar to the one we served in the LCD litigation.  In

ADDITIONAL DECLARATION OF NATHAN M. CIHLAR IN SUPPORT OF PLAINTIFFS'
MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND
INCENTIVE AWARDS TO CLASS REPRESENTATIVES

1  addition to this role as foreign discovery chair and as discussed in detail in my declaration dated

2  September 21, 2015, my firm had a significant role in discovery, briefing, pre-trial, trial

3  preparation, settlement, and post-settlement requiring that we be in constant communication with

4  TATP and co-counsel.  I can attest that at each stage of the litigation, TATP managed this case

5  diligently, worked tirelessly in the interests of the class and maintained a strong support system in

6  which information effectively flowed to IPP counsel as needed.

7       5.    Ultimately, the task of negotiating a settlement of the magnitude and complexity of

8  this case takes considerable time, patience and effort.  Such settlements are borne from a lengthy

9  and nuanced negotiation process involving often contentious communications.  Throughout, TATP

10  and the core group never wavered in its assessment of the case and its determination to ensure the

11  best possible result for the class.   Despite varying interests of other parties involved and the

12  immense pressure to settle for less, the IPP team stood strong and achieved a truly incredible

13  result.

14       6.    I can speak firsthand to the extraordinary skills demonstrated by Lead Counsel and

15  the other attorneys called upon throughout this litigation.

16       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 18th

17  day of November, 2015, in Fairfax, VA.

18                      _____

19                           Nathan M. Cihlar

20

21

22

23

24

25

26

27

28

ADDITIONAL DECLARATION OF NATHAN M. CIHLAR IN SUPPORT OF PLAINTIFFS'
MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND
INCENTIVE AWARDS TO CLASS REPRESENTATIVES
Case No. 3:07-cv-5944-JST, MDL No. 1917

# EXHIBIT F

1  DIANE E. PRITCHARD (State Bar No. 96999)
   VOGL MEREDITH BURKE LLP
2  456 Montgomery Street, 20th Floor
   San Francisco, California 94104
3  Telephone: (415) 398-0200
   Facsimile: (415) 398-2820
4  dpritchard@vmbllp.com

5  *Counsel for Indirect Purchaser Plaintiffs*

6

7

8                 **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                **SAN FRANCISCO DIVISION**

11 | **IN RE: CATHODE RAY TUBE (CRT)** | Case No. 3:07-cv-5944-JST
   | **ANTITRUST LITIGATION** | MDL No. 1917
12 |
13 |                                   | **CLASS ACTION**

14 | This Document Relates to:         | **ADDITIONAL DECLARATION OF DIANE E.**
   |                                   | **PRITCHARD  IN SUPPORT OF PLAINTIFFS'**
   |                                   | **APPLICATION FOR ATTORNEYS' FEES,**
15 | All Indirect Purchaser Actions    | **EXPENSES AND INCENTIVE AWARDS**

16 |                                   | Hearing Date:  March 15, 2016
   |                                   | Time: 2:00 p.m.
17 |                                   | Judge: Honorable Jon S. Tigar
   |                                   | Court: Courtroom 9, 19th Floor
18 |                                   | Special Master: Martin Quinn, JAMS

19

20

21

22

23

24

25

26

27

28

1    I, Diane E. Pritchard, declare as follows:

2        1.        I am an attorney licensed to practice before the courts of the State of California, am

3    admitted to the bar of this Court, and am a partner in the law firm Vogl Meredith Burke LLP.  I

4    have personal knowledge of the facts stated in this declaration and, if called as a witness, I could

5    and would testify competently to them.  I make this additional declaration in support of Indirect

6    Purchaser Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

7        2.        I have been in practice, as a litigator, for nearly 35 years, including as a partner at a

8    large firm (Morrison & Forester), as a Special Counsel at another large firm (O'Melveny &

9    Myers), and as a partner in a small litigation firm I founded in Los Angeles and now in the firm of

10   Vogl Meredith Burke LLP in San Francisco.  I have been litigating antitrust, class action, and other

11   complex litigation matters for much of my career, on both the defendant and the plaintiff sides.

12   Based on my experience litigating these cases over many years, I can say that the IPP class counsel

13   team of which I have been a part on this case has worked extraordinarily efficiently, cohesively,

14   and enthusiastically under the leadership of Lead Counsel Mario Alioto and his firm.

15       3.        Each firm or attorney was assigned particular tasks or areas, based on their

16   expertise and abilities, whether developing the factual record, analyzing the law, drafting or

17   opposing motions, pursuing written or deposition discovery, or trial preparation.  I was assigned

18   the primary responsibility for the IPPs of merits depositions of two defendant groups, and in that

19   role I relied upon the work of the teams of attorneys analyzing the defendants' and other

20   documents (including foreign language documents), marshalling the facts, and analyzing

21   applicable law, in the preparation for and taking of depositions in my assigned area.  The attorneys

22   and firms on the IPP class counsel team with whom I worked were universally dedicated,

23   resourceful, willing and able to do whatever needed to be done whenever it needed to be done, and

24   unstinting in their support for the other team members, in our shared effort to obtain the best

25   possible result for the IPP class.  Moreover, once I had developed expertise in my particular area,

26   by being the point person for the IPPs on the depositions of witnesses in two of the defendant

27   groups, I was called upon to contribute my knowledge thus gained and expertise to a variety of

28

1

DECLARATION OF DIANE E. PRITCHARD IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944-JST, MDL No. 1917

1    related tasks, including providing information and documents for depositions of other witnesses,

2    participating in opposing motions for summary judgment, gathering evidence for the experts, and

3    identifying and designating witnesses, documents, and deposition testimony for trial.

4         4.       Throughout, the watchword was efficiency and non-duplication of effort.  I

5    understood very clearly from Lead Counsel and his firm members that each team member was

6    assigned particular tasks and roles, and we were to be undertaking only those tasks assigned, and

7    relying on other team members as needed for their expertise and work.  The direction,

8    management, and organization coming from Lead Counsel and his firm was of the highest quality,

9    and it resulted in an extraordinarily efficient marshalling of resources and division of labor among

10   the various firms and attorneys contributing to the effort.  I believe this encouraged the teamwork

11   that led to the excellent litigation effort and results in this case.

12        I declare under penalty of perjury that the foregoing is true and correct.  Executed this 27th

13   day of October, 2015, in San Francisco, California.

14                           /s/ Diane E. Pritchard
                             Diane E. Pritchard

DECLARATION OF DIANE E. PRITCHARD IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944-JST, MDL No. 1917

# EXHIBIT G

Jennie Lee Anderson (SBN 203586)
ANDRUS ANDERSONLLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Facsimile: (415) 986-1474
jennie@andrusanderson.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **CLASS ACTION**<br><br>**ADDITIONAL DECLARATION OF JENNIE LEE ANDERSON IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS**<br><br>Hearing Date:  March 15, 2016<br>Time: 2:00 p.m.<br>Judge: Honorable Jon S. Tigar<br>Court: Courtroom 9, 19th Floor<br>Special Master: Martin Quinn, JAMS |

I, Jennie Lee Anderson, declare as follows:

1.      I am an attorney licensed to practice before this Court and the courts of the State of California.  I am a partner at the law firm of Andrus Anderson LLP in San Francisco, California.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.  I make this additional declaration in support of Indirect Purchaser Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards.

2.      Prior to co-founding the law firm of Andrus Anderson LLP in 2007, I practiced complex and class litigation at the San Francisco offices of Lieff Cabraser Heimann & Bernstein LLP and Robbins Geller Rudman & Dowd LLP.  I have extensive experience representing plaintiffs in antitrust, class action and other complex cases.  As court-appointed co-lead counsel, I have managed multiple state and nationwide class actions, resulting in significant recoveries for the classes.  I have also played an active role and worked cooperatively with co-counsel in complex antitrust matters, including, most recently, *In re Lithium Ion Batteries Antitrust Litigation,* where I serve as Liaison Counsel for the Indirect Purchaser Plaintiffs, *In re TFT-LCD (Flat Panel) Antitrust Litigation, In re Transpacific Passenger Air Transportation Antitrust Litigation*, and *In re Domestic Drywall Antitrust Litigation*.

1.      I have been counsel of record on behalf of Indirect Purchaser Plaintiffs ("IPPs") in this case since 2008.  During that time, I have played a core role in the litigation.  For example, my firm handled discovery against the five Hitachi Defendants on behalf of the IPPs.   This included taking the lead in approximately fifteen (15) executive depositions, second chairing additional depositions, drafting and arguing motions, and conducting negotiations relating to all discovery and litigation matters relating to those defendants.  I have worked closely with the other plaintiffs groups in this case at the direction of Lead Counsel to maximize efficiencies and conserve class resources.  I also supervised discovery teams, drafted sections of dispositive and core motions, and assisted in trial preparation and developing settlement strategies.  *See also,*

ADDITIONAL DECLARATION OF JENNIE LEE ANDERSON IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS

Case No. 3:07-cv-5944-JST, MDL No. 1917

1    *generally,* Declaration of Jennie Lee Anderson in Support of Plaintiffs' Application for

2    Attorneys' Fees, Expenses, and Incentive Awards.

3          2.     During the course of my involvement in the case, I have worked closely with Lead

4    Counsel and the other plaintiffs' counsel who were actively involved in the case.  Based on my

5    experience litigating class actions and working with co-counsel across the country in multiple

6    antitrust and consumer class actions, I can attest that Lead Counsel has organized and managed

7    the prosecution of this case in an effective manner without compromising quality and vigor

8    wherever needed to advance the interests of the class.

9          3.     From the outset, Lead Counsel analyzed and pursued the most efficient means of

10   litigation, identifying the specific strengths of the firms and attorneys on the case, working

11   cooperatively with other plaintiffs' groups, and applying the latest technologies available to them.

12   Lead Counsel also inspired a sense of team work, which drove members to litigate at the highest

13   level of performance and step in to assist the team whenever needed.   I have been extremely

14   impressed with Lead Counsel's management of the case throughout.

15        I declare under penalty of perjury that the foregoing is true and correct.  Executed this

16   26th day of October, 2015 at San Francisco, California.

17

18                    /s/    *Jennie Lee Anderson*

19                        Jennie Lee Anderson

20

21

22

23

24

25

26

27

                                   2

28   ADDITIONAL DECLARATION OF JENNIE LEE ANDERSON IN SUPPORT OF PLAINTIFFS' APPLICATION
      FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
      Case No. 3:07-cv-5944-JST, MDL No. 1917

# EXHIBIT H

Daniel E. Birkhaeuser (SBN 136646)
**BRAMSON, PLUTZIK, MAHLER
& BIRKHAEUSER LLP**
2125 Oak Grove Road, Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
dbirkhaeuser@bramsonplutzik.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Case No. 3:07-cv-5944-JST<br>MDL No. 1917<br><br>**CLASS ACTION** |
| This Document Relates to:<br><br>All Indirect Purchaser Actions | **ADDITIONAL DECLARATION OF DANIEL E. BIRKHAEUSER IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>**Hearing Date:   March 15, 2016**<br>**Time:               2:00 p.m.**<br>**Judge:             Honorable Jon S. Tigar**<br>**Court:             Courtroom 9, 19th Floor**<br>**Special Master:  Martin Quinn, JAMS** |

1    I, DANIEL E. BIRKHAEUSER , declare as follows:

2        1.      I am an attorney licensed to practice before the courts of California, and a partner in

3    the law firm Bramson, Plutzik, Mahler & Birkhaeuser, LLP.  I have personal knowledge of the

4    facts stated in this declaration and, if called as a witness, I could and would testify competently to

5    them.

6        2.      I have practiced law for 27 years.  The bulk of my practice has been devoted to

7    antitrust and other class action matters.  I began practicing at the law firm of McCutchen, Doyle,

8    Brown and Enersen, where I represented defendants in class action cases.  For the last 20 years, I

9    have exclusively represented plaintiffs.  I currently serve in leadership positions in indirect

10   purchaser antitrust cases and have done so in the past.  I have also held positions of responsibility,

11   even where not lead counsel, as I did in this matter.  Based upon my experience, I believe that this

12   case was managed in an efficient and practical manner.  I also believe that the manner in which the

13   case was organized avoided unnecessary duplication of efforts.

14       3.      For example, once documents had been produced by Defendants, Lead Counsel

15   organized several document review teams to search for and review documents relating to specific

16   issues that were material to Plaintiffs' case in chief.  These specific issues were discussed and

17   vetted in advance.  The issues were discrete and did not overlap.  Lead Counsel appointed

18   experienced law firms to manage each of the review teams.  Those firms performed searches of the

19   document database and managed the groups of attorneys that reviewed and coded documents.

20   Ultimately, each team produced a lengthy memo documenting the results of their findings.  These

21   memos later proved extremely useful in preparing additional discovery to the Defendants,

22   responding to discovery propounded by Defendants, and drafting briefs to be filed with the Court.

23   Because the issues were discrete, there was little to no overlap in the work that each team

24   performed.  Because Lead Counsel appointed experienced lawyers to review documents and

25   manage the teams' progress, the work was accomplished efficiently.  In my opinion, this was a

26   very efficient way to quickly review a massive database ultimately containing approximately eight

27   million pages of documents, and to produce work product that could be used for many purposes as

28

1

ADDITIONAL DECLARATION OF DANIEL E. BIRKHAEUSER IN SUPPORT OF INDIRECT PURCHASER
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
Case No. 3:07-cv-5944-JST, MDL No. 1917

1    the case progressed.

2        4.    Lead Counsel also assigned experienced law firms to manage the Indirect Purchaser

3    Plaintiffs' case against each Defendant (or Defendant group).  In my opinion, this was another

4    very efficient way manage a large case with many defendants.  In consultation with Lead Counsel,

5    each appointed firm was responsible for propounding discovery, identifying witnesses for

6    deposition, reviewing appropriate documents, taking depositions, and preparing motions relating to

7    its assigned Defendant.  This permitted one firm to become the "expert" on a given Defendant

8    group, to communicate with Lead Counsel as to the evidence obtained for a particular purpose, and

9    to collaborate with other Defendant teams only when necessary.

10        5.    For example, Lead Counsel appointed my firm to be responsible for the Toshiba

11    Defendants (this included Toshiba Corporation, and its subsidiaries and affiliated companies in the

12    United States and abroad).  Zelle Hofmann Voelbel & Mason LLP undertook responsibility,

13    among other things, for the Matsushita/Panasonic Defendants.  As the facts in the case

14    demonstrated, Toshiba formed a joint venture with Matsushita in 2003 called Matsushita Toshiba

15    Picture Display Company ("MTPD").  Some important witnesses in the case thus began their CRT

16    careers with Toshiba and later became employees of the joint venture.   My firm collaborated with

17    the Matsushita/Panasonic team extensively, especially with respect to selecting deponents and

18    taking depositions of these "cross-over witnesses."  The collaboration proved to be an extremely

19    efficient way to obtain evidence from witnesses that worked for multiple Defendants.  Each firm

20    knew what evidence had already been obtained for its assigned Defendant group and what

21    evidence was still necessary to obtain.  No law firm had to review prior discovery conducted by

22    others to make that determination.

23        6.    Lead Counsel also organized an incredibly efficient foreign language team lead by

24    the law firm of Straus & Boies, LLP  when it was determined that many of the important

25    documents produced by Defendants were written in Chinese, Japanese, Taiwanese and other

26    foreign languages.  The foreign language team interfaced with the attorneys responsible for

27    Defendant groups and assisted in identifying potential deponents and reviewing documents for use

28

2

ADDITIONAL DECLARATION OF DANIEL E. BIRKHAEUSER IN SUPPORT OF INDIRECT PURCHASER
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES
Case No. 3:07-cv-5944-JST, MDL No. 1917

1    as exhibits.  The foreign language team was a powerful resource in preparing for depositions.  The

2    team provided rough translations of documents that appeared interesting and performed foreign

3    language searches for potential witnesses and issues. The team arranged for certified translations

4    of documents for use in depositions, and kept track of documents sent for translation to avoid

5    duplication.  They also communicated with the various Defendant groups as to background and

6    other information that was discovered in performing the searches.  This is a daunting task in any

7    case involving foreign language documents, but it was performed with efficiency and skill in this

8    matter.

9          7.        Obtaining discovery from Toshiba was difficult.  Several important witnesses had

10   left Toshiba's employ, and Toshiba asserted that certain laws in Japan precluded it from providing

11   information necessary to locate them.  Ultimately, we took 12 depositions of Toshiba employees or

12   former employees, including depositions under Federal Rule of Civil Procedure 30 (b)(6).

13   However, the key deposition did not occur until very late in the case, when we took the deposition

14   of Tomoyuki Kawano, a former Toshiba employee.  The deposition actually took place after the

15   close of discovery, because a motion to compel was required to obtain his deposition.  Mr.

16   Kawano was the most senior Toshiba executive that Plaintiffs deposed, and his deposition was the

17   last of the Toshiba witness depositions.  The deposition, which commenced on October 27, 2014,

18   resulted in testimony that was favorable to Plaintiffs' case and helpful in overcoming Toshiba's

19   defenses.  Two representatives of Toshiba Corporation attended Mr. Kawano's deposition in

20   addition to outside counsel.  I believe that it would not have been possible to achieve the

21   $30,000,000 settlement with Toshiba until the Kawano deposition was concluded.

22          I declare under penalty of perjury that the foregoing is true and correct.  Executed this 18th

23   day of November, 2015, in Walnut Creek, California.

26                                                                Daniel E. Birkhaeuser

# EXHIBIT I

1   CRAIG C. CORBITT (83251)
    CHRISTOPHER T. MICHELETTI (136446)
2   JUDITH A. ZAHID (215418)
    QIANWEI FU (242669)
3   ZELLE HOFMANN VOELBEL & MASON LLP
    44 Montgomery Street, Suite 3400
4   San Francisco, CA 94104
    Telephone: (415) 693-0700
5   Facsimile:  (415) 693-0770
    ccorbitt@zelle.com
6   cmicheletti@zelle.com
    jzahid@zelle.com
7   qfu@zelle.com

8   *Counsel for Indirect Purchaser Plaintiffs*

9

10                   **UNITED STATES DISTRICT COURT**

11                  **NORTHERN DISTRICT OF CALIFORNIA**

12                      **SAN FRANCISCO DIVISION**

13  | **IN RE: CATHODE RAY TUBE (CRT)** | Case No. 3:07-cv-5944-JST |
    | **ANTITRUST LITIGATION** | MDL No. 1917 |
14

15                                         **CLASS ACTION**

16  This Document Relates to:              **ADDITIONAL DECLARATION OF**
                                           **CHRISTOPHER T. MICHELETTI IN**
17  All Indirect Purchaser Actions         **SUPPORT OF PLAINTIFFS' APPLICATION**
                                           **FOR ATTORNEYS' FEES, EXPENSES AND**
18                                         **INCENTIVE AWARDS**

19                                         Hearing Date:  March 15, 2016
                                           Time: 2:00 p.m.
20                                         Judge: Honorable Jon S. Tigar
                                           Court: Courtroom 9, 19th Floor
                                           Special Master: Martin Quinn, JAMS
21

22

23

24

25

26

27

28

I, Christopher T. Micheletti, declare as follows:

1.      I am an attorney licensed to practice before the courts of the State of California, the United States District Courts for the Northern and Central Districts of California, and the United States Courts of Appeal for the Sixth, Seventh and Ninth Circuits.  I am a partner in the law firm Zelle Hofmann Voelbel & Mason LLP ("Zelle").  I make this declaration based upon my own personal knowledge, based upon a review of the time, expense and other records of Zelle, and based upon a review of the docket, pleading and other filings in this matter.  I make this supplemental declaration in support of indirect purchaser plaintiffs' attorneys' and my firm's request for attorneys' fees and reimbursement of litigation expenses.

2.      My firm is counsel of record in this case, and represents court-appointed class representative plaintiff Kerry Lee Hall, as well as named plaintiffs Michael Juetten and Chad Klebs.

3.      During the course of this litigation, my firm has been involved in extensive tasks and activities on behalf of the indirect purchaser plaintiffs ("IPPs").  Many of these tasks are described in my Declaration in Support of Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards (Doc. No. 4073-3), filed September 23, 2015 ("Micheletti Decl."), paragraphs 6 - 35.

4.      In general, Zelle's roles in this litigation included advising and assisting Lead Counsel, from the outset of the case through 2015, with the overall case strategy and direction; handling key elements of defendants' pleading motions, including oral argument; major responsibilities for electronic or E-discovery, including discovery-related protocols and database processes; supervision and pursuit of defendant and third party transactional data and related discovery; primary responsibility, with Lead Counsel, for virtually all aspects of the class certification proceedings in this matter, including expert work, briefing and oral argument; taking numerous Rule 30(b)(6) and fact/merits depositions of a major defendant group; primary responsibility, with Lead Counsel, for all the expert work in the case, including IPPs' and defendants' class certification reports, merits reports and expert discovery; and, significant roles in

1   preparation for trial.

2       5.      In connection with performing the above tasks, Zelle attorneys worked extensively

3   with numerous firms and their attorneys representing the IPPs, including, among others, Lead

4   Counsel, Trump, Alioto, Trump & Prescott, LLP, and a core group of supporting firms that

5   included Zelle, Kirby McInerney, LLP and Straus & Boies, LLP.  Based upon my experience in

6   IPP cases, the work assignments handled by my firm and other IPP counsel were handled

7   efficiently, cooperatively and cohesively.  In addition, my firm was involved in efforts to work

8   collaboratively and efficiently with the direct purchaser plaintiffs' ("DPPs") counsel (*i.e.*, while

9   DPPs were active in the case), and with the direct action plaintiffs' ("DAPs") counsel, in order to

10  avoid duplicative work and litigate the case efficiently for the IPPs.  Based upon my experience in

11  IPP cases, IPP counsel were successful in increasing case efficiency through their efforts to work

12  collaboratively with other plaintiff groups.

13      6.      Lead Counsel assigned major litigation tasks in this case to my firm—including, but

14  not limited to, the work described in paragraphs 3 and 4 above—based upon the specific

15  experience, special knowledge and expertise Zelle possessed in specific areas based on work in

16  prior cases, including, but not limited to, *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, No. M

17  07-1827 SI, MDL No. 1827, N.D. Cal. (the "*LCDs Case*"), *In re Static Random Access Memory*

18  *(SRAM) Antitrust Litigation*, MDL No. 1819, N.D. Cal.  (the "*SRAM Case*") and the *Microsoft I-V*

19  *Cases*, J.C.C.P. No. 4106 (San Francisco Super. Ct.).  As a result, from May 2008 to March 2015,

20  Lead Counsel repeatedly and extensively conferred with Zelle regarding Zelle experiences and

21  successful strategies employed in the *LCDs Case* and other indirect purchaser cases involving

22  electronic component price-fixing claims.  By so doing, Lead Counsel made efficient and effective

23  use of extensive and unique experience and valuable strategic insights Zelle possessed and that

24  would prove highly beneficial to the IPP classes and case prosecution, from the case inception to

25  final resolution.  *See also* Micheletti Decl. ¶¶9, 11, 15, 26, 28 and 30 (referencing use of Zelle

26  prior case experience).

27

28

1       I declare under penalty of perjury that the foregoing is true and correct.  Executed this the

2   2nd day of November 2015, in San Francisco, California.

3                                    */s/Christopher T. Micheletti*

4                                      Christopher T. Micheletti

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944-JST, MDL No. 1917

# EXHIBIT J

1
2
3
4
5

**LOVELL STEWART HALEBIAN AND JACOBSON LLP**
**61 Broadway, Suite 501**
**New York, New York 10006**
**212-608-1900**

*Counsel for Indirect Purchaser Plaintiffs*

6  **UNITED STATES DISTRICT COURT**

7  **NORTHERN DISTRICT OF CALIFORNIA**

8  **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 9 **IN RE: CATHODE RAY TUBE (CRT)**<br>10 **ANTITRUST LITIGATION**<br>11<br>12 ————————————————————<br>13 This Document Relates to:<br>14 All Indirect Purchaser Actions<br>15<br>16<br>17 | Case No. 3:07-cv-5944<br>MDL No. 1917<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL DECLARATION OF**<br>**KEITH ESSENMACHER IN SUPPORT OF**<br>**INDIRECT PURCHASER PLAINTIFFS'**<br>**MOTION FOR ATTORNEYS' FEES,**<br>**REIMBURSEMENT OF LITIGATION**<br>**EXPENSES AND INCENTIVE AWARDS TO**<br>**CLASS REPRESENTATIVES**<br><br>Judge:  Honorable Samuel Conti<br>Courtroom One, 17th Floor |

18
19
20
21
22
23
24
25
26
27
28

I, Keith Essenmacher, declare as follows:

1.    I am an attorney licensed to practice before the courts of State of Michigan and Eastern District of Michigan, and a PARTNER in the law firm LOVELL STEWART HALEBIAN AND JACOBSON LLP.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.  I make this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in Indirect Purchasers Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses and Incentive Awards to Class Representatives.

2.    My firm is counsel of record in this case, and represents named plaintiff LISA REYNOLDS.  A brief description of my firm's resume, including a detailed description of all Attorneys qualifications that had worked on this case is attached as Exhibit 1 and incorporated herein by reference.

3.    Throughout the course of this litigation, my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred, and transmitted those reports on a regular basis to Lead Counsel.  All of the time and expenses reported by my firm were incurred for the benefit of the Indirect Purchaser Plaintiffs ("IPPs").

4.    During the course of this litigation, my firm has been involved in the following tasks and activities on behalf of the IPPs.  All of this work was assigned and/or approved by Lead Counsel.

A. More than 70 percent of the hours of professional services that Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") performed on behalf of the Class were devoted to document review and deposition preparation.  Also, Lovell Stewart performed professional services for the drafting of the initial complaints, was included in the proposed leadership in the case, and later performed significant services in connection with Plaintiffs' opposition to the motions to dismiss, Plaintiffs' class certification motion and reply papers, and other discovery and pre-trial matters.  A roughly

1

SUPPLEMENTAL DECLARATION OF KEITH ESSENMACHER IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES

MDL 3:07-md-1827 SI

chronological, more detailed description of the professional services performed by Lovell Stewart is as follows.

B.  At the outset, Lovell Stewart researched Defendants, investigated their related companies, and searched for facts supporting antitrust violations by Defendants and resulting impact on indirect purchasers.  Based thereon, Lovell Stewart drafted and filed initial complaints. Later, Lovell Stewart participated in the strategy sessions, performed investigation, and drafted language for various allegations in the amended and consolidated complaints filed in this action.

C.  Lovell Stewart conducted legal research on the service of process on foreign defendants.  We participated in conferences regarding that research with proposed co-lead counsel.  And we researched indirect purchaser issues under various States' laws.

D.  Lovell Stewart researched and drafted a motion for the JPML for consolidation and transfer, with particular emphasis on FTAIA issues.  Lovell Stewart appeared and argued before the JPML on the consolidation and transfer motions.

E.  After this Court appointed lead counsel, Lovell Stewart performed all subsequent services at the direction of such lead counsel.  One of the first assignments was to investigate Defendants.  We researched their corporate structures.  We gathered extensive company information from SEC filings, Bloomberg's, and numerous websites.  We formulated a list of potential deponents.

F.  Also after the Court appointed leadership, Lovell Stewart was assigned to and did research and prepare discovery requests.  This included subpoenas, interrogatories, request for admissions, and requests to produce.  Thereafter, Lovell Stewart likewise reviewed, correlated and dealt with the responses to these requests.

G.  Far more than any other task we performed in this case, Lovell Stewart was assigned to and did review, code documents, and distill them for use in depositions.  This included the review, translation, coding and preparation for use at depositions of Japanese

SUPPLEMENTAL DECLARATION OF KEITH ESSENMACHER IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES
Case No. 3:07-cv-5944 SC, MDL No. 1917

documents.  It included locating documents for deponents.  It included the preparation of exhibits for deposition and trial, such as emails, charts, meeting agendas, and presentations.  It included the review and distillation for use at deposition of documents from multiple other Defendants, non-parties and other sources.

H.  Lovell Stewart also participated and was instrumental in Plaintiffs' general document review effort in this action.  This included the initial choice, subsequent implementation, and effective use by all counsel of document coding software.  We set up coders' computers for document review.  We answered document coders' questions. We solved interface and computer problems that arose during document review.

I.  Lovell Stewart researched and prepared the response to certain arguments made by Defendants in their motions to dismiss, and strategized with co-lead counsel on related issues on the motions to dismiss. This included researching and drafting a response to a motion to dismiss specific indirect purchaser State statutory claims as well as common law unjust enrichment claims.  We participated in strategy conferences with leadership, helped prepare for oral argument on Defendants' motion to dismiss and at a case management conference before the Court.  Thereafter, we communicated with lead counsel, where we gave our input on plaintiffs' discovery program, trial preparation and other issues.

J.  Lovell Stewart gathered documents and other information sought by Defendants in discovery from named Plaintiffs.  We drafted discovery responses to Defendants' discovery requests to Plaintiffs.  We prepared clients for and represented them at depositions.  For example, Lovell Stewart represented its client, Lisa Reynolds, at her deposition in Grand Rapids Michigan.  Mrs. Reynolds was among those certified as a class representative Plaintiff herein.

K.  Lovell Stewart strategized and attended meetings and conference calls with lead counsel regarding the class certification motion, class certification experts, and specific

---

SUPPLEMENTAL DECLARATION OF KEITH ESSENMACHER IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES
Case No. 3:07-cv-5944 SC, MDL No. 1917

class certification issues.  We participated in strategy sessions with lead counsel and the experts for, and otherwise gave our input on the overall strategy for the class certification motion and reply brief.   Also, we gave our input on numerous specific class certification issues, e.g., tracking monitor manufacturers who used CRT from Defendants, production capacity, production utilization, etc.

L.   Lovell Stewart prepared for the Indirect Purchaser Plaintiffs' F.R.Civ.P. Rule 30(b)(6) depositions of the Defendants Corporation.  Here, our preparation included review of documents and materials, review of other transcripts, and communicating with co-lead counsel about pertinent testimony that had occurred prior to these depositions.

M.   Finally, Lovell Stewart conferred with its clients on developments in the case, including settlements and decisions by the Court.  And we prepared our named class representative for trial testimony by mock questioning and interviews.

5.      The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary of the amount of time spent by my firm's partners, attorneys and professional support staff who were involved in this litigation.  It does not include any time devoted to preparing this declaration or otherwise pertaining to the Joint Fee Petition.  The lodestar calculation is based on my firm's historical billing rates in effect at the time services were performed and current rates are on a separate table.  Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by my firm.  Those records have been provided to Lead Counsel and I authorize them to be submitted for inspection by the Court if necessary.  The hourly rates for my firm's partners, attorneys and professional support staff included in Exhibit 2 were at the time the work was performed the usual and customary hourly rates charged for their services in similar complex litigation and the current rates of the firm.

6.      The total number of hours reasonably expended on this litigation by my firm from inception to May 31, 2015 is 7350.0 hours.  The total lodestar for my firm at historical rates is $3,194,982.50.  The total lodestar for my firm at current rates is $3,520,882.35.  Expense items are

SUPPLEMENTAL DECLARATION OF KEITH ESSENMACHER IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES

Case No. 3:07-cv-5944 SC, MDL No. 1917

1  billed separately and are not duplicated in my firm's lodestar.

2        7.     The expenses my firm incurred in litigating this action are reflected in the books

3  and records of my firm. These books and records are prepared from expense vouchers, invoices,

4  receipts, check records and other source materials and accurately reflect the expenses incurred.

5  My firm's expense records are available for inspection by the Court if necessary.

6        8.     My firm incurred a total of $172,571.59 in unreimbursed expenses, all of which

7  were reasonable and necessary for the prosecution of this litigation.  Of this amount, $125,000.00

8  was for assessment payments for common litigation expenses or direct payments to experts or

9  other vendors made at the request of Lead Counsel, and an additional $47,571.59 was for non-

10 common litigation expenses incurred by my firm, such as travel, meals and lodging, copying, legal

11 research, telephone, etc.  A summary of those expenses by category is attached as Exhibit 3.

12

13       I declare under penalty of perjury that the foregoing is true and correct.  Executed this 12th

14 day of November, 2015, in Rockford, Michigan.

15                                          /s/

16                                      [SIGNATURE]

17                                Keith Essenmacher

18                                LOVELL STEWART HALEBIAN AND
                                  JACOBSON LLP

19                                61 Broadway, Suite 501
                                  New York, New York 10006

20                                212-608-1900

21

22

23

24

25

26

27

28
SUPPLEMENTAL DECLARATION OF KEITH ESSENMACHER IN SUPPORT OF INDIRECT PURCHASER
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND
INCENTIVE AWARDS TO CLASS REPRESENTATIVES
Case No. 3:07-cv-5944 SC, MDL No. 1917

Exhibit 1

**EXHIBIT 1**

**LOVELL STEWART HALABIAN AND JACOBSON LLP FIRM RESUME**

  Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") and its predecessors (collectively the "Firm") have been privileged to have been appointed to serve as class counsel and prosecute complex actions since 1980.  *See* www.lshllp.com (Firm website).

  Lovell Stewart is the premier class action law firm prosecuting claims involving commodity manipulation and price fixing, and exchange related antitrust claims.  To the best of Lovell Stewart's knowledge, the Firm is the **first** and **only** plaintiffs' law firm to do any of the following: (a) argue to the United States Supreme Court successfully to uphold the private right of action under the Commodity Exchange Act, 7 U.S.C §1, *et seq.* ("CEA"); (b) try a CEA manipulation claim successfully; (c) argue successfully for class certification of such claim in a Court of Appeals; and (d) argue for and successfully establish the viability of CEA manipulation allegations from the time that the claim itself arguably did not exist until its well-accepted status today.  *See infra.*

  The Firm believes that the best indicator of an attorney's experience serving as class counsel, is the net recovery to the client that the attorney produces.  The Firm believes that lesser indicators of such attorney experience include the following: (1) the amounts of the class action settlements the attorney produces relative to other such settlements under the same statute;(2) the difficulty or complexity of the cases handled; and (3) whether the attorney's work on behalf of the class has contributed significantly to the development of the law.

  <u>**The Net Recovery to the Client**</u>.  Reportedly, the amount of recovery in financial class actions varies, but averages approximately 5-10 percent of class member losses.

  The Firm, as court-appointed lead or co-lead counsel for the class, has succeeded in obtaining (so far) **seven** different class action settlements that recovered, after deduction for all costs and attorneys' fees, **100¢** on each dollar of losses[1] of each claiming class member:

- *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 471 (S.D.N.Y.  1998);
- *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999);
- *Blatt v. Merrill Lynch Fenner& Smith Inc.*, 94 Civ. 2348 (JAG) (D.N.J.);
- *In re Soybeans Futures Litig.*, 89 Civ. 7009 (CRN) (N.D. Ill.);
- *In re BP Propane Indirect Purchaser Antitrust Litig.*, 06-cv-3541 (JBZ)(N.D. Ill.);
- *Kaplan v. E.F. Hutton Group, Inc., et al.*, Civ. No. 88-00889 (N.Y. Sup.  Ct.); and
- *Krome v. Merrill Lynch and Co., Inc.,*85-cv-765 (DNE)(S.D.N.Y.).

---

[1] "Losses" means single, actual damages, exclusive of trebling and also exclusive of any prejudgment interest.

**Gross Recoveries Relative to Other Settlements Under The Same Statute**.  Three of the above mentioned settlements represented, at the time the settlement was made, the **largest** class action settlement in the history of the law under which the claim was brought.  These were, respectively, the federal antitrust laws,[2] the CEA[3] and the Investment Company Act, 15 U.S.C. §80a-1, *et seq.*[4] Also, one of the Firm's senior partners was a court-appointed member of the Executive Committee in the price-fixing case which obtained what was then the second largest class action settlement in the history of the federal antitrust laws.[5]

And the Firm, as court-appointed sole lead or co-lead counsel for classes alleging commodity futures manipulation, has produced what were and still are the largest[6], the second largest[7], the third largest[8] and the fourth largest[9] class action recoveries in the history of the CEA.

Further, the Firm has been privileged to serve as court-appointed class counsel in antitrust cases in which billions of dollars have been recovered[10] and has also acted as an executive member in antitrust or non-CEA manipulation class actions in which significant settlements have been achieved.  *Compare In re TFT-LCD (Flat Panel) Antitrust Litig.*, Case No., MDL 1827 (N.D. Cal.) (settlements in excess of $1.1 billion) *with In re IPO Securities Litig.*, 21 MC 92 (S.D.N.Y.) ($586,000,000 in settlements).

---

[2]*See NASDAQ*, 187 F.R.D. at 471 ("this all-cash settlement [for $1,027,000,000], achieved through 'four years of hard-fought litigation,' apparently is the largest recovery (class action or otherwise) in the hundred year history of the state and federal antitrust laws.").

[3]*Sumitomo*, 74 F. Supp. 2d at 395 ("The recovery is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act").

[4]*Blatt*, 94 Civ. 2348 (JAG) (D.N.J.) ("by far the largest settlement" of class action claims under the Investment Company Act, *Securities Class Action Alert* letter dated August 17, 2000).

[5]*In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897 (N.D. Ill.) ($696,657,000 plus other relief was obtained.)

[6]*Sumitomo*, 74 F. Supp. 2d at 395 (the Firm acted as sole lead counsel).

[7]*Kohen* v. *Pac. Inv. Mgmt. Co. LLC,* 244 F.R.D. 469 (N.D. Ill., 2007), *aff'd,* 571 F.3d 672 (Posner, J.), *cert. denied,* 130 S. Ct. 1504 (2010)(Final Judgment and Order 05 C 4681, filed May 2, 2011 approving $118,750,000 settlement with the Firm acting as sole lead counsel).

[8]*In re Natural Gas Commodities Litig.,* 231 F.R.D. 171 (S.D.N.Y. 2005), *petition for review denied*, 05-5732-cv (2d Cir. Aug. 1, 2006)(in other orders in this case, $100,800,000 in settlements were approved).

[9]*In re Amaranth Natural Gas Commodities Litig.,* 07 Civ. 6377 (S.D.N.Y.) ($77,100,000 settlement as co-lead counsel).

[10]*E.g.*, *NASDAQ*, fn. 2 *supra*; *In re Brand Name Prescription Drugs Antitrust Litig.*, fn. 5 *supra*; *In re Auction Houses Antitrust Litig.*, 00 Civ. 0648 (LAK) (S.D.N.Y.) ($512,000,000 in settlements); *In re Dynamic Random Access Memory ("DRAM") Antitrust Litig.*, MDL No. 1486 (N.D. Cal.) ($313,000,000 in settlements); *Sullivan, et al. v. DB Investments, Inc., et al.*, 04 Civ. 2819 (SRC) (D.N.J.) ($295,000,000 in settlements); *Precision Associates, Inc. v. Panalpina World Transport*, 08 Civ. 0042 (JG) (VVP) (E.D.N.Y.) (settlements in excess of $295,000,000 to date).

The Firm also has been told that it is the only "plaintiffs' law firm" to successfully bring to trial antitrust claims in the "Mother Court," the United States District Court for the Southern District of New York.  *See* "Degree of Complexity" below.

Finally, the Firm has particularly deep experience with price fixing and manipulation claims involving exchange traded instruments.  The Firm obtained, as court-appointed co-lead counsel, what was then the largest and, in the exchange or over the counter market context, still is the largest class action recovery in the history of the antitrust laws. *NASDAQ,* 187 F.R.D. at 471.

**Degree of Difficulty or Complexity**.  The Firm believes that a very important indicator of an attorney's experience, is the difficulty or complexity of the cases that the attorney has prosecuted.  The degree of difficulty or complexity is somewhat subjective.  But the Firm is particularly proud of its not just prosecution but, in some instances, trials of various cases that have been recognized by the Courts as difficult and complex.

These include difficult federal antitrust cases that have involved both an antitrust claim and a claim under another statute in the same case.  For one example, after the Department of Justice decided not to bring price-fixing claims under the federal antitrust laws and after the federal agency regulating commodity futures(the Commodity Futures Trading Commission ("CFTC")) lost a trial seeking to prove attempted manipulation, the Firm tried and won all damages requested in a three week jury trial on claims for price-fixing and manipulation.  *Strobl v. New York Mercantile Exch.,* 582 F. Supp. 770 (S.D.N.Y. 1984).  The Firm sustained the verdict against motions for *j.n.o.v.* and new trial, and all appeals.  *Id. aff'd,* 768 F.2d 22 (2d Cir. 1985), *cert. denied sub nom., Simplot* v. *Strobl,* 474 U.S. 1006 (1985).

At the successful conclusion of the *Strobl* trial, then Chief Judge Lloyd F. MacMahon stated to the Firm's senior partner, Mr. Lovell, and defendants' counsel, the late Peter Fleming Esq.: "You both tried a very difficult case very well." *Strobl,* Trial Tr., November 17, 1983, at 1253:4-5.

The Firm successfully conducted another very difficult antitrust trial, this one to the Court in the Southern District of New York.  This trial was interrupted by, before the last trial session, and produced (in the Firm's opinion), or at least helped produce, class action settlements that granted substantial prompt injunctive relief in the United States' diamond market as well as substantial monetary relief.[11]  The Firm knows of no other plaintiffs' firms that have successfully tried antitrust cases in the "Mother Court."

---

[11] In *Leider v. Ralfe*, No. 01 Civ. 3137 (S.D.N.Y.)*,* the Firm filed the first class action on behalf of consumers alleging price fixing and monopolization by DeBeers in violation of the antitrust laws.  The Firm was named sole class counsel for the certified class.  *Leider*, 2003 WL 22339305 (S.D.N.Y. 2003) (certifying for class treatment plaintiffs' claims for injunctive relief under the Wilson Tariff Act and Sections 1 and 2 of the Sherman Act).  Shortly before the last day of the trial of the final injunction inquest, the defendants settled companion class actions and obtained an adjournment of the completion of the *Leider* class action trial.  They then settled *Leider* as well and the case was transferred to the United States District Court for the District of New Jersey, No. 06-cv-00908 (SRC).

The Firm has also received favorable comments from other District Court Judges about the Firm's performance in overcoming the difficulties and complexities of cases.  For example, the Firm is most proud of the comments it received from one of the great District Court Judges, the Honorable Milton Pollack. Judge Pollack appointed the Firm as sole lead counsel and later took the trouble to comment on its work in a complex class action as follows:

> The **unprecedented effort** of Counsel exhibited in this case led to their successful settlement efforts and its vast results. Settlement posed a saga in and of itself and required enormous time, **skill and persistence**. Much of that phase of the case came within the direct knowledge and appreciation of the Court itself. Suffice it to say, the Plaintiffs' counsel did not have an easy path and their services in this regard are best measured in the enormous recoveries that were achieved **under trying circumstances in the face of natural, virtually overwhelming, resistance**. The negotiation of each settlement that was made was at arm's length and exhibited **skill and perseverance on the part of lead counsel** and an evident attempt to gain for the Class the optimum settlement figures that could be reached.

*Sumitomo*, 74 F. Supp. 2d at 396 (emphasis added).

The Firm believes that the "effort" and "skill and perseverance" that Judge Pollack found that the Firm exhibited in *Sumitomo*, are also what has helped the Firm to obtain 100¢ on the dollar settlements for its clients, successfully try antitrust cases, and otherwise produce favorable results for its clients in very difficult and complex antitrust and other cases.

The Firm has been privileged to repeatedly be appointed to serve as lead counsel or co-lead counsel in class actions involving claims arising under the CEA, federal and/or state antitrust laws and other statutes. For example:

- *In re Platinum and Palladium Commodities Litig.*, 10 Civ. 3617 (S.D.N.Y.) (WHP), Dkt. No. 18 (the Firm was as appointed sole lead counsel where it obtained settlements valued in excess of $70 million for the class for claims alleging manipulation in violation of the CEA and price fixing in violation of the Sherman Act);
- *In re Dairy Farmers of America, Inc., Cheese Antitrust Litig.*, 09 Civ. 3690 (N.D. Ill.) (RMD), Dkt. No. 413 (the Firm was appointed as class counsel on a contested motion, and later was appointed as sole lead counsel, where it obtained a settlement of $46 million for the class on claims alleging manipulation in violation of the CEA and price fixing in violation of the Sherman Act);

---

This settlement produced prompt substantial injunctive relief for the United States diamond markets as well as a substantial financial settlement, which was contested on appeal even as the injunctive relief remained in effect.  The Third Circuit ultimately approved the settlement.  *Sullivan v. DB Investments, Inc.*, 667 F.3d 273 (3rd Cir. Dec. 20, 2011), *cert. denied*, 132 S.Ct. 1876, *petition for rehearing denied*, 132 S.Ct. 2451 (2012).

- *Precision Associates, Inc. v. Panalpina World Transport,* 08 Civ. 0042 (JG) (VVP) (E.D.N.Y.) (the Firm serves as co-lead counsel and has obtained settlements in excess of $295,000,000 to date on claims alleging conspiracies to fix prices in violation of the Sherman Act);

- *In re Potash Antitrust Litigation*, 08-cv-6910, (RC) (the Firm served as co-lead counsel for the indirect purchasers and obtained settlements in excess of $20 million for the class on claims for conspiracy to fix prices).

- *In re Crude Oil Commodity Futures Litig.*, 11-cv-3600, Docket No. 42 (Feb. 14, 2012) (S.D.N.Y.) (the Firm was appointed as co-lead counsel on a contested motion and obtained a proposed settlement of $16.5 million for the class on claims alleging manipulation in violation of the CEA and monopolization in violation of the Sherman Act);

- *In re Optiver Commodities Litig.*, 08 Civ. 6842 (S.D.N.Y.) (the Firm serves as co-lead counsel and obtained a proposed settlement of $16.75 million for the class on claims alleging manipulation in violation of the CEA);

- *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, 09-cv-0118 (the Firm serves as co-lead counsel and has obtained partial settlements as to one group of defendants in the aggregate amount of $80,250,000 on claims alleging that Bernard Madoff manipulated reports of financial results in respect of Fairfield Greenwich securities);

- *In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (S.D.N.Y.) (ALC), Dkt. No. 14 (the Firm serves as sole lead class counsel in case alleging manipulation in violation of the CEA); and

- *In re LIBOR-Based Financial Instruments Antitrust Litig.,* 11-md-2262 (S.D.N.Y.) (the Firm was appointed as co-lead counsel for exchange trader plaintiffs in case involving claims for manipulation in violation of the CEA and restraints of trade in violation of the Sherman Act).

**Development of the Law**. The Firm's senior partner, Christopher Lovell, argued in the United States Supreme Court and eight Circuit Courts of Appeal.  Also, the Firm briefed, and named partner Gary Jacobson successfully argued, the first appeal in the United States reversing a dismissal of price fixing claims under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d. Cir. 2010), *cert. denied,* 131 S.Ct. 901 (2011).

When the Firm began, there was considerable precedent holding that antitrust claims were preempted or otherwise not actionable in the commodity futures[12] and securities[13] contexts, and also holding that there was no private right of action under the CEA for manipulation.[14]  But

---

[12] *Compare e.g., Schaefer v. First Nat. Bank of Lincolnwood*, 509 F.2d 1287 (C.A. Ill.) (1975) *with Liang v. Hunt*, 477 F. Supp. 891 (N.D. Ill. 1979) (denying any right of action under CEA or antitrust laws for soybeans class).

[13] *Gordon v. New York Stock Exchange, Inc.*, 422 US 659 (1975).

[14] *National Super Spuds, Inc. v. New York Mercantile Exch.*, 470 F.Supp. 1256, (D.C.N.Y. 1979) *rev'd sub nom Leist v. Simplot*, 638 F.2d 283 (2d Cir. 1980) (Friendly, J.), *aff'd Merrill Lynch, Pierce, Fenner & Smith, Inc.  v. Curran,* 456 U.S. 353 (1982).

the Firm was privileged to do the following:

(1)     In 1981, the Firm authored a successful U.S. Supreme Court brief and made a successful argument in the Supreme Court in the original case which implied a private right of action under the CEA for manipulation, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353 (1982).

(2)     In 1982, the Firm prepared a statement and a former partner testified before the Congressional Subcommittee concerning what became the express private right of action under Section 22 of the CEA.  7 U.S.C. § 25.[15] Today, CEA manipulation claims are still brought under this section.

(3)     After prevailing on remand on the federal antitrust claims in the *Strobl* trial, the Firm then successfully briefed and argued on appeal that the federal antitrust claims were not preempted by the CEA.  *Strobl,* 768 F.2d at 28 *supra.*

(4)     In 1997-98, the Firm and its co-lead counsel produced the *NASDAQ* antitrust settlements in the securities market context. This occurred after both the plaintiffs and the defendants had argued to the Department of Justice and other federal agencies about whether these antitrust claims were preempted.

As a result, today, unlike when the Firm started, claims for price fixing under the federal antitrust laws and manipulation under the CEA are well recognized for losses suffered on exchange traded futures contracts.

In addition to *Strobl* and *Starr,* other notable antitrust appeals that the Firm has argued include a case in which Lovell Stewart was appointed as Chair of the Executive Committee on price-fixing claims in another exchange market case. *In re IPO Antitrust Litig.,* 287 F. Supp. 2d 497 (S.D.N.Y. Nov. 3, 2003), *reversed, Billing* v. *Credit Suisse First Boston Ltd.,* 426 F.3d 130 (2d Cir. 2005) ("epic Wall Street conspiracy"), *rev'd,* 551 U.S. 264, 127 S. Ct. 2383 (2007) (federal antitrust claims preempted).  In this complex case, the Firm made the plaintiffs' unsuccessful argument in the District Court, successful argument to the Court of Appeals, and the unsuccessful argument to the Supreme Court.

An important part of the law in manipulation and antitrust class actions is that concerning the certification of the class under Rule 23.  The Firm co-authored the brief on the class motion in *NASDAQ.* The Court issued an oft-cited decision certifying a very substantial class of seventeen hundred different class securities.  *NASDAQ,* 172 F.R.D. 119 (S.D.N.Y. 1997).  The Firm has also successfully briefed and argued the **first appeal** and almost all of the attempted petitions for review of decisions certifying classes on commodity futures manipulation claims under Rule 23:

---

[15] *See* Statement of Leonard Toboroff, *Before The Sub-committee On Oversight And Investigations Of The Committee On Energy And Commerce*, 97th Cong., 2d Sess. 584-603 (Jun. 7, 1982).

- *PIMCO*, 244 F.R.D. 469 (N.D. Ill. 2007), *aff'd* 571 F.3d 672 (7th Cir. July 7, 2009) (Posner J.) *petition for rehearing and rehearing en banc denied* (7th Cir. July 31, 2009) *petition for certiorari denied* 130 S.Ct. 1504 (2010).

- *In re Sumitomo Copper Litig.*, 182 F.R.D. 85 (S.D.N.Y. 1998); *In re Sumitomo Copper Litig.*, 194 F.R.D. 480 (S.D.N.Y. 2000), *appeal denied*, 262 F.3d 134 (2d Cir. 2001).

- *In re Amaranth Natural Gas Commodities Litig.*, 269 F.R.D. 366 (S.D.N.Y. 2010), *petition for leave to appeal denied sub nom. Amaranth Advisors, LLC, et al. v. Roberto E. CalleGracey, et al.*, No. 10-4110-mv (2d Cir. Dec. 30, 2010).

- *In re Natural Gas Commodities Litig.*, 231 F.R.D. 171(S.D.N.Y. 2005), *petition for leave to appeal denied sub nom. Cornerstone Propane Partners, L.P., et al. v. Reliant Energy Services, Inc., et al.*, No. 05-5732-cv (2d Cir. Aug. 1, 2006).

The Firm's senior partner, Christopher Lovell, has successfully tried and argued on appeal three manipulation cases that resulted in significant decisional law: (1) *Strobl*, *supra*; (2) *In the Matter of Harold Collins, et al.,* CFTC no. 77-15 (C.F.T.C Feb 3, 1984), 1986 WL 66165 (C.F.T.C. Apr. 4, 1986), *clarification granted*, 1986 WL 289309 (C.F.T.C. Nov. 26, 1986), *reversed sub nom., Stoller v. Commodity Futures Trading Comm'n,* 834 F.2d 262 (2d Cir. 1987); and (3) *Black v. Finantra*, 418 F. 3d 203 (2d Cir. 2005) (trade manipulation in securities market).

*Bloomberg Markets*' magazine has reported about Christopher Lovell as follows:

> To classify Pacific Investment Management Co. [formerly managed by CEO and founder Bill Gross] as a large mutual fund family does it little justice.  Its $747 billion in bond assets almost matches the gross domestic product of Australia.
>
> \*\*\*\*\*
>
> Pimco has found itself up against a formidable opponent in [Christopher] Lovell.  What [Bill] Gross is to the world of Bonds, [Christopher] Lovell is to commodities manipulation and price-fixing lawsuits.

Seth Lubove and Elizabeth Stanton,*Pimco Power in Treasuries Prompts Suit*, BLOOMBERG MARKETS, February 20, 2008 (April 2008).

Beyond antitrust and CEA manipulation law, the Firm has been privileged to contribute to the law pertinent to manipulation in other ways.  This includes by successfully trying or prosecuting many securities manipulation cases.  The Firm successfully tried and obtained a jury verdict for securities manipulation in *Black v. Finantra Capital, Inc., et al.*, 01 Civ. 6819 (S.D.N.Y.) (JSR).  Although the District Court vacated the verdict, the Second Circuit Court of Appeals reinstated it, *Black v. Finantra*, 418 F. 3d 203 (2d Cir. 2005), leading to a settlement before the final judgment was entered.

For another example, in *In re IPO Securities Litig.*, 21 MC 92 (S.D.N.Y.), the Firm served as *de facto* co-lead counsel in the consolidated 308 class actions alleging fraud and manipulation under the federal securities laws resulting in a settlement of $586,000,000.  *See In re IPO Securities Litig.*, 671 F.Supp.2d 467, 2009 WL 3397238 at *4, n.35 (S.D.N.Y. October 5, 2009).

Relatedly, the Firm has also been privileged to solve problems and contribute to the development of the law in contexts outside antitrust and manipulation claims.  For one example, in *Fiala, et al. v. Metropolitan Life Insurance Company, et al.*, Index No. 601181/00 (N.Y. Sup. Ct. N.Y. County), the Firm was appointed as Chairman of co-lead counsel in a class action alleging violations of New York Insurance Law. This resulted in the first certified class and the first settlement under New York's demutualization statute.  *See Fiala v. Metropolitan Life Insurance Co.*, 776 N.Y.S.2d 29 (1st Dep't 2004); *Fiala v. Metropolitan Life Insurance Co.*, Slip Op., 2006 WL 4682149 (N.Y. Sup. Ct., May 2, 2006 N.Y. County) (certifying the class).

For another example, the Firm successfully argued *Grandon v. Merrill Lynch & Co. Inc.,* 147 F.3d 184, 192-3 (2d Cir. 1998), which was the first case to impose a duty on brokers to disclose excessive mark ups on their sales of bonds.

Finally, the Firm's senior partners are entering their prime working years such that the attorneys who originally produced the good results for the Firm, are the same one who are now litigating or managing the litigation of the clients' claims.

*****

Individual biographies of the Firm's primary attorneys are set forth below.

## Christopher Lovell—Partner

Chris graduated from New York University School of Law in 1976, receiving the Vanderbilt Award, and worked at a Wall Street law firm successfully defending antitrust and CEA claims in private and government actions between 1977 and 1980, including a successful defense at trial of charges of manipulation in violation of the Commodity Exchange Act.  *In re Harold Collins, et al.*, CFTC No. 77-15, 1984 WL 48079 (CFTC Feb. 3, 1984).

Chris founded the Firm in 1980 and has been privileged to be selected to try more than sixty (60) cases and serve as lead or co-lead class action counsel in more than fifty actions.

Chris was the first plaintiffs' lawyer to try successfully antitrust price fixing and manipulation claims in the U.S. District Court for the Southern District of New York.  Chris prepared the briefs for the Firm's successful argument in the U.S. Supreme Court that a private right of action for manipulation should be implied under the Commodity Exchange Act. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353 (1982).

Chris is an Advisory Board Member of the Center on Civil Justice at New York University Law School, a member of the Justice Circle of the Aspen Institute Justice & Society Program, and other charitable organizations.

# Gary S. Jacobson—Partner

Gary is the Chairman of the Firm's antitrust department.  Gary is a 1972 graduate of Yale College (A.B. with Honors), where he served as Chairman of the Yale Record.  Gary is also a 1976 graduate of the University of Virginia Law School (J.D.), where he served as a member of the board of editors of the Virginia Law Review (1974-76).

Gary has been litigating antitrust cases since the *Uranium Antitrust Litigation* (N.D.Ill.) case in 1979; made the successful oral argument in the Second Circuit Court of Appeals in *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314 (2d Cir. 2010), resulting in the first appellate reversal of an order dismissing an antitrust class action complaint under the Supreme Court's *Bell Atlantic Corp. v. Twombly* decision; made the successful oral argument in the Southern District of New York in opposition to the motion to dismiss in the *Sumitomo Copper Litigation*, 995 F. Supp. 451 (S.D.N.Y. 1998) commodity manipulation class action; made the successful oral argument in the Second Circuit Court of Appeals in *Grandon v. Merrill Lynch*, 147 F.3d 184 (2d Cir. 1998), resulting in the appellate reversal of an order dismissing a securities fraud class action complaint and holding for the first time that the "shingle theory" applied to municipal bond transactions.

Gary has actively litigated many of the Firm's price-fixing or commodities manipulation class actions, including playing a principal role in *In re LIBOR-Based Financial Instruments Antitrust Litig.*, MDL No. 2262 (NRB) (S.D.N.Y.); *Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd. (Freight Forwarders Antitrust Litig.)*, 08 Civ. 0042 (JG)(VVP), (E.D.N.Y.); *In re Dynamic Random Access Memory ("DRAM") Antitrust Litig.*, MDL No. 1486(PJH) (N.D.Cal.); *Leider v. Ralfe (DeBeers Diamond Jewelry Antitrust)*, 01 Civ. 3137 (HB) (S.D.N.Y.); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361 (D.Me.); *In re Microsoft Litig.*, MDL No. 1332 (D.Md.); *In re Dairy Farmers of America Cheese Antitrust Litig.*, 09-cv-3690 (N.D.Ill.); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 07 cv 1827-SI (N.D.Cal.); *In re Initial Public Offering Antitrust Litig., (Credit Suisse First Boston Ltd. v. Billing)*, No. 05-1157 (U.S.Sup.Ct.); *In re Platinum and Palladium Commodities Litig.*, 10 Civ. 3617 (WHP) (S.D.N.Y.); *Kohen v. Pacific Investment Management Co.*, LLC, 05 C 4681 (N.D.Ill.); and *In re Natural Gas Commodity Litig.*, 03 Civ. 6186 (VM) (S.D.N.Y.).

Gary has tried more than twenty-five cases in federal and state courts, including acting as lead or sole trial counsel in cases involving claims of unfair competition, RICO, Lanham Act, patent infringement, misappropriation of trade secrets, negotiable instruments, sales and warranties, breach of fiduciary duty, fraudulent conveyance, and personal injury.

Gary is a member of the board of trustees of the Mianus River Gorge, Inc., a not-for-profit land conservation and education organization.

## Jody R. Krisiloff—Partner

Jody is a 1976 graduate of Mount Holyoke College, B.A., *summa cum laude*, and a 1979 graduate of Columbia University School of Law, J.D.  Jody has more than thirty years' experience with commercial litigation in state and federal courts.

Jody has worked on class actions in securities, commodity futures, and antitrust cases including serving as the Firm's principal attorney in *In re Microsoft Litig.*, MDL No. 1332 (D.Md.); *Leider v. Ralfe* (DeBeers Diamond Jewelry Antitrust), 01 Civ. 3137 (HB) (S.D.N.Y.); *Eugenia J. Fiala, et al. v. Metropolitan Life Insurance Company, et al.*, Index No. 00/601181 (N.Y.S. Sup. Ct.); *In re Avista Securities Litig*, 02-CV-328 (FVS).

Jody is now the Firm's principal attorney in *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 11-md-2262 (NRB) (S.D.N.Y.) and also is actively involved in *Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd. (Freight Forwarders Antitrust Litig.),* 08 Civ. 0042 (JG) (E.D.N.Y.) and *Anwar, et al. v. Fairfield Greenwich Limited, et al.*, 09-cv-0118 (S.D.N.Y.).

## Christopher M. McGrath—Partner

Chris is a graduate of the University of Missouri-Columbia (B.S. with honors) and the University of Missouri-Columbia School of Law where he was a member of The Journal of Dispute Resolution.

Chris has been with the Firm since 2005 and has litigated almost exclusively commodity manipulation and price-fixing class actions.  Chris had an important role in successfully representing traders of 10-year treasury note futures contracts in *Kohen v. Pac. Inv. Mgmt. Co. LLC*, 05-cv-4681 (RAG) (N.D. Ill.). This action resulted in a settlement of $118,750,000, while the fully briefed motion for summary judgment was pending.  This is the second largest class action recovery in the history of the CEA.  Chris also was a principal attorney for the Firm in successfully representing traders of New York Mercantile Exchange ("NYMEX") natural gas futures contracts in *In re Amaranth Natural Gas Commodities Litig.*, 07-cv-6377 (SAS) (S.D.N.Y.). This action resulted in a settlement of $77,100,000, made during merits expert discovery.  Chris was also a principal attorney for the Firm in representing purchasers of NYMEX platinum and palladium futures contracts in *In re Platinum and Palladium Futures Litig.*, 10-cv-3617 (WHP) (S.D.N.Y.), where settlements valued in excess of $70 million were reached and also purchasers of Chicago Mercantile Exchange ("CME") Class III milk futures contracts and physical cheese and milk *in In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 09 Civ. 03690, (RMD) (N.D. Ill.) where a settlement of $46,000,000 was reached with certain defendants.

Chris' active cases include representing commodity futures traders in *In re Crude Oil Commodity Futures Litig.*, 11-cv-3600 (WHP) (S.D.N.Y.); and *In re Term Commodities Cotton Futures Litig.*, 12-cv-05126 (ALC) (S.D.N.Y.).  Chris has successfully prosecuted three intellectual property class actions in which the Firm was the primary class counsel.

## Ian T. Stoll—Partner

Ian focuses on commodities, antitrust and securities litigation. He has been involved in the fields of complex litigation and class actions for over 18 years.

Ian has been actively involved in many of the Firm's commodities manipulation, price fixing and securities class actions:

Commodities manipulation: *In re Optiver Commodities Litig.*, No. 08-Cv-6842 (S.D.N.Y.)(LHP); *In re Platinum and Palladium Commodities Litig.*, 10 Civ. 3617 (WHP) (S.D.N.Y.); *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 09 Civ. 03690, (RMD) (N.D. Ill.); *In re Crude Oil Commodity Futures Litig.*, 11-cv-3600 (WHP) (S.D.N.Y.); *In re LIBOR-Based Financial Instruments Antitrust Litig.*, MDL No. 2262 (NRB) (S.D.N.Y.); *Kohen v. Pacific Investment Mgmt. Co. LLC*, 05-cv-4681 (RAG) (N.D. Ill.); *In re Amaranth Natural Gas Commodities Litig.*, 07-cv-6377 (SAS) (S.D.N.Y.); *In re Natural Gas Commodity Litig.*, 03-civ. 6186 (VM)(S.D.N.Y.); and *In re Sumitomo Copper Litig.*, 96 Civ. 4584(MP)(S.D.N.Y.).

Antitrust: *Precision Assoc., Inc. v. Panalpina World Transport (Holding) Ltd. (Freight Forwarders Antitrust Litig.)*, 08 Civ. 0042 (JG)(VVP)(E.D.N.Y.); *In re BP Propane Indirect Purchaser Antitrust Litig.*, 06-c-3541 (JBZ)(N.D. Ill.); *Leider v. Ralfe (DeBeers Diamond Jewelry Antitrust)*, 01 Civ. 3137 (HB) (S.D.N.Y.); *In re Auction Houses Antitrust Litig.*, No. 00 Civ. 0648 (LAK) (S.D.N.Y.); and *In re Microsoft Litig.*, M.D.L. No. 1332 (D. MD.).

Ian is a graduate of the University of California at Berkeley (A.B., 1987) and the State University of New York at Buffalo School of Law (J.D., 1996), where he obtained a Certificate in the Business Law Program and was an Associate Editor, Buffalo J. Int'l Law.

## Craig M. Essenmacher—Partner

Craig focuses on antitrust and commodities manipulation and has been involved in the fields of complex litigation and class actions for over ten years.

Craig is a graduate of Michigan State University, Bachelor of Science in 1990. He also graduated from Michigan State University with a Doctor of Philosophy in Chemistry in 1995. During his graduate studies in Chemistry, Craig published three peer reviewed papers in respected scientific journals that include The Proceedings of the National Academy of Sciences, U.S.A. and The Journal of the American Chemical Society.  Craig graduated from Detroit College of Law at Michigan State University with a J.D. with a Summa Cum Laude distinction in 1997.

Craig has been the principal attorney for the Firm in representing businesses and consumers of thin-film transistor liquid crystal display (TFT-LCD) products who were harmed by an alleged price-fixing conspiracy among TFT-LCD manufacturers, *In re: TFT-LCD (Flat*

*Panel) Antitrust Litigation* (cash recovery of $1.1 billion). Craig represented, as the co-lead counsel firm, a class of indirect purchasers in a price-fixing scheme involving Potash containing products *In re: Potash Antitrust Litigation*, an antitrust class action that resulted in a $20-plus million dollar settlement recovery for the class.  Craig represented an indirect purchaser class, as the co-lead counsel firm, for auto filter price-fixing antitrust, *In re: Aftermarket Filters Antitrust Litigation*, resulting in a multi-million dollar settlement recovery for the class.  Craig was involved in a settlement for indirect purchasers in a price-fixing action for surcharges charged by major airlines for cargo shipping, *In Re: Air Cargo Shipping Services Antitrust Litigation*, resulting in an $80 million recovery for the class and $17,000,000 for indirect purchasers.

Craig is an expert in discovery and is involved in numerous discovery issues in pending antitrust and commodity manipulation class actions with the Firm. In addition to writing and advocacy work, Craig liases with experts and consultants in the processing, preparation and analysis of large amounts of transactional and pricing data, preparation of regression analyses, and other aspects of preparing class certification and merits expert reports.

Craig was a principal attorney for the Firm in several price-fixing and commodity manipulation class actions that have resulted in favorable settlements for plaintiffs.  Craig was a principal attorney for the Firm in prosecuting *Kohen v. Pacific Investment Management, Co., LLC; In re Amaranth Natural Gas Commodities Litigation;* and *In re Natural Gas Commodities Litigation*.

Craig served as a council member for Michigan State Bar Association section of Antitrust, Franchising and Trade Regulation from 2010-2012.

## Keith D. Essenmacher—Partner

Keith focuses on antitrust and consumer litigation and has been involved in the fields of complex litigation and class actions for seven years.  Keith has prosecuted a variety of federal and state court price-fixing, monopoly and unfair business practice actions against multinational companies and Fortune 500 corporations.

Keith is a graduate of Michigan State University, 1996; a graduate of Michigan State University Law, J.D., 2000.  Keith served as a council member for Michigan State Bar Association Antitrust, Franchising and Trademark division from 2010-2012.

Keith was a principal attorney for the Firm in *In re: Cathode Ray Tube (CRT) Antitrust Litigation*, 07-cv-5944 and *In re: Processed Egg Products Antitrust Litigation*, 08-md-02002. Keith has represented businesses and consumers of thin-film transistor liquid crystal display (TFT-LCD) products who were harmed by an alleged price-fixing conspiracy among TFT-LCD manufacturers. This action has been settled for $1.1 billion.  Keith represented a class of purchasers in a price fixing scheme involving Potash containing products, *Gillespie v. Agrium Inc*. This antitrust class action resulted in a $20 million dollar settlement recovery for the class.

## Benjamin M. Jaccarino—Partner

Ben is a graduate of Wheaton College, Bachelor of Arts in 2006. He graduated from Suffolk University with a J.D. in 2009. While at Suffolk, Ben received an Oral Advocate award.

Ben has been with the Firm since 2009 and primarily focuses on commodities manipulation, and antitrust class actions.  Ben has been involved in a number of commodity manipulation class actions that have resulted in favorable settlements for plaintiffs.

Ben has represented, as the co-lead counsel firm, businesses and consumers of freight forwarding services who were harmed by an alleged price-fixing conspiracy among numerous freight forwarders, *Precision Associates, Inc. et al., v. Panalpina World Transport (Holding) LTD. et al*, 08-cv-0042 (E.D.N.Y.).To date, this case has resulted in over $295 million in settlements.

Ben played an active role in representing purchasers of 10-year treasury notes in *Kohen v. Pacific Investment Management, Co, LLC* that resulted in a settlement of $118,750,000, which is the second-largest class action recovery in the history of the CEA. Ben also successfully played an active role in representing traders of New York Mercantile Exchange ("NYMEX") natural gas futures contracts in *In re Amaranth Natural Gas Commodities Litig.*, 07-cv-6377 (SAS) (S.D.N.Y.). This action resulted in a settlement of $77,100,000, which is the fourth-largest class action recovery in the history of the CEA.

Ben's active cases include representing clients in *In Re Aluminum Warehousing Antitrust Litigation*, MDL No. 2481, and *In re Term Commodities Cotton Futures Litig*., 12-cv-05126 (ALC) (S.D.N.Y.).

## Fred T. Isquith—Partner

Fred focuses on antitrust, securities class action, commodities manipulation and other complex litigation. He has been involved in the field of complex litigation and class actions since 2009.

Fred is a graduate of Cornell University, with a Bachelor of Science. He also graduated from Syracuse University's Maxwell School with a Masters in Public Administration in 2009. He graduated from Syracuse University's College of Law with a J.D. in 2009. There he was an editor on the Journal of International Law and Commerce, served on the executive board of the Moot Court Honors Society, where he received a certificate for excellence in the service of Society, and was an elected representative to the College of Law's Judicial Board.

Fred has served on the New York County Lawyers' Association's Federal Courts Committee, and currently serves on New York City Bar Association's Antitrust and Trade Regulation Committee. He has published articles for the National Association Shareholders and Consumer Attorneys' ("NASCAT") weekly newsletter regarding some of active cases.

Currently, Fred is involved in discovery and other aspects of various pending antitrust, securities, and commodity manipulation class actions with the Firm. In addition to discovery and advocacy work, he liases with experts regarding class certification and trial issues.

# Merrick Scott Rayle—Of Counsel

Merrick's practice with the Firm is concentrated on the prosecution of commodity futures, antitrust, and securities manipulation Class Actions. His experience with the Firm includes cases prosecuting energy company defendants for manipulating the price of natural gas futures contracts traded on the New York Mercantile Exchange; prosecuting defendants for manipulating the price of the June 2005 ten-year Treasury note futures contract; prosecuting a complex, multinational conspiracy among the leading electronics manufacturers to fix the prices for LCD panels in the United States; prosecuting multiple real estate brokerage firms for refusing to compete on the basis of price of residential real estate commission rates in the Commonwealth of Kentucky; prosecuting potash suppliers in Canada, the United States, Russia, and Belarus for a conspiracy to restrict the supply and raising or fixing the prices for potash sold in the United States; prosecuting major record labels for conspiring to fix the prices and terms under which their music would be sold over the Internet; prosecution of a nationwide conspiracy against the producers of domestic shell eggs and egg products and their trade associations for conspiring to manipulate the supply of, and thereby fix the prices for, domestically-sold shell eggs and egg products; prosecuting the theft of intellectual property and proprietary information and violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 against the controlling shareholders of the first company to provide high-speed Internet access via cable modem; and prosecuting a conspiracy to fix prices for Cathode Ray Tubes and to allocate markets and customers for the sales of Cathode Ray Tubes in the United States.

From 1978-1987, Merrick was a Partner in the Chicago Office of Sonnenschein Carlin Nath & Rosenthal, since combined with Dentons. He has over thirty-five years' experience in complex litigation, trials, and appeals, trying over 25 cases in the state and federal court system. He has handled Class Action cases in the federal court system in California, New York, Illinois, Iowa, Kentucky, Washington, and Pennsylvania.

Prior to joining the Firm, Merrick's experience included advising clients in a broad range of substantive matters, including antitrust, corporate governance and shareholder disputes, state and federal appellate advocacy, constitutional law (individual rights and freedoms and First Amendment issues), the Americans with Disabilities Act, common law and business torts, breach of contract, grand jury investigations, municipal corporations, defamation, election disputes, internal corporate investigations, representation of entertainers and authors, corporate tax litigation, and pre-dispute arbitration.  Merrick also successfully tried a case in the United States Tax Court in which the Tax Court ruled that a corporate taxpayer was entitled to claim substantial net operating loss carryovers from an acquired corporation, despite the Government's claim that the principal purpose of the acquisition was the avoidance of tax.

Merrick served as a judicial law clerk to the Honorable Roy L. Stephenson of the United States Court of Appeals for the Eighth Circuit for two years.  Merrick received his law degree

from the Indiana University Robert H. McKinney School of Law where he was a member of Indiana Law Review. He received his Bachelor of Art's degree from Butler University, and graduated from Culver Military Academy.

## Peggy Wedgeworth

A.    J.D., University of Alabama Law School, 1986

B.    B.A., Auburn University, 1982

C.    Bar Admission, New York, 1987

D.    Ms. Wedgworth represents defrauded investors and consumers, and she currently represents investors in *In re Merck & Co. Securities Litigation,* She actively litigated *In re Initial Public Offering Securities Litigation* for over five years, which settled for $586 million.

## Imtiaz Siddiqui

A.    Tulane University Law School, Class of 2003, J.D. cum laude Admission

B.    Admitted in 2004, New York 2005, U.S. District Court, Southern and Eastern Districts of New York 2008, U.S. Court of Appeals, Sixth Circuit 2009, U.S. Court of Appeals, Second Circuit 2013

C.    The College of New Jersey, Class of 1998 B.S.

D.    Areas of Law: Antitrust, Securities fraud, Complex Litigation

## Janetta A. Pittman (Of Counsel)

A.    is a graduate of the University of Michigan, Ann Arbor, B.A. in Communications, 2003;

B.    is a graduate of Michigan State University College of Law, J.D.,  2008; and

C.    is licensed to practice in the State of Michigan

## James D. Payne (Of Counsel)

A.    is a graduate of Huntingdon College (Montgomery, AL), B.A.;

B.      is a graduate of The American University School of International Service (Washington, D.C.), M.A. in International Economic Policy;

C.      is a graduate of The American University Washington College of Law (Washington, D.C.), J.D.;

D.      is a graduate of University of Amsterdam, LL.M. in International and European Union Trade Law, highest distinction; and

E.      is licensed to practice in the states of New York, New Jersey, Alabama, and in the United States Court of International Trade.

## *Matthew D. Kuipers (Of Counsel)*

A.      is a graduate of Calvin College, B.S., 2004;

B.      is a graduate of Michigan State University College of Law, J.D., 2007; and

C.      is licensed to practice in the State of Michigan.

## *Tracy Greenwood (Of Counsel)*

A.      Is a graduate Michigan State University Law School May 2007, University of Utah May 2004,  Bachelor's Degree in Japanese Language, Bachelor's Degree in Asian Studies.

B.      Japanese – Fluent speaker, reading (Nikkei Shinbun – Japanese business newspaper), writing (2000 Kanji)

C.      Spanish – Conversation, reading, writing

D.      is licensed to practice in the State of Michigan.

## *Ari Lehman (Of Counsel)*

A.      Benjamin N. Cardozo School of Law, New York, NY  -  J.D., June 2005 - GPA 3.809, Top 3%, Magna Cum Laude

B.      University of Michigan, Ann Arbor, MI - B.A., June 1993 - GPA 3.775, Class Honors

C.     Nanzan University, Nagoya, Japan (Year Abroad) – Intensive language study and Japan related studies.

D.     Bar Admissions: Michigan, 2005.

E.     Languages:  Japanese (conversational: verbal, reading and writing)

Exhibit 2

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**
**CURRENT RATES**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2007 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/a | $ 725.00 | | | 1.0 | | | | | | | 7.8 | | | 8.8 | $ 6,380.00 |
| Keith Essenmacher/a | $ 680.00 | | | 1.0 | | | | | | | 36.5 | | | 37.5 | $ 25,500.00 |
| Imtiaz Siddqui/a | $ 470.00 | 1.8 | | | | | | | | | 4.7 | | | 6.5 | $ 3,055.00 |
| Chris Lovell/p | $ 950.00 | 3.9 | | | | | | | | | 1.7 | | | 5.6 | $ 5,320.00 |
| Gary Jacobson/p | $ 920.00 | | | | | | | | | | 1.0 | | | 1.0 | $ 920.00 |
| Ken Smith/pl | $ 240.00 | | | | | | | | | | 16.2 | | | 16.2 | $ 3,888.00 |
| Travis Carter/pl | $ 220.00 | | | | | | | | | | 5.0 | | | 5.0 | $ 1,100.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 5.7 | 0.0 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 72.9 | 0.0 | 0.0 | 80.6 | $ 46,163.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2008 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/a | $ 725.00 | 20.0 | | | 18.0 | | | 23.5 | | 81.2 | | | | 142.7 | $ 103,457.50 |
| Keith Essenmacher/a | $ 680.00 | | | 3.2 | | | | | | 2.0 | 4.3 | | | 9.5 | $ 6,460.00 |
| Imtiaz Siddqui/a | $ 470.00 | 3.4 | | | | | | | | | | | | 3.4 | $ 1,598.00 |
| Chris Lovell/p | $ 950.00 | 13.6 | 1.8 | | | | | | | | | | | 15.4 | $ 14,582.50 |
| Gary Jacobson/p | $ 920.00 | | | | | | | | | | | | | 0.0 | $           - |
| Ken Smith/pl | $ 240.00 | | | | | | | | | | 0.7 | | | 0.7 | $ 168.00 |
| Travis Carter/pl | $ 220.00 | | | | | | | | | 0.8 | 6.0 | | | 6.8 | $ 1,502.60 |
| Ben Jaccarino/pl | $ 175.00 | 0.7 | | | | | | | | 9.3 | | | | 9.9 | $ 1,736.00 |
| Chris McGrath/a | $ 640.00 | | | | | | | | | 1.0 | 11.0 | | | 12.0 | $ 7,680.00 |
| Fred Isquith/pl | $ 175.00 | 0.9 | | | | | | | | 7.5 | | | | 8.5 | $ 1,478.75 |
| Ian Stoll/p | $ 550.00 | | | | | | | | | | | | | 0.0 | $           - |
| Peggy Wedgeworth/p | $ 605.00 | | | | 2.6 | | | | | | | | | 2.6 | $ 1,573.00 |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | | | | | | | | | | | | | 0.0 | $           - |
| | | 38.6 | 1.8 | 3.2 | 20.6 | 0.0 | 0.0 | 23.5 | 0.0 | 101.8 | 22.0 | 0.0 | 0.0 | 211.5 | $ 140,236.35 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2009 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/a | $ 725.00 | 4.0 | | | | | | 7.0 | | 45.0 | 50.0 | | | 106.0 | $ 76,850.00 |
| Keith Essenmacher/a | $ 680.00 | 7.0 | | 0.3 | | | | 10.4 | | | 128.1 | | | 145.8 | $ 99,144.00 |
| Imtiaz Siddqui/a | $ 470.00 | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 950.00 | 6.2 | | | | | | 2.0 | | | | 5.1 | | 13.2 | $ 12,540.00 |
| Gary Jacobson/p | $ 920.00 | 1.9 | | | | | | | | 26.8 | 74.0 | | | 102.7 | $ 94,438.00 |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Chris McGrath/a | | | | | | | | | | | | | | 0.0 | $ - |
| Fred Isquith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | $ 700.00 | | | | | | | | | 0.3 | | | | 0.3 | $ 175.00 |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | $ 185.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 19.1 | 0.0 | 0.3 | 0.0 | 0.0 | 0.0 | 19.4 | 0.0 | 72.0 | 252.1 | 5.1 | 0.0 | 367.9 | $ 283,147.00 |

EXHIBIT 2

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2010 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/a | $ 725.00 | 2.5 | | | | | | 78.5 | | 4.0 | | | | 85.0 | $ 61,625.00 |
| Keith Essenmacher/a | $ 680.00 | | | 8.3 | 19.6 | | | 5.2 | | 2.6 | | | | 35.7 | $ 24,276.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 950.00 | 5.8 | | | | | | 0.3 | | 1.0 | | | | 7.1 | $ 6,697.50 |
| Gary Jacobson/p | $ 920.00 | | | 0.5 | 0.3 | | | 0.7 | | 2.0 | | | | 3.4 | $ 3,082.00 |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Chris McGrath/a | | | | | | | | | | | | | | 0.0 | $ - |
| Fred Isquith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | $ 550.00 | | | 0.3 | | | | | | | | | | 0.3 | $ 137.50 |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Janetta Pittman/oc | $ 340.00 | 3.0 | | 113.8 | | | | 10.0 | | 139.0 | 4.0 | | | 269.8 | $ 91,715.00 |
| Jason Pearlman/pl | $ 210.00 | 5.0 | | 57.5 | 17.0 | | | 48.0 | | 55.5 | 2.5 | | | 185.5 | $ 38,955.00 |
| Jodi Krisilov/p | $ 750.00 | | | 10.3 | | | | | | | | | | 10.3 | $ 7,725.00 |
| Merrick Rayle/p | $ 700.00 | 13.0 | | 85.5 | 463.3 | | | 72.2 | | 334.4 | 45.4 | | | 1013.8 | $ 709,060.00 |
| Tucker Kiesling/pl | $ 240.00 | | | 0.3 | | | | | | | | | | 0.3 | $ 60.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 29.3 | 0.0 | 276.3 | 500.2 | 0.0 | 0.0 | 214.9 | 0.0 | 538.5 | 51.9 | 0.0 | 0.0 | 1611.0 | $ 943,933.00 |

EXHIBIT 2

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2011 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/p | $ 725.00 | | | | | | | 19.0 | | 4.0 | 2.0 | | | 25.0 | $ 18,125.00 |
| Keith Essenmacher/p | $ 680.00 | | | 7.1 | | | | 43.7 | | | | | | 50.8 | $ 34,544.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 950.00 | | | | | | | | | | | | | 0.0 | $ - |
| Gary Jacobson/p | $ 920.00 | 0.2 | | | | | | | | 0.7 | | | | 0.9 | $ 828.00 |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/a | $ 550.00 | 0.5 | | | | | | | | | | | | 0.5 | $ 275.00 |
| Chris McGrath/p | | | | | | | | | | | | | | 0.0 | $ - |
| Fred Isquith/a | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | | | | | | | | | | | | | | 0.0 | $ - |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Janetta Pittman/oc | $ 340.00 | 1.0 | | | 52.0 | | | 53.5 | | 47.0 | | | | 153.5 | $ 52,190.00 |
| Jason Pearlman/pl | $ 210.00 | | | 62.5 | 23.0 | 4.0 | | 3.0 | | | | | | 92.5 | $ 19,425.00 |
| Jodi Krisilov/p | $ 750.00 | 0.4 | | 4.2 | | | | | | | | | | 4.6 | $ 3,450.00 |
| Merrick Rayle/p | $ 700.00 | | | 42.0 | 110.9 | 1.9 | | 48.6 | | 96.0 | | | | 299.4 | $ 209,580.00 |
| Tucker Kiesling/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Molly Sullivan/pl | $ 250.00 | | | 3.0 | | | | 67.8 | | 12.0 | | | | 82.8 | $ 20,707.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.1 | 0.0 | 118.8 | 185.9 | 5.9 | 0.0 | 235.6 | 0.0 | 159.7 | 2.0 | 0.0 | 0.0 | 710.0 | $ 359,124.50 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2012 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/p | $ 725.00 | 0.5 | | | | | | | | | | | | 0.5 | $ 362.50 |
| Keith Essenmacher/p | $ 680.00 | 0.8 | | 5.1 | 25.0 | 34.1 | | | | | | | | 65.0 | $ 44,200.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 950.00 | 0.8 | | | | | | | | | | | | 0.8 | $ 712.50 |
| Gary Jacobson/p | | | | | | | | | | | | | | 0.0 | $ - |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris McGrath/p | | | | | | | | | | | | | | 0.0 | $ - |
| Fred Isquith/a | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | | | | | | | | | | | | | | 0.0 | $ - |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Janetta Pittman/oc | $ 340.00 | | | | | | | | | | | | | 0.0 | $ - |
| Jason Pearlman/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Jodi Krisilov/p | | | | | | | | | | | | | | 0.0 | $ - |
| Merrick Rayle/p | $ 700.00 | | | | | | | | | | | | | 0.0 | $ - |
| Tucker Kiesling/pl | $ 240.00 | | | | | | | | | 6.0 | | | | 6.0 | $ 1,440.00 |
| Molly Sullivan/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ari Lehman/oc | $ 400.00 | | | | | | | 666.8 | | | | | | 666.8 | $ 266,700.00 |
| Mathew Kuiper/a | $ 350.00 | | | | | | | 612.7 | | | | | | 612.7 | $ 214,445.00 |
| Tracy Greenwood/oc | $ 400.00 | | | | | | | 200.0 | | | | | | 200.0 | $ 80,000.00 |
| Ari Lehman/oc dep prep | $ 435.00 | | | | | | | 207.0 | | | | | | 207.0 | $ 90,045.00 |
| Tracy Greenwood/oc dep pre | $ 450.00 | | | | | | | 122.5 | | | | | | 122.5 | $ 55,125.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.1 | 0.0 | 5.1 | 25.0 | 34.1 | 0.0 | 1809.0 | 0.0 | 6.0 | 0.0 | 0.0 | 0.0 | 1881.2 | $ 753,030.00 |

EXHIBIT 2
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2013 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/p | $ 725.00 | | | | | | | | | | | | | 0.0 | $ - |
| Keith Essenmacher/p | $ 680.00 | | | | | | | 2.2 | | | | | | 2.2 | $ 1,496.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 950.00 | 1.0 | | | | | | | | | | | | 1.0 | $ 950.00 |
| Gary Jacobson/p | | | | | | | | | | | | | | 0.0 | $ - |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris McGrath/p | $ 640.00 | | | | | | 7.7 | | | 8.1 | | | | 15.8 | $ 10,112.00 |
| Fred Isquith/a | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | | | | | | | | | | | | | | 0.0 | $ - |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Janetta Pittman/oc | | | | | | | | | | | | | | 0.0 | $ - |
| Jason Pearlman/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Jodi Krisilov/p | | | | | | | | | | | | | | 0.0 | $ - |
| Merrick Rayle/p | $ 700.00 | | | | | | | | | 14.7 | | | | 14.7 | $ 10,290.00 |
| Tucker Kiesling/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Molly Sullivan/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ari Lehman/oc | $ 400.00 | | | | | | | 24.8 | | | | | | 24.8 | $ 9,900.00 |
| Mathew Kuiper/a | $ 350.00 | | | | | | | 986.6 | | | | | | 986.6 | $ 345,310.00 |
| Tracy Greenwood/oc | | | | | | | | | | | | | | 0.0 | $ - |
| Ari Lehman/oc dep prep | $ 435.00 | | | | | | | 967.3 | | | | | | 967.3 | $ 420,753.75 |
| Tracy Greenwood/oc dep prep | $ 450.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.7 | 1980.8 | 0.0 | 22.8 | 0.0 | 0.0 | 0.0 | 2012.3 | $ 798,811.75 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2014 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/p | $ 725.00 | | | | | | | | | | | | | 0.0 | $ - |
| Keith Essenmacher/p | $ 680.00 | | | 1.8 | | | | | | | | | | 1.8 | $ 1,224.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 950.00 | 0.4 | | | | | | 0.3 | | | | | | 0.7 | $ 665.00 |
| Gary Jacobson/p | | | | | | | | | | | | | | 0.0 | $ - |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris McGrath/p | | | | | | | | | | | | | | 0.0 | $ - |
| Fred Isquith/a | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | | | | | | | | | | | | | | 0.0 | $ - |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Janetta Pittman/oc | | | | | | | | | | | | | | 0.0 | $ - |
| Jason Pearlman/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Jodi Krisilov/p | | | | | | | | | | | | | | 0.0 | $ - |
| Merrick Rayle/p | $ 700.00 | | | | | | | | | | | | | 0.0 | $ - |
| Tucker Kiesling/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Molly Sullivan/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ari Lehman/oc | $ 400.00 | | | | | | | 295.6 | | 9.8 | | | | 305.3 | $ 122,120.00 |
| Mathew Kuiper/a | $ 350.00 | | | | | | | 8.7 | | | | | | 8.7 | $ 3,045.00 |
| Tracy Greenwood/oc | | | | | | | | | | | | | | 0.0 | $ - |
| Ari Lehman/oc dep prep | $ 435.00 | | | | | | | 158.3 | | | | | | 158.3 | $ 68,838.75 |
| Tracy Greenwood/oc dep prep | $ 450.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.4 | 0.0 | 1.8 | 0.0 | 0.0 | 0.0 | 462.8 | 0.0 | 9.8 | 0.0 | 0.0 | 0.0 | 474.8 | $ 195,892.75 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2015 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Keith Essenmacher/p | $ 680.00 | | | 0.8 | | | | | | | | | | 0.8 | $ 544.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.8 | $ 544.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | |
|---|---|---|
| Reporting Year | Inception through Present | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 5.7 | 0.0 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 72.9 | 0.0 | 0.0 | 80.6 | $ 46,163.00 |
| 2008 | | 38.6 | 1.8 | 3.2 | 20.6 | 0.0 | 0.0 | 23.5 | 0.0 | 101.8 | 22.0 | 0.0 | 0.0 | 211.5 | $ 140,236.35 |
| 2009 | | 19.1 | 0.0 | 0.3 | 0.0 | 0.0 | 0.0 | 19.4 | 0.0 | 72.0 | 252.1 | 5.1 | 0.0 | 367.9 | $ 283,147.00 |
| 2010 | | 29.3 | 0.0 | 276.3 | 500.2 | 0.0 | 0.0 | 214.9 | 0.0 | 538.5 | 51.9 | 0.0 | 0.0 | 1611.0 | $ 943,933.00 |
| 2011 | | 2.1 | 0.0 | 118.8 | 185.9 | 5.9 | 0.0 | 235.6 | 0.0 | 159.7 | 2.0 | 0.0 | 0.0 | 710.0 | $ 359,124.50 |
| 2012 | | 2.1 | 0.0 | 5.1 | 25.0 | 34.1 | 0.0 | 1809.0 | 0.0 | 6.0 | 0.0 | 0.0 | 0.0 | 1881.2 | $ 753,030.00 |
| 2013 | | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.7 | 1980.8 | 0.0 | 22.8 | 0.0 | 0.0 | 0.0 | 2012.3 | $ 798,811.75 |
| 2014 | | 0.4 | 0.0 | 1.8 | 0.0 | 0.0 | 0.0 | 462.8 | 0.0 | 9.8 | 0.0 | 0.0 | 0.0 | 474.8 | $ 195,892.75 |
| 2015 | | 0.0 | 0.0 | 0.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.8 | $ 544.00 |
| | | 98.1 | 1.8 | 408.3 | 731.7 | 40.0 | 7.7 | 4745.9 | 0.0 | 910.6 | 400.9 | 5.1 | 0.0 | 7350.0 | $ 3,520,882.35 |

| STATUS: | | CATEGORIES: |
|---|---|---|
| (P) | Partner | 1 Attorney Meeting/Strategy |
| (OC) | Of Counsel | 2 Court Appearance |
| (A) | Associate | 3 Client Meeting |
| (LC) | Law Clerk | 4 Draft Discovery Requests or Responses |
| (PL) | Paralegal | 5 Deposition Preparation |
| (I) | Investigator | 6 Attend Deposition - Conduct/Defend |
| | | 7 Document Review |
| | | 8 Experts - Work or Consult |
| | | 9 Research |
| | | 10 Motions/Pleadings |
| | | 11 Settlement |
| | | 12 Trial |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

**HISTORICAL RATES**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2007 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/a | $ 530.00 | | | 1.0 | | | | | | | 7.8 | | | 8.8 | $ 4,664.00 |
| Keith Essenmacher/a | $ 450.00 | | | 1.0 | | | | | | | 36.5 | | | 37.5 | $ 16,875.00 |
| Imtiaz Siddqui/a | $ 370.00 | 1.8 | | | | | | | | | 4.7 | | | 6.5 | $ 2,405.00 |
| Chris Lovell/p | $ 765.00 | 3.9 | | | | | | | | | 1.7 | | | 5.6 | $ 4,284.00 |
| Gary Jacobson/p | $ 700.00 | | | | | | | | | | 1.0 | | | 1.0 | $ 700.00 |
| Ken Smith/pl | $ 210.00 | | | | | | | | | | 16.2 | | | 16.2 | $ 3,402.00 |
| Travis Carter/pl | $ 150.00 | | | | | | | | | | 5.0 | | | 5.0 | $ 750.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 5.7 | 0.0 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 72.9 | 0.0 | 0.0 | 80.6 | $ 33,080.00 |

EXHIBIT 2
IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2008 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/a | $ 530.00 | 20.0 | | | 18.0 | | | 23.5 | | 81.2 | | | | 142.7 | $ 75,631.00 |
| Keith Essenmacher/a | $ 450.00 | | | 3.2 | | | | | | 2.0 | 4.3 | | | 9.5 | $ 4,275.00 |
| Imtiaz Siddqui/a | $ 370.00 | 3.4 | | | | | | | | | | | | 3.4 | $ 1,258.00 |
| Chris Lovell/p | $ 765.00 | 13.6 | 1.8 | | | | | | | | | | | 15.4 | $ 11,742.75 |
| Gary Jacobson/p | $ 700.00 | | | | | | | | | | | | | 0.0 | $        - |
| Ken Smith/pl | $ 210.00 | | | | | | | | | | 0.7 | | | 0.7 | $ 147.00 |
| Travis Carter/pl | $ 150.00 | | | | | | | | | 0.8 | 6.0 | | | 6.8 | $ 1,024.50 |
| Ben Jaccarino/pl | $ 175.00 | 0.7 | | | | | | | | 9.3 | | | | 9.9 | $ 1,736.00 |
| Chris McGrath/a | $ 330.00 | | | | | | | | | 1.0 | 11.0 | | | 12.0 | $ 3,960.00 |
| Fred Isquith/pl | $ 175.00 | 0.9 | | | | | | | | 7.5 | | | | 8.5 | $ 1,478.75 |
| Ian Stoll/p | $ 550.00 | | | | | | | | | | | | | 0.0 | $        - |
| Peggy Wedgeworth/p | $ 605.00 | | | | 2.6 | | | | | | | | | 2.6 | $ 1,573.00 |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | 38.6 | 1.8 | 3.2 | 20.6 | 0.0 | 0.0 | 23.5 | 0.0 | 101.8 | 22.0 | 0.0 | 0.0 | 211.5 | $ 102,826.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2009 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/a | $ 560.00 | 4.0 | | | | | | 7.0 | | 45.0 | 50.0 | | | 106.0 | $ 59,360.00 |
| Keith Essenmacher/a | $ 500.00 | 7.0 | | 0.3 | | | | 10.4 | | | 128.1 | | | 145.8 | $ 72,900.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 795.00 | 6.2 | | | | | | 2.0 | | | | 5.1 | | 13.2 | $ 10,494.00 |
| Gary Jacobson/p | $ 740.00 | 1.9 | | | | | | | | 26.8 | 74.0 | | | 102.7 | $ 75,961.00 |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Chris McGrath/a | | | | | | | | | | | | | | 0.0 | $ - |
| Fred Isquith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | $ 550.00 | | | | | | | | | 0.3 | | | | 0.3 | $ 137.50 |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | $ 185.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 19.1 | 0.0 | 0.3 | 0.0 | 0.0 | 0.0 | 19.4 | 0.0 | 72.0 | 252.1 | 5.1 | 0.0 | 367.9 | $ 218,852.50 |

EXHIBIT 2

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2010 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/a | $ 595.00 | 2.5 | | | | | | 78.5 | | 4.0 | | | | 85.0 | $ 50,575.00 |
| Keith Essenmacher/a | $ 575.00 | | | 8.3 | 19.6 | | | 5.2 | | 2.6 | | | | 35.7 | $ 20,527.50 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 795.00 | 5.8 | | | | | | 0.3 | | 1.0 | | | | 7.1 | $ 5,604.75 |
| Gary Jacobson/p | $ 770.00 | | | 0.5 | 0.3 | | | 0.7 | | 2.0 | | | | 3.4 | $ 2,579.50 |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Chris McGrath/a | | | | | | | | | | | | | | 0.0 | $ - |
| Fred Isquith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | $ 550.00 | | | 0.3 | | | | | | | | | | 0.3 | $ 137.50 |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Janetta Pittman/oc | $ 340.00 | 3.0 | | 113.8 | | | | 10.0 | | 139.0 | 4.0 | | | 269.8 | $ 91,715.00 |
| Jason Pearlman/pl | $ 140.00 | 5.0 | | 57.5 | 17.0 | | | 48.0 | | 55.5 | 2.5 | | | 185.5 | $ 25,970.00 |
| Jodi Krisilov/p | $ 675.00 | | | 10.3 | | | | | | | | | | 10.3 | $ 6,952.50 |
| Merrick Rayle/p | $ 580.00 | 13.0 | | 85.5 | 463.3 | | | 72.2 | | 334.4 | 45.4 | | | 1013.8 | $ 588,000.00 |
| Tucker Kiesling/pl | $ 160.00 | | | 0.3 | | | | | | | | | | 0.3 | $ 40.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 29.3 | 0.0 | 276.3 | 500.2 | 0.0 | 0.0 | 214.9 | 0.0 | 538.5 | 51.9 | 0.0 | 0.0 | 1611.0 | $ 792,105.75 |

EXHIBIT 2

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2011 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/p | $ 595.00 | | | | | | | 19.0 | | 4.0 | 2.0 | | | 25.0 | $ 14,875.00 |
| Keith Essenmacher/p | $ 575.00 | | | 7.1 | | | | 43.7 | | | | | | 50.8 | $ 29,210.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | | | | | | | | | | | | | | 0.0 | $ - |
| Gary Jacobson/p | $ 770.00 | 0.2 | | | | | | | | 0.7 | | | | 0.9 | $ 693.00 |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/a | $ 290.00 | 0.5 | | | | | | | | | | | | 0.5 | $ 145.00 |
| Chris McGrath/p | | | | | | | | | | | | | | 0.0 | $ - |
| Fred Isquith/a | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | | | | | | | | | | | | | | 0.0 | $ - |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Janetta Pittman/oc | $ 340.00 | 1.0 | | | 52.0 | | | 53.5 | | 47.0 | | | | 153.5 | $ 52,190.00 |
| Jason Pearlman/pl | $ 140.00 | | | 62.5 | 23.0 | 4.0 | | 3.0 | | | | | | 92.5 | $ 12,950.00 |
| Jodi Krisilov/p | $ 675.00 | 0.4 | | 4.2 | | | | | | | | | | 4.6 | $ 3,105.00 |
| Merrick Rayle/p | $ 580.00 | | | 42.0 | 110.9 | 1.9 | | 48.6 | | 96.0 | | | | 299.4 | $ 173,652.00 |
| Tucker Kiesling/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Molly Sullivan/pl | $ 250.00 | | | 3.0 | | | | 67.8 | | 12.0 | | | | 82.8 | $ 20,707.50 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.1 | 0.0 | 118.8 | 185.9 | 5.9 | 0.0 | 235.6 | 0.0 | 159.7 | 2.0 | 0.0 | 0.0 | 710.0 | $ 307,527.50 |

EXHIBIT 2

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2012 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/p | $ 635.00 | 0.5 | | | | | | | | | | | | 0.5 | $ 317.50 |
| Keith Essenmacher/p | $ 615.00 | 0.8 | | 5.1 | 25.0 | 34.1 | | | | | | | | 65.0 | $ 39,975.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 845.00 | 0.8 | | | | | | | | | | | | 0.8 | $ 633.75 |
| Gary Jacobson/p | | | | | | | | | | | | | | 0.0 | $ - |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris McGrath/p | | | | | | | | | | | | | | 0.0 | $ - |
| Fred Isquith/a | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | | | | | | | | | | | | | | 0.0 | $ - |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Janetta Pittman/oc | $ 340.00 | | | | | | | | | | | | | 0.0 | $ - |
| Jason Pearlman/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Jodi Krisilov/p | | | | | | | | | | | | | | 0.0 | $ - |
| Merrick Rayle/p | | | | | | | | | | | | | | 0.0 | $ - |
| Tucker Kiesling/pl | $ 170.00 | | | | | | | | | 6.0 | | | | 6.0 | $ 1,020.00 |
| Molly Sullivan/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ari Lehman/oc | $ 400.00 | | | | | | | 666.8 | | | | | | 666.8 | $ 266,700.00 |
| Mathew Kuiper/a | $ 350.00 | | | | | | | 612.7 | | | | | | 612.7 | $ 214,445.00 |
| Tracy Greenwood/oc | $ 400.00 | | | | | | | 200.0 | | | | | | 200.0 | $ 80,000.00 |
| Ari Lehman/oc dep prep | $ 435.00 | | | | | | | 207.0 | | | | | | 207.0 | $ 90,045.00 |
| Tracy Greenwood/oc dep pre | $ 450.00 | | | | | | | 122.5 | | | | | | 122.5 | $ 55,125.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 2.1 | 0.0 | 5.1 | 25.0 | 34.1 | 0.0 | 1809.0 | 0.0 | 6.0 | 0.0 | 0.0 | 0.0 | 1881.2 | $ 748,261.25 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2013 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/p | | | | | | | | | | | | | | 0.0 | $ - |
| Keith Essenmacher/p | $ 650.00 | | | | | | | 2.2 | | | | | | 2.2 | $ 1,430.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris Lovell/p | $ 875.00 | 1.0 | | | | | | | | | | | | 1.0 | $ 875.00 |
| Gary Jacobson/p | | | | | | | | | | | | | | 0.0 | $ - |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ben Jaccarino/a | | | | | | | | | | | | | | 0.0 | $ - |
| Chris McGrath/p | $ 520.00 | | | | | | 7.7 | | | 8.1 | | | | 15.8 | $ 8,216.00 |
| Fred Isquith/a | | | | | | | | | | | | | | 0.0 | $ - |
| Ian Stoll/p | | | | | | | | | | | | | | 0.0 | $ - |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $ - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Janetta Pittman/oc | | | | | | | | | | | | | | 0.0 | $ - |
| Jason Pearlman/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Jodi Krisilov/p | | | | | | | | | | | | | | 0.0 | $ - |
| Merrick Rayle/p | $ 640.00 | | | | | | | | | 14.7 | | | | 14.7 | $ 9,408.00 |
| Tucker Kiesling/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Molly Sullivan/pl | | | | | | | | | | | | | | 0.0 | $ - |
| Ari Lehman/oc | $ 400.00 | | | | | | | 24.8 | | | | | | 24.8 | $ 9,900.00 |
| Mathew Kuiper/a | $ 350.00 | | | | | | | 986.6 | | | | | | 986.6 | $ 345,310.00 |
| Tracy Greenwood/oc | | | | | | | | | | | | | | 0.0 | $ - |
| Ari Lehman/oc dep prep | $ 435.00 | | | | | | | 967.3 | | | | | | 967.3 | $ 420,753.75 |
| Tracy Greenwood/oc dep prep | $ 450.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.7 | 1980.8 | 0.0 | 22.8 | 0.0 | 0.0 | 0.0 | 2012.3 | $ 795,892.75 |

EXHIBIT 2

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2014 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Craig Essenmacher/p | | | | | | | | | | | | | | 0.0 | $    - |
| Keith Essenmacher/p | $ 680.00 | | | 1.8 | | | | | | | | | | 1.8 | $ 1,224.00 |
| Imtiaz Siddqui/a | | | | | | | | | | | | | | 0.0 | $    - |
| Chris Lovell/p | $ 950.00 | 0.4 | | | | | | 0.3 | | | | | | 0.7 | $ 665.00 |
| Gary Jacobson/p | | | | | | | | | | | | | | 0.0 | $    - |
| Ken Smith/pl | | | | | | | | | | | | | | 0.0 | $    - |
| Travis Carter/pl | | | | | | | | | | | | | | 0.0 | $    - |
| Ben Jaccarino/a | | | | | | | | | | | | | | 0.0 | $    - |
| Chris McGrath/p | | | | | | | | | | | | | | 0.0 | $    - |
| Fred Isquith/a | | | | | | | | | | | | | | 0.0 | $    - |
| Ian Stoll/p | | | | | | | | | | | | | | 0.0 | $    - |
| Peggy Wedgeworth/p | | | | | | | | | | | | | | 0.0 | $    - |
| Christine Segro/pl | | | | | | | | | | | | | | 0.0 | $    - |
| Janetta Pittman/oc | | | | | | | | | | | | | | 0.0 | $    - |
| Jason Pearlman/pl | | | | | | | | | | | | | | 0.0 | $    - |
| Jodi Krisilov/p | | | | | | | | | | | | | | 0.0 | $    - |
| Merrick Rayle/p | $ 700.00 | | | | | | | | | | | | | 0.0 | $    - |
| Tucker Kiesling/pl | | | | | | | | | | | | | | 0.0 | $    - |
| Molly Sullivan/pl | | | | | | | | | | | | | | 0.0 | $    - |
| Ari Lehman/oc | $ 400.00 | | | | | | | 295.6 | | 9.8 | | | | 305.3 | $ 122,120.00 |
| Mathew Kuiper/a | $ 350.00 | | | | | | | 8.7 | | | | | | 8.7 | $ 3,045.00 |
| Tracy Greenwood/oc | | | | | | | | | | | | | | 0.0 | $    - |
| Ari Lehman/oc dep prep | $ 435.00 | | | | | | | 158.3 | | | | | | 158.3 | $ 68,838.75 |
| Tracy Greenwood/oc dep prep | $ 450.00 | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 0.4 | 0.0 | 1.8 | 0.0 | 0.0 | 0.0 | 462.8 | 0.0 | 9.8 | 0.0 | 0.0 | 0.0 | 474.8 | $ 195,892.75 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | 2015 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Keith Essenmacher/p | $ 680.00 | | | 0.8 | | | | | | | | | | 0.8 | $ 544.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.8 | $ 544.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Lovell Stewart | | |
|---|---|---|---|
| Reporting Year | Inception through Present | | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2007 | | 5.7 | 0.0 | 2.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 72.9 | 0.0 | 0.0 | 80.6 | $ 33,080.00 |
| 2008 | | 38.6 | 1.8 | 3.2 | 20.6 | 0.0 | 0.0 | 23.5 | 0.0 | 101.8 | 22.0 | 0.0 | 0.0 | 211.5 | $ 102,826.00 |
| 2009 | | 19.1 | 0.0 | 0.3 | 0.0 | 0.0 | 0.0 | 19.4 | 0.0 | 72.0 | 252.1 | 5.1 | 0.0 | 367.9 | $ 218,852.50 |
| 2010 | | 29.3 | 0.0 | 276.3 | 500.2 | 0.0 | 0.0 | 214.9 | 0.0 | 538.5 | 51.9 | 0.0 | 0.0 | 1611.0 | $ 792,105.75 |
| 2011 | | 2.1 | 0.0 | 118.8 | 185.9 | 5.9 | 0.0 | 235.6 | 0.0 | 159.7 | 2.0 | 0.0 | 0.0 | 710.0 | $ 307,527.50 |
| 2012 | | 2.1 | 0.0 | 5.1 | 25.0 | 34.1 | 0.0 | 1809.0 | 0.0 | 6.0 | 0.0 | 0.0 | 0.0 | 1881.2 | $ 748,261.25 |
| 2013 | | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 7.7 | 1980.8 | 0.0 | 22.8 | 0.0 | 0.0 | 0.0 | 2012.3 | $ 795,892.75 |
| 2014 | | 0.4 | 0.0 | 1.8 | 0.0 | 0.0 | 0.0 | 462.8 | 0.0 | 9.8 | 0.0 | 0.0 | 0.0 | 474.8 | $ 195,892.75 |
| 2015 | | 0.0 | 0.0 | 0.8 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.8 | $ 544.00 |
| | | 98.1 | 1.8 | 408.3 | 731.7 | 40.0 | 7.7 | 4745.9 | 0.0 | 910.6 | 400.9 | 5.1 | 0.0 | 7350.0 | $ 3,194,982.50 |

| STATUS: | |
|---|---|
| (P) | Partner |
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

Exhibit 3

**EXHIBIT 3**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

| EXPENSE SUMMARY | | | |
|---|---|---|---|
| INDIRECT PURCHASER PLAINTIFFS | | | |
| **Firm Name** | **Lovell Stewart** | | |
| **Reporting Year** | **Inception through May 31, 2015** | | |
| | | | |
| **TYPE OF EXPENSE** | | | **TOTAL** |
| | | | |
| Assessments | | $ | 125,000.00 |
| Outside Copies | | | |
| In-house Reproduction /Copies | | $ | 917.32 |
| Court Costs & Filing Fees | | $ | 350.00 |
| Court Reporters /Transcripts | | $ | 874.88 |
| Computer Research | | $ | 13,179.66 |
| Telephone & Facsimile | | $ | 84.42 |
| Postage/Express Delivery/Courier | | $ | 1,045.89 |
| Professional Fees (investigator, accountant, etc.) | | | |
| Experts | | | |
| Witness / Service Fees | | | |
| Travel: Airfare | | $ | 15,639.60 |
| Travel: Lodging/Meals | | $ | 11,622.31 |
| Travel: Other | | $ | 784.61 |
| Car Rental/Cabfare/Parking | | $ | 1,718.22 |
| Other Expenses | | $ | 1,354.68 |
| | | | |
| | | $ | 172,571.59 |