Mario N. Alioto (56433)
Joseph M. Patane (72202)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for*
*Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST; No. CV-13-03234-JST |
| | MDL No. 1917 |
| This Document Relates to: | **CLASS ACTION** |
| All Indirect Purchaser Actions | **INDIRECT PURCHASER PLAINTIFFS' LIMITED OBJECTIONS TO THE JANUARY 28, 2016 REPORT AND RECOMMENDATIONS; CLARIFICATIONS REGARDING RECORD** |
| | Hearing Date:  March 15, 2016 Time: 2:00 p.m. Judge: Honorable Jon S. Tigar Court: Courtroom 9, 19th Floor |

1

2    Indirect Purchaser Plaintiffs ("IPPs") submit the following limited objections to the Special

Master's January 28, 2016 Report & Recommendation ("R&R") (Dkt. No. 4351).  IPPs also clarify

3    certain factual statements in the R&R.

4    **I.    IPP OBJECTIONS TO THE R&R**

5         **A.    The Special Master Did Not Rule On Messrs. Cooper and Scarpulla's Standing
               To Object To The Proposed Settlements**

6

7         The Special Master addressed only in limited fashion, but did not rule upon, IPPs' argument

8    that Messrs. Cooper and Scarpulla lack standing to object to the proposed settlements.  Because

standing is a jurisdictional requirement and has important implications for appeal,[1] it is necessary for

9    the Court to decide this issue.

10

11        **1.    Background**

12        Messrs. Cooper and Scarpulla are listed as counsel of record in the Indirect Purchaser

13   Plaintiffs' Fourth Consolidated Amended Complaint.  (Dkt. No. 1526.)  Mr. Cooper's firm, Cooper

14   & Kirkham, P.C., is counsel of record for one of the court-appointed class representatives for the

State of California, Steven Ganz.  Mr. Scarpulla's former firm, Zelle LLP, represents former class

15   representatives Michael Juetten and Chad Klebs.  Mr. Scarpulla has an agreement with Zelle

16   permitting him to continue to represent these clients.[2]

17        On October 8, 2015, Messrs. Cooper and Scarpulla filed formal objections to the proposed

18   settlements, plan of distribution, notice program and attorneys' fees.  (Dkt. Nos. 4115, 4116.)  These

19   objections were not filed on behalf of their clients or any other specific class member; rather, they

20   were filed on behalf of the "Indirect Purchaser Plaintiffs."

21

22   _____

23   [1] IPPs are facing the prospect of multiple, frivolous appeals by objectors for the purpose of delaying
     payment to class members and IPP Counsel in the hopes of obtaining money for themselves.  To
24   date, IPPs have eliminated the objections (and right to appeal) of two objectors and are working on
     eliminating the right to appeal of certain other objectors who have been sanctioned or found in
25   contempt of court.

26   [2] At the January 5, 2016 hearing before Special Master Quinn, Mr. Scarpulla stated: "As part of my
     agreement leaving Zelle – I was made a – another lawyer of record for those – for that client."
     Declaration of Mario N. Alioto In Support of Indirect Purchaser Plaintiffs' Limited Objections to the
27   January 28, 2016 Report & Recommendations ("Alioto Obj. Decl."), Ex. 1 (Excerpts from January
     5, 2016 Hearing Tr.) at 127:18-20.

28
                                                    1

1    In the motion for final approval of the proposed settlements (Dkt. No. 4370), IPPs moved to

2 strike the objections filed by Cooper and Scarpulla on the grounds that the objections were not filed

3 on behalf of a class member, and that they therefore lacked standing.  *See id.* at 27, citing *In re*

4 *TracFone Unlimited Serv. Plan Litig.*, 112 F.Supp.3d 993, 1008 (N.D. Cal. 2015) (objector has no

5 legal standing to object to a settlement unless he can demonstrate he is an aggrieved class member).

6 IPPs also noted that "[t]hese lawyers have no authority to object on behalf of IPPs or the Class as a

7 whole. They are not Lead Counsel." *Id.*

8    In reply, Cooper and Scarpulla argued that they do have standing to object to the settlements

9 because they are "class counsel" and, as such, have a fiduciary duty to the class as a whole.  They

10 also argued that it is irrelevant that "they did not specifically identify their clients" in their

11 objections.  (*See* Reply In Support of Objections to Indirect Purchaser Plaintiffs' Motion for Final

12 Approval of Settlements ("Reply"), Dkt. No. 4364 at 1-5.)[3]

13    IPPs did not file a response to these arguments because the Special Master limited IPPs'

14 reply in support of the motion for final approval to five specific issues, and standing was not one of

15 them.  (*See* R&R at 11, n. 13.)  But IPPs raised the issue of standing at the January 5, 2016 hearing

16 before Special Master Quinn.  IPPs argued that: (1) only class members have standing to object to

17 the settlements; (2) it is Cooper and Scarpulla's burden to prove standing; (3) the authorities cited by

18 Cooper and Scarpulla do not support their standing to object to the settlements; and (4) Cooper and

19 Scarpulla have not been appointed as class counsel by the Court and thus have no authority to speak

20 on behalf of the class as a whole.  *See* Hearing Tr., 126:6-132:8 (Alioto Obj. Decl., Ex. 1).

21    The Special Master addressed IPPs' standing arguments in the R&R, but only as follows:

22 "The Special Master concludes that the proper approach is to consider the arguments set forth in

23 their [Cooper and Scarpulla's] briefs in furtherance of the Court's fiduciary duty to the class to

24 assure that the settlement is fair."  R&R at 12-13, n.17.  This conclusion addresses solely the

25 ───────────────

26 [3] On December 11, 2015, Cooper and Scarpulla filed a motion for appointment as co-lead counsel for class members in non-repealer states.  (Dkt. No. 4241.)  This motion was filed on behalf of the "Indirect Purchaser Plaintiffs" as well, rather than on behalf of a member of the class Cooper and

27 Scarpulla sought to represent.  *See id.*  As further explained below, that motion appears to have been brought in an attempt to cure the standing problem.

28

1  question of whether the Court should consider the arguments by Messrs. Cooper and Scarpulla in the

2  exercise of its discretion.  The Special Master did not decide the separate question of whether

3  Cooper and Scarpulla have *standing* to formally object to the settlements.

### 2.    Cooper and Scarpulla Lack Standing

5      IPPs do not contest the ability of lawyers on the case to raise with the Court perceived

6  concerns about the settlements.  IPPs agree that, in furtherance of their fiduciary duty to absent class

7  members, the Special Master, and the Court, may consider arguments raised by counsel for the class

8  during a determination on settlement approval.  *See* R&R at 12-13, n.17.  But formal objections to

9  the settlements are a different matter.  Such objections may be made only by class members.  *See,*

10 *e.g., In re TracFone*, 112 F.Supp.3d at 1008 (objector has no legal standing to object to a settlement

11 unless he can demonstrate he is an aggrieved class member); *San Francisco NAACP v. San*

12 *Francisco Unified School Dist.*, 59 F. Supp. 2d 1021, 1032 (N.D. Cal. 1999) ("'The plain language

13 of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals.'")

14 (citations omitted); *see also* Newberg on Class Actions, §13:22 (5th ed.) (citing many cases).

15 Objections must also be made in conformity with the requirements in the notice approved by the

16 Court and disseminated to class members.  *See San Francisco NAACP*, 59 F. Supp. 2d at 1033

17 (striking objections of persons who "fail[ed] to comply with the requirements of the notice").[4]

18     Objectors have the burden to establish their standing.  *See, e.g., In re Hydroxycut Mktg. &*

19 *Sales Practices Litig.,* No. 09-md-2087, 2013 WL 5275618, at *2 (S.D. Cal. Sept. 17, 2013) (striking

20 objection because objectors had not "satisfied their burden of establishing that they are class

21 members and therefore have standing to object to the proposed class settlement").

22     This case law is based on fundamental, constitutional principles of standing that require—at a

23 minimum—that the plaintiff (or in this context, the objector) must have suffered an "injury-in-fact."

24

[4] Here, the Preliminary Approval Order and the Detailed Notice set out the requirements to object
25 and include the following key directives: (a) the objection had to be in writing; (b) the objection had
to be signed by the objecting class member; and (c) the objection had to be submitted to the Court by
26 the due date.  *See* Dkt. No. 3906 at ¶ 18 (the Order), and Ex. A thereto, at 10 (the Detailed Notice).
The Order further requires "submission of proof of membership in the class," and provides: "Failure
27 to timely submit a written objection in accordance with the requirements in the Detailed Notice will
preclude a class member from objecting to the Proposed Settlements." *Id.* at ¶ 18.

28

*See Paterson v. Texas*, 308 F.3d 448, 451 (5th Cir. 2002) (citations omitted) (rejecting objections to a settlement by the State of Texas for lack of standing because (1) "the State has not itself suffered an actual or imminent injury and can demonstrate no present interest in the settlement funds"; and (2) the State had "no authority" to represent the interests of Texas class members who were adequately represented by court-appointed class representatives).

Under these standards, Cooper and Scarpulla cannot satisfy their burden to prove standing. They have not shown that they themselves suffered an injury-in-fact as a result of the settlements, or that they are objecting on behalf of a class member whose rights are impacted by the settlements.  In fact, at the January 5 hearing, Mr. Scarpulla admitted not only that his objections were not filed on behalf of a class member, but also that his objections were filed *against* his clients' wishes.[5]  As for Mr. Cooper, his firm's client did not file any objection to the settlements, and the time to do so has long passed.[6]

Moreover, like the State of Texas in *Paterson,* Cooper and Scarpulla have no authority to speak on behalf of the indirect purchaser class as a whole, or any subset of it, because the class is adequately represented by the class representatives and the court-appointed Lead Counsel.  (*See* R&R at 27 & 61.)  Cooper and Scarpulla's motion for appointment as co-lead counsel for indirect purchaser plaintiffs in non-repealer states – which has now been denied – was an implicit acknowledgement that they had no authority to speak for the class.[7]

Finally, Cooper and Scarpulla also failed to comply with the requirements of the notice in that their objection was not "signed by the objecting class member," and they failed to submit proof

---

[5] *See* Alioto Obj. Decl., Ex. 1 (January 5, 2016 Hearing Tr.) at 127:18-22 (emphasis added): "As part of my agreement leaving Zelle, I was made a -- another lawyer of record for those -- for that client. However, *I was told by Zelle that the client does not -- does not approve of my objections.*"

[6] Mr. Cooper has acknowledged that his firm did not file objections "on behalf of Mr. Ganz individually," and that Mr. Ganz would not have standing to assert the objections to the settlements that Cooper and Scarpulla have made.  Alioto Obj. Decl., Ex. 2 (Opp'n to Motion to Strike) at 2, n.3. Mr. Cooper has conceded that a purported appearance by Mr. Ganz as an "Objector" in the JAMS notice system was an error requiring correction.  *See id.*, Ex. 3 (Reply re: Motion to Strike).

[7] Mr. Cooper's statement at the January 5, 2016 hearing confirms that he and Mr. Scarpulla were seeking appointment as co-lead counsel merely to bolster their authority to speak for the class: "We do not have any intention, if appointed co-lead counsel, of doing anything other than proceeding with the objections which have been advanced."  Hearing Tr. at 20:14-16 (Alioto Obj. Decl., Ex. 1).

of membership in the class.  Pursuant to the Preliminary Approval Order, they are precluded from objecting to the settlements.  *See* Dkt. No. 3906 ¶ 18.  Their objections should be stricken on these grounds alone.  *See also San Francisco NAACP*, 59 F. Supp. 2d at 1033.

Cooper and Scarpulla are left solely with their argument that their fiduciary duty to the class somehow gives them—in their capacity as counsel in the case without a client—standing to object to the settlements.  As already indicated, IPPs do not dispute that both counsel and the Court have a fiduciary duty to the class, or that the Special Master and the Court have the discretion to consider the concerns raised by counsel in the exercise of their fiduciary duty.  But none of the authorities cited by Cooper and Scarpulla, or the Special Master, has anything to do with counsel's *standing* to object to a settlement.[8]  These authorities merely recite general principles regarding class counsel's and the Court's fiduciary duty to the class as a whole, which again IPPs do not dispute.

Moreover, the statements in these authorities regarding "class counsel's" fiduciary duty to the class as a whole, as opposed to individual class members, are made in reference to the court-appointed class counsel—not mere lawyers in the case.  For example, the reference to "Class Counsel" in the quoted language from *Rodriguez,* 2007 WL 2827379, at *13-14 (Reply at 2 & 3) clearly related to the court's discussion of the adequacy of the court-appointed class counsel, in the context of objections to the settlement by named plaintiffs (not absent class member objectors).  The *Rodriguez* court was simply citing the well-settled rule that, where individual named plaintiffs object to a class settlement, the court-appointed class counsel is obliged to continue to represent the interests of the class as a whole.  *Id.*  The same is not true for other lawyers in the case, who are free

---

[8] *See, e.g., Staton v. Boeing Co.,* 327 F.3d 938 (9th Cir. 2003) (*see* R&R at 13, n.12; Reply at 8) (objections to a class settlement by several class members whose standing was not at issue); *Rodriguez v. Disner,* 688 F.3d 645, 656 (9th Cir. 2012) (*see* R&R at 13, n.12) (objections to fee award by class counsel and objectors following finding that class counsel had a conflict of interest with the class; standing not an issue); *Rodriguez v. West Publishing Corp.,* No. CV05–3222 R(MCx), 2007 WL 2827379 (C.D. Cal. Sept. 10, 2007) (*see* Reply at 8 & 9) (objections by class members and certain named plaintiffs whose standing was not at issue); *In re Pet Food Products Liab. Litig.,* 629 F.3d 333, 336 (3d Cir. 2010) (*see* R&R at 13, n.12; Reply at 11) (noting that "[a]ppellants are *members of the settlement class* who objected to various aspects of class certification and the settlement") (emphasis added); *Ehrheart v. Verizon Wireless,* 609 F.3d 590, 593 (3d Cir. 2010) (*see* R&R at 13, n.12; Reply at 10) (appeal by class plaintiffs after district court vacated preliminary approval of settlement and granted judgment on the pleadings due to post-settlement change in the law that rendered plaintiffs' claim moot; no standing issues).

5

to represent individual class members (named plaintiffs or otherwise) and take positions contrary to the class as a whole.[9]

In sum, none of the authorities cited by Cooper and Scarpulla establishes that lawyers in a class action—who are not the court-appointed class counsel—may disregard constitutional standing requirements and object to a settlement based on their fiduciary duty to the class.  Thus, Cooper and Scarpulla have failed to meet their burden of proving their standing to object to the settlements.

Lack of standing affects the ability not only to object to settlements but also to appeal any judgment affirming their approval.  It is therefore imperative that the Court consider and rule upon these lawyers' standing, which is an issue separate and apart from their ability to raise concerns for the Court's consideration.

### B.    The Special Master Should Have Stricken Objectors' Joinders Incorporating Other Objections By Reference

Several objectors improperly sought to incorporate by reference "all other objections" to settlement approval and the fee award.  *See:*

1.  *Moore Objection* (Dkt. No. 4113) at 10:1-4;

2.  *Bonsignore Joinder and Reply* at (Dkt. No. 4144) at 1:15-18 & n.1;

3.  *Johnson Objection* (Dkt. No. 4128) at 2;

4.  *Hull Objection* (Dkt. No. 4125) at 1-2, Joinder and Notice (Dkt. No. 4229) at 1, and Joinder & Re-Urging of Objection (Dkt. No. 4258) at1; and

5.  *Dan L. Williams & Co. Objections* (Dkt. No. 4112) at 13:8-11.

In their motion for final approval of the settlements, IPPs requested that these purported joinders in other objections be stricken.  *See* Dkt. No. 4370 (Mtn. for Final Approval) at 27, n.36, noting that these joinders are "improper attempts to enlarge the grounds for possible appeal."

---

[9] Indeed, *Rodriguez* supports IPPs' position that Messrs. Cooper and Scarpulla do not have the right to speak on behalf of the class as a whole.  There, the court overruled an objection to the settlements by a former partner of the court-appointed class counsel, McGuire Woods, "because Disner [the former McGuire Woods partner] *was never appointed Class Counsel*; *McGuire Woods was appointed Class Counsel.*" *Id.* at *13 (emphasis added).

The R&R does not address this issue.  A determination on the scope of appealable issues raised by objectors is essential, and IPPs will be prejudiced if objections are not limited to those matters expressly discussed in each objector's filings.  Further, the Court should reject an incorporation by reference that allows each objector to skirt the page limitations imposed by local rules, and essentially forces the Court to construct each of these objectors' arguments.

IPPs respectfully request that the Court strike the joinders and consider only those arguments specifically contained in an objector's brief.  *See, e.g., Shellabarger v. Dicharry,* No. 2:13-cv-00188, 2014 WL 5797194, at *5 (E.D. Cal. Nov. 5, 2014) (granting motion to strike affirmative defense seeking "to incorporate by reference all affirmative defenses set forth by co-defendants"); *Darwich v. City of Dearborn,* No. 13-10254, 2014 WL 4600902, at *1 (E.D. Mich. Sept. 15, 2014) ("In order for this court to apply meaningful *de novo* review, it is insufficient for the objecting party to simply incorporate by reference earlier pleadings or reproduce an earlier unsuccessful motion for dismissal or judgment (or response to the other party's dispositive motion).  Insufficient objections to a magistrate judge's analysis will ordinarily be treated by the court as an unavailing general objection.").

## C.     IPP Counsel's One-Third Fee Request Is Justified

IPP Counsel sought attorneys' fees in the amount of $192,250,000, or 33.3% of the Settlement Fund.  (*See* Dkt. No. 4071 ("Fee Motion") at 31.)  The R&R instead recommends an award in the amount of $173,250,000, equal to 30% of the Settlement Fund.  (*See* R&R at 77.)  IPP Counsel continues to believe a 33.3% fee award is justified here, and reserve the right to continue to advocate for 33.3% in the event the objectors object to a 30% fee award.  If objectors do so, IPP Counsel respectfully request that the Court consider the following factors supporting an upward adjustment.

First, the requested fee in the amount of 33.3% of the Settlement Fund is justified based on:

- the complexity of the case and its eight-year duration (R&R at 59-50; Fee Motion at 11-20 (describing case complexities including, *inter alia,* the age of the case, the

global nature of the conspiracy, the single criminal fine, coordination with multiple plaintiff groups, and adverse rulings issued during the pendency of the case));

- the "extraordinary risk undertaken by [IPP Counsel] in the present uncertain state of antitrust and class action law" (R&R at 69; Fee Motion at 20-23);

- the additional difficulties faced by IPPs vis-à-vis the indirect plaintiffs in *LCD* (R&R at 56-57; Dkt. No. 4373 ("Fee Reply") at 7-8) and the direct purchaser plaintiffs ("DPPs") in this case—whose counsel both received 30% fee awards[10]; and

- the "unarguably superb result of recovering for the indirect purchasers the second largest indirect purchaser price fixing settlement in history." (R&R at 69.)

Second, IPP Counsel requested the 33.3% fee in consultation with Richard Pearl, an expert on attorney fee issues, who confirmed that the 33.3% fee request is justified here based on the law and the facts.[11]

Finally, the Special Master rejected on the merits all of the objections to the settlements and sustained only one of the objections to the plan of distribution, which involves only 0.8% of the $576,750,000 Settlement Fund.  He also rejected on the merits all of the objections to the fee request.[12]  Despite rejecting on the merits the objections regarding the lack of compensation to

---

[10] IPPs recovered *four times* as much as the CRT direct purchaser class notwithstanding the additional hurdles associated with indirect purchaser claims.  *See, e.g.*, IIA Areeda et al., Antitrust Law ¶ 396 (3d ed. 2006) (discussing the "complexity" and "practical problems of proof" in indirect purchaser suits).  Moreover, there were no objections to the DPPs' fee request and no prospect of an appeal.  In contrast, IPP Counsel have had to spend a tremendous amount of time over the last four months addressing the various objections to the IPP settlements and fee award – the vast majority of which were meritless and have been rejected out of hand by the Special Master – and IPP Counsel are almost certainly going to be forced to continue to litigate these objections on appeal.  These appeals could take more than two years to resolve.  This additional work and the attendant risk and delay in payment for IPP Counsel weigh in favor of a 33.3% fee award.

[11] *See generally* Dkt. No. 4071-15 (Declaration of Richard M. Pearl in Support of Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses and Incentive Awards for Class Representatives), and Dkt. No. 4373-2 (Supplemental Declaration of Richard M. Pearl in Support of Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses and Incentive Awards for Class Representatives).

[12] *See* R&R at 55 (rejecting request to use lodestar analysis based on claimed improprieties with IPP Counsel's handling of the case and billing practices); R&R at 57-58 (rejecting objections to the settlement amount and claims that it was attributable to the Chunghwa settlement and government action as "ludicrous," "the height of Monday-morning quarterbacking," and "lacking any factual basis or common sense"); R&R at 60-62 (rejecting objections that Lead Counsel mishandled the case and finding that "Lead Counsel was superb at coordinating the class effort"); R&R at 63-64

8

1    certain members of the Nationwide Class, the lack of representatives from certain repealer States,

2    and the litigation involving the California Attorney General, the Special Master appears to have

3    reduced the requested fee to 30% based on these "troublesome issues."  (*See* R&R at 62 & 73-74.)

4    IPP Counsel respectfully submits that reducing the fee award by $19 million based on objections that

5    were rejected on the merits, and one objection that was sustained but is *de minimis,* produces an

6    inconsistent and disproportionate result.

7            **D.      The Plan of Distribution for the Chunghwa Settlement Funds**

8            The Special Master has raised concerns about the plan of distribution for the Chunghwa

9    Settlement Funds and requested that Lead Counsel address those concerns.  On February 5, 2016,

10   Lead Counsel submitted a letter brief to the Special Master that proposed a solution, and explained

11   that the Chunghwa distribution issue is no obstacle to this Court's review and approval of the

12   pending settlements and attorneys' fee issues.  The matter is still under consideration by the Special

13   Master.

14          Lead Counsel nonetheless believes the original plan of distribution for the Chunghwa

15   Settlement Funds is fair and reasonable, and that the dollar amounts implicated by the Special

16   Master's concerns are *de minimis*.  Specifically, the changes to the Chunghwa plan of distribution

17   involve the re-allocation of only 0.8 percent of the $576.75 million Settlement Fund.  Lead Counsel

18   reserves the right to argue that the plan of distribution as originally submitted was fair, reasonable

19   and adequate in the event the Special Master were to reject Lead Counsel's February 5, 2016

20   proposal.

21

22   _____

23   (rejecting objections to the addition of the three trial team firms); R&R at 64-65 (rejecting objections
     to Lead Counsel's handling of the issues with the California Attorney General and Philips, and
24   noting that "the dispute over the Philips settlement was real, but it demonstrates appropriate caution
     rather than incompetence or poor judgment by Lead Counsel," and concluding that "Lead Counsel
25   acted prudently"); R&R at 65 (rejecting objection based on the lack of monetary compensation to the
     Nationwide Class and concluding that "Lead Counsel made a legitimate decision, solidly based in
26   law"); R&R at 65-66 (rejecting objection that too many counsel worked on the case); R&R at 69-70
     (rejecting objection to billing rates and noting that "Lead Counsel's rates were low"); R&R at 70-71
27   (rejecting objection to the number of hours expended on the grounds that "Lead Counsel has
     explained in convincing detail the effort necessary"); R&R at 71-73 (rejecting objections to IPP
28   Counsel's time records and billing contract attorneys at market rates).

                                                     9

1    **II.    CLARIFICATIONS REGARDING THE RECORD**

2         Lastly, the R&R contains two factual inaccuracies that, while minor, IPPs nonetheless wish

3    to correct for the sake of a fully accurate record.

4         1.   ***Scope of preliminary approval.***  The R&R at 2, n.7 states:  "This motion and court order

5              did not include the Thomson and TDA settlement[sic] since that settlement [sic] was not

6              entered into until June 10, 2015, after the motion for preliminary approval was filed."

7              *See also id.* at 10:3-4 ("IPPs filed their motions for preliminary approval of the Proposed

8              Settlements on May 29, 2015.  Docket No. 3861.")  In fact, IPPs filed an amended

9              motion for preliminary approval of the Thomson and TDA settlements and the

10             preliminary order entered on July 9, 2015, approved those settlements as well.  *See* Dkt.

11             Nos. 3875 (amended motion) and 3906 (Order).

12        2.   ***Reference to LPD.***  The R&R at 58, n. 30 states: "The settling entity was actually LPD, a

13             combination of Philips and LG, whom the IPPs held responsible for Philips' liability."

14             This is incorrect.  While the relationships among a number of defendant entities, and

15             particularly those involving Philips and LG, were complex, in fact the Philips entities—

16             not LPD—were the settling entities.  *See* Dkt. No. 3862-1 (Settlement Agreement) at 1.

17             LPD is bankrupt and did not actively participate in this case.

18                                    **<u>CONCLUSION</u>**

19        Based on the foregoing, IPPs respectfully request that the Court: (1) rule that Messrs. Cooper

20   and Scarpulla lack standing to object to the proposed settlements; (2) grant the IPPs' motion to strike

21   objectors' joinders in other objections; (3) consider IPPs' request for attorneys' fees in the amount of

22   33.3% of the Settlement Fund; and (4) adopt the corrections to the record as set forth herein.

23   //

24   //

25   //

26

27

28

Dated:  February 12, 2016

Respectfully submitted,

*/s/ Mario N. Alioto*

Mario N. Alioto (56433)
malioto@tatp.com
Joseph M. Patane (72202)
jpatane@tatp.com
Lauren C. Capurro (241151)
laurenrussell@tatp.com
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679

***Lead Counsel for Indirect Purchaser Plaintiffs***

INDIRECT PURCHASER PLAINTIFFS' LIMITED OBJECTIONS TO THE JANUARY 28, 2016 R&R;
CLARIFICATIONS REGARDING RECORD – Master File No. CV-07-5944-JST