# Exhibit 1

Page 1

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3
 4   _____
                                     )
 5   IN RE:  CATHODE RAY TUBE        )
     (CRT) ANTITRUST LITIGATION      )
 6   _____)   No. 3:07-cv-05944-SC
                                     )   MDL No. 1917
 7   This Document Relates to:       )
                                     )
 8   ALL ACTIONS                     )
     _____)
 9
10
11
12
13
14
15              ORAL ARGUMENT HEARING
16            San Francisco, California
17            Tuesday, January 5, 2016
18
19
20
21
22
     Reported by:
23   SUZANNE F. BOSCHETTI
     CSR No. 5111
24
25
```

1   that's just words of caution.
2           So I guess I'd like to ask Mr. Cooper and/or
3   Mr. Scarpulla, is it premature for me to submit a report
4   and recommendation on these issues on the 15th when you
5   are going to have a hearing, I believe on January 17, on
6   your motion to be appointed co-lead counsel to represent
7   the interests of class members in -- in non-repealer
8   states?
9           MR. COOPER:  I guess we have debated that issue
10  back and forth, Your Honor, as to what to do before we
11  filed.  We debated that question before we filed a
12  motion.  And we know the schedule is the one that is
13  set, and we have not asked the court to change the
14  schedule or asked you to change the schedule.  We do not
15  have any intention, if appointed co-lead counsel, of
16  doing anything other than proceeding with the objections
17  which have been advanced.
18          So we would be proceeding with those objections
19  with or without the designation.  The defendants raised
20  the question in response to the motion to be appointed
21  as to whether we would be withdrawing from the
22  settlements.  And we said, you know, finally we filed
23  that we can't withdraw from a contract that Mr. Alioto
24  entered into.
25          We can object, and we can be the court

Case 4:07-cv-05944-JST   Document 4400-2   Filed 02/12/16   Page 4 of 11

Page 126

1    we did because we were having a problem or having
2    trouble.  We did it as a supplement to the notice to
3    spur claims.  And you can imagine that was effective
4    because these are people who had claimed before, and
5    they were -- they would be motivated to claim again.
6              The other argument I want to make and just a
7    sentence or two is we have made in our papers a standing
8    argument with respect to Mr. Scarpulla and Cooper.
9    There's nothing been said about that in these
10   proceedings.  We have no intention of waiving that.  We
11   think it's a very important issue that counsel should
12   not be able to come in and make all kinds of claims in
13   settlement approval hearings.
14             They certainly have the right to do that under
15   Rule 23, but the crucial point is you have to have a
16   client.  You can't just come in off the street or on a
17   volunteer basis or on an intermeddler basis and make
18   these arguments because these have consequences for us.
19             We're going to be briefing these questions.  We
20   may have appeals.  It's a very time-consuming, expensive
21   process, and you have to meet that threshold requirement
22   of representing a client.  The cases are clear on that.
23   And the cases cited by the objectors do not provide any
24   support for these objections on behalf of indirect
25   purchasers.  There's absolutely no basis for doing so.

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

1          SPECIAL MASTER:  Okay.
2          MR. ALIOTO:  Thank you.
3          SPECIAL MASTER:  Glad you brought that up.  Mr.
4   -- just start with Mr. Cooper because you're closest.
5          As I understand the papers, you and your firm
6   currently represent a named or formerly named class
7   representative, correct?
8          MR. COOPER:  That is correct, Your Honor, but I
9   believe in addition we are counsel of record for the
10  entire class.
11         SPECIAL MASTER:  I know.  One question at a
12  time.  Okay?  So you actually may represent a named
13  member of the class?
14         MR. COOPER:  We do.
15         SPECIAL MASTER:  Okay.  Mr. Scarpulla, you did
16  represent a named class representative when you were
17  with the Zelle firm.  What is your status now?
18         MR. SCARPULLA:  As part of my agreement leaving
19  Zelle, I was made a -- another lawyer of record for
20  those -- for that client.  However, I was told by Zelle
21  that the client does not -- does not approve of my
22  objections.
23         SPECIAL MASTER:  Okay.  So -- but officially
24  you are still counsel of record for a client in this
25  case?

1          MR. SCARPULLA:  That is correct.
2          SPECIAL MASTER:  Okay.  But in bringing these
3    objections that you both have made, you are not bringing
4    them on behalf of your clients, you are bringing them in
5    your capacity as class counsel in furtherance of your
6    fiduciary duties, correct?
7          MR. SCARPULLA:  I think Mr. Cooper is bringing
8    it on behalf of his clients.
9          MR. COOPER:  No, I think that's a fair
10   statement from me.
11         MS. CAPURRO:  That's not what their papers said
12   when they filed their objection.
13         SPECIAL MASTER:  Well, their papers --
14         MS. CAPURRO:  None of their papers have said
15   that today.
16         SPECIAL MASTER:  No, none of their papers name
17   a client on whose behalf they're bringing the objection.
18   As I understand it, they are bringing it in their
19   capacity as class counsel, not on behalf of a client.
20   And that is your standing.
21         MR. ALIOTO:  We would just ask you to look at
22   the authorities on that, Your Honor.  We think it's an
23   important point --
24         SPECIAL MASTER:  Okay.
25         MR. ALIOTO:  -- and that we'd like you to

1    consider.
2            SPECIAL MASTER:  Ms. Capurro.
3            MS. CAPURRO:  If I may just briefly, I have
4    look extensively at the law on this, and I can find
5    absolutely no case that permits counsel in a case who
6    are not court appointed class counsel.  The cases that
7    they cite in their brief -- and they're not court
8    appointed class counsel to bring an objection to a class
9    action settlement and oppose the position of the court
10   appointed class counsel.
11           SPECIAL MASTER:  Why are they not court
12   appointed class counsel the same as all the other
13   lawyers in the --
14           MS. CAPURRO:  Mr. Alioto was the only court
15   appointed class counsel.  All of the case law that they
16   cite in their brief, those cases when they refer to
17   class counsel, they refer to the court appointed class
18   counsel.  If you have a situation where every -- every
19   lawyer in an MDL case, which is potentially hundreds of
20   lawyers, is able to speak on behalf of the entire class,
21   I mean if you take that to its logical conclusion, how
22   do you run the case?
23           I mean Mr. Alioto would be saying one thing,
24   and they can pipe up and say something else.  How do the
25   defendants know who to deal with?  How does the court

Page 130

1    know who to deal with?  What's the point of even having
2    an order appointing lead counsel if they're able to do
3    that?
4            SPECIAL MASTER:  Well --
5            MS. CAPURRO:  And this is not a procedural
6    issue, Your Honor, this is jurisdictional.  And the fact
7    that they have filed this motion to be appointed as
8    co-lead counsel actually shows that they recognize they
9    have a standing problem.  That's -- they're trying to
10   bootstrap themselves in here to get the court's nod to
11   give them the voice, you know, to be able to speak on
12   behalf of these objecting plaintiffs who they've never
13   identified.
14           SPECIAL MASTER:  Well, you know, I'm -- I'm
15   cognizant also the court has an independent fiduciary
16   duty to protect the interest of the class.  And if
17   information is brought to the court from any source, I
18   sort of think the court has an obligation to consider
19   it.  But I -- I need to look at the authorities you've
20   cited with care.
21           MS. CAPURRO:  I submit there is no law, and
22   they have cited to none, and it is their burden to show
23   standing.  They have not cited to one case --
24           SPECIAL MASTER:  Okay.
25           MS. CAPURRO:  -- that gives them standing.

1       SPECIAL MASTER:  I get it.
2       Is there -- Ms. Kirkham.  You have your hand
3  up.  Ms. Kirkham.
4       MS. KIRKHAM:  Okay.  I know I'm pointing out
5  the obvious, but if there was one lead counsel and all
6  other counsel are silenced by that appointment, and that
7  lead counsel recommends a settlement --
8       SPECIAL MASTER:  Who is going to object.
9       MS. KIRKHAM:  -- you have an issue there.
10      SPECIAL MASTER:  Okay.  Mr. Bonsignore, I saw
11 some activity down there.
12      MR. BONSIGNORE:  Yes, Your Honor, very briefly
13 I represent six plaintiffs, two of which were named
14 plaintiffs in the settlement class, and we joined and
15 adopted their arguments in my paper.  I do agree that
16 they do have separate standing, but in the event --
17 thank you.
18      SPECIAL MASTER:  Good.
19      Mr. St. John.
20      MR. ST. JOHN:  Your Honor, the argument you
21 just made is precisely the holding of Zucker v
22 Occidental Petroleum Corporation.  I don't have the
23 cite, but it was Case No. 9756270 decided by the Ninth
24 Circuit on October 19th, 1999.  The court has an
25 independent obligation to consider whatever information

Case 4:07-cv-05944-JST   Document 4400-2   Filed 02/12/16   Page 10 of 11

Page 132

1   is before it regardless of standing.
2           MS. CAPURRO:  We're not disputing that.  That's
3   not the argument.
4           SPECIAL MASTER:  I think I understand the
5   argument.
6           MR. COOPER:  You have briefing on all of this,
7   Your Honor.
8           SPECIAL MASTER:  I do.  I do.
9           MR. SCARBOROUGH:  Your Honor, if we're down to
10  sort of parting remarks here, I just want to say from
11  the defendants' perspective, you know, we have put a
12  tremendous pot of money into escrow.  As I think lead
13  counsel pointed out may be the second largest indirect
14  purchaser settlement ever.  So a tremendous amount of
15  money that they have already paid, it's already sitting
16  in escrow and has been for some time.
17          That money was put there to buy global peace
18  for this litigation for IPP claims with the same factual
19  predicate.  So that's what we want.  That's what LG
20  already got.  They already paid a considerably smaller
21  amount of money for the exact same release that we are
22  asking for here.  So what we would like to see is at
23  least to get past that first threshold, that the money
24  that was paid, this extraordinarily large amount of
25  money that was paid is sufficient for the global

Veritext Legal Solutions
212-267-6868                www.veritext.com                516-608-2400

Page 141

1     I, the undersigned, a Certified Shorthand
2  Reporter of the State of California, do hereby certify:
3     That the foregoing proceedings were taken
4  before me at the time and place herein set forth; that
5  any witnesses in the foregoing proceedings, prior to
6  testifying, were duly sworn; that a record of the
7  proceedings was made by me using machine shorthand which
8  was thereafter transcribed under my direction; that the
9  foregoing transcript is a true record of the testimony
10 given.
11    Further, that if the foregoing pertains to the
12 original transcript of a deposition in a Federal Case,
13 before completion of the proceedings, review of the
14 transcript [ ] was [ ] was not requested.
15    I further, certify I am neither financially
16 interested in the action nor a relative or employee of
17 any attorney or party to this action.
18    IN WITNESS WHEREOF, I have this date subscribed
19 my name.
20 Dated: 1/10/16.

       *Suzanne F. Boschetti* (signature)

       SUZANNE F. BOSCHETTI
23     CSR No. 5111