# Exhibit 2

1  JOSEF D. COOPER (53015)
   TRACY R. KIRKHAM (69912)
2  JOHN D. BOGDANOV (215830)
   COOPER & KIRKHAM, P.C.
3  357 Tehama Street, Second Floor
   San Francisco, CA  94103
4  Telephone:  (415) 788-3030
   Facsimile:  (415) 882-7040
5  jdc@coopkirk.com
   trk@coopkirk.com
6  jdb@coopkirk.com

7
   FRANCIS O. SCARPULLA (41059)
8  PATRICK B. CLAYTON (240191)
   LAW OFFICES OF FRANCIS O. SCARPULLA
9  456 Montgomery Street, 17th Floor
   San Francisco, CA  94111
10 Telephone:  (415) 788-7210
   Facsimile:   (415) 788-0706
11 fos@scarpullalaw.com
   pbc@scarpullalaw.com
12
   *Counsel for Indirect Purchaser Plaintiffs*
13

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION. | **Master File No. 3:07-cv-5944 JST**<br>**MDL No. 1917** |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **OPPOSITION TO MOTION TO STRIKE RELATING TO COOPER & KIRKHAM, P.C.'S DECEMBER 9, 2015, JANUARY 5, 2016 AND JANUARY 8, 2016 FILINGS**<br><br>Judge: Honorable Jon S. Tigar<br><br>Before: Special Master Martin Quinn, JAMS |

Lead Counsel has moved "to strike *references in Cooper & Kirkham, P.C.'s* ("Cooper & Kirkham") December 9, 2015, January 5, 2016 and January 8, 2016 *filings* suggesting that Steven Ganz (their client and a court-appointed class representative for the State of California) is an objector."[1]  The concise and precise answer to this motion is that there are no "references in" these "filings" that "suggest," state or imply that Steven Ganz individually is an objector.

Indeed, upon reading the Motion to Strike, one discovers that actually it is not directed to the content of any filing, as Lead Counsel concedes that "[t]he bodies of these filings *do not* state that they are being filed on behalf of Mr. Ganz." *Ibid* (emphasis added).  Rather, the motion is directed to the content of what are most likely computer-generated JAMS or Case Anywhere emails that give notice that a filing was uploaded to the JAMS Case Anywhere website.  Lead Counsel never explains what possible legal significance such emails could carry that justifies the time and energy that has been and will be expended by counsel and the Special Master to adjudicate this motion.

Cooper & Kirkham is not "surreptitiously through the Case Anywhere filing system," or in any other manner "attempting to assert . . . that Mr. Ganz is now objecting to the settlements."  *Id.* at 2.  Cooper & Kirkham is simply employing the designated filing protocol for submitting documents to the Special Master.  Moreover, Cooper & Kirkham cannot directly affect the content of the automated emails at issue.  We know because we have tried.  As detailed in the Declaration of John D. Bogdanov filed concurrently herewith, Cooper & Kirkham followed the same procedure for each of its filings with Case Anywhere, and none of the steps necessary to file a document with JAMS involves inserting Mr. Ganz's name or the designation, "Objector," in any field in the Case Anywhere system.  See, Bogdanov Declaration[2] at ¶¶ 2 - 9.

---

[1] "Indirect Purchaser Plaintiffs' Motion to Strike Relating to Cooper & Kirkham, P.C.'s December 9, 2015, January 5, 2016 and January 8, 2016 Filings," filed January 9, 2016 ("Motion to Strike") at p. 1.

[2] "Declaration of John D. Bogdanov in Support of Opposition to Indirect Purchaser Plaintiffs' Motion to Strike Relating to Cooper & Kirkham, P.C.'s December 9, 2015, January 5, 2016 and January 8, 2016 Filings," filed concurrently herewith.

OPPOSITION TO MOTION TO STRIKE                - 1 -                Master File No. 3:07-cv5944 JST
                                                                   MDL 1917

However, as Mr. Bogdanov relates, "[s]ometime between December 9 and December 14, 2015," he noticed that the "Document Submission Confirmation" for the December 9, 2015 filing "contained a reference that my firm was 'Representing' 'Steven Ganz (Objector),' rather than the 'Indirect Purchaser Class Plaintiffs' regarding these filings." *Id*. at ¶10.  Mr. Bogdanov then attempted unsuccessfully to locate a window on the Case Anywhere system that would provide him with an "interface in order to change this designation." *Ibid*.  On December 14, 2015, he telephoned Case Anywhere Customer Support, and, *inter alia*, requested that the Case Anywhere service list be changed to "indicate 'Indirect Purchaser Class Plaintiffs' in the 'Representing' field for [his] firm, rather than 'Steven Ganz.'" *Id.* at ¶11.  However, Mr. Bogdanov was told that "it was not possible for [him] to change this field online," nor could the change be made by a representative of Case Anywhere.  Rather, "authorization for such a change must originate from a Case Manager at JAMS." *Ibid*.

Later that day, Mr. Bogdanov telephoned Ms. Sandra Chan, the JAMS Case Manager for this action, and explained to her the problem with the "Representing" field on the service emails from Case Anywhere.  *Id* at ¶12.  He told her that he had been informed by Case Anywhere customer support that the change he wanted to make from "Steven Ganz" to "Indirect Purchaser Class Plaintiffs" could only be made if authorized by a Case Manager at JAMS, and requested that Ms. Chan contact Case Anywhere.  *Ibid.*  Ms. Chan said that she would inform Case Anywhere to make the change per Mr. Bogdanov's request.  *Ibid*.  Apparently, the requested change had not been effectuated when the January 5 and 8 emails were filed.

This motion is paranoid at best and frivolous at worst.  Everyone understands that it is Lead Counsel's position that Cooper & Kirkham's objections, authorities and argument should be disregarded because the firm was not appointed Lead Counsel, and therefore lacks standing to raise issues on behalf of Indirect Purchaser Class Plaintiffs or absent class members.[3]  However,

---

[3]  Had Cooper & Kirkham filed objections on behalf of Mr. Ganz individually, we expect that Lead Counsel would have taken the position that being a consumer from California, Mr. Ganz could not show personal injury from either obtaining releases from uncompensated non-repealer state purchasers, or the

OPPOSITION TO MOTION TO STRIKE    - 2 -    Master File No. 3:07-cv5944 JST
                                                              MDL 1917

as we have said before, class action settlement approval is not an arena in which "shoot the messenger" can be a winning strategy for defeating the message.  Indeed, insofar as there is even a contest here, the "winner" is pre-decided – the absent members of the classes whom the Court, and by extension, the Special Master, are obligated to protect.  This motion should be denied.

Dated: January 13, 2016                    Respectfully submitted,

                                               /s/ Josef D. Cooper
                                                  Josef D. Cooper

                                          Josef D. Cooper (53015)
                                          Tracy R. Kirkham (69912)
                                          John D. Bogdanov (215830)
                                          COOPER & KIRKHAM, P.C.
                                          357 Tehama Street, Second Floor
                                          San Francisco, CA 94103
                                          Telephone: (415) 788-3030
                                          Facsimile: (415) 882-7040
                                          Email:  jdc@coopkirk.com


                                          /s/  Francis O. Scarpulla
                                              Francis O. Scarpulla

                                          Francis O. Scarpulla (41059)
                                          Patrick B. Clayton (240191)
                                          LAW OFFICES OF FRANCIS O. SCARPULLA
                                          456 Montgomery Street, 17th Floor
                                          San Francisco, CA 94104
                                          Telephone: 415-788-7210
                                          Facsimile:  415-788-0706
                                          fos@scarpullalaw.com

    Pursuant to Civil L.R. 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.

---

exclusion of resellers from the Chunghwa distribution, and therefore, lacks standing to raise those issues.