JOSEF D. COOPER (53015)
TRACY R. KIRKHAM (69912)
JOHN D. BOGDANOV (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA  94103
Telephone:  (415) 788-3030
Facsimile:  (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

FRANCIS O. SCARPULLA (41059)
PATRICK B. CLAYTON (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA  94111
Telephone:  (415) 788-7210
Facsimile:   (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION. | **Master File No. 3:07-cv-5944 JST**<br><br>**MDL No. 1917** |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **DECLARATION OF JOHN D. BOGDANOV IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER RE MOTIONS (1) TO APPROVE INDIRECT PURCHASER PLAINTIFFS' SETTLEMENTS AND (2) FOR AWARD OF ATTORNEYS FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES**<br><br>Date: March 15, 2016<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge:  Honorable Jon S. Tigar |

I, John D. Bogdanov, declare as follows:

1. I am a member in good standing of the State Bar of California. I am a partner in Cooper & Kirkham, P.C. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to them. I make this Declaration in support of the "Request for Judicial Notice in Support of Objections to Report and Recommendation of Special Master Re Motions (1) To Approve Indirect Purchaser Plaintiffs' Settlements and (2) For Award of Attorneys Fees, Reimbursement of Litigation Expenses, and Incentive Awards to Class Representatives."

2. Attached hereto as Exhibit A is a true and correct copy of the "Reply Declaration of Robin M. Niemiec of Rust Consulting, Inc., Notice and Claims Administrator, in Support of Indirect Purchaser Plaintiffs' Motion to Authorize Distribution of Settlement Fund," MDL No. 1827, No. 3:07-md-1827-SI, (N.D. Cal.) (Dkt. 9250-1), dated October 7, 2014.

3. Attached hereto as Exhibit B is a true and correct copy of the "Minute Order," *Kaufman v. Am. Express Travel Related Services, Inc.,* No. 07-C-1707 (N.D. Ill. Aug. 8, 2012) (Dkt. 398).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of February, 2016, in San Francisco, California.

                                              /s/ John D. Bogdanov
                                                John D. Bogdanov

# EXHIBIT A

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |
| SAN FRANCISCO DIVISION | |

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Case No. 3:07-MD-1827 SI<br>MDL No. 1827 |
| This Document Relates to:<br><br>Indirect-Purchaser Class Action:<br><br>*State of Missouri, et al. v. AU Optronics Corporation, et al.,* Case No. 10-cv-3619;<br><br>*State of Florida v. AU Optronics Corporation, et al.,* Case No. 10-cv-3517; and<br><br>*State of New York v. AU Optronics Corporation, et al.,* Case No. 11-cv-0711. | REPLY DECLARATION OF ROBIN M. NIEMIEC OF RUST CONSULTING, INC., NOTICE AND CLAIMS ADMINISTRATOR, IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION TO AUTHORIZE DISTRIBUTION OF SETTLEMENT FUND |

I, Robin M. Niemiec, declare as follows:

1. I am employed as a Client Services Director at Rust Consulting, Inc. ("Rust") (as used herein, "Rust" includes its sister company, Kinsella Media, Inc.). I am over twenty-one (21) years of age and am not a party to the above-captioned actions ("the Actions"). I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently thereto.

2. Rust was retained by Co-Lead Counsel for the Indirect Purchaser Plaintiff Class ("the Class") pursuant to the "Order Granting Preliminary Approval of Combined Class, *Parens Patriae*, and Governmental Entity Settlements" (dated January 26, 2012), and the "Order Granting Preliminary Approval of Combined Class, *Parens Patriae*, and Governmental Entity Settlements with AUO, LG Display and Toshiba Defendants" (dated July 31, 2012), to serve as the Settlement Notice and Claims Administrator.

1

3. On September 12, 2014, I executed my Declaration in Support of Indirect Purchaser Plaintiffs' Motion to Authorize Distribution of Settlement Fund (the "September Declaration" or Dkt. No.9217-1) that was filed with the Court on September 12, 2014, testifying to my knowledge of, among other things, processing completed claim forms; calculation of the *pro rata* recovery for each Class Member who filed a valid claim; and distribution of the Settlement Fund to Class Members. Rust has served as the central contact point for Class Members' and potential Class Members' inquiries, communications and claims in this Settlement.

4. I submit this Reply Declaration to provide the Court with additional information regarding the per-panel payment calculation for pre-June 6, 2014 claimants (*see* ¶26, Dkt. 9217-1) and claims received after the June 6, 2014 deadline (*see* ¶ 6, Dkt. 9217-1) in connection with the settlement of the Actions ("the Settlement").

5. Rust was engaged to, among other things, provide notice about the Settlement to potential Class Members; process completed claim forms; calculate the *pro rata* recovery for each Class Member who filed a valid claim; and distribute the Settlement Fund to Class Members. Rust has served as the central contact point for Class Members' and potential Class Members' inquiries, communications and claims in this Settlement.

6. As previously stated in the September Declaration, the Net Settlement Fund will be distributed *pro rata* based on the number of monitors, notebooks and televisions purchased with provides that televisions will count at twice the rate of monitors and notebooks. Therefore, the "panel equivalent" counts allow for a single rate for monitors and notebooks (one panel equivalent) and double for televisions (two panel equivalents).

7. Rust has previously reported to Counsel that the 233,473 valid claims from Class Members submitted by June 6, 2014, contain a total of 16,212,038 panel equivalents.

2

Included in this count are 18,078 claims for 5,956,723 panel equivalents that were submitted or postmarked after December 6, 2012 (the filing deadline).

8. It is anticipated that the final payment amount to approved claimants is $43.64 per computer monitor and laptop and $87.28 per television.

9. Rust further reported that an additional 92 claims were submitted after June 6, 2014, of which 11 claims were duplicates. Of the remaining 81 claims, if received timely, 63 claims would not be subject to an audit and 18 would be subject to an audit. However, 13 of the 18 submitted adequate proof of class defined purchases which would not require an audit. According, a total of 76 claims would not be subject to an audit totaling 149,366 panel equivalents and the remaining 5 claims, which would be subject to an audit total 11,488 panel equivalents.

10. Additional claims have been received since Rust's previous report. Between June 7, 2014 and October 3, a total of 106 non-duplicative claims have been received for a total of 280,253 panel equivalents.

11. Each Class Member whose claim is approved by the Court will receive a *pro rata* payment from the Net Settlement Fund, which Rust will promptly distribute upon approval of the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 7th day of October, 2014, in Palm Beach Gardens, Florida.

_____
Robin M. Niemiec

# EXHIBIT B

Case 4:07-cv-05944-JST Document 4403-1 Filed 02/12/16 Page 8 of 8
Case: 1:07-cv-01707 Document #: 396 Filed: 08/08/12 Page 1 of 1 PageID #:4828
Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1707 | **DATE** | 8/8/2012 |
| **CASE TITLE** | Kaufman vs. American Express | | |

**DOCKET ENTRY TEXT**

Status hearing held. Parties are to jointly contact notice expert Todd Hilsee by email to inform him that he has been appointed as the court's notice expert. Parties are to have no ex parte contact with the notice expert. Parties shall file with the court a "submission of issues" limited to 5 pages by 08/20/12. Responses to the submissions shall be filed with the court by 08/27/12. The court will forward the materials to Mr. Hilsee after review. Parties to appear for status on 09/05/12 at 9:30 a.m.

Docketing to mail notices.

0:20

| | Courtroom Deputy Initials: | rj/em |
|---|---|---|