# EXHIBIT A

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Special Master

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This Document Relates to:
ALL INDIRECT PURCHASER ACTIONS

**Case No. 07-5944 SC**
**MDL No. 1917**
**JAMS Reference No. 1100054618**

**REPORT, RECOMMENDATIONS AND TENTATIVE RULINGS REGARDING DEFENDANTS' JOINT MOTION TO DISMISS THE SECOND CONSOLIDATED AMENDED COMPLAINT OF THE INDIRECT PURCHASER PLAINTIFFS**

Table of Contents

Arkansas Statutes and Common Law ---------- Page 3

Montana Statutes and Common Law ---------- Page 4

Standing in States Where No Resident Plaintiff Is Named ---------- Page 5

Unjust Enrichment Claims ---------- Page 7

1. Hawaii ---------- Page 7
2. Massachusetts ---------- Page 8
3. Minnesota ---------- Page 8
4. Mississippi ---------- Page 9
5. Nebraska ---------- Page 9
6. Nevada ---------- Page 9
7. New York ---------- Page 10
8. North Carolina ---------- Page 10
9. Tennessee ---------- Page 10
10. Vermont ---------- Page 11
11. West Virginia ---------- Page 11
12. Wisconsin ---------- Page 12

Procedure Under The Massachusetts Consumer Protection Statute ---------- Page 12

Relation Back ---------- Page 14

Summary of Recommendations ---------- Page 15

The indirect purchaser plaintiffs have filed a Second Consolidated Amended Complaint ("SCAC"); document 716. Pursuant to stipulated procedures (document 725), defendants have filed a joint motion to dismiss certain portions of that complaint; document 733. The motion is opposed by the indirect purchaser plaintiffs; document 736. And defendants have filed a joint reply in support of their motion; document 742.

The motion was argued and submitted for decision on August 24, 2010. The stipulated date for the issuance of this ruling on the motion is September 30, 2010.

The Special Master has reviewed the SCAC, the moving and opposing papers, the authorities cited, and the oral arguments of counsel. This ruling constitutes the report, recommendations and tentative rulings of the Special Master on defendants' motion.

The three general types of claims which defendants are attacking in their motion are (1) alleged violations of certain states' antitrust statues; (2) alleged violations of certain states' consumer protection and unfair competition statutes; and (3) alleged violations of certain states' common law of unjust enrichment and disgorgement of profits.

The decisions on this motion require analysis of the law of each specific state to which defendants are objecting.

<u>ARKANSAS STATUTES AND COMMON LAW</u>

Plaintiffs attempt to allege a claim based upon Arkansas' Deceptive Trade Practices Act ("ADTPA"), which prohibits (1) certain specified and enumerated "deceptive and unconscionable" trade practices, and (2) other <u>un</u>specified "unconscionable, false, or deceptive act of practice in business, commerce, or trade." Ark. Code Ann. §4-88-107 (a). Price fixing is not one of the specified trade practices. And no Arkansas court has applied this statute to an alleged antitrust violation. Further, Arkansas courts have held that to be "unconscionable" under that language of the ADTPA plaintiffs must establish that defendants exploited a "gross inequality of bargaining power." <u>State v. R&A Inv.</u>, 985 S.W. 2d 299 (Ark. 1999). No such showing is made in the SCAC. Further, the decisions of two Northern District courts have dismissed the claims of indirect purchasers under the ADTPA; <u>In re: Graphics Processing Units Antitrust Litigation</u>, 527 F. Supp. 2d 1011 (N.D. Cal 2007); and <u>LCD I</u>, 586 F. Supp. 2d 1109 (N.D. Cal 2008). There is simply no Arkansas statute or

decision, or decision of this forum, holding that the ADTPA applies to alleged antitrust violations. The Special Master therefore recommends that this claim be dismissed with prejudice.

Plaintiffs also attempt to allege an unjust enrichment claim under the common law of Arkansas. As discussed above, the ADTPA does not apply to alleged price fixing. Therefore, plaintiffs cannot seek recovery for such alleged conduct through the device of common law equitable pleading. E.g., Cole vs. Rivers, 861 S.W. 2d 551 (Ark. 1993). See also pages 7-12 below. Since the legislature of the state has declined to provide such a cause of action, a federal court in another state should not attempt to create an equitable remedy in Arkansas. The Special Master recommends that the common law claim be dismissed with prejudice.

Because of the above conclusions that Arkansas law does not grant plaintiffs a cause of action for price fixing, the parties' arguments about whether the allegations of the SCAC in Arkansas relate back to a prior filing date are moot.

MONTANA STATUTES AND COMMON LAW

Plaintiffs purport to allege a claim under Montana's antitrust statute; Mont. Code §30-14-201 et seq. However, Montana has not legislatively or judicially "repealed" the bar on indirect purchaser actions stated by the U.S. Supreme Court in Illinois Brick Co. vs. Illinois, 431 U.S. 720, (1977). And the private standing provision of Montana's antitrust statute is substantially identical to the private standing provision of the federal Clayton Act. In LCD II, Judge Ilston of this district dismissed with prejudice the claims of indirect purchasers under the Montana statute, explaining that the Montana and federal standing provisions are "almost identically worded." 599 F. Supp. 2d 1179 at 1186-87 (N.D. Cal 2009). The Montana Supreme Court has also concluded that courts interpreting the Montana statute must give "due weight to the federal courts' interpretation." Smith vs. Video Lottery Consultants, 858 P. 2d 11 (Mont. 1993). The Ninth Circuit has agreed; Healow vs. Anesthesia Partners, Inc., 92 F. 3rd 1192 (9th Cir. 1996). Therefore, the U.S. Supreme Court decision in Illinois Brick must control. Plaintiffs' cited cases to the contrary are subordinate to the decisions of the Montana Supreme Court and the Ninth Circuit.

Plaintiffs' allegations under Montana's common law of equitable remedies do not state a valid cause of action, because the alleged right of action by indirect purchasers has been barred by the statutes and court decisions of Montana.

The Special Master recommends that the alleged claims under Montana law be dismissed with prejudice. Because of the absence of a substantive right of action, the Special Master need not address the issues of whether there is a class representative for Montana or whether the allegations of the SCAC can relate back.

STANDING IN STATES WHERE NO RESIDENT PLAINTIFF IS NAMED

Defendants move to dismiss the claims under the laws of Illinois, Maine and Montana because there is no named plaintiff in those states who is claiming injury under the laws of that state. Because the Special Master recommends above that Montana substantive law does not provide a cause of action, this issue need not be discussed as to that state. Defendants contend that standing is a prerequisite to suit, because it involves the constitutional power of a court to hear a case. The importance of addressing standing as a first judicial step in litigation has long been recognized. E.g. Nelson v. King County, 895 F. 2d 1248 (9th Cir 1990)

Plaintiffs, however, contend that it is not necessary that there be a named plaintiff resident in each state. Plaintiffs argue that when plaintiffs' allege an injury caused by certain defendants, and purport to represent a class of similarly situated persons under the analogous laws of other states, a separate representative for each state is not necessary. In essence, plaintiffs' contention is that class certification may enable someone who is resident of one state to represent a class in another state where no plaintiff is named. The result would be that class certification can at least initially subsume the issue of standing.

Plaintiffs rely primarily upon Ortiz v. Fiberboard Corporation, 527 U.S. 815, (1999) for that proposition. They argue that Ortiz supports their request that the class certification issues be addressed prior to addressing the standing issues. Ortiz did address the class issues before the standing issues in the case before it. But in that case the central issues of the case were class issues; page 831. And, the Supreme Court in Ortiz did not set down any rule of procedure that class issues must be resolved before standing issues. Further, in Easter v.

American West, 381 F. 3rd 948 (9th Cir. 2004), the Ninth Circuit specifically stated that Ortiz "does not require courts to consider class certification before addressing standing issues;" p. 962. The court said that the district court in Easter had "correctly addressed the issue of standing before it addressed the issue of class certification;" id. And it cited with approval a statement from the Ortiz decision that "a court must be sure of its own jurisdiction before going to the merits."

The overlap of standing issues and class issues has led the parties to cite numerous decisions from around the country which have discussed and have variously resolved the issues in view of the dispute in a particular case. The Special Master need not discuss all of those cases, except to note that three cases in this district have dismissed actions for lack of standing in indirect purchasers' suits in states where there was not a named plaintiff; and they did so before considering class certification. In re Ditropan XL Antitrust Litigation, 529 F. Supp. 2d 1098 (N.D. Cal 2007); In re Apple and AT&T Antitrust Litigation, 596 F. Supp 2d 1288 and (N.D. Cal. 2008); G.P.U. Antitrust Litigation, 529 F. Supp. 2d 1011 (N.D. Cal. 2007).

Notwithstanding whatever split of authority there might be nationally, the law in this circuit appears consistent, and the Special Master believes that the pleadings in this case point in the same direction. That is, unlike the allegations as to all of the other states, there is no named plaintiff in Illinois (paragraph 254) or in Maine (paragraph 257). There is no one in those states who alleges purchase of any product affected by the alleged conspiracy or harm by any violation of the state's laws. While plaintiffs allege a national class regarding federal law (paragraph 235), they also assert 26 separate state "indirect purchaser state classes." These are specifically identified in paragraphs 236 and 237.

The Special Master concludes that where, as here, separate state classes are sought, there must be a plaintiff in each state who alleges purchase of the alleged price-fixed product and harm from a violation of that state's laws. Such allegations are absent from the SCAC as to Illinois and Maine.

The Special Master therefore recommends that the claims based upon the laws of Illinois, Maine, and Montana be dismissed.

## UNJUST ENRICHMENT CLAIMS

As to the following states, defendants contend that plaintiffs may not recover disgorgement of profits or restitution under the common law of unjust enrichment in those states. The defense argument is that the common law of unjust enrichment cannot apply where the states' antitrust or consumer protection statutes preclude such relief. See Karahalios v. National Federation, 489 U.S. 527 (1989).

Defendants made a similar argument in their first motion to dismiss. The Special Master mentioned that argument in his report; document 597, at page 32. The Special Master noted the general principle argued by defendants, but required defendants to explain the application of those principles in the states whose allegations defendants sought to dismiss. Defendants have now done that in the present motion, and plaintiffs have stated their oppositions to each.

Before addressing the law of each state, a comment should be made on one of plaintiffs' overarching arguments. Plaintiffs cite a U.S. Supreme Court case for their argument that a statute does not abrogate a common law right unless it expressly says so; United States v. Texas, 507 U.S. 529 (1993). And in an extended footnote, plaintiffs cite to numerous other cases from various states. However, the Special Master believes that the citations go too far. A legislature is not required to say "we hereby abrogate or supersede state common law." What is required is that it be evident that the purpose of the legislation is contrary to what was the common law, United States v. Texas, at p. 534; Astoria Federal Savings & Loan v. Solimino, 501 U.S. 104 (1991). Nor is the mere fact that a common law right existed prior to the statutory law a per se basis for finding no abrogation. We must therefore examine the statutes of each of the states at issue to determine whether it is evident that a purpose of the legislation is contrary to the common law of unjust enrichment.

### 1. HAWAII

Under Hawaii's antitrust statutes, the remedies available are damages, injunctive relief, costs, and attorneys' fees. Haw. Rev. Stat. § 480-13(c). There is no statutory provision for any other form of relief for violation of the antitrust laws. Hawaii's Supreme

Court has held, albeit not in an antitrust context, that statutes providing for a specific remedy supersede other claims, including common law claims, seeking some other form of relief. Herring v. Gulik, 5 Haw. 57 (1884). And the Hawaii antitrust statute provides an adequate legal remedy for violations of the antitrust laws. The statutory objective was to create a self contained body of law, with its own expressly stated remedies. The Special Master therefore recommends that the unjust enrichment claims under Hawaii's common law be dismissed with prejudice.

2. MASSACHUSETTS

Plaintiffs' SCAC renews their unjust enrichment claim under Massachusetts law. Defendants' motion argues that Massachusetts adheres to the Illinois Brick ban on indirect purchaser suits. See, O'Connell v. Microsoft, 2001-2 Trade Cases (CCH) paragraph 73419, 13 Mass. L. Reporter. 435 (Mass. Super. 201). And defendants cite Massachusetts law that where a statute bars a plaintiff's right of action, the plaintiff cannot seek the same damages through an equitable claim such as unjust enrichment; E.g. Havarty v. Commissioner, 792 N.E. 2d 989 (Mass. 2003).

In response, plaintiffs cite authorities that an action for price fixing might be filed under the state's consumer protection statute. However, that does not establish a right to sue, as plaintiffs attempt here, under the Massachusetts common law of unjust enrichment. Plaintiffs' allegations under Massachusetts' consumer protection statute are discussed on page 12 below.

The Special Master therefore recommends that the unjust enrichment and disgorgement of profits allegations made under the common law of Massachusetts (SCAC paragraph 288) be dismissed with prejudice;

3. MINNESOTA

The only remedies available under the antitrust statutes of Minnesota are damages, injunctive relief, costs, and attorneys' fees. Minn. Stat. §§ 325 D. 57-58. The statute does not set forth any equitable remedy of restitution. The courts of Minnesota adhere to the principle that courts should avoid reading additional remedies into statues that have expressly

Case3:07-cv-05944-SC Document768 Filed09/30/10 Page9 of 15

enumerated the types of relief available. Becker v. Mayo Foundation, 737 N.W. 2d 200 (Minn. 2007). And the Minnesota court quoted with approval the following statement from Transamerica Mortgage v. Lewis, 444 U.S. 11 (1979): "It is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it". Becker v. Mayo, at p. 207. The Special Master concludes that Minnesota's specific antitrust remedies preclude a common law remedy of unjust enrichment and disgorgement of profits.

4. MISSISSIPPI

Mississippi's antitrust statute limits relief to actual damages, plus a $500 penalty. Miss. Code Ann. § 75-21-9. Equitable relief is expressly limited by statute to suits brought by the state's attorney general. Miss. Code. Ann. § 75-21-1 (i). That statutory pattern of relief excludes private recovery under the common law of unjust enrichment. The courts of Mississippi have limited relief for statutory violations to the remedies enumerated in the statute. See Delmas v. Pascagoula State Railway, 103 Miss. 235 (1912). The Special Master therefore recommends that the claims under the common law of Mississippi be dismissed.

5. NEBRASKA

Nebraska's antitrust statute also expressly limits relief to actual damages, and states that injunctive relief is available only in actions by the attorney general. Neb. Rev. Stat. Ann. § 59-821 and § 59-813. In addition, Nebraska's consumer protection statute limits relief to actual damages, plus costs and attorneys' fees. Neb. Rev. Stat. Ann. 59-1609. And the courts of Nebraska interpret its antitrust laws in accordance with federal law. Kanne v. Visa U.S.A., 272 Neb. 489 (2006). Those statutes permit no form of equitable relief, and such relief would be contrary to the limitations on damages defined by the statutes. The Special Master therefore recommends that the common law claims under the law of Nebraska be dismissed.

6. NEVADA

The Nevada statute expressly limits recovery to treble damages, attorneys' fees, and costs. Nev. Rev. Stat. Ann. § 598A. 210 (2). And Nevada courts refrain from reading

additional remedies into statutes that expressly enumerate the available relief. Builders Association v. City of Reno, 776 P. 2d 1234 (Nev. 1989); and Stockmeier v. Nevada DOC, 183 P. 3rd 133 (Nev. 2008). As stated, the statute under which plaintiffs sue here limits recovery to treble damages, attorneys' fees, and costs. Therefore the Special Master recommends that the claims under Nevada's common law be dismissed.

7. NEW YORK

New York's consumer protection statute expressly limits its relief to damages, injunctive relief, and attorneys' fees. N.Y. Gen. Bus. Law § 349 (h). No common law or restitution remedies are provided in the statute. And under New York law, the remedies enumerated in a statute are presumed to be exclusive. Broughton v. Dona, 101 A.D. 2d 897 (N. Y. App. Div. 1984). Plaintiffs' cited authority to the contrary is Cox v. Microsoft, 778 N.Y.S. 2d 147 (N.Y. 2004). However, New York courts have declined to follow that holding where indirect purchasers make an unjust enrichment claim for alleged price fixing. Sperry v. Crompton, 26 A.D. 3rd 488 (N.Y.A.D. 2006); affd. 8 N.Y. 3rd 204, (N.Y. 2007); State of New York v. Daicel Chemical Industries, 42 A.D. 3rd 301(N.Y.A.D. 2007); and Samiento v. World Yacht, Inc., 10 NY 3rd 70 (2008). The Special Master therefore recommends that plaintiffs' common law claims under New York law be dismissed with prejudice.

8. NORTH CAROLINA

The only remedies provided under North Carolina's antitrust and consumer protection statutes are damages and attorneys' fees. N.C. Gen. Stat. §§ 75-16, 75-16.1. The North Carolina courts have held that the remedies set forth in those statutes are exclusive. See, Lawson v. Bennett, 81 S.E. 2d 162 (N.C. 1954).

The Special Master therefore recommends that plaintiffs' claims under the common law of unjust enrichment be dismissed.

9. TENNESSEE

Tennessee's antitrust statute limits recoveries to "the full consideration or sum paid by the person for any goods, wares, merchandise, or articles, the sale of which is controlled by [an unlawful] combination or trust". Tenn. Code Ann. § 47-25-106. Tennessee law

provides that statutorily created remedies are presumed to be exclusive. Guy v. Mutual of Omaha, 79 S.W. 3rd 528 (Tenn. 2002); and Turner v. Harris, 198 Tenn. 654 (1955). Plaintiffs' attempts to distinguish those two cases are not availing. The issue in each was whether the legislature had sufficiently expressed its intent, either explicitly or by the substance of the legislation. Here Tennessee's antitrust statute clearly limits recovery to the consideration paid by the plaintiff. That remedy does not allow for an additional common law remedy of unjust enrichment or disgorgement of profits. The Special Master recommends that the common law allegations under Tennessee law be dismissed.

10. VERMONT

Vermont's antitrust statute limits recoverable relief to damages, recovery of the consideration paid, and reasonable attorneys' fees. Vt. Stat. Ann. Title 9 § 2465. As in other state statutes, injunctive relief is available only in cases brought by the state's attorney general; id. at § 2458. The Vermont Supreme Court has stated that the legislature intended to exclude preexisting remedies for antitrust violations that are not set forth in the statute. Elkins v. Microsoft, 174 Vt. 328 (2002). Defendants' position is also supported by additional decisions of the Vermont Supreme Court; Gallipo v. City of Rutland, 178 Vt. 244 (2005); and Town of Battleboro v. Wait, 44 Vt. 459 (1872). The Special Master therefore recommends that plaintiffs' claims based on the common law of Vermont be dismissed.

11. WEST VIRGINIA

Under the antitrust statutes of West Virginia, private litigants can recover treble damages, attorney fees, and costs. W. Va. Code § 47-18-9. And injunctive relief can be awarded only in cases brought by the state's attorney general. Id. § 47-18-8. The case law of West Virginia has also held that express statutory remedies preclude relief under other remedies; Lynch v. Merchants' National Bank, 22 W. Va. 554 (1883). Plaintiffs have argued that Lynch did not expressly deal with West Virginia's antitrust laws. But the remedies granted by the legislature in the antitrust statutes occupy the scope of available remedies. The legislature created a statutory right of action for antitrust violations, and it expressly set

forth the remedies for such violations, both private and by the attorney general. Those remedies do not include equitable unjust enrichment or disgorgement of profits.

The Special Master therefore recommends that the claims brought under the common law of the state of West Virginia be dismissed.

12. WISCONSIN

Under Wisconsin's antitrust statutes, the remedies available to private litigants are damages, attorneys' fees, and costs. Wis. Stat. § 133.18. And Wisconsin's courts have held that the remedies under this antitrust statute are exclusive; Nordel v. Kinney, 62 Wis. 2d 558 (1974); see page 562: "When a statute such as [Wisconsin's antitrust statute] creates a cause of action and provides the remedy, the remedy is exclusive." Plaintiffs' attempts to distinguish the Wisconsin authority is not persuasive. The Special Master therefore recommends that the common law claims under the laws of Wisconsin be dismissed.

The Special Master has reviewed a recent decision by a District Court in Pennsylvania, In re Chocolate Confectionary Antitrust Litigation, No 1:08–MDL–1935, and recognizes that the decision materially differs from some of the above conclusions. However, the Special Master respectfully believes that the above analyses are correct.

PROCEDURES UNDER THE MASSACHUSETTS CONSUMER PROTECTION STATUTE

In the first motion to dismiss, plaintiffs' allegations under the Massachusetts' consumer protection statute were dismissed without prejudice, because plaintiffs had not shown compliance with the notice requirements of the statute. Leave to amend was granted, if plaintiffs could truthfully plead that the statutory demand (1) was given as required, or (2) was not necessary because a respondent did not maintain a place of business or keep assets within the state. In the SCAC, plaintiffs allege that on May 7, 2010, three days prior to the filing of the SCAC, and months after the original consolidated complaint, plaintiffs mailed to each of the defendants a written demand under the Massachusetts' statute; Mass. G. L. c. 93 (A) § 9, giving notice and requesting that defendants make a reasonable classwide tender of settlement.

Case3:07-cv-05944-SC Document768 Filed09/30/10 Page13 of 15

At this stage in the pleadings, it is clear that plaintiffs did not send the written notice prior to the filing of their first complaint in March 2009, and mailed their demand only three days before the SCAC was filed. Plaintiffs have not complied with the 30 day pre-filing notice requirement. And plaintiffs have made no attempt to show that the notice was not necessary because a defendant had no office or assets within the state.

Plaintiffs argue that defendants had actual knowledge of the claims. That may well be true. And plaintiffs argue that defendants will probably not make a responsive settlement offer, which again is probably true. But neither of those probabilities constitutes compliance with the requirements of the statute. While the statute may well have been designed for more simple and bilateral cases, its requirements nevertheless apply to all cases. Plaintiffs are required to comply with those requirements, even though they may perform no practical function in this particular case. The requirements are there, and it is not for plaintiffs or this federal court in another state to choose when the requirements might not be applicable. Plaintiffs must plead that they have complied with the notice requirements, as a prerequisite to suit; Kanamara v. Holyoke Mutual, 72 Mass. App. Ct. 396 (2008). Plaintiffs have not done so and their allegations under Massachusetts' consumer protection statute must therefore be dismissed.

Plaintiffs again ask that the dismissal be without prejudice, raising the prospect that they will file another suit now that 30 days have run since the May 7, 2010 notice. While certainly no procedural dismissal of this nature should bar the filing of a truly new suit, that does not answer the question here. Plaintiffs' original complaint and SCAC did not comply with the Massachusetts requirements. The allegations of both complaints have been, and are recommended to be, dismissed. Would a future filing of the same claims constitute compliance with the statute if they do nothing more than repeat the prior allegations? The objectives of the Massachusetts' statute would not be accomplished if a plaintiff could fail to comply, but could cure that failure by sending a late notice and then re-filing the same complaint.

Since plaintiffs have now had two opportunities to comply and plead compliance, the Special Master recommends that the allegations under the Massachusetts' consumer protection statute should be dismissed with prejudice.

## RELATION BACK

Finally, defendants' motion seeks a ruling that the allegations of the SCAC cannot relate back to the claims previously alleged under the laws of Arkansas, the District of Columbia, Illinois, Maine, and Montana. Those disputes are answered by certain of the decisions above, and by comparing prior pleadings with the present SCAC. The prior pleadings are the first Consolidated Amended Complaint in this action, and Figone v. L.G. Electronics, U.S.D.C., N.D. of Ca., No. CV 07-6331, filed on December 13, 2007, a case related to the present consolidated actions.

The Special Master has ruled above that the SCAC's allegations under the laws of Arkansas, Illinois, Maine and Montana should be dismissed. Therefore, the issue of relation back of those allegations is moot.

The SCAC now makes allegations on behalf of District of Columbia residents, albeit with a different named class representative, under (1) the district's antitrust statute, 28 U.S.C. § 4501, (2) the District of Columbia code 28-3901, (3) and the common law of unjust enrichment. Both of the statutes were alleged in the Figone complaint, although they were not alleged in the first Consolidated Amended Complaint.

The Special Master recommends that the SCAC regarding the District of Columbia should relate back to the filing of the Figone complaint. F.R.C.P. No. 15(c). The two alleged statutes are the same in both Figone and the SCAC; the newly named plaintiff class representative is not a material change, since the class is the same and only the named representative is different. The same alleged conduct is involved in both complaints. The earlier Figone complaint gave defendants adequate notice of the claims, and the relation back does not unfairly prejudice defendants. The addition of an unjust enrichment claim to the previously alleged statutory claims is not such a material difference as to deny relation back, although that claim may be subject to later attack by defendants on the grounds discussed regarding other states on page 5 et seq above.

The Special Master therefore recommends that the allegations under the laws of the District of Columbia should relate back to the filing of the Figone complaint.

## SUMMARY OF RECOMMENDATIONS

For the reasons discussed above, the Special Master makes the above tentative rulings, and recommends that the District Court:

1. Dismiss with prejudice the allegations of the SCAC under the statutes and common law of the states of Arkansas, Illinois, Maine and Montana.
2. Dismiss with prejudice the unjust enrichment claims of the SCAC under the laws of Hawaii, Massachusetts, Minnesota, Mississippi, Nebraska, Nevada, New York, North Carolina, Tennessee, Vermont, West Virginia and Wisconsin.
3. Dismiss with prejudice the claims of the SCAC under the Massachusetts consumer protection statute.
4. Allow relation back of the allegations of the SCAC regarding the District of Columbia.

Respectfully Submitted.

Date: September 30, 2010

Charles A. Legge

Hon. Charles A. Legge, Ret.
Special Master