JOSEF D. COOPER (53015)
TRACY R. KIRKHAM (69912)
JOHN D. BOGDANOV (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 788-3030
Facsimile: (415) 882-7040
jdc@coopkirk.com
trk@coopkirk.com
jdb@coopkirk.com

FRANCIS O. SCARPULLA (41059)
PATRICK B. CLAYTON (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com
pbc@scarpullalaw.com

*Counsel for Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | **Master File No. 3:07-cv-5944 JST**<br><br>**MDL No. 1917** |
| This Document Relates to:<br><br>All Indirect-Purchaser Actions | **OPPOSITION TO CERTAIN OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER RE MOTIONS (1) TO APPROVE INDIRECT PURCHASER PLAINTIFFS' SETTLEMENTS AND (2) FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS TO CLASS REPRESENTATIVES**<br><br>Hearing Date: March 15, 2016<br>Time: 2:00 p.m.<br>Courtroom: 9, 19th Floor<br>Judge: Honorable Jon S. Tigar |

## I. COOPER AND SCARPULLA HAVE THE AUTHORITY AND A FIDUCIARY DUTY TO ADVOCATE FOR ABSENT MEMBERS OF THE NATIONWIDE CLASS BOTH HERE AND IN THE COURT OF APPEALS

Lead Counsel objects to the Special Master's alleged failure to address "the question of whether Cooper and Scarpulla have *standing* to formally object to the settlements." Dkt. 4400, at 3. (Page references are to internal document pagination.)  The "standing" issue was raised by Lead Counsel's motion to strike the undersigned objections to the proposed settlements.  It is a red herring.  Article III standing is required of parties, not counsel of record in a case.  The undersigned made objections on behalf of members of the proposed Nationwide Class to the settlements, the plan of distribution, the notice program, and the requested fee award.  Chief among these objections is the unfairness and impropriety of certifying the Nationwide Class solely to create a vehicle for delivering releases of the non-repealer state class members' claims.  The lack of any consideration running to those class members makes this procedure fundamentally a dismissal with prejudice, without due process, not a settlement.

There is no question that absent members of the Nationwide Class are parties who have Article III standing to be heard on the proposed settlement of their claims.  The Special Master concluded that as counsel of record, Cooper & Kirkham, P.C. ("Cooper") and the Law Offices of Francis O. Scarpulla ("Scarpulla") owe a fiduciary duty to the Nationwide Class to advocate their interests, and that the Court's independent fiduciary duty to absent class members requires that consideration be given to the undersigned's objections.  *See* R&R, Dkt. 4351, at 12-13, n.17.  Lead Counsel does not contest this conclusion, and therefore, it is difficult to discern exactly what relief he seeks from this Court.

While he asserts in passing that Cooper and Scarpulla's filings "should be stricken," he does not request that this Court reverse Special Master Quinn and actually strike the undersigned's objections from the record.  Indeed, Lead Counsel appears to concede that this would be improper when he states that "IPPs do not contest the ability of lawyers on the case to raise with the Court perceived concerns about the settlements." Dkt. 4400, at 3.

---

OPPOSITION TO CERTAIN OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER      - 1 -      Master File No. 3:07-cv5944 JST  MDL 1917

So, what does Lead Counsel want? Essentially, he appears to want a ruling that Cooper and Scarpulla's objections be labeled "concerns," and not "formal objections" because we do not have "standing" to raise formal objections on behalf of absent class members. *Ibid.* Although not stated clearly, it seems Lead Counsel believes that if he obtains this ruling, he can use it in the Court of Appeals to cut-off the undersigned's ability to appeal in the event that this Court grants final approval to the settlements. He asserts that this alleged inability to "appeal any judgment affirming [the settlement] approval" is "separate and apart from [counsel's] ability to raise concerns for the Court's consideration." *Id.* at 6.

In reality, Lead Counsel's argument has nothing to do with standing since Cooper and Scarpulla have not attempted to become parties to this case. Rather, he claims that as the sole court-appointed Class Counsel for the Nationwide Class, he is the only person authorized to advocate for class members before the Court of Appeals. Obviously, the question of whether counsel other than the "Class Counsel" named in the certification order can take an appeal on behalf of the class can only be decided by the Court of Appeals. However, anointing Class Counsel as the sole voice of absent class members, and disenfranchising all other counsel in a class action from the ability to appeal a ruling solicited by Class Counsel would be a dangerous precedent that is unsupported by either case law or common sense.

Lead Counsel acknowledges that "Mr. Cooper's firm, Cooper & Kirkham, P.C., is counsel of record for one of the court-appointed class representatives for the State of California, Steven Ganz." Dkt. 4400, at 1. Actually, that statement is incomplete. It is true that Mr. Ganz is a representative of the statewide California class certified for litigation purposes in 2013. However, with the preliminary approval of the settlements, he was also appointed to represent the Nationwide Class. Dkt. 3906. Like the other court-appointed representatives, Mr. Ganz is a repealer state resident. The sole "Class Counsel" named in the preliminary approval order is Mr. Alioto.

Lead Counsel's failure to recognize that Mr. Ganz also represents the Nationwide Class is emblematic of the way he has consistently ignored the interests of the Nationwide Class. Nothing in the record evidences that Lead Counsel gave any thought to the litigation value of their federal

equitable claims until called upon to justify the absence of consideration.  Lead Counsel stated that he "was appointed to represent the interests of purchasers in the 22 indirect purchaser state classes," and therefore, "*[h]e has no duty to represent purchasers in other states*."  Dkt. 4370, at 43, n.71 (emphasis added).  He later justified this abandonment of the non-repealer state class member by explaining that, "*during the litigation phase of the case*, Class Counsel had 'no duty to represent' members of the nationwide class" but that *"[a]t the settlement stage*, . . . it goes without saying that Lead Counsel had a duty to represent all members of the proposed settlement class."  Dkt. 4367, at 7 (emphasis in original).  Leaving aside the error in this "revolving door" concept of fiduciary duty, the adequacy of a settlement depends in part on whether the claims being settled were appropriately pursued in litigation so that counsel's assessment of their settlement value is evidence based.  See, R&R, Dkt. 4351, at 25, quoting, *Bellinghausen v. Tractor Supply Co*., 306 F.R.D. 245, 257 (N.D. Cal. 2015) ("the court's focus is on whether the parties carefully investigated the claims before reaching a resolution.")

In addition to not pursuing the Nationwide Class's claims during the litigation phase of the case, Lead Counsel seems to view the interests of repealer and non-repealer state class members as antagonistic.  He represents to the Court that "Mr. Cooper has acknowledged . . . *that Mr. Ganz would not have standing to assert the objections to the settlements that Cooper and Scarpulla have made*."  Dkt. 4400, at 4, fn. 6 (emphasis added).  The citation for this assertion evidences nothing to suggest that Mr. Ganz lacks standing to object to the release of the non-repealer class members' federal equitable claims.  (Presumably, Lead Counsel would concede his standing to object to the sufficiency of class notice and the fee award.)  More importantly, Lead Counsel's assumption that Mr. Ganz lacks standing raises serious questions about the adequacy of representation for the non-repealer state class members.  If all of the Nationwide Class's representatives, being from repealer states like Mr. Ganz, lack standing to object to the release of non-repealer state class members' claims, how could they have had "standing" to "settle" these claims in the first instance?

It is apparent that the Nationwide Class in general, and the non-repealer state members in particular, need a voice beyond that of their "court-appointed class counsel."  In the exercise of our fiduciary duty, we have concluded, *inter alia*, that in the proposed settlements, Lead Counsel

| OPPOSITION TO CERTAIN OBJECTIONS TO REPORT AND RECOMMENDATION OF SPECIAL MASTER | - 3 - | Master File No. 3:07-cv5944 JST MDL 1917 |
|---|---|---|

1  failed to properly value those claims contrary to the interests of all members of the Nationwide
2  Class, but especially to the detriment of residents of non-repealer states. We believe that it is our
3  duty to raise these concerns to this Court, and if necessary, to the Court of Appeals. Lead Counsel
4  disagrees. He asserts that "Cooper and Scarpulla have not been appointed as class counsel by the
5  Court and thus have no authority to speak on behalf of the class as a whole." *Id*. at 2. He
6  contends that the cases discussing fiduciary duty relied upon by the Special Master "are made in
7  reference to the court-appointed class counsel." *Id*. at 5. According to Lead Counsel, everyone
8  else is a "mere lawyer" with no fiduciary duty to the class, and no authority to advocate for its
9  members. *Ibid.* This argument is contrary to the law. See, e.g., Manual for Complex Litigation
10 (Fourth) §21.12 (2004) ("Rule 23 and the case law make clear that, even before certification or a
11 formal attorney-client relationship, an attorney acting on behalf of a putative class must act in the
12 best interests of the class as a whole.")

13 Lead Counsel's reasoning would give a single court-appointed class counsel *carte blanche*
14 to take any action from committing outright fraud to the willful or negligent disregard of a class's
15 interests, and no "mere lawyer" could be heard to object. There is no more compelling argument
16 for reconsidering and granting the undersigned's motion to be appointed co-lead counsel for the
17 non-repealer state class members. However, whether or what title is conferred – Co-Lead
18 Counsel, Class Counsel or Guardian ad Litem[1] – is unimportant as long as it is clear that this
19 Court recognizes the undersigned's authority and ability to advance the objections we have made
20 to the proposed settlements. Lead Counsel's objections to the Special Master's findings should be
21 overruled.

22 **II.   LEAD COUNSEL'S OBJECTIONS TO THE RECOMMENDED FEE AWARD
23         SHOULD BE REJECTED**

24 Lead Counsel requested a fee award equal to 33.3% of the Settlement Fund, and the
25 Special Master recommended an award of 30% of the Fund. Lead Counsel states that he

---

[1]  *See, e.g., In re THC Financial Corp. Litig*., 86 F.R.D. 721 (D. Haw. 1980).

OPPOSITION TO CERTAIN OBJECTIONS TO          - 4 -          Master File No. 3:07-cv5944 JST
REPORT AND RECOMMENDATION OF                                MDL 1917
SPECIAL MASTER

"reserve[s] the right to continue to advocate for 33.3% in the event the objectors object to a 30% fee award," and contends that a one-third fee is justified because certain of the so-called *Kerr* factors (*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)) – namely, the complexity, risk, and results – as well as the expert declaration on fees submitted by Lead Counsel support the requested amount. Dkt. 4400 at 8 – 9. He states that "reducing the fee award by $19 million [*i.e.*, from 33.3% to 30%] based on objections that were rejected on the merits, and one objection that was sustained but is *de minimus*, produces an inconsistent and disproportionate result." *Id*. at 10. This statement not only misstates what the Special Master did, but it assumes that, but for the objections to Lead Counsel's fee request, the Special Master would have been required to recommend the full 33.3% as attorneys' fees.

Lead Counsel does not contest the Special Master's claim to have "performed the required analysis and considered the relevant authorities." R&R, Dkt. 4351 at 77. And while Lead Counsel may view the Chunghwa constitutional due-process deficiencies *de minimus*, "the Special Master does not think that disregarding material terms of a prior noticed and finally approved settlement can fairly be termed *de minimus*." *Id*. at 54.

To the extent Lead Counsel's objection is simply re-stating his original request for a fee of 33.3%, the undersigned once again note that the application of a percentage-of-the-fund approach in this case is error. It results in an unreasonable fee that includes compensation for work that, as the Special Master correctly noted, yielded no benefit for the class, including excess billing (R&R, Dkt. 4351 at 80), problematic record-keeping practices (*id*. at 79), dubious staffing decisions (*id*. at 80), and a "rocky" relationship with the California AG (*id*. at 81). Lead Counsel's objections to the fee award should be overruled.

Dated: February 23, 2016                 Respectfully submitted,

                                                                               /s/ Josef D. Cooper
                                                                                  Josef D. Cooper

                                                          Josef D. Cooper (53015)
                                                          Tracy R. Kirkham (69912)
                                                          John D. Bogdanov (215830)
                                                          COOPER & KIRKHAM, P.C.
                                                          357 Tehama Street, Second Floor

OPPOSITION TO CERTAIN OBJECTIONS TO    - 5 -   Master File No. 3:07-cv5944 JST
REPORT AND RECOMMENDATION OF                          MDL 1917
SPECIAL MASTER

|   |   |
|---|---|
| 1 | San Francisco, CA 94103 |
| 2 | Telephone: (415) 788-3030<br>Facsimile: (415) 882-7040<br>Email: jdc@coopkirk.com |

    /s/ Francis O. Scarpulla
        Francis O. Scarpulla

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: 415-788-7210
Facsimile: 415-788-0706
fos@scarpullalaw.com

    Pursuant to Civil L.R. 5-1(i), the filer attests that the concurrence in the filing of this document has been obtained from each of the above signatories.